LOEB & LOEB LLP
P. Gregory Schwed
Walter H. Curchack
Daniel B. Besikof
345 Park Avenue
New York, New York  10154
Telephone:  212-407-4000
Facsimile:  212-407-4990

*Attorneys for Kenneth L. Evenstad Revocable Trust
u/a/d May 2, 2000; Kenneth L. Evenstad in his
capacity as Grantor and Trustee for the Kenneth L.
Evenstad Revocable Trust; Grace B. Evenstad in
her capacity as Trustee for the Kenneth L. Evenstad
Revocable Trust; Kenneth L. Evenstad,
individually; and Grace B. Evenstad, individually*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>            Debtor. | |
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>KENNETH L. EVENSTAD REVOCABLE TRUST U/A/D MAY 2, 2000; KENNETH L. EVENSTAD in his capacity as Grantor and Trustee for the Kenneth | ADV. PRO. NO. 10-04342 (SMB)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

L. Evenstad Revocable Trust; GRACE B.
EVENSTAD in her capacity as Trustee for the
Kenneth L. Evenstad Revocable Trust; KENNETH L.
EVENSTAD, individually; and GRACE B.
EVENSTAD, individually,

                        Defendants.

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants Kenneth L. Evenstad Revocable Trust u/a/d May 2, 2000 (the "Account
Holder"); Kenneth L. Evenstad in his capacity as Grantor and Trustee for the Kenneth L.
Evenstad Revocable Trust; Grace B. Evenstad in her capacity as Trustee for the Kenneth L.
Evenstad Revocable Trust (collectively, with the Account Holder, the "Defendants"); Kenneth L.
Evenstad, individually; and Grace B. Evenstad, individually (together, the "Subsequent
Transferee Defendants" and, collectively with the Defendants, the "Defendant Parties"), as and
for their answer to the complaint (the "Complaint")[1] filed against them in this case by Plaintiff
Irving H. Picard ("Plaintiff" or "Trustee"), as trustee for the liquidation of the business of
Bernard Madoff Investment Securities LLC ("Madoff Securities") under the Securities Investor
Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[2] and the substantively consolidated estate
of Bernard L. Madoff individually ("Madoff"), state to the Court as follows:

### NATURE OF PROCEEDINGS

1.     The Defendant Parties state that the allegations of paragraph 1 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny that any of the Defendant Parties received any avoidable

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such
terms in the Complaint.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

NY1247094.2
217250-10001

transfers from Madoff Securities and deny knowledge or information sufficient to form a belief
as to the truth of the remaining allegations of paragraph 1, and on that basis deny the allegations.

2.      The Defendant Parties state that the allegations of paragraph 2 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny knowledge or information sufficient to form a belief as to
the truth of the allegations of paragraph 2, and on that basis deny the allegations, except admit
that the Account Holder received certain transfers from, and made certain transfers to, Madoff
Securities during the six years prior to the Filing Date.[3]

3.      The Defendant Parties state that the allegations of paragraph 3 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties admit that paragraph 3 purports to summarize the action
commenced by the Complaint, but deny that the Trustee is entitled to any relief of any kind
against any of the Defendant Parties and deny knowledge or information sufficient to form a
belief as to the truth of any remaining allegations of paragraph 3, and on that basis deny the
allegations.

## JURISDICTION AND VENUE

4.      The Defendant Parties state that the allegations of paragraph 4 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

---

[3] Paragraph 2 of the Complaint provides that "To the extent the funds transferred from
BLMIS were for the benefit of the Subsequent Transferee Defendants, the Subsequent
Transferee Defendants are the initial transferees of such transfers and are included in the
definition of Defendants for purposes of the allegations herein."  The Defendant Parties deny that
any payments were made "for the benefit" of the Subsequent Transferee Defendants and thus
have based this answer on the definition of Defendants not including the Subsequent Transferee
Defendants.

the truth of the allegations of paragraph 4, and on that basis deny the allegations, except admit

that this adversary proceeding was commenced before the same Court before whom the main

underlying SIPA proceeding is pending.  The Defendant Parties further (i) deny that this Court

has either jurisdiction over, or the constitutional authority to enter a final judgment in, this

adversary proceeding, (ii) expressly do not consent to this Court's jurisdiction over non-core

matters, (iii) expressly do not consent to the entry of final orders or judgments by the bankruptcy

judge if it is determined that the bankruptcy judge cannot enter final orders or judgments

consistent with Article III of the U.S. Constitution, (iv) demand a trial by jury before the District

Court for the Southern District of New York (the "District Court"), (v) do not consent to a jury

trial being held before this Court and (vi) reserve the right to seek further withdrawal of the

reference of some or all of this matter to the District Court.

5.    The Defendant Parties state that the allegations of paragraph 5 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations contained in paragraph 5 and (i) expressly

do not consent to this Court's jurisdiction over non-core matters, (ii) expressly do not consent to

the entry of final orders or judgments by the bankruptcy judge if it is determined that the

bankruptcy judge cannot enter final orders or judgments consistent with Article III of the U.S.

Constitution, (iii) demand a trial by jury before the District Court, (iv) do not consent to a jury

trial being held before this Court and (v) reserve the right to seek further withdrawal of the

reference of this matter to the District Court.

6.    The Defendant Parties state that the allegations of paragraph 6 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

NY1247094.2
217250-10001

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 6, and on that basis deny the allegations.

## DEFENDANTS

7.     The Defendant Parties admit the allegations in paragraph 7.

8.     The Defendant Parties deny that Kenneth L. Evenstad maintains his residence in

Wayzata, Minnesota, but admit the remaining allegations in paragraph 8 and admit that Kenneth

L. Evenstad maintains his residence in Naples, Florida.

9.     The Defendant Parties deny that Grace B. Evenstad maintains her residence in

Wayzata, Minnesota, but admit the remaining allegations in paragraph 9 and admit that Grace B.

Evenstad maintains her residence in Naples, Florida.

10.     The Defendant Parties admit the allegations in paragraph 10.

11.     The Defendant Parties admit the allegations in paragraph 11.

## BACKGROUND, THE TRUSTEE AND STANDING

12.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 12, and on that basis deny the allegations.

13.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 13, and on that basis deny the allegations.

14.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 14, and on that basis deny the allegations.

15.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 15, and on that basis deny the allegations.

16.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 16, and on that basis deny the allegations.

NY1247094.2
217250-10001

17.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 17, and on that basis deny the allegations.

18.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18, and on that basis deny the allegations.

19.     The Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 that the Trustee is in the process of marshaling Madoff Securities' assets, that the liquidation of Madoff Securities' assets is well underway, and that such assets will not be sufficient to reimburse the customer of Madoff Securities for the billions of dollars that they invested over the years.  As to all other allegations contained in paragraph 19 of the Complaint, the Defendant Parties state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, deny those allegations on information and belief.

20.     The Defendant Parties state that the allegations of paragraph 20 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and on that basis deny the allegations.

21.     The Defendant Parties state that the allegations of paragraph 21 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis deny the allegations.

22.     The Defendant Parties state that the allegations of paragraph 22 are legal conclusions or arguments as to which no response is required.  To the extent a response is

NY1247094.2
217250-10001

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 22, and on that basis deny the allegations.

### THE FRAUDULENT PONZI SCHEME

23.    The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 23, and on that basis deny the allegations, except

admit, on information and belief, that Madoff Securities was a securities broker-dealer registered

with the SEC and SIPC.

24.    The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 24, and on that basis deny the allegations.

25.    The Defendant parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 25, and on that basis deny the allegations.

26.    The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 26, and on that basis deny the allegations, except

admit that the Account Holder typically received monthly statements and trading confirmations

from Madoff Securities showing the securities that were held in, or had been traded through, the

Account.

27.    The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 27, and on that basis deny the allegations.

28.    The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 28, and on that basis deny the allegations.

29.    The Defendant Parties deny that any monies sent to Madoff Securities were used

to enrich any of the Defendant Parties and that any of the Defendant Parties had any knowledge

of the Madoff Securities Ponzi scheme, to the extent such scheme existed (which the Defendant

Parties do not at this time concede).  The Defendant Parties deny knowledge and information

7

sufficient to form a belief as to the truth of the remaining allegations of paragraph 29, and on that

basis deny the allegations.

30.     The Defendant Parties state that the allegations of paragraph 30 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 30, and on that basis deny the allegations.

31.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 31, and on that basis deny the allegations, except

admit that the Account Holder received certain transfers from, and made certain transfers to,

Madoff Securities.

32.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 32, and on that basis deny the allegations, except

admit that the Account Holder typically received monthly statements from Madoff Securities.

33.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 33, and on that basis deny the allegations.

34.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 34, and on that basis deny the allegations.

35.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 35, and on that basis deny the allegations.

36.     The Defendant Parties deny knowledge and information sufficient to form a belief

as to the truth of the allegations of paragraph 36, and on that basis deny the allegations.

37.     The Defendant Parties state that the allegations of paragraph 37 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

NY1247094.2
217250-10001

08-01789-cgm   Doc 13287-7   Filed 05/09/16   Entered 05/09/16 21:31:59   Exhibit G
Pg 9 of 30

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to
the truth of the allegations of paragraph 37, and on that basis deny the allegations.

## THE TRANSFERS

38.     The Defendant Parties deny knowledge and information sufficient to form a belief
as to the truth of the allegations of paragraph 38, and on that basis deny the allegations, except
admit that account number #1E0139 (the "Account") was maintained with Madoff Securities and
deny knowledge and information sufficient to form a belief as to the truth of the remaining
allegations of paragraph 38, and on that basis deny the allegations.

39.     The Defendant Parties deny knowledge and information sufficient to form a belief
as to the truth of the allegations of paragraph 39, and on that basis deny the allegations, except
admit that certain funds were transmitted to Madoff Securities by wire, check and/or inter-
account transfer for application to the Account and the purported conducting of trading activities.

40.     The Defendant Parties deny knowledge and information sufficient to form a belief
as to the truth of the allegations of paragraph 40, and on that basis deny the allegations, except
admit that the Account Holder received certain transfers from, and made certain transfers to,
Madoff Securities during the six years prior to the Filing Date.

41.     The Defendant Parties state that the allegations of paragraph 41 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny the allegations of paragraph 41, except admit that the
Account Holder received certain transfers from, and made certain transfers to, Madoff Securities
during the six years prior to the Filing Date and the two year period prior to the Filing Date.

42.     The Defendant Parties deny knowledge and information sufficient to form a belief
as to the truth of the allegations of paragraph 42, and on that basis deny the allegations, except

NY1247094.2
217250-10001

admit that certain funds were transferred by the Account Holder to one or more of the Subsequent Transferee Defendants.

43.     The Defendant Parties state that the allegations of paragraph 43 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 43.

44.     The Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44, and on that basis deny the allegations, and deny that the Trustee has any right to (i) supplement the information regarding the Transfers, the Subsequent Transfers, and any additional transfers and (ii) seek recovery of such additional transfers.

45.     The Defendant Parties state that the allegations of paragraph 45 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 45, and on that basis deny the allegations.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

46.     The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 45 as if fully set forth herein.

47.     The Defendant Parties state that the allegations of paragraph 47 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 47, and on that basis deny the allegations.

48.     The Defendant Parties state that the allegations of paragraph 48 are legal conclusions or arguments as to which no response is required.  To the extent a response is

NY1247094.2
217250-10001

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 48, and on that basis deny the allegations.

      49.    The Defendant Parties state that the allegations of paragraph 49 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 49, and on that basis deny the allegations.

      50.    The Defendant Parties state that the allegations of paragraph 50 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations of paragraph 50.

      51.    The Defendant Parties state that the allegations of paragraph 51 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations of paragraph 51.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551[4]

      52.    The Defendant Parties repeat, allege, and incorporate by reference their response

to paragraphs 1 through 51 as if fully set forth herein.

      53.    The Defendant Parties state that the allegations of paragraph 53 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 53, and on that basis deny the allegations.

---

[4] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

NY1247094.2
217250-10001

54.     The Defendant Parties state that the allegations of paragraph 54 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 54, and on that basis deny the allegations.

55.     The Defendant Parties state that the allegations of paragraph 55 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 55.

56.     The Defendant Parties state that the allegations of paragraph 56 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 56, and on that basis deny the allegations.

57.     The Defendant Parties state that the allegations of paragraph 57 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 57, and on that basis deny the allegations.

58.     The Defendant Parties state that the allegations of paragraph 58 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 58, and on that basis deny the allegations.

59.     The Defendant Parties state that the allegations of paragraph 59 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 59.

NY1247094.2
217250-10001

60.     The Defendant Parties state that the allegations of paragraph 60 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 60.

**COUNT THREE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551[5]**

61.     The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 60 as if fully set forth herein.

62.     The Defendant Parties state that the allegations of paragraph 62 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 62, and on that basis deny the allegations.

63.     The Defendant Parties state that the allegations of paragraph 63 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 63, and on that basis deny the allegations.

64.     The Defendant Parties state that the allegations of paragraph 64 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 64, and on that basis deny the allegations.

---

[5] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

NY1247094.2
217250-10001

65.     The Defendant Parties state that the allegations of paragraph 65 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 65.

**COUNT FOUR**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551[6]**

66.     The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 65 as if fully set forth herein.

67.     The Defendant Parties state that the allegations of paragraph 67 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 67, and on that basis deny the allegations.

68.     The Defendant Parties state that the allegations of paragraph 68 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 68, and on that basis deny the allegations.

69.     The Defendant Parties state that the allegations of paragraph 69 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 69.

70.     The Defendant Parties state that the allegations of paragraph 70 are legal conclusions or arguments as to which no response is required.  To the extent a response is

---

[6] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

NY1247094.2
217250-10001

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 70, and on that basis deny the allegations.

71.    The Defendant Parties state that the allegations of paragraph 71 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny paragraph 71.

**COUNT FIVE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551[7]**

72.    The Defendant Parties repeat, allege, and incorporate by reference their response

to paragraphs 1 through 71 as if fully set forth herein.

73.    The Defendant Parties state that the allegations of paragraph 73 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 73, and on that basis deny the allegations.

74.    The Defendant Parties state that the allegations of paragraph 74 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to

the truth of the allegations of paragraph 74, and on that basis deny the allegations.

75.    The Defendant Parties state that the allegations of paragraph 75 are legal

conclusions or arguments as to which no response is required.  To the extent a response is

required, the Defendant Parties deny the allegations of paragraph 75.

---

[7] This cause of action has been dismissed against the Defendant Parties in accordance with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).

NY1247094.2
217250-10001

76.     The Defendant Parties state that the allegations of paragraph 76 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny knowledge and information sufficient to form a belief as to
the truth of the allegations of paragraph 76, and on that basis deny the allegations.

77.     The Defendant Parties state that the allegations of paragraph 77 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny the allegations of paragraph 77.

**COUNT SIX**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275,
278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551[8]**

78.     The Defendant Parties repeat, allege, and incorporate by reference their response
to paragraphs 1 through 77 as if fully set forth herein.

79.     The Defendant Parties state that the allegations of paragraph 79 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny knowledge and information sufficient to form a belief as to
the truth of the allegations of paragraph 79, and on that basis deny the allegations.

80.     The Defendant Parties state that the allegations of paragraph 80 are legal
conclusions or arguments as to which no response is required.  To the extent a response is
required, the Defendant Parties deny knowledge and information sufficient to form a belief as to
the truth of the allegations of paragraph 80, and on that basis deny the allegations.

---

[8] This cause of action has been dismissed against the Defendant Parties in accordance
with the Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of
Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v.
Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y.
April 27, 2012) (Docket No. 101).

NY1247094.2
217250-10001

81.     The Defendant Parties state that the allegations of paragraph 81 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 81.

82.     The Defendant Parties state that the allegations of paragraph 82 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 82, and on that basis deny the allegations.

83.     The Defendant Parties state that the allegations of paragraph 83 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 83.

**COUNT SEVEN**
**RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544, 548, 550(a) AND 551**

84.     The Defendant Parties repeat, allege, and incorporate by reference their response to paragraphs 1 through 83 as if fully set forth herein.

85.     The Defendant Parties state that the allegations of paragraph 85 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 85.

86.     The Defendant Parties state that the allegations of paragraph 86 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 86, and on that basis deny the allegations.

87.     The Defendant Parties state that the allegations of paragraph 87 are legal conclusions or arguments as to which no response is required.  To the extent a response is

NY1247094.2
217250-10001

required, the Defendant Parties deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 87, and on that basis deny the allegations.

88.     The Defendant Parties state that the allegations of paragraph 88 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 88.

89.     The Defendant Parties state that the allegations of paragraph 89 are legal conclusions or arguments as to which no response is required.  To the extent a response is required, the Defendant Parties deny the allegations of paragraph 89.

## **RESPONSE TO PRAYER FOR RELIEF**

90.     The Defendant Parties assert that the items contained in the prayer for relief constitute legal conclusions or arguments as to which no response is required.  To the extent any response is required, the Defendant Parties deny, *inter alia*, (i) that judgment should be entered in favor of the Trustee against any of the Defendant Parties on any grounds, (ii) that the Trustee is entitled to prejudgment interest from the date on which the Transfers were purportedly received (or at all), (iii) that a constructive trust should be established over the proceeds of the purported Transfers in favor of the Trustee for the benefit of the Madoff Securities estate, (iv) that the Defendants' (or any of the Defendant Parties') income tax refunds from the United States, state and local governments paid on so-called "fictitious profits" during the course of the purported scheme should be assigned to the Trustee or any other party, (v) that the Trustee is entitled to any interest, costs or expenses in connection with this action and (vi) that the Trustee is entitled to any other relief against any of the Defendant Parties.

NY1247094.2
217250-10001

## **DEFENSES**

The Defendant Parties assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these matters as "defenses," the Defendant Parties do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged.  The Defendant Parties do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against the Defendant Parties.

Under prior decisions applicable to this adversary proceeding, all of the claims alleged in the Complaint are barred but for those claims asserted under sections 548(a)(1)(A) and 550(a)(2) of the Bankruptcy Code.  *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions.  *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-MC-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101).  In the event that subsequent legal developments further alter the claims available to the Trustee, the Defendant Parties hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.

The Defendant Parties reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

NY1247094.2
217250-10001

These defenses are set forth cumulatively and in the alternative.

## FIRST DEFENSE

91.    The Complaint fails to state a claim against the Defendant Parties upon which relief may be granted.

## SECOND DEFENSE

92.    The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (i) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations, causes of action and requests for relief as to all of the Defendants or Defendant Parties; and (ii) failing to allege facts sufficient to demonstrate that any transfers allegedly made to the Defendant Parties were made with actual intent to hinder, delay or defraud customers of Madoff Securities.

## THIRD DEFENSE

93.    This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and the Defendant Parties do not consent to the entry of a final order and judgment by the Bankruptcy Court.  The Defendant Parties further demand a trial by jury.

## FOURTH DEFENSE

94.    The claims against the Defendant Parties fail for lack of personal jurisdiction.

## FIFTH DEFENSE

95.    The Trustee lacks standing, in whole or in part, to bring the claims asserted.

NY1247094.2
217250-10001

10-03789-cgm    Doc 13287-7    Filed 05/09/16    Entered 05/09/16 21:34:59    Exhibit G
Pg 21 of 30

## SIXTH DEFENSE

96.     The claims set forth in the Complaint are not ripe, and the Trustee lacks standing, because the claims do not meet the conditions of section 78fff-2(c)(3) of SIPA.  The Trustee has not established that there is a shortfall in customer property.

## SEVENTH DEFENSE

97.     The transfers are not avoidable and/or recoverable because the funds at issue were held in trust, or as bailee for the Defendant Parties, by Madoff Securities and were not property of the estate in which Madoff Securities had a legal interest.

## EIGHTH DEFENSE

98.     To the extent the allegations in the Complaint concerning the alleged Ponzi scheme perpetrated by Madoff Securities are true,[9] then Madoff Securities acquired by fraud all of the funds that were the subject of the purported Transfers.  Because Madoff Securities acquired such funds by fraud, Madoff Securities never acquired legal or beneficial ownership of the funds, such that the purported Transfers were not comprised of, and did not involve, any property of Madoff Securities.

## NINTH DEFENSE

99.     The Complaint fails to state a claim on which relief can be granted because it fails to properly plead the elements required for the avoidance of Madoff Securities' obligations. Absent an action to avoid Madoff Securities' obligations to pay what is owed to the customer under state law, the transfers were all made on account of antecedent debts.  To the extent the Trustee has pled the avoidance of obligations, he is not authorized under governing statutes to pursue such avoidance claims.

---

[9] The Defendant Parties lack knowledge or information sufficient to form a belief with respect to the truth of those allegations, and thus deny those allegations.

NY1247094.2
217250-10001

### TENTH DEFENSE

100.   The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

### ELEVENTH DEFENSE

101.   The Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

### TWELFTH DEFENSE

102.   The claims are barred in whole or part by waiver and/or laches.

### THIRTEENTH DEFENSE

103.   The claims are barred in whole or part by applicable limitations periods.

### FOURTEENTH DEFENSE

104.   The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

### FIFTEENTH DEFENSE

105.   The claims against the Defendant Parties fail for insufficient process and insufficient service of process.

### SIXTEENTH DEFENSE

106.   The alleged transfers, to the extent they were actually received by any Defendant Party, were taken for value and in good faith, as provided by sections 548(c) and 548(d)(2)(A) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against any of the Defendant Parties under sections 548 and 550 of the Bankruptcy Code, and the Defendant Parties

NY1247094.2
217250-10001

08-01789-cgm   Doc 13287-7   Filed 05/09/16   Entered 05/09/16 21:31:59   Main Document
Pg 23 of 30

are entitled (i) to retain the alleged transfers, (ii) to a lien on the alleged transfers and (iii) to a

reduction in the amount of any liability to the Trustee, in each case to the extent of any value or

consideration provided or caused to be provided by any Defendant Party to Madoff Securities.

### SEVENTEENTH DEFENSE

107.    The alleged transfers, to the extent they were actually received by any Defendant

Party alleged to have been a subsequent transferee, were taken for value, in good faith, and

without knowledge of voidability, as provided by section 550(a) of the Bankruptcy Code.  They

are thus not avoidable or recoverable as against any Defendant Party alleged to have been a

subsequent transferee under sections 548 and 550 of the Bankruptcy Code.

### EIGHTEENTH DEFENSE

108.    The alleged transfers, to the extent they were actually received by any Defendant

Party, were taken without actual fraudulent intent and for fair consideration, as provided by

section 278(2) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against any Defendant Party under sections 544 and 550 of the Bankruptcy Code

or sections 272 through 276 of the New York Debtor and Creditor Law.

### NINETEENTH DEFENSE

109.    The alleged transfers, to the extent they were actually received by any Defendant

Party, were taken for fair consideration and without knowledge of the fraud, as provided by

section 278(1) of the New York Debtor and Creditor Law.  They are thus not avoidable or

recoverable as against the Defendant Parties under Sections 544 and 550 of the Bankruptcy Code

or sections 272 through 276 of the New York Debtor and Creditor Law.

### TWENTIETH DEFENSE

110.    The alleged transfers are exempt from avoidance and recovery in whole or part

under section 546(e) of the Bankruptcy Code, including, *inter alia*, because the transfers (i) were

NY1247094.2
217250-10001

made by or to a stockbroker and/or financial institution, in connection with a securities contract
and/or (ii) constituted a settlement payment made by or to a stockbroker and/or financial
institution.

## TWENTY-FIRST DEFENSE

111.    Each claim for recovery of a fraudulent transfer is barred in whole or in part
(whether by virtue of the "value" defense, setoff or equitable adjustment) because, to the extent
any alleged transfers were actually received by any Defendant Party, the Defendant Party
received such transfer in good faith, without knowledge of the alleged fraud, and in payment of
an antecedent debt, in whole or in part, on account of obligations owed by Madoff Securities for,
*inter alia*, (i) amounts contractually due to customers under New York law for the balances
shown on prior customer account statements and related documents; (ii) rescission remedies,
including damages and interest for fraud and misrepresentation pursuant to federal and state law;
(iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty;
and/or (vi) money had and received.

## TWENTY-SECOND DEFENSE

112.    Each of the counts alleging a fraudulent transfer is subject to defense, setoff or
equitable or other adjustment to the extent that such transfers were, in whole or in part, used to
pay tax obligations imposed on so-called "fictitious profits" reported on, among other things,
IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue
Service, state and/or local governmental taxing authorities.

## TWENTY-THIRD DEFENSE

113.    Each of the counts alleging a fraudulent transfer is subject to defense, setoff or
equitable or other adjustment to the extent that such transfers were, in whole or in part, used by

NY1247094.2
217250-10001

the Defendant Parties to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

## TWENTY-FOURTH DEFENSE

114.    The claims are barred in whole or part because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to the applicable two-year or six-year "reach-back" limitations period.

## TWENTY-FIFTH DEFENSE

115.    The claims are barred in whole or part for failure of the Trustee to credit amounts deposited or invested by any Defendant Party with Madoff Securities during the applicable two-year or six-year "reach-back" limitations period.

## TWENTY-SIXTH DEFENSE

116.    The claims are barred in whole or part for failure of the Trustee to credit amounts deposited or invested directly or indirectly by any Defendant Party with Madoff Securities through a feeder fund or other, similar investment vehicle.

## TWENTY-SEVENTH DEFENSE

117.    The claims are barred in whole or part for failure to properly credit inter-account transfers.

## TWENTY-EIGHTH DEFENSE

118.    The Claims are barred in whole or in part to the extent they relate to transfers, if any, made prior to the ownership of the Account by the Account Holder.

## TWENTY-NINTH DEFENSE

119.    The Claims are barred in whole or in part to the extent they relate to transfers made to a predecessor owner of the Account, if any.

## THIRTIETH DEFENSE

120.    The claims are barred in whole or part for failure to properly account for the time value of money through an interest, inflation or other time value-type adjustment to principal deposits.

## THIRTY-FIRST DEFENSE

121.    Even if the transfers were avoidable, the transfers may not be recovered as the Defendant Parties are not initial transferees of the transfers, entities for whose benefit the transfers were made, or immediate or mediate transferees of the transfers.

## THIRTY-SECOND DEFENSE

122.    The Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the individual Defendant Parties and to sufficiently plead that any particular Defendant Party actually received any particular transfer.

## THIRTY-THIRD DEFENSE

123.    To the extent any claim relating to any particular transfer is asserted against more than one of the Defendant Parties, the Trustee would be entitled to, at most, a single satisfaction of such claim pursuant to the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code and/or under New York law.

## THIRTY-FOURTH DEFENSE

124.    Recovery of attorneys' fees from the Defendant Parties is not permissible under sections 544 and 550 of the Bankruptcy Code and section 276-a of the New York Debtor and Creditor Law because, *inter alia*, such fees are not a "transfer" or "conveyance" under applicable law.

NY1247094.2
217250-10001

## THIRTY-FIFTH DEFENSE

125.    Even if the Trustee is entitled to the return of some or all of the alleged transfers sought by the Complaint (which he is not), he is not entitled to interest from the date of each alleged transfer or any other date.

## THIRTY-SIXTH DEFENSE

126.    The Complaint must be dismissed to the extent that, *inter alia*, certain of the Defendant Parties are immune from suit under applicable law and/or the assets of certain of the Defendant Parties are exempt from attachment, and are not otherwise subject to collection, by creditors of such Defendant Parties.

## THIRTY-SEVENTH DEFENSE

127.    The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTY-EIGHTH DEFENSE

128.    The Trustee's claims are barred, in whole or in part, by the doctrine of in *pari delicto* and/or the *Wagoner* rule because, among other things, the acts of its predecessors, agents and representatives (including Bernard L. Madoff and Madoff Securities) are imputed to the Trustee.

## THIRTY-NINTH DEFENSE

129.    The Trustee's "Net Investment Method" for calculating the Defendant Parties' alleged fraudulent transfer liability should be adjusted to provide the Defendant Parties with a credit for inflation, interest, time value of money, reinvestment during the applicable limitations period, inter-account transfers and other relevant factors.

## FORTIETH DEFENSE

130.    Any recovery by the Trustee is subject to credits, set-off and/or recoupment.

NY1247094.2
217250-10001

## FORTY-FIRST DEFENSE

131.    The Defendant Parties adopt and incorporate by reference any and all other

defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that

such defenses may be applicable to any of the Defendant Parties.

## FORTY-SECOND DEFENSE

132.    The Trustee's claims are barred, in whole and/or in part, because Madoff

Securities was not, upon information and belief, insolvent at the time of the transfers allegedly

received by the Defendant Parties, and Madoff Securities was not, upon information and belief,

rendered insolvent, or without sufficient capital, as a result of such alleged transfers.

## FORTY-THIRD DEFENSE

133.    The Trustee's claims are barred, in whole and/or in part, because the enforcement

of relief alleged against the Defendant Parties, victims of the Madoff fraud, would be

unconscionable and a violation of public policy.

## FORTY-FOURTH DEFENSE

134.    The Trustee's claims against the Defendant Parties fail to the extent they seek to

impose joint and several liability on the Defendant Parties because there is no basis for such

relief.

## FORTY-FIFTH DEFENSE

135.    The Trustee's claims are barred in whole or in part against each Defendant Party

to the extent any Defendant Party did not receive, or acted as a conduit in respect of, the transfers

underlying such claim, and the Complaint insufficiently pleads receipt of the transfers by the

Defendant Parties.

NY1247094.2
217250-10001

## FORTY-SIXTH DEFENSE

136.    The Trustee's claims against the Defendant Parties are barred because the Trustee suffered no damages proximately caused by the Defendant Parties.

## RESERVATION OF RIGHTS

137.    The Defendant Parties hereby give notice that they intend to rely upon any other defenses that may become available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise and hereby reserve the right to amend their answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

138.    The Defendant Parties expressly reserve all rights with respect to all counterclaims or cross claims that may be revealed during the course of discovery.

## JURY DEMAND

139.    The Defendant Parties demand trial by jury of all the issues in this proceeding that are so triable and do not consent to trial by jury in the Bankruptcy Court.

NY1247094.2
217250-10001

WHEREFORE, the Defendant Parties demand judgment dismissing the Complaint, with

costs.

Dated:   New York, New York
          January 17, 2014

                             LOEB & LOEB LLP


                        By: /s/ P. Gregory Schwed
                           P. Gregory Schwed
                           Walter H. Curchack
                           Daniel B. Besikof
                           345 Park Avenue
                           New York, NY  10154
                           Tel:  212-407-4000
                           Fax:  212-407-4990
                           e-mail:    gschwed@loeb.com
                                     wcurchack@loeb.com
                                     dbesikof@loeb.com

*Attorneys for Kenneth L. Evenstad Revocable Trust u/a/d May 2, 2000; Kenneth L. Evenstad in his capacity as Grantor and Trustee for the Kenneth L. Evenstad Revocable Trust; Grace B. Evenstad in her capacity as Trustee for the Kenneth L. Evenstad Revocable Trust; Kenneth L. Evenstad, individually; and Grace B. Evenstad, individually*

NY1247094.2
217250-10001