Hearing Date: May 18, 2016 at 10 a.m.<br>
Objections Due: May 17, 2016 at noon

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,                                    Adv. Pro. No. 08-1789 (SMB)

        v.                                             SIPA LIQUIDATION

BERNARD L. MADOFF INVESTMENT SECURITIES,  (substantively consolidated)
LLC

        Defendant.
---------------------------------------------------------------------X
In re:

BERNARD MADOFF,

        Debtor.
---------------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation of:
Bernard L. Madoff Investment Securities LLC,

        Plaintiff,

        v.                                             Adv. No. 10-04311 (SMB)

ANDREW H. COHEN,

        Defendant.
---------------------------------------------------------------------X

**CUSTOMERS' OBJECTION TO TRUSTEE'S MOTION**
**TO EXPUNGE CUSTOMERS' RULE 9033 OBJECTIONS**

Under *Stern v. Marshall*, 564 U.S. 462 (2011), Bankruptcy Courts are limited to the issuance of only "proposed findings of fact and conclusions of law" in matters in which only District Courts are constitutionally permitted to enter final orders. The District Court alone determines which matters the Bankruptcy Court can (and cannot) adjudicate finally.

The Trustee seeks to undermine this process by requesting an order of this Court "expunging from the record" Customers' objections under Rule 9033 ("Objection") to this Court's decision denying Customers' motion to intervene.[1] The Trustee cites no relevant law for his unorthodox, possibly unprecedented, request. In fact, there is not even a colorable basis to subvert a non-prevailing party's constitutional right to contest a Bankruptcy Court ruling that raises *Stern* issues. To the contrary, those rights are protected by Rule 9033; amplified by a District Court standing order, and confirmed by a large and unquestioned body of case law. *See* Section 1, below.

The Trustee's entire argument rests on two dubious propositions. The Trustee argues first that because Customers are not "parties" to the underlying *Cohen* adversary proceeding, they have no standing under Rule 9033 to object to a ruling on a motion that Customers themselves brought and that would directly affect Customers' rights and interests. The Trustee's narrow interpretation of "party" is belied by both common sense and the language of 28 U.S.C. § 157. Moreover, the Trustee's interpretation, if adopted, would create substantial constitutional concerns and rewrite the otherwise clear procedures laid out in Rule 9033. *See* Section 2, below.

The Trustee's other argument is that his motion is somehow supported by uncontroversial decisions holding that orders denying intervention of right are generally considered final orders

---

[1] Customers also filed simultaneously a separate notice of appeal under Section 28 U.S.C. §158(a). Customers have stated in their notice of appeal that such an appeal is conditional only, subject to the adjudication of its Rule 9033 objections.

that can be immediately appealed by putative intervenors. But those cases are irrelevant. They are merely routine applications of a judicial rule developed to protect, not undermine, the procedural rights of prospective intervenors. None of the Trustee's cases even remotely touch on the central and dispositive proposition at issue here: the District Court's exclusive jurisdiction to decide *Stern* issues, when presented through the mechanism of objections under Rule 9033. *See* Section 3, below.

1. **For a challenge to a Bankruptcy Court's recommendations under Rule 9033, only the District Court has the power to determine *Stern* issues, and the Bankruptcy Court lacks jurisdiction to interfere with that process.**

    Rule 9033 provides, in pertinent part:

    (a) "In non-core proceedings heard pursuant to 28 U.S.C § 157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law."

    (b) "Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections . . . . A party may respond to another party's objection within 14 days after being served with a copy thereof."

    (c) "The bankruptcy judge may for cause extend the time for filing objections by any party for a period not to exceed 21 days from the expiration of the time otherwise prescribed by this rule. . . ."

    (d) "The district judge shall make a de novo review . . . of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule."

Fed. R. Bankr. P. 9033.

The respective roles of the Bankruptcy Court and the District Court are clearly and specifically delineated by the rule. In a proceeding over which the Bankruptcy Court lacks constitutional power to enter a final order or judgment, once a party has filed a Rule 9033 objection, the Bankruptcy Court's role is limited to granting extensions of time under Rule 9033(c). The District Court then takes over and determines the matter on *de novo* review, pursuant to Rule 9033(d).

The Trustee cites no law to suggest that the Bankruptcy Court has any jurisdiction to interfere with the Rule 9033 process, let alone "expunge" a timely objection made in accordance with the Rule. To the contrary, the District Court has promulgated a standing order that specifically safeguards against any such interference with its exclusive jurisdiction: "The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law <u>in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution</u>." Amended Standing Order of Reference, Order No. M10-468, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (emphasis added) (the "Standing Order") (also docketed as Bankr. S.D.N.Y. Order M-431).

Even though this Court's ruling is cast as a decision and order, that nomenclature is not dispositive. The District Court has the authority and responsibility to make an independent determination as to whether the matter involves a *Stern* issue, both under the Standing Order and the case law. *See*, *e.g.*, *New York Skyline, Inc. v. Empire State Bldg. Co. L.L.C.*, 542 B.R. 321, 323-24 (S.D.N.Y. 2015) (Court "vacated the Judgement after determining that the Bankruptcy Court lacked authority to enter a final judgment"); *In re Lehman Bros. Holdings Inc.* 532 B.R. 203, 213 (S.D.N.Y. 2015) (if the court determines "that the bankruptcy court could not have entered a final order or judgment consistent with Article III of the United States Constitution, the District Court will treat the Order of the bankruptcy court as proposed findings of fact and conclusions of law, consistent with the Amended Standing Order of Reference in this District."); *Retired Partners of Coudert Bros. Trust v. Baker & McKenzie, LLP*, No. 11-2785 (CM), 2011 U.S. Dist. LEXIS 110425, at *6-7 (S.D.N.Y. Sept. 22, 2011) (vacating the bankruptcy court's dismissal order as procedurally improper and converting bankruptcy court's purported "final" ruling into report and recommendation); *Dang v. Bank of Am. N.A.*, No. RDB-12-3343, 2013

U.S. Dist. LEXIS 54833, at *41-42 (D. Md. Apr. 17, 2013) ("The proper remedy for the Bankruptcy Court's error is to treat its order of dismissal as proposed findings of fact and conclusions of law under 28 U.S.C. § 157(c)(1). Other courts have agreed with this remedy and found that treating a bankruptcy court's order, which is found to be inconsistent with Article III, as findings of fact and conclusions of law is 'within the inherent powers of the federal district court.'") (collecting cases; citations omitted).

Finally, the Trustee's "Notice of Trustee's Application for an Order to Show Cause" asserts that he seeks relief "pursuant to section 105(a) of the United States Bankruptcy Code." ECF 101. The Trustee's supporting Memorandum of Law, however, never even mentions Section 105(a).

This functional abandonment of a Section 105(a) argument for "expungement" is understandable because Supreme Court and Second Circuit precedent make clear that the argument is untenable. As explained by the Second Circuit:

> This Court has long recognized that "Section 105(a) limits the bankruptcy court's equitable powers, which 'must and can only be exercised within the confines of the Bankruptcy Code.'" *FDIC v. Colonial Realty Co.*, 966 F.2d 57, 59 (2d Cir. 1992) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 99 L. Ed. 2d 169, 108 S. Ct. 963, (1988)). It does not "authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir.1986).

*In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 92 (2d Cir. 2003).

In sum, Rule 9033, the Standing Order and the case law reach the same conclusion: Once a party initiates the Rule 9033 process, the District Court alone has the jurisdiction to decide whether the issues raised by the Objection implicate a *Stern* issue.

**2.     Customers have standing as "parties" to file the Objection.**

The Trustee tries to circumvent the black letter law discussed above by insisting that Customers are not "parties" within the contemplation of Rule 9033. He argues that because the Court's decision would deny Customers the right to intervene in the underlying *Cohen* adversary proceeding, they are no longer "parties" for any purposes to their own motion to intervene. The very statement of the Trustee's argument highlights its absurdity. Customers filed and are, of course, parties to their own motion to intervene.

Moreover, the relief requested by the Trustee would set a dangerous precedent. It would give a Bankruptcy Court the ability to circumvent *Stern* and bestow upon itself authority that it lacks under the Constitution. *Stern* and its progeny are clear. The Bankruptcy Court cannot enter final orders in *Stern* matters, such as those presented here; it can only issue proposed findings of fact and conclusions of law. Rule 9033 provides a simple procedure in those cases: an unsuccessful litigant can seek *de novo* review of the Court's ruling, and the District Court must then determine whether, in fact, the bankruptcy court could constitutionally enter the order. As noted above, this procedure is amplified by the Standing Order, which reserves for the District Court the exclusive jurisdiction to determine whether to treat a Bankruptcy Court ruling as an order or as proposed findings of fact and conclusions of law.

The Trustee's motion to expunge is a transparent attempt to convince the Court to circumvent the Constitution, Rule 9033 and the Standing Order. Under the Trustee's reading, any Bankruptcy Court could enter a "final order" that it had no constitutional authority to enter. If the losing party sought to object to the order under Rule 9033, the Bankruptcy Court could just expunge that objection. The losing party would be left with the right, at best, to appeal, but would be deprived of its right under the Constitution to entry of a final order by an Article III judge.

In addition, the common-sense conclusion that Customers are "parties" to their own intervention motion is strongly supported by the text of the rule and the related jurisdictional statute. Rule 9033(a), by its terms, covers challenges to rulings made by bankruptcy judges in non-core "proceedings." The unstated premise of the Trustee's argument is that the "proceeding" here is limited to the underlying *Cohen* adversary proceeding.

This interpretation, however, is contradicted by the overarching statutory enactment, 28 U.S.C. § 157(b)(2), which defines "proceedings" far more broadly to include a wide array of contested matters. These include, for example, "matters concerning the administration of the estate"; "confirmations of plans"; "orders approving the use or lease of property, including the use of cash collateral"; and "other proceedings affecting the liquidation of the assets of the estate." The litigation activity that plays out in these broad categories is typically triggered by an objection or a motion, not by an adversary proceeding. Because Customers' intervention motion was a "proceeding," it follows that Customers were "parties" to that "proceeding" that they themselves initiated.

Once it is established that Customers' intervention motion was a "proceeding," the Trustee's argument evaporates. Quite simply, Customers are plainly "parties" to a "proceeding" that they themselves initiated.

The Trustee's argument accordingly suffers from a logical fallacy. Merely because the *Cohen* case is undeniably a "proceeding," it does not follow that the Customers' intervention motion is not also a "proceeding" (albeit one that arises within *Cohen*).

3.  **Case law holding that orders denying intervention are final is irrelevant.**

The Trustee's only other support for his view is to cite a flurry of cases holding that a Bankruptcy Court's denial of a motion to intervene as of right is a "final order." Trustee Mem. at 5-7 (ECF 102). These decisions, however, actually bolster the procedural protections for

prospective intervenors. They allow immediate appeal of an order rejecting a claim for intervention of right. More to the point, none of the cases cited by the Trustee involves even remotely the issue presented here: the District Court's exclusive power to decide *Stern* matters, in a Rule 9033 context. Accordingly, the Trustee's cited cases are all inapposite – except to the limited extent they demonstrate a judicial solicitude to protect, rather than cripple, an intervenor's procedural rights.

Moreover, it is uncontested that orders denying motions to intervene typically are "final" orders. What is contested is whether entry of the purportedly "final" order denying Customers' intervention motion was within the Bankruptcy Court's constitutional authority. For the reasons already articulated, the answer is "no." But either way, the District Court has the exclusive right to decide that issue. The cases cited by the Trustee do not address this issue or compel a different result.

**4.    Customers' Objection does not "artificially and improperly set a deadline"; rather the deadline is established by Rule 9033.**

Finally, the Trustee complains (Trustee Mem. at 7-8, ECF 102)) that Customers' invocation of Rule 9033 "artificially and improperly set[s] a deadline for the Trustee to respond within 14 days." But the time for response is set by the Rule, not by Customers. Customers conformed to the 14 days set for them to file their Objection. If the Trustee dislikes the schedule imposed by Rule 9033, the target of his complaint should be the Advisory Committee on Bankruptcy Rules and the Supreme Court (which implemented the Rule), not Customers.

If the Trustee needs more time to respond, *he* needs to make the showing of "cause" required by Rule 9033(c), something he has not even attempted to do.

8

10046116.2
217250-10001

## CONCLUSION

For the foregoing reasons, Customers respectfully request that the Court deny the Trustee's request to expunge Customers Objection in all respects.

Dated: May 17, 2016

Respectfully submitted[2],

BAKER & MCKENZIE LLP

By: /s/ Richard A. Kirby
    Richard A. Kirby
    Laura K. Clinton
    815 Connecticut Avenue, N.W.
    Washington, D.C. 20006
    Tel: (202) 452-7020
    Email: richard.kirby@bakermckenzie.com
           laura.clinton@bakermckenzie.com

LOEB & LOEB LLP

By: /s/ P. Gregory Schwed
    P. Gregory Schwed
    Daniel B. Besikof
    345 Park Avenue
    New York, New York 10154
    Tel: (212) 407-4000
    Email: gschwed@loeb.com
           dbesikof@loeb.com

PRYOR CASHMAN LLP

By: /s/ Richard Levy, Jr.
    Richard Levy, Jr.
    7 Times Square
    New York, NY 10036.
    Tel: (212) 421-4100
    Email: rlevy@pryorcashman.com

MILBERG LLP

By: /s/ Matthew A. Kupillas
    Matthew A. Kupillas
    One Pennsylvania Plaza 49th Floor
    New York, New York 10119
    Tel: (212) 613-5697
    Email: mkupillas@milberg.com

DENTONS US LLP

By: /s/ Carole Neville
    Carole Neville
    1221 Avenue of the Americas
    New York, New York 10020-1089
    Tel: (212) 768-6889
    Email: carole.neville@dentons.com

---

[2] *See* Schedule 1 for list of clients and adversary proceedings.