**CHAFFETZ LINDSEY LLP**
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax (212) 257-6950
www.chaffetzlindsey.com
*Attorneys for Kingate Management Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF<br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>FEDERICO CERETTI, et al.,<br><br>      Defendants. | Adv. Pro. No. 09-1161 (SMB) |

**DEFENDANT KINGATE MANAGEMENT LIMITED'S MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS AND PARTICIPATE IN DISCOVERY**

...

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    Discovery Against KML Should be Stayed Pending Resolution of the Extraterritoriality Motion. ................................................................................ 2

    II.    Merits Discovery Cannot Proceed Unless and Until the Court Determines That it Has Personal Jurisdiction Over KML. ................................................................. 5

    III.    The Funds Should Not Be Obligated to Collect and Produce KML's Documents. 6

        A.    Bermuda Law Prohibits the Funds from Turning Over KML's Bermuda Production. ........................................................................................ 6

        B.    The Management Agreements Do Not Allow the Funds to Collect and Produce KML's Documents to the Trustee .................................................. 7

CONCLUSION ............................................................................................................................. 7

Kingate Management Limited ("KML") respectfully submits this memorandum of law in opposition to the Trustee's motion to compel KML to produce documents and engage in merits discovery (the "Motion").

**PRELIMINARY STATEMENT**

On April 15, 2016, nearly five years after suing KML, the Trustee purported to serve KML with his first set of document requests (the "Requests").[1] Just hours later, he moved to compel KML to produce the documents first requested that same day, and to participate in a Rule 26(f) conference. The Court should deny the Trustee's Motion for the following reasons.

Discovery as to KML should not proceed until after the Court decides KML's pending motion to dismiss the Trustee's complaint. The Trustee has asserted a single claim against KML for recovery of the foreign subsequent transfers from two BVI entities, Kingate Euro Fund, Ltd. and Kingate Global Fund, Ltd. (together, the "Funds"), to KML, a Bermuda entity. KML argues in its motion that the Trustee's claim must be dismissed because the statute pursuant to which he has sued KML does not apply to the wholly foreign subsequent transfers he seeks to recover (the "Extraterritoriality Motion"). KML's Extraterritoriality Motion is dispositive of the Trustee's adversary proceeding against KML and a decision in KML's favor would eliminate the need for costly and burdensome discovery. All discovery has been effectively stayed for the last five years while the courts have resolved threshold legal questions like this one, and the Trustee has provided no justification for commencing discovery now. Given the strength of the Extraterritoriality Motion and the lack of prejudice to the Trustee, discovery should be stayed until the Court decides the Extraterritoriality Motion.

---

[1] The Requests have not been properly served under the Federal Rules of Civil Procedure. The parties have not held a Rule 26(f) conference or agreed to a Rule 26(f) Stipulation and Proposed Order Regarding Discovery Protocols. Pursuant to Rule 26(d), KML therefore has no obligation to respond to the Requests at this time. For the reasons set forth herein, KML objects to participating in a Rule 26(f) conference.

1

Further, even if the Court were to deny the Extraterritoriality Motion, merits discovery still would not be justified. If the claim against it survives the Extraterritoriality Motion, KML intends to move to dismiss because it lacks the minimum contacts necessary to establish personal jurisdiction over it. The Trustee is not entitled to merits discovery unless and until the Court has determined that KML is subject to the Court's jurisdiction.

Finally, KML opposes the Trustee's attempt to compel the Funds to produce KML's documents. KML produced its documents to the Funds as part of the ongoing Bermuda action, captioned *Kingate Global Fund Limited (In Liquidation) and Kingate Euro Fund Limited (In Liquidation) v. Kingate Management Ltd., et. al.*, Supreme Court of Bermuda, Civil Jurisdiction, Commercial Court, 2010: No. 454 (the "Bermuda Action"). It did so in reliance on an undertaking implied as a matter of Bermuda law that the Funds would not use the documents for any purpose other than the Bermuda Action (the "Implied Undertaking of Confidentiality"). Bermuda's Implied Undertaking of Confidentiality thus prohibits the Funds from turning over the documents to the Trustee, and as a matter of comity the Court should not compel the Funds to do that which Bermuda law prohibits. And, contrary to the Trustee's argument, the KML Management Agreements do not allow the Trustee to compel the Funds to collect and produce KML's documents. The Trustee's skewed reading of the Management Agreements attempts to make an end-run around established discovery rules and procedures.

## ARGUMENT

**I.    Discovery Against KML Should be Stayed Pending Resolution of the Extraterritoriality Motion.**

On July 7, 2014, Judge Rakoff held that "section 550(a) [of the Bankruptcy Code] does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv.*

2

*Sec. LLC*, 513 B.R. 222, 232 (S.D.N.Y. 2014) (the "Extraterritoriality Decision").[2]  He therefore dismissed the "Trustee's recovery claims … to the extent they seek to recover purely foreign transfers," and he rejected the Trustee's argument that Trustee should be permitted to obtain even limited discovery related to the location of the transfers.  Judge Rakoff held:

> The Trustee argues that dismissal at this stage is inappropriate because additional fact-gathering is necessary to determine where the transfers took place . . . Here, to the extent that the Trustee's complaints allege that both the transferor and the transferee reside outside of the United States, there is no plausible inference that the transfer occurred domestically.  Therefore, unless the Trustee can put forth specific facts suggesting a domestic transfer, his recovery actions seeking foreign transfers should be dismissed.

*Id.* at 232 n.4.  Judge Rakoff remanded nearly 90 adversary proceedings to this Court to implement the Extraterritoriality Decision.  *Id.*

On December 10, 2014, this Court issued the Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (the "Extraterritoriality Order"), which, among other things, sets a briefing schedule for the Extraterritoriality Motions that would follow the Extraterritoriality Decision.  As a matter of procedural economy in the nearly 90 cases subject to the Extraterritoriality Decision – the Extraterritoriality Order extends the time for each defendant to respond to the complaint and defers consideration of "further proceedings," including the Trustee's outstanding motion for limited discovery related to the transferees' good faith, until after the Court decides the Extraterritoriality Motions.  Extraterritoriality Order, ¶¶ 12-15.

The Trustee's attempt to engage in discovery while the Extraterritoriality Motion is under consideration is inconsistent with both this Court's Extraterritoriality Order and Judge Rakoff's

---

[2] Judge Rakoff addressed the extraterritoriality question after having granted motions by certain defendants to withdraw the reference. Order, *Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR) (S.D.N.Y. June 7, 2012)

3

Extraterritoriality Decision. The Trustee should not be permitted to engage in *full* party discovery given that both the Extraterritoriality Order and the Extraterritoriality Decision prohibited the Trustee from proceeding even with *limited* discovery until after the Extraterritoriality Motion is resolved.

Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause" shown. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013). Courts consider the following factors in determining whether a stay is appropriate: (1) the strength of the motion; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *See Id.* at 72. It is difficult to conceive of a case where a discovery stay would be more justified.

KML's Extraterritoriality Motion is dispositive of the Trustee's single claim against it. KML's prevailing on the motion would eliminate entirely the need for it, an entity in liquidation in Bermuda, to engage in costly and time-consuming discovery. The Trustee's Requests are broad and far-reaching, seeking all information related to or exchanged in the course of the Bermuda Action, which has been actively litigated for over five years. Specifically, the Requests seek: (i) all documents filed in the Bermuda Action; (ii) all transcripts related to the Bermuda Action; (iii) all documents exchanged as part of discovery in the Bermuda Action (the "Bermuda Production"); and, as a catch-all, (iv) all documents "concerning the Bermuda Action, including, but not limited to, all correspondence exchanged between the parties thereto." KML's Bermuda Production alone (Request #3) includes approximately 66,000 documents. The information contains confidential information – including the names and addresses of the Funds' investors – that, pursuant to the subscription agreements, cannot be shared with non-affiliated third parties.

4

Restoring,[3] reviewing, and redacting of all of the documents responsive to the Trustee's Requests would prove a costly, burdensome, and likely unnecessary exercise.

Finally, the Trustee does not argue that he would suffer any prejudice by a stay in discovery. And, indeed, such an argument would be belied by his multi-year delay in seeking discovery.

Given the strength of the Extraterritoriality Motion and the lack of prejudice to the Trustee, there is good cause to stay costly and time-consuming discovery until the Court decides the Extraterritoriality Motion.

## II. Merits Discovery Cannot Proceed Unless and Until the Court Determines That it Has Personal Jurisdiction Over KML.

If the Court denies KML's Extraterritoriality Motion, KML intends to move to dismiss for lack of personal jurisdiction. The Extraterritoriality Order preserves KML's right to do so. *See* Extraterritoriality Order ¶¶ 12, 17. Merits discovery cannot proceed unless and until the Court determines that the Trustee has made the requisite jurisdictional showing. *See Hong Leong*, 297 F.R.D. at 72 ("[W]e have been mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack . . . jurisdiction."); s*ee also Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) ("A district court, however, must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45.20."); *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[U]ntil she has shown a reasonable basis for assuming jurisdiction, [plaintiff] is not entitled to any other discovery [besides jurisdictional discovery]").

---

[3] To save money, the documents the Trustee seeks have been electronically archived such that they are not accessible until they have been restored.

5

Pursuant to Bankruptcy Rule of Procedure 7004(f), a bankruptcy court may exercise personal jurisdiction over a defendant who has been properly served "[i]f the exercise of jurisdiction is consistent with the Constitution and laws of the United States." Fed. R. Bankr. P. 7004(f). The Due Process Clause of the Fifth Amendment requires that: (1) the defendant has sufficient "minimum contacts" with the United States; and (2) the exercise of jurisdiction is "reasonable" such that it would not offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 108–09, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *see also In re Bernard L. Madoff Inv. Sec. LLC,* 418 B.R. 75, 79–80 (Bankr. S.D.N.Y.2009).

As will be argued, KML has no contacts with the United States sufficient to support either general or specific jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760–62 (2014) (holding that, absent "exceptional" circumstances, a corporation is subject to general personal jurisdiction only where it is incorporated or has its principle place of business); *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.")(citations omitted). Merits discovery cannot proceed until after the Court determines whether the Trustee has made the requisite jurisdictional showing.

**III.   The Funds Should Not Be Obligated to Collect and Produce KML's Documents.**

   A.   <u>Bermuda Law Prohibits the Funds from Turning Over KML's Bermuda Production.</u>

KML's Bermuda Production was produced subject to Bermuda law's Implied Undertaking of Confidentiality, which prohibits the Funds from delivering the production to others and from using the documents for any purpose other than the Bermuda Action. As set

6

forth in the oppositions to the Motion filed by the Trust Defendants and the FIM Defendants, and the accompanying declaration of Bermuda law expert, Sarah-Jane Hurrion, the Implied Undertaking of Confidentiality is of critical importance in maintaining the confidentiality of the Bermuda discovery process. Despite the Trustee's argument to the contrary, this Court should respect the Implied Undertaking of Confidentiality as a matter of comity.

      B.      The Management Agreements Do Not Allow the Funds to Collect and Produce KML's Documents to the Trustee

The Management Agreements between the Funds and KML do not allow the Funds to collect documents from KML to turnover to the Trustee. The Trustee cites a provision in the Management Agreements that provides that "[u]pon termination," the Funds have the right to certain documents relating to the Funds' affairs. These provisions are not properly invoked here because the Funds did not terminate the Management Agreements. Further, as detailed in the opposition to the Trustee's Motion filed by the FIM Defendants, the provisions cited were never intended to permit a litigation adversary to sidestep discovery rules and procedures to obtain documents indirectly from KML.

## CONCLUSION

Commencing discovery at this time is inconsistent with both the Extraterritoriality Order and Judge Rakoff's Extraterritoriality Decision. Moreover, even if the Court were to deny KML's Extraterritoriality Motion, discovery cannot proceed unless and until the Court finds that KML is subject to the Court's jurisdiction. Therefore, the Court should deny the Trustee's Motion as to KML. The Court should also deny the Trustee's request that the Court order the Funds to collect and produce KML's documents to the Trustee. The Bermuda Productions are subject to the Implied Undertaking of Confidentiality, which prohibits the Funds from using the documents for any purpose outside the Bermuda Action. In addition, contrary to the Trustee's

7

argument, the Management Agreements do not allow the Trustee to sidestep controlling discovery rules and procedures to obtain KML's documents from the Funds.

Dated:     New York, New York
           May 20, 2016

              Respectfully submitted,

               /s/ Scott W. Reynolds
              Scott W. Reynolds
              Erin E. Valentine

              CHAFFETZ LINDSEY LLP
              1700 Broadway, 33rd Floor
              New York, NY 10019
              Tel. (212) 257-6960
              Fax (212) 257-6950
              Scott.Reynolds@chaffetzlindsey.com
              Erin.Valentine@chaffetzlindsey.com
              www.chaffetzlindsey.com

              *Attorneys for Defendant Kingate Management Limited*