# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

May 24, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Kissinger*, Adv. Pro. No. 10-04446 (SMB);
      *Picard v. Krauss*, Adv. Pro. No. 10-04489 (SMB);
      *Picard v. Dine*, Adv. Pro. No. 10-04491 (SMB);
      *Picard v. Hirsch*, Adv. Pro. No. 10-04740 (SMB);
      *Picard v. Ginsburg*, Adv. Pro. No. 10-04753 (SMB); and
      *Picard v. Kohl*, Adv. Pro. No. 10-04806 (SMB)

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write in response to Defendants' May 24, 2016 letter and proposed order that were submitted in the above-referenced adversary proceedings[1] in connection with the May 17, 2016 hearing before this Court.

    The Trustee objects to Defendants' mischaracterization of the rulings of this Court.  By requesting the Court's intervention on this issue, Defendants are once again creating unnecessary and duplicative litigation regarding the Trustee's Rule 45 bank subpoenas, which defense counsel has continually opposed since January 2016.

---

[1] On the afternoon of May 24, 2016, defense counsel filed a revised list of cases in which she requests that her proposed order apply.  Her earlier application on May 24 included six adversary proceedings and the revised version includes 102 adversary proceedings.  The Trustee objects to the inclusion of these additional 96 cases, as the instant disputes are not live in most of these cases and their procedural postures vary.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC

May 24, 2016
Page 2

As an initial matter, the Trustee respectfully submits that it is improper for Defendants to submit a proposed order that purports to create a bright-line rule of discovery, without regard for the individual facts and circumstances of each case, and without a proper motion on notice.[2]

Defense counsel has submitted affidavits of limited utility in three cases and has indicated that she plans to submit similar affidavits in additional cases. In *Picard v. RAR Entrepreneurial Fund Ltd.*, 10-04352 (SMB), defense counsel filed an affidavit signed by her client stating, "I stipulate the deposits and withdrawals from 2000 on as represented Exhibit B to the Complaint are accurate." (Ex. A.) In *Picard v. Krauss*, defense counsel provided an affidavit in which the defendant stated, "I acknowledge the accuracy of the deposits and withdrawals shown on Exhibit B to the compliant for the years 2005 on." (Ex. B.) Similarly, in *Picard v. Hirsch*, defense counsel submitted two affidavits which both state, "I acknowledge the accuracy of the deposits and withdrawals shown on Exhibit B to the complaint for the years 2005 on." (Ex. C.)

In each of the three cases mentioned above, the proposed affidavits are inadequate because they 1) do not cover the entire deposit and withdrawal history over the life of the account, 2) do not admit to receipt of the transfers, and 3) do nothing to obviate the need for the bank records given that each defendant has existing affirmative defenses, including setoff and taxes paid, which implicate and directly put in issue the Defendants' bank records.

The Court focused on this precise issue during the May 17, 2016 hearing, "[a]nd if you admitted that they were accurate, then that was it; he didn't need the records. But if you didn't admit that they were accurate or there was some issue relating to an affirmative defense, then he would need the records." (May 17, 2016 Hearing Tr. 49:6-10).

Therefore, the Trustee respectfully requests that the Court deny Defendants' proposed order and permit the Trustee to move to for costs and fees associated with re-litigating these same issues concerning bank subpoenas numerous times over the past several months.

The Securities Investor Protection Corporation ("SIPC") has authorized the Trustee to represent to the Court that SIPC joins in this letter.

---

[2] The Trustee requested that defense counsel withdraw her May 24, 2016 letter to the Court, but defense counsel refused.

300391344

May 24, 2016
Page 3

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs


cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022

Enclosures

300391344