Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 6, 2016

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:  Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.*

Adv. Pro. No. 10-04588 (SMB); *Irving H. Picard v. Amy Pinto Lome Revocable Trust U/A/D 5/22/03, et al.*

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write to request a conference with the Court, under Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, concerning a discovery dispute in the above adversary proceedings.

The Trustee intends to move for an order (1) compelling Defendants to fully respond to discovery and produce documents responsive to the Trustee's discovery requests, and (2) ruling that any objections to the Trustee's Interrogatories and Requests for Production are waived, under Federal Rules of Civil Procedure 33(b)(4) and 34.

On February 15, 2016, the Trustee served Requests for Admission on Defendants in both proceedings. On March 14, Defendants served responses (copies attached as Exhibit A (Adv. Pro. No. 10-04588) and Exhibit B (Adv. Pro. No. 10-04538)). On March 15 and March 22, we sent letters to defense counsel regarding deficiencies in the responses in Adv. Pro. Nos. 10-04588 and 10-04588, respectively

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Honorable Stuart M. Bernstein
June 6, 2016
Page 2

(copies attached as Exhibits C and D). Defendants limited their responses "only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008," making a number of their responses either improperly qualified or completely nonresponsive. Additionally, in Adv. Pro. No. 10-04538, Defendants improperly carved out a check they assert "may be outside the 2-year look-back" period. The Trustee is entitled to discover information relating to deposits into and withdrawals from each account at issue, over the life of the account. Our March 15 and March 22 letters asked Defendants to amend their responses by March 21 and March 29, in Adv. Pro. Nos. 10-04588 and 10-04538 respectively. Defendants have yet to do so.

On February 24, the Trustee served Interrogatories in both proceedings. Responses were due on March 28. On March 3, the Trustee served Requests for Production in both proceedings. Responses were due on April 7. Defendants did not respond to any of these requests. We sent letters to defense counsel on April 29 and May 25 (copies attached as Exhibit E), regarding Defendants' overdue discovery responses and failure to amend responses to the Trustee's Requests for Admission. We also spoke with defense counsel on May 19 and May 24 to attempt to resolve these deficiencies. Despite these numerous written and telephone conferrals, Defendants have not complied with their discovery obligations.

The Trustee respectfully requests a conference with the Court to resolve this discovery dispute. Such a conference will assist the Trustee in completing the discovery to which he is entitled, and will hopefully obviate the need for discovery-related motion practice.

Respectfully submitted,

 */s/ Nicholas J. Cremona*
Nicholas J. Cremona

Enclosures

cc: Robert M. McClay
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105
bob@mcclay-alton.com

Marvin C. Ingber
6705 Apache Road
Edina, Minnesota 55439-1001
mcingber@comcast.net