# EXHIBIT E

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

April 29, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
6705 Apache Road
Edina, Minnesota 55439-1001

Re:   Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.;* In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

This letter is another attempt to resolve discovery deficiencies, pursuant to Judge Bernstein's Chambers Rules and Rule 7007-1 of the Local Rules of the United States Bankruptcy Court of the Southern District of New York

Our March 22 letter notified you of certain deficiencies in Defendants' March 14, 2016 Responses to the Trustee's First Set of Requests for Admission. We asked you to amend Defendants' responses to correct these deficiencies by March 29, 2016. We have not received amended responses or any communication in response.

Additionally, Defendants' responses to the Trustee's First Sets of Interrogatories and Requests for Production of Documents were due on March 28, 2016 and April 7, 2016 respectively. Neither has been received. As a result, any objections to these discovery requests are waived under Rule 33(b)(4) and Rule 34 of the Federal Rules of Civil Procedure.

In responding to Trustee's Requests for Production, please comply with Defendants' obligation to obtain and produce all responsive documents that are in their control and/or available upon their request, including those maintained by third parties on their behalf.[1] Specifically, Trustee's

---

[1] *See Private Bank Minnesota v. Anderson*, 2014 WL 1344386, at *4 (Minn. App. April 7, 2014) (holding that "control does not require a party to have legal ownership or actual physical

Robert M. McClay
Marvin C. Ingber
April 29, 2016
Page 2

Requests for Production No. 29 to the James B. Pinto Revocable Trust and No. 33 to James B. Pinto requested "Documents Concerning the Accounts that are maintained by . . . Sidney Kaplan, identified in Your Initial Disclosures dated November 12, 2015, as [an] individual[] with knowledge . . . ." Requests for Production No. 30 to the James B. Pinto Revocable Trust and No. 34 to James B. Pinto requested "Documents Concerning any knowledge of or involvement with the Accounts by Sidney Kaplan . . . ." Mr. Kaplan's counsel has confirmed that he has responsive, non-privileged documents. We expect that documents maintained by Mr. Kaplan on Defendants' behalf will be included in Defendants' responses to the Trustee's discovery requests as required by the Rules.[2]

Before taking further action as provided for by Judge Bernstein's Chambers' Rules and by the Local Rules of the Bankruptcy Court, we are attempting to resolve these discovery issues. Please provide responses to the Trustee's Interrogatories and Requests for Production, amend Defendants' Responses to the Trustee's Requests for Admission, and produce documents by May 16, 2016.

If you would like to discuss these discovery issues, please call me or Rachel Smith at 713-646-1386.

Sincerely,

Dean D. Hunt

---

possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.").

[2] In our June 27, 2011 and July 21, 2014 preservation letters, we noted Defendants' legal duty to preserve, retain and protect all possibly relevant evidence, including those records in the possession, custody or control of third parties who maintain any documents on Defendants' behalf.

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

April 29, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
6705 Apache Road
Edina, Minnesota 55439-1001

Re:   Adv. Pro. No. 10-04588 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Amy Pinto Lome Revocable Trust U/A/D 5/22/03, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

This letter is another attempt to resolve discovery deficiencies, pursuant to Judge Bernstein's Chambers Rules and Rule 7007-1 of the Local Rules of the United States Bankruptcy Court of the Southern District of New York

Our March 15 letter notified you of certain deficiencies in Defendants' March 14, 2016 Responses to the Trustee's First Set of Requests for Admission. We asked you to amend Defendants' responses to correct these deficiencies by March 21, 2016. We have not received amended responses or any communication in response.

Additionally, Defendants' responses to the Trustee's First Sets of Interrogatories and Requests for Production of Documents were due on March 28, 2016 and April 7, 2016 respectively. Neither has been received. As a result, any objections to these discovery requests are waived under Rule 33(b)(4) and Rule 34 of the Federal Rules of Civil Procedure.

In responding to Trustee's Requests for Production, please comply with Defendants' obligation to obtain and produce all responsive documents that are in their control and/or available upon their request, including those maintained by third parties on their behalf.[1] Specifically, Trustee's

---

[1] *See Private Bank Minnesota v. Anderson*, 2014 WL 1344386, at *4 (Minn. App. April 7, 2014) (holding that "control does not require a party to have legal ownership or actual physical

Robert M. McClay
Marvin C. Ingber
April 29, 2016
Page 2

Requests for Production No. 29 to the Amy Pinto Lome Revocable Trust and Leonard D. Lome and No. 32 to Amy Pinto Lome requested "Documents Concerning the Accounts that are maintained by . . . Sidney Kaplan, identified in Your Initial Disclosures dated November 12, 2015, as [an] individual[] with knowledge . . . ." Requests for Production No. 30 to the Amy Pinto Lome Revocable Trust and Leonard D. Lome and No. 33 to Amy Pinto Lome requested "Documents Concerning any knowledge of or involvement with the Accounts by Sidney Kaplan . . . ." Mr. Kaplan's counsel has confirmed that he has responsive, non-privileged documents. We expect that documents maintained by Mr. Kaplan on Defendants' behalf will be included in Defendants' responses to the Trustee's discovery requests as required by the Rules.[2]

Before taking further action as provided for by Judge Bernstein's Chambers' Rules and by the Local Rules of the Bankruptcy Court, we are attempting to resolve these discovery issues. Please provide responses to the Trustee's Interrogatories and Requests for Production, amend Defendants' Responses to the Trustee's Requests for Admission, and produce documents by May 16, 2016.

If you would like to discuss these discovery issues, please call me or Rachel Smith at 713-646-1386.

Sincerely,

Dean D. Hunt

---

possession of the documents at issue; rather documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.").

[2] In our June 27, 2011 and July 21, 2014 preservation letters, we noted Defendants' legal duty to preserve, retain and protect all possibly relevant evidence, including those records in the possession, custody or control of third parties who maintain any documents on Defendants' behalf.

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX  77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

May 25, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
6705 Apache Road
Edina, Minnesota 55439-1001

Re:   Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.;* In the United States Bankruptcy Court for the Southern District of New York;

Adv. Pro. No. 10-04588 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Amy Pinto Lome Revocable Trust U/A/D 5/22/03, et al.;* In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

This letter is in follow up to telephone conferences on May 19 and May 24, 2016, in another attempt to resolve discovery deficiencies in the above-referenced matters, pursuant to Judge Bernstein's Chambers Rules and Rule 7007-1 of the Local Rules of the United States Bankruptcy Court of the Southern District of New York.

Our March 15 and 22, 2016 and April 29, 2016 letters notified you of certain deficiencies in Defendants' March 14, 2016 Responses to the Trustee's First Set of Requests for Admission. We asked you to amend Defendants' responses to correct these deficiencies by March 21, 2016 in Adv. Pro. No. 10-04588, and by March 29, 2016 in Adv. Pro. No. 10-04538. We have not received amended responses.

Additionally, as advised in our April 29, 2016 letters, Defendants' responses to the Trustee's First Sets of Interrogatories and Requests for Production of Documents were due on March 28, 2016 and April 7, 2016 respectively. Neither has been received. As a result, any objections to these discovery requests are waived under Rule 33(b)(4) and Rule 34 of the Federal Rules of Civil Procedure.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC

Robert M. McClay
Marvin C. Ingber
May 25, 2016
Page 2

Our April 29, 2016 letters requested that you ensure, in responding to Trustee's Requests for Production, compliance with Defendants' obligation to obtain and produce all responsive documents that are in their control and/or available upon their request, including those maintained by third parties on their behalf. As outlined in these letters, certain of the Trustee's Requests for Production specifically requested documents maintained by Sidney Kaplan.

Before taking further action as provided for by Judge Bernstein's Chambers' Rules and by the Local Rules of the Bankruptcy Court, we are attempting to resolve these discovery issues. As discussed, if you do not provide responses to the Trustee's Interrogatories and Requests for Production, amend Defendants' Responses to the Trustee's Requests for Admission, and produce documents by June 3, 2016, we will seek a discovery conference with the Bankruptcy Court on June 15, 2016, to resolve these deficiencies.

If you would like to discuss these discovery issues, please call me or Rachel Smith at 713-646-1386.

Sincerely,

Dean D. Hunt