# EXHIBIT A

# MCCLAY · ALTON, P.L.L.P

### ATTORNEYS

Robert M. McClay
Brian D. Alton*

*Also Licensed in Wisconsin

951 Grand Avenue
St. Paul, MN 55105
Fax: 651/290-2502
651/290-0301

March 14, 2016

**VIA U.S. MAIL & EMAIL**
Baker Hostetler LLP
Attn: Dean Hunt, Esq.
811 Main Street Suite 1100
Houston, TX 77002-6111

Re:    Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment
       Securities LLC v. Amy Pinto Lome Revocable Trust, U/A/D 05/22/03, et al.
       08-01789 (SMB)

### Adv. Pro. No. 10-04588  (SMB) [Amy Pinto Lome/Leonard D. Lome]

Dear Mr. Hunt:

Enclosed and hereby served upon you is the following:

1. Defendant Amy Pinto Lome's Response to Trustee's First Set of Requests for
   Admission;
2. Defendant Amy Pinto Lome Revocable Trust U/A/D 05/22/03 Response to
   Trustee's First Set of Requests for Admission;
3. Defendant Leonard D. Lome's Response to Trustee's First Set of Requests for
   Admission;
4. Certificate of Service.

By copy of this letter, Marc E. Hirschfield, Farrell Hochmuth and Kevin H. Bell are also
served.

Very truly yours,

Robert M. McClay
bob@mcclay-alton.com

RMM:jf

Encs.

cc:    Amy Pinto Lome and Leonard D. Lome via email w/ encs.

Marc E. Hirschfield, Esq. Baker & Hostetler LLP, via U.S. Mail & email w/ encs.
Kevin H. Bell, Esq. SIPC, via email w/ encs.
Farrell Hochmuth, Esq. via U.S. Mail & email w/ encs.
Jody E. Schechter, Esq. Baker & Hostetler LLP, via email w/ encs.
Rachel M. Smith, Esq. Baker & Hostetler LLP, via email w/ encs.
Marvin C. Ingber, via email w/ encs.

*McClay●Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No.08-01789 (SMB) |
| Plaintiff-Appellant, | |
| v. | SIPA LIQUIDATION |
| | (Substantially Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In Re: | |
| BERNARD L MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04588 (SMB) |

1

Plaintiff,

v.

AMY PINTO LOME REVOCABLE TRUST,
U/A/D 5/22/03; AMY PINTO LOME,
individually and in her capacity as Grantor
and Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03; and LEONARD D. LOME,
in his capacity as Trustee for the Amy Pinto
Lome Revocable Trust u/a/d 5/22/03,

Defendants.

## DEFENDANT AMY PINTO LOME'S RESPONSE TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant Amy Pinto Lome, by and through the undersigned, gives the following for Defendant's Response to Trustee's First Set of Requests for Admission[1]:

1.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

RESPONSE:       Admit.[2]

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

RESPONSE:       Admit. *(See footnote 2)*.

3.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

---

[1] Defendant's Responses to Trustee's First Set of Requests for Admission are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits her Response to this Request for Admission only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

RESPONSE:        Admit. *(See footnote 2).*

4.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the
withdrawals from the Account.

RESPONSE:        Admit. *(See footnote 2).*

5.      Admit that, over the life of the Account, $1,758,546 was withdrawn from
the Account.

RESPONSE:        See footnote 2.

6.      Admit that, of the $1,758,546 that was withdrawn from the Account,
none consisted of principal.

RESPONSE:        See footnote 2.

7.      Admit that, of the $1,758,546 withdrawn from the Account, $1,758,546 was
in excess of principal.

RESPONSE:        See footnote 2.

8.      Admit that, $1,758,546 more was withdrawn from the Account than
was deposited into the Account.

RESPONSE:        See footnote 2.

9.      Admit that between December 11, 2006 and December 11, 2008, $680,000
in excess of principal was withdrawn from the Account.

RESPONSE:        Admit.

10.      Admit that BLMIS made all Transfers to the Trust between December 11,
2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

RESPONSE:        Deny.

11.      Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

3

RESPONSE:        Deny.

12.      Admit that the customer statements the Trust received from BLMIS reflect the withdrawals the Trust made from the Account.

RESPONSE:        Admit. *(See footnote 2)*.

13.      Admit that each withdrawal from the Account was authorized by You, on behalf of the Trust.

RESPONSE:        Admit. *(See footnote 2)*.

14.      Admit that each withdrawal from the Account was authorized by Defendant Leonard D. Lome, on behalf of the Trust.

RESPONSE:        Admit. *(See footnote 2)*.

15.      Admit that from December 2003 to December 2008, the Trust made zero (0) cash deposits into the Account.

RESPONSE:        See footnote 2.

16.      Admit that from December 2003 to December 2008, the Trust made nineteen (19) withdrawals from the Account totaling $1,758,546.

RESPONSE:        See footnote 2.

17.      Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint was made payable to the Trust.

RESPONSE:        Admit. *(See footnote 2)*.

18.      Admit that You are a trustee of the Trust.

RESPONSE:        Admit.

19.      Admit that Defendant Leonard D. Lome is a trustee of the Trust.

RESPONSE:        Admit.

4

20.    Admit that You are a beneficiary of the Trust.

RESPONSE:        Admit.

21.    Admit that You received distributions from the Trust during the Applicable Period.

RESPONSE:        Admit. *(See footnote 2).*

22.    Admit that funds withdrawn from the Account were for Your benefit.

RESPONSE:        Admit.

23.    Admit that funds withdrawn from the Account were for distributions to You, individually, from the Trust.

RESPONSE:        Admit.

24.    Admit that You received funds from the Trust between December 11, 2006 and the present.

RESPONSE:        Admit. *(See footnote 2).*

25.    Admit that You received funds from the Account, directly or indirectly, between December 11, 2006 and the present.

RESPONSE:        Admit. *(See footnote 2).*

26.    Admit that You received Subsequent Transfers that were initially Transferred by BLMIS to the Trust.

RESPONSE:        Admit. *(See footnote 2).*

27.    Admit that You received any part of any of the withdrawals set forth in Column 5 of Exhibit B to the Complaint.

RESPONSE:        Admit. *(See footnote 2).*

28.    Admit that attached to customer claim numbers 012189, 012835, and 012852 are

5

true and correct copies of pages from BLMIS monthly customer statements for the Account, received by Sidney Kaplan of Parsinen Kaplan Rosberg from BLMIS.

    RESPONSE:    Deny.

29.    Admit that attached to customer claim numbers 012189, 012835, and 012852 is a true and correct copy of a BLMIS monthly customer statement for the Account for the period ending February 29, 2004, received by the Trust from BLMIS.

    RESPONSE:    Deny.

30.    Admit that attached to customer claim numbers 012189, 012835, and 012852 is a true and correct copy of a Certificate of Trust by Grantor relating to the Trust.

    RESPONSE:    Deny.

Dated: March 14, 2016

Respectfully submitted,

Robert M. McClay #69620
McClay•Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

6

*McClay●Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No.08-01789 (SMB) |
| Plaintiff-Appellant, | |
| v. | SIPA LIQUIDATION |
| | (Substantially Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In Re: | |
| BERNARD L MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04588 (SMB) |

1

Plaintiff,

v.

AMY PINTO LOME REVOCABLE TRUST,
U/A/D 5/22/03; AMY PINTO LOME,
individually and in her capacity as Grantor
and Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03; and LEONARD D. LOME,
in his capacity as Trustee for the Amy Pinto
Lome Revocable Trust u/a/d 5/22/03,

Defendants.

## DEFENDANT AMY PINTO LOME REVOCABLE TRUST U/A/D 5/22/03 RESPONSE TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant Amy Pinto Lome Revocable Trust U/A/D 5/22/03, by and through the undersigned, gives the following for Defendant's Response to Trustee's First Set of Requests for Admission[1]:

1.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

RESPONSE:        Admit.[2]

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

RESPONSE:        Admit. *(See footnote 2)*.

3.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects

---

[1] Defendant's Responses to Trustee's First Set of Requests for Admission are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits its Response to this Request for Admission only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

2

the deposits made into the Account.

      RESPONSE:      Admit. *(See footnote 2)*.

4.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

      RESPONSE:      Admit. *(See footnote 2)*.

5.      Admit that, over the life of the Account, $1,758,546 was withdrawn from the Account.

      RESPONSE:      See footnote 2.

6.      Admit that, of the $1,758,546 that was withdrawn from the Account, none consisted of principal.

      RESPONSE:      See footnote 2.

7.      Admit that, of the $1,758,546 withdrawn from the Account, $1,758,546 was in excess of principal.

      RESPONSE:      See footnote 2.

8.      Admit that, $1,758,546 more was withdrawn from the Account than was deposited into the Account.

      RESPONSE:      See footnote 2.

9.      Admit that between December 11, 2006 and December 11, 2008, $680,000 in excess of principal was withdrawn from the Account.

      RESPONSE:      Admit.

10.      Admit that BLMIS made all Transfers to the Trust between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

      RESPONSE:      Deny.

11.    Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

RESPONSE:        Deny.

12.    Admit that the customer statements the Trust received from BLMIS reflect
the withdrawals the Trust made from the Account.

RESPONSE:        Admit. *(See footnote 2)*.

13.    Admit that each withdrawal from the Account was authorized by Defendant
Amy Pinto Lome, on behalf of the Trust.

RESPONSE:        Admit. *(See footnote 2)*.

14.    Admit that each withdrawal from the Account was authorized by
Defendant Leonard D. Lome, on behalf of the Trust.

RESPONSE:        Admit. *(See footnote 2)*.

15.    Admit that from December 2003 to December 2008, the Trust made zero (0)
cash deposits into the Account.

RESPONSE:        See footnote 2.

16.    Admit that from December 2003 to December 2008, the Trust made nineteen
(19) withdrawals from the Account totaling $1,758,546.

RESPONSE:        See footnote 2.

17.    Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint
was made payable to the Trust.

RESPONSE:        Admit. *(See footnote 2)*.

18.    Admit that Defendants Amy Pinto Lome and Leonard D. Lome are trustees of
the Trust.

RESPONSE:        Admit.

4

19.     Admit that Defendant Amy Pinto Lome is a beneficiary of the Trust.

RESPONSE:          Admit.

20.     Admit that Defendant Amy Pinto Lome received distributions from the
Trust during the Applicable Period.

RESPONSE:          Admit. *(See footnote 2)*.

21.     Admit that funds withdrawn from the Account were for Defendant Amy Pinto
Lome's benefit.

RESPONSE:          Admit.

22.     Admit that funds withdrawn from the Account were for distributions to
Defendant Amy Pinto Lome from the Trust.

RESPONSE:          Admit.

23.     Admit that Defendant Amy Pinto Lome received funds from the Trust between
December 11, 2006 and the present.

RESPONSE:          Admit. *(See footnote 2)*.

24.     Admit that Defendant Amy Pinto Lome received funds from the Account,
directly or indirectly, between December 11, 2006 and the present.

RESPONSE:          Admit. *(See footnote 2)*.

25.     Admit that Defendant Amy Pinto Lome received Subsequent Transfers that were
initially Transferred by BLMIS to the Trust.

RESPONSE:          Admit. *(See footnote 2)*.

26.     Admit that Defendant Amy Pinto Lome received any part of any of the
withdrawals set forth in Column 5 of Exhibit B to the Complaint.

RESPONSE:          Admit. *(See footnote 2)*.

27.    Admit that attached to customer claim numbers 012189, 012835, and 012852 are true and correct copies of pages from BLMIS monthly customer statements for the Account, received by Sidney Kaplan of Parsinen Kaplan Rosberg from BLMIS.

RESPONSE:    Deny.

28.    Admit that attached to customer claim numbers 012189, 012835, and 012852 is a true and correct copy of a BLMIS monthly customer statement for the Account for the period ending February 29, 2004, received by the Trust from BLMIS.

RESPONSE:    Deny.

29.    Admit that attached to customer claim numbers 012189, 012835, and 012852 is a true and correct copy of a Certificate of Trust by Grantor relating to the Trust.

RESPONSE:    Deny.

Dated: March 14, 2016

Respectfully submitted,

Robert M. McClay #69620
McClay•Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

6

*McClay●Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No.08-01789 (SMB) |
| Plaintiff-Appellant, | |
| | SIPA LIQUIDATION |
| v. | |
| | (Substantially Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In Re: | |
| BERNARD L MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04588 (SMB) |

1

Plaintiff,

v.

AMY PINTO LOME REVOCABLE TRUST,
U/A/D 5/22/03; AMY PINTO LOME,
individually and in her capacity as Grantor
and Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03; and LEONARD D. LOME,
in his capacity as Trustee for the Amy Pinto
Lome Revocable Trust u/a/d 5/22/03,

Defendants.

## DEFENDANT LEONARD D. LOME'S RESPONSE TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant Leonard D. Lome, by and through the undersigned, gives the following for Defendant's Response to Trustee's First Set of Requests for Admission[1]:

1.     Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

RESPONSE:     Admit.[2]

2.     Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

RESPONSE:     Admit. *(See footnote 2)*.

3.     Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

---

[1] Defendant's Responses to Trustee's First Set of Requests for Admission are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits his Response to this Request for Admission only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

2

RESPONSE:        Admit. *(See footnote 2)*.

4.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

RESPONSE:        Admit. *(See footnote 2)*.

5.      Admit that, over the life of the Account, $1,758,546 was withdrawn from the Account.

RESPONSE:        See footnote 2.

6.      Admit that, of the $1,758,546 that was withdrawn from the Account, none consisted of principal.

RESPONSE:        See footnote 2.

7.      Admit that, of the $1,758,546 withdrawn from the Account, $1,758,546 was in excess of principal.

RESPONSE:        See footnote 2.

8.      Admit that, $1,758,546 more was withdrawn from the Account than was deposited into the Account.

RESPONSE:        See footnote 2.

9.      Admit that between December 11, 2006 and December 11, 2008, $680,000 in excess of principal was withdrawn from the Account.

RESPONSE:        Admit.

10.      Admit that BLMIS made all Transfers to the Trust between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

RESPONSE:        Deny.

11.      Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

3

RESPONSE:        Deny.

12.    Admit that the customer statements the Trust received from BLMIS reflect the withdrawals the Trust made from the Account.

RESPONSE:        Admit. *(See footnote 2).*

13.    Admit that each withdrawal from the Account was authorized by Defendant Amy Pinto Lome, on behalf of the Trust.

RESPONSE:        Admit. *(See footnote 2).*

14.    Admit that each withdrawal from the Account was authorized by You, on behalf of the Trust.

RESPONSE:        Admit. *(See footnote 2).*

15.    Admit that from December 2003 to December 2008, the Trust made zero (0) cash deposits into the Account.

RESPONSE:        See footnote 2.

16.    Admit that from December 2003 to December 2008, the Trust made nineteen (19) withdrawals from the Account totaling $1,758,546.

RESPONSE:        See footnote 2.

17.    Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint was made payable to the Trust.

RESPONSE:        Admit. *(See footnote 2).*

18.    Admit that you and Defendant Amy Pinto Lome are trustees of the Trust.

RESPONSE:        Admit.

19.    Admit that Defendant Amy Pinto Lome is a beneficiary of the Trust.

RESPONSE:        Admit.

4

20.     Admit that Defendant Amy Pinto Lome received distributions from the Trust during the Applicable Period.

RESPONSE:          Admit. *(See footnote 2).*

21.     Admit that funds withdrawn from the Account were for Defendant Amy Pinto Lome's benefit.

RESPONSE:          Admit.

22.     Admit that funds withdrawn from the Account were for distributions to Defendant Amy Pinto Lome from the Trust.

RESPONSE:          Admit.

23.     Admit that Defendant Amy Pinto Lome received funds from the Trust between December 11, 2006 and the present.

RESPONSE:          Admit. *(See footnote 2).*

24.     Admit that Defendant Amy Pinto Lome received funds from the Account, directly or indirectly, between December 11, 2006 and the present.

RESPONSE:          Admit. *(See footnote 2).*

25.     Admit that Defendant Amy Pinto Lome received Subsequent Transfers that were initially Transferred by BLMIS to the Trust.

RESPONSE:          Admit. *(See footnote 2).*

26.     Admit that Defendant Amy Pinto Lome received any part of any of the withdrawals set forth in Column 5 of Exhibit B to the Complaint.

RESPONSE:          Admit. *(See footnote 2).*

27.     Admit that attached to customer claim numbers 012189, 012835, and 012852 are true and correct copies of pages from BLMIS monthly customer statements for the Account,

received by Sidney Kaplan of Parsinen Kaplan Rosberg from BLMIS.

     RESPONSE:     Deny.

     28.     Admit that attached to customer claim numbers 012189, 012835, and 012852 is a true and correct copy of a BLMIS monthly customer statement for the Account for the period ending February 29, 2004, received by the Trust from BLMIS.

     RESPONSE:     Deny.

     29.     Admit that attached to customer claim numbers 012189, 012835, and 012852 is a true and correct copy of a Certificate of Trust by Grantor relating to the Trust.

     RESPONSE:     Deny.

Dated: March 14, 2016

                             Respectfully submitted,

                             Robert M. McClay #69620
                             McClay•Alton, P.L.L.P.
                             951 Grand Avenue
                             St. Paul, Minnesota 55105
                             Telephone: 651-290-0301
                             Fax: 651-290-2502
                             Email: law@mcclay-alton.com

6

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>        Debtor. | |

1

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

Plaintiff,

v.

AMY PINTO LOME REVOCABLE TRUST,
U/A/D 5/22/03; AMY PINTO LOME,
individually and in her capacity as Grantor
and Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03; and LEONARD D. LOME,
in his capacity as Trustee for the Amy Pinto
Lome Revocable Trust u/a/d 5/22/03,

Defendants.

Adv. Pro. No. 10-04588 (SMB)

## CERTIFICATE OF SERVICE

1.  The undersigned hereby certifies that a hard copy of the foregoing:

    1.  Defendant Amy Pinto Lome's Response to Trustee's First Set of Requests for Admission;
    2.  Defendant Amy Pinto Lome Revocable Trust U/A/D 05/22/03 Response to Trustee's First Set of Requests for Admission; and,
    3.  Defendant Leonard D. Lome's Response to Trustee's First Set of Requests for Admission;

was served by regular U.S. mail, postage prepaid, upon:

> BAKER & HOSTETLER LLP
> Marc E. Hirschfield, Esq.
> 45 Rockefeller Plaza
> New York, NY 10111
>
> BAKER & HOSTETLER LLP
> Dean Hunt, Esq.
> Farrell A. Hochmuth, Esq.
> 811 Main Street Suite 1100
> Houston, TX 77002-6111

with courtesy copies by email to:

| | |
|---|---|
| General service email | Trustee@MadoffLitigation.com |
| Dean Hunt, Esq. | dhunt@bakerlaw.com |
| Marc E. Hirschfield, Esq. | bhaa@bakerlaw.com |
| Farrell A. Hochmuth, Esq. | fhochmuth@bakerlaw.com |

Jody E. Schechter, Esq.          jschechter@bakerlaw.com
Rachel M. Smith, Esq.            rsmith@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff, and,*

2. Per Order Establishing Notice Procedures and Limiting Notice for Avoidance Actions dated
   December 5, 2011, Exhibit 1(I)(a), individuals who have filed a Notice of Appearance
   containing an email address have consented to electronic service. A copy of the foregoing
   has been emailed to and thereby served upon Kevin H. Bell, Esq. on behalf of Plaintiff,
   Securities Investor Protection Corporation, who has made an appearance in this adversary
   proceeding at his email address of kbell@sipc.org.

this 14th day of March, 2016.

Robert M. McClay #69620
McClay•Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

3