# EXHIBIT B

## McCLAY · ALTON, P.L.L.P
### ATTORNEYS

Robert M. McClay
Brian D. Alton*

*Also Licensed in Wisconsin

951 Grand Avenue
St. Paul, MN 55105
Fax: 651/290-2502
651/290-0301

March 14, 2016

**VIA U.S. MAIL & EMAIL**
Baker Hostetler LLP
Attn: Dean Hunt, Esq.
811 Main Street Suite 1100
Houston, TX 77002-6111

Re: Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. James B. Pinto Revocable Trust U/A DTD 12/1/03, et al. 08-01789 (SMB)

**Adv. Pro. No. 10-04538 (SMB) [James B. Pinto]**

Dear Mr. Hunt:

Enclosed and hereby served upon you is the following:

1. Defendant James B. Pinto's Response to Trustee's First Set of Requests for Admission;
2. Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03 Response to Trustee's First Set of Requests for Admission; and,
3. Certificate of Service.

By copy of this letter, Marc E. Hirschfield, Geraldine Ponto, Farrell Hochmuth and Kevin H. Bell are also served.

Very truly yours,

Robert M. McClay
bob@mcclay-alton.com

RMM:jf

Encs.

cc: James B. Pinto via email w/ encs.
Marc E. Hirschfield, Esq. Baker & Hostetler LLP, via U.S. Mail & email w/ encs.
Geraldine Ponto, Esq. Baker & Hostetler LLP, via U.S. Mail & email w/ encs.

Kevin H. Bell, Esq. SIPC, via email w/ encs.
Farrell Hochmuth, Esq. via U.S. Mail & email w/ encs.
Jody E. Schechter, Esq. Baker & Hostetler LLP, via email w/ encs.
Rachel M. Smith, Esq. Baker & Hostetler LLP, via email w/ encs.
Marvin C. Ingber, via email w/ encs.

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*JAMES B. PINTO REVOCABLE TRUST U/A*
*DTD 12/1/03; and JAMES B. PINTO, individually*
*and in his capacity as Grantor and Trustee for the*
*James B. Pinto Revocable Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff, | Adv. Pro. No. 10-04538 (SMB) |

1

v.

JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust,

Defendants.

### DEFENDANT JAMES B. PINTO'S RESPONSE TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant James B. Pinto, by and through the undersigned, gives the following for Defendant's Response to Trustee's First Set of Requests for Admission[1]:

1. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

    RESPONSE:    Admit.[2,3]

2. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

    RESPONSE:    Admit. *(See footnote 2 and footnote 3)*.

3. Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

    RESPONSE:    Admit. *(See footnote 2)*.

4. Admit that Column 5 of Exhibit B to the Complaint accurately reflects the

---

[1] Defendant's Responses to Trustee's First Set of Requests for Admission are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM456 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM456-3; 1-EM456-3-0; 1EM456-30; 1-EM456-4-0 and 1EM456 30/40.

[2] Defendant limits his Response to this Request for Admission only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

[3] Defendant limits his Response to this Request for Admission to $752,000 ($827,000 less the $75,000 check dated December 8, 2006 which may be outside the 2-year look-back of December 11, 2006 through December 11, 2008).

2

withdrawals from the Account.

    RESPONSE:    Admit. *(See footnote 2 and footnote 3).*

5.    Admit that, over the life of the Account, $2,026,750 was withdrawn from the Account.

    RESPONSE:    See footnote 2.

6.    Admit that the Trust received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

    RESPONSE:    Admit. *(See footnote 2 and footnote 3).*

7.    Admit that You received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

    RESPONSE:    Admit. *(See footnote 2 and footnote 3).*

8.    Admit that, of the $2,026,750 that was withdrawn from the Account, none consisted of principal.

    RESPONSE:    Admit. *(See footnote 2).*

9.    Admit that, of the $2,026,750 withdrawn from the account, $2,026,750 was in excess of principal.

    RESPONSE:    Admit. *(See footnote 2).*

10.    Admit that $2,026,750 more was withdrawn from the Account than was deposited into the Account.

    RESPONSE:    Admit. *(See footnote 2).*

11.    Admit that between December 11, 2006 and December 11, 2008, $827,000 in excess of principal was withdrawn from the Account.

    RESPONSE:    Deny. *(See footnote 3).*

3

12. Admit that between December 11, 2006 and December 11, 2008, the Trust received the $827,000 in excess of principal that was withdrawn from the Account.

RESPONSE: Deny. *(See footnote 3)*.

13. Admit that between December 11, 2006 and December 11, 2008, You received the $827,000 in excess of principal that was withdrawn from the Account.

RESPONSE: Deny. *(See footnote 3)*.

14. Admit that BLMIS made all Transfers to the Trust between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

RESPONSE: Deny.

15. Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

RESPONSE: Deny.

16. Admit that the customer statements the Trust received from BLMIS reflect the withdrawals the Trust made from the Account.

RESPONSE: Admit[4]. *(See footnote 2)*.

17. Admit that each withdrawal from the Account was made by You, on behalf of the Trust.

RESPONSE: Admit. *(See footnote 2)*.

18. Admit that from December 2003 to December 2008, the Trust made zero (0) cash deposits into the Account.

RESPONSE: See footnote 2.

19. Admit that from December 2003 to December 2008, the Trust made forty-one (41) withdrawals from the Account totaling $2,026,750.

---

[4] Defendant limits his Response to this Request for Admission to statements provided by the Trustee for the 2-year look-back period. The Trustee did not provide the December 2008 customer statement for check dated December 3, 2008 in the amount of $20,000.

4

    RESPONSE:    See footnote 2.

20. Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint went to one or more bank or brokerage accounts held by You or the Trust.

    RESPONSE:    Admit. *(See footnote 2)*.

21. Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint was deposited into one or more bank accounts held at Bank of America, Wachovia Securities, LLC, First Clearing LLC, Bank of New York, or Sanford C. Bernstein & Co., LLC.

    RESPONSE:    Admit. *(See footnote 2)*.

22. Admit that You are a trustee of the Trust.

    RESPONSE:    Admit.

23. Admit that You are a beneficiary of the Trust.

    RESPONSE:    Admit.

24. Admit that You received distributions from the Trust during the Applicable Period.

    RESPONSE:    Admit. *(See footnote 2)*.

25. Admit that all funds withdrawn from the Account were for Your benefit.

    RESPONSE:    Admit.

26. Admit that funds withdrawn from the Account were for distributions to You, individually, from the Trust.

    RESPONSE:    Admit.

27. Admit that You received funds from the Trust between December 11, 2006 and the present.

    RESPONSE:    Admit. *(See footnote 2 and footnote 3)*.

28. Admit that You received funds from the Account, directly or indirectly, between December 11, 2006 and the present.

RESPONSE: Admit. *(See footnote 2 and footnote 3).*

29. Admit that You received Subsequent Transfers that were initially Transferred by BLMIS to the Trust.

RESPONSE: Admit. *(See footnote 2).*

30. Admit that You received any part of any of the withdrawals set forth in Column 5 of Exhibit B to the Complaint.

RESPONSE: Admit. *(See footnote 2).*

31. Admit that attached to customer claim numbers 012050, 012836, and 012846 are true and correct copies of pages from BLMIS monthly customer statements for the Account, received by Sidney Kaplan of Parsinen Kaplan Rosberg from BLMIS.

RESPONSE: Deny.

32. Admit that attached to customer claim numbers 012050, 012836, and 012846 is a true and correct copy of a BLMIS monthly customer statement for the Account for the period ending February 29, 2004, received by the Trust from BLMIS.

RESPONSE: Deny.

33. Admit that attached to customer claim numbers 012050, 012836, and 012846 is a true and correct copy of a Certificate of Trust by Grantor relating to the Trust.

RESPONSE: Deny.

Dated: March 14, 2016

Respectfully submitted,

Robert M. McClay #69620
McClay•Alton, P.L.L.P.

6

951 Grand Avenue
St. Paul, Minnesota 55105
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff, | Adv. Pro. No. 10-04538 (SMB) |

> v.
>
> JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust,
>
> Defendants.

**DEFENDANT JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03 RESPONSE TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03, by and through the undersigned, gives the following for Defendant's Response to Trustee's First Set of Requests for Admission[1]:

1.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

    RESPONSE:    Admit.[2,3]

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

    RESPONSE:    Admit. *(See footnote 2 and footnote 3)*.

3.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

    RESPONSE:    Admit. *(See footnote 2)*.

---

[1] Defendant's Responses to Trustee's First Set of Requests for Admission are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM456 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM456-3; 1-EM456-3-0; 1EM456-30; 1-EM456-4-0 and 1EM456 30/40.

[2] Defendant limits its Response to this Request for Admission only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

[3] Defendant limits its Response to this Request for Admission to $752,000 ($827,000 less the $75,000 check dated December 8, 2006 which may be outside the 2-year look-back of December 11, 2006 through December 11, 2008).

2

4. Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

RESPONSE: Admit. *(See footnote 2 and footnote 3).*

5. Admit that, over the life of the Account, $2,026,750 was withdrawn from the Account.

RESPONSE: See footnote 2.

6. Admit that the Trust received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

RESPONSE: Admit. *(See footnote 2 and footnote 3).*

7. Admit that, of the $2,026,750 that was withdrawn from the Account, none consisted of principal.

RESPONSE: Admit. *(See footnote 2).*

8. Admit that, of the $2,026,750 withdrawn from the account, $2,026,750 was in excess of principal.

RESPONSE: Admit. *(See footnote 2).*

9. Admit that $2,026,750 more was withdrawn from the Account than was deposited into the Account.

RESPONSE: Admit. *(See footnote 2).*

10. Admit that between December 11, 2006 and December 11, 2008, $827,000 in excess of principal was withdrawn from the Account.

RESPONSE: Deny. *(See footnote 3).*

11. Admit that between December 11, 2006 and December 11, 2008, the Trust received the $827,000 in excess of principal that was withdrawn from the Account.

3

   RESPONSE:  Deny. *(See footnote 3)*.

12. Admit that BLMIS made all Transfers to the Trust between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

   RESPONSE:  Deny.

13. Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

   RESPONSE:  Deny.

14. Admit that the customer statements the Trust received from BLMIS reflect the withdrawals the Trust made from the Account.

   RESPONSE:  Admit[4]. *(See footnote 2)*.

15. Admit that each withdrawal from the Account was made by Defendant James B. Pinto, on behalf of the Trust.

   RESPONSE:  Admit. *(See footnote 2)*.

16. Admit that from December 2003 to December 2008, the Trust made zero (0) cash deposits into the Account.

   RESPONSE:  See footnote 2.

17. Admit that from December 2003 to December 2008, the Trust made forty-one (41) withdrawals from the Account totaling $2,026,750.

   RESPONSE:  See footnote 2.

18. Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint went to one or more bank or brokerage accounts held by the Trust or Defendant James B. Pinto.

   RESPONSE:  Admit. *(See footnote 2)*.

19. Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint

---

[4] Defendant limits its Response to this Request for Admission to statements provided by the Trustee for the 2-year look-back period. The Trustee did not provide the December 2008 customer statement for check dated December 3, 2008 in the amount of $20,000.

4

was deposited into one or more bank accounts held at Bank of America, Wachovia Securities, LLC, First Clearing LLC, Bank of New York, or Sanford C. Bernstein & Co., LLC.

RESPONSE:    Admit. *(See footnote 2)*.

20.   Admit that Defendant James B. Pinto is a trustee of the Trust.

RESPONSE:    Admit.

21.   Admit that Defendant James B. Pinto is a beneficiary of the Trust.

RESPONSE:    Admit.

22.   Admit that Defendant James B. Pinto received distributions from the Trust during the Applicable Period.

RESPONSE:    Admit. *(See footnote 2)*.

23.   Admit that all funds withdrawn from the Account were for Defendant James B. Pinto's benefit.

RESPONSE:    Admit.

24.   Admit that funds withdrawn from the Account were for distributions to Defendant James Pinto from the Trust.

RESPONSE:    Admit.

25.   Admit that Defendant James B. Pinto received funds from the Trust between December 11, 2006 and the present.

RESPONSE:    Admit. *(See footnote 2 and footnote 3)*.

26.   Admit that Defendant James B. Pinto received funds from the Account, directly or indirectly, between December 11, 2006 and the present.

RESPONSE:    Admit. *(See footnote 2 and footnote 3)*.

27.   Admit that Defendant James B. Pinto received Subsequent Transfers that were

5

initially transferred by BLMIS to the Trust.

  RESPONSE:  Admit. *(See footnote 2).*

28. Admit that Defendant James B. Pinto received any part of any of the withdrawals set forth in Column 5 of Exhibit B to the Complaint.

  RESPONSE:  Admit. *(See footnote 2).*

29. Admit that attached to customer claim numbers 012050, 012836, and 012846 are true and correct copies of pages from BLMIS monthly customer statements for the Account, received by Sidney Kaplan of Parsinen Kaplan Rosberg from BLMIS.

  RESPONSE:  Deny.

30. Admit that attached to customer claim numbers 012050, 012836, and 012846 is a true and correct copy of a BLMIS monthly customer statement for the Account for the period ending February 29, 2004, received by the Trust from BLMIS.

  RESPONSE:  Deny.

31. Admit that attached to customer claim numbers 012050, 012836, and 012846 is a true and correct copy of a Certificate of Trust by Grantor relating to the Trust.

  RESPONSE:  Deny.

Dated: March 14, 2016

           Respectfully submitted,

           Robert M. McClay #69620
           McClay•Alton, P.L.L.P.
           951 Grand Avenue
           St. Paul, Minnesota 55105
           Telephone: 651-290-0301
           Fax: 651-290-2502
           Email: law@mcclay-alton.com

McClay•Alton, P.L.L.P.
Robert M. McClay #69620
(Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

Marvin C. Ingber #0048859
(Pro Hac Vice)
Attorney and Counselor at Law
6705 Apache Road
Edina, Minnesota 55439-1001
Telephone: 612-327-8378
Email: mcingber@comcast.net

Attorneys for Defendants:
JAMES B. PINTO REVOCABLE TRUST U/A
DTD 12/1/03; and JAMES B. PINTO, individually
and in his capacity as Grantor and Trustee for the
James B. Pinto Revocable Trust

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff, | Adv. Pro. No. 10-04538 (SMB) |

1

v.

JAMES B. PINTO REVOCABLE TRUST U/A
DTD 12/1/03; and JAMES B. PINTO, individually
and in his capacity as Grantor and Trustee for the
James B. Pinto Revocable Trust,

Defendants.

## CERTIFICATE OF SERVICE

1. The undersigned hereby certifies that a hard copy of the foregoing:

    1. Defendant James B. Pinto's Response to Trustee's First Set of Requests for Admission; and,
    2. Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03 Response to Trustee's First Set of Requests for Admission;

was served by regular U.S. mail, postage prepaid, upon:

>BAKER & HOSTETLER LLP
>Marc E. Hirschfield, Esq.
>Geraldine Ponto, Esq.
>45 Rockefeller Plaza
>New York, NY 10111
>
>BAKER & HOSTETLER LLP
>Dean Hunt, Esq.
>Farrell A. Hochmuth, Esq.
>811 Main Street Suite 1100
>Houston, TX 77002-6111

with courtesy copies by email to:

| | |
|---|---|
| General service email | Trustee@MadoffLitigation.com |
| Dean Hunt, Esq. | dhunt@bakerlaw.com |
| Marc E. Hirschfield, Esq. | bhaa@bakerlaw.com |
| Geraldine Ponto, Esq. | bhaa@bakerlaw.com |
| Farrell A. Hochmuth, Esq. | fhochmuth@bakerlaw.com |
| Jody E. Schechter, Esq. | jschechter@bakerlaw.com |
| Rachel M. Smith, Esq. | rsmith@bakerlaw.com |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff, and,*

2. Per Order Establishing Notice Procedures and Limiting Notice for Avoidance Actions dated December 5, 2011, Exhibit 1(I)(a), individuals who have filed a Notice of Appearance containing an email address have consented to electronic service. A copy of the foregoing has been emailed to and thereby served upon Kevin H. Bell, Esq. on behalf of Plaintiff, Securities Investor Protection Corporation, who has made an appearance in this adversary proceeding at his email address of kbell@sipc.org.

this 14th day of March, 2016.

Robert M. McClay #69620
McClay•Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com