**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW H. COHEN,<br><br>Defendant. | Adv. Pro. No. 10-04311 (SMB) |

**APPELLEE IRVING H. PICARD'S**
**COUNTER-STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL**
**AND COUNTER-DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD**

Under Rule 8009(a)(2) of the Federal Rules of Bankruptcy Procedure, appellee Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the substantively consolidated estate of Bernard L. Madoff, by and through his undersigned counsel, hereby submits the Trustee's counter-statement of the issues to be presented on appeal and counter-designation of items to be included in the record on appeal, in connection with the notice of appeal filed on May 9, 2016 (ECF No. 100), by certain defendants in fifty-seven adversary proceedings initiated by the Trustee (the "Appellants") from the Memorandum Decision Denying Motion To Intervene Or To Participate As *Amicus Curiae* (the "Decision") of April 25, 2016 (ECF No. 89) and the related Order Denying Motion To Intervene Or To Participate As *Amicus Curiae* (the "Order") of April 28, 2016 (ECF No. 94), each entered by the Bankruptcy Court for the Southern District of New York (Bernstein, J.), denying a motion filed by the Appellants to intervene as a matter of right or by permission, or alternatively to participate as *amicus curiae*, in the Trustee's above-captioned adversary proceeding against defendant Andrew H. Cohen:

## COUNTER-STATEMENT OF THE ISSUES ON APPEAL

1.      Whether the Bankruptcy Court properly held that the Appellants' motion to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure, should be denied where the Appellants do not have an interest in the transfers of fictitious profits that the Trustee seeks to avoid and recover from Mr. Cohen, where a determination adverse to Mr. Cohen will not result in a judgment against the Appellants, where the Appellants already have raised and lost the same value/antecedent debt arguments in the Bankruptcy Court and the District Court, and where Mr. Cohen has vigorously defended against the Trustee's claims and

has vigorously prosecuted the same value/antecedent debt arguments that the Appellants seek to reargue on appeal?

2. Whether the Bankruptcy Court properly held that the Appellants' motion for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure, should be denied where the Appellants previously have taken advantage of several opportunities to present their value/antecedent debt arguments in their own respective adversary proceedings, where the Appellants' arguments previously have been rejected by the Bankruptcy Court and the District Court, and where rearguing them again will not aid the disposition of the same value/antecedent debt arguments raised by Mr. Cohen in this adversary proceeding?

3. Whether the Bankruptcy Court properly held that the Appellants' motion to participate in this adversary proceeding as *amicus curiae* should be denied where the Appellants, because they are defendants in fifty-seven adversary proceedings who have raised the same value/antecedent debt arguments as Mr. Cohen, could not provide the Bankruptcy Court with neutral assistance in analyzing the value/antecedent debt arguments raised by Mr. Cohen in this adversary proceeding, and where Mr. Cohen has shown he is as capable of litigating these same arguments as the Appellants?

**COUNTER-DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD**

The Trustee adopts the record on appeal as set forth in the Appellants' Corrected Designation Of Items To Be Included In The Record On Appeal, dated May 26, 2016 (ECF No. 114), but notes that the hearing on the Trustee's motion to expunge the Appellants' objections to the Order occurred on May 18, 2016, rather than on May 17, 2016, as indicated by the Appellants.

Dated: June 6, 2016
     New York, New York

          **BAKER & HOSTETLER LLP**

          By: /s/ *Nicholas J. Cremona*
          45 Rockefeller Plaza
          New York, New York 10111
          Telephone: 212.589.4200
          Facsimile: 212.589.4201
          David J. Sheehan
          Email: dsheehan@bakerlaw.com
          Nicholas J. Cremona
          Email: ncremona@bakerlaw.com

          and

          1900 East Ninth Street
          Cleveland, Ohio 44114
          Telephone: 216.621.0200
          Facsimile: 216.696.0740
          James H. Rollinson
          Email: jrollinson@bakerlaw.com

          *Attorneys for Plaintiff Irving H. Picard,*
          *Trustee for the liquidation of Bernard L.*
          *Madoff Investment Securities LLC and the*
          *consolidated estate of Bernard L. Madoff*