WEDEEN & KAVANAGH
Timothy Wedeen (timothy@nycmetrolaw.com)
19 Phelps Avenue, 3rd Floor
Tenafly, NJ   07670
Telephone (646) 963-6808
Facsimile (201-584-0319
*Attorneys for Defendants*
*Michael A. Bellini, Individually And As A Joint Tenant;*
*And Judith Bellini, Individually And As A Joint Tenant*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br> Plaintiff-Applicant, <br> v. <br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br> Defendant. | Adv. Pro. No. 08-1789 (SMB) <br> SIPA LIQUIDATION <br> (Substantively Consolidated) <br><br> Adv. Pro. No. 10-04841 |

-------------------------------------------------x
In re:
BERNARD L. MADOFF,
Debtor.
-------------------------------------------------x

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC
Plaintiff,
v.
MICHAEL A. BELLINI, individually
and as a joint tenant; AND JUDITH
BELLINI, individually and as a joint tenant,
Defendant.
-------------------------------------------------x

| | |
|---|---|
| IRVING H. PICARD, Trustee for the <br> Liquidation of Bernard L. Madoff <br> Investment Securities LLC <br> Plaintiff, <br> v. <br> ELLEN BERNFELD, <br> Defendant. | Adv. Pro. No. 10-04918 |

-------------------------------------------------x
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC

Plaintiff,
v.
MARILYN BERNFELD TRUST; HERBERT
BERNFELD RESIDUARY TRUST, in its own
capacity and as a partner of H&E Company- A
Partnership and Bernfeld Joint Venture – A
Partnership; H&E COMPANY – A
PARTNERSHIP; BERNFELD JOINT VENTURE
– A PARTNERSHIP; MARILYN BERNFELD, in
her capacity as a partner of H&E Company- A
Partnership and Bernfeld Joint Venture – A
Partnership, and as Trustee for the Marilyn
Bernfeld Trust and the Herbert Bernfeld Residuary
Trust; ELLEN BERNFELD, in her capacity as a
partner of H&E Company- A Partnership and
Bernfeld Joint Venture – A Partnership; and
THOMAS BERNFELD, in his capacity as a partner
of Bernfeld Joint Venture – A Partnership,
Defendants.
-------------------------------------------------x

Adv. Pro. No. 10-05143

**DECLARATION OF TIMOTHY WEDEEN IN SUPPORT OF DEFENDANTS'
COMBINED MOTION FOR RECONSIDERATION AND/OR VACATUR
OF THE ORDER ENTERED MAY 18, 2016 ENTERING DEFAULT JUDGMENTS**

I, Timothy Wedeen, hereby declare and state as follows:

1. I am duly admitted to practice before this Court, and I represent the defendants in the above captioned actions.

2. I respectfully submit this declaration in support of the instant combined motion pursuant to vacate the default judgments entered heretofore against the above captioned defendants. (Bellini dkt nos. 31 and 32, Bernfeld dkt nos. 25 and 26; 28 and 29)

3. I did not appear on the return date of plaintiff's motion. This failure is entirely my fault. I reside in northern Bergen County, New Jersey. On Wednesday May 18, 2016, Metro North was effectively out of service north of Manhattan due to a fire under a raised platform. This resulted in a two hour delay at the George Washington Bridge. Predictably, traffic into Manhattan moved to the Lincoln Tunnel and the Holland Tunnel.

4. At the same time, there a fatal police shooting in the area of Manhattan by the Lincoln Tunnel entrance, and multiple blocks were closed by the New York Police Department.

5. The end result was that it took me over 3.5 hours to arrive at the Court.

6. After over two hours in traffic, at approximately 10:05 AM that morning, I was able to pull over from traffic and called the Court. I spoke with the Courtroom deputy, but was advised Court was already in session.

7. I arrived in the Courtroom at approximately 11:05, as various counsel was exiting.

8. My normal trip from my residence to downtown Manhattan is about 60 minutes. On occasion it can take 90 minutes. I left my residence at approximately 7:30 AM. My intent was to speak with plaintiff's counsel about settlement terms of two of the three instant matters (as set forth more fully below). Obviously I was unable to do so.

9. To put this into context, on that day, I was travelling at approximately 6 miles per hour the entire trip. It was wholly unforeseen and beyond my control.

10. However, the fault is mine, and I apologize to the Court and counsel.

11. For the reasons set forth below, it is respectfully submitted that the Court should vacate the default judgments, and enter a lesser sanction, if any, against the defendants. (Bellini dkt nos. 31 and 32, Bernfeld dkt nos. 25 and 26; 28 and 29)

12. The procedural history set forth in plaintiff's memorandum in support is essentially accurate. I do take some issue with the characterization of the conversations and transactions between the parties from approximately November 2015 through the date of the default, but they are not material to this application. (Bellini dkt no. 27, Bernfeld dkt nos. 21 and 24)

13. The Court entered the defaults against the defendants on May 18, 2016. Annexed hereto as Exhibit "A" is a copy of the transcript of the motion hearing.

14. What is glaringly absent is that plaintiff's counsel did not advise the Court of significant developments in each of the cases prior to the prior to the hearing of the motion, the Bellini defendants served complete discovery demands upon the plaintiff's counsel. Undeniably late, but the discovery demands were responded to.

15. Likewise, during a three way call with two of plaintiff's attorneys, the second conference call I had with them in several weeks, and two days before default was entered, I advised counsel that the two Bernfeld defendants wanted to settle, for 100% of the demand sought in the complaint, but needed to understand the options for re-payment.

16. Shortly after the commencement of the within actions, I advised plaintiff's counsel that the defendants I was representing did not have the liquid resources to pay the amounts sought.

17. I was advised on several occasions, that the plaintiff was seeking repayment but effectively would not sell people's homes out from under them to satisfy and debts due.

18. This is something I have advised the defendants of, which was a major consideration in the decision to settle.

19. When I spoke with plaintiff's counsel two days before the return date of the motion, I was surprised to find the plaintiff's position had changed. Specifically, the plaintiff wanted a judgment, then financial disclosure, and would then consider what terms of repayment it would accept. This position was the complete opposite of what I had been advised.

20. The defendants did not timely respond to the plaintiff's discovery. That is not in dispute.

21. Further, I did not want to waste the defendants limited resources in filing objections to the plaintiff's motion. Generally, the only response to a discovery motion is to provide the discovery sought.

22. In the present cases, only one defendant has responded to the discovery. As set forth above, the intent was that the other two defendants were going to agree to settle for the amounts sought by the plaintiff, but upon mutually agreeable repayment terms.

23. Unfortunately, I was unable to attend Court on May 18, 2016, due to no fault of the defendants, and it is respectfully submitted, through no fault of my own.

24. As set forth in the accompanying memorandum of law, it is well established that a Court should craft a penalty for discovery violations, with the goal of punishing the party failing to provide discovery, but crafting a penalty short of denying the party their right to defend (or prosecute) their actions, if possible.

25. The Court should consider the history of the case, and other relevant factors.

26. These three cases are relatively similar. The defendants are all blameless, in that they are not accused of any malfeasance, or committing a tort. Their liability arises from the underlying tragedy which is the Madoff matter, and they are in fact victims as well.

27. Unlike the defendants in other avoidance actions, these defendants have not spent years filing questionable motion to delay these proceedings, or filing objections to every procedural motion made by the plaintiff.

28. Their approach has been the exact opposite. To appear to the action, file responsive pleadings, and hopefully settle the actions upon mutually acceptable, if not agreeable terms.

29. The plaintiff waited a full five years to serve discovery demands. The plaintiff's demands primarily sought information that was already in the plaintiff's possession, to wit, account statements and documentation regarding withdrawals.

30. The plaintiff was also seeking names of parties with knowledge. In the Bellini matter, there is no third party with any relevant knowledge other than an accountant they have consulted. Likewise, they have no materially relevant documents which the plaintiff does not already possess.

31. The plaintiff has already served a subpoena upon Bank of America, NA, where the Bellinis maintained their non-Madoff account. The plaintiff then served document demands upon the Bellinis seeking the same information.

32. The Bernfeld matters are the same. Plaintiff has already served a subpoena upon the Bernfeld defendants accountant, Marc Fox, CPA, and received a response. Likewise, upon information and belief, the plaintiff has served a subpoena upon the Bernfeld defendants' bank.

33. The plaintiff further sought information and documentation regarding the basis of specific affirmative defenses set forth in the three defendants answers. In response, the defendants have offered to withdraw those specific affirmative defenses.

34. Based upon the foregoing, it is respectfully submitted that there are numerous less severe sanctions the Court could impose other than striking the defendants answers and entering default judgments.

35. There is no information which the defendants have failed to provide, which would impede the ability of the plaintiffs to prove their prima facie at trial.

36. The Court can enter order of preclusion, prohibiting the defendants from relying upon any documents or witnesses that were either not provided or disclosed to the plaintiffs, and requiring the defendants to withdraw their affirmative defenses, which these defendants have already indicated they were willing to do.

37. The plaintiffs are seeking to impose the defaults entered herein based upon the letter of the law, but not the spirit.

38. As set forth above, these particular defendants are wholly blameless under the theories of recovery set forth by the plaintiff.

39. Upon information and belief, the defendants (including the principals of the Bernfeld Trust defendant) are all well over 75 (with the exception of defendant Ellen Bernfeld). Their ability to recover from the financial blow dealt by the Madoff scheme is non-existent. They must live the rest of their lives on what money and assets they have.

40. Over the past 10 months, the Bellini defendants, who are husband and wife, have been under varying periods of age related disability, including hospitalizations.

41. Marilyn Bernfeld, who is the beneficiary of the trust defendant, has nominal cash assets available to her, relatively speaking, to last her the rest of her life.

42. Ellen Bernfeld has been under a period of disability over the past couple of years, due to surgery, severely limiting her ability to earn an income. She relies primarily on some minor savings and investments.

43. The foregoing is not an excuse for failure to respond to discovery, but it is relevant when the Court considers what sanctions should be imposed.

44. The defendants only seek to have their matters tried before this Court, or preferably, settled upon mutually acceptable terms, based upon the representations of plaintiff through his counsel over the past five years.

45. During a post-default conference call on May 20, 2016, I once again requested that plaintiff provide the defendants with some parameters as to options for re-payment of the amounts in the judgments. I was advised that financial disclosure was required. I was also advised that it was also the intent of the plaintiff to proceed with docketing and collection on the judgments, which would not be held in abeyance for any specified period, necessitating the instant motion.

46. During this May 20, 2016, call I also advised plaintiff's counsel that there was an error in the judgments submitted to the Court. Specifically, the default judgment entered under Adv. Pro. No. 10-05143, which is against the Bernfeld trust, and a number of individuals in their capacity as trustees improperly named Ellen Bernfeld individually, and as her capacity as a trustee. Ellen Bernfeld is the subject of a separate default judgment under Adv. Pro. No. 10-04918. I advised plaintiff's counsel of this error during our May 20, 2016 post default conference, but as of the date of this declaration, it has not been corrected. (Bernfeld Trust dkt. nos. 28 and 29)

47. Accordingly, it is respectfully requested that the Court vacate the default judgments entered herein, reinstate the parties answers, upon such terms and conditions which acknowledge the defendants defaults hereunder, but not impose the ultimate penalty, especially when considering the actual value of the information sought in the outstanding discovery by the plaintiff.

I, Timothy Wedeen, declare under the penalties of perjury that the foregoing is true and correct.

Dated:   New York, New York
         May 31, 2016

                                               Respectfully submitted,
                                                   /s
                                        _____
                                        Wedeen & Kavanagh
                                        By:  Timothy Wedeen
                                        Attorneys Defendants
                                        41 Union Square West, Suite 325
                                        New York, NY   10010
                                        (646) 963-6808