WEDEEN & KAVANAGH
Timothy Wedeen (timothy@nycmetrolaw.com)
19 Phelps Avenue, 3rd Floor
Tenafly, NJ   07670
Telephone (646) 963-6808
Facsimile (201-584-0319
*Attorneys for Defendants*
*Michael A. Bellini, Individually And As A Joint Tenant;*
*And Judith Bellini, Individually And As A Joint Tenant*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated)<br><br>Adv. Pro. No. 10-04841 |

-------------------------------------------------x
In re:
BERNARD L. MADOFF,
Debtor.
-------------------------------------------------x
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC
Plaintiff,
v.
MICHAEL A. BELLINI, individually
and as a joint tenant; AND JUDITH
BELLINI, individually and as a joint tenant,
Defendant.
-------------------------------------------------x
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC                                Adv. Pro. No. 10-04918
Plaintiff,
v.
ELLEN BERNFELD,
Defendant.
-------------------------------------------------x
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC

| | |
|---|---|
| Plaintiff,<br>v.<br>MARILYN BERNFELD TRUST; HERBERT BERNFELD RESIDUARY TRUST, in its own capacity and as a partner of H&E Company- A Partnership and Bernfeld Joint Venture – A Partnership; H&E COMPANY – A PARTNERSHIP; BERNFELD JOINT VENTURE – A PARTNERSHIP; MARILYN BERNFELD, in her capacity as a partner of H&E Company- A Partnership and Bernfeld Joint Venture – A Partnership, and as Trustee for the Marilyn Bernfeld Trust and the Herbert Bernfeld Residuary Trust; ELLEN BERNFELD, in her capacity as a partner of H&E Company- A Partnership and Bernfeld Joint Venture – A Partnership; and THOMAS BERNFELD, in his capacity as a partner of Bernfeld Joint Venture – A Partnership,<br>Defendants.<br>-------------------------------------------------x | Adv. Pro. No. 10-05143 |

**DEFENDANTS MEMORANDUM IN SUPPORT OF COMBINED MOTION TO RECONSIDER AND/OR VACATE DEFAULT JUDGMENTS ENTERED ON MAY 18, 2016**

TABLE OF CONTENTS

Page

I. BACKGROUND   1

II. THE COURT'S DEFAULT ORDER IN THE CONTEXT OF THIS CASE IS CONTRARY TO THE SECOND CIRCUIT'S PREFERENCE FOR ADJUDICATION ON THE MERITS   1

III. LESSER SANCTIONS ARE AVAILABLE IN THIS CASE   2

IV. THE COURT SHOULD NOT HAVE CONSIDERED THE PLAINTIFF'S RECITATION OF EVENTS AS EVIDENCE   3

V. CONCLUSION   4

# TABLE OF AUTHORITIES

Page

**Cases**

*Basile v. Wiggs*,
No. 08-CV-7549, 2009 WL 1561769 (S.D.N.Y. May 29, 2009)......................................... 3

*Enron Oil Corp. v. Diakuhara*,
10 F.3d 90 (2d Cir. 1993).................................................................................................2

*SEC v. Anticevic*,
No. CV 6991, 2009 WL 2176651 (S.D.N.Y. July 21, 2009).....................................................1

*SEC v. Anticevic*,
No. CV 6991, 2009 WL 4250508 (S.D.N.Y. Nov. 30, 2009).....................................................1

*SEC v. Euro Sec. Fund*,
No. 98 Civ. 7347, 2009 WL 2709316 (S.D.N.Y Aug. 27, 2009)...........................................2

*Shah v. New York State Dep't of Civil Serv.*,
168 F.3d 610 (2d Cir. 1999).............................................................................................2

*Shcherbakovskiy v. Da Capa Al Fine, Ltd.*,
490 F.3d 130 (2d Cir. 2007).............................................................................................2

*West v. Goodyear Tire & Rubber Co.*,
167 F.3d 776 (2d Cir. 1999).............................................................................................2

**Statutes**

Fed. R. Civ. P. 37(b)(2)(A)(i) ...............................................................................................3

Fed. R. Civ. P. 37(b)(2)(A)(ii) ..............................................................................................3

Fed. R. Civ. P. 37(b)(2)(A)(vi) .............................................................................................3

## BACKGROUND

The procedural background to these actions is more fully set forth in the plaintiff's memorandum in support of his motion, and the declaration of Timothy Wedeen, dated May 31, 2016, which accompanies this memorandum.

## THE COURT'S DEFAULT ORDER IN THE CONTEXT OF THIS CASE IS CONTRARY TO THE SECOND CIRCUIT'S PREFERENCE FOR ADJUDICATION ON THE MERITS

The Court's ruling of May 18, 2016 is contrary to well-established precedent in this Circuit that adjudication on the merits is preferred and default judgment is an extreme remedy reserved for the most extreme cases.  (Bellini dkt nos. 31 and 32, Bernfeld dkt nos. 25 and 26; 28 and 29)

There has to be a difference in the degree of sanctions applied to defendants like the Bellinis and Bernfelds, who actively participate in a civil litigation, but whose responses to basic discovery demands, seeking information already in the possession of the plaintiff, are late or not supplied in hopes of simply settling the underlying matter.   For example, the court in *SEC v. Anticevic*, No. CV 6991, 2009 WL 4250508 (S.D.N.Y. Nov. 30, 2009), after initially hesitating to do so, *see SEC v. Anticevic*, No. CV 6991, 2009 WL 2176651 (S.D.N.Y. July 21, 2009), imposed a default judgment based on the fact that the defendant failed to answer the original complaint as well as the second, third, and fourth amended complaints, failed to appear at a deposition, was not in contact with her attorney, and could not be found.  In another example, the court in *SEC v. Euro Sec. Fund*, No. 98 Civ. 7347, 2009 WL 2709316 (S.D.N.Y Aug. 27, 2009) imposed a default judgment on several defendants only after they refused to acknowledge that they were subject to jurisdiction,

causing a two year delay in adjudication of the matter, failed to attend the initial status conference even by phone, flouted all of the discovery deadlines set by Court order, refused to confer with the Commission regarding discovery, and repeatedly failing to respond to any of the Commission's discovery requests, including interrogatories, requests for admission, and document requests. *Id.* at *5. In stark contrast, these defendants answered the complaint, appeared through counsel, and have met every obligation imposed on them as defendants in this case other than timely answering indisputably redundant discovery demands.

This Court's default judgment rulings also run afoul of the Second Circuit's very strong preference for adjudication on the merits when at all possible. Default judgments are "drastic remed[ies]", and "should be imposed only in extreme circumstances…". *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). The "preference is for [courts] to reach judgments on the merits and not by way of default judgments." *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Because there are clear alternatives to a default judgment in this case, we respectfully submit that the Court's entry of default judgments on May 18, 2016 was a disproportionate response and should be reconsidered and abandoned.

## **LESSER SANCTIONS ARE AVAILABLE IN THIS CASE**

As an initial matter, undersigned counsel generally does not condone or support disobedience of this Court's orders, and we therefore understand that some form of sanction may be warranted. But the "severity of sanction must be commensurate with the non-

compliance." *Shcherbakovskiy v. Da Capa Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007). One of the available sanctions, specifically listed in Fed. R. Civ. P. 37(b)(2)(A)(i), is "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Another, listed in Fed. R. Civ. P. 37(b)(2)(A)(ii), is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Opposing counsel will undoubtedly argue that this would amount to the same outcome as the defaults entered against the defendants. Obviously, however, that cannot be true, because the sanctions set forth in Fed. R. Civ. P. 37(b)(2)(A)(i) and (ii) are listed separately and apart from the sanction of default judgment set forth in Fed. R. Civ. P. 37(b)(2)(A)(vi). A more carefully crafted sanctions order is possible. For example, the Court could apply this sanction by precluding the defendants from introducing documents at trial which were not provided to plaintiff. Or the Court could order the defendants to withdraw their affirmative defenses (which they have already offered to do). There are no doubt other evidentiary remedies as well. Such a sanction would clearly be punitive and might handicap the defendants' defense, but would be closer to an appropriately proportional response to the defendant's failure to follow the Court's orders by responding to pro-forma discovery demands seeking production of documents or information already in the possession of the plaintiff, and would cure any possible and unarticulated prejudice to the plaintiff, while at the same time would honor the strong preference for adjudication on the merits, or indeed, settlement by the parties based on the merits.

## THE COURT SHOULD NOT HAVE CONSIDERED THE PLAINTIFF'S RECITATION OF PURPORTED EVIDENCE IN ITS BRIEF

In deciding whether to impose a default judgment, the courts consider, among other things, the merits of plaintiff's claim as well as whether a meritorious defense is presented. See *Basile v. Wiggs*, No. 08-CV-7549, 2009 WL 1561769, at *5 (S.D.N.Y. May 29, 2009). The plaintiff's brief in support of his motion for a default judgment had the glaring deficiency that it failed to address the merits at all. The plaintiff's motion merely sets for the procedural history of the case, along with the purported defaults of the defendants, yet fails to address any of the substance of the plaintiff's claims, or the defendants responses. (Bellini dkt nos. 31 and 32, Bernfeld dkt nos. 25 and 26; 28 and 29)  Additionally, based upon the transcript of the hearing held on the plaintiff's motion on May 18, 2016, the plaintiff failed to advise the Court, not only that the plaintiff had actually received the discovery sought from the Bellini defendants, and that the Bernfeld defendants, through counsel advised the plaintiff that they wanted to settle, but need to know what terms and conditions of repayment would be accepted by the plaintiff. A copy of the May 18, 2016 transcript is annexed hereto as Exhibit A.

## **CONCLUSION**

For the foregoing reasons, the Court should reconsider and vacate the default judgments entered on May 18, 2016 against the moving defendants herein

Dated:   New York, New York
         May 31, 2016                              Respectfully submitted,
                                                   /s
                                                   _____

                                                   Wedeen & Kavanagh
                                                   By:  Timothy Wedeen
                                                   Attorneys Defendants
                                                   41 Union Square West, Suite 325
                                                   New York, NY   10010
                                                   (646) 963-6808