Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 15, 2016

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   Adv. Pro. No. 10-04891 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC v. The Robert Auerbach Revocable Trust, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write to request a conference with the Court, under Local Bankruptcy Rule 7056-1 and your Honor's Chambers Rules, concerning a Motion for Summary Judgment ("Motion") in the above adversary proceeding.

On April 14, 2016, this Court entered the parties' Joint Pretrial Order, wherein the parties stipulated that, among other things, BLMIS was a Ponzi Scheme and Defendants received $570,000 in excess of principal from their BLMIS Account No. 1A0114 between December 11, 2006 and December 11, 2008 ("Two-Year Period"). The parties also stipulated to facts establishing that Defendant Joyce C. Auerbach, individually and as Personal Representative of the Estate of Robert Auerbach, is a subsequent transferee of those transfers.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Trustee intends to move for an order (1) granting summary judgment on Counts One and Seven of the Trustee's Complaint, (2) entering an order avoiding the transfers of fictitious profits made by

Judge Bernstein
June 15, 2016
Page 2

BLMIS through its investment advisory business to Defendants within the Two-Year Period, and (3) directing the Defendants to return such transfers.

We will confer with Defendants' counsel, Max Folkenflik, to work out a briefing schedule that would allow the Motion to be heard in advance of the trial, which is currently scheduled for August 3, 2016.

The Trustee respectfully requests a pre-motion conference with the Court.

Respectfully submitted,

 */s/ Nicholas J. Cremona*
Nicholas J. Cremona

Enclosures

cc:    Max Folkenflik (mfolkenflik@fmlaw.net)
       Folkenflik & McGerity
       1500 Broadway, 21st Floor
       New York, New York 10036