# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

June 17, 2016

**<u>BY ECF and HAND DELIVERY</u>**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

> **Re:** *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* **Adv. Pro. No. 08-01789-SMB**

Dear Judge Bernstein:

I write on behalf of various Madoff customers to object to the deposition of Annette Bongiorno for the following reason:

On June 5, 2016, my associate, Greg Dexter, flew down to Florida to attend Ms. Bongiorno's deposition after I had been assured by her counsel, Roland Riopelle, and by counsel for the Trustee that she was **not** going to assert the Fifth Amendment privilege against self-incrimination. Mr. Dexter attended the deposition and Ms. Bongiorno refused to testify, asserting her right under the Fifth Amendment. I thereafter spoke with Mr. Riopelle to inquire as to why Ms. Bongiorno took the Fifth Amendment after he assured me that she would not do so. Mr. Riopelle told me that she did so because her settlement agreement with the Trustee had not been fully executed. I asked him to email me a copy of the settlement agreement. Under it, Ms. Bongiorno is obligated to testify at the Trustee's request (paragraphs 24 and 25) and, in return, certain of her assets are relinquished to her husband (paragraphs 4, 7 and 8). A copy of the settlement agreement is enclosed herewith. The settlement agreement, titled "Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment," was signed by the U.S. Attorneys Office on June 1, 2016; it was signed by the Trustee and his counsel on May 31, 2016. It was **not** signed by Ms. Bongiorno until June 8, 2016 and it was not signed by Mr. Riopelle until June 13, 2016. It appears to have been signed by Ms. Bongiorno's husband on June 20, 2016 but by his attorney on May 24, 2016.

Thus, clearly everyone (including the Trustee) but my office knew that the agreement had not been signed as of June 5th when Mr. Dexter flew down to Florida for the deposition. Under these circumstances, we respectfully ask that the Court deny the Trustee's application to take Ms. Bongiorno's deposition. If the Court orders the deposition, we ask that the Court compel the

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
June 17, 2016
Page 2

Trustee to pay our travel expenses to attend.  We also ask the Court to compel the Trustee and Ms. Bongiorno's counsel to produce all documents evidencing communications between the Trustee's counsel and Ms. Bongiorno's counsel

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb

cc:      *(by ECF and E-mail)*
         David J. Sheehan *(dsheehan@bakerlaw.com)*
         Ricard A. Kirby *(Ricarhd.Kirby@bakermmckenzie.com)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
                                   :
UNITED STATES OF AMERICA           :    AMENDED CONSENT
                                        PRELIMINARY
                                   :    ORDER OF FORFEITURE
        -v.-                            AS TO SPECIFIC
                                   :    PROPERTY/MONEY
ANNETTE BONGIORNO,                      
                                   :    JUDGMENT
     Defendant.                    
                                   :    S10 10 CR. 228 (LTS)
----------------------------------x


        WHEREAS, on or about July 29, 2013, ANNETTE BONGIORNO

(the "defendant"), among others, was charged in a thirty-three-

count Superseding Indictment, S10 10 CR. 228 (LTS) (the

"Indictment"), with conspiracy to defraud Madoff Securities

investment advisory clients, in violation 18 U.S.C. § 371 (Count

One); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and

78ff; 17 C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Count Six);

falsifying records of a broker dealer in violation of 15 U.S.C.

§§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Count

Nine); falsifying records of an investment adviser in violation

of 15 U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18

U.S.C. § 2 (Count Twelve); five counts of tax evasion in

violation of 26 U.S.C. § 7201 (Counts Twenty-Five through Twenty

Nine); and obstructing and impeding the Due Administration of

the Internal Revenue Laws in violation of 26 U.S.C. §

7212(a)(Count Thirty);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One, Six and Nine of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Six, Nine, Twelve and Twenty Five through Thirty of the Indictment;

WHEREAS, in a separate civil action, *United States* v. *All Funds on Deposit in Account Nos. 94660869, 9948199297, 80007487, 9115606297, 9116151903, and 9931127481 in the Names of Annette Bongiorno and/or Rudy Bongiorno at Citibank, N.A., et al.,* 10 Civ. 4858 (LTS) (JCF) (S.D.N.Y.) (the "Civil Forfeiture Action"), the United States is seeking forfeiture in rem of certain items of real and personal property identified in the Second Amended Verified Complaint filed in the Civil Forfeiture

2

Action on February 2, 2011, 10 Civ. 4858 (LAP) (JCF) (ECF No. 11);

WHEREAS, on or about December 9, 2014, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "First Preliminary Order") (Docket Entry 1216) ordering (i) a forfeiture money judgment against the defendant in the amount of $155,158,703,200 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Six, and Nine of the Indictment pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.§ 2461; and (ii) the forfeiture of the following assets of the defendant which were found to constitute or be derived from proceeds traceable to the commission of the offenses charged in Counts One, Six, and Nine of the Indictment, provided such assets were acquired on or after January 1, 1992 with funds transferred by Madoff Securities or for the benefit of the defendant on or after January 1, 1992:

a) ALL FUNDS ON DEPOSIT IN ACCOUNT NOS. 94660869, 9948199297, 80007487, 9115606297, 9116151903, AND 9931127481 IN THE NAMES OF ANNETTE BONGIORNO AND/OR RUDY BONGIORNO AT CITIBANK, N.A. (the "Citibank Accounts");

b) ALL FUNDS AND OTHER PROPERTY ON DEPOSIT IN ACCOUNT NOS. 50C24673 AND 10M02603 IN THE NAMES OF ANNETTE BONGIORNO AND RUDY BONGIORNO AT MORGAN STANLEY SMITH BARNEY (the "Smith Barney Accounts");

3

c)    ALL FUNDS AND OTHER PROPERTY HELD IN BROKERAGE
      ACCOUNT NO. 63172236 AND SAVINGS ACCOUNT NO. 202
      437 6648 IN THE NAME OF RUDY BONGIORNO AT E*TRADE
      FINANCIAL CORP. (the "E*Trade Account");

d)    APPROXIMATELY $175,701.38 FORMERLY ON DEPOSIT IN
      ACCOUNT NOS. 7923290063 AND 7927832373 IN THE
      NAME OF ANNETTE BONGIORNO AT TDBANK, N.A. (the
      "TDBank Accounts");

e)    APPROXIMATELY $11,740.29 FORMERLY ON DEPOSIT IN
      UTMA ACCOUNT NOS. 109357067, 8919650948, AND
      109282913 AT TDBANK, IN THE NAME OF JOHN
      D'ALLESANDRO, UTTMA, ANNETTE BONGIORNO AS
      CUSTODIAN (the "TDBank UTMA Accounts");

f)    ALL FUNDS AND OTHER PROPERTY HELD ON DEPOSIT IN
      ACCOUNT NOS. 795710250 AND 2912426000, IN THE
      NAME OF ANNETTE BONGIORNO, AND ACCOUNT NOS.
      805221058 AND 2917246932, IN THE NAME OF RUDY J.
      BONGIORNO AND ANNETTE BONGIORNO, AT JPMORGAN
      CHASE & CO. BANK (the "JPMorgan Chase Accounts");

g)    ALL FUNDS AND OTHER PROPERTY HELD ON DEPOSIT IN
      ACCOUNT NOS. 43010030641 AND 43010030658 AT NEW
      YORK COMMUNITY BANK/ROSLYN SAVINGS BANK, IN THE
      NAME OF BONGIORNO AND RUDY BONGIORNO (the "New
      York Community Bank Accounts");

h)    ALL FUNDS HELD ON DEPOSIT IN ACCOUNT NO.
      8310856078 AT ASTORIA FEDERAL SAVINGS AND LOAN,
      IN THE NAME OF ANNETTE BONGIORNO (the "Astoria
      Federal Account");

i)    ALL FUNDS HELD ON DEPOSIT IN ACCOUNT NOS.
      1505040947 AND 1500003111 AT DIME SAVINGS BANK,
      IN THE NAME OF ANNETTE BONGIORNO (the "Dime
      Savings Bank Accounts");

j)    APPROXIMATELY $951,267.90 FORMERLY HELD IN
      FIDELITY INVESTMENTS / FMR LLC ROLLOVER IRA
      ACCOUNT NO. 142 991465 IN THE NAME OF ANNETTE
      BONGIORNO; ACCOUNT NO. Z70 691860 IN THE NAME OF
      ANNETTE BONGIORNO; AND BROKERAGE ACCOUNT NO. X45

4

301264 IN THE NAME OF ANNETTE AND RUDY BONGIORNO (the "Fidelity Accounts");

k)   CERTIFICATE OF DEPOSIT NO. 0630304007 HELD AT APPLE BANK FOR SAVINGS, IN THE NAME OF ANNETTE BONGIORNO AND/OR RUDY BONGIORNO (the "Apple Bank CD");

l)   ALL FUNDS HELD ON ACCOUNT FOR ANNETTE BONGIORNO BY SERCARZ & RIOPELLE, LLP, 152 W. 57th STREET, SUITE 24C, NEW YORK, NY 10019 EXCEPT FOR THOSE FUNDS EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Sercarz & Riopelle Funds");

m)   THE REAL PROPERTY AND APPURTENANCES KNOWN AS 5854 WINDSOR COURT, BOCA RATON, PALM BEACH COUNTY, FLORIDA 33496 2763, FURTHER DESCRIBED AS LOT 15, PLAT OF ST. JAMES PARK, PART OF WOODFIELD COUNTRY CLUB P.U.D., ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 66, PAGE 69, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA, AND KNOWN AND DESIGNATED ON THE PALM BEACH COUNTY TAX ROLL AS PARCEL I.D. 06 42 47 04 08 000 0150 (the "Boca Raton Property");

n)   THE REAL PROPERTY AND APPURTENANCES KNOWN AS 78 STONE HILL DRIVE EAST, MANHASSET, NASSAU COUNTY, NEW YORK 11030 4440, LYING AND BEING IN THE VILLAGE OF NORTH HILLS, TOWN OF NORTH HEMPSTEAD, NASSAU COUNTY, NEW YORK, AND KNOWN AND DESIGNATED AS SECTION 3, BLOCK 239, LOT 3, ON THE NASSAU COUNTY TAX MAP (the "Manhasset Property");

o)   ONE 2005 BENTLEY CONTINENTAL, VIN SCBCR63W15C025200 (the "2005 Bentley");

p)   ONE 2007 MERCEDES BENZ ML63, VIN 4JGBB77E27A183561 (the "Mercedes ML63");

q)   ONE 2007 MERCEDES BENZ E550 SEDAN, VIN WDBUF72X77B077335 (the "Mercedes E550");

r)   APPROXIMATELY $1.3 MILLION FORMERLY HELD ON DEPOSIT IN CHICAGO TITLE INSURANCE CO. CUSTODIAL ESCROW DEPOSIT ACCOUNT 12330 22482 AT BANK OF

5

AMERICA, N.A., ACCOUNT No. 510000859, ON ACCOUNT FOR ANNETTE BONGIORNO AND/OR RUDY BONGIORNO, REF No. 300697902 001, UNIT 607 (the "Chicago Title Escrow Funds");

s)  PROCEEDS OF HSBC OFFICIAL CHECK NO. 100097767 IN THE AMOUNT OF $505,023.49 DATED JULY 17, 2009, ANNETTE BONGIORNO, PAYEE AND REMITTER (the "HSBC Check");

t)  ALL FUNDS AND OTHER PROPERTY ON DEPOSIT IN TD AMERITRADE ACCOUNT NUMBER 757-337160 HELD IN THE NAME OF ANNETTE BONGIORNO (the "TD Ameritrade Funds");

u)  ALL FUNDS AND OTHER PROPERTY ON DEPOSIT IN ACCOUNT NUMBER C491936641 IN THE NAME OF ANNETTE BONGIORNO AT CITIBANK, N.A., FORMERLY PERSHING BANK (the "Pershing Assets");

v)  ALL FUNDS AND OTHER PROPERTY HELD IN ACCOUNT NUMBER F9R276351 AT SUNTRUST BANK, HELD IN THE NAME RUDY BONGIORNO (the "SunTrust Account");

w)  ALL OWNERSHIP AND EQUITY INTEREST IN CASTLE ARCH REAL ESTATE INVESTMENT CO. HELD IN THE NAME OF ANNETTE OR RUDY BONGIORNO (the "Castle Arch Interest");

x)  ALL FUNDS OR VALUE IN METROPOLITAN LIFE INSURANCE POLICY NUMBER 880667460 HELD IN THE NAME OF ANNETTE BONGIORNO (the "Metropolitan Life Insurance Policy");

y)  ALL ITEMS OF JEWELRY IN SAFE DEPOSIT BOX NUMBER 5098 LOCATED AT ROSLYN SAVINGS BANK, 1400 OLD NORTHERN BOULEVARD, ROSLYN, NY, HELD IN THE NAME OF ANNETTE AND RUDY BONGIORNO (the "Roslyn Savings Bank Jewelry");

z)  ALL ITEMS OF JEWELRY HELD IN A SAFE DEPOSIT BOX AT TD BANK, 540 JERICHO TURNPIKE, MINEOLA, NY, IN THE NAME OF ANNETTE OR RUDY BONGIORNO (the "TD Bank Jewelry"); and

6

aa)   ONE LADIES' ROLEX WATCH AND ONE TANK AMERICAINE
      CARTIER LADIES' WATCH IN THE POSSESSION OF
      ANNETTE BONGIORNO AND THREE MENS' ROLEX WATCHES
      AND TWO BRIETLING WATCHES IN THE POSSESSION OF
      RUDY BONGIORNO (the "Watches");

(collectively, the "Forfeitable Property")

WHEREAS, the Office of the United States Attorney for the Southern District of New York (the "Government") has also identified the real property and appurtenances thereto known generally as 2233 NE 15th Street, Cape Coral, Florida and more particularly described as Cape Coral Unit 47, Part 2, Blk 3514, PB 23, PG 125, Lots 34 & 35 (the "Cape Coral Property");

WHEREAS, Rudy Bongiorno represents that he intends to file a petition asserting his interest in the E*Trade Account and the SunTrust Account, and, to the extent forfeiture was sought, the Cape Coral Property;

WHEREAS, on or about December 15, 2008, Honorable Louis L. Stanton, District Court Judge for the United States District Court for the Southern District of New York, appointed Irving H. Picard, Esq., (the "Trustee") as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, Title 15, United States Code, Sections 78aaa, et seq. ("SIPA"), subsequently substantively consolidated with the Chapter 7 estate of Bernard L. Madoff;

7

WHEREAS, the Trustee is obligated to recover and liquidate assets of BLMIS for the benefit of the creditors and customers of BLMIS and victims of the Madoff criminal conspiracy;

WHEREAS, on November 12, 2010, the Trustee commenced an adversary proceeding in the Bankruptcy Court against the defendant and Rudy Bongiorno in an action captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Annette Bongiorno*, Adv. Pro. No. 10-04215 (SMB) (the "Adversary Proceeding");

WHEREAS, the Trustee alleges that the defendant and Rudy Bongiorno are liable to the BLMIS Estate for the receipt of avoidable and recoverable transfers in the aggregate amount of $22,909,868, consisting at minimum, during the six year period under SIPA, the Bankruptcy Code and the New York Debtor and Creditor Law, of $9,337,682 in the form of account withdrawals from an account held jointly in the name of the defendant and Rudy Bongiorno, $1,823,228 in salary and bonuses paid to defendant, and $35,916 in credit card charges and, during the two year period under SIPA and the Bankruptcy Code, $3,939,764 in the form of account withdrawals from an account held jointly in the name of defendant and Rudy Bongiorno, $990,088 in salary

and bonuses paid to defendant, and $11,669 in credit card charges (collectively, the "Avoidable Transfers");

WHEREAS, the Trustee represents that he has a potential claim to the Forfeitable Property;

WHEREAS, the parties to this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the Government, the defendant, Annette Bongiorno, by counsel, Roland Riopelle, Esq. and Rudy Bongiorno, by counsel, James Druker, Esq., and Irving H. Picard, Esq., by counsel, Fernando Bohorquez, Jr. Esq., wish to consensually resolve the matters regarding the forfeitability of the Forfeitable Property on the terms set forth herein;

WHEREAS, the defendant, Rudy Bongiorno, and the Trustee agree that this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment will resolve claims that were or could have been asserted by the Trustee against the defendant and Rudy Bongiorno in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") and in the ancillary proceeding in this action;

WHEREAS, for purposes of this settlement, the parties agree that, upon entry of a Final Order of Forfeiture, the E*Trade Account and SunTrust Account shall be subdivided as

9

follows: (i) Rudy Bongiorno shall retain the shares of stock set forth in Schedule A, attached hereto (the "Released Stocks"); the remaining stocks in the E*Trade Account and SunTrust Account, which are set forth in Schedule B (the "Recovered Stocks"), shall be recovered for the victims of the Madoff fraud, as follows: (a) shares of stock worth a total of $3,931,878 (the "Trustee Recovered Stocks") shall be transferred from the Recovered Stocks in the E*Trade Account to the Trustee, and (b) the remainder of the Recovered Stocks after subtraction of the Trustee Recovered Stocks (the "Forfeited Stocks") shall be forfeited to the Government; (ii) the Released Stocks shall be transferred to a new account at E*Trade (the "New E*Trade Account") and a new account at SunTrust (the "New SunTrust Account"), both in the name of Rudy Bongiorno; (iii) 25% of the existing margin debt in the E*Trade Account (the "Retained Margin Debt") shall be transferred to the New E*Trade Account and remain an obligation of Rudy Bongiorno; (iv) the rest of the margin debt in the E*Trade Account shall be paid using proceeds from the liquidation of the Forfeited Stocks;

WHEREAS, for purposes of this settlement, the Government agrees not to seek the forfeiture of the Cape Coral Property as proceeds of the offenses or as a substitute asset to satisfy the defendant's outstanding Money Judgment;

10

WHEREAS, for the purposes of this settlement, the Trustee agrees not to seek the liquidation of the Cape Coral Property in the Adversary Proceeding;

WHEREAS, the defendant and Rudy Bongiorno consent to the forfeiture to the Government of the following assets:

a)   the Citibank Accounts;

b)   the Smith Barney Accounts;

c)   the Forfeited Stocks;

d)   the TD Bank Accounts;

e)   the TD Bank UTMA Accounts;

f)   the JPMorgan Chase Accounts;

g)   the New York Community Bank Accounts;

h)   the Astoria Federal Account;

i)   the Dime Savings Bank Accounts;

j)   the Fidelity Accounts;

k)   the Apple Bank CD;

l)   the Sercarz & Riopelle Funds;

m)   the Boca Raton Property;

n)   the Manhasset Property;

o)   the 2005 Bentley;

p)   the Mercedes ML63;

q)   the Mercedes E550;

r)   the Chicago Title Escrow Funds;

11

s)    the HSBC Check;

t)    the TD Ameritrade Funds;

u)    the Pershing Assets;

v)    the Castle Arch Interest;

w)    the Metropolitan Life Insurance Policy;

x)    the Roslyn Savings Bank Jewelry;

y)    the TD Bank Jewelry; and

z)    the Watches;

(collectively, the "Specific Property")

WHEREAS, the Trustee in his capacity as trustee in the SIPA Liquidation proceeding, has agreed to accept the Trustee Recovered Stocks to resolve any claims the Trustee has or could have asserted against the defendant or Rudy Bongiorno for the Avoidable Transfers in the Adversary Proceeding in Bankruptcy Court or against the Government in any ancillary proceeding in this matter regarding the Forfeitable Property;

WHEREAS, upon the entry of a Final Order of Forfeiture the Government agrees to apply the Trustee Recovered Stocks in partial satisfaction of the Money Judgment; and

WHEREAS, the defendant and Rudy Bongiorno understand that the Government seeks to forfeit the Specific Property and to distribute the proceeds to the victims of the fraud through

12

the process of remission, consistent with applicable Department of Justice Regulations;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, by and between the United States, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys Niketh Velamoor and Jonathan Cohen, of counsel, the defendant, Annette Bongiorno, by counsel, Roland Riopelle, Esq. and Rudy Bongiorno, by counsel, James Druker, Esq., and Irving H. Picard, Esq., by counsel, Fernando Bohorquez, Esq., that:

1. As a result of committing the offenses charged in Counts One, Six, and Nine of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $155,158,703,200 in United States currency (the "Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, JOANN CRUPI a/k/a "Jodi," JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), and DAVID G. FRIEHLING in *United States*

13

v. *Friehling*, 09 Cr. 700 (AKH).

2.    As a result of the offenses charged in Counts
One, Six, and Nine of the Indictment, all of the defendant's
right, title and interest in the Specific Property is hereby
forfeited to the United States for disposition in accordance
with the law, subject to the provisions of Title 21, United
States Code, Section 853.

3.    The defendant and Rudy Bongiorno withdraw and
relinquish any claim to the Specific Property and the Trustee
Recovered Stocks and agree that they will not object to the
entry of a Final Order of Forfeiture or otherwise contest the
judicial forfeiture of such property under the U.S. forfeiture
laws or assist a third party in doing so.

4.    Upon entry of a Final Order of Forfeiture as to
the Specific Property, the Government shall relinquish any claim
to the Released Stocks, the Trustee Recovered Stocks and Cape
Coral Property and shall not seek the forfeiture of same.

5.    Upon entry of a Final Order of Forfeiture
forfeiting the Specific Property to the United States, the
Specific Property shall be applied in partial satisfaction of
the Money Judgment.

6.    Upon entry of a Final Order of Forfeiture as to
the Specific Property, the Civil Forfeiture Action shall be

14

dismissed with prejudice as to the Specific Property, the Released Stocks and the Trustee Recovered Stocks, with each side bearing its own costs and attorney's fees.

7.    Upon entry of a Final Order of Forfeiture, the Trustee shall relinquish any claim to the Specific Property, the Released Stocks and the Cape Coral Property and will not file a petition or claim or assist others in filing a petition or claim, or otherwise take any action to contest the forfeiture of any of the Specific Property, the Released Stocks and/or the Cape Coral Property.

8.    Within 14 days of entry of a Final Order of Forfeiture as to the Specific Property, the Government shall direct E*Trade and SunTrust to cause the Released Stocks in their custody to be transferred to the New E*Trade Account and the New SunTrust Account, the Trustee Recovered Stocks to be transferred from the E*Trade Account to the Trustee through instructions to be provided by a representative of the Trustee employed by Baker & Hostetler LLP, and the Retained Margin Debt to be transferred from the E*Trade Account to the New E*Trade Account.  The defendant and Rudy Bongiorno shall authorize such transfers and complete any necessary authorizations.  These transfers shall be for the benefit of the Trustee, the defendant and Rudy Bongiorno and with the consent of the defendant and

15

Rudy Bongiorno.

9.    Pursuant to the Federal Rules of Criminal
Procedure, upon entry of this Amended Consent Preliminary Order
of Forfeiture as to Specific Property/Money Judgment, this
Amended Consent Preliminary Order of Forfeiture as to Specific
Property/Money Judgment is final as to the defendant, ANNETTE
BONGIORNO, and shall be deemed part of the sentence of the
defendant, and shall be included in the judgment of conviction
therewith.

10.    Upon entry of this Amended Consent Preliminary
Order of Forfeiture as to Specific Property/Money Judgment, the
United States Marshals Service is authorized to seize the
Specific Property and hold the Specific Property in its secure
custody and control.

11.    Pursuant to Title 21, United States Code, Section
853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal
Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the
Supplemental Rules for Admiralty or Maritime Claims and Asset
Forfeiture Actions, the United States shall publish for at least
thirty (30) consecutive days on the official government internet
forfeiture site, www.forfeiture.gov, notice of this Amended
Consent Preliminary Order of Forfeiture as to Specific
Property/Money Judgment.  Any person, other than the defendant

16

in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

12.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

13.   Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

14.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be

17

addressed.    If finally forfeited to the United States, the
Specific Property shall be applied in partial satisfaction of
the Money Judgment.

15.    All payments on the outstanding Money Judgment
shall be made by postal money order, bank or certified check,
made payable, in this instance, to the United States Marshals
Service, and delivered by mail to the United States Attorney's
Office, Southern District of New York, Attn: Money Laundering
and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New
York 10007, and shall indicate the defendant's name and case
number.

16.    Upon execution of this Amended Consent
Preliminary Order of Forfeiture as to Specific Property/Money
Judgment, and pursuant to Title 21, United States Code, Section
853, the United States Marshals Service shall be authorized to
deposit the payments on the Money Judgment in the Assets
Forfeiture Fund, and the United States shall have clear title to
such Specific Property.

17.    As soon as practicable after the submission of
this Amended Consent Preliminary Order of Forfeiture as to
Specific Property/Money Judgment to the District Court for
approval, counsel for the Trustee, counsel for the defendant and
counsel for Rudy Bongiorno shall seek approval by the Bankruptcy

18

Court overseeing the SIPA Liquidation of a settlement agreement incorporating the terms of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment as it relates to the claims brought by the Trustee against the defendant and Rudy Bongiorno (the "Bankruptcy Court Agreement"). Approval of the Bankruptcy Court Agreement shall be contingent upon the entry by the District Court of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

18.   The defendant and Rudy Bongiorno are hereby barred from asserting any claim against the United States of America ("USA"), the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("SDNY-USAO"), the USMS, the FBI, or any agents and employees of the USA, the DOJ, the SDNY-USAO, the USMS, and the FBI, as well as local and state agents, officers or employees, past and present, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Specific Property, the Trustee Recovered Stocks or the Released Stocks, or the litigation of the Civil Forfeiture Action, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the Specific Property, the Trustee Recovered Stocks or the Released Stocks, that the defendant or

19

Rudy Bongiorno is a prevailing party, or that she or he is entitled to attorney's fees or any award of interest.

19.   The Trustee is hereby barred from asserting any claim against the USA, the DOJ, the SDNY-USAO, the USMS, the FBI, or any agents and employees of the USA, the DOJ, the SDNY-USAO, the USMS, and the FBI, as well as local and state agents, officers or employees, past and present, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Specific Property, the Trustee Recovered Stocks or the Released Stocks, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the Specific Property, the Trustee Recovered Stocks or the Released Stocks, that the Trustee is a prevailing party, or that the Trustee is entitled to attorney's fees or any award of interest.

20.   The defendant and Rudy Bongiorno represent that they are the sole owners of the Specific Property, the Trustee Recovered Stocks and the Released Stocks and further agree to hold harmless the USA, the DOJ, the SDNY-USAO, the USMS, and the FBI, as well as any and all employees, officers, and agents of the USA, the DOJ, the SDNY-USAO, the USMS, and the FBI from any and all claims arising from any acts, incidents, or occurrences in connection with the seizure and/or possession of the Specific

20

Property, the Trustee Recovered Stocks or the Released Stocks, including but not limited to any third-party claims of ownership of the Specific Property or the Released Stocks.

21.   This Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment does not constitute an admission of liability or fault on the part of Rudy Bongiorno with respect to the subject matter of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

22.   Defendant and Rudy Bongiorno hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

23.   Defendant and Rudy Bongiorno hereby agree to release, acquit, and forever discharge the Trustee and all his agents, representatives, attorneys, employees, and professionals, and BLMIS and its consolidated estate, from any and all past, present, or future claims or causes of action and from any and all allegations of liability or damages of whatever kind, nature, or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability, or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty,

21

or otherwise known or unknown, existing as of the date of the Closing that are, have been, could have been, or might in the future be asserted by the defendant and Rudy Bongiorno based on, arising out of, or in any way related to BLMIS or Madoff.

24.   Defendant agrees to cooperate with Trustee and the Securities Investor Protection Corporation ("SIPC") in connection with any efforts to recover customer property from the principals or agents of BLMIS, the customers of BLMIS or anyone else.  Defendant's cooperation shall include making herself reasonably available to Trustee, his counsel, his agents, and SIPC to assist in the Trustee's ongoing investigation of the BLMIS fraud and, among other things, to provide truthful and complete testimony by declaration, at deposition, or at trial.

25.   During the period of defendant's incarceration, defendant's counsel shall assist as necessary to make defendant reasonably available to Trustee, SIPC her counsel, and her agents to assist in the Trustee's ongoing investigation.

26.   If Trustee and/or SIPC request defendant's counsel to travel in connection with defendant's cooperation in any pending or future proceeding to recover Customer Property, Trustee and/or SIPC shall reimburse defendant's counsel for reasonable expenses.

27.  Notwithstanding the release contained in Paragraph 7, in the event that defendant fails to cooperate as required in Paragraph 24, this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment shall operate as, and is, a tolling agreement which allows Trustee to re-assert any and all of the avoidance claims which Trustee asserted against defendant in the Adversary Proceeding, within one (1) year of the date of such failure to cooperate notwithstanding section 546(a) of the Bankruptcy Code, and defendant hereby waives, and agrees not to get the benefit of, any statute of limitations defense in connection with such re-asserted claims.

28.  Defendant's obligation to cooperate, as provided in Paragraph 24, shall terminate upon the earlier of the date the BLMIS SIPA Liquidation Proceeding is closed pursuant to SIPA, or as otherwise provided by a final, non-appealable order closing the BLMIS SIPA Liquidation Proceeding.

29.  Each party shall bear his/her/its own costs and attorneys' fees.

30.  This Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment constitutes the entire agreement between the parties on the matters raised herein, and no other statement, promise or agreement, either

23

written or oral, made by either party or agents of either party,
that is not contained in this written Amended Consent
Preliminary Order of Forfeiture as to Specific Property/Money
Judgment shall be enforceable.

31.   Notwithstanding anything to the contrary herein,
this Amended Consent Preliminary Order of Forfeiture as to
Specific Property/Money Judgment is expressly subject to and
contingent upon the approval of the Court. If this Amended
Consent Preliminary Order of Forfeiture as to Specific
Property/Money Judgment, or any portion hereof, is not approved
of by the Court or if it is overturned or modified on appeal,
all funds transferred by the Government shall be returned, this
Amended Consent Preliminary Order of Forfeiture as to Specific
Property/Money Judgment shall be null and void.

32.   Notwithstanding anything to the contrary herein,
this Amended Consent Preliminary Order of Forfeiture as to
Specific Property/Money Judgment is expressly subject to and
contingent upon the conviction of defendant, Annette Bongiorno,
and if her conviction is overturned on appeal, all funds
transferred to the Trustee shall be transferred to the
Government.

33.   The Court shall have exclusive jurisdiction over
the interpretation and enforcement of this Amended Consent

24

Preliminary Order of Forfeiture as to Specific Property/Money

Judgment and shall retain jurisdiction to amend it as necessary,

pursuant to Rule 32.2(e) of the Federal Rules of Criminal

Procedure.

34.    Pursuant to Rule 32.2(b)(3) of the Federal Rules

of Criminal Procedure, upon entry of this Amended Consent

Preliminary Order of Forfeiture as to Specific Property/Money

Judgment, the United States Attorney's Office is authorized to

conduct any discovery needed to identify, locate or dispose of

forfeitable property, including depositions, interrogatories,

requests for production of documents and the issuance of

subpoenas, pursuant to Rule 45 of the Federal Rules of Civil

Procedure.

[SPACE INTENTIONALLY LEFT BLANK]

35.    The Clerk of the Court shall forward three certified copies of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Niketh Velamoor, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

STIPULATED TO:

PREET BHARARA
United States Attorney
Southern District of New York
United States of America

By: _____        June 1, 2016
    Niketh Velamoor                   _____
    Jonathan Cohen                        Date
    Assistant United States Attorneys
    One Saint Andrews Plaza
    New York, New York 10007
    (212) 637-1076

IRVING H. PICARD
TRUSTEE

By: _____        May 31, 2016
    Irving H. Picard, Esq.            _____
    As Trustee                           Date

By: _____        May 31, 2016
    Fernando Bohorquez, Esq.          _____
    Keith Murphy, Esq.                   Date
    David Sheehan, Esq.
    Baker Hostetler, LLP
    45 Rockefeller Plaza
    New York, NY 10017
    Tel: (212) 878-7960
    Fax: (212) 692-0940

26

ANNETTE BONGIORNO
DEFENDANT

By: _____          6/8/16
    Annette Bongiorno                           Date

By: _____          6/13/15
    Roland Riopelle, Esq.                       Date
    Attorney for Defendant

RUDY BONGIORNO


By: _____          _____
    Rudy Bongiorno                              Date


By: _____          _____
    James Druker, Esq.                          Date
    Attorney for Rudy Bongiorno



SO ORDERED:


_____              _____
HONORABLE LAURA TAYLOR SWAIN                    DATE
UNITED STATES DISTRICT JUDGE

27

ANNETTE BONGIORNO
DEFENDANT

By: _____          _____
    Annette Bongiorno                    Date

By: _____          5/25/16
    Roland Riopelle, Esq.                Date
    Attorney for Defendant

RUDY BONGIORNO

By: _____          6/20/16
    Rudy Bongiorno                       Date

By: _____          5/24/16
    James Druker, Esq.                   Date
    Attorney for Rudy Bongiorno


SO ORDERED:


_____              _____
HONORABLE LAURA TAYLOR SWAIN             DATE
UNITED STATES DISTRICT JUDGE


27

## SCHEDULE A

The Released Stocks consist of:

<u>E*Trade Account</u>

1.   8,000 shares of ProShares Ultra QQQ ETF stock (QLD);

2.   18,752 shares of Direxion Daily Real Estate Bull 3X
     Shares (DRN);

3.   26,129 shares of Direxion Daily Technology Bull 3X Shares
     (TYH/TECL);

4.   3000 shares of PowerShares QQQ Trust ETF (QQQ);

5.   666 shares of SPDR Barclays Capital High Yield Bond ETF
     (JNK);

6.   2000 shares of iShares Russell 2000 (IWM);

7.   330.021 shares of Fidelity Select Brokerage & Investment
     Management Fund (FSLBX);

8.   261.769 shares of Fidelity Select Communications
     Equipment Fund (FSDCX);

9.   305.733 shares of Fidelity Select Computers Portfolio
     Fund (FDCPX);

10.  342.937 shares of Fidelity Select Electronics Portfolio
     Fund (FSELX);

11.  135.777 shares of Fidelity Financial Services Portfolio
     Fund (FIDSX);

12.  119.511 shares of Fidelity Select Health Care Portfolio
     Fund (FSPHX);

13.  133.472 shares of Fidelity Select Leisure Portfolio Fund
     (FDLSX);

14.  219.511 shares of Fidelity Select Multimedia Portfolio
     Fund (FBMPX);

28

15.  321.493 shares of Fidelity Select Retailing Portfolio Fund (FSRPX);

16.  184.556 shares of Fidelity Select Software & IT Services Portfolio Fund (FSCSX);

17.  268.092 shares of Fidelity Select Technology Portfolio Fund (FSPTX);

18.  157.163 shares of Fidelity Select Telecommunications Fund (FSTCX)

19.  512.948 shares of The Hartford Mutual Funds Inc. Small Company Fund (IHSAX);

20.  686.664 shares of The Hartford Mutual Funds Inc. International Opportunities Fund (IHOAX);

21.  555.296 shares of The Hartford Mutual Funds Inc. MidCap Fund (HFMCX);

22.  100,000 shares of PIMCO Municipal Income Fund (PMF);

SunTrust Account

1.  600 shares of Pfizer Inc. (PFE);

2.  791.139 shares of Royce Opportunity Fund Investment Class (RYPNX);

3.  400 shares of iShares Russell 1000 Growth Index Fund (IWF);

4.  350 shares of iShares Russell 1000 Value Index Fund (IWD);

5.  225 shares of iShares Russell 2000 Growth Index Fund (IWO);

6.  75 shares of SPDR S & P MidCap 400 ETF (MDY);

7.  250 shares of Vanguard FTSE Emerging Markets ETF (VWO);

8.  295 shares of Vanguard FTSE Europe ETF (VGK);

9.   265 shares of Vanguard FTSE Pacific ETF (VPL);

10.  828.125 shares of ARMOUR Residential REIT, Inc. (ARR); and

11.  Cash in the amount of $38,983.91.


### SCHEDULE B

The Recovered Stocks consist of:

E*Trade Account

1.   22,390 shares of TICC Capital Corp. (TICC);

2.   23,206.095 shares of Franklin Income Fund (FKINX);

3.   2,307.137 shares of Franklin Mutual Shares Fund (TESIX);

4.   202,586.016 shares of Oppenheimer Rochester High Yield Municipal Fund (ORNAX);

5.   2,504.321 shares of Templeton Growth Fund, Inc. (TEPLX);

6.   72,000 shares of ProShares Ultra QQQ (QLD);

7.   75,008 shares of Direxion Daily Real Estate Bull 3x Shares (DRN); and

8.   104,515 shares of Direxion Daily Technology Bull 3X Shares (TYH/TECL).

SunTrust Assets

1.   750 shares of iShares China Large-Cap ETF (FXI);

2.   3,000 shares of PowerShares International Dividend Achievers Portfolio Fund (PID); and

3.   2,000 shares of SPDR Homebuilders ETF (XHB).