# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 17, 2016

Seanna R. Brown
direct dial: 212.589.4230
sbrown@bakerlaw.com

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as Trustee for the substantively consolidated SIPA liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff. We write to respond to the letters of today from Ms. Chaitman and Mr. Kirby, and to enclose a letter to your Honor from Mr. Roland Riopelle, counsel to Annette Bongiorno, attached hereto as Exhibit A. Mr. Riopelle does not have ECF credentials for the Bankruptcy Court. Given that a hearing on the matter of Ms. Bongiorno's deposition is scheduled for Monday at 10 a.m., Mr. Riopelle requested that we file it on his behalf. These letters relate to the Trustee's request that the Court permit a meaningful deposition of Ms. Bongiorno to go forward on or around July 8, 2016. ECF No. 13514.

    The Trustee's request to reschedule Ms. Bongiorno's deposition is grounded in a good faith basis to obtain—at the Court's direction—the testimony of a longstanding employee of BLMIS with relevant information on the profit withdrawal issue. As stated in the attached letter, Ms. Bongiorno's counsel confirmed that Ms. Bongiorno does indeed have relevant information on profit withdrawals. The Trustee's belief that Ms. Bongiorno has such information is further supported by the testimony of other deponents in this matter. As those transcripts are currently confidential under the protective orders entered by this Court, ECF Nos. 13060 and 13358, the Trustee will not detail that testimony here. But Mr. Kirby's conjecture that Ms. Bongiorno "is not likely to have relevant first hand knowledge about the Profit Withdrawal transactions" is

Honorable Stuart M. Bernstein
June 17, 2016
Page 2

flatly contradicted by the record. That objection is not only unfounded but misplaced since Ms. Bongiorno's knowledge is precisely what a deposition would uncover. Moreover, Mr. Kirby, Ms. Chaitman, and Mr. Dexter have pursued a line of questioning regarding Ms. Bongiorno personally at these depositions that further make Ms. Bongiorno's testimony relevant. If the Court wishes, the Trustee can make an *in camera* submission to the Court of the testimony and lines of questioning pursued by counsel.

Although Mr. Kirby characterizes the profit withdrawal fact discovery as "endless," the Trustee is making a narrow request to obtain a meaningful deposition of a single witness outside of the Court-ordered discovery period. As he did not attend the deposition on June 6, Mr. Kirby has not incurred any costs relating to this deposition, nor will he in the future unless he elects to travel to Florida. Further, a deposition held on July 8 will have no impact on Mr. Kirby's preferred briefing schedule. Quite simply, there is no prejudice to Mr. Kirby's clients. The only reason to object to this deposition is to prevent the Trustee from obtaining relevant evidence to support his Motion, an endeavor this Court should not permit.

Ms. Chaitman's objection to the deposition of Ms. Bongiorno is equally baseless. In essence, Ms. Chaitman suggests that the Trustee's counsel and Mr. Riopelle traveled to Florida on a Sunday and incurred their own travel costs knowing that Ms. Bongiorno would not testify on June 6. Aside from being nonsensical, it is false. Although Ms. Bongiorno and her husband had not signed the settlement agreement as of June 6, the possibility that she would provide testimony remained open up to the day of the deposition, a fact that Mr. Riopelle confirms in his letter. Given that Ms. Bongiorno is a highly relevant witness and the discovery period was set to close the following Monday, June 13, the Trustee had no choice but to press forward in the hopes that Ms. Bongiorno would follow through and provide testimony as she had previously indicated (through her counsel) that she would. The Trustee has no interest in incurring unnecessary costs or taking needless trips to federal prisons—as evidenced by the fact that Ms. Crupi's deposition was not even scheduled by the Trustee after Ms. Crupi's counsel confirmed that Ms. Crupi would assert her rights under the Fifth Amendment.

The Trustee worked diligently to complete fact discovery by June 13. Permitting a single deposition outside the discovery period will not prejudice any party. To the contrary, the deposition of Ms. Bongiorno could assist this Court in resolving the issues relating to profit withdrawals, particularly given her longstanding employment at BLMIS and knowledge on relevant issues. It could further assist in resolving certain issues that Mr. Kirby, Ms. Chaitman, and Mr. Dexter have raised specifically relating to Ms. Bongiorno in other depositions. Moreover, now that Ms. Bongiorno, her counsel, her husband, and his counsel have signed a global settlement agreement with the United States Attorney's Office and the Trustee, which agreement was "so ordered" by Judge Laura T. Swain of the United States District Court for the Southern District of New York, attached hereto as Exhibit B, no impediments remain to her providing testimony on or around July 8. For all of the above reasons, we respectfully request that the Court permit Ms. Bongiorno's deposition to go forward.

Honorable Stuart M. Bernstein
June 17, 2016
Page 3

Respectfully submitted,

*/s/ Seanna R. Brown*

Seanna R. Brown

cc: Helen Chaitman, Esq.
Gregory Dexter, Esq.
Richard Kirby, Esq.
David J. Sheehan, Esq.
Amy E. Vanderwal, Esq.