UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN PALKO ASSOCIATES, GLORIA JAFFE INVESTMENT PARTNERSHIP, AND THE MILLER PARTNERSHIP**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Palko Associates, the Gloria Jaffe Investment Partnership, and The Miller Partnership (the "Motion"), the Trustee selected three BLMIS accounts (collectively, the "Accounts"): 1CM563 held by Palko Associates,

1EM091 held by Gloria Jaffe Investment Partnership, and 1ZA977 held by The Miller Partnership (collectively, the "Partnerships").

4. A list of Objecting Claimants associated with one or more of the Partnerships whose claims are dealt with by this Motion is annexed as Exhibit 2 to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants associated with one or more of the Partnerships, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised the service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed and caused to be entered into our system each response to Requests for Admission or to Interrogatories that were received by our office. All of the Objecting Claimants failed to respond.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Partnership account files as contained in the books and records of BLMIS.

7. The Objections to Determination filed on behalf of the Objecting Claimants associated with Palko Associates, Gloria Jaffe Investment Partnership, and The Miller Partnership were filed by Helen Chaitman of Becker & Poliakoff LLP.[1] To clarify attorney

---

[1] The Objection to Determination filed on behalf of The Miller Partnership was filed by Helen Chaitman of Phillips Nizer LLP.

2

representation issues, on September 19, 2013, we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on October 4, 2013 and December 2, 2013, and indicated on both occasions that she did not represent any of the Objecting Claimants in connection with the Trustee's discovery requests.

### Service of Requests for Admission and Other Discovery

8. I caused discovery to be served on Objecting Claimants through counsel or in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims, objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

9. Prior to Ms. Chaitman's clarification of her representation status, I caused discovery to be served on Objecting Claimants claiming customer status through the Gloria Jaffe Investment Partnership and the Miller Partnership by sending discovery to Ms. Chaitman. Copies of the complete discovery as sent, with cover letters and certificates of service, are attached as Exhibits 1 and 2. No response was received to any of this discovery.

10. Because Ms. Chaitman clarified that she did not represent any of the Objecting Claimants for purposes of discovery, Requests for Admission, Interrogatories, and Requests for Production were ultimately served on all the Objecting Claimants personally. None of the Requests for Admission (nor any of the other discovery) as to any of the Objecting Claimants was responded to.

### Documents Produced

11. None of the Objecting Claimants produced documents in response to the

3

Trustee's discovery requests.

### *Pro Se* Objecting Claimants Who Failed To Respond To Requests For Admission

12. Each of the Objecting Claimants received twelve (12) identical Requests for Admission in their discovery packages. The Palko Associates Objecting Claimants received one additional request for admission, and The Miller Partnership Objecting Claimants received two additional requests for admission.

13. The Palko Associates Objecting Claimant received a package with thirteen identical numbered Requests for Admission.

14. A true and accurate copy of the complete package served on Palko Associates Objecting Claimant Carol A. Kozloff is attached hereto as Exhibit 3.

15. The Gloria Jaffe Investment Partnership Objecting Claimants received a package with twelve identical numbered Requests for Admission.

16. A true and accurate copy of the complete package served on Gloria Jaffe Investment Partnership Objecting Claimant Colette Jaffe is attached hereto as Exhibit 4.

17. A true and accurate copy of the complete package served on Gloria Jaffe Investment Partnership Objecting Claimant Philip Jaffe is attached hereto as Exhibit 5.

18. The Miller Partnership Objecting Claimants received a package with fourteen identical numbered Requests for Admission.

19. A true and accurate copy of the complete package served on The Miller Partnership Objecting Claimants E. Danessa Miller and Steven F. Miller is attached hereto as Exhibit 6.

20. A true and accurate copy of the complete package served on The Miller Partnership Objecting Claimant Steven F. Miller is attached hereto as Exhibit 7.

4

21. A true and accurate copy of the complete package served on The Miller Partnership Objecting Claimant EDM Trust #1 C/O E. Danessa Miller is attached hereto as Exhibit 8.

22. Exhibits 3 through 8 each contain the cover letter, Requests for Admission, Interrogatories, Requests for Production, and Certificate of Service as mailed to the Objecting Claimants.

### Miscellaneous Exhibits

23. Attached hereto as Exhibit 9 are selected pages of the transcript of the hearing held February 25, 2015 regarding the Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships (ECF No. 8734).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2016
New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111