**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN PALKO ASSOCIATES, GLORIA JAFFE INVESTMENT PARTNERSHIP, AND THE MILLER PARTNERSHIP**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

      1.      I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff").

      2.      In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Palko Associates, the Gloria Jaffe Investment Partnership, and The Miller Partnership (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected three BLMIS accounts held by the following: 1CM563 held by Palko Associates, 1EM091 held by Gloria Jaffe Investment Partnership, and 1ZA977 held by The Miller Partnership (collectively, the "Partnerships"), which accounts (the "Accounts") are listed on Exhibit 1.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account of which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, Corporate and/or Partnership materials, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Partnerships. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Partnerships and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Partnership.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 7 claims and 3 objections filed by Objecting Claimants who claim to hold an interest in one or more of the Partnership accounts and that have outstanding objections to the Trustee's determination of their claims. A fourth objection, filed by The Miller Partnership argues for customer status for each of its partners and is included to the extent of that argument only. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the Account-holding Partnership to which the

3

Objecting Claimants claim a right, and the Partnership BLMIS Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13. Each of the Partnerships filed a claim related to its Account seeking a distribution from the fund of customer property for its Account.

14. A letter of determination was sent to each of the Jaffe Partnership and The Miller Partnership, denying their customer claims on the grounds that they were net winners, *i.e.*, that they had withdrawn more money from their BLMIS Accounts than had been deposited.

15. A letter of determination was not sent to Palko Associates because the Trustee brought a preferential payment lawsuit against Palko Associates that was subsequently settled. As part of that settlement, Palko Associates' claim was allowed in part and Palko Associates has received distributions.

16. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for Palko Associates.

17. Attached hereto as Exhibit 5 is a true and correct copy of claim 011228, filed with the Trustee by Carol A. Kozloff.

18. Attached hereto as Exhibit 6 is a true and correct copy of the November 30, 2008 statement for Palko Associates.

19. Attached hereto as Exhibit 7 is a true and correct copy of the BLMIS customer file for the Gloria S. Jaffe Investment Partnership.

4

20. Attached hereto as Exhibit 8 is a true and correct copy of claim 012832, filed with the Trustee by Colette Jaffe.

21. Attached hereto as Exhibit 9 is a true and correct copy of claim 012823, filed with the Trustee by Phillip Jaffe.

22. Attached hereto as Exhibit 10 is a true and correct copy of the November 30, 2008 statement for the Gloria S. Jaffe Investment Partnership.

23. Attached hereto as Exhibit 11 is a true and correct copy of the BLMIS customer file for The Miller Partnership.

24. Attached hereto as Exhibit 12 is a true and correct copy of claim 012258, filed with the Trustee by Steven F. Miller.

25. Attached hereto as Exhibit 13 is a true and correct copy of claim 012259, filed with the Trustee by E. Danessa Miller and Steven Frank Miller.

26. Attached hereto as Exhibit 14 is a true and correct copy of 012260, filed with the Trustee by EDM Trust #1.

27. Attached hereto as Exhibit 15 is a true and correct copy of the November 30, 2008 statement for The Miller Partnership.

28. The Accounts were in the names of their respective Partnership, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto. The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2016
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022