# LAW OFFICE OF
# RICHARD E. SIGNORELLI
## ATTORNEY AT LAW

799 Broadway, Suite 539, New York, New York  10003

Telephone:  (212) 254-4218   Cellular: (917) 750-8842   Facsimile: (212) 254-1396

rsignorelli@nycLITIGATOR.com℠

www.nycLITIGATOR.com℠

June 24, 2016

**BY ECF & E-MAIL (bernstein.chambers@nysb.uscourts.gov)**
Honorable Stuart M. Bernstein
United States Bankruptcy Court, SDNY
One Bowling Green
New York, New York 10004

    Re:    <u>Picard v. The Lustig Family 1990 Trust</u>, Adv. Pro. No. 10-4417 ("Trust Case")
             <u>Picard v. David Ivan Lustig</u>, Adv. Pro. No. 10-4554 ("IRA Case")

Dear Judge Bernstein:

        We are counsel in the above-referenced cases for defendants David Lustig and The Lustig Family 1990 Trust ("Trust"), innocent good-faith investors who have been devastated by the total loss of millions of dollars that they had invested with Bernard L. Madoff Investment Securities LLC ("BLMIS").  I respectfully write: (1) to request leave for Mr. Lustig and the Trust to file motions for summary judgment prior to the close of discovery; and (2) in opposition to the Trustee's request that the Court enter the Case Management Notices filed on June 22, 2016.  We are seeking leave to file summary judgment motions at this stage because all the material facts supporting summary judgment are undisputed and/or conclusively established by documents previously produced to the Trustee more than four (4) years ago.  There is no need for further costly and time-consuming discovery to resolve these matters.

        These cases present unique and compelling facts that are unlike those in any other Madoff-related proceeding of which we are aware.  Specifically, in both the IRA Case and the Trust Case. all the funds transferred from BLMIS that the Trustee is seeking to recover have in fact been returned to the BLMIS estate.  In the IRA Case, the Trustee is claiming that Mr. Lustig received "fictitious profits" of $1,863,225 as a result of a $2,000,000 withdrawal that he made from his IRA account.  However, as a matter of indisputable fact, Mr. Lustig did not actually receive any profit whatsoever since he immediately reinvested the entire $2,000,000 that he withdrew right back into BLMIS through a feeder fund and lost all of it when Madoff's fraud was discovered.  Similarly, the Trustee is claiming in the Trust Case that the Trust received "fictitious profits" of $4,241,336 following a $5,000,000 withdrawal even though, as a matter of indisputable fact, the Trust did not actually receive any profit whatsoever since it immediately reinvested the entire $5,000,000 that it withdrew right back into BLMIS through a feeder fund and lost all of it when Madoff's fraud was discovered.  The only reason the aforementioned withdrawals took place was to immediately reinvest the money back into BLMIS. In bringing these avoidance actions to recover such fictional "fictitious profits", the Trustee is essentially trying to make Mr. Lustig and the Trust return to the BLMIS estate money that they never actually received and that in fact has already been returned to the BLMIS estate.

No court sitting in equity should permit such a fundamentally unfair and unreasonable result, i.e., order Mr. Lustig and the Trust to disgorge funds that they never actually received and that in fact was immediately returned to the BLMIS estate. Importantly, a bankruptcy court may exercise its equity powers under 11 U.S.C. § 105(a) to grant an "equitable credit" to a transferee of an avoidable transfer to the extent the transferee had already previously paid the money back to the debtor. See, e.g., Dobin v. Presidential Fin. Corp. of Delaware Valley, 312 B.R. 262, 272-73 (Bankr. D.N.J. 2004). The unique, indisputable facts here present a powerful case for granting such an "equitable credit" to Mr. Lustig and the Trust. In the absence of such relief, Mr. Lustig would effectively lose his entire net worth that is entirely derived from non-Madoff sources including the sale of Mr. Lustig's business in 2001.

The compelling equities aside, the Trustee's attempt to recover from Mr. Lustig and the Trust money that they have already returned to the BLMIS estate violates the single satisfaction rule. This rule, codified at 11 U.S.C. § 550(d), "bars double recovery of avoidable transferred property." In re Meredith (Terry v. Meredith), 367 B.R. 558, 563 (E.D. Va. 2007). It "empowers courts to prohibit a trustee from recovering under Section 550(a) from a transferee that has already returned to the estate that which was taken in violation of the Code." In re Cybridge Corp. (Dobin v. Presidential Fin. Corp. of Del. Valley), 312 B.R. 262, 271 (D.N.J. 2004). Here, as discussed above, the alleged "fictitious profits" that the Trustee is seeking to recover in the IRA Case and the Trust Case have already been returned to the BLMIS estate. Allowing the Trustee to now clawback this money again from Mr. Lustig and the Trust would result in a double recovery to the estate that plainly violates the single satisfaction rule.[1]

All the facts outlined above supporting Mr. Lustig's and the Trust's position are indisputable and conclusively established by documents previously produced to the Trustee. Accordingly, we respectfully request leave to file motions for summary judgment on their behalf prior to the close of discovery. We would propose the following briefing schedule for the motions: (1) main moving papers filed by September 30, 2016; (2) opposition papers filed by October 30, 2016; and (3) reply papers filed by November 18, 2016.

Finally, as the motions may dispose of these cases entirely and thus obviate the need for any further discovery, we respectfully request that the Court postpone entry of the Case Management Notices pending the disposition of the motions. Thank you for your consideration of this request.

Respectfully submitted,

/s/ Richard E. Signorelli
Richard E. Signorelli

cc (by e-mail): Nicholas J. Cremona, Esq. (ncremona@bakerlaw.com)
Dean D. Hunt, Esq. (dhunt@bakerlaw.com)

---

[1] Other theories that will be raised in the proposed motions that also support giving Mr. Lustig and the Trust a credit for the money that they reinvested in BLMIS and subsequently lost include recoupment and the right of set-off.