UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION<br><br>　　　　　Defendants. | Adv. Pro. No. 09-01182 (SMB) |

**STIPULATION AND ORDER OF REDACTION OF THE JUNE 23, 2016 TRANSCRIPT**

The plaintiff, Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff, by and through his undersigned counsel, and defendants J. Ezra Merkin, Gabriel Capital Corporation, Ascot Partners, L.P. and Ascot Fund Ltd., (collectively, the "Defendants," and with the Trustee, "the Parties"), by and through their undersigned counsel, hereby agree and stipulate as follows:

1. On June 1, 2016, the Parties participated in a hearing on the Defendants' Motion for Summary Judgment. During that hearing, Ms. Hoang inadvertently stated the name of an

entity that was designated as confidential pursuant to the terms of the June 6, 2011 Litigation Protective Order, ECF 4137, and agreement with the Trustee.  In order to protect the confidentiality of that entity, the Parties agree to redact the name of that entity from the transcript of the hearing on the Motion for Summary Judgment (the "Transcript").  The entity is mentioned on Pg. 61, line 1, of the Transcript.

2. A copy of the proposed redacted page is attached as Exhibit A.

3. In accordance with Federal Rule of Bankruptcy Procedure 9037(d), the Parties hereby request that the Court order that Pg. 61, line 1 of the Transcript be redacted as provided on Exhibit A hereto, before the Transcript is released publically.

Dated: June 23, 2016

New York, New York

| */s/ Lan Hoang* | */s/ Judith A. Archer* |
|---|---|
| **Baker & Hostetler LLP** | **Norton Rose Fulbright US LLP** |
| 45 Rockefeller Plaza | 666 Fifth Avenue |
| New York, New York 10111 | New York, New York 10103 |
| Telephone: (212) 589-4200 | Telephone: (212) 521-5400 |
| Facsimile: (212) 589-4201 | Facsimile: (212) 521-5450 |
| David J. Sheehan | Judith A. Archer |
| Email: dsheehan@bakerlaw.com | Email: Judith.archer@nortonrosefulbright.com |
| Lan Hoang | Jami Mills Vibbert |
| Email: lhoang@bakerlaw.com | Email: jami.vibbert@nortonrosefulbright.com |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | *Attorneys for Receiver of Ascot Partners and Ascot Fund* |

*/s/ Neil A. Steiner*
**Dechert LLP**
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: (212) 698-3822
Facsimile: (212) 698-3599
Neil A. Steiner
neil.steiner@dechert.com

*Attorneys for Gabriel Capital Corporation
and J. Ezra Merkin*

SO ORDERED:       **/s/ STUART M. BERNSTEIN**
June 23rd, 2016      **Honorable Stuart M. Bernstein**
     **United States Bankruptcy Judge**

EXHIBIT A

1  having meetings with ▌▌▌▌ -- excuse me, Your Honor,
2  Research Company A.
3       THE COURT:  Uh huh.
4       MS. HOANG:  He's talked about that.  He's talked
5  about Reichmuth & Company, and he's talked about UBP.  That
6  UBP meeting took place in 2008.  And, from that UBP meeting,
7  which is due diligence that Mr. Merkin relies on, even
8  though he doesn't -- has no analysis from them, he says that
9  they maintained their investment.
10      No, they tried to redeem half of their investment.
11 They were just too late.  They put in a redemption request
12 in November of 2008.  They were too late.  So, I mean, not
13 just -- so he let those individuals in late in the game.  He
14 didn't allow Noreen Harrington, who was with Sterling Stamos
15 -- Sterling Equities; Jason Orchard; and Cambridge
16 Associates.  They asked repeatedly for meetings.  He
17 wouldn't let them talk to Madoff.
18      So, not only does he not -- he prevent other
19 investors from meeting with Madoff, he also makes
20 misrepresentation to his investors.
21      THE COURT:  What's the relevance of that?  I read
22 that in your brief, and I just don't know what the relevance
23 of that is.
24      MS. HOANG:  On willful blindness and conscious
25 disregard, once he -- if the Trustee puts forth or rebuts