**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Nicolas J. Cremona
Michael R. Matthias

*Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>            Plaintiff,<br><br>    v.<br><br>ESTATE OF JEROME I. GELLMAN, FLORENCE GELLMAN, as personal representative, and KENNETH GELLMAN,<br><br>            Defendants. | Adv. Pro. No. 10-05117 (SMB) |

## STIPULATION AND ORDER DISMISSING
## DEFENDANT KENNETH GELLMAN

WHEREAS, on December 2, 2010 Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Kenneth Gellman ("Defendant"), and others, in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, Defendant submitted to the Trustee a hardship application (the "Hardship Application") requesting that the Trustee agree to dismiss Defendant from the Adversary Proceeding. In support of the Hardship Application, Defendant submitted to the Trustee financial statements and other information, all under penalty of perjury; and

WHEREAS, in reliance on the representations made by Defendant in the Hardship Application and other representations and/or materials submitted by Defendant in support of the Hardship Application, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss Defendant from the Adversary Proceeding;

IT IS HEREBY agreed and stipulated between the Trustee and Defendant as follows:

1. Defendant hereby affirms (i) that all representations made by Defendant and all materials provided by Defendant have been submitted by Defendant as true and correct under penalty of perjury and (ii) that the Trustee has relied upon these materials in exercising his discretion to dismiss Defendant from the Adversary Proceeding.

2. Defendant hereby agrees that to the extent it is subsequently determined that Defendant deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with the Hardship Application,

Defendant hereby agrees (i) that the Trustee shall have the right to reinstitute the Adversary Proceeding against Defendant and/or pursue other remedies available to him and (ii) that Defendant agrees that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims and notwithstanding section 546(a) of the Bankruptcy Code, Defendant hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041, the Trustee and Defendant hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof, the Trustee's claims against Defendant are dismissed with prejudice.

4. Upon the dismissal of Defendant, the caption of the Adversary Proceeding is hereby amended to delete Defendant from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

[SIGNATURES CONTINUED ON NEXT PAGE]

Dated June 24, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**

11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: /s/ *Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and for the Estate of
Bernard L. Madoff*

/s/ Kenneth Gellman
Kenneth Gellman
84 Dascomb Road
Andover MA 01810
Telephone: 973.896.4624

*Defendant Pro Se*

SO ORDERED

Dated: June 24th, 2016
New York, New York

   /s/ STUART M. BERNSTEIN
  HONORABLE STUART M. BERNSTEIN
  UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05117 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF JEROME I. GELLMAN and FLORENCE GELLMAN, as personal representative, | |
| Defendants. | |