**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                          Plaintiff,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                          Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                          Plaintiff,<br><br>     v.<br><br>HSBC BANK PLC, et al.,<br><br>                          Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**STIPULATION AND ORDER AUTHORIZING
INTERNATIONAL DISCOVERY**

WHEREAS, in light of the current procedural posture of this action (the "HSBC Action"), the Trustee and HSBC Bank plc, HSBC Bank Bermuda Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Securities Services (Bermuda) Limited, HSBC Securities Services (Luxembourg) Limited (the "HSBC Defendants," and together with the Trustee, the "Parties") dispute the proper timing of the commencement of discovery and the manner of discovery permissible as to the HSBC Defendants at this time.

WHEREAS, defendant Alpha Prime Fund Limited ("Alpha Prime") filed an answer to the Trustee's complaint in December 2014 and, in October 2015, agreed with the Trustee upon a case management order permitting the commencement of discovery between itself and the Trustee (the "Alpha Prime Case Management Order").

WHEREAS, the Trustee solicited the HSBC Defendants' input on the proposed Alpha Prime Case Management Order and the HSBC Defendants declined to comment, stating that they were not invited to participate in the Rule 26(f) conference regarding the proposed Alpha Prime Case Management Order and would not be parties to that case management order.

WHEREAS, the Bankruptcy Court entered the Alpha Prime Case Management Order on October 22, 2015, and on January 27, 2016, the Trustee served requests for the production of documents upon Alpha Prime, seeking documents concerning the Trustee's claims against Alpha Prime and Alpha Prime's defenses to those claims.

WHEREAS, in Alpha Prime's responses, it claimed that "most (if not all)" documents responsive to certain of the Trustee's requests were not in Alpha Prime's possession, but "currently reside[d] with HSBC PLC or any or all of its affiliated entities" in their capacities as service providers to or agents of Alpha Prime, but did not more specifically identify the HSBC entities that it believed holds any such responsive documents.

WHEREAS, to obtain the documents that Alpha Prime claimed were in the sole possession, custody, or control of "HSBC PLC or any or all of its affiliated entities," the Trustee served requests for the production of documents under Rule 34 of the Federal Rules of Civil Procedure (the "Rule 34 Requests") upon each of the HSBC Defendants, the service of which the Trustee asserted was proper under the Federal Rules of Civil Procedure.

2

WHEREAS, in response to the Rule 34 Requests, the HSBC Defendants asserted that, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, the Rule 34 Requests are not "considered to have been served" until the date of "the first Rule 26(f) conference," and given that the HSBC Defendants had not participated in a Rule 26(f) conference with the Trustee, they would not respond to or otherwise address the Rule 34 Requests until after they and the Trustee have held a Rule 26(f) conference. The HSBC Defendants also asserted, *inter alia*, that it would be premature to hold such a Rule 26(f) conference in light of their pending motion to dismiss on extraterritoriality grounds and their anticipated motion to dismiss on personal jurisdiction and other grounds.

WHEREAS, on April 13, 2016, counsel for the Trustee and the HSBC Defendants engaged in a meet and confer to discuss, among other things, their dispute concerning the appropriate timing and manner of discovery as to the HSBC Defendants.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel that:

1. As of the date of the entry of this Order, the Parties are authorized to engage in discovery in connection with the HSBC Action under the Hague Convention or through any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").

2. All discovery other than International Discovery shall be stayed until further order of this Court expressly authorizes discovery other than International Discovery or the Parties agree, by further stipulation, that discovery other than International Discovery shall be permitted to proceed.

3. Any Party that avails itself under this Order of International Discovery procedures

3

will not be deemed to have waived, prejudiced, or otherwise altered its right to conduct discovery under the Federal Rules.

4. No HSBC Defendant served with Rule 34 Requests will be required to respond to those requests until (a) further order of this Court expressly authorizes discovery other than International Discovery or the Parties agree, by further stipulation, that discovery other than International Discovery shall be permitted to proceed and (b) the Trustee and the HSBC Defendants participate in a Rule 26(f) conference, at which point the Rule 34 Requests will be considered served under Rule 26(d) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure.

5. Nothing in this Stipulation shall constitute a waiver of (a) any objections that any Party may have to any particular discovery that may be propounded, or (b) any jurisdictional or other defense that any Party may have.

6. This Stipulation may be signed by respective counsel for the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

[*remainder of this page intentionally left blank*]

Dated: June 24, 2016

| | |
|---|---|
| BAKER & HOSTETLER LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| By: */s/ Oren J. Warshavsky* <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br> Oren J. Warshavsky <br> Email: owarshavsky@bakerlaw.com <br> Geoffrey A. North <br> Email: gnorth@bakerlaw.com | By: */s/ Thomas J. Moloney* <br> One Liberty Plaza <br> New York, New York 10006-1470 <br> Telephone: (212) 225-2000 <br> Facsimile: (212) 225-3999 <br> Thomas J. Moloney <br> Email: tmoloney@cgsh.com <br> Joaquin P. Terceño <br> Email: jterceno@cgsh.com |
| *Attorneys for Plaintiff Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | *Attorneys for Defendants HSBC Bank plc, HSBC Bank Bermuda Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Securities Services (Bermuda) Limited, HSBC Securities Services (Luxembourg) Limited* |

**SO ORDERED:**

Dated: June 27th, 2016  
New York, New York

**/s/ STUART M. BERNSTEIN**  
HONORABLE STUART M. BERNSTEIN  
UNITED STATES BANKRUPTCY JUDGE