**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff,<br><br>                v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br><br>                v.<br><br>FITERMAN INVESTMENT FUND, *et al.*,<br><br>                Defendants. | Adv. Pro. No. 10-04354 (SMB) |

## STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS

The plaintiff, Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually, and defendants Fiterman Investment Fund, Verdeway Investment Partners LLC, Steven Fiterman, individually and in his capacity as General Partner of Fiterman Investment Fund, Susan Fiterman, individually and in her capacity as General Partner of Fiterman Investment Fund, Steven C. Fiterman Living Trust Dated 1/6/95, As Amended, and

Susan L. Fiterman Living Trust Dated 1/6/95, As Amended (together, the "Defendants"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, the Trustee alleges in the Complaint in this adversary proceeding that BLMIS made certain initial transfers to or for the benefit of Defendants Fiterman Investment Fund, Verdeway Investment Partners LLC, Steven Fiterman, in his capacity as General Partner of Fiterman Investment Fund, and Susan Fiterman, in her capacity as General Partner of Fiterman Investment Fund (together, the "Initial Transferee Defendants") relating to accounts maintained by Fiterman Investment Fund and Verdeway Investment Partners LLC held at BLMIS (the "Initial Transfers");

**WHEREAS**, the Initial Transferee Defendants subsequently transferred some or all of the Initial Transfers (the "Subsequent Transfers") to or for the benefit of Defendants Steven Fiterman and Susan Fiterman (together, the "Subsequent Transferee Defendants") as and to the extent further described herein;

**WHEREAS**, in Count One of the Trustee's Complaint, the Trustee seeks to avoid and recover from the Initial Transferee Defendants the Initial Transfers or their value as fraudulent pursuant to sections 548(a)(1)(A), 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), as well as section 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA");

**WHEREAS**, in Count Seven of the Trustee's Complaint, the Trustee seeks to recover from the Subsequent Transferee Defendants the Subsequent Transfers or their value as fraudulent pursuant to sections 548, 550(a) and 551 of the Bankruptcy Code as well as section 78fff-2(c)(3) of SIPA (the "Subsequent Transfers");

**WHEREAS**, all of the Defendants in this adversary proceeding raise certain defenses to the Trustee's claims in the Complaint; and

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the parties are entering into this stipulation in the interest of efficiency to avoid unnecessary litigation over discovery disputes.

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. Defendant Fiterman Investment Fund maintained Account 1F0085 in the name Fiterman Investment Fund C/O Ground Development ("Account 1F0085").

2. Defendant Verdeway Investment Partners LLC maintained Account 1V0019 in the name Verdeway Investment PTNRS LLC C/O Steven Fiterman ("Account 1V0019").

3. Columns 1-7 of Exhibit B to the Trustee's Complaint, which are incorporated herein by reference and attached hereto as Exhibit 1, accurately reflect all of the deposits, withdrawals and transfers in or out of Account 1F0085; provided that the Defendants reserve all rights regarding the quantification of any "Transfers of Principal In" to the extent that it is reflected in Exhibit B in an amount less than the "Transaction Amount Reported in Customer Statement."

4. Columns 1-7 of Exhibit B to the Trustee's Complaint, which are incorporated herein by reference and attached hereto as Exhibit 1, accurately reflect all of the deposits, withdrawals and transfers in or out of Account 1V0019; provided that the Defendants reserve all rights regarding the quantification of any "Transfers of Principal In" to the extent that it is reflected in Exhibit B in an amount less than the "Transaction Amount Reported in Customer Statement."

5. Column 4 of Exhibit B to the Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects all cash deposits made into Account 1F0085.

6. Column 4 of Exhibit B to the Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects all cash deposits made into Account 1V0019.

7. Column 5 of Exhibit B to the Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects all withdrawals from Account 1F0085.

8. Column 5 of Exhibit B to the Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects all withdrawals from Account 1V0019.

9. In Exhibit 2 attached hereto, Defendants have identified subsequent recipients of funds that Defendant Fiterman Investment Fund withdrew from Account 1F0085 between December 11, 2006 and December 11, 2008, including identifying the names of the recipients, the amounts received and the dates on which the money was provided.

10. In Exhibit 3 attached hereto, Defendants have identified subsequent recipients of funds that Defendant Verdeway Investment Partners LLC withdrew from Account 1V0019 between December 11, 2006 and December 11, 2008, including identifying the names of the recipients, the amounts received, and the dates on which the money was received.

11. Upon execution and entry of this stipulation, the Trustee agrees to: (a) withdraw (and not re-serve) any pending discovery served in the adversary proceeding, including Trustee's First Requests for Production of Documents served on Defendants on May 18, 2015, Trustee's

4

First Set of Interrogatories served on Defendants on May 22, 2015, and Trustee's First Set of Requests for Admission served on Defendants on September 21, 2015; (b) forgo service of additional fact discovery in the adversary proceeding; (c) withdraw any subpoenas pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) served on financial institutions where Defendants held accounts that received funds from BLMIS (the "Subpoenas"), except as concerns any documents produced to the Trustee pursuant to the Subpoenas to date; and (d) forgo service of any future Subpoenas. Notwithstanding the foregoing, the Trustee does not agree to withdraw, or forgo service of, any pending or future discovery requests targeting defenses asserted by Defendants.

12. By executing this stipulation, Defendants in no way concede or admit liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code, SIPA, or any other applicable law. Defendants likewise stipulate to no fact not expressly set forth herein. All rights and defenses of the Defendants are preserved and are not affected by this Stipulation, including, without limitation, the Defendants' right to assert (i) that the calculation of the Accounts' so-called "principal balance" should be adjusted as a result of inflation, the time value of money or other similar concepts, (ii) that the Defendants took any transfers they received in good faith and for value, and (iii) that inter-account transfers should be treated in a manner different from the way in which they are treated by the Trustee in the Complaint.

13. This stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to Defendants, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

5

14. This stipulation is without prejudice to Defendants to oppose any further claims asserted by the Trustee, including with respect to additional or other transfers as set forth above.

Dated:   New York, New York
         June 27, 2016

**WINDELS MARX LANE & MITTENDORF, LLP**

By: */s/ Howard L. Simon*
Howard L. Simon, Esq.
Kim M. Longo, Esq.
John J. Tepedino, Esq.
156 West 56th Street
New York, NY 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**LOEB & LOEB LLP**

By: */s/ Daniel B. Besikof*
P. Gregory Schwed, Esq.
Daniel B. Besikof, Esq.
345 Park Avenue
New York, New York 10154
Tel: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Defendants*

SO ORDERED:

Dated:  June 27th, 2016           /s/ STUART M. BERNSTEIN_____
New York, New York                HONORABLE STUART M. BERNSTEIN
                                  UNITED STATES BANKRUPTCY JUDGE

6

# Exhibit 1

Exhibit B

BLMIS ACCOUNT NO. 1F0085 - FITERMAN FOUND C/O GROUND DEVELOPMENT

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/29/1995 | TRANS FROM 1F002330 (1F0023) | 9,254,539 [1] | - | - | 4,170,000 | - | 4,170,000 | - | - | - |
| 12/29/1995 | TRANS FROM 1F007830 (1F0078) | 1,130,930 [1] | - | - | 1,000,000 | - | 5,170,000 | - | - | - |
| 1/19/1996 | CHECK | (500,000) | - | (500,000) | - | - | 4,670,000 | - | - | - |
| 3/22/1996 | TRANS FROM 1F002330 (1F0023) | 7,064 [2] | - | - | - | - | 4,670,000 | - | - | - |
| 3/22/1996 | TRANS FROM 1F007830 (1F0078) | 834 [2] | - | - | - | - | 4,670,000 | - | - | - |
| 4/19/1996 | CHECK | (500,000) | - | (500,000) | - | - | 4,170,000 | - | - | - |
| 4/14/1997 | CHECK WIRE | (1,000,000) | - | (1,000,000) | - | - | 3,170,000 | - | - | - |
| 1/2/1998 | TRANS TO 1F014730 (1F0147) | (100,000) | - | - | - | (100,000) | 3,070,000 | - | - | - |
| 1/5/1998 | CHECK | (250,000) | - | (250,000) | - | - | 2,820,000 | - | - | - |
| 12/31/2003 | TRANS FROM 1F015330 (1F0153) | 1,348,853 [3] | - | - | 737,282 | - | 3,557,282 | - | - | - |
| 10/10/2006 | CHECK WIRE | (13,000,000) | - | (13,000,000) | - | - | (9,442,718) | - | - | (9,442,718) |
| 4/17/2007 | CHECK WIRE | (2,000,000) | - | (2,000,000) | - | - | (11,442,718) | - | (2,000,000) | (2,000,000) |
| 1/2/2008 | TRANS TO 1V001930 (1V0019) | (27,103,084) [3] | - | - | - | - | (11,442,718) | - | - | - |
| | Total: | | $ - | $ (17,250,000) | $ 5,907,282 | $ (100,000) | $ (11,442,718) | $ - | $ (2,000,000) | $ (11,442,718) |

[1] Although BLMIS statements reflect that a larger transfer was made into the account on this date, a portion of the "transferred" funds consisted of fictitious profits which were never achieved and thus could not have been transferred. Accordingly, only the principal remaining in the originating account was transferred into this account on this date.

[2] Although BLMIS statements reflect that funds were transferred into this account on this date, these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred into the account on this date. Accordingly, the account balance has remained unchanged.

[3] Although BLMIS statements reflect that funds were transferred out of this account on this date, these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred out of the account on this date. Accordingly, the account balance has remained unchanged.

MADC1055_00000002

10-04354-smb    Doc 1    Filed 11/30/10    Entered 11/30/10 11:05:56    Main Document
Pg 28 of 32

Exhibit B

BLMIS ACCOUNT NO. 1V0019 - VERDEWARE PARTNERS LLC C/O STEVEN FITERMAN

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 | Column 10 | Column 11 |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Transaction Description | Transaction Amount Reported in Customer Statement | Cash Deposits | Cash Withdrawals | Transfers of Principal In | Transfers of Principal Out | Balance of Principal | 90-Day Preferential Transfers | 2-Year Fraudulent Transfers | 6-Year Fraudulent Conveyances |
| 1/2/2008 | TRANS FROM 1F008530 (1F0085) | 27,103,084 [1] | - | - | - | - | - | - | - | - |
| 1/11/2008 | CHECK WIRE | (3,000,000) | - | (3,000,000) | - | - | (3,000,000) | - | (3,000,000) | (3,000,000) |
| 11/4/2008 | CHECK WIRE | (1,250,000) | - | (1,250,000) | - | - | (4,250,000) | - | (1,250,000) | (1,250,000) |
| | Total: | | $ - | $ (4,250,000) | $ - | $ - | $ (4,250,000) | $ - | $ (4,250,000) | $ (4,250,000) |

[1] Although BLMIS statements reflect that funds were transferred into this account on this date, these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred into the account on this date. Accordingly, the account balance has remained unchanged.

MADC1055_00000003

# **Exhibit 2**

| Date of Transfer from BLMIS to Account Holder | Amount of Transfer | Recipient | Disposition of Transfer |
|---|---|---|---|
| April 17, 2007 | $2,000,000 | Fiterman Investment Fund | $2,000,000 transferred from Fiterman Investment Fund to Steven and Susan Fiterman on April 23, 2007 |

# Exhibit 3

| Date of Transfer from BLMIS to Account Holder | Amount of Transfer | Recipient | Disposition of Transfer |
|---|---|---|---|
| January 11, 2008 | $3,000,000 | Verdeway Investment Partners LLC | $3,000,000 transferred from Verdway Investment Partners LLC to Steven and Susan Fiterman on January 15, 2008 |
| November 4, 2008 | $1,250,000 | Verdeway Investment Partners LLC | $1,250,000 transferred from Verdeway Investment Partners LLC to Steven and Susan Fiterman on November 5, 2008 |