**Baker&Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 28, 2016

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:  Adv. Pro. No. 10-04417 (SMB); *Irving H. Picard v. The Lustig Family 1990 Trust, et al.;*

Adv. Pro. No. 10-04554 (SMB); *Irving H. Picard v. David Ivan Lustig*

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We respond to defense counsel's June 24, 2016 letter seeking to preclude the Trustee from taking <u>any</u> discovery until defendants file motions for summary judgment late this fall. Such motions would be premature and improper at this early stage of the proceedings and would only serve to further delay the cases from logically proceeding toward trial.

Contrary to defense counsel's assertion, "the material facts supporting summary judgment" are not "undisputed and/or conclusively established by documents previously produced to the Trustee . . . ." Defense counsel will not agree to a scheduling order, so the Trustee has not been able to take any discovery regarding his claims or defendants' purported affirmative defenses, in order to determine which facts are in dispute. The Trustee has not admitted to defendants' alleged reinvestment of funds withdrawn from their BLMIS accounts, which their counsel characterizes as "indisputable fact."[1]

---

[1] Defense counsel also mischaracterizes the Trustee's claims in Adv. Pro. No. 10-04417, stating that "the Trustee is claiming . . . that the Trust received 'fictitious profits' of $4,241,336

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

Honorable Stuart M. Bernstein
June 28, 2016
Page 2

Defendants claim their intent was to reinvest in BLMIS through a feeder fund, but the documents that counsel claims establish "indisputable facts" do not identify BLMIS as the desired investment option or establish the "only reason the [] withdrawals took place was to immediately reinvest the money back into BLMIS." Defendants' intention with regard to their investment and whether those same funds were, in fact, reinvested are fact issues that can only be resolved through discovery.

Moreover, defense counsel's legal theories, on which the motions would purportedly be based, are flawed. Defense counsel cites to *Dobin v. Presidential Fin. Corp. of Delaware Valley* (*In re Cybridge Corp*.), 321 B.R. 262, 272 (Bankr. D.N.J. 2004) for the proposition that "a bankruptcy court may exercise its equity powers under 11 U.S.C. § 105(a) to grant an 'equitable credit'" to defendants, "to the extent the [defendants have] previously paid the money back to the debtor." In *Dobin*, the exercise of the Court's section 105(a) powers was based on section 550(d), which limits a trustee to a "single satisfaction" of an avoidable transfer, thus restoring the debtor's estate to the condition it would have been in had the transfer never occurred. *Dobin,* 321 B.R. 262, 268-271. That did not happen here. Defendants claim they transferred money they withdrew from BLMIS to a fund that reinvested the money back into BLMIS. If true, that fact scenario is entirely different from *Dobin*. Defendants did not transfer money to the debtor's estate; they transferred it to a fund. As a result, the claims defendants seek to offset against their liability under SIPA, if they exist, are against the fund in which they purportedly invested – not against the debtor's estate, and such indirect claims cannot be used to offset defendants' avoidance liability. *See In re Bernard L. Madoff Inv. Sec. LLC*, 708 F.3d 422 (2d Cir. 2013); 15 U.S.C. § 78*lll*(2)(A); 15 U.S.C. § 78*lll*(2)(B) (a "customer" includes "any person who has deposited cash with the debtor for the purposes of purchasing securities" and "any person who has a claim against the debtor arising out of sales or conversions of such securities"). Further, upon information and belief, defendants may have taken advantage of the opportunity to seek redress from one or more funds by participating in litigation against those funds. If so, it appears that defendants – not the Trustee – are the ones seeking a double recovery.

Based on the foregoing, the Trustee respectfully requests that the Court deny outright defense counsel's request for leave to file summary judgment motions, and instead enter the Notices attached to our June 22, 2016 letter, so that the Trustee may proceed with the discovery to which he is entitled. Absent denial, all parties will incur needless fees and delay in responding to a very premature request to file summary judgment in these cases.

---

following a $5,000,000 withdrawal . . . ." The Trustee actually claims that defendants received fictitious profits of $4,241,336 as a result of a $5,000,000 withdrawal and two subsequent withdrawals totaling $2,000,0000. (See Dkt No. 55, Ex. A. ¶¶ 34-39 and Ex. B thereto.)

Honorable Stuart M. Bernstein
June 28, 2016
Page 3

                                                  Respectfully submitted,

                                                  */s/ Nicholas J. Cremona*
                                                  Nicholas J. Cremona

cc:   Richard E. Signorelli
       Bryan Ha
       Law Office of Richard E. Signorelli
       799 Broadway, Suite 539
       New York, NY 10003
       rsignorelli@nyclitigator.com
       richardsignorelli@gmail.com
       bhanyc@gmail.com