# Baker Hostetler

Baker&Hostetler LLP

PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

James H. Rollinson
direct dial: 216.861.7075
jrollinson@bakerlaw.com

April 18, 2016

**U.S. MAIL**

David Shapiro
c/o Barry R. Lax
Lax & Neville, LLP
1450 Broadway, 35th Floor
New York, New York 10018

Re:   Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789 (SMB) – Customer Claim No. 005656

Dear Mr. Shapiro:

As counsel to Irving H. Picard (the "Trustee"), in his capacity as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS" or the "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the estate of Bernard L. Madoff under Chapter 7 of the United States Bankruptcy Code (the "Liquidation Proceeding"), we write to you regarding the customer claim, designated as Claim No. 005656 (the "Customer Claim"), that you made as trustee on behalf of the Trust f/b/o the Children of David Shapiro in connection with BLMIS Account No. 1S0540 (the "Account").

Pursuant to an order entered in the Liquidation Proceeding on December 23, 2008, the Trustee is "authorized to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records, or are otherwise established to the satisfaction of the Trustee pursuant to 15 U.S.C. § 78fff-2(b), provided that the Trustee believes that no reason exists for not satisfying such claims and accounts." *Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief*, the Liquidation Proceeding (ECF No. 12). Based on the Trustee's analysis of the books and records of BLMIS, the amount of money that was deposited with BLMIS for the purchase of securities in connection with the Account totaled $152,421, and no money was withdrawn from the Account. No securities were ever purchased by BLMIS for the Account. The amount of "net-equity" in the Account thus is $152,421.

The books and records of BLMIS, together with records received by the Trustee from JP Morgan Chase Bank, N.A. ("JPMC"), reveal that certain of the money deposited with BLMIS in connection with the Account was in the form of checks drawn from a checking account (No. xxxxx0311 (the "Checking Account")) held at JPMC by your parents,

Stanley and Renee Shapiro. For your reference, I enclose copies of four such checks drawn from the Checking Account.[1] Each check was made payable to BLMIS, in the amount of $12,000, and dated February 28, 2008. The books and records of BLMIS further reveal that on February 25, 2008, BLMIS wired the sum of $350,000 to the Checking Account pursuant to a request made by Stanley Shapiro to withdraw funds from BLMIS Account No. 1SH172, which he and your mother held through S&R Investment Company. Based on the Trustee's analysis of Account No. 1SH172, all of the funds transferred into the Checking Account on that date consisted of fictitious profits from the Ponzi scheme at BLMIS. See Second Amended Complaint, the Adversary Proceeding (ECF No. 39 at page 93). Thus, in this particular instance, the Account appears to have been funded with fictitious profits received by your parents from BLMIS.

With the Customer Claim, you also included a letter dated February 27, 2009, wherein you represent that all of the $12,000 checks identified above constituted "gifts" for your two sons "[f]or their next birthdays." You further represent in your letter that prior to the opening of the Account, you maintained a custodial bank account for the benefit of your sons at JPMC (the "Custodial Account") and according to Exhibit B attached to your letter, on or about September 20, 2007, you transferred nearly all of the funds held in the Custodial Account – $104,420.66 of the $104,445.66 in available funds – into the Account.

Based on the foregoing, the Trustee believes that reason likely exists at this time for denying, either in whole or in part, the Customer Claim. We ask that you provide us with some additional information and documentation relating to the funding of the Account. As a start, please: (i) identify the source or the sources of the money (e.g., checks drawn from the Checking Account) deposited into the Custodial Account as well as the amount of each of deposit; (ii) describe the reason or reasons why the money was provided to you (e.g., earlier birthday gifts for your sons); and (iii) provide us with any and all underlying documentation bearing on these issues including, but not limited to, any relevant bank records.

If you should have any questions, please feel free to have your counsel contact either me or Torello Calvani.

Sincerely,

James H. Rollinson

Enclosures
cc:   Torello H. Calvani

---

[1] Copies of these four checks were also provided to your counsel on or about February 13, 2015 in connection with the initial disclosures made by the Trustee to you and other members of your family in the adversary proceeding, captioned Picard v. Shapiro et al., Adv. Pro. No. 10-5083 (SMB), pending before the United States Bankruptcy Court for the Southern District of New York (the "Adversary Proceeding").