# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | |
| Plaintiff, | |
| v. | |
| DEFENDANTS LISTED ON EXHIBIT A TO NOTICE OF MOTION | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING THE DEPOSITION OF BERNARD L. MADOFF**

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for the Defendants Listed on Exhibit A to Notice of Motion*

{00021162 5 }

# TABLE OF CONTENTS

                                                **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL POSTURE ........................................... 2

      I.      The Madoff liquidation ............................................................................. 2

LEGAL STANDARD ............................................................................................................. 2

ARGUMENT ........................................................................................................................... 3

      I.      Factual disputes necessitate Madoff's deposition ................................... 3

      II.     Defendants are entitled to take discovery to support their
              affirmative defenses .................................................................................. 4

      III.    Defendants should be entitled to take discovery to obtain
              information relating to their specific accounts ....................................... 5

      IV.    This Court has suggested that Madoff employees should be
              deposed to resolve factual disputes ......................................................... 5

      V.     The Trustee has breached his duty to depose Madoff ........................... 6

      VI.    Other courts have granted leave to depose Madoff ............................... 7

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barella v. Vill. of Freeport*,
   296 F.R.D. 102 (E.D.N.Y. 2013) ..................................................................................2

*Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*,
   2014 WL 5525237 (S.D.N.Y. Oct. 27, 2014) ...............................................................4

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) .....................................................................................................3

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*,
   654 F.3d 229 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 24 (2012) ................................4

*Williams ex rel. Williams v. Greenlee*,
   210 F.R.D. 577 (N.D. Tex. 2002) ................................................................................3

**Statutes**

15 U.S. Code § 78fff–1 ..........................................................................................................6

Securities Investor Protection Act ........................................................................................6

**Other Authorities**

Fed. R. Civ. P. 12(f) ..............................................................................................................4

Fed. R. Civ. P. 26 ..................................................................................................................3

Fed. R. Civ. P. 26(b)(1) .........................................................................................................2

Fed. R. Civ. P. 26(b)(2) .........................................................................................................2

Fed. R. Civ. P. 30(a)(1)(2)(B) ...............................................................................................2

Fed. R. Civ. P. 30(a)(2) .........................................................................................................2

Fed. R. Civ. P. 30(a)(2)(B) ...................................................................................................1

The Defendants listed on Exhibit A to the Notice of Motion ("Defendants") respectfully submit this memorandum of law in support of their motion for an order authorizing the deposition of Bernard L. Madoff pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) (the "Motion").

## PRELIMINARY STATEMENT

On April 4, 2016, this Court entered an order authorizing the deposition of Bernard L. Madoff for the limited purpose of taking testimony relevant to the "profit withdrawal" issues. (ECF No. 13060). That deposition was held on June 15, 2016, at the federal penitentiary in Butner, North Carolina where Madoff is serving his 150-year prison sentence. Although the contents of that deposition are temporarily being treated as confidential pursuant to this Court's April 4, 2016 Order,[1] Defendants submit that the deposition was productive and confirms that Madoff should be deposed on numerous issues relevant to the Trustee's clawback claims and the Defendants' defenses. On June 20, 2016, counsel for Defendants indicated that they would be moving for leave to depose Madoff on some of these additional issues. The Court directed Defendants to list the areas of inquiry upon which they intend to depose Madoff. (*See* Transcript of June 20, 2016 Hearing at 25-26, attached to the Certification of Helen Davis Chaitman as Ex. A).

Defendants have identified the following subject areas on which they believe Madoff has relevant and important testimony: (a) the trading activities of the market making and proprietary trading units during the period prior to January 1, 1992; (b) the trading activities for investment advisory customers prior to January 1, 1992; (c) the number of employees, profitability, and revenue-generating activities of each unit in the period prior to January 1, 1992; (d) the proportion and division of legitimate and illegitimate activities of Madoff's operations, including, *inter alia,*

---

[1] Pursuant to the April 4, 2016 Order, the contents are confidential for a period of the greater of sixty (60) days or the day after a final non-appealable order is entered concerning alleged or actual violations of that order. (*See* ECF No. 13060).

{00021162 5}                                              1

when Madoff began operating a "Ponzi" scheme; (e) the record-keeping procedures of each unit of Madoff's operations; and (f) questions specific to each Defendant's relationship with Madoff.

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

### I. The Madoff liquidation

The Madoff liquidation was filed in December 2008 and yet, to this day, the Trustee has never taken Madoff's sworn testimony, with the exception of the Trustee's limited cross-examination at the June 15, 2016 deposition noticed by certain Madoff customers and opposed by the Trustee. Currently serving a 150-year prison sentence, Madoff has no motivation to lie. Given the death of his lieutenant, Frank DiPascali (whom the Trustee also did not depose), Mr. Madoff is the one person best suited to be deposed in this litigation on a variety of issues on which he possesses firsthand knowledge.

## LEGAL STANDARD

Leave of court is required to take the deposition of a deponent who is confined in prison. *See* Fed. R. Civ. P. 30(a)(1)(2)(B). Upon motion, the court "*must* grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2) (emphasis added). Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "'Relevance,' in turn, is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) (quoting

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). In 2015, Federal Rule of Civil Procedure 26 was amended to delete the former provision that defined the scope of discovery as information "'reasonably calculated to lead to the discovery of admissible evidence,'" and replaced that phrase with the direct statement that "'[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable.'" Advisory Committee Notes to the 2015 Amendments to Fed. R. Civ. P. 26. This was to make clear the broad scope of discovery afforded by Rule 26. *See id.*

Thus, consistent with Rule 26's broad scope of discovery, a court "should grant leave to depose an incarcerated witness unless the objecting party shows that: (1) the deposition would be unreasonably cumulative or duplicative; (2) the party seeking the deposition has had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit." *See, e.g.*, *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578-79 (N.D. Tex. 2002).

## ARGUMENT

Madoff is a key witness in these cases on a number of different issues.

### I. Factual disputes necessitate Madoff's deposition

Inquiry into disputed factual issues is mandated under the liberal scope of discovery afforded by Rule 26. For example, while the Trustee has claimed that Madoff operated as a Ponzi scheme from 1960, Madoff's own lieutenant, Frank DiPascali, who turned state's evidence and worked with the U.S. Attorneys' Office for four years, claimed in his plea that the fraud began in the late 1980s or early 1990s. This testimony is consistent with Madoff's testimony that the fraud began in 1992. The U.S. Attorney used DiPascali as one of his key witnesses at the trial of various Madoff employees. Hence, there is every reason to believe that the U.S. Attorney accepted DiPascali's testimony that the fraud began in the late 1980s or early 1990s.

{00021162 5}                                    3

If, as Madoff has asserted, the fraud began in 1992, then the Trustee is bound by the statement balances of each defendant through January 31, 1991. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 654 F.3d 229 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 24, 25 (2012) (the "*Net Equity Decision*").

## II.   Defendants are entitled to take discovery to support their affirmative defenses

Not only is it crucial to know when the fraud began, but it is also crucial to know the proportion of legitimate trading activities at Madoff as compared to the illegitimate activities. If the overwhelming majority of Madoff's activities were legitimate, as Madoff suggests they were, then the Trustee's use of the Ponzi scheme exception would be improper. Defendants have asserted affirmative defenses challenging the Trustee's characterization of Madoff's operations as a Ponzi scheme.

Defendants have a right to take discovery to develop the factual record necessary to support their affirmative defenses. *See, e.g.*, *Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*, 2014 WL 5525237, at *3 (S.D.N.Y. Oct. 27, 2014) ("As long as the defense is in the case – and plaintiffs do not purport to seek relief under Fed. R. Civ. P. 12(f), which authorizes a motion to strike affirmative defenses – the defendant is entitled to seek relevant discovery in support of that defense."). Indeed, the Trustee himself recently took this position, successfully, in a separate adversary proceeding in the Madoff liquidation. (*See Saren-Lawrence*, Adv. Pro. No. 10-04898, ECF No. 83 at 21) ("[I]t would be improper for Defendants to maintain the defense but at the same time, deny the Trustee basic discovery concerning its factual underpinnings . . . ."). Given the Trustee's recent stonewalling of discovery into legitimate areas of inquiry necessary to support Defendants' affirmative defenses, (*see generally* Transcript of May 17, 2016 Hearing, Chaitman Cert. Ex. B), Madoff's deposition is necessary here.

{00021162 5 }                                                  4

**III. Defendants should be entitled to take discovery to obtain information relating to their specific accounts**

Defendants have a constitutional right to put on a defense. In many cases, the Trustee has asserted factual and legal claims against Defendants that are contradicted by Madoff's sworn testimony or are otherwise unfounded. Defendants are being sued for substantial amounts of money. They have constitutional rights to put on a defense and to obtain relevant information from Madoff about their individual accounts.

**IV. This Court has suggested that Madoff employees should be deposed to resolve factual disputes**

This Court has recognized that, where disputed factual issues exist, Madoff employees with firsthand knowledge should be deposed to resolve those ambiguities. In the profit withdrawal context, the Court recognized that Madoff's statements were ambiguous and that Madoff personnel would be the best source of information to elucidate their meaning:

> **THE COURT:** I don't know what [the PW entries mean with respect to Mr. Blecker]. With respect to Mr. Madoff's declaration, I look forward to hearing his testimony on the phone. His declaration doesn't say what these profit withdrawals are and *I would think that some of you would just want to take the deposition of somebody who knew what they were. That may be easier said than done but it seems to me that's the best evidence of what they are.*

(Transcript of February 24, 2016 Hearing at 30:12-19, Chaitman Cert. Ex. C) (emphasis added).

At that same hearing, the Court asked the Trustee: "You're going through this exercise of getting experts. *Has anyone taken the deposition of a person who worked at Madoff Securities and might know what these profit withdrawals mean?*" (*Id.* at 13:5-8) (emphasis added). Thus, the Court has recognized, sensibly so, that factual ambiguities should be resolved by Madoff

{00021162 5}                                                    5

employees who possess the firsthand knowledge helpful to resolve those questions.[2] This is exactly what Defendants seek here.

## V. The Trustee has breached his duty to depose Madoff

The Trustee was appointed pursuant to the Securities Investor Protection Act ("SIPA"), under which he is required to investigate the debtor and to depose its principals. SIPA provides, in 15 U.S. Code § 78fff–1, as follows:

> **Powers and duties of a trustee**
>
> **d) Investigations**
>
> **The trustee shall**—
>
> (1) as soon as practicable, investigate the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding, and report thereon to the court;
>
> (2) **examine, by deposition or otherwise, the directors and officers of the debtor and any other witnesses concerning any of the matters referred to in paragraph (1);**
>
> (3) report to the court any facts ascertained by the trustee with respect to fraud, misconduct, mismanagement, and irregularities, and to any causes of action available to the estate; and
>
> (4) as soon as practicable, prepare and submit, to SIPC and such other persons as the court designates and in such form and manner as the court directs, a statement of his investigation of matters referred to in paragraph (1).

(Emphasis added).

Given this statutory mandate, it is shocking that the Trustee has failed to depose Madoff.

---

[2] The Court thereafter granted certain customers' motion for leave to depose Madoff on the profit withdrawal issues and also granted the Trustee's motion to extend discovery to take the depositions of various Madoff employees on the profit withdrawal issue.

{00021162 5}                              6

**VI.     Other courts have granted leave to depose Madoff**

Several other courts have recognized a litigant's right to depose Mr. Madoff. *See, e.g., Anwar v. Fairfield Greenwich Limited*, No. 09-cv-00118, ECF No. 1090, (Order, S.D.N.Y. March 15, 2013) (granting motion for leave to depose Madoff); *In re Optimal U.S. Litigation*, No. l0-cv-04095, ECF No. 159 (Order, S.D.N.Y. Jul. 3, 2012) (Scheindlin, J.) (same); *Retirement Program of Employees of the Town of Fairfield v. Madoff*, No. FST-CV-095-0 11561-S, Document Nos. 311.86, 312.86 (Order, Conn. Super. Ct. Mar. 28, 2012) (same); *see also Retirement Program*, Document No. 330.86 (Order, Conn. Super. Ct. Apr. 12, 2012) (same with respect to Frank DiPascali, Jr.). This Court should do the same here.

## CONCLUSION

Defendants' motion to depose Bernard L. Madoff should be granted.

Dated: New York, New York
      July 7, 2016

**CHAITMAN LLP**

By:  /s/ *Helen Davis Chaitman*
     Helen Davis Chaitman
     Gregory M. Dexter
     465 Park Avenue
     New York, New York 10022
     Phone & Fax: (888)-759-1114
     hchaitman@chaitmanllp.com
     gdexter@chaitmanllp.com

     *Attorneys for the Defendants listed on Exhibit A to Notice of Motion*