

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ROBERT A. RICH
DIRECT DIAL: 212-309-1132
EMAIL:   rrich2@hunton.com

July 11, 2016

FILE NO:  99997.032244

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    Pre-Motion Request Pursuant to L.R. 7007-1(b)
               <u>Picard v. Edward A. Zraick Jr., et al.</u> (Adv. Pro. No. 10-05257)

Dear Judge Bernstein:

This firm is counsel to Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, the "<u>Defendants</u>") in connection with the above-referenced adversary proceeding.  We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b), in advance of Defendants' motion for leave to depose Bernard L. Madoff (the "<u>Motion</u>").

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), leave of the court is required to take a deposition of a deponent who is confined to prison.  Upon motion, the court must grant leave to the extent consistent with the scope of permitted discovery.  Fed R. Civ. P. 30(a)(2)(B).  Mr. Madoff currently is incarcerated at a federal correctional facility in North Carolina.

Should this Court grant leave to depose Mr. Madoff, Defendants intend to question Mr. Madoff on issues relevant to this adversary proceeding, including the following topics: (a) the procedures by which Bernard L. Madoff Investment Securities LLC ("<u>BLMIS</u>") maintained business records; (b) issues specific to the Defendants' BLMIS accounts and the accounts from which funds were transferred into the Defendants' BLMIS accounts; and (c) the timing and scope of the alleged "Ponzi" scheme perpetrated by Mr. Madoff and BLMIS, including (i) the trading activities of the market making and proprietary trading units during the period prior to January 1, 1992; (ii) the trading activities for investment advisory customers prior to January 1, 1992; (iii) the number of employees, profitability, and revenue-generating activities of each unit in the period prior to January 1, 1992; and (iv) the proportion and division of legitimate and illegitimate activities of Madoff's operations.



Honorable Stuart M. Bernstein
July 11, 2016
Page 2

Please note that on July 7, 2016, certain defendants in other adversary proceedings related to the BLMIS SIPA proceeding and represented by Chaitman LLP filed a motion for leave to depose Mr. Madoff on substantially similar topics [Adv Pro. No. 08-01789, Docket No. 13603], which is scheduled to be heard on July 27, 2016. Should the Court grant Defendants leave to depose Mr. Madoff, the undersigned intends to work with Chaitman LLP to conduct the depositions at a mutually agreeable time and to avoid duplicative questioning.

The undersigned has conferred with counsel for the Plaintiff in a good faith effort to obtain Plaintiff's consent to the Motion. Plaintiff's counsel indicates that it objects on numerous grounds which will be articulated in response to the Motion.

Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), Defendants respectfully request a conference with the Court in advance of filing the Motion.

                                              Respectfully submitted,

                                              Robert A. Rich

cc: Maximillian S. Shifrin, Esq. (BakerHostetler)
    (via ECF and Electronic Mail)