**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 13, 2016

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   Picard v. Edward A. Zraick Jr., et al., Adv. Pro. No. 10-05257 (SMB);
      Adversary Proceedings Listed on Exhibit A to Notice of Motion for an Order Authorizing
      the Deposition of Bernard L. Madoff (Case No. 08-01789, Dkt. No. 13603-1)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write in response to the July 13, 2016 letter submitted by Ms. Chaitman objecting to the Trustee's request that the return date on the Chaitman Motion be adjourned until August 31, 2016.

      The parties bringing the Chaitman Motion (the "Chaitman Parties") claim that a one month adjournment would inhibit their ability to take follow-up discovery based on Mr. Madoff's testimony. To the extent Ms. Chaitman is referring to claimant Aaron Blecker's inability to use Mr. Madoff's future testimony, if permitted, in connection with the "profit withdrawal" litigation, discovery on that issue closed on June 13, 2016 (*see* Order Amending Schedule of Litigation of Profit Withdrawal Issue, Case No. 08-01789, Dkt. No. 13038). Moreover, the specific issues the Chaitman Parties now seek to explore through a second Madoff deposition do not relate to "profit withdrawals" and are thus precluded by the governing Order, which specifically provides that all issues other than the profit withdrawal issue must be litigated separately. *See id.* at ¶ 8. As such, the Court should not permit additional depositions of Mr. Madoff in connection with the "profit withdrawal" proceeding.

Honorable Stuart M. Bernstein
July 13, 2016
Page 2

      While the Chaitman Motion was filed on behalf of Aaron Blecker on the case's primary docket, the caption in the motion papers suggests that the motion was brought on behalf of defendants in the adversary proceedings listed on Exhibit A to the Notice of Motion. *See SIPC v. BLMIS*, Case No. 08-01789, Dkt. No. 13603. These include defendants in 64 separate adversary proceedings, all of which are subject to various case management orders and fact discovery deadlines. Indeed, fact discovery is already closed or will close prior to the original return date of the Chaitman Motion in six of these adversary proceedings. Should Mr. Madoff's deposition proceed, the deadlines in other cases will undoubtedly pass before the deposition occurs. While the deposition Ms. Chaitman took in connection with the "profit withdrawal" proceeding is under seal, it contains no information that was not well-known to the Chaitman Parties dating back to 2009. Consequently, to the extent fact discovery has already closed in certain cases or will close prior to any deposition of Mr. Madoff the Court permits, those defendants' failure to take discovery of Mr. Madoff to date is the result of their own delay.

      The Trustee opposes any additional effort to depose Mr. Madoff as an unnecessary waste of judicial resources and the parties' time. The original return date specified in the Chaitman Motion is unreasonably short to permit the Trustee to provide a thoughtful and coordinated response that will ultimately benefit the Court's efficient adjudication of the dispute. Additionally, given the logistical challenges involved in scheduling and taking a deposition of an incarcerated individual, the Trustee further submits that the Chaitman Motion's original return date of June 27, 2016 should be adjourned to permit the parties to coordinate and avoid multiple, unnecessary, and duplicative requests for depositions of a single witness on identical topics. The brief adjournment that the Trustee requests will provide sufficient time for all interested parties to coordinate and facilitate one consolidated request and one consolidated opposition that would reduce the burden on this Court and the parties in interest. In this regard, the Trustee has contacted a representative of the joint defense group in an effort to coordinate the group's participation in the pending requests and hopefully streamline this process. Moreover, failure to consolidate the Chaitman Motion with other similar motions, including any potential motion by the *Zraick* defendants and/or other defendants represented by the joint-defense group, will lead to further logistical and scheduling difficulties if this Court permits Mr. Madoff's deposition to go forward.

      For all of the foregoing reasons, the Trustee respectfully requests that this Court adjourn the Chaitman Motion to the August 31, 2016 omnibus hearing date. We are available to discuss this issue further at the Court's convenience.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

300415440.1

Honorable Stuart M. Bernstein
July 13, 2016
Page 3


Nicholas J. Cremona
Partner

cc:   Helen Davis Chaitman
      Chaitman LLP
      465 Park Avenue
      New York, NY 10022

      Robert A. Rich
      Hunton & Williams LLP
      200 Park Avenue
      New York, New York 10166

300415440.1