**MINTZ & GOLD LLP**
Terence W. McCormick
600 Third Avenue
25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231
mccormick@mintzandgold.com

*Attorneys for Defendant Neal M. Goldman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; STUART M. STEIN, individually, and in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; ARTHUR M. SISKIND; LINDA SOHN; NEAL M. GOLDMAN; ELAINE STEIN | Adv. Pro. No. 10-05259 (SMB)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; TRUST U/T/A 8/20/90; EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/T/A 8/20/90; and RONI L. STEIN,

                        Defendants.

**ANSWER OF DEFENDANT NEAL M. GOLDMAN TO
SECOND AMENDED COMPLAINT**

Defendant Neal M. Goldman ("Goldman" or "Defendant"), by and through his attorneys of record herein, Mintz & Gold LLP, as and for his Answer to the Second Amended Complaint states as follows:

**NATURE OF PROCEEDING**

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Second Amended Complaint and on that basis denies each and every allegation contained therein, except admits Madoff pled guilty to criminal violations.

2. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the first three sentences of paragraph 2 of the Second Amended Complaint, and denies the allegations of the final sentence of paragraph 2.

3. Defendant denies the allegations of paragraph 3 of the Second Amended Complaint.

**JURISDICTION AND VENUE**

4. Defendant states that the allegations of paragraph 4 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required. To the extent

2

a response is required, Defendant denies the allegations of paragraph 4 of the Second Amended Complaint.

5. Defendant states that the allegations of paragraph 5 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Second Amended Complaint.

6. Defendant states that the allegations of paragraph 6 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.

7. Defendant states that the allegations of paragraph 7 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.

**DEFENDANTS**

8. Defendant admits the allegations in paragraph 8 only to the extent that Stein is named as a defendant in the Second Amended Complaint, individually, and in his capacity as administrator of the Joint Tenancy Account, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein.

9. Defendant admits the allegations contained in paragraph 9 only to the extent that Lehrer is named as a defendant in the Second Amended Complaint solely in his capacity as administrator of the Joint Tenancy Account and not personally, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Second Amended Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Second Amended Complaint.

3

12. Defendant admits the allegation contained in paragraph 12 of the Second Amended Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Second Amended Complaint.

## **BACKGROUND, THE TRUSTEE, AND STANDING**

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Second Amended Complaint, and respectfully refers the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal proceeding against Bernard L. Madoff for their contents.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint, and respectfully refers the Court to the filings, orders, and proceedings in the District Court Proceeding.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint, and respectfully refers the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA application.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint, and respectfully refers the Court to the filings, orders, and proceedings in this Court, except Defendant denies that the Trustee is a disinterested person and qualified to act and serve on behalf of the estate of BLMIS.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Second Amended Complaint, and respectfully refers the Court to the filings, orders, and proceedings in this Court as described in paragraph 23.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint, and respectfully refers the Court to the order of this Court described in paragraph 24.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint, except admits that Madoff pled guilty to criminal violations and respectfully refers the Court to the record of the criminal proceedings in *United States v. Madoff,* Case No. 09-CR-213 (DC) for their contents.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint, and

5

respectfully refers the Court to the record of the criminal proceedings in *United States v. DiPascali,* Case No. 09-CR-764 (RJS) for their contents.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint, and respectfully refers the Court to the record of the criminal proceedings in *United States v. Kugel,* Case No. 10-CR-228 (LTS) for their contents.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Second Amended Complaint as to how the Trustee is using his purported authority under SIPA or the Bankruptcy Code to avoid and recover assets, and that such assets will not be sufficient to reimburse the customers of BLMIS for the billions of dollars that they invested over the years. As to all other allegations contained in paragraph 29 of the Second Amended Complaint, Defendant states that those allegations are legal conclusions or arguments as to which no response is required, and to the extent that a response is required, Defendant denies those allegations.

30.     Defendant states that the allegations of paragraph 30 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Second Amended Complaint.

31.     Defendant states that the allegations of paragraph 31 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required. To the extent

a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Second Amended Complaint.

## THE PONZI SCHEME

32.     Defendant admits the allegations contained in paragraph 32 only to the extent that BLMIS was a securities broker-dealer registered with the SEC and was a member of SIPC, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein, including but not limited to the contents of the plea allocution.

33.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Second Amended Complaint.

34.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Second Amended Complaint.

35.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Second Amended Complaint.

36.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Second Amended Complaint.

37.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Second Amended Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Second Amended Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Second Amended Complaint.

40.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Second Amended Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Second Amended Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Second Amended Complaint.

## THE TRANSFERS

43. In response to paragraph 43 of the Second Amended Complaint, Defendant admits that an account identified as Account No. 1L0013 was maintained with BLMIS, and that, upon information and belief, certain account agreements were executed and delivered to BLMIS for that account, and otherwise denies knowledge or information sufficient to form a belief as to the contents of BLMIS's records.

44. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Second Amended Complaint.

45. Defendant admits the allegations contained in paragraph 45 only to the extent that he made deposits through the joint tenancy account, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein.

46. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in the first three sentences of paragraph 46 of the Second Amended Complaint, and otherwise denies the allegations of the final sentence of paragraph 46.

47. Defendant admits the allegations contained in paragraph 47 only to the extent that he received certain distributions; denies that there is a right to recover against him; and otherwise denies knowledge or information sufficient to form a belief as to the allegations of paragraph 47.

48. Defendant admits the allegations contained in paragraph 48 only to the extent that he received certain distributions; denies that there is a right to recover against him; and otherwise denies knowledge or information sufficient to form a belief as to the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49 of the Second Amended Complaint.

50. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50.

51. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51, but denies that the Trustee has the right to recover from him.

52. Defendant denies the allegations of paragraph 52 of the Second Amended Complaint.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 105(A), 548(a)(1)(A) AND 551

53. Defendant repeats his answers to each and every allegation contained in paragraphs 1-52 of the Second Amended Complaint.

54. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Second Amended Complaint.

55. Defendant denies the allegations of paragraph 55 of the Second Amended Complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Second Amended Complaint.

57. Defendant denies the allegations of paragraph 57 of the Second Amended Complaint.

58. Defendant denies the allegations of paragraph 58 of the Second Amended Complaint.

## COUNT TWO
## RECOVERY OF SUBSEQUENT TRANSFERS – 11 U.S.C. §§ 105(a), 548, 550(a) AND 551

59. Defendant repeats his answers to each and every allegation contained in paragraphs 1-58 of the Second Amended Complaint.

60. Defendant denies the allegations of paragraph 60 of the Second Amended Complaint.

61. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Second Amended Complaint, except admits the allegations only to the extent that he received certain distributions.

62. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Second Amended Complaint.

63. Defendant denies the allegations of paragraph 63 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

In further answer to the Second Amended Complaint, and without assuming any burden of proof that would otherwise fall on the Trustee, Defendant states that the Trustee's claims are barred in whole or in part by the following affirmative or other defenses. Defendant reserves the right to assert additional defenses if and when they become appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state any claim against Defendant upon which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

All of the claims alleged in the Second Amended Complaint are barred but for those claims asserted under section 548(a)(1)(A) of the Bankruptcy Code. *See* Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.)*, No. 12-mc-0115 (JSR) (S.D.N.Y. April 27, 2012) (Docket No. 101), *aff'd, Picard v. Ida Fishman Revocable Trust,* 773 F.3d 411 (2d Cir. 2014), c*ert. denied,* Nos. 14-1128 & 14-1129 (U.S. June 22, 2015).

## THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendant could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendant were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by operation of the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint does not plead all of the elements of fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code with sufficient particularity and factual support.

## SIXTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted in the Second Amended Complaint, and/or is barred from asserting claims under the doctrine of *in pari delicto*.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by the doctrine of unclean hands, waiver, estoppel, and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendant further demands a trial by jury.

## TENTH AFFIRMATIVE DEFENSE

Defendant gave value to or for the benefit of BLMIS for each and every transfer involving him referred to in the Second Amended Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, because Defendant possessed neither actual knowledge nor constructive knowledge of the Ponzi scheme to which Madoff pled guilty. Defendant was not willfully blind to Madoff's fraud or scheme, and Defendant acted in good faith. *See Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. 12-mc-0115 (Rakoff, *J.*) (S.D.N.Y. April 28, 2014) (Docket No. 524).

**TWELFTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, because Defendant received every transfer for value, in good faith, and without fraudulent intent, knowledge of fraud, or of any ground for voidability of such transfer, and was an innocent victim of Madoff and BLMIS.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, because the debtor did not receive less than reasonably equivalent value in exchange for any transfer to Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, because each transfer to Defendant was made for value and fair consideration.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, because each transfer to Defendant was a transfer on account of an antecedent debt.

### SIXTEENTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property of the estate in which BLMIS had a legal interest.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or New York law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, under Section 546(e) of the Bankruptcy Code because each of the transfers was made by or to a stockbroker and/or financial institution, in connection with a securities contract and/or because each of the transfers constitutes a settlement payment made by or to a stockbroker and/or financial institution.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property, and his claims cannot proceed until he has exhausted remedies against other parties that engaged in wrongful conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, by the doctrine of set-off, recoupment, credits, or equitable adjustment, including without limitation, Goldman's claim concerning his IRA, BLMIS Account #1G0325, designated as Claim Number 5461, which was denied by the Trustee on July 27, 2010.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the Trustee has failed to show that any transfer received by Defendant was made in furtherance of a fraudulent scheme rather than because it was legally mandated.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the Trustee has failed to show that any transfer received by Defendant was made with the actual intent to hinder, delay, or defraud any creditor rather than because it was legally mandated.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred in whole or in part because, to the extent that Defendant's funds constitute an individual retirement account, such funds are protected from judgment creditors pursuant to, *inter alia*, section 5205 of the New York Civil Practice Law and Rules.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by the applicable limitations period that had run prior to or as of the commencement of this adversary proceeding.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part to the extent that they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before Filing Date.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The transfers alleged in the Second Amended Complaint may not be avoided or recovered because the Trustee is not entitled to any recovery pursuant to section 550(b) and (e) of the Bankruptcy Code.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Defendant has been unable to carry back net operating losses or has otherwise incurred adverse tax consequences as a result of the Ponzi scheme, a judgment based upon the transfers alleged in the Second Amended Complaint would be inequitable.  Each of the counts alleging a fraudulent transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Even if the Trustee is entitled to the return of some or all of the transfers, he is not entitled to interest from the date of each alleged transfer.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant hereby asserts all defenses available under federal law and under any applicable state law.  Additional facts may be revealed in discovery or otherwise that support additional defenses presently available, but unknown, to Defendant.  Defendant therefore reserves the right to assert additional defenses in the event discovery or investigation reveals additional defenses.

## JURY DEMAND

Defendant respectfully demands a trial by jury as to all issues that may be heard by a jury.

**WHEREFORE**, Defendant Neal M. Goldman respectfully requests entry of judgment dismissing the Second Amended Complaint with prejudice as against him, for the costs, reasonable attorney's fees and disbursements of this action, and for such other relief as is proper.

Dated:  New York, New York
July 15, 2016

**MINTZ & GOLD LLP**

By: /s/ Terence W. McCormick
Terence W. McCormick
600 Third Avenue
25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231
mccormick@mintzandgold.com

*Attorneys for Defendant*
*Neal M. Goldman*