DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Elaine Stein Roberts*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>- against -<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendants. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY I. LEHRER, in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; STUART M. STEIN, individually, and in his capacity as administrator of the Stanley I. Lehrer and Stuart M. Stein, J/T WROS; ARTHUR M. SISKIND; LINDA SOHN; NEAL M. GOLDMAN; ELAINE STEIN ROBERTS; ARTHUR J. FEIBUS; EUNICE CHERVONY LEHRER; TRUST U/T/A 8/20/90; EVELYN FISHER, individually, and in her capacity as Trustee for TRUST U/T/A 8/20/90; and RONI L. STEIN,<br><br>Defendants | Adv. Pro. No. 10-05259 (SMB)<br><br>ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES<br><br>JURY TRIAL DEMANDED |

Elaine Stein Roberts (the "Defendant" by and through her undersigned counsel, submits this Answer and Affirmative Defenses to the Second Amended Complaint dated February 1, 2016 (the "Second Amended Complaint") filed by Irving Picard ("Plaintiff" or "Trustee") as Trustee of Bernard L. Madoff Investment Securities ("BLMIS") as follows below. To the extent any allegation is not specifically admitted, it is expressly denied. No response is required to the various headings or subheadings throughout the Second Amended Complaint. To the extent that responses are required to the various headings or subheadings, however, all are denied.

1. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second sentence, except expressly deny that this adversary proceeding arises from a Ponzi scheme, but admit that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refer the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein.

2. Paragraph 2 consists of characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendant expressly denies that she was a beneficiary of a Ponzi scheme, she received other people's money or avoidable transfers and that any payments she received are fictitious profits or recoverable by the Trustee.

3. Paragraph 3 consists of characterizations and legal conclusions as to which no response is required. To the extent a response is required, Defendant denies that she received subsequent transfers of avoidable transfers.

4. Defendant admits that Plaintiff commenced this adversary proceeding "in the same Court before which the main SIPA proceeding, No. 08-01789 (BRL) is pending", but deny

94312656

that the Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, 15 U.S.C. §§ 78 eeee(b)(2)(A).

5. Paragraph 5 of the Second Amended Complaint consists of conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegation contained in Paragraph 5, does not consent to the entry of a final judgment by the Bankruptcy Court, and respectfully refers all questions of law to the appropriate court. Defendant demand a jury trial.

6. Paragraph 6 consists of a legal conclusion as to which not response is required.

7. Defendant admits that Plaintiff purports to have brought this action under 15 U.S.C. §§ 78 fff(b), 78 fff-1(a), 78 fff-2(c) and 78 fff-2(c)(3), sections 105(a), 544, 548(a), 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code") and other applicable law, but deny that Plaintiff is entitled to any relief against the Defendant pursuant to the cited provisions or otherwise.

8. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Second Amended Complaint.

10. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Second Amended Complaint.

11. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint.

12. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Second Amended Complaint.

13. Defendant admits that she maintains her residence in Delray Beach, Florida but denies that she is properly characterized as a Subsequent Transferee.

14. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Second Amended Complaint.

15. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Second Amended Complaint.

16. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Second Amended Complaint.

17. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Second Amended Complaint.

18. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19. Defendant denies sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Second Amended Complaint, except admits that on information and belief, that Madoff was arrested on December 11, 2008, and refers the Court to the filings and pleadings in the various referenced actions relating to Madoff and BLMIS for the complete contents therein.

20. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Second Amended Complaint, and refers the Court to the referenced order for the complete contents therein.

21. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Second Amended Complaint, and refers the Court to the filings and pleadings in the various actions relating to Madoff and BLMIS for the complete contents therein.

94312656

22. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Second Amended Complaint, and refers the Court to the referenced orders for the complete contents therein.

23. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Second Amended Complaint, and refers the Court to the filings and pleadings for the complete contents therein.

24. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Second Amended Complaint, and refers the Court to the referenced order for the complete contents therein

25. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Second Amended Complaint, and refers the Court to the Plea Allocution for the complete contents therein.

26. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Second Amended Complaint, and refers the Court to the referenced Plea Allocution for the complete contents therein.

27. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Second Amended Complaint, and refers the Court to the referenced Plea Allocution for the complete contents therein.

28. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Second Amended Complaint, and refers the Court to the referenced criminal cases for the complete contents therein

29. Paragraph 29 of the Second Amended complaint consists of a series of legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth

94312656

of the allegations set forth in Paragraph 29 of the Second Amended Complaint, except that Defendant denies the Trustee has a right of recovery pursuant to this action.

30. Paragraph 30 of the Second Amended Complaint consists of legal conclusions and/or arguments to which no response is required.

31. Paragraph 31 of the Second Amended Complaint consists of legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Second Amended Complaint, except that Defendant denies the Trustee has standing to pursue avoidance and recovery claims.

32. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32of the Second Amended Complaint, and refers the Court to the referenced criminal cases for the complete contents therein.

33. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Second Amended Complaint, and refers the Court to the referenced criminal cases for the complete contents therein.

34. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Second Amended Complaint, and refers the Court to the referenced criminal cases for the complete contents therein

35. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Second Amended Complaint, and refers the Court to the referenced criminal cases for the complete contents therein.

36. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Second Amended Complaint, and refers the Court to the referenced pleas in criminal cases for the complete contents therein

37. Paragraph 37 of the Second Amended Complaint consists of legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Second Amended Complaint, except that Defendant denies the Madoff operated the IA business as a Ponzi scheme.

38. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Second Amended Complaint.

39. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Second Amended Complaint and refers the Court to the Form ADV for the complete contents thereof.

40. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Second Amended Complaint.

41. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Second Amended Complaint.

42. Paragraph 42 of the Second Amended Complaint consists of legal conclusions and/or arguments to which no response is required.

43. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Second Amended Complaint and refers the Court to the BLMIS records for the complete contents thereof.

44. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 44 of the Second Amended Complaint.

45. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Second Amended Complaint.

94312656

46. Paragraph 46 of the Second Amended Complaint consists of certain legal conclusions, self serving characterizations and/or arguments to which no response is required. To the extent a response is required, Defendant denies that any transfers are recoverable under the referenced provisions of the Bankruptcy Code and SIPA. To the extent that Plaintiff relies on and Exhibit, Defendant respectfully refers the Court to the Exhibit for the complete contents therein

47. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Second Amended Complaint, but expressly denies the characterization of herself as a Subsequent Transferee and the characterization of the transactions.

48. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Second Amended Complaint, but specifically denies that she received a transfer of $1,125,000 or that any withdrawals are properly characterized as Subsequent Transfers.

49. Paragraph 49 consists of legal conclusions and or arguments to which no response is required.

50. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Second Amended Complaint.

51. Paragraph 51 of the Second Amended Complaint consists of certain legal conclusions, comments and/or arguments to which no response is required.

52. Defendant incorporates by reference her answers to the previous paragraphs of the Second Amended Complaint as if fully rewritten herein.

94312656

53. Paragraph 53 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

54. Paragraph 54 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

55. Paragraph 55 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

56. Paragraph 56 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

57. Paragraph 57 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

58. Paragraph 58 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

59. Defendant incorporates by reference her answers to the previous paragraphs of the Second Amended Complaint as if fully rewritten herein.

60. Paragraph 60 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

61. Paragraph 61 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

62. Paragraph 62 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

63. Paragraph 63 of the Second Amended Complaint does not contain any factual allegations that require a response or consists of legal conclusions and/or arguments to which no response is required.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of her investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," Defendant does not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged. Defendant does not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a prima facie case against Defendant.

In the event that subsequent legal developments further alter the claims available to the Trustee, Defendant hereby raises each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendant further adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendants or party-in-interest to the extent that Defendant is similarly situated and may properly assert such defense.

94312656

Defendant reserves and asserts all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, New York Debtor and Creditor Law, New York Civil Practice and Local Rules, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action. Defendant further reserves all rights to amend or modify her Answer accordingly. Defendant further reserves the right to withdraw defenses that she determines are not applicable during the course of discovery and other proceedings in this case.

These defenses are set forth cumulatively and in the alternative.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, inter alia, (a) pleading numerous factual allegations about which Defendant could not possibly have knowledge, (b) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendant were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS, (c) failing to allege sufficient facts to state a claim against a subsequent transferee, and (d) failing to name the proper parties.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Second Amended Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings and Defendant does not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendant further demands a trial by jury.

### FOURTH AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted.

94312656

## FIFTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

## SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property of the estate in which BLMIS had a legal interest.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by waiver, equitable estoppel and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Defendant gave value to the initial transferee in good faith and without knowledge of voidability of the alleged transfers and/or was itself or herself merely a conduit of any transfer.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by applicable limitations periods.

## TENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part by res judicata, collateral estoppel, and/or issue preclusion.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged transfers, to the extent they were actually received by the Defendant, were taken for value and in good faith, as provided by section 548(c) of the Bankruptcy Code. They are thus not avoidable or recoverable as against Defendant under sections 548 and 550 of the Bankruptcy Code.

## TWELFTH AFFIRMATIVE DEFENSE

Each claim for recovery of a fraudulent transfer is subject to recoupment or equitable adjustment because the Defendant received such transfer in good faith, without knowledge of the

- 12 -

94312656

alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, *inter alia*, (a) amounts contractually due to customers under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies or in the alternative, restitution, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; (f) money had and received; and/or money owed to the account holder on account of outstanding claims against BLMIS.

## THIRTEENTH AFFIRMATIVE DEFENSE

Each of the counts alleging a fraudulent transfer is subject to recoupment or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by BLMIS to the Internal Revenue Service, state and/or local governmental taxing authorities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, unclean hands or other related equitable defenses.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Second Amended complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS to the Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Second Amended Complaint, which is denied, any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendant and, therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any withdrawals are protected by applicable state law regarding qualified retirement accounts.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under section 548(a)(1)(A) are barred because Defendant is the party whom BLMIS sought to hinder, delay and defraud.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's calculation with respect to the accounts is in error.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Even if the Trustee would be entitled to the return of some or all of the transfers, he would not be not entitled to interest from the date of each alleged transfer.

94312656

WHEREFORE, Defendant demands judgment (a) dismissing each of the claims asserted in the Second Amended Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: July 15, 2016  
       New York, New York

DENTONS US LLP

By: /s/ Carole Neville  
Carole Neville  
1221 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 768-6700  
Facsimile: (212) 768-6800  
carole.neville@dentons.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, hereby certify that a true and accurate copy of the following was served this 15th day of July 2016 by electronic mail and U.S. Mail upon the following:

John J. Tepedino
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street, New York, New York 10019
Direct Dial: 212.237.1031
General Fax: 212.262.1215
jtepedino@windelsmarx.com

By: */s/ Carole Neville*
Carole Neville