# CHAITMAN LLP

### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

July 15, 2016

**BY ECF and FEDERAL EXPRESS**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

  Re: The adversary proceedings listed on Exhibit A hereto; Court Conference July 20, 2016, at 10:00 a.m.

Dear Judge Bernstein:

  I write on behalf of the defendants in the adversary proceedings listed on Exhibit A hereto to explain the proposed revisions I have made to the Trustee's draft Stipulation and Order on Discovery (the "Proposed Order"). My red-lined changes to the Trustee's Proposed Order are annexed hereto as Exhibit B.

**First paragraph:** I have simply inserted "account holder" to make clear that the Proposed Order incorporates an agreement between the account holder and the Trustee as to certain transfers to and from the account.

**WHEREAS CLAUSES:** I have inserted three whereas clauses to set forth the factual background for the Proposed Order. The first whereas clause recites that the Court dismissed the subsequent transferee claims; the second whereas clause recites the undisputed law that the Trustee is not permitted to take discovery to obtain the facts necessary to frame a complaint;[1] and the third whereas clause explains that the Trustee has served scores of subpoenas on financial institutions and others.

---

[1] *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1954 (2009)("because Iqbal's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise");   *KBL Corp. v. Arnouts,* 646 F.Supp.2d 335, 346 n. 6 (S.D.N.Y.2009) (Koeltl, D.J.); *Thule AB v. Advanced Accessory Holdings Corp.,* 09 Civ. 0091(PKC), 2010 WL 1838894 at *4 (S.D.N.Y. May 4, 2010) (Castel, D.J.) (same), *reconsideration granted on other grounds,* 2010 WL 2287012 (S.D.N.Y. June 1, 2010); *DD v. Lincoln Hall,* 09 Civ. 860(CS)(LMS), 09 Civ. 861(CS)(LMS), *359 2010 WL 695027 at *2 (S.D.N.Y. Feb. 19, 2010) (Seibel, D.J.) (same); *Podany v. Robertson Stephens, Inc.,* 350 F.Supp.2d 375, 378 (S.D.N.Y.2004) (Lynch, D.J.) *Zurich American Ins. Co. v. Dah Sing Bank, Ltd.,* 03 Civ. 7778(DLC), 2004 WL 1328215 at *8 (S.D.N.Y. June 15, 2004) (Cote, D.J.).

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
July 15, 2016
Page 2

**Fourth ordinal paragraph:** I have inserted into this paragraph the substance of the order: that the Trustee is required to (a) withdraw any subpoena relating to the Covered Period which contains any information concerning subsequent transferees; (b) that the Trustee is enjoined from using any of the information obtained from such subpoenas; and (c) that the Trustee is ordered to turn over to Defendant all copies of documents obtained from third parties pursuant to subpoenas which contain information about transfers from the Defendant to third parties during the Covered Period.

This is the core relief which we have been seeking on behalf of our clients from the very first conference we had on this subject on January 27, 2016.

**Fifth ordinal paragraph:** The Trustee seeks a pervasive preclusion order which is a denial of the Defendants' due process rights. I have therefore inserted that "the Trustee is free to argue, at trial," that certain evidence is precluded. I do not think there is any basis, at this stage, for such an order and the Court certainly did not indicate, on July 6, 2016, that it intended that a preclusion order be included.

**Seventh ordinal paragraph:** I have asked that the Defendant be awarded counsel fees and expenses if the Trustee violates the Proposed Order.

I thank the Court for its attention to this matter.

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/sh
cc:    David J. Sheehan, Esq. *(via email: dsheehan@bakerlaw.com)*

{00021499 1 }