UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                            Plaintiff,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                           Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                           Plaintiff,<br><br>            v.<br><br>_____,<br><br>                           Defendant(s). | Adv. Pro. No. _____ (SMB) |

## STIPULATION AND ORDER ON DISCOVERY

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendant account holder [INSERT DEFENDANT(S)] ("Defendant(s)"), by and through their respective, undersigned counsel, stipulate and state as follows:

[REPEAT THE FOLLOWING FOR EACH DEFENDANT AND EACH RELEVANT ACCOUNT WITHIN EACH PROCEEDING]

WHEREAS, by order dated July 16, 2015, the Court dismissed all of the claims against subsequent transferees in the adversary proceedings listed on Appendix A to the July 16, 2015 order; and

WHEREAS the Trustee is not permitted to take discovery to obtain the facts necessary to frame a complaint against a subsequent transferee; and

WHEREAS the Trustee has served subpoenas on financial institutions and others (collectively the "Subpoenas") seeking documents which contain information concerning subsequent transfers; now

THEREFORE, it is hereby AGREED and ORDERED as follows:

2.1.    Column 4 of Exhibit B to the Trustee's Complaint in the above-referenced adversary proceeding accurately reflects the cash deposits made by Defendant to BLMIS account no. [INSERT] (the "Relevant Account") from [INSERT DATE] to December 11, 20089 (the "Covered Period").

3.2.    Column 5 of Exhibit B to the Trustee's Complaint in the above-referenced adversary proceeding accurately reflects the cash withdrawals made by Defendant from the Relevant Account during the Covered Period.

4.3.    Defendant admits receipt of all the cash withdrawals made by Defendant from the Relevant Account during the Covered Period, and at a minimum, between December 11, 2006 and December 11, 2008, as listed in Column 10 of Exhibit B to the Trustee's Complaint in the above-referenced adversary proceeding.

5.    In light of the admissions and stipulations contained in Paragraphs 1-3 above, the Trustee is ORDERED hereby agrees (a) to withdraw any pending, subpoena served on any third party for production of documents relating to the Covered Period which contains any information

2

concerning subsequent transferees and (b) the Trustee is permanently enjoined from using any information obtained from such subpoenas previously served in this case to the extent the documents relate to the Covered Period; and (c) the Trustee is ordered to turn over to Defendant all copies, in any form, of documents obtained by the Trustee from a subpoenaed party which contain information concerning the Defendant's transfers during the Covered Period.  ~~will forgo service of any future, Rule 45 bank subpoenas seeking Defendant's financial records for the Covered Period.~~

~~6.~~4.    The Trustee is free to argue, at trial, that Defendant is ~~hereafter~~ precluded from asserting any facts arising during the Covered Period in furtherance of any defense or counterclaim including, but not limited to, the existence of tax payments or other claimed set-offs, transfers received for value, or tracing, that would be reflected in Defendant's financial records for which subpoenas have been foregone pursuant to Paragraph 4 above, unless such relevant financial records from Defendant's financial institution(s) are first produced by Defendant to the Trustee.

~~7.~~5.    Nothing in this stipulation and order prohibits the Trustee from enforcing pending, or serving future, Rule 45 subpoenas requesting Defendant's financial records from relevant periods outside the Covered Period.

6.    This Court shall retain jurisdiction over all matters relating to the enforcement, implementation, and interpretation of this Order.

~~8.~~7.    If the Trustee violates this Order, he shall be liable to reimburse Defendant for all legal fees and expenses incurred by Defendant in order to remedy the Trustee's violation.

3

Dated:      New York, New York
            _____, 2016

_____

[**INSERT DEFENDANT**]

| | |
|---|---|
| **BAKER & HOSTETLER LLP** | **CHAITMAN LLP** |
| 45 Rockefeller Plaza | 465 Park Avenue |
| New York, NY 10111 | New York, NY 10022 |
| Telephone: (212) 589-4200 | Telephone: (888) 759-1114 |
| Facsimile: (212) 589-4201 | Facsimile: (888) 759-1114 |
| David J. Sheehan | Helen Davis Chaitman |
| Email: dsheehan@bakerlaw.com | Email: hchaitman@chaitmanllp.com |
| Nicholas J. Cremona | *Attorneys for Defendant* _____ |
| Email: ncremona@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

SO ORDERED this ___ day of _____, 2016.

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

4