**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Keith R. Murphy

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>            Plaintiff,<br><br>            v.<br><br>JO ANN CRUPI, *et al.*,<br><br>            Defendants. | Adv. Pro. No. 10-04216 (SMB) |

## THIRD AMENDED CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard (the "Trustee") as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), and Defendants Jo Ann Crupi and Judith G. Bowen (collectively, the "Parties" and each individually, a "Party") hereby submit the following Proposed Case Management Plan (the "Plan"), pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into Bankruptcy Rules 7016 and 7026.

1. Status of Pleadings.

    (a) Defendants have answered the Complaint.

2. Discovery Plan.

    (a) Initial Disclosures: The Parties do not propose any changes in the form, or requirements for disclosures under Rule 26(a). The Parties agree that they shall serve Initial Disclosures required under Rule 26 on or before August 26, 2015. The Trustee will also make available additional documents relating to BLMIS's insolvency and BLMIS's fraud, as set forth in the Initial Disclosures, in E-Data Room 1, as defined in the Order Establishing Expanded Access to Electronic Data Room 1 entered in the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) on January 12, 2012 and attached as Exhibit A to the Case Management Plan filed in this proceeding on July 31, 2015.

    (b) Subjects On Which Discovery May Be Needed: The Parties contemplate that discovery will be needed on all liability and damages issues, and that fact and expert discovery will be needed.

    (c) Document Demands: Requests for documents may be served on or after August 12, 2015, but no later than January 27, 2017.

(d) <u>Interrogatories</u>: Interrogatories pursuant to Local Rule 7033-1(a), if any, may be served on or after August 14, 2015, but no later than September 15, 2015. Interrogatories pursuant to Local Rule 7033-1(b), if any, may be served on or after September 15, 2015, but no later than June 28, 2016. Contention based interrogatories pursuant to Local Rule 7033-1(c), if any, may be served on or after April 29, 2016, but no later than January 27, 2017.

(e) <u>Requests for Admission</u>: Requests for Admission, if any, may be served on or after August 12, 2015, but no later than January 27, 2017.

(f) <u>Experts</u>: Every Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before April 28, 2017. Every Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before June 29, 2017. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinion covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur on or before July 28, 2017. The foregoing restriction shall not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed August 31, 2017.

(g) <u>Depositions</u>: All depositions (excluding expert depositions) must be completed by the Discovery Cut-Off date as set forth below. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided under the Federal Rules of Civil Procedure,

3

300360916.4

although the Parties acknowledge that there may be certain depositions that cannot be concluded within the time limit. The Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour limit as appropriate, and failing agreement any Party may make an application to the Court for an extension of that time limit.

The Parties may take depositions of fact witnesses during the period for fact discovery after Parties' Initial Disclosures have been made. To the extent the deposition of any fact witness raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such avoidance actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the Parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.

To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Avoidance Actions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of Defendants' expert and fact witnesses shall occur at such place as the Parties shall mutually agree.

(h)    Discovery Cut-Off: All fact discovery is to be completed on or before February 27, 2017.

(i)    Limitations on Discovery Imposed under the Federal and/or Local Rules: Limitations on written discovery will be governed consistent with the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures.

3.    Confidentiality. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) on June 6, 2011 and attached as Exhibit B to the Case Management Plan filed in this proceeding on July 31, 2015 shall govern the disclosure of confidential information in this proceeding. In this adversary proceeding, documents that were produced or information that was disclosed in the criminal proceeding United States v. O'Hara, No. 1:10-CR-00228-LTS (S.D.N.Y), shall be deemed to not comprise or contain confidential information under the LPO.

4.    Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action. The Parties do not presently believe that any modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

300360916.4

5. <u>Prospects for Settlement, including whether a Settlement Conference should be Scheduled and whether the Parties will Stipulate to the Trial Judge acting as Settlement Judge</u>. The Parties have engaged in very preliminary settlement discussions and are evaluating the possibility of mediation following preliminary discovery. The Parties believe that it would be premature to schedule a settlement conference at this time.

6. <u>Any other Matter that may add to the Just and Expeditious Disposition of this Matter.</u> The Parties are not presently aware of any other matter that may add to the just and expeditious disposition of this matter.

7. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial and trial date.

8. <u>Next Conference</u>. The Parties shall appear before the Court on October 26, 2016, at 10:00 a.m.

9. <u>Parties and Counsel</u>. The following Parties join in this proposed Plan, through their counsel.

Dated: July 14, 2016
      New York, New York

| **BAKER & HOSTETLER LLP** | **DUANE MORRIS LLP** |
|---|---|
| By: */s/ Terry M. Brennan* <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: 212.589.4200 <br> Facsimile: 212.589.4201 <br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Keith R. Murphy <br> Email: kmurphy@bakerlaw.com <br><br> Terry M. Brennan <br> Email: tbrennan@bakerlaw.com <br> Breaden M. Douthett <br> Email: bdouthett@bakerlaw.com <br> Baker & Hostetler LLP <br> Key Tower <br> 127 Public Square, Suite 2000 <br> Cleveland, Ohio 44114-1214 <br> Telephone: 216.621.0200 <br> Facsimile: 216.696.0740 <br><br> *Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | By: */s/ Eric R. Breslin* <br> One Riverfront Plaza <br> 1037 Raymond Blvd., Suite 1800 <br> Newark, NJ 07102 <br> Telephone: 973.424.2000 <br> Facsimile: 973.424.2001 <br> Eric R. Breslin <br> Email: erbreslin@duanemorris.com <br> Melissa S. Geller <br> Email: msgeller@duanemorris.com <br><br> *Attorneys for Defendants Jo Ann Crupi and Judith G. Bowen* |

So Ordered this 15 day of July, 2016.

                                           /S/ Stuart M. Bernstein
                                          HONORABLE STUART M. BERNSTEIN
                                          UNITED STATES BANKRUPTCY JUDGE