# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 18, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Ms. Chaitman's Letter Dated July 15, 2016 Modifying the Trustee's Proposed Fact Stipulation*

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write in response to Ms. Chaitman's July 15, 2016 letter to the Court attaching modifications to the fact stipulation and order that the Trustee proposed in connection with the Court's directive at the July 6, 2016 hearing.

Considering the improper and punitive scope of Ms. Chaitman's letter and proposed modifications, which fall well outside any reasonable interpretation of the law governing discovery and this Court's prior orders, the Trustee respectfully submits that any further attempts to negotiate a fact stipulation will not only be counterproductive, but prejudicial to the Trustee.

Consistent with the Court's request at the July 6, 2016 hearing, the Trustee prepared a proposed stipulated order that the Trustee shared with Ms. Chaitman on July 13, 2016.  The Trustee attempted in good faith to propose a stipulated order consistent with the Court's bench order, dated March 23, 2016, the Court's request, and Ms. Chaitman's representations to this Court at the July 6, 2016 hearing.  Please see the Trustee's original proposed stipulation and order, attached as Ex. A.

Unfortunately, it is the Trustee's belief that Ms. Chaitman's response—particularly in light of the extensive litigation history of this dispute—further exposes the lack of any good faith

July 18, 2016
Page 2

desire to reach a meaningful and reasonable compromise with the Trustee. Instead, the proposed modifications boldly contravene the Federal Rules of Civil Procedure, seek to frivolously re-litigate legal arguments expressly rejected by this Court, and attempt to impose punitive measures on the Trustee for seeking discovery this Court has expressly ratified. As such, and for the reasons further discussed below, the Trustee submits that the Court should reject Ms. Chaitman's modification of the proposed stipulated order and affirm its prior rulings that the Trustee is entitled to serve Rule 45 bank subpoenas, and allow these cases to move forward without further delay.

First, Ms. Chaitman's modifications seek to enjoin the Trustee from obtaining any bank records in any action for any purpose in the future, and also require him to "turn over" to the Defendant any such records previously obtained. This position is completely at odds with both the Federal Rule of Civil Procedure 26(b)(1), which states that"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…", and previous related orders issued by this Court. Consistent with those orders, the Trustee is entitled to these records in connection with both his claims and the numerous other defenses concerning tax payments, tracing, set-off, and other payments that were made to third parties as required by law or contract. *See* Transcript of March 23, 2016 Hearing and Bench Order, 58:4-25.

Furthermore, the language purporting to require the Trustee to "turn over" discovery previously validly obtained—including in cases where fact discovery is closed and the Defendants have thereby waived all rights for such relief—is nonsensical and moot. The bank records already in the Trustee's possession were obtained pursuant to valid Bankruptcy Rule 2004 or Rule 45 subpoenas from which Ms. Chaitman now seeks relief. Furthermore, Ms. Chaitman's stated basis for such improper relief is her assertion that the Trustee improperly seeks the bank records to "frame a complaint," which is unfounded and has been explicitly rejected by this Court. *See* Transcript of March 23, 2016 Hearing, 57:5-58:3 ("The defendants, therefore, lack standing to quash subpoenas because the bank records contained irrelevant—on the theory that the bank records contained irrelevant subsequent transfer information.").

Second, discovery responses served by Ms. Chaitman in her active cases further demonstrate both the relevance of the Rule 45 bank records and the absurdity of the Defendant's extant request for relief. For example, in all five of the cases currently before the Court where discovery has been served, Ms. Chaitman's interrogatory responses state that the Defendants' evidentiary basis for alleged tax payment offsets is "<u>Responding Party's testimony</u> as to the payment of the applicable tax rates <u>for each year of the Account</u> and the reported income as reflected in Madoff's statements . . ." *See. e.g.*, Ex. B, Responses and Objections of Marlene Krauss to Trustee's First Set of Interrogatories, at 6) (emphasis added).

These responses state that Ms. Chaitman intends to put her clients on the stand at trial to testify that they made the tax payments, but, through her proposed order, she is seeking to deprive the Trustee from pursuing the definitive evidence that would confirm or refute her client's testimony. At the same time, Ms. Chaitman refuses to disclose the factual bases for any

July 18, 2016
Page 3

such defenses implicating Defendant's financial payments to others in response to other discovery requests. In addition to tax payments, all of the defendants in the six cases assert additional affirmative defenses that squarely implicate the subpoenaed bank records, including that the Trustee cannot trace transfers from BLMIS to Defendant, payments were made to third parties as required by law or contract, and transfers were made for value. *See e.g.*, *Picard v. Krauss*, Adv. Pro. No. 10-04489 (SMB), Answer to Complaint [ECF. No. 46], at 16, 18, 20, 29, 43.[1] *See id.*

Basic principles of fairness compel that if the Defendants wish to deprive the Trustee of valid and relevant discovery that this Court has affirmed, they should be precluded from raising any defense to which such discovery is relevant without qualification. To illustrate the point, the Trustee recently obtained bank records in the *Picard v. Whitman* proceeding, Adv. Pro. No. 10-04614 (SMB), and many others included on Exhibit A to Ms. Chaitman's July 15, 2016 letter, that reflect tax payments, as well as refunds, for the years 2007 through 2009.[2] The Trustee should be permitted to use subpoenaed bank records, if necessary, to rebut any testimonial evidence the defendants offer in support of their defenses.

Moreover, in an apparent effort to mislead the Court regarding the nature of relevant affirmative defenses and obstruct the Trustee's right to discovery, Ms. Chaitman made material misrepresentations to this Court at several hearings that no Defendant is claiming any tax set offs for any period after 2005, which, in light of the portion of Exhibit B quoted above, is demonstrably false. (*See* Transcript of March 23, 2016 Hearing at 39:7-40:15, 58:12-17; Transcript of March 9, 2016 Hearing at 22:23-23:19.) In light of this, the Trustee respectfully submits it would be appropriate at this juncture for the Court—pursuant to its inherent power—to enter an order stating that if the Defendants in any of Ms. Chaitman's proceedings fail to affirmatively produce relevant bank records, all related defenses are subsequently stricken.

Finally, Ms. Chaitman's insertion of a demand for fees into the proposed fact stipulation is particularly offensive. The Trustee notes that Ms. Chaitman has continuously litigated these subpoenas since January of this year by filing repeated and duplicative motions, including motions to quash the subpoenas, enjoin the subpoenas, and even a frivolous motion to dismiss the Trustee's complaints that included no stated legal basis. Given the now enormous and still growing waste of resources this needless litigation has caused, it is the Trustee—not Ms. Chaitman—who should be entitled to fees. Accordingly, we respectfully request an order stating that to the extent Ms. Chaitman makes any further attempt to re-litigate these issues, all of the

---

[1] The Defendants across many of Ms. Chaitman's cases refuse to identify the factual bases for these assertions. Accordingly, The Trustee will likely need to seek a Federal Rule of Civil Procedure 37 order compelling that discovery.

[2] Because tax payments and refunds relating to fictitious profits reflected in BLMIS customer statements for 2008 would have presumably been paid in 2009, the 2009 bank records are equally relevant and should be discoverable. Accordingly, Ms. Chaitman's further modification to the "Covered Period" by eliminating 2009 is also improper and another basis upon which these modifications are objectionable.

July 18, 2016
Page 4

defenses raised by Defendants on whose behalf Ms. Chaitman seeks such relief are stricken and the Trustee shall be entitled to fees.

Respectfully submitted,

*/s/ Edward J Jacobs*
Edward J. Jacobs


cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022