**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>_____,<br><br>        Defendant(s). | Adv. Pro. No. _____ (SMB) |

## STIPULATION AND ORDER ON DISCOVERY

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendant(s) [INSERT DEFENDANT(S)] ("Defendant(s)"), by and through their respective, undersigned counsel, stipulate and state as follows:

[REPEAT THE FOLLOWING FOR EACH DEFENDANT AND EACH RELEVANT ACCOUNT WITHIN EACH PROCEEDING]

1. Column 4 of Exhibit B to the Trustee's Complaint in the above-referenced adversary proceeding accurately reflects the cash deposits made by Defendant to BLMIS account no. [INSERT] (the "Relevant Account") from [INSERT DATE] to December 11, 2009 (the "Covered Period").

2. Column 5 of Exhibit B to the Trustee's Complaint in the above-referenced adversary proceeding accurately reflects the cash withdrawals made by Defendant from the Relevant Account during the Covered Period.

3. Defendant admits receipt of all the cash withdrawals made by Defendant from the Relevant Account during the Covered Period, and at a minimum, between December 11, 2006 and December 11, 2008, as listed in Column 10 of Exhibit B to the Trustee's Complaint in the above-referenced adversary proceeding.

4. In light of the admissions and stipulations contained in Paragraphs 1-3 above, the Trustee hereby agrees to withdraw any pending, and will forgo service of any future, Rule 45 bank subpoenas seeking Defendant's financial records for the Covered Period.

5. Defendant is hereafter precluded from asserting any facts arising during the Covered Period in furtherance of any defense or counterclaim including, but not limited to, the existence of tax payments or other claimed set-offs, transfers received for value, or tracing, that would be reflected in Defendant's financial records for which subpoenas have been foregone pursuant to Paragraph 4 above, unless such relevant financial records from Defendant's financial institution(s) are first produced by Defendant to the Trustee.

6.      Nothing in this stipulation and order prohibits the Trustee from enforcing pending, or serving future, Rule 45 subpoenas requesting Defendant's financial records from relevant periods outside the Covered Period.

7.      This Court shall retain jurisdiction over all matters relating to the enforcement, implementation, and interpretation of this Order.

Dated:      New York, New York
            _____, 2016

---

**[INSERT DEFENDANT]**

---

| | |
|---|---|
| **BAKER & HOSTETLER LLP** | **CHAITMAN LLP** |
| 45 Rockefeller Plaza | 465 Park Avenue |
| New York, NY  10111 | New York, NY 10022 |
| Telephone:  (212) 589-4200 | Telephone: (888) 759-1114 |
| Facsimile:  (212) 589-4201 | Facsimile: (888) 759-1114 |
| David J. Sheehan | Helen Davis Chaitman |
| Email:  dsheehan@bakerlaw.com | Email: hchaitman@chaitmanllp.com |
| Nicholas J. Cremona | *Attorneys for Defendant* _____ |
| Email:  ncremona@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

SO ORDERED this ___ day of _____, 2016.

---

HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

3