## Schechter, Jody E.

| | |
|---|---|
| **From:** | Schechter, Jody E. |
| **Sent:** | Tuesday, April 05, 2016 5:48 PM |
| **To:** | 'Joseph Keenan' |
| **Cc:** | Hunt, Dean D.; Smith, Rachel M.; 'Brian Neville'; 'Raquel Kraus' |
| **Subject:** | Adv. Pro. No. 10-05058 - Trustee's First Set of Discovery Requests to Estate of Armand L. Greenhall and Deidre Sweeney |
| **Attachments:** | Adv Pro. No. 10-05058 - Ltr. to Counsel Enclosing Trustee's Discovery Requests to Estate and Deidre Sweeney.pdf |

Joe,

Enclosed please find correspondence to you enclosing the Trustee's first sets of Requests for Admission, Interrogatories and Requests for Production to Defendants Estate of Armand L. Greenhall and Deidre Sweeney.  Hard copies of the same are being sent to your attention via first class mail.

Thank you,
Jody

**Jody Schechter**
Associate



811 Main Street | Suite 1100
Houston, TX 77002-6111
T 713.646.1319

jschechter@bakerlaw.com
bakerlaw.com

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX  77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial:  713.646.1346
dhunt@bakerlaw.com

April 5, 2016

**VIA FIRST CLASS AND ELECTRONIC MAIL**
Joseph F. Keenan (jfkeenan@joekeenanlaw.com)
114-04 Beach Channel Drive Suite 9
Rockaway Park, NY 11694

McCanliss & Early, LLP
Wall Street Plaza
88 Pine Street, 21st Floor
New York, NY 10005

Re:    Adv. Pro. No. 10-05048 (SMB); *Picard v. Estate of Armand L. Greenhall, et al.*; In the
United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed please find the following:

1.  Trustee's First Set of Requests for Admission to Defendant Estate of Armand L. Greenhall;

2.  Trustee's First Set of Requests for Admission to Defendant Deidre Sweeney;

3.  Trustee's First Set of Interrogatories to Defendant Estate of Armand L. Greenhall;

4.  Trustee's First Set of Interrogatories to Defendant Deidre Sweeney;

5.  Trustee's First Set of Requests for Production to Defendant Estate of Armand L. Greenhall; and

6.  Trustee's First Set of Requests for Production to Defendant Deidre Sweeney.

Please note that because the Bankruptcy Court's docket still reflects McCanliss & Early, LLP as counsel of record, we are continuing to serve McCanliss & Early, LLP with all correspondence and documents.  We will continue to do so until a notice of substitution is filed with the Court and entered on the record.

Please be reminded of Defendants' continuing obligations to preserve, retain and protect all possibly relevant documents in their possession, custody or control, as more fully described in our preservation letters sent to counsel on August 15, 2014 and to Mr. Armand L. Greenhall's address on June 14, 2011.  Copies are enclosed.

Should you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Sincerely,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

cc:    Brian J. Neville (bneville@laxneville.com)
       Raquel Kraus (rkraus@laxneville.com)
       Lax & Neville, LLP
       1450 Broadway, 35th Floor
       New York, NY 10018

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF ARMAND L. GREENHALL; DEIDRE SWEENEY, as Personal Representative of the Estate of Armand L. Greenhall; and PENG YAN, individually and as Personal Representative of the | Adv. Pro. No. 10-05048 (SMB) |

Estate of Armand L. Greenhall,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT ESTATE OF ARMAND L. GREENHALL

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant, the Estate of Armand L. Greenhall, respond in writing to the requests for admission ("Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within thirty three (33) days of service, on May 9, 2016.

## DEFINITIONS

1.    All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2.    "Account" or "Accounts" means BLMIS Account Nos. 1G0109 and 1G0234, as set forth in Exhibit A to the Complaint.

3.    "Applicable Period" means the period beginning October 1, 1995 through the present.

2

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

6.      "Decedent" means Armand L. Greenhall, and/or anyone acting on Armand L. Greenhall's behalf.

7.      "Defendants" means all of the following:  Estate of Armand L. Greenhall; Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan, individually and as Personal Representative of the Estate of Armand L. Greenhall.

8.      "Estate Accounting" means the Agreement Settling Account of Executors Receipt and Release, prepared for and/or filed in the Surrogate's Court, New York County, New York, file no. 1750/2008 for the Estate of Armand L. Greenhall, and produced to the Trustee on or about February 17, 2016 by Defendants the Estate of Armand L. Greenhall and Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall.

9.      "Estate U.S. Tax Return" means the United States Estate (and Generation-Skipping Transfer) Tax Return dated July 9, 2009, produced to the Trustee on or about February 17, 2016 by Defendants the Estate of Armand L. Greenhall and Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall.

3

10.    "NTC & Co., LLP" shall mean Fiserv, Inc., TIB Holdings, Inc., NTC & Co.,

Fiserv Investment Support Services (also known as Fiserv ISS), First Trust Corporation (also

known as 1st Trust Corporation), Retirement Accounts Inc., Fiserv Trust Company, Trust

Industrial Bank, or Lincoln Trust Company, in any capacity, and/or anyone acting on behalf of

NTC & Co., Fiserv, Inc., First Trust Corporation (also known as 1st Trust Company), Retirement

Accounts Inc., Fiserv Trust Company, Trust Industrial Bank, or Lincoln Trust Company,

including any predecessor- or successor-in-interest.

11.    "Probate File" means the probate file for the Estate of Armand L. Greenhall,

which is publicly available through the Surrogate's Court, New York County, New York, file no.

1750/2008.

12.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person

acting on behalf of BLMIS to any Defendant or to any Person or entity acting on behalf of any

Defendant between December 11, 2006 and December 11, 2008.

13.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as

defined herein) conveyed by any Defendant to another Person or entity.

14.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11

U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the

foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or

conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an

interest in property.

15.    "You," "Your" or the "Estate" means the Estate of Armand L. Greenhall and

anyone acting on behalf of or for the benefit of the Estate of Armand L. Greenhall, including, but

4

not limited to, Peng Yan and Deidre Sweeney, as Personal Representatives of the Estate of Armand L. Greenhall.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1G0109.

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1G0109.

3.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1G0109.

4.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No. 1G0109.

5.    Admit that Decedent or the Estate received the withdrawals from Account No. 1G0109 listed in Column 5 of Exhibit B to the Complaint.

6.    Admit that, over the life of Account No. 1G0109, $1,348,032 was withdrawn from Account No. 1G0109.

7.    Admit that, of the $1,348,032 that was withdrawn from Account No. 1G0109, $235,398 consisted of principal.

8.    Admit that, of the $1,348,032 withdrawn from Account No. 1G0109, $1,112,634 was in excess of principal.

9.      Admit that, $1,112,634 more was withdrawn from Account No. 1G0109 than was deposited into Account No. 1G0109.

10.     Admit that between December 11, 2006 and December 11, 2008, $1,112,634 in excess of principal was withdrawn from Account No. 1G0109.

11.     Admit that between December 11, 2006 and December 11, 2008, Decedent or the Estate received the $1,112,634 in excess of principal that was withdrawn from Account No. 1G0109.

12.     Admit that the customer statements received from BLMIS reflect the withdrawals Decedent or the Estate made from Account No. 1G0109.

13.     Admit that each withdrawal from Account No. 1G0109 was made on behalf of Decedent or the Estate.

14.     Admit that from October 1995 to December 2008, one deposit was made into Account No. 1G0109 on or about October 26, 1995, totaling $265,398.

15.     Admit that from October 1995 to December 2008, five (5) withdrawals were made from Account No. 1G0109, totaling $1,212,932.

16.     Admit that after December 11, 2006, three (3) withdrawals were made from Account No. 1G0109, totaling $1,289,032.

17.     Admit that all funds withdrawn from Account No. 1G0109 were for the benefit of Decedent or the Estate.

18.     Admit that the Estate received funds from Account No. 1G0109 during the Applicable Period.

19.     Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1G0234.

20.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1G0234.

21.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1G0234.

22.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No. 1G0234.

23.    Admit that Decedent or the Estate received the withdrawals from Account No. 1G0234 listed in Column 5 of Exhibit B to the Complaint.

24.    Admit that, over the life of Account No. 1G0234, $4,239,893 was withdrawn from Account No. 1G0234.

25.    Admit that on or about September 9, 2003, $30,000 was transferred from Account No. 1G0109 to Account No. 1G0234.

26.    Admit that no cash deposits were ever made into Account No. 1G0234.

27.    Admit that, of the $4,239,893 that was withdrawn from Account No. 1G0234, $30,000 consisted of principal.

28.    Admit that, of the $4,239,893 withdrawn from Account No. 1G0234, $4,209,893 was in excess of principal.

29.    Admit that, $4,209,893 more was withdrawn from Account No. 1G0234 than was deposited into Account No. 1G0234.

30.    Admit that between December 11, 2006 and December 11, 2008, $4,104,893 in excess of principal was withdrawn from Account No. 1G0234.

7

31.    Admit that between December 11, 2006 and December 11, 2008, Decedent or the Estate received the $4,104,893 in excess of principal that was withdrawn from Account No. 1G0234.

32.    Admit that the customer statements received from BLMIS reflect the withdrawals Decedent or the Estate made from Account No. 1G0234.

33.    Admit that each withdrawal from Account No. 1G0234 was made on behalf of Decedent or the Estate.

34.    Admit that from April 1997 to December 2008, thirteen (13) withdrawals were made from Account No. 1G0234, totaling $4,239,893.

35.    Admit that after December 11, 2006, nine (9) withdrawals were made from Account No. 1G0234, totaling $4,104,893.

36.    Admit that all funds withdrawn from Account No. 1G0234 were for the benefit of Decedent or the Estate.

37.    Admit that the Estate received funds from Account No. 1G0234 during the Applicable Period.

38.    Admit that each withdrawal stated in Column 5 of Exhibit B to the Complaint went to one or more bank or brokerage accounts held by Decedent or the Estate.

39.    Admit that each withdrawal stated in Column 5 of Exhibit B to the Complaint was deposited into one or more bank or brokerage accounts at JPMorgan Chase Bank, N.A., Wachovia Bank, N.A. or First Clearing, LLC.

40.    Admit that BLMIS made all Transfers to NTC & Co., LLP, Decedent or the Estate between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

41.   Admit that BLMIS was operating as a Ponzi scheme as alleged in the Complaint.

42.   Admit that each distribution to a beneficiary of the Cash Legacies identified in Decedent's Will consisted of a check for the amount provided in Decedent's Will and, in addition, a check for 9% interest from December 23, 2008.

43.   Admit that Defendant Peng Yan is a beneficiary of the Estate.

44.   Admit that Defendant Peng Yan has received funds or property from the Estate.

45.   Admit that Defendant Peng Yan did not receive an executor's fee.

46.   Admit that after the cash Legacies identified in Decedent's Will were distributed, Defendant Peng Yan received the residuary of the Estate.

47.   Admit that Schedule E to the Estate Accounting accurately reflects dates and amounts of distributions from the Estate.

48.   Admit that Schedule E to the Estate Accounting accurately reflects dates and amounts of distributions from the Estate to Defendant Peng Yan.

49.   Admit that Defendant Peng Yan received at least $1,388,990.01 from the Estate between July 2008 and April 2010, as reflected in Schedule E to the Estate Accounting.

50.   Admit that in or after November 2010, Defendant Peng Yan received the $2,622,317.77 residuary distribution reflected in Schedule I to the Estate Accounting.

51.   Admit that Defendant Peng Yan received $7,805,940.67 from the Estate, as reflected in the Estate U.S. Tax Return.

Dated:   April 5, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of

April, 2016 by electronic and First Class mail upon the following:


Joseph F. Keenan
114-04 Beach Channel Drive Suite 9
Rockaway Park, NY 11694
jfkeenan@joekeenanlaw.com

*Attorney for the Estate of Armand L.
Greenhall and Deidre Sweeney*


McCanliss & Early LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

*Attorneys for the Estate of Armand L.
Greenhall and Deidre Sweeney*


Brian J. Neville
Raquel Kraus
Lax & Neville LLP
1450 Broadway, 35th Floor
New York, NY 10018
bneville@laxneville.com
rkraus@laxneville.com

*Attorneys for Peng Yan*

*Dean D. Hunt w/p/m*

*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05048 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF ARMAND L. GREENHALL; DEIDRE SWEENEY, as Personal Representative of the Estate of Armand L. Greenhall; and PENG YAN, individually and as Personal Representative of the | |

Estate of Armand L. Greenhall,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT DEIDRE SWEENEY

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant, Deidre Sweeney, respond in writing to the requests for admission ("Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within thirty three (33) days of service, on May 9, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0109 and 1G0234, as set forth in Exhibit A to the Complaint.

3.      "Applicable Period" means the period beginning October 1, 1995 through the present.

4.     "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.     "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

6.     "Decedent" means Armand L. Greenhall, and/or anyone acting on Armand L. Greenhall's behalf.

7.     "Defendants" means all of the following:  Estate of Armand L. Greenhall; Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan, individually and as Personal Representative of the Estate of Armand L. Greenhall.

8.     "Estate" means the Estate of Armand L. Greenhall and anyone acting on behalf of or for the benefit of the Estate of Armand L. Greenhall, including, but not limited to, Peng Yan and You, as Personal Representatives of the Estate of Armand L. Greenhall.

9.     "Estate Accounting" means the Agreement Settling Account of Executors Receipt and Release, prepared for and/or filed in the Surrogate's Court, New York County, New York, file no. 1750/2008 for the Estate of Armand L. Greenhall, and produced to the Trustee on or about February 17, 2016 by Defendants the Estate of Armand L. Greenhall and Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall.

10.     "NTC & Co., LLP" shall mean Fiserv, Inc., TIB Holdings, Inc., NTC & Co., Fiserv Investment Support Services (also known as Fiserv ISS), First Trust Corporation (also

known as 1st Trust Corporation), Retirement Accounts Inc., Fiserv Trust Company, Trust Industrial Bank, or Lincoln Trust Company, in any capacity, and/or anyone acting on behalf of NTC & Co., Fiserv, Inc., First Trust Corporation (also known as 1st Trust Company), Retirement Accounts Inc., Fiserv Trust Company, Trust Industrial Bank, or Lincoln Trust Company, including any predecessor- or successor-in-interest.

11.    "Probate File" means the probate file for the Estate of Armand L. Greenhall, which is publicly available through the Surrogate's Court, New York County, New York, file no. 1750/2008.

12.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on behalf of any Defendant between December 11, 2006 and December 11, 2008.

13.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

14.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

15.    "You" or "Your" means Deidre Sweeney, in her capacity as Personal Representative for the Estate of Armand L. Greenhall, and anyone acting on behalf of or for the benefit of Deidre Sweeney.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1G0109.

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1G0109.

3.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1G0109.

4.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No. 1G0109.

5.    Admit that Decedent or the Estate received the withdrawals from Account No. 1G0109 listed in Column 5 of Exhibit B to the Complaint.

6.    Admit that, over the life of Account No. 1G0109, $1,348,032 was withdrawn from Account No. 1G0109.

7.    Admit that, of the $1,348,032 that was withdrawn from Account No. 1G0109, $235,398 consisted of principal.

8.    Admit that, of the $1,348,032 withdrawn from Account No. 1G0109, $1,112,634 was in excess of principal.

9.    Admit that, $1,112,634 more was withdrawn from Account No. 1G0109 than was deposited into Account No. 1G0109.

10.    Admit that between December 11, 2006 and December 11, 2008, $1,112,634 in excess of principal was withdrawn from Account No. 1G0109.

11.    Admit that between December 11, 2006 and December 11, 2008, Decedent or the Estate received the $1,112,634 in excess of principal that was withdrawn from Account No. 1G0109.

12.    Admit that the customer statements received from BLMIS reflect the withdrawals Decedent or the Estate made from Account No. 1G0109.

13.    Admit that each withdrawal from Account No. 1G0109 was made on behalf of Decedent or the Estate.

14.    Admit that from October 1995 to December 2008, one deposit was made into Account No. 1G0109 on or about October 26, 1995, totaling $265,398.

15.    Admit that from October 1995 to December 2008, five (5) withdrawals were made from Account No. 1G0109, totaling $1,212,932.

16.    Admit that after December 11, 2006, three (3) withdrawals were made from Account No. 1G0109, totaling $1,289,032.

17.    Admit that all funds withdrawn from Account No. 1G0109 were for the benefit of Decedent or the Estate.

18.    Admit that the Estate received funds from Account No. 1G0109 during the Applicable Period.

19.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of Account No. 1G0234.

20.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning Account No. 1G0234.

21.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into Account No. 1G0234.

22.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from Account No. 1G0234.

23.    Admit that Decedent or the Estate received the withdrawals from Account No. 1G0234 listed in Column 5 of Exhibit B to the Complaint.

24.    Admit that, over the life of Account No. 1G0234, $4,239,893 was withdrawn from Account No. 1G0234.

25.    Admit that on or about September 9, 2003, $30,000 was transferred from Account No. 1G0109 to Account No. 1G0234.

26.    Admit that no cash deposits were ever made into Account No. 1G0234.

27.    Admit that, of the $4,239,893 that was withdrawn from Account No. 1G0234, $30,000 consisted of principal.

28.    Admit that, of the $4,239,893 withdrawn from Account No. 1G0234, $4,209,893 was in excess of principal.

29.    Admit that, $4,209,893 more was withdrawn from Account No. 1G0234 than was deposited into Account No. 1G0234.

30.    Admit that between December 11, 2006 and December 11, 2008, $4,104,893 in excess of principal was withdrawn from Account No. 1G0234.

31.    Admit that between December 11, 2006 and December 11, 2008, Decedent or the Estate received the $4,104,893 in excess of principal that was withdrawn from Account No. 1G0234.

32.    Admit that the customer statements received from BLMIS reflect the withdrawals Decedent or the Estate made from Account No. 1G0234.

33.    Admit that each withdrawal from Account No. 1G0234 was made on behalf of Decedent or the Estate.

34.    Admit that from April 1997 to December 2008, thirteen (13) withdrawals were made from Account No. 1G0234, totaling $4,239,893.

35.    Admit that after December 11, 2006, nine (9) withdrawals were made from Account No. 1G0234, totaling $4,104,893.

36.    Admit that all funds withdrawn from Account No. 1G0234 were for the benefit of Decedent or the Estate.

37.    Admit that the Estate received funds from Account No. 1G0234 during the Applicable Period.

38.    Admit that each withdrawal stated in Column 5 of Exhibit B to the Complaint went to one or more bank or brokerage accounts held by Decedent or the Estate.

39.    Admit that each withdrawal stated in Column 5 of Exhibit B to the Complaint was deposited into one or more bank or brokerage accounts at JPMorgan Chase Bank, N.A., Wachovia Bank, N.A. or First Clearing, LLC.

40.    Admit that BLMIS made all Transfers to NTC & Co., LLP, Decedent or the Estate between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

41.    Admit that BLMIS was operating as a Ponzi scheme as alleged in the Complaint.

42.    Admit that each distribution to a beneficiary of the Cash Legacies identified in Decedent's Will consisted of a check for the amount provided in Decedent's Will and, in addition, a check for 9% interest from December 23, 2008.

43.    Admit that Defendant Peng Yan is a beneficiary of the Estate.

44.    Admit that Defendant Peng Yan has received funds or property from the Estate.

45.    Admit that Defendant Peng Yan did not receive an executor's fee.

46.    Admit that after the cash Legacies identified in Decedent's Will were distributed, Defendant Peng Yan received the residuary of the Estate.

47.    Admit that Schedule E to the Estate Accounting accurately reflects dates and amounts of distributions from the Estate.

48.    Admit that Schedule E to the Estate Accounting accurately reflects dates and amounts of distributions from the Estate to Defendant Peng Yan.

49.    Admit that Defendant Peng Yan received at least $1,388,990.01 from the Estate between July 2008 and April 2010, as reflected in Schedule E to the Estate Accounting.

50.    Admit that in or after November 2010, Defendant Peng Yan received the $2,622,317.77 residuary distribution reflected in Schedule I to the Estate Accounting.

51.    Admit that Defendant Peng Yan received $7,805,940.67 from the Estate, as reflected in the Estate U.S. Tax Return.

Dated:   April 5, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of

April, 2016 by electronic and First Class mail upon the following:

Joseph F. Keenan
114-04 Beach Channel Drive Suite 9
Rockaway Park, NY 11694
jfkeenan@joekeenanlaw.com

*Attorney for the Estate of Armand L.*
*Greenhall and Deidre Sweeney*

McCanliss & Early LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

*Attorneys for the Estate of Armand L.*
*Greenhall and Deidre Sweeney*

Brian J. Neville
Raquel Kraus
Lax & Neville LLP
1450 Broadway, 35th Floor
New York, NY 10018
bneville@laxneville.com
rkraus@laxneville.com

*Attorneys for Peng Yan*

_Dean D. Hunt w/p/m_
_____
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05048 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF ARMAND L. GREENHALL; DEIDRE SWEENEY, as Personal Representative of the Estate | |

of Armand L. Greenhall; and PENG YAN,
individually and as Personal Representative of the
Estate of Armand L. Greenhall,

                                    Defendants.

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## ESTATE OF ARMAND L. GREENHALL

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules
of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to
this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules") and the applicable local rules of the United States District Court for the Southern District
of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for
the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC
("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and
the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,
hereby demands that Defendant Estate of Armand L. Greenhall, respond in writing with verified
answers to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver
the same to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100,
Houston, Texas 77002 within thirty three (33) days of service, on May 9, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the
Bankruptcy Rules, apply to these Requests and are as follows:

    **Document**. The term "document" is defined to be synonymous in meaning and equal
    in scope to the usage of the term "documents or electronically stored information" in Fed.

R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0109 and 1G0234, as set forth in Exhibit A to the Complaint and any other BLMIS account in which Decedent or any Defendant had any interest in any capacity, whether individually, collectively, or as a fiduciary and whether directly or indirectly, including but not limited to BLMIS Account Nos. 1G0071 and 101309.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard v. Estate of Armand L. Greenhall; Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan, individually and as Personal Representative of the Estate of Armand L. Greenhall*, Adv. Pro. No. 10-04538, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning June 1, 1983 through the present.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

6.    "Complaint" means the complaint and any amended complaint(s) filed by the

Trustee in this adversary proceeding.

7.    "Decedent" means Armand L. Greenhall, and/or anyone acting on Armand L.

Greenhall's behalf.

8.    "Defendants" means all of the following: Estate of Armand L. Greenhall; Deidre

Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan,

individually and as Personal Representative of the Estate of Armand L. Greenhall.

9.    "Estate Accounting" means the Agreement Settling Account of Executors Receipt

and Release, prepared for and/or filed in the Surrogate's Court, New York County, New York,

file no. 1750/2008 for the Estate of Armand L. Greenhall, and produced to the Trustee on or

about February 17, 2016 by Defendants the Estate of Armand L. Greenhall and Deidre Sweeney,

as Personal Representative of the Estate of Armand L. Greenhall.

10.    "Probate File" means the probate file for the Estate of Armand L. Greenhall,

which is available through the Surrogate's Court, New York County, New York, file no.

1750/2008.

11.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on any Defendant's behalf between December 11, 2006 and December 11, 2008.

12.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

13.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

14.    "You", "Your" or the "Estate" means the Estate of Armand L. Greenhall and anyone acting on behalf of or for the benefit of the Estate of Armand L. Greenhall, including, but not limited to, Peng Yan and Deidre Sweeney, as Personal Representatives of the Estate of Armand L. Greenhall.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

2.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.      In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

4.      In accordance with Federal Rule 33(b)(2), the written responses must be served by May 9, 2016.

5.      Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

6.      If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

7.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

8.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

9.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

10.    If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

## INTERROGATORIES

1.    Identify each Initial Transfer from the Accounts.

**ANSWER:**

2.    Identify each deposit into the Accounts.

**ANSWER:**

3.    Identify any instance when Decedent or the Estate communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements for any of the Accounts.

**ANSWER:**

4.    Identify: (a) each Person or entity, including, but not limited to Decedent or the Estate, who ever received money from Account No. 1G0109 or Account No. 1G0234, whether directly or indirectly, including any Initial Transfer, any property purchased with money from Account No. 1G0109 or Account No. 1G0234, or any other benefits derived from an Initial Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

**ANSWER:**

7

5.      Identify all Persons who benefited from any Transfer from Account No. 1G0109 or Account No. 1G0234, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer from Account No. 1G0109 or Account No. 1G0234, and describe how these Persons benefited.

**ANSWER:**


6.      To the extent not already provided in Your responses to the preceding Interrogatories, state how Decedent or the Estate used or distributed any money received from Account No. 1G0109 or Account No. 1G0234, whether directly or indirectly.   In so doing, Identify all Persons or entities who received such money from Decedent or the Estate, including, but not limited to, Defendant Peng Yan, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1G0109 or Account No. 1G0234.

**ANSWER:**


7.      Identify any and all banks and/or financial institutions where Decedent or the Estate holds or has held accounts during the Applicable Period, including, but not limited to J.P. Morgan Chase, N.A., Wells Fargo Bank, N.A., Wachovia, N.A., Wells Fargo Advisors, LLC, First Clearing, LLC and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited.   For each account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

8.    Identify the dates when Defendants Deidre Sweeney and Peng Yan served as personal representatives of the Estate, the amount of any fees received by each in connection with their service as a personal representative, and state whether each personally received any portion of any Transfers from the Account(s).

**ANSWER**:

9.    Identify all transfers by gift made by Decedent after December 11, 2006, including, but not limited to, any transfers by gift to Defendant Peng Yan.

**ANSWER**:

10.    Identify any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**ANSWER**:

11.    Identify all real property transactions occurring after April 14, 2008 in which the Estate either directly or indirectly participated as a seller.

**ANSWER**:

12.    Identify any state and/or federal tax filings related to Decedent and/or the Estate, including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER**:

13.    Identify whether the Estate, or anyone acting on behalf of Decedent or the Estate, requested a refund of any state or federal taxes paid in connection with Account Nos. 1G0109 or

1G0234 and whether any refund was received.  In so doing, provide the date(s) when the Estate,

or anyone acting on behalf of Decedent or the Estate, received refund(s) and the amount(s) of

such refund(s).

**ANSWER**:


14.     Identify any and all trusts created by or for Decedent, into which the Decedent's

assets passed before or after the Decedent's death, including, but not limited to, any revocable or

irrevocable living trusts, testamentary trusts, or special needs trusts.

**ANSWER**:


15.     To the extent not already provided in the Estate Accounting, provide an inventory

and/or an accounting of the Estate and any trust identified in Your responses to the preceding

Interrogatories.

**ANSWER**:


16.     Identify any accounts into which money or other assets in which Decedent had an

interest were transferred following Decedent's death, including, but not limited to, pay-on-death

accounts, transfer-on-death accounts, securities accounts, jointly-held (with any other Person)

accounts, or in-trust-for accounts.  For each such account, Identify the account number, the date

the account was opened, and the date the account was closed.

**ANSWER**:


17.     Identify all beneficiaries, whether or not they are named beneficiaries, of any

accounts or insurance kept by or for Decedent, including, but not limited to, IRA's, Keoghs,

401(k)s, U.S. Savings Bonds, and/or other pension assets or insurance policies, such as life insurance.

**ANSWER**:


18.    Identify each distribution from the Estate, including, but not limited to, any distributions to Defendant Peng Yan.

**ANSWER**:


19.    Identify the beneficiary or beneficiaries, including, but not limited to, Defendant Peng Yan, of Decedent's personal property, including, but not limited to, the cooperative apartment and individual equities held in brokerage accounts at various institutions, referenced in the Probate File.

**ANSWER**:


20.    Identify each Person with knowledge or information relevant to this Adversary Proceeding who may be in possession of any documents or other information relating to any Initial Transfers, deposits, or Subsequent Transfers, including, but not limited to, banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals, including, but not limited to, J.P. Morgan Chase, N.A., Wells Fargo Bank, N.A., Wachovia, N.A., Wells Fargo Advisors, LLC, First Clearing, LLC, and the Public Administrator of the County of New York. For every Person You Identify, please provide their name, address, and telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER**:

11

21.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a.    state all facts upon which You base the denial or affirmative defense;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.    Identify all documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

Dated:  April 5, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*An Attorney for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of April, 2016 by electronic and first class mail upon the following:

Joseph F. Keenan
114-04 Beach Channel Drive Suite 9
Rockaway Park, NY 11694
jfkeenan@joekeenanlaw.com

*Attorney for the Estate of Armand L.
Greenhall and Deidre Sweeney*


McCanliss & Early LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

*Attorneys for the Estate of Armand L.
Greenhall and Deidre Sweeney*


Brian J. Neville
Raquel Kraus
Lax & Neville LLP
1450 Broadway, 35th Floor
New York, NY 10018
bneville@laxneville.com
rkraus@laxneville.com

*Attorneys for Peng Yan*


*Dean D. Hunt w/p/m*

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05048 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF ARMAND L. GREENHALL; DEIDRE SWEENEY, as Personal Representative of the Estate | |

of Armand L. Greenhall; and PENG YAN,
individually and as Personal Representative of the
Estate of Armand L. Greenhall,

|  | |
|---|---|

                                     Defendants.

---

### TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT
### DEIDRE SWEENEY

---

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78lll ("SIPA"), and

the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant Deidre Sweeney, respond in writing with verified answers to the

interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the

office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston,

Texas 77002 within thirty three (33) days of service, on May 9, 2016.

### DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Document**. The term "document" is defined to be synonymous in meaning and equal
in scope to the usage of the term "documents or electronically stored information" in Fed.

2

R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0109 and 1G0234, as set forth in Exhibit A to the Complaint and any other BLMIS account in which Decedent or any Defendant had any interest in any capacity, whether individually, collectively, or as a fiduciary and whether directly or indirectly, including but not limited to BLMIS Account Nos. 1G0071 and 101309.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard v. Estate of Armand L. Greenhall; Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan, individually and as Personal Representative of the Estate of Armand L. Greenhall*, Adv. Pro. No. 10-04538, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning June 1, 1983 through the present.

3

5.     "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff
Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth
Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,
directors, agents, representatives, employees, partners, parent companies, subsidiaries,
predecessor or successor and related entities, and affiliates of the above specifically identified
Persons and entities.

6.     "Complaint" means the complaint and any amended complaint(s) filed by the
Trustee in this adversary proceeding.

7.     "Decedent" means Armand L. Greenhall, and/or anyone acting on Armand L.
Greenhall's behalf.

8.     "Defendants" means all of the following: Estate of Armand L. Greenhall; Deidre
Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan,
individually and as Personal Representative of the Estate of Armand L. Greenhall.

9.     "Estate" means the Estate of Armand L. Greenhall and anyone acting on behalf of
or for the benefit of the Estate of Armand L. Greenhall, including, but not limited to, Peng Yan
and Deidre Sweeney, as Personal Representatives of the Estate of Armand L. Greenhall.
"Madoff" means Bernard L. Madoff.

10.     "Estate Accounting" means the Agreement Settling Account of Executors Receipt
and Release, prepared for and/or filed in the Surrogate's Court, New York County, New York,
file no. 1750/2008 for the Estate of Armand L. Greenhall, and produced to the Trustee on or
about February 17, 2016 by Defendants the Estate of Armand L. Greenhall and Deidre Sweeney,
as Personal Representative of the Estate of Armand L. Greenhall.

4

11.    "Probate File" means the probate file for the Estate of Armand L. Greenhall, which is available through the Surrogate's Court, New York County, New York, file no. 1750/2008.

12.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on any Defendant's behalf between December 11, 2006 and December 11, 2008.

13.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

14.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

15.    "You" or "Your" means Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall, and/or anyone acting on Deidre Sweeney's behalf.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

2.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.      In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

4.      In accordance with Federal Rule 33(b)(2), the written responses must be served by May 9, 2016.

5.      Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

6.      If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

7.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

8.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

9.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

6

10.    If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

## INTERROGATORIES

1.    Identify each Initial Transfer from the Accounts.

**ANSWER:**


2.    Identify each deposit into the Accounts.

**ANSWER:**


3.    Identify any instance when Decedent, You or the Estate communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements for any of the Accounts.

**ANSWER:**


4.    Identify: (a) each Person or entity, including, but not limited to Decedent or the Estate, who ever received money from Account No. 1G0109 or Account No. 1G0234, whether directly or indirectly, including any Initial Transfer, any property purchased with money from Account No. 1G0109 or Account No. 1G0234, or any other benefits derived from an Initial Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

**ANSWER:**

5.    Identify all Persons who benefited from any Transfer from Account No. 1G0109 or Account No. 1G0234, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer from Account No. 1G0109 or Account No. 1G0234, and describe how these Persons benefited.

**ANSWER:**

6.    To the extent not already provided in Your responses to the preceding Interrogatories, state how Decedent or the Estate used or distributed any money received from Account No. 1G0109 or Account No. 1G0234, whether directly or indirectly.  In so doing, Identify all Persons or entities who received such money from Decedent or the Estate, including, but not limited to, Defendant Peng Yan, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1G0109 or Account No. 1G0234.

**ANSWER:**

7.    Identify any and all banks and/or financial institutions where Decedent or the Estate holds or has held accounts during the Applicable Period, including, but not limited to J.P. Morgan Chase, N.A., Wells Fargo Bank, N.A., Wachovia, N.A., Wells Fargo Advisors, LLC, First Clearing, LLC, and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited.  For each account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

8.      Identify the dates when You and Defendant Peng Yan served as personal representatives of the Estate, the amount of any fees received by each in connection with their service as a personal representative, and state whether each personally received any portion of any Transfers from the Account(s).

**ANSWER**:


9.      Identify all transfers by gift made by Decedent after December 11, 2006, including, but not limited to, any transfers by gift to Defendant Peng Yan.

**ANSWER**:


10.     Identify any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**ANSWER**:


11.     Identify all real property transactions occurring after April 14, 2008 in which the Estate either directly or indirectly participated as a seller.

**ANSWER**:


12.     Identify any state and/or federal tax filings related to Decedent and/or the Estate, including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER**:


13.     Identify whether the Estate, or anyone acting on behalf of Decedent or the Estate, requested a refund of any state or federal taxes paid in connection with Account Nos. 1G0109 or

1G0234 and whether any refund was received.  In so doing, provide the date(s) when the Estate, or anyone acting on behalf of Decedent or the Estate, received refund(s) and the amount(s) of such refund(s).

**ANSWER**:


14.    To the extent not already provided in the Estate Accounting, provide an inventory and/or an accounting of the Estate.

**ANSWER**:


15.    Identify any accounts into which money or other assets in which Decedent had an interest were transferred following Decedent's death, including, but not limited to, pay-on-death accounts, transfer-on-death accounts, securities accounts, jointly-held (with any other Person) accounts, or in-trust-for accounts.  For each such account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER**:


16.    Identify all beneficiaries, whether or not they are named beneficiaries, of any accounts or insurance kept by or for Decedent, including, but not limited to, IRA's, Keoghs, 401(k)s, U.S. Savings Bonds, and/or other pension assets or insurance policies, such as life insurance.

**ANSWER**:


17.    Identify each distribution from the Estate, including, but not limited to, any distributions to Defendant Peng Yan.

**ANSWER**:

18.    Identify the beneficiary or beneficiaries, including, but not limited to, Defendant Peng Yan, of Decedent's personal property, including, but not limited to, the cooperative apartment and individual equities held in brokerage accounts at various institutions, referenced in the Probate File.

**ANSWER**:

19.    Identify each Person with knowledge or information relevant to this Adversary Proceeding who may be in possession of any documents or other information relating to any Initial Transfers, deposits, or Subsequent Transfers, including, but not limited to, banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals, including, but not limited to, J.P. Morgan Chase, N.A., Wells Fargo Bank, N.A., Wachovia, N.A., Wells Fargo Advisors, LLC, First Clearing, LLC, Thomas J. Mitchell, and the Public Administrator of the County of New York.  For every Person You Identify, please provide their name, address, and telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

20.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a.    state all facts upon which You base the denial or affirmative defense;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

11

     c.    Identify all documents and other tangible things that support Your denial
or affirmative defense, and state the name, address, and telephone number
of the Person who has each Document.

**ANSWER:**

Dated:  April 5, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ *Nicholas J. Cremona*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*An Attorney for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of

April, 2016 by electronic and first class mail upon the following:


Joseph F. Keenan
114-04 Beach Channel Drive Suite 9
Rockaway Park, NY 11694
jfkeenan@joekeenanlaw.com

*Attorney for the Estate of Armand L.*
*Greenhall and Deidre Sweeney*


McCanliss & Early LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

*Attorneys for the Estate of Armand L.*
*Greenhall and Deidre Sweeney*


Brian J. Neville
Raquel Kraus
Lax & Neville LLP
1450 Broadway, 35th Floor
New York, NY 10018
bneville@laxneville.com
rkraus@laxneville.com

*Attorneys for Peng Yan*

*Dean D. Hunt w/p(m*

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05048 (SMB) |
| Plaintiff, | |
| v. | |
| ESTATE OF ARMAND L. GREENHALL; DEIDRE | |

SWEENEY, as Personal Representative of the Estate
of Armand L. Greenhall; and PENG YAN,
individually and as Personal Representative of the
Estate of Armand L. Greenhall,

                              Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT ESTATE OF ARMAND L. GREENHALL

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant Estate of Armand L. Greenhall, produce Documents responsive

to the requests ("Requests") set forth herein and deliver the same to the office of Baker Hostetler

LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100 within thirty three (33) days of service, on

May 9, 2016.

## DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0109 and 1G0234, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which Decedent or any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly, including, but not limited to, BLMIS Account Nos. 1G0071 and 10139.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard v. Estate of Armand L. Greenhall; Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan, individually and as Personal Representative of the Estate*

3

*of Armand L. Greenhall*, Adv. Pro. No. 10-05048, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning June 1, 1983 through the present.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Complaint" means the complaint filed by the Trustee in this adversary proceeding, and any amendments thereto.

7.      "Decedent" means Armand L. Greenhall, and anyone acting on Armand L. Greenhall's behalf.

8.      "Defendants" means all of the following:  Estate of Armand L. Greenhall; Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan, individually and as Personal Representative of the Estate of Armand L. Greenhall.

9.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Decedent or any Defendant or to any Person or entity acting on behalf of Decedent or any Defendant between December 11, 2006 and December 11, 2008.

10.      "Madoff" means Bernard L. Madoff.

4

11.    "Probate File" means the probate file for the Estate of Armand L. Greenhall, which is available through the Surrogate's Court, New York County, New York, file no. 1750/2008.

12.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Decedent or any Defendant to another Person or entity.

13.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

14.    "You," "Your" or the "Estate" means the Estate of Armand L. Greenhall in any capacity, and/or anyone acting on behalf of or for the benefit of the Estate of Armand L. Greenhall, including, but not limited to, any current or former personal representatives of the Estate of Armand L. Greenhall, including, but not limited to, Deidre Sweeney and Peng Yan.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

2.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by May 9, 2016 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.      If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.      Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.      If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

Identifies the type, title and subject matter of the Document;

Identifies all authors, addressees, and recipients of the Document (including CCs

and BCCs, with descriptive information about such Persons to assess the

privilege asserted; and

Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include log the last-in-time (or top) email in the chain, as well as the

identities of any other authors, addressees, and recipients in the chain who are not in the top

email.

8.    Do not redact Documents for any reason other than privilege. If Documents are

produced with redactions, a log setting forth the information requested in Instruction No. 7 above

must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the

June 6, 2011 Litigation Protective Order with redactions for personally identifiable information,

provided that you also produce an unredacted version of the Document designated confidential.

9.    Certain instructions for production of Documents are contained in Orders entered

by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party

Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following

information in a production cover letter, to the extent any of the following information is

applicable:

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates
and Ending Bates for each Document) that are designated as confidential pursuant to the
Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates
and Ending Bates for each Document) that are designated confidential pursuant to an
Individual Confidentiality Standard, if applicable;

7

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure.  For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## **FORMAT OF PRODUCTION**

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

8

2.    <u>Database load files and production media structure</u>:    Database load files shall consist of: (i) a comma-delimited values ("·dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon ("·opt") file to facilitate the loading of tiff images.    Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.    If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    <u>Electronic Documents and data, generally</u>:    Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:    All Documents and accompanying metadata created and/or stored in the ordinary course of business

within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.    XML format file(s);

    b.    Microsoft SQL database(s);

    c.    Access database(s); and/or

    d.    fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, multimedia, and non-standard file types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein.

Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents identified in Your February 3, 2016 Initial Disclosures, to the extent not previously produced, including:

    a)   Any portion of the Probate File that is not publicly available;

    b)   BLMIS Trade Confirmations for Account No. 1G0109 (March 2007, March 2008, April 2008);

    c)   BLMIS Trade Confirmations for Account No. 1G0234 (March 2008, April 2008);

    d)   BLMIS Monthly Statements for Account No. 1G0109 (December 2006, June 2007);

    e)   BLMIS Monthly Statements for Account 1G0234 (January - December 2006); and

    f)  New York State and Federal Estate Tax Returns for the Estate as well as riders thereto.

2.     Documents Concerning the Accounts.

3.     Documents Concerning Initial Transfers.

4.     Documents Concerning Subsequent Transfers.

5.     Documents Concerning deposits into the Accounts.

6.     Documents Concerning withdrawals from the Accounts.

7.     Documents Concerning money Decedent or any Defendant received from Account Nos. 1G0109 or 1G0234, whether directly or indirectly.

8.     Monthly Account statements.

9.     Communications between Decedent or any Defendant and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

10.    Decedent's bank and/or brokerage account records, after December 11, 2006, for any accounts that received Transfers or were used to make deposits into the Accounts, including, but not limited to, any accounts held by JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., Wachovia, N.A. or First Clearing, LLC, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

11.    To the extent not already produced, the Estate's bank and/or brokerage account records, after April 14, 2008, for any accounts that received Transfers, including, but not limited to, any accounts held by JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., Wachovia, N.A., Wells Fargo Advisors, LLC or First Clearing, LLC, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

12.     Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from Account Nos. 1G0109 and 1G0234, including the amount, date, and recipient of any Subsequent Transfer.

13.     Documents sufficient to identify any money, property, and/or anything else of value provided by Decedent or any Defendant to BLMIS and/or Madoff in exchange for any Initial Transfer.

14.     Documents Concerning any money the Estate received that came from Account No. 1G0109 or 1G0234.

15.     Documents Concerning any real or personal property the Estate received that was purchased with money that came from Account No. 1G0109 or 1G0234.

16.     Documents sufficient to identify any money, property, and/or anything else of value provided by any Person to Decedent or any Defendant in exchange for any Subsequent Transfer.

17.     Documents Concerning the Estate, including, but not limited to the last will and testament, including any drafts, codicils, or prior versions and all trust instruments of Decedent, including any amendments, Concerning the Accounts and/or the Estate.

18.     To the extent not previously produced, a copy of any state and/or federal tax filings Concerning Decedent and/or the Estate, including but not limited to any estate tax returns, income tax returns, and/or gift tax returns.

19.     Documents sufficient to Identify any refund(s) requested or received on behalf of Decedent or the Estate of any state or federal taxes paid in connection with Account Nos. 1G0109 or 1G0234.

20.    Documents Concerning any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

21.    Documents Concerning all real property transactions occurring after December 11, 2008 in which the Estate either directly or indirectly participated as a seller.

22.    To the extent not previously produced, Documents, including but not limited to books and records, Concerning the Estate's accounting and any distributions the Estate made to any Person or entity, including, but not limited to, distributions to Defendant Peng Yan.

23.    To the extent that You deny Trustee's Request for Admission No. 48, Documents sufficient to identify the dates and amounts of distributions to Defendant Peng Yan from the Estate.

24.    To the extent that You deny Trustee's Request for Admission No. 49, Documents sufficient to identify the dates and amounts of distributions to Defendant Peng Yan from the Estate.

25.    To the extent that You deny Trustee's Request for Admission No. 50, Documents sufficient to identify the dates and amounts of distributions to Defendant Peng Yan from the Estate.

26.    To the extent that You deny Trustee's Request for Admission No. 51, Documents sufficient to identify the dates and amounts of distributions to Defendant Peng Yan from the Estate.

27.    Documents Concerning how Decedent used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts after December 11, 2006.

28.    Documents Concerning how the Estate used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts after April 14, 2008.

29.    Documents Concerning any gifts or transfers of money that Decedent and/or the Estate made each year to Decedent's family or friends, during the Applicable Period.

30.    To the extent not previously produced, Documents Concerning any inventory and/or accounting of the Estate.

31.    Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

32.    Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

33.    Documents Concerning the Accounts or this Adversary Proceeding that You have received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

34.    Documents Concerning the Accounts that are maintained by any Person or entity, including, but not limited to, You and Defendant Deidre Sweeney, identified in Your Initial Disclosures dated December 18, 2015 as individuals with knowledge, or by any other Person or entity that may have discoverable information, including, but not limited to, JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., Wachovia, N.A., Wells Fargo Advisors, LLC and First Clearing, LLC.

35.    Documents Concerning any knowledge of or involvement with the Accounts by any of Your accountants or auditors, including, but not limited to, Documents Concerning the Accounts which were created for or by or that were sent to or received from any such accountants or auditors.

36.    Documents Defendants identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

Dated:    April 5, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 5th day of

April, 2016 by electronic and First Class mail upon the following:

Joseph F. Keenan
114-04 Beach Channel Drive Suite 9
Rockaway Park, NY 11694
jfkeenan@joekeenanlaw.com

*Attorney for the Estate of Armand L.*
*Greenhall and Deidre Sweeney*

McCanliss & Early LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

*Attorneys for the Estate of Armand L.*
*Greenhall and Deidre Sweeney*

Brian J. Neville
Raquel Kraus
Lax & Neville LLP
1450 Broadway, 35th Floor
New York, NY 10018
bneville@laxneville.com
rkraus@laxneville.com

*Attorneys for Peng Yan*

_Dean D. Hunt w/PM_
*An attorney for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| | Adv. Pro. No. 10-05048 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | |
| v. | |
| ESTATE OF ARMAND L. GREENHALL; DEIDRE | |

SWEENEY, as Personal Representative of the Estate of Armand L. Greenhall; and PENG YAN, individually and as Personal Representative of the Estate of Armand L. Greenhall,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DEIDRE SWEENEY

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Deidre Sweeney, produce Documents responsive to the requests ("Requests") set forth herein and deliver the same to the office of Baker Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100 within thirty (30) days of service, on May 9, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed.

R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0109 and 1G0234, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which Decedent or any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly, including, but not limited to, BLMIS Account Nos. 1G0071 and 10139.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard v. Estate of Armand L. Greenhall; Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan, individually and as Personal Representative of the Estate of Armand L. Greenhall*, Adv. Pro. No. 10-05048, pending in the United States Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning June 1, 1983 through the present.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.    "Complaint" means the complaint filed by the Trustee in this adversary proceeding, and any amendments thereto.

7.    "Decedent" means Armand L. Greenhall, and anyone acting on Armand L. Greenhall's behalf.

8.    "Defendants" means all of the following:  Estate of Armand L. Greenhall; Deidre Sweeney, as Personal Representative of the Estate of Armand L. Greenhall; and Peng Yan, individually and as Personal Representative of the Estate of Armand L. Greenhall.

9.    "Estate" means the Estate of Armand L. Greenhall in any capacity, and/or anyone acting on behalf of or for the benefit of the Estate of Armand L. Greenhall, including, but not limited to, any current or former personal representatives of the Estate of Armand L. Greenhall, including, but not limited to, Deidre Sweeney and Peng Yan.

10.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Decedent or any Defendant or to any Person or entity acting on behalf of Decedent or any Defendant between December 11, 2006 and December 11, 2008.

11.    "Madoff" means Bernard L. Madoff.

4

12.    "Probate File" means the probate file for the Estate of Armand L. Greenhall, which is available through the Surrogate's Court, New York County, New York, file no. 1750/2008.

13.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Decedent or any Defendant to another Person or entity.

14.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

15.    "You" or "Your" means Deidre Sweeney, in her capacity as personal representative for the Estate of Armand L. Greenhall, and/or anyone acting on Deidre Sweeney's behalf.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

5

2.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by May 9, 2016 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.      If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.      Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.      If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

6

Identifies the type, title and subject matter of the Document;

Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include log the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.     Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.     Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

7

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the

Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.      All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database load files and production media structure</u>:  Database load files shall

consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier

information, data designed to preserve "parent and child" relationships within Document

"families," reasonably accessible and properly preserved metadata (or bibliographic coding in

the case of paper Documents), custodian or Document source information; and (ii) an Opticon

(".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level

folder named "Data," images shall be provided within a root level "Images" folder containing

reasonably structured subfolders, and searchable text files shall be provided in a single root-level

"Text" folder.   If any of the Documents produced in response to these Requests are designated

as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents

with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a confidential field within the load file, with a "yes" or "no" indicating whether the

Document has been designated as confidential, as well as native file loading/linking information

(where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data

or materials created, stored, or displayed on electronic or electro-magnetic media shall be

produced in the order in which the Documents are or were stored in the ordinary course of

business, including all reasonably accessible metadata, custodian or Document source

information, and searchable text as to allow the Trustee, through a reasonable and modest effort,

to fairly, accurately, and completely access, search, display, comprehend, and assess the

Document's true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:    All

Documents and accompanying metadata created and/or stored in the ordinary course of business

within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.      Documents and data created or stored in or by structured electronic databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.      XML format file(s);
    b.      Microsoft SQL database(s);
    c.      Access database(s); and/or
    d.      fixed or variable length ASCII delimited files.

6.      Spreadsheets, multimedia, and non-standard file types:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein.

Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents identified in Your February 3, 2016 Initial Disclosures, to the extent not previously produced, including:

    a)  Any portion of the Probate File that is not publicly available;

    b)  BLMIS Trade Confirmations for Account No. 1G0109 (March 2007, March 2008, April 2008);

    c)  BLMIS Trade Confirmations for Account No. 1G0234 (March 2008, April 2008);

    d)  BLMIS Monthly Statements for Account No. 1G0109 (December 2006, June 2007);

    e)  BLMIS Monthly Statements for Account 1G0234 (January - December 2006); and

11

f) New York State and Federal Estate Tax Returns for the Estate as well as riders thereto.

2. Documents Concerning the Accounts.

3. Documents Concerning Initial Transfers.

4. Documents Concerning Subsequent Transfers.

5. Documents Concerning deposits into the Accounts.

6. Documents Concerning withdrawals from the Accounts.

7. Documents Concerning money Decedent or any Defendant received from Account Nos. 1G0109 or 1G0234, whether directly or indirectly.

8. Monthly Account statements.

9. Communications between Decedent or any Defendant and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

10. Decedent's bank and/or brokerage account records, for the period after December 11, 2006, for any accounts that received Transfers or were used to make deposits into the Accounts, including, but not limited to, any accounts held by JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., Wachovia, N.A. or First Clearing, LLC, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

11. To the extent not already produced, the Estate's bank and/or brokerage account records, for the period after April 14, 2008, for any accounts that received Transfers, including, but not limited to, any accounts held by JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., Wachovia, N.A., Wells Fargo Advisors, LLC or First Clearing, LLC, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

12.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from Account Nos. 1G0109 and 1G0234, including the amount, date, and recipient of any Subsequent Transfer.

13.    Documents sufficient to identify any money, property, and/or anything else of value provided by Decedent or any Defendant to BLMIS and/or Madoff in exchange for any Initial Transfer.

14.    Documents Concerning any money the Estate received that came from Account No. 1G0109 or 1G0234.

15.    Documents Concerning any real or personal property the Estate received that was purchased with money that came from Account No. 1G0109 or 1G0234.

16.    Documents sufficient to identify any money, property, and/or anything else of value provided by any Person to Decedent or any Defendant in exchange for any Subsequent Transfer.

17.    Documents Concerning the Estate, including, but not limited to the last will and testament, including any drafts, codicils, or prior versions and all trust instruments of Decedent, including any amendments, Concerning the Accounts and/or the Estate.

18.    To the extent not previously produced, a copy of any state and/or federal tax filings Concerning Decedent and/or the Estate, including but not limited to any estate tax returns, income tax returns, and/or gift tax returns.

19.    Documents sufficient to Identify any refund(s) requested or received on behalf of Decedent or the Estate of any state or federal taxes paid in connection with Account Nos. 1G0109 or 1G0234.

20.    Documents Concerning any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

21.    Documents Concerning all real property transactions occurring after December 11, 2008 in which the Estate either directly or indirectly participated as a seller.

22.    To the extent not previously produced, Documents, including but not limited to books and records, Concerning the Estate's accounting and any distributions the Estate made to any Person or entity, including, but not limited to, distributions to Defendant Peng Yan.

23.    To the extent that You deny Trustee's Request for Admission No. 48, Documents sufficient to identify the dates and amounts of distributions to Defendant Peng Yan from the Estate.

24.    To the extent that You deny Trustee's Request for Admission No. 49, Documents sufficient to identify the dates and amounts of distributions to Defendant Peng Yan from the Estate.

25.    To the extent that You deny Trustee's Request for Admission No. 50, Documents sufficient to identify the dates and amounts of distributions to Defendant Peng Yan from the Estate.

26.    To the extent that You deny Trustee's Request for Admission No. 51, Documents sufficient to identify the dates and amounts of distributions to Defendant Peng Yan from the Estate.

27.    Documents Concerning how Decedent used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts after December 11, 2006.

28.    Documents Concerning how the Estate used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts after April 14, 2008.

29.    Documents Concerning any gifts or transfers of money that Decedent and/or the Estate made each year to Decedent's family or friends, during the Applicable Period.

30.    To the extent not previously produced, Documents Concerning any inventory and/or accounting of the Estate.

31.    Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

32.    Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

33.    Documents Concerning the Accounts or this Adversary Proceeding that You have received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

34.    Documents Concerning the Accounts that are maintained by any Person or entity, including, but not limited to, You and Defendant Deidre Sweeney, identified in Your Initial Disclosures dated December 18, 2015 as individuals with knowledge, or by any other Person or entity that may have discoverable information, including, but not limited to, Thomas J. Mitchell, JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., Wachovia, N.A., Wells Fargo Advisors, LLC and First Clearing, LLC.

35.    Documents Concerning any knowledge of or involvement with the Accounts by any of Your accountants or auditors, including, but not limited to, Documents Concerning the Accounts which were created for or by or that were sent to or received from any such accountants or auditors.

36.    Documents Defendants identified, reviewed, prepared, or consulted in responding

to discovery in this Adversary Proceeding.

Dated:    April 5, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 5th day of

April, 2016 by electronic and First Class mail upon the following:

Joseph F. Keenan
114-04 Beach Channel Drive Suite 9
Rockaway Park, NY 11694
jfkeenan@joekeenanlaw.com

*Attorney for the Estate of Armand L.*
*Greenhall and Deidre Sweeney*

McCanliss & Early LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

*Attorneys for the Estate of Armand L.*
*Greenhall and Deidre Sweeney*

Brian J. Neville
Raquel Kraus
Lax & Neville LLP
1450 Broadway, 35th Floor
New York, NY 10018
bneville@laxneville.com
rkraus@laxneville.com

*Attorneys for Peng Yan*

_____
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

17

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

August 15, 2014

Joseph F. Keenan
McCanliss & Early, LLP
Wall Street Plaza
88 Pine St., 21st Floor
New York, New York 10005

Brian J. Neville
Gabrielle J. Pretto
Lax & Neville, LLP
1450 Broadway, 35th Floor
New York, New York 10018

Re:    Adv. Pro. No. 10-05048 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Armand L. Greenhall;* In the United States Bankruptcy Court for the Southern District of New York

Dear Counsel:

In follow up to our preservation letter of June 24, 2011 please be reminded that your clients are not to destroy, conceal, or alter any paper or electronic files or any other electronically generated or stored information on computers or storage media that your clients may have in their possession, custody, or control that may be related to this matter.  As you are aware, Defendants are under a legal duty to preserve, retain, and protect all possibly relevant evidence.  Relevant evidence includes but is not limited to: all communications with Bernard L. Madoff Investment Securities LLC ("BLMIS") and any employees or principals of BLMIS; BLMIS account statements and trade confirmations; Defendants' bank records including, without limitation, bank statements, copies of checks and/or deposit tickets, Defendants' financial, accounting and/or book-keeping records evidencing, among other things, transfers of funds or property to and/or from BLMIS and any direct or indirect transfers of funds or property received from BLMIS to any other persons or entities;  documents regarding any referrals or introductions to BLMIS; documents regarding the Defendants' finances.  Failure to do so may constitute spoliation of evidence and may subject it to legal claims for damages or evidentiary and monetary sanctions.

Note, this obligation also extends to those records relating to BLMIS that may be in the possession, or control of third parties who maintain such documents on Defendants' behalf, including but not limited to, those that are in the possession, custody, or control of Defendants' current or former employees, officers, directors, trustees, partners,

August 15, 2014
Page 2

fiduciaries, agents, beneficiaries, agents' representatives, consultants, contractors, vendors, banks, accountants, financial institutions, or any other fiduciary or third party maintaining records for and/or on Defendants' behalf.

Specifically, Defendants are instructed not to, and to affirmatively instruct third parties with possession, custody or control not to, destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic evidence with respect to the above-referenced case, and is further instructed to take reasonable efforts to preserve such data. In addition, your clients are instructed not to, and to affirmatively instruct third parties with possession, custody or control not to, pack, compress, purge or otherwise dispose of files or parts of files unless a true and correct copy of such files is made. To meet this burden, your clients are instructed to, and to instruct third parties with possession, custody, or control to (by way of example and not limitation):

- preserve and retain all electronic data in any format, media, or location relating to the above-referenced case, including data on floppy disks, zip disks, CDs, DVDs, thumb drives, hard drives, tapes, PDAs, cell phones, memory cards/sticks, or electronic voice mail;

- prevent the automatic deletion of any electronic data by any software or system programs;

- preserve all data storage backup files (i.e., not overwrite any previously existing backups);

- preserve e-mail, including webmail such as Gmail, Yahoo or Hotmail, and information about e-mail (including message contents, header information and logs of e-mail system usage);

- preserve word processing files, including prior drafts, "deleted" files, and file fragments;

- preserve and retain all data from servers and networking equipment logging network access activity and system authentication;

- prevent others with access to relevant files from deleting or overwriting any electronic data related to this case; and

- take such other security measures, including, but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly relating to the above-referenced case.

August 15, 2014
Page 3

We are willing to conduct a meet and confer session with you to discuss the sources of Defendants' data and the steps that will need to be taken to preserve that data.  We are also willing to coordinate with you on the preservation, collection and processing of relevant data.

Sincerely,

Dean D. Hunt / ks (with permission)

Dean D. Hunt

Enclosure: June 24, 2011 correspondence

# Baker Hostetler

Baker&Hostetler LLP

303 East 17th Avenue
Suite 1100
Denver, CO 80203-1264

T 303.861.0600
F 303.861.7805
www.bakerlaw.com

June 24, 2011

Tina U. Amin
direct dial: 303.764.4026
tamin@bakerlaw.com

**VIA U.S MAIL**

Armand L. Greenhall
685 West End Avenue
New York, New York 10025

Re:     Adv. Pro. No. 10-05048 (BRL); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Armand L. Greenhall;* In the United States Bankruptcy Court for the Southern District of New York

Dear Mr. Greenhall:

This letter pertains to the preservation of documents and other things in the above-referenced matter. Please be advised you are not to destroy, conceal, or alter any paper or electronic files or any other electronically generated or stored information on computers or storage media that you may have in your possession, custody, or control that may be related to this matter. You are under a legal duty to preserve, retain, and protect all possibly relevant evidence. Relevant evidence may include: all communications with Bernard L. Madoff Investment Securities LLC ("BLMIS") and any employees or principals of BLMIS; account statements and trade confirmations; your financial records evidencing transfers to or from BLMIS, including any subsequent transfers; any research or due diligence you performed prior to investing; documents regarding any referrals or introductions to BLMIS; documents regarding your finances. Failure to do so may constitute spoliation of evidence and may subject you to legal claims for damages or evidentiary and monetary sanctions.

Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic evidence with respect to the above-referenced case, and you are further instructed to take reasonable efforts to preserve such data. In addition, you are instructed not to pack, compress, purge or otherwise dispose of files or parts of files unless a true and correct copy of such files is made. To meet this burden, you are instructed (by way of example and not limitation) to:

- preserve and retain all electronic data in any format, media, or location relating to the above-referenced case, including data on floppy disks, zip disks, CDs, DVDs, thumb drives, hard drives, tapes, PDAs, cell phones, memory cards/sticks, or electronic voice mail;

Page 2

- prevent the automatic deletion of any electronic data by any software or system programs;

- preserve all data storage backup files (i.e., not overwrite any previously existing backups);

- preserve e-mail, including webmail such as Gmail, Yahoo or Hotmail, and information about e-mail (including message contents, header information and logs of e-mail system usage);

- preserve word processing files, including prior drafts, "deleted" files, and file fragments;

- preserve and retain all data from servers and networking equipment logging network access activity and system authentication;

- prevent others with access to relevant files from deleting or overwriting any electronic data related to this case; and

- take such other security measures, including, but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly relating to the above-referenced case.

We are willing to conduct an early meet and confer session with you to discuss the sources of your data and the steps that will need to be taken to preserve that data. We are also willing to coordinate with you on the preservation, collection and processing of relevant data.

Sincerely,

Tina U. Amin


cc: Erica Gann Kitaev