**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff ,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF BROWNE JACOBSON, LLP AS SPECIAL COUNSEL**
**TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM DECEMBER 1, 2015 THROUGH MARCH 31,**
**2016 AND FOR RELEASE OF A PORTION OF FEES PREVIOUSLY HELD BACK**

Browne Jacobson, LLP ("Browne Jacobson"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the consolidated liquidation under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $968,398.77 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $4,246.86 for the period from December 1, 2015 through March 31, 2016 (the "Compensation Period"), and the release of $553,763.89, which amount represents a portion of the fees previously held back. In support of the Application, Browne Jacobson respectfully submits as follows:

1

## I. BACKGROUND

1.        On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor accordance with SIPA and appointing the Trustee as the trustee for the liquidation of the Debtor's business.

2.        The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.        Beginning on October 27, 2011, Browne Jacobson has served as special counsel for the Trustee.

4.        On November 9, 2011, this Court entered an order approving the Trustee's motion for authority to retain Browne Jacobson as special counsel to the Trustee in matters pertaining to United Kingdom *nunc pro tunc* to October 27, 2011.

5.        The Trustee's motion to retain Browne Jacobson established a fee arrangement pursuant to which Browne Jacobson agreed to a fee reduction in the amount of 10%.  Browne Jacobson also agreed to an additional holdback of fees in the amount of 20% ("Holdback").

## II. SERVICES RENDERED BY BROWNE JACOBSON

6.        The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.        Browne Jacobson advised the Trustee on issues of English Law in connection with matters currently pending against certain defendants in England and other jurisdictions, and

300393090.1

advised the Trustee generally on issues of English Law as regards, for example, discovery, confidentiality, bankruptcy, and procedural law.

8.    Browne Jacobson served as the Trustee's English counsel in several ongoing matters including corresponding with opposing counsel, researching and advising the Trustee on issues of English law and procedure, drafting pleadings, preparing filings and acting on behalf of the Trustee in certain actions.

9.    Browne Jacobson served as the Trustee's coordinating counsel in a number of actions pending in jurisdictions in the British Commonwealth, including Bermuda, Gibraltar, and the British Virgin Islands.

10.    Browne Jacobson conferred with and coordinated research efforts between the Trustee's counsel in in the British Commonwealth and elsewhere in connection with certain Madoff-related proceedings pending in various jurisdictions.

### III. COMPENSATION REQUESTED

11.    The Application demonstrates how Browne Jacobson has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

12.    Browne Jacobson has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

13.    From December 1, 2015 through March 31, 2016, Browne Jacobson provided a total of 2,369.1 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $1,075,998.64 and the total blended rate for professional services was $454.18/hour.  After applying the 10% discount, the total fees incurred is $968,398.77 and the total blended rate is $408.76/hour.  Browne Jacobson has agreed to a

3

further 20% holdback of fees in the amount of $193,679.75 resulting in the present request for compensation in the amount of $774,719.02.

14.    A breakdown of the total number of hours performed by each Browne Jacobson timekeeper is provided on **Exhibit A** annexed hereto.

15.    Browne Jacobson seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the current and past Compensation Periods in the amount of $4,246.86.  An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

## IV. RELEASE OF THE HOLDBACK

16.    The Trustee's motion to retain Browne Jacobson established a Holdback fee arrangement in which 20% of the approved compensation is deferred until further order of the Court.

17.    For the current and prior compensation periods, the amount of the Holdback for Browne Jacobson fees is $1,678,072.39.  Browne Jacobson seeks a release of the Holdback in the amount of $553,763.89 upon the support of SIPC.

18.    SIPC has advised that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $553,763.89 for Browne Jacobson.

19.    Hence, Browne Jacobson respectfully requests that this Court authorize the release of the Holdback payment to Browne Jacobson in the amount of $553,763.89, as supported by SIPC.

300393090.1

## V. GENERAL MATTERS

20.    All of the professional services for which compensation is requested herein were performed by Browne Jacobson for and on behalf of the Trustee and not on behalf of any other person or entity.

21.    No agreement or understanding exists between Browne Jacobson and any other person for sharing compensations received in connection with this case nor has any other person or entity agreed to provide Browne Jacobson with compensation for the legal services described herein.

22.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

23.    To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Browne Jacobson (*see* SIPA § 78fff-3(b)(2)).

24.    The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay

300393090.1

administrative expenses.  SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

25.    Therefore, with respect to this Application, Browne Jacobson requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Browne Jacobson expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Browne Jacobson respectfully requests that this Court enter an Order:

a.    Granting this Application; and

b.    Allowing and awarding $968,398.77, of which $774,719.02 is to be paid currently and $193,679.75 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Browne Jacobson to the Trustee from December 1, 2015 through March 31, 2016; and

c.    Allowing payment to Browne Jacobson in the amount of $4,246.86 for reimbursement of expenses incurred by Browne Jacobson from December 1, 2015 through March 31, 2016; and

d.    Releasing $553,763.89 to Browne Jacobson from the Holdback for Prior Compensation Periods; and

300393090.1

e.      Granting Browne Jacobson such other and further relief as the Court deems just

and proper.

Respectfully submitted,

Dated:   July 20, 2016                          Browne Jacobson

By:   _s/Derek Bambury_
Derek Bambury
Mowbray House
Castle Meadow Road
Nottigham
NG2 1BJ
Telephone: +59766000

7

**EXHIBIT A**

**SUMMARY OF INTERIM FEE APPLICATION**
**OF BROWNE JACOBSON FOR SERVICES RENDERED**
**FOR THE PERIOD DECEMBER 1, 2015 THROUGH MARCH 31, 2016**

| | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Derek Bambury | $539.35 | 44.9 | $24,216.68 |
| Dominic Offord | $537.99 | 90.3 | $48,580.57 |
| John Adams | $535.01 | 333.3 | $178,317.99 |
| Nick Pontt | $534.72 | 420.8 | $225,011.40 |
| David Henderson | $509.54 | 217.7 | $110,926.40 |
| Chloe Poskitt | $416.81 | 49.1 | $20,465.23 |
| Adam Edwards | $415.54 | 5.4 | $2,243.94 |
| Giles Parsons | $414.74 | 3.5 | $1,451.59 |
| Stephen Howe | $413.60 | 18 | $7,444.77 |
| Nick Sulman | $412.36 | 293.8 | $121,151.16 |
| Dave Drew | $412.36 | 210.8 | $86,925.26 |
| Emma Taylor | $411.61 | 2.7 | $1,111.35 |
| Willem Basson | $411.29 | 286.1 | $117,669.94 |
| Catriona Lothian | $383.96 | 31.1 | $11,941.03 |
| Chris Carroll | $336.19 | 326.9 | $109,900.56 |
| Faye McConnell | $255.69 | 0.1 | $25.57 |
| Sian Harrisin | $253.31 | 0.2 | $50.66 |
| Katie Chapman | $253.31 | 1.3 | $329.30 |
| Mark Nichols | $248.80 | 33.1 | $8,235.24 |
| | | | |
| Total | $454.18 | 2369.1 | $1,075,998.64 |
| Total minus 10% Discount | $408.76 | | $968,398.77 |
| Total Net of 20% Holdback | | | $774,719.02 |
| **Holdback for Prior and Current Compensation Periods:** | | | **$1,678,072.39** |
| **Release of the Holdback** | | | **$553,763.89** |
| **Total Compensation to be Paid** | | | **$1,328,482.91** |

300393090.1

## EXHIBIT B

## EXPENSE SUMMARY OF BROWNE JACOBSON
## FOR THE INTERIM PERIOD
## OF DECEMBER 1, 2015 THROUGH MARCH 31, 2016

| Expenses | Amount Requested |
|---|---|
| Photocopies | $7.27 |
| Counsel Fees | $366.31 |
| Court Fees | $28.51 |
| Stenography Services | $3,844.77 |
|  |  |
| **Grand Total** | **$4,246.86** |

9