**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF GRAF & PITKOWITZ RECHTSÄNWALTE GMBH AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM DECEMBER 1, 2015 THROUGH MARCH 31, 2016 AND FOR RELEASE OF A PORTION OF FEES <u>PREVIOUSLY HELD BACK</u>**

  Ferdinand Graf, together with other members and associates at the law firm of Graf & Pitkowitz Rechtsanwälte GmbH ("Graf & Pitkowitz"), as special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $49,867.75 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $2,159.84 for the period

from December 1, 2015 through March 31, 2016 (the "Compensation Period"), and the release of $252,160.83, which represents a portion of the fees previously held back.

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and appointing the Trustee as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4) and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on February 1, 2011, Graf & Pitkowitz has served as special counsel for the Trustee.

4. On March 14, 2011, this Court entered an order approving the Trustee's motion for authority to retain Graf & Pitkowitz *nunc pro tunc* as of February 1, 2011 as special counsel to the Trustee with respect to matters arising under Austrian law.

5. T Graf & Pitkowitz's retention agreement with the Trustee contained a fee arrangement pursuant to which Graf & Pitkowitz agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20% ("Holdback").

## II. SERVICES RENDERED BY GRAF & PITKOWITZ

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

2

7. Graf & Pitkowitz advised the Trustee regarding various issues of Austrian law.

8. Graf & Pitkowitz also monitored certain third party Madoff-related Austrian proceedings.

### III. COMPENSATION REQUESTED

9. The Application demonstrates how Graf & Pitkowitz has both added value to the Debtor's estate and has advanced the Debtor's SIPA liquidation proceeding.

10. Graf & Pitkowitz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Graf & Pitkowitz endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to Ferdinand Graf and Nikolaus Pitkowitz, involving others only when necessary.

11. From December 1, 2015 through March 31, 2016, Graf & Pitkowitz provided a total of 108.9 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $55,408.61 and the total blended rate for professional services was $508.80/hour. After the 10% discount, the total amount of fees incurred is $49,867.75 and the total blended rate is $457.92/hour. Graf & Pitkowitz has agreed to a further holdback of 20% of its fees in the amount of $9,973.55 resulting in the present request for compensation in the amount of $39,894.20.

12. A breakdown of the total number of hours performed by each Graf & Pitkowitz timekeeper is provided on **Exhibit A**, annexed hereto.

13. Graf & Pitkowitz seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $2,159.84. An itemized list of these expenses is detailed on **Exhibit B**, annexed hereto.

3

## IV. RELEASE OF THE HOLDBACK

14. As noted above, Graf & Pitkowitz's retention agreement contains a Holdback fee arrangement in which 20% of the approved compensation is deferred until further order of the Court.

15. For the current and prior compensation periods, the amount of the Holdback for Graf & Pitkowitz' fees is $764,123.73. Graf & Pitkowitz seeks a release of the Holdback in the amount of $252,160.83.

16. SIPC has advised that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $252,160.83 for Graf & Pitkowitz.

17. Hence, Graf & Pitkowitz respectfully requests that this Court authorize the release of the Holdback payment to Graf & Pitkowitz in the amount of $252,160.83, as supported by SIPC.

## V. GENERAL MATTERS

18. All of the professional services for which compensation is requested herein were performed by Graf & Pitkowitz for and on behalf of the Trustee and not on behalf of any other person or entity.

19. No agreement or understanding exists between Graf & Pitkowitz and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Graf & Pitkowitz with compensation for the legal services described herein.

20. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the

attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

21.  To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Graf & Pitkowitz (*see* SIPA § 78fff-3(b)(2)).

22.  The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

23.  Therefore, with respect to this Application, Graf & Pitkowitz requests that consistent with SIPA §78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Graf & Pitkowitz expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Graf & Pitkowitz respectfully requests that this Court enter an Order:

a.  Granting this Application;

b.  Allowing and awarding $49,867.75, of which $39,894.20 is to be paid currently

5

      and $9,973.55, is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Graf & Pitkowitz to the Trustee from December 1, 2015 through March 31, 2016;

c.   Allowing payment to Graf & Pitkowitz in the amount of $2,159.84 for reimbursement of expenses incurred by Graf & Pitkowitz from December 1, 2015 through March 31, 2016;

d.   Releasing $252,160.83 to Graf & Pitkowitz from the Holdback for Prior Compensation Periods; and

e.   Granting Graf & Pitkowitz such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 20, 2016

GRAF & PITKOWITZ RECHTSÄNWALTE GMBH

By: *s/Ferdinand Graf*
Ferdinand Graf
Stadiongasse 2
Vienna, Austria A-1010
Telephone : +43(1)401170
Facsimile : +43(1)4011740

6

**EXHIBIT A**

**SUMMARY OF INTERIM FEE APPLICATION
OF GRAF & PITKOWITZ FOR SERVICES RENDERED
FOR THE PERIOD DECEMBER 1, 2015 THROUGH MARCH 31, 2016**

| **NAME** | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Nikolaus Pitkowitz | 1990 | $597.90 | 39.1 | $23,377.89 |
| Ferdinand Graf | 1994 | $595.56 | 22.2 | $13,221.43 |
| Marija Krizanac | | $422.57 | 39.6 | $16,733.77 |
| Agnieszka Sikorska | | $259.44 | 8 | $2,075.52 |
| | | | | |
| Total | | $508.80 | 108.9 | $55,408.61 |
| Total Minus 10% Discount | | $457.92 | | $49,867.75 |
| **Total Net 20% Holdback** | | | | **$39,894.20** |
| **Holdback for Prior and Current Compensation Periods:** | | | | **$764,123.73** |
| **Release of the Holdback:** | | | | **$252,160.83** |
| **Total Compensation to be Paid:** | | | | **$292,055.03** |

## EXHIBIT B

## EXPENSE SUMMARY OF GRAF & PITKOWITZ
## FOR THE INTERIM PERIOD
## OF DECEMBER 1, 2015 THROUGH MARCH 31, 2016

| EXPENSES | AMOUNTS |
|---|---|
| Media Monitoring | $179.87 |
| Copies/printing Costs | $45.37 |
| Travel Related Expenses | $1,934.60 |
| | |
| **Total Expenses Requested:** | **$2,159.84** |