# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

August 1, 2016

**BY ECF, FEDERAL EXPRESS and E-MAIL**
The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* **No. 08-01789 (SMB)**;

           *Picard v. Train Klan et al.*, **Adv. Pro. No. 10-04905 (SMB)**

Dear Judge Bernstein:

      This law firm represents Defendants Train Klan Partnership (the "Partnership") and its partners Felice T. Londa, Claudia Helmig, Timothy Landres, Jessica Londa, Peter Londa, Timothy Helmig, and Wendy Landres (collectively, the "Partners," and, with the Partnership, "Defendants") in the above-captioned adversary proceeding.

      I write pursuant to Local Rule 7007-1 and your Honor's Chambers Rules to request a discovery conference or, in the alternative, for permission to file a Motion to Quash the Subpoenas served on Defendants' financial institutions.[1]

      **I.**    **Defendants have supplied unqualified admissions to the Trustee's Exhibit B to the Complaint and have withdrawn their tax-offset affirmative defense**

      The Subpoenas served in this case, which are returnable August 11, 2016, seek Defendants' bank and accounting records from May 10, 1993 through December 31, 2009, even though:

(a)    Defendants have admitted ***all*** of the deposits and withdrawals on the Trustee's Exhibit B to the Complaint in their entirety and *for the entire history of the account*; and

(b)    Defendants have explicitly withdrawn their tax-offset affirmative defense.

---

[1] (*See* Subpoenas served on Jacobs, Cohen & Associates and proposed subpoena to Crown Bank, attached as Exhibit A).

{00021934 1 }

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
August 1, 2016
Page 2

Specifically, on July 14, 2016, the Defendants responded to the Trustee's First Set of Interrogatories. In those responses, the Defendants state ***"Responding Parties do not dispute the deposits and withdrawals shown on Exhibit B to the complaint."*** (Ex. B, Rog. No. 5); (*accord* Ex. C, Rog. No. 5); (*see also* Ex. B, Rog. No. 10) *("**Responding Parties admit the deposits and withdrawals reflected on Exhibit B to the complaint.**");* (*accord* Ex. C, Rog. No. 10). Thus, Defendants have supplied the unqualified admissions that obviate the need for the bank subpoenas to verify deposits and withdrawals.

With respect to their tax-offset affirmative defense, Defendants also obviated the need for bank subpoenas to test that defense because they *withdrew that defense entirely.* The Trustee's Interrogatory and the Defendants' response on the issue are as follows:

> Interrogatory No. 13: Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but, not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.
>
> **ANSWER: The defendants are withdrawing this defense.**

(Ex. B, Rog. No. 13); (Ex. C, Rog. No. 13).

## II.     **The Trustee has indicated that he really does not even need the subpoenas to prove his case**

The Trustee has represented to this Court on numerous occasions that he does not really even need the documents he is seeking in his bank-subpoena campaign (except of course to obtain evidence of subsequent transferees). (*See In Re BLMIS*, Adv. Pro No. 08-01789, ECF No. 10664-1, Expert Report of Lisa M. Collura, July 14, 2015 ¶ 19). During recent hearings, the Trustee has made the following representations:

- **MR. JACOBS:** But in any event, our position is that the bank records have limited utility. (*See* May 17, 2016 Transcript at 16:19-20, attached as Ex. D).

- **MR. JACOBS:** Well, Your Honor, from our perspective we don't – legally our position is we don't need the bank records to prove any aspect of our case. (*See* July 6, 2016 Transcript at 19:9-11, attached as Ex. E).

{00021934 1 }

# CHAITMAN LLP

At the July 6, 2016 hearing, the Court remarked to the Trustee: "You're sure going through a lot of effort to get the records if you don't need them." (*Id.* at 19:16-17).

### III.  **The Trustee is plainly using the subpoenas to take discovery to frame complaints against subsequent transferees**

It is clear that the Subpoenas are being served for no purpose other than to frame complaints against subsequent transferees. This is plainly impermissible.[2]

Lest there be any doubt about the Trustee's purpose in serving bank subpoenas, the Court should be aware that just last month the Trustee sought leave to amend his complaint to sue a subsequent transferee with the information he obtained through a bank subpoena. *See* Notice of Motion for Leave to Amend Complaint, *Picard v. Rechler Revocable Trust et al.*, Adv. Pro. No. 10-04474 (S.D.N.Y) (ECF No. 54) (Ex. F). The Trustee does not even address in his moving papers the Supreme Court precedent and Federal Rules of Civil Procedure that he is so clearly violating. *See* Memorandum of Law, *Rechler* (ECF No. 55) (Ex. G).

The use of the *Rechler* subpoena to frame a complaint against a subsequent transferee was the subject of a letter from Chaitman LLP to this Court on May 2, 2016. (*See* Adv. Pro No. 10-04474, ECF No. 51, attached as Ex. H). ("It is apparent that the Trustee is attempting to use this Court's subpoena power to frame complaints against subsequent transferees. This is plainly improper. We have therefore proposed that the Trustee agree to accept full compliance with the limitation that information evidencing subsequent transfers would be redacted. The Trustee has rejected this proposal.").

### IV.  **The Subpoenas violate Fed. R. Civ. P. 26**

Parties may only discover information that is relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 26(b)(2)(C), "on motion **or on its own, the court must limit** the frequency or extent of discovery otherwise allowed . . . if **it** determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1)." (emphasis added). Here, the information sought is irrelevant: Defendants have admitted Exhibit

---

[2] *See Ashcroft v. Iqbal,* 556 U.S. 662, 687 (2009) ("Because the Respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) ("[T]hat the plaintiff might be able to 'piece together' the elements of a claim after discovery is insufficient to justify leave to amend. Discovery is unwarranted where it would function as a 'fishing expedition for evidence in search of a theory that has yet to be asserted.'") (quoting *In re Alper Holdings, Inc.,* 398 B.R. 736, 754 (S.D.N.Y.2008)); *Thule AB v. Advanced Accessory Holdings Corp.,* 2010 WL 1838894, at *4 (S.D.N.Y. May 4, 2010) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") *reconsideration granted on other grounds,* 2010 WL 2287012 (S.D.N.Y. June 1, 2010); *DD v. Lincoln Hall*, 2010 WL 69502, at *12 (S.D.N.Y. Feb. 19, 2010) ("Plaintiffs' argument that their claims should be stayed pending discovery would contravene *Iqbal's* command that mere conclusions are insufficient to 'unlock the doors of discovery.'").

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
August 1, 2016
Page 4

B and have withdrawn their tax-offset affirmative defense.[3] The Trustee has not stated claims against subsequent transferees and he may not use discovery in this case to do so. Thus, the Trustee should withdraw the Subpoenas.

### V.  The Trustee has refused to withdraw the Subpoenas

Last Friday, July 29, 2016, Defendants tried to resolve this discovery dispute without court intervention by asking the Trustee to withdraw the Subpoenas because Defendants admitted the entirety of the Trustee's Exhibit B and have withdrawn their tax-offset affirmative defense. (*See* Ex. I). The Trustee refused to do so because, according to the Trustee, Defendants somehow have not sufficiently admitted receipt of the transfers. (*Id.*). It is unclear how this is so given that Defendants have explicitly admitted the Trustee's entire Exhibit B in no uncertain terms. (*Id.*).

The Trustee's position would seem to imply that Defendants have preserved their right to deny at the time of trial the deposits and withdrawals outlined on Exhibit B, but plainly the Trustee would object if Defendants tried to do so. If the Trustee continues to maintain that Defendants admissions are insufficient, then Defendants should be entitled to object to the withdrawals and deposits on the Trustee's Exhibit B at the time of trial. The Trustee cannot have it both ways.

### VI.  Prompt consideration of this matter is necessary given the Subpoenas' August 11, 2016 return date

Given the August 11, 2016 return date of the Subpoenas, we respectfully request that the Court stay compliance with the Subpoenas pending a resolution of this matter or, alternatively, set a hearing sufficiently in advance of that date so Defendants have time to notice a motion to quash returnable prior to then or, if necessary, a motion for a temporary restraining order staying compliance with the Subpoenas pending resolution of this matter.

The Court's attention to this matter is most appreciated.

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC

cc:    *(by ECF and E-mail)*
       David Sheehan *(dsheehan@bakerlaw.com)*

---

[3] Moreover, to the extent this discovery seeks information that is duplicative, the Court must also therefore limit it. *See* Fed. R. Civ. P. 26(b)(1) ("**on motion or on its own, the court must limit**" discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative.") (emphasis added).

{00021934 1 }

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
August 1, 2016
Page 5

Edward Jacobs *(ejacobs@bakerlaw.com)*
David Hunt *(dhunt@bakerlaw.com)*
Marie Carlisle *(mcarlisle@bakerlaw.com)*
Rachel Smith *(rsmith@bakerlaw.com)*

{00021934 1 }