EXHIBIT A

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

July 21, 2016

**VIA UPS**
Jacobs, Cohen & Associates
Attn: Thomas Jacobs, C.P.A.
L&C Tower, 25th Floor
401 Church St., Suite 2500
Nashville, TN 37219

Re:    Adv. Pro. No. 10-04905 (SMB); *Irving H. Picard, Trustee for the liquidation of
Bernard L. Madoff Investment Securities LLC v. Train Klan, a Partnership,
et al.*; In the United States Bankruptcy Court for the Southern District of New
York.

To Whom It May Concern:

Please find enclosed a Federal Rule of Civil Procedure 45 Subpoena for the production
of documents by Jacobs, Cohen & Associates to Irving H. Picard, Trustee and Plaintiff
in the above-referenced adversary proceeding.

**For purposes of authenticating these documents, please produce the same with a
signed original of the enclosed custodian of records certification or one of your own
that complies with the Federal Rules of Evidence.**

The subpoena requires production of the documents by 5:00 PM on August 11, 2016 at
the offices of Baker & Hostetler, LLP, Attn: Dean D. Hunt, 811 Main Street, Suite
1100, Houston, Texas 77002.

If you have any questions, please contact me, Rachel M. Smith or Marie Carlisle at
(713) 751-1600.

Sincerely,

Dean D. Hunt w/p rs

Dean D. Hunt

Enclosures

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

SECURITIES INVESTOR PROTECTION CORPORATION,

        Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

        Defendant.

In re  Bernard L. Madoff Investment Securities, LLC
        Debtor

Case No. 08-01789 (SMB)
      (Substantively Consolidated)

_(Complete if issued in an adversary proceeding)_

Irving H. Picard, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities, LLC
        Plaintiff

Chapter  SIPA

v.

Adv. Proc. No.10-04905    (SMB)

TRAIN KLAN, a Partnership; FELICE T.
LONDA, in her capacity as a Partner in Train Klan;
CLAUDIA HELMIG, in her capacity as a Partner
in Train Klan; TIMOTHY LANDRES, in his
capacity as a Partner in Train Klan; JESSICA
LONDA, in her capacity as a Partner in Train Klan;
PETER LONDA, in his capacity as a Partner in
Train Klan; TIMOTHY HELMIG, in his capacity
as a Partner in Train Klan; and WENDY
LANDRES, in her capacity as a Partner in Train
Klan,
        Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Jacobs, Cohen & Associates, Attn: Thomas Jacobs C.P.A., L&C Tower, 25th Floor, 401 Church Street, Suite 2500, Nashville, TN 37219.

        _(Name of person to whom the subpoena is directed)_

☒ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Dean D. Hunt<br>Baker & Hostetler, LLP<br>811 Main Street, Suite 1100<br>Houston, Texas 77002<br>Email: dhunt@bakerlaw.com<br>Telephone: 713-751-1600 | August 11, 2016 at 5:00 PM EDT |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |


American LegalNet, Inc.
www.FormsWorkFlow.com

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 21, 2016

CLERK OF COURT

OR

_____          _Dean D. Hunt_ (signature)
   *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff
_____ , who issues or requests this subpoena, are:
Dean D. Hunt
Baker & Hostetler, LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Email: dhunt@bakerlaw.com
Telephone: 713-751-1600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com

### ATTACHMENT A
### TO SUBPOENA TO JACOBS, COHEN & ASSOCIATES

### DEFINITIONS

1.      The rules of construction and definitions in Civil Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), as adopted in Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" or "Accounts" means BLMIS Account No. 1ZB119.

3.      "Applicable Period" means the period between May 10, 1993 and December 31, 2009.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      "Complaint" means the complaint filed by the Trustee in this adversary proceeding.

6.      "Defendant(s)" means Train Klan, a Partnership; Felice T. Londa; Claudia Helmig; Timothy Landres; Jessica Londa; Peter Londa; Timothy Helmig; and Wendy Landres.

7.      "Transfer(s)" means any conveyance, transmittal, disposition, remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf of any Defendant by any means including, but not limited to, cash, funds, property, or other value

conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal from the Account, or by any other manner as set forth under section 101(54) of the Bankruptcy Code or section 270 of the New York Debtor & Creditor Law. *See* 11 U.S.C. § 101(54); N.Y. DEBT. & CRED. Law § 270. "Transfer" also includes, but is not limited to, payments or conveyances of value by BLMIS to any third parties for the benefit of any Defendant.

8.     "You" or "Your" means Jacobs, Cohen & Associates in any capacity, and/or anyone acting on Jacobs, Cohen & Associates' behalf, including any predecessor-in-interest.

9.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests for Production of Documents set forth herein (the "Request" or "Requests").

10.     Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## INSTRUCTIONS

Federal Rules of Civil Procedure 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.     All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.     Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants,

10-04905-smb    Doc-48-1  Filed 08/09/16  Entered 08/09/16 16:44:25:53  Exhibit A
Pg 9 of 27

contractors, vendors or any fiduciary or other third parties, that were created during or that relate or refer to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.    You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.    Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.    Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany

Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.     Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.     Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.     If a Request calls for information Concerning a Transfer, Subsequent Transfer, redemption, or withdrawal from a BLMIS account, You must include Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (i.e., wire, check, etc.), date of, amount and the reason for the Transfer, Subsequent Transfer, redemption, or withdrawal.

9.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

(a)     Identify the type, title and subject matter of the Document;

(b)     State the place, date, and manner of preparation of the Document;

(c)     Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

(d)     Identify the legal privilege(s) and the factual basis for the claim.

10.     Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the

event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.     To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.     In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.     All Documents to be produced to the Trustee should be copied and produced in hard-copy form, separated by Document, and organized in the order and manner in which they are usually kept.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Documents and Communications Concerning the Account, including any predecessor accounts, and/or the nominee or beneficial owners of those accounts.

2.     Documents and Communications related to services and/or products provided by You to any Defendant Concerning the Account.

3.     Documents and Communications Concerning taxes paid by Defendants on any income from the Account including any applications for refunds of any taxes paid on BLMIS income.

4.      Documents and Communications Concerning Transfers.

5.      Documents reflecting any analysis You performed of the Account and Defendants' BLMIS investment including, but not limited to, financial statements, spreadsheets showing or calculating gains and/or losses from the Account, and spreadsheets showing Transfers.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>            Plaintiff,<br><br>      v.<br><br>TRAIN KLAN, a Partnership; FELICE T. LONDA, in her capacity as a Partner in Train Klan; CLAUDIA HELMIG, in her capacity as a Partner in Train Klan; TIMOTHY LANDRES, in his capacity as a Partner in Train Klan; JESSICA LONDA, in her capacity as a Partner in Train Klan; PETER LONDA, in his capacity as a Partner in Train Klan; TIMOTHY HELMIG, in his capacity as a Partner in Train Klan; and WENDY LANDRES, in her capacity as a Partner in Train Klan,<br><br>            Defendants. | Adv. Pro. No. 10-04905 (SMB) |

**CERTIFICATION OF DOMESTIC RECORDS OF REGULARLY CONDUCTED
ACTIVITY PURSUANT TO FED. R. EVID. 902(11) BY
JACOBS, COHEN & ASSOCIATES**

The undersigned declarant hereby stipulates, declares, certifies, verifies, and states the following:

1. I am _____[Name], _____ [Title] at Jacobs, Cohen & Associates ("Jacobs Cohen") and have served in that position since _____[Date].

2. On _____[Date], Jacobs Cohen produced documents (the "Documents") pursuant to a subpoena served by Plaintiff in the above-captioned litigation (the "Litigation"). Based on my position as _____[Title] at Jacobs Cohen, I am generally familiar with the contents of the Documents and the circumstances under which they were created, received and maintained.

3. The Documents were contained in Jacobs Cohen's files and/or created by Jacobs Cohen and were produced in this Litigation pursuant to subpoena.

4. Each Document is a duplicate copy of a domestic (United States) business record, created by Jacobs Cohen or its predecessor-in-interest in the normal course of its regularly conducted business activity as a regular practice, at or near the time of the occurrence so stated in the records by, or from information transmitted by, a person with knowledge of the contents of such matters discussed therein.

5. The Documents have been kept and maintained by Jacobs Cohen in Jacobs Cohen's files in the normal course of Jacobs Cohen's record-keeping as records of regularly conducted business activity.

6. The Documents have been relied upon by Jacobs Cohen and I have no reason to question the source of the information, or the method or circumstances of the preparation of the Documents.

7. The Documents are a complete production of all Jacobs Cohen records which are responsive to the Plaintiff's subpoena. After a diligent search, Jacobs Cohen certifies that it does not have in its possession any additional responsive documents, whether maintained within or outside of Jacobs Cohen's retention period.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Signature of Declarant

_____

Printed Name of Declarant

_____

Title of Declarant

**JACOBS, COHEN &
ASSOCIATES**

_____

_____

Company Address

_____

Date of Declaration

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of _____ New York

SECURITIES INVESTOR PROTECTION CORPORATION,

      Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

      Defendant.

In re  Bernard L. Madoff Investment Securities, LLC _____

      Debtor

*(Complete if issued in an adversary proceeding)*

Irving H. Picard, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities, LLC _____

      Plaintiff

    v.

TRAIN KLAN, a Partnership; FELICE T.
LONDA, in her capacity as a Partner in Train Klan;
CLAUDIA HELMIG, in her capacity as a Partner
in Train Klan; TIMOTHY LANDRES, in his
capacity as a Partner in Train Klan; JESSICA
LONDA, in her capacity as a Partner in Train Klan;
PETER LONDA, in his capacity as a Partner in
Train Klan; TIMOTHY HELMIG, in his capacity
as a Partner in Train Klan; and WENDY
LANDRES, in her capacity as a Partner in Train
Klan,

      Defendant

Case No. 08-01789 (SMB) _____

    (Substantively Consolidated)

Chapter  SIPA _____

Adv. Proc. No. 10-04905    (SMB) _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Crown Bank, 100 New Road, Linwood, NJ 08221-1316

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  | See Attachment A |

| PLACE | DATE AND TIME |
|---|---|
| Dean D. Hunt<br>Baker & Hostetler, LLP<br>811 Main Street, Suite 1100<br>Houston, Texas 77002<br>Email: dhunt@bakerlaw.com<br>Telephone: 713-751-1600 | _____, 2016 at 5:00 PM EDT |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |


American LegalNet, Inc.
www.FormsWorkFlow.com

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            CLERK OF COURT

                              OR

    _____        _____
    *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiff _____ , who issues or requests this subpoena, are:
Dean D. Hunt
Baker & Hostetler, LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Email: dhunt@bakerlaw.com
Telephone: 713-751-1600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                         _____
                                                      *Server's signature*

                                         _____
                                                     *Printed name and title*

                                         _____
                                                       *Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT A
## TO SUBPOENA TO CROWN BANK

### DEFINITIONS

1.    The rules of construction and definitions in Civil Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), as adopted in Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.    "Account" or "Accounts" means any account maintained by You and held by, for, in the name of, for the benefit of, or on behalf of, Train Klan, Felice Londa or any of their successors-in-interest, including, but not limited to Crown Bank, formerly known as First Bank Americano, Account No. 0106001651.

3.    "Applicable Period" means the period between and including May 10, 1993, through December 31, 2009.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.    For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests for Production of Documents set forth herein (the "Request" or "Requests").

6.      Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

7.      "You" means Crown Bank and any and all affiliates, including any parents, subsidiaries, or predecessors-in-interest, and any and all employees, agents, or anyone acting on behalf of Crown Bank.

## INSTRUCTIONS

Federal Rules of Civil Procedure 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.      All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors or any fiduciary or other third parties, that were created during or that relate or refer to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf. You must produce all such Documents even if they were deleted or in draft form.

Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives. Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4. Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document. If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5. Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6. Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such Request or part thereof, for each such Document, You must:

      (a)     Identify the type, title and subject matter of the Document;

      (b)     State the place, date, and manner of preparation of the Document;

      (c)     Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

      (d)     Identify the legal privilege(s) and the factual basis for the claim.

9.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 8 above must be provided.

10.     To the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.   In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database load files and production media structure</u>:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.  If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the

Page 5

Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.     Electronic Documents and data, generally:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.     Emails and attachments, and other email account-related Documents:   All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.     Documents and data created or stored in or by structured electronic databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data

dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

(a)     XML format file(s);

(b)     Microsoft SQL database(s);

(c)     Access database(s); and/or

(d)     fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, multimedia, and non-standard file types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent You have other file types that do not readily or easily and accurately convert to tiff and searchable text, You may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      <u>"Other" electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the

Relativity .dat file utilizing document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   Documents Concerning the Account(s), including:

    a)    monthly statements;

    b)    historical Account balance information;

    c)    deposit slips;

    d)    records for incoming and outgoing electronic transfers (*e.g.*, wire transfers, electronic fund transfers, and automated clearing house deposits);

    e)    copies of checks, both deposited and drawn;

    f)    records reflecting cash activity;

    g)    Account opening Documents and any credit file;

    h)    administrative or custodial agreements between the holder of the Account(s) and You;

    i)    Communications Concerning the Account(s), and

    j)    Account closing Documents.

2.   Documents Concerning predecessor accounts to the Account(s) and/or the nominee or beneficial owners of those accounts.

3.   To the extent not provided pursuant to the foregoing Requests, Documents reflecting transfers and/or transactions between the Accounts, if more than one Account is at issue.

4.   Documents, agreements and/or contracts Concerning the Account(s).

5.   Documents reflecting or relating to any review or investigation performed by You pertaining to the Account(s).

Page 8