# EXHIBIT B

**CHAITMAN LLP**

Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>      Defendant. | No. 08 -01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>  v.<br><br>TRAIN KLAN, a Partnership; FELICE T. LONDA, in her capacity as a Partner in Train Klan; CLAUDIA HELMIG, in her capacity as a Partner in Train Klan; TIMOTHY LANDRES in his capacity as a Partner in Train Klan; JESSICA LONDA, in her capacity as a Partner in Train Klan; PETER LONDA, in his capacity as a Partner in Train Klan; TIMOTHY HELMIG, in his capacity as a Partner in Train Klan; and WENDY LANDRES; in her capacity as a Partner in Train Klan,<br>      Defendants. | Adv. Pro. No. 10-04905 (SMB) |

1

**RESPONSES AND OBJECTIONS OF DEFENDANTS FELICE T. LONDA, CLAUDIA HELMIG, TIMOTHY LANDRES, JESSICA LONDA, PETER LONDA, TIMOTHY HELMIG AND WENDY LANDRES  TO TRUSTEE'S FIRST SET OF REQUESTS FOR INTERROGATORIES**

Defendants Felice T. Londa, Claudia Helmig, Timothy Landres, Jessica Londa, Peter Londa, Timothy Helmig and Wendy Landres,  in their capacity as  Partners in Train Klan ("Responding Parties"), by and through their attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby respond and object to the First Set of Requests for Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

**GENERAL OBJECTIONS**

1.	Responding Parties object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.	Responding Parties object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.	Responding Parties object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

2

{00021509 1 }

08-01789-cgm    Doc 13803-2    Filed 08/01/16    Entered 08/01/16 17:05:53    Exhibit B
10-04305-smb    Doc 48-2    Filed 08/01/16    Entered 08/01/16 16:44:25:53    Exhibit B
Pg 4 of 13

4.      Responding Parties object to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Parties.

5.      Responding Parties object to the Requests to the extent they call for legal conclusions.

6.      Responding Parties object to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Parties object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Parties.

8.      Responding Parties reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Parties specifically states otherwise.

9.      Responding Parties' responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Parties' right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Parties expressly reserve the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Parties' response to each of the Requests is made subject to these General Objections and limitations.  Responding Parties set them out here to avoid repeating them in response to each individual Request.  Responding Parties' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

{00021509 1 }

12.     Responding Parties object to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.     Provide the Partnership's legal name, the type of entity it is, the date on which it was established and whether it was formed out of a predecessor entity, the state or country under whose laws it was formed, the names and addresses of its current and former partners, officers, members and/or owners, the percent of beneficial interest in the Account of the current and former partners, officers, members and/or owners, its current and former business addresses, and its current and former principal places of business.

**ANSWER:   This interrogatory seeks information which is not relevant to any of the issues in this case.**

2.     Identify all current and former general or limited partners of the Partnership.  For each Person so identified, Identify whether such Person served as a general or limited partner, the dates such Person served as a partner, the amount of any fees received by such Person in connection with their service as a partner, the dates and amounts of any Transfers received by the Partnership while such Person served as partner, and state whether such Person personally received any portion of any such Transfers.

**ANSWER:   The partners of the Partnership are named as defendants:  Felice T. Londa, Claudia Helmig, Timothy Landres, Jessica Londa, Peter Londa, Timothy Helmig, and Wendy Landres.  In all other respects, this interrogatory seeks information which is not relevant to any of the issues in this case.**

3.     Identify the reasons for each Transfer.

4

{00021509 1 }

**ANSWER:    Responding Parties are unable to do so.    To the extent this interrogatory seeks information concerning subsequent transfers, it is unethical for the Trustee to be seeking this information.**

4.    Identify the reasons for each Subsequent Transfer.

**ANSWER:    Responding Parties refuse to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information necessary to frame a complaint against subsequent transferees.**

5.    Identify each deposit into the Account.

**ANSWER:    Responding Parties do not dispute the deposits and withdrawals shown on Exhibit B to the complaint.    However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals.    Moreover, the Trustee has admitted he has no bank records prior to December 1998.    Hence, he has no competent evidence of any activity in the account prior to December 1998.**

6.    Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:    Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.    To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.**

7.    Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

{00021509 1 }

**ANSWER: Responding Parties are unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

8.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER: Withdrawals from the Account benefited the Account Holder, Train Klan. To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

9.      To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER: This interrogatory seeks information about subsequent transferees and it is unethical for the Trustee to seek this information unless and until he obtains a judgment against the account holder and the account holder does not pay the judgment.**

10.     Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, including, but not limited to, Crown Bank, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER: Responding Parties admit the deposits and withdrawals reflected on Exhibit B to the complaint. Therefore, the Trustee has no right to any bank information.**

11.     Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER: Responding Parties cannot recall.**

6

{00021509 1 }

12.     Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:    See answer to #11.**

13.     Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendants  are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form I 099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.

**ANSWER:    The defendants are withdrawing this defense.**

14.     Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual  basis  for  Your  claim  that  the  "Trustee  has fraudulently  calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has  no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:    This defense relates to all withdrawals for which the Trustee lacks reliable documentary evidence.**

15.     Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's  claims are barred  in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments,"  including, but not limited to, Identifying the inter-account

7

transfers, profit withdrawals and other adjustments you contend were not properly credited, the amounts you contend should be credited and all Documents supporting your contention.

**ANSWER:    The Trustee has admitted that Madoff's records are permeated with fraud.  Therefore they cannot possibly be reliable and/or admissible.**

16.    Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting your contention.

**ANSWER:    Defendants are withdrawing this defense.**

17.    Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts you contend should be credited, and all Documents supporting your contention.

**ANSWER:    The Trustee has the burden of proving all deposits and withdrawals and he cannot meet that burden.**

18.    Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, or Subsequent Transfers, including but not limited to Crown Bank and Thomas Jacobs of Jacobs, Cohen & Associates, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals.  For every Person

{00021509 1 }

8

You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:    Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.    To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information to form a complaint against subsequent transferees.**

19.    To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:    Responding Parties are not aware of any such documents.**

20.    Identify whether You requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Accounts and whether any

refund was received. In so doing, provide the date(s) when You applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:    The Partnership, Train Klan, did not request a refund.**

21.    Identify steps You have taken to preserve Documents Concerning the Account pursuant to the preservation letters sent to Your counsel on July 30, 2014, and February 23, 2016.

**ANSWER:    Responding Parties have not disposed of any documents since July 30, 2014.**

{00021509 1 }

July 14, 2016

**CHAITMAN LLP**

By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-1789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                    Plaintiff,<br>v.<br>TRAIN KLAN, a Partnership; FELICE T. LONDA, in her capacity as a Partner in Train Klan; CLAUDIA HELMIG, in her capacity as a Partner in Train Klan; TIMOTHY LANDRES in his capacity as a Partner in Train Klan; JESSICA LONDA, in her capacity as a Partner in Train Klan; PETER LONDA, in his capacity as a Partner in Train Klan; TIMOTHY HELMIG, in his capacity as a Partner in Train Klan; and WENDY LANDRES; in her capacity as a Partner in Train Klan,<br><br>                    Defendants. | Adv. Pro. No. 10-04905 (SMB)<br><br>VERIFICATION |

      I, FELICE T. LONDA , in my capacity as a Partner of Train Klan and as Power of Attorney for all named Defendants in this adversary proceeding, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief.  I understand that if any of these responses is found to be willfully false, I am subject to punishment.

July 14, 2016

_____
Felice T. Londa

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 15th day of

July, 2016 by electronic mail and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

1