# EXHIBIT G

WINDELS MARX LANE & MITTENDORF, LLP     <u>Hearing Date</u>: July 27, 2016 at 10:00 a.m.
156 West 56th Street                                                   <u>Objection Deadline</u>: July 20, 2016 at 5:00 p.m.
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon
Kim M. Longo
John J. Tepedino

*Special Counsel for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>          Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br>          Plaintiff, <br><br> v. <br><br> ROGER RECHLER REVOCABLE TRUST, DENNIS SPRUNG, in his capacity as Trustee of the ROGER RECHLER REVOCABLE TRUST, SCOTT RECHLER, GREGG RECHLER, TODD RECHLER, and EVELYN RECHLER, <br><br>          Defendants. | Adv. Pro. No. 10-04474 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S MOTION**
**FOR ENTRY OF AN ORDER PURSUANT TO RULES 15 AND 21 OF**
**THE FEDERAL RULES OF CIVIL PROCEDURE, AS INCORPORATED**
**BY RULES 7015 AND 7021 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE, GRANTING THE TRUSTEE LEAVE TO FILE AN**
<u>**AMENDED COMPLAINT AND FOR RELATED RELIEF**</u>

## Table of Contents

BACKGROUND AND NATURE OF THE RELIEF SOUGHT ............................................... 1

ARGUMENT .................................................................................................................... 4

    The Trustee Has Satisfied the Legal Standard for Amending ................................... 4

    The Legal Standard for Adding Parties Is Met ......................................................... 5

    The Claims Sought to be Added or Amended are Timely .......................................... 7

CONCLUSION ................................................................................................................... 8

## Table of Authorities

**Cases**

*A.V.E.L.A. Inc. v. Estate of Monroe*, 34 F.Supp.3d 311 (S.D.N.Y. 2014) ...................................... 6

*Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ................................... 5

*Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408 (S.D.N.Y. 2008) ........... 6

*Foman v. Davis,* 371 U.S. 178 (1962) ........................................................................ 4

*Glint Factors, Inc. v. Schnapp*, 126 F.2d 207 (2d Cir. 1942) ...................................... 4

*Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721 (Bankr. S.D.N.Y. 2008) ............................................. 7

*Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*, 415 B.R. 346 (Bankr. S.D. Ind. 2009) ........ 7

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26 (S.D.N.Y. 2013) ...... 7

*Siegel v. Converters Transp., Inc.*, 714 F.2d 213 (2d Cir. 1983) ................................... 4

*Zahra v. Town of Southold*, 48 F.3d 674 (2d Cir.1995) ................................................ 4

*Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971) ........................... 4

**Statutes/Rules**

Fed. R. Bankr. P. 15 ...................................................................................... 3

Fed. R. Bankr. P. 21 ...................................................................................... 5

Fed. R. Civ. P. 15(a)(2) ................................................................................. 4

Fed. R. Civ. P. 21 ........................................................................................ 5

11 U.S.C. § 546(a) ................................................................................... 7, 8

11 U.S.C. § 550(f) ........................................................................................ 7

**Other**

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (3d ed. 1971) ............. 5

Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), by his undersigned counsel, files this Memorandum of Law in support of the Trustee's motion (the "Motion") seeking leave under Rules 7015 and 7021 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rules 15 and 21 of the Federal Rules of Civil Procedure ("FRCP") to file an Amended Complaint and for Related Relief in the above-captioned adversary proceeding (the "Adversary Proceeding"), wherein the Trustee (A) consistent with the prior rulings of this Court, re-alleges with further specificity his claims for recovery of subsequent transfers pursuant to section 550(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") against a defendant the claims against whom were previously dismissed without prejudice, and (B) updates and conforms certain other allegations.

## **BACKGROUND AND NATURE OF THE RELIEF SOUGHT**

In this Adversary Proceeding, the Trustee seeks to avoid and recover, pursuant to sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, fictitious profits in the amount of $9,028,901.00 transferred to the defendants in the two years prior to the commencement of the BLMIS liquidation.

The Trustee filed a Complaint in this case on November 30, 2010 (the "Complaint"), naming defendants Roger Rechler Revocable Trust (the "Rechler Trust") and Dennis Sprung, in his capacity as Trustee of the Rechler Trust (the "Trustee Defendant") as initial transferees, and defendants Scott Rechler, Gregg Rechler, Todd Rechler and Evelyn Rechler as subsequent transferees.

On June 2, 2015, this Court denied in part and granted in part motions to dismiss brought in this and certain other good faith adversary proceedings for reasons set forth in its

Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Omnibus Decision") (ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)).  Among other things, the Court held that the Trustee had not sufficiently identified the "necessary vital statistics—the who, when, and how much" for certain subsequent transfers alleged by the Trustee.

On June 22, 2015, the Supreme Court of the United States denied certiorari with respect to the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), in which the Trustee contested application of section 546(e) of the Bankruptcy Code to this and other adversary proceedings.

On July 16, 2015, this Court entered an order consistent with the Omnibus Decision and the Supreme Court Decision (the "Consent Order"), which, as relevant to this Adversary Proceeding:  (a) dismissed Counts II through VI of the Complaint, which sought avoidance and recovery of initial transfers on grounds other than sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, and (b) dismissed Count VII of the Complaint, which sought to recover subsequent transfers pursuant to section 550(a) of the Bankruptcy Code and applicable provisions of SIPA (ECF No. 44 in Adv. Pro. No. 10-04474 (SMB)).

The dismissal of Count VII had the effect of dismissing all then-outstanding claims against defendants Scott Rechler, Gregg Rechler, Todd Rechler and Evelyn Rechler.  The dismissal of Count VII was "without prejudice to (i) the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7015, and/or (ii) the Trustee's rights under Section 550(f) of the Bankruptcy Code." *Id*.

In accordance with the terms of the Consent Order, on September 17, 2015, the presently-captioned defendants filed an answer in response to the Complaint. (ECF No. 45). A Case Management Notice was thereafter agreed to and filed, setting forth a discovery schedule. (ECF No. 47).

The Trustee files the instant Motion in light of the Consent Order and the rulings in the Supreme Court Decision and the Omnibus Decision. As detailed in the proposed Amended Complaint, a copy of which is attached as Exhibit A to the Declaration of Kim M. Longo, the Trustee seeks leave to amend his pleading as follows:

1. To reinstate subsequent transfer claims against Evelyn Rechler in accordance with the provisions of the Consent Order.

2. To amend the Trustee's subsequent transfer allegations to satisfy the requirements for pleading subsequent transfer claims set forth in the Omnibus Decision.

3. To dismiss from the Adversary Proceeding defendants Scott Rechler, Gregg Rechler and Todd Rechler, who were included as defendants in the original Complaint solely in their capacity as subsequent transferees, and remove them from the case caption.

4. To reduce the amount the Trustee seeks to recover from the Rechler Trust from $9,353,113.00 to $9,028,901.00 to exclude those initial transfers the Trustee presently believes were received from BLMIS by non-defendants Roger Rechler and the Roger Rechler estate.

The amended caption reflecting these changes is set forth in the proposed Amended Complaint. Certain other changes have also been made in the proposed Amended Complaint, including to the Jurisdiction and Venue, Background, Ponzi Scheme, and Transfer sections. These changes were made for consistency with background and other allegations relevant to, and alleged in, all of the Trustee's cases and to address the Supreme Court Decision regarding section 546(e).

On May 24, 2016, Windels Marx circulated a copy of the proposed Amended Complaint by e-mail to counsel in order to obtain consent from defendants to our filing of the Amended

Complaint. Defendants' counsel has not responded to our request for consent, thus necessitating this Motion.

## **ARGUMENT**

The Trustee submits that the Motion should be granted because the Trustee seeks leave to amend his pleading in good faith, the relief sought will cause no undue prejudice, there has been no undue delay, and the claims sought to be added or amended are timely brought.

The Trustee Has Satisfied the Legal Standard for Amending

Rule 15 of the FRCP, which applies to this Adversary Proceeding under FRBP 7015, allows a party to amend its pleadings upon leave of the court and states that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995).

The Supreme Court has stated that "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given." *Foman,* 371 U.S. at 182 (internal quotation marks omitted). This is consistent with well-settled law in this Circuit that Rule 15 is to be liberally construed. *See, e.g.*, *Glint Factors, Inc. v. Schnapp*, 126 F.2d 207, 209 (2d Cir. 1942); *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir. 1983) (the rule reflects Congress's intention to provide "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities") (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1471, at 359 (3d ed. 1971)).

Indeed, in this Circuit a party may amend its pleadings in the absence of a showing of prejudice or bad faith. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal citation omitted). In the instant case, the Trustee's request to amend is being made in good faith and is not futile, and granting the Motion will not prejudice defendants.

The proposed Amended Complaint satisfies the pleading standard for subsequent transfer claims set forth in the Omnibus Decision. The Trustee has amended his pleading to include the additional facts necessary to sustain his claims for recovery of subsequent transfers from Evelyn Rechler. (*See* Proposed Amended Complaint, paragraph 41 and Exhibit C). To the extent the Trustee believes that, without discovery, he currently lacks sufficient evidence to satisfy the detail concerning subsequent transfers received by a defendant as required by the Omnibus Decision, the Motion seeks to dismiss those persons without prejudice.

In addition, there will be no undue prejudice if the Court grants the Trustee leave to file the Amended Complaint. Although the existing defendants have filed an answer to the Complaint, discovery has progressed only minimally, with defendants' efforts required so far limited to serving initial disclosures and responding to the Trustee's initial requests for admission. The parties have agreed that fact discovery will not close before January 13, 2017 at the earliest. *See Case Management Notice* filed on October 16, 2015 (ECF No. 47). The relief sought would therefore not "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." *See Block*, 988 F.2d at 350. All defendants will have a full and fair opportunity to conduct discovery on all factual allegations and legal theories asserted in the Amended Complaint.

The Legal Standard for Adding Parties Is Met

The Consent Order dismissed all subsequent transfer claims against defendant Evelyn Rechler, but did not formally dismiss her from the Adversary Proceeding (a fact that counsel for

Ms. Rechler implicitly acknowledged by filing an answer on her behalf—*see* ECF No. 45, at page 2). However, even if the Trustee's request to restore his subsequent transfer claims against Ms. Rechler were viewed as a request to add back a previously-dismissed defendant, such action would be appropriate under FRCP 21 (made applicable to this Adversary Proceeding by FRBP 7021).

FRCP 21 provides that a court may, upon the motion of a party or *sua sponte,* "at any time, on just terms, add or drop a party." When an amendment involves the addition of new parties pursuant to Rule 21, courts apply the "same standard of liberality" afforded under Rule 15. *See*, *e.g.*, *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008) (plaintiff's motion to file Second Amended Complaint adding a new defendant granted, where plaintiff was "sufficiently diligent in moving to amend", and such relief would not unduly prejudice the defendants, despite that certain discovery might have to be re-done); *A.V.E.L.A. Inc. v. Estate of Monroe*, 34 F.Supp.3d 311, 315-21 (S.D.N.Y. 2014) (defendant's motion to amend counter-claims to add three new parties granted where no undue delay or prejudice existed, despite being filed one week before close of discovery).

The relief sought herein with respect to Evelyn Rechler is in accordance with these Rules and the Consent Order. The Trustee seeks to add Evelyn Rechler based on information uncovered in the course of his on-going investigation into Madoff's massive fraud, which implicates hundreds of adversary proceedings and involves the review of millions of documents. During this investigation, the Trustee has diligently, without delay and in good faith, compiled data sufficient to support his subsequent transfer claims.

The Claims Sought to be Added or Amended are Timely

Because the claims sought to be added or amended in the Amended Complaint are subsequent transfer claims, there is no issue as to the Trustee's timeliness.

The statute of limitations governing recovery actions under section 550(a) of the Bankruptcy Code is "(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) the time the case is closed or dismissed." 11 U.S.C. § 550(f). *See, also*, *Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 746 n.23 (Bankr. S.D.N.Y. 2008) ("[A] recovery action must be brought no later than one year after the avoidance of the transfer or the closing or dismissal, whichever occurs first.").

Because the Court has not yet adjudicated the merits of the Trustee's avoidance claims under section 548(a)(1)(A) of the Bankruptcy Code, the one-year limitations period relevant to subsequent transfer claims in this Adversary Proceeding has not begun to run. *See id. See also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26, 36 (S.D.N.Y. 2013); *Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*, 415 B.R. 346, 353 (Bankr. S.D. Ind. 2009) (permitting the trustee to add a named defendant's spouse as a subsequent transferee defendant where no initial transfer had been avoided and more than seven years had elapsed between the commencement of the case and the trustee's filing of an amended complaint).

As Judge Rakoff articulated in the District Court's decision in the BLMIS consolidated proceedings on 11 U.S.C. § 550(a), "a subsequent transferee defendant is entitled to bring a statute-of-limitations defense to avoidance only if the Trustee failed to bring any avoidance action with respect to the initial transfer (against either the initial or subsequent transferee) within section 546(a)'s two-year limitations period." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. at 35. In the instant case, the Trustee filed his Complaint

seeking avoidance of relevant initial transfers on November 30, 2010, within Bankruptcy Code section 546(a)'s two-year limitations period.

Given that the subsequent transfer-related claims and allegations against Evelyn Rechler are not time barred, the Trustee need not satisfy the relation back standard under Rule 15(c) of the FRCP.

## **CONCLUSION**

Accordingly, for the reasons stated above, the Trustee respectfully requests that the Court grant him leave to file the proposed Amended Complaint and the related relief.

Dated: New York, New York
      May 31, 2016

By: /s/ Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
Kim M. Longo (klongo@windelsmarx.com)
John J. Tepedino (jtepedino@windelsmarx.com)
Windels Marx Lane & Mittendorf LLP
156 West 56th Street
New York, New York 10019
Tel:  (212) 237-1000
Fax: (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and the*
*Estate of Bernard L. Madoff*