# EXHIBIT H

# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*GREGORY M. DEXTER*
*gdexter@chaitmanllp.com*

May 2, 2016

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    *Picard v. Roger Rechler Revocable Trust,* Adv. Pro. No. 10-04474 (SMB);
                *Picard v. Reckson Generation et al.*, Adv. Pro. No. 10-05135 (SMB);
                *Picard v. Laura Ann Smith Revocable Living Trust,* Adv. Pro. No. 10-05184 (SMB);
                *Picard v. RAR Entrepreneurial Fund, Ltd.*, Adv. Pro. No. 10-04352 (SMB);
                *Picard v. Wilenitz et al.*, Adv Pro. No. 10-04995 (SMB)

Dear Judge Bernstein:

      I write pursuant to Local Rule 7007-1(a), your Honor's Chambers rules, and the February 19, 2016 Order entered in *Saren-Lawrence*, regarding (1) certain Subpoenas served by the Trustee in all of the above-captioned cases but the *Wilenitz* case (the "Subpoenas"), and (2) the Trustee's objections to discovery served by the *Wilenitz* Defendants. The parties have met and conferred, but have been unable to reach a resolution. I accordingly request a conference, or, in the alternative, permission to file a motion to compel in *Wilenitz* and a motion to quash and for a protective order in all other cases.

      I.      Wilenitz

      After an unsuccessful meet-and-confer in *Wilenitz*, the Trustee wrote to the Court on April 6, 2016 regarding his objections to Defendants' discovery requests. (ECF No. 63, attached as Exhibit A). The discovery sought by Defendants is relevant to their affirmative defenses. (*See* ECF No. 63-1, attached as Exhibit A). Absent an order granting a motion to strike, Defendants should be permitted the discovery to support their affirmative defenses. *See, e.g.*, *Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*, 2014 WL 5525237, at *3 (S.D.N.Y. Oct. 27, 2014) ("As long as the defense is in the case – and plaintiffs do not purport to seek relief under Fed. R. Civ. P. 12(f), which authorizes a motion to strike affirmative defenses – the defendant is entitled to seek relevant discovery in support of that defense.").

      The Trustee himself recently took this position, successfully, in response to the Motion to Quash and for Protective Order filed by various defendants, including Wilenitz. (*See Wilenitz*, Adv. Pro. No. 10-04995, ECF No. 57 at 21) ("[I]t would be improper for Defendants to maintain

## CHAITMAN LLP

The Honorable Stuart M. Bernstein
Discovery disputes in various adversary proceedings
May 2, 2016
2

the defense but at the same time, deny the Trustee basic discovery concerning its factual underpinnings . . . ."); (*see also* March 23, 2016 Transcript at 58). Defendants should be permitted to take discovery to support their affirmative defenses.

      II.      The Subpoenas in Rechler, Reckson Generation, RAR, and Laura Ann Smith

The Trustee has recently served Subpoenas, or indicated that service is imminent, in the non-*Wilenitz* cases. The Subpoenas seek Defendants' personal bank records, and are returnable in or around mid-May 2016. (Attached as Exhibits B-E). It is apparent that the Trustee is attempting to use this Court's subpoena power to frame complaints against subsequent transferees. This is plainly improper.[1] We have therefore proposed that the Trustee agree to accept full compliance with the limitation that information evidencing subsequent transfers would be redacted.[2] The Trustee has rejected this proposal.

      III.      The February 19, 2016 Order

It is our position that the February 19, 2016 Order entered in *Saren-Lawrence*, Adv. Pro. No. 10-04898 (ECF No. 56, attached as Exhibit F), stays compliance with any disputed Subpoenas pending a conference with the Court. The Trustee has recently taken the position, in a separate adversary proceeding, that the February 19, 2016 Order is not limited to the *Saren-Lawrence* case. If the February 19, 2016 Order applies in separate adversary proceedings, as the Trustee has asserted, it should apply in these cases and compliance with the Subpoenas should be stayed.

We appreciate the Court's attention to these matters.

Respectfully submitted,

*/s/ Gregory M. Dexter*

Gregory M. Dexter Esq.

GMD:leb

cc:    Edward J. Jacobs (ejacobs@bakerlaw.com)
        Nkosi Shields (nshields@bakerlaw.com)
        Brian W. Song (bsong@bakerlaw.com)
        Karen M. Cullen (kcullen@windelsmarx.com)
        Kim M. Longo (klongo@windelsmarx.com)
        John J. Tepedino (jtepedino@windelsmarx.com)

---

[1] We further maintain that these Subpoenas violate Federal Rules of Civil Procedure 8, 26, and 45 and their bankruptcy counterparts in that they are overbroad, seek information that is irrelevant and duplicative, and violate constitutionally protected personal privacy rights.

[2] We did not make this proposal in the *Laura Ann Smith* case. The meet-and-confer in that case occurred prior to our making this proposal in the *Rechler, Reckson Generation,* and *RAR* cases.