# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 2, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Train Klan, A Partnership, et al.*, Adv. Pro. No. 10-04905 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write in response to Ms. Chaitman's August 1, 2016 letter to the Court requesting a discovery conference regarding the Trustee's Rule 45 subpoenas.

      Ms. Chaitman's letter essentially revisits the issues already resolved by the Court in other matters and was filed not even two weeks after the Court denied Ms. Chaitman's attempt to improperly delay these cases by raising the same frivolous objections to discovery. (*See* Transcript of July 20, 2016 Hearing, 21:5-7.)

      Beginning in December 2015 through the present, Ms. Chaitman has sought to obstruct and delay the Trustee's efforts to move his cases forward by continuously litigating meritless objections to Rule 45 bank subpoenas. The Court's numerous rulings issued in connection with these letters and motions have not deterred Ms. Chaitman from pursuing this seemingly endless fight to prevent the Trustee from obtaining discovery to which he is entitled under the Federal Rules of Civil Procedure. In fact, Ms. Chaitman has sought to re-litigate these same issues in approximately 12 separate judicial conferences. In light of the burden and waste of resources these actions have cost the Court, the Trustee, and the subpoenaed parties, the Trustee respectfully submits that at this juncture, it would be appropriate for the Court to definitively put an end to this conduct. *In re Dubrowsky*, 206 B.R. 30, 39 (Bankr. E.D.N.Y. 1997), *aff'd*, 244 B.R. 560 (E.D.N.Y. 2000) (sanctions warranted against attorney who attempted to quash bank

August 2, 2016
Page 2

subpoenas seeking account records that court had already deemed relevant, reasoning that "[n]o other purpose can be gleaned from his actions other than to delay the proceedings and unnecessarily escalate costs"); *see also Armstrong v. Shirvell*, 2012 WL 2179120, at *2 (E.D. Mich. June 13, 2012) ("The sanctions were awarded because Defendant's objections [to discovery] were partially disguised as an attempt to relitigate the issues decided by Order."); *In re Hollar*, 184 B.R. 243, 247 (Bankr. M.D.N.C. 1995) (imposing sanctions against party who "filed a meritless motion [for a protective order seeking protection from valid discovery requests] that simply restated the argument which had already been reviewed and rejected by this court."). Specifically, the Trustee requests an order striking the defenses raised by Defendants in the above-referenced action, in addition to costs and fees.

Additionally, Ms. Chaitman's repeated misrepresentations to the Court warrant sanctions. *See Selby v. Arms*, No. 93 Civ. 6481 (DLC), 1995 WL 753894, at *9 (S.D.N.Y. Dec. 20, 1995) (under court's inherent power, sanctioning attorney for "persistent and unexcused disregard" of the court's discovery orders and counsel's "false statements to the Court").

For example, Ms. Chaitman submits to the Court that the Defendants in this action have offered "unqualified admissions" to the Trustee's Exhibit B alleging deposits and withdrawals from the relevant BLMIS account. A cursory review of the full discovery response—which was only selectively cited by Ms. Chaitman—shows that this assertion is demonstrably false. Defendants' response actually states:

> Responding Party does not dispute the deposits and withdrawals shown on Exhibit B to the Complaint. <u>However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals. Moreover, the Trustee has admitted that he has no bank records prior to December 1998. Hence, he has no competent evidence of any activity in the account prior to December 1998</u>.

(Chaitman Letter, ECF No. 48, Ex. B at No. 5, Ex. C. at No. 5 (emphasis added).)

This response is not an admission, but rather a direct attack on the accuracy of the cash transactions on the customer statements, which this Court has already found to be accurate in numerous prior decisions (*i.e.*, the Inter-Account Transfer and Omnibus Motion to Dismiss Decisions), from which the allegations in Exhibit B are derived. Furthermore, when asked to identify which Defendants received the transfers from the relevant BLMIS account, Defendants responded: "<u>Responding Parties are unable to do so</u>." (Chaitman Letter, ECF No. 48, Ex. B. at No. 7, Ex. C. at No. 7 (emphasis added).)

Second, elsewhere in the same set of responses, Defendants were asked to provide the basis for their affirmative defense that "[the] Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken." (Chaitman Letter, ECF No. 48, Ex. B at No. 14, Ex. C at No. 14.) In response, Defendants state

August 2, 2016
Page 3

that "<u>this defense relates to all withdrawals for which the Trustee lacks reliable documentary evidence</u>." (Chaitman Letter, ECF No. 48, Ex. B at No. 14, Ex. C at No. 14 (emphasis added).) In addition, with respect to customer statements specifically, Defendants state that "the Trustee has admitted that Madoff's records are permeated with fraud. Therefore, they cannot possibly be reliable and/or admissible." (Chaitman Letter, ECF No. 48, Ex. B at No. 15, Ex. C at No. 15.)

Third, Ms. Chaitman's assertion that Defendants' affirmative defense concerning tax payment setoffs has been withdrawn is inaccurate. Defendants have not filed any amended answer in this action. Rather, this misleading assertion is based on a response to an interrogatory stating: "The defendants are withdrawing this defense." (Chaitman Letter, ECF No. 48, Ex. B at No. 13, Ex. C at No. 13.) However, no defense has been properly withdrawn.

Fourth, Ms. Chaitman yet again attempts to re-assert the baseless argument that the Trustee is using Rule 45 subpoenas in order to obtain discovery "to frame complaints against subsequent transferees." In so doing, Ms. Chaitman submits additional misrepresentations to the Court regarding the procedural posture of *Picard v. Rechler Revocable Trust et al.*, Adv. Pro. No. 10-04474 (SMB). Counsel for the Trustee in that action filed a motion to amend the Complaint <u>before</u> the Trustee received any Rule 45 productions. In any event, as this Court has already recognized, that the subpoenaed records may give rise to additional claims is incidental to the fact that they are plainly relevant and discoverable in connection with the claims already pending before the Court. *See* Transcript of January 27, 2016 Hearing in *Picard v. Stanley I. Lehrer et al.*, Adv. Pro. No. 10-05259, ECF No. 168 (granting Trustee's motion to amend complaint to add claims against subsequent transferee defendants). As such, Ms. Chaitman's argument based on *Iqbal* and its progeny is a red herring, and as expressly confirmed by this Court, she has no standing to object on behalf of unknown possible subsequent transferees in this action who she does not even represent. (*See* Transcript of March 23, 2016 Hearing, 57:5-58:3 ("The defendants, therefore, lack standing to quash subpoenas because the bank records contained irrelevant—on the theory that the bank records contained irrelevant subsequent transfer information.").

Absent express agreement between the parties, the Trustee has a right to obtain the subpoenaed records regardless of which representations Defendants do—or do not—make to this Court. Accordingly, the Trustee respectfully requests the relief requested above and all such other relief the Court should deem just and proper.

Respectfully submitted,

*/s/ Edward J Jacobs*
Edward J. Jacobs

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022