# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Seanna R. Brown
direct dial: 212.589.4230
sbrown@bakerlaw.com

August 3, 2016

**VIA EC AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB) – Profit Withdrawal Litigation

Dear Judge Bernstein,

      We represent Irving H. Picard, Trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff (the "Trustee"), in the above-referenced matter. We write to request a conference with the Court with regard to the scope of the profit withdrawal litigation.

      This governing scheduling order on the profit withdrawal litigation, ECF No. 13619, provides that the profit withdrawal proceeding encompasses litigation of the profit withdrawal issue only and that any other issues must be addressed separately. *See* Stipulation and Order at ¶ 9, ECF No. 13619 (the "Scheduling Order"). The prior orders scheduling the profit withdrawal litigation contained the same limitation. *See* Order at ¶ 19, ECF No. 10266; Order at ¶ 6, ECF No. 13038.

      At the deposition of Bernard Madoff on June 15, 2016, Madoff testified, *inter alia*, that his Ponzi scheme did not start until 1992. This was the first time such issue was raised in the course of the profit withdrawal proceeding. Following the deposition, the Trustee served the expert report of Bruce G. Dubinsky (the "Dubinsky Report"), dated August 20, 2013. This report addresses the Trustee's proof of the Ponzi scheme, BLMIS's insolvency, and other issues as set forth in the report, including that BLMIS's Ponzi scheme began before 1992.

      This issue of when BLMIS's Ponzi scheme began is not directly related to the profit withdrawal issue, which is narrowly circumscribed to whether claimants received certain checks from BLMIS denoted as "profit withdrawals" in the BLMIS books and records. As such, the issue of the start date of BLMIS's Ponzi scheme is well outside the scope of the Scheduling

Honorable Stuart M. Bernstein
August 3, 2016
Page 2

Order. *See* Scheduling Order at ¶ 9, ECF No. 13619. Counsel for the Trustee attempted to reach a stipulation with counsel for Participating Claimants to that effect, a copy of which is attached. Participating Claimants refused to enter into any stipulation.

Service of the Dubinsky Report was not an admission by the Trustee that the Ponzi start date issue was properly part of the profit withdrawal proceedings. Rather, it was a precautionary measure to ensure that the Trustee would be able to rely on his expert and all documentary evidence to rebut any claim put forth by Participating Claimants that the Ponzi started in 1992, should the Participating Claimants be permitted to make such issue part of their affirmative case in the profit withdrawal litigation.

The Trustee requests a conference with the Court to resolve this issue. Clarity from the Court on whether the Ponzi start date issue falls outside of the scope of the profit withdrawal proceeding will assist the parties as they prepare their witnesses, exhibits, motions *in limine*, and the joint pretrial order for the evidentiary hearing to be held by the Court on the profit withdrawal issue later this Fall. We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Seanna R. Brown*

Seanna R. Brown

cc:   Helen Chaitman
      Richard Kirby
      Josephine Wang
      Kevin Bell
      David Sheehan
      Amy Vanderwal

300417092.1