# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Seanna R. Brown
direct dial: 212.589.4230
sbrown@bakerlaw.com

August 4, 2016

**VIA ECF, ELECTRONIC MAIL, HAND DELIVERY**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *SIPC v. Bernard L. Madoff Investment Securities LLC,* 08-01789 (SMB) – Profit
        Withdrawal Litigation

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively
consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the
Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L.
Madoff.  We write with further information regarding our August 2, 2016 request for a
conference with the Court in connection with an area of inquiry at the June 15, 2016 deposition
of Bernard Madoff taken on the limited issues raised in the profit withdrawal litigation.  A full
copy of Madoff's deposition transcript is being submitted to the Court herewith.

    As the Court is aware, Helen Chaitman previously filed a declaration with the Court from
Bernard Madoff (the "Madoff Declaration").  She filed the Madoff Declaration first on
December 28, 2015 in support of a Motion to Compel the Trustee to Allow Aaron Blecker's
SIPC Claim, ECF No. 12319 (the "Blecker Motion").  She filed the same Madoff Declaration a
second time, on January 14, 2016, as part of reply papers in support of a Motion for Declaratory
Judgment brought by Adele Fox and others (the "Fox Parties"), *Fox v. Capital Growth*, No. 15-
01293 (SMB), ECF No. 31-2 (Exhibit B), that is totally unrelated to the Blecker case and that
claims that Jeffry M. Picower "controlled" Madoff's Ponzi scheme.  The action brought by the
Fox Parties remains *sub judice* before this Court.

Honorable Stuart M. Bernstein
August 4, 2016
Page 2

The Madoff Declaration, dated November 17, 2015, bears Madoff's signature and contains the following paragraphs, among others:

      3.     Moreover, there were no recorded phone lines in the 1990's.  Hence, we did not accept verbal instructions from customers.  If they wanted withdrawals, they had to specifically request them in writing and we retained copies of all such requests in our customer files.  If there are no such requests in our files, that indicates that the customer did not request any withdrawals and would not have received any checks.

      4.     Post 1990, I was put under enormous financial pressure by Jeffry Picower, who created the fraud I perpetrated and who was, by far, the primary beneficiary of the fraud.  In order to raise money, I began to defraud my customers but I never sent checks to customers who did not request withdrawals in writing.

      5.     While the Trustee will say that my word is not credible, that would be unfair.  After all, the government and the Trustee have placed great reliance on the testimony of Frank DiPascali who, after Picower and me, bore the most responsibility for the fraud we perpetrated.  Indeed, the government relied upon Mr. DiPascali's testimony to convict more junior employees.

At Madoff's deposition, Ms. Chaitman marked as Exhibit 2 a version of the Madoff Declaration that had the same signature page and appeared identical in substance to the version submitted in connection with the Blecker Motion and on behalf of the Fox Parties but had a number of differences (*e.g.*, the captions, titles, and page numbering were different).  A copy of the version marked as Exhibit 2 to the Madoff Deposition is attached hereto as Exhibit A.

During cross-examination, counsel for the Trustee marked as Exhibit 12 the version of the Madoff Declaration that was filed with the Court, attached hereto as Exhibit B.  Madoff testified that he did not prepare the declaration himself.  Madoff Dep. Tr. 94:5-9; 99:19-23.  He testified that he received it by mail, crossed out a paragraph, signed it, and returned it to Ms. Chaitman.  *Id.* at 94:10-15; 94:21-95:6.  Upon reviewing Exhibit 12, Madoff testified that he had no recollection of seeing paragraphs 3 or 4 in the version he signed.  Specifically, Madoff testified, "I don't remember seeing anything about Picower in this.  No. I don't remember seeing number four or number three.  I don't remember seeing this. I don't remember seeing that language in -- in what I signed." *Id.* at 95:14-19.  Counsel for the Trustee asked Madoff whether he received any additional copies of the declaration after he mailed the executed version to Ms. Chaitman.  He said, "No," but then continued, "Actually -- wait a minute. I'm not – I'm not sure whether I received something -- you know, if I signed -- this is clearly my signature. All right?" *Id.* at 97:18-98:1.

Ms. Chaitman conducted a redirect examination of Madoff but did not specifically ask Madoff if he had seen paragraphs 3 and 4 prior to signing the declaration.  *Id.* at 105:20-108:23.

Honorable Stuart M. Bernstein
August 4, 2016
Page 3

In sum, Madoff's deposition revealed the following: (1) Madoff signed one declaration but at least two versions of the Madoff Declaration bearing Madoff's signature exist (Exhibits 2 and 12 to his deposition), (2) Madoff did not recall signing more than one version, and (3) Madoff did not recall seeing *any* reference to Picower or to paragraphs 3 and 4 in the version of the declaration he signed.

On June 17, 2016, the Trustee advised Ms. Chaitman that he was evaluating next steps with respect to this matter and demanded that she preserve all drafts and communications relating to the Madoff Declaration, a copy of which letter is attached hereto as Exhibit C. The Trustee specifically requested that Ms. Chaitman not open, print, or move any electronic versions of the Madoff Declaration, as doing so will alter the metadata, including but not limited to the "last modified date," which information is material to the preservation demand. The letter also asked that Ms. Chaitman advise the Trustee in writing by 5 p.m. on June 20, 2016, if any documents subject to the preservation demand were in the hands of third parties or if Ms. Chaitman did not intend to comply with the demand. Ms. Chaitman did not respond.

On July 12, 2016, the Trustee wrote a second letter requesting production of documents relating to the Madoff Declaration, a copy of which is attached hereto as Exhibit D. The Trustee offered to pay for an e-discovery vendor to collect the Word versions of the Madoff Declaration to ensure that metadata remained intact. Again, Ms. Chaitman did not respond.

On July 21, 2016, the Trustee wrote a third letter informing Ms. Chaitman that the Trustee would raise the matter with the Court unless she responded in writing, a copy of which is attached hereto as Exhibit E. Thereafter, Ms. Chaitman and counsel for the Trustee exchanged emails, copies of which are attached hereto as Exhibit F. As the Trustee's response to Ms. Chaitman notes, however, Ms. Chaitman did not address why there were two different versions of a signed declaration or the issues surrounding Madoff's testimony about paragraphs 3 and 4.

Ms. Chaitman filed the Madoff Declaration in this Court in connection with two different matters. Madoff stated that he did not recall seeing any reference to Picower or to paragraphs 3 and 4 prior to signing the Madoff Declaration, although his testimony shows that he read it carefully enough to strike a different proposed paragraph. Paragraphs 3 and 4 that he does not recall seeing relate directly to matters at issue in the profit withdrawal litigation and, separately, in the Fox Parties' litigation against the Picower Parties. The Trustee is entitled to determine when and by whom Paragraphs 3-5 were added to the Madoff Declaration, whether the version of the Madoff Declaration containing those paragraphs actually was sent to Madoff, and whether any remedies are warranted.

Honorable Stuart M. Bernstein
August 4, 2016
Page 4


Respectfully submitted,

*/s/ Seanna R. Brown*

Seanna R. Brown
Partner


cc:     Helen Davis Chaitman
        Marcy R. Harris
        David J. Sheehan
        Karin S. Jenson
        Edward Jacobs
        Amy E. Vanderwal