# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

August 4, 2016

**BY ECF, FEDERAL EXPRESS and**
**E-MAIL:** bernstein.chambers@nysb.uscourts.gov

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

     Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* **No. 08-01789 (SMB);**

           *Picard v. Train Klan et al.*, **Adv. Pro. No. 10-04905 (SMB)**

Dear Judge Bernstein:

     This law firm represents Defendants Train Klan Partnership (the "Partnership") and its partners Felice T. Londa, Claudia Helmig, Timothy Landres, Jessica Londa, Peter Londa, Timothy Helmig, and Wendy Landres (collectively, the "Partners," and, with the Partnership, "Defendants") in the above-captioned adversary proceeding.

     I write to briefly address the Trustee's Letter filed on August 2, 2016, (ECF No. 49) in response to my letter dated August 1, 2016, (ECF No. 48) regarding the Trustee's use of bank subpoenas to frame complaints against subsequent transferees.

     The Trustee ignores Defendants' response to Interrogatory Number 10 ("Responding Parties admit the deposits and withdrawals reflected on Exhibit B to the complaint. Therefore, the Trustee has no right to any bank information."). This is an unqualified admission. (*See* Chaitman Letter, ECF No. 48) (citing response to Interrogatory Number 10)

     The Trustee argues that the Defendants' responses to Interrogatory Number 5 allow him to obtain Defendants' bank records but this is frivolous. Defendants are clearly bound by their admission in response to Interrogatory Number 10.

     Similarly frivolous is the Trustee's argument that Defendants have not sufficiently withdrawn their tax-offset defense because they have not filed an amended answer. There is nothing in the Federal Rules of Civil Procedure that requires Defendants to amend their answer and we all know that the Trustee would never contend, at trial, that Defendants are not bound by

**CHAITMAN LLP**

their admission. *See, e.g., All. Media Grp., Inc. v. Mogul Media, Inc.*, 2005 WL 1804473, at *1 (E.D.N.Y. July 28, 2005) (indicating that party had withdrawn affirmative defense at oral argument without suggestion that an amended answer was necessary); *Nw. Mut. Life Ins. Co. v. Fogel*, 78 F. Supp. 2d 70, 71, n.1 (E.D.N.Y. 1999) (same and also accepting withdrawal of an affirmative defense by way of memorandum of law); *see also Malibu Media, LLC v. Does* 1, 2013 WL 1702549 (E.D. Pa. Mar. 6, 2013) (court may simply enter order acknowledging that affirmative defenses have been voluntarily withdrawn).

The Trustee's argument that Defendants do not have standing to object on behalf of subsequent transferees is equally absurd. The Trustee has sued the individual partners as partners but he wants the bank records so that he can sue them as subsequent transferees. This Court has an obligation to limit discovery to protect the privacy of parties and to prevent the Trustee from violating the law by taking discovery in order to frame a complaint.

Finally, it is the Trustee who should be sanctioned. For over six months now, he has subpoenaed scores of financial institutions in order to allow him to frame complaints against subsequent transferees. This is improper and abusive.

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/sh

cc:    *(by ECF and E-mail)*
       David Sheehan *(dsheehan@bakerlaw.com)*
       Edward Jacobs *(ejacobs@bakerlaw.com)*
       David Hunt *(dhunt@bakerlaw.com)*
       Marie Carlisle *(mcarlisle@bakerlaw.com)*
       Rachel Smith *(rsmith@bakerlaw.com)*