**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05421 (SMB) |
| Plaintiff, | |
| v. | |
| FRANK J. AVELLINO, et al., | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

On January 28, 2015, numerous defendants in the above-referenced adversary proceeding[1] filed a motion (ECF No. 88) and supporting memorandum of law (ECF No. 89) to dismiss all claims against asserted against them in the Amended Complaint, filed on November, 24, 2014 (ECF No. 86) ("Amended Complaint"), of Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff

---

[1] These defendants are listed on Exhibit A to the Defendants' Notice of Motion to Dismiss Amended Complaint filed on January 28, 2015 (ECF No. 88).

Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff, under the Securities Investor Protection Act, 15 U.S.C. §§ 78*aaa-lll* (the "Motion to Dismiss"). That same day, several more defendants in this adversary proceeding joined in that motion (ECF No. 90).[2]

On May 21, 2015, the Trustee filed his opposition to the Motion to Dismiss (ECF No. 99).

On June 22, 2015, the defendants filed a reply to the Trustee's opposition and in further support of the Motion to Dismiss (ECF No. 101).

On July 29, 2015, the Court conducted a hearing on the Motion to Dismiss at which time the Court requested that the parties submit supplemental memoranda on the issue of whether the Trustee may recover fraudulent transfers made by BLMIS prior to its change in corporate form in 2001 from a sole proprietorship to a limited liability company (ECF No. 106).

On August 12, 2015, the Trustee, the Securities Investor Protection Corporation, and defendants (Frank J. Avellino and related entities and family members) each filed letters to the Court on the above issue (ECF Nos. 102, 103 and 104, respectively).

On July 21, 2016, the Court entered a Memorandum Decision Granting in Part and Denying in Part the Motion to Dismiss (ECF No. 116) (the "July 21, 2016 Decision").[3]

As set forth in the July 21, 2016 Decision, which is incorporated herein and made part hereof, it is hereby **ORDERED** that:

1. As to Count One through Count Six (fraudulent transfers), the Motion to Dismiss is **DENIED.**

---

[2] These defendants are listed in Defendants' Notice of Adoption of Co-Defendants' Memorandum of Law in Support of Their Motion to Dismiss Trustee's Amended Complaint, filed on January 28, 2015 (ECF No. 90).

[3] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Amended Complaint.

2. As to Count Seven (fraudulent transfers), the Motion to Dismiss is **GRANTED** as to Initial Transfers made prior to January 1, 2001.  The Motion to Dismiss is **DENIED** as to Initial Transfers made on or after January 1, 2001.

3. As to Count Eight (preferential transfers), the Motion to Dismiss is **DENIED**.

4. As to Count Nine (subsequent transfers), the Motion to Dismiss is **GRANTED** as to Subsequent Transfers made prior to January 1, 2001. The Motion to Dismiss as against the Post-2000 Subsequent Transferees (as defined in the July 21, 2016 Decision) is **DENIED**.

5. As to Counts Ten, Eleven and Twelve (disallowance and subordination), the Motion to Dismiss is **DENIED**.

6. As to Count Thirteen (general partner liability), to the extent the claims against the partnership transferees survive, the Motion to Dismiss is **DENIED**.

7. The Motion to Dismiss is **DENIED** as to the Avellino Trusts' (as defined in the July 21, 2016 Decision) arguments that the Trustee lacks standing to assert alter ego claims, that the claims would otherwise be barred by the doctrine of *in pari delicto*, and that the Amended Complaint fails to state a claim for alter ego liability.  The Motion to Dismiss is **DENIED** without prejudice solely on the issue of whether Florida law would allow the Trustee to pierce the veil of the Avellino Trusts.

Dated: New York, New York
August 5th, 2016

/s/ STUART M. BERNSTEIN_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE