Peter S. Partee, Sr.  
Robert A. Rich  
HUNTON & WILLIAMS LLP  
200 Park Avenue  
New York, New York 10166  
Telephone: (212) 309-1100  

*Attorneys for Defendants*

Hearing Date and Time: August 24, 2016 at 10:00 a.m.  
Objection Deadline: August 19, 2016

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick,<br><br>　　　　　Defendants. | Adv. Pro. No. 10-05257 (SMB) |

**NOTICE OF ZRAICK DEFENDANTS' REQUEST**
**TO PARTICIPATE IN THE DEPOSITION OF BERNARD L. MADOFF**

Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca and Karen Rich (collectively, the "Defendants"), by and through their undersigned counsel, hereby file this notice of request to participate in the deposition of Bernard L. Madoff ("Madoff") pursuant to the *Notice to Defendants Establishing Deadline to File Requests to Depose Bernard L. Madoff* [Adv. Pro. No. 08-01789, ECF 13786] (the "Trustee's Notice"), and Rules 26(b)(1) and 30(a)(2)(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to this proceeding pursuant to Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure.

## I.    Background

1. Defendants are former customers of Bernard L. Madoff Investment Securities LLC ("BLMIS") and defendants in one of many adversary proceedings brought by Plaintiff Irving H. Picard, as Trustee for the Liquidation of BLMIS (the "Trustee") seeking the return of allegedly fraudulent transfers.

2. Defendants are "good faith" defendants in that the Trustee has made no allegations of bad faith or prior knowledge of the misconduct perpetrated by BLMIS.

3. The Trustee alleges that Madoff ran BLMIS as "founder, proprietor, chairman, and chief executive officer." Complaint at ¶ 26.

4. On July 11, 2016, Defendants filed a pre-motion letter [ECF 53] in connection with a proposed motion for leave to depose Mr. Madoff. At a chambers conference held on the record on July 20, 2016, the Court established certain procedures by which defendants in various BLMIS-related adversary proceedings could file similar requests, which would be heard together at the hearing currently scheduled for August 24, 2016 at 10:00 a.m.

## II.  Areas of Inquiry

5.   If leave to depose Mr. Madoff is granted, the Zraick Defendants would coordinate with any counsel seeking to participate in such deposition regarding the following areas of inquiry:

(i)  The process and procedures by which BLMIS and Madoff business records were created and maintained;

(ii)  An explanation for and general interpretation of account number changes, generation of portfolio management reports, and other account documents;

(iii)  Areas of inquiry specific to the Defendants' BLMIS accounts and accounts from which funds were transferred into Defendants' BLMIS accounts (and into transferor accounts) ("Inter-Account Transfers"), including alleged deposits into and withdrawals from those accounts; and

(iv)  Issues relevant to the Trustee's asserted "Ponzi scheme presumption," including, without limitation: (a) the trading activities of the market making and proprietary trading units during the period prior to January 1, 1992, (b) the trading activities for investment advisory customers prior to January 1, 1992, (c) the number of employees, profitability, and revenue-generating activities of each unit in the period prior to January 1, 1992, and (d) the proportion and division of legitimate and illegitimate activities of Madoff's operations, including, without limitation, when Madoff began operating a "Ponzi" scheme.

## III.  Basis for Areas of Inquiry

6.   The Trustee, through the Complaint, seeks to establish Defendants' liability by (a) netting amounts allegedly deposited into the Defendants' BLMIS accounts against amounts allegedly withdrawn from the Defendants' BLMIS accounts, and (b) reducing the amount of deposits into the Defendants' accounts based on the alleged "net equity" of other BLMIS accounts from which those deposits were transferred.  These allegations require the review and consideration of numerous deposit and withdrawal transactions in connection with the Defendants' accounts, several third-party accounts from which cash was transferred into the Defendants' accounts, and all accounts from which transfers were made into any of the transferor

2

accounts. The alleged deposit and withdrawal transactions date back to the early 1980s. Documents produced by the Trustee suggest that he intends to rely on BLMIS' records of deposits and withdrawals as proof of the timing and amount of these transfers. Therefore, the manner in which these records were created and maintained by BLMIS and/or Madoff, as well as the accuracy of the records and trustworthiness of its source, is highly relevant in these proceedings.

7. The Trustee has alleged that Defendants were beneficiaries of a "Ponzi scheme" (Complaint at ¶ 2) and that with the exception of so-called "isolated trades" for "certain parties other than the Defendants" there is no record of BLMIS having cleared any purchase or sale of securities on behalf of its Investment Advisory business. *See* Complaint at ¶ 29. However, it is clear that BLMIS operated some legitimate trading business, and statements made by the Trustee's own professionals indicate that customers' money was used to purchase securities in BLMIS' legitimate trading operation. *See Declaration of Joseph Looby* [ECF 524-1] at ¶¶ 9, 17, 18, 19, 26, and 27. Accordingly, Defendants are entitled to discovery on whether the transfers at issue were made with actual intent to defraud, as alleged in the Complaint.

8. Further, Madoff has declared intricate knowledge with respect to deposits and withdrawals describing, among other things, the manner in which customers would make withdrawal requests. *See Declaration of Bernard L. Madoff* [ECF 12319-2]. In fact, documents produced by the Trustee suggest Mr. Madoff's direct involvement in decisions concerning treatment of the BLMIS accounts at issue in Defendants' adversary proceeding. *See* Document Bates Stamp No. MADTBB03252309 (BLMIS note referring to transferor account of Defendants' account and stating "see if **Bernie** wants to open another account") (emphasis added), a true and correct copy of which is annexed hereto as **Exhibit A**.

3

## IV. **CONCLUSION**

WHEREFORE, the Defendants respectfully request that the Court enter an order (a) granting Defendants' leave to depose Mr. Madoff, and (b) granting such other and further relief in favor of Defendants as the Court may deem just or proper.

Dated: New York, New York  
       August 4, 2016

Respectfully submitted,

*/s/ Robert A. Rich*  
Peter S. Partee, Sr.  
Robert A. Rich  
HUNTON & WILLIAMS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 309-1000  
Email: rrich2@hunton.com

*Counsel for Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca and Karen M. Rich*

4