UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>    Plaintiff,<br>v.<br><br>THE ESTATE (SUCCESSION) OF DORIS IGOIN, LAURENCE APFELBAUM, individually and in her capacities as executor and beneficiary of the Estate (Succession) of Doris Igoin, and EMILIE APFELBAUM,<br><br>    Defendants. | Adv. Pro. No. 10-04336 (SMB) |

## NOTICE OF REQUEST TO DEPOSE BERNARD L. MADOFF

Defendants in Adversary Proceeding No. 10-04336 (SMB), pursuant to Plaintiff's Notice to Defendants, served July 22, 2016 and the Court's July 20, 2016 directive, seek permission to depose Bernard L. Madoff, and in support thereof, state as follows:

    i.    Defendants who seek permission to depose Bernard L. Madoff in Adversary Proceeding 10-04336 (SMB) are Laurence Apfelbaum and Emilie Apfelbaum.

    ii.    The specific areas of inquiry for the deposition are as follows:

    a.    The proportion and division of legitimate and illegitimate activities of Madoff's operations, including, but not limited to, when Madoff began operating a "Ponzi" scheme;

    b.    The trading activities of Madoff's operations during the period prior to 1995 when Defendants first opened BLMIS accounts after the death of family member Albert Igoin who is believed to have first invested with BLMIS in the late 1970s. The Trustee is taking the position that Defendants inherited the accounts from Mr. Igoin and his wife, Doris Igoin, and that they are net winners based on the value of the Igoins' account;

    c.    The details of the operation of the accounts from Defendants' family members that are believed to date back to the 1970s, including generation of portfolio management reports and other account documents;

    d.    The record keeping procedures of each unit of Madoff's operations;

    e.    Any topics incidental to the above.

    iii.    The aforementioned areas of inquiry are relevant to this adversary proceeding because the details and circumstances of Madoff's operations as they relate to Defendants are critical in determining what the Trustee may recover from the Defendants. Each of the Defendants received funds from BLMIS accounts that date back to the 1970s. As the Trustee

relies primarily on an expanded version of the Ponzi scheme presumption to establish the facts of the various transactions in these accounts, the Defendants have no information regarding the early operations of Madoff's operations except what the Trustee describes.

Madoff has firsthand knowledge of the facts underlying the foregoing allegations.

Dated: August 5, 2016

**KELLEY DRYE & WARREN LLP**

By:    /s Jonathan K. Cooperman
Jonathan K. Cooperman
Kristina M. Allen
101 Park Avenue
New York, New York 10178
(212) 808-7800

*Attorneys for Defendants The Estate (Succession) of Doris Igoin, Laurence Apfelbaum, and Emilie Apfelbaum*