# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

August 8, 2016

**VIA ECF, ELECTRONIC MAIL: bernstein.chambers@nysb.uscourts.gov
and FEDERAL EXPRESS**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *In re Madoff (08-01789)* – Profit Withdrawal Litigation

Dear Judge Bernstein:

We write in response to Seanna Brown's letter dated August 4, 2016, regarding the Madoff Declaration.

### I.    **Madoff's deposition testimony regarding the Madoff Declaration**

Ms. Brown states in her letter that Mr. Madoff did not recall, during his June 15, 2016 Deposition, the existence of ¶¶ 3 and 4 of the Madoff Declaration. (*See* ECF No. 13830 at 3). This is incorrect. Madoff expressly indicated during his deposition that he recalled signing the Madoff Declaration. (*See* June 15, 2016 Transcript at 9:10-11) (Ms. Chaitman: And do you recall signing this Declaration? Mr. Madoff: Yes). Madoff acknowledged that there is "no question" that he signed the Madoff Declaration. (*Id.* at 106:21-23); (*see also id.* at 107:3-5) (in response to my question asking whether he signed the Madoff Declaration, Madoff replied, "I must have.").

With respect to ¶ 3, which states, *inter alia*, that customers had to specifically request profit withdrawals in writing, Madoff read that paragraph into the record during his deposition and testified that the content of that paragraph was still true as of the date of his deposition. (*See id.* at 10:8-20). Indeed, throughout the entire deposition, Madoff testified consistently with the substance of ¶ 3. (*See id.* at 13:16-23) (testifying that new customers would need to put their requests to receive profit withdrawals in writing at the start of their relationship with Madoff); (*id.* at 35:9-15) ("Typically the customer would call up on the phone to request a check and was instructed that - - that we needed written instructions. They would send in a – usually a letter requesting the check."). Thus, it is ridiculous for the Trustee to now suggest that somehow this paragraph was not in the Madoff Declaration when Madoff signed it.

With respect to ¶ 4, which concerns Jeffry Picower, Mr. Madoff never disavowed the content of this paragraph and he never suggested that this paragraph was somehow inserted into

{00022133 1 }

# CHAITMAN LLP

Honorable Stuart M. Bernstein
In re Madoff (08-01789) – Profit Withdrawal
Issue
August 8, 2016
2

the Declaration after he signed it, as the Trustee seems to suggest. All Madoff stated regarding this paragraph is that he did not *remember* – at the time of his deposition – seeing ¶¶ 3 or 4 when he signed the Declaration. But for this Court's prohibition on testimony regarding Picower, I would have asked Mr. Madoff questions that could have verified this paragraph and, indeed, we would welcome the opportunity to question Mr. Madoff concerning this paragraph. We were very careful to stay away from ¶ 4 at the deposition because of this Court's order.

Thus, all the Trustee established – without my ability to cross-examine without violating this Court's prohibition – is that Mr. Madoff did not recall, during the June 15, 2016 deposition, that the Declaration he signed on November 17, 2015 contained a reference to Jeffry Picower. This would make sense because the majority of the Declaration deals with the requirement that customers make written requests for withdrawals – a requirement to which every other Madoff employee who has been deposed has attested. (*See id.* at 99:5-8) ("I would assume that . . . the dispute involved whether or not, you know, checks were sent out to a client without having instructions."). Again, I would welcome the opportunity to question Mr. Madoff about this paragraph – and about his relationship with Mr. Picower. I was prohibited from doing so.

## II. The different versions of the Declaration

Mr. Madoff testified at his deposition that he signed the Madoff Declaration and he testified that its content is still accurate today. The differences between the two declarations, Exhibits 2 and 12 to Madoff's Deposition Transcript, are merely typographical. The fact that there are non-substantive changes to the Madoff Declaration are easily explained:

When Madoff signed Exhibit 12, the pages, inadvertently, were not numbered. My office then created Exhibit 2, which numbered pages 1 and 2, and corrected the caption. The body of the Declaration was not changed in any way. I do not believe Exhibit 2 has been filed in any court. It was used during the deposition inadvertently because I had forgotten that, when Mr. Madoff signed the declaration, I had failed to number the pages and that the caption had to be adjusted for filing in the profit withdrawal litigation.

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman Esq.

HDC/sh

cc:   Via E-mail
      Seanna R. Brown (sbrown@bakerlaw.com)
      Marcy R. Harris (marcy.harris@srz.com)

{00022133 1 }

CHAITMAN LLP

Honorable Stuart M. Bernstein
In re Madoff (08-01789) – Profit Withdrawal Issue
August 8, 2016
3

David J. Sheehan (dsheehan@bakerlaw.com)
Karin S. Jenson (kjenson@bakerlaw.com)
Edward Jacobs (ejacobs@bakerlaw.com)
Amy E. Vanderwal (avanderwal@bakerlaw.com)