# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 9, 2016

Seanna R. Brown
direct dial: 212.589.4230
sbrown@bakerlaw.com

**VIA ECF, ELECTRONIC MAIL, HAND DELIVERY**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *SIPC v. Bernard L. Madoff Investment Securities, LLC,* 08-01789 (SMB) – Profit Withdrawal Litigation

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff.  We write in reply to Helen Chaitman's August 8, 2016 letter regarding the Madoff Declaration, in advance of the hearing on this matter set for 10 a.m. on August 11, 2016.

      In her letter, Ms. Chaitman states that her office created a second version of the declaration after Madoff signed it to add page numbers because "[w]hen Madoff signed Exhibit 12, the pages, inadvertently, were not numbered."  That explanation is inaccurate as shown by the Madoff Declaration itself -- the page bearing Madoff's signature is numbered as page 3 in the version docketed with the Court.  *See* Exhibit B to the Trustee's July 28, 2016 letter.  Thus, the Madoff Declaration was clearly numbered when Madoff signed it.

      It is further not clear how this new explanation reconciles with a prior explanation on the topic.  Ms. Chaitman previously explained that Madoff first signed one version of the declaration in which he crossed out a paragraph, and then Ms. Chaitman mailed him a second, clean copy with that paragraph deleted.  *See* Exhibit E to the Trustee's July 28 letter. Either way, Madoff clearly testified that he did not recall seeing any references to Picower or to Paragraphs 3 or 4 in whichever version of the declaration he signed.  Ms. Chaitman's more recent explanation only adds to the confusion.

Honorable Stuart M. Bernstein
August 9, 2016
Page 2

     Additionally, Ms. Chaitman should not be permitted to use the confusion she created for herself as a further reason to argue for a second deposition of Madoff. After Madoff disclaimed Paragraphs 3 and 4 at his deposition, Ms. Chaitman specifically had an opportunity to ask him about the disclaimer, which would not have necessitated any substantive discussion of Picower or any other topic prohibited by the relevant Court order.

     Rather than engage in speculation about what may have occurred, the Trustee has requested documents from Ms. Chaitman that would resolve these issues. Specifically, disclosure of the version or versions mailed to Madoff, and the version Madoff signed and mailed to her in which he crossed out a paragraph, would establish whether Paragraphs 3 and 4 or any Picower references were in the version he signed.

     Ms. Chaitman has filed the declaration in two separate matters before the Court. The question is not whether Madoff signed some version of the declaration or whether his declaration is consistent with the deposition testimony. The question is whether Paragraphs 3 or 4 or any references to Picower were in the declaration that Madoff signed. Disclosure of the requested documents would shed light on what has transpired and assist the Court in determining if any remedies are warranted.

Respectfully submitted,

*/s/ Seanna R. Brown*

Seanna R. Brown
Partner

cc:    Helen Davis Chaitman
       Marcy R. Harris
       David J. Sheehan
       Karin S. Jenson
       Edward Jacobs
       Amy E. Vanderwal

300417658.1