**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. <br> In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN CHALEK ASSOCIATES LLC, CHAITMAN/SCHWEBEL LLC, FGLS EQUITY LLC, LARSCO INVESTMENTS LLC, AND KUNTZMAN FAMILY LLC**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff").

2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Chalek Associates LLC, Chaitman/Schwebel LLC, FGLS Equity LLC, Larsco Investments LLC, and Kuntzman Family LLC (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected five BLMIS accounts held by the following: 1C1229 held by Chalek Associates LLC, 1CM921 held by Chaitman/Schwebel LLC, 1F0178 held by FGLS Equity LLC, 1L0328 held by Larsco Investments LLC, and

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

1ZA539 held by Kuntzman Family LLC (collectively, the "Limited Liability Companies"), which accounts (the "Accounts") are listed on Exhibit 1.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account of which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, corporate formation documents, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Limited Liability Companies. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Limited Liability Companies and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Limited Liability Company.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 22 claims and 10 objections filed by Objecting Claimants who claim to hold an interest in one or more of the Limited Liability Company accounts and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants,

3

the Account-holding Limited Liability Company to which the Objecting Claimants claim a right, and the Limited Liability Company Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13. Each of the Limited Liability Companies filed a direct claim related to its Account seeking a distribution from the fund of customer property for its Account.

14. A letter of determination was sent to each of Chalek Associates LLC, and Kuntzman Family LLC denying their customer claims on the grounds that they were net winners, *i.e.*, that they had withdrawn more money from their BLMIS Accounts than had been deposited.

15. Letters of determination were also sent to Chaitman/Schwebel LLC, FGLS Equity LLC, and Larsco Investments LLC allowing their claims.

16. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for Chalek Associates LLC.

17. Attached hereto as Exhibit 5 is a true and accurate copy of claim 013177, filed with the Trustee by Morton Chalek.

18. Attached hereto as Exhibit 6 is a true and correct copy of claim 014189, filed with the Trustee by David Chalek.

19. Attached hereto as Exhibit 7 is a true and correct copy of claim 014190, filed with the Trustee by Isabel Chalek.

4

20. Attached hereto as Exhibit 8 is a true and accurate copy of claim 014191, filed with the Trustee by Mitchel Chalek.

21. Attached hereto as Exhibit 9 is a true and accurate copy of claim 013741, filed with the Trustee by Richard Mark Chalek.

22. Attached hereto as Exhibit 10 is a true and accurate copy of claim 014346, filed with the Trustee by Jessica Decker.

23. Attached hereto as Exhibit 11 is true and accurate copy of claim 013179, filed with the Trustee by Frances Reiss.

24. Attached hereto as Exhibit 12 is a true and accurate copy of claim 014944, filed with the Trustee by John Tzannes Trust.

25. Attached hereto as Exhibit 13 is a true and accurate copy of claim 015021, filed with the Trustee by Peter Tzannes.

26. Attached hereto as Exhibit 14 is a true and accurate copy of claim 015022, filed with the Trustee by Robin Tzannes.

27. Attached hereto as Exhibit 15 is a true and accurate copy of the November 30, 2008 statement for Chalek Associates LLC.

28. Attached hereto as Exhibit 16 is a true and accurate correct copy of the BLMIS customer file for Chaitman/Schwebel LLC.

29. Attached hereto as Exhibit 17 is a true and accurate copy of claim 008919, filed with the Trustee by Helen Davis Chaitman.

30. Attached hereto as Exhibit 18 is a true and accurate copy of claim 011344, filed with the Trustee by Stephen M. Schwebel.

31. Attached hereto as Exhibit 19 is a true and accurate copy of the November 30, 2008 statement for Chaitman/Schwebel LLC.

32. Attached hereto as Exhibit 20 is a true and correct copy of the BLMIS customer file for FGLS Equity LLC.

33. Attached hereto as Exhibit 21 is a true and correct copy of supplemental documentation provided to the Trustee by FGLS Equity LLC.

34. Attached hereto as Exhibit 22 is a true and accurate copy of claim 011367, filed with the Trustee by Schupak Group Defined Benefit Plan [MWPTAP00509816].

35. Attached hereto as Exhibit 23 is a true and accurate copy of claim 012942, filed with the Trustee by Schupak Profit Sharing Plan [MWPTAP00537176].

36. Attached hereto as Exhibit 24 is a true and accurate copy of the November 30, 2008 statement for FGLS Equity LLC.

37. Attached hereto as Exhibit 25 is a true and accurate copy of claim 007034, filed with the Trustee by Larsco Investments LLC.

38. Attached hereto as Exhibit 26 is a true and accurate copy of claim 013814, filed with the Trustee by Kailen Jennifer Krame Trust.

39. Attached hereto as Exhibit 27 is a true and accurate copy of claim 013811, filed with the Trustee by William and Catherine Krame.

40. Attached hereto as Exhibit 28 is a true and accurate copy of claim 013813, filed with the Trustee by Simone Erika Krame Trust.

41. Attached hereto as Exhibit 29 is a true and accurate copy of claim 013812, filed with the trustee by The William and Catherine Krame Foundation.

42. Attached hereto as Exhibit 30 is a true and accurate copy of the November 30, 2008 statement for Larsco Investments LLC.

43. Attached hereto as Exhibit 31 is a true and correct copy of the BLMIS customer file for Kuntzman Family LLC.

44. Attached hereto as Exhibit 32 is a true and accurate copy of claim 002048, filed with the Trustee on behalf of Irrevocable Trust F/B/O Jennifer Gattegno.

45. Attached hereto as Exhibit 33 is a true and accurate copy of claim 002045, filed with the Trustee on behalf of Judith Gattegno.

46. Attached hereto as Exhibit 34 is a true and accurate copy of claim 002046, filed with the Trustee on behalf of Jacqueline Green.

47. Attached hereto as Exhibit 35 is a true and accurate copy of claim 002047, filed with the Trustee on behalf of Wayne D. Green.

48. Attached hereto as Exhibit 36 is a true and accurate copy of claim 002049, filed with the Trustee on behalf of Irrevocable Trust F/B/O Ethan Siegel.

49. Attached hereto as Exhibit 37 is a true and accurate copy of the November 30, 2008 statement for Kuntzman Family LLC.

50. The Accounts were in the names of their respective Limited Liability Company, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto. The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2016
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022

8