UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN CHALEK ASSOCIATES LLC, CHAITMAN/SCHWEBEL LLC, FGLS EQUITY LLC, LARSCO INVESTMENTS LLC AND KUNTZMAN FAMILY LLC**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Chalek Associates LLC, Chaitman/Schwebel LLC, FGLS Equity LLC, Larsco Investments LLC, and Kuntzman Family LLC (the "Motion"), the Trustee selected five BLMIS accounts (collectively, the "Accounts"):

1C1229 held by Chalek Associates LLC, 1CM921 held by Chaitman/Schwebel LLC, 1F0178 held by FGLS Equity LLC, 1L0328 held by Larsco Investments LLC, and 1ZA539 held by Kuntzman Family LLC (collectively, the "Limited Liability Companies").

4. A list of Objecting Claimants associated with one or more of the Limited Liability Companies whose claims are dealt with by the Motion is annexed as Exhibit 2 to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants associated with one or more of the Limited Liability Companies, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed and caused to be entered into our system each response to Requests for Admission or to Interrogatories that were received by our office. Only two of the Objecting Claimants responded.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Limited Liability Company account files as contained in the books and records of BLMIS.

7. The objections to the Trustee's claim determination filed on behalf of the Objecting Claimants associated with Chalek Associates LLC, Chaitman/Schwebel LLC and Kuntzman Family LLC were filed by Helen Chaitman of Becker & Poliakoff. To clarify

2

attorney representation issues, on September 19, 2013, we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on October 4, 2013 and December 2, 2013, and indicated on both occasions that she did not represent any of the Objecting Claimants in connection with the Trustee's discovery requests.

8. On October 21, 2014, Ms. Chaitman responded to the Trustee's discovery requests on behalf of Objecting Claimant Judith Gattegno.

### Service of Requests for Admission and Other Discovery

9. I caused discovery to be served on Objecting Claimants through counsel or in a *pro se* capacity, using contact details from the claims, objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

### *Pro Se* Responses To Interrogatories and Requests for Admission

10. Attached hereto as Exhibit 1 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Donald Schupak on behalf of Schupak Group Defined Benefit Plan and Schupak Profit Sharing Plan, a copy of the cover letter and of the Trustee's certificate of service for the discovery requests.

11. No other *pro se* Objecting Claimants responded to the Trustee's discovery requests.

**Represented Objecting Claimant Responses to Interrogatories and Requests for Admission**

12. Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Judith Gattegno, a copy of the cover letter and of the Trustee's certificate of service for the discovery.

13. No other represented Objecting Claimants responded to the Trustee's discovery requests.

**Documents Produced**

14. Attached hereto as Exhibit 3 are true and correct copies of the documents produced to the Trustee in response to requests for production to Judith Gattegno related to Ms. Gattegno's investment in Kuntzman Family LLC.

15. Attached hereto as Exhibit 4 are true and correct copies of the documents produced to the Trustee in response to requests for production to Donald Schupak related to Schupak Group Defined Benefit Plan and Schupak Profit Sharing Plan's investments in FGLS Equity LLC.

**_Pro Se_ Objecting Claimants Who Failed To Respond To Requests For Admission**

16. Each of the Chalek Associates LLC, FGLS Equity LLC, Kuntzman Family LLC and Larsco Investments LLC Objecting Claimants received twelve (12) identical Requests for Admission in their discovery packages. The Kuntzman Family LLC Objecting Claimants received one additional request for admission, and Larsco Investments LLC Objecting Claimants received three additional requests for admission. The Chaitman/Schwebel LLC Objecting Claimant received (14) fourteen Requests for Admission in her discovery package, nine of which were identical to those served on the remaining Objecting Claimants.

4

17. The Chaitman/Schwebel LLC Objecting Claimant received a package with fourteen numbered Requests for Admission.

18. A true and accurate copy of the complete package served on Chaitman/Schwebel LLC Objecting Claimant Helen Davis Chaitman is attached hereto as Exhibit 5.

19. The Chaitman/Schwebel LLC Objecting Claimant did not respond to the Trustee's discovery requests.

20. The Chalek Associates LLC Objecting Claimants received a package with twelve identical numbered Requests for Admission.

21. A true and accurate copy of the complete package served on Chalek Associates LLC Objecting Claimant Morton Chalek is attached hereto as Exhibit 6.

22. None of the Chalek Associates LLC Objecting Claimants responded to the Trustee's discovery requests.

23. The Larsco Investments LLC Objecting Claimants received a package with fifteen identical numbered Requests for Admission.

24. A true and accurate copy of the complete package served on Larsco Investments LLC Objecting Claimant William Krame is attached hereto as Exhibit 7.

25. None of the Larsco Investments LLC Objecting Claimants responded to the Trustee's discovery requests.

26. Exhibits 5 through 7 each contain the cover letter, Requests for Admission, Interrogatories, Requests for Production, and Certificate of Service as mailed to the Objecting Claimants.

5

27. Attached as Exhibit 8 is a complete set of the Certificates of Service applicable to the Requests for Admission served on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration.

## Miscellaneous Exhibits

28. Attached hereto as Exhibit 9 are selected pages of the transcript of the hearing held February 25, 2015 regarding the Trustee's Motion And Memorandum To Affirm His Determinations Denying Claims Of Claimants Holding Interests In S & P Or P & S Associates, General Partnerships (ECF No. 8734).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2016
New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111