**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>            Plaintiff, <br><br>     v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br> BERNARD L. MADOFF, <br>            Debtor. | |

**THE PICOWER PARTIES' RESPONSE TO THE CHAITMAN CUSTOMERS' MOTION AND NOTICES FROM ADDITIONAL CUSTOMERS FOR AN ORDER AUTHORIZING A SECOND DEPOSITION OF BERNARD L. MADOFF**

SCHULTE ROTH & ZABEL LLP
William D. Zabel
Marcy Ressler Harris
Michael Kwon
Jennifer M. Opheim
Mark D. Richardson
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for the Picower Parties*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT..................................................................................................................................5

      I.      If a Second Deposition of Madoff is Permitted, the Scope and Use of the
Deposition Again Should Be Limited to Prevent Improper Pre-Complaint
Discovery Regarding the Picower Parties.................................................................5

CONCLUSION...............................................................................................................................8

The Picower Parties,[1] as parties in interest in the above-captioned SIPA

proceeding, respectfully submit this Response to the Chaitman Customers'[2] Motion for an Order

Authorizing the Deposition of Bernard L. Madoff (the "Motion") (ECF No. 13603) and the

notices submitted by additional BLMIS customers ("Additional Customers")[3] requesting and

seeking to participate in a second deposition of Madoff (ECF Nos. 13825, 13838-13841, 13844

(the "Notices").)

## PRELIMINARY STATEMENT

The Picower Parties submit this Response to prevent Helen Davis Chaitman or

any other counsel for the Chaitman Customers from using a second deposition of Madoff to

obtain improper pre-action discovery concerning the Picower Parties.  Ms. Chaitman has

repeatedly and improperly sought pre-complaint discovery regarding Jeffry M. Picower

("Picower") and the Picower Parties, in an effort to "end run" the Permanent Injunction entered

by this Court.[4]  If the Court allows a second deposition of Madoff, the Court should impose the

same type of scope and use limitations that it imposed in connection with the depositions of

Madoff and others concerning the profit withdrawal issue, to prevent Ms. Chaitman or anyone

else from (i) using the second Madoff deposition as unauthorized discovery concerning the

---

[1] The "Picower Parties" refers to Capital Growth Company, Decisions Incorporated, Favorite Funds, JA Primary Limited Partnership, JA Special Limited Partnership, JAB Partnership, JEMW Partnership, JF Partnership, JFM Investment Companies, JLN Partnership, JMP Limited Partnership, Jeffry M. Picower Special Company, Jeffry M. Picower, P.C., The Picower Foundation, The Picower Institute of Medical Research, The Trust f/b/o Gabrielle H. Picower, Barbara Picower, individually, and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower.

[2] The "Chaitman Customers" refers to the Customers listed in Exhibit A to the Notice of Motion filed by Helen Davis Chaitman, Esq.  (ECF No. 13603-1.)

[3] The "Additional Customers" refers to the Customers listed in the notices and the respective schedules and attachments thereto (where applicable) filed by various counsel on August 4 and August 5, 2016 at ECF Nos. 13825, 13838, 13839, 13840, 13841, and 13844.

[4] The "Permanent Injunction" refers to the Order entered by this Court on January 13, 2011 in *Picard v. Picower*, Adv. Pro. No. 09-01197 (Bankr. S.D.N.Y. Jan. 13, 2011), ECF No. 43.

Picower Parties, and (ii) using Madoff's second deposition transcript in any proceeding against the Picower Parties or related parties.

Given that the Picower Parties settled the Trustee's Claims against them more than five years ago,[5] they are not interested in litigating now over the issues identified by Ms. Chaitman or the Additional Customers, including, *inter alia*, when Madoff's fraud began, BLMIS's record-keeping processes, the account records for other customers, or other topics upon which the BLMIS customers now seek to depose Madoff. Nor are the Picower Parties seeking to interfere with discovery relevant to the claims and defenses of other parties. Rather, the Picower Parties' sole interest in connection with the instant Motion is to prevent counsel for the Chaitman Customers or any other counsel from undermining prior rulings of this and other Courts that bar pre-complaint discovery related to the Picower Parties.

As the Court knows, Ms. Chaitman, counsel for the Chaitman Customers, also represents the Fox Plaintiffs,[6] who for the past six years have tried repeatedly to assert class action claims against the Picower Parties that would not be barred by the Permanent Injunction. They have failed each time, leading Ms. Chaitman to pursue pre-complaint discovery in order to attempt to frame a complaint that could somehow state claims that would not derive from those settled by the Trustee and would thus escape the reach of the Permanent Injunction.[7] All of those

---

[5] The "Trustee" refers to Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Estate of Bernard L. Madoff ("Madoff").

[6] The "Fox Plaintiffs" refers to Adele Fox, Susanne Stone Marshall, Marsha Peskin and Russell Oasis.

[7] Pursuant to the Federal Rules of Civil Procedure, discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Under Rule 26(b)(2)(c), a court must limit discovery where the proposed discovery is outside the scope permitted by Rule 26(b)(1). Because all of the claims Ms. Chaitman has asserted against the Picower Parties have been barred by the Permanent Injunction, her efforts to obtain discovery concerning the Picower Parties under Rule 26 have been rejected. Hence, Ms. Chaitman has tried – also unsuccessfully – to obtain a deposition of Madoff, to be used against the Picower Parties, under other statutory provisions, including, *inter alia*, under FED. R. CIV. P. 27(a) (to preserve Madoff's testimony), and under FED. R. BANKR. P. 2004 (to frame a complaint against the Picower Parties). The Courts properly denied those efforts as well. *See Marshall v. Madoff*, No. 15-mc-0056 (JGK), 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015); *In re Marshall*, Case No. 15-mc-0000-LPS, 2015 WL 849302, at *4 (D. Del. Feb. 25,

2

attempts properly were rejected by this Court, the district court, the Delaware district court and the Third Circuit for the simple reason that the Fox Plaintiffs are not entitled to discovery concerning the Picower Parties in the absence of any lawsuit asserting a viable, non-derivative claim against the Picower Parties, and there is none.[8]

> This Court entered multiple orders recently that protected the Picower Parties from improper pre-complaint discovery by Ms. Chaitman. On April 8, 2016, this Court entered an Order authorizing Ms. Chaitman to depose Madoff, "solely on the profit withdrawal issue," and imposed certain additional limitations on the deposition's scope and use (ECF No. 13060). In May, 2016, the Court entered three additional limiting orders imposing substantively identical limitations in connection with depositions of Joann Crupi, Annette Bongiorno, and other witnesses concerning profit withdrawals (ECF Nos. 13240, 13241, and 13358, together with ECF No. 13060, the "Limiting Orders"). Among other things, the Limiting Orders prohibited Ms. Chaitman and other counsel from questioning Madoff and other deponents regarding Picower, the Picower Parties or their agents, or their accounts, and from using the testimony of Madoff or the other witnesses as reflected in their deposition transcripts in any other proceedings, including in any future proceedings brought against the Picower Parties. (*Id.*)[9]

---

2015), petition for writ of mandamus denied, No. 15-1590 (3d Cir. Apr. 6, 2015); *Picard v. Marshall*, No. 14-01840 (SMB), 2014 WL 5486279, at *1 (Bankr. S.D.N.Y. Oct. 30, 2014).

[8] *See, e.g., Picard v. Picower*, No. 09-1197 (BRL), 2011 WL 10549389, at *3 (Bankr. S.D.N.Y. Jan. 13, 2011); *Picard v. Marshall*, Adv. Pro. No. 14-011840 (Bankr. S.D.N.Y.), ECF No. 55; *Picard v. Marshall*, No. 14-01840 (SMB), 2014 WL 5486279, at *1 (Bankr. S.D.N.Y. Oct. 30, 2014); *In re Marshall*, Case No. 15-mc-0000-LPS, 2015 WL 849302, at *4 (D. Del. Feb. 25, 2015), petition for writ of mandamus denied, No. 15-1590 (3d Cir. Apr. 6, 2015); *Marshall v. Madoff*, No. 15-mc-0056 (JGK), 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015).

[9] The United States Supreme Court has made clear that "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978). Accordingly, courts routinely bar or limit discovery that seeks facts to support claims in a different proceeding. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB), 2011 WL 830624, at *1-2 (S.D.N.Y. Mar. 9, 2011); *In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 74-75 (S.D.N.Y. 2007); *Devlin v. Transp. Commc'ns Int'l Union*, No. 95 Civ. 0752, 2000 WL 28173 (S.D.N.Y. Jan. 14, 2000); *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994). A Limiting Order is necessary here

In the instant Motion, Ms. Chaitman seeks authorization to depose Madoff yet again, on a broad range of topics, including, *inter alia*: (i) the trading activities of Madoff's investment advisory customers prior to January 1, 1992; (ii) the proportion and division of legitimate and illegitimate activities of Madoff's operations, including, *inter alia*, when Madoff began operating a Ponzi scheme; (iii) questions specific to each customer's relationship with Madoff; and (iv) any topics incidental to the above. (*See* Proposed Order in support of the Motion, ECF No. 13603-2 (the "Proposed Order").)[10] Any one of those proposed topics could lead to questions or answers about Picower or the Picower Parties, who also were customers of BLMIS. Given the broad scope of topics upon which Ms. Chaitman now seeks to depose Madoff, a new limiting order is necessary if the Motion is granted.

Accordingly, the Picower Parties respectfully request that, in the event the Court permits a second deposition of Madoff, the Court should enter an order substantially identical to the Court's prior Limiting Orders: (i) directing that Madoff must receive an instruction at the outset of the deposition that his answers may not include any testimony regarding Picower, the Picower Parties, their agents, or their accounts; (ii) prohibiting any questioning at Madoff's deposition related to Picower, the Picower Parties, their agents, or their accounts; (iii) striking any questions and any answers in the transcript of Madoff's deposition testimony concerning Picower, the Picower Parties, their agents, or their accounts; (iv) prohibiting the use of Madoff's deposition testimony in any proceeding that may be brought against the Picower Parties or related parties; (v) designating the entire transcript of Madoff's second deposition confidential until compliance with the Order has been confirmed by the Trustee, SIPC and the Picower

---

to prevent Ms. Chaitman or her colleagues, or any other counsel, from using a second deposition of Madoff to gather information for use in an unrelated proceeding against the Picower Parties.

[10] The Additional Customers seek to participate in a second deposition of Madoff regarding substantially similar topics. (*See, e.g.*, ECF 13844.)

Parties' counsel and, if necessary, redactions are made to improper questions or testimony about

Picower, the Picower Parties, their agents or their accounts; and (vi) directing that any violations

of the Order will result in sanctions.  To the extent the Court permits a second deposition of

Madoff, the Trustee joins in the request for a limiting order regarding the Picower Parties.

## <u>ARGUMENT</u>

**I.      If a Second Deposition of Madoff is Permitted, the Scope and Use of the Deposition
Again Should Be Limited to Prevent Improper Pre-Complaint Discovery Regarding
the Picower Parties.**

The topics listed in the Chaitman Customers' Proposed Order and the Additional

Customers' Notices—if not limited to prevent testimony regarding the Picower Parties—could

lead to improper pre-complaint discovery concerning the Picower Parties.  To be sure, none of

the counsel for the Additional Customers has previously sought discovery regarding the Picower

Parties, and two such counsel have indicated that they would consent to appropriate restrictions

on Madoff's deposition concerning the Picower Parties.  (*See* ECF No. 13825 ¶ 2; ECF No.

13839 ¶ 4.)  However, in light of Ms. Chaitman's repeated attempts to sue the Picower Parties

during the past six years and her equally persistent attempts to obtain discovery to support a

claim against them, if a second deposition of Madoff is permitted, a carefully-worded limiting

order is needed.

In particular, *at least* four of the topics listed in the Chaitman Customers'

Proposed Order in support of the Motion (and similar topics listed in the Additional Customers'

Notices) could open the door to inquiry and/or testimony regarding Picower, the Picower Parties,

their agents, or their accounts, absent appropriate limitations.

<u>First</u>, Paragraph 2 of the Proposed Order seeks testimony regarding "the trading

activities for Madoff's investment advisory customers prior to January 1, 1992."  (Proposed

Order ¶ 2.)[11]  This topic should be limited to exclude any inquiry or testimony regarding trading activities of Picower or any of the Picower Parties at any time, or trading activity related to Picower's or the Picower Parties' accounts with BLMIS.  The Picower Parties, who were longstanding customers of BLMIS, settled all of the claims the Trustee brought or could have brought against them in early 2011, and the Permanent Injunction unquestionably bars suits against the Picower Parties by other BLMIS customers related to the Picower Parties' trading activities at BLMIS.  *See*, *e.g.*, *Picard v. Marshall*, 511 B.R. 375, 393-94 (Bankr. S.D.N.Y. 2014) (Bernstein, J.), *aff'd*, *Fox v. Picard*, 531 B.R. 345 (S.D.N.Y. 2015) (Koeltl, J.). Consequently, inquiries or testimony concerning the trading activities of the Picower Parties is not only irrelevant to claims or defenses in BLMIS customers' pending adversary proceedings, but also would be contrary to the Permanent Injunction.  Such inquiries should not be permitted at a second Madoff deposition.

Second, Paragraph 4 of the Proposed Order seeks testimony regarding the "proportion and division of legitimate and illegitimate activities of Madoff's operations, including, *inter alia*, when Madoff began operating a 'Ponzi' scheme."  (Proposed Order ¶ 4.)[12] The Picower Parties submit that any inquiry or testimony regarding "when Madoff began operating a 'Ponzi' scheme" should exclude any inquiry or testimony related to Picower.  For one thing, Madoff already has testified under oath as to when he began the fraud.  *See, e.g.,*

---

[11] Notices submitted on behalf of Additional Customers also seek testimony from Madoff on this topic (*see*, *e.g.*, ECF No. 13838 ¶ 5(iv)(b)) and several similar topics, including: "[t]he extent to which Madoff bought, sold, and held actual securities on behalf of Madoff's clients, including the defendants" (ECF No. 13840 ¶ 2); "inquiry specific to each Defendant's Madoff Securities account, including explanation for account number changes, generation of portfolio management reports, and other account documents" (ECF No. 13825 ¶ 4(f)); "inquiry specific to the Defendants' BLMIS accounts and accounts from which funds were transferred into Defendants' BLMIS accounts" (ECF No. 13838 ¶ 5(iii)); and "[t]he details of the operation of the accounts from Defendants' family members . . . including generation of portfolio management reports and other account documents" (ECF No. 13844 ¶ ii.c.).

[12] Each of the Notices submitted on behalf of Additional Customers also seeks testimony from Madoff regarding this topic.

Transcript of Deposition of Bernard L. Madoff, dated August 7, 2012, in *In re Optimal U.S. Litigation*, No. 10-cv-4095 (SAS) (S.D.N.Y. 2010).[13]  Although Ms. Chaitman was not counsel in the *Optimal* case and did not attend Madoff's deposition in that case, Ms. Chaitman admitted that she relied on the *Optimal* transcript in framing the Fox III complaint.  (*See Marshall v. Capital Growth Co., et al.*, Adv. Pro. No. 15-01293 (SMB), ECF No. 1 ¶ 27, ECF No. 1-1 at 2.)  Without an appropriate limitation, Ms. Chaitman may attempt to question Madoff at a second deposition regarding his *Optimal* testimony in an attempt to elicit additional "facts" concerning Picower to use in framing a new complaint against the Picower Parties.  This would violate numerous court orders denying Ms. Chaitman pre-action discovery concerning the Picower Parties.  (*See* n.8, *supra*.)

Third, Paragraph 6 of the Proposed Order seeks testimony concerning "[q]uestions specific to each Defendant's relationship with Madoff."  (Proposed Order ¶ 6.)  No questions should be permitted as to Picower's or the Picower Parties' relationship with Madoff.  Again, all claims by or against the Picower Parties already have been settled, and there is no pending lawsuit by or against the Picower Parties that allows Ms. Chaitman to conduct Rule 26 discovery concerning the Picower Parties.

Fourth, Paragraph 7 of the Proposed Order seeks testimony concerning "[a]ny topics incidental to" the other topics listed in the Proposed Order.  (Proposed Order ¶ 7.)[14]  This catch-all category potentially could open the door to questions and testimony on all of the topics prohibited by a scope and use limiting order.

---

[13] *See also United States v. Madoff*, No. 09-CR-213 (DC), ECF No. 75 (transcript of March 12, 2009 plea hearing).

[14] One of the Notices submitted on behalf of Additional Customers also lists this catchall topic.  (*See* ECF No. 13844 ¶ ii.e. ("Any topics incidental to the above.").)

Indeed, topics "incidental to" those listed in the Proposed Order would likely include, unless appropriate restrictions are in place, the very topics on which the Fox Plaintiffs previously sought to depose Madoff in connection with the Fox Plaintiffs' improper and unsuccessful Rule 27 Petition.  *See Marshall v. Madoff*, No. 15-mc-0056 (JGK), 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015) (finding that Fox Plaintiffs brought Rule 27 Petition "for an improper purpose – namely to seek discovery to frame their third amended complaint" against the Picower Parties).  Pursuant to Rule 27(a) of the Federal Rules of Civil Procedure, the Fox Plaintiffs previously sought to depose Madoff regarding, *inter alia*, (1) "the history of Madoff's financial dealings with Picower"; (2) "detailed facts of Picower's knowledge of and participation in Madoff's fraud"; (3) "the increasing financial demands that Picower made of Madoff"; and (4) "Picower's dealings with other Madoff customers."  (*In re Marshall*, Case No. 15-mc-00001-LPS (D. Del.), ECF No. 1 at 5-6.)  All of those requests properly were denied. *Marshall*, 2015 WL 2183939, at *3 (Koeltl, J.).

Here, too, the Picower Parties maintain that the restrictions on questions related to Picower and the Picower Parties also should apply to this proposed category of questions, to prevent opening the door to prohibited pre-complaint discovery by Ms. Chaitman or other counsel.

## CONCLUSION

For the foregoing reasons, in the event the Court permits a second deposition of Madoff, the Picower Parties respectfully request that the Court issue an Order: (i) directing that Madoff must receive an instruction at the outset of the deposition that his answers may not include any testimony regarding Picower, the Picower Parties, their agents, or their accounts; (ii) prohibiting any inquiry at Madoff's deposition about Picower, the Picower Parties, their agents, or their accounts; (iii) striking any questions and any answers in Madoff's deposition transcript

concerning Picower, the Picower Parties, their agents, or their accounts; (iv) prohibiting the use

of Madoff's deposition testimony in any other proceeding, including in any proceeding that may

be brought against the Picower Parties or related parties; (v) designating the entire transcript of

Madoff's deposition confidential until compliance with the Order has been confirmed by the

Trustee, SIPC and the Picower Parties' counsel or, if necessary, until redactions are made to

improper questions or testimony about Picower, the Picower Parties, their agents, or their

accounts and a final, non-appealable order is entered concerning alleged or actual violations of

the Order; and (vi) directing that any violations of the Order will result in sanctions.[15]


Dated: New York, New York
      August 19, 2016

**SCHULTE ROTH & ZABEL LLP**

By:  /s/ Marcy R. Harris
     William D. Zabel
     Marcy Ressler Harris
     Michael Kwon
     Jennifer M. Opheim
     Mark D. Richardson
919 Third Avenue
New York, New York  10022
(212) 756-2000

*Attorneys for the Picower Parties*

---

[15] The Picower Parties reserve the right to submit a proposed order limiting the scope and use of a second Madoff deposition.  In the interest of efficiency, the Picower Parties will coordinate with the Trustee and/or other parties as necessary following the hearing scheduled for August 24, 2016.