

**Carole Neville**
Partner

carole.neville@dentons.com
D   +1 212 768 6889

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

August 22, 2016

**BY E-MAIL**

Honorable Judge Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:    Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities
       LLC v. Toby T. Hobish and LI Ram L.P. - Adv. Pro. No. 10-05236 (SMB)

Dear Judge Bernstein:

On behalf of Toby T Hobish and LI Ram L.P. (the "Defendants"), defendants in the above referenced adversary proceeding, consistent with Local rule 7007-1(a) and Chamber rules, we write to request a conference with the Court regarding broad ranging subpoenas issued by Irving Picard, as trustee for Bernard L. Madoff Investment Securities LLC to Citibank N.A. and J.P. Morgan Chase N.A. for all Defendants' bank records for the period from December 11, 2006 through December 31, 2009.  We have asked counsel to withdraw the subpoenas and are unable to resolve the dispute. We request a conference so that we may request leave to quash the attached Citibank subpoena.[1]

The underlying adversary proceeding brought by the Trustee against the Defendants involves two separate BLMIS accounts -- one was an individual retirement account ("IRA") held in trust for Mrs. Hobish and the other, the account of a limited partnership.  The Trustee seeks to recover $9,650 in two year withdrawals from the IRA account and $220,000 in two year withdrawals from the limited partnership account.

The subpoenas were served on the Banks before notice was properly given to counsel for the Defendants. On August 8, 2016, the Trustee apparently served the subpoenas on the Banks.  Counsel for the Defendants only learned about the subpoenas on August 19, 2016 while on a call from a frightened and confused Mrs. Hobish who received a letter from Citibank informing her that the Trustee was seeking her credit card records and by means of the objections to the scope and manner of production served on her by counsel for J.P. Morgan Chase.  The subpoenas were originally served on counsel sometime in April at the beginning of the discovery process along with voluminous written discovery requests, before the Trustee could ascertain whether there was any dispute with respect to the two year transfer dates and amounts.  At that time, the Trustee agreed to stay service of the subpoenas until a major issue with respect to the initial funding of IRA account was resolved or a stipulated agreement was reached. Without warning to the Defendants' counsel, the Trustee unilaterally changed the agreement and served the subpoenas on the banks.

---

[1] I was just informed that J.P. Morgan Chase has no documents responsive to the subpoena.



大成 Salans FMC SNR Denton McKenna Long
dentons.com

August 22, 2016
Page 2

The subpoenas request production of all monthly statements for the three year period even though there were only eight transfers for LI Ram and three transfers from the IRA account in the two year period from December 11, 2006 through December 11. 2008 when BLMIS operated.  The request also seeks "historical Account balance information" which seems to be unlimited in time.  The subpoenas request all deposit slips and records of incoming and outgoing wire transfers, whether or not those deposits were related to BLMIS.  Similarly, the Trustee wants copies of all checks, deposited and drawn, whether or not they have anything to do with BLMIS.  In addition, the Trustee requests account opening documents and credit files,  documents concerning predecessor accounts, documents reflecting transfers between accounts and any communications concerning the accounts.  It would be hard to devise a more invasive investigation of a person's financial affairs.  For both Defendants, the discovery is well beyond the scope of discovery that can be justified by the transactions at issue or the issues in the adversary proceeding.

Although there are disputes with respect to account transactions, there is no dispute with respect to the two year transfers although there are disputes regarding earlier transactions.  Nevertheless, the Trustee has refused to withdraw the subpoenas.

Sincerely,

Carole Neville

cc:     Jaysen A. Borja, Baker & Hostetler LLP *(via email)*
        Emil Kleinhaus, Wachtell, Lipton, Rosen & Katz LLP *(via email)*
        James W. Doggett, Cleary Gottlieb Steen & Hamilton LLP *(via email)*