# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | |
| Plaintiff, | |
| v. | |
| DEFENDANTS LISTED ON EXHIBIT A TO NOTICE OF MOTION | |
| Defendants. | |

### THE CHAITMAN DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR AN ORDER AUTHORIZING THE DEPOSITION OF BERNARD L. MADOFF

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for the Defendants Listed on Exhibit A to Notice of Motion*

{00022606 2 }

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD ................................................................................................................ 2

ARGUMENT .............................................................................................................................. 2

    I.    Questions relevant to the Ponzi Scheme presumption should not be limited in any way ............................................................................................... 2

    II.    Testimony should be permitted on the "Ponzi start date" ...................................... 3

    III.    Defendants should be entitled to take discovery to obtain information relating to their specific accounts ........................................................ 4

    IV.    The Court has already ruled that the Madoff deposition can be used in any case where discovery had not closed as of July 7, 2016 .............................. 4

    V.    The limitations sought by the Picower Parties contravene fundamental principles of the Federal Rules of Civil Procedure ............................ 5

    VI.    Chaitman LLP is willing and able to serve as lead counsel should the Court deem that appropriate ............................................................................ 5

CONCLUSION ........................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barella v. Vill. of Freeport*,
   296 F.R.D. 102 (E.D.N.Y. 2013) ................................................................................................2

*Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*,
   2014 WL 5525237 (S.D.N.Y. Oct. 27, 2014) .............................................................................3

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ...................................................................................................................2

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff
   Inv. Sec. LLC)*,
   654 F.3d 229 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 24 (2012) ..............................................3

**Other Authorities**

Fed. R. Civ. P. 1 ...............................................................................................................................5

Fed. R. Civ. P. 12(f) ........................................................................................................................3

Fed. R. Civ. P. 26 ............................................................................................................................3

Fed. R. Civ. P. 26(b)(1) ...................................................................................................................2

Fed. R. Civ. P. 26(b)(2) ...................................................................................................................2

Fed. R. Civ. P. 30(a)(2) ...................................................................................................................2

Fed. R. Civ. P. 30(a)(2)(B) .........................................................................................................1, 2

The Defendants listed on Exhibit A to the Notice of Motion (the "Defendants") respectfully submit this reply memorandum of law in further support of their motion for an order authorizing the deposition of Bernard L. Madoff pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) (the "Motion").

## PRELIMINARY STATEMENT

Madoff's deposition is necessary to develop key disputed factual issues in these cases. The Defendants have identified the following subject areas on which they believe Madoff has relevant and important testimony:

> A. the trading activities of the market making and proprietary trading units during the period prior to January 1, 1992;
>
> B. the trading activities for investment advisory customers prior to January 1, 1992;
>
> C. the number of employees, profitability, and revenue-generating activities of each unit in the period prior to January 1, 1992;
>
> D. the proportion and division of legitimate and illegitimate activities of Madoff's operations, including, *inter alia,* when Madoff began operating a "Ponzi" scheme;
>
> E. the record-keeping procedures of each unit of Madoff's operations; and
>
> F. questions specific to each Defendant's relationship with Madoff.

Other defendants have added other areas on which they are entitled to discovery.

The Trustee and the Picower Parties cannot dispute the fact that Madoff's deposition testimony is relevant, but they argue for certain limitations on the scope of the deposition. The Picower Parties' requested limitation on the deposition is unreasonable and, indeed, denies the defendants due process of law. The legitimate interests of the Picower Parties can be protected simply by providing that any testimony elicited cannot be used to frame a complaint against the Picower Parties. There is no basis to prohibit the defendants from developing evidence about

Picower if it goes to their defenses in this action. The Defendants have no intention of asking Madoff questions specifically about Picower but, if Madoff mentions Picower in the course of responding to questions about the facts supporting the Defendants' affirmative defenses, the Defendants should be entitled to explore that testimony.

The Trustee's concerns are addressed *infra.*

## LEGAL STANDARD

Leave of court is required to take the deposition of a deponent who is confined in prison. *See* Fed. R. Civ. P. 30(a)(2)(B). Upon motion, the court "*must* grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2) (emphasis added). Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "'Relevance,' in turn, is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

## ARGUMENT

I.  **Questions relevant to the Ponzi Scheme presumption should not be limited in any way**

Defendants have asserted as an affirmative defense that the Trustee's characterization of Madoff's operations as a Ponzi scheme is improper. In all of the cases, the complaints would be dismissed if the Trustee cannot rely on the "Ponzi scheme presumption," which is a judicially invented exception to the defenses provided by statute to clawback defendants. Madoff's deposition is necessary to factually develop the scope of Madoff's legitimate and illegitimate activities and to determine whether reliance on the Ponzi scheme presumption is warranted.

{00022606 2}                                2

Defendants have a right to take discovery to develop the factual record necessary to support their affirmative defenses. *See, e.g.*, *Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*, 2014 WL 5525237, at *3 (S.D.N.Y. Oct. 27, 2014) ("As long as the defense is in the case – and plaintiffs do not purport to seek relief under Fed. R. Civ. P. 12(f), which authorizes a motion to strike affirmative defenses – the defendant is entitled to seek relevant discovery in support of that defense."). We note that the Trustee has refused to respond to Defendants' discovery demands which seek information relevant to their defense that Madoff's operation was not, in whole, a Ponzi scheme (*see generally* Transcript of May 17, 2016 Hearing, July 7, 2016 Chaitman Cert. Ex. B). Thus, the deposition of Madoff is vitally important on this issue.

## II.   Testimony should be permitted on the "Ponzi start date"

If, as Madoff has asserted, the fraud began in 1992, then the Trustee is bound by the statement balances of each defendant through December 31, 1991. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 654 F.3d 229 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 24, 25 (2012) (the "*Net Equity Decision*"). Thus, the Ponzi start date is relevant to this litigation, and the factual bases for Madoff's assertion should be developed in a deposition.

The Trustee does not seriously dispute the relevance of the Ponzi start date. (*See* Trustee's Op. Br. at 7-8). The Trustee merely asserts that his expert has calculated that only three of the defendants' clawback exposure would be reduced if the Ponzi scheme is determined to have started in 1992, rather than the 1960s as the Trustee asserts. Defendants dispute this calculation but, even if the start date were only relevant to one defendant, the evidence is relevant and the defendant is entitled to the requested discovery. *See* Fed. R. Civ. P. 26.

{00022606 2}                                                      3

**III.    Defendants should be entitled to take discovery to obtain information relating to their specific accounts**

The Trustee misunderstands or mischaracterizes the Defendants' request to take deposition testimony from Madoff regarding the individual Defendants and their specific accounts. The Defendants are not seeking to inquire into their own state of mind to somehow render themselves bad-faith investors as the Trustee's tortured argument suggests (*see* Trustee's Op. Br. at 8-9), but are instead seeking to ascertain from Madoff whether he has any specific knowledge relevant to their specific accounts. Obviously, if Madoff has such knowledge, it is relevant to the Trustee's claims relating to those accounts.

**IV.    The Court has already ruled that the Madoff deposition can be used in any case where discovery had not closed as of July 7, 2016**

The Trustee argues – as the Court already ruled – that the request to depose Madoff should be denied "with respect to any adversary proceeding where fact discovery was closed as of July 7, 2016 – the date of the Chaitman Motion." (*See* Trustee's Op. Br. at 5). As of July 7, 2016, according to the Trustee, fact discovery was open in all but eight of defendants' cases. Defendants will, of course, abide by the Court's July 7, 2016 cut-off date and will not ask questions relating specifically to the eight cases in which discovery had closed prior to July 7, 2016. However, whether Madoff's testimony can be used at trial in any of the eight cases is surely an issue that should be determined at the time of trial.

The Trustee further argues that if Madoff's "deposition is granted . . . the Trustee should be permitted to take additional discovery to the extent necessary to rebut any statements made by Madoff in connection with the Requests." (Trustee's Op. Br. at 7). We would assume that the Court would permit all parties to take any discovery they deem appropriate, based upon Madoff's testimony. We know of no authority which would prohibit that.

{00022606 2 }    4

V.  **The limitations sought by the Picower Parties contravene fundamental principles of the Federal Rules of Civil Procedure**

The Picower Parties are concerned that Madoff's testimony concerning the nature, extent, and timing of the Ponzi scheme could implicate Picower. (*See* Picower Op. Br. at 5) ("In particular, *at least* four of the topics listed in the Chaitman Customers' Proposed Order in support of the Motion (and similar topics listed in the Additional Customers' Notices) could open the door to inquiry and/or testimony regarding Picower, the Picower Parties, their agents, or their accounts, absent appropriate limitations."). We assume the Picower Parties have a legitimate basis for that concern. However, the Federal Rules of Civil Procedure are designed to ascertain the truth. *See* Fed. R. Civ. P. 1. Defendants are entitled to discover the truth and the Picower Parties are not entitled to suppress the truth. Moreover, the Picower Parties' concern can be dealt with, as suggested, by the Court simply barring defendants from using any of Madoff's deposition testimony to frame an amended complaint against the Picower Parties.

VI. **Chaitman LLP is willing and able to serve as lead counsel should the Court deem that appropriate**

The Trustee suggests that lead counsel for all defendants should be appointed "to represent their collective interests at the deposition." (Trustee's Op. Br. at 9-10). Chaitman LLP is willing and able to serve as lead counsel. As of the time of filing of this brief, none of the defendants' counsel has objected to Chaitman LLP serving as lead counsel.

## CONCLUSION

Defendants' motion to depose Bernard L. Madoff should be granted. A limitation on **use** of the deposition transcript against the Picower Parties can be imposed by the Court without denying the Defendants their right under the Federal Rules of Civil Procedure to take discovery of all areas relevant to their defenses.

August 22, 2016

{00022606 2 }    5

**CHAITMAN LLP**

By: /s/ *Helen Davis Chaitman*
Helen Davis Chaitman
Gregory M. Dexter
465 Park Avenue
New York, New York 10022
Phone & Fax: (888)-759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for the Defendants listed on Exhibit A to Notice of Motion*