

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166-0005

TEL 212 • 309 • 1000
FAX 212 • 309 • 1100

ROBERT A. RICH
DIRECT DIAL: 212-309-1132
EMAIL: rrich2@hunton.com

August 22, 2016

FILE NO: 99997.032244

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    Pre-Motion Request Pursuant to L.R. 7007-1(b)
                <u>Picard v. Edward A. Zraick Jr., et al.</u> (Adv. Pro. No. 10-05257)

Dear Judge Bernstein:

This firm is counsel to Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, the "<u>Defendants</u>") in connection with the above-referenced adversary proceeding. We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b), in advance of Defendants' proposed motion (the "<u>Motion</u>") to extend the fact discovery deadline to a date three months following Defendants' proposed deposition of Bernard L. Madoff, or such other date as the Court deems appropriate to allow reasonable follow-up discovery.

The current fact discovery deadline is August 26, 2016. *See* Case Management Notice [ECF No. 46]. The discovery schedule may be extended "upon a showing of good cause." Avoidance Procedures at § 4.F [Adv. Pro. 08-01789, ECF No. 3141]; *see also* Fed. R. Civ. P. 16(b)(4) (incorporated by Fed. R. Bankr. P. 7016).

Good cause exists to extend fact discovery to allow Defendants reasonable time to conduct any necessary follow-up discovery following the deposition of Bernard L. Madoff, should the Court grant Defendants' request [ECF Nos. 53, 59] (the "<u>Request</u>") for leave to conduct such a deposition. Defendants made the Request on July 11, 2016, forty-six (46) days prior to the current fact discovery deadline. The Request was consolidated with similar requests for leave to depose Mr. Madoff and scheduled for hearing on August 24, 2016. Even if briefing had not been consolidated, coordinating the deposition of Mr. Madoff, an incarcerated deponent, presents the unique and time-consuming logistical challenge of coordinating with the Federal Bureau of Prisons and with the numerous parties that have expressed an interest in participating.



Honorable Stuart M. Bernstein
August 22, 2016
Page 2

This is Defendants' first request to extend the fact discovery deadline. The next discovery deadline, disclosure of case-in-chief experts, is not until November 16, 2016, leaving significant room to extend fact discovery without drastically changing the current timeline.

Plaintiff contends that Defendants should have sought a deposition of Mr. Madoff earlier.[1] However, Defendants request to depose Mr. Madoff followed months of diligent review of thousands of pages of BLMIS account statements and other records produced in discovery, which review has raised issues warranting the deposition. At the same time, Defendants have been litigating, before the Second Circuit Court of Appeals, issues concerning the treatment of inter-account transfers into their customer accounts. *See In re Bernard L. Madoff Inv. Sec. LLC*, Case No. 16-413 (2d Cir 2016). This matter concerns a maximum of $285,000 in alleged fraudulent transfer liability. While Plaintiff apparently has the will and resources to litigate simultaneously on multiple fronts while attempting to hold Defendants to the initial discovery schedule, Defendants request some latitude from Court as they defend this action in a reasonable and diligent manner.

The undersigned has conferred with counsel for the Plaintiff in a good faith effort to obtain Plaintiff's consent to the Motion. However, Plaintiff's counsel objects to any extension of fact discovery.

Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), Defendants respectfully request a conference with the Court in advance of filing the Motion.

                                              Respectfully submitted,

                                              Robert A. Rich

cc: Maximillian S. Shifrin, Esq. (BakerHostetler)
    (via ECF and Electronic Mail)

---

[1] Despite this contention, Plaintiff argued to *preclude* deposition testimony on similar issues at the time of Mr. Madoff's previous deposition. *See* Trustee Objection [Adv Pro 08-01789, ECF No. 12892] ("If the deposition is authorized, its scope should be strictly limited to profit withdrawal issues"); *see also* 4/23/16 Transcript [Adv Pro 08-01789, ECF No. 12986] at p.77.