# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Tatiana Markel
direct dial: 212.589.4615
tmarkel@bakerlaw.com

August 24, 2016

**VIA ECF**

Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Order for Relief from Stay, Adv. Pro. No. 08-01789, ECF No. 13848*

Dear Judge Bernstein:

We represent Irving Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa-*lll*, and the substantively consolidated estate of Bernard L. Madoff.

On July 21, 2016, Mr. Lamar Ellis filed a document entitled Order for Relief from Stay, ECF No. 13848 (attached hereto as Exhibit A). Though it is unclear from the document what specific relief Mr. Ellis seeks, or the basis for such relief, the Court need to not reach those questions in order to deny Mr. Ellis's request.

Mr. Ellis filed two claims against the BLMIS estate—008118 and 070192 on March 24, 2009 and July 30, 2009, respectively. The Trustee denied the claims on December 8, 2009 and November 4, 2010, respectively, on the basis that Mr. Ellis did not have an account with BLMIS and therefore was not a "customer" of BLMIS as that term is defined at 15 U.S.C. § 78*lll*(2). Mr. Ellis filed three objections to the Trustee's denial of his claims on December 22, 2009, September 17, 2010 and November 29, 2010, ECF Nos. 1112, 2998 and 3249.

The Bankruptcy Court expunged both of Mr. Ellis's claims, and overruled his objections by an order entered on April 19, 2012, ECF No. 4779 (attached hereto as Exhibit B).

August 24, 2016
Page 2

On July 9, 2014, Mr. Ellis sent a letter to the Court and to the Trustee requesting that the Trustee's denial of his claims be reversed. ECF No. 7284. He also requested that the Court and the Trustee review data he provided to the DOJ in connection with the Madoff Victim Fund to advise him of his rights. On July 14, 2014, the Trustee responded to Mr. Ellis's letter, ECF No. 7359, explaining that (i) Mr. Ellis did not have an account or any other relationship with BLMIS and therefore was not a "customer" of BLMIS under SIPA; (ii) there is no further action for the Trustee to take with respect to Mr. Ellis's claims since the Bankruptcy Court expunged Mr. Ellis's claims; and (iii) neither the Trustee nor the Bankruptcy Court is involved in the administration of the Madoff Victim Fund. Two more letters were written (ECF Nos. 7498, 7510), and on August 6, 2014, this Court held a hearing on the matter. At the hearing, Mr. Ellis, appearing by telephone, admitted that he confused the Trustee's liquidation of the BLMIS estate with Mr. Richard C. Breeden's Madoff Victim Fund. Mr. Ellis agreed to pursue whatever claims he had against the Madoff Victim Fund. Transcript of August 6, 2014 Hearing at 66-67, ECF No. 7861 (attached hereto as Exhibit C).

A review of Mr. Ellis's latest filing in the form of the Order for Relief from Stay demonstrates that Mr. Ellis may have again confused the BLMIS estate with the Madoff Victim Fund. The filing does reference the "Special Master of Madoff Victim Fund," but it is difficult to understand anything else included with Mr. Ellis's papers.

In light of the above, the Trustee requests that the Court close this matter, or, if the Court were to treat the Order for Relief from Stay as a motion, deny the motion.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

Tatiana Markel

cc: Mr. Lamar Ellis

300418195.1