# EXHIBIT A

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants Trust U/ART Fourth O/W/O Israel Wilenitz, Evelyn Berezin Wilenitz, individually, and as Trustee and Beneficiary of the Trust U/ART Fourth O/W/O Israel Wilenitz, and Sara Seims, as Trustee of the Trust U/ART Fourth O/W/O Israel Wilenitz*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04995 (SMB) |
| Plaintiff, | |
| v. | |
| TRUST U/ART FOURTH O/W/O ISRAEL WILENITZ, EVELYN BEREZIN WILENITZ, individually, and as Trustee and Beneficiary of the Trust U/ART Fourth O/W/O Israel Wilenitz, and | |

{00018987 1 }

| |
|---|
| SARA SEIMS, as Trustee of the Trust U/ART Fourth O/W/O Israel Wilenitz, |
| Defendants. |

**DEFENDANTS' FIRST SET OF DOCUMENT DEMANDS AND
INTERROGATORIES TO THE TRUSTEEE**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 7033 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Civil Rules of the United States District Court for the Southern District of New York and of this Court (the "Local Rules"), the Defendants request that the Trustee respond to the interrogatories and produce the documents set forth herein (the "Requests") to the offices of Chaitman LLP, 465 Park Avenue, New York, New York 10022, within 30 days of the date set forth below.

**DEFINITIONS AND INSTRUCTIONS**

1. The rules of construction and definitions in Local Rule 26.3, as adopted by Rule 7026-1 of the Local Bankruptcy Rules, are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3 are capitalized herein.

2. "Accounts" shall mean the accounts held at BLMIS by Defendants.

3. "Account Holders" shall mean the Defendants.

4. "BLMIS" means Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff and all related entities, including all representatives, agents, employees, attorneys and/or persons acting or purporting to act on their behalf.

5. "Defendant" shall mean Defendant and all affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on her behalf.

{00018987 1}   2

6. "Trustee" or "You" shall mean Irving H. Picard, trustee for the liquidation of the business of BLMIS under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), as well as any of the Trustee's agents, accountants, attorneys, employees, servants, assigns, or any individual or entity acting or purporting to act on the Trustee's behalf.

7. "Communications" shall be given its broadest possible meaning, and includes, without limitation, Documents containing or constituting the transmission or receipt of information by or between or among one or more persons or entities, and without limiting the generality of the foregoing, includes all Documents constituting inquiries, discussions, conversations, letters, correspondence, e-mails, notes, faxes, written memoranda, and phone messages.

8. "Document" is used in its broadest sense and means any attempts to record or transmit information or knowledge and includes the original and all drafts of a writing, which includes, without limitation, all written, recorded, digital, graphic or photographic matter, including electronically stored information ("ESI"), however produced, reproduced or stored, of every kind and description including any agenda, supplements, amendments, revisions, exhibits or appendices thereto, and includes, without limiting the generality of the foregoing, originals (or copies where originals are not available) and drafts of the following: all papers, emails, letters, notes, memoranda, pamphlets, correspondence, telegrams, cables, photographs, microfilm, prints, recordings, transcriptions, blueprints, drawings, books, accounts, objects, notes, electronic or magnetic recordings or sound recordings of any type of personal or telephone conversations or meetings or conferences, minutes of directors or committee meetings, other minutes, reports, studies, written forecasts, projects, analyses, contracts, licenses, agreements, ledgers, journals, books of account, vouchers, bank checks, invoices, charge slips, expense account reports, hotel charges, receipts, freight bills, working papers, drafts, statistical records, cost sheets, abstracts of

bids, stenographers' notebooks, calendars, appointment books, telephone slips, wire transfer slips and logs, diaries, time sheets or logs, job or transaction files, computer printouts or papers similar to any of the foregoing, however denominated by you.

9. In producing documents, indicate the paragraph and subparagraph (where applicable) of the Document Request(s) to which a produced document is responsive.

10. To the extent not clarified above, these Requests specifically include documents in electronic form, including emails and other Electronically Stored Information ("ESI") which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, backup tapes, or other storage media. ESI should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material intelligible.

11. "Related to" and "relating to" or any variation thereof shall be construed to include refer to, summarize, reflect, constitute, contain, embody, mention, show, comprise, evidence, discuss, describe, comment upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, identifying, or proving.

12. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes this request more inclusive.

13. The singular number and masculine gender used within this document embraces and shall be read and applied as the plural or the feminine or neuter as circumstances make it appropriate.

15. If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

a. If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

16. In the event You object to the production of any document responsive to this request, as privileged or confidential, please state:

a. the name of each author, writer, sender or initiator of the document, if any;

b. the name of each recipient, addressee, or party for whom the document was intended or received, if any;

c. the date of the document, if any, or an estimate thereof and so indicated as an estimate if no date appears on the document;

d. a description of the general nature of the document and a description of the general subject matter as described in the document, or if no description appears, then sufficient other description to identify the document for a subpoena duces tecum, including the number of pages and attachments;

e. the specific privilege or objection that you contend applies to the document (e.g., attorney-client privilege).

## **REQUESTS**

1. List the name and address of every former BLMIS employee with whom you spoke about the meaning of entries on the customer statements and state the substance of what you

{00018987 1}    5

questioned each person about and what that person told you. Produce all documents you reviewed with each such employee and all documents indicating what each person said.

**ANSWER:**


2.  With respect to Madoff's and BLMIS' books and records, list every single factual error you found in those books and records including, without limitation, inconsistencies between the deposits and withdrawals shown on the customer statements and the cancelled checks and copies of cancelled checks in the Trustee's possession.

**ANSWER:**


3.  List every single factual error asserted by any Madoff or BLMIS customer in their statements and produce all documents relating to such error.

**ANSWER:**


4.  List every single "PW" entry on a customer statement where there is no documentary evidence that the customer requested to receive profit withdrawals and produce all documents relating thereto.

**ANSWER:**


5.  If you contend that Madoff's and BLMIS' customer statements were not "riddled with fraud" with respect to the deposits and withdrawals, produce all reports and documents on which you base that conclusion.

**ANSWER:**

6. As of the date you respond to these interrogatories, list every customer whose allowed claim has not been paid in full and state the amount of that customer's allowed claim and the amount that customer has received to date. Produce all documents from which you derived your answer. If you take the position that you cannot reveal the names of the account holders, list the accounts by account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family investment fund; (d) an IRA account; or some other category.

**ANSWER:**


7. With respect to your most recent distribution to allowed claimants, how much did you distribute in total and how much did you distribute to each allowed claimant. Produce all documents evidencing the distribution schedule including a list of the amount paid to each claimant, showing the name of each claimant. If you take the position that you cannot reveal the names of the account holders, list the accounts by account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family investment fund; (d) an IRA account; or some other category.

**ANSWER:**


List the name of every customer who sold an allowed claim to a claims purchaser, the amount paid to the customer by the claims purchaser, the allowed amount of the claim, and the date of the purchase. Produce all documents from which you derived your answer.

**ANSWER:**

{00018987 1 }                                    7

8.      List every claims purchaser to whom you have made payment and state the amount, to date, that you have paid each claims purchaser.

**ANSWER:**


9.      Provide a list of every allowed claim with the amount of the allowed claim.  If you take the position that you cannot reveal the names of the account holders, list the accounts by account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family investment fund; (d) an IRA account; or some other category.

**ANSWER:**


10.     State the precise fee arrangement you have had with Baker & Hostetler LLP from inception of your appointment as Trustee.  Produce the document which sets forth that compensation arrangement.

**ANSWER:**


11.     State the precise amount you have received in compensation since joining Baker & Hostetler LLP in December 2008 through the date you respond to these interrogatories.  Produce all documents from which you derived your answers.

**ANSWER:**


12.     In the event that any other attorney at Baker & Hostetler LLP receives a percentage of the gross fee revenues relating to this proceeding other than you, state the name or names of

{00018987 1 }                                                8

such persons and the precise fee arrangement each of them has with Baker & Hostetler LLP. Produce all documents from which you derived your answers.

**ANSWER:**


13. List the name, address and phone number of every BLMIS employee who worked in the market-making business and in the proprietary trading business as of January 1, 2008 and explain his/her function and compensation.

**ANSWER:**


14. Explain the basis on which you determined that the Defendants have no net equity and produce the front and back of each deposit into and withdrawal from the Account and from any account which transferred funds into the Defendants' account.

**ANSWER:**


15. Explain how you intend to establish that Madoff was insolvent in each year from 1960 – 2000 and produce all documents on which you will rely to establish insolvency for each of those years.

**ANSWER:**


16. Provide the gross trading volume by both number of shares traded and total dollar volume for each year of Madoff's operation, broken down by (a) investment advisory business; (b) proprietary trading business; and (c) market making business. Produce the documents on which you base your responses.

{00018987 1}                                                9

**ANSWER:**


17.     Provide the number of employees who worked in each of the trading areas set forth in interrogatory # 17 for each year of Madoff's operations and produce the documents on which you base your responses.

**ANSWER:**


18.     For each security listed on the Defendants' account statements for each year from 1982 on, set forth the number of shares of the listed companies' stock that BLMIS held at that time; and, if the stock was specified as belonging to a particular customer, specify the customer and the number of shares shown on BLMIS' records as being owned by that customer. Produce the documents on which you base your responses.

**ANSWER:**

Dated: March 8, 2016	**CHAITMAN LLP**

By <u>/s/ Helen Davis Chaitman</u>

465 Park Avenue
New York, NY 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants Trust U/ART Fourth O/W/O Israel Wilenitz, Evelyn Berezin Wilenitz, individually, and as Trustee and Beneficiary of the Trust U/ART Fourth O/W/O Israel Wilenitz, and Sara Seims, as Trustee of the Trust U/ART Fourth O/W/O Israel Wilenitz*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served on March 8, 2016, by electronic mail and UPS mail upon the following:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
George Klidonas
Email: gklidonas@bakerlaw.com
Anat Maytal
Email: amaytal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

                                                **CHAITMAN LLP**

                                                By: /s/ *Helen Davis Chaitman*

                                                465 Park Avenue
                                                New York, New York 10022
                                                Phone & Fax: 888-759-1114
                                                hchaitman@chaitmanllp.com

                                        *Attorneys for Defendants Trust U/ART Fourth O/W/O Israel Wilenitz, Evelyn Berezin Wilenitz, individually, and as Trustee and Beneficiary of the Trust U/ART Fourth O/W/O Israel Wilenitz, and Sara Seims, as Trustee of the Trust U/ART Fourth O/W/O Israel Wilenitz*