# EXHIBIT B

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

May 4, 2016

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:     *Picard v. Laura Ann Smith Revocable Living Tr.*, Adv. Pro. No. 10-05184 (SMB)
         *Picard v. RAR Entrepreneurial Fund, Ltd.*, Adv. Pro. No. 10-04352 (SMB)
         *Picard v. Wilenitz et al.*, Adv. Pro. No. 10-04995 (SMB)

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write in response to Mr. Dexter's May 2, 2016 letter on behalf of Defendants in the above-referenced actions,[1] and in further support of our April 6, 2016 letter in *Picard v. Wilenitz* [ECF No. 63] seeking permission to file a motion for a protective order on certain discovery served by Defendants.

## I.       The Trustee's Request for Leave to File a Motion for a Protective Order in *Wilenitz*

    In *Wilenitz,* the discovery served by Defendants is outside the scope of Federal Rule of Civil Procedure 26 and, in some instances, was clearly served for the improper purpose of harassment.  *See* Exhibit A, the Trustee's written responses and objections, and in particular, Nos. 10-12.

---

[1] The Trustee is represented by Windels Marx Lane & Mittendorf in connection with *Picard v. Roger Rechler Revocable Trust,* Adv. Pro. No. 10-04474 (SMB) and *Picard v. Reckson Generation et al.*, Adv. Pro. No. 10-05135 (SMB).  It is our understanding that a response to Mr. Dexter's May 2, 2016 letter will be filed separately in those matters.

Atlanta     Chicago     Cincinnati     Cleveland     Columbus     Costa Mesa     Denver
Houston     Los Angeles     New York     Orlando     Philadelphia     Seattle     Washington, DC

May 4, 2016
Page 2

        In this litigation, the Trustee has already produced virtually all possible relevant discovery to the Defendant that is non-objectionable.  This includes approximately 1,900 records concerning the alleged transfers and an additional approximately four million records provided in a searchable electronic data room ("E-Data Room 1") that are relevant to BLMIS's fraud and insolvency.  Given the nature of the strict liability transfer avoidance claims asserted by the Trustee in this case, issues of relevancy ought to be very straightforward.

        Nonetheless, the requests at issue are overwhelmingly focused on several purported "affirmative defenses" regarding the Trustee's standing and due process that this Court explicitly rejected in its omnibus decision on the motions to dismiss, in which this Defendant participated.  *See* Mem. Dec. Regarding Omnibus Motions to Dismiss, as entered in *Picard v. Wilenitz, et al.*, Adv. Pro. No. 10-04995 (SMB), [ECF No. 36].  Even putting these concerns aside, these requests are facially objectionable on other grounds and most have no possible relevance to the *Wilenitz* case.  *See* Ex. A.

        Most egregiously, the Defendant continues to pursue discovery that this Court specifically prohibited in three cases—information concerning the Trustee's compensation from his firm.[2]  Given the clear and unambiguous prior orders of this Court and additional courts in which defense counsel has pressed this same issue, there can be no possible good faith basis on which it has again been asserted here.  Accordingly, the Trustee respectfully asserts he will be entitled to sanctions under 28 U.S.C. § 1927 and/or the Court's inherent powers in connection with having to re-litigate these same issues.  *See, e.g., Siderpali, S.P.A. v. Judal Industries, Inc.*, 833 F. Supp. 1023 (S.D.N.Y. 1993) (same, and noting that "court is empowered to hold an attorney who multiplies the proceedings in any case unreasonably and vexatiously personally liable for excess costs, expenses, and attorney's fees incurred as a result of his or her improper conduct.") (internal quotations omitted); *cf. Keller v. Mobil Corp.*, 55 F.3d 94, 99 (2d Cir. 1995) (discussing standard for sanctions under 28 U.S.C. § 1927, and noting that "resubmitting a motion that had previously been denied" justifies sanctions).

        As such, the Trustee respectfully requests permission to move this Court for a protective order on these requests.

## II.    Subpoenas for Bank Records in *RAR* and *Laura Ann Smith* Cases

        Chaitman LLP is again burdening the Court with the same objections to bank subpoenas that counsel raised on behalf of different defendants—and this Court squarely rejected—at the March 23, 2016 conference.  *See, e.g., Picard v. Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB) [ECF No. 91].  Chaitman LLP is needlessly and improperly multiplying and duplicating

---

[2] Undeterred, and notwithstanding Judge Daniels' recent rejection of Ms. Chaitman's motion for leave to appeal this Court's rejection of an affirmative defense raising due process rights, for which the discovery concerning the Trustee's compensation was originally sought, Ms. Chaitman has nonetheless again sought leave to appeal the exact same issue, this time under the guise of seeking leave to appeal this Court's March 18, 2016 Order granting a protective order over this specific discovery.  *Picard v. Dusek*, Adv. Pro. No. 10-04644 (SMB) [ECF No. 50], *Picard v. Nelson*, Adv. Pro. No. 10-04658 (SMB) [ECF No. 51]; *Picard v. Nelson, et al.*, Adv. Pro. No. 10-04377 (SMB) [ECF No. 49].  That motion was assigned to Judge Pauley and is set for oral argument on May 12, 2016.

May 4, 2016
Page 3

litigation by seeking to re-litigate the exact same issues again.  In fact, Chaitman LLP has already burdened this Court with multiple motions on these exact same issues in prior cases, including motions to quash, motions to dismiss, and motions for temporary and permanent injunctions, all of which were rejected by this Court.  *See id.*  There are no different circumstances present in the instant cases that would enable the Defendants to argue in good faith that any different conclusion should be reached here.

Further, we are not aware of any applicable rule requiring the Trustee to hold the subpoenas in abeyance pending the resolution of a party objection.  In fact, the Court explicitly stated in those cases that:  "the banks were required to comply with the subpoenas, to which they did not object on their own account absent a protective order."  *See Saren-Lawrence*, March 23, 2016 Hearing Tr. 54:10-16 [ECF No. 91].  While we defer to any further instruction from the Court, we believe that any stay of the subpoenas would be particularly inappropriate under the circumstances here and particularly given the ongoing destruction of relevant bank records due to the passage of time.

Therefore, the Trustee respectfully requests that the Court deny all relief requested in Mr. Dexter's May 2, 2016 letter and instead, permit the Trustee to file a motion for a protective order in *Wilenitz* for the reasons described above and in the Trustee's April 6, 2016 letter.  The Trustee is available for a conference if the Court deems it appropriate under the circumstances and in light of the Court's March 23, 2016 ruling.


Respectfully submitted,

  */s/ Edward J Jacobs*
Edward J. Jacobs

Enclosure

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
     Gregory M. Dexter (gdexter@chaitmanllp.com)
     Chaitman, LLP
     465 Park Avenue
     New York, New York 10022

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendants. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04995 (SMB) |
| Plaintiff, | |
| v. | |
| TRUST U/ART FOURTH O/W/O ISRAEL WILENITZ, EVELYN BEREZIN WILENITZ, individually, and as Trustee and Beneficiary of the Trust U/ART Fourth O/W/O Israel Wilenitz, and SARA SEIMS, as Trustee of the Trust U/ART Fourth O/W/O Israel Wilenitz, | |
| Defendants. | |

## TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO DEFENDANTS' DOCUMENT DEMANDS AND INTERROGATORIES

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C.

§§ 78aaa-*lll* ("SIPA"), and the estate of Bernard L. Madoff by and through the Trustee's

counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to the

First Set of Interrogatories ("Interrogatory" or "Interrogatories") served by Defendants Trust

U/ART Fourth O/W/O Israel Wilenitz, Evelyn Berezin Wilenitz, individually, and as Trustee and

Beneficiary of the Trust U/ART Fourth O/W/O Israel Wilenitz, and Sara Seims, as Trustee of the

Trust U/ART Fourth O/W/O Israel Wilenitz (collectively, the "Defendants") on March 8, 2016.

## OBJECTION TO DEFINITIONS

1.    The Trustee objects to the term "Identify" (with respect to persons) in

Definition 1(c) as inconsistent with Local Rule 26.3(c)(3) of the United States District Court for

the Southern District of New York and this Court, insofar as it purports to require the Trustee to

identify "the relationship between such person and (i) the Responding Party, (ii) Madoff, and/or

(iii) BLMIS." The Trustee will respond to Interrogatories containing "Identify" (with respect to

persons) as it is defined by Local Rule 26.3(c)(3).

2.    The Trustee objects to the term "Identify" (with respect to documents) in

Definition 1(d) as inconsistent with Local Rule 26.3(c)(4) of the United States District Court for

the Southern District of New York and this Court, insofar as it purports to require the Trustee to

identify the "Bates-Stamp Number if said document has previously been produced or filed in E-

Data Room." The Trustee will respond to Interrogatories containing "Identify" (with respect to

documents) as it is defined by Local Rule 26.3(c)(4).

2

3.      The Trustee objects to the term "Identify" in Definitions 7 and 8 as inconsistent with Local Rules 26.3(c)(3)-(4) of the United States District Court for the Southern District of New York and this Court.  The Trustee will respond to Interrogatories containing "Identify" as it is defined by Local Rules 26.3(c)(3)-(4).

## OBJECTION TO INSTRUCTIONS

1.      The Trustee will respond to these Document Demands and Interrogatories consistent with Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Rules 7026, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of the Court, including the Court's June 6, 2011 Litigation Protective Order [ECF No. 4137] and October 17, 2013 Order on the Third-Party Data Rooms [ECF No. 5475] (the "Third-Party Data Room Order").

## SOURCES OF INFORMATION RELEVANT TO THE CLAIMS OR DEFENSES IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL

1.      Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents").

2.      Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI").

3.      Documents produced by third parties to the Trustee during his investigation or adversary proceedings ("Third-Party Documents").

3

## I.   BLMIS DOCUMENTS

From the Hard-Copy BLMIS Documents and BLMIS ESI (collectively, "BLMIS

Documents"), the Trustee created a searchable electronic database containing approximately 4.7

million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents ("the

**BLMIS Searchable Database**").   Defendants do not have direct access to the BLMIS

Searchable Database because it contains documents relating to thousands of customers, many of

which are not relevant to this proceeding.   Instead, the Trustee provides all Defendants in these

proceedings with documents as described below:

**A.**      **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1

from documents in the BLMIS Searchable Database as well as some Third-Party Documents.   E-

Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its

insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and

financial records.   *See* **Appendix A** for a description of documents available to Defendants in E-

Data Room 1.

**B.**      **BLMIS Core Account Documents**: The Trustee identified and segregated

BLMIS core account documents for all customers ("Core Account Documents").   These Core

Account Documents include account opening agreements, correspondence to and from BLMIS,

transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio

Management Transaction Reports, which contain transaction history, and other documents that

were specific to each account, and/or the Trustee's calculation of net equity of a particular

BLMIS account.   Collectively, the Core Account Documents and the Bank Transfer Documents

represent the documents produced to the Defendants by the Trustee with his initial disclosures

4

(the "Initial Disclosure Documents"), on April 1, 2016. *See* **Appendix B** for a summary of the Core Account Documents produced. The Core Account Documents produced are for Defendants' accounts, 1CM806 and 1CM837, and the accounts affecting the principal balance calculation of Defendants' accounts, 1CM000, 1CM007, 1CM188, and 1CM807.

C.    **Proof of Transfers:** In addition to the Core Account Documents relevant to transfers described above, the Trustee identified and segregated BLMIS bank account records that reflect transfers to customers. Collectively, the Core Account Documents and the Bank Transfer Documents represent the documents produced to the Defendants by the Trustee with his initial disclosures (the "Initial Disclosure Documents"), on April 1, 2016. *See* **Appendix C** for a summary of the Bank Transfer Documents produced.

D.    **Other Documents:** The Trustee preserved the nearly 20,000 pieces of BLMIS ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not include all such documents in the BLMIS Searchable Database. The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy disks or CDs, and broken media. In responding to discovery requests, the Trustee does not search for BLMIS documents outside of the BLMIS Searchable Database. The Trustee will produce additional BLMIS Documents (meaning other than those described in Paragraphs A and B) from the BLMIS Searchable Database provided that the parties agree to narrowly tailored case-specific search terms and parameters that target documents relevant to the claims or defenses and

300386910.3

proportional to the needs of the case in accordance with Federal Rule 26(b)(1). *See* **Appendix D**
for a description of sources of documents in the BLMIS Searchable Database.[1]

## II.    THE SQL DATABASES

Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain

Third-Party Documents was processed and input into multiple Microsoft Structured Query

Language ("SQL") Server tables and databases (the "SQL Databases").  To the extent feasible,

the underlying documents used to build the SQL Databases are contained in E-Data Room 1.

Some or all of the data in the SQL Databases is responsive to most of the Interrogatories.  SQL

Databases are used by the Trustee's experts and are available for production to any Defendants

upon request.  Use of the SQL Databases requires some technical expertise. *See* **Appendix E** for

the sources of data loaded into the SQL Databases.

### THE TRUSTEE'S OBJECTIONS

1.    **Materials Prepared Post-December 11, 2008:** The Trustee will not

produce or log Documents prepared by and/or received by him, his counsel, his professionals

and/or other agents from on or after December 11, 2008 that are not relevant and/or are protected

by the attorney work product doctrine, the attorney-client privilege, and/or any other applicable

privileges or protections ("Materials Prepared Post-December 11, 2008").

2.    **Redundant, Cumulative, and Marginally Relevant Documents:** The

BLMIS Searchable Database may contain documents that are responsive to the Interrogatories

---

[1] Certain defendants with proper credentials have direct access to millions of Third-Party Documents in the
Trustee's possession.  These documents are governed by the Third-Party Data Room Order. Per that Order, the
Third-Party Data Rooms are not available to Defendants in this proceeding.

6

300386910.3

but which are redundant, cumulative, or marginally relevant (for example, the Defendants'
names or account numbers appear on a list of customer names or account numbers and there is
no other unique information).  The Trustee objects to the production of these Documents to the
extent that such production is not proportionate to the needs of the case under Federal Rule
26(b)(1) ("Redundant, Cumulative, and Marginally Relevant Documents").

      3.    **Information Outside the Scope of Relevance:** The Trustee objects to the
disclosure of any information or identification of any Documents outside the scope of relevance
articulated in Federal Rule 26 and Section 4(G) of the Litigation Procedures Order ("Information
Outside the Scope of Relevance").

## RESPONSES TO DOCUMENT DEMANDS AND INTERROGATORIES

### REQUEST NO. 1:

    List the name and address of every former BLMIS employee with whom you spoke about
the meaning of entries on the customer statements and state the substance of what you
questioned each person about and what that person told you. Produce all documents you
reviewed with each such employee and all documents indicating what each person said.

### RESPONSE:

    The Trustee objects to this Interrogatory and Document Request because it calls for
Materials Prepared Post-December 11, 2008.  The Trustee further objects that it seeks
Information Outside the Scope of Relevance because it calls for documents that relate to
customers other than the *Wilenitz* Defendants, and such documents are not relevant to the claims
or defenses or proportional to the needs of the *Wilenitz* case.  For these reasons, the Trustee will

7

not respond to this Interrogatory and Document Request.

**REQUEST NO. 2:**

With respect to Madoff's and BLMIS' books and records, list every single factual error you found in those books and records including, without limitation, inconsistencies between the deposits and withdrawals shown on the customer statements and the cancelled checks and copies of cancelled checks in the Trustee's possession.

**RESPONSE:**

The Trustee objects to this Interrogatory on the grounds that BLMIS' "books and records" and "errors" is vague because the Interrogatory does not specify which books and records and what kind of "errors." The Trustee further objects that it seeks Information Outside the Scope of Relevance because it calls for documents that relate to customers other than the *Wilenitz* Defendants, and such documents are not relevant to the claims or defenses or proportional to the needs of the *Wilenitz* case. Notwithstanding that information about other BLMIS customers is not relevant to the *Wilenitz* case, the Trustee responds that customer statements and canceled checks are in E-Data Room 1. The Trustee states pursuant to Federal Rule 33(d)(1) that Defendants may determine the response to this request by comparing the customer statements with the checks and that the burden of ascertaining the information is substantially the same for either party.

With respect to the cash activity and principal transactions that affect the principal balance calculation (or net equity) in the *Wilenitz* accounts, the Trustee has not identified any errors. The documents that the Trustee produces that reflect these transactions are in the Initial Disclosure Documents. Further, nothing in the Initial Disclosure Documents indicates that the

8

*Wilenitz* Defendants ever brought any errors to the attention of BLMIS;  nor have they pointed

out any errors to the Trustee or set forth a specific, good-faith statement that they dispute any

particular transaction.  To the contrary, the *Wilenitz* Defendants have admitted in their claims

submission to the Trustee that the BLMIS records match their personal bank records.  *See*

Appendix F, Defendants' June 26, 2009 claims submission.

## REQUEST NO. 3:

List every single factual error asserted by any Madoff or BLMIS customer in their

statements and produce all documents relating to such error.

## RESPONSE:

Trustee's Response to this is the same as Trustee's Response to No. 2.

## REQUEST NO. 4:

List every single "PW" entry on a customer statement where there is no documentary

evidence that the customer requested to receive profit withdrawals and produce all documents

relating thereto.

## RESPONSE:

The Trustee objects to this Interrogatory on the grounds it seeks Information Outside the

Scope of Relevance because it calls for information that relates to customers other than the

*Wilenitz* Defendants, and such information is not relevant to the claims or defenses or

proportional to the needs of the *Wilenitz* case.  There are no PW entries on the customer

statements for the *Wilenitz* accounts.  There is one or more PW transactions in accounts affecting

the net equity of the *Wilenitz* accounts and such customer statements were included in the Initial

9

Disclosure Production. The Trustee states pursuant to Federal Rule 33(d)(1) that Defendants

may determine the response to this request by reviewing the Initial Disclosure Production and

that the burden of ascertaining the information is substantially the same for either

party. Notwithstanding that information about other BLMIS customers is not relevant to the

*Wilenitz* case, the Trustee will produce a list of PW transactions that indicates whether the

transaction reconciles to BLMIS bank records, customer files, or documents produced to the

Trustee. This list was made available in connection with the Trustee's Motion Affirming

Treatment of Profit Withdrawal Transactions, ECF Nos. 10660-10664, attached as Exhibit 7 to

the Declaration of Lisa M. Collura, ECF No. 10664.

## REQUEST NO. 5:

If you contend that Madoff's and BLMIS' customer statements were not "riddled with

fraud" with respect to the deposits and withdrawals, produce all reports and documents on which

you base that conclusion.

## RESPONSE:

The Trustee objects to this Interrogatory because it violates Local Rule 33.3(c), which

prohibits interrogatories that "seek the claims and contentions of the opposing party" until after

the conclusion of other discovery unless the Court has ordered otherwise. This Interrogatory

seeks information about the Trustee's contentions. Discovery is ongoing in *Wilenitz*.

Defendants have not sought permission from the Court to ask contention interrogatories.

While the foregoing protects the Trustee from having to respond at all to this

Interrogatory, the Trustee nonetheless states that he further objects to this Interrogatory and

300386910.3

Document Request to the extent that it calls for "reports and documents" that are Materials

Prepared Post-December 11, 2008. The Trustee will not produce such materials.

The Trustee also objects to the unexplained use of "riddled with fraud" with respect to

the customer statements, and has no way of knowing the source of that quote. As the Trustee

explained during the meet and confer about this Interrogatory, it is the Trustee's position that the

cash activity reflected in the BLMIS customer statements is accurate and not fraudulent.

The Trustee also objects to the Interrogatory and Document Request because it seeks

Information Outside the Scope of Relevance. Specifically, this Interrogatory and Document

Request seeks information that is not relevant to the claims or defenses or proportional to the

needs of the *Wilenitz* case given that it calls for information and documents relating to thousands

of other BLMIS customers. The Trustee further responds that, with respect to the cash activity

and principal transactions that affect the principal balance calculation (or net equity) in the

*Wilenitz* accounts, the Trustee has not identified any fraud. Further, the *Wilenitz* Defendants

have not pointed out any fraud in the *Wilenitz* customer statements to the Trustee; nor they have

pointed out any fraud to the Trustee or set forth a specific, good-faith statement that they dispute

any particular transaction. To the contrary, the *Wilenitz* Defendants have admitted in their claims

submission to the Trustee that the BLMIS records match their personal bank records. *See*

Appendix G, Defendants' claims submission.

Finally, the Trustee objects to the extent this Interrogatory prematurely seeks to have the

Trustee disclose expert materials well in advance of the deadline for disclosure of this

information as provided in the Court-approved case management order entered in this adversary

proceeding. The Trustee will supplement his productions with additional documents considered

11

300386910.3

by his experts, if any, following submission of their expert reports during expert discovery. The
Trustee further notes that to the extent fact witness relied on by the Trustee may also qualify as
expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in
expert discovery.

**REQUEST NO. 6:**

As of the date you respond to these interrogatories, list every customer whose allowed
claim has not been paid in full and state the amount of that customer's allowed claim and the
amount that customer has received to date. Produce all documents from which you derived your
answer. If you take the position that you cannot reveal the names of the account holders, list the
accounts by account number and indicate whether the account is (a) an individual; (b) a hedge
fund; (c) a family investment fund; (d) an IRA account; or some other category.

**RESPONSE**:

The Trustee objects to this Interrogatory and Document Request because it seeks
information that is not relevant to the claims or defenses or proportional to the needs of the
*Wilenitz* case given that it calls for information relating to claimants other than *Wilenitz*. The
Trustee responds specifically as to the *Wilenitz* Defendants, and states their claims have not been
allowed.

**REQUEST NO. 7:**

With respect to your most recent distribution to allowed claimants, how much did you
distribute in total and how much did you distribute to each allowed claimant. Produce all
documents evidencing the distribution schedule including a list of the amount paid to each
claimant, showing the name of each claimant. If you take the position that you cannot reveal the

12

names of the account holders, list the accounts by account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family investment fund; (d) an IRA account; or some other category.

**RESPONSE**:

The Trustee objects to this Interrogatory and Document Request seeks information that is not relevant to the claims or defenses or proportional to the needs of the *Wilenitz* case given that it calls for information that (i) is not relevant to the issue of whether the Trustee may avoid and recover the avoidable transfers from the *Wilenitz* Defendants and (ii) relates to hundreds of claimants other than the *Wilenitz* Defendants. The Trustee responds specifically as to the *Wilenitz* Defendants, and states their claims have not been allowed and, accordingly, no interim distribution was made to them. The Trustee further refers the Defendants to information regarding the claims process and interim distributions, located on the Trustee's website at www.madofftrustee.com.

**REQUEST (UNNUMBERED)**

List the name of every customer who sold an allowed claim to a claims purchaser, the amount paid to the customer by the claims purchaser, the allowed amount of the claim, and the date of the purchase. Produce all documents from which you derived your answer.

**RESPONSE**:

The Trustee's Response to this is the same as Trustee's Response to No. 7.

**REQUEST NO. 8:**

List every claims purchaser to whom you have made payment and state the amount, to date, that you have paid each claims purchaser.

13

**RESPONSE:**

The Trustee objects to this Interrogatory and Document Request because it seeks

information that is not relevant to the claims or defenses or proportional to the needs of the

*Wilenitz case.* The information called for by this Interrogatory has no bearing on whether the

Trustee may avoid and recover the avoidable transfers in the *Wilenitz* case. For this reason, the

Trustee will not respond to this Interrogatory and Document Request.

**REQUEST NO. 9:**

Provide a list of every allowed claim with the amount of the allowed claim. If you take

the position that you cannot reveal the names of the account holders, list the accounts by account

number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family

investment fund; (d) an IRA account; or some other category.


**RESPONSE:**

The Trustee's Response to this is the same as Trustee's Response to No. 7.

**REQUEST NO. 10:**

State the precise fee arrangement you have had with Baker & Hostetler LLP from

inception of your appointment as Trustee. Produce the document which sets forth that

compensation arrangement.


**RESPONSE:**

The Trustee states that, in light of the March 18, 2016 Order Implementing Court's

March 17, 2016 Bench Ruling Granting Protective Order, the Trustee is not required to respond

to Interrogatory No. 10. *See* Adv. Pro. No. 08-01789, Docket No. 12912.

**REQUEST NO. 11:**

State the precise amount you have received in compensation since joining Baker &
Hostetler LLP in December 2008 through the date you respond to these interrogatories. Produce
all documents from which you derived your answers.

**RESPONSE:**

The Trustee states that, in light of the March 18, 2016 Order Implementing Court's
March 17, 2016 Bench Ruling Granting Protective Order, the Trustee is not required to respond
to Interrogatory No. 11. *See* Adv. Pro. No. 08-01789, Docket No. 12912.

**REQUEST NO. 12:**

In the event that any other attorney at Baker & Hostetler LLP receives a percentage of the
gross fee revenues relating to this proceeding other than you, state the name or names of such
persons and the precise fee arrangement each of them has with Baker & Hostetler LLP Produce
all documents from which you derived your answers.

**RESPONSE:**

The Trustee states that, in light of the March 18, 2016 Order Implementing Court's
March 17, 2016 Bench Ruling Granting Protective Order, the Trustee is not required to respond
to Interrogatory No. 12. *See* Adv. Pro. No. 08-01789, Docket No. 12912.

**REQUEST NO. 13:**

List the name, address and phone number of every BLMIS employee who worked in the
market-making business and in the proprietary trading business as of January 1, 2008 and
explain his/her function and compensation.

15

**RESPONSE:**

The Trustee objects to Interrogatory No. 13 to the extent it seeks Information Outside the Scope of Relevance. The Trustee nonetheless states that, approximately 4 million documents that relate to the operations of BLMIS are in E-Data Room. The purpose of E-Data Room 1, among others, was so that the Trustee could produce documents relating to the operations of BLMIS on a global basis. It is not proportional to the needs of the case in *Wilenitz* to respond to this Interrogatory and require the Trustee to undertake any additional burden when the Defendants have not requested access to the source of more than 4 million documents which includes lists of BLMIS employees. The Trustee directs the Defendants to MADTNN00081805 located in E-Data Room 1, which lists the persons employed by BLMIS, to the best of the Trustee's knowledge, for a time period including January 1, 2008. The Trustee also directs the Defendants to Bates No. FIDTAA0000166-FIDTAA0000325, located in E-Data Room 1, that contains additional information responsive to this request. In addition, attached as Exhibit A is a list of readily available employee addresses and phone numbers we were able to identify after a reasonable search. We make no representations as to the accuracy of any the contents of Exhibit A.

**REQUEST NO. 14:**

Explain the basis on which you determined that the Defendants have no net equity and produce the front and back of each deposit into and withdrawal from the Account and from any account which transferred funds into the Defendants' account.

**RESPONSE:**

In a meet and confer regarding these Interrogatories and Requests, defense counsel clarified that this Interrogatory should state, "produce the front and back of each check deposited

16

into and withdrawn from the Account and from any account which transferred funds into the Defendants' account."

The Trustee responds that the Trustee's expert calculated the principal balance by reviewing the Initial Disclosure Documents, which were produced to Defendants on April 1, 2016.

It is not proportional to the Wilenitz case for the Trustee to be required to produce the backs and fronts of every check deposited into and withdrawn from the Defendants' accounts and from any account which transferred funds into the Defendants' account when the Defendants have not set forth a specific, good-faith reason that the calculation is incorrect.

Finally, the Trustee objects to the extent this Interrogatory prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management order entered in this adversary proceeding.  The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery.  The Trustee further notes that to the extent fact witness relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

## REQUEST NO. 15:

Explain how you intend to establish that Madoff was insolvent in each year from 1960 – 2000 and produce all documents on which you will rely to establish insolvency for each of those years.

17

**RESPONSE:**

The Trustee responds that he intends to put forth an expert on the insolvency of BLMIS. The documents upon which the expert relies to establish insolvency are in E-Data Room 1.

The Trustee objects to the extent this Interrogatory prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management order entered in this adversary proceeding. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery. The Trustee further notes that to the extent fact witness relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

**REQUEST NO. 16:**

Provide the gross trading volume by both number of shares traded and total dollar volume for each year of Madoff's operation, broken down by (a) investment advisory business (b) proprietary trading business; and (c) market making business. Produce the documents on which you base your responses.

**RESPONSE:**

The Trustee objects to this Interrogatory because it violates Local Rule 33.3(c), which prohibits interrogatories that "seek the claims and contentions of the opposing party" until after the conclusion of other discovery unless the Court has ordered otherwise. This Interrogatory seeks information about the Trustee's contentions. Discovery is ongoing in Wilenitz. Defendants have not sought permission from the Court to ask contention interrogatories.

18

300386910.3

While the foregoing protects the Trustee from having to respond at all to this

Interrogatory, the Trustee nonetheless states that there were no securities purchased by the

investment advisory business unit, of which the *Wilenitz* Defendants were customers.  With

respect to the proprietary trading business and the market making business units, records from

BLMIS and third parties, including the Depository and Trust Clearing Corporation ("DTCC"),

which reflect trading activity by those business units of BLMIS, are in E-Data Room 1.  The

purpose of E-Data Room 1, among others, was to provide Defendants, including the *Wilenitz*

Defendants, the documents upon which the Trustee relies to establish that no trades were being

made by the investment advisory business unit and that no trades were being made by the market

making and proprietary trading business unit on behalf of customers of the investment advisory

business unit.  It is not proportional to the needs of the case in *Wilenitz* to respond to this

Interrogatory and Document Request and require the Trustee to undertake any additional burden

when the Defendants have not requested access to the source of more than approximately 4

million responsive documents or articulated a specific reason as to whether and why the

Defendants contend that BLMIS was not a fraudulent enterprise scheme or insolvent during the

relevant time period.

Finally, the Trustee objects to the extent this Interrogatory prematurely seeks to have the

Trustee disclose expert materials well in advance of the deadline for disclosure of this

information as provided in the Court-approved case management order entered in this adversary

proceeding.  The Trustee intends to establish the insolvency of BLMIS through his experts.  The

Trustee will supplement his productions with additional documents considered by his experts, if

any, following submission of their expert reports during expert discovery.  The Trustee further

notes that to the extent fact witness relied on by the Trustee may also qualify as expert witnesses

19

pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert
discovery.

## REQUEST NO. 17:

Provide the number of employees who worked in each of the trading areas set forth in
interrogatory # 17 for each year of Madoff's operations and produce the documents on which
you base your responses.

## RESPONSE:

The Trustee's Response to this is the same as Trustee's Response to No. 13.

## REQUEST NO. 18:

For each security listed on the Defendants' account statements for each year from1982
on, set forth the number of shares of the listed companies' stock that BLMIS held at that time;
and, if the stock was specified as belonging to a particular customer, specify the customer and
the number of shares shown on BLMIS' records as being owned by that customer. Produce the
documents on which you base your responses.

## RESPONSE:

The Trustee states pursuant to Federal Rule 33(d)(1) that Defendants may determine the
response to this request for Defendants by comparing the DTCC records in E-Data Room 1 with
the Initial Disclosure Documents and that the burden of ascertaining the information is
substantially the same for either party.

20

**AS TO OBJECTIONS:**

Dated: April 8, 2016
      New York, New York

**BAKER & HOSTETLER LLP**

By:    */s/ David J. Sheehan*
        David J. Sheehan
        Email:  dsheehan@bakerlaw.com
        Keith R. Murphy
        Email:  kmurphy@bakerlaw.com
        Edward J. Jacobs
        Email: ejacobs@bakerlaw.com
        **BAKER & HOSTETLER LLP**
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: 212.589.4200
        Fax: 212.589.4201

        *Attorneys for Irving H. Picard, Trustee for*
        *the Substantively Consolidated SIPA*
        *Liquidation of Bernard L. Madoff*
        *Investment Securities LLC and the Estate*
        *of Bernard L. Madoff*

300386910.3

## VERIFICATION

STATE OF NEW YORK    )
                           )
COUNTY OF NEW YORK  )

     I, Irving H. Picard, as the Court-appointed Trustee of the Substantively Consolidated

SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,

hereby state that the foregoing Interrogatory Responses and Objections ("Responses") have been

assembled and prepared by my counsel.  I sign for purposes of being bound by the foregoing

Responses, but further state that as the Trustee, I have no personal knowledge of the facts and

information herein.  The Responses set forth herein, subject to inadvertent or undiscovered

errors, are based on and therefore necessarily limited by the records and information still in

existence, presently recollected, and/or thus far discovered in the course of the preparation of

these Responses.  Consequently, I reserve the right to make changes to the Responses if at any

time it appears that an error or omission has been made therein or if additional or more accurate

information becomes available.

Dated: April 8 , 2016

_____
Irving H. Picard

22

# EXHIBIT A

| Last Name | First Name | Street Address | City | State | Zip Code | Phone Number 1 | Phone Number 2 |
|---|---|---|---|---|---|---|---|
| Abend | Reed | 330 East 70th St - Apt 1G | New York | NY | 10021 | 212-517-3162 | (W) 203-838-4600 (H) 203-454-2411 |
| Anderson | Semone | 3115 Edson Ave | Bronx | NY | 10469 | 718 320 1450 | (c) 347 203-9987   (h) 718 320-1450 |
| Arroyo | Richard | 113 Adams Ave | Staten Island | NY | 10306 | 718 987-0964 | |
| Astuto | Toniann | 65 Stuyvesant Ave | Staten Island | NY | 10312 | 718-984-6978 | 212 221 5858  x 3146 |
| Barutcuoglu | Zafer | 328 West 11th Street Apt 3H | New York | NY | 10014 | | |
| Batalion | Sally | 787 East 5th St | Brooklyn | NY | 11218 | 718-871-2263 | 212 980-7500 |
| Bergstrom | Ase | 335 112 Plymouth Road | West Palm Beac | FL | 33405 | | |
| Berkowitz | Peter | 18 Tall Timber Road | Mount Kisco | NY | 10549 | | |
| Birch | Larry | 6 Narrowbrook Court | Plainsboro | NJ | 08536 | | |
| Bongiorno | Annette | 78 Stone Hill Dr East | North Hills | NY | 11030 | 516-365-0357 | 718 845-9163 |
| Bonventre | Daniel | 505 East 79th St - Apt 17G | New York | NY | 10021 | 212-734-3098 | 212 734-3098 |
| Bonventre | Daniel M. | 505 East 79th St - Apt 17G | New York | NY | 10021 | 212-734-3098 | 212 734-3098 |
| Bonventre | John | 5 24 East 79th Street Apt 2H | New York | NY | 10075 | | |
| Brown | Clive | 6 Gould Ave | Dobbs Ferry | NY | 10522 | 914-693-8447 | |
| Bruttomesso | Garrett | 229 Chrystie Street Apt 516 | New York | NY | 10002 | | |
| Buchmueller | Elizabeth | 525 East 13th Street Apt 4F | New York | NY | 10009 | | |
| Burger-Joel | Amy | 50 Sutton Pl South - Apt 11J | New York | NY | 10022 | 212-308-2050 | |
| Cacas Jr. | Eduardo | 20 Linda Lane | Pearl River | NY | 10965 | | |
| Camvycis | Thomas | 85 East End Ave - Apt 3M | New York | NY | 10028 | 212-794-4692 | |
| Cardile | Robert | 1041 Rector Road | Bridgewater | NJ | 08807 | 908-725-9442 | 718-738-1260 |
| Carlson | David | 37 London Terr | New Rochelle | NY | 10804 | 914-632-1888 | (w) 914 721-2726 |
| Carrero | David | 360 West 43rd Street Apt S10f | New York | NY | 10036 | | |
| Carroll | Richard | 3682 Southwest Bimini Cir North | Palm City | FL | 34990 | 561-288-0407 | |
| Chen | Terrence | 1793 Riverside Dr 2H | New York | NY | 10034 | | |
| Clarke | Prunella | 1372 New York Ave - Apt 2G | Brooklyn | NY | 11203 | 718-826-3689 | |
| Cohn | Leon | 1616 59th St | Brooklyn | NY | 11204 | 718-234-2919 | 718-234-2919 |
| Colin | Stephani | 208 Harris Rd DA-1 | Bedford Hills | NY | 10507 | 914-241-3639 | 914 232-5458,914 841-9462 |
| Collado | Ralph | 46-07 204th St | Bayside | NY | 11361 | 718-423-1684 | 718-423-1684 |
| Collins | Richard | 100 Elgar Pl - Apt 21L | Bronx | NY | 10475 | 718-320-4201 | 718-588-8303 |
| Concepcion | Darlene | 53 All Angels Hill Rd | Wappingers Fall | NY | 12590 | 845-298-1570 | |
| Connelly | Andrew | 43 West Summit Ave | Midland Park | NJ | 07432 | 201-444-9326 | |
| Copersino | Albert | 22 Manitou Road | Westport | CT | 06880 | | |
| Cotellessa-Pitz | Enrica | 91-11 107th Ave | Ozone Park | NY | 11417 | 718-738-8636 | |
| Coughlin | Edward | 8 Rogers Ct | Midland Park | NJ | 07432 | 201-445-9530 | 201 445-9530 |
| Crupi | JoAnn | 436 Grove St | Westfield | NJ | 07090 | 908-317-9080 | 908 236-9001 |
| De Lisi | Frederick | 120 Carteret St | Staten Island | NY | 10307 | 718-967-4129 | WK:1-800-774-4333, Ext.8317 HM:718-967-4129 |
| Delgado | Iris | 84-38 90th Street | Woodhaven | NY | 11421 | | |
| Di Maggio | Juliette | 310 Maddock Street | West Palm Beac | FL | 33405 | | |
| DiPascali | Frank | 1400 Mountaintop Road | Bridgewater | NJ | 08807 | | |
| Dirilo | Praxides | 322 East 57th St | New York | NY | 10022 | 212 755-2671 | |
| Distenfeld | Eric | 638 Sunderland Road | Teaneck | NJ | 07666 | | |
| Dolinsky | Craig | 2 Azalea Ct | East Brunswick | NJ | 08816 | 732-390-1383 | 732-251-4300 |
| Duffy | Daniel | 213 Embree Ct | Westfield | NJ | 10552 | 908-654-0334 | 908-654-0334 |
| Eckhaus | Daniel | 248 West 21st Street Apt 1c | New York | NY | 10011 | | |
| Eisen | Barry | 108 East 96th St Apt - 12G | New York | NY | 10028 | 212-987-2195 | |
| Esbenshade | Zi-Yah | 107 East 88th St - Apt 5D | New York | NY | 10028 | 212-534 3455 | 717 392 8734 - 646 279-6231 |
| Falcone | Robert | 52 Egbert Ave | Staten Island | NY | 10310 | 718-720-5731 | 718 720-5125 |

CONFIDENTIAL

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ferraro | Jeffrey | 50-31 211 St | Bayside | NY | 11364 | 718-224-1016 | 718 224-1016 |
| Ferraro | Marc | 175 Rockaway Ave | Garden City | NY | 11530 | 516-294-0844 | |
| Fleischmann | Barry | 268 Kell Ave | Staten Island | NY | 10314 | 718-494-0449 | |
| Fleming | Junior | 4155 Baychester Avenue | Bronx | NY | 10466 | | |
| Flores | Enrique | 152 Graham Ave | New York | NY | 11206 | 718-387-4925 | |
| Fong | Kevin | 562 Blueberry Pl | Franklin Lakes | NJ | 07417 | 201-848-7670 | |
| Friedman | Steven | 34 Old Mill Road | West Harrison | NY | 10604 | | |
| Fuller | Tracey | 567 Nostrand Avenue | Brooklyn | NY | 11216 | | |
| Garcia | Vincent | 1 Warwick Ct | River Edge | NJ | 07661 | 201-488-9104 | 201 488-9104 |
| Garcia | Patricio | 15 East 35th Street | Bayonne | NJ | 07002 | | |
| Gavlik | Margaret | 100 Bradford Ave | Rye | NY | 10580 | 914 698 6592 | (C) 914 420-8545/(h) 914 835-4948 |
| Glassman | Brett | 245 East 63rd St - Apt 827 | New York | NY | 10021 | 212 223 0786 | |
| Goldman | Mark | 223 East 85th St - Apt 30 | New York | NY | 10028 | 212-472-5375 | 212 223 0786 |
| Gross | Jason | 1641 West 2nd St - 2nd Fl | Brooklyn | NY | 10022 | 516-694-1866 | |
| Gutzwiller | Mark | 14 Franklin Avenue | Westport | CT | 06880 | | |
| Hernrajani | Haresh | 15 Tiffany Court | Old Bridge | NJ | 08857 | | |
| Hooey | Rolland | 80 Calvin A venue | Syosset | NY | 11791 | | |
| Horwitz | Daniel | 27 Stoner Ave | Great Neck | NY | 11021 | 516-466-5971 | 516 466 5971 |
| Hutchinson | Kenneth | 355 Fifth St - 2nd Fl | Brooklyn | NY | 11215 | 718-832-7379 | |
| Imbruce | Gregory | 93 Rockledge Drive | Stamford | CT | 06903 | | |
| Jackson | Winifier | 1220 Croes Ave - Apt 5D | Bronx | NY | 10472 | 718-589-3027 | 718 515-6414 |
| Jacobson | Jeffrey | 30 West 61st St - Apt 18B | New York | NY | 10023 | 212-582-0064 | |
| Jimenez | Anthony | 82-15 35th Ave - Apt 3F | Jackson Heights | NY | 11372 | 718 457-0158 | |
| Jones | Belle | 80-35 Springfield Blvd - Apt 3G | Queens Village | NY | 11427 | 718-468-3439 | |
| Jones | Richard | 801 Allwyn St | Baldwin Harbor | NY | 11510 | 516-867-2926 | 516 532 7353 |
| Jorgensen | George | 9 Pippin Ln | Wappingers Fall | NY | 12590 | 845-208-1105 | 845 298-1105 |
| Kanning | Robert | 37 Sutton Road | Ho Ho Kus | NJ | 07423 | | |
| Kelly | John | 31 Washington Mews | Portchester | NY | 10573 | 914 934-1388 | |
| Khan | Dorothy | 166-10 Foch Blvd | Jamacia | NY | 11434 | 718-527-8207 | 718 978-0442 |
| King | Seon | 537 East 85th St | Brooklyn | NY | 11236 | 718-251-1096 | |
| Konigsberg | Stephen | 55 West 14th Street Apt 7N | New York | BY | 10011 | | |
| Koster | Deborah | 860 U.N. Plaza - Apt 15B | New York | NY | 10017 | 212-750-5768 | 212 355-7159 |
| Kugel | David | 69 Charney Court | Manhasset | NY | 11030 | 516-627-0411 | 516 627-0411 |
| Kugel | Craig | 21 Soundview Lane | Sands Point | NY | 11050 | | |
| Lamb | Cheryl | 4063C Palm Bay Cl | West Palm Beac | FL | 33406 | 561-478-4806 | |
| Lanier | Adam | 522 West Webster Avenue | Roselle Park | NJ | 07204 | | |
| Larsen | Jean | 349 East 49th Street Apt 2P | New York | NY | 10017 | | |
| Lenaghan | Jonathan | 4705 Center Boulevard Apt 2513 | Long Island City | NY | 11109 | | |
| Lipkin | Eric | 315 East Ridgewood Ave - Apt 1F | Ridgewood | NJ | 07450 | 201-689-2260 | 561-495-8424 |
| Lipkin | Irwin | 15408 Strathearn Drive | Delray Beach | FL | 33446 | | |
| Lorenzo | Andrew | 1303 East 52nd St | Brooklyn | NY | 11234 | 718 444-2190 | |
| Madoff | Shana | 420 East 54th St - Apt 33 A | New York | NY | 10022 | 212-317-1448 | 212 230 2424,212 246 3898 (Maria 646 752 4191) |
| Madoff | Andrew | 400 East 84th Street Apt 36 B | New York | NY | 10028 | | |
| Madoff | Peter | 34 Pheasant Run | Old Westbury | NY | 11568 | | |
| Madoff | Marion | 34 Pheasant Run | Old Westbury | NY | 11568 | | |
| Madoff | Mark | 158 Mercer Street | New York | NY | 10012 | | |
| Magnus | Dumarsais | 217-16 Hempstead Ave | Queens Village | NY | 11429 | 718-776-2735 | |
| Marasa | Gaetano | 67 Marianne St | Staten Island | NY | 10302 | 718-948-4178 | 718 984-7782 |

**CONFIDENTIAL**

| Mastrangelo | Ralph | 277 Leverett Ave | Staten Island | NY | 10308 718-356-2356 | (H) 718 356-2356/(J) 212 306-4738 |
|---|---|---|---|---|---|---|
| Mayer | Leonard | 45 Sutton Pl South - Apt 3F | New York | NY | 10022 212-688-8429 | 212-688-8429 |
| McDonald | Christopher | 8 Second Avenue | Ossining | NY | 10562 | |
| McGuire | Kevin | 29 Wyckoff Street | Brooklyn | NY | 11201 | |
| McMahon | Robert | 34 Prall Road | Hillsborough | NJ | 08844 | |
| Mehta | Neilay | 225 Columbus Avenue Apt 4E | New York | NY | 10023 | |
| Moy | Peter | 163 Hurlbert St | Staten Island | NY | 10305 718-980-4293 | 718-980-4293 |
| Mui | Alethea | 175-19 68th Ave | Fresh Meadows | NY | 11365 718-460-2189 | 212 403-1516/(b) 917 878-879C |
| Murray | Damien | 1226 Intervale Ave at 169th St | Bronx | NY | 10459 718-617-1375 | |
| Nabile | Walid | 121 Russell St | Staten Island | NY | 10308 718 227-0914 | 718 227-0914 |
| Nano | Glenn | 17 S East 2nd Street Apt 4D | New York | NY | 10009 | |
| Nasi | William | 153-34 59 Ave | Flushing | NY | 11355 718-461-2146 | |
| Noer | Martin | 39-52 44th Street | Sunnyside | NY | 11104 | |
| Nunez | Rafael | 35-63 88th St - Apt 2L | Jackson Heights | NY | 11372 718-898-8533 | 718 205-2476 |
| O'Hara | Jerome | 94 Scarcliffe Dr | Malverne | NY | 11565 516-887-0705 | 516 227-0700 |
| Oritz | Magdalena | 37 Irving St | Jersey City | NJ | 07307 201-963-6267 | 201 536-0577 |
| O'Toole | Elizabeth | 347 Court Street | Brooklyn | NY | 11231 | |
| Padala | Matthew | 207 East 74th Street Apt 5A | New York | NY | 10021 | |
| Pagan | Rafael | 2323 Cambreleng Avenue | New York | NY | 10458 | |
| Pechatnikov | Yefim | 46 Oceanside A venue | Staten Island | NY | 10305 | |
| Pennachio | Daniel | 19 Eleventh St | Carle Place | NY | 11514 516-333-7972 | Parents Phone (516-775-8627) |
| Perez | George | 5 Horizon Rd - Apt 2804 | Fort Lee | NJ | 07024 201-224-9329 | 718 665-7209 |
| Perez | Raul | 155 W 68th St - Apt 1617 | New York | NY | 10023 212 769-2517 | 212-769-2517 |
| Persaud | Sharda | 93-31 205th Street | Hollis | NY | 11423 | |
| Reardon | Erin | 21 Wirt Ave | Staten Island | NY | 10309 718-948-5156 | 718 948-3719 |
| Rosenberger | Jamie | 40 Harrison Street  32B | New York | NY | 10013 | |
| Sanchez | Frankie | 111-32 66th Avenue Apt 1B | Forest Hills | NY | 11375 | |
| Scharlop | Benjamin | 152-28 Melbourne Ave - Apt 232 | Flushing | NY | 11367 718-263-7795 | 516-482-2726 |
| Schwartz | Robert | 3278 Amelia Dr | Mohegan Lake | NY | 10547 914-245-5420 | 914 245-5420 |
| Semboo | Sharda | 185-01 Liberty Ave | St Albans | NY | 11412 718-454-4435 | |
| Shapiro | Stanley | 983 Park Avenue | New York | NY | 10028 | |
| Shaps | Ryan | 242 Coverly Avenue | Staten Island | NY | 10301 | |
| Sharr | Henry | 2424 East 11th St - Apt 2B | Brooklyn | NY | 11235 718-646-5181 | |
| Shaw | Christopher | 421 Hudson Street Apt 718 | New York | NY | 10014 | |
| Shen | Hong | 820 Cricket Ln | Woodbridge | NJ | 07095 732-855-1743 | 908 755-8137 |
| Sheredos | Robert | 906 West Meadow Drive | Bound Brook | NJ | 08805 | |
| Sibbley | Lebert | 601 East 19th St - Apt 4D | Brooklyn | NY | 11226 718-434-4740 | |
| Sibbley | Errol | 227 West 2nd Street | Mount Vernon | NY | 10550 | |
| Sobel | Richard | 19 Clover Lane | Westport | CT | 06880 | |
| Solomon | Elaine | 500 East 77th St - Apt 416 | New York | NY | 10162 212-772-7035 | 212 772-7035 |
| Sondike | Brett | 418 Oceanfront | Long Beach | NY | 11561 516-431-3666 | (W) 212 213-7916 |
| Squillari | Eleanor | 594 Davis Ave | Staten Island | NY | 10310 9718-420-4725 | 212-902-2212 Lawrence work |
| Sroka | Heath | 30 I East 66th Street Apt 3M | New York | NY | 10021 | |
| Stahl | Richard | 16 Cliff Ave | Darien | CT | 06820 203-662-1112 | 203 662-1112 |
| Stampfli | Joshua | 72 Hillcrest Ave | Manhasset | NY | 11030 516-869-5822 | |
| Suazo | Joseph | 415 Ridgefield Rd | Hauppauge | NY | 11788 631-265-2514 | 631-265 2514 or 516 742-4992 |
| Sullivan | Stefanie | 175 West 87th St - Apt 19F | New York | NY | 10024 212-873-8460 | 203- 966-4395 |
| Sutton | Kurt | 315 East 86th Street Apt 17JE | New York | NY | 10028 | |

CONFIDENTIAL

Adv. Pro. No. 10-04504, *Picard v. Dusek* - Supplemental Information in Response to Interrogatory No. 4

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Taratunio | Debi | 180 Ardmore Ave | Staten Island | NY | 10314 | 718-698-4946 | |
| Tiletnick | Peter | 77-15 113th Street Apt 3O | Forest Hills | NY | 11375 | | |
| Tiletnick | Walter | 440 East 13th St | New York | NY | 11009 | 212-677-6737 | |
| Torres | Elvis | 79-17 153rd Avenue | Howard Beach | New York | 11414 | 718-848-7023 | |
| Tringali | Barbara | 1807 West 7th St | Brooklyn | NY | 11223 | 718-376-4054 | |
| Vicinelli | Paolo | 15 Dante Street | Larchmont | NY | 10538 | | |
| Voigt | Hendrick | I Independence Court Apt 611N | Hoboken | NJ | 07030 | | |
| Ward | Laurence | 310 East 46th St - Apt 12L | New York | NY | 10017 | 212-972-9847 | 212 972 9847 |
| Warrin | Christopher | 96 East River Road | Rumson | NJ | 07760 | | |
| Watkins | Michella | 1589 Unionport Rd - Apt 7H | Bronx | NY | 10462 | 718-863-8334 | 803-289-1259 |
| Weber | Robert | 406 Tarrytown Ave | Staten Island | NY | 10306 | 718-987-2585 | 718 980-9793 |
| Westhuis | Kathryn | 531 East 20th Street Apt 3D | New York | NY | 10010 | | |
| Wharton | Sean-Louis | 66 Fox Road Unit 4B | Edison | NJ | 08817 | | |
| White | Charlene | 39 Morton St | Garnerville | NY | 10923 | 845-429-1186 | 201 538-3243 |
| Wiener | Charles | 28 Chatham Pl | Dix Hills | NY | 11746 | 631-499-8965 (h) | 516-228-8766 |
| Wong | William | 725 Jefferson Street Unit 2 | Hoboken | NJ | 07030 | | |
| Yeh | Richard | 200 East 5 8th Street Apt 14J | New York | NY | 10022 | | |
| Yelsey | Neil | 1 Cliff Pl | Pelham Manor | NY | 10803 | 914-738-2520 | |
| Zachar | Ned | 372 Guard Hill Road | Bedford | NY | 10506 | | |
| Zheng | Xing | 18 Cornell Drive | Great Neck | NY | 11020 | | |

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 8th day of

April, 2016 by electronic and certified mail upon the following:

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, NY 10022

Email: hchaitman@chaitmanllp.com


*/s/ George Klidonas*
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

23

300386910.3