# EXHIBIT F





UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-99000-smb

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

ADMINISTRATIVE CASE RE: 08-01789 (SECURITIES INVEST-

ADVERSARY PROCEEDING),

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 10-04995-smb

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Plaintiff,

v.

TRUST u/art FOURTH o/w/o ISRAEL WILENITZ,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x





Adv. Case No. 10-05184-smb

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Plaintiff,

v.

LAURA ANN SMITH REVOCABLE LIVING TRUST et al,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Adv. Case No. 10-04352-smb

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Plaintiff,

v.

RAR ENTREPRENEURIAL FUND. LTD. et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

U.S. Bankruptcy Court

One Bowling Green

New York, NY 10004

May 17, 2016

10:51 AM

B E F O R E :

HON STUART M. BERNSTEIN

U.S. BANKRUPTCY JUDGE

Hearing re: 10-04995-smb, 10-05184-smb, 10-04352-smb The Trustee's Request For Leave To File A Motion For a Protective Order in Wilentiz.

Transcribed by: Sonya Ledanski Hyde

A P P E A R A N C E S :

WINDELS MARX LANE & MITTENDORF, LLP

Special Counsel to Irving H. Picard, as Trustee

156 West 56th Street

New York, NY 10019

BY: KIM M. LONGO

JOHN J. TEPEDINO

BAKER HOSTETLER

Attorney for the Trustee

45 Rockefeller Plaza

New York, NY 10111

BY: EDWARD J. JACOBS

NICHOLAS J. CREMONA

CHAITMAN LLP

Attorney for Defendants

465 Park Avenue

New York, NY 10022

BY: HELEN DAVIS CHAITMAN, ESQ.

ALSO PRESENT TELEPHONICALLY:

KEVIN H. BELL

the transfers.

THE COURT: So, you produce the records of other accounts, for instance, the transferor accounts?

MR. JACOBS: We do, Your Honor. We call that our initial disclosure production. In every case where there's an interaccount transfer, we replicate our production of the CADs, which I described earlier, for any related accounts. And by related accounts, to be clear, in our mind that means any account that transferred money to the sued upon account. We do provide all of that documentation.

And also, the only additional possible discovery that I believe would be relevant to the issues of transfers and net equity are the Defendants' own bank records. And as Your Honor I know is aware, this Defendant in addition to others, have vigorously contested our right to those documents. The Court has rejected those objections. That's no longer an issue in this case, although I think we're going to be talking about that in some others again later.

But in any event, our position is that the bank records have limited utility. Our experts will submit reports that detail exactly why BLMIS's books and records are accurate and reliable for the cash activity, transaction activity for every relevant account over the life of the account. Those reports have not yet been submitted but I can promise the Defendant and the Court that they will be

incompetent to do the job, deliberately motivated to misrepresent what was going on in the transactions, that's relevant.

THE COURT: So you can ask him at a deposition. That sounds like expert discovery.

MS. CHAITMAN: No, because I'm... If the Trustee -- if it's been brought to his attention that the internal records are full of factual errors, I think he has an obligation to disclose that.

THE COURT: I think I disagree. Let's go through the request... As I said, you can make a motion to compel. I can't tell you that you can't --

MS. CHAITMAN: Yeah, I'd like to at the end of this, just so we have a clear record of what the rulings are.

THE COURT: All right. With respect to one, list the name and address... Well, I don't have to read it. It's in there.

MS. CHAITMAN: Yeah.

THE COURT: I'm looking at Document 63-1.

MR. JACOBS: Right.

THE COURT: Is there an objection to that?

MR. JACOBS: Yes, Your Honor. This request is like the other... As the Court pointed out with respect to other requests, this request is essentially seeking our work

product.

THE COURT: That was my reaction when I saw it.

MR. JACOBS: And I explained to Ms. Chaitman on the phone yesterday that, as she knows, there are potentially upcoming depositions of BLMIS employees happening in the PW context. She has a right to transcripts of those depositions or to participate.

THE COURT: Does she have the right to ask you who you spoke to? Forgetting about what they said.

MR. JACOBS: She absolutely doesn't. That's our investigatory work product. And any mental impressions, or memos, or notes that we took during our investigation are work product that are shielded from discovery.

THE COURT: Certainly, when you asked for witness statements, that sounded like Hickman v. Taylor, which was the issue in that case.

MS. CHAITMAN: You know what, Judge? The reason I want to brief that issue is that a SIPA trustee has specific obligations to investigate the debtor and report to the creditor body on what he finds. And I think that there's a very strong issue there. This is not a typical adversary. This is an adversary who's appointed pursuant to a federal statute, which was intended to protect the customers.

THE COURT: Well, the same is true of a trustee, as a representative of the estate.

MS. CHAITMAN: Yeah, I did. I will go back and look at it again. I do not believe that it broke it down that way, but I will look at it.

THE COURT: All right. 14 I think is permissible. That goes back to the computation of net equity, which is basically the same as the computation of fictitious profits.

MR. JACOBS: Right.

THE COURT: And, you know, she's entitled to inquire to how you computed the net equity in a particular account. Now, it may make sense -- I don't know how you're going to do this with one expert and however many cases you have at this point, but she's certainly entitled to ask how did you compute the next equity in the transferor account back in whenever it was.

MR. JACOBS: I don't disagree, Your Honor. That's a subject of expert reports that will be proffered in expert discovery. There are three.

THE COURT: Yeah, I mean, some of this may be relevant but premature. That's all I'm suggesting.

MS. CHAITMAN: But why do I have to wait for an expert report? This is a factual issue. I don't even think --

THE COURT: But you've gotten the information already.

MR. JACOBS: We've produced 100 percent of the

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.

Sonya Ledanski Hyde

Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY 11501

Date: May 19, 2016