# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                  Plaintiff-Applicant,<br><br>             v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                                  Plaintiff,<br><br>             v.<br><br>DEFENDANTS LISTED ON EXHIBIT A TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO THE TRUSTEE SERVED BY CHAITMAN LLP, DATED JUNE 21, 2016,<br><br>                                  Defendant(s). | Adv. Pro. Nos. Listed on Exhibit A to First Set of Requests for Production of Documents and Interrogatories to the Trustee served by Chaitman LLP, dated June 21, 2016 |

**TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND INTERROGATORIES TO THE TRUSTEE**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C.

§§ 78aaa-*lll* ("SIPA"), and the estate of Bernard L. Madoff by and through the Trustee's

counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to the First Set of Requests for Production of Documents and Interrogatories to the Trustee ("Requests") served by Defendants listed on Exhibit A ("Defendants")[1] in 83 cases ("Adversary Proceedings").[2]

## OBJECTION TO DEFINITIONS

1.      The Trustee objects to the term "Identify" (with respect to persons) in Definition 1(c) as inconsistent with Local Rule 26.3(c)(3) of the United States District Court for the Southern District of New York and this Court, insofar as it purports to require the Trustee to identify "the relationship between such person and (i) the Responding Party, (ii) Madoff, and/or (iii) BLMIS." The Trustee will respond to Interrogatories containing "Identify" (with respect to persons) as it is defined by Local Rule 26.3(c)(3).

2.      The Trustee objects to the term "Identify" (with respect to documents) in Definition 1(d) as inconsistent with Local Rule 26.3(c)(4) of the United States District Court for the Southern District of New York and this Court, insofar as it purports to require the Trustee to identify the "Bates-Stamp Number if said document has previously been produced or filed in E-Data Room." The Trustee will respond to Interrogatories containing "Identify" (with respect to documents) as it is defined by Local Rule 26.3(c)(4).

---

[1]      Exhibit A to the Requests lists former defendants that are deceased and have been formally substituted out of the relevant Adversary Proceedings, including Boyer H. Palmer (Adv. Pro. Nos. 10-04397 and 10-05151), Mary Guiducci (Adv. Pro. Nos. 10-04991 and 10-05127), and Alvin E. Shulman (Adv. Pro. Nos. 10-04599 and 10-04852). None of the parties that were substituted in as defendants in these Adversary Proceedings are reflected on Exhibit A. Consequently, with respect to these specific Adversary Proceedings, Chaitman LLP has served these Requests on behalf of parties it no longer represents, and has failed to serve the Requests on behalf of the proper defendants. The Trustee therefore objects to these Requests on the grounds that they have not been properly served in these specific Adversary Proceedings.

[2]      BakerHostetler LP is not counsel to the Trustee in *Picard v. Roger Rechler Revocable Trust*, Adv. Pro. No. 10-04474, and *Picard v. Reckson Generation*, Adv. Pro. No. 10-05135, which were included on Exhibit A to the Requests. As such, these Responses do not represent the Trustee's responses and objections to these Requests in those adversary proceedings.

3.     The Trustee objects to the term "Identify" in Definitions 7 and 8 as inconsistent with Local Rules 26.3(c)(3)-(4) of the United States District Court for the Southern District of New York and this Court.  The Trustee will respond to Interrogatories containing "Identify" as it is defined by Local Rules 26.3(c)(3)-(4).

### OBJECTION TO INSTRUCTIONS

1.     The Trustee will respond to these Requests consistent with Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Rules 7026, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of the Court, including the Court's June 6, 2011 Litigation Protective Order [ECF No. 4137] and October 17, 2013 Order on the Third-Party Data Rooms [ECF No. 5475] (the "Third-Party Data Room Order").

### SOURCES OF INFORMATION RELEVANT TO THE CLAIMS OR DEFENSES IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL

1.     Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents").

2.     Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI").

3.     Documents produced by third parties to the Trustee during his investigation or adversary proceedings ("Third-Party Documents").

### I.     BLMIS DOCUMENTS

From the Hard-Copy BLMIS Documents and BLMIS ESI (collectively, "BLMIS Documents"), the Trustee created a searchable electronic database containing approximately 4.7

million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents ("the

**BLMIS Searchable Database**").  Defendants do not have direct access to the BLMIS

Searchable Database because it contains documents relating to thousands of customers, many of

which are not relevant to this proceeding.  Instead, the Trustee provides all Defendants in these

proceedings with documents as described below:

A.    **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1

from documents in the BLMIS Searchable Database as well as some Third-Party Documents.  E-

Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its

insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and

financial records.  *See* **Appendix A** for a description of documents available to Defendants in E-

Data Room 1.

B.    **BLMIS Core Account Documents:** The Trustee identified and segregated

BLMIS core account documents for all customers ("Core Account Documents").  These Core

Account Documents include account opening agreements, correspondence to and from BLMIS,

transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio

Management Transaction Reports, which contain transaction history, and other documents that

were specific to each account, and/or the Trustee's calculation of net equity of a particular

BLMIS account.

C.    **Proof of Transfers:** In addition to the Core Account Documents relevant to

transfers described above, the Trustee identified and segregated BLMIS bank account records

that reflect transfers to customers ("Bank Transfer Documents").  Collectively, the Core Account

Documents and the Bank Transfer Documents represent the documents produced to the

Defendants by the Trustee with his initial disclosures (the "Initial Disclosure Documents").

**D.    Other Documents:** The Trustee preserved the nearly 20,000 pieces of BLMIS ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not include all such documents in the BLMIS Searchable Database. The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy disks or CDs, and broken media. In responding to discovery requests, the Trustee does not search for BLMIS documents outside of the BLMIS Searchable Database. The Trustee will produce additional BLMIS Documents (meaning other than those described in Paragraphs A and B) from the BLMIS Searchable Database provided that the parties agree to narrowly tailored case-specific search terms and parameters that target documents relevant to the claims or defenses and proportional to the needs of the case in accordance with Federal Rule 26(b)(1). *See* **Appendix B** for a description of sources of documents in the BLMIS Searchable Database.[3]

## III.    THE SQL DATABASES

Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain Third-Party Documents was processed and input into multiple Microsoft Structured Query Language ("SQL") Server tables and databases (the "SQL Databases"). To the extent feasible, the underlying documents used to build the SQL Databases are contained in E-Data Room 1. Some or all of the data in the SQL Databases is responsive to most of the Interrogatories. SQL Databases are used by the Trustee's experts and are available for production to any Defendant upon request. Use of the SQL Databases requires some technical expertise. *See* **Appendix C** for the sources of data loaded into the SQL Databases.

### THE TRUSTEE'S OBJECTIONS

1.    **Materials Prepared Post-December 11, 2008:** The Trustee will not produce or

---

[3] Certain defendants with proper credentials have direct access to millions of Third-Party Documents in the Trustee's possession. These documents are governed by the Third-Party Data Room Order. Per that Order, the Third-Party Data Rooms are not available to Defendants in these Adversary Proceedings.

log Documents prepared by and/or received by him, his counsel, his professionals and/or other agents from on or after December 11, 2008 that are protected by the attorney work product doctrine, the attorney-client privilege, and/or any other applicable privileges or protections ("Materials Prepared Post-December 11, 2008").

2.      **Redundant, Cumulative, and Marginally Relevant Documents:** The BLMIS Searchable Database may contain documents that are responsive to the Interrogatories but which are redundant, cumulative, or marginally relevant (for example, the Defendants' names or account numbers appear on a list of customer names or account numbers and there is no other unique information). The Trustee objects to the production of these Documents to the extent that such production is not proportionate to the needs of the case under Federal Rule 26(b)(1) ("Redundant, Cumulative, and Marginally Relevant Documents").

3.      **Information Outside the Scope of Relevance:** The Trustee objects to the disclosure of any information or identification of any Documents outside the scope of relevance articulated in Federal Rule 26 and Section 4(G) of the Litigation Procedures Order ("Information Outside the Scope of Relevance").

## RESPONSES TO DOCUMENT DEMANDS AND INTERROGATORIES

### REQUEST NO. 1:

List the name and address of every former BLMIS employee with whom you spoke about the meaning of entries on the customer statements and state the substance of what you questioned each person about and what that person told you. Produce all documents you reviewed with each such employee and all documents indicating what each person said.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it calls for Materials Prepared Post-December 11, 2008. The Trustee will not produce and/or disclose such documents and/or information.

The Trustee further objects to this Request on the grounds that it seeks Information Outside the Scope of Relevance. The Request calls for documents that relate to customers other than the Defendants, and such documents are neither relevant to the claims or defenses nor proportional to the needs of these Adversary Proceedings.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate. For these reasons, the Trustee will not respond to this Request.

**REQUEST NO. 2:**

With respect to Madoff's and BLMIS' books and records, list every single factual error you found in those books and records including, without limitation, inconsistencies between the

deposits and withdrawals shown on the customer statements and the cancelled checks and copies of cancelled checks in the Trustee's possession.

**RESPONSE**:

The Trustee objects to this Request on the grounds that BLMIS' "books and records" and "errors" are vague because the Request does not specify which books and records and what kind of "errors" to which it refers.

The Trustee further objects to this Request on the grounds that it seeks Information Outside the Scope of Relevance. The Request calls for documents that relate to customers other than the Defendants, and such documents are neither relevant to the claims or defenses nor proportional to the needs of these Adversary Proceedings.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

Notwithstanding that information about other BLMIS customers is not relevant to the cases, the Trustee responds that customer statements and canceled checks are included in the Trustee's Initial Disclosure Documents and are located in E-Data Room 1. The Trustee states

pursuant to Federal Rule 33(d)(1) that Defendants may determine the response to this request for

Defendants by comparing the customer statements with the checks and that the burden of

ascertaining the information is substantially the same for either party.

**REQUEST NO. 3:**

List every single factual error asserted by any Madoff or BLMIS customer in their

statements and produce all documents relating to such error.

**RESPONSE:**

Trustee's Response to this is the same as Trustee's Response to No. 2.

**REQUEST NO. 4:**

List every single "PW" entry on a customer statement where there is no documentary

evidence that the customer requested to receive profit withdrawals and produce all

documents relating thereto.

**RESPONSE:**

The Trustee objects to this Request on the grounds that it seeks Information Outside the

Scope of Relevance. The Request calls for information that relates to customers other than the

Defendants, and such information is neither relevant to the claims or defenses at issue nor

proportional to the needs of these Adversary Proceedings. "PW" is not at issue in every

Adversary Proceeding, and to the extent that it is relevant to any specific Adversary Proceeding,

the Trustee produced the relevant customer statements as part of his Initial Disclosure

Documents. The Trustee states pursuant to Federal Rule 33(d)(1) that Defendants may

determine the response to this request by reviewing the Initial Disclosure Documents and that the

burden of ascertaining the information is substantially the same for either party.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

Notwithstanding that information about other BLMIS customers is not relevant to these Adversary Proceedings, the Trustee will produce a list of PW transactions that indicates whether the transaction reconciles to BLMIS bank records, customer files, or documents produced to the Trustee. This list was made available in connection with the Trustee's Motion Affirming Treatment of Profit Withdrawal Transactions, ECF Nos. 10660-10664, attached as Exhibit 7 to the Declaration of Lisa M. Collura, ECF No. 10664.

**REQUEST NO. 5:**

If you contend that Madoff's and BLMIS' customer statements were not "permeated with fraud" with respect to the deposits and withdrawals, produce all reports and documents on which you base that conclusion.

**RESPONSE**:

The Trustee objects to this Request because it violates Local Rule 33.3(c), which prohibits interrogatories that "seek the claims and contentions of the opposing party" until after

the conclusion of other discovery, unless the Court has ordered otherwise. The interrogatory above seeks information about the Trustee's contentions. Discovery is ongoing in most of these Adversary Proceedings, and Defendants have not sought permission from the Court to ask contention interrogatories.

The Trustee further objects to this Request to the extent that it calls for "reports and documents" that are Materials Prepared Post-December 11, 2008. The Trustee will not produce such materials.

The Trustee also objects to the unexplained use of "permeated with fraud" with respect to the customer statements, and has no way of knowing the source of that quote. As the Trustee has explained to both the Court and opposing counsel, it is the Trustee's position that the cash activity reflected in the BLMIS customer statements is accurate and not fraudulent.

The Trustee also objects to the Request because it seeks Information Outside the Scope of Relevance. The Request calls for information and documents relating to thousands of other BLMIS customers. The Trustee further responds that, with respect to the cash activity and principal transactions that affect the principal balance calculation (or net equity) in the Defendants' accounts at issue in the Adversary Proceedings, the Trustee has not identified any fraud. Further, Defendants have not pointed out any fraud in any of the customer statements to the Trustee; nor have they pointed out any errors to the Trustee or set forth a specific, good-faith statement disputing any particular transaction.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

Finally, the Trustee objects to the extent this Interrogatory prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management orders entered in these Adversary Proceedings. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery in each Adversary Proceeding. The Trustee further notes that to the extent fact witnesses relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

**REQUEST NO. 6:**

As of the date you respond to these interrogatories, list every customer whose allowed claim has not been paid in full and state the amount of that customer's allowed claim and the amount that customer has received to date. Produce all documents from which you derived your answer. If you take the position that you cannot reveal the names of the account

holders, list the accounts by account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family investment fund; (d) an IRA account; or some other category.

**RESPONSE**:

The Trustee objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee further objects to this Request on the ground that it seeks Information Outside the Scope of Relevance and otherwise not proportional to the needs of these Adversary Proceedings, given that it calls for information relating to claimants other than Defendants.

The Trustee refers Defendants to information regarding the claims process, located on the Trustee's website at www.madofftrustee.com.

**REQUEST NO. 7:**

With respect to your most recent distribution to allowed claimants, how much did you distribute in total and how much did you distribute to each allowed claimant. Produce all documents evidencing the distribution schedule including a list of the amount paid to each

claimant, showing the name of each claimant. If you take the position that you cannot reveal the names of the account holders, list the accounts by account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family investment fund; (d) an IRA account; or some other category.

**RESPONSE**:

The Trustee objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee further objects to this Request on the ground that it seeks Information Outside the Scope of Relevance or otherwise not proportional to the needs of these Adversary Proceedings, given that it calls for information that (i) is not relevant to the claims or defenses associated with whether the Trustee may avoid and recover the avoidable transfers from Defendants and (ii) relates to hundreds of claimants other than Defendants.

**REQUEST NO. 8:**

List the name of every customer who sold an allowed claim to a claims purchaser, the amount paid to the customer by the claims purchaser, the allowed amount of the claim, and the date of the purchase. Produce all documents from which you derived your answer.

**RESPONSE**:

The Trustee's Response to this is the same as the Trustee's Response to No. 7.

**REQUEST NO. 9:**

List every claims purchaser to whom you have made payment and state the amount, to date, that you have paid each claims purchaser.

**RESPONSE:**

The Trustee objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request on the grounds that it seeks Information Outside the Scope of Relevance. The information called for by this Request has no bearing on whether the Trustee may avoid and recover the avoidable transfers in the applicable Adversary Proceedings.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the

defendant's attempt to compel a response to this identical Request in that adversary proceeding,

no response beyond what the Trustee provided in *Wilenitz* is appropriate.

**REQUEST NO. 10:**

Provide a list of every allowed claim with the amount of the allowed claim. If you

take the position that you cannot reveal the names of the account holders, list the accounts by

account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a

family investment fund; (d) an IRA account; or some other category.

**RESPONSE:**

The Trustee's Response to this is the same as the Trustee's Response to No. 7.

**REQUEST NO. 11:**

For each year of Madoff's operation, state all facts on which you base your position that

Madoff did not purchase securities for his investment advisory customers and produce the

documents on which you base your position.

**RESPONSE:**

The Trustee objects to this Request on the ground it calls for Materials Prepared Post-

December 11, 2008, as well as information derived therefrom. The Trustee will not produce

and/or disclose such documents and/or information.

The Trustee further objects to this Request on the grounds that it prematurely seeks to

have the Trustee disclose expert materials well in advance of the deadline for disclosure of this

information as provided in the Court-approved case management order entered in these

Adversary Proceedings. The Trustee will supplement his productions with additional documents

considered by his experts, if any, following submission of their expert reports during expert

discovery in the respective Adversary Proceedings. The Trustee further notes that to the extent

fact witnesses relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings.

The Trustee states that an analysis of BLMIS's books and records reflect that no securities were purchased by the investment advisory business unit. The Trustee will be submitting an expert report pursuant to the operative case management order in the respective adversary proceedings containing a detailed analysis of these records. In addition, the Trustee refers Defendants to E-Data Room 1, which was created to provide Defendants access to the documents upon which the Trustee will rely to establish that the investment advisory business unit did not purchase any securities. It is not proportional to the needs of these Adversary Proceedings to respond to this Request and require the Trustee to undertake any additional burden given that there are more than 5 million responsive documents in E-Data Room 1 and Defendants have not articulated whether, or a specific reason as to why, they contend that BLMIS was not a fraudulent enterprise during the relevant time period.

**REQUEST NO. 12:**

With respect to your answer to Interrogatory No. 11, list all individuals with whom you spoke concerning this issue, explaining the specific facts each such person provided and produce all documents obtained from each such person.

**RESPONSE:**

The Trustee objects to this Request on the ground it calls for Materials Prepared Post-December 11, 2008, as well as information derived therefrom. The Trustee will not produce and/or disclose such documents and/or information.

The Trustee further objects to this Request on the grounds that it prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management order entered in these Adversary Proceedings. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery in the respective Adversary Proceedings. The Trustee further notes that to the extent fact witnesses relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings.

**REQUEST NO. 13:**

List the name, address and phone number of every BLMIS employee who worked in the market-making business and in the proprietary trading business as of January 1, 2008 and explain his/her function and compensation.

**RESPONSE:**

The Trustee objects to this Request to the extent it seeks Information Outside the Scope of Relevance.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee nonetheless states that approximately 4 million documents that relate to the operations of BLMIS are in E-Data Room. The purpose of E-Data Room 1, among others, was to provide all parties access to documents relating to the operations of BLMIS on a global basis. It is not proportional to the needs of these Adversary Proceedings to respond to this Request and require the Trustee to undertake any additional burden given the accessibility of these documents. The Trustee directs the Defendants to MADTTN0008185, located in E-Data Room 1, which lists the persons employed by BLMIS, to the best of the Trustee's knowledge, for a time period including January 1, 2008. The Trustee also directs the Defendants to Bates No. FIDTAA0000166-FIDTAA0000325, located in E-Data Room 1, that contains additional information responsive to this request.

**REQUEST NO. 14:**

Explain the basis on which you determined that the Defendants have no net equity and produce the front and back of each deposit into and withdrawal from the Account and from any account which transferred funds into the Defendants' account.

**RESPONSE:**

In a meet and confer regarding virtually identical Requests served by defense counsel in a separate adversary proceeding, defense counsel clarified that this Request should state, "produce the front and back of each check deposited into and withdrawn from the Account and from any account which transferred funds into the Defendants' account."

The Trustee responds that the Trustee's expert calculated the principal balance by reviewing the Initial Disclosure Documents for each relevant adversary proceeding, which were produced to Defendants in connection with the Trustee's initial disclosures in each Adversary Proceeding. It is not proportional to these Adversary Proceedings for the Trustee to be required to produce the backs and fronts of every check deposited into and withdrawn from Defendants' accounts and from any account which transferred funds into the Defendants' accounts when the Defendants have not set forth a specific, good-faith reason that the calculation is incorrect.

The Trustee further objects to the extent this Request prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management orders entered in these Adversary Proceedings. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery. The Trustee further notes that to the extent fact witnesses relied on by the Trustee

may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

## REQUEST NO. 15:

Explain how you intend to establish that Madoff was insolvent in each year from 1960 – 2000 and produce all documents on which you will rely to establish insolvency for each of those years.

## RESPONSE:

The Trustee objects to the extent this Interrogatory prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management orders entered in these Adversary Proceedings. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery. The Trustee further notes that to the extent fact witnesses relied on by the Trustee may also qualify as

expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee intends to put forth an expert on the insolvency of BLMIS. The majority of the documents upon which the expert relies to establish insolvency are in E-Data Room 1, and other documents and materials on the expert's documents considered list are available to Defendants when the expert report is produced.

## REQUEST NO. 16:

Provide the gross trading volume by both number of shares traded and total dollar volume for each year of Madoff's operation, broken down by (a) investment advisory business (b) proprietary trading business; and (c) market making business. Produce the documents on which you base your responses.

**RESPONSE**:

The Trustee objects to this Request because it violates Local Rule 33.3(c), which prohibits interrogatories that "seek the claims and contentions of the opposing party" until after the conclusion of other discovery unless the Court has ordered otherwise. This Request seeks information about the Trustee's contentions. Discovery is ongoing in most of these Adversary Proceedings, and Defendants have not sought permission from the Court to ask contention interrogatories.

The Trustee further objects to the extent this Request prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management orders entered in these Adversary Proceedings. The Trustee intends to establish the insolvency of BLMIS through his experts. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery. The Trustee further notes that to the extent fact witness relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which

are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

While the foregoing protects the Trustee from having to respond at all to this Request, the Trustee nonetheless states that there were no securities purchased by the investment advisory business unit, of which Defendants were customers. With respect to the proprietary trading business and the market making business, records from BLMIS and third parties, including the Depository Trust and Clearing Corporation, which reflect trading activity by those business units of BLMIS, are in E-Data Room 1. The purpose of E-Data Room 1, among others, was to provide Defendants the documents upon which the Trustee relies to establish that no trades were being made by the investment advisory business unit and that no trades were being made by the market making and proprietary trading business unit on behalf of customers of the investment advisory business unit. Given the accessibility of these documents, as well as Defendants' failure to articulate a specific reason as to whether and why Defendants contend that BLMIS was not a fraudulent enterprise or insolvent during the relevant time period, it is not proportional to the needs of these Adversary Proceedings to respond to this Request and require the Trustee to undertake any additional burden.

## REQUEST NO. 17:

Provide the number of employees who worked in each of the trading areas set forth in interrogatory # 17 for each year of Madoff's operations and produce the documents on which you base your responses.

## RESPONSE:

The Trustee's Response to this is the same as Trustee's Response to No. 13.

**REQUEST NO. 18:**

For each security listed on the Defendants' account statements for each year from 1982 on, set forth the number of shares of the listed companies' stock that BLMIS held at that time; and, if the stock was specified as belonging to a particular customer, specify the customer and the number of shares shown on BLMIS' records as being owned by that customer. Produce the documents on which you base your responses.

**RESPONSE:**

The Trustee objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee states pursuant to Federal Rule 33(d)(1) that Defendants may determine the response to this request for Defendants by comparing the DTCC records in E-Data Room 1 with the Initial Disclosure Documents and that the burden of ascertaining the information is substantially the same for either party.

**AS TO OBJECTIONS:**                    **BAKER & HOSTETLER LLP**

Dated: August 5, 2016
      New York, New York

By:    /s/ Nicholas J. Cremona
        David J. Sheehan
        Email: dsheehan@bakerlaw.com
        Nicholas J. Cremona
        Email: ncremona@bakerlaw.com
        **BAKER & HOSTETLER LLP**
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: 212.589.4200
        Fax: 212.589.4201

        *Attorneys for Irving H. Picard, Trustee for*
        *the Substantively Consolidated SIPA*
        *Liquidation of Bernard L. Madoff*
        *Investment Securities LLC and the Estate*
        *of Bernard L. Madoff*

**VERIFICATION**

STATE OF NEW YORK      )
                                )
COUNTY OF NEW YORK  )

       I, Irving H. Picard, as the Court-appointed Trustee of the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, hereby state that the foregoing Interrogatory Responses and Objections ("Responses") have been assembled and prepared by my counsel.  I sign for purposes of being bound by the foregoing Responses, but further state that as the Trustee, I have no personal knowledge of the facts and information herein.  The Responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these Responses.  Consequently, I reserve the right to make changes to the Responses if at any time it appears that an error or omission has been made therein or if additional or more accurate information becomes available.

Dated: August 5, 2016

                                        Irving H. Picard

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of

August, 2016 by electronic and first class mail upon the following:

> Helen Davis Chaitman
> CHAITMAN LLP
> 465 Park Avenue
> New York, NY 10022
> Email: hchaitman@chaitmanllp.com

_____/s/ Maximillian S. Shifrin_____
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*
