# EXHIBIT F

```
                                                            Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3   Case No. 08-99000-smb

 4   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

 5   In the Matter of:

 6

 7   ADMINISTRATIVE CASE RE: 08-01789 (SECURITIES INVEST-

 8   ADVERSARY PROCEEDING),

 9

10            Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12

13   Adv. Case No. 10-04995-smb

14   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

15   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

16   MADOFF INVESTMENT SECURITIES LLC,

17                  Plaintiff,

18         v.

19   TRUST u/art FOURTH o/w/o ISRAEL WILENITZ,

20                  Defendants.

21   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

22

23

24

25
```

Page 2

```
 1   Adv. Case No. 10-05184-smb

 2   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

 3   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

 4   MADOFF INVESTMENT SECURITIES LLC,

 5                 Plaintiff,

 6           v.

 7   LAURA ANN SMITH REVOCABLE LIVING TRUST et al,

 8                 Defendants.

 9   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10

11   Adv. Case No. 10-04352-smb

12   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14   MADOFF INVESTMENT SECURITIES LLC,

15                 Plaintiff,

16           v.

17   RAR ENTREPRENEURIAL FUND. LTD. et al.,

18                 Defendants.

19   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25
```

Page 3

1          U.S. Bankruptcy Court
2          One Bowling Green
3          New York, NY  10004
4
5          May 17, 2016
6          10:51 AM
7
8
9    B E F O R E :
10   HON STUART M. BERNSTEIN
11   U.S. BANKRUPTCY JUDGE
12
13
14
15   Hearing re:  10-04995-smb, 10-05184-smb, 10-04352-smb The
16   Trustee's Request For Leave To File A Motion For a
17   Protective Order in Wilentiz.
18
19
20
21
22
23
24
25   Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   WINDELS MARX LANE & MITTENDORF, LLP

 4        Special Counsel to Irving H. Picard, as Trustee

 5        156 West 56th Street

 6        New York, NY 10019

 7

 8   BY:  KIM M. LONGO

 9        JOHN J. TEPEDINO

10

11   BAKER HOSTETLER

12        Attorney for the Trustee

13        45 Rockefeller Plaza

14        New York, NY 10111

15

16   BY:  EDWARD J. JACOBS

17        NICHOLAS J. CREMONA

18

19   CHAITMAN LLP

20        Attorney for Defendants

21        465 Park Avenue

22        New York, NY 10022

23

24   BY:  HELEN DAVIS CHAITMAN, ESQ.

25
```

Page 5

1  ALSO PRESENT TELEPHONICALLY:
2  KEVIN H. BELL
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1    the transfers.

2              THE COURT: So, you produce the records of other

3    accounts, for instance, the transferor accounts?

4              MR. JACOBS: We do, Your Honor. We call that our

5    initial disclosure production. In every case where there's

6    an interaccount transfer, we replicate our production of the

7    CADs, which I described earlier, for any related accounts.

8    And by related accounts, to be clear, in our mind that means

9    any account that transferred money to the sued upon account.

10   We do provide all of that documentation.

11             And also, the only additional possible discovery

12   that I believe would be relevant to the issues of transfers

13   and net equity are the Defendants' own bank records. And as

14   Your Honor I know is aware, this Defendant in addition to

15   others, have vigorously contested our right to those

16   documents. The Court has rejected those objections. That's

17   no longer an issue in this case, although I think we're

18   going to be talking about that in some others again later.

19             But in any event, our position is that the bank

20   records have limited utility. Our experts will submit

21   reports that detail exactly why BLMIS's books and records

22   are accurate and reliable for the cash activity, transaction

23   activity for every relevant account over the life of the

24   account. Those reports have not yet been submitted but I

25   can promise the Defendant and the Court that they will be

Page 29

1   incompetent to do the job, deliberately motivated to
2   misrepresent what was going on in the transactions, that's
3   relevant.
4           THE COURT:  So you can ask him at a deposition.
5   That sounds like expert discovery.
6           MS. CHAITMAN:  No, because I'm...  If the Trustee
7   -- if it's been brought to his attention that the internal
8   records are full of factual errors, I think he has an
9   obligation to disclose that.
10          THE COURT:  I think I disagree.  Let's go through
11  the request...  As I said, you can make a motion to compel.
12  I can't tell you that you can't --
13          MS. CHAITMAN:  Yeah, I'd like to at the end of
14  this, just so we have a clear record of what the rulings
15  are.
16          THE COURT:  All right.  With respect to one, list
17  the name and address...  Well, I don't have to read it.
18  It's in there.
19          MS. CHAITMAN:  Yeah.
20          THE COURT:  I'm looking at Document 63-1.
21          MR. JACOBS:  Right.
22          THE COURT:  Is there an objection to that?
23          MR. JACOBS:  Yes, Your Honor.  This request is
24  like the other...  As the Court pointed out with respect to
25  other requests, this request is essentially seeking our work

Page 30

1    product.

2            THE COURT:  That was my reaction when I saw it.

3            MR. JACOBS:  And I explained to Ms. Chaitman on

4    the phone yesterday that, as she knows, there are

5    potentially upcoming depositions of BLMIS employees

6    happening in the PW context.  She has a right to transcripts

7    of those depositions or to participate.

8            THE COURT:  Does she have the right to ask you who

9    you spoke to?  Forgetting about what they said.

10           MR. JACOBS:  She absolutely doesn't.  That's our

11   investigatory work product.  And any mental impressions, or

12   memos, or notes that we took during our investigation are

13   work product that are shielded from discovery.

14           THE COURT:  Certainly, when you asked for witness

15   statements, that sounded like Hickman v. Taylor, which was

16   the issue in that case.

17           MS. CHAITMAN:  You know what, Judge?  The reason I

18   want to brief that issue is that a SIPA trustee has specific

19   obligations to investigate the debtor and report to the

20   creditor body on what he finds.  And I think that there's a

21   very strong issue there.  This is not a typical adversary.

22   This is an adversary who's appointed pursuant to a federal

23   statute, which was intended to protect the customers.

24           THE COURT:  Well, the same is true of a trustee,

25   as a representative of the estate.

Page 53

1        MS. CHAITMAN: Yeah, I did. I will go back and
2   look at it again. I do not believe that it broke it down
3   that way, but I will look at it.
4        THE COURT: All right. 14 I think is permissible.
5   That goes back to the computation of net equity, which is
6   basically the same as the computation of fictitious profits.
7        MR. JACOBS: Right.
8        THE COURT: And, you know, she's entitled to
9   inquire to how you computed the net equity in a particular
10  account. Now, it may make sense -- I don't know how you're
11  going to do this with one expert and however many cases you
12  have at this point, but she's certainly entitled to ask how
13  did you compute the next equity in the transferor account
14  back in whenever it was.
15       MR. JACOBS: I don't disagree, Your Honor. That's
16  a subject of expert reports that will be proffered in expert
17  discovery. There are three.
18       THE COURT: Yeah, I mean, some of this may be
19  relevant but premature. That's all I'm suggesting.
20       MS. CHAITMAN: But why do I have to wait for an
21  expert report? This is a factual issue. I don't even think
22  --
23       THE COURT: But you've gotten the information
24  already.
25       MR. JACOBS: We've produced 100 percent of the

Page 79

1       C E R T I F I C A T I O N

2

3    I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  May 19, 2016