# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 31, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   In re BLMIS (08-01789) – Motion to Compel filed by Chaitman LLP

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write in response to the August 29, 2016 letter submitted by Chaitman LLP on behalf of defendants in 83[1] adversary proceedings (the "Chaitman Defendants") requesting permission to file a motion to compel further responses to certain discovery requests served on the Trustee by the Chaitman Defendants. For the reasons described below, the Trustee respectfully requests that the motion not proceed until after the Court has held a discovery conference with the parties on this issue.

      First, Ms. Chaitman has not obtained permission to file a motion to compel in any proceeding other than—arguably—*Picard v. Wilenitz*, Adv. Pro. No. 10-04995. On May 17, 2016, this Court held a hearing in *Picard v. Wilenitz* (the "May 17 Hearing"), to address certain purported deficiencies in the Trustee's responses to the *Wilenitz* interrogatories. *See* Exhibit A, Transcript of May 17, 2016 Hearing. At the hearing, the Court repeatedly stated that it could not stop Ms. Chaitman from filing a motion to compel, but indicated that such a motion would

---

[1] In the August 29 letter, Chaitman LLP requests permission to file a motion to compel "on behalf of clients in 92 separate avoidance actions." However, the disputed discovery was only served in 83 adversary proceedings, including the *Wilenitz* case. The total number of adversary proceedings implicated by Chaitman LLP's request to file a global motion to compel is 83, which the August 29 letter seems to recognize. The Trustee objects to the Court's consideration of such discovery in any case where it was not served.

August 31, 2016
Page 2

essentially be futile because, after a review and discussion of each request, the Court found that the Trustee's objections were legitimate. Specifically, the Court indicated that Ms. Chaitman's concerns were preserved and in the meantime, the Trustee should not be required to answer the discovery. *See* Ex. A, 70:23-71:9. However, Ms. Chaitman reiterated her request to file a formal motion, "just so we have a clear record of what the rulings are." *Id.* at 29:14-15.

Second, on June 21, 2016, more than a month after the *Wilenitz* conference, Ms. Chaitman attempted to serve 17 of the original 19 requests that were made in *Wilenitz*—without modification—in 82 additional cases. Federal Rule of Civil Procedure 26(g) requires an attorney to certify that discovery requests are made in good faith. Because the Court expressly stated its view that the Trustee had asserted legitimate objections to each of these requests at the *Wilenitz* conference, Ms. Chaitman's actions lack the requisite good faith intent pursuant to Rule 26(g).

Third, the discovery referenced in the motion to compel filed in the *Wilenitz* matter on August 29, 2016 is not the discovery that was served in that case. Rather, the discovery for which Ms. Chaitman seeks relief is the version that was served in the 82 adversary proceedings other than *Wilenitz*. While 17 of the 19[2] requests served in those 82 adversary proceedings are identical to the ones served in *Wilenitz*, they contain two additional requests that have never been before the Court and for which the Court has not authorized the filing of a motion. *Compare* ECF. No. 70, Ex. A (Nos. 11 & 12) *with* ECF. No. 70, Ex. C (Nos. 11 &12).

Fourth, Ms. Chaitman has not obtained the requisite permission pursuant to Local Rule 7007-1, and your Honor's Chambers Rules, to file motions in any of the additional 82 cases in which she seeks to file them.[3] The Court's rules should not be flouted because they are designed to facilitate the just and efficient adjudication of cases.

Finally, had Ms. Chaitman wished to avoid further burden to the Court, she could have sought a meaningful meet and confer to resolve or narrow the issues prior to filing her August 29, 2016 letter and motions. Instead, both the Court and the parties are forced to work through the morass of confusion that Ms. Chaitman has now created with the above-referenced conduct.

For these reasons, the Trustee respectfully requests—prior to having to incur yet more expenses in connection with issues the Court has previously addressed—that no return date be set on any proposed motion, including *Wilenitz*, until the Court has held a conference to resolve the numerous issues created by Ms. Chaitman's August 29, 2016 letter and related filings.

---

[2] Ms. Chaitman's August 29, 2016 letter mistakenly states that there were 18 requests in the original *Wilenitz* discovery. However, as the Trustee pointed out during the May 17, 2016 hearing, there were 19 requests in *Wilenitz*, but one request was unnumbered.

[3] In addition to being filed in the *Wilenitz* case, the motion to compel was also filed in *Picard v. Edyne Gordon*, Adv. Pro. No. 10-04809, and *Picard v. Edyne Gordon*, Adv. Pro. No. 10-04914, under the false pretenses that the Trustee had requested a discovery extension but had not yet submitted a revised case management order. The extension is necessitated in these cases by Ms. Chaitman's failure to make her clients available for depositions. *See* Ex. B. Accordingly, the improperly filed motions in these cases should be stricken.

August 31, 2016
Page 3

Respectfully submitted,

*/s/Edward J. Jacobs*

Edward J. Jacobs
Partner

cc:  Helen Davis Chaitman, Esq. (Chaitman LLP) (via ECF and Electronic Mail)