# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

September 1, 2016

**VIA ECF AND EMAIL**
Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

  Re: *In re Madoff (08-01789)* – Motion to Compel in various adversary proceedings

Dear Judge Bernstein:

  I write in response to the Trustee's letter of August 31, 2016.

  This Court authorized us to file a motion to compel the Trustee to answer discovery requests in *Wilenitz*. (*See* Transcript of May 17, 2016 Hearing at 71:20-22) (**The Court:** [Ms. Chaitman] is going to make a motion to compel. I'll just stay [the Trustee's requested motion for a protective order] until I resolve the motion to compel.).

  The Trustee has since refused to respond to Discovery Requests that we served on behalf of our clients in 83 adversary proceedings. Despite the Trustee's representation that these Requests were served in bad faith, we did this so that one motion to compel could resolve this entire discovery dispute in all cases. (*Id.* at 22:8-18) (**The Court:** Well, have the same discovery requests been served in every case? **Ms. Chaitman:** I haven't done it yet because I asked for a conference with you to try to resolve this. **The Court:** . . . Well why don't we go through these discovery requests and maybe we can pare down what you're entitled to ask for in future cases, and this'll provide some guidance in all the cases. The results can be the same unless some case has a nuance . . . .").

  The Discovery Requests were the same as those served in *Wilenitz*, except three (3) Requests relating to the Trustee's compensation were withdrawn and replaced with two (2) Requests relating to Madoff's securities investment activities.[1] These two Requests are:

---

[1] To the extent permission was not granted to file a motion to compel on these two additional Requests, the Court could treat the Motion to Compel as a request for a conference on those two Requests, but the Trustee's Reponses to those Requests raise substantially the same improper objections as the Trustee raises in response to all other Requests. We believe that any attempts to resolve disputes over those two Requests would be futile and would further burden the Court. Motion practice is obviously necessary and most expedient in these circumstances.

{00022926 1 }

# CHAITMAN LLP

Honorable Stuart M. Bernstein
In re Madoff (08-01789) – Motion to Compel
September 1, 2016

**Request No. 11:** For each year of Madoff's operation, state all facts on which you base your position that Madoff did not purchase securities for his investment advisory customers and produce the documents on which you base your position.

**Request No. 12:** With respect to your answer to Interrogatory No. 11, list all individuals with whom you spoke concerning this issue, explaining the specific facts each such person provided and produce all documents obtained from each such person.

We do not think the Court would agree with the Trustee's approach to resolution of these issues. (*See id.* at 22:5-6) (**Ms Chaitman:** [T]he fact of the matter is I represent defendants in 100 cases and we ought to be able to do this in a reasonable way. **The Court**: I don't disagree with you. I don't want to do this 100 times. And nobody does . . . .).

Judicial economy would not be served by the Trustee's attempts to fracture coordination of these adversary proceedings by reliance on overly formalistic arguments. As District Judge Pauley recognized, the Trustee is making arguments to prevent resolution of issues that apply globally to all Defendants. *See* Opinion & Order, *In Re Bernard L. Madoff Investment Securities, LLC*, 2016 WL 3892765 (S.D.N.Y. July 14, 2016) ("If the SIPA Trustee's actions were invalidated because of his compensation arrangement, that would have a financial impact on all defendants in the avoidance actions. Accordingly all Appellants have a sufficient financial interest to assert standing."). There is no reason why these matters should not simply be resolved with one motion.

The Trustee wants to exploit his vast resources and unlimited litigation budget to create duplicative work and make this as difficult as possible for Defendants. All of this could be brought to a head by simply permitting all of our clients to join the Motion to Compel that we filed in *Wilenitz*. We respectfully ask that the Court permit us to do so.

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman Esq.

HDC

cc:   Via E-mail
      Edward Jacobs (ejacobs@bakerlaw.com)
      David Sheehan (dsheehan@bakerlaw.com)

{00022926 1 }