**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Debtor. | |

## [PROPOSED] ORDER APPOINTING A DISCOVERY ARBITRATOR PURSUANT TO BANKRUPTCY RULE 9019(c) AND GENERAL ORDER M-390

WHEREAS, this liquidation arises out of the arrest of Bernard L. Madoff ("Madoff") on December 11, 2008 for criminal violations of federal securities laws, investor advisor fraud, and mail and wire fraud, and the subsequent plea hearing wherein Madoff admitted he operated a Ponzi scheme;

WHEREAS, on December 11, 2008, the Securities and Exchange Commission ("SEC") commenced an action against Madoff and his company, Bernard L. Madoff Investment Securities, LLC ("BLMIS"), *Securities Exchange Commission v. Bernard L. Madoff Investment Secuirities LLC, et al.*, No. 08 CV 10791 (LLS);

WHEREAS, on December 15, 2008, the Securities Investor Protection Corporation ("SIPC") filed an application seeking a decree that the customers of BLMIS are in need of the

protections afforded by the Securities Investors Protection Act ("SIPA");

WHEREAS, on December 15, 2008, the SEC consented to a combination of its own action with the application of SIPC, and thereafter, the Hon. Louis L. Stanton granted SIPC's application and entered an order pursuant to SIPA, which: (a) appointed the Trustee for the liquidation of the business of BLMIS; (b) appointed Baker & Hostetler LLP as counsel to Irving H. Picard, the Trustee for the liquidation of BLMIS; and (c) removed the case to bankruptcy court in the Southern District of New York.

WHEREAS, on April 13, 2009, an involuntary bankruptcy petition was filed against Madoff and, on June 9, 2009, this Court substantively consolidated the chapter 7 estate of Madoff into the SIPA proceeding;

WHEREAS, the Trustee commenced certain adversary proceeding against Defendants seeking to avoid and recover payouts of fictitious profits and other transfers made by BLMIS and/or Madoff to Defendants to the detriment of defrauded, innocent customers of BLMIS whose money was consumed by the Ponzi scheme;

WHEREAS, the Trustee and Defendants in many adversary proceedings are in active discovery;

WHEREAS, in hearings and conferences, this Court has heard and resolved various discovery disputes between the Trustee and Defendants, and it is likely that additional discovery disputes may arise in light of the documents relevant to the liquidation and adversary proceedings;

WHEREAS, in the interest of judicial economy, the Court appoints a Discovery Arbitrator pursuant to Rule 9019(c) of the Federal Rules of Bankruptcy Procedure and the General Order M-390 to resolve various discovery disputes in any of the Trustee's actions,

whether such dispute is currently pending before the Court or in the future;

WHEREAS, the parties in any given adversary proceeding who wish to use the Discovery Arbitrator will enter into a stipulated order consenting to submit the dispute to the Discovery Arbitrator and the procedures outlined in this Order,

**NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:**

1. In an effort to establish a uniform, efficient and fair framework for dealing with discovery in the Trustee's adversary proceeding, [                    ] shall serve as Discovery Arbitrator. The appointment of the Discovery Arbitrator is effective immediately.

2. The Discovery Arbitrator is appointed to resolve such discovery disputes that may arise, and which have been specifically referred to [him/her] by the Court, including discovery disputes related to electronically stored information, questions of privilege, confidentiality, work product, relevance, scope and burden.

3. The Discovery Arbitrator may not communicate *ex parte* with the parties or third parties without the consent of all parties, except with respect to scheduling.

4. The Discovery Arbitrator shall preserve, as a record of [his/her] activities, all written submissions received from the parties, all written submissions sent to the parties and any transcripts of hearings before the Discovery Arbitrator. The Discovery Arbitrator shall file with the Clerk of this Court such records upon the request of any party or the Court. The Discovery Arbitrator shall also file any order, report or recommendation to the Court within 10 days of the issuance thereof.

5. The Discovery Arbitrator shall be entitled to reasonable compensation at a rate of $_____.00 per hour, plus reasonable out-of-pocket expenses actually incurred in the performance of [his/her] duties. If the Discovery Arbitrator finds that [he/she] needs the assistance of a

support staff employee or lawyer in [his/her] office, that expense shall be billed by the Discovery Arbitrator at the ordinary rates for those people, which shall not exceed the rate paid to the Discovery Arbitrator.

6.  In any given adversary proceeding, the costs of the Discovery Arbitrator shall be paid by the Trustee up to and including the amount of $50,000.00, and thereafter shall be shared equally by (i) the Trustee, on the one hand, and (ii) the Defendants, on the other.  The Discovery Arbitrator shall send an invoice to the Trustee for such fees and expenses up to and including the amount of $50,000.00.  Thereafter, the Discovery Arbitrator shall send an invoice with apportioned amounts to the Trustee and the Defendants.

7.  Any party may refer a discovery dispute to the Discovery Arbitrator by emailing a letter of no more than three (3) pages summarizing the discovery dispute to the Discovery Arbitrator at the following email address:  [                    ], with notice to any to the relevant party(ies) via email.

8.  Within five (5) business days of receiving a party's letter to the Discovery Arbitrator noticing the discovery dispute, the any party(ies) to the discovery dispute shall submit to the Discovery Arbitrator via email a letter response to the initiating party's letter to the Discovery Arbitrator (the "Response"), not to exceed three (3) pages, with notice to the other party(ies) via email.

9.  Within two (2) business days of the Responses, the Discovery Arbitrator shall schedule a telephone conference with the parties to mediate the discovery dispute.  The telephone conference shall be scheduled for a date no later than five (5) business days from the date when the Discovery Arbitrator received the Responses.

4

10. Within the ten (10) business days after the telephone conference, the parties shall mediate the discovery dispute in good faith and work towards a resolution with the Discovery Arbitrator. The Discovery Arbitrator shall not mediate discovery disputes until all relevant parties have been given an opportunity to submit Responses pursuant to Paragraph 9 above. If, after attempting to mediate the discovery dispute, the parties cannot reach agreement as to a resolution of the discovery dispute, the Discovery Arbitrator shall issue a ruling on the discovery dispute within five (5) business days.

11. The Discovery Arbitrator, in [his/her] discretion, may request or permit the parties to submit additional briefing on the issue to the Discovery Arbitrator, prior to the Discovery Arbitrator issuing a ruling. In such event, the parties shall have ten (10) business days to brief the issue, unless otherwise agreed or ordered by the Discovery Arbitrator, as follows: (1) the opening brief shall be filed five (5) business days from the request of the Discovery Arbitrator; and (2) the response brief shall be filed five (5) business days after the opening brief is filed. The Discovery Arbitrator shall issue its ruling within ten (10) business days from the date briefing is completed.

12. In accordance with Paragraph 15 of the Litigation Protective Order entered on June 6, 2011 [Dkt. 4137] in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC, et al.*, Adv. Pro. No. 08-01789 (BRL), the Discovery Arbitrator may file under seal with the Clerk of the Court any documents claimed by any party to be **CONFIDENTIAL MATERIAL**, as defined in Paragraph 2 of the Litigation Protective Order.

13. The rulings of the Discovery Arbitrator shall be binding on all relevant parties. Any party may request an appeal of any ruling of the Discovery Arbitrator by submitting a letter to the Court (and copying the relevant parties and Discovery Arbitrator) setting forth the request

and the specific issues to be reviewed within ten (10) business days from the date such ruling is issued. At the discretion of the Court, the Discovery Arbitrator's rulings will be reviewed as follows: (i) findings of fact will be reviewed *de novo*; (ii) legal conclusions will be reviewed *de novo*; and (iii) rulings on procedural matters will be reviewed for abuse of discretion.

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    New York, New York
          September ___ , 2016

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE