大成 DENTONS

**Carole Neville**
Partner

carole.neville@dentons.com
D   +1 212 768 6889

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

September 6, 2016

BY E-MAIL

Honorable Judge Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Neil Reger Profit Sharing Keough et al - Adv. Pro. No. 10-05384 (SMB)

Dear Judge Bernstein:

On behalf of the Neil Reger Profit Sharing Keough and Neil Reger, trustee, defendants (the "Defendants") in the above referenced adversary proceeding, consistent with Local rule 7007-1(a) and Chamber rules, we write to request a conference with the Court regarding broad ranging subpoenas issued by Irving Picard, as trustee for Bernard L. Madoff Investment Securities LLC to Wells Fargo Bank, N.A. and J.P. Morgan Chase N.A. for all Defendants' bank records for the period from July 1998 through December 31, 2009. Copies of the subpoenas are attached hereto.  There is no dispute about the account transactions. Accordingly, we have asked counsel to withdraw the subpoenas but are unable to resolve the dispute. We request a conference so that we may request leave to quash the attached subpoenas.

The subpoenas request production of all monthly statements for the eleven year period even though the Trustee has produced to cancelled checks from Bernard Madoff for every transaction covering the period. As a result, although the Defendants are not waiving any remaining defense with respect to the transactions, there is no dispute that Madoff issued the checks to the Keough account and they were deposited in a Wachovia account. The Trustee, in his customary manner, has also issued the subpoenas concurrently with voluminous written discovery and therefore, well in advance of receipt of the Defendants' responses. There is no evidence that any account relevant to this adversary proceeding was held in a J.P Morgan account.  Given that the Trustee has the information regarding the transactions in the account and has other far less intrusive methods of obtaining information regarding the account, the subpoenas should be seen as attempts to intimidate Mr. Reger with extremely over broad and intrusive inquiries into his personal finances over an 11 year period

The request also seeks "historical Account balance information" which seems to be unlimited in time.  The subpoenas request all deposit slips and records of incoming and outgoing wire transfers, whether or not those deposits were related to Madoff.  Similarly, the Trustee wants copies of all checks, deposited and drawn, whether or not they have anything to do with BLMIS.  In addition, the Trustee requests account opening documents, documents concerning predecessor or "successor" accounts, documents reflecting transfers between accounts and any communications concerning the accounts.  It would be hard to devise a more invasive investigation of a person's financial affairs.  The discovery is well beyond the

大成 DENTONS

大成  Salans FMC SNR Denton McKenna Long
dentons.com

September 6, 2016
Page 2

scope of discovery that can be justified by the transactions at issue or the issues in the adversary proceeding.

We have informed the Trustee's counsel that there is no dispute with respect to the amount and dates of the transactions and directed the Trustee's counsel to the cancelled checks in his own production. Nevertheless, the Trustee has refused to withdraw the subpoenas. As a result, we request a conference for permission to quash the subpoenas.

Sincerely,

Carole Neville

Enclosures

cc:   Elyssa Kates, Baker & Hostetler LLP *(via email)*
      Emil Kleinhaus, Wachtell, Lipton, Rosen & Katz LLP *(via email)*
      Beverly Jo Slaughter, Esq. *(via email)*

101337842\V-1