**大成 DENTONS**

Carole Neville
Partner

carole.neville@dentons.com
D   +1 212 768 6889

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

September 8, 2016

**BY E-MAIL**

Honorable Judge Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Neil Reger Profit Sharing Keough et al - Adv. Pro. No. 10-05384 (SMB)

Dear Judge Bernstein:

I write in response to the letter dated September 8, 2016 from Edward Jacobs with respect to the Trustee's discovery in the above referenced matter.

Since I first wrote to request a conference, at least six Baker & Hostetler lawyers have struggled to come up for a rationale for seeking eleven years of bank records from two financial institutions with respect to this account.  The transactions in the account are not in dispute. The Trustee has produced cancelled checks for each withdrawal and evidence of the deposit.  Written discovery has not yet come due.  There may be a dispute with respect to whether the Keough or Mr. Reger is the initial transferee.  That is what the Trustee's counsel would like to resolve by stipulation.  It is an issue that has nothing to do with additional bank records as the cancelled checks payable to the Keough are in the Trustee's possession.

The proffered rationale that the discovery is necessary to test two affirmative defenses is pure nonsense. The bank records are not germane to the defense that the Defendants were required to pay taxes on the profits.  The tracing defense relates solely to the two year withdrawals between December 2006 and December 2008 that the Trustee seeks to avoid and recover, not to eleven years of financial records. Nothing in Mr. Jacobs letter makes a case the invasive discovery sought from these financial institutions.

The correspondence between counsel demonstrates that the Trustee's counsel was willing to extend the banks' response date, but withdraw the subpoenas.

It is  well settled that discovery may be limited when sought "in bad faith, to harass or to oppress the party to it, when it is irrelevant…."See *Freedman v. Weatherford Int'l Ltd.*, 2014 U.S. Dist. LEXIS 102248 (S.D.N.Y. July 25, 2014) (quoting *Tilegiant Corp. v Sitel Corp.*, 272 F.R.D 360, 363 (S.D.N.Y. 2011) (quoting *In re Six Grand Jury Witnesses*, 979 F.2d 929, 943 (2d Cir. 1992) Trustee's discovery of all financial records for an eleven year period is sought in bad faith, intended to harass, and is  irrelevant to the case.

As a result, we request a conference for permission to quash the subpoenas.

Sincerely,

*[signature]*

Carole Neville

101396876\V-1