# BakerHostetler

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T  216.621.0200
F  216.696.0740
www.bakerlaw.com

Terry M. Brennan
direct dial: 216.861.7485
TBrennan@bakerlaw.com

September 13, 2016

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

*Re:*    *Picard v. Jo Ann Crupi, et. al.*, Adv. Pro. No. 10-04216

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the estate of Bernard L. Madoff. We write to request a conference with the Court, under Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, concerning a discovery dispute in the above-captioned adversary proceeding. We are seeking documents and communications which we sought via subpoena from Guston & Guston, and which were withheld on attorney-client privilege grounds. The Trustee believes that the crime-fraud exception applies, and that the withheld communications will help establish that transfers at issue in this case were made with actual intent to hinder, delay, and defraud creditors, and were received in bad faith. Although the instant litigation has been pending for several years, it was de facto stayed during the pendency of Ms. Crupi's criminal case, which is why this dispute arises at this time.

Honorable Stuart M. Bernstein
September 13, 2016
Page 2

## I.    Background.[1]

In the months before BLMIS collapsed, Defendants Jo Ann Crupi, a manager at BLMIS, and Judith Bowen, Crupi's long-term partner (now wife), entered into purchase and escrow agreements to jointly buy a roughly $2 million beachfront home (the "Mantoloking House"). Guston & Guston represented the defendants in the Mantoloking House purchase, and Defendant Crupi wired nearly $3 million from BLMIS to Guston & Guston's IOLTA account to complete the sale. Ms. Crupi did not reduce the balance of her BLMIS investment advisory accounts (or that of Ms. Bowen) to reflect the wires; she simply took the money.

As late as November 2008, Ms. Crupi and Ms. Bowen signed contracts identifying them both as purchasers of the Mantoloking House. Sixteen days before BLMIS collapsed, that changed. Guston & Guston began moving funds out of trust accounts benefitting Ms. Crupi, and into trust accounts for the sole benefit of Ms. Bowen. On January 7, 2009, nearly a month after Bernard Madoff's December 11, 2008 arrest, the Mantoloking House was sold to Ms. Bowen alone.

Ms. Crupi faced a high risk of litigation arising from her managerial position at BLMIS, as this suit, her subsequent thirteen-count criminal conviction, and her $33 billion forfeiture order shows. (*See* Exhibit A, attached). Ms. Crupi took the proceeds of her fraud –both Ms. Crupi and Ms. Bowen concede that the Mantoloking House was the "proceeds of" Ms. Crupi's crimes– and titled them in the name of her long-term partner. (Ex. A at 5). Ms. Bowen closed the purchase of a multi-million home, using other people's money, nearly a month after Bernard Madoff's fraud was publicly revealed. Not only did the defendants use Guston & Guston's services to commit a textbook fraudulent transfer; the Mantoloking House transaction allowed Ms. Crupi and Ms. Bowen to retain assets stolen from BLMIS victims for years.

On December 21, 2015, the Trustee served a document production subpoena upon Guston & Guston (attached as Exhibit B). On February 8, 2016, Guston & Guston belatedly responded with a 20-page privilege log (attached as Exhibit C) asserting the attorney-client privilege as to documents that "reflect communications seeking advice regarding [a] real estate transaction[,]" obviously the Mantoloking House purchase. The Trustee then conferred with Guston & Guston by phone and defense counsel in person on June 23, 2016. In a final attempt to confer, the Trustee served a letter on the defendants' counsel on July 22, 2016 (attached as Exhibit D). The Defendants' counsel responded that the Trustee's view of the crime-fraud exception was overbroad. (Correspondence attached as Exhibit E).

---

[1] The facts set forth in the Background are based on the good faith allegations made in the Trustee's complaint, which the Trustee is entitled to confirm through discovery.

Honorable Stuart M. Bernstein
September 13, 2016
Page 3

## II.    Legal Analysis.

In the Second Circuit, as in New York and New Jersey, the Court may review allegedly privileged documents *in camera* to determine the applicability of the crime-fraud exception if the moving party shows "probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997), *abrogated on other grounds by Loughrin v. United States*, 134 S.Ct. 2384 (2014). *Nowlin v. People of State of New York*, 1 A.D.3d 172, 172-173, 767 N.Y.S.2d 77 at 77-78 (2003) (applying *Jacobs*); *Ocean Spray Cranberries, Inc. v. Holt Cargo Systems, Inc.*, 785 A.2d 955, 960 (N.J. Super. 2000). The crime-fraud exception applies to "virtually all kinds of deception and deceit" including fraudulent conveyances. *Id.* at 959-960; *Cendant Corp. v. Shelton*, 246 F.R.D. 401 (D. Conn. 2007) (authorizing deposition of counsel who formed trusts used to receive fraudulent transfers); *U.S. v. Barrier Industries, Inc.*, Case No. 95 CIV 9114 (BSJ), 1997 WL 97842 (S.D.N.Y. Mar. 5, 1997) (authorizing deposition of counsel who documented alleged sham transaction). *In camera* review is discretionary and not required if the court finds probable cause that the entire representation was in furtherance of a fraud. *Cendant Corp.*, 246 F.R.D. at 407, *citing In re Grand Jury Subpoena*, 419 F.3d 329, 343 (5th Cir. 2005) ( "a client's entire file" may be disclosed if the entire representation is "in furtherance of the alleged criminal crime or fraud") (*dicta*). If *in camera* review is required, a document is unprivileged if there is "probable cause to believe that the [document was] intended in some way to facilitate or to conceal the criminal activity." *Jacobs*, 117 F.3d at 88, *quoting In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2d Cir. 1986).

"Probable cause, we have often told litigants, is not a high bar[.]" *Kaley v. United States*, 134 S. Ct. 1090, 1103-1104, 188 L. Ed. 2d 46 (2014). It requires only that "a prudent person" would find "a reasonable basis to suspect" the inappropriate conduct. *Jacobs*, 117 F.3d at 87. It is beyond reasonable debate that a "prudent person" would suspect that the defendants' communications with Guston & Guston were in furtherance of the attempted perpetration of a crime or fraud—but to be clear, the Trustee is not implying that Guston & Guston actually knew of the fraudulent purpose of their clients, nor is counsel's awareness a prong of the crime-fraud analysis. The transactions Guston & Guston facilitated hid over $2 million in proceeds of a criminal fraud, allowed Ms. Crupi to enjoy those proceeds for years after the fraud was discovered, and were a quintessential actual fraudulent transfer. *See Wall St. Assocs. v. Brodsky*, 257 A.D.3d 526, 529, 684 N.Y.S.2d 244 (1999) (identifying 'badges of fraud' including "a close relationship between the parties[,]" "inadequacy of the consideration[,]" the "transferor's knowledge of the creditor's claim[,]" and "retention of control of the property"). The defendants changed plans to place the Mantoloking House solely in Ms. Bowen's name just two weeks before BLMIS collapsed. And Ms. Bowen ultimately closed on the Mantoloking House sale in her name alone, nearly a month after Bernard Madoff's arrest, with somebody else's money. The Mantoloking House transaction both hindered, delayed, and defrauded BLMIS' rightful creditors, and furthered the self-enrichment of Ms. Crupi's initial crimes. Accordingly, there is

Honorable Stuart M. Bernstein
September 13, 2016
Page 4

"probable cause to believe" that any correspondence furthering the Mantoloking House transaction was "intended in some way to facilitate or to conceal" criminal or fraudulent activity.

The Trustee respectfully requests a conference with the Court, in the hopes that it will eliminate the need for the Trustee to move for an order compelling the production of documents and communications between the defendants and Guston & Guston, LLP related to the Mantoloking House transaction.

Sincerely,

Terry M. Brennan

cc:    Eric Breslin, Esq., Melissa Geller, Esq., Debra Guston, Esq.

300419662.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
UNITED STATES OF AMERICA                               :
                                                       :
          -v.-                                         :
                                                       :
JOANN CRUPI,                                           :
          a/k/a "Jodi,"                                :
                                                       :
                         Defendant.                    :
                                                       :
-------------------------------------------------------x
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                         Plaintiff,                    :
                                                       :
          -v.-                                         :
                                                       :
JOANN CRUPI,                                           :
          a/k/a "Jodi," et al.                         :
                                                       :
                         Defendants.                   :
                                                       :
-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-8-2015

AMENDED CONSENT PRELIMINARY
ORDER OF FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

S10 10 CR. 228 (LTS)

10 Civ. 4857 (LTS)

WHEREAS, on or about July 29, 2013, JOANN CRUPI a/k/a "Jodi" (the "defendant"), among others, was charged in a thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS) (the "Indictment"), with conspiracy to defraud Madoff Securities investment advisory clients, in violation 18 U.S.C. § 371 (Count One); conspiracy to commit securities fraud and to falsify books and records relating to audits of Madoff securities, in violation of 18 U.S.C. § 371 (Count Two); two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Counts Six and Seven); two counts of falsifying records of a broker-dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Counts Nine and Ten); two counts of falsifying records of an investment adviser in violation of 15

1

U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C. § 2 (Counts Twelve and Thirteen); conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count Sixteen); bank fraud in violation of 18 U.S.C. § 1344 and 2 (Count Seventeen); and three counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts Thirty-One through Thirty-Three);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture allegation, pursuant to 18 U.S.C. § 982, seeking forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Sixteen and Seventeen of the indictment, and all property traceable to such property, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $3,585,000, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Two, Six, Seven, Nine, Ten, Twelve, Thirteen, Sixteen, Seventeen, and Thirty-One through Thirty-Three of the Indictment;

WHEREAS, the Court finds the United States is entitled to a money judgment in the amount of $33,947,549,355 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, and a money judgment in the

2

amount of $3,417,804.26 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts Sixteen and Seventeen, pursuant to 18 U.S.C. § 982;

WHEREAS, in a separate civil action, *United States* v. *Joann Crupi, a/k/a "Jodi,"* *et al.*, 10 Civ. 4857 (LTS) (S.D.N.Y.) (the "Civil Forfeiture Action"), the United States is seeking money judgments against the defendant and Judith G. Bowen and the forfeiture in rem of certain items of real and personal property;

WHEREAS, on August 1, 2014, in connection with the Civil Forfeiture Action, the real property and appurtenances known as 1081 Barnegat Lane, Mantoloking, New Jersey, shown on the municipal tax map of the borough of Mantoloking, Ocean County, New Jersey, as Lot 33, Block 24 (the "Mantoloking Real Estate") was sold pursuant to a Stipulation and Order of Interlocutory Sale of Real Property, Docket Item 34 in the Civil Forfeiture Action ("Interlocutory Sale Order"), and pursuant to the Interlocutory Sale Order, the proceeds of the sale (the "Mantoloking Funds") were transferred to the custody of the United States as a substitute res for the Mantoloking Real Estate pending the conclusion of the Civil Forfeiture Action;

WHEREAS, on December 15, 2014, the defendant was sentenced and ordered to forfeit $33,947,549,355 in United States currency, representing the proceeds of her participation in the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, and a second money judgment of $3,417,804.26 in United States currency, representing the proceeds of her participation in the offenses charged in Counts Sixteen and Seventeen of the Indictment, as well as all her right, title, and interest in the Mantoloking Funds; in 63 percent of the value of the real property and appurtenances known as 436 Grove Street, Westfield, New Jersey, 07090, shown on the tax map of the township of Westfield, Union County, New Jersey, as Block 4204, Lot 8.02 (this amount the "Westfield Property," the full real property the "Westfield Real Estate"); and in

3

certain funds and other property in Account No. 785-870624 at TD Ameritrade, held in the name of Judith Gail Bowen (the "0624 Account"), Account No. 7850351268 at TD Bank, held in the name of JoAnn Crupi or Judith G. Bowen (the "1268 Account"), Account No. 7870002792 at TD Bank, held in the name of Judith G. Bowen (the "2792 Account"), IRA Account No. 786-065391 at TD Ameritrade, held in the name of JoAnn Crupi (the "5391 Account"), and funds held on account for JoAnn Crupi by Duane Morris LLP, One Riverfront Plaza, 1037 Raymond Boulevard, Suite 1800, Newark, NJ 07102-5429 excluding those earned but not drawn as of December 21, 2010 (the "Duane Morris Funds"); all to the extent that such right, title and interest was acquired on or after January 1, 2002, with funds transferred by Madoff Securities to or for the benefit of the defendant on or after January 1, 2002 (the "Preliminary Order of Forfeiture");

WHEREAS, the Government initially sought forfeiture of funds from Account No. 7850349338 at TD Bank (the "9338 Account"), held in the name of Judith G. Bowen, but ultimately withdrew its claim to forfeiture of that account based on information provided by Judith G. Bowen regarding the source of the funds in that account;

WHEREAS, the Government represents that it intends to seek forfeiture of all right, title, and interest of the defendant in the remaining value of the Westfield Real Estate and in the full value of the 0624 Account, the 1268 Account, the 2792 Account, the 5391 Account, and the Duane Morris Funds as substitute assets;

WHEREAS, Judith G. Bowen represents that she intends to file a petition asserting her interest in the Westfield Real Estate, the 0624 Account, the 1268 Account, the 2792 Account, the 5391 Account, and the Duane Morris Funds, and intends to reside in the Westfield Real Estate with her minor children;

4

WHEREAS, Duane Morris LLP represents that the amount of the Duane Morris funds is $62,313.08;

WHEREAS, on April 11, 2011, Bank of America advised the defendant and Judith G. Bowen that the Trustee for the bankruptcy estate of Bernard L. Madoff Investment Securities caused Bank of America to return $289,000 in payments previously made on the mortgage on the Westfield Real Estate, thereby increasing the value of Bank of America's encumbrance of the Westfield Real Estate by $289,000 (this increased encumbrance the "Westfield Trustee Encumbrance");

WHEREAS, the Government, the defendant, and Judith G. Bowen intend to resolve the matters consensually and agree to the forfeiture of the Mantoloking Funds as proceeds of the offenses; the forfeiture of 50% of the value of the 0624 Account (the "0624 Substitute Asset"), 50% of the value of the 1268 Account (the "1268 Substitute Asset"), 50% of the value of the 2792 Account (the "2792 Substitute Asset"), 50% of the value of the 5391 Account (the "5391 Substitute Asset"), and $31,156.04 drawn from the Duane Morris Funds (the "Duane Morris Substitute Asset") as substitute assets; the forfeiture of any right, title, or interest the defendant or Judith G. Bowen may have in the Westfield Trustee Encumbrance as a substitute asset; the release of the Government's interest in all of the Westfield Real Estate beyond the Westfield Trustee Encumbrance; the release of the Government's interest in the remainder of the accounts; and the dismissal of the Civil Forfeiture Action;

IT IS HEREBY ORDERED THAT:

1.      As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $33,947,549,355 in United States currency (the "First Money

5

Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

      2.    As a result of the offenses charged in Counts Sixteen and Seventeen of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $3,417,804.26 in United States currency (the "Second Money Judgment") shall be entered against the defendant.

      3.    As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the Mantoloking Funds is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

      4.    As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the 0624 Substitute Asset, the 1268 Substitute Asset, the 2792 Substitute Asset, the 5391 Substitute Asset, the Duane Morris Substitute Asset, and the Westfield Trustee Encumbrance (collectively the "Substitute Assets") is hereby forfeited to the United States as substitute assets for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

6

5.    The defendant and Judith G. Bowen agree not to file any claim or petition for remission or mitigation in any proceeding involving the forfeiture of the Mantoloking Funds or the Substitute Assets (collectively the "Specific Property") or to assist any other person in doing so.

6.    Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the Government shall release its interest in the Westfield Real Estate (except the Westfield Trustee Encumbrance) and consent to Judith G. Bowen retaining full title to all of the equity in the Westfield Real Estate, and shall release its interest in the 9338 Account and the remaining funds in the 0624 Account, the 1268 Account, the 2792 Account, the 5391 Account, and the Duane Morris Funds (the "Released Accounts"), which shall be returned to Judith G. Bowen.

7.    Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, Duane Morris shall transmit the Duane Morris Substitute Asset (i.e., $31,156.04 of the Duane Morris Funds) to the United States in the manner set forth in paragraph 17, below.  This payment shall satisfy all obligations of Duane Morris to the United States regarding the Duane Morris Funds, and the United States's claim to the remainder of the Duane Morris Funds (i.e., $31,156.04) shall be withdrawn with prejudice.

8.    The Civil Forfeiture Action is hereby dismissed with prejudice, with each side bearing its own costs and attorney's fees.

9.    The defendant and Judith G. Bowen are hereby barred from asserting any claim against the United States of America, the Department of Justice, the U.S. Attorney's Office for the Southern District of New York, the Federal Bureau of Investigations, or the United States Marshals Service, or any agents or employees of the above (the "Released Parties"), in connection

7

with the seizure, possession, or attempt to forfeit the Specific Property, the Westfield Real Estate,
or the Released Accounts, or with the litigation of the Civil Forfeiture Action, including without
limitation any claim for attorney's fees or costs or any claim that any such actions were taken
without probable cause.

          10.     Judith G. Bowen represents that, apart from any interest formerly possessed
by the defendant, she is the sole owner of the equity in the Westfield Real Estate and the Released
Accounts, and agrees to hold harmless the Released Parties from any and all third-party claims of
ownership of the Westfield Real Estate or the Released Accounts.

          11.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure,
upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific
Property/Money Judgment, this Amended Consent Preliminary Order of Forfeiture as to Specific
Property/Money Judgment is final as to the defendant, JOANN CRUPI, a/k/a "Jodi," and shall be
deemed part of the sentence of the defendant, and shall be included in the judgment of conviction
therewith.

          12.     Upon entry of this Amended Consent Preliminary Order of Forfeiture as to
Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the
Mantoloking Funds, the 0624 Substitute Asset, the 1268 Substitute Asset, the 2792 Substitute
Asset, the 5391 Substitute Asset, and the Duane Morris Substitute Asset (collectively the "Seizure
Property") and hold the Seizure Property in its secure custody and control.

          13.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6)
of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the
Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United
States shall publish for at least thirty (30) consecutive days on the official government internet

8

forfeiture site, www.forfeiture.gov, notice of this Amended Consent Preliminary Order of
Forfeiture as to Specific Property/Money Judgment.   Any person, other than the defendant in this
case, claiming an interest in the Specific Property must file a petition within sixty (60) days from
the first day of publication of the notice on this official government internet site, or no later than
thirty-five (35) days from the mailing of actual notice, whichever is earlier.

14.    This notice shall state that the petition shall be for a hearing to adjudicate
the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the
petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right,
title and interest in the Specific Property and any additional facts supporting the petitioner's claim
and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

15.    Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure,
the Government shall send notice to any person who reasonably appears to be a potential claimant
with standing to contest the forfeiture in the ancillary proceeding.

16.    Upon adjudication of all third-party interests, this Court will enter a Final
Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code,
Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all
third-party interests will be addressed.   If finally forfeited to the United States, the Specific
Property shall be applied in partial satisfaction of the Money Judgments.

17.    All payments on the outstanding Money Judgments shall be made by postal
money order, bank or certified check, or law firm check made payable, in this instance, to the
United States Marshals Service, and delivered by mail to the United States Attorney's Office,
Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St.

9

Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

18.    Upon execution of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgments in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

19.    This Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is without prejudice to the return of any payments made on the Money Judgments should the outcome of any appeals or related proceedings result in the final vacatur of both the Money Judgments.

20.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

21.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

22.    The Clerk of the Court shall forward three certified copies of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, One St. Andrew's Plaza, New York, New York, 10007.

10

23.    This Amended Consent Preliminary Order of Forfeiture as to Specific

Property/Money Judgment may be executed in one or more counterparts, each of which will be

deemed an original but all of which together will constitute one and the same instrument.

Facsimile and electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____          4/7/2015
    PAUL M. MONTELEONI                         DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2219

_____              4/4/15
JOANN CRUPI                                   DATE
DEFENDANT

_____              4/4/15
JUDITH G. BOWEN                               DATE

_____              _____
ERIC R. BRESLIN, ESQ.                         DATE
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102-5429
Tel.: (973) 424-2063
*Attorney for JoAnn Crupi and Judith G. Bowen*

SO ORDERED:

_____              _____
HONORABLE LAURA TAYLOR SWAIN                  DATE
UNITED STATES DISTRICT JUDGE

11

23.    This Amended Consent Preliminary Order of Forfeiture as to Specific

Property/Money Judgment may be executed in one or more counterparts, each of which will be

deemed an original but all of which together will constitute one and the same instrument.

Facsimile and electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____          _____
    PAUL M. MONTELEONI                        DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2219


_____          _____
JOANN CRUPI                              DATE
DEFENDANT


_____          _____
JUDITH G. BOWEN                          DATE
                                         _____
_____          DATE    9/5/15
ERIC R. BRESLIN, ESQ.
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102-5429
Tel.: (973) 424-2063
*Attorney for JoAnn Crupi and Judith G. Bowen*


SO ORDERED:

_____          4/8/15
HONORABLE LAURA TAYLOR SWAIN             DATE
UNITED STATES DISTRICT JUDGE


ii

EXHIBIT B

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of _____ New York

In re  Bernard L. Madoff Investment Securities, LLC
_____ Debtor

Case No. _____ 08-01789 (SMB) _____

*(Complete if issued in an adversary proceeding)*

Irving H. Picard, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities, LLC
_____ Plaintiff

Chapter _____ SIPA

v.

Jo Ann Crupi, et al.,
_____ Defendants

Adv. Proc. No. _____ 10-04216 (SMB)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Guston & Guston, LLP, c/o Debra E. Guston, Managing Partner, 55 Harristown Road, Suite 106, Glen Rock, New Jersey 07452

*(Name of person to whom the subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Attachment A

| PLACE   Baker Hostetler, LLP, Attn: David Rice, Esq., 45 Rockefeller Plaza, 14th Floor, New York, NY 10111  drice@bakerlaw.com (212) 589-4200 | DATE AND TIME January 6, 2016 by 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  Dec. 21, 2015

CLERK OF COURT

OR _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* Plaintiff _____, who issues or requests this subpoena, are:  Breaden M. Douthett, Baker Hostetler, LLP

PNC Center, 1900 E. 9th St., Ste 3200, Cleveland, OH 44114 bdouthett@bakerlaw.com  (216) 621-0200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 -- Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                              *Server's signature*

_____
                           *Printed name and title*

_____
                              *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A
## TO SUBPOENA TO GUSTON & GUSTON

### DEFINITIONS

1.     The rules of construction and definitions in Civil Rule 26.3 of the Local Civil

Rules of the United States District Court for the Southern District of New York, as adopted in

Local Rule 7026-1 of the Local Bankruptcy Rules (the "Local Rules"), are hereby incorporated

by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized

herein.

2.     The definitions set forth in Local Rule 26.3 apply to these Requests and are as

follows:

**Communication**. The term "communication" means the transmittal of information
(in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal
in scope to the usage of the term "documents or electronically stored information" in Fed.
R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the
meaning of this term.

**Identify (with respect to documents).** When referring to documents, "to identify"
means to give, to the extent known, the (i) type of document; (ii) general subject matter;
(iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the
alternative, the responding party may produce the documents, together with identifying
information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons).** When referring to a person, "to identify" means
to give, to the extent known, the person's full name, present or last known address, and
when referring to a natural person, additionally, the present or last known place of
employment. Once a person has been identified in accordance with this subparagraph,
only the name of that person need be listed in response to subsequent discovery
requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated
name or a pronoun referring to a party mean the party and, where applicable, its officers,
directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition
is not intended to impose a discovery obligation on any person who is not a party to the
litigation.

**Concerning**. The term "concerning" means relating to, referring to, describing,
evidencing or constituting.

3.    "You" or "Your" means Guston & Guston, LLP, and anyone acting on its behalf, including where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

4.    "BLMIS Transfers" means the funds received in your Trust account via wire transfers from BLMIS' JP Morgan Chase Bank Account on June 25, 2008 in the amount of $475,000.00 and on October 16, 2008 in the amount of $2,225,000.00.

5.    "Barnegat Lane Transaction" means the sale of property located at 1081 Barnegat Lane, Mantoloking, New Jersey.

6.    "Relevant Time Period" means from April 1, 2008 through February 29, 2009.

7.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, and affiliates of the above specifically identified Persons and entities.

8.    "Defendants" means Jo Ann Crupi and Judith Bowen.

9.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

## INSTRUCTIONS

1.    The instructions in Local Rule 26.3 apply to these Requests and are as follows:

   **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

2.      If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

3.      Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

4.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

    (a)      Identifies the type, title and subject matter of the Document;

    (b)      Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

    (c)      Describes the legal privilege(s) and the factual basis for the claim.

5.      For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

6.      Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 4. above must be provided. The Trustee will accept Documents designated not confidential under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable

information, provided that you also produce an unredacted version of the Document designated

confidential.

7.     Certain instructions for production of Documents are contained in Orders entered

by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party

Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.  Pursuant to those

Orders, upon production, Producing Parties shall provide the following information in a

production cover letter, to the extent any of the following information is applicable:

> (i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates
> and Ending Bates for each Document) that are designated as confidential pursuant to the
> Litigation Protective Order;

> (ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates
> and Ending Bates for each Document) that are designated confidential pursuant to an
> Individual Confidentiality Standard, if applicable;

> (iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates
> and Ending Bates for each Document) that should be excluded from the Third-Party Data
> Rooms; and

> (iv) the designated representative authorized for that production to provide consent to the
> disclosure of confidential Documents requested or to object to the disclosure of
> confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the

Producing Parties of:

> (i)  any confidential designations;

> (ii)  any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

> (iii)  notification that Documents have been requested for disclosure.

For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures

for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation

Protective Order, Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with

respect to:

> (i)  inadvertent failure to designate confidential material as confidential or incorrect
> designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## MANNER OF PRODUCTION

1.      All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      Database load files and production media structure: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a confidential field within the load file, with a "yes" or "no" indicating whether the document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied by reasonably detailed documentation explaining the Documents' content and format including but not limited to data

dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    (a)    XML format file(s);

    (b)    Microsoft SQL database(s);

    (c)    Access database(s); and/or

    (d)    fixed or variable length ASCII delimited files.

    6.    <u>Spreadsheets, multimedia, and non-standard file types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the Party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the Party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

    7.    <u>"Other" electronic Documents</u>: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

    8.    <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file

utilizing document identifier numbers to express parent document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    For each bank account or other investment vehicle into which any portion of the BLMIS Transfers was deposited or transferred (including but not limited to TD Bank Account No.: ******9270, TD Bank Account No.: ******8333, TD Bank Account No.: ****2901, Valley National Bank Account No.: ****5304, and Bank of America Account No.: **********5929), for the Relevant Time Period:

    (a)    periodic statements;

    (b)    incoming and outgoing wire transfer records;

    (c)    copies of checks, both deposited and drawn;

    (d)    records reflecting cash activity;

    (e)    account opening documents;

    (f)    account closing documents;

    (g)    administrative and custodial agreements between the holder of the Account or beneficiary of the Account and You.

2.    All Documents and Communications Concerning any deposit or transfer of funds Concerning the Barnegat Lane Transaction.

3.    All Documents and Communications Concerning the Barnegat Lane Transaction.

4.    All agreements between you and the Defendants or any other person Concerning the Barnegat Lane Transaction.

EXHIBIT C

**PRIVILEGE LOG PERTAINING TO SUBPOENA FOR RULE 2004 EXAMINATION
DATED FEBRUARY 17, 2009 AND DIRECTED TO GUSTON & GUSTON LLP**

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 6/4/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 6/4/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/4/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/9/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 6/4/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/9/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

DM1\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 6/4/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/10/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 6/9/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/4/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/4/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/10/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

2

DMI\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 6/9/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/10/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/9/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/4/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/11/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/10/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

3

DMI\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 6/9/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/11/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 6/10/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/9/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/9/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 6/11/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

4

DMI\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 6/20/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Crupi, Jodi | Reflects communications seeking advice regarding real estate transaction |
| 6/20/2008 | Attorney-Client Privilege | E-mail | Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/20/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Crupi, Jodi | Reflects communications seeking advice regarding real estate transaction |
| 6/26/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/27/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/30/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

5

DM1\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 6/30/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/30/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 6/30/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 7/14/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 7/14/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 7/14/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |

6

DMI\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 7/15/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 8/12/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 8/12/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 7/2/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 7/1/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 7/2/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

7

DMJ\1359567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 7/1/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 9/19/2008 | Attorney-Client Privilege | E-mail | Guston, Debra; Nachtergaele, Johanna cc: Crupi, Judi | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 9/23/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Guston, Debra; | Reflects communications seeking advice regarding real estate transaction |
| 9/22/2008 | Attorney-Client Privilege | E-mail | Guston, Debra | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 9/25/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Guston, Debra | Reflects communications seeking advice regarding real estate transaction |
| 10/8/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Guston, Debra; | Reflects communications seeking advice regarding real estate transaction |

8

DMI\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 10/10/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Guston, Debra; | Reflects communications seeking advice regarding real estate transaction |
| 10/20/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Guston, Debra; | Reflects communications seeking advice regarding real estate transaction |
| 10/20/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; | Guston, Debra; | Reflects communications seeking advice regarding real estate transaction |
| 10/20/2008 | Attorney-Client Privilege | E-mail | Guston, Debra | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 10/22/2008 | Attorney-Client Privilege | E-mail | Guston, Debra; cc: Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 10/22/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

9

DM1\1559567.1

Guston Privilege 9 of 20

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 10/22/2008 | Attorney-Client Privilege | E-mail | Guston, Debra cc: Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 10/23/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 10/23/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 10/23/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 10/23/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 10/23/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

10

DMI\1559567.1

Guston Privilege 10 of 20

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 10/23/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 10/31/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 10/23/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 10/23/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 10/31/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 10/28/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |

11

DMI\1559367.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 10/31/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 10/31/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 11/2/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 11/3/2008 | Attorney-Client Privilege | Facsimile | Guston, Debra | Bowen, Judy and Crupi, Jodi | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Crupi, Jodi | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi cc: Guston, Debra | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

12

DM3\3559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy cc: Crupi, Jodi and Guston, Debra | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna cc: Bowen, Judy; Crupi, Jodi; Guston, Debra | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

13

DM1\559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 11/18/2008 | Attorney-Client Privilege | Invoice | Bowen, Judy; Crupi, Jodi | Guston & Guston LLP | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi cc: Guston, Debra | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Guston, Debra cc: Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Nachtergaele, Johanna | Guston, Debra | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Nachtergaele, Johanna | Guston, Debra | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

14

DMI\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 11/18/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Crupi, Jodi | Reflects communications seeking advice regarding real estate transaction |
| 11/18/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi cc: Guston, Debra | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 11/20/2008 | Attorney-Client Privilege | Letter | Guston, Debra | Bowen, Judy; Crupi, Jodi | Reflects communications seeking advice regarding real estate transaction |
| 11/26/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 11/26/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 11/26/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |

15

DMI\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 12/3/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 12/5/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 12/3/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Judy | Reflects communications seeking advice regarding real estate transactions |
| 12/8/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 12/9/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 12/10/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

16

DM1\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 12/9/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 12/11/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 12/12/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 12/15/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 12/22/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 12/23/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

17

DM1\1559567.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 12/22/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 12/23/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 12/23/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 12/23/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 12/22/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |
| 12/23/2008 | Attorney-Client Privilege | E-mail | Nachtergaele, Johanna | Bowen, Judy | Reflects communications seeking advice regarding real estate transaction |

18

DMI\559367.1

| Document Date | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 12/23/2008 | Attorney-Client Privilege | E-mail | Bowen, Judy | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |
| 1/16/2009 | Attorney-Client Privilege | E-mail | Bowen, Judy; Crupi, Jodi | Nachtergaele, Johanna | Reflects communications seeking advice regarding real estate transaction |

19

DM\1559567.1

| Document Type | Privilege | Document Type | To | From | Subject Matter |
|---|---|---|---|---|---|
| 2/11/15 | Attorney/Client Privilege | E-mail | Fay, James & Bowen, Judi | Crupi, Jodi | Personal Planning |
| 2/11/15 | Attorney/Client Privilege | E-mail | Crupi, Jodi & Bowen, Judy | Fay, James | Personal Planning |
| 2/11/15 | Attorney/Client Privilege | E-mail | Fay, James & Crupi, Jodi | Bowen, Judy | Personal Planning |
| 2/11/15 | Attorney/Client Privilege | E-mail | Crupi, Jodi & Bowen, Judy | Fay, James | Personal Planning |
| 2/11/15 | Attorney/Client Privilege | E-mail | Fay, James & Crupi, Jodi | Bowen, Judy | Personal Planning |
| 2/11/15 | Attorney/Client Privilege | E-mail | Crupi, Jodi & Bowen, Judy | Fay, James | Personal Planning |
| 2/11/15 | Attorney/Client Privilege | E-mail | Fay, James | Crupi, Jodi | Personal Planning |
| 2/19/15 | Attorney/Client Privilege | E-mail | Crupi, Jodi & Bowen, Judy | Fay, James | Personal Planning |
| 2/19/15 | Attorney/Client Privilege | E-mail | Fay, James & Crupi, Jodi | Bowen, Judy | Personal Planning |
| 2/19/15 | Attorney/Client Privilege | E-mail | Crupi, Jodi & Bowen, Judy | Fay, James | Personal Planning |
| 2/19/15 | Attorney/Client Privilege | E-mail | Crupi, Jodi & Bowen, Judy | Fay, James | Personal Planning |
| 2/19/15 | Attorney/Client Privilege | Document | | | Invoice for services |
| 2/25/15 | Attorney/Client Privilege | E-mail | Crupi, Jodi & Bowen, Judy | Fay, James | Personal Planning |
| 3/6/15 | Attorney/Client Privilege | Document | | Crupi, Jodi - signed | Planning Document |
| 3/6/15 | Attorney/Client Privilege | Document | | Bowen, Judy - signed | Planning Document |
| 3/9/15 | Attorney/Client Privilege | E-mail | Crupi, Jodi & Bowen, Judy | Fay, James | Personal Planning |
| 3/9/15 | Attorney/Client Privilege | E-mail | Fay, James | Bowen, Judy | Personal Planning |
| 3/11/15 | Attorney/Client Privilege | E-mail | Fay, James | Bowen, Judy | Personal Planning |
| 3/11/15 | Attorney/Client Privilege | E-mail | Bowen, Judy | Fay, James | Personal Planning |

# EXHIBIT D

# BakerHostetler

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T  216.621.0200
F  216.696.0740
www.bakerlaw.com

Terry M. Brennan
direct dial: 216.861.7485
TBrennan@bakerlaw.com

July 22, 2016

**VIA EMAIL & U.S. MAIL**

Debra E. Guston
Guston & Guston, LLP
55 Harristown Road, Suite 106
Glen Rock, NJ 07452

Eric R. Breslin
Melissa S. Geller
Duane Morris, LLP
One Riverfront Plaza
1037 Raymond Blvd., Ste. 1800
Newark, NJ 07102

Re:    *Picard v. Jo Ann Crupi, et al., Adversary Proceeding No.: 10-04216 (SMB)*

Dear Counsel:

We write to follow-up on our telephone conversation with Ms. Guston and our in-person conference with Duane Morris, LLP on June 23, 2015.  Pursuant to Judge Bernstein's Chambers Rules and Rule 7007-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York ("Local Rules"), this letter constitutes the Trustee's final attempt to confer regarding the response to the Trustee's subpoena served on Guston & Guston, LLP.  We write to both of you based on our understanding that while the documents are in the possession of Guston & Guston, LLP, some of the documents have been withheld at the request of Ms. Crupi and Ms. Bowen, your mutual clients, who have asserted a privilege objection through the request of Duane Morris, LLP.

As you know, the Trustee served his document production subpoena on the Guston & Guston law firm on December 21, 2015.  On January 6, 2016, the Trustee granted the law firm an extension of time to respond to that subpoena, until January 15, 2016.  Guston & Guston failed to timely respond, but eventually made its response on February 8, 2016, purporting to raise an attorney-client privilege objection based upon its relationship with your clients. As we have discussed with you both, we believe the response is deficient in at least two ways.

First, Guston & Guston's untimely subpoena response asserted attorney-client privilege on behalf of your mutual clients, and was accompanied by a twenty-one page privilege log.  That log identifies the withheld documents as correspondence between your clients and the Guston

July 22, 2016
Page 2

law firm's employees that purportedly "[r]eflect communications seeking advice regarding [a] real estate transaction." That real estate transaction, of course, was the purchase of the Mantoloking beach house – which was funded by BLMIS, and which is a part of the transactions at issue in this lawsuit. As you know, the proceeds of that real estate transaction were forfeited to the United States as a result of the criminal offenses committed by Ms. Crupi. Consequently, the Trustee believes the crime-fraud exception to the attorney-client privilege plainly applies to the withheld communications. The Trustee requests that your clients reconsider their privilege assertion, or we will ask the Court to determine the issue.

In addition, Guston & Guston's production is also incomplete, apart from the materials withheld under the claim of privilege. We are informed by the FBI that Ms. Guston opened a TD Bank money market fund (the '901 account) on November 25, 2008 – through which BLMIS monies ultimately flowed to the Guston IOLTA account for the closing on the Mantoloking beach house. Not a single document from that account was produced in response to Trustee's subpoena. The Trustee requests that documents pertaining to the '901 account be promptly produced or we will ask the Court to compel their production.

My colleague, Brady Douthett, and I are available to discuss the foregoing matters. Please contact either one of us to arrange for a conference.

Sincerely,

Terry M. Brennan

cc: Brady Douthett

300392754.1

# EXHIBIT E

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

ERIC R. BRESLIN
DIRECT DIAL: +1 973 424 2063
PERSONAL FAX: +1 973 556 1552
E-MAIL: ERBreslin@duanemorris.com

www.duanemorris.com

July 27, 2016

VIA E-MAIL AND REGULAR MAIL

Terry M. Brennan, Esq.
Baker Hostetler
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

    Re:    **Picard v. Crupi and Bowen, Adv. Proc. 10-04216 (SMB)**

Dear Mr. Brennan:

    We write with regard to your letter, dated July 22, 2016.  We are aggrieved that your letter somewhat misrepresents our course of dealings, and takes no account of the progress that we thought we had made at our meet and confer in Duane Morris' New York office on June 23, 2016.  That being said, we address the concerns expressed in your letter as follows.

    First, with regard to the accounts, we requested information as to which specific accounts you sought records for.  You have not provided us any additional guidance.  The document requests and interrogatories seek information as to every account ever owned or maintained by Ms. Crupi and Ms. Bowen.  This is neither targeted, tailored, nor reasonable.  If you provide us with the promised account specifics, we will seek additional information.  We have, as of now, produced all relevant account statements in ours or our client's possession.

    Second, you appear to be taking the position that we are required to make affirmative applications to obtain records on your behalf.  Although we requested that you provide us authority supporting your position, you have failed to do so.  Nothing in the Rules of Civil Procedure requires us to expend our client's limited resources to make applications to third parties on your behalf where legal process is equally available to both parties.  *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 139 (2d Cir. 2007) ("We also think it fairly obvious that a party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents.").

DUANE MORRIS LLP    A DELAWARE LIMITED LIABILITY PARTNERSHIP                    WALTER GREENHALGH, RESIDENT PARTNER

ONE RIVERFRONT PLAZA, 1037 RAYMOND BLVD., SUITE 1800                    PHONE: +1 973 424 2000    FAX: +1 973 424 2001
NEWARK, NJ 07102-5429

DuaneMorris

July 27, 2016
Page 2

Third, with regard to your repeated demands for documents protected by a protective order issued by Judge Swain of the Southern District of New York, we again decline.  We are forbidden from disseminating such documents by order of the Court; they are therefore outside our control.  You are more than welcome to make application to the government or the Court.  We will consider such an application once you make it, but first, you must make it.  It may be that we will not oppose what you are looking for, except for a subset of highly personal documents that are traditionally protected from discovery, such as pre-sentence reports.  But it is your task to approach the United States Attorney and Judge Swain and explain why the Court's order should not apply or should be waived and modified in some respects.

As we have explained, the objections related to documents already in the Trustee's possession apply solely to the discovery received in the criminal case.  Documents in Ms. Bowen's and Ms. Crupi's personal control have been produced and we continue to search for additional documents.  Even assuming, however, that Ms. Crupi was permitted to produce the criminal discovery, at least three-quarters of them were, we understand, initially provided to the government by the Trustee, including hundreds of thousands of pages of customer account statements, customer folders, stock ledgers, and trade runs.  Given the disregard to the principles of proportionality on display in the interrogatories and the document requests, we believe this objection is valid.  Additionally, as we have explained to you, these documents were disclosed to Duane Morris and have been retained by Duane Morris in the course of our ongoing representation of Ms. Crupi.  They offer no insight into what Ms. Crupi chose to keep, how she maintained the documents, or her "sophistication," as she had nothing to do with their maintenance.  As you know, Ms. Bowen was never accused of anything, and therefore received no discovery from the government.

With regard to your assertion of a right to privileged documents between Ms. Crupi, Ms. Bowen and Guston and Guston, your reading of the crime-fraud exception, unsupported by any authority, is overbroad.  *See In re Richard Roe, Inc.*, 68 F.3d 38, 40-41 (1995) (stating when and how the crime fraud exception applies).  Ms. Crupi and Ms. Bowen will not waive their assertion of privilege under these circumstances.

Finally, with regard to your waiver argument, you take a very aggressive interpretation of our course of communication.  Regardless, we disagree that these circumstances constitute a waiver of all objections to your interrogatories and document requests.  We further note that your July 22 letter was the first time waiver has even been mentioned by the Trustee.

We have made multiple offers to work with you in sorting through the tremendous amounts of paper publicly available, of which we have provided thousands of pages, as well as to identify specific documents from the criminal discovery that would allow for a targeted application to Judge Swain or the United States.  No effort has been made to take advantage of that offer.  Nor has any effort been made to narrow, confine, or otherwise identify the specific information sought in the unquestionably overbroad requests.  It is not entirely clear to us, even now, what precisely the Trustee thinks Ms. Crupi and Ms. Bowen, a middle-class suburban

DuaneMorris

July 27, 2016
Page 3

family, are withholding.  Given this lack of willingness to work cooperatively, Ms. Crupi and
Ms. Bowen will not reconsider their objections to your requests at this time.  We are, of course,
more than willing to discuss specific issues and follow up requests for specific sets of
information.  Please feel free to contact me or Ms. Geller at any time in that regard.

Sincerely,

Eric R. Breslin

cc: Debra E. Guston, Esq. (via e-mail and regular mail)