# Exhibit D

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04717 (SMB) |
| Plaintiff, | |
| v. | |
| THE ESTATE OF WILLIAM DIAMOND; and LESLIE DIAMOND KAPLAN HODES, in her | |

capacity as Personal Representative of the Estate of
William Diamond,

                                            Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT
## THE ESTATE OF WILLIAM DIAMOND

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78lll ("SIPA"), and

the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant the Estate of William Diamond respond in writing to the

requests for admission ("Request" or "Requests") set forth herein and deliver the same to the

offices of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston,

Texas 77002 within thirty three (33) days of service, on August 1, 2016.

## DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2.     "Account" or "Accounts" means BLMIS Account No. 1EM051, as set forth on

Exhibit A to the Complaint).

3.    "Applicable Period" means the period between and including January 1, 1993 through the present.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.    "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding and any amendments thereto.

6.    "Decedent" means William Diamond in any capacity, and/or anyone acting on behalf of or for the benefit of William Diamond.

7.    "Defendant" means any of the following individuals or entities, singularly: the Estate of William Diamond and Leslie Diamond Kaplan Hodes, in her capacity as Personal Representative of the Estate of William Diamond.

8.    "Defendants" means collectively, the Estate of William Diamond and Leslie Diamond Kaplan Hodes, in her capacity as Personal Representative of the Estate of William Diamond.

9.    "Estate" means the Estate of William Diamond in any capacity, and/or anyone acting on behalf of or for the benefit of the Estate of William Diamond, including, but not limited to Jeffrey Diamond, Leslie Diamond Kaplan Hodes, and/or any current or former personal representatives of the Estate of William Diamond.

3

10.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1.    Admit that Account No. 1EM051 was maintained in the name of William Diamond.

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

3.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

4.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

5.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

6.    Admit that, over the life of the Account, $3,242,500 was withdrawn from the Account.

7.    Admit that, of the $3,242,500 that was withdrawn from the Account, $2,335,823 consisted of principal.

4

8.      Admit that, of the $3,242,500 that was withdrawn from the Account, $906,777 was in excess of principal.

9.      Admit that, between December 11, 2006 and December 11, 2008, $906,777 in excess of principal was withdrawn from the Account.

10.      Admit that, between December 11, 2006 and December 11, 2008, Decedent received the $906,777 in excess of principal that was withdrawn from the Account.

11.      Admit that the withdrawal made on or about July 12, 2007 in the amount of $150,000 was a Transfer to or for the benefit of Decedent.

12.      Admit that the withdrawal made on or about December 13, 2007 in the amount of $200,000 was a Transfer to or for the benefit of Decedent.

13.      Admit that the withdrawal made on or about March 14, 2008 in the amount of $350,000 was a Transfer to or for the benefit of Decedent.

14.      Admit that the withdrawal made on or about May 7, 2008 in the amount of $60,000 was a Transfer to or for the benefit of Decedent.

15.      Admit that the withdrawal made on or about May 28, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Decedent.

16.      Admit that the withdrawal made on or about June 18, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Decedent.

17.      Admit that the withdrawal made on or about September 12, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Decedent.

18.      Admit that the withdrawal made on or about September 15, 2008 in the amount of $100,000 was a Transfer to or for the benefit of Decedent.

19.    Admit that BLMIS made all Transfers to Decedent between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

20.    Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

21.    Admit that the customer statements Decedent received from BLMIS reflect the deposits Decedent made into the Account.

22.    Admit that the customer statements Decedent received from BLMIS reflect the withdrawals Decedent made from the Account.

23.    Admit that from January 1992 to December 2008 Decedent made seven (7) deposits into the Account totaling $69,126.46.

24.    Admit that from January 1992 to December 2008 Decedent made seventeen (17) withdrawals from the Account totaling $3,242,500.

25.    Admit that Decedent made each deposit into the Account.

26.    Admit that Decedent made each withdrawal from the Account.

27.    Admit that each deposit into the Account was made at Decedent's direction.

28.    Admit that each withdrawal from the Account was made at Decedent's direction.

29.    Admit that each withdrawal stated in Column 5 of Exhibit B to the Complaint went to one or more bank or brokerage accounts held by Decedent.

30.    Admit that the eight (8) withdrawals Decedent made from the Account between December 11, 2006 and December 11, 2008, went to William Diamond's bank account at JPMorgan Chase Bank f/k/a Chemical Bank.

31.    Admit that all funds withdrawn from the Account were for Decedent's benefit.

Dated: New York, New York
June 27, 2016

Of Counsel:

**BAKER HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

By: /s/ *Nicholas Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 27th day of June, 2016 by electronic mail and First class mail upon the following:

Jeffrey L. Bernfeld
Bernfeld, DeMatteo & Bernfeld, LLP
600 Third Avenue, 18th Floor
New York, NY 10016
Email:jeffreybernfeld@bernfelddematteo.com

*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate*
*of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04717 (SMB) |
| Plaintiff, | |
| v. | |
| THE ESTATE OF WILLIAM DIAMOND; and LESLIE DIAMOND KAPLAN HODES, in her | |

capacity as Personal Representative of the Estate of
William Diamond,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT LESLIE DIAMOND KAPLAN HODES

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Leslie Diamond Kaplan Hodes, in her capacity as Personal Representative of the Estate of William Diamond, respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within thirty three (33) days of service, on August 1, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2.      "Account" or "Accounts" means BLMIS Account No. 1EM051, as set forth on Exhibit A to the Complaint.

2

3.    "Applicable Period" means the period between and including January 1, 1993 through the present.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.    "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding and any amendments thereto.

6.    "Decedent" means William Diamond in any capacity, and/or anyone acting on behalf of or for the benefit of William Diamond.

7.    "Defendant" means any of the following individuals or entities, singularly: the Estate of William Diamond and Leslie Diamond Kaplan Hodes, in her capacity as Personal Representative of the Estate of William Diamond.

8.    "Defendants" means collectively, the Estate of William Diamond and Leslie Diamond Kaplan Hodes, in her capacity as Personal Representative of the Estate of William Diamond.

9.    "Estate" means the Estate of William Diamond in any capacity, and/or anyone acting on behalf of or for the benefit of the Estate of William Diamond, including, but not limited to, any current or former personal representatives of the Estate of William Diamond.

10.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the

foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1.    Admit that Account No. 1EM051 was maintained in the name of William Diamond.

2.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

3.    Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

4.    Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

5.    Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

6.    Admit that the withdrawals listed in Column 5 of Exhibit B to the Complaint were Transfers made by BLMIS to or for the benefit of Decedent.

7.    Admit that Decedent received the withdrawals listed in Column 5 of Exhibit B to the Complaint.

8.    Admit that the withdrawals listed in Column 5 of Exhibit B to the Complaint were Transfers of an interest of BLMIS in property.

4

9.     Admit that, over the life of the Account, $3,242,500 was withdrawn from the Account.

10.    Admit that Decedent received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

11.    Admit that, of the $3,242,500 that was withdrawn from the Account, $2,335,823 consisted of principal.

12.    Admit that, of the $3,242,500 that was withdrawn from the Account, $906,777 was in excess of principal.

13.    Admit that, between December 11, 2006 and December 11, 2008, $906,777 in excess of principal was withdrawn from the Account.

14.    Admit that, between December 11, 2006 and December 11, 2008, Decedent received the $906,777 in excess of principal that was withdrawn from the Account.

15.    Admit that the withdrawal made on or about July 12, 2007 in the amount of $150,000 was a Transfer to or for the benefit of Decedent.

16.    Admit that the withdrawal made on or about December 13, 2007 in the amount of $200,000 was a Transfer to or for the benefit of Decedent.

17.    Admit that the withdrawal made on or about March 14, 2008 in the amount of $350,000 was a Transfer to or for the benefit of Decedent.

18.    Admit that the withdrawal made on or about May 7, 2008 in the amount of $60,000 was a Transfer to or for the benefit of Decedent.

19.    Admit that the withdrawal made on or about May 28, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Decedent.

5

20.     Admit that the withdrawal made on or about June 18, 2008 in the amount of
$50,000 was a Transfer to or for the benefit of Decedent.

21.     Admit that the withdrawal made on or about September 12, 2008 in the amount of
$50,000 was a Transfer to or for the benefit of Decedent.

22.     Admit that the withdrawal made on or about September 15, 2008 in the amount of
$100,000 was a Transfer to or for the benefit of Decedent.

23.     Admit that BLMIS made all Transfers to Decedent between December 11, 2006
and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

24.     Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.


Dated: New York, New York
June 27, 2016


By: /s/ Nicholas Cremona
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Of Counsel:                                     Facsimile: 212.589.4201
                                                David J. Sheehan
**BAKER HOSTETLER LLP**                         Email: dsheehan@bakerlaw.com
811 Main Street, Suite 1100                     Nicholas Cremona
Houston, Texas 77002-6111                       Email: ncremona@bakerlaw.com
Telephone: (713) 751-1600
Facsimile: (713) 751-1717                        *Attorneys for Irving H. Picard, Trustee for the*
Dean D. Hunt                                     *Substantively Consolidated SIPA Liquidation of*
Email: dhunt@bakerlaw.com                        *Bernard L. Madoff Investment Securities LLC*
                                                 *and the Estate of Bernard L. Madoff*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 27th day of June, 2016 by electronic mail and First class mail upon the following:

Jeffrey L. Bernfeld
Bernfeld, DeMatteo & Bernfeld, LLP
600 Third Avenue, 18th Floor
New York, NY 10016
Email: jeffreybernfeld@bernfeld-dematteo.com

*Dean D. Hunt w/p*

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04916 (SMB) |
| Plaintiff, | |
| v. | |
| SUSAN ANDELMAN, | |

<table>
<tr><td>Defendant.</td><td></td></tr>
</table>

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT SUSAN ANDELMAN

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Susan Andelman respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within thirty three (33) days of service, on August 8, 2016.

### DEFINITIONS

1.    All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2.    "Account" means BLMIS Account No. 1ZA112, as set forth in Exhibit A to the Complaint.

3.    "Applicable Period" means the period beginning January 1, 1992 through the present.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.    "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

6.    "Defendant" means Susan Andelman.

7.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Susan Andelman or to any Person or entity acting on behalf of Susan Andelman between December 11, 2006 and December 11, 2008.

8.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Susan Andelman another Person or entity.

9.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10.    "You" or "Your" means Susan Andelman, and/or anyone acting on behalf of or for the benefit of Susan Andelman.

3

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1.      Admit that the Account was maintained in the name of Susan Andelman.

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

3.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

4.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

5.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

6.      Admit that You received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

7.      Admit that, over the life of the Account, $1,079,730 was withdrawn from the Account.

8.      Admit that, of the $1,079,730 that was withdrawn from the Account, $567,775 consisted of principal.

9.      Admit that, of the $567,775 that was withdrawn from the Account, $511,956 was in excess of principal.

10.     Admit that, $511,956 more was withdrawn from the Account than was deposited into the Account.

11.     Admit that, between December 11, 2006 and December 11, 2008, $173,240 in excess of principal was withdrawn from the Account.

12.     Admit that, between December 11, 2006 and December 11, 2008, You received the $173,240 in excess of principal that was withdrawn from the Account.

13.     Admit that BLMIS made all Transfers to You between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

14.     Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

15.     Admit that the customer statements You received from BLMIS reflect the deposits You made into the Account.

16.     Admit that the customer statements You received from BLMIS reflect the withdrawals You made from the Account.

17.     Admit that from January 1992 to December 2008 You made fourteen (14) deposits into the Account totaling $567,775.

18.     Admit that from January 1992 to December 2008 You made fifty-eight (58) withdrawals from the Account totaling $1,058,230.

19.     Admit that You made each deposit into the Account.

20.     Admit that You made each withdrawal from the Account.

21.     Admit that each deposit into the Account was made at Your direction.

22.     Admit that each withdrawal from the Account was made at Your direction.

23.     Admit that, between December 11, 2006 and December 11, 2008, You made eight (8) withdrawals from the Account totaling $173,240.

24.     Admit that each withdrawal stated in Column 5 of Exhibit B to the Complaint went to one or more bank or brokerage accounts held by You.

25.    Admit that the eight (8) withdrawals You made from the Account between December 11, 2006 and December 11, 2008, went to Your bank account at TD Bank.

26.    Admit that each of the eight (8) withdrawals You made from the Account between December 11, 2006 and December 11, 2008, were for Your benefit.


Dated:  July 5, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713)751-1600
Facsimile: (713)751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

By: */s/ Nicholas Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of July, 2016 by electronic mail and First class mail upon the following:

Jeffrey L. Bernfeld
Bernfeld, DeMatteo & Bernfeld, LLP
600 Third Avenue, 15th Floor
New York, NY 10016
Email: jeffreybernfeld@bernfeld-dematteo.com

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04884 (SMB) |
| Plaintiff, | |
| v. | |
| STEVEN ANDELMAN, | |

Defendant.                    |

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT STEVEN ANDELMAN

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Steven Andelman respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within thirty three (33) days of service, on August 8, 2016.

### DEFINITIONS

1.    All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2.    "Account" or "Accounts" means BLMIS Account Nos. 1A0102 and 1ZA111, as set forth in Exhibit A to the Complaint.

3.    "Applicable Period" means the period beginning January 1, 1993 through the present.

2

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.    "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

6.    "Defendant" means Steven Andelman.

7.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Steven Andelman or to any Person or entity acting on behalf of Steven Andelman between December 11, 2006 and December 11, 2008.

8.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Steven Andelman to another Person or entity.

9.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10.    "You" or "Your" means Steven Andelman, and/or anyone acting on behalf of or for the benefit of Steven Andelman.

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1.      Admit that Account 1ZA111was maintained in the name of Steven Andelman.

2.      Admit that, from December 1993 through November 2002, Account 1A0102 was maintained in the name of Steven and Susan Andelman, J/T WROS.

3.      Admit that, from November 2002 through December 2008, Account 1A0102 was maintained in the name of Steven and Stephanie Andelman, J/T WROS.

4.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Accounts.

5.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Accounts.

6.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Accounts.

7.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Accounts.

8.      Admit that You, Susan Andelman, and/or Stephanie Andelman received the withdrawals from Account 1A0102 listed in Column 5 of Exhibit B to the Complaint.

9.      Admit that, over the life of Account 1A0102, $257,984 was withdrawn from Account 1A0102.

10.     Admit that, of the $257,984 that was withdrawn from Account 1A0102, $185,280 consisted of principal.

11.    Admit that, of the $257,984 that was withdrawn from Account 1A0102, $72,704 was in excess of principal.

12.    Admit that, $72,704 more was withdrawn from Account 1A0102 than was deposited into Account 1A0102.

13.    Admit that, between December 11, 2006 and December 11, 2008, $25,700 in excess of principal was withdrawn from Account 1A0102.

14.    Admit that, between December 11, 2006 and December 11, 2008, You, Susan Andelman, and/or Stephanie Andelman received the $25,700 in excess of principal that was withdrawn from Account 1A0102.

15.    Admit that You and/or Susan Andelman received the withdrawals from Account 1ZA111 listed in Column 5 of Exhibit B to the Complaint.

16.    Admit that, over the life of Account 1ZA111, $1,084,932 was withdrawn from Account 1ZA111.

17.    Admit that, of the $1,084,932 that was withdrawn from Account 1ZA111, $544,784 consisted of principal.

18.    Admit that, of the $544,784 that was withdrawn from Account 1ZA111, $540,148 was in excess of principal.

19.    Admit that, $540,148 more was withdrawn from Account 1ZA111 than was deposited into Account 1ZA111.

20.    Admit that, between December 11, 2006 and December 11, 2008, $173,240 in excess of principal was withdrawn from Account 1ZA111.

21.    Admit that, between December 11, 2006 and December 11, 2008, You and/or Susan Andelman received the $173,240 in excess of principal that was withdrawn from Account 1ZA111.

22.    Admit that BLMIS made all Transfers from Account 1A0102 between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

23.    Admit that BLMIS made all Transfers from Account 1ZA111 between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

24.    Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

25.    Admit that the customer statements received from BLMIS for Account 1A0102 reflect the deposits made into Account 1A0102.

26.    Admit that the customer statements received from BLMIS for Account 1ZA111 reflect the deposits made into Account 1ZA111.

27.    Admit that the customer statements You, Susan Andelman and/or Stephanie Andelman received from BLMIS for Account 1A0102 reflect the withdrawals You, Susan Andelman and/or Stephanie Andelman made from Account 1A0102.

28.    Admit that the customer statements received from BLMIS for Account 1ZA111 reflect the withdrawals You and/or Susan Andelman made from Account 1ZA111.

29.    Admit that You, Susan Andelman and/or Stephanie Andelman made each deposit into Account 1A0102.

30.    Admit that You and/or Susan Andelman made each deposit into Account 1ZA111.

31.    Admit that You, Susan Andelman and/or Stephanie Andelman made each withdrawal from Account 1A0102.

32.    Admit that You, Susan Andelman and/or Stephanie Andelman made each withdrawal from Account 1A0102.

33.    Admit that You, Susan Andelman and/or Stephanie Andelman made each withdrawal from Account 1A0102.

34.    Admit that You, Susan Andelman and/or Stephanie Andelman made each withdrawal from Account 1A0102.

35.    Admit that You and/or Susan Andelman made each withdrawal from Account 1ZA111.

36.    Admit that each deposit into Account 1A0102 was made at the direction of You, Susan Andelman and/or Stephanie Andelman.

37.    Admit that each deposit into Account 1ZA111 was made at Your and/or Susan Andelman's direction.

38.    Admit that each withdrawal from Account 1A0102 was made at the direction of You, Susan Andelman and/or Stephanie Andelman.

39.    Admit that each withdrawal from Account 1ZA111 was made at Your and/or Susan Andelman's direction.

40.    Admit that each withdrawal from Account 1A0102 was made at the direction of You, Susan Andelman and/or Stephanie Andelman.

41.    Admit that each withdrawal stated in Column 5 of Exhibit B to the Complaint from Account 1A0102 went to one or more bank or brokerage accounts held by You, Susan Andelman and/or Stephanie Andelman.

7

42.    Admit that each withdrawal stated in Column 5 of Exhibit B to the Complaint from Account 1ZA111 went to one or more bank or brokerage accounts held by You and/or Susan Andelman.

Dated:   July 5, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713)751-1600
Facsimile: (713)751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*/s/ Nicholas J. Cremona*
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 5th day of July, 2016 by electronic mail and First class mail upon the following:

Jeffrey L. Bernfeld
Bernfeld, DeMatteo & Bernfeld, LLP
600 Third Avenue, 15th Floor
New York, NY 10016
Email: jeffreybernfeld@bernfeld-dematteo.com

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff*