# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

September 14, 2016

**BY ECF AND FEDERAL EXPRESS**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      **Re:**    *Irving H. Picard v. Perlman et al.*, **Adv. Pro. No. 10-04541**
             *Irving H. Picard v. Gordon*, **Adv. Pro. No. 10-04914**
             *Irving H. Picard v. Harwood*, **Adv. Pro. No. 10-04818**
             *Irving H. Picard v. Estate of Palmer*, **Adv. Pro. No. 10-04826**
             *Irving H. Picard v. Dusek*, **Adv. Pro. No. 10-04644**

Dear Judge Bernstein:

      We represent the Defendants in the above-captioned cases. I write pursuant to Local Rule 7007-1 and your Honor's Chambers' Rules to request a pre-motion conference or, in the alternative, permission to file a motion for a protective order and to quash the Trustee's notices to depose the Defendants. I have tried to resolve this discovery dispute with the Trustee in good faith, but the Trustee has not indicated that he is willing to resolve this dispute.

### I.    The Trustee has no legitimate reason to depose these defendants

      The Trustee has served deposition notices on Defendants in the above-captioned cases. (*See* Exs. A-F). Upon receipt of these deposition notices, I informed the Trustee that Defendants are elderly, in frail health, and have admitted the entirety of the deposits and withdrawals on Exhibit B to the Trustee's Complaints. (*See* Ex. G). Therefore, I asked the Trustee what the intended purpose of these depositions would be so that I could determine whether I needed to move for a protective order. (*Id.*). In response, the Trustee has not articulated a single legitimate reason for noticing these depositions and instead takes the position that he simply is "not required to" because "these are not Rule 30(b)(6) depositions." (*Id.*) Although it is *generally* true that a party serving a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(1) need not list the proposed topic of examination, this is not universally true.

      Under Federal Rule of Civil Procedure 26, "[a] court's discretion to quash a discovery request due to a witness' failing health or the overly burdensome nature of the request is well established, particularly where the information is believed to be obtainable from another source."

CHAITMAN LLP

The Honorable Stuart M. Bernstein
September 14, 2016
Page 2

*Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1147 (10th Cir. 2003); *see Amarin Plastics, Inc. v. Md. Cup Corp.*, 946 F.2d 147, 152 (1st Cir. 1991) ("The trial court's power to quash a subpoena because of the witness's ill health is well established."); Fed. R. Civ. P. 26(b)(2) and (c).

Here, Defendants are all elderly and in frail health. The Trustee is unable to articulate a single topic on which he needs the testimony of any of these Defendants. Thus, a Court order quashing the deposition notices is appropriate. *See In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (S.D.N.Y. Bankr. 1988) (quashing deposition notice served on 80-year-old man in frail health); *Trebby v. Goodyear Tire & Rubber Co.*, 129 F.R.D. 468, 469 (S.D.N.Y.1990) (quashing deposition notice of deponent in frail health and holding that a new deposition notice could be served only after "his attending physician has indicated that the taking of his testimony will not be detrimental to his health"); *In re Tutu Water Wells Contamination CERCLA Litig.*, 189 F.R.D. 153, 157 (D.V.I. 1999) (refusing to permit deposition of 81-year-old man in frail health and noting that "[n]o deposition under these circumstances is worth risking a man's life . . . this Court could not in good conscience subject . . . [the deponent] to a very real risk of danger."); *United States v. Mariani*, 178 F.R.D. 447, 451 (M.D. Pa. 1998) (quashing deposition notice served on 83-year-old man in frail health). The Court should quash the deposition notices here.

In *Perlman*, the Trustee has noticed the depositions of both Sanford Perlman and Felice Perlman for October 27, 2016 and October 28, 2016, respectively. (*See* Exs. A, B). However, the Defendants in this case have conceded the accuracy of Exhibit B to the Trustee's Complaint from 2000 on and the third defendant, Kevin Perlman, has conceded the accuracy of Exhibit B for the years prior to 2000. (*See* Felice Perlman Responses to Interrogs., No. 11, attached as Ex. H). On August 27, 2016, we brought this to the Trustee's attention and asked the Trustee what purpose the deposition would serve. (*See* Ex. I). To date, we have received no response.

The situation with the other Defendants is similar. For example, in *DiGiulian*, the Defendant is the widow of the account holder. She had no involvement in the account and knows nothing about it. She is in her 80s and is in poor health. In view of the fact that she has no personal knowledge of the account; and in view of the fact that the widow has conceded the accuracy of Exhibit B in its entirety (*see* DiGiulian Amended Responses to Interrogs., No. 8, attached as Ex. J), we asked the Trustee to withdraw his deposition notice. (Ex. K). He has refused to do so. (*See id.*).

Moreover, in these cases, the Trustee has engaged in improper and grossly overbroad discovery. For example, in *Dusek*, the Trustee served subpoenas on three financial institutions demanding all of Defendant's unredacted bank records from 1992 to the present. (*See* Exs. L, M). Thus, the personal and unredacted financial records of many of these Defendants have already been disclosed to the Trustee even though the Trustee has stated on numerous occasions that he does not even need the bank records to prove any aspect of his case. (*See* July 6, 2016 Transcript at 19:9-11, attached as Ex. N). Indeed, in the Trustee's view, these are "strict liability cases." (*See, e.g.*, March 23, 2016 Transcript at 22:14-15, attached as Ex. O). One wonders why the Trustee now wishes to proceed with depositions after already indicating that he has been pursuing discovery he does not need. The Court should not permit this. *See also* Fed. R. Civ. P. 26(b)(1)

{00023367 1 }

CHAITMAN LLP                                        The Honorable Stuart M. Bernstein
                                                    September 14, 2016
                                                    Page 3

("On motion or on its own, the court must limit" discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative.").

   Thus, we ask that the Court permit us to move for a protective order with respect to all of these deposition notices.

                                        Yours respectfully,

                                        */s/ Helen Davis Chaitman*

                                        Helen Davis Chaitman


HDC/sh
Enclosures (as stated)
cc:   David J. Sheehan, Esq. *(via email without enclosures: dsheehan@bakerlaw.com)*
      Marie L. Carlisle, Esq. *(via email without enclosures: mcarlisle@bakerlaw.com)*
      Rachel M. Smith, Esq. *(via email without enclosures: rsmith@bakerlaw.com)*
      Dean D. Hunt, Esq. *(via email without enclosures: dhunt@bakerlaw.com)*

{00023367 1 }