# EXHIBIT G

| | |
|---|---|
| **From:** | Helen Chaitman |
| **Sent:** | Wednesday, August 31, 2016 11:55 AM |
| **To:** | Carlisle, Marie L. |
| **Cc:** | Jennifer Allim; Smith, Rachel M.; Hunt, Dean D. |
| **Subject:** | RE: Your deposition notices |

Marie:  My clients are all in their late '70's and '80's.  It is a severe hardship on them to have to appear for a deposition.  I am entitled to know whether there are specific factual issues you need to address, through a deposition.  Please lay this out because I intend to move for a protective order and I would like to be able to explain to Judge Bernstein what the basis is for your position.

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Cell:  (908) 303-4568
Fax:  (888) 759-1114

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Wednesday, August 31, 2016 11:25 AM
**To:** Helen Chaitman <hchaitman@chaitmanllp.com>
**Cc:** Jennifer Allim <jallim@chaitmanllp.com>; Smith, Rachel M. <rsmith@bakerlaw.com>; Hunt, Dean D. <dhunt@bakerlaw.com>
**Subject:** RE: Your deposition notices

Helen,

As these are not Rule 30 (b)(6) depositions, we are not required under the rules to provide a list of topics.  However, your clients' discovery responses leave certain factual issues open.  The purpose of each deposition will be, in part, to test the accuracy and completeness of the responses provided by your clients to discovery requests and the completeness of document production.  As we have in the past, we will do our best to accommodate the needs of your clients.

Also, to clarify, the Trustee did not request an extension of discovery, rather, given your firm's representations that Defendants' availability for deposition would be after the close of discovery, offered extensions to accommodate their schedules.  On August 2, Ms. Allim requested an extension of discovery in the cases listed below, other than 10-04809, extension of which has not yet been discussed.

Marie

**From:** Helen Chaitman [mailto:hchaitman@chaitmanllp.com]
**Sent:** Monday, August 29, 2016 1:20 PM
**To:** Carlisle, Marie L.
**Cc:** Jennifer Allim; Smith, Rachel M.; Hunt, Dean D.
**Subject:** RE: Your deposition notices

Marie:  You asked to extend discovery so that you could take the depositions; we did not ask to extend discovery.  However, many of my clients are elderly and in ill health.  It is a severe hardship for them to be deposed.  I would like an answer to a

1

very simple question:  what is the information you need to obtain from them in a deposition and is there a less burdensome way for you to obtain that information.  If you do not want to answer my question, that's fine.  I will simply move for a protective order.

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Cell:  (908) 303-4568
Fax:  (888) 759-1114

---

**From:** Carlisle, Marie L. [mailto:mcarlisle@bakerlaw.com]
**Sent:** Monday, August 29, 2016 1:02 PM
**To:** Helen Chaitman <hchaitman@chaitmanllp.com>
**Cc:** Jennifer Allim <jallim@chaitmanllp.com>; Smith, Rachel M. <rsmith@bakerlaw.com>; Hunt, Dean D. <dhunt@bakerlaw.com>
**Subject:** RE: Your deposition notices

Helen,

Your firm made multiple, written representations that it would present each of the below Defendants, as well as the defendants in Adv. Pro. No. 10-04541, *Picard v. Perlman*, for deposition.  Relying on these representations, the Trustee agreed to extend fact discovery in each case in order to accommodate Defendants' availability.  As such, absent your providing alternate dates, we intend to proceed with the depositions as noticed.

Thanks,

Marie

---

**From:** Helen Chaitman [mailto:hchaitman@chaitmanllp.com]
**Sent:** Saturday, August 27, 2016 2:44 AM
**To:** Carlisle, Marie L.
**Cc:** Jennifer Allim
**Subject:** Your deposition notices

Marie:  You have served deposition notices in the following cases in which we have conceded the accuracy of Exhibit B to the complaint:

Adv. Pro. No. 10-04728, **DiGiulian**
Adv. Pro. No. 10-04914, **Edyne Gordon** (also for 10-04809)
Adv. Pro. No. 10-04644, **Dusek**
Adv. Pro. No. 10-04818, **Toby Harwood**

Would you please let me know the factual areas on which you need to take the depositions in these cases?  I intend to move for a protective order in each of them because I do not believe you have a good faith basis to depose these people and it is an imposition of needless stress on people who are in their '80's and in fragile health.


Helen Davis Chaitman
Chaitman LLP

2

465 Park Avenue
New York, New York 10022
[hchaitman@chaitmanllp.com](mailto:hchaitman@chaitmanllp.com)
Cell:  (908) 303-4568
Fax:  (888) 759-1114

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.