# EXHIBIT H

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants Felice J. Perlman and Sanford S. Perlman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>      Plaintiff-Applicant, <br><br>    v. <br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>      Defendant. | No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br>(Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC <br><br>      Plaintiff, <br><br>    v. <br><br> KENNETH W. PERLMAN; FELICE J. PERLMAN; and SANFORD S. PERLMAN, <br><br>      Defendants. | Adv. Pro. No. 10-04541 (SMB) |

**RESPONSES AND OBJECTIONS OF DEFENDANT FELICE J. PERLMAN TO TRUSTEE'S FIRST SET OF INTERROGATORIES**

Felice J. Perlman ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

**GENERAL OBJECTIONS**

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Party objects to the Requests to the extent they require

production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek

disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1. Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:** Felice J. Perlman.

2. Identify the reasons for each Transfer.

**ANSWER:** Withdrawals were taken to pay applicable taxes on the reported short term capital gains in the Account and for the living expenses of the Responding Party.

3. Identify the reasons for each Subsequent Transfer.

**ANSWER:** Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information concerning subsequent transfers.

4. Identify each deposit into the Account.

**ANSWER:** Responding Party is unable to do so. Kenneth W. Perlman kept the account records for the period following approximately 2000. Prior thereto, Responding Party did not keep records of deposits and withdrawals. To the extent that the Trustee has reliable third party documents proving a deposit (such as Madoff's bank records), Responding Party will acknowledge that deposit. However, as the Trustee has admitted, Madoff's records are riddled with fraud and, therefore, they cannot be relied upon to prove any withdrawals. Moreover, the Trustee has admitted he has no bank records prior to December 1998. Hence, he has no competent evidence of any activity in the account prior to December 1998.

5. Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's

{00020400 1}    4

knowledge.

**ANSWER:** Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.

6. Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:** Responding Party is unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking this information.

7. Explain how and through whom the Defendants managed the Account including deposits to and withdrawals from the Account. In so doing, Identify the form and frequency of deposits into the Account and by whom such deposits were made, who received withdrawals from the Account, and how such withdrawals were distributed among the Defendants.

**ANSWER:** Responding Party is unable to do so. However, Kenneth W. Perlman, on information and belief, kept records from approximately 2000 on and those records have been provided to the Trustee. Madoff's bank records would prove the deposits and withdrawals into and out of the Account for the period from December 1998 on. Responding Party is unable to answer this interrogatory as to the period prior to December 1998. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.

{00020400 1}                                                    5

8. Identify which of the Defendants held primary responsibility for managing the Account, including communicating with BLMIS Concerning Account activity.

**ANSWER:** For the period before approximately 2000, the account was managed by the Responding Party and Sanford Perlman. For the period after approximately 2000, the account was managed by Responding Party, Sanford Perlman and Kenneth Perlman.

9. Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:** Withdrawals from the Account benefited the Account holders and the taxing authorities. To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.

10. To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:** Responding Party paid taxes on the reported short term capital gains in the Account. The balance of the funds were used for Responding Party's living expenses.

11. Identify any and all banks and/or financial institutions, including, but not limited to, JP Morgan Chase and CIBC Oppenheimer, where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:** Responding Party admits the deposits and withdrawals reflected on Exhibit B to the complaint for the period from January 2000 through December 11, 2008. The Trustee has no right to any bank information beyond that and seeks such information for the improper purpose

{00020400 1}                                             6

of taking discovery as to subsequent transferees.

12. Identify any instance when You or any other Defendant communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:** Responding Party cannot recall.

13. Identify any instance when You or any other Defendant communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:** See answer to #12.

14. Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.

**ANSWER:** The defense concerning payment of short term capital gains taxes is based upon Responding Party's testimony as to the payment of the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

15. Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof

were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:** This defense relates to all inter-account transfers which the Trustee has disallowed without any factual basis and to all withdrawals for which the Trustee lacks reliable documentary evidence.

16. Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments you contend were not properly credited, the amounts you contend should be credited and all Documents supporting your contention.

**ANSWER:** The Trustee has admitted that Madoff's records are riddled with fraud. Therefore they cannot possibly be reliable and/or admissible.

17. Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting your contention.

**ANSWER:** Under the securities laws, the balance in the Account belonged to the Account holders and Madoff was required to follow the Account Holders' instructions.

18. Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying

{00020400 1 }                                                               8

the deposits that You contend were not properly credited by date and amount, the amounts you contend should be credited, and all Documents supporting your contention.

**ANSWER:** The Trustee has discounted all inter-account transfers without any basis.

19. Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information relating to any Transfers, deposits, or Subsequent Transfers, including, but not limited to, JP Morgan Chase, CIBC Oppenheimer, Chemical Bank, Peter Schwartz, and Harold Weinstein, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:** Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees; Kenneth W. Perlman. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.

20. To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:** Responding Party is not aware of any such documents.

21. Identify whether You requested a refund, including, but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received. In so doing, provide the date(s) when You applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

{00020400 1}                                          9

**ANSWER:** Responding Party requested a refund and received a refund. That information will be provided to the Trustee.

22. Identify steps You have taken to preserve Documents Concerning the Account pursuant to the preservation letters sent to Your counsel on April 18, 2011, July 21, 2014, and February 23, 2016.

**ANSWER:** Responding Party has not disposed of any documents since April 18, 2011.

Dated: June 3, 2016

                                              **CHAITMAN LLP**
                                              By: /s/ *Helen Davis Chaitman*
                                              465 Park Avenue
                                              New York, New York 10022
                                              Phone & Fax: 888-759-1114
                                              hchaitman@chaitmanllp.com

                                              *Attorneys for Defendants Felice J. Perlman*
                                              *and Sanford S. Perlman*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 3rd day of June, 2016 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

Anthony A. Mingione
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Email: Amingione@blankrome.com

*Attorneys for Defendant Kenneth W. Perlman*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants Felice J. Perlman; and Sanford Perlman*

{00020400 1}                                11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>              Plaintiff,<br>v.<br>KENNETH W. PERLMAN; FELICE J. PERLMAN; and SANFORD S. PERLMAN,<br><br>              Defendants. | Adv. Pro. No. 10-04541 (SMB)<br><br>VERIFICATION |

I, FELICE J. PERLMAN, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

May 25, 2016

                                                      Felice J. Perlman