# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 16, 2016

Edward J. Jacobs
Direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.*

Adv. Pro. No. 10-04588 (SMB); *Irving H. Picard v. Amy Pinto Lome Revocable Trust U/A/D 5/22/03, et al.*

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff. We write under Local Bankruptcy Rule 7007-1(b), to update your Honor regarding a discovery dispute which is set for in-person conference on September 28 at 10 AM.

On June 6, 2016, we wrote to your Honor regarding Defendants' deficient and overdue responses to the Trustee's discovery requests (Adv. Pro. No. 10-04538, Dkt. No. 50; Adv. Pro. No. 10-04588, Dkt. No. 52). On June 9, defense counsel filed a declaration, stating that their "plan was to complete discovery responses by June 30 . . ." (Adv. Pro. No. 10-04538, Dkt. No. 51; Adv. Pro. No. 10-04588, Dkt. No. 53). Based on this representation, we agreed to adjourn a conference set for June 15 until July 27.

On June 24, counsel first reported that "in order to answer/respond to the Trustee's discovery [they would] need forensic accounting" (Exhibit A). On July 14, counsel advised that they were "pushing to have [expert] work product by the end of July" (Exhibit B). On July 15, 2016, we wrote to your Honor to provide an update, as

Honorable Stuart M. Bernstein
September 16, 2016
Page 2

Defendants had not yet cured any of the deficiencies (Adv. Pro. No. 10-04538, Dkt. No. 53; Adv. Pro. No. 10-04588, Dkt. No. 55).

On July 26 at 5:21 PM, we received Defendants' overdue Responses to the Trustee's First Sets of Interrogatories and Requests for Production (Exhibit C, Adv. Pro. No. 10-04538; Exhibit D, Adv. Pro. No. 10-04588). We agreed to adjourn the July 27 conference until September 28 to review the responses, evaluate remaining deficiencies, and allow for completion of Defendants' forensic accounting.

On September 7, we advised counsel by letter (Exhibit E) of deficiencies, including:

1. Defendants limited Responses in each set of discovery only to transactions within the 2-year period of December 11, 2006 through December 11, 2008;
2. Responses to Interrogatories regarding recipients of the transfers and accountings of the trusts are still pending completion of the forensic analysis;
3. Responses to most of the Trustee's Requests for Production state that Defendants "will produce all non-privileged documents" in their possession. Yet to date, Defendants have produced only two documents in each proceeding. Defendants' production must include documents maintained on Defendants' behalf by third parties. Counsel for one such third party, Sidney Kaplan, has confirmed that he has responsive documents, and defense counsel acknowledged that the Trustee is entitled to them (Ex. B); and
4. A general objection in each set of Responses to the Trustee's Requests for Production improperly asserts, "A statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist . . ."

On September 13, defense counsel Marvin Ingber reported by letter (Exhibit F), that he and Defendants terminated co-counsel Bob McClay's representation and are searching for a replacement to complete the discovery. Mr. Ingber also advised that 30 to 45 more days are needed to complete the forensic accounting, and requested adjournment of the discovery conference until mid-November.

There is no cause for further delay. Mr. Ingber was granted Pro Hac Vice admission on March 30 2012. He has actively participated as co-counsel in all phases of these cases since that time. His name has appeared on all pleadings filed on Defendants' behalf. We have served him with all discovery requests, and kept him apprised of Defendants' discovery deficiencies. Additionally, although both Mr. Ingber and Mr. McClay have notified us that Mr. McClay is withdrawing as counsel, he has not formally withdrawn. Defendants are not entitled to withhold responsive information and documents – to the detriment of the Trustee's counsel and experts – while awaiting their expert's analysis, which has been forthcoming for over two months. We respectfully

Honorable Stuart M. Bernstein
September 16, 2016
Page 3

request that the Court order Defendants to provide responsive information and documents.

Respectfully submitted,

*/s/ Edward J. Jacobs*
Edward J. Jacobs

Enclosures

cc:  Marvin C. Ingber
     6705 Apache Road
     Edina, Minnesota 55439-1001
     mcingber@comcast.net

     Robert M. McClay
     McClay Alton, P.L.L.P.
     951 Grand Avenue
     St. Paul, Minnesota 55105
     bob@mcclay-alton.com