# EXHIBIT D

McCLAY · ALTON, P.L.L.P

ATTORNEYS

Robert M. McClay
Brian D. Alton*

*Also Licensed in Wisconsin

951 Grand Avenue
St. Paul, MN 55105
Fax: 651/290-2502
651/290-0301

July 26, 2016

**VIA U.S. MAIL & EMAIL**
Baker Hostetler LLP
Attn: Dean Hunt, Esq.
811 Main Street Suite 1100
Houston, TX 77002-6111

Re:   Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment
Securities LLC v. Amy Pinto Lome Revocable Trust, U/A/D 05/22/03, et al.
08-01789 (SMB)

**Adv. Pro. No. 10-04588  (SMB) [Amy Pinto Lome/Leonard D. Lome]**

Dear Mr. Hunt:

Enclosed and hereby served upon you is the following:

1. Defendant Amy Pinto Lome Revocable Trust U/A/D 05/22/03 Answers to
   Trustee's First Set of Interrogatories to Defendant;
2. Defendant Amy Pinto Lome's Answers to Trustee's First Set of Interrogatories to
   Defendant;
3. Defendant Leonard D. Lome's Answers to Trustee's First Set of Interrogatories to
   Defendant;
4. Defendant Amy Pinto Lome Revocable Trust U/A/D 05/22/03 Responses to
   Trustee's First Set of Production of Documents and Things to Defendant;
5. Defendant Amy Pinto Lome's Responses to Trustee's First Set of Production of
   Documents and Things to Defendant;
6. Defendant Leonard D. Lome's Responses to Trustee's First Set of Production of
   Documents and Things to Defendant;
7. Bates numbered documents labeled APL 000046 through APL 000085; and,
8. Certificate of Service.

By copy of this letter, Marc E. Hirschfield, Farrell Hochmuth and Kevin H. Bell are also
served.

Very truly yours,

Robert M. McClay

bob@mcclay-alton.com

RMM:jf

Encs.

cc:    Amy Pinto Lome and Leonard D. Lome via email w/ encs.
       Marc E. Hirschfield, Esq. Baker & Hostetler LLP, via U.S. Mail & email w/ encs.
       Kevin H. Bell, Esq. SIPC, via email w/ encs.
       Farrell Hochmuth, Esq. via U.S. Mail & email w/ encs.
       Jody E. Schechter, Esq. Baker & Hostetler LLP, via email w/ encs.
       Rachel M. Smith, Esq. Baker & Hostetler LLP, via email w/ encs.
       Marvin C. Ingber, via email w/ encs.

*McClay●Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for Defendants:*
*AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>       Debtor. | |

1

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMY PINTO LOME REVOCABLE TRUST, U/A/D 5/22/03; AMY PINTO LOME, individually and in her capacity as Grantor and Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03; and LEONARD D. LOME, in his capacity as Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03,<br><br>Defendants. | Adv. Pro. No. 10-04588 (SMB) |

## DEFENDANT AMY PINTO LOME REVOCABLE TRUST U/A/D 5/22/03 ANSWERS TO TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant Amy Pinto Lome Revocable Trust U/A/D 5/22/03, as and for its Answers[1,2] to

Trustee's interrogatories states as follows:

### GENERAL OBJECTIONS

All answers are made without in any way waiving or intending to waive and intending to

preserve and preserving:

1.      All questions as to competency, relevance, materiality, privilege, scope, and

admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any

other action.

2.      The right to object to the use of any of the answers or the subject matter thereof in

any subsequent proceeding or the trial of this or any other action on any grounds.

---

[1] Defendant's Answers to Trustee's First Set of Interrogatories are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits its Answers to this First Set of Interrogatories only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

2

3.      The right to supplement and/or amend these answers as Defendant's investigation, discovery and preparation for trial continues.

4.      Defendant objects generally to each interrogatory herein to the extent that it seeks discovery of:

      a.  Information or documents subject to the attorney/client privilege, or any other privilege;

      b.  Information or documents constituting the work product of Defendant or its attorneys;

      c.  Information generated or documents prepared in anticipation of litigation or for trial by or for Defendant or its representatives;

      d.  Information or documents not in the possession or control of Defendant or not generated or obtained by Defendant in the regular course of business;

      e.  Information or documents generated or obtained after the date on which Defendant's alleged claims arose.

5.      Defendant objects to, and does not accept Trustee's instructions to the extent that they seek to impose duties upon Defendant that exceed the requirements of applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York. Defendant's responses assume that words used in the interrogatories have their ordinary and customary meanings without regard to any special meanings assigned to them by the Trustee.

6.      Defendant objects to Trustee's interrogatories to the extent that they seek to impose upon Defendant duties not imposed by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

7.      Defendant states that it does not and will not waive any of its general or particular objections in the event it may furnish materials or information coming within the scope of any such objections.

## ANSWERS TO INTERROGATORIES

1.      Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:**    Counsel Robert M. McClay and Marvin C. Ingber on behalf of Amy Pinto Lome and Leonard D. Lome.  Forensic accounting experts, Beth Kieffer Leonard, CPA, CGMA, and Matthew Brown, CPA, JD, both with Lurie, LLP are investigating subject matter as noted in applicable Answers.

2.      Identify each Initial Transfer from and deposit into the Accounts.

**ANSWER:**    Initial Transfers:
A transfer from BLMIS in the amount of $130,000.00 was transferred on December 19, 2006 to Defendants.

*See Bates numbered documents:*

JPMSAF0052059 check image
AMF00104825 withdrawal authorization letter

A transfer from BLMIS in the amount of $100,000.00 was transferred on April 4, 2007 to Defendants.

*See Bates numbered documents:*

JPMSAF0055846 check image
AMF00104824 withdrawal authorization letter

A transfer from BLMIS in the amount of $90,000.00 was transferred on June 7, 2007 to Defendants.

*See Bates numbered documents:*

JPMSAF0057149 check image
AMF00104823 withdrawal authorization letter

A transfer from BLMIS in the amount of $60,000.00 was transferred on October 18, 2007 to Defendants.

4

*See Bates numbered documents:*

JPMSAF0061413 check image
AMF00104822 withdrawal authorization letter

A transfer from BLMIS in the amount of $100,000.00 was transferred on January 11, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0064219 check image
AMF00104821 withdrawal authorization letter

A transfer from BLMIS in the amount of $75,000.00 was transferred on March 26, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0065373 check image
AMF00104820 withdrawal authorization letter

A transfer from BLMIS in the amount of $75,000.00 was transferred on July 7, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0069265 check image
AMF00104819 withdrawal authorization letter

A transfer from BLMIS in the amount of $50,000.00 was transferred on September 18, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0070469 check image
AMF00104818 withdrawal authorization letter

<u>Deposits:</u>
None.

3.    Identify the reasons for each Initial Transfer.

**ANSWER:**    For discretionary use by Amy Pinto Lome as Grantor of the Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. This matter continues under investigation.

4.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**      For discretionary use by Amy Pinto Lome as Grantor of the Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. This matter continues under investigation.

5.      Identify any instance when the Trust communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:**      None. This matter continues under investigation.

6.      Identify: (a) each Person or entity, including, but not limited to the Trust or Defendant Amy Pinto Lome, who ever received money from Account No. 1EM457, whether directly or indirectly, including each Initial Transfer, any property purchased with money from Account No. 1EM457, or any other benefits derived from an Initial Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

**ANSWER:**      This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

7.      Identify all Persons who benefited from any Transfer from Account No. 1EM457, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer from Account No. 1EM457, and describe how these Persons benefited.

**ANSWER:**      This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

8.      To the extent not already provided in Your responses to the preceding Interrogatories, state how the Trust used or distributed any money received from Account No.

6

1EM457, whether directly or indirectly. In so doing, Identify all Persons or entities who received such money from the Trust or Account No. 1EM457, including, but not limited to, Defendant Amy Pinto Lome, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1EM457.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

9.      Identify any and all banks and/or financial institutions where the Trust holds or has held accounts during the Applicable Period, including, but not limited to Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A., and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited. For each account, Identify the account number, the date the account was opened, and the date the account was closed.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

10.      Provide the Trust's legal name, the type of entity the Trust is, the date on which the Trust was established and whether the Trust was formed out of a predecessor entity, the state or country under whose laws the Trust was formed, the names and addresses of the Trust's current and former trustees, and the percent of beneficial interest in the Trust of the current and former trustees.

> **ANSWER:** Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. No predecessor entity. Formed in the State of Minnesota. Amy Pinto Lome and Leonard D. Lome are current Trustees. Amy Pinto Lome, Grantor, holds 100% of beneficial interest.

11.      Identify all current and former trustees of the Trust. For each Person so identified, Identify the dates such Person served as a trustee, the amount of any fees received by

7

such Person in connection with their service as a trustee, the dates and amounts of any

Initial Transfers received by the Trust while such Person served as trustee, and state whether

s u c h Person personally received any portion of any such Initial Transfers.

> **ANSWER:**   Amy Pinto Lome and Leonard D. Lome are current Trustees. No former
> Trustees. Trustees have served from 5/22/03 to present without any fees
> received in connection with their service as Trustees. Initial Transfers by
> BLMIS to the Trust between December 11, 2006 and December 11, 2008
> amounted to $680,000 (See Answer #2). BLMIS made checks out to Amy
> Pinto Lome and Leonard D. Lome as Trustees of the Amy Pinto Lome
> Revocable Trust, U/A/D 5/22/03. Withdrawal authorization letters
> instructed distributions payable to Amy Pinto Lome.

12.    Identify any money, real or personal property that Defendant Amy Pinto

Lome received, directly or indirectly, from the Trust or that was purchased with money from

the Trust, between December 11, 2006 and December 31, 2009.

> **ANSWER:**   This matter continues under investigation. Forensic accounting experts are
> developing information responsive to this interrogatory. Applicable
> disclosures will be provided upon completion.

13.    Identify each Person with knowledge or information relevant to this

Adversary Proceeding who may be in possession of any documents or other information

relating to any Initial Transfers, deposits, or Subsequent Transfers, including, but not limited

to, banks, financial advisors, accountants, auditors, securities brokers, and/or other financial

professionals, including, but not limited to Wells Fargo Bank, N.A., JPMorgan Chase Bank,

N.A., Sidney Kaplan, and Parsinen Kaplan Rosberg & Gotlieb, P.A. For every Person You

Identify, please provide their name, address, and telephone number, the circumstances under

which each Person obtained such knowledge, and the substance of that Person's knowledge.

> **ANSWER:**   This matter continues under investigation. Forensic accounting experts are
> developing information responsive to this interrogatory. Applicable
> disclosures will be provided upon completion.

14.    Identify any state or federal tax filings related to the Trust, including, but not

8

limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER:**    None. Federal and Minnesota State tax filings are not required of a Revocable Trust.

15.    Identify whether the Trust requested a refund of any state or federal taxes paid in connection with Account No. 1EM457 and whether any refund was received.  In so doing, provide the date(s) when the Trust received refund(s) and the amount(s) of such refund(s).

**ANSWER:**    No.

16.    Provide an inventory and/or an accounting of the Trust.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

17.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a.    state all facts upon which You base the denial or affirmative defense;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.    Identify all documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**    Refer to Defendant's Answer #9 in its Response to Trustee's First Set of Requests for Admission.

18.    Regarding the twenty-first affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "subject to defense, set off or equitable or other adjustment to the extent that such transfers were" used by Defendants "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

9

ANSWER:    Refer to Defendant's Answer #9 in its Response to Trustee's First Set of Requests for Admission.

19.    Regarding the twenty-third affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

**ANSWER:**    This affirmative defense has been withdrawn.

Dated:  Minnetonka, MN

July _25_ , 2016

By: _____
Amy Pinto Lome,
*Trustee, Amy Pinto Lome Revocable Trust*
*U/A/D 5/22/03*

Dated:  Minnetonka, MN

July _26_ , 2016

By: _____
Leonard D. Lome
*Trustee, Amy Pinto Lome Revocable Trust*
*U/A/D 5/22/03*

*As to objections:*

Dated:  St. Paul Minnesota

July _26_  2016

By: _____
Robert M. McClay #69620
McClay•Alton, P.L.L.P.
 (Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

10

*Attorney for AMY PINTO LOME
REVOCABLE TRUST, U/A/D 5/22/03; AMY
PINTO LOME, individually and in her
capacity as Grantor and Trustee for the Amy
Pinto Lome Revocable Trust u/a/d 5/22/03;
and LEONARD D. LOME, in his capacity as
Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03*

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email:* _law@mcclay-alton.com_

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for Defendants:*
*AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>Debtor. | |

1

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMY PINTO LOME REVOCABLE TRUST, U/A/D 5/22/03; AMY PINTO LOME, individually and in her capacity as Grantor and Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03; and LEONARD D. LOME, in his capacity as Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03,<br><br>Defendants. | Adv. Pro. No. 10-04588 (SMB) |

### DEFENDANT AMY PINTO LOME ANSWERS TO TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant Amy Pinto Lome, as and for her Answers[1,2] to Trustee's interrogatories states as follows:

### GENERAL OBJECTIONS

All answers are made without in any way waiving or intending to waive and intending to preserve and preserving:

1.    All questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

2.    The right to object to the use of any of the answers or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

---

[1] Defendant's Answers to Trustee's First Set of Interrogatories are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits her Answers to this First Set of Interrogatories only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

2

3.      The right to supplement and/or amend these answers as Defendant's investigation, discovery and preparation for trial continues.

4.      Defendant objects generally to each interrogatory herein to the extent that it seeks discovery of:

      a.   Information or documents subject to the attorney/client privilege, or any other privilege;

      b.   Information or documents constituting the work product of Defendant or her attorneys;

      c.   Information generated or documents prepared in anticipation of litigation or for trial by or for Defendant or her representatives;

      d.   Information or documents not in the possession or control of Defendant or not generated or obtained by Defendant in the regular course of business;

      e.   Information or documents generated or obtained after the date on which Defendant's alleged claims arose.

5.      Defendant objects to, and does not accept Trustee's instructions to the extent that they seek to impose duties upon Defendant that exceed the requirements of applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York. Defendant's responses assume that words used in the interrogatories have their ordinary and customary meanings without regard to any special meanings assigned to them by the Trustee.

6.      Defendant objects to Trustee's interrogatories to the extent that they seek to impose upon Defendant duties not imposed by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

7.      Defendant states that she does not and will not waive any of her general or particular objections in the event she may furnish materials or information coming within the

3

scope of any such objections.

## ANSWERS TO INTERROGATORIES

1.      Identify each Initial Transfer from and deposit into the Accounts.

**ANSWER:** Initial Transfers:

A transfer from BLMIS in the amount of $130,000.00 was transferred on December 19, 2006 to Defendants.

*See Bates numbered documents:*

JPMSAF0052059 check image
AMF00104825 withdrawal authorization letter

A transfer from BLMIS in the amount of $100,000.00 was transferred on April 4, 2007 to Defendants.

*See Bates numbered documents:*

JPMSAF0055846 check image
AMF00104824 withdrawal authorization letter

A transfer from BLMIS in the amount of $90,000.00 was transferred on June 7, 2007 to Defendants.

*See Bates numbered documents:*

JPMSAF0057149 check image
AMF00104823 withdrawal authorization letter

A transfer from BLMIS in the amount of $60,000.00 was transferred on October 18, 2007 to Defendants.

*See Bates numbered documents:*

JPMSAF0061413 check image
AMF00104822 withdrawal authorization letter

A transfer from BLMIS in the amount of $100,000.00 was transferred on January 11, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0064219 check image
AMF00104821 withdrawal authorization letter

4

A transfer from BLMIS in the amount of $75,000.00 was transferred on March 26, 2008 to Defendants.
*See Bates numbered documents:*

JPMSAF0065373 check image
AMF00104820 withdrawal authorization letter

A transfer from BLMIS in the amount of $75,000.00 was transferred on July 7, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0069265 check image
AMF00104819 withdrawal authorization letter

A transfer from BLMIS in the amount of $50,000.00 was transferred on September 18, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0070469 check image
AMF00104818 withdrawal authorization letter

Deposits:
None.

2.      Identify the reasons for each Initial Transfer.

**ANSWER:**      For discretionary use by Amy Pinto Lome as Grantor of the Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. This matter continues under investigation.

3.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**      For discretionary use by Amy Pinto Lome as Grantor of the Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. This matter continues under investigation.

4.      Identify any instance when You or the Trust communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:**      None. This matter continues under investigation.

5.      Identify: (a) each Person or entity, including, but not limited to You or the Trust, who ever received money from Account No. 1EM457, whether directly or indirectly,

5

including each Initial Transfer, any property purchased with money from Account No. 1EM457, or any other benefits derived from an Initial Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

> **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

6.    Identify all Persons who benefited from any Transfer from Account No. 1EM457, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer from Account No. 1EM457, and describe how these Persons benefited.

> **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

7.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You or the Trust used or distributed any money received from Account No. 1EM457, whether directly or indirectly. In so doing, Identify all Persons or entities who received such money from the Trust or Account No. 1EM457, including, but not limited to, You, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1EM457.

> **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

8.    Identify any and all banks and/or financial institutions where You or the Trust holds or has held accounts during the Applicable Period, including, but not limited to Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A., and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited. For each

6

account, Identify the account number, the date the account was opened, and the date the account was closed.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

9.    Provide the Trust's legal name, the type of entity the Trust is, the date on which the Trust was established and whether the Trust was formed out of a predecessor entity, the state or country under whose laws the Trust was formed, the names and addresses of the Trust's current and former trustees, and the percent of beneficial interest in the Trust of the current and former trustees.

> **ANSWER:** Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. No predecessor entity. Formed in the State of Minnesota. Amy Pinto Lome and Leonard D. Lome are current Trustees. Amy Pinto Lome, Grantor, holds 100% of beneficial interest.

10.    Identify all current and former trustees of the Trust. For each Person so identified, Identify the dates such Person served as a trustee, the amount of any fees received by such Person in connection with their service as a trustee, the dates and amounts of any Initial Transfers received by the Trust while such Person served as trustee, and state whether such Person personally received any portion of any such Initial Transfers.

> **ANSWER:** Amy Pinto Lome and Leonard D. Lome are current Trustees. No former Trustees. Trustees have served from 5/22/03 to present without any fees received in connection with their service as Trustees. Initial Transfers by BLMIS to the Trust between December 11, 2006 and December 11, 2008 amounted to $680,000 (See Answer #2). BLMIS made checks out to Amy Pinto Lome and Leonard D. Lome as Trustees of the Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. Withdrawal authorization letters instructed distributions payable to Amy Pinto Lome.

11.    Identify any money, real or personal property that You received, directly or indirectly, from the Trust or that was purchased with money from the Trust, between December 11, 2006 and December 31, 2009.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

12.    Identify each Transfer from which You benefited.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

13.    Identify each Subsequent Transfer that You received or from which You benefited.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

14.    With respect to Your responses to the preceding Interrogatories, state how much money You received from Account No. 1EM457, Identify when and why You received such money, and Identify the Person or entity that gave You the money.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

15.    State how You used any money that You received, as described in Your responses to Interrogatory Nos. 13 and 14. As part of Your answer, Identify all Persons who benefited from the money, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds from Account No. 1EM457.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

16.    Identify each Person with knowledge or information relevant to this Adversary Proceeding who may be in possession of any documents or other information relating to any Initial Transfers, deposits, or Subsequent Transfers, including, but not limited to, banks, financial advisors, accountants, auditors, securities brokers, and/or other financial

professionals, including, but not limited to Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A., Sidney Kaplan, and Parsinen Kaplan Rosberg & Gotlieb, P.A. For every Person You Identify, please provide their name, address, and telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

17. Identify any state or federal tax filings related to the Trust, including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

> **ANSWER:** None. Federal and Minnesota State tax filings are not required of a Revocable Trust.

18. Identify whether You or the Trust requested a refund of any state or federal taxes paid in connection with Account No. 1EM457 and whether any refund was received. In so doing, provide the date(s) when the You or Trust received refund(s) and the amount(s) of such refund(s).

> **ANSWER:** No.

19. Provide an inventory and/or an accounting of the Trust.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

20. For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

> a. state all facts upon which You base the denial or affirmative defense;
>
> b. state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and
>
> c. Identify all documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

9

**ANSWER:**    Refer to Defendant's Answer #9 in her Response to Trustee's First Set of
Requests for Admission.

21.    Regarding the twenty-first affirmlative defense in Your Answer to the
Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are
"subject to defense, setoff or equitable or other adjustment to the extent that such transfers
were" used by Defendants "to satisfy funding or other commitments to organizations that meet
the requirements for tax-exempt status."

**ANSWER:**    Refer to Defendant's Answer #9 in her Response to Trustee's First Set of
Requests for Admission.

22.    Regarding the twenty-third affirmative defense in Your Answer to the
Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are
"barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by
Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations
period."

**ANSWER:**    This affirmative defense has been withdrawn.

Dated: Minnetonka, MN

July 25, 2016

By: _____
Amy Pinto Lome

*As to objections:*

Dated: St. Paul Minnesota

July 26, 2016

By: _____
Robert M. McClay #69620
McClay•Alton, P.L.L.P.
(Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101

10

Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

*Attorney for AMY PINTO LOME
REVOCABLE TRUST, U/A/D 5/22/03; AMY
PINTO LOME, individually and in her
capacity as Grantor and Trustee for the Amy
Pinto Lome Revocable Trust u/a/d 5/22/03;
and LEONARD D. LOME, in his capacity as
Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03*

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for Defendants:*
*AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>        Debtor. | |

1

| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04588 (SMB) |
| --- | --- |

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

Plaintiff,

v.

AMY PINTO LOME REVOCABLE TRUST,
U/A/D 5/22/03; AMY PINTO LOME,
individually and in her capacity as Grantor
and Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03; and LEONARD D. LOME,
in his capacity as Trustee for the Amy Pinto
Lome Revocable Trust u/a/d 5/22/03,

Defendants.

Adv. Pro. No. 10-04588 (SMB)

## DEFENDANT LEONARD D. LOME ANSWERS TO TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant Leonard D. Lome, as and for his Answers[1,2] to Trustee's interrogatories states as follows:

### GENERAL OBJECTIONS

All answers are made without in any way waiving or intending to waive and intending to preserve and preserving:

1.    All questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

2.    The right to object to the use of any of the answers or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

---

[1] Defendant's Answers to Trustee's First Set of Interrogatories are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits his Answers to this First Set of Interrogatories only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

2

3.    The right to supplement and/or amend these answers as Defendant's investigation, discovery and preparation for trial continues.

4.    Defendant objects generally to each interrogatory herein to the extent that it seeks discovery of:

      a.    Information or documents subject to the attorney/client privilege, or any other privilege;

      b.    Information or documents constituting the work product of Defendant or his attorneys;

      c.    Information generated or documents prepared in anticipation of litigation or for trial by or for Defendant or his representatives;

      d.    Information or documents not in the possession or control of Defendant or not generated or obtained by Defendant in the regular course of business;

      e.    Information or documents generated or obtained after the date on which Defendant's alleged claims arose.

5.    Defendant objects to, and does not accept Trustee's instructions to the extent that they seek to impose duties upon Defendant that exceed the requirements of applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York. Defendant's responses assume that words used in the interrogatories have their ordinary and customary meanings without regard to any special meanings assigned to them by the Trustee.

6.    Defendant objects to Trustee's interrogatories to the extent that they seek to impose upon Defendant duties not imposed by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

7.    Defendant states that he does not and will not waive any of his general or particular objections in the event he may furnish materials or information coming within the

3

scope of any such objections.

## ANSWERS TO INTERROGATORIES

1.      Identify each Initial Transfer from and deposit into the Accounts.

**ANSWER:**      Initial Transfers:
A transfer from BLMIS in the amount of $130,000.00 was transferred on December 19, 2006 to Defendants.

*See Bates numbered documents:*

JPMSAF0052059 check image
AMF00104825 withdrawal authorization letter

A transfer from BLMIS in the amount of $100,000.00 was transferred on April 4, 2007 to Defendants.

*See Bates numbered documents:*

JPMSAF0055846 check image
AMF00104824 withdrawal authorization letter

A transfer from BLMIS in the amount of $90,000.00 was transferred on June 7, 2007 to Defendants.

*See Bates numbered documents:*

JPMSAF0057149 check image
AMF00104823 withdrawal authorization letter

A transfer from BLMIS in the amount of $60,000.00 was transferred on October 18, 2007 to Defendants.

*See Bates numbered documents:*

JPMSAF0061413 check image
AMF00104822 withdrawal authorization letter

A transfer from BLMIS in the amount of $100,000.00 was transferred on January 11, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0064219 check image
AMF00104821 withdrawal authorization letter

4

A transfer from BLMIS in the amount of $75,000.00 was transferred on March 26, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0065373 check image
AMF00104820 withdrawal authorization letter

A transfer from BLMIS in the amount of $75,000.00 was transferred on July 7, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0069265 check image
AMF00104819 withdrawal authorization letter

A transfer from BLMIS in the amount of $50,000.00 was transferred on September 18, 2008 to Defendants.

*See Bates numbered documents:*

JPMSAF0070469 check image
AMF00104818 withdrawal authorization letter

Deposits:
None.

2.      Identify the reasons for each Initial Transfer.

**ANSWER:**    For discretionary use by Amy Pinto Lome as Grantor of the Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. This matter continues under investigation.

3.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**    For discretionary use by Amy Pinto Lome as Grantor of the Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. This matter continues under investigation.

4.      Identify any instance when You or the Trust communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:**    None. This matter continues under investigation.

5.      Identify: (a) each Person or entity, including, but not limited to the Trust or Defendant Amy Pinto Lome, who ever received money from Account No. 1EM457, whether

5

directly or indirectly, including each Initial Transfer, any property purchased with money from Account No. 1EM457, or any other benefits derived from an Initial Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

6.    Identify all Persons who benefited from any Transfer from Account No. 1EM457, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer from Account No. 1EM457, and describe how these Persons benefited.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

7.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You or the Trust used or distributed any money received from Account No. 1EM457, whether directly or indirectly. In so doing, Identify all Persons or entities who received such money from the Trust or Account No. 1EM457, including, but not limited to, Defendant Amy Pinto Lome, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1EM457.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

8.    Identify any and all banks and/or financial institutions where You or the Trust holds or has held accounts during the Applicable Period, including, but not limited to Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A., and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited. For each account,

6

Identify the account number, the date the account was opened, and the date the account was closed.

> **ANSWER:**   This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

9.   Provide the Trust's legal name, the type of entity the Trust is, the date on which the Trust was established and whether the Trust was formed out of a predecessor entity, the state or country under whose laws the Trust was formed, the names and addresses of the Trust's current and former trustees, and the percent of beneficial interest in the Trust of the current and former trustees.

> **ANSWER:**   Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. No predecessor entity. Formed in the State of Minnesota. Amy Pinto Lome and Leonard D. Lome are current Trustees. Amy Pinto Lome, Grantor, holds 100% of beneficial interest.

10.   Identify all current and former trustees of the Trust. For each Person so identified, Identify the dates such Person served as a trustee, the amount of any fees received by such Person in connection with their service as a trustee, the dates and amounts of any Initial Transfers received by the Trust while such Person served as trustee, and state whether such Person personally received any portion of any such Initial Transfers.

> **ANSWER:**   Amy Pinto Lome and Leonard D. Lome are current Trustees. No former Trustees. Trustees have served from 5/22/03 to present without any fees received in connection with their service as Trustees. Initial Transfers by BLMIS to the Trust between December 11, 2006 and December 11, 2008 amounted to $680,000 (See Answer #2). BLMIS made checks out to Amy Pinto Lome and Leonard D. Lome as Trustees of the Amy Pinto Lome Revocable Trust, U/A/D 5/22/03. Withdrawal authorization letters instructed distributions payable to Amy Pinto Lome.

11.   Identify any money, real or personal property that Defendant Amy Pinto Lome received, directly or indirectly, from the Trust or that was purchased with money from the Trust, between December 11, 2006 and December 31, 2009.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

12.    Identify each Person with knowledge or information relevant to this Adversary Proceeding who may be in possession of any documents or other information relating to any Initial Transfers, deposits, or Subsequent Transfers, including, but not limited to, banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals, including, but not limited to Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A., Sidney Kaplan, and Parsinen Kaplan Rosberg & Gotlieb, P.A. For every Person You Identify, please provide their name, address, and telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

13.    Identify any state or federal tax filings related to the Trust, including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER:**    None. Federal and Minnesota State tax filings are not required of a Revocable Trust.

14.    Identify whether You or the Trust requested a refund of any state or federal taxes paid in connection with Account No. 1EM457 and whether any refund was received.    In so doing, provide the date(s) when the You or Trust received refund(s) and the amount(s) of such refund(s).

**ANSWER:**    No.

15.    Provide an inventory and/or an accounting of the Trust.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

16.    For each denial of a material allegation and each affirmative defense in Your

8

answer to the Complaint:

    a.    state all facts upon which You base the denial or affirmative defense;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.    Identify all documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

    **ANSWER:**    Refer to Defendant's Answer #9 in his Response to Trustee's First Set of Requests for Admission.

17.    Regarding the twenty-first affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

    **ANSWER:**    Refer to Defendant's Answer #9 in his Response to Trustee's First Set of Requests for Admission.

18.    Regarding the twenty-third affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

    **ANSWER:**    This affirmative defense has been withdrawn.

Dated: Minnetonka, MN

July ___, 2016        By: _____

                       Leonard D. Lome

*As to objections:*

9

Dated:  St. Paul Minnesota

July _____ 26, 2016

By: _____

Robert M. McClay #69620
McClay•Alton, P.L.L.P.
 (Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

*Attorney for AMY PINTO LOME*
*REVOCABLE TRUST, U/A/D 5/22/03; AMY*
*PINTO LOME, individually and in her*
*capacity as Grantor and Trustee for the Amy*
*Pinto Lome Revocable Trust u/a/d 5/22/03;*
*and LEONARD D. LOME, in his capacity as*
*Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03*

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No.08-01789 (SMB) <br><br><br> SIPA LIQUIDATION <br><br> (Substantially Consolidated) |
| In Re: <br><br> BERNARD L MADOFF, <br><br>            Debtor. | |

| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04588 (SMB) |
|---|---|

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

Plaintiff,

v.

AMY PINTO LOME REVOCABLE TRUST,
U/A/D 5/22/03; AMY PINTO LOME,
individually and in her capacity as Grantor
and Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03; and LEONARD D. LOME,
in his capacity as Trustee for the Amy Pinto
Lome Revocable Trust u/a/d 5/22/03,

Defendants.

Adv. Pro. No. 10-04588 (SMB)

## DEFENDANT AMY PINTO LOME REVOCABLE TRUST U/A/D 5/22/03 RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Defendant Amy Pinto Lome Revocable Trust U/A/D 5/22/03, by and through the undersigned, gives the following for Defendant's Response[1,2] to Trustee's First Set of Requests for Production of Documents and Things to Defendant.

### GENERAL OBJECTIONS

1.    Defendant objects to each and every Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or other applicable privileges or immunities.

2.    Defendant objects to each and every Request to the extent that it seeks documents that are irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible

---

[1] Defendant's Responses to Trustee's First Set of Requests for Production of Documents and Things are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits its Responses to Trustee's First Set of Requests for Production of Documents and Things only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

2

evidence in this action.

3.      Defendant objects to each and every Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control; to the extent any such Request seeks information or documents that are already in the possession, custody, or control of Plaintiffs; or to the extent any such Request seeks documents or information which are equally available to Defendant and Plaintiffs from other sources.

4.      Defendant objects to each and every Request to the extent that it seeks documents that are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.      Defendant objects to the Requests, including the definitions and instructions, to the extent they require responses or purport to impose obligations beyond those required by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

6.      Defendant objects to each and every Request to the extent it is vague, ambiguous, overly broad, and not identified with reasonable particularity.

7.      Defendant objects to each and every Request to the extent it seeks proprietary and/or confidential business information, absent the execution and entry of a mutually agreeable Protective Order.

8.      Defendant reserves the right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any of the documents or responses provided herein for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action. Nothing herein shall be construed as an admission

3

by Defendant as to the relevancy of or admissibility at trial of any document that Defendant may produce in response to the Requests or any information contained in any of the responses set forth herein.

9.    Defendant reserves the right to revise, correct, add to, or clarify any of the responses propounded herein. Furthermore, Defendant reserves the right to supplement these responses if and when additional documents are found.

10.    Defendant states that, for those requests to which it responds by agreeing to produce documents, Defendant agrees to produce documents only to the extent that any such documents exist and are in its possession, custody, or control. A statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist and are in its possession, custody, or control.

11.    Defendant interprets each and every Request as excluding documents protected by the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege that were generated on or after the commencement of this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:    Documents Concerning the Accounts.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 2:    Documents Concerning Initial Transfers.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports

4

and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 3:    Documents Concerning Subsequent Transfers.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 4:    Documents Concerning deposits into the Accounts.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 5:    Documents Concerning withdrawals from the Accounts.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 6:    Documents Concerning money any Defendant received from

Account No. 1EM457, whether directly or indirectly.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports

and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 7:    Monthly Accounts statements.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 8:    Communications between any Defendant and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 9:    The Trust's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Transfers, including, but not limited to, accounts held by Wells Fargo Bank, N.A. and JPMorgan Chase Bank, N.A., including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents

produced today numbered APL 000046 through APL 000085. Discovery
is continuing.

REQUEST NO. 10:    Documents    and    Communications    sufficient    to    identify    any

Subsequent Transfer, in whole or in part, of any Initial  Transfer from the Account, including

the amount, date, and recipient of any Subsequent Transfer.

RESPONSE:  Subject  to  and  without  waiving  the  foregoing  general  objections,
Defendant  will  produce  all  non-privileged  documents  in  its  possession,
custody,  or  control  that  are  responsive  to  this  Request,  including  reports
and  supporting  documents  from  forensic  accounting  experts.  Generally,
please  refer  to  Bates  numbered  documents  APL  000001  through  APL
000045  produced  on  November  12,  2015  and  Bates  numbered  documents
produced  today  numbered  APL  000046  through  APL  000085.  Discovery
is continuing.

REQUEST NO. 11:  Documents sufficient to  identify  any  money,  property,  and/or

anything    else    of  value  provided  by  any  Defendant  to  BLMIS  in  exchange  for  any  Initial

Transfer.

RESPONSE:  Subject  to  and  without  waiving  the  foregoing  general  objections,
Defendant  will  produce  all  non-privileged  documents  in  its  possession,
custody,  or  control  that  are  responsive  to  this  Request,  including  reports
and  supporting  documents  from  forensic  accounting  experts.  Generally,
please  refer  to  Bates  numbered  documents  APL  000001  through  APL
000045  produced  on  November  12,  2015  and  Bates  numbered  documents
produced  today  numbered  APL  000046  through  APL  000085.  Discovery
is continuing.

REQUEST NO. 12:  Documents sufficient to  identify  any  money,  property,  and/or

anything    else    of  value  provided  by  any  Person  to  any  Defendant  in  exchange  for  any

Subsequent Transfer.

RESPONSE:  Subject  to  and  without  waiving  the  foregoing  general  objections,
Defendant  will  produce  all  non-privileged  documents  in  its  possession,
custody,  or  control  that  are  responsive  to  this  Request,  including  reports
and  supporting  documents  from  forensic  accounting  experts.  Generally,
please  refer  to  Bates  numbered  documents  APL  000001  through  APL
000045  produced  on  November  12,  2015  and  Bates  numbered  documents
produced  today  numbered  APL  000046  through  APL  000085.  Discovery

is continuing.

REQUEST NO. 13:  Documents, including but not limited to books and records,

reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

RESPONSE:  Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in its possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents APL 000001 through APL
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered APL 000046 through APL 000085. Discovery
is continuing.

REQUEST NO. 14:  Documents Concerning any transfer of funds between the Trust

and Defendant Amy Pinto Lome.

RESPONSE:  Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in its possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents APL 000001 through APL
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered APL 000046 through APL 000085. Discovery
is continuing.

REQUEST NO. 15:  Documents Concerning how the Trust used, spent, disbursed,

distributed, or transferred all or any portion of any money from the Accounts between December

11, 2006 and December 11, 2008.

RESPONSE:  Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in its possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents APL 000001 through APL
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered APL 000046 through APL 000085. Discovery
is continuing.

REQUEST NO. 16:  Documents reflecting distributions to Defendant Amy Pinto Lome

from the Trust between December 11, 2006 and December 11, 2008.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 17: Documents and Communications Concerning the formation and operation of the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 18: Trust instruments and/or Trust agreements, including any amendments, and/or other Documents Concerning the governance of the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 19: Documents sufficient to show all former and current trustees of the Trust, including, but not limited to, Defendant Amy Pinto Lome and Defendant Leonard D. Lome.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL

9

000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 20:   Documents sufficient to show all former and current beneficiaries under the Trust, including, but not limited to, Defendant Amy Pinto Lome.

RESPONSE:   Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 21:   Documents Concerning any change in name, structure, management, or status of the Trust.

RESPONSE:   Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 22:   Documents, Communications, and/or filings with or to taxing authorities Concerning the Trust.

RESPONSE:   Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 23:   Documents sufficient to Identify any refund(s) requested or received by the Trust of any state or federal taxes paid in connection with Account No.

10

1EM457.

RESPONSE:  None.  Discovery is continuing.

REQUEST NO. 24:   Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 25:   Documents supporting the twenty-first affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants  "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 26:   Documents supporting the twenty-third affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

RESPONSE:  Not applicable. This affirmative defense has been withdrawn.

11

REQUEST NO. 27:   Documents Defendants intend to rely upon in connection with the

defense of the claims asserted in the Complaint.

   RESPONSE: Subject to and without waiving the foregoing general objections,
   Defendant will produce all non-privileged documents in its possession,
   custody, or control that are responsive to this Request, including reports
   and supporting documents from forensic accounting experts. Generally,
   please refer to Bates numbered documents APL 000001 through APL
   000045 produced on November 12, 2015 and Bates numbered documents
   produced today numbered APL 000046 through APL 000085. Discovery
   is continuing.

REQUEST NO. 28:   Documents Concerning the Accounts or this Action that You have

received from any other Person or entity, whether received by You in response to a subpoena or

otherwise.

   RESPONSE: Subject to and without waiving the foregoing general objections,
   Defendant will produce all non-privileged documents in its possession,
   custody, or control that are responsive to this Request, including reports
   and supporting documents from forensic accounting experts. Generally,
   please refer to Bates numbered documents APL 000001 through APL
   000045 produced on November 12, 2015 and Bates numbered documents
   produced today numbered APL 000046 through APL 000085. Discovery
   is continuing.

REQUEST NO. 29:   Documents Concerning the Accounts that are maintained by any

Person or entity, including, but not limited to, Defendant Amy Pinto Lome, Defendant Leonard

D. Lome, James B. Pinto, Myrna Lee Pinto and Sidney Kaplan, identified in Your Initial

Disclosures dated November 12, 2015, as individuals with knowledge, or by any other Person

or entity that may have discoverable information, including, but not limited to, Parsinen Kaplan

Rosberg & Gotlieb, P.A., Wells Fargo Bank, N.A. and JPMorgan Chase Bank, N.A.

   RESPONSE: Subject to and without waiving the foregoing general objections,
   Defendant will produce all non-privileged documents in its possession,
   custody, or control that are responsive to this Request, including reports
   and supporting documents from forensic accounting experts. Generally,
   please refer to Bates numbered documents APL 000001 through APL
   000045 produced on November 12, 2015 and Bates numbered documents

produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 30:    Documents Concerning any knowledge of or involvement with the Accounts by Sidney Kaplan, Parsinen Kaplan Rosberg & Gotlieb, P.A., or any of Your accountants or auditors, including, but not limited to, Documents Concerning the Accounts which were created for or by or that were sent to or received from any such accountants or auditors.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 31:    Documents    Defendants    identified,    reviewed,    prepared,    or consulted in responding to discovery in this matter.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

Dated:  St. Paul Minnesota

July 26, 2016

By: _____
Robert M. McClay #69620
McClay•Alton, P.L.L.P.
 (Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101
Telephone: 651-290-0301
Fax: 651-290-2502

13

Email: law@mcclay-alton.com

*Attorney for AMY PINTO LOME*
*REVOCABLE TRUST, U/A/D 5/22/03; AMY*
*PINTO LOME, individually and in her*
*capacity as Grantor and Trustee for the Amy*
*Pinto Lome Revocable Trust u/a/d 5/22/03;*
*and LEONARD D. LOME, in his capacity as*
*Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03*

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone:  612-327-8378*
*Email:  mcingber@comcast.net*

*Attorneys for Defendants:*
*AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>        Debtor. | |

1

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMY PINTO LOME REVOCABLE TRUST, U/A/D 5/22/03; AMY PINTO LOME, individually and in her capacity as Grantor and Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03; and LEONARD D. LOME, in his capacity as Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03,<br><br>Defendants. | Adv. Pro. No. 10-04588 (SMB) |

## DEFENDANT AMY PINTO LOME
## RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Defendant Amy Pinto Lome, by and through the undersigned, gives the following for Defendant's Response[1,2] to Trustee's First Set of Requests for Production of Documents and Things to Defendant.

### GENERAL OBJECTIONS

1.      Defendant objects to each and every Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or other applicable privileges or immunities.

2.      Defendant objects to each and every Request to the extent that it seeks documents that are irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible

---

[1] Defendant's Responses to Trustee's First Set of Requests for Production of Documents and Things are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits her Responses to Trustee's First Set of Requests for Production of Documents and Things only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

2

evidence in this action.

3.      Defendant objects to each and every Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control; to the extent any such Request seeks information or documents that are already in the possession, custody, or control of Plaintiffs; or to the extent any such Request seeks documents or information which are equally available to Defendant and Plaintiffs from other sources.

4.      Defendant objects to each and every Request to the extent that it seeks documents that are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.      Defendant objects to the Requests, including the definitions and instructions, to the extent they require responses or purport to impose obligations beyond those required by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

6.      Defendant objects to each and every Request to the extent it is vague, ambiguous, overly broad, and not identified with reasonable particularity.

7.      Defendant objects to each and every Request to the extent it seeks proprietary and/or confidential business information, absent the execution and entry of a mutually agreeable Protective Order.

8.      Defendant reserves the right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any of the documents or responses provided herein for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action. Nothing herein shall be construed as an admission

3

by Defendant as to the relevancy of or admissibility at trial of any document that Defendant may produce in response to the Requests or any information contained in any of the responses set forth herein.

9.      Defendant reserves the right to revise, correct, add to, or clarify any of the responses propounded herein. Furthermore, Defendant reserves the right to supplement these responses if and when additional documents are found.

10.     Defendant states that, for those requests to which she responds by agreeing to produce documents, Defendant agrees to produce documents only to the extent that any such documents exist and are in her possession, custody, or control. A statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist and are in her possession, custody, or control.

11.     Defendant interprets each and every Request as excluding documents protected by the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege that were generated on or after the commencement of this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:      Documents Concerning the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 2:      Documents Concerning Initial Transfers.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports

4

and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 3:    Documents Concerning Subsequent Transfers.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 4:    Documents Concerning deposits into the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 5:    Documents Concerning withdrawals from the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 6:    Documents Concerning money any Defendant received from

Account No. 1EM457, whether directly or indirectly.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports

5

and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 7:    Monthly Accounts statements.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 8:    Communications between any Defendant and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

RESPONSE:

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 9:    The Trust's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Transfers, including, but not limited to, accounts held by Wells Fargo Bank, N.A. and JPMorgan Chase Bank, N.A., including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally,

please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO.10:   Your bank and/or brokerage account records, for   the   period between   and including December 11, 2006 and December 31, 2009, for any accounts that received Transfers, including, but not limited to, accounts held by Wells Fargo Bank, N.A. and JPMorgan Chase Bank, N.A., including monthly statements,   cancelled   checks,   and incoming/outgoing  wire transfer records.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 11:   Documents   and Communications   sufficient to identify   any Subsequent Transfer, in whole or in part, of any Initial  Transfer from Account No. 1EM457, including the amount, date, and recipient of any Subsequent Transfer.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 12:   Documents   Concerning any   money   You   received that   You understood, believed, or suspected came from Account No.  1EM457.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports

7

and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 13:    Documents Concerning any real or personal property You received that You understood, believed, or suspected was purchased with money that came from Account No. 1EM457.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 14:    Documents sufficient to identify any money, property, and/or anything else of value provided by any Defendant to BLMIS in exchange for any Initial Transfer.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 15:    Documents sufficient to identify any money, property, and/or anything else of value provided by any Person to any Defendant in exchange for any Subsequent Transfer.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally,

please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 16:   Documents, including but not limited to books and records,

reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

RESPONSE:   Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 17:   Documents Concerning any transfer of funds between the Trust

and You.

RESPONSE:   Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 18:   Documents Concerning how the Trust used, spent, disbursed,

distributed, or transferred all or any portion of any money from Account No. 1EM457 between

December 11, 2006 and December 11, 2008.

RESPONSE:   Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 19:   Documents reflecting distributions to You from the Trust between

December 11, 2006 and December 11, 2008.

>    RESPONSE:  Subject to and without waiving the foregoing general objections,
>    Defendant will produce all non-privileged documents in her possession,
>    custody, or control that are responsive to this Request, including reports
>    and supporting documents from forensic accounting experts. Generally,
>    please refer to Bates numbered documents APL 000001 through APL
>    000045 produced on November 12, 2015 and Bates numbered documents
>    produced today numbered APL 000046 through APL 000085. Discovery
>    is continuing.

REQUEST NO. 20:   Documents and Communications Concerning the formation and

operation of the Trust.

>    RESPONSE:  Subject to and without waiving the foregoing general objections,
>    Defendant will produce all non-privileged documents in her possession,
>    custody, or control that are responsive to this Request, including reports
>    and supporting documents from forensic accounting experts. Generally,
>    please refer to Bates numbered documents APL 000001 through APL
>    000045 produced on November 12, 2015 and Bates numbered documents
>    produced today numbered APL 000046 through APL 000085. Discovery
>    is continuing.

REQUEST NO. 21:   Trust  instruments  and/or  Trust  agreements,  including  any

amendments, and/or other Documents Concerning the governance of the Trust.

>    RESPONSE:  Subject to and without waiving the foregoing general objections,
>    Defendant will produce all non-privileged documents in her possession,
>    custody, or control that are responsive to this Request, including reports
>    and supporting documents from forensic accounting experts. Generally,
>    please refer to Bates numbered documents APL 000001 through APL
>    000045 produced on November 12, 2015 and Bates numbered documents
>    produced today numbered APL 000046 through APL 000085. Discovery
>    is continuing.

REQUEST NO. 22:   Documents sufficient to show all former and current trustees of the

Trust, including, but not limited to, You and Defendant Leonard Lome.

>    RESPONSE:  Subject to and without waiving the foregoing general objections,
>    Defendant will produce all non-privileged documents in her possession,
>    custody, or control that are responsive to this Request, including reports

10

and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 23: Documents sufficient to show all former and current beneficiaries under the Trust, including, but not limited to, Defendant Leonard Lome.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 24: Documents Concerning any change in name, structure, management, or status of the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 25: Documents, Communications, and/or filings with or to taxing authorities Concerning the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 26:    Documents sufficient to Identify any refund(s) requested or received by the Trust of any state or federal taxes paid in connection with Account No. 1EM457.

RESPONSE:  None. Discovery is continuing.

REQUEST NO. 27:    Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

> RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 28:    Documents supporting the twenty-first affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were"  used by Defendants   "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

> RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 29:    Documents supporting the twenty-third affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

RESPONSE: Not applicable. This affirmative defense has been withdrawn.

REQUEST NO. 30: Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 31: Documents Concerning the Accounts or this Action that You have received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 32: Documents Concerning the Accounts that are maintained by any Person or entity, including, but not limited to, You, Defendant Leonard Lome, James B. Pinto, Myrna Lee Pinto and Sidney Kaplan, identified in Your Initial Disclosures dated November 12, 2015, as individuals with knowledge, or by any other Person or entity that may have discoverable information, including, but not limited to, Parsinen Kaplan Rosberg & Gotlieb, P.A., Wells Fargo Bank, N.A. and JPMorgan Chase Bank, N.A.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally,

please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 33:    Documents Concerning any knowledge of or involvement with the Accounts by Sidney Kaplan, Parsinen Kaplan Rosberg & Gotlieb, P.A., or any of Your accountants or auditors, including, but not limited to, Documents Concerning the Accounts which were created for or by or that were sent to or received from any such accountants or auditors.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 34:    Documents Defendants identified, reviewed, prepared, or consulted in responding to discovery in this matter.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in her possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

Dated: St. Paul Minnesota

July 26, 2016

By: _____
Robert M. McClay #69620
McClay•Alton, P.L.L.P.
(Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101

14

Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

*Attorney for AMY PINTO LOME
REVOCABLE TRUST, U/A/D 5/22/03; AMY
PINTO LOME, individually and in her
capacity as Grantor and Trustee for the Amy
Pinto Lome Revocable Trust u/a/d 5/22/03;
and LEONARD D. LOME, in his capacity as
Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03*

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*AMY PINTO LOME REVOCABLE TRUST,*
*U/A/D 5/22/03; AMY PINTO LOME,*
*individually and in her capacity as Grantor*
*and Trustee for the Amy Pinto Lome Revocable*
*Trust u/a/d 5/22/03; and LEONARD D. LOME,*
*in his capacity as Trustee for the Amy Pinto*
*Lome Revocable Trust u/a/d 5/22/03*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>          Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMY PINTO LOME REVOCABLE TRUST, U/A/D 5/22/03; AMY PINTO LOME, individually and in her capacity as Grantor and Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03; and LEONARD D. LOME, in his capacity as Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03,<br><br>Defendants. | Adv. Pro. No. 10-04588 (SMB) |

## DEFENDANT LEONARD D. LOME
## RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Defendant Leonard D. Lome, by and through the undersigned, gives the following for Defendant's Response[1],[2] to Trustee's First Set of Requests for Production of Documents and Things to Defendant.

### GENERAL OBJECTIONS

1.     Defendant objects to each and every Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or other applicable privileges or immunities.

2.     Defendant objects to each and every Request to the extent that it seeks documents that are irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible

---

[1] Defendant's Responses to Trustee's First Set of Requests for Production of Documents and Things are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM457 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM457-3; 1-EM457-3-0; 1EM457-30; and 1-EM457-4-0.

[2] Defendant limits his Responses to Trustee's First Set of Requests for Production of Documents and Things only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

2

evidence in this action.

3.    Defendant objects to each and every Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control; to the extent any such Request seeks information or documents that are already in the possession, custody, or control of Plaintiffs; or to the extent any such Request seeks documents or information which are equally available to Defendant and Plaintiffs from other sources.

4.    Defendant objects to each and every Request to the extent that it seeks documents that are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.    Defendant objects to the Requests, including the definitions and instructions, to the extent they require responses or purport to impose obligations beyond those required by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

6.    Defendant objects to each and every Request to the extent it is vague, ambiguous, overly broad, and not identified with reasonable particularity.

7.    Defendant objects to each and every Request to the extent it seeks proprietary and/or confidential business information, absent the execution and entry of a mutually agreeable Protective Order.

8.    Defendant reserves the right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any of the documents or responses provided herein for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action. Nothing herein shall be construed as an admission

by Defendant as to the relevancy of or admissibility at trial of any document that Defendant may produce in response to the Requests or any information contained in any of the responses set forth herein.

9.    Defendant reserves the right to revise, correct, add to, or clarify any of the responses propounded herein. Furthermore, Defendant reserves the right to supplement these responses if and when additional documents are found.

10.    Defendant states that, for those requests to which he responds by agreeing to produce documents, Defendant agrees to produce documents only to the extent that any such documents exist and are in his possession, custody, or control. A statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist and are in his possession, custody, or control.

11.    Defendant interprets each and every Request as excluding documents protected by the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege that were generated on or after the commencement of this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:    Documents Concerning the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 2:    Documents Concerning Initial Transfers.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports

4

and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents APL 000001 through APL
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered APL 000046 through APL 000085. Discovery
is continuing.

REQUEST NO. 3:    Documents Concerning Subsequent Transfers.

RESPONSE: Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents APL 000001 through APL
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered APL 000046 through APL 000085. Discovery
is continuing.

REQUEST NO. 4:    Documents Concerning deposits into the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents APL 000001 through APL
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered APL 000046 through APL 000085. Discovery
is continuing.

REQUEST NO. 5:    Documents Concerning withdrawals from the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents APL 000001 through APL
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered APL 000046 through APL 000085. Discovery
is continuing.

REQUEST NO. 6:    Documents Concerning money any Defendant received from
Account No. 1EM457, whether directly or indirectly.

RESPONSE: Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports

5

and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 7:    Monthly Accounts statements.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 8:    Communications between any Defendant and BLMIS Concerning

the Accounts, including Transfers to and from the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 9:    The Trust's bank and/or brokerage account records, for the period

between and including December 11, 2006 and December 31, 2009, for any accounts that

received Transfers, including, but not limited to, accounts held by Wells Fargo Bank, N.A. and

JPMorgan   Chase Bank, N.A., including monthly statements,    cancelled   checks,   and

incoming/outgoing wire transfer records.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents

produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO.10:    Documents and Communications    sufficient to identify    any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 11:    Documents sufficient to identify any money, property, and/or anything else of value provided by any Defendant to BLMIS in exchange for any Initial Transfer.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 12:    Documents sufficient to identify any money, property, and/or anything else of value provided by any Person to any Defendant in exchange for any Subsequent Transfer.

> RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

7

REQUEST NO. 13:  Documents, including but not limited to books and records,

reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

> RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 14:  Documents Concerning any transfer of funds between the Trust

and Defendant Amy Pinto Lome.

> RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 15:  Documents Concerning how the Trust used, spent, disbursed,

distributed, or transferred all or any portion of any money from the Accounts between

December 11, 2006 and December 11, 2008.

> RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 16:  Documents reflecting distributions to Defendant Amy Pinto Lome

from the Trust between December 11, 2006 and December 11, 2008.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 17: Documents and Communications Concerning the formation and operation of the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 18: Trust instruments and/or Trust agreements, including any amendments, and/or other Documents Concerning the governance of the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 19: Documents sufficient to show all former and current trustees of the Trust, including, but not limited to, You and Defendant Amy Pinto Lome.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery

9

is continuing.

REQUEST NO. 20:    Documents sufficient to show all former and current beneficiaries under the Trust, including, but not limited to, Defendant Amy Pinto Lome.

> RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 21:    Documents Concerning any change in name, structure, management, or status of the Trust.

> RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 22:    Documents, Communications, and/or filings with or to taxing authorities Concerning the Trust.

> RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 23:    Documents sufficient to Identify any refund(s) requested or received by the Trust of any state or federal taxes paid in connection with Account No. 1EM457.

10

RESPONSE:  None. Discovery is continuing.

REQUEST NO. 24:   Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085.  Discovery is continuing.

REQUEST NO. 25:   Documents supporting the twenty-first affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants  "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085.  Discovery is continuing.

REQUEST NO. 26:   Documents supporting the twenty-third affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

RESPONSE:  Not applicable. This affirmative defense has been withdrawn.

11

REQUEST NO. 27:    Documents Defendants intend to rely upon in connection with the

defense of the claims asserted in the Complaint.

      RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 28:    Documents Concerning the Accounts or this Action that You have

received from any other Person or entity, whether received by You in response to a subpoena or

otherwise.

      RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 29:    Documents Concerning the Accounts that are maintained by any

Person or entity, including, but not limited to, You, Defendant Amy Pinto Lome, James B.

Pinto, Myrna Lee Pinto and Sidney Kaplan, identified in Your Initial Disclosures dated

November 12, 2015, as individuals with knowledge, or by any other Person or entity that may

have discoverable information, including, but not limited to, Parsinen Kaplan Rosberg &

Gotlieb, P.A., Wells Fargo Bank, N.A. and JPMorgan Chase Bank, N.A.

      RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents

produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 30:    Documents Concerning any knowledge of or involvement with the Accounts by Sidney Kaplan, Parsinen Kaplan Rosberg & Gotlieb, P.A., or any of Your accountants or auditors, including, but not limited to, Documents Concerning the Accounts which were created for or by or that were sent to or received from any such accountants or auditors.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

REQUEST NO. 31:    Documents    Defendants    identified,    reviewed,    prepared,    or consulted in responding to discovery in this matter.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents APL 000001 through APL 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered APL 000046 through APL 000085. Discovery is continuing.

Dated:  St. Paul Minnesota

July 26, 2016

By: _____
Robert M. McClay #69620
McClay•Alton, P.L.L.P.
 (Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101
Telephone: 651-290-0301
Fax: 651-290-2502

Email: law@mcclay-alton.com

*Attorney for AMY PINTO LOME
REVOCABLE TRUST, U/A/D 5/22/03; AMY
PINTO LOME, individually and in her
capacity as Grantor and Trustee for the Amy
Pinto Lome Revocable Trust u/a/d 5/22/03;
and LEONARD D. LOME, in his capacity as
Trustee for the Amy Pinto Lome Revocable
Trust u/a/d 5/22/03*

14