HAILE, SHAW & PFAFFENBERGER, P.A.
660 U. S. Highway One, Third Floor
North Palm Beach, FL 33408
Tel: (561) 627-8100
Fax: (561) 622-7603
Gary A. Woodfield
*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

Debtor.
------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                Plaintiff,

    v.

FRANK AVELLINO, et al.,

               Defendants.
------------------------------------------------------------x

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-05421 (SMB)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSTION TO THE TRUSTEE'S
MOTION TO REARGUE THE COURT'S ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 1

    I. THE TRUSTEE HAS FAILED TO MEET THE REQUIREMENTS
       APPLICABLE TO A MOTION FOR REARGUMENT.  THE TRUSTEE
       IS WRONGFULLY ATTEMPTING TO REARGUE MATTERS ALREADY
       RAISED AND CONSIDERED BY THE COURT AND IS IMPERMISSIBLY
       RAISING NEW ARGUMENTS ................................................................................. 1

    II. THE TRUSTEE'S MOTION FAILS BECAUSE THE COURT'S
        UNAMBIGUOUS ORDER DID NOT FAIL TO OVERLOOK
        MATTERS OR CONTROLLING DECISIONS WHICH, HAD
        THEY BEEN CONSIDERED, MIGHT REASONABLY HAVE
        ALTERED THE RESULT REACHED BY THE COURT ............................................ 4

    III. THE TRUSTEE'S ARGUMENT THAT MANIFEST INJUSTICE OR
        EQUITY REQUIRES THE COURT TO RECONSIDER ITS RULING
        CANNOT OVERRIDE THE EXPRESS STATUTORY PROVISIONS
        OF THE BANKRUPTCY CODE OR SIPA ................................................................ 9

    CONCLUSION ................................................................................................................ 10

A435.001-1/00428512 v1

# TABLE OF AUTHORITIES

## CASES

*American Fire & Cas. Co. v. Finn*,
   341 U.S.6 (1951) ................................................................................................................ 8

*Anglo Am. Ins. Group, P.L.C. v. CalFed Inc.*,
   940 F. Supp. 554, 557 (S.D.N.Y. 1996) ............................................................................ 2

*Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v. Dupont*,
   565 F.3d 56 (2d Cir.2009) ............................................................................................. 4,5

*FW/PBS, Inc. v. City of Dallas*,
   493 U.S. 213 (1990) .......................................................................................................... 8

*Grayson Consulting, Inc. v. Wachovia Secs., LLC (In re Derivium Cap. LLC)*,
   716 F.3d 355 (4th Cir.2011) ............................................................................................. 6

*In re Asia Global Crossings, Ltd.*,
   332 B.R. 520, 524 (S.D.N.Y. 2005) ................................................................................. 2

*In re Bernard L. Madoff Inv. Securities LLC*,
   445 B.R. 206 (Bankr. S.D.N.Y. 2011) ............................................................................. 6

*In re Best PayPhones, Inc.*,
   2007 WL 203980, (Bankr.10 S.D.NY 2007) ................................................................... 2

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .......................................................................................................... 4

*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*,
   1989 WL 162315, (S.D.N.Y. 1989) ................................................................................ 4

*Morser v. AT & T Info. Sys.*,
   715 F. Supp. 516 (S.D.N.Y. 1989) ................................................................................... 2

*Padilla v. Maersk Line, Ltd.*,
   636 F. Supp. 2d. 256, 258 (S.D.N.Y. 2009) (*opinion adopted*, 2012 WL 315641 (S.D.N.Y. 2012) and *aff'd*, 721 F.3d 77 (2d Cir. 2013) and *aff'd*, 721 F.3d 77 (2d Cir. 2013)
   *Id.* at 259 .......................................................................................................................... 1

*Picard v. Fairfield Greenwich Ltd.*,
   762 F.3d 199 (2d Cir.2014) .............................................................................................. 6

*Rivas v. Griffin*,

A435.001-1/00428512 v1

2015 WL 2337362, (E.D.N.Y. 2015) ............................................................................... 4

*Sequa Corp. v. GBJ Corp.*,

156 F.3d 136 (2d Cir. 1998) ........................................................................................... 2

*Trefny v. Bear Stearns Securities Corp.*,

243 B.R. 300 (Bankr. S.D. Tx. 1999) ............................................................................. 6

**STATUTES**

11 U.S.C. §105 (2016) ........................................................................................................ 9

28 U.S.C. §1331(2016) ....................................................................................................... 5

15 U.S.C. §78eee(b)(2016) ................................................................................................. 5

15 U.S.C. §78eee(b)(4)(2016) ............................................................................................ 5

**RULES**

Local Bankruptcy Rule 9023-1(a) ...................................................................................... 2

Defendants submit this Memorandum of Law in Opposition to the Trustee's Motion to Reargue the Court's Order Granting in Part and Denying in Part Motion to Dismiss issued by the Court on July 21, 2016. (*In re Bernard L. Madoff Investment Securities*, LLC, 2016 WL 4040799) (Bankr. S.D.N.Y. 2016) (the "Memorandum Decision").

## PRELIMINARY STATEMENT

There is no basis for the Court to grant the Trustee's motion to reargue. The basis of the Court's granting of the motion to dismiss in part, was the lack of subject matter jurisdiction of the Court to hear claims for fraudulent transfer which occurred prior to January 1, 2001. The Court fully and carefully considered all controlling law and material facts as discussed in the Memorandum Decision. Additionally, the Trustee now seeks to raise new arguments, which is not permissible on a motion to reargue. The Trustee is seeking a second bite at the apple; such an attempt should not be permitted and the Court should deny the motion.

## ARGUMENT

**I.    THE TRUSTEE HAS FAILED TO MEET THE REQUIREMENTS APPLICABLE TO A MOTION FOR REARGUMENT. THE TRUSTEE IS WRONGFULLY ATTEMPTING TO REARGUE MATTERS ALREADY RAISED AND CONSIDERED BY THE COURT AND IS IMPERMISSIBLY RAISING NEW ARGUMENTS.**

The Trustee's motion to reargue is made pursuant to Local Bankruptcy Rule 9023-1(a). A motion to reargue requires that the movant show "controlling decisions or facts that the Court originally overlooked, and that the movant could reasonably believe would have altered the Court's original decision." *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d. 256, 258 (S.D.N.Y. 2009), (*opinion adopted*, 2012 WL 315641 (S.D.N.Y. 2012), and *aff'd*, 721 F.3d 77 (2d Cir. 2013)), and *aff'd*, 721 F.3d 77 (2d Cir. 2013). In the alternative, in limited circumstances a court may grant a motion for reconsideration "where the movant demonstrates that there has been an

intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Id.* at 259. A motion to reargue is to be narrowly construed and strictly applied to avoid repetitive arguments on issues that have been considered fully by the court. *Anglo Am. Ins. Group, P.L.C. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996). *See also, Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)(well-settled that motion to reargue a judgment under Rule 59 is not a vehicle for relitigating old issues, presenting case under new theories, securing rehearing on merits, or otherwise taking a "second bite at the apple"); *Morser v. AT & T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989) (party should not treat a motion to reargue as a substitute for appealing from a final judgment). This standard has been adopted by this Court regarding motions for reargument under Local Bankruptcy Rule 9023-1(a). *In re Best PayPhones, Inc.*, 2007 WL 203980, at *5 (Bankr. S.D.NY 2007); *In re Asia Global Crossings, Ltd.*, 332 B.R. 520, 524 (S.D.N.Y. 2005).

The Court heard oral argument on July 29, 2015, on the issue of subject matter jurisdiction and whether the Trustee could pursue fraudulent transfer claims that were made prior to January 1, 2001 by Bernard L. Madoff as a sole proprietor ("Madoff"). The Court requested and received supplemental briefing by the Trustee, SIPC and the Defendants on the issue of subject matter jurisdiction. *See* letter dated August 12, 2015, from Trustee (ECF No. 102) (the "Trustee's Letter"), letter dated August 12, 2015, from SIPC (ECF No. 103) and letter dated August 12, 2015, from the Defendants (ECF No. 104). In the Trustee's Letter, the Trustee raised the same issues it is now raising almost verbatim as a basis for reargument, and thus is seeking to have a rehearing on the merits, which is not permissible. *See* Trustee Letter, Parts A and B. Specifically, in the Trustee's Letter, the Trustee argued, as it now argues, that subject matter

jurisdiction existed because the District Court's order granting the protective decree included Madoff, as well as Bernard L. Madoff Investments Securities, LLC ("BLMIS"), and that the subsequent order by this Court (issued by the Court's predecessor, the late Judge Lifland) consolidating the cases of Madoff and BLMIS provided subject matter jurisdiction.[1] The Trustee further argued in the Trustee's Letter, as it now argues again, that the continuous use of the same SEC registration number by Madoff and BLMIS and the filings made by Madoff and BLMIS following the incorporation of BLMIS is support for the contention that Madoff and BLIMIS are one and the same entity. As these matters were brought to the Court's attention, it is clear the Court considered these matters in its Memorandum Decision and rejected the Trustee's arguments. *See,* Trustee Letter, Parts A and B. In its Memorandum of Law in Support of its motion to reargue (the "Trustee's Memorandum"), the Trustee advances the exact same arguments previously advanced in the Trustee's Letter. *See* Parts II and III of Trustee's Memorandum. It is clear the Trustee is seeking a rehearing on the merits and a "second bite at the apple". The Court should not countenance such an attempt.

In addition, the Trustee raises a new argument, not previously raised in its opposition to the Defendants argument that the Trustee had no power to pursue claims for fraudulent transfers made prior to January 1, 2001, and thus this Court lacks subject matter jurisdiction. In Part IV of the Trustee's Memorandum, the Trustee, for the first time raises the argument that the Court's decision and subsequent order will result in inequitable treatment of customers of BLMIS.[2] In seeking reargument a party cannot raise new issues or arguments not previously presented to the

---

[1] Neither of these arguments has merit as addressed by the Defendants below.

[2] Here again, the Trustee wrongfully refers to customers of the consolidated estate. The consolidation did not confer jurisdiction, as discussed below. Thus, the Trustee's reference to the inequitable treatment of customers of the "consolidated estate" is inaccurate and misleading.

A435.001-1/00428512 v1                              3

court. *Rivas v. Griffin*, 2015 WL 2337362, at *2 (E.D.N.Y. 2015); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 1989 WL 162315, at *4 (S.D.N.Y. 1989).

Because the Trustee has already presented its arguments to the Court, has shown no controlling decisions of facts that the Court overlooked which would have coaxed the Court to decide differently, and is now raising new arguments, it fails to meet the standard for a motion to reargue and therefore, the Trustee's motion should be denied.

### II. THE TRUSTEE'S MOTION FAILS BECAUSE THE COURT'S UNAMBIGUOUS ORDER DID NOT FAIL TO OVERLOOK MATTERS OR CONTROLLING DECISIONS WHICH, HAD THEY BEEN CONSIDERED, MIGHT REASONABLY HAVE ALTERED THE RESULT REACHED BY THE COURT.

The Court fully considered the arguments, which the Trustee now seeks to reargue, and rejected them. The Court's Memorandum Decision sets forth the Court's analysis clearly and precisely. The Trustee has offered no controlling decisions or facts that the Court originally overlooked and that the movant could reasonably believe would have altered the Court's original decision. Nor has there been any intervening change in controlling law or new evidence. The Memorandum Decision in fact recited the Trustee's arguments raised in opposition to the Defendant's Motion to Dismiss and rejected them. Memorandum Decision at *11-13.[3]

As a preliminary matter it is important to state that federal courts are courts of limited jurisdiction under Article III of the Constitution and possess only the power authorized by the Constitution or statute.[4] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, federal courts "lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v.*

---

[3] Citations to the Memorandum Decision are to the published opinion.

[4] Articles III, Section 2, Clause of the United States Constitution provides, in relevant part that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States. . ." U.S. Const. art. III, § 2, cl. 1.

*Dupont*, 565 F.3d 56, 62 (2d Cir.2009) (quotation omitted). Congress has in turn vested federal district courts with subject matter jurisdiction that involve a federal question pursuant to 28 U.S.C. §1331(2016).[5]

Therefore, it is important to reiterate, as the Court did in its Memorandum Decision, how this case came to this court i.e. the basis of its subject matter jurisdiction. Under section 78eee(b) of the Securities Investor Protection Act of 1970 ("SIPA") upon an application from SIPC, a district court can issue a protective decree over a "debtor" 15 U.S.C. §78eee(b)(2016). In this case, District Court Judge Stanton entered a protective decree and referred this matter to this Court as required by Section 78eee(b)(4) of SIPA (Docket number 4, Case No 1:08-cv-10791-LLS) (the "Protective Decree Order"). Section 78eee(b)(4) of SIPA also provides that this Court has the same jurisdiction and power as the district court where the application for protective decree was made. 15 U.S.C. §78eee(b)(4)(2016). This is also evidenced by the fact the Protective Decree Order is the first docket entry in this case, thus delineating the subject matter jurisdiction of this Court.[6]

As the Court recited in its Memorandum Decision, the Protective Decree Order is clear and unequivocal. Memorandum Decision at *11. The Protective Decree Order states in Paragraph I that the "customers of the Defendant **Bernard Madoff Securities, LLC**" (emphasis

---

[5] Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331(2016).

[6] It is also worth noting that this Court, as an Article I Court, has a further limitation on its jurisdiction and powers. This Court only has power to hear and adjudicate core proceedings under 28 U.S.C. §157(b)(2) referred to it by a District Court pursuant to 28 U.S.C. §157(a). 28 U.S.C. §157(2016). As the District Court has ruled in this case, this Court may not fully adjudicate fraudulent transfer actions; it may only issue proposed findings of fact and conclusions of law for *de novo* review by the District Court. (*Securities Investor Protection Corporation v. Bernard L. Madoff Securities, LLC.*, 490 B.R. 46 (S.D.N.Y 2013)). This limited authority also calls into question whether this Court is, in fact, accorded the same jurisdiction and power as the Court relating to a SIPA proceeding. Be that as it may, it certainly means that this Court cannot modify an order of a District Court, as discussed below.

supplied) are in need of the protections afforded by SIPA. In Paragraph II, the Protective Decree Order appointed the Trustee as the "trustee for the liquidation of the Defendant", in the singular, with the powers afforded under SIPA. There is no mention of Bernard L. Madoff, individually, anywhere in the Protective Decree Order. The only reference in the entire Protective Decree Order is to the Defendant, in the singular. Thus, the Trustee was appointed only as the trustee of BLMIS, not Bernard L. Madoff.

This Court can have no greater jurisdiction than was conferred by SIPA. Its only power is to conduct a liquidation proceeding against BLMIS under the provisions of SIPA, to be conducted as a Chapter 11 proceeding. The power for a SIPA trustee to pursue fraudulent transfer claims to "clawback" customer property exists only because of the fiction created by SIPA. Therefore, the Trustee has no such power as to a bankrupt entity or person, which is not the subject of protective decree under SIPA. As the Court ruled in its Memorandum Decision, this "distinction is an important one" because "the customer property invested with BLMIS never became property of Madoff or BLMIS under applicable non-bankruptcy law, and an ordinary bankruptcy trustee could not recover it." Memorandum Decision at *12, *citing Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 213 (2d Cir.2014); *Grayson Consulting, Inc. v. Wachovia Secs., LLC (In re Derivium Cap. LLC)*, 716 F.3d 355, 361 (4th Cir.2011). *See also, In re Bernard L. Madoff Inv. Securities LLC*, 445 B.R. 206 (Bankr. S.D.N.Y. 2011)(Trustee could not pursue turnover action because under Section 542(a) only property of the debtor could be subject to turnover, and SIPA fiction required that the Trustee must first recover the property through an avoidance action); *Trefny v. Bear Stearns Securities Corp.*, 243 B.R. 300( Bankr. S.D. Tx. 1999)(SIPA Trustee could not pursue 548 action as claims asserted did not relate to property of the debtor). A protective decree was never entered against Madoff, and in fact, the

bankruptcy proceeding against Madoff was the result of an involuntary petition by Madoff's creditors under Chapter 7 and the appointment of a separate Chapter 7 trustee. Subject matter jurisdiction over Madoff's bankruptcy was a result of the provisions of Chapter 7 of the Bankruptcy Code. Thus, the fiction under SIPA which allows the Trustee, appointed under SIPA, to pursue fraudulent transfer claims to recover customer property transferred by BLMIS, is not available to an ordinary Chapter 7 trustee of Madoff. Absent such power under SIPA, the Chapter 7 Trustee of the Madoff estate has no power to pursue such claims, as such claims to recover customer property transferred by Madoff is not being property of the Madoff estate. The parameters of the Court's subject matter jurisdiction over the BLMIS estate and the powers afforded to the Trustee are those afforded under SIPA and no more. In this case, it only extends to BLMIS, not Madoff. The Court's ruling was consistent with controlling law and the facts of the record.

As this Court further ruled, the substantive consolidation of the bankruptcies of BLMIS and Madoff did not create subject matter jurisdiction. First, as the Court ruled, the Trustee's argument that BLMIS succeeded to the assets of Madoff is irrelevant as the fraudulent transfer claims and the right to recover money as a result of alleged fraudulent transfer of customer property made by Madoff were property belonging to the creditors of Madoff under non-bankruptcy law, not Madoff, and thus nothing, as a matter of law, could cause the fraudulent transfer claims of Madoff to be transferred, assumed, assigned or otherwise become the property of BLMIS. Memorandum Decision at *11, f.n. 14. The Trustee's argument (page 8 of Trustee's Memorandum) that the Substantive Consolidation Order merged the "assets" of the Madoff estate into the BLMIS estate and gives the Trustee the right to pursue fraudulent transfers of customer property by Madoff, ignores the fact that the asset in question, i.e. neither the customer

property allegedly transferred by Madoff and the fraudulent transfer claims to recover that property, were not an asset of Madoff and thus no transfer to BLMIS of such "asset" could occur as a matter of law.

Second, as the Court recited in its Memorandum Decision, the substantive consolidation of the bankruptcy proceeding instituted by the creditors of Madoff and the bankruptcy proceeding instituted under SIPA for BLMIS, did not confer power on the Trustee to pursue fraudulent conveyance claims relating to transfers of customer property by Madoff and thus the Court lacked subject matter jurisdiction of those claims. As the Court ruled in its Memorandum Decision, the Substantive Consolidation Order reserved all the powers of the Chapter 7 Trustee to pursue and to bring all claims available under Chapter 5 and 7 of the Bankruptcy Code. The Substantive Consolidation Order could not create subject matter jurisdiction where none existed under a statute or the Constitution. A court has an independent obligation to ensure that subject matter jurisdiction exists. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990) (federal courts "are under an independent obligation to examine their own jurisdiction"); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17–18 (1951)(federal courts are expected to monitor jurisdictional boundaries vigilantly and to guard carefully against expansion by judicial interpretation). Thus, the Court correctly ruled that subject matter jurisdiction was lacking and the Substantive Consolidation Order did not change that fact because the Trustee of the Madoff bankruptcy had only the ordinary powers of an ordinary bankruptcy trustee and had no right to pursue avoidance actions to recover customer property alleged transferred by Madoff. The Trustee's argument that the Substantive Consolidation Order merged the estates is incorrect. The estate of Madoff and the estate of BLMIS remained separate and distinct. There is no way, as a matter of law, that they could be merged.

In addition, the Trustee also reasserts his argument that the Substantive Consolidation Order retroactively merged the estate of Madoff and BLMIS by virtue of the Substantive Consolidation Order being issued with a *nunc pro tunc* effect. The Substantive Consolidation Order was entered pursuant to Section 105(a) of the Bankruptcy Code, which is a grant of equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C §105 (2016). However, the Substantive Consolidation Order could not have retroactive effect to provide subject matter jurisdiction. The Trustee argues that the *nunc pro tunc* effect of the Substantive Consolidation Order "in effect retroactively modified the Protective Decree" to include Madoff within the scope of that order and thus make Madoff the subject of a SIPA proceeding. Trustee's Memorandum at p. 11. The proposition is startling, as the Trustee is advocating that this Court can modify the substance of an order issued by a superior court, i.e. the District Court's Protective Decree Order, and change the facts of the record of the case in the District Court. As this Court concluded, the Protective Decree Order was only issued as to BMLIS. Thus, the Substantive Consolidation Order cannot change the facts, nor act to modify the District Court's Protective Decree Order to grant subject matter jurisdiction under SIPA to include the estate of Madoff, when no such subject matter jurisdiction exists.

### III. THE TRUSTEE'S ARGUMENT THAT MANIFEST INJUSTICE OR EQUITY REQUIRES THE COURT TO RECONSIDER ITS RULING CANNOT OVERRIDE THE EXPRESS STATUTORY PROVISIONS OF THE BANKRUPTCY CODE OR SIPA.

For the first time, the Trustee now argues that based on principles of equity the Court should find that subject matter jurisdiction should exist. First, the lack of subject matter jurisdiction is a threshold matter, and where it is lacking, the Court has no power to act. The

constitutional constraints on subject matter jurisdiction cannot be overturned based on equitable concerns.

Second, the Trustee's argument presumes that the consolidation of the BLMIS estate and the Madoff estate granted the Trustee power under SIPA to pursue avoidance actions to recover customer property, transferred by Madoff. As discussed above, the Trustee does not, and cannot have such power. Therefore, the argument that the failure to merge the estates would treat the customers of the BLMIS estate inequitably, as compared to the customers of the Madoff estate, presumes that the substantive consolidation of the two estates gave the Trustee powers to cure that alleged inequity by pursuing avoidance claims on behalf of the Madoff estate to recover customer property transferred by Madoff pre-petition, and ignores the Court's ruling in the Memorandum Decision to the contrary, that no such power exists and therefore subject matter jurisdiction is lacking.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Trustee's Motion to Reargue the Court's Order Granting in Part and Denying in Part Motion to Dismiss be denied in its entirety.

Dated: September 19, 2016

Respectfully submitted,

/s/ Gary A. Woodfield
Gary A. Woodfield
*Attorneys for Defendants*
Florida Bar No. 0563102
HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
Email: gwoodfield@haileshaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notice of Electronic filing generated by CM/ECF.

/s/ Gary A. Woodfield
Gary A. Woodfield
Florida Bar No. 0563102