# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 19, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Perlman et al.*, Adv. Pro. No. 10-04541 (SMB)
      *Picard v. Gordon*, Adv. Pro. No. 10-04914 (SMB)
      *Picard v. Harwood*, Adv. Pro. No. 10-04818 (SMB)
      *Picard v. Estate of Palmer*, Adv. Pro. No. 10-04826 (SMB)
      *Picard v. Dusek*, Adv. Pro. No. 10-04644(SMB)
      *Picard v. DiGuilian*, Adv. Pro. No. 10-04728 (SMB)[1]

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write in response to Defendants' letter dated September 14, 2016 (the "September 14, Letter") requesting permission to file a motion for a protective order and to quash the Trustee's notices of deposition served in the above-referenced adversary proceedings.[2]

      As an initial matter, the September 14 Letter fails to mention emails from Chaitman LLP assuring the Trustee that deposition dates would be forthcoming in all of the cases at issue. *See* Exs. A-C. On July 29 and August 2, 2016, Chaitman LLP assured the Trustee it was working to obtain deposition dates for each of the Defendants. The Trustee agreed to extend fact discovery in these cases to allow Chaitman LLP time to obtain dates, and to accommodate Defendants'

---

[1] Although Chaitman LLP's September 14 Letter discusses the *Picard v. DiGuilian* adversary proceeding in detail, it was not filed in the *DiGuilian* case. To alleviate confusion, we have filed this response in the five adversary proceedings referenced in the September 14 letter and also in the *DiGuilian* adversary proceeding.

[2] The Trustee submits that this discovery dispute is the sort that may be submitted to a Discovery Arbitrator, to alleviate the increasing burden on this Court, as requested in the Trustee's September 2, 2016 letter to the Court.

September 19, 2016
Page 2

schedules, on the condition that Defendants provide dates for depositions (*see* Ex. C). On August 19, 2016, Chaitman LLP provided dates for the deposition of Ms. DiGiulian, "she will travel to NYC for her deposition to occur on Tuesday, November 15th," and for Mr. Dusek, ". . . *Dusek*, 10-04644, will be available from the first week of November on," but, despite several weeks of discussion, never provided dates for the other Defendants. *See* Ex. C, email from Ms. Allim to Ms. Carlisle on August 19, 2016 at 7:43 p.m. and email from Ms. Allim to Ms. Carlisle on August 19, 2016 at 3:24 p.m. The Trustee served notices for Ms. DiGiulian and Mr. Dusek on the dates provided. The Trustee served notices in the remaining four adversary proceedings and selected placeholder dates based on the representations that dates would be forthcoming, offering to amend the notices upon receipt of alternate dates from Defendants. *See e.g.,* Ex. D, Email from Ms. Carlisle Serving Harwood Deposition Notice. Only after obtaining the extension of fact discovery and receiving the Trustee's deposition notices did Chaitman LLP reverse course and indicate that it would seek a protective order and withdraw the scheduled deposition dates in the *DiGuilian* and *Dusek* cases, in contravention of the prior agreement and Federal Rule of Civil Procedure 30.

Federal Rule of Civil Procedure 30(1)(1) is clear that a party may depose "any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). None of the Rule 30(a)(2) criteria apply to these adversary proceedings, as these are the first depositions requested and the parties have held a Rule 26(f) conference. As discussed more fully below, these depositions are not duplicative of other discovery conducted to date, and the Trustee's efforts to obtain the information through other methods have been unsatisfactory. Similar to her past attempts to deny the Trustee access to relevant bank records, Defendants' counsel seeks to prevent the Trustee from obtaining information by refusing to present her clients for depositions where their testimony will be offered at trial.

The Trustee has articulated to Ms. Chaitman the reasons for the depositions. Defendants' responses to written discovery are inadequate, internally inconsistent, and provide insufficient substantive information about the claims and affirmative defenses at issue.[3] The statement in the September 14 Letter that Defendants have "admitted the entirety of the deposits and withdrawals on Exhibit B to the Trustee's Complaints" is demonstrably false. Defendants provided responses similar to those which the Court recently described as "equivocal." (Transcript of Aug. 9, 2016, 11:16 ("The problem I have with the responses are they're equivocal.")).[4]

First, Defendants put their own testimony at issue. For example, in *DiGuilian*, when asked to describe the factual basis for Defendants' Affirmative Defense No. 16, regarding setoff for tax payments made and requesting the amount of the setoff sought, defense counsel responded:

> 11.    The defense concerning payment of capital gains taxes is based upon Responding Party's testimony as to the payment of taxes at the applicable tax rates for each year of the Account and

---

[3] Copies of Defendants' responses in each of the adversary proceedings at issue are attached hereto as Exs. E-J.
[4] This issue has been addressed fully in the Trustee's letter dated September 19, 2016, in which he requests a discovery conference or permission to file a motion to compel regarding this and other issues.

September 19, 2016
Page 3

> the reported income as reflected in Madoff's statements which are
> in the Trustee's possession.

(Ex. J, *DiGuilian* Amended Answers to Interrogatories, ¶ 11) (emphasis added.) This response does not provide any substantive information and instead puts Defendant's testimony squarely at issue as a source of evidence for this affirmative defense.[5]

Second, with the exception of *Harwood*, Defendants have not produced documents responsive to the Trustee's requests for production. For example, also in *DiGuilian*, when asked for documents that support the factual basis for the same affirmative defense discussed above, No. 16, Defendants responded that "[a]ny such documents shall be produced (Ex. J, *DiGuilian* Amended Responses to Requests for Production of Documents, ¶¶ 8, 12). Yet, the documents have not been produced, leaving their testimony as the essential evidence on which their defenses are based. Obtaining this testimony through deposition is appropriate and allowed under the Rules.

Third, Chaitman LLP has additionally put these underlying documents and information at issue by serving affidavits from her clients' accountants that are based on this undisclosed information. *See, e.g.,* Ex. K, Affidavit of Richard M. Oppenheim. In this affidavit, the affiant specifically acknowledges that certain of his statements are based "on the verbal information provided to me by the [defendants]." *Id.* at ¶¶ 4, 7. Chaitman LLP has notified the Trustee that it intends to submit such an affidavit in all of its cases. It is illogical for Defendants to base an accountant affidavit on Defendants' verbal statements to the affiant but refuse to produce Defendant for deposition to test these statements.

Although the Trustee is entitled to a seven-hour deposition under Federal Rule 30(d)(1), as we have done in the past, we have assured Chaitman LLP that we will make every effort to accommodate each deponent's needs and to complete the deposition in the shortest time possible.

Based on the forgoing, the Trustee respectfully requests that the Court (1) deny Defendants' request for a protective order, (2) require Ms. DiGiulian and Mr. Dusek to appear on the dates previously provided, and (3) require defense counsel to provide dates for the remaining Defendants within 10 business days of the conference with the Court.

---

[5] Defendants in *Perlman*, *Gordon* and *Palmer* similarly responded that their affirmative defense was based on "Responding Party's testimony." It is incongruous to affirmatively put a party's testimony at issue, but simultaneously assert that the same party "had no involvement in the account and knows nothing about it," as stated in the September 14, 2016 Letter. Similarly, despite assertions that Ms. DiGiulian does not have personal information, she responded to the Trustee's requests and verified those responses. *See* Ex. J.

September 19, 2016
Page 4

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Gregory Dexter (gdexter@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022