**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Edyne Gordon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                        Plaintiff-Applicant,<br><br>                        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                        Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                                        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                                        Plaintiff,<br><br>                        v.<br><br>EDYNE GORDON, in her capacity as the executrix and primary beneficiary of the Estate of Allen Gordon,<br><br>                                        Defendant. | Adv. Pro. No. 10-04914 (SMB) |



1

## <u>AMENDED RESPONSES AND OBJECTIONS OF DEFENDANT EDYNE GORDON TO TRUSTEE'S FIRST SET OF INTERROGATORIES</u>

Edyne Gordon, in her capacity as the executrix of the Estate of Allen Gordon ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## <u>GENERAL OBJECTIONS</u>

1.     Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.     Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.     Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.     Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.     Responding Party objects to the Requests to the extent they call for legal

2

conclusions.

6.    Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.    Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

3

## RESPONSES AND OBJECTIONS

1.    Identify the reasons for each Transfer.

**ANSWER:    Withdrawals were taken to pay applicable taxes on the reported short-term capital gains in the Account and for the living expenses of the Account Holder, Allen Gordon.**

2.    Identify the reasons for each Subsequent Transfer.

**ANSWER:    Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information necessary to frame a complaint against subsequent transferees.**

3.    Identify each deposit into the Account.

**ANSWER:    Responding Party is unable to do so.  To the extent that the Trustee has reliable third party documents proving a deposit or withdrawal (such as Madoff's bank records), Responding Party will acknowledge that deposit or withdrawal. However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals.  Moreover, the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no competent evidence of any activity in the account prior to December 1998.**

4.    Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:    Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.   To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information necessary to frame a complaint against subsequent transferees.**

5.    Identify: (a) each Person or entity that ever received funds withdrawn from

the Account, including but not limited to Allen Gordon, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:   Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to frame a complaint against subsequent transferees.**

6.     Identify all Persons who benefited from any Transfer, including, but not limited to, Allen Gordon or any Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:   Withdrawals from the Account benefited the Account Holder, Allen Gordon, and the taxing authorities.  To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

7.     To the extent not already provided in Your responses to the preceding Interrogatories, state how Allen Gordon used any money You received from the Transfers.

**ANSWER:   The Account Holder, Allen Gordon, paid taxes on the reported short-term capital gains in the Account.  The balance of the funds were used for the Account Holder's living expenses.**

8.     Identify any and all banks, brokerage firms, and/or financial institutions, including but not limited to, United National Bank and City National Bank of Florida, where Allen Gordon held accounts, individually or jointly, during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

5

**ANSWER:**  Responding Party concedes to the deposits and withdrawals reflected on Exhibit B to the complaint. Therefore the Trustee has no right to any bank information. To the extent the Trustee seeks information concerning subsequent transfers, the Trustee has no right to any bank information and seeks such information for the improper purpose of taking discovery to frame a complaint against subsequent transferees.

9.    Identify any instance when Allen Gordon communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:    Responding Party cannot recall.**

10.    Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendant  is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.

**ANSWER:    The defense concerning payment of short term capital gains taxes is based upon Responding Party's testimony as to the payment of taxes at the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.**

11.    Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently  calculated Defendant 's liability by charging Defendant with withdrawals that the

6

Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:   This defense relates to inter-account transfers which the Trustee has disallowed without any factual basis and to all withdrawals for which the Trustee lacks reliable documentary evidence.**

12.    Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments you contend were not properly credited, the amounts you contend should be credited and all Documents supporting your contention.

**ANSWER:   The Trustee has admitted that Madoff's records are permeated with fraud. Therefore they cannot possibly be reliable and/or admissible.**

13.    Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting your contention.

**ANSWER:   Under the securities laws, the balance in the Account belonged to the Account Holder, Allen Gordon, and Madoff was required to follow the Account Holder's instructions.**

14.        Regarding the forty-sixth affirmative defense in Your Answer to the

Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts you contend should be credited, and all Documents supporting your contention.

**ANSWER:   The Trustee has discounted all inter-account transfers without any basis.**

15.    Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, or Subsequent Transfers, including but not limited to United National Bank or City National Bank of Florida, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals.   For every Person You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:   Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.   To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information to frame a complaint against subsequent transferees.**

16.    Identify whether You or Decedent requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received.   In so doing, provide the date(s) when You or Decedent applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:   The Account Holder, Allen Gordon, requested a refund and received a refund. Documentation concerning the refund will be produced.**

8

17.    Identify steps You have taken to preserve Documents Concerning the
Account pursuant to the preservation letters sent to Your counsel on February 16, 2011, July
30, 2014, and February 23, 2016.

**ANSWER:    Responding Party has not disposed of any documents since February
16, 2011.**

18.    Identify all current and former personal representatives of the Estate.    For
each Person so identified, identify the dates such Person served as personal representative, the
amount of any fees received by such Person in connection with their service as a personal
representative, and state whether such Person personally received any portion of any
Transfers from the Account.

**ANSWER: Responding Party is the Estate's representative.    The Trustee's attempt
to obtain information about subsequent transfers is unethical and will not be responded to.**

19.    Identify any estate planning documents that Decedent created and/or
executed after December 11, 2008.

**ANSWER:    Such documents are irrelevant to the issues in this case and it is
unethical for the Trustee to be seeking such information necessary to frame a complaint
against subsequent transferees.**

20.    Identify all transfers by gift made by Decedent during the Applicable Period.

**ANSWER:    This information is irrelevant to the issues in this case and it is
unethical for the Trustee to be seeking such information necessary to frame a complaint
against subsequent transferees.**

21.    Identify any state and/or federal tax filings related to Decedent and/or the
Estate of Allen Gordon including, but not limited to estate tax returns, income tax returns,
and/or gift tax returns.

9

**ANSWER: Such documents are irrelevant to the issues in this case and it is unethical for the Trustee to be seeking this information necessary to frame a complaint against subsequent transferees.**

22.    Provide an inventory and/or an accounting of the Estate or any trust identified in Your responses to the preceding Interrogatories.

**ANSWER: See response to # 21.**

23.    Identify any accounts into which money or other assets in which Decedent had an interest were transferred following Decedent's death, including, but not limited to, pay-on-death accounts, transfer-on-death accounts, securities accounts, jointly-held (with any other Person) accounts, or in-trust-for accounts.    For each such account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER: See response to # 21.**

24.    Identify all beneficiaries, whether or not they are named beneficiaries, of any accounts or insurance kept by or for Decedent, including, but not limited to, IRA's, Keoghs, 401(k)s, U.S. Savings Bonds, and/or other pension assets or insurance policies, such as life insurance.

**ANSWER: See response to # 21.**

August 20, 2016

CHAITMAN LLP
By: /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Edyne Gordon*

10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | | No. 08-1789 (SMB) |
| | Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | | (Substantively |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | | Consolidated) |
| | Defendant. | |

In re:
BERNARD L. MADOFF,

Debtor.

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | | Adv. Pro. No. 10-04914 (SMB) |
| | Plaintiff, | |
| v. | | |
| EDYNE GORDON, in her capacity as the executrix and primary beneficiary of the Estate of Allen Gordon, | | VERIFICATION |
| | Defendant. | |

I, EDYNE GORDON, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing amended interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

of /20 , 2016

_____
Edyne Gordon

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 23rd day

of August, 2016 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

CHAITMAN LLP
By: */s/  Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Edyne Gordon*



Baker & Hostetler, LLP
Attn: Dean D, Hunt
811 Main Street, Suite 1101
Houston, TX, 77002-6111

LLP
Avenue
York 1

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Edyne Gordon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>            Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>            Defendant. | No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br>            Plaintiff, <br><br> v. <br><br> EDYNE GORDON, in her capacity as the executrix and primary beneficiary of the Estate of Allen Gordon, <br><br>            Defendant. | Adv. Pro. No. 10-04914 (SMB) |

{00022693 1 }

RECEIVED
AUG 26 2016
BAKER & HOSTETLER LLP

## AMENDED RESPONSES AND OBJECTIONS OF DEFENDANT EDYNE GORDON TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION

Edyne Gordon, in her capacity as the executrix of the Estate of Allen Gordon ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

### GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00022693 1 }                                      2

4.    Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.    Responding Party objects to the Requests to the extent they call for legal conclusions.

6.    Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.    Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available.    Responding Party has not completed discovery.    Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations.    Responding Party sets them out here to avoid repeating them in response to each individual Request.    Responding Party's failure to specifically set forth an

objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Monthly Account statements.

**Response:    Responding Party concedes to the deposits and withdrawals listed on Exhibit B to the complaint therefore the Trustee has no legitimate interest in any such documents.**

2.    Communications between Decedent, and/or anyone acting on Decedent's behalf, and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:    See response to #1.**

3.    Decedent's bank and/or brokerage account records, for the period between and including December 11, 2006, and December 31, 2009, for any accounts, including, but not limited to, accounts held at United National Bank and City National Bank of Florida, that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:    See response to #1.**

4.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

**Response:    The Trustee is not entitled to any such documents and it is unethical for him to seek such information necessary to frame a complaint against subsequent**

**transferees.**

5.      Documents sufficient to identify any money, property, and/or anything else of value provided by Decedent to BLMIS in exchange for any Initial Transfer.

**Response:      See response to #1.**

6.      Documents sufficient to identify any money, property, and/or anything else of value provided by any Person or entity to Decedent in exchange for any Subsequent Transfer.

**Response:      The Trustee has no right to any such document and it is unethical for him to seek such information necessary to frame a complaint against subsequent transferees.**

7.      Documents supporting any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:      Any such documents shall be produced.**

8.      Documents supporting the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:      Any such documents shall be produced.**

9.      Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken."

**Response:**    **Any such documents shall be produced.**

10.    Documents supporting the twenty-seventh affirmative defense in Your Answer to
the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to
properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:**    **Any such documents shall be produced.**

11.    Documents supporting the twenty-ninth affirmative defense in Your Answer to
the Complaint, in which You contend the "Complaint fails to state a claim on which relief can
be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the
Defendant."

**Response:**    **Any such documents shall be produced.**

12.    Documents supporting the thirty-seventh affirmative defense in Your Answer to
the Complaint, in which You contend "the withdrawals that the Trustee seeks to recover were
legally compelled under State and federal securities laws."

**Response:**    **Any such documents shall be produced.**

13.    Documents supporting the forty-sixth affirmative defense in Your Answer to the
Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to
properly credit Defendant with all of Defendant's deposits."

**Response:**    **Any such documents shall be produced.**

14.    Documents to be relied upon in connection with the defense of the claims asserted
in the Complaint.

**Response:**    **Any such documents shall be produced.**

15.    Documents Concerning any Transfers to Decedent.

**Response:**    **See response to #1.**

16.     Documents Concerning any Subsequent Transfers.

**Response:     The Trustee has no right to any such document and it is unethical for him to seek such information necessary to frame a complaint against subsequent transferees.**

17.     Documents concerning any deposits into the Account.

**Response:     See response to #1.**

18.     Documents Concerning the Account or this Adversary Proceeding that Decedent or You received from any other Person or entity, whether received in response to a subpoena or otherwise.

**Response:     See response to #1.**

19.     Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, accounts held at United National  Bank or City National  Bank of Florida, or by any other Person or entity that may have discoverable information.

**Response:     See response to #1.**

20.     Documents sufficient to Identify any refund(s) requested or received by Decedent or You of any state or federal taxes paid in connection with the Account.

**Response:     Any such documents shall be produced.**

21.     A copy of Decedent's entire probate file.

**Response:     Such documents have no bearing on the issues in this case and the Trustee is not entitled to any such documents.**

22.     A copy of Decedent's Last Will and Testament including any drafts, codicils or prior versions.

**Response:     See response to # 21.**

{00022693 1 }                                    7

23.    A copy of any state and/or federal tax filings related to Decedent and/or the Estate, including but not limited to any estate tax returns, income tax returns, and/or gift tax returns.

**Response:    See response to #21.**

24.    All trust/will instruments of Decedent, including any amendments relating to the Account and/or the Estate.

**Response:    See response to #21.**

25.    A copy of any state and/or federal tax filings, including, but not limited to, estate tax returns, income tax returns, and/or gift tax returns, related to Decedent and/or the Estate.

**Response:    See response to #21.**

26.    Documents Concerning any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**Response:    See response to #21.**

27.    Documents Concerning all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a seller.

**Response:    See response to #21.**

28.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the preceding Requests.

**Response:    See response to #21.**

29.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the Trustee's Interrogatories.

**Response:    See response to #21.**

30.     Documents identified, reviewed, prepared or consulted in preparing responses to

discovery in this Adversary Proceeding.

**Response:**     **Any such documents shall be produced.**

August 20, 2016

**CHAITMAN LLP**
By: _/s/ Helen Davis Chaitman_
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

_Attorneys for Defendant Edyne Gordon_

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of

August, 2016 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: */s/ Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Edyne Gordon*



Baker & Hostetler, LLP
Attn: Dean D, Hunt
811 Main Street, Suite 1101
Houston, TX, 77002-6111

LLP
Avenue
York 1