**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br>        Plaintiff-Applicant, <br><br>     v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br>        Defendant. | No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br>        Plaintiff, <br><br>     v. <br><br> ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer, <br><br>        Defendants. | Adv. Pro. No. 10-04826 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANTS BRUCE PALMER AND DIANE HOLMERS TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Bruce Palmer and Diane Holmers, in their capacity as Personal Representatives of the Estate of Boyer Palmer ("Responding Parties"), by and through their attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby respond and object to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Parties object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Parties object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the  Trustee is not entitled.

3.      Responding Parties object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Parties object to the Requests to the extent they require production of

documents not within the possession, custody, or control of the Responding Parties.

5.      Responding Parties object to the Requests to the extent they call for legal conclusions.

6.      Responding Parties object to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Parties object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Parties.

8.      Responding Parties reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Parties specifically states otherwise.

9.      Responding Parties' responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Parties' right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Parties expressly reserve the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Parties' response to each of the Requests is made subject to these General Objections and limitations.  Responding Parties set them out here to avoid repeating them in response to each individual Request.  Responding Parties' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Parties object to the Requests to the extent that they seek disclosure of

information or production of documents for a time period that has no relevance to the issues in the

complaint and answer.

## <u>RESPONSES AND OBJECTIONS</u>

1.      Identify each deposit into the Account.

**ANSWER:**      Responding Parties are unable to do so.  The Account Holder, Boyer

Palmer, did not keep records of deposits and withdrawals. To the extent that the Trustee has

reliable third party documents proving a deposit or withdrawal (such as Madoff's bank

records), Responding Parties will acknowledge that deposit or withdrawal. However, as the

Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot

be relied upon to prove any withdrawals.  Moreover, the Trustee has admitted he has no bank

records prior to December 1998.  Hence, he has no competent evidence of any activity in the

transferor accounts prior to December 1998.

2.      Identify each Person with knowledge of any Transfer, the circumstances under

which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**      Annette Bongiorno; Frank DiPascali; Jody Crupi; Bernard L. Madoff

and possibly other Madoff employees.  To the extent this interrogatory seeks information

about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee

to be seeking information.

3.      Identify any and all banks and/or financial institutions where Decedent held

accounts during the Applicable Period, including, but not limited to Associated Bank, Park

National Bank, TCF Bank and First Bank, and for each account, give the account number, the

date the account was opened, and the date the account was closed.

**ANSWER:**      Responding Parties are unable to do so.  To the extent the Trustee seeks

information concerning subsequent transfers, the Trustee has no right to any bank information and

seeks such information for the improper purpose of taking discovery to form a complaint against subsequent transferees.

4.      Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.

**ANSWER:**    The defense concerning payment of short term capital gains taxes is based upon Responding Parties' testimony as to the payment of the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

5.      Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals at issue by date and amount.

**ANSWER:**    This defense relates to inter-account transfers which the Trustee has disallowed without any factual basis and to all withdrawals for which the Trustee lacks reliable documentary evidence.

6.      Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other

adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments alleged to be not properly credited, the amounts that should be credited and all Documents supporting this contention.

**ANSWER:** The Trustee has admitted that Madoff's records are permeated with fraud. Therefore they cannot possibly be reliable and/or admissible.

7.      Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that alleged to have been legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting this contention.

**ANSWER:**   Under the securities laws, the balance in the Account belonged to the Account Holder, Boyer Palmer, and Madoff was required to follow the Account Holder's instructions.

8.        Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Decedent's claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying the deposits that You contend were not properly credited by date and amounts, the amounts that should be credited, and all Documents supporting this contention.

**ANSWER:**   The Trustee has discounted all inter-account transfers without any basis.

9.      Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, or Subsequent Transfers, including but not limited to, NTC & Co., LLP, Tim Murray, Associated Bank, Park National Bank, TCF Bank and First Bank, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial

professionals. For every Person Identified, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:**   Frank DiPascali; Jodi Crupi; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking information to form a complaint against subsequent transferees.

10.    To the extent not already provided in responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Decedent's possession, custody or control prior to his death.

**ANSWER:**   Responding Parties are not aware of any such documents.

11.    Identify whether Decedent or the Estate requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received. In so doing, provide the date(s) when Decedent or the Estate applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:**   The Account Holder, Boyer Palmer, requested a refund and received a refund. Documentation concerning the refund will be produced.

12.    Identify steps taken to preserve responsive Documents pursuant to the preservation letters sent to Decedent's or Your counsel on February 14, 2011, July 21, 2014, and February 23, 2016.

**ANSWER:**   Responding Parties have not disposed of any documents since February 14, 2011.

13.    Identify whether Decedent drafted and/or executed a Last Will and Testament.

**ANSWER:** This information is irrelevant to the issues in this case and it is unethical for the Trustee to be asking for it.

14. Identify all current and former personal representatives of the Estate. For each Person so identified, identify the dates such Person served as personal representative, the amount of any fees received by such Person in connection with their service as a personal representative, and state whether such Person personally received any portion of any Transfers from the Account.

**ANSWER:** Responding Parties are the Estate's representatives. The Trustee's attempt to obtain information about subsequent transfers is unethical and will not be responded to.

15. Identify any estate planning documents that Decedent created and/or executed after December 11, 2008.

**ANSWER:** Such documents are irrelevant to the issues in this case and it is unethical for the Trustee to be asking for them.

16. Identify all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a seller.

**ANSWER:** This information is irrelevant to the issues in this case and it is unethical for the Trustee to be asking for it.

17. Identify all transfers by gift made by Decedent during the Applicable Period.

**ANSWER:** See answer to #16.

18. Identify any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**ANSWER:** See answer to #16.

19. Identify any state and/or federal tax filings related to Decedent and/or the Estate of Boyer Palmer including, but not limited to estate tax returns, income tax returns, and/or gift tax

returns.

**ANSWER:**    Such documents are irrelevant to the issues in this case and it is unethical for the Trustee to be seeking this information.

20.    Provide an inventory and/or an accounting of the Estate or any trust identified in Your responses to the preceding Interrogatories.

**ANSWER:**    See answer to #16.

21.    Identify any accounts into which money or other assets in which Decedent had an interest were transferred following Decedent's death, including, but not limited to, pay-on-death accounts, transfer-on-death accounts, securities accounts, jointly-held (with any other Person) accounts, or in-trust-for accounts.  For each such account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**    See answer to #16.

22.    Identify all beneficiaries, whether or not they are named beneficiaries, of any accounts or insurance kept by or for Decedent, including, but not limited to, IRA's, Keoghs, 40l(k)s, U.S. Savings Bonds, and/or other pension assets or insurance policies, such as life insurance.

**ANSWER:**    See answer to #16.

Dated: June 11, 2016

                                                                  **CHAITMAN LLP**

By: */s/  Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04826 (SMB) |
| Plaintiff, | |
| v. | VERIFICATION |
| ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer, | |
| Defendants. | |

I, BRUCE PALMER, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

June 11, 2016

_Bruce Palmer_
Bruce Palmer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |

| | |
|---|---|
| In re: BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04826 (SMB) |
| Plaintiff, | |
| v. | VERIFICATION |
| ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer, | |
| Defendants. | |

I, DIANE HOLMERS, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

June 11, 2016

*Diane S. Holmers*

Diane Holmers

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 13th day

of July, 2016 by electronic mail and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer, <br><br> Defendants. | Adv. Pro. No. 10-04826 (SMB) |

## **RESPONSES AND OBJECTIONS OF DEFENDANTS BRUCE PALMER, DIANE HOLMERS AND THE ESTATE OF BOYER PALMER TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION**

Bruce Palmer and Diane Holmers, in their capacity as Personal Representatives of the Estate of Boyer Palmer ("Responding Parties"), by and through their attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby respond and object to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## **GENERAL OBJECTIONS**

1.        Responding Parties object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.        Responding Parties object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.        Responding Parties object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Parties object to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Parties.

5.      Responding Parties object to the Requests to the extent they call for legal conclusions.

6.      Responding Parties object to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Parties object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Parties.

8.      Responding Parties reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Parties specifically states otherwise.

9.      Responding Parties' responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Parties' right to present additional evidence based upon information subsequently obtained or evaluated.

10.      Responding Parties expressly reserve the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.      Responding Parties' response to each of the Requests is made subject to these General Objections and limitations.  Responding Parties set them out here to avoid repeating them in response to each individual Request.  Responding Parties' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Parties object to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Monthly Account statements.

**Response:**    Any such documents shall be produced.

2.    Communications between Decedent, and/or anyone acting on Decedent's behalf, and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:**    Any such documents shall be produced.

3.    Decedent's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts, including, but not limited to, accounts held at NTC & Co., Associated Bank, Park National Bank, TCF Bank, and First Bank, that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:**    Decedent, Boyer Palmer, did not maintain bank records.

4.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

**Response:**    The Trustee is not entitled to any such documents and it is unethical for him to ask for them.

5.    Documents sufficient to identify any money, property, and/or anything else of value provided by Decedent to BLMIS in exchange for any Initial Transfer.

**Response:**    Any such documents shall be produced.

6.    Documents sufficient to identify any money, property, and/or anything else of

value provided by any Person or entity to Decedent in exchange for any Subsequent Transfer.

**Response:**    The Trustee has no right to any such documents and it is unethical for him to ask for them.

7.    Documents supporting any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:**    Any such documents shall be produced.

8.    Documents supporting the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:**    Any such documents shall be produced.

9.    Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken."

**Response:**    Any such documents shall be produced.

10.    Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:**    Any such documents shall be produced.

11.    Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief

can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Mad

off to the Defendant."

**Response:**      Any such documents shall be produced.

12.      Documents supporting the thirty-seventh affirmative defense in Your Answer

to the Complaint, in which You contend "the withdrawals that the Trustee seeks to recover

were legally compelled under State and federal securities laws."

**Response:**      Any such documents shall be produced.

13.      Documents supporting the forty-sixth affirmative defense in Your Answer to

the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure

to properly credit Defendant with all of Defendant's deposits."

**Response:**      Any such documents shall be produced.

14.      Documents to be relied upon in connection with the defense of the claims asserted

in the Complaint.

**Response:**      Any such documents shall be produced.

15.      Documents Concerning any Transfers to Decedent.

**Response:**      Any such documents shall be produced.

16.      Documents Concerning any Subsequent Transfers.

**Response:**      The Trustee has no right to any such document and it is unethical for him to

ask for them.

17.      Documents concerning any deposits into the Account.

**Response:**      Any such documents shall be produced.

18.      Documents Concerning the Account or this Adversary Proceeding that You or

Decedent received from any other Person or entity, whether received in response to a subpoena

or otherwise.

**Response:**    Any such documents shall be produced.

19.    Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, accounts held at United National Bank or City National Bank of Florida, or by any other Person or entity that may have discoverable information.

**Response:**    Any such documents shall be produced in redacted format.

20.    Documents sufficient to Identify any refund(s) requested or received by You or Decedent of any state or federal taxes paid in connection with the Account.

**Response:**    Any such documents shall be produced.

21.    A copy of Decedent's entire probate file.

**Response:**  Such documents have no bearing on the issues in this case and the Trustee is not entitled to any of such documents.

22.    A copy of Decedent's Last Will and Testament, including any drafts, codicils, or prior versions.

**Response:**  See response to # 21.

23.    A copy of any state and/or federal tax filings related to Decedent and/or the Estate, including but not limited to any estate tax returns, income tax returns, and/or gift tax returns.

**Response:**  See response to # 21.

24.    All trust/will instruments of Decedent, including any amendments Concerning the Account and/or the Estate.

**Response:**  See response to # 21.

25.    A copy of any state and/or federal tax filings, including, but not limited to, estate tax returns, income tax returns, and/or gift tax returns, related to Decedent and/or the Estate.

**Response:**  See response to # 21.

26.    Documents Concerning any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**Response:**  See response to # 21.

27.    Documents Concerning all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a seller.

**Response:**  See response to # 21.

28.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the preceding Requests.

**Response:**  See response to # 21.

29.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the Trustee's Interrogatories.

**Response:**  See response to # 21.

30.    Documents identified, reviewed, prepared or consulted in preparing responses to discovery in this Adversary Proceeding.

**Response:**      Any such documents shall be produced.

31.    Documents exchanged between Decedent and NTC & Co., LLP.

**Response:**      Any such documents shall be produced.

32.    Documents Concerning any account of Decedent held at NTC & Co., LLP.

**Response:**      Any such documents shall be produced.

33.    Documents Concerning the status of any beneficiary of Decedent's Individual Retirement Account entitled NTC & Co, LLP FBO Boyer Palmer  (previously entitled Fiserv ISS & Company FBO Boyer Palmer and 1st Trust & Co. FBO: Boyer Palmer), Account Number 029547350001.

**Response:**  See response to # 21.

Dated: June 13, 2016

**CHAITMAN LLP**

By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 13th day

of July, 2016 by electronic mail and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer, <br><br> Defendants. | Adv. Pro. No. 10-04826 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANTS BRUCE PALMER AND DIANE HOLMERS TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Bruce Palmer and Diane Holmers, in their capacity as Personal Representatives of the Estate of Boyer Palmer ("Responding Parties"), by and through their attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby respond and object to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Parties object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Parties object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the  Trustee is not entitled.

3.      Responding Parties object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Parties object to the Requests to the extent they require production of

documents not within the possession, custody, or control of the Responding Parties.

5.    Responding Parties object to the Requests to the extent they call for legal conclusions.

6.    Responding Parties object to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.    Responding Parties object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Parties.

8.    Responding Parties reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Parties specifically states otherwise.

9.    Responding Parties' responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Parties' right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Parties expressly reserve the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Parties' response to each of the Requests is made subject to these General Objections and limitations.  Responding Parties set them out here to avoid repeating them in response to each individual Request.  Responding Parties' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Parties object to the Requests to the extent that they seek disclosure of

information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Identify each deposit into the Account.

**ANSWER:**    Responding Parties are unable to do so.  The Account Holder, Boyer Palmer, did not keep records of deposits and withdrawals. To the extent that the Trustee has reliable third party documents proving a deposit or withdrawal (such as Madoff's bank records), Responding Parties will acknowledge that deposit or withdrawal. However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals.  Moreover, the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no competent evidence of any activity in the transferor accounts prior to December 1998.

2.    Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**    Annette Bongiorno; Frank DiPascali; Jody Crupi; Bernard L. Madoff and possibly other Madoff employees.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking information.

3.    Identify any and all banks and/or financial institutions where Decedent held accounts during the Applicable Period, including, but not limited to Associated Bank, Park National Bank, TCF Bank and First Bank, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**    Responding Parties are unable to do so.  To the extent the Trustee seeks information concerning subsequent transfers, the Trustee has no right to any bank information and

seeks such information for the improper purpose of taking discovery to form a complaint against subsequent transferees.

4.    Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.

**ANSWER:**    The defense concerning payment of short term capital gains taxes is based upon Responding Parties' testimony as to the payment of the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

5.    Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals at issue by date and amount.

**ANSWER:**    This defense relates to inter-account transfers which the Trustee has disallowed without any factual basis and to all withdrawals for which the Trustee lacks reliable documentary evidence.

6.    Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other

adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments alleged to be not properly credited, the amounts that should be credited and all Documents supporting this contention.

**ANSWER:** The Trustee has admitted that Madoff's records are permeated with fraud. Therefore they cannot possibly be reliable and/or admissible.

7.    Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that alleged to have been legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting this contention.

**ANSWER:**    Under the securities laws, the balance in the Account belonged to the Account Holder, Boyer Palmer, and Madoff was required to follow the Account Holder's instructions.

8.        Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Decedent's claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying the deposits that You contend were not properly credited by date and amounts, the amounts that should be credited, and all Documents supporting this contention.

**ANSWER:**    The Trustee has discounted all inter-account transfers without any basis.

9.    Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, or Subsequent Transfers, including but not limited to, NTC & Co., LLP, Tim Murray, Associated Bank, Park National Bank, TCF Bank and First Bank, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial

professionals. For every Person Identified, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:**  Frank DiPascali; Jodi Crupi; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking information to form a complaint against subsequent transferees.

10.    To the extent not already provided in responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Decedent's possession, custody or control prior to his death.

**ANSWER:**    Responding Parties are not aware of any such documents.

11.    Identify whether Decedent or the Estate requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received.  In so doing, provide the date(s) when Decedent or the Estate applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:**    The Account Holder, Boyer Palmer, requested a refund and received a refund.  Documentation concerning the refund will be produced.

12.    Identify steps taken to preserve responsive Documents pursuant to the preservation letters sent to Decedent's or Your counsel on February 14, 2011, July 21, 2014, and February 23, 2016.

**ANSWER:**    Responding Parties have not disposed of any documents since February 14, 2011.

13.    Identify whether Decedent drafted and/or executed a Last Will and Testament.

**ANSWER:**   This information is irrelevant to the issues in this case and it is unethical for the Trustee to be asking for it.

14.   Identify all current and former personal representatives of the Estate.  For each Person so identified, identify the dates such Person served as personal representative, the amount of any fees received by such Person in connection with their service as a personal representative, and state whether such Person personally received any portion of any Transfers from the Account.

**ANSWER:**   Responding Parties are the Estate's representatives. The Trustee's attempt to obtain information about subsequent transfers is unethical and will not be responded to.

15.   Identify any estate planning documents that Decedent created and/or executed after December 11, 2008.

**ANSWER:**   Such documents are irrelevant to the issues in this case and it is unethical for the Trustee to be asking for them.

16.   Identify all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a seller.

**ANSWER:**   This information is irrelevant to the issues in this case and it is unethical for the Trustee to be asking for it.

17.   Identify all transfers by gift made by Decedent during the Applicable Period.

**ANSWER:**   See answer to #16.

18.   Identify any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**ANSWER:**   See answer to #16.

19.   Identify any state and/or federal tax filings related to Decedent and/or the Estate of Boyer Palmer including, but not limited to estate tax returns, income tax returns, and/or gift tax

returns.

**ANSWER:**   Such documents are irrelevant to the issues in this case and it is unethical for the Trustee to be seeking this information.

20.   Provide an inventory and/or an accounting of the Estate or any trust identified in Your responses to the preceding Interrogatories.

**ANSWER:**   See answer to #16.

21.   Identify any accounts into which money or other assets in which Decedent had an interest were transferred following Decedent's death, including, but not limited to, pay-on-death accounts, transfer-on-death accounts, securities accounts, jointly-held (with any other Person) accounts, or in-trust-for accounts.  For each such account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**   See answer to #16.

22.   Identify all beneficiaries, whether or not they are named beneficiaries, of any accounts or insurance kept by or for Decedent, including, but not limited to, IRA's, Keoghs, 40l(k)s, U.S. Savings Bonds, and/or other pension assets or insurance policies, such as life insurance.

**ANSWER:**   See answer to #16.

Dated: June 11, 2016

                                            **CHAITMAN LLP**
                                            By: */s/  Helen Davis Chaitman*
                                            465 Park Avenue
                                            New York, New York 10022
                                            Phone & Fax: 888-759-1114
                                            hchaitman@chaitmanllp.com

                                            *Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

In re:
BERNARD L. MADOFF,

Debtor.

IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,

Plaintiff,

v.

Adv. Pro. No. 10-04826 (SMB)

VERIFICATION

ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer,

Defendants.

I, BRUCE PALMER, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

June 11, 2016

_Bruce Palmer_
Bruce Palmer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-1789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                    Plaintiff,<br><br>          v.<br><br>ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer,<br><br>                    Defendants. | Adv. Pro. No. 10-04826 (SMB)<br><br>VERIFICATION |

I, DIANE HOLMERS, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

June 11, 2016

*Diane S. Holmers*

Diane Holmers

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 13th day

of July, 2016 by electronic mail and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer,<br><br>    Defendants. | Adv. Pro. No. 10-04826 (SMB) |

**RESPONSES AND OBJECTIONS OF DEFENDANTS BRUCE PALMER, DIANE HOLMERS AND THE ESTATE OF BOYER PALMER TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION**

Bruce Palmer and Diane Holmers, in their capacity as Personal Representatives of the Estate of Boyer Palmer ("Responding Parties"), by and through their attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby respond and object to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

**GENERAL OBJECTIONS**

1.      Responding Parties object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Parties object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the  Trustee is not entitled.

3.      Responding Parties object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Parties object to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Parties.

5.      Responding Parties object to the Requests to the extent they call for legal conclusions.

6.      Responding Parties object to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Parties object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Parties.

8.      Responding Parties reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Parties specifically states otherwise.

9.      Responding Parties' responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Parties' right to present additional evidence based upon information subsequently obtained or evaluated.

10.      Responding Parties expressly reserve the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.      Responding Parties' response to each of the Requests is made subject to these General Objections and limitations.  Responding Parties set them out here to avoid repeating them in response to each individual Request.  Responding Parties' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.      Responding Parties object to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.      Monthly Account statements.

**Response:**      Any such documents shall be produced.

2.      Communications between Decedent, and/or anyone acting on Decedent's behalf, and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:**      Any such documents shall be produced.

3.      Decedent's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts, including, but not limited to, accounts held at NTC & Co., Associated Bank, Park National Bank, TCF Bank, and First Bank, that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:**      Decedent, Boyer Palmer, did not maintain bank records.

4.      Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

**Response:**      The Trustee is not entitled to any such documents and it is unethical for him to ask for them.

5.      Documents sufficient to identify any money, property, and/or anything else of value provided by Decedent to BLMIS in exchange for any Initial Transfer.

**Response:**      Any such documents shall be produced.

6.      Documents sufficient to identify any money, property, and/or anything else of

value provided by any Person or entity to Decedent in exchange for any Subsequent Transfer.

**Response:**    The Trustee has no right to any such documents and it is unethical for him to ask for them.

7.    Documents supporting any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:**    Any such documents shall be produced.

8.    Documents supporting the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:**    Any such documents shall be produced.

9.    Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken."

**Response:**    Any such documents shall be produced.

10.    Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:**    Any such documents shall be produced.

11.    Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief

can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Mad

off to the Defendant."

**Response:**    Any such documents shall be produced.

12.    Documents supporting the thirty-seventh affirmative defense in Your Answer

to the Complaint, in which You contend "the withdrawals that the Trustee seeks to recover

were legally compelled under State and federal securities laws."

**Response:**    Any such documents shall be produced.

13.    Documents supporting the forty-sixth affirmative defense in Your Answer to

the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure

to properly credit Defendant with all of Defendant's deposits."

**Response:**    Any such documents shall be produced.

14.    Documents to be relied upon in connection with the defense of the claims asserted

in the Complaint.

**Response:**    Any such documents shall be produced.

15.    Documents Concerning any Transfers to Decedent.

**Response:**    Any such documents shall be produced.

16.    Documents Concerning any Subsequent Transfers.

**Response:**    The Trustee has no right to any such document and it is unethical for him to

ask for them.

17.    Documents concerning any deposits into the Account.

**Response:**    Any such documents shall be produced.

18.    Documents Concerning the Account or this Adversary Proceeding that You or

Decedent received from any other Person or entity, whether received in response to a subpoena

or otherwise.

**Response:**    Any such documents shall be produced.

19.    Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, accounts held at United National Bank or City National Bank of Florida, or by any other Person or entity that may have discoverable information.

**Response:**    Any such documents shall be produced in redacted format.

20.    Documents sufficient to Identify any refund(s) requested or received by You or Decedent of any state or federal taxes paid in connection with the Account.

**Response:**    Any such documents shall be produced.

21.    A copy of Decedent's entire probate file.

**Response:**  Such documents have no bearing on the issues in this case and the Trustee is not entitled to any of such documents.

22.    A copy of Decedent's Last Will and Testament, including any drafts, codicils, or prior versions.

**Response:**  See response to # 21.

23.    A copy of any state and/or federal tax filings related to Decedent and/or the Estate, including but not limited to any estate tax returns, income tax returns, and/or gift tax returns.

**Response:**  See response to # 21.

24.    All trust/will instruments of Decedent, including any amendments Concerning the Account and/or the Estate.

**Response:**  See response to # 21.

25.    A copy of any state and/or federal tax filings, including, but not limited to, estate tax returns, income tax returns, and/or gift tax returns, related to Decedent and/or the Estate.

**Response:**  See response to # 21.

26.    Documents Concerning any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**Response:**  See response to # 21.

27.    Documents Concerning all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a seller.

**Response:**  See response to # 21.

28.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the preceding Requests.

**Response:**  See response to # 21.

29.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the Trustee's Interrogatories.

**Response:**  See response to # 21.

30.    Documents identified, reviewed, prepared or consulted in preparing responses to discovery in this Adversary Proceeding.

**Response:**    Any such documents shall be produced.

31.    Documents exchanged between Decedent and NTC & Co., LLP.

**Response:**    Any such documents shall be produced.

32.    Documents Concerning any account of Decedent held at NTC & Co., LLP.

**Response:**    Any such documents shall be produced.

33.    Documents Concerning the status of any beneficiary of Decedent's Individual Retirement Account entitled NTC & Co, LLP FBO Boyer Palmer  (previously entitled Fiserv ISS & Company FBO Boyer Palmer and 1st Trust & Co. FBO: Boyer Palmer), Account Number 029547350001.

**Response:**  See response to # 21.

Dated: June 13, 2016

**CHAITMAN LLP**

By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 13th day

of July, 2016 by electronic mail and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>             Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>             Defendant. | No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>             Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br>             Plaintiff, <br><br> v. <br><br> ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer, <br><br>             Defendants. | Adv. Pro. No. 10-04826 (SMB) |

<u>**RESPONSES AND OBJECTIONS OF DEFENDANT ESTATE OF BOYER
PALMER TO TRUSTEE'S FIRST SET OF INTERROGATORIES**</u>

Bruce Palmer and Diane Holmers, in their capacity as Personal Representatives of the
Estate of Boyer Palmer ("Responding Parties"), by and through their attorneys, and pursuant to
Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal
Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby respond and object to
the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as
follows:

<u>**GENERAL OBJECTIONS**</u>

1.      Responding Parties object to each instruction, definition, and Request to the extent
that it purports to impose any requirement or discovery obligation greater than or different from
those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Parties object to each instruction, definition, and Request to the extent
it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of
documents that are not relevant to any parties' claims or defenses and that are seeking information
to which the Trustee is not entitled.

3.      Responding Parties object to the Requests to the extent they request disclosure of
(i) legal theories, legal opinions, mental impressions or other information of Responding Parties'
counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-
client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other
available and valid grounds for withholding information or documents from production, including,
without limitation, the attorney work product doctrine.  Nothing contained in these responses
should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Parties object to the Requests to the extent they require production of

documents not within the possession, custody, or control of the Responding Parties.

5.      Responding Parties object to the Requests to the extent they call for legal conclusions.

6.      Responding Parties object to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Parties object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Parties.

8.      Responding Parties reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Parties specifically states otherwise.

9.      Responding Parties' responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Parties' right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Parties expressly reserve the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Parties' response to each of the Requests is made subject to these General Objections and limitations.  Responding Parties set them out here to avoid repeating them in response to each individual Request.  Responding Parties' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Parties object to the Requests to the extent that they seek disclosure of

information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.      Identify the reasons for each Transfer.

**ANSWER:**    Withdrawals were taken to pay applicable taxes on the reported short term capital gains in the account and for the living expenses of the Account Holder, Boyer Palmer.

2.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**    Responding Parties refuse to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information necessary to frame a complaint against subsequent transferees.

3.      Identify each deposit into the Account.

**ANSWER:**    Responding Parties are unable to do so.  The Account Holder, Boyer Palmer, did not keep records of deposits and withdrawals. To the extent that the Trustee has reliable third party documents proving a deposit or withdrawal (such as Madoff's bank records), Responding Parties will acknowledge that deposit or withdrawal. However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals.  Moreover, the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no competent evidence of any activity in the transferor accounts prior to December 1998.

4.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**    Frank DiPascali; Jodi Crupi; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee

to be seeking information necessary to frame a complaint against subsequent transferees.

5.    Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**    Responding Parties are unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.

6.    Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**    Withdrawals from the Account benefited the Account Holder, Boyer Palmer, and the taxing authorities.  To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.

7.    To the extent not already provided in Your responses to the preceding Interrogatories, state how Decedent used any money Decedent received from the Transfers.

**ANSWER:**    The Account Holder, Boyer Palmer, paid taxes on the reported short term capital gains in the Account.  The balance of the funds were used for the Account Holder's living expenses.

8.    Identify any and all banks and/or financial institutions where Decedent held accounts during the Applicable Period, including, but not limited to Associated Bank, Park National Bank, TCF Bank and First Bank, and for each account, give the account number,

the date the account was opened, and the date the account was closed.

**ANSWER:**    Responding Party is unable to do so.  To the extent the Trustee seeks
information concerning subsequent transfers, the Trustee has no right to any bank information and
seeks such information for the improper purpose of taking discovery to form a complaint against
subsequent transferees.

9.    Identify any instance when Decedent communicated to BLMIS any disagreement
with respect to the accuracy of the deposits and withdrawals reflected on BLMIS customer
statements relating to the Account.

**ANSWER:**    Responding Parties cannot recall.

10.    Regarding the sixteenth affirmative defense in Your Answer to the Complaint,
describe the factual basis for the claim that the "Defendant is entitled to setoff, recoupment,
and/or equitable adjustment because each year Defendant was required to pay taxes on
the fictitious profits reported on, among other things, IRS Form 1099 and other information
reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local
governmental taxing authorities," including, but not limited to, the amount paid in taxes on
reported fictitious profits, by year, the taxing authority to which they were paid and the amount
of the reported income from which the tax obligations arose.

**ANSWER:**    The defense concerning payment of short term capital gains taxes is based
upon Responding Parties' testimony as to the payment of the applicable tax rates for each year of
the Account and the reported income as reflected in Madoff's statements which are in the Trustee's
possession.

11,    Regarding the twentieth affirmative defense in Your Answer to the Complaint,
describe the factual basis for the claim that the "Trustee has fraudulently calculated Defendant's
liability by charging Defendant with withdrawals that the Trustee has no proof were taken,"

including, but not limited to, Identifying the withdrawals at issue by date and amount

**ANSWER:** This defense relates to inter-account transfers which the Trustee has disallowed without any factual basis and to all withdrawals for which the Trustee lacks reliable documentary evidence.

12. Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments alleged to be not properly credited, the amounts that should be credited and all Documents supporting this contention.

**ANSWER:** The Trustee has admitted that Madoff's records are permeated with fraud. Therefore they cannot possibly be reliable and/or admissible.

13. Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for the claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that alleged to have been legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting this contention.

**ANSWER:** Under the securities laws, the balance in the Account belonged to the Account Holder, Boyer Palmer, and Madoff was required to follow the Account Holder's instructions.

14. Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Decedent's claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying

the deposits that You contend were not properly credited by date and amount, the amounts that should be credited, and all Documents supporting this contention.

**ANSWER:**    The Trustee has discounted all inter-account transfers without any basis.

15.    Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, or Subsequent Transfers, including but not limited to, NTC & Co., LLP, Tim Murray, Associated Bank, Park National Bank, TCF Bank and First Bank, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person Identified, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:**    Frank DiPascali; Jodi Crupi; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information to form a complaint against subsequent transferees.

16.    To the extent not already provided in responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Decedent's possession, custody or control prior to his death.

**ANSWER:**    Responding Parties are not aware of any such documents.

17.    Identify whether Decedent or the Estate requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received.  In so doing, provide the date(s) when Decedent or the Estate applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:**   The Account Holder, Boyer Palmer, requested a refund and received a refund.  Documentation concerning the refund will be produced.

18.   Identify steps taken to preserve responsive Documents pursuant to the preservation letters sent to Decedent's or the Estate's counsel on February 14, 2011, July 21, 2014, and February 23, 2016.

**ANSWER:**   Responding Parties have not disposed of any documents since February 14, 2011.

19.   Identify all current and former personal representatives of the Estate.  For each Person so identified, identify the dates such Person served as personal representative, the amount of any fees received by such Person in connection with their service as a personal representative, and state whether such Person personally received any portion of any Transfers from the Account.

**ANSWER:**  Such documents are irrelevant to the issues in this case and it is unethical for the Trustee to be asking for them.

Dated: June 11, 2016

**CHAITMAN LLP**
By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

| | |
|---|---|
| In re: BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04826 (SMB) |
| Plaintiff, | |
| v. | VERIFICATION |
| ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer, | |
| Defendants. | |

I, BRUCE PALMER, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

June 11, 2016

*Bruce Palmer*

Bruce Palmer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04826 (SMB) |
| Plaintiff, | |
| v. | VERIFICATION |
| ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer, | |
| Defendants. | |

I, DIANE HOLMERS, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

June 11, 2016

Diane S. Holmers

Diane Holmers

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 13th day

of July, 2016 by electronic mail and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>  Plaintiff,<br><br>  v.<br><br>ESTATE OF BOYER PALMER, DIANE HOLMERS, in her capacity as Personal Representative of the Estate of Boyer Palmer, and BRUCE PALMER, in his capacity as Personal Representative of the Estate of Boyer Palmer,<br><br>  Defendants. | Adv. Pro. No. 10-04826 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANTS BRUCE PALMER, DIANE HOLMERS AND THE ESTATE OF BOYER PALMER TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION

Bruce Palmer and Diane Holmers, in their capacity as Personal Representatives of the Estate of Boyer Palmer ("Responding Parties"), by and through their attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby respond and object to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Parties object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Parties object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the  Trustee is not entitled.

3.      Responding Parties object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Parties object to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Parties.

5.      Responding Parties object to the Requests to the extent they call for legal conclusions.

6.      Responding Parties object to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Parties object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Parties.

8.      Responding Parties reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Parties specifically states otherwise.

9.      Responding Parties' responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Parties' right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Parties expressly reserve the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Parties' response to each of the Requests is made subject to these General Objections and limitations.  Responding Parties set them out here to avoid repeating them in response to each individual Request.  Responding Parties' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Parties object to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## **RESPONSES AND OBJECTIONS**

1.    Monthly Account statements.

**Response:**    Any such documents shall be produced.

2.    Communications between Decedent, and/or anyone acting on Decedent's behalf, and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:**    Any such documents shall be produced.

3.    Decedent's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts, including, but not limited to, accounts held at NTC & Co., Associated Bank, Park National Bank, TCF Bank, and First Bank, that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:**    Decedent, Boyer Palmer, did not maintain bank records.

4.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

**Response:**    The Trustee is not entitled to any such documents and it is unethical for him to ask for them.

5.    Documents sufficient to identify any money, property, and/or anything else of value provided by Decedent to BLMIS in exchange for any Initial Transfer.

**Response:**    Any such documents shall be produced.

6.    Documents sufficient to identify any money, property, and/or anything else of

value provided by any Person or entity to Decedent in exchange for any Subsequent Transfer.

**Response:**    The Trustee has no right to any such documents and it is unethical for him to ask for them.

7.    Documents supporting any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:**    Any such documents shall be produced.

8.    Documents supporting the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:**    Any such documents shall be produced.

9.    Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken."

**Response:**    Any such documents shall be produced.

10.    Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:**    Any such documents shall be produced.

11.    Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief

can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Mad

off to the Defendant."

**Response:**        Any such documents shall be produced.

12.        Documents supporting the thirty-seventh affirmative defense in Your Answer

to the Complaint, in which You contend "the withdrawals that the Trustee seeks to recover

were legally compelled under State and federal securities laws."

**Response:**        Any such documents shall be produced.

13.        Documents supporting the forty-sixth affirmative defense in Your Answer to

the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure

to properly credit Defendant with all of Defendant's deposits."

**Response:**        Any such documents shall be produced.

14.        Documents to be relied upon in connection with the defense of the claims asserted

in the Complaint.

**Response:**        Any such documents shall be produced.

15.        Documents Concerning any Transfers to Decedent.

**Response:**        Any such documents shall be produced.

16.        Documents Concerning any Subsequent Transfers.

**Response:**        The Trustee has no right to any such document and it is unethical for him to

ask for them.

17.        Documents concerning any deposits into the Account.

**Response:**        Any such documents shall be produced.

18.        Documents Concerning the Account or this Adversary Proceeding that You or

Decedent received from any other Person or entity, whether received in response to a subpoena

or otherwise.

**Response:**    Any such documents shall be produced.

19.    Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, accounts held at United National Bank or City National Bank of Florida, or by any other Person or entity that may have discoverable information.

**Response:**    Any such documents shall be produced in redacted format.

20.    Documents sufficient to Identify any refund(s) requested or received by You or Decedent of any state or federal taxes paid in connection with the Account.

**Response:**    Any such documents shall be produced.

21.    A copy of Decedent's entire probate file.

**Response:**  Such documents have no bearing on the issues in this case and the Trustee is not entitled to any of such documents.

22.    A copy of Decedent's Last Will and Testament, including any drafts, codicils, or prior versions.

**Response:**  See response to # 21.

23.    A copy of any state and/or federal tax filings related to Decedent and/or the Estate, including but not limited to any estate tax returns, income tax returns, and/or gift tax returns.

**Response:**  See response to # 21.

24.    All trust/will instruments of Decedent, including any amendments Concerning the Account and/or the Estate.

**Response:**  See response to # 21.

25.    A copy of any state and/or federal tax filings, including, but not limited to, estate tax returns, income tax returns, and/or gift tax returns, related to Decedent and/or the Estate.

**Response:**  See response to # 21.

26.    Documents Concerning any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**Response:**  See response to # 21.

27.    Documents Concerning all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a seller.

**Response:**  See response to # 21.

28.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the preceding Requests.

**Response:**  See response to # 21.

29.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the Trustee's Interrogatories.

**Response:**  See response to # 21.

30.    Documents identified, reviewed, prepared or consulted in preparing responses to discovery in this Adversary Proceeding.

**Response:**     Any such documents shall be produced.

31.    Documents exchanged between Decedent and NTC & Co., LLP.

**Response:**     Any such documents shall be produced.

32.    Documents Concerning any account of Decedent held at NTC & Co., LLP.

**Response:**     Any such documents shall be produced.

33.    Documents Concerning the status of any beneficiary of Decedent's Individual Retirement Account entitled NTC & Co, LLP FBO Boyer Palmer  (previously entitled Fiserv ISS & Company FBO Boyer Palmer and 1st Trust & Co. FBO: Boyer Palmer), Account Number 029547350001.

**Response:**  See response to # 21.

Dated: June 13, 2016

**CHAITMAN LLP**

By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 13th day

of July, 2016 by electronic mail and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*