**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Russell Dusek*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>         Plaintiff,<br><br>      v.<br><br>RUSSELL DUSEK,<br><br>         Defendant. | Adv. Pro. No. 10-04644 (SMB) |

{00021091 1}      1

# RESPONSES AND OBJECTIONS OF DEFENDANT RUSSELL DUSEK TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Russell Dusek ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.  Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.  Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.  Responding Party objects to the Requests to the extent they require

{00021091 1}    2

production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek

disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1. Identify the reasons for each Transfer.

**ANSWER:** Withdrawals were taken to pay applicable taxes on the reported short term capital gains in the Account and for the living expenses of the Responding Party.

2. Identify the reasons for each Subsequent Transfer.

**ANSWER:** Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information necessary to frame a complaint against subsequent transfers.

3. Identify each deposit into the Accounts.

**ANSWER:** Responding Party is unable to do so. Responding Party does not dispute the deposits and withdrawals listed on Exhibit B to the complaint with one exception: The Trustee has double-charged him for a January 6, 1994 withdrawal from Account 1ZR131 in the amount of $25,000.

4. Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:** Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information

5. Identify: (a) each Person or entity that ever received funds withdrawn from the Accounts, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:** Responding Party is unable to do so. To the extent this interrogatory

{00021091 1}    4

seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information to form a complaint against subsequent transferees.

6. Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:** Withdrawals from the Account benefited the Account Holder, Russell Dusek, and the taxing authorities. To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.

7. To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:** Responding Party paid taxes on the reported short term capital gains in the account and he paid taxes on the withdrawals from his IRA account. The balance of the funds were used for Responding Party's support.

8. Identify any and all banks and/or financial institutions, including, but not limited to, Citibank and Goldman Sachs, where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:** Responding Party admits the deposits and withdrawals reflected on Exhibit B to the complaint. Therefore, the Trustee has no right to any bank information.

9. Identify any instance when You communicated to BLMIS and/or NTC & Co., LLP any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

{00021091 1}                                    5

**ANSWER:** Responding Party cannot recall.

10. Identify any instance when You communicated to BLMIS and/ or NTC & Co., LLP any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:** See answer to #9.

11. Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.

**ANSWER:** Defendant was required to pay taxes on his IRA withdrawals and on his short term capital gains. Thus, the withdrawals were compelled by law to the extent the money was given to the taxing authorities.

12. Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:** This defense relates to inter-account transfers which the Trustee has disallowed without any factual basis and to all withdrawals for which the Trustee lacks reliable documentary evidence.

{00021091 1}    6

13. Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments you contend were not properly credited, the amounts you contend should be credited and all Documents supporting your contention.

**ANSWER:** This defense relates to inter-account transfers which the Trustee has disallowed without any factual basis and to all withdrawals for which the Trustee lacks reliable documentary evidence.

14. Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting your contention.

**ANSWER:** Under the securities laws, the balance in the Account belonged to the Account Holder, Russell Dusek, and Madoff was required to follow the Account Holder's instructions.

15. Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts you contend should be credited, and all Documents supporting your contention.

**ANSWER:** The Trustee has discounted all inter-account transfers without any basis.

{00021091 1 }    7

16.     Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, or Subsequent Transfers, including but not limited to Citibank, Goldman Sachs and NTC & Co., LLP, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:** Frank DiPascali; Jodi Crupi; Bernard L. Madoff and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking information to form a complaint against subsequent transferees.

17.     To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:** Responding Party is not aware of any such documents.

18.     Identify whether You requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Accounts and whether any refund was received. In so doing, provide the date(s) when You applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:** The Account Holder, Russell Dusek, received tax refunds, based on his theft loss, in the amount of $ 104,382.84 in 2009.

19.     Describe the circumstances of Your meeting with Bernard Madoff in December 1992 including Identifying the person(s) with whom you scheduled the meeting, persons present

{00021091 1 }                                  8

at the meeting, location of the meeting, topics discussed at the meeting, documents exchanged between You and Bernard Madoff or anyone else with BLMIS during the meeting, any notes You took at the meeting, any summaries You created about the meeting, and any correspondence between You and Bernard Madoff or anyone with BLMIS following up after the meeting.

**ANSWER:** The meeting was set up by Stephen J. Krass to introduce Russell Dusek to Madoff. Madoff described his trading strategy of buying puts and calls. Dusek has no notes of the meeting. The only attendees were Stephen J. Krass, Russell Dusek, and Madoff.

20. Identify steps You have taken to preserve Documents Concerning the Account pursuant to the preservation letters sent to Your counsel on July 30, 2014, and February 23, 2016.

**ANSWER:** Responding Party has not disposed of any documents since July 30, 2014.

June 27, 2016

        **CHAITMAN LLP**
        By: /s/ *Helen Davis Chaitman*
        465 Park Avenue
        New York, New York 10022
        Phone & Fax: 888-759-1114
        hchaitman@chaitmanllp.com

        *Attorneys for Defendant Russell Dusek*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

                    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                    Defendant.

No. 08-1789 (SMB)
SIPA LIQUIDATION
(Substantively Consolidated)

---

In re:
BERNARD L. MADOFF,

                    Debtor.

---

IRVING H. PICARD, Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff,

                    Plaintiff,

v.

RUSSELL DUSEK,

                    Defendant.

Adv. Pro. No. 10-04644 (SMB)

VERIFICATION

---

    I, RUSSELL DUSEK, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

June 27, 2016

                                                    *[signature]*
                                                  Russell Dusek

{N0047184 }                           1

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 28th day of June, 2016 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

    **CHAITMAN LLP**
    By: /s/ *Helen Davis Chaitman*
    465 Park Avenue
    New York, New York 10022
    Phone & Fax: 888-759-1114
    hchaitman@chaitmanllp.com

    *Attorneys for Defendant Russell Dusek*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Russell Dusek*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> RUSSELL DUSEK, <br><br> Defendant. | Adv. Pro. No. 10-04644 (SMB) |

{00021089 1}                                1

## RESPONSES AND OBJECTIONS OF DEFENDANT RUSSELL DUSEK TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION

Russell Dusek ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00021089 1}                                  2

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## **RESPONSES AND OBJECTIONS**

1. Monthly Account statements.

**Response:** Any such documents shall be produced.

2. Communications between You, or anyone acting on Your behalf, and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

**Response:** Any such documents shall be produced.

3. Your bank and/or brokerage account records, including but not limited to accounts held at or with NTC & Co. LLP, Citibank and Goldman Sachs, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:** Responding Party does not dispute the deposits and withdrawals shown on Exhibit B to the complaint. Therefore, the Trustee has no legitimate interest in bank records**.**

4. Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of any Subsequent Transfer.

**Response:** The Trustee is not entitled to any such documents and it is unethical for him to ask for them to form a complaint against subsequent transferees.

5. Documents sufficient to identify any money, property, and/or anything else of value provided by You to BLMIS in exchange for any Initial Transfer.

**Response:** Responding Party does not dispute the deposits and withdrawals shown on

Exhibit B to the complaint. Therefore, the Trustee has no legitimate interest in any such documents.

6. Documents sufficient to identify any money, property, and/or anything else of value provided by any Person or entity to You in exchange for any Subsequent Transfer.

**Response:** The Trustee has no right to any such document and it is unethical for him to ask for them to form a complaint against subsequent transferees.

7. Documents You contend support any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:** Any such documents shall be produced.

8. Documents You contend support the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:** Any such documents shall be produced.

9. Documents You contend support the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken."

**Response:** Defendant withdrawals this defense so long as the Trustee acknowledges that he double-charged Defendant for the $25,000 withdrawal on January 6, 1994. Therefore, Defendant is not obligated to produce any documents in response to this request.

{00021089 1}                                        5

10. Documents You contend support the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:** Defendant withdrawals this defense so long as the Trustee acknowledges that he double-charged Defendant for the $25,000 withdrawal on January 6, 1994. Therefore, Defendant is not obligated to produce any documents in response to this request.

11. Documents You contend support the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendant."

**Response:** Any such documents shall be produced.

12. Documents You contend support the thirty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response:** Documents sufficient to establish that Defendant paid taxes on the reported gains in his accounts will be produced.

13. Documents You contend support the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits."

**Response:** Defendant withdrawals this defense so long as the Trustee acknowledges that he double-charged Defendant for the $25,000 withdrawal on January 6, 1994. Therefore, Defendant is not obligated to produce any documents in response to this request.

14. Documents Concerning any Transfers to You.

**Response:** Therefore, the Trustee has no legitimate interest in such documents.

15. Documents Concerning any Subsequent Transfers to You or to any other Person.

**Response**: The Trustee has no right to any such documents and it is unethical for him to ask for them in order to form a complaint against subsequent transferees.

16. Documents Concerning any deposits into the Accounts.

**Response:** Given Defendant's acknowledgment of the accuracy of Exhibit B, with one exception, the Trustee has no need for any such documents.

17. Documents Concerning the Accounts or this Adversary Proceeding that You have received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

**Response:** Any such documents shall be produced.

18. Documents Concerning the Accounts that are maintained by any Person or entity, including, but not limited to, NTC &Co, LLP, Citibank or Goldman Sachs, or by any other Person or entity that may have discoverable information.

**Response:** Responding Party does not have such documents and, to the extent the Trustee seeks such documents to frame a claim against a subsequent transferee, the Trustee is not entitled to the documents. Moreover, given Responding Party's acknowledgement that Exhibit B to the complaint is accurate, the Trustee has no legitimate interest in any such documents.

19. Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Accounts.

**Response:** Defendant will produce evidence of the amounts he paid in capital gains on the reported profits in his accounts.

20. Documents Concerning Your December 1992 meeting with Bernard Madoff including, but not limited to, correspondence exchanged with Bernard Madoff or anyone else with BLMIS regarding the meeting, notes that you created about the meeting

{00021089 1}    7

and information learned at the meeting, documents You received at that meeting, and documents You exchanged with Bernard Madoff or anyone else with BLMIS at that meeting.

**Response:** Responding Party does not have any such documents, except for a BLMIS brochure.

21. Documents Concerning any account You held at NTC &Co., LLP.

**Response:** See response to #18.

22. Documents exchanged between You and NTC & Co., LLP.

**Response:** See response to #18.

23. Documents identified, reviewed, prepared or consulted by You, or anyone assisting You, in preparing responses to discovery in this Adversary Proceeding.

**Response:** See response to #18.

June 28, 2016

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Russell Dusek*

{00021089 1}    8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 28th day of June, 2016 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Russell Dusek*