# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 19, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Benjamin*, Adv. Pro. No. 10-04621 (SMB);
      *Picard v. DiGuilian*, Adv. Pro. No. 10-04728 (SMB);
      *Picard v. Train Klan, et al.*, Adv. Pro. No. 10-04905 (SMB)[1]

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. Pursuant to Local Bankruptcy rule 7007-1 and your Honor's Chambers Rules, we write to request[2] a conference with the Court and permission to move for an order under Federal Rule of Civil Procedure 37 to compel defense counsel in the adversary proceedings referenced above to: (1) produce documents responsive to the Trustee's discovery requests, including any documents in the possession, custody, or control of defendants that have been withheld and (2) provide the factual predicate on which each affirmative defense is based.

---

[1] For efficiency, we address three adversary proceedings in a single letter because many of Defendants' discovery objections and responses are nearly identical. We intend to rely on the Court's guidance in these three adversary proceedings to assist in resolving disputes in other adversary proceedings where attempts to confer with defense counsel have come to a standstill.

[2] For the reasons set forth in the Trustee's September 2, 2016 letter request for appointment of a discovery arbitrator, we respectfully request that the Court consider referring the adversary proceedings addressed in this letter to a discovery arbitrator. On September 19, 2016, counsel for the Trustee conferred with Ms. Chaitman regarding the appointment of a discovery arbitrator. She indicated that she understood our request to only apply to "bad faith" cases. When asked her position on the appointment of an arbitrator in the "good faith" cases, she stated that she is opposed.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

September 19, 2016
Page 2

The Trustee's counsel has sent numerous letters and emails to Ms. Chaitman (*see, e.g.*, Exs. A and B), and held a meet and confer on September 19 to resolve these issues, but all were unsuccessful in resolving the outstanding discovery issues.

I.  Failure to Provide Discovery Based on Purported Admissions

Similar to the strategy employed by Chaitman LLP to block the Trustee's Rule 45 subpoenas of defendants' bank records, defense counsel now seeks to evade discovery obligations by claiming that Defendants have conceded certain facts, which preclude further discovery. However, the discovery sought is allowed under Federal Rule of Civil Procedure ("Federal Rule") 26(b)(1) and, as with the Rule 45 subpoena disputes, the purported "admissions" obfuscate the true issues.

For example, in *Benjamin*, the Trustee asked Defendant to identify each deposit into his BLMIS accounts. Defendant responded:

> ANSWER: Responding Party is unable to do so. To the extent that the Trustee has reliable third party documents proving a deposit (such as Madoff's bank records), Responding Party will acknowledge that deposit. However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any deposits. Moreover, the Trustee has admitted he has no bank records prior to December 1998. Hence, he has no competent evidence of any activity in the account prior to December 1998. Responding Party notes that he deposited $900,000 on January 4, 2007 which offsets entirely the Trustee's claim.[3]

(Ex. C, Benjamin Responses and Objections to Trustee's Interrogatories, ¶ 4.) This response is evasive and meaningless. It states that Defendant is unable to identify the deposits to his BLMIS accounts, claims that the BLMIS books and records are unreliable, conditions the future possible acknowledgement of the deposits on the Trustee having documents that defense counsel deems "reliable," then concludes that the Trustee has no reliable records. Under Federal Rule 37(a)(3), Defendant has failed to respond.

More troubling is defense counsel's attempt to rely on this response to justify withholding discoverable documents from production, even where they are admittedly in Defendant's possession. For example, also in *Benjamin*, defense counsel informed the Trustee:

> The only documents Mr. Benjamin has that have not been produced are his bank records for the period from 2006 – 2008. However, since Mr. Benjamin has acknowledged the

---

[3] In fact, at a recent hearing involving Ms. Chaitman, the Court described similar discovery responses as "equivocal." (Transcript of Aug. 9, 2016, 11:16 ("The problem I have with the responses are they're equivocal.").)

September 19, 2016
Page 3

> accuracy of Exhibit B for the two –year period at issue in the case, <u>the bank records have no relevance.</u> We will be producing an expert affidavit dealing with the taxes he paid and the tax refunds he received. Therefore, the bank records have no relevance to any issues in this case and, of course, they are highly personal and confidential.

(Ex. D, Correspondence from Ms. Chaitman, Aug. 12, 2016 (emphasis added).)[4] Notwithstanding the Court's multiple previous rulings that the Trustee is entitled to bank and tax records, defense counsel refuses to produce tax records and improperly predicates this refusal on Defendant's purported admission as to the accuracy of Exhibit B to the Complaint.

Although defense counsel made limited productions in certain cases, she appears to have unilaterally decided that the Trustee is not entitled to certain categories of documents on even the most basic, non-controversial issues. For example, in *Train Klan, et al.*, in which a general partnership held the BLMIS account and functioned as an investment club, defense counsel refuses to produce documents relating to the partnership structure and ownership allocation. When asked to produce organization documents relating to the partnership, Defendants responded that "any such documents are irrelevant and will not be produced." (Ex. E, *Train Klan* Responses to Requests for Production of Documents, ¶ 1.) When asked to produce documents concerning distributions made by the partnership, Defendants again refused to comply and responded, "[a]ny such documents are irrelevant and it is unethical for the Trustee to be seeking such documents." (*Id.* at ¶ 2.)

II.    <u>Failure to Provide Factual Bases for Affirmative Defenses</u>

In each of the Answers in these adversary proceedings, the defendants assert a plethora of affirmative defenses, including:

> 16.    The Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities ("Affirmative Defense No. 16").

> 37.    The withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws. ("Affirmative Defense No. 37").

---

[4] Under Federal Rule of Civil Procedure 37(a)(3)(B), a party seeking discovery may move for an order compelling production where "a party fails to produce documents . . . as requested under Rule 34" and further states that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. Pro. 37(a)(3).

September 19, 2016
Page 4

(*DiGuilian*, Adv. Pro. No. 10-04728 (SMB), ECF No. 43.)[5]

      Defendants bear the burden for establishing the factual underpinnings of their affirmative defenses. Given that "[p]laintiffs are generally not in a position to know what information the opposing party might rely on to meet its burden of proof for affirmative defenses," Rule 26(a) of "addresses this problem by providing that even absent a discovery request, any party must produce documents that 'it may use to support its claims or defenses.'" *Fort Worth Employees' Retire. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 109 (S.D.N.Y. 2013) (holding that defendants are "clearly obligated to turn over documents supporting their defenses") (emphasis added). The Trustee has requested documents and information relating to the factual bases for these affirmative defenses numerous times, but Defendants' counsel has consistently failed to respond with any substantive information or documents.

      For example, when asked to describe the factual basis for Defendant's Affirmative Defense No. 16, regarding setoff for tax payments made and requesting the amount of the setoff sought, defense counsel responded:

> 11.    The defense concerning payment of capital gains taxes is based upon Responding Party's testimony as to the payment of taxes at the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

(Ex. F, *DiGuilian* Amended Answers to Interrogatories, ¶ 11) (emphasis added.) This response does not provide any substantive information about the capital gains, taxes paid, applicable tax rates, or the purported setoff at issue. Similarly, when asked for identification of the withdrawals and securities laws on which Affirmative Defense No. 37 is based, Defendant responded, "See answer to #11." (*Id.* at ¶ 14.) Again, the response does not substantively answer the request. Nevertheless, when asked for documents supporting these affirmative defenses, Mrs. DiGuilian responded, "[a]ny such documents shall be produced." (Ex. G, *DiGuilian* Amended Responses to Request for Production of Documents, ¶¶ 8, 12.) Despite this response and our repeated requests in *DiGuilian*, no documents responsive to these requests, or in support of any other affirmative defense, have been produced.

      Based on the foregoing, and under Local Bankruptcy Rule 7007-1(b), the Trustee believes that the Court's intervention is necessary to resolve these disputes and requests a conference with the Court.

---

[5] Chaitman LLP has not amended any of its clients' Answers to withdraw any affirmative defense and thus, each defense remains at issue and is discoverable, a position that Chaitman LLP itself has asserted. During oral argument in front of the District Court on its motion for leave to appeal the protective order in *Picard v. Dusek*, which was subsequently denied, Mr. Dexter argued: "The remedy that we are seeking is that we should be allowed to pursue discovery into this affirmative defense… Judge Bernstein has conflated or he's really manipulated a denial of a 12(b)(6) motion to dismiss into a *sua sponte* granting of a protective order that prevents discovery into an affirmative defense that remains in the case…" (Ex. H, Transcript of May 12, 2016 Hearing, 3:25-4:25, *Picard v. Dusek*, 16-CV-02806 (S.D.N.Y.).

September 19, 2016
Page 5

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Gregory Dexter (gdexter@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022