# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 2, 2016

Ferve E. Ozturk
direct dial: 212.589.4269
fozturk@bakerlaw.com

**VIA E-MAIL AND CERTIFIED MAIL**

Helen Chaitman
Chaitman LLP
465 Park Ave.
New York, NY 10020

Re:   *Picard v. Donald Benjamin*, Adv. Pro. No. 10-04621 (Bankr. S.D.N.Y.)

Dear Counsel:

I write to address certain objections and deficiencies in your client's Responses and Objections to the Trustee's First Set of Requests for Production of Documents ("Requests") and First Set of Interrogatories ("Interrogatories").

## General Objections

With respect to General Objection No. 6 regarding confidentiality: On June 6, 2011, the Bankruptcy Court entered a Litigation Protective Order governing the production of confidential documents. Therefore, confidential and proprietary information is protected.

With respect to General Objection No. 12 relating to the disclosure of information or production of documents for an irrelevant time period: The defined "Applicable Period" is relevant to a number of the issues raised in the Trustee's Complaint and Defendant's Answer, including (1) matters relating to Defendant's opening and management of his BLMIS Accounts, (2) the deposit and withdrawal history of the accounts, including the flow of transfers from BLMIS, (3) Defendant's affirmative defenses challenging the Trustee's evidence of those transfers and the accounts' deposit and withdrawal history, and (4) tax payments associated with fictitious profits earned from the BLMIS accounts.

## Specific Objections

Helen Chaitman
August 2, 2016
Page 2

Defendant objects, in part, to Interrogatory Nos. 3, 5, 6, and 7 and Request Nos. 4 and 7 on the basis that the request is unethical. This objection is not valid. No ethics rules or procedures have been violated. Withdraw the objection and respond to the Interrogatories.

In response to Interrogatory No. 9 and Request No. 8, Defendant objects that the Trustee is not entitled to the requested information and/or documents as he admits to or does not dispute the transfers on Exhibit B to the Complaint. The Trustee's right to conduct basic discovery regarding the claims and defenses asserted in this case is not dependent upon whether or not Defendant disputes transfers listed on Exhibit B to the Complaint. Additionally, Defendant's statements regarding the transfers do not indicate whether or not he received the Transfers at issue and, therefore, even under Defendant's incorrect interpretation of the Trustee's right to discovery, are insufficient to avoid other discovery on related issues. Withdraw the objection and respond to the Interrogatory and Request.

Defendant's responses to Interrogatory Nos. 2, 6 and 8 are incomplete as they fail to provide information regarding the amounts paid in taxes, the authorities to which the taxes were paid and the amount of the reported income on which his tax obligations are based. Defendant's responses to Interrogatory No. 4 are similarly incomplete in that they do not identify which of the withdrawals about which he contends the Trustee "has no competent evidence."

Defendant's responses to Interrogatory No. 12 are incomplete as he fails to provide information regarding his defense that the Trustee's claim is offset by a deposit in the amount of $900,000 made by Defendant on January 4, 2007.

Please withdraw these General and Specific Objections and confirm that Defendant is not withholding any documents responsive to Request Nos. 4, 7 and 8 from production subject to them by August 5, 2016. If you are unwilling to do so, we request a meet and confer on August 8, 2016, to discuss these matters.

**Document Production**

For each Request that provides that "[a]ny such documents shall be produced," please produce the documents by August 9, 2016 prior to the close of discovery on August 12, 2016.

**Confirm Responses**

Confirm that Defendant's response to Interrogatory No. 5 is complete and that there are no other people, specifically accountants and financial advisors, with knowledge about the claims and affirmative defenses. This includes people who communicated with BLMIS on Defendant's behalf, accountants who received duplicate copies of BLMIS correspondence and statements and other individuals or entities who prepared information about Defendant's tax payments.

We reserve the right to address additional concerns about Defendant's responses as discovery proceeds.

300416997.1

Helen Chaitman
August 2, 2016
Page 3


Should you have questions regarding any of the above, please feel free to call me, Tatiana Markel, or Keith Murphy at (212) 589-4200.

Sincerely,

*/s/ Ferve E. Ozturk*


Ferve E. Ozturk


cc:    Keith R. Murphy, Esq.
        Tatiana Markel, Esq.

300416997.1