**CHAITMAN LLP**
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>                    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                              Defendant. | No. 08 -01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                    v.<br><br>TRAIN KLAN, a Partnership; FELICE T. LONDA, in her capacity as a Partner in Train Klan; CLAUDIA HELMIG, in her capacity as a Partner in Train Klan; TIMOTHY LANDRES in his capacity as a Partner in Train Klan; JESSICA LONDA, in her capacity as a Partner in Train Klan; PETER LONDA, in his capacity as a Partner in Train Klan; TIMOTHY HELMIG, in his capacity as a Partner in Train Klan; and WENDY LANDRES; in her capacity as a Partner in Train Klan,<br>                              Defendants. | Adv. Pro. No. 10-04905 (SMB) |

**RESPONSES AND OBJECTIONS OF DEFENDANT TRAIN KLAN, A PARTNERSHIP,
TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Train Klan, a Partnership ("Responding Party"), by and through its attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

**GENERAL OBJECTIONS**

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.   Responding Party has not completed discovery.   Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.      Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.      Responding Party's response to each of the Requests is made subject to these General Objections and limitations.   Responding Party sets them out here to avoid repeating them in response to each individual Request.   Responding Party's failure to specifically

set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.     All organizational Documents relating to the Partnership and/or any entity that is affiliated with or otherwise related to the Partnership through common or affiliated management or otherwise, including, but not limited to, partnership agreements or any Document with an equivalent function, each as originally constituted and as amended or otherwise modified through the date of this response.

**Response:     Any such documents are irrelevant and will not be produced.**

2.     All Documents Concerning distributions made by the Partnership.

**Response:     Any such documents are irrelevant and it is unethical for the Trustee to be seeking such documents.**

3.     All Documents reflecting minutes of Partnership meetings, resolutions, agreements, policies, including but not limited to the Partnership's investment policies or Documents reflecting decisions relating to the investment of partnership assets, and any other Documents generated by the Partnership, or partners of the Partnership, Concerning the Account.

**Response:     Any such documents are irrelevant and will not be produced.**

4.     All Documents sufficient to show all general and limited, former and current, partners of the Partnership.

**Response:     The partners of the Partnership are named as defendants:  Felice T. Londa, Claudia Helmig, Timothy Landres, Jessica Londa, Peter Londa, Timothy**

Helmig, and Wendy Landres.  In all other respects, this interrogatory seeks information
which is not relevant to any of the issues in this case and will not be produced.

5.        Monthly Account statements.

**Response:      Any such documents shall be produced.**

6.        Communications between the Partnership, or anyone acting on the Partnership's
behalf, and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:      Any such documents shall be produced.**

7.        The Partnership's bank and/or brokerage account records, for the period between
and including December 11, 2006 and December 31, 2009, for any accounts, including but not
limited to accounts held at Crown Bank, that received Initial Transfers, including monthly
statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:      Responding Party does not dispute the deposits and withdrawals
shown on Exhibit B to the complaint.  Therefore, the Trustee has no legitimate interest in
bank records.**

8.        Documents and Communications sufficient to identify any Subsequent Transfer,
in whole or in part, of any Initial Transfer from the Account, including the amount, date, and
recipient of any Subsequent Transfer.

**Response:      The Trustee is not entitled to any such documents and it is unethical
for him to ask for them to form a complaint against subsequent transferees.**

9.        Documents sufficient to identify any money, property, and/or anything else of
value provided by the Partnership or any other Defendant to BLMIS and/or Madoff in exchange
for any Initial Transfer.

**Response:**    **Responding Party does not dispute the deposits and withdrawals shown on Exhibit B to the complaint.    Therefore, the Trustee has no legitimate interest in any such documents.**

10.    Documents sufficient to identify any money, property, and/or anything else of value provided by any Person or entity to the Partnership in exchange for any Subsequent Transfer.

**Response:**    **The Trustee has no right to any such documents and it is unethical for him to ask for them in order to form a complaint against subsequent transferees.**

11.    Documents and Communications Concerning the Partnership's formation.

**Response:**    **Any such documents are irrelevant.**

12.    Documents sufficient to show the purpose for creation and existence of the Partnership.

**Response:**    **Any such documents are irrelevant.**

13.    The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the Partnership's governance.

**Response:**    **Any such documents are irrelevant.**

14.    Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

**Response**:    **Any such documents shall be produced**.

15.    Documents You contend support the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were

required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response**:    **Defendant withdraws this defense.    Therefore Defendant is not obligated to produce any documents responsive to this request.**

16.    Documents You contend support the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken."

**Response**:    **Any such documents shall be produced.**

17.    Documents You contend support the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response**:    **Any such documents shall be produced.**

18.    Documents You contend support the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendants."

**Response**:    **Any such documents shall be produced**.

19.    Documents You contend support the thirty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response**:    **Defendant withdraws this defense.    Therefore Defendant is not obligated to produce any documents responsive to this request.**

20.    Documents You contend support the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits."

**Response**:    **Any such documents shall be produced.**

21.    Documents Concerning any Transfers to the Partnership.

**Response**:    **Any documents evidencing Transfers from Madoff to the Partnership shall be produced.**

22.    Documents Concerning any Transfers to partners of the Partnership.

**Response**:    **The Trustee has no right to any such document and it is unethical for him to ask for them in order to form a complaint against subsequent transferees.**

23.    Documents Concerning any Subsequent Transfers to any Person.

**Response:    See answer to #22.**

24.    Documents Concerning any deposits into the Account.

**Response:    Responding Party does not dispute the deposits and withdrawals shown on Exhibit B to the complaint.    Therefore, the Trustee has no legitimate interest in any such documents**

25.    Documents Concerning the Account or this Adversary Proceeding received from any other Person or entity, whether received in response to a subpoena or otherwise.

**Response**:    **Any such documents shall be produced**.

26.    Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, Crown Bank or Thomas Jacobs, C.P.A. of Jacobs, Cohen & Associates, or by any other Person or entity that may have discoverable information.

**Response:  Responding Party does not have such documents and, to the extent the Trustee seeks such documents to frame a claim against a subsequent transferee, the Trustee is not entitled to the documents.   Moreover, given Responding Party's acknowledgement that Exhibit B to the complaint is accurate, the Trustee has no legitimate interest in any such documents.**

27.     Documents sufficient to Identify any refund(s) requested or received by the Partnership of any state or federal taxes paid in connection with the Account.

**Response**:     **There are no such documents.**

28.     Documents identified, reviewed, prepared or consulted by You, or anyone assisting You, in preparing responses to discovery in this Adversary Proceeding.

**Response**:     **Any such documents shall be produced**.

July 15, 2016

> **CHAITMAN LLP**
> By: /s/  *Helen Davis Chaitman*
> 465 Park Avenue
> New York, New York 10022
> Phone & Fax: 888-759-1114
> hchaitman@chaitmanllp.com
>
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 15th day

of July, 2016 by electronic mail and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*