**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Patsy DiGiulian, as Executrix of the Estate of Bruno L. DiGiulian*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BRUNO L. DIGIULIAN,<br>　　　　　　Defendant. | Adv. Pro. No. 10-04728 (SMB) |

{00022714 1}

RECEIVED
AUG 30 2016
BAKER & HOSTETLER LLP

## AMENDED RESPONSES AND OBJECTIONS OF DEFENDANT BRUNO L. DIGIULIAN TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Patsy R. DiGiulian, as Executrix of the Estate of Bruno DiGiulian ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.  Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.  Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.  Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00022714 1 }

4. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

11. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

{00022714 1}

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1. Monthly Account statements.

**Response:** **Responding Party concedes to the accuracy of the deposits and withdrawals listed on Exhibit B to the complaint. Therefore, the Trustee has no legitimate interest in obtaining any such documents.**

2. Communications between You, or anyone acting on Your behalf, and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:** **See response to #1.**

3. Your bank and/or brokerage account records, including but not limited to accounts held at or with NTC & Co. LLP, Paine Webber and Bank Atlantic, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:** **Responding Party does not dispute the deposits and withdrawals listed in Exhibit B to the complaint. Therefore, the Trustee has no legitimate interest in bank records.**

4. Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

**Response:** **The Trustee is not entitled to any such documents and it is unethical for**

{00022714 1 }

**him to seek information necessary to frame a complaint against subsequent transferees.**

5.    Documents sufficient to identify any money, property, and/or anything else of value provided by You to BLMIS in exchange for any Initial Transfer.

**Response:    See response to #1.**

6.    Documents sufficient to identify any money, property, and/or anything else of value provided by any Person or entity to You in exchange for any Subsequent Transfer.

**Response:    The Trustee has no right to any such document and it is unethical for him to seek information necessary to frame a complaint against subsequent transferees.**

7.    Documents You contend support any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:    Any such documents shall be produced.**

8.    Documents You contend support the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:    Any such documents shall be produced.**

9.    Documents You contend support the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken."

{00022714 1 }

**Response:    Any such documents shall be produced.**

10.    Documents You contend support the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:    Any such documents shall be produced.**

11.    Documents You contend support the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendant."

**Response:    Any such documents shall be produced.**

12.    Documents You contend support the thirty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response:    Any such documents shall be produced.**

13.    Documents You contend support the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits.

**Response:    Any such documents shall be produced.**

14.    Documents Concerning any Transfers to You.

**Response:    See response to #1.**

15.    Documents Concerning any Subsequent Transfers to You or to any other Person.

**Response:    The Trustee has no right to any such documents and it is unethical for him to seek information necessary to frame a complaint against subsequent transferees.**

{00022714 1 }

16. Documents Concerning any deposits into the Account.

**Response:    See response to #1.**

17. Documents Concerning the Account or this Adversary Proceeding that You have received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

**Response:    See response to #1.**

18. Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, NTC &Co, LLP or Bank Atlantic, or by any other Person or entity that may have discoverable information.

**Response: See response to #1.**

19. Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Account.

**Response:    There are no such documents.**

20. Documents identified, reviewed, prepared or consulted by You, or anyone assisting You, in preparing responses to discovery in this Adversary Proceeding.

**Response:    Any such documents shall be produced.**

August 19, 2016

          **CHAITMAN LLP**
          By: /s/ *Helen Davis Chaitman*
          465 Park Avenue
          New York, New York 10022
          Phone & Fax: 888-759-1114
          hchaitman@chaitmanllp.com

          *Attorneys for Defendant Patsy DiGiulian, as Executrix of the Estate of Bruno L. DiGiulian*

{00022714 1 }

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on this 23rd day of August, 2016 by electronic mail and USPS First Class mail upon the following:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Patsy DiGiulian, as Executrix of the Estate of Bruno L. DiGiulian*

{00022714 1 }