# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

September 28, 2016

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    *Picard v. Perlman et al.*, Adv. Pro. No. 10-04541 (SMB)
             *Picard v. Gordon*, Adv. Pro. No. 10-04914 (SMB)
             *Picard v. Harwood*, Adv. Pro. No. 10-04818 (SMB)
             *Picard v. Estate of Boyer Palmer*, Adv. Pro. No. 10-04826 (SMB)
             *Picard v. Dusek*, Adv. Pro. No. 10-04644(SMB)
             *Picard v. DiGiulian*, Adv. Pro. No. 10-04728 (SMB)

Dear Judge Bernstein:

    I write on behalf of the defendants in the above-captioned actions to respond to the letter from Edward J. Jacobs dated September 19, 2016.

    First, the Trustee has not complied with his meet-and-confer obligations with respect to the issues raised in his two September 19, 2016 letters. I have attempted to discuss the issues, for example, with respect to the depositions that the Trustee seeks to take and the Trustee's counsel has not taken the time to discuss these issues with me in a meaningful way.

    Mr. Jacobs suggests that I had reached a negotiated agreement with his firm that discovery deadlines would be extended (for my benefit) in the above cases. That is not the case: The Trustee waited until discovery was close to ending to request depositions in some of these cases and, under the circumstances, I did agree to an extension of discovery. However, I never said I was waiving any objection to the depositions.

    Thereafter, I discussed the depositions with my clients and realized the difficulties that these depositions would impose, given my clients' age, health issues, and the fact that many of them had no personal knowledge of the accounts. I never said, for example, that I would not seek a protective order with respect to some of the depositions.

{00023831 1 }

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
September 28, 2016
Page 2

Of course, if these depositions were truly needed, I would understand. But the fact is that the Trustee does not need these depositions. For example, yesterday the Trustee deposed another client, Allen Meisels, in New Jersey. Mr. Meisels is a polio victim who has difficulty breathing. Fortunately, Ms. Carlisle was able to complete her questioning within two hours. However, there was not a single question that she asked him for which she needed his answer. In fact, he conceded in his discovery responses the accuracy of Exhibit B with one exception (as to the date of a withdrawal), which he explained in his discovery responses. He answered questions consistent with his written discovery responses. Thus, there was nothing the Trustee gained from the deposition.

The same would be true for the depositions in the above cases. Aside from the fact that the Trustee claims these are "strict liability" cases, in each of these cases (except the *Palmer* case) the defendants have conceded the accuracy of Exhibit B:

1. In *Picard v. Perlman*, there are three defendants who are siblings. Two are represented by me. One is represented by another firm. Between the three of them, they have conceded the accuracy of Exhibit B in their responses to the Trustee's interrogatories for the period from December 1, 2000 on.

2. In *Picard v. Gordon,* the account holder is dead and his widow, who lives in New Mexico, has been noticed for a deposition. Based on the records she found in her house, she conceded that Exhibit B is accurate. She has no personal knowledge about the account; she never handled anything related to the account; and there can be no possible purpose in making her appear for a deposition.

3. In *Picard v. Harwood,* this was Mrs. Harwood's account but it was handled entirely by her deceased husband, Lowell Harwood. Mrs. Harwood is in her 80's and she has conceded the accuracy of Exhibit B, based on documents she had in her possession. There is no purpose in subjecting her to a deposition.

4. In *Picard v. Dusek,* the Trustee is demanding to depose Mr. Dusek who is in his 80's and lives in Florida. He has conceded the accuracy of Exhibit B. Hence, again, there is no reason to depose him.

5. In *Picard v. DiGiulian,* Bruno DiGiulian, the account holder, is deceased. His widow is in her 80's, suffered a stroke, and lives in Florida. She never handled the account and knows nothing about it. She has conceded the accuracy of Exhibit B.

6. In *Picard v. Estate of Boyer Palmer,* we did not concede the accuracy of Exhibit B, but the Trustee is demanding the deposition of Bruce Palmer concerning the account of his father, Boyer Palmer. Bruce lives in Minnesota; had nothing to do with the account during his father's life time; and has no knowledge of the withdrawals from his father's account. It makes no sense to depose him.

{00023831 1 }

## CHAITMAN LLP

The Honorable Stuart M. Bernstein
September 28, 2016
Page 3

      If the Trustee believes the written responses to his discovery demands are inadequate, he can seek relief from the Court. The Federal Rules provide procedures for addressing perceived deficiencies with written discovery responses, but the Federal Rules expressly prohibit cumulative, duplicative, and unduly burdensome discovery. The proposed witnesses are not able to provide any additional information in their depositions.

      While it is true that, in cases where we have conceded the accuracy of Exhibit B, we have not produced the customers' account statements, the reason for that is there is no need for the account statements once the deposits and withdrawals are conceded. The Trustee has not indicated a single piece of relevant information on the account statements other than the indication of deposits and withdrawals.

      Finally, we have begun to serve accountants' declarations in each case establishing the amounts the defendants paid in taxes on their Madoff gains. In some instances, the accountants did not prepare and file the tax returns for every year of the Madoff account. Therefore, in some instances they have based their opinion on the defendants' representation that they paid taxes in each year. Madoff's own records establish the taxable gain in each year. The only factual issue is whether the defendants filed tax returns and paid taxes. Surely the Trustee does not need to force people in their 80's or are unwell to come in to testify that, yes, they paid their income taxes every year. Surely this is not something that the Trustee has any basis to dispute and we can represent that, at trial, the defendants will so testify.

      While I do not disagree that there are some cases in which depositions of the defendants might be necessary, the above cases are not among them.

      Respectfully submitted,

      */s/ Helen Davis Chaitman*

      Helen Davis Chaitman

HDC:leb

cc:    David J. Sheehan (dsheehan@bakerlaw.com)
        Edward J. Jacob (ejacobs@bakerlaw.com)

{000023831 1 }