# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

September 28, 2016

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

  Re: *Picard v. Benjamin*, Adv. Pro. No. 10-04621 (SMB);
     *Picard v. Train Klan, et al.*, Adv. Pro. No. 10-04905 (SMB)

Dear Judge Bernstein:

  I write with respect to the above matters in response to the September 19, 2016 letter from Edward Jacobs.

  First, Mr. Benjamin has conceded the accuracy of Exhibit B for the period from December 11, 2006 – December 11, 2008. Therefore, the Trustee has no legitimate reason to demand the production of Mr. Benjamin's bank records for this period. The Trustee is simply looking for evidence to frame a complaint against a subsequent transferee, and that is an illegal purpose. Given the constitutional privacy rights Mr. Benjamin has in his bank records, the Trustee's obvious attempts to obtain evidence to which he is not entitled, and the fact that the Trustee has subpoenaed Mr. Benjamin's bank records without his consent, there is no legitimate reason for the Trustee to be seeking Mr. Benjamin's bank records for the two-year period before the filing. As to any earlier period, Mr. Benjamin does not have the records and, again, the Trustee has subpoenaed them.

  As to Mr. Benjamin's tax records, as we explained, we will be producing a declaration from Mr. Benjamin's accountant and, if the Trustee seeks to take discovery of the accountant, and the Court permits it, whatever documents the accountant has will be produced.

  With respect to the defendants in the Train Klan case, they have conceded the accuracy of Exhibit B and they are not claiming any offset for taxes paid. Thus, the Trustee has no legitimate interest in any of their tax documents. Nor does he have a legitimate interest in the documents evidencing the respective ownership interests of the Train Klan investors. He wants that evidence to frame a complaint against subsequent transferees but it is illegal to take discovery to frame a complaint, as the Trustee has repeatedly argued with respect to the Picower Parties.

{00023833 1 }

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
September 28, 2016
Page 2

      With respect to the Trustee's complaint that defendants have not provided documentary support for their affirmative defenses, this is not true.  Most of the affirmative defenses are legal defenses, based upon facts that are within the Trustee's possession and control.  We have explained to the Trustee's counsel that we will be submitting accountants' declarations with respect to the taxes paid on fictitious income and any refunds received.  In any event, this Court has indicated on numerous occasions that it is defendants' burden to produce the evidence to support their affirmative defenses.  If they do not produce the evidence, they will not meet their burden of proof at trial.

      With respect to Affirmative Defense No. 37, there is no evidence responsive to the Trustee's discovery demand:  under federal law, beneficiaries of IRA accounts are required to withdraw a certain sum of money each year.  This is a matter of law which the Trustee's counsel can access as easily as defense counsel can access it.

      We have always been available to discuss with the Trustee any legitimate discovery issues his counsel raises.  We do not believe the issues that are raised in Mr. Jacobs' September 19, 2016 letter are asserted in good faith.

      Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb

cc:    David J. Sheehan (dsheehan@bakerlaw.com)
         Edward J. Jacob (ejacobs@bakerlaw.com)

{00023833 1 }