**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | (Substantively Consolidated) |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-05421 (SMB) |
| v. | |
| FRANK J. AVELLINO, et al., | |
| Defendants. | |

## TRUSTEE'S REPLY IN FURTHER SUPPORT OF
## MOTION TO REARGUE THE COURT'S ORDER
## GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ..........................................................................................................................4

    I.      THE BANKRUPTCY COURT HAD THE AUTHORITY TO ENTER
           THE SUBSTANTIVE CONSOLIDATION ORDER ............................................4

           A.     SIPA, the Protective Decree, the Bankruptcy Code and
                    Bankruptcy Law all Conferred the Bankruptcy Court with
                    Authority to Enter Its Order Substantively Consolidating the
                    Madoff Estate Into the SIPA Liquidation .....................................................4

           B.     The Bankruptcy Court Did Not Exceed Its Authority By
                    Specifying in the Substantive Consolidation Order that the SIPA
                    Trustee Was Authorized to Recover Customer Property
                    Fraudulently Transferred by Both BLMIS and Madoff..............................6

    II.     DEFENDANTS' ARGUMENT CONCERNING THE BANKRUPTCY
           COURT'S SUBSTANTIVE CONSOLIDATION ORDER
           OVERLOOKS THE DISTRICT COURT'S PROTECTIVE DECREE .................7

CONCLUSION........................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Augie/Restivo Baking Co., Ltd.*,
  860 F.2d 515 (2d Cir. 1988)..................................................................................4

*In re Bonham*,
  229 F.3d 750 (9th Cir. 2000) ................................................................................5

*In re Bernard L. Madoff*,
  Case No. 09-11893 (SMB) (Bankr.S.D.N.Y. April 13, 2009)..................................6

*In re Donahue Sec., Inc.*,
  Adv. Pro. No. 01-1027 (JPH) (Bankr. S.D. Ohio. Nov. 29, 2001)...........................5

*Henderson v. Metro. Bank & Trust Co.*,
  502 F. Supp. 2d 372 (S.D.N.Y. 2007)....................................................................2

*Hightower v. Nassau Cty. Sheriff's Dep't*,
  343 F. Supp. 2d 191 (E.D.N.Y. 2004) ...................................................................1

*Matter of Lewellyn*,
  26 B.R. 246 (Bankr. S.D. Iowa 1982).....................................................................5

*In re LLS Am., LLC*,
  No. 09-06194-PCW11, 2011 WL 4005447 (Bankr. E.D. Wash. Sept. 8, 2011) .......5

*In re Park South Sec., LLC*,
  Adv. Pro. No. 03-8024A(RDD) (Bankr.S.D.N.Y. Sept. 10, 2003) ...........................5

*Picard v. Avellino (In re Bernard L. Madoff Inv. Sec. LLC)*,
  Adv. Pro. No. 10-05421, 2016 WL 4040799 (SMB) (Bankr. S.D.N.Y. July 21,
  2016) ....................................................................................................................1

*Yaquinto v. Ward (In re Ward)*,
  Adv. Pro. No. 15-3037-BJH, 2016 WL 4691049 (Bankr. N.D. Tex. Sept. 7,
  2016) ....................................................................................................................5

## Statutes

11 U.S.C. § 105 ..........................................................................................................4

11 U.S.C. § 749(a) ...............................................................................................3, 6, 7

15 U.S.C. §§ 78aaa-*lll*...............................................................................................1

15 U.S.C. § 78eee(b)(4) ..............................................................................................4

15 U.S.C. § 78fff-2(c)(3) .........................................................................................6, 8

15 U.S.C. § 78fff(b) ........................................................................................................................4

**Rules**

Local Bankruptcy Rule 9023-1(a) .................................................................................................1

Irving H. Picard (the "Trustee" or "SIPA Trustee"), as trustee for the substantively

consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC

("BLMIS") and the estate of Bernard L. Madoff ("Madoff"), under the Securities Investor

Protection Act ("SIPA"),[1] 15 U.S.C. §§ 78aaa-*lll*, by and through his undersigned counsel,

respectfully submits this reply in further support of his Memorandum of Law in Support of his

Motion to Reargue the Court's Order Granting in Part and Denying in Part Motion to Dismiss

pursuant to Local Bankruptcy Rule 9023-1(a), (ECF No. 125) ("Motion to Reargue").[2]

## PRELIMINARY STATEMENT

The Motion to Reargue established that the Trustee meets the standard for reargument

because: (i) the July 21 Decision[3] overlooked that pursuant to the express provisions of SIPA, the

Protective Decree entered by the District Court created a SIPA liquidation proceeding and

appointed the SIPA Trustee with authority over the *business* Madoff operated as the broker-

dealer-member of SIPC; (ii) the July 21 Decision overlooked that the Substantive Consolidation

Order's *nunc pro tunc* effect and express provisions specifically provided the SIPA Trustee with

authority to recover customer property fraudulently transferred by both BLMIS and Madoff; and

(iii) reargument is warranted to prevent the inequitable treatment of the customers of the

consolidated estate.[4]

---

[1] References to SIPA sections hereinafter shall replace "15 U.S.C." with "SIPA."

[2] Unless otherwise described, capitalized terms shall have the same meaning given to them in the Motion to Reargue.

[3] *Picard v. Avellino (In re Bernard L. Madoff Inv. Sec. LLC)*, Adv. Pro. No. 10-05421, 2016 WL 4040799 (SMB) (Bankr. S.D.N.Y. July 21, 2016) (the "July 21 Decision").

[4] This last point is not, as Defendants assert, a new argument, but rather merely lays out the facts that demonstrate that the Trustee meets the standards governing motions to reargue. (Motion to Reargue at 4 and 15). Nonetheless, this Court can exercise its discretion to grant reargument to prevent manifest injustice, even if a new argument is raised. *Hightower v. Nassau Cty. Sheriff's Dep't*, 343 F. Supp. 2d 191, 193 (E.D.N.Y. 2004) ("[A] court has discretion to reconsider an issue not initially raised in order to correct a clear error or prevent manifest injustice.")

Notably, Defendants do not challenge the Trustee's point that the express language of paragraph 7 of the Substantive Consolidation Order specifically authorized the SIPA Trustee to recover customer property fraudulently conveyed by *both* BLMIS and Madoff.[5]  Instead, Defendants focus their energies on attacking the legitimacy of the entire Substantive Consolidation Order, asserting that the Bankruptcy Court did not have the authority to issue such an order conjoining Madoff as a debtor in the SIPA liquidation proceeding.[6]

Defendants essentially argue that in SIPA liquidation proceedings, the bankruptcy courts are without authority to enter orders substantively consolidating non-SIPA debtors with SIPA debtors, claiming that such an order would involve a bankruptcy court impermissibly attempting to modify the substance of an order by a "superior court"—in this case, the Protective Decree issued by the District Court.[7]  (Defendants' Opposition at 9).  But it has long been recognized that bankruptcy courts possess the power to substantively consolidate non-debtors into a debtor's bankruptcy estate.  And the express language of SIPA, the Protective Decree and the Bankruptcy Code all make clear that the Bankruptcy Court had this same authority and power in this

---

(citation and internal quotation marks omitted); *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 379 (S.D.N.Y. 2007) (granting reconsideration where a new argument was raised because it could "effect a manifest injustice") (internal quotation marks omitted).

[5] Paragraph 7 of the Substantive Consolidation Order states:

> All powers, rights, claims and interests of the SIPA Trustee and the BLMIS estate are expressly preserved, including without limitation all Chapter 5 and Chapter 7 powers, rights, claims and/or interests, and the SIPA Trustee is authorized to pursue claims on behalf of the consolidated estate as the representative of and fiduciary for the BLMIS SIPA Proceeding and as subrogee and assignee of creditors' claims for, among other things, the avoidance and recovery of transferred property.

[6] Memorandum of Law in Opposition to the Trustee's Motion to Reargue the Court's Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 129) ("Defendants' Opposition") at 6–9.

[7] Indeed, Defendants mistakenly state that the Court "ruled that subject matter jurisdiction was lacking." (Defendants' Opposition at 8).

2

proceeding to enter an Order substantively consolidating a non-SIPA debtor into a SIPA
liquidation proceeding.

Defendants more specifically challenge the Court's authority to enter paragraph 7 of the
Substantive Consolidation Order (Defendants' Opposition at 9), which expressly provided that
the SIPA Trustee was authorized to recover customer property that had been fraudulently
transferred by *both* BLMIS and Madoff.  But the Court's Order did not create or assign any
powers to recover "customer property" that the trustees did not already possess by Congressional
statute.  As set forth below, the SIPA Trustee had the power to pursue customer property
fraudulently conveyed by BLMIS pursuant to the Protective Decree and SIPA.[8]  And the Chapter
7 Trustee, Alan Nisselson, was authorized by Section 749 of the Stockbroker Liquidation
provisions of the Bankruptcy Code, 11 U.S.C. § 749(a), to recover "customer property"
fraudulently transferred by Madoff as a stockbroker.  Paragraph 7 of the Substantive
Consolidation Order merely specified that the SIPA Trustee should exercise those statutory
powers to recover customer property upon substantive consolidation of the Madoff estate into the
SIPA liquidation proceeding.

Finally, Defendants' entire attack on the Bankruptcy Court's jurisdiction and authority to
enter the Substantive Consolidation Order overlooks the fact that the SIPA Trustee's authority to
pursue customer property conveyed by BLMIS and Madoff flows from the Protective Decree
entered by the District Court—which created a SIPA liquidation proceeding and appointed Mr.
Picard as SIPA trustee for the "business" operated by Madoff as the broker-dealer member of
SIPC—regardless of the form that business may have taken.

---

[8] For all the reasons set forth in the Motion to Reargue, the SIPA Trustee had the power to recover customer
property fraudulently conveyed by both BLMIS and Madoff.  (Motion to Reargue at 5–8.)

## ARGUMENT

I.    **THE BANKRUPTCY COURT HAD THE AUTHORITY TO ENTER THE SUBSTANTIVE CONSOLIDATION ORDER**

A.    **SIPA, the Protective Decree, the Bankruptcy Code and Bankruptcy Law all Conferred the Bankruptcy Court with Authority to Enter Its Order Substantively Consolidating the Madoff Estate Into the SIPA Liquidation**

Pursuant to SIPA § 78eee(b)(4), upon the District Court's issuance of the Protective Decree, the liquidation proceeding was removed to this Court, which thereafter was deemed to possess all of the jurisdiction and powers of the District Court:

> Upon the issuance of a protective decree and appointment of a trustee, or a trustee and counsel, under this section, *the court shall forthwith order the removal* of the entire liquidation proceeding to the court of the United States in the same judicial district having jurisdiction over cases under title 11. The latter court shall thereupon have *all of the jurisdiction, powers, and duties conferred by this chapter upon the court* to which application for the issuance of the protective decree was made.[9]

Once removed to the Bankruptcy Court, SIPA liquidation proceedings are to be conducted pursuant to title 11 of the United States Code—the Bankruptcy Code.[10]  And it has long been recognized that under section 105 of the Code, the bankruptcy courts have the power to substantively consolidate debtor estates.  *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515, 518 n.1 (2d Cir. 1988).  Notably, courts have repeatedly recognized the bankruptcy court's authority to substantively consolidate non-debtor entities with debtors, and to issue such orders *nunc pro tunc* for the express purpose of retroactively extending a trustee's authority to recover

---

[9] SIPA § 78eee(b)(4) (emphasis added).

[10] SIPA § 78fff(b) provides that "[t]o the extent consistent with [SIPA], a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11."

fraudulent conveyances made by the former non-debtor entities.  *See In re Bonham*, 229 F.3d

750, 763–65 (9th Cir. 2000) and cases cited therein.

Contrary to Defendants' arguments, the fact that this is a SIPA liquidation proceeding

does not alter this Court's authority to enter orders of substantive consolidation.  This is

demonstrated by the decisions of several bankruptcy courts, which granted substantive

consolidation of non-SIPA debtors into SIPA liquidation proceedings.[11]  *Matter of Lewellyn*, 26

B.R. 246, 252–53 (Bankr. S.D. Iowa 1982) (ordering substantive consolidation of individual's

estate with SIPA debtor entity where the evidence showed that the principal totally disregarded

the corporate fictions and formalities); Order at ¶¶ 6, C, *In re Park South Sec., LLC*, Adv. Pro.

No. 03-8024A (RDD) (Bankr. S.D.N.Y. Sept. 10, 2003) (attached as Exhibit A to SIPC Ltr.,

Aug. 12, 2015 ("SIPC Letter"), ECF No. 103-1 (bankruptcy court substantively consolidated

SIPA debtor with non-SIPC debtor affiliate, where both entities were perpetrating a fraud); Order

at ¶¶ 2, B, *In re Donahue Sec., Inc.*, Adv. Pro. No. 01-1027 (JPH) (Bankr. S.D. Ohio. Nov. 29,

2001) (attached as Exhibit C to SIPC Letter, ECF No. 103-3) (bankruptcy court substantively

consolidated SIPA debtor with non-SIPC debtor, where both entities conducted the fraudulent

scheme).

Therefore, pursuant to SIPA and chapter 11, this Court had jurisdiction and authority

over the estates of the two debtors being liquidated before it: Madoff and BLMIS,[12] and the

express authority to exercise its equitable powers to enter the Substantive Consolidation Order

---

[11] To the extent that Defendants challenge the Bankruptcy Court's constitutional authority to enter orders of
substantive consolidation (Defendants' Opposition at 5 n.6), such arguments have been rejected by the courts.  *In re
LLS Am., LLC*, No. 09-06194-PCW11, 2011 WL 4005447, at *3 (Bankr. E.D. Wash. Sept. 8, 2011), *Yaquinto v.
Ward (In re Ward)*, Adv. Pro. No. 15-3037-BJH, 2016 WL 4691049, at *4 (Bankr. N.D. Tex. Sept. 7, 2016).

[12] Madoff was in fact a debtor already under the jurisdiction of this Court by virtue of the involuntary petition that
commenced the chapter 7 estate.

*nunc pro tunc* conjoining Madoff as a debtor in this SIPA liquidation proceeding.  (Motion to

Reargue at 9–12 (citations omitted)).  As a result of that Order, the SIPA Trustee is authorized

pursuant to SIPA § 78fff-2(c)(3) to recover customer property fraudulently transferred by both

BLMIS and Madoff.

### B.    The Bankruptcy Court Did Not Exceed Its Authority By Specifying in the Substantive Consolidation Order that the SIPA Trustee Was Authorized to Recover Customer Property Fraudulently Transferred by Both BLMIS and Madoff

Contrary to Defendants' arguments, the Court did not exceed its authority in paragraph 7

of the Substantive Consolidation Order by specifying that the SIPA Trustee has the authority to

recover customer property fraudulently transferred by both BLMIS and Madoff.  (Defendants'

Opposition at 7–9).  In fact, *both* trustees were already authorized by Congressional statutes to

recover "customer property;" and this Court's Substantive Consolidation Order merely clarified

that the SIPA Trustee should exercise those statutory powers upon substantive consolidation.

SIPA § 78fff-2(c)(3) fully authorizes the SIPA Trustee to recover fraudulent transfers of

customer property made by BLMIS.  At the same time, Section 749 of the Bankruptcy Code—

the Stockbroker Liquidation provisions of chapter 7—authorized the Chapter 7 Trustee, Alan

Nisselson, to recover voidable transfers of "customer property" fraudulently conveyed by

Madoff as a stockbroker.  11 U.S.C. § 749(a) ("[A]ny transfer of property that, but for such

transfer, would have been customer property, may be avoided by the [chapter 7] trustee . . . .").[13]

As previously noted in the Motion to Reargue, the parties and the Court anticipated the

potential for overlapping claims to recover fraudulent transfers of customer property that were

---

[13] In the involuntary petition commencing Madoff's chapter 7 proceeding, in the "Nature of Business" section on page 1, "Stockbroker" is checked.  Involuntary Petition at 1, *In re Bernard L. Madoff*, Case No. 09-11893(SMB) (Bankr.S.D.N.Y. Apr. 13, 2009), ECF No.1.

made by both BLMIS and Madoff.  (Motion to Reargue at 13).  Thus, paragraph 7 of the

Substantive Consolidation Order specified that, upon substantive consolidation, the SIPA Trustee

was authorized to recover customer property fraudulently transferred by both BLMIS and

Madoff.  (Motion to Reargue at 13).  As this provision was not attempting to authorize statutory

powers that the trustees did not already possess under SIPA and the Bankruptcy Code, paragraph

7 of the Substantive Consolidation Order was a valid exercise of this Court's substantive

consolidation powers.

Assuming, *arguendo*, that the Court were to nevertheless conclude that it did not have the

authority in the Substantive Consolidation Order to authorize the SIPA Trustee to recover

customer property fraudulently transferred by Madoff's business while it was operated as a sole

proprietorship and that only the Chapter 7 Trustee has that authority under Section 749 of the

Code, the SIPA Trustee respectfully reiterates his request for leave to amend the pleadings

formally to add the Chapter 7 Trustee as a plaintiff.  (*See* Fokas Ltr. at 6 n.6, Aug. 12, 2015, ECF

No. 102 (citations omitted)).

## II.   DEFENDANTS' ARGUMENT CONCERNING THE BANKRUPTCY COURT'S SUBSTANTIVE CONSOLIDATION ORDER OVERLOOKS THE DISTRICT COURT'S PROTECTIVE DECREE

Defendants' entire argument concerning the Bankruptcy Court's jurisdiction and

authority to enter the Substantive Consolidation Order (Defendants' Opposition at 7-9) overlooks

the fact that the SIPA Trustee's authority to pursue customer property fraudulently transferred by

BLMIS and Madoff flows from the Protective Decree entered by the District Court.

As noted in the Motion to Reargue, at all times, there was only one registered broker-

dealer "member" of SIPC that Madoff operated, and it was this "member" for which SIPC filed

an application for a protective decree.  (Motion to Reargue at 5).  The Protective Decree issued

by the District Court specifically appointed Mr. Picard the SIPA Trustee for the "business"

operated by that broker-dealer member of SIPC—and unlike the Bankruptcy Code's provisions concerning "debtors," SIPA's express provisions concerning debtors look solely to the "member," not what business form that SIPC member may have taken over time.  (Motion to Reargue at 5–8).

Accordingly, pursuant to the Protective Decree and SIPA §78fff-2(c)(3), the SIPA Trustee has the authority to recover fraudulent transfers of customer property made by Madoff's broker-dealer business, when it was organized as a limited liability company and when it was organized as a sole proprietorship.

## CONCLUSION

For the reasons set forth above and in the Motion to Reargue, the Trustee respectfully

requests that the Court grant the Motion to Reargue.

Date:  October 3, 2016
      New York, New York

By: */s/ David J. Sheehan*

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jimmy Fokas
Email: jfokas@bakerlaw.com
Kathryn M. Zunno
Email: kzunno@bakerlaw.com
Regina L. Griffin
Email: rgriffin@bakerlaw.com
Esterina Giuliani
Email: egiuliani@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the estate of Bernard L. Madoff*