# CHAITMAN LLP

**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

October 5, 2016

**VIA ECF AND EMAIL**
Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    *Picard v. Tavlin*, Adv. Pro. No. 10-05312 (SMB)

Dear Judge Bernstein:

    We represent the Doron Tavlin Trust and Doron Tavlin as Trustee of the Doron Tavlin Trust. We write pursuant to Local Rule 7007-1 and your Honor's Chambers' Rules to request a pre-motion conference with respect to a motion for summary judgment we would like to file seeking dismissal of the complaint.

    In this case, the Trustee seeks to recover the sum of $489,272 which constituted one check from Bernard L. Madoff Investment Securities LLC ("BLMIS") dated January 26, 2007. While this check was charged to the account of Doron Tavlin Trust, it was not payable to the account holder and the funds were never received by the account holder or by the Trustee of the account holder. Rather, the check was payable to Snow Becker Krauss P.C. and deposited into the firm's escrow account. See Exhibit A hereto. As you can see from Exhibit B to the complaint, (Exhibit B hereto), not one penny of the funds was ever deposited into the Doron Tavlin Trust account. Rather, Doron Tavlin, Trustee, was informed by the law firm of Snow Becker Krauss P.C. that a check for that precise amount was sent to the Internal Revenue Service for payment of taxes on the fictitious profits in the account. The Trustee subpoenaed the bank used by Snow Becker Krauss P.C., Sterling National Bank, on August 2, 2016 and we assume the Trustee has received documents responsive to that subpoena, which would establish whether Snow Becker Krauss P.C. paid $489,272 to the Internal Revenue Service. To date the Trustee has not provided us with any documents produced by Sterling National Bank. But, in any event, we believe our clients are entitled to summary judgment dismissing the complaint because neither the Trust, as account holder, nor the Trustee, ever received the funds paid by BLMIS.

                Respectfully submitted,

                */s/ Helen Davis Chaitman*

                Helen Davis Chaitman

HDC:leb
Encls.

cc:    David J. Sheehan (dsheehan@bakerlaw.com)

{00024058 2 }