# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

October 6, 2016

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Perlman et al.*, Adv. Pro. No. 10-04541 (SMB)
      *Picard v. Gordon*, Adv. Pro. No. 10-04914 (SMB)
      *Picard v. Harwood*, Adv. Pro. No. 10-04818 (SMB)
      *Picard v. Estate of Palmer*, Adv. Pro. No. 10-04826 (SMB)
      *Picard v. Dusek*, Adv. Pro. No. 10-04644(SMB)
      *Picard v. DiGuilian*, Adv. Pro. No. 10-04728 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write in response to Defendants' September 28, 2016 letter concerning my September 19, 2016 letter.

A deposition may be used to learn about and preserve sworn testimony before trial for use in court.  The Trustee has the right to preserve these parties' testimony <u>without leave of court</u> except as provided in Rule 30(a)(2).  *See* Fed. R. Civ. P. 30(a)(1).  None of the exceptions 1n Rule 30(a)(2) apply because:  (i) in each adversary proceeding, this is the first deposition (10 depositions are allowed); (ii) none of the Defendants has been previously deposed; and (iii) each deposition is sought following the Rule 26(d) conference.  Fed. R. Civ. P 30(a)(2).  Depositions are a basic form of discovery, to which every party is entitled in the ordinary course of litigation. It is not an extraordinary tool, and every party has the right to employ a deposition to test the claims and defenses at issue in the litigation. Defendants do not have the right to preclude a deposition because their counsel has unilaterally decided that the Trustee has enough information

October 6, 2016
Page 2

to go to trial.  The Trustee has the right to assess his case and prepare for trial.  Preserving witnesses' testimony is fundamental to that process.

In any event, Ms. Chaitman's claim that the Trustee waited to request depositions until the end of discovery is wrong.  Depositions were requested well in advance.  Between June 2, 2016 and July 26, 2016, the Trustee sent letters seeking deposition dates.[1]  Ms. Chaitman ignored those letters and requests.  Thereafter, the Trustee repeatedly contacted Defense counsel for dates, and in fact Chaitman LLP provided dates for Mr. Dusek and Ms. DiGiulian.  Counsel's assertion that she never said she was waiving objections or would not file a protective order is inconsistent with her actions.

Contrary to Ms. Chaitman's characterization, Mr. Meisels' September 27, 2016 deposition in Adversary Proceeding No. 10-04428, demonstrates the <u>necessity</u> to preserve testimony in these adversary proceedings.  Mr. Meisels' testimony contradicted his verified interrogatories and confirmed, for the most part, that no reasonable inquiry was made into the accuracy of the responses. *See* Federal Rule of Civil Procedure 26(g).  For example, Mr. Meisels asserts an affirmative defense that he is entitled to setoff, recoupment and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits.[2]  In his discovery responses, he claimed he paid taxes on income reported by BLMIS and that redacted tax records in support of the affirmative defense would be produced.[3]  During his deposition, Mr. Meisels testified that he <u>never paid any taxes on BLMIS income</u>.  Without his deposition, this contradictory testimony would not have been learned until trial.  In Mr. Meisels' deposition, we also learned that no effort had been made to collect or retain records, in contradiction to his obligations under the rules and our document retention letters sent shortly after his counsel's first appearance in the litigation.

Defendants' "concessions" as to the accuracy of Exhibit B to the Trustee's Complaints are equivocal and inconsistent with other discovery responses.  The Trustee is not required to rely on such purported "concessions."  The Trustee is entitled to obtain pretrial testimony under Rule 30(1)(a). We request that the Court (i) deny Defendants' request for a protective order, (ii) require Ms. DiGiulian and Mr. Dusek to appear on the dates previously provided and (iii) require defense counsel to provide dates for the remaining Defendants within 10 business days.

---

[1] June 2, 2016 letter (Adv. Pro. No. 10-04728), June 29, 2016 letters (Adv. Pro. Nos. 10-04541 and 10-04818) and July 26, 2016 letters (Adv. Pro. Nos. 10-04914, 10-04826, and 10-04644), attached as Exs. A through F.
[2] Adv. Pro. No. 10-04428, Defendant's Answer, Docket No. 45, Affirmative Defense No. 16.
[3] Responses of Allen Meisels to Trustee's First Set of Interrogatories, Response No. 10(d) "The defense concerning the benefit to the taxing authorities is based upon the amounts Defendant paid to the taxing authorities on his reports [sic] gains;" Response No. 12 "Responding Party is entitled to a credit for all sums paid to taxing authorities because they were the sole beneficiaries of such amounts;" and Response No. 19, when asked if he had requested a refund of any state or federal taxes paid in connection with the Account, Mr. Meisels responded, "[n]ot yet." Responses of Allen Meisels to Trustee's First Set of Requests for Production, Response No. 10 "[r]edacted tax records will be produced showing the amount paid to taxing authorities based on BLMIS' reported fictitious profits."

October 6, 2016
Page 3

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc: Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Gregory Dexter (gdexter@chaitmanllp.com)
    Jennifer Allim (jallim@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022