# EXHIBIT A

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

June 2, 2016

**VIA EMAIL AND CERTIFIED MAIL**

Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:   Adv. Pro. No. 10-04728 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Bruno L. DiGiulian*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Helen:

I write to address certain objections and deficiencies in your client's Responses and Objections to the Trustee's First Set of Requests for Production of Documents ("Requests") and First Set of Interrogatories ("Interrogatories").

**Deficiencies in Defendant's Discovery Responses**

Please have your client verify her Interrogatory responses. Failure to do so is, in effect, a failure to answer. *Int'l Mining Co., Inc. v. Allen & Co., Inc.*, 567 F. Supp. 777, 786 (S.D.N.Y. 1983).

**General Objections**

With respect to General Objection Nos. 6 and 7 regarding confidentiality: On June 6, 2011 the Bankruptcy Court entered a Litigation Protective Order ("LPO") governing the production of confidential documents. Therefore, confidential and proprietary information is protected.

With respect to General Objection No. 12 relating to the disclosure of information or production of documents for an irrelevant time period: The defined "Applicable Period" is relevant to a number of issues raised in the Trustee's Complaint and Defendant's Answer, including (1) matters relating to Defendant's opening and management of the BLMIS account, (2) the deposit and withdrawal history of the account, including the flow of

Helen Davis Chaitman
June 2, 2016
Page 2

transfers from BLMIS, (3) Defendant's affirmative defenses challenging the Trustee's evidence of those transfers and the account's deposit and withdrawal history, and (4) tax payments and refunds associated with fictitious profits earned from the BLMIS account.

**Specific Objections**

You object to Interrogatory No. 8 on the basis that the Trustee has no right to banking information beyond the two year period and "seeks such information for the improper purpose of taking discovery as to subsequent transferees." This objection is not valid. No ethics rules or procedures have been violated and discovery is not limited to the Transfers in the two-year period. For this same reason, your client's objection that the Trustee is not entitled to documents from Bank Atlantic in response to Request No. 18 is invalid. Withdraw the objections and respond to the Interrogatory.

Ms. DiGiulian's objection to Request No. 3 is not valid. Ms. DiGiulian suggests she will redact documents prior to production for reasons other than privilege. Judge Bernstein has rejected requests to redact productions, noting that redactions "breed suspicion and may deprive the reader of context." *See* Transcript of March 23, 2016 Omnibus Hearing in Adv. Case. No. 08-01789, page 61. Judge Bernstein stated that redactions will only be permitted to protect privilege. *Id.*

Please withdraw these General and Specific Objections and confirm that your client is not withholding any documents from production subject to them by June 10, 2016. If you are unwilling to do so, we request a meet and confer on June 13, 2016.

**Document Production**

For each Request or Interrogatory response that says "[a]ny such documents shall be produced," please produce the documents by June 10, 2016.

Also produce documents sufficient to verify the response to Interrogatory No. 7, which states that Bruno DiGiulian paid taxes on the reported short term capital gains in his BLMIS account and which further states that the balance of the funds were used to support Bruno DiGiulian.

Finally, please amend your client's Interrogatory responses to specifically identify the referenced "Account Holder." Please also identify the specific person referenced in response to Interrogatory 7 as simply "DiGiulian."

**Confirm Responses**

Confirm that Ms. DiGiulian's responses to Interrogatory Nos. 4 and 16 are complete and that there are no other people, specifically accountants or financial advisors, with knowledge about the claims and affirmative defenses. This includes people who communicated with BLMIS on behalf of Bruno DiGiulian, accountants who received duplicate copies of BLMIS

Helen Davis Chaitman
June 2, 2016
Page 3

correspondence and statements, and others who prepared information about Defendant's tax payments and refunds.

Similarly, your client's responses to Interrogatory Nos. 8 and 14 are incomplete. For Interrogatory No. 8, please provide a complete response and specifically name each relevant bank and/or financial institution where Mr. DiGiulian held an account during the Applicable Period, provide the account number for each account, and give the dates on which each account was opened and closed. For Interrogatory No. 14, please identify by date and amount the withdrawals you contend were legally compelled, and the specific law, statute, regulation, or other legal provision under which each was compelled.

**Dates for Deposition**

Discovery closes on August 11, 2016. Please provide dates during the weeks of July 11-29 when Patsy DiGiulian is available to be deposed.

We reserve the right to address additional concerns about Ms. DiGiulian's responses as discovery proceeds.

If you have questions, call me, Marie Carlisle or Rachel M. Smith at (713) 751-1600.

Sincerely,

Dean D. Hunt
Of Baker & Hostetler, LLP