# EXHIBIT B

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

June 29, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA EMAIL AND CERTIFIED MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

**VIA EMAIL**
Jennifer Allim (jallim@chaitmanllp.com)

Re:   Adv. Pro. No. 10-04541 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Kenneth Perlman, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

I write to address certain objections and deficiencies in your clients' Responses and Objections to the Trustee's First Set of Requests for Production of Documents ("Requests") and First Set of Interrogatories ("Interrogatories").

**General Objections**

With respect to General Objection No. 6 regarding confidentiality: On June 6, 2011 the Bankruptcy Court entered a Litigation Protective Order ("LPO") governing the production of confidential documents. Therefore, confidential and proprietary information is protected.

With respect to General Objection No. 12 relating to the disclosure of information or production of documents for an irrelevant time period: The defined "Applicable Period" is relevant to a number of the issues raised in the Trustee's Complaint and Defendant's Answer, including (1) matters relating to Defendant's opening and management of his BLMIS Account, (2) the deposit and withdrawal history of the account, including the flow of transfers from BLMIS, (3) Defendant's affirmative defenses challenging the Trustee's evidence of those transfers and the account's deposit and withdrawal history,

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Helen Davis Chaitman
Jennifer Allim
June 29, 2016
Page 2

and (4) tax payments and refunds associated with fictitious profits earned from the BLMIS account.

**Specific Objections**

Defendants' object, in part, to Interrogatory Nos. 3, 5, 6, 7, 9, and 19 and Request Nos. 4 and 6 on the basis that the request is unethical. This objection is not valid. No ethics rules or procedures have been violated. Withdraw the objection and respond to the Interrogatory.

Defendants' responses to Interrogatory No. 7 are incomplete. In their responses to Interrogatory No. 8, both state that the Defendants shared management responsibilities; therefore, each should have some information regarding how the account was managed, who among the Defendants received checks and how funds were distributed among the Defendants.

In response to Interrogatory Nos. 11 and Request No. 3, Defendants object that the Trustee is not entitled to the requested information and/or documents as they admit to a portion, but not all of, of the transfers on Exhibit B to the Complaint. The Trustee's right to conduct basic discovery regarding the claims and defenses asserted in this case is not dependent upon whether or not Defendants dispute transfers listed on Exhibit B to the Complaint. Additionally, Defendants' statements regarding the transfers do not indicate whether or not either received the Transfers at issue and, therefore, even under Defendants' incorrect interpretation of the Trustee's right to discovery, are insufficient to avoid other discovery on related issues. Withdraw the objection and respond to the Interrogatory and Requests.

Defendants' objections to Request No. 3 are not valid. Defendants suggest they will redact documents prior to production for reasons other than privilege. Judge Bernstein has rejected requests to redact productions, noting that redactions "breed suspicion and may deprive the reader of context." *See* Transcript of March 23, 2016 Omnibus Hearing in Adv. Case. No. 08-01789, page 61. Judge Bernstein stated that redactions will only be permitted to protect privilege. *Id.*

Defendants' responses to Interrogatory No. 14 are incomplete as they fail to provide information regarding the amounts paid in taxes, the authorities to which the taxes were paid and the amount of the reported income on which her tax obligations are based. Defendants' responses to Interrogatory No. 15 are similarly incomplete in that they do not identify which of the withdrawals about which they contends "the Trustee lacks reliable documentary evidence." Defendants' responses to Interrogatory No. 17 ae also incomplete in that they fails to identify which "securities laws" are at issue, which transfers were legally compelled, and any documents that support their contention. It is also unclear how being required to follow the Account Holder's instructions makes a transfer "legally compelled under State and federal securities laws." Defendants' responses to Interrogatory No. 21 confirm that each received a refund but simply states

Helen Davis Chaitman
Jennifer Allim
June 29, 2016
Page 3

that "information will be provided to the Trustee." Please amend these interrogatory responses to include this information or confirm that Defendant has no such documents.

Please withdraw these General and Specific Objections and confirm that Defendant is not withholding any documents responsive to Request Nos. 3, 4, or 6 from production subject to them by July 11, 2016. If you are unwilling to do so, we request a meet and confer on July 13, 2016, to discuss these matters.

### Document Production

For each Request or Interrogatory response that says "[a]ny such documents shall be produced," please produce the documents by July 13, 2016.

### Confirm Responses

Confirm that Defendants' responses to Interrogatory Nos. 5 and 19 are complete and that there are no other people, specifically accountants and financial advisors, with knowledge about the claims and affirmative defenses. This includes people who communicated with BLMIS on their behalf, accountants who received duplicate copies of BLMIS correspondence and statements and other individuals or entities who prepared information about Defendants' tax payments and refunds.

### Dates for Deposition

Discovery closes on August 15, 2016. Please provide dates between July 25, 2016 and August 15, 2016 when Defendants are available to be deposed.

We reserve the right to address additional concerns about Defendants' responses as discovery proceeds.

Should you have questions regarding any of the above, please feel free to call me, Marie Carlisle or Rachel M. Smith at (713) 751-1600.

Sincerely,

*Dean D. Hunt w/pn*

Dean D. Hunt
Of Baker & Hostetler, LLP