# EXHIBIT C

# BakerHostetler

**Baker&Hostetler LLP**

811 Main Street
Suite 1100
Houston, TX  77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial:  713.646.1346
dhunt@bakerlaw.com

June 29, 2016

**VIA EMAIL AND CERTIFIED MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

**VIA EMAIL**
Jennifer Allim (jallim@chaitmanllp.com)

Re:  Adv. Pro. No. 10-04818 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Toby Harwood*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

I write to address certain objections and deficiencies in your client's Responses and Objections to the Trustee's First Set of Requests for Production of Documents ("Requests") and First Set of Interrogatories ("Interrogatories").

**General Objections**

With respect to General Objection No. 6 regarding confidentiality: On June 6, 2011 the Bankruptcy Court entered a Litigation Protective Order ("LPO") governing the production of confidential documents.  Therefore, confidential and proprietary information is protected.

With respect to General Objection No. 12 relating to the disclosure of information or production of documents for an irrelevant time period: The defined "Applicable Period" is relevant to a number of the issues raised in the Trustee's Complaint and Defendant's Answer, including (1) matters relating to Defendant's opening and management of his BLMIS Account, (2) the deposit and withdrawal history of the account, including the flow of transfers from BLMIS, (3) Defendant's affirmative defenses challenging the Trustee's evidence of those transfers and the account's deposit and withdrawal history,

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver*
*Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

Helen Davis Chaitman
Jennifer Allim
June 29, 2016
Page 2

and (4) tax payments and refunds associated with fictitious profits earned from the BLMIS account.

**Specific Objections**

You object, in part, to Interrogatory Nos. 2, 4, 5, 6 and 16 on the basis that the requests are unethical. This objection is not valid. No ethics rules or procedures have been violated. Withdraw the objection and respond to the Interrogatories.

In response to Interrogatory Nos. 3 and 8 and Request Nos. 3, 5, and 15, Defendant objects that the Trustee is not entitled to the requested information and/or documents as she does not dispute the transfers, other than inter-account transfers, on Exhibit B to the Complaint. The Trustee's right to conduct basic discovery regarding the claims and defenses asserted in this adversary proceeding is not dependent upon whether or not Defendant disputes transfers listed on Exhibit B to the Complaint.

Additionally, in response to Request No. 19, Defendant "acknowledge[s] that Exhibit B to the Complaint is accurate." This differs with Defendant's responses to Interrogatory Nos. 3, and 8 and Request Nos. 3, 5, and 15, discussed above, and with statements in her Answer noting that she "denies receipt of avoidable transfers," and specifically denies receipt of $625,925 which is the total amount listed in Columns 10 and 11 of Exhibit B to the Complaint. Def's Answer [Dkt. 41] at ¶¶ 1, 2, 36 and 37. Please amend Defendant's discovery responses to resolve the inconsistency among her responses. Alternatively, provide an Amended Answer to the Complaint that is consistent with Defendant's statements regarding the Transfers she now indicates are not disputed.

Defendant's response to Interrogatory No. 13 is incomplete in that she does not identify which of the transfers she contends were not properly credited, including the amounts she contends should be credited and documents, if any supporting her contention. Defendant's response to Interrogatory No. 14 is similarly incomplete in that she fails to identify which "securities laws" are at issue, which transfers were legally compelled, and any documents supporting her contention. It is also unclear how being required to follow the Account Holder's instructions makes a transfer "legally compelled under State and federal securities laws." Please amend these interrogatory responses to include this information or confirm that Defendant has no such documents.

Please withdraw these General and Specific Objections and confirm that Defendant is not withholding any documents responsive to Requests Nos. 3, 5, and 15 from production subject to these objections by July 11, 2016. If you are unwilling to do so, we request a meet and confer on July 13, 2016, to discuss these matters.

**Document Production**

For each Request or Interrogatory response that says "[a]ny such documents shall be produced," please produce the documents by July 13, 2016.

Helen Davis Chaitman
Jennifer Allim
June 29, 2016
Page 3

### Confirm Responses

Confirm that Defendant's responses to Interrogatory Nos. 4 and 16 are complete and that there are no other people, specifically accountants and financial advisors, with knowledge about the claims and affirmative defenses. This includes people who communicated with BLMIS on their behalf, accountants who received duplicate copies of BLMIS correspondence and statements and other individuals or entities who prepared information about Defendant's tax payments and refunds.

### Withdrawn Affirmative Defense

Defendant also indicates that she is withdrawing the sixteenth (16th) affirmative defense related to "setoff, recoupment and/or equitable adjustment" for amounts she paid in taxes on reported gains on her BLMIS account. Please amend Defendant's Answer to the Complaint to reflect such withdrawal; alternatively, please respond to Interrogatory Nos. 11 and 18 and Request Nos. 8 and 20. Unless and until an amended answer is on file, the Trustee considers this affirmative defense as a live defense to which we are entitled to discovery. Further, it should be noted that simply withdrawing an affirmative defense, does not foreclose the Trustee from certain discovery as such discovery may relate to more than one live claim or defense in this adversary proceeding.

### Dates for Deposition

Discovery closes on August 18, 2016. Please provide dates between July 25 and August 18, 2016, when Defendant is available to be deposed.

We reserve the right to address additional concerns about Defendant's responses as discovery proceeds.

Should you have questions regarding any of the above, please feel free to call me, Marie Carlisle or Rachel M. Smith at (713) 751-1600.

Sincerely,

Dean D. Hunt
Of Baker & Hostetler, LLP