# EXHIBIT D

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

July 26, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA EMAIL AND CERTIFIED MAIL #7014 2870 0000 5154 2464**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

**VIA EMAIL**
Jennifer Allim (jallim@chaitmanllp.com)

Re:   Adv. Pro. No. 10-04914 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Edyne Gordon*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

I write to address certain objections and deficiencies in your client's Responses and Objections to the Trustee's First Set of Requests for Production of Documents ("Requests") and First Set of Interrogatories ("Interrogatories").

**General Objections**

With respect to General Objection No. 6 regarding confidentiality: On June 6, 2011 the Bankruptcy Court entered a Litigation Protective Order ("LPO") governing the production of confidential documents. Therefore, confidential and proprietary information is protected.

With respect to General Objection No. 12 relating to the disclosure of information or production of documents for an irrelevant time period: The defined "Applicable Period" is relevant to a number of the issues raised in the Trustee's Complaint and Defendant's Answer, including (1) matters relating to Defendant's opening and management of his BLMIS Account, (2) the deposit and withdrawal history of the account, including the flow of transfers from BLMIS, (3) Defendant's affirmative defenses challenging the Trustee's evidence of those transfers and the account's deposit and withdrawal history,

Helen Davis Chaitman
Jennifer Allim
July 26, 2016
Page 2

and (4) tax payments and refunds associated with fictitious profits earned from the BLMIS account.

**Specific Objections**

You object, in part, to Interrogatory Nos. 2, 4, 5, 6, 8, 16 and 18 and Request Nos. 4, 6, and 16 on the basis that the requests are unethical. This objection is not valid. No ethics rules or procedures have been violated. Withdraw the objection and respond to the Interrogatories.

In response to Request No. 3, Defendant states that her deceased spouse did not maintain bank records. This is not a valid response. First, this response does not indicate whether Defendant herself has any records, and, second, it does not indicate whether Defendant fulfilled her obligation in seeking records from third parties whose documents are within her care, custody or control, and about which the Trustee has served three preservation letters. Amend your response to indicate whether or not Defendant has any documents in her possession or within her care, custody or control, including the custody of third parties from which she has the legal right to obtain the documents.

Similarly, Defendant's objection to Request No. 19 is not valid. Defendant suggests she will redact documents prior to production for reasons other than privilege. Judge Bernstein has rejected requests to redact productions, noting that redactions "breed suspicion and may deprive the reader of context." *See* Transcript of March 23, 2016 Omnibus Hearing in Adv. Case. No. 08-01789, page 61. Judge Bernstein stated that redactions will only be permitted to protect privilege. *Id.*

Defendant's response to Interrogatory No. 10 is incomplete as she failed to provide the amounts paid in taxes on reported fictitious profits, the taxing authorities to which they were paid, and the amounts of reported income. Defendant's response to Interrogatory No. 12 is also incomplete in that she does not identify which of the transfers she contends were not properly credited, including the amounts she contends should be credited and documents, if any supporting he contention. Defendant's response to Interrogatory No. 13 is similarly incomplete in that she fails to identify which "securities laws" are at issue, which transfers were legally compelled, and any documents supporting his contention. It is also unclear how being required to follow the Account Holder's instructions makes a transfer "legally compelled under State and federal securities laws." Please amend these interrogatory responses to include this information.

Request Nos. 21-29 and Interrogatory Nos. 19-24, regarding the Estate of Allen Gordon, generally seek information pertaining to the decedent's probate and non-probate assets. Objections that this information is irrelevant are invalid. The documents not only show the flow of transfers from BLMIS to Mr. Gordon, but are also relevant to Defendant's tax related affirmative defenses. Additionally, any concerns regarding confidentiality are

Helen Davis Chaitman
Jennifer Allim
July 26, 2016
Page 3

unfounded because probate documents are publicly available, and the LPO protects confidentiality interests.

Please withdraw these General and Specific Objections and confirm that Defendant is not withholding any documents responsive to Request No. 3 from production subject to these objections by August 2, 2016. If you are unwilling to do so, we request a meet and confer on August 11, 2016, to discuss these matters.

### Document Production

For each Request or Interrogatory response that says "[a]ny such documents shall be produced," please produce the documents by August 11, 2016.

### Confirm Responses

Confirm that Defendant's responses to Interrogatory Nos. 4 and 15 are complete and that there are no other people, specifically accountants and financial advisors, with knowledge about the claims and affirmative defenses. This includes people who communicated with BLMIS on their behalf, accountants who received duplicate copies of BLMIS correspondence and statements and other individuals or entities who prepared information about Defendant's tax payments and refunds.

### Dates for Deposition

Discovery closes on August 29, 2016. Please provide dates between August 15 and August 26, 2016, when Defendant is available to be deposed.

We reserve the right to address additional concerns about Defendant's responses as discovery proceeds.

Should you have questions regarding any of the above, please feel free to call me, Marie Carlisle or Rachel M. Smith at (713) 751-1600.

Sincerely,

Dean D. Hunt
Of Baker & Hostetler, LLP