# EXHIBIT F

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

July 26, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA EMAIL AND CERTIFIED MAIL # 7014 2870 0000 5154 2488**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

**VIA EMAIL**
Jennifer Allim (jallim@chaitmanllp.com)

Re:   Adv. Pro. No. 10-04644 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Russell Dusek*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

I write to address certain objections and deficiencies in your client's Responses and Objections to the Trustee's First Set of Requests for Production of Documents ("Requests") and First Set of Interrogatories ("Interrogatories").

**General Objections**

With respect to General Objection No. 6 regarding confidentiality: On June 6, 2011 the Bankruptcy Court entered a Litigation Protective Order ("LPO") governing the production of confidential documents. Therefore, confidential and proprietary information is protected.

With respect to General Objection No. 12 relating to the disclosure of information or production of documents for an irrelevant time period: The defined "Applicable Period" is relevant to a number of the issues raised in the Trustee's Complaint and Defendant's Answer, including (1) matters relating to Defendant's opening and management of his BLMIS Account, (2) the deposit and withdrawal history of the account, including the flow of transfers from BLMIS, (3) Defendant's affirmative defenses challenging the Trustee's evidence of those transfers and the account's deposit and withdrawal history,

Helen Davis Chaitman
Jennifer Allim
July 26, 2016
Page 2

and (4) tax payments and refunds associated with fictitious profits earned from the BLMIS account.

**Specific Objections**

You object, in part, to Interrogatory Nos. 2, 4, 5, 6 and 16 and Request Nos. 4, 6, and 15 on the basis that the requests are unethical. This objection is not valid. No ethics rules or procedures have been violated. Withdraw the objection and respond to the Interrogatories.

In response to Interrogatory No. 8 and Request Nos. 3, and 5, Defendant objects that the Trustee is not entitled to the requested information and/or documents as he does not dispute the transfers, with one exception, on Exhibit B to the Complaint. In response to Request No. 14 seeking "documents concerning any Transfers to You," Defendant states "[t]herefore, the Trustee has no legitimate interest in such documents." Defendant's statements that he "does not dispute" the transfers are not equivalent to an admission, and are ambiguous given that he later states he is unable to identify who received the transfers.[1] As Defendant does not acknowledge receipt of the Transfers and his answers are internally inconsistent, documents concerning Transfers to Defendant from BLMIS are relevant. Amend your response and produce any responsive documents.

Defendant's response to Interrogatory No. 11 is incomplete as he failed to provide the amounts paid in taxes on reported fictitious profits, the taxing authorities to which they were paid, and the amounts of reported income. Defendant's response to Interrogatory No. 13 is also incomplete in that he does not identify which of the transfers he contends were not properly credited, including the amounts he contends should be credited and documents, if any supporting his contention. Defendant's response to Interrogatory No. 14 is similarly incomplete in that he fails to identify which "securities laws" are at issue, which transfers were legally compelled, and any documents supporting his contention. It is also unclear how being required to follow the Account Holder's instructions makes a transfer "legally compelled under State and federal securities laws." Please amend these interrogatory responses to include this information or confirm that Defendant has no such documents.

Please withdraw these General and Specific Objections and confirm that Defendant is not withholding any documents responsive to Requests Nos. 3 and 5 from production subject to these objections by August 2, 2016. If you are unwilling to do so, we request a meet and confer on August 11, 2016, to discuss these matters.

**Document Production**
For each Request or Interrogatory response that says "[a]ny such documents shall be produced," please produce the documents by August 11, 2016.

---

[1] See Response to Interrogatory No. 5.

Helen Davis Chaitman
Jennifer Allim
July 26, 2016
Page 3

### Confirm Responses

Confirm that Defendant's responses to Interrogatory Nos. 4 and 16 are complete and that there are no other people, specifically accountants and financial advisors, with knowledge about the claims and affirmative defenses. This includes people who communicated with BLMIS on their behalf, accountants who received duplicate copies of BLMIS correspondence and statements and other individuals or entities who prepared information about Defendant's tax payments and refunds.

### Withdrawn Affirmative Defenses

Defendant indicates that he is withdrawing the twentieth (20th) affirmative defense in which he contends the "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken," the twenty-seventh (27th) affirmative defense that "claims are barred in whole or in part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," if the Trustee acknowledges that he double-charged Defendant for the $25,000 withdrawal on January 6, 1994. Please amend Defendant's Answer to the Complaint to reflect such withdrawals; alternatively, please produce documents responsive to Request Nos. 9 and 10. Unless and until an amended answer is filed, the Trustee considers this affirmative defense as a live defense. Further, it should be noted that simply withdrawing an affirmative defense, does not foreclose the Trustee from certain discovery as such discovery may relate to more than one live claim or defense in this adversary proceeding.

Defendant also indicates that he will withdraw the forty-sixth (46th) affirmative defense in which he contends that the Trustee's claims are barred for failure to properly credit Defendant with all of Defendant's <u>deposits</u> if the Trustee acknowledges that he double-charged Defendant for the $25,000 withdrawal on January 6, 1994. This defense deals only with deposits and, therefore, it is unclear how the defense is tied to a withdrawal from the account. Please confirm whether Defendant is withdrawing this affirmative defense and, if so, amend Defendant's Answer to the Complaint to reflect such withdrawal. If not, produce documents responsive to the Request.

### Dates for Deposition

Discovery closes on September 6, 2016. Please provide dates between August 25 and September 5, 2016, when Defendant is available to be deposed.

We reserve the right to address additional concerns about Defendant's responses as discovery proceeds.

Helen Davis Chaitman
Jennifer Allim
July 26, 2016
Page 4

    Should you have questions regarding any of the above, please feel free to call me, Marie Carlisle or Rachel M. Smith at (713) 751-1600.

    Sincerely,

*[signature: Dean D. Hunt]*

Dean D. Hunt
Of Baker & Hostetler, LLP