# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

October 7, 2016

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, NY 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Doron Tavlin Trust U/A 2/4/91, et al.*, Adv. Pro. No. 10-05312 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the Chapter 7 estate of Bernard L. Madoff. We write in response to Ms. Chaitman's October 5, 2016 letter to Your Honor requesting a pre-motion conference to discuss a prospective motion for summary judgment she seeks to file in the above-captioned adversary proceeding.

      Ms. Chaitman's potential motion for summary judgment is premature because Defendants have not yet provided any discovery. On October 6, 2016, Defendants served written responses to the Trustee's discovery that were both incomplete and untimely. Copies of the Trustee's discovery demands and Defendants' responses are attached hereto as Exhibits 1 and 2, respectively. In their written responses served yesterday, Defendants object to producing substantially all relevant discovery in this case. Fact discovery does not close until March 10, 2017 according to the existing case management notice in this matter [ECF No. 46], and the Trustee has not yet had the opportunity to test the factual issues presented in this case. Given that Defendants have failed to produce any documents responsive to the Trustee's demands, a motion for summary judgment is premature at this stage of the case.

Honorable Stuart M. Bernstein
Page 2

      Ms. Chaitman's request is also futile since there are numerous factual issues that would preclude summary judgment—the admissions in Ms. Chaitman's letter alone would be sufficient to defeat such a motion. As such, it would be more cost-effective to resolve all issues at trial upon the completion of discovery rather than have the parties and the Court address an unnecessary and inefficient motion.

      In light of Defendants' failure to produce any relevant documents, we respectfully request the opportunity to obtain discovery from Defendants prior to the Court's consideration of any summary judgment motion. The Trustee intends to attempt to resolve this discovery dispute in good faith with Ms. Chaitman by meet and confer. To the extent the parties are unsuccessful, we reserve the right to seek the intervention of a discovery arbitrator and/or the Court.

Respectfully submitted,

*s/ Nicholas J. Cremona*

Nicholas J. Cremona


Attachments

cc:    Helen Chaitman, Esq. (*hchaitman@chaitmanllp.com*)