# Exhibit 1

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05312 (SMB) |
| Plaintiff, | |
| v. | |

DORON TAVLIN TRUST U/A 2/4/91,

DORON A.TAVLIN, as Trustee and Beneficiary of
the Doron Tavlin Trust U/A 2/4/91, and

OMEGA ASSET MANAGEMENT, LLC,

Defendants.

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT OMEGA ASSET MANAGEMENT, LLC

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant Omega Asset Management, LLC respond in writing with

verified answers to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and

deliver the same to the office of Baker & Hostetler LLP, c/o Heather J. McDonald, 45

Rockefeller Plaza, New York, New York 10111 within thirty-three (33) days of service, on

September 6, 2016.

## DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the
Bankruptcy Rules, apply to these Requests and are as follows:

**Document**. The term "document" is defined to be synonymous in meaning and equal
in scope to the usage of the term "documents or electronically stored information" in Fed.

2

R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "Account" or "Accounts" means BLMIS Account No. 1T0004, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Picard v. Doron Tavlin Trust U/A 2/4/91, et. al.*, No. 10-05312 (SMB), pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning March 14, 1991 through December 31, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Defendants" means all of the following: Doron Tavlin Trust U/A 2/4/91, Omega Asset Management, LLC, Doron A. Tavlin, and Harvey Krauss and where applicable, (a) any trustees, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of Doron Tavlin Trust U/A 2/4/91 and Omega Asset Management, LLC and (b) the employer of Harvey Krauss: Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.      "Harvey Krauss" means Harvey Krauss and the law firm Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendants, or any of them, or to any Person or entity acting on any Defendants' behalf or for the benefit of any Defendant between December 11, 2006 and December 11, 2008.

9.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant, Person or entity to another Person or entity.

10.    "Madoff" means Bernard L. Madoff.

11.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

12.    "You" or "Your" means Defendant Omega Asset Management, LLC and/or anyone acting on behalf of or for the benefit of Omega Asset Management, LLC, including any predecessors or successor(s)-in-interest.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.    In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.    In accordance with Federal Rule 33(b)(2), the written responses must be served by September 6, 2016.

4.    Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.    If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.    If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.    If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.    If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1.    Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:**


2.    Provide Your legal name, the type of entity You are, the date on which You were established and whether You were formed out of a predecessor entity, the state or country under whose laws You were formed, the names and addresses of Your current and former officers, members, shareholders, partners, and/or owners, the percent of beneficial interest in the Account of each of the current and former officers, members, shareholders, partners, and/or owners, Your current and former business addresses, and Your current and former principal places of business.

**ANSWER:**


3.    Provide the date on which You were dissolved and Identify the disposition of Your assets upon dissolution.

**ANSWER:**


4.    Describe Your relationship to Doron Tavlin Trust U/A 2/4/1991, including how You are related to or know Doron Tavlin Trust U/A 2/4/1991, including any fiduciary, managerial, ownership and/or other relationship.

**ANSWER:**


5.    Describe Your relationship to Doron A. Tavlin, including how You are related to or know Doron A. Tavlin, including any fiduciary, managerial, ownership and/or other relationship.

**ANSWER:**

6.    Identify each Transfer that You received or from which You benefited.

**ANSWER:**


7.    With respect to any Transfer or Subsequent Transfer included in Your responses to the preceding Interrogatories, state how much money from the Account You received or from which You benefitted, Identify when and why You received or benefitted from such money, and Identify the Person who gave You the money or provided the money to a third-party for Your benefit.

**ANSWER:**


8.    To the extent not included in Your responses to the preceding Interrogatories, Identify any money that You believe could have come from the Account.

**ANSWER:**


9.    State when and how You became aware that BLMIS was the source of the money You received as described in Your responses to Interrogatory No. 8.

**ANSWER:**


10.    State how You used any money that You received, as described in Your responses to Interrogatory No. 8. As part of Your answer, Identify all Persons who benefited from the money, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds from the Account.

**ANSWER:**


11.    Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**


12.    Identify any Person with whom You have had a conversation about BLMIS and/or Bernard L. Madoff, state when that conversation took place, and describe the substance of the conversation(s).

**ANSWER:**

13.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

      a.    state all facts upon which You base the denial or affirmative defense;

      b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

      c.    Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

Date:  August 1, 2016

David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Heather J. McDonald
Email:  hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email:  kmaynard@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Trustee's First Set of

Interrogatories to Omega Asset Management, LLC was served this 1st day of August, 2016 by

electronic and First Class mail upon the following:

Helen Chaitman, Esq.
Jennifer Allim, Esq.
Chaitman LLP
465 Park Avenue
New York, NY 10022
hchaitman@chaitmanllp.com
jallim@chaitmanllp.com


*An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05312 (SMB) |
| Plaintiff, | |
| v. | |

DORON TAVLIN TRUST U/A 2/4/91,

DORON A. TAVLIN, as Trustee and Beneficiary of
the Doron Tavlin Trust U/A 2/4/91, and

OMEGA ASSET MANAGEMENT, LLC,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT OMEGA ASSET MANAGEMENT, LLC

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Omega Asset Management, LLC produce Documents responsive to the requests set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Heather J. McDonald, 45 Rockefeller Plaza, New York, New York 10111 within thirty-three (33) days of service, on September 6, 2016.

### DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.      "Account" or "Accounts" means BLMIS Account No. 1T0004, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Picard v. Doron Tavlin Trust U/A 2/4/91, et. al.*, No. 10-05312 (SMB), pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning March 14, 1991 through December 31, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Defendants" means all of the following: Doron Tavlin Trust U/A 2/4/91, Omega Asset Management, LLC, Doron A. Tavlin, and Harvey Krauss and where applicable, (a) any trustees, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of Doron Tavlin Trust U/A 2/4/91 and Omega Asset Management, LLC and (b) the employer of Harvey Krauss: Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.    "Harvey Krauss" means Harvey Krauss and the law firm Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendants, or any of them, or to any Person or entity acting on any Defendants' behalf or for the benefit of any Defendant between December 11, 2006 and December 11, 2008.

9.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant or any Person or entity to another Person or entity.

10.   "Madoff" means Bernard L. Madoff.

11.   "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa.

2.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by September 6, 2016 or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.    If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.     If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.     If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

(i)     Identifies the type, title and subject matter of the Document;

(ii)    Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

(iii)   Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include log the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.     Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.     Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

(i)     the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii)    the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii)   the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv)    the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i)    any confidential designations;

(ii)    any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii)    notification that Documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i)    inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii)    inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    Database load files and production media structure:   Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.   Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.   If any of the Documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

(i)    XML format file(s);

(ii)    Microsoft SQL database(s);

(iii)    Access database(s); and/or

(iv)    fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, multimedia, and non-standard file types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    <u>"Other" electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Monthly Account statements.

2.    All Communications between Defendants, or any of them, and BLMIS or Madoff Concerning the Account, including Transfers to and from the Account.

3.    Omega Asset Management, LLC's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks and incoming/outgoing wire transfer records.

4.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer and/or Subsequent Transfer from the Account, including the amount, date and recipient of any Subsequent Transfer.

5.    Documents Concerning any money You received that You understood, believed or suspected came from the Account.

6.    Documents Concerning any real property, personal property or services or anything else of value You received that You understood, believed or suspected was purchased with money that came from the Account.

7.    Documents Concerning money, real property, personal property, services, or anything else of value received from any other Defendant or third party in exchange for any Subsequent Transfer.

8.    Documents that evidence any value of services and/or products provided to any other Defendant in exchange for any money or other value.

9.     Documents and Communications Concerning the formation of Omega Asset Management, LLC.

10.     The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of Omega Asset Management, LLC.

11.     Documents Concerning the dissolution of Omega Asset Management, LLC.

12.     Documents Concerning any taxes paid to the Internal Revenue Service on perceived gains in the Account.

13.     Documents Concerning any refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

14.     Documents Concerning the use of any refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

15.     Documents Concerning the transfer to any other person or entity of any refunds or portion of refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

16.     Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

17.     Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

18.    Documents Defendants identified, reviewed, prepared, or consulted in responding

to discovery in this matter.

Date:  August 1, 2016

David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Heather J. McDonald
Email:  hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email:  kmaynard@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Trustee's First Set of

Requests for Production of Documents and Things to Defendant Omega Asset Management,

LLC was served this 1ˢᵗ day of August, 2016 by electronic and First Class mail upon the

following:

Helen Chaitman, Esq.
Jennifer Allim, Esq.
Chaitman LLP
465 Park Avenue
New York, NY 10022
hchaitman@chaitmanllp.com
jallim@chaitmanllp.com

*An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05312 (SMB) |
| Plaintiff, | |
| v. | |

DORON TAVLIN TRUST U/A 2/4/91,

DORON A. TAVLIN, as Trustee and Beneficiary of
the Doron Tavlin Trust U/A 2/4/91, and

OMEGA ASSET MANAGEMENT, LLC,

                        Defendants.

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT DORON A. TAVLIN

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules
of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to
this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules") and the applicable local rules of the United States District Court for the Southern District
of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for
the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC
("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and
the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,
hereby demands that Defendant Doron A. Tavlin respond in writing with verified answers to the
interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the
office of Baker & Hostetler LLP, c/o Heather J. McDonald, 45 Rockefeller Plaza, New York,
New York 10111 within thirty-three (33) days of service, on September 6, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the
Bankruptcy Rules, apply to these Requests and are as follows:

2

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.    "Account" or "Accounts" means BLMIS Account No. 1T0004, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.    "Adversary Proceeding" means the civil action captioned *Picard v. Doron Tavlin Trust U/A 2/4/91, et. al.*, No. 10-05312 (SMB), pending in the United States Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning March 14, 1991 through December 31, 2009.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

3

6.     "Defendants" means all of the following: Doron Tavlin Trust U/A 2/4/91, Omega Asset Management, LLC, Doron A. Tavlin, and Harvey Krauss and where applicable, (a) any trustees, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of Doron Tavlin Trust U/A 2/4/91 and Omega Asset Management, LLC and (b) the employer of Harvey Krauss: Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.     "Harvey Krauss" means Harvey Krauss and the law firm Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.     "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendants, or any of them, or to any Person or entity acting on any Defendants' behalf or for the benefit of any Defendant between December 11, 2006 and December 11, 2008.

9.     "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant, Person or entity to another Person or entity.

10.    "Madoff" means Bernard L. Madoff.

11.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

12.    "You" or "Your" means Doron A. Tavlin and/or anyone acting on behalf of or for the benefit of Doron A. Tavlin including any predecessors or successor(s)-in-interest.

## INSTRUCTIONS

1.     All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4

**Number**. The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.    In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.    In accordance with Federal Rule 33(b)(2), the written responses must be served by September 6, 2016.

4.    Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.    If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.    If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.    If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.    If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1.    Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:**

2.      Identify the reasons for each Transfer.

**ANSWER:**


3.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**


4.      Identify each deposit into the Account.

**ANSWER:**


5.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**


6.      Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**


7.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**


8.      Identify each Initial Transfer and each Subsequent Transfer You received or from which You benefitted.

**ANSWER:**


9.      With respect to any Transfer or Subsequent Transfer included in Your responses to the preceding Interrogatories, state how much money from the Account You received or from which you benefitted, Identify when and why You received such money, and Identify the Person or entity who gave You the money.

**ANSWER:**

10.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money from the Transfers and/or Subsequent Transfers You received or from which You benefitted.

**ANSWER:**

11.    Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

12.    Identify any Persons to whom You paid any management fees, performance fees, or any other fees in connection with the Account. For each Person so identified, Identify the amount of such fees paid on a monthly basis, setting forth separately the amount attributable to each type of fee.

**ANSWER:**

13.    Describe Your relationship to Doron Tavlin Trust U/A 2/4/1991, including how You are related to or know Doron Tavlin Trust U/A 2/4/1991, including any fiduciary, managerial, ownership and/or other relationship.

**ANSWER:**

14.    Describe Your relationship to Omega Asset Management, LLC, including how You are related to or know Omega Asset Management, LLC, including any fiduciary, managerial, ownership and/or other relationship.

**ANSWER:**

15.    Identify any Person with whom You have had a conversation about BLMIS and/or Bernard L. Madoff, state when that conversation took place, and describe the substance of the conversation(s).

**ANSWER:**

16.    Identify any perceived or actual discrepancies in the Account or on the Account statements, including but not limited to perceived or actual discrepancies in the amount or number of shares in the Account.

**ANSWER**

17.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

18.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:**

19.    Identify any cash payments made by BLMIS or Madoff to Defendants or any of them.

**ANSWER**

20.    Identify all instances where the Account statements were delivered late or were never delivered.

**ANSWER**

21.    Identify all instances in which BLMIS or Madoff made any promises or guarantees that the Account would receive a minimum or specific rate of return.

**ANSWER**

22.    Identify all instances in which You told BLMIS or Madoff what the rate of return or the balance for the Account should be.

**ANSWER**

23.    Identify all instances in which BLMIS or Madoff sought Your approval of or sign-off on the rate of return or balance for the Account.

**ANSWER**

24.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

      a.    state all facts upon which You base the denial or affirmative defense;

      b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

      c.    Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

Date: August 1, 2016

David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Trustee's First Set of Interrogatories to Doron A. Tavlin was served this 1st day of August, 2016 by electronic and First Class mail upon the following:

Helen Chaitman, Esq.
Jennifer Allim, Esq.
Chaitman LLP
465 Park Avenue
New York, NY 10022
hchaitman@chaitmanllp.com
jallim@chaitmanllp.com

_An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff_

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05312 (SMB) |
| Plaintiff, | |
| v. | |

DORON TAVLIN TRUST U/A 2/4/91,

DORON A.TAVLIN, as Trustee and Beneficiary of
the Doron Tavlin Trust U/A 2/4/91, and

OMEGA ASSET MANAGEMENT, LLC,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DORON A. TAVLIN

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant Doron A. Tavlin produce Documents responsive to the requests

set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Heather J.

McDonald, 45 Rockefeller Plaza, New York, New York 10111 within thirty-three (33) days of

service, on September 6, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the
Bankruptcy Rules, apply to these Requests and are as follows:

**Communication.** The term "communication" means the transmittal of information
(in the form of facts, ideas, inquiries or otherwise).

**Document.** The term "document" is defined to be synonymous in meaning and equal
in scope to the usage of the term "documents or electronically stored information" in Fed.

2

R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.    "Account" or "Accounts" means BLMIS Account No.1T0004, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.    "Adversary Proceeding" means the civil action captioned *Picard v. Doron Tavlin Trust U/A 2/4/91, et. al.*, No. 10-05312 (SMB), pending in the United States Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning March 14, 1991 through December 31, 2009.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.    "Defendants" means all of the following: Doron Tavlin Trust U/A 2/4/91, Omega Asset Management, LLC, Doron A. Tavlin, and Harvey Krauss and where applicable, (a) any trustees, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of Doron Tavlin Trust U/A 2/4/91 and Omega Asset Management, LLC and (b) the employer of Harvey Krauss: Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.    "Harvey Krauss" means Harvey Krauss and the law firm Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendants, or any of them, or to any Person or entity acting on any Defendants' behalf or for the benefit of any Defendant between December 11, 2006 and December 11, 2008.

9.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant or any Person or entity to another Person or entity.

10.    "Madoff" means Bernard L. Madoff.

11.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa.

2.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by September 6, 2016 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.    If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.    If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to,

Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

(i)    Identifies the type, title and subject matter of the Document;

(ii)    Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

(iii)    Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include log the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.    Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.    Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

(i)    the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii)    the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii)    the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv)    the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i)    any confidential designations;

(ii)    any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii)    notification that Documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i)    inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii)    inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    Database load files and production media structure:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.  If any of the Documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    Electronic Documents and data, generally:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of

6

business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.    Emails and attachments, and other email account-related Documents:    All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    Documents and data created or stored in or by structured electronic databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.    Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams.    Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    (i)    XML format file(s);

    (ii)    Microsoft SQL database(s);

    (iii)    Access database(s); and/or

    (iv)    fixed or variable length ASCII delimited files.

6.    Spreadsheets, multimedia, and non-standard file types:    All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" electronic Documents:    All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents:    Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries,

folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Monthly Account statements.

2.    All Communications between Defendants, or any of them, and BLMIS or Madoff Concerning the Account, including Transfers to and from the Account.

3.    Bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

4.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

5.    Documents Concerning any money You received that You understood, believed or suspected came from the Account.

6.    Documents Concerning any real or personal property You received that You understood, believed or suspected was purchased with money that came from the Account.

7.    Documents Concerning any services You received that You understood, believed or suspected was purchased with money that came from the Account.

8.    Documents sufficient to identify any money, property and/or anything else of value provided by Defendants, or any of them, to BLMIS and/or Madoff in exchange for any Initial Transfer.

9.    Documents sufficient to identify any money, property, services, and/or anything else of value provided by any Person or entity to Defendants, or any of them, in exchange for any Subsequent Transfer.

10.    Documents sufficient to identify any money, property, services, and/or anything else of value provided by Harvey Krauss to Defendants, or any of them, in exchange for any Initial Transfer, Subsequent Transfer, or Transfer to Harvey Krauss for the benefit of Defendants, or any of them.

11.    Documents and Communications Concerning the formation of Omega Asset Management, LLC.

12.    The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of Omega Asset Management, LLC.

13.    Documents Concerning the dissolution of Omega Asset Management, LLC.

14.    Trust instruments, including any amendments, for Doron Tavlin Trust U/A 2/4/1991.

15.    Documents related to any perceived discrepancies in the Account or on the Account statements, including but not limited to perceived discrepancies in the amount of shares in the Account.

16.    Documents related to the receipt of cash payments by Defendants, or any of them, from BLMIS or Madoff.

17.    Documents related to Defendants' knowledge of the transfer of cash payments by BLMIS or Madoff to any other Person or entity.

18.    Communications between Defendants, or any of them, and Harvey Krauss related to the Account, BLMIS, or Madoff.

19.    Communications between Defendants related to the Account, BLMIS or Madoff.

9

20.     Communications between Harvey Krauss and BLMIS or Madoff related to Defendants (or any of them) or the Account.

21.     Documents analyzing or summarizing the Account, any activity in the Account, or any Account statements.

22.     Documents Concerning financial and/or tax analyses of the Account.

23.     Documents Concerning untimely or late delivery of Account statements.

24.     Documents Concerning BLMIS's failure to deliver Account statements to any Defendant.

25.     Documents Concerning any guarantee or promise from, or representation by, BLMIS or Madoff that the Account would receive a minimum rate of return or a specific rate of return.

26.     Documents showing that the Account received a minimum or specific rate of return.

27.     Documents Concerning any control or authority Defendants, or any of them, had over the balance in the Account.

28.     Documents Concerning any approval of the balance of funds in the Account sought by BLMIS or Madoff from Defendants, or any of them.

29.     Documents Concerning the rate of return for the Account.

30.     Documents Concerning any taxes paid to the Internal Revenue Service on perceived gains in the Account.

31.     Documents Concerning any refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

32.     Documents Concerning the use of any refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

33.     Documents Concerning the transfer to any other person or entity of any refunds or portion of refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

34.     Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

35.     Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

36.     Documents Defendants identified, reviewed, prepared, or consulted in responding to discovery in this matter.

Date:  August 1, 2016

David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Heather J. McDonald
Email:  hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email:  kmaynard@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Trustee's First Set of

Requests for Production of Documents and Things to Defendant Doron A. Tavlin was served this

1st day of August, 2016 by electronic and First Class mail upon the following:

Helen Chaitman, Esq.
Jennifer Allim, Esq.
Chaitman LLP
465 Park Avenue
New York, NY 10022
hchaitman@chaitmanllp.com
jallim@chaitmanllp.com

*An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05312 (SMB) |
| Plaintiff, | |
| v. | |

DORON TAVLIN TRUST U/A 2/4/91,

DORON A.TAVLIN, as Trustee and Beneficiary of
the Doron Tavlin Trust U/A 2/4/91, and

OMEGA ASSET MANAGEMENT, LLC,

Defendants.

---

**TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANTS DORON
TAVLIN TRUST U/A 2/4/91 AND DORON A. TAVLIN AS TRUSTEE OF DORON
TAVLIN TRUST U/A 2/4/91**

---

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendants Doron Tavlin Trust U/A 2/4/91 and Doron A. Tavlin, as

Trustee of Doron Tavlin Trust U/A/ 2/4/91 respond in writing with verified answers to the

interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the

office of Baker & Hostetler LLP, c/o Heather J. McDonald, 45 Rockefeller Plaza, New York,

New York 10111 within thirty-three (33) days of service, on September 6, 2016.

## **DEFINITIONS**

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the
Bankruptcy Rules, apply to these Requests and are as follows:

2

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "Account" or "Accounts" means BLMIS Account No. 1T0004, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Picard v. Doron Tavlin Trust U/A 2/4/91, et. al.*, No. 10-05312 (SMB), pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning March 14, 1991 through December 31, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Defendants" means all of the following: Doron Tavlin Trust U/A 2/4/91, Omega Asset Management, LLC, Doron A. Tavlin, and Harvey Krauss and where applicable, (a) any trustees, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of Doron Tavlin Trust U/A 2/4/91 and Omega Asset Management, LLC and (b) the employer of Harvey Krauss: Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3

7.      "Harvey Krauss" means Harvey Krauss and the law firm Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendants, or any of them, or to any Person or entity acting on any Defendants' behalf or for the benefit of any Defendant between December 11, 2006 and December 11, 2008.

9.      "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant, Person or entity to another Person or entity.

10.     "Madoff" means Bernard L. Madoff.

11.     "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

12.     "You" or "Your" means Doron Tavlin Trust U/A 2/4/91 and Doron A. Tavlin, as Trustee of Doron Tavlin Trust U/A/ 2/4/91, and/or anyone acting on behalf of or for the benefit of Doron Tavlin Trust U/A 2/4/91 or Doron A. Tavlin, as Trustee of Doron Tavlin Trust U/A/ 2/4/91, including any predecessors or successor(s)-in-interest.

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.      In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.      In accordance with Federal Rule 33(b)(2), the written responses must be served by September 6, 2016.

4.      Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.      If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.     If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1.      Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:**


2.      Identify the reasons for each Transfer.

**ANSWER:**


3.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**


4.      Identify each deposit into the Account.

**ANSWER:**

5.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

6.      Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**

7.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

8.      To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

9.      Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

10.      Identify any Persons to whom You paid any management fees, performance fees, or any other fees in connection with the Account. For each Person so identified, Identify the amount of such fees paid on a monthly basis, setting forth separately the amount attributable to each type of fee.

**ANSWER:**

11.      Identify all current and former beneficiaries of the Trust. For each Person so identified, Identify the date range during which such Person was a beneficiary, and the dates and amount of any Transfers received by such Person.

**ANSWER:**

12.    Identify any Person with whom You have had a conversation about BLMIS and/or Bernard L. Madoff, state when that conversation took place, and describe the substance of the conversation(s).
**ANSWER:**

13.    Identify any perceived or actual discrepancies in the Account or on the Account statements, including but not limited to perceived or actual discrepancies in the amount or number of shares in the Account.

**ANSWER**

14.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.
**ANSWER:**

15.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.
**ANSWER:**

16.    Identify any cash payments made by BLMIS or Madoff to Defendants or any of them.

**ANSWER**

17.    Identify all instances where the Account statements were delivered late or were never delivered.

**ANSWER**

18.    Identify all instances in which BLMIS or Madoff made any promises or guarantees that the Account would receive a minimum or specific rate of return.

**ANSWER**

19.    Identify all instances in which You told BLMIS or Madoff what the rate of return or the balance for the Account should be.

**ANSWER**

7

20.    Identify all instances in which BLMIS or Madoff sought Your approval of or sign-off on the rate of return or balance for the Account.

**ANSWER**


21.    Identify any and all refunds from the Internal Revenue Services for the payment of taxes on perceived gains in the Account and for each such refund identify who received the refund, when it was received, and how it was used.


**ANSWER**

22.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a.    state all facts upon which You base the denial or affirmative defense;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.    Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**


Date:  August 1, 2016

David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Heather J. McDonald
Email:  hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email:  kmaynard@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Trustee's First Set of Interrogatories to Defendants Doron Tavlin Trust U/A 2/4/91 and Doron A. Tavlin as Trustee of Doron Tavlin Trust U/A 2/4/91 was served this 1st day of August, 2016 by electronic and First Class mail upon the following:

Helen Chaitman, Esq.
Jennifer Allim, Esq.
Chaitman LLP
465 Park Avenue
New York, NY 10022
hchaitman@chaitmanllp.com
jallim@chaitmanllp.com


*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05312 (SMB) |
| Plaintiff, | |
| v. | |

DORON TAVLIN TRUST U/A 2/4/91,

DORON A.TAVLIN, as Trustee and Beneficiary of
the Doron Tavlin Trust U/A 2/4/91, and

OMEGA ASSET MANAGEMENT, LLC,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS DORON TAVLIN TRUST U/A 2/4/91 AND DORON A. TAVLIN AS TRUSTEE OF DORON TAVLIN TRUST U/A 2/4/91

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendants Doron Tavlin Trust U/A 2/4/91 and Doron A. Tavlin, as Trustee of Doron Tavlin Trust U/A/ 2/4/91, produce Documents responsive to the requests set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Heather J. McDonald, 45 Rockefeller Plaza, New York, New York 10111 within thirty-three (33) days of service, on September 6, 2016.

## DEFINITIONS

1.    All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

2

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.      "Account" or "Accounts" means BLMIS Account No. 1T0004, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Picard v. Doron Tavlin Trust U/A 2/4/91, et. al.*, No. 10-05312 (SMB), pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning March 14, 1991 through December 31, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

3

6.      "Defendants" means all of the following: Doron Tavlin Trust U/A 2/4/91, Omega Asset Management, LLC, Doron A. Tavlin, and Harvey Krauss and where applicable, (a) any trustees, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of Doron Tavlin Trust U/A 2/4/91 and Omega Asset Management, LLC and (b) the employer of Harvey Krauss: Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.      "Harvey Krauss" means Harvey Krauss and the law firm Snow, Becker, Krauss PC and any officers, directors, employees, partners, corporate parent, subsidiaries or affiliates thereof. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendants, or any of them, or to any Person or entity acting on any Defendants' behalf or for the benefit of any Defendant between December 11, 2006 and December 11, 2008.

9.      "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant or any Person or entity to another Person or entity.

10.     "Madoff" means Bernard L. Madoff.

11.     "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

   **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   **Number**. The use of the singular form of any word includes the plural and vice versa.

2.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by September 6, 2016 or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.      If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.      Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.      If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

        (i)      Identifies the type, title and subject matter of the Document;

        (ii)     Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

        (iii)    Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include log the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.      Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided. The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.      Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013: (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

        (i)      the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii)    the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii)    the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv)    the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i)    any confidential designations;

(ii)    any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii)    notification that Documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i)    inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii)    inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    Database load files and production media structure:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in

6

the case of paper Documents), custodian or Document source information; and (ii) an Opticon ("opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

(i)    XML format file(s);

(ii)   Microsoft SQL database(s);

(iii)  Access database(s); and/or

(iv)   fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, multimedia, and non-standard file types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party

7

may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      "Other" electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Monthly Account statements.

2.      All Communications between Defendants, or any of them, and BLMIS or Madoff Concerning the Account, including Transfers to and from the Account.

3.      Bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

4.      Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

5.      Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants, or any of them, to BLMIS and/or Madoff in exchange for any Initial Transfer.

6.      Documents sufficient to identify any money, property, services, and/or anything else of value provided by any Person or entity to Defendants, or any of them, in exchange for any Subsequent Transfer.

8

7.      Documents sufficient to identify any money, property, services, and/or anything else of value provided by Harvey Krauss to Defendants, or any of them, in exchange for any Initial Transfer, Subsequent Transfer, or Transfer to Harvey Krauss for the benefit of Defendants, or any of them.

8.      Trust instruments, including any amendments, for Doron Tavlin Trust U/A 2/4/1991.

9.      Documents related to any perceived discrepancies in the Account or on the Account statements, including but not limited to perceived discrepancies in the amount of shares in the Account.

10.      Documents related to the receipt of cash payments by Defendants, or any of them, from BLMIS or Madoff.

11.      Documents related to Defendants' knowledge of the transfer of cash payments by BLMIS or Madoff to any other Person or entity.

12.      Communications between Defendants, or any of them, and Harvey Krauss related to the Account, BLMIS or Madoff.

13.      Communications between Defendants related to the Account, BLMIS or Madoff.

14.      Communications between Harvey Krauss and BLMIS or Madoff related to Defendants (or any of them) or the Account.

15.      Documents analyzing or summarizing the Account, any activity in the Account, or any Account statements.

16.      Documents Concerning financial and/or tax analyses of the Account.

17.      Documents Concerning untimely or late delivery of Account statements.

18.     Documents Concerning BLMIS's failure to deliver Account statements to any Defendant.

19.     Documents Concerning any guarantee or promise from, or representation by, BLMIS or Madoff that the Account would receive a minimum rate of return or a specific rate of return.

20.     Documents showing that the Account received a minimum or specific rate of return.

21.     Documents Concerning any control or authority Defendants, or any of them, had over the balance in the Account.

22.     Documents Concerning any approval of the balance of funds in the Account sought by BLMIS or Madoff from Defendants, or any of them.

23.     Documents Concerning the rate of return for the Account.

24.     Documents Concerning any taxes paid to the Internal Revenue Service on perceived gains in the Account.

25.     Documents Concerning any refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

26.     Documents Concerning the use of any refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

27.     Documents Concerning the transfer to any other person or entity of any refunds or portion of refunds received from the Internal Revenue Service for the payment of taxes on perceived gains in the Account.

28.     Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

29.     Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

30.     Documents Defendants identified, reviewed, prepared, or consulted in responding to discovery in this matter.


Date:  August 1, 2016

David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Heather J. McDonald
Email: hmcdonald@bakerlaw.com
Kimberly M. Maynard
Email: kmaynard@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Trustee's First Set of

Requests for Production of Documents and Things to Defendants Doron Tavlin Trust U/A 2/4/91

and Doron A. Tavlin as Trustee of Doron Tavlin Trust U/A 2/4/91 was served this 1st day of

August, 2016 by electronic and First Class mail upon the following:

Helen Chaitman, Esq.
Jennifer Allim, Esq.
Chaitman LLP
465 Park Avenue
New York, NY 10022
hchaitman@chaitmanllp.com
jallim@chaitmanllp.com

_An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff_