UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN M & H INVESTMENT GROUP L.P., PJFN INVESTORS LIMITED PARTNERSHIP, KENN JORDAN ASSOCIATES, AND HARMONY PARTNERS, LTD.**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff").

2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in M & H Investment Group L.P., PJFN Investors Limited Partnership, Kenn Jordan Associates, and Harmony Partners, LTD. (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected four BLMIS accounts held by the following: 1CM815 held by M & H Investment Group L.P., 1ZA081 held by PJFN Investors Limited Partnership, 1ZA879 held by Kenn Jordan Associates, and 1ZB015 held by

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

Harmony Partners, LTD. (collectively, the "Limited Partnerships"), which accounts (the "Accounts") are listed on Exhibit 1.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account of which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, corporate formation documents, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Limited Partnerships. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Limited Partnerships and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Limited Partnership.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 9 claims and 11 objections filed by Objecting Claimants who claim to hold an interest in one or more of the Limited Partnership accounts and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the Account-

3

holding Limited Partnership to which the Objecting Claimants claim a right, and the Limited Partnership Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13. Each of the Limited Partnerships filed a direct claim related to its Account seeking a distribution from the fund of customer property for its Account.

14. A letter of determination was sent to PJFN Investors Limited Partnership, denying its customer claim on the ground that it was a net winner, *i.e.*, that it had withdrawn more money from its BLMIS Account than had been deposited.

15. A letter of determination was not sent to Kenn Jordan Associates. Its claim is currently "deemed determined" because of outstanding litigation to recover transfers under section 502(d) of the Bankruptcy Code.

16. Letters of determination were sent to each of M & H Investment Group L.P. and Harmony Partners, LTD. allowing their claims.

17. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for M & H Investment Group L.P.

18. Attached hereto as Exhibit 5 is a true and accurate copy of excerpts of claim 000944, filed with the Trustee by M & H Investment Group L.P.

4

19. Attached hereto as Exhibit 6 is a true and accurate copy of claim 014066, filed with the Trustee on behalf of Robert and Arlene Merson Family Trust DTD 8/12/03 FBO Howard Merso.

20. Attached hereto as Exhibit 7 is a true and correct copy of claim 013805, filed with the Trustee on behalf of Robert and Arlene Merson Family Trust DTD 8/12/03 FBO Michelle Merson.

21. Attached hereto as Exhibit 8 is a true and accurate copy of the November 30, 2008 statement for M & H Investment Group L.P.

22. Attached hereto as Exhibit 9 is a true and accurate correct copy of the BLMIS customer file for PJFN Investors Limited Partnership.

23. Attached hereto as Exhibit 10 is a true and accurate copy of claim 008824, filed with the Trustee by Michael E. Fisch & Sudeshna M. Fisch JT WROS.

24. Attached hereto as Exhibit 11 is a true and accurate copy of claim 008333, filed with the Trustee by Paul J. Fisch and Deborah L. Fisch.

25. Attached hereto as Exhibit 12 is a true and accurate copy of claim 008347, filed with the Trustee by Steven Fisch.

26. Attached hereto as Exhibit 13 is a true and accurate copy of the November 30, 2008 statement for PJFN Investors Limited Partnership.

27. Attached hereto as Exhibit 14 is a true and correct copy of the BLMIS customer file for Kenn Jordan Associates.

28. Attached hereto as Exhibit 15 is a true and correct copy of supplemental documentation provided to the Trustee by Frank J. Avellino.

29. Attached hereto as Exhibit 16 is a true and accurate copy of claim 006063, filed with the Trustee by Quentin Walter.

30. Attached hereto as Exhibit 17 is a true and accurate copy of the November 30, 2008 statement for Kenn Jordan Associates.

31. Attached hereto as Exhibit 18 is a true and correct copy of the BLMIS customer file for Harmony Partners, LTD..

32. Attached hereto as Exhibit 19 is a true and accurate copy of claim 002147 , filed with the Trustee by Frank C. Leonard.

33. Attached hereto as Exhibit 20 is a true and accurate copy of claim 002148 , filed with the Trustee by Frank C. Leonard.

34. Attached hereto as Exhibit 21 is a true and accurate copy of claim 008408, filed with the Trustee by Olivia McKean.

35. Attached hereto as Exhibit 22 is a true and accurate copy of the November 30, 2008 statement for Harmony Partners, LTD.

*Intentionally Left Blank*

36. The Accounts were in the names of their respective Limited Partnership, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto. The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2016
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022