UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN M&H INVESTMENT GROUP L.P., PJFN INVESTORS LP, KENN JORDAN ASSOCIATES AND HARMONY PARTNERS LTD.**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and for Bernard L. Madoff ("Madoff").

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in M&H Investment Group L.P., PJFN Investors LP, Kenn Jordan Associates and Harmony Partners LTD. (the "Motion"), the

Trustee selected four BLMIS accounts (collectively, the "Accounts"): 1CM815 held by M&H Investment Group, L.P., 1ZA081 held by PJFN Investors LP, 1ZA879 held by Kenn Jordan Associates and 1ZB015 held by Harmony Partners LTD. (collectively, the "Limited Partnerships").

4. A list of Objecting Claimants associated with one or more of the Limited Partnerships whose claims are dealt with by the Motion is annexed as Exhibit 2 to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants associated with one or more of the Limited Partnerships, details of which objections are contained in Sehgal Declaration Exhibits 2 and 3.

5. I supervised service of discovery, including Requests for Admission, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. I also personally reviewed and caused to be entered into our system each response to Requests for Admission or to Interrogatories that were received by our office. Many of the Objecting Claimants failed to respond.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Limited Partnership account files as contained in the books and records of BLMIS.

7. The Objection to Determination filed on behalf of Harmony Partners LTD. Objecting Claimant Olivia McKean was filed by Helen Chaitman of Becker & Poliakoff LLP on

December 13, 2010 and December 15, 2010. To clarify attorney representation issues, on September 19, 2013, we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants Becker & Poliakoff LLP represents. She did so on October 4, 2013 and December 2, 2013, and stated that she did not represent Ms. McKean in connection with the Trustee's discovery requests. As such, I caused a second set of discovery requests to be served on Ms. McKean in a *pro se* capacity on December 6, 2013.

8. The Objections to Determination filed on behalf of Frank C. Leonard, the remaining Objecting Claimant associated with Harmony Partners LTD., were filed by his counsel, Theodore C. Anderson of Kilgore & Kilgore PLLC on December 21, 2010.

9. The Objecting Claimants associated with M & H Investment Group LP, PJFN Investors LP, and Kenn Jordan Associates filed *pro se* Objections to Determination.

### Service of Requests for Admission and Other Discovery

10. I caused discovery to be served on Objecting Claimants through counsel or in a *pro se* capacity, or in an abundance of caution, both, using contact details from the claims, objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

11. Prior to Ms. Chaitman's December 2, 2013 clarification of her representation status, I caused discovery to be served on an Objecting Claimant claiming customer status through Harmony Partners LTD. by sending discovery to Ms. Chaitman. A copy of the complete discovery as sent, with cover letter and certificate of service, is attached hereto as Exhibit 1.

3

12. Because Ms. Chaitman clarified that she did not represent any of the Objecting Claimants for purposes of discovery, Requests for Admission, as well as Interrogatories and Requests for Production, were ultimately served on the Objecting Claimant personally.

### Responses To Interrogatories and Requests for Admission

13. Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Michael E. Fisch & Sudeshna M. Fisch JT WROS in a *pro se* capacity, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

14. Attached hereto as Exhibit 3 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Paul J. Fisch and Deborah L. Fisch in a *pro se* capacity, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

15. Attached hereto as Exhibit 4 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on counsel for Frank C. Leonard, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

### Documents Produced

16. Attached hereto as Exhibit 5 are true and correct copies of the documents produced to the Trustee in response to requests for production to Michael E. Fisch & Sudeshna M. Fisch JT WROS.

17. Attached hereto as Exhibit 6 are true and correct copies of the documents produced to the Trustee in response to requests for production to Paul J. Fisch and Deborah L. Fisch.

4

18. Attached hereto as Exhibit 7 are true and correct copies of the documents produced to the Trustee in response to requests for production to Frank C. Leonard.

**Objecting Claimants Who Failed to Respond To Requests for Admission**

19. The remaining Objecting Claimants were each served discovery in a *pro se* capacity.

20. Each of the Objecting Claimants received twelve (12) substantively identical Requests for Admission in their discovery packages.

21. The Harmony Partners LTD., PJFN, and Kenn Jordan Associates Objecting Claimants received a thirteenth Request for Admission.

22. A true and accurate copy of the complete package served on the M&H Investment Group Objecting Claimants is attached hereto as Exhibit 8.

23. The M&H Investment Group Objecting Claimants did not respond to the Trustee's discovery requests.

24. A true and accurate copy of the complete package served on the PJFN Investors LP Objecting Claimant Steven Fisch is attached hereto as Exhibit 9.

25. The PJFN Investors LP Objecting Claimant Steven Fisch did not respond to the Trustee's discovery requests.

26. A true and accurate copy of the complete package served on the Kenn Jordan Associates Objecting Claimant Quentin Walter is attached hereto as Exhibit 10.

27. The Kenn Jordan Associates Objecting Claimant did not respond to the Trustee's discovery requests.

28. A true and accurate copy of the complete package served on the Harmony Partners LTD. Objecting Claimant Olivia McKean is attached hereto as Exhibit 11.

29. The Harmony Partners LTD. Objecting Claimant Olivia McKean did not respond to the Trustee's discovery requests.

30. Exhibits 8 through 11 each contain the cover letter, Requests for Admission, Interrogatories, Requests for Production, and Certificate of Service as mailed to the Objecting Claimants.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2016
    New York, New York

                         */s/ Stephanie Ackerman*
                         Stephanie Ackerman
                         Baker & Hostetler LLP
                         45 Rockefeller Plaza
                         New York, New York 10111