**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Jonathan New
Robertson Beckerlegge
Robyn Feldstein

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF STEVEN MENDELOW; NANCY MENDELOW, in her capacity as Executrix of the Estate of Steven Mendelow; NANCY MENDELOW; CARA MENDELOW; PAMELA CHRISTIAN; C&P ASSOCIATES, LTD.; and C&P | Adv. Pro. No. 10-04283 (SMB) |

| ASSOCIATES, INC., |
| Defendants. |

**AMENDED CASE MANAGEMENT PLAN**

Plaintiff Irving H. Picard (the "Trustee") as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), and Defendants the Estate of Steven Mendelow; Nancy Mendelow, in her capacity as the Executrix of the Estate of Steven Mendelow; Nancy Mendelow; Cara Mendelow; Pamela Christian; C&P Associates, Ltd.; and C&P Associates, Inc. (the "Defendants") (collectively with the Trustee, the "Parties" and each individually, a "Party"), hereby submit the following Amended Case Management Plan (the "Plan"), pursuant to Federal Rules of Civil Procedure 16 and 26, applicable under Federal Rules of Bankruptcy Procedure 7016 and 7026.

1. Status of Pleadings.

    (a) On November 23, 2010, the Trustee filed a Complaint in this adversary proceeding [ECF No. 1].

    (b) On November 14, 2014, the Defendants[1] filed their respective Answers to the Complaint [ECF Nos. 60-65].

    (c) On May 14, 2015, the Defendants moved under Rule 12(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, for a judgment on the pleadings dismissing Counts Two through Ten of the

---

[1] All references to the Defendants prior to August 4, 2016, refers to Steven Mendelow in place of the Estate of Steven Mendelow and Nancy Mendelow, in her capacity as the Executrix of the Estate of Steven Mendelow.

Complaint, and dismissing Count One to the extent that it seeks the return of transfers taken for value [ECF Nos. 73-74].

(d) On December 30, 2015, the Trustee filed a motion for leave to file an Amended Complaint and dismiss without prejudice Counts Eight through Ten of the Complaint [ECF Nos. 87-88].

(e) Steven Mendelow died on June 7, 2016 [ECF No. 100].

(f) On August 4, 2016, the Court entered an Order substituting into this action the Estate of Steven Mendelow and Nancy Mendelow, in her capacity as Executrix of the Estate of Steven Mendelow, in place of Steven B. Mendelow [ECF No. 100].

(g) On September 28, 2016, the Court issued a written opinion [ECF Nos. 101-102], and, on October 13, 2016, entered an Order [ECF No. 103] that: (i) granted the Trustee's motion for leave to file an Amended Complaint, as to the avoidance and recovery of transfers that occurred after January 1, 2001, (ii) dismissed without prejudice Counts Eight through Ten of the Complaint, and (iii) ruled that the Defendants' motion for a judgment on the pleadings was moot, and the Court entered an Order stating as such on October 13, 2016.

(h) The Trustee will serve the Amended Complaint by November 1, 2016.

(i) The Defendants will respond to the Amended Complaint by December 1, 2016.

(j) At this time, the Parties do not contemplate any amendments to the Amended Complaint or joinder of additional parties.  However, if there is a change in the law, the parties reserve the right to seek appropriate amendments.

2. <u>Discovery Plan</u>.

(a) <u>Initial Disclosures</u>: The Parties served their initial disclosures on January 30, 2015. The Trustee has made available additional documents relating to BLMIS's insolvency and BLMIS's fraud, as set forth in the Initial Disclosures, in E-Data Room 1, as defined in the Order Establishing Expanded Access to Electronic Data Room 1 entered in the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) on January 12, 2012, attached hereto as Exhibit A.

(b) <u>Subjects On Which Discovery May Be Needed</u>: The Parties contemplate that discovery will be needed on all liability and damages issues, and that fact and expert discovery will be needed.

(c) <u>Experts</u>: Every Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before December 15, 2017. Every Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before February 16, 2018. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinion covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur on or before March 16, 2018. The foregoing restriction shall not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed by April 16, 2018.

(d) <u>Depositions</u>: All depositions (excluding expert depositions) must be completed by the Discovery Cut-Off date as set forth below. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority

4

of depositions within the seven (7) hours provided under the Federal Rules of Civil Procedure, although the Parties acknowledge that there may be certain depositions that cannot be concluded within the time limit. The Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour limit as appropriate, and failing agreement any Party may make an application to the Court for an extension of that time limit.

The Parties may take depositions of fact witnesses during the period for fact discovery after Parties' Initial Disclosures have been made. To the extent the deposition of any fact witness raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such avoidance actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify the Defendants of the date, time and location of any such depositions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the Parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.

To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Avoidance Actions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an

5

appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of the Defendants' expert and fact witnesses shall occur at such place as the Parties shall mutually agree.

(e) <u>Discovery Cut-Off</u>: All fact discovery is to be completed on or before September 15, 2017.

(f) <u>Limitations on Discovery Imposed under the Federal and/or Local Rules</u>: Limitations on written discovery will be governed consistent with the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures.

3. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) on June 6, 2011 and attached here to as Exhibit B, shall govern the disclosure of confidential information in this proceeding.

4. <u>Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action</u>. The Parties do not presently believe that any modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

5. <u>Any other Matter that may add to the Just and Expeditious Disposition of this Matter</u>. The Parties are not presently aware of any other matter that may add to the just and expeditious disposition of this matter.

6. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial and trial date.

7. <u>Parties and Counsel</u>. The following Parties join in this proposed Plan, through their counsel.

Dated: October 25, 2016
New York, New York

**BAKER & HOSTETLER LLP**

By: /s/ *Jonathan B. New*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jonathan New
Email: jnew@bakerlaw.com
Robertson Beckerlegge
Email: rbeckerlegge@bakerlaw.com
Robyn Feldstein
Email: rfeldstein@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

ARKIN SOLBAKKEN

By: /s/  *Lisa Solbakken*
590 Madison Avenue
Thirty Fifth Floor
New York, New York 10022
Tel: 212-333-0200
Stanley S. Arkin
sarkin@arkin-law.com
Lisa Solbakken
lsolbakken@arkin-law.com
Alex Reisen
areisen@arkin-law.com

*Attorneys for Defendants The Estate of Steven Mendelow; Nancy Mendelow, as Executrix of the Estate of Steven Mendelow; Cara Mendelow; Pamela Christian; C&P Associates, LTD.; and C&P Associates, Inc.*

**So Ordered this 25th day of October, 2016.**

　　　　　　　　　　　　　 /s/ Stuart M. Bernstein
　　　　　　　　　　　　**HONORABLE STUART M. BERNSTEIN**
　　　　　　　　　　　　**UNITED STATES BANKRUPTCY JUDGE**

7