October 13, 2016

Senior Accountant
**U.S. SECURITIES AND EXCHANGE COMMISSION**
**ATLANTA REGIONAL OFFICE**
*3475 Lenox Road, N.E.  Suite 500*
*Atlanta, GA 30326-1232*
*404-842-7600 Direct Line*
*404-842-5752 Fax*

In re  LAMAR ELLIS, TRUSTOR OF LAMAR ELLIS  TRUST
Judge Bernstein

Clerk of the United States Bankruptcy Court
For the Southern district of New York
One Bowling Green
New York, New York 10004

Case No. 08-1789 (BLM) claim No. 008118

## ORDER FOR RELIEF FROM STAY

The hearing on the Motion for Relief from the Automatic Stay ("Motion"; pleading ___) filed

by Petitioners Lamar & Dolores Ellis ("Movers") was scheduled for hearing on _____ cancelled. ___ .m.

The Court having considered the merits of the Motion, the allegations therein, the

attachments thereto, [any Objection filed thereto, the arguments of counsel] [no objections having

been filed thereto], and there being good cause to grant the relief requested;

IT IS ORDERED that the Motion is GRANTED, and the automatic stay imposed by 11

U.S.C. § 362 is terminated to allow Mover to proceed to Liquidation Proceedings of 3800

Carryback/Carryforward Tax Credits. Petitioners/Conservators, Lamar & Dolores Ellis seeks relief to

liquidate $969,757,940 of Energetics $1.8 Billion in order to recover their losses which occurred at the

hands of Energetic Inc. or otherwise exercise its security interests against the following described

collateral ("Collateral"):

Energetics $1.8 Billion 3800 Carryback/Carry forward Tax Credits

IT IS FURTHER ORDERED that Movers are to file a report of sale promptly following

liquidation of the Collateral.

*Dolores Ellis*
Lamar Ellis Trust

1372 FERN LAKE AVENUE

BREA, CA 92821

## CERTIFIED

Case No. 08-1789 (BLM)

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

Lamar Ellis Trust
1372 Fern Lake Avenue
Brea, California 92821

Dear Lamar Ellis Trust:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 008118:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Case No. 08-1789 (BLM)

copies of any documents in support of your position, with the United States Bankruptcy Court **and the** Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

December 21, 2009

Clerk of the United States Bankruptcy Court
For the Southern district of New York
One Bowling Green
New York, New York 10004

Re:  Lamar Ellis written opposition Ref: Bankruptcy Case No: 08-1789

I, Lamar Ellis, of Lamar Ellis Trust disagree with the "Trustee"
December 11, 2009 determination Re: Case No. 008118 which
indicates that Lamar Ellis Trust was being denied a claim to Bernard L.
Madoff investment securities because the "Trustee" could not locate an
account in Lamar Ellis Trust.
My disagreement is that the Trustee appeared not to take into account
that there were other ways that Madoff could have ended up with
stolen assets that he could have traded. This is exactly what was
found to be the case as described by several law enforcement groups,
including the FBI (see enclosed list of agencies) whom have been
investigating Lamar Ellis' stolen assets since September, 2003 when
first reported to the Pomona, CA police department. That law
enforcement group, evidently working confidentially and incognito for
much of the past seven years. The Lamar Ellis Trust was notified in
late 2008 the group had located some of the Lamar Ellis Trust assets
in the hands of Bernard L. Madoff and that his office had traded Lamar
Ellis Trust assets through NASDAQ since 2005, while Madoff was the
director of NASDAQ.
The enclosed page entitled "Confidential Report Guaranteed Tax
Shelter Bearer Certificate" is the damaging piece of evidence against
Madoff, showing he and others were unlawfully trading Lamar Ellis
Trust assets.
Lastly, the Trustee did not take into account that the assets that
Madoff and others stole from Lamar Ellis Trust and through NASDAQ
were U.S. Government Guaranteed Instruments under Section 1045
Tentative IRC Refund, see enclosed 1045 instructions Re: that states
that the U.S. Government is responsible to Lamar Ellis Trust for a
refund of those stolen assets that ended up in the hands of Madoff and
are now being contested in the U.S. Tax Court with Lamar Ellis as the
petitioner, Docket No: 26342-09.

Lamar Ellis
1372 Fern Lake Avenue
Brea, CA 92821

COMPLAINT

MISSISSIPPI SECURITIES ACT RULES        Case No. 08-1789 (BLM)

Promulgated
Pursuant to the
Mississippi Securities Act

Effective
February 1, 1993

Secretary of State

State of Mississippi

*Confidential Report*

# GUARANTEED TAX SHELTER BEARER CERTIFICATE

## Lamar Ellis Trust

Page 2 shows a certificate, dated 09/27/2003, with a face value of
$1,278,000,000, drawn *to the order of* the Lamar Ellis Trust.

The Cusip indicator AOPXX is provided on the certificate; the indicator
is in fact the symbol for AmSouth Prime Money Market Class A shares,
for which the Cusip is 032168700

AmSouth Prime Money Market Class A shares became Pioneer Cash
Reserves Fund shares in September 2005. Trading medium: NASDAQ.

ATTACHMENT



STATE OF MISSISSIPPI
SECRETARY OF STATE

Case No. 08-1789 (BLM)

**DICK MOLPUS**
SECRETARY OF STATE

POST OFFICE BOX 136
JACKSON, MS 39205-0136
(601) 359-6371

**SUSAN ALEXANDER SHANDS**
ASSISTANT SECRETARY OF STATE
SECURITIES AND BUSINESS SERVICES

May 17, 1995

Dr. Lamar Ellis
1516 Everett Avenue
Jackson, MS 39204

Re:   Energetic, Inc.

Dear Dr. Ellis:

This is in response to your memorandum to this office dated April 28, 1995, in reference to the offering of bearer bonds related to the above entity.  The division has reviewed the applicability of the exemption for sale of securities by persons "organized and operated not for profit but exclusively for... educational and or charitable purposes."

Based upon representations and statements contained in your letter concerning the proposed transactions, the division would not take exception to availability of § 75-71-201(9) of the Mississippi Code Annotated, under the following qualifying conditions and in the interest of the public:

1)    The articles of incorporation filed by Energetic be amended to permit sale of "securities."

2)    Adequate disclosure be provided to investors as it relates to an offering circular or equivalent document.

This interpretation is premised upon the information, statements, and representations as set forth in your memorandum of April 28, 1995, and should not be relied upon for any other set of facts.

It should also be noted that this position is intended to relate to relevant registration requirements under the "Act" only and is not intended to apply directly to the anti-fraud and related civil or criminal provisions contained therein.

Furthermore, this interpretation is based upon applicability of the designated Mississippi statute(s) only and is not intended as an interpretation of related statutes from other jurisdictions that being state or federal.

This opinion is rendered solely to the addressee herein with the request for such opinion by the addressee and should not be relied upon by any other person for any other purpose without prior written consent.

This opinion is furthermore intended solely as an expression of enforcement policy and is not to be construed or interpreted as a formal approval or legal conclusion binding on any other parties or tribunals.

cc:  Tammy Harthcock
     Senior Attorney        ATTACHMENT

Bruce C. Harris
Staff Attorney
Securities Division

James Florio
Internal Revenue Agent
Excise Tax Specialist Case No. 08-1789 (BLM)


**IRS**
Internal Revenue Service
www.irs.us.treas.gov

300 N. Los Angeles St.
Attn: Stop 4508 JF
Los Angeles, CA 90012

Tel: (213) 576-3832 FAX: (213) 576-3731

Department of the Treasury
Internal Revenue Service
Form 2433 (Rev. March, 1988)



# Notice of Seizure

**Name and Address**

LAMAR ELLIS
1852 E. HOLLY OAK DR.
WEST COVINA, CA. 91791

Under the authority in section 6331 of the Internal Revenue Code, and by virtue of a levy Director of Internal Revenue of the district shown below, I have seized the property below for non due internal revenue taxes.

| Due from | Amount |
|---|---|
| LAMAR ELLIS | $ 97,753,329.14 |

| Internal Revenue Agent Excise Tax Specialist | James Florio | 300 N. Los Angeles St. Attn: Stop 4508 JF Los Angeles, CA 90012 |
|---|---|---|

**Description of property**

No. 000707 – Debt Obligation Bearer Certificates of Deposit
Face Amount $10,000,000.00
No. 000708 –           "           "           "
No. 000719 –           "           "           "
No. 000720 –           "           "           "
No. 000722 –           "           "           "
No. 000723 –           "           "           "
No. 000725 –           "           "           "
No. 000726 –           "           "           "
No. 000728 –           "           "           "
No. 000731 –           "           "           "

Lamelli LTD Partnership (Trust) Gift Certificates
in the face amount of $10,000.00 each:
No. 0038, 0026 thru 0037
    0051 thru 0075
    0076 thru 0099
    0101 thru 0125

I LAMAR ELLIS WAIVE THE 30 day waiting period for levy per IRM 6331(d)
SIGNED
DATED    10-23-95              SOCIAL SECURITY NUMBER

*Lamar Ellis*
**ATTACHMENT**

Case No. 08-1789 (BLM)



## DEPOSIT GUARANTY NATIONAL BANK®

One Deposit Guaranty Plaza
Post Office Box 1200
Jackson, Mississippi 39215-1200
Phone 601 354-8586
Telefax 601 960-4817

Hugh W. Latimer
Senior Vice President
Trust Officer

May 4, 1995

Dr. Lamar Ellis
1516 Everett Avenue
Jackson, Mississippi   39204

RE:   Energetic Psychoanalytic Institute and Training School
      Agency Account, number 107458002

Dear Dr. Ellis:

It was good to meet you when you and Mr. Latimer stopped by the office this week.   We appreciate and thank you for choosing Deposit Guaranty National Bank to serve your needs in regards to this account.

Even though the agency agreement allows for other services, it is our understanding that our only duty, until further directed, is to hold and safekeep the following items.

| Shares | Description |
|--------|-------------|
| 99,000,000 | Lamelli, (Ltd.) Limited Partnership, #12 |
| 400,000,000 | Lamelli Ltd. Bearer Certificates of Deposit Debt Obligation, No's 660,662,663,665,666,668, 669,671,672,674,656,759,761,762,764,767,770, 791,794,797,707,708,719,720,722,723,725,726, 728,731,734,737,738,740,743,746,747,755,756, and 758 @ $10,000,000.00 each |

Every six months you will receive a statement which will indicate the securities held in this fund.

IN WITNESS WHEREOF, said parties have hereunto executed this Agreement on this the 1 day of May , 1995.

DEPOSIT GUARANTY NATIONAL BANK

ENERGETIC PSYCHOANALYTIC
INSTITUTE AND TRAINING SCHOOL

ATTACHMENT

BY: _Hugh W. Latimer_

Hugh W. Latimer
Senior Vice President
& Trust Officer

BY: _Lamar Ellis_

LAMAR ELLIS, M.D.
COORDINATOR

**Case No. 08-1789 (BLM)**



*U.S. SECURITIES AND EXCHANGE COMMISSION*
*ATLANTA REGIONAL OFFICE*
*3475 Lenox Road, N.E.  Suite 500*
*Atlanta, GA 30326-1232*
*404-842-7600 Direct Line*
*404-842-5752 Fax*

*August 20, 2008*

Lamar Ellis
1372 Fernlake Avenue
Brea, CA 92821

Re:   Deposit Guaranty National Bank, AmSouth Bank, Regions Bank, Pioneer Investment
       Funds
       Our File No. ARO-1290755

Dear Mr. Ellis:

Thank you for your information received in this office on August 6, 2008.  We apologize for the delay in responding.  The information you provided will be carefully considered from the standpoint of our enforcement and regulatory responsibilities under the federal securities laws.

Although the cooperation of the public in furnishing information is very important in our work, the investigations we conduct are usually confidential.  This is done to protect the integrity of an investigation from premature disclosure and to protect the personal privacy of persons with respect to whom unfounded charges may be made.  Thus, subject to applicable provisions of the Freedom of Information Act, as amended, the existence or non-existence of an investigation is generally not disclosed unless and until made a matter of public record in proceedings instituted before the Commission or in the courts.

May we also point out that we are not authorized to render legal or financial advice, nor may we represent any individual in connection with the assertion of their personal claims or rights or overrule a decision made by the courts.  However, you may wish, independent of this office's interest in the matter, to consult with an attorney to explore any remedies, which may be available to you in this matter.

Sincerely,

Timothy Y. Barker
Senior Accountant

**ATTACHMENT**

NASD Investor Complaint Form

**NASD Investor Complaint Form**

**Case No. 08-1789 (BLM)**

Investor protection. Market integrity.



We strongly encourage investors to file their complaint via the online NASD Investor Complaint Center at http://complaint.nasd.com. Filing online is the quickest way for us to receive your complaint.

If you prefer to file your complaint offline, you may complete this printable complaint form and fax or mail it to us at the address noted at the end of the form. Please enter your complaint information directly into this form using your computer. Completing the form by hand may delay the processing of your complaint. When completed, please print this form and fax or mail it to us at the address noted on the form.

Please do not send duplicate copies of your complaint by mail or fax if you have submitted your complaint online. Sending multiple copies will only delay the time it takes us to respond to your complaint.

---

**Step 1: Tell Us About the Firm or Individual You Have a Complaint Against**
* = Required Fields

**Brokerage Firm Name: ***

Deposit Guaranty National Bank, AMSouth Bank, Regions Bank, Pioneer investments Founds

**Salesperson or Firm Representative:**

First Name:                    Middle Name:              Last Name:
                               -

**Address of the Office with which you do Business: ***



City:                          State/Province:           Zip Code:
                               Massachusetts

☐ Check this box if you do not use a salesperson or your salesperson was not involved in the conduct that is the subject of your complaint.

**Business Phone:**

NASD Investor Complaint Form

**Step 2: Tell Us About Yourself**
* = Required Fields

**Case No. 08-1789 (BLM)**

**Anonymous Complaint:** *
All complaint information will be treated in confidence to the fullest extent possible. NASD, however, cannot guarantee that during the course of a related investigation or possible prosecution of the matter that the source of the complaint will not become known. Unless you provide an e-mail address or telephone number, checking 'Yes' will prevent us from following up with you to gather additional details.

\* ○ No  ○ Yes - I wish to make an anonymous complaint.

**Your Name:** *

| Prefix: | First Name: | Middle Name: | Last Name: |
|---------|-------------|--------------|------------|
|         |             |              |            |

**Mailing Address:** *
Street Address:

City:                        State/Province:                        Zip Code:

Country:
United States

**Work Phone:** *                    **Home Phone:** *
                                     Enter only one email address.
**Fax Number:**                    **Email Address:** *

Are you active, or have recently been active, in the United States Military? * ⊙ No  ○ Yes

**Please select one of the following age ranges:** *

| Under 18 | ○ |
| 18 - 29 | ○ |
| 30 - 39 | ○ |
| 40 - 59 | ○ |
| 60 - 85 | ⊙ |
| Over 85 | ○ |
| I do not wish to provide. | ○ |

NASD Investor Complaint Form

**Case No. 08-1789 (BLM)**

**Step 3: Tell Us About Your Investment**
**\* = Required Fields**

**Security Type: \***
Bond - Corporate

**Security Symbol:**
aopxx

**Security Name:**
AMSouth PRmomkt

**Dates of Transaction or Activity: \***
(e.g. 1/15/2003)

**From Date:**
09/27/03

**To Date:**
08/02/08

**Tell us about your complaint:**

What type of problem(s) are you reporting:

**Primary Problem: \***
Unauthorized transactions

**Secondary Problem:**
Lost or stolen funds/securities

**Amount in dispute: \* $** 1,278,000,000,000

**Complaint Summary \***

Please provide a brief summary of your complaint. Please limit your description to a few clear sentences within the space available below. *If required, complete details will be gathered later in the complaint process.*

Assets in question were plaged into safe keeping with deposit Guaranity National Bank in 1995, it appears that (DGNB) sold itself to other Banks along with Lamar Ellis Trust "Assets". Some of which are trading via NASDAQ- without the trust knowledge or approval since 9/27/05.

**What documentation are you able to provide regarding your complaint?**

☑ Trade Confirmation
☐ Monthly Account Statement
☐ Canceled Checks
☑ Correspondence to and from Firm

☐ Advertising or Marketing Materials
☑ Notes of Conversations with Firm
☐ Subscription Agreement
☑ Other  Anonymously info provided in April 2008

NASD Investor Complaint Form

**Step 4: What actions have you taken?**

· Firm Contact

**Case No. 08-1789 (BLM)**

Have you complained to the firm? ⦿ Yes ○ No

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

Naomi Willams (601)968-4627 Regions Bank (no resoultion)
Nancy ARP (800)225-6292 on 06/018/08 (no resolution)
Casey Plan Pioneer investments.com on 06/17/08 (no resolution)
Kelly Powers (617)422-4333 on 06/17/08 (no resoultion)
Matt Curran (617)422-4333 on 06/10/08 (no resoultion)

**Other Regulatory Contact**

Have you contacted any other regulators? ⦿ Yes ○ No
If yes, who?

☐ Securities and Exchange Commission (SEC)

☐ State Regulator. Please list states: |                                    |

☐ Commodity Futures Trading Commission (CFTC)

☐ New York Stock Exchange (NYSE)

☐ Securities Investor Protection Corporation (SIPC)

☑ Others | U.S. Treasury dept. in 2003 |

**Arbitration**

Have you filed an arbitration claim? ⦿ Yes ○ No
If yes, with what Organization(s)?

☐ NASD

☐ New York Stock Exchange

☐ American Arbitration Association

☐ American Stock Exchange

☑ Others | U.S. Treasury dept. in 2003 |

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

Date of contact:
w/san bernardino CA
(IRS) office on 09/27/03 as a walk-in

**Legal Action Taken**

**Case No. 08-1789 (BLM)**

Have you taken legal action? ⊙Yes ○No

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

A Law suit against (60) or more (DOES) pertaining to these missing assets, were filed with Superior Court of the state of California for the County of Los Angeles, East district, East Pomona Court house in December 2003

**Step 5: Send This Completed Form to NASD**

Please print the completed form and mail or fax it to:

**NASD Investor Complaint Center**
1735 K Street, NW
Washington, DC 20006-1506
Fax: (866) 397-3290

Please do not send duplicate copies of your complaint by mail or fax if you have submitted your complaint online. Sending multiple copies will only delay the time it takes us to respond to your complaint.

In the meantime, we encourage you to read our Complaint Program brochure on our Web site at http://www.nasd.com/complaint/InvestorBrochure to learn about how we will handle your complaint and what other steps you may want to take, including arbitration and mediation, to recover any money or securities.

Please be aware that filing a complaint through the Investor Complaint Center is not the same as submitting an arbitration claim online. To start an arbitration or mediation, please visit the Arbitration & Mediation section of NASD's Web site at http://www.nasd.com/ArbitrationMediation/StartanArbitrationorMediation/index.htm. For more information about arbitration and mediation, please visit http://www.nasd.com/ArbitrationMediation/index.htm.

## Markel, Tatiana

| | |
|---|---|
| **From:** | Markel, Tatiana |
| **Sent:** | Thursday, September 22, 2016 5:53 PM |
| **To:** | 'bernstein.chambers@nysb.uscourts.gov' |
| **Cc:** | Murphy, Keith R. |
| **Subject:** | (SIPC v. BLMIS) Adv. Pro. No. 08-01789, ECF Nos. 13848, 13924 - Motion for Relief from Stay (Lamar Ellis) |

Dear Judge Bernstein:

Per the instructions of Michael Paek, I called Lamar Ellis on Tuesday, September 20, 2016, concerning his motion for relief from stay, and advised him that it will be heard on September 28th. I asked whether he would be available to appear in person or by telephone on that date. He advised that he no longer wished to pursue this action, and was moving forward with another action in California. We believe he was referring Adv. Pro. No. 16-13520 (SC) in the Central District of California. I told Lamar Ellis that I would advise the Court of his decision.

Mr. Paek requested that I copy Lamar Ellis on this communication; unfortunately, he does not appear to have an email address. As such, I will print out this email and send it to Mr. Ellis by mail, explaining that I have advised the Court of Mr. Ellis's decision not to pursue his motion for relief from stay.

We appreciate Your Honor's attention to this matter. Please advise if there's anything else you require from us.

Thank you.

**Tatiana Markel**
Associate

**BakerHostetler**
45 Rockefeller Plaza
New York, NY 10111-0100
T 212.589.4615

tmarkel@bakerlaw.com
bakerlaw.com



BakerHostetler
EXPERIENCE OF TOMORROW

LAMAR ELLIS, Individual (Pro Per) Case No. 08-1789 (BLM)
218 Lincoln Avenue
Pomona, California 91767
(909) 623-2247

ORIGINAL FILED

FEB 0 9 2004

LOS ANGELES
SUPERIOR COURT

Case No. 8:16-bk-13520-SC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE

## COUNTY OF LOS ANGELES, EAST DISTRICT, EAST-POMONA COURTHOUSE

| | |
|---|---|
| LAMAR ELLIS, an Individual; | Case No.: KC 043397 H |
| Plaintiff, | Assigned For All Purposes to: Judge Bruce Minto, Dept. H |
| vs. | 1st AMENDED COMPLAINT; PLAINTIFF(s) SEEKS $1,347 BILLION DAMAGES; CAUSE OF ACTION WITH SEVERAL SUBCAUSES (982.1 CAUSE OF ACTION/COMMON COUNTS) |
| UNIVERSITY OF CALIFORNIA IRVINE, et al., with defendants separate and apart; DOES 1 through 60 Inclusive. | I – 1998 FEDERAL IDENTITY THEFT DETERRANCE ACT, AND CALIFORNIA IDENTITY THEFT ACT UNDER PENAL CODE §530.7 |
| Defendant | SUB CASES: |

A) DEFAMATION OF CHARACTER
B) THREAT OF BODILY HARM
C) EXTORTION
D) BREACH OF CONTRACT
E) EMBEZZLEMENT
F) HYPOTHECATION
G) CONSPIRACY TO FRAUD
H) MENTAL DISTRESS RECKLESS OR INTENTIONAL
I) ATTORNEY WRONGFULLY DISMISSING HIMSELF WITHOUT NOTICE
J) ELDER ABUSE

COMES NOW Plaintiffs: Lamar Ellis, Individual; Lamar Ellis, Trust and Energetic Institute and alleges as follows: Defendants extorted $1,347 billion of plaintiffs $6,133 billion. Plaintiff's plan to seek recovery through legal means with the assistance of the U.S. Treasury Department, (IRS). All defendants involved were also reported to the (IRS) as a matter of compliance on September 30, 2003.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

1.     At all times mentioned herein, plaintiffs are and now is a competent adult residing in the City of Pomona, California.

2.     Plaintiffs are informed and believe and thereupon allege that defendant U. C. Irvine (hereinafter) referred to as UCI et al.) is an at all times herein mentioned as a campus of the University

Amendment to Complaint - 1

ATTACHMENT:
9/1/16

Case No 708-1789 (BLM)
Pg 1 of 1

# The Superior Court

Case No.: 8:16-bk-13520-SC
Chapter 7

**East District – Pomona Court North**

JOHN A. CLARKE
EXECUTIVE OFFICER/CLERK

350 W. MISSION BOULEVARD ● POMONA ● CALIFORNIA 91766-1607

## CERTIFICATION - NO RECORD

I certify that a thorough search of the Misdemeanor and Felony files and/or indices from the period of _____ 1986 _____ to _____ present _____ has been made and I find:

1. __X__ no record.

2. ____ case has been destroyed in reference to:

Name: _Lamar Ellis_

AKA: _____

D.O.B: _7-21-33_

JOHN A. CLARKE
EXECUTIVE OFFICER/CLERK

By: _____
    Deputy Clerk

OCT 2 4 2003

Case No. 8:16-bk-13520-SC

MISSISSIPPI SECURITIES ACT RULES

Promulgated
Pursuant to the
Mississippi Securities Act

Effective
February 1, 1993

Secretary of State

State of Mississippi

*Confidential Report*

## GUARANTEED TAX SHELTER BEARER CERTIFICATE

**Lamar Ellis Trust**

Page 2 shows a certificate, dated 09/27/2003, with a face value of $1,278,000,000, drawn to the order of the Lamar Ellis Trust.

The Cusip indicator AOPXX is provided on the certificate; the indicator is in fact the symbol for AmSouth Prime Money Market Class A shares, for which the Cusip is 032168700

AmSouth Prime Money Market Class A shares became Pioneer Cash Reserves Fund shares in September 2005. Trading medium: NASDAQ.

**ATTACHMENT**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

Lamar Ellis Trust
1372 Fern Lake Avenue
Brea, California 92821

Dear Lamar Ellis Trust:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 008118:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

---

1 Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

Case No. 08-1789 (BLM)   Case No. 8:16-bk-13520-SC

December 21, 2009

Irving H. Picard, Trustee
C/O Baker & Hostetler LLP
Attn:  Claims Department
45 Rockefeller Plaza
New York, New York 10111

Re:  Lamar Ellis written opposition Ref: Bankruptcy Case No: 08-1789

I, Lamar Ellis, of Lamar Ellis Trust disagree with the "Trustee"
December 11, 2009 determination Re: Case No. 008118 which
indicates that Lamar Ellis Trust was being denied a claim to Bernard L.
Madoff investment securities because the "Trustee" could not locate an
account in Lamar Ellis Trust.
My disagreement is that the Trustee appeared not to take into account
that there were other ways that Madoff could have ended up with
stolen assets that he could have traded. This is exactly what was
found to be the case as described by several law enforcement groups,
including the FBI (see enclosed list of agencies) whom have been
investigating Lamar Ellis' stolen assets since September, 2003 when
first reported to the Pomona, CA police department. That law
enforcement group, evidently working confidentially and incognito for
much of the past seven years. The Lamar Ellis Trust was notified in
late 2008 the group had located some of the Lamar Ellis Trust assets
in the hands of Bernard L. Madoff and that his office had traded Lamar
Ellis Trust assets through NASDAQ since 2005, while Madoff was the
director of NASDAQ.
The enclosed page entitled "Confidential Report Guaranteed Tax
Shelter Bearer Certificate" is the damaging piece of evidence against
Madoff, showing he and others were unlawfully trading Lamar Ellis
Trust assets.
Lastly, the Trustee did not take into account that the assets that
Madoff and others stole from Lamar Ellis Trust and through NASDAQ
were U.S. Government Guaranteed Instruments under Section 1045
Tentative IRC Refund, see enclosed 1045 instructions Re: that states
that the U.S. Government is responsible to Lamar Ellis Trust for a
refund of those stolen assets that ended up in the hands of Madoff and
are now being contested in the U.S. Tax Court with Lamar Ellis as the
petitioner, Docket No: 26342-09.

Lamar Ellis
1372 Fern Lake Avenue
Brea, CA 92821

COMPLAINT

Case No. 08-1789 (BLM)                      Case No. 8:16-bk-13520-SC

December 21, 2009

Clerk of the United States Bankruptcy Court
For the Southern district of New York
One Bowling Green
New York, New York 10004

Re:  Lamar Ellis written opposition Ref: Bankruptcy Case No: 08-1789

I, Lamar Ellis, of Lamar Ellis Trust disagree with the "Trustee"
December 11, 2009 determination Re: Case No. 008118 which
indicates that Lamar Ellis Trust was being denied a claim to Bernard L.
Madoff investment securities because the "Trustee" could not locate an
account in Lamar Ellis Trust.
My disagreement is that the Trustee appeared not to take into account
that there were other ways that Madoff could have ended up with
stolen assets that he could have traded. This is exactly what was
found to be the case as described by several law enforcement groups,
including the FBI (see enclosed list of agencies) whom have been
investigating Lamar Ellis' stolen assets since September, 2003 when
first reported to the Pomona, CA police department. That law
enforcement group, evidently working confidentially and incognito for
much of the past seven years. The Lamar Ellis Trust was notified in
late 2008 the group had located some of the Lamar Ellis Trust assets
in the hands of Bernard L. Madoff and that his office had traded Lamar
Ellis Trust assets through NASDAQ since 2005, while Madoff was the
director of NASDAQ.
The enclosed page entitled "Confidential Report Guaranteed Tax
Shelter Bearer Certificate" is the damaging piece of evidence against
Madoff, showing he and others were unlawfully trading Lamar Ellis
Trust assets.
Lastly, the Trustee did not take into account that the assets that
Madoff and others stole from Lamar Ellis Trust and through NASDAQ
were U.S. Government Guaranteed Instruments under Section 1045
Tentative IRC Refund, see enclosed 1045 instructions Re: that states
that the U.S. Government is responsible to Lamar Ellis Trust for a
refund of those stolen assets that ended up in the hands of Madoff and
are now being contested in the U.S. Tax Court with Lamar Ellis as the
petitioner, Docket No: 26342-09.

Lamar Ellis
1372 Fern Lake Avenue
Brea, CA 92821

COMPLAINT

Case No. 08-1789 (BLM)

September 21, 2016

Department of the Treasury

Office of the United States Attorneys

950 Pennsylvania Avenue N.W.

Washington, D.C. 20530-0001

Re: 841 Concealment of Poroperty- under 18 U.S.C. § 152(1)

Dear Sir/Madam

Please forward this "intent" to receive relief and to recover U.S.C. 15 investment securities to the correct officer of the United States Attorney's for processing.

Introduction: On 08/22/2016 Lamar Ellis Trust filed with the United States Bankruptcy Court of Santa Ana, CA, a notice of an Involuntary Bankruptcy petition, Case No: 8:16-BK13520-SC against Madoff Victim Fund "special master" under "concealment of property" 18 U.S.C. sub. sec. 152(1) and other(s) with the "intent" to retrieve its illegally held (SIPA) Securities from Madoff Trustee, Irving H. Picard and others. Case No. 8:16-BK-13250-SC was dismissed by the court on 9/14/2016 because it appeared that the court decided at the hearing that it did not have jurisdiction to proceed with this matter. However, Concealment of Property 18U.S.C. sub. Sec 152(1) and other section's knowledge had already been made a part of Lamar Ellis Trust public record submission to Case 8:16-BK-13520-SC on 8/22/2016.

The intent of this letter is to ask the offices of the United States Attorneys to retrieve and submit to Lamar Ellis Trust from Madoff Victim Fund "Special Master" Irving H. Picard, Trustee, C/O Baker & Hostetier, LLP Claims Department

45 Rockefeller Plaza

New York, New York 10111

And others of $1,278,000,000.00 as stated upon the enclosed data sheet that bears the names of AMSouth, Pioneer, NASDAQ upon it and from the account that bears this information from Madoff Victim Fund (No. 7070192-CRC)( Lamar Ellis, Tr) (Lamar Ellis TTEE, Conservator)

Lamar Ellis Trust

1372 Fern Lake Avenue

Brea, CA 92821

United States Department of Justice

## OFFICES *of* THE
# UNITED STATES ATTORNEYS

U.S. Attorneys » Resources » U.S. Attorneys' Manual » Criminal Resource Manual » CRM 500-999 » Criminal Resource Manual 801-899

## 841. Concealment of Property—18 U.S.C. § 152(1)

The concealment of property can be charged under either 18 U.S.C. § 152(1) or § 152(7). One of the important differences between these two paragraphs is that under Subsection (1) the property which was concealed must be property of the bankruptcy estate.

Subsection (1) of Section 152 provides that:

> A person who . . . knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;. . .shall be fined. . ., imprisoned. . ., or both.

The elements of the offense of concealment under 18 U.S.C. § 152(1) that the government must prove are:

1. the bankruptcy proceeding was in existence;
2. the defendant fraudulently concealed the property from the custodian; and
3. the property belonged to the bankruptcy estate.

Devitt, Blackmar & O'Malley, 2 *Federal Jury Practice and Instructions*, § 24.03 (4th ed. 1990); *United States v. Guiliano*, 644 F.2d 85, 87 (2d Cir. 1981); *United States v. Beery*, 678 F.2d 856 (10th Cir. 1982), *cert. denied*, 471 U.S. 1066 (1985).

Although § 152, itself, does not provide a definition, the phrase "property belonging to the estate of the debtor" has been construed broadly to include "any legal, equitable, or beneficial interest of the debtor in property on the date the bankruptcy petition was filed or that [the debtor] may have acquired after the commencement of the case other than earnings from personal services or loan proceeds." *United States v. Moody*, 923 F.2d 341, 348 (5th Cir.), *cert. denied*, 502 U.S. 821 (1991) (approving instruction with quoted language); *United States v. Cardall*, 885 F.2d 656, 677 (reh'g denied)(10th Cir. 1989)(11 U.S.C. § 541 is to be broadly construed to include all property interests wherever located and by whomever held). This all-encompassing definition requires the debtor to disclose information about all property that might be part of the bankruptcy estate.

> It is a reasonable reading of 18 U.S.C. § 152 to conclude that the statute requires a bankrupt to disclose the existence of assets whose immediate status is uncertain. Even if the asset is not ultimately determined to be property of the estate under the technical rules of the Federal Bankruptcy Code, Section 152 properly imposes sanctions on those who pre-empt a court's determination by failing to report the asset.

*United States v. Cherek*, 734 F.2d 1248, 1254 (7th Cir. 1984), *cert. denied*, 471 U.S. 1014 (1985).

A defendant may not conceal equitable interests in property of the bankruptcy estate. The fact that legal title to an asset is not held by the bankruptcy estate does not relieve a defendant of the duty to disclose the estate's equitable interest in such an asset. *United States v. Weinstein*, 834 F.2d 1454, 1461 (9th Cir. 1987), *post*

## Case No. 8:16-bk-13520-SC

## WARNING

THIS ENCLOSED ADDENDUM TO CASE NO:8:16-BK-13520_SC
8/6/16 CHAPTER 7 PETITION IS "SENSITIVE DATA" AND IS
MEANT FOR THE EYES OF JUDGE SCOTT C. CLARKSON ONLY!!

**3.**   **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

United States Bankruptcy Court
Central District of California

**Case No. 08-1789 (BLM)**

## Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 7 of the United States
Bankruptcy Code, entered on 08/22/2016 at 12:14 PM and filed
on 08/22/2016.



**Madoff Victim Fund "Special Master"**
P O Box 6310
Syracuse, NY 13217-6310

The case was filed by the following petitioning creditor(s):

**Lamar Ellis (TRUST)**
1371 Fern Lake Ave
Brea, CA 92821
562-697-5815

The case was assigned case number 8:16-bk-13520-SC to Judge Scott C Clarkson.

If you would like to view the bankruptcy petition and other documents filed by the petitioning creditor
(s) and the debtor, they are available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's
Office, 411 West Fourth Street, Suite 2030,, Santa Ana, CA 92701-4593.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy**
**Court**

Case No. 08-1789 (BLM)

1

2

3    ┌─────────────────────────────┐
     │      FILED & ENTERED        │
4    │                             │
     │        AUG 30 2016          │
5    │                             │
     │  CLERK U.S. BANKRUPTCY COURT│
6    │  Central District of California │
     │  BY steinber  DEPUTY CLERK  │
7    └─────────────────────────────┘

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA – Santa Ana Division

10

11   In re                              Case No. 8:16-bk-13520-SC

12   Madoff Victim Fund "Special Master,"   Chapter 7

13          Debtor.                     **ORDER TO SHOW CAUSE RE
                                        DISMISSAL**
14

15                                      Date: September 14, 2016
16                                      Time: 11:00 a.m.
                                        Courtroom 5C
17                                      411 West Fourth Street
                                        Santa Ana, CA 92701
18

19          On August 22, 2016, Lamar Ellis filed an involuntary chapter 7 bankruptcy

20   petition against Madoff Victim Fund "Special Master." *See* Involuntary Petition [Dk. 1].

21   Title 11 U.S.C. § 109(a) provides that "Notwithstanding any other provision of this

22   section, only a person that resides or has a domicile, a place of business, or property in

23   the United States, or a municipality, may be a debtor under this title." 11 U.S.C.

24   § 109(a). Section 101(41) defines "person," in pertinent part, as including an

25   "individual, partnership, and corporation, but does not include governmental unit. . . ."

26   11 U.S.C. § 101(41). In turn, the term "corporation" is defined as including

27   "(i) association having a power or privilege that a private corporation, but not an

28   individual or a partnership, possesses; (ii) partnership association organized under a

1    law that makes only the capital subscribed responsible for the debts of such association;

2    (iii) joint-stock company; (iv) unincorporated company or association; or (v) business

3    trust; but (B) does not include limited partnership." 11 U.S.C. § 101(9).

4        Based upon the record as a whole,

5        IT IS ORDERED that:

6        1. A hearing will be held on September 14, 2016, at 11:00 a.m. in which the

7            petitioning creditor, Lamar Ellis, must physically appear in Courtroom 5C, 411

8            West Fourth Street, Santa Ana, CA 92701, and show cause why this case

9            should not be dismissed based upon ineligibility of the debtor to be a debtor

10           in bankruptcy.

11        2. Any responses to this order must be filed on or before September 7, 2016.

12        3. Lamar Ellis's failure to appear physically at the hearing referenced above may

13           result in dismissal of this case.

14                      ###

24                                *Scott C. Clarkson*

25    Date: August 30, 2016                Scott C. Clarkson

                                        United States Bankruptcy Judge

Case No. 08-1789 (BLM)

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Tatiana Markel
direct dial: 212.589.4615
tmarkel@bakerlaw.com

September 26, 2016

Lamar Ellis
1372 Fern Lake Avenue
Brea, CA 92821

Dear Mr. Ellis:

Enclosed, please find a copy of the communication I sent Judge Bernstein after our phone call on Tuesday, September 20th, during which you expressed your desire not to go forward with the motion for relief from stay you filed in the Southern District of New York.

Please feel free to call me should you have any questions.

Sincerely,

Tatiana Markel

**Markel, Tatiana**

| | |
|---|---|
| **From:** | Markel, Tatiana |
| **Sent:** | Thursday, September 22, 2016 5:53 PM |
| **To:** | 'bernstein.chambers@nysb.uscourts.gov' |
| **Cc:** | Murphy, Keith R. |
| **Subject:** | (SIPC v. BLMIS) Adv. Pro. No. 08-01789, ECF Nos. 13848, 13924 - Motion for Relief from Stay (Lamar Ellis) |

Dear Judge Bernstein:

Per the instructions of Michael Paek, I called Lamar Ellis on Tuesday, September 20, 2016, concerning his motion for relief from stay, and advised him that it will be heard on September 28th. I asked whether he would be available to appear in person or by telephone on that date. He advised that he no longer wished to pursue this action, and was moving forward with another action in California. We believe he was referring Adv. Pro. No. 16-13520 (SC) in the Central District of California. I told Lamar Ellis that I would advise the Court of his decision.

Mr. Paek requested that I copy Lamar Ellis on this communication; unfortunately, he does not appear to have an email address. As such, I will print out this email and send it to Mr. Ellis by mail, explaining that I have advised the Court of Mr. Ellis's decision not to pursue his motion for relief from stay.

We appreciate Your Honor's attention to this matter. Please advise if there's anything else you require from us.

Thank you.

**Tatiana Markel**
Associate

**BakerHostetler**
45 Rockefeller Plaza
New York, NY 10111-0100
T 212.589.4615

tmarkel@bakerlaw.com
bakerlaw.com

BakerHostetler
100
EXPERIENCE THE TOMORROW

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Keith R. Murphy

Case No. 08-1789 (BLM)

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

## NOTICE OF CANCELLATION OF HEARING

**PLEASE TAKE NOTICE** that on behalf of Irving H. Picard (the "Trustee"), as trustee

for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the

Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, and the substantively consolidated estate

of Bernard L. Madoff, through his counsel Baker & Hostetler LLP, the hearing scheduled to be

held on <u>August 31, 2016 at 10:00 a.m.</u> is cancelled.

<jwnijkamp@kpnmail.nl>; kbell <kbell@sipc.org>; krishnamurthyp <krishnamurthyp@sec.gov>; krizia_ligale <krizia_ligale@yahoo.com.hk>; lamelli <lamelli@verizon.net>; leyla.hill <leyla.hill@hos.com>; linchasd <linchasd@netvigator.com>; lindencoppell <lindencoppell@gmail.com>; lovormon <lovormon@aol.com>; maddockspaul <maddockspaul@gmail.com>; marciroses <marciroses@aol.com>; mamy <mamy@corsair2.com>; matfcarroll <matfcarroll@msn.com>; mauricesandler <mauricesandler@sbcglobal.net>; mdweb27 <mdweb27@me.com>; mrkruze <mrkruze@comcast.net>; msoslow <msoslow@untracht.com>; muchhal <muchhal@netvigator.com>; mwinick <mwinick@hotmail.com>; ndver <ndver@comcast.net>; nkelley <nkelley@sipc.org>; optics58 <optics58@gmail.com>; oreng <oreng@bellsouth.net>; pabst <pabst@mantomgmt.com>; peplady5 <peplady5@gmail.com>; pfisch <pfisch@twcny.rr.com>; prosenblum <prosenblum@mindspring.com>; richard.hoefer <richard.hoefer@utanet.at>; rjch <rjch@netvigator.com>; rmacdon482 <rmacdon482@aol.com>; rng67 <rng67@comcast.net>; reardon <reardon@stblaw.com>; rudolf.rausch <rudolf.rausch@gmail.com>; simcha.gutgold <simcha.gutgold@gmail.com>; sltiner <sltiner@yahoo.com>; srohdie

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Tatiana Markel
direct dial: 212.589.4615
tmarkel@bakerlaw.com

September 26, 2016

Lamar Ellis
1372 Fern Lake Avenue
Brea, CA 92821

Dear Mr. Ellis:

Enclosed, please find a copy of the communication I sent Judge Bernstein after our phone call on Tuesday, September 20th, during which you expressed your desire not to go forward with the motion for relief from stay you filed in the Southern District of New York.

Please feel free to call me should you have any questions.

Sincerely,

Tatiana Markel

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Re: seeking opinion from Judge Bernstein of Sections: 1) 521(a)(1), 2) 152(1) securities ownership

Re: Tatiana Markel phone call on 04/20/2016 and enclosed L. Ellis tmarkel@bakerlaw.com please submit to Judge Bernstein

Dear Ms. Markel

I am Lamar Ellis, a senior citizen, in very poor health now, in my mid-eighties, a 100% disabled combat service connected veteran and also the trustee of Lamar Ellis Trust, Claim No. 008118, of U.S. Bankruptcy Court Case No. 08-1789(BRL).

Regarding your 09/20/2016 call to me, First, because of my disabilities stated above, I found it very difficult to hear all of your conversation, and Secondly, with so much fraudulent "matter" going on in the country at this time, I am very reluctant to give out any information over the telephone to any one.

Lamar Ellis Trust submitted this email address lamelli@verizon.net to Trustee Picard many years ago. Now that you have written to me, I am better able to respond to why Lamar Ellis Trust contacted the court in July, 2016.

Lamar Ellis Trust seeks the court's opinion regarding its claim to ownership of certain investment securities now held by Trustee Irving H. Picard.

Note: Lamar Ellis Trust seeks relief under some or all of these federal statutes:

1. Order for relief from stay order
2. Section 521(a)(1) of the U.S. Bankruptcy Code
3. Section 152(1) of property registered letter to the offices of the United States Attorneys

Lamar Ellis Trust will submit an additional Forty-five pages of its documentation attesting to its ownership of the securities via U.S.P.S. Express Mail to Baker & Hostetler, LLP 45 Rockefeller Plaza New York, New York 10111 to be handed over to Judge Bernstein.

*Lamar Ellis 10/4/16*
Lamar Ellis Trust

lamelli@verizon.net


CC: Judge Bernstein

Clerk of the United States Bankruptcy Court
For the Southern district of New York
One Bowling Green
New York, New York 10004

Case No. 08-1789 (BLM)

September 21, 2016

Department of the Treasury

Office of the United States Attorneys

950 Pennsylvania Avenue N.W.

Washington, D.C. 20530-0001

Re:  841 Concealment of Poroperty-
    under 18 U.S.C. § 152(1)
Dear Sir/Madam

Please forward this "intent" to receive relief and to recover U.S.C. 15 investment securities to the correct officer of the United States Attorney's for processing.

Introduction: On 08/22/2016 Lamar Ellis Trust filed with the United States Bankruptcy Court of Santa Ana, CA, a notice of an Involuntary Bankruptcy petition, Case No: 8:16-BK13520-SC against Madoff Victim Fund "special master" under "concealment of property" 18 U.S.C. sub. sec. 152(1) and other(s) with the "intent" to retrieve its illegally held (SIPA) Securities from Madoff Trustee, Irving H. Picard and others. Case No. 8:16-BK-13250-SC was dismissed by the court on 9/14/2016 because it appeared that the court decided at the hearing that it did not have jurisdiction to proceed with this matter. However, Concealment of Property 18U.S.C. sub. Sec 152(1) and other section's knowledge had already been made a part of Lamar Ellis Trust public record submission to Case 8:16-BK-13520-SC on 8/22/2016.

The intent of this letter is to ask the offices of the United States Attorneys to retrieve and submit to Lamar Ellis Trust from Madoff Victim Fund "Special Master" Irving H. Picard, Trustee, C/O Baker & Hostetier, LLP Claims Department

45 Rockefeller Plaza

New York, New York 10111

And others of $1,278,000,000.00 as stated upon the enclosed data sheet that bears the names of AMSouth, Pioneer, NASDAQ upon it and from the account that bears this information from Madoff Victim Fund (No. 7070192-CRC)( Lamar Ellis, Tr) (Lamar Ellis TTEE, Conservator) *Lamar Ellis*

Lamar Ellis Trust

1372 Fern Lake Avenue

Brea, CA 92821

—————— OFFICES *of* THE ——————

# UNITED STATES ATTORNEYS

Case No. 08-1789 (BLM)

U.S. Attorneys » Resources » U.S. Attorneys' Manual » Criminal Resource Manual » CRM 500-999 » Criminal Resource Manual 801-899

## 841. Concealment of Property—18 U.S.C. § 152(1)

The concealment of property can be charged under either 18 U.S.C. § 152(1) or § 152(7). One of the important differences between these two paragraphs is that under Subsection (1) the property which was concealed must be property of the bankruptcy estate.

Subsection (1) of Section 152 provides that:

> A person who . . . knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;. . .shall be fined. . ., imprisoned. . ., or both.

The elements of the offense of concealment under 18 U.S.C. § 152(1) that the government must prove are:

1. the bankruptcy proceeding was in existence;
2. the defendant fraudulently concealed the property from the custodian; and
3. the property belonged to the bankruptcy estate.

Devitt, Blackmar & O'Malley, 2 *Federal Jury Practice and Instructions*, § 24.03 (4th ed. 1990); *United States v. Guiliano*, 644 F.2d 85, 87 (2d Cir. 1981); *United States v. Beery*, 678 F.2d 856 (10th Cir. 1982), *cert. denied*, 471 U.S. 1066 (1985).

Although § 152, itself, does not provide a definition, the phrase "property belonging to the estate of the debtor" has been construed broadly to include "any legal, equitable, or beneficial interest of the debtor in property on the date the bankruptcy petition was filed or that [the debtor] may have acquired after the commencement of the case other than earnings from personal services or loan proceeds." *United States v. Moody*, 923 F.2d 341, 348 (5th Cir.), *cert. denied*, 502 U.S. 821 (1991) (approving instruction with quoted language); *United States v. Cardall*, 885 F.2d 656, 677 (reh'g denied)(10th Cir. 1989)(11 U.S.C. § 541 is to be broadly construed to include all property interests wherever located and by whomever held). This all-encompassing definition requires the debtor to disclose information about all property that might be part of the bankruptcy estate.

> It is a reasonable reading of 18 U.S.C. § 152 to conclude that the statute requires a bankrupt to disclose the existence of assets whose immediate status is uncertain. Even if the asset is not ultimately determined to be property of the estate under the technical rules of the Federal Bankruptcy Code, Section 152 properly imposes sanctions on those who pre-empt a court's determination by failing to report the asset.

*United States v. Cherek*, 734 F.2d 1248, 1254 (7th Cir. 1984), *cert. denied*, 471 U.S. 1014 (1985).

A defendant may not conceal equitable interests in property of the bankruptcy estate. The fact that legal title to an asset is not held by the bankruptcy estate does not relieve a defendant of the duty to disclose the estate's equitable interest in such an asset. *United States v. Weinstein*, 834 F.2d 1454, 1461 (9th Cir. 1987), *post*

STATE OF CALIFORNIA—STATE AND CONSUMER SERVICES AGENCY                    EDMUND G. BROWN JR., Governor



# BOARD OF MEDICAL QUALITY ASSURANCE

**DEPARTMENT OF Consumer Affairs**

1430 HOWE AVENUE, SACRAMENTO, CALIFORNIA 95825

916-920-6411

**Case No. 8:16-bk-13520-SC**

June 23, 1981

**Case No. 08-1789 (BLM)**

UCLA
Graduate Admissions
1247 Murphy Hall
405 Hilgard Avenue
Los Angeles, California  90024

Gentlemen:

Please be advised that Lamar Ellis has submitted all documentation necessary to take the written examination which will allow him to practice medicine in the State of California.

If you have further questions concerning this matter, please do not hesitate to contact me.

Sincerely yours,

BOARD OF MEDICAL QUALITY ASSURANCE

Cherry E. Fenn
Program Tech. Supervisor
Division of Licensing

**ATTACHMENT**

STATE OF CALIFORNIA—STATE AND CONSUMER    VICES AGENCY                     EDMUND G. BROWN JR., Governor

**DEPARTMENT OF**
**Consumer Affairs**

# BOARD OF MEDICAL QUALITY ASSURANCE
1430 HOWE AVENUE, SACRAMENTO, CALIFORNIA 95825
(916) 920-6353



Case No. 8:16-bk-13520-SC

Case No. 08-1789 (BLM)

October 22, 1982

Lamar Ellis, M.D.
2224 Monterey Place
Ontario, CA  91761

Dear Dr. Ellis:

This is in response to your request to retake the FLEX examination in parts
due to your medical condition. I have reviewed this matter with both our
Chief Medical Consultant and our legal staff and they have advised me as
follows:

1.  You may take the examination in parts but you must take at least one
    full day of the examination at a time.

2.  Rather than take the examination in three successive days, you can
    take part of the exam each time the FLEX is administered, i.e., every
    six months. Thus, for the next exam which is administered in December,
    you may take either Day I, Day II or Day III, a combination of these
    or all of these parts. You must, however, at least take a full day at
    one time, as stated above. Rest breaks are scheduled each day.

Please advise me in writing regarding your preference on the above. I would
like to be more flexible regarding our arrangements, but we are administering
a national examination which is given throughout the country at the same time
and we are required to conduct that exam in accordance with the rules of the
Federation of State Medical Boards.

Sincerely,

Richard C. DeWalt
Program Manager
Division of Licensing

RCD:klb

16

ATTACHMENTS

section 664 of the Internal Revenue Code

### *TRUST DECLARATION*

### *FOR*

### DR. LAMAR ELLIS

Employer Identification number
95:7059679

## SECTION ONE

### TRANSFER OF TRUST PROPERTY

For the purpose of providing income to Lamar Ellis, during his lifetime, and also for the purpose of promoting the public health and welfare in the Jackson, Mississippi and surrounding area, I, Lamar Ellis of 1516 Everett Avenue, Jackson, MS 39204 (hereinafter "Trustor") hereby irrevocably create a trust fund comprised of the property described in Schedule A of this instrument, and do hereby convey, transfer and deliver said property, in trust, to the following persons: Danny L. Crotwell, Attorney-at-Law, 1252 Deposit Guaranty Plaza, Jackson, Mississippi 39201-2383 and, Lamar Ellis 1516 Everett Avenue, Jackson, MS 39204, who are hereby named as Co-Trustees.  Said trust fund shall be known as the "Lamar Ellis Trust".

## SECTION TWO

### MANAGEMENT OF TRUST FUNDS & PROPERTY

The Trustees shall manage, invest and reinvest the trust fund, or parts of it to the extent permissible under the Mississippi Uniform Trustees Powers Act, Section 91-9-101, et seq. of the Mississippi Code of 1972, as amended, subject to the restrictions of this instrument, and shall receive and collect the income from the trust fund.  The character, terms and nature of the investment and use of the trust fund shall be in the sole discretion of the Trustees and the Trustees shall use their best judgment in the management of the trust fund, and shall have the authority to employ third persons to advise them in making such decisions, and to pay reasonable compensation for such advice.  The signature of either of the Trustees will be deemed sufficient to bind the Trust.

**ATTACHMENT**

Case No. 8:16-bk-13520-SC

IN WITNESS WHEREOF, I, LAMAR ELLIS, have hereunto set my

signature on, and declared this trust on this the 3 day of

_____, 1996.                    Case No. 08-1789 (BLM)

                                    _____
                                    LAMAR ELLIS, TRUSTOR

STATE OF CALiFoRNiA

COUNTY OF Los Angeles

        PERSONALLY APPEARED BEFORE ME, the undersigned authority in

and for the jurisdiction above stated, the within named Lamar

Ellis, who stated and acknowledged to me that he did sign and

deliver the above and foregoing instrument on the date and for the

purposes therein stated.

        GIVEN UNDER MY HAND AND OFFICIAL SEAL, this the 3 day of

_____, 1996.

                                    _____
                                    NOTARY PUBLIC   Roy Morris

MY COMMISSION EXPIRES:
June 14, 1996

                                    ROY MORRIS
                                    COMM. #967670
                                    NOTARY PUBLIC - CALIFORNIA
                                    LOS ANGELES COUNTY
                                    My Comm. Expires June 14, 1996

Grantor(s):                         Grantee(s):

_____             _____

_____             _____

_____             _____

(     )                             (     )

THIS INSTRUMENT PREPARED BY:
Danny L. Crotwell, Esq.
COURTNEY & CAMP
210 E. Capitol St., Suite 1252
Deposit Guaranty Plaza
Jackson, MS  39201-2383
(601) 948-2307

**ATTACHMENT**

Case No. 08-1789 (BLM)

Case No. 8:16-bk-13520-SC

# State of Mississippi



## Office of Secretary of State
### Jackson

## Certificate of Incorporation

### of

### ELLIS PHARMACEUTICAL MFG. CO. INC.

The undersigned, as Secretary of State of the State of Mississippi, hereby certifies that duplicate originals of Articles of Incorporation for the above named corporation duly signed and verified pursuant to the provisions of the Mississippi Business Corporation Act, have been received in this office and are found to conform to law.

ACCORDINGLY the undersigned, as such Secretary of State, and by virtue of the authority vested in him by law, hereby issues this CERTIFICATE OF INCORPORATION, and attaches hereto a duplicate original of the Articles of Incorporation.

Given under my hand and Seal of Office, this the   2nd   day of   June,
19 86.



SECRETARY OF STATE.

**ATTACHMENTS**

Case No. 08-1789 (BLM)

C-9

Case No. 8:16-bk-13520-SC

# MISSISSIPPI SECURITIES ACT RULES

Promulgated
Pursuant to the
Mississippi Securities Act

Effective
February 1, 1993

Secretary of State

State of Mississippi

*Confidential Report*

# GUARANTEED TAX SHELTER BEARER CERTIFICATE

# Lamar Ellis Trust

Page 2 shows a certificate, dated 09/27/2003, with a face value of $1,278,000,000, drawn *to the order of* the Lamar Ellis Trust.

The Cusip indicator AOPXX is provided on the certificate; the indicator is in fact the symbol for AmSouth Prime Money Market Class A shares, for which the Cusip is 032168700

AmSouth Prime Money Market Class A shares became Pioneer Cash Reserves Fund shares in September 2005. Trading medium: NASDAQ.

08-1789 (BLM)

**ATTACHMENT**

*10*

July 21, 2016

Clerk of the United States Bankruptcy Court
For the Southern district of New York
One Bowling Green
New York, New York 10004

LAMAR ELLIS

1372 FERN LAKE AVENUE          Conservator

BREA, CA 92821

Case No. 08-1789 (BLM)
Claim No. 008118:

Employer's Tax Identification (EIN) No(s):  ~~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~~

## ORDER FOR RELIEF FROM STAY

The hearing on the Motion for Relief from an Automatic Stay ("Motion"; pleading ___) filed

by Petitioner Lamar Ellis should not be scheduled for a hearing.

The Court may consider the merits of the Motion, the allegations therein, the attachments thereto,
[any

objection filed thereto, the arguments of counsel [no objections having been filed thereto], and
there

being good cause to grant the relief requested;

IT IS ORDERED that the Motion is GRANTED, and the automatic stay imposed by 11

U.S.C. § 362 is terminated to allow Mover to proceed to Liquidation Proceedings of

Carryback/Carryforward   1045   Petitioner/Conservator, Lamar Ellis seeks relief to

liquidate $969,757,940 of Debtor $1.8 Billion in order to recover losses which occurred at the

hands of Debtor or otherwise exercise its security interests against the following described

collateral ("Collateral"):  Special Master of Madoff Victim fund

Regions Bank, Pioneer Investment Funds as 60 other Does under 1998 Federal
Identity Theft Act under Penal Code 530.7 to recover Lamar Ellis Trust/Energetic,

IT IS FURTHER ORDERED that Movers are to file a report of sale promptly following

liquidation of the Collateral.

Lamar Ellis_____

Case No. 08-1789 (BLM)          Case No. 8:16-bk-13520-SC

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

_____

_____

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partner in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

_____

_____

3.  (If petitioner is a corporation)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

Case No. 13,03787 EE December 2013 Chapter 11 Invol. Judge Edward Ellington Southern District Of Mississippi Case dismissed before any proceedings i.e. withdrawn. Case No. 08-1789(BLM) is still active   LOS ANGELES

FEB 0 9 2004  Case No.: KC 043397 H   Judge Bruce Minto. Dept. H          SUPERIOR COURT

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s) Motion for Relief from an Automatic Stay

| Name of Debtor | Case Number | Date |
|---|---|---|
| Bernard L. Madoff | 08-1789 (BLM) CLAIM NO: 008118 | July 21, 2016 |
| Relationship | District | Judge |
| Lamar Ellis, Creditor | Southern District of New York | Burton R. Lifland |

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at Brea _____, California                    _Lamar Ellis_ 9/14/16
                                                                                    Signature of creditor

Date: _7/30/2016_____                  _Lamar Ellis_
                                                ATTACHMENT   Signature of Joint Debtor
                                                  9/14/16

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                        Page 1                    F 1015-2.1.STMT.RELATED.CASES

18

—Registered Letter—

June 30, 2016

Case No. 08-1789 (BLM)

To: Special Master

Madoff Victim Fund                                Claim No. 7070192.CRC

United States

Department of Justice

P.O. Box 6310

Syracuse, NY 13217-6310

Re:1.) Change of address for Lamar Ellis (TR), Lamar Ellis, TTEE Conservator of 1516 Shirley Avenue, Jackson, MS 39204 to that of Lamar Ellis (TR), Lamar Ellis (TTEE) and Conservator for Energetic Psychoanalytic Institute and Training School, Inc. as is shown upon the enclosed July 10, 1995 notarized assignment of Deed of Trust (Charitable Securities) document.

—June 30, 2016 Declaration by Lamar Ellis—

2.) Lamar Ellis Trust has at all times since the tax year 1995 performed as transfer agent of securities for Energetic, Inc., via the renowned Signature Guaranteed/Medallion/Guaranteed programs.

3.) Lastly, Lamar Ellis Trust (Trustee) believes that its lost/stolen securities of Claim No.7070192.CRC should be conducted with the same privileges under the Securities Investor Protectant Act, 15 U.S.C. (SIPA) as Trustee Irving H. Picard described on 12/08/2009.

4.) Please advise me if any claimant is forever precluded to receive permission from the DOJ to bring suit to recover in Federal Court the assets believed to be held by MVF, under certain established (IRC)(SEC)

Thank you,

Lamar Ellis, TTEE-Conserv

1372 Fern Lake Avenue

Brea, CA 92821

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SPECIAL MASTER
MADOFF VICTIM FUND
UNITED STATES DEPT. OF JUSTICE
P.O. BOX 6310
SYRACUSE, NY 13217 6310

9590 9403 0581 5183 7947 36

2. Article Number (Transfer from service label)

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  Jim Chase          □ Agent
                       □ Addressee
B. Received by (Printed Name)    C. Date of Delivery
   Jim Chase                      6/29/16
D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)
□ Priority Mail Express™
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053

MADOFF VICTIM FUND
P.O. BOX 6310
SYRACUSE, NY 13217-6310

**Case No. 08-1789 (BLM)**

7070192 - CRC
LAMAR ELLIS TR
LAMAR ELLIS TTEE CONSERVATOR
1516 SHIRLEY AVE
JACKSON, MS 39204

We are writing to confirm that we have received the claim you submitted to the Madoff Victim Fund (MVF) and have assigned it claim number 7070192. Please retain this number and include it in any correspondence or emails you send to the MVF and have it accessible if you call MVF customer service. No further action is required from you at this time. If your address or contact information changes, please inform us immediately so that we have your current information.

Case No. 08-1789 (BLM)

# STATE OF MISSISSIPPI
### SECRETARY OF STATE



Case No. 08-1789 (BLM)

DICK MOLPUS
SECRETARY OF STATE

POST OFFICE BOX 136
JACKSON, MS 39205-0136
(601) 359-6371

SUSAN ALEXANDER SHANDS
ASSISTANT SECRETARY OF STATE
SECURITIES AND BUSINESS SERVICES

May 17, 1995

Dr. Lamar Ellis
1516 Everett Avenue
Jackson, MS 39204

Re:    **Energetic, Inc.**

Dear **Dr. Ellis:**

This is in response to your memorandum to this office dated April 28, 1995, in reference to the offering of bearer bonds related to the above entity.  The division has reviewed the applicability of the exemption for sale of securities by persons "organized and operated not for profit but exclusively for... educational and or charitable purposes."

Based upon representations and statements contained in your letter concerning the proposed transactions, the division would not take exception to availability of § 75-71-201(9) of the Mississippi Code Annotated, under the following qualifying conditions and in the interest of the public:

1)    The articles of incorporation filed by Energetic be amended to permit sale of "securities."

2)    Adequate disclosure be provided to investors as it relates to an offering circular or equivalent document.

This interpretation is premised upon the information, statements, and representations as set forth in your memorandum of April 28, 1995, and should not be relied upon for any other set of facts.

It should also be noted that this position is intended to relate to relevant registration requirements under the **"Act"** only and is **not** intended to apply directly to the anti-fraud and related civil or criminal provisions contained therein.

Furthermore, this interpretation is based upon applicability of the designated Mississippi statute(s) only and is not intended as an interpretation of related statutes from other jurisdictions that being state or federal.

Case No. 08-1789 (BLM)

Dr. Ellis
May 17, 1995
Page Two

Case No. 08-1789 (BLM)

    This opinion is rendered solely to the addressee herein with the request for such opinion by the addressee and should not be relied upon by any other person for any other purpose without prior written consent.

    This opinion is furthermore intended solely as an expression of enforcement policy and is not to be construed or interpreted as a formal approval or legal conclusion binding on any other parties or tribunals.

Sincerely,

Bruce C. Harris

Bruce C. Harris
Staff Attorney
Securities Division

BH:pc

cc:  Tammy Harthcock
     Senior Attorney

     Connie Booker
     Examiner

DRAFT
SAMPLE
ONLY!

Case No. 8:16-bk-13520-SC

Case No. 08-1789 (BLM)

** TRUSTEE OBLIGATIONS
   TRUST INDENTURE ACT OF 1939

A Trust Indenture/Deed of Trust is a contractual agreement between a Corporation issuing  bonds and a trustee who represents the investor who owns the bonds (generally a bank or trust company).  The Trustee agrees to see that the rights of the bond  holders are protected.  The Trustee checks on  payments  interest/principal and other covenants of the indenture, if the company fails to live up to its agreement, the trustee  must take legal action  to protect the bond holder's interest including instituting bankruptcy action under chapter X & XI of the bankruptcy act of 1898 amended.    CUSIP = 512995994    SYMBOL = .LMLLI

ENERGETIC FOUNDATION APPROVAL    Case No. 8:16-bk-13520-SC

| On behalf of Energetic I approve the foregoing bond, which has been executed in due form and in compliance with the applicable law, regulations, and instructions. | |
|---|---|
| SIGNATURE AND TITLE OF AUTHORIZE OFFICIAL | DATE APPROVED<br>November 9, 1999 |

## Case No. 08-1789 (BLM)

### INSTRUCTIONS

This bond shall be filed in duplicate with the authorized official of Energetic Foundation.

The name, including the full given name, of each party to the bond shall be given in the heading, and each party shall sign the bond with his signature, or the bond may be executed in his name by an empowered attorney-in-fact.

In the case of a partnership, the firm name, followed by the names of all its members, shall be given in the heading. In executing the bond, the firm name shall be typed or written followed by the word "by" and the signatures of all partners, or the signature of any partner authorized to sign the bond for the firm, or the signature of an empowered attorney-in-fact.

If the principal is a corporation, the heading shall give the corporate name, the name of the state under the laws of which it is organized, and the location of the principal office. The bond shall be executed in the corporate name, immediately followed by the signature and title of the person authorized to act for the corporation.

If the bond is signed by an attorney-in-fact for the principal, or by one of the members for a partnership or association, or by an officer or other person for a corporation, there shall be filed with the bond an authenticated copy of the power of attorney, or a resolution of the board of directors, or an excerpt of the bylaws, or other document, authorizing the person signing the bond to execute it for the principal, unless such authorization has been filed with Energetic Foundation.

6.  The signature for the surety shall be attested under corporate seal. The signature for the principal, if a corporation, shall also be so attested if the corporation has a corporate seal. If the corporation has no seal, that fact should be stated. Each signature shall be made in the presence of two persons *(except where corporate seals are affixed)*, who shall sign their names as witnesses.

7.  A bond on this form may be given with corporate surety authorized to act as surety by the Secretary of Energetic Foundation.

8.  If any alteration or erasure is made in the bond before its execution, there shall be incorporated in the bond a statement to that effect by the principal and surety or sureties; or if any alteration or erasure is made in the bond after its execution, the consent of all parties thereto shall be written in the bond.

9.  The penal sum named in the bond shall be in accordance with the Trustee Obligations Trust Indenture Act of 1939.

10. After approval of the bond, a copy shall be returned to the principal.

11. All correspondence about the filing of this bond or any subsequent action affecting this bond, including termination thereof, should be addressed to the office of Energetic

ENERGETIC INC., was granted permission by MISSISSIPPI SECURITIES DIVISION to issue a Tax exempt COUPON/BEARER BOND in the amount of $400 mil. with a face value of $10 Mil each, a yield of 8%, and a maturity of 20 years. Payment to the investor will be made in legal tender including German Marks, Swiss and French Francs. Interest is payable semi-annually. The Bond holder will have no voice in the Corporation management as long as he/she receives his/her interest, the Corporation agrees to maintain a sinking fund set aside and being sufficient to retire all or part of its debt prior to maturity. Of the $400 Mil worth Bearer Bonds issued by Energetic, Inc., $ Mil. worth of Tax Credits have been deposited with the Trustee to support the Sinking Fund requirement.

# ENERGETIC FOUNDATION

GUARANTEED
PASS-THROUGH
CERTIFICATES

**Case No. 8:16-bk-13520-SC**

A means to capitalize beneficiaries
such as
Municipalities
Universities
Non-profit Corporations
Religious organizations membership
and others

**Case No. 08-1789 (BLM)**

This "bond" deviates from the norm.
It does not promise a built-in percentage
of interest, even though this prospectus
describes such a sample.
This "bond" is considered to be a tax shelter.
A tax shelter is basically considered to be a
donation to a 501I(c)(3), 501(c)(4), and
other types of such organizations where as
the donor is entitled to a tax deduction.
In other words, when you purchase this tax shelter,
you are entitled to utilize this tax shelter to
reduce your tax liability. You are not entitled to
any receivable interest thereof.
This presentation is currently before
The Internal Revenue Service
for final alternative minimum tax amount
as authorized by Congress.
Consult with your tax consultant before
purchasing this instrument from
Energetic Foundation.

Securities Law Exemption....The certificates are exempt from the registration requirements of the Securities Act of 1933
amended, and are "exempted securities" within the meaning of the Securities Exchange Act of 1934, as amended.

Prospectus

# Energetic Foundation
64-0632132

Faith Based (CDC) Exempt Bond

Case No. 08-1789 (BLM)

Case No. 8:16-bk-13⁓

Case No. 8:16-bk-13520-SC

THE CERTIFICATES, TOGETHER WITH ANY INTEREST THEREON, ARE NOT GUARANTEED BY THE UNITE STATES. THE OBLIGATIONS OF ENERGETIC UNDER ITS GUARANTY OF THE CERTIFICATES ARE OBLIGATIONS SOLELY OF ENERGETIC AND DO NOT CONSTITUTE AN OBLIGATION OF THE UNITED STATES OR ANY AGENCY OR INSTRUMENTALITY THEREOF OTHER THAN ENERGETIC THE CERTIFICATES ARE EXEMPT FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933 AND ARE "EXEMPTED SECURITIES" WITHIN THE MEANING OF THE SECURITIES EXCHANGE ACT OF 1934.

The Guaranteed tax shelter Pass-Through Certificates ("Certificates") are issued and guaranteed by Energetic Institute, a corporatic organized and existing under the laws of Mississippi, under the authority contained in Section 75.71.203(9) of Mississippi Chart Act article 7 exemptions. The Certificates of each Series will evidence the direct or indirect beneficial ownership interest in one more securities issued and guaranteed by Energetic and/or such other securities as are specified in the related Prospectus Supplemer which may include "fully modified pass-through" tax shelter-backed securities guaranteed as to timely payment of principal ar interest by the Energetic Institute (collectively, the "Underlying Securities") and the related Trust Account (as hereinafter define and all cash and investments held therein (collectively, as to any Series of Certificates, the "Series Trust"), subject to the limits ar the order of distribution described herein and in the related Prospectus Supplement.

Each Underlying Security directly or indirectly will represent all or part of the beneficial interest in a pool ("Pool") of first lien, of li income annuity loans (the "Annuity Loans"). The general characteristics of the Underlying Securities are described in the relate prospectuses and/or prospectus supplements (each and collectively the "Underlying Prospectuses"), and certain informatic relating to the Pool or Pools backing the Underlying Securities included in a Series Trust will be set forth in the related Underlyin Prospectus or Prospectuses. The Underlying Securities will be held directly or indirectly for the Holders (as hereinafter defined) Certificates by Energetic in its capacity as Trustee of the related Series Trust. All Certificates relating to a particular Series Tru are referred to as a "Series."

Pursuant to its guaranty of the Certificates, Energetic will be obligated to distribute on a timely basis to Holders of Certificat required installments of principal and interest as set forth in the related Prospectus Supplement and to distribute the princip balance of each Class of Certificates in full no later than the applicable Final Distribution Date, whether or not sufficient funds a available in the related Trust Account.

Each Series will consist of two or more Classes of Certificates. Interest on each interest bearing Class other than an Accrual Class (a hereinafter defined) will be distributable on each Distribution Date specified in the related Prospectus Supplement. Intere accrued on each Accrual Class will be distributable to the extent provided in the related Prospectus Supplement. Unless otherwi provided in the Prospectus Supplement, principal distributions on each Class of Certificates of a Series will be made pro rata among a Certificates of such Class.

Distributions on the Underlying Securities backing a Series will be sufficient to make required distributions of principal ar interest on the Certificates of such Series to the extent set forth in the related Prospectus Supplement and to retire each such Class Certificates not later than its Final Distribution Date without the necessity of any call on Energetic under its guaranty of th Certificates. Because the rate of distribution of principal of each Class of Certificates generally will depend on the rate of payme (including prepayments) of the annuity backing the related Underlying Securities, the actual final distribution with respect to ar Class of Certificates could occur significantly earlier than its Final Distribution Date.

One or more elections will be made to treat the assets comprising the Series Trust as one or more "real estate mortgage investme conduits" (each, a "Annuity Trust") for federal income tax purposes. The Certificates of each Class will be designated as "regul interests" in a Annuity Trust, except that a separate Class will be designated as the "residual interest" with respect to each Annui Trust.

*(Cover continued on next pag*

**The Certificates may not be suitable investments for all investors. No investor should purchas Certificates unless such investor understands and is able to bear the prepayment, yield, structure, marke liquidity, redemption and other risks associated with such Certificates. See "Certain Risk Factors beginning on a page herein for a discussion of certain risks that should be considered i connection with an investment in the Certificates. Certain Certificates are complex financial instru ments. An investor in Certificates should possess the expertise necessary to evaluate the informatio contained or incorporated by reference in this Prospectus, the applicable Prospectus Supplement and any other applicable supplement or amendment hereto in the context of such investor's financial situation.**

### The date of this Prospectus is May 31, ⸱ ⸱

*Retain this Prospectus for future reference. This Prospectus may not be used to consummate sales of Certificates unless accompanied by a Prospectus Supplement.*

# Prospectus

## Energetic Foundation
### 64-0632132
### Faith Based (CDC) Exempt Bond

Case No. 08-1789 (BLM)

THE CERTIFICATES, TOGETHER WITH ANY INTEREST THEREON, ARE NOT GUARANTEED BY THE UNITED STATES. THE OBLIGATIONS OF ENERGETIC UNDER ITS GUARANTY OF THE CERTIFICATES ARE OBLIGATIONS SOLELY OF ENERGETIC AND DO NOT CONSTITUTE AN OBLIGATION OF THE UNITED STATES OR ANY AGENCY OR INSTRUMENTALITY THEREOF OTHER THAN ENERGETIC THE CERTIFICATES ARE EXEMPT FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933 AND ARE "EXEMPTED SECURITIES" WITHIN THE MEANING OF THE SECURITIES EXCHANGE ACT OF 1934.

INVESTORS SHOULD HAVE SUFFICIENT KNOWLEDGE AND EXPERIENCE IN FINANCIAL AND BUSINESS MATTERS TO EVALUATE THE MERITS AND RISKS OF INVESTING IN A PARTICULAR SERIES OF CERTIFICATES, AS WELL AS ACCESS TO, AND KNOWLEDGE OF, APPROPRIATE ANALYTICAL TOOLS TO EVALUATE SUCH MERITS AND RISKS IN THE CONTEXT OF THEIR FINANCIAL SITUATION. PARTICULAR SERIES OF CERTIFICATES ARE NOT AN APPROPRIATE INVESTMENT FOR INVESTORS WHO ARE UNSOPHISTICATED WITH RESPECT TO THE APPLICABLE PAYMENT CHARACTERISTICS WITH RESPECT TO SUCH SERIES OF CERTIFICATES. INVESTORS ALSO SHOULD HAVE SUFFICIENT FINANCIAL RESOURCES TO BEAR THE RISKS OF AN INVESTMENT IN CERTIFICATES.

THIS PROSPECTUS DOES NOT DESCRIBE ALL OF THE RISKS AND INVESTMENT CONSIDERATIONS (INCLUDING THOSE RELATING TO EACH INVESTOR'S PARTICULAR CIRCUMSTANCES) OF AN INVESTMENT IN CERTIFICATES. ENERGETIC AND THE DEALERS DISCLAIM ANY RESPONSIBILITY TO ADVISE INVESTORS OF SUCH RISKS AND INVESTMENT CONSIDERATIONS AS THEY EXIST AT THE DATE OF THIS PROSPECTUS OR AS THEY MAY CHANGE FROM TIME TO TIME. INVESTORS SHOULD CONSULT THEIR OWN FINANCIAL AND LEGAL ADVISORS AS TO THE RISKS AND INVESTMENT CONSIDERATIONS ARISING FROM AN INVESTMENT IN A SERIES OF CERTIFICATES, THE APPROPRIATE TOOLS TO ANALYZE SUCH INVESTMENT, AND THE SUITABILITY OF SUCH INVESTMENT IN EACH INVESTOR'S PARTICULAR CIRCUMSTANCES. SEE "CERTAIN RISK FACTORS."

## PROSPECTUS SUPPLEMENT

With respect to any particular Series of Certificates, the description in the Prospectus will be supplemented, superseded or replaced, in whole or in part, by the Prospectus Supplement for such Series of Certificates. Investors should read such Prospectus Supplement in conjunction with the Prospectus.

The Prospectus Supplement relating to any Series of Certificates to be offered hereunder will, among other things, set forth with respect to such Series of Certificates: (i) the aggregate principal amount, the interest rate or method of determining the interest rate of each Class of such Series and whether any such Class constitutes an Accrual Class; (ii) certain characteristics of the Underlying Securities backing the Certificates of such Series, including the interest rates, if any, borne by such Underlying Securities and, in some cases, the ranges of weighted average coupons and/or weighted average maturities of the tax shelter backing such Underlying Securities; (iii) the designation of each Class of the Certificates as either a "regular interest" or "residual interest"; (iv) the Final Distribution Date of each Class of such Series; (v) the method used to calculate the aggregate amount of principal required to be applied to the Certificates of such Series on each Distribution Date; (vi) the principal balance, expressed as a percentage, of each Class of such Series that would be outstanding on specified Distribution Dates if the tax shelter relating to the Underlying Securities backing the Certificates of such Series were prepaid at various assumed rates; (vii) the book entry system on which certain Classes of Certificates will be maintained; and (viii) the Distribution Dates for such Series.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James Florio   **Case No. 8:16-bk-13520-SC**
Internal Revenue Agent
Excise Tax Specialist

 **IRS**
Internal Revenue Service
www.irs.ustreas.gov

300 N. Los Angeles St.
Attn: Stop 4508 JF
Los Angeles, CA 90012

Tel: (213) 576-3832 FAX: (213) 576-3731

Department of the Treasury
Internal Revenue Service
Form 2433 (Rev. March, 1988)

# Notice of Seizure

**Name and Address**

LAMAR ELLIS
1852 E. HOLLY OAK DR.
WEST COVINA, CA. 91791

Under the authority in section 6331 of the Internal Revenue Code, and by virtue of a levy Director of Internal Revenue of the district shown below, I have seized the property below for non due internal revenue taxes.

| Due from | Amount |
|---|---|
| LAMAR ELLIS | $ 97,753,329.14 |

| Internal Revenue Agent Excise Tax Specialist | James Florio | 300 N. Los Angeles St. Attn: Stop 4508 JF Los Angeles, CA 90012 |
|---|---|---|

**Description of property**

No. 000707 – Debt Obligation Bearer Certificates of Deposit
Face Amount $10,000,000.00
No. 000708 –     "       "       "
No. 000719 –     "       "       "
No. 000720 –     "       "       "
No. 000722 –     "       "       "
No. 000723 –     "       "       "
No. 000725 –     "       "       "
No. 000726 –     "       "       "
No. 000728 –     "       "       "
No. 000731 –     "       "       "
Lamelli LTD Partnership (Trust) Gift Certificates
in the face amount of $10,000.00 each:
No. 0038, 0026 thru 0037
    0051 thru 0075
    0076 thru 0099
    0101 thru 0125

I LAMAR ELLIS WAIVE THE 30 day waiting period for levy per IRM 6331(d)
SIGNED
DATED     10-23-95     SOCIAL SECURITY NUMBER

*Lamar Ellis*
**ATTACHMENT**

# DEPOSIT GUARANTY NATIONAL BANK®



One Deposit Guaranty Plaza
Post Office Box 1200
Jackson, Mississippi 39215-1200
Phone 601 354-8586
Telefax 601 960-4817

Hugh W. Latimer
Senior Vice President
Trust Officer

**May 4, 1995**

Dr. Lamar Ellis
1516 Everett Avenue
Jackson, Mississippi  39204

RE:  Energetic Psychoanalytic Institute and Training School
     Agency Account, number 107458002

Dear Dr. Ellis:

It was good to meet you when you and Mr. Latimer stopped by the office this week.  We appreciate and thank you for choosing Deposit Guaranty National Bank to serve your needs in regards to this account.

Even though the agency agreement allows for other services, it is our understanding that our only duty, until further directed, is to hold and safekeep the following items.

| Shares | Description |
|---|---|
| 99,000,000 | Lamelli, (Ltd.) Limited Partnership, #12 |
| 400,000,000 | Lamelli Ltd. Bearer Certificates of Deposit Debt Obligation, No's 660,662,663,665,666,668, 669,671,672,674,656,759,761,762,764,767,770, 791,794,797,707,708,719,720,722,723,725,726, 728,731,734,737,738,740,743,746,747,755,756, and 758 @ $10,000,000.00 each |

Every six months you will receive a statement which will indicate the securities held in this fund.

IN WITNESS WHEREOF, said parties have hereunto executed this Agreement on this the  1  day of May , 1995.


DEPOSIT GUARANTY NATIONAL BANK        ENERGETIC PSYCHOANALYTIC
                                       INSTITUTE AND TRAINING SCHOOL
                                        ATTACHMENT

BY: _Hugh W. Latimer_                  BY: _Lamar Ellis_
    Hugh W. Latimer                        LAMAR ELLIS, M.D.
    Senior Vice President                  COORDINATOR
    & Trust Officer



# DEPARTMENT OF THE TREASURY
### INTERNAL REVENUE SERVICE
9350 Flair Dr., 2nd Floor
El Monte, CA 91731

Case No. 08-1789 (BLM)

TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION

February 18, 2004

Energetic Psychoanalytic Institute and Training School
Dr. Lamar Ellis, President
218 Lincoln Ave.
Pomona, CA 91767

Dear Dr. Ellis,

I received your letter dated February 17, 2004. The body of the letter reads as follows:

Energetic is in receipt of form 4564, I, Lamar Ellis (current Fiduciary) of Energetic, has filed a law-suit on behalf of Energetic against several defendants, who may have "plundered" its assets. I am enclosing copies of the court filings, and IRS Form 4684 for your office review, at this time, and until this matter is closed with the court, Energetic does not wish to supply information to your dept., that may harm its chances of achieving success in the court.

You attached 4 pages from various court filings with Superior Court, Los Angeles County in Pomona. One page was the cover page of the initial filing accepted by the court on December 16, 2003, case number KC 043397 H. The other 3 pages were extracted from the amendments filed on February 9, 2004. One of the pages contains the following statement:

... alleges as follows: Defendants extorted $1,347 billion of plaintiffs $6,133 billion. Plaintiff's plan to seek recovery through legal means with the assistance of the U.S. Treasury Department, (IRS). All defendants involved were also reported to the (IRS) as a matter of compliance on September 30, 2003.

In light of the new information, I am requesting the following information, in addition to the ones listed on the Information Document Request (IDR) #02.

1. A complete copy of the court document filed on December 16, 2003

2. A complete copy of the court document filed on February 9, 2004

3. Complete copies of all other filings related to the case number KC 043397 H

Case No. 08-1789 (BLM)

Energetic Psychoanalytic Institute and Training
February 18, 2004
Page 2 of 2

4.  Name and phone number of the individual/department assisting you within the
    U.S. Treasury Department, (IRS) as per the quoted allegation noted above.

As for the due date of the requested information, we determined that the Internal
Revenue Service is not a party to the above court case. Our request for information
and documents to better understand the purposes and activities is a routine process of
examining an exempt organization. We are unable to give the unspecified time of
extension as your letter is requesting. However, we can give you one additional month
to respond to my requests listed in this letter and on IDR #02. The new due date is
March 26, 2004.

If we are unable to obtain the necessary information to conduct the examination within
a reasonable amount of time, we may proceed with summonsing the records in
accordance with the authority granted to us by Internal Revenue Code section 7602.
We hope this will not be necessary.

If you have any questions, feel free to contact me at (626) 312-3616, extension 5051.

Thank you for your cooperation.

Sincerely,

Palma Leong
Exempt Organization Specialist
ID # 95-01978

**Case No. 8:16-bk-13520-SC**      Case No. 08-1789 (BLM)



**U.S. SECURITIES AND EXCHANGE COMMISSION**
**ATLANTA REGIONAL OFFICE**
*3475 Lenox Road, N.E.  Suite 500*
*Atlanta, GA 30326-1232*
*404-842-7600 Direct Line*
*404-842-5752 Fax*

*August 20, 2008*

Lamar Ellis
1372 Fernlake Avenue
Brea, CA 92821

Re:   Deposit Guaranty National Bank, AmSouth Bank, Regions Bank, Pioneer Investment
Funds
Our File No. ARO-1290755

Dear Mr. Ellis:

Thank you for your information received in this office on August 6, 2008.  We apologize for the delay in responding.  The information you provided will be carefully considered from the standpoint of our enforcement and regulatory responsibilities under the federal securities laws.

Although the cooperation of the public in furnishing information is very important in our work, the investigations we conduct are usually confidential.  This is done to protect the integrity of an investigation from premature disclosure and to protect the personal privacy of persons with respect to whom unfounded charges may be made.  Thus, subject to applicable provisions of the Freedom of Information Act, as amended, the existence or non-existence of an investigation is generally not disclosed unless and until made a matter of public record in proceedings instituted before the Commission or in the courts.

May we also point out that we are not authorized to render legal or financial advice, nor may we represent any individual in connection with the assertion of their personal claims or rights or overrule a decision made by the courts.  However, you may wish, independent of this office's interest in the matter, to consult with an attorney to explore any remedies, which may be available to you in this matter.

Sincerely,

Timothy J. Barker
Senior Accountant

**ATTACHMENT**

**NASD Investor Complaint Form**

Investor protection. Market integrity.

 NASD

We strongly encourage investors to file their complaint via the online NASD Investor Complaint Center at
http://complaint.nasd.com. Filing online is the quickest way for us to receive your complaint.

If you prefer to file your complaint offline, you may complete this printable complaint form and fax or mail it to us at
the address noted at the end of the form. Please enter your complaint information directly into this form using your
computer. Completing the form by hand may delay the processing of your complaint. When completed, please print
this form and fax or mail it to us at the address noted on the form.

Please do not send duplicate copies of your complaint by mail or fax if you have submitted your complaint online.
Sending multiple copies will only delay the time it takes us to respond to your complaint.

---

**Step 1: Tell Us About the Firm or Individual You Have a Complaint Against**
* = Required Fields

**Brokerage Firm Name: ***

Deposit Guaranty National Bank, AMSouth Bank, Regions Bank, Pioneer investments Founds

**Salesperson or Firm Representative:**

First Name:

Middle Name:
-

Last Name:

**Address of the Office with which you do Business: ***

City:

State/Province:
Massachusetts

Zip Code:

☐ Check this box if you do not use a salesperson or your salesperson was not involved in the conduct that is the
subject of your complaint.

**Business Phone:**

NASD Investor Complaint Form

**Step 2: Tell Us About Yourself**           Case No. 08-1789 (BLM)
* = Required Fields                                          Case No. 8:16-bk-13520-SC

**Anonymous Complaint: ***
All complaint information will be treated in confidence to the fullest extent possible. NASD, however, cannot guarantee that during the course of a related investigation or possible prosecution of the matter that the source of the complaint will not become known. Unless you provide an e-mail address or telephone number, checking 'Yes' will prevent us from following up with you to gather additional details.

* ○ No  ○ Yes - I wish to make an anonymous complaint.

**Your Name: ***

| Prefix: | First Name: | Middle Name: | Last Name: |
|---------|-------------|--------------|------------|

**Mailing Address: ***
Street Address:

| City: | State/Province: | Zip Code: |
|-------|-----------------|-----------|
|       | California      |           |

Country:
United States

**Work Phone: ***              **Home Phone: ***
                                      Enter only one email address.
**Fax Number:**               **Email Address: ***

Are you active, or have recently been active, in the United States Military? * ⊙ No  ○ Yes

**Please select one of the following age ranges: ***

Under 18              ○
18 - 29               ○
30 - 39               ○
40 - 59               ○
60 - 85               ⊙
Over 85               ○
I do not wish to provide.  ○

NASD Investor Complaint Form

**Case No. 08-1789 (BLM)**

**Case No. 8:16-bk-13520-SC**

**Step 3: Tell Us About Your Investment**
* = Required Fields

**Security Type: ***

| Bond - Corporate |

**Dates of Transaction or Activity: ***
(e.g. 1/15/2003)

**Security Symbol:**

| aopxx |

**From Date:**

| 09/27/03 |

**Security Name:**

| AMSouth PRmomkt |

**To Date:**

| 08/02/08 |

**Tell us about your complaint:**

What type of problem(s) are you reporting:

**Primary Problem: ***

| Unauthorized transactions |

**Secondary Problem:**

| Lost or stolen funds/securities |

**Amount in dispute: *** $ | 1,278,000,000,000 |

**Complaint Summary ***

Please provide a brief summary of your complaint. Please limit your description to a few clear sentences within the space available below. *If required, complete details will be gathered later in the complaint process.*

Assets in question were plaged into safe keeping with deposit Guaranty National Bank in 1995, it appears that (DGNB) sold itself to other Banks along with Lamar Ellis Trust "Assets". Some of which are trading via NASDAQ- without the trust knowledge or approval since 9/27/05.

**What documentation are you able to provide regarding your complaint?**

☑ Trade Confirmation
☐ Monthly Account Statement
☐ Canceled Checks
☑ Correspondence to and from Firm

☐ Advertising or Marketing Materials
☑ Notes of Conversations with Firm
☐ Subscription Agreement
☑ Other | Anonymously info provided in April 2008 |

NASD Investor Complaint Form

**Step 4: What actions have you taken?**    Case No. 08-1789 (BLM)    Case No. 8:16-bk-13520-SC

Firm Contact

Have you complained to the firm? ⦿ Yes ◯ No

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

Naomi Williams (601)968-4627 Regions Bank (no resoultion)
Nancy ARP (800)225-6292 on 06/018/08 (no resoultion)
Casey Plan Pioneer investments.com on 06/17/08 (no resolution)
Kelly Powers (617)422-4333 on 06/17/08 (no resoultion)
Matt Curran (617)422-4333 on 06/10/08 (no resoultion)

**Other Regulatory Contact**

Have you contacted any other regulators? ⦿ Yes ◯ No
If yes, who?
☐ Securities and Exchange Commission (SEC)
☐ State Regulator. Please list states:
☐ Commodity Futures Trading Commission (CFTC)
☐ New York Stock Exchange (NYSE)
☐ Securities Investor Protection Corporation (SIPC)
☑ Others  U.S. Treasury dept. in 2003

**Arbitration**

Have you filed an arbitration claim? ⦿ Yes ◯ No
If yes, with what Organization(s)?
☐ NASD
☐ New York Stock Exchange
☐ American Arbitration Association
☐ American Stock Exchange
☑ Others  U.S. Treasury dept. in 2003

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

Date of contact:
w/san bernardino CA
(IRS) office on 09/27/03 as a walk-in

NASD Investor Complaint Form

**Case No. 08-1789 (BLM)**                    **Case No. 8:16-bk-13520-SC**

**Legal Action Taken**

Have you taken legal action? ⦿ Yes ◯ No

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

A Law suit against (60) or more (DOES) pertaining to these missing assets, were filed with Superior Court of the state of California for the County of Los Angeles, East district, East Pomona Court house in December 2003

**Step 5: Send This Completed Form to NASD**

Please print the completed form and mail or fax it to:

**NASD Investor Complaint Center**
1735 K Street, NW
Washington, DC 20006-1506
Fax: (866) 397-3290

Please do not send duplicate copies of your complaint by mail or fax if you have submitted your complaint online. Sending multiple copies will only delay the time it takes us to respond to your complaint.

In the meantime, we encourage you to read our Complaint Program brochure on our Web site at http://www.nasd.com/complaint/InvestorBrochure to learn about how we will handle your complaint and what other steps you may want to take, including arbitration and mediation, to recover any money or securities.

Please be aware that filing a complaint through the Investor Complaint Center is not the same as submitting an arbitration claim online. To start an arbitration or mediation, please visit the Arbitration & Mediation section of NASD's Web site at http://www.nasd.com/ArbitrationMediation/StartanArbitrationorMediation/index.htm. For more information about arbitration and mediation, please visit http://www.nasd.com/ArbitrationMediation/index.htm.

LOCKYER
of California
ney General
PARTMENT OF JUSTICE

Case No. 8:16-bk-13520-SC

Case No. 08-1789 (BLM)



BUREAU OF CRIMINAL INFORMATION AND ANALYSIS
P.O. BOX 903387
SACRAMENTO, CA 94203-3870

Facsimile: (916) [Sender's Fax]
(916) [Sender's Telephone Number]

November 24, 2003

Lamar Ellis
218 Lincoln Ave.
Pomona CA 91767

RE:    Identity Theft Registration

Dear Mr. Ellis:

        This will verify that you have been registered as a victim of identity theft with the California Department of Justice pursuant to section 530.7 of the Penal Code. All individuals and/or entities which you have requested to be notified of your status as a victim of identity theft have been advised of your registration.

        Your registration will remain a part of our records and available for access by authorized individuals and/or agencies which you designate. Should you wish that our agency notify additional individuals and/or agencies, you must advise us in writing using your password. Should you decide that you no longer wish the Department of Justice to record your status as a victim, you may request the purging of this information by sending a letter to us along with your password.

        Please contact us if you have any questions at the above address or call us toll free at 1-888-880-0240.

                                Sincerely,

                                BUD WILFORD, Program Manager
                                Information Expedite Program

                For     BILL LOCKYER
                        Attorney General

dos

BILL LOCKYER
State of California
Attorney General

DEPARTMENT OF JUSTICE

BUREAU OF CRIMINAL INFORMATION AND ANALYSIS
P.O. BOX 903387
SACRAMENTO, CA 94203-3870

Case No. 08-1789 (BLM)

Facsimile: (916) 227-2792
(916) 227-3263

November 24, 2003

Office of the Attorney General
30 E Broad St., 17th Floor
Columbus, OH 43215

RE:   <u>Identity Theft Notification</u>

Attn.: Office of the Attorney General

Pursuant to section 530.7 of the California Penal Code, we are notifying you that:

Name _____

Address _____  __

_____

Social Security Number _____ __

Drivers License Number _____

has been registered with the California Department of justice as a victim of identity theft. This victim was certified as a victim of identity theft by the <u>Superior Court, Pomona, Los Angeles</u> county court. As specified by the aforementioned law, this certified victim of identity theft has requested that you and/or your organization be notified of their victim status.

Please contact us at the above address or call toll free 1-888-880-0240 if you have any questions.

Sincerely,

BUD WILFORD, Program Manager
Information Expedite Program

For   BILL LOCKYER
      Attorney General

dos

cc: Victim

Case No. 08-1789 (BLM)

**Form 1040X**
(Rev. December 2010)

Department of the Treasury—Internal Revenue Service

Case No. 08-1789 (BLM)

**Amended U.S. Individual Income Tax Return**

▶ See separate instructions.

OMB No. 1545-0074

This return is for calendar year  ☐ 2010    ☐ 2009    ☒ 2008    ☐ 2007
Other year. Enter one: calendar year _____ or fiscal year (month and year ended): _____

| Your first name and middle initial | Your last name | Your social security number |
|---|---|---|
| LAMAR | ELLIS | |

-0220 051105605
·IT·GUARANTY·
·MENT SERVICES
STRE

Case No. 08-1789 (BLM)

ENERGETIC

(601) 969 · 931·
(909) 623 · 224·

ONE MILLION TWO HUNDRED SEVENTY EIGHT MILLION

1,278,000,000

TO THE
ORDER
OF

LAMAR ELLIS, TTEE

GUARANTEED TAX SHELTER BEARER CERTIFICATE

·CUSIP  AOPXX

ADVISOR TO ENERGETIC

I.D. NUMBER

AMSOUTH·

DATE
09/27/03

DO NOT EXCEED $1,278,000,000

210 LINCOLN AVE. · POMONA, CA 91767

EACH UNIT AMOUNT $1,000,000
1278 UNITS TOTAL

IRS Department of the Treasury
Internal Revenue Service

FRESNO    CA    93888-0025

In reply refer to:  1037201634
Apr. 09, 2009    LTR 916C  E1
                  00312 30 000    0
                         00012795
                  BODC: WI

LAMAR & DOLORES W ELLIS
1372 FERN LAKE AVE
BREA   CA   92821-2810

Case No. 08-1789 (BLM)

Taxpayer Identification Number.
          Kind of Tax:   Individual Form 1040
    Amount of Claim(s):  $969,840,266.00-

    Date Claim(s) Received:  Feb. 07, 2009
    Tax Period(s) Ending:    Dec. 31, 2003

                      CARRYBACK CLAIM

Dear Taxpayer:

Your claim involving an investment arrangement discovered to be
criminally fraudulent was submitted before the IRS published guidance
on handling these losses.  Please review the attached document,which
outlines the steps for claiming this investment loss.

A copy of this letter and any referenced enclosures have been
forwarded to your authorized representative(s).

Thank you for your cooperation.

                      Sincerely yours,

COPY

                      Ursula S. Dean
                      URSULA S. DEAN
                      OPERATIONS MANAGER,OPERATIONS 1

**IRS** Department of the Treasury
Internal Revenue Service
PO BOX 9054
ANDOVER MA 01810-9054

In reply refer to: 0831495282
Mar. 14, 2014 LTR 5073C    0
                          000000 00
                          . 00026392
                          BODC: SB

Case No. 08-1789 (BLM)

LAMAR ELLIS
1372 FERN LAKE AVE
BREA CA 92821-2810

Taxpayer identification number:
        Tax Period(s):  Dec. 31, 2000   Dec. 31, 2001
                        Dec. 31, 2002   Dec. 31, 2003

Dear Taxpayer:

We received the documentation for your identity theft claim. We are
firmly committed to working with victims like you to resolve identity
theft cases.

Identity theft issues are complex and require complete and thorough
research to resolve. It could take up to 180 days for us to process
identity theft cases. We'll contact you when we finish processing your
case or if we need additional information or time. You don't need to
do anything further at this time.

Continue to file all your federal tax returns as you normally would.
We'll contact you if any issues arise with them.

We have also added tax years from your Form-14039, Dec. 31, 2004, Dec.
31, 2005, Dec. 31, 2006, Dec. 31, 2007, Dec. 31, 2008, Dec. 31, 2009,
Dec. 31, 2010, Dec. 31, 2011 and Dec. 31, 2012.

Visit our website at www.irs.gov for information about identity theft.
Use the search term "identity theft" in the search box. You can also
visit www.irs.gov/privacy and click on the "Identity theft" link.

Review the enclosed Publication 4535, Identity Theft Prevention and
Victim Assistance, for detailed information on identity theft and the
actions you can take to protect yourself.

You can find additional information about identity theft and the
actions you can take to protect yourself on the Federal Trade
Commission's website at www.ftc.gov/idtheft.

The Social Security Administration also has information on identity
theft. You can find the information by visiting the "How To Contact
Social Security" webpage at www.ssa.gov/pgm/reach.htm. You then need
to follow the "Frequently Asked Questions (FAQ)" link on that page.
From the FAQ webpage, enter "identity theft" in the search box. This
will lead to links related to identity theft.

The Taxpayer Advocate Service (TAS) is an independent organization

0831495282

Case No. 08-1789 (BLM)          Mar. 14, 2014    LTR 5873C    0
                                                  000000 00

                                                       00026393

LAMAR ELLIS
1372 FERN LAKE AVE
BREA  CA  92821-2810

within the IRS. Employees assist taxpayers who are experiencing
economic harm, who are seeking help for tax problems unresolved
through normal channels, and those who believe an IRS system or
procedure isn't working as it should.

If you believe you are eligible for TAS assistance, you can call the
TAS toll-free number at 1-877-ASK-TAS1, 1-877-275-8271, (TTY/TDD
1-800-829-4059).

You also can contact your local taxpayer advocate office. You can find
their contact information in your local telephone directory or in
Publication 1546, Taxpayer Advocate Service - Your Voice at the IRS.

You can file a Form 911, Request for Taxpayer Advocate Service
Assistance (And Application for Taxpayer Assistance Order), or ask an
IRS employee to complete it on your behalf.

Go to www.irs.gov/advocate for more information about TAS.

If you have questions, call us at 1-800-908-4490.

If you prefer, you can write to us at the address shown at the top of
the first page of this letter.

Whenever you write or send us information, include this letter and
provide your telephone number and the hours we can reach you in the
spaces below. You should keep a copy of this letter for your records.

Telephone Number ( )_____ Hours_____

We apologize for any inconvenience and thank you for your patience
and cooperation.

Sincerely yours,

Dawn Simmonds
Department Manager, OP2-Dept. 1

# Energetic Foundation
## 64-0632132.
### Faith Based (CDC) Exempt Bond

Case No.: 8:16-bk-13520-SC

Case No. 08-1789 (BLM)

1

2 THE CERTIFICATES, TOGETHER WITH ANY INTEREST THEREON, ARE NOT GUARANTEED BY THE UNITE
STATES. THE OBLIGATIONS OF ENERGETIC UNDER ITS GUARANTY OF THE CERTIFICATES ARE
3 OBLIGATIONS SOLELY OF ENERGETIC AND DO NOT CONSTITUTE AN OBLIGATION OF THE UNITED
STATES OR ANY AGENCY OR INSTRUMENTALITY THEREOF OTHER THAN ENERGETIC THE
4 CERTIFICATES ARE EXEMPT FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT
OF 1933 AND ARE "EXEMPTED SECURITIES" WITHIN THE MEANING OF THE SECURITIES
5 EXCHANGE ACT OF 1934.

6 The Guaranteed tax shelter Pass-Through Certificates ("Certificates") are issued and guaranteed by Energetic Institute, a corporatio
organized and existing under the laws of Mississippi, under the authority contained in Section 75.71.203(9) of Mississippi Chart
7 Act article 7 exemptions. The Certificates of each Series will evidence the direct or indirect beneficial ownership interest in one
which may include "fully modified pass-through" tax shelter-backed securities guaranteed as to timely payment of principal a
8 interest by the Energetic Institute (collectively, the "Underlying Securities") and the related Trust Account (as hereinafter define
and all cash and investments held therein (collectively, as to any Series of Certificates, the "Series Trust"), subject to the limits a
9 the order of distribution described herein and in the related Prospectus Supplement.

10 Each Underlying Security directly or indirectly will represent all or part of the beneficial interest in a pool ("Pool") of first lien, of li
income annuity loans (the "Annuity Loans"). The general characteristics of the Underlying Securities are described in the relat
11 prospectuses and/or prospectus supplements (each and collectively the "Underlying Prospectuses"), and certain informatio
relating to the Pool or Pools backing the Underlying Securities included in a Series Trust will be set forth in the related Underlyin
12 Prospectus or Prospectuses. The Underlying Securities will be held directly or indirectly for the Holders (as hereinafter defined)
Certificates by Energetic in its capacity as Trustee of the related Series Trust. All Certificates relating to a particular Series Tru
are referred to as a "Series."

13 Pursuant to its guaranty of the Certificates, Energetic will be obligated to distribute on a timely basis to Holders of Certificat
required installments of principal and interest as set forth in the related Prospectus Supplement and to distribute the princip
14 balance of each Class of Certificates in full no later than the applicable Final Distribution Date, whether or not sufficient funds a
available in the related Trust Account.

15 Each Series will consist of two or more Classes of Certificates. Interest on each interest bearing Class other than an Accrual Class (a
hereinafter defined) will be distributable on each Distribution Date specified in the related Prospectus Supplement. Intere
16 accrued on each Accrual Class will be distributable to the extent provided in the related Prospectus Supplement. Unless otherwi
provided in the Prospectus Supplement, principal distributions on each Class of Certificates of a Series will be made pro rata among
Certificates of such Class.

17 Distributions on the Underlying Securities backing a Series will be sufficient to make required distributions of principal a
interest on the Certificates of such Series to the extent set forth in the related Prospectus Supplement and to retire each such Class
18 Certificates not later than its Final Distribution Date without the necessity of any call on Energetic under its guaranty of th
Certificates. Because the rate of distribution of principal of each Class of Certificates generally will depend on the rate of payme
19 (including prepayments) of the annuity backing the related Underlying Securities, the actual final distribution with respect to a
Class of Certificates could occur significantly earlier than its Final Distribution Date.

20 One or more elections will be made to treat the assets comprising the Series Trust as one or more "real estate mortgage investme
conduits" (each, a "Annuity Trust") for federal income tax purposes. The Certificates of each Class will be designated as "regul
21 interests" in a Annuity Trust, except that a separate Class will be designated as the "residual interest" with respect to each Annui
Trust.

22

(Cover continued on next pag

23 The Certificates may not be suitable investments for all investors. No investor should purchas
Certificates unless such investor understands and is able to bear the prepayment, yield, structure, marke
24 liquidity, redemption and other risks associated with such Certificates. See "Certain Risk Factors"
beginning on a page herein for a discussion of certain risks that should be considered i
25 connection with an investment in the Certificates. Certain Certificates are complex financial instru
ments. An investor in Certificates should possess the expertise necessary to evaluate the informatio
26 contained or incorporated by reference in this Prospectus, the applicable Prospectus Supplement and any
other applicable supplement or amendment hereto in the context of such investor's financial situation.

27

### The date of this Prospectus is May 31,

28 *Retain this Prospectus for future reference. This Prospectus may not be used to consummate sales of
Certificates unless accompanied by a Prospectus Supplement.*

**ATTACHMENT**