# EXHIBIT H

**EXHIBIT H**

**AFFIDAVIT OF IRVING PICARD**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                        Debtor. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                        Plaintiff,<br><br>        v.<br><br>ESTATE OF STANLEY CHAIS, *et al.*,<br><br>                        Defendants. | Adv. Pro. No. 09-01172 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                        Plaintiff,<br><br>        v.<br><br>DOUGLAS HALL; STEVEN HEIMOFF; BOTTLEBRUSH INVESTMENTS, L.P.; LEGHORN INVESTMENTS LTD.; and KAMALA D. HARRIS, solely in her capacity as Attorney General for the State of California,<br><br>                        Defendants. | Adv. Pro. No. 12-01001 (SMB) |

**AFFIDAVIT OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002(a)(3) AND 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND BETWEEN THE TRUSTEE AND STANLEY CHAIS AND OTHER DEFENDANTS AND AUTHORIZING THE TRUSTEE TO SIGN ONTO ON A LIMITED BASIS, (1) AN AGREEMENT EXECUTED BETWEEN THE ESTATE OF STANLEY CHAIS AND OTHER DEFENDANTS IN ADVERSARY PROCEEDING NO. 09-01172 AND KAMALA D. HARRIS, SOLELY IN HER CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, AND (2) AN AGREEMENT EXECUTED BETWEEN THE ESTATE OF STANLEY CHAIS AND OTHER DEFENDANTS IN ADVERSARY PROCEEDING**

**NO. 09-01172 AND PLAINTIFFS IN PENDING ACTIONS IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

STATE OF NEW YORK    )
                     )
COUNTY OF NEW YORK   )

Irving H. Picard, being duly sworn, hereby attests as follows:

1. I am the trustee for the substantively consolidated liquidations of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 105(a), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure: (i) approving the settlement by and between the Trustee and the Defendants identified in Exhibit A to the Motion[1] on the terms of the agreement attached as Exhibit B to the Motion (the "Trustee Settlement Agreement"); (ii) authorizing the Trustee to sign, on a limited basis, onto an agreement attached as Exhibit C to the Motion (the "AG Settlement Agreement") executed between the Settling Defendants and Kamala D. Harris, solely in her capacity as Attorney General of the State of California ("Attorney General"); and (iii) authorizing the Trustee to sign, on a limited basis, onto an agreement attached as Exhibit D to the Motion (the "CP Settlement Agreement") executed between the Settling Defendants and plaintiffs (the "California Plaintiffs") in pending actions in the Superior Court of the State of California. The Trustee Settlement Agreement, AG Settlement Agreement, and CP Settlement Agreement shall herein be collectively referred to as the "Settlements."

---

[1] As fully set forth in Exhibit A to the Motion, certain of the Defendants shall be referred to herein as the "Stanley Chais Defendants" and others as the "Chais Related Defendants." The Stanley Chais Defendants and Chais Related Defendants shall be referred to collectively as the "Settling Defendants."

2. I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

3. All capitalized terms not defined herein have the meaning ascribed to them in the Trustee Settlement Agreement, the AG Settlement Agreement, and/or the CP Settlement Agreement.

4. I believe that the terms of the Trustee Settlement Agreement fall well above the lowest point in the range of reasonableness and, accordingly, I request that the Trustee Settlement Agreement be approved by this Court. The Trustee Settlement Agreement resolves all issues regarding the asserted and unasserted claims against the Settling Defendants (the "Trustee's Claims") without the need for protracted and costly litigation, the outcome of which is uncertain. I recognize that litigating the Trustee's Claims would undoubtedly be extremely complex, would create significant delay, and would involve both litigation risk and difficulties associated with collection due to several factors, including evidentiary issues associated with Stanley Chais' death and the need for continued injunction proceedings to halt an action brought by the Attorney General in California. Significantly, the Trustee Settlement Agreement provides for the recovery of all of the assets remaining in the Estate of Stanley Chais, as well as substantially all of the assets currently owned by his widow, Pamela Chais, and for the recovery of all withdrawals of alleged fictitious profits made by the Chais Related Defendants in the two years prior to the Filing Date.

5. As part of the Settlements, the Trustee and the Settling Defendants have reached a good faith, complete, and total compromise as to any and all claims the Trustee asserted against the Settling Defendants in Adversary Proceeding No. 09-01172, including, but not limited to, claims the Trustee has asserted against the Settling Defendants for

avoidable and recoverable initial transfers by BLMIS to the Settling Defendants over the lifetime of their BLMIS accounts. The Settlements will return an estimated $262 million in withdrawals made by the Settling Defendants from BLMIS.

6. In addition, the Trustee's limited participation in the AG Settlement Agreement and the CP Settlement Agreement will resolve the claims the Trustee has asserted against the Attorney General and the California Plaintiffs for injunctive relief in Adversary Proceeding No.12-01001 without requiring further litigation.

7. The Settlements greatly further the interests of the customers of BLMIS by, among other things, adding an estimated $262 million to the Fund of Customer Property without significant diminution of assets that have now been recovered for addition to the Fund of Customer Property.

8. Given the potential impact of these issues, and the complexities involved in proceeding with litigation, I have determined, in my business judgment, that the Settlements, as memorialized in the Trustee Settlement Agreement, the AG Settlement Agreement, and CP Settlement Agreement, represent a fair and equitable compromise of the Trustee's Claims that is in the best interests of the estate.

_____
IRVING H. PICARD

Sworn to before me this 21st Day of October, 2016

_____
Notary Public, State of New York
No. 01OL6220520
Qualified in New York County
Commission Expires April, 2016 2018

- 4 -