**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the*
*Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION *IN LIMINE***
**NUMBER 1 TO EXCLUDE TESTIMONY OF THOMAS S. RESPESS, III**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND ....................................................................................................2

     A.     Initial Briefing on PW Litigation ..................................................................2

     B.     PW Discovery ................................................................................................3

THE GREENBLATT REPORTS & RESPESS DECLARATION ................................................5

     A.     Greenblatt Reports .........................................................................................5

     B.     The Respess Declaration ...............................................................................7

ARGUMENT ...........................................................................................................................8

    I.     The Court Should Exclude Mr. Respess from Testifying at the Evidentiary Hearing Because the Blums Failed to Comply with the Deadlines Set Forth in This Court's Prior Orders ...........................................................................8

     A.     The Blums' Unexplained Failure to Comply With This Court's Prior Orders .........................................................................................................9

     B.     Mr. Respess's Testimony is Not Important ...............................................10

     C.     Prejudice to the Trustee ..............................................................................11

    II.     Mr. Respess's Testimony is Cumulative or Duplicative Evidence.......................13

CONCLUSION .......................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Dairy Farmers of Am., Inc.*,
    No. 09-cv-230, 2014 WL 2040133 (D. Vt. May 16, 2014) ......................................................9

*In re BLMIS*,
    654 F.3d 229 (2d Cir. 2011)....................................................................................................6

*Ebewo v. Martinez*,
    309 F. Supp. 2d 600 (S.D.N.Y. 2004)................................................................................9, 11

*F.H. Krear & Co. v. Nineteen Named Trustees*,
    810 F.2d 1250 (2d Cir. 1987)...............................................................................................14

*Haas v. Del. and Hudson Ry. Co.*,
    282 F. App'x 84 (2d Cir. 2008) ...............................................................................................8

*Highland Capital Mgt., L.P. v. Schneider*,
    551 F. Supp. 2d 173 (S.D.N.Y. 2008).....................................................................................14

*Int'l. Minerals and Res., S.A. v. Pappas*,
    96 F.3d 586 (2d Cir. 1996)....................................................................................................14

*Member Svcs., Inc. v. Sec. Mut. Life Ins. Co. of New*,
    2010 WL 3907489 (N.D.N.Y. Sept. 30, 2010) .......................................................................10

*Miles v. Cty. of Broome*,
    No. 04-cv-1147, 2006 WL 561247 (N.D.N.Y. Mar. 6, 2006) ..................................................13

*Millenium Expressions, Inc. v. Chauss Mktg., Ltd.*,
    No. 02-cv-7545 (RMB)(JCF), 2006 WL 288353 ....................................................................13

*Paulus v. Holimont, Inc.*,
    315 F.R.D. 13 (W.D.N.Y. 2016).............................................................................................11

*Pearlman v. Cablevision Sys. Corp.*,
    No. 10-CV-4992 (JS) (GRB), 2015 WL 8481879 (E.D.N.Y. Dec. 8, 2015)..............................9

*Price v. Fox Entm't Grp., Inc.*,
    499 F. Supp. 2d 382 (S.D.N.Y. 2007).....................................................................................11

*Savage & Assocs., P.C. v. County of Fairfax, Va. (In re Teligent, Inc.)*,
    No. 01-012974 (SMB), Adv. No. 03-03360, 2006 WL 1030417 (Bankr.
    S.D.N.Y. Apr. 13, 2006) ........................................................................................................9

*Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.)*,
    358 B.R. 45 (Bankr. S.D.N.Y. 2006).......................................................................................11

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*SIPC v. BLMIS (In re Madoff)*,
   No. 08-01789 (SMB) (Bankr. S.D.N.Y. February 25, 2015) ..................................2, 3

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*,
   118 F.3d 955 (2d Cir. 1997).................................................................................9, 13

*Sprint/United Mgmt. Co. v. Mendelsohn*,
   552 U.S. 379 (2008)..............................................................................................14

*Williams v. County of Orange*,
   No. 03-CV-5182 (LMS), 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005) ..............14

*Zahler v. Twin City Fire Ins. Co.*,
   No. 04-CV-10299 (LAP), 2007 WL 4563417 (S.D.N.Y. Dec. 21, 2007) ...............8

**Statutes**

15 U.S.C. § 78aaa *et seq.* .............................................................................................1

**Rules**

Fed. R. Bankr. P. 7037 ................................................................................................8

Fed. R. Bankr. P. 9014(c) ...........................................................................................8

Fed. R. Civ. P. 26 ............................................................................................. *passim*

Fed. R. Civ. P. 26(a) ...................................................................................................8

Fed. R. Civ. P. 26(a)(2)....................................................................................3, 4, 11

Fed. R. Civ. P. 26(a)(2)(B) ...................................................................................12, 13

Fed. R. Civ. P. 26(a)(2)(D) .........................................................................................8

Fed. R. Civ. P. 37 ........................................................................................................9

Fed. R. Civ. P. 37(c)(1)...............................................................................................8

Fed. R. Evid. 403 ...................................................................................................2, 14

Fed. R. Evid. 602 ......................................................................................................10

Fed. R. Evid. 701 ......................................................................................................10

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*,[1] and the estate of Bernard L. Madoff ("Madoff") respectfully submits this memorandum of law and the declaration of David J. Sheehan ("Sheehan Decl.") in support of the Trustee's motion *in limine* for entry of an order excluding the testimony of Thomas S. Respess, III at the evidentiary hearing on the Trustee's treatment of profit withdrawal transactions ("PW Transactions").

## <u>PRELIMINARY STATEMENT</u>

Months after the close of discovery in these proceedings, claimants Norman and Joel Blum (the "Blums") proffer Mr. Respess as a witness at the evidentiary hearing on the PW Transactions (the "PW Litigation"). This disclosure is inconsistent with this Court's orders as well as the Rules of Civil Procedure and Mr. Respess's testimony should be excluded.

As an initial matter, the time to disclose an expert witness has long expired. Pursuant to this Court's orders, the Blums were required to disclose Mr. Respess as an expert witness no later than February 23, 2016. They did not do so. Instead, more than three months after the end of discovery, the Blums identified Mr. Respess for the first time and submitted a declaration setting forth his expert opinions. Though the Blums have refused to characterize Mr. Respess as an expert, his testimony is unmistakably expert in nature. In his untimely declaration, Mr. Respess opined that he has completed an analysis, the results of which agree with Trustee's expert with respect to the impact of the PW Transactions on the principal balances of the affected Blum accounts. This is an expert opinion. The Blums' failure to timely disclose their expert as

---

[1] Subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

required by the orders of this Court warrants an order *in limine* excluding Mr. Respess as a witness at the evidentiary hearing.

There are a myriad of other shortcomings associated with the Blum's identification of Mr. Respess as an expert. Rule 26 of the Federal Rules of Civil Procedure requires disclosure of sufficient information in order to allow the Trustee the opportunity to evaluate the foundation and appropriateness of Mr. Respess's opinions. Certain of this information was not provided, nor was the opportunity afforded to the Trustee to challenge Mr. Respess's opinions within the discovery period.

Finally, Mr. Respess's testimony should be excluded under Federal Rule of Evidence 403. Mr. Respess merely agrees with calculations performed by one of the Trustee's experts. The Trustee's expert has calculated the principal balance of the Blum accounts treating the PW Transactions as debits. He has also completed an analysis to demonstrate the effect on the principal balance of the Blum accounts if the PW Transactions were disregarded. Mr. Respess's only offered opinion is that he agrees with the Trustee's expert on the calculation if the PW Transactions were disregarded. Other deficiencies aside, Mr. Respess's testimony is duplicative and its consideration would be an inefficient use of the Court's time.

In these circumstances, an order excluding Mr. Respess as a witness at the evidentiary hearing is appropriate.

## **FACTUAL BACKGROUND**

A.     <u>Initial Briefing on PW Litigation</u>

On February 25, 2015, the Trustee filed the Motion for Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue. *SIPC v. BLMIS (In re Madoff)*, No.

08-01789 (SMB) (Bankr. S.D.N.Y. February 25, 2015),[2] ECF No. 9357. That motion was later

withdrawn,[3] and the Amended Motion for Order Establishing Schedule for Limited Discovery

and Briefing on Profit Withdrawal Issue was filed on May 19, 2015. ECF No. 10017. On June

25, 2015, this Court entered the Order setting out the schedule for discovery and briefing of the

profit withdrawal issue (the "June 25, 2015 Order"). ECF No. 10266.

The Trustee thereafter filed his Memorandum of Law in Support of Trustee's Motion

Affirming Treatment of Profit Withdrawal Transactions (the "PW Motion"). ECF No. 10661. In

support of the PW Motion, the Trustee also filed the declarations of Vineet Sehgal,[4] Matthew B.

Greenblatt,[5] and Lisa M. Collura.[6] Under the June 25, 2015 Order, parties who were eligible to

participate in the PW Litigation were required to request documents from the Trustee on or

before July 28, 2015. *See* June 25, 2015 Order, ¶ 3. On July 30, 2015, the Blums requested

certain documents from the Trustee, and amended their request on July 31, 2015. The Blums are

"Participating Claimants" as that term is defined in the June 25, 2015 Order. In response, the

Trustee produced various documents to the Blums on September 11, 2015. Thereafter, the

parties continued to engage in discovery.

B.      PW Discovery

This Court established December 17, 2015 as the deadline for the Trustee to make

disclosures, including expert disclosures required under Fed. R. Civ. P. 26(a)(2). June 25, 2015

Order ¶ 10. As required, the Trustee served the Blums (and all Participating Claimants) with the

---

[2] All "ECF" references in this memorandum refer to the case captioned *SIPC v. BLMIS (In re Madoff)*, No. 08-01789 (SMB) (Bankr. S.D.N.Y.) (unless otherwise stated herein).

[3] *See* Notice of Withdrawal of Motion, ECF No. 10016.

[4] Declaration of Vineet Sehgal in Support of the Trustee's Motion Affirming Treatment of Profit Withdrawal Transactions, ECF No. 10662.

[5] Declaration of Matthew B. Greenblatt, ECF No. 10663.

[6] Declaration of Lisa M. Collura, ECF No. 10664.

3

Supplemental Expert Report of Lisa M. Collura regarding the Profit Withdrawal Transactions[7]

and the Supplemental Expert Report of Matthew B. Greenblatt regarding the Profit Withdrawal

Transactions.[8]

Pursuant to this Court's order, Participating Claimants were to provide, *inter alia*, the

expert disclosures required by Rule 26(a)(2) by February 2, 2016 and rebuttal expert reports or

declarations by February 23, 2016.  June 25, 2015 Order ¶¶ 10-11.  As of February 23, 2016

(and indeed until September 23, 2016), the Blums did not identify any expert nor provide any

report or other disclosure.

As discovery proceeded, the Trustee recognized the need to depose certain individuals on

issues relevant to the PW Litigation.  Accordingly, on March 14, 2016, the Trustee moved this

Court for an order amending the June 25, 2015 Order to extend all discovery deadlines from

March 15, 2016 to June 13, 2016.  *See* Motion for Order Amending Schedule of Litigation of

Profit Withdrawal Issue, ECF No. 12865.  The Blums opposed the Trustee's request for an

extension of discovery deadlines because *inter alia*, the Trustee's request was made "on the eve

of the close of discovery."  *See* Blums' Objection to Trustee's Proposed Scheduling Order

Changes for Profit Withdrawal Motion, ECF No. 12997.  At a hearing on April 5, 2016, the

Court granted the Trustee's request to extend discovery and entered the Order Amending

Schedule of Litigation of Profit Withdrawal Issue (the "April 5, 2016 Order"), which extended

the close of all fact and expert discovery to June 13, 2016, and modified the briefing schedule.

ECF No. 13038.  On June 3, 2016, the Trustee served the Blums (and other Participating

Claimants) with the Second Supplemental Expert Report of Matthew B. Greenblatt.  Thereafter,

the Court entered a Stipulation and Order on Schedule for Litigation of and Evidentiary Hearing

---

[7] *See* Declaration of Lisa M. Collura, Ex. 1, ECF No. 13868.

[8] *See* Second Declaration of Matthew B. Greenblatt, Ex. 1, ECF No. 13869.

4

on Profit Withdrawal Issue, amending the briefing schedule set out in the April 5, 2016 Order

(the "July 12, 2016 Order"); however, the July 12, 2016 Order did not extend any discovery

deadlines.  ECF No. 13619.  Discovery closed on June 13, 2016.  No motion was made to extend

discovery.

In accordance with the July 12, 2016 order, on August 12, 2016, the Trustee filed his

Supplemental Memorandum of Law in Support of Trustee's Motion Affirming Treatment of

Profit Withdrawal Transactions (the "Supplemental PW Memo").  ECF No. 13876.  In support of

the Supplemental PW Memo, the Trustee submitted the Declaration of Lisa M. Collura (ECF No.

13868), the Second Declaration of Matthew B. Greenblatt (ECF No. 13869) and the Declaration

of Vineet Sehgal (ECF No. 13870).

On September 23, 2016, the Blums filed the Blums' Pre-Hearing Brief in Opposition to

Trustee's Profit Withdrawal Motion (the "Blum PW Brief").  ECF No. 14168.  In support of the

Blum PW Brief, the Blums filed the Declaration of Thomas S. Respess, III (the "Respess

Declaration").  ECF No. 14170.   When the parties exchanged preliminary witness lists on

September 30, 2016, the Blums identified Mr. Respess as a witness who would "confirm" the

calculations performed by the Trustee's expert, Matthew B. Greenblatt.[9]  After receipt of the

witness list, counsel for the Trustee asked the Blums to clarify whether they intended to call Mr.

Respess as an expert witness; however, they refused to do so.[10]

## **THE GREENBLATT REPORTS & RESPESS DECLARATION**

A.    Greenblatt Reports

Matthew B. Greenblatt, a Senior Managing Director in the Forensic and Litigation

Consulting practice of FTI Consulting, Inc., authored three reports in connection with the PW

---

[9] Sheehan Decl., Ex. 1 (Blum Prehearing Disclosures dated September 30, 2016).

[10] Sheehan Decl., Ex. 2 (Email correspondence between Ms. Brown and Mr. Kirby dated October 3 and 4, 2016).

Litigation (dated July 14, 2015,[11] December 17, 2015,[12] and June 3, 2016[13]).  His Principal Balance Calculation Report dated November 15, 2012 (the "Principal Balance Report") is also relevant to these proceedings.[14]   The Principal Balance Report explains how the Trustee's methodology for calculating net equity, under SIPA and as confirmed by the Second Circuit's decision in *In re BLMIS*, 654 F.3d 229 (2d Cir. 2011), is applied to the thousands of BLMIS customer accounts.  PW Transactions are a particular subset of transactions considered by Mr. Greenblatt in his Principal Balance Report, which were treated as reductions to a customer's net equity.  The July 14, 2015 Report details Mr. Greenblatt's analysis of PW Transactions and explained how he and his team determined, through an examination of the books and records of BLMIS, that PW Transactions were properly considered debits from customer accounts.  The December 17, 2015 Report focuses on the 56 Participating Accounts and accounts related to the Participating Accounts by way of inter-account transfers.  Among other things, the December 17, 2015 Report calculates the impact of the PW Transactions on the principal balance calculation of the Participating Accounts, if a court were to rule that the PW Transactions should not be treated as cash withdrawals.  The June 3, 2016 Report elaborates on the analyses set forth in the Principal Balance Report, the July 14, 2015 Report, and the December 17, 2015 Report.

Taken together, Mr. Greenblatt's reports provide a comprehensive analysis and discussion of the documents reviewed, bases for the conclusions set forth therein, and a thorough analysis of each transaction in each Participating Account.

---

[11] Declaration of Matthew B. Greenblatt, Ex. 2 (the "July 14, 2015 Report"), ECF No. 10663.

[12] Declaration of Matthew B. Greenblatt, Ex. 1 (the "December 17, 2015 Report"), ECF No. 13869.

[13] Declaration of Matthew B. Greenblatt, Ex. 2 (the "June 3, 2016 Report"), ECF No. 13869.

[14] Declaration of Matthew B. Greenblatt, Ex. 1, ECF No. 10663.

B.    The Respess Declaration

According to his Declaration, Mr. Respess is an economist employed by Baker & McKenzie Consulting LLC, an affiliate of the law firm representing the Blums.  Exhibit A to the Respess Declaration appears to be a print-out of his biography from his firm's website which identifies him as part of the Global Transfer Pricing Practice Subgroup of his firm's Global Tax Practice.  Mr. Respess appears to focus on "economic and valuation services in connection with transfer pricing projects and other tax matters."[15]

The Respess Declaration is a total of nine paragraphs and is purported to be made on "personal knowledge in connection with a response being filed by counsel for Dr. Norman Blum and Dr. Joel Blum . . . ."[16]    The stated purpose of the Respess Declaration is to "confirm the computation of the balances of various Madoff Securities accounts owned by Blum Family members.[17]    Mr. Respess attests that he calculated the principal balance in each of the Blum accounts without making any reductions to the account balances for the PW Transactions in those accounts.[18]    In conclusion, Mr. Respess notes that his "claim computations reach the same result as the same claim computations computed by the Trustee's expert Matthew B. Greenblatt."[19]

Given the agreement with Mr. Greenblatt's calculations, the Trustee contacted the Blums' counsel in order to reach a stipulation and avoid the filing of this motion.  The Trustee did not receive a response.

---

[15] Respess Declaration ¶ 2, and Ex. A.

[16] Respess Declaration ¶ 1.

[17] *Id.* ¶ 3.

[18] *Id.* ¶¶ 5-7.

[19] *Id.* ¶ 8 (citing December 17, 2015 Report at 24).

## ARGUMENT

**I.**    **The Court Should Exclude Mr. Respess from Testifying at the Evidentiary Hearing Because the Blums Failed to Comply with the Deadlines Set Forth in This Court's Prior Orders**

The Blums failed to disclose their reliance upon Mr. Respess to the Trustee prior to the close of the applicable discovery period.  For this reason alone, Mr. Respess should be precluded from testifying at the evidentiary hearing.  Under the prior orders of this Court, the Blums' initial expert reports were due on February 2, 2016; rebuttal declarations or expert reports were due by February 23, 2016;[20] and expert discovery closed on June 13, 2016.[21]  The Blums' failure to timely disclose Mr. Respess in accordance with the various scheduling orders precludes their reliance upon his testimony at the evidentiary hearing.

Expert disclosures must be made "at the times and in the sequence that the court orders." *See* Fed. R. Civ. P. 26(a)(2)(D).  "If a party fails to  provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).[22]  Rule 37(c)(1) was adopted in 1993 to "g[i]ve teeth to a significantly broadened duty to comply with case management orders."  *Zahler v. Twin City Fire Ins. Co.*, No. 04-CV-10299 (LAP), 2007 WL 4563417, at *1 (S.D.N.Y. Dec. 21, 2007) (citation and quotation omitted); *Haas v. Del. and Hudson Ry. Co.*, 282 F. App'x 84, 86-87 (2d Cir. 2008) (affirming exclusion of late-disclosed expert, noting that "[t]he purpose of the rule is to  prevent  the  practice  of  sandbagging  an  opposing  party  with  new  evidence.")

---

[20] *See* June 25, 2015 Order ¶ 11.  Each of the scheduling orders entered in connection with the Profit Withdrawal litigation permitted modifications "*on request of any party for good cause shown*" (emphasis added) but no such request was made by the Blums.  *See* June 25, 2015 Order ¶ 20; April 5, 2016 Order ¶ 7; July 12, 2016 Order ¶ 10; October 6, 2016 Order ¶ 7.

[21] *See* April 5, 2016 Order ¶ 1.

[22] Made applicable here through Fed. R. Bankr. P. 7037, 9014(c).

(quoting *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)); *Savage & Assocs.,*

*P.C. v. County of Fairfax, Va. (In re Teligent, Inc.)*, No. 01-012974 (SMB), Adv. No. 03-03360,

2006 WL 1030417, at *6 (Bankr. S.D.N.Y. Apr. 13, 2006) (explaining application of Rule 37

requires consideration of whether failure to disclose is substantially justified or harmless).  The

"dilatory party bears the burden of establishing justification or harmlessness," but the decision of

whether to preclude evidence for failure to comply with Rule 26 is within the court's discretion.

*See Pearlman v. Cablevision Sys. Corp.*, No. 10-CV-4992 (JS) (GRB), 2015 WL 8481879, at

*10 (E.D.N.Y. Dec. 8, 2015).

To determine whether exclusion is appropriate, courts in the Second Circuit evaluate the

*Softel* factors: (1) the parties' explanation for failure to comply with the discovery order(s); (2)

the importance of the testimony of the precluded witness; (3) the prejudice suffered by the

opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility

of a continuance.  *See Allen v. Dairy Farmers of Am., Inc.*, No. 09-cv-230, 2014 WL 2040133, at

*6 (D. Vt. May 16, 2014) (citing *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d

955, 961 (2d Cir. 1997)).  A consideration of these factors favors the Trustee.

A.    <u>The Blums' Unexplained Failure to Comply With This Court's Prior Orders</u>

There is no reasonable explanation for the Blums' untimely disclosure.  The Blums have

been on notice of the Trustee's proposed experts since the summer of 2015, when the Trustee

filed his original PW Motion.  They had six months from that date to hire and disclose an expert

witness.  *See* June 25, 2015 Order ¶¶ 10-11.  The Court then extended fact and expert discovery

by an additional four months, giving the Blums more time to disclose an expert or seek

additional time from this Court to do so.  If the Blums intended to proffer an expert, either as an

affirmative or rebuttal witness, they should have done so in accordance with the orders entered

by this Court.  The Blums cannot argue that they had to engage in an extensive search for their

expert.  Indeed, Mr. Respess is employed by an affiliate of their counsel and shares an office with one of the Blums' attorneys.[23]

Mr. Respess is inarguably an expert.  As set forth in his declaration, Mr. Respess offers his "analysis" and, based on his analysis, provides determinations and calculations for the "claim amount" of the Blums' accounts (nos. 1B0201, 1B0190, and 1B0251).  Mr. Respess further states that based on his "claim calculation[s]," those computations yield the same computation set forth by the Trustee's expert with respect to the net equity in each of the affected Blum accounts if the PW Transactions are not treated as debits to net equity.  This is expert opinion, not testimony of a witness with personal knowledge under Fed. R. Evid. 602, nor permissible opinion testimony by a lay witness under Fed. R. Evid. 701.  Under the circumstances, there is no justification for the Blums' failure to timely identify and properly disclose their expert.

### B.    Mr. Respess's Testimony is Not Important

The Blum PW Brief makes it clear that the Blums do not challenge the Trustee's overall net equity methodology.[24]  Mr. Respess concedes the accuracy of Mr. Greenblatt's analysis of the impact of the PW Transactions in the particular Blum accounts at issue.[25]  And he agrees with the Mr. Greenblatt's calculations.

As discussed further below, courts may exclude expert testimony when there is "substantial overlap" between the testimonies of two experts.  *See, e.g.*, *Member Svcs., Inc. v. Sec. Mut. Life Ins. Co. of New York*, No. 06-cv-1164 (TJM/DEP), 2010 WL 3907489, at *27

---

[23] Without the benefit of complete disclosures or discovery, the Trustee reserves all rights to later challenge the propriety and potential bias of Mr. Respess as an expert, given his affiliation with the law firm representing the Blums.

[24] *See, e.g.*, Blum PW Brief at 23 ("The net equity methodology is not in dispute here"); *Id.* at 52 ("The Blums accept the cash-in cash-out methodology used by the Trustee to calculate net equity, with one exception not relevant here.").

[25] Respess Decl. ¶ 8 ("I note that the claim computations reach the same result as the same claim computations computed by the Trustee's expert Matthew B. Greenblatt") (citing December 17, 2015 Report).

(N.D.N.Y. Sept. 30, 2010) (excluding duplicative testimony because "there is no reasonable basis to allow a second expert to testify about the same things," and noting that "an expert may not merely recite another expert's opinion as his own"); *see also Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007) (same). Mr. Respess agrees with Mr. Greenblatt's analysis and calculation. His testimony is duplicative and will do nothing to aid the Court in the adjudication of these issues.

### C.    Prejudice to the Trustee

The Trustee is prejudiced by the Blums' failure to timely and properly disclose Mr. Respess. This Court entered several case management orders in this matter, which provided extensions, including of expert discovery, until June 13, 2016. There was ample opportunity to identify Mr. Respess and to provide the requisite disclosures under Rule 26 during discovery. The Blums chose not to do so and the Trustee is prepared to proceed with the evidentiary hearing based on the evidence disclosed during discovery. At this late stage, the identification of Mr. Respess prejudices the Trustee who did not have the opportunity to conduct full discovery on and depose Mr. Respess. Neither the Trustee nor the Court should be required to deal with the late disclosure. Instead, the Blums should be left with the consequences of their strategic decision, and should litigate this action without Mr. Respess. *See Paulus v. Holimont, Inc.*, 315 F.R.D. 13, 18 (W.D.N.Y. 2016) ("allowing for Plaintiffs to present this eleventh hour expert witness would be . . . sandbagging. This would fly in the face of the purpose of Fed. R. Civ. P. 26(a)(2)"); *Ebewo v. Martinez*, 309 F. Supp. 2d at 607-08 (excluding Plaintiff's expert even though exclusion would result in dismissal of Plaintiff's claims)). This Court should make clear that parties must unequivocally adhere to its orders. *Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.)*, 358 B.R. 45, 57 (Bankr. S.D.N.Y. 2006) ("[d]eadlines should be observed, and

when the other factors militate strongly in favor of precluding the expert testimony, it should be precluded.").

Additionally, Mr. Respess's failure to comply with Rule 26 of the Federal Rules of Civil Procedure underscores the prejudice imposed on the Trustee because he is deprived of information that should have been included in a timely and complete disclosure of Mr. Respess as an expert witness. Mr. Respess was required to file an expert report setting forth his analysis and conclusions, in a form more robust than a brief declaration that concedes the accuracy of Mr. Greenblatt's calculations. Witnesses that are retained to provide expert testimony or whose job is to regularly give expert testimony must submit an expert report that includes all of the information required under Rule 26(a)(2)(B).

Rule 26 requires the disclosure of the following information in the expert report:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)    the facts or data considered by the witness in forming them;
(iii)   any exhibits that will be used to summarize or support them;
(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Much of this information is missing here. As to the first two requirements, the Respess Declaration appears to render an opinion that Mr. Greenblatt's analysis of the impact of the PW Transactions on the impacted Blum accounts is correct. But the Respess Declaration is silent as to the basis and reasons for such opinion. *See* Fed. R. Civ. P. 26(b)(2)(B)(i). Mr. Respess fails to identify any publications he authored in the previous ten years.    Fed. R. Civ. P.

26(a)(2)(B)(iv).[26]  There is also no disclosure of previous testimony given in the past four years.

Fed. R. Civ. P. 26(a)(2)(B)(v).    Finally, Mr. Respess fails to disclose how he is being

compensated for his time.  Fed. R. Civ. P. 26(a)(2)(B)(vi).

All of these deficiencies deprive the Trustee of the information necessary to evaluate

Respess's qualifications, methodology, and reasons for his conclusions.   Thus, the Trustee is

unfairly disadvantaged through the late and inadequate disclosure of Mr. Respess as an expert

witness.  *See Miles v. Cty. of Broome*, No. 04-cv-1147, 2006 WL 561247, at *5 (N.D.N.Y. Mar.

6, 2006) (finding prejudice where late disclosure would have required additional expenditure of

time and expense); *see also Millenium Expressions, Inc. v. Chauss Mktg., Ltd.*, No. 02-cv-7545

(RMB)(JCF), 2006 WL 288353, at *2 (noting prejudice was suffered as a result of incurring

"trouble and expense" of deposing the expert and potentially moving to exclude testimony on

*Daubert* grounds).

This Court's exercise of its discretion to exclude Mr. Respess as a witness at the

evidentiary hearing is appropriate because of the lack of any reasonable justification for the

Blums' failure to disclose Mr. Respess, the fact that Mr. Respess's testimony is duplicative of

that of the Trustee's expert and the undue burden caused by failure to respect this Court's orders

and the requirements of Rule 26.[27]

## II.    Mr. Respess's Testimony is Cumulative or Duplicative Evidence

Mr. Respess further should not be permitted to testify because his testimony would

merely duplicate Mr. Greenblatt's conclusions.   The Court has broad discretion to exclude

---

[26] Subsection (iv) of Rule 26(a)(2)(B) also requires the disclosure of the expert's qualifications.  The print-out of Mr. Respess's biography, annexed to the Respess Declaration suggests that Mr. Respess is an economist with experience in tax matters.

[27] The final *Softel* factor, the possibility of a continuance, is not implicated here given that an evidentiary hearing has not yet been scheduled.

relevant evidence under Fed. R. Evid. 403 if its probative value is substantially outweighed by the danger of "wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (applying the "abuse of discretion" standard to a review of a Fed. R. Evid. 403 ruling); *Int'l. Minerals and Res., S.A. v. Pappas*, 96 F.3d 586, 596 (2d Cir. 1996) ("A district judge has discretion to exclude evidence if it is cumulative of evidence already in the record.").

Courts routinely exclude testimony under Fed. R. Evid. 403 if it is cumulative or repetitive of other witnesses' testimony. *See, e.g., F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1258 (2d Cir. 1987) (affirming district court's exclusion of testimony of defendant's expert concerning excessive fees charged by plaintiff, because at least four other witnesses testified about fees charged); *Williams v. Cty. of Orange*, No. 03-cv-5182 (LMS), 2005 WL 6001507, at *6 (S.D.N.Y. Dec. 13, 2005) (testimony designed to buttress testimony of principal expert witness was cumulative under Fed. R. Evid. 403); *Highland Capital Mgt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 184 (S.D.N.Y. 2008) (prohibiting the testimony of seven witnesses providing the same testimony as needlessly cumulative and a waste of the court's time).

Here, Mr. Respess's brief declaration provides no information beyond what is found in Mr. Greenblatt's reports. His testimony would necessarily duplicate that of Mr. Greenblatt and this Court should exercise its discretion to exclude it. *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d at 1258 (excluding testimony when other expert witness testified on the same facts).

14

## CONCLUSION

For all of the foregoing reasons, the Trustee respectfully requests the Court exclude the

testimony of Thomas S. Respess, III.

Dated: New York, New York                  Respectfully submitted,
      October 28, 2016

                                        */s/ David Sheehan*
                                        David J. Sheehan
                                        Email: dsheehan@bakerlaw.com
                                        Seanna R. Brown
                                        Email: sbrown@bakerlaw.com
                                        Amy E. Vanderwal
                                        Email: avanderwal@bakerlaw.com

                                        **Baker & Hostetler LLP**
                                        45 Rockefeller Plaza
                                        New York, New York  10111
                                        Tel: (212) 589-4200
                                        Fax: (212) 589-4201

                                        *Attorneys for Irving H. Picard, Trustee*
                                        *for the Substantively Consolidated SIPA Liquidation*
                                        *of Bernard L. Madoff Investment Securities LLC and*
                                        *the Estate of Bernard L. Madoff*