**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION**
***IN LIMINE* NUMBER 4 TO EXCLUDE THE TRUSTEE AS A WITNESS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ............................................................................................................................2

      I.      A COURT MAY EXCLUDE EVIDENCE THAT IS IRRELEVANT OR
             UNNECESSARILY CUMULATIVE ....................................................................3

             A.     Exclusion of Irrelevant Evidence .................................................................3

             B.     Exclusion of Cumulative or Duplicative Evidence......................................4

      II.     THE TRUSTEE'S TESTIMONY IS NEITHER RELEVANT NOR
             PROBATIVE ON THE ISSUE OF PW ...................................................................5

      III.   THE COURT MAY EXCLUDE THE TRUSTEE'S TESTIMONY
             PURSUANT TO FED. R. EVID. 403 ...................................................................10

      IV.   THE TRUSTEE SHOULD BE PROTECTED FROM UNDUE
             HARASSMENT ....................................................................................................10

CONCLUSION.......................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alberto v. Toyota Motor Corp.*,
  289 Mich. App. 328 (Mich. Ct. App. Aug. 5, 2010).................................................13

*In re Adler Coleman Clearing Corp.*,
  204 B.R. 111 (Bankr. S.D.N.Y. 1997).......................................................................6

*In re Alder, Coleman Clearing Corp.*,
  95-08203 (JLG), 1998 WL 160039 (Bankr. S.D.N.Y. Apr. 3, 1998).......................7

*In re Belmonte*,
  524 B.R. 17 (Bankr. E.D.N.Y. 2015)........................................................................3

*In re Bernard L. Madoff Investment Securities LLC*,
  654 F.3d 229 (2d Cir. 2011), *cert. dismissed*, 132 S. Ct. 2712 (2012), *and*
  *cert. denied*, 2012 WL 396489, and 2012 WL 425188 (2012)................................9

*In re Brentwood Securities, Inc.*,
  925 F.2d 325 (9th Cir. 1991) ....................................................................................6

*Chevron Corp. v. Donziger*,
  11 CIV. 0691(LAK), 2013 WL 1896932 (S.D.N.Y. May 7, 2013).........................13

*In re County Of Erie*,
  473 F.3d 413 (2d Cir. 2007)......................................................................................5

*Consolidated Rail Corp. v. Primary Industries Corp.*,
  No. 92 CIV. 4927(PNL), 1993 WL 364471 (S.D.N.Y. Sept. 10, 1993).................13

*Contreras v. Artus*,
  778 F.3d 97 (2d Cir. 2015).......................................................................................3

*Dery v. Rosenberg (In re Rosenberg)*,
  291 B.R. 704 (Bankr. E.D. Mich. 2002) ...............................................................13

*Doble v. Mega Life & Health Insurance Co.*,
  No. C 09-1611 CRB (JL), 2010 WL 1998904 (N.D. Cal. May 18, 2010) ............13

*F.H. Krear & Co. v. Nineteen Named Trustees*,
  810 F.2d 1250 (2d Cir. 1987)............................................................................4, 10

*Gucci America, Inc. v. Guess?, Inc.*,
  271 F.R.D. 58 (S.D.N.Y. 2010) ..............................................................................5

*Highland Capital Management, L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008)........................................................................4

*International Minerals & Resources, S.A. v. Pappas*,
   96 F.3d 586 (2d Cir. 1996)..............................................................................4, 10

*In re Kantor*,
   No. 84-30402, 1986 WL 28904 (Bankr. S.D.N.Y. Oct. 1, 1986) ...........................9

*In re Madoff Securities*,
   No. 15 Civ. 06564 (GBD), 2016 WL 690834 (S.D.N.Y. Feb. 11, 2016) ...............11

*Malletier v. Dooney & Burke, Inc.*,
   2006 WL 3476735 (S.D.N.Y. Nov. 30, 2006).......................................................13

*In re New Times Securities Services, Inc.*,
   463 F.3d 125 (2d Cir. 2006)..............................................................................6, 9

*Picard v. Greiff*,
   No. 11 Civ. 3775 (JSR) (S.D.N.Y. July 28, 2011)................................................11

*Picard v. Nelson*,
   Adv. Pro. No. 10-04658 (SMB) (Bankr. S.D.N.Y. Mar. 17, 2016).......................12

*Picard v. RAR Entrepreneurial Fund, Ltd., et al.*,
   Adv. Pro. No. 10-04352 (SMB) (Bankr. S.D.N.Y. Nov. 1, 2013) .......................11

*In re Primeline Securities Corp.*,
   295 F.3d 1100 (10th Cir. 2002) ...........................................................................6

*In re Quigley Co., Inc.*,
   500 B.R. 347 (Bankr. S.D.N.Y. 2013) ..................................................................9

*In re Quigley Co., Inc.*,
   No. 04-15739 (SMB), 2009 WL 9034027 (Bankr. S.D.N.Y. Apr. 24, 2009) ..........5

*In re Randall's Island Family Golf Centers, Inc.*,
   290 B.R. 55 (Bankr. S.D.N.Y. 2003).....................................................................8

*In re Residential Capital, LLC*,
   536 B.R. 132 (Bankr. S.D.N.Y. 2015)...................................................................9

*SIPC v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities)*,
   No. M-47, 2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010), *appeal
   denied*, 2010 U.S. Dist. LEXIS 81492 (S.D.N.Y. Aug. 6, 2010) ..........................10

*In re Six Grand Jury Witnesses*,
   979 F.2d 939 (2d Cir. 1992)..................................................................................5

*Sprint/United Management Co. v. Mendelsohn*,
    552 U.S. 379 (2008)............................................................................3, 4, 10

*In re Stalvey & Associates, Inc.*,
    750 F.2d 464 (5th Cir. 1985) .........................................................................6

*In re Truong*,
    No. 07-10696 (JMP), 2008 WL 1776227 (Bankr. S.D.N.Y. Apr. 14, 2008)...........................13

*United States v. Abel*,
    469 U. S. 45 (1984)..................................................................................3

*United States v. Gupta*,
    747 F.3d 111 (2d Cir. 2014)..........................................................................3

*Wechsler v. Hunt Health Systems, Ltd.*,
    381 F. Supp. 2d 135 (S.D.N.Y. 2003)...................................................................3

*In re White Metal Rolling and Stamping Corp.*,
    222 B.R. 417 (Bankr. S.D.N.Y. 1998) .................................................................8

*Williams v. County of Orange*,
    03 CIV. 5182 (LMS), 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005) .......................................5

*Yeager v. United States*,
    557 U.S. 110 (2009)..................................................................................3

**Statutes**

11 U.S.C. § 101 *et seq*..................................................................................1

15 U.S.C. § 78aaa *et seq.* ..............................................................................1

15 U.S.C. § 78fff-2(b) ..................................................................................5

**Rules**

Fed. R. Bankr. P. 7026 ..................................................................................5

Fed. R. Bankr. P. 9017 ..................................................................................1

Fed. R. Civ. P.  26 .....................................................................................1

Fed. R. Evid. 401 ................................................................................. *passim*

Fed. R. Evid. 401(a) ....................................................................................3

Fed. R. Evid. 401(b)....................................................................................4

iv

Fed. R. Evid. 402 ..................................................................................................1, 3, 10

Fed. R. Evid. 403 .................................................................................................. *passim*

Fed. R. Evid. 602 ..................................................................................................8

**Other Authorities**

*Bankruptcy Evidence Manual* § 602:1 (2014 ed.) ..........................................................8

*Weinstein's Federal Evidence* § 401.04[2][b] ...............................................................4

*Weinstein's Federal Evidence* § 401.04[3][b] ...............................................................4

*Weinstein's Federal Evidence* § 402.02.......................................................................3

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA")[1], and the estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law and the declaration of David J. Sheehan ("Sheehan Decl.") in support of the Trustee's motion *in limine* for entry of an order pursuant to, *inter alia*, section 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and Rules 401, 402, and 403 of the Federal Rules of Evidence ("Fed. R. Evid."), made applicable here by Federal Rule of Bankruptcy Procedure 9017 ("Fed. R. Bankr. P."), excluding the Trustee as a witness at the evidentiary hearing on the Trustee's treatment of profit withdrawal ("PW") transactions ("PW Transactions").

## PRELIMINARY STATEMENT

In calculating net equity in the BLMIS liquidation, the Trustee treated PW Transactions as debits.  At the evidentiary hearing, the Court will hear testimony and see evidence that PW Transactions on BLMIS customer statements are properly treated as debits in the net equity calculation.  Throughout this matter, no party has disputed that the Trustee's determination was based on the analyses and conclusions of his expert witnesses, who reviewed, reconciled, and analyzed the voluminous books and records of BLMIS.  Specifically, the Trustee identified Ms. Lisa Collura and Mr. Matthew Greenblatt as expert witnesses to testify on his behalf and made the appropriate disclosures under Federal Rule of Civil Procedure 26 ("Fed. R. Civ. P.") and this Court's scheduling orders on this matter.  Ms. Collura and Mr. Greenblatt both offered expert reports and were made available for deposition, although the Participating Claimants chose not to proceed with such depositions.

---

[1] Subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

Now, for the first time, after discovery has ended, certain Participating Claimants represented by Chaitman LLP have indicated in prehearing disclosures that they intend to call the Trustee as a witness at the evidentiary hearing.[2]  No party had previously identified the Trustee as a party with knowledge during the course of litigation on the PW issue, and Chaitman LLP's prehearing disclosures do not indicate the information that the Participating Claimants seek to elicit from the Trustee relevant to the PW litigation.

The Federal Rules of Evidence prohibit the inclusion of the Trustee's testimony on the grounds that he lacks personal knowledge and because it would be cumulative of other witnesses being presented, protected by privilege, irrelevant to the issue of how to treat PW Transactions in the net equity calculation.   Any knowledge possessed by the Trustee relating to claims determinations is derived from privileged communications with his counsel and the work of his expert witnesses, which experts will testify at the hearing.  Requiring the Trustee to testify in addition to his expert witnesses would result in undue and inefficient use of the Court's time, and is nothing more than an attempt to harass the Trustee.  An *in limine* order excluding the Trustee as a witness in this evidentiary hearing is appropriate and should be granted.

## ARGUMENT

The testimony of the Trustee sought by certain Participating Claimants would violate the Federal Rules of Evidence as it would be irrelevant to the issue of PW, not based on personal knowledge, lack any probative value, be duplicative of expert testimony, and result in undue harassment of the Trustee.

---

[2] Sheehan Decl., Ex. 6 (Participating Claimants' Prehearing Disclosures, Sept. 30, 2016).

## I.    A COURT MAY EXCLUDE EVIDENCE THAT IS IRRELEVANT OR UNNECESSARILY CUMULATIVE

A motion *in limine* allows the trial court to rule on the admissibility and relevance of evidence in advance of trial.  *Wechsler v. Hunt Health Systems, Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (noting that motions *in limine* apply with equal force to non-jury portions of trial).  A trial court has broad discretion to determine the relevancy of evidence and to exclude irrelevant information.  *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) ("Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .") (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)); *United States v. Gupta,* 747 F.3d 111, 137 (2d Cir. 2014) ("The assessment of the relevance of evidence for the purpose of its admission or exclusion is committed to the sound discretion of the district court.").

### A.    Exclusion of Irrelevant Evidence

Federal Rule of Evidence 402 prohibits the admission of irrelevant evidence in order to "ensure that nothing is received into evidence that is not logically probative of some matter to be proved." *Weinstein's Federal Evidence* § 402.02.  Evidence is relevant under Fed. R. Evid. 401 if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

This two factor test aids a court's determination whether the evidence "possesses sufficient probative value to justify receiving it in evidence." Fed. R. Evid. 401, Advisory Committee Note (1972); *see, e.g.*, *Contreras v. Artus*, 778 F.3d 97, 108 (2d Cir. 2015).

Pursuant to Fed. R. Evid. 401(a), relevant evidence must have a purpose in a trial and help prove or disprove a material fact at issue in the litigation.  *See, e.g.*, *Yeager v. United States*,

557 U.S. 110, 121–22 (2009) (explaining that evidence is not relevant pursuant to Federal Rule

of Evidence standards when it fails to make a fact more or less probable); *see also Weinstein's*

*Federal Evidence* § 401.04[2][b] (relevant evidence "advance[s] the inquiry").

Similarly, under Fed. R. Evid. 401(b), a fact must be "of consequence" to be admitted.  A

court must determine whether evidence is relevant within the context of the legal requirements of

the case.  Relevancy "exists only as a relation between an item of evidence and a matter properly

provable in the case."  *See* Fed R. Evid. 401, Advisory Committee Note (1972); *see also*

*Weinstein's Federal Evidence* § 401.04[3][b] (explaining that substantive law informs whether a

fact is "of consequence").

### B.    Exclusion of Cumulative or Duplicative Evidence

The Court has broad discretion to exclude relevant evidence under Fed. R. Evid. 403 if its

probative value is substantially outweighed by the danger of "wasting time, or needlessly

presenting cumulative evidence."  Fed. R. Evid. 403; *see also Sprint/United Management Co.*,

552 U.S. at 384 (applying the "abuse of discretion" standard to a review of a Fed. R. Evid. 403

ruling); *International Minerals & Resources, S.A. v. Pappas*, 96 F.3d 586, 596 (2d Cir. 1996)

("A district judge has discretion to exclude evidence if it is cumulative of evidence already in the

record.").

Courts routinely exclude testimony under Fed. R. Evid. 403 that summarizes or repeats

other witnesses' testimony.  *See, e.g.*, *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d

1250, 1258 (2d Cir. 1987) (affirming district court's exclusion of testimony of defendant's expert

concerning excessive fees charged by plaintiff, because at least four other witnesses testified

about fees charged); *Highland Capital Management, L.P. v. Schneider,* 551 F. Supp. 2d 173, 184

(S.D.N.Y. 2008) (prohibiting testimony of seven witnesses providing the same testimony as

needlessly cumulative and a waste of the court's time); *Williams v. County of Orange*, 03 CIV.

5182 (LMS), 2005 WL 6001507, at *6 (S.D.N.Y. Dec. 13, 2005) (refusing to admit testimony

designed to buttress testimony of principal expert witness because it was cumulative under

Fed. R. Evid. 403).

## II.    THE TRUSTEE'S TESTIMONY IS NEITHER RELEVANT NOR PROBATIVE ON THE ISSUE OF PW

The evidentiary hearing will show that PW Transactions are properly treated as debits for

purposes of calculating a claimant's net equity.   The Trustee will rely primarily upon the

testimony of his experts to support his treatment of PW Transactions as both a general matter and

as to the calculation of Participating Claimants' net equity.   In turn, his expert witnesses will rely

primarily upon the books and records of the debtor.   Participating Claimants will have the

opportunity to come forth with evidence challenging the treatment of PW Transactions.   To the

extent that there is any non-privileged testimony[3] that the Trustee could provide, it would not

prove or disprove whether PW Transactions in the Participating Claimants' accounts are debits

in the net equity calculation.

As set forth more fully in the Trustee's and SIPC's Supplemental Briefs, in a SIPA

proceeding, a trustee issues his determination based on the debtor's books and records.   SIPA

§ 78fff-2(b) (requiring a trustee to "promptly discharge" obligations of the debtor "insofar as

such obligations are ascertainable from the books and records of the debtor or are otherwise

---

[3] Any testimony from the Trustee would be limited to non-privileged information.  In a bankruptcy proceeding, questions of privilege are governed by federal common law rules of privilege.  *See In re Quigley Co., Inc.*, No. 04-15739 (SMB), 2009 WL 9034027, at *2 (Bankr. S.D.N.Y. Apr. 24, 2009).  Privilege protects confidential communications between the Trustee and his counsel intended to obtain legal advice.  *See, e.g.*, *Gucci America, Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 70 (S.D.N.Y. 2010) (citing *In re County Of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). The Trustee's testimony would further be limited by the work product privilege, which applies to proceedings in bankruptcy court by virtue of Fed. R. Bankr. P. 7026.  *See also In re Six Grand Jury Witnesses*, 979 F.2d 939, 944 (2d Cir. 1992) ("[T]he work product doctrine provides a zone of privacy for a lawyer; the doctrine grants counsel an opportunity to think or prepare a client's case without fear of intrusion by an adversary.").

established to the satisfaction of the trustee").  In all SIPA cases, this determination is presumed

to be correct, and the claimant typically has 30 days to file an objection in court.[4]  During

adjudication, the claimant bears the burden of proof with regard to each transaction for which he

is claiming customer status.  *See, e.g.*, *In re Brentwood Securities, Inc.*, 925 F.2d 325, 327 (9th

Cir. 1991) ("[W]e must determine whether, on this record, any of [the customers] has established

that they entrusted cash or securities to Brentwood."); *In re Stalvey & Associates, Inc.*, 750 F.2d

464, 471 (5th Cir. 1985) ("Customer status 'in the air' is insufficient to confer the SIPA's

protection on a given transaction.");  *In re Adler Coleman Clearing Corp.*, 204 B.R. 111, 115

(Bankr. S.D.N.Y. 1997) ("[T]he Claimants must prove that they are 'customers' and that the

equity in the Deposit Accounts is 'customer property' under SIPA.").

This proceeding has focused on what "PW" means in BLMIS's books and records,

whether by expert or BLMIS employee testimony.  In accordance with the burdens of proof in a

SIPA case, the Participating Claimants have the burden to show PW Transactions are not

properly categorized as debits for purposes of calculating net equity.  *See In re Primeline

Securities Corp.*, 295 F.3d 1100, 1106 (10th Cir. 2002) (holding that claimants who deposited

cash with a debtor that conducted a Ponzi scheme must prove whether their deposit of cash was

for the purpose of purchasing securities and thus protected by SIPC, and that those claimants

who intended to purchase a "pooled investment" were not protected by SIPC, but those who

intended to purchase debentures were protected by SIPC); *see also In re New Times Securities

Services, Inc.*, 463 F.3d 125, 129 (2d Cir. 2006) (holding that in the case of a debtor that

conducted a Ponzi scheme, a claimant who deposits cash for the purpose of loaning the cash is

---

[4] *See, e.g.*, Claims Procedures Order at 6–7, Adv. Pro. No. 08-01789 (SMB), Dec. 23, 2008, ECF No. 12.

not protected as a customer under SIPA, but noting that in that same Ponzi scheme, customers who deposited cash with the intention of purchasing securities were protected by SIPC).

To rebut this testimony, the Trustee will offer the analyses and conclusions of his expert witnesses—Ms. Collura and Mr. Greenblatt—based on their review and reconciliation of the voluminous books and records of BLMIS and the corroboration of independent bank records.[5] Ms. Collura and Mr. Greenblatt have extensive knowledge of the books and records of BLMIS and the calculations of net equity of BLMIS accountholders. They will testify about the various factors that support their expert opinions that the PW Transactions were properly treated as withdrawals of cash. They will testify about their analysis of the PW Transactions and identify the BLMIS books and records concerning PW that form the basis of their conclusions. They will testify about their reconciliation of the PW Transactions with bank records and the movements of cash to and from BLMIS customers. Ms. Collura and Mr. Greenblatt, as the professionals who worked directly with the BLMIS books and records, possess knowledge of BLMIS books and records, and they—not the Trustee—will offer the most relevant and probative evidence of the Trustee's determination in the most efficient manner to this Court.

As in every SIPA case, a trustee inherits the books and records as he finds them. In this case, where the fraud spanned decades and the Trustee is dealing with thousands of claims and accounts, the Trustee properly hired and relied upon his expert witnesses to assist him in analyzing and assessing the books and records of the debtor. *See, e.g., In re Alder, Coleman Clearing Corp.,* 95-08203 (JLG), 1998 WL 160039, at *1-2 (Bankr. S.D.N.Y. Apr. 3, 1998) (denying a motion *in limine* and holding that the trustee's expert, whom the trustee retained to assist him in reconstructing the debtor's books and records, was a proper expert witness). This

---

[5] The Trustee will also offer the testimony of certain BLMIS employees who confirmed that PW Transactions were amounts sent to customers by check.

Court has recognized that trustees rely upon their expert witnesses to assist them with analysis of

the books and records. *See* Tr. on Hr'g re Mot. to Allow Customer Claim of Aaron Blecker at 32,

Adv. Pro. No. 08-01789 (SMB), Feb. 24, 2016, ECF No. 2885 (The Court stated: "Can't the

trustee in a SIPA case hire an expert to help them understand the books and records. You know,

he's a trustee. He inherits all this stuff. And he doesn't know what it means. How does he find

out what it means?"); *see also In re Randall's Island Family Golf Centers, Inc.,* 290 B.R. 55, 65

(Bankr. S.D.N.Y. 2003) ("Too often, debtors fail to maintain complete books and records, or a

trustee inherits books and records that he cannot interpret.").

The Trustee's knowledge of PW Transactions is not derived from his own personal

knowledge. *See In re White Metal Rolling and Stamping Corp*., 222 B.R. 417, 428 (Bankr.

S.D.N.Y. 1998) (noting that "a bankruptcy trustee rarely has personal knowledge of the events

preceding his appointment"). Fed. R. Evid. 602 limits a witness's testimony to information

about which he has personal knowledge. Russell, *Bankruptcy Evidence Manual* § 602:1 (2014

ed.) ("[A]dmissible testimony is limited to matters of which the witness has acquired personal

knowledge through any of his own senses.").

Nor would any other testimony by the Trustee—testimony that would not be duplicative

of his experts—be "of consequence" to the existence or validity of PW Transactions in BLMIS

accounts generally or the Participating Claimants' accounts. *See* Fed. R. Evid. 401, Advisory

Committee Note (1972) (stating that relevancy "exists only as a relation between an item of

evidence and a matter properly provable in the case."). The Trustee has no relevant knowledge

beyond that derived from his experts as to the treatment of PW Transactions in the net equity

calculation. The only other topic that passes the personal knowledge and relevance requirements

is his legal positions, which are not issues of fact to be tried by the factfinder and are therefore

inappropriate areas of inquiry at the evidentiary hearing.  The Trustee's counsel has presented his legal positions in court filings, and any testimony about these legal positions beyond the information in the papers would be privileged.[6]

Moreover, any testimony as to Trustee's state of mind when he issued the claim determinations is wholly irrelevant to the narrow issue before this Court—whether the PW notation on customer statements represent debits or whether they should be disregarded for purposes of calculating their net equity.  Once a claimant sets forth evidence to meet his burden of proof that he is a customer as to each transaction, *see, e.g.*, *New Times,* 463 F.3d at 130, a trustee can rebut that evidence by presenting evidence as to the calculation of the claim.  *In re Bernard L. Madoff Investment Securities LLC,* 654 F.3d 229, 238 n.7 (2d Cir. 2011), *cert. dismissed*, 132 S. Ct. 2712 (2012), *and cert. denied*, 2012 WL 396489, and 2012 WL 425188 (2012); *see also* Supp. Mem. of SIPC in Supp. of the Trustee's Mot. to Affirm His Treatment of Profit Withdrawals at 32, Adv. Pro. No. 08-01789 (SMB), Aug. 12, 2016, ECF No. 13872.  In this case, the Trustee based his conclusion that a PW represents a debit on the analyses of his experts, which are corroborated by the testimony of BLMIS employees.  This determination is reviewed by an objective standard, without regard to the Trustee's state of mind.  *See In re Residential Capital, LLC,* 536 B.R. 132, 146 (Bankr. S.D.N.Y. 2015) ("Courts apply an objective test to determine whether a settlement is reasonable and prudent."); *In re Quigley Co., Inc.*, 500 B.R. 347, 357 (Bankr. S.D.N.Y. 2013) (applying an objective reasonableness standard in the prudence of legal services); *In re Kantor*, No. 84-30402, 1986 WL 28904, at *11 (Bankr. S.D.N.Y. Oct. 1, 1986) (applying an objective reasonableness standard for a creditor relying on a false financial statement).

---

[6] *See supra* note 3.

At bottom, any non-privileged testimony by the Trustee on PW is not relevant, probative, or of consequence under Fed. R. Evid. 401 and is therefore inadmissible under Fed. R. Evid. 402.

## III.    THE COURT MAY EXCLUDE THE TRUSTEE'S TESTIMONY PURSUANT TO FED. R. EVID. 403

To the extent that Participating Claimants seek the Trustee's testimony regarding the very same issues that his experts will testify, the Trustee's testimony would "needlessly present[] cumulative evidence" and should be excluded under Fed. R. Evid. 403. *See International Minerals & Resources, S. A.*, 96 F.3d at 596. The Court's broad discretion to exclude duplicative and cumulative evidence under Fed. R. Evid. 403 would be appropriately exercised here. *See, e.g., Sprint/United Management Co.*, 552 U.S. at 387 (noting that Fed. R. Evid. 403 determinations should be made "in the context of the facts and arguments in a particular case"); *F.H. Krear & Co.*, 810 F.2d at 1258 (excluding testimony when other expert witnesses had already testified on the same facts).

## IV.    THE TRUSTEE SHOULD BE PROTECTED FROM UNDUE HARASSMENT

While it has not been disclosed for exactly what purpose Participating Claimants intend to call the Trustee as a witness, the PW litigation should not be used as a backdoor for Participating Claimants to obtain information that they have otherwise been denied through the court process, or merely serve as harassment of the Trustee.

Participating Claimants' counsel has spent the last seven years making meritless arguments regarding the Trustee's fees and compensation in this liquidation proceeding. Counsel has been unsuccessful at every turn,[7] even being reprimanded by District Court Judge

---

[7] *See, e.g., SIPC v. Bernard L. Madoff Inv. Securities LLC (In re Madoff Securities),* No. M-47, 2010 U.S. Dist. LEXIS 3037 (S.D.N.Y. Jan. 11, 2010), *appeal denied*, 2010 U.S. Dist. LEXIS 81492 (S.D.N.Y. Aug. 6, 2010); Order Approving Applications For Allowance Of Interim Compensation For Services Rendered And Reimbursement Of Expenses, Adv. Pro. No. 08-01789 (SMB), Dec. 14, 2010, ECF No. 3474.

Rakoff for making serious allegations about the Trustee's compensation with no factual basis or

support.   The District Court asked Ms. Chaitman about the basis for allegations regarding the

Trustee's fees:

> **The Court:**  What is the basis for these allegations?
>
> **Ms. Chaitman:**  Your Honor, the basis is that I have been informed by a personal
> friend of Mr. Picard that he was compensated –
>
> **The Court:**  Who?
>
> **Ms. Chaitman:**  A lawyer in New Jersey.
>
> **The Court:**  Who?
>
> **Ms. Chaitman:**  You know, unfortunately I can't remember his name, but let me
> finish. What happened was he told me Mr. Picard was compensated on the basis
> of 33 to 50 percent of the billing Baker & Hostetler collected.
>
> **The Court:**  Did you have any other basis?
>
> **Ms. Chaitman:** No.  When we argued –
>
> **The Court:**  So wait a minute, let me just – forgive me for interrupting, but on the
> basis of some hearsay comment from someone who may or may not have had
> personal knowledge, and who must be so little known to you that you can't even
> remember his name, you made an allegation of unethical or biased approach by
> Mr. Picard?  That seems an awfully weak read to make such an allegation."[8]

Counsel has continued to raise these issues in this Court and in the District Court.   *See*

Defendants' Omnibus Mem. of Law in Supp. of Mots. to Dismiss, *Picard v. RAR*

*Entrepreneurial Fund, Ltd., et al.*, Adv. Pro. No. 10-04352 (SMB) (Bankr. S.D.N.Y. Nov. 1,

2013), ECF No. 49; *In re Madoff Securities*, No. 15 Civ. 06564 (GBD), 2016 WL 690834, at *1

(S.D.N.Y. Feb. 11, 2016) (denying leave to appeal the Bankruptcy Court's ruling that the

Trustee's purported compensation violated defendants' right to due process of law).   Counsel

has also injected compensation issues into discovery requests made in adversary proceedings,

---

[8] *See* Sheehan Decl., Ex. 18 (Tr. of Oral Argument 12:1–25, *Picard v. Greiff*, No. 11 Civ. 3775 (JSR) (S.D.N.Y. July
28, 2011) (ECF No. 17)).

which this Court determined were intrusive and inappropriate. *See* Order Implementing the Court's Mar. 17, 2016 Bench Ruling Granting Protective Order, Adv. Pro. No. 08-01789 (SMB), Mar. 18, 2016, ECF No. 12912; *see also* Tr. of Hr'g re: Discovery Conference at 10:7–11, *Picard v. Nelson*, Adv. Pro. No. 10-04658 (SMB) (Bankr. S.D.N.Y. Mar. 17, 2016), ECF No. 52. Counsel has sought leave to appeal this order to the District Court. *See* Mem. of Law in Support of Mot. for Leave To Appeal, Adv. Pro. Nos. 10-04352, 10-04377, 10-04644, and 10-04658 (Bankr. S.D.N.Y. Mar. 31, 2016), ECF No. 13010.

Counsel has also repeatedly asserted that the Trustee's legal positions are an effort to enrich the Securities Investor Protection Corporation. *See, e.g.*, Objections to the First Fee Applications at 2–3, Adv. Pro. No. 08-01789 (SMB), Aug. 3, 2009, ECF No. 351 ("[T]he Trustee and B&H have taken actions to enrich SIPC at the expense of the Customers"); Mem. of Law in Opp'n to Trustee's Net Equity Mot., at 33, Adv. Pro. No. 08-01789 (SMB), Nov. 13, 2009, ECF No. 755 ("[The Trustee] is ignoring the effect of his conduct on other laws, in an effort to enrich SIPC at the customers' expense"). More recently, the brief filed in connection with this litigation stated that "the Trustee's determinations are supported solely by his desire to minimize the amount of money that SIPC has to pay to aggrieved customers." Participating Claimants' Mem. of Law in Opp'n to Trustee's Mot. Seeking Affirmance of His Treatment of Profit Withdrawals at 5, Adv. Pro. No. 08-01789 (SMB), Sept. 23, 2016, ECF No. 14161. This unfounded assertion has nothing to do with the issue to be tried by this Court: whether the Trustee's treatment of PW Transactions is supported by the debtor's books and records and the other evidence submitted to the Court.

Given this history, and the narrow issues before this Court on which the Trustee is not a proper witness, the Trustee has a valid concern that Participating Counsel's only purpose for

12

calling the Trustee as a witness is to unduly harass him. *See, e.g.*, *Chevron Corp. v. Donziger*, 11 CIV. 0691(LAK), 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) ("To be sure, the rancorous history of this litigation lends credibility to Chevron's concern that the [CEO's] deposition has been noticed for purposes of harassment."). Case law on undue harassment of witnesses, though in the context of discovery, guides the determination here. Courts have consistently struck deposition notices for CEOs and high ranking government officials when their testimony would duplicate the testimony of other, more knowledgeable witnesses, and when noticing the high ranking official's deposition would amount to harassment. *See e.g.*, *Malletier v. Dooney & Burke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006) (holding that Dooney & Burke failed to justify the deposition of a former general manager); *Consolidated Rail Corp. v. Primary Industries Corp.*, No. 92 CIV. 4927(PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) ("[W]here other witnesses have the same knowledge, it may be appropriate to preclude a redundant deposition of a highly-placed executive."); *Doble v. Mega Life & Health Insurance Co.*, No. C 09-1611 CRB (JL), 2010 WL 1998904, at *3 (N.D. Cal. May 18, 2010) (holding that CEO's public statements did not require him to testify); *Alberto v. Toyota Motor Corp.*, 289 Mich. App. 328, 337–39 (Mich. Ct. App. Aug. 5, 2010) (holding that Toyota CEO not required to testify in sudden acceleration case).

Even if the Trustee's state of mind were relevant—which it is not for the reasons described above—the Trustee has no personal knowledge or unique knowledge on the issue of PW. Fundamental fairness requires the Trustee be protected from undue harassment. *See In re Truong*, No. 07-10696 (JMP), 2008 WL 1776227, at *4 (Bankr. S.D.N.Y. Apr. 14, 2008) (ordering Fed. R. Civ. P. 11 sanctions for conduct designed to harass the trustee); *In re Belmonte*, 524 B.R. 17, 31 (Bankr. E.D.N.Y. 2015); *Dery v. Rosenberg (In re Rosenberg)*, 291 B.R. 704,

709 (Bankr. E.D. Mich. 2002) (requiring a "defendant [to] first pursue other avenues of discovery before resorting to deposition" of a bankruptcy trustee because "trustees should be protected from undue harassment").

## CONCLUSION

The Trustee respectfully requests that the Court enter an Order *in limine* excluding the Trustee as a witness at the evidentiary hearing, and grant such other and further relief to the Trustee as the Court deems proper.

Dated:  October 28, 2016
        New York, New York

Respectfully submitted,

*David J. Sheehan*
David J. Sheehan
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Tel: (212) 589-4200
Fax: (212) 589-4201
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email:  sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*