**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian Rose
Email: jrose@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

## TRUSTEE'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO AARON BLECKER

1

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests that Aaron Blecker produce documents responsive to the requests for production of documents set forth herein (the "Request" or "Requests") to the office of Baker Hostetler LLP, c/o Jorian Rose, 45 Rockefeller Plaza, New York, New York 10111 within 30 days.

## DEFINITIONS

1.  The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026 of the Bankruptcy Rules, are hereby incorporated by reference.  All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.  "Account" or "Accounts" means the BLMIS Account(s) in which Aaron Blecker has any interest in any capacity, whether individually or as a fiduciary and whether directly or indirectly, including Accounts 1B0022, 1B0023, 1B0156 and 1B0157.

3.  "Applicable Period" means the period between and including November 10, 1978 through December 31, 2008.

4.  "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

2

300327382.1

5.      "Transfer" or "Transfers" means any conveyance, transmittal, disposition, remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf of Aaron Blecker by any means including, but not limited to, cash, funds, property, or other value conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal from the Account, or by any other manner as set forth under section 101(54) of the Bankruptcy Code or section 270 of the New York Debtor & Creditor Law. *See* 11 U.S.C. § 101(54); N.Y. DEBT. & CRED. Law § 270.  "Transfer" also includes, but is not limited to, payments or conveyances of value by BLMIS to any third parties, including intermediaries, for the benefit of Aaron Blecker.

6.      "You" or "Your" means Aaron Blecker in any capacity, and/or anyone acting on Aaron Blecker's behalf.

7.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

8.      Reference to any Person that is not a natural person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## <u>INSTRUCTIONS</u>

Federal Rules 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference and apply to each of the following instructions:

1.      All Documents shall be identified by the Request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of a current or former employee, that were created during or refer or relate to the Applicable Period, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based email systems such as Gmail, Yahoo, etc.

3.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.      Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are

4

called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany

Documents called for by these Requests; or (iii) if such Documents constitute routing slips,

transmittal memoranda or letters, comments, evaluations, or similar materials.

6.      Documents attached to each other should not be separated; separate Documents

should not be attached to each other.

7.      Documents should include all exhibits, appendices, linked Documents, or

otherwise appended Documents that are referenced in, attached to, included with, or are a part of

the requested Documents.

8.      If a Request calls for information Concerning a Transfer, redemption, or

withdrawal from a BLMIS account, You must include Documents that reflect the account name

and number for the account the funds were transferred from and to, method of transfer (i.e., wire,

check, etc.), date of, amount and the reason for the Transfer, redemption, or withdrawal.

9.      If any Document, or any part thereof, is not produced based on a claim of

attorney-client privilege, work-product protection, or any other privilege, then in answer to such

Request or part thereof, for each such Document, You must:

      a.      Identify the type, title and subject matter of the Document;

      b.      state the place, date, and manner of preparation of the Document;

      c.      Identify all authors, addressees, and recipients of the Document, including
            information about such Persons to assess the privilege asserted; and

      d.      Identify the legal privilege(s) and the factual basis for the claim.

10.     Documents should not contain redactions unless such redactions are made to

protect information subject to the attorney-client privilege and/or work product doctrine.  In the

event any Documents are produced with redactions, a log setting forth the information requested

in Instruction 9 above must be provided.

300327382.1

11.     To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each Person having knowledge of the circumstances of the disposition, and identify each Person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

## MANNER OF PRODUCTION

1.     All Documents to be produced to the Trustee should be copied and produced in hard-copy form, separated by Document, and organized in the order and manner in which they are usually kept.  To the extent any electronic Documents exist, they must also be produced.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All Documents Concerning BLMIS, including, without limitation, correspondence with BLMIS.

2.     All Documents Concerning the Accounts.

3.     All Documents Concerning deposits in the Accounts.

4.     All Documents Concerning withdrawals from the Accounts.

5.     All Documents Concerning any Transfers to You.

6.     All Documents Concerning any money You received that You understood, believed, or suspected came from the Accounts.

300327382.1

7.      All Documents Concerning bank accounts or brokerage accounts to which you

received Transfers.


Date:  June 30, 2014

> /s/ David Sheehan
> David J. Sheehan
> Jorian Rose
> Nicholas J. Cremona
> Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111
> Telephone: (212) 589-4200
> Facsimile: (212) 589-4201
>
> *Attorneys for Irving H. Picard, Trustee for the*
> *Substantively Consolidated SIPA Liquidation*
> *of Bernard L. Madoff Investment Securities*
> *LLC and the Estate of Bernard L. Madoff*

300327382.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 30th day of

June, 2014 by electronic mail and Federal Express standard overnight delivery upon the

following:

*/s/ Sarah B. Roberts*
Sarah B. Roberts, Paralegal
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

8