BECKER & POLIAKOFF LLP
Helen Davis Chaitman (4266)
45 Broadway
New York, NY 10006
(212) 599-3322
hchaitman@bplegal.com

*Attorneys for the Aaron Blecker*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>SECURITIES INVESTOR PROTECTION CORPORATION,<br>              Plaintiff-Applicant,<br>              v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>              Defendant. | Adv. Pro. No. 08-1789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>              Debtor. | |

## AARON BLECKER'S OBJECTIONS AND RESPONSES
## TO TRUSTEE'S REQUEST FOR DOCUMENTS

Aaron Blecker ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, responds and objects to the First Set of Requests for Production of Documents (the "Requests") of trustee Irving H. Picard (the "Trustee" or the "Propounding Party") as follows:

### GENERAL OBJECTIONS

1.      The Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater

{N0052862 }

than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.     The Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.     The Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.     The Responding Party objects to the Requests to the extent they require production of documents in the possession, custody, or control of former employees of the Responding Party.  Documents such persons might possess are not within the possession, custody, or control of the Responding Party.

5.     The Responding Party objects to the Requests to the extent they call for a response to legal questions, and therefore call for legal conclusions.

6.     The Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential business information.

7.     The Responding Party objects to each definition, instruction, and Request

as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. The Responding Party objects to the definition of "Applicable Period" to the extent that includes the time period before the Responding Party invested in BLMIS.

9. The Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Document Requests, unless the Responding Party specifically states otherwise.

10. The Responding Party's responses to the Requests are based upon information presently available. The Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to the Responding Party' right to present additional evidence in support of its claim based upon information subsequently obtained or evaluated.

11. The Responding Party expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

12. The Responding Party's response to each of the Requests is made subject to these General Objections and limitations. The Responding Party sets them out here to avoid repeating them in response to each individual Request. The Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

## RESPONSES AND OBJECTIONS

**Request No. 1:** All Documents Concerning BLMIS, including, without limitation, correspondence with BLMIS.

**Response: Responding Party is not in possession of any documents responsive to this request other than sporadic monthly statements and annual statements for the period from 1988 - 2008.**

**Request No. 2:** All Documents Concerning the Accounts.

**Response: Responding Party is not in possession of any documents responsive to this request other than those described in Response 1.**

**Request No. 3:** All Documents Concerning deposits in the Accounts.

**Response: Responding Party is not in possession of any documents responsive to this request.**

**Request No. 4:** All Documents Concerning withdrawals from the Accounts.

**Response: There were no such documents because there were no withdrawals from the Accounts.**

**Request No. 5:** All Documents Concerning any Transfers to You.

**Response: There were no such documents because there were no Transfers from the Accounts.**

**Request No. 6:** All Documents Concerning any money You received that You understood, believed, or suspected came from the Accounts.

**Response: There were no such documents because Responding Party received no money from the Accounts.**

**Request No. 7:** All Documents Concerning bank accounts or brokerage accounts to which you received Transfers.

**Response: There were no such documents because Responding Party received no Transfers.**

August 14, 2014

                              **BECKER & POLIAKOFF LLP**

                              By: /s/ Helen Davis Chaitman
                              45 Broadway
                              New York, NY 10006
                              (212) 599-3322
                              *Attorneys for the Responding Party*