**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Claimant Aaron Blecker*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

## RESPONSES AND OBJECTIONS OF CLAIMANT AARON BLECKER TO TRUSTEE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Aaron Blecker ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the Second  Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

{00020683 1 }

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as

{00020683 1 }

overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

13.     Responding Party objects to the Requests because they were served after the close of all discovery on the profit withdrawal issue except for discovery of Madoff's former employees.

{00020683 1 }

## <u>RESPONSES AND OBJECTIONS</u>

1.      Documents showing that you filed federal taxes with the United States government for the years 1980 through 2009.

**RESPONSE**:        Responding Party has no documents responsive to this request. Responding Party is in possession of his tax returns for the years 2008 and 2009. Responding Party objects to the production of these documents because they are irrelevant to the issues in this case and are not likely to lead to the discovery of admissible evidence as they are completely irrelevant as to whether profits were withdrawn from 1986 to 1997.

2.      Documents showing that you paid federal taxes to the United States government for the years 1980 through 2009.

**RESPONSE**:        See response to request #1.

3.      Documents showing the amount of dividend income you reported each year on your federal taxes concerning BLMIS Accounts 1B0022, 1B0023, 1B0156 and 1B0157 for the years 1980 through 2009.

**RESPONSE**:        See response to request #1.

4.      Documents created for purposes of reporting dividend income on your federal taxes concerning BLMIS Accounts 1B0022, 1B0023, 1B0156 and 1B0157 for the years 1980 through 2009, including any schedules showing stocks bought, stocks sold, and the profits from any stocks bought or sold in BLMIS Accounts 1B0022, 1B0023, 1B0156 and 1B0157.

**RESPONSE**:        Responding Party has no such documents.

Dated: June 23, 2016

**CHAITMAN LLP**
By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Claimant Aaron Blecker*

## CERTIFICATE OF SERVICE

 I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of

June, 2016 by electronic mail and First Class mail upon the following:


**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Nkosi Shields
Email: nshields@bakerlaw.com


*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*


             **CHAITMAN LLP**

             By:  /s/  *Helen Davis Chaitman*
             465 Park Avenue
             New York, New York 10022
             Phone & Fax: 888-759-1114
             hchaitman@chaitmanllp.com

             *Attorneys for Claimant Aaron*
             *Blecker*