# EXHIBIT C

# AFFIDAVIT OF IRVING H. PICARD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>           Plaintiff,<br>v.<br><br>COHMAD SECURITIES CORPORATION, *et al.*,<br><br>           Defendants. | Adv. Pro. No. 09-01305 (SMB) |

**AFFIDAVIT OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING A SETTLEMENT AGREEMENT BY AND BETWEEN THE TRUSTEE AND COHMAD SECURITIES CORPORATION, MARCIA B. COHN, INDIVIDUALLY AND IN HER CAPACITY AS CO-EXECUTOR OF THE ESTATE OF MAURICE COHN, AND MARILYN COHN, INDIVIDUALLY AND IN HER <u>CAPACITY AS CO-EXECUTOR OF THE ESTATE OF MAURICE COHN</u>**

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF NEW YORK )

Irving H. Picard, being duly sworn, hereby attests as follows:

      1.       I am the trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78*aaa-lll* and the substantively consolidated Chapter 7 case pending before the United States Bankruptcy Court for the Southern District Court of New York of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors").  I am familiar with the affairs of the Debtors.  I respectfully submit this Affidavit in support of the motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*., and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving a settlement agreement (the "Agreement") by and between the Trustee on the one hand, and Cohmad Securities Corporation, Marcia B. Cohn, individually and in her capacity as co-executor of the Estate of Maurice Cohn, and Marilyn Cohn, individually and in her capacity as co-executor of the Estate of Maurice Cohn (collectively, the "Cohmad Defendants") on the other hand.

      2.       I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

      3.       All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

      4.       I believe that the terms of the Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Agreement should be approved by this Court.  The Agreement resolves all claims the Trustee has against the Cohmad Defendants with respect to the Avoidable Transfers (but specifically excludes the Trustee's claims against the Remaining Defendants).  The Trustee continues to pursue his claims against the Remaining Defendants,

which includes claims to recover substantial portions of the approximate $98,000,000 (Ninety Eight Million United Stated Dollars) in fees for referring investors that BLMIS paid to Cohmad (which is insolvent and non-functional) that were then subsequently transferred to the Remaining Subsequent Transferee Defendants.

5.    In addition, the Agreement resolves Marcia Cohn's customer claim ("Customer Claim") in the amount of $65,208.42 (Sixty-Five Thousand Two Hundred Eight United States Dollars and Forty-Two Cents), which the Trustee has designated as Claim No. 002799 in connection with BLMIS Account No. 1C1295, by providing that such claim shall be deemed allowed and assigned to the Trustee.

6.    I recognize that absent the Agreement, lengthy, burdensome, and expensive litigation regarding the claims and defenses in this matter would likely result. I also recognize that litigating the claims against the Cohmad Defendants would be complex and involve litigation risk.

7.    At my direction, my counsel and consultants have conducted a comprehensive investigation of the claims against the Cohmad Defendants in this Adversary Proceeding and the fraudulent transfers at issue consisting of, among other things, (i) withdrawals the Cohmad Defendants made in connection with their BLMIS Investment Advisory ("IA") accounts (the "IA Transfers") and (ii) payments made directly or indirectly to the Cohmad Defendants from BLMIS and/or Madoff in connection with referring investors to BLMIS (the "Non-IA Transfers"). My counsel has advised me that the investigation included, among other things: (i) reviewing hundreds of thousands of BLMIS, Cohmad, and defendant-produced documents; (ii) reviewing and analyzing BLMIS-related transactional histories as reflected in the BLMIS account statements, correspondence and other records and documents available to the Trustee; and (iii) conducting a substantial review of third-party records and documents.

8. Based on the information that my counsel has provided to me, I have determined, among other things, that Maurice "Sonny" Cohn, Marcia Cohn, and Marilyn Cohn received avoidable transfers (including both IA Transfers and Non-IA Transfers) in the aggregate amount of approximately $67,133,359 (Sixty-Seven Million One Hundred Thirty-Three Thousand Three Hundred Fifty-Nine United States Dollars), of which they received $25,667,288 (Twenty-Five Million Six Hundred Sixty-Seven Thousand Two Hundred Eighty-Eight United States Dollars) within the six-year period prior to the Filing Date.

9. The Agreement furthers the interests of the customers of BLMIS by: (i) recovering $32,100,000 (Thirty-Two Million One Hundred Thousand United States Dollars), which represents more than 100% (one-hundred percent) of the alleged fraudulent IA Transfers and Non-IA Transfers that Sonny Cohn, Marcia Cohn, and Marilyn Cohn received within the six-year period prior to the Filing Date; and (ii) resolving Marcia Cohn's Customer Claim.

10. After thoroughly considering the information provided to me by my counsel, the relevant facts (including that Cohmad is insolvent and non-operational), complex legal issues, and the uncertainty and risks inherent in all litigation, I, in the exercise of my business judgment, have determined that the Agreement represents a fair compromise of any and all disputes between the Parties arising out of the Adversary Proceeding that is in the best interest of the estate.

_____
IRVING H. PICARD

Sworn to before me this 4th
day of November, 2016

_____
Notary Public

Gracemary Curbelo
Notary Public, State of New York
No. 01CU6288700, Qualified in Westchester County
Certificate filed in New York County
Commission Expires 9/9/17

4