**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN SIENNA PARTNERSHIP, L.P., KATZ GROUP LIMITED PARTNERSHIP, AND FAIRFIELD PAGMA ASSOCIATES, L.P.**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

　　　　1.　　I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff").

　　　　2.　　In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Sienna Partnership, L.P., Katz Group Limited Partnership, and Fairfield Pagma Associates, L.P. (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected three BLMIS accounts held by the following: 1FR041 held by Sienna Partnership, L.P., 1K0143 held by Katz Group Limited Partnership, and 1ZA994 held by Fairfield Pagma Associates, L.P. (collectively, the "Limited Partnerships"), which accounts (the "Accounts") are listed on Exhibit 1.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account of which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, corporate formation documents, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Limited Partnerships. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Limited Partnerships and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Limited Partnership.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 18 claims and 10 objections filed by Objecting Claimants who claim to hold an interest in one or more of the Limited Partnership accounts and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the Account-holding Limited Partnership to which the Objecting Claimants claim a right, and the Limited Partnership Account number. Each of the claims identified on Exhibit 2 was denied by the

3

Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13. Each of the Limited Partnerships filed a direct claim related to its Account seeking a distribution from the fund of customer property for its Account.

14. A letter of determination was sent to Sienna Partnership L.P. on October 19, 2009 denying its claim on the ground that it was a net winner, *i.e.*, that it had withdrawn more money from its BLMIS Account than had been deposited. Counsel for Sienna Partnership, L.P. then notified the Trustee that a December 8, 2008 withdrawal was never cashed by the Partnership. As a result, the Trustee allowed the claim and issued a revised determination letter on December 8, 2009, allowing Sienna Partnership L.P.'s claim.

15. A second revised letter of determination was sent to Sienna Partnership L.P. on April 13, 2013 increasing its allowed claim as a result of the Trustee's settlement with the Internal Revenue Service.

16. Letters of determination were sent to each of Katz Group Limited Partnership and Fairfield Pagma Associates L.P. denying their customer claims on the ground that they were net winners, *i.e.*, that each had withdrawn more money from its BLMIS Account than had been deposited.

17. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for Sienna Partnership L.P.

4

18. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of claim 011547, filed with the Trustee by Sienna Partnership L.P.

19. Attached hereto as Exhibit 6 is a true and correct copy of claim 012813, filed with the Trustee by Sui Ping Lam.

20. Attached hereto as Exhibit 7 is a true and correct copy of claim 012815, filed with the Trustee by Sau Ling Lee.

21. Attached hereto as Exhibit 8 is a true and correct copy of claim 012816, filed with the Trustee by Sau Ling Lee F/B/O Kai Kong Shum

22. Attached hereto as Exhibit 9 is a true and correct copy of claim 010921, filed with the Trustee by Anna Shin-Man Shum.

23. Attached hereto as Exhibit 10 is a true and correct copy of claim 011585, filed with the Trustee on behalf of South Shore Partners, Inc.

24. Attached hereto as Exhibit 11 is a true and correct copy of claim 012814, filed with the Trustee on behalf of Stanford International, Inc.

25. Attached hereto as Exhibit 12 is a true and correct copy of claim 011084, filed with the Trustee by Rebecca Pui-Wa Tsang.

26. Attached hereto as Exhibit 13 is a true and correct copy of claim 010920, filed with the Trustee by Hermione Tsoi.

27. Attached hereto as Exhibit 14 is a true and correct copy of claim 010990, filed with the Trustee by Mai Ming Yuan.

28. Attached hereto as Exhibit 15 is a true and correct copy of the November 30, 2008 statement for Sienna Partnership L.P.

29. Attached hereto as Exhibit 16 is a true and correct copy of the BLMIS customer file for the Katz Group Limited Partnership.

30. Attached hereto as Exhibit 17 is a true and correct copy of claim 014909, filed with the Trustee by Aron B. Katz 1995 Irrevocable Trust.

31. Attached hereto as Exhibit 18 is a true and correct copy of claim 015285, filed with the Trustee by Aron B. Katz 1995 Irrevocable Trust.

32. Attached hereto as Exhibit 19 is a true and correct copy of claim 015332, filed with the Trustee by Aron B. Katz 1995 Irrevocable Trust.

33. Attached hereto as Exhibit 20 is a true and correct copy of claim 015280, filed with the Trustee by Margaret Katz Cann.

34. Attached hereto as Exhibit 21 is a true and correct copy of claim 015283, filed with the Trustee by Aron B. Katz.

35. Attached hereto as Exhibit 22 is a true and correct copy of claim 015281, filed with the Trustee by Martin J. Katz.

36. Attached hereto as Exhibit 23 is a true and correct copy of claim 015282, filed with the Trustee by Phyllis A. Katz.

37. Attached hereto as Exhibit 24 is a true and correct copy of claim 015284, filed with the Trustee by Phyllis A. Katz 1995 Irrevocable Trust.

38. Attached hereto as Exhibit 25 is a true and correct copy of the November 30, 2008 statement for Katz Group Limited Partnership.

39. Attached hereto as Exhibit 26 is a true and correct copy of the BLMIS customer file for Fairfield Pagma Associates, L.P.

40. Attached hereto as Exhibit 27 is a true and correct copy of claim 010934, filed with the Trustee by George J. Azar, Jr.

41. Attached hereto as Exhibit 28 is a true and correct copy of claim 006317, filed with the Trustee by Georges Sejour.

42. Attached hereto as Exhibit 29 is a true and correct copy of the November 30, 2008 statement for Fairfield Pagma Associates, L.P.

43. The Accounts were in the names of their respective Limited Partnership, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto. The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 9, 2016
New York, New York

*/s/ VSehgal*

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022