**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**STIPULATION BETWEEN THE TRUSTEE AND NORMAN AND JOEL BLUM WITH
RESPECT TO IMPACT OF PROFIT WITHDRAWAL TRANSACTIONS**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff,

individually, and Participating Claimants Dr. Norman Blum and Dr. Joel Blum (collectively, the

"Blums" and, together with the Trustee, the "Parties"),[1] by and through their respective,

undersigned counsel, hereby state as follows:

**WHEREAS**, on December 15, 2008, Irving H. Picard was appointed as the trustee for

the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to 15 U.S.C.

§ 78eee(b)(3); and

---

[1] The Blums are "Participating Claimants" as that term is defined in the Order Establishing Schedule for Limited
Discovery and Briefing on Profit Withdrawal Issue ¶ 5, *SIPC v. BLMIS (In re BLMIS)*, No. 08-01789 (SMB)
(Bankr. S.D.N.Y. June 25, 2015), ECF No. 10266.

**WHEREAS,** the Blums each maintained accounts, with BLMIS account numbers 1B0190, 1B0201 and 1B0251, with BLMIS at certain relevant times through December 11, 2008, for which they filed customer claims (the "Blum Accounts"); and

**WHEREAS,** in determining the Blums' customer claims on the Blum Accounts, the Trustee treated PW entries on customer statements (the "PW Amounts") in four predecessor accounts (the "Related Accounts") as customer withdrawals, reducing the amount of the Blum Accounts net equity and therefore the customer claims; and

**WHEREAS,** the Blums are Participating Claimants in the litigation of the profit withdrawal issue, pursuant to the Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, *SIPC v. BLMIS (In re Madoff)*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. June 25, 2015), ECF No. 10266;[2] and

**WHEREAS,** all parties have had the opportunity to examine the impact of the PW Amounts on the Related Accounts and, consequently, on the Blum Accounts, and to calculate that impact if a court were to determine that PW Amounts should not be treated as withdrawals; and

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them.

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed calculations:

1.      The Parties agree that, if each PW Amount reflected on the relevant Related Account customer statements is treated as a withdrawal (or debit) for the purposes of the Trustee's net equity calculation of the principal balance in the Blum Accounts:

---

[2] Unless otherwise specified all references to docket entries in this Stipulation shall be to that docket of *SIPC v. BLMIS (In re Madoff)*, No. 08-001789 (SMB) (Bankr. S.D.N.Y.).

- BLMIS Account 1B0190 would have a negative principal balance of $182,196;

- BLMIS Account 1B0201 would have a principal balance of $27,053; and

- BLMIS Account 1B0251 would have a principal balance of $83,795.

2.     The Parties further agree that if each PW Amount reflected on the relevant Related Account customer statements is not treated as a withdrawal (or debit) for the purposes of the Trustee's net equity calculation of the principal balance in the impacted Blum Accounts:

- BLMIS Account 1B0190 would have a negative principal balance of $115,571;

- BLMIS Account 1B0201 would have a principal balance of $181,388; and

- BLMIS Account 1B0251 would have a principal balance of $249,038.

3.     The Blums hereby amend the Blum Witness List so as to remove Thomas S. Respess, III as a potential trial witness and withdraw the Respess Declaration from their exhibit list.  For the avoidance of doubt, the Blums will not call Respess to testify in the Blums' affirmative case as to any matter in the Profit Withdrawal Litigation, whether as fact or expert witness,  nor will the Blums offer the Respess Declaration as an exhibit in their affirmative case.

4.     This Stipulation is not intended to alter the burden of proof in this proceeding, and is without prejudice to the rights or obligations of any party to establish any matter on which they bear the burden of proof.

5.     This Stipulation does not address, and is without prejudice to, any defenses or claims of the Parties, in the adversary proceeding captioned *Picard v. Blum*, No. 10-04846 (SMB) (Bankr. S.D.N.Y).

6.    Nothing in this Stipulation shall waive the Parties' rights on the issues now

pending before the Second Circuit in *Sagor et al. v. Picard*, No. 16-0431bk(L) (2d Cir).


Dated: New York, New York
       November 17, 2016



*/s/ Amy E. Vanderwal*                        */s/ Laura K. Clinton*
**Baker & Hostetler LLP**                     **Baker & McKenzie LLP**
45 Rockefeller Plaza                          815 Connecticut Ave., N.W.
New York, NY  10111                           Washington, D.C. 20006
Telephone:  (212) 589-4200                    Telephone:  (202) 452-7020
Facsimile:  (212) 589-4201                    Facsimile:  (202) 416-7220
David J. Sheehan                              Richard A. Kirby
e-mail:  dsheehan@bakerlaw.com                e-mail:  richard.kirby@bakermckenzie.com
Seanna R. Brown                               Laura K. Clinton
e-mail:  sbrown@bakerlaw.com                  e-mail:  laura.clinton@bakermckenzie.com
Amy E. Vanderwal
e-mail:  avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for*    *Attorneys for Participating Claimants Dr.*
*the Substantively Consolidated SIPA*            *Norman Blum and Dr. Joel Blum*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC*
*and the estate of Bernard L. Madoff*