**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04744 (SMB) |
| Plaintiff, | |
| IRVING J. PINTO 1996 GRANTOR RETAINED ANNUITY TRUST; IRVING J. PINTO 1994 GRANTOR RETAINED ANNUITY TRUST; SIDNEY KAPLAN, in his/her capacity as Trustee of the Irving J. Pinto 1996 Grantor Retained | |

> Annuity Trust and the Irving J. Pinto 1994 Grantor Retained Annuity Trust; ESTATE OF IRVING J. PINTO; and JAMIE PINTO, in his capacity as Personal Representative of the Estate of Irving J. Pinto,
>
> Defendants.

**STIPULATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7041 DISMISSING CERTAIN CLAIMS AND DISMISSING DEFENDANTS IRVING J. PINTO 1994 GRANTOR RETAINED ANNUITY TRUST AND SIDNEY KAPLAN FROM ADVERSARY PROCEEDING**

WHEREAS, on or about December 2, 2010, Irving H. Picard (the "Trustee), as Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ('BLMIS"), commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against the Irving J. Pinto 1996 Grantor Retained Annuity Trust (the "1996 GRAT"); the Irving J. Pinto 1994 Grantor Retained Annuity Trust (the "1994 GRAT"); Sidney Kaplan, in his capacity as trustee of the 1996 GRAT and the 1994 GRAT ("Kaplan"); and Irving J. Pinto, individually and in his capacity as trustee of the 1996 GRAT, in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (Dkt. No. 1)

WHEREAS, Irving J. Pinto died during the pendency of this Adversary Proceeding, and on March 31, 2011, a Stipulation and Order for Substitution was filed, to substitute the Estate of Irving J. Pinto and Jamie Pinto, in his capacity as Personal Representative of the Estate of Irving J. Pinto, in place of Irving J. Pinto. (Dkt. No. 33)

WHEREAS, on June 2, 2015, the Bankruptcy Court granted in part and denied in part motions to dismiss filed in hundreds of adversary proceedings pending before the Court, including this Adversary Proceeding (the "Omnibus Motion to Dismiss Decision"). *Securities*

*Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015);

WHEREAS, on June 22, 2015, the Supreme Court of the United States denied the Trustee's writ of certiorari regarding 11 U.S.C. § 546(e) (the "Supreme Court 546(e) Denial"), therefore 11 U.S.C. § 546(e) is applicable to this proceeding. *Picard v. Ida Fishman Revocable Trust*, 135 S. Ct. 2859 (2015);

WHEREAS Kaplan has affirmatively represented to the Trustee that he has not served as trustee, co-trustee or successor trustee for the 1996 GRAT since July 8, 2009, and that he has not personally received any of the fictitious profits sought by the Trustee in this Adversary Proceeding;

WHEREAS the Trustee, on the basis of the foregoing representations (the "Representations"), has agreed to dismiss Kaplan from the Adversary Proceeding without prejudice under certain terms as set forth in this stipulation (the "Stipulation");

NOW THEREFORE, it is Stipulated and Agreed by and among the undersigned that:

1. In light of the Supreme Court 546(e) Denial, Counts Two through Six of the Complaint in this adversary proceeding are hereby dismissed with prejudice.

2. In light of the Supreme Court 546(e) Denial, the Adversary Proceeding against the 1994 Trust, and Kaplan in his capacity as trustee of the 1994 Trust, is hereby dismissed pursuant to Federal Rule of Bankruptcy Procedure 7041, with prejudice, and without costs, fees or expenses to any party.

3. In light of the Omnibus Motion to Dismiss Decision, Count Seven is hereby dismissed without prejudice.

4. This Stipulation shall have no effect on or application to the Trustee's remaining claims in Count One of the Complaint.

5. On the basis of the Representations, the Adversary Proceeding against Kaplan in his capacity as trustee of the 1996 Trust is dismissed pursuant to Federal Rule of Bankruptcy Procedure 7041, without prejudice, and without costs, fees or expenses to any party. Upon entry of a final judgment in this Adversary Proceeding, and provided the Trustee does not void this Stipulation per Paragraph 7 below, the dismissal as to Kaplan in his capacity as trustee of the 1996 Trust will be deemed with prejudice.

6. The Bankruptcy Court retains sole and exclusive jurisdiction over any and all disputes arising out of or relating to this Stipulation.

7. After dismissal of the Adversary Proceeding against Kaplan in his capacity as trustee of the 1996 Trust, should it appear to the Trustee that Kaplan acted as trustee, co-trustee or successor trustee for the 1996 Trust after July 8, 2009, or should the Trustee discover that any fictitious profit sought in the Adversary Proceeding were transferred to Kaplan personally and were not fees paid to Kaplan in furtherance of his duties as trustee of the 1996 Trust, this Stipulation shall be voidable at the election of the Trustee and the Trustee can move to amend the Adversary Proceeding to include Kaplan as a defendant and/or file a separate adversary proceeding against Kaplan. Should the Trustee move to amend the Adversary Proceeding to add Kaplan as a defendant and/or file a separate adversary proceeding against Kaplan in order to reinstate his claims against Kaplan, Kaplan agrees that this Stipulation shall also operate as, and is, a tolling agreement and Kaplan waives all defenses based upon any statute of limitations, laches, estoppel, waiver, and any other time-based defense or right. Any such time-based defense is hereby specifically waived in connection with the filing of the Adversary Proceeding.

8. Kaplan acknowledges that he has been given the opportunity to consult with counsel prior to signing this Stipulation and he has chosen to sign this Stipulation *pro se*.

9. The provisions of this Stipulation shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns and upon all creditors and parties of interest.

10. This Stipulation is subject in all respects to approval by the Bankruptcy Court.

11. Upon the dismissal of the 1994 GRAT and Kaplan, the caption of the Adversary Proceeding is hereby amended to delete the 1994 GRAT and Kaplan from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

12. This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

Dated: November 17, 2016
New York, New York

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713)751-1600
Facsimile: (713)751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: */s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

By:*/s/ Sidney Kaplan*
*Defendant Sidney Kaplan, in his capacity as trustee of the 1994 Grantor Retained Annuity Trust, Pro se*
Stinson Leonard Street LLP
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1455
Email: sidney.kaplan@stinson.com

IRVING J. PINTO 1994 GRANTOR RETAINED ANNUITY TRUST

By:*/s/ Sidney Kaplan*
*Defendant Irving J. Pinto 1994 Grantor Retained Annuity Trust, Pro se*
Stinson Leonard Street LLP
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1455
Email: sidney.kaplan@stinson.com

SO ORDERED

Dated: November 17th, 2016
New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br><br>IRVING J. PINTO 1996 GRANTOR RETAINED ANNUITY TRUST; ESTATE OF IRVING J. PINTO; and JAMIE PINTO, in his capacity as Personal Representative of the Estate of Irving J. Pinto,<br><br>    Defendants. | Adv. Pro. No. 10-04744 (SMB) |