UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff,<br><br>                  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF WERDER VIGANO AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM APRIL 1, 2016 THROUGH JULY 31, 2016**

Werder Vigano, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $9,367.07 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $26.35 for the period from April 1, 2016 through July 31, 2016 (the "Compensation Period"). In support of the Application, Werder Vigano respectfully submits as follows:

**I. BACKGROUND**

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities

Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of the business of the Debtor in accordance with SIPA and appointing the Trustee as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on March 11, 2010, Werder Vigano has served as special counsel for the Trustee.

4. On September 13, 2010, this Court entered an order approving the Trustee's motion for authority to retain Werder Vigano as special counsel to the Trustee in all matters pertaining to Swiss law and Swiss legal proceedings.

5. The Trustee's motion to retain Werder Vigano established a fee arrangement pursuant to which Werder Vigano agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY WERDER VIGANO

6. The legal services performed by Werder Vigano on behalf of the Trustee during the time period covered by this Application are as follows:

7. Werder Vigano also monitored BLMIS-related proceedings pending in Switzerland and advised the Trustee regarding the same.

8. Werder Vigano represented the Trustee in proceedings before Swiss courts.

9. Werder Vigano advised the Trustee's counsel, regarding various issues of Swiss law.

### III. COMPENSATION REQUESTED

10. The Application demonstrates how Werder Vigano has both added value to the Debtor's estate and has advanced the Debtor's SIPA liquidation proceeding.

11. Werder Vigano has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Werder Vigano has staffed this matter leanly and endeavored to eliminate duplication of efforts by giving primary responsibility of the case to one partner, Dr. Michael Werder.

12. From April 1, 2016 through July 31, 2016, Werder Vigano provided a total of 21.4 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $10,407.85 and the total blended rate for professional services was $486.35/hour. After the 10% discount, the total amount of fees incurred is $9,367.07 and the total blended rate is $437.71/hour. Werder Vigano has agreed to a further holdback of 20% of its fees in the amount of $1,873.41, resulting in the present request for compensation in the amount of $7,493.66.

13. A breakdown of the total number of hours performed by each Werder Vigano timekeeper is provided on **Exhibit A** annexed hereto.

12. Werder Vigano seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $26.35. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

### IV. GENERAL MATTERS

13. All of the professional services for which compensation is requested herein were performed by Werder Vigano for and on behalf of the Trustee and not on behalf of any other person or entity.

3

14. No agreement or understanding exists between Werder Vigano and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Werder Vigano with compensation for the legal services described herein.

15. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee . . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

16. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Werder Vigano (*see* SIPA § 78fff-3(b)(2)).

17. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

4

18. Therefore, with respect to this Application, Werder Vigano requests that, consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Werder Vigano expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Werder Vigano respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $9,367.07, of which $7,493.66 is to be paid currently and $1,873.41 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Werder Vigano to the Trustee from April 1, 2016 through July 31, 2016; and

c. Allowing payment to Werder Vigano in the amount of $26.35 for reimbursement of expenses incurred by Werder Vigano from April 1, 2016 through July 31, 2016; and

d. Granting Werder Vigano such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 18, 2016

Werder Vigano

By: *s/ Claudio Kerber*
Claudio Kerber
Genferstrasse 2
8002 Zurich
Switzerland
Telephone: +41 44 208 2000
Fax: +41 44 208 2008

5

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF WERDER VIGANO FOR SERVICES RENDERED
## FOR THE PERIOD APRIL 1, 2016 THROUGH JULY 31, 2016

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Michael Werder | 1978 | $664.58 | 0.5 | $332.29 |
| Claudio Kerber | 2004 | $492.71 | 19.6 | $9,657.12 |
| Andreas Mikos |  | $321.88 | 1.3 | $418.44 |
| Total: |  | $486.35 | 21.4 | $10,407.85 |
| Total minus 10% Discount |  | $437.71 |  | $9,367.07 |
| **Total Net of 20% Holdback:** |  |  |  | **$7,493.66** |

## EXHIBIT B

### EXPENSE SUMMARY OF WERDER VIGANO
### FOR THE INTERIM PERIOD
### OF APRIL 1, 2016 THROUGH JULY 31, 2016

| EXPENSES | AMOUNTS |
| --- | --- |
| Courier | $20.83 |
| Photocopies | $5.52 |
| **Grand Total** | **$26.35** |