**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff, | |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF MUNARI GIUDICI MANIGLIO PANFILI E ASSOCIATI AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM APRIL 1, 2016 THROUGH JULY 31, 2016**

Munari Giudici Maniglio Panfili E Associati ("MGMP"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the consolidated liquidation under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $191.12 (of which 20% is to be deferred through the conclusion of the liquidation period) for the period from April 1, 2016 through July 31, 2016 (the "Compensation Period").

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on March 21, 2013, MGMP has served as special counsel for the Trustee.

4.      On April 8, 2013, this Court entered an order approving the Trustee's motion for authority to retain MGMP as special counsel to the Trustee in matters pertaining to Italy *nunc pro tunc* to March 21, 2013.

5.      The Trustee's motion to retain MGMP established a fee arrangement pursuant to which MGMP agreed to a fee reduction in the amount of 10%. MGMP also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY MGMP

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      MGMP advised the Trustee on Italian law.

### III. COMPENSATION REQUESTED

8.    The Application demonstrates how MGMP has both added value to the Debtor's estate and has advanced the Debtor's SIPA liquidation proceeding.

9.    MGMP has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, MGMP has staffed this matter leanly and endeavored to eliminate duplication of efforts by giving primary responsibility of the case to one partner and involving other attorneys only when necessary.

10.    From April 1, 2016 through July 31, 2016, MGMP provided a total of 0.4 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $204.18 and the total blended rate for professional services was $510.46/hour.  After applying the 10% discount, the total fees incurred is $183.77 and the total blended rate is $459.41/hour.  MGMP's fees are also subject to a 4% compulsory national bar pension fund contribution.  After applying the 4% to the discounted fees in the amount of $7.35, the total compensation requested is $191.12.  MGMP has agreed to a further 20% holdback of fees in the amount of $38.22, resulting in the present request for compensation in the amount of $152.90.

11.    A breakdown of the total number of hours performed by each MGMP timekeeper is provided on **Exhibit A** annexed hereto.

## IV.  <u>GENERAL MATTERS</u>

12.     All of the professional services for which compensation is requested herein were performed by MGMP for and on behalf of the Trustee and not on behalf of any other person or entity.

13.     No agreement or understanding exists between MGMP and any other person for sharing compensations received in connection with this case nor has any other person or entity agreed to provide MGMP with compensation for the legal services described herein.

14.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of MGMP (*see* SIPA § 78fff-3(b)(2)).

16.     The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses.  The Trustee has been advised by SIPC that it concurs in this belief of

the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17.    Therefore, with respect to this Application, MGMP requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). MGMP expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, MGMP respectfully requests that this Court enter an Order:

a.    Granting this Application; and

b.    Allowing and awarding $191.12, of which $152.90 is to be paid currently and $38.22 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by MGMP to the Trustee from April 1, 2016 through July 31, 2016; and

c.    Granting MGMP such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  November 18 , 2016                    MGMP

By:   *s/Paolo Giudici*
Paolo Giudici
Largo San Giuseppe 3-23b
I-16121
Genova ,Italy
Telephone: +(39) 010565529

**EXHIBIT A**

**SUMMARY OF INTERIM FEE APPLICATION
OF MUNARI GIUDICI MANIGLIO PANFILI E ASSOCIATI FOR SERVICES
RENDERED FOR THE PERIOD OF APRIL 1, 2016 THROUGH JULY 31, 2016**

| Professional | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| Francesco Munari | $510.46 | 0.4 | $204.18 |
| | | | |
| Total | $510.46 | 0.4 | $204.18 |
| Total minus 10% | $459.41 | | $183.77 |
| 4% Pension Fund | | | $7.35 |
| Total | | | $191.12 |
| **Total net 20%** | | | **$152.90** |