**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION

CORPORATION,

                              Plaintiff-Applicant,        Adv. Pro. No. 08-1789 (SMB)

                 v.                                       SIPA LIQUIDATION

BERNARD L. MADOFF INVESTMENT                              (Substantively Consolidated)
SECURITIES LLC,

                              Defendant.

In re:

BERNARD L. MADOFF,

                              Debtor.

## PARTICIPATING CLAIMANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION *IN LIMINE* NUMBER 3 TO EXCLUDE DEPOSITION TESTIMONY OF AARON BLECKER

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Participating Claimants*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................ 3

    I.   The Trustee denied Blecker's SIPC claim ........................................................................ 3

    II.  The Court urged the parties to depose Blecker in June 2014 to preserve his testimony given his age .......................................................................................................... 4

    III. The Trustee's request to continue Blecker's deposition was time-barred ........................ 5

    IV. The Court denied the Trustee's request to depose Blecker for a second time .................. 6

LEGAL STANDARD ............................................................................................................... 8

ARGUMENT ........................................................................................................................... 8

    I.   The Court denied the Trustee's request to depose Blecker for a second time .................. 8

    II.  Given Blecker's age, it was obvious that the parties would rely upon his deposition testimony ................................................................................................................ 9

    III. Blecker's testimony is admissible as trial testimony ..................................................... 10

        A.  Blecker is unavailable under FRCP 32(a)(4)(C) ......................................................... 10

        B.  All elements of FRCP 32 are satisfied ........................................................................ 12

        C.  The Trustee had a meaningful opportunity to depose Blecker as required to establish admissibility under FRE 804(b)(1) ............................................................. 14

        D.  Credibility questions do not circumvent the clear language of Rule 32 ..................... 15

        E.  Exceptional circumstances justify the use of Blecker's deposition ............................ 16

    IV. The Trustee offers no legal authority whatsoever for his request for a *de bene esse* deposition and again seeks relief that was already denied by this Court .......................... 16

CONCLUSION ....................................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Angelo v. Armstrong World Indus., Inc.*,
11 F.3d 957 (10th Cir. 1993) ................................................13

*In re Bankers Trust Co.*,
752 F.2d 874 (3d Cir. 1984)................................................13

*Boca Investerings P'ship v. United States*,
197 F.R.D. 18 (D.D.C. 2000) ................................................11

*Delgado v. Pawtucket Police Dep't*,
668 F.3d 42 (1st Cir. 2012)................................................11

*Duttle v. Bandler & Kass*,
127 F.R.D. 46 (S.D.N.Y. 1989) ................................................12

*F.A.A. v. Landy*,
705 F.2d 624 (2d Cir.), *cert. denied,* 464 U.S. 895 (1983)....................................12

*George v. Ford Motor Co.*,
2007 WL 2398806 (S.D.N.Y. Aug. 17, 2007) ............................................. *passim*

*Innomed Labs, LLC v. Alza Corp.*,
211 F.R.D. 237 (S.D.N.Y. 2002) ................................................17

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
2008 WL 5423316 (S.D.N.Y. Dec. 31, 2008) ......................................17

*Marmelshtein v. City of Southfield*,
2010 WL 4226667 (E.D. Mich. Oct. 21, 2010) ......................................17

*Nationwide Life Ins. Co. v. Richards*,
541 F.3d 903 (9th Cir. 2008) ................................................13

*Rosenthal v. Peoples Cab Co.*,
26 F.R.D. 116 (W.D. Pa. 1960) ................................................14

*Tatman v. Collins*,
938 F.2d 509 (4th Cir. 1991) ................................................14

*In re Tutu Water Wells Contamination CERCLA Litig.*,
189 F.R.D. 153 (D.V.I. 1999) ................................................11

*Ueland v. United States*,
    291 F.3d 993 (7th Cir. 2002) ...................................................................... 13

*United States v. Campbell*,
    845 F.2d 1374 (6th Cir. 1988) ................................................................... 11

*United States v. Franklin*,
    235 F. Supp. 338 (D.D.C. 1964) ............................................................... 13

*United States v. Int'l Bus. Machines Corp.*,
    90 F.R.D. 377 (S.D.N.Y. 1981) ................................................................ 13

*United States v. Keithan*,
    751 F.2d 9 (1st Cir. 1984) ......................................................................... 11

*United States v. Mariani*,
    178 F.R.D. 447 (M.D. Pa. 1998) .............................................................. 12

**Other Authorities**

FRCP 16(b) ........................................................................................................ 8

FRCP 30 ............................................................................................................ 17

FRCP 30(a)(2)(A)(ii) ................................................................................... 8, 17

FRCP 32 ..................................................................................................... *passim*

FRCP 32(4)(E) .................................................................................................. 16

FRCP 32(a) ....................................................................................................... 13

FRCP 32(a)(1)(A) ............................................................................................ 12

FRCP 32(a)(3) .................................................................................................. 14

FRCP 32(a)(4)(C) ............................................................................................ 10

FRCP 804(b)(1)(B) .......................................................................................... 13

FRE 401 .............................................................................................................. 9

FRE 802 ............................................................................................................ 13

FRE 804(b)(1) ....................................................................................... 12, 13, 14

Participating Claimants, as set forth on Exhibit A to the November 18, 2016 Certification of Helen Davis Chaitman,[1] through their attorneys, Chaitman LLP, respectfully submit this memorandum of law in opposition to the Trustee's Motion *in Limine* Number 3 to Exclude Deposition Testimony of Aaron Blecker (ECF Nos. 14356, 14358).

## PRELIMINARY STATEMENT

Aaron Blecker, who turned 105 in July 2016, was deposed by his counsel and by the Trustee on July 1, 2014, after the Court suggested that his testimony be preserved.  Counsel for the Trustee had a full opportunity to question Blecker at the deposition and did so.  Although the deposition concluded on July 1, 2014, Blecker's counsel agreed to allow the Trustee to continue Blecker's deposition on August 7, 2014.  However, on August 1, 2014 the Trustee's counsel informed Blecker's counsel that the Trustee chose not to further question Blecker.  Shortly thereafter, in September 2014, Blecker completed his production of documents to the Trustee.  At no time in 2014 or 2015 did the Trustee seek to further question Blecker.

In May of 2016, after the time for taking depositions had passed pursuant to the profit withdrawal scheduling order (except for the depositions of Madoff employees whose depositions were suggested by the Court), the Trustee sought leave of Court to depose Blecker for a second time.  On July 8, 2016, this Court denied the Trustee's request.  (*See* July 6, 2016 Transcript, ECF No. 13621, Ex. B).  In no uncertain terms, the Court ruled that the Trustee already had his opportunity to cross-examine Blecker and that he had all of the information necessary to conduct his examination during the July 2014 deposition.  (*See id.* at 10:14-18)  (The Court: "He's been deposed, you had the opportunity to cross-examine him.  The issue of what he withdrew was upfront in a declaration that he submitted two months before [the July 1, 2014 deposition], so you

---

[1]  All citations to exhibits in this Memorandum are to the November 18, 2016 Certification of Helen Davis Chaitman unless otherwise indicated.

had all the information you needed."). Now the Trustee is moving to bar the use of Blecker's deposition testimony at trial even though the Trustee knowingly waived his right to continue Blecker's deposition in a timely manner.

The Trustee has no one but himself to blame for the situation in which he finds himself:

- The Trustee ignored this Court's suggestion to fully question Blecker in July 2014 to preserve his testimony;

- The Trustee waived his opportunity to further question Blecker in August 2014;

- The Trustee failed to ask for Blecker's continued deposition at any time in 2014 or 2015;

- The Trustee failed to ask for Blecker's deposition within the discovery period set forth in the profit withdrawal scheduling order; and

- The Trustee failed to ask for Blecker's deposition when, at the end of the discovery period in the profit withdrawal proceeding, the Trustee asked for an extension of discovery only for the limited purpose of taking the depositions of Madoff employees, which limited extension the Trustee represented would be all that was necessary to "permit the record on the Profit Withdrawal Issue to be fully developed for this Court's determination and final resolution." (*See* ECF No. 12865 at 4, Ex. N).

And yet now the Trustee seeks to bar Blecker from relying on his deposition testimony at trial when he is 105 years old, in fragile health, and unable to walk without substantial assistance. (*See* Declaration of Robert Blecker dated November 16, 2016).

In his moving papers, the Trustee advances arguments that have been expressly rejected by this Court – *i.e.*, that the Trustee did not have an opportunity and the information necessary to cross-examine Blecker in July 2014. And the Trustee misstates the law: Under the plain text of Federal Rule of Civil Procedure ("FRCP") 32, Blecker's deposition testimony is admissible at trial because the Trustee was present at his July 2014 deposition, and because Blecker is unavailable at trial given his age and infirmity.

## STATEMENT OF FACTS

**I.    The Trustee denied Blecker's SIPC claim**

In July 2009, Blecker filed a SIPC claim for $2,213,889.50.  (*See* Ex. C).  By October 2009

letter, the Trustee denied Blecker's claim on Account No. 1B0022/1B015630.  (*See* Ex. D).  We

have to assume that the Trustee did not deny Blecker's claim in a factual vacuum and that the

Trustee based his determination upon an examination of all of the debtor's business records.

Although the Trustee's records indicate that the account was opened in 1981, the Trustee gave

Blecker no credits for deposits made prior to September 22, 1986 and informed Blecker that the

account was opened in 1986 (when, in fact, it was opened in 1981) and, during the period from

September 22, 1986 on, Blecker deposited only $200,000 and withdrew $261,633.94.  (*Id.*).  The

Trustee claims that the $261,633.94 represented profit withdrawals that were sent to Blecker from

November 1986 through April 1997.  (*Id.* at 4-6).

The Trustee made this claim even though his own expert, Lisa Collura, admitted that the

Trustee does not have a single document evidencing a payment to Blecker.  (*See* Ex. E, attachments

D.17 and D.18) (admitting that there is no documentary evidence that the Bleckers received profit

withdrawals in (a) Madoff's bank records, (b) Madoff's customer files, or (c) in any documents

received by the Trustee from third parties).  The Trustee notified Blecker that, if he disagreed with

the claim determination, he had to file a written request for a hearing within 30 days.  Blecker filed

a timely request for a hearing.  (*See* Ex. F.).  On October 19, 2010, Blecker wrote a letter to Judge

Lifland objecting to the Trustee's denial of his claim in which he explained:

> I never withdrew a penny or received anything of value from
> anyone. . . . When Madoff's fraud was exposed, I had over $2.5
> million in the account.  I filed for SIPC protection with all
> supporting documents in a timely fashion.  I have repeatedly
> requested the trustee to supply evidence (which they cannot because
> it can't exist) that I ever instructed Madoff to buy anything, or
> endorsed a check or received stock or anything of value for my
> original investment from my accounts.

(*See* Ex. G).

Blecker wrote another letter to Judge Lifland, dated November 2, 2009, in opposition to the Trustee's determination. (Ex. H). In that letter he explained that, in all the years he and his wife had accounts with Madoff, they never took out any money or requested any withdrawals. He asked that the original checks that the Trustee claimed were sent to Blecker be produced by the Trustee so that he could look at the backs of the checks to see where they were deposited.

By letter dated May 10, 2010, (Ex. I), the Trustee wrote to Blecker rejecting his claim for Account No. 1B0156, claiming that there was a zero balance in the account because of the following transfers:

| Date | Transferor Account | Amount | Value in the Trustee's view |
|------|--------------------|--------|-----------------------------|
| 4/24/97 | 1B002210 | 206,528.75 | 0 |
| 6/5/07 | 1B015730 | 1,459,343.06 | 0 |
| 9/19/07 | 1B015730 | 1,666,664.08 | 0 |
| Total | | 3,332,535.89 | 0 |

According to the Trustee's expert, if the Court finds that Blecker never withdrew any funds from his accounts, Blecker would have a net loser claim of $558,868. (*See* Greenblatt II at 24, Ex. J). It is this claim that Blecker is willing to resolve in exchange for a SIPC payment of $500,000.

## II. The Court urged the parties to depose Blecker in June 2014 to preserve his testimony given his age

On April 29, 2014, Blecker submitted a declaration in support of his motion to compel the Trustee to allow his claim, indicating that he never withdrew any monies from his Madoff accounts. (*See* Ex. K). After the Court denied that motion, during a June 2014 hearing, the Court suggested that Blecker be deposed on the profit withdrawal issues given his age. (*See* June 19, 2014 Transcript at 33:2-16, ECF No. 7249, Ex. S). Blecker's counsel moved promptly to notice

Blecker's deposition. (*See* June 20, 2014 Notice of Deposition and June 23, 2014 Amended Notice of Deposition, Ex. L), and Blecker was deposed on July 1, 2014 in his home.

At the time of his deposition, Blecker was 103 years old. The Trustee, of course, attended the deposition by counsel, who conducted a limited cross-examination of Blecker. (*See* July 1, 2014 Transcript of Deposition of Aaron Blecker, ECF No. 14359-11). In no way did Blecker's counsel seek to limit the Trustee's examination; the Trustee's limited examination was his own doing. (*See generally id.*). Thereafter, the Trustee indicated that he wished to further depose Blecker and, even though Blecker was 103 years old, Blecker's counsel agreed to permit the Trustee another opportunity to cross-examine him. The Trustee's second examination of Blecker was set for August 7, 2014. However, the Trustee cancelled the scheduled deposition pursuant to an email from his counsel to Blecker's counsel dated August 1, 2014 which stated: "Please be advised that we have decided not to proceed at this time with the deposition of Aaron Blecker that was scheduled for August 7, 2014 at 10:00 a.m." (*See* Ex. M). It was not until May 2016 that the Trustee ever indicated a desire to depose Blecker a second time.

III.    **The Trustee's request to continue Blecker's deposition was time-barred**

On December 28, 2015, Blecker filed a motion to compel the Trustee to allow his SIPC claim. (ECF No. 12319). As the Trustee recognized, this motion "involved the Profit Withdrawal Issue." (*See* ECF No. 12865 at 2, Ex. N). Under the profit withdrawal litigation scheduling order, all depositions had to be completed by March 15, 2016. (ECF No. 10266) Yet, the Trustee did not seek to depose Blecker prior to March 15, 2016.

During a February 24, 2016 hearing, this Court denied Blecker's motion for the Trustee to allow his SIPC claim but suggested that the Trustee should focus his trial preparation not on experts who lack any firsthand knowledge of the PW entries, but instead on the personal knowledge of former Madoff employees. (*See* February 24, 2016 Transcript at 13:5-8, Ex. O) (The Court:

"You're going through this exercise of getting experts. Has anyone taken the deposition of a person who worked the Madoff Securities and might know what these profit withdrawals mean?"). Remarkably, the Trustee's counsel answered that no one had. (*Id.* at 13:9); (*see id.* at 30:12-19) (suggesting that the Trustee should take the deposition of Madoff employees); (*see also id.* at 15:12-19) (doubting the Trustee's interpretation of the PW entries in Blecker's case based on a lack of factual evidence).

Discovery in the profit withdrawal litigation was court-ordered to close on March 15, 2016. On March 14, 2016, the Trustee moved to extend discovery by 90 days "in order to permit him the opportunity to seek to depose BLMIS employees with firsthand knowledge of the Profit Withdrawal Issue." (*See* ECF No. 12865 at 2, Ex. N). Notably, the Trustee did *not* seek to extend discovery to depose Blecker or any other claimant. (*See id.*). The Trustee represented to the Court that the requested depositions of certain BLMIS employees would "permit the record on the Profit Withdrawal Issue to be **fully developed for this Court's determination and final resolution.**" (*Id.* at 4) (emphasis added); (*see also* Trustee's reply, ECF No. 13016) (explaining that the extension was sought only for the limited purpose of taking the depositions of BLMIS employees). The Court granted the Trustee's request, extending discovery to June 13, 2016 for the limited purpose of taking depositions of BLMIS employees. (*See* ECF No. 13038). Despite the fact that any further deposition of Blecker was barred by this Court's order, in May 2016 the Trustee contacted Blecker's counsel and indicated that he wanted to take Blecker's deposition for a second time. (*See* May 2016 emails between Trustee and Helen Davis Chaitman, Ex. P).

## IV.    The Court denied the Trustee's request to depose Blecker for a second time

On, June 3, 2016, the Trustee submitted a letter to the Court indicating his desire to depose Blecker a second time. (*See* June 3, 2016 Letter from Seanna Brown at 2, ECF No. 13450, Ex. Q). In this letter, the Trustee acknowledged that he anticipated that Blecker's testimony would be

introduced at the time of trial. (*See id.* at 2) ("Mr. Blecker is a party to the profit withdrawal litigation. His deposition is necessary because Mr. Blecker will likely be witness at the evidentiary hearing on the profit withdrawal issue."). The Trustee's request was opposed by Blecker's counsel who indicated that she may rely on Blecker's deposition testimony if he is unavailable for trial. (*See* ECF No. 13451, Ex. R). ("As to Ms. Brown's request that we be barred from relying upon Mr. Blecker's deposition transcript at the evidentiary hearing on the profit withdrawal issue, the Trustee is not entitled to that relief. If Mr. Blecker is unable to appear to testify, we are entitled to rely upon his deposition."). Thus, the issues raised by the Motion were squarely before the Court when the Trustee sought to depose Blecker for a second time.

The Court denied the Trustee's request to depose Blecker a second time, explaining:

> On April 19th, 2014, he submitted a declaration which squarely put into issue the question of his profit withdrawals, and whether he had ever received anything. . . . More than two months later, you take his deposition, or you defend his deposition.
>
> Ms. Chaitman takes it at my suggestion, because at that time he was 103, to preserve his testimony. He says "I didn't receive any withdrawals."
>
> Now, you know, I mentioned the last time that there things about that testimony that scream [sic] a little credibility, or credulity, but you had the opportunity to take his deposition at the time. He was 103, what were you reserving questions for?
>
> He's going to testify that he didn't receive anything. If you have any contrary evidence that he did, you can bring it forward. But there's no need - - . . . .
> . . . .
>
> - to take his deposition. He's been deposed, you had the opportunity to cross-examine him. The issue of what he withdrew was upfront in a declaration that he submitted two months before, so you had all the information you needed.

(July 6, 2016 Transcript at 9:19-10:18, Ex. B).

## LEGAL STANDARD

Rule 32 governs the use of depositions in court proceedings and provides, in relevant part, that "all or part of a deposition" may be used "at a hearing or trial" against a party if: (a) "the party was present or represented at the taking of the deposition or had reasonable notice of it," and (b) "the witness cannot attend or testify because of age, illness, infirmity, or imprisonment." Fed. R. Civ. P. ("FRCP") 32.

## ARGUMENT

### I. The Court denied the Trustee's request to depose Blecker for a second time

The Court decided this Motion on July 6, 2016 when it denied the Trustee's request to depose Blecker a second time. (*See* Ex. B). The Court found that the Trustee already had the opportunity and information necessary to cross-examine Blecker in July 2014, and that there was no legitimate reason to wait to depose a witness who was already 103 years old. (*Id.* at 10:15-18). Thus, the Trustee failed to make the showing necessary to depose a witness for a second time. *See* FRCP 30(a)(2)(A)(ii) (leave of court required to depose a witness a second time); FRCP 16(b) ("good cause" required to depose witness after the close of discovery).

The Trustee still cannot show good cause why this Court should require a 105 year-old-man to sit for another deposition. The Trustee points to alleged inconsistencies between documents Blecker submitted in support of his SIPC claim in 2009 and documents Blecker produced to the Trustee in September 2014. (*See* ECF No. 14356 at 8-11, 16-19). But this is not a basis for granting the Motion. *See, e.g.*, *George v. Ford Motor Co.*, 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007) ("No such good cause has been shown here. This is not a case in which the need to depose the witness results from the need to preserve testimony that the witness would otherwise have given at trial, based on unforeseen events arising after the close of discovery."). The Trustee had 18 months after receiving Blecker's document production in September 2014

(three months in 2014; 12 months in 2015; and three months in 2016) to make his motion to depose Blecker a second time within the discovery period. Yet, despite his vast army of attorneys, he chose not to do so.

## II.    Given Blecker's age, it was obvious that the parties would rely upon his deposition testimony

Despite his demand to depose Blecker at the age of 105, the Trustee now asserts that "Blecker's testimony is not relevant to the omnibus issue of what 'PW' reflects on customer statements." (ECF No. 14356 at 11). The Trustee appears to acknowledge that Blecker has relevant knowledge regarding his own account but, according to the Trustee, Blecker "lacks personal knowledge" about the "broader profit withdrawal issue." (*Id.* at 11). One wonders why the Trustee has gone to such great lengths to take the deposition of a witness whose testimony he asserts is irrelevant. Obviously, Blecker's testimony is relevant:  it proves that Blecker never received a withdrawal from Madoff – a fact proven by Madoff's records as well. (*See* Ex. E).

Blecker's testimony meets the modest showing of relevancy required for admissibility under the Federal Rules of Evidence. *See* Federal Rule of Evidence ("FRE") 401 ("Evidence is relevant if: (a) it has a tendency to make a fact more or less probably that it would be without the evidence and (b) the fact is of consequence in determining the action."). As recognized by this Court, Blecker's April 29, 2014 declaration "squarely put into issue the question of his profit withdrawals, and whether he had ever received anything. . ." (Ex. B at 9:22-23) (referring to April 29, 2014 Declaration of Aaron Blecker, Ex. K).

The Trustee himself has acknowledged the relevance of Blecker's testimony and he cannot now disavow it. (*See* ECF No. 12865 at 2, Ex. N) (acknowledging that Blecker's motion to compel payment of his SIPC claim "involved the Profit Withdrawal Issue"); (ECF No. 13450, Ex. Q) ("Mr. Blecker is a party to the profit withdrawal litigation. *His deposition is necessary* because Mr.

Blecker will likely be witness at the evidentiary hearing on the profit withdrawal issue.")
(Emphasis added).

Nor can the trustee claim surprise that Blecker's testimony is being offered as relevant to
the "broader profit withdrawal issue." (ECF No. 14356 at 11); (*see* June 3, 2016 Letter from
Seanna Brown at 2, ECF No. 13450) ("Indeed, this Court has previously indicated that claimants
like Mr. Blecker will be permitted to testify before the Court about whether they received particular
funds from BLMIS in the profit withdrawal litigation."); (*id.*) ("If Mr. Blecker is to be a witness
at the evidentiary hearing . . . the Trustee is entitled to depose him prior to such hearing. To that
end, the Trustee informed Ms. Chaitman that if she confirms that she does not intend to call him
as a witness at the evidentiary hearing, the Trustee would withdraw the deposition notice."); (*id.*)
("So long as Ms. Chaitman intends to have Mr. Blecker testify at any evidentiary hearing on the
profit withdrawal issue, the Trustee, like all other litigants, should be permitted to explore the bases
regarding Mr. Blecker's assertions prior to trial.").

To the extent the Trustee argues that Blecker "lacks personal knowledge" as to the "broader
profit withdrawal issue," this same logic would prevent the Trustee from introducing testimony
from all of the former BLMIS employees, none of whom had personal knowledge of any check
being sent to Blecker.

**III.    Blecker's testimony is admissible as trial testimony**

Blecker's testimony is admissible at trial because he is unavailable and because the Trustee
had a full opportunity to question him at his July 1, 2014 deposition. This is all that is required
under Rule 32.

**A.    Blecker is unavailable under FRCP 32(a)(4)(C)**

A witness is "unavailable" under FRCP 32(a)(4)(C) if "the witness cannot attend or testify
because of age, illness, infirmity, *or* imprisonment." (Emphasis added). By the Rule's plain text,

which is written in the disjunctive, age alone is enough to render Blecker unavailable for trial. *See,*
*e.g.*, *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 49 (1st Cir. 2012) (cited by the Trustee)
("In interpreting a formal rule of procedure, our starting point is the language of the rule itself. We
interpret this language with due regard to its ordinary meaning and the context in which it is
found."). All that is required under Rule 32 is that age present a "genuine obstacle to attendance
or to testifying." *See Boca Investerings P'ship v. United States*, 197 F.R.D. 18, 20 (D.D.C. 2000)
(cited by the Trustee). If Blecker, who is 105, is not old enough to qualify as unavailable for trial,
one seriously wonders how old a witness must be in order to be considered unavailable for trial.

Blecker's son, Robert Blecker, who is a professor of law at New York Law School, has
submitted a declaration explaining why Blecker's age renders him unavailable to testify at trial.
Robert Blecker explains that Blecker is in a weakened condition due to his advanced age; that he
has aged significantly in the last two years; and that forcing him to testify would cause Blecker to
suffer physical and emotional stress and could severely jeopardize his health. (*See* Declaration of
Robert Blecker, November 18, 2016, ¶¶ 5-10).

Clearly, these facts show that Blecker's age creates a genuine obstacle to his testifying at
trial. *United States v. Campbell*, 845 F.2d 1374, 1377-78 (6th Cir. 1988) ("It is well established
that the infirmity of an elderly witness which prevents him or her from traveling is an 'exceptional
circumstance' which justifies the use of deposition testimony at trial."). Courts have rightly
admitted the deposition testimony of elderly witnesses in lieu of live testimony on lesser showings.
*See, e.g.*, *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) ("Frank Robidoux was eighty-
seven years old at the time of trial and suffered from a back condition which prevented him from
walking. Hattie Robidoux was eighty-three years old and suffered from a heart condition which
confined her to her home. These facts clearly support a finding of unavailability."); *see also In re*
*Tutu Water Wells Contamination CERCLA Litig.*, 189 F.R.D. 153, 157 (D.V.I. 1999) (refusing to

permit deposition of 81-year-old man in frail health and noting that "[n]o deposition under these circumstances is worth risking a man's life . . . this Court could not in good conscience subject . . . [the deponent] to a very real risk of danger"); *United States v. Mariani*, 178 F.R.D. 447, 451 (M.D. Pa. 1998) (quashing deposition notice served on 83-year-old man in frail health).

It is unconscionable that the Trustee, who has a fiduciary duty to Blecker and who has refused to honor Blecker's SIPC claim for no legitimate reason, would even make this Motion.

B.    All elements of FRCP 32 are satisfied

The Trustee argues that Blecker's deposition testimony is inadmissible under Rule 32 because he "had no reasonable opportunity to cross-examine" Blecker.  (ECF No. 14356 at 14). This is factually unsustainable, as the record reflects.  Moreover, Rule 32 does not require that the Trustee have "a reasonable opportunity to cross-examine" Blecker.  The Rule provides that deposition testimony of an unavailable witness is admissible against a party merely if "the party was present or represented at the taking of the deposition or had reasonable notice of it."  *See* FRCP 32(a)(1)(A) (mentioning nothing of a "meaningful opportunity to cross-examine").

The Trustee seems to be confusing Rule 32 with FRE 804(b)(1), which is a hearsay exception that permits the admission of former testimony if offered against a party who had "an opportunity and similar motive to develop it by direct, cross-, or redirect examination."  *See* FRE 804(b)(1).  Curiously, the Trustee cites *Duttle v. Bandler & Kass*, 127 F.R.D. 46, 49 (S.D.N.Y. 1989) to argue that "the mere presence of a party at a deposition is not enough" to satisfy Rule 32. (ECF No. 14356 at 14).  But in that case, the Court expressly held the opposite.  *See Duttle*, 127 F.R.D. at 49 (deposition testimony may be admissible under FRCP  32 even against a party who did not even attend the deposition) (citing *F.A.A. v. Landy,* 705 F.2d 624 (2d Cir.), *cert. denied,* 464 U.S. 895 (1983)).  In fact, *none* of the cases cited by the Trustee supports the Trustee's argument that the requirements for admissibility under FRE 804(b)(1) are engrafted onto Fed. R.

Civ. P. 32.  All of the cases cited by the Trustee either contradict the Trustee's position, relate only to FRCP 804(b)(1)(B), or relate to the 6th Amendment's confrontation clause, which obviously is inapplicable here because this is not a criminal proceeding.  (*See, e.g.*, ECF No. 14356 at 15) (quoting a discussion from *United States v. Franklin*, 235 F. Supp. 338, 341 (D.D.C. 1964) relating to the confrontation clause).

FRE 804(b)(1) is intended to pertain to the admissibility of deposition testimony only taken in cases *other than* the case in which its admission is sought.  *See United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 384 n.13 (S.D.N.Y. 1981) (noting this).  Thus, where the proponent offers deposition testimony at trial of *the same case* in which it was taken, its admissibility is more properly considered under Rule 32.

Under FRE 802, hearsay is admissible where allowed by the Federal Rules of Evidence, or "by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  FRE 802.  Rule 32 is one of those rules.  *See* Advisory Committee Notes to FRE 802. Thus, if testimony is admissible under Rule 32, "it need not also meet the requirements for admissibility set forth in Rule 804(b)."  *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914-15 (9th Cir. 2008); *Ueland v. United States*, 291 F.3d 993, 996 (7th Cir. 2002) ("Rule 32(a), as a freestanding exception to the hearsay rule, is one of the 'other rules' to which Fed. R. Evid. 802 refers.  Evidence authorized by Rule 32(a) cannot be excluded as hearsay, unless it would be inadmissible even if delivered in court."); *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962-63 (10th Cir. 1993) ("Deposition testimony is normally inadmissible hearsay, but Fed. R. Civ. P. 32(a) creates an exception to the hearsay rules."); *In re Bankers Trust Co.,* 752 F.2d 874, 888 n.17 (3d Cir. 1984) ("Fed. R. Civ. P. 32 constitutes an independent exception to the hearsay rule. . . . Thus, even though a deposition does not fall within the exceptions to the hearsay rule set forth

in Rule 804 of the Federal Rules of Evidence, it is admissible if it falls within the provisions of Rule 32 . . . .").

The proper legal standard raised by the Motion is found in Rule 32.  A simple application of Rule 32 shows that the deposition testimony is admissible: the Trustee was present at Blecker's deposition.  This is all that is required under Rule 32.  *See, e.g.*, *Rosenthal v. Peoples Cab Co.*, 26 F.R.D. 116, 117 (W.D. Pa. 1960) (when deposition of witness, who subsequently died, had been taken for discovery purposes only by plaintiff, and defendant's counsel was present, deposition testimony was admissible at trial notwithstanding that there had been no cross-examination of witness).  The deposition testimony must be admitted.

C.    The Trustee had a meaningful opportunity to depose Blecker as required to establish admissibility under FRE 804(b)(1)

Even if the Trustee could engraft the additional requirement above and beyond that required by the plain text of Rule 32, i.e., a "reasonable" or "meaningful" opportunity to cross-examine Blecker, it has been satisfied here.  This Court expressly told the Trustee during the July 6, 2016 hearing: "[Blecker's] been deposed, you had the opportunity to cross-examine him."  (*See* Ex. B at 10:15).  This ends the discussion.

 The Trustee argues, erroneously, that Blecker's deposition "was never intended to encompass the Trustee's opportunity to cross-examine Mr. Blecker, but was simply a cursory perseveration deposition."  (ECF 14356 at 15).  It is impossible to comprehend what this argument is intended to communicate but, in any event, it is factually inaccurate.  *See Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991) ("When, as here, the witness' deposition was duly noticed and all parties had the opportunity to attend (and did attend), it may be introduced at trial, subject to the rules of evidence, if the witness is unavailable as described in Rule 32(a)(3).  It is irrelevant to the issue that one party or the other initiated the deposition, that it was initiated only for discovery purposes, or that it was taken before other discovery was completed.").

The Trustee argues that he had no meaningful opportunity to cross-examine Blecker because "at the time of the deposition, the parties had not yet exchanged documents." (ECF No. 14356) (citing no law to support this argument). Again, this is legally irrelevant and this Court already ruled, as a factual matter, to the contrary. (*See* Ex. B at 10:17-18) (The Court: ". . . . you had all the information you needed."). Moreover, the Trustee ignores the fact that he had 18 months after he received Blecker's documents to depose him. Yet he chose not to.

The Trustee complains that, at the time of Blecker's deposition, he was not armed with "expert analyses about his accounts." (ECF No. 14356 at 15). This is dishonest because the Trustee's profit withdrawal expert reports were issued on July 14, 2015. Thus, even if we assume the Trustee had never seen the reports before they were filed, he still had five months in 2015 and three months in 2016 to seek leave to depose Blecker with "expert analyses about his accounts" within the discovery period. The Trustee made a deliberate decision not to depose Blecker, and now he must live with that decision. *See, e.g.*, *George*, 2007 WL 2398806, at *12 (no prejudice when party made strategic decision not to take deposition during the ordinary course of discovery; if deposition had been sought in the ordinary course of discovery, testimony would be admissible at trial).

D.    Credibility questions do not circumvent the clear language of Rule 32

The Trustee makes an unseemly and baseless attack on Blecker's credibility citing certain documents produced between 2009 and 2014. (*See* ECF No. 14356 at 8-11, 16-19). Aside from the fact that many of these documents are inadmissible because the Trustee did not list them in his pre-trial list of exhibits (as required by this Court's order), the Trustee cannot credibly explain why he didn't seek to depose Blecker after September 2014 when he had all of Blecker's documents. (*See, e.g.*, ECF No. 14356 at 11) (dishonestly arguing that "[b]ecause the 2014 Document Production occurred months after Mr. Blecker's initial deposition, the Trustee never had the

opportunity to question Mr. Blecker about his documents or any of the other inconsistencies between his statements and the production."). But, in any event, Blecker's credibility is not relevant to the issue here. Rule 32 says nothing of credibility. And as this this Court has previously observed, credibility questions go towards weight, not admissibility. (*See, e.g.*, March 23, 2016 Transcript at 88:13-22).

E.   Exceptional circumstances justify the use of Blecker's deposition

Under Rule 32, there is another basis for the admission of a deposition: where "exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used." *See* FRCP 32(4)(E). Blecker's deposition testimony should be admitted on this alternative basis because exceptional circumstances exist here. The Trustee's attempt to compel the testimony of a 105 year-old Madoff victim, after the psychological and financial abuse the Trustee has already inflicted on Blecker, is an exceptional circumstance that should prevent the Trustee's further harassment of Blecker by requiring his attendance at trial.

**IV.   The Trustee offers no legal authority whatsoever for his request for a *de bene esse* deposition and again seeks relief that was already denied by this Court**

Perhaps realizing that Blecker's deposition testimony is plainly admissible under the clear language of FRCP 32, the Trustee argues that he should be permitted to depose Blecker again through a *de bene esse* deposition. (ECF No. 14356 at 19-20). On the facts and the law, the Trustee is wrong again. The Trustee starts with the mistaken premises that the Trustee has not yet been "permit[ed] the reasonable opportunity for cross-examination," which he is entitled to "prior to admitting the deposition transcript at the evidentiary hearing." (ECF No. 14356 at 18-19). Obviously, this is false.

Moreover, there is no distinction between the admissibility of a discovery deposition and a *de bene esse* deposition. *See George*, 2007 WL 2398806, at *11 (S.D.N.Y. Aug. 17, 2007) ("The

Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*).").  The whole purpose of the July 2014 deposition was, at the Court's urging, to preserve Blecker's testimony for trial. (*See* June 19, 2014 Transcript at 33:2-16, Ex. S); (*see also* June 3, 2016 Letter from Seanna Brown, Ex. Q) ("[O]n June 19, 2014, this court suggested that Ms. Chaitman *preserve* Mr. Blecker's testimony.") (Emphasis added).  It is inappropriate to order a *de bene esse* deposition of a witness who was already deposed in a discovery deposition.  *See Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 5423316, at *2 (S.D.N.Y. Dec. 31, 2008) (denying application to conduct *de bene esse depositions* because party appeared to be seeking depositions of parties who were already deposed) (cited by Trustee).

The Trustee's request for a second deposition of Blecker must comply with FRCP 30 because Blecker has already been deposed.  *Marmelshtein v. City of Southfield*, 2010 WL 4226667, at *3 (E.D. Mich. Oct. 21, 2010) ("[B]ecause the deposition . . . was not merely a *de bene esse* deposition, but was . . . [the deponent's] second deposition, Plaintiffs were required to comply with Fed. R. Civ. P. 30.").  Rule 30 requires leave of Court on a showing of good cause to order a second deposition of a witness.  *See* FRCP 30(a)(2)(A)(ii).  If the Trustee seriously believes that he is somehow entitled to a *de bene esse* deposition, he must seek leave of Court and file that as a proper motion addressing all of the legal issues raised by that request.  *See, e.g.*, *George*, 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007) ("[A]s courts in this district have held, both discovery and *de bene esse* depositions 'are governed by the scheduling order' set by the Court, and may not be conducted after the close of discovery absent good cause to modify that order."); *see also Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) ("Courts within this district have routinely denied motions seeking leave to re-depose a party for failure to comply with Rule 30 . . . .").  The Trustee cannot possibly meet the requirements for such a deposition.

The requisite good cause to order a second deposition was found lacking by this Court on July 6, 2016 and nothing has changed since then.  The Trustee cannot seriously expect, nor would it be equitable, for this Court to now reverse course and order a *de bene esse* deposition on the eve of trial.  Moreover, a *de bene esse* deposition would still impose a severe hardship on Blecker given his old age.  Thus, Blecker is unavailable for a *de bene esse* deposition under Rule 32.

The Trustee surely cannot feign surprise that Blecker's deposition testimony is to be used at trial.  (*See* June 3, 2016 Letter from Helen Davis Chaitman to the Court, Ex. R) ("As to Ms. Brown's request that we be barred from relying upon Mr. Blecker's deposition transcript at the evidentiary hearing on the profit withdrawal issue, the Trustee is not entitled to that relief.  If Mr. Blecker is unable to appear to testify, we are entitled to rely upon his deposition.").  The parties and the Court understood all along that Blecker's testimony would be introduced at trial.  The Trustee's request should be denied.

## CONCLUSION

The Motion should be denied in its entirety.

November 18, 2016                              **CHAITMAN LLP**

                              By:    */s/ Helen Davis Chaitman*
                                     Helen Davis Chaitman
                                     Gregory M. Dexter
                                     465 Park Avenue
                                     New York, New York 10022
                                     Phone and Fax: (888) 759-1114
                                     hchaitman@chaitmanllp.com
                                     gdexter@chaitmanllp.com

                                     *Attorneys for Participating Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2016, I caused a true and correct copy of the

foregoing document to be served upon the parties in this action who receive electronic service

through CM/ECF and by electronic mail upon:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ Helen Davis Chaitman
465 Park Avenue
New York, NY 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Participating Claimants*