**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

                          Plaintiff-Applicant,

              v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                               Defendant.

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

---

In re:

BERNARD L. MADOFF,

                                Debtor.

---

## PARTICIPATING CLAIMANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION *IN LIMINE* NUMBER 4 TO BAR THE PARTICIPATING CLAIMANTS FROM CALLING THE TRUSTEE AS A WITNESS

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Participating Claimants*

{00025598 3 }

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.    The Trustee's testimony is relevant ................................................................................... 3

    II.   The Trustee cannot make the extraordinary showing under FRE 403 that his testimony would be needlessly duplicative or cumulative ................................................. 4

        A.    The Trustee's testimony will relate to facts that his experts could not possibly testify to and, therefore, it is necessarily not cumulative ............................................. 5

        B.    The Trustee cannot render Participating Claimants' proposed evidence inadmissible merely because he has an endless litigation budget to spend on experts .............................................................................................................................. 7

    III.  The Trustee's subjective fear of potential harassment is no basis for excluding his testimony ............................................................................................................................. 8

    IV.  Bankruptcy Trustees routinely testify in liquidation proceedings ...................................... 8

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ali v. Connick*,
　2016 WL 3002403 (E.D.N.Y. May 23, 2016) ...........................................................................6

*In re Bay Vista of Virginia, Inc.*,
　428 B.R. 197 (Bankr. E.D. Va. 2010) ......................................................................................8

*George v. Celotex Corp.*,
　914 F.2d 26 (2d Cir. 1990).......................................................................................................5

*Goldberg v. Nat'l Life Ins. Co. of Vermont*,
　774 F.2d 559 (2d Cir. 1985).....................................................................................................7

*Highland Capital Mgmt., L.P. v. Schneider*,
　551 F. Supp. 2d 173 (S.D.N.Y. 2008) ......................................................................................6

*Int'l Minerals & Res., S.A. v. Pappas*,
　96 F.3d 586 (2d Cir. 1996).......................................................................................................6

*In re Lloyd Sec., Inc.*,
　183 B.R. 386 (E.D. Pa. 1995), *aff'd*, 75 F.3d 853 (3d Cir. 1996).............................................4

*Luce v. U.S.*,
　469 U.S. 38 (1984)...................................................................................................................7

*In re NWFX, Inc.*,
　267 B.R. 118 (Bankr. W.D. Ark. 2001) ...................................................................................8

*Old Chief v. United States*,
　519 U.S. 172 (1997).................................................................................................................5

*In re Sieber*,
　489 B.R. 531 (Bankr. D. Md. 2013) ........................................................................................8

*Spencer v. Int'l Shoppes, Inc.*,
　2013 WL 685453 (E.D.N.Y. Feb. 25, 2013)............................................................................8

*United States v. Abu-Jihaad*,
　630 F.3d 102 (2d Cir. 2010).....................................................................................................3

*United States v. Al-Moayad*,
　545 F.3d 139 (2d Cir. 2008).....................................................................................................3

*United States v. Jamil*,
    707 F.2d 638 (2d Cir. 1983)..................................................................................................6

*United States v. Ozsusamlar*,
    428 F. Supp. 2d 161 (S.D.N.Y. 2006)....................................................................................5

*United States v. Rubin*,
    37 F.3d 49 (2d Cir. 1994).......................................................................................................5

*United States v. Sellers*,
    566 F.2d 884 (4th Cir. 1977) .................................................................................................7

*United States v. Tajah*,
    2016 WL 3661777 (W.D.N.Y. July 11, 2016)......................................................................6

*United States v. White*,
    692 F.3d 235 (2d Cir. 2012).............................................................................................3, 4

*Whiteway v. FedEx Kinkos Office & Print Servs.*,
    2007 WL 1456046 (N.D. Cal. May 17, 2007) ......................................................................7

**Statutes**

15 U.S.C. § 78aaa *et seq.* ................................................................................................................1

15 U.S.C. § 78fff-1(d)(3) ............................................................................................................1, 4

**Other Authorities**

FRE 102 .......................................................................................................................................2, 7

FRE 401 ...........................................................................................................................................3

FRE 402 ...........................................................................................................................................4

FRE 403 ............................................................................................................................... *passim*

FRE 611 ...........................................................................................................................................2

FRE 611(a).......................................................................................................................................8

United States Constitution ..............................................................................................................4

Wright & Miller, Federal Practice & Procedure (2d ed.) ..........................................................7, 8

Participating Claimants, as set forth on Exhibit A, through their attorneys, Chaitman LLP, respectfully submit this memorandum of law in opposition to the Trustee's Motion *in Limine* Number 4 to Exclude the Trustee as a Witness. (ECF Nos. 14357, 14358).

## **PRELIMINARY STATEMENT**

The Trustee argues that the Participating Claimants should be barred from calling him as a witness at the profit withdrawal evidentiary hearing because (a) his testimony is not relevant, (b) it would be cumulative of the testimony of his experts, and (c) it is sought for the purpose of harassment. These arguments are meritless.

The Trustee acknowledges that the ultimate issue is "whether the PW notation on customer statements represents debits or whether they should be disregarded for purposes of calculating net equity." (ECF No. 14357 at 9). It was the Trustee who made that determination in 2009, rejecting the claims of the Participating Claimants on the theory that the PW notations represented withdrawals by the customers. The Participating Claimants are entitled to have, as part of the record on this issue, the testimony of the Trustee as to the basis on which he reached that decision.

Indisputably, the Trustee owes a fiduciary duty to the Participating Claimants, which encompasses an obligation of complete honesty and fairness. The Trustee is required under the Security Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), to investigate the books and records of the debtor and report the substance of his findings. 15 U.S.C. § 78fff-1(d)(3). No one knows better than the Trustee the results of his investigation or how they support his determination of customer claims, including his treatment of PW notations.

Let us assume, for example, that the Trustee had no factual basis for his rejection of the Participating Claimants' claims and he simply charged them with profit withdrawals when he had good reason to know the debtor's books and records did not evidence the withdrawals. Let us further assume that his reason for doing this was that the Securities Investor Protection Corporation

{00025598 3}                                                     1

("SIPC"), which pays the Trustee's counsel fees, wanted to save as much money as possible by paying out as little in SIPC insurance as it possibly could. In other words, let us assume that the Trustee denied the SIPC claims of the Participating Claimants for a grossly improper reason – in order to enrich himself and SIPC at the expense of Madoff's victims. Surely, if those are the facts, the record should encompass them.

Obviously, such evidence is not cumulative under Federal Rule of Evidence ("FRE") 403 because only the Trustee can testify as to this evidence – it cannot be obtained from his experts. FRE 403 is an extraordinary device that should be used sparingly and only where the probative value of evidence is **substantially** outweighed by the dangers presented by its admission. This is not the case here. Indeed, given the extraordinary length and cost of this proceeding, the public, the victims, Congress, and the courts are entitled to know the facts as to how SIPC claims were denied, devastating the lives of thousands of people. The purpose of the Federal Rules of Evidence is to elicit truth and determine matters fairly. *See* FRE 102. That cannot be done here without the testimony of the Trustee.

The Trustee argues that he will be harassed by having to testify. Yet, all we ask is that he testify truthfully. Why should he be harassed by having to tell the truth? Even if a legitimate possibility of harassment were presented, the proper remedy would not be for the Court to enter a prior restraint excluding the Trustee's testimony entirely, but for the Court to control the mode of the examination of the Trustee. *Compare* FRE 403 (potential "harassment" is not among the bases for excluding relevant evidence) *with* FRE 611 (the court should exercise reasonable control over "the mode and order" of examining witnesses and presenting evidence to "protect witnesses from harassment" while exercising this control to "determin[e] the truth").

For all of these reasons, the Trustee's Motion must be denied.

{00025598 3 }    2

**ARGUMENT**

**I.   The Trustee's testimony is relevant**

The standard for relevance under the Federal Rules of Evidence is "very low." *See United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (quoting *United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008)). Evidence is relevant if: "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See* FRE 401. "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt." *United States v. Abu-Jihaad*, 630 F.3d 102, 132 (2d Cir. 2010).

At the Profit Withdrawal evidentiary hearing, the Participating Claimants intend to call the Trustee to testify on at least the following issues: (a) his factual basis in 2009 for denying the claims of the Participating Claimants; (b) the factual investigation he made as to the appropriate treatment of PW entries; and (c) whether the Trustee's determinations are justified. All of these areas of inquiry go towards the ultimate issue that the Trustee himself recognizes is the purpose for this proceeding: to determine "whether the PW notation on customer statements represents debits or whether they should be disregarded for purposes of calculating net equity." (ECF No. 14356 at 9). Clearly, these areas of inquiry meet the very low standard of relevancy embodied in FRE 401.

Inquiry into these areas is particularly important in view of the Trustee's reliance on the books and records of the debtor, which the Trustee's own experts have opined are "permeated with fraud."[1] Similarly, inquiry is necessary because a SIPA trustee has fiduciary duties to investigate

---

[1] August 20, 2013 Report of Bruce G. Dubinsky at 156 ("[F]raud permeated BLMIS to the extent that the company's books and records could not be relied upon by a hypothetical buyer."); *id.* at 12, 32; *id.* at 155 ("Fraud permeated BLMIS").

{00025598 3 }                                    3

and report the substance of his findings. Under SIPA, the Trustee is required to "report to the court any facts ascertained by the trustee with respect to fraud, misconduct, mismanagement, and irregularities, and to any causes of action available to the estate. . . ." 15 U.S.C. § 78fff-1(d)(3); *see also In re Lloyd Sec., Inc.*, 183 B.R. 386, 395 (E.D. Pa. 1995), *aff'd*, 75 F.3d 853 (3d Cir. 1996) ("Indeed, as the customers themselves argue, the very purpose of a SIPA proceeding is to benefit customers."). Yet the Trustee has failed to report these findings and it appears he has even ignored them. For example, one of his own experts, Lisa Collura, indicated that there is no documentary evidence that Aaron Blecker ever received a profit withdrawal. (*See* December 17, 2015 Report of Lisa M. Collura, Attachments D-17 and D-18, attached to the November 18, 2016 Declaration of Helen Davis Chaitman as Exhibit E) (admitting that there is no documentary evidence that the Bleckers received profit withdrawals in (a) Madoff's bank records, (b) Madoff's customer files, or (c) in any documents received by the Trustee from third parties). We are entitled to hear, from the Trustee's himself, how he determined – in the total absence of any documentary support from the debtor's books and records – that Blecker had received Profit Withdrawals.

II. **The Trustee cannot make the extraordinary showing under FRE 403 that his testimony would be needlessly duplicative or cumulative**

FRE 402 provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Thus, "unless an exception applies, all '[r]elevant evidence is admissible.'" *White*, 692 F.3d at 246 (alteration in original) (quoting FRE 402).

Under FRE 403, "[t]he court may exclude relevant evidence if its probative value is **substantially** outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

{00025598 3} 4

evidence." FRE 403 (emphasis added). "Because Rule 403 permits the exclusion of probative evidence, it is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). In conducting a balancing analysis under FRE 403, courts "must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Rubin*, 37 F.3d 49, 53 (2d Cir. 1994) (internal quotations and citation omitted); *see also United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006) ("The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."). FRE 403 requires a prohibitively high showing that the Trustee cannot make. The Trustee cannot establish that the probative value of his testimony is "**substantially** outweighed by a danger . . . of . . . needlessly presenting cumulative evidence." *See* FRE 403 (emphasis added). On the contrary, given the Trustee's fiduciary duties, given his unprecedented compensation, and given the vast devastation he has caused to innocent victims of Madoff's fraud under the guise of functioning as a trustee under SIPA, there is a compelling need for his testimony.

  A. <u>The Trustee's testimony will relate to facts that his experts could not possibly testify to and, therefore, it is necessarily not cumulative</u>

The Trustee's testimony cannot be excluded under FRE 403 because there is no evidentiary alternative to his testimony. *Old Chief v. United States*, 519 U.S. 172, 184 (1997) (when conducting an analysis under FRE 403, courts must consider evidentiary alternatives). Evidence cannot be cumulative – and certainly not *needlessly* cumulative – when it can only be procured from one source. Here, the Trustee's experts – hired in connection with the Profit Withdrawal litigation in 2014 – cannot possibly testify as the Trustee's processes in denying SIPC claims in 2009. The Trustee is the only source of testimony as to the factual basis on which he denied SIPC claims in 2009.

{00025598 3 }       5

Nor can the Trustee's testimony be deemed cumulative of evidence that has yet to be admitted. "Evidence is cumulative when it replicates other *admitted* evidence." *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) (emphasis added); *see also Int'l Minerals & Res., S.A. v. Pappas,* 96 F.3d 586, 596 (2d Cir. 1996) ("A district judge has discretion to exclude evidence if it is cumulative of evidence **already in the record.")** (emphasis added). At the present time, there is **no** admitted evidence. Thus, logically, the Trustee's testimony cannot be cumulative under FRE 403. For this reason alone, the Trustee's Motion cannot be supported by Rule 403 and it must be denied or deferred. *See Jamil*, 707 F.2d at 643 ("At this stage of the litigation, when the trial has not yet commenced and no evidence has yet been put before a jury, it is premature to conclude that this evidence is cumulative."); *Ali v. Connick*, 2016 WL 3002403, at *4 (E.D.N.Y. May 23, 2016) ("[T]he court cannot predict when Defendants' evidence will become cumulative because the court does not know what evidence Defendants will present. Should Defendants cross the line at trial, Plaintiff should renew his challenge then.").

For similar reasons, the Participating Claimants are not required at this time to telegraph for the Trustee all of the purposes for which they intend to call the Trustee as a witness. The Trustee is improperly using a motion *in limine* for the purpose of requiring the Participating Claimants to make a proffer. *See United States v. Tajah*, 2016 WL 3661777, at *4 (W.D.N.Y. July 11, 2016) ("FRE 403 has no specific provision for pretrial disclosure; any issues under that rule are best left to the District Judge."). The purposes for which the Participating Claimants may call the Trustee are subject to change and, therefore, there is no basis for this Court to rule prior to the evidentiary hearing that they cannot call the Trustee at all. *See Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 184 (S.D.N.Y. 2008) ("[T]he Court may alter its decision on the

admissibility of specific testimony when the context of the trial renders more apparent whether such testimony is sufficiently relevant.") (citing *Luce v. U.S.*, 469 U.S. 38, 41 (1984)).

      B.    <u>The Trustee cannot render Participating Claimants' proposed evidence inadmissible merely because he has an endless litigation budget to spend on experts</u>

The Motion effectively asks this Court to allow the Trustee to determine how the Participating Claimants will prove their case. Notably, cases considering whether evidence would be needlessly cumulative under FRE 403 generally focus on evidence being cumulative of other evidence admitted *by that same party*. FRE 403 is not designed to exclude evidence offered by one side as needlessly cumulative of evidence offered by *the other* side. *See Whiteway v. FedEx Kinkos Office & Print Servs.*, 2007 WL 1456046, at *3 (N.D. Cal. May 17, 2007) ("[I]f *one side* presents needlessly cumulative evidence, *the other* may object under Federal Rule of Evidence 403.") (emphasis added); *Goldberg v. Nat'l Life Ins. Co. of Vermont*, 774 F.2d 559, 565 (2d Cir. 1985) ("Rule 403 requires even-handedness."); *United States v. Sellers*, 566 F.2d 884, 886 (4th Cir. 1977) ("The discretion allowed by Rule 403 must be applied evenhandedly" and not to prevent one side from offering evidence that is allegedly cumulative to evidence offered by the other side); *see also* Wright & Miller, Federal Practice & Procedure § 5223 n. 36 (2d ed.) ("[It is] hard to justify use of Rule 403 to exclude evidence of the same type already admitted for opponent.").

Here, the Trustee seeks a far-reaching interpretation of FRE 403 that would allow the Trustee to deny the Participating Claimants the ability to put on evidence of their choosing simply because the Trustee has preempted the Participating Claimants in indicating his intent to put on evidence that he argues would be similar. This would undermine the fundamental purpose of the Federal Rules of Evidence which "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." *See* FRE 102. The Trustee seeks

{00025598 3 }                                                              7

to deny Participating Claimants the opportunity to prove their case because he has unlimited funds to retain multiple experts. This is not permissible.

### III. The Trustee's subjective fear of potential harassment is no basis for excluding his testimony

The Trustee argues that his testimony should be excluded because he **might** be called as a witness for the purpose of harassment. (*See* ECF No. 14357 at 10-14). To be clear, Participating Claimants have no intent to harass the Trustee or to seek testimony relating to the Trustee's compensation. We simply seek the truth as to the basis on which the Trustee denied the SIPC claims of the Participating Claimants. The mere fact that the Trustee may be required to supply testimony that may be harmful to his case does not constitute harassment. *See, e.g.*, *Spencer v. Int'l Shoppes, Inc.*, 2013 WL 685453, at *3 (E.D.N.Y. Feb. 25, 2013) ("Plaintiff's case may be harmed by reference to the evidence at issue, but such harm is not the 'unfair' prejudice that Federal Rule of Evidence 403 is intended to protect against.") (quotation omitted).

This Court, of course, has the power to "exercise reasonable control over the mode and order" of the Trustee's examination to protect him "from harassment or undue embarrassment." *See* FRE 611(a). The potential for harassment in the *manner* of examination is not a ground for precluding the evidence. *See also* FRE 403 ("harassment" is not grounds for exclusion of admissible evidence); Wright & Miller, § 6164 (noting that "harassment" of a witness refers to the manner of an examination).

### IV. Bankruptcy Trustees routinely testify in liquidation proceedings

Participating Claimants are not seeking extraordinary relief. Bankruptcy Trustees routinely testify. Indeed, it is their obligation to do so. *See, e.g.*, *In re Sieber*, 489 B.R. 531, 539 (Bankr. D. Md. 2013) (Trustee testified as to the debtor's assets); *In re NWFX, Inc.*, 267 B.R. 118 (Bankr. W.D. Ark. 2001) (trustee testified on numerous issues); *In re Bay Vista of Virginia, Inc.*,

428 B.R. 197, 226 (Bankr. E.D. Va. 2010) (same). The Trustee's law firm has been paid in excess of $1.3 billion to represent the Trustee. Surely, the Trustee has an obligation to testify on subjects as to which only he has personal knowledge.

## CONCLUSION

The Trustee's Motion should be denied in its entirety.

November 18, 2016            **CHAITMAN LLP**

By:    */s/ Helen Davis Chaitman*
Helen Davis Chaitman
Gregory M. Dexter
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Participating Claimants*

{00025598 3}      9

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2016, I caused a true and correct copy of the foregoing document to be served upon the parties in this action who receive electronic service through CM/ECF and by electronic mail upon:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ Helen Davis Chaitman
465 Park Avenue
New York, NY 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Participating Claimants*

{00025598 3 }