**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ESTATE OF STANLEY CHAIS, *et al.*,<br><br>　　　　Defendants. | Adv. Pro. No. 09-01172 (SMB) |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE APPROVING AN AGREEMENT BY
AND AMONG THE TRUSTEE AND THE ESTATE OF
<u>STANLEY CHAIS AND OTHER DEFENDANTS</u>**

Upon the motion (the "<u>Motion</u>")[1] of Irving H. Picard, Esq. (the "<u>Trustee</u>") as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 estate of Bernard L. Madoff, seeking entry of an order, pursuant to sections 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 <u>et seq.</u> and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, *inter alia*, approving the agreement, by and among the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Trustee on the one hand and the Defendants identified in Exhibit A to the Motion (the "Settling Defendants"), on the other hand, in substantially the form annexed to the Motion (the "Trustee Settlement Agreement") (ECF No. 152),  and it appearing that due and sufficient notice has been given to all parties in interest as required by Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, and no other or further notice needs to be given; and that no objection, responsive pleading, or request for a hearing was made or filed with respect to the Motion; and the Trustee having filed a certificate of no objection representing that no objection has been received and that no party has indicated to the Trustee that it intends to oppose the relief requested in the Motion; and the Court having reviewed the Motion, the Affidavit of Irving Picard in support of the Motion, and the record in this case; and it further appearing that this Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and after due deliberation and sufficient cause appearing therefor; it is

ORDERED, that the Trustee Settlement Agreement between the Trustee on the one hand and the Settling Defendants, on the other hand, is hereby approved and authorized; and it is further

ORDERED, that all provisions of the Trustee Settlement Agreement are incorporated herein by reference as if fully set forth herein; and it is further

ORDERED, that the Trustee and the Settling Defendants shall each comply with and carry out the terms of the Trustee Settlement Agreement; and it is further

ORDERED, that any BLMIS customer or creditor of the BLMIS estate who filed or could have filed a claim in the BLMIS liquidation, anyone acting on their behalf or in concert or

participation with them, or anyone whose claim in any way arises from or is related to BLMIS or the Madoff Ponzi scheme, is hereby permanently enjoined (the "Permanent Injunction") from asserting any Trustee Released Claims (as such term is defined in the Trustee Settlement Agreement) against the Chais Family BLMIS Accounts or any of the Settling Defendants or their property (individually and collectively) and any other claim that is duplicative or derivative of the Trustee Released Claims brought by the Trustee, or which could have been brought by the Trustee against the Chais Family BLMIS Accounts or any of the Settling Defendants or their property; and it is further

ORDERED, that the Permanent Injunction is enforceable by the Settling Defendants, individually and collectively, and, accordingly, any future issue as to, and any determination limiting in any way, either the scope or the enforceability of the Permanent Injunction in favor of any particular Settling Defendant shall not automatically affect the scope or the enforceability of the Permanent Injunction as to any other Settling Defendants; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to this Order.

Dated: New York, New York
      November 18th, 2016

                    /s/ STUART M. BERNSTEIN
                    HONORABLE STUART M. BERNSTEIN
                    UNITED STATES BANKRUPTCY JUDGE