# EXHIBIT Q

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Seanna R. Brown
direct dial: 212.589.4230
sbrown@bakerlaw.com

June 3, 2016

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as Trustee for the substantively consolidated SIPA liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff.  We write to request a conference to discuss a discovery dispute that has arisen in connection with the litigation of the profit withdrawal issue.  Specifically, the Trustee noticed the deposition of party-claimant Aaron Blecker.  Because his counsel, Helen Chaitman, has indicated that she will not produce Mr. Blecker without a court order, the Trustee is compelled to seek this Court's assistance in resolving this dispute.

      This Court's order dated April 5, 2016 entered in the profit withdrawal litigation states in paragraph 1 that "[a]ll fact and expert discovery shall end on or before June 13, 2016."  Order, ECF No. 13038.  Accordingly, on May 27, 2016, the Trustee served a timely notice of deposition under Federal Rule of Civil Procedure 30 on counsel to Mr. Blecker, seeking to depose him on June 13, 2016 on issues relating to profit withdrawals.

      Mr. Blecker is a party to the profit withdrawal litigation.  His deposition is necessary because Mr. Blecker will likely be a witness at the evidentiary hearing on the profit withdrawal issue.  Indeed, this Court has previously indicated that claimants like Mr. Blecker will be permitted to testify before the Court about whether they received particular funds from BLMIS

Honorable Stuart M. Bernstein
June 3, 2016
Page 2

in the profit withdrawal litigation. *See Hr'g Tr.* at 51:2-5, *SIPC v. BLMIS*, 08-17879 (Bankr. S.D.N.Y. May 18, 2016).

Ms. Chaitman's refusal to produce Mr. Blecker is grounded in two false notions: first, that the Trustee needs a further court order to depose Mr. Blecker; and second, that the Trustee has already deposed Mr. Blecker. As to the first issue, the Order entered on April 5, 2016 plainly states that fact and expert discovery is open until June 13, thus permitting the depositions of party-opponents like Mr. Blecker until June 13. There is no precedent in this case or under the Federal Rules for requiring a party to seek a court order to depose a party-opponent so long as the deposition is noticed within the time permitted for discovery in the case. Indeed, if a party was required to seek a court order every time he wanted to depose a party-opponent during the discovery period, the business of the courts would grind to a halt. There have already been numerous motions before this Court on profit withdrawal depositions. No further motions are necessary, particularly when the discovery sought is already provided for in the governing Order entered by this Court only two months ago.

As to the second issue, Ms. Chaitman's characterization that Mr. Blecker has been previously deposed by the Trustee is false. At the hearing on the Trustee's inter-account transfer motion on June 19, 2014, this Court suggested that Ms. Chaitman preserve Mr. Blecker's testimony. *See Hr'g Tr.* at 33:2-6, *SIPC v. BLMIS*, 08-17879 (Bankr. S.D.N.Y. June 19, 2014). Ms. Chaitman deposed Mr. Blecker eight business days later on July 1, 2014. During that deposition, the Trustee specifically reserved his right to ask additional questions of Mr. Blecker once he had further reviewed the issues and considered the relevant documents. A copy of the deposition transcript is attached hereto as Exhibit A, *see* 13:9-14. Having occurred long before the profit withdrawal litigation began in July 2015, the deposition by Ms. Chaitman does not preclude the Trustee from exercising the rights he specifically preserved and deposing Mr. Blecker for the first time now.

The Trustee is mindful of Mr. Blecker's advanced age and is not attempting to cause him undue stress. If Mr. Blecker is to be a witness at the evidentiary hearing, however, the Trustee is entitled to depose him prior to such hearing. To that end, the Trustee informed Ms. Chaitman that if she confirms that she does not intend to call him as a witness at the evidentiary hearing, the Trustee would withdraw the deposition notice. The Trustee did not receive a direct response to that offer.

The Trustee's deposition notice of Mr. Blecker is timely and necessary. Mr. Blecker has asserted that he did not receive profit withdrawals, which allegation directly conflicts with the books and records of BLMIS. Counsel to Mr. Blecker cannot have it both ways—she should not be permitted to call Mr. Blecker as a witness at the future evidentiary hearing and yet prevent his deposition by the Trustee prior to that hearing. So long as Ms. Chaitman intends to have Mr. Blecker testify at any evidentiary hearing on the profit withdrawal issue, the Trustee, like all other litigants, should be permitted to explore the bases regarding Mr. Blecker's assertions prior to trial.

The Trustee's respectfully seeks a conference with the Court to discuss the foregoing.

300392158.1

Honorable Stuart M. Bernstein
June 3, 2016
Page 3

Respectfully submitted,

*/s/ Seanna R. Brown*

Seanna R. Brown

cc: Helen Chaitman, Esq.
     David J. Sheehan, Esq.
     Amy E. Vanderwal, Esq.

300392158.1