# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**NOVEMBER 18, 2016**

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, NY 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Securities Investment Protection Corporation v. Bernard L. Madoff Investment Securities, LLC*, No. 08-01789 (SMB)
*Picard v. Sage Associates, et al.*, Adv. Pro. No. 10-04362 (SMB)
*Picard v. Sage Realty, et al.*, Adv. Pro. No. 10-04400 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard as trustee ("Trustee") in connection with the above referenced matters. We write in response to Mr. Kratenstein's November 14, 2016 letter in the *Picard v. Sage Associates* and *Picard v. Sage Realty* adversary proceedings and also to Ms. Chaitman's November 15, 2016 letter and Ms. Neville's November 17, 2016 letter in which they join in Mr. Kratenstein's request for a discovery conference.[1]

      As an initial matter, the Trustee does not object to the production of transcripts of depositions taken as part of the pending Profit Withdrawal ("PW") proceeding to defendants in adversary proceedings. To the extent that the defendants are concerned with production of the PW transcripts, unless the Court disagrees, the Trustee represents that this issue is moot and a conference on it is unnecessary.

      As this Court is aware, Ms. Chaitman negotiated the terms that would become this Court's order limiting the scope of testimony permitted in the PW proceeding (the "Order")

---

[1] The joinder letters from Ms. Chaitman and Ms. Neville seek to join all of their respective cases with Mr. Kratenstein's request in the Sage adversary proceedings, including those cases where fact discovery is closed. This is procedurally improper and should be rejected by this Court.

Honorable Stuart M. Bernstein
Page 2

[ECF No. 13358]. In particular, the Order states that "[t]he deposition testimony of any Profit Withdrawal Deponent and the transcript thereof *shall be used only to resolve pending litigation concerning the Profit Withdrawal Issue*." (emphasis added). Thus, only the "use" of the PW testimony, not its admissibility into evidence, is governed by the Order. Whether the testimony is admissible remains subject to the Federal Rules of Evidence and other applicable rules. Notwithstanding this, the Trustee believes that a Court ruling on the admissibility of PW Transcripts at this time will have a precedential and binding effect on identical issues raised in other avoidance actions. It has become clear that Ms. Chaitman wishes to re-litigate the PW issue in each adversary proceeding. In the event that the Court permits such re-litigation, the Trustee hereby reserves all rights, including the right to take additional PW-related discovery in any adversary proceeding.

Ms. Chaitman's statement in her letter that the Trustee's counsel "had a full opportunity to question each witness"[2] is misleading, given that the subject matter of the depositions was strictly limited by the Court's Order. At the outset of their respective PW depositions, Mr. Madoff and Ms. Bongiorno were informed, on the record, by both Ms. Chaitman and the Trustee's counsel that their testimony would be limited in scope to the PW issue. (Ex. A, Madoff PW Dep. at 6:10-6:21; 7:14-8:13) and (Ex. B, Bongiorno PW Dep. 6:17-7:25.) Despite these instructions, Ms. Chaitman repeatedly, over the objections of the Trustee's counsel, violated the Order by soliciting testimony on non-PW issues such as the start date of the fraud and that unspecified real securities may have existed at unspecified times in certain customer accounts held by the defendants in *Sage Associates* and *Sage Realty*. However, in keeping with the Order's restrictions, the Trustee's counsel was prohibited from cross-examining the deponents on these non-PW issues. This has not stopped Defense Counsel from relying on the undeveloped non-PW testimony to make incorrect characterizations of the facts and nature of the Trustee's position in their letters to this Court. Accordingly, the Trustee would be prejudiced if this Court were to authorize the defendants to "use" the transcripts outside of the PW proceeding because anything outside of the PW issues was beyond the subject matter of the depositions.

Further, this Court on September 29, 2016, specifically authorized a separate deposition of Mr. Madoff in the good faith adversary proceedings for which Ms. Chaitman is lead counsel and Mr. Kratenstein has opted to participate. Permissible subjects of questioning include, *inter alia*, the start date of the fraud and potential trading in BLMIS customer accounts. [ECF No. 14213]. This additional deposition will permit the Trustee to cross-examine Mr. Madoff on non-PW issues that Ms. Chaitman improperly raised during his PW deposition. In addition, the Trustee reserves all rights to request a similar omnibus deposition of additional former BLMIS employees, including Ms. Bongiorno, at which both the Trustee's counsel and defense counsel may examine the deponents on subjects properly within the scope of the deposition.

Lastly, a ruling on the admissibility of the PW transcripts is premature as discovery is ongoing in each of these adversary proceedings. Under the Federal Rules of Evidence, issues of

---

[2] Ms. Chaitman's November 15, 2016 letter further states that the Trustee's counsel was involved in the deposition preparation of the witnesses, which is incorrect.

Honorable Stuart M. Bernstein
Page 3

admissibility are subject to a motion in limine prior to the commencement of a trial, after the issues for trial have been determined.  *See Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) (noting in limine motions permit the Court to "'rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'") (internal citations omitted).  Given that discovery remains open in these adversary proceedings and trial is not imminent, the Trustee respectfully requests that this Court defer any ruling on the admissibility of the PW transcripts until after the upcoming good faith deposition has occurred, as many of the issues raised by defense counsel may be mooted.

Subject to the reservation of rights above, the Trustee consents to the production of the PW transcripts and, unless the Court disagrees, the Trustee submits that there is no need for conference at this time regarding any dispute over admissibility or other objections, as it is premature at this time.

Respectfully submitted,

*s/ Edward J. Jacobs*


Edward J. Jacobs
Partner

cc:    Andrew B. Kratenstein (*akratenstein@mwe.com*)
       Helen Davis Chaitman (*hchaitman@chaitmanllp.com*)
       Carole Neville (*carole.neville@dentons.com*)