**BAKER & HOSTETLER LLP**　　　　　　　　　　Hearing Date: December 21, 2016
45 Rockefeller Plaza　　　　　　　　　　　　　Response Due: December 14, 2016
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt
Farrell A. Hochmuth

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and for the Estate of Bernard L.
Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in his capacity as Grantor and Trustee for the James B. | Adv. Pro. No. 10-04538 (SMB) |

| | |
|---|---|
| Pinto Revocable Trust,<br><br>     Defendants. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>AMY PINTO LOME REVOCABLE TRUST U/A/D 5/22/03; AMY PINTO LOME, individually and in her capacity as Grantor and Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03; and LEONARD D. LOME, in his capacity as Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03,<br><br>     Defendants. | Adv. Pro. No. 10-04588 (SMB) |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF**
**CONSOLIDATED MOTION FOR SANCTIONS**

**Table of Contents**

PRELIMINARY STATEMENT ..................................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS........................................................2

ARGUMENT ...................................................................................................................................7

    I.     STANDARD FOR IMPOSING SANCTIONS .......................................................7

    II.    DEFENDANTS WILLFULLY FAILED TO COMPLY WITH THE
         FEDERAL RULES AND THIS COURT'S ORDERS WITH NO
         JUSTIFIABLE EXCUSE..........................................................................................8

    III.   NO LESSER SANCTION WOULD BE EFFICACIOUS .....................................10

    IV.   THE DURATION OF DEFENDANTS' NONCOMPLIANCE WITH THE
         FEDERAL RULES AND THIS COURT'S ORDER SUPPORTS THE
         IMPOSITION OF SANCTIONS............................................................................11

    V.    DEFENDANTS' DISREGARD JUSTIFIES DEFAULT .....................................12

    VI.   DEFENDANTS SHOULD BE HELD IN CONTEMPT.......................................13

    VII.  THE TRUSTEE IS ENTITLED TO RECOVER ATTORNEYS' FEES AND
         COSTS ASSOCIATED WITH THE DEFENDANTS' DISCOVERY
         DEFICIENCIES, BUT WILL FOREGO THAT RIGHT .....................................14

CONCLUSION...............................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009) ................................................ 11

*Baker v. Ace Advertisers' Serv., Inc.*, 153 F.R.D. 38 (S.D.N.Y. 1992) ........................................... 7

*Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849 (2d Cir. 1995) ........................................... 11

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir. 1979) ................................................................................................................................... 8

*Cordius Trust v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512 (S.D.N.Y. 2009) ...................... 13

*Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991) ..................................... 9, 12

*Embuscado v. DC Comics*, 347 Fed. App'x 700 (2d Cir. 2009) ................................................... 11

*Georgiadis v. First Boston Corp.*, 167 F.R.D. 24 (S.D.N.Y. 1996) .............................................. 11

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) ............. 11

*Int'l Mining Co., Inc. v. Allen and Co., Inc.*, 567 F. Supp. 777 (S.D.N.Y. 1983) ........................... 8

*King v. Allied Vision, Ltd.*, 65 F. 3d 1051 (2d Cir. 1995) ............................................................. 13

*Leadsinger, Inc. v. Cole*, No. 05 Civ. 5606 (HBP), 2006 WL 2266312 (S.D.N.Y. Aug. 4, 2006) ................................................................................................................................................. 13

*Local Union No. 40 of the Intern'l Ass'n of Bridge v. Car-Wi Constr.*, 88 F. Supp. 3d 250 (S.D.N.Y. 2015) ........................................................................................................................ 9

*New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989) ........................... 13

*Nieves v. City of New York*, 208 F.R.D. 531 (S.D.N.Y. 2002) ................................................ 8, 11

*Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176 (2d Cir. 2008) ............................ 11

*Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248 (S.D.N.Y. 2012) ...................................... 14

*Starbrite Waterproofing Co., Inc. v. AIM Constr. & Contracting Grp.*, 164 F.R.D. 378 (S.D.N.Y. 1996) ...................................................................................................................................... 9

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67 (2d Cir. 1988) ........................................... 7, 8

*Worldcom Commc'ns, Inc. v. Gamma Commc'ns Grp., Inc.*, 204 F.R.D. 259 (S.D.N.Y. 2001) . 10

**Rules**

Fed. R. Civ. P. 37(b)(2) ..................................................................................................... 7, 12, 16

Fed. R. Civ. P. 37(d)(2) .................................................................................................................. 7

ii

Irving H. Picard (the "Trustee"), trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, and the estate of Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, submits this memorandum of law in support of the Trustee's consolidated motion for sanctions (the "Motion") against the following Defendants in two adversary proceedings:

(1) James B. Pinto Revocable Trust u/a dtd 12/1/03; and James B. Pinto, individually and in his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust ("James Pinto"); and

(2) Amy Pinto Lome Revocable Trust u/a/d 5/22/03; Amy Pinto Lome, individually and in her capacity as Grantor and Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03; and Leonard D. Lome, in his capacity as Trustee for the Amy Pinto Lome Revocable Trust u/a/d 5/22/03 ("Amy Pinto Lome").

Collectively, the defendants will be referred to as "Defendants."

## PRELIMINARY STATEMENT

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Federal Bankruptcy Rule 7037, the Trustee moves for sanctions against Defendants based on their continuing failure to participate in discovery and for violation of the Court's September 30, 2016 Order entered in each adversary proceeding (the "Orders"). (James Pinto Proceeding Dkt. No. 56; Amy Pinto Lome Proceeding Dkt. No. 58). Defendants' lack of substantive participation in these adversary proceedings, even after this Court ordered them to respond to discovery, and counsel's rejection of discovery obligations demonstrates that Defendants will continue to ignore the duties imposed upon them by the Federal Rules of Civil Procedure, the Orders, and this Court. Sanctions are appropriate in light of Defendants' willful discovery violations and prolonged lack of participation.

1

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The Trustee filed a complaint against the Defendants on December 1, 2010 (the "Complaints") asserting claims under sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 547, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and other applicable law. (Dkt. No. 1 in each Adversary Proceeding). The Complaints seek to avoid and recover fraudulent transfers that occurred between December 11, 2006 and December 11, 2008, plus pre-judgment interest; to preserve the transfers for the benefit of the Debtors' estates; to disallow the Defendants' customer claims; and for other related relief under applicable provisions of SIPA and the Bankruptcy Code. *Id.*

In February 2011, the Clerk of this Court issued summonses and Defendants were served with the respective summons and Complaint in accordance with Rule 7004(b) of the Federal Rules of Bankruptcy Procedure. On March 22, 2012, Robert McClay applied for pro hac vice admission on behalf of the Defendants and was admitted on March 28, 2012 (James Pinto Proceeding Dkt. Nos. 11, 13). Marvin C. Ingber also appeared on behalf of Defendants. (*See* James Pinto Proceeding Dkt. No. 12; Amy Pinto Lome Proceeding Dkt. No. 14). Defendants filed Answers on August 14, 2015. (James Pinto Proceeding Dkt. No. 47; Amy Pinto Lome Proceeding Dkt. No. 49).

The Case Management Notices established December 2 and December 5, 2016 as the deadlines to complete fact discovery in the Jamie Pinto Proceeding and the Amy Pinto Lome Proceeding, respectively. (James Pinto Proceeding Dkt. No. 48; Amy Pinto Lome Proceeding Dkt. No. 50). The Trustee served his First Sets of Request for Admission on Defendants on February 15, 2016. *See* Exs. A–B. Defendants responded to the Trustee's First Sets of Requests for Admission on March 14, 2016, but a number of responses were improperly qualified or completely nonresponsive. *See* Exs. C–D. Specifically, each response cited to Footnote 2, which

2

limited the responses "only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008." *See, e.g.*, Ex. C at Nos. 1-10, 16-21, 24, 27-30; Ex. D at Nos. 1-8, 12-17, 21, 24-27. Some responses contained admissions that were limited by this Footnote, while other responses contain no admission or denial, but simply referred to the Footnote as a reason for not answering. *See, e.g.*, Ex. C at Nos. 5, 18, 19; Ex. D at Nos. 5-8, 15, 16. The Trustee attempted to confer with Defendants on March 15 and March 22, 2016, regarding the improper limitations, reminding Defendants that the Trustee is entitled to discover information relating to deposits and withdrawals over the life of the accounts. *See* Exs. E–F. <u>Defendants did not respond</u>.

The Trustee served his First Set of Interrogatories on February 24, 2016. Responses were due March 28, 2016. *See* Exs. G–H. The Trustee served his First Requests for the Production of Documents on Defendants on March 3, 2016.[1]  Responses were due April 5, 2016. *See* Exs. I–J. <u>Defendants did not respond by the deadlines</u>. The Trustee again wrote to Defendants on April 29, 2016, in an attempt to resolve discovery deficiencies. *See* Exs. K–L. The Trustee repeated that Defendants' responses to Requests for Admission were insufficient and reminded Defendants of their obligation to answer the Trustee's Interrogatories and Requests for the Production of Documents. <u>Again, Defendants did not respond</u>.

The Trustee's counsel spoke with Defendants' counsel on May 19, 2016, regarding Defendants' discovery deficiencies outlined in the previous correspondence. Defense counsel apologized and requested five days to develop an anticipated time line to supply the responses, and the Trustee agreed. The Trustee's counsel and Defendants' counsel spoke again on May 24, 2016, at which time Defendants' counsel said Defendants would attempt to respond to discovery

---

[1] Collectively, the Trustee's First Sets of Request for Admission, First Sets of Interrogatories and First Requests for the Production of Documents will be referred to as the "Discovery Requests".

3

by the end of June 2016. The Trustee's counsel reminded Defendants' counsel that the responses were already significantly overdue, and informed Defendants' counsel that if the Trustee did not receive all outstanding discovery by June 3, the Trustee would seek a discovery conference with this Court on June 15, 2016. Defendants' counsel responded that it was not possible to provide the discovery by June 3, but he would have more information by the June 15 conference date. *See* Ex. M. On May 25, 2016, the Trustee's counsel wrote to Defendants' counsel regarding the prior telephone conversations and outstanding discovery deficiencies. *See* Ex. N. <u>Again, Defendants did not respond</u>.

After numerous attempts to confer with Defendants' counsel in a good faith effort to resolve the discovery deficiencies without judicial intervention, the Trustee sought assistance from the Court by letter dated June 6, 2016, seeking a conference concerning the Defendants' failure to comply with their discovery obligations. Defendants responded in a June 9, 2016, letter to the Court, acknowledging the deficiencies and asserting that responses would be provided by June 30, 2016. In response to the letter, the Trustee agreed to adjourn the conference to July. *See* Ex. O. Defendants updated the Trustee regarding the status of outstanding discovery on June 17, 22, and 24, informing the Trustee that Defendants would need forensic accounting to respond to the Trustee's discovery and would not have the responses by June 30, 2016, but hoped to have them before the July conference. *See* Exs. P–Q. <u>Again, Defendants did not respond</u>. Rather, on June 29, Defendants advised the Trustee that the discovery responses would not be completed by June 30 and that counsel would provide further updates on July 7. *See* Ex. R.

On July 7, Defendants sent a letter explaining that the forensic accountant had experienced delays and indicating they would provide responsive documents upon receipt of the forensic accounting report. The Trustee reminded Defendants that responsive information and

4

documents may not be withheld while awaiting expert analysis and asked Defendants to produce what is responsive. <u>No documents were produced</u>. Counsel advised that they were "pushing to have [expert] work product by the end of July." *See* Ex. S. On July 15, 2016, the Trustee's counsel wrote to the Court to provide an update, as Defendants had not yet cured any of the deficiencies. (James Pinto Proceeding Dkt. No. 53; Amy Pinto Lome Proceeding Dkt. No. 55). The Court set a discovery conference for July 27, 2016.

The Trustee received Defendants' overdue responses to the Trustee's First Sets of Interrogatories and Requests for Production on July 26—one day before the conference. *See* Exs. T–U. The Trustee agreed to adjourn the July 27 conference until September 28 to review the responses, evaluate remaining deficiencies, and allow Defendants to complete the forensic accounting. The Trustee also sent a Second Set of Requests for Admission to the James Pinto Defendants on August 25, with a return date of September 24. *See* Ex. V (without attachments). In a September 7 letter, following a review of the July 26 responses, the Trustee's counsel outlined additional deficiencies, including:

1. Defendants limited responses in each set of discovery only to transactions within the 2-year period of December 11, 2006, through December 11, 2008;
2. Responses to Interrogatories regarding recipients of the transfers and accountings of the trusts are still pending completion of the forensic analysis;
3. Responses to most of the Trustee's Requests for Production state that Defendants "will produce all non-privileged documents" in their possession, yet Defendants had produced only two documents in each proceeding;
4. A general objection in each set of responses to the Trustee's Requests for Production improperly asserts, "A statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist . . . ." *See* Ex. W.

On September 13, rather than fully responding to discovery or producing documents, defense counsel Marvin Ingber reported that he and Defendants terminated co-counsel Robert

5

McClay and were searching for replacement counsel to complete discovery.[2] *See* Ex. X. Mr. Ingber, who has also been counsel of record for the duration of the cases, also advised that the forensic accountant would need an additional 30 to 45 days to complete the report and requested adjournment of the discovery conference until mid-November. The Trustee's counsel did not agree to adjourn the conference, since the outstanding discovery was grossly deficient, no documents had been produced, and the Trustee had previously agreed to adjourn the conference twice. *See* Ex. Y. In response to the Trustee's denial, Defendants' counsel wrote the Court asking for an adjournment. *See* Ex. Z. The Trustee opposed Defendants' request, informing the Court that there was no cause for further delay and requesting that the Court order Defendants to provide responsive information and documents. (James Pinto Proceeding Dkt. No. 55; Amy Pinto Lome Proceeding Dkt. No. 57).

Following a hearing on September 28, 2016, this Court issued Orders on September 30, 2016, overruling Defendants' objections, and ordering Defendants to fully respond to the Trustee's Requests for Admission, Interrogatories, and Requests for Production of Documents, and to produce all responsive documents by October 28, 2016. (James Pinto Proceeding Dkt. No. 56; Amy Pinto Lome Proceeding Dkt. No. 58). <u>Defendants did not respond or produce documents</u>. Defendants have not complied with this Court's Orders. Instead, they rejected their discovery obligations, stating that they "will not be able to comply with the Order Compelling Responses to Discovery" based on the "retainer cost of obtaining [replacement] litigation counsel."[3] *See* Ex. AA. At the September 28 hearing, this Court told Defendants: "I'll give you 30 days . . . Failing which, the trustee is going to move to strike your answer and enter a judgment and that may be how this – you know, this ends unless you do what you're required to

---

[2] Mr. McClay is still counsel of record in both Adversary Proceedings.
[3] At the September 28 hearing, this Court advised Mr. Ingber that Mr. McClay is still counsel of record. *See* Disc. Conf. Hr'g Tr. 30:24–31:10, Sept. 28, 2016. Ex. BB. And, of course, Mr. Ingber is also counsel of record.

6

do." *See* Disc. Conf. Hr'g Tr. 33:21–34:9, Sept. 28, 2016. Ex. BB. The Trustee's counsel advised Mr. Ingber that we would be moving forward with a motion to enter judgment, as this Court previously advised.

## ARGUMENT

### I. STANDARD FOR IMPOSING SANCTIONS

Federal Rule of Civil Procedure 37(b)(2) enables a court to impose sanctions if a party fails to comply with a court's discovery order. Rule 37(d)(2) provides that sanctions may be imposed against a party that "fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or . . . to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request." These sanctions may include "rendering a default judgment against the disobedient party" or "treating as contempt of court the failure to obey any order . . ." Fed. R. Civ. P. 37(b)(2)(A)(vi)-(vii). Sanctions issued under this Rule are designed to serve three main purposes:

1. Obtaining compliance with a specific discovery order;
2. Ensuring that parties do not benefit from their own failure to comply with the court's order; and
3. Providing a general deterrent both for the case at hand and for other parties in other cases.

*Baker v. Ace Advertisers' Serv., Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992), citing *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

Further, FRCP 37(b)(2)(C) provides that "the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added).

The Second Circuit, in affirming a decision to impose sanctions under Rule 37, stated:

In holding as we do, we wish to emphasize the importance we place on a party's

7

compliance with discovery orders. Such compliance is necessary to the integrity of our judicial process. A party who flouts such orders does so at his peril. If one suggests that our decision today is strong medicine, that is precisely what it is intended to be.

*Update Art*, 843 F.2d at 71. Moreover, in cases of gross professional negligence in which counsel should have understood his duties to the court and neglected those duties, "the full range of sanctions may be marshalled." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979). "A litigant chooses counsel at his peril, and here, as in countless other contexts, counsel's disregard of his professional responsibilities can lead to extinction of his client's claim." *Id.* (internal citations omitted).

The court has discretion to impose the most appropriate sanction after considering the entire record. *See Int'l Mining Co., Inc. v. Allen and Co., Inc.*, 567 F. Supp. 777, 789 (S.D.N.Y. 1983) (determining that plaintiff's failure to produce documents or supply adequate answers to interrogatories without justifiable excuse warranted dismissal of complaint). Factors used in determining the most appropriate sanction for discovery misconduct include:

1. The willfulness of the non-compliant party or the reason for non-compliance;
2. The efficacy of lesser sanctions;
3. The duration of the period of non-compliance; and
4. Whether the non-compliant party was warned of the consequences of non-compliance.

*Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). Although dismissal or the rendering of a default judgment may seem harsh, courts will impose such sanctions if the circumstances warrant.

## II. DEFENDANTS WILLFULLY FAILED TO COMPLY WITH THE FEDERAL RULES AND THIS COURT'S ORDERS WITH NO JUSTIFIABLE EXCUSE

The first factor to consider is the willfulness of Defendants' failure to comply with the Federal Rules and the Court's Orders, and their reasons, if any, for noncompliance. Defendants repeatedly ignored discovery deadlines despite the Trustee's grant of several extensions to

8

respond. Defendants' lack of participation in discovery led to the Trustee seeking the assistance of the Court, where Orders were entered compelling Defendants to fully respond to the Trustee's Discovery Requests. Still, Defendants ignored the Court's Orders and to this day have not complied. When a party has the ability to comply but does not do so, that behavior is willful. *Local Union No. 40 of the Intern'l Ass'n of Bridge v. Car-Wi Constr.*, 88 F. Supp. 3d 250, 264 (S.D.N.Y. 2015) ("In other words, we gave an order and defendants had the ability to comply, but they purposely chose not to do so for reasons all their own and without first asking permission from this court. Without our resorting to the dictionary, this seems as good a definition of 'willful' as any.").

A "pattern of dilatory conduct" and complete disregard for discovery obligations justifies striking Defendants' Answers and entering a default judgment. *Starbrite Waterproofing Co., Inc. v. AIM Constr. & Contracting Grp.*, 164 F.R.D. 378, 379 (S.D.N.Y. 1996). In *Starbrite*, defendants failed to respond to plaintiff's discovery requests despite the Federal Rules, two discovery conferences, and a court order mandating compliance. *Id.* The court noted that severe sanctions should be imposed only for serious violations of discovery orders before emphasizing that defendants' egregious conduct warranted the striking of their answer. *Id.* at 381. By failing to participate in discovery, defendants "frustrated the intent of the Federal Rules of Civil Procedure that discovery proceed 'free from the time-consuming and costly process of court intervention.'" *Id.* (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)). Defendants also failed to comply with the court's order and "engaged in other obstructionist conduct and made repeated frivolous objections." *Id.* The court concluded that the defendants had acted willfully and in bad faith, struck defendants' answer, entered judgment in the amount requested in the complaint plus interest, and awarded attorneys' fees and costs for

9

plaintiff's efforts to obtain compliance, including the letters and telephone calls, the discovery conferences, and the motion for sanctions.

Similarly, Defendants here have willfully failed to comply with the Federal Rules and with this Court's Orders and have offered no justifiable excuse for their noncompliance. The Orders mandated compliance by October 28, 2016. The Court told them it might strike their Answers and enter judgment if they did not comply. Counsel, well aware of this requirement, still informed the Trustee's counsel that Defendants would not comply with this Court's Orders.

"Courts do not look favorably upon parties that fail to respond to court orders or remain silent in the face of repeated discovery requests." *Worldcom Commc'ns, Inc. v. Gamma Commc'ns Grp., Inc.*, 204 F.R.D. 259, 262 (S.D.N.Y. 2001). In *Worldcom*, because the defendants failed to respond to the plaintiffs' discovery requests and failed to comply with court orders, the court struck the answer and entered a default judgment. *Id.* Defendants here have frustrated the intent of the Federal Rules and forced the Trustee to seek this Court's assistance, which has only increased the time and costs spent on this matter. Defendants should be held in contempt, their Answers should be stricken, and a default judgement should be entered in the Trustee's favor.

### III.    NO LESSER SANCTION WOULD BE EFFICACIOUS

Defendants have completely disengaged from the discovery process and refused to meaningfully participate in litigation, even in the face of a Court Order mandating compliance. This has set the tone for this entire action. *See Worldcom*, 204 F.R.D. at 260 Despite the Trustee's repeated attempts to engage the Defendants in discovery and several extensions of time to respond, Defendants have made clear they will not participate.

The purpose of Rule 37 sanctions is to obtain compliance with a particular order, serve as a general deterrent in this and other cases, and prevent a party from profiting from its own failure

to comply. *Nieves*, 208 F.R.D. at 535. Any sanctions must be just and must be related to the claim at issue in the discovery order. Fed. R. Civ. P. 37(b)(2); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Here, not only have Defendants failed to comply with the Federal Rules, they have ignored direction in this Court's Orders.

No sanction short of a default judgment is likely to be efficacious. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) ("Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. . . .Defendants rolled the dice on the district court's tolerance for deliberate obstruction and, and they lost."). Here, Defendants should have fully responded to the Trustee's Discovery Requests in March and April 2016. It is now December 2016 and, despite some assurances that responses were forthcoming, the Trustee has received nothing but excuses. Now, they have clearly stated they will not comply. Entry of a default judgment is an appropriate sanction.

IV.   **THE DURATION OF DEFENDANTS' NONCOMPLIANCE WITH THE FEDERAL RULES AND THIS COURT'S ORDER SUPPORTS THE IMPOSITION OF SANCTIONS**

The third factor to consider is the duration of non-compliance. Durations of even a few months have weighed in favor of dispositive sanctions. *See, e.g.*, *Embuscado v. DC Comics*, 347 Fed. App'x 700, 701 (2d Cir. 2009) (three months); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four months); *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (six months); *Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (seven months). Here, responses to the Trustee's Discovery Requests were due in March and April 2016. Defendants have not produced documents and still have not sufficiently responded to the Trustee's Discovery Requests.

The Trustee has repeatedly reminded Defendants of their discovery obligations and to confer regarding discovery deficiencies, but Defendants have either ignored those

11

communications or made excuses for noncompliance. Responses are still outstanding despite Court Orders mandating compliance and correspondence from the Trustee's counsel informing Defendants' counsel that the Trustee intended to move forward with a motion to enter judgment. *See* Ex. AA. The amount of time that Defendants have evaded their obligations to this Court emphasizes that sanctions are appropriate.

## V. DEFENDANTS' DISREGARD JUSTIFIES DEFAULT

Courts also consider whether the non-compliant party has been warned of the consequences of non-compliance. Although warnings are customary, the Second Circuit "has never considered warnings an absolute condition precedent." *Daval Steel Prods.*, 951 F.2d at 1366. Rather, the Court examines the whole record to determine if the non-compliant party's disregard for a court order justifies the sanctions imposed. The Second Circuit "decline[s] to hobble the necessary discretion of district courts to control discovery by imposing a further requirement of formal and specific warnings before imposing Rule 37(b)(2) sanctions, bearing in mind that . . . such sanctions can only be imposed for violation of a specific, previously entered order." *Id.*

Here, the Defendants violated the specific, previously entered Orders requiring them to respond to the Trustee's Discovery Requests by October 28, 2016. At the September 28, 2016, discovery conference, this Court warned counsel that failure to fully respond to the Trustee's Discovery Requests could result in the entry of a default judgment. *See* Disc. Conf. Hr'g Tr. 34:4-9, Sept. 28, 2016. Ex. BB ("I'll give you 30 days . . . Failing which, the trustee is going to move to strike your answer and enter a judgment and that may be how this – you know, this ends unless you do what you're required to do.").

Defendants' and their attorneys' disregard of the Federal Rules and this Court's Orders and warning justifies a finding of contempt, the striking of Defendants' Answers, and entry of a

12

default judgment.

## VI. DEFENDANTS SHOULD BE HELD IN CONTEMPT

The "power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *Cordius Trust v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 515 (S.D.N.Y. 2009) (quoting *Leadsinger, Inc. v. Cole*, No. 05 Civ. 5606 (HBP), 2006 WL 2266312, at *8 (S.D.N.Y. Aug. 4, 2006)). The conduct does not have to be willful to find a person in contempt. *Id.* "[C]ivil contempt sanction[s] may . . . serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Id.* (quoting *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989)).

All of the required prerequisites are here. This Court's Orders, requiring responses to the Trustee's Discovery Requests by a date certain, are clear and unambiguous. A clear and unambiguous order is one that leaves "no uncertainty in the minds of those to whom it is addressed" regarding what action is required. *King v. Allied Vision, Ltd.*, 65 F. 3d 1051, 1058 (2d Cir. 1995). The Orders do exactly that in requiring Defendants to respond to the Trustee's Discovery Requests by October 28, 2016. (James Pinto Proceeding Dkt. No. 56; Amy Pinto Lome Proceeding Dkt. No. 58).

Defendants' noncompliance with those Orders is clear and convincing, as the Trustee has yet to receive sufficient responses to any Discovery Requests. Defendants have not attempted to comply with the Orders, nor have they provided any justifiable excuse for noncompliance. In fact, Defendants' counsel affirmatively informed the Trustee's counsel that Defendants would *not* comply with this Court's Orders. Despite multiple attempts to remind Defendants of their

13

obligation to respond to his Discovery Requests, Defendants continue to violate this Court's Orders to respond. This Court should hold Defendants in contempt for their failure to comply with this Court's Orders.

### VII. THE TRUSTEE IS ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS ASSOCIATED WITH THE DEFENDANTS' DISCOVERY DEFICIENCIES, BUT WILL FOREGO THAT RIGHT

As a consequence of Defendants' inaction, the Trustee has been forced to expend significant resources attempting to communicate with Defendants, analyzing Defendants' wrongful conduct, and preparing and prosecuting this motion. A party who fails to comply with a court order, its attorney, or both, must pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the non-compliance was justified or an award of expenses would be unjust. Fed. R. Civ. P. 37(b)(2)(C). Because Defendants have failed to comply with this Court's Orders without justification, an award of expenses and fees would be proper. *Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 255 (S.D.N.Y. 2012). In the interest of judicial efficiency, however, the Trustee will forego that right here.

### CONCLUSION

The requested sanctions are appropriate and necessary. Not only have Defendants failed to timely respond to the Trustee's Discovery Requests as served, they have disregarded this Court's Order. Defendants should not be permitted to benefit from their refusal to participate in discovery and ignore court orders, and other parties should be discouraged from engaging in the same behavior.

For the foregoing reasons, the Trustee requests that the Court strike Defendants' Answers and enter default judgment in favor of the Trustee.

|  | Respectfully submitted, |
|---|---|
| Dated: New York, New York<br>December 6, 2016 | **BAKER & HOSTETLER LLP** |
|  | By: /s/ *Nicholas J. Cremona* |
| Of Counsel: | David J. Sheehan<br>Email: dsheehan@bakerlaw.com |
| **BAKER & HOSTETLER LLP**<br>811 Main Street, Suite 1100<br>Houston, Texas 77002-5018<br>Telephone: 713.751.1600<br>Facsimile: 713.751.1717<br>Dean D. Hunt<br>Email: dhunt@bakerlaw.com<br>Farrell A. Hochmuth<br>Email: fhochmuth@bakerlaw.com | Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>45 Rockefeller Plaza<br>New York, NY 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Trustee*<br>*for the Substantively Consolidated SIPA*<br>*Liquidation of Bernard L. Madoff Investment*<br>*Securities LLC and for the Estate of Bernard*<br>*L. Madoff* |