# EXHIBIT A

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

February 15, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
Attorney and Counselor at Law
6705 Apache Road
Edina, Minnesota 55439-1001

Re:   Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.;* In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed please find the following:

1. Trustee's First Set of Requests for Admission to Defendant James B. Pinto Revocable Trust U/A dtd 12/1/03; and

2. Trustee's First Set of Requests for Admission to Defendant James B. Pinto.

Should you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Sincerely,

*Dean D. Hunt w/ RM*

Dean D. Hunt

Enclosures

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of Bernard
L. Madoff Investment Securities LLC and
the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in | Adv. Pro. No. 10-04538 (SMB) |

|   |   |
|---|---|
| his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust,<br><br>Defendants. |   |

**TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03**

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant, James B. Pinto Revocable Trust U/A dtd 12/1/03, respond in writing to the requests for admission ("Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within thirty-three (33) days from the date of service.

## DEFINITIONS

1.  All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2.  "Account" means BLMIS Account No. 1EM456, as set forth in Exhibit A to the Complaint.

2

3. "Applicable Period" means the period beginning December 1, 2003 through the present.

4. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5. "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

6. "Defendants" means all of the following: the James B. Pinto Revocable Trust U/A dtd 12/1/03; James B. Pinto, individually and in his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03.

7. "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on behalf of any Defendant between December 11, 2006 and December 11, 2008.

8. "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

9. "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10. "You," "Your," or "Trust" means the James B. Pinto Revocable Trust U/A dtd 12/1/03 and anyone acting on behalf of or for the benefit of the James B. Pinto Revocable Trust U/A dtd 12/1/03, including but not limited to all current and former trustees and/or any predecessors- or successors-in-interest, including, but not limited, to James B. Pinto.

## INSTRUCTIONS

1. All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

2. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

3. Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

4. Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

5. Admit that, over the life of the Account, $2,026,750 was withdrawn from the Account.

6. Admit that the Trust received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

7. Admit that, of the $2,026,750 that was withdrawn from the Account, none consisted of principal.

4

8. Admit that, of the $2,026,750 withdrawn from the Account, $2,026,750 was in excess of principal.

9. Admit that, $2,026,750 more was withdrawn from the Account than was deposited into the Account.

10. Admit that between December 11, 2006 and December 11, 2008, $827,000 in excess of principal was withdrawn from the Account.

11. Admit that between December 11, 2006 and December 11, 2008, the Trust received the $827,000 in excess of principal that was withdrawn from the Account.

12. Admit that BLMIS made all Transfers to the Trust between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

13. Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

14. Admit that the customer statements the Trust received from BLMIS reflect the withdrawals the Trust made from the Account.

15. Admit that each withdrawal from the Account was made by Defendant James B. Pinto, on behalf of the Trust.

16. Admit that from December 2003 to December 2008, the Trust made zero (0) cash deposits into the Account.

17. Admit that from December 2003 to December 2008, the Trust made forty-one (41) withdrawals from the Account totaling $2,026,750.

18. Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint went to one or more bank or brokerage accounts held by the Trust or Defendant James B. Pinto.

5

19. Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint was deposited into one or more bank accounts held at Bank of America, Wachovia Securities, LLC, First Clearing LLC, Bank of New York, or Sanford C. Bernstein & Co., LLC.

20. Admit that Defendant James B. Pinto is a trustee of the Trust.

21. Admit that Defendant James B. Pinto is a beneficiary of the Trust.

22. Admit that Defendant James B. Pinto received distributions from the Trust during the Applicable Period.

23. Admit that funds withdrawn from the Account were for Defendant James B. Pinto's benefit.

24. Admit that funds withdrawn from the Account were for distributions to Defendant James B. Pinto from the Trust.

25. Admit that Defendant James B. Pinto received funds from the Trust between December 11, 2006 and the present.

26. Admit that Defendant James B. Pinto received funds from the Account, directly or indirectly, between December 11, 2006 and the present.

27. Admit that Defendant James B. Pinto received Subsequent Transfers that were initially Transferred by BLMIS to the Trust.

28. Admit that Defendant James B. Pinto received any part of any of the withdrawals set forth in Column 5 of Exhibit B to the Complaint.

29. Admit that attached to customer claim numbers 012050, 012836, and 012846 are true and correct copies of pages from BLMIS monthly customer statements for the Account, received by Sidney Kaplan of Parsinen Kaplan Rosberg from BLMIS.

6

30. Admit that attached to customer claim numbers 012050, 012836, and 012846 is a true and correct copy of a BLMIS monthly customer statement for the Account for the period ending February 29, 2004, received by the Trust from BLMIS.

31. Admit that attached to customer claim numbers 012050, 012836, and 012846 is a true and correct copy of a Certificate of Trust by Grantor relating to the Trust.

Dated: February 15, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the following was served this 15th day of February, 2016 by electronic and first class mail upon the following:

Robert M. McClay
McClay Alton, PLLP (Pro Hac Vice)
951 Grand Avenue
St. Paul, MN 55105-3015
bob@mcclay-alton.com

Marvin C. Ingber (Pro Hac Vice)
6705 Apache Road
Edina, MN 55439-1001
mcingber@comcast.net

_____
*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

8

08-01789-cgm    Doc 14567-2    Filed 12/06/16    Entered 12/06/16 19:04:36    Exhibit A
Pg 11 of 18

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of Bernard
L. Madoff Investment Securities LLC and
the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in | Adv. Pro. No. 10-04538 (SMB) |

his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust,

Defendants.

### TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT JAMES B. PINTO

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant, James B. Pinto, respond in writing to the requests for admission ("Requests") set forth herein and deliver the same to the offices of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within thirty-three (33) days from the date of service.

### DEFINITIONS

1. All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2. "Account" means BLMIS Account No. 1EM456, as set forth in Exhibit A to the Complaint.

3.  "Applicable Period" means the period beginning December 1, 2003 through the present.

4.  "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.  "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

6.  "Defendants" means all of the following: the James B. Pinto Revocable Trust U/A dtd 12/1/03; James B. Pinto, individually and in his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03.

7.  "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on behalf of any Defendant between December 11, 2006 and December 11, 2008.

8.  "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

9.  "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10. "Trust" means the James B. Pinto Revocable Trust U/A dtd 12/1/03 and anyone acting on behalf of or for the benefit of the James B. Pinto Revocable Trust U/A dtd 12/1/03, including but not limited to all current and former trustees and/or any predecessors- or successors-in-interest, including, but not limited, to James B. Pinto.

11. "You" or "Your" means James B. Pinto individually, in his capacity as grantor of the James B. Pinto Revocable Trust U/A dtd 12/1/03, and in his capacity as trustee of the James B. Pinto Revocable Trust U/A dtd 12/1/03, and anyone acting on behalf of or for the benefit of James B. Pinto.

## INSTRUCTIONS

1. All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

2. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

3. Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

4. Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

5. Admit that, over the life of the Account, $2,026,750 was withdrawn from the Account.

4

6. Admit that the Trust received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

7. Admit that You received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

8. Admit that, of the $2,026,750 that was withdrawn from the Account, none consisted of principal.

9. Admit that, of the $2,026,750 withdrawn from the Account, $2,026,750 was in excess of principal.

10. Admit that, $2,026,750 more was withdrawn from the Account than was deposited into the Account.

11. Admit that between December 11, 2006 and December 11, 2008, $827,000 in excess of principal was withdrawn from the Account.

12. Admit that between December 11, 2006 and December 11, 2008, the Trust received the $827,000 in excess of principal that was withdrawn from the Account.

13. Admit that between December 11, 2006 and December 11, 2008, You received the $827,000 in excess of principal that was withdrawn from the Account.

14. Admit that BLMIS made all Transfers to the Trust between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

15. Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

16. Admit that the customer statements the Trust received from BLMIS reflect the withdrawals the Trust made from the Account.

17. Admit that each withdrawal from the Account was made by You, on behalf of the Trust.

5

18. Admit that from December 2003 to December 2008, the Trust made zero (0) cash deposits into the Account.

19. Admit that from December 2003 to December 2008, the Trust made forty-one (41) withdrawals from the Account totaling $2,026,750.

20. Admit that each withdrawal shown in column 5 to Exhibit B of the Complaint went to one or more bank or brokerage accounts held by You or the Trust.

21. Admit that each withdrawal shown in Column 5 to Exhibit B of the Complaint was deposited into one or more bank accounts held at Bank of America, Wachovia Securities, LLC, First Clearing LLC, Bank of New York, or Sanford C. Bernstein & Co., LLC.

22. Admit that You are a trustee of the Trust.

23. Admit that You are a beneficiary of the Trust.

24. Admit that You received distributions from the Trust during the Applicable Period.

25. Admit that all funds withdrawn from the Account were for Your benefit.

26. Admit that funds withdrawn from the Account were for distributions to You, individually, from the Trust.

27. Admit that You received funds from the Trust between December 11, 2006 and the present.

28. Admit that You received funds from the Account, directly or indirectly, between December 11, 2006 and the present.

29. Admit that You received Subsequent Transfers that were initially Transferred by BLMIS to the Trust.

6

30. Admit that You received any part of any of the withdrawals set forth in Column 5 of Exhibit B to the Complaint.

31. Admit that attached to customer claim numbers 012050, 012836, and 012846 are true and correct copies of pages from BLMIS monthly customer statements for the Account, received by Sidney Kaplan of Parsinen Kaplan Rosberg from BLMIS.

32. Admit that attached to customer claim numbers 012050, 012836, and 012846 is a true and correct copy of a BLMIS monthly customer statement for the Account for the period ending February 29, 2004, received by the Trust from BLMIS.

33. Admit that attached to customer claim numbers 012050, 012836, and 012846 is a true and correct copy of a Certificate of Trust by Grantor relating to the Trust.

Dated: February 15, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*/s/ Nicholas J. Cremona*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

7

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the following was served this 15th day of February, 2016 by electronic and first class mail upon the following:

Robert M. McClay
McClay Alton, PLLP (Pro Hac Vice)
951 Grand Avenue
St. Paul, MN 55105-3015
bob@mcclay-alton.com

Marvin C. Ingber (Pro Hac Vice)
6705 Apache Road
Edina, MN 55439-1001
mcingber@comcast.net

                                                 */s/ Dean D. Hunt w/pm*
                                      *Attorneys for Irving H. Picard, Trustee for*
                                      *the Substantively Consolidated SIPA*
                                      *Liquidation of Bernard L. Madoff*
                                      *Investment Securities LLC and the Estate of*
                                      *Bernard L. Madoff*