# EXHIBIT E

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

March 22, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
337 Westlake Terrace
Palm Springs, CA 92264-5534

Re:   Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.;* In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

We received the March 14, 2016 Responses by James B. Pinto Revocable Trust U/A dtd 12/1/03 and James B. Pinto (collectively, the "Defendants") to the Trustee's First Set of Requests for Admission (the "Responses"). This letter is an attempt to confer with you regarding deficiencies in the Reponses, pursuant to Judge Bernstein's Chambers Rules and Rule 7007-1 of the Local Rules of the United States Bankruptcy Court of the Southern District of New York.

A number of Defendants' Responses are either improperly qualified or completely non-responsive. First, footnote 2 in each set provides that Defendant has limited certain Responses "only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008." Some of Defendants' Responses contain admissions, expressly limited by footnote 2. Other Responses contain no admission or denial, but simply a reference to footnote 2.

The Trustee is entitled to discover information relating to deposits into and withdrawals from the account at issue, over the life of the account.

Second, footnote 3 carves out of admissions to certain Responses "the $75,000 check dated December 8, 2006" because it purportedly "may be outside the 2-year look-back of December 11, 2006 through December 11, 2008." However, documents included with the Trustee's Initial Disclosure document production reflect that although this check was written on December 8, 2006, it posted on December 19, 2006. *See* JPMSAF0051722; JPMSAF0051723.

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver*
*Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

Robert M. McClay
Marvin C. Ingber
March 22, 2016
Page 2

"For the purposes of payment by ordinary check . . . a 'transfer' as defined by [Bankruptcy Code] § 101(54) occurs on the date of honor, and not before." *Barnhill v. Johnson*, 503 U.S. 393, 400 (1992) (considered in the context of a preference payment under 11 U.S.C. §547(b)). In other words, the "determinative" date is "the date the drawee bank honors" the check, rather than "the date the check is presented to the recipient." *Id.* at 394.

Defendants should admit or deny each of the requests without the limitations in footnotes 2 and 3.

Before taking further action as provided for by Judge Bernstein's Chambers' Rules and by the Local Rules of the Bankruptcy Court, we are attempting to confer to resolve these discovery issues. Please amend Defendants' Responses to the Trustee's Requests for Admission by March 29, 2014.

If you would like to meet and confer on these discovery issues, please contact me or Rachel Smith at 713-646-1386.

Sincerely,

Dean D. Hunt