# EXHIBIT G

# BakerHostetler

Baker & Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

February 24, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
Attorney and Counselor at Law
6705 Apache Road
Edina, Minnesota 55439-1001

Re:     Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard
L. Madoff Investment Securities LLC v. James B. Pinto Revocable Trust U/A dtd 12/1/03,
et al.;* In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed please find the following:

1. Trustee's First Set of Interrogatories to Defendant James B. Pinto Revocable Trust U/A
   dtd 12/1/03; and

2. Trustee's First Set of Interrogatories to Defendant James B. Pinto.

Please be reminded of Defendants' continuing obligations to preserve, retain and protect all
possibly relevant documents in their possession, custody or control, as more fully described in
our preservation letters of June 27, 2011 and July 21, 2014. Copies are enclosed.

Should you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Sincerely,

Dean D. Hunt w/p(m)

Dean D. Hunt

Enclosures

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04538 (SMB) |
| Plaintiff, | |
| v. | |
| JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in | |

his capacity as Grantor and Trustee for the James B.
Pinto Revocable Trust,

                          Defendants.

---

**TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT
JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03**

---

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant James B. Pinto Revocable Trust U/A dtd 12/1/03, respond in

writing with verified answers to the interrogatories ("Interrogatory" or "Interrogatories") set

forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811

Main Street, Suite 1100, Houston, Texas 77002 within thirty three (33) days of service, on

March 28, 2016.

### DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Document**. The term "document" is defined to be synonymous in meaning and equal
in scope to the usage of the term "documents or electronically stored information" in Fed.

2

R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "Account" or "Accounts" means BLMIS Account No. 1EM456, as set forth in Exhibit A to the Complaint and any other BLMIS account in which any Defendant had any interest in any capacity, whether individually, collectively, or as a fiduciary and whether directly or indirectly, including but not limited to BLMIS Account Nos. 1EM310 and 1EM311.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard v. James B. Pinto Revocable Trust U/A dtd 12/1/03 and James B. Pinto, individually and in his capacity as grantor and trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03*, Adv. Pro. No. 10-04538, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning August 1, 1994 through the present.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

3

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.    "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

7.    "Defendants" means all of the following: the James B. Pinto Revocable Trust U/A dtd 12/1/03; and James B. Pinto, individually and in his capacity as grantor and trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03.

8.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on any Defendant's behalf between December 11, 2006 and December 11, 2008.

9.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

10.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

11.    "You," "Your," or "Trust" means the James B. Pinto Revocable Trust U/A dtd 12/1/03 and anyone acting on behalf of the James B. Pinto Revocable Trust U/A dtd 12/1/03, including but not limited to all current and former trustees and/or any predecessors- or successors-in-interest, including but not limited to James. B. Pinto.

4

# INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

>   **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

>   **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

>   **Number.** The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.      In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.      In accordance with Federal Rule 33(b)(2), the written responses must be served by March 28, 2016.

4.      Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.      If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should

include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed

privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular

Interrogatory, the Interrogatory should be answered to the extent possible and an explanation

should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely

manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy

Rules and Rule 26(e) of the Federal Rules.


## INTERROGATORIES

1.      Identify each Person who was involved in answering these discovery requests and

explain each Person's role in answering these discovery requests.

**ANSWER:**


2.      Identify each Initial Transfer.

**ANSWER:**


3.      Identity each deposit into the Accounts.

**ANSWER:**


4.      Identify the reasons for each Initial Transfer.
**ANSWER:**


6

5.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**


6.      Identify any instance when the Trust communicated to BLMIS any disagreement
with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

   **ANSWER:**


7.      Identify: (a) each Person or entity, including, but not limited to the Trust or
Defendant James B. Pinto, who ever received money from Account No. 1EM456, whether
directly or indirectly, including any Initial Transfer, any property purchased with money from
Account No. 1EM456, or any other benefits derived from an Initial Transfer; (b) the amount of
money, property, or other benefit such Person received; and (c) the dates on which such Person
received the money, property, or other benefit.

   **ANSWER:**


8.      Identify all Persons who benefited from any Transfer from Account No. 1EM456,
including, but not limited to, Persons who received or enjoyed the benefit of anything paid for
with any funds that were part of any Transfer from Account No. 1EM456, and describe how
these Persons benefited.

   **ANSWER:**

9.    To the extent not already provided in Your responses to the preceding Interrogatories, state how the Trust used or distributed any money received from Account No. 1EM456, whether directly or indirectly.  In so doing, Identify all Persons or entities who received such money from the Trust or Account No. 1EM456, including, but not limited to, Defendant James B. Pinto, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1EM456.

**ANSWER:**


10.    Identify any and all banks and/or financial institutions where the Trust holds or has held accounts during the Applicable Period, including, but not limited to Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York, Sanford C. Bernstein & Co., LLC, and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited.  For each account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**


11.    Provide the Trust's legal name, the type of entity the Trust is, the date on which the Trust was established and whether the Trust was formed out of a predecessor entity, the state or country under whose laws the Trust was formed, the names and addresses of the Trust's current and former trustees, and the percent of beneficial interest in the Trust of the current and former trustees.

**ANSWER:**

12.    Identify all current and former trustees of the Trust, including, but not limited to
James B. Pinto.  For each Person so identified, Identify the dates such Person served as a trustee,
the amount of any fees received by such Person in connection with their service as a trustee, the
dates and amounts of any Initial Transfers received by the Trust while such Person served as
trustee, and state whether such Person personally received any portion of any such Initial
Transfers.

**ANSWER**:


13.    Identify any money, real or personal property that Defendant James B. Pinto
received, directly or indirectly, from the Trust or that was purchased with money from the Trust,
between December 11, 2006 and December 31, 2009.

**ANSWER**:


14.    Identify each Person with knowledge or information relevant to this Adversary
Proceeding who may be in possession of any documents or other information relating to any
Initial Transfers, deposits, or Subsequent Transfers, including, but not limited to, banks, financial
advisors, accountants, auditors, securities brokers, and/or other financial professionals, including,
but not limited to Bank of America, Wells Fargo Advisors, LLC, as successor in interest to
Wachovia Securities, Bank of New York, Sanford C. Bernstein & Co., LLC, Sidney Kaplan, and
Parsinen Kaplan Rosberg & Gotlieb, P.A.  For every Person You Identify, please provide their
name, address, and telephone number, the circumstances under which each Person obtained such
knowledge, and the substance of that Person's knowledge.

**ANSWER:**

9

Pg 12 of 27

15.    Identify any state or federal tax filings related to the Trust, including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER**:


16.    Identify whether the Trust requested a refund of any state or federal taxes paid in connection with Account No. 1EM456 and whether any refund was received.  In so doing, provide the date(s) when the Trust received refund(s) and the amount(s) of such refund(s).

**ANSWER**:


17.    Provide an inventory and/or an accounting of the Trust.

**ANSWER**:


18.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

     a.    state all facts upon which You base the denial or affirmative defense;

     b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

     c.    Identify all documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**


19.    Regarding the twenty-first affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

**ANSWER**:

20.    Regarding the twenty-third affirmative defense in Your Answer to the Complaint,

describe the legal and factual basis for Your claim that the Trustee's claims are "barred in whole

or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties

with Madoff Securities during the applicable two-year 'reach-back' limitations period."

**ANSWER**:


Dated:  February 24, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
_____
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 24th day of

February, 2016 by electronic and first class mail upon the following:

Robert M. McClay
McClay Alton, PLLP (Pro Hac Vice)
951 Grand Avenue
St. Paul, MN 55105-3015
bob@mcclay-alton.com

Marvin C. Ingber (Pro Hac Vice)
6705 Apache Road
Edina, MN 55439-1001
mcingber@comcast.net

*Dean D. Hunt w/p*

*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                Plaintiff,<br><br>      v.<br><br>JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in | Adv. Pro. No. 10-04538 (SMB) |

his capacity as Grantor and Trustee for the James B.
Pinto Revocable Trust,

                              Defendants.

---

### TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT
### JAMES B. PINTO

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant James B. Pinto respond in writing with verified answers to the

interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the

office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston,

Texas 77002 within thirty three (33) days of service, on March 28, 2016.

### DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Document**. The term "document" is defined to be synonymous in meaning and equal
in scope to the usage of the term "documents or electronically stored information" in Fed.
R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the
meaning of this term.

2

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "Account" or "Accounts" means BLMIS Account No. 1EM456, as set forth in Exhibit A to the Complaint and any other BLMIS account in which any Defendant had any interest in any capacity, whether individually, collectively, or as a fiduciary and whether directly or indirectly, including but not limited to BLMIS Account Nos. 1EM310 and 1EM311.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard v. James B. Pinto Revocable Trust U/A dtd 12/1/03 and James B. Pinto, individually and in his capacity as grantor and trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03*, Adv. Pro. No. 10-04538, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning August 1, 1994 through the present.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

3

directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.    "Complaint" means the complaint and any amended complaint(s) filed by the Trustee in this adversary proceeding.

7.    "Defendants" means all of the following: the James B. Pinto Revocable Trust U/A dtd 12/1/03; and James B. Pinto, individually and in his capacity as grantor and trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03.

8.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on any Defendant's behalf between December 11, 2006 and December 11, 2008.

9.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

10.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

11.    "Trust" means the James B. Pinto Revocable Trust U/A dtd 12/1/03 and anyone acting on behalf of the James B. Pinto Revocable Trust U/A dtd 12/1/03, including but not limited to all current and former trustees and/or any predecessors- or successors-in-interest, including but not limited to James. B. Pinto.

4

12.    "You" or "Your" means James B. Pinto, individually and as grantor and trustee of the James B. Pinto Revocable Trust U/A dtd 12/1/03, and anyone acting on James B. Pinto's behalf.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.    In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.    In accordance with Federal Rule 33(b)(2), the written responses must be served by March 28, 2016.

4.    Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

## **INTERROGATORIES**

1.      Identify each Initial Transfer.

**ANSWER:**


2.      Identify each deposit into the Accounts.

**ANSWER:**


3.      Identify the reasons for each Initial Transfer.

**ANSWER:**

4.    Identify the reasons for each Subsequent Transfer.

**ANSWER:**


5.    Identify any instance when You or the Trust communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:**


6.    Identify: (a) each Person or entity, including, but not limited to the Trust or You, who ever received money from Account No. 1EM456, whether directly or indirectly, including any Initial Transfer, any property purchased with money from Account No. 1EM456, or any other benefits derived from an Initial Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

**ANSWER:**


7.    Identify all Persons who benefited from any Transfer from Account No. 1EM456, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer from Account No. 1EM456, and describe how these Persons benefited.

**ANSWER:**

8.     To the extent not already provided in Your responses to the preceding Interrogatories, state how You or the Trust used or distributed any money received from Account No. 1EM456, whether directly or indirectly.  In so doing, Identify all Persons or entities who received such money from the Trust or Account No. 1EM456, including, but not limited to, Defendant James B. Pinto, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1EM456.

**ANSWER:**

9.     Identify any and all banks and/or financial institutions where You or the Trust hold or has held accounts during the Applicable Period, including, but not limited to Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York, Sanford C. Bernstein & Co., LLC, and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited.  For each account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

10.     Provide the Trust's legal name, the type of entity the Trust is, the date on which the Trust was established and whether the Trust was formed out of a predecessor entity, the state or country under whose laws the Trust was formed, the names and addresses of the Trust's current and former trustees, and the percent of beneficial interest in the Trust of the current and former trustees.

**ANSWER**:

8

11.     Identify all current and former trustees of the Trust, including, but not limited to You.  For each Person so identified, Identify the dates such Person served as a trustee, the amount of any fees received by such Person in connection with their service as a trustee, the dates and amounts of any Initial Transfers received by the Trust while such Person served as trustee, and state whether such Person personally received any portion of any such Initial Transfers.

**ANSWER**:


12.     Identify any money, real or personal property that You received, directly or indirectly, from the Trust or that was purchased with money from the Trust, between December 11, 2006 and December 31, 2009.

**ANSWER**:


13.     Identify each Transfer from which You benefited.

**ANSWER:**


14.     Identify each Subsequent Transfer that You received or from which You benefited.

**ANSWER:**

15.    With respect to Your responses to the preceding Interrogatories, state how much money You received, directly or indirectly, from Account No. 1EM456, Identify when and why You received such money, and Identify the Person or entity that gave You the money.

**ANSWER:**

16.    State how You used any money that You received, as described in Your responses to Interrogatory Nos. 13 and 14.  As part of Your answer, Identify all Persons who benefited from the money, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds from Account No. 1EM456.

**ANSWER:**

17.    Identify each Person with knowledge or information relevant to this Adversary Proceeding who may be in possession of any documents or other information relating to any Initial Transfers, deposits, or Subsequent Transfers, including, but not limited to, banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals, including, but not limited to Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York, Sanford C. Bernstein & Co., LLC, Sidney Kaplan, and Parsinen Kaplan Rosberg & Gotlieb, P.A.  For every Person You Identify, please provide their name, address, and telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

08-01789-cgm    Doc 14567-8    Filed 12/06/16    Entered 12/06/16 19:04:36    Exhibit G
Pg 25 of 27

18.    Identify any state or federal tax filings related to the Trust, including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER**:


19.    Identify whether You or the Trust requested a refund of any state or federal taxes paid in connection with Account No. 1EM456 and whether any refund was received.  In so doing, provide the date(s) when You or the Trust received refund(s) and the amount(s) of such refund(s).

**ANSWER**:


20.    Provide an inventory and/or an accounting of the Trust.

**ANSWER**:


21.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

a.    state all facts upon which You base the denial or affirmative defense;

b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

c.    Identify all documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER**:


22.    Regarding the twenty-first affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by

11

Defendants "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

**ANSWER**:


23.    Regarding the twenty-third affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

**ANSWER**:


Dated:  February 24, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 24th day of

February, 2016 by electronic and first class mail upon the following:

Robert M. McClay
McClay Alton, PLLP (Pro Hac Vice)
951 Grand Avenue
St. Paul, MN 55105-3015
bob@mcclay-alton.com

Marvin C. Ingber (Pro Hac Vice)
6705 Apache Road
Edina, MN 55439-1001
mcingber@comcast.net

*Dean D. Hurt w/p/m*

*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff*