# EXHIBIT I

# BakerHostetler

Baker & Hostetler LLP

811 Main Street
Suite 1100
Houston, TX  77002-6111

T  713.751.1600
F  713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial:  713.646.1346
dhunt@bakerlaw.com

March 3, 2016

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
337 Westlake Terrace
Palm Springs, CA  92264-5534

Re:     Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.;* In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed please find the following:

1. Trustee's First Set of Requests for Production to Defendant James B. Pinto Revocable Trust U/A dtd 12/1/03; and

2. Trustee's First Set of Requests for Production to Defendant James B. Pinto.

Please be reminded of Defendants' continuing obligations to preserve, retain and protect all possibly relevant documents in their possession, custody or control, as more fully described in our preservation letters of June 27, 2011 and July 21, 2014.

Should you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Sincerely,

Dean D. Hunt

Enclosures

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04538 (SMB) |
| Plaintiff, | |
| v. | |
| JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in | |

his capacity as Grantor and Trustee for the James B.
Pinto Revocable Trust,

                                    Defendants.

---

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant James B. Pinto Revocable Trust U/A dtd 12/1/03, produce Documents responsive to the requests ("Requests") set forth herein and deliver the same to the office of Baker Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100 within thirty three (33) days of service, on April 5, 2016.

### DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed.

R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.    "Account" or "Accounts" means BLMIS Account No. 1EM456, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly, including, but not limited to, BLMIS Account Nos. 1EM310 and 1EM311.

3.    "Adversary Proceeding" means the civil action captioned *Irving H. Picard v. James B. Pinto Revocable Trust U/A dtd 12/1/03 and James B. Pinto, individually and in his capacity as grantor and trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03*, Adv. Pro. No. 10-04538, pending in the United States Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning August 1, 1994 through December 31, 2009.

3

5.     "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.     "Complaint" means the Complaint filed by the Trustee in this adversary proceeding, and any amendments thereto.

7.     "Defendants" means all of the following:  James B. Pinto Revocable Trust U/A dtd 12/1/03; and James B. Pinto, individually and in his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03.

8.     "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on any Defendant's behalf between December 11, 2006 and December 11, 2008.

9.     "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

10.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

11.    "You," "Your," or "Trust" means the James B. Pinto Revocable Trust U/A dtd 12/1/03, and/or anyone acting on behalf of any of the James B. Pinto Revocable Trust U/A dtd

4

12/1/03, including, but not limited to, all current and former trustees and/or any predecessors- or

successors-in-interest, including, but not limited to, James B. Pinto.

## INSTRUCTIONS

    1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

    **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

    **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    **Number.** The use of the singular form of any word includes the plural and vice versa.

    2.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

    3.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by April 5, 2016 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

    4.    If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

    5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

    6.    If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

    7.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

    Identifies the type, title and subject matter of the Document;

Identifies all authors, addressees, and recipients of the Document (including CCs

and BCCs, with descriptive information about such Persons to assess the

privilege asserted; and

Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include log the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.     Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated not confidential under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.     Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure.  For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.       All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.       <u>Database load files and production media structure</u>:   Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.   If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.       <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.       <u>Emails and attachments, and other email account-related Documents</u>:   All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.    XML format file(s);

    b.    Microsoft SQL database(s);

    c.    Access database(s); and/or

    d.    fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, multimedia, and non-standard file types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    <u>"Other" electronic Documents</u>: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents Concerning the Accounts.

2.    Documents Concerning Initial Transfers.

3.      Documents Concerning Subsequent Transfers.

4.      Documents Concerning deposits into the Accounts.

5.      Documents Concerning withdrawals from the Accounts.

6.      Documents Concerning money any Defendant received from Account No. 1EM456, whether directly or indirectly.

7.      Monthly Accounts statements.

8.      Communications between any Defendant and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

9.      The Trust's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Transfers or, including, but not limited to, accounts held by Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York and Sanford C. Bernstein & Co., LLC, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

10.     Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

11.     Documents sufficient to identify any money, property, and/or anything else of value provided by any Defendant to BLMIS in exchange for any Initial Transfer.

12.     Documents sufficient to identify any money, property, and/or anything else of value provided by any Person to any Defendant in exchange for any Subsequent Transfer.

13.     Documents, including but not limited to books and records, reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

14.     Documents Concerning any transfer of funds between the Trust and Defendant James B. Pinto.

15.     Documents Concerning how the Trust used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts between December 11, 2006 and December 11, 2008.

16.     Documents reflecting distributions to Defendant James B. Pinto from the Trust between December 11, 2006 and December 11, 2008.

17.     Documents and Communications Concerning the formation and operation of the Trust.

18.     Trust instruments and/or Trust agreements, including any amendments, and/or other Documents Concerning the governance of the Trust.

19.     Documents sufficient to show all former and current trustees of the Trust, including, but not limited to, Defendant James B. Pinto.

20.     Documents sufficient to show all former and current beneficiaries under the Trust, including, but not limited to, Defendant James B. Pinto.

21.     Documents Concerning any change in name, structure, management, or status of the Trust.

22.     Documents, Communications, and/or filings with or to taxing authorities Concerning the Trust.

23.     Documents sufficient to Identify any refund(s) requested or received by the Trust of any state or federal taxes paid in connection with Account No. 1EM456.

24.     Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

25.     Documents supporting the twenty-first affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

26.     Documents supporting the twenty-third affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

27.     Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

28.     Documents Concerning the Accounts or this Action that You have received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

29.     Documents Concerning the Accounts that are maintained by any Person or entity, including, but not limited to, Defendant James B. Pinto, Amy Pinto Lome, Leonard D. Lome, Myrna Lee Pinto and Sidney Kaplan, identified in Your Initial Disclosures dated November 12, 2015, as individuals with knowledge, or by any other Person or entity that may have discoverable information, including, but not limited to, Parsinen Kaplan Rosberg & Gotlieb, P.A., Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York and Sanford C. Bernstein & Co., LLC.

30.     Documents Concerning any knowledge of or involvement with the Accounts by Sidney Kaplan, Parsinen Kaplan Rosberg & Gotlieb, P.A., Sosnik, Bell & Co. LLC, or any of Your accountants or auditors, including, but not limited to,  Documents Concerning the Accounts

which were created for or by or that were sent to or received from any such accountants or auditors.

31.    Documents Defendants identified, reviewed, prepared, or consulted in responding to discovery in this matter.

Dated:   March 3, 2016

Of Counsel:                                              /s/ Nicholas J. Cremona
                                                          David J. Sheehan
**BAKER & HOSTETLER LLP**                                 Email: dsheehan@bakerlaw.com
811 Main Street, Suite 1100                               Nicholas J. Cremona
Houston, Texas 77002-5018                                 Email: ncremona@bakerlaw.com
Telephone: 713.751.1600                                   **BAKER & HOSTETLER LLP**
Facsimile: 713.751.1717                                   45 Rockefeller Plaza
Dean D. Hunt                                              New York, New York 10111
Email: dhunt@bakerlaw.com                                 Telephone: (212) 589-4200
                                                          Facsimile: (212) 589-4201

                                                          *Attorneys for Irving H. Picard, Trustee for*
                                                          *the Substantively Consolidated SIPA*
                                                          *Liquidation of Bernard L. Madoff*
                                                          *Investment Securities LLC and the Estate*
                                                          *of Bernard L. Madoff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 3rd day of

March, 2016 by electronic and first class mail upon the following:

Robert M. McClay
McClay Alton, PLLP (Pro Hac Vice)
951 Grand Avenue
St. Paul, MN 55105-3015
bob@mcclay-alton.com

Marvin C. Ingber (Pro Hac Vice)
337 Westlake Terrace
Palm Springs, CA  92264-5534
mcingber@comcast.net

_____
*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04538 (SMB) |
| Plaintiff, | |
| v. | |
| JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03; and JAMES B. PINTO, individually and in | |

his capacity as Grantor and Trustee for the James B.
Pinto Revocable Trust,

                                    Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT JAMES B. PINTO

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant James B. Pinto, produce Documents responsive to the requests ("Requests") set forth herein and deliver the same to the office of Baker Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100 within thirty three (33) days of service, on April 5, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

2

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.      "Account" or "Accounts" means BLMIS Account No. 1EM456, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly, including, but not limited to, BLMIS Account Nos. 1EM310 and 1EM311.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard v. James B. Pinto Revocable Trust U/A dtd 12/1/03 and James B. Pinto, individually and in his capacity as grantor and trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03*, Adv. Pro. No. 10-04538, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning August 1, 1994 through December 31, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

3

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Complaint" means the Complaint filed by the Trustee in this adversary proceeding, and any amendments thereto.

7.      "Defendants" means all of the following:  James B. Pinto Revocable Trust U/A dtd 12/1/03; and James B. Pinto, individually and in his capacity as Grantor and Trustee for the James B. Pinto Revocable Trust U/A dtd 12/1/03.

8.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any Defendant or to any Person or entity acting on any Defendant's behalf between December 11, 2006 and December 11, 2008.

9.      "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any Defendant to another Person or entity.

10.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

11.      "Trust" means the James B. Pinto Revocable Trust U/A dtd 12/1/03, and/or anyone acting on behalf of any of the James B. Pinto Revocable Trust U/A dtd 12/1/03, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest, including, but not limited to, James B. Pinto.

12.    "You" or "Your" means James B. Pinto, individually and in his capacity as

grantor and trustee of the Trust, and/or anyone acting on James B. Pinto's behalf.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa.

2.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by April 5, 2016 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.    If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.    If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

Identifies the type, title and subject matter of the Document;

Identifies all authors, addressees, and recipients of the Document (including CCs

and BCCs, with descriptive information about such Persons to assess the

privilege asserted; and

Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include log the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.    Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated not confidential under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.    Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure.  For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.      All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      Database load files and production media structure:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.  If any of the Documents produced in response to these Requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.      Electronic Documents and data, generally:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.      Emails and attachments, and other email account-related Documents:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    Documents and data created or stored in or by structured electronic databases: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

  a.    XML format file(s);

  b.    Microsoft SQL database(s);

  c.    Access database(s); and/or

  d.    fixed or variable length ASCII delimited files.

6.    Spreadsheets, multimedia, and non-standard file types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents Concerning the Accounts.

2.    Documents Concerning Initial Transfers.

3.    Documents Concerning Subsequent Transfers.

4.    Documents Concerning deposits into the Accounts.

5.    Documents Concerning withdrawals from the Accounts.

6.    Documents Concerning money any Defendant received from Account No. 1EM456, whether directly or indirectly.

7.    Monthly Accounts statements.

8.    Communications between any Defendant and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

9.    The Trust's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Transfers or, including, but not limited to, accounts held by Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York and Sanford C. Bernstein & Co., LLC, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

10.    Your bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Transfers, including, but not limited to, accounts held by Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York and Sanford C. Bernstein & Co., LLC, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

11.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

12.    Documents Concerning any money You received that You understood, believed, or suspected came from the Account.

13.    Documents Concerning any real or personal property You received that You understood, believed, or suspected was purchased with money that came from the Account.

14.    Documents sufficient to identify any money, property, and/or anything else of value provided by any Defendant to BLMIS in exchange for any Initial Transfer.

15.    Documents sufficient to identify any money, property, and/or anything else of value provided by any Person to any Defendant in exchange for any Subsequent Transfer.

16.    Documents that evidence any value of services and/or products provided to any other Defendant in exchange for any money or other value.

17.    Documents, including but not limited to books and records, reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

18.    Documents Concerning any transfer of funds between the Trust and You.

19.    Documents Concerning how the Trust used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts between December 11, 2006 and December 11, 2008.

20.    Documents reflecting distributions to You from the Trust between December 11, 2006 and December 11, 2008.

21.    Documents and Communications Concerning the formation and operation of the Trust.

22.    Trust instruments and/or Trust agreements, including any amendments, and/or other Documents Concerning the governance of the Trust.

23.    Documents sufficient to show all former and current trustees of the Trust, including, but not limited to, You.

24.    Documents sufficient to show all former and current beneficiaries under the Trust, including, but not limited to, You.

25.    Documents Concerning any change in name, structure, management, or status of the Trust.

26.    Documents, Communications, and/or filings with or to taxing authorities Concerning the Trust.

27.    Documents sufficient to Identify any refund(s) requested or received by the Trust of any state or federal taxes paid in connection with Account No. 1EM456.

28.    Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

29.    Documents supporting the twenty-first affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

30.    Documents supporting the twenty-third affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

31.    Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

32.     Documents Concerning the Accounts or this Action that You have received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

33.     Documents Concerning the Accounts that are maintained by any Person or entity, including, but not limited to, You, Amy Pinto Lome, Leonard D. Lome, Myrna Lee Pinto and Sidney Kaplan, identified in Your Initial Disclosures dated November 12, 2015, as individuals with knowledge, or by any other Person or entity that may have discoverable information, including, but not limited to, Parsinen Kaplan Rosberg & Gotlieb, P.A., Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York and Sanford C. Bernstein & Co., LLC.

34.     Documents Concerning any knowledge of or involvement with the Accounts by Sidney Kaplan, Parsinen Kaplan Rosberg & Gotlieb, P.A., Sosnik, Bell & Co. LLC, or any of the Trust's accountants or auditors, including, but not limited to, Documents Concerning the Accounts which were created for or by or that were sent to or received from any such accountants or auditors.

35.     Documents Defendants identified, reviewed, prepared, or consulted in responding to discovery in this matter.

Dated:   March 3, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate*
*of Bernard L. Madoff*

<h2 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h2>

I hereby certify that a true and accurate copy of the foregoing was served this 3rd day of

March, 2016 by electronic and first class mail upon the following:

Robert M. McClay
McClay Alton, PLLP (Pro Hac Vice)
951 Grand Avenue
St. Paul, MN 55105-3015
bob@mcclay-alton.com

Marvin C. Ingber (Pro Hac Vice)
337 Westlake Terrace
Palm Springs, CA 92264-5534
mcingber@comcast.net

*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*