# EXHIBIT T

# MCCLAY · ALTON, P.L.L.P
## ATTORNEYS

Robert M. McClay
Brian D. Alton*

*Also Licensed in Wisconsin

951 Grand Avenue
St. Paul, MN 55105
Fax: 651/290-2502
651/290-0301

July 26, 2016

**VIA U.S. MAIL & EMAIL**
Baker Hostetler LLP
Attn: Dean Hunt, Esq.
811 Main Street Suite 1100
Houston, TX 77002-6111

Re:   Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment
      Securities LLC v. James B. Pinto Revocable Trust U/A DTD 12/1/03, et al.
      08-01789 (SMB)

   **Adv. Pro. No. 10-04538 (SMB) [James B. Pinto]**

Dear Mr. Hunt:

Enclosed and hereby served upon you is the following:

1. Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03 Answers to
   Trustee's First Set of Interrogatories to Defendant;
2. Defendant James B. Pinto's Answers to Trustee's First Set of Interrogatories to
   Defendant;
3. Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03 Responses to
   Trustee's First Set of Production of Documents and Things to Defendant;
4. Defendant James B. Pinto's Responses to Trustee's First Set of Production of
   Documents and Things to Defendant;
5. Bates numbered documents labeled JBP 000046 through JBP 000085; and,
6. Certificate of Service.

By copy of this letter, Marc E. Hirschfield, Geraldine Ponto, Farrell Hochmuth and Kevin
H. Bell are also served.

Very truly yours,

Robert M. McClay
bob@mcclay-alton.com

RMM:jf

Encs.

cc:    James B. Pinto via email w/ encs.
       Marc E. Hirschfield, Esq. Baker & Hostetler LLP, via U.S. Mail & email w/ encs.
       Geraldine Ponto, Esq. Baker & Hostetler LLP, via U.S. Mail & email w/ encs.
       Kevin H. Bell, Esq. SIPC, via email w/ encs.
       Farrell Hochmuth, Esq. via U.S. Mail & email w/ encs.
       Jody E. Schechter, Esq. Baker & Hostetler LLP, via email w/ encs.
       Rachel M. Smith, Esq. Baker & Hostetler LLP, via email w/ encs.
       Marvin C. Ingber, via email w/ encs.

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*JAMES B. PINTO REVOCABLE TRUST U/A*
*DTD 12/1/03; and JAMES B. PINTO, individually*
*and in his capacity as Grantor and Trustee for the*
*James B. Pinto Revocable Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No.08-01789 (SMB) |
| Plaintiff-Appellant, | |
| v. | SIPA LIQUIDATION |
| | (Substantially Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In Re: | |
| BERNARD L MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04538 (SMB) |
| Plaintiff, | |

1

v.

JAMES B. PINTO REVOCABLE TRUST U/A
DTD 12/1/03; and JAMES B. PINTO, individually
and in his capacity as Grantor and Trustee for the
James B. Pinto Revocable Trust,

Defendants.

## DEFENDANT JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03 ANSWERS TO TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03, as and for its Answers[1,2,3] to

Trustee's interrogatories states as follows:

### GENERAL OBJECTIONS

All answers are made without in any way waiving or intending to waive and intending to

preserve and preserving:

1.    All questions as to competency, relevance, materiality, privilege, scope, and

admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any

other action.

2.    The right to object to the use of any of the answers or the subject matter thereof in

any subsequent proceeding or the trial of this or any other action on any grounds.

3.    The right to supplement and/or amend these answers as Defendant's investigation,

discovery and preparation for trial continues.

---

[1] Defendant's Answers to Trustee's First Set of Interrogatories are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM456 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM456-3; 1-EM456-3-0; 1EM456-30; 1-EM456-4-0 and 1EM456 30/40.
[2] Defendant limits its Answers to this First Set of Interrogatories only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.
[3] Defendant limits its Answers to this First Set of Interrogatories to $752,000 ($827,000 less the $75,000 check dated December 8, 2006 which may be outside the 2-year look-back of December 11, 2006 through December 11, 2008).

2

4.    Defendant objects generally to each interrogatory herein to the extent that it seeks discovery of:

    a.  Information or documents subject to the attorney/client privilege, or any other privilege;

    b.  Information or documents constituting the work product of Defendant or its attorneys;

    c.  Information generated or documents prepared in anticipation of litigation or for trial by or for Defendant or its representatives;

    d.  Information or documents not in the possession or control of Defendant or not generated or obtained by Defendant in the regular course of business;

    e.  Information or documents generated or obtained after the date on which Defendant's alleged claims arose.

5.    Defendant objects to, and does not accept Trustee's instructions to the extent that they seek to impose duties upon Defendant that exceed the requirements of applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York. Defendant's responses assume that words used in the interrogatories have their ordinary and customary meanings without regard to any special meanings assigned to them by the Trustee.

6.    Defendant objects to Trustee's interrogatories to the extent that they seek to impose upon Defendant duties not imposed by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

7.    Defendant states that it does not and will not waive any of its general or particular objections in the event it may furnish materials or information coming within the scope of any such objections.

## ANSWERS TO INTERROGATORIES

3

1.      Identify each Person who was involved in answering these discovery requests

and explain each Person's role in answering these discovery requests.

**ANSWER:**    Counsel Robert M. McClay and Marvin C. Ingber on behalf of Amy Pinto
Lome and Leonard D. Lome.  Forensic accounting experts, Beth Kieffer
Leonard, CPA, CGMA, and Matthew Brown, CPA, JD, both with Lurie,
LLP are investigating subject matter as noted in applicable Answers.

2.      Identify each Initial Transfer.

**ANSWER:**     Initial Transfers:
A transfer from BLMIS in the amount of $50,000 was transferred on
January 18, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD
12/1/03.

*See Bates numbered documents:*

JPMSAF0053591 check image
AMF00104783 withdrawal authorization letter

A transfer from BLMIS in the amount of $50,000 was transferred on
March 7, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD
12/1/03.

*See Bates numbered documents:*

JPMSAF0054287 check image
AMF00104781 withdrawal authorization letter

A transfer from BLMIS in the amount of $100,000 was transferred on
April 17, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD
12/1/03.

*See Bates numbered documents:*

JPMSAF0056266 check image
AMF00104780 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on May
24, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0056818 check image
AMFOO104779 withdrawal authorization letter

4

A transfer from BLMIS in the amount of $80,000 was transferred on June 8, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0057189 check image
AMF00104778 withdrawal authorization letter

A transfer from BLMIS in the amount of $25,000 was transferred on June 14, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0057288 check image
AMF00104777 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on July 6, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0058638 check image
AMF00104776 withdrawal authorization letter

A transfer from BLMIS in the amount of $10,000 was transferred on July 9, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0058652 check image
AMF00104775 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on July 12, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0058744 check image
AMF00104774 withdrawal authorization letter

A transfer from BLMIS in the amount of $40,000 was transferred on August 23, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0059393 check image
AMF00104773 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on September 21, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0059987 check image
AMF00104772 withdrawal authorization letter

A transfer from BLMIS in the amount of $25,000 was transferred on November 5, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0061707 check image
AMF00104771 withdrawal authorization letter

A transfer from BLMIS in the amount of $35,000 was transferred on December 3, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0062189 check image
AMF00104770 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on December 10, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0062395 check image
AMF00104769 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on January 7, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0063606 check image
AMF00104768 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on January 23, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0064385 check image
AMF00104767 withdrawal authorization letter

A transfer from BLMIS in the amount of $25,000 was transferred on February 19, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0064789 check image
AMF00104766 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on March 19, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0065279 check image
AMF00104765 withdrawal authorization letter

A transfer from BLMIS in the amount of $35,000 was transferred on April 15, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0066841 check image
AMF00104764 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on May 15, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0067336 check image
AMF00104763 withdrawal authorization letter

7

A transfer from BLMIS in the amount of $12,000 was transferred on June 5, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0067816 check image
AMF00104762 withdrawal authorization letter

A transfer from BLMIS in the amount of $30,000 was transferred on July 7, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0069264 check image
AMF00104761 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on September 15, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0070382 check image
AMF00104760 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on October 10, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0071887 check image
AMF00104759 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on November 14, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0072384 check image
AMF00104758 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on December 3, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0072700 check image
AMF00104757 withdrawal authorization letter

3.    Identify each deposit into the Accounts.

**ANSWER:**    None.

4.    Identify the reasons for each Initial Transfer.

**ANSWER:**    For discretionary use by James B. Pinto as Grantor of the James B. Pinto Revocable Trust, U/A DTD 12/1/03. This matter continues under investigation.

5.    Identify the reasons for each Subsequent Transfer.

**ANSWER:**    For discretionary use by James B. Pinto as Grantor of the James B. Pinto Revocable Trust, U/A DTD 12/1/03. This matter continues under investigation.

6.    Identify any instance when the Trust communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:**    None. This matter continues under investigation.

7.    Identify: (a) each Person or entity, including, but not limited to the Trust or Defendant James B. Pinto, who ever received money from Account No. 1EM456, whether directly or indirectly, including each Initial Transfer, any property purchased with money from Account No. 1EM456, or any other benefits derived from an Initial Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

8.      Identify all Persons who benefited from any Transfer from Account No. 1EM456, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer from Account No. 1EM456, and describe how these Persons benefited.

>    **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

9.      To the extent not already provided in Your responses to the preceding Interrogatories, state how the Trust used or distributed any money received from Account No. 1EM456, whether directly or indirectly. In so doing, Identify all Persons or entities who received such money from the Trust or Account No. 1EM456, including, but not limited to, Defendant James B. Pinto, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1EM456.

>    **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

10.     Identify any and all banks and/or financial institutions where the Trust holds or has held accounts during the Applicable Period, including, but not limited to Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York, Sanford C. Bernstein & Co., LLC, and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited. For each account, Identify the account number, the date the account was opened, and the date the account was closed.

>    **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

10

11.     Provide the Trust's legal name, the type of entity the Trust is, the date on which the Trust was established and whether the Trust was formed out of a predecessor entity, the state or country under whose laws the Trust was formed, the names and addresses of the Trust's current and former trustees, and the percent of beneficial interest in the Trust of the current and former trustees.

**ANSWER:**   James B. Pinto Revocable Trust, U/A DTD 12/1/03.  No predecessor entity. Formed in the State of California. James B. Pinto is current Trustee. James B. Pinto, Grantor, holds 100% of beneficial interest.

12.     Identify all current and former trustees of the Trust, including, but not limited to James B. Pinto. For each Person so identified, Identify the dates such Person served as a trustee, the amount of any fees received by such Person in connection with their service as a trustee, the dates and amounts of any Initial Transfers received by the Trust while such Person served as trustee, and state whether such Person personally received any portion of any such Initial Transfers.

**ANSWER:**   James B. Pinto is current Trustee.  No former Trustees. Trustee has served from 12/1/03 to present without any fees received in connection with his service as Trustee.  Initial Transfers by BLMIS to the Trust between December 11, 2006 and December 11, 2008 amounted to $752,000 (see Answer #2).  BLMIS made checks out to James B. Pinto Revocable Trust, U/A DTD 12/1/03.  Withdrawal authorization letters instructed distribution payable to James B. Pinto.

13.     Identify any money, real or personal property that Defendant James B. Pinto received, directly or indirectly, from the Trust or that was purchased with money from the Trust, between December 11, 2006 and December 31, 2009.

**ANSWER:**   This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

14.     Identify each Person with knowledge or information relevant to this Adversary Proceeding who may be in possession of any documents or other information relating to any

11

Initial Transfers, deposits, or Subsequent Transfers, including, but not limited to, banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals, including, but not limited to Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York, Sanford C. Bernstein & Co., LLC, Sidney Kaplan, and Parsinen Kaplan Rosberg & Gotlieb, P.A. For every Person You Identify, please provide their name, address, and telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

> **ANSWER:**   This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

15.    Identify any state or federal tax filings related to the Trust, including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

> **ANSWER:**   None. Federal and California State tax filings are not required of a Revocable Trust.

16.    Identify whether the Trust requested a refund of any state or federal taxes paid in connection with Account No. 1EM456 and whether any refund was received. In so doing, provide the date(s) when the Trust received refund(s) and the amount(s) of such refund(s).

> **ANSWER:**   No.

17.    Provide an inventory and/or an accounting of the Trust.

> **ANSWER:**   This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

18.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

> a.   state all facts upon which You base the denial or affirmative defense;
>
> b.   state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

12

c. Identify all documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**    Refer to Defendant's Answer #10 in its Response to Trustee's First Set of Requests for Admission.

19.    Regarding the twenty-first affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

**ANSWER:**    Refer to Defendant's Answer #10 in its Response to Trustee's First Set of Requests for Admission.

20.    Regarding the twenty-third affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

**ANSWER:**    This affirmative defense has been withdrawn.

Dated: Palm Springs, CA

July 25 , 2016

By:
James B. Pinto,
*Grantor and Trustee, James B. Pinto Revocable Trust U/A DTD 12/1/03*

*As to objections:*

Dated:  St. Paul Minnesota

July  26 , 2016

By: _____
Robert M. McClay #69620
McClay•Alton, P.L.L.P.
 (Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

*Attorney for  JAMES B. PINTO REVOCABLE
TRUST U/A DTD 12/1/03; and JAMES B.
PINTO, individually and in his capacity as
Grantor and Trustee for the James B. Pinto
Revocable Trust*

14

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*JAMES B. PINTO REVOCABLE TRUST U/A*
*DTD 12/1/03; and JAMES B. PINTO, individually*
*and in his capacity as Grantor and Trustee for the*
*James B. Pinto Revocable Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff, | Adv. Pro. No. 10-04538 (SMB) |

1

v.

JAMES B. PINTO REVOCABLE TRUST U/A
DTD 12/1/03; and JAMES B. PINTO, individually
and in his capacity as Grantor and Trustee for the
James B. Pinto Revocable Trust,

Defendants.

## DEFENDANT JAMES B. PINTO ANSWERS TO TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant James B. Pinto, as and for his Answers[1,2,3] to Trustee's interrogatories states as follows:

## GENERAL OBJECTIONS

All answers are made without in any way waiving or intending to waive and intending to preserve and preserving:

1.     All questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

2.     The right to object to the use of any of the answers or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

3.     The right to supplement and/or amend these answers as Defendant's investigation, discovery and preparation for trial continues.

4.     Defendant objects generally to each interrogatory herein to the extent that it seeks

---

[1] Defendant's Answers to Trustee's First Set of Interrogatories are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM456 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM456-3; 1-EM456-3-0; 1EM456-30; 1-EM456-4-0 and 1EM456 30/40.
[2] Defendant limits his Answers to Trustee's First Set of Interrogatories only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.
[3] Defendant limits his Answers to Trustee's First Set of Interrogatories to $752,000 ($827,000 less the $75,000 check dated December 8, 2006 which may be outside the 2-year look-back of December 11, 2006 through December 11, 2008).

discovery of:

      a.  Information or documents subject to the attorney/client privilege, or any other privilege;

      b.  Information or documents constituting the work product of Defendant or his attorneys;

      c.  Information generated or documents prepared in anticipation of litigation or for trial by or for Defendant or his representatives;

      d.  Information or documents not in the possession or control of Defendant or not generated or obtained by Defendant in the regular course of business;

      e.  Information or documents generated or obtained after the date on which Defendant's alleged claims arose.

5.      Defendant objects to, and does not accept Trustee's instructions to the extent that they seek to impose duties upon Defendant that exceed the requirements of applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York. Defendant's responses assume that words used in the interrogatories have their ordinary and customary meanings without regard to any special meanings assigned to them by the Trustee.

6.      Defendant objects to Trustee's interrogatories to the extent that they seek to impose upon Defendant duties not imposed by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

7.      Defendant states that he does not and will not waive any of his general or particular objections in the event he may furnish materials or information coming within the scope of any such objections.

## ANSWERS TO INTERROGATORIES

1.      Identify each Initial Transfer.

**ANSWER:**    <u>Initial Transfers:</u>
A transfer from BLMIS in the amount of $50,000 was transferred on January 18, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0053591 check image
AMF00104783 withdrawal authorization letter

A transfer from BLMIS in the amount of $50,000 was transferred on March 7, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0054287 check image
AMF00104781 withdrawal authorization letter

A transfer from BLMIS in the amount of $100,000 was transferred on April 17, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0056266 check image
AMF00104780 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on May 24, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0056818 check image
AMFOO104779 withdrawal authorization letter

A transfer from BLMIS in the amount of $80,000 was transferred on June 8, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0057189 check image
AMF00104778 withdrawal authorization letter

A transfer from BLMIS in the amount of $25,000 was transferred on June 14, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0057288 check image
AMF00104777 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on July 6, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0058638 check image
AMF00104776 withdrawal authorization letter

A transfer from BLMIS in the amount of $10,000 was transferred on July 9, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0058652 check image
AMF00104775 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on July 12, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0058744 check image
AMF00104774 withdrawal authorization letter
A transfer from BLMIS in the amount of $40,000 was transferred on August 23, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0059393 check image
AMF00104773 withdrawal authorization letter
A transfer from BLMIS in the amount of $15,000 was transferred on September 21, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

5

*See Bates numbered documents:*

JPMSAF0059987 check image
AMF00104772 withdrawal authorization letter

A transfer from BLMIS in the amount of $25,000 was transferred on November 5, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0061707 check image
AMF00104771 withdrawal authorization letter

A transfer from BLMIS in the amount of $35,000 was transferred on December 3, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0062189 check image
AMF00104770 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on December 10, 2007 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0062395 check image
AMF00104769 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on January 7, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0063606 check image
AMF00104768 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on January 23, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0064385 check image
AMF00104767 withdrawal authorization letter

A transfer from BLMIS in the amount of $25,000 was transferred on February 19, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0064789 check image
AMF00104766 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on March 19, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0065279 check image
AMF00104765 withdrawal authorization letter

A transfer from BLMIS in the amount of $35,000 was transferred on April 15, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0066841 check image
AMF00104764 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on May 15, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0067336 check image
AMF00104763 withdrawal authorization letter

A transfer from BLMIS in the amount of $12,000 was transferred on June 5, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0067816 check image
AMF00104762 withdrawal authorization letter

A transfer from BLMIS in the amount of $30,000 was transferred on July 7, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0069264 check image
AMF00104761 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on September 15, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0070382 check image
AMF00104760 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on October 10, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0071887 check image
AMF00104759 withdrawal authorization letter

A transfer from BLMIS in the amount of $15,000 was transferred on November 14, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0072384 check image
AMF00104758 withdrawal authorization letter

A transfer from BLMIS in the amount of $20,000 was transferred on December 3, 2008 to Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03.

*See Bates numbered documents:*

JPMSAF0072700 check image

AMF00104757 withdrawal authorization letter

2.       Identify each deposit into the Accounts.

**ANSWER:**    None.

3.       Identify the reasons for each Initial Transfer.

**ANSWER:**    For discretionary use by James B. Pinto as Grantor of the James B. Pinto
               Revocable Trust, U/A DTD 12/1/03. This matter continues under
               investigation.

4.       Identify the reasons for each Subsequent Transfer.

**ANSWER:**    For discretionary use by James B. Pinto as Grantor of the James B. Pinto
               Revocable Trust, U/A DTD 12/1/03. This matter continues under
               investigation.

5.       Identify any instance when You or the Trust communicated to BLMIS any
disagreement with respect to the accuracy of the deposits or withdrawals reflected on the
customer statements.

**ANSWER:**    None. This matter continues under investigation.

6.       Identify: (a) each Person or entity, including, but not limited to You or the
Trust, who ever received money from Account No. 1EM456, whether directly or indirectly,
including each Initial Transfer, any property purchased with money from Account No.
1EM456, or any other benefits derived from an Initial Transfer; (b) the amount of money,
property, or other benefit such Person received; and (c) the dates on which such Person
received the money, property, or other benefit.

**ANSWER:**    This matter continues under investigation. Forensic accounting experts are
               developing information responsive to this interrogatory. Applicable
               disclosures will be provided upon completion.

7.       Identify all Persons who benefited from any Transfer from Account No.
1EM456, including, but not limited to, Persons who received or enjoyed the benefit of
anything paid for with any funds that were part of any Transfer from Account No. 1EM456,

9

and describe how these Persons benefited.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

8.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You or the Trust used or distributed any money received from Account No. 1EM456, whether directly or indirectly. In so doing, Identify all Persons or entities who received such money from the Trust or Account No. 1EM456, including, but not limited to, You, or any other Persons or entities who received anything of value purchased with any funds from Account No. 1EM456.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

9.    Identify any and all banks and/or financial institutions where You or the Trust hold or has held accounts during the Applicable Period, including, but not limited to Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York, Sanford C. Bernstein & Co., LLC, and/or any other location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited. For each account, Identify the account number, the date the account was opened, and the date the account was closed.

> **ANSWER:** This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

10.    Provide the Trust's legal name, the type of entity the Trust is, the date on which the Trust was established and whether the Trust was formed out of a predecessor entity, the state or country under whose laws the Trust was formed, the names and addresses of the Trust's current and former trustees, and the percent of beneficial interest in the Trust of the

10

current and former trustees.

> **ANSWER:**   James B. Pinto Revocable Trust, U/A DTD 12/1/03.  No predecessor entity.
> Formed in the State of California. James B. Pinto is current Trustee. James B.
> Pinto, Grantor, holds 100% of beneficial interest.

11.    Identify all current and former trustees of the Trust. For each Person so
identified, Identify the dates such Person served as a trustee, the amount of any fees received by
such Person in connection with their service as a trustee, the dates and amounts of any Initial
Transfers received by the Trust while such Person served as trustee, and state whether such
Person personally received any portion of any such Initial Transfers.

> **ANSWER:**   James B. Pinto is current Trustee.  No former Trustees. Trustee has served
> from 12/1/03 to present without any fees received in connection with his
> service as Trustee.   Initial Transfers by BLMIS to the Trust between
> December 11, 2006 and December 11, 2008 amounted to $752,000 (see
> Answer #2).  BLMIS made checks out to James B. Pinto Revocable Trust,
> U/A DTD 12/1/03.  Withdrawal authorization letters instructed distribution
> payable to James B. Pinto.

12.    Identify any money, real or personal property that You received, directly or
indirectly, from the Trust or that was purchased with money from the Trust, between December
11, 2006 and December 31, 2009.

> **ANSWER:**   This matter continues under investigation. Forensic accounting experts are
> developing information responsive to this interrogatory. Applicable
> disclosures will be provided upon completion.

13.    Identify each Transfer from which You benefited.

> **ANSWER:**   This matter continues under investigation. Forensic accounting experts are
> developing information responsive to this interrogatory. Applicable
> disclosures will be provided upon completion.

14.    Identify each Subsequent Transfer that You received or from which You
benefited.

> **ANSWER:**   This matter continues under investigation. Forensic accounting experts are
> developing information responsive to this interrogatory. Applicable
> disclosures will be provided upon completion.

15.    With respect to Your responses to the preceding Interrogatories, state how much money You received from Account No. 1EM456, Identify when and why You received such money, and Identify the Person or entity that gave You the money.

>    **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

16.    State how You used any money that You received, as described in Your responses to Interrogatory Nos. 13 and 14. As part of Your answer, Identify all Persons who benefited from the money, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds from Account No. 1EM456.

>    **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

17.    Identify each Person with knowledge or information relevant to this Adversary Proceeding who may be in possession of any documents or other information relating to any Initial Transfers, deposits, or Subsequent Transfers, including, but not limited to, banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals, including, but not limited to Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York, Sanford C. Bernstein & Co., LLC, Sidney Kaplan, and Parsinen Kaplan Rosberg & Gotlieb, P.A. For every Person You Identify, please provide their name, address, and telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

>    **ANSWER:**    This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

18.    Identify any state or federal tax filings related to the Trust, including, but

12

not limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER:**     None. Federal and California State tax filings are not required of a Revocable Trust.

19.     Identify whether You or the Trust requested a refund of any state or federal taxes paid in connection with Account No. 1EM456 and whether any refund was received. In so doing, provide the date(s) when the You or Trust received refund(s) and the amount(s) of such refund(s).

**ANSWER:**     No.

20.     Provide an inventory and/or an accounting of the Trust.

**ANSWER:**     This matter continues under investigation. Forensic accounting experts are developing information responsive to this interrogatory. Applicable disclosures will be provided upon completion.

21.     For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

      a.     state all facts upon which You base the denial or affirmative defense;

      b.     state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

      c.     Identify all documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**     Refer to Defendant's Answer #11 in its Response to Trustee's First Set of Requests for Admission.

22.     Regarding the twenty-first affim1ative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "subject to defense, set off or equitable or other adjustment to the extent that such transfers were "used by Defendants "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

13

**ANSWER:**    Refer to Defendant's Answer #11 in its Response to Trustee's First Set of Requests for Admission.

23.    Regarding the twenty-third affirmative defense in Your Answer to the Complaint, describe the legal and factual basis for Your claim that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff   Securities during the applicable two-year   'reach-back' limitations period."

**ANSWER:**    This affirmative defense has been withdrawn.

Dated: Palm Springs, CA

July __25__, 2016

By:

James B. Pinto,
*Grantor and Trustee, James B. Pinto*
*Revocable Trust U/A DTD 12/1/03*

*As to objections:*

Dated: St. Paul Minnesota

July __26__, 2016

By:

Robert M. McClay #69620
McClay•Alton, P.L.L.P.
(Pro Hac Vice)
951 Grand Avenue
St. Paul, Minnesota 55101
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

*Attorney for JAMES B. PINTO REVOCABLE*
*TRUST U/A DTD 12/1/03; and JAMES B.*
*PINTO, individually and in his capacity as*
*Grantor and Trustee for the James B. Pinto*
*Revocable Trust*

14

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*JAMES B. PINTO REVOCABLE TRUST U/A*
*DTD 12/1/03; and JAMES B. PINTO, individually*
*and in his capacity as Grantor and Trustee for the*
*James B. Pinto Revocable Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No.08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In Re:<br><br>BERNARD L MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff, | Adv. Pro. No. 10-04538 (SMB) |

1

v.

JAMES B. PINTO REVOCABLE TRUST U/A
DTD 12/1/03; and JAMES B. PINTO, individually
and in his capacity as Grantor and Trustee for the
James B. Pinto Revocable Trust,

Defendants.

## DEFENDANT JAMES B. PINTO REVOCABLE TRUST U/A DTD 12/1/03 RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03, by and through the

undersigned, gives the following for Defendant's Response[1,2,3] to Trustee's First Set of Requests

for Production of Documents and Things to Defendant.

### GENERAL OBJECTIONS

1.    Defendant objects to each and every Request to the extent that it seeks documents

protected by the attorney-client privilege, the work product doctrine, the joint defense or

common interest privilege, or other applicable privileges or immunities.

2.    Defendant objects to each and every Request to the extent that it seeks documents

that are irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible

evidence in this action.

3.    Defendant objects to each and every Request to the extent that it seeks documents

that are not within Defendant's possession, custody, or control; to the extent any such Request

---

[1] Defendant's Responses to Trustee's First Set of Requests for Production of Documents and Things are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM456 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM456-3; 1-EM456-3-0; 1EM456-30; 1-EM456-4-0 and 1EM456 30/40.

[2] Defendant limits its Responses to Trustee's First Set of Requests for Production of Documents and Things only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

[3] Defendant limits its Responses to Trustee's First Set of Requests for Production of Documents and Things to $752,000 ($827,000 less the $75,000 check dated December 8, 2006 which may be outside the 2-year look-back of December 11, 2006 through December 11, 2008).

2

seeks information or documents that are already in the possession, custody, or control of Plaintiffs; or to the extent any such Request seeks documents or information which are equally available to Defendant and Plaintiffs from other sources.

4.     Defendant objects to each and every Request to the extent that it seeks documents that are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.     Defendant objects to the Requests, including the definitions and instructions, to the extent they require responses or purport to impose obligations beyond those required by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

6.     Defendant objects to each and every Request to the extent it is vague, ambiguous, overly broad, and not identified with reasonable particularity.

7.     Defendant objects to each and every Request to the extent it seeks proprietary and/or confidential business information, absent the execution and entry of a mutually agreeable Protective Order.

8.     Defendant reserves the right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any of the documents or responses provided herein for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action. Nothing herein shall be construed as an admission by Defendant as to the relevancy of or admissibility at trial of any document that Defendant may produce in response to the Requests or any information contained in any of the responses set forth herein.

3

9.    Defendant reserves the right to revise, correct, add to, or clarify any of the responses propounded herein. Furthermore, Defendant reserves the right to supplement these responses if and when additional documents are found.

10.    Defendant states that, for those requests to which it responds by agreeing to produce documents, Defendant agrees to produce documents only to the extent that any such documents exist and are in its possession, custody, or control. A statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist and are in its possession, custody, or control.

11.    Defendant interprets each and every Request as excluding documents protected by the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege that were generated on or after the commencement of this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:    Documents Concerning the Accounts.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 2:    Documents Concerning Initial Transfers.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

4

REQUEST NO. 3:    Documents Concerning Subsequent Transfers.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 4:    Documents Concerning deposits into the Accounts.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 5:    Documents Concerning withdrawals from the Accounts.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 6:    Documents Concerning money any Defendant received from

Account No. 1EM456, whether directly or indirectly.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is

continuing.

REQUEST NO. 7:    Monthly Accounts statements.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 8:    Communications between any Defendant and BLMIS Concerning

the Accounts, including Transfers to and from the Accounts.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 9:    The Trust's bank and/or brokerage account records, for the period

between and including December 11, 2006 and December 31, 2009, for any accounts that

received Transfers, including, but not limited to, accounts held by Bank of America, Wells

Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York,

Sanford C. Bernstein & Co., LLC, including monthly statements, cancelled checks, and

incoming/outgoing wire transfer records.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 10:  Documents    and  Communications    sufficient  to  identify    any

Subsequent Transfer, in whole or in part, of any Initial  Transfer from the Account, including

the amount, date, and recipient of any Subsequent Transfer.

>    RESPONSE:  Subject  to  and  without  waiving  the  foregoing  general  objections,
>    Defendant  will  produce  all  non-privileged  documents  in  its  possession,
>    custody,  or  control  that  are  responsive  to  this  Request,  including  reports
>    and  supporting  documents  from  forensic  accounting  experts.  Generally,
>    please  refer  to  Bates  numbered  documents  JBP  000001  through  JBP
>    000045  produced  on  November  12,  2015  and  Bates  numbered  documents
>    produced  today  numbered  JBP  000046  through  JBP  000085.  Discovery  is
>    continuing.

REQUEST NO. 11:  Documents sufficient to  identify  any  money,  property,  and/or

anything   else   of value provided  by  any  Defendant  to  BLMIS  in  exchange  for  any  Initial

Transfer.

>    RESPONSE:  Subject  to  and  without  waiving  the  foregoing  general  objections,
>    Defendant  will  produce  all  non-privileged  documents  in  its  possession,
>    custody,  or  control  that  are  responsive  to  this  Request,  including  reports
>    and  supporting  documents  from  forensic  accounting  experts.  Generally,
>    please  refer  to  Bates  numbered  documents  JBP  000001  through  JBP
>    000045  produced  on  November  12,  2015  and  Bates  numbered  documents
>    produced  today  numbered  JBP  000046  through  JBP  000085.  Discovery  is
>    continuing.

REQUEST NO. 12:  Documents sufficient to  identify  any  money,  property,  and/or

anything   else   of value provided  by  any  Person  to  any  Defendant  in  exchange  for  any

Subsequent Transfer.

>    RESPONSE:  Subject  to  and  without  waiving  the  foregoing  general  objections,
>    Defendant  will  produce  all  non-privileged  documents  in  its  possession,
>    custody,  or  control  that  are  responsive  to  this  Request,  including  reports
>    and  supporting  documents  from  forensic  accounting  experts.  Generally,
>    please  refer  to  Bates  numbered  documents  JBP  000001  through  JBP
>    000045  produced  on  November  12,  2015  and  Bates  numbered  documents
>    produced  today  numbered  JBP  000046  through  JBP  000085.  Discovery  is
>    continuing.

7

REQUEST NO. 13:  Documents, including but not limited to books and records,

reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

> RESPONSE:  Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in its possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 14:  Documents Concerning any transfer of funds between the Trust

and Defendant James B. Pinto.

> RESPONSE:  Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in its possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 15:  Documents Concerning how the Trust used, spent, disbursed,

distributed, or transferred all or any portion of any money from the Accounts between December

11, 2006 and December 11, 2008.

> RESPONSE:  Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in its possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 16:  Documents reflecting distributions to Defendant James B. Pinto

from the Trust between December 11, 2006 and December 11, 2008.

> RESPONSE:  Subject to and without waiving the foregoing general objections,

8

Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 17:    Documents and Communications Concerning the formation and

operation of the Trust.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 18:    Trust instruments and/or Trust agreements, including any

amendments, and/or other Documents Concerning the governance of the Trust.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 19:    Documents sufficient to show all former and current trustees of

the Trust, including, but not limited to, Defendant James B. Pinto.

RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 20:    Documents sufficient to show all former and current beneficiaries

under the Trust, including, but not limited to, Defendant James B. Pinto.

> RESPONSE:    Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in its possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 21:    Documents    Concerning    any    change    in    name,    structure,

management, or status of the Trust.

> RESPONSE:    Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in its possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 22:    Documents, Communications, and/or filings with or to taxing

authorities Concerning the Trust.

> RESPONSE:    Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in its possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 23:    Documents sufficient to Identify any refund(s) requested or

received by the Trust of any state or federal taxes paid in connection with Account No.

1EM456.

> RESPONSE:    None. Discovery is continuing.

10

REQUEST NO. 24:    Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

> RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 25:    Documents supporting the twenty-first affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants    "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

> RESPONSE:    Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 26:    Documents supporting the twenty-third affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "barred in whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

RESPONSE:    Not applicable. This affirmative defense has been withdrawn.

REQUEST NO. 27:    Documents Defendants intend to rely upon in connection with the defense of the claims asserted in the Complaint.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 28:   Documents Concerning the Accounts or this Action that You have received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 29:   Documents Concerning the Accounts that are maintained by any Person or entity, including, but not limited to, Defendant James B. Pinto, Amy Pinto Lome, Leonard D. Lome, Myrna Lee Pinto and Sidney Kaplan, identified in Your Initial Disclosures dated November 12, 2015, as individuals with knowledge, or by any other Person or entity that may have discoverable information, including, but not limited to, Parsinen Kaplan Rosberg & Gotlieb, P.A., Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York, and Sanford C. Bernstein & Co., LLC.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in its possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 30:    Documents Concerning any knowledge of or involvement with the

Accounts by Sidney Kaplan, Parsinen Kaplan Rosberg & Gotlieb, P.A., Sosnik, Bell & Co.

LLC, or any of Your accountants or auditors, including, but not limited to, Documents

Concerning the Accounts which were created for or by or that were sent to or received from any

such accountants or auditors.

        RESPONSE: Subject to and without waiving the foregoing general objections,
        Defendant will produce all non-privileged documents in its possession,
        custody, or control that are responsive to this Request, including reports
        and supporting documents from forensic accounting experts. Generally,
        please refer to Bates numbered documents JBP 000001 through JBP
        000045 produced on November 12, 2015 and Bates numbered documents
        produced today numbered JBP 000046 through JBP 000085. Discovery is
        continuing.

REQUEST NO. 31:    Documents Defendants identified, reviewed, prepared, or

consulted in responding to discovery in this matter.

        RESPONSE: Subject to and without waiving the foregoing general objections,
        Defendant will produce all non-privileged documents in its possession,
        custody, or control that are responsive to this Request, including reports
        and supporting documents from forensic accounting experts. Generally,
        please refer to Bates numbered documents JBP 000001 through JBP
        000045 produced on November 12, 2015 and Bates numbered documents
        produced today numbered JBP 000046 through JBP 000085. Discovery is
        continuing.

Dated:  St. Paul Minnesota

July 26, 2016

                                      By: _Bt M. McCy_
                                        Robert M. McClay #69620
                                        McClay•Alton, P.L.L.P.
                                        (Pro Hac Vice)
                                          951 Grand Avenue
                                        St. Paul, Minnesota 55101
                                        Telephone: 651-290-0301
                                        Fax: 651-290-2502
                                        Email: law@mcclay-alton.com

*Attorney for JAMES B. PINTO REVOCABLE
TRUST U/A DTD 12/1/03; and JAMES B.
PINTO, individually and in his capacity as
Grantor and Trustee for the James B. Pinto
Revocable Trust*

14

*McClay•Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*JAMES B. PINTO REVOCABLE TRUST U/A*
*DTD 12/1/03; and JAMES B. PINTO, individually*
*and in his capacity as Grantor and Trustee for the*
*James B. Pinto Revocable Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No.08-01789 (SMB) |
| Plaintiff-Appellant, | |
| v. | SIPA LIQUIDATION |
| | (Substantially Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In Re: | |
| BERNARD L MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04538 (SMB) |
| Plaintiff, | |

1

v.

JAMES B. PINTO REVOCABLE TRUST U/A
DTD 12/1/03; and JAMES B. PINTO, individually
and in his capacity as Grantor and Trustee for the
James B. Pinto Revocable Trust,

Defendants.

## DEFENDANT JAMES B. PINTO RESPONSES TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Defendant James B. Pinto, by and through the undersigned, gives the following for Defendant's Response[1,2,3] to Trustee's First Set of Requests for Production of Documents and Things to Defendant.

### GENERAL OBJECTIONS

1.    Defendant objects to each and every Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or other applicable privileges or immunities.

2.    Defendant objects to each and every Request to the extent that it seeks documents that are irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence in this action.

3.    Defendant objects to each and every Request to the extent that it seeks documents that are not within Defendant's possession, custody, or control; to the extent any such Request

---

[1] Defendant's Responses to Trustee's First Set of Requests for Production of Documents and Things are based on our assumption that the Trustee's identification of the BLMIS Account number 1EM456 subsumes other account numbers contained in the Madoff documents including but not limited to: 1-EM456-3; 1-EM456-3-0; 1EM456-30; 1-EM456-4-0 and 1EM456 30/40.

[2] Defendant limits his Responses to Trustee's First Set of Requests for Production of Documents and Things only to transactions within the 2-year look-back of December 11, 2006 through December 11, 2008.

[3] Defendant limits his Responses to Trustee's First Set of Requests for Production of Documents and Things to $752,000 ($827,000 less the $75,000 check dated December 8, 2006 which may be outside the 2-year look-back of December 11, 2006 through December 11, 2008).

2

seeks information or documents that are already in the possession, custody, or control of Plaintiffs; or to the extent any such Request seeks documents or information which are equally available to Defendant and Plaintiffs from other sources.

4.    Defendant objects to each and every Request to the extent that it seeks documents that are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.    Defendant objects to the Requests, including the definitions and instructions, to the extent they require responses or purport to impose obligations beyond those required by applicable court rules, including the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Civil Rules of the United States District Court for the Southern District of New York.

6.    Defendant objects to each and every Request to the extent it is vague, ambiguous, overly broad, and not identified with reasonable particularity.

7.    Defendant objects to each and every Request to the extent it seeks proprietary and/or confidential business information, absent the execution and entry of a mutually agreeable Protective Order.

8.    Defendant reserves the right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any of the documents or responses provided herein for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action. Nothing herein shall be construed as an admission by Defendant as to the relevancy of or admissibility at trial of any document that Defendant may produce in response to the Requests or any information contained in any of the responses set forth herein.

9.     Defendant reserves the right to revise, correct, add to, or clarify any of the responses propounded herein. Furthermore, Defendant reserves the right to supplement these responses if and when additional documents are found.

10.    Defendant states that, for those requests to which he responds by agreeing to produce documents, Defendant agrees to produce documents only to the extent that any such documents exist and are in his possession, custody, or control. A statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist and are in his possession, custody, or control.

11.    Defendant interprets each and every Request as excluding documents protected by the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege that were generated on or after the commencement of this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:     Documents Concerning the Accounts.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 2:     Documents Concerning Initial Transfers.

RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 3:    Documents Concerning Subsequent Transfers.

RESPONSE:    Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is
continuing.

REQUEST NO. 4:    Documents Concerning deposits into the Accounts.

RESPONSE:    Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is
continuing.

REQUEST NO. 5:    Documents Concerning withdrawals from the Accounts.

RESPONSE:    Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is
continuing.

REQUEST NO. 6:    Documents Concerning money any Defendant received from

Account No. 1EM456, whether directly or indirectly.

RESPONSE:    Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is

continuing.

REQUEST NO. 7:    Monthly Accounts statements.

RESPONSE: Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is
continuing.

REQUEST NO. 8:    Communications between any Defendant and BLMIS Concerning

the Accounts, including Transfers to and from the Accounts.

RESPONSE: Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is
continuing.

REQUEST NO. 9:    The Trust's bank and/or brokerage account records, for the period

between and including December 11, 2006 and December 31, 2009, for any accounts that

received Transfers, including, but not limited to, accounts held by Bank of America, Wells

Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York,

Sanford C. Bernstein & Co., LLC, including monthly statements, cancelled checks, and

incoming/outgoing wire transfer records.

RESPONSE: Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is
continuing.

REQUEST NO. 10:    Your bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Transfers, including, but not limited to, accounts held by Bank of America, Wells Fargo Advisors, LLC, as successor in interest to Wachovia Securities, Bank of New York and Sanford C. Bernstein & Co., LLC, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

   RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 11: Documents    and Communications    sufficient to identify    any Subsequent Transfer, in whole or in part, of any Initial  Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

   RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 12:   Documents Concerning any money You received that You understood, believed, or suspected came from the Account.

   RESPONSE:  Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents

produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 13: Documents Concerning any real or personal property You received that You understood, believed, or suspected was purchased with money that came from the Account.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 14: Documents sufficient to identify any money, property, and/or anything else of value provided by any Defendant to BLMIS in exchange for any Initial Transfer.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 15: Documents sufficient to identify any money, property, and/or anything else of value provided by any Person to any Defendant in exchange for any Subsequent Transfer.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is

8

continuing.

REQUEST NO. 16: Documents that evidence any value of services and/or products provided to any other Defendant in exchange for any money or other value.

    RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 17:  Documents, including but not limited to books and records, reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

    RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 18:  Documents Concerning any transfer of funds between the Trust and You.

    RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 19:  Documents Concerning how the Trust used, spent, disbursed, distributed, or transferred all or any portion of any money from the Accounts between December 11, 2006 and December 11, 2008.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 20:    Documents reflecting distributions to You from the Trust between December 11, 2006 and December 11, 2008.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 21:    Documents and Communications Concerning the formation and operation of the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 22:    Trust instruments and/or Trust agreements, including any amendments, and/or other Documents Concerning the governance of the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is

continuing.

REQUEST NO. 23:    Documents sufficient to show all former and current trustees of

the Trust, including, but not limited to, You.

> RESPONSE: Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in his possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 24:    Documents sufficient to show all former and current beneficiaries

under the Trust, including, but not limited to, You.

> RESPONSE: Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in his possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 25:    Documents Concerning any change in name, structure,

management, or status of the Trust.

> RESPONSE: Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in his possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 26:    Documents, Communications, and/or filings with or to taxing

authorities Concerning the Trust.

RESPONSE: Subject to and without waiving the foregoing general objections,

11

Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 27:   Documents sufficient to Identify any refund(s) requested or received by the Trust of any state or federal taxes paid in connection with Account No. 1EM456.

RESPONSE:  None. Discovery is continuing.

REQUEST NO. 28:   Documents Defendants contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is continuing.

REQUEST NO. 29:   Documents supporting the twenty-first affirmative defense in Your Answer to the Complaint, in which You contend that the Trustee's claims are "subject to defense, setoff or equitable or other adjustment to the extent that such transfers were" used by Defendants   "to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

RESPONSE: Subject to and without waiving the foregoing general objections, Defendant will produce all non-privileged documents in his possession, custody, or control that are responsive to this Request, including reports and supporting documents from forensic accounting experts. Generally, please refer to Bates numbered documents JBP 000001 through JBP 000045 produced on November 12, 2015 and Bates numbered documents produced today numbered JBP 000046 through JBP 000085. Discovery is

continuing.

REQUEST NO. 30:    Documents supporting the twenty-third affirmative defense in

Your Answer to the Complaint, in which You contend that the Trustee's claims are "barred in

whole or in part for failure of the Trustee to credit amounts deposited or invested by Defendant

Parties with Madoff Securities during the applicable two-year 'reach-back' limitations period."

RESPONSE:    Not applicable. This affirmative defense has been withdrawn.

REQUEST NO. 31:    Documents Defendants intend to rely upon in connection with the

defense of the claims asserted in the Complaint.

RESPONSE:    Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is
continuing.

REQUEST NO. 32:    Documents Concerning the Accounts or this Action that You have

received from any other Person or entity, whether received by You in response to a subpoena or

otherwise.

RESPONSE:    Subject to and without waiving the foregoing general objections,
Defendant will produce all non-privileged documents in his possession,
custody, or control that are responsive to this Request, including reports
and supporting documents from forensic accounting experts. Generally,
please refer to Bates numbered documents JBP 000001 through JBP
000045 produced on November 12, 2015 and Bates numbered documents
produced today numbered JBP 000046 through JBP 000085. Discovery is
continuing.

REQUEST NO. 33:    Documents Concerning the Accounts that are maintained by any

Person or entity, including, but not limited to, Defendant James B. Pinto, Amy Pinto Lome,

Leonard D. Lome, Myrna Lee Pinto and Sidney Kaplan, identified in Your Initial Disclosures

13

dated November 12, 2015, as individuals with knowledge, or by any other Person or entity that

may have discoverable information, including, but not limited to, Parsinen Kaplan Rosberg &

Gotlieb, P.A., Bank of America, Wells Fargo Advisors, LLC, as successor in interest to

Wachovia Securities, Bank of New York, and Sanford C. Bernstein & Co., LLC.

> RESPONSE: Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in his possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 34:   Documents Concerning any knowledge of or involvement with the

Accounts by Sidney Kaplan, Parsinen Kaplan Rosberg & Gotlieb, P.A., Sosnik, Bell & Co.

LLC, or any of Your accountants or auditors, including, but not limited to, Documents

Concerning the Accounts which were created for or by or that were sent to or received from any

such accountants or auditors.

> RESPONSE: Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in his possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents
> produced today numbered JBP 000046 through JBP 000085. Discovery is
> continuing.

REQUEST NO. 35:   Documents    Defendants    identified,    reviewed,    prepared,    or

consulted in responding to discovery in this matter.

> RESPONSE: Subject to and without waiving the foregoing general objections,
> Defendant will produce all non-privileged documents in his possession,
> custody, or control that are responsive to this Request, including reports
> and supporting documents from forensic accounting experts. Generally,
> please refer to Bates numbered documents JBP 000001 through JBP
> 000045 produced on November 12, 2015 and Bates numbered documents

produced today numbered JBP 000046 through JBP 000085.  Discovery is
continuing.


Dated:  St. Paul Minnesota

July 26, 2016                                    By: _____
                                                Robert M. McClay #69620
                                                McClay•Alton, P.L.L.P.
                                                 (Pro Hac Vice)
                                                951 Grand Avenue
                                                St. Paul, Minnesota 55101
                                                Telephone: 651-290-0301
                                                Fax: 651-290-2502
                                                Email: law@mcclay-alton.com

                                                *Attorney for  JAMES B. PINTO REVOCABLE
                                                TRUST U/A DTD 12/1/03; and JAMES B.
                                                PINTO, individually and in his capacity as
                                                Grantor and Trustee for the James B. Pinto
                                                Revocable Trust*

*McClay●Alton, P.L.L.P.*
*Robert M. McClay #69620*
*(Pro Hac Vice)*
*951 Grand Avenue*
*St. Paul, Minnesota 55101*
*Telephone: 651-290-0301*
*Fax: 651-290-2502*
*Email: law@mcclay-alton.com*

*Marvin C. Ingber #0048859*
*(Pro Hac Vice)*
*Attorney and Counselor at Law*
*6705 Apache Road*
*Edina, Minnesota 55439-1001*
*Telephone: 612-327-8378*
*Email: mcingber@comcast.net*

*Attorneys for Defendants:*
*JAMES B. PINTO REVOCABLE TRUST U/A*
*DTD 12/1/03; and JAMES B. PINTO, individually*
*and in his capacity as Grantor and Trustee for the*
*James B. Pinto Revocable Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No.08-01789 (SMB) |
| Plaintiff-Appellant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantially Consolidated) |
| Defendant. | |
| In Re: | |
| BERNARD L MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04538 (SMB) |
| Plaintiff, | |

1

v.

JAMES B. PINTO REVOCABLE TRUST U/A
DTD 12/1/03; and JAMES B. PINTO, individually
and in his capacity as Grantor and Trustee for the
James B. Pinto Revocable Trust,

Defendants.

## CERTIFICATE OF SERVICE

1. The undersigned hereby certifies that a hard copy of the foregoing:

   1. Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03 Answers to Trustee's First Set of Interrogatories to Defendant;
   2. Defendant James B. Pinto's Answers to Trustee's First Set of Interrogatories to Defendant;
   3. Defendant James B. Pinto Revocable Trust U/A DTD 12/1/03 Responses to Trustee's First Set of Production of Documents and Things to Defendant;
   4. Defendant James B. Pinto's Responses to Trustee's First Set of Production of Documents and Things to Defendant;
   5. Bates numbered documents labeled JBP 000046 through JBP 000085

was served by regular U.S. mail, postage prepaid, upon:

BAKER & HOSTETLER LLP
Marc E. Hirschfield, Esq.
Geraldine Ponto, Esq.
45 Rockefeller Plaza
New York, NY 10111

BAKER & HOSTETLER LLP
Dean Hunt, Esq.
Farrell A. Hochmuth, Esq.
811 Main Street Suite 1100
Houston, TX 77002-6111

with courtesy copies by email to:

| | |
|---|---|
| General service email | Trustee@MadoffLitigation.com |
| Dean Hunt, Esq. | dhunt@bakerlaw.com |
| Marc E. Hirschfield, Esq. | bhaa@bakerlaw.com |
| Geraldine Ponto, Esq. | bhaa@bakerlaw.com |
| Farrell A. Hochmuth, Esq. | fhochmuth@bakerlaw.com |

2

Jody E. Schechter, Esq.          jschechter@bakerlaw.com
Rachel M. Smith, Esq.            rsmith@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff, and,*

2.  Per Order Establishing Notice Procedures and Limiting Notice for Avoidance Actions dated
    December 5, 2011, Exhibit 1(I)(a), individuals who have filed a Notice of Appearance
    containing an email address have consented to electronic service. A copy of the foregoing
    has been emailed to and thereby served upon Kevin H. Bell, Esq. on behalf of Plaintiff,
    Securities Investor Protection Corporation, who has made an appearance in this adversary
    proceeding at his email address of kbell@sipc.org.

this 26th day of July, 2016.

Robert M. McClay #69620
McClay•Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105
Telephone: 651-290-0301
Fax: 651-290-2502
Email: law@mcclay-alton.com

3