# EXHIBIT W

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

September 7, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
Attorney and Counselor at Law
6705 Apache Road
Edina, Minnesota 55439-1001

Re:   Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.*

Adv. Pro. No. 10-04588 (SMB); *Irving H. Picard v. Amy Pinto Lome Revocable Trust U/A/D 5/22/03, et al.*

Dear Counsel:

We agreed to adjourn the discovery conference scheduled for July 27, 2016 in the above proceedings, in order to (i) review your clients' Responses to the Trustee's Interrogatories and Requests for Production, (ii) allow time for you to correct deficiencies in Defendants' Responses to the Trustee's Requests for Admission, and (iii) allow time for your expert to complete the forensic accounting you assert is necessary to fully respond to the Trustee's discovery requests.

The discovery conference was adjourned until September 28 at 10:00 AM ET, to be held in person and on the record. We expect you to do the following to correct discovery deficiencies at least 10 days before the hearing:

1. Amend your clients' Responses to the Trustee's Requests for Admission, Interrogatories and Requests for Production, to include the deposits into and withdrawals from each account <u>over the life of the account</u>. This includes the $75,000 check relevant to Adv. Pro. No. 10-04538, which Defendants assert "may be outside the 2-year look-back of December 11, 2006 through December 11, 2008."

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver*
*Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC*

Robert M. McClay
Marvin C. Ingber
September 7, 2016
Page 2

2. Amend your clients' Responses to the Trustee's Interrogatories regarding the recipients of the transfers, inventories or accountings of the trusts at issue, and people or entities with knowledge or information relating to the deposits, withdrawals and subsequent transfers. Your clients' Responses state that "[f]orensic accounting experts are developing information responsive" to such Interrogatories. On July 14, you reported that you were pushing to have expert work product by the end of July.

3. Produce documents responsive to the Trustee's Requests for Production. We served Requests for Production in each case on March 3. Responses to the vast majority of the Requests state that "Defendant will produce all non-privileged documents in [Defendant's] possession, custody or control that are responsive . . ." Yet to date, your clients have produced only two documents in each proceeding. The documents must include documents maintained on Defendants' behalf by third parties, including Sidney Kaplan.

4. Amend your clients' to the Trustee's Responses Requests for Production. General Objection No. 10 in each set of Responses to the Trustee's Requests for Production is improper. This objection states that "[a] statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist and are in [Defendant's] possession, custody, or control." Specify whether documents responsive to each Request exist and are being produced.

Finally, your clients' Responses to the Trustee's Interrogatories state that the twenty-third affirmative defense in their Answers to the Trustee's Complaints has been withdrawn. However, it has not been formally withdrawn. Please withdraw it by amending Defendants' Answers.

If you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Sincerely,

Dean D. Hunt