# EXHIBIT X

Marvin C. Ingber
Attorney and Counselor at Law
6705 Apache Road
Edina, MN  55439-1001

September 13, 2016

<u>BY E-Mail and US Mail</u>

Dean D. Hunt, Esq.
Baker & Hostetler, LLP
811 Main Street, Suite 1100
Houston, TX  77022-6111

   Re: Adv. Pro. No. 10-04538 (SMB), *Irving H. Picard v. James B. Pinto Revocable Trust Agreement dated December 1, 2003, et al.*

     Adv. Pro. No. 10-04588 (SMB), *Irving H. Picard v. Amy Pinto Lome Revocable Trust Agreement dated May 23, 2003, et al.*

Dear Dean:

  As you may be aware, my co-counsel, Robert M. McClay, Esq., has been responsible for and in contact with Farrell A. Hochmuth, Esq. and Rachel M Smith, Esq. regarding the Trustee's discovery requests relating to the above-captioned adversary proceedings (the "Adversary Proceedings").

  The clients and I have reviewed (i) that certain letter, dated July 15, 2016, from Edward J. Jacobs, Esq., your co-counsel, to Judge Stuart M. Bernstein, and (ii) your letter, dated September 7, 2016, to Bob McClay and the undersigned, both of which letters detail the Trustee's discovery requests that remain unanswered. In light of the foregoing letters, the clients and I have terminated Bob McClay's continued representation of and involvement with the Adversary Proceedings. The clients and I are searching for and in the process of retaining replacement counsel to complete the unanswered Trustee's discovery requests. By way of background, I am a sole practitioner in Minneapolis, MN with neither litigation nor bankruptcy experience or background. I requested and obtained Pro Hac Vice status regarding the Adversary Proceedings as an accommodation for and to keep the clients informed regarding the ongoing status thereof.

  Yesterday I spoke with both clients as well as the accounting firm retained by Bob McClay prior to his termination. I was advised that the accounting firm will need another 30 to 45-day period to complete the forensic accounting report detailing the use and

Dean D. Hunt, Esq.
September 13, 2016
Page 2

expenditure of the withdrawal proceeds received by the clients from their respective accounts with Bernard L. Madoff Investment Securities, LLC.

While I could telephonically inform the Court of the foregoing events during the Omnibus Hearing scheduled to be held on September 26th (I am physically located and practice law in Minneapolis, MN, not New York, NY), I respectfully request the Adversary Proceedings be adjourned from the upcoming Omnibus Hearing and request a discovery conference be rescheduled for mid-November in the event the Trustee's discovery requests remain unanswered at such time. It is my understanding the unanswered Trustee's discovery requests are the four numbered items identified in your September 7th letter referred to above.

Dean, I am happy to discuss the above with you, Farrell, and/or Rachel. Please e-mail (mcingber@comcast.net) or call me on my cell phone (612-327-8378) in the event you have any questions or need any additional information. Thank you in advance for considering the requested accommodation.

Very truly yours,

Marvin C. Ingber

cc:   Farrell A. Hochmuth, Esq.
      Rachel M. Smith, Esq.