# EXHIBIT Z

Marvin C. Ingber
Attorney and Counselor at Law
6705 Apache Road
Edina, MN 55439-1001

September 16, 2016

BY US Priority Mail

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:    Adv. Pro. No. 10-04538 (SMB), *Irving H. Picard v. James B. Pinto Revocable Trust Agreement dated December 1, 2003, et al.*

           Adv. Pro. No. 10-04588 (SMB), *Irving H. Picard v. Amy Pinto Lome Revocable Trust Agreement dated May 23, 2003, et al.*

Dear Judge Bernstein:

    I am one of two lawyers who represent my clients, the defendants in connection with the above-captioned adversary proceedings (the "Adversary Proceedings"). I write regarding the Omnibus Hearing scheduled for September 28, 2016, since the Adversary Proceedings are currently scheduled on the agenda for said hearing. For the reason set forth below, I respectfully request to either continue the hearing date as the same apply to the Adversary Proceedings or, in the alternative, to participate by telephone conference since I am located in Minneapolis, MN and have not been involved in either the review of or response to the Trustee's discovery requests.

    Robert M. McClay, Esq., my former co-counsel in the Adversary Proceedings, was retained for the purpose of reviewing, preparing responses to, and has been in contact with Dean D. Hunt, Esq., Farrell A. Hochmuth, Esq. and Rachel M Smith, Esq., counsel to the Trustee, regarding the Trustee's discovery requests relating to the Adversary Proceedings. By letter to Messrs. McClay and myself dated September 7, 2016, Mr. Hunt detailed the Trustee's discovery requests that remain outstanding and unanswered. See Exhibit A attached hereto.

    As a result of Mr. Hunt's September 7th letter, as well as several other letters received prior thereto from Trustee's counsel, last week my clients terminated Mr. McClay's representation of and involvement with the Adversary Proceedings. My clients

The Honorable Stuart M. Bernstein
September 16, 2016
Page 2

and I are searching for and in the process of retaining replacement counsel to complete the outstanding and unanswered Trustee's discovery requests.

By letter dated September 13, 2016, I contacted Mr. Hunt and requested the Adversary Proceedings be continued from the September 28th Omnibus Hearing to a later date. See Exhibit B attached hereto. By e-mail dated September 15, 2013, Mr. Hunt responded and indicated the adjournment request was denied and, in addition, noted it was the Court's requirement to attend the Omnibus Hearing in person. See Exhibit C attached hereto.

By way of background, I am a sole practioner in Minneapolis, MN with neither litigation nor bankruptcy experience or background. I requested and obtained Pro Hac Vice status regarding the Adversary Proceedings as an accommodation for and to keep my clients informed regarding the ongoing status thereof. Since I have not been involved in either reviewing or responding to the Trustee discovery requests, I would have little or nothing to add by an in-person attendance at the Omnibus Hearing.

Please note that while I was recently made aware of the electronic case filing ("ECF") system, I am neither conversant with nor have I ever used electronic case filing. As a result of the foregoing, I am sending this letter, together with the three Exhibits attached hereto, by US Priority Mail.

In light of the foregoing, I respectfully request to continue the hearing date as the same apply to the Adversary Proceedings pending retention of replacement counsel for Mr. McClay, or, in the alternative, to participate by telephone conference since I am located in Minneapolis, MN.

Respectfully yours,

Marvin C. Ingber

Enclosures
cc:
Dean D. Hunt, Esq. (w/o encls.)             By e-mail only: dhunt@bakerlaw.com
Farrell A. Hochmuth, Esq. (w/o encls.)      By e-mail only: fhochmuth@bakerlaw.com
Rachel M. Smith, Esq. (w/o encls.)          By e-mail only: rsmith@bakerlaw.com

Exhibit A

to

Marvin C. Ingber Letter to The Honorable Stuart M. Bernstein
(dated September 16, 2016)

<u>Dean D. Hunt Letter to Robert M. McClay and Marvin C. Ingber
(dated September 7, 2016)</u>

**RECEIVED**

**BakerHostetler**

SEP 1 2 2016

Marvin C. Ingber

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

September 7, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Robert M. McClay (law@mcclay-alton.com)
McClay Alton, P.L.L.P.
951 Grand Avenue
St. Paul, Minnesota 55105

Marvin C. Ingber (mcingber@comcast.net)
Attorney and Counselor at Law
6705 Apache Road
Edina, Minnesota 55439-1001

Re:   Adv. Pro. No. 10-04538 (SMB); *Irving H. Picard v. James B. Pinto Revocable Trust U/A dtd 12/1/03, et al.*

Adv. Pro. No. 10-04588 (SMB); *Irving H. Picard v. Amy Pinto Lome Revocable Trust U/A/D 5/22/03, et al.*

Dear Counsel:

We agreed to adjourn the discovery conference scheduled for July 27, 2016 in the above proceedings, in order to (i) review your clients' Responses to the Trustee's Interrogatories and Requests for Production, (ii) allow time for you to correct deficiencies in Defendants' Responses to the Trustee's Requests for Admission, and (iii) allow time for your expert to complete the forensic accounting you assert is necessary to fully respond to the Trustee's discovery requests.

The discovery conference was adjourned until September 28 at 10:00 AM ET, to be held in person and on the record. We expect you to do the following to correct discovery deficiencies at least 10 days before the hearing:

1. Amend your clients' Responses to the Trustee's Requests for Admission, Interrogatories and Requests for Production, to include the deposits into and withdrawals from each account <u>over the life of the account</u>. This includes the $75,000 check relevant to Adv. Pro. No. 10-04538, which Defendants assert "may be outside the 2-year look-back of December 11, 2006 through December 11, 2008."

Robert M. McClay
Marvin C. Ingber
September 7, 2016
Page 2

2. Amend your clients' Responses to the Trustee's Interrogatories regarding the recipients of the transfers, inventories or accountings of the trusts at issue, and people or entities with knowledge or information relating to the deposits, withdrawals and subsequent transfers. Your clients' Responses state that "[f]orensic accounting experts are developing information responsive" to such Interrogatories. On July 14, you reported that you were pushing to have expert work product by the end of July.

3. Produce documents responsive to the Trustee's Requests for Production. We served Requests for Production in each case on March 3. Responses to the vast majority of the Requests state that "Defendant will produce all non-privileged documents in [Defendant's] possession, custody or control that are responsive . . ." Yet to date, your clients have produced only two documents in each proceeding. The documents must include documents maintained on Defendants' behalf by third parties, including Sidney Kaplan.

4. Amend your clients' to the Trustee's Responses Requests for Production. General Objection No. 10 in each set of Responses to the Trustee's Requests for Production is improper. This objection states that "[a] statement that responsive documents will be produced, if any, shall not be deemed to indicate that any responsive documents exist and are in [Defendant's] possession, custody, or control." Specify whether documents responsive to each Request exist and are being produced.

Finally, your clients' Responses to the Trustee's Interrogatories state that the twenty-third affirmative defense in their Answers to the Trustee's Complaints has been withdrawn. However, it has not been formally withdrawn. Please withdraw it by amending Defendants' Answers.

If you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Sincerely,

Dean D. Hunt

Exhibit B

to

Marvin C. Ingber Letter to The Honorable Stuart M. Bernstein
(dated September 16, 2016)

<u>Marvin C. Ingber Letter to Dean D. Hunt
(dated September 13, 2016)</u>

FILE

Marvin C. Ingber
Attorney and Counselor at Law
6705 Apache Road
Edina, MN 55439-1001

September 13, 2016

<u>BY E-Mail and US Mail</u>

Dean D. Hunt, Esq.
Baker & Hostetler, LLP
811 Main Street, Suite 1100
Houston, TX 77022-6111

Re:   Adv. Pro. No. 10-04538 (SMB), *Irving H. Picard v. James B. Pinto Revocable Trust Agreement dated December 1, 2003, et al.*

Adv. Pro. No. 10-04588 (SMB), *Irving H. Picard v. Amy Pinto Lome Revocable Trust Agreement dated May 23, 2003, et al.*

Dear Dean:

As you may be aware, my co-counsel, Robert M. McClay, Esq., has been responsible for and in contact with Farrell A. Hochmuth, Esq. and Rachel M Smith, Esq. regarding the Trustee's discovery requests relating to the above-captioned adversary proceedings (the "Adversary Proceedings").

The clients and I have reviewed (i) that certain letter, dated July 15, 2016, from Edward J. Jacobs, Esq., your co-counsel, to Judge Stuart M. Bernstein, and (ii) your letter, dated September 7, 2016, to Bob McClay and the undersigned, both of which letters detail the Trustee's discovery requests that remain unanswered. In light of the foregoing letters, the clients and I have terminated Bob McClay's continued representation of and involvement with the Adversary Proceedings. The clients and I are searching for and in the process of retaining replacement counsel to complete the unanswered Trustee's discovery requests. By way of background, I am a sole practitioner in Minneapolis, MN with neither litigation nor bankruptcy experience or background. I requested and obtained Pro Hac Vice status regarding the Adversary Proceedings as an accommodation for and to keep the clients informed regarding the ongoing status thereof.

Yesterday I spoke with both clients as well as the accounting firm retained by Bob McClay prior to his termination. I was advised that the accounting firm will need another 30 to 45-day period to complete the forensic accounting report detailing the use and

Dean D. Hunt, Esq.
September 13, 2016
Page 2

expenditure of the withdrawal proceeds received by the clients from their respective accounts with Bernard L. Madoff Investment Securities, LLC.

While I could telephonically inform the Court of the foregoing events during the Omnibus Hearing scheduled to be held on September 26th (I am physically located and practice law in Minneapolis, MN, not New York, NY), I respectfully request the Adversary Proceedings be adjourned from the upcoming Omnibus Hearing and request a discovery conference be rescheduled for mid-November in the event the Trustee's discovery requests remain unanswered at such time. It is my understanding the unanswered Trustee's discovery requests are the four numbered items identified in your September 7th letter referred to above.

Dean, I am happy to discuss the above with you, Farrell, and/or Rachel. Please e-mail (mcingber@comcast.net) or call me on my cell phone (612-327-8378) in the event you have any questions or need any additional information. Thank you in advance for considering the requested accommodation.

Very truly yours,

*[signature]*

Marvin C. Ingber

cc:   Farrell A. Hochmuth, Esq.
      Rachel M. Smith, Esq.

Exhibit C

to

Marvin C. Ingber Letter to The Honorable Stuart M. Bernstein
(dated September 16, 2016)

<u>Dean D. Hunt E-Mail to Marvin C. Ingber
(dated September 15, 2016)</u>

**Marvin C. Ingber**

| | |
|---|---|
| **From:** | Hunt, Dean D. <dhunt@bakerlaw.com> |
| **Sent:** | Thursday, September 15, 2016 2:40 PM |
| **To:** | Marvin C. Ingber |
| **Cc:** | Schechter, Jody E.; Hochmuth, Farrell; Smith, Rachel M.; Cremona, Nicholas |
| **Subject:** | Adv. Pro. No. 10-04538 (SMB) re James B. Pinto and Adv. Pro. No. 10-04588 (SMB) re Amy Pinto Lome |

Marvin,

We cannot agree to your request to adjourn the upcoming discovery conference, scheduled for September 28 at 10:00 AM ET. A conference was originally set in these cases for June 15, and we have agreed to adjourn it twice. The outstanding discovery items are grossly overdue.

Bob McClay's declaration filed with the Court on June 9 stated that his plan was to complete discovery responses by June 30. On June 24, he first advised of a need for forensic accounting, and on July 14, he reported that he was pushing to have a report by the end of July. You now advise that the accounting firm will need another 30 to 45 days. Discovery has been on hold for a long time while waiting for this report.

There is no reason the forensic accounting should delay production of documents in your clients' possession. As noted in my September 7 letter to you and Bob McClay, to date, your clients have produced only two documents in each proceeding. As originally requested in the Trustee's Requests for Production, served on March 3, and as repeatedly advised in correspondence since that date, defendants' document production should include documents maintained on their behalf by third parties, including Sidney Kaplan. Sidney Kaplan's counsel has confirmed that he has responsive, non-privileged documents.

When we adjourned this matter until September 28, the Court clerk advised that the conference would need to be held in person and on the record. This was not by our request. We plan to file a letter with the Court in the next few days, providing an update regarding status.

Thanks—

**Dean Hunt**
Partner



BakerHostetler
811 Main Street | Suite 1100
Houston, TX 77002-6111
T 713.646.1346

dhunt@bakerlaw.com
bakerlaw.com

BakerHostetler
EXPERIENCE THE TOMORROW

This email is intended only for the use of the party to which it is

1

addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.