Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF TRUSTEE'S MOTION *IN LIMINE* NUMBER 3
TO EXCLUDE DEPOSITION TESTIMONY OF AARON BLECKER**

# TABLE OF CONTENTS

<u>Page</u>

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...........................................................................................................................2

I.     THE TRUSTEE'S PROPOSAL TO RESOLVE THE MOTION HAS
BEEN IGNORED .....................................................................................................2

II.    BARRING A STIPULATION, MR. BLECKER'S TESTIMONY
SHOULD BE EXCLUDED...........................................................................................4

     A.    The Evidentiary Hearing May Address Both the Omnibus PW
Transactions Issue and Mr. Blecker's Individual Customer
Claims ........................................................................................................4

     B.    This Court Acknowledged the Trustee's Right to Depose Mr.
Blecker Concerning his Customer Claims ...................................................6

     C.    Case Law Cited by Mr. Blecker in Support of his Opposition is
Legally and Factually Distinguishable and Does Not Impact the
Trustee's Motion .......................................................................................7

          1.    "Good Cause" Is Not Required for this Court to Order a
*De Bene Esse* Deposition of Mr. Blecker .........................................7

          2.    Both Federal Rule of Civil Procedure 32(a)(4) and
Federal Rule of Evidence 804(b)(1) Apply .....................................9

          3.    No "Exceptional Circumstances" Exist to Justify the
Use of Mr. Blecker's Testimony at Trial Pursuant to
Federal Rule of Civil Procedure 32(a)(4)(E) ................................10

CONCLUSION.......................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commercial Data Servers, Inc. v. Int'l Bus. Machines Corp.*,
  262 F. Supp. 2d 50 (S.D.N.Y. 2003)..........................................................................................3

*Duttle v. Bandler & Kass*,
  127 F.R.D. 46 (S.D.N.Y. 1989) ............................................................................................2, 3

*Evans v. Port Auth. of N.Y. & N.J.*,
  192 F. Supp. 2d 247 (S.D.N.Y. 2002)......................................................................................7

*George v. Ford Motor Co.*,
  No. 03-cv-7643, 2007 WL 2398806 (S.D.N.Y. Aug. 17, 2007)...............................................9

*Hangarter v. Provident Life & Accident Insurance Co.*,
  373 F.3d 998 (9th Cir. 2004) ..................................................................................................10

*Innomed Labs, LLC v. Alza Corp.*,
  211 F.R.D. 237 (S.D.N.Y. 2002) .............................................................................................9

*John Paul Mitchell Sys. v. Quality King Distribs., Inc.*,
  106 F. Supp. 2d 462 (S.D.N.Y. 2000).......................................................................................3

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
  No. 03-cv-5560, 2008 WL 5423316 (S.D.N.Y. Dec. 31, 2008) ...........................................8, 9

*SCM Corp. v. Xerox Corp.*,
  76 F.R.D. 214 (D. Conn. 1977)...............................................................................................11

*Skins & Leather Co. v. Twin City Leather Co.*,
  246 B.R. 743 (N.D.N.Y. 2000)..................................................................................................7

*United States Fidelity & Guar. Co. v. Brastrepo Oil Services Co.*,
  No. 97-cv-6124, 2000 WL 1886593 (S.D.N.Y. Dec. 29, 2000) ...............................................7

*United States v. Int'l Bus. Mach. Corp.*,
  90 F.R.D. 377 (S.D.N.Y. 1981) ................................................................................................9

**Statutes**

Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ........................................................1

**Rules**

Fed. R. Civ. P. 30(b)(6).....................................................................................................................9

Fed. R. Civ. P. 32...............................................................................................................7, 9, 10, 11

Fed. R. Evid. 804 .........................................................................................................................9, 10

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*,[1] and the chapter 7 estate of Bernard L. Madoff, respectfully submits this reply memorandum of law and the declaration of David J. Sheehan ("Sheehan Decl.") in further support of the Trustee's memorandum of law in support of his motion *in limine* for entry of an order excluding the deposition testimony of Mr. Aaron Blecker ("Mr. Blecker"), or in the alternative, ordering a deposition *de bene esse* of Mr. Blecker in lieu of trial testimony (the "Motion")[2] at the evidentiary hearing on the Trustee's treatment of the profit withdrawal transactions ("PW Transactions").

## PRELIMINARY STATEMENT

The Trustee filed the Motion to preserve his right to depose Mr. Blecker on his individual claims determination in light of Mr. Blecker's pretrial disclosures and the evolving scope of this evidentiary hearing. Shortly after filing, the Trustee informed counsel for Mr. Blecker that the Trustee would withdraw the motion if Mr. Blecker would agree to a narrow stipulation regarding documents that he produced to the Trustee. Specifically, the Trustee agreed not to challenge the admissibility of the existing deposition testimony, without further deposition, provided Mr. Blecker would stipulate as to the authenticity and admissibility of documents he produced and verify his handwriting thereon. The Trustee asked for no further concession from Mr. Blecker. To date, the Trustee has not received the courtesy of a response from counsel for Mr. Blecker. As such, the Trustee has no choice but to pursue the Motion and to seek the exclusion of Mr.

---

[1] Subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

[2] Memorandum of Law in Support of Trustee's Motion in Limine Number 3 to Exclude Deposition Testimony of Aaron Blecker (Oct. 28, 2016), ECF No. 14356.

Blecker's testimony, or in the alternative, his *de bene esse* deposition, both of which are appropriate here.

## ARGUMENT

### I.    THE TRUSTEE'S PROPOSAL TO RESOLVE THE MOTION HAS BEEN IGNORED

While the Trustee had a good faith basis to request the testimony of Mr. Blecker at the time he filed his Motion,[3] he also recognized the possibility that Mr. Blecker may be unable to testify due to his age or potential infirmity.  Accordingly, one week after the Trustee filed his Motion, his counsel wrote to Mr. Blecker's counsel offering to withdraw the Motion if Mr. Blecker would agree to a limited factual stipulation.  The facts for which the Trustee requested a stipulation included: (i) the authentication of documents Mr. Blecker produced to the Trustee after his deposition; (ii) the verification of his handwriting on those documents; and (iii) a statement from Mr. Blecker's physician indicating he is unavailable to testify (the "Stipulation").[4]  The Trustee did not receive a response.

The Trustee's request for the Stipulation in lieu of cross-examination at trial or further deposition testimony strikes a balance between accommodating Mr. Blecker and protecting the rights of the Trustee.  The Southern District of New York has approved using stipulated facts to provide adequate protection for the rights of a party who is unable to cross-examine a witness unavailable at trial.  *See Duttle v. Bandler & Kass*, 127 F.R.D. 46, 50–51 (S.D.N.Y. 1989).  Mr. Blecker relies on *Duttle* to further his argument that his deposition testimony should be utilized

---

[3] Sheehan Decl., Ex. 1 (Barbara Hoffman, NY Post, The Met's Biggest Fan is This 105 Year Old Long Island Opera Lover (Sept. 22, 2016), http://nypost.com/2016/09/22/the-mets-biggest-fan-is-this-105-year-old-long-island-opera-lover/ (detailing Mr. Blecker's attendance at the Metropolitan Opera and his ongoing work on tax returns for long-time clients, and the fact that the only medication he takes is a baby aspirin in September 2016, the month before the Motion was filed)).

[4] Sheehan Decl., Ex. 2.

at the evidentiary hearing, but Mr. Blecker fails to acknowledge the *Duttle* court only agreed to receive the testimony because "the prejudice from [defendants'] inability to cross-examine [the witness], … can be minimized by stipulating to certain facts that might have been revealed." *Id.* at 50. The plaintiffs in *Duttle* agreed to stipulate to certain facts and to the admissibility of a judgment of conviction against the deponent. *Id.* at 50–51 (directing counsel to prepare a set of stipulated facts to be presented to mitigate prejudice to party unable to cross-examine the deponent).

The Stipulation here likewise strikes the balance between the interests of Mr. Blecker and the Trustee. On the one hand, it requires Mr. Blecker to authenticate his own production to the Trustee and to verify his handwriting on those documents. On the other hand, the Trustee would forego his deposition of Mr. Blecker, which would otherwise provide this information.

Further, the request made of Mr. Blecker to authenticate his own produced documents is not controversial.[5] If Mr. Blecker is unable to participate in a deposition or provide trial testimony, the Trustee is entitled to rely on documents he produced without objection to their authenticity. *See Commercial Data Servers, Inc. v. Int'l Bus. Machines Corp.*, 262 F. Supp. 2d 50, 58 n.3 (S.D.N.Y. 2003) ("In this Court's experience, it is unprecedented to have reputable counsel (or any counsel, for that matter) challenge the authenticity of deposition transcripts, discovery responses, and documents produced from his client's files"). Authentication of documents based on a party's production is even more compelling where the knowledgeable party later refuses to provide testimony regarding the authenticity of the documents. *See John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F. Supp. 2d 462, 471–72 (S.D.N.Y. 2000)

---

[5] The fact that Mr. Blecker is apparently refusing to stipulate or testify regarding the authenticity of his documents does not prevent the Trustee from seeking a finding at trial that Mr. Blecker's produced documents are self-authenticating and admissible, and the Trustee reserves his rights accordingly.

(the act of production implicitly authenticated the documents where custodian of the documents invoked his Fifth Amendment right not to testify and documents could not otherwise be authenticated).

The Trustee's request to verify the handwriting contained on those documents is also not controversial.  Mr. Blecker acknowledged that he reviewed and checked his statements:

> I checked the [monthly] statements to make sure that whatever securities they charged with, that was on their statement … That's why as far as I could check whatever they—I could only check from their statements, so I was really going over their work, but I assumed what they put on my statement must have been in my account.  And that's how I confirmed it.[6]

The handwritten notations are consistent with his testimony—checking the transactions against the balance information listed on his statements.  A stipulation as to Mr. Blecker's handwriting on the documents would allay the need for his testimony to authenticate the handwriting.

## II.    BARRING A STIPULATION, MR. BLECKER'S TESTIMONY SHOULD BE EXCLUDED

### A.    The Evidentiary Hearing May Address Both the Omnibus PW Transactions Issue and Mr. Blecker's Individual Customer Claims

The purpose of the omnibus profit withdrawal proceeding has always been to determine whether the Trustee properly treated PW Transactions as debits when calculating customers' net equity. While the PW issue arose during inter-account transfer litigation with Mr. Blecker, the Court thereafter authorized an omnibus proceeding to resolve all objections relating to the Trustee's treatment of the PW Transactions as debits for purposes of calculating net equity.[7]  In

---

[6] *See* Declaration of David J. Sheehan in Support of Trustee's Motions *in Limine* Numbers 1-4, Ex. 11 at 14:7–21 (Tr. of Aaron Blecker Dep. dated July 1, 2014) (Oct. 28, 2016), ECF No. 14359-11.

[7] *See* Motion for Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue at 3 (Feb. 25, 2015), ECF No. 9357; *see also* Hr'g Tr. on Dep. Of Aaron Blecker for Profit Withdrawal Proceeding

its order authorizing an omnibus proceeding, the Court limited participation to those claimants

with PW Transactions in their account or in a transferor account, so it could resolve the specific

issue of how "PW" should be treated for claimants who contested the Trustee's treatment.[8]

      In the months leading up to the evidentiary hearing, the scope of hearing has evolved, as

have the issues to be resolved and the evidence required.[9]  As a result, the Court has addressed

the breadth of the PW proceedings multiple times, including in February of 2016, at which time

the Court referenced the omnibus nature of the proceedings.[10]  At the same time, the

Participating Claimants have argued the evidentiary hearing should only concern their individual

claims determinations, which were impacted by their receipt of PW Transactions.[11]  While not

originally contemplated, should this Court determine it is more efficient to concurrently resolve

the omnibus issue of whether the Trustee properly treated PW Transactions as debits for

purposes of calculating net equity *and* address the individual claims determinations for Mr.

Blecker and the Blums, the Trustee does not object and further recognizes that consolidating

---

("July 2016 Hr'g Tr.") at 8 (July 6, 2016), ECF No. 13621 ("There is this kind of larger issue of what PW means, without regard, necessarily, to any particular claimant . . . .").

[8] *See* Order Establishing Schedule For Limited Discovery and Briefing on Profit Withdrawal Issue (June 25, 2015), ECF No. 10266.

[9] *See, e.g.,* Motion for an Order Compelling the Trustee to Allow Aaron Blecker's SIPC Claim (Dec. 28, 2015), ECF No. 12319.  With limited citation, Mr. Blecker offers a flawed recollection of the timing and sequence of events in this proceeding and relevant to his deposition.  The Trustee has set forth in his moving papers citation to the sequence of events in this proceeding and refers thereto to rebut Mr. Blecker's misstatements.  *See* Mot. at 2-9.

[10] *See* Hr'g Tr. on Motion to Allow Customer Claim of Aaron Blecker at 29 (Feb. 24, 2016), ECF No. 12885 ("This is one of those omnibus issues. It doesn't just affect you. If it only affected you we wouldn't have had the procedure. We just would have had the trial."); *see also* Hr'g Tr. on Conference re Profit Withdrawal Proceeding at 17 (Aug. 11, 2016), ECF No. 13874 ("The only issue I'm deciding is what profit withdrawal means in the context of the records…. That's what's being deciding [sic], that's the issue that's teed up…. I'm not deciding that those profit withdrawals were fraudulent transfers or anything like that, I'm just deciding what the … entries mean, to the extent I can decide it based upon what I hear.").

[11] *See* Motion In Limine to Exclude Unrelated Customer Account Materials, to Exclude Hearsay Statements Regarding Profit Withdrawals and to Limit the Proposed Testimony of Lisa M. Collura and Matthew G. Greenblatt at 8 (Oct. 28, 2016), ECF No. 14362 ("The issue presented for hearing is whether the Trustee accurately calculated the net equity balance in two Blum accounts when he deducted amounts corresponding to PW notations in older predecessor Blum accounts."); *see also* Joinder to Motion In Limine to Exclude Hearsay Statements Regarding Profit Withdrawals, and to Limit the Proposed Testimony of Lisa M. Collura and Matthew G. Greenblatt (Oct. 28, 2016), ECF No. 14363.

these determinations renders the relevancy issue regarding Mr. Blecker's testimony largely moot.[12]

### B.   This Court Acknowledged the Trustee's Right to Depose Mr. Blecker Concerning his Customer Claims

Mr. Blecker argues that the Trustee is not entitled to a deposition now because his earlier request to do so during PW-related discovery was denied.  But this argument misunderstands the Court's ruling.[13]  In fact, in the same hearing relied upon by Mr. Blecker, the Court observed that the Trustee would be entitled to depose Mr. Blecker in connection with his customer claim.  The Court held that though Mr. Blecker's testimony was not necessary to resolve the omnibus issue of whether the Trustee's treatment of PW Transactions as debits was proper, a deposition would be appropriate in determining his individual customer claims:

> The inquiry I suggested was more into the general question of what [P]W meant.  Obviously, I guess you're free to take discovery into every individual case in which someone has asserted a claim that the trustee is determined to disallow . . . But the discovery we were talking about was not individual discovery.  But I'm not aware of a discovery deadline vis-à-vis claims determination.[14]

It is evident that the Court did not bar Mr. Blecker's deposition *in toto*.  If it is the case that Mr. Blecker's customer claim will be resolved in the same proceeding as the omnibus PW

---

[12] *See* Memorandum of Law in Opposition to Claimants' Motions *in Limine* (Nov. 18, 2016), ECF No. 14485.  There are, for example, factual disputes relevant to Mr. Blecker's individual claim that do not pertain to the omnibus issue of the Trustee's determination that can now be assessed.  While Blecker claims that his account 1B0022 was opened in 1981, Participating Claimants' Memorandum of Law in Opposition to the Trustee's Motion *in Limine* Number 3 ("Blecker Br.") at 3 (Nov. 18, 2016), ECF No. 14475, there is nothing in the books and records indicating that account 1B0022 was opened prior to September 1986 and, in fact, Mr. Blecker confirmed that 1B0022 was opened in 1986 in his 2014 declaration, stating, "I opened an account with Bernard L. Madoff in 1986, Account No. 1B0022, in 1986 with a $50,000 deposit." Declaration In Opposition To The Trustee's Motion To Affirm Application Of The Net Investment Method To The Determination Of Customer Transfers Between BLMIS Accounts (May 20, 2014), ECF No. 6761.  It may be the case that Mr. Blecker is confusing this account with 1B0023, which was opened in 1981.  *Id.*

[13] Blecker Br. at 8.

[14] July 2016 Hr'g Tr. 6:8–15.

issue, now is the appropriate time to depose Mr. Blecker in connection with his customer claim to preserve his testimony for the evidentiary hearing.

Moreover, Mr. Blecker has failed to establish that his existing deposition testimony is admissible. If a party seeks to admit evidence, the onus is on that party to demonstrate its admissibility. *Evans v. Port Auth. of N.Y. & N.J.*, 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002) ("The burden of establishing admissibility, of course, is with the proponent of the evidence"); *United States Fidelity & Guar. Co. v. Brastrepo Oil Services Co.*, No. 97-cv-6124, 2000 WL 1886593, at *2 (S.D.N.Y. Dec. 29, 2000) ("The party seeking to make use of depositions under Rule 32(a) . . . bears the burden of establishing that the requirements of the Rule have been met"). First, the fact that Mr. Blecker has now submitted a declaration from his son does not automatically mandate that his deposition testimony is admissible at trial.[15] And second, this Court retains discretion to exclude deposition testimony under Rule 32 and may do so because of concerns regarding a deponent's credibility. *See Skins & Leather Co. v. Twin City Leather Co.*, 246 B.R. 743, 747–48 (N.D.N.Y. 2000). An assessment of witness testimony necessarily concerns that witness's credibility, and when credibility is in issue, a failure to cross-examine a witness may severely prejudice the party who opposes the testimony. *Id.*

  **C.** **Case Law Cited by Mr. Blecker in Support of his Opposition is Legally and Factually Distinguishable and Does Not Impact the Trustee's Motion**

    **1.** **"Good Cause" Is Not Required for this Court to Order a *De Bene Esse* Deposition of Mr. Blecker**

In an attempt to muddle the distinction between the relief requested in this Motion and the Trustee's prior request to depose Mr. Blecker in connection with the omnibus proceeding, Mr. Blecker argues the Trustee failed to demonstrate "good cause" in connection with both his

---

[15] *See* Declaration of Robert Blecker (November 18, 2016), ECF No. 14477. The declaration of Mr. Blecker's son, a legal professor, does not contain medical opinions as to Mr. Blecker's infirmities or capabilities.

June 2016 request and the current relief requested in the Motion.[16]  This argument fails in the following two respects.

First, the standard the Trustee needed to meet in order to depose Mr. Blecker was not "good cause" in July 2016 and is not the standard now.  The issue of good cause was not raised at the Court's July 6, 2016 hearing.  While certain courts have referenced a good cause standard as a condition to a *de bene esse* deposition, courts in the Southern District of New York are split on the issue, some decidedly against applying that standard.  *See Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03-cv-5560, 2008 WL 5423316, at *2 (S.D.N.Y. Dec. 31, 2008) (discussing district court split and noting that the Second Circuit is silent as to whether *de bene esse* depositions are governed by discovery scheduling orders which require good cause). In *Kingsway*, the court found that the better course was *not* to require a showing of good cause before permitting *de bene esse* depositions.  *Id.*  There, the court was inclined to grant plaintiffs' motion to compel a *de bene esse* deposition due to this district court split, finding that:

> [g]iven this conflict within the District, it seems inappropriate to penalize a practitioner for being unable to guess correctly how a particular judicial officer would decide the issue. Thus, I would be inclined to permit plaintiffs (and, of course, defendants) to conduct *de bene esse* depositions after the discovery deadline[.]

*Id.*  The Kingsway court ultimately did not compel the *de bene esse* deposition because the plaintiffs failed to identify the witness they sought to depose.  *Id.* This is certainly not the case here where Mr. Blecker has long been identified by the Trustee.

Second, the cases that do require a showing of good cause are fully distinguishable from the current proceeding.[17]  *George v. Ford Motor Co.* involved circumstances where a party chose

---

[16] Blecker Br. at 16–17.

[17] Blecker Br. at 17 (citing *George v. Ford Motor Co.*, No. 03-cv-7643, 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007), *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002)).

*not* to depose a certain witness during discovery, and once the discovery period closed, they decided they did indeed need a deposition of the same witness *de bene esse*.  2007 WL 2398806, at \*12 (S.D.N.Y. Aug. 17, 2007). In *Innomed Labs, LLC v. Alza Corp.*, the court denied a Rule 30(b)(6) deposition *de bene esse* only after the party seeking the deposition refused the other party's request of a set of stipulated facts authenticating documents, instead stating that they wanted the witness to "explain" the documents, and also failed to meet the requirements of Rule 30(b)(6).  211 F.R.D. 237, 239–40 (S.D.N.Y. 2002)).  Here, this Court has stated that the Trustee would be permitted to depose Mr. Blecker in connection with his claim, the discovery period for which has not yet run.[18]

### 2. Both Federal Rule of Civil Procedure 32(a)(4) and Federal Rule of Evidence 804(b)(1) Apply

Mr. Blecker also misapprehends the deposition rules in arguing that the Trustee was "confusing" Rule 32(a)(4) and Rule 804(b)(1).[19]  Both rules govern the admissibility of deposition testimony for an unavailable witness at trial in a similar manner even though only one need apply.  *United States v. Int'l Bus. Mach. Corp.*, 90 F.R.D. 377, 384 n.14 (S.D.N.Y. 1981) (finding "[t]he unavailability criteria of Rule 804 are generally the same as the criteria for deposition use under Rule 32(a)[(4)(C)]").  Contrary to Mr. Blecker's assertion that "FRE 804(b)(1) is intended to pertain to the admissibility of deposition testimony only taken in cases *other than* the case in which its admission is sought,"[20] Rules 32 and 804 both discuss the use of depositions in either the same action or a prior action.  *Compare* Fed. R. Civ. P. 32(a)(8) ("A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used

---

[18] July 2016 Hr'g Tr. 6:8–15.

[19] *See* Blecker Br. at 12.

[20] *Id.* at 13.

in a later action involving the same subject matter between the same parties, or their representatives or successors in interest…") *with* Fed. R. Evid. 804(b)(1) (permitting certain deposition testimony "given during the current proceeding or a different one…"). Because the analysis is so closely related, courts can refer to both Rule 32 and Rule 804 even when ruling that the testimony is admissible under only one of these rules. *See Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1019 (9th Cir. 2004) (discussing whether party had "ample opportunity to cross-examine" witness pursuant to Rule 32 and Rule 804(b)(1)). Under either applicable rule, a determination of whether the Trustee had sufficient opportunity to cross-examine Mr. Blecker in light of his credibility issues is well within the purview of this Court prior to deciding whether to admit Mr. Blecker's deposition testimony at the parties' evidentiary hearing.

### 3. No "Exceptional Circumstances" Exist to Justify the Use of Mr. Blecker's Testimony at Trial Pursuant to Federal Rule of Civil Procedure 32(a)(4)(E)

Mr. Blecker's attempt to rely on Rule 32(a)(4)(E) to justify the use of his testimony at trial based on a showing of "exceptional circumstances"—for which he relies on no case law—also fails.[21] Rule 32(a)(4)(E) is primarily a catch-all provision intended to permit testimony that does not otherwise fit the requirements of subsections (A)–(D) that by its terms permits testimony only by "motion and notice," under "exceptional circumstances" and "with due regard to the importance of live testimony in open court." For example, in *SCM Corp. v. Xerox Corp.*, 76 F.R.D. 214, 216 n.2 (D. Conn. 1977), the court held "[i]f some brief portions of the deposition concern relatively non-controversial matters, as to which an opportunity to assess credibility by observing the witness is not important," those portions of testimony could be admitted via

---

[21] *See* Blecker Br. at 15.

deposition because of the exceptional circumstance of a lengthy trial.  Here, where the Trustee

did not have an opportunity to cross-examine Mr. Blecker and his credibility is an issue, Rule

32(a)(4)(E) should not be applied.

## **CONCLUSION**

For all the foregoing reasons, the Trustee respectfully requests that the Court exclude Mr.

Blecker's July 1, 2014 deposition testimony or, in the alternative, authorize the Trustee to take

Mr. Blecker's *de bene esse* deposition.

Dated: December 9, 2016                Respectfully submitted,
      New York, New York

                                     BAKER & HOSTETLER LLP


                                   By:  /s/ David J. Sheehan
                                       **Baker & Hostetler LLP**
                                       45 Rockefeller Plaza
                                       New York, New York 10111
                                       Telephone: (212) 589-4200
                                       Facsimile: (212) 589-4201
                                       David J. Sheehan
                                       Email: dsheehan@bakerlaw.com
                                       Seanna R. Brown
                                       Email: sbrown@bakerlaw.com
                                       Amy E. Vanderwal
                                       Email: avanderwal@bakerlaw.com


                                     *Attorneys for Irving H. Picard, Trustee for the*
                                     *substantively consolidated SIPA Liquidation of*
                                     *Bernard L. Madoff Investment Securities LLC*
                                     *and the Estate of Bernard L. Madoff*