**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY CAPITAL LTD. and KHRONOS LLC,<br><br>Defendants. | **FIRST AMENDED**<br>**CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 10-05286 (SMB) |

Plaintiff Irving H. Picard (the “Trustee”), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the estate of Bernard L. Madoff individually, by and through his undersigned counsel, and defendant Legacy Capital Ltd. (“Legacy Capital” or the “Defendant”) by and through its undersigned counsel, hereby submit the following Proposed

First Amended Case Management Plan, pursuant to Federal Rules of Civil Procedure 16 and 26, applicable under the Federal Rules of Bankruptcy Procedure 7016 and 7026.[1]

1. Relevant Procedural History.

a. On July 2, 2015, the Trustee filed an amended complaint (the "Amended Complaint") against the Defendants.

b. On July 30, 2015, the Defendant moved to dismiss the Amended Complaint, and the motion was heard on October 28, 2015.

c. On March 14, 2016, the Bankruptcy Court issued its memorandum decision granting in part and denying in part the motion to dismiss the Amended Complaint.

d. On April 12, 2016, the Bankruptcy Court issued an Order (1) dismissing the Amended Complaint with prejudice as against Khronos LLC; (2) dismissing without prejudice Count One of the Amended Complaint, except to the extent Count One sought to avoid and recover fictitious profits allegedly transferred to or for the benefit of Legacy within two years of the BLMIS filing date.; and (3) dismissing without prejudice Counts Two through Seven of the Amended Complaint as against Legacy Capital Ltd.

e. On May 16, 2016, Legacy Capital filed its answer to the Trustee's Amended Complaint (the "Answer").

2. Discovery Plan.

a. Initial Disclosures. On November 13, 2015, the Parties served and exchanged initial disclosures.

b. Document Requests. Requests for documents were served by the Trustee and Legacy Capital on January 29, 2016 and May 16, 2016, respectively. Responses and

[1] The Amendments to the Federal Rules of Civil Procedure effective December 1, 2015 shall apply to this Proposed Case Management Plan.

objections to the document demands were served by the Trustee and Legacy Capital on June 20, 2016 and April 22, 2016, respectively. The Parties have worked in good faith to focus and narrow document productions and have commenced service of document productions. Additional requests for documents may be served as needed, provided they are served with sufficient time to respond before the Discovery Cut-Off Date, which is defined below.

c. Interrogatories.

(i) In accordance with Local Bankr. Rule 7033-1(a), the Parties may serve interrogatories from May 20, 2016 until July 21, 2016.

(ii) In accordance with Local Bankr. Rule 7033-1(b), the Parties may serve interrogatories from July 25, 2016 until October 21, 2016 provided they are (i) a more practical method of obtaining the information sought than a request for production or a deposition, or (ii) ordered by the Court, as required by Local Bankr. Rule 7033-1(b).

(iii) The Parties may not serve contention-based interrogatories in accordance with Local Bankr. Rule 7033-1(c), absent exceptional circumstances (such as a need to preserve testimony) or by agreement among the Parties.

d. Requests for Admission. The Parties may serve Requests for Admission as needed from May 20, 2016 until 30 days before the commencement of any trial in this matter.

e. Limitations On Discovery Imposed Under Federal Rules and/or Local Rules. Limitations on written discovery will be governed by the Federal Rules of Civil Procedure, as incorporated into the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions.

f. Experts. Each Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before February 20, 2017. On November

17, 2016, the Trustee served Legacy Capital with his expert disclosure of Bruce G. Dubinsky, MST, CPA, CFE, CVA, CFF, MAFF. Each Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before April 20, 2017. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Rules, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except upon prior express permission of the Court, upon application made no later than May 4, 2017. All experts may be deposed, but such depositions must occur on or before June 20, 2017. The deadline for expert depositions will not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed by July 20, 2017.

If the Trustee proffers an expert witness on an issue that is common to more than one avoidance action related to the SIPA Liquidation No. 08-01789 ("Avoidance Action"), the Trustee may coordinate the expert's deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested Parties of the proposed date, time and location of any such coordinated expert depositions. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the Parties shall agree on an appropriate duration for the deposition.

g. Depositions. All depositions (excluding any expert depositions) must be completed by the Discovery Cut-Off Date. Depositions shall proceed concurrently, with no party having priority. The Parties will endeavor to conclude the majority of depositions within the seven hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions that cannot be concluded within this time limit. The Parties will attempt in good faith to agree to reasonable extensions of the time limits as appropriate, and

failing agreement any party may make application to the Court for an extension of those time limits.

To the extent the deposition of any fact witness raises common issues relevant to other Avoidance Actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such Avoidance Actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify Defendants of the date, time and location of any such depositions. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties may agree. Depositions of the Defendants' witnesses shall be conducted at a location agreed upon by the Parties.

h. Discovery Cut-Off. All fact discovery is to be completed by **January 11, 2017** (the "Discovery Cut-Off Date").

i. Manner of Production of Discovery Materials. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. The Parties intend to enter into a protocol for

the production of electronically stored information (ESI). Information and documents produced or made available electronically shall:

(i) be text searchable;

(ii) provide data and image load files necessary to review documents on search platforms (i.e., Summation, Concordance, Relativity) upon request of a Party;

(iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

(iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Trustee;

(v) provide additional formats of production, metadata, or native documents if requested by a Party; and

The Parties shall meet and confer first in a good-faith attempt to resolve any dispute, or thereafter comply with Local Bankr. Rule 7007-1 to resolve the dispute.

3. Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action. The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

4. Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled And Whether The Parties Will Stipulate To The Trial Judge Acting As Settlement Judge. The Parties will notify the Court if they believe a settlement conference would be productive.

5. Summary Judgment Briefing: Any party wishing to make a motion for summary judgment must comply with Local Bankr. R. 7056-1(a) on or before July 20, 2017.

6. Any Other Matter That May Add To The Just And Expeditious Disposition Of This Matter. The Parties are not aware of any other matter that may add to the just and expeditious disposition of this matter.

7. Trial. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial conference and trial date.

8. Next Conference. The Parties shall appear before the Court on February 22, 2017.

9. Parties and Counsel. The following Parties join in this proposed case management plan through their counsel.

Date: New York, New York
December 9, 2016

*/s/ Oren J. Warshavsky*
**Baker & Hostetler LLP**
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Jason S. Oliver
Email: joliver@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*/s/ Nicholas F. Kajon*
**Stevens & Lee, P.C.**
485 Madison Avenue
New York, New York 10022
Telephone: (212) 537-0403
Facsimile: (610) 371-1223

Nicholas F. Kajon
Email: nfk@stevenslee.com

*Attorneys for Defendant Legacy Capital Ltd.*

So Ordered This 12th Day of December, 2016

/s/ STUART M. BERNSTEIN
Honorable Stuart M. Bernstein
United States Bankruptcy Judge