**Baker & Hostetler LLP**  Hearing Date: December 21, 2016
45 Rockefeller Plaza  Hearing Time: 10:00 AM (EST)
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Jorian L. Rose
Amy E. Vanderwal
Stephanie A. Ackerman

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**Securities Investor Protection Corporation**
1667 K Street, N.W., Suite 1000
Washington, DC 20006
Telephone: (202) 371-8300
Facsimile: (202) 223-1679
Josephine Wang
Kevin H. Bell
Nathanael Kelley

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**JOINT REPLY OF THE TRUSTEE AND SIPC IN SUPPORT OF THE TRUSTEE'S MOTION TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN SIENNA PARTNERSHIP, L.P., KATZ GROUP LIMITED PARTNERSHIP, AND FAIRFIELD PAGMA ASSOCIATES, L.P.**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doral Ctr., Inc. v. Ionosphere Clubs, Inc. (In re Ionosphere Clubs, Inc.)*,
    208 B.R. 812 (S.D.N.Y. 1997) ................................................................................................5

*In re Ionosphere Clubs, Inc.*,
    101 B.R. 844 (1989) .................................................................................................................5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................................................................6

*Picard v. Tremont Group Holdings, Inc.*,
    Adv. No. 11 CV 7330(GBD), 2012 WL 2497270 (S.D.N.Y. June 27, 2012) ...........................5

*In re Quigley Co.*,
    391 B.R. 695 (Bankr. S.D.N.Y. 2008) .....................................................................................6

*In re Telligent, Inc.*,
    417 B.R. 197 (Bankr. S.D.N.Y. 2009) .................................................................................5, 6

*Warth v. Seldin*,
    422 U.S. 490 (1975) .................................................................................................................6

**Statutes**

15 U.S.C. § 78fff-2(b)(2) ................................................................................................................2

15 U.S.C. § 78*lll*(2) ........................................................................................................................2

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),[1] and the estate of Bernard L. Madoff ("Madoff"), and the Securities Investor Protection Corporation ("SIPC") jointly, respectfully submit this Reply Memorandum of Law (the "Reply") in Support of the Trustee's Motion to Affirm Determinations Denying Claims of Claimants Holding Interests in Sienna Partnership, L.P., Katz Group Limited Partnership, and Fairfield Pagma Associates, L.P. (the "Trustee's Motion"), ECF No. 14409.

**PRELIMINARY STATEMENT**

On November 21, 2016, Mr. Lamar Ellis filed an objection on behalf of The Lamar Ellis Trust (the "Ellis Trust") to SIPC's Memorandum of Law in Support of the Trustee's Motion (the "Objection"), ECF No. 14515.  In the Objection, the Ellis Trust urges the Court to disregard SIPC's support and deny the Trustee's Motion "on behalf of all claimants listed" on the grounds that SIPC has failed to resolve the Ellis Trust's "identity theft losses" over the past eight years. The Objection should be overruled because neither the Ellis Trust nor Mr. Ellis has an interest in the Trustee's Motion because the Court disallowed the Ellis Trust's claims and overruled its objections in 2012.  As such, the Ellis Trust and Mr. Ellis lack standing to object to the Trustee's Motion as parties in interest to this SIPA proceeding.  For these reasons, the Objection should be overruled and the Trustee's Motion granted.

---

[1] For convenience, subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

1

**BACKGROUND**

Mr. Ellis filed two customer claims against the BLMIS estate on behalf of the Ellis Trust: Claim No. 008118 on March 24, 2009, and Claim No. 070192 on July 30, 2009. The Trustee denied the claims on December 8, 2009 and November 4, 2010, respectively, on the basis that the Ellis Trust did not have an account with BLMIS and therefore was not a "customer" of BLMIS as that term is defined at SIPA § 78*lll*(2). Mr. Ellis filed three objections to the Trustee's denial of the claims on December 22, 2009, September 17, 2010, and November 29, 2010. *See* ECF Nos. 1112, 2998, 3249, attached hereto as Exhibits 1, 2, 3.

On March 16, 2012, the Trustee filed a motion (the "Third Omnibus Motion") seeking to have the Bankruptcy Court disallow any and all claims and objections filed by or on behalf of (i) claimants that did not invest with BLMIS, or (ii) claimants that invested in entities unrelated to BLMIS, which included the Ellis Trust and Mr. Lamar Ellis as its representative. Neither the Ellis Trust nor Mr. Ellis objected to the Third Omnibus Motion. On April 19, 2012, after notice and a hearing, the Court disallowed the Ellis Trust's claims and overruled its objections with prejudice pursuant to SIPA § 78fff-2(b)(2) and the Claims Procedure Order.[2] *See* Order Granting Trustee's Third Omnibus Motion Seeking To Expunge Claims And Objections Of Claimants That Did Not Invest With BLMIS Or In Entities That Invested In BLMIS, dated April 19, 2012 (the "Disallowance Order"), ECF No. 4779, attached hereto as Exhibit 4.

On July 9, 2014, Mr. Ellis sent a letter to the Court and to the Trustee requesting that the Trustee's denial of his claims be reversed. ECF No. 7284. He also requested that the Court and

---

[2] *See* Order On Application For An Entry Of An Order Approving Form And Manner Of Publication And Mailing Of Notices, Specifying Procedures For Filing, Determination, And Adjudication Of Claims; And Providing Other Relief ("Claims Procedure Order"), ECF No. 12.

2

the Trustee review data he provided to the Department of Justice in connection with the Madoff Victim Fund to advise him of his rights. On July 14, 2014, the Trustee responded to Mr. Ellis's letter explaining that (i) Mr. Ellis did not have an account or any other relationship with BLMIS and therefore was not a "customer" of BLMIS under SIPA; (ii) there is no further action for the Trustee to take with respect to Mr. Ellis's claims because the Bankruptcy Court disallowed Mr. Ellis's claims on April 19, 2012; and (iii) neither the Trustee nor the Bankruptcy Court is involved in the administration of the Madoff Victim Fund. ECF No. 7359. Two additional letters were written, ECF Nos. 7498, 7510, and on August 6, 2014, the Court held a hearing on the matter. Mr. Ellis appeared by telephone and admitted that he confused the Trustee's liquidation of the BLMIS estate with the Department of Justice's Madoff Victim Fund and confirmed that he never had an account with BLMIS. When asked by the Court whether he recalled ever having an account with BLMIS, Mr. Ellis responded that "I don't claim to have an account with Madoff." *See* Hr'g Tr. 65:16-18, Aug. 6, 2014, ECF No. 7861, attached hereto as Exhibit 5. Mr. Ellis therefore agreed to pursue whatever claims he had against the Madoff Victim Fund. *Id.* at 64:15-65:11. [3]

---

[3] MR. ELLIS: Well, I don't know much about it. I had -- earlier this year I was receiving some kind of threats, what I took to be threats and I hired an attorney and I went through what was going on with him and he suggested that I contact your court or at least the trustee and try to explain to the Court what was going on. In other words, after I had also received that Bernard Madoff Victim Fund notice and so forth. And so it left me totally confused as to if they were connected because I had sent the same information in originally on the original claim back in 2008 or '09 as sent to the Madoff Victim Fund claim and it left me totally confused and, of course, at my age, it doesn't take much for that anymore. But anyway, the confusion was on my end. I'm sure I just didn't understand how the connections, if there were any connections at all, how that worked.

THE COURT: Okay. Do you understand that there's a separate victim's fund that has nothing to do with this case, except that it obviously is designed to compensate victims of Madoff's fraud?

MR. ELLIS: I understand it now, I believe. Yes, sir.

3

Despite Mr. Ellis's representation, he continues to file documents in this proceeding. Mr. Ellis filed additional letters on July 21, 2016, ECF No. 13848, and October 26, 2016, ECF No. 14343. These documents, entitled Order for Relief from Stay, suggest that Mr. Ellis may have again confused the BLMIS estate with the Madoff Victim Fund or, alternatively, was seeking a tax credit related to an entity other than the Ellis Trust. The matter was set for the hearing on November 30, 2016 but Mr. Ellis failed to appear telephonically to clarify the relief he seeks. As a result, the Court denied the motion due to Mr. Ellis's failure to appear, because the Court could not ascertain from the filings the relief sought, and because Mr. Ellis may lack standing to seek relief from the Court. Transcript of November 30, 2016 Hearing 10:16-20, attached hereto as Exhibit 6; *see also* Order Denying Motion for Relief from Automatic Stay, Dec. 5, 2016, ECF No. 14553.

On November 14, 2016, SIPC filed its Memorandum in Support of the Trustee's Motion to Affirm His Determinations Denying Claims of Claimants Holding Interests in Sienna Partnership, L.P., Katz Group Limited Partnership, and Fairfield Pagma Associates, L.P., ("SIPC's Memorandum"), ECF No. 14427. Despite not being an Objecting Claimant whose claims and objections are at issue in the Trustee's Motion, on November 21, 2016, Mr. Ellis filed an objection to SIPC's Memorandum in the form of a Certificate of Service. ECF No. 14515. Mr. Ellis asks the Court to disregard SIPC's Memorandum in support of the Trustee's Motion, "on behalf of the claimants listed" because SIPC has not addressed Mr. Ellis's "identity theft losses." *See* Objection at 4. As such, it appears that Mr. Ellis is again confusing some other proceeding with this SIPA liquidation.

## **ARGUMENT**

Under the Bankruptcy Code, a party must be a "party in interest" in order to participate in a Bankruptcy proceeding. Both the Bankruptcy Court and the District Court have held that the

party in interest standard is also applicable to this SIPA Proceeding. *Picard v. Tremont Group Holdings, Inc.*, Adv. No. 11 CV 7330(GBD), 2012 WL 2497270, *2 (S.D.N.Y. June 27, 2012) (affirming Judge Lifland's decision denying party in interest standing to non-customer objectors to Tremont settlement). Though not defined by the Bankruptcy Code, courts have typically interpreted party in interest "to mean 'anyone . . . who has a legally protected interest that could be affected by a bankruptcy proceeding.'" *In re Telligent, Inc.*, 417 B.R. 197, 210 (Bankr. S.D.N.Y. 2009) (citation omitted); *see also In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (1989). "Thus, a party must show that it has 'a direct financial stake in the outcome of the case'" to be heard. *In re Telligent, Inc.*, 417 B.R. at 210 (quoting *Doral Ctr., Inc. v. Ionosphere Clubs, Inc. (In re Ionosphere Clubs, Inc.)*, 208 B.R. 812, 814 (S.D.N.Y. 1997). And, while the Bankruptcy Code "ought to be construed broadly" when determining who is entitled to party in interest status, at a minimum a party must be affected by the proceeding in order to be a party in interest. *See In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (1989).

Under this analysis, the Ellis Trust and Mr. Ellis are not parties in interest to either the Trustee's Motion or this SIPA proceeding. First, neither is an Objecting Claimant who invested its funds in one of the three limited partnerships at issue in the Trustee's Motion, therefore neither has "a direct financial stake in the outcome" of the Trustee's Motion. Second, neither the Ellis Trust nor Mr. Ellis have a "direct financial stake" in this SIPA proceeding because, as discussed above, their claims were disallowed and their objections overruled in 2012 and they did not appeal the Disallowance Order.

For the same reasons that the Ellis Trust and Mr. Ellis are not parties in interest to this proceeding, they lack standing to assert their objection on behalf of themselves or on behalf of claimants who *may have* a financial stake in the outcome. "Standing is a threshold issue in every

5

federal litigation" and the inquiries to determine standing and party in interest status overlap. *In re Telligent, Inc.*, 417 B.R. at 209-10. Therefore, while a party in interest will generally "also meet the requirement for Article III standing" the "party in interest must still satisfy the prudential limitations on standing, and cannot raise the rights of a third party even though [the third party] has a financial stake in the case." *Id.* at 210 (citing *In re Quigley Co.*, 391 B.R. 695, 705 (Bankr. S.D.N.Y. 2008). Because prudential standing requires a party to "assert his own legal rights and interests" the Ellis Trust and Mr. Ellis cannot, "rest [their] claim to relief on the legal rights or interests" of claimants who may be parties in interest to the Trustee's Motion and may not object on their behalf. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

The Ellis Trust and Mr. Ellis lack Article III standing to object to the Trustee's Motion because, without claims and objections at issue, there is no "actual or imminent injury" that can be "fairly traceable" to the Trustee's Motion or SIPC's support thereof. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Furthermore, there is no harm to the Ellis Trust and Mr. Ellis that can be redressed by the Court denying the Trustee's Motion. *Id.* Having chosen to not object to the Third Omnibus Motion or appeal the Disallowance Order, and unable to prove their status as BLMIS customers, the Ellis Trust and Mr. Ellis cannot be impacted, financially or otherwise, by the Trustee's Motion.

The "harm" implied by the Objection, that "the Lamar Ellis Trust has personally experienced the SIPC stand idly by for more than 8 years and not process its more than $1,000,000,000 in identity theft losses" appears to relate to a claim against the Madoff Victim Fund and not to any action by the Trustee or SIPC. *See* Sept. 21, 2016 Letter to the Dept. of Treasury from Lamar Ellis on behalf of the Lamar Ellis Trust, Objection at 9. As a result, the Court's denial of the Trustee's Motion cannot redress the harm claimed.

6

Finally, even absent the lack of standing, the grounds for the Objection lack merit. Although far from clearly stated, it appears that Mr. Ellis and the Ellis Trust object to SIPC's support of the Trustee's Motion because SIPC has failed to resolve the Ellis Trust's "$1,000,000,000 in identity theft losses." As Mr. Ellis admitted, neither the Ellis Trust nor Mr. Ellis ever held an account with BLMIS and therefore lack any claim to the BLMIS customer fund. *See* Ex. 5 at 65:16-18. Thus, neither SIPC nor the Trustee has the ability to return any such losses to Mr. Ellis or the Ellis Trust.

*[Intentionally Left Blank]*

# CONCLUSION

For all of the foregoing reasons, together with those set forth in the Trustee's Motion, the Trustee and SIPC respectfully request that the Court overrule the Objection and grant the Trustee's Motion.

| | |
|---|---|
| Dated: New York, New York<br>December 14, 2016 | Respectfully submitted,<br><br>*/s/ David J. Sheehan*<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Jorian L. Rose<br>Email: jrose@bakerlaw.com<br>Amy E. Vanderwal<br>Email: avanderwal@bakerlaw.com<br>Stephanie A. Ackerman<br>Email: sackerman@bakerlaw.com<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York  10111<br>Tel: (212) 589-4200<br>Fax: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*<br><br>*/s/ Kevin H. Bell*<br>Josephine Wang<br>Email: jwang@sipc.org<br>Kevin H. Bell<br>Email: kbell@sipc.org<br>Nathanael Kelley<br>Email: nkelley@sipc.org<br>**Securities Investor Protection Corporation**<br>1667 K Street, N.W., Suite 1000<br>Washington, DC 20006<br>Telephone: (202) 371-8300<br>Facsimile: (202) 223-1679 |