```
                                                              Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3   Case No. 08-99000-smb

 4   Adv. Proc. No. 08-01789-smb

 5   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

 6   In the Matter of:

 7

 8   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC., et al,

 9

10            Debtor.

11

12   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

13   SECURITIES INVESTOR PROTECTION CORPORATION,

14                Plaintiffs,

15          v.

16   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC., et al,

17                Defendants.

18   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

19

20                U.S. Bankruptcy Court

21                One Bowling Green

22                New York, New York

23

24                November 30, 2016

25                10:08 AM
```

1  B E F O R E :

2  HON STUART M. BERNSTEIN

3  U.S. BANKRUPTCY JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1   HEARING RE:  Conference re Correspondence from Lamar Ellis.

2

3   HEARING RE:  Trustee's Motion and Memorandum to Affirm his

4   Determinations Denying Claims of Claimants Holding an

5   Interest in M&H Investment Group L.P., PJFN Investors

6   Limited Partnership, Kenn Jordan Associates, and Harmony

7   Partners, Ltd.

25  Transcribed by:  Nicole Yawn

```
 1   A P P E A R A N C E S :
 2   BAKERHOSTETLER
 3        Attorneys for Irving Picard, Madoff Trustee
 4        45 Rockefeller Plaza
 5        New York, NY 10111-0100
 6
 7   BY:  STEPHANIE A. ACKERMAN, ESQ.
 8        KEITH R. MURPHY, ESQ.
 9
10   SECURITIES INVESTOR PROTECTION CORPORATION
11        Attorney for SIPC
12        1667 K Street, Northwest
13        Suite 1000
14        Washington D.C. 20006-1620
15
16   BY:  KEVIN H. BELL, ESQ.
17
18
19
20
21
22
23
24
25
```

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE COURT:  Please be seated. |
| 3 | Good morning. |
| 4 | Madoff? |
| 5 | MR. MURPHY:  Good morning, Your Honor. |
| 6 | THE COURT:  Good morning. |
| 7 | MS. ACKERMAN:  Good morning. |
| 8 | MR. MURPHY:  What matter would you like to hear |
| 9 | first, Your Honor? |
| 10 | THE COURT:  Pardon? |
| 11 | MR. MURPHY:  What matter would you like to hear |
| 12 | first? |
| 13 | THE COURT:  Mr. Ellis, are you on the phone? |
| 14 | I don't have Mr. Ellis as registered with Court |
| 15 | Call.  So why don't we go through the other ones, and we'll |
| 16 | see if he dials in? |
| 17 | MR. MURPHY:  Okay, sure. |
| 18 | (Pause) |
| 19 | THE COURT:  Go ahead. |
| 20 | MS. ACKERMAN:  Your Honor, Stephanie Ackerman, |
| 21 | Baker & Hostetler, on behalf of Irving Picard, the Madoff |
| 22 | Trustee.  We're here today on the trustee's recent motion to |
| 23 | affirm the determination of Madoff claims which were filed |
| 24 | by claimants who invested in one of four limited |
| 25 | partnerships based in Delaware and Florida.  M&H Investment |

08-01789-cgm   Doc 14751   Filed 12/09/16   Entered 12/20/16 11:17:52   Main Document
Pg 6 of 14

Page 6


1    Group, PJFN Investors, L.P., Kenn Jordan Associates, and

2    Harmony Partners.

3              The objecting claimants invested their funds in

4    one of the limited partnerships, which in turn, invested in

5    BLMIS.  The objecting claimants had no financial

6    relationship with BLMIS and did not own the assets that were

7    entrusted to BLMIS for the purposes of trading securities.

8    The claimants like those in prior motions before the Court

9    are not customers, because in addition to not owning the

10   assets entrusted to BLMIS, they had no control over the

11   funds and were unknown to BLMIS.  Thus, denial of these

12   claims is consistent with the many prior decisions before in

13   this liquidation and the Second Circuit's decisions in Kruse

14   and Morgan Kennedy.

15             No objections to the motion have been received.

16   Thus, --

17             THE COURT:  Formal or informal?

18             MS. ACKERMAN:  Correct, Your Honor.  So subject to

19   any questions, we respectfully request the motion be

20   granted.

21             THE COURT:  Does anyone want to be heard in

22   connection with the motion?

23             MR. BELL:  Yes, Your Honor.

24             THE COURT:  Mr. Bell?  Okay.

25             MR. BELL:  Kevin Bell, from Securities Investor

1  Protection Corporation.  We support the trustee's motion and
2  his request for an entry of an order.
3              THE COURT:  The courtroom is otherwise vacant.  So
4  there are no claimants.  Yeah, I'll grant the motion.
5              This is another situation in which indirect
6  investors who invest in BLMIS have filed claims directly as
7  customers.  But for the reasons stated in opinions of
8  District Court, Second Circuit, and this Court, they aren't
9  customers because they didn't entrust any money to BLMIS.
10  So your motion is granted, and you can submit an order.
11              MS. ACKERMAN:  We will, Your Honor.  Thank you.
12              THE COURT:  The other matter I have on involves
13  Mr. Ellis.
14              Mr. Ellis, are you on the phone?
15              Mr. Ellis isn't on the phone.
16              You know, I looked at his proposed order to show
17  cause.  And it almost seems like he just wants to take a tax
18  loss of some sort.
19              MR. MURPHY:  It's not clear, Your Honor.  I'm
20  happy to make a record, if you'd like.
21              THE COURT:  Go ahead.
22              MR. MURPHY:  Okay.  Your Honor, we're here this
23  morning in response to a document filed by Mr. Lamar Ellis
24  that is entitled Order for Relief from Stay, as detailed in
25  the trustee's response letter dated August 24th, 2016.  It's

1    not really clear exactly what relief is being sought.

2             But his background -- Mr. Ellis had filed 2claims

3    in 2009.  And then on December 8th, 2009 and

4    November 4th, 2010, the trustee denied those claims on the

5    grounds that Mr. Ellis did not have an account with BLMIS

6    short the Lamar Ellis Trust and that he was not a customer.

7    Mr. Ellis filed three objections to that trustee's response.

8             The Bankruptcy Court expunged both of his claims

9    and overruled his objections by order dated April 19th,

10   2012.  Subsequently, Your Honor, in July of 2014, Mr. Ellis

11   sent a letter to the Court and the trustee asking that the

12   denials be reversed.  He also asked that the Court review

13   his submissions to the Department of Justice to advise him

14   of his rights with respect to the Madoff Victim Fund.

15            On July 14th, 2014, the trustee responded to that

16   letter and indicating that Mr. Ellis did not have an account

17   or any other relationship with BLMIS and that no further

18   action by the trustee was necessary with respect to

19   Mr. Ellis' claims because they were expunged and also that

20   the trustee and the Bankruptcy Court are not involved in the

21   Madoff Victim Fund run by Mr. Breeden.

22            On August 6th, 2014, this Court held a hearing.

23   Mr. Ellis admitted at that time -- he was on the phone --

24   that he may have confused the trustee's liquidation with

25   Mr. Breeden's Madoff Victim Fund.  He also indicated that he

1   did not have an account with BLMIS.

2           Subsequently in connection with the most recent

3   filing, Your Honor, my colleague, Ms. Markel, contacted

4   Mr. Ellis by phone.  At that time, he advised that he no

5   longer wished to pursue this matter, because he had

6   commenced an action in California.  I can reference that

7   action.

8           Mr. Ellis filed a motion for involuntary

9   bankruptcy against --

10          THE COURT:  Against?

11          MR. MURPHY:  -- against the Madoff Victim Fund in

12  the Central District of California.  The judge issued an

13  order to show cause, I believe, in September.  On September

14  14th, 2016, Mr. Ellis appeared, either telephonically or in

15  person.  I'm not clear.

16          The Court dismissed the matter and overruling him

17  without explaining it.  But on October 25th, 2016, that case

18  was closed in the Central District of California.

19          At this point, Your Honor, I believe on October

20  26th, 2016, Mr. Ellis submitted substantially the same

21  documents that he did in July again to this Court.  Nothing

22  is much different.  Yet we still don't understand the relief

23  he's seeking.  We would ask that the Court either dismiss it

24  or mark the matter off the calendar.

25          THE COURT:  You know what?  He refers in his order

1   to show cause to Energetic, Inc.  Do you know what that is?

2              MR. MURPHY:  We do not.

3              THE COURT:  Because I noticed the reference to

4   Energetic Psychoanalytic Institute and Training School

5   agency account, one of his letters to a Dr. Numerales (ph)

6   in Mississippi.

7              Well, it's not clear what relief Mr. Ellis is

8   seeking.

9              MR. MURPHY:  More importantly, Your Honor, I

10  believe -- I'm not sure Mr. Ellis -- I don't believe

11  Mr. Ellis has any standing here.  He has no claims or other

12  interest in the case.

13             THE COURT:  I don't read his motion as asserting a

14  claim against the Madoff Estate.  He seems to be wanting to

15  take some sort of a tax credit for something involving

16  Energetics.  Well, in any event, I'll deny the motion for

17  the non-appearance and on the grounds that it's not clear

18  what relief he's seeking from this Court.  And as you say,

19  whether or not he even has standing to seek relief before

20  this Court.  So why don't you submit an order and provide

21  the order -- that you'll send a copy to Mr. Ellis after it's

22  signed.  Okay?

23             MR. MURPHY:  We will do that, Your Honor.  Thank

24  you.

25             One note I will say that Mr. Ellis filed

Page 11

1   something, I think, two days ago.  He filed a written
2   response to a certificate of service in connection with a
3   claims matter.  It's not before you at the moment, but --
4           THE COURT:  Do you have it?  Do you have a copy of
5   it?
6           MS. ACKERMAN:  It has my notes on it, Your Honor.
7           THE COURT:  I won't look at them.
8           MR. MURPHY:  I have it, Your Honor.
9           THE COURT:  You have a clean copy?
10          MR. MURPHY:  Yep.
11      (Pause)
12          MR. MURPHY:  It seems to have been submitted, Your
13  Honor, in response to a certificate of service filed by the
14  Securities Exchange Commission in connection with the claims
15  matter.
16          MS. ACKERMAN:  The motion that's on for December
17  21st, Your Honor.
18          THE COURT:  Oh, it's on for December 21st?
19          MS. ACKERMAN:  Yes.
20      (Pause)
21          THE COURT:  What's on for December 21st that he
22  seems to be objecting to?
23          MS. ACKERMAN:  The next motion to affirm
24  determinations of indirect claimants.
25          THE COURT:  Is he involved in that?

1    MS. ACKERMAN:  He is not, Your Honor.

2    THE COURT:  Why don't you just list it in the

3 agenda as an objection, all right?

4    MR. MURPHY:  Yes, Your Honor.  Thank you.

5    THE COURT:  Okay.  Submit an order (indiscernible)

6 provide that you'll send a copy to Mr. Ellis.

7    MR. MURPHY:  Thank you, Your Honor.

8    THE COURT:  Or the Ellis Trust, whichever.

9    MR. MURPHY:  Yes.

10    THE COURT:  Thank you, sir.

11    MR. MURPHY:  Thank you, Your Honor.

12    THE COURT:  Okay.

13    MS. ACKERMAN:  Thank you, Your Honor.

14    THE COURT:  Thank you.

15    Short day.

16    THE CLERK:  No, it was perfect.

17    THE COURT:  Perfect.

18  (Whereupon, these proceedings were concluded at 10:17

19 AM)

```
```
Page 13

1                       M O T I O N

2     TRUSTEE'S                                               PAGE

3     Motion to Deny Claims of Certain Claimants                7

4

5     MR. ELLIS'

6     Motion re:   Energetics                                  10

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      C E R T I F I C A T I O N

3   I, Nicole Yawn, certify that the foregoing transcript is a
4   true and accurate record of the proceedings.

6   **Nicole Yawn**
    Digitally signed by Nicole Yawn
    DN: cn=Nicole Yawn, o=Veritext,
    ou, email=digital@veritext.com,
    c=US
    Date: 2016.12.09 15:01:53 -05'00'
    _____
9   Nicole R. Yawn

14  Date:   December 1, 2016