**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

December 27, 2016

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Edward A. Zraick Jr., et al.*, Adv. Pro. No. 10-05257 (SMB);

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write in response to the December 16, 2016 letter (the "December 16 Letter") submitted by Defendants in the above adversary proceeding requesting a conference with respect to their proposed motions to (a) extend the deadline for the disclosure of a rebuttal expert; and (b) limit the proposed testimony of Lisa M. Collura and Matthew B. Greenblatt.

      Defendants submitted the December 16 Letter the day before the December 17, 2016 deadline for disclosing a rebuttal expert. This eleventh hour letter request is for more than a mere extension of the single rebuttal expert disclosure deadline. Effectively, Defendants are also requesting that all of the subsequent dates in the operative case management order be extended as well, including the expert discovery and mediation deadlines. Indeed, given their request to extend the rebuttal disclosure deadline until <u>after</u> this Court has decided Defendants' proposed motion *in limine*, Defendants are essentially requesting to delay this case indefinitely.

      Defendants offer two reasons for this request, neither of which provides the good cause necessary to justify it. First, Defendants assert that they should be given "sufficient time" to coordinate with defendants in other adversary proceedings on the "potential" joint retention of rebuttal experts. However, since at least June, Defendants have been coordinating with such defendants, including in connection with the second deposition of Bernard L. Madoff. While the Trustee's expert reports for this specific case were disclosed and provided by the November 16,

2016 case-in-chief expert disclosure deadline, similar reports have also been disclosed in over 100 other good faith adversary proceedings, and thus the methodologies applied by the Trustee's experts are no secret.  Moreover, Defendants have had the Trustee's initial disclosure productions—upon which the Trustee's experts' analyses are based—in their possession for nearly a year.  As such, if Defendants were serious about coordinating with other defendants to retain a rebuttal expert, they could have, and should have, initiated this process months ago, which they apparently have not done.

Nor, as Defendants concede, are they even interested in doing so until and unless their proposed motion *in limine* is denied, which is their second (and real) reason for requesting this indefinite extension.  The case management order clearly does not contemplate an allowance of time to file a motion *in limine* during the 30 days separating the case-in-chief and rebuttal expert disclosure deadlines—precisely because the purpose of the expert discovery period is to afford the parties an opportunity to disclose their experts and take discovery, not to prematurely determine what is admissible at trial through time-consuming motion practice.  Defendants are effectively requesting that discovery grind to a halt so that they can have two bites at the apple: first through a motion *in limine* and then, if necessary, through the subsequent retention of a rebuttal expert.  Such a request is at odds with the case management order, the basic purpose of discovery, the efficient and orderly prosecution of these cases, and is further prejudicial to the Trustee.

The Trustee recognizes that Defendants have a right to file motions *in limine* in an attempt to exclude portions of the Trustee's expert reports, which they can do consistent with all applicable rules.  However, the Trustee submits that Defendants should not be permitted to prejudice the Trustee in the process by indefinitely delaying the Trustee's prosecution of his cases. While the Trustee is cognizant of Defendants' cost concerns, the Trustee, acting on behalf of the interests of the net loser victims, also incurs cost, and thus litigation expense is a factor that all litigants must consider.  It certainly does not justify a prejudicial deviation from the case management order of this type.

As such, the Trustee respectfully requests that Defendants' last minute request to extend the rebuttal expert disclosure deadline be denied without further briefing, as that deadline has been set and known for over a year.

Respectfully submitted,

*/s/ Keith R. Murphy*

Keith R. Murphy
Partner

cc: Robert A. Rich
    Hunton & Williams LLP
    200 Park Avenue
    New York, New York 10166