LAW OFFICE OF
# RICHARD E. SIGNORELLI
## ATTORNEY AT LAW

799 Broadway, Suite 539, New York, New York  10003
Telephone:  (212) 254-4218   Cellular: (917) 750-8842   Facsimile: (212) 254-1396
rsignorelli@nycLITIGATOR.com℠
www.nycLITIGATOR.com℠

January 6, 2017

**BY ECF & E-MAIL (bernstein.chambers@nysb.uscourts.gov)**
Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    <u>Picard v. The Lustig Family 1990 Trust</u>, Adv. Pro. No. 10-4417 ("Trust Case")
             <u>Picard v. David Ivan Lustig</u>, Adv. Pro. No. 10-4554 ("IRA Case")

Dear Judge Bernstein:

      We are counsel in the above-referenced cases for defendants David Lustig and The Lustig Family 1990 Trust ("Trust"), innocent good-faith investors who have been devastated by the total loss of millions of dollars that they had invested with Bernard L. Madoff Investment Securities LLC ("BLMIS").  I respectfully write to request an informal conference pursuant to Local Bankruptcy Rule 7007-1(b) to discuss the motion to compel discovery from the Trustee that we anticipate making in each of these cases.

      We are seeking judicial intervention because the Trustee's responses to Mr. Lustig's and the Trust's document requests and interrogatories in both the IRA Case and the Trust Case are seriously deficient.  As discussed below, the Trustee has unjustifiably failed and refused to provide information and documents requested by Mr. Lustig and the Trust that are critical to their defenses in these cases.

A.    <u>The IRA Case</u>

      The Trustee is seeking in the IRA Case to avoid and recover a withdrawal of $2,000,000 made from an IRA direct account held by Mr. Lustig at BLMIS.  This withdrawal was made by Mr. Lustig solely and specifically for the purpose of immediately reinvesting the money back into BLMIS through a third-party sub-feeder fund called Lakeview Investment, LP ("Lakeview"). Mr. Lustig's answer to the complaint asserts several important, potentially case-dispositive legal and equitable defenses based on the fact that this entire sum of $2,000,000 was subsequently reinvested back into BLMIS, where it remained invested until all of it was lost as a result of BLMIS's fraud.  Regrettably, it is this very $2,000,000 sum which the Trustee seeks to

recover in this action despite the fact that Mr. Lustig lost the entire investment in his indirect BLMIS investment.

One of the defenses raised by Mr. Lustig is that the Trustee's attempt to recover from him money that had already been returned to BLMIS violates the single satisfaction rule codified at 11 U.S.C. § 550(d). See In re Cybridge Corp. (Dobin v. Presidential Fin. Corp. of Del. Valley), 312 B.R. 262, 271 (D.N.J. 2004) (single satisfaction rule "empowers courts to prohibit a trustee from recovering under Section 550(a) from a transferee that has already returned to the estate that which was taken in violation of the Code"). Mr. Lustig also has asserted an equitable defense on the theory that the Court should exercise its equity powers under 11 U.S.C. § 105(a) to grant him an "equitable credit" to the extent the money that the Trustee is seeking to recover had already been returned to BLMIS. See id. at 272-73. Other defenses raised by Mr. Lustig which relate to the fact that the money the Trustee is seeking to recover had already been returned to BLMIS include defenses based on the theory of recoupment and the right of set-off. See New York State Elec. and Gas Corp. v. McMahon, 129 F.3d 93, 95-96 (2nd Cir. 1997) (recoupment is an equitable defenses that may be raised in cases involving fraudulent investment schemes where the transferee reinvested with the debtor the payments that the transferee received from the debtor); Official Committee of Unsecured Creditors v. Manufacturers and Traders Trust Co., 146 F.3d 136, 140 (2nd Cir. 1998) (The right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'").

Information and documents concerning the flow of the $2,000,000 out of BLMIS and ultimately back into BLMIS are thus absolutely critical to Mr. Lustig's defenses in the IRA Case. Based on information and documents currently available to Mr. Lustig, it appears that, after it was withdrawn from Mr. Lustig's IRA account, this $2,000,000 was transferred several times and ultimately reinvested back into BLMIS as follows:

(1) the money was transferred to Lakeview upon its withdrawal from Mr. Lustig's IRA direct account at BLMIS;

(2) Lakeview then transferred the money to Wailea Partners, LP ("Wailea") for investment in a swap transaction that used the BLMIS feeder fund Senator Equity Segregated Portfolio One ("Senator Fund") as the reference fund;

(3) Wailea then transferred the money to HSBC Bank USA, N.A. ("HSBC"), the counterparty to the swap transaction;

(4) HSBC then transferred the money to the Senator Fund to purchase a direct investment in the Senator Fund to hedge HSBC's exposure in the swap transaction; and

(5) the Senator Fund invested the money that it received from HSBC back into BLMIS.

The information and documents sought by Mr. Lustig which the Trustee has failed and refused to provide concern these various transfers of the $2,000,000 at issue and the ultimate reinvestment of the money back into BLMIS. As such, they pertain to matters that are extremely relevant to Mr. Lustig's defenses, are clearly "proportional to the needs of the case," and must be produced pursuant to Fed. R. Civ. P. 26(b)(1).

B.      The Trust Case

The Trustee is seeking in the Trust Case to avoid and recover, among other things, a $5,000,000 withdrawal made from an account held by the Trust at BLMIS. Just like the $2,000,000 withdrawal at issue in the IRA Case, this $5,000,000 withdrawal was made solely and specifically for the purpose of immediately reinvesting the money back into BLMIS through Lakeview. Mr. Lustig's and the Trust's answer in the Trust Case asserts the same potentially case-dispositive legal and equitable defenses as those asserted in the IRA Case based on the fact that the entire sum of $5,000,000 that was withdrawn was subsequently reinvested back into BLMIS, where it remained invested until all of it was lost as a result of Madoff's fraud (these defenses are discussed above in connection with the IRA Case). Again, as in the IRA Case, it is this very $5,000,000 sum which the Trustee seeks to recover in this action despite the fact that Mr. Lustig lost the entire investment in his indirect BLMIS investment.

Information and documents concerning the flow of this $5,000,000 out of BLMIS and ultimately back into BLMIS are thus absolutely critical to Mr. Lustig's and the Trust's defenses in the Trust Case. Based on information and documents currently available to us, it appears that, after it was withdrawn from the Trust's account at BLMIS, this $5,000,000 was transferred several times and ultimately reinvested back into BLMIS as follows:

> (1) upon its withdrawal from the Trust's account at BLMIS, the money was transferred to Lakeview;
>
> (2) Lakeview then transferred the money to Rye Select Broad Market XL Fund, L.P. ("Rye XL") for investment in a swap transaction that used the BLMIS feeder fund Rye Select Broad Market Fund ("Broad Market Fund") as the reference fund;
>
> (3) Rye XL then transferred the money to the counterparty to the swap transaction, i.e., HSBC Bank USA, N.A., ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.), ABN AMRO Bank (Ireland) Ltd. (formerly known as Fortis Prime Fund Solutions Bank (Ireland) Ltd., and/or some other financial institution;
>
> (4) the swap counterparty then transferred the money to the Broad Market Fund to purchase a direct investment in the Broad Market Fund to hedge its exposure in the swap transaction; and
>
> (5) the Broad Market Fund then invested the money that it received from the swap counterparty back into BLMIS.

3

The information and documents requested by Mr. Lustig and the Trust which the Trustee has failed and refused to provide pertain to these various transfers of the $5,000,000 at issue and the ultimate reinvestment of that money back into BLMIS. As such, they concern matters that are extremely relevant to Mr. Lustig's and the Trust's defenses, are clearly "proportional to the needs of the case," and must be produced pursuant to Fed. R. Civ. P. 26(b)(1).

As Your Honor may recall, at the last court conference, Your Honor expressly indicated that the flow of the money out of and back into BLMIS is a potentially relevant issue in these cases. Disclosure of these materials by the Trustee is especially warranted given the fact that the Trustee has access to these materials and given the vast resources available to the Trustee in contrast to Mr. Lustig's limited resources. See Fed. R. Civ. P. 26(b)(1).

It bears emphasizing that Mr. Lustig is an innocent, good-faith investor whose life has been totally upended by BLMIS's fraud. He is seventy-one years old and is being forced to spend a substantial portion of his limited remaining financial assets during his retirement years on these regrettable litigations. There is much at stake here. If the Trustee succeeds on his claims, an entirely innocent investor will be bankrupted due to suffering, in effect, a doubling of his Madoff losses, since the very money that the Trustee is seeking to recover from Mr. Lustig has already been lost as a result of Mr. Lustig's indirect investments in BLMIS. The discovery that Mr. Lustig is seeking here may potentially dispose of significant issues in both the IRA Case and the Trust Case and result in a reasonable resolution of these cases.

Accordingly, we respectfully request that the Court schedule an informal conference pursuant to Local Bankruptcy Rule 7007-1(b) to discuss and hopefully resolve the discovery issues outlined above and thereby obviate the need for formal motion practice on these issues. Thank you for your consideration of these matters.

Respectfully submitted,

/s/ Richard E. Signorelli
/s/ Bryan Ha

Richard E. Signorelli
Bryan Ha

cc (by ECF and by e-mail):

Dean D. Hunt, Esq. (dhunt@bakerlaw.com)
Nicholas J. Cremona, Esq. (ncremona@bakerlaw.com)