UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>    -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>    -against-<br><br>TRAIN KLAN, a Partnership, et al.<br><br>        Defendants. | Adv. Pro. No. 10-04905 (SMB) |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>    -against-<br><br>BRUNO DIGIULIAN,<br><br>        Defendant. | Adv. Pro. No. 10-04728 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>    -against-<br><br>DONALD A. BENJAMIN,<br><br>        Defendant. | Adv. Pro. No. 10-04621 (SMB) |

## **DISCOVERY ARBITRATOR'S AMENDED ORDER**

   The Discovery Arbitrator, having conducted a hearing on December 13, 2016, regarding defendants Donald A. Benjamin ("Benjamin"), Patsy DiGiulian, as Executrix of the Estate of Bruno L. DiGiulian ("DiGiulian"), and Train Klan, a partnership, and its individual partners (collectively, "Train Klan," and together with Benjamin and DiGiulian, the "Defendants"), as well as a follow-up conference call on December 22, 2016, and having considered (a) the Trustee's letter-applications dated November 3, 2016, seeking to compel the Defendants to produce documents and provide further interrogatory responses or withdraw affirmative defenses; (b) the Defendants' responsive letter dated November 10, 2013; (c) the email sent by the Defendants' counsel, Helen Chaitman, of Chaitman LLP, on December 24, 2016, in response to my email to counsel dated December 23, 2016; (d) the Trustee's follow-up letter dated December 28, 2016; (e) Ms. Chaitman's reply letter dated December 29, 2016; and (f) the email sent by Mr. Hunt of Baker Hostetler on December 29, 2016, it is hereby ORDERED as follows:

2

A.  General Rulings

1. Baker Hostetler, counsel for the Trustee, and Chaitman LLP, counsel for the Defendants, shall endeavor, insofar as possible, to apply my rulings regarding discovery issues to other comparable adversary proceedings, including, but not limited to adversary proceedings in which Chaitman LLP represents the defendants.

2. Insofar as possible, the parties represented by Chaitman LLP in adversary proceedings shall stipulate as follows:

    In connection with any motion practice, trial, or appeal, the Defendants: (a) will not challenge the accuracy or completeness of the deposit and withdrawal-related information set forth in columns 1 through 5 of Exhibit B to the Trustee's complaint; (b) concede that the funds reflected in Column 5 of Exhibit B were withdrawn from the Defendants' BLMIS account and received by the account holder; and (c) shall withdraw the Defendants' Twentieth Affirmative Defense, alleging that the Trustee has "fraudulently calculated the Defendants' liability" by charging the Defendants with "withdrawals that the Trustee has no proof were taken," Twenty-Seventh Affirmative Defense, alleging that the Trustee failed to credit properly "inter-account transfers, profit withdrawals, and other adjustments," and Forty-Sixth Affirmative Defense, alleging that the Trustee failed to credit properly "all of the Defendants' deposits."

3. In adversary proceedings in which the parties enter into the foregoing stipulation, the Defendants need not supplement their prior answers to the Trustee's interrogatories concerning: (a) the persons or entities that directly or indirectly received funds withdrawn from the Defendants' account and the amounts received; (b) the use of the funds received; (c) the banks or other institutions where the Defendants held accounts; and (d) instances in which the Defendants challenged the accuracy of the deposit or withdrawal information on the Defendants' BLMIS account statements.

4. In adversary proceedings in which the Defendants disagree with any of the dates, deposits, or withdrawals set forth in Exhibit B to the Trustee's complaint, counsel shall confer in an effort to stipulate, insofar as possible, to information therein which will not be contested and to discuss the effect of that stipulation on the Defendants' affirmative defenses. In such proceedings, after the parties have had an opportunity to confer, the Discovery Arbitrator will rule with respect to the effect of any stipulation on the discovery sought by the Trustee.

5. Any affirmative defenses that are withdrawn by stipulation may not later be reasserted in connection with any motion practice, trial, or appeal.

6. Within ten days after the entry of this Order, the Defendants shall produce any documents within their possession, custody, or control that relate to any remaining affirmative defenses that the Defendants assert. Any such documents that the Defendants have failed to produce within that time period may not be used by the Defendants for any purpose in connection with any motion practice, hearing, or trial.

7. Any documents that the Defendants or the Trustee receive from any third-party custodian in connection with an adversary proceeding in which Chaitman LLP represents the defendant must be made available to opposing counsel within ten days after their receipt.

B. <u>Train Klan</u>

1. For the period from the opening of its account at BLMIS through the present, Train Klan shall produce: (a) any agreements relating to the formation and operation of the partnership; and (b) copies of original documents sufficient to identify the general partners of the Train Klan partnership.

2. <u>Document Request Nos. 3, 4</u>. If Train Klan produces the foregoing documents, Train Klan need not further respond to Document Request Nos. 3 and 4.

3. <u>Interrogatory No. 1</u>. Interrogatory No. 1 shall be reworded to read as follows:

Provide the Partnership's legal name, the type of entity it is, the date on which it was established and whether it was formed out of a predecessor entity, the state or country under whose laws it was formed, the names and addresses of its current and former general partners, its current and former business addresses, and its current and former principal places of business.

Train Klan shall promptly answer revised Interrogatory No. 1.

4. <u>Interrogatory Nos. 2, 3</u>. The Discovery Arbitrator reserves decision with respect to Interrogatory Nos. 2 and 3 pending the service of Train Klan's amended answer to Interrogatory No. 1.

5. <u>Interrogatory Nos. 5, 7, 10, 14, 15, 17; Document Request No. 9</u>. At the hearing, Train Klan agreed to the stipulation set forth in paragraph A.2 above. Accordingly, Train Klan need not further respond to Interrogatory Nos. 5, 7, 10, 14, 15, and 17 or Document Request No. 9

6. <u>Interrogatory No. 6</u>. It is insufficient simply to identify BLMIS personnel with knowledge of the Transfers. Accordingly, Train Klan must identify any persons,

4

including its general and limited partners, accountants, attorneys, and other advisors, who have knowledge of any of the Transfers.

7. <u>Interrogatory No. 18</u>.  Train Klan need not provide a further answer to this interrogatory at this time.

C.  <u>DiGiulian</u>

1. DiGiulian and any other defendant who intends to rely on the report or declaration of an accountant or other expert in support of the Defendants' Sixteenth Affirmative Defense, relating to the payment of taxes on fictitious profits reported by BLMIS or Madoff to the Internal Revenue Service, must promptly produce to the Trustee for the relevant years:  (a) the first two pages of his personal federal income tax returns; (b) any Schedules B and D and Forms 6251 and 6801 annexed to those returns; and (c) comparable information from any amended returns that were filed after 2008 to recover capital gains taxes paid.  If trust returns were filed during any such years, DiGiulian must produce to the Trustee:  (a) any Form 1041 returns; and (b) any Schedules D and E annexed to those returns; and (c) comparable information from any amended returns that were filed after 2008 to recover capital gains taxes paid.  DiGiulian also must produce any other documents upon which his accountant or other expert relied.  This tax return information and other documentation must be produced no later than the date DiGiulian furnishes the report or declaration of the accountant or other expert to the Trustee.  If DiGiulian has previously furnished such a report or declaration to the Trustee, DiGiulian must produce the additional documents required by this Order within ten days of the date hereof.

2. At the hearing, DiGiulian stipulated that DiGiulian's Thirty-Seventh Affirmative Defense concerning account withdrawals "legally compelled under State and federal securities laws" arises solely out of the requirement that holders of certain retirement accounts take required minimum distributions beginning no later than April 1 of the year after they reach the age of 70-1/2.  This stipulation shall apply to any other defendant who relies on the Defendants' Thirty-Seventh Affirmative Defense.

3. <u>Interrogatory Number 4</u>.  It is insufficient simply to identify BLMIS personnel with knowledge of the Transfers.  Accordingly, DiGiulian must identify any persons, including accountants, attorneys, and other advisors, who have knowledge of any of the Transfers.

5

D. <u>Benjamin</u>

1. For the reason set forth above, Benjamin must identify any persons, including, accountants, attorneys, and other advisors, who have knowledge of any of the Transfers.

SO ORDERED.

Dated:   New York, New York
         January 4, 2017

/s/

_____
FRANK MAAS
Discovery Arbitrator

Copies to Counsel via ECF