**Baker&Hostetler LLP**

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

January 11, 2017

James H. Rollinson
direct dial: 216.861.7075
jrollinson@bakerlaw.com

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nysb.uscourtsgov

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*,
      Adv. Pro. No. 08-01789 (SMB) — *Picard v. Shapiro, et al.*, Adv. Pro. No. 10-05383 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"). We write to request a conference under Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, concerning a discovery dispute in the above-referenced proceeding between the Trustee and Defendants Stanley Shapiro, David Shapiro, Kenneth Citron, and Leslie Citron (collectively, the "Defendants"). The Trustee proposed, but the Defendants declined, to have the dispute heard by the Honorable Frank Maas. *See* Exhibit A. If the parties cannot resolve their dispute at conference, the Trustee intends to move, pursuant to Fed. R. Civ. P. 36(a)(6) and 37(a)(3)(B)(iv), to compel the Defendants to fully respond to a significant number of the Trustee's requests for admission ("RFAs") and document requests ("RFPDs").

The Trustee served RFAs on Defendants Stanley Shapiro, Leslie Citron, and David Shapiro this past summer. After much delay, they responded to the RFAs in late October and early November. *See* Exhibits B-E attached hereto. The Trustee served RFPDs on all Defendants and they responded in late November. *See* Exhibits F-H. By letters respectively dated October 25 and December 1, the Trustee advised counsel for the Defendants regarding the deficiencies in their responses and the parties thereafter met and conferred on November 9 and December 7. The Trustee followed up by letter dated December 14 with the hope of resolving or narrowing the

Honorable Stuart M. Bernstein
January 11, 2017
Page 2

dispute but the Defendants did not respond to this letter. Despite best efforts to resolve this dispute without court intervention, the Defendants remain committed to their positions.

The deficiencies in the Defendants' responses generally fall into one of three general categories.[1]

First, the Defendants ignore Fed. R. Civ. P. 34(b)(2)(B) & (C) and respond to many of the RFAs and RFPDs simply with boilerplate objections, such as "overly broad," "overly burdensome," "irrelevant," "outside the relevant time period," and "not reasonably likely to lead to the discovery of admissible evidence."[2] For example, Stanley Shapiro and the other Defendants categorically object to producing any written communications with Madoff, Annette Bongiorno or Paul Konigsberg, regarding their family's accounts at BLMIS. The Defendants likewise have refused to produce any documents relating to Mr. Konigsberg. As this Court may recall, the Trustee has alleged that Mr. Shapiro was complicit with these individuals in fabricating millions of dollars in fictitious trades. These and many other categories of documents sought by the Trustee are highly relevant in this proceeding yet the Defendants refuse to produce any of them. Defendants' categorical boilerplate objections are improper under the recently amended federal rules, which now explicitly prohibit categorical objections and further require, by way of example, that "[a]n objection to part of a request [for production of documents] must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Second, the Defendants also categorically object to many of the Trustee's requests on the ground the information or documents sought "relate[] only to causes of action that have been dismissed" as to certain of the Defendants. For example, Leslie Citron objects to many requests concerning activity in Account No. 1SH030, an account held for many years by Mr. and Mrs. Shapiro as trustees of a trust Ms. Citron formed for her own benefit. Although Ms. Citron is no longer a party to any claim relating to that account, Mr. and Mrs. Shapiro are. Fed. R. Civ. P. 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim." The Trustee thus can seek from Ms. Citron, or any other party, discovery relevant to any pending claim, whether asserted against the responding party or another party in this proceeding. The Trustee notes that a few of his requests are directed to areas which the Defendants maintain are not relevant to any claim still pending before this Court (*e.g.,* claim to avoid and recover subsequent transfers, 502(d) claim). The Trustee does not intend to challenge this position at this time.

There is a final category of requests which may be rendered irrelevant if the parties enter into stipulations relating to transfers made in connection with Account Nos. 1C1251, 1S0306, and 1SH171. Although the parties have exchanged several draft sets of stipulations relating to these accounts over the last few months, the Defendants never responded to the Trustee's latest proposed set of stipulations, which was sent several weeks ago.

---

[1] For the Court's convenience, the Trustee attaches hereto at Exhibit 1 charts of the Defendants' responses and the category or categories into which each response generally falls. There are other deficiencies in certain of the Defendants' responses which can either be raised at conference or, if need be, addressed in a motion to compel.

[2] As to the last of these boilerplate objections, this is no longer the standard under Rule 26(b)(1).

Honorable Stuart M. Bernstein
January 11, 2017
Page 3

For the foregoing reasons, the Trustee respectfully requests a conference with the Court to resolve the instant discovery dispute.

**BAKER & HOSTETLER LLP**

By: /s/ *James H. Rollinson*
127 Public Square
Cleveland, Ohio 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
James H. Rollinson
Email: jrollinson@bakerlaw.com

*and*

45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Ona T. Wang
Email: owang@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC and the consolidated estate of Bernard L. Madoff*

Enclosures