# EXHIBIT B

**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax, Esq. (BL1302)
Robert R. Miller, Esq. (RM0630

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>STANLEY SHAPIRO, *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**DEFENDANT'S RESPONSE TO TRUSTEE'S FIRST SET OF
REQUESTS FOR ADMISSION TO DEFENDANT LESLIE CITRON**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Defendant Leslie Citron responds to Trustee's First Set of Requests for Admission to Defendant Leslie Citron ("Admission Requests"), filed by Irving H. Picard as trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), as follows:

**GENERAL OBJECTIONS AND RESPONSES**

1. Defendant objects to the Admission Requests to the extent that they seek to enlarge and expand the scope of discovery as set forth by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of this District and this Court.

2. Defendant objects to the Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to the Requests to the extent that they seek information relevant only to causes of action that have been dismissed.

4. Defendant objects to any Request that employs imprecise specifications of the information sought as vague and ambiguous.

5. Defendant objects to the Requests to the extent that they are not limited by an appropriate time restriction or are outside the time period designated.

6. The following Responses reflect Defendant's present knowledge and information, and may be subject to change or modification based on Defendant's further discovery. Where Defendant states that she lacks knowledge or information to admit or deny a request, she hereby states that she has made reasonable inquiry and that the information she knows or can readily obtain is insufficient to enable her to admit or deny the request. Defendant specifically reserves the right to further supplement, amend or otherwise revise her Responses to these Requests in accordance with Fed. R. Civ. P. 26(e).

## **SPECIFIC OBJECTIONS AND RESPONSES**

The responses to the specific requests set forth below shall be deemed to incorporate, and shall not be deemed a waiver of, the foregoing General Objections.

1. Admit that attached hereto as **Exhibit 1** is a true and accurate copy of an indenture of trust, dated June 6, 1985.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Further responding, Respondent states that the document speaks for itself.

2. Admit that attached hereto as **Exhibit 1** is a true and accurate copy of a document which you signed or executed on June 6, 1985.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that her signature appears on page 19 of the document at issue.

3. Admit that attached hereto as **Exhibit 1** is a true and accurate copy of a document which Stanley Shapiro signed or executed on June 6, 1985.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

4. Admit that attached hereto as **Exhibit 1** is a true and accurate copy of a document which Renee Shapiro signed or executed on June 6, 1985.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

5. Admit that the trust created by the indenture of trust, a copy of which is attached hereto as **Exhibit 1**, was initially referred to as the "Leslie Shapiro 1985 Trust."

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

6. Admit that under the terms of the indenture of trust, a copy of which is attached hereto as **Exhibit 1**, Stanley Shapiro and Renee Shapiro were appointed to serve as trustees of the Leslie Shapiro 1985 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

7. Admit that you were the primary beneficiary of the Leslie Shapiro 1985 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

8. Admit that the indenture of trust, a copy of which is attached hereto as **Exhibit 1**, was amended on August 15, 1989 concerning the designation of a successor trustee of the Leslie Shapiro 1985 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

9. Admit that the indenture of trust, a copy of which is attached hereto as **Exhibit 1**, was amended on August 15, 1989 with such amendment designating Bernard L. Madoff as a successor trustee.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

10. Admit that attached hereto as **Exhibit 2** is a true and accurate copy of a document which you signed or executed on June 1, 1995.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that her signature appears on Bates-stamped page "AMF00237473" of the document at issue.

11. Admit that attached hereto as **Exhibit 2** is a true and accurate copy of a document which Stanley Shapiro signed or executed on June 1, 1995.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

12. Admit that attached hereto as **Exhibit 2** is a true and accurate copy of a document which Renee Shapiro signed or executed on June 1, 1995.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

13. Admit that attached hereto as **Exhibit 2** is a true and accurate copy of an amendment to indenture of trust which amended certain of the terms of the Leslie Shapiro 1985 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Further responding, Respondent states that the document speaks for itself.

14. Admit that on or about May 1, 1996, you executed a document which amended and restated the Leslie Shapiro 1985 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

15. Admit that attached hereto as **Exhibit 3** is a true and accurate copy of a document which you signed or executed on April 13, 2000.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that her signature appears on Bates-stamped page "AMF00237460" of the document at issue.

16. Admit that attached hereto as **Exhibit 3** is a true and accurate copy of a document which Stanley Shapiro signed or executed on April 13, 2000.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

17. Admit that attached hereto as **Exhibit 3** is a true and accurate copy of a document which Renee Shapiro signed or executed on April 13, 2000.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

18. Admit that the document, attached hereto as **Exhibit 3**, amended Article I of the Leslie Shapiro 1985 Trust to provide that the Leslie Shapiro 1985 Trust was to be thereafter

referred to as the "Leslie Shapiro Citron 1985 Trust."

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent states that the document speaks for itself.

19.   Admit that from June 6, 1985 through at least December 31, 2005, Stanley Shapiro and Renee Shapiro continuously served as the trustees of the Leslie Shapiro 1985 Trust, which was later known as the Leslie Shapiro Citron 1985 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

20.   Admit that in or about February of 1990, either Stanley Shapiro, Renee Shapiro or both of them, in their capacity as a trustee or the trustees of the Leslie Shapiro 1985 Trust, caused BLMIS to open the Portfolio Account.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

21.   Admit that between the date that the Portfolio Account was opened and December 11, 2008, no cash was ever provided to or deposited with BLMIS to purportedly invest in the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

22.   Admit that between January 1, 1990 and December 11, 2008, a total of $3,037,500.00 was withdrawn from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

23.   Admit that between January 1, 1990 and December 11, 2008, you received from BLMIS a total of $3,037,500.00 in Transfers withdrawn from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

24.   Admit that between January 1, 1999 and December 11, 2008, a total of $2,670,000.00 was withdrawn from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

25.     Admit that between January 1, 1999 and December 11, 2008, you received from BLMIS a total of $2,670,000.00 in Transfers withdrawn from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

26.     Admit that attached hereto as **Exhibit 4** is a true and accurate copy of a note which, although it may contain other handwriting, was written by Stanley Shapiro, in his capacity as trustee of, among other trusts, the Leslie Shapiro 1985 Trust.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

27.     Admit that as set forth in the note, a copy of which is attached hereto as **Exhibit 4**, Stanley Shapiro instructed BLMIS to begin, as of January of 1998, making monthly distributions or Transfers in the amount of $7,500.00 from the Portfolio Account.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

28.     Admit that you instructed or directed Stanley Shapiro either to send to BLMIS the note, a copy of which is attached as **Exhibit 4**, or to notify BLMIS to start making monthly distributions or Transfers in the amount of $7,500.00 from the Portfolio Account.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

29.     Admit that in or about December of 1997, you were aware that Stanley Shapiro either had provided to BLMIS the note, a copy of which is attached as **Exhibit 4**, or had otherwise notified BLMIS to start making monthly distributions or Transfers in the amount of $7,500.00 from the Portfolio Account.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

30.     Admit that starting in January of 1998 and continuing through December of 1999, you received a distribution or Transfer in the amount of $7,500.00 each month from the Portfolio

Account.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

31. Admit that attached hereto as **Exhibit 5** is a true and accurate copy of a check that you received from BLMIS, which was made payable to "Leslie Shapiro 6/6/85 Trust" in the amount of $7,500.00 and dated January 4, 1999.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

32. Admit that you endorsed and deposited the check, a copy of which is attached hereto at **Exhibit 5**, into a bank account held either solely or jointly in your name.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

33. Admit that attached hereto as **Exhibit 6** is a true and accurate copy of a note which, although it may contain other handwriting, was written by Stanley Shapiro, in his capacity as trustee of, among other trusts, the Leslie Shapiro 1985 Trust.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

34. Admit that as set forth in the note, a copy of which is attached hereto as **Exhibit 6**, Stanley Shapiro instructed BLMIS to begin, as of January 1, 2000, making monthly distributions or Transfers in the amount of $10,000.00 from the Portfolio Account.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

35. Admit that you instructed or directed Stanley Shapiro either to send the note, a copy of which is attached as **Exhibit 6**, to BLMIS or to notify BLMIS to start making monthly distributions or Transfers in the amount of $10,000.00 from the Portfolio Account.

**RESPONSE:**  Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

36. Admit that in or about December of 1999, you were aware that Stanley Shapiro had notified BLMIS to start making monthly distributions or Transfers in the amount of $10,000.00 from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

37. Admit that starting in January of 2000 and continuing through at least December of 2002, you received a distribution or Transfer in the amount of $10,000.00 each month from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

38. Admit that attached hereto as **Exhibit 7** is a true and accurate copy of a check that you received from BLMIS, which was made payable to "Leslie Shapiro 6/6/85 Trust" in the amount of $10,000.00 and dated January 3, 2000.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

39. Admit that you endorsed and deposited the check, a copy of which is attached hereto as **Exhibit 7**, into a bank account held either solely or jointly in your name.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

40. Admit that attached hereto as **Exhibit 8** is a true and accurate copy of a check that you received from BLMIS, which was made payable to "Leslie Shapiro Citron" in the amount of $10,000.00 and dated January 2, 2001.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

41. Admit that you endorsed and deposited the check, a copy of which is attached hereto as **Exhibit 8**, into a bank account held either solely or jointly in your name.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

42. Admit that in April of 2003, Stanley Shapiro arranged for BLMIS to wire the sum of $1,250,000.00 into a bank account held in your name from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

43. Admit that in April of 2003, the sum of $1,250,000.00 was wired by BLMIS into a bank account that you held at JPMorgan Chase Bank.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

44. Admit that in or about April of 2003, Stanley Shapiro arranged for the Split-Strike Account to be opened at BLMIS in your name.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

45. Admit that attached hereto as **Exhibit 9** is a true and accurate copy of a "Trading Authorization Limited to Purchases and Sales of Securities and Options" which you signed.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that her signature appears on Bates-stamped page "AMF00239846."

46. Admit that attached hereto as **Exhibit 10** is a true and accurate copy of an "Option Agreement" which you signed.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that her signature appears on Bates-stamped page "AMF00239848."

47. Admit that attached hereto as **Exhibit 11** is a true and accurate copy of a "Customer Agreement" which you signed.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that her signature appears on Bates-stamped page "AMF00239851."

48. Admit that attached hereto as **Exhibit 12** is a true and accurate copy of a document which you signed.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that her signature appears on Bates-stamped page "AMF00239845."

49. Admit that the signature on the copy of the note attached hereto as **Exhibit 13** is your signature.

**RESPONSE:** Admit.

50. Admit that attached hereto **Exhibit 13** is a true and accurate copy of a note which, although it may contain other handwriting, was written by Stanley Shapiro.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

51. Admit that attached hereto as **Exhibit 14** is a true and accurate copy of a note which, although it may contain other handwriting and a copy of a blank check with word "VOID" written on it, was written by Stanley Shapiro.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

52. Admit that in the note, a copy of which is attached hereto as **Exhibit 14**, Stanley Shapiro instructed BLMIS to wire on July 21, 2004 certain funds from the Portfolio Account and certain funds from the Split-Strike Account into a bank account held in your name.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent states that the document speaks for itself.

53. Admit that on or about July 21, 2004, the total sum of $1,300,000.00 was wired by BLMIS into a bank account that you held at JPMorgan Chase Bank.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

54. Admit that according to the account statement issued by BLMIS for the Portfolio Account for the month of December of 2005, BLMIS reportedly transferred the sum of $1,700,600.00 from the Portfolio Account into the Split-Strike Account.

**RESPONSE:** Admit.

55. Admit that in or about December 2005, Stanley Shapiro caused BLMIS to reportedly transfer the sum of $1,700,600.00 from the Portfolio Account into the Split-Strike Account.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

56. Admit that the signature on the copy of the letter attached hereto as **Exhibit 15** is your signature.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

57. Admit that attached hereto **Exhibit 15** is a true and accurate copy of a note which, although it may contain other handwriting, was written by Stanley Shapiro.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

58. Admit that the signature on the copy of the letter attached hereto as **Exhibit 16** is *not* your signature.

**RESPONSE:** Admit.

59. Admit that the signature on the copy of the letter attached hereto as **Exhibit 16** was made by Kenneth Citron on your behalf.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

60. Admit that the signature on the copy of the note attached hereto as **Exhibit 17** is *not* your signature.

**RESPONSE:** Admit.

61. Admit that the signature on the copy of the note attached hereto as **Exhibit 17** was made by Stanley Shapiro on your behalf.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

62.     Admit that the handwriting, other than the check-mark, on the copy of the note attached hereto as **Exhibit 17** is that of Stanley Shapiro.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

63.     Admit that you did not receive a Transfer from BLMIS for the quarter ending June 30, 2008 from the Split-Strike Account.

**RESPONSE:** Denied.

64.     Admit that you received a Transfer from BLMIS for the quarter ending September 30, 2008 from the Split-Strike Account.

**RESPONSE:** Admit.

65.     Admit that in October of 2008, you received a Transfer from BLMIS in the amount of $46,376.00 from the Split-Strike Account.

**RESPONSE:** Admit.

66.     Admit that between March 1, 2003 and December 11, 2008, a total of $4,527,497.33 was withdrawn from the Split-Strike Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

67.     Admit that between March 1, 2003 and December 11, 2008, you received from BLMIS a total of $4,527,497.33 in Transfers withdrawn from the Split-Strike Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against her that have been dismissed.

68.     Admit that between December 12, 2006 and December 11, 2008, a total of $678,303.59 was withdrawn from the Split-Strike Account.

**RESPONSE:** Admit.

69.     Admit that between December 12, 2006 and December 11, 2008, you received from BLMIS a total of $678,303.59 in Transfers withdrawn from the Split-Strike Account.

**RESPONSE:** Admit.

Dated:  October 20, 2016               By:      */s/* **Barry R. Lax**
                                                Barry R. Lax, Esq.
                                                Robert R. Miller, Esq.
                                                **LAX & NEVILLE LLP**
                                                1450 Broadway, 35th Floor
                                                New York, New York 10018
                                                Telephone: (212) 696-1999

## VERIFICATION

STATE OF COLORADO  )
                                 ) ss
COUNTY OF PITKIN  )

Leslie S. Citron, being first duly sworn, says that she has read the foregoing Responses to Trustee's First Set of Requests for Admission to Defendant Leslie S. Citron, and that the responses set forth therein are true to the best of her knowledge, information, and belief.

_____
Leslie S. Citron

    The foregoing instrument was acknowledged before me this 20th day of October, 2016, by Leslie S. Citron.

Witness my hand and official seal.
My commission expires: 9/28/20

_____
Notary Public

```
HANNAH GREGORY
Notary Public
State of Colorado
Notary ID # 20164037303
My Commission Expires 09-28-2020
```

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing to be served on Counsel for Trustee, James H. Rollinson, Esq., Baker & Hostetler, LLP, 127 Public Square, Cleveland, Ohio 44114, via electronic mail to jrollinson@bakerlaw.com on the 21 day of October, 2016.

**LAX & NEVILLE, LLP**

By: */s/ Robert R. Miller*
1450 Broadway, 35th Floor
New York, NY 10018
Telephone: (212) 696-1999
Facsimile: (212) 566 - 4531

*Attorneys for Defendant*