# EXHIBIT E

**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax, Esq. (BL1302)
Robert R. Miller, Esq. (RM0630

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: BERNARD L. MADOFF, Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05383 (SMB) |
| Plaintiff, | |
| v. | |
| STANLEY SHAPIRO, *et al.*, | |
| Defendants. | |

### DEFENDANT'S RESPONSE TO TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT DAVID SHAPIRO

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Defendant David Shapiro responds to the First Set of Requests for Admission to Defendant David Shapiro ("Admission Requests") by Irving H. Picard as trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), as follows:

### GENERAL OBJECTIONS AND RESPONSES

1. Defendant objects to the Admission Requests to the extent that they seek to enlarge and expand the scope of discovery as set forth by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of this District and this Court.

2. Defendant objects to the Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to the Requests to the extent that they seek information relevant only to causes of action that have been dismissed.

4. Defendant objects to any Request that employs imprecise specifications of the information sought as vague and ambiguous.

5. Defendant objects to the Requests to the extent that they are not limited by an appropriate time restriction or are outside the time period designated.

6. The following Responses reflect Defendant's present knowledge and information, and may be subject to change or modification based on Defendant's further discovery. Where Defendant states that he lacks knowledge or information to admit or deny a request, he hereby states that he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny the request. Defendant specifically reserves the right to further supplement, amend or otherwise revise his Responses to these Requests in accordance with Fed. R. Civ. P. 26(e).

**SPECIFIC OBJECTIONS AND RESPONSES**

The responses to the specific requests set forth below shall be deemed to incorporate, and shall not be deemed a waiver of, the foregoing General Objections.

1. Admit that you were born on ▮▮▮▮▮▮▮▮.

**RESPONSE:** Admit.

2. Admit that attached hereto as **Exhibit 1** is a true and accurate copy of an indenture of trust dated August 15, 1989.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

3. Admit that attached hereto as **Exhibit 1** is a true and accurate copy of a document which you signed or executed on August 15, 1989.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that his signature appears on page 19 of the document at issue.

4. Admit that attached hereto as **Exhibit 1** is a true and accurate copy of a document which Stanley Shapiro signed or executed on August 15, 1989.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

5. Admit that attached hereto as **Exhibit 1** is a true and accurate copy of a document which Renee Shapiro signed or executed on August 15, 1989.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

6. Admit that the trust created by the indenture of trust, a copy of which is attached hereto as **Exhibit 1**, was initially referred to as the "David Shapiro 1989 Trust."

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

7. Admit that under the terms of the indenture of trust, a copy of which is attached hereto as **Exhibit 1**, Stanley Shapiro and Renee Shapiro were appointed to serve as trustees of the David Shapiro 1989 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

8. Admit that you were the primary beneficiary of the David Shapiro 1989 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

9. Admit that attached hereto as **Exhibit 2** is a true and accurate copy of a document which you signed or executed on June 1, 1995.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that his signature appears on the second page of the document at issue, Bates-stamped "AMF00237414."

10. Admit that attached hereto as **Exhibit 2** is a true and accurate copy of a document which Stanley Shapiro signed or executed on June 1, 1995.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

11. Admit that attached hereto as **Exhibit 2** is a true and accurate copy of a document which Renee Shapiro signed or executed on June 1, 1995.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

12. Admit that attached hereto as **Exhibit 2** is a true and accurate copy of an

amendment to indenture of trust which amended certain of the terms of the David Shapiro 1989 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Further responding, Respondent states that the document speaks for itself.

13. Admit that, with the exception of the amendment attached hereto as Exhibit 2, the David Shapiro 1989 Trust was not amended at any other time.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

14. Admit that from August 15, 1989 through at least December 31, 2005, Stanley Shapiro and Renee Shapiro continuously served as the trustees of the David Shapiro 1989 Trust.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

15. Admit that in or about February of 1990, either Stanley Shapiro, Renee Shapiro or both of them, in their capacity as a trustee or the trustees of the David Shapiro 1989 Trust, caused BLMIS to open the Portfolio Account.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

16. Admit that between the date that the Portfolio Account was opened and December 11, 2008, no cash was ever provided to or deposited with BLMIS to purportedly invest in the Portfolio Account.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

17. Admit that between January 1, 1990 and December 11, 2008, a total of $2,287,500.00 was withdrawn from the Portfolio Account.

**RESPONSE:** Admit.

18. Admit that between January 1, 1990 and December 11, 2008, you received a total of $2,287,500.00 in Transfers withdrawn from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

19. Admit that between January 1, 1999 and December 11, 2008, a total of $1,920,000.00 was withdrawn from the Portfolio Account.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

20. Admit that between January 1, 1999 and December 11, 2008, you received a total of $1,920,000.00 in Transfers withdrawn from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

21. Admit that attached hereto as **Exhibit 3** is a true and accurate copy of a note which, although it may contain certain other handwriting, was written by Stanley Shapiro.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

22. Admit that attached hereto as **Exhibit 4** is a true and accurate copy of a note which, although it may contain certain other handwriting, was written by Stanley Shapiro, in his capacity as trustee of, among other trusts, the David Shapiro 1989 Trust.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

23. Admit that as set forth in the note, a copy of which is attached hereto as **Exhibit 4**, Stanley Shapiro instructed BLMIS to begin, as of January of 1998, making monthly distributions or Transfers in the amount of $7,500.00 from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

24. Admit that you instructed or directed Stanley Shapiro either to send to BLMIS the note, a copy of which is attached as **Exhibit 4**, or to notify BLMIS to start making monthly distributions in the amount of $7,500.00 from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

25. Admit that in or about December of 1997, you were aware that Stanley Shapiro either had provided to BLMIS the note, a copy of which is attached as **Exhibit 4**, or had otherwise notified BLMIS to start making monthly distributions or Transfers in the amount of $7,500.00 from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

26. Admit that starting in January of 1998 and continuing through December of 1999, you received a distribution or Transfer in the amount of $7,500.00 each month from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

27. Admit that attached hereto as **Exhibit 5** is a true and accurate copy of a check that you received from BLMIS, which was made payable to "David Shapiro 6/6/85 Trust" in the amount of $7,500.00 and dated January 4, 1999.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

28. Admit that you endorsed and deposited the check, a copy of which is attached hereto as **Exhibit 5**, into a bank account held either solely or jointly in your name.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

29. Admit that attached hereto as **Exhibit 6** is a true and accurate note which, although it may contain other handwriting, was written by Stanley Shapiro, in his capacity as the trustee of, among other trusts, the David Shapiro 1989 Trust.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

30. Admit that as set forth in the note, a copy of which is attached hereto as **Exhibit 6**, Stanley Shapiro instructed BLMIS to begin, as of January of 2000, making monthly distributions or Transfers in the amount of $10,000.00 from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

31. Admit that you instructed or directed Stanley Shapiro either to send the note, a copy of which is attached as **Exhibit 6**, to BLMIS or to notify BLMIS to start making monthly distributions or Transfers in the amount of $10,000.00 from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

32. Admit that in or about December of 1999, you were aware that Stanley Shapiro had notified BLMIS to start making monthly distributions or Transfers in the amount of $10,000.00 from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

33. Admit that starting in January of 2000 and continuing through at least December of 2002, you received a distribution or Transfer in the amount of $10,000.00 each month from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

34. Admit that attached hereto as **Exhibit 7** is a true and accurate copy of a check that you received from BLMIS, which was made payable to the "David Shapiro 6/6/85 Trust" in the amount of $10,000.00 and dated January 3, 2000.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

35. Admit that you endorsed and deposited the check, a copy of which is attached hereto as **Exhibit 7**, into a bank account held either solely or jointly in your name.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

36. Admit that in or about May 1997, either Stanley Shapiro, Renee Shapiro or both of them arranged for the Split-Strike Account to be opened at BLMIS in your name or for your benefit.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

37. Admit between May of 1997 and March of 2003, the reported address on the Split-Strike Account was that of Stanley and Renee Shapiro's residence in New York, New York.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

38. Admit that in April of 2003, Stanley Shapiro arranged for BLMIS to wire the sum of $1,200,000.00 into a bank account held in your name from the Portfolio Account.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

39. Admit that in April of 2003, the sum of $1,200,000.00 was wired by BLMIS into a bank account that you held at JPMorgan Chase.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

40. Admit that attached hereto as **Exhibit 8** is a true and accurate copy of a note which, although it may contain other handwriting, was written by Stanley Shapiro.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

41. Admit that in August of 2003, the sum of $520,000.00 was wired by BLMIS into a bank account that you held at JPMorgan Chase.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

42. Admit that according to the account statement issued by BLMIS for the Split-Strike Account for the month of December of 2005, BLMIS reportedly transferred the sum of

$2,500,000.00 from the Portfolio Account into the Split-Strike Account and this reported transfer was made at the request of Stanley Shapiro.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

43. Admit that attached hereto as **Exhibit 9** is a true and accurate copy of a note which, although it may contain other handwriting, was written by Stanley Shapiro.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

44. Admit that the signature on the copy of the note attached hereto as **Exhibit 9** is not your signature.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

45. Admit that the signature on the copy of the note attached hereto as **Exhibit 9** was either forged by Stanley Shapiro or was made by Stanley Shapiro on your behalf.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

46. Admit that on or about December 13, 2005, the sum of $2,500,000.00 was wired by BLMIS into a bank account that you held at JPMorgan Chase Bank.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

47. Admit that attached hereto as **Exhibit 10** is a true and accurate note which, although it may contain other handwriting, was written by Stanley Shapiro.

**RESPONSE:** Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

48. Admit that the signature on the copy of the note attached hereto as **Exhibit 10** is not your signature.

**RESPONSE:** Deny.

49. Admit that the signature on the copy of the note attached hereto as **Exhibit 10** was either forged by Stanley Shapiro or was made by Stanley Shapiro on your behalf.

**RESPONSE:** Deny.

50. Admit that attached hereto as **Exhibit 11** is a true and accurate copy of a note which, although it may contain other handwriting, was written by Stanley Shapiro.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

51. Admit that the signature on the copy of the note attached hereto as **Exhibit 11** is not your signature.

**RESPONSE:** Deny.

52. Admit that the signature on the copy of the note attached hereto as **Exhibit 11** was either forged by Stanley Shapiro or was made by Stanley Shapiro on your behalf.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

53. Admit that attached hereto as **Exhibit 12** is a true and accurate copy of a note which, although it may contain other handwriting, was written by you.

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission.

54. Admit that the signature on the copy of the note attached hereto as **Exhibit 12** is your signature.

**RESPONSE:** Admit.

55. Admit that attached hereto as **Exhibit 13** is a true and accurate copy of a "Trading Authorization Limited to Purchases and Sales of Securities and Options" which you signed

**RESPONSE:** Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that his signature appears on the page Bates-stamped "AMF00214825."

56. Admit that attached hereto as **Exhibit 14** is a true and accurate copy of an "Option Agreement" which you signed.

**RESPONSE**: Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that his signature appears on the page Bates-stamped "AMF00214827."

57. Admit that attached hereto as **Exhibit 15** is a true and accurate copy of a "Customer Agreement" which you signed.

**RESPONSE**: Respondent lacks knowledge or information sufficient to admit or deny this request for admission. Respondent admits that his signature appears on the page Bates-stamped "AMF00214830."

58. Admit that between the date the Split-Strike Account was opened and December 11, 2008, a total of $5,113,989.71 was withdrawn from the Split-Strike Account.

**RESPONSE**: Admit.

59. Admit that between the date the Split-Strike Account was opened and December 11, 2008, you received a total of $5,113,989.71 in Transfers withdrawn from the Split-Strike Account.

**RESPONSE**: Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

60. Admit that between January 1, 1999 and December 11, 2008, a total of $5,103,989.71 was withdrawn from the Split-Strike Account.

**RESPONSE**: Admit.

61. Admit that between January 1, 1999 and December 11, 2008, you received a total of $5,103,989.71 in Transfers withdrawn from the Split-Strike Account.

**RESPONSE**: Respondent objects to this request on the grounds that it is irrelevant, outside the relevant time period, and relates only to causes of action against him that have been dismissed.

62. Admit that between December 12, 2006 and December 11, 2008, a total of $1,014,120.71 was withdrawn from the Split-Strike Account.

**RESPONSE**: Admit.

63. Admit that between December 12, 2006 and December 11, 2008, you received a total of $1,014,120.71 in Transfers withdrawn from the Split-Strike Account.

**RESPONSE:** Admit.

Dated:  November 7, 2016          By:     **/s/ Barry R. Lax**
                                                                            Barry R. Lax, Esq.
                                                                           Robert R. Miller, Esq.
                                                                           **LAX & NEVILLE LLP**
                                                                           1450 Broadway, 35th Floor
                                                                           New York, New York 10018
                                                                           Telephone: (212) 696-1999

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS
COUNTY OF NEW YORK       )

David Shapiro, being duly sworn, says that he has read the foregoing Responses to the Trustee's First Set of Requests for Admission to Defendant David Shapiro, and that the responses set forth therein are true to the best of his knowledge, information, and belief.

Dated: November 7, 2016         By: _____
                                    David Shapiro

The foregoing was signed before me on this 7 day of Nov 2016 by David Shapiro, who is known to me or produced a driver licenses as identification, and who did take an oath that the statements contained in this document are true and correct to the best of his knowledge, information and belief.

_____
Notary

ROBERT R. MILLER
Notary Public, State of New York
Registration #02MI6344760
Qualified In New York County
Commission Expires July 11, 2020

15