**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**[PROPOSED] ORDER AUTHORIZING THE CONTINUED**
**DEPOSITION OF BERNARD L. MADOFF**

**WHEREAS**, on September 29, 2016, this Court entered an Order Authorizing the Deposition of Bernard L. Madoff ("Madoff") pursuant to requests from certain defendants (the "Participating Customers") subject to certain limitations (ECF No. 14213) (the "Madoff Deposition Order").[1]  The Madoff Deposition Order provided that counsel for Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually, and counsel for the Participating Customers (together with the Trustee, the "Parties"), along with counsel representing Madoff (collectively, "Authorized Counsel"), were permitted to appear at the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Madoff Deposition Order.

**DRAFT – FOR DISCUSSION PURPOSES ONLY**

deposition. (Madoff Deposition Order, at ¶ A). The Madoff Deposition Order also identified the topics that could be addressed at the deposition, referred to as the "Day 1 Deposition Topics." (Madoff Deposition Order, at 2-3.)

**WHEREAS**, on December 20, 2016, the Participating Customers deposed Madoff on the Day 1 Deposition Topics ("December 20th Deposition"), but they did not finish their questioning on these topics in the time allotted. Counsel for the Trustee did not have the opportunity to ask any questions of Madoff or conduct any cross-examination, and reserved his rights on the record.

**WHEREAS**, the Madoff Deposition Order anticipated the completion of Day 1 Deposition Topics by the Participating Customers in a single seven-hour day, and did not address how to proceed if the Participating Customers did not finish.

**WHEREAS**, pursuant to the Madoff Deposition Order ¶ C, the transcript of the December 20th Deposition was received by the Parties, as well as by counsel for SIPC and the Picower Parties (as defined in the Madoff Deposition Order), on January 3, 2017.

**WHEREAS**, the Madoff Deposition Order provided a 21-day deadline ("21-Day Deadline") following receipt of that deposition transcript during which counsel for the Participating Customers and counsel for the Trustee could identify and file with the Court additional proposed topics (the "Day 2 Deposition Topics").

**WHEREAS**, certain provisions of the Madoff Deposition Order need to be amended in light of the foregoing circumstances.

**IT IS HEREBY ORDERED THAT:**

1. The deposition of Madoff on the Day 1 Deposition Topics shall be continued for two additional days of testimony, subject to the discretion of the warden of the Federal Correctional Institution located in Butner, North Carolina. The first additional day of testimony may be taken

2

**DRAFT – FOR DISCUSSION PURPOSES ONLY**

by Helen Davis Chaitman, Esq. on behalf of the Participating Customers, and the second additional day of testimony may be taken by counsel for the Trustee, with re-direct by Ms. Chaitman following the questioning by counsel for the Trustee.

2. The 21-Day Deadline shall not begin to run until the date that the Parties receive the last deposition transcript after the third day of deposition testimony on the Day 1 Deposition Topics. (*See* Madoff Deposition Order, at ¶C.)  Once the testimony on Day 1 Deposition Topics is completed, the Parties will continue to follow the procedures outlined in the Order as it pertains to the Day 2 Deposition Topics.

3. Paragraph H of the Madoff Deposition Order shall hereby be modified to define the Confidentiality Period as meaning that a transcript shall remain confidential through the longer of twenty-one (21) days after the date that the transcript is provided to counsel to the Trustee, the Participating Customers, the Picower Parties and SIPC, or, if any such party moves to seal, strike or redact any portion of that transcript within that 21-day period, then solely as to that portion of the transcript, the day after a final, non-appealable order is entered on such motion(s). Notwithstanding the foregoing, the Confidentiality Period for the December 20th Deposition transcript shall be through the longer of February 3, 2017 or, with respect to any portion of the December 20th Deposition transcript that is the subject of a motion to seal, strike or redact, the day after a final, non-appealable order is entered on any such motion(s).

4. Other than as set forth herein, nothing in this Order shall modify the Madoff Deposition Order, which remains in full force and effect.

**DRAFT – FOR DISCUSSION PURPOSES ONLY**

    5. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.


Dated: New York, New York
        January ____, 2017

                                              _____
                                              **Hon. Stuart M. Bernstein**
                                              **United States Bankruptcy Judge**