**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN JUDY L. KAUFMAN ET AL. TENANCY IN COMMON, RICHARD B. FELDER AND DEBORAH FELDER TENANCY IN COMMON, AND KEITH SCHAFFER, JEFFREY SCHAFFER, CARLA R. HIRSCHHORN TENANCY IN COMMON**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff").

2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine

whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3.   I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4.   I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Judy L. Kaufman et al. Tenancy In Common, Richard B. Felder and Deborah Felder Tenancy In Common, and Keith Schaffer, Jeffrey Schaffer, Carla R. Hirschhorn Tenancy In Common (the "Motion").

5.   At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6.   For purposes of the Motion, the Trustee selected three BLMIS accounts held by the following: 1CM100 held by Judy L. Kaufman et al. Tenants In Common (the "Kaufman Tenancy In Common"), 1ZA249 held by Richard B. Felder and Deborah Felder Tenants In Common (the "Felder Tenancy In Common"), and 1ZA339 held by Keith Schaffer, Jeffrey

2

Schaffer, Carla R. Hirschhorn, Tenants In Common (the "Schaffer and Hirschhorn Tenancy In Common") (collectively, the "Tenancies in Common") which accounts (the "Accounts") are listed on Exhibit 1.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account of which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, corporate formation documents, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Tenancies in Common. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to one of the Tenancies in Common and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Tenancy in Common.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 8 claims and 5 objections filed by Objecting Claimants who claim to hold an interest in one or more of the Tenancy in Common accounts and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as

3

filed with the Court, the lawyers originally representing the Objecting Claimants, the Account-holding Tenancy in Common to which the Objecting Claimants claim a right, and the Tenancy in Common Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13. Each of the Tenancies in Common filed a direct claim related to its Account seeking a distribution from the fund of customer property for its Account.

14. Letters of determination were sent to each of the Kaufman Tenancy In Common and the Schaffer and Hirschhorn Tenancy In Common denying their customer claims on the ground that they were net winners, *i.e.*, that each had withdrawn more money from its BLMIS Account than had been deposited.

15. A letter of determination was sent to the Felder Tenancy In Common, allowing its customer claim.

16. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for the Kaufman Tenancy In Common.

17. Attached hereto as Exhibit 5 is a true and correct copy of claim 012888, filed with the Trustee by Robert and Rebecca Epstein Living Trust.

18. Attached hereto as Exhibit 6 is a true and correct copy of claim 012947, filed with the Trustee by Daniel C. Epstein.

19. Attached hereto as Exhibit 7 is a true and correct copy of the BLMIS customer file for Richard B. Felder and Deborah Felder Tenants In Common.

20. Attached hereto as Exhibit 8 is a true and correct copy of claim 001463, filed with the Trustee by Jonathan E. Felder.

21. Attached hereto as Exhibit 9 is a true and correct copy of claim 001515, filed with the Trustee by Jeffrey D. Felder.

22. Attached hereto as Exhibit 10 is a true and correct copy of claim 001369, filed with the Trustee by the Richard and Deborah Felder Foundation.

23. Attached hereto as Exhibit 11 is a true and correct copy of the BLMIS customer file for Keith Schaffer, Jeffrey Schaffer, Carla R. Hirschhorn, Tenants In Common.

24. Attached hereto as Exhibit 12 is a true and correct copy of claim 100192, filed with the Trustee by Carla Hirschhorn.

25. Attached hereto as Exhibit 13 is a true and correct copy of claim 100397, filed with the Trustee by Jeffrey Schaffer.

26. Attached hereto as Exhibit 14 is a true and correct copy of claim 100400, filed with the Trustee by Keith Schaffer.

27. The Accounts were in the names of their respective Tenancy In Common, not the Objecting Claimants, as detailed on Exhibit 1 attached hereto. The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 12, 2017

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022