**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>                v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br><br>                v.<br><br>STANDARD CHARTERED FINANCIAL SERVICES (LUXEMBOURG) S.A. (f/k/a AMERICAN EXPRESS FINANCIAL SERVICES (LUXEMBOURG) S.A. and f/k/a AMERICAN EXPRESS BANK (LUXEMBOURG) S.A.), as represented by its Liquidator HANSPETER KRÄMER, HANSPETER KRÄMER, in his capacities as liquidator and representative of STANDARD CHARTERED FINANCIAL SERVICES (LUXEMBOURG) S.A.,<br><br>STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD., f/k/a AMERICAN EXPRESS BANK INTERNATIONAL, and<br><br>STANDARD CHARTERED INTERNATIONAL (USA) LTD., f/k/a AMERICAN EXPRESS BANK LTD.,<br><br>                Defendants. | Adv. Pro. No. 12-01565 (SMB) |

**SO ORDERED STIPULATION
APPLYING OMNIBUS EXTRATERRITORIALITY BRIEFING
AND MEMORANDUM DECISION TO DEFENDANTS STANDARD CHARTERED
BANK INTERNATIONAL (AMERICAS) LTD., F/K/A AMERICAN EXPRESS BANK
INTERNATIONAL AND STANDARD CHARTERED INTERNATIONAL (USA) LTD.,
<u>F/K/A AMERICAN EXPRESS BANK LTD.</u>**

Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, and Defendants Standard Chartered Bank International (Americas) Ltd., f/k/a American Express Bank International ("SCBI") and Standard Chartered International (USA) Ltd., f/k/a American Express Bank Ltd. ("SCI" and together with SCBI, the "Joinder Defendants," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97, 167, and 203;

**WHEREAS,** the Joinder Defendants did not move to withdraw the reference as to the Extraterritoriality Issue and/or did not participate in the briefing or oral argument on the Extraterritoriality Issue before Judge Rakoff;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.*, ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the

3

Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, after the adversary proceedings were returned to this Court, the parties stipulated to a scheduling order (the "Scheduling Order"), attaching certain exhibits listing those defendants that were parties to the proceedings before Judge Rakoff and to the Extraterritoriality Order (the "Participating Defendants"), as well as those defendants who were not parties to the Extraterritoriality Order but contended that they were similarly situated (the "Non-Participating Defendants" and collectively with the Participating Defendants the "Bankruptcy Court ET Defendants"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, the Scheduling Order included certain stipulations relating to the place of formation or citizenship of the subsequent transferors and subsequent transferees comprising the Bankruptcy Court ET Defendants;

**WHEREAS**, the Joinder Defendants were not Bankruptcy Court ET Defendants and did not participate in the briefing or oral argument on the Extraterritoriality Issue before Judge Bernstein (the "Extraterritoriality Motion to Dismiss");

**WHEREAS**, on December 31, 2014, the Bankruptcy Court ET Defendants filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See*

*Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8903;

**WHEREAS**, pursuant to further Scheduling Orders, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) either a proposed amended complaint or proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed amended complaint. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, 9720;

**WHEREAS**, on September 30, 2015, the Bankruptcy Court ET Defendants filed (a) a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) defendant-specific supplemental reply memoranda in support of the Extraterritoriality Motion to Dismiss. *See id.*

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12798;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted the Extraterritoriality Motion to Dismiss as to causes of action seeking to recover subsequent transfers the Bankruptcy Court ET Defendants received from Fairfield Sentry Limited, Fairfield Sigma Limited, Fairfield Lambda Limited, Kingate Global Fund Limited, Kingate Euro Fund Limited, and/or Harley International (Cayman) Limited (the "Foreign Registered Funds") on grounds of international comity (the "International Comity Holding").

5

*See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 14495 at 36–40;

**WHEREAS**, the Trustee has also asserted subsequent transfer claims against the Joinder Defendants seeking to recover transfers they allegedly received from one or more of the Foreign Registered Funds;

**WHEREAS**, the Joinder Defendants are deemed to incorporate all the arguments set forth by similarly situated defendants in the District Court Extraterritoriality Motion and the consolidated Bankruptcy Court Extraterritoriality Motion;[1]

**WHEREAS**, in light of the foregoing, the Parties hereby seek entry of this So Ordered Stipulation Applying the Memorandum Decision's International Comity Holding, to allow the Joinder Defendants to participate in any related appeal;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND SO ORDERED**, that:

(1) as to claims seeking to recover subsequent transfers the Joinder Defendants allegedly received from the Foreign Registered Funds, pursuant to section 550(a) of the Bankruptcy Code, applicable provisions of SIPA including section 78fff-2(c)(3) and/or New York Debtor and Creditor Law, the Memorandum Decision's International Comity Holding applies equally to the Joinder Defendants, both of which are domestic transferees who were "located" in the United States;

(2) the Parties are hereby directed to confer for the purpose of submitting consensual orders consistent with the dispositions of the Memorandum Decision's International Comity

---

[1] The Joinder Defendants do not join in any supplemental briefing submitted by individual defendants in the extraterritoriality briefing before the Bankruptcy Court.

Holding and this So Ordered Stipulation. If the Parties cannot submit consensual orders, they should settle orders on notice to the other parties in those adversary proceedings;

(3) if the Memorandum Decision's International Comity Holding is reversed, the adversary proceedings are remanded, or the Bankruptcy Court's Memorandum Decision is otherwise overturned in any manner by appeal, the Parties fully preserve their rights to prosecute and defend the Trustee's subsequent transfer claims against the Joinder Defendants for transfers allegedly received from one or more of the Foreign Registered Funds on any other basis, and the period during the pendency of this appeal shall not be used by any party as a basis for arguing undue delay or untimeliness as to the exercise of any such right by the Trustee or the Joinder Defendants;

(4) the Parties expressly reserve all rights and defenses with respect to any transfer not addressed by the Memorandum Decision's International Comity Holding; and

(5) this Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

Dated: January 19, 2017  
New York, New York

By: __/s/ David J. Sheehan__  
**BAKER & HOSTETLER LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

7

Dated: January 19, 2017  By:   /s/Diane L. McGimsey
      New York, New York  **SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Sharon L. Nelles
Email: nelless@sullcrom.com
Andrew John Finn
Email: finna@sullcrom.com

1888 Century Park East
Los Angeles, California 90067
Diane L. McGimsey
Email: mcgimseyd@sullcrom.com
*Admitted pro hac vice*

*Attorneys for Standard Chartered Financial Services (Luxembourg) S.A., Standard Chartered Bank International (Americas) Ltd. and Standard Chartered International (USA) Ltd.*

**SO ORDERED**

Dated: January 19, 2017
      New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated: January 19, 2017         By:   /s/Diane L. McGimsey
    New York, New York         **SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Sharon L. Nelles
Email: nelless@sullcrom.com
Andrew John Finn
Email: finna@sullcrom.com

1888 Century Park East
Los Angeles, California 90067
Diane L. McGimsey
Email: mcgimseyd@sullcrom.com
*Admitted pro hac vice*

*Attorneys for Standard Chartered Financial Services (Luxembourg) S.A., Standard Chartered Bank International (Americas) Ltd. and Standard Chartered International (USA) Ltd.*

**SO ORDERED**

Dated: January 19, 2017
    New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE