**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the substantively consolidated Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff | |
| Plaintiff, | |
| v. | |
| DEFENDANTS LISTED ON EXHIBIT A ATTACHED HERETO, | Adv. Pro. Nos. listed on Exhibit A Attached Hereto |
| Defendants. | |

## JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)

Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated estate of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the estate of Bernard L. Madoff,

individually, together with the defendants in the adversary proceedings (the "Adversary

Proceedings") listed on Exhibit A attached hereto (the "Defendants," and together with the

Trustee, the "Parties"[1]), respectfully submit this memorandum of law in support of the Parties'

Joint Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) (the

"Motion"), which seeks this Court's entry of final judgment of the Dismissed Claims (as defined

below) pursuant to Federal Rule of Civil Procedure 54(b),[2] and an express determination that

there is no just cause for delay.[3]

## PRELIMINARY STATEMENT

On November 22, 2016, this Court entered the Memorandum Decision Regarding Claims

to Recover Foreign Subsequent Transfers (the "Memorandum Decision"), directing, among other

things, dismissal of certain of the Trustee's claims seeking recovery of subsequent transfers of

BLMIS customer property under Bankruptcy Code section 550(a)(2). *See SIPC v. BLMIS (In re*

*Madoff)*, No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov 22, 2016).

The Memorandum Decision directs parties to settle orders in 91 adversary proceedings.[4]

Entry of the proposed orders will result in dismissal of all claims against all parties in 74 of the

91 adversary proceedings (the "Finally Determined Proceedings").   Furthermore, this Court

directed dismissal of less than all claims and parties in 17 proceedings (the "Dismissed Claims").

---

[1] All but one defendant in the 17 cases identified on Exhibit A affirmatively join in the Motion.  Zephyros Limited, defendant in *Picard v. Zephyros Limited*, No. 10-01278, does not oppose the Motion, but does not affirmatively join.

[2] Made applicable to the Adversary Proceedings through Federal Rule of Bankruptcy Procedure 7054.

[3] If the Court denies the Motion, the Trustee fully reserves his right to seek interlocutory appeal in the Adversary Proceedings under 28 U.S.C. § 158(a)(3) or 158(d).

[4] The 91 adversary proceedings accounts for parties joined pursuant to this Court's entry of the So Ordered Stipulations Applying Omnibus Extraterritoriality Briefing and Memorandum Decision to Certain Joinder Defendants (ECF Nos. 14890 and 14915), as well as the Trustee's voluntary dismissal of one adversary proceeding subject to the Memorandum Decision.

This Motion addresses the 17 adversary proceedings involving the Dismissed Claims. The Parties to the Motion have conferred pursuant to the Memorandum Decision, and request:[5] (1) a final judgment under Rule 54(b) as to the Dismissed Claims;[6] (2) a finding by this Court that there is no just reason for delay of entry of final judgment as to the Dismissed Claims; and (3) entry of an order in each adversary proceeding identified on Exhibit A, in the form attached hereto in Exhibits D,[7] E, F, and G.[8]

Entry of final judgment as to the Dismissed Claims will permit the Trustee to seek immediate appellate review by the Second Circuit, if authorized,[9] of the Memorandum Decision and the conclusions of law set forth in the Opinion and Order dated July 6, 2014 of the District Court (the "District Court Decision") in the 17 adversary proceedings.[10] This procedure will facilitate concurrent appeals in all of the adversary proceedings affected by the Memorandum Decision.

---

[5] The Parties further incorporate by reference the Letter dated January 17, 2017 (ECF No. 14858), which requests that, if the Court denies the Motion, the Parties shall have seven days following the Court's ruling to submit proposed consensual orders consistent with the Memorandum Decision.

[6] The Defendants have expressly consented to the Bankruptcy Court's entry of a final judgment for the purposes of the Dismissed Claims, which is set forth in each proposed final order, attached hereto as Exhibits D through G. Notwithstanding Defendants' consent, Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with these adversary proceedings, including with respect to the Bankruptcy Court's power to finally determine any other matters in these adversary proceedings.

[7] Exhibit D is comprised of proposed consensual orders being submitted in 14 of the 17 adversary proceedings included in this Motion.

[8] The Trustee and defendants in *Picard v. Fairfield Investment Fund Ltd.* (No. 09-01239), *Picard v. Safehand Investments* (No. 12-01701), and *Picard v. Barreneche Inc.* (No. 12-01702) (collectively, the "Fairfield Proceedings") were unable to agree as to the form of the proposed orders settling the Memorandum Decision. The Trustee's proposed orders are attached hereto as Exhibits E-1, F-1, and G-1 (the "Trustee's Proposed Fairfield Orders"), and a chart summarizing the active and dismissed claims pursuant to the Trustee's Proposed Fairfield Orders is attached hereto as Exhibit C-1. The defendants' proposed orders are attached hereto as Exhibits E-2, F-2, and G-2 ("Defendants' Proposed Fairfield Orders"), and a chart summarizing the active and dismissed claims pursuant to the Defendants' Proposed Fairfield Orders is attached hereto as Exhibit C-2. Concurrent with the filing of this Motion, the defendants in the Fairfield Proceedings will submit a letter to this Court detailing the basis for entry of the Defendants' Proposed Fairfield Orders. The Trustee will respond with his objections and the basis for entry of the Trustee's Proposed Fairfield Orders, in accordance with Local Bankruptcy Rule 9074-1.

[9] The Parties have met and conferred, and anticipate the filing of a certification pursuant to 28 U.S.C. § 158(d)(2)(A)(iii) for direct appeal to the Second Circuit.

[10] *SIPC v. BLMIS (In re Madoff Secs. LLC)*, 513 B.R. 222 (S.D.N.Y. 2014).

## ARGUMENT

I.    **Legal Standard for Entry of a Final Judgment Under Rule 54(b)**

Certification under Rule 54(b) is appropriate when (1) there are multiple claims or multiple parties; (2) at least one claim is finally decided within the meaning of 28 U.S.C. § 1291; and (3) an express determination is made that there is no just reason for delay. *See In re Air Crash at Belle Harbor, N.Y.*, 490 F.3d 99, 108–09 (2d Cir. 2007).[11]   A court may enter a final judgment even though the judgment would dispose of fewer than all claims or would dispose of all claims against fewer than all of the parties. *See Shrader v. Granninger*, 870 F.2d 874, 878 (2d Cir. 1989) (citing *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir. 1987)).   Certification under Rule 54(b) may be granted in the interest of "sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).   A decision to enter final judgment lies within the sound discretion of the court. *Id.* at 10.   The Court should exercise such discretion here.

II.    **The Court Should Direct Entry of Final Judgment as to the Dismissed Claims Because Each Prong of Rule 54(b) is Satisfied**

a.    **There are multiple claims against multiple parties**

When considering whether to enter partial final judgment on the dismissal of some, but not all, claims, the court must find that the dismissed claims are separable from those that remain. *See Nippon Yusen Kaisha v. FIL Lines USA*, 977 F. Supp. 2d 343, 352 (S.D.N.Y. 2013). Claims are separable for purposes of Rule 54(b) if they "can be decided independently of each other." *Ginett v. Computer Task Grp.*, 962 F.2d 1095, 1097 (2d Cir. 1992) (quoting *Sears, Roebuck & Co. v. Mackey*, 76 S. Ct. 895, 900 (1956)); *see also Nippon Yusen Kaisha*, 977 F.

---

[11] Federal Rule of Civil Procedure 54(b) provides in pertinent part:  "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Supp. 2d at 352–53 (separate claims must involve "at least some different questions of fact and law and could be separately enforced"). The Dismissed Claims are each part of adversary proceedings involving multiple parties and/or multiple claims. *See* Exhibits B and C.[12] The 17 adversary proceedings covered by the Motion generally fall within two categories.

In some cases, the Trustee asserted multiple claims against multiple parties seeking avoidance and recovery of both initial transfers, as well as recovery of subsequent transfers.[13] In these cases, the Trustee's claims for avoidance and recovery of the initial transfers are distinct from his claims for the recovery of the subsequent transfers that were dismissed pursuant to the Memorandum Decision. Even though Bankruptcy Code § 550(d) limits the Trustee's total recovery of transfers, initial or subsequent, the legal theories and facts to prevail on a subsequent transfer claim *are in addition to* the elements the Trustee would need to prove to avoid and recover an initial transfer under Bankruptcy Code §§ 548(a) and 550(a)(1).

Other cases involve multiple claims against one or more parties seeking recovery of subsequent transfers and other forms of relief,[14] including, in one instance, disallowance of customer claims.[15] In these cases, the Trustee sought recovery of subsequent transfers originating with initial transferee feeder funds. For example, certain defendants in these cases received transfers from the "Fairfield Funds" (defined in the Memorandum Decision as Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited) and one of the "Rye

---

[12] Exhibit B summarizes the active and dismissed claims in the 14 adversary proceedings with orders submitted on consent. *See supra* note 7 for discussion of Exhibits C-1 and C-2, for the Fairfield Proceedings.

[13] *E.g., Picard v. Ceretti.*, No. 09-01161; *Picard v. HSBC Bank, plc*, No. 09-01364; *Picard v. UBS AG.*, No. 10-04285; *Picard v. UBS AG*, No. 10-05311; *Picard v. Oréades SICAV*, No. 10-05120.

[14] *E.g., Picard v. Fairfield Investment Fund Ltd.*, No. 09-01239; *Picard v. Natixis S.A.*, No. 10-05353; *Picard v. Zephyros Ltd.*, No. 10-01278; *Picard v. BNP Paribas S.A.*, No. 12-01576; *Picard v. Banque Internationale à Luxembourg S.A.*, No. 12-01698; *Picard v. Royal Bank of Canada*, No. 12-01699; *Picard v. Safehand Investments*, No. 12-01701; *Picard v. Barreneche, Inc.*, No. 12-01702; *Picard v. ABN AMRO Bank (Ireland) Ltd.*, No. 10-05355; *Picard v. Cardinal Management*, No. 10-04287; *Picard v. Citibank, N.A.*, No. 10-05345.

[15] *Picard v. Banque Syz & Co., S.A.*, No. 11-02149.

Delaware Funds" (defined in the Memorandum Decision as Rye Broad Market Fund L.P., Rye Select Broad Market XL Fund L.P., and Rye Select Broad Market Prime Fund L.P.).  In these cases, the Trustee's claims seeking recovery of subsequent transfers that originated with the Fairfield Funds were dismissed,[16] while the Trustee's claims seeking recovery of subsequent transfers that originated with the Rye Delaware Funds were not dismissed pursuant to the Memorandum Decision.[17]   The facts and circumstances underlying the transfers from the Fairfield Funds and the Rye Delaware Funds are sufficiently distinct to make these claims separable for purposes of Rule 54(b).

In sum, all of the Dismissed Claims are separable because the legal theories and pertinent facts upon which the Trustee based his claims are distinct.  *See Cullen*, 811 F.2d at 711 (claims "may be considered separable even if they have arisen out of the same transaction or occurrence"); *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 00-mdl-1898, 2010 WL 1328249, at *2 (S.D.N.Y. Apr. 5, 2010); *cf. Hirsch v. Gersten (In re Centennial Textiles, Inc.)*, 220 B.R. 177, 181 (Bankr. S.D.N.Y. 1998) (intentional fraudulent transfer claims separable from constructive fraudulent transfers).

### b.  At least one claim in every case has been finally determined

The second prong of Rule 54(b) requires that each claim sought to be appealed be finally determined within the meaning of 28 U.S.C. § 1291.  *See Ginett*, 962 F.2d at 1092 ("If the decision ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment entered on that claim, then the decision is final") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).  Here, the Memorandum Decision granted the Extraterritoriality Motion to Dismiss with respect to each Dismissed Claim and denied the

---

[16] *Memorandum Decision*, 2016 WL 6900689, at *15.

[17] *Memorandum Decision*, 2016 WL 6900689, at *29–30.

Trustee leave to amend, effectively terminating the Trustee's rights with respect to the Dismissed Claims. Such dismissal amounts to the type of "final" judgment that meets the test for finality required by Rule 54(b). *See Naughright v. Weiss*, No. 10-cv-8541 (RWS), 2013 WL 1859221, at *2 (S.D.N.Y. May 2, 2013) ("dismissal with prejudice pursuant to Rule 12(b)(6) is a final decision and judgment on the merits" for purposes of Rule 54(b)).

### c. There is no just reason to delay entry of final judgment on the Dismissed Claims

The Second Circuit has held that certification is appropriate where an appeal can be taken "without delaying prosecution of the surviving claims [and] a dismissed claim [could be] reversed in time to be tried with the other claims." *Cullen*, 811 F.2d at 711.

Immediate entry of final judgment as to the Dismissed Claims is warranted to avoid delay of resolution of the Dismissed Claims, which can be resolved with the Trustee's appeal of the Memorandum Decision as to the Finally Determined Proceedings. These cases were briefed and argued on an omnibus basis before both the District Court and the Bankruptcy Court, and the parties seek to structure the appeal similarly. In deciding whether to exercise its discretion, the court should consider the efficiency interests of the trial and appellate courts, as well as balance the equities as to the parties. *See Curtiss-Wright*, 446 U.S. at 8; *Ginett*, 962 F.2d at 1095–96.

The interests of judicial efficiency weigh in favor of entry of final judgment as to the Dismissed Claims. The appeal of the District Court Decision and the Memorandum Decision will be more comprehensive if all parties affected by those decisions present the issues on appeal together. Otherwise, the appeal will be piecemeal and further delay resolution of these cases, when all of the parties involved seek timely resolution of the disputes. *See, e.g., Trugman-Nash, Inc. v. N.Z. Dairy Bd., Milk Prods. Holdings (N. Am.) Inc.*, 954 F. Supp. 733, 738 (S.D.N.Y.

1997) (granting 54(b) certification would allow immediate appeal to determine if certain "claims

form a proper part of this case, [as] a single trial of all claims is preferable").

## **CONCLUSION**

Wherefore, the Parties respectfully request this Court grant their request and enter the

proposed final orders, annexed as exhibits hereto, in each adversary proceeding identified on

Exhibit A, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


Dated:  January 20, 2017
     New York, New York

By: /s/ *David J. Sheehan*_____
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com
Catherine E. Woltering
Email: cwoltering@bakerlaw.com
Stacy A. Dasaro
Email: sdasaro@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

By: /s/ _Howard J. Simon_____
**WINDELS MARX LANE & MITTENDORF,**
**LLP**
Howard L. Simon
Email: hsimon@windelsmarx.com
Kim M. Longo
Email: klongo@windelsmarx.com
156 West 56th Street
New York, New York 10019
Telephone:  (212) 237-1000
Facsimile:  (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

By: /s/ _Timothy P. Harkness_
**FRESHFIELDS BRUCKHAUS DERINGER**
**US LLP**
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 230-4610
Facsimile: (646) 465-7410
Timothy P. Harkness
Email:  timothy.harkness@freshfields.com

*Attorneys for Defendants Alpine Trustees Limited,*
*Individually and as Trustees of the El Prela Trust,*
*Ashby Investment Services Limited, Individually and*
*as Trustees of The Ashby Trust, Ashby Holding*
*Services Limited, El Prela Group Holding Services,*
*El Prela Trading Investments Limited, El Prela*
*Trust, First Peninsula, Individually and as Trustees*
*of the Ashby Trust, Port of Hercules Ltd.,*
*Individually and as Trustee of the El Prela Trust, The*
*Ashby Trust*

By: /s/ _Jodi Aileen Kleinick_
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Barry G. Sher
Email: barrysher@paulhastings.com
Jodi Aileen Kleinick
Email: jodikleinick@paulhastings.com
Mor Wetzler
Email: morwetzler@paulhastings.com

_Attorneys for Defendants Carlo Grosso,
Federico Ceretti, FIM Advisors LLP, and FIM
Limited_

By: /s/ _Carmine D. Boccuzzi, Jr._
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Carmine D. Boccuzzi, Jr.
Email: cboccuzzi@cgsh.com
Erica Klipper
Email: eklipper@cgsh.com

_Attorneys for Defendant Citi Hedge Fund
Services Limited_

By: /s/ _Thomas J. Moloney_
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Thomas J. Moloney
Email: tmoloney@cgsh.com

_Attorneys for HSBC Bank Bermuda Limited_

By: /s/ _Scott W. Reynolds_
**CHAFFETZ LINDSEY LLP**
1700 Broadway, 33rd Floor
New York, NY 10019
Telephone: (212) 257-6932
Facsimile: (212) 257-6950
Scott W. Reynolds
Email: scott.reynolds@chaffetzlindsey.com
Erin Valentine
Email: erin.valentine@chaffetzlindsey.com

*Attorneys for Kingate Management Limited*

By: /s/ _Mark G. Cunha_
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2399
Facsimile: (212) 455-2502
Mark G. Cunha
Email: mcunha@stblaw.com
Peter E. Kazanoff
Email: pkazanoff@stblaw.com
Jeffrey E. Baldwin
Email: jbaldwin@stblaw.com

*Attorneys for Defendants Cornelis Boele,
Fairfield International Managers, Inc,. Lourdes
Barreneche, Jacqueline Harary, Amit
Vijayvergiya, Andrew Smith, Charles Murphy,
Corina Noel Piedrahita, Daniel Lipton, Fairfield
Greenwich (Bermuda) LTD., Fairfield
Greenwich Advisors LLC, Fairfield Greenwich
Limited, Gordon Mckenzie, Harold Griesman,
Mark McKeefry, Philip Toub, Richard
Landsberger, Santiago Reyes, Barreneche, Inc.,
Dove Hill Trust, Fairfield Greenwich Capital
Partners, FG Investors Ltd., Fortuna Asset
Management, Inc., Selecta Financial
Corporation Inc., and Share Management LLC*

By: /s/ *Andrew J. Levander*
**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Andrew J. Levander
Email: andrew.levander@dechert.com
Neil A. Steiner
Email: neil.steiner@dechert.com

*Attorneys for Defendant Andres Piedrahita*

By: /s/ *Frederick R. Kessler*
**WOLLMUTH MAHER & DEUTSCH LLP**
500 Fifth Avenue, 12th Floor
New York, New York 10110
Telephone: (212) 382-3300
Frederick R. Kessler
Email: Fkessler@wmd-law.com

*Attorneys for Fairfield Investment Fund Limited*

By: /s/ *Bruce Baird*
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Bruce A. Baird
Email: bbaird@cov.com

*Attorneys for Gregory Bowes*

By: /s/ *Daniel J. Fetterman*
**KASOWITZ BENSON TORRES &**
**FRIEDMAN LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Daniel J. Fetterman
Email: dfetterman@kasowitz.com

*Attorneys for Defendant Jeffrey Tucker*


By: /s/ *Edward M. Spiro*
**MORVILLO ABRAMOWITZ GRAND**
**IASON & ANELLO PC**
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Edward M. Spiro
Email: espiro@maglaw.com

*Attorneys for Defendant Robert Blum*


By: /s/ *Andrew W. Hammond*
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, NY  10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Glenn M. Kurtz
Email: gkurtz@whitecase.com
Andrew W. Hammond
Email: ahammond@whitecase.com

*Attorneys for Defendant Walter Noel*

By: /s/ *Robin Spigel*
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Sameer Advani
Email:sadvani@willkie.com
Robin Spigel
Email: rspigel@willkie.com

*Attorneys for Defendants Equus Asset*
*Management Ltd., Hermes Asset Management*
*Limited, Thema Asset Management (Bermuda)*
*Ltd., and Thema Asset Management Limited*
*(BVI)*


By: /s/ *Mitchell C. Stein*
**SULLIVAN & WORCESTER LLP**
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
Franklin B. Velie
Email: fvelie@sandw.com
Jonathan G. Kortmansky
Email: jkortmansky@sandw.com
Mitchell C. Stein
Email: mstein@sandw.com

*Attorneys for Defendant Bank Austria*
*Worldwide Fund Management Limited*

By: /s/ _Thomas J. Moloney_
**CLEARY GOTTLIEB STEEN**
**& HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Thomas J. Moloney
Email: tmoloney@cgsh.com

_Attorneys for Defendants HSBC Bank (Cayman)_
_Ltd., HSBC Bank Bermuda Limited, HSBC Bank_
_plc, HSBC Fund Services (Luxembourg) S.A.,_
_HSBC Holdings plc, HSBC Institutional Trust_
_Services (Bermuda) Limited, HSBC Institutional_
_Trust Services (Ireland) Ltd., HSBC  Private_
_Bank (Suisse) S.A., HSBC Securities Services_
_(Bermuda) Limited, HSBC Securities Services_
_(Ireland) Ltd., HSBC Private Banking Holdings_
_(Suisse) S.A., HSBC Bank USA, N.A. and HSBC_
_Securities Services (Luxembourg) S.A._


By: /s/ _Joseph P. Moodhe_
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6386
Joseph P. Moodhe
Email: jpmoodhe@debevoise.com

_Attorneys for Thema Fund Ltd., Lagoon_
_Investment Trust, and Hermes International_
_Fund Limited_

By: /s/ *Anthony Paccione*
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8774
Anthony Paccione
Email: anthony.paccione@kattenlaw.com

*Attorneys for Defendants Access International
Advisors Ltd, Access Management Luxembourg
SA (f/k/a/ Access International Advisors
(Luxembourg) SA) as Represented by its
Liquidator Maitre Fernand Entringer, Access
Partners SA as represented by its Liquidator
Maitre Fernand Entringer, and Patrick Littaye*

By: /s/ *Martin Flumenbaum*
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  212.373.3000
Facsimile:  212.757.3990
Martin Flumenbaum
Email:  mflumenbaum@paulweiss.com
Andrew J. Ehrlich
Email:  aehrlich@paulweiss.com
Hallie S. Goldblatt
Email:  hgoldblatt@paulweiss.com

*Attorneys for Defendant Inter Investissements
S.A.*

By: /s/ *Richard B. Levin*
**JENNER & BLOCK LLP**
919 Third Avenue, 38th Floor
New York, New York 10022
Telephone: (212) 891-1601
Facsimile: (212) 891-1699
Richard B. Levin
Email: rlevin@jenner.com

*Attorneys for M&B Capital Advisers Sociedad
de Valores, S.A.*

By: /s/ *Marshall R. King*
**GIBSON, DUNN & CRUTCHER, LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Marshall R. King
Email: mking@gibsondunn.com
Gabriel Herrmann
Email: gherrmann@gibsondunn.com

*Attorneys for Defendants UBS AG, UBS
(Luxembourg) S.A., UBS Fund Services
(Luxembourg) S.A., UBS Third Party
Management Company S.A.*


By: /s/ *Scott Berman*
**FRIEDMAN, KAPLAN, SEILER &
ADELMAN LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 833-1120
Facsimile: (212) 373-7920
Scott Berman
Email: sberman@fklaw.com


*Attorneys for Defendant Pierre Delandmeter*


By: /s/ *Carmine D. Boccuzzi, Jr.*
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Carmine D. Boccuzzi, Jr.
Email: cboccuzzi@cgsh.com
Erica Klipper
Email: eklipper@cgsh.com


*Attorneys for Defendant Citigroup Global
Markets Limited*

By: /s/ *Bruce Ginsberg*
**DAVIS & GILBERT LLP**
1740 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
Joseph Cioffi
Email: jcioffi@dglaw.com
Bruce M. Ginsberg
Email: bginsberg@dglaw.com
James R. Serritella
Email: jserritella@dglaw.com

*Attorneys for Defendants Natixis S.A.*
*(individually and as successor-in-interest to IXIS*
*Corporate & Investment Bank), Natixis*
*Financial Products LLC (as successor in interest*
*to Natixis Financial Products Inc.) and Bloom*
*Asset Holdings Fund*

By: /s/ *David Y. Livshiz*
**FRESHFIELDS BRUCKHAUS DERINGER**
**US LLP**
601 Lexington Avenue
31st Floor
New York, New York 10022
Telephone: (212) 227-4000
Facsimile: (212) 227-4001
Timothy P. Harkness
Email: timothy.harkness@freshfields.com
David Y. Livshiz
Email: david.livzhiz@freshfields.com

*Attorneys for Defendant Tensyr Limited*

By: /s/ *Thomas J. Giblin*
**LATHAM & WATKINS LLP**
Christopher R. Harris
Thomas J. Giblin
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (751) 751-4864
Email: christopher.harris@lw.com
Email: thomas.giblin@lw.com

*Attorneys for ABN AMRO Bank (Ireland) Ltd.
(f/k/a Fortis Prime Fund Solutions Bank
(Ireland) Ltd.) (n/k/a ABN AMRO Retained
Custodial Services (Ireland) Limited) and ABN
AMRO Custodial Services (Ireland) Ltd.(f/k/a
Fortis Prime Fund Solutions Custodial Services
(Ireland) Ltd.)*

By: /s/ *Richard B. Levin*
**JENNER & BLOCK LLP**
919 Third Avenue, 38th Floor
New York, NY 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Richard Levin
Email:  rlevin@jenner.com

*Attorneys for Defendant Banque Syz & Co. S.A.*

By: /s/ *Andrew Janet*
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2696
Facsimile: (212) 225-3999
Andrew Janet
Email: ajanet@cgsh.com
Donna Xu
Email: dnxu@cgsh.com

*Attorneys for Defendants BGL BNP Paribas
Luxembourg S.A., BNP Paribas (Suisse) S.A.,
BNP Paribas Arbitrage SNC, BNP Paribas Bank
& Trust Cayman Limited, BNP Paribas S.A.,
BNP Paribas Securities Services S.A., and BNP
Paribas Securities Services Succursale de
Luxembourg*

By: /s/ *Jeff E. Butler*
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8205
Facsimile: (212 ) 878-8375
Jeff E. Butler
jeff.butler@cliffordchance.com

*Attorneys for Defendants Banque Internationale
à Luxembourg S.A. (f/k/a Dexia Banque
Internationale à Luxembourg S.A.) and Banque
Internationale à Luxembourg (Suisse) S.A. (f/k/a
Dexia Private Bank (Switzerland) Ltd.)*

By: /s/ *Philip R Schatz*
**WOLLMUTH MAHER & DEUTSCH LLP**
500 Fifth Avenue
New York, New York 10110
Telephone:  (212) 382-3300
Facsimile:  (212) 382-0050
Philip R Schatz
Email: pschatz@wmd-law.com

*Attorneys for Defendants RBC Dexia Investor
Services Bank S.A., RBC Dexia Investor Services
Trust, and RBC Dexia Investor Services España
S.A.*


By: /s/ By: /s/ *Anthony Paccione*
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800
Facsimile: (212) 940-8776
Anthony L. Paccione
Email: anthony.paccione@kattenlaw.com

*Attorneys for Defendants Guernroy Limited,
RBC Dominion Securities Inc., Royal Bank of
Canada, Royal Bank of Canada (Asia) Limited,
Royal Bank of Canada (Channel Islands)
Limited, Royal Bank of Canada (Suisse) S.A.,
and Royal Bank of Canada Trust Company
(Jersey) Limited*

By: /s/ *Carl H. Loewenson, Jr.*
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 336-4381
Facsimile: (212) 468-7900
Carl H. Loewenson, Jr.
Email: cloewenson@mofo.com
Justin D. Mayer
Email: Jmayer@mofo.com

*Attorneys for PF Trustees Limited in its capacity
as trustee of RD Trust, SafeHand Investments,
and Strongback Holdings Corporation*