**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 20, 2017

Maximillian S. Shifrin
direct dial: 212.589.4252
mshifrin@bakerlaw.com

**VIA ECF and EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Irving H. Picard, Trustee, v. Robert Roman*, Adv. Pro. No. 10-04292
      *Irving H. Picard, Trustee, v. Joan Roman*, Adv. Pro. No. 10-04302

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. Given the Defendants' refusal to refer the below discovery dispute to the discovery arbitrator appointed by the Court, we respectfully request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, in advance of filing a motion to compel.

Defendant Joan Roman is Ruth Madoff's sister. Defendant Robert Roman is married to Joan Roman. The Trustee served his First Set of Requests for Production and his First Set of Interrogatories (the "Requests") on Robert Roman and Joan Roman (the "Defendants") on October 19, 2016. The Trustee's Interrogatory No. 21 asks Defendants to identify communications between Defendants (or their counsel) and Bernard Madoff. Similarly, the Trustee's Requests for Production Nos. 22 and 23 seek the production of those communications.

Defendants responded (the "Responses") on January 4, 2017. The Defendants objected to the above Requests on the basis that they "call[] for the disclosure of work product and attorney/client privileged information." *See* Responses, attached hereto as Exhibits A through D. Defendants, however, did not provide a privilege log as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2(a)(2).

On January 17, 2017, and again on January 18, 2017, the Trustee's counsel conferred by telephone with Defendants' counsel, Helen Chaitman, in an attempt to resolve her clients'

January 20, 2017
Page 2

objections to the production of their communications with Mr. Madoff. In particular, the Trustee's counsel asked Ms. Chaitman to explain the basis for her clients' refusal to produce their communications with Mr. Madoff. Ms. Chaitman claimed that those communications were her work product because she directed her client, Mr. Roman, to communicate with Mr. Madoff. Ms. Chaitman indicated that she would not change her position on this matter or provide the requested information or documents. Ms. Chaitman also indicated that she was not willing to submit this dispute to Judge Maas for resolution through arbitration.

Defendants' objections are without merit. With respect to privilege, it is axiomatic "that only communications between a represented party and that party's licensed attorneys are subject to attorney-client privilege." *Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d 260, 265 (S.D.N.Y. 2013) (affirming discovery order of Magistrate Judge Frank Maas) (citing *Wultz v. Bank of China Ltd.*, 979 F.Supp.2d 479, 486–88 (S.D.N.Y. Oct. 25, 2013)). Accordingly, the attorney-client privilege could not apply here.

Nor is the work product doctrine applicable under these facts. The work product doctrine is a qualified privilege that "protects the attorney's materials" and "shelters the mental processes of the attorney." *In re Asia Glob. Crossing, Ltd.*, 322 B.R. at 262 (Bernstein, C.J.) (citations and quotations omitted). However, even if the documents and communications at issue constitute attorney work product (which Defendants have not established), the protections offered by this doctrine are waived when disclosed to third parties, such as Mr. Madoff. *See, e.g., In re Quigley Co., Inc.*, 2009 WL 9034027 at *8 (quoting *Gramm v. Horsehead Indus., Inc.*, No. 87 Civ. 5122(MJL), 1990 WL 142404, at *2 (S.D.N.Y. Jan. 25, 1990)). Accordingly, to the extent the Defendants' communications with Mr. Madoff contained material subject to the work product doctrine, any such privilege has been waived.

Moreover, Defendants' failure to provide a privilege log constitutes an additional basis for waiver of these privileges, even if they were applicable. *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167 (S.D.N.Y. 2014) (The "unjustified failure to serve indices of privileged documents in a timely and proper manner operates as a waiver of any applicable privilege.").

For the foregoing reasons, the Trustee respectfully seeks an order compelling (i) the production of all documents responsive to the Trustee's Requests for Production identified above by a reasonable date; and (ii) supplemental responses to the Trustee's interrogatories identified above by a reasonable date. The Trustee reserves his right to seek fees and expenses incurred in order to bring any such motions pursuant to Rule 37(a)(5).

Respectfully submitted,

*/s/ Maximillian S. Shifrin*

Maximillian S. Shifrin
Associate

cc:    Helen Chaitman
       David Proaño, Esq.