# EXHIBIT B

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Robert Roman*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　　　Plaintiff-Applicant,<br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　　　　　Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>　　　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>　　　　　　　　　　　Plaintiff,<br>　　　　v.<br><br>ROBERT ROMAN,<br>　　　　　　　　　　　Defendant. | Adv. Pro. No. 10-04292 (SMB) |

**RESPONSES AND OBJECTIONS OF DEFENDANT ROBERT ROMAN TO
TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

ROBERT ROMAN ("Responding Party"), by and through his attorneys, and pursuant to

Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal

Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to

{00027156 1 }

the First Set of Requests for Production of Documents (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

{00027156 1}    2

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's responses to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

**RESPONSES AND OBJECTIONS**

1. All Documents and Communications Concerning BLMIS.

      **Response:** **Any such documents shall be produced.**

2.    All Documents and Communications Concerning Bernard L. Madoff.

      **Response:** **Any such documents shall be produced.**

3.    All Account statements and other Documents Concerning the Account.

      **Response:** **Any such documents shall be produced.**

4.    All Communications between Robert Roman and BLMIS Concerning the Account, including Transfers to and from the Account.

      **Response:** **Any such documents shall be produced.**

5.    Bank account records for any bank or brokerage accounts that made Transfers to or received Transfers from the Account during the Applicable Period, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

      **Response:** **Responding Party does not dispute the deposits and withdrawals listed on Exhibit B to the Complaint for the period of December 1, 2000 through September 22, 2008. Therefore, the Trustee has no legitimate interest in bank records covering this period. His only reason for demanding bank records is the illegal one of seeking to obtain evidence to frame a complaint against subsequent transferees.**

6.    All Documents recording or reflecting any deposits into or withdrawals out of the Account.

      **Response:** **Any such documents shall be produced.**

7.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

{00027156 1}      4

**Response:** **The Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

8. Documents sufficient to identify any money, property, and/or anything else of value provided by Joan Roman to BLMIS in exchange for any Initial Transfer.

**Response:** **Any such documents shall be produced.**

9. Documents sufficient to identify any money, property, and/or anything else of value provided by any person or entity/subsequent transferee to Joan Roman in exchange for any Subsequent Transfer.

**Response:** **See answer to #7.**

10. Documents sufficient to identify any refund(s) requested or received by Robert Roman of any state or federal taxes paid in connection with the Account.

**Response:** **Any such documents shall be produced.**

11. Documents You contend support any denials of fact or affirmative defenses asserted in Defendant's answer to the Complaint.

**Response:** **Any such documents shall be produced.**

12. Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**Response:** **Any such documents shall be produced.**

13. Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

**Response:** **Any such documents shall be produced.**

14. All Documents supporting or Concerning Your contention, as stated in Your responses to the Trustee's Requests for Admission Nos. 6 and 7, that "taxing authorities were the sole beneficiaries" of Transfers made from the Account.

**Response:    Any such documents shall be produced.**

15. All Documents supporting or Concerning Your contention, as stated in Your responses to the Trustee's Requests for Admission Nos. 15, 16, 21, and 22, that withdrawals were "made to pay taxes at short term capital gains rates and the IRS was the sole beneficiary of" those withdrawals.

**Response:    Any such documents shall be produced.**

16. All Documents supporting or Concerning Your contentions "that all of the funds in the Account consisted of 'principal'" and "[t]he entire account consisted of 'principal'," as stated in Your responses to the Trustee's Requests for Admission Nos. 11, 12, and 27.

**Response:    Any such documents shall be produced.**

17. All Documents supporting or Concerning Your contention, as stated in Your response to the Trustee's Request for Admission No. 27, that "the Trustee has failed to credit [Robert Roman] with $140,000 in deposits made into [Robert Roman's] account in the period following December 11, 2006."

**Response:    Any such documents shall be produced.**

18. For the period December 11, 2008 through the present, produce any written directives to any third party concerning the preservation of Documents and records relevant to any claims and/or defenses in this adversary proceeding.

**Response:    There are no such documents of which Responding Party is aware except subpoenas served by the Trustee.**

{00027156 1 }                                            6

19. All Documents provided by You or Your counsel to Judah H. Ever and/or Ever and Company, P.A., Concerning the Ever Declaration, BLMIS, the Account, the Initial Transfers, the Complaint, the Trustee, the taxes You paid for tax years 1998-2002, or this litigation.

**Response:    This request calls for the disclosure of work product and attorney/client privileged information and is grossly improper. Judge Maas has ruled on what information has to be disclosed and the Ever Declaration provides that information.**

20. All Communications between You or Your counsel and Judah H. Ever and/or Ever and Company, P.A. Concerning the Ever Declaration, BLMIS, the Account, the Initial Transfers, the Complaint, the Trustee, the taxes You paid for tax years 1998-2002, or this litigation.

**Response:    See response to #19.**

21. The 1998-2002 tax returns prepared by Friehling and Horowitz CPA's, P.C. for Robert and Joan Roman, as described in the Ever Declaration.

**Response:    Any such documents shall be produced.**

22. All Communications between You or Your counsel and Bernard L. Madoff for the time period December 11, 2008 through the present.

**Response:    See response to #19.  Moreover, this request relates to the Trustee's totally insupportable allegation that Ms. Chaitman changed the text of Mr. Madoff's declaration after he signed it – an allegation which – as the Trustee ultimately acknowledged – was totally insupportable.  This was a disgraceful chapter in the Trustee's performance or non-performance of his duties.**

23. All Documents Concerning all Communications between You or Your counsel and Bernard L. Madoff for the time period December 11, 2008 through the present.

**Response:    See response to #19 and #22**

{00027156 1}                                                    7

December 19, 2016

                        **CHAITMAN LLP**

                        By: /s/ *Helen Davis Chaitman*
                        465 Park Avenue
                        New York, New York 10022
                        Phone & Fax: 888-759-1114
                        hchaitman@chaitmanllp.com

                        *Attorneys for Defendant Robert Roman*

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 4th day of January, 2017 by electronic mail and the 5th day of January, 2017 by USPS first class mail upon the following:

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216- 861-7834
Fax: 216- 696-0740
Brett Wall (admitted pro hac vice)
Email: bwall@bakerlaw.com
David Proano (admitted pro hac vice)
Email: dproano@bakerlaw.com
Darren Crook (admitted pro hac vice)
Email: dcrook@bakerlaw.com
Mark K. Norris (admitted pro hac vice)
Email: mnorris@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

 

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Robert Roman*