# EXHIBIT A

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Robert Roman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>      Plaintiff-Applicant,<br>    v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>      Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br>      Plaintiff,<br>    v.<br>ROBERT ROMAN,<br>      Defendant. | Adv. Pro. No. 10-04292 (SMB) |

**RESPONSES AND OBJECTIONS OF DEFENDANT ROBERT ROMAN TO TRUSTEE'S FIRST SET OF INTERROGATORIES**

  Robert Roman ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules

1

of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.  Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.  Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.  Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.  Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.  Responding Party objects to the Requests to the extent they call for legal conclusions.

6.  Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's responses to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

**RESPONSES AND OBJECTIONS**

1. Identify each person who was involved in answering these discovery requests and explain each person's role in answering these discovery requests.

{00027153 1 }                                                3

**ANSWER:     Robert Roman.**

2.      Identify the reasons for each Transfer.

**ANSWER:    Responding Party is unable to do so except to the extent that withdrawals were taken to pay applicable state and federal taxes on the reported short term capital gains in the Account and for the living expenses of the Responding Party.**

3.      Identify each deposit into and withdrawal out of the Account.

**ANSWER:     Responding Party is unable to do so.  However, Responding Party does not dispute the deposits and withdrawals reflected on Exhibit B to the complaint from the period December 1, 2000 through September 22, 2008.**

4.      Identify each person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that person's knowledge.

**ANSWER:    Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees.**

5.      Identify: (a) each person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such person or entity received; and (c) the date(s) on which each person or entity received such money.

**ANSWER: Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

{00027153 1 }                                          4

6.    Identify all persons who benefited from any Transfer, including, but not limited to, persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these persons benefited.

**ANSWER:    Withdrawals from the Account benefited the Responding Party and the taxing authorities. To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

7.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Initial Transfers.

**ANSWER:    Responding Party paid taxes on the reported short-term capital gains in the Account. The balance of the funds were used for the Responding Party's living expenses.**

8.    Identify the value provided by You to BLMIS in exchange for any Initial Transfer.

**ANSWER: Responding Party deposited money with Madoff for the purpose of purchasing securities.**

9.    Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:    Responding Party does not dispute the deposits and withdrawals reflected on Exhibit B to the complaint from the period December 1, 2000 through September 22, 2008. Therefore, the Trustee has no right to any bank information covering this period. To the extent the Trustee seeks information concerning subsequent transfers, the**

**Trustee has no right to any bank information and seeks such information for the improper purpose of taking discovery to frame a complaint against subsequent transferees.**

10. Identify all instances, if any, when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements for the Account.

    **ANSWER:** **Responding Party cannot recall.**

11. Identify all instances, if any, when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements for the Account.

    **ANSWER:** **Responding Party cannot recall.**

12. Identify all instances, if any, when You verified the accuracy of the deposits or withdrawals reflected on the customer statements from the Account.

    **ANSWER:** **Responding Party cannot recall.**

13. For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a. state all facts upon which You base the denial or affirmative defense;

    b. state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

    c. Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the person who has each Document.

    **ANSWER:** **Most of the affirmative defenses are based on legal arguments. However:**

    **(a)** **The defense concerning payment of capital gains taxes is based upon Responding Party's testimony as to the payment of taxes at the applicable tax rates for each**

{00027153 1}    6

year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

(b)    The defense concerning Madoff not being a Ponzi scheme is based upon the non-investment advisory activities of Madoff as reflected in documents in the Trustee's possession and upon the testimony of Bernard L. Madoff and various employees (yet to be identified) who worked in the propriety trading and market-making operations.

(c)    The defense concerning the denial of the Trustee's determination of "net equity" is based, in part, upon the Trustee's dishonest treatment of profit withdrawals and his lack of any documentary evidence pre-dating December 1998.

(d)    The defense concerning the Trustee's due process violations is based upon the Trustee's compensation structure with Baker & Hostetler, LLP which the Trustee is obligated to disclose.

(e)    The defense concerning the "value" bestowed on Madoff by Defendants is based, in part, upon expert testimony that Defendants intend to develop.

(f)    The defense concerning inter-account transfers is based upon the Trustee's improper application of his net investment method to transactions that occurred prior to 1992.

14.    Identify the basis for Your contention that the term "principal balance," as used in the Trustee's Request for Admission No. 1, is unacceptable.

ANSWER:    The entire balance is principal. The Securities Investor Protection Act was enacted to protect customers who deposited money with a broker for the purpose of purchasing securities. The statute makes no distinction in the definition of "net equity" between initial investment and appreciation. The Trustee, for his own enrichment, has unilaterally eviscerated a federal statute upon which Responding Party had every right to rely.

{00027153 1 }    7

15. As stated in Your responses to the Trustee's Requests for Admission Nos. 6 and 7, Identify: (a) each "taxing authority" that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such "taxing authority" received; and (c) the date(s) on which each "taxing authority" received such money.

**ANSWER:** **This information has been provided through the Declaration of Judah H. Ever.**

16. Identify the basis for Your contention, as stated in Your responses to the Trustee's Requests for Admission Nos. 11, 12, and 27, "that all of the funds in the Account consisted of 'principal,'" and that "[t]he entire account consisted of 'principal.'"

**ANSWER:** **See answer to # 14.**

17. Identify the basis for Your contention, as stated in Your response to the Trustee's Requests for Admission No. 27, that "the Trustee has failed to credit [Robert Roman] with $140,000 in deposits made into [Robert Roman's] account in the period following December 11, 2006."

**ANSWER:** **The basis is deposits made by Robert Roman into his account.**

18. For the period December 11, 2008 through the present, identify all actions that You and/or anyone acting on Your behalf, including counsel, took to identify Documents and records relevant to the claims and/or defenses in this adversary proceeding, including any such materials in the physical possession of third parties.

**ANSWER:** **Responding Party cannot respond as to what actions counsel took. Responding Party has no knowledge of the documents relevant to the claims and/or defenses.**

19. For the period December 11, 2008 through the present, identify all actions that You and/or anyone acting on Your behalf, including counsel, took to preserve Documents and records

{00027153 1 }                               8

relevant to the claims and/or defenses in this adversary proceeding, including any such materials in the physical possession of third parties.

**ANSWER:** **Responding Party does not recall what he did or did not do prior to receipt of the first letter from the Trustee requesting that he not dispose of documents. From that date forward Responding Party did not dispose of any documents in his possession.**

20. Identify the date of each action identified in Your responses to Interrogatory Request Nos. 18 and 19 above.

**ANSWER:** **See answer to #19.**

21. Identify all Communications between You or Your counsel and Bernard L. Madoff for the time period December 11, 2008 through the present.

**ANSWER: This interrogatory calls for the disclosure of work product and attorney/client privileged information and is grossly improper.**

22. Identify all Communications between You or Your counsel and Judah H. Ever Concerning the Ever Declaration, BLMIS, the Account, the Initial Transfers, the Complaint, the Trustee, the taxes You paid for tax years 1998-2002, or this litigation.

**ANSWER: This interrogatory calls for the disclosure of work product and attorney/client privileged information and is grossly improper.**

December 19, 2016

                                          **CHAITMAN LLP**
                                          By: /s/ *Helen Davis Chaitman*
                                          465 Park Avenue
                                          New York, New York 10022
                                          Phone & Fax: 888-759-1114
                                          hchaitman@chaitmanllp.com
                                          *Attorneys for Defendant Robert Roman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT ROMAN, <br><br> Defendant. | Adv. Pro. No. 10-04292 (SMB) <br><br> VERIFICATION |

I, Robert Roman, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing Interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

December 19, 2016.

_Robert Roman_

1

ROBERT ROMAN

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 4th day of January, 2017 by electronic mail and the 5th day of January, 2017 by USPS first class mail upon the following:

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: 216-861-7834
Fax: 216-696-0740
Brett Wall (admitted pro hac vice)
Email: bwall@bakerlaw.com
David Proano (admitted pro hac vice)
Email: dproano@bakerlaw.com
Darren Crook (admitted pro hac vice)
Email: dcrook@bakerlaw.com
Mark K. Norris (admitted pro hac vice)
Email: mnorris@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

                                                    **CHAITMAN LLP**
By: */s/ Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Robert Roman*

1