## SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

---

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3475

E-MAIL ADDRESS
mcunha@stblaw.com

BY ECF & HAND

January 20, 2017

Re:   *Picard v. Fairfield Sentry Limited*, Adv. Pro. No. 09-01239; *Picard v. Safehand Investments*, Adv. Pro. No. 12-01701; *Picard v. Barreneche Inc.*, Adv. Pro. No. 12-01702

Honorable Stuart M. Bernstein
United State Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Dear Judge Bernstein:

  We write as counsel for most of the Fairfield Greenwich-related defendants (and with leave from those whom we do not represent) in connection with Your Honor's directive that the parties in the above-referenced actions (the "Actions") submit either consent final orders or proposed final orders consistent with the disposition of the motion to dismiss claims to recover foreign transfers set forth in Your Honor's *Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers* issued November 22, 2016 (the "Decision").[1]  The parties have conferred with the goal of submitting consent orders but were unable to reach agreement.  Accordingly, the defendants in the Actions submit the proposed orders attached hereto, on notice to counsel for Irving H. Picard, as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC (the "Trustee").[2]

  Defendants submit as Exhibit A the proposed final order in *Picard v. Fairfield Sentry Limited, et al.*, Adv. Pro. No. 09-01239 (the "*Sentry* Action"),[3] as Exhibit B the proposed final order in *Picard v. Safehand Investments, et al.*, Adv. Pro. No. 12-01701 (the "*Safehand*

---

[1] *SIPC v. BLMIS (In re BLMIS)*, No. 08-01789, ECF No. 14495.

[2] This Court extended to January 20, 2017 the deadline by which the parties must submit consent orders or proposed orders on notice.  ECF No. 14550.

[3] Due to the earlier dismissal of claims against first-named defendant Fairfield Sentry Limited and certain other defendants, the *Sentry* Action is captioned *Picard v. Fairfield Investment Fund Limited, et al.* in the proposed order.

SIMPSON THACHER & BARTLETT LLP

Honorable Stuart M. Bernstein       -2-       January 20, 2017

Action"), and as Exhibit C the proposed final order in *Picard v. Barreneche Inc., et al.*, Adv. Pro. No. 12-01702 (the "*Barreneche* Action").

The parties agree with respect to the claims that should be dismissed based on the Court's findings regarding international comity. Where the parties differ is in the provisions reflecting the Court's findings with respect to extraterritoriality.

**I.    International Comity**

In all three Actions, the Trustee seeks to recover alleged subsequent transfers originating from Fairfield Sentry Limited ("F. Sentry"), Fairfield Sigma Limited ("F. Sigma"), and Fairfield Lambda Limited ("F. Lambda") (together, the "Offshore Funds"), as well as subsequent transfers originating from Greenwich Sentry L.P. ("GS") and Greenwich Sentry Partners L.P. ("GSP") (together, the "Domestic Funds"). The Offshore Funds — defined collectively in the Decision as the "Fairfield Funds"—are all foreign entities in liquidation in the British Virgin Islands. The parties agree that under the holdings of the Decision on international comity, the Trustee cannot recover subsequent transfers originating from the Offshore Funds.[4] The defendants' proposed orders contain decretal paragraphs consistent with the holdings in the Decision on international comity. *See* Ex. A at ¶ 4; Ex. B at ¶ 4; Ex. C at ¶ 4.[5]

This leaves claims for subsequent transfers originating from the Domestic Funds GS and GSP.[6] The Trustee takes the position that no claims for such subsequent transfers should be dismissed, regardless of the Court's findings on extraterritoriality. As set forth

---

[4]    *See* Decision at 71 ("To the extent [defendants] received fees from or originating with the Fairfield Sentry (or Fairfield Lambda or Fairfield Sigma), the subsequent transfer claims are barred under comity.").

[5]    The Decision lists the *Sentry* Action ("09-01239") among the proceedings in which "all claims" identified in the chart submitted by the Trustee are dismissed on comity grounds. *See* Decision at 36. However, the comity findings in the Decision do not apply to transfers originating with the Domestic Funds, which are not in liquidation abroad. Dismissal on comity grounds of the claims in the *Sentry* Action for subsequent transfers originating with the Domestic Funds also would be inconsistent with the holdings in the Decision in connection with the *Safehand* Action and *Barreneche* Action that claims seeking to recover funds originating with GS or GSP should be analyzed for dismissal on extraterritoriality grounds, but are not dismissed on comity grounds. *See id. at* 71-79. Perhaps because the Court believed the comity holdings dismissed all claims in the *Sentry* Action, the Court did not explicitly address in the Decision the application of extraterritoriality considerations to the claims in the *Sentry* action. As set forth below, we believe findings elsewhere in the Decision should lead to dismissal of certain claims in the *Sentry* action on grounds of extraterritoriality.

[6]    *See* Decision at 71-72 ("The balance of the discussion [on extraterritoriality] concerns the transfers that originated with other feeder funds, including Greenwich Sentry, that were not subject to foreign liquidation proceedings.") The Decision defines "Greenwich Sentry" as GS and GSP collectively. *See id.* at 71.

SIMPSON THACHER & BARTLETT LLP

Honorable Stuart M. Bernstein                -3-                          January 20, 2017

below, the defendants believe that such claims should be dismissed based on the Court's findings on extraterritoriality where the transfer sought is presumptively foreign or was proceeded by a presumptively foreign transfer in the chain of transfers.

## II.   Extraterritoriality

Since the Trustee seeks to recover subsequent transfers originating from GS and GSP in all three Actions, the Trustee's subsequent transfer claims are not fully disposed of on grounds of international comity in any of the Actions. Therefore, we believe the final orders in all three Actions should incorporate the Court's extraterritoriality findings. We address below proposed provisions in the orders based on extraterritoriality that are unique to particular defendants in each Action, and then discuss an extraterritoriality issue—foreign transfers earlier in the transfer chain—applicable to defendants in all three Actions. We will not reiterate here the discussion of the pleadings and related material that establish the transactions at issue are presumptively foreign and that the presumption has not been rebutted, but rely on the discussion in defendants' supplemental reply memorandum on the motion decided by the Decision. *See FG Foreign Defendants' Supplemental Reply Memorandum of Law in Further Support of Their Motion to Dismiss Based on Extraterritoriality* dated September 30, 2015 (the "FG Reply Brief"), which is attached hereto as Exhibit D.[7]

### A.   *Safehand* Action

The proposed order for the *Safehand* Action contains decretal paragraphs effecting holdings in the Decision on extraterritoriality that (a) all claims against Strongback Holdings Corp. and PF Trustees are dismissed for failure to plead a domestic subsequent transfer to either of them, and (b) claims against Safehand Investments seeking to recover alleged transfers from Fairfield Greenwich (Bermuda) Limited ("Fairfield Bermuda") are dismissed because the Trustee fails to rebut the presumption they were foreign transfers.[8] *See* Ex. B at ¶¶ 6-7.

### B.   *Barreneche* Action

Similarly, the proposed order for the *Barreneche* Action contains a decretal paragraph effecting holdings in the Decision on extraterritoriality that claims against FG Investors Inc. seeking to recover alleged transfers from Fairfield Bermuda are dismissed because the Trustee fails to rebut the presumption they were foreign transfers.[9] This proposed order also contains a decretal paragraph dismissing claims against Dove Hill Trust seeking to recover alleged transfers from F. Sentry because the Court's discussion in the

---

[7]   *See* Adv. Pro. No. 08-01789, ECF No. 11679; Adv. Pro. No. 09-01239, ECF No. 196; Adv. Pro. No. 12-01701, ECF No. 69); Adv. Pro. No. 12-01702, ECF No. 68.

[8]   *See* Decision at 73-77.

[9]   *See* Decision at 77-78.

SIMPSON THACHER & BARTLETT LLP

Honorable Stuart M. Bernstein         -4-         January 20, 2017

Decision indicates that the Trustee has failed to rebut the presumption they were foreign transfers.[10]  *See* Ex. C at ¶¶ 6-7.

    C.    *Sentry* Action

The Decision does not contain an extraterritoriality analysis specific to the transfers at issue in the *Sentry* Action.  However, we believe that it follows from the Court's extraterritoriality analysis in the other Actions against Fairfield Greenwich-related defendants—the *Safehand* Action and the *Barreneche* Action—that certain claims in the *Sentry* action should be dismissed based on extraterritoriality.  To that end, the defendants' proposed order for the *Sentry* Action contains a decretal paragraph consistent with the holdings of the Decision on extraterritoriality that, regardless of whether the alleged transfers originated with an Offshore Fund or Domestic Fund, claims seeking to recover transfers where the Trustee has not made sufficient allegations to rebut the presumption of extraterritoriality must be dismissed.  *See* Ex. A at ¶ 6.

The Court holds in the Decision, in the context of the *Safehand* Action and *Barreneche* Action, that defendant Fairfield Bermuda is foreign for purposes of application of the extraterritoriality doctrine.[11]  Therefore, claims for transfers from or to Fairfield Bermuda where the other party was also foreign under an extraterritoriality analysis should be dismissed, and the defendants' proposed order so provides.  The foreign status of certain transfers to and from foreign defendants in the *Sentry* Action was briefed in the FG Reply Brief, and we refer the Court to that prior briefing.  *See* FG Reply Brief at § 2.[12]  The defendants' proposed order provides for dismissal of claims that seek to recover those presumptively foreign transfers, including transfers from the Offshore Funds.  Again, while claims for these latter transfers from the Offshore Funds already will be dismissed on consent on grounds of comity, we believe they also should be dismissed on grounds of

---

[10]     *See id.* at 78-79.  The Trustee alleges that Dove Hill Trust received subsequent transfers from F. Sentry.  The Decision dismisses claims seeking to recover those transfers on comity grounds. *See id.* at 38, Table 2.  However, we believe those claims should also be dismissed on extraterritoriality grounds since F. Sentry is a foreign transferor and the Trustee has not sufficiently alleged that transfers to Dove Hill Trust from a foreign transferor are domestic.  *See* Decision at 79 (Trustee "does not allege . . . that Dove Hill received the transfers in a U.S. Account").

[11]     *See* Decision at 72-73; *see also id.* at 77 (transfers from Fairfield Bermuda were "made by a foreign entity").  The Decision also addressed—in the context of the *Safehand* Action and *Barreneche* Action—transfers from Fairfield Greenwich Limited ("Fairfield Cayman") and concludes that the Trustee has made sufficient allegations with respect to Fairfield Cayman to rebut the presumption of extraterritoriality.  *See id.* at 77.  Accordingly, the defendants' proposed order for the *Sentry* Action does not provide for dismissal of transfers directly from or to Fairfield Cayman on grounds of extraterritoriality.

[12]     *See also* Fairfield Investment Fund Limited's Supplemental Reply Memorandum of Law in Further Support of its Motion to Dismiss Based on Extraterritoriality, Adv. Pro. No. 09-01239, ECF No. 193.

SIMPSON THACHER & BARTLETT LLP

Honorable Stuart M. Bernstein     -5-     January 20, 2017

extraterritoriality, particularly given that the Court's holdings on comity will be appealed by the Trustee.

### D.    Transfers Preceded by Foreign Transfer

The alleged subsequent transfers that the Trustee seeks to recover in all three Actions are, in most instances, the end transfer in a chain of subsequent transfers that allegedly originate with an Offshore Fund or Domestic Fund. In accordance with the holdings in the Decision on extraterritoriality, the Trustee cannot recover an end transfer that is preceded at any point in the transfer chain by a foreign transfer, even where the Trustee has sufficiently alleged that the end transferee resided in the United States. The Court addresses this scenario in the Decision in the context of *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-05311:

> [I]f the subsequent transfers [from Luxembourg Fund, "a foreign entity that did not reside in the United States"] to UBS Lux and UBS Fund Services ["foreign transferees"] cannot be recovered on grounds of extraterritoriality, the subsequent transfer from those entities to UBS AG [which "resides in the United States"] are also beyond the reach of Bankruptcy Code § 550(a)(2). Accordingly, the Trustee has failed to rebut the presumption of extraterritoriality and these subsequent transfer claims are dismissed.

Decision at 84-85.[13] Accordingly, the proposed orders in the three Actions contain a decretal paragraph dismissing claims for subsequent transfers where those transfers were preceded in the transfer chain by a foreign transfer. *See* Ex. A at ¶ 5, Ex. B. at ¶ 5; Ex. C at ¶ 5.

\*    \*    \*

If the Court wishes, we would be happy to provide additional briefing of any of the matters addressed above.

---

[13] The Court dismissed claims seeking to recover alleged subsequent transfers to UBS AG on the grounds of a preceding foreign transfer in the transfer chain even though UBS AG did not raise the issue in its supplemental reply memorandum. *See* UBS Defendants' Supplemental Reply Memorandum of Law in Further Support of Their Motion to Dismiss Based on Extraterritoriality, *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-05311 (SMB), ECF No. 226. By comparison, the defendants in these Actions raised the issue and cited authority barring recovery of a subsequent transfer where "preceded by a foreign to foreign transfer earlier in the transfer chain." *See* FG Reply Brief at 3 n.4; *Picard v. Merkin (In re BLMIS)*, 515 B.R. 117, 149 (Bankr. S.D.N.Y. 2014) Bernstein, J.) (prior transfer in the chain must be voidable for the Trustee to have the power to avoid and recover subsequent transfer); *SIPC v. BLMIS (In re Madoff Sec.)*, No. 12 MC 115, 2013 WL 1609154, at \*7 (S.D.N.Y. Apr. 15, 2013) (Rakoff, J.) (subsequent transferees may raise a defense applicable to transfers earlier in the chain).

SIMPSON THACHER & BARTLETT LLP

Honorable Stuart M. Bernstein      -6-      January 20, 2017

Respectfully submitted,

/s/ Mark G. Cunha_____
Mark G. Cunha

*Counsel for Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors LLC, Fairfield International Managers, Inc., Mark McKeefry, Daniel Lipton, Amit Vijayvergiya, Gordon McKenzie, Richard Landsberger, Philip Toub, Charles Murphy, Andrew Smith, Harold Greisman, Corina Noel Piedrahita, Lourdes Barreneche, Cornelis Boele, Santiago Reyes, Jacqueline Harary, Barreneche, Inc., Dove Hill Trust, Fairfield Greenwich Capital Partners, FG Investors Ltd, Fortuna Asset Management Inc., Selecta Financial Corporation Inc., and Share Management LLC*

Attachments

cc (by email):
    David J. Sheehan, Esq. (dsheehan@bakerlaw.com)
    Thomas L. Long, Esq. (tlong@bakerlaw.com)
    Catherine E. Woltering, Esq. (cwoltering@bakerlaw.com)
    Torello H. Calvani, Esq. (tcalvani@bakerlaw.com)
    Carl H. Loewenson, Jr., Esq. (cloewenson@mofo.com)
    Justin D. Mayer, Esq. (jmayer@mofo.com)
    Andrew J. Levander, Esq. (andrew.levander@dechert.com)
    Neil A. Steiner, Esq. (neil.steiner@dechert.com)
    Frederick R. Kessler, Esq. (fkessler@wmd-law.com)
    Fletcher W. Strong, Esq. (fstrong@wmd-law.com)
    Bruce A. Baird, Esq. (bbaird@cov.com)
    Matthew F. Dunn, Esq. (mdunn@cov.com)
    Daniel J. Fetterman, Esq. (dfetterman@kasowitz.com)
    Edward M. Spiro, Esq. (espiro@maglaw.com)
    Glenn M. Kurtz, Esq. (gkurtz@whitecase.com)
    Andrew W. Hammond, Esq. (ahammond@whitecase.com)
.