# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>           v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>           Plaintiff,<br>           v.<br><br>SAFEHAND INVESTMENTS, STRONGBACK HOLDINGS CORPORATION, and PF TRUSTEES LIMITED in its capacity as trustee of RD Trust,<br><br>           Defendants. | Adv. Pro. No. 12-01701 (SMB) |

**[DEFENDANTS' PROPOSED] FINAL ORDER**
**GRANTING MOTION TO PARTIALLY DISMISS AMENDED COMPLAINT**

  **WHEREAS**, on June 6, 2012, Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court") by filing a Complaint against RD Trust, Safehand Investments, and Strongback Holdings Corporation. *See Picard v. Safehand Investments*, Adv. Pro. No. 12-01701 (SMB), ECF No. 1;

**WHEREAS**, on May 31, 2013, the Trustee filed an Amended Complaint against Defendants, substituting PF Trustees Limited for RD Trust, for which PF Trustees Limited serves as trustee ("PF Trustees Limited," together with Safehand Investments and Strongback Holdings Corporation, the "Defendants"). *See Picard v. Safehand Investments*, Adv. Pro. No. 12-01701 (SMB), ECF No. 13;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014);

2

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order.  *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed the Defendants, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against Defendants should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss").  *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, on December 31, 2014, Defendants filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss.  *See Picard v. Safehand Investments*, Adv. Pro. No. 12-01701 (SMB), ECF No. 50;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) proffered allegations as to the Extraterritoriality

3

Issue that the Trustee would include in a proposed second amended complaint. *See Picard v. Safehand Investments*, Adv. Pro. No. 12-01701 (SMB), ECF Nos. 60–62;

**WHEREAS**, on September 30, 2015, Defendants filed (a) a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) a supplemental reply memorandum in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF Nos. 66–69;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted in part and denied in part the Extraterritoriality Motion to Dismiss as to Defendants. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed the dismissal of some of the Trustee's claims against Safehand Investments in this adversary proceeding and the dismissal of all of the Trustee's claims against Strongback Holdings Corporation and PF Trustees Limited in this adversary proceeding;

**WHEREAS**, the Trustee and the Defendants (collectively, the "Parties") have agreed to consent to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding;

**WHEREAS**, the Parties requested in a separate joint motion that the Bankruptcy Court enter a final judgment solely as to claims dismissed pursuant to this Final Order (the "Dismissed

4

Claims") under Rule 54(b) of the Federal Rules of Civil Procedure on the grounds that an immediate appellate review of the Memorandum Decision will be efficient for the courts and the Parties;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3. The Extraterritoriality Motion to Dismiss is **GRANTED** as to the Dismissed Claims against the Defendants as set forth in paragraphs 4 through 7 below of this Final Order.

4. Pursuant to the holdings in the Memorandum Decision on international comity, the sole Count in the Complaint is dismissed as to all Defendants except to the extent the claims in that Count seek to recover transfers of funds initially transferred from BLMIS to Greenwich Sentry, L.P. or Greenwich Sentry Partners, L.P. Certain of the excepted claims are also dismissed pursuant to the holdings in the Memorandum Decision on extraterritoriality as set forth in paragraphs 5 through 7 below of this Final Order,

5

5. Pursuant to the holdings in the Memorandum Decision on extraterritoriality, the sole Count in the Amended Complaint is dismissed as to all Defendants to the extent it seeks to recover alleged subsequent transfers that were preceded at any point in the transfer chain by a foreign transfer, specifically, alleged subsequent transfers to any Defendant preceded at any point in the transfer chain by: (a) a transfer from Fairfield Sentry Limited, Fairfield Sigma Limited or Fairfield Lambda Limited to Fairfield Greenwich (Bermuda) Limited; (b) a transfer from Fairfield Sentry Limited to Fairfield Sigma Limited, Fairfield Lambda Limited, Fairfield Investment Fund Limited or FIF Advanced, Ltd.; (c) a transfer from Fairfield Greenwich (Bermuda) Limited to Fairfield Greenwich (UK) Limited; and (d) a transfer from Fairfield Greenwich (Bermuda) Limited to Safehand Investments.

6. Pursuant to the holdings in the Memorandum Decision on extraterritoriality, the sole Count in the Amended Complaint is dismissed as to Strongback Holdings Corporation and PF Trustees Limited.

7. Pursuant to the holdings in the Memorandum Decision on extraterritoriality, the sole Count in the Amended Complaint is dismissed as to Safehand Investments to the extent it seeks to recover alleged subsequent transfers from Fairfield Greenwich (Bermuda) Limited.

8. The Trustee's application for leave to amend to add allegations relevant to the Extraterritoriality Issue is denied with prejudice.

9. The entry of a final order and judgment dismissing the Dismissed Claims in this adversary proceeding pursuant to Fed. R. Civ. P. 54(b) is appropriate. To permit entry of a final order and judgment under Fed. R. Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim finally decided within the meaning of 28 U.S.C. § 1291, and an express

6

determination that there is no just reason for delay. *In re Air Crash at Belle Harbor, N.Y.*, 490 F.3d 99, 108-09 (2d Cir. 2007).

10. The operative complaint filed in this adversary proceeding alleges multiple claims and names multiple defendants. The entry of a final order and judgment will finally decide and ultimately dispose of the Dismissed Claims, which present legal issues that can be adjudicated independently of the remaining claims.

11. There is no just reason for delay of entry of a final order and judgment on the Dismissed Claims. In light of the number of adversary proceedings, claims and defendants in the above-captioned substantively consolidated adversary proceeding affected by the Memorandum Decision, the interests of sound judicial administration and the realization of judicial efficiencies are served by the entry of this final order and judgment, together with the entry of all other final orders and judgments dismissing other claims brought by the Trustee in the above-captioned substantively consolidated adversary proceeding pursuant to the Memorandum Decision ("Related Final Orders and Judgments"), and the opportunity for an immediate appeal.

12. Because this order and judgment and the dismissal of the Dismissed Claims, together with Related Final Orders and Judgments, will affect numerous adversary proceedings commenced by the Trustee and hundreds of defendants named in those complaints or proposed amended complaints, an immediate appeal would avoid protracted, expensive, and potentially duplicative litigation proceedings, and will facilitate the prompt resolution of the case, thereby providing certainty and helping to streamline the litigation for further proceedings and possible appeals.

13. The Parties' request, filed in a separate joint motion, that the Bankruptcy Court enter final orders and judgments solely as to the Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure is **GRANTED**.

**SO ORDERED**

Dated: [_____, 2017]
       New York, New York

                                                           _____
                                                           HONORABLE STUART M. BERNSTEIN
                                                           UNITED STATES BANKRUPTCY JUDGE