**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>            Plaintiff,<br><br>            v.<br><br>KOREA EXCHANGE BANK, individually and as Trustee for Korea Global All Asset Trust I-1, and as Trustee for Tams Rainbow Trust III, and KOREA INVESTMENT TRUST MANAGEMENT COMPANY,<br><br>            Defendants. | Adv. Pro. No. 11-02572 (SMB) |

**[TRUSTEE'S PROPOSED] FINAL ORDER**
**GRANTING MOTION TO DISMISS COMPLAINT**

**WHEREAS**, on September 1, 2011, Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a

Complaint against Korea Exchange Bank ("KEB"), individually and as trustee for Korea Global All Asset Trust I-1, and as trustee for Tams Rainbow Trust III. *See Picard v. Korea Exchange Bank, et al.*, Adv. Pro. No. 11-02572 (SMB), ECF No. 1;

**WHEREAS**, on June 6, 2012, the Trustee filed a First Amended Complaint to add Korea Investment Trust Company ("KITMC") as a defendant in the above-captioned adversary proceeding. *See id.*, ECF No. 30;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further

proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed the Defendants, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against the Defendants should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, on January 2, 2015, KEB filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See Picard v. Korea Exchange Bank, et al.*, Adv. Pro. No. 11-02572 (SMB), ECF No. 76;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed second amended complaint. *See Picard v. Korea Exchange Bank, et al.*, Adv. Pro. No. 11-02572 (SMB), ECF Nos. 85-87;

**WHEREAS**, on October 6, 2015, KEB filed a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF No. 91;

3

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted the Extraterritoriality Motion to Dismiss as to the Defendants. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689 (SMB) (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed that the Trustee's claims against KITMC in this adversary proceeding should be dismissed;

**WHEREAS**, the Trustee consents to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding, and KITMC has consented to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding, as set forth in Exhibit A attached hereto;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The Trusee and KITMC expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, KITMC reserves all other jurisdictional,

4

08-01789-cgm    Doc 14932-1    Filed 01/23/17    Entered 01/23/17 13:44:32    Exhibit
Proposed Order on Notice and Ex. A to Proposed Order on Notice    Pg 5 of 8

5

substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3. The Extraterritoriality Motion to Dismiss is **GRANTED** with respect to KITMC.

**SO ORDERED**

Dated: _____, 2017
       New York, New York

                                          _____
                                          HONORABLE STUART M. BERNSTEIN
                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# Calvani, Torello

| | |
|---|---|
| **From:** | Lawlor, James <JLawlor@WMD-LAW.com> |
| **Sent:** | Wednesday, December 14, 2016 3:06 PM |
| **To:** | Woltering, Catherine E. |
| **Cc:** | Calvani, Torello; mlunn@ycst.com; hsimon@windelsmarx.com; Sheehan, David J. |
| **Subject:** | RE: Action Required: Letter re: ET Memorandum Decision in SIPC v. BLMIS |

Counsel,

We represent Korean Investment Trust Management Co. ("KITMC"), a defendant in a stayed adversary proceeding impacted by the Bankruptcy Court ruling. We have been noticed of the Trustee's request to consent to entry of a final order as a consequence of Judge Bernstein's recent decision. This email serves as notice that **KITMC** hereby consents to the Bankruptcy Court's jurisdiction for entry of a final order, whether consensual or on notice, consistent Judge Bernstein's Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers *(SIPC v. BLMIS (In re BLMIS),* No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495)).

Regards, Jim

---

James N. Lawlor
Wollmuth Maher & Deutsch LLP
One Gateway Center, Ninth Floor
Newark, NJ 07102
- and -
500 Fifth Avenue
New York, NY 10110
Email: jlawlor@wmd-law.com
Phone: 212-382-3300
Fax: 973-741-2398
Cell: 917-716-6763
www.wmd-law.com

This Electronic Message contains privileged client attorney communications from the law firm of Wollmuth Maher & Deutsch LLP. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited.

**From:** Woltering, Catherine E. [mailto:cwoltering@bakerlaw.com]
**Sent:** Wednesday, December 07, 2016 4:36 PM
**To:** Woltering, Catherine E. <cwoltering@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; mlunn@ycst.com; Woltering, Catherine E. <cwoltering@bakerlaw.com>; hsimon@windelsmarx.com; Sheehan, David J. <dsheehan@bakerlaw.com>
**Subject:** Action Required: Letter re: ET Memorandum Decision in SIPC v. BLMIS
**Importance:** High

Counsel,

Please see the attached correspondence from Trustee's counsel regarding Judge Bernstein's Memorandum Decision on Extraterritoriality (*SIPC v. BLMIS (In re BLMIS),* No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495).

As discussed in the letter, we request a response from each defendant by no later than <u>**6:00 P.M. on Wednesday December 14, 2016.**</u>

Regards,
Catherine

1

**Catherine E. Woltering**
Partner

BakerHostetler

Capitol Square
65 East State Street | Suite 2100
Columbus, OH 43215-4260
T 614.462.2677

cwoltering@bakerlaw.com
bakerlaw.com





This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

2