# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
#### TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

January 23, 2017

**VIA ECF AND EMAIL: bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    Request for permission to appeal Judge Maas' January 9, 2017 Order (ECF No. 14820) to the extent it requires Defendants to disclose information about subsequent transferees

Dear Judge Bernstein:

    We write on behalf of Defendants in all of the cases listed on Exhibit A hereto, pursuant to the procedure established in this Court's October 4, 2016 order (ECF No. 14227), to request permission to appeal Judge Maas' January 9, 2017 Order to the extent it can be read to require Defendants to disclose information about subsequent transferees (the "Order") (ECF No. 14820).

## I.    Background

    This Court dismissed the Trustee's subsequent transferee claims for failure to meet the pleading standard set forth in Federal Rule of Civil Procedure 8. *See Sec. Investor Prot. Corp. v Bernard L. Madoff Inv. Sec. LLC (In Re Madoff Sec.)*, 531 B.R. 439, 472-74 (Bankr. S.D.N.Y. 2015). Thereafter, the Trustee has engaged in a systematic campaign to subpoena bank records in order to obtain the facts necessary to state claims against subsequent transferees. This is an issue which we have repeatedly brought to the Court's attention on behalf of all of the Defendants.

    The Trustee has never disputed that the law does not permit a party to take discovery in order to obtain the facts necessary to frame a complaint. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("Because the Respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) ("[T]hat the plaintiff might be able to 'piece together' the elements of a claim after discovery is insufficient to justify leave to amend. Discovery is unwarranted where it would function as a 'fishing expedition for evidence in search of a theory that has yet to be asserted.'") (quoting *In re Alper Holdings, Inc.,* 398 B.R. 736, 754 (S.D.N.Y. 2008)); *Thule AB v. Advanced Accessory Holdings Corp.,* 2010 WL 1838894, at *4 (S.D.N.Y. May 4, 2010) ("Rule 8 . . . does not unlock

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
January 23, 2017
Page 2

the doors of discovery for a plaintiff armed with nothing more than conclusions.") *reconsideration granted on other grounds,* 2010 WL 2287012 (S.D.N.Y. June 1, 2010); *DD v.. Lincoln Hall*, 2010 WL 69502, at *12 (S.D.N.Y. Feb. 19, 2010) ("Plaintiffs' argument that their claims should be stayed pending discovery would contravene *Iqbal'*s command that mere conclusions are insufficient to 'unlock the doors of discovery.'").

Indeed, the Trustee has relied upon this principle of law to bar Defendants from taking discovery to bolster their complaint against the Picower Parties. *See, e.g.*, *Marshall v. Madoff*, No. 15 MC 56 JGK, 2015 WL 2183939, at *4 (S.D.N.Y. May 11, 2015), *appeal dismissed* (Sept. 23, 2015). The Courts have accepted the Trustee's argument on this issue – even though the Picower Parties are alleged to have been Madoff's co-conspirators – and the Courts have entered numerous orders intended to prevent Defendants from utilizing any information obtained in discovery in order to bolster their allegations against the Picower Parties.

If this principle of law applies to protect alleged co-conspirators, then surely it should apply to protect the due process rights of innocent victims of Madoff's fraud. While the Trustee has often bragged that he does not need the Defendants' bank records to prove his case, he continues to pursue this discovery unrestrained. (The Trustee's use of subpoenas to frame complaints against subsequent transferees is on appeal in the District Court. *See Picard v. Helene Saren-Lawrence*, No. 16-cv-03006 (S.D.N.Y.)).

II. **The Order improperly requires the Defendants to provide information about subsequent transferees**

Despite the undisputed principle of law that the Trustee cannot take discovery to frame a complaint, the Order requires Defendants who cannot stipulate to the Trustee's material allegations to disclose information about subsequent transferees. The Order provides in paragraph 2 as follows:

> 2. Insofar as possible, the parties represented by Chaitman LLP in adversary proceedings shall stipulate as follows:
> In connection with any motion practice, trial, or appeal, the Defendants: (a) will not challenge the accuracy or completeness of the deposit and withdrawal related information set forth in columns 1 through 5 of Exhibit B to the Trustee's complaint; (b) concede that the funds reflected in Column 5 of Exhibit B were withdrawn from the Defendants' BLMIS account and received by the account holder; and (c) shall withdraw the Defendants' Twentieth Affirmative Defense, alleging that the Trustee has "fraudulently calculated the Defendants' liability" by charging the Defendants with "withdrawals that the Trustee has no proof were taken," Twenty-Seventh Affirmative Defense, alleging that the Trustee failed to credit properly "inter-account transfers, profit withdrawals, and other adjustments," and Forty-Sixth Affirmative Defense, alleging

{00027755 2 }

CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 23, 2017
Page 3

that the Trustee failed to credit properly "all of the Defendants' deposits."

Paragraph 3 of the Order punishes those Defendants who cannot provide the above stipulations:

> 3. **In adversary proceedings in which the parties enter into the foregoing stipulation, the Defendants need not supplement their prior answers to the Trustee's interrogatories concerning: (a) the persons or entities that directly or indirectly received funds withdrawn from the Defendants' account and the amounts received; (b) the use of the funds received; (c) the banks or other institutions where the Defendants held accounts;** and (d) instances in which the Defendants challenged the accuracy of the deposit or withdrawal information on the Defendants' BLMIS account statements.

(Emphasis added).

This provision of the Order is clearly violative of Defendants' rights to due process of law.

### III.    The Trustee has immediately sought to take advantage of the error in the Order

Since the entry of the Order, the Trustee has been emboldened in his pursuit of subsequent transferee information. For example, in *Picard v. Robbins*, Adv. Pro. No. 10-04503 (Bank. S.D.N.Y.), the Trustee has demanded that, if Mr. Robbins does *not* enter into the Paragraph 2 stipulation, then the Order operates to require Robbins to provide the Paragraph 3 discovery. (*See* Trustee's Letter regarding discovery in *Picard v. Robbins*, January 19, 2017, attached as Ex. B).

The Trustee is not entitled to take discovery concerning transfers to subsequent transferees. To the extent the Order can be read to require this, we ask that the Court grant Defendants permission to appeal the Order.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Encl.

cc:    (*via ECF and Email w/encl.*)
    Hon. Frank Maas (fmaas@jamsadr.com)
    Dean D. Hunt (dhunt@bakerlaw.com)

{00027755 2 }

## CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 23, 2017
Page 4

    Edward J. Jacob (ejacobs@bakerlaw.com)
    Marie L. Carlisle (mcarlisle@bakerlaw.com)
    Keith R. Murphy (kmurphy@bakerlaw.com)

{00027755 2 }