# EXHIBIT B

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Brian W. Song
direct dial: 212.271.1505
bsong@bakerlaw.com

January 19, 2017

**VIA EMAIL**

Helen Davis Chaitman
Jennifer Allim
Chaitman, LLP
465 Park Avenue
New York, New York 10022

    Re:    *Adv. Pro. No. 10-04503 (SMB); Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Judd Robbins*

Dear Counsel:

I write to address certain objections and deficiencies in your client's Responses and Objections to the Trustee's First Set of Requests for Production of Documents ("Requests") and Trustee's First Set of Interrogatories ("Interrogatories") in light of Mr. Robbins' testimony at his deposition on January 10, 2017 and Judge Maas' January 4, 2017 Discovery Orders.

I also write in regards to the supplemental production you produced late yesterday.

**General Objections to Requests and Interrogatories**

With respect to General Objection No. 6 regarding confidentiality: On June 6, 2011 the Bankruptcy Court entered a Litigation Protective Order ("LPO") governing the production of confidential documents. Therefore, confidential and proprietary information is protected.

With respect to General Objection No. 12 relating to the disclosure of information or production of documents for an irrelevant time period: The defined "Applicable Period" is relevant to a number of issues raised in the Trustee's Complaint and Defendant's Answer, including: (1) matters relating to Defendant's opening and management of the BLMIS account; (2) the deposit and withdrawal history of the account, including the flow of transfers from BLMIS; (3) Defendant's affirmative defenses challenging the Trustee's evidence of those transfers and the account's deposit and withdrawal history; and (4) tax payments and refunds associated with fictitious profits earned from the BLMIS account.

**Stipulation and Withdrawal of Affirmative Defenses**

On January 4, 2017, Judge Maas from the United States District Court Southern District of New York for Adv. Pro. No. 10-04905 (SMB) stated in the Discovery Arbitrator's Order General

Helen Davis Chaitman
January 19, 2017
Page 2

Ruling that "Baker Hostetler, counsel for the Trustee, and Chaitman LLP, counsel for the Defendants, shall endeavor, insofar as possible, to apply my rulings regarding discovery issues to other comparable adversary proceedings, including, but not limited to adversary proceedings in which Chaitman LLP represents the defendants." Therefore, the General Rulings in this January 4, 2017 Order apply to this Adv. Pro. No. 10-04503 because this is a comparable proceeding and Chaitman LLP is Counsel for the Defendant.

Also in the January 4, 2017 Amended Order, Judge Maas stated the stipulation language for parties represented by Chaitman LLP in adversary proceedings:

> In connection with any motion practice, trial, or appeal, the Defendants: (a) will not challenge the accuracy or completeness of the deposit and withdrawal-related information set forth in columns 1 through 5 of Exhibit B to the Trustee's complaint; (b) concede that the funds reflected in Column 5 of Exhibit B were withdrawn from the Defendants' BLMIS account and received by the account holder; and (c) shall withdraw the Defendants' Twentieth Affirmative Defense, alleging that the Trustee has "fraudulently calculated the Defendants' liability" by charging the Defendants with "withdrawals that the Trustee has no proof were taken," Twenty-Seventh Affirmative Defense, alleging that the Trustee failed to credit properly "inter-account transfers, profit withdrawals, and other adjustments," and Forty-Sixth Affirmative Defense, alleging that the Trustee failed to credit properly "all of the Defendants' deposits."

If Mr. Robbins enters into the above stipulation and withdrawal of affirmative defenses, he need not supplement his prior answers to the Trustee's interrogatories concerning: (a) the persons or entities that directly or indirectly received funds withdrawn from the Defendant's account and the amounts received (Interrogatory No. 11); (b) the use of the funds received (Interrogatory No. 8); (c) the bank or other institutions where the Defendant held accounts (Interrogatory Nos. 4, 5, and 14); and (d) instances in which the Defendant challenged the accuracy of the deposit or withdrawal information on the Defendant's BLMIS account statements (Interrogatory Nos. 15-16).

Given the timing of Judge Maas's order, we were not able to discuss entering this stipulation prior to Mr. Robbins' deposition.  However, in light of Mr. Robbins' testimony confirming the deposits, withdrawals, and inter-account transfers listed on Exhibit B of the Trustee's Complaint, we ask that you agree to enter this stipulation and withdraw the applicable affirmative defenses at this time.  If Mr. Robbins will not agree to the stipulation, the Trustee demands timely responses to the withdrawal of objections, amendments to responses, document productions, and confirmation of responses in conformity with this letter.

**Document Production**

Please explain the reason for the delay in the production of tax documents that you produced on January 16, 2017.  Request No. 11 specifically calls for documents that support the sixteenth

Helen Davis Chaitman
January 19, 2017
Page 3

affirmative defense in the Answer to the Complaint that the "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including but not limited to IRS Form 1099s for each year taxes were paid on reported fictitious profits. Despite your response that "[a]ny such documents shall be produced," you did not produce these documents until almost a week after Mr. Robbins' deposition.

Your untimely production is even more egregious given Mr. Robbins' response to Interrogatory No. 17 concerning the factual basis for Mr. Robbins' sixteenth affirmative defense. In response, Mr. Robbins states that the "defense concerning payment of short term capital gains taxes is based upon Responding Party's testimony as to the payment of the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession." Yet, Mr. Robbins testified at his deposition that he did not know what short term capital gains taxes he paid or the years in which he may have paid them. (Robbins Deposition at 144:19-145:10). He stated that in order to determine those taxes, he would need to look at his tax filings. (*Id.* at 145:11-16). Please confirm that you have now produced all documents in response to Request No. 11 and amend Interrogatory Response No. 17 accordingly.

For all remaining Requests that state "[a]ny such documents shall be produced," please produce the documents by January 20, 2017 or confirm your production is complete. We note that you have not produced any monthly account statements from BLMIS despite Mr. Robbins' testimony that he received them. (*Id.* at 24:9-11; 28:17-29:12). Please also produce any monthly account statements from Retirement Accounts, Inc. or FiServ.

**Specific Objections to Interrogatories and Requests**

You object to Interrogatory Nos. 4, 5, and 14 on the basis that the Trustee has "no right to banking information." This objection is not valid. Please withdraw the objection and respond to the Interrogatories.

You object to Request Nos. 4 and 5 on the basis that the Trustee has no legitimate interest in bank records and "the only reason for demanding bank records for this period is the illegal one of seeking to obtain evidence to frame a complaint against subsequent transferees." This objection is not valid. Please withdraw the objection and respond to the Request.

Please amend the response to Interrogatory No. 8 to identify which transfers Mr. Robbins received were used to pay taxes on the amounts withdrawn.

Please amend responses to Interrogatory Nos. 10 and 23 to comply with Judge Maas' January 4, 2017 Order. According to the Order, it is insufficient to simply identify BLMIS personnel with knowledge of the Transfers. Accordingly, Mr. Robbins must identify any persons, specifically accountants, attorneys, financial advisors, or other advisors, with knowledge of any of the

Helen Davis Chaitman
January 19, 2017
Page 4

Transfers. To the extent that Mr. Robbins has already identified individuals in his deposition testimony, those individuals do not need to be identified again.

Defendant's response to Interrogatory No. 17 is incomplete as he failed to provide the amounts paid in taxes on reported fictitious profits, the taxing authorities to which they were paid, and the amounts of reported income. As stated above, he had no personal knowledge of these taxes at the time of his deposition. Please amend this response to include this information or withdraw this defense.

Defendant's response to Interrogatory Nos. 18 and 21 are also incomplete in that he does not identify which inter-account transfers the Trustee has "disallowed without any factual basis" or any "withdrawals for which the Trustee lacks reliable documentary evidence." Please amend these responses to include this information or withdraw these defenses.

Defendant's response to Interrogatory No. 19 is also incomplete in that he does not identify which of the inter-account transfers he contends were not properly credited, including the amounts he contends should be credited and documents, if any, supporting his contention. Defendant also does not identify any "profit withdrawals" or "other adjustments." Please amend this response to include this information or withdraw this defense.

In response to Interrogatory No. 20, please amend the response in accordance with Judge Maas's ruling with regard to Defendant's Thirty-Seventh Affirmative Defense. As Mr. Robbins was not 70-1/2 at the time of the Transfers, please withdraw this affirmative defense.

Please withdraw these General and Specific Objections and confirm that your client is not withholding any documents from production subject to them by the close of fact discovery on January 20, 2017. We are amenable to a reasonable extension of the fact discovery deadline if you require additional time. If you are unwilling to do so, we request a meet and confer on February 1, 2017.

We reserve the right to address additional concerns about Defendant's responses as discovery proceeds.

Sincerely,

Brian W. Song
Partner