# BakerHostetler

Baker&Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

Thomas L. Long
direct dial: 614.462.2626
TLong@bakerlaw.com

January 23, 2017

**VIA ECF & HAND**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: *Picard v. Fairfield Investment Fund Limited*, Adv. Pro. No. 09-01239; *Picard v. Safehand Investments*, Adv. Pro. No. 12-01701; *Picard v. Barreneche Inc.*, Adv. Pro. No. 12-01702

Dear Judge Bernstein:

We write to respectfully request the Court enter the Trustee's proposed orders (the "Proposed Orders") settling Your Honor's Memorandum Decision Regarding Claims To Recover Foreign Subsequent Transferees (the "Memorandum Decision")[1] consistent with the disposition of the motions filed in above-referenced proceedings (the "Fairfield Proceedings"). The defendants in the Fairfield Proceedings (the "Defendants") are improperly attempting to use their proposed orders as a vehicle to extend Your Honor's decision in their favor. Unlike the Defendants' proposed orders, the Trustee's Proposed Orders are true to the language of the Memorandum Decision and do not take liberties with the holdings therein. Indeed, in their submission, Defendants agree that the Trustee's Proposed Orders correctly reflect the holdings of the Memorandum Decision. For these reasons, the Trustee respectfully requests the Court adopt his Proposed Orders annexed hereto.[2]

---

[1] *See SIPC v. BLMIS (In re Madoff)*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495.

[2] For the Court' convenience, the Trustee attaches as Exhibit A-1 through C-1 copies of the Proposed Orders previously filed in *Picard v. Fairfield Investment Fund Limited*, No. 09-01239; *Picard v. Safehand Investments*, No. 12-01701; and *Picard v. Barreneche Inc.*, No. 12-01702. The Trustee has also prepared redlines comparing the Defendants' proposed orders to the Trustee's Proposed Orders, which are attached hereto as Exhibits A-2, B-2, and C-2.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Honorable Stuart M. Bernstein
January 23, 2017
Page 2

### I. The Memorandum Decision

The Memorandum Decision decided motions to dismiss filed by the Defendants, who argued that the extraterritorial application of U.S. law and principles of international comity barred the Trustee's claims to recover certain subsequent transfers. The Court issued the following ruling on those motions:

> A majority of the Trustee's claims against Subsequent Transferees were made by and/or originated from the Fairfield Funds[3] or the Kingate Funds (both defined below), the initial transferees of BLMIS. . . . These subsequent transfer claims are dismissed on grounds of international comity <u>without reaching the issue of extraterritoriality</u>. As to the balance, where the Trustee is seeking to recover subsequent transfers between two foreign entities using foreign bank accounts (without consideration of a U.S. correspondent bank account), those claims are dismissed.

Memorandum Decision at 4 (emphasis added). The Court applied its extraterritoriality ruling to the Fairfield Proceedings in pages 71-79 of the Memorandum Decision, entitled "Fairfield Greenwich." In this section, the Court explained that it was dismissing the Trustee's claims to recover the following transfers:

1. In *Safehand*, all subsequent transfers to Strongback and PF Trustees (*id.* at 76);

2. In *Safehand*, subsequent transfers from Fairfield Bermuda to Safehand (*id.* at 77); and

3. In *Barreneche*, subsequent transfers from Fairfield Bermuda to FG Investors (*id.* at 78).

The Memorandum Decision did not dismiss claims to recover any other transfers in any of the Fairfield Proceedings on the basis of extraterritoriality. The Defendants acknowledged this fact in their letter to the Court. *See* Letter dated January 20, 2017 at 3–4, *Picard v. Fairfield Investment Fund Limited*, No. 09-01239, ECF No. 222 ("Defs.' Letter").

### II. The Proposed Orders

The Memorandum Decision directs the parties "to confer for the purpose of submitting consensual orders consistent with the dispositions of the motions in each adversary. If they cannot submit consensual orders, they should settle orders on notice to the other parties in those adversary proceedings." Memorandum Decision at 87.

---

[3] The Memorandum Decision defines Fairfield Funds as Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited. *See* Memorandum Decision at 27.

Honorable Stuart M. Bernstein
January 23, 2017
Page 3

### A. The Trustee's Proposed Orders

Out of more than two hundred (200) defendants in ninety-one (91) adversary proceedings subject to the Memorandum Decision, only the Defendants were unable to reach agreement with the Trustee regarding proposed orders.[4] As a result, the parties submitted competing proposed orders. The Trustee's Proposed Orders are consistent with the Memorandum Decision's dispositions of the Defendants' motions. They dismiss claims seeking to recover transfers originating from the Fairfield Funds on grounds of international comity, and dismiss claims (as described above) seeking to recover transfers received by Strongback, PF Trustees, Safehand, and FG Investors.[5]

### B. The Defendants' Proposed Orders

The Defendants ask this Court to enter proposed orders that go well beyond the Memorandum Decision. This is an argument for a motion for reconsideration, and completely inappropriate for an order settling the Memorandum Decision.

In their letter to the Court, the Defendants acknowledge that the parties agree on which claims were dismissed on comity grounds. *See* Defs.' Letter at 2. They also agree with the Trustee regarding which claims were dismissed in the *Safehand* and *Barreneche* actions. *See id.* at 3. And, they also agree that the Memorandum Decision does not dismiss any claims in the *Fairfield Investment Fund Limited* action on the basis of extraterritoriality. *See id.* at 3-4. However, despite this, the Defendants ask this Court to enter proposed orders dismissing *additional claims* in the Fairfield Proceedings that the Memorandum Decision did not address, let alone dismiss.

With regard to the *Fairfield Investment Fund Limited* action, the Defendants' proposed order dismisses all claims seeking the recovery of transfers that originated from the Fairfield Funds on the basis of comity and extraterritoriality. *See* Proposed *Fairfield Investment Fund Limited* Order (hereafter "Proposed FIFL Order") ¶¶ 5–6, (Defs.' Letter, Ex. A at 7–8). However, the Memorandum Decision explicitly states that the Court did not reach the issue of extraterritoriality as to any transfers dismissed on comity grounds. *See* Memorandum Decision at 4. The inappropriateness of the Defendants' Proposed FIFL Order is evidenced by the fact that no other defendant with claims dismissed on comity grounds has argued that the Memorandum Decision should, or did, dismiss any of the Trustee's claims in those actions based

---

[4] Since filing the Trustee's proposed order settling the Memorandum Decision in *Picard v. Korea Exchange Bank*, No. 11-02572, counsel for defendant Korea Investment Trust Management Company has indicated his client consents to the Trustee's proposed order, alleviating the need for the Court to consider competing orders.

[5] The Defendants assert that the Trustee denies that any claims were dismissed on the basis of extraterritoriality. *See* Defs.' Letter at 2. This is incorrect. The Trustee's Proposed Orders dismiss claims, on the basis of extraterritoriality, to recover certain transfers to Strongback, PF Trustees, Safehand, and FG Investors. Exhibit B-1 at 4 ("the Memorandum Decision directed the dismissal of . . . the Trustee's claims in this adversary proceeding to recover subsequent transfers from Fairfield Greenwich (Bermuda) Limited to Safehand Investments, as well as all claims against Strongback Holdings Corporation and PF Trustees Limited"); Exhibit C-1 at 5 ("the Memorandum Decision directed the dismissal of . . . the Trustee's claims in this adversary proceeding to recover subsequent transfers from Fairfield Greenwich (Bermuda) Limited to FG Investors Limited").

Honorable Stuart M. Bernstein
January 23, 2017
Page 4

on extraterritoriality. The Defendants' Proposed FIFL Order also dismisses claims based on subsequent transfers originating from Fairfield Greenwich (Bermuda) Limited to Fairfield Greenwich (UK) Limited, as well as transfers between a long list of additional transferees and transferors. *See* Proposed FIFL Order at ¶¶ 5–6. The Defendants acknowledge the Memorandum Decision does not make these rulings with respect to the Defendants. Defs.' Letter at 4.

Finally, the Defendants' Proposed FIFL Order dismisses claims to recover subsequent transfers that were "preceded at any point in the transfer chain by a foreign transfer." *See* Proposed FIFL Order at ¶ 5. Again, the Defendants acknowledge that this ruling <u>was not</u> made with respect to the Defendants in *Picard v. Fairfield Investment Fund Limited*, but instead refer and rely on the Court's extraterritoriality analysis in a different adversary proceeding. Defs.' Letter at 5.

The Defendants' proposed orders in the *Safehand* and *Barreneche* actions contain similar language dismissing claims that, defendants admit, were not dismissed in the Memorandum Decision. *See* Proposed Safehand Order ¶¶ 5–6, (Defs.' Letter, Exhibit B at 6); Proposed Barreneche Order ¶¶ 5–7, (Defs.' Letter, Exhibit C at 6–7).

\* \* \*

The Trustee respectfully requests the Court enter the Trustee's Proposed Orders in the Fairfield Proceedings, which are consistent with the Memorandum Decision.

Respectfully submitted,

/s/ Thomas L. Long

Thomas L. Long
Of Counsel


cc: (by email)

David J. Sheehan, Esq. (dsheehan@bakerlaw.com)
Carl H. Loewenson, Jr., Esq. (cloewenson@mofo.com)
Justin D. Mayer, Esq. (jmayer@mofo.com)
Andrew J. Levander, Esq. (andrew.levander@dechert.com)
Neil A. Steiner, Esq. (neil.steiner@dechert.com)
Frederick R. Kessler, Esq. (fkessler@wmd-law.com)
Fletcher W. Strong, Esq. (fstrong@wmd-law.com)
Bruce A. Baird, Esq. (bbaird@cov.com)
Matthew F. Dunn, Esq. (mdunn@cov.com)
Daniel J. Fetterman, Esq. (dfetterman@kasowitz.com)
Edward M. Spiro, Esq. (espiro@maglaw.com)
Glenn M. Kurtz, Esq. (gkurtz@whitecase.com)
Andrew W. Hammond, Esq. (ahammond@whitecase.com)

Honorable Stuart M. Bernstein
January 23, 2017
Page 5

Jeffrey E. Baldwin, Esq. (JBaldwin@stblaw.com)
Peter E. Kazanoff, Esq. (pkazanoff@stblaw.com)
Mark G. Cunha, Esq. (mcunha@stblaw.com)