**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD INVESTMENT FUND LIMITED, STABLE FUND, FAIRFIELD GREENWICH LIMITED, FAIRFIELD GREENWICH (BERMUDA), LTD., FAIRFIELD GREENWICH ADVISORS LLC, FAIRFIELD INTERNATIONAL MANAGERS, INC., WALTER NOEL, JEFFREY TUCKER, ANDRÉS PIEDRAHITA, MARK MCKEEFRY, DANIEL LIPTON, AMIT VIJAYVERGIYA, GORDON MCKENZIE, RICHARD LANDSBERGER, PHILIP TOUB, CHARLES MURPHY, ROBERT BLUM, ANDREW SMITH, HAROLD GREISMAN, GREGORY BOWES, CORINA NOEL PIEDRAHITA, LOURDES BARRENECHE, CORNELIS BOELE, SANTIAGO REYES, and JACQUELINE HARARY,<br><br>Defendants. | Adv. Pro. No. 09-01239 (SMB)<br><br>**[~~TRUSTEE~~DEFENDANTS'~~S~~ PROPOSED] FINAL ORDER GRANTING MOTION TO PARTIALLY DISMISS AMENDED COMPLAINT** |

**WHEREAS**, on May 18, 2009, Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Fairfield Sentry Limited, Greenwich Sentry, L.P., and Greenwich Sentry Partners, L.P. *See Picard v. Fairfield Investment Fund Limited,* Adv. Pro. No. 09-01239 (SMB), ECF No. 1;

**WHEREAS**, on July 20, 2010, the Trustee filed an amended complaint (the "Amended Complaint") and added as defendants Fairfield Sigma Limited, Fairfield Lambda Limited, Chester Global Strategy Fund Limited, Chester Global Strategy Fund L.P., Irongate Global Strategy Fund Limited, Fairfield Greenwich Fund (Luxembourg), Fairfield Investment Fund Limited, Fairfield Investors (Euro) Limited, Fairfield Investors (Swiss Franc) Limited, Fairfield Investors (Yen) Limited, Fairfield Investment Trust, FIF Advanced, Ltd., Sentry Select Limited, Stable Fund L.P., Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors LLC, Fairfield Greenwich GP, LLC, Fairfield Greenwich Partners, LLC, Fairfield Heathcliff Capital LLC, Fairfield International Managers, Inc., Fairfield Greenwich (UK) Limited, Greenwich Bermuda Limited, Chester Management Cayman Limited, Walter Noel, Jeffrey Tucker, Andrés Piedrahita, Mark McKeefry, Daniel Lipton, Amit Vijayvergiya, Gordon McKenzie, Richard Landsberger, Philip Toub, Charles Murphy, Robert Blum, Andrew Smith, Harold Greisman, Gregory Bowes, Corina Noel Piedrahita, Lourdes Barreneche, Cornelis Boele, Santiago Reyes, and Jacqueline Harary. *See id.,* ECF No. 23;

**WHEREAS**, the Trustee has settled all of his claims against Fairfield Sentry Limited, Fairfield Sigma Limited, Fairfield Lambda Limited, Greenwich Sentry, L.P., and Greenwich Sentry Partners, L.P. *See id.* ECF Nos. 95, 107–10, 125–26;

**WHEREAS**, since filing the Amended Complaint, the Trustee has also settled and/or dismissed his claims against Chester Global Strategy Fund Limited, Chester Global Strategy Fund LP, Irongate Global Strategy Fund Limited, Fairfield Greenwich Fund (Luxembourg), Fairfield Investors (Euro) Limited, Fairfield Investors (Swiss Franc) Limited, Fairfield Investors (Yen) Limited, Fairfield Investment Trust, FIF Advanced, Ltd., Sentry Select Limited, Fairfield Greenwich GP, LLC, Fairfield Greenwich Partners, LLC, Fairfield Heathcliff Capital LLC, Fairfield Greenwich (UK) Limited, Greenwich Bermuda Limited, and Chester Management Cayman Limited. *See id.,* ECF Nos. 130, 135, 147, 182;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the

3

Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed defendants Fairfield Investment Fund Limited, Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Andrés Piedrahita, Amit Vijayvergiya, Gordon McKenzie, Richard Landsberger, Philip Toub, Andrew Smith, Harold Greisman, Corina Noel Piedrahita, (the "Moving Defendants"), the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against the Moving Defendants should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file a second amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS,** Fairfield Greenwich Advisors LLC, Fairfield International Managers, Inc., Walter Noel, Jeffrey Tucker, Mark McKeefry, Charles Murphy, Robert Blum, Daniel Lipton, Lourdes Barreneche, Gregory Bowes, Cornelis Boele, Santiago Reyes, and Jacqueline Harary

4

(the "Non-Moving Defendants," and together with the Moving Defendants, the "Defendants") did not participate in the Extraterritoriality Motion to Dismiss;

**WHEREAS**, on December 31, 2014, a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss was filed in this adversary proceeding. *See Picard v. Fairfield Investment Fund Limited*, Adv. Pro. No. 09-01239 (SMB), ECF No. 174;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) a proposed second amended complaint. *See, id.*, ECF Nos. 185–87;

**WHEREAS**, on September 30, 2015, the Moving Defendants filed (a) the consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) supplemental reply memoranda in support of the Extraterritoriality Motion to Dismiss. *See Picard v. Fairfield Investment Fund Limited,* Adv. Pro. No. 09-01239 (SMB), ECF Nos. 192–96;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See, Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted the Extraterritoriality Motion to Dismiss as to the Moving Defendants. *See, id.,* ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed the dismissal of the Trustee's claims against the Moving Defendants in this adversary proceeding contained in Counts 4, 7, 10, 13, 16, 19, 22, and 25 of the Amended Complaint ~~to recover subsequent transfers of funds initially transferred from BLMIS to Fairfield Sentry Limited, including funds that were transferred from Fairfield Sentry Limited to Fairfield Sigma Limited or Fairfield Lambda Limited (the "Dismissed Claims")~~and denied leave to amend;

~~**WHEREAS**, for the avoidance of doubt, the Memorandum Decision did not dismiss any claims to recover subsequent transfers of funds initially transferred from BLMIS to Greenwich Sentry, L.P. or Greenwich Sentry Partners, L.P.;~~

**WHEREAS**, on January 18, 2017, this Court entered the So Ordered Stipulation Applying Omnibus Extraterritoriality Briefing ~~a~~And Memorandum Decision ~~to~~To Certain Joinder Defendants (the "Joinder Stipulation"), applying the Memorandum Decision~~'s international comity holding~~, subject to the reservations of rights and limitations set forth therein, to the Non-Moving Defendants. ~~*Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB)~~ *See id.*, ECF No. 14890;

**WHEREAS**, pursuant to the Joinder Stipulation, the Memorandum Decision~~'s international comity holding~~ directs the dismissal of some of the Trustee's claims against the Non-Moving Defendants in this adversary proceeding contained in Counts 4, 7, 10, 13, 16, 19, 22, and 25 of the Amended Complaint ~~to recover subsequent transfers of funds initially transferred from BLMIS to Fairfield Sentry Limited, including funds that were transferred from Fairfield Sentry Limited to Fairfield Sigma Limited or Fairfield Lambda Limited (hereafter, included as "Dismissed Claims");**WHEREAS**, for the avoidance of doubt, the Joinder Stipulation did not dismiss any claims against the Non-Moving Defendants to recover subsequent~~

~~transfers of funds initially transferred from BLMIS to Greenwich Sentry, L.P. or Greenwich Sentry Partners, L.P.~~;

**WHEREAS**, the Trustee and the Defendants (collectively, the "Parties") have agreed to consent to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding;

**WHEREAS**, the Parties requested in a separate joint motion that the Bankruptcy Court enter a final judgment solely as to the claims dismissed pursuant to this Final Order (the "Dismissed Claims") under Rule 54(b) of the Federal Rules of Civil Procedure on the grounds that an immediate appellate review of the Memorandum Decision will be efficient for the courts and the Parties;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The Parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3. The Extraterritoriality Motion to Dismiss is **GRANTED** as to the Dismissed Claims against the Defendants as set forth in paragraphs 4 through 6 below of this Final Order.

4. Pursuant to the holdings in the Memorandum Decision on international comity, Counts 4, 7, 10, 13, 16, 19, 22, and 25 of the Amended Complaint are dismissed as to all Defendants except to the extent the claims in those Counts seek to recover transfers of funds initially transferred from BLMIS to Greenwich Sentry, L.P. or Greenwich Sentry Partners, L.P. Certain of the excepted claims are also dismissed pursuant to the holdings in the Memorandum Decision on extraterritoriality as set forth in paragraphs 5 and 6 below of this Final Order.

5. Pursuant to the holdings in the Memorandum Decision on extraterritoriality, Counts 4, 7, 10, 13, 16, 19, 22, and 25 of the Amended Complaint are dismissed as to all Defendants to the extent they seek to recover alleged subsequent transfers that were preceded at any point in the transfer chain by a foreign transfer, specifically, alleged subsequent transfers to any Defendant preceded at any point in the transfer chain by: (a) a transfer from Fairfield Sentry Limited, Fairfield Sigma Limited or Fairfield Lambda Limited to Fairfield Greenwich (Bermuda) Limited; (b) a transfer from Fairfield Sentry Limited to Fairfield Sigma Limited, Fairfield Lambda Limited, Fairfield Investment Fund Limited or FIF Advanced, Ltd.; and (c) a transfer from Fairfield Greenwich (Bermuda) Limited to Fairfield Greenwich (UK) Limited.

6. Pursuant to the holdings in the Memorandum Decision on extraterritoriality, Counts 4, 7, 10, 13, 16, 19, 22, and 25 of the Amended Complaint are dismissed as to Fairfield Greenwich (Bermuda) Limited, Fairfield Investment Fund Limited, Amit Vijayvergiya, Gordon McKenzie, Andrés Piedrahita, Corina Noel Piedrahita, Richard Landsberger, Philip Toub, Harold Greisman and Andrew Smith to the extent they seek to recover alleged subsequent transfers from Fairfield Sentry Limited, Fairfield Sigma Limited, Fairfield Lambda Limited, Fairfield

8

Investment Fund Limited, FIF Advanced, Ltd., Fairfield Greenwich (Bermuda) Limited and Fairfield Greenwich (U.K.) Limited; *except* that claims for alleged transfers to Philip Toub, Harold Greisman and Andrew Smith are dismissed pursuant to this paragraph only with respect to transfers that occurred while they resided outside the United States.

7. The Trustee's application for leave to amend and to file a second amended complaint containing allegations relevant to the Extraterritoriality Issue is denied with prejudice.

8. The entry of a final order and judgment dismissing the Dismissed Claims in this adversary proceeding pursuant to Fed. R. Civ. P. 54(b) is appropriate. To permit entry of a final order and judgment under Fed. R. Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim finally decided within the meaning of 28 U.S.C. § 1291, and an express determination that there is no just reason for delay. *In re Air Crash at Belle Harbor*, *N.Y.*, 490 F.3d 99, 108–09 (2d Cir. 2007).

9. The operative complaint filed in this adversary proceeding alleges multiple claims and names multiple defendants. The entry of a final order and judgment will finally decide and ultimately dispose of the Dismissed Claims, which present legal issues that can be adjudicated independently of the remaining claims.

10. There is no just reason for delay of entry of a final order and judgment on the Dismissed Claims. In light of the number of adversary proceedings, claims and defendants in the above-captioned substantively consolidated adversary proceeding affected by the Memorandum Decision, the interests of sound judicial administration and the realization of judicial efficiencies are served by the entry of this final order and judgment, together with the entry of all other final orders and judgments dismissing other claims brought by the Trustee in the above-captioned

substantively consolidated adversary proceeding pursuant to the Memorandum Decision ("Related Final Orders and Judgments"), and the opportunity for an immediate appeal.

11.    ~~7.~~ Because this order and judgment and the dismissal of the Dismissed Claims, together with Related Final Orders and Judgments, will affect numerous adversary proceedings commenced by the Trustee and hundreds of defendants named in those complaints or proposed amended complaints, an immediate appeal would avoid protracted, expensive, and potentially duplicative litigation proceedings, and will facilitate the prompt resolution of the case, thereby providing certainty and helping to streamline the litigation for further proceedings and possible appeals.

12.    ~~8.~~ The Parties' request, filed in a separate joint motion, that the Bankruptcy Court enter final orders and judgments solely as to the Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure is **GRANTED**.

**SO ORDERED**

Dated: [_____, 2017]
      New York, New York

                                                  _____
                                                  HONORABLE STUART M. BERNSTEIN
                                                  UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Compare on Monday, January 23, 2017 6:30:06 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\lhilsheimer\Desktop\Exhibit E-1 APN 09-01239, Picard v. Fairfield Investment Fund Limited (Trustee Proposed).docx |
| Description | Exhibit E-1 APN 09-01239, Picard v. Fairfield Investment Fund Limited (Trustee Proposed) |
| Document 2 ID | file://C:\Users\lhilsheimer\Desktop\09-01239 - Defendants' Proposed Final Order.docx |
| Description | 09-01239 - Defendants' Proposed Final Order |
| Rendering set | BH Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 23 |
| Deletions | 17 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

| Total changes | 40 |
|---|---|