08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 1 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 1 of 17

LAW OFFICE OF
RICHARD E. SIGNORELLI
799 Broadway, Suite 539
New York, NY 10003
Telephone:    212 254 4218
Facsimile:    212 254 1396
rsignorelli@nycLITIGATOR.com℠
www.nycLITIGATOR.com℠
*Attorneys for Defendant David Ivan Lustig*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                    Adv. Pro. No. 08-01789 (SMB)

        Plaintiff-Applicant,                   SIPA LIQUIDATION

       v.                                          (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

        Debtor.
------------------------------------------------------------------x
IRVING PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

        Plaintiff,                              Adv. Pro. No. 10-4554 (SMB)

       v.

DAVID IVAN LUSTIG,

        Defendant.
------------------------------------------------------------------x

**ANSWER AND AFFIRMATIVE DEFENSES**

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 2 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 2 of 17

Defendant David Ivan Lustig, by his attorneys, as and for his answer to the Trustee's First Amended Complaint ("FAC"), respectfully alleges as follows, by like-numbered paragraph:

### As to "Nature Of Proceeding"

1. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

2. Deny each and every allegation, except admit that the Trustee purports to bring this action to recover alleged fictitious profits as stated therein. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

### As to "Jurisdiction And Venue"

3. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that this is an adversary proceeding commenced in this Court; that the underlying proceeding under the Securities Investor Protection Act ("SIPA") is pending in this Court; and that the Trustee purports to invoke this Court's jurisdiction as stated therein.

4. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the Trustee purports to consent to the entry of final orders or judgment by this Court as stated therein. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

5. Deny each and every allegation, except admit that the Trustee purports to base

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 3 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 3 of 17

venue as stated therein.

6. Deny each and every allegation, except admit that the Trustee purports to bring this adversary proceeding and to seek relief as stated therein.

### As to "Defendant"

7. Deny each and every allegation, except admit that Mr. Lustig maintains an address in Pescadero, California.

### As to "Background, The Trustee And Standing"

8. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Bernard L. Madoff ("Madoff") was arrested and charged with criminal violations.

9. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

10. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

11. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

12. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

13. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Madoff pleaded guilty to criminal violations.

14. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Frank DiPascali pleaded guilty to criminal

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 4 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 4 of 17

violations.

15. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that David Kugel pleaded guilty to criminal violations.

16. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Daniel Bonventre, Annette Bongiorno, Jo Ann Crupi, George Perez, and Jerome O'Hara were convicted of criminal violations.

17. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except deny the allegations that, absent this adversary proceeding against Mr. Lustig, an innocent investor, "the Trustee will be unable to satisfy the claims described in subparagraphs (A) through (D) of SIPA § 78fff-2(c)(1)." Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

18. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

19. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except deny that the Trustee has standing to bring this adversary proceeding against Mr. Lustig. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 5 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 5 of 17

### As to "The Ponzi Scheme"

20. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Bernard L. Madoff Investment Securities, LLC ("BLMIS") was registered with the United States Securities and Exchange Commission ("SEC") and was a member of the Securities Investor Protection Corporation ("SIPC"). Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

21. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

22. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

23. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

24. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

25. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

26. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

27. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

28. Deny having knowledge or information sufficient to form a belief as to the

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 6 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 6 of 17

truth of each and every allegation.

29. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

30. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

### As to "The Transfer"

31. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that an account identified as Account No. 1ZR297 ("Account") was maintained with BLMIS and that, upon information and belief, certain documents related to the Account were executed and delivered to BLMIS.

32. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that deposits and transfers were made into the Account.

33. Deny each and every allegation, and state that the entire sum of $2,000,000 that was withdrawn from the Account on or about July 25, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview Investment, LP ("Lakeview") and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud.

34. Deny each and every allegation, and state that the entire sum of $2,000,000

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 7 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 7 of 17

that was withdrawn from the Account on or about July 25, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud.  Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud.

35. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

### As to "Customer Claims"

36. Admit that a customer claim designated as Claim Number 013425 ("Customer Claim") was filed with the Trustee.

37. Admit that a Notice of Trustee's Determination of Claim ("Determination") was issued with respect to the Customer Claim on or about October 19, 2009.

38. Admit that an objection to the Determination was filed.

39. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the order in question for its full contents and meanings.

40. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

41. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 8 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 8 of 17

referred to the Court.

### As to "Count One"

42. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the FAC which are referred to in this paragraph.

43. Deny each and every allegation, except admit that a withdrawal of $2,000,000 was made from the Account on or about July 25, 2007, and state that this entire sum was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud.

44. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

45. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

46. Deny each and every allegation, and state that the entire sum of $2,000,000 that was withdrawn from the Account on or about July 25, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud.

### EXHIBIT B

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 9 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 9 of 17

47. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

48. Deny each and every allegation. Insofar as the allegations purport to state questions or conclusions of law, no response is required, and such matters of law are respectfully referred to the Court.

## AFFIRMATIVE DEFENSES

A. Mr. Lustig asserts the following affirmative defenses and reserves the right to amend this answer to assert other and further defenses when and if, in the course of investigation, discovery, or preparation for trial, it becomes appropriate to do so.

B. By identifying his allegations as "defenses", Mr. Lustig does not excuse or relieve the Trustee of his burden of proving all elements of his claim under the applicable standard of proof. Mr. Lustig does not undertake or assume any burden that properly rests with the Trustee and does not suggest that the Trustee does not bear the burden of proof with respect to such matters or that such matters are not elements that the Trustee must establish in order to make out a prima facie case on his claim against Mr. Lustig.

C. In the event that subsequent legal developments further limit or otherwise alter the claims available to the Trustee, Mr. Lustig hereby raises each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, and regulations. Mr. Lustig further adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest in pending adversary proceedings in the BLMIS SIPA liquidation proceeding to the extent that Mr. Lustig is similarly

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 10 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 10 of 17

situated and may properly assert such defense.

D.  Mr. Lustig reserves and asserts all affirmative defenses available under applicable federal or state law. including, without limitation, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the New York Uniform Commercial Code, and reserves the right to assert other defenses and claims when and if it becomes appropriate to do so in this action.

E.  The affirmative defenses set forth below are asserted cumulatively and in the alternative.

### First Affirmative Defense

The FAC fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Pursuant to Stern v. Marshall, 131 S.Ct. 2594 (2011) and other Supreme Court precedent, this Court "may not finally decide avoidance actions except conceivably in the process of resolving identical claims under § 502(d)[.]"  See In re Madoff Sec., 490 B.R. at 55.  The Trustee has not asserted a claim under 11 U.S.C. § 502(d) in this adversary proceeding.  Mr. Lustig does not consent to the adjudication and entry of a final order and judgment in this adversary proceeding by this Court.  Accordingly, this Court does not have the power or jurisdiction to "finally decide" this adversary proceeding.

### Third Affirmative Defense

Mr. Lustig demands a trial by jury and does not consent to such a trial in this Court.

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 11 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 11 of 17

### Fourth Affirmative Defense

The Trustee lacks standing to bring a claim against Mr. Lustig.

### Fifth Affirmative Defense

The Trustee has no authority or jurisdiction to bring a claim against Mr. Lustig because the conditions of SIPA § 78fff-2(c)(3) have not been met. The Trustee has not established that there are insufficient funds in the BLMIS estate to pay all the claims specified in SIPA § 78fff-2(c)(1)(A) – (D).

### Sixth Affirmative Defense

The transfer at issue is not avoidable because the funds were held in trust by BLMIS and were not property in which BLMIS had a legal interest.

### Seventh Affirmative Defense

BLMIS incurred debts and obligations to the customer under contract law and other applicable non-bankruptcy laws and rules. The transfer at issue was made on account of and constituted satisfaction of such antecedent debts or obligations.

### Eighth Affirmative Defense

The entire sum of $2,000,000 that was withdrawn from the Account on or about July 25, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud. The Trustee's attempt to recover any portion of this money from Mr. Lustig even though all of it had been returned to BLMIS and subsequently lost as a result of Madoff's fraud is unreasonable and unconscionable. Under these circumstances,

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 12 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 12 of 17

the Court should exercise its equitable powers under 11 U.S.C. § 105(a) and dismiss the Trustee's claim.

### Ninth Affirmative Defense

The entire sum of $2,000,000 that was withdrawn from the Account on or about July 25, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud. Under these circumstances, the Court should exercise its equitable powers under 11 U.S.C. § 105(a) and grant Mr. Lustig an "equitable credit" in the full amount (i.e., $2,000,000) that he had returned to BLMIS through his Lakeview investment.

### Tenth Affirmative Defense

The entire sum of $2,000,000 that was withdrawn from the Account on or about July 25, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud. The Trustee's attempt to recover from Mr. Lustig money which he had thus already returned to the BLMIS estate violates the single satisfaction rule codified at 11 U.S.C. § 550(d), which bars recovery from a transferee where the value of the transferred property had already been returned to the estate.

### Eleventh Affirmative Defense

The entire sum of $2,000,000 that was withdrawn from the Account on or about July 25, 2007, was immediately reinvested back into BLMIS through third-party feeder fund

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 13 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 13 of 17

Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud. Accordingly, Mr. Lustig is entitled to an offset or credit under the theory of recoupment in the full amount (i.e., $2,000,000) that he had returned to BLMIS through his Lakeview investment.

### Twelfth Affirmative Defense

The entire sum of $2,000,000 that was withdrawn from the Account on or about July 25, 2007, was immediately reinvested back into BLMIS through third-party feeder fund Lakeview and thereafter remained invested with BLMIS until all of it was lost as a result of Madoff's fraud. Mr. Lustig, therefore, did not actually receive any fictitious profits and, in fact, lost money as a result of Madoff's fraud. Accordingly, Mr. Lustig is entitled to a set-off under 11 U.S.C. § 553 in the full amount (i.e., $2,000,000) that he had returned to BLMIS through his Lakeview investment

### Thirteenth Affirmative Defense

The Trustee failed to adequately plead that the transfer at issue was made "with actual intent to hinder, delay, or defraud" as required under 11 U.S.C. § 548(a)(1)(A).

### Fourteenth Affirmative Defense

The Trustee's claim is barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

### Fifteenth Affirmative Defense

The transfer at issue, to the extent it was actually received by Mr. Lustig, was taken for value, in good faith, and without knowledge of its voidability. Accordingly, it is not

**EXHIBIT B**

08-01789-cgm   Doc 14943-2   Filed 01/24/17   Entered 01/24/17 15:30:42   Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig   Pg 14 of 17

10-04554-smb   Doc 61   Filed 05/02/16   Entered 05/02/16 19:58:59   Main Document
Pg 14 of 17

avoidable or recoverable under 11 U.S.C. §§ 548(c) and/or 550.

### Sixteenth Affirmative Defense

The transfer at issue, to the extent it was actually received by Mr. Lustig, was taken without actual fraudulent intent and for value. Accordingly, it is not avoidable or recoverable under 11 U.S.C. §§ 548 and/or 550.

### Seventeenth Affirmative Defense

.   The Trustee's claim is subject to setoff or other equitable adjustment because Mr. Lustig, to the extent he actually received the transfer at issue, received it in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt and/or on account of obligations owed by BLMIS for, inter alia: (a) amounts contractually due to a customer of BLMIS under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest, for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

### Eighteenth Affirmative Defense

The Trustee's claim is barred to the extent the Trustee attempts to directly or indirectly avoid transfers or inter-account transfers that occurred more than two years before December 11, 2008.

### Nineteenth Affirmative Defense

The Trustee's claim is barred to the extent the Trustee failed to properly credit inter-account transfers made to the Account. To the extent the inter-account transfers occurred outside any applicable statutory reach-back period for avoidance and/or recovery of transfers,

14

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 15 of 17

10-04554-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 15 of 17

they may not be ignored and/or treated as if they had no value as the Trustee has no power to avoid such inter-account transfers.

### Twentieth Affirmative Defense

By not accounting for the time value of money by making an interest adjustment or other adjustment, the Trustee incorrectly calculated the "value" represented by the principal investments in the Account and the amount of fictitious profits, if any, that may be avoided under § 548(a)(1)(A).

### Twenty-First Affirmative Defense

By not adjusting for inflation, the Trustee incorrectly calculated the "value" represented by the principal investments in the Account and the amount of fictitious profits, if any, that may be avoided under § 548(a)(1)(A).

### Twenty-Second Affirmative Defense

The Trustee is not entitled to recover any prejudgment interest on any recovery that he may obtain in this adversary proceeding. But if it is found that the Trustee is entitled to prejudgment interest, he is only entitled to such interest at the federal rate of interest on judgments, and only from a date that is no earlier than the date when this adversary proceeding was commenced.

### Twenty-Third Affirmative Defense

The Trustee's claim is barred because the Trustee failed to sufficiently trace the funds at issue from BLMIS to Mr. Lustig.

### Twenty-Fourth Affirmative Defense

The Account is an individual retirement account and, as such, is exempt from the

**EXHIBIT B**

08-01789-cgm    Doc 14943-2    Filed 01/24/17    Entered 01/24/17 15:30:42    Exhibit Ex.
B - Answer and Aff. Defenses - David Lustig    Pg 16 of 17

10-04534-smb    Doc 61    Filed 05/02/16    Entered 05/02/16 19:58:59    Main Document
Pg 16 of 17

Trustee's claim under applicable state law.

### Twenty-Fifth Affirmative Defense

The Trustee's claim should be dismissed due to Mr. Lustig's justifiable reliance on the activities of governmental and regulatory bodies, such as the SEC and SIPC, to oversee and monitor the activities and business of BLMIS.

### Twenty-Sixth Affirmative Defense

The Trustee's claim is barred by intervening or superseding events, factors, occurrences, or conditions over which Mr. Lustig had no control.

### Twenty-Seventh Affirmative Defense

BLMIS was not formed until January 2001. The orders of the District Court and the Bankruptcy Court relating to the consolidation of the estates of BLMIS and Madoff as an individual or sole proprietor of his securities business do not confer standing or authority upon the Trustee to avoid or recover, directly or indirectly, fraudulent transfers made by Madoff prior to the formation of BLMIS.

**EXHIBIT B**

## DEMAND FOR JUDGMENT

WHEREFORE, defendant David Ivan Lustig respectfully demands judgment against the Trustee: (1) dismissing the First Amended Complaint and denying all relief requested therein with costs and disbursements in favor of Mr. Lustig; (2) reimbursing Mr. Lustig for the attorneys' fees and expenses that he has incurred; and (3) granting such other, further, and different relief as this Court may deem just and proper.

Dated:  New York, New York
        May 2, 2016

>                       Respectfully submitted,
>                       LAW OFFICE OF
>                       RICHARD E. SIGNORELLI
>
> By:   /s/ Richard E. Signorelli
>       _____
>       Richard E. Signorelli
>       Bryan Ha
>       799 Broadway, Suite 539
>       New York, NY 10003
>       Telephone:    212 254 4218
>       Facsimile:    212 254 1396
>       rsignorelli@nycLITIGATOR.com℠
>       www.nycLITIGATOR.com℠
>       Attorneys for Defendant David Ivan Lustig

FILING AND SERVICE VIA ELECTRONIC FILING

## EXHIBIT B