**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                              Plaintiff,<br><br>        v.<br><br>DAVID IVAN LUSTIG,<br>                              Defendant. | Adv. Pro. No. 10-04554 (SMB) |

## TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO DEFENDANT DAVID IVAN LUSTIG'S FIRST SET OF INTERROGATORIES

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C.

§§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's

counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to

Defendant David Ivan Lustig's First Set of Interrogatories, dated October 14, 2016

("Interrogatories").

**EXHIBIT D**

## OBJECTIONS TO INSTRUCTIONS

1.      The Trustee will respond to these Interrogatories consistent with Rules 26 and 33 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of the Court, including the Court's November 10, 2010 Litigation Procedures Order [ECF No. 3141] ("Litigation Procedures Order") and the Court's June 6, 2011 Litigation Protective Order [ECF No. 4137] ("LPO").

### SOURCES OF INFORMATION RELEVANT TO THE CLAIMS AND DEFENSES IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL

1.   Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents").

2.   Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI").

## I.      BLMIS DOCUMENTS

From the Hard-Copy BLMIS Documents and BLMIS ESI (collectively, "BLMIS Documents"), the Trustee created a searchable electronic database containing approximately 4.7 million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents ("the **BLMIS Searchable Database**").   Defendant does not have direct access to the BLMIS Searchable Database because it contains documents relating to thousands of customers, many of which are not relevant to this proceeding.   Instead, the Trustee provides all defendants in these proceedings with documents as described below:

**EXHIBIT D**

**A.**     **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1

from documents in the BLMIS Searchable Database as well as some Third-Party Documents. E-

Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its

insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and

financial records. *See* **Appendix A** for a description of documents available to defendants in E-

Data Room 1.

**B.**     **BLMIS Core Account Documents:** The Trustee identified and segregated

BLMIS core account documents for all customers ("Core Account Documents").  These Core

Account Documents include account opening agreements, correspondence to and from BLMIS,

transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio

Management Transaction Reports, which contain transaction history, and other documents that

were specific to each account, and/or the Trustee's calculation of net equity of a particular

BLMIS account.  Collectively, the Core Account Documents and the Bank Transfer Documents

represent the documents produced to the Defendant by the Trustee with his initial disclosures

(the "Initial Disclosure Documents"), on October 25, 2016.

**C.**     **Proof of Transfers:** In addition to the Core Account Documents relevant to

transfers described above, the Trustee identified and segregated BLMIS bank account records

that reflect transfers to customers ("Bank Transfer Documents").  Collectively, the Core Account

Documents and the Bank Transfer Documents represent the documents produced to the

Defendant by the Trustee with his initial disclosures (the "Initial Disclosure Documents"), on

October 25, 2016.

**D.**     **Other Documents:** The Trustee preserved the nearly 20,000 pieces of BLMIS

ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not

**EXHIBIT D**

include all such documents in the BLMIS Searchable Database. The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy disks or CDs, and broken media. In responding to Interrogatories, the Trustee does not search for BLMIS documents outside of the BLMIS Searchable Database. The Trustee will identify additional BLMIS Documents (meaning other than those described in Paragraphs A and B) from the BLMIS Searchable Database provided that the parties agree to narrowly tailored search terms and parameters that target documents relevant to the claims or defenses and proportional to the needs of the case in accordance with Federal Rule 26(b)(1). *See* **Appendix B** for a description of sources of documents in the BLMIS Searchable Database.

## II.    THE SQL DATABASES

Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain Third-Party Documents was processed and input into multiple Microsoft Structured Query Language ("SQL") Server tables and databases (the "SQL Databases"). To the extent feasible, the underlying documents used to build the SQL Databases are contained in E-Data Room 1. Some or all of the data in the SQL Databases is responsive to certain of the Interrogatories. SQL Databases are used by the Trustee's experts and are available for production to any defendant upon request. Use of the SQL Databases requires some technical expertise. *See* **Appendix C** for the sources of data loaded into the SQL Databases.

### THE TRUSTEE'S OBJECTIONS

1.    **Materials Prepared Post-December 11, 2008:** The Trustee will not identify Documents prepared by and/or received by him, his counsel, his professionals and/or other agents, nor disclose any information derived therefrom, from on or after December 11, 2008 that are not relevant and/or are protected by the attorney work product doctrine, the attorney-client privilege,

**EXHIBIT D**

and/or any other applicable privileges or protections ("Materials Prepared Post-December 11, 2008").

2.    **Individuals Without Personal Knowledge:** The Trustee will not identify and/or disclose any individual whose knowledge concerning the claims and defenses in this action was obtained on or after December 11, 2008 ("Individuals Without Personal Knowledge").

3.    **Redundant, Cumulative, and Marginally Relevant Information:** The BLMIS Searchable Database may contain information that is responsive to the Interrogatories but which is redundant, cumulative, or marginally relevant (for example, the defendant's names or account numbers appear on a list of customer names or account numbers and there is no other unique information). The Trustee objects to the identification of this information or Documents to the extent that such identification is not proportionate to the needs of the case under Federal Rule 26(b)(1) ("Redundant, Cumulative, and Marginally Relevant Information").

4.    **Information Outside the Scope of Relevance:** The Trustee objects to the disclosure of any information or identification of any Documents outside the scope of relevance articulated in Federal Rule 26 and Section 4(G) of the Litigation Procedures Order ("Information Outside the Scope of Relevance").

5.    **Expert Analysis:** The Trustee objects to the premature disclosure of expert witnesses and expert analysis. Such disclosures will be made pursuant to the Case Management Order and applicable rules ("Expert Analysis").

## <u>DOCUMENTS PRODUCED TO THE DEFENDANT DAVID IVAN LUSTIG</u>

A.    On October 25, 2016 the Trustee produced to Defendant the Core Account Documents for BLMIS Account Nos. 1ZR297, 1ZA314 and 1ZB268 (the "Accounts") with appendices summarizing the production. *See* **Appendix D** for the indices.

**EXHIBIT D**

B.      On October 25, 2016 the Trustee produced to Defendant the Bank Transfer Documents

for BLMIS Account 1ZR297 with an index summarizing the production.  *See* **Appendix E** for

the index.  The Core Account Documents and Bank Transfer Documents together constitute the

Trustee's initial disclosure production ("Initial Disclosure Documents").

C.      On October 25, 2016, the Trustee provided Defendant with credentials to access E-Data

Room 1.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons who have knowledge of information relevant to or that could lead to

the discovery of information relevant to any of the allegations, claims, and/or affirmative defenses

asserted in the FAC and the Answer.

### RESPONSE TO INTERROGATORY NO. 1:

The Trustee objects to this Interrogatory to the extent it calls for the identification of

Individuals Without Personal Knowledge (Objection No. 2).  The Trustee will not identify such

individuals.

In addition, the Trustee objects to this Interrogatory to the extent it calls for Redundant,

Cumulative, and Marginally Relevant Information (Objection No. 3).

The Trustee further objects to this Interrogatory to the extent it seeks Information Outside

the Scope of Relevance (Objection No. 4).

In addition, the Trustee objects to this Interrogatory to the extent it seeks the premature

disclosure of expert witnesses and expert analysis.  Such disclosures will be made pursuant to the

Case Management Order and applicable rules. (Objection No. 5).

Information responsive to this Interrogatory is contained in the Trustee's written Initial

**EXHIBIT D**

Disclosures, which the Trustee served on July 19, 2016. In addition, the Trustee identifies (i)

Richard M. Glantz, c/o Law Office of Richard E. Signorelli, 539 Broadway, Suite 539, New

York, NY 10003 and (ii) William Belhumeur, both of whom are identified in Defendant's Initial

Disclosures to the Trustee, dated, as having "knowledge and information concerning, among

other things, the withdrawal of the $2,000,000 from BLMIS Account No. 1ZR297 on or about

July 25, 2007."

**INTERROGATORY NO. 2:**

Identify all documents prepared by the Trustee containing any information relevant to or

that could lead to the discovery of information relevant to any of the allegations, claims, and/or

affirmative defenses asserted in the FAC and the Answer.

**RESPONSE TO INTERROGATORY NO. 2:**

This Interrogatory was withdrawn by counsel, by email dated October 25, 2016.

**INTERROGATORY NO. 3:**

Identify all documents other than those identified in response to Interrogatory No. 2 above

containing any information relevant to or that could lead to the discovery of information relevant to

any of the allegations, claims, and/or affirmative defenses asserted in the FAC and the Answer.

**RESPONSE TO INTERROGATORY NO. 3:**

This Interrogatory was withdrawn by counsel, by email dated October 25, 2016.

**INTERROGATORY NO. 4:**

Identify the physical location and the person(s) with possession, custody, or control of each

and every computer or electronic or digital storage device that contains or may contain documents

or information relevant to or that could lead to the discovery of documents or information relevant

to any of the allegations, claims, and/or affirmative defenses asserted in the FAC and the Answer.

**EXHIBIT D**

**RESPONSE TO INTERROGATORY NO. 4:**

The Trustee objects to this Interrogatory to the extent it calls for the identification of Materials Prepared Post-December 11, 2008 (Objection No. 1).

The Trustee objects to this Interrogatory to the extent it calls for the identification of Individuals Without Personal Knowledge (Objection No. 2). The Trustee will not identify such individuals.

In addition, the Trustee objects to this Interrogatory to the extent it calls for Redundant, Cumulative, and Marginally Relevant Information (Objection No. 3).

The Trustee further objects to this Interrogatory to the extent it seeks Information Outside the Scope of Relevance (Objection No. 4).

The Trustee further objects to this Interrogatory as incorporating an incorrect discovery standard. Federal Rule 26 no longer permits discovery of information that is relevant or could "lead to the discovery of" admissible evidence. Rule 26 now permits discovery of matters that are relevant "and proportional to the needs of the case." FED. R. CIV. PRO. 26(b)(1).

The Trustee directs Defendant to the section above titled "Sources of Information to the Claims and Defenses in the Trustee's Possession, Custody or Control" for information responsive to this request.

**INTERROGATORY NO. 5:**

Identify all persons who have knowledge of information concerning the Wailea-HSBC Swap Transaction or any aspect of the Wailea-HSBC Swap Transaction and the sum and substance of each such person's knowledge.

**RESPONSE TO INTERROGATORY NO. 5:**

The Trustee objects to this Interrogatory to the extent it calls for the identification of

**EXHIBIT D**

Individuals Without Personal Knowledge (Objection No. 2). The Trustee will not identify such individuals.

In addition, the Trustee objects to this Interrogatory to the extent it calls for Redundant, Cumulative, and Marginally Relevant Information (Objection No. 3).

The Trustee further objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 6:**

Identify all transfers of money made to Wailea (or any entity related to or affiliated with Wailea) by its investors/partners, including but not limited to Lakeview, in 2007 and in 2008.

**RESPONSE TO INTERROGATORY NO. 6:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 7:**

Identify all swap transactions that HSBC Bank was a party to that used the Senator Fund as the reference fund.

**RESPONSE TO INTERROGATORY NO. 7:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 8:**

With regard to the allegations in Paragraph 246 of the HSBC Complaint that "the HSBC Defendants invested in the Feeder Fund Defendants to hedge their exposure under the Madoff Structured Products", explain in detail how, by investing in BLMIS feeder funds, the "HSBC

**EXHIBIT D**

Defendants" were able to hedge their exposure in connection with the total return swaps referred to in Paragraph 254 of the HSBC Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 9:**

State whether HSBC Bank made investments in Senator Fund to hedge its exposure in connection with the Wailea-HSBC Swap Transaction.

**RESPONSE TO INTERROGATORY NO. 9:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 10:**

Explain in detail how, by making investments in Senator Fund, HSBC Bank was able to hedge its exposure in connection with the Wailea-HSBC Swap Transaction.

**RESPONSE TO INTERROGATORY NO. 10:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 11:**

Identify all investments in Senator Fund made by HSBC Bank to hedge its exposure in connection with the Wailea-HSBC Swap Transaction.

**RESPONSE TO INTERROGATORY NO. 11:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**EXHIBIT D**

**INTERROGATORY NO. 12:**

State whether any of the investments in Senator Fund made by HSBC Bank to hedge its exposure in connection with the Wailea-HSBC Swap Transaction was made using money or collateral received from Wailea.

**RESPONSE TO INTERROGATORY NO. 12:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 13:**

Identify all investments in Senator Fund made by HSBC Bank to hedge its exposure in connection with the Wailea-HSBC Swap Transaction that were made using money or collateral received from Wailea.

**RESPONSE TO INTERROGATORY NO. 13:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 14:**

Identify all payments of collateral or other payments made by Wailea to HSBC Bank in connection with the Wailea-HSBC Swap Transaction.

**RESPONSE TO INTERROGATORY NO. 14:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**EXHIBIT D**

**INTERROGATORY NO. 15:**

Identify all payments of collateral or other payments made by Wailea to HSBC Bank in connection with the Wailea-HSBC Swap Transaction that HSBC Bank used to make investments in Senator Fund.

**RESPONSE TO INTERROGATORY NO. 15:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 16:**

If funds other than collateral or other payments made by Wailea to HSBC Bank were used by HSBC Bank to make investments in Senator Fund to hedge its exposure in connection with the Wailea-HSBC Swap Transaction, identify all such funds, including the amounts of the funds used to make such investments and the source of such funds.

**RESPONSE TO INTERROGATORY NO. 16:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 17:**

Identify all payments of interest and fees made by Wailea to HSBC Bank in connection with the Wailea-HSBC Swap Transaction.

**RESPONSE TO INTERROGATORY NO. 17:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**EXHIBIT D**

**INTERROGATORY NO. 18:**

Identify all withdrawals or redemptions made by HSBC Bank of any of the investments in Senator Fund that it made to hedge its exposure in connection with the Wailea-HSBC Swap Transaction. For each such withdrawal or redemption: (a) state the reason why the withdrawal or redemption was made; (b) identify each and every person and/or entity who received any of the funds that were withdrawn or redeemed; and (c) identify the amount of funds that each such person or entity received and the date he/she/it received it.

**RESPONSE TO INTERROGATORY NO. 18:**

The Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 19:**

Identify all claims, demands, or other attempts that the Trustee has made, filed, or participated in to recover any money that was withdrawn or redeemed from Senator Fund by HSBC Bank.

**RESPONSE TO INTERROGATORY NO. 19:**

The Trustee objects to this Interrogatory to the extent it calls for the identification of Materials Prepared Post-December 11, 2008 (Objection No. 1).

In addition, the Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 20:**

Identify all money that the Trustee has recovered or received from any person or entity in connection with any of the claims, demands, or other attempts that the Trustee has made, filed, or participated in to recover any money that was withdrawn or redeemed from Senator Fund by

**EXHIBIT D**

HSBC Bank. In so doing please state, among other things, the date(s) and amount(s) of any money recovered or received by the Trustee and the person or entity from whom the Trustee recovered or received the money.

**RESPONSE TO INTERROGATORY NO. 20:**

The Trustee objects to this Interrogatory to the extent it calls for the identification of Materials Prepared Post-December 11, 2008 (Objection No. 1).

In addition, the Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4). The Trustee's recovery from parties involved in unrelated lawsuits has been bearing on this adversary proceeding.

Subject to and without waiving the foregoing objections, information relating to the Trustee's recovery efforts are publicly accessible through PACER and CM/ECF and thus available to Defendants. For information regarding litigations brought by the Trustee, the Trustee refers Defendants to the Sixteenth Interim Report for the Period Ending September 30, 2016, filed on October 27, 2016, and any and all relevant previous and subsequent Interim Reports that have been filed or may be filed in the future. In addition, the Trustee refers Defendants to updated information regarding the Trustee's litigations that is located on the Trustee's website at www.madofftrustee.com.

**INTERROGATORY NO. 21:**

Identify all communications, including but not limited to telephone conversations, e-mails, and/or text messages, between HSBC Bank and Senator concerning the Wailea-HSBC Swap Transaction or any investment made by HSBC Bank in the Senator Fund.

**RESPONSE TO INTERROGATORY NO. 21:**

This Interrogatory was withdrawn by counsel, by email dated October 25, 2016.

14

**EXHIBIT D**

**INTERROGATORY NO. 22:**

Identify all communications, including but not limited to telephone conversations, e-mails, and/or text messages, between HSBC Bank and any person or entity concerning the Wailea-HSBC Swap Transaction or any investment made by HSBC Bank in the Senator Fund.

**RESPONSE TO INTERROGATORY NO. 22:**

The Trustee objects to this Interrogatory to the extent it calls for the identification of Materials Prepared Post-December 11, 2008 (Objection No. 1).

Further, the Trustee objects to this Interrogatory as seeking Information Outside the Scope of Relevance (Objection No. 4).

**INTERROGATORY NO. 23:**

Identify all deposits or transfers made into BLMIS Account No. 1ZA31430 over the life of the account.

**RESPONSE TO INTERROGATORY NO. 23:**

The Trustee objects to this Interrogatory to the extent it calls for information derived from Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for or disclose such information.

In addition, the Trustee objects to this Interrogatory to the extent it seeks the premature disclosure of expert witnesses and expert analysis. Such disclosures will be made pursuant to the Case Management Order and applicable rules. (Objection No. 5).

The Trustee refers Defendant to the Trustee's Initial Disclosure documents produced on October 25, 2016, which contain Documents relating to Account No. 1ZA314.

In addition, the Trustee identifies the following deposits or transfers made into Account No. 1ZA31430 over the life of the account:

**EXHIBIT D**

1.      A deposit on or about 12/9/1992 in the amount of $200,000;

2.      A deposit on or about 4/28/1993 in the amount of $90,000;

3.      A deposit on or about 11/1/1993 in the amount of $27,000;

4.      A deposit on or about 6/24/1994 in the amount of $50,000;

5.      A deposit on or about 7/15/1994 in the amount of $135,000;

6.      A deposit on or about 2/13/1995 in the amount of $118,000;

7.      A deposit on or about 2/21/1995 in the amount of $90,000;

8.      A deposit on or about 12/8/1995 in the amount of $29,000;

9.      A deposit on or about 7/31/1996 in the amount of $70,000;

10.     A deposit on or about 11/25/1996 in the amount of $20,000;

11.     A deposit on or about 9/22/1997 in the amount of $45,000;

12.     A deposit on or about 1/20/1998 in the amount of $127,000;

13.     A deposit on or about 10/13/1998 in the amount of $60,000;

14.     A deposit on or about 8/12/1999 in the amount of $129,000;

15.     An inter-account transfer on or about 11/10/1999 from 1ZB26830 A/O 11/4/99 (Account No. 1ZB268), which transferred $818,182 in principal; and

16.     An inter-account transfer on or about 11/10/1999 from 1ZB26830 A/O 11/4/99 (Account No. 1ZB268), which transferred $81,818 in principal.

**INTERROGATORY NO. 24:**

Identify all withdrawals made from BLMIS Account No. 1ZA31430 over the life of the account.

**RESPONSE TO INTERROGATORY NO. 24:**

The Trustee objects to this Interrogatory to the extent it calls for information derived from

**EXHIBIT D**

Materials Prepared Post-December 11, 2008 (Objection No. 1).  The Trustee will not search for or disclose such information.

In addition, the Trustee objects to this Interrogatory to the extent it seeks the premature disclosure of expert witnesses and expert analysis.  Such disclosures will be made pursuant to the Case Management Order and applicable rules. (Objection No. 5).

The Trustee refers Defendant to the Trustee's Initial Disclosure documents produced on October 25, 2016, which contain Documents relating to Account No. 1ZA314.

In addition, the Trustee identifies the following withdrawals made from Account No. 1ZA314 over the life of the account:

1.    A withdrawal on or about 1/19/1999 in the amount of $300,000; and

2.    A withdrawal on or about 10/29/1999 in the amount of $2,255,477.

**INTERROGATORY NO. 25:**

Identify all transfers made into BLMIS Account No. 1ZA31430 from another account at BLMIS, including but limited to transfers made from Account No. 1ZB268.

**RESPONSE TO INTERROGATORY NO. 25:**

The Trustee objects to this Interrogatory to the extent it calls for information derived from Materials Prepared Post-December 11, 2008 (Objection No. 1).  The Trustee will not search for or disclose such information.

In addition, the Trustee objects to this Interrogatory to the extent it seeks the premature disclosure of expert witnesses and expert analysis.  Such disclosures will be made pursuant to the Case Management Order and applicable rules. (Objection No. 5).

The Trustee refers Defendant to the Trustee's Initial Disclosure documents produced on October 25, 2016, which contain Documents relating to Account Nos. 1ZA314 and 1ZB268.

**EXHIBIT D**

In addition, the Trustee identifies the following transfers made into Account No. 1ZA314 from another account at BLMIS:

1.   An inter-account transfer on or about 11/10/1999 from 1ZB26830 A/O 11/4/99 (Account No. 1ZB268), which transferred $818,182 in principal; and

2.   An inter-account transfer on or about 11/10/1999 from 1ZB26830 A/O 11/4/99 (Account No. 1ZB268), which transferred $81,818 in principal.

**INTERROGATORY NO. 26:**

Identify all transfers made from BLMIS Account No. 1ZA31430 to another account at BLMIS, including but limited to transfers made to Account No. 1ZR297.

**RESPONSE TO INTERROGATORY NO. 26:**

The Trustee objects to this Interrogatory to the extent it calls for information derived from Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for or disclose such information.

In addition, the Trustee objects to this Interrogatory to the extent it seeks the premature disclosure of expert witnesses and expert analysis. Such disclosures will be made pursuant to the Case Management Order and applicable rules. (Objection No. 5).

The Trustee refers Defendant to the Complaint and attached exhibits. In addition, the Trustee refers Defendant to the Trustee's Initial Disclosure documents produced on October 25, 2016, which contain Documents relating to Account Nos. 1ZR297 and 1ZA314.

In addition, the Trustee identifies the following transfers from Account No. 1ZA314 to another account at BLMIS:

1.   An inter-account transfer on or about 5/31/2000 from Account No. 1ZA314 to 1ZR29730 (Account No. 1ZR297), which transferred zero principal; and

**EXHIBIT D**

2.    An inter-account transfer on or about 8/16/2000 from Account No. 1ZA314, which

transferred zero principal.

**INTERROGATORY NO. 27:**

Explain in detail the factual basis for the Trustee's contention that the transfer in the amount

of $1,225,426 made into Account No. 1ZR297 on or about May 31, 2000, consisted of fictitious

profits. In so doing, describe in detail the methodology used by the Trustee to determine that the

amount transferred consisted of fictitious profits.

**RESPONSE TO INTERROGATORY NO. 27:**

The Trustee objects to this Interrogatory to the extent it calls for information derived from

Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for or

disclose such information.

In addition, the Trustee objects to this Interrogatory to the extent that that it prematurely

seeks to have the Trustee disclose Expert Analysis and testimony well in advance of the deadline

for the disclosure of this information as provided in the Court-approved Case Management Order

(Objection No. 5). The Trustee will make the appropriate disclosures during the expert disclosure

process in accordance with the Federal Rules, the Bankruptcy Rules, and Court-approved Case

Management Order.

Subject to and without waiving the foregoing objections, the principal balance for all

BLMIS accounts is calculated by crediting the cash and principal transactions that flowed into

each account, and deducting the cash and principal transactions that flowed out of that account,

as reflected in BLMIS's books and records between April 1, 1981 and December 11, 2008. To

the extent that there are transfers of funds from one BLMIS account to another BLMIS account

(an inter-account transfer), the amount transferred is limited to the amount of principal available

**EXHIBIT D**

in the transferor's account at the time of the transfer. Only the portion of the inter-account transfers between BLMIS accounts for which the transferor had actual principal could be transferred.

The BLMIS Customer Statements for Account No. 1ZA314 and Account No. 1ZR297 reflect an "inter-account transfer" from Account No. 1ZA314 to Account No. 1ZR297 on or about May 31, 2000, of $1,225,426. This "inter-account transfer" was only a book entry at BLMIS as it did not reflect any actual transfer or movement of cash. No new funds entered or left BLMIS. Only the portion of the $1,225,426 that constituted principal could be transferred from Account No. 1ZA314 to Account No. 1ZR297. At the time of this "inter-account transfer," Account No. 1ZA314 had no principal and Account No. 1ZR297 was credited with zero principal for the transfer. The full amount of this reported "inter-account transfer" constituted fictitious profits and therefore there was no principal to transfer.

**INTERROGATORY NO. 28:**

Explain in detail the factual basis for the Trustee's contention that the transfer in the amount of $536 made into Account No. 1ZR297 on or about August 16, 2000, consisted of fictitious profits. In so doing, describe in detail the methodology used by the Trustee to determine that the amount transferred consisted of fictitious profits.

**RESPONSE TO INTERROGATORY NO. 28:**

The Trustee objects to this Interrogatory to the extent it calls for information derived from Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for or disclose such information.

In addition, the Trustee objects to this Interrogatory to the extent that it prematurely seeks to have the Trustee disclose Expert Analysis and testimony well in advance of the deadline for the

**EXHIBIT D**

disclosure of this information as provided in the Court-approved Case Management Order
(Objection No. 5). The Trustee will make the appropriate disclosures during the expert disclosure
process in accordance with the Federal Rules, the Bankruptcy Rules, and Court-approved Case
Management Order.

Subject to and without waiving the foregoing objections, the principal balance for all
BLMIS accounts is calculated by crediting the cash and principal transactions that flowed into
each account, and deducting the cash and principal transactions that flowed out of that account,
as reflected in BLMIS's books and records between April 1, 1981 and December 11, 2008. To
the extent that there are transfers of funds from one BLMIS account to another BLMIS account
(an inter-account transfer), the amount transferred is limited to the amount of principal available
in the transferor's account at the time of the transfer. Only the portion of the inter-account
transfers between BLMIS accounts for which the transferor had actual principal could be
transferred.

The BLMIS Customer Statements for Account No. 1ZA314 and Account No. 1ZR297
reflect an "inter-account transfer" from Account No. 1ZA314 to Account No. 1ZR297 on or about
August 16, 2000, of $536. This "inter-account transfer" was only a book entry at BLMIS as it
did not reflect any actual transfer or movement of cash. No new funds entered or left
BLMIS. Only the portion of the $536 that constituted principal could be transferred from
Account No. 1ZA314 to Account No. 1ZR297. At the time of this "inter-account
transfer," Account No. 1ZA314 had no principal and Account No. 1ZR297 was credited with
zero principal for the transfer. The full amount of this reported "inter-account transfer"
constituted fictitious profits and therefore there was no principal to transfer.

**EXHIBIT D**

**INTERROGATORY NO. 29**:

Identify any evidence, documentary or otherwise, that the Trustee contends supports or contradicts any of the allegations, claims, and/or affirmative defenses in the FAC and the Answer.

**RESPONSE TO INTERROGATORY NO. 29**:

This Interrogatory was withdrawn by counsel, by email dated October 25, 2016.

**INTERROGATORY NO. 30**:

Identify the person or persons answering these interrogatories and state, with respect to each such person, the particular interrogatory or interrogatories for which that person provided information.

**RESPONSE TO INTERROGATORY NO. 30**:

This Interrogatory was withdrawn by counsel, by email dated October 25, 2016.

Dated: New York, New York
December 9, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

22

**EXHIBIT D**

# VERIFICATION

STATE OF NEW YORK )
 )
COUNTY OF NEW YORK )

I, Irving H. Picard, as the Court-appointed Trustee of the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, hereby state that the foregoing Responses and Objections ("Responses") have been assembled and prepared by my counsel. I sign for purposes of being bound by the foregoing Responses, but further state that as the Trustee, I have no personal knowledge of the facts and information herein. The Responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these Responses. Consequently, I reserve the right to make changes to the Responses if at any time it appears that an error or omission has been made therein or if additional or more accurate information becomes available.

Dated: ___December 9___, 2016

_Irving H. Picard_
Irving H. Picard

23

**EXHIBIT D**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this <u>9th day of December, 2016</u> by electronic mail and First class mail upon the following:

Richard E. Signorelli
Bryan Ha
Law Office of Richard E. Signorelli
799 Broadway, Suite 539
New York, New York 10003
Email: richardsignorelli@gmail.com
Email: rsignorelli@nyclitigator.com
Email: bhanyc@gmail.com

_____

*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

24

**EXHIBIT D**