**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04417 (SMB) |
| Plaintiff, | |
| v. | |
| THE LUSTIG FAMILY 1990 TRUST; and DAVID I. LUSTIG, individually and in his capacity as Trustee for The Lustig Family 1990 Trust, | |
| Defendants. | |

**TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO**
**DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C.

§§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's

counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to

Defendants The Lustig Family 1990 Trust's and David I. Lustig's First Set of Document

1

**EXHIBIT E**

Requests ("Requests").

## OBJECTIONS TO INSTRUCTIONS

1.      The Trustee will respond to these Requests consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of the Court, including the Court's November 10, 2010 Litigation Procedures Order [ECF No. 3141] ("Litigation Procedures Order") and the Court's June 6, 2011 Litigation Protective Order [ECF No. 4137] ("LPO").

## SOURCES OF INFORMATION RELEVANT TO THE CLAIMS AND DEFENSES IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL

1. Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents").

2. Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI").

## I.      BLMIS DOCUMENTS

From the Hard-Copy BLMIS Documents and BLMIS ESI (collectively, "BLMIS Documents"), the Trustee created a searchable electronic database containing approximately 4.7 million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents ("the **BLMIS Searchable Database**"). Defendants do not have direct access to the BLMIS Searchable Database because it contains documents relating to thousands of customers, many of which are not relevant to this proceeding. Instead, the Trustee provides all defendants in these

2

**EXHIBIT E**

proceedings with documents as described below:

A.    **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1 from documents in the BLMIS Searchable Database as well as some Third-Party Documents. E-Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and financial records. *See* **Appendix A** for a description of documents available to defendants in E-Data Room 1.

B.    **BLMIS Core Account Documents:** The Trustee identified and segregated BLMIS core account documents for all customers ("Core Account Documents"). These Core Account Documents include account opening agreements, correspondence to and from BLMIS, transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio Management Transaction Reports, which contain transaction history, and other documents that were specific to each account, and/or the Trustee's calculation of net equity of a particular BLMIS account. Collectively, the Core Account Documents and the Bank Transfer Documents represent the documents produced to the Defendants by the Trustee with his initial disclosures (the "Initial Disclosure Documents"), on October 25, 2016.

C.    **Proof of Transfers:** In addition to the Core Account Documents relevant to transfers described above, the Trustee identified and segregated BLMIS bank account records that reflect transfers to customers ("Bank Transfer Documents. Collectively, the Core Account Documents and the Bank Transfer Documents represent the documents produced to the Defendants by the Trustee with his initial disclosures (the "Initial Disclosure Documents"), on October 25, 2016.

**EXHIBIT E**

D.    **Other Documents:** The Trustee preserved the nearly 20,000 pieces of BLMIS ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not include all such documents in the BLMIS Searchable Database.  The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy disks or CDs, and broken media.  In responding to document requests, the Trustee does not search for BLMIS documents outside of the BLMIS Searchable Database.  The Trustee will produce additional BLMIS Documents (meaning other than those described in Paragraphs A and B) from the BLMIS Searchable Database provided that the parties agree to narrowly tailored search terms and parameters that target documents relevant to the claims or defenses and proportional to the needs of the case in accordance with Federal Rule 26(b)(1).  *See* **Appendix B** for a description of sources of documents in the BLMIS Searchable Database.

II.    **THE SQL DATABASES**

Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain Third-Party Documents was processed and input into multiple Microsoft Structured Query Language ("SQL") Server tables and databases (the "SQL Databases").  To the extent feasible, the underlying documents used to build the SQL Databases are contained in E-Data Room 1.  Some or all of the data in the SQL Databases is responsive to most of the Requests.  SQL Databases are used by the Trustee's experts and are available for production to any defendant upon request.  Use of the SQL Databases requires some technical expertise.  *See* **Appendix C** for the sources of data loaded into the SQL Databases.

<u>**THE TRUSTEE'S OBJECTIONS**</u>

1.    **Materials Prepared Post-December 11, 2008:**  The Trustee will not produce or log Documents prepared by and/or received by him, his counsel, his professionals and/or other

4

**EXHIBIT E**

agents from on or after December 11, 2008 that are not relevant and/or are protected by the attorney work product doctrine, the attorney-client privilege, and/or any other applicable privileges or protections ("Materials Prepared Post-December 11, 2008").

2.     **Redundant, Cumulative, and Marginally Relevant Documents:** The BLMIS Searchable Database may contain documents that are responsive to the Requests but which are redundant, cumulative, or marginally relevant (for example, the defendant's names or account numbers appear on a list of customer names or account numbers and there is no other unique information). The Trustee objects to the production of these Documents to the extent that such production is not proportionate to the needs of the case under Federal Rule 26(b)(1) ("Redundant, Cumulative, and Marginally Relevant Documents").

3.     **Documents Outside the Scope of Relevance:** The Trustee objects to the production of any documents outside the scope of relevance articulated in Federal Rule 26 and Section 4(G) of the Litigation Procedures Order ("Documents Outside the Scope of Relevance").

4.     **Expert Analysis**: The Trustee objects to the premature disclosure of expert witnesses and expert analysis. Such disclosures will be made pursuant to the Case Management Order and applicable rules ("Expert Analysis").

<u>**DOCUMENTS PRODUCED TO THE DEFENDANTS**</u>

1.     On October 25, 2016, the Trustee produced to Defendants the Core Account Documents for BLMIS Account 1ZB268 (the "Account") with an appendix summarizing the production. *See* **Appendix D** for the index.

2.     On October 25, 2016, the Trustee produced to Defendants the Bank Transfer Documents for the Account with an index summarizing the production. *See* **Appendix E** for the index. The Core Account Documents and Bank Transfer Documents together constitute the Trustee's initial disclosure production ("Initial Disclosure Documents").

5

**EXHIBIT E**

3.      On October 25, 2016, the Trustee provided Defendants' counsel with credentials to access E-Data Room 1.

**DOCUMENTS TO BE PRODUCED**

**DOCUMENT REQUEST NO. 1**

Documents concerning the Rye XL-HSBC Swap Transaction, the Rye XL-ABN/RBS Swap Transaction, and/or the Rye XL-AA Bank Swap Transaction, including but not limited to copies of each of the swap agreements and any amendments thereto and restatements thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1).  In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 2**

Documents concerning all investments in Broad Market Fund made by HSBC Bank, ABN/RBS Bank, and AA Bank, including but not limited to documents showing the sources of the funds used to make each of the investments.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1).  In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 3**

Documents concerning all the money transferred to Rye XL by its investors/partners

**EXHIBIT E**

(including Lakeview) in 2007 and in 2008, including but not limited to bank records showing all such transfers.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 4**

Documents concerning all investments in Broad Market Fund made by: (a) HSBC Bank to hedge its exposure in connection with the Rye XL-HSBC Swap Transaction, (b) ABN/RBS Bank to hedge its exposure in connection with the Rye XL-ABN/RBS Swap Transaction, and (c) AA Bank to hedge its exposure in connection with the Rye XL-AA Bank Swap Transaction, including but not limited to documents showing the sources of the funds used to make each of the investments.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 5**

Documents concerning all payments made by Rye XL to: (a) HSBC Bank in connection with the Rye XL-HSBC Swap Transaction, (b) ABN/RBS Bank in connection with the Rye XL-ABN/RBS Swap Transaction, and (c) AA Bank in connection with the Rye XL-AA Bank Swap

**EXHIBIT E**

Transaction, including but not limited to bank records showing all such payments made by Rye XL.

## RESPONSE TO DOCUMENT REQUEST NO. 5

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3).

The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 6

Documents concerning all collateral paid or provided by Rye XL to HSBC Bank, ABN/RBS Bank, and AA Bank in connection with the Rye XL-HSBC Swap Transaction, the Rye XL-ABN/RBS Swap Transaction, and the Rye XL-AA Bank Swap Transaction, respectively, including but not limited to bank records showing all such collateral paid or provided by Rye XL.

## RESPONSE TO DOCUMENT REQUEST NO. 6

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 7

Documents concerning all fees and interest paid by Rye XL to HSBC Bank, ABN/RBS Bank, and AA Bank in connection with the Rye XL-HSBC Swap Transaction, the Rye XL-ABN/RBS Swap Transaction, and the Rye XL-AA Bank Swap Transaction, respectively.

**EXHIBIT E**

**RESPONSE TO DOCUMENT REQUEST NO. 7**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1).  In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3).  The Trustee will not search for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 8**

Documents, including but not limited to bank records, showing the receipt of any  payment or collateral paid or provided by Rye XL to: (a) HSBC Bank in connection with the Rye  XL-HSBC Swap Transaction; (b) ABN/RBS Bank in connection with the Rye XL-ABN/RBS  Swap Transaction; and (c) AA Bank in connection with the Rye XL-AA Bank Swap Transaction.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1).  In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3).  The Trustee will not search for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 9**

Documents showing HSBC Bank's, ABN/RBS Bank's, and AA Bank's use of any  of the payments or collateral paid or provided by Rye XL to make investments in the Broad  Market Fund.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1).  In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

**EXHIBIT E**

## DOCUMENT REQUEST NO. 10

Documents concerning all withdrawals or redemptions of any of the investments in Broad Market Fund made by HSBC Bank, ABN/RBS Bank, and AA Bank to hedge their exposure in connection with the Rye XL-HSBC Swap Transaction, the Rye XL-ABN/RBS Swap Transaction, and the Rye XL-AA Bank Swap Transaction, respectively, including but not limited to bank records showing all such withdrawals or redemptions.

## RESPONSE TO DOCUMENT REQUEST NO. 10

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 11

Documents concerning all withdrawals or redemptions of any of the investments in Broad Market Fund made by HSBC Bank, ABN/RBS Bank, and AA Bank, including but not limited to bank records showing all such withdrawals or redemptions.

## RESPONSE TO DOCUMENT REQUEST NO. 11

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 12

Documents concerning all claims, demands, or other attempts that the Trustee has made, filed, or participated in to recover any money that was withdrawn or redeemed from Broad Market

**EXHIBIT E**

Fund by HSBC Bank, ABN/RBS Bank, or AA Bank.

## RESPONSE TO DOCUMENT REQUEST NO. 12

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

Subject to and without waiving the foregoing objections, information relating to the Trustee's recovery efforts are publicly accessible through PACER and CM/ECF and thus available to Defendants. For information regarding litigations brought by the Trustee, the Trustee refers Defendants to the Sixteenth Interim Report for the Period Ending September 30, 2016, filed on October 27, 2016, and any and all relevant previous and subsequent Interim Reports that have been filed or may be filed in the future. In addition, the Trustee refers Defendants to updated information regarding the Trustee's litigations that is located on the Trustee's website at www.madofftrustee.com.

## DOCUMENT REQUEST NO. 13

Documents concerning all money that the Trustee has recovered or received from any person or entity in connection with any of the claims, demands, or other attempts that the Trustee has made, filed, or participated in to recover money that was withdrawn or redeemed from Broad Market Fund by HSBC Bank, ABN/RBS Bank, or AA Bank.

## RESPONSE TO DOCUMENT REQUEST NO. 13

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search

**EXHIBIT E**

for, review, or produce such Documents.

Subject to and without waiving the foregoing objections, information relating to the Trustee's recovery efforts are publicly accessible through PACER and CM/ECF and thus available to Defendants. For information regarding litigations brought by the Trustee, the Trustee refers Defendants to the Sixteenth Interim Report for the Period Ending September 30, 2016, filed on October 27, 2016, and any and all relevant previous and subsequent Interim Reports that have been filed or may be filed in the future. In addition, the Trustee refers Defendants to updated information regarding the Trustee's litigations that is located on the Trustee's website at www.madofftrustee.com.

## DOCUMENT REQUEST NO. 14

Documents concerning all communications, including but not limited to telephone conversations, e-mails, and/or text messages, between HSBC Bank, ABN/RBS Bank, or AA Bank, on the one hand, and Tremont Capital Group (or any of its affiliates or other related entities), on the other, concerning: (a) the Rye XL-HSBC Swap Transaction, the Rye XL-ABN/RBS Swap Transaction, or the Rye XL-AA Bank Swap Transaction; or (b) any investment in the Broad Market Fund made by HSBC Bank, ABN/RBS Bank, or AA Bank.

## RESPONSE TO DOCUMENT REQUEST NO. 14

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 15

Documents concerning all communications, including but not limited to telephone

**EXHIBIT E**

conversations, e-mails, and/or text messages, between HSBC Bank, ABN/RBS Bank, or AA Bank, on the one hand, and any person or entity, on the other, concerning: (a) the Rye XL-HSBC Swap Transaction, the Rye XL-ABN/RBS Swap Transaction, or the Rye XL-AA Bank Swap Transaction; or (b) any investment in the Broad Market Fund made by HSBC Bank, ABN/RBS Bank, or AA Bank.

## RESPONSE TO DOCUMENT REQUEST NO. 15

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 16

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 246 of the HSBC Complaint that "the HSBC Defendants invested in the Feeder Fund Defendants to hedge their exposure under the Madoff Structured Products."

## RESPONSE TO DOCUMENT REQUEST NO. 16

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 17

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 248 of the HSBC Complaint that, with respect to total return swaps, "the financing institution that has promised a leveraged return on the performance of a reference funds [sic] will hedge its risk by

13

**EXHIBIT E**

investing both its own money and the cash collateral provided by the swap counterparty …directly in the reference fund."

## RESPONSE TO DOCUMENT REQUEST NO. 17

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 18

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 254 of the HSBC Complaint that "The Madoff Structured Products caused hundreds of millions to be invested with the Feeder Funds, and ultimately, into the IA Business[.]"

## RESPONSE TO DOCUMENT REQUEST NO. 18

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 19

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 258 of the HSBC Complaint that "HSBC Bank USA redeemed $50 million from Broad Market in the fall of 2007, and an additional $13.5 million in the summer of 2008, at a time when it knew or deliberately avoided knowing of Madoff's fraud."

## RESPONSE TO DOCUMENT REQUEST NO. 19

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-

**EXHIBIT E**

December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling

for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search

for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 20

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 71 of

the ABN/RBS Complaint that "[o]n November 1, 2007, Defendant Rye XL LP provided

ABN/RBS with $7.5 million of initial collateral", including but not limited to documents showing

the source(s) from which Rye XL obtained this $7.5 million.

## RESPONSE TO DOCUMENT REQUEST NO. 20

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-

December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling

for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search

for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 21

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 81

of the ABN/RBS Complaint that from February 1, 2008 through August 1, 2008, Rye XL provided

ABN/RBS Bank with another $80 million of collateral in connection with the Rye XL-ABN/RBS

Swap Transaction, including but not limited to documents showing the source(s) from which Rye

XL obtained this $80 million.

## RESPONSE TO DOCUMENT REQUEST NO. 21

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-

December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling

for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search

**EXHIBIT E**

for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 22

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 75 of the ABN/RBS Complaint that ABN/RBS Bank "chose to generate the returns owed to Defendant Rye XL LP [in connection with the Rye XL-ABN/RBS Swap Transaction] by using the collateral received from Defendant Rye XL LP, together with its own funds equaling two times Defendant Rye XL LP's collateral, to purchase partnership interests in Broad Market."

## RESPONSE TO DOCUMENT REQUEST NO. 22

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 23

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 76 of the ABN/RBS Complaint that ABN/RBS Bank "made the proprietary and voluntary decision to hedge its risk under the Onshore Swap [i.e., the Rye XL-ABN/RBS Swap Transaction] by investing three times the collateral it received from Defendant Rye XL LP in Broad Market[.]"

## RESPONSE TO DOCUMENT REQUEST NO. 23

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

**EXHIBIT E**

**DOCUMENT REQUEST NO. 24**

Documents supporting or otherwise concerning the Trustee's allegations in  Paragraph 62
of the AA Complaint that "[o]n May 2, 2007, Defendant Rye XL LP provide AA  Bank with $10
million of initial collateral", including but not limited to documents showing the  source(s) from
which Rye XL obtained this $10 million.

**RESPONSE TO DOCUMENT REQUEST NO. 24**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-
December 11, 2008 (Objection No. 1).  In addition, the Trustee objects to this Request as calling
for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search
for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 25**

Documents supporting or otherwise concerning the Trustee's allegations in  Paragraph 64
of the AA Complaint that "AA Bank earned significant revenue in the form of fees  and interest" in
connection with the Rye XL-AA Bank Swap Transaction.

**RESPONSE TO DOCUMENT REQUEST NO. 25**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-
December 11, 2008 (Objection No. 1).  In addition, the Trustee objects to this Request as calling
for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search
for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 26**

Documents supporting or otherwise concerning the Trustee's allegations in  Paragraph 66
of the AA Complaint that AA Bank ""chose to generate the returns owed to  Defendant Rye XL LP
[in connection with the Rye XL-AA Bank Swap Transaction] by using the  collateral received from

17

**EXHIBIT E**

Defendant Rye XL LP, together with its own funds equaling two times Defendant Rye XL LP's

collateral, to purchase partnership interests in Broad Market."

**RESPONSE TO DOCUMENT REQUEST NO. 26**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-

December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling

for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search

for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 27**

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 67

of the AA Complaint that AA Bank "made the proprietary and voluntary decision to hedge its risk

under the Swap [i.e., the Rye XL-AA Bank Swap Transaction] by investing three times the initial

collateral it received from Defendant Rye XL LP in Broad Market[.]"

**RESPONSE TO DOCUMENT REQUEST NO. 27**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-

December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling

for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search

for, review, or produce such Documents.

**DOCUMENT REQUEST NO. 28**

Documents supporting or otherwise concerning the Trustee's allegations in Paragraph 70

of the AA Complaint that, after entering into the Rye XL-AA Bank Swap Transaction, Rye XL

"made the decision to use the subscription payments and subsequent transfers it received from its

investors . . . to fund the Swap with AA Bank", including but not limited to documents identifying

each of the subscription payments and subsequent transfers that AA Bank received from its

18

investors that AA Bank used to fund the swap.

## RESPONSE TO DOCUMENT REQUEST NO. 28

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 29

Documents supporting or otherwise concerning the Trustee's allegations in  Paragraph 73 of the AA Complaint that from May 2, 2007 through May 1, 2008, Rye XL  provided AA Bank with an additional $225.5 million of collateral in connection with the Rye XL-AA Bank Swap Transaction, including but not limited to documents showing the source(s)  from which Rye XL obtained this $225.5 million.

## RESPONSE TO DOCUMENT REQUEST NO. 29

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). The Trustee will not search for, review, or produce such Documents.

## DOCUMENT REQUEST NO. 30

All BLMIS account statements for Account No. 1ZB268 and Account No. 1ZA31430.

## RESPONSE TO DOCUMENT REQUEST NO. 30

The Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

In addition, the Trustee objects to this Request as calling for Documents Outside the

Scope of Relevance (Objection No. 3). Specifically, only BLMIS account statements for Account No. 1ZA314 that reflect inter-account transfers from the Account are relevant to this proceeding.

Subject to and without waiving the foregoing objections, on October 25, 2016, the Trustee produced the Initial Disclosure Documents, which contain monthly BLMIS account statements for the Account. Additionally, Documents produced herewith as the Trustee's Supplemental Document Production contain the following responsive Documents: (i) a customer claim filed by Defendants with the Trustee relating to the Account, which includes a monthly BLMIS account statement for the Account; and (ii) Core Account Documents for BLMIS Account No. 1ZA314, including monthly account statements. The Trustee will not search for or produce additional Documents in response to this Request.

## DOCUMENT REQUEST NO. 31

Documents concerning all deposits and withdrawals made into/from Account No. 1ZA31430 over the life of the account.

## RESPONSE TO DOCUMENT REQUEST NO. 31

The Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). Specifically, only inter-account transfers from the Account to Account No. 1ZA314 are relevant to this proceeding.

Subject to and without waiving the foregoing objections, Documents produced herewith as the Trustee's Supplemental Document Production contain Core Account Documents for BLMIS Account No. 1ZA314. The Trustee will not search for or produce additional Documents

**EXHIBIT E**

in response to this Request.

## DOCUMENT REQUEST NO. 32

Documents concerning all transfers made from Account No. 1ZA31430 to another account at BLMIS, including but not limited to transfers made to Account No. 1ZR297.

## RESPONSE TO DOCUMENT REQUEST NO. 32

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3).

Subject to and without waiving the foregoing objections, Documents produced herewith as the Trustee's Supplemental Document Production contain Core Account Documents for BLMIS Account No. 1ZA314. The Trustee will not search for or produce additional Documents in response to this Request.

## DOCUMENT REQUEST NO. 33

Documents concerning all transfers made into Account No. 1ZA31430 from another account at BLMIS, including but not limited to transfers made from Account No. 1ZB268.

## RESPONSE TO DOCUMENT REQUEST NO. 33

The Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). Specifically, only inter-account transfers into Account No. 1ZA314 from the Account are relevant to this proceeding.

**EXHIBIT E**

Subject to and without waiving the foregoing objections, on October 25, 2016, the Trustee produced the Initial Disclosure Documents, which contain monthly BLMIS account statements for the Account. Additionally, Documents produced herewith as the Trustee's Supplemental Document Production contain Core Account Documents for BLMIS Account No. 1ZA314, including monthly account statements. The Trustee will not search for or produce additional Documents in response to this Request.

## DOCUMENT REQUEST NO. 34

Documents that support the Trustee's contention that a portion of the $100,000 that was transferred from Account No. 1ZB268 to Account No. 1ZA31430 on or about November 10, 1999, consisted of fictitious profits.

## RESPONSE TO DOCUMENT REQUEST NO. 34

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

On October 25, 2016, the Trustee produced the Initial Disclosure Documents, which contain monthly BLMIS account statements for the Account and Bank Transfer Documents for the Account. On September 6, 2016, the Trustee produced Documents received from City National Bank. Responsive Documents may also be received from additional third parties, which the Trustee will produce to Defendants upon receipt, if any. The Trustee will not search for or produce additional Documents in response to this Request.

## DOCUMENT REQUEST NO. 35

Documents that support the Trustee's contention that a portion of the $1,000,000 that was transferred from Account No. 1ZB268 to Account No. 1ZA31430 on or about November 10, 1999,

**EXHIBIT E**

consisted of fictitious profits.

## RESPONSE TO DOCUMENT REQUEST NO. 35

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

On October 25, 2016, the Trustee produced the Initial Disclosure Documents, which contain monthly BLMIS account statements for the Account and Bank Transfer Documents for the Account. On September 6, 2016, the Trustee produced Documents received from City National Bank. Responsive Documents may also be received from additional third parties, which the Trustee will produce to Defendants upon receipt, if any. The Trustee will not search for or produce additional Documents in response to this Request.

## DOCUMENT REQUEST NO. 36

Documents concerning all communications, including but not limited to telephone conversations, e-mails, and/or text messages, between BLMIS and any person or entity concerning Account No. 1ZB268.

## RESPONSE TO DOCUMENT REQUEST NO. 36

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

On October 25, 2016, the Trustee produced the Initial Disclosure Documents, which contain communications relating to the Account. Responsive Documents may also be received

EXHIBIT E

from third parties in response to the Trustee's Rule 45 subpoenas, which the Trustee will produce to Defendants upon receipt, if any. The Trustee will not search for or produce additional Documents in response to this Request.

## DOCUMENT REQUEST NO. 37

Documents concerning all communications, including but not limited to telephone conversations, e-mails, and/or text messages, between BLMIS and any person or entity concerning Account No. 1ZA31430.

## RESPONSE TO DOCUMENT REQUEST NO. 37

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

In addition, the Trustee objects to this Request as calling for Documents Outside the Scope of Relevance (Objection No. 3). Specifically, only communications relating to inter-account transfers from the Account to Account No. 1ZA314 are relevant to this proceeding.

Subject to and without waiving the foregoing objections, Documents produced herewith as the Trustee's Supplemental Document Production contain Core Account Documents for BLMIS Account No. 1ZA314, including communications relating to Account No. 1ZA314. The Trustee will not search for or produce additional Documents in response to this Request.

## DOCUMENT REQUEST NO. 38

Documents that the Trustee contends supports or contradicts any of the allegations, claims, and/or affirmative defenses in the FAC and the Answer.

**EXHIBIT E**

**RESPONSE TO DOCUMENT REQUEST NO. 38**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

Further, the Trustee objects to this Request to the extent it calls for Documents Outside the Scope of Relevance (Objection No. 3).

On October 25, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Account and Transfers. Documents relating to BLMIS's fraud and insolvency are located in E-Data Room 1. On September 6, 2016, the Trustee produced Documents received from City National Bank. Responsive Documents may also be received from additional third parties in response to the Trustee's Rule 45 subpoenas, which the Trustee will produce to Defendants upon receipt, if any. The Trustee also refers Defendants to Documents produced herewith as the Trustee's Supplemental Document Production. The Trustee will not search for or produce additional Documents in response to this Request.

**DOCUMENT REQUEST NO. 39**

Documents or communications concerning any statements and/or admissions by any party, person or witness regarding the subject matter of this adversary proceeding.

**RESPONSE TO DOCUMENT REQUEST NO. 39**

The Trustee objects to this Request as calling for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

**EXHIBIT E**

Subject to and without waiving the foregoing objections, on October 25, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Account and Transfers. On September 6, 2016, the Trustee produced Documents received from City National Bank. Responsive Documents may also be received from additional third parties in response to the Trustee's Rule 45 subpoenas, which the Trustee will produce to Defendants upon receipt, if any. The Trustee also refers Defendants to Documents produced herewith as the Trustee's Supplemental Document Production. The Trustee will not search for or produce additional Documents in response to this Request.

**DOCUMENT REQUEST NO. 40**

All expert disclosures required pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

**RESPONSE TO DOCUMENT REQUEST NO. 40**

The Trustee objects to this Request on the grounds that it prematurely seeks to have the Trustee disclose expert analysis and testimony well in advance of the deadline for the disclosure of this information as provided in the Court-approved Case Management Order. The Trustee will make the appropriate disclosures during the expert disclosure process in accordance with the Federal Rules, the Bankruptcy Rules, and any applicable case management orders (Objection No. 4).

**DOCUMENT REQUEST NO. 41**

Documents that the Trustee intends to use at the trial of this matter.

**RESPONSE TO DOCUMENT REQUEST NO. 41**

The Trustee objects to this Request on the ground that it demands the premature identification and disclosure of evidence and trial exhibits that the Trustee intends to rely upon at

**EXHIBIT E**

trial. The sources of information that the Trustee intends to rely upon at trial have previously been disclosed in the Trustee's written Initial Disclosures, which were served on July 19, 2016. The Trustee will further disclose the evidence and exhibits he intends to use at trial pursuant to any applicable scheduling orders and rules. The Trustee is not obligated to further search for and/or produce additional materials responsive to this request, which falls outside the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure.

Dated: New York, New York
December 9, 2016


Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

_____
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201


*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**EXHIBIT E**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this <u>9th day of December, 2016</u> by electronic mail and First class mail upon the following:

Richard E. Signorelli
Bryan Ha
Law Office of Richard E. Signorelli
799 Broadway, Suite 539
New York, New York 10003
Email: richardsignorelli@gmail.com
Email: rsignorelli@nyclitigator.com
Email: bhanyc@gmail.com

_An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff_

**EXHIBIT E**