# LAW OFFICE OF
# RICHARD E. SIGNORELLI

## ATTORNEY AT LAW

799 Broadway, Suite 539, New York, New York  10003

Telephone:  (212) 254-4218   Cellular: (917) 750-8842   Facsimile: (212) 254-1396

rsignorelli@nycLITIGATOR.com℠

www.nycLITIGATOR.com℠

January 24, 2017

**BY ECF & E-MAIL (bernstein.chambers@nysb.uscourts.gov)**
Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

  Re: <u>Picard v. The Lustig Family 1990 Trust</u>, Adv. Pro. No. 10-4417 ("Trust Case")
    <u>Picard v. David Ivan Lustig</u>, Adv. Pro. No. 10-4554 ("IRA Case")

Dear Judge Bernstein:

  We are counsel in the above-referenced cases for defendants David Lustig and The Lustig Family 1990 Trust ("Trust"), innocent good-faith investors who have been devastated by the total loss of millions of dollars that they had invested with Bernard L. Madoff Investment Securities LLC ("BLMIS").  We respectfully write in reply to the Trustee's letter to the Court dated January 23, 2017, submitted in connection with the informal discovery conference pursuant to Local Bankruptcy Rule 7007-1(b) scheduled for January 25, 2017.

  <u>First</u>, we strongly disagree with the Trustee's statement that the affirmative defenses asserted by Mr. Lustig and the Trust are meritless.  Those defenses are absolutely meritorious as a matter of fact, law, and equity, and we fully intend to prove them on summary judgement and, if necessary, at trial.  This is not, however, the appropriate forum for adjudicating the ultimate merits of those defenses.  If the Trustee truly believes that they are meritless and wants to avoid discovery on them, he should have moved to strike them.  Because he chose not do so, and issue has been joined and the parties are now in discovery with the merits of those defenses in dispute (just as the merits of the Trustee's claims are in dispute), Mr. Lustig and the Trust are entitled to discovery pertaining to those defenses, just as the Trustee is entitled to discovery on his disputed claims.  Just because the merits of those defenses are in dispute does not mean that Mr. Lustig and the Trust are not entitled to discovery on them now.  Otherwise, any party could avoid its discovery obligations, like the Trustee is attempting to do here, simply by asserting during the course of discovery that the other party's claims/defenses are meritless or will ultimately be found to be meritless.   That is putting the cart before the horse and is not proper.

Second, there is an additional point of fact that further highlights the paramount importance of the discovery that Mr. Lustig and the Trust are seeking. As outlined in our letter to the Court dated January 6, 2017, the $2,000,000 withdrawal that the Trustee is seeking to avoid and recover from Mr. Lustig in the IRA Case was reinvested back into BLMIS through the Senator Fund (a BLMIS feeder fund) in connection with a swap transaction with HSBC Bank USA, N.A. ("HSBC"). Critically, it appears that the Trustee has already recovered this money. Based on the limited information and documents currently available to Mr. Lustig, it appears that HSBC had withdrawn this money from BLMIS shortly before its collapse. This withdrawal was apparently effectuated by the Senator Fund first withdrawing the money from BLMIS and then, upon receiving the money from BLMIS, transferring it to HSBC, all before BLMIS's collapse. The Trustee subsequently brought an avoidance action to recover this and other money from HSBC and Senator, among others. Picard v. HSBC Bank plc, et al., Adv. Pro. No. 09-1364 (SMB). On or about November 13, 2014, the Trustee entered into a settlement agreement with Senator Fund whereby Senator Fund agreed to pay back to the Trustee all the money – a total of $95,000,000 – that it had withdrawn from BLMIS and then transferred to HSBC. That sum includes the $2,000,000 that the Trustee is seeking to recover from Mr. Lustig in the IRA Case. It is clear that, having already recovered that money pursuant to the settlement agreement with Senator Fund, the Trustee is barred by the single satisfaction rule codified at 11 U.S.C. § 550(d) from seeking to recover that money again from Mr. Lustig.

The discovery that Mr. Lustig and the Trust are seeking, and which the Trustee has failed and improperly refused to provide, includes information and documents concerning the Trustee's settlement with Senator Fund and the Trustee's recovery of the very money that he is wrongly seeking to recover again from Mr. Lustig in the IRA Case. This discovery is obviously important. If the Trustee has in fact already recovered the money in question, then Mr. Lustig has, in addition to other defenses, a complete defense to the Trustee's claim under § 550(d). It bears noting that the Trustee indisputably has in his possession information and documents concerning his settlement with Senator Fund and the money that he has recovered (as well as other discovery materials sought by Mr. Lustig and the Trust). The Trustee is in the best position to produce such discovery and, indeed, is obligated to do under the rules. He should not be allowed to shift the costs and burdens of such discovery onto non-parties and force Mr. Lustig and the Trust to expend what limited resources they have left to pursue such discovery from non-parties.

We believe that the facts and circumstances presented here are unique and compelling, and that it is important to bring them directly to the Court's attention. Therefore we declined the Trustee's request to submit this dispute to the Court-appointed discovery arbitrator. In both of these actions, the very funds the Trustee is seeking to collect from Mr. Lustig and the Trust were indisputably only withdrawn from the respective Madoff direct accounts to immediately reinvest them with Madoff indirectly, and then lost entirely by Mr. Lustig and the Trust when the Madoff scheme collapsed. With the continuation of these horrible litigations, the Trustee is seeking to double the actual and significant losses suffered by Mr. Lustig and the Trust since the very funds sought by the Trustee had already been lost completely by Mr. Lustig and the Trust. Mr. Lustig and the Trust never actually received other investors' funds given the

2

foregoing circumstances, unlike the typical net winner that is pursued by the Trustee in an avoidance action.

We look forward to discussing and hopefully resolving the discovery issues outlined above and in our previous letter to the Court dated January 6, 2017, at the conference on January 25, 2017. Thank you for Your Honor's consideration of these matters.

Respectfully submitted,

/s/ Richard E. Signorelli
/s/ Bryan Ha

Richard E. Signorelli
Bryan Ha

cc (by ECF and by e-mail):

David J. Sheehan, Esq. (dsheehan@bakerlaw.com)
Dean D. Hunt, Esq. (dhunt@bakerlaw.com)
Nicholas J. Cremona, Esq. (ncremona@bakerlaw.com)