SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

---

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER  　　　　　　　　　　　　　　　　　　　　　　　　E-MAIL ADDRESS
(212) 455-3475  　　　　　　　　　　　　　　　　　　　　　　　　　　mcunha@stblaw.com

<u>BY ECF & HAND</u>

January 24, 2017

Re:    *Picard v. Fairfield Sentry Limited*, Adv. Pro. No. 09-01239; *Picard v. Safehand Investments*, Adv. Pro. No. 12-01701; *Picard v. Barreneche Inc.*, Adv. Pro. No. 12-01702

Honorable Stuart M. Bernstein
United State Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Dear Judge Bernstein:

　　　We write in reply to the Trustee's letter dated January 23, 2017 concerning the parties' proposed final orders in the *Sentry* Action (09-01239),[1] the *Safehand* Action (12-01701) and the *Barreneche* Action (12-01702).[2]

　　　Much of the parties' disagreement centers on the proposed order for the *Sentry* Action, which is not addressed with specificity in the *Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers* (the "Decision"). The Decision addresses the *Sentry* Action only by listing it among the many proceedings in which "all claims identified in the Chart" are dismissed. *See* Decision at 36. For the *Sentry* Action, that is all subsequent transfer claims in the operative complaint as against the moving Defendants. Accordingly, a final order in the *Sentry* Action that adheres precisely to the language of the Decision (as the Trustee claims his proposed order does) would dismiss all subsequent transfer claims against all moving Defendants in that Action.

　　　However, neither the Trustee nor the Defendants propose such an order. Instead, both the Trustee and the Defendants borrow analysis in the Decision specific to the *Safehand* and *Barreneche* Actions to guide them on how to treat the claims in the *Sentry*

---

[1]    The *Sentry* Action is currently captioned *Picard v. Fairfield Investment Fund Limited, et al.* and referred to in the Trustee's January 23 letter as the "*Fairfield Investment Fund Limited* action."

[2]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Fairfield Greenwich-related Defendants' letter to Your Honor dated January 20, 2017.

BEIJING    HONG KONG    HOUSTON    LONDON    LOS ANGELES    PALO ALTO    SÃO PAULO    SEOUL    TOKYO    WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

Honorable Stuart M. Bernstein            -2-            January 24, 2017

Action.[3] The Trustee's proposed order imports into the *Sentry* Action only those aspects of that analysis that the Trustee believes to be in his favor, specifically the holding that recovery of subsequent transfers originating from the Domestic Funds GS and GSP is not barred on comity grounds.

      The Defendants' proposed order, on the other hand, imports all relevant aspects of the Court's analysis and therefore should be adopted by this Court.[4] Defendants are not asking for unique treatment. Defendants simply seek a final order in the *Sentry* Action consistent with the approach in the Decision to other actions where claims survive the comity holding, including the *Safehand* Action and the *Barreneche* Action, where the Court applied an extraterritoriality analysis. This seems particularly called for in the *Sentry* Action since the Court's reference to that Action in the Decision suggests that the Court was unaware claims in that Action survived its comity holding. All but one of the Defendants against whom claims are dismissed under paragraph 6 of the Defendants' proposed order in the *Sentry* Action have subsequent transfer claims against them that survive the comity holding. At the very least, the final order in the *Sentry* Action should reach extraterritoriality with respect to claims to recover alleged transfers that are not dismissed in full under the comity analysis.[5]

      The Trustee seeks to color the merits of the dispute in these Actions by stating that he has reached agreement with the defendants in the other actions affected by the Decision. But in the great majority of other actions subject to the Decision, all claims against moving defendants were dismissed on comity grounds, making application of an extraterritoriality analysis less urgent. In addition, there are claims for specific foreign transfers in these Actions that are covered by the Court's extraterritoriality analysis and accordingly should be dismissed in the orders.

      Notably, the Trustee does not attempt to address the merits of Defendants' arguments as to why the proposed orders they submitted should be entered. The circumstance that

---

[3]    *See* Decision at 71-79. The Trustee, misreading the Decision, contends that pages 71 to 79 of the Decision apply an extraterritoriality analysis to all three Actions, including the *Sentry* Action. There is, however, no reference to the *Sentry* Action in that portion of the Decision.

[4]    Specifically, the Trustee's proposed order provides for dismissal of claims only to the extent they seek to recover subsequent transfers originating with the Offshore Funds, while expressly preserving all claims seeking to recover subsequent transfers originating from the Domestic Funds GS and GSP, even where the final transfer or an intermediate transfer was a foreign transfer. *See* Exhibit A-1 of Trustee's January 23 letter at page 6. The Defendants' proposed order provides for dismissal where there were such foreign transfers.

[5]    For the reasons set forth in our January 20 letter, claims based on original transfers from the Offshore Funds also should be dismissed where the final transfer was foreign or where there was a foreign transfer in the chain, even where those claims are also dismissed on grounds of comity. That way, if the Court's comity holding is reversed or materially impaired on appeal, the claims that are also dismissed based on extraterritoriality would still be dismissed.

SIMPSON THACHER & BARTLETT LLP

Honorable Stuart M. Bernstein     -3-     January 24, 2017

others did not seek extraterritoriality provisions in their orders obviously does not make them inappropriate in these Actions. And, as mentioned above, the Trustee's main argument that the "true language" of the Decision should be applied is not even followed by the Trustee himself, as it would result in the dismissal of all claims for subsequent transfers against moving Defendants in the *Sentry* Action, which none of the parties endorse.

The Trustee's urging that the Court follow the language of the Decision also leads to the conclusion that the Court should dismiss claims for transfers where there were prior foreign transfers in the chain. Having dismissed such claims against UBS AG, there is no reason why such claims should not be dismissed against Fairfield Greenwich-related defendants as well. The Trustee offers no basis for distinguishing the transfers of this kind to UBS AG as compared to Fairfield Greenwich-related defendants, and we are aware of none.

Respectfully submitted,

/s/ Mark G. Cunha
Mark G. Cunha

*Counsel for Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors LLC, Fairfield International Managers, Inc., Mark McKeefry, Daniel Lipton, Amit Vijayvergiya, Gordon McKenzie, Richard Landsberger, Philip Toub, Charles Murphy, Andrew Smith, Harold Greisman, Corina Noel Piedrahita, Lourdes Barreneche, Cornelis Boele, Santiago Reyes, Jacqueline Harary, Barreneche, Inc., Dove Hill Trust, Fairfield Greenwich Capital Partners, FG Investors Ltd, Fortuna Asset Management Inc., Selecta Financial Corporation Inc., and Share Management LLC*

cc (by email):
    David J. Sheehan, Esq. (dsheehan@bakerlaw.com)
    Thomas L. Long, Esq. (tlong@bakerlaw.com)
    Catherine E. Woltering, Esq. (cwoltering@bakerlaw.com)
    Torello H. Calvani, Esq. (tcalvani@bakerlaw.com)
    Carl H. Loewenson, Jr., Esq. (cloewenson@mofo.com)
    Justin D. Mayer, Esq. (jmayer@mofo.com)
    Andrew J. Levander, Esq. (andrew.levander@dechert.com)
    Neil A. Steiner, Esq. (neil.steiner@dechert.com)
    Frederick R. Kessler, Esq. (fkessler@wmd-law.com)
    Fletcher W. Strong, Esq. (fstrong@wmd-law.com)

S IMPSON T HACHER & B ARTLETT LLP

Honorable Stuart M. Bernstein -4- January 24, 2017

    Bruce A. Baird, Esq. (bbaird@cov.com)
    Matthew F. Dunn, Esq. (mdunn@cov.com)
    Daniel J. Fetterman, Esq. (dfetterman@kasowitz.com)
    Edward M. Spiro, Esq. (espiro@maglaw.com)
    Glenn M. Kurtz, Esq. (gkurtz@whitecase.com)
    Andrew W. Hammond, Esq. (ahammond@whitecase.com)
.