# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 24, 2017

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    Response to Chaitman LLP's January 23, 2017 Letter Requesting Permission to Appeal Judge Maas's January 9, 2017 Order

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. and the estate of Bernard L. Madoff.  We write in response to Chaitman LLP's letter dated January 23, 2017 (the "January 23 Letter") requesting, on behalf of defendants represented by Chaitman LLP in 87 adversary proceedings, permission to appeal the January 9, 2017 Order (the "Discovery Order") issued by Judge Maas, the Court-appointed discovery arbitrator.

The January 23 Letter is an effort by Ms. Chaitman to deflect away from the obligation either to have her clients stipulate to the basic transfer information required by the Discovery Order, or to provide responsive documents and answers in accordance with her discovery obligations.  Judge Maas made that clear in his Discovery Order.  Ms. Chaitman instead invites the Court to become mired once again in her arguments relating to subsequent transferees.  She has raised this same issue multiple times in the course of a year, and this Court and Judge Maas have rejected it multiple times.  However, it has required many court conferences and Discovery Arbitrator hearings, stringing this issue out time and again.

The notion that the Discovery Order was somehow improper or contains an ambiguity lacks merit.  The January 23 Letter goes on for several paragraphs about subsequent transfer liability, which the Trustee notes is not actually at issue here and is misleading to the Court. Despite Ms. Chaitman's well-worn routine that the Trustee's goal is to use discovery to frame a

January 24, 2017
Page 2

complaint against subsequent transferees, she is unable to point to a single case in which this has happened, because it is untrue and is instead an oft-repeated affirmative misrepresentation to this Court.[1]  In addition, Ms. Chaitman's reference in the January 23 Letter to the Picower Parties is inapposite, as a permanent injunction has been upheld multiple times by multiple courts, and is unrelated to any issue before the Court.

Factual stipulations are accommodations used to streamline discovery.  Requiring a party to answer relevant discovery when they are unwilling, or unable, to enter into a stipulation does not "punish" a party, as Ms. Chaitman asserts.  Instead, fact stipulations are tools commonly used in litigation to remove uncontested issues of fact from the Court's consideration.  They are, as is true here, voluntary[2] and intended to reduce the burden on the Court, and burden and expense on the parties.  If Defendants assert that they are unable to enter into a stipulation, the issues simply remain contested.  The result is that the Defendants do not receive the benefit of the option for a streamlined process, and instead are required to respond to discovery, just as they were before the stipulation was proposed.

The true motive behind Ms. Chaitman's argument is made clear by her claim that the Defendants "cannot" stipulate to the transfer information, and are thus being "punished" by having to provide discovery.  But the same documents and information she is required to turn over in discovery also contain the information necessary to address the stipulation.  Thus it is apparent that Ms. Chaitman's position remains the same that it always has been – providing the Trustee with discovery violates due process and her clients' rights.  But this argument has been rejected by the Court and Judge Maas.  Therefore, it appears that Ms. Chaitman's clients are *unwilling* to either enter into a stipulation or to produce discovery, not that they are unable to do so.

Both Your Honor and Judge Maas have stated that Ms. Chaitman may not withhold discovery on the basis that it may contain information regarding subsequent transfers or transferees.  Specifically, in response to Ms. Chaitman's argument to preclude discovery on this basis,  Judge Maas noted on the record that, "as a general operating principle, that if either side is entitled to discovery for Reason A, the fact that it may also be helpful as to undisclosed Reason B is not a basis to turn down a request for discovery."  Dec. 13, 2016 Hearing Transcript, at 36, attached hereto as Exhibit A.

Finally, Ms. Chaitman references the Trustee's recent correspondence on January 19th to her in *Picard v. Robbins*, Adv. Pro. No. 10-04503 (SMB), in an effort to argue that "the Trustee has been emboldened his pursuit of subsequent transferee information."  However, the Trustee's January 19th letter does not relate to or mention subsequent transfers.  Instead, it focuses on Mr. Robbins's failure to provide discovery concerning initial transfers and his affirmative defenses,

---

[1] The Court indicated during the March 23, 2016, hearing on the issue of bank subpoenas, that Ms. Chaitman did not have standing to object on behalf of potential, but unknown, subsequent transferees who are not parties to the litigation nor are represented by Chaitman LLP. (*See*, e.g., March 23, 2016 Hearing Transcript, at 17-20, 44, 48, 57, attached hereto as Exhibit B.
[2] It is axiomatic that entry into a voluntary stipulation is by no means "violative… of Defendants' rights to due process of law," as Ms. Chaitman asserts.

300429650.4

January 24, 2017
Page 3

such as an offset for taxes paid on fictitious profits. In accordance with Judge Maas's Discovery Order, the Trustee requested that Mr. Robbins stipulate to the facts outlined in Paragraph A2 of the Order and withdraw the corresponding affirmative defenses or, in the alternative, to produce substantive discovery responsive to the Trustee's requests as directed in that Discovery Order. (*See* ECF No. 14934, Ex. B.)

Ms. Chaitman both refused to enter into any version of a stipulation and further failed to provide the discovery. But this is simply the same tactic used so many times before, and for which the Trustee has sought intervention time and again. In response to Ms. Chaitman's refusal, conveyed by email to the Trustee's counsel, the Trustee submitted a letter to Judge Maas yesterday requesting, *inter alia*, an order compelling the defendant to provide amended, substantive responses to the Trustee's discovery requests regarding his affirmative defenses consistent with the rulings in Judge Maas's prior Order.[3] A copy of that letter is attached hereto as Exhibit D. Given that the discovery dispute in the *Robbins* adversary proceeding is unrelated to subsequent transfers, and instead is narrowly tailored to the deposits, withdrawals, and affirmative defenses, the Trustee submits that the dispute properly remains before Judge Maas, irrespective of whether Ms. Chaitman's request to appeal is granted.

In conclusion, the Trustee respectfully requests that Judge Maas's orders be affirmed without further hearing. The Trustee further requests that the directives and rulings set forth in Judge Maas's prior Discovery Order not be stayed during the pendency of this Court's review of this matter. Finally, an appeal of the Discovery Order is unwarranted.

Respectfully submitted,

*/s/ Keith R. Murphy*

Keith R. Murphy

Enclosures

cc: Hon. Frank Maas (via email)
    Helen Davis Chaitman (via email)
    Gregory Dexter (via email)
    Edward J. Jacobs (via email)

---

[3] The Trustee's request was in accordance with Judge Maas's statement during a January 5, 2017 call with both parties, which was transcribed by a court report at Judge Maas's request, that "the need not to answer interrogatories as discussed in paragraph A3 of that order is premised on the stipulation or something approaching it." Jan. 5, 2017 Hearing Transcript, at 47, attached hereto as Exhibit C.

300429650.4