**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
David J. Sheehan

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　　　　Debtor. | |
| SUSANNE STONE MARSHALL, ADELE FOX, MARSHA PESHKIN, and RUSSELL OASIS,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CAPITAL GROWTH COMPANY; DECISIONS, INC.; FAVORITE FUNDS; JA PRIMARY LIMITED PARTNERSHIP; JA SPECIAL LIMITED PARTNERSHIP; JAB PARTNERSHIP; JEMW PARTNERSHIP; JF PARTNERSHIP; JFM INVESTMENT COMPANIES; JLN PARTNERSHIP; JMP LIMITED PARTNERSHIP; JEFFRY M. PICOWER SPECIAL COMPANY; JEFFRY M. PICOWER, P.C.; THE PICOWER FOUNDATION; THE PICOWER INSTITUTE OF MEDICAL RESEARCH; THE TRUST F/B/O GABRIELLE H. PICOWER; BARBARA PICOWER, individually, and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower; and IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　　Defendants. | Adv. Pro. No. 15-01293 (SMB)<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–lll, and the Chapter 7 estate of Bernard L. Madoff ("Madoff"), by his undersigned counsel, respectfully submits this Notice of Supplemental Authority to apprise the Court of a decision entered yesterday, *A & G Goldman Partnership v. Capital Growth Co. (In re Bernard L. Madoff Inv. Sec. LLC)*, Nos. 1:16-cv-2058-GHW and 1:16-cv-2065-GHW, slip op. (S.D.N.Y. Jan. 24, 2017) ("*Goldman III*") (a copy of which is attached as Exhibit A), in further support of his position in the above-captioned proceeding.

In the newly issued *Goldman III*, the United States District Court for the Southern District of New York (the "District Court") affirmed this Court's order in *Picard v. A & G Goldman Partnership (In re Bernard L. Madoff)*, 546 B.R. 284 (Bankr. S.D.N.Y. 2016), enjoining prosecution of yet another iteration of a putative class action against the Picower Parties.[1] A & G Goldman Partnership and Pamela Goldman (together, the "Goldman Parties"), having been enjoined in their previous attempts to sue the Picower Parties in similar complaints, had argued that the latest complaint was different from their previous ones because they had added allegations that Jeffry M. Picower "propped up" Madoff's Ponzi scheme by providing loans to BLMIS and that he agreed to be listed as a counterparty on options trades. These allegations, they argued, transformed their previously barred claim that Picower was a "control person" of BLMIS under § 20(a) of the Securities Exchange Act, into a new claim that would not

---

[1] The "Picower Parties" are: Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Picower Institute of Medical Research; The Trust f/b/o Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower.

violate the Permanent Injunction entered by this Court, which bars claims that are "duplicative or derivative of the claims the Trustee brought or could have brought." *Goldman III* at 16.

The District Court, agreeing with this Court's analysis, rejected the Goldman Parties' argument. The District Court held that the claim asserted in the *Goldman III* complaint is derivative, as it "could be brought by any BLMIS creditor and is not based on conduct by the Picower Parties that was directed to the Goldman Parties or the putative class members in particular." *Id.* The District Court, specifically addressing the new "propping up" and "counterparty" allegations, held that "the *Goldman III* complaint is functionally similar to prior complaints held to have been barred by the Permanent Injunction." *Id.* at 18. Because the *Goldman III* complaint failed to allege "particular instances in which Picower, through the conduct described in the complaint, directed BLMIS to provide false or misleading information to Appellants (or the proposed class members) in particular," the District Court found that it alleged claims that "are 'at bottom, general one[]s.'" *Id.* at 19 (citing *St. Paul Fire & Marine Ins. Co. v. PepsiCo., Inc.*, 884 F.2d 668, 701 (2d Cir. 1989)).

Similarly, here, Susanne Stone Marshall, Adele Fox, Marsha Peshkin, and Russell Oasis (collectively, the "Fox Plaintiffs"), in their third complaint (the "*Fox III* complaint"), allege that Picower was a control person of BLMIS under § 20(a) of the Exchange Act. Besides claims in the *Fox III* complaint that have already been barred by this Court and the District Court, the *Fox III* complaint, like the *Goldman III* complaint, alleges the same "propping up" and "counterparty" allegations with no particularized facts. *See* Trustee's Memorandum of Law in Opposition to Motion For Declaration Judgment at 24, 25 (ECF No. 25). The District Court has now held that such allegations are barred. The *Fox III* complaint, like the *Goldman III* complaint, is "pleaded to thread the eye of the needle outlined by the prior decisions in this line of cases," but is functionally no different from the previously-barred *Fox II* complaint. *See Goldman III* at

2

18. Thus, as the District Court's decision makes clear, to allow prosecution of the *Fox III* complaint would allow the Fox Plaintiffs to seek "recovery [for] alleged wrongs that affected all creditors in the same way," a "claim that belongs exclusively to the Trustee." *Id.* at 23.

The Picower Parties have advised the Trustee that they join in this Notice of Supplemental Authority.

Dated:  January 26, 2017                  Respectfully submitted,
        New York, New York

                                          By: */s/ David J. Sheehan*
                                          David J. Sheehan
                                          dsheehan@bakerlaw.com
                                          Deborah H. Renner
                                          drenner@bakerlaw.com
                                          Tracy L. Cole
                                          tcole@bakerlaw.com
                                          Keith R. Murphy
                                          kmurphy@bakerlaw.com
                                          Amy E. Vanderwal
                                          avanderwal@bakerlaw.com
                                          Ferve E. Ozturk
                                          fozturk@bakerlaw.com
                                          Samuel M. Light
                                          slight@bakerlaw.com

                                          Baker & Hostetler LLP
                                          45 Rockefeller Plaza
                                          New York, New York 10111
                                          Telephone: (212) 589-4200
                                          Facsimile: (212) 589-4201

                                          *Attorneys for Irving H. Picard, Trustee for*
                                          *the Substantively Consolidated SIPA Liquidation*
                                          *of Bernard L. Madoff Investment Securities LLC*
                                          *and the Estate of Bernard L. Madoff*