**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. AVELLINO, et al.,<br><br>Defendants. | Adv. Pro. No. 10-05421 (SMB) |

**TRUSTEE'S ANSWER TO COUNTERCLAIMS OF COUNTERPLAINTIFFS**
**GROSVENOR PARTNERS, LTD., MAYFAIR VENTURES, G.P.,**
<u>**ASTER ASSOCIATES, AND KENN JORDAN ASSOCIATES**</u>

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"), under the Securities Investor Protection Act ("SIPA"),[1] SIPA §§ 78aaa-*lll*, by and through his undersigned counsel, for his Answer to the counterclaims ("Counterclaims") (ECF No. 143) filed on behalf of defendants Grosvenor Partners, Ltd., Mayfair Ventures, G.P., Aster Associates and Kenn Jordan Associates (collectively, "CounterPlaintiffs"), hereby states as follows:

## COUNTERCLAIM

1. The allegations in Paragraph 1 contain legal conclusions to which no response is required.

2. The allegations in Paragraph 2 contain legal conclusions to which no response is required. To the extent a response is required, the Trustee admits that this Court has jurisdiction over this adversary proceeding and denies the remaining allegations contained in Paragraph 2. The Trustee further denies that CounterPlaintiffs have any cause of action against the Trustee that may be properly asserted in this adversary proceeding.

3. The allegations in Paragraph 3 contain legal conclusions to which no response is required. The Trustee admits that he has neither approved any of CounterPlaintiffs' claims nor paid money to any CounterPlaintiff, but denies that this was due to any failure on his part. The Trustee denies the remaining allegations in Paragraph 3.

4. The allegations in Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, the Trustee denies the allegations contained in Paragraph 4.

---

[1] References to SIPA sections hereinafter shall replace "15 U.S.C." with "SIPA."

2

## COUNT I

5. The Trustee denies the allegations in Paragraph 5.

6. The Trustee incorporates by reference, as if fully rewritten herein, his responses contained in Paragraphs 1 through 5 above.

7. The allegations in Paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, the Trustee refers CounterPlaintiffs to SIPA § 78fff(a) for the stated purposes of a SIPA liquidation proceeding, and denies any allegations inconsistent with SIPA.

8. The Trustee denies the allegations in Paragraph 8.

9. The Trustee denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, the Trustee refers CounterPlaintiffs to the "Series 500 Rules" or 17 C.F.R. §§ 300.500-300.503, and denies any allegations inconsistent with them. The Trustee also denies the remaining allegations in Paragraph 10.

11. The Trustee denies the allegations in Paragraph 11.

12. The Trustee denies the allegations in Paragraph 12.

13. The Trustee refers CounterPlaintiffs to SIPA § 78*lll*(11), and denies any allegations inconsistent with it.

14. The Trustee denies the allegations in Paragraph 14.

15. The Trustee denies the allegations in Paragraph 15.

16. The Trustee admits that BLMIS was one entity that operated three business units: (i) a market making business; (ii) a proprietary trading business; and (iii) an investment advisory business. The Trustee refers CounterPlaintiffs to the Amended Complaint for its content, and denies any allegations inconsistent with it. The Trustee denies the remaining allegations in Paragraph 16.

17. The Trustee denies the allegations in Paragraph 17.

18. The Trustee refers CounterPlaintiffs to CFR § 242.606, and denies any allegations inconsistent with it. The Trustee further denies the remaining allegations in Paragraph 18.

19. The Trustee denies the allegations in Paragraph 19.

20. The Trustee denies the allegations in Paragraph 20.

21. The Trustee denies the allegations in Paragraph 21.

22. The Trustee refers CounterPlaintiffs to SIPA § 78fff-2, and denies any allegations inconsistent with it. The Trustee further denies the remaining allegations in Paragraph 22.

23. The Trustee denies the allegations in Paragraph 23.

## COUNT II

24. The Trustee denies that CounterPlaintiffs have any cause of action against the Trustee that may be properly asserted in this adversary proceeding. The Trustee denies the allegations in Paragraph 24.

25. The Trustee incorporates by reference, as if fully rewritten herein, his responses contained in Paragraphs 1 through 4 and 7 through 23 above.

26. The Trustee refers CounterPlaintiffs to the "Series 500 Rules" or 17 C.F.R. §§300.500-300.503, and denies any allegations inconsistent with them.

27. The Trustee denies the allegations in Paragraph 27.

28. The Trustee denies the allegations in Paragraph 28.

29. The Trustee denies the allegations in Paragraph 29.

30. The Trustee denies the allegations in Paragraph 30, but admits that he has not paid CounterPlaintiffs any cash.

31. To the extent a response is required for the two wherefore clauses, the Trustee denies: (i) the allegations in the wherefore clauses; (ii) that CounterPlaintiffs have any cause of action against the Trustee that may be properly asserted in this adversary proceeding; and (iii) that CounterPlaintiffs are entitled to any of the relief sought in the Counterclaims.

## TRUSTEE'S DEFENSES TO COUNTERPLAINTIFFS' COUNTERCLAIMS

### FIRST DEFENSE

CounterPlaintiffs' Counterclaims fail to state a claim, and the Trustee reserves his right to move to dismiss the Counterclaims.

### SECOND DEFENSE

CounterPlaintiffs' Counterclaims seeking to challenge the Trustee's net equity calculation based on, among other things, the value of securities reflected on CounterPlaintiffs' last BLMIS customer statements, are barred because they are directly contradicted by the Second Circuit's rulings in *In re BLMIS*, 654 F.3d 229, 235-36 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 24 (2012).

### THIRD DEFENSE

CounterPlaintiffs' Counterclaims relating to BLMIS investment advisory ("IA") accounts 1ZB032, 1ZB046, and 1ZB509 are barred because the total withdrawals exceeded the cash and principal deposits in these accounts.

### FOURTH DEFENSE

CounterPlaintiffs' Counterclaims are barred because no purchases or sales of securities took place in connection with CounterPlaintiffs' BLMIS IA accounts 1ZA879, 1ZB032, 1ZB046, and 1ZB509.

### FIFTH DEFENSE

CounterPlaintiffs' Counterclaims are barred because they impermissibly seek to single out CounterPlaintiffs' customer claims in connection with CounterPlaintiffs' BLMIS IA accounts 1ZA879, 1ZB032, 1ZB046, and 1ZB509 from all other claims for special treatment and thereby disrupt the administration of the estate.

**SIXTH DEFENSE**

CounterPlaintiffs' Counterclaims are merely a reformulation of the customer claims filed by CounterPlaintiffs, and therefore impermissibly seek to circumvent the *Order on Application for Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims, and Providing Other Relief*, entered by the Court on December 23, 2008, in the underlying substantively consolidated SIPA case, Case No. 08-01789 ("Claims Procedures Order") (ECF No. 12).

**SEVENTH DEFENSE**

CounterPlaintiffs' Counterclaims in connection with BLMIS IA accounts 1ZB032, 1ZB046, and 1ZB509 are barred as CounterPlaintiffs did not timely submit a written objection to the Trustee's denial of CounterPlaintiffs' claims in accordance with the Claims Procedures Order.

**EIGHTH DEFENSE**

CounterPlaintiffs' Counterclaims violate the Federal Rules of Civil Procedure by failing to adequately plead with particularity the securities that were allegedly purchased or sold for each of CounterPlaintiffs' BLMIS IA accounts (1ZA879, 1ZB032, 1ZB046, and 1ZB509).

**NINTH DEFENSE**

CounterPlaintiffs' Counterclaims are barred by the doctrines of laches, estoppel, and/or unclean hands.

**TENTH DEFENSE**

CounterPlaintiffs' Counterclaims are barred by the applicable statutes of limitations.

### ELEVENTH DEFENSE

CounterPlaintiffs' Counterclaims are barred because CounterPlaintiffs took every transfer from BLMIS with actual knowledge of fraud and/or with a lack of good faith.

### TWELFTH DEFENSE

CounterPlaintiffs' Counterclaims are barred because CounterPlaintiffs were willfully blind to Madoff's fraudulent scheme and/or the fact that Madoff was not actually trading securities in CounterPlaintiffs' BLMIS IA accounts.

### THIRTEENTH DEFENSE

CounterPlaintiffs' Counterclaims are barred because CounterPlaintiffs did not receive each transfer in good faith and/or for value.

### FOURTEENTH DEFENSE

To the extent any CounterPlaintiff has a viable customer claim, CounterPlaintiffs' Counterclaims are barred as the Trustee may subordinate or disallow CounterPlaintiffs' claims on equitable grounds.

### FIFTEENTH DEFENSE

CounterPlaintiffs' Counterclaims are barred by the doctrine of collateral estoppel.

### SIXTEENTH DEFENSE

CounterPlaintiffs' Counterclaims are barred because they are procedurally improper or not ripe.

### SEVENTEENTH DEFENSE

CounterPlaintiffs' Counterclaims are barred by the doctrine of *res judicata*.

### EIGHTEENTH DEFENSE

CounterPlaintiffs' Counterclaims are barred by the doctrine of the law of the case.

## NINETEENTH DEFENSE

CounterPlaintiffs' Counterclaims are barred by the doctrine of waiver.

The Trustee reserves the right to amend this Answer to assert additional affirmative defenses based on continuing discovery.

| | |
|---|---|
| Date: January 27, 2017<br>New York, New York | By: */s/ David J. Sheehan*<br><br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Jimmy Fokas<br>Email: jfokas@bakerlaw.com<br>Kathryn M. Zunno<br>Email: kzunno@bakerlaw.com<br>Esterina Giuliani<br>Email: egiuliani@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff* |