# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

January 31, 2017

**VIA ECF AND EMAIL: bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    *Susanne Stone Marshall, et al. v. Capital Growth Company, et al.*
             Adv. Pro. No. 15-01293 (SMB)

Dear Judge Bernstein:

    We represent plaintiffs in the above matter and write in response to the submission of Baker & Hostetler LLP of January 26, 2017 [ECF No. 46]. There, Baker argues that the recent decision by Judge Woods in *A & G Goldman Partnership v. Capital Growth Co. (In re Bernard L. Madoff Inv. Sec. LLC)*, Nos. 1:16-cv-2058-GHW and 1:16-cv-2065-GHW, slip op. (S.D.N.Y. Jan. 24, 2017) (Goldman III), should be applied to plaintiffs' pending motion to file a Third Amended Complaint (the "TAC") against the Picower Parties.

    The *Goldman III* decision, which affirmed the decision of this Court (546 B.R. 284 (Bankr. S.D.N.Y. 2016)), is not applicable here because the allegations of injury and control made by the plaintiffs in this case are different from, and far more particularized than, those asserted in *Goldman III* and, unlike the allegations in *Goldman III*, they set forth a cognizable, non-derivative claim.

    The plaintiffs in *Goldman III* argued that they were injured by Picower's "propping up" of Madoff, *i.e.*, helping Madoff to keep his fraud alive. Such propping up, they asserted, drove Madoff further into insolvency and permitted Picower to withdraw more money from his account. This Court found that was, in substance, the same claim that the Goldman plaintiffs had made in their previous complaints, and that any such injury was derivative because the acts complained of were generalized and affected all Madoff creditors the same way. Judge Wood affirmed.

    While the *Goldman III* complaint may be old wine in a new bottle, the TAC is brand new. It follows the roadmap laid down by Judge Koeltl, enjoining plaintiffs' Second Amended Complaint in *In re Madoff*, 531 B.R. 345 (S.D.NY. 2015). The TAC alleges that plaintiffs' injuries arose whenever a plaintiff gave Madoff money based on misrepresentations made to him/her by

{00027980 3 }

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
January 31, 2017
Page 2

Madoff or his agents.  That is individual injury, as explained at length in plaintiffs' motion and at the argument before the Court on February 11, 2016.  Plaintiffs also explained that any allegations in the TAC about the "propping up" conduct Goldman relied upon were not being offered to show injury, but to show Picower's control over Madoff.  Further, plaintiffs particularized their allegations based, inter alia, on Madoff's declaration, evidence the Goldman plaintiffs did not have when they briefed and argued the motion in *Goldman III*.

As a consequence, in the *Goldman III* opinions, neither this Court, nor Judge Wood, had occasion to address the averments in the TAC nor the arguments that plaintiffs make here. The decision cannot then be used as a yardstick for this case, and for the reasons stated in plaintiffs' motion, the declaratory relief they seek should be granted.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/sh

cc:    (*via ECF and Email*)
David J. Sheehan (dsheehan@bakerlaw.com)
Jennifer Opheim (Jennifer.opheim@srz.com)
Marcy Ressler Harris (marcy.harris@srz.com)
Michael Y. Kwon (michael.kwon@srz.com)
Mark Richardson (mark.richardson@srz.com)

{00027980 3 }