# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

February 1, 2017

**VIA ECF AND EMAIL: bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:   *Irving H. Picard, Trustee v. Robert Roman*, Adv. Pro. No. 10-04292
           *Irving H. Picard, Trustee v. Joan Roman*, Adv. Pro. No. 10-04302

Dear Judge Bernstein:

    We write on behalf of Defendants Robert and Joan Roman in response to the Trustee's letter dated January 20, 2017 regarding the Trustee's discovery requests (the "Requests") served on the Romans that seek "communications between Defendants (or their counsel) and Bernard Madoff" from December 11, 2008 through present. (Adv. Pro. No. 10-04292, ECF No. 83 and Adv. Pro No. 10-04302, ECF No. 84). We respectfully request that the Court deny the Trustee's request for permission to file a motion to compel compliance with the Requests because they seek discovery that is patently irrelevant and/or attorney work product.

    **I.**   **It is improper for the Trustee to use information obtained from the August 2016 debacle regarding the Madoff Declaration as a basis for another fishing expedition**

    The Court may recall that, in August 2016, the Trustee made the outrageous allegation that certain portions of Madoff's November 17, 2015 Declaration were fabricated by me. Following a Chambers conference, the Court required this firm to produce certain information to the Court and the Trustee for the limited purpose of proving the Trustee's allegation false. Thus, on August 19, 2016, this firm sent a confidential letter to the Court and the Trustee that conclusively refuted the Trustee's allegations. That same day, after reviewing this firm's letter, the Trustee recognized how baseless his accusations had been and he withdrew them. As disclosed to the Trustee and Your Honor, certain privileged documents were included in our submission to the Court that were not included in the copy of the papers given to the Trustee.

    This firm's August 19, 2016 letter was designated "confidential" pursuant to the Global Litigation Protective Order (ECF No. 4137), and the letter indicated that its contents should not be used for any purpose. In that letter, and only to explain why there was no basis for the Trustee's allegations, this firm revealed that Defendants communicated with Madoff, at my request, for the

{00027989 1 }

## CHAITMAN LLP

The Honorable Stuart M. Bernstein
February 1, 2017
Page 2

purpose of obtaining his declaration. Now, the Trustee improperly attempts to leverage this information to pursue additional discovery relating to all of the communications between Defendants (or their counsel) and Madoff after December 11, 2008. This fishing expedition should not be permitted.

The Requests violate Federal Rule of Civil Procedure 26 because they are entirely irrelevant to any of the issues in the case and they seek attorney work product. Accordingly, we request that the Court deny the Trustee's attempt to compel compliance with the Requests.

### A. The Requests violate Rule 26 because they do not seek relevant information

A party may discover only nonprivileged *relevant* information. *See* Fed. R. Civ. P. 26. There is no conceivable argument that any communications between Defendants and Madoff since he went to prison could have any possible bearing on the issues in this case. Conspicuously absent from the Trustee's January 20, 2017 letter is even a minimal showing of how the Requests could be relevant. The Requests seek the attorney-work-product documents that were given to the Court *in camera* last August.

The work-product privilege is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure and it "shelters the mental processes of the attorney, providing a privileged area within which he can prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). Documents referencing communications between Defendants (or their counsel) are privileged work product. *See In re Asia Glob. Crossing, Ltd.*, 322 B.R. 247, 262 (Bankr. S.D.N.Y. 2005) (Bernstein, J.) ("[T]he work product doctrine protects the attorney's materials. . . . ."). The documents provided to the Court *in camera* are indisputably work product.

The Trustee argues there has been a waiver, but this is not so. "The work product privilege, unlike the attorney-client privilege, does not depend upon an expectation or intent that the communication will remain confidential." *Id*. at 263 (citing Wright & Miller, § 2024 (2d Ed. 1994)). "[N]o waiver attends a disclosure that has not 'substantially increased the opportunities for potential adversaries to obtain information.'" *Id*. (citation omitted). A client cannot waive opinion work product. *See id*. Here, to the extent this firm's work product was shared with Madoff, this is no basis for waiver because this did not "substantially increase the opportunities for potential adversaries to obtain information." *Id*.

### B. Defendants are not required to log all communications with Madoff that occurred post December 11, 2008

On numerous occasions, the Trustee has resisted discovery about any communications or documents made by any of his professionals to any third party after December 11, 2008 on the basis of work product. (*See, e.g.*, May 17, 2016 Transcript at 30:11-13, attached as Ex. A) ("[A]ny mental impressions, or memos, or notes that we took during our investigation are work product that are shielded from discovery."). The Trustee refuses to log *any* of these documents, and he argues that he need not. (*See, e.g.*, Trustee's Amended Discovery Responses, attached as Ex. B) ("The Trustee will not produce or log Documents prepared by and/or received by him, his counsel, his professionals and/or other agents from on or after December 11, 2008 that are protected by the

{00027989 1 }

Pg 3 of 3

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
February 1, 2017
Page 3

attorney work product doctrine, the attorney-client privilege, and/or any other applicable privileges or protections . . . ."). After successfully maintaining this position during a recent discovery hearing with Judge Maas, (*see* ECF No. 14807 ¶ 3), the Trustee cannot now seriously argue that Defendants have waived their right to assert privilege by failing to log documents that evidence communications occurring after December 11, 2008.

### II.     Conclusion

The Requests seek irrelevant information and attorney work product. The Court should not permit the Trustee to use his August 2016 outrageous conduct as a basis for now pursuing irrelevant and confidential discovery.

Accordingly, Defendants request that the Court deny, in its entirety, the Trustee's request. However, if the Court is inclined to grant the Trustee's requested relief, we request that the Court enter a stay pending our appeal.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/sh
Enclosures (as stated)

cc:    (*via ECF and Email w/encl.*)
       Dean D. Hunt (dhunt@bakerlaw.com)
       Edward J. Jacob (ejacobs@bakerlaw.com)
       Marie L. Carlisle (mcarlisle@bakerlaw.com)
       Keith R. Murphy (kmurphy@bakerlaw.com)

{00027989 1 }