# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                  Plaintiff-Applicant,<br><br>         v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                                  Plaintiff,<br><br>         v.<br><br>DEFENDANTS LISTED ON EXHIBIT A TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO THE TRUSTEE SERVED BY CHAITMAN LLP, DATED JUNE 21, 2016,<br><br>                                  Defendant(s). | Adv. Pro. Nos. Listed on Exhibit A to First Set of Requests for Production of Documents and Interrogatories to the Trustee served by Chaitman LLP, dated June 21, 2016 |

**TRUSTEE IRVING H. PICARD'S AMENDED RESPONSES AND OBJECTIONS TO**
**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**AND INTERROGATORIES TO THE TRUSTEE**

        Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C.

§§ 78aaa-*lll* ("SIPA"), and the estate of Bernard L. Madoff  by and through the Trustee's

counsel, Baker & Hostetler LLP, hereby provides the following Amended Responses and Objections to the First Set of Requests for Production of Documents and Interrogatories to the Trustee ("Requests") served by Defendants listed on Exhibit A ("Defendants")[1] in 83 cases ("Adversary Proceedings").[2]

## OBJECTION TO DEFINITIONS

1.      The Trustee objects to the term "Identify" (with respect to persons) in Definition 1(c) as inconsistent with Local Rule 26.3(c)(3) of the United States District Court for the Southern District of New York and this Court, insofar as it purports to require the Trustee to identify "the relationship between such person and (i) the Responding Party, (ii) Madoff, and/or (iii) BLMIS."  The Trustee will respond to Interrogatories containing "Identify" (with respect to persons) as it is defined by Local Rule 26.3(c)(3).

2.      The Trustee objects to the term "Identify" (with respect to documents) in Definition 1(d) as inconsistent with Local Rule 26.3(c)(4) of the United States District Court for the Southern District of New York and this Court, insofar as it purports to require the Trustee to identify the "Bates-Stamp Number if said document has previously been produced or filed in E-Data Room."  The Trustee will respond to Interrogatories containing "Identify" (with respect to documents) as it is defined by Local Rule 26.3(c)(4).

---

[1]      Exhibit A to the Requests lists former defendants that are deceased and have been formally substituted out of the relevant Adversary Proceedings, including Boyer H. Palmer (Adv. Pro. Nos. 10-04397 and 10-05151), Mary Guiducci (Adv. Pro. Nos. 10-04991 and 10-05127), and Alvin E. Shulman (Adv. Pro. Nos. 10-04599 and 10-04852).  None of the parties that were substituted in as defendants in these Adversary Proceedings are reflected on Exhibit A.  Consequently, with respect to these specific Adversary Proceedings, Chaitman LLP has served these Requests on behalf of parties it no longer represents, and has failed to serve the Requests on behalf of the proper defendants.  The Trustee therefore objects to these Requests on the grounds that they have not been properly served in these specific Adversary Proceedings.

[2]      BakerHostetler LP is not counsel to the Trustee in *Picard v. Roger Rechler Revocable Trust*, Adv. Pro. No. 10-04474, and *Picard v. Reckson Generation*, Adv. Pro. No. 10-05135, which were included on Exhibit A to the Requests.  As such, these Responses do not represent the Trustee's responses and objections to these Requests in those adversary proceedings.

3.      The Trustee objects to the term "Identify" in Definitions 7 and 8 as inconsistent with Local Rules 26.3(c)(3)-(4) of the United States District Court for the Southern District of New York and this Court.  The Trustee will respond to Interrogatories containing "Identify" as it is defined by Local Rules 26.3(c)(3)-(4).

## OBJECTION TO INSTRUCTIONS

1.      The Trustee will respond to these Requests consistent with Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Rules 7026, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of the Court, including the Court's June 6, 2011 Litigation Protective Order [ECF No. 4137] and October 17, 2013 Order on the Third-Party Data Rooms [ECF No. 5475] (the "Third-Party Data Room Order").

## SOURCES OF INFORMATION RELEVANT TO THE CLAIMS OR DEFENSES IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL

1.      Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents").

2.      Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI").

3.      Documents produced by third parties to the Trustee during his investigation or adversary proceedings ("Third-Party Documents").

## I.    BLMIS DOCUMENTS

From the Hard-Copy BLMIS Documents and BLMIS ESI (collectively, "BLMIS Documents"), the Trustee created a searchable electronic database containing approximately 4.7

million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents ("the

**BLMIS Searchable Database**").  Defendants do not have direct access to the BLMIS

Searchable Database because it contains documents relating to thousands of customers, many of

which are not relevant to this proceeding.  Instead, the Trustee provides all Defendants in these

proceedings with documents as described below:

A.    **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1

from documents in the BLMIS Searchable Database as well as some Third-Party Documents.  E-

Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its

insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and

financial records.  *See* **Appendix A** for a description of documents available to Defendants in E-

Data Room 1.

B.    **BLMIS Core Account Documents:** The Trustee identified and segregated

BLMIS core account documents for all customers ("Core Account Documents").  These Core

Account Documents include account opening agreements, correspondence to and from BLMIS,

transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio

Management Transaction Reports, which contain transaction history, and other documents that

were specific to each account, and/or the Trustee's calculation of net equity of a particular

BLMIS account.

C.    **Proof of Transfers:** In addition to the Core Account Documents relevant to

transfers described above, the Trustee identified and segregated BLMIS bank account records

that reflect transfers to customers ("Bank Transfer Documents").  Collectively, the Core Account

Documents and the Bank Transfer Documents represent the documents produced to the

Defendants by the Trustee with his initial disclosures (the "Initial Disclosure Documents").

     **D.**    **Other Documents:** The Trustee preserved the nearly 20,000 pieces of BLMIS

ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not

include all such documents in the BLMIS Searchable Database.  The Trustee did not process or

scan, for example, backup tapes believed to contain redundant data, some floppy disks or CDs,

and broken media.  In responding to discovery requests, the Trustee does not search for BLMIS

documents outside of the BLMIS Searchable Database.  The Trustee will produce additional

BLMIS Documents (meaning other than those described in Paragraphs A and B) from the

BLMIS Searchable Database provided that the parties agree to narrowly tailored case-specific

search terms and parameters that target documents relevant to the claims or defenses and

proportional to the needs of the case in accordance with Federal Rule 26(b)(1).  *See* **Appendix B**

for a description of sources of documents in the BLMIS Searchable Database.[3]

## III.    THE SQL DATABASES

     Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain

Third-Party Documents was processed and input into multiple Microsoft Structured Query

Language ("SQL") Server tables and databases (the "SQL Databases").  To the extent feasible,

the underlying documents used to build the SQL Databases are contained in E-Data Room 1.

Some or all of the data in the SQL Databases is responsive to most of the Interrogatories.  SQL

Databases are used by the Trustee's experts and are available for production to any Defendant

upon request.  Use of the SQL Databases requires some technical expertise.  *See* **Appendix C** for

the sources of data loaded into the SQL Databases.

---

[3] Certain defendants with proper credentials have direct access to millions of Third-Party Documents in the
Trustee's possession.  These documents are governed by the Third-Party Data Room Order. Per that Order, the
Third-Party Data Rooms are not available to Defendants in these Adversary Proceedings.

## THE TRUSTEE'S OBJECTIONS

1.    **Materials Prepared Post-December 11, 2008:** The Trustee will not produce or log Documents prepared by and/or received by him, his counsel, his professionals and/or other agents from on or after December 11, 2008 that are protected by the attorney work product doctrine, the attorney-client privilege, and/or any other applicable privileges or protections ("Materials Prepared Post-December 11, 2008").

2.    **Redundant, Cumulative, and Marginally Relevant Documents:** The BLMIS Searchable Database may contain documents that are responsive to the Interrogatories but which are redundant, cumulative, or marginally relevant (for example, the Defendants' names or account numbers appear on a list of customer names or account numbers and there is no other unique information).  The Trustee objects to the production of these Documents to the extent that such production is not proportionate to the needs of the case under Federal Rule 26(b)(1) ("Redundant, Cumulative, and Marginally Relevant Documents").

3.    **Information Outside the Scope of Relevance:** The Trustee objects to the disclosure of any information or identification of any Documents outside the scope of relevance articulated in Federal Rule 26 and Section 4(G) of the Litigation Procedures Order ("Information Outside the Scope of Relevance").

## RESPONSES TO DOCUMENT DEMANDS AND INTERROGATORIES

**REQUEST NO. 1:**

List the name and address of every former BLMIS employee with whom you spoke about the meaning of entries on the customer statements and state the substance of what you questioned each person about and what that person told you. Produce all documents you reviewed with each such employee and all documents indicating what each person said.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it calls for Materials Prepared Post-December 11, 2008.  The Trustee will not produce and/or disclose such documents and/or information.

The Trustee further objects to this Request on the grounds that it seeks Information Outside the Scope of Relevance.  The Request calls for documents that relate to customers other than the Defendants, and such documents are neither relevant to the claims or defenses nor proportional to the needs of these Adversary Proceedings.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5.  The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings.  In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here.  In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.  For these reasons, the Trustee will not respond to this Request.

**REQUEST NO. 2:**

With respect to Madoff's and BLMIS' books and records, list every single factual error you found in those books and records including, without limitation, inconsistencies between the

deposits and withdrawals shown on the customer statements and the cancelled checks and copies of cancelled checks in the Trustee's possession.

**<u>RESPONSE</u>**:

The Trustee objects to this Request on the grounds that BLMIS' "books and records" and "errors" are vague because the Request does not specify which books and records and what kind of "errors" to which it refers.

The Trustee further objects to this Request on the grounds that it seeks Information Outside the Scope of Relevance. The Request calls for documents that relate to customers other than the Defendants, and such documents are neither relevant to the claims or defenses nor proportional to the needs of these Adversary Proceedings.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

Notwithstanding that information about other BLMIS customers is not relevant to the cases, the Trustee responds that customer statements and canceled checks are included in the Trustee's Initial Disclosure Documents and are located in E-Data Room 1. The Trustee states

pursuant to Federal Rule 33(d)(1) that Defendants may determine the response to this request for

Defendants by comparing the customer statements with the checks and that the burden of

ascertaining the information is substantially the same for either party.

The Trustee further responds that, as of the date of theses Amended Responses and

Objections, the Trustee is not aware of any errors in BLMIS's books and records with respect to

any of the Defendants' accounts relating to the cash activity or the calculation of net equity in

such accounts.

**REQUEST NO. 3:**

List every single factual error asserted by any Madoff or BLMIS customer in their

statements and produce all documents relating to such error.

**RESPONSE:**

Trustee's Response to this is the same as Trustee's Response to No. 2.

**REQUEST NO. 4:**

List every single "PW" entry on a customer statement where there is no documentary

evidence that the customer requested to receive profit withdrawals and produce all

documents relating thereto.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it seeks Information Outside the

Scope of Relevance.  The Request calls for information that relates to customers other than the

Defendants, and such information is neither relevant to the claims or defenses at issue nor

proportional to the needs of these Adversary Proceedings.  "PW" is not at issue in every

Adversary Proceeding, and to the extent that it is relevant to any specific Adversary Proceeding,

the Trustee produced the relevant customer statements as part of his Initial Disclosure

Documents.  The Trustee states pursuant to Federal Rule 33(d)(1) that Defendants may determine the response to this request by reviewing the Initial Disclosure Documents and that the burden of ascertaining the information is substantially the same for either party.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5.  The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings.  In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here.  In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

Notwithstanding that information about other BLMIS customers is not relevant to these Adversary Proceedings, the Trustee will produce a list of PW transactions that indicates whether the transaction reconciles to BLMIS bank records, customer files, or documents produced to the Trustee.  This list was made available in connection with the Trustee's Motion Affirming Treatment of Profit Withdrawal Transactions, ECF Nos. 10660-10664, attached as Exhibit 7 to the Declaration of Lisa M. Collura, ECF No. 10664.

**REQUEST NO. 5:**

If you contend that Madoff's and BLMIS' customer statements were not "permeated with fraud" with respect to the deposits and withdrawals, produce all reports and documents on which you base that conclusion.

**RESPONSE**:

The Trustee objects to this Request because it violates Local Rule 33.3(c), which prohibits interrogatories that "seek the claims and contentions of the opposing party" until after the conclusion of other discovery, unless the Court has ordered otherwise.  The interrogatory above seeks information about the Trustee's contentions.  Discovery is ongoing in most of these Adversary Proceedings, and Defendants have not sought permission from the Court to ask contention interrogatories.

The Trustee further objects to this Request to the extent that it calls for "reports and documents" that are Materials Prepared Post-December 11, 2008.  The Trustee will not produce such materials.

The Trustee also objects to the unexplained use of "permeated with fraud" with respect to the customer statements, and has no way of knowing the source of that quote.  As the Trustee has explained to both the Court and opposing counsel, it is the Trustee's position that the cash activity reflected in the BLMIS customer statements is accurate and not fraudulent.

The Trustee also objects to the Request because it seeks Information Outside the Scope of Relevance.  The Request calls for information and documents relating to thousands of other BLMIS customers.  The Trustee further responds that, with respect to the cash activity and principal transactions that affect the principal balance calculation (or net equity) in the Defendants' accounts at issue in the Adversary Proceedings, the Trustee has not identified any fraud.  Further, Defendants have not pointed out any fraud in any of the customer statements to the Trustee; nor have they pointed out any errors to the Trustee or set forth a specific, good-faith statement disputing any particular transaction.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

Finally, the Trustee objects to the extent this Interrogatory prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management orders entered in these Adversary Proceedings. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery in each Adversary Proceeding. The Trustee further notes that to the extent fact witnesses relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

**REQUEST NO. 6:**

As of the date you respond to these interrogatories, list every customer whose allowed claim has not been paid in full and state the amount of that customer's allowed claim and the amount that customer has received to date. Produce all documents from which you derived your answer. If you take the position that you cannot reveal the names of the account holders, list the

accounts by account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family investment fund; (d) an IRA account; or some other category.

**RESPONSE**:

The Trustee objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee further objects to this Request on the ground that it seeks Information Outside the Scope of Relevance and otherwise not proportional to the needs of these Adversary Proceedings, given that it calls for information relating to claimants other than Defendants.

The Trustee refers Defendants to information regarding the claims process, located on the Trustee's website at www.madofftrustee.com.

**REQUEST NO. 7:**

With respect to your most recent distribution to allowed claimants, how much did you distribute in total and how much did you distribute to each allowed claimant. Produce all documents evidencing the distribution schedule including a list of the amount paid to each claimant, showing the name of each claimant. If you take the position that you cannot reveal the

names of the account holders, list the accounts by account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a family investment fund; (d) an IRA account; or some other category.

**RESPONSE**:

The Trustee objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee further objects to this Request on the ground that it seeks Information Outside the Scope of Relevance or otherwise not proportional to the needs of these Adversary Proceedings, given that it calls for information that (i) is not relevant to the claims or defenses associated with whether the Trustee may avoid and recover the avoidable transfers from Defendants and (ii) relates to hundreds of claimants other than Defendants.

**REQUEST NO. 8:**

List the name of every customer who sold an allowed claim to a claims purchaser, the amount paid to the customer by the claims purchaser, the allowed amount of the claim, and the date of the purchase. Produce all documents from which you derived your answer.

**RESPONSE**:

The Trustee's Response to this is the same as the Trustee's Response to No. 7.

**REQUEST NO. 9:**

List every claims purchaser to whom you have made payment and state the amount, to date, that you have paid each claims purchaser.

**RESPONSE:**

The Trustee objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request on the grounds that it seeks Information Outside the Scope of Relevance. The information called for by this Request has no bearing on whether the Trustee may avoid and recover the avoidable transfers in the applicable Adversary Proceedings.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

**REQUEST NO. 10:**

Provide a list of every allowed claim with the amount of the allowed claim. If you take the position that you cannot reveal the names of the account holders, list the accounts by

account number and indicate whether the account is (a) an individual; (b) a hedge fund; (c) a
family investment fund; (d) an IRA account; or some other category.

**RESPONSE:**

The Trustee's Response to this is the same as the Trustee's Response to No. 7.

**REQUEST NO. 11:**

For each year of Madoff's operation, state all facts on which you base your position that
Madoff did not purchase securities for his investment advisory customers and produce the
documents on which you base your position.

**RESPONSE:**

The Trustee objects to this Request on the ground it calls for Materials Prepared Post-
December 11, 2008, as well as information derived therefrom. The Trustee will not produce
and/or disclose such documents and/or information.

The Trustee further objects to this Request on the grounds that it prematurely seeks to
have the Trustee disclose expert materials well in advance of the deadline for disclosure of this
information as provided in the Court-approved case management order entered in these
Adversary Proceedings. The Trustee will supplement his productions with additional documents
considered by his experts, if any, following submission of their expert reports during expert
discovery in the respective Adversary Proceedings. The Trustee further notes that to the extent
fact witnesses relied on by the Trustee may also qualify as expert witnesses pursuant to Federal
Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings.

The Trustee states that an analysis of BLMIS's books and records reflect that no securities were purchased by the investment advisory business unit. The Trustee has already or will, in accordance with the operative case management orders for each adversary proceeding, serve a report prepared by the Trustee's expert, Bruce Dubinsky, dated August 20, 2013, which contains a detailed analysis of these records. A list of all documents considered by Mr. Dubinsky has been or will be disclosed with that report and the documents are located in E-Data Room 1. The Trustee further refers Defendants to the Trustee's supplemental document production made on December 16, 2016. To the extent that the Trustee's experts provide supplemental reports, they will be served on the Defendants along with any additional documents which were considered in the drafting of the report. The Trustee further refers the Defendants to E-Data Room 1, which was created to provide Defendants access to the documents upon which the Trustee will rely to establish that the investment advisory business unit did not purchase any securities. It is not proportional to the needs of these Adversary Proceedings to respond to this Request and require the Trustee to undertake any additional burden given that there are more than 5 million responsive documents in E-Data Room 1 and Defendants have not articulated whether, or a specific reason as to why, they contend that BLMIS was not a fraudulent enterprise during the relevant time period.

**REQUEST NO. 12:**

With respect to your answer to Interrogatory No. 11, list all individuals with whom you spoke concerning this issue, explaining the specific facts each such person provided and produce all documents obtained from each such person.

**RESPONSE:**

The Trustee objects to this Request on the ground it calls for Materials Prepared Post-December 11, 2008, as well as information derived therefrom. The Trustee will not produce and/or disclose such documents and/or information.

The Trustee further objects to this Request on the grounds that it prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management order entered in these Adversary Proceedings. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery in the respective Adversary Proceedings. The Trustee further notes that to the extent fact witnesses relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings.

**REQUEST NO. 13:**

List the name, address and phone number of every BLMIS employee who worked in the market-making business and in the proprietary trading business as of January 1, 2008 and explain his/her function and compensation.

**RESPONSE:**

The Trustee objects to this Request to the extent it seeks Information Outside the Scope of Relevance.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5.  The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings.  In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here.  In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee nonetheless states that approximately 4 million documents that relate to the operations of BLMIS are in E-Data Room.  The purpose of E-Data Room 1, among others, was to provide all parties access to documents relating to the operations of BLMIS on a global basis. It is not proportional to the needs of these Adversary Proceedings to respond to this Request and require the Trustee to undertake any additional burden given the accessibility of these documents.  The Trustee directs the Defendants to MADTTN0008185, located in E-Data Room

19

1, which lists the persons employed by BLMIS, to the best of the Trustee's knowledge, for a time period including January 1, 2008.  The Trustee also directs the Defendants to Bates No. FIDTAA0000166-FIDTAA0000325, located in E-Data Room 1, that contains additional information responsive to this request.

**REQUEST NO. 14:**

Explain the basis on which you determined that the Defendants have no net equity and produce the front and back of each deposit into and withdrawal from the Account and from any account which transferred funds into the Defendants' account.

**RESPONSE:**

In a meet and confer regarding virtually identical Requests served by defense counsel in a separate adversary proceeding, defense counsel clarified that this Request should state, "produce the front and back of each check deposited into and withdrawn from the Account and from any account which transferred funds into the Defendants' account."

The Trustee responds that the Trustee's expert calculated the principal balance by reviewing the Initial Disclosure Documents for each relevant adversary proceeding, which were produced to Defendants in connection with the Trustee's initial disclosures in each Adversary Proceeding.  It is not proportional to these Adversary Proceedings for the Trustee to be required to produce the backs and fronts of every check deposited into and withdrawn from Defendants' accounts and from any account which transferred funds into the Defendants' accounts when the Defendants have not set forth a specific, good-faith reason that the calculation is incorrect.

The Trustee further objects to the extent this Request prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management orders entered in these

Adversary Proceedings.  The Trustee will supplement his productions with additional documents

considered by his experts, if any, following submission of their expert reports during expert

discovery.  The Trustee further notes that to the extent fact witnesses relied on by the Trustee

may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will

identify such witnesses in expert discovery.

      The Trustee further objects to this Request to the extent service of the Requests did not

comply with Fed. R. Civ. P. 5.  The fact that the Trustee is responding to these Requests should

not be construed as an admission that the Requests were properly served.

      The Trustee further objects to this Request to the extent fact discovery has closed and/or

the Request is otherwise untimely pursuant to the operative case management order in any of the

applicable Adversary Proceedings.  In addition, the Trustee objects to this Request for the

reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which

are incorporated by reference here.  In light of the fact that the Court specifically rejected the

defendant's attempt to compel a response to this identical Request in that adversary proceeding,

no response beyond what the Trustee provided in *Wilenitz* is appropriate.

## REQUEST NO. 15:

      Explain how you intend to establish that Madoff was insolvent in each year from 1960 –

2000 and produce all documents on which you will rely to establish insolvency for each of those

years.

## RESPONSE:

      The Trustee objects to the extent this Interrogatory prematurely seeks to have the Trustee

disclose expert materials well in advance of the deadline for disclosure of this information as

provided in the Court-approved case management orders entered in these Adversary

Proceedings. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery. The Trustee further notes that to the extent fact witnesses relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee intends to put forth an expert on the insolvency of BLMIS. The Trustee has already or will, in accordance with the operative case management orders for each adversary proceeding, serve a report prepared by the Trustee's expert, Bruce Dubinsky, dated August 20, 2013, which contains a detailed analysis of BLMIS's insolvency. A list of all documents considered by Mr. Dubinsky has been or will be disclosed with that report and the documents are located in E-Data Room 1. The Trustee further refers Defendants to the Trustee's supplemental document production made on December 16, 2016. To the extent that the Trustee's experts

provide supplemental reports, they will be served on the Defendants along with any additional documents which were considered in the drafting of the report.

**REQUEST NO. 16:**

Provide the gross trading volume by both number of shares traded and total dollar volume for each year of Madoff's operation, broken down by (a) investment advisory business (b) proprietary trading business; and (c) market making business. Produce the documents on which you base your responses.

**RESPONSE:**

The Trustee objects to this Request because it violates Local Rule 33.3(c), which prohibits interrogatories that "seek the claims and contentions of the opposing party" until after the conclusion of other discovery unless the Court has ordered otherwise. This Request seeks information about the Trustee's contentions. Discovery is ongoing in most of these Adversary Proceedings, and Defendants have not sought permission from the Court to ask contention interrogatories.

The Trustee further objects to the extent this Request prematurely seeks to have the Trustee disclose expert materials well in advance of the deadline for disclosure of this information as provided in the Court-approved case management orders entered in these Adversary Proceedings. The Trustee intends to establish the insolvency of BLMIS through his experts. The Trustee will supplement his productions with additional documents considered by his experts, if any, following submission of their expert reports during expert discovery. The Trustee further notes that to the extent fact witness relied on by the Trustee may also qualify as expert witnesses pursuant to Federal Rule 26(a)(2)(C), the Trustee will identify such witnesses in expert discovery.

The Trustee further objects to this Request to the extent service of the Requests did not

comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should

not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or

the Request is otherwise untimely pursuant to the operative case management order in any of the

applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the

reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which

are incorporated by reference here. In light of the fact that the Court specifically rejected the

defendant's attempt to compel a response to this identical Request in that adversary proceeding,

no response beyond what the Trustee provided in *Wilenitz* is appropriate.

While the foregoing protects the Trustee from having to respond at all to this Request, the

Trustee nonetheless states that there were no securities purchased by the investment advisory

business unit, of which Defendants were customers. With respect to the proprietary trading

business and the market making business, records from BLMIS and third parties, including the

Depository Trust and Clearing Corporation, which reflect trading activity by those business units

of BLMIS, are in E-Data Room 1. The purpose of E-Data Room 1, among others, was to

provide Defendants the documents upon which the Trustee relies to establish that no trades were

being made by the investment advisory business unit and that no trades were being made by the

market making and proprietary trading business unit on behalf of customers of the investment

advisory business unit. Given the accessibility of these documents, as well as Defendants'

failure to articulate a specific reason as to whether and why Defendants contend that BLMIS was

not a fraudulent enterprise or insolvent during the relevant time period, it is not proportional to

the needs of these Adversary Proceedings to respond to this Request and require the Trustee to undertake any additional burden.

The Trustee further refers the Defendants to his document production of December 16, 2016.  In addition, the Trustee is in the process of identifying additional records related to trading activities at BLMIS prior to 2002 and, to the extent such documents are identified, they will be promptly produced to the Defendants and uploaded to E-Data Room 1.

**REQUEST NO. 17:**

Provide the number of employees who worked in each of the trading areas set forth in interrogatory # 17 for each year of Madoff's operations and produce the documents on which you base your responses.

**RESPONSE:**

The Trustee's Response to this is the same as Trustee's Response to No. 13.

**REQUEST NO. 18:**

For each security listed on the Defendants' account statements for each year from 1982 on, set forth the number of shares of the listed companies' stock that BLMIS held at that time; and, if the stock was specified as belonging to a particular customer, specify the customer and the number of shares shown on BLMIS' records as being owned by that customer. Produce the documents on which you base your responses.

**RESPONSE:**

The Trustee objects to this Request to the extent service of the Requests did not comply with Fed. R. Civ. P. 5. The fact that the Trustee is responding to these Requests should not be construed as an admission that the Requests were properly served.

The Trustee further objects to this Request to the extent fact discovery has closed and/or the Request is otherwise untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings. In addition, the Trustee objects to this Request for the reasons stated at the May 17, 2016 hearing in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, which are incorporated by reference here. In light of the fact that the Court specifically rejected the defendant's attempt to compel a response to this identical Request in that adversary proceeding, no response beyond what the Trustee provided in *Wilenitz* is appropriate.

The Trustee states pursuant to Federal Rule 33(d)(1) that Defendants may determine the response to this request for Defendants by comparing the DTCC records in E-Data Room 1 with the Initial Disclosure Documents and that the burden of ascertaining the information is substantially the same for either party.

The Trustee further refers the Defendants to his document production of December 16, 2016. In addition, the Trustee is in the process of identifying additional records related to trading activities at BLMIS prior to 2002 and, to the extent such documents are identified, they will be promptly produced to the Defendants and uploaded to E-Data Room 1.

**AS TO OBJECTIONS:**                                **BAKER & HOSTETLER LLP**

Dated:  January 13, 2017
            New York, New York

By:      */s/ Nicholas J. Cremona*
          ――――――――――――――――――――
          David J. Sheehan
          Email:  dsheehan@bakerlaw.com
          Nicholas J. Cremona
          Email:  ncremona@bakerlaw.com
          **BAKER & HOSTETLER LLP**
          45 Rockefeller Plaza
          New York, New York 10111
          Telephone: 212.589.4200
          Fax: 212.589.4201

          *Attorneys for Irving H. Picard, Trustee for*
          *the Substantively Consolidated SIPA*
          *Liquidation of Bernard L. Madoff*
          *Investment Securities LLC and the Estate*
          *of Bernard L. Madoff*

## VERIFICATION

STATE OF NEW YORK    )
                         )
COUNTY OF NEW YORK  )

      I, Irving H. Picard, as the Court-appointed Trustee of the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, hereby state that the foregoing Amended Responses and Objections to Interrogatories ("Interrogatory Responses") have been assembled and prepared by my counsel. I sign for purposes of being bound by the foregoing Interrogatory Responses, but further state that as the Trustee, I have no personal knowledge of the facts and information herein. The Interrogatory Responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily are limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these Interrogatory Responses. Consequently, I reserve the right to make changes to the Interrogatory Responses if at any time it appears that an error or omission has been made therein or if additional or more accurate information becomes available.

Dated:   *January 12*, 2017

                                        _Irving H. Picard_
                                        Irving H. Picard

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 13th day of

January, 2017 by electronic and first class mail upon the following:

Helen Davis Chaitman
CHAITMAN LLP
465 Park Avenue
New York, NY 10022
Email: hchaitman@chaitmanllp.com


/s/ Cara McGourty
*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

**Appendix A**

**E-Data Room 1**

**E-Data Room 1**

The following documents are contained in E-Data Room 1:

- Documents related to BLMIS's financial condition;

- Documents related to BLMIS's operations, including the Ponzi scheme;

- BLMIS customer monthly account statements;

- Other BLMIS internal records;

- Transfers of money to, from and within BLMIS; and

- BLMIS's regulatory disclosures.

The documents and data in E-Data Room 1 are organized generally by source, then document type. Some included categories are:

- BLMIS customer monthly account statements and ledgers;

- Data and reports from various electronic sources;

- BLMIS documents and work papers;

- Operational documents;

- FINRA documents;

- Certain documents received from the SEC;

- Some public documents such as plea allocations; and

- Certain hard-copy documents collected from the three floors in the Lipstick Building and BLMIS's off-site storage locations.

E-Data Room 1 is set up as indicated in the following screenshots (rev. 12/5/2015):













**Appendix B**

**BLMIS Searchable Database**

## Repositories in the BLMIS Searchable Database

- Active email;
- Active desktops;
- Certain backup data;
- Other hard drives on the 17th floor of the Lipstick Building, including the 17th floor file share; and
- Certain hard-copy account documents from the 17th floor, 18th floor, 19th floor and the basement of the Lipstick Building and off-site storage

## Custodians in BLMIS Searchable Database — Where Identifiable (rev. 12/5/2015)

| EMPLOYER | EMPLOYEE NAME | POSITION |
|---|---|---|
| BLMIS | Abend, Reed | Trader Assistant / OTC Trader |
| BLMIS | Allen, Garrett K. | Trading Asst |
| MSIL | Allen, Peter | Former MSIL Director, Consultant |
| BLMIS | Anderson, Semone G. Blair | Clerk / Annette Dept |
| PRIMEX-1YV, PRIMEX-3HV | Anselmo, Michael J. | Management |
| BLMIS | Arbitrario, Maurice | Network Engineer |
| BLMIS | Arroyo, Richard | Research Assistant, Customer Service (Systems) / A/E |
| BLMIS | Astuto, Toniann | Admin Asst |
| BLMIS | Barutcuoglu, Zafer | |
| BLMIS | Batalion, Sally | |
| BLMIS, MADOFF BROKERAGE & TRADING TECHNOLOGIES | Benetar or Benatar, Michael | Manager |
| BLMIS, PRIMEX-1YV, PRIMEX-3HV | Berkowitz, Herman David | Lawyer, Admin |
| BLMIS | Berkowitz, Peter | Asst Trader / Proprietary Trader |
| COHMAD SECURITIES | Berman, Stanley M. | Broker |
| BLMIS | Birch, Lawrence (Larry) | Sales & Marketing / Client Services |
| BLMIS | Bongiorno, Annette (Argese) | Admin Asst / Secretary / Manager |
| N/a | Bongiorno, Rudy | |
| BLMIS | Bonventre, Daniel | Auditor, Director of Operations |
| BLMIS | Bonventre, John R. | Investment Banking / Clerical / Back Office |
| BLMIS | Bonventre, Peter | Asst Trader |
| BLMIS | Brown, Clive A. | Administration |
| BLMIS | Bruttomesso, Garrett L. | Trader / Proprietary Trader |
| COHMAD SECURITIES | Buccellato, Rosalie | Clerk |
| | Buchanan, Leanne | |
| BLMIS | Buchmueller, Elizabeth | Admin |
| MSIL | Byrom, Matt | Trader |
| BLMIS | Cacas, Eduardo (Ed) Jr. | Business Systems Analyst |
| BLMIS | Camvycis, Thomas | Trader / Proprietary Trader |
| BLMIS | Cancemi, Joann | |
| BLMIS | Caputo, Richard | Network Admin |
| BLMIS | Cardile, Robert | Trader / Systems Analysts |
| BLMIS | Carlson, David | Trader, Admin / Proprietary Trader |
| BLMIS | Carrero, David | Trader, Admin |
| BLMIS, MADOFF BROKERAGE & TRADING TECHNOLOGIES LLC, PRIMEX TRADING | Casanova, Alberto C. (Al) | BLMIS-Management, Primex-Co-Manager |
| BLMIS, PRIMEX-3HV | Chen, Terrence (Xi) | Developer |

| | | |
|---|---|---|
| BLMIS | Clarke, Prunella D. | Admin / Housekeeping |
| BLMIS | Cohn, Leon | Analyst |
| COHMAD SECURITIES | Cohn, Marcia B. | VP-Retail Brokerage |
| BLMIS, COHMAD SECURITIES | Cohn, Maurice Jay (Sonny) | Analyst |
| BLMIS | Colin, Stephani R. | Admin Asst |
| BLMIS | Collado, Ralph | Facilities Mgr |
| BLMIS | Collins, Richard (Rich) | Facilities Mgr |
| BLMIS | Concepcion, Darlene R. Coleman | Secretary, Clerk |
| BLMIS | Connelly, Andrew B. | Comm Tech |
| MSIL | Conway, Simon | |
| BLMIS | Cooper, Jeffrey M. | Asst Trader |
| BLMIS | Copersino, Albert S. | Proprietary Trader |
| BLMIS | Cotellessa-Pitz, Enrica | Controller |
| BLMIS | Coughlin, Edward (Ed) T. | Trader, Management |
| BLMIS | Crupi, JoAnn (Jodi) | Clerical / Manager |
| BLMIS | Curcione, Louis J. III | Trader |
| BLMIS | Cutroneo, Kenneth R. | Asst Trader |
| MSIL | Dale, Christopher (Chris) | Executive Director |
| BLMIS | Damiba, David E. | Proprietary Trader |
| BLMIS | De Lisi or Delisi, Frederick (Fred) | Communications Tech |
| MSIL | Deadman, Peter | Trader |
| BLMIS | Dee, Daniel | Trader |
| BLMIS | Delgado, Iris V. | Administration |
| PRIMEX-3HV | DeMaso, Christopher M. (Chris) | Sales |
| BLMIS | DiPascali, Frank | Manager |
| BLMIS | Distenfeld, Eric Jay | Portfolio Manager |
| BLMIS | Dolinsky, Craig | Trader / A/E |
| BLMIS | Dubler, Scott A. | Proprietary Trader |
| BLMIS | Duffy, Daniel | Listed Trader |
| MSIL | Dupont, Gregoire | |
| BLMIS | Eckhaus, Daniel (Dan) | Systems |
| BLMIS | Eisen, Barry | |
| BLMIS | Esbenshade, Zi Yah | A/E |
| BLMIS | Eversley, Nicholas C. | Programmer |
| BLMIS | Falcone, Robert | Comp Prog |
| BLMIS | Feld, Anthony C. | Proprietary Trader |
| BLMIS | Feng, Charles | Trader |
| BLMIS | Feng, Karl | Assistant Trader |
| MSIL | Fenwick, Julia | Business & Systems Manager |
| BLMIS | Ferraro, Jeffrey (Jeff) | Operations Manager / Back Office |
| BLMIS | Ferraro, Marc | Securities Trader / Back Office / Clerical |
| BLMIS | Flax, Elana Y. | Trader |
| MSIL | Flax, Leon | Executive Director, Director-Finance |
| BLMIS | Fleischman, Barry | Trader / ROBO |
| BLMIS | Fleming, Junior Antonio | Driver, Special |
| BLMIS | Flores, Enrique (Rick) | Senior Order Clerk / Systems Analysts |
| BLMIS | Fong, Kevin | Sr. Software Engineer |
| MSIL | Foster, Adam | |
| MSIL | Frachet, Gilles | Trader |
| BLMIS | Fraga, Carlos | Systems |
| BLMIS | Friedman, Ari | Marketing |

| | | |
|---|---|---|
| BLMIS | Friedman, Steven D. (Steve) | Prop Trader |
| BLMIS | Fuller, Tracey L. | Admin |
| BLMIS | Fullerton, Stephanie H. | Lotus Notes Sys. Admin |
| BLMIS | Garcia, Patricio (Pat) | |
| BLMIS, COHMAD SECURITIES | Garcia, Vincent J. | Client Services |
| BLMIS | Gatoff, Danna Beit-Halachmy | |
| BLMIS | Gavlik, Margaret Washburn | Trader, Management |
| MSIL | George, Alastair | Trader |
| BLMIS | Glassman, Brett T. | Asst Trader / Proprietary Trader |
| BLMIS, MADOFF BROKERAGE & TRADING TECHNOLOGIES | Glazer, Michael | Programmer |
| BLMIS | Goldman, Mark S. | Equities Trader |
| BLMIS | Graves, William | Analyst, Trader |
| BLMIS | Green, Ari | Analyst |
| COHMAD SECURITIES | Greenberg, Jonathan B. | Trader |
| MSIL | Grice, Dylan | Trader (still on probation) |
| BLMIS | Gross, Jason M. | Technical Support, Systems |
| BLMIS | Gutman, Robert A. | Proprietary Trader |
| BLMIS | Gutzwiller, Mark G. | Prop Trader |
| MSIL | Hagnesten, Marcus | Trader |
| MADOFF BROKERAGE & TRADING TECHNOLOGIES | Hakker, Martin II | Business analyst |
| BLMIS | Hemrajani, Haresh C. | Computer Tech, Programmer |
| MSIL | Henchey, James | Trader |
| BLMIS | Hendell, Scott | Stock Loan Clerk, Messenger |
| BLMIS | Hoffman or Hoffmann, Brian C. | Trader |
| BLMIS | Hooey, Rolland C. Jr. (Ron) | Traders Assistant / ROBO |
| BLMIS | Horwitz, Daniel A. | Proprietary Trader |
| MSIL | Hughes, Marcus (Marc) | Trader |
| MSIL | Hui, Ying-Ting (William?) | Accountant |
| BLMIS | Hutchinson, Kenneth R. (Kenny) | Programmer |
| BLMIS, PRIMEX TRADING | Ibrahim, Nader | Computer Support |
| BLMIS | Imbruce, Gregg | Proprietary Trader |
| BLMIS | Jackson, Winifier P. (Winnie) | Bookkeeping, Clerk / Annette Dept |
| BLMIS | Jacobson, Jeffrey H. (Jeff) | Assistant Trader / Proprietary Trader |
| COHMAD SECURITIES | Jalon, Cyril D. | Account Executive |
| BLMIS | Jimenez, Anthony | Systems, Technician |
| BLMIS | Joel Burger, Amy | Back Office / Clerical |
| BLMIS | Jones, Belle M. | Admin, Acct Mgr |
| BLMIS | Jones, Richard P. | Trader / A/E |
| BLMIS | Jorgenson, George | Comm. Specialist |
| BLMIS | Kanning, Robert Keith | Assistant Trader / OTC Trader |
| BLMIS | Kay, Stephen | Sales |
| BLMIS | Kelly, Edward M. (Ted) | Customer Service |
| BLMIS | Kelly, John P. | A/E Desk, Customer Service / Client Services |
| BLMIS | Khan, Dorothy | Clerk, Data Entry / Annette Dept |
| BLMIS | King, Seon A. | Storage Clerk |
| BLMIS, MADOFF BROKERAGE & TRADING TECHNOLOGIES LLC | Knapp, Brian | Quality Assurance |
| BLMIS | Koneru, Rajeth | PC Support |
| BLMIS | Koster, Deborah T. | IT Manager, Technician |
| BLMIS | Kramer, Kenneth B. | Trader |

| | | |
|---|---|---|
| PRIME-1YV, PRIMEX-3HV | Kugel, Craig Ian | Management |
| BLMIS | Kugel, David L. | Trader, Manager |
| COHMAD SECURITIES | Kurzrock, Morton D. | Account Executive |
| BLMIS | Lanier, Adam K. | Systems Administrator |
| BLMIS | Larsen, Jean | Receptionist |
| | Lee, Andrew | |
| BLMIS | Lenaghan, Jonathan Thomas | Quant. Analyst, Software Programmer |
| BLMIS | Lipkin, Eric S. | Human Resources, Accounting / Systems Analyst, 401k Administrator, Office & Clerical |
| BLMIS | Lippitt, Matthew | Trader |
| PRIMEX-1YV, PRIMEX-3HV | Loman, Helaine B. | Analyst |
| BLMIS | Lorenzo, Andrew J. | NASDAQ Trader |
| MSIL | Lyons, Stephen (Steve) | Trader |
| BLMIS | Madoff, Andrew H. | Director of Prop Trading |
| BLMIS | Madoff, Bernie | Chairman |
| BLMIS | Madoff, Mark D. | Trader |
| BLMIS | Madoff, Peter B. | Sr. Managing Director |
| N/a | Madoff, Ruth | |
| BLMIS | Madoff, Shana Swanson Skoller | In-house counsel, Management |
| BLMIS | Magnus, Dumarsais | Admin, Filing |
| BLMIS | Marasa, Gaetano (Guy) | Computer technician, network engineer |
| BLMIS?, MSIL? | Marshall, Tony | |
| BLMIS | Mastrangelo, Ralph A. | Computer, Systems |
| BLMIS | Matthews, Jay E. | Asst Trader |
| BLMIS, PRIMEX TRADING | Mayer, Leonard | Admin / Management |
| BLMIS | McGoldrick, John | Trader |
| BLMIS | McGuire, Kevin T. | Proprietary Trader |
| BLMIS | McMahon, Robert | Systems |
| BLMIS | Mehta, Neilay K. | Proprietary Trader |
| BLMIS | Meyer-Mitchell, Merlin | ROBO |
| BLMIS | Michalowski, Richard | Asst Trader |
| BLMIS | Mortenson, Lisa N. | |
| BLMIS | Moses, Michael | Systems |
| BLMIS | Moy, Peter | Engineer, Systems |
| BLMIS | Mui, Alethea | Computer operator, clerical / Annette Dept |
| BLMIS | Nabile, Walid | Technical support, Systems |
| BLMIS | Nano, Glenn A. | Proprietary Trader |
| MSIL | Newing, John | Trader |
| BLMIS | Nunez, Raphael or Rafael | System operator |
| BLMIS | Nunez, William A. (Rodriguez) | Clerk, Systems Operator |
| BLMIS | O'Hara, Jerome T. (Jerry) | Systems analyst |
| BLMIS | Ortiz, Magdalena (Maggie) | Back Office / Clerical |
| BLMIS | O'Toole, Elizabeth (Liz) Tramontano Gocs | A/E |
| BLMIS | Padala, Matthew J. | Client Services |
| BLMIS | Parker, Raymond H. | |
| BLMIS | Peacock, John Pyper, III | Comm. Mgr |
| BLMIS, PRIMEX-1YV, PRIMEX-EHV | Pechatnikov, Yefim | St. Software Developer, Computer programmer |
| MSIL | Pengelly, Charis | Compliance Assist |
| BLMIS | Pennachio, Daniel P. (Dan) | Management / Back Office / Clerical |

| | | |
|---|---|---|
| BLMIS | Perez, George | Programmer analyst / Systems Analysts |
| BLMIS | Perez, Raul G., Jr. | Asst Trader / Client Services |
| BLMIS | Persaud, Sharda Semboo | Clerical |
| BLMIS | Pitt, David A. | Asst Trader |
| BLMIS | Quatrone, Jennifer | Asst Trader |
| BLMIS | Raghunauth, Asha | Clerical |
| COHMAD SECURITIES | Raghunauth, Martha Linda | Secretary |
| MSIL | Raven, Stephen | Executive Director, CEO |
| BLMIS | Reardon, Erin | Asst acct mgr, clerical / Systems Analysts |
| BLMIS | Revels, Matthew | |
| BLMIS | Ringelstein, Daniel August (Danny) | Trader |
| BLMIS | Rosenberger, Jamie Lynn | Proprietary Trader |
| BLMIS | Ross, Richard S. (Rich) | Asst Trader |
| BLMIS | Sanchez, Frankie | Systems technician |
| BLMIS | Sara, B. John Eden | Asst Trader |
| | Savill, Stephen | |
| | Schanker, Herbert | |
| BLMIS | Scharlop, Benjamin H. (Ben) | Programmer technician |
| BLMIS | Schwartz, Robert S. (Bob) | Technician |
| BLMIS | Schwartz, Robin S. | Stock Trader, Listed Trader |
| BLMIS | Shapiro, Stanley | Sales, Analysis, Trader |
| BLMIS | Shaps, Ryan M. | PNS, Back Office / Clerical |
| BLMIS | Sharr, Henry H. | Developer, Oracle DBA, Systems |
| BLMIS | Shaw, Christopher Riley (Chris) | Proprietary Trader |
| BLMIS | Shen, Hong (Sam) | Technician, Systems |
| BLMIS | Sheredos, Robert Y. (Bob) | Computer programmer, Systems |
| BLMIS | Sibbley, Errol C. | Special |
| MSIL | Slater, Annabel | Receptionist |
| BLMIS | Smith, Jeremy Iain | Proprietary Trader |
| BLMIS | Sobel, Richard G. (Rick) | Lawyer |
| BLMIS | Solomon, Elaine R. Covell | Secretary |
| BLMIS | Sondike, Brett A. | Sales / A/E |
| BLMIS | Squillari, Eleanor Plaia | Assistant, Secretary |
| BLMIS | Sroka, Heath B. | Trading Asst / Proprietary Trader, Sales |
| BLMIS | Stampfli, Joshua R. (Josh) | Trader / ROBO |
| MSIL | Stevenson, Malcolm | Executive Director |
| BLMIS | Suazo, Joseph H. (Joe) | Senior Programmer |
| BLMIS | Sullivan, Stefanie A. | Systems |
| BLMIS | Sutton, Kurt E. | Jr. Analyst, Trader |
| BLMIS | Tannenbaum, Michael | Research Assoc. |
| BLMIS | Taratunio, Deborah A. (Debi) | Manager / A/E |
| MSIL | Thomas, Leanne | Settlements Supervisor |
| BLMIS | Tiletnick, Peter G. | Intern A/E, Systems, Trader / Assistant Trader |
| BLMIS | Tiletnick, Walter | Clerk, Management |
| BLMIS, MSIL | Toop, Philip John (Phil) | Securities Trader, Executive Director-MSIL |
| BLMIS | Torres, Elvis R. | Computer Operator |
| BLMIS | Trensky, Michael L. | Trader |
| BLMIS | Tringali, Barbara | Back Office / Clerical |
| BLMIS | Tsinkelis, John E. | Unix Administrator |
| BLMIS | Tsuchida, Kathryn | Researcher/ Proprietary Trader |

| | | |
|---|---|---|
| MSIL | Tunak, Kevin | Computer Consultancy |
| FRANJEAN AT SEA LTD | Tuvyman, Christopher | |
| BLMIS | Vaccaro, Andrew | Asst Trader |
| MSIL | Verde, Francesco | Trader |
| BLMIS | Vicinelli, Paolo A. | Proprietary Trader |
| BLMIS | Viggiano, Paul L. | Market Maker |
| MSIL | Vines, Tim | Operations & Settlements Manager |
| BLMIS | Voigt, Hendrik M. | Asst Trader / Proprietary Trader |
| BLMIS | Vollerston or Vollersten or Vollertsen or Vollertsten, Joshua | Trader Assistant |
| BLMIS | Ward, Laurence Curtis (L. Curtis) | Asst Trader / Proprietary Trader |
| BLMIS | Watkins, Michella L. | Admin / Back Office / Clerical |
| BLMIS | Weber, Robert J. (Bobby) | Clerical / Cage |
| BLMIS | Weintraub, Elizabeth (Liz) | Head of Information Technology |
| BLMIS | Westhuis, Kathryn M. (Kate) | Assistant Trader |
| BLMIS | White, Charlene D. | Data Entry Operator / Back Office / Clerical |
| BLMIS, PRIMEX TRADING | Wiener or Weiner, Charles | Stock Broker / Management, Director of Administration |
| BLMIS | Wong, William W. | Proprietary Trader |
| MSIL | Wood, Amber | Compliance Officer |
| BLMIS | Yeh, Richard Cheng-I | Quantitative Analyst, Software Developer |
| MSIL | Yelsey, Neil D. | Trader |
| BLMIS | Yelsey, Neil D. | Proprietary Trader |
| BLMIS | Zachar, Ned P. | Proprietary Trader |
| BLMIS | Zelenko, Vladimir | Software Developer |
| | Zhang, BaoShan (Johnny) | |
| PRIMEX-1YV | Zhang, Xiaoling (Heather) | Computer Systems Analyst |
| BLMIS | Zheng, Xing | Sales / ROBO |

# Appendix C

# SQL Databases

## Structured Query Language ("SQL") Databases

The sources of data loaded into the SQL Databases include, without limitation:

- StorQM Optical Storage Device: BLMIS used the StorQM application to store historical customer records from December 1995 through November 2008, which include, but are not limited to, Customer Statements and Portfolio Management Reports ("PMRs").

- Microfilm reels: BLMIS used this storage medium for historical customer records, which include, but are not limited to Customer Ledgers and PMRs as well as Portfolio Management Transaction Reports ("PMTs").

- Spiral notebooks: BLMIS personnel recorded cash deposits and withdrawals in handwritten stenographic (spiral-bound) notebooks relating to certain customer accounts. Spiral notebooks were identified for the periods from April 1985 through September 1990, and August 1991 through November 1994.

- BLMIS's bank records, from various banks, including monthly bank statements, check images, wire transfer records, and deposit slips.

- House 17 AS/400 System: This is the computer system that the BLMIS's Investment Advisory Business used to manage customer accounts and generate Customer Statements.

- House 5 AS/400 System: This is the computer system that the BLMIS Market Making and Proprietary Trading businesses used to track and report trading and position information.

- House 17 Backup Tapes: These tapes were created in the normal course of business at BLMIS and contain historical and contemporaneous purported customer activity and customer records from the House 17 AS/400 System.

- House 5 Backup Tapes: These tapes were created in the normal course of business at BLMIS and contain historical and contemporaneous backups of the trading and position records from the House 5 AS/400 System.

- Madoff Securities International Ltd. historical trading and position records.

- Electronic files recovered from BLMIS employee computers and network folders.

- Electronic files recovered from BLMIS's Network Accessed Shares ("NAS").

- Cohmad Cash Database.

- Bloomberg Instant Messaging: Instant messages passed between House 5 traders.

- BLMIS phone logs from Avaya and BlackBerry.

- Security swipe data of employees and visitors from the Lipstick Building.

- Reporting data from the Depository Trust & Clearing Corporation ("DTCC").

- Reporting data from the Options Clearing Corporation ("OCC").

- Bloomberg Market Data.

- Data from the Center for Research in Security Prices ("CRSP").

- Data from the Chicago Board Options Exchange ("CBOE").