

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ROBERT A. RICH
DIRECT DIAL: 212-309-1132
EMAIL:  rrich2@hunton.com

February 2, 2017

FILE NO:  99997.032244

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

   Re: Pre-Motion Request Pursuant to L.R. 7007-1(b) Regarding Expert Discovery
      *Picard v. Edward A. Zraick Jr., et al.* (Adv. Pro. No. 10-05257)

Dear Judge Bernstein:

This firm is counsel to Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, the "Defendants") in connection with the above-referenced adversary proceeding commenced by Irving H. Picard, as Trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").  We write to request a conference with the Court pursuant to Local Bankruptcy Rule 7007-1(b) with respect to Defendants' proposed motion to extend the deadline for certain of its rebuttal expert disclosures, and to establish a uniform discovery and briefing schedule regarding the extent of BLMIS' fraudulent activity.

Defendants are individuals against whom the Trustee has alleged fraudulent transfer liability of $285,000.  On November 16, 2016, the Trustee served Defendants with four expert reports, including the 1135-page expert report of Bruce G. Dubinsky (the "Dubinsky Report").  The Dubinsky Report primarily sets forth an opinion as to the extent of the fraud at BLMIS, including an opinion that no actual trading occurred since as far back as the 1970s.

Defendants intend to submit expert and other testimony demonstrating this opinion to be groundless, and that BLMIS held and traded securities for customer accounts for decades. This is an issue critical for this adversary proceeding and all similarly-situated adversary proceedings for which cause exists to extend the discovery process.

After a conference held on December 29, 2016, the Court allowed Defendants until the date hereof to coordinate with counsel for similarly-situated defendants for purposes of engaging a rebuttal expert and producing a report.  Each adversary proceeding is moving along a different



Honorable Stuart M. Bernstein
February 2, 2017
Page 2

case management schedule, making such coordination difficult.  Defendants therefore identified and, as of this writing, are finalizing the retention of their own expert in an effort to produce a rebuttal report as quickly as possible.  We respectfully request that the Court extend the deadline for disclosure of this rebuttal expert.

Further, given the importance of this issue to all related adversary proceedings, and because we understand that all documents relevant to this issue have not yet been produced,[1] Defendants submit that cause exists to establish a uniform schedule by which parties in all related adversary proceedings may conduct discovery and submit briefing.

Defendants have conferred with counsel for the Trustee and the Trustee does not consent to the requested relief.  Pursuant to Local Bankruptcy Rule 7007-1(b), Defendants respectfully request a conference with the Court.

Respectfully submitted,

Robert A. Rich

cc: Maximillian S. Shifrin, Esq. (BakerHostetler)
    (via ECF and Electronic Mail)

---

[1] On February 1, 2017, Defendants served on the Trustee a request for production of BLMIS trading records that never were included in the Trustee's "E-Data Room" or otherwise produced.  Defendants submit that such documents should have been produced earlier in this proceeding.  Further, Defendants timely requested an extension of the fact discovery deadline for purposes of this issue, and await a conference with the Court.  *See LR 7007-1(b) Letter Requesting Pre-Motion Conference with the Court* [D.N. 60].