# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

February 6, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Edward A. Zraick Jr., et al., Adv. Pro. No. 10-05257 (SMB);*

Dear Judge Bernstein:

        We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively
consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the
Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L.
Madoff.  We write in response to Defendants' February 2, 2017 letter requesting another
extension of the rebuttal expert disclosure deadline and the establishment of a case-wide
discovery and briefing schedule to address the fraud at BLMIS.

        Defendants' gamesmanship is now undeniable.  On the heels of their previous eleventh-
hour request for an extension of the rebuttal expert deadline, which was filed on the date their
rebuttal expert report was due, Defendants now request an extension identical to the one
previously granted by this Court.  Only this time, their last-minute letter—yet again filed exactly
on the deadline for disclosure of their rebuttal expert report[1]—is accompanied by two additional
requests: a request for production of documents and the establishment of a uniform "discovery
and briefing schedule" to address the fraud at BLMIS.  Both requests are completely untimely—
fact discovery in this case closed on August 26, 2016 (but for the limited purpose of Defendants'
participation in the deposition of Bernard Madoff), and expert discovery closed on January 16,
2017.  More importantly, however, the requests demonstrate that Defendants' multiple attempts
to extend the rebuttal expert deadline have been a pretext for Defendants' ultimate objective: an

---

[1] The Court extended the rebuttal expert deadline 30 days from Defendants' receipt of the Madoff deposition
transcript. The Trustee provided the Madoff transcript to defense counsel on January 3, 2017, and thus the new
rebuttal expert disclosure deadline was extended until February 2, 2017.

abandonment of the operative case management order altogether and a second bite at the apple with respect to discovery.

None of this was contemplated by the Court at the December 29, 2016 Chambers conference, where the Court recognized the Trustee's objections and gave Defendants a limited 30-day extension of the long-known deadline to disclose their rebuttal experts and provide a report. As the Court may recall, the purported basis for the first extension request was that Bernard Madoff's recent deposition testimony provided new grounds for rebutting Bruce G. Dubinsky's expert report. Despite skepticism of Defendants' arguments—and only after defense counsel represented to the Court that he had already identified his expert to rebut Mr. Dubinsky and that his expert was already reviewing Mr. Dubinsky's report—the Court agreed to a limited 30-day extension.[2]  No other dates on the case management order were extended, no additional discovery or uniform fraud procedures were discussed, and the parties' communications after the Chambers conference reflect this basic understanding.[3]

Moreover, it is clear from the February 2 letter that defense counsel's representations to the Court in Chambers on December 29, upon which the extension was presumably granted, were not accurate. In the fourth paragraph of the letter, defense counsel reveals that his rebuttal expert has only been identified, and has not even been retained. Counsel also suggests that the Court gave Defendants until February 2, 2017 to "coordinate with counsel for similarly-situated defendants for purposes of engaging a rebuttal expert and producing a report." To the contrary, the Court extended the deadline for these Defendants to produce their rebuttal expert report, not to coordinate with other counsel with different discovery schedules over an indeterminate time period. Defense counsel also states in the letter that "each adversary proceeding is moving along a different case management schedule, making such coordination difficult," and that they are now seeking to produce a rebuttal report at some undisclosed time in the future. This is at odds with both the representations made in Chambers and the Court's previous recognition that these cases cannot proceed at the pace of the slowest case.

Based on the statements in their own letter, it is obvious that Defendants knew far in advance of the already-extended rebuttal deadline that they had not even retained an expert, let alone would they timely produce a rebuttal report to the Trustee. With each shoestring delay, the Defendants have taken full advantage of the time periods, effectively granting themselves extensions of time, and then they seek Court intervention at the last minute. Defendants'

---

[2] That representation is further evidenced by the attached email exchange between counsel for the Trustee and the Defendants, in which we requested the name of the rebuttal expert regarding Mr. Dubinsky's report based on defense counsel's statements in Chambers. Our request was rejected, with defense counsel stating that he would only reveal that information on the date required. *See* Exhibit A. That date came and passed on February 2, 2017.

[3] Two days after the Chambers conference, and just sixteen days prior to the close of expert discovery, on December 31, 2016, Defendants served notices of deposition for two of the Trustee's testifying experts, Matthew B. Greenblat and Lisa M. Collura. Because Defendants would not advise the Trustee whether they intended to disclose experts to rebut both Ms. Collura and Mr. Greenblat, the Trustee could not make Mr. Greenblat or Ms. Collura available for their depositions until Defendants either served their rebuttal reports or confirmed they would not be doing so. *See* Exhibit A. Under this limited circumstance, counsel for the Trustee agreed that a deposition of Mr. Greenblatt or Ms. Collura occurring after that date would be deemed timely. *Id.* However, Defendants did not disclose any experts to rebut Mr. Greenblat and Ms. Collura by the extended deadline, and thus Defendants were able to unnecessarily extend their time to take the noticed depositions.

untimely discovery requests, and separate request for a case-wide fraud proceeding, make their motivations all the more clear.  Given that the fact and expert discovery periods are, for all intents and purposes, closed in this case, Defendants are in no position to request a uniform and case-wide fraud proceeding, nor to serve any additional discovery requests.

The Trustee submits that Defendants should not be rewarded with another chance at discovery after ignoring the relevant case deadlines, including the extended rebuttal expert deadline granted by this Court.  As such, the Trustee respectfully requests that the Court deny the requested relief—all of which has reinforced the Trustee's longstanding belief that Defendants are only interested in restarting their discovery clock and delaying the Trustee's prosecution of this case as much as possible.

Respectfully submitted,

*s/Keith R. Murphy*

Keith R. Murphy
Partner

cc:  Robert A. Rich
     Hunton & Williams LLP
     200 Park Avenue
     New York, New York 10166