

Lax & Neville llp

Barry R. Lax
Brian J. Neville
Sandra P. Lahens

Robert R. Miller
Mary Grace White
Michael J. Giarrusso

of counsel
Robert J. Moses

of counsel
Janet K. DeCosta
washington, dc office

February 6, 2017

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nysb.uscourtsgov

> Re:   ***Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,*** Adv. Pro. No. 08-01789 (SMB) — ***Picard v. Shapiro, et al.,*** Adv. Pro. No. 10-05383 (SMB)

Dear Judge Bernstein,

This firm represents Defendants in the above-captioned matter. We write in response to the Trustee's January 11, 2017 Letter requesting a discovery conference with the Court pursuant to Local Bankruptcy Rule 7007-1(b). The parties have met and conferred twice by telephone regarding the Trustee's Requests for Admission and once regarding the Trustee's Requests for Production. While Defendants have suggested that the Trustee narrow and modify the Requests in order to resolve obvious breadth and relevance problems and obtain many or all relevant documents he is seeking, he has categorically refused.

With respect to Defendants' discovery "deficiencies," the Trustee's January 11 Letter makes several misrepresentations. Taking as an example the First and Second Sets of RFAs to Mr. Shapiro, which together contain 132 requests, Mr. Shapiro admitted 37, denied knowledge or information sufficient to admit or deny 38, and denied 2. Of the remaining 55, fully 45 concern either David Shapiro or Leslie Shapiro Citron in their individual capacities, are outside the 2-year avoidable period and have no relevance to any claim against any party. Indeed, the overwhelming majority of RFAs to Mr. Shapiro are concerned with individuals or entities other than Mr. Shapiro or the identification of documents signed by or relating to individuals or entities other than Mr. Shapiro, many going back several decades, which is why Mr. Shapiro lacks sufficient knowledge to respond to them.

The same holds for the RFAs to David Shapiro and Ms. Citron and the RFPs. The example given by the Trustee is a perfect illustration:

> Defendants also categorically object to many of the Trustee's requests on the ground the information or documents sought 'relate

**Lax** **Neville**
ATTORNEYS AT LAW

only to causes of action that have been dismissed' as to certain Defendants. For example, Leslie Citron objects to many requests concerning activity in Account No. 1SH030, an account held for many years by Mr. and Mrs. Shapiro as trustees of a trust Ms. Citron formed for her own benefit … The Trustee thus can seek from Ms. Citron, or any other party, discovery relevant to any pending claim, whether asserted against the responding party or another party in this proceeding.

While the Trustee "notes that a few of his requests are directed to areas which the Defendants maintain are not relevant to any claim still pending before this Court (*e.g.*, claim to avoid and recover subsequent transfers, 502(d) claim)," which he "does not intend to challenge" at this time, the vast majority of Requests (more than a dozen) regarding Account No. 1SH030 relate to subsequent transfers and other claims against Ms. Citron that have been dismissed.

The Trustee also mischaracterizes Defendants' objections: "For example, Stanley Shapiro and the other Defendants categorically object to producing any written communications with Madoff, Annette Bongiorno or Paul Konigsberg, regarding their family's accounts at BLMIS"; "Defendants likewise have refused to produce any documents relating to Mr. Konigsberg." This is disingenuous:

> All documents and communications between You or any Family Member, on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, regarding any of the BLMIS Accounts, including but not limited to notes, faxes, letters, calendar entries, emails or telephone records.

> All documents concerning Your relationship, social or otherwise, with Paul Konigsberg or any employee of Konigsberg Wolf & Co.

(Trustee's January 11, 2017 Letter, Exs. F-H at Req. 7; Ex. F at Req. 28). The first Request seeks documents dating back to the 1960s relating to a half-dozen "Family Members," defined by the Trustee's RFPs to include Stanley Shapiro, Renee Shapiro, Leslie Shapiro Citron and her spouse, David Shapiro and his spouse, and Stanley and Renee Shapiro's grandchildren. It has been served not only upon Stanley Shapiro but David Shapiro and Ms. Citron, against whom the Trustee has brought only 2-year avoidance claims. The second Request is so broad as to be meaningless and is exemplary of the Trustee's general failure to cooperate in resolving discovery issues: The Trustee's counsel refused to narrow or clarify even its request for "all documents concerning Your relationship, **social or otherwise**, with Paul Konigsberg," whom Stanley Shapiro knew for decades.

Defendants did not "categorically object" to producing "any written communications with Madoff, Anette Bongiorno or Paul Konigsberg" or "any documents relating to Mr. Konigsberg." Defendants objected to these specific Requests, as drafted, which are self-evidently overbroad and burdensome and seek a vast amount of information that is irrelevant to any claim or defense in this case. Defendants have repeatedly suggested that the Trustee narrow and more carefully define these and similar requests, to no avail.

Finally, the Trustee's argument that Defendants' objections are "boilerplate" is itself boilerplate. The Trustee's own Responses and Objections to Defendants' First Set of Requests for



Production, attached hereto at Exhibit A, not only raises the same objections but does so largely by reference to its generic general objections. As for the obligation to "specify the part [objected to] and permit inspection of the rest," Defendants are not making partial productions. The Trustee, on the other hand, gives numerous responses along these lines:

> The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing the scheme devised by Stanley Shapiro, Paul Konigsberg, and Annette Bongiorno in or about 2002, have been or will be produced in response to other Requests.

(Ex. A, Resp. 61; *see, e.g.,* 38-40, 45, 50-52, 58-67, 74-77).

Defendants' objections are specific to individual requests, a significant number of which suffer from the same defects of overbreadth and irrelevance. As the Trustee is aware, Defendants were prepared to explain each objection during the parties' meet and confer and are prepared to explain each objection during the February 7 conference with the Court. Many of Defendants' objections to the Trustee's RFAs and RFPs concern the Trustee's attempt to get discovery on claims this Court has dismissed. If, as the Trustee's letter suggests, these requests are withdrawn, the remainder could likely be resolved were the Trustee willing to narrow and clarify them.

Respectfully Submitted,

Dated: February 6, 2017
　　　　New York, New York

*/s/ Barry R. Lax*
Barry R. Lax, Esq.
Robert R. Miller, Esq.
LAX & NEVILLE LLP
1450 Broadway, 35th Floor
New York, NY 10018
Telephone: (212) 696-1999
Facsimile: (212) 566 – 4531

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-05383 (SMB) |
| v. | |
| STANLEY SHAPIRO, *et al.* | |
| Defendants. | |

**TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS**
**TO DEFENDANTS' FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO THE TRUSTEE**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et*

*seq.* ("SIPA"), and the substantively consolidate estate of Bernard L. Madoff, under Chapter 7 of

the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.*, by and through his counsel, Baker

& Hostetler LLP, hereby responds to the First Set of Requests for Production of Documents (the

"Requests") of Defendants Stanley Shapiro, Renee Shapiro, David Shapiro, Kenneth Citron, and

Leslie Citron (collectively, "Defendants").  As to those documents the Trustee herein agrees to

produce to Defendants in response to the Requests, the Trustee will commence his production on a date mutually agreed to by the parties which will be within a reasonable time of the service of these Responses.

## OBJECTIONS TO DEFINITIONS

1.     The Trustee objects to how Defendants define the terms "any" and "all" as well as "document" because their definitions are inconsistent with Local Rule 26.3(d)(1) of the United States District Court for the Southern District of New York and this Court.  The Trustee will construe any use of these terms in the Requests as they are defined by Local Rule 26.3(d)(1).

2.     The Trustee objects to how Defendants define "BLMIS" in their Requests because it incorporates people or entities that are not within the purview of the SIPA Liquidation. The Trustee also objects to Defendants including the Trustee in their definition, and Defendants' improper inclusion of persons in the definition who apparently are neither shareholders, members, officers or agents of BLMIS.  The Trustee will construe any use of "BLMIS" in the Requests as Bernard L. Madoff Investment Securities LLC as well as its predecessor, Bernard L. Madoff Investment Securities, which Madoff operated as a sole proprietorship.

## OBJECTIONS TO INSTRUCTIONS

1.     The Trustee will respond to these Requests consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of this Court, including the October 17, 2013 Order on the Third-Party Data Rooms [ECF No. 5475] ("Third-Party Data Room Order"), and the June 6, 2011 Litigation Protective Order [ECF No. 4137] ("LPO").

2.    The Trustee objects to Instruction No. 6 to the extent it calls for documents prepared or created on or after December 11, 2008 through the present, consistent with Objection No. 1 below.

## SOURCES OF DOCUMENTS RELEVANT TO THE CLAIMS AND DEFENSES IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL

1.    Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents");

2.    Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI"); and

3.    Documents produced by third parties to the Trustee during his investigation or adversary proceedings ("Third-Party Documents").

## BLMIS Documents

From the Hard-Copy BLMIS Documents and BLMIS ESI (together, "BLMIS Documents"), the Trustee created a searchable electronic database containing approximately 4.7 million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents (the "BLMIS Searchable Database").  Defendants do not have direct access to the BLMIS Searchable Database because it contains documents relating to thousands of customers, many of which are not relevant to this proceeding.  Instead, the Trustee provides all defendants in the liquidation proceedings with or access to documents as described below:

A.    **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1 from documents in the BLMIS Searchable Database as well as some Third-Party Documents. E-Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and financial records.  *See* **Appendix A** for a description of documents available to defendants in E-Data Room 1.

3

**B.**     **BLMIS Core Account Documents:** The Trustee identified and segregated BLMIS core account documents for all customers ("Core Account Documents"). These Core Account Documents include account opening agreements, correspondence to and from BLMIS, transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio Management Transaction Reports, which contain transaction history, and other documents that were specific to each account, and/or the Trustee's calculation of net equity of a particular BLMIS account.

**C.**     **Proof of Transfers:** In addition to the Core Account Documents relevant to transfers described above, the Trustee identified and segregated BLMIS bank account records that reflect transfers to customers.

**D.**     **Other Documents**: The Trustee preserved the nearly 20,000 pieces of BLMIS ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not include all such documents in the BLMIS Searchable Database. The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy disks or CDs, and broken media. In responding to document requests, the Trustee does not search for BLMIS documents outside of the BLMIS Searchable Database. The Trustee will produce additional BLMIS Documents (meaning other than those described in Paragraphs A and B) from the BLMIS Searchable Database provided that the parties agree to narrowly tailored search terms and parameters that target documents relevant to the claims or defenses and proportional to the needs of the case in accordance with Federal Rule 26(b)(1). *See* **Appendix B** for a description of sources of documents in the BLMIS Searchable Database.

## <u>Third-Party Documents</u>

Certain defendants with proper credentials have direct access to millions of Third-Party Documents in the Trustee's possession. These documents are governed by the Third-Party Data Room Order. *See* **Appendix C** for Third-Party Documents that are included in, and excluded from, the Third-Party Data Rooms.

Pursuant to Paragraph 8 of the Third-Party Data Room Order, "By making the Third-Party Documents available to defendants in non-Avoidance Actions[1] through their Outside Litigation Counsel,[2] the Trustee will have satisfied his obligations under Federal Rules of Civil Procedure 26 and 34 to make documents available to defendants in non-Avoidance Actions." In

---

[1] This term includes this avoidance and recovery proceeding.
[2] The capitalized terms in this section are defined in the Third-Party Data Room Order.

responding to these Requests, the Trustee will endeavor to identify the Producing Parties of responsive Third-Party Documents.

### The SQL Databases

Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain Third-Party Documents was processed and input into multiple Microsoft Structured Query Language ("SQL") Server tables and databases (the "SQL Databases"). To the extent feasible, the underlying documents used to build the SQL Databases are contained in E-Data Room 1. Some or all of the data in the SQL Databases is responsive to most of the Requests. SQL Databases are used by the Trustee's experts and are available for production to any defendant upon request. Use of the SQL Databases requires some technical expertise. *See* **Appendix D** for the sources of data loaded into the SQL Databases.

### THE TRUSTEE'S OBJECTIONS

1.      **Materials Prepared Post-December 11, 2008:** The Trustee will not produce or log documents prepared by and/or received by him, his counsel, his professionals and/or other agents from on or after December 11, 2008 that are not relevant and/or are protected by the attorney work product doctrine, the attorney-client privilege, and/or any other applicable privileges or protections (the "Materials Prepared Post-December 11, 2008").

2.      **Redundant, Cumulative, and Marginally Relevant Documents:** The BLMIS Searchable Database may contain documents that are responsive to the Requests but which are redundant, cumulative, or marginally relevant (for example, Defendants' names and/or account numbers appear on a list of customer names or account numbers and there is no other unique information). The Trustee objects to the production of these documents to the extent that such production is not proportionate to the needs of the case under Federal Rule 26(b)(1) (the "Redundant, Cumulative, and Marginally Relevant Documents").

## DOCUMENTS PRODUCED BY THE TRUSTEE TO DEFENDANTS

1.      On February 13, 2015, and March 10, 2016, the Trustee produced to Defendants the Core Account Documents for the BLMIS accounts identified in the Second Amended Complaint filed in this proceeding (the "BLMIS Accounts") with indices summarizing the production.

2.      On February 13, 2015, and March 10, 2016, the Trustee also produced to Defendants the bank documents reflecting transfers for certain of the BLMIS Accounts (the "Bank Transfer Documents") with indices summarizing the production.

3.      On March 10, 2016, the Trustee produced to Defendants documents relating to use of cellular telephones issued to Stanley Shapiro and Renee Shapiro by BLMIS (the "Cellular Telephone Documents").

4.      On March 10, 2016, the Trustee produced to Defendants documents relating to use by Stanley Shapiro and Renee Shapiro of the aircraft owned and/or chartered by BLMIS (the "Jet Documents").

5.      On July 7, 2016, the Trustee produced to Defendants documents concerning compensation and benefits Stanley Shapiro received from BLMIS, and certain files maintained by BLMIS, in connection with his employment at BLMIS (the "HR Documents").

6.      On July 22, 2016, the Trustee produced to Defendants all relevant documents previously produced by Konigsberg Wolf to the Trustee, concerning Defendants and their BLMIS accounts (the "Konigsberg Wolf Documents").

7.      The Trustee previously provided the Shapiro Defendants' counsel with credentials to access E-Data Room 1 and the Third-Party Data Rooms.

## THE TRUSTEE'S RESPONSES TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

Any and all documents concerning the opening of any of the Defendants' BLMIS accounts.

### RESPONSE TO REQUEST NO. 1

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee also objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced to Defendants the Core Account Documents, which include documents relating to the opening of the BLMIS accounts. Given the thoroughness of this production and the burden and expense to locate further relevant documents responsive to this Request, the Trustee will not search for and produce additional documents responsive to this Request.

### REQUEST NO. 2

Any and all account statements concerning any of the Defendants' BLMIS accounts, including any and all original, draft, returned, altered, revised, amended, or destroyed account statements.

### RESPONSE TO REQUEST NO. 2

The Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced to Defendants the Core Account Documents, which include relevant monthly account statements for the BLMIS Accounts. The Trustee also produced to Defendants the Konisberg Wolf Documents, which include original, draft, returned, altered, revised, and/or amended account statements for the BLMIS Accounts.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional account statements for the BLMIS Accounts, including draft, returned, altered, revised, and/or amended statements, and will produce to Defendants any such statements located during the search.

**REQUEST NO. 3**

Any and all agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other document executed between Defendants and BLMIS.

**RESPONSE TO REQUEST NO. 3**

The Trustee objects to this Request in that it seemingly calls for production of "any and all agreements with BLMIS" regardless of the counter party. The Trustee therefore will construe the Request as requesting production of all agreements between BLMIS, on the one hand, and any one or more of Defendants, on the other hand. The Trustee also objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced to Defendants the Core Account Documents, which include agreements relating to the BLMIS accounts. Given the thoroughness of these productions and the burden and expense to locate further documents responsive to this Request, the Trustee will not search for and produce additional relevant documents in response to this Request.

**REQUEST NO. 4**

Any and all documents sent by Defendants to BLMIS.

**RESPONSE TO REQUEST NO. 4**

The Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced the Core Account Documents, which include certain documents sent by Defendants to BLMIS. The Trustee also produced to Defendants the Konigsberg Wolf Documents, which include documents sent by one or more of Defendants to BLMIS.

Subject to and without waiving the foregoing objection, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents which Defendants sent or otherwise provided to BLMIS, and will produce any such documents to Defendants located during the search.

**REQUEST NO. 5**

Any and all documents sent by BLMIS to Defendants.

**RESPONSE TO REQUEST NO. 5**

The Trustee objects to this Request on the ground that Defendants likely are already in possession of many, if not all, of documents sent to them by BLMIS. The Trustee also objects to

8

this Request on the ground that calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced the Core Account Documents, which included certain documents sent by BLMIS to Defendants. The Trustee also produced to Defendants the Konigsberg Wolf Documents, which include documents provided by BLMIS to Defendants.

Subject to and without waiving the foregoing objection, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents which BLMIS sent or otherwise provided to Defendants, and will produce to Defendants any such documents located during the search.

## REQUEST NO. 6

Any and all documents arising from, relating to or regarding the Trust Defendants or their

BLMIS accounts.

## RESPONSE TO REQUEST NO. 6

The Trustee objects to this Request because it includes the term, "Trust Defendants," which Defendants have not defined. The Trustee will construe this term as meaning simply "Defendants." As so construed, the Trustee objects to this Request as overly broad and unduly burdensome because it calls for production of all documents relating to these Defendants. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1) and that it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee will not search for and produce documents in response to this Request, but will produce relevant documents responsive to other Requests which seek categories of documents which fall within the vast range of documents sought in this Request.

## REQUEST NO. 7

Any and all communications between BLMIS and the Trust Defendants.

## RESPONSE TO REQUEST NO. 7

The Trustee objects to this Request because it includes the term, "Trust Defendants," which Defendants have not defined. The Trustee will construe this term as meaning simply "Defendants." The Trustee further objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced to Defendants the Core Account Documents, which include communications between BLMIS and Defendants. The Trustee also produced to Defendants the Konigsberg Wolf Documents, which include communications between BLMIS and Defendants.

Subject to and without waiving the foregoing objection, the Trustee is in the process of conducting a reasonable, proportionate and good faith search additional relevant communications between BLMIS and Defendants, and will produce to Defendants any such communications located during the search.

## REQUEST NO. 8

Any and all internal communications at BLMIS arising from, relating to or regarding

Trust Defendants or their BLMIS accounts.

## RESPONSE TO REQUEST NO. 8

The Trustee objects to this Request because it includes the term, "Trust Defendants," which Defendants have not defined. The Trustee will construe this term as meaning simply "Defendants." The Trustee further objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for relevant internal communications concerning any of Defendants or their BLMIS accounts, and will produce to Defendants any such internal communications located during the search.

## REQUEST NO. 9

Any and all communications between BLMIS and any third-party, including but not

limited to any state, federal or foreign government agency; self-regulatory organization; or

BLMIS investor, feeder-fund, customer, affiliate, partner, associate, agent, lawyer or law firm, or

accountant or accounting firm, arising from, relating to or regarding the Trust Defendants or their

BLMIS accountants.

## RESPONSE TO REQUEST NO. 9

The Trustee objects to this Request because it includes the term, "Trust Defendants," which Defendants have not defined. The Trustee will construe this term as meaning simply "Defendants." The Trustee also objects to this Request on the ground that it is overly broad and unduly burdensome, calling for the production of all communications between BLMIS and any third-party concerning any Defendant or of their BLMIS accounts. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1) and calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced to Defendants the Konigsberg Wolf Documents, which

include communications between BLMIS and Paul Konigsberg and/or other persons at Konigsberg Wolf & Co. concerning the Defendants and/or their BLMIS accounts.

Subject to and without waiving the foregoing objections, the Trustee is unaware of any communications between BLMIS and any state, federal or foreign government agency or self-regulatory organization responsive to this Request.  The Trustee is in the process of conducting a reasonable and good faith search for additional relevant communications between BLMIS and Konigsberg Wolf & Company, any other accounting firm or any accountant concerning any of Defendants or their BLMIS accounts, and will produce such communications to Defendants located during the search.

## REQUEST NO. 10

Any and all documents concerning the opening of any BLMIS account by Stanley

Shapiro.

## RESPONSE TO REQUEST NO. 10

The Trustee objects to this Request in that it seeks certain of the same documents sought in Request No. 1, and hereby incorporates by reference his response to Request No. 1.  The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 1.

## REQUEST NO. 11

Any and all documents concerning any BLMIS account purportedly owned or controlled

by Stanley Shapiro, including and all documents arising from, relating to, referencing,

evidencing, or regarding Stanley Shapiro's purported ownership or control of such account.

## RESPONSE TO REQUEST NO. 11

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, calling for the production of any and all documents relating to nearly all, if not all, of the BLMIS accounts.  The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1) and calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).  The Trustee previously produced to Defendants the Core Account Documents, which include communications between BLMIS and Stanley Shapiro relating to the BLMIS accounts.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents

11

concerning Stanley Shapiro's ownership or control of the BLMIS accounts, and will produce to Defendants such documents located during the search.

## REQUEST NO. 12

Any and all account statements concerning any BLMIS account purportedly owned or controlled by Stanley Shapiro, including any and all original, draft, returned, altered, revised, amended, or destroyed account statements.

## RESPONSE TO REQUEST NO. 12

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 2, and hereby incorporates by reference his response to Request No. 2. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 2.

## REQUEST NO. 13

Any and all agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other document executed between the Stanley Shapiro and BLMIS.

## RESPONSE TO REQUEST NO. 13

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 3, and hereby incorporates by reference his response to Request No. 3. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 3.

## REQUEST NO. 14

Any and all documents sufficient to show each transfer of any deposits made by any Defendant into any purported BLMIS account after such deposit was made and the final third-party account into which such funds were ultimately deposited.

## RESPONSE TO REQUEST NO. 14

The Trustee objects to this Request because it is vague and ambiguous. The Trustee construes this Request as seeking production of documents concerning transfers of principal between the BLMIS Accounts and any withdrawals of principal by Defendants from the BLMIS Accounts. The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee also objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced to Defendants the Core Account Documents and the Bank Transfer Documents, which include relevant account statements of the BLMIS Accounts as well as cancelled checks issued to Defendants. Those statements together with the schedules attached as Exhibit B to the Complaint are sufficient to show the inter-account transfer of principal and the withdrawal of principal from the BLMIS Accounts. Given these productions and the burden and expense to locate further documents responsive to this Request, the Trustee will not search for and produce additional documents in response to this Request.

## REQUEST NO. 15

Any and all documents sent by Stanley Shapiro to BLMIS.

## RESPONSE TO REQUEST NO. 15

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 4, and hereby incorporates by reference his response to Request No. 4. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 4.

## REQUEST NO. 16

Any and all documents sent by BLMIS to Stanley Shapiro.

## RESPONSE TO REQUEST NO. 16

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 5, and hereby incorporates by reference his response to Request No. 5. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 5.

## REQUEST NO. 17

Any and all documents arising from, relating to, referencing, or regarding the BLMIS

accounts purportedly owned or controlled by Stanley Shapiro.

## RESPONSE TO REQUEST NO. 17

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 11, and hereby incorporates by reference his response to Request No. 11. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 11.

## REQUEST NO. 18

Any and all communications between BLMIS and Stanley Shapiro.

## RESPONSE TO REQUEST NO. 18

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 7, and hereby incorporates by reference his response to Request No. 7. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 7.

## REQUEST NO. 19

Any and all internal communications at BLMIS arising from, relating to, referencing, or regarding Stanley Shapiro or any account purportedly owned or controlled by Stanley Shapiro.

## RESPONSE TO REQUEST NO. 19

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 8, and hereby incorporates by reference his response to Request No. 8. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 8.

## REQUEST NO. 20

Any and all communications between BLMIS and any third-party, including but not limited to any state, federal or foreign government agency; self-regulatory organization; or BLMIS investor, feeder-fund, customer, affiliate, partner, associate, agent, lawyer or law firm, or accountant or accounting firm, arising from, relating to, referencing, or regarding Stanley Shapiro or any account purportedly owned or controlled by Stanley Shapiro.

**RESPONSE TO REQUEST NO. 20**

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 9, and hereby incorporates by reference his response to Request No. 9. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 9.

**REQUEST NO. 21**

Any and all documents arising from, relating to, referencing, or regarding BLMIS' employment of Stanley Shapiro, including but not limited to any employment agreement, paystub, cancelled check, 401(k) or other deferred savings plan enrollment, statement, or tax form, W-2 or other tax form, compliance files, HR files, and expense reports.

**RESPONSE TO REQUEST NO. 21**

The Trustee objects to this Request on the ground that it calls for production of all documents relating in any way to Stanley Shapiro's employment at BLMIS which began in 1995 and ended in 2008 or 2009. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee also objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2). The Trustee previously produced to Defendants the HR Documents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents concerning Stanley Shapiro's employment at BLMIS, and will produce to Defendants such documents located during the search.

**REQUEST NO. 22**

Any and all communications between BLMIS and Stanley Shapiro arising from, relating to, regarding, or referencing BLMIS' employment of Stanley Shapiro.

**RESPONSE TO REQUEST NO. 22**

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 18, and hereby incorporates by reference his response to Request No. 18. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 18.

15

**REQUEST NO. 23**

Any and all internal communications at BLMIS arising from, relating to, regarding, or

referencing BLMIS' employment of Stanley Shapiro.

**RESPONSE TO REQUEST NO. 23**

The Trustee objects to this Request in that it seeks the same documents as certain of those
sought in Request Nos. 8 and 19, and hereby incorporates by reference his response to Request
Nos. 8 and 19. The Trustee will not search for and produce documents responsive to this
Request but will do so in response to Request Nos. 8 and 19.

**REQUEST NO. 24**

Any and all communications between BLMIS and any third-party, including but not

limited to any state, federal or foreign government agency; self-regulatory organization; or

BLMIS investor, feeder-fund, customer, affiliate, partner, associate, agent, lawyer, or accountant,

arising from, relating to, regarding, evidencing, or referencing BLMIS' employment of Stanley

Shapiro.

**RESPONSE TO REQUEST NO. 24**

The Trustee objects to this Request in that it seeks the same documents as certain of those
sought in Request Nos. 9 and 20, and hereby incorporates by reference his response to Request
Nos. 9 and 20. The Trustee will not search for and produce documents responsive to this
Request but will do so in response to Request Nos. 9 and 20.

**REQUEST NO. 25**

Any and all documents arising from, relating to, evidencing, or referencing Stanley

Shapiro's purported activities at BLMIS, including but not limited to documents showing trading

activity or analysis, notes, memoranda, recordings, logs, requisition or reimbursement forms

(including but not limited to documents requisitioning, assigning, reimbursing, or reflecting the

requisition, assignment, reimbursement, or use of any electronic device, vehicle, including but

not limited to any aircraft, corporate apartment, telephone, or cellular phone), computer records,

telephone records, cellular phone record, internal security records (including key card records), correspondence, regulatory filings, documents showing or relating to BLMIS corporate structure or hierarchy, supervisory reports, and evaluations.

## RESPONSE TO REQUEST NO. 25

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, calling for production of a wide-range of documents covering an extensive period of time. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1), and calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2) and therefore is neither reasonable nor proportional. The Trustee already has furnished to Defendants many of the documents sought for production in this Request. The Trustee previously produced to Defendants the HR Documents, the Cellular Telephone Documents, and the Jet Documents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable and good faith search for additional relevant documents concerning Stanley Shapiro's employment and activities at BLMIS, including his activities relating to the proprietary trading account or accounts in which he was involved, his notes relating to the same, and internal security records, and will produce such documents to Defendants.

## REQUEST NO. 26

Any and all communications between BLMIS and Stanley Shapiro arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS.

## RESPONSE TO REQUEST NO. 26

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request Nos. 18 and 22, and hereby incorporates by reference his response to Request Nos. 18 and 22. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request Nos. 18 and 22.

## REQUEST NO. 27

Any and all documents drafted, prepared, revised, or signed by Stanley Shapiro in the course of his employment by BLMIS, including but not limited to any notes, memoranda, correspondence, orders, instructions, white paper, or presentation.

**RESPONSE TO REQUEST NO. 27**

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 25, and hereby incorporates by reference his response to Request No. 25. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 25.

**REQUEST NO. 28**

Any and all documents drafted or prepared for or at the direction or request of Stanley

Shapiro in the course of his employment by BLMIS, including but not limited to any notes,

memoranda, correspondence, orders, instructions, white paper, or presentation.

**RESPONSE TO REQUEST NO. 28**

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request No. 25, and hereby incorporates by reference his response to Request No. 25. The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request No. 25.

**REQUEST NO. 29**

The contents of any electronic device, including but not limited to any personal

computer, server, Blackberry or other smart phone, or Bloomberg terminal, assigned or

belonging to or used or accessed by Stanley Shapiro or any BLMIS employee, agent or

contractor acting on Stanley Shapiro's behalf, including contents retrieved by and any records of

any forensic analysis of such device.

**RESPONSE TO REQUEST NO. 29**

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, calling for production of the contents of all servers at BLMIS which may have been accessed by any employee of BLMIS who may have been acting on behalf of Stanley Shapiro at any given time. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1), and for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2), and therefore is neither reasonable nor proportional. Based on the investigation to date, other than a cellular phone, Stanley Shapiro was not assigned, used or otherwise accessed any electronic device at BLMIS, including but not limited to any personal computer, server, Blackberry or other smart phone, or Bloomberg

18

terminal.  The Trustee previously produced to Defendants the Cell Phone Records.  Given the thoroughness of what has been and will be produced in response to other Requests, the Trustee will not search for and produce additional documents in response to this Request.

## REQUEST NO. 30

Any and all documents the Trustee knows, believes or has reason to believe were at any

time in the possession, custody or control of Stanley Shapiro.

## RESPONSE TO REQUEST NO. 30

The Trustee objects to this Request on the ground that it calls for the Trustee to speculate and/or reveal what he "believes" as opposed to what he knows were documents at BLMIS which were at one time in Stanley Shapiro's possession, custody or control.  The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1), and calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

Subject to and without waiving the foregoing objections, the Trustee will produce to Defendants documents relating to Stanley Shapiro or any of the other Defendants which were found after BLMIS's collapse inside the office used by Stanley Shapiro at BLMIS immediately preceding the collapse of BLMIS.

## REQUEST NO. 31

Documents sufficient to show any and all items retrieved from or discovered in Stanley

Shapiro's desk, office or any BLMIS storage facility, equipment or device, including but not

limited to any electronic device, assigned or belonging to or used by Stanley Shapiro, by any

person or entity including but not limited to any government agency or self-regulatory

organization or the Trustee or any agent, affiliate or partner of the Trustee.

## RESPONSE TO REQUEST NO. 31

The Trustee objects to this Request on the ground that it seeks the Trustee to identify any documents that a third-party outside of the Trustee's control, such as a government agency, may have "retrieved or discovered" in any desk, office, storage facility or electronic device used by Stanley Shapiro.  The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1), and calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2), and therefore is neither reasonable nor

proportional.  Based on the investigation to date, other than a cellular phone, Stanley Shapiro was not assigned, used or otherwise accessed any storage facility or electronic device at BLMIS.

Subject to and without waiving the foregoing objections, the Trustee will produce to Defendants documents relating to Stanley Shapiro or any of the other Defendants which were found after BLMIS's collapse inside the office used by Stanley Shapiro immediately preceding the collapse of BLMIS.

## REQUEST NO. 32

Any and all internal communications at BLMIS arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS.

## RESPONSE TO REQUEST NO. 32

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request Nos. 8, 19, and 23, and hereby incorporates by reference his response to Request Nos. 8, 19, and 23.  The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request Nos. 8, 19, and 23.

## REQUEST NO. 33

Any and all communications between BLMIS and any third-party, including but not limited to any state, federal or foreign government agency; self-regulatory organization; or BLMIS investor, feeder-fund, customer, affiliate, partner, associate, agent, lawyer or law firm, or accountant, including but not limited to any such entity and the shareholders, members, officers, employees, agents, associates, partners, or customers of any such entity, arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS.

## RESPONSE TO REQUEST NO. 33

The Trustee objects to this Request in that it seeks the same documents as certain of those sought in Request Nos. 9, 20, and 24, and hereby incorporates by reference his response to Request Nos. 9, 20, and 24.  The Trustee will not search for and produce documents responsive to this Request but will do so in response to Request Nos 9, 20, and 24.

**REQUEST NO. 34**

Any and all documents provided or produced to the Trustee at any time by any third-party, including but not limited to any government agency, self-regulatory organization, financial institution, party to any litigation or arbitration to which BLMIS was or is a party or which relates to BLMIS in any way, lawyer or law firm, accountant or accounting firm, or private investigator or forensic analyst of any kind, whether or not acting on behalf of the Trustee, arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS. This includes, but is not limited to, any and all documents obtained or produced in any criminal investigation, SEC investigation or regulatory inquiry relating to Stanley Shapiro, including but not limited to any notes, memoranda, recordings, logs, documents relating to or memorializing any interview, trial or deposition transcript, affidavit, indictment, subpoena, correspondence.

**RESPONSE TO REQUEST NO. 34**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of a wide range of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing Stanley Shapiro's activities at BLMIS, have been or will be produced in response to other Requests.

**REQUEST NO. 35**

Any FBI, SEC or Justice Department file pertaining or relating to Stanley Shapiro.

**RESPONSE TO REQUEST NO. 35**

The Trustee objects to this Request on the ground that it is vague and ambiguous given that "file" can be construed in varying ways. The Trustee shall construe the term "file" as any documents, other than those documents found at BLMIS or a storage facility maintained by BLMIS, provided to the Trustee by either the Federal Bureau of Investigation (the "FBI"), the

Securities and Exchange Commission (the "SEC") or the United States Department of Justice (the "Justice Department"). The Trustee is not in possession of any portion of any file received from either the FBI or the Justice Department. Those documents produced to the Trustee by the SEC are located in E-Data Room 1 and the Third-Party Data Rooms, which can be searched by Defendants. The Trustee therefore will not search for and produce Documents in response to this Request.


**REQUEST NO. 36**

Any affidavit, deposition, trial transcript, or other sworn testimony of any officer, employee, agent (including but not limited to any attorney or accountant), associate, partner, or customer of BLMIS, including but not limited to any such entity and the shareholders, members, officers, employees, agents, associates, partners, or customers of any such entity, relating to, regarding, or referencing Stanley Shapiro.

**RESPONSE TO REQUEST NO. 36**

Other than the testimony given by Stanley Shapiro during his own Rule 2004 examination in connection with the BLMIS liquidation proceedings, the Trustee is unaware of any documents responsive to this Request.


**REQUEST NO. 37**

Any affidavit, deposition, trial testimony, or other sworn testimony of any employee of any government agency or self-regulatory organization relating to, regarding, or referencing Stanley Shapiro.

**RESPONSE TO REQUEST NO. 37**

The Trustee is unaware of any documents responsive to this Request.


**REQUEST NO. 38**

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge of BLMIS' alleged fraud.

## RESPONSE TO REQUEST NO. 38

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing Stanley Shapiro's alleged actual knowledge of BLMIS's alleged fraud, have been or will be produced in response to other Requests.

## REQUEST NO. 39

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge of BLMIS' alleged orchestration of a Ponzi scheme.

## RESPONSE TO REQUEST NO. 39

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing Stanley Shapiro's alleged actual knowledge of BLMIS's alleged orchestration of a Ponzi scheme, have been or will be produced in response to other Requests.

## REQUEST NO. 40

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge that any security reportedly held in any BLMIS customer account at any time did not, in fact, exist.

## RESPONSE TO REQUEST NO. 40

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing Stanley Shapiro's alleged actual knowledge that securities reportedly held in the BLMIS Accounts at any time did not exist, have been or will be produced in response to other Requests.

23

## REQUEST NO. 41

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge that any BLMIS account statement issued to any BLMIS customer at any time reported securities that did not, in fact, exist.

## RESPONSE TO REQUEST NO. 41

The Trustee objects to this Request because it is completely duplicative of Request No. 40, and the Trustee hereby incorporates by reference his response to Request No. 40.

## REQUEST NO. 42

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge that any security purportedly held in any BLMIS customer account at any time did not exist.

## RESPONSE TO REQUEST NO. 42

The Trustee objects to this Request because it is completely duplicative of Request No. 40, and the Trustee hereby incorporates by reference his response to Request No. 40.

## REQUEST NO. 43

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported participation in any purported trading activity in relation to any account belonging to any BLMIS customer other than Defendants.

## RESPONSE TO REQUEST NO. 43

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). Subject to and without waiving the foregoing objections, the Trustee is unaware of any documents responsive to this Request.

**REQUEST NO. 44**

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported participation in the preparation of any BLMIS account statement or other document relating to any account belonging to any BLMIS customer other than Defendants.

**RESPONSE TO REQUEST NO. 44**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). Subject to and without waiving the foregoing objections, the Trustee is unaware of any documents responsive to this Request.

**REQUEST NO. 45**

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's actual knowledge of BLMIS operations, the securities industry, securities trading, proprietary trading, securities laws and regulations, or the back-dating or cancellation of securities transactions.

**RESPONSE TO REQUEST NO. 45**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of a wide range of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing Stanley Shapiro's alleged actual knowledge of the areas described in this Requests, have been or will be produced in response to other Requests.

**REQUEST NO. 46**

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro in connection with BLMIS operations, the securities industry,

securities trading, proprietary trading, securities laws and regulations, or the back-dating or cancellation of securities transactions.

## RESPONSE TO REQUEST NO. 46

The Trustee objects to this Request because it is completely duplicative of Request No. 45, and the Trustee hereby incorporates by reference his response to Request No. 45.

## REQUEST NO. 47

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's relationship with Madoff.

## RESPONSE TO REQUEST NO. 47

The Trustee objects to this Requests on the ground that it is overly broad and unduly burdensome, and calls for the production of a wide range of documents which are already sought in other Requests. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1).

Subject to and without waiving the foregoing objections, the Trustee will produce, to the extent that they are not already being produced in response to other Requests, documents responsive to this Request.

## REQUEST NO. 48

Any and all communications between Stanley Shapiro and Paul Konigsberg.

## RESPONSE TO REQUEST NO. 48

The Trustee objects to this Request on the ground that Stanley Shapiro likely is already in possession of many, if not all, of written communications that he had with Paul Konigsberg. The Trustee further objects to this Request on the ground that Defendants have categorically objected to producing any communications between Stanley Shapiro and Paul Konigsberg in response to the Trustee's document requests. The Trustee previously furnished to Defendants the Konigsberg Wolf Documents, which include communications between Stanley Shapiro and Paul Konigsberg.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant communications between Stanley Shapiro and Paul Konigsberg, and will produce to Defendants such communications located during the search.

## REQUEST NO. 49

Any and all documents or communications ever in the possession, custody or control of

Paul Konigsberg or any employee, agent, partner, or associate of Paul Konigsberg, relating to,

regarding, or referencing Stanley Shapiro.

## RESPONSE TO REQUEST NO. 49

The Trustee objects to this Request on the ground that he cannot know what documents or communications were "ever in the possession, custody or control of Paul Konigsberg or any employee, agent, partner, or associate of Paul Konigsberg, relating to, regarding, or referencing Stanley Shapiro." The Trustee previously produced to Defendants the Konigsberg Wolf Documents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents from or prepared by Paul Konigsberg or any employee, agent, partner, or associate of Paul Konigsberg concerning Stanley Shapiro, and will produce to Defendants such documents located during the search.

## REQUEST NO. 50

Any and all documents provided or produced to the Trustee at any time by any third-

party, including but not limited to any government agency, self-regulatory organization, financial

institution, party to any litigation or arbitration to which BLMIS was or is a party or which

relates to BLMIS in any way, lawyer or law firm, accountant or accounting firm, or private

investigator or forensic analyst of any kind, whether or not acting on behalf of the Trustee,

arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's (i) activities or

purported activities at BLMIS; (ii) employment by BLMIS; (iii) relationship with BLMIS; (iv)

knowledge of BLMIS operations, the securities industry, securities trading, proprietary trading,

securities laws and regulations, or the back-dating or cancellation of securities transactions; (v)

knowledge or purported knowledge of the alleged BLMIS fraud or Ponzi scheme; (vi)

knowledge or purported knowledge of the truth or falsehood of any BLMIS account statement

for any account belonging to any customer at any time. This includes, but is not limited to, any and all documents obtained or produced in any criminal investigation, SEC investigation or regulatory inquiry arising from, relating to, regarding, or referencing BLMIS, including but not limited to any notes, memoranda, recordings, logs, documents relating to or memorializing any interview, trial or deposition transcript, affidavit, indictment, subpoena, correspondence, evidence inventory, or allocution or confession.

## RESPONSE TO REQUEST NO. 50

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of a wide range of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing Stanley Shapiro's activities at BLMIS, employment at BLMIS, relationship with Madoff, knowledge of BLMIS operations, the securities industry, securities trading, proprietary trading, securities laws and regulations, or the back-dating or cancellation of securities transactions, knowledge of the alleged BLMIS fraud or Ponzi scheme, and knowledge of the truth or falsehood of any BLMIS account statement, have been or will be produced in response to other Requests.


## REQUEST NO. 51

Any and all documents supporting or relating to the allegation of the Complaint that

"Stanley Shapiro was no unwitting investor." (Complaint, ¶ 2).

## RESPONSE TO REQUEST NO. 51

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of a wide range of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing that Stanley Shapiro was no unwitting investor, have been or will be produced in response to other Requests.

**REQUEST NO. 52**

Any and all documents supporting or relating to the allegation of the Complaint that

"Shapiro was part of a small privileged group of BLMIS investors with whom Madoff appeared

to place his trust and to whom Madoff gave special treat [sic]." (Complaint, ¶ 49)

**RESPONSE TO REQUEST NO. 52**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of a wide range of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing that Stanley Shapiro was part of a small privileged group of BLMIS investors with whom Madoff appeared to place his trust and to whom Madoff gave special treatment, have been or will be produced in response to other Requests.

**REQUEST NO. 53**

Any and all documents supporting or relating to the allegation of the Complaint that

"Bongiorno personally managed many of the accounts held by the Shapiro family, including all

of the Core Accounts." (Complaint, ¶ 49)

**RESPONSE TO REQUEST NO. 53**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of a wide range of documents which are already sought in other Requests. The Trustee previously produced to Defendants the Konigsberg Wolf Documents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents relating to Annette Bongiorno's involvement in certain of the BLMIS Accounts, and will produce to Defendants such documents located during the search.

**REQUEST NO. 54**

Any and all documents supporting or relating to the allegation of the Complaint that

BLMIS generated revised backdated account statements for the CORE accounts for nearly every

month of 2002 "at Shapiro's request." (Complaint, ¶ 4).

**RESPONSE TO REQUEST NO. 54**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product.  The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1).

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents relating to Stanley Shapiro's involvement in the creation of backdating account statements for certain of the BLMIS Accounts for nearly every month of 2002, and will produce to Defendants such documents located during the search.

**REQUEST NO. 55**

Any and all documents supporting or relating to the allegation of the Complaint that

"Shapiro plan an instrumental role in the planning and execution of the scheme to fabricate these

groups of backdated trades in 2002 and 2003." (Complaint, ¶ 6).

**RESPONSE TO REQUEST NO. 55**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product.  The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1).

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents relating to role in the fabrication of backdated trades in 2002 and 2003, and will produce to Defendants such documents located during the search.

**REQUEST NO. 56**

Any and all documents supporting or relating to the allegation of the Complaint that "in

the middle of 2003, BLMIS began fabricating, with Shapiro's knowledge, more backdated

trades, this time to minimize the apparent sizable tax liability faced by the Shapiro family."

(Complaint, ¶ 48).

**RESPONSE TO REQUEST NO. 56**

The Trustee objects to this Request on the ground that it calls for identification and
production of documents which will disclose protected attorney-work product.  The Trustee
further objects to this Request to the extent it calls for Materials Prepared Post-December 11,
2008 (Objection No. 1).  The Trustee previously produced to Defendants the Konigsberg Wolf
Documents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of
conducting a reasonable, proportionate and good faith search for additional relevant documents
relating to the fabrication of backdated trades in 2003 in certain of the BLMIS Accounts and
Stanley Shapiro's involvement in the fabrication, and will produce to Defendants such
documents located during the search.

**REQUEST NO. 57**

Any and all documents supporting or relating to the allegation of the Complaint that

"Shapiro was at it again" in 2001. (Complaint, ¶ 70).

**RESPONSE TO REQUEST NO. 57**

The Trustee objects to this Request on the ground that it calls for identification and
production of documents which will disclose protected attorney-work product.  The Trustee
further objects to this Request to the extent it calls for Materials Prepared Post-December 11,
2008 (Objection No. 1).  The Trustee previously produced to Defendants the Konigsberg Wolf
Documents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of
conducting a reasonable, proportionate and good faith search for additional relevant documents
relating to Stanley Shapiro's activities in 2000 and 2001 concerning certain of the BLMIS
Accounts, and will produce to Defendants such documents located during the search.

**REQUEST NO. 58**

Any and all documents supporting or relating to the allegation of the Complaint that in

"2002 and 2003, Shapiro took an active hand in the fraud at BLMIS." (Complaint, ¶ 73).

**RESPONSE TO REQUEST NO. 58**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing that Stanley Shapiro's activities in 2002 and 2003 concerning certain of Defendants' BLMIS accounts, have been or will be produced in response to other Requests.

**REQUEST NO. 59**

Any and all documents supporting or relating to the allegation of the Complaint that

Shapiro knew what "short-against-the-box sales" meant. (Complaint, ¶ 73).

**RESPONSE TO REQUEST NO. 59**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing that Stanley Shapiro's knowledge of a short-against-the-box trade, have been or will be produced in response to other Requests.

**REQUEST NO. 60**

Any and all documents supporting or relating to the allegation of the Complaint that the

communications and meetings referenced therein took place or were instigated by Shapiro.

(Complaint, ¶ 77).

**RESPONSE TO REQUEST NO. 60**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing Stanley Shapiro's meetings and communications, have been or will be produced in response to other Requests.

**REQUEST NO. 61**

Any and all documents supporting or relating to the allegation of the Complaint that Shapiro, Konigsberg and Bongiorno "devised a scheme to restore the value that had been reportedly lost in the Core Accounts due to the stock market's decline throughout the year."

**RESPONSE TO REQUEST NO. 61**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing the scheme devised by Stanley Shapiro, Paul Konigsberg, and Annette Bongiorno in or about 2002, have been or will be produced in response to other Requests.

**REQUEST NO. 62**

Any and all documents supporting or relating to the allegation of the Complaint that "BLMIS needed assistance from Shapiro ...to conceal the paper trail of the fraud" and that Shapiro knowingly provided such assistance. (¶ 82).

**RESPONSE TO REQUEST NO. 62**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11,

2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing the assistance that Stanley Shapiro knowingly provided to BLMIS in an attempt to conceal fraud, have been or will be produced in response to other Requests.


## REQUEST NO. 63

Any and all documents supporting or relating to the allegation of the Complaint that

"Shapiro devised another plan with Madoff and Bongiorno." (Complaint, ¶ 86).

## RESPONSE TO REQUEST NO. 63

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing the plan devise by Stanley Shapiro, Bongiorno and others in 2003, have been or will be produced in response to other Requests.


## REQUEST NO. 64

Any and all documents supporting or relating to the allegation of the Complaint that

"Shapiro was supplied with revised account statements." (e.g., ¶ 90).

## RESPONSE TO REQUEST NO. 64

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing that BLMIS supplied Stanley Shapiro with revised account statements, have been or will be produced in response to other Requests.

## REQUEST NO. 65

Any and all documents supporting or relating to the allegation of the Complaint that

Shapiro had actual knowledge of, was involved in, participated in, or knowingly assisted in the

fraud. (e.g., ¶ 93).

## RESPONSE TO REQUEST NO. 65

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing that Stanley Shapiro had actual knowledge of, was involved in, participated in, or knowingly assisted in fraud, have been or will be produced in response to other Requests.

## REQUEST NO. 66

Any and all documents supporting or relating to any allegation of the Complaint that

Shapiro "willfully blinded himself to circumstances suggesting a high probability of fraud at

BLMIS." (¶ 94).

## RESPONSE TO REQUEST NO. 66

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in establishing that Stanley Shapiro may have willfully blinded himself to circumstances suggesting a high probability of fraud at BLMIS, have been or will be produced in response to other Requests.

## REQUEST NO. 67

Any and all documents supporting or relating to any claim, contention or allegation of the

Complaint.

**RESPONSE TO REQUEST NO. 67**

The Trustee objects to this Request on the ground that it calls for identification and production of documents which will disclose protected attorney-work product. The Trustee further objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents on which the Trustee may rely, in supporting claims, contentions, and allegations of the Complaint, have been or will be produced in response to other Requests.

**REQUEST NO. 68**

Any FBI, SEC or Justice Department file pertaining or relating to BLMIS.

**RESPONSE TO REQUEST NO. 68**

The Trustee objects to this Request on the ground that it is vague and ambiguous given that "file" can be construed in varying ways. The Trustee shall construe the term "file" as any documents, other than those documents found at BLMIS or a storage facility maintained by BLMIS, provided to the Trustee by either the FBI, the SEC or the Justice Department. The Trustee is not in possession of any portion of any file received from either the FBI or the Justice Department. Those documents produced to the Trustee by the SEC are located in E-Data Room 1 and the Third-Party Data Rooms, which can be searched by Defendants. The Trustee will not search for and produce Documents in response to this Request.

**REQUEST NO. 69**

Any affidavit, deposition, trial transcript, or other sworn testimony of any officer, employee, agent (including but not limited to any attorney or accountant), associate, partner, or customer of BLMIS, including any such entity and the shareholders, members, officers, employees, agents, associates, partners, or customers of any such entity, relating to, regarding, or referencing the alleged BLMIS fraud.

**RESPONSE TO REQUEST NO. 69**

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Trustee further objects to this Request on the ground that Defendants have equal access to certain affidavits, depositions, trial transcripts, or other sworn testimony concerning the alleged fraud at

BLMIS, such as the transcript of the criminal trial against Annette Bongiorno and four other former employees of BLMIS.  The Trustee will not search for or produce documents responsive to this Request.

## REQUEST NO. 70

Any affidavit, deposition, trial testimony, or other sworn testimony of any employee of any government agency or self-regulatory organization relating to, regarding, or referencing the alleged BLMIS fraud.

## RESPONSE TO REQUEST NO. 70

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1).  The Trustee further objects to this Request on the ground that Defendants have equal access to certain affidavits, depositions, trial transcripts, or other sworn testimony concerning the alleged fraud at BLMIS, such as the transcript of the criminal trial against Annette Bongiorno and four other former employees of BLMIS.  The Trustee will not search for and produce documents responsive to this Request.

## REQUEST NO. 71

Any and all internal BLMIS documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged fraud.

## RESPONSE TO REQUEST NO. 71

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud conducted at BLMIS.  The Trustee will not search for and produce documents responsive to this Request.

## REQUEST NO. 72

Any and all internal BLMIS documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged fraud.

## RESPONSE TO REQUEST NO. 72

The Trustee objects to this Request because it is completely duplicative of Request No. 71, and the Trustee hereby incorporates by reference his response to Request No. 71.

## REQUEST NO. 73

Any and all documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged orchestration of a Ponzi scheme.

## RESPONSE TO REQUEST NO. 73

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the Ponzi scheme conducted at BLMIS. The Trustee will not search for and produce documents responsive to this Request.

## REQUEST NO. 74

Any and all documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged creation of false customer account statements.

## RESPONSE TO REQUEST NO. 74

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the creation of false customer account statements at BLMIS. The Trustee objects to this Request on the ground that it calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents concerning the creation of false customer account statements for the BLMIS Accounts, have been or will be produced in response to other Requests.

## REQUEST NO. 75

Any and all documents or communications between BLMIS and any third-party, including but not limited to any government agency, self-regulatory organization, financial institution, customer, partner, affiliate, or agent, relating to, regarding, or referencing BLMIS'

alleged fraud or Ponzi scheme, the return of any customer account statement or the alteration or destruction of any customer account statements.

## RESPONSE TO REQUEST NO. 75

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud conducted at BLMIS, the return of customer account statements, or the alteration or destruction of customer account statements. The Trustee objects to this Request on the ground that it calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents concerning the return, alteration and destruction of certain account statements for the BLMIS Accounts, have been or will be produced in response to other Requests.

## REQUEST NO. 76

Any and all documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged alteration, falsification, backdating, or destruction of customer account statements.

## RESPONSE TO REQUEST NO. 76

The Trustee objects to this Request because it is largely duplicative of Request No. 75, and the Trustee hereby incorporates by reference his response to Request No. 75. The Trustee further objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud conducted at BLMIS, the alteration, falsification, backdating or destruction of customer account statements. The Trustee objects to this Request on the ground that it calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents concerning the alteration, falsification, backdating or destruction of certain account statements for the BLMIS Accounts, have been or will be produced in response to other Requests.

## REQUEST NO. 77

Any and all documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged demand that any customer return customer account statements.

## RESPONSE TO REQUEST NO. 77

The Trustee objects to this Request because it is largely duplicative of Request No. 75, and the Trustee hereby incorporates by reference his response to Request No. 75. The Trustee further objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud conducted at BLMIS, the alteration, falsification, backdating or destruction of customer account statements. The Trustee objects to this Request on the ground that it calls for the production of documents which are already sought in other Requests. The Trustee will not search for and produce documents responsive to this Request, but states that those documents concerning the return of certain account statements for the BLMIS Accounts, have been or will be produced in response to other Requests.

## REQUEST NO. 78

Any and all documents provided or produced to the Trustee at any time by any third-party, including but not limited to any government agency, self-regulatory organization, financial institution, party to any litigation or arbitration to which BLMIS was or is a party or which relates to BLMIS in any way, lawyer or law firm, accountant or accounting firm, or private investigator or forensic analyst of any kind, whether or not acting on behalf of the Trustee, arising from, relating to, regarding, evidencing, or referencing the alleged BLMIS fraud or Ponzi scheme. This includes, but is not limited to, any and all documents obtained or produced in any criminal investigation, SEC investigation or regulatory inquiry arising from, relating to, regarding, or referencing BLMIS, including but not limited to any notes, memoranda, recordings, logs, documents relating to or memorializing any interview, trial or deposition transcript, affidavit, indictment, subpoena, correspondence, evidence inventory, or allocution or confession.

## RESPONSE TO REQUEST NO. 78

The Trustee objects to this Request because it is largely duplicative of Request No. 75, and the Trustee hereby incorporates by reference his response to Request No. 75. The Trustee further objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). The Trustee will not search for and produce documents responsive to this Request.

Date:   January 31, 2017
        New York, New York

Respectfully submitted,

/s/ James H. Rollinson
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Ona T. Wang
Email: owang@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 861-7075
Facsimile: (216) 696-0740
James H. Rollinson
Email: jrollinson@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 31st day of

January, 2017 by Federal Express and electronic mail upon the following:

Barry R. Lax
Lax & Neville LLP
1450 Broadway, 35th Floor
New York, New York 10018
blax@laxneville.com

/s/ Andrew M. Serrao
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and Chapter 7 Estate of Bernard L.*
*Madoff*