

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ROBERT A. RICH
DIRECT DIAL: 212-309-1132
EMAIL:  rrich2@hunton.com

February 7, 2017

FILE NO:  99997.032244

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    *Picard v. Edward A. Zraick Jr., et al.*, Adv. Pro. No. 10-05257 (SMB)

Dear Judge Bernstein:

This firm is counsel to Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, the "Defendants") in connection with the above-referenced adversary proceeding commenced by Irving H. Picard, as Trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").  We write to address the multiple misrepresentations in the Trustee's letter filed yesterday afternoon [DN 65].

After nearly eight years and billions spent, on November 16, 2016, the final day permissible under the case management order, the Trustee served upon Defendants a lengthy but wildly defective expert opinion that on its face supports the Trustee's desired narrative regarding BLMIS trading activity, but proves nothing except the incredible deficiency in the Trustee's investigation.  That opinion was quickly debunked by testimony from Mr. Madoff on December 20, 2016, as it will be by the Defendants' rebuttal expert if permitted to testify.  Since the Trustee's November 16 disclosure and the December 20 testimony, Defendants have been racing to produce an expert report - first by working with counsel for similarly-situated defendants and a joint expert and, once it became clear that such an arrangement is impractical given the inconsistent discovery deadlines in each case, by retaining their own rebuttal expert at great expense. Defendants submit that cause exists for a uniform discovery and briefing schedule so as to correct the Trustee's inaccurate representation of decades of BLMIS activity.  At a bare minimum, there is cause to allow Defendants another thirty days to submit the report of their retained expert.

The Trustee's suggestion that Defendants are trying to delay this proceeding could not be less accurate.  The opposite is true.  Defendants did not propose to extend any other case management deadlines in connection with their request.  The Trustee, on the other hand, in



Honorable Stuart M. Bernstein
February 7, 2017
Page 2

violation of the case management order, failed to initiate the mandatory mediation process as he was required on January 23, 2017.[1]  In an attempt to move the case forward, Defendants suggested that it might be more efficient to forgo a mediation schedule in light of the Trustee's stated position, in writing, that he is not be willing to settle for anything less that the full amount in mediation or otherwise.  In response, Trustee's counsel insisted that mediation should take place, but only after all depositions are completed, depositions which were noticed for January but adjourned at the *Trustee's* request.[2]

This case looms as a dark cloud over these innocent individuals who already have lost their entire inheritance and life savings as a result of having invested with BLMIS.  Defendants desire nothing more than to bring this case to a conclusion.  However, given how the only real investigation is being performed on the backs of these innocent people and the work of capable counsel of similarly-situated defendants, cause exists to permit Defendants a short extension of the rebuttal expert disclosure deadline.

Respectfully submitted,

*/s/ Robert A. Rich*

Robert A. Rich

cc: Maximillian S. Shifrin, Esq. (BakerHostetler)
     (via ECF and Electronic Mail)

---

[1] *See* Case Management Notice [D.N. 46]; *Litigation Procedures Order* [D.N. 3141] at p. 11 ("The Trustee shall file in the adversary proceeding a notice of mediation referral…").

[2] *See* Exhibit A.