# Rich, Robert A.

| | |
|---|---|
| **From:** | Shifrin, Maximillian S. <mshifrin@bakerlaw.com> |
| **Sent:** | Thursday, February 02, 2017 12:43 PM |
| **To:** | Rich, Robert A. |
| **Cc:** | Murphy, Keith R. |
| **Subject:** | RE: Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257 |

Rob,

We do not consent to yet another extension of your rebuttal expert deadline.  The original deadline was known for many months, was extended by the Court already, and was limited to an additional 30 days following argument in Chambers.

With respect to the mediation deadlines, the LPO requires that discovery be complete before proceeding with mediation.  Given the outstanding issues with respect to expert discovery, including the noticed depositions of the Trustee's experts that have yet to take place, mediation is premature.  We can adjust the mediation dates in the case management order accordingly.

We do not monitor a party's activities in E-Data Room 1.  From an operational/production perspective, our litigation support personnel has the capability to identify when a party has logged in to the Data Room and what documents they have requested for hard-copy production.

Let us know if you'd like to discuss any of these issues further.

Max

**From:** Rich, Robert A. [mailto:RRich2@hunton.com]
**Sent:** Wednesday, February 01, 2017 8:28 PM
**To:** Murphy, Keith R.
**Cc:** Shifrin, Maximillian S.
**Subject:** RE: Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

Keith, Max:

Pursuant to LR 7007-1, I ask that you respond to the following.  I am available if you would like to discuss.

1) Please advise if the Trustee consents to a 30-day extension of the deadline for submission of a rebuttal report as to Dubinsky from tomorrow to March 4, 2017.

2)  Our case management notice provides that service of a notice of mediation referral shall be on or before 1/23/17, and the litigation procedures order provides that the Trustee shall file such notice.  I note that the case management notice was entered over a year after the conclusion of the previous mediation.  Is there a reason this was not filed?  I'm not sure that mediation makes sense give the Trustee's position, but it probably needs to be addressed with the Court given the CMO.

3)  You had previously provided us with access to the E-Data room.  You've referenced whether certain parties have or have not "logged in" to that data-room, and (if I recall correctly from a previous hearing) information regarding numbers of searches and documents opened by those parties.  If the Trustee has the ability to access any information regarding parties' usage of the data-room other than "logins," could you please explain?

1

Thanks,
Rob

---

**From:** Rich, Robert A.
**Sent:** Wednesday, January 04, 2017 6:20 PM
**To:** Murphy, Keith R.
**Cc:** Shifrin, Maximillian S.
**Subject:** RE: Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

It is impossible for me to justify extending any professional courtesies when none have extended by your side. In response to a request for a short extension of an answer deadline, you demanded as a condition to be immediately notified when one of the sick defendants dies. You've requested financial disclosures as a condition to opening settlement negotiations, only to go radio-silent for months thereafter. You wasted a full day of the defendants' and their attorneys' time by having them attend mediation without good faith participation from the Trustee. And you've stated, pre-discovery, that the Trustee is not willing to negotiate for a penny less than the full amount of the suit. We will disclose our experts as and when required.

---

**From:** Murphy, Keith R. [mailto:kmurphy@bakerlaw.com]
**Sent:** Wednesday, January 04, 2017 5:58 PM
**To:** Rich, Robert A.
**Cc:** Shifrin, Maximillian S.
**Subject:** RE: Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

I'm pretty sure it isn't a requirement, but I was asking because we otherwise would have known it by December 16, and because you said you now had one.

---

**From:** Rich, Robert A. [mailto:RRich2@hunton.com]
**Sent:** Wednesday, January 04, 2017 5:50 PM
**To:** Murphy, Keith R.
**Cc:** Shifrin, Maximillian S.
**Subject:** RE: Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

Are you suggesting that we are required to disclose our rebuttal expert prior to the deadline?

---

**From:** Murphy, Keith R. [mailto:kmurphy@bakerlaw.com]
**Sent:** Wednesday, January 04, 2017 5:40 PM
**To:** Rich, Robert A.
**Cc:** Shifrin, Maximillian S.
**Subject:** RE: Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

Rob,

In the event that Ms. Collura's and/or Mr. Greenblatt's depositions don't go forward by January 16th because of scheduling issues, we agree that we would deem them timely on the dates that they take place thereafter. If you plan on a rebuttal expert for Ms. Collura and/or Mr. Greenblatt, we would wait until receiving that expert's report to schedule the depositions of them, so let us know.

You mentioned at the conference that your rebuttal expert is reviewing the Dubinsky report. Can you pass along who you have selected?

Thanks.

Keith

---

**From:** Rich, Robert A. [mailto:RRich2@hunton.com]
**Sent:** Tuesday, January 03, 2017 8:34 PM
**To:** Murphy, Keith R.
**Cc:** Shifrin, Maximillian S.
**Subject:** RE: Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

Keith,

I am glad we could come to an agreement with respect to FRCP 26(b)(4)(E) fees, and am fine with having the depositions take place at Baker's NY office. I will look for your email regarding alternative deposition dates, and ask that you confirm that the Trustee agrees to extend the deadline for completion of expert discovery to the extent necessary to facilitate these depositions.

We anticipate having a rebuttal expert report with respect to Mr. Dubinsky only. However, we reserve the right to file rebuttal reports with respect to the other experts in accordance with the Court's decision at the 12/29 chambers conference and applicable rules.

Finally, defendants' 12/16 letter to the Court related to the deadline for rebuttal experts, not depositions. I am not clear why you believe we should have made a request for deposition by letter. In any event, the point is moot.

Regards,
Rob

---

**Robert A. Rich** | Hunton & Williams LLP | 200 Park Avenue | New York, NY 10166
212 309 1132 tel | 212 309 1100 fax | rrich2@hunton.com

---

**From:** Murphy, Keith R. [mailto:kmurphy@bakerlaw.com]
**Sent:** Tuesday, January 03, 2017 8:13 PM
**To:** Rich, Robert A.
**Cc:** Shifrin, Maximillian S.
**Subject:** RE: Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

Rob,

We are getting back to you on your email from New Year's eve. We just want to clarify a statement in your email with respect to your efforts to depose the Trustee's experts. You first raised the notion that you wanted to depose Ms. Collura and Mr. Greenblatt late in the day on December 14, 2016, simultaneously with your requests to extend the rebuttal expert disclosure deadline. Rather than request specific dates, you had only asked whether the Trustee intended to "seek any omnibus procedures with respect to such depositions." Before we had the opportunity to respond to your December 14th e-mail, you submitted your letter to the Court on the morning of December 16th, 2016, the deadline for disclosing your rebuttal expert(s), but that letter did not even mention or address anything having to do with those depositions. You didn't actually request any dates for these depositions until the afternoon of the December 29, 2016 hearing, and subsequently sent the below email on New Year's eve before we had the chance to consult with our colleagues given the holiday. Thus, we just wanted to dispel any implication that we have not been cooperative in scheduling these depositions.

Turning to the substance of your requests, we will accept service of the deposition notices you've provided in lieu of subpoenas. Concerning your request that the Trustee cover the fees addressed in Fed. R. Civ. P. 26(b)(4)(E), we disagree with the characterization that the Trustee's experts will be providing summary fact testimony under Fed. R. Evid. 1006. Ms. Collura and Mr. Greenblatt are being proffered as expert witnesses pursuant to FRE 702. However, without waiving the Trustee's rights on this issue, the Trustee would agree to cover these expenses in connection with the noticed depositions in only this adversary proceeding, however the examinations should take place at Baker's offices.

Lastly, we have reached out to Ms. Collura and Mr. Greenblatt regarding dates they are available to be deposed, and we will send you those dates when we have them. Please let us know whether you intend to disclose and submit rebuttal expert report(s) with respect to Ms. Collura's and Mr. Greenblatt's reports, or only with respect to Mr. Dubinsky's report.

Regards,
Keith

---

**From:** Rich, Robert A. [mailto:RRich2@hunton.com]
**Sent:** Saturday, December 31, 2016 4:11 PM
**To:** Shifrin, Maximillian S.; Murphy, Keith R.
**Subject:** Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

Keith and Max:

Please see the attached notices of deposition for Lisa M. Collura and Matthew B. Greenblatt. You have not responded to my attempts over the last few weeks to find a mutually agreeable time convenient for the deponents. However, I remain open to discussing alternative times and places to conduct these depositions.

Please confirm whether you will voluntarily produce these deponents, in lieu of requiring Defendants to incur the expense and burden of issuing subpoenas.

Finally, please advise as to whether the Trustee will stipulate that Defendants are not obligated to pay any fees of the kind described in FRCP 26(b)(4)(E). Manifest injustice would result if they were required to pay these fees under the circumstances of this case. In addition, the testimony of the deponents constitutes, in all or substantial part, summary fact testimony under FRE 1006 for which there exists no obligation to pay the fees described in FRCP 26(b)(4)(E).

Regards,
Rob

---

**Robert A. Rich** | Hunton & Williams LLP | 200 Park Avenue | New York, NY 10166
212 309 1132 tel | 212 309 1100 fax | rrich2@hunton.com

---

**From:** Rich, Robert A.
**Sent:** Wednesday, December 14, 2016 6:58 PM
**To:** 'mshifrin@bakerlaw.com'
**Subject:** Picard v. Edward A. Zraick, Jr. et. al., Adv Pro No. 10-05257

Max,

Defendants are considering whether to retain a rebuttal expert in coordination with other defense counsel.   It is taking some time to coordinate, and so Defendants request an extension of the Dec 16 deadline for disclosure of rebuttal experts.  Please advise if the Trustee will consent to such an extension.

Further, the Defendants intend to file motions in limine to exclude all or portions of the testimony of Ms. Collura and Mr. Greenblatt, and so I think it makes sense to have disclosure of rebuttal experts, if necessary, after resolution of those motions.

Finally, Defendants will be noticing the depositions of Ms. Collura and Mr. Greenblatt.  Does the Trustee intend seek any omnibus procedures with respect to such depositions?  Of course, Defendants reserve their rights to seek the deposition of Mr. Dubinsky as well.

Thanks,
Rob


**Robert A. Rich** | Hunton & Williams LLP | 200 Park Avenue | New York, NY 10166
212 309 1132 tel | 212 309 1100 fax | rrich2@hunton.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.