Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,                      Adv. Pro. No. 08-01789 (SMB)

      v.                                   SIPA Liquidation

BERNARD L. MADOFF INVESTMENT        (Substantively Consolidated)
SECURITIES LLC,

        Defendant.
-----------------------------------------------------------------X
IN RE:

BERNARD L. MADOFF,

        Debtor.
-----------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

        Plaintiff,                      Adv. Pro. No. 10-04296 (SMB)

      v.

JEFFREY SHANKMAN,

        Defendant.
-----------------------------------------------------------------X

### DECLARATION OF STEVEN R. SCHLESINGER IN SUPPORT OF MOTION OF JASPAN SCHLESINGER LLP TO WITHDRAW AS COUNSEL OF RECORD FOR JEFFREY SHANKMAN

        Steven R. Schlesinger, Esq., declares, pursuant to § 1746 of title 28 of the United States

Code, as follows:

RXC/D1178575v1/M057492/C0153850

1. I am a member of the law firm Jaspan Schlesinger LLP ("JS"). I respectfully submit this declaration in support of JS's Motion pursuant to Rule 2090-1(e) of the Local Rules for the Southern District of New York to Withdraw as Counsel (the "Motion") for Defendant Jeffrey Shankman ("Shankman").

**BACKGROUND**

2. JS has been engaged to represent Shankman in this clawback action. I first appeared in this action on Shankman's behalf on March 8, 2011.

3. As a preliminary matter, I must emphasize that the decision to withdraw as counsel is not one JS has taken lightly, and it has done so only after repeatedly attempting, over the course of the past several months, to resolve the difficulties besetting our attorney-client relationship in this case. Those efforts have been unsuccessful, and we have concluded that we have no viable alternative but to withdraw as counsel of record for Shankman.

4. JS has two primary reasons for seeking withdrawal: (i) Shankman has outstanding legal fees which date back to May 2015; and (ii) there has been a breakdown of the attorney-client relationship due to Shankman's unwillingness to cooperate with JS in this litigation as well as Shankman's hostility and abusive behavior toward multiple attorneys at JS.

5. First, Shankman has unpaid invoices dating back to May 5, 2015 and owes JS a total of $18,092.70 in unpaid legal fees and expenses. JS billed Shankman its services on a regular basis, and I made repeated requests that Shankman pay what he owes. Despite Shankman's continued failure to pay the invoices, JS continued to work on behalf of Shankman until early December 2016. Over that time, JS has undertaken a substantial amount of work to resolve the clawback action against Shankman. These services included, among other things, mediation and on-going settlement negotiations.

6. As a result of Shankman's refusal to pay JS its legal fees and other significant costs incurred in connection with this clawback action, JS is unable to adequately represent Shankman's interests and should be relieved as counsel.

7. Second, there has been a breakdown of the attorney-client relationship due to Shankman's unwillingness to cooperate with JS as well as Shankman's repeated hostility and abusive behavior toward multiple attorneys at JS. Given that the communications between JS and Shankman are protected by attorney-client privilege, JS cannot represent the specific circumstances that lead to the breakdown of the relationship. Nevertheless, Shankman's behavior has made it unreasonably difficult for JS to carry out its representation of Shankman effectively.

8. On December 7, 2016 due to the unproductive relationship that had developed between Shankman and JS, I advised Shankman that he should seek to obtain new counsel as, under the circumstances, JS would be unable to proceed further with its representation of Shankman. I informed Shankman that JS would move to withdraw as counsel if necessary.

9. To the best of my knowledge, Shankman has not retained new counsel, and he has not provided his consent for JS to withdraw as counsel. As a result, JS has no choice but to request leave to withdraw.

10. Discovery in this case is complete and the parties attempted mediation on October 20, 2015. Hon. Francis G. Conrad (USBJ, Ret.) was the mediator. After mediation was unsuccessful, the parties continued their attempts to resolve this clawback action.

11. JS's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

12. The Trustee does not oppose your firm's request to withdraw as Mr. Shankman's

counsel and for a stay of the proceedings for 60 days to afford Mr. Shankman time to secure new counsel if he chooses.

## JS SHOULD BE PERMITTED TO WITHDRAW AS COUNSEL

13. The Bankruptcy Court for the Southern District of New York has adopted a local rule which addresses attorney withdrawal. In order to withdraw, "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." S.D.N.Y. LBR 2090-1(e). The Bankruptcy Court's local rule is an adaptation of S.D.N.Y. Local Civil Rule 1.4 and as such informs the Bankruptcy Court's local rule. Local Civil Rule 1.4 states that an order permitting withdrawal will be granted "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." Therefore, in order to be relieved as counsel, a lawyer appearing before this Court must make an application for withdrawal supported by affidavit or otherwise a showing of satisfactory reasons sufficient to constitute withdrawal. *In re Meyers*, 120 B.R. 751 (S.D.N.Y. 1990).

A.  *Shankman's Failure to Pay His Legal Fees and Expenses Alone Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel*

14. The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *U.S. v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990). Similarly, this Court consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See, e.g. Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the

4

non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.,* No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("`Satisfactory reasons include failure to pay legal fees.") (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.,* No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.,* No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos,* 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation).

15.    As detailed above, Shankman refuses to pay JS for legal services performed by JS and, as a result, there is $18,092.70 due and owing to JS. JS should be relieved as counsel due to Shankman's refusal to pay his legal fees.

B.    *JS Should be Relieved as Counsel Because The Attorney-Client Relationship Has Broken Down*

16.    "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.,* No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.,* No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson,* 735 F. Stipp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the

5

parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection,* No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw."). Moreover, Rule 1.16(c)(7) of the New York State Rules of Professional Conduct provides that a lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

17. Cause for withdrawal also has been found where counsel has been the object of hostile conduct by the client, where the attorney-client relationship has become unproductive, and where there has been a breach of trust on the part of the client or a challenge to the attorneys' loyalty. *Holmes v. Y.J.A. Realty Corp.,* 128 A.D.2d 482 (1st Dep't 1987); *Kolomick v. Kolomick*, 133 A.D.2d 69 (2d Dep't 1987); *Hunkins v. Lake Placid Vacation Corp.,* 120 A.D.2d 199 (3d Dep't 1986).

18. Shankman has made it unreasonably difficult for JS to carry out its representation because Shankman has refused to cooperate with JS in this litigation, he has been abusive to multiple JS attorneys, and he refuses to pay JS's invoices. Therefore, the attorney-client relationship has become unproductive. Indeed, Shankman's own behavior demonstrates that the attorney-client relationship between Shankman and JS has become unproductive and untenable. *See e.g., In re: Fosamax Products Liability Litigation*, 2012 U.S. Dist. LEXIS 82024 (S.D.N.Y.) (plaintiff's extended failure to cooperate with her attorneys' attempts to prosecute her action creates a *prima facie* case for withdrawal under Local Civil Rule 1.4). Consequently, JS respectfully requests that the Court grant its requested relief to withdraw as Shankman's counsel of record.

6

C.      *No Prejudice Will Result From JS's Withdrawal*

   19.     In addition to considering the reasons for withdrawal, courts typically also assess whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Blue Angel Films, Ltd.,* 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *2 (citations and quotation marks omitted). For example, courts generally deny motions seeking leave to withdraw as counsel if it is filed on the eve of trial. *See, e.g., Ghesani v. Trico VIII Petroleum, Inc.,* No. 03 Civ. 9854 (FM), 2005 U.S. Dist. LEXIS 29084, 2005 WL 3117485, at * 1 (S.D.N.Y. Nov. 22, 2005); *Malarkey v. Texaco, Inc.,* No. 81 Civ. 5224 (CSH), 1989 U.S. Dist. LEXIS 8764, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989).

   20.     Here, given the status of this clawback action, Shankman will not be prejudiced by JS's withdrawal. Consequently, granting leave to withdraw will not disrupt the clawback action to the point where denial is warranted.

   21.     Significantly, the clawback action may be defended by replacement counsel or Shankman can appear *pro se*. In that regard, it is respectfully requested that the clawback action be adjourned for a period of sixty (60) days to allow Shankman to find replacement counsel or appear *pro se*.

   22.     Notice of this Motion shall be provided to Shankman and counsel for the Trustee.

   23.     Based upon the foregoing, JS seeks to withdraw as counsel for Shankman pursuant to Rule 2090-1(e) of the Local Rules for the Southern District of New York, which permits withdrawal by order of the Court for cause shown.

D.      *JS is Entitled to a Retaining Lien and Charging Lien*

   24.     Since a substantial sum is currently due and owed, JS is asserting a retaining lien. Indeed, a discharged attorney is entitled to a retaining lien on the former client's papers and

7

property that are in the attorney's possession, under New York common law. *See Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991); *see also McDermott v. Great Am. Alliance Ins. Co.*, No. 5:02 Civ. 0607 (NAM/DEP), 2006 U.S. Dist. LEXIS 52878, 2006 WL 2038452, at *2 (N.D.N.Y. July 18, 2006) ("In New York, an attorney who ceases to represent his or her client but has rendered services for which payment has not yet been received has two forms of recourse against non-payment, other than commencement of a plenary action — one derived from the common law [generally referred to as a retaining lien], and the other created by statute [referred to as a charging lien]."). Accordingly, JS requests that the Court schedule a hearing to determine and fix the legal fees due and owing JS for the purpose of establishing a retaining lien and charging lien.

25.    Based on the foregoing, it is respectfully requested that the retaining lien be honored and protected by this court and that a charging lien be awarded.

E.    *The Court Should Stay All Proceedings in This Action*

26.    In addition, it is respectfully requested that all proceedings in this action be stayed until this application has been determined by the Court, and for a period of sixty (60) days following the determination of this application, so that Shankman may have the opportunity to retain new counsel or take such other steps as he may deem necessary to protect his interests in this matter.

27.    A stay at this time will not prejudice any of the parties to these proceedings but will simply maintain the *status quo*.

28.    I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

8

**WHEREFORE**, Jaspan Schlesinger LLP respectfully requests that the Court enter an order substantially in the form attached hereto, granting the relief requested herein, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
February 7, 2017

By:   /s/Steven R. Schlesinger
      STEVEN R. SCHLESINGER

9