Lax & Neville LLP
1450 Broadway, 35th Floor
New York, NY 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax, Esq. (BL1302)
Brian J. Neville, Esq. (BN8251)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :    SIPA LIQUIDATION
                                        :
      Plaintiff-Applicant,              :    No. 08-01789 (BRL)
                                        :
      v.                                :
                                        :
BERNARD L. MADOFF INVESTMENT            :
SECURITIES, LLC,                        :
                                        :
      Defendant.                        :
---------------------------------------------------------------X
In re:                                  :
                                        :    Adv. Pro. No. 10-05092 (BRL)
BERNARD L. MADOFF,                      :
                                        :
      Debtor.                           :
---------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation :
Of Bernard L. Madoff Investment Securities LLC :
                                        :
      Plaintiff,                        :
                                        :
      v.                                :
                                        :
ARCHITECTURAL BODY RESEARCH             :
FOUNDATION, INC.,                       :
                                        :
      Defendant.                        :
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAX & NEVILLE LLP**
**TO WITHDRAW BARRY R. LAX, ESQ., BRIAN J. NEVILLE, ESQ., AND**
**RAQUEL KRAUS, ESQ. AS COUNSEL TO DEFENDANT**

## ARCHITECTURAL BODY RESEARCH FOUNDATION, INC.

LAX & NEVILLE LLP ("Lax & Neville") respectfully submits this Memorandum of Law in Support of the Motion to Withdraw Barry R. Lax, Esq., Brian J. Neville, Esq., and Raquel Kraus, Esq. as Counsel to Defendant Architectural Body Research Foundation, Inc. (the "Motion"), pursuant to Local Bankruptcy Rule 2090-1(e) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rule 2090-1(e)"), and 22 N.Y.C.R.R. Part 1200 Rule 1.16 ("Professional Conduct Rule 1.16"). In support of the Motion, Lax & Neville respectfully states as follows:

### PRELIMINARY STATEMENT

1.  Lax & Neville's Motion for leave to withdraw Barry R. Lax, Esq. ("Mr. Lax"), Brian J. Neville, Esq. ("Mr. Neville"), and Raquel Kraus, Esq. ("Ms. Kraus") from its representation of the Defendant in the above-captioned case should be granted. As Defendant has terminated the attorney-client relationship with the firm, good cause exists for the Court to grant this Motion.

### GENERAL BACKGROUND

2.  Defendant is a former customer of Bernard L. Madoff Investment Securities ("BLMIS") who opened various accounts at BLMIS. On December 11, 2008, Madoff's fraud was exposed and BLMIS customers discovered that the BLMIS brokerage account statements they received were fraudulent. Defendant discovered that it had lost millions of dollars as a result of Madoff's fraud.

3.  On December 11, 2008, a liquidation proceeding was commenced against BLMIS pursuant to the Securities Investor Protection Act ("SIPA"). See SEC vs. Madoff, No. 08-10791, Order (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring the proceeding to

2

the Bankruptcy Court) [Dkt. No. 4]. The Trustee was appointed to oversee the liquidation. Id. On December 23, 2008, the Bankruptcy Court ordered the Trustee to provide notice, claim forms and other related documents to customers and creditors of BLMIS, authorizing the Trustee to "satisfy [] a customer's 'net equity' claim, as defined in 15 U.S.C. § 78lll(11)." See Order, In re Bernard L. Madoff Inv. Sec. LLC, No. 08-01789 (Bankr. S.D.N.Y. Dec. 23, 2009) [Dkt. No. 12].

4.  On December 3, 2010, the Trustee filed the Trustee's Complaints, in which the Trustee commenced an adversary proceeding against the Defendant seeking to avoid, as fraudulent transfers, all transfers and withdrawals from Defendant's BLMIS accounts. The Trustee's Complaint raises seven (7) counts, which seek to recover fraudulent transfers based upon federal and state securities laws and the Bankruptcy Code. Specifically, the Trustee's Complaint seeks to avoid alleged two-year fraudulent conveyance transfers under the fraudulent conveyance provisions of the Bankruptcy Code, 11 U.S.C. §548(a), and other alleged six-year fraudulent conveyance transfers (which includes the two (2) year amount) as actual and constructive fraudulent conveyances pursuant to N.Y. Debtor and Creditor Law, as applicable under § 544(b) of the Bankruptcy Code.

5.  On September 20, 2011, Mr. Lax, Mr. Neville, and Gabrielle J. Pretto, Esq. ("Ms. Pretto") filed Notices of Appearance on behalf of Defendant.

6.  On or about August 4, 2015, Ms. Pretto resigned from her position at Lax & Neville LLP. The firm filed a motion to withdraw Ms. Pretto as counsel for Defendant on August 20, 2015. The Court granted the application to withdraw Ms. Pretto as counsel on September 21, 2015.

7.  On August 19, 2015, Ms. Kraus filed a Notice of Appearance on behalf of Defendant.

8. On April 26, 2016, Defendant terminated the attorney client relationship with Lax & Neville LLP.

## ARGUMENT

9. The Local Bankruptcy Rules provide that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Local Bankruptcy Rule 2090-1(e).

10. Lax & Neville has requested the consent of Baker & Hostetler, LLP, counsel for the Trustee, but has yet to receive a response.

11. Lax & Neville's request for leave to withdraw Mr. Lax, Mr. Neville and Ms. Kraus should be granted because Defendant has terminated the attorney-client relationship with the firm Lax & Neville, LLP and discharged Mr. Lax, Mr. Neville, and Ms. Kraus as its attorneys.

12. The Model Rules of Professional Conduct require that an attorney withdraw from representation of a client when discharged by the client. While discharge of an attorney by a client is immediate, "counsel's authority as an attorney of record in a civil action continues unabated until the withdrawal, substitution, or discharge is formalized...." *Farage v. Ehrenberg*, 124 A.D.3d 159, 165, 996 N.Y.S.2d 646, 652 (2014). Hence, this motion.

12. Given Defendant's discharge of Mr. Lax, Mr. Neville, and Ms. Kraus, the Court should grant the Motion and formalize the withdrawal of Lax & Neville, LLP from this case.

## CONCLUSION

13. Because Defendant has discharged Mr. Lax, Mr. Neville, and Ms. Kraus, good cause exists to grant this Application. Accordingly, Lax & Neville respectfully requests that this Court enter an order: (i) allowing it to withdraw Brian J. Neville, Esq., Barry R. Lax, Esq., and

4

Raquel Kraus, Esq. as counsel of record for the Defendant; and (ii) granting any other and further relief as the Court deems appropriate.

Dated: New York, New York
February 17, 2017

                Respectfully submitted,

                LAX & NEVILLE LLP

By:   */s/ Brian J. Neville*
       Brian J. Neville, Esq. (BN8251)
       Lax & Neville LLP
       1450 Broadway, 35th Floor
       New York, NY 10018
       Telephone: (212) 696-1999
       Facsimile: (212) 566-4531