# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

March 2, 2017

**VIA ECF AND EMAIL: bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

> Re: **Request pursuant to Local Rule 7007-1 for pre-motion conference or, alternatively, for permission to file a motion to set a single date for service of rebuttal expert reports in all Chaitman LLP cases after the completion of the Madoff deposition and related discovery**

Dear Judge Bernstein:

We write pursuant to Local Rule 7007-1 to request a pre-motion conference or, alternatively, for permission to file a motion to set a single date for service of rebuttal expert reports after the completion of the Madoff deposition and related discovery in all Chaitman LLP cases in which fact discovery was open as of July 7, 2016.

On July 7, 2016, we moved to take Mr. Madoff's deposition. (ECF Nos. 13603-13605). On September 29, 2016, the Court authorized the deposition. (ECF No. 14213). The Court has since modified the original order authorizing the deposition to permit two additional days to complete the "Day One Deposition Topics." (ECF No. 14905). After completion of the Day One Deposition Topics, counsel for the Trustee and participating Defendants are entitled to identify and file with the Court additional proposed topics for examination (the "Day Two Deposition Topics."). (*See id.*). Given the difficulties of scheduling deposition days with the prison officials, it is likely that Madoff's deposition will not be completed for a few more months.

As the Court will recall, the Trustee has refused to concede that Madoff ever did any legitimate trading. While this Court has ordered the Trustee to produce all trading records, to this day he has not done so. Even after Judge Maas recently ordered the Trustee to produce all trading records, (*see* ECF No. 14807 at 3), the Trustee still refuses to do so. This dispute is currently pending before Judge Maas.

The Trustee, while denying Defendants access to Madoff's trading records, relies on the Expert Report of Bruce Dubinsky (the "Dubinsky Report") to argue that Madoff never traded any

{00028536 1 }

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
March 2, 2017
Page 2

securities for his Investment Advisory customers.  However, the Trustee has recently admitted that Mr. Dubinsky was not even provided with all of Madoff's trading records when he reached this conclusion.  (*See* Ex. A at 25:22-26:2) (MR. JACOBS: ". . . . So nobody has seen this material until we see it and produce it – until we get it and produce it."  ARBITRATOR MAAS: "Including, in particular, Mr. Dubinsky."  MR. JACOBS: "That's correct."); (*id.* at 27:7-9) (MR JACOBS: "But any – all of the documents that Mr. Dubinsky considered with his report as it exists today are in the data room."); (*id.* at 29:2-6) (MR. JACOBS: "The additional 93 that we produced were in the database of microfilm that we previously restored, but they, to my knowledge, have not been considered by Mr. Dubinsky in connection with his report."); (*see generally id*. at 25:9-29:6) (summarizing the issue).

Madoff's deposition testimony has already shown that the Dubinsky Report is patently incredible.  Defendants who are participating in the Madoff deposition are entitled to submit a rebuttal report to the Dubinsky Report, in each of their cases, after the completion of Madoff's deposition and any related discovery.  There is no justification for forcing these Defendants to submit a rebuttal expert report until this fact discovery is complete.

In view of the fact that the case management orders in many of Defendants' cases require the submission of rebuttal expert reports long before Madoff's deposition and any related discovery can possibly be completed, we asked counsel for the Trustee to consent to setting a date after the completion of the Madoff deposition and any related discovery for service of Defendants' rebuttal expert reports.  The Trustee's counsel has refused to consent.  (*See* Ex. B).

The Court's attention to this matter is most appreciated.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Encls.

cc:    (*via ECF and Email w/encl.*)
       David J. Sheehan (dsheehan@bakerlaw.com)
       Edward J. Jacobs (ejacobs@bakerlaw.com)
       Marie L. Carlisle (mcarlisle@bakerlaw.com)
       Maximillian S. Shifrin (mshifrin@bakerlaw.com)
       Keith R. Murphy (kmurphy@bakerlaw.com)

{00028536 1 }