**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br><br>               v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                  Plaintiff,<br><br>               v.<br><br>EQUITY TRADING PORTFOLIO LIMITED, EQUITY TRADING FUND, LTD, BNP PARIBAS ARBITRAGE, SNC,<br><br>                  Defendants. | Adv. Pro. No. 10-04457 (SMB) |

## STIPULATED ORDER DENYING MOTION TO DISMISS COMPLAINT

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, and defendant BNP Paribas Arbitrage, SNC ("BNP Arbitrage," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on November 30, 2010, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a Complaint against Equity Trading Portfolio Limited, Equity Trading Fund, Ltd., and BNP Arbitrage, *see Picard v. Equity Trading Portfolio Ltd.*, Adv. Pro. No. 10-04457 (SMB), ECF No. 1;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"), *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.*, ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further

proceedings consistent with" the Extraterritoriality Order; *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed BNP Arbitrage, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address: (a) which counts asserted in the adversary proceeding against BNP Arbitrage should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein; and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"), *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, on December 31, 2014, BNP Arbitrage filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss, *see Picard v. Equity Trading Portfolio Ltd.*, Adv. Pro. No. 10-04457 (SMB), ECF No. 79;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed: (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss; (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss; and (c) proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed amended complaint, *see Picard v. Equity Trading Portfolio Ltd.*, Adv. Pro. No. 10-04457 (SMB), ECF Nos. 88-90;

**WHEREAS**, on September 30, 2015, BNP Arbitrage filed: (a) a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss; and (b) a

supplemental reply memorandum in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF Nos. 92, 93;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that denied the Extraterritoriality Motion to Dismiss as to BNP Arbitrage in this adversary proceeding, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 22, 2016), 2016 WL 6900689 (Bank. S.D.N.Y. Nov. 22, 2016), ECF No. 14495;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate and the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The Extraterritoriality Motion to Dismiss is **DENIED**.

3. Leave to amend by the Trustee is **GRANTED**.

Dated: January 20, 2017
     New York, New York

By: */s/ David J. Sheehan*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Mark A. Kornfeld
Email: mkornfeld@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

By: */s/ Breon S. Peace*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: 212.225.2000
Facsimile: 212.225.3999
Breon S. Peace
Email: bpeace@cgsh.com
Ari D. MacKinnon
Email: amackinnon@cgsh.com

*Attorneys for Defendant BNP Paribas Arbitrage, SNC*

**SO ORDERED**

**Dated: March 3rd, 2017**
    **New York, New York**

       **/s/ STUART M. BERNSTEIN**
       **HONORABLE STUART M. BERNSTEIN**
       **UNITED STATES BANKRUPTCY JUDGE**