**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>**FINAL DOCUMENT CLOSING ADVERSARY PROCEEDING** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DELTA NATIONAL BANK AND TRUST COMPANY,<br><br>        Defendant. | Adv. Pro. No. 11-02551 (SMB) |

**STIPULATED FINAL ORDER**
**GRANTING MOTION TO DISMISS**

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*., and the estate of Bernard L. Madoff, individually, and defendant Delta National Bank and Trust Company ("Delta," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on August 25, 2011, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a Complaint against Delta. *See Picard v. Delta Nat'l Bank & Trust Co.*, Adv. Pro. No. 11-02551 (SMB), ECF No. 1;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.*, ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed certain defendants (the "ET Defendants"), the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceedings against the ET Defendants should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file amended complaints containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, Delta did not participate in the Extraterritoriality Motion to Dismiss and was therefore not subject to the Bankruptcy Court's December 10, 2014 Order;

**WHEREAS**, on December 31, 2014, the ET Defendants filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8903;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) supplemental memoranda in opposition to the Extraterritoriality Motion to Dismiss, and (c) depending on the case, a proposed amended complaint or proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed amended complaint. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 10287, 10288, *et seq.*;

**WHEREAS**, on September 30, 2015, the ET Defendants filed (a) a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) supplemental reply memoranda in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF No. 11520, *et seq.*;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495;

**WHEREAS**, on January 18, 2017, this Court entered the So Ordered Stipulation Applying Omnibus Extraterritoriality Briefing and Memorandum Decision to Certain Joinder Defendants (the "Joinder Stipulation"), applying the Memorandum Decision, subject to the reservations of rights and limitations set forth therein, to Delta. *See id.*, ECF No. 14890;

**WHEREAS**, pursuant to the Joinder Stipulation, the Memorandum Decision's international comity holding applies to Delta, and the Trustee's claim against Delta is subject to dismissal pursuant to the Memorandum Decision. *See id.*;

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate and the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The Parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, Delta reserves all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3. The Extraterritoriality Motion to Dismiss is **GRANTED** as to Delta.

Dated: January 20, 2017
New York, New York

By: */s/  David J. Sheehan*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Thomas L. Long
tlong@bakerlaw.com
Catherine E. Woltering
cwoltering@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

5

By: */s/ William Heuer*
**DUANE MORRIS, LLP**
1540 Broadway
New York, NY 10036
Telephone:  (212) 692-1000
Facsimile:  (212) 692-1020
William Heuer, Esq.
Email: wheuer@duanemorris.com
Patricia Heer, Esq.
Email: phheer@duanemorris.com

*Attorneys for Delta National Bank and Trust Company*

**SO ORDERED**

**Dated: March 3rd, 2017**
      **New York, New York**

**/s/ STUART M. BERNSTEIN**
**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**