**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Tatiana Markel  
Stephanie A. Ackerman  

Hearing Date: March 29, 2017  
Hearing Time: 10:00 AM (EST)  
Objection Deadline: March 16, 2017  

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S MOTION TO REMOVE FORMER PARTIES IN INTEREST FROM THE MASTER SERVICE LIST AND FOR A PROCEDURE TO EFFECT FUTURE <u>UPDATES TO THE MASTER SERVICE LIST</u>**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),[1] and the chapter 7 estate of Bernard L. Madoff ("Madoff"), hereby moves this Court pursuant to section 105(a) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 2002, 9007, and 9019, and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure ("Local Rules") for entry of an order of the United States Bankruptcy Court for the Southern District of New York (i) permitting the Trustee to remove thirty-seven individuals or entities who are no longer parties in interest to this SIPA liquidation (the "Former Parties In Interest") from the service list identifying the parties upon whom all pleadings will be served (the "Master Service List"), as established through the entry of this Court's December 5, 2011 Notice Procedures Order (as defined below), and (ii) approving a procedure for subsequent updates to the Master Service List through proper Notice to such individuals as detailed further herein (the "Motion"). The Former Parties In Interest to be removed from the Master Service List are identified in Exhibit 1 to the Declaration of Vineet Sehgal ("Sehgal Declaration") filed herewith.

In support of the Motion, the Trustee states and represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] For convenience, subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

1

3. The relief sought in this Motion is based upon section 105(a) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 2002, 9007, and 9019, and Local Rule 9013-1 as well as the law set forth herein.

## BACKGROUND

4. The basic facts of the BLMIS fraud are widely known and have been recounted in numerous decisions. *See, e.g.*, *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 231-4 (2d Cir. 2011); *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 393–94 (S.D.N.Y. 2010). On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against Madoff and BLMIS, captioned *SEC v. Madoff*, No. 1:08-cv-10791-LLS, 2008 WL 5197070 (S.D.N.Y. Dec. 11, 2008), alleging fraud through the investment advisor activities of BLMIS. The SEC consented to the consolidation of its case with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, SIPC filed an application under SIPA § 78eee(a)(4) alleging that because of its insolvency, BLMIS's customers needed SIPA protection. The District Court appointed the Trustee under SIPA § 78eee(b)(3) and removed the proceeding to this Court under SIPA § 78eee(b)(4).

5. Under SIPA, the Trustee is responsible, among other things, for recovering and distributing to the fullest extent possible customer property to a broker's customers, assessing claims, and liquidating other assets of the firm for the benefit of the estate and its creditors, including claimants to the customer fund.

6. On December 23, 2008, this Court entered its Order on the Trustee's Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief (the "Claims Procedures Order"). ECF No. 12. Pursuant to the Claims Procedures Order, the Trustee determines claims eligible for customer protection under SIPA, and claimants

2

may object to the Trustee's determination of a claim by filing an objection with this Court within a certain time period, after which the Trustee requests a hearing date for the objection and notifies the objecting claimant thereof. *Id.*

7.  On December 5, 2011, on motion of the Trustee, this Court entered the Order Establishing Notice Procedures and Limiting Notice (the "Notice Procedures Order"). ECF No. 4560. The Notice Procedures Order authorizes the Trustee, *inter alia*, to "limit notice [of pleadings in this SIPA liquidation] to certain parties and entities unless otherwise ordered by this Court," and to establish and maintain the Master Service List. *Id.*

8.  The Master Service List, as created by the Notice Procedures Order, identifies the parties upon whom all pleadings in this liquidation will be served and included SIPC, the SEC, the Internal Revenue Service, the United States Attorney for the Southern District of New York, and those parties who filed a Notice of Appearance in *SIPC v. BLMIS*, Adv. No. 08-01789 (SMB) (the "Main Case"). In addition, the Notice Procedures Order allows the addition of "[a]ny *pro se* party in interest" to the Master Service List by their submission of a request form to the Trustee.

9.  Thus, this Court limited the service of all pleadings in this SIPA liquidation to (i) individuals identified on the Master Service List; (ii) individuals who have filed a Notice of Appearance; (iii) those directly impacted by the pleading; (iv) parties to the adversary proceeding (when applicable); and (v) any *pro se* party in interest who requested such notice in writing.

### THE FORMER PARTIES IN INTEREST

10. The Former Parties In Interest are individuals or entities who once asserted an interest in this proceeding but whose claims were denied and whose objections have since been fully disallowed or withdrawn.

3

11. The thirty-seven (37) Former Parties In Interest include nine (9) individuals or entities that filed customer claims and subsequent objections to the Trustee's determination of those claims, however, those objections have since been resolved: two (2) individuals withdrew both their claims and objections, and the objections of the remaining seven (7) Former Parties In Interest were disallowed by prior decisions of this Court.[2] As such, these nine (9) individuals or entities no longer hold claims to the BLMIS customer fund.

12. The remaining twenty-eight (28) individuals or entities also filed customer claims that were denied by the Trustee, and such claimants did not file an objection to the Trustee's denial of their claims within the deadline as set by the Claims Procedures Order.[3] As a result, the Trustee's denial of those claims is final and the claimants no longer hold a claim to the BLMIS customer estate.

## RELIEF REQUESTED

13. The Trustee requests entry of an order (i) allowing the Trustee to remove the Former Parties In Interest from the Master Service List; and (ii) amending the Notice Procedures Order to allow the Trustee to effect subsequent updates to the Master Service List periodically by Notice to parties to be removed.

14. Specifically, the Trustee seeks an order allowing removal of former parties in interest by 35 days' notice to the individuals or entities to be removed from the Master Service

---

[2] *See* Sehgal Decl. ¶7, Ex. 2.

[3] *See* Sehgal Decl. ¶8, Ex. 3.

4

List, substantively in the form of Exhibit A attached hereto, and with a hearing only upon the filing of an objection to the removal.

## BASIS FOR RELIEF

### A. The Notice Procedures Order Limits Notice to Parties In Interest

15. Under the Bankruptcy Code, a party must be a "party in interest" in order to participate in a bankruptcy proceeding. Section 1109(b) identifies who may be heard in a bankruptcy proceeding as "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." 11 U.S.C. § 1109(b). This list should be "broadly interpreted" but it is not "infinitely expansive." *In re Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997). And, at a minimum a party must be affected by the proceeding to be entitled to party in interest status. *See In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989) (holding consumer protection organization was not a party in interest because it lacked any legal right to the relief sought).

16. Courts have therefore typically interpreted party in interest "to mean 'anyone . . . who has a legally protected interest that could be affected by a bankruptcy proceeding.'" *In re Telligent, Inc.*, 417 B.R. 197, 210 (Bankr. S.D.N.Y. 2009) (citation omitted); *see also In re Ionosphere Clubs, Inc.*, 101 B.R. at 849. Also, "to be affected" by the proceeding "a party must show that it has 'a direct financial stake in the outcome of the case.'" *In re Telligent, Inc.*, 417 B.R. at 210 (quoting *Doral Ctr., Inc. v. Ionosphere Clubs, Inc. (In re Ionosphere Clubs, Inc.)*, 208 B.R. 812, 814 (S.D.N.Y. 1997)). However, this Court has cautioned that, while anyone who is affected by the proceeding must be heard, it is "important that a bankruptcy court is not too facile in granting applications for standing. Overly lenient standards may potentially over-

5

burden the reorganization process by allowing numerous parties to interject themselves into the case on every issue . . . ." *In re Ionosphere*, 101 B.R. at 850.

17. Consistent with the purposes of section 1109(b) of the Bankruptcy Code, and this Court's cautioning against overly lenient application of the party in interest standing, the Notice Procedures Order limits notice to only parties in interest. Specifically, in addition to defendants to an adversary proceeding and attorneys who have filed notices of appearance in the case, the Notice Procedures Order limits the Trustee's noticing obligations to "any *pro se* party in interest [who returns] a form . . . requesting such party's addition to the Master Service List." Notice Procedures Order, § I(c).

18. Even at its broadest construction, the Former Parties In Interest no longer qualify as parties in interest to this SIPA proceeding. The Former Parties In Interest are not defendants in any of the Trustee's ongoing adversary proceedings, they no longer hold valid claims or related objections, and thus none have a pecuniary interest or recognizable interest in the BLMIS customer fund or the BLMIS general estate. And without a pecuniary interest in the customer fund or the BLMIS general estate or as a defendant, they lack any legally protected interest that could be affected by this proceeding, and thus are not parties in interest who require notice of pleadings in the SIPA liquidation.

B. **Granting the Trustee's Motion is Within This Court's Power to Interpret and Enforce Its Own Orders and Consistent with the Bankruptcy Code and Rules of Procedure**

19. It is well-established that a bankruptcy court, like all federal courts, retains "jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). In *Travelers*, the Supreme Court of the United States upheld Judge Lifland's application of his earlier and final injunction to a related action two decades later, finding that the "answer . . . is easy" and holding that the "Bankruptcy Court plainly had

6

jurisdiction to interpret and effect is own prior orders," especially because it "explicitly retained jurisdiction to enforce" its orders. *Id.*; *Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.)*, 419 F.3d 83, 97 (2d Cir. 2005) ("Bankruptcy courts retain jurisdiction to enforce and interpret their own orders."); *see also In re Motors Liquidation Co.*, 457 B.R. 276, 287 (Bankr. S.D.N.Y. 2011) ("And it's well established, of course, that bankruptcy courts, like other federal courts, have the jurisdiction to enforce their earlier orders . . . ."); *NWL holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 317 B.R. 260, 272 (Bankr. S.D.N.Y. 2004).

20. The purpose of section 105(a) is to ensure a bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2-105 Collier on Bankruptcy ¶ 105.01 (16th ed. 2016). And, central to this purpose of § 105(a) is the Court's authority to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

21. Likewise, Bankruptcy Rules 2002(m) and 9007 empower the Court to tailor the method, form, scope, timing and recipients of notice for matters before it. Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). Similarly, Bankruptcy Rule 9007 specifically grants this Court general authority to regulate notice: "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, *the entities to whom*, and the form and manner in which the notice shall be given. Fed. R. Bankr. P. 9007 (emphasis added).

7

22.     Collectively, the Supreme Court's holding in *Travelers*, the Bankruptcy Code, and the Rules of Bankruptcy Procedure grant this Court authority to interpret the Notice Procedures Order to allow the Trustee to update the Master Service List to limit the scope of notice to only those individuals or entities who remain parties in interest to this SIPA liquidation as well as authorizing the Trustee's proposed subsequent removals through reasonable notice to the individuals or entities to be removed, as detailed above and on Exhibit A.

## NOTICE

23.     The Trustee will provide notice of this Motion by U.S. Mail, postage prepaid or email to: (i) individuals listed in Exhibit 1 annexed to the supporting Declaration of Vineet Sehgal; (ii) all parties included in the Master Service List; (iii) all parties that have filed a notice of appearance in the Main Case; (iv) the SEC; (v) the IRS; (vi) the United States Attorney for the Southern District of New York; and (vii) SIPC, pursuant to the Order Establishing Notice Procedures, ECF No. 4560. The Trustee submits that no other or further notice is required. In addition, the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

24.     No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion, and such other and further relief as is just and proper.

8

| | |
|---|---|
| Dated: New York, New York<br>March 3, 2017 | Respectfully submitted,<br><br>*/s/ David J. Sheehan*<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Tatiana Markel<br>Email: tmarkel@bakerlaw.com<br>Stephanie A. Ackerman<br>Email: sackerman@bakerlaw.com<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York  10111<br>Tel: (212) 589-4200<br>Fax: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* |

9