**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | **FINAL DOCUMENT CLOSING ADVERSARY PROCEEDING** |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 11-02732 (SMB) |
| Plaintiff, | |
| v. | |
| BUREAU OF LABOR INSURANCE, | |
| Defendant. | |

**STIPULATED FINAL ORDER**
**GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*., and the estate of Bernard L. Madoff, individually, and defendant Bureau of Labor Insurance ("Defendant," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on September 22, 2011, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Defendant. *Picard v. Bureau of Labor Insurance*, Adv. Pro. No. 11-02832, ECF No. 1;

**WHEREAS**, on February 3, 2012, Defendant filed a motion to dismiss the complaint on the grounds that: the Bankruptcy Court lacked jurisdiction based on the Foreign Sovereign Immunities Act; the Bankruptcy Court lacked personal jurisdiction over the Defendant; the Trustee could recover the subsequent transfers made to the Defendant because the initial transfers had not been avoided; and the Trustee's claims were barred by the presumption against extraterritorial application of Bankruptcy Code Section 550. *Id.* at ECF Nos. 8–10;

**WHEREAS**, on April 19, 2012, the Trustee filed a memorandum of law in opposition to Defendant's motion to dismiss. *Id.* at ECF Nos. 16 and 17;

**WHEREAS**, on June 14, 2012, Defendant filed a reply memorandum in further support of its motion to dismiss. *Id.* at ECF Nos. 38 and 39;

**WHEREAS**, July 16, 2012, the Trustee filed a sur-reply in opposition to Defendant's motion to dismiss. *Id.* at ECF Nos.45 and 46;

**WHEREAS**, on August 8, 2012, the Bankruptcy Court held a hearing on Defendant's motion to dismiss. *Id.* at ECF No. 48;

**WHEREAS**, on October 11, 2012, the Bankruptcy Court issued a Memorandum Decision and Order Denying Defendant's Motion to Dismiss. *Id.* at ECF No. 51;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d)

to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, Defendant did not seek the withdrawal of the reference on the Extraterritoriality Issue in this adversary proceeding;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.*, ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on November 17, 2014, Defendant filed a letter with the Bankruptcy Court requesting permission to join the proceedings remanded from the District Court under the Extraterritoriality Order. *See Picard v. Bureau of Labor Insurance*, Adv. Pro. No. 11-02832, ECF No. 78;

**WHEREAS**, on November 18, 2014, the Trustee filed a letter in response to Defendant's request to join the extraterritoriality proceedings remanded from the District Court. *Id.* at ECF No. 79;

**WHEREAS**, on November 19, 2014, at a hearing on the proceedings remanded from the District Court, the Bankruptcy Court denied Defendant's request to join the proceedings. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 9542;

**WHEREAS**, on April 9, 2015, Defendant filed a motion for judgment on the pleadings (the "Motion for Judgment on the Pleadings") seeking dismissal of this adversary proceeding based on the Extraterritoriality Order. *See Picard v. Bureau of Labor Insurance*, Adv. Pro. No. 11-02832, ECF Nos. 85–87;

**WHEREAS**, on June 9, 2015, the Trustee filed a memorandum of law in opposition to Defendant's Motion for Judgment on the Pleadings. *See id.*, at ECF Nos. 88, 89;

**WHEREAS**, on July 22, 2015, Defendant filed a reply brief in further support of its Motion for Judgment on the Pleadings. *See id.* at ECF No. 96;

**WHEREAS**, on July 29, 2015, the Bankruptcy Court held a hearing on Defendant's Motion for Judgment on the Pleadings. *See id.* at ECF No. 99;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted Defendant's Motion for Judgment on the Pleadings. *See id.* at ECF No. 110;

**WHEREAS**, the Memorandum Decision directed that this adversary proceeding should be dismissed. *See id.*;

4

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of a final order and judgment consistent with the Memorandum Decision in this adversary proceeding;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate and the Bankruptcy Court hereby orders:

1.     The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2.     The parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter a final order and judgment with respect to the  Motion for Judgment on the Pleadings, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, Defendant reserves all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding including but not limited to the previously determined issues decided by the Bankruptcy Court in its Memorandum Decision and Order Denying Defendant's Motion to Dismiss, dated October 11, 2012.

3.     The Motion for Judgment on the Pleadings is **GRANTED**.

Dated: January 20, 2017                    By: */s/ David J. Sheehan*
    New York, New York                    **BAKER & HOSTETLER LLP**
                                                45 Rockefeller Plaza
                                                New York, New York 10111
                                                Telephone:  (212) 589-4200
                                                Facsimile:  (212) 589-4201
                                                David J. Sheehan
                                                Email:  dsheehan@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

By: */s/ Amiad M. Kushner*
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, New York 10022
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Amiad M. Kushner
Email: akushner@lowenstein.com

*Attorneys for Defendant Bureau of Labor
Insurance*

**SO ORDERED**

**Dated:** **March 3rd, 2017**
          **New York, New York**

**/s/ STUART M. BERNSTEIN**
**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**