**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,  Plaintiff-Applicant,  v.  BERNARD L. MADOFF INVESTMENT SECURITIES LLC,  Defendant. | Adv. Pro. No. 08-01789 (SMB)  SIPA LIQUIDATION  (Substantively Consolidated)  **FINAL DOCUMENT CLOSING ADVERSARY PROCEEDING** |
| In re:  BERNARD L. MADOFF,  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,  Plaintiff,  v.  LIGHTHOUSE INVESTMENT PARTNERS LLC, d/b/a LIGHTHOUSE PARTNERS, LIGHTHOUSE SUPERCASH FUND LIMITED, and LIGHTHOUSE DIVERSIFIED FUND LIMITED,  Defendants. | Adv. Pro. No. 11-02762 (SMB) |

**STIPULATED FINAL ORDER
GRANTING MOTION TO DISMISS COMPLAINT**

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*., and the estate of Bernard L. Madoff, individually, and defendants Lighthouse Investment Partners LLC, d/b/a Lighthouse Partners ("Lighthouse Partners"), Lighthouse Supercash Fund Limited ("Lighthouse

Supercash"), and Lighthouse Diversified Fund Limited ("Lighthouse Diversified," and collectively, the "Defendants," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on October 6, 2011, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a Complaint against the Defendants. *Picard v. Lighthouse Inv. Partners LLC, et al.*, Adv. Pro. No. 11-02762 (SMB), ECF No. 1;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain

2

additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed Lighthouse Diversified, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against Lighthouse Diversified should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, the Trustee maintains that Lighthouse Partners and Lighthouse Supercash did not participate in the Extraterritoriality Motion to Dismiss and were therefore not subject to the Bankruptcy Court's December 10, 2014 order;

**WHEREAS**, on December 31, 2014, Lighthouse Diversified filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See Picard v. Lighthouse Inv. Partners LLC, et al.*, Adv. Pro. No. 11-02762 (SMB), ECF No. 53;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) proffered allegations as to the Extraterritoriality

3

Issue that the Trustee would include in a proposed amended complaint. *See Picard v. Lighthouse Inv. Partners LLC, et al.*, Adv. Pro. No. 11-02762 (SMB), ECF Nos. 63–65;

**WHEREAS**, on September 30, 2015, Lighthouse Diversified filed (a) a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) a supplemental reply memorandum in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF Nos. 68–70;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted in part the Extraterritoriality Motion to Dismiss as to Lighthouse Diversified. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed that the Trustee's claim in this adversary proceeding should be dismissed as to the subsequent transfer received by Lighthouse Diversified;

**WHEREAS**, on January 18, 2017, this Court entered the So Ordered Stipulation Applying Omnibus Extraterritoriality Briefing and Memorandum Decision to Certain Joinder Defendants (the "Joinder Stipulation"), applying the Memorandum Decision, subject to the reservations of rights and limitations set forth therein, to Lighthouse Partners and Lighthouse Supercash. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 14890;

**WHEREAS**, pursuant to the Joinder Stipulation, the Memorandum Decision's International Comity Holding (as defined in the Joinder Stipulation) directs dismissal of all of the Trustee's claims in this adversary proceeding for the recovery of subsequent transfers received by Lighthouse Partners and Lighthouse Supercash;

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate and the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The Parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, the Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3. The Extraterritoriality Motion to Dismiss is **GRANTED** as to the Defendants.

| | |
|---|---|
| Dated:  January 20, 2017<br>　　　　New York, New York | By: */s/ David J. Sheehan*<br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone:  (212) 589-4200<br>Facsimile:  (212) 589-4201<br>David J. Sheehan<br>dsheehan@bakerlaw.com<br>Thomas L. Long<br>tlong@bakerlaw.com<br><br>**BAKER & HOSTETLER LLP**<br>65 East State Street, Suite 2100<br>Columbus, Ohio 43215<br>Telephone: (614) 228-1541<br>Facsimile: (614) 462-2616<br>Lauren M. Hilsheimer<br>lhilsheimer@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*<br><br>By: */s/ Eugene R. Licker*<br>**BALLARD SPAHR LLP**<br>919 Third Avenue, 37th Floor<br>New York, NY 10022-3915<br>Telephone:  (212)-223-0200<br>Facsimile:  (212) 223-1942<br>Eugene R. Licker<br>Email: lickere@ballardspahr.com<br><br>*Attorney for Defendants Lighthouse Investment Partners LLC, Lighthouse Supercash Fund Limited, and Lighthouse Diversified Fund Limited* |
| **SO ORDERED**<br>**Dated: March 3rd, 2017**<br>　　　　**New York, New York** | **/s/ STUART M. BERNSTEIN**<br>**HONORABLE STUART M. BERNSTEIN**<br>**UNITED STATES BANKRUPTCY JUDGE** |

6