**EXHIBIT I**

**Trustee's Responses and Objections**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-05257 (SMB) |
| v. | |
| Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; andPatricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick, | |
| Defendants. | |

**TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO**
**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO THE TRUSTEE**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to Defendants' First Set of Requests for Production, dated April 5, 2016 ("Interrogatories").

## OBJECTIONS TO DEFINITIONS

1.      The Trustee objects to the definition of "BLMIS" on the ground that the term "BLMIS" should encapsulate Bernard L. Madoff, individually, Bernard L. Madoff Investment Securities, a sole proprietorship, and Bernard L. Madoff Investment Securities LLC. "BLMIS" operated three business units: (i) a market making business; (ii) a proprietary trading business; and (iii) an investment advisory business (the "IA Business"). The Trustee's responses to these Interrogatories are limited to the IA Business because Defendants maintained accounts with the IA Business.

2.      The Trustee objects to the definitions of "1Z0020 Transferor Accounts" and "1Z0037 Transferor Accounts" on the grounds that they assume certain funds were actually transferred from other BLMIS accounts into Account Nos. 1Z0020 and 1Z0037. The "inter-account transfers" reflected on Exhibit B to the Complaint were book entries at BLMIS and did not reflect any actual transfer or movement of cash. In addition, the definitions are vague and ambiguous insofar as they encapsulate accounts "otherwise concerning the 'Balance of Principal' calculation" for Account Nos. 1Z0020 and 1Z0037. The Trustee will interpret "1Z0020 Transferor Accounts" and "1Z0037 Transferor Accounts" as including only those accounts listed on Exhibit B from which "inter-account transfers" were made into Account Nos. 1Z0020 and 1Z0037.

**OBJECTIONS TO INSTRUCTIONS**

1. The Trustee will respond to these Interrogatories consistent with Rules 26 and 33 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of the Court, including the Court's November 10, 2010 Litigation Procedures Order [ECF No. 3141] ("Litigation Procedures Order") and the Court's June 6, 2011 Litigation Protective Order [ECF No. 4137] ("LPO").

**SOURCES OF INFORMATION RELEVANT TO THE CLAIMS AND DEFENSES IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL**

1. Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents").

2. Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI").

**I.    BLMIS DOCUMENTS**

From the Hard-Copy BLMIS Documents and BLMIS ESI (collectively, "BLMIS Documents"), the Trustee created a searchable electronic database containing approximately 4.7 million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents ("the **BLMIS Searchable Database**"). Defendants do not have direct access to the BLMIS Searchable Database because it contains documents relating to thousands of customers, many of which are not relevant to this proceeding. Instead, the Trustee provides all defendants in these proceedings with documents as described below:

3

A. **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1 from documents in the BLMIS Searchable Database as well as some Third-Party Documents. E-Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and financial records. *See* **Appendix A** for a description of documents available to defendants in E-Data Room 1.

B. **BLMIS Core Account Documents:** The Trustee identified and segregated BLMIS core account documents for all customers ("Core Account Documents"). These Core Account Documents include account opening agreements, correspondence to and from BLMIS, transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio Management Transaction Reports, which contain transaction history, and other documents that were specific to each account, and/or the Trustee's calculation of net equity of a particular BLMIS account.

C. **Proof of Transfers:** In addition to the Core Account Documents relevant to transfers described above, the Trustee identified and segregated BLMIS bank account records that reflect transfers to customers ("Bank Transfer Documents"). Collectively, the Core Account Documents and the Bank Transfer Documents represent the documents produced to the Defendants by the Trustee with his initial disclosures (the "Initial Disclosure Documents"), on February 5, 2016.

D. **Other Documents**: The Trustee preserved the nearly 20,000 pieces of BLMIS ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not include all such documents in the BLMIS Searchable Database. The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy disks or

4

CDs, and broken media. In responding to Interrogatories, the Trustee does not search for BLMIS documents outside of the BLMIS Searchable Database. The Trustee will identify additional BLMIS Documents (meaning other than those described in Paragraphs A and B) from the BLMIS Searchable Database provided that the parties agree to narrowly tailored search terms and parameters that target documents relevant to the claims or defenses and proportional to the needs of the case in accordance with Federal Rule 26(b)(1). *See* **Appendix B** for a description of sources of documents in the BLMIS Searchable Database.

## II.     THE SQL DATABASES

Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain Third-Party Documents was processed and input into multiple Microsoft Structured Query Language ("SQL") Server tables and databases (the "SQL Databases"). To the extent feasible, the underlying documents used to build the SQL Databases are contained in E-Data Room 1. Some or all of the data in the SQL Databases is responsive to most of the Interrogatories. SQL Databases are used by the Trustee's experts and are available for production to any defendant upon request. Use of the SQL Databases requires some technical expertise. *See* **Appendix C** for the sources of data loaded into the SQL Databases.

## THE TRUSTEE'S OBJECTIONS

**1.     Materials Prepared Post-December 11, 2008:** The Trustee will not produce or log Documents prepared by and/or received by him, his counsel, his professionals and/or other agents from on or after December 11, 2008 that are not relevant and/or are protected by the attorney work product doctrine, the attorney-client privilege, and/or any other applicable privileges or protections ("Materials Prepared Post-December 11, 2008").

5

2. **Redundant, Cumulative, and Marginally Relevant Information:** The BLMIS Searchable Database may contain documents that are responsive to the Requests but which are redundant, cumulative, or marginally relevant (for example, the defendants' names or account numbers appear on a list of customer names or account numbers and there is no other unique information). The Trustee objects to the production of these Documents to the extent that such production is not proportionate to the needs of the case under Federal Rule 26(b)(1) ("Redundant, Cumulative, and Marginally Relevant Documents").

3. **Information Outside the Scope of Relevance:** The Trustee objects to the production of any documents outside the scope of relevance articulated in Federal Rule 26 and Section 4(G) of the Litigation Procedures Order ("Documents Outside the Scope of Relevance").

4. **Expert Analysis**: The Trustee objects to the premature disclosure of expert witnesses and expert analysis. Such disclosures will be made pursuant to the Case Management Order and applicable rules ("Expert Analysis").

## DOCUMENTS PRODUCED TO DEFENDANTS

1. On February 16, 2016, the Trustee produced to Defendants the Core Account Documents for BLMIS Account Nos. 1Z0020, 1Z0021, 1Z0011, 1Z0035, and 1Z0037 (the "Accounts") with appendices summarizing the production. *See* **Appendix D** for the indices.

2. On February 16, 2016, the Trustee produced to Defendants the Bank Transfer Documents for Account Nos. 1Z0020, 1Z0035, and 1Z0037 with indices summarizing the production. *See* **Appendix E** for the indices. The Core Account Documents and Bank Transfer Documents together constitute the Trustee's initial disclosure production ("Initial Disclosure Documents").

6

3.      On January 12, 2016, the Trustee provided defense counsel with credentials to access E-Data Room 1.

## REQUESTS

**REQUEST NO. 1:**

If you contend that any of the Defendants held a BLMIS account as a "joint tenant" (as reflected on the caption of the Complaint), all document and communications that support your contention.

**RESPONSE TO REQUEST NO. 1:**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. The Trustee will not search for or produce additional Documents in response to this Request.

**REQUEST NO. 1:**

All documents and communications that support your contention, as stated on Exhibit B to the Complaint, that $0 in principal was transferred from BLMIS Account No. 1Z0035 to the 1Z0037 Account

**RESPONSE TO REQUEST NO. 2:**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

In addition, the Trustee objects to this Request to the extent it calls for the premature disclosure of expert analysis. (Objection No. 4).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. The Trustee will not search for or produce additional Documents in response to this Request.

**REQUEST NO. 2:**

All documents and communications that support your contention, as stated on Exhibit B to the Complaint, that $5,000 in principal was transferred from BLMIS Account No. 1Z0011 to the 1Z0020 Account.

**RESPONSE TO REQUEST NO. 3:**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

8

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

In addition, the Trustee objects to this Request to the extent it calls for the premature disclosure of expert analysis. (Objection No. 4).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. The Trustee will not search for or produce additional Documents in response to this Request.

**REQUEST NO. 3:**

All "Account Agreements" as such term is defined in the Complaint.

**RESPONSE TO REQUEST NO. 4:**

The Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. The Trustee will not search for or produce additional Documents in response to this Request.

**REQUEST NO. 4:**

All "Account Documents" as such term is defined in the Complaint.

**RESPONSE TO REQUEST NO. 5:**

The Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. The Trustee will not search for or produce additional Documents in response to this Request.

**REQUEST NO. 5:**

All documents and communications concerning withdrawals from the Accounts, including copies of cancelled checks.

**RESPONSE TO REQUEST NO. 6:**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. The Trustee will not search for or produce additional Documents in response to this Request.

**REQUEST NO. 6:**

All documents and communications concerning deposits into the Accounts.

**RESPONSE TO INTERROGATORY NO. 7:**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. The Trustee will not search for or produce additional Documents in response to this Request.

10

**REQUEST NO. 7:**

All documents received in response to third party subpoenas issued in connection with the Adversary Proceeding.

**RESPONSE TO REQUEST NO. 8:**

The Trustee will produce documents responsive to this Request.

**REQUEST NO. 8:**

All documents and communications that support your contention that "BLMIS was a massive Ponzi scheme" and that "[f]or all relevant periods relevant hereto, the IA Business was operated as a Ponzi scheme," as set forth in paragraphs 32 and 45 of the Complaint.

**RESPONSE TO REQUEST NO. 9:**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

In addition, the Trustee objects to this Request to the extent it calls for the premature disclosure of expert analysis (Objection No. 4).

Documents relating to BLMIS's fraud and insolvency are located in E-Data Room 1. The Trustee will not search for or produce additional Documents in response to this Request.

**REQUEST NO. 9:**

All documents and communications that you reviewed or relied upon in conjunction with the preparation of responses to the Interrogatories.

11

**RESPONSE TO REQUEST NO. 10:**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

In addition, the Trustee objects to this Request to the extent it calls for the premature disclosure of expert analysis (Objection No. 4).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. Documents relating to BLMIS's fraud and insolvency are located in E-Data Room 1. The Trustee will not search for or produce additional Documents in response to this Request.

**REQUEST NO. 11:**

All documents and communications that summarize or support any opinion to be rendered and any other document prepared or reviewed by each person whom you expect to provide testimonial evidence in connection with the Adversary Proceeding.

**RESPONSE TO REQUEST NO. 11:**

The Trustee objects to this Request to the extent it calls for Materials Prepared Post-December 11, 2008 (Objection No. 1). The Trustee will not search for, review, or produce such Documents.

In addition, the Trustee objects to this Request to the extent it calls for Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).

12

In addition, the Trustee objects to this request to the extent it seeks documents outside the scope of relevance (Objection No. 3).

In addition, the Trustee objects to this Request to the extent it calls for the premature disclosure of expert analysis (Objection No. 4).

On February 16, 2016, the Trustee produced the Initial Disclosure Documents, which contain Documents relating to the Accounts and transfers. Documents relating to BLMIS's fraud and insolvency are located in E-Data Room 1. The Trustee will not search for or produce additional Documents in response to this Request.

Date: May 19, 2016
New York, New York

**BAKER & HOSTETLER LLP**

By: */s/Maximillian S. Shifrin*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Maximillian S. Shifrin
Email: mshifrin@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 19th day of May, 2016 by first class mail and electronic mail upon the following:

>Richard P. Norton
>Robert Rich
>Hunton & Williams LLP
>200 Park Avenue
>New York, NY 10166
>Email: rnorton@hunton.com
>Email: rrich2@hunton.com
>
>*/s/Maximillian S. Shifrin*
>*An Attorney for Irving H. Picard, Trustee for the*
>*Substantively Consolidated SIPA Liquidation of*
>*Bernard L. Madoff Investment Securities LLC*
>*and for the Estate of Bernard L. Madoff*