# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Tatiana Markel
direct dial: 212.589.4615
tmarkel@bakerlaw.com

March 6, 2017

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *Picard v. Markin* - Adv. Pro. No. 10-05224 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll* and the estate of Bernard L. Madoff.  This letter responds to the March 1, 2017 letter of Defendants David Markin[1] and the David Markin Charitable Remainder Unitrust #1 ("CRUT #1") requesting a conference to seek permission to file a motion for summary judgment.

The parties attempted to resolve this case through settlement discussions in advance of discovery.  It appears those efforts have failed.  Because no discovery has been conducted yet, and because there are many facts in dispute, a motion for summary judgment is premature and should be denied.

## I.    Background

On January 25, 2012, the Trustee filed an amended complaint against Defendants seeking to avoid and recover $12,112,969 in fictitious profits transferred within two years of the Filing Date.  A copy is attached hereto as Exhibit A for the Court's reference.

---

[1] Though David Markin has passed away, Defendants have not filed a suggestion of death on the record and the time to substitute has not been triggered.  Nonetheless the Trustee has attempted to obtain consent from defendants to stipulate to the substitution of the Estate of David Markin or to the filing of an amended complaint naming the estate.  The Trustee's attempts have been unsuccessful.  The Trustee will make one more attempt at obtaining consent from Defendants; otherwise the Trustee will file a motion.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

The Honorable Stuart M. Bernstein
March 6, 2017
Page 2

On October 19, 2015, Defendants filed an answer. (ECF No. 45). Among other positions, Defendants deny that BLMIS conducted a Ponzi scheme (Ans. ¶¶ 1, 2, 23-37), and deny that they received any transfers of fictitious profits from BLMIS (*Id.* ¶¶ 2, 43-50). Defendants further assert twenty-one affirmative defenses to the Trustee's claims, including fact-based defenses, such as (i) recoupment or other equitable adjustment to the extent the Defendants paid taxes on the gains in their BLMIS account, (ii) the Trustee's inability to trace the transfers from BLMIS to Defendants, and (iii) the Trustee's claims are barred because he "is unable to prove the calculation of the account transactions prior to 1998." (*Id.* at 18-20)

Since at least August 2015 (before Defendants' answer was filed), the parties have engaged in settlement discussions, including in-person meetings. As a result, the Trustee did not serve discovery demands during that time. However, having been served with Defendants' March 1, 2017 letter seeking summary judgment, and the resulting implication that settlement negotiations have ceased, the Trustee served discovery requests on the Defendants on March 3, 2017. Counsel for Defendants responded that they "have no intention of responding to this discovery until th[e summary judgment] motion is resolved. If you have a problem with that, take it up with Judge Bernstein."

Under the current case management notice entered on November 4, 2015 (ECF No. 46), fact discovery ends April 21, 2017.

## II.    Summary Judgment is Premature

Summary judgment is improper when material facts are in dispute. Defendants' March 1, 2017 letter concedes that the parties disagree whether Mr. Markin provided value to CRUT #1 under section 550(b) in exchange for the approximately $10,000,000 transferred to him. While this issue may have prevented the parties from reaching a settlement to date, it is not the only issue in dispute, despite what Defendants suggest. The Defendants have denied virtually all allegations relevant the Trustee's *prima facie* case. As a result, there are many material issues of fact in dispute, including whether BLMIS was a Ponzi scheme, whether Defendants received the transfers at issue, and the amount of those transfers.

Summary judgment is premature when no discovery has been conducted, as is the case here. The Second Circuit has held that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *see also Picard v. Charles Ellerin Rev. Tst.*, No. 10-04398 (BRL), 2012 Bankr. LEXIS 1088, at *5 (Bankr. S.D.N.Y. Mar. 14, 2012). This is not one of those rare cases. The Trustee is entitled to discovery on all of the elements of his causes of action that Defendants denied, as well as on Defendants' affirmative defenses.

In their letter, Defendants have explicitly raised subsequent transferee issues as a full defense to the Trustee's lawsuit, and have made it a basis for their proposed summary judgment motion.[2] However, Defendants' own letter makes clear that discovery is necessary on that issue prior to any

---

[2] Based on this, the Trustee's discovery served on March 3, 2017 includes specific requests relating to the subsequent transfers. Any request to quash discovery on this issue should be denied.

300432517.4

The Honorable Stuart M. Bernstein
March 6, 2017
Page 3

motion for summary judgment. For example, on page 3 of Defendants' letter, Defendants concede that "in 2007, in connection with the terms of CRUT #1 and the Letter Ruling, Mr. Markin received approximately $10,000,000 from CRUT #1 from the BLMIS distribution and other cash," and yet on page 4 state that "it would be difficult if not impossible to trace" the transfers of those funds. The Trustee must test the Defendants' statements to this Court through discovery.

Furthermore, the Defendants' letter repeatedly refers to a "Letter Ruling" issued by the IRS that enabled Mr. Markin to terminate an otherwise irrevocable trust. The Trustee would be entitled to that Letter Ruling, and any other relevant trust documents, in discovery.

The Trustee will not respond here to the Defendants' summary judgment argument contained in their letter. The Trustee has multiple grounds to defeat any such motion, including that Mr. Markin was not only the settlor and trustee of CRUT #1, but also a beneficiary and transferee, who directed at least $10,000,000 of funds withdrawn from BLMIS to be transferred from CRUT #1 to himself. *See Tese-Milner v. Brune (In re Red Dot Scenic, Inc.)*, 293 B.R. 116, 119, 121 n.3 (S.D.N.Y. 2003) *aff'd* 351 F.3d 57 (2d Cir. 2003) (defining an initial transferee as one that maintains "dominion and control" over the money transferred, and finding that "the dominion and control test is easily passed" when a principal transfers money from a corporation to himself).

Based on the foregoing, the Trustee submits that a conference is not necessary, and that the Defendants' request to file a motion for summary judgment can be denied at this point. If the Court prefers a conference, we have an upcoming Omnibus hearing in March, or could be available at such other time as the Court prefers.

Discovery (including expert discovery) closes in six months, and Defendants then may seek permission to move for summary judgment on claims and defenses at issue in this adversary proceeding. Alternatively, if Defendants are willing to stipulate to all other facts, leaving solely the issue of section 550(b) as determinative of the outcome of the case, the Trustee would consider moving forward with summary judgment now. The Trustee would also consider fast-tracking this case to mediation, if Defendants believe it would be fruitful.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

Tatiana Markel

cc:   Carole Neville, Esq., via email
      Keith R. Murphy, Esq. via email

300432517.4