**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | **FINAL DOCUMENT CLOSING ADVERSARY PROCEEDING** |
| Defendant. | |

In re:

BERNARD L. MADOFF,

        Debtor.

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01677 (SMB) |
| Plaintiff, | |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.); SOCIETE GENERALE PRIVATBANKING (LUGANO-SVIZZERA) S.A. (*f/k/a* SG Private Banking (Lugano-Svizzera) S.A.); SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT S.A., as Successor in Interest to Barep Asset Management S.A.; SOCIETE GENERALE HOLDING DE PARTICIPATIONS S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI PREMIUM FUND L.P. (*f/k/a* SG AM Alternative Diversified U.S. L.P.); LYXOR ASSET MANAGEMENT INC. (*f/k/a* SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (*f/k/a* SGAM AI Audace Alternatif); SGAM AI EQUILIBRIUM FUND (*f/k/a* SGAM Alternative Multi Manager Diversified Fund); LYXOR PREMIUM FUND (*f/k/a* SGAM Alternative Diversified Premium Fund); SOCIETE GENERALE S.A., as Trustee for | |

<table>
<tr><td>

Lyxor Premium Fund; SOCIETE GENERALE
BANK & TRUST S.A.; OFI MGA ALPHA
PALMARES (*f/k/a* Oval Alpha Palmares); OVAL
PALMARES EUROPLUS; UMR SELECT
ALTERNATIF; and BANK AUDI S.A.M.- AUDI
SARADAR GROUP (*f/k/a* Dresdner Bank Monaco
S.A.M.);

Defendants.

</td></tr>
</table>

**STIPULATED FINAL ORDER
GRANTING MOTION TO DISMISS**

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*., and the estate of Bernard L. Madoff, individually, and Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.); Societe Generale Private Banking (Lugano-Svizzera) S.A. (f/k/a SG Private Banking (Lugano-Svizzera) S.A.); Socgen Nominees (UK) Limited; Lyxor Asset Management S.A., as successor in interest to Barep Asset Management S.A.; Societe Generale Holding de Participations S.A., as successor in interest to Barep Asset Management S.A.; SG Audace Alternatif (f/k/a SGAM AI Audace Alternatif); SGAM AI Equilibrium Fund (f/k/a SGAM Alternative Diversified Fund); SG AM AI Premium Fund L.P. (f/k/a SG AM Alternative Diversified U.S. L.P.); Lyxor Asset Management Inc. (f/k/a SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; Lyxor Premium Fund (f/k/a SGAM Alternative Multi Manager Diversified Fund); Societe Generale S.A., as trustee for Lyxor Premium Fund; Societe Generale Bank & Trust S.A.; OFI MGA Alpha Palmares (f/k/a Oval Alpha Palmares); Oval Palmares Europlus; UMR Select Alternatif; and Bank Audi S.A.M.- Audi Saradar Group (f/k/a Dresdner Bank Monaco S.A.M.) (collectively, the "Defendants" and,

2

together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on May 30, 2012, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a Complaint against the Defendants. *See Picard v. Societe Generale Private Banking (Suisse) S.A., et al.*, Adv. Pro. No. 12-01677 (SMB), ECF No. 1;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.*, ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further

proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed the Defendants other than SG AM AI Premium Fund L.P. and Lyxor Asset Management Inc. (collectively, the "Moving Defendants"), the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against the Moving Defendants should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, SG AM AI Premium Fund L.P. and Lyxor Asset Management Inc. (together, the "Non-Moving Defendants") did not participate in the Extraterritoriality Motion to Dismiss and were therefore not subject to the Bankruptcy Court's December 10, 2014 Order;

**WHEREAS**, on December 31, 2014, the Moving Defendants filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See Picard v. Societe Generale Private Banking (Suisse) S.A., et al.*, Adv. Pro. No. 12-01677 (SMB), ECF Nos. 80-82;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the

Extraterritoriality Motion to Dismiss, and (c) proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed amended complaint. *See Picard v. Societe Generale Private Banking (Suisse) S.A., et al.*, Adv. Pro. No. 12-01677 (SMB), ECF Nos. 92-94;

**WHEREAS**, on September 30, 2015, the Moving Defendants filed (a) the consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) supplemental reply memoranda in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF Nos. 97-108;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted the Extraterritoriality Motion to Dismiss as to the Foreign-Registered Defendants. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed that the Trustee's claims in this adversary proceeding should be dismissed as to all Counts as to the Foreign-Registered Defendants (the "Dismissed Claims");

**WHEREAS**, on January 18, 2017, this Court entered the So Ordered Stipulation Applying Omnibus Extraterritoriality Briefing and Memorandum Decision to Certain Joinder Defendants (the "Joinder Stipulation"), applying the Memorandum Decision, subject to the reservations of rights and limitations set forth therein, to the Non-Moving Defendants. *See id.*, ECF No. 14890;

**WHEREAS**, pursuant to the Joinder Stipulation, the Memorandum Decision's international comity holding directs dismissal of the Trustee's claims to recover subsequent transfers the Non-Moving Defendants received from Fairfield Sentry Limited contained in Count 1 of the complaint, which constitutes the sole Count against such Defendants. *See id.*;

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate and the Bankruptcy Court hereby orders:

1.     The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2.     The Parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, the Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding.

3.     The Extraterritoriality Motion to Dismiss is **GRANTED** as to the Defendants.

Dated:  January 18, 2017
       New York, New York

By: */s/ Howard L. Simon*_____
Howard L. Simon (hsimon@windelsmarx.com)
Kim M. Longo (klongo@windelsmarx.com)
Antonio J. Casas (acasas@windelsmarx.com)
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019
Telephone:  (212) 237-1000
Facsimile:  (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

By: */s/ John F. Zulack*_____
John F. Zulack (jzulack@fzwz.com)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, NY 10006
Telephone:  (212) 412-9550
Facsimile:  (212) 964-9200

*Attorneys for Defendants Societe Generale
Private Banking (Suisse) S.A., Societe Generale
Private Banking (Lugano-Svizzera) S.A., Socgen
Nominees (UK) Limited, Lyxor Asset
Management S.A., Societe Generale Holding de
Participations S.A., SG Audace Alternatif, SGAM
AI Equilibrium Fund, SG AM AI Premium Fund
L.P., Lyxor Asset Management Inc., Lyxor
Premium Fund, Societe Generale S.A., and
Societe Generale Bank & Trust S.A.*

By: */s/ Brian J. Butler*_____
Brian J. Butler (bbutler@bsk.com)
Bond, Schoeneck & King, PLLC
One Lincoln Center
110 West Fayette Street
Syracuse, NY 13202-1355
Telephone:  (315) 218-8000
Facsimile:  (315) 218-8100

*Attorneys for Defendants OFI MGA Alpha
Palmares, Oval Palmares Europlus, and UMR
Select Alternatif*

By:  */s/ Gary J. Mennitt*_____
Gary J. Mennitt (gary.mennitt@dechert.com)
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599

*Attorneys for Defendant Bank Audi S.A.M.- Audi
Saradar Group*

**SO ORDERED**

**Dated:** **March 3rd, 2017**
          **New York, New York**

                              **/s/ STUART M. BERNSTEIN**_____
                              **HONORABLE STUART M. BERNSTEIN**
                              **UNITED STATES BANKRUPTCY JUDGE**