**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>**FINAL DOCUMENT CLOSING ADVERSARY PROCEEDING** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br>  v.<br><br>INTESA SANPAOLO SPA (AS SUCCESSOR IN INTEREST TO BANCA INTESA SPA), EURIZON CAPITAL SGR SPA (AS SUCCESSOR IN INTEREST TO EURIZON INVESTIMENTI SGR SPA, F/K/A NEXTRA INVESTMENT MANAGEMENT SGR SPA, AND EURIZON ALTERNATIVE INVESTMENTS SGR SPA, FKA NEXTRA ALTERNATIVE INVESTMENTS SGR SPA), EURIZON LOW VOLATILITY F/K/A NEXTRA LOW VOLATILITY, EURIZON LOW VOLATILITY II F/K/A NEXTRA LOW VOLATILITY II, EURIZON LOW VOLATILITY PB F/K/A NEXTRA LOW VOLATILITY PB, EURIZON MEDIUM VOLATILITY F/K/A NEXTRA MEDIUM VOLATILITY, EURIZON MEDIUM VOLATILITY II F/K/A NEXTRA MEDIUM VOLATILITY II, EURIZON TOTAL RETURN F/K/A NEXTRA TOTAL RETURN,<br><br>    Defendants. | Adv. Pro. No. 12-01680 (SMB) |

## STIPULATED FINAL ORDER
## GRANTING MOTION TO DISMISS COMPLAINT

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, and defendants Intesa Sanpaolo S.p.A. (as successor in interest to Banca Intesa S.p.A.) ("Intesa"), Eurizon Capital SGR S.p.A. (as successor in interest to Eurizon Investimenti SGR S.p.A., f/k/a Nextra Investment Management SGR S.p.A., and Eurizon Alternative Investments SGR S.p.A., f/k/a Nextra Alternative Investments SGR S.p.A.), Eurizon Low Volatility f/k/a Nextra Low Volatility, Eurizon Low Volatility II f/k/a Nextra Low Volatility II, Eurizon Low Volatility PB f/k/a Nextra Low Volatility PB, Eurizon Medium Volatility f/k/a Nextra Medium Volatility, Eurizon Medium Volatility II f/k/a Nextra Medium Volatility II, and Eurizon Total Return f/k/a Nextra Total Return (the "Eurizon Defendants" and, together with Intesa, the "Defendants," and the Defendants, together with the Trustee, the "Parties"),[1] by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on May 31, 2012, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a Complaint against Defendants;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in

---

[1] The Complaint characterizes Eurizon Low Volatility, Eurizon Low Volatility II, Eurizon Low Volatility PB, Eurizon Medium Volatility, Eurizon Medium Volatility II, and Eurizon Total Return each as an Italian "fondo comune di investimento," which is not a legal entity under Italian law. The assets of these funds were managed and promoted by the asset manager, Eurizon Capital. Moreover, prior to the filing of the Complaint, the assets of Eurizon Low Volatility II and Eurizon Low Volatility PB were merged into Eurizon Low Volatility, and the assets of Eurizon Medium Volatility II were merged into Eurizon Medium Volatility. On August 1, 2013, the assets of Eurizon Medium Volatility and Eurizon Total Return were merged into Eurizon Low Volatility. Accordingly, the only fund that exists today, and which is currently managed by Eurizon Capital, is Eurizon Low Volatility.

2

which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed Defendants, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against Defendants should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the

3

Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, on December 31, 2014, Defendants filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See Intesa Sanpaolo S.p.A. (as successor in interest to Banca Intesa S.p.A.), et al.*, Adv. Pro. No. 12-01680 (SMB), ECF No. 56;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 29, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed amended complaint. *See Intesa Sanpaolo S.p.A. (as successor in interest to Banca Intesa S.p.A.), et al.*, Adv. Pro. No. 12-01680 (SMB), ECF Nos. 65, 66, and 67;

**WHEREAS**, on September 30, 2015, Defendants filed (a) a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) a supplemental reply memorandum in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF Nos. 69 and 70;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum

4

Decision") that granted the Extraterritoriality Motion to Dismiss as to Defendants. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed that the Trustee's claims in this adversary proceeding should be dismissed as to all Counts (the "Dismissed Claims");

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate and the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3. The Extraterritoriality Motion to Dismiss is **GRANTED** as to Defendants.

Dated: January 20, 2017

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | DAVIS POLK & WARDWELL LLP |
| By:  */s/ Matthew B. Lunn*<br>Matthew B. Lunn<br>Justin P. Duda<br>Rockefeller Center<br>1270 Avenue of the Americas, Suite 2210<br>New York, New York 10020<br>Telephone:  (212) 332-8840<br>Facsimile: (212) 332-8855<br>Email:  *mlunn@ycst.com*<br><br>*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC* | By:  */s/ Elliot Moskowitz*<br>Elliot Moskowitz<br>Andrew Ditchfield<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>Email:  *elliot.moskowitz@davispolk.com*<br><br>*Attorneys for Defendants* |

**SO ORDERED**

**Dated: March 3rd, 2017**
**New York, New York**

**/s/ STUART M. BERNSTEIN**
**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**