# TRUSTEE IRVING H. PICARD'S FIRST SET OF REQUESTS FOR ADMISSION

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Tatiana Markel
Email:  tmarkel@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated Liquidation of Bernard*
*L. Madoff Investment Securities LLC, and*
*Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-05224 (SMB) |
| DAVID R. MARKIN, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, and DAVID MARKIN CHARITABLE | |

| REMAINDER UNITRUST #1, | |
|---|---|
| Defendants. | |

## TRUSTEE IRVING H. PICARD'S FIRST SET OF REQUESTS FOR ADMISSION

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendants David R. Markin, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, and David Markin Charitable Remainder Unitrust #1 ("Unitrust") respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Tatiana Markel, 45 Rockefeller Plaza, New York, New York 10111 within thirty three (33) days of service, on April 5, 2017.

## **DEFINITIONS**

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

300427044.1

2.      "Account" or "Accounts" means BLMIS Account No. 1M0091, as set forth in

Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any

interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.      "Applicable Period" means the period beginning January 1, 1997 through the

present.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

5.      "Complaint" means the complaint and any amended complaint(s) filed by the

Trustee in this adversary proceeding.

A.      "Defendants" means all of the following: David R. Markin, individually and as

trustee of the Unitrust, and the Unitrust.

6.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person

acting on behalf of BLMIS to any of the Defendants or to any Person or entity acting on behalf

of any of the Defendants between December 11, 2006 and December 11, 2008.

7.      "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as

defined herein) conveyed by any of the Defendants another Person or entity including to each

other.

8.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11

U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the

3

foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

9.      "You" or "Your" means any and all of the Defendants, and/or anyone acting on the Defendants' behalf of or for the benefit of the Defendants, including any predecessors or successor(s)-in-interest.

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Accounts.

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Accounts.

3.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Accounts.

4.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Accounts.

5.      Admit that the withdrawals listed in Column 5 of Exhibit B to the Complaint were Transfers made by BLMIS to or for the benefit of any of the Defendants.

6.      Admit that the Defendants received the withdrawals listed in Column 5 of Exhibit B to the Complaint.

300427044.1

7.      Admit that the withdrawals listed in Column 5 of Exhibit B to the Complaint were Transfers of an interest of BLMIS in property.

8.      Admit that, over the life of Account No. 1M0091, $16,107,533 was withdrawn from the Account.

9.      Admit that the Unitrust received the withdrawals from the Accounts listed in Column 5 of Exhibit B to the Complaint.

10.     Admit that, of the $16,107,533 that was withdrawn from the Account, $4,000,000 consisted of principal.

11.     Admit that, of the $16,107,533 that was withdrawn from the Account, $12,107,533 was in excess of principal.

12.     Admit that, $12,107,533 more was withdrawn from the Account than was deposited into the Account.

13.     Admit that, between December 11, 2006 and December 11, 2008, $12,107,533 in excess of principal was withdrawn from the Account.

14.     Admit that, between December 11, 2006 and December 11, 2008, the Unitrust received the $12,107,533 in excess of principal that was withdrawn from the Account.

15.     Admit that the withdrawal made on or about March 30, 2007 in the amount of $16,059,086 was a Transfer to or for the benefit of the Unitrust.

16.     Admit that the withdrawal made on or about March 30, 2007 in the amount of $16,059,086 was received by the Unitrust.

17.     Admit that David Markin received Subsequent Transfers that were initially Transferred by BLMIS to the Unitrust.

5

18.    Admit that David Markin received $9,475,604.32 from the Unitrust on March 30,

2007 that were initially Transferred by BLMIS to the Unitrust.

19.    Admit that David Markin received $198,552.97 from the Unitrust on April 11,

2007 that were initially Transferred by BLMIS to the Unitrust.

20.    Admit that David Markin received $49,148.09 from the Unitrust on June 7, 2007

that were initially Transferred by BLMIS to the Unitrust.

21.    Admit that BLMIS made all Transfers to the Unitrust between December 11,

2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

22.    Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

300427044.1

Dated:   March 3, 2017

By:  *s/Tatiana Markel*

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Tatiana Markel
Email:  tmarkel@bakerlaw.com


*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Bernard L. Madoff*

300427044.1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the following was served this 3rd day of

March, 2017 by electronic and First Class mail upon the following:

Carole Neville, Esq.
Dentons US LLP
1221 Avenue of the America
New York, NY 10020-1089
carole.neville@dentons.com

*s/Tatiana Markel*
Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff

300427044.1

# TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANTS DAVID R. MARKIN AND DAVID MARKIN CHARITABLE REMAINDER UNITRUST #1

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Tatiana Markel
Email:  tmarkel@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated Liquidation of Bernard*
*L. Madoff Investment Securities LLC, and*
*Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-05224 (SMB) |
| DAVID R. MARKIN, individually and as trustee of the David R. Markin Charitable Remainder Unitrust #1, and DAVID MARKIN CHARITABLE | |

> REMAINDER UNITRUST #1,
>
>                Defendants.

---

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANTS DAVID R. MARKIN AND DAVID MARKIN CHARITABLE REMAINDER UNITRUST #1

---

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendants David R. Markin, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, and David Markin Charitable Remainder Unitrust #1 ("Unitrust"), respond in writing with verified answers to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Tatiana Markel, 45 Rockefeller Plaza, New York, New York 10111 within thirty three (33) days of service, on April 5, 2017.

## <u>DEFINITIONS</u>

A.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

300427059.1

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

B.    "Account" or "Accounts" means BLMIS Account No. 1M0091, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

C.    "Adversary Proceeding" means the civil action captioned captioned *Picard v. Markin, et al*, 10-5224, pending in the United States Bankruptcy Court for the Southern District of New York.

D.    "Applicable Period" means the period beginning January 1, 1997 through December 11, 2009.

E.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries,

3

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

F.    "Defendants" means all of the following: David R. Markin, individually and as

trustee of the Unitrust and the Unitrust.

G.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person

acting on behalf of BLMIS to any of the Defendants or to any Person or entity acting on behalf

of any of the Defendants between December 11, 2006 and December 11, 2008.

H.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as

defined herein) conveyed by any of the Defendants to another Person or entity including to each

other.

I.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11

U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the

foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or

conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an

interest in property.

J.    "You" or "Your" means any and all of the Defendants, and/or anyone acting on

behalf of or for the benefit of the Defendants, including any predecessors or successor(s)-in-

interest.

## **INSTRUCTIONS**

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as

amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as
encompassing any and all.

4

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.       In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.       In accordance with Federal Rule 33(b)(2), the written responses must be served by April 5, 2017.

4.       Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.       If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.       If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.       If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.       If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely

manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy

Rules and Rule 26(e) of the Federal Rules.

## **INTERROGATORIES**

1.      Identify each Person who was involved in answering these discovery requests and

explain each Person's role in answering these discovery requests.

**ANSWER:**

2.      Provide Your legal name, the type of entity You are, the date on which You were

established and whether You were formed out of a predecessor entity, the state or country under

whose laws You were formed, the names and addresses of Your current and former officers,

members and/or owners, the percent of beneficial interest in the Account(s) of each of the current

and former officers, members and/or owners, Your current and former business addresses, and

Your current and former principal places of business.

**ANSWER:**

3.      Identify the reasons for each Transfer.

**ANSWER:**

4.      Identify the reasons for each Subsequent Transfer.

300427059.1

**ANSWER:**

5.      Identify each deposit into the Accounts.

**ANSWER:**

6.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

7.      Identify: (a) each Person or entity that ever received funds withdrawn from the Accounts, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**

8.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

7

9.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

10.    Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

11.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

12.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:**

300427059.1

13.      Identify all current and former beneficiaries of the Unitrust.  For each Person so
identified, Identify the date range during which such Person was a beneficiary, and the dates and
amount of any Transfers received by such Person.

**ANSWER**:

14.      For each denial of a material allegation and each affirmative defense in Your
answer to the Complaint:

      a.      state all facts upon which You base the denial or affirmative defense;

      b.      state the names, addresses, and telephone numbers of all Persons who
have knowledge of those facts; and

      c.      Identify all Documents and other tangible things that support Your denial
or affirmative defense, and state the name, address, and telephone number
of the Person who has each Document.

**ANSWER:**

9

Dated:   March 3, 2017

By:  *s/Tatiana Markel*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Tatiana Markel
Email:  tmarkel@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
Bernard L. Madoff*

300427059.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the following was served this 3rd day of

March, 2017 by electronic and First Class mail upon the following:

Carole Neville, Esq.
Dentons US LLP
1221 Avenue of the America
New York, NY 10020-1089
carole.neville@dentons.com

<u>*s/Tatiana Markel*</u>
Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff

# TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS DAVID R. MARKIN AND DAVID MARKIN CHARITABLE REMAINDER UNITRUST #1

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Tatiana Markel
Email:  tmarkel@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05224 (SMB) |
| Plaintiff, | |
| v. | |
| DAVID R. MARKIN, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, | |

DAVID MARKIN CHARITABLE REMAINDER
UNITRUST #1,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS DAVID R. MARKIN AND DAVID MARKIN CHARITABLE REMAINDER UNITRUST #1

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and the Local Civil

Rules of this Court, Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L.

Madoff Investment Securities LLC ("BLMIS"), hereby requests that Defendants David R.

Markin, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, and

David Markin Charitable Remainder Unitrust #1 ("Unitrust") produce documents responsive to

the document requests set forth herein to the office of Baker Hostetler LLP, c/o Tatiana Markel

45 Rockefeller Plaza, New York, New York 10111 within thirty-three (33) days of service, on

April 5, 2017.

## DEFINITIONS

1.    All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the

alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.    "Account" or "Accounts" means BLMIS Account No. 1M0091, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which any Defendant had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.    "Adversary Proceeding" means the civil action captioned *Picard v. Markin, et al*, 10-5224, pending in the United States Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning January 1, 1997 through December 31, 2009.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

3

6.      "Defendants" means all of the following: David R. Markin, individually and as trustee of the Unitrust, and the Unitrust.

7.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to any of the Defendants or to any Person or entity acting on any of the Defendants' behalf between December 11, 2006 and December 11, 2008.

8.      "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by any of the Defendants to another Person or entity, including each other.

9.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10.     "You" or "Your" means any and all of the Defendants, and/or anyone acting on the Defendants' behalf of or for the benefit of the Defendants, including any predecessors or successor(s)-in-interest.


## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa.

2.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by April 5, 2015 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.    If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.    If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

Identifies the type, title and subject matter of the Document;

5

> Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

> Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.       Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.       Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

> (i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

> (ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

> (iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

> (iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of

confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.      All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      Database load files and production media structure:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document

7

"families," reasonably accessible and properly preserved metadata (or bibliographic coding in

the case of paper Documents), custodian or Document source information; and (ii) an Opticon

("opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level

folder named "Data," images shall be provided within a root level "Images" folder containing

reasonably structured subfolders, and searchable text files shall be provided in a single root-level

"Text" folder.   If any of the Documents produced in response to these requests are designated as

confidential pursuant to the Litigation Protective Order, in addition to marking the Documents

with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a confidential field within the load file, with a "yes" or "no" indicating whether the

Document has been designated as confidential, as well as native file loading/linking information

(where applicable).

       3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data

or materials created, stored, or displayed on electronic or electro-magnetic media shall be

produced in the order in which the Documents are or were stored in the ordinary course of

business, including all reasonably accessible metadata, custodian or Document source

information, and searchable text as to allow the Trustee, through a reasonable and modest effort,

to fairly, accurately, and completely access, search, display, comprehend, and assess the

Document's true and original content.

       4.    <u>Emails and attachments, and other email account-related Documents</u>:    All

Documents and accompanying metadata created and/or stored in the ordinary course of business

within commercial, off-the-shelf email systems including but not limited to Microsoft

Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly,

accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.        XML format file(s);

    b.        Microsoft SQL database(s);

    c.        Access database(s); and/or

    d.        fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, multimedia, and non-standard file types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein.

08-01789-cgm    Doc 15189-1    Filed 03/06/17    Entered 03/06/17 16:43:18    Attachment
to Letter    Pg 32 of 35

Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      "Other" electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.      Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Monthly Accounts statements.

2.      All Communications between any of the Defendants and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

3.      Defendants' bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

4.      Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

5.      Documents sufficient to identify any money, property, and/or anything else of value provided by each Defendant to BLMIS in exchange for any Initial Transfer.

6.      Documents sufficient to identify any money, property, and/or anything else of value provided by any Person or entity to any Defendant in exchange for any Subsequent Transfer.

7.      Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Account.

8.      Documents and Communications Concerning the formation and dissolution of Unitrust.

9.      The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of the Unitrust.

10.      Unitrust instruments, including any amendments.

11.      Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

12.      Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

13.      Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

Date:  March 3, 2017

By: _s/Tatiana Markel_
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Tatiana Markel
Email:  tmarkel@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 3rd day of

March, 2017 by electronic and First Class mail upon the following:

Carole Neville, Esq.
Dentons US LLP
1221 Avenue of the America
New York, NY 10020-1089
carole.neville@dentons.com

*s/Tatiana Markel*

*An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*