# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 8, 2017

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND EMAIL**

Judge Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Trustee's Opposition to Chaitman LLP's March 2, 2017 letter requesting single service date for expert rebuttal reports*

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. and the estate of Bernard L. Madoff, plaintiff in the above-referenced adversary proceedings. We write in response to Chaitman LLP's letter dated March 2, 2017 (the "March 2 Letter") requesting a single service date for expert rebuttal reports.[1]

      It is the Trustee's position that any discussion regarding the service dates for expert rebuttal reports is entirely premature and inappropriate at this juncture. The Trustee and Chaitman LLP have spent many hours negotiating the current case management orders, which include disclosure dates for rebuttal expert reports. The vast majority of the cases involved in the ongoing deposition of Bernard L. Madoff (the "Madoff Deposition") are in the midst of fact discovery and thus, no expert reports have been served in those cases, rendering Chaitman LLP's request premature. Further, any modification to the case management orders must provide the opportunity for the Trustee to serve his case-in-chief expert reports, for Chaitman LLP to serve any rebuttal reports, and for the Trustee to respond to any such rebuttal reports.

---

[1] The Trustee notes that the March 2 Letter requests a single service date in "all Chaitman LLP cases in which fact discovery was open as of July 7, 2016." However, the list of adversary proceedings in which Defendants are participating in the deposition of Bernard L. Madoff is only a subset of those adversary proceedings. Therefore, the Trustee requests that, to the extent Your Honor permits a conference on the issues raised, any ruling apply only to those adversary proceedings listed on Exhibit A to the Order Authorizing the Deposition of Bernard L. Madoff. *See* Order Authorizing the Deposition of Bernard L. Madoff, Case No. 08-01789, ECF No. 14213.

Judge Stuart M. Bernstein
March 8, 2017
Page 2

      Moreover, as Ms. Chaitman is aware, for Chaitman LLP's cases that Your Honor has permitted to participate in the Madoff Deposition, the Trustee has routinely extended case management deadlines, including fact discovery, to allow for the conclusion of the Madoff Deposition, related document productions, and any other discovery that Your Honor may authorize at the conclusion of that deposition. As reflected plainly in Exhibit B to Ms. Chaitman's March 2 Letter, the Trustee has informed Ms. Chaitman that he does not object to continuing to extend discovery deadlines.

      The Trustee proposes that after the completion of the Madoff Deposition, all involved parties jointly contact Your Honor's chambers to schedule a hearing to address whether any additional discovery will be permitted, and to address the possibility of an omnibus proceeding related to the start date of the fraud at BLMIS. Given that the Trustee has not yet had the opportunity to cross-examine Madoff, the scope of and timing needed for any appropriate further discovery is unclear. In fact, as Ms. Chaitman's March 2 Letter stated, the completion of the Madoff Deposition is expected to take several months. Thus, any amendments to the existing expert rebuttal deadlines now are premature and unnecessary. In any event, the scope of any such proceeding is still undetermined and will not become clear until at least the completion of the Madoff Deposition.[2]

      Relatedly, the parties are currently arbitrating several discovery disputes before Judge Maas, including the pre-1992 trading records dispute that Ms. Chaitman raises in the March 2 Letter, and in that arbitration, Ms. Chaitman has conceded that BLMIS was a fraud beginning, at the latest, in 1992. *See* Exhibit A to the March 2 Letter, at 221 ("Once Mr. Madoff says the fraud started in 1992, I'm not going to argue that it started later. Right. So I'm only focusing on the period prior to 1992."). Despite Ms. Chaitman's assertions to the contrary, the Trustee has already produced responsive documents[3] and is in the process of preparing additional productions, including documents restored from 201 reels of microfilm that we specifically identified as potentially reflecting real trading activity at BLMIS prior to 1992. The Trustee has undertaken this enormous effort at great cost in direct response to Ms. Chaitman's request.

      Moreover, Ms. Chaitman's complete reliance on Mr. Madoff's testimony is remarkable in light of the overwhelming evidence about the length and scope of Mr. Madoff's Ponzi scheme. Not only does Mr. Dubinsky's extensive analysis of BLMIS's books and records detail the bases for his opinions that the purported securities transactions for the Investment Advisory customers did not occur, but the plea allocutions of Mr. David Kugel and Mr. Irwin Lipkin, among others, as well as the criminal trial testimony from various BLMIS employees, confirm the pervasive fraud at BLMIS from at least the 1970s. For example, Mr. Kugel allocuted,

---

[2] The Trustee submits that only cases participating in the Madoff Deposition should be permitted to particulate in any fraud proceeding established by the Court.

[3] The Trustee produced 18,401 documents on December 16, 2016, 321 documents on February 3, 2017, and 28,917 documents on March 7, 2017. The Trustee's investigation is ongoing and he anticipates making supplemental productions as appropriate.

Judge Stuart M. Bernstein
March 8, 2017
Page 3

> Specifically, beginning the early '70s, until the collapse of BLMIS in December 2008, I helped create fake, backdated trades. I provided historical trade information … first to Annette Bongiorno, and later to Joanne Crupi, and others which enabled them to create fake trades that, when included on the account statements and trade confirmations of Investment Advisory clients, gave the appearance of profitable trading when in fact no trading had actually occurred.

*See* Transcript of Hearing in *USA v. David Kugel*, Nov. 21, 2011 at 32:1-14, attached hereto as Exhibit A. Similarly, Mr. Lipkin admitted,

> I was Madoff's first employee starting in 1964. Eventually, I became controller of Madoff Securities. I retired in 1998… While working for Bernie Madoff, I made accounting entries in financial records that I knew were inaccurate. Moreover, I knew the documents containing these false entries were to be filed with various regulatory authorities. These filings helped Mr. Madoff run the Ponzi scheme that harmed thousands of people.

*See* Transcript of Hearing in *USA v. Irwin Lipkin*, Nov. 8, 2013, at 30:4-6, 30:23-25, 31:1-3, attached hereto as Exhibit B.

Accordingly, the Court should deny Ms. Chaitman's request to prematurely set a date for rebuttal reports at this stage of the proceeding. The Trustee submits that no hearing or motion is appropriate at this time, and instead suggests that all such issues be addressed in the proposed post-Madoff Deposition hearing, as described above.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs


cc: Helen Davis Chaitman (via email)