# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 8, 2017

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   Picard v. Estate of Richard M. Stark  et al., Adv. Pro. No. 10-04971 (SMB) (Bankr.
      S.D.N.Y.) and Picard v. Thomas L. Stark et al., Adv. Pro. No. 10-05295 (SMB) (Bankr.
      S.D.N.Y.)

Dear Judge Bernstein,

We represent Irving H. Picard, the trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff, the plaintiff in the above-referenced adversary proceedings.  We write to request a conference with the Court, under Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, concerning a discovery matter in the above adversary proceedings.

The Trustee filed complaints against the Estate of Richard M. Stark *et al.* and Thomas L. Stark *et al.*, (collectively, the "Stark Defendants") on December 2, 2010 and December 7, 2010, respectively.  The Trustee's adversary proceedings seek to avoid and recover transfers of customer property BLMIS made to the Stark Defendants during the two-years preceding BLMIS' collapse.  The Stark Defendants filed answers in both adversary proceedings on October 3, 2011, and in both cases asserted cross-claims against Cohmad Securities Corporation ("Cohmad") for indemnification.  Cohmad has yet to file answers in response to the third-party complaints.

On April 3, 2014, counsel for the Trustee and Mr. Richard Haddad, who is counsel for the Stark Defendants, participated in an initial case conference pursuant to the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 26, 2010 Protective Order, ECF No. 3141 (the "Avoidance Procedures Order").  Prior to the initial case conference, counsel for the Trustee circulated a proposed case management plan setting forth deadlines for discovery.  While agreeing to the dates contained in the case

Honorable Stuart M. Bernstein
March 8, 2017
Page 2

management notice, Mr. Haddad would not consent to the filing of the notice unless Cohmad agreed to participate in discovery with the Stark Defendants pursuant to their cross-claims for indemnification. Mr. Haddad requested that the Trustee refrain from moving forward with discovery until he had an opportunity to address with Cohmad's counsel their participation. Since April 10, 2014, the Trustee has, on numerous occasions, attempted to contact Mr. Haddad in an effort to obtain his consent to the filing of a case management notice as contemplated by paragraph 2.G of the Avoidance Procedures Order.[1]

On May 27, 2016, during one of the Trustee's many efforts to enlist Mr. Haddad's cooperation, Mr. Haddad refused to agree to participate in the discovery process as mandated by the Avoidance Procedures Order and the Federal Rules, until and unless Cohmad agreed to participate in discovery with the Stark Defendants. The Federal Rules require that the commencement of discovery not be unduly delayed, and that a meeting of the parties take place as soon as practicable.[2] This holds true even if not all of the defendants have filed an answer in the case.[3]

Cohmad's refusal to participate in discovery with the Stark Defendants may stem from the fact that Cohmad has not yet filed an answer in response to the third-party complaint. Therefore, the Stark Defendants' request for discovery from Cohmad in connection with their third-party complaint is premature notwithstanding the fact that Cohmad's response is long overdue. Regardless, Cohmad's refusal to participate in discovery with the Stark Defendants is not a proper legal basis for the Stark Defendants' refusal to participate in discovery with the Trustee.

The Trustee respectfully requests a conference with the Court to address the Stark Defendants' refusal to participate in discovery. Such a conference will assist the Trustee in proceeding with the discovery to which he is entitled, and will hopefully obviate the need for discovery-related motion practice.

Respectfully,

*/s/ Keith R. Murphy*

Keith R. Murphy


cc:    Richard G. Haddad, Esq.
       Robertson D. Beckerlegge, Esq.
       Dominic A. Gentile, Esq.

---

[1] On May 21, 2014, counsel for the parties met to resolve the dispute with respect to the Stark Defendants' insistence on Cohmad's participation in discovery. The parties were unable to reach a compromise.
[2] Fed. R. Civ. P. 16(b) and 26(f).
[3] *See* Fed. R. Civ. P. 26(f), 2015 Advisory Committee Notes at 203 (imposing discovery obligations on all parties that have appeared in the case, including defendants who may not have filed an answer in the case.).