**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-1161 (SMB) |
| Plaintiff, | |
| v. | |
| FEDERICO CERETTI, CARLO GROSSO, KINGATE GLOBAL FUND, LTD., KINGATE EURO FUND, LTD., KINGATE MANAGEMENT LIMITED, FIM ADVISERS LLP, FIM LIMITED, CITI HEDGE FUND SERVICES LIMITED, FIRST PENINSULA TRUSTEES LIMITED, INDIVIDUALLY AND AS TRUSTEE OF THE ASHBY TRUST, THE ASHBY TRUST, ASHBY INVESTMENT SERVICES LIMITED, ALPINE TRUSTEES LIMITED, INDIVIDUALLY AND AS TRUSTEE OF EL PRELA TRUST, PORT OF HERCULES TRUSTEES LIMITED, INDIVIDUALLY, AND AS TRUSTEE OF EL PRELA TRUST, EL PRELA TRUST, EL PRELA GROUP HOLDING SERVICES, ASHBY HOLDINGS SERVICES LIMITED, EL PRELA TRADING INVESTMENTS LIMITED, and HSBC BANK BERMUDA LIMITED, | |
| Defendants. | |

# STIPULATED FINAL ORDER
# GRANTING MOTION TO DISMISS THE NINTH COUNT OF THE FOURTH
# <u>AMENDED COMPLAINT</u>

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, and defendants Federico Ceretti, Carlo Grosso, Kingate Management Limited, FIM Advisers LLP, FIM Limited, Citi Hedge Fund Services Limited, First Peninsula Trustees Limited, individually and as Trustee of the Ashby Trust, The Ashby Trust, Ashby Investment Services Limited, Alpine Trustees Limited, individually and as Trustee of El Prela Trust, Port of Hercules Trustees Limited, individually, and as Trustee of El Prela Trust, El Prela Trust, El Prela Group Holding Services, Ashby Holdings Services Limited, El Prela Trading Investments Limited, and HSBC Bank Bermuda Limited ("Subsequent Transferee Defendants"), by and through their respective undersigned counsel (the Trustee, together with the Subsequent Transferee Defendants are collectively referred to as the "Parties"), state as follows:

**WHEREAS**, the Trustee initiated *Picard v. Ceretti, et al.*, Adv. Pro. No. 09-1161 (SMB) (this "Adversary Proceeding" or "Adv. Pro.") on April 17, 2009, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and on March 17, 2014, filed a Fourth Amended Complaint. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB) ("Main ECF"), ECF No. 5879; *see also* Adv. Pro. ECF No. 100;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff (the "District Court"),

2

entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code, as incorporated by SIPA, apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, the District Court entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, the District Court entered a Stipulation and Supplemental Opinion and Order that supplemented the Extraterritoriality Order and directed that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that, with respect to this adversary proceeding, directed the Subsequent Transferee Defendants, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address which counts asserted in the adversary proceeding against the Subsequent Transferee Defendants should be dismissed

pursuant to the Extraterritoriality Order or the legal standards announced therein (the "Extraterritoriality Motion to Dismiss"). *See* Main ECF No. 8800;

**WHEREAS**, on December 31, 2014, the Subsequent Transferee Defendants filed in this Adversary Proceeding a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. Main ECF No. 8903; *see also* Adv. Pro. ECF No. 158;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), Main ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed in this Adversary Proceeding a (a) consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, and (b) supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss. *See* Adv. Pro. ECF Nos. 194 and 195;

**WHEREAS**, on September 30, 2015, the Subsequent Transferee Defendants filed in this Adversary Proceeding a (a) consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) supplemental reply memorandum and declarations in support of the Extraterritoriality Motion to Dismiss. *See* Adv. Pro. ECF Nos. 212, 213, 214, 216, 217, 219, 220, 221, and 222;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See* Main ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted the Extraterritoriality Motion to Dismiss as to the Subsequent Transferee Defendants. *See* Main ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed that all of the Trustee's claims in this Adversary Proceeding against the Subsequent Transferee Defendants should be dismissed ("Dismissed Claims");

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments solely as it relates to the Memorandum Decision in this Adversary Proceeding;

**WHEREAS**, the Parties further request that the Bankruptcy Court enter a final judgment solely as to the Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure on the grounds that an immediate appellate review of the Memorandum Decision will be efficient for the courts and the Parties;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate, and the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this Adversary Proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4).

2. The Parties expressly and knowingly grant their consent for the Bankruptcy Court to enter final orders and judgments solely with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, the Subsequent Transferee Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this Adversary Proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

5

3. The Extraterritoriality Motion to Dismiss the Dismissed Claims as to the Subsequent Transferee Defendants is **GRANTED**.

4. The Parties' request that the Bankruptcy Court enter a final judgment solely as to the Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure is **GRANTED**. There is no just reason for delay of entry of a final order on the Dismissed Claims. Moreover, the entry of a final judgment on the Dismissed Claims will be efficient for the courts and the Parties.

5. The entry of a final order and judgment dismissing the Dismissed Claims in this adversary proceeding pursuant to Fed. R. Civ. P. 54(b) is appropriate. To permit entry of a final order and judgment under Fed. R. Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim finally decided within the meaning of 28 U.S.C. § 1291, and an express determination that there is no just reason for delay. *In re AirCrash at Belle Harbor, N.Y.*, 490 F.3d 99, 108-09 (2d Cir. 2007).

6. The operative complaint filed in this adversary proceeding alleges multiple claims and names multiple defendants. The entry of a final order and judgment will finally decide and ultimately dispose of the Dismissed Claims, which present legal issues that can be adjudicated independently of the remaining claims.

7. There is no just reason for delay of entry of a final order and judgment on the Dismissed Claims. In light of the number of adversary proceedings, claims and defendants in the above-captioned substantively consolidated adversary proceeding affected by the Memorandum Decision, the interests of sound judicial administration and the realization of judicial efficiencies are served by the entry of this final order and judgment, together with the entry of all other final orders and judgments dismissing other claims brought by the Trustee in the above-captioned

substantively consolidated adversary proceeding pursuant to the Memorandum Decision ("Related Final Orders and Judgments"), and the opportunity for an immediate appeal.

8. Because this order and judgment and the dismissal of the Dismissed Claims, together with Related Final Orders and Judgments, will affect numerous adversary proceedings commenced by the Trustee and hundreds of defendants named in those complaints or proposed amended complaints, an immediate appeal would avoid protracted, expensive, and potentially duplicative litigation proceedings, and will facilitate the prompt resolution of the case, thereby providing certainty and helping to streamline the litigation for further proceedings and possible appeals.

9. The Parties' request that the Bankruptcy Court enter final orders and judgments solely as to the Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure is **GRANTED**.

Dated: January 20, 2017
New York, New York

By: */s/ David J. Sheehan*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Marshall J. Mattera
Email: mmattera@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

By: */s/ Scott W. Reynolds*
   **Chaffetz Lindsey LLP**
   1700 Broadway, 33rd Floor
   New York, New York 10019
   Telephone: (212) 257-6960
   Facsimile: (212) 257-6950

   Scott W. Reynolds
   Email: scott.reynolds@chaffetzlindsey.com
   Erin E. Valentine
   Email: erin.valentine@chaffetzlindsey.com

   *Attorneys for Kingate Management Limited*

By: */s/ Barry G. Sher*
   **Paul Hastings LLP**
   200 Park Avenue
   New York, New York 10166
   Telephone: (212) 318-6000
   Facsimile: (212) 319-4090

   Barry G. Sher
   Email: barrysher@paulhastings.com
   Jodi Aileen Kleinick
   Email: jodikleinick@paulhastings.com
   Mor Wetzler
   Email: morwetzler@paulhastings.com

   *Attorneys for Carlo Grosso, Federico Ceretti, FIM Advisers LLP and FIM Limited*

By: */s/ Thomas J. Moloney*
   **Cleary Gottlieb Steen & Hamilton LLP**
   One Liberty Plaza
   New York, New York 10006
   Telephone: (212) 225-2000
   Facsimile: (212) 225-3999

   Thomas J. Moloney
   Email: tmoloney@cgsh.com

   *Attorneys for HSBC Bank Bermuda Limited*

By: */s/ Carmine D. Boccuzzi, Jr.*
   **Cleary Gottlieb Steen & Hamilton LLP**
   One Liberty Plaza
   New York, New York 10006
   Telephone: (212) 225-2000
   Facsimile: (212) 225-3999

   Carmine D. Boccuzzi, Jr.
   Email: cboccuzzi@cgsh.com

   *Attorneys for Citi Hedge Fund Services Limited*

By: */s/ Timothy P. Harkness*
   **Freshfields Bruckhaus Deringer US LLP**
   601 Lexington Avenue, 31st Floor
   New York, New York 10022
   Telephone: (212) 230-4610
   Facsimile: (646) 465-7410

   Timothy P. Harkness
   Email: timothy.harkness@freshfields.com

   *Attorneys for Alpine Trustees Limited, Individually and as Trustee of the El Prela Trust, Ashby Holding Services Limited, Ashby Investment Services Limited, Individually and as Trustee of The Ashby Trust, El Prela Group Holding Services, El Prela Trading Investments Limited, El Prela Trust, First Peninsula, Individually and as Trustee of The Ashby Trust, Port of Hercules Trustees Limited, Individually and as Trustee of the El Prela Trust and The Ashby Trust*

**SO ORDERED**

Dated: <u>March 9th</u>, 2017
      New York, New York

      /s/ STUART M. BERNSTEIN
      HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE