**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>OREADES SICAV represented by its Liquidator INTER INVESTISSEMENTS S.A., and INTER INVESTISSEMENTS S.A. (f/k/a INTER CONSEIL S.A.),<br><br>Defendants. | Adv. Pro. No. 10-05120 (SMB) |

**STIPULATED FINAL ORDER
GRANTING MOTION TO DISMISS COUNT FIVE OF THE COMPLAINT**

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*., and the estate of Bernard L. Madoff, individually, and defendant Inter Investissements S.A. (f/k/a Inter Conseil

S.A.) ("Inter," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS,** on December 2, 2010, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a Complaint against Oréades SICAV ("Oréades") (as represented by Inter), Inter, BNP Paribas Investment Partners Luxembourg S.A. ("BNP Paribas Lux"), BGL BNP Paribas S.A. ("BGL BNP Paribas") and BNP Paribas Securities Services S.A. ("BNP Paribas Securities"). *See Picard v. Oreades SICAV*, Adv. Pro. No. 10-05120 (SMB), ECF No. 1;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed BNP Paribas Lux, BGL BNP Paribas, BNP Paribas Securities, and Inter (collectively, the "Oréades Transferee Defendants"), the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against the Oréades Transferee Defendants should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, on December 31, 2014, the Oréades Transferee Defendants filed a supplemental memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See Picard v. Oréades SICAV*, Adv. Pro. No. 10-05120 (SMB), ECF No. 58;

**WHEREAS**, on June 25, 2015, defendant BNP Paribas Lux was voluntary dismissed from this Adversary Proceeding. *See id.*, ECF No. 68;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to

3

the Extraterritoriality Motion to Dismiss, (b) supplemental memoranda in opposition to the Extraterritoriality Motion to Dismiss, and (c) proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed amended complaint. *See Picard v. Oréades SICAV*, Adv. Pro. No. 10-05120 (SMB), ECF Nos. 70-74;

**WHEREAS**, on September 30, 2015, Inter, BGL BNP Paribas, and BNP Paribas Securities filed (a) a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss, *see id.* ECF No. 81, (b) supplemental reply memoranda in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF Nos. 79, 81-83;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted the Extraterritoriality Motion to Dismiss as to Inter on the basis of extraterritoriality. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed that the Trustee's claim in Count Five of the Complaint in this adversary proceeding should be dismissed as to Inter (the "Dismissed Claim");

**WHEREAS**, on January 19, 2017, the Trustee, Inter, BGL BNP Paribas and BNP Paribas Securities filed a Stipulation dismissing BGL BNP Paribas and BNP Paribas Securities, thereby dismissing Count Five of the Complaint as to BGL Paribas and BNP Paribas Securities,

4

and dismissing Counts Six through Eight in their entirety. *See Picard v. Oréades SICAV*, Adv. Pro. No. 10-05120 (SMB), ECF No. 98;

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments consistent with the Memorandum Decision in this adversary proceeding;

**WHEREAS**, the Parties further request that the Bankruptcy Court enter a final judgment solely as to the Dismissed Claim under Rule 54(b) of the Federal Rules of Civil Procedure on the grounds that an immediate appellate review of the Memorandum Decision will be efficient for the courts and the Parties;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate and the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4).

2. The Parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, Inter reserves all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3. The Extraterritoriality Motion to Dismiss is **GRANTED** as to the Dismissed Claim against Inter.

4. The entry of a final order and judgment dismissing the Dismissed Claim in this adversary proceeding pursuant to Fed. R. Civ. P. 54(b) is appropriate. To permit entry of a final order and judgment under Fed. R. Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim finally decided within the meaning of 28 U.S.C. § 1291, and an express determination that there is no just reason for delay. *In re AirCrash at Belle Harbor, N.Y.*, 490 F.3d 99, 108-09 (2d Cir. 2007).

5. The Complaint filed in this adversary proceeding alleges multiple claims and names multiple defendants. The entry of a final order and judgment will finally decide and ultimately dispose of the Dismissed Claim, which present legal issues that can be adjudicated independently of the remaining claims.

6. There is no just reason for delay of entry of a final order and judgment on the Dismissed Claim. In light of the number of adversary proceedings, claims and defendants in the above-captioned substantively consolidated adversary proceeding affected by the Memorandum Decision, the interests of sound judicial administration and the realization of judicial efficiencies are served by the entry of this final order and judgment, together with the entry of all other final orders and judgments dismissing other claims brought by the Trustee in the above-captioned substantively consolidated adversary proceeding pursuant to the Memorandum Decision ("Related Final Orders and Judgments"), and the opportunity for an immediate appeal.

7. Because this order and judgment and the dismissal of the Dismissed Claim, together with Related Final Orders and Judgments, will affect numerous adversary proceedings commenced by the Trustee and hundreds of defendants named in those complaints or proposed amended complaints, an immediate appeal would avoid protracted, expensive, and potentially duplicative litigation proceedings, and will facilitate the prompt resolution of the case, thereby

6

providing certainty and helping to streamline the litigation for further proceedings and possible appeals.

8.   The Parties' request that the Bankruptcy Court enter final orders and judgments solely as to the Dismissed Claim under Rule 54(b) of the Federal Rules of Civil Procedure is **GRANTED**.

9.   This Order is without prejudice to the Trustee's right to amend or to seek leave to amend his Complaint in this matter, and without prejudice to any jurisdictional, substantive, or procedural rights, remedies, or defenses of Inter in connection with this adversary proceeding, all of which it expressly preserves.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: January 20, 2017<br>New York, New York | By: */s/ David Sheehan*<br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Mark A. Kornfeld<br>Email: mkornfeld@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee*<br>*for the Substantively Consolidated SIPA*<br>*Liquidation of Bernard L. Madoff Investment*<br>*Securities LLC and the Estate of Bernard L.*<br>*Madoff*<br><br>By: */s/ Hallie S. Goldblatt*<br>**PAUL, WEISS, RIFKIND, WHARTON &**<br>**GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone: 212.373.3000<br>Facsimile: 212.757.3990<br>Martin Flumenbaum<br>Email: mflumenbaum@paulweiss.com<br>Andrew J. Ehrlich<br>Email: aehrlich@paulweiss.com<br>Hallie S. Goldblatt<br>Email: hgoldblatt@paulweiss.com<br><br>*Attorneys for Defendant Inter Investissements*<br>*S.A.* |

**SO ORDERED**

Dated: March 9th, 2017
      New York, New York

                                                /s/ STUART M. BERNSTEIN
                                                HONORABLE STUART M. BERNSTEIN
                                                UNITED STATES BANKRUPTCY JUDGE