**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br>  v.<br><br>BNP PARIBAS S.A.,<br><br>BNP PARIBAS (SUISSE) S.A., Individually and as Successor in Interest to United European Bank,<br><br>BNP PARIBAS ARBITRAGE SNC,<br><br>BNP PARIBAS BANK & TRUST CAYMAN LIMITED,<br><br>BGL BNP PARIBAS LUXEMBOURG S.A., as Successor in Interest to BNP Paribas Luxembourg S.A.,<br><br>BNP PARIBAS SECURITIES SERVICES – SUCCUSALE DE LUXEMBOURG, and<br><br>BNP PARIBAS SECURITIES SERVICES S.A.,<br><br>    Defendants. | Adv. Pro. No. 12-01576 (SMB) |

1

**STIPULATED FINAL ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS COMPLAINT**

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, and defendants BNP Paribas S.A. ("BNP Paribas"), BNP Paribas (Suisse) S.A., Individually and as Successor in Interest to United European Bank ("BNP Paribas Suisse"), BNP Paribas Arbitrage SNC ("BNP Paribas Arbitrage"), BNP Paribas Bank & Trust Cayman Limited ("BNP Paribas Cayman"), BGL BNP Paribas Luxembourg S.A., as Successor in Interest to BNP Paribas Luxembourg S.A. ("BGL BNP"), BNP Paribas Securities Services – Succursale de Luxembourg ("BNP Paribas Luxembourg"), and BNP Paribas Securities Services S.A. ("BNP Paribas Securities"), (together, "Defendants," and collectively with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on May 4, 2012, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a Complaint against Defendants, *see Picard v. BNP Paribas S.A.*, Adv. Pro. No. 12-01576 (SMB), ECF No. 1;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to

2

recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"), *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.*, ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed Defendants, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against Defendants should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"), *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

3

**WHEREAS**, on or about December 31, 2014, Defendants filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss, *see Picard v. BNP Paribas S.A.*, Adv. Pro. No. 12-01576 (SMB), ECF No. 52;

**WHEREAS**, pursuant to further scheduling Orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on or about June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed amended complaint, *see Picard v. BNP Paribas S.A.*, Adv. Pro. No. 12-01576 (SMB), ECF No. 62–64;

**WHEREAS**, on September 30, 2015, Defendants filed (a) a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and (b) a supplemental reply memorandum in support of the Extraterritoriality Motion to Dismiss, *see id.*, ECF Nos. 70 and 71;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted the Extraterritoriality Motion to Dismiss as to Counts One through Three against Defendants and denied the Extraterritoriality Motion to Dismiss as to Counts Four and Five as to BNP Paribas Arbitrage, BNP Paribas Cayman, and BNP Paribas Securities, *see*

4

*Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495;

**WHEREAS**, the Memorandum Decision directed that the Trustee's claims in this adversary proceeding should be dismissed as to Counts One through Three (the "Dismissed Claims");

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments for the Dismissed Claims consistent with the Memorandum Decision in this adversary proceeding;

**WHEREAS**, the Parties further request that the Bankruptcy Court enter a final judgment solely as to the Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure on the grounds that an immediate appellate review of the Memorandum Decision will be efficient for the courts and the Parties;

**NOW**, for the reasons set forth in the Memorandum Decision, which is incorporated herein and attached hereto as Exhibit A, the Parties agree and stipulate and the Bankruptcy Court hereby orders:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The Parties expressly and knowingly grant their consent solely for the Bankruptcy Court to enter final orders and judgments with respect to the Extraterritoriality Motion to Dismiss, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the above grant of consent, Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding,

including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3. The Extraterritoriality Motion to Dismiss is **GRANTED** as to the Dismissed Claims against Defendants, and is otherwise **DENIED**.

4. The entry of a final order and judgment dismissing the Dismissed Claims in this adversary proceeding pursuant to Fed. R. Civ. P. 54(b) is appropriate. To permit entry of a final order and judgment under Fed. R. Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim finally decided within the meaning of 28 U.S.C. § 1291, and an express determination that there is no just reason for delay. *In re AirCrash at Belle Harbor, N.Y.*, 490 F.3d 99, 108-09 (2d Cir. 2007).

5. The proposed amended complaint filed in this adversary proceeding alleges multiple claims and names multiple defendants. The entry of a final order and judgment will finally decide and ultimately dispose of the Dismissed Claims, which present legal issues that can be adjudicated independently of the remaining claims.

6. There is no just reason for delay of entry of a final order and judgment on the Dismissed Claims. In light of the number of adversary proceedings, claims, and defendants in the above-captioned substantively consolidated adversary proceeding affected by the Memorandum Decision, the interests of sound judicial administration and the realization of judicial efficiencies are served by the entry of this final order and judgment, together with the entry of all other final orders and judgments dismissing other claims brought by the Trustee in the above-captioned substantively consolidated adversary proceeding pursuant to the Memorandum Decision ("Related Final Orders and Judgments"), and the opportunity for an immediate appeal.

7. Because this order and judgment and the dismissal of the Dismissed Claims, together with Related Final Orders and Judgments, will affect numerous adversary proceedings commenced by the Trustee and hundreds of defendants named in those complaints or proposed amended complaints, an immediate appeal would avoid protracted, expensive, and potentially duplicative litigation proceedings, and will facilitate the prompt resolution of the case, thereby providing certainty and helping to streamline the litigation for further proceedings and possible appeals.

8. The Parties' request that the Bankruptcy Court enter final orders and judgments solely as to the Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure is **GRANTED**.

Dated:  January 20, 2017
       New York, New York

By: */s/ David J. Sheehan*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Mark A. Kornfeld
Email:  mkornfeld@bakerlaw.com
Torello H. Calvani
Email:  tcalvani@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

By: */s/ Breon S. Peace*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999
Breon S. Peace
Email:  bpeace@cgsh.com
Ari D. MacKinnon
Email:  amackinnon@cgsh.com

*Attorneys for Defendants BNP Paribas S.A., BNP Paribas (Suisse) S.A., BNP Paribas Arbitrage SNC, BNP Paribas Bank & Trust Cayman Limited, BGL BNP Paribas Luxembourg S.A., BNP Paribas Securities Services – Succursale de Luxembourg, and BNP Paribas Securities Services S.A.*

**SO ORDERED**

Dated: March 9th, 2017
New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE