**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES INVESTOR PROTECTION CORPORATION,

          Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

          Defendant.

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

---

In re:

BERNARD L. MADOFF,

          Debtor.

---

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

          Plaintiff,

v.

DEFENDANTS LISTED ON EXHIBIT A,

          Defendants.

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE PICOWER PARTIES' MOTION TO REDACT PORTIONS OF THE DECEMBER 20, 2016 DEPOSITION TRANSCRIPT OF BERNARD L. MADOFF**

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for the Defendants Listed on Exhibit A*

{00028702 1 }

FILED UNDER SEAL

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

    I.      The Orders authorizing Madoff's deposition .......................................................... 2

    II.     The Orders ▇▇▇ prohibit Madoff's deposition testimony from being used to frame a complaint against the Picower Parties ................................ 3

    III.    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    IV.   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    V.     The Madoff Declaration, another matter of public record, ▇▇▇ states that Picower "created the fraud" and that Picower "was, by far, the primary beneficiary of the fraud" ............................................................ 5

ARGUMENT ................................................................................................................................ 6

    I.      The Motion should be denied because the testimony sought to be redacted is already a matter of public record and thus the Picower Parties cannot argue that redaction is necessary to protect their privacy or reputation .................................................................................................. 6

    II.    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    III.   Madoff's deposition testimony is a matter of public concern ............................... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Chase*,
   2008 WL 2945997 (Bankr. S.D.N.Y. July 25, 2008) ................................................................6

*Condit v. Dunne*,
   225 F.R.D. 113 (S.D.N.Y. 2004) ...............................................................................................9

*Ferrand v. Lyonnais*,
   106 F. Supp.3d 452 (S.D.N.Y. 2015) ........................................................................................6

*Flaherty v. Seroussi*,
   209 F.R.D. 295 (N.D.N.Y. 2001) ..............................................................................................9

*In re Gen. Motors LLC Ignition Switch Litig.*,
   No. 14-MC-2543 JMF, 2015 WL 4522778 (S.D.N.Y. July 24, 2015) .......................................9

*Int'l Prod. Corp. v. Koons*,
   325 F.2d 403, 409 (2d Cir. 1963) ..............................................................................................6

*P&S Assocs. v. Jacob et al.*,
   12-034123 (Fla. Cir. Ct.) ......................................................................................................1, 5

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984) ....................................................................................................................6

*United States v. Smith*,
   985 F. Supp. 2d 506 (S.D.N.Y. 2013) ......................................................................................7

**Other Authorities**

Wright & Miller, Federal Practice & Procedure, § 2043 ................................................................6

The Defendants listed on Exhibit A to the March 9, 2017 Declaration of Helen Davis Chaitman ("Defendants") respectfully submit this memorandum of law in opposition to the motion of the Picower Parties to redact portions of the December 20, 2016 deposition transcript of Bernard L. Madoff (the "Motion") (ECF Nos. 15008, 15010-15011).

## PRELIMINARY STATEMENT

The Picower Parties seek to redact deposition testimony that is either already a matter of public record or should be. ■■■

■■■

■■■, this Court's recitation of t[■] facts in its recent decision dismissing a complaint against the Picower Parties is ■ a matter of public record. *Marshall v. Capital Growth Co.*, *et al.*, Adv. Pro. No. 15-01293 (S.D.N.Y. Bankr.) (Bernstein, J.).

■■■ which Madoff testified to during his June 2016 deposition in the omnibus Profit Withdrawal proceeding. ■■■ ■■■ are matters of public record. Thus, to the extent the Motion is premised on the Picower Parties' desire to "protect their privacy interests" and "to prevent reputational harm," (Picower Br. at 1), that train left the station many years ago.

The Picower Parties argue that redaction is necessary to ■■■

■■■

■■■

■■■ Accordingly, none of the reasons proffered by the Picower Parties in support of the Motion has any merit.

{00028702 1}        1                                    FILED UNDER SEAL

Finally, there is an overwhelming public interest in knowing the truth about the Madoff fraud. It has been eight years since Madoff confessed and it is time the public learned the facts.

## STATEMENT OF FACTS

### I. The Orders authorizing Madoff's deposition

On September 29, 2016, this Court entered an Order authorizing Madoff's deposition on the following topics (the "Day 1 Deposition Topics"):

    1. The trading activities of Madoff's market making and proprietary trading units during the period prior to January 1, 1992 and thereafter.

    2. The trading activities for Madoff's investment advisory customers prior to January 1, 1992 and thereafter.

    3. The number of employees, profitability, and revenue-generating activities of each Madoff unit in the period prior to January 1, 1992 and thereafter.

    4. The nature, extent and scope of Madoff's legitimate and illegitimate activities at various time periods, including, *inter alia*, when Madoff began operating a "Ponzi" scheme and how it came about that he began operating a "Ponzi" scheme.

    5. The extent to which different trading strategies were involved with legitimate or illegitimate activities.

    6. The record-keeping procedures of each unit of Madoff's operations, including but not limited to records indicating the purported purchase and sale of securities and the purported allocation of securities to investment advisory customers.

    7. The interpretation of Madoff's or BLMIS' account records, including but not limited to monthly account statements.

(ECF No. 14213 at 2-3). On January 18, 2017, the Court entered an Order authorizing Madoff's continued deposition. (ECF No. 14905).

Notably, the September 2016 Order authorizing Madoff's deposition provides that "nothing in this Order bars defense counsel from asking Madoff questions concerning . . . Jeffry M. Picower, the Picower Parties or their agents, or the Picower Parties' BLMIS accounts (other than as set forth in the transcript hearing dated August 24, 2016 in this matter)." (ECF No. 14213

{00028702 1}  2

at 4-5). The Order further provides that "[t]o the extent Madoff testifies regarding Jeffry Picower, the Picower Parties, or their BLMIS accounts in responding to questions on any of the Day 1 or Day 2 Deposition Topics, Authorized Counsel may follow up with questions concerning Picower and/or the Picower Parties only *to the extent that such follow up questions directly relate to the Day 1 or Day 2 Deposition Topics.*" (ECF No. 14213 at 5) (emphasis added). None of the testimony that the Picower Parties seek to redact is outside the scope of the Day 1 Deposition Topics.

## II. The Orders ▇▇▇ prohibit Madoff's deposition testimony from being used to frame a complaint against the Picower Parties

▇▇▇ the September 2016 Order authorizing Madoff's deposition explicitly provides that the "deposition testimony of Madoff . . . shall not be used by any person or entity for any reason as it relates to the Picower Parties, including but not limited to in any pending or future litigation that may be brought against the estate of Jeffry M. Picower, the Picower Parties or their agents, or any related person or entity." (ECF No. 14213 at 5). ▇▇▇

## III. ▇▇▇



{00028702 1}　　　　　　　　　　　　　　3　　　　　　　　　　　　　FILED UNDER SEAL

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ it is important for the public and the customer body to know Madoff's version of the facts. There is no justification for concealing this testimony.

**IV.** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Almost all of the testimony the Picower Parties seek to conceal is recited in this Court's decision dismissing the complaint against the Picower Parties. And it is all in the public record.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

FILED UNDER SEAL



▆▆▆▆ In Madoff's numerous depositions – all of which are available on the internet – he has been consistent with his testimony regarding Picower's role in the fraud. There is no possible justification for redacting the record with respect to Madoff's recent deposition.

**V.    The Madoff Declaration, another matter of public record, ▆▆▆▆ states that Picower "created the fraud" and that Picower "was, by far, the primary beneficiary of the fraud"**

The Madoff Declaration, which has been filed with and described by this Court in a recent written decision, references Picower's participation in the fraud at BLMIS. The Madoff Declaration states that "'[p]ost 1990, I was put under enormous pressure by Jeffry Picower, who created the fraud I perpetuated and who was, by far, the primary beneficiary of the fraud.'" *Marshall*, Adv. Pro. No. 15-01293, Slip Op. at 25-26 (S.D.N.Y. Bankr.) (alteration in original) (quoting and discussing the Madoff Declaration).

The Madoff Declaration was also made an exhibit to Madoff's June 2016 deposition transcript, and Madoff gave limited testimony about it, confirming that he executed it and that its contents were accurate. (*See* Chaitman Decl., Ex. D, June 15, 2016 Deposition Transcript at 9:10-11, 106:21-23, 107:3-5). Madoff's deposition testimony and the Madoff Declaration make clear that Picower has been an instrumental part of Madoff's fraud and it should be anticipated that at

least some limited discussion of Picower would be inherent in any discussion of the Day 1 Deposition Topics. This Court's September 2016 Order authorizing Madoff's deposition specifically recognized this.

## ARGUMENT

I.  **The Motion should be denied because the testimony sought to be redacted is already a matter of public record and thus the Picower Parties cannot argue that redaction is necessary to protect their privacy or reputation**

The Picower Parties are seeking to redact information that is already a matter of public record. It would serve no purpose, and would indeed be pointless for the Court to enter an order now redacting matters that are already contained in the public record. *See Ferrand v. Lyonnais*, 106 F. Supp.3d 452, 455 (S.D.N.Y. 2015) ("These rulings are matters of public record appearing not only on the docket of this Court and in search engine results, but they are also published in law reporters. Accordingly, the Court's sealing of its Decisions and Orders on the docket, and even directing search engines to remove them, would be pointless if done to remove public information about them."); *In re Chase*, 2008 WL 2945997, at *9 (Bankr. S.D.N.Y. July 25, 2008) ("The sealing of any documents in the Bankruptcy Court has no impact on documents already in the public domain. Since several of the documents in the parties' pleadings are already in the public domain, it would be fruitless for the Court to seal these documents since public access to them in other forums would be unaffected."); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("Thus, the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes.").

Moreover, parties have an absolute First Amendment right to use information obtained independently of the discovery process. *Int'l Prod. Corp. v. Koons*, 325 F.2d 403, 409 (2d Cir. 1963) (Friendly, J.) (parties and lawyers have a First Amendment right to disclose information and writings that they already possessed and had obtained without the aid of court process); Wright &

Miller, Federal Practice & Procedure, § 2043 ("[T]he First Amendment precludes a protective order restricting dissemination of information obtained independently of the discovery process."); *see also United States v. Smith*, 985 F. Supp.2d 506, 547 (S.D.N.Y. 2013) (entering protective order but adding limitation that it will not apply to "information in the public domain or independently obtained"). The Court may not, therefore, enter an order redacting information that is already publicly available.

II. ███████████████████

███████████████ These topics were specifically authorized in the following Day 1 Deposition Topics:

    1. The trading activities of Madoff's market making and proprietary trading units during the period prior to January 1, 1992 and thereafter.

    2. The trading activities for Madoff's investment advisory customers prior to January 1, 1992 and thereafter.

    3. . . . .

    4. The nature, extent and scope of Madoff's legitimate and illegitimate activities at various time periods, including, *inter alia*, when Madoff began operating a "Ponzi" scheme and how it came about that he began operating a "Ponzi" scheme, and the nature, extent and scope of that scheme at various points in time.

5. The extent to which different trading strategies were involved with legitimate or illegitimate activities.

(ECF No. 14213 at 2-3).

Madoff's testimony as to █████████████████████████████

█████████████████████████████████████████████████████████

is authorized by the following authorized topics:

1. . . . .

2. . . . .

3. . . . .

4. The nature, extent and scope of Madoff's legitimate and illegitimate activities at various time periods, including, *inter alia*, when Madoff began operating a "Ponzi" scheme and how it came about that he began operating a "Ponzi" scheme.

5. The extent to which different trading strategies were involved with legitimate or illegitimate activities.

(ECF No. 14213 at 2-3).

Madoff testified that █████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████

Madoff's testimony relating to █████████████████████████

████████████████████████████████████████████████████ ████

█████████████████████████████ is authorized by at least the following authorized topics:

      1.  The trading activities of Madoff's market making and proprietary trading units during the period prior to January 1, 1992 and thereafter.

      2.  The trading activities for Madoff's investment advisory customers prior to January 1, 1992 and thereafter.

      3.  . . . .

      4.  . . . .

      5.  The extent to which different trading strategies were involved with legitimate or illegitimate activities.

      6.  The record-keeping procedures of each unit of Madoff's operations, including but not limited to records indicating the purported purchase and sale of securities and the purported allocation of securities to investment advisory customers.

      7.  The interpretation of Madoff's or BLMIS' account records, including but not limited to monthly account statements.

(ECF No. 14213 at 2-3).

[REDACTED] There is no basis in the Orders authorizing Madoff's deposition for ordering the redactions that the Picower Parties' seek.

### III.   Madoff's deposition testimony is a matter of public concern

Although Madoff's deposition testimony has not yet been publicly filed with the Court and may not currently be a "judicial document," it is certainly a matter of public concern. When matters sought to be protected from public view are of public concern, courts should be very hesitant to enter a protective order. *See In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4522778, at *4 (S.D.N.Y. July 24, 2015) (public interest in discovery materials weighs in favor of allowing public access to discovery materials); *Condit v. Dunne*, 225 F.R.D. 113, 119 (S.D.N.Y. 2004) (refusing to enter protective order barring public dissemination of videotaped deposition of former member of Congress even though, while admittedly not a "judicial document," the videotape and the case were matters of public concern); *Flaherty v. Seroussi*, 209 F.R.D. 295, 299

{00028702 1 }                    9                    FILED UNDER SEAL

(N.D.N.Y. 2001) (same with respect to a mayor and noting that "[i]n cases where issues of strong public interest favoring the free dissemination of discovery materials are at play, the normal practice of not according discovery materials the same degree of access as those filed in connection with trial gives way to a presumption of open inspection").

Here, the Picower Parties' purported interests in their privacy and reputation must yield to the public interest in permitting the deposition of Bernard Madoff to be released in the public record without the unfounded redactions that the Picower Parties now request.

## CONCLUSION

The Picower Parties seek to redact testimony about matters of public record. This testimony was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Madoff's deposition testimony is a matter of public concern. The Motion should be denied.

| | |
|---|---|
| Dated: New York, New York<br>March 9, 2017 | **CHAITMAN LLP**<br><br>By: /s/ *Helen Davis Chaitman*<br>Helen Davis Chaitman<br>Gregory M. Dexter<br>465 Park Avenue<br>New York, New York 10022<br>Phone & Fax: (888)-759-1114<br>hchaitman@chaitmanllp.com<br>gdexter@chaitmanllp.com<br><br>*Attorneys for the Defendants listed on Exhibit A* |