**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                 Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                 Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                 Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                 Plaintiff,<br><br>      v.<br><br>ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.),<br><br>                 Defendant. | Adv. Pro. No. 11-02760 (SMB)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S REQUEST FOR CERTIFICATION OF JUDGMENT FOR DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2) AND FED. R. BANKR. P. 8006(f)** |

# TABLE OF CONTENTS

**Page**

I. Preliminary Statement ................................................................................................ 1

II. Background ................................................................................................................ 2

III. Relief Requested ........................................................................................................ 4

IV. Questions Presented on Appeal ................................................................................. 4

V. Standard for Certifying Judgment for Direct Appeal ................................................ 5

VI. Direct Appeal Should be Permitted ........................................................................... 5

    A. The Appeal Involves Controlling Questions of Law That Are of Public Importance ........................................................................................................ 5

        i. Controlling Questions of Law ............................................................. 6

        ii. Matters of Public Importance .............................................................. 7

    B. An Appeal to the Second Circuit Would Resolve Questions of Law Subject to Conflicting Decisions ........................................................................ 7

    C. Permitting Direct Appeal Will Materially Advance the Progress of This Case ................................................................................................................... 9

VII. Conclusion ............................................................................................................... 10

(no)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Casey v. Long Island R.R. Co.*,
  406 F.3d 142 (2d Cir. 2005)............................................................................................6

*In re Kingate Mgmt. Ltd. Litig.*,
  No. 09-cv-5386 (DAB), 2016 WL 5339538 (S.D.N.Y. Sept. 21, 2016), *appeal
  docketed*, No. 16-3450 (2d Cir.) ..................................................................................8, 9

*In re Leslie Fay Companies, Inc.*,
  222 B.R. 718 (S.D.N.Y. 1998)........................................................................................9

*In re Nortel Networks Corp.*,
  No. 09-10138 (KG), 2010 WL 1172642 (Bankr. D. Del. Mar. 18, 2010).....................7

*Maxwell Commc'n Corp. plc v. Societe Generale (In re Maxwell Commc'n
  Corp.)*,
  93 F.3d 1036 (2d Cir. 1996).......................................................................................6, 7

*Morrison v. Nat'l Austl. Bank Ltd.*,
  561 U.S. 247 (2010)........................................................................................................6

*Picard v. Bureau of Labor Ins.*,
  480 B.R. 501 (Bankr. S.D.N.Y. 2012)............................................................................7

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
  513 B.R. 222 (S.D.N.Y. 2014).........................................................................3, 4, 7, 8

*Shannon v. Gen. Elec. Co.*,
  186 F.3d 186 (2d Cir. 1999)...........................................................................................9

*Spizz v. Goldfarb Seligman & Co. (In re Ampal-American Israel Corp.)*,
  No. 14-02104 (SMB), 2017 WL 75750 ........................................................................8

*Weber v. U.S. Trustee*,
  484 F.3d 154 (2d Cir. 2007)......................................................................................5, 6

*Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*,
  543 B.R. 127 (Bankr. S.D.N.Y. 2016)............................................................................8

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Statutes**

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Statutes**

11 U.S.C. § 547 ..........................................................................................................................8

11 U.S.C. § 548 ..........................................................................................................................8

11 U.S.C. § 550 ..................................................................................................................3, 6, 8

11 U.S.C § 550(a) ...............................................................................................................3, 7, 8

15 U.S.C. §§ 78aaa *et seq.* ........................................................................................................1

28 U.S.C. § 157 ......................................................................................................................2, 3

28 U.S.C. § 158(a) ....................................................................................................................10

28 U.S.C. § 158(d)(2)(A) ...............................................................................................1, 4, 5, 10

28 U.S.C. § 158(d)(2)(A)(i) ........................................................................................................5

28 U.S.C. § 158(d)(2)(A)(ii) .......................................................................................................7

28 U.S.C. § 158(d)(2)(A)(iii) ..................................................................................................1, 9

28 U.S.C. § 158(d)(2)(B) ............................................................................................................5

28 U.S.C. § 1292(b) ....................................................................................................................6

**Rules**

Fed. R. Bankr. P. 8006(f) ............................................................................................................1

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, hereby seeks this Court's certification of the Stipulated Final Order Granting Motion to Dismiss Complaint (the "Judgment") dated March 3, 2017, a copy of which is annexed hereto as Exhibit 1, for immediate appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2)(A) and Federal Rule of Bankruptcy Procedure 8006(f).

## I.   Preliminary Statement

The Judgment and other similar judgments resulted from years of coordinated litigation about whether SIPA and the Bankruptcy Code apply extraterritorially in close to one hundred adversary proceedings in the BLMIS liquidation proceedings. In November 2016, this Court issued the Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision"), dismissing a majority of the Trustee's claims on the basis of international comity. As to the balance, this Court dismissed certain claims on extraterritoriality grounds, and denied motions to dismiss in a small number of cases. In total, 87 cases are subject to final judgments which the Trustee will appeal. All defendants in 86 of those 87 cases have agreed to jointly certify the final judgments for direct appeal to the Second Circuit pursuant to 28 U.S.C. § 158(d)(2)(A)(iii) because a direct appeal would materially advance each case.

The Trustee brings this request for certification because Defendant ABN AMRO Bank N.V. (the "Defendant") is the only defendant with dismissed claims that has not agreed to joint certification for direct appeal to the Second Circuit. This Court should certify the Judgment because each prong of 28 U.S.C. § 158(d)(2)(A) is satisfied here.

First, the appeal involves controlling questions of law that are of public importance. The Judgment here presents the same legal issues as in the 86 other cases that the parties will seek to

appeal directly to the Second Circuit and concerns a matter of public importance—the recovery of billions in fraudulently transferred property for the benefit of Madoff's victims. Second, an appeal to the Second Circuit would resolve questions of law subject to conflicting district court decisions—conflicting decisions that another district court cannot resolve. Third, an appeal to the Second Circuit will materially advance the progress of this case, avoiding unnecessary litigation while all the other parties are working cooperatively to present one cohesive appeal that will ultimately govern the claims at issue in this action. Moreover, it is not even apparent that the district court has authority to hear an appeal on issues it previously decided when it withdrew the reference pursuant to 28 U.S.C. § 157 and exercised original jurisdiction.

## II. Background

On October 6, 2011, the Trustee commenced the above-captioned adversary proceeding by filing a complaint against the Defendant and then-defendant ABN AMRO Bank (Switzerland) AG.[1] On May 13, 2013, the Trustee voluntarily dismissed ABN AMRO Bank (Switzerland) AG.[2] The remaining claim ("Claim") sought recovery of approximately $21,799,920 in subsequent transfers received by the Defendant on December 2 and 10, 2008, from Harley International (Cayman) Limited ("Harley"). Those transfers were initially transferred from BLMIS to Harley.[3]

Harley entered liquidation proceedings in the Cayman Islands.[4] On May 12, 2009, the Trustee filed an adversary proceeding against Harley seeking the avoidance and recovery of

---

[1] *See Picard v. ABN AMRO Bank N.V. (The Royal Bank of Scotland, N.V.)*, No. 11-02760 (Bankr. S.D.N.Y. filed Oct. 6, 2011), ECF No. 1 (the "Complaint"). Subsequent references to this docket shall be identified as "ABN Docket."

[2] *See* ABN Docket, ECF No. 14 (May 13, 2013).

[3] Complaint ¶ 55 & Ex. H.

[4] Complaint ¶¶ 2, 25.

2

transfers made from BLMIS to Harley totaling $1,105,521,593.[5] On November 10, 2010, this Court entered summary and default judgments against Harley in the amount of $1,072,820,000.[6] The Trustee has not yet recovered any amounts of the judgments this Court issued against Harley.

In May and June 2012, the District Court withdrew the reference pursuant to 28 U.S.C. § 157 to determine whether "SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees," in connection with motions to dismiss filed in those cases.[7] On July 13, 2012, the Defendant, with other participating defendants, moved to dismiss the Trustee's claims seeking recovery of subsequent transfers, arguing that the presumption against extraterritoriality barred those claims.[8] The parties briefed and argued the motions before the District Court.[9] On July 7, 2014, the District Court issued its decision (the "Opinion and Order."). *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* 513 B.R. 222 (S.D.N.Y. 2014).

The District Court ruled that the Trustee could not pursue recovery of purely foreign subsequent transfers under Bankruptcy Code section 550, as incorporated by SIPA, due to the presumption against extraterritoriality. *Id.* at 228. In the alternative, the District Court ruled that the Trustee's use of section 550(a) to reach certain foreign transfers would be precluded by concerns of international comity. *Id.* at 231–32.

---

[5] The Complaint incorporates by reference all allegations in the complaint filed in *Picard v. Harley Int'l (Cayman) Ltd.*, Adv. Pro. No. 09-01187 (SMB), ECF No. 1. *See also* Complaint ¶ 49.

[6] Complaint ¶ 50; *see also Picard v. Harley Int'l (Cayman) Ltd.*, Adv. Pro. No. 09-01187 (SMB), ECF No. 15.

[7] *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR) ECF Nos. 97, 167.

[8] *Id.*, ECF Nos. 234, 235, 236.

[9] *Id.*, ECF Nos. 235, 309, 310, 322, and 357.

3

The District Court returned the adversary proceedings to this Court for further proceedings consistent with the rulings therein. *See id.* at 232. The Defendant, with other participating defendants, then renewed its motion to dismiss before this Court, seeking dismissal on extraterritoriality and comity grounds, on December 31, 2014.[10] On June 27, 2015, the Trustee opposed those motions[11] and submitted proffered allegations in support of his opposition.[12] Omnibus and case-specific reply briefs were filed on September 30, 2015.[13] This Court heard oral argument on December 16, 2015.[14] On November 22, 2016, this Court issued the Memorandum Decision.[15] The Judgment was entered on March 3, 2017, and the Trustee timely filed a notice of appeal on March 14, 2017.

### III.  Relief Requested

The Trustee seeks this Court's certification of the Judgment so that the appeal in this adversary proceeding may be heard together with the 86 other cases in the Second Circuit, if authorized, while avoiding unnecessary litigation before the District Court.

### IV.  Questions Presented on Appeal

1.  Whether and in what circumstances SIPA and the Bankruptcy Code permit the recovery of property fraudulently transferred by the debtor when it has been subsequently transferred in transactions with allegedly extraterritorial components.

---

[10] *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re BLMIS)*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8903. Subsequent references to adversary proceeding number 08-01789 shall be noted as "Main Docket."

[11] ABN Docket, ECF No. 47, 57.

[12] ABN Docket ECF No. 58. The Trustee also filed proffered amended complaints or proffered allegations in each adversary proceeding that was included in the omnibus extraterritoriality briefing before this Court.

[13] Main Docket, ECF No. 11542 (omnibus brief); *see also* ABN Docket, ECF No. 62.

[14] *See* Transcript Regarding Hearing Held on 12/16/2015, Main Docket ECF No. 12798 (Feb. 17, 2016).

[15] Main Docket, ECF No. 14495.

4

  2. Whether the comity of nations independently bars recovery of such property as otherwise authorized by SIPA and the Bankruptcy Code.

## V.  Standard for Certifying Judgment for Direct Appeal

A bankruptcy court must certify an appeal to a court of appeals if one of the circumstances set forth in 28 U.S.C. § 158(d)(2)(A)(i)–(iii) is present. *See* 28 U.S.C. § 158(d)(2)(B) ("If the bankruptcy court . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . then the bankruptcy court . . . shall make the certification described in subparagraph (A)"). Those circumstances are:

  i. the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or the Supreme Court of the United States, or involves a matter of public importance;

  ii. the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

  iii. an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). *See also Weber v. U.S. Trustee*, 484 F.3d 154, 158 (2d Cir. 2007). The Trustee respectfully submits that while one would be sufficient to certify the appeal, all three are present here.

## VI.  Direct Appeal Should be Permitted

###  A. The Appeal Involves Controlling Questions of Law That Are of Public Importance

The Court must certify an appeal if "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance." 28 U.S.C. § 158(d)(2)(A)(i). Direct appeal is warranted when a bankruptcy court order or judgment

involves a "controlling question of law," just as under the interlocutory appeal provision of 28 U.S.C. § 1292(b).  *Weber*, 484 F.3d at 158–59.  Specifically, "(a) the appeal must concern a question 'of law,' (b) that question must be one that is 'controlling,' and (c) that controlling question of law must be one 'as to which there is substantial ground for difference of opinion.'" *Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005) (quoting 28 U.S.C. § 1292(b)).

This appeal involves a controlling question of law that is a matter of public importance, as more fully explained below.

### i. Controlling Questions of Law

This appeal presents two controlling questions of law.  The first question of law involves the interpretation of SIPA and the Bankruptcy Code.  *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255 (2010) (explaining that application of presumption against extraterritoriality is a matter of statutory interpretation).[16]  It is controlling of whether the Trustee may maintain recovery actions against many of the shareholders, managers, and service providers to BLMIS's feeder fund customers who profited from Madoff's fraud at the expense of the victims.

The second question is whether comity of nations independently bars the Trustee's recovery actions.  Again, this is a question of law involving statutory interpretation.  *See Maxwell Commc'n Corp. plc v. Societe Generale (In re Maxwell Commc'n Corp.)*, 93 F.3d 1036, 1047 (2d Cir. 1996).  It is controlling of whether the Trustee may maintain recovery actions against the shareholders, managers, and service providers of feeder funds that were subject to foreign liquidation proceedings.  Judge Rakoff's application of international comity—whether comity of courts or comity of nations—was premised on a decision of this Court holding that

---

[16] Although this Court dismissed the Claim as barred by principles of international comity, the extraterritorial reach of SIPA and the Bankruptcy Code are squarely issues on appeal, because the District Court and this Court presumed in conducting their comity analyses that neither SIPA nor Bankruptcy Code section 550 of the Bankruptcy Code applied extraterritorially and that the Trustee's Claim to recover the subsequent transfers from the Defendant was not a permissible domestic application of Bankruptcy Code section 550.

deference to British law was warranted when all the parties to allegedly preferential transfers made in London were themselves British. *See In re Maxwell Commc'n Corp.*, 93 F.3d at 1051–52. Second Circuit review is necessary to resolve these controlling questions of law.

### ii. Matters of Public Importance

This appeal presents questions of law involving matters of public importance. A matter is of public importance if "the issue on appeal [] transcend[s] the litigants and involve[s] a legal question, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." *In re Nortel Networks Corp.*, No. 09-10138(KG), 2010 WL 1172642, at *1 (Bankr. D. Del. Mar. 18, 2010). In this instance, the controlling issues are relevant not only to the Trustee and Defendant but to all of the parties in the adversary proceedings subject to extraterritoriality or comity defenses, as well as the BLMIS customers who will benefit from any recoveries the Trustee is able to obtain.

### B. An Appeal to the Second Circuit Would Resolve Questions of Law Subject to Conflicting Decisions

This Court must certify the appeal if the Judgment "involves a question of law requiring resolution of conflicting decisions." 28 U.S.C. § 158(d)(2)(A)(ii). There is a clear conflict within the Second Circuit as to the extraterritorial reach of the Bankruptcy Code's avoidance and recovery provisions. In *Picard v. Bureau of Labor Insurance*, Judge Lifland held that the Trustee's subsequent transfer claims in that adversary proceeding were not barred by the presumption against extraterritoriality. *See generally Picard v. Bureau of Labor Ins.*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012). The District Court held otherwise. *See In re Madoff Sec.*, 513 B.R. 222 (S.D.N.Y. 2014). Judge Rakoff found that "the subsequent transfers that the Trustee seeks to recover here are foreign transfers and thus would require and extraterritorial application of section 550(a)." *Id.* at 228. He also concluded that "the presumption against extraterritorial

7

application of federal statutes has not been rebutted here; the Trustee therefore may not use section 550(a) to pursue recovery of purely foreign subsequent transfers." *Id.* at 231. Also in disagreement with Judge Rakoff, Judge Gerber concluded that Bankruptcy Code section 548 applies extraterritorially. *See Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*, 543 B.R. 127, 154–55 (Bankr. S.D.N.Y. 2016). By implication, the extraterritorial reach of avoidance rights suggests that the remedy found in section 550 should also apply extraterritorially. *Cf. id.* ("it would be inconsistent . . . that property located anywhere in the world could be property of the estate once recovered under section 550, but that a trustee could not avoid the fraudulent transfer and recover that property if the center of gravity of the fraudulent transfer were outside of the United States."). To create further conflict, this Court recently held that section 547 of the Bankruptcy Code does not apply extraterritorially. *See Spizz v. Goldfarb Seligman & Co. (In re Ampal-American Israel Corp.)*, No. 14-02104 (SMB), 2017 WL 75750, at *8–9 (Bankr. S.D.N.Y. Jan. 9, 2017).

      The question of international comity is also subject to intra-circuit conflict. Judge Rakoff found that "concerns of international comity" barred the Trustee's use of Bankruptcy Code 550(a) to reach property subject to certain foreign transfers when the initial transferee was the subject of foreign liquidation proceedings. *In re Madoff Sec.*, 513 B.R. at 231. In a separate litigation brought by investors in BLMIS feeder funds, Judge Batts rejected the reasoning underlying Judge Rakoff's comity ruling. *See In re Kingate Mgmt. Ltd. Litig.*, No. 09-cv-5386 (DAB), 2016 WL 5339538, at *35 (S.D.N.Y. Sept. 21, 2016), *appeal docketed*, No. 16-3450 (2d Cir.). There, the plaintiffs sued the managers, consultants, and administrators of the "Kingate Funds," [17] which are in liquidation in the British Virgin Islands and Bermuda. Much like the

---

[17] The Trustee has also sued Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (the "Kingate Funds") for the recovery of initial transfers they received from BLMIS. *See Picard v. Ceretti*, No. 09-01161 (Bankr. S.D.N.Y.).

8

defendants here, the defendants argued that the Kingate Funds' foreign insolvency proceeding deserved deference on international comity grounds, and the plaintiffs' claims should be dismissed. Judge Batts rejected that argument, noting that "it is not clear that the normal justification for deferring to foreign bankruptcy proceedings . . . would apply under these circumstances." *Id*. Second Circuit review is necessary to resolve these conflicting decisions.

### C. Permitting Direct Appeal Will Materially Advance the Progress of This Case

The Court must certify an appeal if "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A)(iii). The efficiencies gained by coordinating the appeal would be undermined if the Trustee were required to handle the instant appeal on a separate procedural track—particularly when this case will be governed by a decision from the Second Circuit regardless of any further proceedings before the District Court. In this circumstance, there is no obvious value to further litigation before the District Court at the same time that the same issues are being considered by the Second Circuit. A single, coordinated appeal of the Memorandum Decision and the Opinion and Order is undoubtedly the most efficient way to proceed. Indeed, every other defendant who is party to the appeal of the Memorandum Decision has jointly certified the appeal on grounds that 28 U.S.C. § 158(d)(2)(A)(iii) is satisfied.

Finally, it is not apparent that the District Court even has jurisdiction to review the Opinion and Order. *Cf. In re Leslie Fay Companies, Inc.*, 222 B.R. 718, 719 (S.D.N.Y. 1998). The Judgment here incorporates this Court's Memorandum Decision and the District Court's Opinion and Order. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) ("When a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review."). While district courts have appellate jurisdiction over orders, judgments and decrees issued by bankruptcy courts, *see*

28 U.S.C. § 158(a), the Opinion and Order was rendered while exercising original jurisdiction following withdrawal of the reference. Because review of the Judgment necessarily implicates review of the Opinion and Order, the Second Circuit is likely the only tribunal to properly review both the Memorandum Decision and Opinion and Order.

## VII. Conclusion

For all of the reasons set forth above, ample grounds exist here for the Court to certify the appeal. The Court need only find that one prong set forth in 28 U.S.C. § 158(d)(2)(A) is satisfied, but all are present here. Wherefore, the Trustee respectfully requests this Court enter the proposed order, annexed hereto as Exhibit 2, certifying the Judgment for direct appeal to the Second Circuit.

Dated: March 14, 2017
     New York, New York

By:   */s/* David J. Sheehan
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Regina L. Griffin
Email: rgriffin@bakerlaw.com
Stacy A. Dasaro
Email: sdasaro@bakerlaw.com

**Baker & Hostetler LLP**
65 E. State St., Suite 2100
Columbus, Ohio 43215-4260
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
Lauren M. Hilsheimer
Email: lhilsheimer@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

11