# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

                              Plaintiff,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                              Defendant.

In re:

MADOFF SECURITIES

12-MC-0115

**ORDER**

**(Relates to consolidated proceedings
on Extraterritoriality Issues)**

PERTAINS TO CASES LISTED IN EXHIBIT A

JED S. RAKOFF, U.S.D.J.:

        WHEREAS:

        A.        Pending before the Court are various adversary proceedings commenced by Irving

H. Picard, as trustee ("Trustee"), in connection with the substantively consolidated liquidation

proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of

Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*

("SIPA"), in which the Trustee has sought to avoid or recover certain transfers made by BLMIS

in the 90 day, two year, six year and/or longer period(s) preceding December 11, 2008 (the

"Transfers"). In these proceedings, certain defendants (the "Extraterritoriality Defendants") have

sought withdrawal of the reference from the Bankruptcy Court to this Court, among other

grounds, for the Court's determination of the Extraterritoriality Issue as defined below.

B.      Exhibit A hereto, prepared by the Trustee's counsel, identifies the single cases or, in certain instances, the lead case of related adversary proceedings where defendants are represented by common counsel, in which Extraterritoriality Defendants have filed motions to withdraw the reference (or joined in such motions, which joinders are deemed included in the scope of this Order unless expressly stated otherwise on Exhibit A) from the Bankruptcy Court to this Court to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid the initial Transfers that were received abroad or to recover from initial, immediate or mediate foreign transferees (the "Extraterritoriality Issue").  Such cases and joinders are referred to herein as the "Adversary Proceedings."

C.      The Court, over the objections of the Trustee and the Securities Investor Protection Corporation ("SIPC"), previously withdrew the reference from the Bankruptcy Court to consider issues concerning whether the Trustee may avoid or recover Transfers that BLMIS made to certain defendants abroad.  *See* Primeo Fund, et al., No. 12 MC 0115 (S.D.N.Y.  Order dated May 15, 2012) [ECF No. 97] (the "Extraterritoriality Withdrawal Ruling").

D.      Pursuant to Extraterritoriality Withdrawal Ruling, the Court has decided to consolidate briefing on the merits of the Extraterritoriality Issue, and the resolution of this issue will govern all pending motions to withdraw the reference and those pending motions to dismiss that have not yet been fully briefed and argued.  See Extraterritorial Withdrawal Ruling, p. 10-11; SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12 MC 0115 (S.D.N.Y.  Order dated Apr. 19, 2012) [ECF No. 22] (the "Common Briefing Order").  The Court's Extraterritoriality Withdrawal Ruling also directed counsel for the Trustee to convene a

conference among the Extraterritoriality Defendants and to schedule consolidated proceedings no later than May 23, 2012.

E. On May 23, 2012 counsel for the Trustee, SIPC, and the Extraterritoriality Defendants convened a conference call with the Court, and the Court thereafter ordered that the parties submit by no later than June 6, 2012 a proposed order agreed to by the parties for withdrawal and briefing of a consolidated motion to dismiss related to the Extraterritoriality Issue.

BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:

1. The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Extraterritoriality Defendants for the limited purpose of hearing and determining whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid the initial Transfers that were received abroad or to recover from initial, immediate or mediate foreign transferees. Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes.

2. The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Extraterritoriality Issue, all arguments previously raised by either or both of them in opposition to all such motions granted by the Extraterritoriality Withdrawal Ruling, and such objections or arguments are deemed to be overruled, solely with respect to the Extraterritoriality Issue, for the reasons stated in the Extraterritoriality Withdrawal Ruling.

3. All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and

responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

4.      On or before July 13, 2012, the Extraterritoriality Defendants shall file a single consolidated motion to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012) and a single consolidated supporting memorandum of law, not to exceed forty (40) pages (together, the "Extraterritoriality Motion to Dismiss").

5.      The Trustee and SIPC shall each file a memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, not to exceed forty (40) pages each, addressing the Extraterritoriality Withdrawal Ruling Issue (the "Trustee's Opposition") on or before August 17, 2012.

6.      Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file a joinder, not to exceed two (2) pages (excluding exhibits identifying the relevant adversary proceedings), to the Trustee's Opposition, on behalf of the Trustee in certain of the adversary proceedings listed on Exhibit A hereto on or before August 17, 2012.  In either case, the respective joinders may only specify what portions of the Trustee's Opposition are joined and shall not make or offer any additional substantive argument.

7.      The Extraterritoriality Defendants shall file one consolidated reply brief, not to exceed twenty (20) pages, on or before August 31, 2012 (the "Reply Brief").  In the event the Trustee files an amended complaint (the "Amended Complaint") in any of the Adversary Proceedings after the Extraterritoriality Motion to Dismiss is filed, the Reply Brief shall include a reference (by civil action number and docket number only) to a representative Amended Complaint filed by the Trustee against Extraterritoriality Defendants.  Any further requirement

300245889                                    4

that the Amended Complaints subject to the Extraterritoriality Motion to Dismiss be identified or filed is deemed waived and satisfied. In the event the Trustee files an Amended Complaint, he shall, at the time the Amended Complaint is filed, provide the Extraterritoriality Defendants a blackline reflecting the changes made in the Amended Complaint from the then operative complaint.

8.    The Court will hold oral argument on the Extraterritoriality Motion to Dismiss on September 21, 2012, at 4:00 p.m. (the "Hearing Date").

9.    On or before August 31, 2012, the Extraterritoriality Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request.

10.    The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order.

11.    All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege.

12.    This Order is without prejudice to any and all grounds for withdrawal of the reference (other than the Extraterritoriality Issue) raised in the Adversary Proceedings by the Extraterritoriality Defendants and any matter that cannot properly be raised or resolved on a Rule 12 motion, all of which are preserved.

13.    Nothing in this Order shall: (a) waive or resolve any issue not specifically raised in the Extraterritoriality Motion to Dismiss; (b) waive or resolve any issue raised or that could be raised by any party other than with respect to the Extraterritoriality Issue, including related issues

300245889                                    5

that cannot be resolved on a motion under Fed. R. Civ. P. 12; or (c) notwithstanding Fed. R. Civ. P. 12(g)(2) or Fed. R. Bankr. P. 7012(g)(2), except as specifically raised in the Extraterritoriality Motion to Dismiss, limit, restrict or impair any defense or argument that has been raised or could be raised by any Extraterritoriality Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012, or any other defense or right of any nature available to any Extraterritoriality Defendant (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of process), or any argument or defense that could be raised by the Trustee or SIPC in response thereto.

14.    Nothing in this Order shall constitute an agreement or consent by any Extraterritoriality Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney.  This paragraph shall not affect or compromise any rights of the Trustee or SIPC.

15.    This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Extraterritoriality Issue) with respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

16.    The procedures established by this Order, or by further Order of this Court, shall constitute the sole and exclusive procedures for determination of the Extraterritoriality Issue in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination.  To the extent that briefing or argument schedules were previously established with respect to the Extraterritoriality Issue in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the

300245889                                          6

Extraterritoriality Issue.  To the extent that briefing or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Extraterritoriality Issue shall be excluded from such briefing or argument and such order is vacated.  For the avoidance of doubt, to the extent any of the Extraterritoriality Defendants have issues other than the Extraterritoriality Issue or issues set forth in the Common Briefing Order that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court.  Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior Order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason.

       SO ORDERED.

Dated: New York, New York
      June _6_, 2012

                                        JED S. RAKOFF, U.S.D.J.

## EXHIBIT A

| | | | |
|---|---|---|---|
| 1. | *Picard v. Primeo* | 11-cv-06524-JSR | Morrison & Foerster LLP<br>Gary S. Lee<br>(glee@mofo.com)<br>Joel C. Haims<br>(jhaims@mofo.com)<br>LaShann M. DeArcy<br>(ldearcy@mofo.com)<br>Kiersten A. Fletcher<br>(kfletcher@mofo.com) |
| 2. | *Picard v. ABN AMRO Bank N.V. (presently known as the Royal Bank of Scotland, N.V.), et al.* (as filed by Rye Select Broad Market XL Portfolio Ltd.) | 11-cv-06848-JSR | Morrison & Foerster LLP<br>Gary S. Lee<br>(glee@mofo.com)<br>Joel C. Haims<br>(jhaims@mofo.com)<br>LaShann M. DeArcy<br>(ldearcy@mofo.com)<br>Kiersten A. Fletcher<br>(kfletcher@mofo.com) |
| 3. | *Picard v. ABN AMRO Bank N.V. (presently known as the Royal Bank of Scotland, N.V.), et al.* (as filed by ABN AMRO Incorporated, ABN AMRO Bank, N.V.) | 11-cv-06878-JSR | Allen & Overy LLP<br>Michael S. Feldberg<br>(michael.feldberg@allenovery.com)<br>Bethany Kriss<br>(bethany.kriss@allenovery.com) |
| 4. | *Picard v. ABN AMRO (Ireland) Ltd. (F/N/A Fortis Prime Fund Solutions Bank (Ireland) Ltd.,), et al.* (as filed by Rye Select Broad Market XL Portfolio Ltd.) | 11-cv-06849-JSR | Morrison & Foerster LLP<br>Gary S. Lee<br>(glee@mofo.com)<br>Joel C. Haims<br>(jhaims@mofo.com)<br>LaShann M. DeArcy<br>(ldearcy@mofo.com)<br>Kiersten A. Fletcher<br>(kfletcher@mofo.com) |

| 5. | ***Picard v. ABN AMRO (Ireland) Ltd. (F/N/A Fortis Prime Fund Solutions Bank (Ireland) Ltd.,), et al.,*** (as filed by ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Bank (Ireland), Ltd.) | 11-cv-06877-JSR | Latham & Watkins Christopher Harris (christopher.harris@lw.com) Cameron Smith (cameron.smith@lw.com) |
|---|---|---|---|
| 6. | ***Picard v. Banco Bilbao Vizcaya Argentaria, S.A.*** | 11-cv-07100-JSR | Shearman & Sterling LLP Heather Kafele (hkafele@shearman.com) Joanna Shally (jshally@shearman.com) |
| 7. | ***Picard v. Federico Ceretti, et al.*** (as filed by Federico Ceretti, Carlo Grosso, FIM Limited and FIM Advisers LLP) | 11-cv-07134-JSR | Paul Hastings LLP Jodi Kleinick (jodikleinick@paulhastings.com) Barry Sher (barrysher@paulhastings.com) Mor Wetzler (morwetzler@paulhastings.com) |
| 8. | ***Picard v. Oreades Sicav, et al.*** (as filed by BNP Paribas Investment Partners Luxembourg S.A., BGL BNP Paribas S.A. and BNP Paribas Securities Services S.A.) | 11-cv-07763-JSR | Cleary Gottlieb Steen & Hamilton LLP Lawrence B. Friedman (lfriedman@cgsh.com) Breon S. Peace (bpeace@cgsh.com) |
| 9. | ***Picard v. Equity Trading Portfolio Ltd., et al.*** (as filed by BNP Paribas Arbitrage SNC) | 11-cv-07810-JSR | Cleary Gottlieb Steen & Hamilton LLP Lawrence B. Friedman (lfriedman@cgsh.com) Breon S. Peace (bpeace@cgsh.com) |
| 10. | ***Picard v. BNP Paribas Arbitrage SNC*** | 12-cv-00641-JSR | Cleary Gottlieb Steen & Hamilton LLP Lawrence B. Friedman (lfriedman@cgsh.com) Breon S. Peace |

| | | | (bpeace@cgsh.com) |
|---|---|---|---|
| 11. | ***Picard v. Barclays Bank (Suisse) S.A., et al*** | 12-cv-01882-JSR | Hogan Lovells US LLP<br>Marc J. Gottridge<br>(marc.gottridge@hoganlovells.com)<br>Andrew M. Behrman<br>(andrew.behrman@hoganlovells.com) |
| 12. | ***Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.), et al*** | 12-cv-01939-JSR | Allen & Overy LLP<br>Michael S. Feldberg<br>(michael.feldberg@allenovery.com)<br>Bethany Kriss<br>(bethany.kriss@allenovery.com) |
| 13. | **Picard v. Kohn, et al.**<br>(as filed by UniCredit Bank Austria) | 12-cv-02161-JSR | Sullivan & Worcester LLP<br>Franklin B. Velie<br>(fvelie@sandw.com)<br>Jonathan Kortmansky<br>(jkortmansky@sandw.com)<br>Mitchell C. Stein<br>(mstein@sandw.com) |
| 14. | ***Picard v. HSBC Bank, plc, et al.***(as filed by UniCredit Bank Austria) | 12-cv-02162-JSR | Sullivan & Worcester LLP<br>Franklin B. Velie<br>(fvelie@sandw.com)<br>Jonathan Kortmansky<br>(jkortmansky@sandw.com)<br>Mitchell C. Stein<br>(mstein@sandw.com) |
| 15. | ***Picard v. HSBC Bank, plc, et al.***(as filed by UniCredit S.p.A. and Pioneer) | 12-cv-02239-JSR | Skadden, Arps, Slate, Meagher, & Flom LLP<br>(susan.saltzstein@Skadden.com)<br>Marco E. Schnabl<br>(Marco.Schnabl@Skadden.com) |

| | | | Jeremy A. Berman (jeremy.berman@Skadden.com) Jason C. Putter (jason.putter@skadden.com) |
|---|---|---|---|
| 16. | *Picard v. Kohn, et al.* (as filed by UniCredit S.p.A. and Pioneer) | 12-cv-02240-JSR | Skadden, Arps, Slate, Meagher, & Flom LLP Susan L. Saltzstein (susan.saltzstein@Skadden.com) Marco E. Schnabl (Marco.Schnabl@Skadden.com) Jeremy A. Berman (jeremy.berman@Skadden.com) Jason C. Putter (jason.putter@skadden.com) |
| 17. | *Picard v. Bank Julius Baer & Co., Ltd.* | 12-cv-02311-JSR | McKool Smith P.C. John P. Cooney, Jr. (jcooney@mckoolsmith.com) Eric B. Halper (ehalper@mckoolsmith.com) Virginia I. Weber (vweber@mckoolsmith.com) |
| 18. | *Picard v. Lion Global Investors Limited* | 12-cv-02349-JSR | Proskauer Rose LLP Gregg M. Mashberg (gmashberg@proskauer.com) Richard L. Spinogatti (rspinogatti@proskauer.com) |
| 19. | *Picard v. Grosvenor Investment Management Ltd., et al.* | 12-cv-02351-JSR | Proskauer Rose LLP Richard L. Spinogatti (rspinogatti@proskauer.com) |
| 20. | *Picard v. Inteligo Bank Ltd. Panama Branch f/k/a/ Blubank Ltd. Panama Branch* | 12-cv-02364-JSR | Shearman & Sterling LLP Heather Kafele (hkafele@shearman.com) Joanna Shally (jshally@shearman.com) Jessica Bartlett |

| | | | (jessica.bartlett@shearman.com) |
|---|---|---|---|
| 21. | *Picard v. Banca Carige, S.P.A.* | 12-cv-02408-JSR | Kasowitz, Benson, Torres, & Friedman LLP<br>David J. Mark<br>(dmark@kasowitz.com) |
| 22. | *Picard v. Somers Dublin Limited, et al.* | 12-cv-02430-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Evan A. Davis<br>(edavis@cgsh.com)<br>Thomas J. Moloney<br>(tmoloney @cgsh.com) |
| 23. | *Picard v. HSBC Bank, plc, et al.* (as filed by the HSBC Defendants) | 12-cv-02431-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Charles J. Keeley<br>(cjkeeley@cgsh.com)<br>Tom Moloney<br>(tmoloney@cgsh.com)<br>Evan Davis<br>(edavis@cgsh.com)<br>David Brodsky<br>(dbrodsky@cgsh.com) |
| 24. | *Picard v. Banco Itau Europa Luxembourg S.A., et al* | 12-cv-02432-JSR | Shearman & Sterling LLP<br>Heather Kafele<br>(hkafele@shearman.com)<br>Joanna Shally<br>(jshally@shearman.com) |
| 25. | *Caceis Bank Luxembourg, et al.* | 12-cv-02434-JSR | Kelley Drye & Warren LLP<br>Thomas B. Kinzler<br>(tkinzler@kelleydrye.com)<br>Daniel Schimmel<br>(dschimmel@kelleydrye.com)<br>Jaclyn M. Metzinger<br>(jmetzinger@kelleydrye.com) |

| 26. | *Picard v. Banque Privee Espirito Santo S.A.* | 12-cv-02442-JSR | Flemming Zulack Williamson Zauderer LLP<br>Elizabeth A. O'Connor (eoconnor@fzwz.com)<br>John F. Zulack (Jzulack@fzwz.com)<br>Megan Davis (mdavis@fzwz.com) |
|---|---|---|---|
| 27. | *Picard v. Nomura International PLC* | 12-cv-02443-JSR | Shearman & Sterling LLP<br>Brian H. Polovoy (bpolovoy@shearman.com)<br>Christopher R. Fenton (Cfenton@shearman.com)<br>Andrew Z. Lipson (alipson@shearman.com) |
| 28. | *Picard v. Nomura Bank International PLC* | 12-cv-02446-JSR | Shearman & Sterling LLP<br>Brian H. Polovoy (bpolovoy@shearman.com)<br>Christopher R. Fenton (Cfenton@shearman.com)<br>Andrew Z. Lipson (alipson@shearman.com) |
| 29. | *Picard v. The Sumitomo Trust and Banking Co., Ltd.* | 12-cv-02481-JSR | Becker, Glynn, Melamed & Muffly LLP<br>Zeb Landsman (zlandsman@beckerglynn.com)<br>Jordan E. Stern (jstern@beckerglynn.com)<br>Michelle Mufich (mmufich@beckerglynn.com) |
| 30. | *Picard v. UBS AG, et al.* (M&B Capital Advisers Sociedad de Valores, S.A., M&B Capital Advisers Gestion SGIIC, S.A. - | 12-cv-02483-JSR | Cravath, Swaine & Moore LLP<br>David Greenwald (dgreenwald@cravath.com)<br>Richard Levin |

| | | | |
|---|---|---|---|
| | Moving Parties) **[Amended Motion to Withdraw]** | | (rlevin@cravath.com) |
| 31. | *Picard v. Unifortune Asset Management SGR SPA, et al.* | 12-cv-02485-JSR | Cravath, Swaine & Moore LLP David Greenwald (dgreenwald@cravath.com) Richard Levin (rlevin@cravath.com) |
| 32. | *Picard v. Trincaster Corporation* | 12-cv-02486-JSR | Cravath, Swaine & Moore LLP David Greenwald (dgreenwald@cravath.com) Richard Levin (rlevin@cravath.com) |
| 33. | *Picard v. Banque Syz & Co., SA* | 12-cv-02489-JSR | Cravath, Swaine & Moore LLP David Greenwald (dgreenwald@cravath.com) Richard Levin (rlevin@cravath.com) |
| 34. | *Picard v. Square One Fund Ltd., et al.* | 12-cv-02490-JSR | Tannenbaum Helpern Syracuse & Hirschtritt LLP; Brune & Richard LLP. Tannenbaum Helpern Syracuse & Hirschtritt LLP Tammy P. Bieber (bieber@thsh.com) Brune & Richard LLP David Elbaum (delbaum@bruneandrichard.com) Bernfeld, DeMatteo & Bernfeld, LLP |

| | | | David Bernfeld (davidbernfeld@bernfeld-dematteo.com) |
|---|---|---|---|
| 35. | *Picard v. Credit Agricole (Suisse) S.A., et al.* | 12-cv-02494-JSR | Cleary Gottlieb Steen & Hamilton LLP Lawrence B. Friedman (lfriedman@cgsh.com) |
| 36. | *Picard v. SNS Bank N.V., et al* | 12-cv-02509-JSR | Wilmer Cutler Pickering Hale and Dorr LLP Andrea J. Robinson (andrea.robinson@wilmerhale.com) Charles C. Platt (charles.platt@wilmerhale.com) George W. Shuster, Jr. (george.shuster@wilmerhale.com) |
| 37. | *Picard v. Quilvest Finance Ltd.* | 12-cv-02580-JSR | Jones Day Thomas E. Lynch (telynch@jonesday.com) Scott J. Friedman (sjfriedman@jonesday.com) |
| 38. | *Picard v. Arden Asset Management, Inc., et al.* | 12-cv-02581-JSR | Seward & Kissel LLP M. William Munno (munno@sewkis.com) Mandy DeRoche (deroche@sewkis.com) Michael B. Weitman (weitman@sewkis.com) |
| 39. | *Picard v. Banque J. Safra (Suisse) SA* | 12-cv-02587-JSR | Sullivan & Cromwell LLP Robinson B. Lacy (lacyr@sullcrom.com) Joshua Fritsch (fritschj@sullcrom.com) Angelica M. Sinopole (sinopolea@sullcrom.com) |

| | | | |
|---|---|---|---|
| | | | |
| 40. | ***Picard v. Vizcaya Partners Limited, et al.*** | 12-cv-02588-JSR | Sullivan & Cromwell LLP (for Bank J. Safra (Gibraltar) Limited)<br>Robinson B. Lacy<br>(lacyr@sullcrom.com)<br>Joshua Fritsch<br>(fritschj@sullcrom.com)<br>Angelica M. Sinopole<br>(sinopolea@sullcrom.com)<br><br>Katten Muchin Rosenman LLP (for Zeus Partners Ltd)<br>Anthony L. Paccione<br>(anthony.paccione@kattenlaw.com) |
| 41. | ***Picard v. Abu Dhabi Investment Authority*** | 12-cv-02616-JSR | Quinn Emanuel Urquhart & Sullivan, LLP<br>Peter E. Calamari<br>(petercalamari@quinnemanuel.com)<br>Marc L. Greenwald<br>(marcgreenwald@quinnemanuel.com)<br>Eric M. Kay<br>(erickay@quinnemanuel.com)<br>David S. Mader<br>(davidmader@quinnemanuel.com) |
| 42. | ***Picard v. Fairfield Sentry Limited, et al.*** (as filed by Chester Global Strategy Fund Limited, Chester Global Strategy Fund, LP, Irongate Global Strategy Fund Limited, Fairfield Greenwich Fund | 12-cv-02619-JSR | Simpson Thacher & Bartlett LLP<br>Mark G. Cunha<br>(mcunha@stblaw.com)<br>Peter E. Kazanoff<br>(pkazanoff@stblaw.com)<br><br>Wollmuth Maher & Deutsch LLP |

| | (Luxembourg), Fairfield Investment Fund Limited, Fairfield Investors (Euro) Ltd., and Stable Fund LP) | | Frederick R. Kessler (fkessler@wmd-law.com) Paul R. DeFilippo (pdefilippo@wmd-law.com) Michael P. Burke (mburke@wmd-law.com)<br><br>Debevoise & Plimpton LLP Mark P. Goodman (mpgoodman@debevoise.com)<br><br>O'Shea Partners LLP Sean F. O'Shea (soshea@osheapartners.com) Michael E. Petrella (mpetrella@osheapartners.com)<br><br>White & Case LLP Glenn M. Kurtz (gkurtz@whitecase.com) Andrew W. Hammond (ahammond@whitecase.com)<br><br>Covington & Burling LLP Bruce A. Baird (bbaird@cov.com)<br><br>Kasowitz, Benson, Torres & Friedman LLP Daniel J. Fetterman (dfetterman@kasowitz.com)<br><br>Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C. Edward M. Spiro (espiro@maglaw.com) |

| | | | |
|---|---|---|---|
| | | | Dechert LLP<br>Andrew J. Levander<br>(andrew.levander@dechert.com)<br>David S. Hoffner<br>(david.hoffner@dechert.com) |
| 43. | *Picard v. Fairfield Sentry Limited, et al. (Joint Memorandum filed by various defendants)* | 12-cv-02638-JSR | Simpson Thacher & Bartlett LLP<br>Mark G. Cunha<br>(mcunha@stblaw.com)<br>Peter E. Kazanoff<br>(pkazanoff@stblaw.com)<br><br>Wollmuth Maher & Deutsch LLP<br>Frederick R. Kessler<br>(fkessler@wmd-law.com)<br>Paul R. DeFilippo<br>(pdefilippo@wmd-law.com)<br>Michael P. Burke<br>(mburke@wmd-law.com)<br><br>Debevoise & Plimpton LLP<br>Mark P. Goodman<br>(mpgoodman@debevoise.com)<br><br>O'Shea Partners LLP<br>Sean F. O'Shea<br>(soshea@osheapartners.com)<br>Michael E. Petrella<br>(mpetrella@osheapartners.com)<br><br>White & Case LLP<br>Glenn M. Kurtz<br>(gkurtz@whitecase.com)<br>Andrew W. Hammond<br>(ahammond@whitecase.com) |

| | | | Covington & Burling LLP<br>Bruce A. Baird<br>(bbaird@cov.com)<br><br>Kasowitz, Benson, Torres & Friedman LLP<br>Daniel J. Fetterman<br>(dfetterman@kasowitz.com)<br><br>Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.<br>Edward M. Spiro<br>(espiro@maglaw.com)<br><br>Dechert LLP<br>Andrew J. Levander<br>(andrew.levander@dechert.com)<br>David S. Hoffner<br>(david.hoffner@dechert.com) |
|---|---|---|---|
| 44. | *Picard v. Plaza Investments International Limited, et al.* | 12-cv-02646-JSR | Debevoise & Plimpton LLP<br>Joseph P. Moodhe<br>(Jpmoodhe@debevoise.com)<br>Shannon Rose Selden<br>(srselden@debevoise.com) |
| 45. | *Picard v. Defender Limited, et al* (Defender Limited, Reliance Management (BVI) Limited, Reliance Management (Gibraltar) Limited and Tim Brockmann – Moving Parties) | 12-cv-02800-JSR | Klestadt & Winters LLP<br>Tracy L. Klestadt<br>(tklestadt@klestadt.com)<br>Brendan M. Scott<br>(bscott@klestadt.com) |
| 46. | *Picard v. UBS AG, et al.* (Reliance Management (BVI) Limited and Reliance Management (Gibraltar) Limited | 12-cv-02802-JSR | Klestadt & Winters LLP<br>Tracy L. Klestadt<br>(tklestadt@klestadt.com)<br>Brendan M. Scott |

| | | | |
|---|---|---|---|
| | – Moving Parties) | | (bscott@klestadt.com) |
| 47. | *Picard vs. The Estate of Doris Igoin, et al.* | 12-cv-02872-JSR | Kelley Drye & Warren LLP<br>Jonathan K. Cooperman<br>(Jcooperman@KelleyDrye.com)<br>Seungwhan Kim<br>(skim@kelleydrye.com) |
| 48. | *Picard v. KBC Investments Limited,* | 12-cv-02877-JSR | Sidley Austin LLP<br>Alan M. Unger<br>(aunger@sidley.com)<br>Bryan Krakauer<br>(bkrakauer@sidley.com) |
| 49. | *Picard v. Meritz Fire & Marine Insurance Co. Ltd.* | 12-cv-02878-JSR | Steptoe & Johnson LLP<br>Kristin Darr<br>(kdarr@steptoe.com)<br>Seong H. Kim<br>(skim@steptoe.com) |
| 50. | *Picard v. Leon Flax, et al.* | 12-cv-02928-JSR | Katten Muchin Rosenman LLP<br>Anthony L. Paccione<br>anthony.paccione@kattenlaw.com<br>Brian L. Muldrew<br>brian.muldrew@kattenlaw.com |
| 51. | *Picard v. Orbita Capital Return Strategy Limited* | 12-cv-02934-JSR | Dechert LLP<br>Gary Mennitt<br>(gary.mennitt@dechert.com) |
| 52. | *Picard v. Atlantic Security Bank* | 12-cv-02980-JSR | Arnold & Porter LLP<br>Scott B. Schreiber<br>(Scott.Schreiber@aporter.com)<br>Andrew T. Karron<br>(Andrew.Karron@aporter.com) |

| 53. | *Picard v. Cardinal Management Inc., et al* | 12-cv-02981-JSR | Clifford Chance US LLP<br>Jeff E. Butler<br>(jeff.butler@cliffordchance.com) |
| 54. | *Picard v. Radcliff Investments Limited, et al.* | 12-cv-02982-JSR | Clifford Chance US LLP<br>Jeff E. Butler<br>(jeff.butler@cliffordchance.com) |
| 55. | *Picard v. Pictet et Cie* | 12-cv-03402-JSR | Debevoise & Plimpton LLP<br>Michael E. Wiles<br>(mewiles@debevoise.com) |
| 56. | *Picard v. Merrill Lynch International* | 12-cv-03486-JSR | Arnold & Porter LLP<br>Pamela A. Miller<br>(Pamela.Miller@aporter.com)<br>Kent A. Yalowitz<br>(Kent.Yalowitz@aporter.com) |
| 57. | *Picard v. Merrill Lynch Bank (Suisse) SA* | 12-cv-03487-JSR | Arnold & Porter LLP<br>Pamela A. Miller<br>(Pamela.Miller@aporter.com)<br>Kent A. Yalowitz<br>(Kent.Yalowitz@aporter.com) |
| 58. | *Picard v. Fullerton Capital PTE. Ltd.* | 12-cv-03488-JSR | Arnold & Porter LLP<br>Pamela A. Miller<br>(Pamela.Miller@aporter.com)<br>Kent A. Yalowitz<br>(Kent.Yalowitz@aporter.com) |
| 59. | *Picard v. Cathay United Bank, et al.* | 12-cv-03489-JSR | Baker & McKenzie LLP<br>David W. Parham<br>(david.Parham@bakermckenzie.com) |

| 60. | *Picard v. Standard Chartered Financial Services (Luxembourg) S.A., et al* | 12-cv-04328 | Sullivan & Cromwell LLP Robinson B. Lacy (lacyr@sullcrom.com) Sharon L. Nelles (nelless@sullcrom.com) Patrick B. Berarducci (berarduccip@sullcrom.com) |