**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>         Plaintiff,<br><br>  v.<br><br>Frieda Bloom,<br><br>         Defendant. | Adv. Pro. No. 10-04301 (SMB) |

**STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS**

  The Plaintiff Irving H. Picard (the "Trustee"), the trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"), individually, and Defendant Frieda Bloom ("Ms. Bloom" and together with the Trustee, the "Parties"), by and through their respective, undersigned counsel, state as follows:

  **WHEREAS**, BLMIS made certain initial transfers, as further described below, to Ms. Bloom during the two-year period preceding BLMIS's collapse from a certain account that Ms. Bloom held at BLMIS;

  **WHEREAS**, the Trustee seeks in Count One of the Complaint to avoid and recover from Ms. Bloom these initial transfers or their value as fraudulent pursuant to, *inter alia*, sections 544,

548, 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), as well as sections 78fff(b), 78fff-1(b) and 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA"), as set forth in Count One of the Trustee's Complaint, and Ms. Bloom has raised certain defenses to Count One;

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the Parties are entering into this Stipulation to avoid unnecessary litigation time and costs over undisputed facts and in the interest of efficiency;

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. On March 20, 1989, BLMIS opened an account, which was originally assigned No. 1-00275-1-0 and later No. 1B0025 (the "Initial Account"), which at various times had at least one sub-account, 1B0025-1-0. The Initial Account was originally jointly held by Ms. Bloom and her husband, Howard Bloom ("Mr. Bloom", and together with Ms. Bloom, the "Blooms"). Around or about June 1993, the Blooms instructed BLMIS to place the Initial Account into Ms. Bloom's name alone.

2. Over the years, either or both of the Blooms provided money to BLMIS to invest in the Initial Account, and also withdrew funds from the Initial Account. From March 1989 until June 1997, the Blooms deposited a total of $1,375,000.00 into the Initial Account, and withdrew a total of $450,000.00 from the Initial Account. As of June 1, 1997, a total of $925,000.00 in principal remained in the Initial Account.

3. In May of 1997, BLMIS opened an account in Ms. Bloom's name which was assigned No. 1B0179 (the "Account") and at various times had one or more sub-accounts, including 1B0179-3-0 and 1B0179-4-0. The Account was initially funded on or about June 2, 1997 with an inter-account transfer of $925,000.00 in principal from the Initial Account.

2

4. From June 1997 until December 11, 2008, Ms. Bloom made only one deposit into the Account in the amount of $100,000.00, and withdrew a total of $3,590,000.00 from the Account. Of the withdrawals from the Account, a total of $2,565,000.00 was withdrawn by Ms. Bloom above and beyond the principal that had been transferred or deposited into the Account. Of this total, $1,385,000.00 was withdrawn by Ms. Bloom from the Account, via nine separate transfers, between Dec. 12, 2006 and December 11, 2008 (the "Initial Transfers").

5. Ms. Bloom received each of the Initial Transfers from BLMIS via check which she then endorsed and deposited into a bank account held in her name or for her benefit.

6. By executing this Stipulation, Ms. Bloom in no way concedes or admits liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code, the DCL, SIPA, or any other applicable law.

7. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to Ms. Bloom, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

8. This Stipulation is without prejudice to Ms. Bloom to oppose any further claims asserted by the Trustee with respect to additional or other transfers as set forth above.

Dated:    New York, New York
          March 8, 2017

*/s/* Nicholas Cremona
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

*/s/* Brian Neville
**Lax & Neville, LLP**
Brian J. Neville
1450 Broadway, 35th floor
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Email: bneville@laxneville.com

*Attorney for Frieda Bloom*

SO ORDERED this 17th day of March, 2017.


/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE