UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant.<br>In re:<br>BERNARD L. MADOFF,<br>      Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

### THE PICOWER PARTIES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO REDACT LIMITED PORTIONS OF THE TRANSCRIPT OF THE DEPOSITION OF BERNARD L. MADOFF TAKEN ON DECEMBER 20, 2016

SCHULTE ROTH & ZABEL LLP
William D. Zabel
Marcy Ressler Harris
Michael Kwon
Jennifer M. Opheim
919 Third Avenue
New York, New York  10022
(212) 756-2000

*Attorneys for the Picower Parties*

REDACTED VERSION

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................4

I.     The Court Should Deny the Customers' Untimely Opposition............................................4

II.    The Limited Testimony to Be Redacted Is Not Public and Is Not Relevant to the Claims or Defenses in the Customers' Cases ......................................................................4

        A.     Testimony Concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ..................5

        B.     Madoff's Testimony Concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ............6

        C.     Madoff's Testimony Concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮ .......................................................................................................................7

        D.     Madoff's Testimony Concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ............8

III.   The Narrowly-Tailored Redactions Will Give the Public Access to Nearly All of the Day 1 Transcript ....................................................................................................................9

CONCLUSION..............................................................................................................................10

REDACTED VERSION

The Picower Parties respectfully submit this Reply Memorandum of Law in further support of their Motion to Redact Limited Portions of the Day 1 Transcript of Bernard L. Madoff (ECF Nos. 15008, 15010, 15011).[1]

## PRELIMINARY STATEMENT

The Customers' Opposition should be rejected because it was not timely filed in accordance with the parties' stipulated briefing schedule, and the Motion should be granted as unopposed.

Even if the Customers' untimely Opposition is considered, the Motion still should be granted, because the limited portions of the Day 1 Transcript that the Picower Parties seek to redact are not relevant either to the Trustee's clawback claims against the Customers or to the determination as to when or why Madoff began his Ponzi scheme. The Trustee does not object to the proposed redactions. The Customers' objections are unfounded and should be rejected.

In their Opposition, the Customers urge this Court to deny the Motion because the testimony to be redacted (i) is a matter of "public record"; (ii) is a matter of "pubic concern"; and (iii) *arguably* relates to one or more of the Day 1 Topics. None of those arguments provides a reason to deny the Motion.

The Customers point to two earlier Madoff depositions, and to a declaration by Madoff, to support their argument that the limited testimony the Picower Parties seek to redact already is public. (Deposition of Bernard L. Madoff taken on August 7, 2012 in *In re Optimal U.S. Litigation*, No. 10-cv-4095 (SAS) (S.D.N.Y.); deposition of Bernard L. Madoff taken on October 19, 2015 in *P&S Associates v. Jacob*, No. 12-034213(07) (Fla. Cir. Ct.) (collectively,

---

[1] Unless otherwise noted, capitalized terms herein shall have the same meaning as ascribed to them in the Picower Parties' Memorandum of Law in support of their Motion to Redact Limited Portions of the Transcript of the Deposition of Bernard L. Madoff Taken on December 20, 2016 (ECF No. 15010) ("Opening Brief").

1

the "Prior Depositions"); and the Declaration of Bernard L. Madoff, sworn to on November 19, 2015, and first filed with Aaron Blecker's Motion to Compel the Trustee to Allow His SIPC Claim in *SIPC v. Bernard L. Madoff Investment Sec. LLC*, No. 08-01789 (Bankr. S.D.N.Y.) (the "Madoff Declaration").) Yet none of the limited testimony to be redacted was disclosed in the Prior Depositions or the Madoff Declaration.

For instance, the Picower Parties seek to redact Madoff's testimony that



. None of that testimony was in the Prior Depositions or in the Madoff Declaration.

The Customers' argument that the testimony to be redacted is a matter of "public concern" overlooks that even if the Motion is granted in its entirety, the vast majority of the Day 1 Transcript will *not* be redacted and will become publicly available promptly after this Motion is decided. Such testimony includes Madoff's discussions about pre-Ponzi scheme investments by Picower and other large BLMIS customers that, according to Madoff, led Madoff to start the Ponzi scheme. Thus, to the extent there is public concern over the circumstances in which Madoff began his Ponzi scheme, such circumstances will soon become publicly available.

Here, the narrowly-tailored redactions sought by the Picower Parties were expressly contemplated by the Second Madoff Deposition Order. They relate to testimony about the Picower Parties that does not *directly* relate to any of the Day 1 Topics and is irrelevant to the factual disputes in the pending adversary proceedings. As is clear from the Second Madoff Deposition Order and the hearing transcript incorporated into it, this Court did not authorize

2

Madoff's deposition to give Madoff a public platform from which to launch personal attacks against Picower and the Picower Parties. To the contrary, the Court carefully limited Madoff's deposition to the Day 1 Topics and imposed use limitations on the Transcript to prevent Ms. Chaitman, and others, from using Madoff's deposition taken in the Customers' cases to fish for facts to frame a new complaint against the Picower Parties. The very limited redactions that the Picower Parties seek fall within the Court's guidelines, do not impinge on matters of public concern, and do not relate to how and when Madoff began his Ponzi scheme.

Finally, to support the Customers' argument that the limited testimony to be redacted is related to one or more of the Day 1 Topics, the Customers have stretched those Topics beyond recognition while ignoring the Court's admonition that "[w]hat you can't do is ask questions about . . . what did [Picower] do in 1993 and what did he do in 1994 and things like that, because that's well beyond the scope of it and I think the [Picower Parties] have a legitimate objection on that basis," and that counsel may ask "questions concerning Picower and/or the Picower Parties only to the extent that such follow up questions *directly* relate to the Day 1 or Day 2 Deposition Topics." (ECF No. 13967 at 31; ECF No. 14213 (emphasis added).) The testimony to be redacted does not *directly* relate to the Day 1 Topics and falls outside the permissible scope of the Day 1 Topics as set forth in the Second Madoff Deposition Order and the hearing transcript incorporated into it.

For all of these reasons, as discussed further below, the Picower Parties urge the Court to deny the Customers' Opposition and to grant the Motion in its entirety.

REDACTED VERSION

## ARGUMENT

### I. THE COURT SHOULD DENY THE CUSTOMERS' UNTIMELY OPPOSITION

As a preliminary matter, the Customers' Opposition to the Picower Parties' Motion should be rejected because it was not timely filed on or before the stipulated deadline for opposition to the Motion. Counsel for the Customers, the Picower Parties and the Trustee stipulated that any opposition to the Motion would be filed on or before February 17, 2017 and that the Picower Parties' reply brief would be filed on or before February 24, 2017. (ECF No. 15008.) That stipulated briefing schedule was memorialized in the Picower Parties' Notice of Motion but no opposition to the Motion was filed on or before February 17, 2017. Therefore, on February 24, 2017, the stipulated deadline for the Picower Parties' reply brief, the Picower Parties filed a letter with the Court requesting that the Motion be granted without a hearing as no opposition to the Motion had been filed. (ECF No. 15071.)

Three days later, on February 27, 2017, Ms. Chaitman filed a letter with the Court claiming that the Court's change of the Motion return date from March 9, 2017 to March 21, 2017 "extend[ed] our date to file opposition to March 14, 2017." (ECF No. 15081.) It did not, as the parties to the stipulation never had discussed or agreed to an extension of the Opposition deadline and the Court did not direct an extension of that deadline. For that reason, the Picower Parties asked the Court to reject Ms. Chaitman's unilateral extension and grant the Motion without a hearing on the basis that it was unopposed. (ECF No. 15093.) The Picower Parties renew that request now.

### II. THE LIMITED TESTIMONY TO BE REDACTED IS NOT PUBLIC AND IS NOT RELEVANT TO THE CLAIMS OR DEFENSES IN THE CUSTOMERS' CASES

Even if the Court accepts the Customers' untimely filing, the Motion nevertheless should be granted. The Customers' primary objection to the Motion is that the testimony sought

4

to be redacted is "already a matter of public record," insofar as it already has been disclosed in the Prior Depositions and the Madoff Declaration. (Opp'n at 6.) That objection is baseless, because the testimony to be redacted was not in either the Prior Depositions or the Madoff Declaration. Moreover, none of the testimony to be redacted relates to the claims or defenses in the Customers' pending adversary proceedings.

### A. Testimony Concerning ███████████████████

The Picower Parties seek to redact (i) testimony that ███████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████, and (ii) Ms. Chaitman's questions in the Day 1 Transcript concerning ███████████████████ ███████████████████████████████████████████████████████████.

None of that testimony is "public" or relevant to the Trustee's claims or the Customers' defenses.

In the Prior Depositions and in the Madoff Declaration, Madoff did not testify that ███████████████████████████████████████████████████████████ ███████████████ Thus, Madoff's new characterization of ███████████████ in the Day 1 Transcript is *not* a matter of public record. In fact, in the Prior Depositions, Madoff testified that ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████.

REDACTED VERSION

Madoff's testimony in the Day 1 Transcript that ████████████████ ████████████████████████ likewise is irrelevant in determining when Madoff began his Ponzi scheme or how the Customers' net equity should be calculated. ████████████████ ████████████ The Picower Parties' request to redact such testimony is narrowly-tailored and would not adversely impact either the Trustee's or the Customers' litigation positions. Those redactions should be allowed to protect the Picower Parties' privacy interests, and to prevent reputational harm to them and to Picower, who is deceased.

B.  **Madoff's Testimony Concerning** ████████████████

The Picower Parties also seek to redact Madoff's testimony concerning ████ ████████████████████████████████████████████████████████████████████. According to Madoff, ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████ This range of testimony includes ████████████████ ████████████████████████ ████████████████████████████████ The complete irrelevance of this testimony is apparent from the fact that this testimony was *not even offered in response to a question*. Rather, Madoff began this defamatory line of testimony by stating: ████████ ████████████████████████████████

---

2 ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████

Madoff himself even recognized the irrelevance of this testimony, stating: ██████████ ██████████████████████████████████████ ██████

Moreover, in the Prior Depositions, Madoff *never* testified that ██████ ████████████████████████████, nor is such an assertion contained in the Madoff Declaration. Hence, that testimony is not a matter of "public record" despite the Customers' claim to the contrary. Further, there is no basis for revisiting issues purportedly related to ██████████████████████████████ ██████████████████████████████ ██████.

Finally, although the Customers argue that Madoff's testimony about ██ ██████ falls within the Day 1 Topics as Madoff's "interpretation of BLMIS's books and records" (Opp'n at 8), in fact, the testimony about ██████████ has nothing to do with any of the Day 1 Topics or with when or how the Ponzi scheme began. It should be redacted, for the reasons herein and in the Opening Brief.

C.  **Madoff's Testimony Concerning** ██████████████████████

The Picower Parties also seek to redact Madoff's testimony that ██████ ██████████████████████████████ ██████████████████ In opposing redaction of this testimony, the Customers do not even attempt to argue that this testimony is contained in the Prior Depositions or in the Madoff Declaration. Nor do they attempt to argue that such testimony is somehow relevant to the dispute over when the Ponzi scheme began or how the Customers' net equity should be calculated.

7

Instead, the Customers argue that "Madoff's testimony ████████████ ████████████████████████████████████████ is authorized by the following Day 1 Topics: "4. The nature, extent and scope of Madoff's legitimate and illegitimate activities at various time periods, including, *inter alia*, when Madoff began operating a 'Ponzi' scheme and how it came about that he began operating a 'Ponzi' scheme"; and "5. The extent to which different trading strategies were involved with legitimate or illegitimate activities." (Opp'n at 8.)

Yet questions as to ████████████████████████████ ██████████████████████████ do not relate to either proffered Topic. They run afoul of the Court's admonition that Ms. Chaitman cannot ask "questions about what did [Picower] do," "how did [Picower] aid and abet [Madoff's fraud]," or "Picower's conduct that is not directly related to the Day 1 or Day 2 Deposition Topics." (ECF No. 13967 at 34; ECF No. 14213.) Those questions also are contrary to Ms. Chaitman's assurance to the Court that "I won't ask questions . . . about Mr. [Picower]." (*Id.* at 7.)

The Second Madoff Deposition Order plainly states that counsel may ask "questions concerning Picower and/or the Picower Parties only to the extent that such follow up questions *directly* relate to the Day 1 or Day 2 Deposition Topics." (ECF No. 14213 (emphasis added).) Because questions concerning ████████████████████████████████ plainly do not "*directly* relate" to any of the Day 1 Topics, the Court should order the redaction of those questions and Madoff's answers thereto.

**D.     Madoff's Testimony Concerning ████████████████████**

The Picower Parties also seek to redact Madoff's testimony that ██████
████████████████████████████████████████████████████████████████████

 Although Madoff made a similar unsupported assertion in the *Optimal* deposition, that assertion is too vague and conclusory to be *directly* relevant to any of the Day 1 Topics. For instance, Madoff did not testify to ▮▮▮▮▮▮▮▮▮▮▮▮ Madoff's conclusion that ▮▮▮▮▮▮ is simply a personal attack on Picower. Because such testimony is completely conclusory and is irrelevant to the issues in the pending adversary proceedings, that testimony should be redacted.

### III.   THE NARROWLY-TAILORED REDACTIONS WILL GIVE THE PUBLIC ACCESS TO NEARLY ALL OF THE DAY 1 TRANSCRIPT

Finally, the Customers oppose the Motion on the ground that Madoff's testimony is "a matter of public concern." (Opp'n at 9.) If that were the test, the Court would not have entered Orders limiting the scope and use of Madoff's testimony. But the Orders were designed, at least in part, to prevent unsupported and irrelevant disclosure about Picower and the Picower Parties, and to prevent the use of that disclosure to support additional litigation against the Picower Parties.

Certainly the circumstances in which Madoff began his Ponzi scheme is a matter of public concern, and the Picower Parties do not seek to redact Madoff's testimony on that issue. The limited redactions the Picower Parties seek would not remove such testimony from public view. In fact, even if the Motion is granted in its entirety, the vast majority of the Day 1 Transcript – including Madoff's testimony about when and how he began the Ponzi scheme – would soon become available to the public.

The Customers' claim that the Picower Parties' "interests in their privacy and reputation must yield to the public interest" in Madoff's testimony (Opp'n at 10) is thus incorrect. Both interests may be satisfied at the same time by granting the Motion.

## CONCLUSION

For the foregoing reasons and the reasons stated in their Opening Brief, the Picower Parties respectfully request that the Court grant their Motion to redact the limited portions of Madoff's Day 1 Transcript listed in Exhibits 2 and 3 to the Harris Declaration.

Dated: New York, New York  
March 17, 2017

SCHULTE ROTH & ZABEL LLP

By: /s/ Marcy Ressler Harris
William D. Zabel
Marcy Ressler Harris
Michael Kwon
Jennifer M. Opheim
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for the Picower Parties*

REDACTED VERSION