**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |

## DECLARATION OF DAVID J. SHEEHAN

David J. Sheehan hereby declares as follows:

1. I am an attorney admitted to the bar of this Court and a partner of the firm of Baker & Hostetler LLP ("B&H"). I submit this declaration in support of the twenty-third application (the "Application") of Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff"), and B&H, as counsel to the Trustee, for allowance of interim compensation for services performed and reimbursement of actual and necessary expenses incurred during the period commencing August 1, 2016 through and including November 30, 2016 (the "Compensation Period"), pursuant to 15 U.S.C. § 78eee(b)(5) of SIPA,[1] §§ 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Pursuant to § 78eee(b)(5) of

---

[1] The Securities Investor Protection Act ("SIPA") is found at 15 U.S.C. §§ 78aaa *et seq*. For convenience, subsequent references to SIPA will omit "15 U.S.C."

SIPA, §§ 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Baker & Hostetler LLP, dated February 25, 2009 (ECF No. 126), as amended on December 17, 2009 and June 1, 2011 (ECF Nos. 1078, 4025) (collectively, the "Second Amended Compensation Order").

2. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York ("District Court") against Madoff, captioned *SEC v. Madoff*, No. 08 Civ. 10791 (the "Civil Case"). The complaint alleged that the defendants engaged in fraud through the investment advisor (or "IA") business of BLMIS.

3. On December 15, 2008, pursuant to § 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the Civil Case with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to § 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

4. Accordingly, on December 15, 2008, the District Court entered the order (ECF No. 4) (the "Protective Decree"), to which BLMIS consented, which, in pertinent part:

    a. appointed the Trustee for the liquidation of the business of the Debtor pursuant to § 78eee(b)(3) of SIPA;

    b. appointed B&H as counsel to the Trustee pursuant to § 78eee(b)(3) of SIPA; and

    c. removed the case to the Bankruptcy Court pursuant to § 78eee(b)(4) of SIPA.

---

[2] In this case, the Filing Date is the date on which the SEC commenced its suit against BLMIS, December 11, 2008, which resulted in the appointment of a receiver for the firm. *See* § 78*lll*(7)(B) of SIPA.

5.	I submit this declaration pursuant to Bankruptcy Rule 2016(a) in support of the Application (i) allowing and awarding $35,390,309.40 (of which $31,851,278.47 is to be paid currently and $3,539,030.93 is to be deferred through the conclusion of the liquidation period or until further order of the Court) as an interim payment for professional services rendered by the Trustee and B&H during the Compensation Period, and $236,780.39 as reimbursement of the actual and necessary costs and expenses incurred by the Trustee and B&H in connection with the rendition of such services; and (ii) granting such other and further relief as the Court may deem just and proper.

6.	As the lead partner at B&H staffed on this matter, I am familiar with such services and with these proceedings.  These statements are correct to the best of my knowledge and belief, based upon conversations I have conducted with the Trustee, the partners and associates of B&H, and upon records kept by B&H in the normal course of business.

7.	I hereby certify that (i) I have read the Application; and (ii) to the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the guidelines for fee applications under Bankruptcy Rule 2016(a) and the Second Amended Compensation Order.

8.	The Trustee's and B&H's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.  The Trustee's and B&H's fees in this case reflect a 10% public interest discount from standard rates.  This discount has resulted in a voluntary reduction during the Compensation Period of $3,932,256.60.  In addition, the Trustee and B&H voluntarily adjusted their fees by writing off $1,948,106.50 (not including the 10%

3

public interest discount) and wrote off expenses customarily charged to other clients in the amount of $313,327.41.

9. I hereby certify that members of SIPC have been provided with a copy of this Application.

10. I hereby certify that members of SIPC have been provided with monthly statements of fees and disbursements accrued during the Compensation Period in accordance with the Second Amended Compensation Order.

11. I hereby certify that (i) in providing reimbursable non-legal services to the estate, B&H does not make a profit on such services; and (ii) in seeking reimbursement for a service which B&H justifiably purchased or contracted from a third party, B&H requests reimbursement only for the amount billed to B&H by the third-party vendors and paid by B&H to such vendors.

12. Pursuant to the Second Amended Compensation Order, payment of a percentage of the approved compensation—initially twenty percent (20%) and subsequently reduced to fifteen percent (15%) and then ten percent (10%)—is deferred through the conclusion of the liquidation period or until further order of the Court (the "Holdback").

13. For this and prior Compensation Periods, the amount of the Holdback for B&H's fees is $28,261,577.24, which includes $3,539,030.93 held back in connection with this Application.

14. Neither the Trustee nor B&H has made any previous application for allowance of fees for professional services rendered during the Compensation Period.

15. There is no agreement or understanding between the Trustee, B&H, and any other person, other than members of B&H, for sharing of compensation to be received for services rendered in this case.

5

16.    No agreement or understanding prohibited by 18 U.S.C. § 155 has been made or shall be made by the Trustee or B&H.

Dated: March 20, 2017
       New York, New York

By:   /s/*David J. Sheehan*
       David J. Sheehan