UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF COCHRAN ALLAN AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED INCURRED FROM AUGUST 1, 2016 THROUGH NOVEMBER 30, 2016**

Cochran Allan ("Cochran Allan"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $5,013.45 (of which 20% is to be deferred through the conclusion of the liquidation period) for the period from August 1, 2016 through November 30, 2016 (the "Compensation Period"). In support of the Application, Cochran Allan respectfully submits as follows:

**I. BACKGROUND**

1.  On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities

Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3. Beginning on June 11, 2014, Cochran Allan has served as special counsel for the Trustee.

4. On June 26, 2014, this Court entered an order approving the Trustee's motion for authority to retain Cochran Allan as special counsel *nunc pro tunc* as of June 11, 2014.

5. The Trustee's motion to retain Cochran Allan established a fee arrangement pursuant to which Cochran Allan agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY COCHRAN ALLAN

6. The legal services performed by Cochran Allan on behalf of the Trustee during the time period covered by this Application are as follows:

7. Cochran Allan advised the Trustee regarding probate and estate administration under New York law.

## III. COMPENSATION REQUESTED

8. The Application demonstrates how Cochran Allan has both added value to the BLMIS's estate and has advanced the BLMIS's SIPA liquidation proceeding.

9. Cochran Allan has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Cochran Allan has

staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Natanya Holland Allan.

10. From August 1, 2016 through November 30, 2016, Cochran Allan provided a total of 15.9 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $5,570.50 and the total blended rate for professional services was $350.35/hour. After the 10% discount, the total amount of fees incurred is $5,013.45 and the total blended rate is $315.31/hour. Cochran Allan has agreed to a further holdback of 20% of its fees in the amount of $1,002.69 resulting in the present request for compensation in the amount of $4,010.76.

11. A breakdown of the total number of hours performed by each Cochran Allan timekeeper is provided on **Exhibit A** annexed hereto.

## IV. <u>GENERAL MATTERS</u>

12. All of the professional services for which compensation is requested herein were performed by Cochran Allan for and on behalf of the Trustee and not on behalf of any other person or entity.

13. No agreement or understanding exists between Cochran Allan and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Cochran Allan with compensation for the legal services described herein.

14. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in

connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Cochran Allan (*see* SIPA § 78fff-3(b)(2)).

16. The Trustee has determined that, at this time, he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17. Therefore, with respect to this Application, Cochran Allan requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Cochran Allan expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Cochran Allan respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $5,013.45, of which $4,010.76 is to be paid currently and $1,002.69 is to be held back through the conclusion of the liquidation period or

4

until further order of the Court, as an interim payment for professional services rendered by Cochran Allan to the Trustee from August 1, 2016 through November 30, 2016; and

c. Awarding Cochran Allan such other and further relief as this Court deems just and proper.

                                                   Respectfully submitted,

Dated: March 20, 2017                     Cochran Allan

                                         By: *s/Natanya Holland Allan*
                                            Natanya Holland Allan
                                            Cochran Allan
                                            8000 Towers Crescent Drive
                                            Suite 160
                                            Tysons Corner, VA 22182
                                            Telephone: 703-847-4481
                                            Fax: 703-847-4499

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF COCHRAN ALLAN FOR SERVICES RENDERED
## FOR THE PERIOD FROM AUGUST 1, 2016 THROUGH NOVEMBER 30, 2016

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
|  |  |  |  |
| Natanya Holland Allan | $395.00 | 8.8 | $3,476.00 |
| Andrea Ricka | $295.00 | 7.1 | $2,094.50 |
|  |  |  |  |
| Total: | $350.35 | 15.9 | $5,570.50 |
| Total minus 10% Discount | $315.31 |  | $5,013.45 |
| **Total Net of 20% Holdback:** |  |  | **$4,010.76** |