# EXHIBIT 5

**CHAITMAN LLP**
Gregory M. Dexter
gdexter@chaitmanllp.com
465 Park Ave,
New York, New York 10022
Phone & Fax: 888.759.1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff | Adv. Pro. Nos. listed on Schedule A Attached to the Accompanying Subpoena |
| Plaintiff, | |
| v. | |
| DEFENDANTS LISTED ON SCHEDULE A ATTACHED TO THE ACCOMPANYING SUBPOENA, | |
| Defendant. | |

## NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION AND ORAL TESTIMONY OF ROBERT GUTMAN

**PLEASE TAKE NOTICE,** pursuant to Federal Rules of Civil Procedure 45 and Rule

9017 of the Federal Rules of Bankruptcy Procedure as made applicable to these proceedings by

{00028858 1 }

Rule 9016 of the Federal Rules of Bankruptcy Procedure, that Defendants, as referenced on the attached "**Schedule A**" ("Defendants"), by and through their undersigned counsel, will serve a Subpoena in the form attached hereto, on non-party Robert Gutman, as trader for Bernard L. Madoff and Bernard L. Madoff Investment Securities, LLC, to produce documents, information, or objects and to provide testimony on March 28, 2017 at 10:00 a.m. at the offices of Chaitman, LLP, 465 Park Avenue, New York, New York 10022.

A true and correct copy of the subpoena is attached hereto as **Exhibit A**.

Dated: New York, New York
      March 15, 2017

Respectfully submitted,

**CHAITMAN LLP**
By: /s/ *Gregory M. Dexter*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
gdexter@chaitmanllp.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 15th day of March, 2017 by electronic and on the 16th day of March, 2017 by USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Edward J. Jacobs
Email: ejacobs@bakerlaw.com

**CHAITMAN LLP**
By: /s/ *Gregory M. Dexter*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888.759.1114
gdexter@chaitmanllp.com

*Attorneys for Defendants*

**EXHIBIT A**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT _____ District of ___NEW YORK___

In re  __BERNARD L. MADOFF__
Debtor

_(Complete if issued in an adversary proceeding)_

IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff
Plaintiff

DEFENDANTS LISTED ON SCHEDULE A                    V.
ATTACHED TO THE ACCOMPANYING SUBPOENA
Defendant

Case No. __08-01789 (SMB)__

Chapter __7__

Adv. Proc. No.  Nos. listed on Schedule A Attached
to the Accompanying Subpoena

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Robert Gutman, as trader for Bernard L. Madoff and Bernard L. Madoff Investment Securities, LLC_

<em>(Name of person to whom the subpoena is directed)</em>

[X] _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE    CHAITMAN LLP, 465 Park Avenue, New York, NY 10022 | DATE AND TIME |
|---|---|
| | March 28 2017    at 10:00 a.m. |

The deposition will be recorded by this method:

_Sound, visual and stenographic means._

[x] _Production_:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __March 15, 2016__

CLERK OF COURT

OR

_____          _/s/ Gregory M. Dexter_
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, email address, and telephone number of the attorney representing _(name of party)_  __Defendants as stated on Schedule A, attached__  , who issues or requests this subpoena, are: Chaitman, LLP, Gregory M. Dexter, 465 Park Ave., New York, NY 10022, 888.759.1114, ext. 10, gdexter@chaitmanllp.com

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT

# A

**ATTACHMENT A**

**TO SUBPOENA OF ROBERT GUTMAN**

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.      The rules of construction and definitions and instructions in Federal Rules of Civil Procedure 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3 are capitalized herein.

2.      "You" or "Your" means Robert Gutman and any and all entities which you own or control.

3.      "BLMIS" means Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff and all related entities, including all representatives, agents, employees, attorneys and/or persons acting or purporting to act on their behalf.

4.      "Defendants" shall mean all Defendants listed on Schedule A hereto and all affiliates, representatives, agents, employees, attorneys and/or persons acting or purporting to act on such Defendants' behalf.

5.      "Communications" shall be given its broadest possible meaning, and includes, without limitation, Documents containing or constituting the transmission or receipt of information by or between or among one or more persons or entities, and without limiting the generality of the foregoing, includes all Documents constituting inquiries, discussions, conversations, letters, correspondence, e-mails, notes, faxes, written memoranda, and phone messages.

6.      "Document" is used in its broadest sense and means any attempts to record or transmit information or knowledge and includes the original and all drafts of a writing, which includes, without limitation, all written, recorded, digital, graphic or photographic matter,

including electronically stored information ("ESI"), however produced, reproduced or stored, of every kind and description including any agenda, supplements, amendments, revisions, exhibits or appendices thereto, and includes, without limiting the generality of the foregoing, originals (or copies where originals are not available) and drafts of the following: all papers, emails, letters, notes, memoranda, pamphlets, correspondence, telegrams, cables, photographs, microfilm, prints, recordings, transcriptions, blueprints, drawings, books, accounts, objects, notes, electronic or magnetic recordings or sound recordings of any type of personal or telephone conversations or meetings or conferences, minutes of directors or committee meetings, other minutes, reports, studies, written forecasts, projects, analyses, contracts, licenses, agreements, ledgers, journals, books of account, vouchers, bank checks, invoices, charge slips, expense account reports, hotel charges, receipts, freight bills, working papers, drafts, statistical records, cost sheets, abstracts of bids, stenographers' notebooks, calendars, appointment books, telephone slips, wire transfer slips and logs, diaries, time sheets or logs, job or transaction files, computer printouts or papers similar to any of the foregoing, however denominated by you.

7.    In producing documents, indicate the paragraph and subparagraph (where applicable) of the Document Request(s) to which a produced document is responsive.

8.    To the extent not clarified above, these Requests specifically include documents in electronic form, including emails and other Electronically Stored Information ("ESI") which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, backup tapes, or other storage media.  ESI should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material intelligible.

9.      "Related to" and "relating to" or any variation thereof shall be construed to include refer to, summarize, reflect, constitute, contain, embody, mention, show, comprise, evidence, discuss, describe, comment upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, identifying, or proving.

10.     "And" and "or" shall be construed conjunctively or disjunctively, whichever makes this request more inclusive.

11.     The singular number and masculine gender used within this document embraces and shall be read and applied as the plural or the feminine or neuter as circumstances make it appropriate.

12.     Unless otherwise defined herein, all words are to be construed in their ordinary or common meaning.

13.     In the event You object to the production of any document responsive to this request, as privileged or confidential, please state:

a.      the name of each author, writer, sender or initiator of the document, if any;

b.      the name of each recipient, addressee, or party for whom the document was intended or received, if any;

c.      the date of the document, if any, or an estimate thereof and so indicated as an estimate if no date appears on the document;

d.      a description of the general nature of the document and a description of the general subject matter as described in the document, or if no description appears, then sufficient other description to identify the document for a subpoena duces tecum, including the number of pages and attachments;

e.      the specific privilege or objection that you contend applies to the document (e.g.,

attorney-client privilege).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Documents in your possession, if any, that would indicate that BLMIS engaged in

legitimate trading for its Investment Advisory customers prior to 1992.

2.      Documents in your possession, if any, that would indicate that BLMIS engaged in

legitimate trading for its Proprietary Trading Business.

# SCHEDULE

# A

|     | Adv. Pro. No. | Defendants represented by Chaitman LLP |
| --- | --- | --- |
| 1. | 10-04292 | Robert Roman |
| 2. | 10-04302 | Joan Roman |
| 3. | 10-04306 | Angela Tiletnick |
| 4. | 10-04321 | Herbert Barbanel; Estate of Alice Barbanel; Herbert Barbanel, in his capacity as Personal Representative of the Estate of Alice Barbanel |
| 5. | 10-04327 | Gertrude E. Alpern Revocable Trust, Robert Schwartz Trust, Paul Alpern Residuary Trust, Lewis Alpern, in his capacity as successor trustee of the Gertrude E. Alpern Revocable Trust, as executor of the estate of Gertrude E. Alpern, and in his capacity as trustee of the Paul Alpern Residuary Trust, The Estate of Gertrude E. Alpern, Jane Alpern, as beneficiary of the Gertrude E. Alpern Revocable Trust, Jonathan Schwartz, as beneficiary of the Gertrude E. Alpern Revocable Trust, and Roberta Schwartz, as beneficiary of the Gertrude E. Alpern Revocable Trust, as settler and beneficiary of the Roberta Schwartz Trust, and in her capacity as trustee of the Roberta Schwartz Trust |
| 6. | 10-04352 | RAR Entrepreneurial Fund, Ltd. and Russell Oasis |
| 7. | 10-04367 | Benjamin T. Heller |
| 8. | 10-04377 | Carol Nelson, individually and joint tenant, and Stanley Nelson, individually and as joint tenant |
| 9. | 10-04397 | Fern C. Palmer Revocable Trust Dtd 12/31/91, as amended; Fern C. Palmer, individually and in her capacity as trustee for the Fern C. Palmer Revocable Trust; Boyer H. Palmer, in his capacity as trustee for the Fern C. Palmer Revocable Trust |
| 10. | 10-04428 | Allen Meisels |
| 11. | 10-04438 | Estate of Seymour Epstein, Muriel Epstein, as beneficiary and of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein, as Executor of the Estate of Seymour Epstein, and as trustee of Trusts created by the Last Will and Testament of Seymour Epstein, Herbert C. Kantor, as trustee of Trusts created by the Last Will and Testament of Seymour Epstein, Randy Epstein Austin, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein, Robert Epstein, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein, Jane Epstein, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein, Susan Epstein Gross, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein, and Shelburne Shirt Company, Inc. |
| 12. | 10-04446 | Trust Under Agreement Dated 12/6/99 for the benefit of Walter and Eugenie Kissinger, Walter B. Kissinger Revocable Trust, Walter B. Kissinger, Eugenie Kissinger, William D. Kissinger, Thomas |

| | Adv. Pro. No. | Defendants represented by Chaitman LLP |
|---|---|---|
| | | Van Drooge Kissinger, Dana M. Kissinger-Matray, and John Frans Kissinger |
| 13. | 10-04469 | Carol L. Kamenstein, individually and in her capacity as joint tenant, David R. Kamenstein, individually and in his capacity as joint tenant, Sloan G. Kamenstein, and Tracy D. Kamenstein |
| 14. | 10-04487 | Estate of Audrey Weintraub, and Robert Weintraub, individually and in his capacity as personal representative of the Estate of Audrey Weintraub |
| 15. | 10-04489 | Marlene Krauss |
| 16. | 10-04491 | Elaine Dine Living Trust Dated 5/12/06 and Elaine Dine |
| 17. | 10-04503 | Judd Robbins |
| 18. | 10-04539 | The Gerald and Barbara Keller Family Trust, Gerald E. Keller, individually and in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, Barbara Keller, individually and in her capacity as Trustee of the Gerald and Barbara Keller Family Trust |
| 19. | 10-04541 | Felice J. Perlman and Sanford S. Perlman |
| 20. | 10-04545 | Jerome Goodman, individually, as trustee for The Jerome Goodman Children's GRAT #1, as Limited Partner of Goodman Capital Partners L.P., and as Beneficiary of The Jerome Goodman Children's GRAT #1, Goodman Capital Partners L.P., The Jerome Goodman Children's GRAT #1, Kevin Goodman, as Beneficiary of The Jerome Goodman Children's GRAT #1 and as Limited Partner of Goodman Capital Partners L.P., Peter Goodman, as Beneficiary of The Jerome Goodman Children's GRAT #1 and as Limited Partner of Goodman Capital Partners L.P., Abbey Goodman, as Beneficiary of The Jerome Goodman Children's GRAT #1 and as Limited Partner of Goodman Capital Partners L.P., Philip Goodman, as Limited Partner of Goodman Capital Partners L.P., and Goodman Holdings, Inc., as General Partner of Goodman Capital Partners LP |
| 21. | 10-04562 | Robert F. Ferber |
| 22. | 10-04570 | Jacob M. Dick Rev Living Trust Dtd 4/6/01, Individually And As Tenant In Common, Estate Of Jacob M. Dick, As Grantor Of The Jacob M. Dick Rev Living Trust Dtd 4/6/01, Andrea J. Marks, As Trustee And Beneficiary Of The Jacob M. Dick Rev Living Trust Dtd 4/6/01, As Executor And Beneficiary Of The Estate Of Jacob M. Dick, And As Trustee Of The Article 8.1 Trust Created Under The Jacob M. Dick Rev Living Trust Dtd 4/6/01, R. D. A., A Minor, As Beneficiary Of The Article 8.1 Trust Created Under The Jacob M. Dick Rev Living Trust Dtd 4/6/01, Rio Jocelyn Breen, as beneficiary of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01, Article 8.1 Trust, Suzanne Breen, as beneficiary of the Estate of Jacob M. Dick and the Jacob M. Dick Rev Living Trust Dtd 4/6/01 |

| | Adv. Pro. No. | Defendants represented by Chaitman LLP |
|---|---|---|
| 23. | 10-04599 | Alvin E. Shulman Pourover Trust; Kevin Shulman in his capacity as Co-Trustee of the Alvin E. Shulman Pourover Trust, and Caran Ruga Ross, in her capacity as Co-Trustee for the Alvin E. Shulman Pourover Trust |
| 24. | 10-04606 | Estate of Florence W. Shulman; Alan M. Goldberg, in his capacity as Personal Representative of the Estate of Florence W. Shulman; Kevin Shulman in his capacity as Trustee of the Florence Shulman Pourover Trust; Caran Ruga Ross, in her capacity as Trustee of the Florence Shulman Pourover Trust; Florence Shulman Pourover Trust, in its own capacity and in its capacity as a Limited Partner of FAS Partners, L.P.; FAS Partners, L.P.; Shulman Family Corporation, in its capacity as General Partner of FAS Partners, L.P.; Alvin E. Shulman Pourover Trust, in its capacity as Limited Partner of FAS Partners, L.P.; and Alvin E. Shulman, in his capacity as Trustee for the Alvin E. Shulman Pourover Trust |
| 25. | 10-04610 | The Whitman Partnership; Judith Whitman Revocable Living Trust U/A/D 8/5/86; Judith Whitman, In Her Capacity As Grantor And Trustee For The Judith Whitman Revocable Living Trust U/A/D 8/5/86, A Partner In The Whitman Partnership; Bernard Whitman Revocable Living Trust U/A/D 8/5/86; And Bernard Whitman, In His Capacity As Grantor And Trustee For The Bernard Whitman Revocable Living Trust U/A/D 8/5/86, A Partner In The Whitman Partnership |
| 26. | 10-04614 | Robert S. Whitman |
| 27. | 10-04621 | Donald A. Benjamin |
| 28. | 10-04644 | Russell L. Dusek |
| 29. | 10-04648 | Peter D. Kamenstein |
| 30. | 10-04655 | Jaffe Family Investment Partnership and Bruce Jaffe |
| 31. | 10-04658 | Carol Nelson |
| 32. | 10-04669 | Zieses Investment Partnership, Marshall Zieses, Debra S. Zieses, Neil R. Zieses, Caryn Zieses, Barry Inger, Allan Inger, and Susan B. Alswanger |
| 33. | 10-04709 | Andrew M. Goodman |
| 34. | 10-04712 | Sharon Popkin |
| 35. | 10-04718 | The Jordan H. Kart Revocable Trust; The Estate of Jordan H. Kart; Jonathan J. Kart, individually and in his capacities as executor of the Estate of Jordan H. Kart and successor trustee of the Jordan H. Kart Revocable Trust; and Carolyn J. Kart, individually and in her capacity as executor of the Estate of Jordan H. Kart |
| 36. | 10-04728 | Bruno L. DiGiulian |
| 37. | 10-04740 | Robert Hirsch, as an individual, and as joint tenant, and Lee Hirsch, as an individual, and as joint tenant |
| 38. | 10-04748 | Mark Horowitz, individually and as a joint tenant |
| 39. | 10-04749 | Philip F. Palmedo |

| | Adv. Pro. No. | Defendants represented by Chaitman LLP |
|---|---|---|
| 40. | 10-04752 | Kuntzman Family LLC., Jacqueline D. Green, In Her Capacity As A Managing Member Of The Kuntzman Family L.L.C. And As Trustee Of The Irrevocable Trust Fbo Jennifer Gattegno And The Irrevocable Trust Fbo Ethan Siegel, Both Members Of The Kuntzman Family L.L C.; Wayne D. Green, In His Capacity As A Managing Member Of The Kuntzman Family LLC; Judith Gattegno, In Her Capacity As A Member Of The Kuntzman Family LLC; Irrevocable Trust Fbo Jennifer Gattegno, In Its Capacity As A Member Of The Kuntzman Family Llc; And Irrevocable Trust Fbo Ethan Siegel, In Its Capacity As A Member Of The Kuntzman Family LLC |
| 41. | 10-04753 | Carla Ginsburg |
| 42. | 10-04762 | Estate of James M. Goodman and Audrey M. Goodman, in her capacity as Personal Representative of the Estate of James M. Goodman |
| 43. | 10-04768 | Placon2; Betty Cohen, in her capacity as a Partner of Placon2 and in her capacity as Executor of the Estate of William R. Cohen; Ronald Cohen, in his capacity as a Partner of Placon2; Estate of Bernice Plafsky; Estate of Nathan Plafsky; and Robert Plafsky in his capacity as the Personal Representative of the Estate of Bernice Plafsky and as Personal Representative of the Estate of Nathan Plafsky; Estate of William R. Cohen |
| 44. | 10-04798 | Janet Jaffe Trust UA dtd 4/20/90, Alvin Jaffe Trust dtd 4/20/90, Janet Jaffe, individually and in her capacity as Trustee for the Janet Jaffe Trust UA dtd 4/20/90 and the Alvin Jaffe Trust dtd 4/20/90 |
| 45. | 10-04803 | The Estelle Harwood Family Limited Partnership, Harwood Holding Company II, Inc., Estelle Harwood Revocable Trust, and Estelle Harwood, individually and in her capacity as trustee of the Estelle Harwood Revocable Trust |
| 46. | 10-04806 | Kenneth M. Kohl, as an individual and as a joint tenant, and Myrna L. Kohl, as an individual and as a joint tenant |
| 47. | 10-04809 | Edyne Gordon, in her capacity as the executrix and primary beneficiary of the estate of Allen Gordon |
| 48. | 10-04818 | Toby Harwood |
| 49. | 10-04823 | Frank Difazio and Carol Difazio, Individually and as Tenants In Common of a Bernard L. Madoff Investment Securities, LLC Account |
| 50. | 10-04826 | Estate of Boyer Palmer; Diane Holmers, in her capacity as Personal Representative of the Estate of Boyer Palmer; and Bruce Palmer, in his capacity as Personal Representative of the Estate of Boyer Palmer |
| 51. | 10-04837 | Leslie Ehrlich, F/K/A Leslie Harwood, And Stephen Ehrlich |
| 52. | 10-04852 | Alvin E. Shulman Pourover Trust; Kevin Shulman in his capacity as Co-Trustee of the Alvin E. Shulman Pourover Trust, and Caran Ruga Ross, in her capacity as Co-Trustee for the Alvin E. Shulman Pourover Trust |

| | Adv. Pro. No. | **Defendants represented by Chaitman LLP** |
|---|---|---|
| 53. | 10-04867 | Estate Of Steven I. Harnick, The Steven I. Harnick Revocable Living Trust Dated April 2, 2002, A Florida Trust, Barbara June Lang, As Personal Representative, As Trustee, As An Individual, And As Joint Tenant, Michelle Glater, And Pamela Harnick |
| 54. | 10-04878 | Lisa Beth Nissenbaum Trust; Neal Kurn, in his capacity as Trustee for the Lisa Beth Nissenbaum Trust; and Lisa B. Nissenbaum |
| 55. | 10-04885 | Trust Fund B U/W Edward F. Seligman F/B/O Nancy Atlas and Nancy Atlas, in her capacity as the Trustee and Beneficiary of the Trust Fund B U/W Edward Seligman F/B/O Nancy Atlas |
| 56. | 10-04889 | Robert S. Savin |
| 57. | 10-04898 | Helene Saren-Lawrence |
| 58. | 10-04905 | Train Klan, a Partnership; Felice T. Londa, in her capacity as a Partner in Train Klan; Claudia Helmig, in her capacity as a Partner in Train Klan; Timothy Landres, in his capacity as a Partner in Train Klan; Jessica Londa, in her capacity as a Partner in Train Klan; Peter Londa, in his capacity as a Partner in Train Klan; Timothy Helmig, in his capacity as a Partner in Train Klan; Wendy Landres, in her capacity as a Partner in Train Klan |
| 59. | 10-04912 | Harry Smith Revocable Living Trust, and Laura Ann Smith, as Trustee of The Harry Smith Revocable Living Trust and Individually |
| 60. | 10-04914 | Edyne Gordon, in her capacity as the executrix and primary beneficiary of the estate of Allen Gordon |
| 61. | 10-04920 | Glenhaven Limited, Estate of Mathew L. Gladstein, and Edythe Gladstein, in her capacity as the personal representative of the Estate of Mathew L. Gladstein |
| 62. | 10-04931 | The Estate of Muriel B. Cantor, Nancy Atlas, as Personal Representative of The Estate of Muriel B. Cantor |
| 63. | 10-04956 | Denis M. Castelli |
| 64. | 10-04961 | Sylvan Associates LLC F/K/A Sylvan Associates Limited Partnership; Donald R. Shapiro, In His Capacity As A General Partner Of Sylvan Associates Limited Partnership; The Eric Nathan Shapiro 1989 Trust, In Its Capacity As A Limited Partner Of Sylvan Associates Limited Partnership; The Emily Lauren Shapiro 1989 Trust, In Its Capacity As A Limited Partner Of Sylvan Associates Limited Partnership; The Julie Beth Shapiro 1989 Trust, In Its Capacity As A Limited Partner Of Sylvan Associates Limited Partnership; The Lindsay Ariel Shapiro 1989 Trust, In Its Capacity As A Limited Partner Of Sylvan Associates Limited Partnership; Robin L. Shapiro, In Her Capacity As Trustee For The Eric Nathan Shapiro 1989 Trust, The Emily Lauren Shapiro 1989 Trust, The Julie Beth Shapiro 1989 Trust And The Lindsay Ariel Shapiro 1989 Trust; Eric N. Shapiro; Emily L. Shapiro; Julie B. Shapiro; And Lindsay A. Shapiro |

| | Adv. Pro. No. | Defendants represented by Chaitman LLP |
|---|---|---|
| 65. | 10-04979 | James M. New Trust Dtd 3/19/01; James M. New, Individually And In His Capacity As Trustee For The James M. New Trust Dtd 3/19/01; And Laura W. New, In Her Capacity As Trustee For The James M. New Trust Dtd 3/19/01 |
| 66. | 10-04991 | Guiducci Family Limited Partnership, Dino Guiducci, individually and in his capacity as a General Partner of the Guiducci Family Limited Partnership, Mary Guiducci, individually and in her capacity as a General Partner of the Guiducci Family Limited Partnership, and Sandra Guiducci, individually and in her capacity as a General Partner of the Guiducci Family Limited Partnership |
| 67. | 10-04995 | Trust U/ART fourth O/W/O Israel Wilenitz, Evelyn Berezin Wilenitz, individually and as Trustee and Beneficiary of the Trust U/ART Fourth O/W/O Israel Wilenitz, and Sara Seims, as Trustee of the Trust U/ART Fourth O/W/O Israel Wilenitz |
| 68. | 10-05026 | Walter Freshman Revocable Trust A, a Florida trust, Walter Freshman Revocable Trust DTD 12/31/92, a Florida trust, Frieda Freshman Revocable Trust DTD 12/31/92, a Florida trust, Frieda Freshman, as trsutor, as trustee and as an individual, Amanda Lefkowitz And Ian Lefkowitz |
| 69. | 10-05037 | Barbara L. Savin |
| 70. | 10-05079 | Estate of James M. Goodman and Audrey M. Goodman, individually, and in her capacity as Personal representative of the Estate of James M. Goodman |
| 71. | 10-05094 | The Estate of Leonard Miller, Robert B. Miller, in his capacity as co-personal representative of the Estate of Leonard Miller, and Corinne M. Cott, in her capacity as co-personal representative of the Estate of Leonard Miller |
| 72. | 10-05104 | The Gloria Albert Sandler and Maurice Sandler Revocable Living Trust; Gloria Albert Sandler, individually as grantor and beneficiary of and in her capacity as Trustee of The Gloria Albert Sandler and Maurice Sandler Revocable Trust; and Maurice Sandler, individually as grantor and beneficiary of and in his capacity as Trustee of The Gloria Albert Sandler and Maurice Sandler Revocable Trust |
| 73. | 10-05116 | Leonard J. Oguss Trust, Jane L. Oguss, as Trustee and Individually, Ronald A. Oguss, as Trustee and Individually, and Gerald M. Oguss, as Trustee and Individually |
| 74. | 10-05124 | The Lawrence J. Ryan and Theresa R. Ryan Revocable Living Trust, the Lawrence J. Ryan By-Pass Trust Under Declaration of Trust Dated 11/20/1991, and Theresa R. Ryan, individually and in her capacities as trustee of The Lawrence J. Ryan and Theresa R. Ryan Revocable Living Trust, the Lawrence J. Ryan By-Pass Trust Under Declaration of Trust Dated 11/20/1991 |

| | Adv. Pro. No. | Defendants represented by Chaitman LLP |
|---|---|---|
| 75. | 10-05127 | Atwood Management Profit Sharing Plan & Trust f/k/a Atwood Regency Money Purchase Pension Plan, in its own right and as a successor-in-interest to the Atwood-Regency Defined Benefit Plan & Trust, and Dino Guiducci and Mary Guiducci, individually and in their capacities as Co-Trustees of the Atwood Regency Profit Sharing Plan & Trust f/k/a the Atwood Regency Money Purchase Plan & Trust, and former Co-Trustees of the Atwood Regency Defined Benefit Plan & Trust |
| 76. | 10-05128 | JABA Associates LP; Estate of James Goodman; Audrey Goodman, in her capacity as a General and Limited Partner of JABA Associates LP; and in her capacity as Personal Representative of the Estate of James Goodman; Bruce Goodman, in his capacity as a General Partner of JABA Associates LP; Andrew Goodman, in his capacity as a General Partner of JABA Associates LP; and Goodman Charitable Foundation, in its capacity as a Limited Partner of JABA Associates LP |
| 77. | 10-05130 | Barbara Kotlikoff Harman |
| 78. | 10-05133 | Fern C. Palmer; Pamela K. Marxen; Kurt B. Palmer; and Bruce N. Palmer; Estate of Boyer Palmer, in its capacity as the estate of Boyer Palmer individually and as the former general partner of B&F Palmer, L.P.; Diane Holmers, in her capacity as Personal Representative of the Estate of Boyer Palmer; and Bruce Palmer, in his capacity as Personal Representative of the Estate of Boyer Palmer |
| 79. | 10-05150 | Plafsky Family LLC Retirement Plan; Robert Plafsky, in his Capacity as Trustee for the Plafsky Family LLC Retirement Plan; Estate of Nathan Plafsky; Robert Plafsky, in his capacity as Personal Representative of the Estateof Nathan Plafsky; Estate of Edna Kaminski; and Kathryn L. Hvasta, in her capacity as Personal Representative of the Estate of Edna Kaminski |
| 80. | 10-05151 | Palmer Family Trust; Great Western Bank – Trust Department, In Its Capacity As Trustee Of The Palmer Family Trust; Ryan P. Murray; Kelly Burich; Callie A. Ostenson-Murray; Heidi Holmers; Boyer Palmer; Bret Palmer; Megan Burich; Dana Lefavor; Oscar Palmer; S.P.; And Blake Palmer |
| 81. | 10-05157 | The Harnick Brothers Partnership, Martin R. Harnick & Steven P. Norton Partners, Steven P. Norton and Martin Harnick, individually and in their capacities as general partner of The Harnick Brother Partnership and Martin R. Harnick & Steven P. Norton Partners, The Estate of Steven Harnick, The Steven I. Harnick Revocable Living Trust dated April 2, 2002, Barbara June Lange, individually and in her capacities as the personal representative of the Estate of Steven harnick and trustee of the The Steven Harnick Revocable Living Trust dated April 2, 2002, Michelle Glater, and Pamela Harnick |
| 82. | 10-05184 | Laura Ann Smith Revocable Living Trust; Laura Ann Smith in her capacity as Settlor and Trustee for the Laura Ann Smith Revocable Living Trust; and Laura Ann Smith, individually |

| | Adv. Pro. No. | Defendants represented by Chaitman LLP |
|---|---|---|
| 83. | 10-05196 | Irene Whitman 1990 Trust U/A DTD 4/13/90; James M. New, in his capacity as Trustee of the Irene Whitman 1990 Trust; and Laura New, in her capacity as executrix of the estate of Irene Whitman |
| 84. | 10-05312 | Doron Tavlin Turst U/A 2/4/91; Doron A. Tavlin, as Trustee and Beneficiary of the Doron Tavlin Trust U/A 2/4/91; and Omega Asset Management, LLC |
| 85. | 10-05377 | Richard G. Eaton |
| 86. | 10-05420 | Gunther K. Unflat, individually and as joint tenant and Margaret Unflat, individually and as joint tenant |
| 87. | 10-05435 | Keith Schaffer, Jeffrey Schaffer, and Donna Schaffer |