UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>         Plaintiff,<br>  v.<br>EDWARD A. ZRAICK, JR., individually and as joint tenant; NANCY ZRAICK, individually and as joint tenant; PATRICIA ZRAICK DELUCA, individually and as joint tenant; KAREN M. RICH, individually and as joint tenant; ESTATE OF LORRAINE ZRAICK; EDWARD A ZRAICK, JR., as personal representative of the Estate of Lorraine Zraick; and PATRICIA ZRAICK DELUCA, as personal representative of the Estate of Lorraine Zraick,<br><br>         Defendants. | Adv. Pro. No. 10-05257 (SMB) |

**TRUSTEE'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE
REBUTTAL EXPERT DISCLOSURE DEADLINE AND COMPEL DISCOVERY**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

RELEVANT BACKGROUND ................................................................................................2

ARGUMENT ..............................................................................................................................4

    I.    DEFENDANTS HAVE FAILED TO DEMONSTRATE THE DILIGENCE NECESSARY TO AMEND THE SCHEDULING ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 16 ........................4

    II.   DEFENDANTS MOTION TO COMPEL MUST BE DENIED BECAUSE THE SECOND REQUESTS FOR PRODUCTION ARE UNTIMELY .........................................................................................................7

CONCLUSION ..........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gucci America, Inc. v. Guess?, Inc.*,
   790 F. Supp. 2d 136 (S.D.N.Y. 2011) ......................................................................................7

*McKay v. Triborough Bridge and Tunnel Authority*,
   Case No. 05-civ-8936, 2007 WL 3275918 (S.D.N.Y. Nov. 5, 2007) ........................................7

*Misas v. North-Shore Long Island Jewish Health System*,
   Case No. 14-cv-8787, 2016 WL 4082718 (S.D.N.Y. July 25, 2016) ........................................4

**Statutes**

15 U.S.C. §§ 78aaa .........................................................................................................................1

**Rules**

Fed. R. Bankr. 9006(b)(1) ..............................................................................................................4

Fed. R. Civ. P. 16(b)(4) ...............................................................................................................4, 7

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa ("SIPA"), and the estate of Bernard L. Madoff, by and through his undersigned counsel, hereby submits this memorandum of law in opposition to Defendants' motion to extend the rebuttal expert disclosure deadline and compel discovery (the "Motion").

## PRELIMINARY STATEMENT

Defendants have consistently requested last-minute extensions of case management deadlines throughout the Trustee's prosecution of this case. Beginning with their initial request to join in the deposition of Bernard L. Madoff seven months into the less than nine-month fact discovery period, Defendants subsequently made two requests for extensions of the rebuttal expert disclosure deadline—both of which came on the day the disclosures were due. In both instances, Defendants' requests were accompanied by collateral requests revealing that their true motivations were to delay this case and reopen fact discovery. While the Trustee is amenable to granting extension requests when they are made in good faith, the Trustee cannot agree to any further extensions under these circumstances.

The Motion itself offers no justification for the repeated delays, apart from the length of the Bruce G. Dubinsky expert report (the "Dubinsky Report"). Yet the substantive portion of that report is 168 pages, rather than the 1135 pages emphasized by Defendants, and its length was self-evident on the day it was served. Furthermore, Defendants never requested simple extensions of the rebuttal expert disclosure deadline so they could finalize a report that was already in progress; instead, Defendants requested: (i) an indefinite extension in order to permit them to first file a motion *in limine* to strike the Trustee's expert reports; (ii) the establishment of an omnibus proceeding addressing the issues raised by the Madoff deposition with its own

1

discovery period; and (iii) additional discovery from the Trustee notwithstanding that the fact discovery period had been closed for six months. While Defendants now assert that they are entitled to more discovery based on Madoff's recent deposition testimony, Defendants certainly did not need this testimony—after eight years—in order to justify their request for "documents concerning securities trading." These records could have been requested years ago.

As such, Defendants simply have not demonstrated the requisite diligence to justify an amendment to the scheduling order or any additional discovery. The Motion should therefore be denied in its entirety.

## RELEVANT BACKGROUND

On November 10, 2010, the Court entered the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order (the "LPO"), which is applicable to this adversary proceeding. *See* Adv. Pro. No. 08-01789, ECF No. 3141; Adv. Pro. No. 10-05257, ECF No. 2. The operative case management order ("CMO"), which incorporates the LPO, was entered on December 2, 2015. (ECF No. 46).

On April 5, 2016, Defendants served Requests for Production of Documents (the "First Requests for Production"), to which the Trustee served responses and objections on May 19, 2016 (the "Responses"). *See* Motion Exhibit I. On July 11, 2016, four days after Chaitman LLP filed a motion to authorize Madoff's deposition, Defendants submitted a letter requesting to join those efforts. *See* July 11, 2016 Letter from R. Rich, ECF No. 53. On September 29, 2016, the Court entered an Order Authorizing the Deposition of Bernard L. Madoff (the "Deposition Order"), which established the governing the deposition, including areas of inquiry, participating defendants, and permissibility of any subsequent discovery. *See* Deposition Order at 7, Case No.

08-01789, ECF No. 14213.  Defendants were authorized to participate in the Madoff deposition. *Id.*

Pursuant to the CMO and the accompanying LPO, the initial deadline for the disclosure of a rebuttal expert was December 16, 2016.  (ECF No. 46).  On December 16, 2016, the date rebuttal expert disclosures were due, Defendants requested an indefinite extension of this deadline until after the Court decided Defendants' proposed motion *in limine* to strike certain portions of the Trustee's expert reports (the "December 16th Request").  (ECF No. 61).  The first Madoff deposition took place shortly thereafter, on December 20, 2016 (the "December 20th Deposition").

At the December 29, 2016 chambers conference addressing Defendants' December 16th Request, Defendants' asserted that the December 20th Deposition revealed additional facts that justified the extension—notwithstanding the fact that the deposition occurred four days <u>after</u> the original December 16, 2016 deadline.  The Court rejected Defendants' request for an indefinite extension, but based on Defendants' representation that they had already retained an expert who was reviewing the Dubinsky Report, the Court granted Defendants a limited 30-day extension to disclose their experts and produce a report.

On February 2, 2017, the date of the Court's extended deadline and 48 days after the original deadline, Defendants once again requested an extension, stating that they were still "finalizing" the retention of their expert.  (ECF No. 64).  Defendants further requested that the Court "establish a uniform schedule by which parties in all related adversary proceedings may conduct discovery and submit briefing."  *Id*.  In addition, the day before making this second extension request, Defendants served additional discovery (the "Second Requests for Production") seeking the following documents:

3

1. All documents and communications concerning securities trading by BLMIS or purported securities trading by BLMIS.

2. All documents and communications concerning BLMIS' purchase of United States Treasury Bills.

*See* Motion, Exhibit E. At the subsequent discovery conference on February 7, 2017 (the "February 7th Hearing"), the Court noted that it was "not inclined" to grant Defendants' request for an extension, but permitted Defendants to file "a motion to modify the pre-trial order." *See* Motion, Exhibit C at 38-42.

## ARGUMENT

### I. DEFENDANTS HAVE FAILED TO DEMONSTRATE THE DILIGENCE NECESSARY TO AMEND THE SCHEDULING ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 16

Under Fed. R. Civ. P. 16(b)(4),[1] a "scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The Rule 16(b)(4) 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Misas v. North-Shore Long Island Jewish Health System*, Case No. 14-cv-8787, 2016 WL 4082718, *5 (S.D.N.Y. July 25, 2016). "The burden of demonstrating good cause rests with the movant." *Id.*

Defendants' conduct over the course of this dispute suggests that they were not going to comply with the rebuttal disclosure deadline until the Court forced their hand by denying their requests. Indeed, this was apparent from the very first communication they sent to the Trustee's counsel requesting their original extension. *See* Motion Exhibit H at 4-5, Email from Robert A. Rich, dated December 14, 2016. In that communication—which came 36 hours before the

---

[1] Defendants have incorrectly framed their Motion as a request for an enlargement of time pursuant to Bankruptcy Rule 9006(b)(1). That standard is inapplicable here, as Defendants are requesting to amend the existing scheduling order governing this adversary proceeding pursuant to the CMO and the LPO.

4

original deadline—defense counsel stated that "Defendants are <u>considering</u> whether to retain a rebuttal expert," and requested an indefinite extension in order to give them time to coordinate with other defense counsel. *Id.* Defense counsel further requested that Defendants be permitted to first file motions *in limine* striking the Trustee's expert reports and to defer the rebuttal disclosure deadline until "after resolutions of those motions." *Id.* By defense counsel's own words, these requests reflected a lack of concern for the scheduling dates, much less a diligence to comply with them.[2]

The Trustee conveyed these concerns to the Court at the subsequent chambers conference, but by then, Defense counsel's reasons for the delay had changed. Now, Defendants needed extra time because Madoff's testimony from the December 20th Deposition—which took place four days after the rebuttal disclosure deadline—revealed new "facts" that impacted their expert strategy. Despite the fact that anything occurring after the original deadline cannot be a valid justification for Defendants' failure to act diligently prior to that deadline, the Court granted the Defendants an additional 30 days from the date that the Madoff transcript became available—but only after Defendants represented that they had already retained an expert who was already reviewing the Dubinsky Report. This made the new deadline February 2, 2017, 48 days after the original December 16, 2016 deadline.

At 9:28 p.m. on February 1, 2017, defense counsel requested an additional 30-day extension without providing any reasons or explanations whatsoever. *See* Motion Exhibit H. This request came just a few hours after Defendants served the Second Requests for Production—six months after the close of fact discovery—seeking basic trading records. *See* Motion, Exhibit E. In their letter to the Court the next day, Defendants also requested "a uniform

---

[2] Had defense counsel requested an extension of a few days in order to finalize a rebuttal report that was already in progress, the Trustee likely would have consented to a professional courtesy of that nature.

schedule by which all parties in all related adversary proceedings may conduct discovery and submit briefing." (ECF No. 64). With this request, Defendants' true objective became clear—to cast aside the operative CMO and effectively start the discovery process from scratch.

In addition, the Motion is founded upon explanations that lack credibility. The Court will recall that Defendants tried to justify their delays in pursuing the Madoff deposition by asserting that they needed months to review the Trustee's productions—which the Trustee voluntarily disclosed at the outset of discovery—in order to realize that they might want to depose the mastermind of the underlying fraud. *See* July 11, 2016 Letter from R. Rich, ECF No. 53. Now, Defendants make similar arguments here, misleadingly asserting that they needed time to review the "1135 page" Dubinsky Report, when the substantive report is only 168 pages.[3] But a diligent attorney could have reviewed the Dubinsky Report immediately and retained a rebuttal expert, particularly given that the dates in this case had been set for over a year and the Dubinsky Report had been served in cases involving Chaitman LLP, with whom defense counsel is closely cooperating.[4]

In any event, Defendants twice waited until the day the rebuttal disclosures were due to submit their applications. There simply is no justifiable reason to wait until the very last day to submit such requests when they knew all along that they had not even retained a rebuttal expert. Defendants only produced a rebuttal report nearly two weeks after the Court denied their in-court request for the second extension at the February 7th Hearing, and permitted them to submit the instant motion—which the Court stated it was "not inclined to grant." Motion Exhibit C,

---

[3] The balance of the Dubinsky Report consists of (i) exhibits, (ii) an extensive list of documents considered by Mr. Dubinsky in connection with the conclusions reached in his report, and (iii) his professional qualifications.

[4] Indeed, defense counsel has based his concurrent motion to compel discovery on discovery the Trustee has produced to Ms. Chaitman in connection with separate adversary proceedings. *See* Section II. *infra*.

6

February 7th Hearing Transcript, at 40. As such, the Trustee submits that Defendants have failed to make the required showing of diligence justifying an amendment to the CMO.[5]

## II. DEFENDANTS MOTION TO COMPEL MUST BE DENIED BECAUSE THE SECOND REQUESTS FOR PRODUCTION ARE UNTIMELY

It is axiomatic that discovery propounded after the fact discovery deadline is untimely. *See, e.g., McKay v. Triborough Bridge and Tunnel Authority*, Case No. 05-civ-8936, 2007 WL 3275918 (S.D.N.Y. Nov. 5, 2007). "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Gucci America, Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011). As with extensions of the rebuttal expert deadline, the touchstone of Defendants' request to serve discovery after the fact discovery period is diligence. *McKay*, 2007 WL 3275918, *2-3 (party's lack of diligence failed to justify untimely discovery).

Putting aside the Motion's procedural defects,[6] Defendants assert two substantive grounds for the newly-issued discovery. First, Defendants argue that the Trustee failed to produce these records in response to Defendants' First Requests for Production, to which the Trustee served the Responses on May 19, 2016. *See* Motion Exhibit I. Yet, as is obvious from Defendants' Motion, the First Requests for Production did not request the trading records at issue—indeed, the Motion is bereft of even a passing reference to any specific request that could

---

[5] Defendants' alternative argument that the Feingold Report is actually timely given the ongoing Madoff deposition is without merit. *See* Motion at 9-10. The Deposition Order specifically stated that fact discovery was extended "for the limited and sole purpose of taking Madoff's deposition," and otherwise, "the deadlines in the applicable case management orders remain unchanged." *See* Deposition Order at 7.

[6] Defendants have not filed a motion to amend the operative scheduling order pursuant to Fed. R. Civ. P. 16(b)(4). Instead, Defendants simply served the Second Requests for Production, which are clearly untimely as Defendants themselves conceded at the February 7th Hearing. *See* Motion Exhibit C, February 7th Hearing Transcript, at 40. Defendants then compounded their errors by filing an untimely Motion to Compel that the Court never authorized. *See id.* at 40-41 (permitting Defendants to file a motion for an extension of the discovery period).

7

possibly encapsulate these records. *See* Motion at 12. This is exactly why Defendants now seek to serve the Second Requests for Production.

Defendants attempt to cure this failure by insinuating impropriety on behalf of the Trustee with respect to his characterization of the materials in E-Data Room 1. However, contrary to Defendants' misrepresentations, the Trustee never represented that all materials relevant to BLMIS's fraud and insolvency were stored in E-Data Room 1. Rather, the Trustee stated in his Responses that:

> E-Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and financial records.

Motion Exhibit I, at 4. As the Trustee has consistently represented to all defendants, the Court, and Judge Maas, E-Data Room 1 contains over 4 million records, including the vast majority of documents considered by Mr. Dubinsky in connection with his expert report analyzing the fraud at BLMIS. The Trustee has also consistently represented—including in the Responses Defendants only partially quote—that the Trustee created a searchable electronic database containing approximately 30 million hard-copy documents and electronically stored information, to which litigants do not have access. *Id.* The notion that the Trustee has held out E-Data Room 1 as a comprehensive database of all relevant information is simply false.

Second, notwithstanding their untimeliness, Defendants argue that the Second Requests for Production are proper based on Madoff's deposition testimony. This argument is, at best, premature. The Deposition Order specifically stated that fact discovery was extended "for the limited and sole purpose of taking Madoff's deposition," and otherwise, "the deadlines in the applicable case management orders remain unchanged." *See* Deposition Order at 7. While the Deposition Order states that the parties may "move the Court for further discovery based upon Madoff's testimony," Defendants failed to obtain the required authorization from the Court

8

before proceeding with this discovery. Moreover, the Madoff deposition is still ongoing, and as contemplated by the Deposition Order, any applications for further discovery based on Madoff's testimony should be made after the deposition is completed. *Id.*

However, even if this question were properly before the Court, which it is not, Defendants' argument that this discovery is based on Madoff's deposition is meritless. Surely Defendants did not need Madoff's testimony in order to justify a discovery request for "documents concerning securities trading." Madoff stated in his 2009 criminal plea allocution that "[his] fraud began in the early 1990s," (*see* March 12, 2009 Hearing Transcript at 25, *United States of America v. Bernard L. Madoff*, Case No. 09-213), and Defendants have had in their possession for over a year (if not many years) their own BLMIS customer statements reflecting purported securities trading. The Deposition Order's provision permitting potential follow-up discovery "based upon Madoff's testimony" should be construed as only permitting discovery that could not have been pursued without his testimony. The basic trading information Defendants seek here clearly does not meet that standard.[7]

Lastly, the Trustee notes that the Second Requests for Production were not the product of Defendants' own investigation. Instead, Defendants became aware of discovery the Trustee has produced in connection with separate adversary proceedings involving Ms. Chaitman. This is emblematic of Defendants' conduct over the course of this case—including their request to join in the Madoff deposition four days after Ms. Chaitman filed her July 7, 2016 motion to authorize the deposition. *See* July 11, 2016 Letter from R. Rich, ECF No. 53. While the Court found that request sufficiently timely, the Court has nevertheless noted several times—including most

---

[7] Moreover, even if Defendants can prove that the fraud began in 1992, their liability for the two-year fictitious profits would be unaffected. *See* Declaration of Matthew B. Greenblatt, dated August 19, 2016 (the "Greenblatt Declaration"), Case No. 08-01789, ECF No. 14213.

9

recently at the February 7th Hearing—that parties seeking to depose Madoff could not use that deposition to extend fact discovery for any purpose other than the deposition itself.  *See* Motion Exhibit C, February 7th Hearing Transcript at 41.  And because fact discovery is otherwise closed, the Second Requests for Production are untimely.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court deny Defendants' Motion in its entirety.

Dated:  March 22, 2017  
        New York, NY

BAKER & HOSTETLER LLP

By: /s/__*Keith R. Murphy*_____  
David J. Sheehan, Esq.  
Email:  dsheehan@bakerlaw.com  
Keith R. Murphy, Esq.  
Email: kmurphy@bakerlaw.com  
Maximillian S. Shifrin, Esq.  
Email: mshifrin@bakerlaw.com  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*