**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the substantively consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the*
*Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | NO. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01161 (SMB) |
| Plaintiff, | |
| v. | |
| FEDERICO CERETTI, *et. al.*, | |
| Defendants. | |

### FIRST AMENDMENT TO CASE MANAGEMENT REPORT

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, and Defendants Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (the "Funds," and collectively with the Trustee, the "Parties," and each individually, a "Party") hereby submit the following First Amendment to Case Management Report in accordance with Fed. R. Civ. P. 26, applicable under Fed. R. Bankr. P. 7026, as follows:

1.      Case Management Plan.  On October 27, 2015, the Parties filed their initial Case Management Report [ECF No. 227], which set forth the Parties' discovery plan.

2.      Initial Disclosures.  The Trustee served the Funds with Initial Disclosures on October 7, 2015, and the Funds' served Initial Disclosures upon the Trustee on October 14, 2015.

3.      Productions.  Beginning on December 15, 2015, the Funds have produced 522,195 documents to the Trustee.  As of November 24, 2015 the Funds have had access to the Trustee's E-Data Rooms containing millions of documents, including non-confidential documents produced to the Trustee by Third Parties, and the Trustee has separately produced approximately 534,465 documents to the Funds.  The Funds have raised issues concerning the Parties' respective access and use of documents in the Third-Party Data Rooms pursuant to the Order Establishing Procedures for Third-Party Data

Rooms entered September 17, 2013, and the Order Modifying the June 6, 2011 Litigation Protective Order entered on September 17, 2013.  The Parties have conferred, and will continue to confer, in good faith concerning such issues with the intent to resolve them prior to deposition discovery in this proceeding.  The Parties acknowledge they each reserve all rights to seek adjudication of any unresolved issues before the Court or, if the Parties so agree, the discovery arbitrator.  The Parties will reasonably adjourn a deposition that involes showing a witness a document from the Third Party Data Rooms to enable resolution of any such issues by the discovery arbitrator or the Court, as applicable.

        4.       Motion to Compel Production of Documents.  On April 15, 2016, the Trustee filed his motion to compel the Funds to produce certain documents produced to the Funds in litigation they commenced in Bermuda against common defendants ("Bermuda Productions") named by the Trustee in the proceeding before this Court, and to compel the non-Fund defendants to participate in discovery [ECF Nos. 252-255].  The Funds and all other defendants in this proceeding [ECF Nos. 258-265] have opposed the motion.[1]  The Court heard oral argument on the motion on June 9, 2016.  As of this date, that motion is still pending.  The Funds informed the Trustee the Bermuda Productions include approximately 94,000 unique documents not already produced by the Funds to the Trustee.

---

[1] Final judgment dismissing the Trustee's claims against the non-Fund defendants was entered by the Court on March 9, 2017, pursuant to the Stipulated Final Order Granting Motion to Dismiss the Ninth Count of the Fourth Amended Complaint, from which the Trustee is seeking direct appeal to the U.S. Court of Appeals for the Second Circuit.

5. The parties agree that additional fact and expert discovery will be needed, requiring that certain dates fixed by the initial Case Management Report be extended.

**Discovery Plan**. The discovery plan set forth in the initial Case Management Report is amended as follows:

    a. Document Requests: Requests for documents may be served as required until July 10, 2017.

        (1) The Trustee served the Defendants with requests for the production of documents on October 7, 2015.

        (2) The Defendants served the Trustee with requests for the production of documents on November 6, 2015.

    b. Interrogatories:

        (1) In accordance with Local Bankr. R. 7033-1(a), the Parties may serve interrogatories from February 1, 2016, up to and including July 1, 2016.

        (2) In accordance with Local Bankr. R. 7033-1(b), the Parties may serve interrogatories from March 15, 2016, up to and including September 29, 2017, provided they are (i) a more practical method of obtaining the information sought than a request for production or a deposition, or (ii) ordered by the Court, as required by Local Bankr. R. 7033-1(b).

            (a) The Defendants served the Trustee with interrogatories on May 26, 2016.

            (b) The Trustee served the Defendants with interrogatories on June 30, 2016.

        (3) In accordance with Local Bankr. R. 7033-1(c), the Parties may serve contention-based interrogatories from April 4, 2016, up to and including September 29, 2017.

    c. Requests for Admission: The Parties may serve Requests for Admission on or before December 29, 2017.

d. Fact Discovery Cut-Off: All fact discovery, other than requests for admissions and responses thereto, must be completed on or before November 30, 2017, though the parties may agree to further reasonable extensions of time necessary to complete timely filed requests for discovery, including but not limited to international discovery.

e. Limitations: Limitations on written discovery will be governed by the Fed. R. Civ. P. and the Court's Local Rules, subject to amendment by agreement of the Parties, or application for good cause to, and order of, the Court.

f. Experts: Every Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before February 28, 2018. Every Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before May 31, 2018. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Rules, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except upon prior express permission of the Court, upon application made no later than 10 days after May 31, 2018. All experts may be deposed, but such depositions must occur on or before July 31,

        2018. The deadline for expert depositions will not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed by August 31, 2018.

  g.  Depositions: All depositions (excluding expert depositions) must be completed by the Discovery Cut-Off date in paragraph 5(d) above. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided under the Fed. R. Civ. P., although the Parties acknowledge that there may be certain depositions that cannot be concluded within the time limit. The Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour limit as appropriate, and failing agreement any Party may apply to the Court for an extension of that time limit. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures and that the number of depositions may exceed ten (10).

  h.  Document Production Protocol: The Parties intend to enter into a protocol for the production of electronically stored information (ESI). The Parties may produce discovery, including initial disclosures, on a CD-ROM, or other similar electronic format.

> Information and documents produced or made available electronically shall be in the form in which the producing Party possesses such documents, and shall where available:
>
> (1) be text searchable;
>
> (2) provide data and image load files necessary to review documents on search platforms (i.e., Summation, Concordance, Relativity) upon request of a Party;
>
> (3) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;
>
> (4) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Trustee; and
>
> (5) provide additional formats of production, metadata, or native documents if requested by a Party.

The Parties shall meet and confer first in a good-faith attempt to resolve any dispute, or thereafter comply with Local Bankr. R. 7007-1 to resolve the dispute.

6. Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action. The Parties do not presently believe any modifications are appropriate or necessary, and will contact the Court if this should change.

7. Prospects for Settlement, including whether a Settlement Conference should be Scheduled. The Parties believe that it would be premature to schedule a settlement conference at this time.

8. Summary Judgment Briefing. Any party desiring to make a motion for summary judgment must comply with Local Bankr. R. 7056-1(a) by November 30, 2018.

9. Any other Matter that may add to the Just and Expeditious Disposition of this Matter. The Parties are not presently aware of any other matter that would add to the just and expeditious disposition of this proceeding.

10. Trial. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial conference and trial date. Defendants have demanded a jury trial for all issues so triable.

11. Parties and Counsel. The following Parties join in this Amendment to the Case Management Report, through their counsel.

*[signatures on next page]*

Dated: March 23, 2017
      New York, New York

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BAKER & HOSTETLER LLP |
|---|---|
| BY:   /s/ Robert S. Loigman<br>Susheel Kirpalani<br>susheelkirpalani@quinnemanuel.com<br>Robert S. Loigman<br>robertloigman@quinnemanuel.com<br>Rex Lee<br>rexlee@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010-1601<br>(212) 849-7000 | BY:   /s/ David J. Sheehan<br>David J. Sheehan<br>dsheehan@bakerlaw.com<br>Geraldine E. Ponto<br>gponto@bakerlaw.com<br>Michelle R. Usitalo<br>musitalo@bakerlaw.com<br>45 Rockefeller Plaza<br>New York, NY 10111<br>(212) 589-4200 |
| *Attorneys for Joint Liquidators of Kingate Global, Ltd. and Kingate Euro, Ltd.* | *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* |

So Ordered this 23rd  day of March, 2017.

                                /s/ STUART M. BERNSTEIN
                                HONORABLE STUART M. BERNSTEIN
                                UNITED STATES BANKRUPTCY JUDGE