**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Nicholas J. Cremona  
Jorian L. Rose  
Amy E. Vanderwal  
Stephanie A. Ackerman  

Hearing Date: March 29, 2017  
Hearing Time: 10:00 AM (EST)

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN JUDY L. KAUFMAN ET AL. TENANCY IN COMMON AND KEITH SCHAFFER, JEFFREY SCHAFFER, <u>CARLA R. HIRSCHHORN TENANCY IN COMMON</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 3

CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adler, Coleman Clearing Corp.*,
   204 B.R. 99 (Bankr. S.D.N.Y. 1997) .................................................................................. 4, 5

*Kruse v. Sec. Inv'r Prot. Corp.*,
   708 F.3d 422 (2d Cir. 2013) ......................................................................................... 2, 5, 8

*Melton v. Picard (In re Bernard L. Madoff Sec., LLC)*,
   15 Civ. 1151 (PAE), 2016 WL 183492*1 (S.D.N.Y. Jan. 14, 2016) ........................................ 8

*Sec. Inv'r Prot. Corp. v. Morgan, Kennedy & Co.*,
   533 F.2d 1314 (2d Cir. 1976) .............................................................................. *passim*

**Statutes**

11 U.S.C. § 548(a) ........................................................................................................................ 7

15 U.S.C. § 78aaa *et seq.* ............................................................................................................ 1

15 U.S.C. § 78fff-2(b) .................................................................................................................. 7

15 U.S.C. § 78fff-2(c)(3) .............................................................................................................. 7

15 U.S.C. § 78*lll*(2) .................................................................................................................. 4, 7

**Other Authorities**

17 C.F.R. § 300.105 ............................................................................................................ *passim*

17 C.F.R. § 300.105(a) ................................................................................................................ 4

17 C.F.R. § 300.105(b) ................................................................................................................ 4

17 C.F.R. § 300.105(d) ................................................................................................................ 4

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),[1] and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this Reply Memorandum of Law (the "Reply") In Support of his Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Judy L. Kaufman *et al.* Tenancy In Common and Keith Schaffer, Jeffrey Schaffer, Carla R. Hirschhorn Tenancy In Common (the "Motion"), ECF No.14844,[2] and in response to the identical objections filed by Daniel C. Epstein, attached hereto as Exhibit A,[3] and Rebecca and Robert Epstein on behalf of the Robert & Rebecca Epstein Living Trust (the "Epstein Living Trust," together with Daniel C. Epstein, the "Epstein Objecting Claimants"), ECF No. 15330, arguing that the Epstein Objecting Claimants are customers of BLMIS (the "Objections"). This Reply is based upon the law set forth below as well as the facts set forth in the Declarations of Stephanie Ackerman ("Ackerman Declaration") and Vineet Sehgal ("Sehgal Declaration") filed in support of the Motion.

## PRELIMINARY STATEMENT

The Epstein Objecting Claimants did not have an account in their name at BLMIS. Instead the Epstein Living Trust and Daniel C. Epstein contributed as two of several tenants in

---

[1] For convenience, subsequent references to sections of the Securities Investor Protection Act shall be denoted simply as "SIPA § __."

[2] The Trustee's Motion as filed on January 13, 2017 was titled "Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying Claims of Claimants Holding Interests in Judy L. Kaufman *et al.* Tenancy In Common, Richard B. Felder and Deborah Felder Tenancy In Common, and Keith Schaffer, Jeffrey Schaffer, Carla R. Hirschhorn Tenancy In Common. On February 21, 2017, pursuant to the Trustee's Notice of Adjournment, the Trustee and the Objecting Claimants claiming interest in the Richard B. Felder and Deborah Felder Tenancy In Common agreed to an extended briefing schedule of the Felder Objecting Claimants' objection with a hearing scheduled before this Court on April 26, 2017. ECF No. 15058.

[3] Daniel C. Epstein's objection was received by counsel for the Trustee on March 23, 2017 via first class mail and does not appear on the court's docket. As such, it is attached hereto as Exhibit A for the Court's convenience.

1

common to BLMIS account number 1CM100 (the "Kaufman Tenancy In Common Account") held in the name of Judy L. Kaufman *et al.* Tenancy In Common (the "Kaufman Tenancy In Common"). Pursuant to SIPC's Series 100 Rules, *Kruse v. Sec. Inv'r Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 708 F.3d 422 (2d Cir. 2013), *Sec. Inv'r Prot. Corp. v. Morgan, Kennedy & Co.*, 533 F.2d 1314 (2d Cir. 1976) ("*Morgan Kennedy*"), their progeny, and consistent with the numerous prior decisions of this Court,[4] the Epstein Objecting Claimants are not entitled to separate customer status under SIPA based upon their interests as tenants in common.

Under SIPC Rule 105, an account held by a tenancy in common will be treated as a single customer held by some or all of the cotenants, depending on their rights to act on behalf of the account. Here, the Kaufman Tenancy In Common Account would be treated as a single customer because it is a qualifying joint account as to three of the co-tenants—Judy L. Kaufman, Lisa D. Kava and Neal S. Kaufman—each of whom were authorized to act on behalf of the account as a whole. The Epstein Objecting Claimants, although co-tenants of the Kaufman Tenancy In Common, were without the authority to act on behalf of the account. Thus, under

---

[4] *See* Order Approving Trustee's Motion To Affirm His Determinations Denying Claims of Claimants Holding Interests In: S&P or P&S Associates, General Partnerships, ECF No. 9450 (Mar. 10, 2015); Peerstate Equity Fund, L.P., ECF No. 9883 (Apr. 27, 2015); The Lazarus-Schy Family Partnership, The Schy Family Partnership, Or The Lazarus Investment Group, ECF No. 10010 (May 18, 2015); Epic Ventures, LLC, ECF No. 10267 (June 25, 2015); Partners Investment Co., Northeast Investment Club, And Martin R. Harnick & Steven P. Norton, Partners, ECF No. 10894 (July 29, 2015); The Whitman Partnership, The Lucky Company, The Petito Investment Group, And The Harwood Family Partnership, ECF No. 11145 (Aug. 26, 2015); 1973 Masters Vacation Fund, Bull Market Fund, And Strattham Partners, ECF No. 11920 (Oct. 29, 2015); Black River Associates LP, MOT Family Investors, LP, Rothschild Family Partnership, and Ostrin Family Partnership, ECF No. 12757 (Mar. 3, 2016); The Article Third Trust, Palmer Family Trust, Maggie Faustin, Estate of Theodore Schwartz, and Miller Trust Partnership, ECF No. 13172 (Apr. 26, 2016); William M. Pressman, Inc., William Pressman, Inc. Rollover Account, and AGL Life Assurance Company, ECF No. 13466 (June 7, 2016); Palko Associates, Gloria Jaffe Investment Partnership, and the Miller Partnership, ECF No. 13780 (July 22, 2016); Chalek Associates LLC, Chaitman/Schwebel LLC, FGLS Equity LLC, Larsco Investments LLC, and Kuntzman Family LLC, ECF No. 14225 (Oct. 4, 2016); AHT Partners, Pergament Equities, LLC, SMT Investors LLC, Greene/Lederman, L.L.C., And Turbo Investors, LLC, ECF No. 14346 (Oct. 27, 2016); M&H Investment Group L.P., PJFN Investors Limited Partnership, Kenn Jordan Associates and Harmony Partners, Ltd., ECF No. 14537 (Dec. 1, 2016); and Sienna Partnership, L.P., Katz Group Limited Partnership, and Fairfield Pagma Associates, L.P., ECF No. 14774 (Dec. 22, 2016).

2

SIPC Rule 105, the Kaufman Tenancy In Common is the customer under SIPA, not the Epstein Objecting Claimants. Furthermore, the Epstein Objecting Claimants also fail to qualify for customer status under the governing Second Circuit case, *Morgan Kennedy*.

Although the Epstein Objecting Claimants contributed to the Kaufman Tenancy In Common Account through checks made payable to BLMIS, those checks (i) were mailed to Judy and Stephen Kaufman who then forwarded them to BLMIS; and (ii) clearly indicate that they were intended to be credited to the Kaufman Tenancy In Common Account, a fact the Epstein Objecting Claimants do not deny. Likewise, the Epstein Objecting Claimants' responses to the Trustee's requests for discovery show that they do not satisfy any of the remaining *Morgan Kennedy* indicia of customer status. While the Epstein Objecting Claimants may have claims against their cotenants, such claims do not give rise to customer status within the meaning of SIPA.

## ARGUMENT

The Epstein Objecting Claimants' Objections and claims to customer status are based primarily on the fact that they contributed to the Kaufman Tenancy In Common through checks made payable to BLMIS. As a result, the Epstein Objecting Claimants mistakenly conclude that they have "provided clear evidence" of their investment in BLMIS. Objections at 1. This singular fact, however, does not afford them customer status because: (i) the Kaufman Tenancy In Common, as a "qualifying joint account" under SIPC Rule 105, is the BLMIS customer, not the Epstein Objecting Claimants; and, (ii) the Epstein Objecting Claimants' admissions and discovery responses reveal that they did not have relationships with BLMIS that could give rise to customer status separate from the requirements of SIPC Rule 105.

In *Morgan Kennedy*, the Second Circuit relied upon SIPC Rule 105 when considering the customer status of a joint account in the context of profit-sharing trustees. "Rule 105 . . .

3

provides that where co-owners of a qualifying joint account also hold other accounts in different capacities, the joint account will be treated as belonging to a 'separate customer'; . . . and the co-owners will be required to divide the single award in proportion to their ownership interests in the account." 533 F.2d at 1320. Specifically, an account held by a tenancy in common will be treated as held by a *single customer* under SIPC Rule 105. 17 C.F.R. §§ 300.105(a), (b).[5] The court further clarified that "under SIPA, separate coverage for accounts held in different capacities is not to be confused with individual coverage for each individual owning some portion of, or interest in, the particular account." *Id.* Relying on *Morgan Kennedy* and the SIPC Rules, the court held that "[j]oint account holders constitute a single 'customer' under SIPA" and the "joint account holders *share any payments on the account of a valid customer claim in proportion to their ownership interests in the account*." *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 106 (Bankr. S.D.N.Y. 1997) (emphasis added).

The Kaufman Tenancy In Common Account is a qualifying joint account under SIPC Rule 105(d) because Judy L. Kaufman, Lisa D. Kava and Neal S. Kaufman had authority to act on behalf of the entire account, while certain other tenants in common, such as the Epstein Objecting Claimants, did not have any such authority. Sehgal Decl. Ex. 4, AMF00243763, AMF00243767. As a qualifying joint account, the Kaufman Tenancy In Common is a "separate customer" of BLMIS pursuant to SIPC Rule 105(b) and SIPA 78*lll*(2). *Adler*, 204 B.R. at 105. Thus, while "the joint account holders [for the Kaufman Tenancy In Common Account] constitute a single 'customer' under SIPA [78lll(2)]," *id.* at 105-6, the Epstein Objecting

---

[5] An account held by a tenancy in common will be considered a qualifying joint account under SIPC Rule 105(a) if all cotenants "possess[] authority to act" on behalf of the entire account, or under SIPC Rule 105(d) if only certain cotenants, or a single cotenant, possess such authority. 17 C.F.R. §§ 300.105(a),(d). If any cotenant of the tenancy in common lacks the authority to act on behalf of the entire account, the result is that the tenancy in common will be considered either an individual account or a "qualifying joint account of the co-owner or co-owners" who do "have[] the exclusive power to act." 17 C.F.R. § 300.105(d).

4

Claimants are only tenants in common, not individual separate customers under SIPA and the SIPC Rules. *See id.*; *Morgan Kennedy*, 533 F.2d at 1320.

Likewise, the Epstein Objecting Claimants do not meet the requirements for separate customer status as outlined in *Morgan Kennedy*, 533 F.2d at 1318, and reaffirmed in *Kruse*, 708 F.3d at 427. In *Morgan Kennedy*, the Second Circuit rejected the argument that the beneficial owners of the account holder were the "customers" under SIPA, citing the facts that: (1) title to the trust assets was held by the account holder, not the beneficiaries; (2) the securities account with the debtor was in the name of the account holder, not the beneficiaries; (3) the account holder had the exclusive power to entrust the assets to the debtor; (4) the beneficiaries were unknown to the broker; and (5) the beneficiaries had no legal capacity in which they could deal with the debtor. 533 F.2d at 1318.

The Epstein Living Trust provided documentation in the form of four cancelled checks for four deposits into the Kaufman Tenancy In Common Account between December 2003 and January 2007, all made payable to BLMIS. *See* Ackerman Decl. Ex. 5, MCMDP_00006631, 33, 35, 37.[6] Likewise, Daniel C. Epstein produced one cancelled check made payable to BLMIS for a single deposit in July 2008. *See* Ackerman Decl. Ex. 8, MCMDP_00010529. It is clear from the face of these checks that they were for deposit into the Kaufman Tenancy In Common Account because the memorandum line has a reference to "1CM100," the Kaufman Tenancy In Common BLMIS account number. *Id.* In addition, the checks were not submitted directly to BLMIS by the Epstein Objecting Claimants but were, instead, sent to Judy and Stephen Kaufman who then forwarded them to BLMIS for investment in the Kaufman Tenancy In Common

---

[6] The checks are made payable to "Bernard L. Madoff Investment Company" (MCMDP_00006631), "Madoff Investments" (MCMDP_00006633), "Bernard L. Madoff Investment Securities" (MCMDP_00006635, 7).

5

Account, confirming that the Epstein Objecting Claimants' relationship was with the Kaufmans and not BLMIS.  Ackerman Decl. Ex. 5, MCMDR_00000339, Ex. 6, MCMDR_00000416; *see also* Sehgal Decl. Ex. 5, MWPTAP00536241-2, 247, 250 (examples of "1099-DIV" forms for interest earned identifying the Payer as "Judy L. Kaufman" and the Payee as "Robert & Rebecca Epstein, Robert and Rebecca Epstein Living Trust").

Consideration of the remaining factors relied upon in *Morgan Kennedy* and by courts in these proceedings to determine customer status demonstrates that the Epstein Objecting Claimants are not customers as that term is defined by SIPA.  The Epstein Objecting Claimants provided discovery responses to the Trustee indicating that they were not customers of BLMIS.  Specifically, they admitted that the Epstein Living Trust (i) did not have a BLMIS account in their name; (ii) they never received correspondence, investment statements or tax statements in their names from BLMIS; (iii) never deposited securities or made a payment of cash directly to BLMIS for deposit into an account in their names; (iv) never withdrew funds directly from BLMIS;[7] (v) never entered into any contracts in their names with BLMIS; and (vi) neither had any control, investment discretion, or decision-making power over any investment assets at BLMIS.  *See* Ackerman Decl. Ex. 5, MCMDR_00000336-8 at ¶¶1-6, 8-12; Ackerman Decl. Ex. 6, MCMDR_00000413-5 at ¶¶1-6, 8-12.  Thus, discovery reveals that the Epstein Objecting Claimants had no direct financial relationship with BLMIS and had no control over or direct dealings with BLMIS with respect to the Kaufman Tenancy In Common Account.

In the Objections, the Epstein Objecting Claimants argue, for the first time in this proceeding, to have submitted a "written request" to BLMIS in 2003 seeking a statement of account in their names, but assert that BLMIS "ignored" the request and continued to issue

---

[7] This is also supported by the Epstein Objecting Claimants' admission that "no funds [were] received."  Ackerman Decl. Ex. 5, MCMDR_00000337; Ex. 6, MCMDR_00000414.

6

statements in which the "principal's accounts were aggregated." Objection at 1. The Epstein Objecting Claimants have provided no such letter as part of their customer claims, objections to the Trustee's determination of their claims, or in discovery.[8] In fact, the Epstein Objecting Claimants' responses to the Trustee's discovery requests are in direct contradiction to this assertion. As discussed above, the Epstein Objecting Claimants admitted that they had no contact with BLMIS and that all conversations regarding their contribution to the Kaufman Tenancy In Common Account were with Judy or Stephen Kaufman only. *See* Ackerman Decl. Ex. 5, MCMDR_00000339 at ¶ 2; Ackerman Decl. Ex. 6, MCMDR_00000416 at ¶ 2. Similarly, a review of the BLMIS books and records related to the Kaufman Tenancy In Common Account has yielded no correspondence from the Epstein Objecting Claimants or the Kaufmans seeking statements in the individual cotenants' names.[9] *See generally* Sehgal Decl. Ex. 4.

In further support of their claim to customer status, the Epstein Objecting Claimants argue that the Trustee is obligated to apply the same standard to its determination of the Epstein Objecting Claimants' customer status under SIPA §§ 78fff-2(b) and 78*lll*(2) as was applied to identify them as defendants in the Trustee's adversary proceeding pursuant to SIPA § 78fff-2(c)(3) and 11 U.S.C. § 548(a).[10] There is no legal basis for such an argument because, although SIPA §§ 78fff-2(b), (c)(3) and 11 U.S.C. § 548(a) are related in that they both seek the return of

---

[8] The Epstein Objecting Claimants also reference a letter of October 31, 2016 in the Objections, which is attached only to Daniel C. Epstein's objection. Ex. A at 2. This letter was addressed to the Madoff Victim Fund and raises arguments that are substantively identical to those set forth in the Epstein Objecting Claimants' objections.

[9] The books and records of BLMIS contain only one letter from 2003 relating to the Kaufman Tenancy In Common Account. That letter merely added additional tenants in common to the existing Kaufman Tenancy In Common Account. Sehgal Decl. Ex. 4, AMF00243767. The letter, which was sent to BLMIS by Judy L. Kaufman, did not request a change to the account owner; it remained the Judy L. Kaufman Tenancy In Common. *Id.*

[10] In *Picard v. Freda Epstein et al*, Adv. No. 10-04527 (SMB), the Trustee had sought to recover fraudulent transfers from the Epstein Living Trust and Daniel C. Epstein as initial transferees. Rebecca and Robert Epstein were named as subsequent transferees. On July 22, 2015, the Epstein Living Trust, Daniel C. Epstein, Robert Epstein, and Rebecca Epstein were dismissed from the adversary proceeding based on their representations to the Trustee that they "received no transfers from the BLMIS Account [1CM100]." ECF No. 47.

7

customer property to customers, they operate differently and serve separate and distinct purposes. *See Melton v. Picard (In re Bernard L. Madoff Sec., LLC)*, 15 Civ. 1151 (PAE), 2016 WL 183492*1, *12 (S.D.N.Y. Jan. 14, 2016)( "Although net equity calculations and avoidance actions are related at a general level—in the context of an insolvent broker-dealer, each aims to facilitate the return of customer property to customers—they are governed by separate statutes situated within different titles of the United States Code, and they operate in distinct ways."). Thus, the Epstein Objecting Claimants' argument fails.

Accordingly, the Epstein Objecting Claimants' arguments do not overcome the standard set forth in SIPC Rule 105, *Morgan Kennedy*, *Kruse*, and their progeny.  The fact that certain checks were made payable to BLMIS for convenience does not alter the fact that BLMIS account 1CM100 was held in the name of the Kaufman Tenancy In Common and as such, the Kaufman Tenancy In Common is the single customer of BLMIS.  Courts have repeatedly held that customer status under SIPA must be narrowly interpreted.  *See In re Bernard L. Madoff Inv. Sec. LLC*, 708 F.3d 422, 426 (2d Cir. 2013).  The Epstein Objecting Claimants have failed to meet the burden to establish they are entitled to customer status and the Motion should be granted.

8

## **CONCLUSION**

For all of the foregoing reasons, the Trustee respectfully requests that the Court affirm the Trustee's determinations denying the Objecting Claimants' five claims, overrule the Objecting Claimants' four objections, disallow their claims, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      March 24, 2017

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Stephanie A. Ackerman
Email: sackerman@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*