# BakerHostetler

Baker&Hostetler LLP

11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA  90025-0509

T 310.820.8800
F 310.820.8859
www.bakerlaw.com

Michael R. Matthias
direct dial: 310.442.8802
mmatthias@bakerlaw.com

March 24, 2017

**VIA ECF AND E-MAIL
(BERNSTEIN.CHAMBERS@NYSB.USCOURTS.GOV)**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

*Re:*    *Irving H. Picard v. Ruth Kahn*, Adv. Pro. No. 10-04954 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write to request a conference with the Court, pursuant to Local Bankruptcy Rule 7007-1(b), with respect to a discovery dispute in the above-referenced adversary proceeding. The Trustee requests permission to move for an order compelling Defendant to respond to the Trustee's discovery requests.

On May 9, 2016, the Trustee served upon the Defendant, by electronic mail and first class mail, requests for admission, interrogatories, and requests for production of documents (collectively, the "Discovery Requests"). Copies of the Discovery Requests are attached hereto as Exhibit A.  Defendant's responses were due no later than June 13, 2016. At the request of the Defendant, we agreed to extend the response date to June 30, 2016.

On or about June 20, 2016, Defendant then submitted a hardship application, and discovery was put on hold pending determination of that application. On October 10, 2016, I informed Defendant's counsel that the hardship application was denied and demanded that the outstanding discovery responses be served by November 14, 2016.  By February 10, 2017, Defendant still failed to submit the responses and Defendant's counsel was informed that

March 24, 2017
Page 2

pursuant to FRCP 36(a)(3)[1] the Trustee's requests for admission were deemed admitted, and that the Trustee would provide Defendant until February 28, 2017 to respond to the balance of the Discovery Requests.  Despite the extension of time to respond, Defendant still failed to serve any responses to the Trustee's document requests or interrogatories.

Finally, on March 2, 2017, I sent an email to Defendant's counsel stating that I am forced to proceed with a discovery motion because we had not received a response to any prior correspondences. I also asked if Defendant would agree to proceed before the Discovery Arbitrator.  Again, Defendant failed to respond to this email. Copies of the Trustee's correspondences are attached hereto as Exhibit B.

I have attempted to confer with Defendant's counsel in a good faith effort to resolve, by agreement, this matter without the intervention of the Court, as required by this Court's Local Rules, your Honor's Chambers' Rules, and the parties' case management plan. However, I have been unable to obtain a substantive response from Defendant's counsel, let alone an agreement for a resolution of the issues.

Based on the foregoing, and pursuant to Local Bankruptcy Rule 7007-1(b), the Trustee respectfully requests that this Court issue (1) an order deeming the requests for admission admitted under FRCP  36(a)(3); (2) an order compelling Defendant to serve discovery responses to Trustee's document requests and interrogatories; and (3) a conference with the Court to resolve this matter. Such a conference will assist the Trustee in completing the discovery to which he is entitled to in these proceedings, and will hopefully obviate the need for discovery-related motion practice.

Sincerely,


/s/ Michael R. Matthias
Michael R. Matthias
Partner


Enclosures

cc:    Barry R. Lax, Esq.
       Brian J. Neville, Esq.
       Robert R. Miller, Esq.
       F. Lucas Paule, Esq.

---

[1] FRCP 36(a)(3): "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

# Exhibit A

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Michael R. Matthias
Email: mmatthias@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04954 (SMB) |
| Plaintiff, | |
| v. | |
| RUTH KAHN, | |
| Defendant. | |

300378462.6

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT RUTH KAHN

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that defendant Ruth Kahn respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Michael R. Matthias, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509 within thirty three (33) days of service, on June 13, 2016.

### DEFINITIONS

1.    All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2.    "Account" means BLMIS Account No. 1K0004, as set forth in Exhibit A to the Complaint.

3.    "Applicable Period" means the period beginning February 8, 1983 through the present.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

2

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.      "Complaint" means the complaint filed by the Trustee in this adversary proceeding.

6.      "Defendant" means Ruth Kahn.

7.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendant or to any Person or entity acting on behalf of Defendant between December 11, 2006 and December 11, 2008.

8.      "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Defendant to another Person or entity.

9.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10.     "You" or "Your" means Ruth Kahn, and/or anyone acting on behalf of or for the benefit of Ruth Kahn, including any predecessor-in-interest.

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests.

3

## REQUESTS FOR ADMISSION

1.     Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

2.     Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

3.     Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

4.     Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

5.     Admit that the withdrawals listed in Column 5 of Exhibit B to the Complaint were Transfers made by BLMIS to or for the benefit of Defendant.

6.     Admit that Defendant received the withdrawals listed in Column 5 of Exhibit B to the Complaint.

7.     Admit that the withdrawals listed in Column 5 of Exhibit B to the Complaint were Transfers of an interest of BLMIS in property.

8.     Admit that, over the life of the Account, $8,686,800 was withdrawn from the Account.

9.     Admit that You received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

10.     Admit that, of the $8,686,800 that was withdrawn from the Account, $4,703,500 consisted of principal.

11.     Admit that, of the $8,686,800 that was withdrawn from the Account, $3,983,300 was in excess of principal.

12.    Admit that, $3,983,300 more was withdrawn from the Account than was deposited into the Account.

13.    Admit that, between December 11, 2006 and December 11, 2008, $2,198,300 in excess of principal was withdrawn from the Account.

14.    Admit that, between December 11, 2006 and December 11, 2008, You received the $2,198,300 in excess of principal that was withdrawn from the Account.

15.    Admit that the withdrawal made on or about December 18, 2006 in the amount of $18,000 was a Transfer to or for the benefit of Defendant.

16.    Admit that the withdrawal made on or about December 18, 2006 in the amount of $18,000 was received by Defendant.

17.    Admit that the withdrawal made on or about January 2, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

18.    Admit that the withdrawal made on or about January 2, 2007 in the amount of $12,200 was received by Defendant.

19.    Admit that the withdrawal made on or about February 7, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

20.    Admit that the withdrawal made on or about February 7, 2007 in the amount of $12,200 was received by Defendant.

21.    Admit that the withdrawal made on or about March 1, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

22.    Admit that the withdrawal made on or about March 1, 2007 in the amount of $12,200 was received by Defendant.

23.    Admit that the withdrawal made on or about April 2, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

24.    Admit that the withdrawal made on or about April 2, 2007 in the amount of $12,200 was received by Defendant.

25.    Admit that the withdrawal made on or about April 10, 2007 in the amount of $120,000 was a Transfer to or for the benefit of Defendant.

26.    Admit that the withdrawal made on or about April 10, 2007 in the amount of $120,000 was received by Defendant.

27.    Admit that the withdrawal made on or about May 1, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

28.    Admit that the withdrawal made on or about May 1, 2007 in the amount of $12,200 was received by Defendant.

29.    Admit that the withdrawal made on or about June 1, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

30.    Admit that the withdrawal made on or about June 1, 2007 in the amount of $12,200 was received by Defendant.

31.    Admit that the withdrawal made on or about June 21, 2007 in the amount of $244,000 was a Transfer to or for the benefit of Defendant.

32.    Admit that the withdrawal made on or about June 21, 2007 in the amount of $244,000 was received by Defendant.

33.    Admit that the withdrawal made on or about July 2, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

34.    Admit that the withdrawal made on or about July 2, 2007 in the amount of $12,200 was received by Defendant.

35.    Admit that the withdrawal made on or about August 1, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

36.    Admit that the withdrawal made on or about August 1, 2007 in the amount of $12,200 was received by Defendant.

37.    Admit that the withdrawal made on or about August 3, 2007 in the amount of $517, 500 was a Transfer to or for the benefit of Defendant.

38.    Admit that the withdrawal made on or about August 3, 2007 in the amount of $517,500 was received by Defendant.

39.    Admit that the withdrawal made on or about September 4, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

40.    Admit that the withdrawal made on or about September 4, 2007 in the amount of $12,200 was received by Defendant.

41.    Admit that the withdrawal made on or about September 19, 2007 in the amount of $40,000 was a Transfer to or for the benefit of Defendant.

42.    Admit that the withdrawal made on or about September 19, 2007 in the amount of $40,000 was received by Defendant.

43.    Admit that the withdrawal made on or about October 1, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

44.    Admit that the withdrawal made on or about October 1, 2007 in the amount of $12,200 was received by Defendant.

300378462.6

45.    Admit that the withdrawal made on or about November 1, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

46.    Admit that the withdrawal made on or about November 1, 2007 in the amount of $12,200 was received by Defendant.

47.    Admit that the withdrawal made on or about November 20, 2007 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

48.    Admit that the withdrawal made on or about November 20, 2007 in the amount of $50,000 was received by Defendant.

49.    Admit that the withdrawal made on or about December 3, 2007 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

50.    Admit that the withdrawal made on or about December 3, 2007 in the amount of $12,200 was received by Defendant.

51.    Admit that the withdrawal made on or about December 19, 2007 in the amount of $80,000 was a Transfer to or for the benefit of Defendant.

52.    Admit that the withdrawal made on or about December 19, 2007 in the amount of $80,000 was received by Defendant.

53.    Admit that the withdrawal made on or about December 31, 2007 in the amount of $36,000 was a Transfer to or for the benefit of Defendant.

54.    Admit that the withdrawal made on or about December 31, 2007 in the amount of $36,000 was received by Defendant.

55.    Admit that the withdrawal made on or about January 2, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

300378462.6

56.    Admit that the withdrawal made on or about January 2, 2008 in the amount of $12,200 was received by Defendant.

57.    Admit that the withdrawal made on or about January 22, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

58.    Admit that the withdrawal made on or about January 22, 2008 in the amount of $50,000 was received by Defendant.

59.    Admit that the withdrawal made on or about February 1, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

60.    Admit that the withdrawal made on or about February 1, 2008 in the amount of $12,200 was received by Defendant.

61.    Admit that the withdrawal made on or about February 11, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

62.    Admit that the withdrawal made on or about February 11, 2008 in the amount of $50,000 was received by Defendant.

63.    Admit that the withdrawal made on or about February 21, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

64.    Admit that the withdrawal made on or about February 21, 2008 in the amount of $50,000 was received by Defendant.

65.    Admit that the withdrawal made on or about March 3, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

66.    Admit that the withdrawal made on or about March 3, 2008 in the amount of $12,200 was received by Defendant.

9

67.     Admit that the withdrawal made on or about March 26, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

68.     Admit that the withdrawal made on or about March 26, 2008 in the amount of $50,000 was received by Defendant.

69.     Admit that the withdrawal made on or about April 1, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

70.     Admit that the withdrawal made on or about April 1, 2008 in the amount of $12,200 was received by Defendant.

71.     Admit that the withdrawal made on or about April 11, 2008 in the amount of $100,000 was a Transfer to or for the benefit of Defendant.

72.     Admit that the withdrawal made on or about April 11, 2008 in the amount of $100,000 was received by Defendant.

73.     Admit that the withdrawal made on or about May 1, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

74.     Admit that the withdrawal made on or about May 1, 2008 in the amount of $12,200 was received by Defendant.

75.     Admit that the withdrawal made on or about May 8, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

76.     Admit that the withdrawal made on or about May 8, 2008 in the amount of $50,000 was received by Defendant.

77.     Admit that the withdrawal made on or about May 21, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

78.    Admit that the withdrawal made on or about May 21, 2008 in the amount of $50,000 was received by Defendant.

79.    Admit that the withdrawal made on or about June 2, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

80.    Admit that the withdrawal made on or about June 2, 2008 in the amount of $12,200 was received by Defendant.

81.    Admit that the withdrawal made on or about June 9, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

82.    Admit that the withdrawal made on or about June 9, 2008 in the amount of $50,000 was received by Defendant.

83.    Admit that the withdrawal made on or about June 12, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

84.    Admit that the withdrawal made on or about June 12, 2008 in the amount of $50,000 was received by Defendant.

85.    Admit that the withdrawal made on or about July 1, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

86.    Admit that the withdrawal made on or about July 1, 2008 in the amount of $12,200 was received by Defendant.

87.    Admit that the withdrawal made on or about July 15, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

88.    Admit that the withdrawal made on or about July 15, 2008 in the amount of $50,000 was received by Defendant.

89.    Admit that the withdrawal made on or about August 1, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

90.    Admit that the withdrawal made on or about August 1, 2008 in the amount of $12,200 was received by Defendant.

91.    Admit that the withdrawal made on or about August 5, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

92.    Admit that the withdrawal made on or about August 5, 2008 in the amount of $50,000 was received by Defendant.

93.    Admit that the withdrawal made on or about September 2, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

94.    Admit that the withdrawal made on or about September 2, 2008 in the amount of $12,200 was received by Defendant.

95.    Admit that the withdrawal made on or about September 5, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

96.    Admit that the withdrawal made on or about September 5, 2008 in the amount of $50,000 was received by Defendant.

97.    Admit that the withdrawal made on or about September 23, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

98.    Admit that the withdrawal made on or about September 23, 2008 in the amount of $50,000 was received by Defendant.

99.    Admit that the withdrawal made on or about October 1, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

100.    Admit that the withdrawal made on or about October 1, 2008 in the amount of $12,200 was received by Defendant.

101.    Admit that the withdrawal made on or about October 21, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

102.    Admit that the withdrawal made on or about October 21, 2008 in the amount of $50,000 was received by Defendant.

103.    Admit that the withdrawal made on or about November 3, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

104.    Admit that the withdrawal made on or about November 3, 2008 in the amount of $12,200 was received by Defendant.

105.    Admit that the withdrawal made on or about November 14, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Defendant.

106.    Admit that the withdrawal made on or about November 14, 2008 in the amount of $50,000 was received by Defendant.

107.    Admit that the withdrawal made on or about December 1, 2008 in the amount of $12,200 was a Transfer to or for the benefit of Defendant.

108.    Admit that the withdrawal made on or about December 1, 2008 in the amount of $12,200 was received by Defendant.

109.    Admit that the purported Transfer of $500,000 to the Account on March 20, 1990 from I. Kahn consisted entirely of fictitious profits.

110.    Admit that BLMIS made all Transfers to Defendant between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

111.    Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

13

Date: May 9, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and for the Estate of Bernard L. Madoff*

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 9th day of

May, 2016 by electronic mail and First Class mail upon the following:

Barry J. Lax
Brian J. Neville
**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, NY 10018
Email: blax@laxneville.com
Email: bneville@laxneville.com

/s/ Michael R. Matthias
*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and for the Estate*
*of Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Michael R. Matthias
Email: mmatthias@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04954 (SMB) |
| Plaintiff, | |
| v. | |
| RUTH KAHN, | |
| Defendant. | |

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT RUTH KAHN

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that defendant Ruth Kahn respond in writing with verified answers to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Michael R. Matthias, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509 within thirty three (33) days of service, on June 13, 2016.

## DEFINITIONS

1.    All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

2

**Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "Account" means BLMIS Account No. 1K0004, as set forth in Exhibit A to the Complaint.

3.      "Adversary Proceeding" means the civil action captioned Adv. Pro. No. 10-04954, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning February 8, 1983 through December 11, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Defendant" means Ruth Kahn.

7.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendant or to any Person or entity acting on behalf of Defendant between December 11, 2006 and December 11, 2008.

3

8.      "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Defendant to another Person or entity.

9.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10.      "You" or "Your" means Ruth Kahn, and/or anyone acting on behalf of or for the benefit of Ruth Kahn, including any predecessor-in-interest.

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

   **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   **Number.** The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.      In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.      In accordance with Federal Rule 33(b)(2), the written responses must be served by June 13, 2016.

4

4.      Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.      If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.      If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## **INTERROGATORIES**

1.      Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:**

2.      Identify the reasons for each Transfer.

**ANSWER:**

3.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**

4.      Identify each deposit into the Account.

**ANSWER:**

5.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

6.      Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**

7.    Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

8.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

9.    Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

10.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

11.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

300378461.5

**ANSWER:**

12.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a.    state all facts upon which You base the denial or affirmative defense;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.    Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

8

Date: May 9, 2016

Of Counsel:                                    /s/ Nicholas J. Cremona

**BAKER & HOSTETLER LLP**              David J. Sheehan
11601 Wilshire Boulevard, Suite 1400   Email: dsheehan@bakerlaw.com
Los Angeles, California 90025-0509     Nicholas J. Cremona
Telephone: (310) 820-8800              Email: ncremona@bakerlaw.com
Facsimile: (310) 820-8859              **BAKER & HOSTETLER LLP**
Michael R. Matthias                    45 Rockefeller Plaza
Email: mmatthias@bakerlaw.com          New York, New York 10111
                                       Telephone: (212) 589-4200
                                       Facsimile: (212) 589-4201

                                       *Attorneys for Irving H. Picard, Trustee for the*
                                       *Substantively Consolidated SIPA Liquidation*
                                       *of Bernard L. Madoff Investment Securities*
                                       *LLC and for the Estate of Bernard L. Madoff*

300378461.5

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 9th day of

May, 2016 by electronic mail and First Class mail upon the following:


Barry J. Lax
Brian J. Neville
**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, NY 10018
Email: blax@laxneville.com
Email: bneville@laxneville.com


/s/ Michael R. Matthias
*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and for the Estate
of Bernard L. Madoff*

300378461.5

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Michael R. Matthias
Email: mmatthias@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04954 (SMB) |
| Plaintiff, | |
| v. | |
| RUTH KAHN, | |
| Defendant. | |

300378460.5

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT RUTH KAHN

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that defendant Ruth Kahn produce Documents responsive to the requests set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Michael R. Matthias, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509 within thirty three (33) days of service, on June 13, 2016.

### DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the

2

alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.    "Account" means BLMIS Account No. 1K0004, as set forth in Exhibit A to the Complaint.

3.    "Adversary Proceeding" means the civil action captioned Adv. Pro. No. 10-04954, pending in the United States Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning February 8, 1983 through December 31, 2009.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.    "Defendant" means Ruth Kahn.

3

7.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Defendant or to any Person or entity acting on Defendant's behalf between December 11, 2006 and December 11, 2008.

8.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Defendant to another Person or entity.

9.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10.    "You" or "Your" means Ruth Kahn, and/or anyone acting on behalf of or for the benefit of Ruth Kahn, including any predecessor-in-interest.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

300378460.5

2.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by June 13, 2016 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.      If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.      Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.      If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

Identifies the type, title and subject matter of the Document;

Identifies all authors, addressees, and recipients of the Document (including CCs
and BCCs, with descriptive information about such Persons to assess the
privilege asserted; and

Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include log the last-in-time (or top) email in the chain, as well as the
identities of any other authors, addressees, and recipients in the chain who are not in the top
email.

8.    Do not redact Documents for any reason other than privilege. If Documents are
produced with redactions, a log setting forth the information requested in Instruction No. 7 above
must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the
June 6, 2011 Litigation Protective Order with redactions for personally identifiable information,
provided that you also produce an unredacted version of the Document designated confidential.

9.    Certain instructions for production of Documents are contained in Orders entered
by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party
Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following
information in a production cover letter, to the extent any of the following information is
applicable:

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates
and Ending Bates for each Document) that are designated as confidential pursuant to the
Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates
and Ending Bates for each Document) that are designated confidential pursuant to an
Individual Confidentiality Standard, if applicable;

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates
and Ending Bates for each Document) that should be excluded from the Third-Party Data
Rooms; and

(iv) the designated representative authorized for that production to provide consent to the

disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure.  For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.    All Documents to be produced to the Trustee should be copied and produced in hard-copy form, separated by Document, and organized in the order and manner in which they are usually kept.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Monthly Account statements.

2.    All Communications between Defendant and BLMIS Concerning the Account, including Transfers to and from the Account.

3.    Defendant's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

4.    Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

5.    Documents sufficient to identify any money, property, and/or anything else of value provided by Defendant to BLMIS in exchange for any Initial Transfer.

6.    Documents sufficient to identify any money, property, and/or anything else of value provided by any Person or entity to Defendant in exchange for any Subsequent Transfer.

7.    Documents Defendant contends support any denials of fact or affirmative defenses asserted in Defendant's answer to the Complaint.

8.    Documents Defendant intends to rely upon in connection with the defense of the claims asserted in the Complaint.

9.    Documents Defendant identified, reviewed, prepared, or consulted in responding to discovery in this matter.

300378460.5

Date:  May 9, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone:  (310) 820-8800
Facsimile:  (310) 820-8859
Michael R. Matthias
Email:  mmatthias@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and for the
Estate of Bernard L. Madoff*

300378460.5

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 9th day of

May, 2016 by electronic and First Class mail upon the following:

Barry J. Lax
Brian J. Neville
**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, NY 10018
Email: blax@laxneville.com
Email: bneville@laxneville.com


/s/ Michael R. Matthias
*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

# Exhibit B

**Matthias, Michael**

| | |
|---|---|
| **From:** | Matthias, Michael |
| **Sent:** | Thursday, March 02, 2017 10:35 AM |
| **To:** | Robert Miller (rmiller@laxneville.com) |
| **Subject:** | FW: APN 10-04954 Ruth Kahn |

Robert,

Having received no response to the email below, we will have to proceed with a motion.  Please advise if you are willing to agree to proceed before the Discovery Arbitrator, Judge Maas.  If not, we will initiate the process with Judge Bernstein.

Thank you, Michael

Michael R Matthias
BakerHostetler
mmatthias@bakerlaw.com
310.442.8802

---

**From:** Matthias, Michael
**Sent:** Friday, February 10, 2017 6:10 PM
**To:** Robert Miller (rmiller@laxneville.com)
**Subject:** RE: APN 10-04954 Ruth Kahn

Robert,

We have not received responses to the First Sets of Requests for Admission, Interrogatories and Requests for Production of Documents per the email below.

As a result, all of the requests in the First Set of Requests for Admission are deemed admitted and objections are waived with respect to the First Sets of Interrogatories and Requests for Production of Documents.  Please provide responses to the First Sets of Interrogatories and Requests for Production of Documents, together with copies of all responsive documents, by no later than February 28, 2017.

Failure to provide such responses and documents will leave us with no alternative other than to seek relief from the Court or Discovery Arbitrator.

Michael

Michael R. Matthias
BakerHostetler
mmatthias@bakerlaw.com
310.442.8802

**From:** Matthias, Michael
**Sent:** Monday, October 10, 2016 4:40 PM
**To:** Robert Miller (rmiller@laxneville.com)
**Subject:** APN 10-04954 Ruth Kahn

Robert,

Demand is hereby made that Ms. Kahn respond to the First Sets of Requests for
Admission, Interrogatories and Requests for Production of Documents served on her in
this adversary proceeding on May 9, 2016, by no later than November 14, 2016.

Please let me know if you have any questions in connection therewith.

Thanks, Michael

**Michael Matthias**
Partner

BakerHostetler
11601 Wilshire Boulevard | Suite 1400
Los Angeles, CA 90025-0509
T 310.442.8802

mmatthias@bakerlaw.com
bakerlaw.com



BakerHostetler
EXPERIENCE FOR TOMORROW