# Appendix C
*Picard v. Natixis S.A.*, No. 11-cv-09501 and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115
**District Court Designations**

| Designation Number | Exhibit Number | Date | District Court Case Number | ECF Number | Docket Text |
|---|---|---|---|---|---|
| 82 | 2 | 7/29/2014 | 11-cv-09501 | 21 | OPINION AND ORDER 104497: In sum, the Court finds that section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor. Therefore, the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers. Except to the extent provided in other orders, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 167 on the docket of 12-mc-115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12-mc-115 that were designated as having been added to the "extraterritoriality" consolidated briefing. SO ORDERED. (Signed by Judge Jed S. Rakoff on 7/6/2014) (kgo) (Entered: 07/29/2014) |
| 83 | 3 | 7/29/2014 | 11-cv-09501 | 20 | STIPULATION AND SUPPLEMENTAL OPINION AND ORDER: IT IS STIPULATED AND AGREED by counsel for Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, the Securities Investor Protection Corporation, and the defendants in the adversary proceedings listed above herein, subject to the approval of the Court, that in accordance with Consent Orders dated June 25, 2012 (item number 203 on the docket of 12-mc-115) and June 29, 2013 (item number 475 on the docket of 12-mc-115), the Court's Opinion and Order dated July 6, 2014 (item number 551 on the docket of 12-mc-115) is hereby supplemented to direct that the adversary proceedings listed above herein also be returned to the Bankruptcy Court for further proceedings consistent with that Opinion and Order. The Clerk is directed to docket the Opinion and Order dated July 6, 2014 in the adversary proceedings listed above herein. (Signed by Judge Jed S. Rakoff on 7/25/2014) (kgo) (Entered: 07/29/2014) |

# Appendix C
*Picard v. Natixis S.A.*, No. 11-cv-09501 and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115
**District Court Designations**

| Designation Number | Exhibit Number | Date | District Court Case Number | ECF Number | Docket Text |
|---|---|---|---|---|---|
| 84 | 4 | 3/19/2013 | 11-cv-09501 | 16 | [PART 1] OMNIBUS ORDER: The following motions have all been disposed of, albeit piecemeal, in prior orders of the Court: Irving H. Picard v. James Greiff, 11 Civ. 3775: Amended Motion to Withdraw Reference, ECF No. 53; Irving H. Picard v. Gerald Blumenthal, 11 Civ. 4293: Second Motion to Withdraw Reference, ECF No. 26; Irving H. Picard v. Robert Potamkin, 11 Civ. 4401: Motion for Judgment on the Pleadings and Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 4; Irving H. Picard v. Lewis R. Franck et al., 11 Civ. 4723: Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 4; Irving H. Picard v. Lewis R. Franck et al., 11 Civ. 4723: Amended Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 5; Irving H. Picard v. Joseph S. Popkin Revocable Trust Dated February 9, 2006, a Florida Trust, et al., 11 Civ. 4726: Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 4; Irving H. Picard v. Jonathan Sobin, 11 Civ. 4728: Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 4; Irving H. Picard v. Harold J. Hein, 11 Civ. 4936: Second Motion to Withdraw Reference, ECF No. 62; Irving H. Picard v. Kara Fishbein Goldman et al., 11 Civ. 4959: Second Motion to Withdraw Reference as Related to Bankruptcy Court Case No. 10 4735, ECF No. 66; Bernard L. Madoff Investment Securities LLC et al. v. Brown et al., 11 Civ. 5155: Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 3; Irving H. Picard v. Bell Ventures Limited et al., 11 Civ. 5507: Supplemental Motion to Withdraw Reference, ECF No. 13; Irving H. Picard v. Joseph E. Plastaras, 11 Civ. 7192: Motion to Dismiss and Joinder, ECF No. 4; Irving H. Picard v. David Abel, 11 Civ. 7766: Amended Motion to Withdraw Reference, ECF No. 12; Irving H. Picard v. American Securities Management, L.P., et al., 11 Civ. 8018: Motion for Joinder in the Moving Defendants' Motion to Withdraw the Reference Filed November 7, 2011, ECFNo. 5; Irving H. Picard v. American Securities Management, L.P., et al., 11 Civ. 8018: [PART 2] Motion for Joinder in the Moving Defendants' Motion to Withdraw the Reference Filed November 7, 2011, ECF No. 23; Irving H. Picard v. Elaine Pikulik, 11 Civ. 8532: Motion to Withdraw Reference, ECF No. 7; Irving H. Picard v. Natixis et al., 11 Civ. 9501: Motion to Withdraw Reference to the United States Bankruptcy Court, ECF No. 5; Irving H. Picard v. Peter Joseph, 12 Civ. 36: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C. Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall,ECF No. 7; Irving H. Picard v. Gary J. Korn et al., 12 Civ. 37: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C. Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall, ECF No. 11; Irving H. Picard v. Queensgate Foundation, 12 Civ. 38: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C. Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall, ECF No. 7; Irving H. Picard v. Story Family Trust #3 et al., 12 Civ. 39: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C.Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall, ECF No. 11; Irving H. Picard v. Theodore Story et al., 12 Ci v. 40: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C. Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall, ECF No. 7; Irving H. Picard v. SG Hambros Bank & Trust (Bahamas) Limited et al., 12 Civ. 531: Motion for Joinder in Motion to Withdraw the Reference to the Bankruptcy Court, ECF No. 6 Irving H. Picard v. Estate of Elaine S. Fox et al., 12 Civ. 1691: Motion to Amend/Correct Motion to Withdraw the Bankruptcy Reference, ECF No. 4; Irving H. Picard v. Joan Roman, 12 Civ. 2315: Amended Motion to Withdraw Reference, ECF No. 4; Irving H. Picard v. S&P Associates et al., 12 Civ. 2316: Amended Motion to Withdraw Reference, ECF No. 5; Irving H. Picard v. Robert Roman, 12cv2318: Amended Motion to Withdraw Reference, ECF No. 4; The Clerk of Court is hereby ordered to close all of the above motions. The motions are closed without prejudice to renewal after all of the issues subject to common briefing have been fully adjudicated by a final order of this Court, should any issues remain outstanding at that point. (Signed by Judge Jed S. Rakoff on 3/18/2013) (mt) Modified on 3/19/2013 (mt). Modified on 3/19/2013 (mt). (Entered: 03/19/2013) |
| 85 | 5 | 6/27/2012 | 11-cv-09501 | 14 | CONSENT ORDER: that on consent of (i) the defendants listed herein and on Exhibit A hereto (collectively, the "Defendants"), (ii) Irving H. Picard, as Trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, and (iii) the Securities Investor Protection Corporation ("SIPC", together with the Defendants and the Trustee, the "Parties"), the Parties agree on Consent to the additional terms and conditions that are set forth in this Order (Signed by Judge Jed S. Rakoff on 6/25/2012) (pl) (Entered: 06/27/2012) |
| 86 | 6 | 6/7/2012 | 11-cv-09501 | 13 | CONSENT ORDER DEFERRING BRIEFING ON REMAINING ISSUES IN PENDING MOTION TO WITHDRAW THE REFERENCE. The briefing on the remaining issues as specified in this order shall be deferred until after all of the issues articulated in the Common Briefing Orders have been fully adjudicated by a final order of this Court. The Parties shall advise this Court whether any further briefing with respect to the Remaining Issues are necessary to resolve the pending Motions to Withdraw the Reference in this action as soon as practicable after all of such issues stated in the Common Briefing Orders have been fully adjudicated by a final order of this Court. (Signed by Judge Jed S. Rakoff on 6/6/2012) (rjm) (Entered: 06/07/2012) |
| 87 | 7 | 1/10/2012 | 11-cv-09501 | 7 | DECLARATION of Cheryl L. Howard in Support re: 5 MOTION to Withdraw Reference to the United States Bankruptcy Court.. Document filed by Tensyr Limited. (Attachments: # 1 Exhibit A)(Onorato, David) (Entered: 01/10/2012) |
| 88 | 8 | 1/10/2012 | 11-cv-09501 | 6 | MEMORANDUM OF LAW in Support re: 5 MOTION to Withdraw Reference to the United States Bankruptcy Court.. Document filed by Tensyr Limited. (Onorato, David) (Entered: 01/10/2012) |
| 89 | 9 | 1/10/2012 | 11-cv-09501 | 5 | MOTION to Withdraw Reference to the United States Bankruptcy Court. Document filed by Tensyr Limited.(Onorato, David) (Entered: 01/10/2012) |

# Appendix C
*Picard v. Natixis S.A.*, No. 11-cv-09501 and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115
**District Court Designations**

| Designation Number | Exhibit Number | Date | District Court Case Number | ECF Number | Docket Text |
|---|---|---|---|---|---|
| 90 | 10 | 12/23/2011 | 11-cv-09501 | 3 | MEMORANDUM OF LAW in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5353A, 08-1789 (BRL). Document filed by Bloom Asset Holdings Fund, Natixis, Natixis Corporate & Investment Bank, Natixis Financial Products, Inc.. (bkar) (Entered: 12/23/2011) |
| 91 | 11 | 12/23/2011 | 11-cv-09501 | 2 | DECLARATION of Joseph Cioffi in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5353A, 08-1789 (BRL). Document filed by Bloom Asset Holdings Fund, Natixis, Natixis Corporate & Investment Bank, Natixis Financial Products, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(bkar) (Entered: 12/23/2011) |
| 92 | 12 | 12/23/2011 | 11-cv-09501 | 1 | MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5353A, 08-1789 (BRL).Document filed by Natixis Corporate & Investment Bank, Bloom Asset Holdings Fund, Natixis Financial Products, Inc., Natixis.(bkar) (Entered: 12/23/2011) |
| 93 | 13 | 8/4/2014 | 12-mc-00115 | 557 | ORDER: On July 10, 2014, the Court issued an Order directing counsel to parties with individual issues not addressed by the Court's decisions in the consolidated withdrawals to inform the Court by letter by July 18, 2014. See ECF No. 552. The Court received several such letters and addressed the issues they raised in separate Orders. Any remaining motions to withdraw the reference are hereby denied and all the adversary proceedings are returned to the Bankruptcy Court. The Clerk of Court is directed to close all the civil cases seeking to withdraw the reference related to this matter. (Signed by Judge Jed S. Rakoff on 8/1/2014) (kgo) (Entered: 08/04/2014) |
| 94 | 14 | 7/28/2014 | 12-mc-00115 | 556 | STIPULATION AND SUPPLEMENTAL OPINION AND ORDER: IT IS STIPULATED AND AGREED by counsel for Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, the Securities Investor Protection Corporation, and the defendants in the adversary proceedings listed above herein, subject to the approval of the Court, that in accordance with Consent Orders dated June 25, 2012 (item number 203 on the docket of 12-mc-115) and June 29, 2013 (item number 475 on the docket of 12-mc-115), the Court's Opinion and Order dated July 6, 2014 (item number 551 on the docket of 12-mc-115) is hereby supplemented to direct that the adversary proceedings listed above herein also be returned to the Bankruptcy Court for further proceedings consistent with that Opinion and Order. The Clerk is directed to docket the Opinion and Order dated July 6, 2014 in the adversary proceedings listed above herein. (Signed by Judge Jed S. Rakoff on 7/25/2014) (kgo) Modified on 7/29/2014 (kgo). (Entered: 07/29/2014) |

# Appendix C
*Picard v. Natixis S.A.*, No. 11-cv-09501 and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115
District Court Designations

| Designation Number | Exhibit Number | Date | District Court Case Number | ECF Number | Docket Text |
|---|---|---|---|---|---|
| 95 | 15 | 7/7/2014 | 12-mc-00115 | 551 | OPINION AND ORDER: In sum, the Court finds that section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor. Therefore, the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers. Except to the extent provided in other orders, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 167 on the docket of 12-mc-115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12-mc-115 that were designated as having been added to the "extraterritoriality" consolidated briefing. SO ORDERED. (Signed by Judge Jed S. Rakoff on 7/6/2014) (kgo) (Entered: 07/07/2014) |
| 96 | 16 | 6/11/2013 | 12-mc-00115 | 473 | ORDER: Accordingly, the clerk is hereby directed to docket the below-listed orders and/or decisions issued by the Court in connection with the consolidated proceedings as described below. The following orders shall be docketed in cases with respect to which "Stern v. Marshall"is listed in the final column of the schedules included as Exhibit B hereto: Order, No. 12 MC 115, ECF No. 4 (S.D.N.Y. Apr. 13, 2012); and Opinion and Order, No. 12 MC 115, ECF No. 427 (S.D.N.Y. Jan. 4, 2013). The following orders shall be docketed in cases with respect to which "Section 546( e)" is listed in the final column of the schedules included as Exhibit B hereto: Order, No. 12 MC 115, ECF No. 119 (S.D.N.Y. May 16, 2012); Order, No. 12 MC 115, ECF No. 439 (S.D.N.Y. Feb. 13, 2013); and Opinion and Order, No. 12 MC 115, ECF No. 460 (S.D.N.Y. Apr. 15, 2013).The following order shall be docketed in cases with respect to which "Extraterritoriality"is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Extraterritoriality Issues, No. 12 MC 115, ECF No. 167(S.D.N.Y. June 7, 2012). The following order shall be docketed in cases with respect to which "Good Faith" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding the "Good Faith" Standard, No. 12 MC 115, ECF No. 197(S.D.N.Y. June 25, 2012).The following orders shall be docketed in cases with respect to which "Section 550(a)" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding 11 U.S.C. § 550(a), No. 12 MC 115, ECF No. 314 (S.D.N.Y. Aug. 22, 2012); and Order Regarding 11 U.S.C. § 550(a), No. 12 MC 115, ECF No. 422 (S.D.N.Y.Dec. 12, 2012). The following orders shall be docketed in cases with respect to which "Section 502(d)" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding 11 U.S.C. § 502(d), No. 12 MC 115, ECF No. 155 (S.D.N.Y. June 1, 2012); and Order Regarding 11 U.S.C. § 502(d), No. 12 MC 115, ECF No. 435 (S.D.N.Y. Feb. 13, 2013). The following order shall be docketed in cases with respect to which "[Standing andSLUSA]"is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Standing and SLUSA Issues, No. 12 MC 115, ECF No. 114(S.D.N.Y. May 18, 2012). The following order shall be docketed in cases with respect to which "Antecedent Debt"is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Antecedent Debt Issues, No. 12 MC 115, ECF No. 107 (S.D.N.Y. May 16, 2012). (Signed by Judge Jed S. Rakoff on 6/5/2013) (js) Modified on 6/11/2013 (js). (Entered: 06/11/2013) |
| 97 | 17 | 5/13/2013 | 12-mc-00115 | 468 | ORDER: Accordingly, when future the Court issues future orders in any of the consolidated proceedings, the Court hereby directs the Clerk of the Court to docket the orders: (1) on the docket of 12-MC-115; (2) on the docket of the cases listed in the original schedule appended to the relevant consolidation order; and (3) on the docket of cases listed in the schedule appended to this order, to the extent that a given case was added to the relevant consolidated proceeding (as reflected in the final column for each case). (Signed by Judge Jed S. Rakoff on 5/11/2013) (js) (Entered: 05/13/2013) |

# Appendix C
*Picard v. Natixis S.A.*, No. 11-cv-09501 and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115
**District Court Designations**

| Designation Number | Exhibit Number | Date | District Court Case Number | ECF Number | Docket Text |
|---|---|---|---|---|---|
| 98 | 18 | 3/19/2013 | 12-mc-00115 | 455 | [PART 1] OMNIBUS ORDER: The following motions have all been disposed of, albeit piecemeal, in prior orders of the Court: Irving H. Picard v. James Greiff, 11 Civ. 3775: Amended Motion to Withdraw Reference, ECF No. 53; Irving H. Picard v. Gerald Blumenthal, 11 Civ. 4293: Second Motion to Withdraw Reference, ECF No. 26; Irving H. Picard v. Robert Potamkin, 11 Civ. 4401: Motion for Judgment on the Pleadings and Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 4; Irving H. Picard v. Lewis R. Franck et al., 11 Civ. 4723: Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 4; Irving H. Picard v. Lewis R. Franck et al., 11 Civ. 4723: Amended Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 5; Irving H. Picard v. Joseph S. Popkin Revocable Trust Dated February 9, 2006, a Florida Trust, et al., 11 Civ. 4726: Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 4; Irving H. Picard v. Jonathan Sobin, 11 Civ. 4728: Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 4; Irving H. Picard v. Harold J. Hein, 11 Civ. 4936: Second Motion to Withdraw Reference, ECF No. 62; Irving H. Picard v. Kara Fishbein Goldman et al., 11 Civ. 4959: Second Motion to Withdraw Reference as Related to Bankruptcy Court Case No. 10 4735, ECF No. 66; Bernard L. Madoff Investment Securities LLC et al. v. Brown et al., 11 Civ. 5155: Motion for Joinder in the Arguments Raised in Gerald Blumenthal's Motion to Dismiss, ECF No. 3; Irving H. Picard v. Bell Ventures Limited et al., 11 Civ. 5507: Supplemental Motion to Withdraw Reference, ECF No. 13; Irving H. Picard v. Joseph E. Plastaras, 11 Civ. 7192: Motion to Dismiss and Joinder, ECF No. 4; Irving H. Picard v. David Abel, 11 Civ. 7766: Amended Motion to Withdraw Reference, ECF No. 12; Irving H. Picard v. American Securities Management, L.P., et al., 11 Civ. 8018: Motion for Joinder in the Moving Defendants' Motion to Withdraw the Reference Filed November 7, 2011, ECFNo. 5; Irving H. Picard v. American Securities Management, L.P., et al., 11 Civ. 8018: [PART 2] Motion for Joinder in the Moving Defendants' Motion to Withdraw the Reference Filed November 7, 2011, ECF No. 23; Irving H. Picard v. Elaine Pikulik, 11 Civ. 8532: Motion to Withdraw Reference, ECF No. 7; Irving H. Picard v. Natixis et al., 11 Civ. 9501: Motion to Withdraw Reference to the United States Bankruptcy Court, ECF No. 5; Irving H. Picard v. Peter Joseph, 12 Civ. 36: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C. Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall,ECF No. 7; Irving H. Picard v. Gary J. Korn et al., 12 Civ. 37: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C. Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall, ECF No. 11; Irving H. Picard v. Queensgate Foundation, 12 Civ. 38: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C. Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall, ECF No. 7; Irving H. Picard v. Story Family Trust #3 et al., 12 Civ. 39: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C.Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall, ECF No. 11; Irving H. Picard v. Theodore Story et al., 12 Ci v. 40: Supplemental Motion to Withdraw Reference Pursuant to 28 U.S.C. Section 157(d) to Assert Lack of Jurisdiction Under Stern v. Marshall, ECF No. 7; Irving H. Picard v. SG Hambros Bank & Trust (Bahamas) Limited et al., 12 Civ. 531: Motion for Joinder in Motion to Withdraw the Reference to the Bankruptcy Court, ECF No. 6 Irving H. Picard v. Estate of Elaine S. Fox et al., 12 Civ. 1691: Motion to Amend/Correct Motion to Withdraw the Bankruptcy Reference, ECF No. 4; Irving H. Picard v. Joan Roman, 12 Civ. 2315: Amended Motion to Withdraw Reference, ECF No. 4; Irving H. Picard v. S&P Associates et al., 12 Civ. 2316: Amended Motion to Withdraw Reference, ECF No. 5; Irving H. Picard v. Robert Roman, 12cv2318: Amended Motion to Withdraw Reference, ECF No. 4; The Clerk of Court is hereby ordered to close all of the above motions. The motions are closed without prejudice to renewal after all of the issues subject to common briefing have been fully adjudicated by a final order of this Court, should any issues remain outstanding at that point. (Signed by Judge Jed S. Rakoff on 3/18/2013) (mt) Modified on 3/19/2013 (mt). Modified on 3/19/2013 (mt). (Entered: 03/19/2013) |
| 99 | 19 | 9/28/2012 | 12-mc-00115 | 358 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 9/21/12 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 09/28/2012) |

## Appendix C
*Picard v. Natixis S.A.*, No. 11-cv-09501 and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115
### District Court Designations

| Designation Number | Exhibit Number | Date | District Court Case Number | ECF Number | Docket Text |
|---|---|---|---|---|---|
| 100 | 20 | 9/28/2012 | 12-mc-00115 | 357 | TRANSCRIPT of Proceedings re: ARGUMENT held on 9/21/2012 before Judge Jed S. Rakoff. Court Reporter/Transcriber: Vincent Bologna, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/22/2012. Redacted Transcript Deadline set for 11/1/2012. Release of Transcript Restriction set for 1/2/2013.(McGuirk, Kelly) (Entered: 09/28/2012) |
| 101 | 21 | 8/31/2012 | 12-mc-00115 | 323 | NOTICE of Designation of Lead Counsel re: 167 Order, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, ,. Document filed by Extraterritoriality Defendants Defined in the Consolidated Memorandum of Law in Support of the Extraterritoriality Defendants' Motion to Dismiss as Ordered by the Court on June 6, 2012. (Velie, Franklin) (Entered: 08/31/2012) |
| 102 | 22 | 8/31/2012 | 12-mc-00115 | 322 | REPLY MEMORANDUM OF LAW in Support re: 234 MOTION to Dismiss by Extraterritorial Defendants.. Document filed by Bank J. Safra (Gibraltar) Limited, Banque J. Safra (Suisse) SA f/k/a Banque Jacob Safra (Suisse) SA. (Fritsch, Joshua) (Entered: 08/31/2012) |
| 103 | 23 | 8/17/2012 | 12-mc-00115 | 312 | JOINDER to join re: 310 Memorandum of Law in Opposition to Motion to Dismiss Concerning Extraterritoriality as Ordered by the Court on June 6, 2012. Document filed by Irving H. Picard. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Lunn, Matthew) (Entered: 08/17/2012) |
| 104 | 24 | 8/17/2012 | 12-mc-00115 | 311 | JOINDER to join re: 310 Memorandum of Law in Opposition to Motion. Document filed by Irving H. Picard. (Attachments: # 1 Exhibit A, # 2 Affidavit of Service)(Simon, Howard) (Entered: 08/17/2012) |
| 105 | 25 | 8/17/2012 | 12-mc-00115 | 310 | MEMORANDUM OF LAW in Opposition re: 234 MOTION to Dismiss by Extraterritorial Defendants.. Document filed by Irving H. Picard. (Attachments: # 1 Affidavit of Service)(Griffin, Regina) (Entered: 08/17/2012) |
| 106 | 26 | 8/17/2012 | 12-mc-00115 | 309 | MEMORANDUM OF LAW in Opposition re: 234 MOTION to Dismiss by Extraterritorial Defendants.. Document filed by Securities Investor Protection Corporation. (Attachments: # 1 Certificate of Service)(Bell, Kevin) (Entered: 08/17/2012) |
| 107 | 27 | 7/13/2012 | 12-mc-00115 | 236 | DECLARATION of Marco E. Schnabl in Support re: 234 MOTION to Dismiss by Extraterritorial Defendants.. Document filed by Pioneer Alternative Investment Management Ltd., Pioneer Global Asset Management S.p.A., UniCredit S.p.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Schnabl, Marco) (Entered: 07/13/2012) |
| 108 | 28 | 7/13/2012 | 12-mc-00115 | 235 | MEMORANDUM OF LAW in Support re: 234 MOTION to Dismiss by Extraterritorial Defendants.. Document filed by Pioneer Alternative Investment Management Ltd., Pioneer Global Asset Management S.p.A., UniCredit S.p.A.. (Schnabl, Marco) (Entered: 07/13/2012) |
| 109 | 29 | 7/13/2012 | 12-mc-00115 | 234 | MOTION to Dismiss by Extraterritorial Defendants. Document filed by Pioneer Alternative Investment Management Ltd., Pioneer Global Asset Management S.p.A., UniCredit S.p.A.. Responses due by 7/13/2012 Return Date set for 9/21/2012 at 04:00 PM.(Schnabl, Marco) (Entered: 07/13/2012) |
| 110 | 30 | 6/26/2012 | 12-mc-00115 | 203 | CONSENT ORDER: On consent of (i) the defendants listed herein and on Exhibit A hereto (collectively, the "Defendants"), (ii) Irving H. Picard, as Trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, and (iii) the Securities Investor Protection Corporation ("SIPC", together with the Defendants and the Trustee, the "Parties"), the Parties agree on Consent to the additional terms and conditions that are set forth in this Order. (Signed by Judge Jed S. Rakoff on 6/25/2012) (pl) (Entered: 06/26/2012) |

# Appendix C
*Picard v. Natixis S.A.*, No. 11-cv-09501 and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115
**District Court Designations**

| Designation Number | Exhibit Number | Date | District Court Case Number | ECF Number | Docket Text |
|---|---|---|---|---|---|
| 111 | 31 | 6/7/2012 | 12-mc-00115 | 167 | [PART 1] ORDER: The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Extraterritoriality Defendants for the limited purpose of hearing and determining whether SIP A and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid the initial Transfers that were received abroad or to recover from initial, immediate or mediate foreign transferees. Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes. The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Extraterritoriality Issue, all arguments previously raised by either or both of them in opposition to all such motions granted by the Extraterritoriality Withdrawal Ruling, and such objections or arguments are deemed to be overruled, solely with respect to the Extraterritoriality Issue, for the reasons stated in the Extraterritoriality Withdrawal Ruling. All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters. On or before July 13, 2012, the Extraterritoriality Defendants shall file a single consolidated motion to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012) and a single consolidated supporting memorandum of law, not to exceed forty (40) pages (together, the "Extraterritoriality Motion to Dismiss"). The Trustee and SIPC shall each file a memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, not to exceed forty (40) pages each, addressing the Extraterritoriality Withdrawal Ruling Issue (the "Trustee's Opposition") on or before August 17, 2012. Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file a joinder, not to exceed two (2) pages (excluding exhibits identifying the relevant adversary proceedings), to the Trustee's Opposition, on behalf of the Trustee in certain of the adversary proceedings listed on Exhibit A hereto on or before August 17, 2012. In either case, the respective joinders may only specify what portions of the Trustee's Opposition are joined and shall not make or offer any additional substantive argument.<br><br>[PART 2] The Extraterritoriality Defendants shall file one consolidated reply brief, not to exceed twenty (20) pages, on or before August 31, 2012 (the "Reply Brier'). In the event the Trustee files an amended complaint (the "Amended Complaint") in any of the Adversary Proceedings after the Extraterritoriality Motion to Dismiss is filed, the Reply Brief shall include a reference (by civil action number and docket number only) to a representative Amended Complaint filed by the Trustee against Extraterritoriality Defendants. Any further requirement that the Amended Complaints subject to the Extraterritoriality Motion to Dismiss be identified or filed is deemed waived and satisfied. In the event the Trustee files an Amended Complaint, he shall, at the time the Amended Complaint is filed, provide the Extraterritoriality Defendants a blackline reflecting the changes made in the Amended Complaint from the then operative complaint. The Court will hold oral argument on the Extraterritoriality Motion to Dismiss on September 21, 2012, at 4:00 p.m. (the "Hearing Date"). On or before August 31, 2012, the Extraterritoriality Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege. This Order is without prejudice to any and all grounds for withdrawal of the reference (other than the Extraterritoriality Issue) raised in the Adversary Proceedings by the Extraterritoriality Defendants and any matter that cannot properly be raised or resolved on a Rule 12 motion, all of which are preserved. Nothing in this Order shall: (a) waive or resolve any issue not specifically raised in the Extraterritoriality Motion to Dismiss; (b) waive or resolve any issue raised or that could be raised by any party other than with respect to the Extraterritoriality Issue, including related issues that cannot be resolved on a motion under Fed. R. Civ. P. 12; or (c) notwithstanding Fed. R. Civ. P. 12(g)(2) or Fed. R. Bankr. P. 7012(g)(2), except as specifically raised in the Extraterritoriality Motion to Dismiss, limit, restrict or impair any defense or argument that has been raised or could be raised by any Extraterritoriality Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012,<br><br>[PART 3] or any other defense or right of any nature available to any Extraterritoriality Defendant (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of process), or any argument or defense that could be raised by the Trustee or SIPC in response thereto. Nothing in this Order shall constitute an agreement or consent by any Extraterritoriality Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC. This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Extraterritoriality Issue) 'AJjth respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters. The procedures established by this Order, or by further Order of this Court, shall constitute the sole and exclusive procedures for determination of the Extraterritoriality Issue in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing or argument schedules were previously established with respect to the Extraterritoriality Issue in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Extraterritoriality Issue. To the extent that briefing or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Extraterritoriality Issue shall be excluded from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Extraterritoriality Defendants have issues other than the Extraterritoriality Issue or issues set forth in the Common Briefing Order that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior Order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason. ( Motions due by 7/13/2012., Responses due by 8/17/2012, Replies due by 8/31/2012., Oral Argument set for 9/21/2012 at 04:00 PM before Judge Jed S. Rakoff.) (Signed by Judge Jed S. Rakoff on 6/6/2012) (jfe) (Entered: 06/07/2012) |

# Appendix C
*Picard v. Natixis S.A.*, No. 11-cv-09501 and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115
**District Court Designations**

| Designation Number | Exhibit Number | Date | District Court Case Number | ECF Number | Docket Text |
|---|---|---|---|---|---|
| 112 | 32 | 6/7/2012 | 12-mc-00115 | 166 | CONSENT ORDER DEFERRING BRIEFING ON REMAINING ISSUES IN PENDING MOTION TO WITHDRAW THE REFERENCE. The briefing on the remaining issues as specified in this order shall be deferred until after all of the issues articulated in the Common Briefing Orders have been fully adjudicated by a final order of this Court. The Parties shall advise this Court whether any further briefing with respect to the Remaining Issues are necessary to resolve the pending Motions to Withdraw the Reference in this action as soon as practicable after all of such issues stated in the Common Briefing Orders have been fully adjudicated by a final order of this Court. (Signed by Judge Jed S. Rakoff on 6/6/2012) (rjm) (Entered: 06/07/2012) |
| 113 | 33 | 5/15/2012 | 12-mc-00115 | 97 | ORDER. For the foregoing reasons, the Court withdraws the reference of these cases to the bankruptcy court for the limited purposes of deciding as further set forth. The Court directs counsel for the Trustee to convene a conference call with the defendants who have raised this issue no later than May 23, 2012 so that the parties can schedule consolidated proceedings. With respect to issues that are not subject to consolidated proceedings -- specifically, whether relevant defendants received transfers in good faith and whether they may invoke the safe harbor created by § 546(g) -- the parties should convene a separate conference call for each case no later than May 18, 2011 to schedule further proceedings. The Clerk of the Court is hereby ordered to close document number 1 on the docket of each case. (Signed by Judge Jed S. Rakoff on 6/15/2012) (rjm) Modified on 5/15/2012 (rjm). (Entered: 05/15/2012) |
| 114 | 34 | 4/13/2012 | 12-mc-00115 | 1 | ORDER: 1. All matters relating to Bernard L. Madoff Investment Securities LLC ("Madoff Securities") previously assigned to the undersigned, or assigned to the undersigned in the future, shall henceforth bear the caption and docket number set forth above, and the parties shall make sure that all filings are filed under the docket number set forth above. In addition, any filings filed under this docket number shall bear either the subheading "PERTAINS TO ALL CASES," the subheading "PERTAINS TO CASE(S) ___ Civ.___," or the subheading "PERTAINS TO CASE(S) LISTED IN APPENDIX_." Any filing fees associated with opening the master case file docket are waived. 2.The Clerk is directed to make sure that this Order and all subsequent docket entries under this docket number are also docketed simultaneously in the bankruptcy court under No. 08-1789 (BRL). (Signed by Judge Jed S. Rakoff on 4/13/2012) (laq) (laq). (Entered: 04/13/2012) |