# Appendix A
*Picard v. Kookmin Bank*, Adv. Pro. No. 12-01194
Bankruptcy Court Designations

| Designation Number | Date | ECF Number (APN 12-01194) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 1 | 3/16/2017 | 65 | 15269 | Notice of Appeal (related document(s)64) filed by Stacy A Dasaro on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. Appellant Designation due by 3/30/2017, (Attachments: # 1 Exhibit 1 - Final Judgement of Bankruptcy Court # 2 Exhibit 2 7/6/2014 Opinion and Order of District Court # 3 Exhibit 3 5/11/2013 Order of District Court # 4 Exhibit 4 6/6/2012 Order of District Court)(Dasaro, Stacy) (Entered: 03/16/2017) |
| 2 | 3/6/2017 | 64 | 15162 | So Ordered Stipulation Signed on 3/3/2017. Re: Final Order Granting Motion To Dismiss Complaint (Barrett, Chantel) (Entered: 03/06/2017) |
| 3 | 4/7/2016 | – | 13051 | Letter to Judge Bernstein regarding Extraterritoriality Briefing Supplemental Authority Filed by David J. Sheehan on behalf of Irving H. Picard. (Sheehan, David) (Entered: 04/07/2016) |
| 4 | 2/17/2016 | – | 12798 | Transcript regarding Hearing Held on 12/16/2015 10:33 AM RE: Motion to Allow - Trustees Fourth Omnibus Motion to Overrule Objections of Claimants Who Invested More than They Withdrew; Motion to Allow - Trustees Fifth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity;Omnibus Extraterritoriality Motion. Remote electronic access to the transcript is restricted until 5/31/2016. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 3/8/2016. Statement of Redaction Request Due By 3/22/2016. Redacted Transcript Submission Due By 4/1/2016. Transcript access will be restricted through 5/31/2016. (Ortiz, Carmen) Modified on 3/14/2016 to correct hearing date(Acosta, Annya). (Entered: 03/09/2016) |
| 5 | 12/15/2015 | – | 12270 | Letter / December 15, 2015 Letter to Judge Bernstein Regarding Extraterritoriality Proceedings Filed by Thomas L. Long on behalf of Irving H. Picard. (Long, Thomas) (Entered: 12/15/2015) |
| 6 | 12/15/2015 | – | 12259 | Letter to Judge Stuart M. Bernstein Re: Order Concerning Further Proceedings on Extraterritorialty Motion and Trustee's Onmibus Motion for Leave to Replead and for Limited Discovery, As Amended Filed by Robinson B. Lacy on behalf of Banque J. Safra (Suisse) S.A.. (Lacy, Robinson) (Entered: 12/15/2015) |
| 7 | 11/20/2015 | 52 | 12081 | Notice of Hearing on Defendants' Motion to Dismiss Based on Extraterritoriality and Trustee's Omnibus Motion For Leave to Replead filed by Regina Griffin on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. with hearing to be held on 12/16/2015 (check with court for location) (Attachments: # 1 Exhibit 1)(Griffin, Regina) (Entered: 11/20/2015) |
| 8 | 10/7/2015 | – | 11696 | Letter Re: Extraterritoriality Motion Filed by Robinson B. Lacy on behalf of Banque J. Safra (Suisse) S.A.. (Lacy, Robinson) (Entered: 10/07/2015) |
| 9 | 10/6/2015 | 51 | 11542 | Memorandum of Law - Reply Consolidated Supplemental Memorandum Of Law In Support Of Transferee Defendants Motion To Dismiss Based On Extraterritoriality (related document(s)36, 45) filed by Richard A. Cirillo on behalf of Kookmin Bank. (Cirillo, Richard) (Entered: 10/06/2015) |
| 10 | 6/27/2015 | 47 | 10413 | Statement / Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Kookmin Bank (related document(s)45) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Sheehan, David) (Entered: 06/27/2015) |
| 11 | 6/27/2015 | 46 | 10412 | Response / Addendum to the Trustee's Opposition on the Extraterritoriality Issue for Kookmin Bank (related document(s)45) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Sheehan, David) (Entered: 06/27/2015) |
| 12 | 6/27/2015 | 45 | 8903 | Opposition Brief / Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints (related document(s)16) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Sheehan, David) (Entered: 06/27/2015) |
| 13 | 4/1/2015 | – | 9720 | So Ordered Third Stipulation Signed On 3/31/2015. Re: Modifying The Order Concerning Further Proceedings OnExtraterritoriality Motion And Trustees Omnibus Motion For Leave To Replead And For Limited Discovery (Greene, Chantel) (Entered: 04/01/2015) |
| 14 | 3/19/2015 | – | 9706 | Transcript regarding Hearing Held on 3/18/2015 2:05PM RE: Conference re Confidentiality Issues Related to Extraterritoriality Submission. Remote electronic access to the transcript is restricted until 6/17/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 3/26/2015. Statement of Redaction Request Due By 4/9/2015. Redacted Transcript Submission Due By 4/20/2015. Transcript access will be restricted through 6/17/2015. (Ortiz, Carmen) (Entered: 03/31/2015) |
| 15 | 3/17/2015 | 43 | 9504 | Letter / Trustee's Supplemental Letter Regarding Confidentiality Designations Affecting The Trustee's Extraterritoriality Submission (related document(s)39) Filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Sheehan, David) (Entered: 03/17/2015) |

## Appendix A
*Picard v. Kookmin Bank*, Adv. Pro. No. 12-01194
Bankruptcy Court Designations

| Designation Number | Date | ECF Number (APN 12-01194) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 16 | 3/10/2015 | 41 | 9449 | Notice of Hearing / Notice of Conference on Trustee's Letter regarding Confidentiality Designations Affecting the Trustee's Extraterritoriality Submission (related document(s)39) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. with hearing to be held on 3/18/2015 at 02:00 PM at Courtroom 723 (SMB) (Sheehan, David) (Entered: 03/10/2015) |
| 17 | 3/4/2015 | 39 | 9413 | Letter Regarding Confidentiality Designations Affecting The Trustee's Extraterritoriality Submission Filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Sheehan, David) (Entered: 03/04/2015) |
| 18 | 3/2/2015 | – | 9542 | Transcript regarding Hearing Held on 11/19/2014 9:59AM RE: Hearing on presentment of order concerning further proceedings on extraterritoriality motion and trustee's omnibus motion for leave to replead and for limited discovery. Remote electronic access to the transcript is restricted until 6/1/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: VERITEXT REPORTING COMPANY.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 3/9/2015. Statement of Redaction Request Due By 3/23/2015. Redacted Transcript Submission Due By 4/2/2015. Transcript access will be restricted through 6/1/2015. (Ortiz, Carmen) (Entered: 03/20/2015) |
| 19 | 2/24/2015 | – | 9350 | Second Stipulation And Order Signed On 2/24/2015 Re: Modifying The Order Concerning Further Proceedings OnExtraterritoriality Motion And Trustees Omnibus Motion For Leave To Replead And For Limited Discovery . (Greene, Chantel) (Entered: 02/24/2015) |
| 20 | 1/14/2015 | – | 8990 | So Ordered Stipulation Signed On 1/13/2015. Re: Modifying TheOrder Concerning Further Proceedings OnExtraterritoriality Motion And Trustees Omnibus Motion For Leave To Replead And For Limited Discovery (Greene, Chantel) (Entered: 01/14/2015) |
| 21 | 1/2/2015 | 36 | 8903 | Supplemental Memorandum of Law - Consolidated Supplemental Memorandum Of Law In Support Of The Transferee Defendants' Motion To Dismiss Based On Extraterritoriality Motion filed by Richard A. Cirillo on behalf of Kookmin Bank. (Cirillo, Richard) (Entered: 01/02/2015) |
| 22 | 12/18/2014 | 35 | 8800 | So Ordered Order Signed On 12/10/2014, Re: Concerning Further Proceedings On Extraterritoriality Motion And Trustees Omnibus Motion For Leave To Replead And For Limited Discovery (Richards, Beverly). (Entered: 12/18/2014) |
| 23 | 12/2/2014 | 33 | 8630 | Notice of Presentment of Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery and Opportunity for Hearing (related document(s)24) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. with presentment to be held on 12/10/2014 at 12:00 PM at Courtroom 723 (SMB) Objections due by 12/5/2014, (Attachments: # 1 Exhibit A # 2 Exhibit B)(Sheehan, David) (Entered: 12/02/2014) |
| 24 | 11/18/2014 | 31 | 8500 | Statement - Trustee's Statement regarding Amendments to Exhibits to Proposed Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (related document(s)24) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: # 1 Exhibit 1-4) (Sheehan, David) (Entered: 11/18/2014) |
| 25 | 11/12/2014 | 29 | 8440 | Response /Trustee's Response to Limited Objections to Proposed Order Concerning Further Proceedings on Extraterritoriality Motion and Trustees Omnibus Motion for Leave to Replead and for Limited Discovery (related document(s)24) filed by Regina Griffin on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. with hearing to be held on 11/19/2014 at 10:00 AM at Courtroom 723 (SMB) (Griffin, Regina) (Entered: 11/12/2014) |
| 26 | 11/11/2014 | – | 8636 | Transcript regarding Hearing Held on 9/17/2014 1:32PM RE: Status Conference re Affect Dist. Ct. Extraterritoriality Order; Becker & Poliakoff LLP Motions to Dismiss and Motions to Dismiss Listed on Appendix A to the Trustees February 20 Letter to the Court, as amended. Remote electronic access to the transcript is restricted until 2/9/2015. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: VERITEXT REPORTING COMPANY.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 11/18/2014. Statement of Redaction Request Due By 12/2/2014. Redacted Transcript Submission Due By 12/12/2014. Transcript access will be restricted through 2/9/2015. (Ortiz, Carmen) (Entered: 12/02/2014) |
| 27 | 11/7/2014 | 27 | 8390 | Notice of Hearing on Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery and Opportunity for Hearing filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. with hearing to be held on 11/19/2014 at 10:00 AM at Courtroom 723 (SMB) (Sheehan, David) (Entered: 11/07/2014) |
| 28 | 11/3/2014 | – | 8345 | Statement of Defendants Legacy Capital Ltd., Isaac Jimmy Mayer, Rafael Mayer, David Mayer, Khronos LLC, Khronos Capital Research LLC and Montpellier Resources Ltd. in Response to Proposed Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (related document(s)8249) filed by Eric Fisher on behalf of Khronos Capital Research LLC, Khronos LLC, David Mayer, Rafael Mayer. (Fisher, Eric) (Entered: 11/03/2014) |

Appendix A
*Picard v. Kookmin Bank*, Adv. Pro. No. 12-01194
Bankruptcy Court Designations

| Designation Number | Date | ECF Number (APN 12-01194) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 29 | 11/3/2014 | – | 8343 | Objection to Motion LIMITED OBJECTION OF MERRILL LYNCH INTERNATIONAL TO THE TRUSTEES PRESENTMENT OF ORDER CONCERNING FURTHER PROCEEDINGS ON EXTRATERRITORIALITY MOTION AND TRUSTEES OMNIBUS MOTION FOR LEAVE TO REPLEAD AND FOR LIMITED DISCOVERY (related document(s)7834) filed by Anthony D. Boccanfuso on behalf of Merrill Lynch International. (Boccanfuso, Anthony) (Entered: 11/03/2014) |
| 30 | 11/3/2014 | – | 8342 | Objection / Limited Objection of UBS Defendants to the Trustee's Presentment of Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (related document(s)8249) filed by Marshall R. King on behalf of UBS Third Party Management Company SA, UBS Fund Services (Luxembourg) SA, UBS (Luxembourg) S.A., UBS AG. (King, Marshall) (Entered: 11/03/2014) |
| 31 | 10/23/2014 | 24 | 8249 | Notice of Presentment of Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery and Opportunity for Hearing filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: # 1 Exhibit A)(Sheehan, David) (Entered: 10/23/2014) |
| 32 | 10/21/2014 | 22 | 8229 | Notice of Adjournment of Hearing on Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery filed by Regina Griffin on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Griffin, Regina) (Entered: 10/21/2014) |
| 33 | 10/2/2014 | 20 | 8060 | Letter - October 2, 2014 Letter to Judge Bernstein regarding Trustee's Omnibus Motion for Leave to Replead and Defendants' Request for Further Proceedings on Extraterritoriality Motion (related document(s)16) filed by Oren Warshavsky on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Warshavsky, Oren) (Entered: 10/02/2014) |
| 34 | 8/28/2014 | 18 | 7828 | Declaration of Regina Griffin in Support of the Trustees Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) (related document(s)16, 17) filed by Oren Warshavsky on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: # 1 Exhibit 1 # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E) (Warshavsky, Oren) (Entered: 08/28/2014) |
| 35 | 8/28/2014 | 17 | 7827 | Memorandum of Law - Trustee's Memorandum of Law in Support of Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) (related document(s)16) filed by Oren Warshavsky on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: # 1 Exhibit 1) (Warshavsky, Oren) (Entered: 08/28/2014) |
| 36 | 8/28/2014 | 16 | 7826 | Motion to Allow- Notice of Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) filed by Oren Warshavsky on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC with hearing to be held on 10/22/2014 at 10:00 AM at Courtroom 723 (SMB) Objections due by 10/10/2014,. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Warshavsky, Oren) (Entered: 08/28/2014) |
| 37 | 8/22/2014 | – | 7766 | Letter Requesting Conference filed by Robinson B. Lacy on behalf of Banque J. Safra (Suisse) S.A.. (Lacy, Robinson) (Entered: 08/22/2014) |
| 38 | 7/29/2014 | – | 7547 | Order of U.S. District Court Judge Jed S. Rakoff signed on 7/7/2014. In sum, the Court finds that section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor. Therefore, the Trustee's recovery claims are dismissed to the extent that they seek to recover purely foreign transfers. Except to the extent provided in other orders, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 167 on the docket of 12-mc-115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12-mc-115 that were designated as having been added to the "extraterritoriality" consolidated briefing. SO ORDERED. (Savinon, Tiffany) (Entered: 07/29/2014) |

# Appendix A
*Picard v. Kookmin Bank*, Adv. Pro. No. 12-01194
Bankruptcy Court Designations

| Designation Number | Date | ECF Number (APN 12-01194) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 39 | 6/8/2012 | – | 4883 | [PART 1]<br>Order of U.S. District Court Judge Jed S. Rakoff signed on 6/6/2012. The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Extraterritoriality Defendants for the limited purpose of hearing and determining whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid the initial Transfers that were received abroad or to recover from initial, immediate or mediate foreign transferees. Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes. The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Extraterritoriality Issue, all arguments previously raised by either or both of them in opposition to all such motions granted by the Extraterritoriality Withdrawal Ruling, and such objections or arguments are deemed to be overruled, solely with respect to the Extraterritoriality Issue, for the reasons stated in the Extraterritoriality Withdrawal Ruling. All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters. On or before July 13, 2012, the Extraterritoriality Defendants shall file a single consolidated motion to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012) and a single consolidated supporting memorandum of law, not to exceed forty (40) pages (together, the "Extraterritoriality Motion to Dismiss"). The Trustee and SIPC shall each file a memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, not to exceed forty (40) pages each, addressing the Extraterritoriality Withdrawal Ruling Issue (the "Trustee's Opposition") on or before August 17, 2012. Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file a joinder, not to exceed two (2) pages (excluding exhibits identifying the relevant adversary proceedings), to the Trustee's Opposition, on behalf of the Trustee in certain of the adversary proceedings listed on Exhibit A hereto on or before August 17, 2012. In either case, the respective joinders may only specify what portions of the Trustee's Opposition are joined and shall not make or offer any additional substantive argument. The Extraterritoriality Defendants shall file one consolidated reply brief, not to exceed twenty (20) pages, on or before August 31, 2012 (the "Reply Brier').<br><br>[PART 2]<br>In the event the Trustee files an amended complaint (the "Amended Complaint") in any of the Adversary Proceedings after the Extraterritoriality Motion to Dismiss is filed, the Reply Brief shall include a reference (by civil action number and docket number only) to a representative Amended Complaint filed by the Trustee against Extraterritoriality Defendants. Any further requirement that the Amended Complaints subject to the Extraterritoriality Motion to Dismiss be identified or filed is deemed waived and satisfied. In the event the Trustee files an Amended Complaint, he shall, at the time the Amended Complaint is filed, provide the Extraterritoriality Defendants a blackline reflecting the changes made in the Amended Complaint from the then operative complaint. The Court will hold oral argument on the Extraterritoriality Motion to Dismiss on September 21, 2012, at 4:00 p.m. (the "Hearing Date"). On or before August 31, 2012, the Extraterritoriality Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege. This Order is without prejudice to any and all grounds for withdrawal of the reference (other than the Extraterritoriality Issue) raised in the Adversary Proceedings by the Extraterritoriality Defendants and any matter that cannot properly be raised or resolved on a Rule 12 motion, all of which are preserved. Nothing in this Order shall: (a) waive or resolve any issue not specifically raised in the Extraterritoriality Motion to Dismiss; (b) waive or resolve any issue raised or that could be raised by any party other than with respect to the Extraterritoriality Issue, including related issues that cannot be resolved on a motion under Fed. R. Civ. P. 12; or (c) notwithstanding Fed. R. Civ. P. 12(g)(2) or Fed. R. Bankr. P. 7012(g)(2), except as specifically raised in the Extraterritoriality Motion to Dismiss, limit, restrict or impair any defense or argument that has been raised or could be raised by any Extraterritoriality Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012, or any other defense or right of any nature available to any Extraterritoriality Defendant (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of process), or any argument or defense that could be raised by the Trustee or SIPC in response thereto. Nothing in this Order shall constitute an agreement or consent by any Extraterritoriality Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC.<br><br>[PART 3]<br>This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Extraterritoriality Issue) 'AJjth respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters. The procedures established by this Order, or by further Order of this Court, shall constitute the sole and exclusive procedures for determination of the Extraterritoriality Issue in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing or argument schedules were previously established with respect to the Extraterritoriality Issue in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Extraterritoriality Issue. To the extent that briefing or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Extraterritoriality Issue shall be excluded from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Extraterritoriality Defendants have issues other than the Extraterritoriality Issue or issues set forth in the Common Briefing Order that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior Order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason.(Savinon, Tiffany) (Entered: 06/08/2012) |
| 40 | 3/22/2012 | 1 | – | Adversary case 12-01194. Complaint against Kookmin Bank . Nature(s) of Suit: (14 (Recovery of money/property - other)) Filed by David J. Sheehan, David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Sheehan, David) (Entered: 03/22/2012) |