**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>COHEN POOLED ASSET ACCOUNT et al.,<br><br>Defendants. | Adv. Pro. No. 10-04371 (SMB) |

**STIPULATION AND ORDER DISMISSING WITHOUT PREJUDICE DEFENDANTS**
**FRANK NALEPKA, STEPHEN NALEPKA, AND ALLISON NALEPKA**

**WHEREAS**, on November 30, 2010, Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff") individually, filed a Complaint against defendants Frank Nalepka, Stephen Nalepka, and Allison Nalepka, among others, in the above-captioned adversary proceeding (the "Adversary Proceeding"); and

**WHEREAS**, Frank Nalepka, a defendant in the Adversary Proceeding, represents as follows that:

1. He invested in 61 M Associates and/or 61 Associates LLC (collectively, "61 Associates"), which maintained BLMIS Account No. 1CM1095 under the name Cohen Pooled Asset Account, and was aware that the money he invested in 61 Associates was, in turn, ultimately invested with BLMIS.

2. Between January 1999 and December 11, 2008, he deposited a total of $117,600 with 61 Associates with the understanding and expectation that the money would be invested with BLMIS.

3. Between January 1999 and December 11, 2008, he withdrew a total of $73,500 from 61 Associates with the understanding and expectation that this money was withdrawn from BLMIS, such that his net deposits exceeded his net withdrawals.

4. He did not invest any money with BLMIS, the Cohen Pooled Asset Account or 61 Associates in connection with investments in BLMIS, other than the $117,600 he deposited between January 1999 and December 11, 2008.

**WHEREAS**, Frank Nalepka represents that he has conducted a diligent search for any and all documentation he has related to his investment in 61 Associates; and

2

**WHEREAS**, in support of Frank Nalepka's position, he has submitted the following documentation to the Trustee:

1. Internal Revenue Service Schedule K-1s issued by 61 M Associates (Madoff) to Frank Nalepka for the years 1999 through 2008.

**WHEREAS**, Stephen Nalepka, a defendant in the Adversary Proceeding, represents as follows that:

1. He invested in 61 Associates and was aware that the money he invested in 61 Associates was, in turn, ultimately invested with BLMIS.

2. Between January 1999 and December 11, 2008, he deposited a total of $6,000 with 61 Associates with the understanding and expectation that the money would be invested with BLMIS.

3. Between January 1999 and December 11, 2008, he did not withdraw any money or receive any transfers from BLMIS, the Cohen Pooled Asset Account or 61 Associates.

4. He did not invest any money with BLMIS, the Cohen Pooled Asset Account or 61 Associates, other than the $6,000 he deposited between January 1999 and December 11, 2008.

**WHEREAS**, Stephen Nalepka represents that he has conducted a diligent search for any and all documentation he has related to his investment in 61 Associates; and

**WHEREAS**, in support of Stephen Nalepka's position, he has submitted the following documentation to the Trustee:

1. Internal Revenue Service Schedule K-1s issued by 61 M Associates (Madoff) to Stephen Nalepka for the years 1999 through 2008.

**WHEREAS**, Allison Nalepka, a defendant in the Adversary Proceeding, represents as follows that:

1. She invested in 61 Associates and was aware that the money she invested in 61

3

Associates was, in turn, ultimately invested with BLMIS.

2. Between January 1999 and December 11, 2008, she deposited a total of $4,400 with 61 Associates with the understanding and expectation that the money would be invested with BLMIS.

3. Between January 1999 and December 11, 2008, she did not withdraw any money or receive any transfers from BLMIS, the Cohen Pooled Asset Account or 61 Associates.

4. She did not invest any money with BLMIS, the Cohen Pooled Asset Account or 61 Associates, other than the $6,000 she deposited between January 1999 and December 11, 2008.

**WHEREAS**, Allison Nalepka represents that she has conducted a diligent search for any and all documentation he has related to his investment in 61 Associates; and

**WHEREAS**, in support of Allison Nalepka's position, she has submitted the following documentation to the Trustee:

> 1. Internal Revenue Service Schedule K-1s issued by 61 M Associates (Madoff) to Allison Nalepka for the years 1999 through 2008.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and Frank Nalepka, Stephen Nalepka, and Allison Nalepka as follows:

1. The representations in the foregoing "whereas" clauses shall be deemed material to this stipulation and agreement (the "Agreement").

2. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and Fed. R. Bankr. P. 7041(a)(1)(ii), the Trustee and Frank Nalepka, Stephen Nalepka, and Allison Nalepka (the "Stipulating Defendants") hereby stipulate that the Trustee's claims against the Stipulating Defendants in the Adversary Proceeding are dismissed without prejudice.

4

3. Notwithstanding the foregoing, the Stipulating Defendants and the Trustee agree that, in exchange for the Trustee's entering into this Agreement and dismissing the Stipulating Defendants, this Agreement shall also operate as, and is, a tolling agreement, whereby, should any court determine that the Stipulating Defendants are necessary parties to the Adversary Proceeding, or to perfect and/or enforce any of the Trustee's claims in connection with the Adversary Proceeding, or if any of the representations in this Agreement are false, the Trustee shall be permitted to assert any avoidance and/or other claims available under the Bankruptcy Code or SIPA in connection with the BLMIS Account at issue in the Adversary Proceeding with respect to those Stipulating Defendant(s) deemed necessary by the court or who have made a false representation in this Agreement, within six (6) months of such ruling or the period provided for under section 550(f) of the Bankruptcy Code, whichever is longer, by declaration or other notice by the Trustee, notwithstanding section 546(a) of the Bankruptcy Code, and the Stipulating Defendants hereby agree to waive any statute of limitations defense in any such actions or claims commenced by Trustee; it being understood that the Stipulating Defendants shall only be responsible for any false representations he or she has made, and not for those of another Stipulating Defendant.

4. Upon the dismissal of the Stipulating Defendants, the caption of the Adversary Proceeding is hereby amended to delete the Stipulating Defendants from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this stipulation.

This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be

deemed an original.

Dated: March 29, 2017

**BAKER & HOSTETLER LLP**

By: */s/ Dominic A. Gentile*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Robertson D. Beckerlegge
Email: rbeckerlegge@bakerlaw.com
Dominic A. Gentile
Email: dgentile@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**FEIN, SUCH, KAHN & SHEPARD, P.C.**

By: */s/ Gregg Tabakin*

Gregg Tabakin, Esq.
7 Century Drive, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 538-47—Ext. 112
Facsimile: (973) 397-2976
Email: gtabakin@feinsuch.com

*Attorneys for Defendants Frank Nalepka, Stephen Nalepka, and Allison Nalepka*

**SO ORDERED**

**Dated: March 29th, 2017**
**New York, New York**

**/s/ STUART M. BERNSTEIN**
**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,Plaintiff-Applicant,v.BERNARD L. MADOFF INVESTMENT SECURITIES LLC,Defendant. | Adv. Pro. No. 08-01789 (SMB)SIPA LIQUIDATION(Substantively Consolidated) |
| In re:BERNARD L. MADOFF,Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,Plaintiff,v.JANET MEERBOTT,Defendant. | Adv. Pro. No. 10-04371 (SMB) |