**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>John Fujiwara and Gladys Fujiwara,<br><br>               Defendants. | Adv. Pro. No. 10-04289 (SMB) |

### **STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS**

The plaintiff, Irving H. Picard (the "Trustee"), the trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"), individually, and Defendant John Fujiwara ("Mr. Fujiwara," and together with Mrs. Fujiwara, the "Fujiwaras") (the Trustee and Mr. Fujiwara shall will be referred to as the "Parties"),[1] by and through their respective undersigned counsel, state as follows:

**WHEREAS**, BLMIS made certain initial transfers, as further described below, to the Fujiwaras during the two-year period preceding BLMIS's collapse from a certain account that

---

[1] Mr. Fujiwara's counsel recently learned that Gladys Fujiwara has died. If the Parties do not settle this case within the next 90 days, the Trustee will file, pursuant to Bankruptcy Rule 7025, a Motion to Substitute.

the Fujiwaras held at BLMIS;

**WHEREAS**, the Trustee seeks in Count One of the Complaint to avoid and recover from the Fujiwaras these initial transfers or their value as fraudulent pursuant to, *inter alia*, sections 544, 548, 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), as well as sections 78fff(b), 78fff-1(b) and 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA"), as set forth in Count One of the Trustee's Complaint, and the Mr. Fujiwara has raised certain defenses to Count One;

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the Parties are entering into this Stipulation to avoid unnecessary litigation time and costs over undisputed facts and in the interest of efficiency;

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. In June 1989, the Fujiwaras opened an account with BLMIS, which was originally numbered 1-00642-1-0 and later was renumbered 1F0060 (the "Initial Account") which at various times had at least one sub-account, 1F0060-1-0. Over the years, either or both of the Fujiwaras provided money to BLMIS to purportedly invest in the Initial Account, and also withdrew funds from the Initial Account. From the date the Initial Account was opened through June 1997 when the Initial Account was closed, the Fujiwaras deposited a total of $1,400,000.00 into the Initial Account, and withdrew a total of $1,500,00.00 from the Initial Account.

2. In May 1997, the Fujiwaras opened a new account at BLMIS which was assigned No. 1F0126 (the "Account") and at various times had one or more sub-accounts, including 1F0126-3-0 and 1F0126-4-0. The Account was initially reportedly funded on or about June 3, 1997 with an inter-account transfer of all of the funds reportedly held in the Initial Account.

3. From the date the Account was initially opened through December 11, 2008, the Fujiwaras made seven deposits into the Account which collectively totaled $4,700,000.00, and they made thirteen withdrawals from the Account, which collectively totaled $9,050,000.00.

4. Of these thirteen withdrawals, $4,350,000.00 was withdrawn by the Fujiwaras from the Account between Dec. 12, 2006 and December 11, 2008 through nine separate transfers (the "Initial Transfers").

5. The Fujiwaras received the Initial Transfers from BLMIS by either check or wire transfer. The Fujiwaras received four of the Initial Transfers as checks, which they then endorsed and deposited into bank accounts held in their names or for their benefit. The Fujiwaras received five of the Initial Transfers through wire transfers directly into bank accounts held in their name or for their benefit.

6. By executing this Stipulation, Mr. Fujiwara in no way concedes or admits liability under sections 548, 550 or any other applicable section of the Bankruptcy Code, the DCL, SIPA, or any other applicable law.

7. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to the Fujiwaras or any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

8. This Stipulation is without prejudice to Mr. Fujiwara to oppose any further claims asserted by the Trustee with respect to additional transfers other than those as set forth above.

Dated:   New York, New York
         March 30, 2017

| | |
|---|---|
| */s/ Nicholas Cremona* | */s/ Brian J. Neville* |
| **BAKER & HOSTETLER LLP** | **Lax & Neville, LLP** |
| 45 Rockefeller Plaza | Brian J. Neville |
| New York, NY  10111 | 1450 Broadway, 35th floor |
| Telephone:  (212) 589-4200 | New York, New York 10018 |
| Facsimile:  (212) 589-4201 | Telephone: (212) 696-1999 |
| David J. Sheehan | Facsimile: (212) 566-4531 |
| Email:  dsheehan@bakerlaw.com | Email: bneville@laxneville.com |
| Nicholas J. Cremona | |
| Email:  ncremona@bakerlaw.com | |
| | |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff* | *Attorney for John Fujiwara* |

SO ORDERED this 30th day of March, 2017.


　　/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE