# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 5, 2017

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *In re: Bernard L. Madoff*, Adv. Pro. No. 08-1789

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write to request a conference pursuant to Local Bankruptcy Rule 7007-1 to seek permission for the Trustee to file a motion requesting that the Court adopt the rulings of the discovery arbitrator in similarly-situated cases or entering its own orders providing the same rulings.

      As the Court is aware, there have been multiple discovery disputes in adversary proceedings over the past two years. In an effort to resolve the disputes, the Court appointed the Honorable Frank Maas (Ret.) as discovery arbitrator in October of 2016 to "establish a uniform, efficient and fair framework for dealing with discovery disputes . . . ." *See* ECF. No. 14227 at ¶ 1, (the "Order Appointing Discovery Arbitrator"). On December 13, 2016, counsel for the Trustee and Ms. Chaitman, counsel for defendants in numerous adversary proceedings, participated in a day-long arbitration (the "Arbitration") with Judge Maas to discuss discovery disputes in nine adversary proceedings.[1] As a result of the Arbitration and multiple telephone

---

[1] The nine adversary proceedings at issue are *Picard v. Train Klan*, Adv. Pro. No. 10-04905 (SMB); *Picard v. Benjamin*, Adv. Pro. No. 10-04621 (SMB); and *Picard v. DiGuilian*, Adv. Pro. No. 10-04728 (SMB), *Picard v. Wilenitz, et al.*, Adv. Pro. No. 10-04995 (SMB), *Picard v. Perlman, et al.*, Adv. Pro. No. 10-04541 (SMB); *Picard v. Gordon*, Adv. Pro. No. 10-04914 (SMB); *Picard v. Harwood*, Adv. Pro. No. 10-04818 (SMB); *Picard v. Estate of Boyer Palmer*, Adv. Pro. No. 10-04826 (SMB); *Picard v. DiGuilian*, Adv. Pro. No. 10-04728 (SMB); and *Picard v. Dusek*, Adv. Pro. No. 10-04644 (SMB).

April 5, 2017
Page 2

conferences with counsel for all parties, Judge Maas entered discovery orders on January 4, 2017 and January 9, 2017, in those nine adversary proceedings.

Judge Maas' orders provide a well-defined road map for the discovery process in these adversary proceedings. The January 9, 2017 Discovery Arbitrator's Amended Order, (the "Amended Order") establishes language for a stipulation of facts regarding the transfers at issue, for those defendants willing to stipulate, and identifies specific discovery requests that are no longer relevant should a defendant stipulate.[2] For those defendants that cannot or choose not to stipulate, the Amended Order also provides a procedure for resolving remaining discovery issues.[3] The Amended Order also clarifies the information and/or documents that are to be provided in response to other, non-transfer related discovery requests, regardless whether a defendant enters into a stipulation under Paragraph A.2.[4] Simply put, the Amended Order streamlines discovery, and provides certainty to the process, thus minimizing the need for judicial intervention in the parties' discovery disputes.

Judge Maas also entered orders permitting depositions of defendants to proceed, within certain guidelines.[5] Despite these orders being entered, the Trustee's counsel is encountering difficulties in scheduling the depositions. In some instances, defendants are not making themselves available for deposition and in others, despite the Trustee's counsel waiting several weeks for defendants' availability, the dates offered are as far out as late August, more than five months after the request was made. Such unwillingness to provide dates and late availability is impacting the Trustee's ability to prosecute these cases in a timely manner.

In keeping with the intent of the Order Appointing Discovery Arbitrator, the Trustee requests a conference with the Court to discuss the adoption of Judge Maas' orders in full, applying them to all similarly situated adversary proceedings, and any procedural requirements of such application. This will provide a clear path for the parties to resolve discovery disputes and will avoid inconsistencies in discovery between adversary proceedings. Further, the Trustee requests a conference to discuss how the parties can timely schedule the depositions of defendants in order to prevent further unnecessary delay.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

---

[2] *See* ECF No. 14820, January 9, 2017 Discovery Arbitrator's Amended Order, at ¶ 1A.2 and A.3, attached hereto as Exhibit A.
[3] *Id.* at ¶ A.4.
[4] *Id.* at ¶ A.6, A.7, B.1-B.7, C.1-C.3, and D.1.
[5] *See* ECF Nos. 14808, January 4, 2017 Discovery Arbitrator's Order and 14819, January 9, 2017 Discovery Arbitrator's Order, attached hereto as Exhibits B and C.

April 5, 2017
Page 3

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Gregory Dexter (gdexter@chaitmanllp.com)
    Jennifer Allim (jallim@chaitmanllp.com)
    Chaitman, LLP
    465 Park Avenue
    New York, New York 10022