**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01182 (SMB) |
| Plaintiff, | |
| v. | |
| J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION, | |
| Defendants. | |

**TRUSTEE'S MOTION *IN LIMINE* NUMBER 4 AND MEMORANDUM
OF LAW TO EXCLUDE EXHIBITS NOT PRODUCED DURING DISCOVERY**

# TABLE OF CONTENTS

**Page**

BACKGROUND ...........................................................................................................................1

ARGUMENT .................................................................................................................................2

    I.    DISCOVERY ARBITRATOR'S SEVENTH DECISION APPLIES TO EXCLUDE DOCUMENTS NOT PRODUCED TO THE TRUSTEE IN SUPPORT OF DEFENDANTS' CLAIMS OR DEFENSES. .................................2

    II.    UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1), THE COURT SHOULD EXCLUDE DEFENDANTS' FIVE EXHIBITS AS THEY WERE NOT PRODUCED DURING DISCOVERY. ...............................3

CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agence France Presse v. Morel*,
  293 F.R.D. 682 (S.D.N.Y. 2013) ...............................................................................3, 4, 5

*Bey v. Iaquinto*,
  No. 12 CIV. 5875(JCF), 2015 WL 5786487 (S.D.N.Y. Sept. 30, 2015) ..................................4

*Design Strategy, Inc. v. Davis*,
  469 F.3d 284 (2d Cir. 2006) ......................................................................................3, 4, 5

*Ebewo v. Martinez*,
  309 F. Supp. 2d 600 (S.D.N.Y. 2004) ................................................................................3

*Lujan v. Cabana Mgmt., Inc.*,
  284 F.R.D. 50 (E.D.N.Y. 2012) .......................................................................................3, 4

*Patterson v. Balsamico*,
  440 F.3d 104 (2d Cir. 2006) .................................................................................................5

*Spotnana, Inc. v. Am. Talent Agency, Inc.*,
  No. 09 Civ. 3698(LAP), 2010 WL 3341837 (S.D.N.Y. Aug. 17, 2010) ..................................4

*Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.*,
  726 F. Supp. 2d 339 (S.D.N.Y. 2010) ................................................................................4

*Williams v. Cnty. of Orange*,
  No. 03 Civ. 5182(LMS), 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005) ..................................4

**Statutes**

15 U.S.C. § 78aaa *et seq.* .........................................................................................................1

**Rules**

Fed. R. Bankr. P. 9017 ..............................................................................................................1

Fed. R. Civ. P. 26 ............................................................................................................3, 4, 7

Fed. R. Civ. P. 37 ............................................................................................................3, 4, 5

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq*. and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law and the Declaration of Lan Hoang in support of the Trustee's Motions *In Limine* Numbers 1 through 4 ("Hoang Decl.") for entry of an order pursuant to the Federal Rules of Evidence, made applicable here by Federal Rule of Bankruptcy Procedure 9017, excluding exhibits not identified by Defendants' initial disclosures as potential exhibits or produced by Defendants during discovery.[1]

## BACKGROUND

This Court appointed the Honorable Melanie L. Cyganowski (Ret.) as the Discovery Arbitrator over discovery disputes in this matter. In her Seventh Decision, dated December 6, 2014,[2] Judge Cyganowski resolved certain disputes related to the Trustee's Fourth Set of Requests for Production of Documents to Defendants J. Ezra Merkin and Gabriel Capital Corporation. Among the disputed requests, Request No. 46 requested, "[t]o the extent not produced, all documents supporting and/or negat[ing] any claim or defense in the litigation."[3] The Trustee argued that the Defendants asserted boilerplate objections to this Request, but offered no rationale as to why the Request should be denied. The Defendants, in response, represented that all responsive documents had been produced. Judge Cyganowski held that the Defendants "are precluded from using at trial, either as evidence or for impeachment, any

---

[1] "Defendants," as referenced herein, include Defendants J. Ezra Merkin, Gabriel Capital Corporation, Ascot Partners L.P., and Ascot Fund Ltd.
[2] Arbitration Decision # 7, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Dec. 6, 2014), ECF No. 249.
[3] Hoang Decl., Ex. 19 (Trustee's Fourth Set of Requests for Production of Documents to Defendants J. Ezra Merkin and Gabriel Capital Corporation ("Fourth Document Requests to Merkin and GCC")) at 9. The same request was made in Request No. 11 in the Trustee's Fourth Set of Requests for Production of Documents to Defendants Ascot Partners, L.P. Hoang Decl., Ex. 20 (Trustee's Fourth Set of Requests for Production of Documents to Defendants Ascot Partners, L.P.) at 8.

1

existing documents that have not been previously produced herein in support of the factual bases for their claims or defenses."[4]

On March 10, 2017, the parties exchanged exhibit lists and proposed exhibits for trial. The Defendants included five exhibits on their list that were not previously produced by the Defendants during fact or expert discovery. These exhibits were identified on the Defendants' list as follows: (28) Black Oak;[5] (29) Bracebridge;[6] (830) NYAG SJ Ex. 93;[7] (831) NYAG SJ Ex. 94;[8] and (832) NYAG SJ Ex. 95.[9] Each of these exhibits purport to relate to the performance over various years of five different funds, respectively: Black Oak Capital, LLC; Bracebridge Capital; Millennium USA LP; Elliot Associates, LP; and SAC Capital International.

**ARGUMENT**

I. **DISCOVERY ARBITRATOR'S SEVENTH DECISION APPLIES TO EXCLUDE DOCUMENTS NOT PRODUCED TO THE TRUSTEE IN SUPPORT OF DEFENDANTS' CLAIMS OR DEFENSES.**

Judge Cyganowski's decision on Request No. 46 in her Seventh Decision directly addresses the exhibits at issue. The five exhibits at issue are covered by Request No. 46, which sought all documents relevant to the Defendants' claims or defenses in this matter. Defendants failed to produce the exhibits during either fact or expert discovery. Pursuant to Judge Cyganowki's Seventh Decision, the Defendants are now precluded from using these exhibits at trial, either as evidence or for impeachment.

---

[4] Arbitration Decision # 7 at 20.
[5] Hoang Decl. Ex. 9 (2003-2007 Black Oak Capital, LLC and Akula Energy, LLC statement).
[6] Hoang Decl. Ex. 10 (1994-2009 Bracebridge Composite Performance).
[7] Hoang Decl. Ex. 11 (1999-2008 Millennium USA LP At A Glance – "Portfolio Update" (NYAG SJ Ex. 93)).
[8] Hoang Decl. Ex. 12 (1977-2009 Elliott Associates, LP Performance (net of all fees) (NYAG SJ Ex. 94)).
[9] Hoang Decl. Ex. 13 (1996-2009 SAC Capital Internal (net of all fees) dated November 27, 2009 (NYAG SJ Ex. 95)).

2

II.  **UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1), THE COURT SHOULD EXCLUDE DEFENDANTS' FIVE EXHIBITS AS THEY WERE NOT PRODUCED DURING DISCOVERY.**

Under Fed. R. Civ. P. 26(a)(1)(A)(ii),

> a party must, without awaiting a discovery request, provide to the other parties: a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that that disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(e)(1)(A) instructs that a party must supplement or correct a disclosure under Fed. R. Civ. P. 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." "A party found to have violated its Rule 26 obligations is subject to sanctions under Rule 37." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012).

Fed. R. Civ. P. 37(c)(1) provides:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"Where a party does not meet its discovery obligations, '[a] district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37.'" *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006)). The purpose of Fed. R. Civ. P. 37(c) is to prevent the practice of "sandbagging" an adversary with new evidence. *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004).

Under Fed. R. Civ. P. 37(c)(1), if a party fails to disclose Fed. R. Civ. P. 26(a) or (e) information, the party is generally not permitted to use that information at trial "unless the failure

3

was substantially justified or is harmless." *Agence France Presse*, 293 F.R.D. at 685 (citing *Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 726 F. Supp. 2d 339, 348 (S.D.N.Y. 2010); *Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09 Civ. 3698(LAP), 2010 WL 3341837, at *1–2 (S.D.N.Y. Aug. 17, 2010)). In *Lujan*, the plaintiffs moved to strike a number of exhibits which they contended were created based on documents improperly withheld during discovery, and which were responsive to the plaintiffs' document demands. 284 F.R.D. at 68–69. The court found that to the extent the defendants did not disclose the documents contained in or used to create these specific exhibits, the defendants violated Fed. R. Civ. P. 26. *Id.* at 69. The court concluded that preclusion under Fed. R. Civ. P. 37 was appropriate. *Id.* at 70–71. The defendants' failure to produce requested documents, as well as documents on which the defendants might have relied, was neither substantially justified nor harmless, and thus the court granted the plaintiffs' motion to strike several of the exhibits. *Id.*

Fed. R. Civ. P. 37(c)(1) is often described as "self-executing" as the exclusion of undisclosed information is automatic unless the non-disclosing party sustains its burden of showing the failure to disclose was either substantially justified or harmless. *Williams v. Cnty. of Orange*, No. 03 Civ. 5182(LMS), 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005). Substantial justification means that reasonable parties could differ as to whether the disclosure was required, and harmless means that the party entitled to the disclosure has not been prejudiced. *Bey v. Iaquinto*, No. 12 CIV. 5875(JCF), 2015 WL 5786487, at *2 (S.D.N.Y. Sept. 30, 2015) (citing *Williams*, 2005 WL 6001507, at *3). Exclusion of evidence under Fed. R. Civ. P. 37 does not require a showing of bad faith. *See Design Strategy Inc.*, 469 F.3d at 296.

In determining whether to exclude evidence under this standard, courts refer to a list of four factors: "(1) the party's explanation for its failure to disclose, (2) the importance of the

4

evidence, (3) the prejudice suffered by the opposing party, and (4) the possibility of a continuance." *Agence France Presse*, 293 F.R.D. at 685 (citing *Design Strategy Inc.*, 469 F.3d at 296; *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

Here, excluding the five exhibits at issue—exhibits which purport to offer information on unrelated funds—is the only proper sanction for Defendants' discovery failure. First, the Defendants have no explanation for their failure to disclose these documents during fact or expert discovery. The documents were clearly requested by the Trustee. Request No. 133 of the Trustee's First Set of Requests for Production of Documents requested, to the extent not previously requested, "all documents in the Defendants' possession that are in a category identified in the Defendants' Initial Disclosures."[10] Request No. 14 of the Trustee's Second Set of Requests for Production of Documents specifically requested, to the extent not already produced, "all document productions made to the New York Attorney General ("NYAG")."[11] Request No. 46 of the Trustee's Fourth Set of Requests for Production requested, "[t]o the extent not produced, all documents supporting and/or negat[ing] any claim or defense in the litigation."[12] The five exhibits were not produced in response to any of these requests; nor do they fall into any of the categories on the Defendants' initial disclosures.[13] The Defendants' failure to disclose the "NYAG SJ" exhibits is particularly egregious given that the Defendants had these documents in their possession, custody, and control, and even relied on them in a related litigation, yet did not produce them directly to the Trustee.

---

[10] Hoang Decl. Ex. 17 (Trustee Irving H. Picard's First Set of Requests for Production of Documents, Interrogatories, and Requests for Admission to Defendants J. Ezra Merkin and Gabriel Capital Corporation).
[11] Hoang Decl. Ex. 18 (Second Set of Requests for Production of Documents to Defendants J. Ezra Merkin and Gabriel Capital Corporation).
[12] Hoang Decl. Ex. 19 (Fourth Document Requests to Merkin and GCC).
[13] Defendants J. Ezra Merkin and GCC served their Initial Disclosures on January 14, 2011. *See* Hoang Decl. Ex. 16 (Initial Disclosure Statement of Defendants J. Ezra Merkin and Gabriel Capital Corporation). Defendant Ascot Fund Ltd. served their Initial Disclosures on January 13, 2014. *See* Hoang Decl. Ex. 15 (Ascot Fund Limited's Initial Disclosures). Defendant Ascot Partners, L.P. did not serve initial disclosures. *See* Hoang Decl., Ex. 14 (Correspondence from Matthew Tulchin dated January 14, 2011).

5

Second, this evidence cannot be described as important as the Defendants have never before produced, cited to, relied upon, or referenced such exhibits in this matter, including in their Motion for Summary Judgment. Millions of documents have been produced in this litigation to date. The Trustee could not have anticipated the existence of or the Defendants' reliance on these five documents as the Defendants have only first referenced them in their exhibit list during pre-trial disclosures.

Third, the Trustee would be prejudiced by the use of these exhibits at trial because his experts have not had an opportunity to consider this information. Specifically, the Trustee's experts have not had an opportunity to investigate and opine on the performance of these five funds and how the purported performance may relate to the performance of BLMIS. Moreover, the Trustee has not had an opportunity to question J. Ezra Merkin, Defendants' expert, or any other witness about these documents.

Fourth, both fact and expert discovery have been closed in this matter for almost two years, summary judgment motions have been decided, and the parties are working to prepare for trial. Discovery should not be re-opened to permit Defendants to produce and rely upon documents that they had in their possession for years while discovery was open. A continuance is not appropriate where it would only reward the party who failed to identify and/or produce documents upon which it intended to rely at trial.

Indeed, the failure to disclose these five exhibits during discovery is not substantially justified or harmless. It is clear that Defendants intend to rely on these exhibits at trial. Reasonable minds could not disagree as to whether these exhibits should have been disclosed during discovery – they unquestionably should have been. Defendants had an obligation to disclose these exhibits pursuant to Fed. R. Civ. P. 26 and had they done so, the Trustee would

6

have had the opportunity to consider the exhibits during fact and expert discovery. This is prejudice to the Trustee and the Trustee should not be further harmed by any belated attempt to re-open discovery during trial preparation. The failure to make the production during the five years of discovery in this matter and to identify these exhibits in their initial disclosures should foreclose Defendants' ability to rely upon these five exhibits at trial.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion and enter an order excluding at trial Defendants' exhibits not produced to the Trustee during fact or expert discovery.

Dated:   April 7, 2017
         New York, New York

**BAKER & HOSTETLER LLP**

/s/ *David J. Sheehan*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Brian W. Song
Email: bsong@bakerlaw.com

*Attorneys for Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and the
Chapter 7 Estate of Bernard L. Madoff*