# EXHIBIT 18

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 09-01182 (BRL) |
| v. | |
| J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., GABRIEL CAPITAL CORPORATION, | |
| Defendants. | |

**SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS OF DOCUMENTS TO DEFENDANTS J. EZRA MERKIN AND GABRIEL CAPITAL CORPORATION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the

Federal Rules of Bankruptcy Procedure, Irving H. Picard, Esq. (the "Trustee"), as trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), hereby

submits the following requests for production of documents to Defendants J. Ezra Merkin and

Gabriel Capital Corporation ("GCC" and "Merkin" or "Defendants"). The Trustee requests that

300193651

Defendant provide written responses and documents, as well as a privilege log, no later than thirty days from the date on which it receives service of these requests.

## DEFINITIONS

1.  The definitions contained in Civil Rule 26.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, as adopted in Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York, are hereby incorporated by reference.

2.  "Applicable Period" means the period between and including the date on which the Defendant first opened an account with, or managed by, the Debtor, through the present.

3.  "Ariel" means Ariel Fund, Ltd.

4.  "Ascot" means Ascot Partners, L.P. and/or Ascot Fund, Ltd.

5.  "BLMIS" refers to Bernard L. Madoff Investment Securities LLC and any and all related entities, including without limitation:  Abtech Industries Inc.; BLM Air Charter LLC; Blumenfeld Development Group; BREA Associates LLC; Cohmad, Cohn, Delaire & Madoff, Inc.; Delta Fund I, L.P.; Madoff Brokerage & Trading Technologies LLC; Madoff Energy Holdings LLC; Madoff Energy III LLC; Madoff Energy IV LLC; Madoff Energy LLC; Madoff Family LLC (a/k/a Madoff Family Fund LLC); Madoff Realty LLC/Madoff Realty Associates/Madoff Realty Trust; Madoff Securities International Ltd.; Madoff Technologies LLC; Primex Holdings LLC; Realty Associates Madoff II; The Madoff Family Foundation (f/k/a Bernard L. and Ruth Madoff Foundation); Yacht Bull Corp (registered by Campbell Corporate Services LTD); Bernard Madoff; Ruth Madoff; Andrew Madoff; Mark Madoff; Peter Madoff; Marion Madoff; Shana Madoff (also Skoller or Swanson); Roger Madoff; Annette Bongiorno; Jo Ann "Jodi" Crupi; Eric Lipkin; Irwin Lipkin; Frank DiPascali; Erin Reardon; David Kugel; Belle Jones; and Darlene Concepcion.

6. "Complaint" means the operative complaint filed by the Trustee in this adversary proceeding.

7. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). "Communication" includes any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral or portrayed in any "document," and specifically includes: (a) conversations, meetings and discussions in person; (b) conversations, meetings and discussions by telephone or through telephonic messages; and (c) written and electronic correspondence, including communications by email.

8. "Concerning" means relating to, referring to, describing, evidencing or constituting. "Concerning" includes, directly or indirectly, in whole or in part, relating to, describing, reflecting, evidencing, embodying, constituting or referencing.

9. "Defendants" mean each or all defendants in this action, as well as any group of two of more defendants.

10. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

11. "Gabriel" means Gabriel Capital, L.P.

12. "GCC" means Gabriel Capital Corporation.

13. "Merkin" means J. Ezra Merkin.

14. "Person" means any natural person or any business, not-for-profit, legal, governmental or other incorporated or unincorporated entity, association, fund, organization or group.

15.    For all purposes herein, spelling, grammar, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to its context.

16.    The following rules of construction apply to these Requests:

(a)    "Any" and "all" shall be deemed to include the other;

(b)    "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of its scope;

(c)    "All" and "Each" shall be construed as "all and each"; and

(d)    The singular form of any word includes the plural and *vice versa*.

17.    Reference to any person that is not a natural person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent or representative of such person.

## INSTRUCTIONS

1.    All documents shall be identified by the request(s) to which they are primarily responsive or be produced as they are maintained in the usual course of business.

2.    Produce all documents and all other materials described below in your actual or constructive possession, custody, or control, including in the possession, custody or control of a current or former employee, wherever those documents and materials are maintained, including on personal computers, PDAs, wireless devices or web-based mail systems such as Gmail, Yahoo or the equivalent.

3.    Produce all documents maintained on paper, electronically stored information, electronic mail and instant messaging platforms regardless of whether the electronic mail or

instant messaging platform operates on your own server or Bloomberg or Reuters or similar servers and platforms.  Produce all documents, computerized data or content stored on electromagnetic media even if they are designated as drafts or as deleted.  Produce all voicemail messages, audio files, all e-mail messages, text messages and all other formats, including, but not limited to, word processing, electronic spreadsheets, images, databases, digital photocopier memory and any other memory storage devices such as fax machines or scanners, Intranet system data, Internet system data, telephone or cellular telephone calling records or data compilations.

4.      Produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of a document cannot be located, a copy should be produced in lieu thereof and should be legible and bound or stapled in the same manner as the original.  Multiple versions of documents, an e-mail or its attachment(s) distributed to multiple recipients or any other non-identical copy of a document are separate documents within the meaning of this instruction.

5.      Documents not otherwise responsive to these Requests should be produced if such documents mention, discuss, refer to, explain or concern one or more documents that are called for by these Requests, if such documents are attached to, enclosed with or accompany documents called for by these Requests or if such documents constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

6.      Documents attached to each other should not be separated; separate documents should not be attached to each other.

7.      Documents should include all exhibits or appendices which are referenced in, attached to, included or are a part of the requested documents.  Include all related content,

including, but not limited to, attachments to documents, linked documents and appended documents, as well as descriptions of each document's organization such as custodians, files, etc.

8.    You should produce the original of each document requested. If the original of a document cannot be located or it is unreasonable to produce the original, a fair and accurate copy should be produced in lieu thereof.

9.    If a request calls for information concerning a Transfer or Subsequent Transfer, redemption or withdrawal, please include documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (i.e., wire, check, etc.), date of, amount and the reason for the Transfer or Subsequent Transfer, redemption or withdrawal.

10.    If any document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection or any other privilege, then in answer to such request or part thereof, for each such document:

(a)    Identify the type, title and subject matter of the document;

(b)    State the place, date and manner of preparation of the document;

(c)    Identify the author, addressee(s) and recipient(s) of the document; and

(d)    State the nature of the legal privilege and the factual basis for the claim.

11.    With respect to each document to which an objection as to production is made, state the following:

(a)    Nature of the document;

(b)    Date of the document;

(c)    Name and title of the person(s) to whom the document was addressed and copied;

    (d)    Name and title of the person(s) who prepared and/or sent the document;

    (e)    General subject matter of the document;

    (f)    All documents referred to or accompanying such documents;

    (g)    Number of pages in the document; and

    (h)    Specific ground on which the objection is made.

12.    No part of any request shall be left unanswered merely because an objection has been interposed to another part of the request.

13.    If an objection is made to any request or part thereof under the Federal Rules of Bankruptcy Procedure 7034, the objection shall state with specificity all grounds for that objection.

14.    If a request is objected to as unduly burdensome, you shall (i) indicate the nature of the burden involved in providing the response requested; and (ii) set forth a proposal as to a less burden-incurring response that would provide responsive information.

15.    All requests herein incorporate Fed. R. Bankr. P. 7026-7037, Fed. R. Civ. P. 26-37 and Local Civil Rules for the United States Bankruptcy Court Southern District of New York 7026-7037.

16.    To the extent a document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of.  In each instance, identify the document; state the time period during which it was maintained; state the circumstance surrounding authorization for such disposition thereof and the date thereof; identify each person having knowledge of the circumstances of the disposition thereof; and identify each person who had possession, custody or control of the document, to

whom it was available or who had knowledge of the document and/or the contents thereof. Documents prepared prior to, but which relate or refer to, the time period covered by these documents are to be identified and produced.

<h2 style="text-align:center">MANNER OF PRODUCTION</h2>

Before a production is made that deviates from the instructions provided below, please contact undersigned counsel.

All documents produced to the Trustee shall be provided in single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where documents are produced in tiff format, each document shall be produced along with a multi-page, document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper documents. Searchable text of documents shall not be produced as fielded data within the ".dat file" as described below.

1.   Database load files and production media structure

Database load files shall consist of: (1) a comma-delimited values (".dat") file containing: production document identifier information, data designed to preserve "parent and child" relationships within document "families", reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper documents), custodian or document source information, as well as native file loading/linking information (where applicable); and (2) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data", images shall be provided within a root level "Images" folder

containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.

2.    Electronic documents and data, generally

Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or document source information, and searchable text as to allow the Trustee through a reasonable and modest effort, to fairly, accurately and completely access, search and display, comprehend and assess the documents' true and original content.

3.    Emails and attachments, and other email account-related documents

All documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf e-mail systems including but not limited to Microsoft Exchange™, Lotus Notes™ or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each document in such a manner as to make the document(s) reasonably useable, manageable, and comprehendible by the Trustee.

4.    Documents and data created or stored in or by structured electronic databases

With the exclusion of email and email account-related documents and data, all documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those documents into a useable, coherent database.  The documents must be accompanied with reasonably detailed, clear and focused documentation explaining the documents' content and format

including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s) and field level schemas include:

(a) XML format file(s);

(b) Microsoft SQL database(s);

(c) Access database(s); and/or

(d) fixed or variable length ASCII delimited files.

5.    Spreadsheets, multimedia, and non-standard file types

All documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives".

6.    "Other" electronic documents

All other documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding e-mails, structured electronic databases, spreadsheets, or multimedia) such as but not limited to word processing (such as Microsoft Word), image files (such as Adobe .pdf files, and other formats),

and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

     7.    <u>Paper documents</u>

Documents originally created or stored on paper shall be produced in tiff format. Relationships between documents shall be identified within the Relativity .dat file utilizing document identifier numbers to express parent document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each document shall be provided as a multi-page text file as provided for by these instructions.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

     1.    All bank statements for accounts held by, or for the benefit of, GCC during the Applicable Period.

    <u>**RESPONSE:**</u>


     2.    All bank statements for accounts held by, or for the benefit of, Merkin during the Applicable Period.

    <u>**RESPONSE:**</u>


     3.    All bank statements for accounts held by, or for the benefit of, Ariel during the Applicable Period.

    <u>**RESPONSE:**</u>


     4.    All bank statements for accounts held by, or for the benefit of, Gabriel during the Applicable Period.

**RESPONSE:**

5.    All bank statements for accounts held by, or for the benefit of, Ascot during the Applicable Period.

**RESPONSE:**

6.    All documents sufficient to identify all transfers to or from GCC during the Applicable Period.

**RESPONSE**:

7.    All documents sufficient to identify all transfers to or from Merkin during the Applicable Period.

**RESPONSE**:

8.    All documents sufficient to identify all transfers to or from Ariel during the Applicable Period.

**RESPONSE:**

9.    All documents sufficient to identify all transfers to or from Gabriel during the Applicable Period.

**RESPONSE:**

10.    All documents sufficient to identify all transfers to or from Ascot during the Applicable Period.

**RESPONSE:**

11.    All audio recordings or transcripts of telephonic communications between Merkin and any Person concerning BLMIS.

**RESPONSE:**

12.    All audio recordings or transcripts of telephonic communications between Merkin and any Person concerning investments or possible investments in Ariel, Ascot or Gabriel.

**RESPONSE:**

13.    All audio recordings or transcripts of telephonic communications in the possession of GCC or Merkin concerning BLMIS.

**RESPONSE:**

14.    To the extent not already produced, all document productions made to the New York Attorney General ("NYAG").

**RESPONSE:**

15.    All subpoenas or document requests served on Defendants by the NYAG, including, but not limited to, those referenced in the July 15, 2011 letter to Marc Powers from Neil Steiner.

**RESPONSE:**

16.    The Defendants' responses and objections to all subpoenas or document requests served on Defendants by the NYAG.

**RESPONSE:**

17.    The Defendants' responses and objections to all subpoenas or document requests served on Defendants by the Securities and Exchange Commission.

**RESPONSE**:

18.    The full list of search terms utilized by Defendants to identify and produce documents responsive to subpoenas or document requests served by the NYAG, as referenced in Neil Steiner's September 1, 2011 letter to counsel for the Trustee.

**RESPONSE:**

Date:  January 13, 2012                              Respectfully submitted,


Of Counsel:                                          Baker & Hostetler LLP
                                                     45 Rockefeller Plaza
Louis A. Colombo                                     New York, New York 10111
Kelly S. Burgan                                      Telephone: (212) 589-4200
David E. Kitchen                                     Facsimile: (212) 589-4201
Ruth E. Hartman                                      David J. Sheehan
Maritza Nelson                                       Email: dsheehan@bakerlaw.com
Baker & Hostetler LLP                                Marc D. Powers
1900 East Ninth Street, Suite 3200                   Email: mpowers@bakerlaw.com
Cleveland, Ohio  44114-3485                          Edward J. Jacobs
Telephone: (216) 632-0200                            Email:  ejacobs@bakerlaw.com
Facsimile: (216) 696-0740                            *Attorneys for Irving H. Picard, Esq.,*
Louis A. Colombo                                     *Trustee for the SIPA Liquidation of Bernard L.*
Email: lcolombo@bakerlaw.com                         *Madoff Investment Securities LLC*
Kelly S. Burgan
Email: kburgan@bakerlaw.com
David E. Kitchen
Email: dkitchen@bakerlaw.com
Ruth E. hartman
Email: rhartman@bakerlaw.com
Maritza Nelson
mnelson@bakerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 13th day of

January, 2012 by electronic mail upon the following:

Counsel to Defendants J. Ezra Merkin and Gabriel Capital Corporation
Neil A. Steiner, Esq.
Andrew J. Levander, Esq.
Katherine Stroker, Esq.
Dechert LLP
Email: neil.steiner@dechert.com
Email: andrew.levander@dechert.com
Email: katherine.stroker@dechert.com

Counsel to Bart M. Schwartz, Receiver of Gabriel Capital, L.P. and Ariel Fund Limited
Lance Gotthoffer, Esq.
Casey Lafferty, Esq.
Reed Smith LLP
Email: lgotthoffer@reedsmith.com
Email: mccarroll@reedsmith.com

Counsel to Ascot Partners, L.P. and David B. Pitofsky, Receiver for Ascot Partners, L.P.
David Pitofsky, Esq.
Kimberlee A. Malaska, Esq.
Goodwin Procter
Email: dpitofsky@goodwinprocter.com
Email: kmalaska@goodwinprocter.com

_____/s/ Edward Jacobs_____
*An Attorney for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and Bernard L. Madoff*

300193651                                    17