UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X
                                      :
In re:                                   :
                                      :   SIPA LIQUIDATION
BERNARD L. MADOFF INVESTMENT        :
SECURITIES LLC,                  :   No. 08-01789 (SMB)
                                      :
             Debtor.           :
———————————————————————— X

IRVING H. PICARD, Trustee for the Liquidation   :
of Bernard L. Madoff Investment Securities LLC, :
                                      :
            Plaintiff,          :   Adv. Proc. No. 09-01182 (SMB)
            v.                  :

J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,   :
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,   :
ASCOT FUND LTD., GABRIEL CAPITAL       :
CORPORATION,                  :
                                      :
           Defendants.       :
———————————————————————— X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY AND REPORT OF BRUCE G. DUBINSKY

DECHERT LLP  
1095 Avenue of the Americas  
New York, New York 10036  
(212) 698-3500  
*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*

NORTON ROSE FULBRIGHT US LLP  
1301 Avenue of the Americas  
New York, NY 10019-6022  
(212) 318-3000  
*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ....................................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

    I.    Legal Standard ........................................................................................... 3

    II.   Mr. Dubinsky's Testimony Is Wholly Irrelevant and Would Not Help the Court ........................................................................................................ 4

CONCLUSION .......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ............................................................................................................. 3, 4

*Davis v. Carroll*,
937 F. Supp. 2d 390 (S.D.N.Y. 2013) ..................................................................................... 4

*Highland Capital Mgmt., L.P. v. Schneider*,
379 F. Supp. 2d 461 (S.D.N.Y. 2005) ..................................................................................... 5

*Nat'l Envelope Corp. v. Am. Pad & Paper Co. of Del., Inc.*,
No. 06 Civ. 12988, 2009 WL 5173920 (S.D.N.Y. Dec. 30, 2009) .......................................... 4

*R.F.M.A.S., Inc. v. So*,
748 F. Supp. 2d 244 (S.D.N.Y. 2010) ..................................................................................... 4

*In re Rezulin Prods. Liab. Litig.*,
309 F. Supp. 2d 531 (S.D.N.Y. 2004) .................................................................................. 4, 6

*SEC v. Tourre*,
950 F. Supp. 2d 666 (S.D.N.Y. 2013) .................................................................................. 4, 6

**Preliminary Statement**

Defendants J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC"), Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund" and, collectively with Merkin, GCC, and Ascot Partners, "Defendants") respectfully submit this memorandum of law in support of their motion to strike the report and proposed testimony of Bruce G. Dubinsky, and related exhibits pursuant to Federal Rules of Evidence 401, 403, and 702, made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure.[1]

Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), retained Bruce J. Dubinsky to provide expert opinions on (1) whether fraud permeated BLMIS (Section VI), (2) whether BLMIS was solvent on and after December 11, 2002 (Section VII), and (3) whether Madoff Securities International Limited ("MSIL") was used to facilitate the transfer of funds out of BLMIS's investment advisory business (Section VIII). In addition, Mr. Dubinsky's report lays out 16 pages of "Factual Background" regarding BLMIS, MSIL, the individuals involved in the BLMIS fraud, and BLMIS's computer systems (Section V). The Trustee has also listed hundreds of internal BLMIS and MSIL records on his exhibit list that do not relate to the Defendants' accounts. It is undisputed that Madoff was operating a Ponzi scheme at BLMIS and that BLMIS was insolvent at all relevant times, and Defendants have offered to stipulate as such. No claim or defense in this case relates to MSIL or the fraudulent structure, players, and computer systems used in the Madoff fraud.

Mr. Dubinsky has admitted that the Report says nothing about any Defendant, that he did

not read the Complaint or any Amended Complaints in forming his opinions, and that he never read any deposition testimony in this matter. Mr. Dubinsky's proposed testimony and opinions should be excluded because they are irrelevant to any disputed issue in this case, are improper subjects for expert testimony, and would not be helpful to this Court. Moreover, to the extent Mr. Dubinsky relied on documents that do not relate to this action, including but not limited to BLMIS account documents for accounts other than those of Ascot Partners and Ascot Fund, this Court should preclude reference to and admission of those documents at trial.

## Background

Mr. Dubinsky is a Managing Director at Duff & Phelps, LLC. Almost six years ago, in June 2011, counsel for the Trustee retained Mr. Dubinsky to "provide forensic accounting analyses and render certain expert opinions and conclusions" regarding BLMIS. Decl. Ex. A at ¶ 1. In less than four years, by April 2015, Duff & Phelps, LLC had been paid approximately $31 to $32 million for its analyses of BLMIS and its conclusion that BLMIS was a Ponzi scheme. Decl. Ex. B at 30:3-18.

On August 20, 2013, Mr. Dubinsky drafted a 168-page expert report that sets forth his opinions that BLMIS was insolvent and a fraud, and that MSIL facilitated the transfer of funds out of BLMIS's investment advisory business. Mr. Dubinsky's report discusses, among other topics, more than a dozen employees at BLMIS, none of whom have ever been mentioned in this case; BLMIS's purported convertible arbitrage strategy in the 1970s—decades before Ascot Partners and Ascot Fund existed; the history and background of Ponzi schemes; and the application of the balance sheet test, capital adequacy test, and ability to pay debts test to

---

[1] The Expert Report of Bruce G. Dubinsky, dated August 20, 2013 (the "Report"), is attached as Exhibit A to the Declaration of Daphne T. Ha, dated April 7, 2017 ("Decl."). Excerpts from the transcript of Mr. Dubinsky's deposition testimony is attached as Decl. Ex. B.

2

BLMIS.  Defendants have never disputed BLMIS's insolvency in this case and Mr. Dubinsky concedes that "[i]n order to be deemed insolvent, the company at issue need only fail one of these three tests," Decl. Ex. A at ¶ 338, yet he nevertheless opines on his performance of all three tests to conclude that BLMIS was insolvent.  Mr. Dubinsky's report contains a 7-page section regarding BLMIS's "schtupping" of customer returns, yet Mr. Dubinsky concedes that he was not aware of any "schtupping" of the Defendants' accounts.  Decl. Ex. B at 111:13-113:4.  Nor did Mr. Dubinsky "know one way or another" if any Defendant had accounts or dealings with MSIL, despite the fact that MSIL was the subject of one of his three opinions.  *Id.* at 105:5-8.

Notably, the 168-page Report does not mention any Defendant in this case.  *See* Decl. Ex. B at 67:18-20 ("I would agree with you, I don't recall seeing [Merkin's] name specifically mentioned in the report."); 68:20-22 ("Q. And likewise, Ascot Partners, L.P. and Ascot Fund Limited, neither of those entities are mentioned?  A. That is correct."); 69:3-5 ("Q. And Gabriel Capital Corporation isn't mentioned either, right?  A. That is correct.").  In fact, not only did Mr. Dubinsky admit that he did not tailor the Report to this action, he conceded that he did not "do any separate work for the Merkin case" and did not even *consider* adding anything specific to this action.  *Id.* at 16:13-17:14, 34:23-24.  Nor did Mr. Dubinsky do any work in connection with this case after he issued the Report in August 2013.  *Id.* at 75:6-11.

## Argument

### I. Legal Standard

District courts perform a "gatekeeping" function to ensure that proffered expert evidence "both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  "To determine whether a proposed expert's testimony passes muster under Rule 702, this Court must inquire into: (1) the qualifications of the proposed

3

expert; (2) whether each proposed opinion is based upon reliable data and reliable methodology; and (3) whether the proposed testimony would be helpful to the trier of fact." *SEC v. Tourre*, 950 F. Supp. 2d 666, 674 (S.D.N.Y. 2013). The proponent of expert testimony "has the burden to demonstrate that its expert witness satisfies these criteria," *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 249 (S.D.N.Y. 2010) (citation omitted).

"Expert testimony which does not relate to any issue in the case is not relevant and ergo, non-helpful." *Daubert*, 509 U.S. at 591; *see id.* (stating that "fit" means "whether expert testimony proffered in the case is sufficiently tied to the facts of the case"). "This helpfulness requirement is akin to the relevance requirement of Rule 401, which is applicable to all proffered evidence, but goes beyond mere relevance because it also requires expert testimony to have a valid connection to the pertinent inquiry." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004) (internal quotation marks and alterations omitted).

## II.    Mr. Dubinsky's Testimony Is Wholly Irrelevant and Would Not Help the Court

Because it is undisputed that BLMIS was a Ponzi scheme and insolvent, Mr. Dubinsky's proposed testimony about fraud permeating BLMIS, BLMIS's insolvency, and MSIL (Sections VI-VIII) should be excluded as unnecessary and irrelevant.[2] *See, e.g.*, *Davis v. Carroll*, 937 F. Supp. 2d 390, 420 (S.D.N.Y. 2013) (striking as irrelevant undisputed portions of proposed expert testimony); *Nat'l Envelope Corp. v. Am. Pad & Paper Co. of Del., Inc.*, No. 06 Civ. 12988, 2009 WL 5173920, at *8 (S.D.N.Y. Dec. 30, 2009) (striking portions of expert report dealing with lost

---

[2]    The Trustee's 408-paragraph Third Amended Complaint only mentions MSIL in one paragraph as part of the background regarding "The Ponzi Scheme." TAC ¶ 31. When asked if any Defendant Fund had accounts or dealings with MSIL, Mr. Dubinsky testified: "I – I don't think so, but I don't know one way or another." Decl. Ex. B at 105:5-8. And Mr. Dubinsky admitted that portions of his Report opine on facts that occurred as early as in the 1970s, decades before the Defendants first opened their BLMIS accounts. *Id.* at 89:9-92:2 (discussing paragraphs 96-104 and 117).

4

profits and royalties because plaintiff stipulated that its only damages theory was infringing profits).

Nothing else in the Report—dated August 20, 2013, before the Trustee filed the Third Amended Complaint and seventeen months before the end of fact discovery in this case—is relevant to the contested claims and defenses in this proceeding. This includes the introductory details in Mr. Dubinsky's report regarding the "Factual Background" of BLMIS's fraud, including more than a dozen individuals who were employed at BLMIS and the computer systems used at BLMIS (Section V). These facts are wholly irrelevant to this case. *See Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005) ("[A]s with all testimony, the expert's testimony must actually be relevant to an issue in the case." (citing *United States v. Cruz*, 363 F.3d 187, 192 (2d Cir. 2004)).

Indeed, Mr. Dubinsky conceded during his deposition that his Report is not specific to this case: no Defendant is even mentioned in the Report, Decl. Ex. B at 67:8-69:5; "[t]here was nothing that [Mr. Dubinsky] added specifically for the Merkin case or took away," *id.* at 16:13-17:14; he did not "do any separate work for the Merkin case" and did not even *consider* adding anything specific to this action, *id.* at 16:13-17:14, 34:23-24. Similarly, Mr. Dubinsky admitted that, prior to forming his opinions and drafting the Report, he never reviewed any Complaint or Amended Complaint, deposition transcripts in this matter, or Mr. Merkin's prior testimony in any matter, *id.* at 78:4-80:16. Nor did Mr. Dubinsky do any work in connection with this case after he issued the Report in August 2013. *Id.* at 75:6-11. Mr. Dubinsky's proposed testimony is thus wholly divorced from the Trustee's allegations in this case. BLMIS and MSIL records that are unrelated to the Defendants should be excluded on the same grounds.

Moreover, the Report and Mr. Dubinsky's proposed testimony should be excluded for the independent reason that it is "inappropriate for experts to become a vehicle for factual narrative. Acting simply as a narrator of the facts does not convey opinions based on an expert's knowledge and expertise; nor is such a narration traceable to a reliable methodology. Mere narration thus fails to fulfill *Daubert*'s most basic requirements." *Tourre*, 950 F. Supp. 2d at 675. The factual background of BLMIS's fraud is a mere "historical commentary on what happened" that "constitutes lay matter that the fact-finder can understand without the assistance of experts." *Rezulin*, 309 F. Supp. 2d at 549, 551 (stating that such testimony is "properly presented through percipient witnesses and documentary evidence" instead).

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court exclude Mr. Dubinsky's Report and testimony in their entirety, and preclude the Trustee from referencing or admitting any BLMIS or MSIL records that that do not relate to the Defendants.

Dated: New York, New York
April 7, 2017

DECHERT LLP

By: */s/ Neil A. Steiner*
Andrew J. Levander
Neil A. Steiner
Mariel R. Bronen
Daphne T. Ha
1095 Avenue of the Americas
New York, New York 10036
andrew.levander@dechert.com
neil.steiner@dechert.com
(212) 698-3500

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*

NORTON ROSE FULBRIGHT US LLP

6

By: /s/ *Judith A. Archer*
    Judith A. Archer
    Sarah O'Connell
    David B. Schwartz
1301 Avenue of the Americas
New York, NY 10019-6022
Tel.: (212) 318-3000
Fax: (212) 318-3400
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

7