UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――― X
:
In re:                                                                            :
:
:    SIPA LIQUIDATION
:
BERNARD L. MADOFF INVESTMENT                                :
SECURITIES LLC,                                                               :    No. 08-01789 (SMB)
:
:
         Debtor.                                                                    :
:
―――――――――――――――――――――――――― X
:
IRVING H. PICARD, Trustee for the Liquidation          :
of Bernard L. Madoff Investment Securities LLC,        :
:
:
         Plaintiff,                                                                  :    Adv. Proc. No. 09-01182 (SMB)
     v.                                                                              :
:
J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,            :
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,          :
ASCOT FUND LTD., GABRIEL CAPITAL                  :
CORPORATION,                                                               :
:
         Defendants.                                                             :
:
―――――――――――――――――――――――――― X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXHIBITS RELATED TO
WHETHER INVESTORS WERE MISLED WITH RESPECT TO
<u>GABRIEL CAPITAL, L.P. AND ARIEL FUND LTD.'S EXPOSURE TO BLMIS</u>**

| | |
|---|---|
| DECHERT LLP | NORTON ROSE FULBRIGHT US LLP |
| 1095 Avenue of the Americas | 1301 Avenue of the Americas |
| New York, New York 10036 | New York, NY 10019-6022 |
| (212) 698-3500 | (212) 318-3000 |
| *Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation* | *Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.* |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

    I.     Applicable Legal Standards ................................................................................... 2

    II.    Testimony And Evidence Related To Defendants' Failure to Disclose Gabriel's And Ariel's Exposure To BLMIS Is Wholly Irrelevant, Unfairly Prejudicial To Defendants And A Waste Of The Court's Time ............................ 2

CONCLUSION .............................................................................................................................. 6

# **TABLE OF AUTHORITIES**

**CASES**

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011) (Decl. Ex. C) ................................................................................ 3, 4

*Highland Capital Mgmt., L.P. v. Schneider*,
    551 F. Supp. 2d 173 (S.D.N.Y.2008) ..................................................................................... 5

*In re Merkin*,
    817 F. Supp. 2d 346 (S.D.N.Y. 2011) .................................................................................... 5

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011) ............................................................................................... 3

*SEC v. Cohmad Sec. Corp.*,
    No. 09 Civ. 5680 (LLS), 2010 WL 363844 (S.D.N.Y. Feb. 2, 2010) ..................................... 4

*United States v. Fofanah*,
    765 F.3d 141 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 1449 (2015) ........................................ 3

**OTHER AUTHORITIES**

Fed. R. Evid. 402 ............................................................................................................................ 2

Fed. R. Evid. 403 ....................................................................................................................... 2, 5

ii

**Preliminary Statement**

Defendants J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC"), Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund" and collectively with Merkin, GCC, and Ascot Partners, "Defendants") respectfully submit this memorandum of law in support of their motion *in limine* pursuant to Federal Rules of Evidence 401, 403, and 404(a)(1), made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, to exclude the proposed testimony and exhibits related to investors' supposedly being misled about the investments by Gabriel Capital, L.P. ("Gabriel") and Ariel Fund Ltd. ("Ariel") in managed accounts with Bernard L. Madoff Investment Securities LLC ("BLMIS").

Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the Liquidation of BLMIS, seeks to introduce testimony of at least five witnesses along with exhibits to support his claim that investors in Gabriel and Ariel were misled by the Defendants with respect to those funds' investments with BLMIS. This evidence is irrelevant to the key issue at trial—whether Mr. Merkin was willfully blind to Madoff's fraud. Indeed, at oral argument on Defendants' Summary Judgment motion, the Court warned the Trustee that the evidence was irrelevant;

> THE COURT: I understand that. But what does lying to his investors have to do with his knowledge, subjective knowledge that there was a high probability of fraud?
> MS. HOANG: It has to do with his lack of – I mean, this all comes back to his lack of good faith. Why are you lying to your investors? Why don't you tell them the truth? Why don't --
> THE COURT: I'm sorry, I just don't see the connection. But (indiscernible).

SJ. Oral Arg. Tr. 63:8-17, attached as Exhibit A to the Declaration of Mariel R. Bronen, dated April 7, 2017 ("Decl."). This evidence is also irrelevant because the record clearly shows that many of these same investors knew about Ascot Fund's exposure to BLMIS. Ariel and Gabriel are no longer defendants in this action, having settled with the Trustee in June 2015 and obtaining an allowed net equity claim. Ariel and Gabriel, on the one hand, and Ascot, on the

other, had different strategies, different governing documents and different percentages of their funds invested with Madoff. The probative value, if any, of evidence of allegedly misleading statements made to investors in these non-defendant funds is certainly outweighed by the risk of prejudice to the Defendants, and its introduction would waste the Court's time and distract from the issues at trial.

## Argument

**I.       Applicable Legal Standards**

Evidence is admissible at trial only if it is relevant; "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. To be relevant, the evidence must have a "tendency to make a fact more or less probable than it would be without the evidence; and … the fact [must be] of consequence in determining the action." Even if evidence is relevant, Rule 403 provides that the Court may still exclude the evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or wasting time. Fed. R. Evid. 403. Moreover, under Rule 404(a)(1), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Application of these principles compels the conclusion that evidence of Defendants' purported failure to disclose to investors in Gabriel and Ariel those funds' investments with BLMIS should be excluded in this trial.

**II.      Testimony And Evidence Related To Defendants' Failure to Disclose Gabriel's And Ariel's Exposure To BLMIS Is Wholly Irrelevant, Unfairly Prejudicial To Defendants And A Waste Of The Court's Time**

The Trustee's sole remaining claim for monetary damages against Ascot Partners is to avoid and recover alleged actual fraudulent conveyances under Section 548(a)(1)(A) of the Bankruptcy Code. The Trustee's success on that claim depends on whether the alleged fraudulent transfers were received in good faith, in this case, whether Defendants made the

2

withdrawals from Ascot Partners' BLMIS account "without their having willfully blinded themselves to Madoff's scheme." *See* Trial Order at 1, *Picard v. Katz*, 11 Civ. 3605 (JSR), (S.D.N.Y. Mar. 14, 2012) ECF No. 177 (Decl. Ex. B).

As the Court explained, to establish "willful blindness" the Trustee must prove that Defendants (i) "subjectively believe[d] that there is a *high probability* that a fact exists" and (ii) "t[ook] deliberate actions to avoid learning of that fact." *See* Memorandum Decision at 27, Aug. 12, 2014, ECF No. 212 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011) (Decl. Ex. C); *see See* Transcript, *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, at 3 (Oct. 12, 2012) (Rakoff, J.), ECF No. 401 ("Essentially, with a very slight massaging, the [standard] is a test set forth in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070, a 2011 decision of the Supreme Court.") (Decl. Ex. D). "Under this formulation, a willfully blind defendant is one who takes *deliberate actions* to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Global-Tech*, 131 S. Ct. at 2070-71 (emphasis added); *see Picard v. Katz*, 462 B.R. 447, 455 (S.D.N.Y. 2011). Notably, willful blindness exists "only where it can almost be said that the defendant actually knew," and therefore requires more than a showing of "merely a known risk" or "'deliberate indifference'" to the risk. *Global-Tech*, 131 S. Ct. at 2071; *see United States v. Fofanah*, 765 F.3d 141, 151 n.2 (2d Cir. 2014) (noting that the *Global-Tech* inquiry asks whether a defendant "deliberately shield[ed] themselves from clear evidence of critical facts that are strongly suggested by the circumstances"), *cert. denied*, 135 S. Ct. 1449 (2015).

In a desperate effort to meet these exacting standards, the Trustee seeks to smear Mr. Merkin with selective and disputed evidence regarding whether Mr. Merkin failed to disclose that a limited percentage of two funds *no longer involved* in this case were at times invested with

3

BLMIS.  The Trustee seeks to introduce testimony from witnesses that claim that Mr. Merkin failed to disclose that portions of Gabriel and Ariel were invested in managed accounts at BLMIS. The proposed testimony includes statements from Joel Ehrenkranz, Josh Nash, Jason Orchard, Morris Smith, and Tina Suhr. As a legal matter, even if those allegations are true, they are irrelevant to the Trustee's claim, which requires the Trustee to show that Mr. Merkin was willfully blind to Madoff's fraud.  *See e.g.*, SJ. Oral Arg. Tr. 63:8-17 (Decl. Ex. A); *See* Trial Order at 1, *Picard v. Katz*, 11 Civ. 3605 (JSR), (S.D.N.Y. Mar. 14, 2012) ECF No. 177 (Decl. Ex. B).  Thus, the testimony and related exhibits are irrelevant and inadmissible under Federal Rule of Evidence 402.

   Defendants' alleged failure to disclose that a limited percentage of two other funds were sometimes invested with BLMIS does not speak to whether the Defendant "subjectively believe[d] that there is a high probability" that BLMIS was engaged in a fraud or that the Defendants took deliberate actions to avoid learning of the fraud. *Global-Tech*, 131 S. Ct. at 2070; *see SEC v. Cohmad Sec. Corp.*, No. 09 Civ. 5680 (LLS), 2010 WL 363844, at *4 (S.D.N.Y. Feb. 2, 2010) (holding that Madoff's secrecy "did not give notice of fraud because . . . anyone who watches TV commercials or reads magazine ads can attest that the projection of an 'aura of exclusivity' is a common marketing tactic" (internal quotation marks omitted)); *See* Chris Kentouris, "Hedge Funds Bracing for Likely Disclosure Mandates," Sec. Indus. News, Dec. 1, 2008, at 1 ("[F]or many hedge funds, proprietary trading strategies . . . are the secret sauce that allows them to generate above-market returns and attract investors . . . . Disclosing this confidential information to the public at large would be like disclosing the formula for Coke." (internal quotation marks omitted))(Decl. Ex. E).

4

Moreover, because the proposed testimony and related exhibits serve no purpose other than to cast Mr. Merkin in a negative light, their probative value, if any, is substantially outweighed by a danger of unfair prejudice to the Defendants and should be excluded. Fed. R. Evid. 403. "Evidence is prejudicial under Rule 403 if it 'involves some adverse effect ... beyond tending to prove the fact or issue that justified its admission into evidence.'" *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y.2008) (*quoting United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir.1995)). For the same reason, the testimony and exhibits are also inadmissible to show that Mr. Merkin acted in accordance with his purportedly bad character with respect to Madoff's fraud under Federal Rule of Evidence 404(a)(1).

The introduction of the irrelevant testimony and exhibits also risks confusing the issues at trial. There is no evidence that Mr. Merkin deceived *Ascot's* investors about the fund's investments with BLMIS or Madoff's role in managing the accounts. To the contrary, both the funds' governing documents and Mr. Merkin's communications with investors show those facts were disclosed. Ascot's governing documents expressly disclosed that Mr. Merkin may delegate investment discretion for all or a portion of the Funds' assets to independent money managers without prior notice or consent of investors in the Funds. Confidential Offering Memorandum of Ascot Partners, L.P. (October 2006) at 3, 13, 17 (Decl. Ex. F); *see also In re Merkin*, 817 F. Supp. 2d 346, 355-56 (S.D.N.Y. 2011) ("Each Fund offering memoranda also warned that Defendant Merkin could delegate investment discretion to third-party managers without notice to, or the consent of, any investor in the Funds, and that when he delegated such authority he did not have responsibility for the 'investment decisions of any independent money managers.'"). And the undisputed evidence shows that the many of Ascot investors knew about Madoff's role. *See e.g.* Email from ▓▓▓▓▓▓▓ dated October 9, 2007 (Decl. Ex. G); Email from Patrick

5

Erne dated October 29, 2007 (Decl. Ex. H); Email from Merkin dated March 15, 2004 (Decl. Ex. I). Indeed, three of the five witnesses the Trustee intends to call on this issue have acknowledged that they were aware that Ascot Fund had investments with BLMIS. Ehrenkranz Dep. Tr. 61:18-21 (Decl. Ex. J); Orchard Dep. Tr. 66:11- 14 (Decl. Ex. K); Surh Dep. Tr. 119:1-6 (Decl. Ex. L).

In sum, the testimony and exhibits relating to whether Mr. Merkin misled investors regarding Gabriel's and Ariel's investments in BLMIS should be excluded because they are irrelevant, unfairly prejudicial to the Defendants, constitute improper character evidence, and their introduction would waste the Court's time and distract from the issues at trial.

### Conclusion

For the foregoing reasons, Defendants respectfully request that this Court exclude the proposed testimony related to whether investor were misled with respect to Gabriel's and Ariel's exposure to BLMIS, and all related exhibits.

Dated:   New York, New York
         April 7, 2017

                                        DECHERT LLP

                                        By:   */s/ Neil A. Steiner*
                                              Andrew J. Levander
                                              Neil A. Steiner
                                              Mariel R. Bronen
                                              Daphne T. Ha
                                        1095 Avenue of the Americas
                                        New York, New York 10036
                                        andrew.levander@dechert.com
                                        neil.steiner@dechert.com
                                        (212) 698-3500

                                        *Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*

                                        NORTON ROSE FULBRIGHT US LLP

                                        By: /s/ *Judith A. Archer*
                                              Judith A. Archer
                                              Sarah O'Connell

6

      David B. Schwartz
1301 Avenue of the Americas
New York, NY 10019-6022
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

16197706.6