# EXHIBIT D

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   SECURITIES INVESTOR PROTECTION
     CORPORATION, IRVING H. PICARD,
 4
                  Plaintiffs,
 5
                  v.                         12 MC 115 (JSR)
 6
     BERNARD L. MADOFF INVESTMENT
 7   SECURITIES LLC, et al.,
                                             Conference
 8                Defendants.

 9   ------------------------------x

10                                           New York, N.Y.
                                             October 12, 2012
11                                           4:40 p.m.

12   Before:

13           HON. JED S. RAKOFF

14                                           District Judge

15
             APPEARANCES
16

17   NATHANAEL S. KELLEY
         Attorney for SIPC
18
     BAKER & HOSTETLER LLC
19       Attorneys for Trustee Picard
     BY:  OREN J. WARSHAVSKY
20       LAN HOANG

21   ANDERSON KILL & OLICK, P.C.
         Attorneys for Initial Transferees
22   BY:  TODD E. DUFFY
         DENNIS J. NOLAN
23
     LATHAM & WATKINS LLP
24       Attorneys for Subsequent Transferees
     BY:  CHRISTOPHER HARRIS
25
```

1                    (Case called)

2                    THE COURT:  I'm going to try to keep this as short as

3      possible because I don't think the economy can stand having to

4      pay for all the lawyers in this room.  This, unlike some of the

5      issues that have come before the Court involving the Madoff

6      matters, is one that the Court has previously dealt with.

7      Between that and the extensive briefing, I have reached some

8      tentative conclusions, although I will make no final

9      conclusions until I've heard oral argument and issued a written

10     opinion.

11                    My tentative conclusion is that the standard that the

12     trustee must meet to establish lack of good faith under a

13     willful blindness approach, as opposed to an actual intent

14     approach, is that the defendant must subjectively believe that

15     there is a high probability that a fact exists and the

16     defendant must then consciously turn away or otherwise take a

17     deliberate step or decision to avoid learning of that fact.

18     Essentially, with a very slight massaging, the test set forth

19     in Global-Tech Appliances v. SEB, 131 S.Ct. 2060, 2070, a 2011

20     decision of the Supreme Court.

21                    I am also of the view that in an action brought under

22     section 550, the burden is on the trustee to -- I'm sorry.  I

23     think I'm overstating where my head is at on the second thing.

24     I'm not sure whether the burden of establishing good faith is

25     on the defendant or the burden of establishing lack of good