UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
In re:                                 :
                                       :
BERNARD L. MADOFF INVESTMENT           :   Adv. Proc. No. 08-01789 (SMB)
SECURITIES LLC,                        :   SIPA LIQUIDATION
                                       :   (Substantively Consolidated)
                       Debtor.         :
------------------------------------- :
PERTAINS TO THE FOLLOWING CASE:        :
                                       :
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :   Adv. Proc. No. 09-1182 (SMB)
                                       :
                       Plaintiff,      :
              -v-                      :
                                       :
J. EZRA MERKIN, GABRIEL CAPITAL, L.P., :
ARIEL FUND LTD., ASCOT PARTNERS, L.P., :
ASCOT FUND LTD., GABRIEL CAPITAL       :
CORPORATION,                           :
                                       :
                       Defendants.     :
------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF MEAGHAN SCHMIDT**

NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10103
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
*Attorneys for Ralph C. Dawson, as Receiver
for Defendant Ascot Partners, L.P., and
Ascot Fund Ltd.*

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Tel.:  (212) 698-3500
*Attorneys for Defendants J. Ezra Merkin
and Gabriel Capital Corporation*

62271029.4

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") (collectively, "Merkin Defendants"), Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund") (Ascot Partners and Ascot Fund, together "Ascot" and collectively with the Merkin Defendants, "Defendants"), respectfully submit this Memorandum of Law in support of their motion *in limine* to exclude the testimony of Meaghan Schmidt as to the authentication of BLMIS books and records, pursuant to Federal Rules of Evidence 602 and 901, made applicable to this proceeding through Federal Rules of Bankruptcy Procedure 9017.

## ARGUMENT

The Trustee should be precluded from offering the testimony of Meaghan Schmidt because she lacks personal knowledge sufficient to authenticate BLMIS books and records—the sole subject on which she has been identified to testify. Ms. Schmidt is an employee of AlixPartners LLP, a consulting firm retained by the Trustee that has been paid tens of millions of dollars for services in connection with the SIPA proceeding. In public sources, AlixPartners is identified variously as a claims administrator, claims agent or transfer agent for the Madoff-related proceedings and the "accountant for the BLMIS estate since December of 2008." *See, e.g., SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB) Dkt. 11835. After Defendants objected to Ms. Schmidt's designation, in a letter dated March 30, 2017, the Trustee's counsel stated that Ms. Schmidt would "testify as to the efforts to identify, locate, and preserve all of BLMIS's ESI, paper documents and physical materials." *See* Declaration of Judith A. Archer in Support of Defendants' Motion *in Limine* to Exclude Testimony of Meaghan Schmidt ("Archer Decl.") Ex. A. That explanation does not give rise to the kind of personal knowledge or the foundation required for authentication of records.

62271029.4

Under Rule 602 of the Federal Rules of Evidence, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." There is no indication that Ms. Schmidt ever was employed by BLMIS and, therefore, she lacks any personal knowledge necessary to testify as to the authentication of BLMIS records as the Trustee proposes. Even if Ms. Schmidt may have obtained information relating to the authenticity of documents from information learned from others with personal knowledge, that testimony must be excluded as hearsay. *See* 3 C. Mueller and L. Kirkpatrick, *Federal Evidence*, § 6:6 (3d ed.) ("witness is not to testify to the acts, events, or conditions that [s]he only heard about from others, which would amount to hearsay in the most blatant sense, if the witness actually quoted or paraphrased what others told her, and would amount to hidden or indirect hearsay if she simply parroted in her own words what she heard from others.") Lacking personal knowledge, Ms. Schmidt should be precluded from testifying as to the authentication of BLMIS books and records.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion *in limine* to exclude the testimony of Meaghan Schmidt as to the authentication of BLMIS books and records.

| | |
|---|---|
| Dated: New York, New York<br>April 7, 2017 | NORTON ROSE FULBRIGHT US LLP<br><br>By:  /s/ Judith A. Archer<br>     Judith A. Archer<br>Sarah E. O'Connell<br>David B. Schwartz<br>1301 Avenue of the Americas<br>New York, New York  10103<br>Tel.:  (212) 318-3000<br>Fax:  (212) 318-3400<br>judith.archer@nortonrosefulbright.com<br>sarah.oconnell@nortonrosefulbright.com<br>david.schwartz@nortonrosefulbright.com<br><br>*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*<br><br>DECHERT LLP<br><br>By: _____<br>     Andrew J. Levander<br>Neil A. Steiner<br>Daphne T. Ha<br>Mariel R. Bronen<br>1095 Avenue of the Americas<br>New York, New York 10036<br>(212) 698-3500<br>andrew.levander@dechert.com<br>neil.steiner@dechert.com<br>daphne.ha@dechert.com<br>mariel.bronen@dechert.com<br><br>*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation* |