# Exhibit A

# BakerHostetler

**Baker&Hostetler LLP**

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Brian W. Song
direct dial: 212.271.1505
bsong@bakerlaw.com

March 30, 2017

**VIA EMAIL**

Mariel R. Bronen, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

Re:   *Picard v. Merkin et. al, Adv. Pro. No. 09-01182 (SMB) (Bankr. S.D.N.Y.)*

Dear Mariel:

I write in response to your letter dated March 24, 2017 and your follow-up email on March 28, 2017 concerning the Defendants' objections to certain exhibits and witnesses listed on the Trustee's Pretrial Disclosures.

**Objections to certain deposition designations.**

Prior to the deadline for the exchange of pretrial disclosures, the Trustee was unable to confirm whether Mr. Robert Castro, Mr. Joshua Nash, Mr. Morris Smith, Ms. Tina Surh, or Mr. Victor Teicher lived or worked within the 100 mile jurisdiction of the court.  We included those designations out of an abundance of caution.  Since then, we have confirmed through counsel that Mr. Teicher is currently within the jurisdiction of the court and therefore withdraw those designations.  We reserve the right to resubmit those designations and to object to Defendants' counter-designations should Mr. Teicher become unavailable under Fed.R.Civ.P. 32(a)(4) at the time of trial.

As to Ms. Noreen Harrington, to our knowledge, she still resides in Florida.  Ms. Harrington voluntarily made herself available in New York for her deposition pursuant to subpoena accepted by her New York counsel.

The Trustee continues to reserve the right to designate the testimony of any witness that becomes unavailable under Fed.R.Civ.P. 32(a)(4) at the time of trial.

Mariel R. Bronen, Esq.
March 30, 2017
Page 2

**Meaghan Schmidt**

Your objection to the disclosure of Ms. Schmidt is without merit. Ms. Schmidt will testify as to the efforts to identify, locate, and preserve all of BLMIS's ESI, paper documents, and physical materials. Her testimony is entirely consistent with establishing the authenticity of the records the Trustee inherited from BLMIS and with our initial disclosures regarding her knowledge, which was disclosed to you on November 22, 2013.

**Lauri Martin**

Similarly, your objection to Ms. Martin is also without merit. The Trustee's initial disclosures specifically list the investors in Ascot Partners, which included UBP. In Defendants' initial disclosures, Mr. Merkin and GCC named Ms. Martin as an employee of Union Bancaire Privee and/or UBP Asset Management LLC who had knowledge of due diligence on BLMIS.

In any event, the Trustee is not barred from calling Ms. Martin as a witness under Fed.R.Civ.P. 37(c)(1) because Defendants are well aware of Ms. Martin's identity and the subject matter upon which she would testify. Beyond identifying Ms. Martin in the initial disclosures, Mr. Merkin was asked about Ms. Martin during his deposition and Mr. Merkin testified that Ms. Martin was present at the meetings between UBP and Mr. Madoff in 2008. Ms. Martin's name appears on several of Defendants' proposed trial exhibits. (*See e.g.,* Defendants' Proposed Exhibits 278, 837-839). A "failure to disclose witness information is harmless if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial." *Fleet Capital Corp. v. Yamaha Motor Corp., USA,* No. 01-CV-1047, 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002) (internal citations omitted).

We also note that neither Mr. Gedale Horowitz nor Mr. Leon Meyers are listed in Defendants' Rule 26(a) initial disclosures.[1]

In light of the fact that courts prefer less drastic remedies to preclusion, the Trustee proposes that the parties jointly stipulate to re-open discovery for the limited purpose of deposing witnesses not previously deposed, including Ms. Schmidt, Ms. Martin, Ms Gershengoren, Mr. Horowitz, Mr. Igolnikov, and Mr. Meyers.

**Objections to certain files on the media containing Trustee's Proposed Trial Exhibits**

Your letter also objects to a "large volume of material" that you claim is not listed on Trustee's Exhibit B. You later clarified the specific files that you were referring to in an email on March 28, 2017.

After our review, we can confirm that there are some documents with a Bates prefix of MADTSS and MADTNN that were inadvertently included on Trustee's Media 1. A list of these

---

[1] We have no record of ever being served with initial or amended disclosures from Ascot Partners identifying witnesses or exhibits that it intended to rely upon in support of its claims and defenses.

Mariel R. Bronen, Esq.
March 30, 2017
Page 3

specific documents is attached as Exhibit 1 to this letter. The Trustee does not intend to offer the documents listed on Exhibit 1 as exhibits and they are withdrawn.

Media 1 contains MDPTQQ00000001, which is listed as Trustee No. 369 on Exhibit B. This exhibit has a contiguous Bates range ending at MDPTQQ00902596. With the exception of Trustee's proposed exhibits 1, 26, 27, and 369, all other files beginning with the MDPTQQ Bates prefix on Media 1 are withdrawn. Similarly, Media 2 contains files associated with the Settled Cash Database, listed as Trustee 370 on Exhibit B. This exhibit has a contiguous Bates range from MDPTVV00000001 to MDPTVV00346036. Media 3 contains MDPTPP0000001 which is listed as Trustee 150 on Exhibit B. This exhibit also has a contiguous Bates range ending at MDPTPP07781856.

The deposition designations contained on Media 5 were not intended to be exhibits. They were included in accordance with our agreement to exchange pdf and csv files.

The vast majority of the remaining files that you listed can be found on our Exhibit B as amended and referenced in our correspondence of March 17 and March 22, 2017. Attached as Exhibit 2 to this letter is a chart outlining where each of the remaining files can be located.

We trust that the foregoing is responsive to your concerns.

Sincerely,

Brian W. Song

cc:   Neil Steiner, Esq.
      Daphne Ha, Esq.
      Judith Archer, Esq.
      Sarah O'Connell, Esq.
      David Schwartz, Esq.