UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                    Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - 

PERTAINS TO THE FOLLOWING CASE:

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                    Plaintiff,

          -v-

J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,
ASCOT FUND LTD., GABRIEL CAPITAL
CORPORATION,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Adv. Proc. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Proc. No. 09-1182 (SMB)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO EXCLUDE OTHERS' PURPORTED
SUSPICIONS ABOUT MADOFF NOT EXPRESSED TO DEFENDANTS**

        NORTON ROSE FULBRIGHT US LLP
        1301 Avenue of the Americas
        New York, New York 10103
        Tel.: (212) 318-3000
        Fax: (212) 318-3400
        *Attorneys for Ralph C. Dawson, as Receiver*
        *for Defendant Ascot Partners, L.P., and*
        *Ascot Fund Ltd.*

        DECHERT LLP
        1095 Avenue of the Americas
        New York, New York 10036
        Tel.: (212) 698-3500
        *Attorneys for Defendants J. Ezra Merkin*
        *and Gabriel Capital Corporation*

62271551.2

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") (collectively, "Merkin Defendants"), Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund") (Ascot Partners and Ascot Fund, together "Ascot" and collectively with the Merkin Defendants "Defendants"), respectfully submit this Memorandum of Law in support of their Motion *in Limine* pursuant to Federal Rules of Evidence 401 and 403, as made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9017, to exclude evidence regarding others' purported suspicions of Bernard L. Madoff or Bernard L. Madoff Investment Securities, Inc. ("BLMIS"), that were not expressed to Merkin.

## ARGUMENT

Evidence that a witness purportedly had concerns about Madoff or BLMIS or even suspected that Madoff was engaging in fraud should be excluded as irrelevant unless that belief was somehow communicated to Merkin. The Trustee has identified as trial witnesses a number of individuals who now claim that they suspected that Madoff was creating some type of fictitious returns or otherwise engaged in fraud or misconduct. There is no evidence that these supposed beliefs were communicated to Merkin or that he otherwise knew of them. Hence, that evidence is not relevant and should be excluded pursuant to Fed. R. Evid. 401. Further, any limited relevance that this evidence may have is vastly outweighed by its prejudice, requiring exclusion pursuant to Fed. R. Evid. 403.

**I.   VIEWS ABOUT MADOFF AND BLMIS THAT WERE NOT EXPRESSED TO MERKIN HAVE NO RELEVANCE TO MERKIN'S SUBJECTIVE BELIEF**

The primary issue at trial is whether Merkin was willfully blind to the fraud perpetrated by Madoff and BLMIS. Willful blindness requires a showing that Merkin subjectively believed that there was a high probability that Madoff was engaged in a fraud and took deliberate actions

to avoid learning of that fact. *See Picard v. Merkin,* 515 B.R. 117, 139 (Bankr. S.D.N.Y. 2014) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011)).

Evidence is relevant only if it has a "tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Whether or not the individuals other than Merkin believed Madoff was engaged in fraud or misconduct, or even operating a Ponzi scheme, does not make Merkin's subjective belief as to Madoff's *bona fides* any more or less probable unless these witnesses' belief was communicated to Merkin or he otherwise knew of such a belief.  As this Court already has recognized, what Merkin "should have known . . . is not the test," (Transcript of Oral Argument on Motions for Summary Judgment, Dkt. No. 322 at 53:8-9). Rather, the focus must be on Merkin's subjective belief. *Id*. at 53:10.

Others' beliefs that were not communicated to Merkin could not have impacted his subjective belief and are therefore irrelevant. *Id*. at 53:8-13.  For example, the Trustee has designated testimony from Noreen Harrington that she suspected that Madoff was either front-running or his returns were fiction. (Declaration of Judith A. Archer in Support of Defendants' Motion *in Limine* to Exclude Others' Purported Suspicions About Madoff Not Expressed to Defendants ("Archer Decl.") Ex. A (Harrington Tr.) at 144:10-145:6)  Ms. Harrington admitted that she never communicated these beliefs to Mr. Merkin. (*Id.* at 214:15-18 ("I did not—I did not tell Mr. Merkin in the meeting that I suspected front-running and I did not tell Mr. Merkin in the meeting that I believed the returns were fiction.")). Similarly, ▓▓▓▓▓▓▓▓, a potential trial witness identified by the Trustee, testified at deposition that he believed that "Mr. Madoff may have been engaged in a fraudulent activity." (Archer Decl. Ex. B (▓▓▓▓ Tr.) at 22:21-23:5).  ▓▓▓▓▓▓▓▓ never testified, however, that he expressed this belief to Merkin.  This

62271551.2                              - 2 -

evidence, and similar evidence, is irrelevant and should be excluded. *See U.S. v. Jimenez*, No. 99 Cr. 1065 (WHP), 2000 WL 1752849, at *5 (S.D.N.Y. Nov. 29, 2000) (excluding as irrelevant evidence of unconveyed subjective intentions); *U.S. v. Hooper,* 935 F.2d 484, 491 (2d Cir. 1991) (same).

Not surprisingly, after Madoff's massive Ponzi scheme was exposed in December 2008, many individuals claimed to have "known" about its existence. Such hindsight, even if expressed to Merkin, is similarly irrelevant. *See Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2013 WL 1155420, at *7 (S.D.N.Y. Mar. 20, 2013) (evidence as to something realized "in hindsight is not relevant"); *cf. Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 888 F. Supp. 2d 431, 460 (S.D.N.Y. 2012) ("It is axiomatic that fraud may not be proven by hindsight and that plaintiffs must provide evidence that the ratings were either highly unreasonable or disbelieved by the Rating Agencies at the time they were issued." (emphasis in original)); *Universe Antiques, Inc. v. Vareika*, No. 10 Civ. 3629, 2011 WL 5117057, at *2 (S.D.N.Y. Oct. 21, 2011) ("Shaoul's state of mind in 2008 is irrelevant to the primary issue to be tried, which relates to the sale of the Window in 2007. Six of the eight letters are dated in April of 2008 and can have no bearing on Shaoul's state of mind at the time of the sale."); *Manufacturers Life Ins. Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, No. 99 Civ. 1944 (NRB), 2000 WL 709006, at *5 (S.D.N.Y. June 1, 2000) (rejecting claim that acts taken by defendant months after the alleged fraud evidenced defendant's scienter during the relevant period).

## II.    ANY LIMITED RELEVANCE OF THESE WITNESSES' BELIEFS REGARDING MADOFF IS OUTWEIGHED BY PREJUDICE

Even if the Court were to find that these unexpressed beliefs had some limited relevance, that relevance is outweighed by the prejudice of such testimony. Under Rule 403, the Court may

exclude relevant evidence where its probative value is substantially outweighed by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. *See also U.S. v. Gupta*, 747 F.3d 111, 131–32 (2d Cir. 2014); *Gerber v. Computer Assocs. Int'l, Inc.*, 303 F.3d 126, 136-137 (2d Cir. 2002). A court must "conscientiously balance[ ] the proffered evidence's probative value with the risk for prejudice." *U.S. v. Massino,* 546 F.3d 123, 132 (2d Cir. 2008) (citation omitted).

Evidence is considered prejudicial if it "involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *Highland Cap. Mgmt., L.P. v. Schneider,* 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (quoting *U.S. v. Gelzer,* 50 F.3d 1133, 1139 (2d Cir. 1995)). For instance, the proffered evidence may have a "tendency . . . to prove some adverse fact not properly in issue or unfairly excite emotions against the [opposing party]." *Massino*, 546 F.3d at 133 (citation omitted). Here, the Trustee may argue that because certain individuals claim to have believed that Madoff was engaged in misconduct or operating a Ponzi scheme, Merkin should have had such a belief. As set forth above, however, the Trustee has not adduced any competent evidence that these witnesses' beliefs concerning these witnesses' purported suspicions would overshadow the fact that Merkin was not aware of these beliefs, leading to confusion. Courts routinely exclude evidence based on Rule 403 where an unfair inference from the prejudicial evidence could be drawn. *See U.S. v. Martoma*, No. 12 CR 973 (PGG), 2014 WL 31191, at *6 (S.D.N.Y. Jan. 6, 2014) (granting motion *in limine* to exclude evidence where there was a risk that the jury would presume that if defendant obtained "confidential" information he could also obtain material non-public information from the same sources and trade on it). Because any limited probative value of the evidence regarding

witnesses' beliefs that Madoff was operating a Ponzi scheme, when such belief was not communicated to Merkin, is substantially outweighed by its prejudicial effect, Defendants motion to exclude such evidence should be granted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion *in limine* to exclude any evidence regarding beliefs that Madoff or BLMIS was operating a Ponzi scheme or some type of fraud if that belief was not communicated to Merkin.

Dated: New York, New York
April 7, 2017

NORTON ROSE FULBRIGHT US LLP

By:   /s/ *Judith A. Archer*
          Judith A. Archer
Sarah E. O'Connell
David B. Schwartz
1301 Avenue of the Americas
New York, New York  10103
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

DECHERT LLP

By:   /s/ *Neil A. Steiner*
          Andrew J. Levander
Neil A. Steiner
Daphne T. Ha
Mariel R. Bronen
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com
daphne.ha@dechert.com
mariel.bronen@dechert.com

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*