UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re:                                                              :
                                                                    :
BERNARD L. MADOFF INVESTMENT                                        :   Adv. Proc. No. 08-01789 (SMB)
SECURITIES LLC,                                                     :   SIPA LIQUIDATION
                                                                    :   (Substantively Consolidated)
                          Debtor.                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
PERTAINS TO THE FOLLOWING CASE:                                     :
                                                                    :
IRVING H. PICARD, Trustee for the Liquidation                       :
of Bernard L. Madoff Investment Securities LLC,                     :   Adv. Proc. No. 09-1182 (SMB)
                                                                    :
                          Plaintiff,                                :
            -v-                                                     :
                                                                    :
J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,                              :
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,                              :
ASCOT FUND LTD., GABRIEL CAPITAL                                    :
CORPORATION,                                                        :
                                                                    :
                          Defendants.                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE THE EXPERT TESTIMONY OF AMY B. HIRSCH**

<pre>
                                                NORTON ROSE FULBRIGHT US LLP
                                                1301 Avenue of the Americas
                                                New York, New York 10019
                                                Tel.:  (212) 318-3000
                                                Fax:  (212) 318-3400
                                                *Attorneys for Ralph C. Dawson, as Receiver
                                                for Defendant Ascot Partners, L.P., and
                                                Ascot Fund Ltd.*

                                                DECHERT LLP
                                                1095 Avenue of the Americas
                                                New York, New York 10036
                                                Tel.:  (212) 698-3500
                                                *Attorneys for Defendants J. Ezra Merkin
                                                and Gabriel Capital Corporation*
</pre>

59862599.9

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT ..............................................................................................................................3

I.    HIRSCH'S TESTIMONY SHOULD BE EXCLUDED AS IRRELEVANT UNDER RULE 401 ........................................................................................................................4

II.   ANY PROBATIVE VALUE OF HIRSCH'S TESTIMONY IS OUTWEIGHED BY A DANGER OF UNFAIR PREJUDICE, UNDUE DELAY, AND WASTE OF TIME ...........6

III.  HIRSCH'S TESTIMONY SHOULD BE EXCLUDED UNDER RULE 702 AS UNRELIABLE ......................................................................................................................8

CONCLUSION ..........................................................................................................................10

# TABLE OF AUTHORITIES

**CASES:** Page

*Agron v. Trustees of Columbia Univ.*,
  176 F.R.D. 445 (S.D.N.Y. 1997) ...................................................................................9

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
  303 F.3d 256 (2d Cir. 2002) ................................................................................3, 5, 8

*Astra Aktiebolag v. Andrx Pharms., Inc.*,
  222 F. Supp. 2d 423 (S.D.N.Y. 2002) ..............................................................................4

*Campbell v. Metro. Prop. & Cas. Ins. Co.*,
  239 F.3d 179 (2d Cir. 2001) ..........................................................................................5

*Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*,
  No. 07 Civ. 7988(HB), 2008 WL 3919186 (S.D.N.Y. Aug. 25, 2008) ..............................10

*Daubert v. Merrill Dow Pharms., Inc.*,
  509 U.S. 579, 1135 S. Ct. 2786 (1993) .................................................................3, 5, 9

*Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*,
  No. 11CV6201 DLC, 2015 WL 685153 (S.D.N.Y. Feb. 18, 2015) .......................................7

*Giles v. Rhodes*,
  No. 94 Civ. 6385(CSH), 2000 WL 1425046 (S.D.N.Y. Sept. 27, 2000) ..............................6

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137, 119 S. Ct. 1176 (1999) ...........................................................................8, 9

*Lippe v. Bairnco Corp.*,
  288 B.R. 678 (S.D.N.Y. 2003), *aff'd*, 99 Fed. App'x 274 (2d Cir. 2004) ..............................5

*Nimely v. City of N.Y.*,
  414 F.3d 381 (2d Cir. 2005) ..........................................................................................7

*Lynch v. Trek Bicycle Corp.*,
  374 Fed. App'x 204 (2d Cir. 2010) .................................................................................3

*Nat'l Envelope Corp. v. Am. Pad & Paper Co. of Del., Inc.*,
  No. 06 Civ. 12988, 2009 WL 5173920 (S.D.N.Y. Dec. 30, 2009) .......................................6

*Park W. Radiology v. Carecore Nat'l LLC*,
  675 F. Supp. 2d 314 (S.D.N.Y. 2009) ..............................................................................8

*Ruggiero v. Warner-Lambert Co.*,
    424 F.3d 249 (2d Cir. 2005)..................................................................................................10

*S.E.C. v. Morelli*,
    No. 91cv3874 (LAP), 1993 WL 603275 (S.D.N.Y. Dec. 21, 1993) ......................................7

*Trouble v. Wet Seal, Inc.*,
    179 F. Supp. 2d 291 (S.D.N.Y. 2001)....................................................................................8

*United Brands Co. v. M.V. Isla Plasa*,
    No. 85cv0491 (SS), 1994 WL 114825 (S.D.N.Y. Mar. 31, 1994) .........................................7

*United States v. Massino*,
    546 F.3d 123 (2d Cir. 2008)...................................................................................................7

*Valente v. Textron, Inc.*,
    559 Fed. App'x 11 (2d Cir. 2014).........................................................................................10

**STATUTES**:

Federal Rules of Bankruptcy Procedure 9017 ..................................................................................1

Federal Rules of Evidence 401 ........................................................................................................1

Federal Rules of Evidence 403 ....................................................................................................1, 7

Federal Rules of Evidence 702 .................................................................................................. *ibid*

**OTHER AUTHORITIES**:

3 Jack B. Weintstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 702 (1988) .........................5

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") (collectively, "Merkin Defendants"), and Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Defendant Ascot Fund Limited ("Ascot Fund") (Ascot Partners and Ascot Fund, together "Ascot" and collectively with the Merkin Defendants, "Defendants"), respectfully submit this Memorandum of Law in support of their Motion *in Limine* to exclude the expert testimony of Amy B. Hirsch pursuant to Federal Rules of Evidence 401, 403, and 702, made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9017.

## **PRELIMINARY STATEMENT**

Irving H. Picard (the "Trustee") has designated Ms. Hirsch as an expert witness to:

> A. Opine on whether transfers of fund assets and investor subscriptions of one hedge fund or fund-of-funds to another fund or entity is consistent with industry standards, customs and practices between 1990 and 2008.
>
> B. Opine on the transfers of fund asserts and investor subscriptions by and between Ascot Partners L.P., Ascot Fund Ltd., Gabriel Capital, L.P., Ariel Fund Ltd. and [GCC].[1]

(Hirsch Rep. at 1)

Defendants seek to exclude testimony or evidence regarding Hirsch's opinions because they are not relevant to any matters at issue in this action, they are unreliable and any minimal probative value is outweighed by unfair prejudice, undue delay, and waste of time. Ms. Hirsch's opinions do not relate to any claim against Defendants or any allegation in the Trustee's Third Amended Complaint, and are not germane to any issue to be tried. By offering Ms. Hirsch's opinions, the Trustee is merely attempting to impugn Defendants' actions by alleging

---

[1] The Expert Report of Amy B. Hirsch dated March 20, 2015 ("Hirsch Rep.") is attached as Exhibit A to the Declaration of Judith A. Archer in Support of Defendants' Motion *in Limine* to Exclude or Limit the Testimony of Amy B. Hirsch, dated April 7, 2017 ("Archer Decl."). Excerpts from the Transcript of Ms. Hirsch's deposition ("Hirsch Tr.") are attached as Exhibit B to the Archer Decl.

59862599.9

improprieties in how the funds operated. Even were that true, none of those opinions bear on the remaining issues in this case, *i.e.*, whether Merkin had subjective knowledge of facts indicating a high likelihood that Madoff was engaged in a Ponzi scheme and whether he deliberately failed to learn additional facts that would have revealed Madoff's actions. Permitting Ms. Hirsch to testify at trial is outweighed by the unfair prejudice the Trustee seeks to interject with this wholly irrelevant expert testimony and will also result in undue delay and waste of this Court's time.

Ms. Hirsch's opinions also should be excluded as unreliable. In opining that the transfers among Defendants and other funds were not adequately documented, she relied only upon a small subset of documents and failed to consider all documentation of the transfers. Ms. Hirsch also appears to have relied on personal knowledge she contemporaneously obtained in due diligence of Ariel Fund and Madoff for investors she was representing, which reflects improper lay (not expert) opinion testimony. It also has no bearing on her opinions as to the propriety of transfers or adequacy of documentation of transfers.

For the above reasons, the Court should exclude Hirsch's expert testimony in its entirety.

## BACKGROUND

Ms. Hirsch is the owner, CEO and CIO of Paradigm Consulting Services. In what she terms "Opinion I," Ms. Hirsch provides a lengthy summary of what a hedge fund is, different hedge fund structures, standard fund formation and administration documents. (Hirsch Rep. at 2-3) She purports to identify industry standards with respect to issues such as bookkeeping and record keeping requirements, obligations of a hedge fund manager, and risks that hedge fund investors face. This "opinion" is not specific to Defendants and has no relation to any matters at issue. (*See* Hirsch Tr. at 69:19-70:2)

Hirsch's "Opinion II," which purports to apply Opinion I to the facts of this action (Hirsch Tr. at 89:17-90:11), opines that certain transfers between and among Defendants (as well as Ariel and Gabriel, former Defendants in this action) were a misuse of fund assets, were inconsistent with industry standards, and lacked adequate documentation. (Hirsch Rep. at 3-4) None of the Trustee's claims, however, involve the misuse of fund assets or adequate documentation of transfers. Nor is there a claim here that Merkin breached any fiduciary or other duty. Ms. Hirsch's opinions, even if true, bear no relevance to the issues to be tried.

In reaching her opinions, Ms. Hirsch relied on another expert's report and two categories of data, Defendants' QuickBooks Database and Portfolio Management System. She neither reviewed nor referred to in her report the capital activity spreadsheets prepared by Michael Autera documenting the basis for all inter-account transfers between the BLMIS accounts, which provide documentation she claims was lacking, making her conclusions unreliable. Ms. Hirsch also admitted that she gained personal knowledge of GCC and Ariel Fund, from due diligence she conducted in 1995, as well as personal knowledge of Madoff's operations allegedly from due diligence she conducted in 2003. (*See* Hirsch Tr. 58:8-67:3)

## ARGUMENT

Under Federal Rule of Evidence 702, to allow expert witness testimony, a court must also find that "'an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Lynch v. Trek Bicycle Corp.*, 374 Fed. App'x 204, 206 (2d Cir. 2010) (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002)); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 1135 S. Ct. 2786, 2795 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Trustee has the burden of establishing that Hirsch's testimony is admissible. *Astra Aktiebolag v. Andrx Pharms., Inc.*, 222 F. Supp. 2d 423, 487 (S.D.N.Y. 2002); Fed. R. Evid. 702 advisory committee's note (2000 Amendments) ("[T]he proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence."). He cannot do so. Hirsch's testimony is neither relevant nor reliable and any minimal probative value is outweighed by a danger of undue delay, waste of time, and unfair prejudice. It should be excluded.

## I. HIRSCH'S TESTIMONY SHOULD BE EXCLUDED AS IRRELEVANT UNDER RULE 401

The opinions Hirsch offers neither implicate nor are relevant to any issue to be tried in this action. The remaining claims herein are: recovery of initial transfers to Ascot Partners (Count II); recovery of subsequent transfers to Ascot Fund, GCC and Merkin (Count IX); General Partner Liability (Count X); and equitable subordination of Ascot Partners' claim (Count XIII). To establish Defendants' liability the Trustee must prove: (1) Ascot Partners received withdrawals from BLMIS within two years of the filing date (for Count II); (2) Merkin was willfully blind to the Madoff Ponzi scheme (for all Counts); (3) Merkin's knowledge is imputed to Ascot fund (Count XIII); (4) Defendants received subsequent transfers (Count IX); and (5)

Ascot Partners engaged in inequitable conduct. (*See generally* Dkt. Nos. 284, 285, 306, 308) None of Hirsch's opinions are pertinent to any of these issues.

Expert testimony is relevant only if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *see also Lippe v. Bairnco Corp.*, 288 B.R. 678, 687 (S.D.N.Y. 2003), *aff'd*, 99 Fed. App'x 274 (2d Cir. 2004). "In fulfilling this gatekeeping role, the trial court should look to the standards of Rule 401 in analyzing whether proffered expert testimony is relevant, *i.e.*, whether it 'ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Amorgianos*, 303 F.3d at 265 (quoting *Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 184 (2d Cir. 2001)). "'Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.'" *Daubert*, 509 U.S. at 591, 113 S. Ct. at 2795 (quoting 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 702[02], at 702-18 (1988)).

As stated above, the issues remaining in this action concern the amount of alleged initial or subsequent transfers and Merkin's alleged willful blindness with respect to the Madoff Ponzi scheme. Hirsch offers no opinion as to the amount of any transfers at issue; that will either be the subject of stipulation by the parties or testimony from other experts. Nor do her opinions shed light on either Merkin's subjective knowledge of the Madoff scheme or any alleged deliberate avoidance.

None of the industry standards or customs on which Hirsch relies is at issue in this case. The Trustee's remaining claims do not in any way implicate the:

- propriety of transfers or adequacy of documentation of such transfers or of any loans;

- misuse or improper commingling of assets;

- propriety of Ascot's or GCC's bookkeeping or accounting systems; or

- any alleged breach of fiduciary or other duties by Merkin.

Thus, even if she is correct that there was some non-compliance with industry standards (which she is not), her testimony is not probative of any issue at trial. Hirsch touts her experience in conducting due diligence, which might have some arguable relevance in light of the Trustee's contention that Merkin's due diligence was inadequate and that it evinces his deliberate avoidance. Her opinions, however, do not address the adequacy of that due diligence. (Hirsch Tr. at 34:15-24) After repeated questioning, Hirsch conceded that she was not providing any opinion on due diligence. (*Id.* at 34:5-37:16) Having expressly eschewed offering any opinion on the adequacy of Merkin's due diligence, she offers nothing else that will assist the Court.

Because her opinions will not assist the Court in determining whether Merkin was willfully blind, Hirsch's report and testimony are irrelevant and should thus be excluded. *See, e.g.*, *Nat'l Envelope Corp. v. Am. Pad & Paper Co. of Del., Inc.*, No. 06 Civ. 12988, 2009 WL 5173920, at *8 (S.D.N.Y. Dec. 30, 2009) (striking portions of expert report dealing with lost profits and royalties because plaintiff stipulated that its only damages theory was infringing profits); *Giles v. Rhodes*, No. 94 Civ. 6385(CSH), 2000 WL 1425046, at *4 (S.D.N.Y. Sept. 27, 2000) ("An irrelevant expert report, like any irrelevant testimony, is not admissible.").

## II. ANY PROBATIVE VALUE OF HIRSCH'S TESTIMONY IS OUTWEIGHED BY A DANGER OF UNFAIR PREJUDICE, UNDUE DELAY, AND WASTE OF TIME

Even should the Court determine that Hirsch's testimony has some relevance, it should nevertheless be excluded because any minimal probative value is substantially outweighed by a danger of unfair prejudice, undue delay, and waste of time. *See* Fed. R. Evid. 403 (relevant

evidence may be excluded if its "probative value is substantially outweighed by a danger of one or more of the following: . . . undue delay, wasting time, or needlessly presenting cumulative evidence"); *see also Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005). "A court must 'conscientiously balance[] the proffered evidence's probative value with the[se] risk[s].'" *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, No. 11CV6201 DLC, 2015 WL 685153, at *3 (S.D.N.Y. Feb. 18, 2015 (quoting *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008)). Rule 403 is not only implicated if a case is being tried to a jury; it should also be considered when the case is being tried to a judge, particularly if excluding the evidence would alleviate delay and burden on the Court. *Id.* (citing *United Brands Co. v. M.V. Isla Plasa*, No. 85cv0491 (SS), 1994 WL 114825, at *1 n.2 (S.D.N.Y. Mar. 31, 1994) (excluding evidence under Fed. R. Evid. 403 at a bench trial based on burden to the court); *S.E.C. v. Morelli*, No. 91cv3874 (LAP), 1993 WL 603275, at *2 (S.D.N.Y. Dec. 21, 1993) (excluding evidence under Fed. R. Evid. 403 at a bench trial based on undue delay).

As stated above, Hirsch's testimony has minimal, if any, probative value. Her opinions relate solely to bookkeeping and the propriety of transfers between Defendants, which are not probative of any issue to be tried. Allowing Hirsch to testify on minimally relevant industry standards and bookkeeping practices by Defendants would waste the Court's time and cause undue delay.

Hirsch's testimony also is being offered for an improper purpose. Whether the Defendants properly used or transferred fund assets and properly documented transfers has no bearing on Merkin's alleged subjective knowledge or deliberate avoidance of Madoff's Ponzi scheme or any of the Trustee's remaining claims. The Trustee is undoubtedly attempting to influence the Court by implying that Defendants did not follow industry customs or standards.

But one certainly does not follow from the other. Hirsch's testimony would only result in unfair prejudice to Defendants; it serves no other purpose and should be under Rule 403.

### III. HIRSCH'S TESTIMONY SHOULD BE EXCLUDED UNDER RULE 702 AS UNRELIABLE

Finally, Hirsch's testimony should be excluded under Rule 702 because her opinion is not the product of reliable methods. Expert testimony must be the product of reliable principles and methods reliably applied to the facts of the case. Fed. R. Evid. 702. The trial court's task "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176 (1999).

Under *Daubert*, the reliability focus is "not on the substance of the expert's conclusions, but on whether those conclusions were generated by a reliable methodology." *Trouble v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 301 (S.D.N.Y. 2001); *see also Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326-28 (S.D.N.Y. 2009). In making the reliability determination, "the district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Amorgianos*, 303 F.3d at 267; *see also Kumho Tire*, 526 U.S. at 141, 119 S. Ct. at 1171. "To warrant admissibility, . . . it is critical that an expert's analysis be reliable at every step." *Amorgianos*, 303 F.3d at 267. If an expert opinion is based upon data or a methodology that is insufficient to support the expert's conclusions, Rule 702 and *Daubert* "mandate the exclusion of that unreliable opinion testimony." *Id.* at 266.

Hirsch's opinions relate to the documentation a fund should maintain according to industry standards and whether Defendants adhered to those standards. While Hirsch testified at length that her experience and qualifications related to conducting due diligence (Hirsch Tr. at 39:20-44:8; Hirsch Rep. ¶¶ 1-5 & App. 2), she does not now and has never run a hedge fund. While she purports to set forth industry standards, she concedes that she is expressing no opinion on any corresponding legal requirements. (Hirsch Tr. at 76:7-77:23) Hirsch also did not base her opinions concerning Defendants' bookkeeping and transfers between Defendants on all available documents. She selectively did not review or consider the capital activity spreadsheets in which GCC's CFO documented the Ascot investor redemptions and contributions that formed the basis for BLMIS inter-account transfers. (Hirsch Rep. at App. 3) It is also unclear whether portions of her opinions are based on information received or opinions formed as a product of her due diligence on GCC, Ariel Fund, and Madoff years ago. Her personal involvement, and the likelihood that it forms a basis for her opinions, makes her testimony improper lay opinion testimony because she brought her own experience to bear in conducting the due diligence. *Agron v. Trustees of Columbia Univ.*, 176 F.R.D. 445, 448 (S.D.N.Y. 1997).

The Court's gatekeeping role does not vary for non-scientific, experience-based expert opinion—"where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant discipline].'" *Kumho Tire*, 526 U.S. at 149, 119 S. Ct. at 1175 (quoting *Daubert*, 509 U.S. at 591). Hirsch's opinions are unreliable because they (i) do not consider all of the documents relevant to her opinions (cherry-picking the ones that she believes assist her conclusions), and (ii) may have been impacted by her personal involvement with GCC, Ariel Fund, and Madoff. Hirsch likewise has not shown

that her methodology has been accepted generally or any valid reason for excluding relevant documents from her analysis. *See Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07 Civ. 7998(HB), 2008 WL 3919186, at *5 (S.D.N.Y. Aug. 25, 2008) (excluding expert testimony that had no objective methodology or reasoning and relied on "selective information that skewed her findings"); *Valente v. Textron, Inc.*, 559 Fed. App'x 11, 13 (2d Cir. 2014) ("Where, as here, data is 'simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony.'" (quoting *Ruggiero v. Warner–Lambert Co.*, 424 F.3d 249, 253 (2d Cir. 2005))). Because Hirsch's testimony is unreliable for these additional reasons, it should be excluded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude Hirsch's expert testimony in full as irrelevant, outweighed by the danger of undue delay, waste of time, and prejudice, and unreliable pursuant to Rules 401, 403, and 702 of the Federal Rules of Evidence.

Dated:  New York, New York
        April 7, 2017

NORTON ROSE FULBRIGHT US LLP

By:   /s/ *Judith A. Archer*
       Judith A. Archer
Sarah E. O'Connell
David B. Schwartz
1301 Avenue of the Americas
New York, New York  10019
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

DECHERT LLP

By:    /s/ *Neil A. Steiner*
      Andrew J. Levander
Neil A. Steiner
Daphne T. Ha
Mariel R. Bronen
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com
daphne.ha@dechert.com
mariel.bronen@dechert.com

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*