# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

April 9, 2017

**VIA ECF and EMAIL: bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

   Re: *In re: Bernard L. Madoff*, No. 08-01789 (SMB)
     Hearing on the subpoena issue

Dear Judge Bernstein:

  We represent various Defendants in the good-faith clawback cases. We had subpoenaed various former Madoff traders. The Trustee asked for a conference with the Court seeking authorization to file a motion to quash the subpoenas. The Trustee did not seek interim relief: he never filed an order to show cause seeking to stay enforcement of the subpoenas. Based on prior rulings of this Court, absent a stay order, there is no basis to stay enforcement of the subpoenas. Nevertheless, we informed the Trustee's counsel in writing that we would stay enforcement of the subpoenas until after the conference that the Court set for April 11, 2017.

  On Friday, April 7, 2017, we were informed by the Trustee's counsel that the Court was no longer available on April 11. Hours before the close of business on April 7, we were informed that the conference would be held on Monday, April 10. However, neither I nor my associate, Greg Dexter, is available on April 10. We attempted to resolve this issue with the Trustee's counsel who has been absolutely uncompromising. We offered to enter into a consent order staying enforcement of the subpoenas until the Court ruled on the issues raised by the Trustee. The Trustee's counsel still refused to enter into a consent order.

  Thus, we submit this letter pursuant to Mike Paek's direction on April 8, 2017 that the Court would consider adjourning the April 10, 2017 conference on the subpoena issue upon receipt of a letter indicating our clear and unambiguous intent to hold compliance with the subpoenas in abeyance pending the court's resolution of the Trustee's pending motion to quash. To be clear, as we have previously voluntarily agreed, we are unambiguously and without qualification holding compliance with the subpoenas in abeyance pending resolution of the Trustee's motion to quash.

{00029578 1 }

# CHAITMAN LLP

Honorable Stuart M. Bernstein
April 9, 2017
Page 2

      We are *not* scheduling depositions. We have *not* received *any* documents in response to the subpoenas. We are *not* seeking compliance with the subpoenas. All of this has been told to the Trustee's counsel.

      As the Trustee well knows, there is only one subpoena returnable on Monday April 10, 2017. The Trustee has already told counsel for the subpoenaed party that he filed a motion to quash (although he has not done so) and that we have agreed to hold compliance with the subpoena in abeyance. Thus, the Trustee's position is absolutely untenable. We will be happy to send a letter informing all of the subpoenaed parties to stay compliance with the subpoena until further order of the Court.

      Accordingly, we respectfully request that the Court adjourn Monday's hearing.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/sh

cc:    (*via Email*)
      David Sheehan, Esq. (dsheehan@bakerlaw.com)
      Edward Jacobs, Esq. (ejacobs@bakerlaw.com)
      Cara McGourty, Esq. (cmcgourty@bakerlaw.com)

{00029578 1 }