**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>        Debtor. | |

**ORDER**

    Upon consideration of the Motion to Redact Limited Portions of the Transcript of the Deposition of Bernard L. Madoff Taken on December 20, 2016 (the "Motion") filed under seal in the above-captioned adversary proceeding by Capital Growth Company, Decisions Incorporated, Favorite Funds, JA Primary Limited Partnership, JA Special Limited Partnership, JAB Partnership, JEMW Partnership, JF Partnership, JFM Investment Companies, JLN Partnership, JMP Limited Partnership, Jeffry M. Picower Special Company, Jeffry M. Picower, P.C., The Picower Foundation, The Picower Institute of Medical Research, The Trust f/b/o Gabrielle H. Picower, Barbara Picower, individually, and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower (collectively, the "Picower Parties") (ECF Nos. 15008, 15010); the Declaration of Marcy Ressler Harris in support of the Motion filed under seal (ECF No. 15011); the Memorandum of Law in Opposition to the Motion filed under seal by Helen Davis Chaitman on behalf of the Defendants listed in Exhibit A of the Declaration of Helen Davis Chaitman (the "Customers") (ECF No.

15220); the Declaration of Helen Davis Chaitman (ECF No. 15221); the Picower Parties' Reply Memorandum of Law in further support of the Motion filed under seal (ECF No. 15334); and upon the closed hearing held on March 21, 2017; **and the court having considered he letters dated April 4th, 2017, April 5, 2017 and April 7,2017** and **[SMB: 4/10/17]**

**WHEREAS** on September 29, 2016, the Court entered an Order Authorizing the Deposition of Bernard L. Madoff (the "Second Madoff Deposition Order"), which provides that counsel are authorized to inquire solely regarding the Day 1 Deposition Topics set forth in the Second Madoff Deposition Order (ECF No. 14213); and

**WHEREAS** the Second Madoff Deposition Order further provides that counsel "are prohibited, at any point during Madoff's deposition, from asking Madoff any questions beyond the scope of the Court-approved Day 1 and Day 2 Deposition Topics, including any questions about . . . Jeffry M. Picower, the Picower Parties or their agents, or the Picower Parties BLMIS accounts"; and

**WHEREAS** the Second Madoff Deposition Order further provides that "[t]o the extent Madoff testifies regarding Jeffry Picower, the Picower Parties, or their BLMIS accounts in responding to questions on any of the Day 1 or Day 2 Deposition topics, Authorized Counsel may follow up with questions only to the extent that such follow up questions directly relate to the Day 1 or Day 2 Deposition Topics"; and

**WHEREAS** the Second Madoff Deposition Order, as modified by the Order Authorizing the Continued Deposition of Bernard L. Madoff (ECF No. 14905), provides a procedure by which the Picower Parties may seek "to seal, strike or redact any portion of the Transcripts";

2

**IT IS HEREBY ORDERED:**

1.  The Picower Parties' Motion is granted only insofar as the Court finds that the following portions of the Transcript of the Deposition of Bernard L. Madoff taken on December 20, 2016 (the "Day 1 Transcript") violate the permissible scope of the deposition under the Second Madoff Deposition Order: (i) pp. 28:18–29:8, (ii) pp. 30:11–32:13, and (iii) pp. 159:14–160:18 (collectively, the "Confidential Portions").

2.  The Confidential Portions of the Day 1 Transcript are confidential and shall be redacted in any publicly-available version of the Day 1 Transcript.

3.  Any disclosure of the Confidential Portions of the Day 1 Transcript is prohibited.

4.  In the event that the Day 1 Transcript is filed, referenced, cited, attached or otherwise used in any of the adversary proceedings in the above-captioned SIPA Liquidation, or in any other proceeding, only the redacted version of the Day 1 Transcript may be filed, referenced, cited, attached or otherwise used.

4.  The Confidential Portions of the Day 1 Transcript may not be filed, referenced, cited, attached or otherwise used in any action, litigation, arbitration, mediation, or other proceeding, including any of the adversary proceedings in the above-captioned SIPA Liquidation or any proceeding against the Picower Parties.

5.  In the event that counsel for the Trustee, the Customers, the Picower Parties or SIPC receives any request, subpoena, or other process seeking disclosure of the Day 1 Transcript or information related to Madoff's testimony in the Day 1 Transcript, such counsel

may produce only the redacted version of Day 1 Transcript and shall not produce the

Confidential Portions of the Day 1 Transcript unless authorized by this Court.

      6.      The Court, in its discretion, may impose sanctions on any person or entity

that violates any provision of this Order.

      7.      This Court shall retain exclusive jurisdiction over the enforcement,

implementation, and interpretation of this Order.

Dated: New York, New York
      **April 10, 2017**

      **/s/ STUART M. BERNSTEIN**
      HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE