# GIBSON DUNN



Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Direct: +1 212.351.3905
Fax: +1 212.351.5243
MKing@gibsondunn.com

Client: 93292-00083

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/11

July 12, 2011

MEMO ENDORSED

7/12/2011

I am ~~not~~ only interested in dealing with the threshold issues now — slush preempt, standing, I don't ~~deal~~ want to deal with other issues.

VIA FACSIMILE

Hon. Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1581

Re: Picard v. UBS AG, et al., 11 Civ. 4212 (CM);
Picard v. UBS AG, et al., 11 Civ. 4213 (CM)

Dear Judge McMahon:

We represent Defendants UBS AG, UBS (Luxembourg) SA, UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company SA (the "UBS Defendants"). I write in response to the July 11, 2011 letter to Your Honor from counsel for Plaintiff Irving H. Picard (the "Trustee").

While we are pleased that the Trustee has stipulated to withdrawal of the reference in Case No. 11 Civ. 4212 (CM) (the "Luxalpha Action"), his effort to avoid withdrawal in Case No. 11 Civ. 4213 (CM) (the "LIF Action") is misguided and should be rejected.

The claims alleged against the UBS Defendants in the LIF Action are premised on exactly the same factual allegations as those asserted in the Luxalpha Action. For the Court's convenience, I am attaching as Appendix A a table setting forth the core allegations against the UBS Defendants from each of the two complaints.[1] As Your Honor will see, the allegations are nearly identical.

As a result, adopting the Trustee's approach would result in duplication of efforts and would run the risk of inconsistent findings and judgments, perhaps prejudicing the UBS Defendants' right to a jury trial on the Trustee's common law claims. It simply makes no

---

[1] Copies of the full complaints in the two actions are attached as Exhibits B and C to the Declaration of Matthew K. Kelsey, executed on June 17, 2011, which was submitted with the UBS Defendants' motion to withdraw the reference.

# GIBSON DUNN

Hon. Colleen McMahon
July 12, 2011
Page 2

sense to litigate these identical facts in multiple courts. *See, e.g., In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2006 WL 337667, at *4 (S.D.N.Y. Feb. 10, 2006) ("There are many allegations of fact in the adversary proceeding that are quite similar to those in the class action. Such 'overlapping of facts, transactions, and issues' favors withdrawal....") (citations omitted).

Indeed, the Trustee's current position contrasts sharply with the (eminently logical) position that the Trustee advocated in response to JPMorgan's motion to withdraw the reference. There, the Trustee conceded that bankruptcy claims and non-bankruptcy claims with a common factual basis should be litigated together:

> MS. RENNER [Trustee's counsel]: .... There is also a fundamental overlap between the bankruptcy claims that we bring and the nonbankruptcy claims that we bring, and the overlap lies in the knowledge, in J.P. Morgan's knowledge, and that that's what we have to prove in our case, and all the discovery will be centered on that component.
>
> THE COURT: All right. If J. P. Morgan has a right to have Seventeen through Twenty-One heard in a district court, which is what J.P. Morgan says it does, then appertinent [*sic*] to that are all the rights that go along with it, including having a jury in an Article III court decide the issue of knowledge, not Judge Lifland, for all his expertise, right?
>
> MS. RENNER: We agree, after the motion to dismiss is decided, that this should be one case and it shouldn't be severed. That's our view. And you are not going to get any disagreement from us on that.
>
> THE COURT: Okay, great. Because it seemed to me foolish to litigate it in two places, notwithstanding the facial similarity of the first 16 claims to traditional bankruptcy claims and the last five claims to something that some class action lawyer would bring either here or in the New York State Supreme Court.
>
> MS. RENNER: It is the same discovery for all of our claims.

Transcript of Hearing in *Picard v. JPMorgan Chase & Co.*, May 4, 2011, at 18-19.

In addition to the inefficiency and potential prejudice of trying the same facts in two different courts, the Trustee's attempt to avoid withdrawal of the reference represents forum-shopping at its most blatant. In direct response to the UBS Defendants' motion to withdraw the reference – and, it should be noted, without the fanfare and media blitz that accompanied the

# GIBSON DUNN

Hon. Colleen McMahon
July 12, 2011
Page 3

filing of the Trustee's claims – the Trustee has purported to dismiss his common law claims in the LIF Action so as to avoid having that case heard in this Court. In his haste to avoid withdrawal of the reference, moreover, the Trustee has not even followed the proper procedure. Under Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss "an action" without a court order, but courts have held that this Rule does not permit unilateral dismissal of some, but not all, claims in an action. *See, e.g., Roberts v. Cooperatieve Centrale Raiffeisen-Boeren Leenbank B.A.*, No. 09 Civ. 5271 (JGK), 2010 WL 23170, at *1 (S.D.N.Y. Jan. 5, 2010) ("Generally, a plaintiff seeking to withdraw certain claims, but not all claims, against a defendant should do so pursuant to Rule 15 instead of pursuant to Rule 41, which allows for the plaintiff to dismiss 'an action.'"). While we certainly do not oppose the dismissal of the Trustee's common law claims against the UBS Defendants, the Trustee should be deemed to have amended his complaint in the LIF Action to dismiss those claims, and the Court should enter an order to that effect.

Finally, with respect to the Trustee's request that the Luxalpha Action be "treated separately" from the JPMorgan case, the UBS Defendants wish to be heard on the issues of SLUSA preemption and the Trustee's standing, and we are prepared to address these issues on the same schedule as in the JPMorgan case. We agree with the Trustee, however, that despite overlap of several legal issues and factual issues concerning the operation of the Madoff fraud, there are other issues to be addressed on motions to dismiss that are different (at least factually) from the JPMorgan case, and we will be guided by Your Honor as to whether these issues should be deferred until resolution of SLUSA preemption and standing or whether they should all be briefed at once. If Your Honor prefers that all issues be addressed at once, we would respectfully request an extension of the normal page limits, as Your Honor did in the JPMorgan case.

We are available at Your Honor's convenience to discuss these matters.

Respectfully,

Marshall R. King

cc: Counsel or Parties on the Attached Service List (*by email unless otherwise noted*)

101113001.1