**Appendix B**
*Picard v. UBS AG*, **No. 11-cv-04213 (CM)**
**District Court Designations**

| Designation No. | Date | ECF No. (11-cv-04213) | Docket Text |
|---|---|---|---|
| 6 | 6/21/2011 | 1 | MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5311A, 08-1789 (BRL).Document filed by UBS Third Party Management Company SA, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS AG.(bkar) (Entered: 06/21/2011) |
| 7 | 6/21/2011 | 2 | MEMORANDUM OF LAW in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5311A, 08-1789 (BRL).. Document filed by UBS (Luxembourg) S.A., UBS AG, UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company SA. (bkar) (Entered: 06/21/2011) |
| 8 | 6/21/2011 | 3 | DECLARATION of Matthew K. Kelsey in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5311A, 08-1789 (BRL).. Document filed by UBS (Luxembourg) S.A., UBS AG, UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company SA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(bkar) (Entered: 06/21/2011) |
| 9 | 7/7/2011 | 5 | ENDORSED LETTER addressed to All Counsel from Judge Colleen McMahon dated 7/7/2011 re: Pending Motion to Withdraw Reference. ENDORSEMENT: After checking for conflicts I have accepted your case as related to Picard v. JP Morgan Chase, as requested. The case is before me for a motion to withdraw the reference. By Monday, July 11 at 5 PM, the Trustee should either put in papers explaining how this case differs from the JP Morgan case, or I intend to enter an order withdrawing the reference for the reasons and to deal with the same questions as I have already withdrawn the reference in the JP Morgan case. If UBS wants to weigh in on those issues, it will have to find a way to fit itself into the existing briefing schedule. I am not slowing down the JP Morgan case just because UBS has gotten onto the train, and I have allowed the only extension of time I intend to permit. (Signed by Judge Colleen McMahon on 7/7/2011) (ab) (Entered: 07/07/2011) |
| 10 | 7/12/2011 | 7 | ENDORSED LETTER addressed to Judge Colleen McMahon from Marshal R. King dated 7/12/2011 re: Counsel for the UBS Defendants write in response to the 7/11/11 letter to Your Honor from counsel for Plaintiff Irving H. Picard. ENDORSEMENT: I am only interested in |

| | | | |
|---|---|---|---|
| | | | dealing with the threshold issue now- SLUSA presumption and standing, I don't want to deal with other issues. (Signed by Judge Colleen McMahon on 7/12/2011) (tro) (Entered: 07/12/2011) |
| 11 | 7/14/2011 | 9 | Letter addressed to All Counsel in Picard v. UBS AG (11cv4212 and 11cv4213) from Judge Colleen McMahon dated 7/14/2011 re: Motion to Withdraw the Reference in LIF Case. Trustees need to address the issues (listed in this letter) in a letter brief by close of business on Friday (jar) (Entered: 07/14/2011) |
| 12 | 7/19/2011 | 10 | ENDORSED LETTER addressed to ALL COUNSEL IN : PICARD v. AG et al., (The LIF Case) from Judge Colleen McMahon dated 7/19/11 re: I have I have Mr. Picard's position, which is that he has withdrawn his non-bankruptcy claims (which I will deem to be his amendment of right pursuant to Fed. R. Civ. P. 15, rather than a withdrawal pursuant to Fed. R. Civ. P. 41), and that the claims that remain against the LIF Defendants—who allegedly are subject to clawback—are bankruptcy claims that should remain in the Bankruptcy Court. I now need a reply brief from the defendants in the LIF case. I gather from the letter I received on July 12 that one argument being propounded is that the factual overlap between the case as to which the reference has been withdrawn (at least for now) and the case as to which the reference has not been withdrawn (at least for now) favors withdrawal of the reference. I would also appreciate some discussion of the severability of claims that truly are "garden variety bankruptcy" claims (claims to monies "redeemed" in the period immediately prior to bankruptcy, for example) from claims that might actually not be "garden variety bankruptcy" claims. Please get me something by the close of business Friday. ENDORSEMENT: So Ordered. (Signed by Judge Colleen McMahon on 7/19/11) (pl) (Entered: 07/19/2011) |
| 13 | 7/19/2011 | 11 | Letter addressed to ALL COUNSEL IN : PICARD v. AG et al., (The LIF Case) from Judge Colleen McMahon dated 7/19/11 re: Motion to Withdraw Reference. I have Mr. Picard's position, which is that he has withdrawn his non-bankruptcy claims (which I will deem to be his amendment of right pursuant to Fed. R. Civ. P. 15, rather than a withdrawal pursuant to Fed. R. Civ. P. 41), and that the claims that remain against the LIF Defendants—who allegedly are subject to clawback—are bankruptcy claims that should remain in the Bankruptcy Court. I now need a reply brief from the defendants in the LIF case. I gather from the letter I received on July 12 that one argument being propounded is that the factual overlap between the case as to which the reference has been withdrawn (at least for now) and the case as to which the reference has not been withdrawn (at least for now) favors withdrawal of the reference. I would also appreciate some discussion of the severability of claims that truly are "garden variety |

| | | | |
|---|---|---|---|
| | | | bankruptcy" claims (claims to monies "redeemed" in the period immediately prior to bankruptcy, for example) from claims that might actually not be "garden variety bankruptcy" claims. Please get me something by the close of business Friday. Additional relief as set forth in this letter. (pl) (Entered: 07/19/2011) |
| 14 | 7/27/2011 | 12 | ORDER WITHDRAWING REFERENCE AS TO CLAIMS AGAINST THE UBS DEFENDANTS BUT NOT AGAINST THE OTHER DEFENDANTS re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5311A, 08-1789 (BRL) filed by UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company SA, UBS (Luxembourg) S.A., UBS AG. As Against Defendants Luxembourg Investment Fund and the Landmark Investment Fund Ireland (the LIF Defendants): The motion to withdraw the reference is denied. Therefore, the claims against the UBS Defendants in the LIF action will remain in this court, per 28 U.S.C. § 157(d), which provides that a district court may withdraw the reference in part. The UBS Defendants' motion to withdraw the reference as to the claims against them in the LIF Action is granted. None of the other defendants has filed a letter brief addressing withdrawal of the reference in connection with claims against them. The reference is not withdrawn as to those claims. (Signed by Judge Colleen McMahon on 7/27/2011) (tro) (Entered: 07/27/2011) |