**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1581
(212) 805-6325

CHAMBERS OF
COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/11

| | | |
|---|---|---|
| TO ALL COUNSEL IN: | PICARD v. UBS AG et al., (The LIF Case) | 11-cv-4212 |
| FROM: | Judge McMahon | 11-cv-4213 |
| RE: | Motion to Withdraw Reference | |
| DATE: | July 19, 2011 | |

Counsel:

I have Mr. Picard's position, which is that he has withdrawn his non-bankruptcy claims (which I will deem to be his amendment of right pursuant to Fed. R. Civ. P. 15, rather than a withdrawal pursuant to Fed. R. Civ. P. 41), and that the claims that remain against the LIF Defendants – who allegedly are subject to clawback – are bankruptcy claims that should remain in the Bankruptcy Court.

I now need a reply brief from the defendants in the LIF case. I gather from the letter I received on July 12 that one argument being propounded is that the factual overlap between the case as to which the reference has been withdrawn (at least for now) and the case as to which the reference has not been withdrawn (at least for now) favors withdrawal of the reference. What has not been made clear is whether there remain in the LIF case issues of federal law (as to any of the defendants) that do not arise under Title 11, and whether there are corresponding jury trial rights as to those issues. In view of the withdrawal of the common law claims against the UBS Defendants, I do not understand precisely what claims are asserted against them, or how they qualify as the sort of claims that are traditionally asserted in bankruptcy. Obviously, none of that was discussed in the moving brief, because there was low-hanging fruit (SLUSA preemption and standing) ripe for the picking at that moment. But how exactly has the withdrawal of the common law claims caused the issue of the Trustee's standing to disappear? What funds belonging to the BMIS Estate is the Trustee trying to "claw back" or recapture relying on "garden variety bankruptcy" principles?

I would also appreciate some discussion of the severability of claims that truly are "garden variety bankruptcy" claims (claims to monies "redeemed" in the period immediately prior to bankruptcy, for example) from claims that might actually not be "garden variety bankruptcy" claims.

Please get me something by the close of business Friday.

_____
U.S.D.J.