**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Marc E. Hirschfield
Keith R. Murphy

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE DEFENDANTS IDENTIFIED IN EXHIBIT A,<br><br>                    Defendants. | Adv. Pro. No. As Identified in Exhibit A (BRL) |

## APPLICATION BY WAY OF ORDER TO SHOW CAUSE SEEKING ENTRY OF AN ORDER DIRECTING DEFENDANTS TO MAKE EXPEDITED LIMITED INITIAL DISCLOSURES, OR TO PROVIDE IMMEDIATE NOTICE OF CERTAIN ADVERSARY PROCEEDINGS

TO:    THE HON. BURTON R. LIFLAND,
        UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA") and the estate of Bernard L. Madoff ("Madoff"), individually, by and through his undersigned counsel, as and for his application by way of order to show cause, respectfully represents:

### Jurisdiction

1.     This Court has jurisdiction to consider the application and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief that the Trustee seeks are 11 U.S.C. §§ 105(a), 550 and 551, Rules 15, 16 and 26 of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure 2002(m), 7015, 7016, 7026 and 9007.

### Background

2.     On May 18, 2009, the Trustee filed an adversary proceeding against Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited (collectively, the "Fairfield Funds") and other defendants in the Bankruptcy Court under the caption *Picard v. Fairfield Sentry Limited, et al.,* Adv. Pro. No. 09-01239. Among other things, the Trustee sought

2

to avoid and recover initial transfers of customer property[1] from BLMIS to Fairfield Sentry Limited ("Fairfield Sentry") in the amount of $3,054,000,000.  Pursuant to this Court's June 7 and June 10, 2011 orders, subject to approval of the Eastern Caribbean Supreme Court in the High Court of Justice of the Virgin Islands (the "BVI Court"), a settlement was approved among the Trustee and the Fairfield Funds (the "Settlement Agreement").  Following approval by the BVI Court, on July 13, 2011 (Dkt. Nos. 92, 95), this Court entered a consent judgment in favor of the Trustee against Fairfield Sentry in the amount of $3,054,000,000.  (Dkt. No. 109).  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

3.      The judgment amount of $3,054,000,000 is the total amount of the transfers from BLMIS to Fairfield Sentry during the six years preceding the filing date of the BLMIS proceeding (the "Fairfield Initial Transfers").  The Fairfield Initial Transfers were and continue to be customer property within the meaning of SIPA § 78*lll*(4).  With the settlement, the transfers were avoided, and are recoverable under sections 550 and 551 of the Bankruptcy Code and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).  As set forth in the attached schedules A(1)-A(64) (attached hereto as Exhibit B) $2,367,675,960 of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to the Defendants by the Fairfield Funds.

### Relief Requested

4.      The Trustee files this Application seeking to have the Court:

(a)     Enter an order to show cause why the Defendants identified in Exhibit A attached hereto (the "Defendants") should not be required to make limited initial

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

disclosures to the Trustee on an expedited basis, or, alternatively, why the Defendants should not be required to provide immediate notice of certain adversary proceedings and a copy of the applicable complaint and corresponding exhibits;

*and*

(b)     Following a hearing on the Application, entry of an order directing the Defendants to:

(i)      make limited initial disclosures to the Trustee on an expedited basis, with respect to the identity, physical and mailing address of:

(1)     any beneficial owner of an account which received the funds from the redemption of shares from the Fairfield Funds, as set forth in Exhibit B; and

(2)     any persons or entities for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in Exhibit B; and

(3)     any persons or entities who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in Exhibit B;

*or, in the alternative,*

(ii)     provide immediate notice of certain adversary proceedings and a copy of the applicable complaint and corresponding exhibits to any person or entity not currently named as a defendant and known by the Defendants to be:

(1)     a beneficial owner of an account which received the funds from the redemption of Fairfield Funds shares, as set forth in Exhibit B; or

(2)     a person or entity for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in Exhibit B; or

(3)     a person or entity who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in Exhibit B.

5.      The Trustee's Application, memorandum of law in support (the "Memorandum"),

the affidavit of Torello H. Calvani, Esq. dated May 3, 2012, and related documents, are also filed

pursuant to Local Bankruptcy Rule 9077-1, which provides that an order to show cause may be granted "upon a clear and specific showing by affidavit of good and sufficient reasons why proceeding other than by notice of motion is necessary."

6.      Fed. R. Bankr. P. 7026(a)(1)(A) provides in pertinent part that, without awaiting a discovery request, a party must provide:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

The time within which such initial disclosures are to be made rests within the discretion of the Court. *See* Fed. R. Bankr. P. 7026(a)(1) (providing that initial disclosures must be made "at or within 14 days after the [parties' Fed. R. Bankr. P. 7026](f) conference *unless a different time is set by stipulation or court order*" (emphasis added)).   Similarly, Bankruptcy Rule 7016(b)(4) provides that the court, for good cause shown, may modify a scheduling order.   *See* Fed. R. Bankr. P. 7016(b)(4).

7.      As set forth more fully in the Memorandum, the Trustee seeks orders relating to the disclosure of the identity and address of additional subsequent transferees, or, alternatively, notice to said subsequent transferees, because certain of the Defendants who have already been sued as subsequent transferees have indicated to the Trustee that they may assert a conduit defense.  Notwithstanding their representations, these same Defendants have refused to disclose the identity of the individual or entity for which they may claim to have acted as a conduit. Thus, the Trustee needs disclosure of the identity and physical and mailing address of additional transferees, or, alternatively, notice of the Trustee's recovery actions pursuant to sections 550 and 551 of the Bankruptcy Code provided to additional potential defendants, consistent with Fed. R. Civ. P. 15(c) and Fed. R. Civ. Bankr. P. 7015(c), to make certain the Trustee will be in a

12-01565-smb   Doc 4   Filed 05/07/12   Entered 05/07/12 16:08:53   Main Document
Pg 6 of 6

position to attempt to recover avoided initial transfers from the proper transferee prior to the potential expiration of the statute of limitations. Absent the relief requested, and as more fully set forth in the Memorandum, the Trustee, and BLMIS's customers, creditors and estate may be substantially and irreparably prejudiced and harmed.

## **Notice**

8.    Notice of this Application, which shall be filed in the applicable adversary proceedings, shall be served upon the Defendants' counsel of record, or the Defendants if no counsel has appeared, by any available means including, email, facsimile, or overnight delivery on or before May 7, 2012. Such service shall be deemed good and sufficient notice of this Application.

9.    The Trustee submits that no other or further notice is required.

10.    No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

Dated: May 7, 2012                    /s/ David J. Sheehan
       New York, New York          **Baker & Hostetler LLP**
                                45 Rockefeller Plaza
                                New York, New York 10111

                                Telephone:  (212) 589-4200
                                Facsimile:  (212) 589-4201
                                David J. Sheehan
                                Thomas L. Long
                                Mark A. Kornfeld
                                Marc E. Hirschfield
                                Keith R. Murphy

                                *Attorneys for Irving H. Picard, Trustee*
                                *for the Substantively Consolidated SIPA*
                                *Liquidation of Bernard L. Madoff Investment*
                                *Securities LLC and Bernard L. Madoff*

| Defendant | Adversary Proceeding Number |
|---|---|
| ABU DHABI INVESTMENT AUTHORITY | 11-02493 |
| ARDEN ASSET MANAGEMENT LLC | 12-01023 |
| ATLANTIC SECURITY BANK | 11-02730 |
| BANCA CARIGE S.P.A. | 11-02570 |
| BANCO BILBAO VIZCAYA ARGENTARIA, S.A. | 10-05351 |
| BANCO ITAU EUROPA INTERNATIONAL | 12-01019 |
| BANCO ITAU EUROPA LUXEMBOURG S.A. | 12-01019 |
| BANK HAMPOALIM B.M. | 12-01216 |
| BANK JULIUS BAER & CO. LTD. | 11-02922 |
| BANQUE PRIVEE ESPIRITO SANTA S.A. (F/K/A COMPAGNIE BANCAIRE ESPIRITO SANTO S.A.) | 11-02571 |
| BANQUE SYZ & CO., S.A. | 11-02149 |
| BARCLAYS BANK (SUISSE) S.A. | 11-02569 |
| BARCLAYS BANK S.A. | 11-02569 |
| BARCLAYS PRIVATE BANK & TRUST LIMITED | 11-02569 |
| SIX SIS AG | 12-01195 |
| BROWN BROTHERS HARRIMAN & CO. | 12-01217 |
| BSI AG, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO BANCO DEL GOTTARDO | 12-01209 |
| BUREAU OF LABOR INSURANCE | 11-02732 |
| CACEIS BANK | 11-02758 |
| CACEIS BANK LUXEMBOURG | 11-02758 |
| CATHAY LIFE INSURANCE CO. LTD. | 11-02568 |
| CITIBANK GLOBAL MARKETS LIMITED | 10-05345 |
| CONCORD MANAGEMENT LLC | 11-02543 |
| DELTA NATIONAL BANK AND TRUST COMPANY | 11-02551 |
| DEZ FINANCIAL MANAGEMENT LTD. | 11-02552 |
| FALCON PRIVATE BANK LTD. (f/k/a AIG PRIVAT BANK AG) | 11-02923 |
| FULLERTON CAPITAL PTE LTD. | 12-01004 |
| GROSVENOR BALANCED GROWTH FUND LIMITED | 12-01021 |
| GROSVENOR INVESTMENT MANAGEMENT LTD. | 12-01021 |
| GROSVENOR PRIVATE RESERVE FUND LIMITED | 12-01021 |
| GROSVENOR AGGRESSIVE GROWTH FUND LIMITED | 12-01021 |
| INTELIGO BANK LTD. PANAMA BRANCH, f/k/a BLUBANK LTD. PANAMA BRANCH | 11-02763 |
| KOCH INDUSTRIES INC., AS SUCCESSOR IN INTEREST TO KOCH INVESTMENT (UK) COMPANY | 12-07047 |
| KOREA EXCHANGE BANK INDIVIDUALLY, AND AS TRUSTEE FOR KOREA GLOBAL ALL ASSET TRUST I-1 AND TAMS RAINBOW TRUST III | 11-02572 |
| LANDIS INVERSIONES S.L. | 11-02930 |
| LIGHTHOUSE DIVERSIFIED FUND LIMITED | 11-02762 |
| LIGHTHOUSE PARTNERS LLC | 11-02762 |
| LIGHTHOUSE SUPERCASH FUND LIMITED | 11-02762 |
| LION GLOBAL INVESTORS LIMITED | 11-02540 |
| MERITZ FIRE & MARINE INSURANCE CO. LTD. | 11-02539 |
| MERRILL LYNCH BANK (SUISSE) S.A. | 11-02910 |

| Defendant | Adversary Proceeding Number |
|---|---|
| MERRILL LYNCH INTERNATIONAL | 10-05346 |
| NAIDOT & CO. | 11-02733 |
| NATIONAL BANK OF KUWAIT S.A.K. | 11-02554 |
| NATIXIS | 10-05353 |
| NOMURA BANK INTERNATIONAL PLC | 10-05348 |
| ORBITA CAPITAL RETURN STRATEGY LIMITED | 11-02537 |
| PICTET ET CIE | 11-01724 |
| QUILVEST FINANCE LIMITED | 11-02538 |
| SAFRA NATIONAL BANK OF NEW YORK | 11-01885 |
| SNS BANK N.V. | 12-01046 |
| SNS GLOBAL CUSTODY B.V. | 12-01046 |
| SOMERS DUBLIN LIMITED | 11-02784 |
| SOMERS NOMINEES (FAR EAST) LIMITED | 11-02784 |
| STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD. f/k/a AMERICAN EXPRESS BANK INTERNATIONAL | 12-01565 |
| STANDARD CHARTERED INTERNATIONAL (USA) LTD. f/k/a AMERICAN EXPRESS BANK LTD. | 12-01565 |
| TENSYR LIMITED | 10-05353 |
| THE PUBLIC INSTITUTION FOR SOCIAL SECURITY | 12-01002 |
| THE SUMITOMO TRUST AND BANKING CO., LTD. | 11-02573 |
| TRINCASTER CORPORATION | 11-02731 |
| UNIFORTUNE ASSET MANAGEMENT SGR S.P.A. | 11-02553 |
| UNIFORTUNE CONSERVATIVE FUND | 11-02553 |
| VONTOBEL ASSET MANAGEMENT INC. | 12-01202 |
| ZCM ASSET HOLDING COMPANY (BERMUDA) LLC | 12-01512 |

10-05269-smb    Doc 41-1    Filed 05/07/12    Entered 05/07/12 16:08:53    Exhibit Exhibit
B    Pg 9 of 197

## SCHEDULE A(1)

**ABU DHABI INVESTMENT AUTHORITY – Adv. Pro. No. 11-02493**

     1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(1)-1 or proceeds of redemptions therefrom.

     2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(1)-1 was made.

     3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(1)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO DEFENDANT ADIA**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 4/4/2005 | (200,000,000) |
| 3/30/2006 | (100,000,000) |
| **Total:** $ | **(300,000,000)** |

## SCHEDULE A(2)

### ARDEN ASSET MANAGEMENT LLC – Adv. Pro. No. 12-01023

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(2)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(2)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(2)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO ARDEN MANAGEMENT**

| Column 1<br>Date | Column 2<br>Amount |
|---|---|
| 10/19/2004 | (3,648,658) |
| 10/19/2004 | (4,765,137) |
| 2/11/2005 | (4,172,864) |
| **Total:** | **$ (12,586,659)** |

## SCHEDULE A(3)

## ATLANTIC SECURITY BANK – Adv. Pro. No. 11-02730

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(3)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(3)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(3)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO ASB**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 4/14/2003 | (513,267) |
| 12/30/2003 | (990,000) |
| 1/21/2004 | (1,000,000) |
| 3/18/2004 | (1,500,000) |
| 4/21/2004 | (1,000,000) |
| 7/16/2004 | (2,000,000) |
| 8/13/2004 | (2,000,000) |
| 10/19/2004 | (4,000,000) |
| 2/16/2005 | (22,700,784) |
| 3/15/2005 | (20,185,729) |
| 4/14/2005 | (20,000,000) |
| 5/13/2005 | (20,000,000) |
| 6/15/2005 | (24,278,911) |
| Total: | $ (120,168,691) |

## SCHEDULE A(4)

## BANCA CARIGE S.P.A. – Adv. Pro. No. 11-02570

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(4)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(4)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(4)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO CARIGE**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 10/16/2007 | (10,532,489) |
| **Total:** $ | **(10,532,489)** |

08-01789-cgm    Doc 15752-1    Filed 04/11/17    Entered 04/11/17 13:57    Exhibit
B 1    Pg 17 of 197

## SCHEDULE A(5)

**BANCO BILBAO VIZCAYA ARGENTARIA, S.A.– Adv. Pro. No. 10-05351**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(5)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(5)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(5)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

10-05269-smb    Doc 4-2    Filed 05/07/12    Entered 05/07/12 16:08:55    Exhibit Exhibit
D-1 Pg 18 of 197

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BBVA**

| Column 1 | Column 2 |
|----------|----------|
| Date | Amount |
| 11/19/2003 | (71,118) |
| 12/18/2003 | (9,548) |
| 2/18/2004 | (20,817) |
| 3/18/2004 | (9,717) |
| 4/21/2004 | (415,952) |
| 6/17/2004 | (50,876) |
| 9/15/2004 | (9,480) |
| 1/14/2005 | (28,574) |
| 3/15/2005 | (15,520) |
| 3/15/2005 | (10,688) |
| 4/14/2005 | (5,217) |
| 6/15/2005 | (12,881) |
| 7/15/2005 | (24,296) |
| 7/15/2005 | (15,845) |
| 7/15/2005 | (12,676) |
| 8/15/2005 | (15,866) |
| 9/15/2005 | (5,297) |
| 10/14/2005 | (37,410) |
| 11/17/2005 | (384,456) |
| 12/19/2005 | (253,184) |
| 1/19/2006 | (11,001) |
| 3/17/2006 | (48,549) |
| 4/20/2006 | (56,222) |
| 5/15/2006 | (11,351) |
| 6/16/2006 | (81,955) |
| 6/16/2006 | (32,725) |
| 6/16/2006 | (29,056) |
| 6/16/2006 | (11,430) |
| 8/14/2006 | (60,887) |
| 8/14/2006 | (46,443) |
| 10/12/2006 | (35,338) |
| 1/10/2007 | (178,957) |
| 1/16/2007 | (56,469) |
| 1/16/2007 | (14,439) |
| 2/15/2007 | (48,268) |
| 4/17/2007 | (183,087) |
| 7/19/2007 | (12,514) |
| 8/17/2007 | (25,070) |
| 10/16/2007 | (152,344) |
| 11/19/2007 | (96,764) |
| 12/19/2007 | (53,208) |
| 1/17/2008 | (125,299) |
| 5/15/2008 | (20,450) |
| 5/15/2008 | (19,726) |
| 6/17/2008 | (10,367) |
| 10/15/2008 | (12,993) |
| 11/19/2008 | (45,000,000) |
| 11/19/2008 | (894,361) |
| **Total:** | **$ (48,738,690)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO BBVA**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 1/22/2008 | (340,631) |
| **Total:** $ | **(340,631)** |

10-05368-smb   Doc 41   Filed 05/07/12   Entered 05/07/12 16:08:57   Exhibit Exhibit
B   Pg 20 of 197

## SCHEDULE A(6)

**BANCO ITAÚ EUROPA INTERNATIONAL – Adv. Pro. No. 12-01019**

      1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(6)-1 or

proceeds of redemptions therefrom.

      2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(6)-1 was made.

      3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(6)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCO ITAU

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 2/14/2003 | (221,389) |
| 4/14/2003 | (164,786) |
| 5/17/2004 | (298,273) |
| 11/16/2004 | (25,000) |
| 11/16/2004 | (418,980) |
| 1/14/2005 | (263,792) |
| 3/15/2005 | (132,951) |
| 3/15/2005 | (144,704) |
| 3/15/2005 | (300,000) |
| 4/14/2005 | (908) |
| 4/14/2005 | (25,000) |
| 7/15/2005 | (118,365) |
| 11/17/2005 | (105,356) |
| 11/17/2005 | (121,038) |
| 12/19/2005 | (45,000) |
| 12/19/2005 | (217,174) |
| 3/17/2006 | (141,661) |
| 4/20/2006 | (229,000) |
| 4/20/2006 | (250,000) |
| 4/20/2006 | (337,334) |
| 4/20/2006 | (400,000) |
| 5/15/2006 | (110,112) |
| 5/15/2006 | (114,640) |
| 5/15/2006 | (600,000) |
| 6/16/2006 | (271,766) |
| 6/16/2006 | (585,401) |
| 6/16/2006 | (900,000) |
| 6/16/2006 | (900,000) |
| 7/20/2006 | (150,000) |
| 7/20/2006 | (200,000) |
| 7/20/2006 | (620,651) |
| 7/20/2006 | (666,329) |
| 8/14/2006 | (150,000) |
| 8/14/2006 | (250,000) |
| 9/14/2006 | (115,000) |
| 10/12/2006 | (150,000) |
| 10/12/2006 | (224,622) |
| 11/14/2006 | (179,993) |
| 12/15/2006 | (32,499) |
| 12/15/2006 | (115,738) |
| 12/15/2006 | (2,621,676) |
| 1/16/2007 | (116,728) |
| 2/15/2007 | (102,015) |
| 2/15/2007 | (126,681) |
| 4/17/2007 | (100,000) |
| 4/17/2007 | (219,903) |
| 5/16/2007 | (955,973) |
| 6/15/2007 | (380,000) |
| 7/19/2007 | (126,268) |

### SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCO ITAU

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 7/19/2007 | (260,006) |
| 9/19/2007 | (189,314) |
| 9/19/2007 | (221,880) |
| 9/19/2007 | (243,067) |
| 9/19/2007 | (635,551) |
| 10/16/2007 | (51,569) |
| 12/19/2007 | (300,000) |
| 12/19/2007 | (1,650,000) |
| 1/17/2008 | (70,000) |
| 1/17/2008 | (80,506) |
| 1/17/2008 | (285,136) |
| 2/15/2008 | (80,000) |
| 3/18/2008 | (5,000) |
| 3/18/2008 | (165,616) |
| 3/18/2008 | (800,638) |
| 4/14/2008 | (54,048) |
| 4/14/2008 | (113,072) |
| 4/14/2008 | (150,000) |
| 4/14/2008 | (175,000) |
| 4/14/2008 | (252,791) |
| 4/14/2008 | (1,862,529) |
| 4/14/2008 | (1,906,257) |
| 4/14/2008 | (2,079,710) |
| 5/15/2008 | (93,973) |
| 5/15/2008 | (100,000) |
| 5/15/2008 | (100,000) |
| 5/15/2008 | (107,832) |
| 5/15/2008 | (109,294) |
| 5/15/2008 | (150,000) |
| 5/15/2008 | (226,096) |
| 5/15/2008 | (250,000) |
| 5/15/2008 | (273,228) |
| 5/15/2008 | (279,658) |
| 5/15/2008 | (288,653) |
| 5/15/2008 | (328,026) |
| 5/15/2008 | (382,706) |
| 5/15/2008 | (500,000) |
| 5/15/2008 | (1,577,204) |
| 5/15/2008 | (2,176,354) |
| 5/15/2008 | (3,102,096) |
| 6/17/2008 | (86,662) |
| 6/17/2008 | (117,897) |
| 6/17/2008 | (138,790) |
| 6/17/2008 | (244,463) |
| 6/17/2008 | (431,377) |
| 6/17/2008 | (445,854) |
| 6/17/2008 | (500,871) |
| 6/17/2008 | (600,000) |
| 6/17/2008 | (602,793) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCO ITAU**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 7/15/2008 | (112,010) |
| 7/15/2008 | (128,531) |
| 7/15/2008 | (130,227) |
| 7/15/2008 | (182,377) |
| 7/15/2008 | (202,992) |
| 7/15/2008 | (207,325) |
| 7/15/2008 | (257,050) |
| 7/15/2008 | (1,614,599) |
| 8/18/2008 | (45,116) |
| 8/18/2008 | (57,459) |
| 8/18/2008 | (106,352) |
| 8/18/2008 | (113,277) |
| 8/18/2008 | (127,662) |
| 8/18/2008 | (128,103) |
| 8/18/2008 | (129,450) |
| 8/18/2008 | (137,444) |
| 8/18/2008 | (223,379) |
| 8/18/2008 | (237,350) |
| 8/18/2008 | (270,297) |
| 8/18/2008 | (392,835) |
| 8/18/2008 | (400,000) |
| 9/16/2008 | (111,491) |
| 9/16/2008 | (117,579) |
| 9/16/2008 | (171,443) |
| 9/16/2008 | (221,477) |
| 9/16/2008 | (263,004) |
| 9/16/2008 | (367,561) |
| 9/16/2008 | (819,063) |
| 9/16/2008 | (1,444,764) |
| 10/15/2008 | (200,376) |
| 10/15/2008 | (205,873) |
| 10/15/2008 | (262,031) |
| 10/15/2008 | (291,096) |
| 10/15/2008 | (345,836) |
| 10/15/2008 | (502,614) |
| 10/15/2008 | (645,157) |
| 10/15/2008 | (750,234) |
| 10/15/2008 | (972,070) |
| 11/19/2008 | (100,000) |
| 11/19/2008 | (152,903) |
| 11/19/2008 | (162,230) |
| 11/19/2008 | (178,036) |
| 11/19/2008 | (261,074) |
| 11/19/2008 | (282,239) |
| 11/19/2008 | (297,478) |
| 11/19/2008 | (313,351) |
| 11/19/2008 | (359,189) |
| 11/19/2008 | (445,616) |
| 11/19/2008 | (470,371) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCO ITAU**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 11/19/2008 | (572,927) |
| 11/19/2008 | (628,376) |
| 11/19/2008 | (630,616) |
| 11/19/2008 | (649,918) |
| 11/19/2008 | (2,303,019) |
| **Total:** | **$      (60,595,069)** |

1208-01789-cgm   Doc 41752-1   Filed 04/11/17   Entered 04/11/17 13:57   Exhibit
B   Pg 9 of 35

## SCHEDULE A(7)

## BANCO ITAÚ EUROPA LUXEMBOURG S.A. – Adv. Pro. No. 12-01019

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(7)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(7)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(7)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCO ITAU

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 2/14/2003 | (221,389) |
| 4/14/2003 | (164,786) |
| 5/17/2004 | (298,273) |
| 11/16/2004 | (25,000) |
| 11/16/2004 | (418,980) |
| 1/14/2005 | (263,792) |
| 3/15/2005 | (132,951) |
| 3/15/2005 | (144,704) |
| 3/15/2005 | (300,000) |
| 4/14/2005 | (908) |
| 4/14/2005 | (25,000) |
| 7/15/2005 | (118,365) |
| 11/17/2005 | (105,356) |
| 11/17/2005 | (121,038) |
| 12/19/2005 | (45,000) |
| 12/19/2005 | (217,174) |
| 3/17/2006 | (141,661) |
| 4/20/2006 | (229,000) |
| 4/20/2006 | (250,000) |
| 4/20/2006 | (337,334) |
| 4/20/2006 | (400,000) |
| 5/15/2006 | (110,112) |
| 5/15/2006 | (114,640) |
| 5/15/2006 | (600,000) |
| 6/16/2006 | (271,766) |
| 6/16/2006 | (585,401) |
| 6/16/2006 | (900,000) |
| 6/16/2006 | (900,000) |
| 7/20/2006 | (150,000) |
| 7/20/2006 | (200,000) |
| 7/20/2006 | (620,651) |
| 7/20/2006 | (666,329) |
| 8/14/2006 | (150,000) |
| 8/14/2006 | (250,000) |
| 9/14/2006 | (115,000) |
| 10/12/2006 | (150,000) |
| 10/12/2006 | (224,622) |
| 11/14/2006 | (179,993) |
| 12/15/2006 | (32,499) |
| 12/15/2006 | (115,738) |
| 12/15/2006 | (2,621,676) |
| 1/16/2007 | (116,728) |
| 2/15/2007 | (102,015) |
| 2/15/2007 | (126,681) |
| 4/17/2007 | (100,000) |
| 4/17/2007 | (219,903) |
| 5/16/2007 | (955,973) |
| 6/15/2007 | (380,000) |
| 7/19/2007 | (126,268) |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCO ITAU

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 7/19/2007 | (260,006) |
| 9/19/2007 | (189,314) |
| 9/19/2007 | (221,880) |
| 9/19/2007 | (243,067) |
| 9/19/2007 | (635,551) |
| 10/16/2007 | (51,569) |
| 12/19/2007 | (300,000) |
| 12/19/2007 | (1,650,000) |
| 1/17/2008 | (70,000) |
| 1/17/2008 | (80,506) |
| 1/17/2008 | (285,136) |
| 2/15/2008 | (80,000) |
| 3/18/2008 | (5,000) |
| 3/18/2008 | (165,616) |
| 3/18/2008 | (800,638) |
| 4/14/2008 | (54,048) |
| 4/14/2008 | (113,072) |
| 4/14/2008 | (150,000) |
| 4/14/2008 | (175,000) |
| 4/14/2008 | (252,791) |
| 4/14/2008 | (1,862,529) |
| 4/14/2008 | (1,906,257) |
| 4/14/2008 | (2,079,710) |
| 5/15/2008 | (93,973) |
| 5/15/2008 | (100,000) |
| 5/15/2008 | (100,000) |
| 5/15/2008 | (107,832) |
| 5/15/2008 | (109,294) |
| 5/15/2008 | (150,000) |
| 5/15/2008 | (226,096) |
| 5/15/2008 | (250,000) |
| 5/15/2008 | (273,228) |
| 5/15/2008 | (279,658) |
| 5/15/2008 | (288,653) |
| 5/15/2008 | (328,026) |
| 5/15/2008 | (382,706) |
| 5/15/2008 | (500,000) |
| 5/15/2008 | (1,577,204) |
| 5/15/2008 | (2,176,354) |
| 5/15/2008 | (3,102,096) |
| 6/17/2008 | (86,662) |
| 6/17/2008 | (117,897) |
| 6/17/2008 | (138,790) |
| 6/17/2008 | (244,463) |
| 6/17/2008 | (431,377) |
| 6/17/2008 | (445,854) |
| 6/17/2008 | (500,871) |
| 6/17/2008 | (600,000) |
| 6/17/2008 | (602,793) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCO ITAU**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 7/15/2008 | (112,010) |
| 7/15/2008 | (128,531) |
| 7/15/2008 | (130,227) |
| 7/15/2008 | (182,377) |
| 7/15/2008 | (202,992) |
| 7/15/2008 | (207,325) |
| 7/15/2008 | (257,050) |
| 7/15/2008 | (1,614,599) |
| 8/18/2008 | (45,116) |
| 8/18/2008 | (57,459) |
| 8/18/2008 | (106,352) |
| 8/18/2008 | (113,277) |
| 8/18/2008 | (127,662) |
| 8/18/2008 | (128,103) |
| 8/18/2008 | (129,450) |
| 8/18/2008 | (137,444) |
| 8/18/2008 | (223,379) |
| 8/18/2008 | (237,350) |
| 8/18/2008 | (270,297) |
| 8/18/2008 | (392,835) |
| 8/18/2008 | (400,000) |
| 9/16/2008 | (111,491) |
| 9/16/2008 | (117,579) |
| 9/16/2008 | (171,443) |
| 9/16/2008 | (221,477) |
| 9/16/2008 | (263,004) |
| 9/16/2008 | (367,561) |
| 9/16/2008 | (819,063) |
| 9/16/2008 | (1,444,764) |
| 10/15/2008 | (200,376) |
| 10/15/2008 | (205,873) |
| 10/15/2008 | (262,031) |
| 10/15/2008 | (291,096) |
| 10/15/2008 | (345,836) |
| 10/15/2008 | (502,614) |
| 10/15/2008 | (645,157) |
| 10/15/2008 | (750,234) |
| 10/15/2008 | (972,070) |
| 11/19/2008 | (100,000) |
| 11/19/2008 | (152,903) |
| 11/19/2008 | (162,230) |
| 11/19/2008 | (178,036) |
| 11/19/2008 | (261,074) |
| 11/19/2008 | (282,239) |
| 11/19/2008 | (297,478) |
| 11/19/2008 | (313,351) |
| 11/19/2008 | (359,189) |
| 11/19/2008 | (445,616) |
| 11/19/2008 | (470,371) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCO ITAU**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 11/19/2008 | (572,927) |
| 11/19/2008 | (628,376) |
| 11/19/2008 | (630,616) |
| 11/19/2008 | (649,918) |
| 11/19/2008 | (2,303,019) |
| **Total:** | **$ (60,595,069)** |

## SCHEDULE A(8)

## BANK HAPOALIM B.M. – Adv. Pro. No. 12-01216

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(8)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(8)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(8)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO HAPOALIM B.M.**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 9/16/2008 | (167,613) |
| 10/15/2008 | (933,399) |
| 10/15/2008 | (611,088) |
| **Total:** $ | **(1,712,100)** |

## SCHEDULE A(9)

### BANK JULIUS BAER & CO. LTD. – Adv. Pro. No. 11-02922

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(9)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(9)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(9)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BJB

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 5/14/2003 | (1,954,536) |
| 6/16/2003 | (300,287) |
| 7/16/2003 | (610,990) |
| 9/17/2003 | (18,686) |
| 9/17/2003 | (1,595,815) |
| 10/14/2003 | (1,792,705) |
| 11/19/2003 | (19,110) |
| 11/19/2003 | (38,220) |
| 11/19/2003 | (217,855) |
| 11/19/2003 | (229,321) |
| 12/18/2003 | (150,000) |
| 1/21/2004 | (363,980) |
| 2/18/2004 | (560,784) |
| 2/18/2004 | (588,688) |
| 3/18/2004 | (1,491,200) |
| 4/21/2004 | (495,726) |
| 6/17/2004 | (235,899) |
| 6/17/2004 | (2,424,766) |
| 7/16/2004 | (167,154) |
| 7/16/2004 | (376,895) |
| 8/13/2004 | (157,858) |
| 8/13/2004 | (970,192) |
| 9/15/2004 | (225,685) |
| 9/15/2004 | (452,329) |
| 10/19/2004 | (71,042) |
| 10/19/2004 | (213,127) |
| 1/14/2005 | (275,894) |
| 1/14/2005 | (633,254) |
| 2/16/2005 | (451,611) |
| 3/15/2005 | (103,464) |
| 3/15/2005 | (181,785) |
| 4/14/2005 | (26,086) |
| 6/15/2005 | (735,296) |
| 7/15/2005 | (528,867) |
| 8/15/2005 | (53,850) |
| 8/15/2005 | (163,950) |
| 9/15/2005 | (250,000) |
| 10/14/2005 | (64,132) |
| 10/14/2005 | (85,509) |
| 10/14/2005 | (182,797) |
| 10/14/2005 | (205,221) |
| 11/17/2005 | (1,449,506) |
| 1/19/2006 | (96,422) |
| 1/19/2006 | (106,575) |
| 3/17/2006 | (216,438) |
| 4/20/2006 | (100,000) |
| 4/20/2006 | (202,400) |
| 4/20/2006 | (250,000) |
| 4/20/2006 | (449,565) |
| 5/15/2006 | (506,234) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BJB**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 6/16/2006 | (74,297) |
| 7/20/2006 | (129,635) |
| 7/20/2006 | (663,422) |
| 8/14/2006 | (204,348) |
| 8/14/2006 | (140,400) |
| 1/16/2007 | (122,082) |
| 3/16/2007 | (307,365) |
| 7/19/2007 | (51,308) |
| 7/19/2007 | (273,709) |
| 8/17/2007 | (2,168,560) |
| 11/19/2007 | (27,000) |
| 11/19/2007 | (81,000) |
| 12/19/2007 | (281,000) |
| 2/15/2008 | (145,558) |
| 3/18/2008 | (18,208) |
| 4/14/2008 | (427,247) |
| 5/15/2008 | (810,454) |
| 6/17/2008 | (30,000) |
| 6/17/2008 | (304,916) |
| 7/15/2008 | (93,269) |
| 7/15/2008 | (198,739) |
| 7/31/2008 | (59,341) |
| 8/18/2008 | (16,013) |
| 8/18/2008 | (153,243) |
| 8/18/2008 | (236,189) |
| 9/16/2008 | (27,510) |
| 10/15/2008 | (14,857) |
| 10/15/2008 | (27,647) |
| 10/15/2008 | (69,151) |
| 11/19/2008 | (7,463) |
| 11/19/2008 | (13,498) |
| 11/19/2008 | (83,774) |
| 11/19/2008 | (101,814) |
| 11/19/2008 | (104,744) |
| 11/19/2008 | (153,875) |
| 11/19/2008 | (195,718) |
| 11/19/2008 | (206,692) |
| 11/19/2008 | (399,696) |
| 11/19/2008 | (705,691) |
| 11/19/2008 | (3,087,478) |
| **Total:** | **$ (35,258,614)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO BJB**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 12/22/2003 | (161,550) |
| 6/23/2004 | (701,302) |
| 8/20/2004 | (511,613) |
| 2/15/2006 | (196,950) |
| 6/18/2008 | (43,119) |
| **Total:** **$** | **(1,614,534)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD LAMBDA TO BJB**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 6/24/2004 | (256,424) |
| 12/24/2004 | (87,500) |
| 4/23/2007 | (48,338) |
| 10/24/2007 | (48,611) |
| Total: | $ (440,873) |

## SCHEDULE A(10)

### BANQUE PRIVEE ESPIRITO SANTO S.A.(F/K/A COMPAGNIE BANCAIRE ESPIRITO SANTO S.A.) – Adv. Pro. No. 11-02571

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(10)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(10)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(10)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BPES**

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 7/16/2004 | (209,054) |
| 7/16/2004 | (721,734) |
| 8/13/2004 | (104,614) |
| 10/19/2004 | (101,489) |
| 11/16/2004 | (144,154) |
| 12/13/2004 | (117,665) |
| 12/13/2004 | (122,781) |
| 1/14/2005 | (22,564) |
| 1/14/2005 | (51,281) |
| 2/16/2005 | (432,963) |
| 3/15/2005 | (403,508) |
| 4/14/2005 | (114,779) |
| 4/14/2005 | (193,037) |
| 4/14/2005 | (440,334) |
| 4/14/2005 | (584,329) |
| 5/13/2005 | (161,961) |
| 7/15/2005 | (105,636) |
| 12/19/2005 | (109,419) |
| 3/17/2006 | (41,068) |
| 3/17/2006 | (120,983) |
| 4/20/2006 | (115,818) |
| 5/15/2006 | (147,557) |
| 6/16/2006 | (114,303) |
| 6/16/2006 | (114,303) |
| 6/16/2006 | (388,629) |
| 6/16/2006 | (645,810) |
| 8/14/2006 | (143,973) |
| 8/14/2006 | (174,160) |
| 8/14/2006 | (232,214) |
| 12/15/2006 | (596,524) |
| 12/15/2006 | (636,611) |
| 2/15/2007 | (108,604) |
| 3/16/2007 | (277,231) |
| 6/15/2007 | (87,298) |
| 6/15/2007 | (174,597) |
| 7/19/2007 | (125,141) |
| 10/16/2007 | (559,294) |
| 11/19/2007 | (39,537) |
| 11/19/2007 | (1,105,763) |
| 1/17/2008 | (133,036) |
| 4/14/2008 | (60,901) |
| 7/15/2008 | (52,997) |
| 8/18/2008 | (181,479) |
| 10/15/2008 | (56,725) |
| 11/19/2008 | (87,736) |
| 11/19/2008 | (132,278) |
| 11/19/2008 | (136,328) |
| 11/19/2008 | (155,224) |
| 11/19/2008 | (339,321) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BPES**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| **Total:** | $ (11,426,745) |

10-02569-smb  Doc 12-2  Filed 05/07/12  Entered 05/07/12 16:08:53  Exhibit Exhibit
B  Pg 32 of 89

## <u>SCHEDULE A(11)</u>

### BANQUE SYZ & CO., SA – Adv. Pro. No.  11-02149

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(11)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(11)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(11)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANQUE SYZ**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 5/15/2006 | (332,185) |
| 1/16/2007 | (13,635,353) |
| 3/16/2007 | (193,278) |
| 3/16/2007 | (1,288,425) |
| **Total:** | **$ (15,449,241)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO BANQUE SYZ**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 6/19/2007 | (29,443) |
| 8/17/2007 | (43,446) |
| 10/19/2007 | (41,162) |
| 1/22/2008 | (23,789) |
| 8/15/2008 | (266,718) |
| **Total:** | $ (404,558) |

## SCHEDULE A(12)

**BARCLAYS BANK (SUISSE) S.A. – Adv. Pro. No. 11-02569**

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(12)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(12)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(12)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BARCLAYS SUISSE**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 8/15/2003 | (26,317) |
| 10/14/2003 | (268,887) |
| 3/18/2004 | (49,529) |
| 5/17/2004 | (107,412) |
| 8/13/2004 | (564,757) |
| 9/15/2004 | (519,454) |
| 9/15/2005 | (370,806) |
| 10/14/2005 | (258,269) |
| 10/14/2005 | (516,826) |
| 11/17/2005 | (279,110) |
| 11/17/2005 | (337,604) |
| 11/17/2005 | (434,413) |
| 11/17/2005 | (1,026,301) |
| 12/19/2005 | (113,675) |
| 12/19/2005 | (243,030) |
| 12/19/2005 | (357,908) |
| 12/19/2005 | (1,094,186) |
| 1/19/2006 | (63,265) |
| 1/19/2006 | (978,099) |
| 1/19/2006 | (1,046,249) |
| 1/19/2006 | (3,711,590) |
| 2/15/2006 | (110,776) |
| 2/15/2006 | (156,859) |
| 2/15/2006 | (1,334,212) |
| 3/17/2006 | (554,969) |
| 3/17/2006 | (289,672) |
| 4/20/2006 | (64,093) |
| 4/20/2006 | (522,002) |
| 5/15/2006 | (272,413) |
| 5/15/2006 | (388,381) |
| 6/16/2006 | (57,151) |
| 6/16/2006 | (108,702) |
| 6/16/2006 | (228,605) |
| 6/16/2006 | (552,082) |
| 7/20/2006 | (163,561) |
| 8/14/2006 | (193,411) |
| 9/14/2006 | (133,871) |
| 9/14/2006 | (386,954) |
| 10/16/2006 | (112,882) |
| 12/15/2006 | (115,308) |
| 12/28/2006 | (70,366) |
| 2/15/2007 | (115,639) |
| 3/16/2007 | (101,021) |
| 6/15/2007 | (56,183) |
| 8/17/2007 | (658,019) |
| 9/19/2007 | (168,743) |
| 9/19/2007 | (296,985) |
| 10/16/2007 | (932,698) |
| 11/19/2007 | (211,804) |
| 11/19/2007 | (366,687) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BARCLAYS SUISSE**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 12/19/2007 | (1,337,022) |
| 1/17/2008 | (293,571) |
| 1/17/2008 | (449,597) |
| 2/15/2008 | (103,862) |
| 3/18/2008 | (231,858) |
| 4/14/2008 | (526,624) |
| 4/14/2008 | (651,033) |
| 5/15/2008 | (266,021) |
| 5/15/2008 | (280,434) |
| 5/15/2008 | (6,837,053) |
| 6/17/2008 | (89,698) |
| 7/15/2008 | (52,997) |
| 7/15/2008 | (122,092) |
| 8/18/2008 | (91,325) |
| 10/15/2008 | (112,249) |
| 10/15/2008 | (235,545) |
| 10/15/2008 | (292,221) |
| 11/19/2008 | (30,734) |
| 11/19/2008 | (214,055) |
| 11/19/2008 | (230,731) |
| 11/19/2008 | (357,646) |
| 11/19/2008 | (415,813) |
| 11/19/2008 | (1,260,873) |
| 11/19/2008 | (2,398,382) |
| **Total:** | **$ (37,973,175)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO BARCLAYS SUISSE**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 8/12/2005 | (134,135) |
| 2/15/2006 | (118,171) |
| 4/21/2006 | (385,519) |
| 6/20/2006 | (107,119) |
| 6/19/2007 | (366,500) |
| 9/20/2007 | (79,587) |
| 10/19/2007 | (2,252,340) |
| 6/18/2008 | (3,579,591) |
| 11/21/2008 | (133,384) |
| 11/21/2008 | (256,854) |
| 11/21/2008 | (291,553) |
| **Total:** $ | **(7,704,754)** |

## <u>SCHEDULE A(13)</u>

### BARCLAYS BANK S.A. – Adv. Pro. No. 11-02569

1.       The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(13)-1 or

proceeds of redemptions therefrom.

2.       The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(13)-1 was made.

3.       The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(13)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BARCLAYS SPAIN**

| Column 1 | Column 2 |
|:---:|:---:|
| **Date** | **Amount** |
| 11/19/2003 | (301,681) |
| 5/17/2004 | (146,471) |
| 7/15/2005 | (2,685,870) |
| 10/14/2005 | (95,898) |
| 2/15/2006 | (225,673) |
| 4/20/2006 | (56,931) |
| 4/20/2006 | (56,931) |
| 4/20/2006 | (56,942) |
| 11/14/2006 | (1,018,648) |
| 12/15/2006 | (74,208) |
| **Total:** $ | **(4,719,252)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO BARCLAYS SPAIN**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 1/20/2003 | (203,462) |
| 1/20/2003 | (1,469,096) |
| 4/25/2003 | (987,933) |
| 8/26/2003 | (33,045) |
| 11/24/2003 | (970,173) |
| 1/26/2004 | (191,834) |
| 3/29/2004 | (31,272) |
| 3/29/2004 | (3,687,157) |
| 9/27/2004 | (853,293) |
| 12/22/2004 | (35,328) |
| 5/19/2005 | (16,787) |
| 8/12/2005 | (17,912) |
| 8/12/2005 | (31,843) |
| 8/12/2005 | (183,205) |
| 11/23/2005 | (218,188) |
| 11/23/2005 | (315,096) |
| 11/23/2005 | (395,656) |
| 11/23/2005 | (443,741) |
| 12/21/2005 | (6,312) |
| 12/21/2005 | (89,820) |
| 12/21/2005 | (346,396) |
| 1/27/2006 | (32,488) |
| 1/27/2006 | (162,001) |
| 1/27/2006 | (219,213) |
| 2/15/2006 | (264,255) |
| 5/24/2006 | (545,505) |
| 6/20/2006 | (1,359,131) |
| 8/14/2006 | (354,463) |
| 11/17/2006 | (833,708) |
| 12/18/2006 | (161,843) |
| 12/18/2006 | (417,217) |
| 4/17/2007 | (109,652) |
| 4/17/2007 | (423,149) |
| 6/19/2007 | (18,135) |
| 7/19/2007 | (34,934) |
| 9/20/2007 | (18,236) |
| 12/18/2007 | (36,782) |
| 1/24/2008 | (19,492) |
| 3/18/2008 | (528,136) |
| 6/18/2008 | (39,609) |
| **Total:** | **$ (16,105,498)** |

10-02569-smb Doc 12752-1 Filed 05/07/12 Entered 05/07/12 16:08:53 Exhibit Exhibit
Item 1 Pg 50 of 197

## <u>SCHEDULE A(14)</u>

**BARCLAYS PRIVATE BANK & TRUST LIMITED – Adv. Pro. No. 11-02569**

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(14)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(14)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(14)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BARCLAYS PRIVATE BANK**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 4/14/2003 | (73,352) |
| 7/15/2008 | (820,636) |
| **Total:** $ | **(893,988)** |

## SCHEDULE A(15)

### SIX SIS AG – Adv. Pro. No. 12-01195

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(15)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entiles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(15)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(15)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SIX SIS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 10/16/2007 | (45,889) |
| 9/16/2008 | (22,847) |
| 11/19/2008 | (102,813) |
| 11/19/2008 | (207,700) |
| **Total:** $ | **(379,248)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO SIX SIS**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 3/18/2008 | (32,138) |
| 4/18/2008 | (133,475) |
| 11/21/2008 | (20,232) |
| 11/21/2008 | (39,694) |
| 11/21/2008 | (59,754) |
| 11/21/2008 | (67,057) |
| 11/21/2008 | (87,265) |
| 11/21/2008 | (88,041) |
| 11/21/2008 | (94,316) |
| 11/21/2008 | (278,364) |
| **Total:** | **$ (900,337)** |

## SCHEDULE A(16)

## BROWN BROTHERS HARRIMAN & CO. – Adv. Pro. No. 12-01217

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(16)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(16)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(16)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BBH**

| Column 1 | Column 2 |
|:---:|:---:|
| Date | Amount |
| 10/16/2007 | (583,783) |
| 11/19/2007 | (135,366) |
| 12/19/2007 | (80,334) |
| 2/15/2008 | (185,746) |
| 3/18/2008 | (97,544) |
| 4/14/2008 | (113,359) |
| 4/14/2008 | (14,333) |
| 4/14/2008 | (15,636) |
| 4/14/2008 | (19,545) |
| 5/15/2008 | (3,945) |
| 5/15/2008 | (6,575) |
| 7/15/2008 | (22,524) |
| 7/15/2008 | (40,715) |
| 7/15/2008 | (136,468) |
| 8/18/2008 | (221,413) |
| 9/16/2008 | (40,425) |
| 9/16/2008 | (103,142) |
| 9/16/2008 | (131,704) |
| 9/16/2008 | (187,619) |
| 9/16/2008 | (349,628) |
| 9/16/2008 | (524,127) |
| 9/16/2008 | (750,322) |
| 10/15/2008 | (4,052) |
| 10/15/2008 | (27,012) |
| 10/15/2008 | (43,319) |
| 10/15/2008 | (519,567) |
| 10/15/2008 | (10,805) |
| 10/15/2008 | (87,789) |
| 11/19/2008 | (254,412) |
| 11/19/2008 | (272,770) |
| 11/19/2008 | (318,953) |
| 11/19/2008 | (320,100) |
| 11/19/2008 | (361,675) |
| 11/19/2008 | (365,763) |
| 11/19/2008 | (678,634) |
| 11/19/2008 | (752,326) |
| 11/19/2008 | (1,082,985) |
| 11/19/2008 | (3,689,185) |
| 11/19/2008 | (4,734,973) |
| 11/19/2008 | (22,946) |
| 11/19/2008 | (61,685) |
| 11/19/2008 | (93,999) |
| 11/19/2008 | (115,459) |
| 11/19/2008 | (155,867) |
| 11/19/2008 | (233,440) |
| 11/19/2008 | (155,224) |
| 11/19/2008 | (247,725) |
| **Total:** | **$ (18,374,915)** |

## SCHEDULE A(17)

**BSI AG, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO BANCO DEL GOTTARDO
– Adv. Pro. No. 12-01209**

      1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(17)-1 or proceeds of redemptions therefrom.

      2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(17)-1 was made.

      3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(17)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BSI**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 3/14/2003 | (83,488) |
| 3/14/2003 | (108,620) |
| 5/14/2003 | (191,989) |
| 5/14/2003 | (238,192) |
| 5/14/2003 | (266,369) |
| 5/14/2003 | (621,629) |
| 6/16/2003 | (113,745) |
| 6/16/2003 | (180,190) |
| 6/16/2003 | (255,335) |
| 7/16/2003 | (119,134) |
| 7/16/2003 | (148,763) |
| 7/16/2003 | (260,940) |
| 8/15/2003 | (183,894) |
| 8/15/2003 | (320,364) |
| 9/17/2003 | (14,015) |
| 10/14/2003 | (130,355) |
| 11/19/2003 | (225,317) |
| 2/18/2004 | (15,518) |
| 2/18/2004 | (34,807) |
| 3/18/2004 | (504,507) |
| 4/21/2004 | (58,336) |
| 4/21/2004 | (1,356,302) |
| 6/17/2004 | (152,892) |
| 8/13/2004 | (41,846) |
| 8/13/2004 | (129,522) |
| 8/13/2004 | (498,163) |
| 9/15/2004 | (132,877) |
| 9/15/2004 | (506,290) |
| 11/16/2004 | (130,276) |
| 3/15/2005 | (52,487) |
| 4/14/2005 | (50,085) |
| 4/14/2005 | (52,172) |
| 7/15/2005 | (21,127) |
| 7/15/2005 | (54,931) |
| 8/15/2005 | (17,982) |
| 8/15/2005 | (703,452) |
| 9/15/2005 | (30,724) |
| 10/14/2005 | (12,826) |
| 10/14/2005 | (46,410) |
| 10/14/2005 | (53,443) |
| 10/14/2005 | (678,962) |
| 12/19/2005 | (99,571) |
| 12/19/2005 | (399,378) |
| 1/19/2006 | (86,719) |
| 1/19/2006 | (935,065) |
| 2/15/2006 | (80,989) |
| 3/17/2006 | (55,497) |
| 3/17/2006 | (115,434) |
| 3/17/2006 | (126,133) |
| 4/20/2006 | (59,596) |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BSI

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 4/20/2006 | (103,449) |
| 4/20/2006 | (308,750) |
| 4/20/2006 | (1,739,012) |
| 5/15/2006 | (170,258) |
| 6/16/2006 | (22,861) |
| 6/16/2006 | (45,721) |
| 6/16/2006 | (136,020) |
| 6/16/2006 | (193,320) |
| 6/16/2006 | (255,306) |
| 8/14/2006 | (352,837) |
| 9/14/2006 | (45,630) |
| 9/14/2006 | (102,960) |
| 9/14/2006 | (109,769) |
| 11/14/2006 | (47,317) |
| 11/14/2006 | (49,612) |
| 11/14/2006 | (120,267) |
| 12/15/2006 | (107,696) |
| 12/15/2006 | (124,077) |
| 1/16/2007 | (71,883) |
| 3/16/2007 | (14,464) |
| 3/16/2007 | (26,518) |
| 3/16/2007 | (60,593) |
| 3/16/2007 | (122,548) |
| 4/17/2007 | (49,006) |
| 5/16/2007 | (62,189) |
| 5/16/2007 | (62,202) |
| 5/16/2007 | (351,338) |
| 6/15/2007 | (24,942) |
| 6/15/2007 | (29,420) |
| 6/15/2007 | (112,241) |
| 6/15/2007 | (618,397) |
| 7/19/2007 | (107,434) |
| 8/17/2007 | (251,703) |
| 9/19/2007 | (32,303) |
| 9/19/2007 | (293,250) |
| 9/19/2007 | (225,231) |
| 10/16/2007 | (99,862) |
| 11/19/2007 | (105,810) |
| 11/19/2007 | (127,539) |
| 11/19/2007 | (127,539) |
| 12/19/2007 | (21,036) |
| 12/19/2007 | (95,618) |
| 12/19/2007 | (2,811,774) |
| 1/17/2008 | (231,360) |
| 2/15/2008 | (64,987) |
| 3/18/2008 | (45,520) |
| 3/18/2008 | (630,808) |
| 4/14/2008 | (37,904) |
| 4/14/2008 | (54,725) |
| 4/14/2008 | (214,991) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BSI**

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 5/15/2008 | (21,467) |
| 5/15/2008 | (131,505) |
| 6/17/2008 | (40,594) |
| 6/17/2008 | (66,286) |
| 6/17/2008 | (98,899) |
| 6/17/2008 | (137,941) |
| 7/15/2008 | (998,997) |
| 8/18/2008 | (10,675) |
| 8/18/2008 | (313,881) |
| 8/18/2008 | (352,282) |
| 8/18/2008 | (691,221) |
| 10/15/2008 | (33,765) |
| 10/15/2008 | (631,344) |
| 11/19/2008 | (26,996) |
| 11/19/2008 | (30,346) |
| 11/19/2008 | (55,086) |
| 11/19/2008 | (102,811) |
| 11/19/2008 | (137,232) |
| 11/19/2008 | (275,429) |
| 11/19/2008 | (280,443) |
| 11/19/2008 | (292,902) |
| 11/19/2008 | (323,855) |
| 11/19/2008 | (421,526) |
| **Total:** | **$ (27,452,138)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCA DEL GOTTARDO**

| Column 1<br>Date | Column 2<br>Amount |
|---|---|
| 3/14/2003 | (83,894) |
| 3/14/2003 | (482,169) |
| 3/14/2003 | (777,122) |
| 3/14/2003 | (1,737,043) |
| 5/14/2003 | (270,407) |
| 5/14/2003 | (1,401,608) |
| 11/19/2003 | (2,039,044) |
| 4/21/2004 | (2,135,081) |
| 1/14/2005 | (122,286) |
| 1/14/2005 | (536,927) |
| 7/15/2005 | (81,150) |
| 7/15/2005 | (107,812) |
| 7/15/2005 | (212,117) |
| 8/15/2005 | (33,372) |
| 8/15/2005 | (44,499) |
| 8/15/2005 | (473,350) |
| 8/15/2005 | (611,830) |
| 1/19/2006 | (53,068) |
| 1/19/2006 | (91,801) |
| 3/17/2006 | (113,691) |
| 3/17/2006 | (115,311) |
| 5/15/2006 | (26,776) |
| 5/15/2006 | (35,811) |
| 7/20/2006 | (1,193,073) |
| 10/12/2006 | (334,572) |
| 11/14/2006 | (9,818) |
| 11/14/2006 | (42,408) |
| 11/14/2006 | (113,229) |
| 12/15/2006 | (54,296) |
| 1/16/2007 | (63,773) |
| 1/16/2007 | (115,152) |
| 2/15/2007 | (86,545) |
| 4/17/2007 | (137,683) |
| 5/16/2007 | (147,723) |
| 6/15/2007 | (94,868) |
| 7/19/2007 | (130,009) |
| 9/19/2007 | (609,888) |
| 9/19/2007 | (121,150) |
| 9/19/2007 | (470,556) |
| 10/16/2007 | (38,289) |
| 11/19/2007 | (409,732) |
| 12/19/2007 | (72,216) |
| 2/15/2008 | (107,541) |
| 3/18/2008 | (81,143) |
| 5/15/2008 | (231,449) |
| 6/17/2008 | (57,908) |
| 6/17/2008 | (312,871) |
| 7/15/2008 | (110,115) |
| 11/19/2008 | (47,242) |
| 11/19/2008 | (104,503) |

### SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANCA DEL GOTTARDO

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 11/19/2008 | (131,914) |
| 11/19/2008 | (140,242) |
| 11/19/2008 | (141,983) |
| 11/19/2008 | (214,169) |
| 11/19/2008 | (283,980) |
| 11/19/2008 | (587,440) |
| 11/19/2008 | (1,411,247) |
| 11/19/2008 | (263,841) |
| **Total:** $ | **(20,058,735)** |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO BSI

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 7/28/2003 | (635,266) |
| 7/28/2003 | (313,669) |
| 7/28/2003 | (153,217) |
| 11/24/2003 | (30,102) |
| 9/15/2005 | (252,361) |
| 9/15/2005 | (167,671) |
| 9/15/2005 | (26,002) |
| 5/24/2006 | (3,359,094) |
| 10/17/2006 | (68,338) |
| 4/17/2007 | (747,081) |
| 4/17/2007 | (142,018) |
| 5/16/2007 | (486) |
| 6/19/2007 | (120,897) |
| 6/19/2007 | (60,449) |
| 10/19/2007 | (82,323) |
| 11/19/2007 | (74,020) |
| 4/18/2008 | (1,390,757) |
| 4/18/2008 | (74,484) |
| 7/21/2008 | (60,272) |
| 8/15/2008 | (90,527) |
| 11/21/2008 | (465,576) |
| 11/21/2008 | (129,191) |
| 11/21/2008 | (99,575) |
| 11/21/2008 | (76,396) |
| 11/21/2008 | (70,107) |
| 11/21/2008 | (30,806) |
| **Total:** | **$        (8,720,681)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO BANCA DEL GOTTARDO**

| Column 1 | Column 2 |
|----------|----------|
| Date | Amount |
| 4/21/2006 | (128,029) |
| Total: | $ (128,029) |

## SCHEDULE A(18)

**BUREAU OF LABOR INSURANCE – Adv. Pro. No. 11-02732**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(18)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(18)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(18)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BLI**

| Column 1<br>Date | Column 2<br>Amount |
|---|---|
| 8/18/2008 | (42,123,406) |
| **Total:** $ | **(42,123,406)** |

12-01569-smb    Doc 42-1    Filed 05/04/12    Entered 05/04/12 13:41:57    Exhibit
B Pg 99 of 85

## SCHEDULE A(19)

### CACEIS BANK – Adv. Pro. No. 11-02758

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(19)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(19)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(19)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO CACEIS BANK**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 10/16/2007 | (7,313,796) |
| 11/19/2007 | (3,543,031) |
| 12/19/2007 | (13,195,401) |
| **Total:** $ | **(24,052,229)** |

08-01789-smb    Doc 15752-1    Filed 04/11/17    Entered 04/11/17 13:57    Exhibit
B 1 Pg 69 of 197

## SCHEDULE A(20)

### CACEIS BANK LUXEMBOURG – Adv. Pro. No. 11-02758

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(20)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(20)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(20)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO CACEIS BANK LUXEMBOURG**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 5/15/2006 | (627,991) |
| **Total:** | **$        (627,991)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO CACEIS BANK LUXEMBOURG**

|  Column 1 | Column 2 |
| :---: | :---: |
| <u>Date</u> | <u>Amount</u> |
| 7/21/2008 | (19,352,471) |
| **Total:**    $ | **(19,352,471)** |

## SCHEDULE A(21)

**CATHAY LIFE INSURANCE CO. LTD. – Adv. Pro. No. 11-02568**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(21)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(21)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(21)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO CATHAY INSURANCE**

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 8/19/2005 | (2,225,458) |
| 11/19/2008 | (22,271,340) |
| Total: $ | (24,496,799) |

# SCHEDULE A(22)

**CITIBANK GLOBAL MARKETS LIMITED – Adv. Pro. No.  10-05345**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(22)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(22)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(22)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO CITIBANK GLOBAL MARKETS LIMITED**

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 10/14/2005 | (30,000,000) |
| 4/14/2008 | (60,000,000) |
| 11/19/2008 | (40,000,000) |
| Total: | $ (130,000,000) |

08-01789-smb   Doc 41752-1   Filed 04/11/17   Entered 04/11/17 13:13:41   Exhibit
B   Pg 76 of 197

**SCHEDULE A(23)**

**CONCORD MANAGEMENT LLC – Adv. Pro. No. 11-02543**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(23)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(23)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(23)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

12-01569-smb   Doc 12752-1   Filed 05/07/12   Entered 05/07/12 16:08:59   Exhibit Exhibit
Item Schedule Pg 77 of 197

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO CONCORD**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 4/14/2003 | (10,452,601) |
| **Total:** $ | **(10,452,601)** |

## SCHEDULE A(24)

**DELTA NATIONAL BANK AND TRUST COMPANY – Adv. Pro. No. 11-02551**

1.       The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(24)-1 or proceeds of redemptions therefrom.

2.       The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(24)-1 was made.

3.       The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(24)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO DELTA BANK**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 1/17/2003 | (1,596,694) |
| 3/14/2003 | (439,515) |
| 4/14/2003 | (614,912) |
| 4/14/2003 | (1,093,512) |
| 5/14/2003 | (73,217) |
| 5/14/2003 | (100,952) |
| 5/14/2003 | (111,651) |
| 5/14/2003 | (696,496) |
| 7/16/2003 | (404,373) |
| 7/16/2003 | (2,493,614) |
| 9/17/2003 | (140,353) |
| 1/21/2004 | (801,964) |
| 2/18/2004 | (53,178) |
| 3/18/2004 | (65,000) |
| 4/21/2004 | (27,223) |
| 4/21/2004 | (244,144) |
| 9/15/2004 | (305,894) |
| 7/15/2005 | (59,790) |
| 7/15/2005 | (109,914) |
| 7/15/2005 | (272,699) |
| 7/15/2005 | (1,246,505) |
| 8/15/2005 | (21,155) |
| 8/15/2005 | (70,869) |
| 9/15/2005 | (119,929) |
| 10/19/2005 | (8,465) |
| 10/19/2005 | (142,458) |
| 10/19/2005 | (170,312) |
| 10/19/2005 | (415,669) |
| 11/17/2005 | (55,388) |
| 1/19/2006 | (22,002) |
| 2/15/2006 | (159,252) |
| 3/17/2006 | (51,057) |
| 5/15/2006 | (22,701) |
| 5/15/2006 | (103,926) |
| 5/15/2006 | (129,952) |
| 12/15/2006 | (67,527) |
| 1/16/2007 | (78,164) |
| 6/15/2007 | (199,539) |
| 9/19/2007 | (187,654) |
| 9/19/2007 | (397,494) |
| 9/19/2007 | (2,866,868) |
| 10/16/2007 | (82,520) |
| 11/19/2007 | (102,031) |
| 12/19/2007 | (30,928) |
| 1/17/2008 | (25,318) |
| 2/15/2008 | (129,974) |
| 3/18/2008 | (2,250,005) |
| 4/14/2008 | (1,302,053) |
| 8/18/2008 | (33,360) |
| 11/19/2008 | (76,397) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO DELTA BANK**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 11/19/2008 | (107,982) |
| 11/19/2008 | (252,409) |
| Total: | $ (20,634,958) |

## SCHEDULE A(25)

### DEZ FINANCIAL MANAGEMENT LTD. – Adv. Pro. No. 11-02552

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(25)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(25)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(25)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO DEZ**

|  Column 1 | Column 2 |
| :---: | :---: |
| Date | Amount |
| 4/14/2003 | 14,776,114 |
| Total: $ | 14,776,114 |

## SCHEDULE A(26)

**FALCON PRIVATE BANK LTD. (F/K/A AIG PRIVAT BANK AG) – Adv. Pro. No. 11-02923**

1.     The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(26)-1 or proceeds of redemptions therefrom.

2.     The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(26)-1 was made.

3.     The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(26)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO FALCON**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 3/18/2004 | (38,091,032) |
| 7/19/2007 | (584,097) |
| **Total:** $ | **(38,675,129)** |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO FALCON

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 1/27/2006 | (70,288) |
| **Total:** | **$           (70,288)** |

## SCHEDULE A(27)

### FULLERTON CAPITAL PTE LTD. – Adv. Pro. No. 12-01004

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(27)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(27)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(27)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO FULLERTON**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 10/14/2005 | (10,290,445) |
| Total: | $ (10,290,445) |

## SCHEDULE A(28)

### GROSVENOR BALANCED GROWTH FUND LIMITED – Adv. Pro. No. 12-01021

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(28)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(28)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(28)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

10-04568-smb   Doc 42   Filed 05/07/12   Entered 05/07/12 16:08:59   Exhibit
Schedule A   Pg 89 of 197

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO GROSVENOR BALANCED**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 3/15/2005 | (8,000,000) |
| 12/19/2005 | (5,000,000) |
| **Total:** $ | **(13,000,000)** |

<u>**SCHEDULE A(29)**</u>

**GROSVENOR INVESTMENT MANAGEMENT LTD. – Adv. Pro. No. 12-01021**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(29)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(29)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(29)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO GROSVENOR PRIVATE**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 4/14/2003 | (2,500,000) |
| 10/14/2005 | (500,000) |
| 12/19/2005 | (1,312,804) |
| 12/19/2005 | (5,000,000) |
| 3/17/2006 | (2,298) |
| 7/19/2007 | (5,000,000) |
| **Total:** $ | **(14,315,101)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO GROSVENOR BALANCED**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 3/15/2005 | (8,000,000) |
| 12/19/2005 | (5,000,000) |
| **Total:** $ | **(13,000,000)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO GROSVENOR AGGRESSIVE**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 4/14/2003 | (4,191,288) |
| **Total:** | $ **(4,191,288)** |

## SCHEDULE A(30)

**GROSVENOR PRIVATE RESERVE FUND LIMITED – Adv. Pro. No. 12-01021**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(30)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(30)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(30)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO GROSVENOR PRIVATE**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 4/14/2003 | (2,500,000) |
| 10/14/2005 | (500,000) |
| 12/19/2005 | (1,312,804) |
| 12/19/2005 | (5,000,000) |
| 3/17/2006 | (2,298) |
| 7/19/2007 | (5,000,000) |
| **Total:** $ | **(14,315,101)** |

## SCHEDULE A(31)

**GROSVENOR AGGRESSIVE GROWTH FUND LIMITED – Adv. Pro. No. 12-01021**

1.       The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(31)-1 or proceeds of redemptions therefrom.

2.       The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(31)-1 was made.

3.       The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(31)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO GROSVENOR AGGRESSIVE**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 4/14/2003 | (4,191,288) |
| **Total:** $ | **(4,191,288)** |

## SCHEDULE A(32)

**INTELIGO BANK LTD. PANAMA BRANCH, f/k/a BLUBANK LTD. PANAMA BRANCH – Adv. Pro. No. 11-02763**

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(32)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(32)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(32)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO DEFENDANT INTELIGO

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 7/16/2003 | (2,336,175) |
| 10/14/2003 | (28,470) |
| 11/19/2003 | (323,839) |
| 12/18/2003 | (112,664) |
| 4/21/2004 | (2,183,043) |
| 6/18/2004 | (111,040) |
| 6/15/2005 | (39,370) |
| 10/14/2005 | (28,955) |
| 10/14/2005 | (300,000) |
| 12/19/2005 | (142,364) |
| 12/19/2005 | (420,000) |
| 1/19/2006 | (20,000) |
| 1/19/2006 | (35,000) |
| 1/19/2006 | (209,410) |
| 2/15/2006 | (360,765) |
| 6/21/2007 | (235,000) |
| 9/19/2007 | (74,061) |
| 9/19/2007 | (323,094) |
| 10/16/2007 | (36,197) |
| 10/16/2007 | (55,442) |
| 11/19/2007 | (46,979) |
| 11/19/2007 | (100,000) |
| 12/19/2007 | (38,092) |
| 12/19/2007 | (53,075) |
| 12/19/2007 | (147,157) |
| 1/17/2008 | (28,250) |
| 1/17/2008 | (80,332) |
| 1/17/2008 | (500,000) |
| 2/15/2008 | (5,000) |
| 3/18/2008 | (332,059) |
| 5/15/2008 | (10,000) |
| 5/15/2008 | (104,109) |
| 5/15/2008 | (269,438) |
| 8/18/2008 | (32,359) |
| 8/18/2008 | (48,108) |
| 8/18/2008 | (320,996) |
| 9/16/2008 | (3,383) |
| 9/16/2008 | (47,353) |
| 9/16/2008 | (70,111) |
| 9/16/2008 | (103,209) |
| 10/30/2008 | (21,658) |
| 10/30/2008 | (28,607) |
| 10/30/2008 | (91,711) |
| 11/19/2008 | (17,117) |
| 11/19/2008 | (91,878) |
| 11/19/2008 | (101,366) |
| 11/19/2008 | (183,969) |
| 11/19/2008 | (493,955) |
| **Total:** | **$ (10,745,161)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO DEFENDANT INTELIGO**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 12/20/2006 | (72,944) |
| **Total:** | **$ (72,944)** |

**<u>SCHEDULE A(33)</u>**

**KOCH INDUSTRIES. INC., AS SUCCESSOR IN INTEREST TO KOCH INVESTMENT (UK) COMPANY – Adv. Pro. No. 12-01047**

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(33)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(33)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(33)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

### SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO KOCH INVESTMENT

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 5/11/2005 | (5,000,000) |
| 9/20/2005 | (16,533,871) |
| **Total:** $ | **(21,533,871)** |

08-01789-smb   Doc 4752-1   Filed 04/11/17   Entered 04/11/17 13:41:57   Exhibit
B1   Pg 103 of 183

## SCHEDULE A(34)

## KOREA EXCHANGE BANK INDIVIDUALLY, AND AS TRUSTEE FOR KOREA GLOBAL ALL ASSET TRUST I-1 AND TAMS RAINBOW TRUST III – Adv. Pro. No. 11-02572

1.       The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(34)-1 or proceeds of redemptions therefrom.

2.       The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(34)-1 was made.

3.       The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(34)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO KEB**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 11/16/2004 | (33,460) |
| 2/16/2005 | (623,600) |
| 2/16/2005 | (1,870,791) |
| 3/15/2005 | (3,493,631) |
| 4/14/2005 | (1,426,547) |
| 5/13/2005 | (1,681,800) |
| 5/13/2005 | (1,235,990) |
| 6/15/2005 | (790,193) |
| 6/15/2005 | (610,212) |
| 6/15/2005 | (887,391) |
| 6/15/2005 | (648,633) |
| 6/15/2005 | (735,643) |
| 6/15/2005 | (729,670) |
| 6/15/2005 | (688,011) |
| 6/15/2005 | (684,993) |
| 6/15/2005 | (622,546) |
| 6/15/2005 | (1,210,856) |
| 11/17/2005 | (5,668,286) |
| 1/19/2006 | (650,959) |
| 7/20/2006 | (3,374,185) |
| 10/12/2006 | (1,916,445) |
| 4/14/2008 | (4,009,264) |
| **Total:** | **$ (33,593,108)** |

12-01569-smb    Doc 42752-1    Filed 04/11/17    Entered 04/11/17 08:53:41    Exhibit
B 1    Pg 105 of 183

## SCHEDULE A(35)

## LANDIS INVERSIONES S.L. – Adv. Pro. No. 11-02930

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(35)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(35)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(35)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO LANDIS**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 3/14/2003 | (8,189,334) |
| **Total:** $ | **(8,189,334)** |

## SCHEDULE A(36)

**LIGHTHOUSE DIVERSIFIED FUND LIMITED – Adv. Pro. No. 11-02762**

1.       The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(36)-1 or proceeds of redemptions therefrom.

2.       The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(36)-1 was made.

3.       The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(36)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

12-01565-smb   Doc 42   Filed 05/07/12   Entered 05/07/12 16:08:53   Exhibit Exhibit
B - 1   Pg 108 of 197

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO LIGHTHOUSE DIVERSIFIED**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 4/14/2003 | (7,913,873) |
| Total: | $ (7,913,873) |

## SCHEDULE A(37)

**LIGHTHOUSE PARTNERS  LLC – Adv. Pro. No. 11-02762**

1.        The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(37)-1 or

proceeds of redemptions therefrom.

2.        The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(37)-1 was made.

3.        The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(37)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO LIGHTHOUSE SUPERCASH**

| Column 1 | Column 2 |
|----------|----------|
| Date | Amount |
| 4/14/2003 | (3,251,378) |
| **Total:** $ | **(3,251,378)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO LIGHTHOUSE DIVERSIFIED**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 4/14/2003 | (7,913,873) |
| **Total:** $ | **(7,913,873)** |

## SCHEDULE A(38)

**LIGHTHOUSE SUPERCASH FUND LIMITED – Adv. Pro. No. 11-02762**

1.    The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(38)-1 or proceeds of redemptions therefrom.

2.    The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(38)-1 was made.

3.    The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(38)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO LIGHTHOUSE SUPERCASH**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 4/14/2003 | (3,251,378) |

|  |  |  |
|---|---|---|
| **Total:** | **$** | **(3,251,378)** |

<u>**SCHEDULE A(39)**</u>

**LION GLOBAL INVESTORS LIMITED – Adv. Pro. No. 11-02540**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(39)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(39)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(39)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO LION GLOBAL**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 7/15/2005 | (505,479) |
| 7/15/2005 | (33,397,116) |
| 7/15/2005 | (2,527,405) |
| 7/15/2005 | (2,527,405) |
| 7/15/2005 | (10,109,600) |
| 7/15/2005 | (1,516,437) |
| **Total:** | $ (50,583,443) |

<u>**SCHEDULE A(40)**</u>

**MERITZ FIRE & MARINE INSURANCE CO. LTD. – Adv. Pro. No. 11-02539**

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(40)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(40)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(40)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

### SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO MERITZ

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 8/17/2007 | (10,911,002) |
| 9/20/2007 | (10,944,896) |
| Total: | $ (21,855,898) |

1:08-01789-smb   Doc 12752-1   Filed 05/07/12   Entered 05/07/12 16:03:53   Exhibit Exhibit
B   Pg 118 of 197

## SCHEDULE A(41)

### MERRILL LYNCH BANK (SUISSE) S.A. – Adv. Pro. No. 11-02910

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(41)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(41)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(41)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO MLBS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 4/14/2003 | (508,963) |
| 5/14/2003 | (504,029) |
| 5/14/2003 | (1,500,000) |
| 5/14/2003 | (2,498,558) |
| 6/16/2003 | (25,000) |
| 7/16/2003 | (1,529,000) |
| 8/15/2003 | (265,810) |
| 8/15/2003 | (300,750) |
| 8/15/2003 | (1,971,100) |
| 8/15/2003 | (6,386,104) |
| 9/17/2003 | (320,079) |
| 9/17/2003 | (964,543) |
| 10/14/2003 | (295,235) |
| 10/14/2003 | (370,819) |
| 11/19/2003 | (366,608) |
| 12/18/2003 | (2,915,888) |
| 2/18/2004 | (60,000) |
| 4/21/2004 | (1,236,101) |
| 4/21/2004 | (2,220,553) |
| 6/17/2004 | (304,703) |
| 6/17/2004 | (452,140) |
| 10/19/2004 | (60,893) |
| 11/16/2004 | (91,365) |
| 12/13/2004 | (178,033) |
| 12/13/2004 | (200,543) |
| 12/13/2004 | (201,566) |
| 12/13/2004 | (347,880) |
| 12/13/2004 | (404,155) |
| 12/13/2004 | (2,455,626) |
| 1/14/2005 | (338) |
| 1/14/2005 | (177,434) |
| 3/15/2005 | (162,293) |
| 4/14/2005 | (610,416) |
| 4/14/2005 | (1,898,820) |
| 5/13/2005 | (313,242) |
| 7/15/2005 | (128,876) |
| 7/15/2005 | (287,140) |
| 7/15/2005 | (848,257) |
| 9/15/2005 | (638,114) |
| 11/17/2005 | (52,130) |
| 11/17/2005 | (124,894) |
| 11/17/2005 | (205,260) |
| 1/19/2006 | (506,035) |
| 2/15/2006 | (110,776) |
| 3/17/2006 | (255,286) |
| 3/17/2006 | (443,975) |
| 3/17/2006 | (1,357,853) |
| 4/20/2006 | (5,454) |
| 4/20/2006 | (311,472) |
| 6/16/2006 | (387,395) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO MLBS**

| Column 1 | Column 2 |
|:---:|:---:|
| Date | Amount |
| 6/16/2006 | (858,093) |
| 7/20/2006 | (102,247) |
| 7/20/2006 | (112,587) |
| 10/12/2006 | (51,830) |
| 4/17/2007 | (340,919) |
| 5/16/2007 | (459,968) |
| 6/15/2007 | (43,649) |
| 6/15/2007 | (122,218) |
| 6/15/2007 | (1,017,650) |
| 7/19/2007 | (202,729) |
| 8/17/2007 | (198,053) |
| 9/19/2007 | (110,777) |
| 2/15/2008 | (353,296) |
| 3/18/2008 | (89,740) |
| 4/14/2008 | (101,632) |
| 6/17/2008 | (66,922) |
| 6/17/2008 | (530,289) |
| 7/15/2008 | (791,341) |
| 8/18/2008 | (62,757) |
| 11/19/2008 | (193,018) |
| 11/19/2008 | (556,568) |
| **Total:** | **$ (44,127,785)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO MLBS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 9/20/2007 | (1,906,620) |
| **Total:** | $ **(1,906,620)** |

**<u>SCHEDULE A(42)</u>**

**MERRILL LYNCH INTERNATIONAL – Adv. Pro. No.  10-05346**

      1.        The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(42)-1 or proceeds of redemptions therefrom.

      2.        The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(42)-1 was made.

      3.        The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(42)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO MERRILL LYNCH INTERNATIONAL**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 8/14/2006 | (1,200,000) |
| 2/15/2008 | (2,000,000) |
| 6/17/2008 | (3,000,000) |
| 11/19/2008 | (3,000,000) |
| 11/19/2008 | (5,000,000) |
| **Total:** $ | **(14,200,000)** |

## SCHEDULE A(43)

### NAIDOT & CO. – Adv. Pro. No. 11-02733

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(43)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(43)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(43)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO NAIDOT**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 2/14/2003 | (1,000,000) |
| 6/16/2003 | (1,000,000) |
| 2/18/2004 | (5,900,000) |
| 6/24/2005 | (2,000,000) |
| 10/14/2005 | (3,754,907) |
| **Total:** $ | **(13,654,907)** |

10-05353-smb   Doc 12-1   Filed 05/07/12   Entered 05/07/12 16:08:59   Exhibit Exhibit
B   Pg 18 of 85

## SCHEDULE A(44)

### NATIONAL BANK OF KUWAIT S.A.K. – Adv. Pro. No. 11-02554

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(44)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(44)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(44)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO NBK**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 9/19/2007 | (355,743) |
| 12/19/2007 | (36,000) |
| 12/19/2007 | (520,831) |
| 12/19/2007 | (1,051,823) |
| 1/17/2008 | (60,000) |
| 2/15/2008 | (525,315) |
| 3/18/2008 | (18,000) |
| 3/18/2008 | (265,391) |
| 3/18/2008 | (1,106,253) |
| 4/14/2008 | (520,602) |
| 5/15/2008 | (15,000) |
| 5/15/2008 | (106,301) |
| 5/15/2008 | (203,629) |
| 6/17/2008 | (50,000) |
| 6/17/2008 | (1,071,633) |
| 7/15/2008 | (38,000) |
| 8/18/2008 | (14,000) |
| 8/18/2008 | (26,000) |
| 8/18/2008 | (200,000) |
| 8/18/2008 | (300,000) |
| 9/16/2008 | (548,468) |
| 10/15/2008 | (1,000,000) |
| 11/19/2008 | (190,938) |
| 11/19/2008 | (322,411) |
| 11/19/2008 | (826,290) |
| 11/19/2008 | (1,082,316) |
| 11/19/2008 | (2,315,130) |
| 11/19/2008 | (4,364,312) |
| 11/19/2008 | (513,204) |
| 11/19/2008 | (1,076,809) |
| **Total:** | **$ (18,724,399)** |

**SCHEDULE A(45)**

**NATIXIS – Adv. Pro. No.  10-05353**

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(45)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entiles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(45)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(45)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

Schedule 2 Page 129

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO NATIXIS**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 1/31/2008 | (7,149,874) |
| 2/15/2008 | (28,617,693) |
| 3/18/2008 | (11,923,728) |
| 5/15/2008 | (52,043,076) |
| 5/15/2008 | (2,077,778) |
| 9/16/2008 | (74,503,218) |
| 10/15/2008 | (2,096,137) |
| 11/19/2008 | (597,952) |
| **Total:** | **$ (179,009,456)** |

1:08-05369-smb   Doc 4175-1   Filed 09/04/11-17   Entered 09/04/12 03:13-41-57   Exhibit Exhibit
B Pg 130 of 197

## SCHEDULE A(46)

### NOMURA BANK INTERNATIONAL PLC – Adv. Pro. No.  10-05348

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(46)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(46)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(46)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO NOMURA INTERNATIONAL PLC**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 10/16/2007 | (2,094,734) |
| 11/19/2007 | (6,581,009) |
| 3/26/2008 | (910,407) |
| 11/28/2008 | (5,399,113) |
| 11/28/2008 | (5,027,924) |
| **Total:** $ | **(20,013,186)** |

## SCHEDULE A(47)

### ORBITA CAPITAL RETURN STRATEGY LIMITED – Adv. Pro. No. 11-02537

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(47)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(47)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(47)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO ORBITA**

|  Column 1<br>Date | Column 2<br>Amount |
|---|---|
| 2/16/2005 | (30,662,226) |
| **Total:** | **$ (30,662,226)** |

## SCHEDULE A(48)

### PICTET ET CIE – Adv. Pro. No. 11-01724

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(48)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(48)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(48)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE PICTET DEFENDANTS

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 2/14/2003 | (80,349) |
| 4/14/2003 | (36,064) |
| 4/14/2003 | (20,351) |
| 7/16/2003 | (524,086) |
| 2/18/2004 | (109,488) |
| 3/18/2004 | (40,000) |
| 4/21/2004 | (250,000) |
| 4/21/2004 | (20,000) |
| 5/17/2004 | (600,000) |
| 6/17/2004 | (152,351) |
| 6/17/2004 | (112,101) |
| 6/17/2004 | (25,000) |
| 7/16/2004 | (550,000) |
| 7/16/2004 | (284,204) |
| 7/16/2004 | (169,553) |
| 7/16/2004 | (109,285) |
| 7/16/2004 | (44,797) |
| 9/15/2004 | (68,468) |
| 10/19/2004 | (31,076) |
| 12/13/2004 | (200,369) |
| 12/13/2004 | (99,269) |
| 12/13/2004 | (57,953) |
| 1/14/2005 | (51,281) |
| 2/16/2005 | (1,100,000) |
| 3/14/2005 | (70,355) |
| 3/14/2005 | (56,191) |
| 3/15/2005 | (103,701) |
| 3/15/2005 | (89,237) |
| 4/14/2005 | (75,003) |
| 4/14/2005 | (55,000) |
| 5/13/2005 | (50,000) |
| 5/13/2005 | (124,344) |
| 6/15/2005 | (214,511) |
| 6/15/2005 | (111,740) |
| 6/15/2005 | (25,000) |
| 8/15/2005 | (74,042) |
| 9/15/2005 | (70,972) |
| 9/15/2005 | (50,000) |
| 9/15/2005 | (7,014) |
| 10/14/2005 | (17,348) |
| 10/14/2005 | (347,166) |
| 10/28/2005 | (145,000) |
| 11/17/2005 | (1,422,703) |
| 11/17/2005 | (115,228) |
| 11/17/2005 | (4,030,000) |
| 11/17/2005 | (976,311) |
| 11/17/2005 | (123,862) |
| 11/17/2005 | (80,000) |
| 12/19/2005 | (65,268) |
| 1/19/2006 | (961,235) |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE PICTET DEFENDANTS

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 1/19/2006 | (4,608,000) |
| 2/15/2006 | (219,448) |
| 3/17/2006 | (510,793) |
| 3/17/2006 | (4,728,068) |
| 3/17/2006 | (355,180) |
| 4/20/2006 | (203,480) |
| 4/20/2006 | (100,000) |
| 4/20/2006 | (33,733) |
| 4/21/2006 | (200,000) |
| 5/17/2006 | (174,515) |
| 6/16/2006 | (924,343) |
| 6/16/2006 | (45,000) |
| 6/16/2006 | (34,291) |
| 6/16/2006 | (27,341) |
| 6/16/2006 | (50,000) |
| 7/20/2006 | (259,730) |
| 7/20/2006 | (50,549) |
| 7/20/2006 | (56,661) |
| 8/14/2006 | (1,032,574) |
| 8/14/2006 | (48,765) |
| 9/14/2006 | (150,000) |
| 9/14/2006 | (161,460) |
| 10/12/2006 | (313,074) |
| 10/16/2006 | (318,787) |
| 11/14/2006 | (887,036) |
| 12/15/2006 | (121,691) |
| 1/16/2007 | (140,853) |
| 1/16/2007 | (66,119) |
| 1/16/2007 | (60,000) |
| 2/15/2007 | (70,822) |
| 3/16/2007 | (183,611) |
| 3/21/2007 | (34,328) |
| 4/17/2007 | (92,000) |
| 4/17/2007 | (69,858) |
| 5/16/2007 | (433,816) |
| 5/16/2007 | (125,861) |
| 5/16/2007 | (12,371) |
| 6/15/2007 | (115,000) |
| 6/15/2007 | (100,000) |
| 6/15/2007 | (99,770) |
| 6/15/2007 | (1,194,093) |
| 6/15/2007 | (30,000) |
| 7/19/2007 | (1,273,576) |
| 7/19/2007 | (395,071) |
| 7/19/2007 | (50,057) |
| 7/19/2007 | (28,138) |
| 7/19/2007 | (25,216) |
| 7/23/2007 | (90,382) |
| 8/17/2007 | (2,800,000) |
| 8/17/2007 | (50,000) |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE PICTET DEFENDANTS

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 9/17/2007 | (718,476) |
| 9/17/2007 | (216,212) |
| 9/17/2007 | (100,310) |
| 10/16/2007 | (466,034) |
| 10/31/2007 | (142,805) |
| 11/19/2007 | (527,527) |
| 11/19/2007 | (511,724) |
| 11/19/2007 | (319,689) |
| 11/19/2007 | (202,774) |
| 11/19/2007 | (124,988) |
| 12/19/2007 | (208,271) |
| 12/19/2007 | (100,000) |
| 1/17/2008 | (1,240,387) |
| 1/17/2008 | (40,000) |
| 2/15/2008 | (200,000) |
| 2/15/2008 | (113,259) |
| 3/18/2008 | (1,243,371) |
| 4/14/2008 | (147,601) |
| 4/14/2008 | (142,025) |
| 4/14/2008 | (108,473) |
| 4/14/2008 | (30,000) |
| 5/15/2008 | (131,992) |
| 5/15/2008 | (114,725) |
| 7/15/2008 | (686,923) |
| 7/15/2008 | (366,515) |
| 7/15/2008 | (40,000) |
| 8/18/2008 | (1,006,140) |
| 8/18/2008 | (186,816) |
| 8/18/2008 | (54,246) |
| 8/18/2008 | (20,000) |
| 9/16/2008 | (370,000) |
| 9/16/2008 | (341,216) |
| 9/16/2008 | (26,878) |
| 10/15/2008 | (174,255) |
| 10/15/2008 | (135,060) |
| 10/15/2008 | (75,053) |
| 11/19/2008 | (1,369,631) |
| 11/19/2008 | (508,966) |
| 11/19/2008 | (506,603) |
| 11/19/2008 | (15,000) |
| Total: | $ (50,386,685) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO THE PICTET DEFENDANTS**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 1/26/2004 | (3,252,989) |
| 7/14/2005 | (97,238) |
| 2/15/2006 | (162,355) |
| 6/20/2006 | (102,132) |
| 3/15/2007 | (173,771) |
| 4/17/2007 | (304,573) |
| 9/20/2007 | (902,722) |
| 11/20/2007 | (22,247) |
| 11/20/2007 | (46,446) |
| 1/22/2008 | (1,735,257) |
| 7/21/2008 | (224,397) |
| 7/21/2008 | (205,031) |
| 7/21/2008 | (258,310) |
| 8/15/2008 | (60,137) |
| 8/31/2008 | (123,416) |
| 8/31/2008 | (141,693) |
| 9/19/2008 | (1,051,628) |
| 10/20/2008 | (13,124) |
| 11/21/2008 | (89,966) |
| 11/21/2008 | (98,197) |
| 11/21/2008 | (105,637) |
| 11/21/2008 | (133,640) |
| 11/21/2008 | (35,345) |
| **Total:** $ | **(9,340,250)** |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD LAMBDA TO THE PICTET DEFENDANTS

| Column 1 | Column 2 |
|----------|----------|
| Date | Amount |
| 11/19/2003 | (15,961) |
| 3/23/2004 | (42,315) |
| 9/24/2004 | (56,970) |
| 12/22/2004 | (36,744) |
| 12/22/2004 | (92,015) |
| 11/22/2005 | (117,189) |
| Total: | $ (361,194) |

## SCHEDULE A(49)

### QUILVEST FINANCE LIMITED – Adv. Pro. No. 11-02538

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(49)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(49)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(49)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO QUILVEST DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 2/14/2003 | (2,073,450) |
| 3/14/2003 | (198,696) |
| 4/14/2003 | (747,953) |
| 4/14/2003 | (581,721) |
| 5/14/2003 | (168,554) |
| 5/14/2003 | (210,313) |
| 5/14/2003 | (311,518) |
| 7/16/2003 | (54,186) |
| 7/16/2003 | (2,471,566) |
| 8/15/2003 | (113,360) |
| 9/17/2003 | (1,495,385) |
| 10/14/2003 | (178,309) |
| 10/14/2003 | (228,214) |
| 10/14/2003 | (424,544) |
| 11/19/2003 | (578,080) |
| 12/18/2003 | (1,374,582) |
| 1/21/2004 | (9,578) |
| 1/21/2004 | (502,350) |
| 1/21/2004 | (2,003,453) |
| 1/21/2004 | (2,456,944) |
| 2/18/2004 | (114,013) |
| 4/21/2004 | (414,182) |
| 5/17/2004 | (213,847) |
| 6/17/2004 | (296,957) |
| 7/16/2004 | (1,260,875) |
| 11/16/2004 | (293,383) |
| 12/13/2004 | (153,477) |
| 1/14/2005 | (140,214) |
| 1/14/2005 | (652,095) |
| 8/15/2005 | (85,148) |
| 5/15/2006 | (20,431) |
| 9/14/2006 | (168,199) |
| 9/14/2006 | (234,000) |
| 1/16/2007 | (1,296,425) |
| 3/16/2007 | (16,274,111) |
| **Total:** | **$        (37,800,115)** |

10-04585-smb    Doc 12    Filed 05/07/12    Entered 05/07/12 16:03:53    Exhibit Exhibit
B   Pg 143 of 197

**<u>SCHEDULE A(50)</u>**

**SAFRA NATIONAL BANK OF NEW YORK – Adv. Pro. No. 11-01885**

      1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(50)-1 or proceeds of redemptions therefrom.

      2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(50)-1 was made.

      3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(50)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SAFRA NEW YORK

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 9/17/2003 | (130,664) |
| 9/17/2003 | (146,127) |
| 7/16/2004 | (149,324) |
| 8/13/2004 | (5,000,000) |
| 9/15/2004 | (6,582,271) |
| 2/17/2005 | (27,149,445) |
| 3/15/2005 | (117,162) |
| 3/15/2005 | (351,445) |
| 3/15/2005 | (1,077,355) |
| 3/15/2005 | (1,764,084) |
| 4/14/2005 | (100,000) |
| 4/14/2005 | (109,770) |
| 4/14/2005 | (119,088) |
| 4/14/2005 | (129,909) |
| 4/14/2005 | (199,100) |
| 4/14/2005 | (238,177) |
| 4/14/2005 | (261,894) |
| 5/19/2005 | (108,712) |
| 5/19/2005 | (808,696) |
| 11/17/2005 | (115,239) |
| 11/17/2005 | (141,543) |
| 11/17/2005 | (169,063) |
| 11/17/2005 | (367,546) |
| 12/19/2005 | (115,097) |
| 12/19/2005 | (210,040) |
| 12/19/2005 | (389,596) |
| 1/19/2006 | (50,603) |
| 1/19/2006 | (102,923) |
| 1/19/2006 | (113,143) |
| 1/19/2006 | (287,010) |
| 1/19/2006 | (404,080) |
| 2/15/2006 | (126,495) |
| 2/15/2006 | (154,544) |
| 2/15/2006 | (327,632) |
| 3/17/2006 | (115,434) |
| 3/17/2006 | (189,799) |
| 3/17/2006 | (190,121) |
| 3/17/2006 | (203,119) |
| 3/17/2006 | (273,411) |
| 4/20/2006 | (41,346) |
| 4/20/2006 | (106,305) |
| 4/20/2006 | (254,080) |
| 5/15/2006 | (113,505) |
| 5/15/2006 | (114,016) |
| 5/15/2006 | (153,391) |
| 5/15/2006 | (155,832) |
| 5/15/2006 | (221,086) |
| 5/15/2006 | (241,278) |
| 5/15/2006 | (400,549) |
| 6/16/2006 | (91,442) |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SAFRA NEW YORK

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 6/16/2006 | (91,442) |
| 6/16/2006 | (122,304) |
| 6/16/2006 | (237,510) |
| 6/16/2006 | (238,630) |
| 6/16/2006 | (316,378) |
| 6/16/2006 | (364,957) |
| 6/16/2006 | (595,517) |
| 7/20/2006 | (114,884) |
| 7/20/2006 | (122,926) |
| 7/20/2006 | (137,861) |
| 7/20/2006 | (252,504) |
| 7/20/2006 | (506,640) |
| 8/14/2006 | (61,595) |
| 8/14/2006 | (223,692) |
| 8/14/2006 | (278,645) |
| 9/14/2006 | (121,551) |
| 9/14/2006 | (154,814) |
| 9/14/2006 | (464,654) |
| 10/12/2006 | (141,283) |
| 10/12/2006 | (4,087,197) |
| 11/14/2006 | (82,804) |
| 11/14/2006 | (122,894) |
| 11/14/2006 | (129,577) |
| 11/14/2006 | (135,906) |
| 11/14/2006 | (139,537) |
| 11/14/2006 | (139,537) |
| 11/14/2006 | (142,861) |
| 11/14/2006 | (279,950) |
| 11/14/2006 | (376,547) |
| 11/14/2006 | (518,888) |
| 11/14/2006 | (529,617) |
| 11/14/2006 | (666,682) |
| 11/14/2006 | (1,084,962) |
| 12/15/2006 | (59,652) |
| 12/15/2006 | (102,757) |
| 12/15/2006 | (108,448) |
| 12/15/2006 | (112,934) |
| 12/15/2006 | (115,201) |
| 12/15/2006 | (169,413) |
| 12/15/2006 | (225,880) |
| 12/15/2006 | (255,229) |
| 12/15/2006 | (386,882) |
| 12/15/2006 | (2,264,883) |
| 1/16/2007 | (52,943) |
| 1/16/2007 | (143,248) |
| 1/16/2007 | (206,238) |
| 1/19/2007 | (165,195) |
| 2/15/2007 | (21,347) |
| 2/15/2007 | (125,655) |
| 2/15/2007 | (256,076) |

## SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SAFRA NEW YORK

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 2/15/2007 | (603,356) |
| 3/16/2007 | (58,460) |
| 3/16/2007 | (151,007) |
| 3/16/2007 | (163,217) |
| 3/16/2007 | (341,621) |
| 3/16/2007 | (365,282) |
| 3/16/2007 | (528,728) |
| 3/16/2007 | (809,936) |
| 4/17/2007 | (504,360) |
| 4/17/2007 | (3,754,997) |
| 5/16/2007 | (78,086) |
| 5/16/2007 | (159,636) |
| 5/16/2007 | (257,320) |
| 5/16/2007 | (460,203) |
| 5/16/2007 | (1,400,884) |
| 5/16/2007 | (1,521,279) |
| 6/15/2007 | (131,322) |
| 6/15/2007 | (150,616) |
| 6/15/2007 | (361,665) |
| 6/15/2007 | (412,797) |
| 7/19/2007 | (167,140) |
| 7/19/2007 | (50,057) |
| 7/19/2007 | (85,467) |
| 7/19/2007 | (142,826) |
| 7/19/2007 | (150,570) |
| 7/19/2007 | (255,019) |
| 7/19/2007 | (524,891) |
| 7/19/2007 | (551,966) |
| 8/17/2007 | (129,487) |
| 8/17/2007 | (167,419) |
| 8/17/2007 | (223,124) |
| 8/17/2007 | (245,069) |
| 8/17/2007 | (271,584) |
| 8/17/2007 | (363,238) |
| 8/17/2007 | (423,139) |
| 8/17/2007 | (474,589) |
| 8/17/2007 | (713,494) |
| 9/19/2007 | (113,166) |
| 9/19/2007 | (130,636) |
| 9/19/2007 | (167,939) |
| 10/16/2007 | (104,102) |
| 10/16/2007 | (406,251) |
| 10/16/2007 | (515,826) |
| 11/19/2007 | (51,016) |
| 11/19/2007 | (112,585) |
| 11/19/2007 | (150,595) |
| 11/19/2007 | (453,232) |
| 11/19/2007 | (1,060,091) |
| 11/19/2007 | (3,448,245) |
| 12/19/2007 | (256,474) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SAFRA NEW YORK**

| Column 1<br>Date | Column 2<br>Amount |
|---|---|
| 12/19/2007 | (543,987) |
| 1/17/2008 | (97,310) |
| 1/17/2008 | (112,561) |
| 1/17/2008 | (120,121) |
| 1/17/2008 | (349,110) |
| 1/17/2008 | (632,295) |
| 1/17/2008 | (646,439) |
| 1/17/2008 | (748,519) |
| 3/18/2008 | (113,849) |
| 3/18/2008 | (126,156) |
| **Total:** | **$ (95,853,575)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO SAFRA NEW YORK**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 5/4/2006 | (1,490,055) |
| 9/18/2006 | (155,930) |
| 12/18/2006 | (1,387,693) |
| 4/17/2007 | (163,500) |
| 6/19/2007 | (733,868) |
| 8/17/2007 | (176,820) |
| 9/20/2007 | (271,699) |
| 11/20/2007 | (494,867) |
| 12/18/2007 | (229,352) |
| 3/18/2008 | (597,622) |
| **Total:** | **$ (5,701,407)** |

## <u>SCHEDULE A(51)</u>

### SNS BANK N.V. – Adv. Pro. No. 12-01046

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(51)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(51)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(51)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SNS DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 1/17/2003 | 118,046 |
| 2/14/2003 | 37,959 |
| 2/14/2003 | 110,346 |
| 3/14/2003 | 404,960 |
| 4/14/2003 | 36,226 |
| 4/14/2003 | 939,045 |
| 5/14/2003 | 641,531 |
| 6/16/2003 | 170,654 |
| 7/16/2003 | 2,215,212 |
| 10/14/2003 | 26,405 |
| 11/19/2003 | 119,438 |
| 12/18/2003 | 27,689 |
| 12/18/2003 | 151,809 |
| 1/21/2004 | 157,029 |
| 2/18/2004 | 136,154 |
| 3/18/2004 | 770,617 |
| 4/21/2004 | 121,532 |
| 5/17/2004 | 179,222 |
| 10/19/2004 | 99,865 |
| 11/16/2004 | 159,128 |
| 1/14/2005 | 20,513 |
| 2/16/2005 | 23,710 |
| 2/16/2005 | 24,318 |
| 3/15/2005 | 385,402 |
| 4/14/2005 | 108,518 |
| 5/13/2005 | 135,995 |
| 6/15/2005 | 1,943,239 |
| 7/15/2005 | 201,564 |
| 8/15/2005 | 816,418 |
| 9/15/2005 | 98,846 |
| 10/14/2005 | 188,483 |
| 11/17/2005 | 555,278 |
| 12/19/2005 | 573,966 |
| 1/19/2006 | 663,929 |
| 2/15/2006 | 1,664,602 |
| 3/17/2006 | 214,029 |
| 4/20/2006 | 986,915 |
| 5/15/2006 | 1,879,559 |
| 6/16/2006 | 146,285 |
| 7/20/2006 | 44,805 |
| 8/14/2006 | 165,348 |
| 9/14/2006 | 11,349 |
| 10/12/2006 | 648,588 |
| 11/14/2006 | 268,641 |
| 12/15/2006 | 49,500 |
| 1/16/2007 | 1,137,126 |
| 2/15/2007 | 112,188 |
| 3/16/2007 | 33,834 |
| 4/17/2007 | 288,242 |
| 5/16/2007 | 54,467 |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SNS DEFENDANTS**

| Column 1 | Column 2 |
|---|---|
| Date | Amount |
| 6/15/2007 | 91,060 |
| 11/19/2007 | 13,787 |
| 1/17/2008 | 150,886 |
| 3/18/2008 | 187,806 |
| 4/14/2008 | 26,735 |
| 7/15/2008 | 97,515 |
| 8/18/2008 | 400,321 |
| 10/15/2008 | 23,919 |
| Total: | $ 21,060,551 |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO SNS DEFENDANTS**

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 2/18/2003 | 127,170 |
| 3/18/2003 | 198,330 |
| 4/25/2003 | 82,697 |
| 6/12/2003 | 40,481 |
| 7/28/2003 | 209,071 |
| 10/22/2003 | 160,625 |
| 11/24/2003 | 264,886 |
| 12/22/2003 | 494,007 |
| 1/26/2004 | 233,996 |
| 1/26/2004 | 646,244 |
| 3/29/2004 | 194,935 |
| 4/27/2004 | 61,871 |
| 6/23/2004 | 849,984 |
| 7/22/2004 | 686,680 |
| 8/20/2004 | 53,647 |
| 10/15/2004 | 17,106 |
| 12/22/2004 | 44,755 |
| 1/18/2005 | 172,153 |
| 3/22/2005 | 47,995 |
| 3/23/2005 | 326,789 |
| 4/25/2005 | 134,432 |
| 5/19/2005 | 333,390 |
| 6/10/2005 | 4,736,127 |
| 7/14/2005 | 1,519,566 |
| 8/12/2005 | 848,705 |
| 9/15/2005 | 71,361 |
| 11/23/2005 | 5,608,244 |
| 12/21/2005 | 925,112 |
| 1/27/2006 | 1,424,638 |
| 2/15/2006 | 2,794,858 |
| 3/23/2006 | 661,848 |
| 4/21/2006 | 213,126 |
| 5/24/2006 | 728,618 |
| 6/20/2006 | 295,747 |
| 8/14/2006 | 109,157 |
| 9/18/2006 | 156,452 |
| 10/17/2006 | 65,549 |
| 11/17/2006 | 14,326 |
| 12/18/2006 | 231,692 |
| 1/19/2007 | 550,464 |
| 2/15/2007 | 744,759 |
| 3/15/2007 | 218,375 |
| 4/17/2007 | 138,963 |
| 4/17/2007 | 144,221 |
| 5/16/2007 | 551,439 |
| 6/19/2007 | 36,369 |
| 7/19/2007 | 55,442 |
| 8/17/2007 | 115,266 |
| 9/20/2007 | 95,254 |
| 10/19/2007 | 115,722 |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO SNS DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 11/20/2007 | 800,205 |
| 12/18/2007 | 243,669 |
| 1/22/2008 | 4,664,045 |
| 2/15/2008 | 224,775 |
| 3/18/2008 | 803,691 |
| 4/18/2008 | 669,097 |
| 5/20/2008 | 976,456 |
| 6/18/2008 | 332,389 |
| 7/21/2008 | 501,285 |
| 8/15/2008 | 3,329,272 |
| 9/19/2008 | 187,125 |
| 10/20/2008 | 23,136 |
| 11/21/2008 | 233,054 |
| **Total:** | **$ 41,540,842** |

## SCHEDULE A(52)

### SNS GLOBAL CUSTODY B.V. – Adv. Pro. No. 12-01046

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(52)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(52)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(52)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SNS DEFENDANTS**

| Column 1<br>Date | Column 2<br>Amount |
|---|---|
| 1/17/2003 | 118,046 |
| 2/14/2003 | 37,959 |
| 2/14/2003 | 110,346 |
| 3/14/2003 | 404,960 |
| 4/14/2003 | 36,226 |
| 4/14/2003 | 939,045 |
| 5/14/2003 | 641,531 |
| 6/16/2003 | 170,654 |
| 7/16/2003 | 2,215,212 |
| 10/14/2003 | 26,405 |
| 11/19/2003 | 119,438 |
| 12/18/2003 | 27,689 |
| 12/18/2003 | 151,809 |
| 1/21/2004 | 157,029 |
| 2/18/2004 | 136,154 |
| 3/18/2004 | 770,617 |
| 4/21/2004 | 121,532 |
| 5/17/2004 | 179,222 |
| 10/19/2004 | 99,865 |
| 11/16/2004 | 159,128 |
| 1/14/2005 | 20,513 |
| 2/16/2005 | 23,710 |
| 2/16/2005 | 24,318 |
| 3/15/2005 | 385,402 |
| 4/14/2005 | 108,518 |
| 5/13/2005 | 135,995 |
| 6/15/2005 | 1,943,239 |
| 7/15/2005 | 201,564 |
| 8/15/2005 | 816,418 |
| 9/15/2005 | 98,846 |
| 10/14/2005 | 188,483 |
| 11/17/2005 | 555,278 |
| 12/19/2005 | 573,966 |
| 1/19/2006 | 663,929 |
| 2/15/2006 | 1,664,602 |
| 3/17/2006 | 214,029 |
| 4/20/2006 | 986,915 |
| 5/15/2006 | 1,879,559 |
| 6/16/2006 | 146,285 |
| 7/20/2006 | 44,805 |
| 8/14/2006 | 165,348 |
| 9/14/2006 | 11,349 |
| 10/12/2006 | 648,588 |
| 11/14/2006 | 268,641 |
| 12/15/2006 | 49,500 |
| 1/16/2007 | 1,137,126 |
| 2/15/2007 | 112,188 |
| 3/16/2007 | 33,834 |
| 4/17/2007 | 288,242 |
| 5/16/2007 | 54,467 |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SNS DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 6/15/2007 | 91,060 |
| 11/19/2007 | 13,787 |
| 1/17/2008 | 150,886 |
| 3/18/2008 | 187,806 |
| 4/14/2008 | 26,735 |
| 7/15/2008 | 97,515 |
| 8/18/2008 | 400,321 |
| 10/15/2008 | 23,919 |
| **Total:** $ | **21,060,551** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO SNS DEFENDANTS**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 2/18/2003 | 127,170 |
| 3/18/2003 | 198,330 |
| 4/25/2003 | 82,697 |
| 6/12/2003 | 40,481 |
| 7/28/2003 | 209,071 |
| 10/22/2003 | 160,625 |
| 11/24/2003 | 264,886 |
| 12/22/2003 | 494,007 |
| 1/26/2004 | 233,996 |
| 1/26/2004 | 646,244 |
| 3/29/2004 | 194,935 |
| 4/27/2004 | 61,871 |
| 6/23/2004 | 849,984 |
| 7/22/2004 | 686,680 |
| 8/20/2004 | 53,647 |
| 10/15/2004 | 17,106 |
| 12/22/2004 | 44,755 |
| 1/18/2005 | 172,153 |
| 3/22/2005 | 47,995 |
| 3/23/2005 | 326,789 |
| 4/25/2005 | 134,432 |
| 5/19/2005 | 333,390 |
| 6/10/2005 | 4,736,127 |
| 7/14/2005 | 1,519,566 |
| 8/12/2005 | 848,705 |
| 9/15/2005 | 71,361 |
| 11/23/2005 | 5,608,244 |
| 12/21/2005 | 925,112 |
| 1/27/2006 | 1,424,638 |
| 2/15/2006 | 2,794,858 |
| 3/23/2006 | 661,848 |
| 4/21/2006 | 213,126 |
| 5/24/2006 | 728,618 |
| 6/20/2006 | 295,747 |
| 8/14/2006 | 109,157 |
| 9/18/2006 | 156,452 |
| 10/17/2006 | 65,549 |
| 11/17/2006 | 14,326 |
| 12/18/2006 | 231,692 |
| 1/19/2007 | 550,464 |
| 2/15/2007 | 744,759 |
| 3/15/2007 | 218,375 |
| 4/17/2007 | 138,963 |
| 4/17/2007 | 144,221 |
| 5/16/2007 | 551,439 |
| 6/19/2007 | 36,369 |
| 7/19/2007 | 55,442 |
| 8/17/2007 | 115,266 |
| 9/20/2007 | 95,254 |
| 10/19/2007 | 115,722 |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO SNS DEFENDANTS**

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 11/20/2007 | 800,205 |
| 12/18/2007 | 243,669 |
| 1/22/2008 | 4,664,045 |
| 2/15/2008 | 224,775 |
| 3/18/2008 | 803,691 |
| 4/18/2008 | 669,097 |
| 5/20/2008 | 976,456 |
| 6/18/2008 | 332,389 |
| 7/21/2008 | 501,285 |
| 8/15/2008 | 3,329,272 |
| 9/19/2008 | 187,125 |
| 10/20/2008 | 23,136 |
| 11/21/2008 | 233,054 |
| **Total:** | **$ 41,540,842** |

08-01789-smb   Doc 12752-1   Filed 03/07/12   Entered 03/07/12 16:08:53   Exhibit Exhibit
B Pg 158 of 197

## SCHEDULE A(53)

### SOMERS DUBLIN LIMITED – Adv. Pro. No. 11-02784

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(53)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(53)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(53)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

12-01569-smb   Doc 42   Filed 05/07/12   Entered 05/07/12 16:08:53   Exhibit Exhibit
Item 11 Part 9   Pg 159 of 197

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SOMERS DUBLIN**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 1/21/2004 | (1,055,648) |
| 7/16/2004 | (630,000) |
| 3/17/2006 | (300,000) |
| **Total:** $ | **(1,985,648)** |

<u>**SCHEDULE A(54)**</u>

**SOMERS NOMINEES (FAR EAST) LIMITED – Adv. Pro. No. 11-02784**

1.  The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(54)-1 or proceeds of redemptions therefrom.

2.  The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(54)-1 was made.

3.  The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(54)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SOMERS NOMINEES**

|  | Column 1 | Column 2 |
|---|---|---|
|  | **Date** | **Amount** |
|  | 1/21/2004 | (1,013,910) |
|  | 7/16/2004 | (3,126,161) |
|  | 9/15/2005 | (314,172) |
|  | **Total:** | $ (4,454,242) |

## SCHEDULE A(55)

**STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD. f/k/a AMERICAN
EXPRESS BANK INTERNATIONAL – Adv. Pro. No. 12-01565**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(55)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(55)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(55)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE STANDARD CHARTERED DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 4/21/2004 | (23,743) |
| 8/15/2005 | (21,155) |
| 8/15/2005 | (7,474,315) |
| 10/14/2005 | (2,902,961) |
| 11/17/2005 | (55,616) |
| 11/17/2005 | (222,495) |
| 11/17/2005 | (280,631) |
| 11/17/2005 | (309,856) |
| 11/17/2005 | (516,430) |
| 12/19/2005 | (100,000) |
| 12/19/2005 | (112,077) |
| 12/19/2005 | (112,077) |
| 12/19/2005 | (237,000) |
| 12/19/2005 | (280,232) |
| 12/19/2005 | (280,232) |
| 12/19/2005 | (419,073) |
| 1/19/2006 | (50,000) |
| 1/19/2006 | (261,587) |
| 1/19/2006 | (500,403) |
| 2/15/2006 | (141,794) |
| 2/15/2006 | (283,709) |
| 2/15/2006 | (545,174) |
| 2/15/2006 | (567,407) |
| 2/17/2006 | (1,215,072) |
| 3/24/2006 | (9,723) |
| 3/24/2006 | (10,000) |
| 3/24/2006 | (200,000) |
| 4/20/2006 | (185,759) |
| 4/20/2006 | (310,550) |
| 4/20/2006 | (1,400,014) |
| 4/20/2006 | (2,270,212) |
| 4/20/2006 | (3,726,628) |
| 5/15/2006 | (263,957) |
| 5/15/2006 | (282,345) |
| 5/15/2006 | (1,201,477) |
| 6/16/2006 | (292,741) |
| 6/16/2006 | (541,017) |
| 6/16/2006 | (739,675) |
| 6/16/2006 | (799,879) |
| 7/20/2006 | (50,000) |
| 7/20/2006 | (130,000) |
| 7/20/2006 | (354,257) |
| 7/20/2006 | (358,175) |
| 7/20/2006 | (384,311) |
| 7/20/2006 | (590,965) |
| 7/20/2006 | (700,000) |
| 7/20/2006 | (1,065,264) |
| 8/14/2006 | (182,845) |
| 8/14/2006 | (413,120) |
| 9/14/2006 | (50,000) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE STANDARD CHARTERED DEFENDANTS**

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 9/14/2006 | (158,114) |
| 9/14/2006 | (298,561) |
| 10/12/2006 | (54,000) |
| 10/12/2006 | (107,652) |
| 10/12/2006 | (159,505) |
| 11/14/2006 | (12,000) |
| 12/15/2006 | (578,306) |
| 1/16/2007 | (107,006) |
| 1/16/2007 | (538,265) |
| 2/15/2007 | (36,201) |
| 2/15/2007 | (744,191) |
| 4/17/2007 | (276,493) |
| 4/17/2007 | (316,617) |
| 7/19/2007 | (105,794) |
| 7/19/2007 | (221,788) |
| 7/19/2007 | (2,777,449) |
| 8/17/2007 | (65,000) |
| 8/17/2007 | (336,854) |
| 8/17/2007 | (1,199,627) |
| 8/17/2007 | (1,238,749) |
| 9/19/2007 | (50,000) |
| 9/19/2007 | (76,000) |
| 9/19/2007 | (1,639,931) |
| 9/19/2007 | (2,001,775) |
| 9/19/2007 | (3,080,131) |
| 9/19/2007 | (3,550,410) |
| 9/19/2007 | (3,723,277) |
| 9/19/2007 | (36,632,075) |
| 10/16/2007 | (242,000) |
| 10/16/2007 | (317,384) |
| 10/16/2007 | (330,000) |
| 10/16/2007 | (2,020,136) |
| 10/16/2007 | (4,660,609) |
| 10/16/2007 | (6,728,830) |
| 11/19/2007 | (56,400) |
| 11/19/2007 | (70,000) |
| 11/19/2007 | (150,000) |
| 11/19/2007 | (664,274) |
| 11/19/2007 | (958,238) |
| 11/19/2007 | (1,060,104) |
| 11/19/2007 | (2,068,866) |
| 11/19/2007 | (5,085,257) |
| 12/19/2007 | (20,000) |
| 12/19/2007 | (110,000) |
| 12/19/2007 | (854,875) |
| 12/19/2007 | (1,847,777) |
| 12/19/2007 | (2,197,861) |
| 12/19/2007 | (2,524,045) |
| 1/17/2008 | (50,000) |
| 1/17/2008 | (123,788) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE STANDARD CHARTERED DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 1/17/2008 | (232,736) |
| 1/17/2008 | (264,574) |
| 1/17/2008 | (1,508,591) |
| 1/17/2008 | (3,958,880) |
| 1/17/2008 | (6,514,834) |
| 2/15/2008 | (250,000) |
| 2/15/2008 | (389,922) |
| 2/15/2008 | (680,000) |
| 2/15/2008 | (1,210,426) |
| 2/15/2008 | (3,374,367) |
| 3/18/2008 | (103,434) |
| 3/18/2008 | (391,683) |
| 3/18/2008 | (1,037,557) |
| 3/18/2008 | (1,150,115) |
| 3/18/2008 | (1,944,635) |
| 3/18/2008 | (2,737,000) |
| 4/14/2008 | (500,000) |
| 4/14/2008 | (750,000) |
| 4/14/2008 | (1,080,994) |
| 4/14/2008 | (1,231,080) |
| 4/14/2008 | (1,692,650) |
| 5/15/2008 | (130,000) |
| 5/15/2008 | (383,983) |
| 5/15/2008 | (1,350,000) |
| 5/15/2008 | (1,659,977) |
| 5/15/2008 | (1,724,411) |
| 5/15/2008 | (3,570,761) |
| 6/17/2008 | (50,000) |
| 6/17/2008 | (200,000) |
| 6/17/2008 | (414,634) |
| 6/17/2008 | (551,009) |
| 6/17/2008 | (1,039,405) |
| 6/17/2008 | (1,183,300) |
| 7/15/2008 | (100,000) |
| 7/15/2008 | (230,000) |
| 7/15/2008 | (264,422) |
| 7/15/2008 | (1,197,722) |
| 7/15/2008 | (1,566,588) |
| 8/18/2008 | (264,351) |
| 8/18/2008 | (953,760) |
| 8/18/2008 | (1,313,602) |
| 8/18/2008 | (2,066,259) |
| 9/16/2008 | (150,000) |
| 9/16/2008 | (200,000) |
| 9/16/2008 | (242,160) |
| 9/16/2008 | (400,000) |
| 9/16/2008 | (500,000) |
| 9/16/2008 | (536,854) |
| 9/16/2008 | (840,372) |
| 9/16/2008 | (883,275) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE STANDARD CHARTERED DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 10/15/2008 | (130,000) |
| 10/15/2008 | (230,000) |
| 10/15/2008 | (379,074) |
| 10/15/2008 | (505,489) |
| 10/15/2008 | (567,651) |
| 10/15/2008 | (1,209,425) |
| 10/15/2008 | (6,289,943) |
| 11/19/2008 | (100,000) |
| 11/19/2008 | (1,115,743) |
| 11/19/2008 | (1,217,000) |
| 11/19/2008 | (8,020,000) |
| 11/19/2008 | (9,562,068) |
| 11/19/2008 | (9,727,680) |
| 11/19/2008 | (12,875,593) |
| 11/19/2008 | (42,715,822) |
| **Total:** | **$ (275,267,978)** |

## SCHEDULE A(56)

**STANDARD CHARTERED INTERNATIONAL (USA) LTD. f/k/a AMERICAN EXPRESS BANK LTD. – Adv. Pro. No. 12-01565**

     1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(56)-1 or proceeds of redemptions therefrom.

     2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(56)-1 was made.

     3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(56)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE STANDARD CHARTERED DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 4/21/2004 | (23,743) |
| 8/15/2005 | (21,155) |
| 8/15/2005 | (7,474,315) |
| 10/14/2005 | (2,902,961) |
| 11/17/2005 | (55,616) |
| 11/17/2005 | (222,495) |
| 11/17/2005 | (280,631) |
| 11/17/2005 | (309,856) |
| 11/17/2005 | (516,430) |
| 12/19/2005 | (100,000) |
| 12/19/2005 | (112,077) |
| 12/19/2005 | (112,077) |
| 12/19/2005 | (237,000) |
| 12/19/2005 | (280,232) |
| 12/19/2005 | (280,232) |
| 12/19/2005 | (419,073) |
| 1/19/2006 | (50,000) |
| 1/19/2006 | (261,587) |
| 1/19/2006 | (500,403) |
| 2/15/2006 | (141,794) |
| 2/15/2006 | (283,709) |
| 2/15/2006 | (545,174) |
| 2/15/2006 | (567,407) |
| 2/17/2006 | (1,215,072) |
| 3/24/2006 | (9,723) |
| 3/24/2006 | (10,000) |
| 3/24/2006 | (200,000) |
| 4/20/2006 | (185,759) |
| 4/20/2006 | (310,550) |
| 4/20/2006 | (1,400,014) |
| 4/20/2006 | (2,270,212) |
| 4/20/2006 | (3,726,628) |
| 5/15/2006 | (263,957) |
| 5/15/2006 | (282,345) |
| 5/15/2006 | (1,201,477) |
| 6/16/2006 | (292,741) |
| 6/16/2006 | (541,017) |
| 6/16/2006 | (739,675) |
| 6/16/2006 | (799,879) |
| 7/20/2006 | (50,000) |
| 7/20/2006 | (130,000) |
| 7/20/2006 | (354,257) |
| 7/20/2006 | (358,175) |
| 7/20/2006 | (384,311) |
| 7/20/2006 | (590,965) |
| 7/20/2006 | (700,000) |
| 7/20/2006 | (1,065,264) |
| 8/14/2006 | (182,845) |
| 8/14/2006 | (413,120) |
| 9/14/2006 | (50,000) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE STANDARD CHARTERED DEFENDANTS**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 9/14/2006 | (158,114) |
| 9/14/2006 | (298,561) |
| 10/12/2006 | (54,000) |
| 10/12/2006 | (107,652) |
| 10/12/2006 | (159,505) |
| 11/14/2006 | (12,000) |
| 12/15/2006 | (578,306) |
| 1/16/2007 | (107,006) |
| 1/16/2007 | (538,265) |
| 2/15/2007 | (36,201) |
| 2/15/2007 | (744,191) |
| 4/17/2007 | (276,493) |
| 4/17/2007 | (316,617) |
| 7/19/2007 | (105,794) |
| 7/19/2007 | (221,788) |
| 7/19/2007 | (2,777,449) |
| 8/17/2007 | (65,000) |
| 8/17/2007 | (336,854) |
| 8/17/2007 | (1,199,627) |
| 8/17/2007 | (1,238,749) |
| 9/19/2007 | (50,000) |
| 9/19/2007 | (76,000) |
| 9/19/2007 | (1,639,931) |
| 9/19/2007 | (2,001,775) |
| 9/19/2007 | (3,080,131) |
| 9/19/2007 | (3,550,410) |
| 9/19/2007 | (3,723,277) |
| 9/19/2007 | (36,632,075) |
| 10/16/2007 | (242,000) |
| 10/16/2007 | (317,384) |
| 10/16/2007 | (330,000) |
| 10/16/2007 | (2,020,136) |
| 10/16/2007 | (4,660,609) |
| 10/16/2007 | (6,728,830) |
| 11/19/2007 | (56,400) |
| 11/19/2007 | (70,000) |
| 11/19/2007 | (150,000) |
| 11/19/2007 | (664,274) |
| 11/19/2007 | (958,238) |
| 11/19/2007 | (1,060,104) |
| 11/19/2007 | (2,068,866) |
| 11/19/2007 | (5,085,257) |
| 12/19/2007 | (20,000) |
| 12/19/2007 | (110,000) |
| 12/19/2007 | (854,875) |
| 12/19/2007 | (1,847,777) |
| 12/19/2007 | (2,197,861) |
| 12/19/2007 | (2,524,045) |
| 1/17/2008 | (50,000) |
| 1/17/2008 | (123,788) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE STANDARD CHARTERED DEFENDANTS**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 1/17/2008 | (232,736) |
| 1/17/2008 | (264,574) |
| 1/17/2008 | (1,508,591) |
| 1/17/2008 | (3,958,880) |
| 1/17/2008 | (6,514,834) |
| 2/15/2008 | (250,000) |
| 2/15/2008 | (389,922) |
| 2/15/2008 | (680,000) |
| 2/15/2008 | (1,210,426) |
| 2/15/2008 | (3,374,367) |
| 3/18/2008 | (103,434) |
| 3/18/2008 | (391,683) |
| 3/18/2008 | (1,037,557) |
| 3/18/2008 | (1,150,115) |
| 3/18/2008 | (1,944,635) |
| 3/18/2008 | (2,737,000) |
| 4/14/2008 | (500,000) |
| 4/14/2008 | (750,000) |
| 4/14/2008 | (1,080,994) |
| 4/14/2008 | (1,231,080) |
| 4/14/2008 | (1,692,650) |
| 5/15/2008 | (130,000) |
| 5/15/2008 | (383,983) |
| 5/15/2008 | (1,350,000) |
| 5/15/2008 | (1,659,977) |
| 5/15/2008 | (1,724,411) |
| 5/15/2008 | (3,570,761) |
| 6/17/2008 | (50,000) |
| 6/17/2008 | (200,000) |
| 6/17/2008 | (414,634) |
| 6/17/2008 | (551,009) |
| 6/17/2008 | (1,039,405) |
| 6/17/2008 | (1,183,300) |
| 7/15/2008 | (100,000) |
| 7/15/2008 | (230,000) |
| 7/15/2008 | (264,422) |
| 7/15/2008 | (1,197,722) |
| 7/15/2008 | (1,566,588) |
| 8/18/2008 | (264,351) |
| 8/18/2008 | (953,760) |
| 8/18/2008 | (1,313,602) |
| 8/18/2008 | (2,066,259) |
| 9/16/2008 | (150,000) |
| 9/16/2008 | (200,000) |
| 9/16/2008 | (242,160) |
| 9/16/2008 | (400,000) |
| 9/16/2008 | (500,000) |
| 9/16/2008 | (536,854) |
| 9/16/2008 | (840,372) |
| 9/16/2008 | (883,275) |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO THE STANDARD CHARTERED DEFENDANTS**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 10/15/2008 | (130,000) |
| 10/15/2008 | (230,000) |
| 10/15/2008 | (379,074) |
| 10/15/2008 | (505,489) |
| 10/15/2008 | (567,651) |
| 10/15/2008 | (1,209,425) |
| 10/15/2008 | (6,289,943) |
| 11/19/2008 | (100,000) |
| 11/19/2008 | (1,115,743) |
| 11/19/2008 | (1,217,000) |
| 11/19/2008 | (8,020,000) |
| 11/19/2008 | (9,562,068) |
| 11/19/2008 | (9,727,680) |
| 11/19/2008 | (12,875,593) |
| 11/19/2008 | (42,715,822) |
| **Total:** | **$ (275,267,978)** |

**SCHEDULE A(57)**

**TENSYR LIMITED – Adv. Pro. No.  10-05353**

1.      The name, and if known, the email and physical address and telephone number of any

other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(57)-1 or

proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any

and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached

Schedule A(57)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any

and all persons or entities who exercised dominion and control over any transfer of Customer Property set

forth in the attached Schedule A(57)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or
for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property
transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO TENSYR LIMITED**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 7/19/2007 | (15,600,000) |
| 1/18/2008 | (10,500,000) |
| 7/15/2008 | (4,700,000) |
| **Total:** $ | **(30,800,000)** |

## SCHEDULE A(58)

**THE PUBLIC INSTITUTION FOR SOCIAL SECURITY – Adv. Pro. No. 12-01002**

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(58)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(58)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(58)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO PIFSS**

| Column 1 | Column 2 |
|----------|----------|
| Date | Amount |
| 4/14/2003 | (10,000,000) |
| 1/21/2004 | (20,000,000) |
| **Total:** $ | **(30,000,000)** |

## SCHEDULE A(59)

**THE SUMITOMO TRUST AND BANKING CO., LTD. – Adv. Pro. No. 11-02573**

1.       The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(59)-1 or proceeds of redemptions therefrom.

2.       The name, and if known, the email and physical address and telephone number of any and all persons or entiltes for whose benefit any transfer of Customer Property set forth in the attached Schedule A(59)-1 was made.

3.       The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(59)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO SUMITOMO**

| Column 1 | Column 2 |
|----------|----------|
| **Date** | **Amount** |
| 10/16/2007 | (54,253,642) |
| **Total:** | **$ (54,253,642)** |

**SCHEDULE A(60)**

**TRINCASTER CORPORATION – Adv. Pro. No. 11-02731**

      1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(60)-1 or proceeds of redemptions therefrom.

      2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(60)-1 was made.

      3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(60)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO TRINCASTER**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 1/21/2004 | (2,000,000) |
| 2/16/2005 | (2,000,000) |
| 11/17/2005 | (311,800) |
| 6/16/2006 | (2,000,000) |
| 7/19/2007 | (4,000,000) |
| 12/19/2007 | (3,000,000) |
| **Total:** | **$    (13,311,800)** |

## SCHEDULE A(61)

### UNIFORTUNE ASSET MANAGEMENT SGR SPA – Adv. Pro. No. 11-02553

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(61)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(61)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(61)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO UNIFORTUNE DEFENDANTS**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 11/17/2005 | (6,096,986) |
| 11/17/2005 | (10,214,483) |
| 2/15/2006 | (22,111) |
| 2/15/2007 | (11,729) |
| 8/17/2007 | (6,850) |
| 10/16/2007 | (3,491) |
| **Total:** | **$ (16,355,651)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO UNIFORTUNE DEFENDANTS**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 3/24/2006 | (10,411,704) |
| 10/17/2006 | (5,623) |
| **Total:** $ | **(10,417,327)** |

## SCHEDULE A(62)

**UNIFORTUNE CONSERVATIVE FUND – Adv. Pro. No. 11-02553**

1.       The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(62)-1 or proceeds of redemptions therefrom.

2.       The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(62)-1 was made.

3.       The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(62)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO UNIFORTUNE DEFENDANTS**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 11/17/2005 | (6,096,986) |
| 11/17/2005 | (10,214,483) |
| 2/15/2006 | (22,111) |
| 2/15/2007 | (11,729) |
| 8/17/2007 | (6,850) |
| 10/16/2007 | (3,491) |
| **Total:** | **$ (16,355,651)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO UNIFORTUNE DEFENDANTS**

| Column 1 | Column 2 |
| --- | --- |
| Date | Amount |
| 3/24/2006 | (10,411,704) |
| 10/17/2006 | (5,623) |
| Total: $ | (10,417,327) |

<u>**SCHEDULE A(63)**</u>

**VONTOBEL ASSET MANAGEMENT INC. – Adv. Pro. No. 12-01202**

1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(63)-1 or proceeds of redemptions therefrom.

2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(63)-1 was made.

3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(63)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANK VONTOBEL**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 6/16/2003 | (227,490) |
| 12/13/2004 | (270,252) |
| 6/22/2005 | (403,787) |
| 7/15/2005 | (68,663) |
| 8/15/2005 | (1,004,231) |
| 9/15/2005 | (1,005,847) |
| 1/19/2006 | (147,938) |
| 1/19/2006 | (56,951) |
| 2/15/2006 | (476,648) |
| 3/17/2006 | (1,523,944) |
| 3/17/2006 | (146,589) |
| 4/20/2006 | (791,992) |
| 5/15/2006 | (45,402) |
| 5/15/2006 | (34,052) |
| 6/16/2006 | (184,553) |
| 6/16/2006 | (127,653) |
| 7/3/2006 | (29,673) |
| 7/20/2006 | (162,423) |
| 11/14/2006 | (269,706) |
| 1/16/2007 | (53,160) |
| 2/15/2007 | (107,397) |
| 4/17/2007 | (474,895) |
| 5/16/2007 | (19,837) |
| 6/15/2007 | (85,066) |
| 8/17/2007 | (81,478) |
| 9/19/2007 | (207,470) |
| 9/19/2007 | (40,237) |
| 10/16/2007 | (298,468) |
| 10/16/2007 | (111,872) |
| 10/16/2007 | (12,695) |
| **Total:** | **$ (8,470,371)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO VONTOBEL FUND AND/OR VONTOBEL MANAGEMENT**

| Column 1 | Column 2 |
|---|---|
| **Date** | **Amount** |
| 3/14/2003 | (325,000) |
| 4/14/2003 | (330,000) |
| 5/14/2003 | (270,000) |
| 6/16/2003 | (2,805,000) |
| 10/14/2003 | (500,000) |
| 12/18/2003 | (200,000) |
| 4/14/2005 | (200,000) |
| 6/15/2005 | (250,000) |
| 12/19/2005 | (600,000) |
| 5/15/2006 | (400,000) |
| 7/20/2006 | (12,042,008) |
| **Total:** | **$ (17,922,008)** |

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SIGMA TO BANK VONTOBEL**

| Column 1 | Column 2 |
| --- | --- |
| **Date** | **Amount** |
| 6/12/2003 | (1,163,932) |
| **Total:** $ | **(1,163,932)** |

<u>**SCHEDULE A(64)**</u>

**ZCM ASSET HOLDING COMPANY (BERMUDA) LLC – Adv. Pro. No.  12-01512**

    1.      The name, and if known, the email and physical address and telephone number of any other recipient, if any, of the transfers of Customer Property[1] set forth in the attached Schedule A(64)-1 or proceeds of redemptions therefrom.

    2.      The name, and if known, the email and physical address and telephone number of any and all persons or entitles for whose benefit any transfer of Customer Property set forth in the attached Schedule A(64)-1 was made.

    3.      The name, and if known, the email and physical address and telephone number of any and all persons or entities who exercised dominion and control over any transfer of Customer Property set forth in the attached Schedule A(64)-1 or proceeds of redemptions therefrom.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO ZCM**

| Column 1 | Column 2 |
|:---:|:---:|
| **Date** | **Amount** |
| 1/17/2003 | (619,036) |
| 3/14/2003 | (2,325,000) |
| 4/14/2003 | (300,000) |
| 5/14/2003 | (360,000) |
| 5/19/2003 | (1,300,000) |
| 6/16/2003 | (170,000) |
| 6/18/2003 | (750,000) |
| 8/15/2003 | (130,000) |
| 9/17/2003 | (380,000) |
| 10/14/2003 | (20,000) |
| 10/14/2003 | (150,000) |
| 10/14/2003 | (1,060,000) |
| 11/19/2003 | (135,000) |
| 1/21/2004 | (1,400,000) |
| 2/20/2004 | (75,000) |
| 2/20/2004 | (75,000) |
| 2/20/2004 | (100,000) |
| 4/21/2004 | (50,000) |
| 6/17/2004 | (110,000) |
| 7/16/2004 | (200,000) |
| 8/13/2004 | (120,000) |
| 12/13/2004 | (90,000) |
| 1/14/2005 | (50,000) |
| 2/16/2005 | (110,000) |
| 3/15/2005 | (70,000) |
| 4/14/2005 | (780,000) |
| 5/13/2005 | (50,000) |
| 6/15/2005 | (700,000) |
| 7/15/2005 | (660,000) |
| 8/15/2005 | (250,000) |
| 9/15/2005 | (250,000) |
| 10/14/2005 | (750,000) |
| 11/17/2005 | (800,000) |
| 12/19/2005 | (475,000) |
| 1/19/2006 | (325,000) |
| 4/20/2006 | (2,073,209) |
| 6/16/2006 | (2,110,587) |
| 8/14/2006 | (3,444,371) |
| 8/14/2006 | (1,674,588) |
| **Total:** | **$      (24,491,791)** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. As Identified in Exhibit A (BRL) |
| Plaintiff, | |
| v. | |
| THE DEFENDANTS IDENTIFIED IN EXHIBIT A, | |
| Defendants. | |

**[PROPOSED] ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE
REQUIRED TO MAKE EXPEDITED LIMITED INITIAL DISCLOSURES OR TO
PROVIDE IMMEDIATE NOTICE OF CERTAIN ADVERSARY PROCEEDINGS**

UPON REVIEW AND CONSIDERATION of the Affidavit of Torello H. Calvani dated

May __, 2012 (the "Calvani Affidavit") and the memorandum of law (the "Memorandum") in

support of the application (the "Application") for an order to show cause filed by counsel to

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation (the

"BLMIS Proceeding") of the business of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA") and

the estate of Bernard L. Madoff ("Madoff"), individually, seeking the issuance and entry of an

order:

(a)    Directing the Defendants identified in <u>Exhibit A</u> to the this Order (the "Defendants") to make limited initial disclosures to the Trustee on an expedited basis with respect to the identity, physical and mailing address of:

    (i)    any beneficial owner of an account which received the funds from the redemption of Fairfield Sentry Limited, Fairfield Sigma Limited or Fairfield Lambda Limited (collectively, the "Fairfield Funds") shares, as set forth in the Schedules A(1) – A(64) attached to the Application as <u>Exhibit B</u> (the "Schedules"); and

    (ii)    any persons or entities for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; and

    (iii)    any persons or entities who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules;

*or, in the alternative,*

(b)    Directing the Defendants to provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to any person or entity not named as a defendant herein known by the Defendants to be:

    (i)    a beneficial owner of an account which received the funds from the redemption of Fairfield Funds shares, as set forth in the Schedules; or

    (ii)    a person or entity for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; or

    (iii)    a person or entity who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules; and

IT FURTHER APPEARING that on May 18, 2009, the Trustee filed an adversary

proceeding against the Fairfield Funds and other defendants in the Bankruptcy Court under the

caption *Picard v. Fairfield Sentry Limited, et al.*, Adv. Pro. No. 09-01239 seeking, among other

things, to avoid and recover initial transfers of customer property from BLMIS to Fairfield

Sentry Limited ("Fairfield Sentry") in the amount of $3,054,000,000; and

IT FURTHER APPEARING that pursuant to this Court's June 7 and June 10, 2011 orders, subject to approval of the Eastern Caribbean Supreme Court in the High Court of Justice of the Virgin Islands (the "BVI Court"), a settlement was approved among the Trustee and the Fairfield Funds (the "Settlement Agreement"); and

IT FURTHER APPEARING that following approval by the BVI Court, on July 13, 2011, this Court entered a consent judgment in favor of the Trustee against Fairfield Sentry in the amount of $3,054,000,000, the total amount of the transfers from BLMIS to Fairfield Sentry during the six years preceding the filing date of the BLMIS Proceeding; and

IT FURTHER APPEARING that with the settlement, the initial transfers to Fairfield Sentry were avoided and are recoverable under sections 550 and 551 of the Bankruptcy Code and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3); and

IT FURTHER APPEARING that prior to filing the Application, the Trustee filed complaints against the Defendants seeking, among other things, the recovery of certain subsequent transfers of customer property derived from direct or indirect investments with BLMIS made by Fairfield Funds; and

IT FURTHER APPEARING that some of the Defendants have indicated to the Trustee they may claim to have been acting solely as custodians or conduits for other individuals or entities in connection with the receipt of subsequent transfers from the Fairfield Funds, and as a result, may assert a conduit defense; and

IT FURTHER APPEARING that the remaining Defendants have not indicated to the Trustee whether they are planning to assert a conduit defense; and

IT FURTHER APPEARING that from the facts set forth in the Application, the Memorandum, and the Calvani Affidavit, the Trustee and the BLMIS estate may suffer irreparable harm if the Defendants are not required to make expedited limited initial disclosures, or alternatively, to provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to individuals or entities known by the Defendants to have received redemptions of Fairfield Funds shares from the Defendants; and

IT FURTHER APPEARING that the Trustee has established in the Memorandum and Calvani Affidavit sufficient cause that the hearing with respect to the Memorandum (the "Hearing") be held on an expedited basis pursuant to Bankruptcy Rule 9006(c)(1); and

IT FURTHER APPEARING that the allegations in the Memorandum and the Calvani Affidavit are sufficient to establish this Court's jurisdiction over the Defendants and grant the relief effected by this Order;

It is now hereby:

**ORDERED** that the Defendants show cause at a hearing before this Court, Honorable Burton R. Lifland, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, on May __, 2012 at 10:00 a.m. in Room 623 (the "Hearing), or as soon thereafter as counsel may be heard, why an order should not be entered, pursuant to Bankruptcy Code § 105(a), Fed. R. Civ. P. 26(a)(1)(A), Bankruptcy Rule 7026(a)(1)(A), and/or Bankruptcy Rule 7015(c), granting the Trustee either an order:

   (a)   Requiring the Defendants to make limited initial disclosures on an expedited basis, and only with respect to the specific transfers set forth in the Schedules, of the identity and physical and mailing address of:

      (i)   any beneficial owner of an account which received the funds from the redemption of the Fairfield Funds shares, as set forth in the Schedules; and

<div style="margin-left:2em">

(ii)    any persons or entities for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; and

(iii)   any persons or entities who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules;

</div>

*or, in the alternative,*

(b)    Requiring the Defendants to provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to any person or entity not named as a defendant herein known by the Defendants to be:

<div style="margin-left:2em">

(i)    a beneficial owner of an account which received the funds from the redemption of Fairfield Funds shares, as set forth in the Schedules; or

(ii)    a person or entity for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; or

(iii)   a person or entity who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules; and

(iv)   such further relief as is just and proper;

</div>

and it is further

**ORDERED** that a copy of this Order to Show Cause, the Calvani Affidavit, the Application, and the Memorandum shall be served upon the Defendants' counsel of record, or the Defendants if no counsel has appeared, by any available means including email, facsimile, or overnight delivery on or before May __, 2012. Such service shall be deemed good and sufficient notice of this Order to Show Cause. The contact information for the Defendants' counsel is attached hereto as Exhibit C; and it is further

**ORDERED** that responsive papers to the Application, if any, shall be served so as to be actually received by counsel to the Trustee, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, Attn: Thomas L. Long, Esq. and filed with the Court, with a copy to the

Securities Investor Protection Corporation, 805 15th Street, N.W., Suite 800, Washington, D.C.

20005, Attn: Kevin H. Bell, and Chambers, not later than 5:00 p.m. on or before May __, 2012.

**IT IS SO ORDERED**

This __ day of _____, 2012

_____
**THE HONORABLE BURTON R. LIFLAND**
United States Bankruptcy Judge