**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Marc E. Hirschfield
Keith R. Murphy

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. As Identified in Exhibit A (BRL) |
| THE DEFENDANTS IDENTIFIED IN EXHIBIT A, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S APPLICATION BY WAY
OF ORDER TO SHOW CAUSE SEEKING ENTRY OF ORDER DIRECTING
DEFENDANTS TO MAKE EXPEDITED LIMITED INITIAL DISCLOSURES OR
PROVIDE IMMEDIATE NOTICE OF CERTAIN ADVERSARY PROCEEDINGS**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA") and the estate of Bernard L. Madoff ("Madoff"), individually, by and through his undersigned counsel, respectfully submits this memorandum of law (the "Memorandum") in support of his application (the "Application") pursuant to sections 105(a), 550 and 551 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rules 15, 16, and 26 of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure 2002(m), 7015, 7016, 7026, and 9007, seeking the following relief:

(a) Entry of an order to show cause why the Defendants identified in Exhibit A attached hereto (the "Defendants") should not be required to make limited initial disclosures to the Trustee on an expedited basis, or, alternatively, why the Defendants should not be required to provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits;

*and*

(b) Following a hearing on the Application, entry of an order directing the Defendants to:

(i) make limited initial disclosures to the Trustee on an expedited basis, with respect to the identity, physical and mailing address of:

(1) any beneficial owner of an account which received the funds from the redemption of shares from Fairfield Sentry Limited, Fairfield Sigma Limited or Fairfield Lambda Limited (collectively, the "Fairfield Funds"), as set forth in Schedules A(1) – A (64) attached to the Application as Exhibit B (the "Schedules"); and

(2) any persons or entities for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; and

2

(3) any persons or entities who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules;

*or, in the alternative,*

(ii) provide immediate notice of the applicable adversary proceeding and a copy of complaint and corresponding exhibits to any person or entity not currently named as a defendant and known by the Defendants to be to the persons and/or entities described above.

## **PRELIMINARY STATEMENT**

Prior to the filing of his Application and this Memorandum, the Trustee filed complaints against the Defendants seeking, among other things, the recovery of certain subsequent transfers of customer property[1] derived from direct or indirect investments with BLMIS made by Fairfield Funds. Some of the Defendants have indicated to the Trustee they may claim to have been acting solely as custodians for other individuals or entities in connection with the receipt of subsequent transfers from the Fairfield Funds, and as a result, they may assert a conduit defense. These same Defendants have, to date, refused to disclose the identity of the party for whom they claim to have acted as a custodian or conduit. The remaining Defendants have not indicated to the Trustee whether they plan to assert a conduit defense. In an abundance of caution, the Trustee needs disclosure as to the identity of those individuals or entities for whom some of the Defendants claim, or may claim, to have acted as custodians or conduits, in order to assert possible subsequent transferee claims against the proper subsequent transferee before the running of any applicable statute of limitations. Absent the expedited relief that the Trustee seeks, the identity of such persons or entities may not be made known until after the one-year anniversary of the avoidance of the initial transfers from BLMIS to Fairfield Sentry Limited ("Fairfield

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

3

Sentry"), which certain transferees may argue precludes the Trustee from asserting timely claims against the proper subsequent transferees. Accordingly, the Trustee requests the Defendants disclose to him the identity and address of any person or entity for whom a Defendant may argue it served as a conduit in a sufficiently timely manner so the Trustee may determine if he will file adversary proceedings against the disclosed individuals or entities by, the earliest, June 7, 2012.

By his Application, the Trustee alternatively asks the Court to order the Defendants to immediately provide notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to any person or entity for whom a Defendant may argue it served as a conduit. The alternative relief is sought to ensure that all potential subsequent transferees receive notice of the commencement of the applicable action as contemplated by Fed. R. Bankr. P. 7015(c) (the "Bankruptcy Rules"), by providing them with notice of the applicable adversary proceeding and a copy of the relevant complaint and corresponding exhibits prior to June 1, 2012.[2]

## BACKGROUND

On May 18, 2009, the Trustee filed an adversary proceeding against the Fairfield Funds and other defendants in the Bankruptcy Court under the caption *Picard v. Fairfield Sentry Limited, et al.,* Adv. Pro. No. 09-01239. Among other things, the Trustee sought to avoid and recover initial transfers of customer property from BLMIS to Fairfield Sentry Limited ("Fairfield Sentry") in the amount of $3,054,000,000. Pursuant to this Court's June 7 and June 10, 2011 orders (Dkt. Nos. 92, 95), subject to approval of the Eastern Caribbean Supreme Court in the High Court of Justice of the Virgin Islands (the "BVI Court"), a settlement was approved among

---

[2] Similar relief has been requested and granted previously by this Court in *Enron Corp. v. J.P. Morgan Securities, Inc., et al. (In re Enron Corp.)*, as discussed more fully herein. *See* Order Directing Certain Defendants To Provide Limited Rule 26(a)(1) Initial Disclosures On An Expedited Basis, *In re Enron Corp.*, No. 03-92677 (Bankr. S.D.N.Y. Nov. 18, 2003), ECF No. 25.

4

the Trustee and the Fairfield Funds (the "Settlement Agreement"). Following approval by the BVI Court, on July 13, 2011, this Court entered a consent judgment in favor of the Trustee against Fairfield Sentry in the amount of $3,054,000,000. (Dkt. No. 109). Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

The judgment amount of $3,054,000,000 is the total amount of the transfers from BLMIS to Fairfield Sentry during the six years preceding the filing date of the BLMIS proceeding (the "Fairfield Initial Transfers"). The Fairfield Initial Transfers were and continue to be "Customer Property" within the meaning of SIPA § 78*lll*(4). With the settlement, the transfers were avoided and are recoverable under sections 550 and 551 of the Bankruptcy Code and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3). As set forth in the Schedules, over $ 2.3 billion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to the Defendants by the Fairfield Funds.

Because multiple Defendants have advised that they may assert a conduit defense, the Trustee seeks entry of an order directing the Defendants to make limited initial disclosures on an expedited basis, with respect to the specific transfers set forth in the Schedules. The limited information the Trustee seeks to obtain includes the identity and physical and mailing address of the persons and/or entities described above.

Alternatively, the Trustee respectfully requests that the Court order the Defendants to provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to any person or entity for whom a Defendant may argue it served as a conduit.

5

## ARGUMENT

Local Rule 9077-1 provides that an order to show cause may be granted "upon a clear and specific showing by affidavit of good and sufficient reasons why proceeding other than by notice of motion is necessary." As evidenced by the Affidavit of Torello H. Calvani, Esq. ("Calvani Affidavit"), filed simultaneously herewith, the Trustee needs expedited relief based on arguments that certain Defendants may assert a conduit defense, and therefore, the Trustee seeks to obtain the identification and addresses of potential additional subsequent transferees prior to the expiration of one year from, at the earliest, June 7, 2012, in order to preserve his ability to pursue those subsequent transferees, should the conduit defense prove to be an obstacle to recovery from the Defendants.

Bankruptcy Rule 7026(a)(1)(A) provides in pertinent part that, without awaiting a discovery request, a party must provide:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

By his Application, the Trustee seeks the names, physical and mailing addresses of any known recipients of the Fairfield Funds redemptions. As a result, the Trustee is seeking the same information that he is entitled to receive as an initial disclosure under Bankruptcy Rule 7026(a)(1)(A).

The plain language of Bankruptcy Rule 7026(a)(1) states that the time within which initial disclosures are to be made rests within the discretion of the Court. *See* Fed. R. Bankr. P. 7026(a)(1) (providing that initial disclosures must be made "at or within 14 days after the [parties' Fed. R. Bankr. P. 7026](f) conference *unless a different time is set by stipulation or*

6

*court order*" (emphasis added)). Similarly, Bankruptcy Rule 7016(b)(4) provides that the court, for good cause shown, may modify a scheduling order. *See* Fed. R. Bankr. P. 7016(b)(4).

Additionally, under section 105(a) of the Bankruptcy Code, the Bankruptcy Court is provided a vehicle allowing "broad exercise of power in the administration of a bankruptcy case." 2-105 COLLIER ON BANKR. ¶ 105.01 (16th ed. 2012). That provision provides in part, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (2012). The relief sought herein is consistent with the Trustee's rights and powers to pursue and recover from subsequent transferees pursuant to, *inter alia*, section 550(a) of the Bankruptcy Code.

Based on the foregoing, the Trustee respectfully asks this Court to enter an order directing the Defendants to make limited initial disclosures pursuant to Bankruptcy Rule 7026(a)(1)(A) within five (5) days of service of such order (substantially in the form annexed hereto as Exhibit C). As noted above and as described more fully in the Calvani Affidavit, the Trustee seeks such information on an expedited basis so the Trustee may learn the identities of any person or entity for whom a Defendant may argue it served as a conduit, and file additional actions, if necessary. The Trustee has good cause for the relief sought herein as without it he may not be able to recover avoided initial transfers.

Furthermore, the Trustee's requested relief is not unduly burdensome and does not present novel issues of law. *See, e.g.*, Order Directing Certain Defendants To Provide Limited Rule 26(a)(1) Initial Disclosures On An Expedited Basis, *In re Enron Corp.*, No. 03-92677 (Bankr. S.D.N.Y. Nov. 18, 2003), ECF No. 25. Under analogous circumstances to those present here, Judge Arthur Gonzalez in *In re Enron* ordered the defendants to: (1) make expedited initial disclosures and provide notice of the adversary proceeding, and (2) a copy of the applicable

7

complaint to any non-parties who exercised dominion and control over the transfers received by the Defendants in their capacity as an agent. *Id*.

In an effort to minimize any burden that the Defendants might allege, the Trustee proposes to request each such Defendant to provide the limited disclosure which corresponds with specifically identified Fairfield Funds redemption payments made to that Defendant as set forth in the Schedules. The Trustee believes and submits that the requested information is known and readily available to the Defendants. Finally, the Trustee submits that any burden that Defendants might assert is outweighed by the prejudice that may inure to the Trustee absent the relief sought herein.

If this Court does not find cause to enter an order directing the Defendants to make the aforementioned limited initial disclosures, the Trustee alternatively requests an order directing the Defendants to immediately provide notice of the Application and related documents as well as notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to any person or entity for whom a Defendant may argue it served as a conduit, in the form of the proposed order attached hereto as Exhibit D. Under Bankruptcy Rule 7015(c), one of the considerations for relation back of an amendment adding a party not previously named in the complaint is that "within the period provided by Rule 4(m) for service of the summons and complaint [i.e., 120 days], the party to be brought in by amendment . . . [has] received such notice of the action that it will not be prejudiced in defending on the merits . . .." Fed. R. Bankr. P. 7015(c). In a good faith, prudent and immediate effort to provide notice to any parties not yet named as defendants herein who may be added by amendment of the applicable complaint, the Trustee requests that if the Court does not grant the Trustee's request for expedited limited initial disclosures, it order the Defendants to provide sufficient notice consistent with Bankruptcy Rule

8

7015(c). Without knowledge of the identities of the ultimate recipients of the Fairfield Funds redemptions, the Trustee cannot provide this notice. In contrast, with minimal effort, the Defendants clearly can.

If the Defendants do not provide the expedited limited initial disclosures or the alternative immediate notice, the Trustee—and, more importantly, BLMIS's customers, creditors and estate—may be substantially and irreparably prejudiced and harmed. Thus, in addition, the Trustee requests that the Court's order directs that failure to provide the initial disclosures or Fed. R. Civ. P. 15 and Fed. R. Bankr. P. 7015(c) notice will be deemed a waiver of that Defendant's conduit defense.

Based on the foregoing, the Trustee respectfully asks that the Court enter an Order granting the relief requested herein and such other and further relief as is just.

Dated: May 7, 2012  
      New York, New York

/s/ David J. Sheehan  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111

Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Thomas L. Long  
Mark A. Kornfeld  
Marc E. Hirschfield  
Keith R. Murphy

*Attorneys for Irving H. Picard, Trustee*  
*for the Substantively Consolidated SIPA*  
*Liquidation of Bernard L. Madoff Investment*  
*Securities LLC and Bernard L. Madoff*

9

| Defendant | Adversary Proceeding Number |
|---|---|
| ABU DHABI INVESTMENT AUTHORITY | 11-02493 |
| ARDEN ASSET MANAGEMENT LLC | 12-01023 |
| ATLANTIC SECURITY BANK | 11-02730 |
| BANCA CARIGE S.P.A. | 11-02570 |
| BANCO BILBAO VIZCAYA ARGENTARIA, S.A. | 10-05351 |
| BANCO ITAU EUROPA INTERNATIONAL | 12-01019 |
| BANCO ITAU EUROPA LUXEMBOURG S.A. | 12-01019 |
| BANK HAMPOALIM B.M. | 12-01216 |
| BANK JULIUS BAER & CO. LTD. | 11-02922 |
| BANQUE PRIVEE ESPIRITO SANTA S.A. (F/K/A COMPAGNIE BANCAIRE ESPIRITO SANTO S.A.) | 11-02571 |
| BANQUE SYZ & CO., S.A. | 11-02149 |
| BARCLAYS BANK (SUISSE) S.A. | 11-02569 |
| BARCLAYS BANK S.A. | 11-02569 |
| BARCLAYS PRIVATE BANK & TRUST LIMITED | 11-02569 |
| SIX SIS AG | 12-01195 |
| BROWN BROTHERS HARRIMAN & CO. | 12-01217 |
| BSI AG, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO BANCO DEL GOTTARDO | 12-01209 |
| BUREAU OF LABOR INSURANCE | 11-02732 |
| CACEIS BANK | 11-02758 |
| CACEIS BANK LUXEMBOURG | 11-02758 |
| CATHAY LIFE INSURANCE CO. LTD. | 11-02568 |
| CITIBANK GLOBAL MARKETS LIMITED | 10-05345 |
| CONCORD MANAGEMENT LLC | 11-02543 |
| DELTA NATIONAL BANK AND TRUST COMPANY | 11-02551 |
| DEZ FINANCIAL MANAGEMENT LTD. | 11-02552 |
| FALCON PRIVATE BANK LTD. (f/k/a AIG PRIVAT BANK AG) | 11-02923 |
| FULLERTON CAPITAL PTE LTD. | 12-01004 |
| GROSVENOR BALANCED GROWTH FUND LIMITED | 12-01021 |
| GROSVENOR INVESTMENT MANAGEMENT LTD. | 12-01021 |
| GROSVENOR PRIVATE RESERVE FUND LIMITED | 12-01021 |
| GROSVENOR AGGRESSIVE GROWTH FUND LIMITED | 12-01021 |
| INTELIGO BANK LTD. PANAMA BRANCH, f/k/a BLUBANK LTD. PANAMA BRANCH | 11-02763 |
| KOCH INDUSTRIES INC., AS SUCCESSOR IN INTEREST TO KOCH INVESTMENT (UK) COMPANY | 12-07047 |
| KOREA EXCHANGE BANK INDIVIDUALLY, AND AS TRUSTEE FOR KOREA GLOBAL ALL ASSET TRUST I-1 AND TAMS RAINBOW TRUST III | 11-02572 |
| LANDIS INVERSIONES S.L. | 11-02930 |
| LIGHTHOUSE DIVERSIFIED FUND LIMITED | 11-02762 |
| LIGHTHOUSE PARTNERS LLC | 11-02762 |
| LIGHTHOUSE SUPERCASH FUND LIMITED | 11-02762 |
| LION GLOBAL INVESTORS LIMITED | 11-02540 |
| MERITZ FIRE & MARINE INSURANCE CO. LTD. | 11-02539 |
| MERRILL LYNCH BANK (SUISSE) S.A. | 11-02910 |

08-01789-cgm  Doc 15752-2  Filed 04/11/17  Entered 04/11/17 17:41:57  Exhibit
12-01565-smb  Doc 51-7  Filed 05/07/12  Entered 05/07/12 16:10:44  Exhibit Exhibit
Item 2  Pg 21 of 19
A  Pg 2 of 2

Exhibit A

| Defendant | Adversary Proceeding Number |
|---|---|
| MERRILL LYNCH INTERNATIONAL | 10-05346 |
| NAIDOT & CO. | 11-02733 |
| NATIONAL BANK OF KUWAIT S.A.K. | 11-02554 |
| NATIXIS | 10-05353 |
| NOMURA BANK INTERNATIONAL PLC | 10-05348 |
| ORBITA CAPITAL RETURN STRATEGY LIMITED | 11-02537 |
| PICTET ET CIE | 11-01724 |
| QUILVEST FINANCE LIMITED | 11-02538 |
| SAFRA NATIONAL BANK OF NEW YORK | 11-01885 |
| SNS BANK N.V. | 12-01046 |
| SNS GLOBAL CUSTODY B.V. | 12-01046 |
| SOMERS DUBLIN LIMITED | 11-02784 |
| SOMERS NOMINEES (FAR EAST) LIMITED | 11-02784 |
| STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD. f/k/a AMERICAN EXPRESS BANK INTERNATIONAL | 12-01565 |
| STANDARD CHARTERED INTERNATIONAL (USA) LTD. f/k/a AMERICAN EXPRESS BANK LTD. | 12-01565 |
| TENSYR LIMITED | 10-05353 |
| THE PUBLIC INSTITUTION FOR SOCIAL SECURITY | 12-01002 |
| THE SUMITOMO TRUST AND BANKING CO., LTD. | 11-02573 |
| TRINCASTER CORPORATION | 11-02731 |
| UNIFORTUNE ASSET MANAGEMENT SGR S.P.A. | 11-02553 |
| UNIFORTUNE CONSERVATIVE FUND | 11-02553 |
| VONTOBEL ASSET MANAGEMENT INC. | 12-01202 |
| ZCM ASSET HOLDING COMPANY (BERMUDA) LLC | 12-01512 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. As Identified in Exhibit A (BRL) |
| Plaintiff, | |
| v. | |
| THE DEFENDANTS IDENTIFIED IN EXHIBIT A, | |
| Defendants. | |

**[PROPOSED] ORDER DIRECTING CERTAIN DEFENDANTS TO PROVIDE LIMITED RULE 26(a)(1) INITIAL DISCLOSURES ON AN EXPEDITED BASIS**

WHEREAS, this cause having come before the Court on May 7, 2012 on the Affidavit of Torello H. Calvani, and the memorandum of law (the "Memorandum") in support of the application (the "Application") filed by counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA") and the estate of Bernard L. Madoff ("Madoff"), individually, requesting an order directing the Defendants identified in <u>Exhibit A</u> to this Order (the "Defendants") to make limited

initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) and Fed. R. Bankr. P. 7026(a)(1)(A) (the "Bankruptcy Rules") on an expedited basis, with respect to the transfers set forth in Schedules A(1)-A(64) attached to the Trustee's Application as <u>Exhibit B</u> (the "Schedules").

WHEREAS, the Court has also reviewed and considered the Defendants' responsive papers, and the arguments put forth by all interested parties during the May __, 2012 hearing before this Court.

WHEREAS, the limited information the Trustee seeks to obtain includes the identity and physical and mailing address of:

1. any beneficial owner of an account which received the funds from the redemption of shares from Fairfield Sentry Limited, Fairfield Sigma Limited or Fairfield Lambda Limited (collectively, the "Fairfield Funds") as set forth in the Schedules; and

2. any persons or entities for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; and

3. any persons or entities who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules.

WHEREAS, the Court finds good cause exists to grant the Trustee's request for an Order requiring the Defendants to make such initial disclosures; and finding that no further notice is necessary; it is

**ORDERED** that the Trustee's Application is granted; and it is further

**ORDERED** that the Trustee may serve this order upon the Defendants' counsel of record, or the Defendants if no counsel has appeared, by any available means including email, facsimile, or overnight delivery; and it is further

**ORDERED** that pursuant to Fed. R. Civ. P. 26(a)(1)(A), Bankruptcy Rule 7026(a)(1)(A), and Bankruptcy Code § 105, the Defendants are hereby directed to make limited

initial disclosures to the Trustee so as to be actually received within five days of service of this Order, identifying the identity and address of:

1. any beneficial owner of an account which received the funds from the redemption of shares from the Fairfield Funds, as set forth in the Schedules; and

2. any persons or entities for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; and

3. any persons or entities who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules.

**ORDERED** that each Defendant shall produce such initial disclosure information (or copies thereof) to counsel to the Trustee, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, Attn: Thomas L. Long, Esq.; and it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED** that a Defendant's non-disclosure of any information pursuant to this Order shall be deemed a waiver of such Defendant's right to assert any defense that it acted solely as a custodian or conduit for other individuals or entities in connection with the receipt of subsequent transfers from the Fairfield Funds; and it is further

**ORDERED** that a Defendant's disclosure or non-disclosure made pursuant to this Order shall not constitute an admission with respect to any other matter; provided that nothing in this paragraph shall relieve any Defendant from any obligation imposed by this Order; and it is further

**ORDERED** that this Order, and compliance therewith, is without prejudice to the rights of the Trustee to seek further discovery and the Trustee's ability to contest the applicability of the conduit defense in connection with the applicable adversary proceedings.

3

**IT IS SO ORDERED**

This __ day of ____, 2012

_____
**THE HONORABLE BURTON R. LIFLAND**
United States Bankruptcy Judge

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br> v.<br><br>THE DEFENDANTS IDENTIFIED IN EXHIBIT A,<br><br>    Defendants. | Adv. Pro. No. As Identified in Exhibit A (BRL) |

**[PROPOSED] ORDER DIRECTING IMMEDIATE SERVICE OF NOTICE OF**
**CERTAIN ADVERSARY PROCEEDINGS**

   WHEREAS, this cause having come before the Court on May 7, 2012 on the Affidavit of Torello H. Calvani (the "Calvani Affidavit"), and the memorandum of law (the "Memorandum") in support of the application (the "Application") filed by counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA") and the estate of Bernard L. Madoff ("Madoff"), individually, requesting an order directing the Defendants identified in Exhibit A to this Order (the

"Defendants") to provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to any person or entity not named as a defendant herein known by the Defendants to be:

1. a beneficial owner of an account which received the funds from the redemption of shares from Fairfield Sentry Limited, Fairfield Sigma Limited, or Fairfield Lambda Limited (collectively, the "Fairfield Funds"), as set forth in the Schedules A(1)-A(64) attached to the Trustee's Application as <u>Exhibit B</u> (the "Schedules"); or

2. a person or entity for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; or

3. a person or entity who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules.

WHEREAS, the Court has also reviewed and considered the Defendants' responsive papers, and the arguments put forth by all interested parties during the May __, 2012 hearing before this Court.

WHEREAS, the Court finds good cause exists to grant the Trustee's request for an Order requiring the Defendants to provide such immediate notice; and finding that no further notice is necessary; it is

**ORDERED** that the Trustee's Application is granted; and it is further

**ORDERED** that the Trustee may serve this Order upon the Defendants' counsel of record, or the Defendants if no counsel has appeared, by any available means including email, facsimile, or overnight delivery; and it is further

**ORDERED** that consistent with Fed. R. Civ. P. 15(c) and Fed. R. Bankr. P. 7015(c), the Defendants are to provide immediate notice of this order, the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to any person or entity not named as a defendant herein known by the Defendants to be:

1. a beneficial owner of an account which received the funds from the redemption of Fairfield Funds shares, as set forth in the Schedules; or

2. a person or entity for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; or

3. a person or entity who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules.

**ORDERED** that each Defendant shall certify to this Court by June 1, 2012 they have provided the aforementioned persons or entities with notice of this Order, the applicable adversary proceeding and a copy of the complaint and corresponding exhibits and confirmed receipt of such documents; and it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED** that a Defendant's failure to notify any individual or entity pursuant to this Order shall be deemed to waive such Defendant's right to assert any defense that it acted solely as a custodian or conduit for that individual or entity in connection with the receipt of subsequent transfers from the Fairfield Funds; and it is further

**ORDERED** that a Defendant's notice or failure to provide notice pursuant to this Order shall not constitute an admission with respect to any matter; provided that nothing in this paragraph shall relieve any Defendant from any obligation imposed by this Order; and it is further

[*Remainder of page intentionally left blank*]

3

**ORDERED** that this Order, and compliance therewith, is without prejudice to the rights of the Trustee to seek further discovery and the Trustee's ability to contest the applicability of the conduit defense in connection with the applicable adversary proceedings.

**IT IS SO ORDERED**

This __ day of ____, 2012

> _____
> **THE HONORABLE BURTON R. LIFLAND**
> United States Bankruptcy Judge

4