**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. As Identified in Exhibit A (BRL) |
| THE DEFENDANTS IDENTIFIED IN EXHIBIT A, | |
| Defendants. | |

**AFFIDAVIT OF TORELLO H. CALVANI IN SUPPORT OF
THE TRUSTEE'S APPLICATION BY WAY OF ORDER TO SHOW
CAUSE WHY DEFENDANTS SHOULD NOT BE REQUIRED TO MAKE
EXPEDITED LIMITED INITIAL DISCLOSURES OR PROVIDE
<u>IMMEDIATE NOTICE OF CERTAIN ADVERSARY PROCEEDINGS</u>**

STATE OF NEW YORK )
) S.S.:
COUNTY OF NEW YORK )

TORELLO H. CALVANI, being duly sworn, deposes and says:

1. I am an associate with the law firm of Baker & Hostetler LLP, which is serving as counsel to Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA") and the estate of Bernard L. Madoff ("Madoff"), individually. I make this affidavit in support of the Trustee's *ex parte* application (the "Application") by way of Order to Show Cause for immediate relief as to why the Defendants identified in Exhibit A to this Affidavit (the "Defendants") should not be required to make expedited limited initial disclosures, or alternatively, provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to individuals or entities known by the Defendants to have received redemptions of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited (collectively, the "Fairfield Funds") shares from the Defendants, as further detailed in the Trustee's Memorandum of Law in Support filed herewith (the "Memorandum"). I have personal knowledge of the facts stated herein except where the basis is otherwise identified and, if called as a witness, could testify competently thereto.

**Need For Immediate Relief**

2. Unless the Court grants the immediate relief requested in the Application and orders either the limited initial disclosures requested in the Application, or alternatively, orders the Defendants to provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to the non-parties articulated in the Application, the

Memorandum, and corresponding exhibits, the Defendants may be able to claim the Trustee is foreclosed from pursuing additional actions against those whom the Defendants may claim to have acted as conduits, while concurrently trying to avoid liability themselves.

3. The need for immediate relief from this Court is to make certain the Trustee preserves his right to pursue recovery actions against subsequent transferees of the Fairfield Funds. Certain of the Defendants that have already been sued as subsequent transferees have indicated to the Trustee they may assert a conduit defense. In an abundance of caution, to preserve his rights to pursue other possible subsequent transferees, the Trustee submits this Application on an expedited basis in an effort to ensure: (a) the Trustee will learn the identities of any additional parties of which he is not now aware, but against which he may have claims related to those asserted in the applicable adversary proceeding; or alternatively that (b) all parties, who are not already named as defendants and known to the Defendants to have received transfers of from the Fairfield Funds, will receive actual notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits consistent with Fed. R. Bankr. P. 7015(c).

**The Underlying Actions**

4. On May 18, 2009, the Trustee filed an adversary proceeding against the Fairfield Funds and other defendants in the Bankruptcy Court under the caption *Picard v. Fairfield Sentry Limited, et al.*, Adv. Pro. No. 09-01239, seeking, among other things, to avoid and recover initial transfers of customer property from BLMIS to Fairfield Sentry Limited ("Fairfield Sentry") in the amount of $3,054,000,000. Pursuant to this Court's June 7 and June 10, 2011 orders, and subject to approval of the Eastern Caribbean Supreme Court in the High Court of Justice of the

2

Virgin Islands (the "BVI Court"), a settlement was approved among the Trustee and the Fairfield Funds (the "Settlement Agreement").

5. Following approval by the BVI Court, on July 13, 2011, this Court entered a consent judgment in favor of the Trustee against Fairfield Sentry in the amount of $3,054,000,000, the total amount of the transfers from BLMIS to Fairfield Sentry during the six years preceding the filing date of the BLMIS Proceeding. With the settlement, the initial transfers to Fairfield Sentry were avoided, and are recoverable under sections 550 and 551 of the Bankruptcy Code and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3)

6. Prior to the filing of the Application, the Trustee filed complaints against the Defendants seeking, among other things, the recovery of certain subsequent transfers of customer property derived from direct or indirect investments with BLMIS made by the Fairfield Funds.

7. Prior to filing complaints against the Defendants, the Trustee engaged in a good faith attempt to identify all recipients of redemption proceeds from shares of the Fairfield Funds. However, some of the Defendants have indicated to the Trustee they may claim to have been acting solely as custodians or conduits for other individuals or entities in connection with the receipt of redemptions of Fairfield Funds shares, and as a result may assert a conduit defense. These same Defendants have, to date, refused to disclose to the Trustee the identity of the party for whom they claim to have acted as a custodian or conduit. The remaining Defendants have not indicated whether they are planning to assert a conduit defense.

8. To make certain he preserves his rights, out of an abundance of caution, the Trustee has determined that it is necessary and appropriate to seek the Court's assistance in obtaining initial disclosure information on an expedited basis from the Defendants pursuant to sections 105(a), 550 and 551 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the

3

"Bankruptcy Code"), Rules 15, 16, and 26 of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure 2002(m), 7015, 7016, 7026, and 9007. The limited information the Trustee seeks to obtain includes: the identity, physical and mailing address of:

    a.    any beneficial owner of an account which received the funds from the redemption of shares from the Fairfield Funds, as set forth in Schedules A(1) – A(64) attached to the Application as <u>Exhibit B</u> (the "Schedules");

    b.    any persons or entities for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; and

    c.    any persons or entities who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules.

9. Alternatively, the Trustee has further determined that, consistent with Fed. R. Bankr. P. 7015(c), it is appropriate to ask the Court to order the Defendants to provide immediate notice of the applicable adversary proceeding and a copy of the complaint and corresponding exhibits to:

    a.    any beneficial owner of an account which received the funds from the redemption of Fairfield Funds shares, as set forth in the Schedules;

    b.    any person or entity for whose benefit the funds from the redemption of Fairfield Funds shares were received by the Defendants as set forth in the Schedules; or

    c.    any person or entity who exercised dominion and control over the funds received from the redemption of Fairfield Funds shares as set forth in the Schedules.

10. In light of the Defendants' arguments, whether viable or not, as to the statute of limitations, to be certain he has preserved his rights, the Trustee may bring suit against any subsequent transferees by June 7, 2012. Given this time constraint, the Trustee submits that granting the requested relief is necessary and in the best interest of the equitable administration of the BLMIS estate.

4

**The Trustee's Authority**

11. As this Court is well aware, the Trustee was appointed on December 15, 2008, by Judge Louis Stanton of the Southern District of New York. The Trustee's appointment was made effective as of December 11, 2008 (the "Filing Date"), pursuant to an application filed by the Securities Investor Protection Corporation ("SIPC"). As a trustee appointed under SIPA, the Trustee is charged with recovering and distributing customer property, assessing claims, and liquidating any other BLMIS assets for the benefit of the estate and its creditors. It is the Trustee's responsibility to bring avoidance and recovery actions and to recover money for distribution to customers and other creditors in accordance with SIPA and the Bankruptcy Code.

12. Based upon the foregoing, an irreconcilable impasse between the parties is now present, requiring the intervention of this Court to provide the relief requested herein.

13. No prior application for similar relief has been made to this or any other court.

I declare under penalties of perjury that the foregoing is true and correct.

               /s/ Torello H. Calvani

               Torello H. Calvani

Sworn to and subscribed before me

this 3rd day of May, 2012.

/s/ Ramon C. Cabera, Jr.
Ramon C. Cabrera, Jr.
Notary Public, State of New York
No. 01CA6155386, Qualified in Bronx County
Certificated Filed in New York County
Commission Expires 11/13/2014

5

08-01789-cgm Doc 15752-3 Filed 04/11/17 Entered 04/11/17 17:41:57 Exhibit
Item 3 Pg 7 of 8
12-01565-smb Doc 617 Filed 05/07/12 Entered 05/07/12 16:11:31 Exhibit Exhibit
A Pg 2 of 2

Exhibit A

| Defendant | Adversary Proceeding Number |
|---|---|
| ABU DHABI INVESTMENT AUTHORITY | 11-02493 |
| ARDEN ASSET MANAGEMENT LLC | 12-01023 |
| ATLANTIC SECURITY BANK | 11-02730 |
| BANCA CARIGE S.P.A. | 11-02570 |
| BANCO BILBAO VIZCAYA ARGENTARIA, S.A. | 10-05351 |
| BANCO ITAU EUROPA INTERNATIONAL | 12-01019 |
| BANCO ITAU EUROPA LUXEMBOURG S.A. | 12-01019 |
| BANK HAMPOALIM B.M. | 12-01216 |
| BANK JULIUS BAER & CO. LTD. | 11-02922 |
| BANQUE PRIVEE ESPIRITO SANTA S.A. (F/K/A COMPAGNIE BANCAIRE ESPIRITO SANTO S.A.) | 11-02571 |
| BANQUE SYZ & CO., S.A. | 11-02149 |
| BARCLAYS BANK (SUISSE) S.A. | 11-02569 |
| BARCLAYS BANK S.A. | 11-02569 |
| BARCLAYS PRIVATE BANK & TRUST LIMITED | 11-02569 |
| SIX SIS AG | 12-01195 |
| BROWN BROTHERS HARRIMAN & CO. | 12-01217 |
| BSI AG, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO BANCO DEL GOTTARDO | 12-01209 |
| BUREAU OF LABOR INSURANCE | 11-02732 |
| CACEIS BANK | 11-02758 |
| CACEIS BANK LUXEMBOURG | 11-02758 |
| CATHAY LIFE INSURANCE CO. LTD. | 11-02568 |
| CITIBANK GLOBAL MARKETS LIMITED | 10-05345 |
| CONCORD MANAGEMENT LLC | 11-02543 |
| DELTA NATIONAL BANK AND TRUST COMPANY | 11-02551 |
| DEZ FINANCIAL MANAGEMENT LTD. | 11-02552 |
| FALCON PRIVATE BANK LTD. (f/k/a AIG PRIVAT BANK AG) | 11-02923 |
| FULLERTON CAPITAL PTE LTD. | 12-01004 |
| GROSVENOR BALANCED GROWTH FUND LIMITED | 12-01021 |
| GROSVENOR INVESTMENT MANAGEMENT LTD. | 12-01021 |
| GROSVENOR PRIVATE RESERVE FUND LIMITED | 12-01021 |
| GROSVENOR AGGRESSIVE GROWTH FUND LIMITED | 12-01021 |
| INTELIGO BANK LTD. PANAMA BRANCH, f/k/a BLUBANK LTD. PANAMA BRANCH | 11-02763 |
| KOCH INDUSTRIES INC., AS SUCCESSOR IN INTEREST TO KOCH INVESTMENT (UK) COMPANY | 12-07047 |
| KOREA EXCHANGE BANK INDIVIDUALLY, AND AS TRUSTEE FOR KOREA GLOBAL ALL ASSET TRUST I-1 AND TAMS RAINBOW TRUST III | 11-02572 |
| LANDIS INVERSIONES S.L. | 11-02930 |
| LIGHTHOUSE DIVERSIFIED FUND LIMITED | 11-02762 |
| LIGHTHOUSE PARTNERS LLC | 11-02762 |
| LIGHTHOUSE SUPERCASH FUND LIMITED | 11-02762 |
| LION GLOBAL INVESTORS LIMITED | 11-02540 |
| MERITZ FIRE & MARINE INSURANCE CO. LTD. | 11-02539 |
| MERRILL LYNCH BANK (SUISSE) S.A. | 11-02910 |

| Defendant | Adversary Proceeding Number |
|---|---|
| MERRILL LYNCH INTERNATIONAL | 10-05346 |
| NAIDOT & CO. | 11-02733 |
| NATIONAL BANK OF KUWAIT S.A.K. | 11-02554 |
| NATIXIS | 10-05353 |
| NOMURA BANK INTERNATIONAL PLC | 10-05348 |
| ORBITA CAPITAL RETURN STRATEGY LIMITED | 11-02537 |
| PICTET ET CIE | 11-01724 |
| QUILVEST FINANCE LIMITED | 11-02538 |
| SAFRA NATIONAL BANK OF NEW YORK | 11-01885 |
| SNS BANK N.V. | 12-01046 |
| SNS GLOBAL CUSTODY B.V. | 12-01046 |
| SOMERS DUBLIN LIMITED | 11-02784 |
| SOMERS NOMINEES (FAR EAST) LIMITED | 11-02784 |
| STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD. f/k/a AMERICAN EXPRESS BANK INTERNATIONAL | 12-01565 |
| STANDARD CHARTERED INTERNATIONAL (USA) LTD. f/k/a AMERICAN EXPRESS BANK LTD. | 12-01565 |
| TENSYR LIMITED | 10-05353 |
| THE PUBLIC INSTITUTION FOR SOCIAL SECURITY | 12-01002 |
| THE SUMITOMO TRUST AND BANKING CO., LTD. | 11-02573 |
| TRINCASTER CORPORATION | 11-02731 |
| UNIFORTUNE ASSET MANAGEMENT SGR S.P.A. | 11-02553 |
| UNIFORTUNE CONSERVATIVE FUND | 11-02553 |
| VONTOBEL ASSET MANAGEMENT INC. | 12-01202 |
| ZCM ASSET HOLDING COMPANY (BERMUDA) LLC | 12-01512 |