Peter S. Partee, Sr.
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1100

Hearing Date and Time: TBD

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br>         v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>              Plaintiff,<br>         v.<br><br>Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick,<br><br>              Defendants. | Adv. Pro. No. 10-05257 (SMB)<br><br>Re: Docket Nos. 67 and 68 |

**ZRAICK DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER EXTENDING
<u>TIME FOR REBUTTAL EXPERT DISCLOSURES BY TWELVE DAYS</u>**

## **TABLE OF CONTENTS**

Page

I. RELEVANT BACKGROUND ...............................................................................................1

II. ARGUMENT ..........................................................................................................................2

    A. Cause Exists to Extend Time to Consider the Feingold Report
       Because the Trustee Has Not and Cannot Allege Resulting Prejudice ....................2

    B. Cause Exists to Extend Time to Consider the Feingold Report Because
       Defendants Have Made Diligent Efforts to Comply with Disclosure Deadline ......3

III. CONCLUSION .......................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*,
 624 F.3d 1253 (9th Cir. 2010) ...................................................................................2

*Bryant v. Smith*,
 165 B.R. 176 (W.D. Va. 1994) ...................................................................................2

*Curbison v. United States*,
 2006 U.S. Dist. LEXIS 89004 (D.N.J. Dec. 7, 2006) .................................................3

*In re Fairfield Sentry Ltd.*,
 458 B.R. 665 (S.D.N.Y. 2011) ....................................................................................2

*In re Merritt.*,
 2008 Bankr. LEXIS 4860 (Bankr. D. Or. Feb. 29, 2008) .......................................2,3

*Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A.
 (In re Motors Liquidation Co.)*,
 552 B.R. 253 (Bankr. S.D.N.Y. 2016) .......................................................................2

*Pioneer Inv. Servs.  v. Brunswick Assocs. Ltd. P'ship*,
 507 U.S. 380, 113 S. Ct. 1489, 1496 (1993) ...............................................................2

**Other Authorities**

Fed. R. Bankr. P. 9006(b)(1)................................................................................................2

Defendants Edward A. Zraick, Jr, Nancy Zraick, Patricia DeLuca and Karen Rich (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this reply in support of their motion [Docket No. 67] (the "Motion")[1] for the entry of an order, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), among other things, extending Defendants' February 2, 2017 deadline for rebuttal expert disclosures by twelve days, to February 14, 2017, so as to render as timely served the Expert Report of Bill Feingold, a true and correct copy of which is annexed as Exhibit A to the Motion (the "Feingold Report"). In further support of the Motion, Defendants submit the *Declaration of Robert A. Rich in Support of Motion for Entry of an Order Extending Time for Rebuttal Expert Disclosures by Twelve Days* (the "Rich Declaration"), filed contemporaneously herewith, and state as follows:

## I.   RELEVANT BACKGROUND

1. Defendants seek a twelve-day extension of their deadline to disclose expert testimony so as to allow consideration of the Feingold Report.

2. On March 6, 2017, Defendants filed the Motion seeking such extension.

3. On March 22, 2017, the Trustee filed his response brief [Docket No. 68], through which the Trustee does not offer any argument of prejudice or bad faith, but opposes the Motion solely on the basis that Defendants allegedly have not been diligent in pursuing retention of a rebuttal expert witness and production of a rebuttal expert report.

4. On March 29, 2017, the Court held a hearing on the Motion and adjourned the portion of the Motion requesting the extension of time pending the scheduling of an evidentiary hearing.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

## II.  ARGUMENT

### A. Cause Exists to Extend Time to Consider the Feingold Report Because the Trustee Has Not and Cannot Allege Resulting Prejudice.

5. The applicable standard for determining whether to extend the deadline for rebuttal expert disclosures under the Case Management Order is "for cause shown." Bankruptcy Rule 9006(b)(1) provides that the Court may extend a deadline "specified by the [Bankruptcy Rules] or by a notice given thereunder *or by order of court*." Fed. R. Bankr. P. 9006(b)(1). If the request for an extension is made after the expiration of the applicable deadline, the request must be made by motion and the failure to act must be shown to be the result of excusable neglect. However, as here, if the request is made *prior* to the expiration of the applicable deadline, the Court may grant the extension with or without a motion "for cause." *See id.*; *Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, 552 B.R. 253, 274 (Bankr. S.D.N.Y. 2016); *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 691 (S.D.N.Y. 2011). Additionally, the Case Management Order itself provides that the discovery schedule may be extended "upon a showing of good cause." CMO at p.14.

6. Bankruptcy Rule 9006(b)(1) and the corresponding Federal Rule of Civil Procedure 6(b)(1) should be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010); *see also Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 1496 (1993) (concluding that Bankruptcy Rule 9006(b) was "patterned after Fed.R.Civ.P. 6(b)). Courts normally will find cause to grant extensions of time "in the absence of bad faith or prejudice to the adverse party." *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994).

7. Even under the more strict "excusable neglect standard," not applicable here, lack of prejudice alone is often found to be a sufficient basis for extension. *See, e.g., In re Merritt,*

2

2008 Bankr. LEXIS 4860 *9 (Bankr. D. Or. Feb. 29, 2008) ("Even though Ms Takaro offers no explanation for her tardiness, I find, weighing the appropriate factors, that the one day delay caused no prejudice and that I will therefore consider the motion as timely."); *Curbison v. United States*, 2006 U.S. Dist. LEXIS 89004 *13 (D.N.J. Dec. 7, 2006) ("This extension causes no prejudice to Plaintiff, who has also received ample time to oppose these motions upon the merits. As such, the Court will consider the Federal Defendants' motion to dismiss as timely filed").

8. The Trustee has not, and cannot, allege any resulting prejudice from a twelve-day extension of the deadline to serve the Feingold Report. No other case management deadlines will be affected by such an extension. Moreover, it is Defendants who have sought to move this litigation forward by conducting depositions and proceeding to mediation, while the Trustee has failed to make his witnesses available and takes the position that case management deadlines are stayed until those depositions take place. *See* Rich Declaration at ¶ 15.

**B.   Cause Exists to Extend Time to Consider the Feingold Report Because Defendants Have Made Diligent Efforts to Comply with Disclosure Deadline.**

9. As set forth in the Rich Declaration, Defendants have made diligent efforts to comply with the rebuttal expert disclosure deadline.

10. Defendants first received access to the Dubinsky Report, as well as two putative expert reports of Matthew Greenblatt and one of Lisa Collura (collectively, with the Dubinsky Report, the "Expert Reports"), from the Trustee via email on November 17, 2016,[2] and began reviewing those Expert Reports within a few days of receiving access. After a review of the Greenblatt and Collura reports, Defendants determined that these reports did not contain expert testimony, but rather constitute summary fact testimony under Fed.R.Evid. 1006. With respect

---

[2] On November 16, 2016, Trustee's counsel emailed a link to an FTP site purportedly containing the Expert Reports, but the password to access that site was not sent until the following morning.

3

to the Dubinsky Report, however, which is 169 pages with 966 pages of exhibits, Defendants determined that a rebuttal expert would be appropriate. The then deadline to serve rebuttal expert disclosures was December 16, 2016. *See* Rich Decl. at ¶ 2.

11. The Dubinsky Report appears to be based, in large part, on the Dubinsky report which was used by the Government at the criminal trial of various former Madoff employees in 2013 (the "Bonventre Trial"). Because Defendants were not involved in the criminal trial, they had never reviewed the report Mr. Dubinsky prepared for the Bonventre Trial. Mr. Dubinsky testified at that trial that his firm's analysis took "an enormous amount of time and effort to put together" and agreed that such analysis required "[m]ultiple kinds of expertise."[3] He further testified that his firm had received approximately $30 million in compensation for services rendered based upon the number of hours devoted to preparing the report.[4] Mr. Dubinsky's trial testimony and other pleadings from the Bonventre Trial are available on the public docket of the United States District Court for the Southern District of New York. *See* Rich Decl. at ¶ 3.

12. Immediately upon receiving the Dubinsky Report, Defendants initiated the search for a potential rebuttal expert. The Dubinsky Report is voluminous and contains proposed testimony on a number of important issues relevant in many Madoff-related cases. Given the Defendants' limited financial means, they contacted defense counsel in other cases brought by the Trustee to try to coordinate the submission of an expert report with other defense counsel. However, the deadlines in other cases were different and other defense counsel had not yet prepared expert reports because they were waiting for the completion of Madoff's deposition. Defendant's counsel discussed the Dubinsky Report and potential rebuttal witnesses internally.

---

[3] *See United States v. Bonventre, et al.* Case No. 10-cr-00228 LTS, Oct. 30, 2013 Trial Transcript filed 4/3/14 [DN 824] at 1579:20 – 1580:2.

[4] *See United States v. Bonventre, et al.* Case No. 10-cr-00228 LTS, Oct. 30, 2013 Trial Transcript filed 4/3/14 [DN 824] at 1581:1-2.

4

08-01789-cgm    Doc 15782    Filed 04/12/17    Entered 04/12/17 09:38:29    Main Document
        Pg 8 of 10

Given the Defendants' limited means, Defendants also had to determine appropriate compensation arrangements for any expert the Defendants would retain. *See* Rich Decl. at ¶ 4.

13. After Defendants identified an appropriate rebuttal expert, it became clear that it would be impossible for that expert to complete his analysis and prepare a rebuttal expert report by Defendants' December 14 deadline. With the need for additional time, on December 14, 2016, Defendants' counsel emailed a request for an extension of the December 16 deadline to Max Shifrin, Esq. of BakerHostetler, the Trustee's law firm. In that email, Defendants' counsel explained that Defendants still were in the process of coordinating retention of a rebuttal expert with other defense counsel. *See* Rich Decl. at ¶ 5, Ex. 1.

14. Trustee's counsel did not respond to the December 14 email on or before the December 16 deadline.[5] Accordingly, on December 16, 2016, in accordance with this Court's procedures, Defendants filed a letter request [Docket No. 61] for a conference regarding the proposed extension. On December 29, 2016, the Court held a chambers conference on Defendants' extension request, and granted an extension to February 2, 2017.[6] *See* Rich Decl. at ¶ 6.

15. The transcript of the first day of Mr. Madoff's deposition on December 20, 2016 was first made available to Defendants on January 3, 2017. Defendants' counsel immediately reviewed the transcript and determined that the first priority was to obtain a rebuttal expert report focused on the portion of the Dubinsky Report that concerned convertible bond trades at BLMIS. Defendants' counsel inquired internally within the law firm regarding potential experts on

---

[5] The Trustee makes much of the fact that Defendants "wait[ed] until the very last day to submit such requests." Trustee Br. at p. 6. Of course, Trustee's counsel fails to disclose that a last day filing was necessitated by Trustee's counsel's failure to respond to prior extension requests.

[6] Defendants had requested an extension until the conclusion of the deposition of Mr. Madoff. The Court declined to grant such an extension, but allowed Defendants an additional thirty days from the date the first Madoff deposition transcript was received, resulting in an extension through February 2, 2017.

5

convertible bond trading in the 1980s. Defendants' counsel also inquired with a bond trader at a major banking and financial services firm, who then reached out to several of his business contacts in search for a potential expert. However, it was not until the end of January that Defendants identified Mr. Bill Feingold as an appropriate rebuttal expert. *See* Rich Decl. at ¶ 7.

16. After having a preliminary conversation with Mr. Feingold, on February 1, 2017, Defendants requested a further 30-day extension of the rebuttal expert deadline via email to Mr. Shifrin. On February 2, 2017, Trustee's counsel responded by denying the request, and Defendants filed a letter with the Court requesting a conference on the requested extension [Docket No. 64]. *See* Rich Decl. at ¶ 8.

17. A conference originally was scheduled for on or about February 16, 2017 (a date on which Defendants' counsel had a conflict), but was moved up to February 7 at the request of Defendants' counsel. At the February 7 conference, the Court declined to grant an extension but allowed Defendants to file the Motion. *See* Rich Decl. at ¶ 9.

18. Defendants obtained a signed engagement letter from Mr. Feingold on February 3, 2017. Defendants' counsel urged Mr. Feingold to review the Dubinsky Report and prepare an expert rebuttal report, to the extent appropriate, as quickly as possible given that Defendants were already a day past the February 2 deadline. The Feingold Report was completed late on February 13, 2017. Defendants served the Feingold Report on Trustee's counsel the next day. *See* Rich Decl. at ¶ 10.

19. Given the fact that Mr. Dubinsky had been retained by the Trustee in June of 2011 and did not issue his expert report until August 2013 (26 months later), it is extraordinary that Mr. Feingold was able to produce a report within ten days of his retention. The twelve-day delay in serving the report has resulted in absolutely no prejudice to the Trustee. This adversary

6

proceeding was filed in December 2010; the most important discovery in the case was not begun until December 20, 2016 when Mr. Madoff was deposed by defense counsel in some of the clawback cases, pursuant to this Court's order. Mr. Madoff's deposition, pursuant to this Court's order, will not be completed for several more months. *See* Rich Decl. at ¶ 11.

### III.   CONCLUSION

WHEREFORE, Defendants respectfully request that the Court enter an order, (i) extending Defendants' deadline for rebuttal expert disclosures by twelve days so as to render the Feingold Report timely served, and (ii) granting such other and further relief in favor of Defendants as the Court may deem just or proper.

Dated:  New York, New York　　　　　Respectfully submitted,
　　　　April 12, 2017

　　　　　　　　　　　　　　　　　　　　　*/s/ Robert A. Rich*
　　　　　　　　　　　　　　　　　　　　　Peter S. Partee, Sr.
　　　　　　　　　　　　　　　　　　　　　Robert A. Rich
　　　　　　　　　　　　　　　　　　　　　**HUNTON & WILLIAMS LLP**
　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　New York, New York 10166
　　　　　　　　　　　　　　　　　　　　　(212) 309-1000
　　　　　　　　　　　　　　　　　　　　　Email:  rrich2@hunton.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants Edward A. Zraick, Jr.,*
　　　　　　　　　　　　　　　　　　　　　*Nancy Zraick, Patricia DeLuca and Karen M. Rich*

99997.032244 EMF_US 64622293v3