Peter S. Partee, Sr.
Robert A. Rich
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1100

*Attorneys for Defendants Edward A. Zraick, Jr.,*
*Nancy Zraick, Patricia DeLuca, and Karen Rich*

**Hearing Date and Time:  TBD**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br><br>              Plaintiff,<br><br>    v.<br><br>Edward A. Zraick, Jr., individually and as joint tenant; Nancy Zraick, individually and as joint tenant; Patricia Zraick DeLuca, individually and as joint tenant; Karen M. Rich, individually and as joint tenant; Estate of Lorraine Zraick; Edward A. Zraick, Jr., as personal representative of the Estate of Lorraine Zraick; and Patricia Zraick DeLuca, as personal representative of the Estate of Lorraine Zraick,<br><br>              Defendants. | Adv. Pro. No. 10-05257 (SMB)<br><br>Re: Docket Nos. 67 and 68 |

## DECLARATION OF ROBERT A. RICH IN SUPPORT OF
## MOTION FOR ENTRY OF AN ORDER EXTENDING TIME
## FOR REBUTTAL EXPERT DISCLOSURES BY TWELVE DAYS

I, Robert A. Rich, hereby declare (the "Declaration"), pursuant to 28 U.S.C. § 1746, that

the following statements are true and correct, to the best of my knowledge and belief, after due

inquiry described herein.

1.      I am an associate with the law firm of Hunton & Williams LLP, counsel for

Edward A. Zraick, Jr, Nancy Zraick, Patricia DeLuca and Karen Rich (collectively, the

"Defendants").  I make this Declaration in support of Defendants' motion [Docket No. 67] (the

"Motion")[1] for an extension of time to serve the Expert Report of Bill Feingold, a true and

correct copy of which is annexed as Exhibit A to the Motion (the "Feingold Report").

**Defendants' Diligent Efforts to Timely Serve a Rebuttal Report**

2.      I first received access to the Dubinsky Report, as well as two putative expert

reports of Matthew Greenblatt and one of Lisa Collura (collectively, with the Dubinsky Report,

the "Expert Reports"), from the Trustee via email on November 17, 2016,[2] and began reviewing

those Expert Reports within a few days of receiving access.  After a review of the Greenblatt and

Collura reports, I determined that these reports did not contain expert testimony, but rather

constitute summary fact testimony under Fed.R.Evid. 1006.  With respect to the Dubinsky

Report, however, which is 169 pages with 966 pages of exhibits, I determined that a rebuttal

expert would be appropriate.  The then deadline to serve rebuttal expert disclosures was

December 16, 2016.

3.      The Dubinsky Report appears to be based, in large part, on the Dubinsky report

which was used by the Government at the criminal trial of various former Madoff employees in

2013 (the "Bonventre Trial").  Because I was not involved in the criminal trial, I had never

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] On November 16, 2016, Trustee's counsel emailed a link to an FTP site purportedly containing the Expert Reports, but the password to access that site was not sent until the following morning.

reviewed the report Mr. Dubinsky prepared for the Bonventre Trial.   Mr. Dubinsky testified at

that trial that his firm's analysis took "an enormous amount of time and effort to put together"

and agreed that such analysis required "[m]ultiple kinds of expertise."[3]  He further testified that

his firm had received approximately $30 million in compensation for services rendered based

upon the number of hours devoted to preparing the report.[4]  Mr. Dubinsky's trial testimony and

other pleadings from the Bonventre Trial are available on the public docket of the United States

District Court for the Southern District of New York.

4.      Immediately upon reviewing the Dubinsky Report, I initiated the search for a

potential rebuttal expert.  The Dubinsky Report is voluminous and contains proposed testimony

on a number of important issues relevant in many Madoff-related cases.  Given the Defendants'

limited financial means, I contacted defense counsel in other cases brought by the Trustee to try

to coordinate the submission of an expert report with other defense counsel.  However, the

deadlines in other cases were different and other defense counsel had not yet prepared expert

reports because they were waiting for the completion of Mr. Madoff's deposition.  I also

discussed the Dubinsky Report and potential rebuttal witnesses with colleagues at Hunton &

Williams LLP, including with Peter S. Partee, Sr., Esq., head of the Bankruptcy, Restructuring

and Creditors' Rights group for the firm's New York office.  And, given the Defendants' limited

means, I had to determine appropriate compensation arrangements for any expert the Defendants

would retain.

5.      After I identified an appropriate rebuttal expert, it became clear that it would be

impossible for him to complete his analysis and prepare a rebuttal expert report by Defendants'

---

[3] *See United States v. Bonventre, et al.* Case No. 10-cr-00228 LTS, Oct. 30, 2013 Trial Transcript filed 4/3/14 [DN 824] at 1579:20 – 1580:2.

[4] *See United States v. Bonventre, et al.* Case No. 10-cr-00228 LTS, Oct. 30, 2013 Trial Transcript filed 4/3/14 [DN 824] at 1581:1-2.

December 14 deadline.   With the need for additional time, on December 14, 2016, I emailed a request for an extension of the December 16 deadline to Max Shifrin, Esq. of BakerHostetler, the Trustee's law firm.   In that email I explained that Defendants still were in the process of coordinating retention of a rebuttal expert with other defense counsel.   A true and correct copy of the December 14 email is attached hereto as **Exhibit 1**.

6.      Trustee's counsel did not respond to my December 14 email on or before the December 16 deadline.[5]   Accordingly, on December 16, 2016, in accordance with this Court's procedures, Defendants filed a letter request [Docket No. 61] for a conference regarding the proposed extension.   On December 29, 2016, the Court held a chambers conference on Defendants' extension request, and granted an extension to February 2, 2017.[6]

7.      The transcript of the first day of Mr. Madoff's deposition on December 20, 2016 was first made available to me on January 3, 2017.  I immediately reviewed the transcript and determined that the first priority was to obtain a rebuttal expert report focused on the portion of the Dubinsky Report that concerned convertible bond trades at BLMIS.  I inquired with several colleagues at Hunton & Williams LLP regarding potential experts on convertible bond trading in the 1980s.  I also inquired with a bond trader at a major banking and financial services firm, who then reached out to several of his business contacts in search for a potential expert.  However, it was not until the end of January that I identified Mr. Bill Feingold as an appropriate rebuttal expert.

---

[5] The Trustee makes much of the fact that Defendants "wait[ed] until the very last day to submit such requests."  Trustee Br. at p. 6.  Of course, Trustee's counsel fails to disclose that a last day filing was necessitated by Trustee's counsel's failure to respond to prior extension requests.

[6] Defendants had requested an extension until the conclusion of the deposition of Mr. Madoff.  The Court declined to grant such an extension, but allowed Defendants an additional thirty days from the date the first Madoff deposition transcript was received, resulting in an extension through February 2, 2017.

8.      After having a preliminary conversation with Mr. Feingold, on February 1, 2017, I requested a further 30-day extension of the rebuttal expert deadline via email to Mr. Shifrin. On February 2, 2017, Trustee's counsel responded by denying the request, and Defendants filed a letter with the Court requesting a conference on the requested extension [Docket No. 64].

9.      A conference originally was scheduled for on or about February 16, 2017 (a date on which I had a conflict), but was moved up to February 7 at my request.  At the February 7 conference, the Court declined to grant an extension but allowed Defendants to file the Motion.

10.     I obtained a signed engagement letter from Mr. Feingold on February 3, 2017.  I urged Mr. Feingold to review the Dubinsky Report and prepare an expert rebuttal report, to the extent appropriate, as quickly as possible given that we were already a day past the February 2 deadline.  The Feingold Report was completed late on February 13, 2017.  I served the Feingold Report on Trustee's counsel the next day.

11.     Given that Mr. Dubinsky had been retained by the Trustee in June of 2011 and did not issue his expert report until August 2013 (26 months later), I feel it is extraordinary that Mr. Feingold was able to produce a report within ten days of his retention.  The 12-day delay in serving the report has resulted in absolutely no prejudice to the Trustee.  This adversary proceeding was filed in December 2010; the most important discovery in the case was not begun until December 20, 2016 when Mr. Madoff was deposed by defense counsel in some of the clawback cases, pursuant to this Court's order.  Mr. Madoff's deposition, pursuant to this Court's order, will not be completed for several more months.

12.     Annexed as Exhibit B to the Motion is a true and correct copy of the Dubinsky Report.

13.     Annexed as Exhibit C to the Motion is a true and correct copy of the February 7, 2017 hearing transcript from this proceeding as received from the transcriber.

14.     Annexed as Exhibit G to the Motion is a true and correct copy of the Greenblatt Report.

15.     Annexed as Exhibit H to the Motion is a true and correct copy of an email from Mr. Shifrin (BakerHostetler) to me dated February 2, 2017.  In that same email chain is a true and correct email from Mr. Shifrin to me, dated January 3, 2017, stating that Mr. Shifrin will send potential dates for depositions of Ms. Collura and Mr. Greenblatt, the Trustee's witnesses. No such dates have been received as of the date hereof.

16.     Nothing herein constitutes a waiver or modification of the attorney-client privilege, joint defense privilege, work product doctrine, or any other privilege, with respect to the documents and communications referenced in this Declaration, all of which privileges are hereby expressly reserved in their entirety.

17.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
      April 12, 2017                           _____*/s/ Robert A. Rich*_____
                                      Robert A. Rich