UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                     Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                     Plaintiff,<br><br>      v.<br><br>ALVIN J. DELARE, JR., *et al.*,<br><br>                     Defendants. | Adv. Pro. No. 09-1305 (SMB) |

# FOURTH AMENDED CASE MANAGEMENT PLAN

Due to the voluminous nature of discovery at issue in this case, the Plaintiff and Defendants hereby amend this Case Management Plan for the sole purpose of extending the Discovery Cut-off Date contained in Section 3(h) to February 2, 2018.[1]

Plaintiff and Defendants (collectively, the "Parties") hereby submit the following Proposed Case Management Plan, pursuant to Fed. R. Civ. P. 16 and 26, as incorporated into Bank. R. 7016 and 7026:

1. Status of Pleadings.

    a. The following defendants answered the complaint: Morton Kurzrok, Gloria Kurzrok, Jonathan Greenberg, Linda McCurdy, Rosalie Buccellato, The Janet Jaffin Revocable Trust, Edward H Kohlschreiber, Edward H Kohlschreiber Sr. Rev. Mgt. Trust and Elizabeth M. Moody.

    b. The following defendants have moved to withdraw the reference: Cohmad Securities Corporation, Maurice J. Cohn, Marcia B. Cohn and Robert Jaffe. The Trustee's opposition to these motions was to be filed and served on or before **September 18, 2009**, and reply papers, if any were to be filed and served on **October 9, 2009**. Oral argument had not been scheduled. These defendants also have filed a motion to dismiss the complaint and have agreed to the briefing schedule in Paragraph (c) below. The hearing on that motion was stayed pending resolution of the motion to withdraw the reference.

---

[1] Section 8 (Parties and Counsel) was also updated to reflect the most current information.

    c.    The following defendants have moved to dismiss Counts One, Three Four, Five, Six, Seven, Eight, Ten, and Eleven: Milton S. Cohn and Marilyn Cohn. The Trustee's opposition to these motions was to be filed and served on or before **October 8, 2009**, and reply papers, if any were to be filed and served on **November 2, 2009**. These motions were to be heard on **November 17, 2009**.

    d.    The following defendants have moved to dismiss the complaint in its entirety for failure to state a claim: Richard Spring, The Spring Family Trust, Jeanne T. Spring Trust, Jane Delaire, Cyril Jalon, Alvin Delaire, Jr., Carole Delaire and The Estate of Elena Jalon, Stanley Berman, Joyce Berman, and S & J Partnership. The Trustee's opposition to these motions was to be filed and served on or before **October 8, 2009**, and reply papers, if any were to be filed and served on **November 2, 2009**. These motions were to be heard on **November 17, 2009**.

    e.    The following defendants have moved to dismiss the complaint for lack of personal jurisdiction: The Joint Tenancy of Phyllis Guenzburger and Fabian Guenzburger, The Joint Tenancy of Robert Pinchou and Fabian Guenzburger. The Trustee's opposition to these motions was to be filed and served on or before **September 17, 2009**, and reply papers, if any were to be filed and served on **October 7, 2009**. These motions were to be heard on **October 22, 2009**.

2

2. <u>Amendment of Pleadings and Joinder of Parties</u>.

The Trustee suggested that in response to certain motions above, it would amend its Complaint, and was to serve the same by **October 8, 2009**. Any other amendment of the pleadings shall be made pursuant to Bankruptcy Rule 7015.

3. <u>Discovery Plan</u>.

    a. <u>Initial Disclosures</u>. The parties do not propose any changes in the form, or requirements for disclosures under Rule 26(a). The parties agreed that they were to serve initial disclosures within **fifteen (15) days** after they had answered the amended complaint or by **December 5, 2009**, whichever was later. The Trustee was to serve initial disclosures at the same time.

    b. <u>Subjects on Which Discovery May Be Needed.</u> The parties contemplate that discovery will be needed on all liability and damages issues, and that fact and expert discovery will be needed.

    c. <u>Document Demands</u>. Requests for documents may be served as required, until **sixty (60) days** prior to the Discovery Cut-Off date in paragraph **3(h)** below.

    d. <u>Interrogatories</u>. Interrogatories pursuant to Local Rule 7033-1(a) for identification purposes, if any, were to be served by **April 1, 2016**. Contention based interrogatories pursuant to Local Rule 7033-1(b), if any, may not be served before **one hundred fifty (150) days** prior to the Discovery Cut-Off date in paragraph **3(h)** below and may not be served later than **forty-five (45)** days prior to the Discovery Cut-Off date in paragraph **3(h)** below.

3

    e.    <u>Requests to Admit</u>.  Requests to Admit, if any, must be served by **thirty (30) days** subsequent to the Discovery Cut-Off date in paragraph **3(h)** below.

    f.    <u>Experts</u>.  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **forty five (45) days** subsequent to the Discovery Cut-Off date in paragraph **3(h)** below.  Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) within **seventy-five (75) days** subsequent to the Discovery Cut-Off date in paragraph **3(h)** below.  No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence.  All experts may be deposed, but such depositions must occur within **one hundred five (105) days** subsequent to the Discovery Cut-Off date in paragraph **3(h)** below.  The foregoing restriction shall not include amendments to expert reports in light of new evidence as required by Fed. R. Civ. P. 26.

    g.    <u>Depositions</u>.  All depositions (excluding any expert depositions) must be completed by the Discovery Cut-Off date in paragraph **3(h)** below.  Depositions shall proceed concurrently, with no party having priority, and

4

no deposition shall extend beyond one business day unless all parties and the deponent agree to a longer period of time or upon prior leave of the Court.

h. Discovery Cut-Off. All discovery is to be completed **by February 2, 2018**. Interim deadlines above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of good cause. Discovery demands may be served on any party only after issue is joined as to that party.

i. Limitations On Discovery Imposed Under The Federal and/or Local Rules. Consistent with the Federal Rules of Civil Procedure and this Court's Local Rules, the parties agree to the following limits on discovery: (i) Interrogatories: **twenty-five (25) per side**; (ii) Requests for Production of Documents: **unlimited**; (iii) Requests for Admissions: **unlimited**; (iv) Depositions: **unlimited**.

4. Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action. The parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

5. Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled And Whether The Parties Will Stipulate To The Trial Judge Acting

<blockquote>As Settlement Judge. The parties have engaged in some discussions, but do not believe that a global effort will be productive at this time.</blockquote>

6. <u>Any Other Matter That May Add To The Just And Expeditious Disposition Of This Matter</u>. The parties do not presently raise any other matters that may add to the just and expeditious disposition of this matter.

7. <u>Trial</u>. The parties estimate that trial will require 5-7 court days.

8. <u>Parties and Counsel</u>. The following parties join in this Case Management Plan, through their counsel, if applicable:

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Kathryn M. Zunno
Email: kzunno@bakerlaw.com
Esterina Giuliani
Email: egiuliani@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

6

**Drohan Lee LLP**
575 Madison Avenue
23rd Floor
New York, New York 10022
Telephone: (212) 710-0000/0004
Facsimile: (212) 710-0003
Vivian R. Drohan
Email: vdrohan@dlkny.com
Terence Schroeder
Email: tschroeder@dlkny.com

*Attorneys for Defendants The Estate of Stanley Merwin Berman a/k/a Stanley M. Berman, Joyce Berman individually and in her capacity as Executor of the Estate of Stanley Merwin Berman a/k/a Stanley M. Berman, S & J Partnership*


**Fox Rothschild LLP**
100 Park Avenue, Suite 1500
New York, New York 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
Ernest E. Badway
Email: EBadway@foxrothschild.com
Maura L. Burke
Email: mburke@foxrothschild.com

*Attorneys for Defendant Jonathan Greenberg*

**Westerman Ball Ederer Miller & Sharfstein LLP**
1201 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 622-9200
Facsimile: (516) 622-9212
Jeffrey A. Miller
Email: jmiller@westermanllp.com
Richard Gabriele
Email: rgabriele@westermanllp.com

*Attorneys for Defendant Morton Kurzrok*

**Jaspan Schlesinger LLP**
300 Garden City Plaza, 5th Floor
Garden City, NY 11530
Telephone: (516) 746-8000
Shannon A. Scott
Email: sscott@jaspanllp.com
Steven R. Schlesinger
Email: sschlesinger@jaspanllp.com
Jeffrey H. Schwartz
Email: jschwartz@jaspanllp.com

*Attorneys for Lois Levine, as Co-Executor of the Estate of Janet Jaffin, Matthew Greenberg, as Co-Executor of the Estate of Janet Jaffin, Milton Cooper in his capacity as Trustee of the Janet Jaffin Dispositive Trust and as Co-Executor of the Estate of Janet Jaffin, Estate of Janet Jaffin*

**Law Office of Mark A. Blount, LLC**
444 East Main Street
2nd Floor
Chester, New Jersey 07930
Telephone: (908) 879-8225
Facsimile: (908) 879-8235
Mark A. Blount
Email: mblount@blountlawoffice.com

*Attorney for Defendants Alvin J. Delaire, Jr. and Carole Delaire*


**Katsky Korins LLP**
605 Third Avenue
New York, New York 10158-0038
Telephone: (212) 953-6000
Facsimile: (212) 953-6899
David L. Katsky
Email: dkatsky@katskykorins.com
Robert A. Abrams
Email: rabrams@katskykorins.com
Steve Newman
Email: snewman@katskykorins.com

*Attorneys for Defendants Richard Spring, The Spring Family Trust and Jeanne T. Spring Trust*

8

**McLaughlin & Stern, LLP**
260 Madison Avenue, 18th Floor
New York, NY 10016
Telephone: (212) 448-1100
Facsimile: (212) 448-0066
Bruce A. Langer
Email: blanger@mclaughlinstern.com
David W. Sas
Email: dsass@mclaughlinstern.com

*Attorneys for Defendant Linda Schoenheimer McCurdy*

Jane M. Delaire A/K/A Jane Delaire Hackett
Email: j.delaire@yahoo.com

*Appearing Pro Se*

**So Ordered This 18th Day of April, 2017**

                                                   /s/Stuart M Bernstein_____
                                             HONORABLE STUART M. BERNSTEIN
                                             UNITED STATES BANKRUPTCY JUDGE