UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>    -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>    -against-<br><br>TRUST U/ART FOURTH O/W/O ISRAEL WILENITZ, et al.,<br><br>      Defendants. | Adv. Pro. No. 10-04995 (SMB) |

### DISCOVERY ARBITRATOR'S ORDER NO. 3

    By email dated January 31, 2017, Helen Chaitman, Esq., of Chaitman LLP, who serves as counsel for the defendants in more than ninety adversary proceedings ("Defendants"), requested a conference to discuss perceived deficiencies in the Trustee's amended responses to four of the Defendants' discovery requests in the Wilenitz proceeding. The Trustee's counsel, in turn, responded to those objections by email dated

February 10, 2017. From these emails, it appears that there is some disagreement regarding the extent to which my rulings in the Wilenitz proceeding apply to the other matters in which Chaitman LLP represents the Defendants. My own view is that my rulings regarding the Defendants' motion to compel in Wilenitz (of which these latest objections are a part) apply generally to all of the Madoff-related adversary proceedings in which Chaitman LLP serves as defense counsel. I further do not believe that a conference is necessary to resolve the Defendants' objections. Accordingly, I have set forth my rulings below.

Discovery Request No. 2 seeks a list of "every single factual error" that the Trustee has identified in "Madoff's and BLMIS'[s] books and records." Discovery Request No. 3 similarly seeks a list of "every single factual error asserted by any Madoff or BLMIS customer in their statements," as well as the production of "all documents relating to such error[s]."

During a hearing on December 13, 2016, I narrowed the scope of Discovery Request No. 2 to errors in the account records of Ms. Chaitman's clients of which the Trustee was aware. The Trustee's counsel responded that the Trustee was unaware of any such errors. (See 12/13/16 Tr. ("Tr.") at 175-78; ECF No. 76 ("Order") ¶ 5). The Trustee confirmed this response in his Amended Responses and Objections to the Defendants' First Set of Discovery Requests, stating that, as of the date of his response, he was "not aware of any errors in BLMIS's books and records with respect to any of the Defendants' accounts relating to the cash activity or the calculation of net equity in such accounts." (Am. Responses ("Resps.") at 9). The Trustee also incorporated that language into his Amended Response to Discovery Request No. 3. (Id.).

In her email, Ms. Chaitman objects that Document Request No. 2 sought every factual error, not just errors relating to the Defendants' cash activity or BLMIS's calculation of net equity. However, the fact that a name may have been misspelled or that a zip code may be incorrect – even if established – would not be relevant to any of the issues in Wilenitz or the other Chaitman adversary proceedings. The Trustee's response, which addresses the relevant aspects of the BLMIS books and records, therefore is adequate.

With respect to Discovery Request No. 3, Ms. Chaitman says that she does "not understand how the Trustee could maintain []his response," since her firm is "aware of customers who have complained of errors in their accounts. Although that may be so, the Trustee is not required to accept that any of these customers' factual assertions are correct. Nor is the Trustee required to compile data for the Defendants that their counsel

2

is equally able to amass. In any event, the Trustee has represented that he is aware of no errors relating to the cash activity in the Defendants' accounts or BLMIS's calculation of their net equity. (Id.). At a later stage of these proceedings, the Defendants will have an opportunity to challenge the Trustee's assertion. In the interim, absent a showing of bad faith, the Trustee is not required to adopt the Defendants' position concerning this factual issue.[*]

Turning to Discovery Request No. 11, the Defendants seek "all facts" supporting the Trustee's position that "Madoff did not purchase securities for his investment advisory customers," and the documents upon which he bases that position. Ms. Chaitman objects that the Trustee has responded to this request simply by referring to "an analysis of BLMIS's books and records," characterizing this response as "meaningless." (See 1/31/17 email (citing Resps. at 17)). During and after the December 13 hearing, however, I indicated that the Trustee could respond to this request by referencing the report of his expert, David Dubinsky, dated August 23, 2013, and the documents upon which the expert relied. (See Order ¶ 9; Tr. at 205-09). In his Amended Responses, the Trustee complied with that suggestion. (See Resps. at 17). Accordingly, no further supplementation is necessary.

Finally, Discovery Request No. 15 asks the Trustee to explain how he intends to establish that "Madoff" (presumably meaning BLMIS) was "insolvent" throughout the period from 1960 through 2000, and to produce all documents supporting that allegation. Ms. Chaitman complains that the Trustee has not stated any facts or identified any documents in response to this request. (See 11/31/17 email). Here again, I specifically ruled that the Trustee could respond by referring to the "Dubinsky report and the documents upon which it relies." (Order ¶ 12). The Dubinsky report provides a detailed explanation of the bases for Mr. Dubinsky's conclusion that BLMIS was insolvent from at least December 11, 2002, and probably as far back as 1983. (See

---

[*]    If Ms. Chaitman has a basis for claiming that the Trustee knowingly has made a materially false statement in his response to Discovery Request No. 3, as that request has been limited by my rulings, she may seek leave to move for sanctions under Rule 37(c) of the Federal Rules of Civil Procedure. Any such motion could, of course, itself be a basis for the imposition of sanctions should it prove to be frivolous.

3

Dubinsky Report at 153-69). Accordingly, unless there is additional undisclosed information relating to the pre-1983 period, the Trustee need not further respond to this request.

        SO ORDERED.

Dated:      New York, New York
             April 20, 2017

                                                _____
                                                FRANK MAAS
                                             Discovery Arbitrator

Copies to Counsel via ECF

4