| | |
|---|---|
| **Baker & Hostetler LLP** | Hearing Date: May 31, 2017 |
| 45 Rockefeller Plaza | Hearing Time: 10:00 a.m. (EST) |
| New York, New York 10111 | Objections Due: May 15, 2017 |
| Telephone: (212) 589-4200 | Objection Time: 4:00 p.m. (EST) |
| Facsimile: (212) 589-4201 | |
| David J. Sheehan | |
| Jorian L. Rose | |
| Amy E. Vanderwal | |
| Jason I. Blanchard | |

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S EIGHTH OMNIBUS MOTION TO OVERRULE OBJECTIONS OF CLAIMANTS WHO INVESTED MORE THAN THEY WITHDREW**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by this combined motion and memorandum of law (the "Motion"), asks this Court to overrule the eight (8) objections ("Objections") filed by or on

behalf of claimants ("Claimants") that withdrew less money from BLMIS than they deposited and are thus, in the parlance of this case, net losers, and affirm the Trustee's claims determination. The claims ("Claims") and Objections at issue in this Motion are listed on Exhibit A to Vineet Sehgal's Declaration in support of the Motion, in alphabetical order, and on Exhibit B to Vineet Sehgal's Declaration in support of the Motion, by BLMIS account number in alphanumeric order.

## PRELIMINARY STATEMENT

The Trustee, with the assistance of his professionals, has reviewed the Objections and submits that they should be denied. In each Objection, the Claimant raises arguments that have been previously decided by the courts in the Trustee's favor.

Specifically, the Claimants dispute the Trustee's methodology for calculating the Claims and assert that: (i) the Trustee's determination of net equity based on cash in/cash out (the "Net Investment Method") was improper; and (ii) the adjustments to net equity should be made to account for the length of time customers were invested with BLMIS (the "Time-Based Damages Adjustment") (the Net Investment Method and the Time-Based Damages Adjustment are collectively referred to as the "Net Equity Arguments").

The courts have agreed with the Trustee's determination relating to the Net Investment Method[1] and the Time-Based Damages Adjustment,[2] and the United States Supreme Court has declined to address these issues.[3] Thus, the Net Equity Arguments have been finally decided and Claimants are not entitled to any adjustment to their net equity claim on these grounds.

---

[1] *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011).
[2] *In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d 74 (2d Cir. 2015).
[3] The Supreme Court denied claimants' petitions for writ of certiorari. *Velvel v. Picard*, 133 S. Ct. 25 (2012) (affirming Net Investment method); *Ryan v. Picard*, 133 S. Ct. 24 (2012) (same); *Peshkin v. Picard*, 136 S. Ct. 218 (2015) (rejecting Time-Based Damages Adjustment).

Moreover, more recently, this Court granted the Trustee's *Sixth Omnibus Motion to Overrule Objections of Claimants Who Invested More Than They Withdrew* (*See* ECF No. 12517) and *Seventh Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (*See* ECF No. 12518); the Court approved the Trustee's determination on the claims at issue in those motions on the same grounds that are asserted by the Trustee in this Motion.

Since his appointment, the Trustee has continued to investigate and evaluate creditor claims and to bring actions to avoid and recover BLMIS customer property with the assistance of his professionals. In reviewing customer claims against BLMIS and any related objections, the Trustee and his professionals, evaluate, among other things, whether the claims are ripe for final adjudication and whether there are pending avoidance actions related thereto.  Here, the Trustee respectfully submits that these Claims are ripe for final adjudication and that there are no pending avoidance action related thereto. Accordingly, the Trustee has included within the scope of the Motion, the Objections that raise challenges to the Net Investment Method and seek a Time-Based Damages Adjustment. The Trustee has excluded any claim that raised objections based on: (i) the Trustee's calculation of inter-account transfers; (ii) profit withdrawal transactions; and (iii) fact-specific arguments relating to a customer.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to §§ 78eee(b)(2) and 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., ("SIPA"),[4] and 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[4] Subsequent references to SIPA shall omit "15 U.S.C."

## BACKGROUND

The basic facts of the BLMIS fraud are widely known and have been recounted in numerous decisions. *See, e.g., In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 231 (2d Cir. 2011); *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 393–94 (S.D.N.Y. 2010). On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against Madoff and BLMIS, captioned *SEC v. Madoff*, No. 1:08-cv-10791-LLS, 2008 WL 5197070 (S.D.N.Y. filed Dec. 11, 2008), alleging fraud through the investment advisor activities of BLMIS. The SEC consented to the consolidation of its case with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, SIPC filed an application under SIPA § 78eee(a)(4) alleging that because of its insolvency, BLMIS needed SIPA protection. The District Court appointed the Trustee under SIPA § 78eee(b)(3) and removed the proceeding to this Court under SIPA § 78eee(b)(4).

Under SIPA, the Trustee is responsible, among other things, for recovering and distributing customer property to a broker's customers, assessing claims, and liquidating other assets of the firm for the benefit of the estate and its creditors. A SIPA trustee has the general powers of a bankruptcy trustee, in addition to the powers granted by SIPA. SIPA § 78fff-1(a). The statutory framework for the satisfaction of customer claims in a SIPA liquidation proceeding provides that "customers," as defined in SIPA § 78*lll*(2), share pro rata in "customer property," defined in SIPA § 78*lll*(4), to the extent of their "net equity," defined in SIPA § 78*lll*(11).

For each customer with a valid net equity claim, if the customer's share of customer property does not make her whole, SIPC advances funds to the SIPA trustee up to the amount of the customer's net equity, not to exceed $500,000 (the amount applicable to this case). SIPA § 78fff-3(a). It is the customer's burden to demonstrate he or she is entitled to customer status. *In*

*re Bernard L. Madoff Inv. Sec. LLC*, 2017 Bankr. LEXIS 993, at *8 (Bankr. S.D.N.Y. Apr. 7, 2017) (citing to *Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*, 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002) ("[I]t is well-established in the Second Circuit that a claimant bears the burden of proving that he or she is a 'customer' under SIPA.")).

On December 23, 2008, this Court entered a Claims Procedures Order. (*See* ECF No. 12). Pursuant to that order, the Trustee determines claims eligible for customer protection under SIPA, claimants may object to the Trustee's determination of a claim by filing an objection in this Court, and the Trustee requests a hearing date for the objection and notifies the objecting claimant thereof. *Id.*

## THE NET INVESTMENT METHOD

Pursuant to SIPA § 78*lll*(11) , the term "net equity" means the:

> dollar amount of the account or accounts of a customer, to be determined by – (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date.

Furthermore, SIPA § 78fff-2(b) provides that the Trustee should make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee."

On this basis, the Trustee determined that net equity claims should be calculated according to the Net Investment Method: based upon the monies that customers deposited into their BLMIS accounts, minus any amounts they withdrew from their BLMIS accounts. Some claimants argued that the Trustee was required to calculate net equity using the amounts shown on the November 30, 2008 customer statements (the "Last Customer Statement Method").

The Last Customer Statement Method was rejected and the Trustee's use of the Net

5

Investment Method was upheld by this Court. *In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122, 134-35 (Bankr. S.D.N.Y. 2010) *aff'd*, 654 F.3d 229 (2d Cir. 2011). The Bankruptcy Court certified an immediate appeal of its decision pursuant to 28 U.S.C. § 158(d)(2), which the United States Court of Appeals for the Second Circuit granted. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 234 (2d Cir. 2011). The Bankruptcy Court's decision was affirmed by the Second Circuit. *Id.* at 235-36. On June 25, 2012, the United States Supreme Court denied certiorari, and thus a final order has issued upholding the Trustee's use of the Net Investment Method. *Velvel v. Picard*, 133 S. Ct. 25 (2012); *Ryan v. Picard*, 133 S. Ct. 24 (2012).

## TIME-BASED DAMAGES ADJUSTMENT

Certain Claimants also filed Objections seeking to adjust the Trustee's net equity calculation to allow credit for time-based damages. To address these Objections, following the United States Supreme Court decision denying certiorari on the Net Investment Method, the Trustee filed a motion seeking to affirm his determination that a Time-Based Damages Adjustment is inconsistent with SIPA and therefore time-based damages cannot be awarded. (ECF No. 5038). In response, claimants raised numerous theories, all of which sought some increase in their customer claims based upon the amount of time they had invested with BLMIS. Most commonly, they sought an increase in their claims based on the time they had invested with BLMIS using the New York prejudgment rate of 9% per annum, lost opportunity cost damages, or the consumer price index to take inflation into account.

The Bankruptcy Court upheld the Trustee's determination that no Time-Based Damages Adjustment could be made under SIPA and ruled that, as a matter of law, SIPA does not permit the addition of time-based damages to net equity. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 744, 754 (Bankr. S.D.N.Y. 2013).

The Bankruptcy Court certified an immediate appeal of its decision pursuant to 28 U.S.C. § 158(d)(2), which the Second Circuit granted. *In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d 74, 78-79 (2d Cir. 2015). The Second Circuit affirmed the Bankruptcy Court's decision, holding that SIPA did not permit a Time-Based Damages Adjustment to "net equity" claims for customer property and that such an adjustment would have gone beyond the scope of SIPA's intended protections and was inconsistent with SIPA's statutory framework. *Id.*

On October 5, 2015, the United States Supreme Court denied certiorari, and thus a final order has been issued, upholding the Trustee's rejection of a Time-Based Damages Adjustment. *Peshkin v. Picard*, 136 S. Ct. 218 (2015).

## RELIEF REQUESTED

By this Motion, the Trustee seeks to have the Court affirm the Trustee's determination of the Claims in accordance with the Net Investment Method and without a Time-Based Damages Adjustment. Claimants are identified on Exhibit A (by Claimant name) and Exhibit B (by BLMIS account number) to the Sehgal Declaration under the heading "*Claims and Objections to be Finally Determined and Overruled*".

Upon review of the accounts underlying the Claims, the Trustee allowed the Claimants' claims up to the value of their net equity, in accordance with the Net Investment Method and without a Time-Based Damages Adjustment, under SIPA § 78*lll*(11). The Trustee, with the assistance of his professionals, reviewed each of the Objections to determine the basis for disputing the Trustee's determination. Each Objection challenged the Net Investment Method or sought a Time-Based Damages Adjustment. Because these issues have now been finally determined by the Courts in the Trustee's favor, there is no remaining basis on which to object. Moreover, in granting the Trustee's *Sixth Omnibus Motion to Overrule Objections of Claimants*

*Who Invested More Than They Withdrew* (*See* ECF No. 12517) and the *Seventh Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (*See* ECF No. 12518) the Court had previously affirmed the Trustee's application of the Net Investment Method and rejection of a Time-Based Damages Adjustment to certain claims on the same grounds asserted by the Trustee in this Motion. Based on the foregoing, the Trustee's determination of the Claims should be affirmed and the Objections should be overruled.

## **NOTICE**

Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all Claimants listed on Exhibit A to the Sehgal Declaration attached hereto (and their counsel) whose objections are pending before this Court; (ii) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (iii) all parties that have filed a notice of appearance in this case; (iv) the SEC; (v) the IRS; (vi) the United States Attorney for the Southern District of New York; and (vii) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required. In addition, the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

8

Dated: New York, New York
April 26, 2017

Respectfully submitted,

*/s/ David J. Sheehan*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Jason I. Blanchard
Email: jblanchard@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*