

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166-0005

TEL    212 • 309 • 1000
FAX   212 • 309 • 1100


ROBERT A. RICH
DIRECT DIAL: 212-309-1132
EMAIL:  rrich2@hunton.com

FILE NO:  99997.32244

May 2, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Edward A. Zraick Jr., et al.*, Adv. Pro. No. 10-05257 (SMB)

Dear Judge Bernstein:

This firm is counsel to Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, the "Defendants") in connection with the above-referenced adversary proceeding commenced by Irving H. Picard, as Trustee (the "Trustee"). We write in support of Defendants' motion (the "Motion")[1] for a twelve-day extension of time to serve the Expert Report of Bill Feingold (the "Feingold Report"), and to address the Trustee's unauthorized letter filed April 24, 2017 (the "April 24 Letter").

As a preliminary matter, the Trustee has not obtained leave to file his April 24 Letter, which comprises a five-page sur-reply to the Motion. Defendants therefore object to its consideration. *See In re WorldCom, Inc.*, No. 04-04338 (AJG), 2007 WL 1989262, at *5 (Bankr. S.D.N.Y. July 9, 2007) (party must file an informal request to chambers before submitting a sur-reply); *see also Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F.Supp. 492, 495 (S.D.N.Y. 1990), *vacated in part on other grounds*, 739 F.Supp. 209 (S.D.N.Y. 1990) (finding a procedural defect where a sur-reply was filed in conjunction with a motion for leave to file such papers). On the other hand, contrary to the Trustee's assertions in the April 24 Letter, nothing in the record that suggests Defendants were prohibited from filing reply papers.

Even if the April 24 Letter is considered, the Trustee's argument that Bankruptcy Rule 9006 may not be used to modify deadlines in the Case Management Order is simply wrong. Bankruptcy Rule 9006(b)(1) by its express terms allows a bankruptcy court to enlarge any time

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.



period specified "by court order." Fed. R. Bankr. P. 9006(b)(1). Accordingly, bankruptcy courts have discretion to extend time periods set forth in a scheduling order pursuant to both Fed.R.Civ.P.16(b)(4), which applies only to scheduling orders, and Bankruptcy Rule 9006(b)(1). *See Burtch v. Masiz (In re Vaso Active Pharms., Inc.)*, 500 B.R. 384, 400 n. 107 (Bankr. D. Del. 2013) (citing both Fed.R.Civ.P. 16 and Bankruptcy Rule 9006 as authority for a bankruptcy court to modify a scheduling order).

In any event, the distinction is a red herring because substantially the same standard applies whether the court is considering modification of a scheduling order under Fed.R.Civ.P. 16(c)(4) or modification of any deadline that falls within the parameters of Bankruptcy Rule 9006. Just as in the cases cited by Defendants under Bankruptcy Rule 9006, extensions under Fed.R.Civ.P. 16(b)(4) are routinely granted where there is no prejudice to the opposing party. *See, e.g.*, *Soroof Trading Dev. Cp., Ltd. v. GE Microgen, Inc.*, No. 10 Civ. 1391(LGS)(JFC),2014 WL 1378115, at *8-9 (S.D.N.Y. Apr. 8, 2014) ("In light of all of the circumstances here, particularly the fact that, while the defendants will suffer no prejudice from allowing the amendment, disallowing it could result in forfeiture of the plaintiff's claims, there is good cause to modify the scheduling order to allow this amendment."); *Lehman v. Garfinkle*, No. 08 Civ. 9385(SHS)(DF), 2013 WL 857739, at *4-6 (S.D.N.Y. Mar. 7, 2013) (modifying a scheduling order to allow for the amendment of a complaint, in part, because the defendant "would suffer no prejudice from [the plaintiff's] alternative pleading of [a malpractice] claim."); *Digital Encoding Factory, LLC v. Iron Mountain Info. Mgmt., Inc.*, Civ. A. No. 06–1449, 2008 WL 3838014, at *2 (W.D. Pa. Aug. 13, 2008) (allowing amendment under Rule 16 where "[p]laintiff's have not acted unreasonably, and the prior mis-identification of the EDA Plaintiff has not caused any undue or unfair (if indeed any) delay in the identification of claims/issues or in the progress of discovery."). The Trustee has failed to allege any prejudice other than "having" to file his unauthorized April 24 Letter and attend hearings on the Motion.

Turning to Defendants' diligence and as explained in the declaration of the undersigned, Defendants immediately reviewed the Dubinsky Report after being served with such report on November 17, 2016, and shortly thereafter began working with other defense counsel who had already retained a consultant for purposes of reviewing the Dubinsky Report. Mr. Dubinsky's analysis, in his words, took "an enormous amount of time and effort to put together" and required "multiple kinds of expertise," for which his firm received $30 million in compensation.[2] After it became clear that the identified consultant would need substantially more than thirty days to complete his analysis, Defendants requested until the end of the Madoff deposition to serve a rebuttal report, given that Mr. Madoff's testimony regarding BLMIS activities would be helpful in reducing the time otherwise required to complete an appropriate analysis of the Dubinsky Report. After the first day of Mr. Madoff's deposition, and particularly after receiving the transcript of that deposition on January 3, 2017, Defendants determined that, in order to expedite a rebuttal to the most objectionable portions of the Dubinsky Report, they should narrow their focus at this time to the portion of the Dubinsky Report that concerned convertible bond trades, which required that Defendants search beyond the consultant originally identified.

---

[2] *See United States v. Bonventre, et al.*, Case No. 10-cr-00228 LTS, Oct. 30, 2013 Trial Transcript filed 4/3/14 [DN 824] at1579:20 – 1580:2; 1581:1-2.



Honorable Stuart M. Bernstein
May 2, 2017
Page 3

The Trustee argues that Defendants should have been reviewing the Dubinsky Report prior to being served with that report, because the Trustee had served the Dubinsky Report on other defense counsel in separate cases related to the Madoff proceedings. Defendants' counsel has never reviewed the Dubinsky Report prior to its being served on November 17, 2016, nor is there any basis to impute some sort of constructive notice on Defendants' counsel simply because counsel in related cases may have been served with the report.

Trustee's counsel's accusation of my allegedly "inconsistent" representation at the December 29 conference is particularly offensive. As explained at the conference, Defendants had identified a potential rebuttal expert who was reviewing the Dubinsky Report although, given the testimony from Mr. Madoff, Defendants ultimately switched gears and retained Mr. Feingold. The Trustee's false accusations are a blatant attempt to mislead the Court for purposes of extracting information regarding privileged conversations among defense counsel, including the identities of their litigation consultants. The Trustee should not be permitted to use a request for a twelve-day extension to achieve these goals.

Respectfully submitted,

Robert A. Rich

cc: Maximillian S. Shifrin, Esq. (BakerHostetler)
    (via ECF and Electronic Mail)