**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br>    v.<br><br>RADCLIFF INVESTMENTS LIMITED, ROTHSCHILD TRUST GUERNSEY LIMITED, and ROBERT D. SALEM,<br><br>                Defendants. | Adv. Pro. No. 10-04517 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**ROTHSCHILD TRUST GUERNSEY LIMITED'S**
<u>**MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**</u>

Jeff E. Butler
Rijie Ernie Gao
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019

*Attorneys for Defendant*
*Rothschild Trust Guernsey Limited*

Dated: May 1, 2017

**TABLE OF CONTENTS**

Introduction ........................................................................................................................... 1

Background ........................................................................................................................... 1

Argument ............................................................................................................................... 3

   I.   THE FAC FAILS TO ALLEGE THAT RTG IS AN INITIAL TRANSFEREE
       OR THE BENEFICIARY OF AN INITIAL TRANSFER. ................................................. 3

Conclusion ............................................................................................................................. 6

## TABLE OF AUTHORITIES

### Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 3

*Bonded Fin. Servs. v. European Am. Bank*,
  838 F.2d 890 (7th Cir. 1988) ............................................................................................. 6

*Christy v. Alexander & Alexander Inc. (In re Finley, Kumble, Wagner, Heine,*
  *Underberg, Manley, Myerson & Casey)*,
  130 F.3d 52 (2d Cir. 1997) ....................................................................................... 3, 4, 6

*Gowan v. Amaranth LLC (In re Dreier LLP)*,
  452 B.R. 451 (Bankr. S.D.N.Y. 2011) ............................................................................. 5, 6

*In re Brown Publ. Co.*,
  2015 Bankr. LEXIS 667, 2015 WL 1009177 (Bankr. E.D.N.Y. Mar. 4, 2015) ................ 4

*Reily v. Kapila (In re Int'l Mgmt. Assoc.)*,
  399 F.3d 1288 (11th Cir. 2005) ......................................................................................... 6

*Richardson v. United States, IRS (In re Anton Noll, Inc.)*,
  277 B.R. 875 (B.A.P. 1st Cir. 2002) .............................................................................. 3-4

*Rupp v. Markgraff*,
  95 F.3d 936 (10th Cir. 1996) ............................................................................................. 4

*Schechter v. 5841 Bldg. Corp. (In re Hansen)*,
  341 B.R. 638 (Bankr. N.D. Ill. 2006) ................................................................................ 4

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  531 B.R. 439 (Bankr. S.D.N.Y. 2015) ............................................................................... 5

*Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*,
  234 B.R. 293 (Bankr. S.D.N.Y. 1999) ............................................................................ 4-5

*Tese-Milner v. Brune (In re Red Dot Scenic, Inc.)*,
  293 B.R. 116 (S.D.N.Y. 2003) ........................................................................................... 5

**Statutes**

Section 550 of the Bankruptcy Code ....................................................................................... 2, 4, 5

**Rules**

Rule 12 of the Federal Rules of Civil Procedure .............................................................................. 1

Rule 7012 of the Federal Rules of Bankruptcy Procedure ............................................................... 1

Defendant Rothschild Trust Guernsey Limited ("RTG"), by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss the First Amended Complaint (the "FAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable here by Rule 7012 of the Federal Rules of Bankruptcy Procedure. RTG also submits herewith the Declaration of Jeff E. Butler, dated May 1, 2017 (the "Butler Decl."), attaching relevant documents.

## Introduction

The Trustee has consistently alleged that defendant Radcliff Investments Limited ("Radcliff") was the initial transferee of two redemptions from a BLMIS account held in the name of Radcliff. In the FAC, he now alleges that RTG also was an initial transferee with respect to those redemptions. The Trustee cannot have it both ways. RTG and Radcliff are separate and distinct legal entities, and nothing is alleged to justify disregarding the corporate form to recover from RTG payments made to Radcliff. Nor is there any allegation to support treating RTG as a beneficiary of the payments to Radcliff. The only plausible reading of the FAC is that Radcliff was the initial transferee, and RTG was, at most, a facilitator of those transfers. For this reason, the Trustee's claim against RTG should be dismissed.

## Background

Radcliff Investments Ltd. ("Radcliff") is a limited liability company formed under the laws of the Cayman Islands. (Butler Decl. Ex. 2 ¶ 7.) In this action, the Trustee seeks to recover transfers made from a specific BLMIS client account, number 1FR100. (*Id.*) According to the FAC, Radcliff was the account holder of this client account. (*Id.* ¶¶ 7, 35 & Ex. A.) The FAC alleges that Radcliff made a $5 million investment in BLMIS in November 2003, and received two redemptions totaling $7,216,994 from BLMIS in June and September 2007, resulting in a

profit of $2,216,994. (*Id.* Ex. B.) As the account holder, Radcliff is alleged to be the initial transferee of these funds. (*Id.* ¶ 7.)

RTG is a separate legal entity incorporated under the laws of Guernsey. (*Id.* ¶ 8.) The FAC alleges that RTG is a corporate parent of Radcliff. (*Id.* ¶ 7.)[1] It is further alleged that RTG took an active role in managing Radcliff's BLMIS account. According to the FAC, RTG's representatives signed documents related to Radcliff's account, corresponded with BLMIS concerning Radcliff's account and directed BLMIS to send profits to a JPMorgan Chase Bank account in the name of "Rotrust re Radcliff Investments Limited." (*Id.* ¶ 8.)[2] The FAC also alleges that RTG "represented to BLMIS" that RTG owned the funds in Radcliff's account. (*Id.*) Based on these associations with the Radcliff account, the FAC alleges that RTG also is an initial transferee of funds from Radcliff's BLMIS account, or a beneficiary of those transfers, under Section 550(a)(1) of the Bankruptcy Code.

The allegations in the FAC with respect to RTG differ from the allegations made in the original Complaint filed on November 30, 2010. (*See* Butler Decl. Ex. 1.) The original Complaint did not seek to recover from RTG as an initial transferee. Instead, RTG was alleged to be a subsequent transferee of funds initially transferred to Radcliff. (*Id.* ¶¶ 40-41, 84-87.) Along with defendants in other subsequent transferee cases, RTG moved to dismiss the subsequent transferee claim on the ground that any transfer from Radcliff to RTG would have taken place outside of the United States. In its decision on that motion, the Court observed that the Trustee had not alleged any transfer from Radcliff to RTG and dismissed the subsequent transferee claim on that basis. (*See* Butler Decl. Ex. 3 at 83.) The Court declined to rule on

---

[1] This is not accurate but, for purposes of this motion to dismiss, the allegations of the FAC must be treated as true.

[2] Confusingly, the FAC defines this bank account as "the Trust's NY Bank Account" even though there is no allegation that RTG owned this bank account.

whether RTG might be an initial transferee, since "Rothschild Trust's possible status as the initial transferee or the entity for whose benefit the initial transfer was made is beyond the scope of [this] Decision."  (*Id.* at 82.)

## Argument

### I.   THE FAC FAILS TO ALLEGE THAT RTG IS AN INITIAL TRANSFEREE OR THE BENEFICIARY OF AN INITIAL TRANSFER.

The Trustee's remaining claim against RTG should be dismissed because the FAC does not allege that RTG is an initial transferee of payments from BLMIS, or a direct beneficiary of initial transfers made to Radcliff.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a court must draw all reasonable inferences in the plaintiff's favor on a motion to dismiss, when assessing a claim's plausibility, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

The Bankruptcy Code does not define what it means to be an "initial transferee." *Christy v. Alexander & Alexander Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52, 56 (2d Cir. 1997).  But courts agree that to be an initial transferee of the debtor's funds, "one must (1) actually receive the funds, and (2) have full dominion and control over them for one's own account, as opposed to receiving them in trust or as agent for someone else." *Richardson v. United States, IRS (In re Anton Noll, Inc.)*, 277 B.R.

- 3 -

875, 879 (B.A.P. 1st Cir. 2002) (*quoting Rupp v. Markgraff*, 95 F.3d 936, 942 (10th Cir. 1996)); *accord In re Finley*, 130 F.3d at 57 ("[I]t stands to reason that the initial transfer is something other than the passing of mere possession.").

Given the allegations that Radcliff was the account holder of the relevant BLMIS account, it is not plausible to suggest that another entity was the initial transferee of redemptions from that account. The FAC unambiguously alleges that the BLMIS account was held in the name of Radcliff. (*See* Butler Decl. Ex. 2, Exs. A, B.) It stands to reason that BLMIS would have made redemption payments to the account holder Radcliff, not to some other party.[3]

The allegations with respect to RTG do not provide any reason to accept the implausible assertion that RTG was the initial transferee. The allegation that RTG is a corporate parent of Radcliff is irrelevant to establishing RTG as an initial transferee. The FAC concedes that RTG and Radcliff are separate corporate entities, and alleges no basis for disregarding the corporate form here. Moreover, nothing in Section 550(a) allows the corporate form to be ignored. *See In re Brown Publ. Co.*, 2015 Bankr. LEXIS 667, 2015 WL 1009177, at *8 (Bankr. E.D.N.Y. Mar. 4, 2015) (rejecting "a broad view of section 550(a)(1) that would effectively eliminate the purpose and protection of the corporate form"); *Schechter v. 5841 Bldg. Corp. (In re Hansen)*, 341 B.R. 638, 645 (Bankr. N.D. Ill. 2006) ("[n]othing in section 550(a)(1) indicates that corporate form can be thrust aside").

Similarly, the allegations that RTG took an active role in managing Radcliff's BLMIS account are of no moment. Courts have found that actions taken to direct or facilitate a payment on behalf of another do not, without more, make the actor liable under Section 550(a). *See Sec.*

---

[3] The Trustee presumably has access to the wire transfer confirmations and checks that would indicate, without ambiguity, who was the initial transferee of the funds in question. The absence of any allegation concerning the contents of those documents speaks volumes.

- 4 -

*Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 315 (Bankr. S.D.N.Y. 1999) (dismissing fraudulent conveyance claims where defendant officer of debtor corporation was only alleged to have authorized and sent transfers to other defendants); *Tese-Milner v. Brune (In re Red Dot Scenic, Inc.)*, 293 B.R. 116, 121 (S.D.N.Y. 2003) ("[t]he structure and purpose of section 550(a)(1) confirm that a principal does not become an initial transferee simply by using his control over corporate assets to effect a fraudulent transfer.")  Thus, the allegations that RTG representatives corresponded with BLMIS about Radcliff's account and provided bank account information for redemptions from Radcliff's account do not change the fact that Radcliff is the only plausible initial transferee.

Finally, the allegation that RTG "represented" that it owned the funds in the Radcliff account has no legal significance.  The FAC does not allege that RTG, as a legal matter, actually did own the funds in Radcliff's BLMIS account.  Moreover, the FAC provides no context for the alleged "representation" by RTG.  In a colloquial sense, a parent company does indirectly own assets held by a wholly-owned subsidiary.  That does not make the parent company the legal owner of those assets.  *See Gowan v. Amaranth LLC (In re Dreier LLP)*, 452 B.R. 451, 459 (Bankr. S.D.N.Y. 2011) (on motion to dismiss "the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in the factual garb").

The Trustee cannot save his claim by alleging, in conclusory fashion, that RTG was the "beneficiary" of initial transfers to Radcliff.[4]  Recovery from a beneficiary of an initial transfer is permitted only where the initial transfer itself—as opposed to a subsequent transfer—directly

---

[4] RTG cannot be both an initial transferee and a beneficiary of the transfers at issue, it is either one or the other.  *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 474 (Bankr. S.D.N.Y. 2015) (noting that "defendants are either transferees or persons for whose benefit the transfers were made; they can't be both.")  By the same token, RTG cannot also be the initial transferee when Radcliff is the initial transferee.

benefits another party.  A common example of such a benefit is "the benefit to a guarantor by the payment of the underlying debt of the debtor."  *Reily v. Kapila (In re Int'l Mgmt. Assoc.)*, 399 F.3d 1288, 1292 (11th Cir. 2005); *see also In re Finley, Kumble, et al.*, 130 F.3d at 57; *Bonded Fin. Servs. v. European Am. Bank*, 838 F.2d 890, 895 (7th Cir. 1988) ("the paradigm 'entity for whose benefit such transfer was made' is a guarantor or debtor").  The FAC does not contain any allegation that RTG benefited in a similar fashion from the initial transfers to Radcliff.  In the absence of any allegation of benefit, the claim against RTG should be dismissed.  *See Amaranth LLC (In re Dreier LLP)*, 452 B.R. at 467 (dismissing claim because trustee failed to plead "direct, ascertainable and quantifiable" benefit to defendant).

## Conclusion

For the foregoing reasons, the Trustee's remaining claim against RTG should be dismissed with prejudice.

Dated: May 1, 2017
       New York, New York.

Respectfully submitted,

   S/ Jeff E. Butler
Jeff E. Butler
Email: jeff.butler@cliffordchance.com
Rijie Ernie Gao
Email: ernie.gao@cliffordchance.com

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Attorneys for Defendant
Rothschild Trust Guernsey Limited*