

Baker & McKenzie LLP

815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
United States

Tel: +1 202 452 7000
Fax: +1 202 452 7074
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

May 4, 2017

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

**Re: Blums' Participation in "Profit Withdrawal" Proceedings, 08-1789 (SMB)**

Dear Judge Bernstein:

We are counsel for Dr. Norman Blum and Dr. Joel Blum in the above-mentioned proceeding. We write to advise the Court of two matters relevant to the above referenced proceedings: specifically, the Blums' anticipated participation in the omnibus proceeding and their availability to testify. We have spoken with the Trustee regarding this clarification. The Trustee has stated he has no objection to the Blums' participation in all aspects of this proceeding.

1. We wish to correct a potential misunderstanding regarding our clients' participation in the forthcoming "Profit Withdrawal" "omnibus" proceeding. Specifically, the Blums have elected (and at all times planned to) participate in the omnibus portion of the proceeding as well as the claim-specific determination proceeding. A remark by the Court made during the motion in *limine* proceeding suggested that the Court may have a different understanding. Transcript of April 18, 2017 hearing at 80:24-80:24 ("So we'll do Blecker, but not the Blums as part of this [omnibus] proceeding"). For the reasons set out below, the Blums intend to participate in the omnibus portion of the proceeding to challenge the Trustee's reliance on "PW" notations alone to calculate their net equity claims.

The Trustee has indicated that he intends to use the omnibus portion of the proceeding to demonstrate what a "PW" notation means, in the context of BLMIS customer statements. Doc. No. 14356 at 15. He has recently clarified his understanding (and ours as well) that the omnibus proceeding will not involve all BLMIS customers. Rather, it will have a limited scope and concern only those claimants who have objected to the Trustee's reliance on "PW" notations in computing net equity, i.e. the Participating Claimants, as defined in this Court's procedures order dated June 15, 2015. Doc. No. 10266.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

Honorable Stuart M. Bernstein
May 4, 2017
Page 2

The Blums are Participating Claimants who have objected to the Trustee's determination to the extent that he relied on a "PW" notation to conclude that a customer actually received a cash distribution. While the Blums acknowledge that their individual objections must be resolved by looking to the specific notations and accounts at issue, they have at all times maintained their global objection to the Trustee's basic proposition that "PW" notations are admissible evidence of "cash out", i.e., a customer-requested cash withdrawal from the account. *See, e.g.*, Blums' Reply in Support of Motion in *Limine*, Doc. No. 14592 ("For those customers who did object, such as [the Blums], the dispute is not an abstract methodological one, but rather a fact-specific inquiry into whether the Trustee's general presumption that PW notations record actual cash withdrawals is supported by any admissible evidence specific to the objecting customer's account."). As the Trustee contemplates that the omnibus proceeding will focus on the general question of whether the Trustee can properly use a PW notation alone to demonstrate "cash out," the Blums must participate to protect their rights.

2.   Secondly, Dr. Joel Blum and Dr. Norman Blum have confirmed that they are both able to testify in person during the forthcoming hearing. We have advised the Trustee of the dates of their availability, and we will undertake to cooperate with the parties and the Court to make them available for the contemplated hearing.

Respectfully,

Richard A. Kirby
Tel: +1 202 452 7020
richard.kirby@bakermckenzie.com

cc   Amy Vanderwal, Esq.
     Helen Chaitman, Esq.