**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION,<br><br>    Defendants. | Adv. Pro. No. 09-01182 (SMB) |

**STIPULATION AND ORDER**

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the chapter 7 estate of Bernard L. Madoff, and Defendants J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC") (the "Merkin Defendants"), and Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Defendant Ascot Fund Ltd. ("Ascot Fund") (collectively, the "Defendants"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, Ascot Partners and Ascot Fund each maintained an account with BLMIS at certain relevant times prior to or through December 11, 2008, and made deposits to and withdrawals of principal from those accounts as specified herein; and

**WHEREAS**, in Counts One through Eight and Count Ten of the Trustee's Third Amended Complaint, the Trustee seeks to avoid and recover from Ascot Partners certain withdrawals of principal made from its account held at BLMIS or their value as fraudulent and/or preferential pursuant to, *inter alia*, sections 105(a), 544, 547, 548, 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), sections 203(g) and 213(8) of the New York Civil Practice Law & Rules and sections 273 through 279 the New York Debtor and Creditor Law (the "DCL"), as well as section 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA"); and

**WHEREAS**, in Count Nine of his Third Amended Complaint, the Trustee seeks the recovery of certain withdrawals of principal made from BLMIS accounts that he alleges were subsequently transferred to Ascot Fund, GCC, and Merkin pursuant to, inter alia, DCL section 276-a and 278, Bankruptcy Code sections 105(a) and 550(a) and SIPA section 78fff-2(c)(3);

**WHEREAS**, the Defendants dispute any and all liability including under Bankruptcy Code section 548(c), 550(a) or any other applicable section of the Bankruptcy Code, any provision of the DCL, or any other statute, rule or regulation, or otherwise; and

**WHEREAS**, the Defendants moved to dismiss the Third Amended Complaint, which motion was heard on April 30, 2014; and

**WHEREAS**, on August 12, 2014, the Honorable Stuart Bernstein issued an opinion granting in part and denying in part the motions to dismiss; and

**WHEREAS**, Judge Bernstein dismissed all claims in Counts One, Three through Eight, Eleven and Twelve of the Third Amended Complaint, and limited the remaining claims to those seeking (i) recovery of Initial Transfers occurring within two years of the commencement of the SIPA liquidation, (ii) recovery of Subsequent Transfers based on the Initial Transfers occurring within two years of the commencement of the SIPA liquidation, and (iii) equitable subordination as an alternative remedy to recovery of monetary damages; and

**WHEREAS**, the Defendants moved for summary judgment dismissing the remaining counts of the Third Amended Complaint, which motion was heard on June 1, 2016; and

**WHEREAS**, on January 30, 2017, Judge Bernstein entered a Memorandum Decision Granting in Part and Denying in Part Defendants' Motions for Summary Judgment (the "Decision"), as follows: (1) denied summary judgment as to Count Two, Two-Year Actual Fraudulent Transfers; (2) denied summary judgment as to Count Nine, Subsequent Transfers against the Merkin Defendants and Ascot Fund; (3) granted summary judgment as to Count Nine, Subsequent Transfers against Ascot Partners only; (4) denied summary judgment as to Count Ten, General Partner Liability; and (5) denied summary judgment as to Count Thirteen, Equitable Subordination; and

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them.

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. Ascot Partners maintained account number 1A0058 with BLMIS from on or about January 4, 1993, through December 11, 2008.

2. Ascot Fund maintained account number 1FN005 with BLMIS from approximately January 1992 through approximately January 2003. On or about January 8, 2003,

3

Ascot Fund transferred the entire balance held in BLMIS Account 1FN005, $221,487,622 constituting principal, to Ascot Partners' BLMIS account 1A0058.

3. The account history showing the cash deposits into and cash withdrawals from the Ascot Partners account, excluding transfers between or among the BLMIS accounts of the Defendants, is set forth in the chart below:

| BLMIS ACCOUNT NUMBER 1A0058 ASCOT PARTNERS, L.P. | | | |
|---|---|---|---|
| **Date** | **Description** | **Amount Deposited** | **Amount Withdrawn** |
| 1/12/1993 | Deposit | $9,075,489 | |
| 7/28/1993 | Deposit | $3,000,000 | |
| 1/11/1994 | Deposit | $5,000,000 | |
| 7/6/1994 | Deposit | $7,000,000 | |
| 12/28/1995 | Withdrawal | | $6,000,000 |
| 1/23/1996 | Deposit | $6,000,000 | |
| 4/16/1996 | Deposit | $4,500,000 | |
| 7/5/1996 | Deposit | $15,661,000 | |
| 7/24/1996 | Deposit | $39,000 | |
| 12/30/1996 | Withdrawal | | $1,600,000 |
| 1/7/1997 | Withdrawal | | $9,240,000 |
| 1/10/1997 | Withdrawal | | $1,000,000 |
| 4/8/1997 | Deposit | $8,500,000 | |
| 7/8/1997 | Deposit | $1,400,000 | |
| 7/10/1997 | Deposit | $1,000,000 | |
| 10/8/1997 | Withdrawal | | $2,500,000 |
| 12/30/1997 | Withdrawal | | $6,000,000 |
| 1/7/1998 | Withdrawal | | $2,500,000 |
| 4/13/1998 | Deposit | $26,000,000 | |
| 7/8/1998 | Deposit | $10,000,000 | |
| 4/5/1999 | Deposit | $18,685,400 | |
| 4/12/1999 | Deposit | $11,400,000 | |
| 1/10/2000 | Deposit | $700,000 | |
| 4/6/2000 | Deposit | $6,175,000 | |
| 8/2/2000 | Deposit | $4,200,000 | |
| 5/6/2002 | Deposit | $2,000,000 | |
| 7/3/2003 | Deposit | $30,000,000 | |
| 10/7/2003 | Deposit | $25,000,000 | |
| 10/8/2003 | Deposit | $5,000,000 | |
| 12/2/2003 | Withdrawal | | $5,000,000 |
| 12/26/2003 | Withdrawal | | $12,000,000 |

| BLMIS ACCOUNT NUMBER 1A0058 ASCOT PARTNERS, L.P. | | | |
|---|---|---|---|
| **Date** | **Description** | **Amount Deposited** | **Amount Withdrawn** |
| 1/5/2004 | Deposit | $17,000,000 | |
| 8/3/2004 | Deposit | $15,000,000 | |
| 1/6/2005 | Deposit | $100,000,000 | |
| 4/5/2005 | Deposit | $30,000,000 | |
| 10/5/2005 | Deposit | $50,000,000 | |
| 12/23/2005 | Withdrawal | | $25,000,000 |
| 1/6/2006 | Withdrawal | | $63,000,000 |
| 4/4/2006 | Withdrawal | | $76,000,000 |
| 7/12/2006 | Deposit | $25,000,000 | |
| 12/29/2006 | Withdrawal | | $10,000,000 |
| 7/6/2007 | Deposit | $80,000,000 | |
| 12/31/2007 | Withdrawal | | $175,000,000 |
| 4/2/2008 | Deposit | $25,000,000 | |
| 7/2/2008 | Withdrawal | | $50,000,000 |
| 10/1/2008 | Withdrawal | | $45,000,000 |
| 10/9/2008 | Deposit | $10,000,000 | |

4. The Parties agree that within the two-year period prior to December 11, 2008, the $280,000,000 in withdrawals from Ascot Partners' account constituted principal.

5. The Parties agree that Ascot Partners' net equity in BLMIS account number 1A0058 as of December 11, 2008 equals $235,734,338.

6. This Stipulation does not address, and is without prejudice to, any alleged subsequent transfers from Defendants to other parties or any transfers among the Defendants' respective BLMIS accounts.

7. Except as stipulated herein, the Parties reserve all rights, claims, defenses and/or contentions in this adversary proceeding.

8. By executing this Stipulation, the Defendants in no way concede or admit liability under Bankruptcy Code sections 548(c), 550(a) or any other applicable section of the Bankruptcy Code, the DCL, any other statute, rule or regulation or otherwise.

Dated:      New York, New York
            May 8, 2017


| | |
|---|---|
| */s/ David J. Sheehan* | */s/ Neil A. Steiner* |
| **Baker & Hostetler LLP** | **Dechert LLP** |
| 45 Rockefeller Plaza | 1095 Avenue of the Americas |
| New York, NY  10111 | New York, NY  10036 |
| Telephone:  (212) 589-4200 | Telephone:  (212) 698-3500 |
| Facsimile:  (212) 589-4201 | Facsimile:  (212) 698-3599 |
| David J. Sheehan | Andrew J. Levander |
| e-mail:  dsheehan@bakerlaw.com | e-mail:  andrew.levander@dechert.com |
| Lan Hoang | Neil A. Steiner |
| e-mail:  lhoang@bakerlaw.com | e-mail:  neil.steiner@dechert.com |
| Brian W. Song | |
| e-mail:  bsong@bakerlaw.com | *Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation* |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | |

*/s/ Judith A. Archer*
**Norton Rose Fulbright US LLP**
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 318 3000
Facsimile: (212) 318 3400
Judith A. Archer
e-mail: judith.archer@nortonrosefulbright.com
Sarah O'Connell
e-mail: sarah.oconnell@nortonrosefulbright.com
David B Schwartz
e-mail: david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, Esq., as Receiver for Defendant Ascot Partners, L.P., and for Ascot Fund Limited*

SO ORDERED this 8th day of _May_ 2017.


/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE