**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, NY  10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Nicholas J. Cremona  
Dean D. Hunt  
Farrell A. Hochmuth  

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**Hearing Date: May 31, 2017**  
**Time: 10:00 am**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br>v.<br><br>BRUNO L. DI GIULIAN,<br><br>    Defendant. | Adv. Pro. No. 10-04728 (SMB) |

## MOTION FOR SUBSTITUTION OF DEFENDANT

Irving H. Picard ("Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the estate of Bernard L. Madoff, by and through his counsel, Baker & Hostetler LLP, hereby moves the Court for entry of an order substituting the Estate of Bruno Di Giulian ("Di Giulian Estate") and Patsy Di Giulian, in her capacity as personal representative for the Di Giulian Estate, as defendants in this action pursuant to Federal Rule of Civil Procedure 25(a)(1), made applicable by Rule 7025 of the Federal Rules of Bankruptcy Procedure. The grounds for this Motion are as follows:

1. On December 1, 2010, the Trustee filed the above-captioned avoidance action against defendant Bruno L. Di Giulian. [Dkt. 1]

2. Bruno Di Giulian died on December 6, 2015.

3. The Di Giulian Estate was opened in the Circuit Court for Broward County, Florida, Probate Division, File No. PR-C-16-0001409, and Patsy Di Giulian requested that she be appointed personal representative of the Estate. On March 17, 2017, the Trustee filed a Statement of Claim in the Di Giulian Estate.

4. The Di Giulian Estate and Patsy Di Giulian, in her capacity as personal representative of the Di Giulian Estate, are the proper parties to be substituted into this action in place of Bruno L. Di Giulian, deceased. Fed. R. Civ. P. 25(a)(1); Fed. R. Bankr. P. 7025; *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) (deceased defendant's widow was representative of the deceased's estate and is proper party to be substituted as defendant, even though widow had not been formally appointed as representative when there was no dispute widow was primary beneficiary of the estate); *Young v. Patrice*, 932

F. Supp. 721, 725 (S.D.N.Y. 1993); *Herrera-Castro v. Trabajamos Community Head Start, Inc.*, No. 15 Civ. 9286, 2017 WL 549584 (S.D.N.Y. Jan. 30, 2017).

5. No suggestion of death has been filed on the record in this Adversary Proceeding. Fed. R. Civ. P. 25(a)'s timing period for a motion to substitute a deceased defendant is triggered only by formal service of a suggestion of death on the record. *Mandarino v. Mandarino*, 257 F.R.D. 394, 395 (S.D.N.Y. 2009); *Gerber Trade Fin., Inc. v. J.A.D.E. Fisheries, Inc.*, No. 03 Civ. 1950 (KNF), 2004 WL 626183, at *4 (S.D.N.Y. Mar. 29, 2004) ("As Rule 25(a) makes clear, the running of the 90 days begins with the proper suggestion of death upon the record."); *Int'l Cablevision, Inc. v. Sykes*, 172 F.R.D. 63, 66–67 (W.D.N.Y 1997). Informal notice does not prompt the 90-day time period for substitution. *Id.* at 66 ("strict formalities must be observed in serving a formal suggestion of death").

6. The Advisory Committee Notes to Federal Rule 25 indicate that timely motions to substitute should be freely granted. *See* Fed. R. Civ. P. 25, 1963 Advisory Committee Notes ("A motion to substitute made within the prescribed time will be ordinarily granted . . . .").

7. The Trustee also requests that the Clerk of the Court be directed to amend the caption to remove Bruno L. Di Giulian and substitute the Di Giulian Estate and Patsy Di Giulian in her capacity as personal representative of the Di Giulian Estate as reflected in Exhibit A attached to the Proposed Order, simultaneously filed and submitted with the Notice of this Motion.

8. Prior to filing this Motion, the counsel for the Trustee conferred with counsel for deceased defendant Bruno L. Di Giulian, who refused to consent to the relief sought herein.

9. Notice of this Motion will be provided by U.S. mail, postage prepaid, or email to: (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; and (iv) the United States Attorney's

Office for the Southern District of New York. The Trustee shall also serve, via the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in substantially the form of the proposed order, submitted and simultaneously filed with the Notice of Motion, granting the relief requested herein and such other relief as may be just and proper.

Date: May 10, 2017
    New York, New York

| Of Counsel: | By: */s/ Nicholas J. Cremona* |
|---|---|
| **BAKER & HOSTETLER LLP** | **BAKER & HOSTETLER LLP** |
| 1000 Louisiana, Suite 2000 | 45 Rockefeller Plaza |
| Houston, Texas 77002-5018 | New York, New York 10111 |
| Telephone: (713)751-1600 | Telephone: (212) 589-4200 |
| Facsimile: (713)751-1717 | Facsimile: (212) 589-4201 |
| Dean D. Hunt | David J. Sheehan |
| Email: dhunt@bakerlaw.com | Email:  dsheehan@bakerlaw.com |
| Farrell A. Hochmuth | Nicholas J. Cremona |
| Email: fhochmuth@bakerlaw.com | Email: ncremona@bakerlaw.com |
| | *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* |