UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>    -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>    -against-<br><br>BRUNO DIGIULIAN,<br><br>       Defendant. | Adv. Pro. No. 10-04728 (SMB) |

## DISCOVERY ARBITRATOR'S ORDER

    By letter dated May 2, 2017, the Trustee sought certain relief in the DiGiulian adversary proceeding, which Ms. Chaitman, as counsel for the Estate of Bruno DiGiulian, has opposed by letter dated May 4, 2017. I held a hearing by telephone earlier today to discuss the issues raised by these letters and hereby rule as follows:

1. The procedures described in paragraphs A.2 and A.3 of my order dated January 4, 2017 (ECF No. 62) ("Order"), obviate the need for further interrogatory responses only if a defendant agrees to all three aspects of the proposed stipulation set forth in paragraph A.2. Accordingly, they do not apply if a defendant merely agrees that the deposits and withdrawals set forth on Exhibit B to the Complaint are accurate, nor do they constitute a basis upon which to withhold documents from production.

2. Despite having failed to agree to all three aspects of the proposed stipulation in paragraph A.2 of the Order, the defendant in this proceeding first produced the documents responsive to the Trustee's document requests after Patsy DiGiulian, the personal representative of the estate of Bruno DiGiulian, was deposed. (See Ex. A to Ms. Chaitman's letter dated May 4, 2017). Pursuant to paragraphs A.6, C.1, and C.2 of the Order, the defendant therefore may not rely on those documents to support any of her affirmative defenses other than her Sixteenth and Thirty-Seventh Affirmative Defenses. The defendant nevertheless may rely on any documents produced by the Trustee to support her affirmative defenses.

3. In light of the defendant's belated production of documents, the Trustee shall be permitted to continue the deposition of Ms. DiGiulian for an additional two hours. Unless the parties otherwise agree, or I so direct, the continued deposition shall take place on May 24, 2017, where the prior deposition took place.

SO ORDERED.

Dated:    New York, New York
          May 10, 2017

_____
FRANK MAAS
Discovery Arbitrator

Copies to Counsel via ECF