**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01182 (SMB) |
| Plaintiff, | |
| v. | |
| J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION, | |
| Defendants. | |

## TRUSTEE'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO
## <u>EXCLUDE THE TESTIMONY AND REPORT OF EXPERT BRUCE G. DUBINSKY</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND .....................................................................................................................2

ARGUMENT ..........................................................................................................................3

     I.      MR. DUBINSKY'S TESTIMONY IS RELEVANT AND ADMISSIBLE............4

          A.     The Fraud, Ponzi Scheme, And The Resulting Insolvency At BLMIS Are Relevant To And Probative Of The Trustee's Claims To Avoid And Recover Two-Year Actual Fraudulent Transfer Claims Under 11 U.S.C. § 548(a)(1)(A) .......................................................4

          B.     Mr. Dubinsky's Review and Analysis of Defendants' BLMIS Account Documents .....................................................................................8

     II.     THE TRUSTEE IS ENTITLED TO PRESENT HIS CASE AND IS NOT REQUIRED TO STIPULATE TO BARE-BONES CONCLUSIONS .................10

     III.    MR. DUBINSKY'S TESTIMONY IS PERMISSIBLE EXPERT OPINION, NOT MERE FACTUAL NARRATIVE .............................................11

CONCLUSION.....................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bayou Grp., LLC,*
    396 B.R. 810 (Bankr. S.D.N.Y. 2008) ....................................................................5

*In re Bayou Grp., LLC,*
    439 B.R. 284 (S.D.N.Y. 2010) ..............................................................................5

*Bayou Superfund. LLC v. WAM Long/Short Fund II, L.P. (In re Bayou Grp.,*
    *LLC),*
    362 B.R. 624 (Bankr. S.D.N.Y. 2007) ....................................................................5

*In re Bernard L. Madoff Inv. Sec. LLC,*
    654 F.3d 229 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 25 (2012) .............................5

*In re Bernard L. Madoff Inv't Sec. LLC (Picard v. Merkin),*
    515 B.R. 117 (Bankr. S.D.N.Y. 2014) ....................................................................4

*In re Bonham,*
    251 B.R. 113 (Bankr. D. Alaska 2000) ....................................................................7

*Broadspring, Inc. v. Congoo, LLC,*
    No. 13 Civ. 1866, 2014 WL 4100615 (S.D.N.Y. Aug. 20, 2014) ..........................11

*Buchwald v. Renco Grp. Inc.,*
    No. 13-cv-7948 (AJN), 2014 WL 4207113 (S.D.N.Y. Aug. 25, 2014) ..................11

*Campbell ex rel. Campbell v. Metro. Prop. & Cas. Ins. Co.,*
    239 F.3d 179 (2d Cir. 2001) ..................................................................................3

*Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.,*
    No. 01 Civ. 3796(PKL), 2005 WL 1026515 (S.D.N.Y. May 2, 2005) ....................3

*Daubert v. Merrell Dow Pharm., Inc.,*
    509 U.S. 579 (1993) .............................................................................................3, 9

*Davis v. Carroll,*
    937 F. Supp. 2d 390 (S.D.N.Y. 2013) ....................................................................7

*Eberhard v. Marcu,*
    530 F.3d 122 (2d Cir. 2008) ..................................................................................5

*In re Gabapentin Patent Litig.,*
    No. 00-2931, 2011 WL 1807448 (D.N.J. May 12, 2011) ......................................10

ii

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*In re: Gen. Motors LLC Ignition Switch Litig.*,
  No. 14-MD-2543 (JMF), 2015 WL 9480477 (S.D.N.Y. Dec. 29, 2015) ................................3

*Gowan v. Amaranth Advisors LLC (In re Dreier LLP)*,
  No. 08-15051 (SMB), 2014 WL 47774 (Bankr. S.D.N.Y. Jan. 3, 2014)
  (Bernstein, J.) ...................................................................................................................5, 10

*Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*,
  359 B.R. 510 (Bankr. S.D.N.Y. 2007), *rev'd on other grounds*, 397 B.R. 1
  (S.D.N.Y. 2007) ........................................................................................................................5

*Hill v. Wilson*,
  519 F.3d 366 (7th Cir. 2008) ................................................................................................10

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)...............................................................................................................12

*Malletier v. Dooney & Bourke, Inc.*,
  525 F. Supp. 2d 558 (S.D.N.Y. 2007)......................................................................................9

*In re Manhattan Inv. Fund Ltd.*,
  397 B.R. ....................................................................................................................................5

*McCullock v. H.B. Fuller Co.*,
  61 F.3d 1038 (2d Cir. 1995)......................................................................................................9

*Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*,
  No. 95-08203, 1998 WL 160039, (Bankr. S.D.N.Y. Apr. 3, 1998)..........................................6

*National Envelope Corp. v. American Pad & Paper Co. of Delaware, Inc.*,
  12988(SHS)(RLE), 2009 WL 5173920 (S.D.N.Y. Dec. 30, 2009) ..........................................7

*Official Comm. of Unsecured Creditors v. Isr. Discount Bank of N.Y. (In re: Oak
  Rock Fin., LLC)*,
  No. 8-13-72251-reg, 2016 WL 5794717 (Bankr. E.D.N.Y. Oct. 4, 2016) ...............................4

*Parr v. United States*,
  255 F.2d 86 (5th Cir. 1958) ...................................................................................................11

*In re Petters Co.*,
  506 B.R. 784 (Bankr. D. Minn. 2013) .....................................................................................7

*Picard v. Cohen (In re BLMIS)*,
  Adv. Pro Nos. 08-01789 (SMB), 10-04311 (SMB), 2016 WL 1695296,
  (Bankr. S.D.N.Y. Apr. 25, 2016) ...........................................................................................10

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Picard v. Greiff*,
476 B.R. 715 (S.D.N.Y. 2012)..................................................................................4, 5

*Picard v. Merkin*,
Adv. Pro. No. 09-01182  (Bankr. S.D.N.Y. Apr. 7, 2017) ....................................2, 8

*Picard v. Merkin*,
563 B.R. 737 (Bankr. S.D.N.Y. Jan. 30, 2017)...........................................................4

*Picard v. Merkin*,
No. 11 MC 0012(KMW), 2011 WL 3897970 (S.D.N.Y. Aug. 31, 2011)...................6

*In re Rezulin Products Litig.*,
309 F. Supp. 2d 531 (S.D.N.Y. 2004)......................................................................11

*S.E.C. v. Tourre*,
950 F. Supp. 2d 666 (S.D.N.Y. 2013)......................................................................12

*Safrani v. Werner Co.*,
No. 95 Civ. 1267(LBS), 1997 WL 729110 (S.D.N.Y. Nov. 24, 1997) .....................9

*Tiffany (NJ) Inc. v. eBay, Inc.*,
576 F. Supp. 2d 457 (S.D.N.Y. 2007)........................................................................9

*United States v. Kelley*,
551 F.3d 171 (2d Cir. 2009) (per curiam)..................................................................4

*United States v. Perez*,
387 F.3d 201 (2d Cir. 2004)........................................................................................4

*United States v. Rubin*,
37 F.3d 49 (S.D.N.Y. 1994).........................................................................................9

**Statutes**

11 U.S.C. § 548(a)(1)(A) ..................................................................................4, 6, 10

11 U.S.C. § 550(a) ....................................................................................................4

15 U.S.C. § 78aaa *et seq.* .........................................................................................1

**Rules**

Fed. R. Civ. P. 26......................................................................................................11

Fed. R. Evid. 401 .......................................................................................................3

iv

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

Fed. R. Evid. 611(a) ................................................................................................................11

Fed. R. Evid. 702 ...............................................................................................................3, 12

**Other Authorities**

5 *Collier on Bankruptcy* ¶ 548.04[1] (15th ed. rev. 2006)...........................................................5

31 *Corpus Juris Secundum Evidence* § 542 (Apr. 11, 2017 update) ..........................................11

28 *Federal Practice & Procedure Evidence* § 6162 (2d ed. 2017) ..............................................11

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in opposition to Defendants' Motion *In Limine* to Exclude the Testimony and Report of Bruce G. Dubinsky.

## PRELIMINARY STATEMENT

Defendants J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC"), Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund," and together with Merkin, GCC, and Ascot Partners, "Defendants") seek the exclusion of Mr. Bruce G. Dubinsky's expert opinions as irrelevant to this adversary proceeding. They base this "lack of relevance" argument on their offer of a bare-bones stipulation in return for the Trustee withdrawing Mr. Dubinsky as an expert witness. The Trustee is not obligated to—and cannot—agree to such a stipulation where it does not contain the factual and legal findings necessary to sustain the Trustee's avoidance and recovery claims.

Mr. Dubinsky's analyses and opinions are relevant to the Trustee's claims to avoid and recover the transfers made from BLMIS to Ascot Partners within two years of the filing date (and subsequent transfers therefrom). He will provide the Court with his forensic examination and analysis of the business of BLMIS. Mr. Dubinsky will explain his methodologies, his analyses, and the detailed facts which support his opinions that BLMIS was a fraud, Ponzi scheme, and insolvent. Such testimony will aid the Court in understanding the business of BLMIS and how the fraud was conducted at BLMIS, and establish the evidentiary basis for the Trustee's avoidance and recovery claims against Defendants. Accordingly, Mr. Dubinsky's testimony should be permitted and Defendants' motion should be denied.

## **BACKGROUND**

Mr. Dubinsky is a Certified Public Accountant, Certified Fraud Examiner, Certified

Valuation Analyst, Certified in Financial Forensics, and a Master Analyst in Financial Forensics,

as well as a former Registered Investment Advisor Representative.  He is experienced in the

areas of forensic accounting, fraud investigations, bankruptcies, and investigations related to

financial and tax matters.[1]  Mr. Dubinsky was retained on behalf of the Trustee and offers the

following opinions in this matter:

- BLMIS's Investment Advisory business ("IA business") was a fraud and a Ponzi scheme;

- BLMIS was insolvent from at least December 11, 2002 and all points after; and

- Madoff Securities International Limited ("MSIL") was used to facilitate transfer of funds out of the IA business.[2]

Specifically, Mr. Dubinsky found no evidence that the purported investment transactions in

BLMIS's IA business ever occurred at least as far back as the 1970s, and that the IA business

used new customer monies to fund BLMIS's operations, as well as to fund the withdrawals for

its older customers.[3]  He also determined that the IA business was not generating any legitimate

profits because no trading activity was taking place, and that BLMIS was insolvent because its

liabilities far outweighed its assets, it did not have adequate capital, and could not pay its debts

as they came due.[4]

---

[1] *See* Decl. of Daphne Ha in Support of Motion *In Limine* By Defendants to Exclude the Testimony and Report of Bruce G. Dubinsky ("Ha Decl."), *Picard v. Merkin*, Adv. Pro. No. 09-01182 (SMB) (Bankr. S.D.N.Y. Apr. 7, 2017), ECF No. 351, Ex. A (Expert Report of Bruce G. Dubinsky MST, CPA, CFE, CVA, CFF, MAFF ("Dubinsky Rpt.")) at 1–2, ECF No. 351-1.

[2] Dubinsky Rpt. at 12.

[3] *See id.* at 12, 14.

[4] *Id.* at 15-16.

Mr. Dubinsky's opinions in this matter are based on both his experience and the review and analysis of voluminous amounts of data, including, *inter alia*, BLMIS customer account statements, trade confirmations, and portfolio management reports generated and maintained by BLMIS for all customers. Mr. Dubinsky, as is typical in his field, worked with a team to review and analyze BLMIS's records and third-party documents in order to conduct his extensive fraud examination of the business of BLMIS. Mr. Dubinsky's methodologies, analyses, and detailed and comprehensive findings—all of which support his opinions—are set forth in his report dated August 20, 2013.[5]

## **ARGUMENT**

In order to determine whether a proposed expert's testimony should be allowed, a court will assess whether (1) the expert is qualified, (2) the proposed opinion is based on reliable data and reliable methodology, and (3) the proposed testimony would be helpful to the trier of fact. *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 9480477, at *1 (S.D.N.Y. Dec. 29, 2015); *see also* Fed. R. Evid. 702. When evidence is challenged in an *in limine* motion, it would only be precluded when it is clearly inadmissible on all possible grounds. *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ. 3796(PKL), 2005 WL 1026515, at *3 (S.D.N.Y. May 2, 2005).

To determine admissibility, the Court must decide if the proffered testimony is relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993). Relevant evidence is defined as that which has "any tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence," and that fact must be "of consequence to the determination of the action." *Campbell ex rel. Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 184 (2d Cir. 2001) (citing Fed. R. Evid. 401). The "standard of relevance established

---

[5] *See generally id.*

by the Federal Rules of Evidence is not high." *Commerce Funding Corp.*, 2005 WL 1026515, at

*4 (citation omitted); *see also Daubert*, 509 U.S. at 587 (noting "Rule[ 401]'s "basic standard of

relevance thus is a liberal one"). Indeed, courts "start[] with the presumption that all evidence is

presumed relevant and all relevant evidence is admissible, unless the opposing party can prove

that it is precluded by the rules or its prejudice outweighs the probative value." *Official Comm.*

*of Unsecured Creditors v. Isr. Discount Bank of N.Y. (In re: Oak Rock Fin., LLC)*, No. 8-13-

72251-reg, 2016 WL 5794717, at *3 (Bankr. E.D.N.Y. Oct. 4, 2016); *see also United States v.*

*Kelley*, 551 F.3d 171, 175 (2d Cir. 2009) (per curiam) ("[A]ll relevant evidence is admissible

under the Federal Rules of Evidence unless specifically excluded.") (quoting *United States v.*

*Perez*, 387 F.3d 201, 209 (2d Cir. 2004)).

## I.    MR. DUBINSKY'S TESTIMONY IS RELEVANT AND ADMISSIBLE

### A.    The Fraud, Ponzi Scheme, And The Resulting Insolvency At BLMIS Are Relevant To And Probative Of The Trustee's Claims To Avoid And Recover Two-Year Actual Fraudulent Transfer Claims Under 11 U.S.C. § 548(a)(1)(A)

Defendants argue that Mr. Dubinsky's testimony is unhelpful and should be excluded

because it "does not relate to any issue in the case." Defendants' argument is perplexing, to say

the least. The remaining avoidance claims in this case are the Trustee's two-year actual

fraudulent transfer claims under 11 U.S.C. § 548(a)(1)(A), as well as subsequent transfers under

11 U.S.C. § 550(a).[6] *Picard v. Merkin*, 563 B.R. 737, 752 (Bankr. S.D.N.Y. Jan. 30, 2017); *see*

*also* Order, ECF No. 330. Section 548(a)(1)(A) authorizes the Trustee to avoid the entire

amount of "any payment" of an interest in property of the debtor made within two years of the

---

[6] In the Third Amended Complaint, the Trustee sought avoidance and recovery of all fraudulent transfers to
Defendants under the Bankruptcy Code and state statute. Third Am. Compl. at ¶¶ 316–378, Aug. 30, 2013, ECF
No. 151. Although the bankruptcy court granted a motion to dismiss at the pleading stage all avoidance claims other
than the two-year actual fraudulent transfer claims, the Trustee reserves all rights to appeal the dismissal of such
claims after entry of final judgment herein. *In re Bernard L. Madoff Inv't Sec. LLC* (*Picard v. Merkin*), 515 B.R.
117, 124-25 (Bankr. S.D.N.Y. 2014).

filing date with actual intent to hinder, delay, or defraud creditors.  11 U.S.C. § 548(a)(1)(A);

*Picard v. Greiff*, 476 B.R. 715, 725 (S.D.N.Y. 2012).  To avoid a transfer as actually fraudulent,

a trustee need not prove that the debtor intended to hinder, delay, or defraud a particular creditor,

but rather only establish that the transfers made to the subject transferee were "in furtherance" of

a fraudulent scheme.  *See In re Bayou Grp., LLC*, 439 B.R. 284, 304 (S.D.N.Y. 2010); *In re*

*Bayou Grp., LLC*, 396 B.R. 810, 826 (Bankr. S.D.N.Y. 2008) (citing 5 *Collier on Bankruptcy* ¶

548.04[1] (15th ed. rev. 2006)); *Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund*

*Ltd.)*, 359 B.R. 510, 518 (Bankr. S.D.N.Y. 2007) ("Every payment made by the debtor to keep

the scheme on-going was made with the actual intent to hinder, delay or defraud creditors,

primarily the new investors." (citation omitted)), *rev'd on other grounds*, 397 B.R. 1 (S.D.N.Y.

2007).  This is because, in a Ponzi scheme, the failure to honor an investor's withdrawal request

"would promptly have resulted in demand, investigation, the filing of a claim and disclosure of

the fraud."[7]  *In re Bayou Grp.,* 396 B.R. at 843; *see also Greiff*, 476 B.R. at 723.  Thus, every

redemption payment "*in and of itself* constituted an intentional misrepresentation of fact" of the

investor's rights to their falsely inflated account statement and "an integral and essential part" of

the fraud.  *In re Bayou Grp.*, 396 B.R. at 843 (emphasis in original).

    In *Gowan v. Amaranth Advisors LLC (In re Dreier LLP)*, No. 08-15051 (SMB), 2014

WL 47774 (Bankr. S.D.N.Y. Jan. 3, 2014) (Bernstein, J.), this Court announced a four-factor test

for the existence of a Ponzi scheme: (i) deposits were made by investors; (ii) the debtor

conducted little or no legitimate business operations as represented to investors; (iii) the

---

[7] A "Ponzi scheme" typically describes a pyramid scheme where earlier investors are paid from the investments of
more recent investors, rather than from any underlying business concern, until the scheme ceases to attract new
investors and the pyramid collapses."  *Eberhard v. Marcu*, 530 F.3d 122, 132 n.7 (2d Cir. 2008); *accord In re*
*Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 232 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 25 (2012).  The label
can apply "to any sort of inherently fraudulent arrangement under which the debtor-transferor must utilize after-
acquired investment funds to pay off previous investors in order to forestall disclosure of the fraud."  *In re*
*Manhattan Inv. Fund Ltd.*, 397 B.R. at 12 (quoting *Bayou Superfund. LLC v. WAM Long/Short Fund II, L.P. (In re*
*Bayou Grp., LLC)*, 362 B.R. 624, 633 (Bankr. S.D.N.Y. 2007)).

purported business operation of the debtor produced little or no profits or earnings; and (iv) the source of payments to investors was from cash infused by new investors. *Id.* at *22. Once it is determined that a Ponzi scheme exists, all transfers made in furtherance of that Ponzi scheme are presumed to have been made with fraudulent intent—the "Ponzi scheme presumption." *Picard v. Merkin*, No. 11 MC 0012(KMW), 2011 WL 3897970, at *4 (S.D.N.Y. Aug. 31, 2011).

Mr. Dubinsky's testimony directly concerns the extensive fraud at BLMIS and the transactions that rendered BLMIS insolvent. Mr. Dubinsky will testify as to the strategies purportedly executed by BLMIS, including the convertible arbitrage strategy and the split-strike conversion strategy, and how he was able to determine that there is no evidence that the purported investment transactions occurred for the customers of the IA business. Among other things, he will testify about BLMIS's auditors, Friehling and Horowitz, C.P.A., P.C. ("F&H"), a three-person CPA firm, and detail how their audited financials were fraudulent, including the discovery of F&H audit templates on a BLMIS computer.[8] Mr. Dubinsky will further testify that the pervasive fraud at BLMIS was conducted through its main bank accounts at JPMorgan Chase and the Bank of New York. He will explain how the JPMorgan Chase account—a single account—consisted almost entirely of customer deposits with no additions as a result of trading in the IA Business, thereby paying customer redemptions with other investor deposits. Mr. Dubinsky's methodologies, analyses, and detailed findings support his opinions and provide the factual basis upon which this Court can find that the Trustee is entitled to avoid and recover the fraudulent transfers under 11 U.S.C. § 548(a)(1)(A).

Further, expert testimony and opinions similar to Mr. Dubinsky's are routinely admitted to establish the fraudulent nature of a business, as well as to assist the Court in the reconstruction of the books and records of the debtor's business. For example, in *Mishkin v. Ensminger* (*In re*

---

[8] Dubinsky Rpt. ¶¶ 261–63.

*Adler, Coleman Clearing Corp.*), No. 95-08203 (JLG), 1998 WL 160039 (Bankr. S.D.N.Y.

Apr. 3, 1998), the court held that the SIPA trustee's forensic accountant, retained to assist in

reconstructing a SIPA debtor's books and records, was a proper expert witness to testify as to

whether trading activity was genuine and whether the debtor's books and records were correct.

*Id*. at *1–2, *5; *see also In re Petters Co.*, 506 B.R. 784, 804 (Bankr. D. Minn. 2013) (admitting

testimony of financial forensics-certified accountant and investigator on reconstruction of the

books and records and opinions concerning commingling of debtor's funds); *In re Bonham*, 251

B.R. 113, 132, 136 (Bankr. D. Alaska 2000) (finding Ponzi scheme existed for the years

identified by the bankruptcy trustee and relying on analysis of the trustee's expert, whose

reconstruction of the books and records identified the extent and length of the scheme).

The cases cited by Defendants concerning relevance do not sustain their request to

exclude Mr. Dubinsky's opinions and testimony.  In *Davis v. Carroll*, the court found that should

certain testimony relate to an issue in the case about a heightened duty of due diligence, it is

relevant and admissible.  937 F. Supp. 2d 390, 420 (S.D.N.Y. 2013).  Likewise, in *National*

*Envelope Corp. v. American Pad & Paper Co. of Delaware, Inc*., the plaintiff in a trademark

infringement and unfair competition action stipulated that it would only pursue the defendant

infringers' profits and not its own lost profits or reasonable royalties.  No. 06 Civ.

12988(SHS)(RLE), 2009 WL 5173920, at *8 (S.D.N.Y. Dec. 30, 2009).  The *National Envelope*

court held that those portions of the expert's testimony relating to the plaintiff's lost profits or

reasonable royalties were excluded as irrelevant because such testimony no longer related to the

damages being sought by the plaintiff.  *Id.*  These cases do not support Defendants' position to

exclude Mr. Dubinsky's testimony and opinions and are inapposite here, where Mr. Dubinsky's

expert opinions about the fraud, Ponzi scheme, and resulting insolvency at BLMIS are directly

relevant to the Trustee's claims to avoid and recover fraudulent transfers and remain at issue in this case.

**B.**   **Mr. Dubinsky's Review and Analysis of Defendants' BLMIS Account Documents**

Defendants next argue that Mr. Dubinsky's opinions should be stricken because the Dubinsky Report does not specifically "mention" the Defendants and because Mr. Dubinsky did not write his report in direct response to this particular adversary proceeding or reference or incorporate the complaint or the parties' deposition testimony.  Defendants entirely miss the point that Mr. Dubinsky's opinions are not intended to be an analysis of only Defendants' BLMIS accounts, but rather of the fraud, Ponzi scheme, and resulting insolvency at BLMIS. And, contrary to Defendants' protestations, Mr. Dubinsky was under no obligation to change or amend his findings to include discussions specific to Defendants' accounts, particularly where Defendants' accounts were included within his broader analyses and findings.

Defendants also argue that Mr. Dubinsky should be excluded from testifying because he did not review documents concerning Defendants' BLMIS accounts.  Not only is this argument factually inaccurate, it has no bearing on whether Mr. Dubinsky should be precluded from aiding this Court in understanding the decades-long fraud at BLMIS.  In preparation of his expert opinions, Mr. Dubinsky and his team had access to, and reviewed millions of account records, including of documents related to Defendants' BLMIS accounts.  Any findings as to Defendants' accounts were incorporated into his analysis:

> It's not different than any other case.  I could tell you there are Merkin-related accounts that were subsumed in analysis in—in the report.  That was in the report that was issued again that's being used in all cases.[9]

---

[9] *See* Ha Decl., Ex. B (Deposition of Bruce Dubinsky dated Apr. 27, 2015 ) at 16:17–23, ECF No. 351-2.

In fact, Mr. Dubinsky cited to specific Ascot Partners related documents in connection with his analyses and conclusions regarding the Ponzi scheme.[10]

Defendants' opinions as to what is necessary or relevant only further demonstrates their lack of understanding as to the scope and purpose of Mr. Dubinsky's testimony. Defendants do not get to determine what is relevant. Rather, it is solely within this Court's discretion to determine relevance and to make findings of fact after hearing Mr. Dubinsky testify as to his opinions and the foundation for those opinions. "Determinations of relevance are entrusted to the sound discretion of the district court." *United States v. Rubin*, 37 F.3d 49, 52 (S.D.N.Y. 1994) (citations omitted); *see also Tiffany (NJ) Inc. v. eBay, Inc*., 576 F. Supp. 2d 457, 458 n.1 (S.D.N.Y. 2007) (holding where a bench trial exists, "there is not a concern for juror confusion or potential prejudice, [so] the court has considerable discretion in  admitting the proffered testimony at trial," and determining the appropriate weight of the testimony at that time).

To the extent there are any disagreements as to Mr. Dubinsky's opinions or the foundation for his opinions, Defendants are free to raise those issues on cross-examination at trial. Any "[d]isputes as to the strength of [Dubinsky's] credentials, faults in his use of . . . methodology . . . go to the weight, not the admissibility, of his testimony." *McCullock v. H.B. Fuller Co*., 61 F.3d 1038, 1044 (2d Cir. 1995) (citing *Daubert*, 509 U.S. at 596) (holding objection to plaintiff's expert was properly explored on cross-examination and it affected the weight of the testimony, not its admissibility); *see also Safrani v. Werner Co.*, No. 95 Civ. 1267(LBS), 1997 WL 729110, at *2 (S.D.N.Y. Nov. 24, 1997) (denied motion *in limine* to limit testimony of Plaintiff's expert witness, noting that Defendants are not barred from "attacking" the expert's "tests and theories at trial"). Indeed, "[w]here the expert's conclusion is drawn from a reliable methodology . . . the correctness of that conclusion is still an issue for the finder of

---

[10] *See* Dubinsky Rpt. ¶¶ 279–85, 284 n.254 ( MDPTPP00020510).

9

fact." *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 562 (S.D.N.Y. 2007) (citing

*Manual for Complex Litigation (Fourth)* § 23.24 (2004) ("Cross-examination and presentation of

contrary evidence by the opposing party . . . would identify for the jury the shakiness of the

foundation on which the conclusion is based.")).

## II.     THE TRUSTEE IS ENTITLED TO PRESENT HIS CASE AND IS NOT REQUIRED TO STIPULATE TO BARE-BONES CONCLUSIONS

The Trustee, in his fiduciary capacity, cannot stipulate to conclusory statements which

provide none of the analysis and factual underpinnings necessary to sustain a finding by this

Court that he is entitled to recover two-year actual fraudulent transfer claims under

11 U.S.C. § 548(a)(1)(A).  This was made clear in this Court's opinions in *In re: Dreier* and

*Cohen*.  *See In re: Dreier LLP*, 2014 WL 47774, at *12–13; *Picard v. Cohen*, Adv. Pro Nos. 08-

01789(SMB), 10-04311(SMB), 2016 WL 1695296, at *5 (Bankr. S.D.N.Y. Apr. 25, 2016).

In previous avoidance actions before this Court, the parties have stipulated to the

insolvency and Ponzi scheme by not only stipulating to the Ponzi scheme for all relevant periods,

but also "specifically stipulating that each of those transfers was made by BLMIS with the actual

intent to hinder, delay, and defraud that existing customer or future . . . creditors."[11]  For

example, in *Cohen*, the parties agreed that Mr. Dubinsky was qualified and stipulated to the

admission of his report and testimony.[12]  In its opinion, this Court stated that BLMIS was

insolvent and a Ponzi scheme and included Mr. Dubinsky's report and testimony as part of its

Proposed Findings of Fact.  *See Cohen*, 2016 WL 1695296, at *2–3.

In the absence of a comprehensive stipulation, the Trustee is entitled to present his case to

the Court.  *See In re Gabapentin Patent Litig.*, No. 00-2931, 2011 WL 1807448, at *11 (D.N.J.

---

[11] *See* Second Revised Pretrial Order at 8, *Picard v. Cohen*, Adv. Pro No. 10-04311(SMB), (S.D.N.Y. Oct. 8, 2015), ECF No. 60.

[12] *See id.* at 8-9.

May 12, 2011) ("Defendants cannot force Plaintiffs to stipulate to relevant facts simply because

Defendants would prefer those facts not go before the jury."); *Hill v. Wilson*, 519 F.3d 366, 369

(7th Cir. 2008) ("Live testimony has value even when the defense prefers a paper substitute");

*Parr v. United States*, 255 F.2d 86, 88 (5th Cir. 1958) ("A party is not required to accept a

judicial admission of his adversary but may insist on proving the fact." (citing 31 *Corpus Juris*

*Secundum Evidence* § 542 (Apr. 11, 2017 update)).  The Trustee is permitted to be an advocate

for his position and have a fair opportunity to examine witnesses in furtherance of this position.

*See* Fed. R. Evid. 611(a); 28 *Federal Practice & Procedure Evidence* § 6162 (2d ed. 2017); *see*

*also Buchwald v. Renco Grp. Inc.*, No. 13-cv-7948 (AJN), 2014 WL 4207113, at *2–3 (S.D.N.Y.

Aug. 25, 2014) (permitting trustee to call live witnesses pursuant to Fed. R. Evid. 611(a) over

defendants' objections to same).

## III.    MR. DUBINSKY'S TESTIMONY IS PERMISSIBLE EXPERT OPINION, NOT MERE FACTUAL NARRATIVE

Contrary to Defendants' argument, Mr. Dubinsky does not simply recite facts already in

evidence.  Instead, Mr. Dubinsky analyzed raw data; reconstructed BLMIS's books and records;

and performed various qualitative and quantitative analyses to opine on the fraud, Ponzi scheme,

and resulting insolvency at BLMIS.  The detailed factual foundation he provides supports his

opinions as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(a)(2)(B).[13]

This is precisely what an expert witness is supposed to do.  *See Broadspring, Inc. v. Congoo,*

*LLC*, No. 13 Civ. 1866, 2014 WL 4100615, at *16 (S.D.N.Y. Aug. 20, 2014) (an expert "must

form his own opinions by applying his extensive experience and a reliable methodology" to

factual material) (citation and internal quotation marks omitted).  Thus, Mr. Dubinsky's

testimony is easily distinguishable from the stricken testimony in the two cases cited by

---

[13] *See generally* Dubinsky Rpt.

Defendants on this point since he does not simply describe "lay matters," *In re Rezulin Products Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004), or act as a mere conduit for a factual narrative. *See S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 683 (S.D.N.Y. 2013).  Dubinsky has specialized knowledge in the areas for which he is proffered as an expert witness and his testimony will assist the trier of fact to understand the evidence and determine the factual issues in this case. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting Fed. R. Evid. 702). Accordingly, Dubinsky's opinions and testimony should be permitted.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order denying Defendants' Motion *in Limine* to Exclude the Testimony and Report of Bruce G. Dubinsky.

Dated:  May 10, 2017
      New York, New York

**BAKER & HOSTETLER LLP**

*/s/ David J. Sheehan*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Brian W. Song
Email: bsong@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*