# Exhibit 1

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Edward J. Jacobs
Email: ejacobs@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　　Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION,<br><br>　　　　　　　　　　Defendants. | Adv. Pro. No. 09-01182 (BRL) |

**PLAINTIFF'S SUPPLEMENTAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff

Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the consolidated estate of Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, hereby provides the following supplemental disclosures.

These disclosures are made without waiver of, and with preservation of the right to raise and/or fully address the following:

1. All issues as to competency, relevancy, materiality, privilege and admissibility of matters disclosed herein, and the subject matter thereof, as evidence for any purpose in this action or subsequent actions;

2. The right to object to any matters disclosed herein, or the subject matter thereof, on any ground, throughout this and/or any other action;

3. The right to object on any ground at any time to a demand or a request for further disclosure of matters identified herein, including, but not limited to the forms of discovery allowed by the Federal Rules of Civil Procedure or other discovery proceedings involving or relating to the subject matter of this controversy; and

4. The right at any time to revise, correct, add to, supplement or clarify any of the disclosures contained herein.

To the extent that any matters disclosed by the Trustee herein have been disclosed inadvertently, and such matters otherwise fall within the scope of a privilege, the Trustee shall not be deemed to have waived such privilege as to any such disclosure or the information contained therein. Likewise, the Trustee shall not be deemed to have waived his right to such privilege as to any other matter that may arise during the course of this litigation or any subsequent proceeding.

The Trustee's disclosures represent a good faith effort to identify information called for by Rule 26 of the Federal Rules of Civil Procedure. However, these disclosures should not be construed as constituting all of the facts, evidence, or other information that may exist, or that may eventually be established, in support of the Trustee's claims that have been and may be

300261137

asserted in this action. As the Trustee's investigation continues he will supplement his disclosures to the extent required by Rule 26(e).

A.  Rule 26(a)(1)(A)(i). The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the following individuals, or where deceased, the estates of the individuals, are likely to have discoverable information. Current or last known addresses, where in the possession of the Trustee, will be produced upon request. The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following information not otherwise made known through the discovery process or in writing:

1. The following individuals have knowledge concerning: (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification, preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

2. The following individuals have knowledge concerning the deposits and withdrawals associated with BLMIS customer accounts and the Trustee's calculation of BLMIS customer net equity: Lisa Collura and Matthew Greenblatt, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, NY 10036.

3. The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code, and for whom the fraudulent scheme perpetrated by BLMIS was not reasonably discoverable:

    - Paul A. Goldberg & Caren Goldberg
    - Marsha Moskowitz
    - S. Joel Pelzner & Carol A. Pelzner

300261137

- 3 -

The Trustee believes that other people may have discoverable information, but the Trustee either does not currently know their identities, or does not intend, at this time, to use their testimony to support his claims.

B.   Rule 26(a)(1)(A)(ii). A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or as different subjects become relevant.

At the present time, the Trustee identifies the following documents, electronically stored information, or tangible things in the possession of Plaintiff's counsel that contain information relevant to the matter in controversy.

1. Documents sufficient to prove fraudulent activity at BLMIS.

2. Documents sufficient to prove that BLMIS was insolvent from the period of August 29, 2008 through December 11, 2008, the 90-day preference period, and also from the period of October 31, 2002 through December 11, 2008, the 6-year fraudulent transfer period.

Consistent with applicable court orders, the Trustee has made available a set of approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent. The documents supporting the conclusion that BLMIS was a fraudulent enterprise will include BLMIS customer account ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment

300261137

- 4 -

advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create customer statements; documents related to BLMIS trades settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The documents supporting the conclusion that BLMIS was insolvent will include investment advisory business cash balances and customer account liabilities; market making and proprietary trading businesses cash balances and securities data; and documents related to the appraisal and valuation data of the market making and proprietary trading businesses.

By way of further disclosure, the Trustee also identifies the following documents upon which he may rely:

1. Exhibits to the Third Amended Complaint.

2. Documents referred to in the Third Amended Complaint.

3. The following publicly available documents:

- Publicly available news articles published prior to December 11, 2008 regarding Madoff's investment advisory business, for example, "Don't Ask, Don't Tell: Bernie Is So Secretive, He Even Asks His Investors To Keep Mum," *Barron's* (May 7, 2001), and "Madoff Tops Charts: Skeptics Ask How," *MarHedge* (May 2001).

- Any Form ADV or other public filing made by BLMIS to the U.S. Securities and Exchange Commission.

300261137

- 5 -

Date:  New York, New York      Respectfully submitted,
November 22, 2013

        */s/ Edward J. Jacobs*
        Baker & Hostetler LLP
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: (212) 589-4200
        Facsimile: (212) 589-4201
        David J. Sheehan
        Email: dsheehan@bakerlaw.com
        Edward J. Jacobs
        Email: ejacobs@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

300261137

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 22nd day of November, 2013 by electronic mail upon the following:

| | |
|---|---|
| Counsel for Defendants J. Ezra Merkin and Gabriel Capital Corporation<br>Neil A. Steiner, Esq.<br>Diane N. Princ, Esq.<br>Dechert LLP<br>1095 Avenue of the Americas<br>New York, New York 10036<br>Email: neil.steiner@dechert.com<br>Email: diane.princ@dechert.com | Counsel for Defendant Ascot Partners, L.P.<br>Judith A. Archer, Esq.<br>Jami Mills Vibbert, Esq.<br>Fulbright & Jaworski LLP<br>666 Fifth Avenue<br>New York, New York 10103-3198<br>Email: judith.archer@nortonrosefulbright.com<br>Email: jami.vibbert@nortonrosefulbright.com |
| Counsel for Defendants Gabriel Capital, L.P. and Ariel Fund Limited<br>Jordan W. Siev, Esq.<br>Casey D. Laffey, Esq.<br>Reed Smith LLP<br>599 Lexington Avenue, 28th Floor<br>New York, New York 10022<br>Email: jsiev@reedsmith.com<br>Email: claffey@reedsmith.com | Counsel for Defendant Ascot Fund Ltd.<br>Douglas Hirsch, Esq.<br>Jennifer Rossan, Esq.<br>Sadis & Goldberg LLP<br>551 Fifth Avenue, 21st Floor<br>New York, New York 10176<br>Email: dhirsch@sglawyers.com<br>Email: jrossan@sglawyers.com |

*/s/ Sarah Jane T.C. Truong*
*An Attorney for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and Bernard L. Madoff*

300261137

- 7 -