# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

May 15, 2017

**VIA ECF AND EMAIL:**
Bernstein.chambers@nysb.uscourts.gov

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:   *In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

    We write on behalf of all of the good-faith Defendants represented by Chaitman LLP ("Defendants") to address various outstanding discovery issues in advance of the May 31, 2017 conference.

### I.    The Trustee's motion to quash subpoenas served on BLMIS traders

    We served subpoenas (the "Subpoenas") on ten former BLMIS traders on behalf of all Defendants. The Subpoenas seek the traders' depositions and request documents relating to BLMIS' trading activities prior to 1992 (which documents the traders are unlikely to possess but would be highly probative). The purpose of the Subpoenas is to obtain discovery relating to BLMIS' pre-1992 trading activities, the date at which Madoff stopped purchasing the securities shown on customer statements, and the scope of the fraud at BLMIS. This discovery is essential, particularly in view of the Trustee's utter failure – until very recently – to produce any of Madoff's trading records that pre-date 1992 despite this Court's order – over one year ago – that the Trustee produce all trading records. (*See* May 17, 2016 Transcript at 68:12-18, 69:19-22, attached as Ex. A; *see also* Trustee's Response to Defendants' First Request for Production at Nos. 16, 18, attached as Ex. B) (requesting trading records). Moreover, this Court and the Trustee have recognized that Defendants have the right to obtain discovery from third parties. (*See* Ex. A at 59:15-20) (Mr. Jacobs: "Ms. Chaitman . . . . obviously has subpoena power. She can go out into the world and conduct third-party discovery.").

    The Trustee raises a series of procedural objections to the Subpoenas, none of which has any merit. First, the Trustee argues that the Subpoenas can only be served pursuant to the Order Authorizing Madoff's Deposition. (*See* ECF No. 15393 at 2-3). This argument makes no sense. The Order Authorizing Madoff's Deposition concerns only Madoff's deposition. It has nothing whatsoever to do with the Defendants' right to take discovery of Madoff's trading activities. (*See generally* ECF Nos. 14213, 14905).

CHAITMAN LLP

The Honorable Stuart M. Bernstein
*In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789
May 15, 2017
2

Second, the Trustee argues that the Subpoenas cannot be served in the 14 of 87 cases where discovery was closed as of the date the Subpoenas were served. However, this Court ordered the Trustee to produce all of Madoff's trading records on May 17, 2016 and, but for the Trustee's deliberate violation of this Court's Order, all of the trading records would have been produced in May of 2016. Defendants then sought to compel production of the trading records and Magistrate Judge Maas entered an Order on January 5, 2017 compelling the Trustee to promptly do so. (*See* ECF No. 14807 at 3) ("To the extent there are any additional relevant records of securities trading that have not been made available . . . through Data Room 1, they must promptly be produced."). It is only in the last four weeks that the Trustee claims to have completed his compliance with that Order. Since the Trustee knowingly violated this Court's May 17, 2016 Order, the Trustee can hardly claim that any of the Defendants should be barred from using the documents that the Trustee concealed.

The Trustee has previously sought to benefit from his own recalcitrance in complying with discovery obligations. The Court recognized that the Trustee's position was untenable. (*See* August 24, 2016 Transcript at 23:24-24:18, attached as Ex. C) (The Court: "So but if we're litigating in those particular cases [where discovery has closed] and Mr. Madoff has said, you know, the scheme began on January 1st, 1992 how do I not use that information?").

Moreover, discovery can always be reopened upon a showing of good cause. *See, e.g.*, *McKay v. Triborough Bridge & Tunnel Auth.*, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007) (cited by the Trustee, ECF No. 15393 at 2). Whether good cause exists "depends on the diligence of the moving party." *Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir. 2003); *see also Vilkhu v. City of New York*, 2007 WL 2713340, at *5 (E.D.N.Y. Sept. 13, 2007) (in assessing good cause, court should also consider the phase of the litigation and whether party proceeded in good faith). Here, there is good cause to permit the Subpoenas to be served in all cases because the Trustee ignored this Court's May 17, 2016 order to produce all trading records and he delayed for months after Magistrate Judge Maas' January 5, 2016 Order to complete the production of all trading records (which the Trustee now claims is finally complete).

In addition, Madoff has now testified credibly that the investment-advisory fraud did not begin until sometime in 1992 and that it was limited to customers in the split-strike conversion strategy. Madoff has completely destroyed the credibility of Bruce Dubinsky, the "expert" upon whom the Trustee relied entirely to prove that Madoff never purchased securities for his investment advisory customers. It is clear from Madoff's testimony that Dubinsky did not spend even $500 of the $30 million he was paid by the Trustee for his report to consult with a trader who did convertible arbitrage trading in the 1980s. Had he done so, he could not possibly have reached the conclusions he reached.

Discovery is a search for the truth. Were the Trustee not afraid of the truth, he would welcome the discovery sought by the Subpoenas.

A. <u>The Trustee should be barred from using at the time of trial any evidence not timely produced during discovery</u>

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
*In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789
May 15, 2017
3

The Trustee failed to timely respond to Defendants' requests for trading records. It is well established that "a failure to produce a document in discovery that is not protected by a privilege or the work-product doctrine ordinarily results in a prohibition against that document being used at trial or in connection with any motion." *Harley v. Nesby*, 2011 WL 6188718, at *4 (S.D.N.Y. Dec. 12, 2011); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . ."). Stated simply, the Trustee cannot "hold its evidence in secret and then disclose it for the first time at trial." *Harley*, 2011 WL 6188718, at *4. The Trustee's failure to timely respond to discovery requests has resulted in his waiver of using any information sought in the discovery requests at the time of trial. Indeed, Judge Maas recently entered an order in one of defendants' cases barring the defendant from using belatedly produced documents. (*See* ECF No. 15982). There is no reason why the same relief should not now be entered here due to the Trustee's failure to timely produce trading records.

**II.    The Trustee's objections to Defendants' Second Request for the Production of Documents**

On March 22, 2017, Defendants served two document requests on the Trustee. These requests seek all hold harmless and/or indemnification agreements between Madoff and the Four Families (Picower, Levy, Shapiro, and Chais). Madoff testified during his deposition that such documents exist. These documents are important because Madoff has testified that the Four Families owed him approximately $10 billion under the hold harmless agreements which would totally refute Dubinsky's claim that Madoff was insolvent during certain time periods.

The Trustee has raised a series of objections to these requests, such as that they are not relevant. (*See* Trustee's Reponse to Defendants' Second Request for Production at 7-9, attached as Ex. D). The Trustee has also indicated that he performed a "reasonable search" that did not yield responsive documents, but he does not describe what that "reasonable search" entailed. (*See id.*).

Because the Trustee objects to the relevancy of these documents, we are concerned that what the Trustee might consider to be a "reasonable search" would be unreasonable if the Trustee acknowledged that these documents are relevant. Accordingly, we request that the Trustee clarify for Defendants and the Court what steps he performed as part of his "reasonable search." We have conferred with the Trustee on this matter but have not reached a resolution. (*See* Meet-and-confer letters, attached as Ex. E).

**III.   The applicability of Judge Maas' rulings in cases other than those in which Judge Maas was appointed discovery arbitrator**

On April 5, 2017, the Trustee wrote this Court asking for clarification regarding the applicability of Judge Maas' rulings outside of the nine cases in which Judge Maas was appointed

CHAITMAN LLP                                            The Honorable Stuart M. Bernstein
                                           *In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789
                                                                              May 15, 2017
                                                                                        4

discovery arbitrator.[1]  (*See* ECF No. 15667).  The Trustee's letter was particularly concerned with the applicability of Judge Maas' Amended Order entered on January 9, 2017, which grants Defendants an option, but does not impose an obligation, to stipulate to certain transfers.  (*See* ECF No. 14820).  The Trustee picks and chooses when he wants Judge Maas' Orders to apply in only a limited number of cases or in all cases globally; for example, the Trustee takes the position that Judge Maas' rulings imposing various conditions Defendants' depositions do not apply in all cases.  (*See* Emails from Trustee regarding depositions, attached as Exs. F and G).

We believe the Court has already indicated that Judge Maas' Orders are binding only in those nine cases in which Judge Maas was appointed discovery arbitrator.  (*See* February 7, 2017 Transcript at 17:5-20, attached as Ex. H).  With respect to Judge Maas' January 9, 2017 Order specifically, the Court was clear that its provision regarding an optional stipulation did not impose any obligation on any Defendant, and certainly could not impose any obligation on those Defendants who have not even consented to Judge Maas' jurisdiction.  (*See id.*).

### IV.     Request to have all Defendants' expert reports due on the same date

By letter dated March 3, 2017, we requested that the Court fix one date for the filing of all of Defendants' expert reports.  (ECF No. 15112).  While each case management order contains a different date for the serving of Defendants' expert reports, these reports will necessarily rely on Madoff's deposition testimony and on our analysis of the trading records that the Trustee has only this month completed his production of – despite this Court's May 17, 2016 order that he do so.  While we have now completed the deposition of Mr. Madoff as to the "Day One Topics," we have not yet scheduled Mr. Madoff's deposition on the "Day Two Topics."  It makes no sense to require expert reports to be submitted in any of Defendants' cases until all discovery necessary for consideration by the experts has been completed.  The delay is not the fault of the Defendants.  Obviously, if the Trustee had complied with this Court's May 17, 2016 order to produce all of Madoff's trading records, the truth about Madoff's trading would have come out one year ago.

                                                        Respectfully submitted,

                                                        */s/ Helen Davis Chaitman*

                                                        Helen Daivs Chaitman, Esq.

HDC/leb/sh

cc:     Edward J. Jacobs (ejacobs@bakerlaw.com)

---

[1] Those cases are listed at ECF No. 15667 at n.1.  The Order Appointing Judge Maas as discovery arbitrator is at ECF No. 14227.