# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

May 16, 2017

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Email: bernstein.chambers@nysb.uscourts.gov

Re:  *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 11-02760 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the estate of Bernard L. Madoff. We write concerning the submission of a proposed order settling Your Honor's Memorandum Decision Denying Request to Certify Judgment for Direct Appeal to the United States Court of Appeals for the Second Circuit (the "Certification Decision").[1]

As noted at the hearing on the Trustee's motion for certification (the "Certification Motion"),[2] the Bankruptcy Court retained jurisdiction over this matter for 30 days after the Trustee filed his notice of appeal on March 14, 2017.[3] As of April 14, 2017, jurisdiction over this matter has resided in the District Court, and only the District Court had the authority to decide the Trustee's motion for certification (the "Certification Motion").[4]

---

[1] *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 11-02760 (SMB) (Bankr. S.D.N.Y. May 4, 2017), ECF No. 88.

[2] Tr. Regarding Hr'g Held on March 29, 2017, 47:21–48:8, 56:23–25, ECF No. 87.

[3] Fed. R. Bankr. P. 8006(b); Notice of Appeal (Mar. 14, 2017), ECF No. 75.

[4] Fed. R. Bankr. P. 8006(d); *see also Buchwald Capital Advisors, LLC v. Papas (In re Greektown Holdings, LLC)*, 2016 WL 825537, at *2 (E.D. Mich. Feb. 24, 2016) (ruling that only the court where the matter is pending may

May 16, 2017
Page 2

As officers of the Court, counsel for the Trustee wishes to bring to this Court's attention this jurisdictional dilemma. Specifically, counsel does not believe the Court had jurisdiction over the matter when it issued the Certification Decision. We respectfully request that the Court withdraw the Certification Decision and to direct the Clerk of the Bankruptcy Court to transmit the record for the above-referenced matter to the District Court.

**Rule 8006–Certifying a Direct Appeal to the Court of Appeals**

The Federal Rules of Bankruptcy Procedure were amended on December 1, 2014. One of the changes included renumbering prior Rule 8001 as Rule 8006—which govern direct appeals from the Bankruptcy Court to the Court of Appeals—and amending the time during which the Bankruptcy Court retains jurisdiction to decide certifications.

Prior to December 1, 2014, Rule 8001(f) provided that a request for certification "shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2)" and instructed that a matter was considered "pending" "until the docketing," in accordance with prior Rule 8007(b). Following December 1, 2014, Rule 8006(f)(1) requires a party to file a motion for certification within 60 days of entry of the final judgment in the court where the matter is pending.[5] Rule 8006(b) provides that a matter remains pending in the bankruptcy court for only 30 days after the notice is filed, and is thereafter pending in the district court. Under Rule 8006(d), once certification is sought, "[o]nly the court where the matter is pending . . . may certify a direct review on request of parties or on its own motion."

Rule 8006(b) departs from prior Rule 8001 by fixing the time during which the bankruptcy court retains jurisdiction to decide a certification motion. This change is highlighted in the 2014 advisory committee notes to Rule 8006(b)[6] and the Draft Standing Committee Minutes from the January 2012 Meeting of the Committee on Rules of Practice and Procedure.[7]

---

certify a direct appeal, and that 30 days following the filing of the notice of appeal in district court, the appeal was pending in the district court, and no longer in the bankruptcy court pursuant to Fed. R. Bankr. P. 8006(b) and (d)).

[5] The Trustee filed his motion for certification on March 14, 2017 (ECF No. 87). Rule 8006(f)(1) does not require the Trustee to file a separate certification in the district court on the 31st day after the filing of the notice of appeal, but before the 60th day following the entry of the judgment. *See In re Greektown Holdings*, 2016 WL 825537, at *1–2 (certification was filed in bankruptcy court while matter was properly pending before it, and deemed transferred to district court after 30th day without refiling request for certification).

[6] "Because of the prompt docketing of appeals in the district court or BAP under Rules 8003 and 8004, a matter is deemed--for purposes of this rule only--to remain pending in the bankruptcy court for 30 days after the effective date of the notice of appeal. This provision will in appropriate cases give the bankruptcy judge, who will be familiar with the matter being appealed, an opportunity to decide whether certification for direct review is appropriate. Similarly, subdivision (d) provides that only the court where the matter is then pending according to subdivision (b) may make a certification on its own motion or on the request of one or more parties." Fed. R. Bankr. P. 8006(b) advisory committee's note to 2014 amendments.

[7] "Since the bankruptcy court is likely to have the most knowledge about a case, proposed Rule 8006(b) specifies that a case will remain pending in the bankruptcy court, for purposes of certification only, for 30 days after the

May 16, 2017
Page 3

Because the Certification Decision was entered 51 days after the notice of appeal was filed, the matter was already pending in the District Court, and pursuant to Rule 8006(d) only the District Court had jurisdiction to decide the Certification Motion.

**Impact of the Certification Decision Entered after this Court's Jurisdiction Expired**

Federal Rule of Civil Procedure 60(b), made applicable to this adversary proceeding through Federal Rule of Bankruptcy Procedure 9024, allows the Court to "relieve a party . . . from a final . . . order" based on any of several enumerated grounds, including, as applicable here, judgments that are void[8] as a matter of law because they were made without subject matter jurisdiction.[9] Courts within the Second Circuit have held Rule 60(b) enables this Court to correct a mistake of law where such correction would be more efficient than requiring the Trustee to appeal.[10] This is because a Rule 60(b)(4) motion "is unique . . . because relief is not discretionary and a meritorious defense is not necessary" as on motions made pursuant to other 60(b) subsections.[11]

Because the Certification Decision was rendered after this Court was divested of jurisdiction, the Trustee respectfully requests that Court vacate the decision, allowing the parties to move forward without the time and expense associated with a Rule 60(b)(4) motion.[12]

---

effective date of the first notice of appeal. The 30-day hold gives the bankruptcy court time to make a certification." Committee on Rules of Practice and Procedure, *Draft Minutes of January 5-6, 2012 Standing Committee Meeting*, 23, 34–35 (June 11, 2012), *available at* www.uscourts.gov/file/15339/download.

[8] A void judgment is a legal nullity. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Although the term 'void' describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.*

[9] A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Williams v. Schriro*, 12 Civ. 3908 (PAE) (JCF), 2016 WL 5942317, at *2 (S.D.N.Y. Oct. 13, 2016) (citation and internal quotation marks omitted); *see also United States v. Forma*, 42 F.3d 759, 761–62 (2d Cir. 1994) (finding district court's default judgment void for lack of subject matter jurisdiction).

[10] *Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31, 35 (2d Cir. 2003) (citing *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) (Friendly, J.) (observing that the use of Rule 60(b) to correct a court's own mistakes of law is much more efficient than requiring an aggrieved party to appeal)); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010) ("There is no question that a district court has the authority to 'revise[ ]' any non-final order 'at any time before the entry of a judgment.') (emphasis added) (citing Fed. R .Civ. P. 54(b); *McNally v. Port Auth. of N.Y. & N.J. (In re WTC Disaster Site)*, 414 F.3d 352, 381 (2d Cir. 2005)).

[11] *See Covington Indus., Inc. v. Resintext A.G.*, 629 F.2d 730, 732 n.3 (2d Cir. 1980); *Pitbull Prods. v. Universal Netmedia, Inc.*, No. 07 Civ. 1784(RMB)(GWG), 2008 WL 1700196, at *4 (S.D.N.Y. Apr. 4, 2008); *Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998).

[12] *See Kao Hwa Shipping Co., S.A. v. China Steel Corp.*, 816 F. Supp. 910, 913 (S.D.N.Y. 1993) ("Unlike motions made pursuant to other subsections of 60(b), the Court has no discretion regarding motions to vacate void judgments under Rule 60(b)(4).").

May 16, 2017
Page 4

\* \* \*

      We have advised opposing counsel of the Trustee's position, and they will provide Your Honor with their position on this subject separately, if they so choose. Trustee's counsel has also provided a proposed order in connection with the relief requested herein, annexed hereto as Exhibit A.

      Should Your Honor have any questions or wish to hear further from parties on this matter, Trustee's counsel is available for the May 31, 2017 omnibus hearing date, or at another time convenient for the Court.

Respectfully,

/s/ David J. Sheehan

David J. Sheehan
Partner

cc:    Counsel for ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.) (via ECF)