**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-01161 (SMB) |

## APPLICATION FOR THE ISSUANCE OF LETTER OF REQUEST

1. Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA") substantively consolidated with the estate of Bernard L. Madoff, individually, through his attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Supreme Court of Bermuda for the examination of Bermuda resident, Mr. Christopher Wetherhill ("Wetherhill").

2. This application is made pursuant to 28 U.S.C. § 1781, this court's inherent authority, and in light of the comity between the United States and Bermuda. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and Bermuda are signatories.

3. Wetherhill is a foreign citizen and non-party. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4. Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale (Fourth Amended Complaint ("FAC") at ¶ 1).

5. His fraud was sustained by capital infusions from around the globe. In particular, domestic and foreign investment vehicles colloquially known as "feeder funds" injected several billions of dollars into his scheme. *Id*.

6. Included among these feeder funds were Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (collectively, the "Kingate Funds"). *Id*.

7. The Kingate Funds were founded by Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso"). Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. These withdrawn funds comprise customer property and constitute avoidable transfers that the Trustee seeks to recover for equitable distribution. (FAC ¶¶ 2-3)

8. Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). Together, KML and FIM (collectively, the "Kingate Managers") purported to "advise," "consult," and "manage" the Kingate Funds. (FAC ¶¶ 4-5)

9. The FAC, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**Wetherhill's Connection to the Kingate Funds**

10. This Application concerns the request for documents from and, the examination under oath of, Wetherhill, who is a resident of, and is located in, Bermuda. Wetherhill is an experienced financial professional, with decades of experience in the financial industry and as a director of several different investment funds.

11. As alleged in the FAC, Wetherhill was a director of the Kingate Funds from their formation until their liquidation in 2009. (FAC ¶ 74). Wetherhill was also a director of KML from its formation until its liquidation in 2009. Wetherhill founded and was chief executive officer and president of Hemisphere Management Limited ("Hemisphere"), Citi Hedge's

08-01789-cgm    Doc 16014    Filed 05/17/17    Entered 05/17/17 15:00:34    Main Document
    Pg 4 of 6

predecessor, which acted as the Kingate Funds' administrator. (FAC ¶¶ 72-74).

12. Wetherill was integral to the operations of the Kingate Funds and played multiple roles within the Kingate Funds' structure and operations.

13. Wetherhill was closely involved with the Kingate Funds from their inception, working with Messrs. Ceretti and Grosso, to structure and establish the Funds. Wetherhill's name appears on corporate documents and service provider agreements for Kingate Global as early as 1994. Accordingly, the knowledge and documentation Wetherhill amassed from the Funds' respective inception dates are critical to the understanding of the Kingate Funds' formation, structure, and the roles played by their various service providers. Wetherhill is also the signatory on the documents that served to open the Kingate Funds' BLMIS investment accounts.

14. Wetherhill also participated in the Kingate Funds' operations as a director until 2008, and his name appears as the Chairman of several board meetings held by the Kingate Funds' directors. Accordingly, he possesses knowledge of the operations of the Kingate Funds and has a deep understanding of the nature of their investments with BLMIS, transfers from BLMIS, the Kingate Funds' investment strategy, and their dealings with their investors.

15. KML acted as investment manager to the Kingate Funds. As a KML director, Wetherhill knew of KML's responsibilities and the duties it performed on behalf of the Kingate Funds. Wetherhill understood the nature of the relationships between the Kingate Funds and their other service providers, including Citi Hedge, FIM and Bank of Bermuda. Wetherhill also communicated frequently with Shazieh Salahuddin, KML's chief administrative employee, about KML's actions with respect to the Kingate Funds and their investment with BLMIS. As a director of KML, Wetherhill possesses documents and knowledge relating to the marketing materials furnished to the Kingate Funds' investors, the policies and procedures with respect to the selection of KML as the Kingate Funds' manager, all subscriptions and redemptions for the Kingate Funds

and related agreements, as well as due diligence efforts performed by KML and FIM with respect to BLMIS.

16. Citi Hedge (previously Hemisphere), as administrator to the Kingate Funds, played a major role in evaluating the Kingate Funds' investments with BLMIS, as well as investments into the Kingate Funds. In his executive capacities, Wetherhill was intimately familiar with services performed by Hemisphere for the Kingate Funds. Wetherhill also possesses documents and knowledge with respect to the net asset value calculation of the Kingate Funds, the due diligence performed by Citi Hedge on both the Kingate Funds and BLMIS, and the subscriptions and redemptions to and from the Kingate Funds, as well as related communications.

17. Whether in his role as administrator, KML director, or the Kingate Funds' director, Wetherhill frequently communicated with Ceretti and Grosso about matters relating to the Kingate Funds and their respective investments with BLMIS. In these capacities, Wetherhill also communicated directly with BLMIS about the Kingate Funds.

18. Because of his many roles, Wetherhill possesses a wealth of first-hand knowledge and relevant documents, pertaining to several allegations in the FAC. (See e.g. FAC ¶¶ 121, 131, 136).

19. Wetherhill's knowledge and documents are essential to the prosecution of the Trustee's claims in this adversary proceeding.

20. For the above reasons, the Trustee believes that the Proposed Letter of Request is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
May 17, 2017

Respectfully submitted,

 */s/ Gonzalo S. Zeballos*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To: Susheel Kirpilani
Robert Loigman
Rex Lee
Lindsay Weber
Jordan Harap
Quinn Emmanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, New York 10010