ALLEN & OVERY

BY ECF

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

Allen & Overy LLP
1221 Avenue of the Americas
New York  NY  10020

Tel             212 610 6300
Fax            212 610 6399
Direct line    212 610 6360
michael.feldberg@allenovery.com

May 18, 2017

RE:   *Irving H. Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland N.V.)*, Adv. Pro. No. 11-02760 (SMB)

Dear Judge Bernstein,

I write on behalf of ABN AMRO Bank N.V. (*presently known as* The Royal Bank of Scotland, N.V.) ("RBS/ABN"), the Defendant in the above captioned proceeding.

On May 4, 2017, this Court entered a well-reasoned decision rejecting the Trustee's arguments for direct certification, holding that "[c]onsideration of that issue [whether this Court correctly applied settled law to the complaint], in the first instance, should be addressed to the District Court, and percolate up to the Court of Appeals through the usual route following District Court review." Memorandum Decision Denying Request to Certify Judgment for Direct Appeal to the United States Court of Appeals for the Second Circuit ("Memorandum Decision Denying Certification"), ECF No. 88 at 10.[1] On May 5, RBS/ABN circulated to the Trustee a proposed stipulated order (attached as Exhibit A) so that the appeal could progress in an expedient manner in the District Court. The Trustee now contends—after the denial of his request—that this Court lacks jurisdiction to enter an order denying certification of a direct appeal, and has lacked jurisdiction to do so since April 14 under Rule 8006 of the Bankruptcy Rules. *See* Trustee's Letter Regarding Proposed Order Settling Certification Decision ("Trustee's Letter") at 1–3, ECF No. 89.

The Trustee's argument is moot because his time to request certification before the District Court expired on May 2, 2017 under Rule 8006(f). At the March 29 hearing, the Court put the Trustee on

---

[1] In all actions but this one (over 80 other actions), Defendants-Respondents consented to a direct appeal. But RBS/ABN objected on the grounds that "there is inherent benefit in allowing the case to percolate through the district court in order to cast light on issues to be considered in any further appeal." ECF No. 83 at 12. Pursuant to 28 U.S.C. 158(d)(2)(A), this Court certified the unopposed appeals, leaving the Second Circuit to determine whether direct appeal is proper. The Trustee's petitions are under review by the Second Circuit.

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (cooperation office), Rome, São Paulo, Seoul, Shanghai, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C. and Yangon.

notice that he needed to file his request for certification in the District Court if he was concerned about the Court's jurisdiction.[2] The Trustee failed to do so. The Trustee cannot now seek a "second bite at the apple," or to further delay this appeal, after losing his certification request. As this Court determined, the case must proceed in the normal course to the District Court, and we respectfully request that this Court enter the Proposed Order attached as Exhibit B, and transmit the record on appeal to the District Court pursuant to Rules 8009 and 8010.

### I.     The Trustee's Argument Is Moot Under Rule 8006(f)

The Trustee's argument is mooted by the fact that his time has lapsed for filing a request for certification in the District Court. Rule 8006(f) provides: "A request by a party for certification . . . must be filed with the clerk of the court where the matter is pending within 60 days after the entry of the judgment, order, or decree." The burden fell on the Trustee to file his request in the court "where the matter was pending" by May 2, 2017, within 60 days after the final order was entered, as noted by this Court at the March 29 hearing.[3]

The Trustee now contends that 30 days after the notice of appeal, the matter *automatically* became pending in the District Court, though the District Court had no notice or way of knowing about the existence of this case. Trustee's Letter at 2, n.5. This flies in the face of the instruction of this Court at the March 29 hearing, and is a transparent attempt by the Trustee to re-litigate in the District Court an issue that this Court has already (correctly) decided.

The one case cited by the Trustee does not support—and in fact, undermines—the Trustee's argument. In *Greektown*, the request for certification was moved to the District Court within the 60-day period mandated by Rule 8006(f) through a joint status conference in which both parties agreed to transfer the certification request to the District Court. *Buchwald Capital Advisors, LLC v. Papas (In re: Greektown Holdings, LLC)*, 2016 WL 825537, at *2 (E.D. Mich. February 24, 2016). Here, the Trustee did not file his request in the District Court, hold a conference with the District Court requesting a transfer, or even seek that the Clerk of this Court forward his request to the District Court within the 60-day timeframe provided by Rule 8006(f). The Trustee's time to do so has expired. The Trustee cannot now, after waiting silently to see if this Court would grant his request, seek a second chance to have his motion heard after the 60-day timeframe has lapsed.

### II.    Rules 8006(b) and 8006(d) Do Not Render This Court's Decision Void

Moreover, the Trustee's claim that this Court lacked jurisdiction to issue the Memorandum Decision Denying Certification—and that the Memorandum Decision should be vacated—is not in accord with the plain language of Rule 8006 and leads to a result contrary to the intent of the rule. According to Rule 8006(d), "[o]nly the court where the matter is pending . . . may *certify* a direct review on request of parties." (emphasis added). This Court's memorandum decision does not certify direct review—but

---

[2]     Hearing Tr. at 48:2–11 (the Court replied in response to the Trustee's arguing that there was a 30 day limitation, "[w]ell, you can make the motion in District Court, also, I suppose," and then the Trustee agreed, "[t]hat's correct."), ECF No. 87.

[3]     Other courts have recently taken this approach. *See, e.g., In re IMMC Corporation*, Adv. Pro. No. 10-53063 (Bankr. D. Del. Nov. 11, 2015), ECF No. 72 *and* 15-cv-1043 (D. Del. Nov. 12, 2015), ECF No. 2 (request for certification also filed with district court within the 60-day timeframe allotted by Rule 8006(f)).

rather explains why certification should be denied. Under the plain language of Rule 8006(d), this Court is permitted to deny the Trustee's request for certification, and we respectfully request that the Court enter RBS/ABN's Proposed Order attached as Exhibit B. The Trustee's attempt to have this Court's well-reasoned decision vacated would lead to the absurd result of allowing the Trustee to re-litigate his loss in the District Court, after he failed to timely file in the District Court, per this Court's instruction. The Trustee's attempt to void an unfavorable ruling and to delay the hearing of this appeal should be rejected.[4]

Respectfully,

Michael S. Feldberg

Enclosures.

cc: Counsel of record (by ECF)

---

[4] Even were this Court to determine that under Rule 8006, the District Court is the proper court to issue an order regarding certification, the Memorandum Decision Denying Certification should not be vacated. The Trustee wrongly claims that subject matter jurisdiction is at issue, mandating vacatur. However, there is no indication that Rule 8006 imposes anything but a procedural limitation. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 502 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."). In fact, the Supreme Court has held that statutes "allocat[ing] the authority to enter a final judgment between the bankruptcy court and the district court . . . do[] not implicate questions of subject matter jurisdiction." *Stern v. Marshall*, 564 U.S. 462, 480 (2011) (holding that 28 U.S.C. 157(b)(5) "does not have the hallmarks of a jurisdictional decree" because the statutory text does not refer to district court or bankruptcy court "jurisdiction," even though the statute referenced where claims "shall be tried."). Statutory limitations can be impliedly waived, as the Trustee has done in this case by filing his certification request in the Bankruptcy Court and his failure to either file in the District Court after 30 days or to object to this Court's jurisdiction before it rendered the Memorandum Decision Denying Certification. *See Mann v. Alexander Dawson Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir. 1990) (holding that a debtor's decision to file an adversary proceeding in bankruptcy court, and his failure to object to that court's jurisdiction prior to the time it rendered judgment against him, meant that "[t]hrough his conduct, he consented to the court's jurisdiction.").

*At a minimum*, the Memorandum Decision Denying Certification should be treated as a report and recommendation, rather than wholly vacated. This Court is best suited to decide the certification motion, as it is the most familiar with the matter being appealed and has the most knowledge of this case. Given this Court's expertise on this matter, its decision is instructive for a District Court issuing a final order on this issue. *See* 28 U.S.C. § 157(c)(1) (bankruptcy judge may hear and submit proposed findings of fact and conclusions of law to the district court in a proceeding that is not a core proceeding but that is otherwise related to a case under title 11).

3