

Exhibit

1ZA401-30/40
JEFFREY SCHAFFER

3/29/96—FIX ADD:
12AH01-30/40

AMF00045276

## NAME & ADDRESS FILE MAINTENANCE

Action      (1)  A  (Note! A-Add C-Change D-Delete

Account Number      (6)  I Z A 4 01

Type      (1)  1  (Note! 1-Name & Address 2-Duplicate /_____ 3- Mailing

P____  S____  A____  N____  N____

Line 1  (30)  Jeffrey Schaffer

Line 2  (30)  _____

Line 3  (30  [Redacted]

Line 4  (30

City (20)  _____  State (2)  [Redacted]    Zip  [Redacted]

Note! Type 1 information only)

Short Name (12)  Schaffer        SS-ID# (11)  [Redacted] 4579

Foreign Acct _____  Margin Acct _____  1087 ____

Group Name (10)  A + B - All

Compo____  Memos____  Statements____  (Note! N= Do Not Print)

| | Profits | Dividends | Interest | (Note! S-Send R-Reinvest |
|---|---|---|---|---|
| Type 1 | - | - | - | |
| 2 | - | - | - | |
| 3 | - | - | - | |
| 4 | - | - | - | |
| 5 | - | - | - | |
| 6 | - | - | - | |
| 7 | - | - | - | |
| 8 | - | - | - | |
| 9 | - | - | - | |

Done
12/10/98
DK

Dup #1

FOREIGN ___ Y
MARGIN ___ Y
1007 ___ N

Line 1 (30)_____*Jeffrey Schaffer*_____

Line 2 (30)_____DONNA SCHAFFER JTWRDS_____

# Redacted

AMF00045278

1/30/08

Madoff Securities
885 Third Ave
NY NY 10022

To whom It May Concern,

Please add check in the amount of $65,000.00 (#2005) to my account # 1-ZA401-3.

thank you for your attention To this matter.

Very truly Yours,

Jeffrey Shapiro

REDACTED

October 1, 2007

To Whom It May Concern,

Please deposit the 2 checks enclosed into our account # 1-Z9401-4. Thank you for your attention to this matter.

Very truly yours,

Jeffrey Shaffer          10/4/07

AMF00045280

FROM :Schaffer                    FAX NO. :  Redacted              Aug. 21 2007 01:24PM  P1

Jeff Schaffer

## REDACTED

August 21, 2007

To Whom It May Concern:

Please issue a check for the amount of $600,000.00 from account 1-ZA401-4, to be mailed to the address above.
Thank you.

Jeff Schaffer

*Jeffrey Schaffer*

*Donna Schaffer*

1.2 mil

5-8/22



Jeff Schaffer

REDACTED

March 26, 2007

To Whom It May Concern:

Please issue a check for the amount of $50,000.00 from account 1-ZA401-4, to be mailed to the address above.
Thank you.

Jeff Schaffer

1.2 MIL                                                     5-3/27

AMF00045282

4/17/06

ATTN: ERIC

RE: Jeffrey Schaffer ~~account # 1-ZA401-3-0~~

Dear Eric,

As per our phone conversation ~~today~~, I am writing to request that $50,000 be withdrawn from my account #1-ZA401-3-0 & be sent to my home address;

**REDACTED**

If there are any questions, I can be reached at **REDACTED** cell or home.

Thank you,

Jeffrey Schaffer

1.1 mil        S - 4/21

AMF00045283

12/02/05

*Jeffrey & Donna Schaffer*

**REDACTED**

*BERNARD L. MADOFF*
*INVESTMENT SECURITIES*
*885 THIRD AVE.*
*NEW YORK, NY 10022*

*Dear Erin,*

*We would like to have $150,000.00 drawn from our account #1-ZA401-4 and sent to us.*
*If you have any questions please call at your earliest convenience.*

*Thank you.*

*Very truly yours,*

*Jeffrey & Donna Schaffer*

1.2 mil                                    S - 12/8

4/16/01

Jeffrey Schaffer

REDACTED

BERNARD L. MADOFF
INVESTMENT SECURITIES
885 THIRD AVE.
NEW YORK, NY 10022

Dear Erin,

Enclosed please check #389 in the amount of $80,000.00 to be added to my acct. #1-ZA401-3. Thank you for your attention to this matter.

Very truly yours,

jeffrey Schaffer

7/25/05

*Jeff & Donna Schaffer*

REDACTED

BERNARD L. MADOFF
INVESTMENT SECURITIES
885 THIRD AVE.
NEW YORK, NY 10022

*Dear Jody,*

*I am writing to request a withdrawal from my account #1-ZA401-3-0 in the amount Of $200,000.00.*

*Very truly yours,*

*Jeffrey & Donna Schaffer*

1.3 mil          S -7/27

AMF00045286

*11/20/01*

*Jeffrey & Donna Schaffer*

| REDACTED | **REDACTED** |

*BERNARD L. MADOFF*
*INVESTMENT SECURITIES*
*885 THIRD AVE.*
*NEW YORK, NY 10022*



*Dear Erin,*

*I am writing to let you know that we have moved. Our new address is at the top of this letter. Please send all mail to the new address.*

*Very truly yours,*

*Jeffrey and Donna Schaffer*

*3/13/02*
*x Mail Return — (as per cust.) J, A 401*
*Change City 40*

**REDACTED**

AMF00045287

```
                                              PRINT KEY OUTPUT      MADFI7              PAGE
5722SS1 V5R1M0 010525                                                        11/27/01 10:31:01   1

DISPLAY DEVICE  . . . . . . . . :  WT
USER  . . . . . . . . . . . :  ALETHEA

CHANGING ACCOUNT# 123401        CUSTOMER MASTER FILE MAINTENANCE

LINE 1   JEFFREY SCHAFFER
LINE 2   DONNA SCHAFFER JT WROS
LINE 3
LINE 6
CITY
COUNTRY
CHECK NAME1 JEFFREY SCHAFFER AND DONNA SCHAFFER JT WROS
CHECK NAME2
SHORT NAME SCHAFFER J    SS-ID# CONFIRMED
FOREIGN F-A- U/W RATE 0000    GROUP NAME A-B-ALL  MARGIN ACCT N AGENCY ACCT
CORPS MEMOS    STATEMENTS    10425-->RECIPIENT EXEMPT    CITY CD
                            1099 FORMS
                            PROFITS DIVIDEND  INTEREST  TYPE  BATCH
1 - ARBITRAGE ACCOUNT                          30    F
2 - LONG ACCOUNT (SPECIAL)                     40    F
3 - LONG ACCOUNT (REGULAR)                     50
4 - OPTION ACCOUNT                             70
5 - HEDGE ACCOUNT

CMD-1 REJECT          CMD-6 DELETE          CMD-6 GENERATE CHECK NAME
```

REDACTED

AMF00045288

| | |
|---|---|
| **MADF** | **BERNARD L. MADOFF**<br>INVESTMENT SECURITIES LLC<br>885 Third Avenue New York, NY 10022 |

212 230-2424
800 334-1343
Fax 212 486-8178

## JOINT ACCOUNT WITH RIGHT OF SURVIVORSHIP

RE: Account Number _1ZA401-30_

   In consideration of your carrying a joint account for the undersigned, the undersigned jointly and severally agree that each of them shall have authority on behalf of the joint account to buy, sell and otherwise deal in, through you as brokers, stocks, bonds, listed options any and all forms of securities, commodities and other property on margin or otherwise (including short sales and uncovered listed option writing); to receive on behalf of the joint account demands, notices, confirmations, reports, statements of account, and communications of every kind; to receive on behalf of the joint account money, securities and property of every kind, and to dispose of the same; to make on behalf of the joint account as fully and completely as if each alone were interested in said account, all without notice to the other or others interested in said account.   The authority hereby conferred shall remain in force until written notice of its revocation, signed by both parties thereto, addressed to you is delivered at your office at 885 Third Avenue, New York, NY 10022-4834.

   The undersigned further agrees jointly and severally that all property you may at any time be holding or carrying for any one or more of the undersigned shall be subject to a lien in your favor for the discharge of the obligations of the joint account to you, and conversely, that all property you may at any time be holding or carrying for the joint account account or for individual accounts of the undersigned shall be subject to a lien in your favor for the discharge of any obligations to you (of whatever nature) of any one or more of the undersigned, such liens to be in addition to and not in substitution of the rights and remedies you otherwise would have.

   In the event of the death of either or any of the undersigned, the entire interest in the joint account shall be vested in the survivor or survivors on the same terms and conditions theretofore held.

   Since each of us is interested in the subject-matter of the authority hereby conferred upon the other, we jointly and severally agree, on our behalf and on behalf of our respective estates, that the authority hereby conferred by each of us upon the other shall survive our respective deaths.

   The undersigned request that the said Joint Account be carried under the following designation: _JEFFREY + DONNA SCHAFFER_

as Joint Tenants with the Right of Survivorship and not as Tenants in Common.

   Subject to the provisions hereof, all notices or communications for the undersigned in respect of the joint account are to be directed to:

Name _JEFFREY + DONNA SCHAFFER_

Address | **REDACTED** |

Very truly yours,

X _[signature]_

X _[signature]_

Dated _3/10/01_

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222

AMF00045289

*03/06/01*

*Jeffrey Schaffer*

**REDACTED**

*Bernard L. Madoff Investment Securities*
*885 Third Ave.*
*New York, NY  10022-4834*

*Dear Frank,*

   *Enclosed please find a check for $40,000 which I would like deposited into my listed*
*account below:*

*Name:*                          *Jeffrey Schaffer*
*Address:*                         **REDACTED**
*Funds:*                           *Bernard L. Madoff Investment Securities*
*Account #:*                       *1-ZA401-3-0*
*Social Security #:*            **REDACTED**

*I would also like you to add my wife, Donna Schaffer to my account. Her Social Security*
*number is*  **REDACTED**

*Thank you.*

*Jeffrey Schaffer*

SENT JT
FORM
3/8

*Jeffrey Schaffer*

REDACTED

ernard L. Madoff Investment Securities
95 Third Ave.
ew York, NY  10022-4834


ear Frank,

am writing to request that you send me a check for $50,000.00 to be withdrawn from
y account listed below.

ame:                        *Jeffrey Schaffer*
ddress:                     REDACTED
unds:                       *Bernard L. Madoff Investment Securities*
ccount #:                   *1-ZA401-3-0*
ocial Security #:           REDACTED


hank you.

ffrey Schaffer

*07/05/99*

*Jeffrey Schaffer*

REDACTED

*Bernard L. Madoff Investment Securities*
*885 Third Ave.*
*New York, NY  10022-4834*

*Dear Frank,*

   *Enclosed please find a check for $30,000 which I would like deposited into my listed*
*account below:*

| | |
|---|---|
| *Name:* | *Jeffrey Schaffer* |
| *Address:* | REDACTED |
| *Funds:* | *Bernard L. Madoff Investment Securities* |
| *Account #:* | *1-ZA401-3-0* |
| *Social Security #:* | REDACTED |

*Thank you.*

*Jeffrey Schaffer*

01/05/99

Jeffrey Schaffer

REDACTED

Bernard L. Madoff Investment Securities
885 Third Ave.
New York, NY  10022-4834

Dear Frank,

Enclosed please find a check for $75,000 which I would like deposited into my listed account below:

Name:
Address:
Funds:
Account #:
Social Security #:

Jeffrey Schaffer
REDACTED
Bernard L. Madoff Investment Securities
1-ZA401-3-0
REDACTED

Thank you.

Jeffrey Schaffer

AMF00045293

*08/09/98*

*Jeffrey Schaffer*

**REDACTED**

*Bernard L. Madoff Investment Securities*
*885 Third Ave.*
*New York, NY 10022-4834*

*Dear Frank,*

*Enclosed please find a check for $40,000 which I would like deposited into my listed account below:*

| | |
|---|---|
| *Name:* | *Jeffrey Schaffer* |
| *Address:* | **REDACTED** |
| *Funds:* | *Bernard L. Madoff Investment Securities* |
| *Account #:* | *1-ZA401-3-0* |
| *Social Security #:* | **REDACTED** |

*In addition, I would like you to discontinue sending me a quarterly $2,500 distribution until further notice.*

*Thank you.*

*Jeffrey Schaffer*

January 7, 1998

Bernard L. Madoff Investment Securities
885 Third Avenue
New York, NY 10022-4834

Dear Frank,

        Please liquidate $ 50,000.xx of the listed account and
forward the proceeds to the address of record. Please do not
withhold any taxes from my distribution.

Name            Jeffrey Schaffer

Address         REDACTED

Funds           Bernard L. Madoff Investment Securities

Account #       1-ZA401-3-0

Social Security # REDACTED


Jeffrey Schaffer


Please send the check by Express Mail and charge my account
for any expense. Please have no signature required on
delivery of the express mail.

AMF00045295

## FACSIMILE COVER SHEET

DATE: _11/7/98_     TIME: _103 pm_

TO: _Frank Di Pasquale_

COMPANY: _Bernard L. Madoff Investment Securities_

TELEPHONE: _(212) 230-2400_

FAX: _(212) 838-4061_

FROM: _Jeffrey Schaffer_

NUMBER OF PAGES (INCLUDING THIS PAGE): _2_

SUBJECT: _Distribution_

COMMENTS: _____

**FedEx** USA Airbill

Tracking Number 5153107304

002403279 9    Sender's Copy    SPH32

① From (please print)
Date 10-5-04

Sender's FedEx Account Number 1085-1980-0

Sender's Name FRANK DiPASCALI
Phone (212) 230-2424

Company BERNARD L MADOFF PC

Address 885 3RD AVE FL 18

City NEW YORK    State NY    Zip 10022

② Your Internal Billing Reference Information
(Optional First 24 characters will appear on invoice)

③ To (please print)
Recipient's Name JEFFERY SCHAFFLER    Phone (718)

Company

Address

City    State    Zip

**REDACTED**

④a Express Package Service    Packages under 150 lbs.
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ NEW FedEx First Overnight
④b Express Freight Service    Packages over 150 lbs.
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

20 EXP SAVER

⑤ Packaging
☒ FedEx Envelope    ☐ FedEx Pak    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other Pkg

⑥ Special Handling
Does this shipment contain dangerous goods?
☐ No    ☐ Yes    ☐ Yes    ☐ Cargo Aircraft Only

⑦ Payment    Bill to:
☐ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value    Total Charges

⑧ Release Signature    Sign to authorize delivery without obtaining signature

272

The World On Time®

Questions? Call 1-800-Go-FedEx (1-800-463-3339)

AMF00045297

# Terms And Conditions

**Definitions** On this airbill, we, our and us refer to Federal Express Corporation, its employees, and agents. You and your refer to the sender, its employees, and agents.

**Agreement To Terms** By giving us your package to deliver, you agree to all the terms in our current Service Guide, which is available on request. You also agree to those terms on behalf of any third party with an interest in the package. If there is a conflict between the Service Guide and this Airbill, the Service Guide will control. No one is authorized to change the terms of our Agreement.

**Responsibility For Packaging And Completing Airbill** You are responsible for adequately packaging your goods and properly filling out this airbill. If you omit the number of packages and/or weight per package, our billing will be based on our best estimate of the number of packages we received and/or an estimated "default" weight per package as determined by us.

**Responsibility For Payment** Even if you give us different payment instructions, you will always be primarily responsible for all delivery costs, as well as any cost we incur in either returning your package to you or warehousing it pending disposition.

**Limitations On Our Liability And Liabilities Not Assumed**

- Our liability for loss or damage to your package is limited to your actual damages or $100, unless you declare a higher value, pay an additional charge, and document your actual loss for a timely claim. You may pay an additional charge for each additional $100 of declared value. The declared value does not constitute, nor do we provide cargo liability insurance.

- In any event, we will not be liable for any damage, whether direct, incidental, special, or consequential in excess of the declared value of a shipment, whether or not Federal Express had knowledge that such damages might be incurred including but not limited to loss of income or profits.

- We won't be liable:

  - for your acts or omissions including but not limited to improper or insufficient packing, securing, marking, or addressing of those of the recipient or anyone else with an interest in the package

  - if you or the recipient violate any of the terms of an Agreement

  - for loss of or damage to shipments of prohibited items

  - for loss, damage, or delay caused by events we cannot control, including but not limited to acts of God, perils of the air, weather conditions, acts of public enemies, war strikes, civil commotions, or acts of public authorities with actual or apparent authority.

**Declared Value Limits**

- The highest declared value allowed for FedEx Letter and FedEx Pak shipments is $500.

- For other shipments, the highest declared value allowed is $50,000 unless your package contains items of "extraordinary value," in which case the highest declared value allowed is $500.

  - Items of "extraordinary value" include shipments containing such items as artwork, jewelry, furs, precious metals, negotiable instruments, and other items listed in our Service Guide.

- You may send more than one package on this airbill and fill in the total declared value for all packages, not to exceed the $100, $500 or $50,000 per package limit described above. (Example: 5 packages can have a total declared value of up to $250,000.) In that case our liability is limited to the actual value of the package lost or damaged, but may not exceed the maximum allowable declared value(s) or the total declared value, whichever is less. You are responsible for proving the actual loss or damage.

**Filing A Claim** YOU MUST MAKE ALL CLAIMS IN WRITING and notify us of your claim within strict time limits set out in the current Service Guide.

Within 90 days after you notify us of your claim, you must send us all the information you have about it. We aren't obligated to act on any claim until you have paid all transportation charges, and you may not deduct the amount of your claim from those charges.

We'll consider your claim filed if you notify our Customer Service Department at 1-800-Go-FedEx and make your claim in writing as soon as possible.

If the recipient accepts your package without noting any damage on the delivery record, we will assume the package was delivered in good condition. For us to process your claim, you must make the original shipping cartons and packing available for inspection.

**Right To Inspect** We may at our option open and inspect your packages before or after you give them to us to deliver.

**Right Of Rejection** We reserve the right to reject a shipment when such shipment would be likely to cause delay or damage to other shipments, equipment, or personnel or if its shipment is prohibited by law, or if the shipment would violate any terms of our Agreement or our current Service Guide.

**C.O.D. Services** C.O.D. SERVICE IS NOT AVAILABLE WITH THIS AIRBILL. If C.O.D. Service is required, please use a Federal Express C.O.D. airbill.

**Air Transportation Tax Included** Our basic rate includes a federal tax required by Internal Revenue Code Section 4271 on the air transportation portion of this service.

**Money-Back Guarantee** In the event of untimely delivery, Federal Express will at your request and with some limitations, refund or credit all transportation charges. See current Service Guide for more information.

**Freight Services** There are several freight service options, depending on your transit time needs.

- **FedEx Overnight Freight:** Next business-day service to all points in the 48 states; rates are uniform, regardless of distance shipped.

- **FedEx 2Day Freight:** Second business-day service to all points in the 48 states; rates are uniform, regardless of distance shipped.

- **FedEx Express Saver Freight:** Up to 3 business-day service to all points in the 48 states; rates are based upon the distance shipped.

FROM : Panasonic FPH

September 30, 1997

Bernard L. Madoff Investment Securities
885 Third Avenue
New York, NY 10022-4834

Dear Frank,

     Please liquidate $ 50,000.xx of the listed account and
forward the proceeds to the address of record. Please do not
withhold any taxes from my distribution.

| | |
|---|---|
| Name | Jeffrey Schaffer |
| Address | **REDACTED** |
| Funds | Bernard L. Madoff Investment Securities |
| Account # | 1-ZA401-3-0 |
| Social Security # | **REDACTED** |

Jeffrey Schaffer

Please send the check by Express Mail and charge my account
for any expense. Please have no signature required on
delivery of the express mail.

AMF00045299

Redacted                                H.I.C. License # 807486

J.K.S.,INC.,d/b/a
**J & K Landscaping**
LAWN MAINTENANCE / LANDSCAPE DESIGN
125 Industrial Loop  Unit E    Staten Island, N.Y. 10309

4/22/96

Dear Frank,

Enclosed please find a check for $300,000 to be entered into my account #1-2A401-3.

Thank you for your attention to this matter.

Very Truly you

Jeffrey Schaf

Rec'd
4/26/96
UPS

AMF00045300

Redacted

H.I.C. License # 807486

### J.K.S.,INC.,d/b/a
### J & K Landscaping
#### LAWN MAINTENANCE / LANDSCAPE DESIGN
#### 125 Industrial Loop  Unit E    Staten Island, N.Y. 10309

3/29/96

Attn: Frank Dipascali

I am writing to inform you that
I have moved. My new address is

REDACTED

My name is Jeff Schaffer    Acct. # 1-ZA401-3

If you have any questions, please call at
your convenience.    thank you

Jeffrey S Schaff

AMF00045301

CK    OUT 7/17

July 11, 1995

Bernard L. Madoff
885 Third Avenue - 18th Floor
New York, NY 10022
Attn: Frank

                            Account # 1-ZA401-3-0

Gentlemen:

    Please be advised that I wish to liquidate $ 125,000.
from my account, with the proceeds sent to my address of
record, as indicated below.

    Name: Jeffrey Schaffer

Address:   **REDACTED**

Account # 1-ZA401-3-0

_Jeffrey Schaffer_____

Jeffrey Schaffer

Please send check by express mail. If there is any problem
with this request, please advise me as soon as possible.

AMF00045302

**Redacted**

J.K.S., INC., D/B/A

# J & K LANDSCAPING

*LAWN MAINTENANCE / LANDSCAPE DESIGN*

125 E Industrial Loop ∘ Staten Island, N.Y. 10309

December 15, 1993

Bernard L. Madoff
Investment Securities
885 Third Avenue
NY NY 10022-4834

Re: Account # 1-ZA401-4

Dear Jodi,

I am writing this letter to you to request that $25,000 be withdrawn from my account and sent to me.

I do understand that it will take 2 weeks before the money will be sent out. If you have any problems with this request please call me at [REDACTED]

I am sending a hard copy of this letter by mail today.
Thank you.

Very truly yours,

*[signature]*
Jeffrey Schaffer

AMF00045303

Redacted

J.K.S., INC., D/B/A
# J & K LANDSCAPING
*LAWN MAINTENANCE / LANDSCAPE DESIGN*
125 E Industrial Loop ∘ Staten Island, N.Y. 10309

12/9/92

Dear Mr Maydoff,

I am enclosing a check in the amount of $175,000 to start my new account with you. I would like the dividend on $50,000 sent to me and the balance reinvested.

My social security # is **REDACTED**
The account should read JEFFREY SCHAFFER

all correspondence should be sent to my home address @

# REDACTED

If you have any questions you can reach me at **REDACTED**

Thank you.

Very truly yours,

Jeffrey Schaffer

**BERNARD L. MADOFF**
**Investment Securities**

885 Third Avenue New York, NY 10022-4834

212 230-2424
800 334-1343
Telex 235130
Fax 212 486-8178

TAX ID NO.

ACCT# ASSIGNED

REDACTED

1-ZA401-3-0

Mr./Mrs./Ms. ____ JEFFREY SCHAFFER ____

NAME

REDACTED

STREET

CITY                STATE        ZIP

REDACTED        Redacted

TEL. NUMBER         BUSINESS       RESIDENCE

REG. REP ____

WE DEEM THE QUESTIONS CONTAINED IN THIS SECTION TO BE REQUIRED BY THE "KNOW YOUR CUSTOMER" RULE OF THE NATIONAL ASSOCIATION OF SECURITY DEALERS, AND, THEREFORE, MUST BE ANSWERED IN FULL.

RESIDENCE ____

SELF EMPLOYED ____

NAME OF EMPLOYER (IF HOUSEWIFE, NAME THE HUSBAND'S EMPLOYER)

EMPLOYER'S ADDRESS ____

OCCUPATION ____ LANDSCAPER ____

____ NORTHFIELD SAVINGS  3227 RICHMOND AVE.  STATEN ISLAND  NY  10312

BANK REFERENCE AND ADDRESS

OTHER  BROKERAGE  ACCOUNTS  WITH ____

CLIENT INTRODUCED BY ____

**FOR OFFICE USE ONLY**

R. R.'S ESTIMATE OF CLIENTS NET WORTH ____

IS CLIENT OVER 21 YEARS OF AGE         YES____         NO____

HOW  LONG  HAVE  YOU  KNOWN  CLIENT ____

CLIENT IS CITIZEN OF ____

APPROVED BY ____

DATE SENT TO CLIENT                    DATE SENT TO CLIENT

| | | | |
|---|---|---|---|
| MARGIN AGREEMENT | ____ | MAIL WAIVER FORM | ____ |
| JOINT AGREEMENT | ____ | MULTIPLE A/C FORM | ____ |
| CORPORATE ACCOUNT FORM | ____ | CORPORATE RESOLUTION | ____ |
| CO-PARTNERSHIP FORM | ____ | | |

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB.071-374 0891

AMF00045305

| | |
|---|---|
| [MADF] **BERNARD L. MADOFF**<br>**Investment Securities**<br>885 Third Avenue New York, NY 10022-4834 | 212 230-2424<br>800 221-2242<br>Telex 235130<br>Fax 212 486-8178 |

Congress has mandated that all interest and dividend payors including banks, corporations and funds must withhold 10% of all dividends or interest paid UNLESS you complete and return the form at the bottom of this page.

### Important New Tax Information

"Under the Federal income tax law, you are subject to certain penalties as well as with-holding of tax at a 20% rate if you have not provided us with your correct social security number or other taxpayer identification number. Please read this notice carefully.

You (as a payee) are required by law to provide us (as payor) with your correct taxpayer identification number. If you are an individual, your taxpayer identification is your social security number. If you have not provided us with your correct taxpayer identification number, you may be subject to a $50 penalty imposed by the Internal Revenue Service. In addition, divided payments that we make to you may be subject to backup withholding starting on January 1, 1984.

Backup withholding is different from the 10% withholding on interest and dividends that was repealed in 1983. If backup withholding applies, payor is required to withhold 20% of dividend payments made to you. Backup withholding is not an additional tax. Rather, the tax liability of persons subject to backup withholding will be reduced by the amount of tax withheld. If withholding results in an overpayment of taxes, a refund may be obtained".

Please sign the form and return it to us.

Even if you have already provided this information it is required by the IRS that all information requested below be provided again.

Thank you for your cooperation.

(Corporations are exempt from this requirement and should not return this form.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUBSTITUTE INTERNAL REVENUE SERVICE FORM W-9

Account Number(s): *1ZA401-30*

Taxpayer Identification Number:

| REDACTED |
|---|

Name: *JEFFREY SHAFFER*

Address: | **REDACTED** |

(Signature) *[signature]*

"Under penalties of perjury, I certify that the number shown on this form is my correct Taxpayer Identification Number".

Please fill in your name, address, taxpayer identification number, and sign above.

Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB. 071-374 0891

AMF00045306

┌─────┐
│ MADF│  **BERNARD L. MADOFF**
└─────┘  **Investment Securities**
         885 Third Avenue New York, NY 10022-4834

212 230-2424
800 221-2242
Telex 235130
Fax 212 486-8178

## TRADING AUTHORIZATION LIMITED TO
## PURCHASES AND SALES OF SECURITIES

Gentlemen:

The undersigned hereby authorizes Bernard L. Madoff (whose signature appears below) as his agent and attorney in fact to buy, sell and trade in stocks, bonds and any other securities in accordance with your terms and conditions for the undersigned's account and risk and in the undersigned's name, or number on your books. The undersigned hereby agrees to indemnify and hold you harmless from, and to pay you promptly on demand any and all losses arising therefrom or debit balance due thereon. However, in no event will the losses exceed my investment.

In all such purchases, sales or trades you are authorized to follow the instructions of Bernard L. Madoff in every respect concerning the undersigned's account with you; and he is authorized to act for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do with respect to such purchases, sales or trades as well as with respect to all other things necessary or incidental to the furtherance or conduct of such purchases, sales or trades.

The undersigned hereby ratifies and confirms any and all transactions with you heretofore or hereafter made by the aforesaid agent or for the undersigned's account.

This authorization and indemnity is in addition to (and in no way limits or restricts) any rights which you may have under any other agreement or agreements between the undersigned and your firm.

This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice addressed to you and delivered to your office at 885 Third Avenue but such revocation shall not affect any liability in any way resulting from transaction initiated prior to such revocation. This authorization and indemnity shall enure to the benefit of your present firm and any successor firm or firms irrespective of any change or changes at any time in the personnel thereof for any cause whatsoever, and of the assigns of your present firm or any successor firm.

Dated, *3/1/93*

Redacted _____   Redacted _____
(City)                      (State)

Very truly yours, _____
(Client Signature)

Signature Of Authorized Agent: _____

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB.071-374 0891

AMF00045307

| MADF | **BERNARD L. MADOFF**<br>**Investment Securities**<br>885 Third Avenue New York, NY 10022-4834 |

212 230-2424
800 221-2242
Telex 235130
Fax 212 486-8178

## OPTION AGREEMENT

### TO: BERNARD L. MADOFF INVESTMENT SECURITIES

In order to induce you to carry accounts ("Option Accounts") for me (however designated) for transactions in option contracts (including, without limitations, purchase, sale, transfer, exercise and endorsement) ("Option Transaction"), I hereby warrant, represent and agree with you as set forth below on this Option Agreement.

1.  I understand, and am well aware, that option trading may be highly speculative in nature. I am also aware that on certain days, option trading may cease and this could result in a financial loss to me. I agree to hold BERNARD L. MADOFF, its other Divisions, and its officers, Directors and Agents harmless for such loss.

2.  I agree that I am responsible for making all final decisions as to transactions effected in any account of mine that you are carrying for me. I understand that each order I enter (to buy or sell) must be complete as to security, quantity, price and duration of the order.

3.  I understand that option trading may result in additional margin requirements and I agree to put up the additional money or securities on a timely basis (when you so request).

4.  I understand that any option transaction made for any account of mine is subject to the rules, regulations, customs and usages of The Options Clearing Corporation and of the registered national securities exchange, national securities association, clearing organization or market where such transaction was executed. I agree to abide by such rules, regulations, custom and usages and I agree that, acting individually or in concert with others, I will not exceed any applicable position or exercise limits imposed by such exchange, association, clearing organization or other market with respect to option trading.

5.  If I do not satisfy, on a timely basis, your money or security calls, you are authorized in your sole discretion and without notification, to take any and all steps you deem necessary to protect yourself (for any reason) in connection with option transactions for my account including the right to buy and/or sell (including short or short exempt) for my account and risk any part or all of the shares represented by options handled, purchased, sold and/or endorsed by you for my account or to buy for my account and risk any option as you may deem necessary or appropriate. Any and all expenses or losses incurred in this connection will be reimbursed by me.

6.  I bear full responsibility for taking action to exercise an option contract and you shall not be required to take any action with respect to an option contract, including any action to exercise a valuable option prior to its expiration date, except upon my express instructions.

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB.071-374 0891

AMF00045308

7.   In addition to the terms and conditions hereof, my option account will be subject to all of the terms and conditions of all other agreements heretofore or hereafter at any time entered into with you relating to the purchase and sale of securities and commodities except to the extent that such other agreements are contrary to or inconsistent herewith.

8.   This agreement shall apply to all puts or call which you may have executed, purchased, sold or handled for any account of mine and also shall apply to all puts, or calls which you may hereafter purchase, sell, handle or execute for any account of mine.

9.   I have received from BERNARD L. MADOFF the most recent risk disclosure documents entitled "Understanding the Risks and Uses of Listed Options", "Listed Options on Stock Indices", "Listed Options on Foreign Currencies", and "Listed Options in Debt Instruments". I have read and understand the information contained in these documents.

10.   I understand that you assign exercise notices on a random basis except that with respect to options on the following debt instruments: Treasury Bonds, Treasury Notes, Treasury Bills and GNMAS, you may preferentially assign exercises of block-size (i.e. covering $1,000,000 or more of underlying securities) to block-size writing positions and you may preferentially assign smaller exercises to smaller writing positions. I understand that upon my request you will provide me with further information regarding the procedure used to assign exercise notices.

DATED ___3/1/93___     ACCOUNT NO. __1ZA401   30__

## SIGNATURES

(If a Corporation)                    (If Individuals)

_____     _Jeffry Schaff_____
(Name of Corporation)

By_____     _____
                            (Second Party If Joint Account)

Title_____

                            (If a Partnership)

        SEAL                _____
                            (Name of Partnership)

                            By_____
                                  (A Partner)

AMF00045309

**BERNARD L. MADOFF**
**Investment Securities**

885 Third Avenue New York, NY 10022-4834

212 230-2424
800 221-2242
Telex 235130
Fax 212 486-8178

## CUSTOMER AGREEMENT

In consideration for you (the "Broker") opening or maintaining one or more accounts (the "Customer"), the Customer agrees to the terms and conditions contained in this Agreement. The heading of each provision of the Agreement is for descriptive purposes only and shall not be deemed to modify or qualify any of the rights or obligations set forth in each such provision. For purposes of this Agreement, "securities and other property" means, but is not limited to money, securities, financial instruments and commodities of every kind and nature and related contracts and options, except that the provisions of paragraph 19 herein (the arbitration clause) shall not apply to commodities accounts. This definition includes securities or other property currently or hereafter held, carried or maintained by you or by any of your affiliates, in your possession or control, or in the possession or control of any such affiliate, for any purpose, in and for any of my accounts now or hereafter opened, including any account in which I may have an interest.

### 1. APPLICABLE RULES AND REGULATIONS

All transactions in the Customer's Account shall be subject to the constitution, rules, regulations, customs and usages of the exchange or market, and its clearing house, if any, where the transactions are executed by the Broker or its agents, including its subsidiaries and affiliates. Also, where applicable, the transactions shall be subject (a) to the provisions of (1) the Securities Exchange Act of 1934, as amended, and (2) the Commodities Exchange Act, as amended; and (b) to the rules and regulations of (1) the Securities and Exchange Commission, (2) the Board of Governors of the Federal Reserve System and (3) the Commodities Futures Trading Commission.

### 2. AGREEMENT CONTAINS ENTIRE UNDERSTANDING/ASSIGNMENT

This Agreement contains the entire understanding between the Customer and the Broker concerning the subject matter of this Agreement. Customer may not assign The rights and obligations hereunder without first obtaining the prior written consent of the Broker.

### 3. SEVERABILITY

If any provision of this Agreement is held to be invalid, void or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not effect the validity of the remaining provisions of this Agreement.

### 4. WAIVER

Except as specifically permitted in this Agreement, no provision of this Agreement can be, nor be deemed to be, waived, altered, modified or amended unless such is agreed to in a writing signed by the broker.

### 5. DELIVERY OF SECURITIES

Without abrogating any of the Broker's rights under any other portion of this Agreement and subject to any indebtedness of the Customer to the Broker, the Customer is entitled, upon appropriate demand, to receive physical delivery of fully paid securities in the Customer's Account.

### 6. LIENS

All securities and other property of the Customer in any account in which the Customer has an interest shall be subject to a lien for the discharge of any and all indebtedness or any other obligation of the Customer to the Broker. All securities and other property of the Customer shall be held by the Broker as Security for the payment of any such obligations or indebtedness to the Broker in any Account that the Customer may have an interest, and the Broker subject to applicable law may, at any time and without prior notice to the Customer, use and/or transfer any or all securities and other property interchangeably in any Account(s) in which the Customer has an interest (except regulated commodity Accounts).

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB.071-374 0891

AMF00045310

7. **INTEREST**

Debit balances of the Account(s) of the Customer shall be charged with interest in accordance with the Broker's established custom, as disclosed to the Customer pursuant to the provisions of Rule 10b-16 of the Securities Exchange Act of 1934.

8. **DISCLOSURES REGARDING LIQUIDATIONS AND COVERING POSITIONS THE CUSTOMER SHOULD CLEARLY UNDERSTAND THAT, NOT WITHSTANDING A GENERAL POLICY OF GIVING CUSTOMERS NOTICE OF A MARGIN DEFICIENCY, THE BROKER IS NOT OBLIGATED TO REQUEST ADDITIONAL MARGIN FROM THE CUSTOMER IN THE EVENT THE CUSTOMER'S ACCOUNT FALLS BELOW MINIMUM MAINTENANCE REQUIREMENTS. MORE IMPORTANTLY, THERE MAY/WILL BE CIRCUMSTANCES WHERE THE BROKER WILL LIQUIDATE SECURITIES AND/OR OTHER PROPERTY IN THE ACCOUNT WITHOUT NOTICE TO THE CUSTOMER TO ENSURE THAT MINIMUM MAINTENANCE REQUIREMENTS ARE SATISFIED.**

9. **LIQUIDATIONS AND COVERING POSITIONS THE BROKER SHALL HAVE THE RIGHT IN ACCORDANCE WITH ITS GENERAL POLICIES REGARDING MARGIN MAINTENANCE REQUIREMENTS TO REQUIRE ADDITIONAL COLLATERAL OR THE LIQUIDATION OF ANY SECURITIES AND OTHER PROPERTY WHENEVER IN BROKER'S DISCRETION IT CONSIDERS IT NECESSARY FOR ITS PROTECTION INCLUDING IN THE EVENT OF , BUT NOT LIMITED TO:  THE FAILURE OF THE CUSTOMER TO PROMPTLY MEET ANY CALL FOR ADDITIONAL COLLATERAL; THE FILING OF A PETITION IN BANKRUPTCY BY OR AGAINST THE CUSTOMER; THE APPOINTMENT OF A RECEIVER IS FILED BY OR AGAINST CUSTOMER; AN ATTACHMENT IS LEVIED AGAINST ANY ACCOUNT OF THE CUSTOMER OR IN WHICH THE CUSTOMER HAS AN INTEREST OR; THE CUSTOMER'S DEATH. IN SUCH EVENT, THE BROKER IS AUTHORIZED TO SELL ANY AND ALL SECURITIES AND OTHER PROPERTY IN ANY ACCOUNT OF THE CUSTOMER WHETHER CARRIED INDIVIDUALLY OR JOINTLY WITH OTHERS, TO BUY ALL SECURITIES OR OTHER PROPERTY WHICH MAY BE SHORT IN SUCH ACCOUNT(S), TO CANCEL ANY OPEN ORDERS AND TO CLOSE ANY OR ALL OUTSTANDING CONTRACTS, ALL WITHOUT DEMAND FOR MARGIN OR ADDITIONAL MARGIN, OTHER NOTICE OF SALE OR PURCHASE, OR OTHER NOTICE OR ADVERTISEMENT EACH OF WHICH IS EXPRESSLY WAIVED BY THE CUSTOMER. ANY SUCH SALES OR PURCHASES MAY BE MADE AT BROKER'S DISCRETION ON ANY EXCHANGE OR OTHER MARKET WHERE SUCH BUSINESS IS USUALLY TRANSACTED OR AT PUBLIC AUCTION OR PRIVATE SALE, AND BROKER MAY BE THE PURCHASER FOR BROKER'S OWN ACCOUNT. IT IS UNDERSTOOD A PRIOR DEMAND, OR CALL, OR PRIOR NOTICE OF THE TIME AND PLACE OF SUCH SALE OR PURCHASE SHALL NOT BE CONSIDERED A WAIVER OF BROKER'S RIGHT TO SELL OR BUY WITHOUT DEMAND OR NOTICE AS HEREIN PROVIDED.**

10. **SATISFACTION OF INDEBTEDNESS**

The Customer agrees to satisfy, upon demand, any indebtedness, and to pay any debit balance remaining when the Customer's Account is closed, either partially or totally. Customer Account(s) may not be closed without Broker first receiving all securities and other property for which the Account is short and all funds to pay in full for all securities and other property in which the Account(s) are long.

11. **TRANSACTIONS AND SETTLEMENTS**

All orders for the purchase or sale of securities and other property will be authorized by the Customer and executed with the understanding that an actual purchase or sale is intended and that it is the Customer's intention and obligation in every case to deliver certificates or commodities to cover any and all sales or to pay for any purchase upon the Broker's demand. If the Broker makes a short sale of any securities and other property at the Customer's direction or if the Customer fails to deliver to the Broker any securities and other property that the Broker has sold at the Customer's direction, the Broker is authorized to borrow the securities and other property necessary to enable the Broker to make delivery and the Customer agrees to be responsible for any cost or loss the Broker may incur, or the cost of obtaining the securities and other property if the Broker is unable to borrow it. The Broker is the Customer's agent to complete all such transactions and is authorized to make advances and expend monies as are required.

AMF00045311

MADF

**12. SALES BY CUSTOMER**

The Customer understands and agrees any order to sell "short" will be designated as such by the Customer, and that the Broker will mark the order as "short". All other sell orders will be for securities owned ("long"), at that time, by the Customer by placing the order the Customer affirms that he will deliver the securities on or before the settlement date.

**13. BROKER AS AGENT**

The customer understands that the Broker is acting as the Customer's agent, unless the Broker notifies the Customer, in writing before the settlement date for the transaction, that the Broker is acting as dealer for its own account or as agent for some other person.

**14. CONFIRMATIONS AND STATEMENTS**

Confirmations of transactions and statements for the Customer's Account(s) shall be binding upon the Customer if the Customer does not object, in writing, within ten days after receipt by the Customer. Notice or other communications including margin and maintenance calls delivered or mailed to the address given below shall, until the Broker has received notice in writing of a different address, be deemed to have been personally delivered to the Customer whether actually received or not.

**15. SUCCESSORS**

Customer hereby agrees that this Agreement and all the terms thereof shall be binding upon Customer's heirs, executors, administrators, personal representatives and assigns. This Agreement shall enure to the benefit of the Broker's present organization, and any successor organization, irrespective of any change or changes at any time in the personnel thereof, for any cause whatsoever.

**16. CHOICE OF LAWS**

THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF _____ AND SHALL BE CONSTRUED, AND THE RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAWS OF THE STATE OF _____.

**17. CAPACITY TO CONTRACT, CUSTOMER AFFILIATION**

By signing below, the Customer, represents that he/she is of legal age, and that he/she is not an employee of any exchange, or of any corporation of which any exchange owns a majority of the capital stock, or of a member of any exchange, or of a member firm or member corporation registered on any exchange, or of a bank, trust company, insurance company or of any corporation, firm or individual engaged in the business of dealing, either as broker or as principal, in securities, bills of exchange, acceptances or other forms of commercial paper, and that the Customer will promptly notify the Broker in writing if the Customer is now or becomes so employed. The Customer also represents that no one except the Customer has an interest in the account or accounts of the Customer with you.

**18. ARBITRATION DISCLOSURES**

○ ARBITRATION IS FINAL AND BINDING ON THE PARTIES.

○ THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.

○ PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.

○ THE ARBITRATORS AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.

○ THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

AMF00045312

**19. ARBITRATION**

THE CUSTOMER AGREES, AND BY CARRYING AN ACCOUNT FOR THE CUSTOMER THE BROKER AGREES THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE DESIGNATED IN PARAGRAPH 18, BEFORE THE AMERICAN ARBITRATION ASSOCIATION, OR BEFORE THE NEW YORK STOCK EXCHANGE, INC. OR AN ARBITRATION FACILITY PROVIDED BY ANY OTHER EXCHANGE OF WHICH THE BROKER IS A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. OR THE MUNICIPAL SECURITIES RULE MAKING BOARD AND IN ACCORDANCE WITH THE RULES OBTAINING OF THE SELECTED ORGANIZATION. THE CUSTOMER MAY ELECT IN THE FIRST INSTANCE WHETHER ARBITRATION SHALL BE BY THE AMERICAN ARBITRATION ASSOCIATION, OR BY AN EXCHANGE OR SELF-REGULATORY ORGANIZATION OF WHICH THE BROKER IS A MEMBER, BUT IF THE CUSTOMER FAILS TO MAKE SUCH ELECTION, BY REGISTERED LETTER OR TELEGRAM ADDRESSED TO THE BROKER AT THE BROKER'S MAIN OFFICE, BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM THE BROKER TO MAKE SUCH ELECTION, THEN THE BROKER MAY MAKE SUCH ELECTION, THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

**20. DISCLOSURES TO ISSUERS**

Under rule 14b-1(c) of the Securities Exchange Act of 1934, we are required to disclose to an issuer the name, address, and securities position of our customers who are beneficial owners of that issuer's securities unless the customer objects. Therefore, please check one of the boxes below:

___ Yes, I do object to the disclosure of information.

_✓_ No, I do not object to the disclosure of such information.

**THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE AT PARAGRAPH 19.**

(X) _Jeffry Vihoff, 3/1/93_          (X) _____
  (Customer Signature/date)                (Customer Signature/date)

REDACTED                                 _1 ZP401 - 30_
                                         (Account Number)

AMF00045313

4/4/01
FIX TITLE

11/20/01
fix #1

3/18/02 - Change City #1 — JX

AMF00045314