**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-01161 (SMB) |

**THE TRUSTEE'S REPLY TO THE KINGATE FUNDS' RESPONSE TO THE**
**TRUSTEE'S APPLICATION FOR ISSUANCE OF LETTERS OF REQUEST**

Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA") substantively consolidated with the estate of Bernard L. Madoff, individually, respectfully submits this reply to the Kingate Funds' Response to the Trustee's Application for Issuance of Letters of Request filed on May 22, 2017 [ECF No. 296].

## DISCUSSION

The Trustee submits this brief reply to address certain allegations raised by the Kingate Funds. *First*, the Trustee vehemently disputes any suggestion that the Proposed Letter of Request is "misleading." The Proposed Letter clearly states that it is based on the parties' allegations and that this Court has not yet made a determination on the merits of any asserted claims:

> This request seeks evidence for use in an adversary proceeding pending before this Court that <u>alleges claims</u> arising under the Securities Investor Protection Act of 1970, the United State Bankruptcy Code, and the New York Debtor and Creditor Law. (Proposed Ltr. 2.) (emphasis added)
>
> The <u>Court has not yet made a determination of the merits of the claims asserted in this action. The information provided in this Request is based upon information contained in the parties' pleadings and other proceedings in this action</u>. (Proposed Ltr. 2.) (emphasis added)
>
> The <u>Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks</u>, *inter alia*, to avoid and recover $926,351,901 in fraudulent transfers made to the Kingate Funds…." (Proposed Ltr. 4.) (emphasis added)
>
> Because of his many roles, Wetherhill possesses a wealth of first-hand knowledge and likely relevant documents, <u>pertaining to several allegations in the Fourth Amended Complaint</u>. (Proposed Ltr. 6.) (emphasis added)

The Trustee has no reason to believe that either this Court or the Bermuda Court would be any less circumspect than the Kingate Funds' counsel in carefully reviewing the Letter of Request and that the Trustee's explanation of the source of the allegations contained therein is sufficiently clear.

*Second*, the Trustee does not agree with the Kingate Funds' proposed additional language

(asserting that all facts and legal points come only from the Trustee) because it is incorrect. Many of the recited facts in the Trustee's application are undisputed, and many others come from the documents provided by the Kingate Funds themselves—this includes all of the 49 documents attached as exhibits to the Trustee's application which the Kingate Funds' claim to have been given insufficient time to review.[1]  Moreover, the legal points set forth in the application are merely an accurate representation of the claims asserted by the Trustee in the Fourth Amended Complaint.

Finally, given that this is the Trustee's application, it is entirely proper that the it be based on the Trustee's characterization of the facts and claims so that the Bermuda Court may be apprised of the matter for which foreign discovery is sought and how such discovery is intended to be used. Far from misleading, this is the normal course of practice for requests for international discovery, whether undertaken pursuant to letters rogatory or the Hague Evidence Convention.

Dated: New York, New York
       May 23, 2017

Respectfully submitted,

 /s/ Gonzalo S. Zeballos
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com
*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

---

[1] "Each of the documents attached as Exhibits to this request were produced to the Trustee by the Kingate Funds." Proposed Ltr. 6, n. 1.