# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

May 23, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *In re: Bernard L. Madoff—302 Statements*, dated December 16, 2008

Dear Judge Bernstein:

Counsel for the Trustee and Chaitman LLP are scheduled to appear for a hearing on various procedural and discovery disputes on May 31, 2017.  As the Court is aware, a small group of Defendants for whom Ms. Chaitman is lead counsel have spent considerable time and resources pursuing testimony from Mr. Bernard Madoff concerning the start date of the fraud. Since that evidentiary issue directly relates to much of the procedural and other relief requested by Ms. Chaitman, we believe it would assist the Court to review the FD-302 forms from the Federal Bureau of Investigation (the "FBI"), which the Trustee just obtained from the United States Attorney's Office (together with the FBI, the "Government").[1]

The FD-302 forms (the "302 Statements") are a contemporaneous memorialization of Mr. Madoff's direct statements to the Government, which he made five days after his arrest.  They directly refute Ms. Chaitman's continued assertion that the fraud did not start until 1992, for which Mr. Madoff's own confused later testimony is her sole evidentiary basis.  Even then, the Trustee respectfully asserts that the credibility of the world's most notorious financial criminal—eight years after his conviction—must be afforded the utmost scrutiny.

---

[1] The Government first produced a redacted FD-302 form to the Trustee on May 17, 2017, then subsequently produced the same document with fewer redactions on May 23, 2017, both of which are attached hereto as Exhibits A and B, respectively.  The transmittal letters accompanying the 302 Statements, dated May 17, 2017 and May 23, 2017, respectively, are attached hereto as Exhibits C and D.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

May 23, 2017
Page 2

The 302 Statements confirm the validity of the Trustee's long-held position that BLMIS's Investment Advisory business operated as a fraud nearly from its inception and reinforces the Trustee's position that Mr. Madoff, the world's most notorious financial criminal, is not a credible witness. In particular, the 302 Statements confirm,

> The fraud entailed MADOFF taking in funds from investors, holding those funds, and paying them out to investors seeking redemptions. <u>It was essentially a Ponzi scheme. Customers received both monthly account statements and trade confirmation reflecting trades the [that] never took place.</u>

Ex. B at BHUSA0000022 (emphasis added).

> When MADOFF first began the retail business he did initially engage in some actual trades. Soon, however, he began to engage in fraud as to the entire retail business. <u>He stopped engaging in any actual trading. For virtually the entire life of the retail business MADOFF simply did not trade and sent investors false account statements and false trade confirmations.</u>

*Id.* at BHUSA0000021 (emphasis added). The 302 Statement further notes "MADOFF began <u>engaging in fraud in earnest in the 1970s</u>." *Id.* at BHUSA0000022 (emphasis added). With respect to purported trading that occurred in the Investment Advisory business, the 302 Statement reads,

> As there was <u>no actual trading</u>, nothing cleared through DTCC or any clearing firm, and the only records of the purported trades are the paper confirmations.

*Id.* at BHUSA0000022 (emphasis added).

Respectfully, the Trustee submits that the 302 Statements should put an end to Ms. Chaitman's attempts to expend further time and the Trustee's resources on what amounts to a protracted fishing expedition. At a minimum, the 302 Statements should preclude further discovery regarding Ms. Chaitman's unsubstantiated claim that the Trustee has either withheld or failed to timely produce records that would show that trading occurred for customers of BLMIS's Investment Advisory business. The Court should not permit Mr. Madoff to commit a fraud on his former customers for a second time.

May 23, 2017
Page 3

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

cc: Helen Davis Chaitman, Chaitman LLP (via email)
Gregory Dexter, Chaitman LLP (via email)
Andrew Kratenstein, McDermott Will & Emery LLP (via email)
Robert Rich, Hunton & Williams LLP (via email)
Carole Neville, Dentons LLP (via email)
Jonathan K. Cooperman, Kelley Drye & Warren LLP (via email)
Matthew Kupillas, Milberg LLP (via email)