# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 17, 2017

**VIA EMAIL**
David J. Sheehan, Esq.
Fernando A. Bohorquez, Jr., Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

      Re:    *In re* **Touhy** *Request for FBI Statements and Notes Regarding Bernard L. Madoff*

Dear Messrs. Sheehan and Bohorquez:

    I write on behalf of the U.S. Attorney's Office (the "Office") and the Federal Bureau of Investigation ("FBI") (collectively, the "Government") to respond to your letter dated April 24, 2017, which requests the production of FBI forms FD-302 (the "302 Statements") and associated notes (the "302 Notes") generated in connection with two Government proffer interviews of Bernard L. Madoff ("Madoff") on December 16, 2008 and January 6, 2009 (collectively, the "*Touhy* Request.")  As set forth in the *Touhy* Request, you requested the 302 Statements and 302 Notes in order to confront Madoff during depositions with prior statements he made regarding when his fraud scheme began.  You have asserted that these statements contradict Madoff's more recent testimony that his fraud began in the 1990s, as opposed to much earlier.

    Pursuant to Department of Justice ("DOJ") regulations, the official responsible for considering your request is the United States Attorney for the Southern District of New York. *See, e.g.,* 28 C.F.R. §§ 16.21-16.29; 16.22(b) ("The responsible United States Attorney shall follow procedures set forth in § 16.24 of this part.").  For the reasons which follow, this Office grants your request in part and denies it in part.

    **A.**    **The Government Approves the Partial Release of the December 16, 2008, Madoff 302 Statement**

    The *Touhy* Request states that the requested documents are relevant to confront Madoff's recent deposition testimony that his Ponzi scheme began no earlier than 1992.  You also state that defendants in the BLMIS liquidation proceedings have "seized on this testimony" as proof that the Trustee's calculations of customer claims should be altered based on the 1992 inception date.  *See* Touhy *Request* at 1-2.  Accordingly, you seek Madoff proffer statements in which he discusses the inception date and/or the timing of his fraudulent activities.

The Government has reviewed the two 302 Statements and will agree to produce information in the 302 Statements responsive to this issue. Only Madoff's first proffer session, dated December 16, 2008, contains statements concerning the time frame of the inception of Madoff's *Ponzi* scheme. That 302 Statement, bearing bates stamps USAO-MADOFF 00001-00014, is enclosed. All statements made by Madoff from that proffer session concerning the timing of the inception of his fraud and memorialized in that 302 Statement have been produced. All other information except for the introductory paragraph has been redacted, for the reasons stated below in connection with this Office's denial of your remaining request.

### B. The Government Denies the Production of the Remaining Non-Responsive Material and 302 Notes

The Government denies the remainder of your *Touhy* Request. As stated above, the remaining redacted sections of the 302 Statements are not germane to your inquiry. Nor will we produce 302 Notes relating to these proffer sessions. Pursuant to the Federal "housekeeping statute," 5 U.S.C. § 301, and 28 C.F.R. § 16.26(b), disclosure of Government materials is prohibited by any DOJ official in response to a *Touhy* request when, *inter alia*, such disclosure would violate a rule of procedure, would reveal a confidential source or informant, or the disclosure would reveal investigatory records compiled for law enforcement purposes. *See e.g.*, 28 C.F.R. § 16.26(b). These concerns are present here.

*First*, the remaining materials sought are work-product protected. In *United States* v. *Gupta*, 848 F. Supp. 2d 491 (S.D.N.Y. 2012), Judge Rakoff described the defendants' request in that case for SEC attorney's notes and memoranda as "classic work product" protected under Rule 26(b)(3) of the Federal Rules of Civil Procedure, citing a series of cases for that proposition. *Gupta*, 848 F. Supp. 2d 496. Judge Rakoff then explained that the work product privilege can be overcome, but not without the defendant showing a "substantial need" for such documents and a showing that defendant "cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* In *Gupta*, Judge Rakoff ultimately held that defendants *had* demonstrated a substantial need for the SEC materials, but he did so only to the extent that *Gupta* sought disclosure of the notes and memoranda that were classified as *Brady* material in his pending criminal case. *Id.*

Here, in contrast, there is no pending criminal case. Indeed, in *Gupta*, Judge Rakoff denied co-defendant Raj Rajaratnam's motion because he was "not a party to the criminal case" and presumably, was therefore unable to demonstrate the compelling "substantial need" necessary to breach the work product protection for purposes of his civil case. *Id.* at 496-97. The court in *United States* v. *Villa*, No. 12 Cr. 40, 2014 WL 280400, at *5 (D. Conn. Jan. 24, 2014), cited *Gupta* for that exact proposition: "[T]he SEC's assertion of work product protection [was] overcome by Gupta's substantial need for *Brady* material, but only to the extent of any *Brady* material in the SEC's notes and memoranda, and not otherwise." Accordingly, unlike *Gupta*, in this case there is no compelling ground such as *Brady* concerns that would warrant breaching the Government's work product protection. Moreover, the Government notes that information concerning the timing of Madoff's fraud is also publicly available in the form of trial testimony and public allocutions of various defendants convicted in connection with the Madoff fraud. Thus, there are also alternative sources (*i.e.*, a "substantial equivalent") for the

information you seek.  Additionally, the Government has produced the sections of the relevant 302 Statement relating to your request.

*Second,* as *Villa* discusses, Rule 16 of the Federal Rules of Criminal Procedure also exempts from disclosure "internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2); *Villa*, 2014 WL 280400, at *5.  There can be no question that the Madoff 302 Statements and Notes were made by Government agents in connection with prosecuting Madoff.  Accordingly, Rule 16 precludes disclosure of these materials in the follow-on bankruptcy case.

Nevertheless, to avoid unnecessary issues, we can confirm that the 302 Notes do not contain anything inconsistent with the Madoff 302 Statement provided to you.  Accordingly, this Office (and the FBI) has released to you all information derived from the proffer sessions concerning the timing of the inception of the Madoff fraud.

Very truly yours,

JOON H. KIM
Acting United States Attorney

By: _____
Louis A. Pellegrino
Assistant United States Attorney
(212) 637-2617

3