**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>BRUNO L. DI GIULIAN,<br><br>Defendant. | Adv. Pro. No. 10-04728 (SMB)<br><br>**Hearing: May 31, 2017 at 10 a.m.** |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S
MOTION FOR SUBSTITUTION OF DEFENDANT AND IN SUPPORT
OF CROSS-MOTION TO DISMISS COMPLAINT**

         **CHAITMAN LLP**
         465 Park Avenue
         New York, New York 10022
         Phone & Fax: (888) 759-1114
         Helen Davis Chaitman
         hchaitman@chaitmanllp.com

         *Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 1

THE MOTION TO DISMISS THE COMPLAINT SHOULD BE GRANTED BECAUSE THERE IS NO POSSIBILITY OF THE TRUSTEE RECOVERING MANDATORY IRA WITHDRAWALS USED BY BRUNO DIGIULIAN FOR HIS SUPPORT ............................................................................................................................ 1

CONCLUSION ........................................................................................................................... 3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dunn v. Doskocz*,
　590 So.2d 521 (Fla. Dist. Ct. App. 1991) ...................................................................................2

*In re Gatto*,
　380 B.R. 88 (Bankr. M.D. Fla. 2007) .........................................................................................2

*In re Ladd*,
　258 B.R. 824 (Bankr. N.D. Fla. 2001) ........................................................................................3

*In re Mootosammy*,
　387 B.R. 291 (Bankr. M.D. Fla. 2008) .......................................................................................2

*In re Saunders*,
　240 B.R. 636 (S.D. Fla. 1999), *aff'd sub nom. Saunders v. Tolz,* 275 F.3d 51
　(11th Cir. 2001) ...........................................................................................................................2

*In re Stevenson*,
　374 B.R. 891 (Bankr. M.D. Fla. 2007) .......................................................................................3

*In re Swarup*,
　521 B.R. 382 (Bankr. M.D. Fla. 2014) .......................................................................................2

**Statutes**

Fla. Stat. § 222.21 ...........................................................................................................................2

Fla. Stat. § 222.21(2)(a) ..................................................................................................................2

Fla. Stat. § 222.201 .........................................................................................................................2

**Other Authorities**

Internal Revenue Code ....................................................................................................................2

**PRELIMINARY STATEMENT**

The Trustee seeks to amend the complaint in this action to name the widow of the defendant who is the executrix of his Florida estate. While normally such a motion should be routinely granted, in this case the motion should be denied, and Defendant's cross-motion to dismiss should be granted, because the Trustee's claim is facially futile and there is no justification for imposing upon the Defendant's widow the burden of defending an utterly frivolous litigation.

**STATEMENT OF FACTS**

In December 2010, the Trustee filed a complaint against Bruno DiGiulian and NTC & Co. as former custodian of the individual retirement account ("IRA") for the benefit of Bruno DiGiulian. The complaint seeks to recover mandatory IRA withdrawals taken by Mr. DiGiulian from his IRA account in the period between December 11, 2006 and December 11, 2008.

Mr. DiGiulian was a Florida resident and took mandatory withdrawals from his IRA account to cover his living expenses. When Madoff confessed, Mr. DiGiulian's IRA account had no value. *See* Declaration of Patsy DiGiulian dated May 22, 2017.

Mr. DiGiulian died on December 6, 2015 and the Trustee was notified of Mr. DiGiulian's death on January 13, 2016. *See* Chaitman Declaration dated May 22, 2017 Ex. 1. On May 10, 2017, 16 months after learning of Mr. DiGiulian's death and after forcing Mrs. DiGiulian to open a probate proceeding in Florida, the Trustee filed a motion to name Mrs. DiGiulian as a defendant.

**THE MOTION TO DISMISS THE COMPLAINT SHOULD BE GRANTED BECAUSE THERE IS NO POSSIBILITY OF THE TRUSTEE RECOVERING MANDATORY IRA WITHDRAWALS USED BY BRUNO DIGIULIAN FOR HIS SUPPORT**

It is undisputed that Bruno DiGiulian was a resident of Florida throughout the time that he had an IRA account with Madoff. It is undisputed that Mr. DiGiulian used the withdrawals

from his IRA account for his living expenses. It is undisputed that Mr. DiGiulian's IRA account was 100% invested in Madoff. Therefore, the account had no value after December 11, 2008.

It is indisputable that, under Florida law, no creditor can recover withdrawals taken from an IRA account. Florida has a strong public policy protecting beneficiaries of retirement plans. Florida Statute 222.21(2)(a) renders exempt from all claims of creditors "any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under [certain provisions of the Internal Revenue Code], as amended, . . . ." *Dunn v. Doskocz*, 590 So.2d 521, 522 (Fla. Dist. Ct. App. 1991) (*quoting* Fla. Stat. § 222.21(2)(a)(1989)).

Although here, the Trustee seeks to sue the Estate of Bruno DiGiulian to recover funds Mr. DiGiulian withdrew from his IRA account, the Florida statute would clearly prohibit such an action. In *Dunn,* the court applied Section 222.21 to a garnishment proceeding because the "most logical reading of the statute is that the phrase '*any proceeding'* means, in this context, the garnishment proceeding" and held that any "exceptions to the rule of exemption should be *narrowly limited.*" *Id.* at 522 (emphasis added); *see also In re Saunders*, 240 B.R. 636, 638 (S.D. Fla. 1999), *aff'd sub nom. Saunders v. Tolz,* 275 F.3d 51 (11th Cir. 2001) ("The debtor's IRA accounts with Smith Barney have been determined to be exempt from the debtor's bankruptcy estate pursuant to Florida Statutes §§ 222.21(2)(a) and 222.201."); *In re Swarup*, 521 B.R. 382, 385 (Bankr. M.D. Fla. 2014) ("Courts interpreting Florida exemptions should 'begin with the basic proposition that exemptions are to be construed liberally in favor of providing the benefits of the exemptions to debtors.' " *Id*. (quoting *In re Gatto*, 380 B.R. 88, 91 (Bankr. M.D. Fla. 2007)); *see also In re Mootosammy*, 387 B.R. 291, 295 (Bankr. M.D. Fla. 2008) ("Exemptions are generally construed liberally in favor of the debtor whenever there is

{00030405 2}                                   2

ambiguity.") (*citing In re Stevenson*, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007) ("the Court is mindful of the general proposition that *laws governing exemptions in Florida are designed to assist debtors* to retain properties which are deemed necessary for the debtor's support and support of the debtor's dependents, and generally shall be liberally *construed and broadly interpreted in favor of the claim of exemption, and strictly against the objecting party's claim*.") (emphasis added); *In re Ladd,* 258 B.R. 824, 826-27 (Bankr. N.D. Fla. 2001)(funds received as a mandatory distribution and moved into bank account were exempt from levy so long as they were traceable to a qualified plan).

Because both Mr. DiGiulian and his Estate are entitled to the protections of Florida law, the Trustee's complaint is futile and amending the caption to add the Estate as a defendant does nothing to ameliorate the basic futility of this action.

## CONCLUSION

The Trustee's motion to amend the caption should be denied as futile and the Defendant's motion to dismiss the complaint should be granted.

Dated:  New York, New York
        May 23, 2017

**CHAITMAN LLP**

By:  */s/ Helen Davis Chaitman*
     Helen Davis Chaitman
     hchaitman@chaitmanllp.com
     465 Park Avenue
     New York, New York 10022
     Phone & Fax: 888-759-1114

     *Attorneys for Defendant*

{00030405 2 }    3