JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel
 For Dispute Resolution
NATHANAEL S. KELLEY
Assistant General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
1667 K St., N.W., Suite 1000
Washington, D.C.  20006
Telephone:  (202) 371-8300
E-mail:jwang@sipc.org
       kbell@sipc.org
       nkelley@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>           v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

**MEMORANDUM OF THE SECURITIES INVESTOR PROTECTION CORPORATION
IN SUPPORT OF TRUSTEE'S MOTION TO AFFIRM HIS DETERMINATIONS
DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN
JEFFREY SCHAFFER DONNA SCHAFFER JOINT TENANCY AND
<u>STANLEY I. LEHRER AND STUART M. STEIN JOINT TENANCY</u>**

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................2

CONCLUSION ...............................................................................................................................8

# TABLE OF AUTHORITIES

**CASES:**                                                                                                 **PAGE**

*Aozora Bank Ltd. v. Sec. Inv'r Prot.. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom.*,
    *Kruse v. Sec. Inv'r Prot. Corp* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    708 F.3d 422 (2d Cir. 2013)..................................................................................3, 6

*Appleton v. First Nat'l Bank of Ohio*,
    62 F.3d 791 (6th Cir. 1995) ......................................................................................3

*In re Adler, Coleman Clearing Corp.*,
    204 B.R. 99 (Bankr. S.D.N.Y. 1997).........................................................................5, 7

*In re Adler, Coleman Clearing Corp.*,
    216 B.R. 719 (Bankr. S.D.N.Y. 1998).......................................................................4

*In re Bernard L. Madoff Inv. Sec. LLC*,
    654 F.3d 229 (2d Cir. 2011),
    *cert. dismissed*, __ U.S. __, 132 S. Ct. 2712 (2012), and
    *cert. den.*, __ U.S. __, 133 S. Ct. 24 (2012) and 133 S. Ct. 25 (2012) .........................2, 4

*In re Inv'rs Center, Inc.*,
    129 B.R. 339 (Bankr. E.D.N.Y. 1991).......................................................................4

*Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*,
    218 B.R. 689 (Bankr. S.D.N.Y. 1998).......................................................................4

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB),
    2017 WL 1323473 (Bankr. S.D.N.Y. Apr. 10, 2017).......................................................5, 6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    454 B.R. 285 (Bankr. S.D.N.Y. 2011), *aff'd sub nom., Aozora Bank Ltd. v. Sec.*
    *Inv'r Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom.*,
    *Kruse v. Sec. Inv'r Prot. Corp* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    708 F.3d 422 (2d Cir. 2013)..................................................................................3, 4, 6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    515 B.R. 161 (Bankr. S.D.N.Y. 2014).......................................................................7

*Sec. Inv'r Prot. Corp. v. Jacqueline Green Rollover Account*,
    2012 WL 3042986 (S.D.N.Y. July 25, 2012)...............................................................4, 7

*Sec. Inv'r Prot. Corp. v. Morgan, Kennedy & Co.*, 533 F.2d 1314 (2d Cir.),
    *cert. den. sub nom.*, *Trs. of the Reading Body Works v. Sec. Inv'r Prot. Corp.*,
    426 U.S. 936 (1976)............................................................................................ 3, 4, 5, 6

# TABLE OF AUTHORITIES
### (cont.)

**CASES:**                                                                                     **PAGE**

*Sec. Inv'r Prot. Corp. v. Wise (In re Stalvey & Assocs., Inc.)*,
    750 F.2d 464 (5th Cir. 1985) ....................................................................................... 2-3

*Stafford v. Giddens (In re New Times Sec. Servs., Inc.)*,
    463 F.3d 125 (2d Cir. 2006).....................................................................................2, 3, 4

**STATUTES AND RULES:**

Securities Investor Protection Act, as amended, 15 U.S.C. §

78ccc(e)....................................................................................................................................4
78fff-2(b)..................................................................................................................................3
78fff-3(a)(2).............................................................................................................................4
78fff-3(a)(5).............................................................................................................................6

Securities Investor Protection Act (2008), 15 U.S.C. §

78*lll*(2).....................................................................................................................................3

Rules of the Securities Investor Protection Corporation, 17 C.F.R. §§ 300.

100–105...........................................................................................................................1, 4, 5
105...........................................................................................................................................5

The Securities Investor Protection Corporation ("SIPC") submits this memorandum in support of the motion ("Motion") of Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–78*lll*, of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, to affirm the Trustee's determinations denying the claims of claimants ("Claimants") asserting interests in one of the following joint accounts held at BLMIS: (1) Jeffrey Schaffer Donna Schaffer Joint Tenancy, or (2) Stanley I. Lehrer and Stuart M. Stein Joint Tenancy (collectively, the "Joint Tenancies"). Under SIPA; the SIPC Series 100 Rules, 17 C.F.R. §§ 300.100–300.105; and this Court's prior decisions, the Claimants, in their individual capacities separate from the Joint Tenancies, are not "customers" of BLMIS and thus have no separate claim to the fund of customer property in this liquidation and, in addition, cannot have their claims satisfied with funds advanced by SIPC.

## BACKGROUND

Through the Motion, the Trustee seeks entry of an order upholding his denial of three claims for "customer" relief under SIPA, and overruling the four objections to those denials, filed by individuals who were joint tenants of, or assert an interest in, the Joint Tenancies: two claims resulting in three objections related to the Jeffrey Schaffer Donna Schaffer Joint Tenancy; and one claim resulting in one objection related to the Stanley I. Lehrer and Stuart M. Stein Joint Tenancy. Each of the Joint Tenancies had a joint account with BLMIS; two of the Claimants were joint tenants of the Jeffrey Schaffer Donna Schaffer Joint Tenancy, and one Claimant asserts an interest in the Stanley I. Lehrer and Stuart M. Stein Joint Tenancy. The Claimants did not, however, have any separate relationship with BLMIS in their individual capacity.

As described in more detail in the Trustee's Motion, each Joint Tenancy executed account opening documents and made deposits into, and withdrawals from, its account. In contrast with the relationships between the Joint Tenancies and BLMIS, the Claimants, in their individual capacities, never completed account agreements and never opened accounts with BLMIS. The books and records of BLMIS do not reflect that Claimants were individual account holders or that they entrusted their own separate cash or securities—free of any joint ownership claim—to BLMIS. Indeed, the Claimants did not have any financial transactions with BLMIS on an individual basis, and any control over the Joint Tenancies was exercised by the Claimants as joint tenants, not in any individual capacity.

In this liquidation, a joint tenant or joint tenants filed a claim on behalf of each Joint Tenancy.[1] The Claimants' claims, on the other hand, are individual claims, separate from and in addition to the claims for the Joint Tenancies accounts yet entirely dependent upon the Claimants' relationship with the Joint Tenancies.

## ARGUMENT

SIPA's provisions for customer protection are narrowly tailored to provide relief only to those claimants who entrusted cash or securities to the liquidating broker-dealer for the purpose of trading in the securities markets. *See In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 236 (2d Cir. 2011) (the "*Net Equity Decision*"), *cert. dismissed*, __ U.S. __, 132 S. Ct. 2712 (2012), and *cert. den.*, __ U.S. __, 133 S. Ct. 24 (2012), and 133 S. Ct. 25 (2012); *Stafford v. Giddens (In re New Times Sec. Servs., Inc.)*, 463 F.3d 125, 127–28 (2d Cir. 2006) ("*New Times*") ("Judicial interpretations of 'customer' status support a narrow interpretation of the SIPA's provisions." (quoting *Sec. Inv'r Prot. Corp. v. Wise (In re Stalvey & Assocs., Inc.)*, 750 F.2d 464,

---

[1] The claims filed by the Joint Tenancies are not the subject of the Motion.

2

472 (5th Cir. 1985)). In defining who qualifies as a customer, SIPA requires that the viable claim of a customer relate to the custodial relationship between broker and customer: cash or securities held by the broker for the customer in an account at the broker in which the customer holds a cognizable interest. *See* SIPA § 78*lll*(2) (2008). Furthermore, the obligations of a liquidating broker-dealer to a claimant for "customer" relief must be ascertainable from the broker-dealer's books and records, or must be established "to the satisfaction of the trustee." *See* SIPA § 78fff-2(b).

Customer status under SIPA is thus not a shorthand designation for anyone who can claim a relationship to a broker-dealer. *Sec. Inv'r Prot. Corp. v. Morgan, Kennedy & Co.*, 533 F.2d 1314, 1316 (2d Cir.) ("*Morgan Kennedy*"), *cert. den. sub nom.*, *Trs. of the Reading Body Works v. Sec. Inv'r Prot. Corp.*, 426 U.S. 936 (1976). On the contrary, in order to qualify for such status, a claimant must be able to demonstrate that the claimant: (1) entrusted cash or securities to the broker-dealer; (2) did so pursuant to a direct account or other direct relationship with the broker-dealer; (3) retained the power to direct the disposition of the assets entrusted to the broker-dealer; and (4) intended to use the cash or securities entrusted to the broker-dealer for the purpose of investing or trading in the securities markets. *See* SIPA § 78*lll*(2) (2008); *New Times*, 463 F.3d at 128–29; *Morgan Kennedy*, 533 F.2d at 1317; *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 454 B.R. 285, 295–302 (Bankr. S.D.N.Y. 2011) ("*BLMIS*"), *aff'd sub nom., Aozora Bank Ltd. v. Sec. Inv'r Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012) ("*Aozora*"), *aff'd sub nom.*, *Kruse v. Sec. Inv'r Prot. Corp. (In re Bernard L. Madoff Inv. Secs. LLC)*, 708 F.3d 422 (2d Cir. 2013) ("*Kruse*"); *see also Appleton v. First Nat'l Bank of Ohio*, 62 F.3d 791, 801 (6th Cir. 1995).

3

As the Second Circuit has explained in this liquidation, of the above-listed factors, "the critical aspect of the 'customer' definition [in SIPA] is the entrustment of cash or securities to the broker-dealer for the purposes of trading securities." *Net Equity Decision*, 654 F.3d at 236; *see also New Times*, 463 F.3d at 128; *Sec. Inv'r Prot. Corp. v. Jacqueline Green Rollover Account*, 2012 WL 3042986, at *4 (S.D.N.Y. July 25, 2012) ("*Jacqueline Green*"). As this Court and others have recognized, legal ownership of cash or securities held, or purportedly held, by a broker-dealer is a foundational element of "customer" status under SIPA—an indispensable prerequisite which a claimant must satisfy in order to have a colorable "customer" claim under SIPA. *See Jacqueline Green*, 2012 WL 3042986, at *5; *BLMIS*, 454 B.R. at 295, 299; *see also Morgan Kennedy*, 533 F.2d at 1318.

Under SIPA, "a customer who holds accounts with the debtor in separate capacities shall be deemed to be a different customer in each capacity." SIPA § 78fff-3(a)(2). SIPC's Series 100 Rules set forth the circumstances under which multiple accounts held by the same person with a SIPC-member broker-dealer are deemed to be accounts held in separate capacities eligible for protection.[2] *See* 17 C.F.R. §§ 300.100–300.105; *Morgan Kennedy*, 533 F.2d at 1319–20; *In re Adler, Coleman Clearing Corp.*, 216 B.R. 719, 730 (Bankr. S.D.N.Y. 1998) ("[T]he Series 100 Rules address which accounts held by a customer should be considered as one account for purposes of determining net equity and obtaining SIPC advances." (internal citation omitted)). Importantly, the Series 100 Rules specify how joint accounts, where more than one individual has control and ownership over the account, will be treated. Rule 105 provides as follows:

---

[2] The SIPC Series 100 Rules were submitted to, and approved by, the Securities and Exchange Commission under SIPA section 78ccc(e) and have the force of law. *See Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*, 218 B.R. 689, 699 (Bankr. S.D.N.Y. 1998); *In re Inv'rs Center, Inc.*, 129 B.R. 339, 348 (Bankr. E.D.N.Y. 1991).

4

> (a) A joint account shall be deemed to be a "qualifying joint account" if it is owned jointly, whether by the owners thereof as joint tenants with the right of survivorship, as tenants by the entirety or as tenants in common, or by husband and wife as community property, but only if each co-owner possesses authority to act with respect to the entire account.
>
> (b) . . . [E]ach qualifying joint account with a member shall be deemed held by *one separate customer* of the member.

17 C.F.R. § 300.105 (emphasis added);[3] *see Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), 2017 WL 1323473, at *3 (Bankr. S.D.N.Y. Apr. 10, 2017) ("*Tenancy in Common Decision*"). Thus, "[j]oint account holders constitute a *single* 'customer' under SIPA. The joint account holders share any payments on account of a valid customer claim in proportion to their ownership interests in the account." *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 106 (Bankr. S.D.N.Y. 1997) (emphasis added, internal citation omitted) (holding that the trustee's obligation to mail a notice of liquidation to "every person who appears to have been a customer" is satisfied by mailing a single notice to the joint account rather than multiple notices to each person listed on the account). In other words, the joint account itself, not the individual joint owners or cotenants, is deemed the *sole* and *separate* "customer" under SIPA.

While the Series 100 Rules determine when different accounts held by the same person will each be treated as a separate "customer" of a liquidating broker-dealer and do not confer "customer" status, the fact that the rules distinguish between a joint account and its individual owners supports the *Morgan Kennedy* holding that the same distinction must be respected when evaluating eligibility for "customer" status. *See Morgan Kennedy*, 533 F.2d at 1319 ("Only those accounts which are held by valid customers of the debtor can qualify for separate coverage. Customer status under SIPA is therefore a prerequisite to the application of the [Series 100]

---

[3] Under Rule 105(d), "A joint account with a member which does not meet the requirements of paragraph (a) of this rule shall be deemed to be an individual or qualifying joint account of the co-owner or co-owners having the exclusive power to act with respect to it."

5

Rules, and not a substitute therefor.") As explained in *Morgan Kennedy*, the Series 100 Rules "illustrate that, under SIPA, separate coverage for accounts held in different capacities is not to be confused with individual coverage for each individual owning some portion of, or interest in, the particular account." *Id.* at 1320.

Thus, an individual may hold multiple accounts in different capacities, each of which may be deemed a customer; but, conversely, with the exception of an omnibus account maintained by a bank or another broker-dealer, *see* SIPA § 78fff-3(a)(5), a single account in a single capacity cannot support the existence of more than one customer. Applying *Morgan Kennedy*, this Court and the District Court repeatedly rejected in this liquidation the separate "customer" claims of claimants who only had an interest in entities that had an account at BLMIS. In April, this Court upheld the Trustee's denial of claims filed by claimants who were individual cotenants holding an interest in a tenancy in common, where the tenancy in common had an account with BLMIS and the individuals did not. The Court found that, under the Series 100 Rules, the joint account was the "customer," and the cotenants "failed to satisfy the 'critical aspect' of the customer definition—'the entrustment of cash or securities to [BLMIS] for the purposes of trading securities.'" *Tenancy in Common Decision*, 2017 WL 1323473, at *4 (quoting *Kruse*, 708 F.3d at 426). Accordingly, this Court held that "while the [] Tenancy in Common was a 'customer' of BLMIS, the [Cotenants] were not." *Id.*

In the case of the feeder funds, Judge Lifland reasoned, *inter alia*, that, after purchases of fund interests were made, the cash used by the claimants to make them "*became the sole property of the Feeder Funds*," and that the claimants therefore could not have entrusted property to BLMIS and had no legally cognizable claim to any of the assets purportedly held by BLMIS. *See BLMIS*, 454 B.R. at 295 (emphasis in original); *see also Aozora*, 480 B.R. at 125

6

("[A]t the moment each appellant used assets to purchase an ownership interest in a Feeder Fund, those assets became property not of the appellants but of the Feeder Fund."); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 515 B.R. 161, 169 (Bankr. S.D.N.Y. 2014) (holding that the claimants' "financial transactions were with the [ERISA] Plan. Thus, they failed to satisfy the 'critical requirement' that they entrusted cash to BLMIS, as opposed to the [ERISA] Plan, for the purchase of securities."); *Jacqueline Green*, 2012 WL 3042986, at *5 ("One cannot deposit cash with the debtor if this cash belongs to another.").

The same reasoning bars the Claimants' claims here. As joint tenants or interest holders in the Joint Tenancies, the Claimants' claims are entirely predicated upon their interests in the Joint Tenancies, and therefore they cannot claim individual "customer" status by way of a Joint Tenancy account. BLMIS's books and records do not reflect activity by the Claimants in an individual capacity. The property deposited by the Joint Tenancies belonged not to the Claimants individually but to all of the joint tenants of the Joint Tenancies. Under SIPA and the SIPC Series 100 Rules, the joint account is the separate capacity, and the Joint Tenancy is the customer. Only the Joint Tenancies are eligible to file claims as customers, and "[t]he joint account holders share any payments on account of a valid customer claim in proportion to their ownership interests in the account." *In re Adler, Coleman Clearing Corp.*, 204 B.R. at 106. In short, when the Joint Tenancies invested property with BLMIS, the Claimants had no separate individual legal relationship with BLMIS which would entitle them to customer status.

7

## **CONCLUSION**

Claimants are not SIPA "customers" because they had no separate individual relationship with BLMIS. Accordingly, the Court should grant the Trustee's Motion.

Date:  May 25, 2017
         Washington, D.C.

                                          Respectfully submitted,

                                          JOSEPHINE WANG
                                          General Counsel

                                          KEVIN H. BELL
                                          Senior Associate General Counsel
                                           For Dispute Resolution

                                          _s/ Nathanael S. Kelley_____
                                          NATHANAEL S. KELLEY
                                          Assistant General Counsel

                                          SECURITIES INVESTOR PROTECTION
                                           CORPORATION
                                          1667 K St., N.W., Suite 1000
                                          Washington, D.C. 20006
                                          Telephone: (202) 371-8300
                                          E-mail:jwang@sipc.org
                                                 kbell@sipc.org
                                                 nkelley@sipc.org