**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, NY  10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Nicholas J. Cremona  
Dean D. Hunt  
Farrell A. Hochmuth  

Hearing Date: May 31, 2017  
Time: 10:00 am

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff-Applicant,<br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>         Plaintiff,<br>    v.<br><br>BRUNO L. DI GIULIAN,<br><br>         Defendant. | Adv. Pro. No. 10-04728 (SMB) |

**REPLY IN SUPPORT OF THE TRUSTEE'S MOTION FOR SUBSTITUTION AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION TO DISMISS**

## TABLE OF CONTENTS

                                     **Page**

I. THE TRUSTEE HAS PRESERVED HIS CLAIMS AGAINST BRUNO DI GIULIAN, AND HIS ESTATE AND PERSONAL REPRESENTATIVE SHOULD BE SUBSTITUTED AS DEFENDANTS. ...........................................................................1

II. DEFENDANT RAISED THE ARGUMENT THAT THE TRUSTEE CAN'T PREVAIL BECAUSE DI GIULIAN'S ASSETS WERE HELD IN AN IRA FOR THE FIRST TIME IN THE OPPOSITION. ..................................................................2

III. FRAUDULENT CONVEYANCES ARE NOT EXEMPT FROM SATISFACTION OF A JUDGMENT. ............................................................................................................3

IV. CONCLUSION ...................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dunn v. Doskocz*,
  590 So.2d 521 (Fla. Dist. App. 1991) ........................................................................................4

*Matter of Felsinger*,
  17 B.R. 226 (Bankr. M.D. Fla.1982) ........................................................................................4

*In re Gatto*,
  380 B.R. 88 (Bankr. M.D. Fla. 2007) .......................................................................................5

*In re Gherman*,
  101 B.R. 369 (Bankr.S.D.Fla.1989) .........................................................................................4

*In Re Hill*,
  163 B.R. 598 (Bankr. M.D. Fla. 1994) .....................................................................................4

*In re Ladd*,
  258 B.R. 824 (Bankr. N.D. Fla. 2001) .....................................................................................4

*Mandarino v. Mandarino*,
  257 F.R.D. 394 (S.D.N.Y. 2009) ..............................................................................................1

*In re Mathews*,
  360 B.R. 732 (Bankr. M.D. Fla. 2007) .....................................................................................4

*In re Mootosammy*,
  387 B.R. 291 (Bankr. M.D. Fla. 2008) .....................................................................................5

*Picard v. Greiff*,
  476 B.R. 715 (S.D.N.Y. 2012) ..................................................................................................5

*In re Saunders*,
  240 B.R. 636 (S.D. Fla. 1999) ..................................................................................................4

*Saunders v. Tolz*,
  275 F.3d 51 (11th Cir. 2001) ....................................................................................................4

*SIPC v. BLMIS*,
  531 B.R. 439 (Bankr. S.D.N.Y. 2015) .....................................................................................3

*In re Stevenson*,
  374 B.R. 891 (Bankr. M.D. Fla. 2007) .....................................................................................5

*In re Swarup*,
    521 B.R. 382 (Bankr. M.D. Fla. 2014) ..................................................................................4

**Statutes**

Fla. Stat. 222.29 ............................................................................................................................3

Fla. Stat. 726.105 ..........................................................................................................................3

Fla. Stat. 733.202 ..........................................................................................................................1

Fla. Stat. 733.702(1).......................................................................................................................1

Fla. Stat. 733.707(3).......................................................................................................................1

Florida Statute 222.21(2)(a)...........................................................................................................3

N.Y. Civil Prac. Laws ....................................................................................................................3

**Rules**

Fed. R. Civ. P. 25(a) ......................................................................................................................1

Rules 5205(c)(2), (5)......................................................................................................................3

Irving H. Picard (the "Trustee") as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff"), submits this Reply Memorandum in connection with the Trustee's Motion for Substitution ("Motion") and the Defendant's Memorandum of Law in Opposition to the Motion and Cross-Motion to Dismiss Complaint ("Opposition").

I. **THE TRUSTEE HAS PRESERVED HIS CLAIMS AGAINST BRUNO DI GIULIAN, AND HIS ESTATE AND PERSONAL REPRESENTATIVE SHOULD BE SUBSTITUTED AS DEFENDANTS.**

The Trustee filed this avoidance action against Bruno L. Di Giulian ("Di Giulian") on December 1, 2010. [Dkt. 1] On January 13, 2016, counsel for Di Giulian emailed counsel for the Trustee stating that Di Giulian died on December 6, 2015 and that there would be no probate opened for him.[1] [*See* Dkt. 71-1]

In May 2016, the Trustee discovered that a Notice of Trust had been filed in April, 2016 for Di Giulian in Broward County, Florida, where Di Giulian had resided with his wife, Patsy Di Giulian. The filing includes the Last Will and Testament of Bruno Di Giulian, and provides notice of the existence of the Bruno L Di Giulian Amended and Restated Revocable Trust Agreement ("Di Giulian Trust"). Florida Probate Statutes provide that if a probate estate is insolvent, a creditor may look to the assets of the decedent's revocable trust to satisfy a judgment against the decedent's estate. *See* Fla. Stat. 733.707(3). To do so, however, a statement of claim must be filed in the probate estate. *See* Fla. Stat. 733.702(1); 733.710. If a decedent's family does not intend to open a probate estate, the Florida statutes provide that an interested person, such as a creditor, can file a petition to administer the estate. *See* Fla. Stat. 733.202. In her Declaration

---

[1] A formal Statement Noting Death has never been filed and served on counsel, as required by Fed. R. Civ. P. 25(a); *Mandarino v. Mandarino*, 257 F.R.D. 394, 395 (S.D.N.Y. 2009). An email communication is insufficient to satisfy this strict requirement. *Id.*

1

to her Opposition, Mrs. Di Giulian states that "no probate proceeding was filed because there were no assets in [Di Giulian's] estate," rendering any Di Giulian Trust assets essential to the Trustee's recovery.

In January 2017, the Trustee confirmed with counsel for Di Giulian that his family did not intend to open a probate estate, and in February, the Trustee filed a Petition for Administration of the Estate of Di Giulian ("Di Giulian Estate"), requesting that Rani N. Mathura, Esq.[2] be appointed personal representative. Five days later, Mrs. Di Giulian asked the Trustee to withdraw his Petition so *she* could be appointed personal representative. The Trustee withdrew his Petition the following day. Letters Testamentary were issued to Mrs. Di Giulian on May 11, 2017, and the Trustee filed his Statement of Claim in the Di Giulian Estate on May 15, 2017.

Now, the Trustee has moved to substitute the Di Giulian Estate, and Mrs. Di Giulian, in her capacity as personal representative, in this adversary proceeding, motions for which counsel concedes are "routinely granted." Indeed, the Trustee and Di Giulian's counsel have entered into numerous stipulations for substitution of probate estates and their representatives/executors in other avoidance actions. The Trustee's routine, procedural Motion should be granted.

II. **DEFENDANT RAISED THE ARGUMENT THAT THE TRUSTEE CAN'T PREVAIL BECAUSE DI GIULIAN'S ASSETS WERE HELD IN AN IRA FOR THE FIRST TIME IN THE OPPOSITION.**

Defendant, for the first time, calls for dismissal of the adversary proceeding based on an incorrect assertion that the Trustee is prohibited from recovering funds once maintained in a Florida individual retirement account (IRA). This argument should be rejeected because it was not raised in Di Giulian's October 2013 Motion to Dismiss, nor as an affirmative defense in Di Giulian's August 2015 Answer. [*See* Dkt. 27, 43]. During fact discovery, Mrs. Di Giulian

---

[2] Cummings & Lockwood LLC, Palm Beach Gardens, Florida.

2

answered discovery for the estate and was deposed as Di Giulian's representative. In fact, Mrs. Di Giulian was recently ordered by Discovery Arbitrator Judge Maas to be deposed for an additional two hours in June because she produced documents responsive to the Trustee's requests a year after the requests were served, and *after* her deposition. [Dkt. 68] At no time prior to the Trustee's request to substitute the parties in this litigation did Mrs. Di Giulian raise this defense, and it should not prevent the Trustee's Motion from being granted.

### III. FRAUDULENT CONVEYANCES ARE NOT EXEMPT FROM SATISFACTION OF A JUDGMENT.

Most importantly, the defense raised in the Opposition has no merit.

In the Memorandum Decision Regarding Omnibus Motions to Dismiss, this Court determined that a New York state law exempting trust property and qualifying plans, including IRAs, from application to the satisfaction of a judgment did not apply because "fraudulently transferred property is not exempt" under the law. *SIPC v. BLMIS*, 531 B.R. 439, 482–83 (Bankr. S.D.N.Y. 2015); *see* N.Y. Civil Prac. Laws & Rules 5205(c)(2), (5). The same result follows under Florida law.

Florida Statute 222.21(2)(a) provides that assets payable to a participant or beneficiary in a qualified retirement or profit sharing plan are exempt from all claims from judgment creditors of the beneficiary or participant. The public policy behind this law is to prevent debtors from becoming dependent on the State because creditors left them without means to support themselves after they retire. However, an exemption "is not effective if it results from a fraudulent transfer or conveyance as provided in chapter 726." Fla. Stat. 222.29. Chapter 726 sets forth the definition of a fraudulent transfer and provides that a fraudulent transfer may be set aside. Fla. Stat. 726.105.

3

Florida case law follows this principle. "Property that would otherwise be excluded from the bankruptcy estate is not exempt if the property was acquired via a fraudulent transfer or conveyance." *In re Mathews*, 360 B.R. 732, 745 (Bankr. M.D. Fla. 2007). In *In re Hill*, the Bankruptcy Court for the Northern District of Florida evaluated whether a debtor was entitled to an exemption for an IRA that was funded entirely from proceeds of contracts resulting from the debtor's fraudulent actions, and concluded that he was not. 163 B.R. 598 (Bankr. M.D. Fla. 1994). The reasoning underlying the *Hill* court's denial of exempt status for the IRA is supportive here. "The purpose behind exemptions is not to provide a windfall for the debtor...There is established authority supporting the proposition that exemptions are not to be applied in such a way as to make them instruments of fraud, an imposition on creditors, or a means to escape honest debts." *Id. at 607*; see also *Matter of Felsinger,* 17 B.R. 226, 228 (Bankr. M.D. Fla.1982); *In re Gherman,* 101 B.R. 369, 371 (Bankr.S.D.Fla.1989). For the Di Giulian Estate to assert that it should be permitted to keep BLMIS withdrawals because they flowed through a Florida IRA would make the IRA an instrument of Madoff's fraud, and a means to escape Di Giulian's debt, which is not permitted under Florida law.

In support of her Opposition, Di Giulian attempts to analogize these circumstances to cases involving the general rule that IRAs may not be used by a creditor to satisfy a judgment, but <u>none</u> of the cited cases address avoidance actions involving fraudulent transfers into the IRA.[3] The remaining cases cited do not address IRAs or other retirement accounts at all and are

---

[3] *See Dunn v. Doskocz,* 590 So.2d 521, 522 (Fla. Dist. App. 1991) (discussing the general exemption of IRA accounts); *In re Saunders,* 240 B.R. 636, 638 (S.D. Fla. 1999), aff'd sub nom. *Saunders v. Tolz,* 275 F.3d 51 (11th Cir. 2001) (noting determination of exempt status of IRA accounts from bankruptcy estate); *In re Swarup,* 521 B.R. 382, 385 (Bankr. M.D. Fla. 2014) (exempting debtor's marital interest in IRA account); *In re Ladd,* 258 B.R. 824, 827 (Bankr. N.D. Fla. 2001) (allowing traceable exempt IRA funds to retain their exempt status).

4

not relevant to Di Giulian's contention.[4]  The Trustee does not seek to pierce an exempt IRA, but instead to recover BLMIS transfers fraudulently conveyed to Di Giulian as part of a Ponzi scheme.  Defendant's apparent contention that the Trustee cannot recover mandatory IRA distributions has also been rejected by Judge Rakoff. *See Picard v. Greiff*, 476 B.R. 715, 728-29 (S.D.N.Y. 2012) (ruling that the Internal Revenue Code does not require dismissal of the Trustee's claims under § 548(a)(1)(A) and § 550(a)).

For these reasons, Defendant's Opposition should be denied.

## IV.    CONCLUSION

The Trustee moves to substitute Di Giulian's Estate and Mrs. Di Giulian in her capacity as personal representative of the Di Giulian Estate into this adversary proceeding – a purely procedural motion routinely granted.  Defendant's Opposition runs contrary to the Court's decision on the Omnibus Motion to Dismiss and statutory and case law in Florida.  Di Giulian's improper contention that fraudulent conveyances are exempt by virtue of initial placement in an IRA, even after they were withdrawn from Di Giulian's IRA account and admittedly used by him [Dkt. 72], should be rejected.  The Trustee respectfully requests that the Court enter an order substituting the proper defendants, amending the caption and denying the Defendant's Opposition.

---

[4] *See In re Gatto*, 380 B.R. 88, 91 (Bankr. M.D. Fla. 2007) (addressing Florida's personal property exemption); *In re Mootosammy*, 387 B.R. 291, 295 (Bankr. M.D. Fla. 2008) (addressing Florida's motor vehicle exemption); *In re Stevenson*, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007) (addressing head-of-household earnings exemption).

5

Dated: New York, New York  
       May 25, 2017

Respectfully submitted,

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-0518
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

*/s/ Nicholas J. Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111-0100
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

6