**BakerHostetler**

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

May 26, 2017

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:     In re: Bernard L. Madoff—Supplemental Letter in Advance of May 31, 2017 Hearing

Dear Judge Bernstein:

      We write to propose a streamlined approach for the discovery issues scheduled to be addressed at the May 31, 2017 hearing (the "May 31 Hearing") and to provide factual context which we hope will aid in the Court's adjudication of all outstanding disputes.  The specific issues scheduled to be addressed at the May 31 Hearing are:  (i) Chaitman LLP's March 2, 2017 request for common rebuttal expert disclosure deadline in all Chaitman LLP cases where fact discovery was open as of July 7, 2016; (ii) the Trustee's March 21, 2017 request to quash subpoenas to 10 former BLMIS traders across all Chaitman LLP cases; and (iii) the Trustee's April 5, 2017 request to adopt and apply Judge Maas's arbitration rulings across all similarly situated adversary proceedings and compel defendants to provide reasonable dates for all noticed depositions, and the May 24, 2017 supplemental letter.

      As the Court is aware, the Trustee filed over 1150 avoidance actions beginning in 2010. Since discovery commenced in 2014, the Trustee has made available and/or produced millions of documents concerning all aspects of BLMIS's operations, together with expert reports covering the relevant transfers, insolvency, and fraud.  This effort has resulted in the resolution of more than 850 of the 1150 cases originally filed, many of which were the result of successful mediations.  The Trustee has also successfully avoided protracted and costly fact discovery in certain cases by negotiating stipulations or obtaining admissions that have eliminated the need to litigate all issues, thereby enabling the parties to focus on the few legal or factual matters that actually are in dispute.

The Trustee has not had similar success with the Defendants represented by Chaitman LLP. Rather, Ms. Chaitman has successfully employed a strategy of delay by litigating and then re-litigating every possible discovery issue for the past several years. The Trustee wishes to move forward with these cases by reaching stipulations on both factual and legal issues, but that has simply not been possible. As Judge Conrad specifically concluded in his recent mediator's report regarding a specific case, Ms. Chaitman has simply not approached mediation in good faith. *See* Mediator's Final Report, Adv. Pro. No. 10-04658, ECF No. 71 and Adv. Pro. No. 10-04377, ECF No. 68. Judge Conrad's finding is emblematic of Ms. Chaitman's conduct with respect to discovery as well, specifically regarding her practice of mischaracterizing facts as a pre-textual basis to continuously litigate issues that should be considered settled by the force of law or—in some instances—existing Court orders.

All the while, Ms. Chaitman avoids providing discovery of her own, submits fact affidavits from individuals with no personal knowledge of the issues averred, and offers deposition dates for her clients that are typically months outside of the relevant fact discovery periods as an apparent pretext to force continuous extensions of the cases. The Trustee finds this conduct particularly troubling given that many of Ms. Chaitman's clients are elderly, and the onerous nature of litigation discovery could be obviated for them altogether if Ms. Chaitman would simply agree to eliminate facts and issues not in dispute by stipulation.

The Trustee believed that the appointment of Judge Maas would rein in the repeated litigation over garden-variety bank subpoenas and transfer-related discovery requested by the Trustee that plagued this Court for well over a year. However, Ms. Chaitman found a way to use his involvement in the case as an additional delay tactic. After demanding many times in this Court and in arbitration that a discovery ruling in one of her cases should apply with equal force and effect in all of her cases, Ms. Chaitman reversed her position once Judge Maas began issuing rulings unfavorable to her. Now Ms. Chaitman refuses to consent to arbitration in any additional cases, forcing the Trustee to have to re-litigate those same issues anew in this Court. In order to avoid that waste of the Court's and the Trustee's resources, we have asked the Court to simply adopt and apply those rulings across all Chaitman LLP cases. *See* ECF No. 16079.

Ms. Chaitman also disregards Judge Maas' orders even in cases where she has explicitly consented to his jurisdiction. In *Picard v. Bruno L. Di Giulian*, the Trustee was forced to re-arbitrate a prior ruling from Judge Maas due to Ms. Chaitman's failure to comply with his original order. Judge Maas sanctioned Ms. Chaitman for her failure to turn over documents prior to a deposition by precluding her use of those documents, even though the Defendant herself had provided the documents to Ms. Chaitman long before the deposition. *See* Discovery Arbitrator's Order, Adv. Pro No. 10-04728, ECF No. 68. The direct and unfortunate result is that her client has been ordered to appear for further testimony—a result that could have been obviated had Ms. Chaitman either agreed to the stipulation proposed by Judge Maas to resolve our disputes and/or provided the discovery on a timely basis. *Id.*

Notwithstanding these findings by Judge Conrad and Judge Maas, Ms. Chaitman continues to accuse the Trustee of discovery misconduct, even though Judge Maas's relevant orders acknowledge the significant efforts the Trustee has made to date with respect to his

2

discovery obligations, and thereby affirms what Ms. Chaitman characterizes as misconduct. *See* ECF No. 16079.

Ms. Chaitman has also used the Court's authorization of Bernard Madoff's deposition to further delay these cases. As the Court is aware, pursuant to the Order Authorizing the Deposition of Bernard L. Madoff (the "Deposition Order"), defendants in a relatively small group of 83 cases—65 of which are Chaitman LLP cases—have had ample time with Madoff to explore the early period of the fraud, which has effectively stalled these cases for almost a year. This exercise has proven to be an expensive frolic and detour that has yielded no additional credible evidence supporting Ms. Chaitman's theory that the Ponzi scheme did not "start" until 1992. To the contrary, the recent production by the Federal Bureau of Investigation ("FBI") of Madoff's FD-302 Statement ("302 Statement"), which the Trustee submitted to the Court by letter on May 23, 2017, as well as the mountains of evidence the Trustee has made available, demonstrate that the Ponzi scheme began long before 1992.

Despite the lack of any credible evidence supporting the "1992" contention, Ms. Chaitman noticed not one, but ten subpoenas on former BLMIS traders for testimony and documents. The document demands attached to the subpoenas seek evidence of trading in the Investment Advisory business for periods of time during which these individuals were not even employed by BLMIS, and thus they cannot possibly have personal knowledge or relevant records. Furthermore, these subpoenas were noticed in many cases where they are untimely, even if found otherwise permissible. In several such cases, fact discovery is closed, including three that are scheduled for pre-trial conferences on May 31, 2017. In addition, Ms. Chaitman recently served a rebuttal expert report and has further disclosed a new fact witness in many of these same cases where the applicable deadlines for such disclosures have passed. This conduct is prejudicial to the Trustee. The deadlines imposed by the applicable rules and associated orders exist to ensure the fair and efficient adjudication of cases. Without them, the Trustee is unable to move the cases forward and fully discharge his obligations with respect to the customer fund.

To that end, the Trustee submits that the Court should reject—or at least defer—Ms. Chaitman's requests to serve additional "1992" related discovery and reset case management deadlines where operative dates for serving discovery or disclosing experts have passed. Instead, these issues should be vetted through an omnibus procedural order governing a fraud trial pursuant to which the parties can negotiate and the Court can approve any new discovery.[1] This will bifurcate this case-wide issue from case-specific discovery relating to transfers and defenses, and enable the parties to litigate the case-wide issue once—and more importantly, with all eligible parties, not just those represented by Ms. Chaitman, able to participate. The Trustee is currently drafting a proposed order to govern this proceeding, which will have provisions addressing any additional discovery into the Ponzi scheme. We will present that proposal to the Court and request a future hearing to discuss it and all related issues.

---

[1] The Trustee anticipates taking additional discovery relating to the fraud. For example, since Mr. Madoff's testimony regarding the start date of the fraud is now part of the record, the Trustee should be entitled to depose certain former BLMIS employees whose testimony in other actions, including the related criminal trials, directly rebut Mr. Madoff's account. Should the Court and Ms. Chaitman agree to admit the criminal trial testimony of those employees in the Trustee's cases, then those depositions may not be needed.

3

300442432.4

To facilitate the Trustee's plan to move these cases forward and effectuate an efficient and fair adjudication of the remaining adversary proceedings, the Trustee respectfully requests the following interim relief:

*First,* the Court should order that Judge Maas's orders are applicable and binding on all of Ms. Chaitman's cases. In addition, the Court should compel Ms. Chaitman to fully comply with those orders and cure any outstanding discovery deficiencies, including: (i) the provision of relevant deposition dates where they have not already been reasonably supplied; (ii) serve amended responses to the Trustee's Interrogatories and Requests for Production that comply with applicable rules and substantively respond to requests; and (iii) produce all relevant outstanding documents, including those supporting the existing affirmative defenses. In addition, consistent with Judge Maas's orders, the Court should preclude the defendants from relying on any evidence that has not been produced to the Trustee as of ten business days from the entry of the Court's order. Ms. Chaitman has had ample opportunity to respond to this discovery, which has been subject to near constant litigation since at least December 2015. We respectfully submit that at this juncture, as the record now shows, we simply cannot move forward with Ms. Chaitman's cases without such Court orders.

*Second,* the Court should order that all Defendants represented by Ms. Chaitman are precluded from serving new discovery, disclosing new witnesses, or serving new expert reports and/or fact affidavits where the operative case management deadlines to do so have passed, just as the Court recently rejected defendants' similar attempts in *Picard v. Zraick* to serve new discovery more than six months after fact discovery had closed. Such conduct is prejudicial because it creates uncertainty, incentivizes costly and unnecessary litigation, and impedes the Trustee's ability to move cases forward.

*Third*, consistent with the above, the Court should quash the ten BLMIS trader subpoenas on the grounds that they violate Federal Rule of Civil Procedure 26(b). Moreover, to the extent they relate to Ms. Chaitman's "1992" theory, they are violative of paragraph L of the Deposition Order, which requires leave of Court prior to any additional discovery on that issue. Regardless, any additional discovery relating to the start date of the fraud in general should be negotiated and vetted through an omnibus order on a fraud trial, and therefore, at a minimum, the Court should defer this issue to a later hearing on that subject.

In sum, the Trustee is asking the Court to help remediate the chaos, confusion, and delay caused by Ms. Chaitman's failure to comply with discovery obligations and blunderbuss service of recent subpoenas seeking to further the 1992 fiction. The Trustee should be permitted to complete case-specific discovery without further delay and prejudice while omnibus proceedings regarding the fraud proceed pursuant to a fair and efficient order that includes all relevant parties and obviates the need for further piecemeal litigation of that subject. The Trustee submits that bifurcating all remaining permissible and appropriate discovery in this manner is in the best interests of both judicial efficiency and the customer fund.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

cc: Helen Davis Chaitman (via email)
Gregory Dexter (via email)

300442432.4