# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

May 30, 2017

**VIA ECF AND EMAIL:**
**Bernstein.chambers@nysb.uscourts.gov**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    **Adv. Pro. No. 10-04728, Irving Picard v. Bruno DiGiulian (SMB)**

Dear Judge Bernstein:

    Please accept this letter as Defendant's reply brief on our motion to dismiss the complaint.

    In response to DiGiulian's motion, the Trustee relies on Florida Statute § 726.105 for the proposition that Defendant's mandatory required minimum distributions from his IRA account were fraudulent transfers that can be set aside. However, it is well established under Florida law that exempt property may not be recovered by a trustee on fraudulent transfer grounds because such property could not have been attached by creditors before any transfer. *See In re Goldberg,* 229 B.R. 877 (Bankr. S.D. Fla. 1998)(transfers of proceeds of loans generated by equity of debtor's exempt property were not fraudulent because the source of the proceeds was exempt property.); *In re Short*, 188 B.R. 857, 860 (Bankr. M.D. Fla. 1995)(As a matter of law, transfers from exempt assets "cannot be avoided as having been made with the intent to hinder, delay or defraud creditors pursuant to §548(a)(1).").

    Florida Statute § 222.21(2)(a) renders exempt from all claims of creditors "any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement or profit-sharing plan that is qualified under [certain provisions of the Internal Revenue Code], as amended, . . . ." *Dunn v. Doskocz*, 590 So.2d 521, 522 (Fla. Dist. Ct. App. 1991) (quoting Fla. Stat. § 222.21(2)(a)(1989)).

    The rationale behind the *Goldberg* and *Short* decisions is that a debtor cannot legally intend to defraud a creditor when the creditor could not reach the property that the debtor transferred in the first place. *See In Re Kimmel*, 131 B.R. 223, 229 (S.D. Fla. 1991)("A debtor can only commit fraud on his creditors by disposing of such property as the creditor would have a legal right to look to for satisfaction of his claim." (*quoting Dean v. Heimbach*, 409 So.2d 157 (Fla. 1st DCA 1982)("A sale, gift or other disposition of property which is by law absolutely exempt from the payment of the owner's debts cannot be impeached by creditors as in fraud of their rights."));*see*

CHAITMAN LLP

The Honorable Stuart M. Bernstein
May 30, 2017
Page 2

*also In re Goldberg*, 229 B. R. 877, 882 (S.D. Fla. 1998)("[A] debtor in disposing of property can commit a fraud on creditors only by disposing of such property as the creditor has a legal right to look to for satisfaction of his claim, and hence a sale, gift, or other disposition of property which is by law absolutely exempt from the payment of the owner's debts cannot be impeached by creditors as in fraud of their rights. Creditors have no right to complain of dealings with property which the law does not allow them to apply on their claims, even where such dealings are with a purpose to hinder, delay or defraud them")(*quoting Snead v. Davis*, 184 So. 865 (Fla. 1938)).

The Trustee relies upon cases which are inapposite because they ignore Florida law. For example, the Trustee cites *SIPC v. BLMIS*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015), where the court found that a New York law did not fully exempt a trust from execution by a judgment creditor; and *Picard v. Greiff*, 476 B.R. 715 (S.D.N.Y)(which was decided under federal law and did not deal at all with the issue of whether a judgment creditor could levy on the proceeds of a Florida IRA account.).

Contrary to the Trustee's suggestion, this is not a case where an asset was acquired as the result of an intentional fraudulent transfer by the debtor. Thus, for example, *In re Hill,* 163 B.R. 598 (Bankr. M.D. Fla.1994), is distinguishable because the debtor there himself committed the fraudulent activity from which the IRA funds were derived. The debtor was charged with fraud, conspiracy and tortious interference with contractual relations when double dealing in business contract negotiations. In re Gherman, 101 B.R. 369, 371 (Bankr.S.D.Fla.1989), is similar because the debtor stole property and then claimed it was exempt. As the court explained in *In re Goldberg:*

> The Debtor, as a matter of law, could not have formulated the fraudulent intent necessary to commit a fraudulent transfer if the source of the transfer is an exempt asset . . . . Moreover, because the source of the proceeds was exempt property, the proceeds were out of the reach of creditors **as a matter of law**. . . ; *See also Malone v. Short* (*In re Short*), 188 B.R. 857 (Bankr. M.D. Fla.1995) (finding that, **as a matter of law**, a transfer of exempt property could not be avoided as having been made with the intent to hinder, delay, or defraud creditors either under § 548 of the Bankruptcy Code or Florida Statutes § 726.105); *Tavormina v. Robinett* (*In re Robinett*), 47 B.R. 591 (Bankr. S.D. Fla.1985) (finding that if the property in question was exempt from the claims of creditors on the date of the transfer, then § 548 is inapplicable, as the transfer of exempt property cannot adversely affect any creditor and, therefore, cannot be a fraudulent transfer); *Rigby v. Middlebrooks*, 102 Fla. 148, 135 So. 563, 564 (Fla. 1931) ("As to exempt property there are no creditors within the meaning of statutes prohibiting the conveyance of property in fraud of creditors, and, as homesteads are exempt from execution, a creditor acquires no rights in regard thereto."); *Spoonholtz v. Spoonholtz*, 180 So.2d 497, 500 (Fla. 3d Dist. Ct. App. 1965) (finding that a husband's transfer of a homestead to a wife could not have been a fraudulent conveyance under Florida law. "Since homestead property is not subject to the attacks of creditors there can be no fraud connected with this transfer.")."

08-01789-cgm    Doc 16096    Filed 05/30/17    Entered 05/30/17 13:50:05    Main Document
Pg 3 of 3

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
May 30, 2017
Page 3

*Id.* (emphasis added).

Finally, the Trustee cites *Matter of Felsinger,* 17 B.R. 226, 228 (Bankr. M.D. Fla.1982), to support his contention that DiGiulian's widow is using a statutory exemption as a means to escape debts. *See* Trustee's Br. at 4. This contention is false. In fact, the Trustee omitted the pertinent part from the beginning of his citation:

> It should be noted at the outset that 'the exemption laws are intended to preserve for the unfortunate citizen and his family certain things necessary to entitle him to earn a livelihood,' and the Florida courts have always held that the state's homestead laws should be construed liberally in the interests of the family and in favor of the person entitled to them.

*Id.* (*citing Vandiver v. Vincent*, 139 So.2d 704 (Fla. 2d DCA 1962)).

DiGiulian was an innocent, good faith recipient of mandatory IRA withdrawals. It would be an enormous distortion of the law to hold his estate liable to the Trustee. Such a result would be in direct violation of Florida Statute §222.21.

Thus, Defendant's motion to dismiss the complaint should be granted.

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC
cc:    (*via Email:*)
       Dean D. Hunt (dhunt@bakerlaw.com)
       Edward J. Jacob (ejacobs@bakerlaw.com)
       Keith R. Murphy (kmurphy@bakerlaw.com)