UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>      -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | **ORDER AND REPORT AND RECOMMENDATION TO THE HONORABLE STUART M. BERNSTEIN** |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>      -against-<br><br>FEDERICO CERETTI, et al.,<br><br>      Defendants. | Adv. Pro. No. 09-1161 (SMB) |

    By letter dated April 5, 2017, Anthony M. Gruppuso, of Baker & Hostetler, LLP, counsel for trustee Irving Picard (the "Trustee"), sought an order directing defendants Kingate Global Fund Limited and Kingate Euro Fund Limited (together, the "Funds"), which are in liquidation in the British Virgin Islands, to:

1. produce documents that the liquidator of the Funds (the "Liquidator") previously had received in civil litigation commenced by the Funds in Bermuda (the "Bermuda Action");

2. retrieve and produce documents held by certain third parties that had provided services to the Funds prior to their liquidation; and

3. not withhold any documents from production on the basis that they were created after the date the liquidation of the Funds commenced.

Before Your Honor, the Funds opposed these applications on several grounds. Insofar as relevant, the Funds opposed the Trustee's first application on the bases that the Trustee should have sought the Bermuda Action Documents[*] directly from the third parties that had provided them, and that the documents had been obtained under compulsion, thereby giving rise to an "implied undertaking" under Bermuda law that they would not be used for purposes other than the prosecution and defense of the Bermuda Action. (See Adv. Pro. 09-1161, ECF No. 262 (Funds' Mem. in Opp. To Trustee's Mot.)). The Funds argued that their production of the Bermuda Action Documents would therefore constitute a violation of Bermuda law.

The Funds opposed the second application, in part, on the ground that the Funds lacked the practical ability to secure further documents from their former service providers. (Id.).

Finally, the Funds argued that it would be unduly burdensome to review and produce any documents created after the liquidation of the Funds began since those documents did not relate to activities conducted by the Funds in the ordinary course of business and were likely to be privileged. (Id.). They noted that the Trustee himself had similarly declined to review or produce any documents created after his appointment on December 11, 2008. (Id.).

---

[*] Any documents that the Liquidator produced to third parties in the Bermuda Action have already been produced to the Trustee. Accordingly, the term "Bermuda Action Documents" refers solely to the documents that were produced by those third parties in the Bermuda Action.

By Stipulation and Order dated March 31, 2017, the foregoing discovery disputes were referred to me. Notably, in their letter responding to the Trustee's renewed application to compel discovery, the Funds withdrew any objection to the production of documents based on the implied undertaking. (See letter to the Discovery Arbitrator from Robert Loigman, Esq., dated April 26, 2017, at 2). As their counsel explained, the Funds are "now in a position to commit that if an order is issued directing the Funds to produce the Bermuda [Action documents], the Funds will comply with that order, subject to the Funds' right to withhold privileged documents." (Id.). The Funds nevertheless requested that there be no mandatory deadline for that production so that they could perform an adequate privilege review. (Id.).

During a subsequent telephone conference on May 10, 2017, the Funds' counsel confirmed that the Funds are no longer seeking to withhold the Bermuda Action Documents based on Bermuda law. There consequently is no longer any need to undertake the detailed analysis contemplated by the Supreme Court's decision in Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa, 482 U.S. 522, 544 & n.28 (1987). Rather, the only issue is whether the Trustee's demand for the Bermuda Action Documents meets the requirements of the Federal Rules of Civil Procedure.

In that regard, there is no dispute that the Bermuda Action Documents are relevant to the issues in this case. Indeed, they presumably were sought by the Liquidator for reasons closely related to the reasons why the Trustee seeks them in this proceeding. There similarly is no suggestion that production of the Bermuda Action Documents would be unduly burdensome. (See Tr. of May 10, 2017 telephone conference at 17-18). Accordingly, there does not appear to be any basis to oppose production based on the Federal Rules of Civil Procedure.

The only other objection that the Funds had asserted with respect to the Bermuda Action Documents is that the Trustee should be required to obtain them directly from the third parties who produced them to the Liquidator. Suffice it to say, that would be a laborious process with no guarantee of success. At the outset, neither Bermuda nor the British Virgin Islands is a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. Moreover, based upon my review of

the agreements that the Funds entered into with the third parties, it seems clear that neither the Funds nor the Liquidator has a contractual right to those documents now that the Funds are no longer going concerns.

It follows that the Trustee has shown good cause for requiring the Funds to produce the Bermuda Action Documents, even if it were theoretically possible for him to obtain them directly from their original sources through other means.

There is one other issue raised by the Trustee's motion and the Funds' opposition thereto. The Funds object to producing any documents created by the Liquidator or the Funds after the date of the Liquidator's appointment. They argue that the Liquidator is in substantially the same position as the Trustee, who himself has objected to the production of any documents that he created after the date of his appointment. Since it appears that counsel for the Trustee and for the Funds never discussed this issue in any detail prior to the telephone conference, I have directed the two sides to confer in an effort to craft a suitable stipulation addressing this issue. In light of that directive, there is no need to address this concern further at this time.

Finally, because the Bermuda court may wish to have a final order issued by Your Honor, rather than a Discovery Arbitrator, I have taken the liberty of drafting the annexed proposed order directing that the Funds produce the Bermuda Action Documents to the Trustee. During the telephone conference, the Funds requested that any such order afford their counsel sixty days to review the documents for privilege. As their counsel explained, the Liquidator and the Funds may be able to claim attorney-client privilege with respect to certain of the Bermuda Action Documents, notwithstanding their production to the Liquidator, because the Funds and third parties share a common interest. Their counsel also noted that they had yet to see any of the Bermuda Action Documents.

Despite these concerns, the universe of documents that the Funds will have to review is relatively small. Moreover, even if the Liquidator's United States counsel have yet to see the Bermuda Action Documents, they presumably have been reviewed by the Liquidator's counsel in Bermuda. For these reasons, the attached proposed order provides for the production of the Bermuda Action Documents, and a log of any documents withheld on privilege grounds, within thirty days of Your Honor's entry of the order.

Accordingly, I respectfully recommend that the annexed order be entered by Your Honor, and I hereby order that counsel confer in an effort to reach agreement concerning the appropriate treatment of documents in the possession of the Liquidator that were created after May 9, 2009.

SO ORDERED.

Dated: New York, New York
May 26, 2017

_____
FRANK MAAS
Discovery Arbitrator

Copies to Counsel via ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>           -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | **ORDER GRANTING IN PART AND DENYING IN PART THE TRUSTEE'S MOTION TO COMPEL THE FUND DEFENDANTS TO PRODUCE DOCUMENTS** |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>           -against-<br><br>FEDERICO CERETTI, et al.,<br><br>                    Defendants. | Adv. Pro. No. 09-1161 (SMB) |

    WHEREAS the Trustee has moved to compel defendants Kingate Global Fund Limited and Kingate Euro Fund, Limited (together, the "Funds") to produce documents and participate in discovery (the "Motion") (ECF No. 252); and

WHEREAS, the Funds originally opposed the Motion; and

WHEREAS, the Court referred the issues raised by the Motion to the Honorable Frank Maas (ret.), as Discovery Arbitrator, by Order dated March 31, 2017 (Main ECF No. 15566); and

WHEREAS, the Discovery Arbitrator has held a conference and issued a Report and Recommendation dated May 26, 2017, it is hereby

ORDERED that:

1. The Report and Recommendation of the Discovery Arbitrator is adopted.

2. Within thirty days of this Order the Funds shall produce to the Trustee:

   (a) all non-privileged documents produced to the Funds in discovery in the Bermuda action captioned Kingate Global Fund Ltd. v. Kingate Mgmt. Ltd., No. 2010:454; and

   (b) a privilege log identifying any documents withheld on the basis of attorney-client privilege or the attorney work product doctrine;

3. The remaining relief sought pursuant to the Motion is denied without prejudice to a later application to the Discovery Arbitrator should there be any further concerns regarding the Funds' document production.

4. The Clerk of the Court shall close the motion (ECF No. 252).

SO ORDERED.

Dated:    New York, New York
          May 30th, 2017

                                        /s/ STUART M. BERNSTEIN
                                        STUART M. BERNSTEIN
                                        United States Bankruptcy Judge

Copies to Counsel via ECF