# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>SOUTH FERRY BUILDING COMPANY, a New York limited partnership, EMANUEL GETTINGER, ABRAHAM WOLFSON, and ZEV WOLFSON,<br><br>        Defendants. | Adv. Pro. No. 10-04488 (SMB) |

**STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS**

   The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendants, South Ferry Building Company, Emmanuel Gettinger, Abraham Wolfson and Zev Wolfson (collectively, the "Initial Transferee Defendants"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, as set forth in greater detail below, BLMIS and/or Madoff made certain initial transfers ("Initial Transfers") to or for the benefit of Initial Transferee Defendants relating to Account No. 1S0451 held at BLMIS and/or Madoff in the name of South Ferry Building Company.

**WHEREAS**, in Count One of the Trustee's Complaint, the Trustee seeks to avoid and recover the Initial Transfers or their value as fraudulent transfers pursuant to, *inter alia*, sections 548(a)(1)(A), 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA");

**WHEREAS**, the Initial Transferee Defendants have raised certain defenses to the Trustee's claims in the Complaint; and

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the parties are entering into this stipulation in the interest of efficiency to avoid unnecessary litigation over discovery disputes;

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts:

1. Defendant South Ferry Building Company maintained an account at BLMIS denominated as Account No. 1S0451 (the "Account").

2. Columns 1-8 of Exhibit B to the Trustee's Complaint, which are incorporated herein by reference and attached hereto as Exhibit 1, accurately reflect the complete history of the transactions affecting the Account.

3. Column 4 of Exhibit B to the Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects all deposits made into the Account.

4. Column 5 of Exhibit B to the Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects all withdrawals from the Account.

5. Column 10 of Exhibit B to the Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects the funds received by the Initial Transferee Defendants from December, 2006 through October, 2008.

6. Initial Transferee Defendants stipulate to receipt of the following transfers from BLMIS and further stipulate that those transfers were deposited into a Citibank Bank, N.A. account in the name of South Ferry Building Company, LP, Account No. 31027142:

   a. 6/2/2008 - $6,400,000.00

   b. 10/7/2008 - $220,000.00

7. Defendant South Ferry Building Company LP ("South Ferry Building") is solvent and has the ability to repay the full amount of the Initial Transfers. In an effort to obviate the need for discovery into any subsequent transfers of any funds that the Initial Transferee Defendants withdrew from the Account between December 11, 2006 and December 11, 2008, South Ferry Building hereby undertakes to preserve sufficient assets to repay the Initial Transfers in full until such time as (i) a judgment is entered in favor of the Trustee for the recovery of the Initial Transfers or a portion thereof, or (ii) this adversary proceeding is dismissed with prejudice. South Ferry Building has provided current financial records demonstrating, to the satisfaction of the Trustee, its ability to repay the Initial Transfers. However, in the event that the Trustee obtains a judgment that South Ferry Building cannot satisfy, South Ferry Building hereby agrees to identify all subsequent recipients of any funds that the Initial Transferee Defendants withdrew from the Account between December 11, 2006 and December 11, 2008, including providing the names of the recipients, the amounts received, and the dates on which the money was received. Additionally, South Ferry Building agrees to preserve documents sufficient to show all possible subsequent transfers from the period of December 11, 2006

through December 31, 2009, including, but not limited to, monthly account statements for any account from which such possible transfers may have been made.

8. Upon execution and entry of this stipulation, the Trustee agrees forgo service of subpoenas pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016) on financial institutions or other third parties and further agrees to withdraw the Rule 45 subpoenas served on Citibank, N.A.

9. By executing this Stipulation, the Initial Transferee Defendants in no way concede or admit liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code, the DCL, SIPA or any other applicable law.

10. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to the Initial Transferee Defendants and Subsequent Transferee Defendants, including any subsequent transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

11. This Stipulation is without prejudice to the Initial Transferee Defendants' right to oppose any further claims asserted by the Trustee with respect to additional or other transfers as set forth above.

Dated:        New York, New York
              November 16, 2015

/s/ Nicholas J. Cremona                          /s/ Laura K. Clinton
**BAKER & HOSTETLER LLP**                        **BAKER & MCKENZIE LLP**
45 Rockefeller Plaza                             815 Connecticut Ave., N.W.
New York, NY 10111                               Washington, D.C. 20006
Telephone: (212) 589-4200                        Telephone: (202) 452-7023
Facsimile: (212) 589-4201                        Facsimile: (202) 416-7223
David J. Sheehan                                 Richard A. Kirby
Email: dsheehan@bakerlaw.com                     Email: richard.kirby@bakermckenzie.com
Nicholas J. Cremona                              Laura K. Clinton
Email: ncremona@bakerlaw.com                     Email: laura.clinton@bakermckenzie.com
Christa C. Turner
Email: cturner@bakerlaw.com                      *Attorneys for Defendants*

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC*
*and the estate of Bernard L. Madoff*


SO ORDERED this 19th day of November, 2015.


  /s/ Stuart M. Bernstein
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

BLMIS ACCOUNT NO. 1S0451 - SOUTH FERRY BUILDING COMPANY

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported In Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 8/13/2001 | CHECK WIRE | 2,000,000 | 2,000,000 | - | - | - | 2,000,000 | - | - | - |
| 11/1/2002 | CHECK WIRE | 3,500,000 | 3,500,000 | - | - | - | 5,500,000 | - | - | - |
| 12/24/2002 | CHECK WIRE | (5,900,000) | - | (5,900,000) | - | - | (400,000) | - | - | - |
| 12/27/2002 | CHECK WIRE | 2,000,000 | 2,000,000 | - | - | - | 1,600,000 | - | - | - |
| 5/15/2003 | CHECK WIRE | 9,000,000 | 9,000,000 | - | - | - | 10,600,000 | - | - | - |
| 8/25/2003 | CHECK WIRE | (1,700,000) | - | (1,700,000) | - | - | 8,900,000 | - | - | - |
| 8/27/2003 | CHECK WIRE | (2,000,000) | - | (2,000,000) | - | - | 6,900,000 | - | - | - |
| 12/17/2003 | CHECK WIRE | (1,800,000) | - | (1,800,000) | - | - | 5,100,000 | - | - | - |
| 5/11/2004 | CHECK WIRE | 6,000,000 | 6,000,000 | - | - | - | 11,100,000 | - | - | - |
| 10/27/2004 | CHECK WIRE | 4,000,000 | 4,000,000 | - | - | - | 15,100,000 | - | - | - |
| 3/11/2005 | CHECK WIRE | 6,000,000 | 6,000,000 | - | - | - | 21,100,000 | - | - | - |
| 5/20/2005 | CHECK WIRE | (5,000,000) | - | (5,000,000) | - | - | 16,100,000 | - | - | - |
| 3/30/2006 | CHECK WIRE | (5,000,000) | - | (5,000,000) | - | - | 11,100,000 | - | - | - |
| 5/26/2006 | CHECK WIRE | 2,500,000 | 2,500,000 | - | - | - | 13,600,000 | - | - | - |
| 12/28/2006 | CHECK WIRE | (8,000,000) | - | (8,000,000) | - | - | 5,600,000 | - | - | - |
| 4/24/2008 | CHECK WIRE | (8,000,000) | - | (8,000,000) | - | - | (2,400,000) | - | (2,400,000) | (2,400,000) |
| 6/2/2008 | CHECK WIRE | (8,000,000) | - | (8,000,000) | - | - | (10,400,000) | - | (8,000,000) | (8,000,000) |
| 10/17/2008 | CHECK | (220,000) | - | (220,000) | - | - | (10,620,000) | - | (220,000) | (220,000) |
| Total: | | | $ 45,000,000 | $ (51,620,000) | $ - | $ - | $ (6,620,000) | $ - | $ (10,620,000) | $ (10,620,000) |

MADC0369_00000002