**ALLEN & OVERY**

BY ECF

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel             212 610 6300
Fax            212 610 6399
Direct Line   212 610 6360
michael.feldberg@allenovery.com

June 2, 2017

RE:   *Irving H. Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland N.V.)*, Adv. Pro. No. 11-02760 (SMB)

Dear Judge Bernstein,

I write on behalf of ABN AMRO Bank N.V. (*presently known as* The Royal Bank of Scotland, N.V.) ("RBS/ABN"), the Defendant in the above captioned proceeding, in accordance with the Court's instructions at the May 31, 2017 hearing on the Trustee's contention that this Court lacks the authority to enter an order pursuant to the May 4, 2017 decision denying the Trustee's request for direct certification of his appeal to the United States Court of Appeals for the Second Circuit.

The chart that counsel for the Trustee provided to the Court, purportedly in support of the Trustee's argument that the Court's May 4, 2017 decision should be withdrawn, provides no actual support for that contention. Upon examination, not one of the cases cited by the Trustee even tangentially addresses the position that the Trustee asks this Court to adopt—that the Trustee's request for certification automatically transferred to the District Court, rendering the Trustee's failure to make a similar request before the District Court within the 60-day timeframe required by Rule 8006(f) of the Bankruptcy Rules excusable.

In fact, none of the cases cited by the Trustee involves the "automatic" transfer that Trustee would like to accomplish, and each of the cases is distinguishable from this proceeding or actually provides support for RBS/ABN's position, as explained below.

1. *In re Greektown Holdings LLC*, Adv. Pro No. 10-05712 (Bankr. E.D. Mich.), Case No. 15-cv-14289 (E.D. Mich.), 2016 WL 825537 (E.D. Mich. Feb. 24, 2016).

In *Greektown*, the district court held a status conference during which the parties agreed that the district court, rather than bankruptcy court, should decide the question of direct certification. *Greektown*, 2016 WL 825537 at *2. The parties therefore appear to have stipulated to a resolution of the issues that the

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (cooperation office), Rome, São Paulo, Seoul, Shanghai, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C. and Yangon.

Trustee raises here and the Trustee's arguments regarding automatic transfer were never directly addressed by that court. Furthermore, the trustee in *Greektown* filed his opposition to certification in both the district court and the bankruptcy court, raising the issue of the proper court to decide the request for certification before the 60-day period to request certification had lapsed. *See* Bankr. ECF No. 718; ECF No. 6. Likewise, the joint status conference occurred before the 60-day period to request certification had lapsed, effecting a timely transfer of the motion to the District Court. Here, the Trustee waited for this Court's adverse ruling, after the 60-day period had lapsed, before contesting this Court's authority to enter an order effecting its decision.

   2. *In re IMMC Corp.*, Adv. Pro. No. 10-53063 (Bankr. D. Del.), Case No. 15-cv-1043 (D. Del.). 2016 WL 356026 (D. Del. Jan. 28, 2016).

The trustee in *IMMC* concurrently filed his certification motion in the bankruptcy and district courts within the 60 days required by Rule 8006(f). *See In re IMMC Corporation*, Adv. Pro. No. 10-53063 (Bankr. D. Del. Nov. 11, 2015), ECF No. 72; 15-cv-1043 (D. Del. Nov. 12, 2015), ECF No. 2. Because the trustee filed his certification motion in the district court, the question of whether the motion became "automatically" pending in the district court was never directly addressed and the decision is not instructive here, where the Trustee never filed in the District Court. (Though the Court suggested this approach of separately filing in the District Court at the March 29 hearing (Hearing Tr. at 48:2–11), the Trustee declined to do so.)

   3. *In re Millennium Lab Holdings II, LLC*, Case No. 15-br-12284 (Bankr. D. Del.), 543 B.R. 703 (Bankr. D. Del. 2016).

The Trustee's reliance on *In re Millennium Lab Holdings II* is inapposite, as the chart makes plain. The bankruptcy court in that case granted certification of a direct appeal within 30 days of the entry of the order being appealed, falling squarely within the language of Rule 8006(b). Because no transfer to the district court was necessary, automatic transfer was never directly addressed by that court. *See In re Millennium Lab Holdings II, LLC*, 15-br-12284 (Bankr. D. Del Dec. 14, 2015), ECF No. 202; 15-br-12284 (Bankr. D. Del Jan. 12, 2016), ECF Nos. 259-60.

   4. *In re Energy Future Holdings Corp.*, Adv. Pro. No. 14-50363 (Bankr. D. Del.), Case No. 15-cv-620, 2016 WL 627343 (D. Del. Feb. 16, 2016).[1]

In *Energy Future Holdings*, the certification motion was filed as an initial matter in the district court one day after the bankruptcy court's jurisdiction for purposes of certification had expired, and the bankruptcy court's opinion on certification was never sought. *See In re Energy Future Holdings Corp.*, Adv. Pro. No. 14-50363 (Bankr. D. Del. July 17, 2015), ECF No. 308; Case No. 15-cv-620 (D. Del. August 18, 2015), ECF No. 6. After being fully briefed, the district court denied the request for certification two days after being informed that the bankruptcy court had denied a similar request for certification. *In re Energy Future Holdings*, 15-cv-620, ECF Nos. 52, 54. The automatic transfer issue was never directly considered because the request for certification was initially filed in the district court and was never before the bankruptcy court.

---

[1] The district court in *Energy Future Holdings* issued its decision from the bench as an oral order. *See In re Energy Future Holdings Corp.*, Case No. 15-cv-620 (D. Del. December 3, 2015), ECF No. 54. The Westlaw citation provided by the Trustee refers to another opinion in the case that does not touch on the issues raised by the Trustee.

2

5. *In re Revel AC, Inc*, Adv. Pro. No. 14-22654 (Bankr. D.N.J.), Case No. 15-cv-299 (D.N.J.), 2015 WL 333341 (D.N.J. Jan. 23, 2015):

In *Revel*, the district court denied the request for direct certification, reasoning that it was not the proper forum for the request since the matter remained pending, for the purpose of the request, in the bankruptcy court for 30 days following the filing of the notice of appeal. *Revel*, 2015 WL 333341 at *2. The district court went on to say that, even if the request were properly before it, the court would deny the request on the merits. *Id.* at *2-*4. The issue of automatic transfer was never directly addressed and Rule 8006 limited the district court's ability to consider the request at the time it was erroneously filed in the district court. If anything, the *Revel* district court's issuance of a guiding opinion despite the fact that the matter was then pending before the bankruptcy court, supports RBS/ABN's position that, at a minimum, the Memorandum Decision should be treated as a report and recommendation or guiding opinion, even if the certification issue is pending before the District Court.

Because the Trustee has cited no positive authority for the proposition that a request for certification is automatically transferred from the bankruptcy court to the district court 31 days after the filing of the notice of appeal, we respectfully request that this Court enter an order denying certification and transmit the record on appeal to the District Court pursuant to Rules 8009 and 8010. *See* Proposed Order attached as Exhibit B to May 18 letter, ECF No. 91.

Even were this Court to determine that the District Court is the proper court to issue the final order regarding certification, the Memorandum Decision Denying Certification should not be vacated or withdrawn. The Trustee has not offered any authority stating that a bankruptcy court's memorandum decision on relevant law and facts, which does not serve as a judgment or final order, must be vacated where a procedural rule shifts the matter to the district court. To the contrary, bankruptcy courts frequently issue memorandum decisions in the form of reports and recommendations where they cannot issue final orders. *See, e.g.*, 28 U.S.C. § 157(c)(1) (bankruptcy judge may hear and submit proposed findings of fact and conclusions of law to the district court in a proceeding that is not a core proceeding but that is otherwise related to a case under title 11). *See also Revel*, 2015 WL 333341 at *2-*4 (*Revel* district court issued a guiding opinion despite finding that the matter was then pending before the bankruptcy court). Here, as pointed out in our letter dated May 18, 2017, this Court retained subject matter jurisdiction despite any rule regarding where the case was "pending" (*see Stern v. Marshall*, 564 U.S. 462, 480 (2011)), and as such, even if this Court determines that the certification issue should be referred to the District Court for a final order, no vacatur of the Memorandum Decision is necessary. At a minimum, given this Court's expertise on this matter, its decision is instructive and should be treated as a report and recommendation. This Court should reject the Trustee's request to vacate the Memorandum Decision Denying Certification.

Respectfully,

/s/ Michael S. Feldberg

Michael S. Feldberg

cc: Counsel of record (by ECF)