# EXHIBIT B

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Tracy L. Cole
Ona T. Wang
M. Elizabeth Howe
David M. McMillan

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
And the Estate of Bernard L. Madoff*

**Hearing Date: June 28, 2017 at 10:00 a.m.**
**Objections Due: June 21, 2017**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　　Plaintiff, | Adv. Pro. No. 10-04336 (SMB) |

v.

THE ESTATE (SUCCESSION) OF DORIS IGOIN, LAURENCE APFELBAUM, individually and in her capacities as executor and beneficiary of the Estate (Succession) of Doris Igoin, and EMILIE APFELBAUM,

Defendants.

**AFFIDAVIT OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE TRUSTEE AND
LAURENCE APFELBAUM AND EMILIE APFELBAUM**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Irving H. Picard, being duly sworn, hereby attests as follows:

1.  I am the trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff (together with BLMIS, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Settlement Agreement") by and among the Trustee, on the one hand, and Laurence Apfelbaum and Emilie Apfelbaum, on the other hand.

2

2.  I make this Affidavit based upon my own personal knowledge or upon information I believe to be true.

3.  All capitalized terms not defined herein have the same meaning ascribed to them in the Settlement Agreement submitted as Exhibit A to the Motion.

4.  I believe that the terms of the Settlement Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Settlement Agreement should be approved by this Court. There is a high probability of success in the litigation because the action seeks only fictitious profits in the two-year period. However, there are significant collection difficulties because the Transferees' assets in France may only be recovered through enforcement of a U.S. judgment in the French Courts, in a separate proceeding. This proceeding, known as *exequatur*, is a lengthy process that may not resolve the litigation for a number of years. It would also require additional legal expenses to be incurred by all parties. The Settlement Agreement furthers the interests of BLMIS customers by ensuring an immediate cash payment to the estate of $7,500,000. The Settlement Agreement also allows for the possibility of recovering 100% of the fraudulent transfers, which add up to $25,104,399, to the customer property fund and increases the distribution to BLMIS customers with allowed claims. The Settlement Agreement avoids likely lengthy, burdensome, and expensive litigation in both the U.S. and France regarding the claims and defenses in this matter.

5.  Given the complexities involved in proceeding with further litigation, I have determined, in my business judgment, that the Settlement Agreement represents a fair compromise of the claims against the Transferees.

_____
IRVING H. PICARD

Sworn to before me this 2nd
Day of June, 2017

_____
Notary Public

SONYA M. GRAHAM
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/20 17

4