# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Marcy Ressler Harris
212.756.2271

Writer's E-mail Address
marcy.harris@srz.com

June 5, 2017

**VIA ECF**

Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

   Re: *Securities Investor Protection Corp. v. Bernard L. Madoff Investment
Securities LLC*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

   On behalf of the Picower Parties,[1] we write in response to the Notices requesting "Day 2 Deposition Topics" for the deposition of Bernard L. Madoff. (*See* ECF Nos. 16099, 16101, 16104, 16105, 16106, 16109, 16110.)

   This Court has previously determined that the permissible topics of inquiry for Madoff's deposition are to be limited in scope insofar as those topics relate to Jeffry M. Picower or the Picower Parties. Indeed, at the August 24, 2016 hearing concerning whether to authorize Madoff's deposition at all, this Court stated that "[w]hat you can't do is ask questions about . . . what did [Picower] do in 1993 and what did he do in 1994 and things like that, because that's well beyond the scope of it and I think the [Picower Parties] have a legitimate objection on that basis." (ECF No. 13967 at 31.) The Court further stated that Madoff may testify as to how the fraud was started "[a]s long as he's not asked questions about what did [Picower] do" or "how did [Picower] aid and abet it." (*Id.* at 34.) The Court's statements were expressly incorporated into its Order Authorizing the Deposition of Bernard L. Madoff (the "Deposition Order"), which prohibited Authorized Counsel from asking questions about "*Jeffry M. Picower, the Picower*

---

[1] The "Picower Parties" are Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Picower Institute of Medical Research; The Trust f/b/o Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower.

Hon. Stuart M. Bernstein
June 5, 2017
Page 2

*Parties or their agents, or the Picower Parties BLMIS accounts* (other than as set forth in the transcript of hearing dated August 24, 2016 in this matter)." (ECF No. 14213 (emphasis added).)

One of the proposed Day 2 Deposition Topics plainly runs afoul of the Court's prior admonitions about the proper scope of questioning of Madoff as it concerns Mr. Picower and the Picower Parties. Specifically, the request to inquire about "[t]he indemnification agreements Madoff had with the Four Families" (*see* ECF No. 16099 (Proposed Topic No. 5) and ECF No. 16101 (Proposed Topic No. 3)) is plainly designed to elicit information about Mr. Picower – one of the Four Families.[2] Those purported indemnification agreements are completely irrelevant to determining whether the Ponzi scheme presumption applies, when Madoff began his Ponzi scheme, and the extent to which Madoff engaged in legitimate or illegitimate trading – which were the reasons proffered for seeking Madoff's deposition in the first place. The Picower Parties therefore request that the Court not authorize questions concerning Madoff's purported indemnification agreements with the Four Families.

Certain other topics identified by the Participating Customers, while not obviously contrary to the letter or spirit of the Deposition Order, could, however, be used as a backdoor way to elicit impermissible testimony about Picower or the Picower Parties. By way of example, the following proposed topics could be used as a means of eliciting testimony about the Picower Parties' BLMIS account records and account activity:

- "[i]nterpretation of Madoff's or BLMIS's account records sent to customers, including the Defendants" (*see* ECF No. 16110 (Proposed Topic No. 3); and

- "[t]he extent to which Madoff or [BLMIS] bought, sold, and held actual securities shown on the customer statements from and after 1992 through December 2008" (*see* ECF No. 16101 (Proposed Topic No. 1); ECF No. 16099 (Proposed Topic No. 1); ECF No. 16104 (Proposed Topic No. 1); ECF No. 16105 (Proposed Topic No. 1); ECF No. 16106 (Proposed Topic No. 1).

Accordingly, in the event that the Court authorizes questions concerning the interpretation of Madoff's or BLMIS's account records or the extent to which Madoff or BLIMS bought, sold or held actual securities shown on the customer statements, the Picower Parties respectfully request that the Order include the caveat that Authorized Counsel may not ask any questions concerning the interpretation of any of Madoff's or BLMIS' account records sent to the Picower Parties, or the extent to which Madoff of BLMIS bought, sold, and held actual securities shown on the Picower Parties' customer statements at any time.

In addition to the relief set forth above, the Picower Parties respectfully request that all of the protections related to the Picower Parties that are contained in the prior Orders governing Madoff's deposition also be included in the Court's Order setting the Day 2 Deposition Topics.

---

[2] In Day 1 of Madoff's deposition, Madoff claimed that the Four Families agreed to "hold [Madoff] harmless from any losses [Madoff] take[s] on" covering the "short side" of options held by the Four Families. (Day 1 Tr. at 207-10.)

Hon. Stuart M. Bernstein
June 5, 2017
Page 3

      The Picower Parties appreciate the Court's consideration of these issues and are available for a Court conference if necessary to address their limited objections to the proposed Day 2 Deposition Topics.

Respectfully Submitted,

*/s/ Marcy R. Harris*

Marcy Ressler Harris

cc:    All Counsel of Record (via ECF)