# Exhibit 4

Page 1

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------)
In re:                           ) SIPA LIQUIDATION
                                 )
BERNARD MADOFF INVESTMENT        ) No. 08-01789 (SMB)
SECURITIES LLC,                  )
                                 )
            Debtor.              )(Substantively
                                 ) Consolidated)
---------------------------------)
In re:                           )
                                 )
BERNARD L. MADOFF,               )
                                 )
            Debtor.              )
---------------------------------)
IRVING H. PICARD, Trustee for    )
the Liquidation of Bernard L.    )
Madoff Investment Securities     )
LLC,                             )
                                 ) Adv. Pro. No.
            Plaintiff,           ) 10-04995 (SMB)
                                 )
            v.                   )
                                 )
TRUST U/ART FOURTH O/W/O         )
ISRAEL WILENITZ,                 )
                                 )
EVELYN BEREZIN WILENITZ,         )
individually, and as Trustee     )
and Beneficiary of the Trust     )
U/ART Fourth O/W/O Israel        )
Wilenitz,                        )
                                 )
SARA SEIMS, as Trustee of the    )
Trust U/ART Fourth O/W/O         )
Israel Wilenitz,                 )
                                 )
            Defendants.          )
---------------------------------)

        (CAPTION CONTINUED ON THE NEXT PAGE)
```

Page 2

```
 1   ------------------------------)
     IRVING H. PICARD, Trustee for  )
 2   the Liquidation of Bernard L.  )
     Madoff Investment Securities   )
 3   LLC,                           )
                                    ) Adv. Pro. No.
 4           Plaintiff,   ) 10-04818 (SMB)
                                    )
 5       v.                         )
                                    )
 6   TOBY HARWOOD,                  )
                                    )
 7           Defendant.    )
     ------------------------------)
 8   IRVING H. PICARD, Trustee for  )
     the Liquidation of Bernard L.  )
 9   Madoff Investment Securities   )
     LLC,                           )
10                                  ) Adv. Pro. No.
             Plaintiff,   ) 10-04914 (SMB)
11                                  )
         v.                         )
12                                  )
     EDYNE GORDON, in her capacity  )
13   as the executrix and primary   )
     beneficiary of the estate of   )
14   Allen Gordon,                  )
                                    )
15           Defendant.    )
     ------------------------------)
16   IRVING H. PICARD, Trustee for  )
     the Liquidation of Bernard L.  )
17   Madoff Investment Securities   )
     LLC,                           )
18                                  ) Adv. Pro. No.
             Plaintiff,   ) 10-04826 (SMB)
19                                  )
         v.                         )
20                                  )
     ESTATE OF BOYER PALMER, DIANE  )
21   HOLMERS, in her capacity as    )
     Personal Representative of the )
22   Estate of Palmer, and BRUCE    )
     PALMER, in his capacity as     )
23   Personal Representative of the )
     Estate of Boyer Palmer,        )
24                                  )
             Defendant.    )
25   ------------------------------)
```

Page 3

```
 1   ------------------------------)
     IRVING H. PICARD, Trustee for  )
 2   the Liquidation of Bernard L.  )
     Madoff Investment Securities   )
 3   LLC,                           )
                                    ) Adv. Pro. No.
 4           Plaintiff,   ) 10-04644 (SMB)
                                    )
 5       v.                         )
                                    )
 6   RUSSELL L. DUSEK,              )
                                    )
 7           Defendant.    )
     ------------------------------)
 8   IRVING H. PICARD, Trustee for  )
     the Liquidation of Bernard L.  )
 9   Madoff Investment Securities   )
     LLC,                           )
10                                  ) Adv. Pro. No.
             Plaintiff,   ) 10-04541 (SMB)
11                                  )
         v.                         )
12                                  )
     KENNETH W. PERLMAN; FELICE J.  )
13   PERLMAN; and SANFORD S.        )
     PERLMAN,                       )
14                                  )
             Defendant.    )
15   ------------------------------)
     IRVING H. PICARD, Trustee for  )
16   the Liquidation of Bernard L.  )
     Madoff Investment Securities   )
17   LLC,                           )
                                    ) Adv. Pro. No.
18           Plaintiff,   ) 10-04728 (SMB)
                                    )
19       v.                         )
                                    )
20   BRUNO DIGIULIAN,               )
                                    )
21           Defendant.    )
     ------------------------------)
22
23
24
25
```

Page 4

```
 1   ------------------------------)
     IRVING H. PICARD, Trustee for  )
 2   the Substantively Consolidated )
     SIPA Liquidation of Bernard L. )
 3   Madoff Investment Securities   )
     LLC and Bernard L. Madoff,     )
 4                                  ) Adv. Pro. No.
             Plaintiff,   ) 10-04905 (SMB)
 5                                  )
         v.                         )
 6                                  )
     TRAIN KLAN, a Partnership;     )
 7   FELICE T. LONDA, in her        )
     capacity as a Partner in Train )
 8   Klan; CLAUDIA HELMIG, in her   )
     capacity as a Partner in Train )
 9   Klan; TIMOTHY LANDRES, in his  )
     capacity as a Partner in Train )
10   Klan; PETER LONDA, in his      )
     capacity as a Partner in Train )
11   Klan; TIMOTHY HELMIG, in his   )
     capacity as a Partner in Train )
12   Klan; and WENDY LANDRES, in her)
     capacity as a Partner in Train )
13   Klan,                          )
                                    )
14           Defendants.    )
     ------------------------------)
15   IRVING H. PICARD, Trustee for  )
     the Substantively Consolidated )
16   SIPA Liquidation of Bernard L. )
     Madoff Investment Securities   )
17   LLC and Bernard L. Madoff,     )
                                    ) Adv. Pro. No.
18           Plaintiff,   ) 10-004621 (SMB)
                                    )
19       v.                         )
                                    )
20   DONALD A. BENJAMIN,            )
                                    )
21           Defendant.    )
     ------------------------------)
22
23
24
25
```

Page 5

1  TRUSTEE'S MOTION TO COMPEL DISCOVERY IN THE
2     THREE ADVERSARY PROCEEDINGS:
3
     i) Picard v. Benjamin, Adv. Pro. No. 10-04621
4    ii) Picard v. DiGiulian, Adv. Pro. No. 10-04728
     iii) Picard v. Train Klan, Adv. Pro. No. 10-04905
5
6        -and-
7  CHAITMAN LLP'S MOTION TO COMPEL DISCOVERY AND THE
   TRUSTEE'S CROSS-MOTION FOR A PROTECTIVE ORDER IN ONE
8  ADVERSARY PROCEEDING, PICARD V. WILENITZ, ADV. PRO.
   NO. 10-04995
9
10       -and-
11 CHAITMAN LLP'S MOTION FOR PROTECTIVE ORDER AND QUASH
   TRUSTEE'S DEPOSITIONS IN THE FOLLOWING ADVERSARY SIX
   PROCEEDINGS:
12
     i) Picard v. Perlman, Adv. Pro. No. 10-0454
13   ii) Picard v. Gordon, Adv. Pro. No. 10-04914
     iii) Picard v. Harwood, Adv. Pro. No. 10-04818
14   iv) Picard v. Estate of Palmer, Adv. Pro. No.
     10-04826
15   v) Picard v. DiGiulian, Adv. Pro. No. 10-04728
     vi) Picard v. Dusek, Adv. Pro. No. 10-04644
16
17      TRANSCRIPT OF PROCEEDINGS
18 in the above-titled action, held on Tuesday,
19 December 13, 2016, at JAMS, 680 Eighth Avenue, New
20 York, New York, commencing at approximately 10:00
21 a.m., before Eileen Mulvenna, CSR/RMR/CRR, Certified
22 Shorthand Reporter, Registered Merit Reporter,
23 Certified Realtime Reporter, and Notary Public of
24 the State of New York.
25

08-01789-cgm   Doc 16136-5   Filed 06/06/17   Entered 06/06/17 20:20:21   Exhibit 4
Pg 4 of 7
Trustees Motion to Compel Discovery                    Arbitration 12/13/2016

3 (Pages 6 to 9)

## Page 6

```
 1   BEFORE:
 2
         HON. FRANK MAAS (RET.), Arbitrator
 3          620 Eighth Avenue
            34th Floor
 4          New York, New York 10018
            fmaas@jamsadr.com
 5
 6
     APPEARANCES:
 7
 8
     BAKER HOSTETLER LLP
 9   Attorneys for the Trustee
        811 Main Street
10      Suite 1100
        Houston, Texas 77002-6111
11   BY: DEAN HUNT, ESQ.
        dhunt@bakerlaw.com
12      MARIE L. CARLISLE, ESQ.
        marie.carlisle@bakerlaw.com
13
              -and-
14
     BAKER HOSTETLER LLP
15      45 Rockefeller Plaza
        14th Floor
16      New York, New York  10111
     BY: EDWARD J. JACOBS, ESQ.
17      edward.jacobs@bakerlaw.com
18
19
     CHAITMAN LLP
20   Attorneys for Defendants
        465 Park Avenue
21      New York, New York  10022
     BY: HELEN DAVID CHAITMAN, ESQ.
22      hchaitman@chaitmanllp.com
        GREGORY M. DEXTER, ESQ.
23      gdexter@chaitmanllp.com
24
25
```

## Page 7

 1         THE ARBITRATOR: I thought we'd start
 2   with a couple of housekeeping matters.
 3         When we spoke in the telephone
 4   conference call and implicit in Judge
 5   Bernstein's rulings, or I guess really
 6   explicit, is that the rulings I make will
 7   apply to the other adversary proceedings to
 8   which it's applicable.
 9         But I assume that's something the two
10   sides will try to work out amongst
11   themselves?
12         MR. HUNT: Yes. I mean, I don't think
13   we're willing to beat our head against a wall
14   on things, but I think each of these cases
15   have some nuances that are different. So
16   there may be something that's easily
17   translatable, but sort of depends on the
18   issue, I think.
19         MS. CHAITMAN: But I actually -- this
20   is something that I've tried to work out
21   previously. I'm defending 92 of these
22   actions.
23         THE ARBITRATOR: You just answered
24   another question I had on the list. Go on.
25         MS. CHAITMAN: The thing is, it just

## Page 8

 1   seems to me it's logical that if you rule
 2   that the trustee has to produce X document, I
 3   shouldn't have to make 92 applications for
 4   that.
 5         My sense is that if the judge makes a
 6   ruling -- all of these cases are virtually
 7   identical in the -- the complaints are
 8   virtually identical. So why would one client
 9   be entitled to a certain kind of discovery
10   and another wouldn't? I just think we could
11   simplify this so much if we could apply your
12   rulings to all of the outstanding cases that
13   I have.
14         THE ARBITRATOR: Why don't we leave it
15   as that would be a good thing to do. As we
16   get deeper into this, assuming there is a
17   deeper into this, we can try and work that
18   out.
19         It struck me that there were areas
20   like that. And I'm sure the trustee has a
21   reason, but by way of example, there was a
22   discussion before Judge Bernstein about the
23   Dubinsky report having been served in
24   Action A, but not Action B, although
25   Ms. Chaitman is counsel in both A and B. And

## Page 9

 1   I assume that is a function of scheduling
 2   issues. Is that --
 3         MR. JACOBS: That's correct.
 4         THE ARBITRATOR: Spell that out for
 5   me, if you could.
 6         MR. JACOBS: Sure. Most of
 7   Ms. Chaitman's cases are either -- all of
 8   them have their own independent case
 9   management order. While there might be
10   groups of them that are roughly proceeding
11   together, they're all different.
12         So the expert disclosure dates differ
13   for each of those matters. In the Wilenitz
14   case, which is before you today, your Honor,
15   we served the Dubinsky report early to try to
16   avert some of the discovery disputes that
17   we're having here.
18         And also Ms. Chaitman has received
19   that report in the normal course of the offer
20   and case management order in a number of
21   other cases that aren't before you today.
22         The Dubinsky report at the moment
23   hasn't changed and that -- there has been a
24   revision, but not in any of Ms. Chaitman's
25   cases. And for a number of years now, it's

08-01789-cgm   Doc 16136-5   Filed 06/06/17   Entered 06/06/17 20:20:21   Exhibit 4
Pg 5 of 7
Trustees Motion to Compel Discovery                                    Arbitration 12/13/2016

55 (Pages 214 to 217)

Page 214

1   might warrant some shortcuts, but you have
2   been given a list of all of the employees.
3   And, again, Request No. 12, like at least one
4   of the other requests, asks for attorney work
5   product to the extent that it's going beyond
6   what Mr. Dubinsky did. So I'm going to deny
7   Request No. 12.
8       MS. CHAITMAN: Okay. Request No. 13,
9   they actually ultimately produced the
10  document.
11      THE ARBITRATOR: Right.
12      MS. CHAITMAN: "Explain the basis on
13  which you determined that the defendants have
14  no net equity and produce the front and back
15  of each check."
16      Well, they've actually -- they
17  produced those now.
18      Number 15, "Explain how you intend to
19  establish that Madoff was insolvent in each
20  year from 1960 to 2000 and produce all
21  documents on which you will rely to establish
22  insolvency."
23      What they've done is simply relied
24  upon their expert.
25      THE ARBITRATOR: Right.

Page 215

1       Who's the expert on this?
2       MR. JACOBS: It's Mr. Dubinsky. So
3   his report is broad in insolvency
4   collectively. And so all that discovery and
5   that analysis has been made available in this
6   case.
7       However, Judge Bernstein has raised a
8   good question as to whether insolvency is any
9   longer actually an element in our case -- in
10  this case. I believe the answer is, no, it's
11  not a burden of proof that we have with
12  respect to the avoidance actions.
13      However, I expect at some point that
14  will be addressed on motion or briefing after
15  further briefing with Judge Bernstein.
16      But even if it is relevant, it's our
17  same response as to the prior request,
18  number 11, asking for the basis of the facts
19  on which we state our conclusion that BLMIS
20  was a fraud. It's the same answer as -- this
21  is exactly the subject matter of
22  Mr. Dubinsky's expert's analysis. We rely on
23  his report in answering this interrogatory
24  and all of the specific documentation he
25  references, which we've made available in

Page 216

1   e-Data Room 1.
2       MS. CHAITMAN: If they're relying on
3   the Dubinsky report, then they're limited to
4   the Dubinsky report, I assume, and they're
5   not going to be able to introduce evidence
6   beyond that. And if I get such an order,
7   then I'm satisfied with it.
8       But I don't want a situation where
9   they all of a sudden decide that, for
10  whatever reason, Dubinsky's report is not
11  reliable and now they're going to put in a
12  whole bunch of evidence that I haven't had
13  the opportunity to obtain in discovery.
14      MR. JACOBS: On insolvency?
15      MS. CHAITMAN: Yes.
16      MR. JACOBS: We have endeavored to
17  make available everything we could possibly
18  find that might be relevant to that subject
19  matter. You have all --
20      THE ARBITRATOR: Is there anything
21  beyond Dubinsky and the documents he relies
22  on that you would proffer at trial?
23      MR. JACOBS: Absolutely not. And
24  certainly if -- just as Ms. Chaitman stated
25  earlier, if we obtain something from a third

Page 217

1   party, we'll provide it and we'll add to the
2   data room and we'll supplement a report, if
3   needed. We'll make it available. But
4   sitting here today, there's nothing to my
5   knowledge that has not been made available on
6   that subject.
7       THE ARBITRATOR: I think you can
8   answer it by saying, "See Dubinsky report."
9       MR. JACOBS: Okay.
10      THE ARBITRATOR: What I know about
11  bankruptcy could be written on the head of a
12  pin, but I did look at 11 U.S.C. Section 548
13  (a)(1)(A) versus (B). And it does appear
14  that Judge Bernstein was right when he said
15  that insolvency is not an issue when you have
16  an intent to defraud.
17      MR. JACOBS: Right. And to explain
18  why we address it affirmatively is, as I'm
19  sure you know from the background materials
20  we provided, the legal landscape of this case
21  has changed for many defendants over time,
22  including what we call the feeder fund in the
23  bank cases, where we have a claim above and
24  beyond just the avoidance actions we have
25  here.

08-01789-cgm   Doc 16136-5   Filed 06/06/17   Entered 06/06/17 20:20:21   Exhibit 4
Pg 6 of 7
Trustees Motion to Compel Discovery                    Arbitration 12/13/2016

56 (Pages 218 to 221)

## Page 218

But also -- you know, insolvency also could be construed as being indirectly relevant to the fraud. Insolvency is an indicia of fraud. So that interrelates with these earlier periods of time. Whether it be -- so I'm making this point because the issue of whether stocks were traded or not is in and of itself not conclusive of whether there was a Ponzi scheme or a fraud.

So that is an important fact that I don't think gets conflated in the discovery disputes we're having. I just wanted to make it clear.

THE ARBITRATOR: Okay. Anything else on Wilenitz?

MS. CHAITMAN: Yes, number 16.

THE ARBITRATOR: Oh, I'm sorry.

MS. CHAITMAN: "Provide the gross trading volume by both number of shares traded and total dollar value for each of Madoff's operations broken down by the investment advisory business, the proprietary trading business, and the market-making business and produce the documents on which you base your responses."

## Page 219

MR. JACOBS: Now, our objection here, your Honor, is something you alluded to this morning with respect to the nature of the DTC records. Our answer -- our objection to this particular request is -- we have a number of objections, but first and foremost, this is an investigation that Ms. Chaitman is asking us to do to further her speculative theory that she wishes to advance to challenge the fraud.

We've made the underlying documentation that is available, all of it, to her. She can do that investigation herself. And under Rule 33(d) that is entirely appropriate and called for here.

And to be clear, we're not just saying go look in the data room. We have told her specifically where all of the documents she would need to attempt this manipulation of the data for her purposes can be found. And it's all in a single, segregated folder called DTC under the main subfolder data in the data room.

MS. CHAITMAN: But it doesn't because that's not -- that's 2002 on. And, again,

## Page 220

we're --

MR. JACOBS: Again, I'll reiterate, your Honor, Ms. Chaitman has everything we have and we've -- at the moment, that we know of. So we don't have any other documentation that we know of that would allow us to do this.

And the DTC records specifically -- they don't track -- they show day-over-day difference, like in volume. So they'll show that X amount of a certain type of stock was -- existed and BLMIS held this day and then the next day it changed by this amount.

It's not exact -- the DTC records don't break out the data into these easily discernible buckets that Ms. Chaitman would like it to. And unfortunately we can't help that. So we can't do the impossible.

I don't know of any records that would allow us to assign this volume data that she's looking for by the proprietary trading versus investment advisory business. All I can say is that we have the DTC data that reflects trading done through BLMIS's only, and they only have one, DTC terminal for the

## Page 221

relevant period that we have.

And it's all been made available, and she can do whatever investigation she wishes, including, she can hire her own consultants to analyze that, she can hire her own expert to opine as to what that means. We shouldn't have to do that for her.

THE ARBITRATOR: I gather this goes to the notion that if two of the three activities of BLMIS were legitimate, the Ponzi scheme presumption should not apply.

MS. CHAITMAN: In part.

THE ARBITRATOR: Okay.

MS. CHAITMAN: And, in part, that the fraud did not start until 1992. So, you know, the DTC records, which unfortunately only exist from 2002 on, are not relevant. Once Mr. Madoff says the fraud started in 1992, I'm not going to argue that it started later. Right. So I'm only focusing on the period prior to 1992.

But, again, that's very significant because a lot of my clients would be entitled to dismissal of the complaint if the court found that the fraud did not start until

08-01789-cgm   Doc 16136-5   Filed 06/06/17   Entered 06/06/17 20:20:21   Exhibit 4
Pg 7 of 7
Trustees Motion to Compel Discovery                    Arbitration 12/13/2016

57 (Pages 222 to 225)

Page 222

1  1992.
2       THE ARBITRATOR: Is it correct,
3  Mr. Jacobs, that you don't have the records
4  for the period from 1980 to 1992, to your
5  knowledge, that --
6       MR. JACOBS: It's the same records we
7  were discussing earlier in the day that we
8  will look for. I will update you in a week's
9  time as to those efforts. I don't know of
10 any that I confirm that exist beyond what is
11 in the data room currently. And if we find
12 them, we will produce them.
13      THE ARBITRATOR: But even if there are
14 records, it seems to me that this is really
15 an exercise -- I recognize that we're dealing
16 with far more limited resources, but one that
17 you, or an expert that you retain, would have
18 to engage in; that it's not appropriate to
19 have the trustee endeavor to do this,
20 assuming that he could, in terms of breaking
21 it down by business.
22      And I thought I heard Mr. Jacobs say
23 that they couldn't do it even if they had the
24 records. So I'm going to deny that request.
25      17? Is that --

Page 223

1       MS. CHAITMAN: 17 I think we covered
2  because that was the employees.
3       THE ARBITRATOR: Right. Well --
4       MS. CHAITMAN: I've got the list that
5  specifies the area so --
6       THE ARBITRATOR: What else?
7       MS. CHAITMAN: -- I'm okay with that.
8       18. And this is "For each security
9  listed on the defendants' account statements
10 for each year from 1982 on, set forth the
11 number of shares that BLMIS held."
12      And that again goes to the trading
13 records. And just to be absolutely clear
14 about this, the evidence of the trading could
15 have existed in a number of different forms.
16 It could have been actual computer-generated
17 records where they kept track of the
18 securities.
19      And considering the volume that Madoff
20 was doing and the fact that it was
21 market-making, it wasn't done on an exchange.
22 So it was done privately, from firm to firm.
23 And there were internal records -- there
24 would be like a -- at the end of a day, there
25 would be a netting out sheet, which would

Page 224

1  have -- could go on for thousands of
2  transactions. And then at the bottom, it
3  would say Madoff owes the clearinghouse
4  3 cents or the clearinghouse owes Madoff
5  3 cents. So it could be that.
6       There are all different kinds of
7  records that would have reflected the
8  trading. And I just want it to be clear that
9  I'm asking for that very broad scope, and
10 we're talking about the period prior to 1992.
11      MR. JACOBS: Again, your Honor, the
12 issue is the same as the issue I had with
13 Request 16. All of the documents that
14 evidence actual trading at BLMIS have been
15 made available to Ms. Chaitman, in addition
16 to the DTC records, as I mentioned.
17      We also subpoenaed the Chicago Board
18 of Options Exchange. We also subpoenaed the
19 Chicago Mercantile Exchange. We also scoured
20 all the books and records of the debtor to
21 see if there were any indicia of these
22 out-of-the-market or weekend or black pools
23 of liquidity -- trading that Mr. Madoff says
24 he was doing. There's no evidence of that.
25 And what there is we've made available.

Page 225

1       So what Ms. Chaitman would like to do
2  is -- if I understand her theory correctly,
3  is she would like to now argue that the --
4  there were stocks traded through the
5  proprietary trading arm of BLMIS on behalf of
6  specific IA customers.
7       And I can tell you with all of the
8  documents that I currently know exist, which,
9  again, I reiterate she has, there is
10 absolutely no evidence that that ever
11 happened.
12      And, furthermore, even if I wanted
13 to --
14      THE ARBITRATOR: But she also has an
15 interim step, which is, if IBM was shown on
16 Customer Jones' statement and --
17      MR. JACOBS: Right.
18      THE ARBITRATOR: -- and BLMIS was long
19 IBM on that same date --
20      MR. JACOBS: Right.
21      THE ARBITRATOR: Tell me that.
22      MR. JACOBS: Right. Well, it's my
23 understanding -- and, again, I don't want to
24 speak for our expert, but this is an issue
25 that, again, Mr. Dubinsky squarely addresses