**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> SOUTH FERRY #2, EMANUEL GETTINGER, AARON WOLFSON, and ABRAHAM WOLFSON, <br><br> Defendants. | Adv. Pro. No. 10-04350 (SMB) |

### JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Irving H. Picard (the "Trustee"), the trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), and defendants South Ferry #2, Emanuel Gettinger, Aaron Wolfson, and Abraham Wolfson ("South Ferry," and together with the Trustee, the "Parties") hereby submit this Joint Statement of Undisputed Material Facts in connection with their

forthcoming motions for summary judgment pursuant to the Stipulation for Entry of Scheduling Order ("Scheduling Order") entered by this Court on January 27, 2017 (ECF No. 86) and Federal Rule of Civil Procedure 56 (made applicable by Federal Rule of Bankruptcy Procedure 7056).

1. At all relevant times, Bernard L. Madoff controlled BLMIS, first as its sole member, and thereafter as its chairman and chief executive.

2. On December 11, 2008, Madoff was arrested for violating numerous federal criminal securities statutes.

3. Contemporaneously, the Securities and Exchange Commission (the "SEC") commenced proceedings against BLMIS and Madoff in the United States District Court for the Southern District of New York (the "District Court") in a case captioned *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.,* No. 08 CV 10791 (the "Liquidation Proceeding").

4. On December 15, 2008, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC") pursuant to Section 78eee(a)(4)(A) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa, et seq. ("SIPA").

5. Pursuant to section 78eee(a)(4)(B) of SIPA, SIPC filed an application in the District Court because BLMIS was not able to meet its obligations to securities customers as they became due and thus its customers needed the protections afforded by SIPA.

6. BLMIS was, at all times relevant to this adversary proceeding, registered with the SEC as a broker-dealer under section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. §

78o(b), and a member of the Financial Industry Regulatory Agency (formerly known as the National Association of Securities Dealers).

7. At all times relevant to this adversary proceeding, BLMIS was an investment adviser.

8. Madoff admitted to running a Ponzi scheme through BLMIS at all times relevant to this adversary proceeding.

9. South Ferry has not undertaken any investigation of BLMIS and the operations of that business. For the sole purposes of this proceeding, South Ferry stipulates to the facts set out below in paragraphs 10 through 16.

10. BLMIS was operating a Ponzi scheme.

11. BLMIS was insolvent from at least December 11, 2002 and all points after.

12. BLMIS utilized commingled customer monies to fund its operations, as well as to fund the withdrawal of fictitious profits and principal for other customers.

13. The investment advisory business (the "Investment Advisory Business") did not actually trade securities for customers and did not generate any legitimate profits for customer accounts.

14. The Investment Advisory Business did not receive legitimate financial support from the other business units of BLMIS in amounts sufficient to satisfy the cash requirement needs of the Investment Advisory Business customer withdrawals.

15. The Investment Advisory Business did not receive any legitimate outside financial support from loans or otherwise.

16. BLMIS received each deposit with the intent to not apply such funds to the purchase of securities for the accounts of its clients.

17. In August of 2001, South Ferry entered into an Account Agreement with BLMIS.

18. The South Ferry account was identified as account no. 1S0047 (the "Account").

19. Attached as Exhibit A is a true and accurate copy of the Account Agreement, in which South Ferry provided Madoff with investment discretion.

20. South Ferry opened the Account in good faith and with no knowledge of BLMIS' fraud.

21. As reflected in the Stipulation of Undisputed Transfers (Exhibit B), columns 1 through 8 of Exhibit B to the Complaint accurately reflect the complete history of the transactions affecting the Account.

22. Column 3 of Exhibit B to the Complaint accurately reflects the transaction amounts as reported in the customer statements for the Account.

23. Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account, and Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

24. Between July 13, 2001 and December 11, 2008, South Ferry deposited a total of $75,000,000 into the Account and withdrew a total of $96,955,000 from the Account.

25. As accurately reflected in Column 10 of Exhibit B to the Complaint, South Ferry withdrew $21,955,000 in excess of deposits between December 11, 2006 and December 11, 2008 (the "Two-Year Period").

26. South Ferry received the withdrawals made during the Two-Year Period.

27. South Ferry made each of its withdrawals in good faith, believing that it was entitled to these funds and lacking any knowledge of the Ponzi scheme.

28. BLMIS transferred the funds withdrawn by Defendants during the Two-Year Period with the actual intent to hinder, delay, or defraud some or all of its then existing and/or future creditors.

29. On November 12, 2010, the Trustee brought this adversary proceeding against South Ferry to avoid and recover $21,955,000, the difference between the total amounts deposited and withdrawn by South Ferry in connection with the Account.

30. The Trustee did not bring any claim for avoidance of obligations in this adversary proceeding.

31. BLMIS accepted South Ferry's funds for the stated purpose of trading securities for South Ferry's benefit.

32. South Ferry's only business relationship with BLMIS, a registered broker-dealer, was as a customer of its Investment Advisory Business.

33. South Ferry did not invest in BLMIS, either as a partner, shareholder, or other equity stake holder. At no time did South Ferry purport to own a share of, or have a financial stake in, the business of BLMIS.

34. South Ferry received monthly Account statements from BLMIS reporting purported securities transactions effected on its behalf. At all times, BLMIS defrauded South Ferry by intentionally misrepresenting the purported securities transactions in the Account.

5

These misrepresentations made to South Ferry were an integral and essential part of the fraud, and were made to avoid detection of the fraud, retain existing investors, and to lure other investors into the Ponzi scheme.

35. South Ferry relied in good faith on BLMIS' reports of securities transactions that it purportedly made on behalf and for the benefit of the South Ferry Account.

36. South Ferry reasonably relied on the representations in the Account Agreement and account statements.

37. BLMIS did not comply with its obligations under the Account Agreement.

38. South Ferry was injured by BLMIS' fraud.

39. South Ferry's injuries occurred in the state of New York.

40. The Trustee has not sought to avoid the Account Agreement.

41. South Ferry engaged an expert, Stephen Behnke, to calculate its lost opportunity costs during the period that BLMIS held its funds.

42. Mr. Behnke created a portfolio model for retail securities investments managed by an honest broker at the time South Ferry held the Account, computed the rate of return the model would have produced during the relevant account period, and applied that model to South Ferry's Account.

43. Mr. Behnke concluded that South Ferry's model portfolio would have returned $3,414,848. The expert calculated that the amount received by South Ferry that is in excess of the expert's model is $3,205,152.

44.     Alternatively, Mr. Behnke unwound each transaction and prepared a hypothetical analysis comparing the rate of investment return at BLMIS with New York's 9% statutory rate of interest to calculate South Ferry's losses.

45.     The expert concluded that South Ferry's rescission claim would have yielded an interest component of $4,492,973. The expert calculated that the amount received by South Ferry that is in excess of the interest component is $2,127,027.

46.     For the purposes of this proceeding, the Trustee is not contesting and will not object to the conclusions set out in paragraphs 42 through 45 above.

Dated:         June 6, 2017
               New York, New York

/s/  Keith R. Murphy
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email:  kmurphy@bakerlaw.com
Maximillian S. Shifrin
Email: mshifrin@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

/s/ Richard A. Kirby
**BAKER & MCKENZIE LLP**
815 Connecticut Ave., N.W.
Washington, D.C. 20006
Telephone:  202.452.7023
Facsimile:  202.416.7223
Richard A. Kirby
Email: richard.kirby@bakermckenzie.com
Laura K. Clinton
Email: laura.clinton@bakermckenzie.com

*Attorneys for Defendants South Ferry Building Company, Emanuel Gettinger, Abraham Wolfson, and Zev Wolfson*

Dated: June 7th, 2017

**IT IS SO ORDERED:**

                                    **/s/  STUART M. BERNSTEIN**
                                    **STUART M. BERNSTEIN**
                                    **United States Bankruptcy Judge**