**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01182 (SMB) |
| Plaintiff, | |
| v. | |
| J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION, | |
| Defendants. | |

**TRUSTEE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF MOTION *IN LIMINE* NUMBER 1 TO EXCLUDE ALL**
**EVIDENCE AND TESTIMONY ON THE ACTIONS OR INACTIONS**
**OF THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................................1

ARGUMENT ..........................................................................................................................2

    I.    DEFENDANTS LACK THE REQUISITE PERSONAL,
PARTICULARIZED, CONTEMPORANEOUS KNOWLEDGE TO
INTRODUCE TESTIMONY RELATING TO THE SEC'S
INSPECTIONS AND EXAMINATIONS OF BLMIS OR MADOFF ..................2

    II.    EVIDENCE AND TESTIMONY ON THE SEC'S ACTIONS OR
INACTIONS CONCERNING BLMIS AND MADOFF ARE
INADMISSIBLE HEARSAY AND SHOULD BE EXCLUDED ........................4

    III.    EVIDENCE AND TESTIMONY ON THE SEC'S ACTIONS OR
INACTIONS CONCERNING BLMIS OR MADOFF SHOULD BE
EXCLUDED AS IRRELEVANT AND LACKING IN PROBATIVE
VALUE ........................................................................................................5

CONCLUSION ........................................................................................................................6

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*In re Bayou Grp., LLC,*
　　439 B.R. 284 (S.D.N.Y. 2010)...................................................................................1

*In re Bayou Grp., LLC,*
　　No. 09 Civ. 02340(PGG), 2012 WL 386275 (S.D.N.Y. Feb. 6, 2012) ....................................1

*Bernstein v. Vill. of Wesley Hills,*
　　95 F. Supp. 3d 547 (S.D.N.Y. 2015).........................................................................5

*Chamilia, LLC v. Pandora Jewelry, LLC,*
　　No. 04-CV-6017 (KMK), 2007 WL 2781246 (S.D.N.Y. Sept. 24, 2007) ..............................5

*Jobin v. McKay,*
　　84 F.3d 1330 (10th Cir. 1996) ...............................................................................1

*Picard v. Katz,*
　　462 B.R. 447 (S.D.N.Y. 2011)................................................................................1

*United States. v. Detrich,*
　　865 F.2d 17 (2d Cir. 1988)..................................................................................4, 5

*United States v. Rodriguez,*
　　983 F.2d 455 (2d Cir. 1993)..................................................................................1

## Statutes

11 U.S.C. § 548(c) ................................................................................................1

11 U.S.C. § 550(b) ...............................................................................................1

15 U.S.C. § 78aaa *et seq.* .......................................................................................1

## Rules

Fed. R. Evid. 401 ..................................................................................................5

Fed. R. Evid. 402 ..................................................................................................6

Fed. R. Evid. 802 ..................................................................................................5

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff

("Madoff"), respectfully submits this memorandum of law and the Supplemental Declaration of

Lan Hoang in Further Support of Trustee's Motions *in Limine* Numbers 1, 3, and 4 ("Hoang

Suppl. Decl.") in further support of Motion *in Limine* Number 1 to Exclude all Evidence and

Testimony on the Actions or Inactions of the United States Securities and Exchange Commission

("SEC").  For the reasons set forth herein, the Trustee's motion should be granted.

## INTRODUCTION

Defendants[1] and the Trustee agree that J. Ezra Merkin's ("Merkin") state of mind,

namely whether he was willfully blind to a high probability of fraud at BLMIS, is the central

issue in this avoidance action.  In order for facts to be relevant to this inquiry, Merkin must have

been aware of them while Defendants were invested with BLMIS.[2]  This personal knowledge

requirement conversely applies to any defenses promulgated by Defendants, particularly the

defense that the SEC's inspections and examinations of BLMIS or Madoff gave Merkin

assurances.  Here, however, Merkin did not and could not have known the details of any SEC

inspections and examinations of BLMIS or Madoff during his funds' investments with BLMIS

---

[1] J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC"), Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Ltd. ("Ascot Fund") are referred to herein as Defendants.

[2] The affirmative defense of good faith under 11 U.S.C. §§ 548(c) and 550(b) has evolved significantly throughout this SIPA liquidation.  Prior to this liquidation, the defense of good faith rested on "inquiry notice," where a transferee must conduct a diligent investigation of red flags or demonstrate that a diligent inquiry would not have uncovered the transferor's insolvency or fraudulent purpose.  *In re Bayou Grp., LLC*, No. 09 Civ. 02340(PGG), 2012 WL 386275, at *1 (S.D.N.Y. Feb. 6, 2012) ("*Bayou III*") (citing *In re Bayou Grp., LLC*, 439 B.R. 284, 311, 315–17, 328 (S.D.N.Y. 2010) ("*Bayou II*")).  "An objective, reasonable investor standard applies to both the inquiry notice and the diligent investigation components of the good faith test."  *Bayou II*, 439 B.R. at 313 (citing *Jobin v. McKay*, 84 F.3d 1330, 1336 (10th Cir. 1996)).  This lack of good faith has been modified in this liquidation, now requiring Defendants to prove that they were no willfully blind to facts suggesting a high probability of fraud. *Picard v. Katz*, 462 B.R. 447, 455 (S.D.N.Y. 2011) (quoting *United States v. Rodriguez*, 983 F.2d 455, 458 (2d Cir. 1993)); Order, *Picard v. Katz*, No. 11-cv-03605-JSR (S.D.N.Y. Mar. 14, 2012), ECF No. 177.

because (1) the details of those examinations were not contemporaneously disclosed to the

public, consistent with SEC procedure; and (2) the only report issued by the SEC concerning

BLMIS and Madoff—"Investigation of Failure of the SEC to Uncover Bernard Madoff's Ponzi

Scheme"[3]—was prepared and publicly disclosed after the fraud had already been discovered on

December 11, 2008.  Therefore, it is and could not be possible for Merkin to have been aware of

the details of the SEC's inspections and examinations during the pertinent time period, making

them irrelevant to the issue of Defendants' willful blindness.  Accordingly, such evidence should

be excluded in this case.

## ARGUMENT

**I.      DEFENDANTS LACK THE REQUISITE PERSONAL, PARTICULARIZED, CONTEMPORANEOUS KNOWLEDGE TO INTRODUCE TESTIMONY RELATING TO THE SEC'S INSPECTIONS AND EXAMINATIONS OF BLMIS OR MADOFF**

Defendants concede the very argument advanced by the Trustee to preclude evidence of

the SEC inspections and examinations of BLMIS or Madoff and the OIG Report—that in order

for this evidence to be introduced, Merkin must have "personal knowledge of the facts on which

he testifies."[4]  Yet, the Defendants cannot point to any facts in the record that demonstrate

Merkin knew the facts and circumstances of particular SEC inspections and examinations of

BLMIS or Madoff, detailed for the first time in the OIG Report issued post-fraud, while his

funds were invested with BLMIS.  Merkin admittedly never had conversations with the SEC

about BLMIS and/or Madoff, never had any knowledge of the evidence the SEC obtained during

---

[3] U.S. Sec. and Exch. Comm'n Office of Investigations, Report No. OIG-509, *Investigation of Failure of the SEC to Uncover Bernard Madoff's Ponzi Scheme*, Public Version ("OIG Report") (Aug. 31, 2009), *available at* https://www.sec.gov/files/oig-509.pdf.

[4] Notably, Defendants filed a separate motion *in limine* arguing that any testimony of a witness who suspected that Madoff was engaged in fraud is irrelevant "unless that belief was somehow communicated to Merkin" and where there is "no evidence that these supposed beliefs were communicated to Merkin or that he otherwise knew of them," they should be excluded.  Defendants' Memorandum of Law in Support of Their Motion *In Limine* to Exclude Others' Purported Suspicions About Madoff Not Expressed to Defendants at 1, ECF No. 344.

those inspections and examinations, and otherwise never had knowledge of the specific findings

of the SEC.[5]  Lacking such foundation, Merkin should not be permitted to offer testimony of any

details of the SEC's inspections and examinations.

The lack of such personal knowledge and foundation is remarkable with respect to the

SEC investigation of Avellino & Bienes, an accounting firm that raised money from investors in

order to pool those funds for investment with BLMIS.  Defendants have repeatedly asserted that

the SEC cleared BLMIS during that investigation.  Merkin admits that his knowledge of that

investigation comes from two sources, a single newspaper article in the Wall Street Journal and

an alleged conversation he had with Madoff.  But, the article never represents that the SEC

cleared BLMIS, and Merkin cannot remember the details of the alleged conversation with

Madoff.[6]  If Merkin would like to testify that he read the Wall Street Journal article or that he

participated in an alleged conversation with Madoff, he can do so, but he cannot use it as a

foundation to testify about something the article does not say or details of an alleged

conversation that he admittedly does not recall.[7]

In regard to the OIG Report, which was published after the fraud was discovered on

December 11, 2008, Defendants argue that the Trustee cannot know what Merkin knew about the

report because Merkin was not questioned about it at his deposition.  This argument is counter-

intuitive and inherently contradictory.  The Trustee did not question Merkin about the OIG

Report for the same reason he brought this motion— it is not probative of Merkin's state of mind

---

[5] Declaration of Lan Hoang in Support of the Trustee's Motions *In Limine* Numbers 1 through 4 ("Hoang Decl.")
Ex. 2 (Deposition of J. Ezra Merkin dated Feb. 24, 2015 ("Merkin Feb. 24 Dep.")) at 187:23–189:24.

[6] Hoang Decl., Ex. 3 (Deposition of J. Ezra Merkin dated Feb. 25, 2015 ("Merkin Feb. 25 Dep.")) at 576:25–577:4
("Q. Other than those articles, did you have any other source of information regarding Avellino & Bienes? A. Other
than a discussion with Mr. Madoff about them, no."); Hoang Suppl. Decl., Ex. 22 (Randall Smith, *Wall Street
Mystery Features a Big Board Rival*, WALL STREET J., Dec. 16, 1992 at GCC-P 0393125-126, part of "Merkin's
Madoff File," Ex. 363 to the Deposition of J. Ezra Merkin February 24-25, 2015, GCC-P 0393096–3607 (full
exhibit available upon request)).

[7] The Trustee reserves the right to raise hearsay and all applicable objections to this testimony at trial.

while the Defendants were invested with BLMIS. The OIG Report was published after the fraud

was discovered, making it impossible for Merkin to have had personal knowledge of the facts

contained therein.

Absent the proper foundation for Merkin's testimony on the SEC's inspections and

examinations, Defendants attempt to have the Court take judicial notice of the OIG Report.

While the Trustee agrees that the Court could take judicial notice of public records, the Court

should decline this request here because the OIG Report post-dates discovery of the fraud and is

not probative of the central issue in this case—whether Merkin was willfully blind to a high

probability of fraud at BLMIS. A report, which examines the SEC's actions or inactions

concerning BLMIS and Madoff, says nothing about what Merkin knew and has no relevance in

this case.

## II.    EVIDENCE AND TESTIMONY ON THE SEC'S ACTIONS OR INACTIONS CONCERNING BLMIS AND MADOFF ARE INADMISSIBLE HEARSAY AND SHOULD BE EXCLUDED

Merkin's testimony concerning what Madoff told him about what the SEC said is

hearsay. Defendants argue that those statements are not hearsay because Merkin, in recounting

what Madoff told him the SEC said, is doing so to demonstrate the impact it had on his state of

mind. Defendants rely on *United States. v. Detrich*, 865 F.2d 17 (2d Cir. 1988), where the court

held that the oral statement made by the declarant, "I am getting married in August," and written

statements on the same subject made to the police had been improperly excluded. *Id.* at 19–20.

Those statements, made at the time of an arrest, were admitted to show that the declarant could

have made the same statement to someone else, which was relevant to the issues in that case. *Id.*

at 20–21. Notably, Defendants ignore the affirmance of the exclusion of other hearsay evidence

offered to prove the declarant's state of mind in *Detrich*, the very testimony that Merkin seeks to

offer here. Regarding that evidence, the *Detrich* court found that the declarant's "recital of that

4

conversation is hearsay—offered to prove the truth of the matter asserted therein—the

conversation's content, that is, that [the declarant] *said* these statements were made." *Id*. at 20.

Here, Merkin offers the hearsay statements of what Madoff told him the SEC said for the

very same purpose—to prove that the SEC had "cleared" BLMIS and Madoff.  Merkin is

attempting to recount a conversation to show that it happened, that is, that Madoff told Merkin

the SEC cleared BLMIS.  This is the very definition of hearsay and should be excluded at trial.

*See* Fed. R. Evid. 802; *see, e.g.*, *Bernstein v. Vill. of Wesley Hills*, 95 F. Supp. 3d 547, 559–60

(S.D.N.Y. 2015) (striking part of a declaration referencing a third party who stated that he heard

another individual say something, because it was offered for the truth that the statements were made);

*Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017 (KMK), 2007 WL 2781246, at *17 n.14

(S.D.N.Y. Sept. 24, 2007) (finding that a witness could not present evidence about why a customer

did not make a purchase because "[s]uch evidence is hearsay and inadmissible").

## III.    EVIDENCE AND TESTIMONY ON THE SEC'S ACTIONS OR INACTIONS CONCERNING BLMIS OR MADOFF SHOULD BE EXCLUDED AS IRRELEVANT AND LACKING IN PROBATIVE VALUE

Defendants argue that the SEC inspections and examinations of BLMIS or Madoff, the

specifics of which Merkin had no personal knowledge, are relevant because the SEC had

"readily accessible information that could have confirmed BLMIS' operations and trading

records."  This argument is neither here nor there where the information known to the SEC is not

relevant to the inquiry of what was known to Merkin.  Restated, what the SEC knew is irrelevant

and lacks probative value to the central issues here—whether Merkin was willfully blind to a

high probability of fraud at BLMIS.  *See* Fed. R. Evid. 401.

Defendants' arguments as to the admissibility of the OIG Report are similarly

unpersuasive.  Defendants argue that the OIG Report is relevant because it states that "Madoff

and BLMIS were investigated several times by the SEC and cleared every time," which shows

that "Madoff's scheme was complex and well hidden."  Aside from being misleading,[8] this

argument is faulty.  Defendants do not address the fact that Merkin had no way of knowing the

findings set forth in the post-fraud OIG Report during his investment with BLMIS.  Lacking

relevance or probative value, the OIG Report should be excluded at trial.  *See* Fed. R. Evid. 402.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order

granting his Motion *in Limine* Number 1 to Exclude all Evidence and Testimony on the Actions

or Inactions of the United States Securities and Exchange Commission.

Dated:  June 13, 2017          **BAKER & HOSTETLER LLP**
      New York, New York

                                */s/ David J. Sheehan*
                                45 Rockefeller Plaza
                                New York, New York 10111
                                Telephone: (212) 589-4200
                                Facsimile:  (212) 589-4201
                                David J. Sheehan
                                Email: dsheehan@bakerlaw.com
                                Lan Hoang
                                Email: lhoang@bakerlaw.com
                                Brian W. Song
                                Email: bsong@bakerlaw.com

                                *Attorneys for Irving H. Picard, Trustee for the*
                                *Substantively Consolidated SIPA Liquidation of*
                                *Bernard L. Madoff Investment Securities LLC and*
                                *the Chapter 7 Estate of Bernard L. Madoff*

---

[8] In fact, the OIG Report disputes the Defendants' account of what happened, stating "The OIG investigation did find, however, that the SEC received more than ample information in the form of detailed and substantive complaints over the years to warrant a thorough and comprehensive examination and/or investigation of Bernard Madoff and BLMIS for operating a Ponzi scheme, and that despite three examinations and two investigations being conducted, a thorough and competent investigation or examination was never performed."  OIG Report at 20–21.