**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION,<br><br>Defendants. | Adv. Pro. No. 09-01182 (SMB) |

**TRUSTEE'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION *IN LIMINE* NUMBER 4
TO EXCLUDE EXHIBITS NOT PRODUCED DURING DISCOVERY**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................2

    I.    DISCOVERY ARBITRATOR'S SEVENTH DECISION SUSTAINS STRIKING DEFENDANTS' LATE PRODUCED DOCUMENTS FROM TRIAL ...........................................................................................2

    II.    DEFENDANTS HAD A DUTY TO DISCLOSE THE EXHIBITS UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a) OR TO SUPPLEMENT UNDER 26(e)................................................................2

    III.    DEFENDANTS' FAILURE TO PRODUCE THESE DOCUMENTS DURING DISCOVERY IS NOT HARMLESS .......................................6

CONCLUSION .......................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*,
　301 F.R.D. 31 (S.D.N.Y. 2014) .................................................................................................7

*Agence France Presse v. Morel*,
　293 F.R.D. 682 (S.D.N.Y. 2013) ...............................................................................................5

*Giudice v. Harlan*,
　No. 15 Civ. 7330 (LTS)(JCF), 2017 WL 564085 (S.D.N.Y. Feb. 10, 2017) ............................3

*Lujan v. Cabana Mgmt., Inc.*,
　284 F.R.D. 50 (E.D.N.Y. 2012) .................................................................................................3

*Point Prods. v. Sony Music Entm't, Inc.*,
　No. 93 Civ. 4001 (NRB), 2004 U.S. Dist. LEXIS 2676 (S.D.N.Y. Feb. 20,
　2004) .........................................................................................................................................7

*Shatsky v. Syrian Arab Republic*,
　312 F.R.D. 219 (D.D.C. 2015) ..................................................................................................6

*U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*,
　Nos. 12 Civ. 6811(CM)(JCF), 13 Civ. 1580(CM)(JCF), 2013 WL 5495542
　(S.D.N.Y. Oct. 3, 2013) .............................................................................................................6

**Statutes**

15 U.S.C. § 78aaa *et seq.* ................................................................................................................1

**Rules**

Fed. R. Civ. P. 26 ...................................................................................................................2, 3, 5, 6

Fed. R. Civ. P. 37 ........................................................................................................................1, 5, 6

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this reply memorandum of law in further support of Motion *in Limine* Number 4 to Exclude Exhibits Not Produced During Discovery. For the reasons set forth herein, the Trustee's motion should be granted.

## **INTRODUCTION**

The Discovery Arbitrator's Seventh Decision[1] and Rule 37 of the Federal Rules of Civil Procedure compel the exclusion of the five proposed trial exhibits that Defendants[2] failed to disclose during the years of discovery in this action. Defendants do not—and cannot—offer a plausible excuse for their failure to disclose documents that they intended to rely on at trial. Rather, Defendants argue that their failure to disclose was "inadvertent" and harmless, and that the Seventh Decision should not apply because the exhibits are only relevant to negate the Trustee's expert's claims. Neither of these arguments excuses Defendants' failure to produce the documents during fact or expert discovery—documents that they were aware of, documents that they have advanced in and relied upon in other litigations, and documents that directly pertain to their defense. Accordingly, the plain language of the Seventh Decision, Rule 37, and case law should not be contorted to permit the type of gamesmanship that the discovery rules are intended to avoid—surprise disclosure of known and available documents for the first time at trial.

---

[1] Arbitration Decision # 7, *Picard v. Merkin*, No. 09-01182 (SMB) (Bankr. S.D.N.Y. Dec. 6, 2014), ECF No. 249 ("Seventh Decision").

[2] J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC"), Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Ltd. ("Ascot Fund") are referred to herein as Defendants.

## ARGUMENT

**I.   DISCOVERY ARBITRATOR'S SEVENTH DECISION SUSTAINS STRIKING DEFENDANTS' LATE PRODUCED DOCUMENTS FROM TRIAL**

The Seventh Decision, which the Defendants did not appeal, excludes the late disclosed documents at trial. The Seventh Decision resulted from the Trustee's discovery request that sought all documents relevant to the claims or defenses in this matter, and explicitly provides:

> Accordingly, *the Funds may not rely upon, or use, at pre-trial or trial, any documents that have not been produced to the Trustee by either themselves or by the Merkin Defendants to factually support any of their defenses or claims*. Further, to the extent that the Funds have any documents in their possession or custody which they know are responsive to Requests directed at them, and which they know are not duplicative of any documents produced by the Merkin Defendants, but which were not produced by them or the Merkin Defendants, the Trustee may seek sanctions against the Funds.[3]

The mandate could not be clearer—if Defendants did not produce the documents in discovery, they cannot rely on the documents at trial.

Confronted by this unequivocal directive, Defendants argue that there was no evidence of bad faith by Defendants or harm to the Trustee in Defendants' inadvertent failure "to produce a mere five documents." But the preclusive effect of the Seventh Decision is not contingent on bad faith or harm; rather it turns on the fact that the documents at issue here were not produced during either fact or expert discovery. The documents at issue were not produced and therefore Defendants should be precluded from using the documents at trial.

**II.  DEFENDANTS HAD A DUTY TO DISCLOSE THE EXHIBITS UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a) OR TO SUPPLEMENT UNDER 26(e)**

Pursuant to Fed. R. Civ. P. 26, "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all

---

[3] Seventh Decision, at 6 (emphasis added).

2

documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii); *see Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 67 (E.D.N.Y. 2012). A party who has made a disclosure under Rule 26(a) "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see Giudice v. Harlan*, No. 15 Civ. 7330 (LTS)(JCF), 2017 WL 564085, at *2 (S.D.N.Y. Feb. 10, 2017); *Lujan*, 284 F.R.D. at 67–68 (noting that the duty to supplement applies whether the information is learned by the client or by the attorney, and extends not only to newly discovered evidence but also to information that was not originally provided although available at the time of the initial disclosure or response).

The five exhibits at issue were not produced to the Trustee during fact or expert discovery, were not cited in Defendants' Motions for Summary Judgment, and have never before been referenced in this litigation. These five documents neither supplement nor correct existing discovery or representations made by Defendants during discovery. These facts are not refuted by Defendants. Rather, Defendants posit inherently contradictory arguments. On one hand, they argue that the documents at issue are important because they are "relevant to rebutting the Trustee's argument that the consistently strong performance, with low volatility, of Madoff's investments should somehow have alerted Merkin to the Ponzi scheme." Yet, on the other hand, they argue that the failure to produce these documents is not important because it was inadvertent, harmless, and the exhibits constitute "a miniscule percentage" of the millions of pages produced in this litigation. But, under either position, Defendants should not get the benefit of violating the court rules. If the documents are relevant to Defendants' defenses, then

3

the failure to produce the documents during discovery should preclude their use at trial. If the documents are not that important because they only make up a small part of Defendants' production, then there is no harm to Defendants if their lack of diligence results in exclusion of the documents at trial.

This same logic and fairness applies to Defendants' futile argument that the timing of the relevance of the documents at issue should excuse their failure to comply with the court rules. Defendants maintain that Merkin considered the performance of these funds *over his years* in the investment world as part of his due diligence, but then simultaneously argue that the five documents only became relevant to negate the Trustee's claims in connection with the expert report of Dr. Steve Pomerantz, dated March 20, 2015.[4] So, in essence, Defendants assert that the documents are relevant to Merkin's claim and defense that he conducted due diligence throughout his funds' investments with BLMIS but that they only *really* became relevant in connection with expert discovery. This is nonsensical. Even if the relevance only became apparent once expert reports were disclosed, then the documents at issue should have been produced during expert discovery. On this latter point, it is notable that Defendants' own expert, Jeffrey Weingarten, never referenced these documents in his reports or during his deposition.

Moreover, contrary to Defendants' belated efforts, the Trustee could not have been on notice that Defendants intended to rely on documents not produced in the present action but referenced in other third-party arbitrations or used as exhibits in the New York Attorney General ("NYAG") action against Merkin, GCC, and Merkin's funds—Ascot Partners, Ascot Fund, Ariel

---

[4] *See* Declaration of Judith A. Archer in Opposition to Trustee's Motion *In Limine* Number 4 to Exclude Documents Not Produced in Discovery, ECF No. 369 ("Archer Decl."), Ex. B (Excerpts of J. Ezra Merkin Deposition in *Calibre Fund, LLC v. Merkin, et al.* ("Merkin *Calibre* Dep.")) at 990:8-25; Archer Decl. Ex. C (Excerpts of J. Ezra Merkin Deposition in *Straus v. Merkin* ("Merkin *Straus* Dep.")) at 681:12-682:18, 685:12-22; Archer Decl. Ex. D (Excerpts of J. Ezra Merkin Deposition in *Weiss v. Merkin* ("Merkin *Weiss* Dep.")) at 672:10-674:13; Archer Decl. Ex. E (Excerpts of J. Ezra Merkin Deposition in *Wiederhorn v. Merkin, et al.* ("Merkin *Wiederhorn* Dep.")) at 607:12-609:13.

4

Fund Ltd., and Gabriel Capital, L.P.[5] Rule 26 makes clear that the burden is not on the Trustee to identify or investigate the evidence Defendants might use at trial. It was Defendants' obligation, without awaiting a discovery request, to produce these documents during fact or expert discovery. Where, as here, Defendants failed to adhere to their Rule 26 obligations, the exhibits should be excluded at trial pursuant to Fed. R. Civ. P. 37(c)(1). *See Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013).

Furthermore, Merkin's limited and generalized testimony regarding certain other funds in third-party arbitrations does not put the Trustee on notice or give any indication that Defendants intended to rely on this testimony or these specific documents at trial.[6] Millions of pages have been produced in this litigation. Similarly, Defendants' vague reference to Merkin's deposition testimony does not provide such notice. Defendants not only fail to cite to any portions of Merkin's deposition testimony or a single discovery response in this action in support of their position, but they fail to identify any testimony at all regarding Black Oak or Bracebridge—two of the funds identified in the documents at issue. And, the fact that Dr. Pomerantz's expert report references certain other funds could not have put the Trustee on notice regarding use of the documents at issue by Defendants at trial. Dr. Pomerantz states that he reviewed the fund information for Millennium International, Ltd. fund, not Millennium USA LP, the fund included in Defendants' late identified documents.[7] And Dr. Pomerantz specifically states in his report that he did not look at SAC Capital Advisors or Elliot Management because information on these funds was not publicly available.[8]

---

[5] *See People v. Merkin*, Index No. 450879/2009 (N.Y. Sup. Ct.) (J. Richard B. Lowe III).
[6] *See* Archer Decl. Exs. B-E.
[7] *See* Declaration of Lan Hoang in Support of Trustee's Opposition to Defendants' Motions In Limine dated May 10, 2017, Ex. 9 (Expert Report of Dr. Steve Pomerantz with errata dated April 13, 2015) at ¶282.
[8] *Id.* at ¶282 n.295.

5

Finally, Defendants' argument in a footnote that the Trustee should have gone on a fishing expedition in the NYAG action to determine what Defendants could possibly rely upon is equally unavailing for the same reasons discussed above. It was Defendants' obligation to disclose the documents at issue under Rule 26 and their failure to do so should preclude use of the documents at trial under Rule 37(c)(1). *See Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223–24 (D.D.C. 2015) ("The Federal Rules do not shield publicly available documents from discovery merely because of their accessibility. A limitation of this nature would lead to patently absurd consequences. Indeed, it would require litigants to scour the public domain for nuggets of information that their adversaries could potentially use against them—a task that is as Herculean as it is nonsensical. Litigation is not, nor has it ever been, an elaborate parlor game of 'blind man's buff.'").

### III. DEFENDANTS' FAILURE TO PRODUCE THESE DOCUMENTS DURING DISCOVERY IS NOT HARMLESS

Defendants make much of the fact that their "inadvertent" failure to supplement their production to add these documents during discovery is harmless. A court may consider in determining whether a failure to produce documents is harmless: "(1) whether the failure has an explanation or was willful or in bad faith; (2) the surprise or prejudice to the party against whom the evidence would be offered; (3) the ability to cure the surprise; (4) the importance of the evidence; and (5) the extent to which allowing the evidence would disrupt the trial." *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, Nos. 12 Civ. 6811(CM)(JCF), 13 Civ. 1580(CM)(JCF), 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013). Here, an examination of these factors weighs in favor of preclusion.

First, Defendants have failed to provide a plausible explanation other than they forgot or that the documents at issue only relate to 28 pages out of the millions produced in this litigation.

6

Neither of these explanations excuse the failure to produce documents that they were aware of, intended to rely upon at trial, and had actually relied upon to defend themselves in other actions. *See Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 36 (S.D.N.Y. 2014) (noting that the duty to disclose information concerning expert testimony is designed to allow opposing parties to have a reasonable opportunity to prepare for effective cross examination and arrange for the expert testimony of other witnesses and thus courts will not admit supplemental expert evidence after the close of discovery when it involves a new and complex approach); *Point Prods. v. Sony Music Entm't, Inc.*, No. 93 Civ. 4001 (NRB), 2004 U.S. Dist. LEXIS 2676, at *35–37 (S.D.N.Y. Feb. 20, 2004) (excluding expert affidavits submitted after the close of discovery that raised new factual claims "never before placed in evidence" on the basis that the delayed disclosure was "inexcusable" and prejudicial because it would "thrust significant new discovery burdens" on the defendants during trial preparation.)

Second, the Trustee would unquestionably be prejudiced by this evidence because the documents have never before been produced, considered, relied upon, or opined on in this action. Identification of documents in preparation for trial is not the proper time to disclose evidence that has long since been known to Defendants. Third, as discovery has been closed in this matter for almost two years and the parties are preparing for trial, there should be no opportunity for Defendants—the parties who failed to comply with the court rules—to cure the surprise. Fourth, the evidence cannot possibly be said to be important to the Defendants' case as they have never before relied on it in this action—including in their Motions for Summary Judgment. Fifth, allowing this evidence would further delay the trial and be unfair to the Trustee who would now be burdened with fact-finding investigations as to the belatedly identified documents. Demonstrably, the failure to produce these documents during discovery was not harmless.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order granting his motion *in limine* to exclude documents not produced during discovery.

Dated:  June 13, 2017
        New York, New York

**BAKER & HOSTETLER LLP**

*/s/ David J. Sheehan*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Brian W. Song
Email: bsong@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

8