UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ X
                               :
In re:                         :
                               :    SIPA LIQUIDATION
                               :
BERNARD L. MADOFF INVESTMENT   :
SECURITIES LLC,                :    No. 08-01789 (SMB)
                               :
          Debtor.              :
                               :
------------------------------ X
                               :
IRVING H. PICARD, Trustee for the Liquidation   :
of Bernard L. Madoff Investment Securities LLC, :
                               :
                               :
          Plaintiff,           :    Adv. Proc. No. 09-01182 (SMB)
                               :
     v.                        :
                               :
J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,   :
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,   :
ASCOT FUND LTD., GABRIEL CAPITAL         :
CORPORATION,                   :
                               :
          Defendants.          :
                               :
------------------------------ X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXHIBITS RELATED TO
WHETHER INVESTORS WERE MISLED WITH RESPECT TO
<u>GABRIEL CAPITAL, L.P. AND ARIEL FUND LTD.'S EXPOSURE TO BLMIS</u>**

| | |
|---|---|
| DECHERT LLP | NORTON ROSE FULBRIGHT US LLP |
| 1095 Avenue of the Americas | 1301 Avenue of the Americas |
| New York, New York 10036 | New York, NY 10019-6022 |
| (212) 698-3500 | (212) 318-3000 |
| *Attorneys for Defendants J. Ezra Merkin* | *Attorneys for Ralph C. Dawson, as* |
| *and Gabriel Capital Corporation* | *Receiver for Defendant Ascot Partners,* |
| | *L.P., and Ascot Fund Ltd.* |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................. 1
ARGUMENT ............................................................................................................................... 2

I      The Motion Seeks To Exclude A Narrowly Defined Category: Testimony and Exhibits Related To Defendants' Alleged Failure to Disclose Gabriel's And Ariel's Investments In A Managed Account With BLMIS ........... 2

II     The Trustee Does Not Dispute That Evidence Related To Defendants' Alleged Failure to Disclose Gabriel's And Ariel's Exposure To BLMIS Is Irrelevant ..................................................................................................................... 3

    A.    The Court May Determine In Advance Of Trial Whether Evidence Related To Defendants' Alleged Failure To Disclose Gabriel's And Ariel's Exposure To BLMIS Is Relevant To The Issue Of Willfull Blindness ................................................................................................ 3

    B.    The Court Need Not Determine The Admissibility Of Testimony That Is Not Subject To Defendants' Motion ............................................. 5

    C.    Testimony Related To Defendants' Alleged Failure to Disclose Gabriel's And Ariel's Exposure To BLMIS Is Not Admissible To Bolster A Witness' Credibility, Particularly Before The Witnesses' Credibility Is Attacked ................................................................................ 6

III    The Proposed Evidence Related To Defendants' Alleged Failure To Disclose Gabriel's And Ariel's Exposure To BLMIS Should Be Excluded Because Any Probative Value Is Substantially Outweighed By The Risk Of Unfair Prejudice, Wasting Time, And Distracting From The Issues At Trial ............................................................................................................................ 7

CONCLUSION ............................................................................................................................ 8

## **Table of Authorities**

**CASES**

*Baxter Diagnostics, Inc. v. Novatek Med., Inc.*,
    No. 94 Civ. 5220, 1998 WL 665138 (S.D.N.Y. Sept. 25, 1998) ................................................ 3

*Palmieri v. Defaria*,
    88 F.3d 136 (2d Cir.1996) ................................................................................................. 3, 4

*United States v. Bermudez*,
    529 F.3d 158 (2d Cir. 2008) ................................................................................................ 6, 7

*United States v. Quinones*,
    511 F.3d 289 (2d Cir. 2007) ................................................................................................... 6

*United States v. Scott*,
    677 F.3d 72 (2d Cir. 2012) ..................................................................................................... 6

*Wechsler v. Hunt Health Sys., Ltd.*,
    381 F. Supp. 2d 135 (S.D.N.Y. 2003) ..................................................................................... 3

*Weiss v. La Suisse*,
    293 F. Supp. 2d 397 (S.D.N.Y. 2003) ..................................................................................... 2

**OTHER AUTHORITIES**

Fed. R. Evid. 403 ............................................................................................................................ 7

Fed. R. Evid. 608(a) ....................................................................................................................... 6

**PRELIMINARY STATEMENT**

Defendants J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC"), Ralph C. Dawson, as Receiver for Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund" and collectively with Merkin, GCC, and Ascot Partners, "Defendants") respectfully submit this reply memorandum of law in support of their motion *in limine* pursuant to Federal Rules of Evidence 401, 403, and 404(a)(1), made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, to exclude the proposed testimony and exhibits related to investors' supposedly being misled about the investments by Gabriel Capital, L.P. ("Gabriel") and Ariel Fund Ltd. ("Ariel") in managed accounts with Bernard L. Madoff Investment Securities LLC ("BLMIS").

Plaintiff Irving H. Picard (the "Trustee"), as Trustee for the Liquidation of BLMIS, mischaracterizes the Defendants' motion. The motion does not seek to exclude evidence concerning communications between any witness and Mr. Merkin about BLMIS or information known by Defendants about BLMIS, including other investors' purported concerns with respect to BLMIS.  Rather, as the motion makes clear, it seeks to exclude only proposed testimony and exhibits related to investors' supposedly being misled about the investments by Ariel and Gabriel in managed accounts with BLMIS. This narrow category of exhibits and testimony is not relevant to the issues at trial, its introduction would waste the Court's time and distract from the issues to be adjudicated, and it is potentially unduly prejudicial to Defendants. Indeed, during the summary judgment argument, the Court rejected the relevance of this supposed evidence, and the Trustee has utterly failed to respond to the Court's prior conclusion on the actual substance of this matter.

1

**ARGUMENT**

I    **The Motion Seeks To Exclude A Narrowly Defined Category: Testimony and Exhibits Related To Defendants' Alleged Failure to Disclose Gabriel's And Ariel's Investments In A Managed Account With BLMIS**

Defendants seek to exclude testimony on the discrete issue of whether investors in Gabriel and Ariel were allegedly misled by the Defendants with respect to those funds' investments with BLMIS. This includes testimony on this issue from five individuals identified by the Trustee as witnesses it intends to call at trial -- Joel Ehrenkranz, Joshua Nash, Jason Orchard, Morris Smith, and Tina Surh -- as well as any additional testimony or exhibits on that issue that the Trustee may seek to present.[1] This category is narrow and well-defined. Notably, during argument on the summary judgment motions, the Court cut off the Trustee's attempt to rely on this purported evidence, challenging the relevance of this purported evidence to the issue of whether Defendants were willfully blind to Madoff's fraud. Pl. SJ. Opp. Br. at 12, 14-15 (Dkt. No.289); SJ. Oral Arg. Tr. 63:8-17 ("what does lying to his investors have to do with his knowledge, subjective knowledge that there was a high probability of fraud?"), attached as Exhibit A to the Declaration of Mariel R. Bronen, dated April 7, 2017 ("Decl.").

In response, the Trustee does not address the specific evidence that Defendants seek to exclude. Instead, he resorts to mischaracterizing the scope of Defendants' motion and argues that it covers a much broader and ill-defined category, including testimony concerning witnesses' conversations with Mr. Merkin about their purported concerns with respect to BLMIS. *See* Pl Br. 4-8. The Trustee's arguments simply ignore the point of Defendants' motion, and for that reason the cases on which the Trustee relies are inapposite. *See Weiss v. La Suisse*, 293 F. Supp. 2d 397, 407 (S.D.N.Y. 2003) (denying the defendant's motion to exclude

2

"*all* evidence regarding other policy holders." (emphasis added)); *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 150 (S.D.N.Y. 2003) ("Defendants do not specify *any* evidence that they seek to preclude" (emphasis added)).[2]

## II   The Trustee Does Not Dispute That Evidence Related To Defendants' Alleged Failure to Disclose Gabriel's And Ariel's Exposure To BLMIS Is Irrelevant

The Trustee does not argue that evidence regarding the Defendants' alleged failure to disclose Gabriel and Ariel's exposure to BLMIS is relevant to his willful blindness claim. Instead, he argues that (a) the Court should reserve its determination of that evidence's relevance for trial; (b) other evidence, not at issue in this motion, is relevant to the Trustee's willful blindness claim; and (c) the evidence is admissible to support the credibility of certain witnesses. Pl. Br. at 10. None of these arguments carry any weight.

### A.   The Court May Determine In Advance Of Trial Whether Evidence Related To Defendants' Alleged Failure To Disclose Gabriel's And Ariel's Exposure To BLMIS Is Relevant To The Issue Of Willfull Blindness

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996) (internal quotation marks and citation omitted).

Defendants have shown that evidence that they allegedly misled investors in Ariel and Gabriel is irrelevant to the Trustee's willful blindness claim. Def. Br. at 2-4. Indeed, the Court has already warned the Trustee that such evidence is irrelevant. Decl. Ex. A. Moreover, the

---

[1] Contrary to the Trustee's suggestion, Defendants do not seek to exclude all testimony of these witnesses, only testimony on this irrelevant issue. Defendants do not object to the testimony of these witnesses with respect to conversations each of them may have had with Merkin concerning Madoff.

[2] The Trustee mischaracterizes *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998). In that case, the Court *granted* the parties' motions to exclude "evidence that relates only to punitive damages," and held that where "financial evidence is relevant for other purposes it will not be excluded, subject to more specific objections and rulings at trial."

3

Trustee does not even attempt to demonstrate that such evidence is relevant to his willful blindness claim. In these circumstances, it is entirely appropriate for "the Court to rule in advance of trial on the relevance of [such] forecasted evidence." *Palmieri*, 88 F.3d at 141.

Rather than attempting to show that the proffered evidence is relevant at this time, the Trustee argues that the Court should defer a pretrial ruling and determine at trial whether the testimony is relevant to the willful blindness claim. According to the Trustee, such testimony may allow the Court to infer that the Defendants "were aware of facts suggesting a high probability of fraud at BLMIS and that they intentionally failed to disclose Ariel's and Gabriel's exposure to BLMIS to avoid additional due diligence or confirmation that BLMIS was in fact a fraud." Pl. Br. at 10-11. This theory defies logic. The idea that Defendants would have been concerned about "additional due diligence" is directly contradicted by the evidence.

First, the undisputed evidence shows that Mr. Merkin facilitated due diligence on BLMIS by prospective investors by setting up meetings with Madoff, providing BLMIS trade confirmations and profit and loss statements, as well as BDO's audited statements of the Funds.[3] In fact, two of the witnesses the Trustee seeks to present on this issue had already met with Madoff and conducted due diligence on BLMIS for the purpose of considering whether or not to

---

[3] *See, e.g.,* Merkin July 1, 2010 Dep. Tr. 20:9-18 attached as Exhibit 1 to the Reply Declaration of Mariel R. Bronen, dated June 13, 2017 ("Reply Decl."); Merkin February 24-25, 2015 Dep. Tr. 183:2-20, 184:13-17, 306:23-307:6; 513:10-515:9, 516:16-517:22 (Reply Decl. Ex. 2); Autera Dep. Tr.164:20-170:24 (Reply Decl. Ex. 3); Ehrenkranz Dep. Tr. 43:6-18 (Reply Decl. Ex. 4); Email from Patrick Erne to J. Ezra Merkin dated October 3, 2007 (Reply Decl. Ex. 5); Research Company A Principal Dep. Tr. 19:24-20:6, 44:19-45:5 (Reply Decl. Ex. 6); Research Company A Employee Dep. Tr. 20:3-19 (Reply Decl. Ex. 7); Email from J. Ezra Merkin to Naomi Ferro dated February 9, 2003 (Reply Decl. Ex. 8); Merkin Defendants' Supp. Resps. To Trustee's 2d Set of Interrogatories dated Aug. 30, 2013, at 5 (Reply Decl. Ex. 9); Steffens Dep. Tr. 75:7-18 (Reply Decl. Ex. 10); Email from J. Ezra Merkin to Patrick dated September 7, 2007 (Reply Decl. Ex. 11); Email from J. Ezra Merkin to Patrick Erne dated October 3, 2007 (Reply Decl. Ex. 12); Email from Research Company A Principal to J. Ezra Merkin dated October 9, 2007; (Reply Decl. Ex. 13); Email from Patrick Erne to J. Ezra Merkin dated October 29, 2007 (Reply Decl. Ex. 14); Email from A. Green to J. Ezra Merkin dated March 10, 2008 (Reply Decl. Ex. 15); Email from J. Ezra Merkin to A. Green dated March 27, 2008 (Reply Decl. Ex. 16); Email from Roman Igolnikov to J. Ezra Merkin dated December 17, 2003 (Reply Decl. Ex. 17); Email from J. Ezra Merkin to Michael Autera dated March 13, 2004 (Reply Decl. Ex. 18).

4

make an investment either directly with BLMIS or through Ascot prior to Mr. Merkin's alleged misrepresentations. *See, e.g.,* Ehrenkranz Tr. 43:6-18 ("I met with [Madoff] at Ezra's suggestion to consider investing with him.") (Reply Decl. 4); 44:12-25; Nash Tr. 26:8-27:6; 29:4-30:10 (Reply Decl. 19). Moreover, the undisputed evidence also shows that it was widely known that substantially all of Ascot was invested in a managed account at BLMIS -- including by some of the very same witnesses who supposedly were misled about Ariel's and Gabriel's investment of a portion of their assets with BLMIS.[4] Thus, even if Defendants allegedly failed to disclose Ariel's and Gabriel's periodic investment of a portion of their assets with BLMIS to a handful of investors or prospective investors in Ariel and Gabriel (but not Ascot), such allegations do not suggest or support an inference that Defendants were suspicious of Madoff, much less willfully blind to his fraud.

        **B.    The Court Need Not Determine The Admissibility Of Testimony That Is Not Subject To Defendants' Motion**

The Trustee spends more than five pages of his brief describing anticipated witness testimony on various issues that are not the subject of Defendants' motion, including the witnesses' conversations with Mr. Merkin about their purported concerns regarding BLMIS. The Trustee then argues that such testimony is relevant and should not be excluded. *See* Pl Br. 3-8. That entire argument is a red herring. Defendants' motion does not seek to exclude those five witnesses from testifying in their entirety; rather, the motion seeks to exclude only the proposed testimony and exhibits related to investors' supposedly being misled about the

---

[4] Email from Michael Autera to Seiichiro Takahashi dated June 17, 2004(Reply Decl. Ex. 20); Emails between Michael Autera and Renee Nadler dated October 30, 2007 (Reply Decl. Ex. 21); Yeshiva University Documents (Reply Decl. Ex. 22); Yeshiva University Board Minutes dated December 21, 1992 (Reply Decl. Ex. 23); Letter from Peter Winstead to J. Ezra Merkin dated December 30, 1992 (Reply Decl. Ex. 24); Letter from Michael Autera to Ralph Kestenbaum dated September 1, 1992 (Reply Decl. Ex. 25); Email from Walter Link to Michael Autera dated November 6, 2008 (Reply Decl. Ex. 26); Sherman Dep. Tr. at 131:14-25 (Reply Decl. Ex. 27); Surh Dep. Tr. 119:1-6 (Reply Decl. Ex. 28); Orchard Dep. Tr. 65:11-68:3 (Reply Decl. Ex. 29); Smith Dep. Tr. 35:25-36:19 (Reply Decl. Ex. 30).

investments by Ariel and Gabriel in managed accounts with BLMIS. The relevance and admissibility of any other testimony that may be elicited from those witnesses is not at issue in this motion.

### C. Testimony Related To Defendants' Alleged Failure to Disclose Gabriel's And Ariel's Exposure To BLMIS Is Not Admissible To Bolster A Witness' Credibility, Particularly Before The Witnesses' Credibility Is Attacked

The Trustee argues that the testimony of Ehrenkranz, Smith, Nash, Orchard, and Surh on the issue of whether Defendants misled them about Ariel's and Gabriel's exposure to BLMIS is admissible to explain why these witnesses maintained investments in Ariel and Gabriel despite the funds' exposure to BLMIS.[5] Pl. Br. at 9. But credibility evidence is not admissible unless the witness's character for truthfulness has been attacked. Fed. R. Evid. 608(a); *United States v. Quinones*, 511 F.3d 289, 312-13 (2d Cir. 2007) ("[A]bsent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible."); *United States v. Scott*, 677 F.3d 72, 80–81 (2d Cir. 2012) (affirming the exclusion of corroborating evidence and distinguishing the case from *Bermudez*, on the grounds that failure to admit would not cause the witnesses "entire testimony [to] be suspect"); *but cf. United States v. Bermudez*, 529 F.3d 158, 162-63 (2d Cir. 2008) (establishing a narrow exception affirming the District Court's decision to admit credibility evidence on direct where the evidence had "significant" probative value with respect to the "primary issue at trial" and was "at the heart of the case").

Here, Defendants have not yet attacked the credibility of any of these five witnesses, so the Trustee cannot offer any evidence to try to bolster the witnesses' credibility. Indeed, the issue of whether or why these witnesses maintained investments in Ariel or Gabriel is itself entirely irrelevant to the issue of whether the Ascot Defendants were willfully blind to Madoff's

---

[5] The Trustee again represents that this motion relates to testimony regarding information and concerns those investors relayed to Mr. Merkin. It does not.

6

fraud. Such tangential evidence supposedly designed to bolster the credibility of a witness on an irrelevant issue has little, if any, probative value and should be excluded.

**III    The Proposed Evidence Related To Defendants' Alleged Failure To Disclose Gabriel's And Ariel's Exposure To BLMIS Should Be Excluded Because Any Probative Value Is Substantially Outweighed By The Risk Of Unfair Prejudice, Wasting Time, And Distracting From The Issues At Trial**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues . . . [or] wasting time . . ." Fed. R. Evid. 403. The Court has "broad discretion to balance probative value against possible prejudice." *Bermudez*, 529 F.3d at 161 (*citing United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004)).

The Trustee does not dispute that there is a risk that the introduction of testimony and exhibits related to investors' supposedly being misled about the investments by Ariel and Gabriel would unfairly prejudice the Defendants, waste the Court's time, and distract from the issues at trial. In fact, the Trustee does not address this argument at all. Rather, the Trustee argues that the testimony is admissible to attack Mr. Merkin's credibility:

> Merkin has repeatedly stated that he arranged for his investors to meet with Madoff as part of his due diligence and has argued that he was transparent regarding his relationship with BLMIS. The testimony of Ehrenkranz, Smith, Nash, Orchard, and Surh will directly rebut Merkin's testimony on this point.

Pl. Br. at 9. The Trustee does not, and cannot, explain how the testimony of these five witnesses can "directly rebut" Mr. Merkin's testimony that he arranged for numerous investors to meet with Madoff. Indeed, Mr. Merkin even set up an in-person meeting with Madoff for Ehrenkranz. Ehrenkranz Dep. Tr. 43:6-18; 61:18-21 (Reply Decl. Ex. 4); Surh Dep. Tr. 53:23-54:3 (Reply Decl. Ex. 28); Smith Dep. Tr. 36:5-19 (Reply Decl. Ex. 30). Moreover, virtually all of these witnesses knew that substantially all of Ascot's assets were invested with Madoff. And voluminous evidence in the record corroborates Mr. Merkin's testimony that he arranged

7

meetings for many investors to meet with Madoff.[6] Further, if the Court were to admit this evidence, Mr. Merkin would be allowed to prove that numerous Ariel and Gabriel investors and prospective investors were aware that a portion of the two funds were invested with Madoff at various times. Accordingly, the minimal value this evidence would have with respect to Mr. Merkin's credibility is substantially outweighed by the risk of prejudice, distraction, and waste of the Court's time and resources.

As demonstrated above and in Defendants' Opening Brief, evidence related to whether investors were misled with respect to Gabriel's and Ariel's exposure to BLMIS is irrelevant to the Trustee's willful blindness claim, and its only purpose would be to cast Mr. Merkin in a negative light. Def. Br. at 2-6. The admission of this evidence will require a trial within the trial of an irrelevant issue. Thus, the risk of prejudice, delay, and wasting time substantially outweighs the probative value, if any, that this evidence has with respect to the Trustee's willful blindness claim. The evidence should be excluded for this independent reason.

## Conclusion

For the foregoing reasons and those in the opening brief, Defendants respectfully request that this Court exclude the proposed testimony and exhibits related to whether investors were allegedly misled about Gabriel's and Ariel's investments with BLMIS.

---

[6] *See supra*, nn. 3 & 4.

8

Dated: New York, New York
June 13, 2017

DECHERT LLP

By: */s/ Neil A. Steiner*
    Andrew J. Levander
    Neil A. Steiner
    Mariel R. Bronen
    Daphne T. Ha
1095 Avenue of the Americas
New York, New York 10036
andrew.levander@dechert.com
neil.steiner@dechert.com
(212) 698-3500

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*

NORTON ROSE FULBRIGHT US LLP

By: /s/ *Judith A. Archer*
    Judith A. Archer
    Sarah O'Connell
    David B. Schwartz
1301 Avenue of the Americas
New York, NY 10019-6022
Tel.: (212) 318-3000
Fax: (212) 318-3400
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

16230071.5