UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––– X
:
In re:                            :
                                  :
                                  :  SIPA LIQUIDATION
BERNARD L. MADOFF INVESTMENT      :
SECURITIES LLC,                   :
                                  :  No. 08-01789 (SMB)
                                  :
       Debtor.                    :
                                  :
––––––––––––––––––––––––––––––––– :
                                  X
                                  :
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
                                  :
                                  :
       Plaintiff,                 :
                                  :
            v.                    :  Adv. Proc. No. 09-01182 (SMB)
                                  :
                                  :
J. EZRA MERKIN, GABRIEL CAPITAL, L.P., :
ARIEL FUND LTD., ASCOT PARTNERS, L.P., :
ASCOT FUND LTD., GABRIEL CAPITAL    :
CORPORATION,                        :
                                    :
                                    :
       Defendants.                  :
                                    :
–––––––––––––––––––––––––––––––––  X

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE THE TESTIMONY AND REPORT OF BRUCE G. DUBINSKY**

| | |
|---|---|
| DECHERT LLP | NORTON ROSE FULBRIGHT US LLP |
| 1095 Avenue of the Americas | 1301 Avenue of the Americas |
| New York, New York 10036 | New York, NY 10019-6022 |
| (212) 698-3500 | (212) 318-3000 |
| *Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation* | *Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.* |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ...................................................................................................................................... 2

    I.    Mr. Dubinsky's Testimony Is Not Relevant Because Defendants Do Not Dispute That Madoff Operated A Ponzi Scheme ................................................... 2

    II.   Mr. Dubinsky's Testimony Is Not Relevant Because It Is Not Specific to this Case ............................................................................................................................. 5

CONCLUSION ................................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES**

*Bolden v. Nat'l R.R. Passenger Corp.*,
    No. Civ.A. 04-1125, 2005 WL 1431486 (E.D. La. June 14, 2005)..........................................5

*Davis v. Carroll*,
    937 F. Supp. 2d 390 (S.D.N.Y. 2013)......................................................................................3

*In re Bonham*,
    251 B.R. 113 (Bankr. D. Alaska 2000) ....................................................................................4

*In re Petters Co.*,
    506 B.R. 784 (Bankr. D. Minn. 2013) .....................................................................................4

*In re Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004)......................................................................................1

*McNitt v. BIC Corp.*,
    846 F. Supp. 1049 (D.N.H. 1994)............................................................................................5

*Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*,
    No. 95-08203 (JLG), 1998 WL 160039 (Bankr. S.D.N.Y. Apr. 3, 1998) ................................4

*Picard v. Merkin*,
    563 B.R. 737 (Bankr. S.D.N.Y. 2017).................................................................................1, 2

*SEC v. Mudd*,
    No. 11 CIV. 9202 (PAC), 2016 WL 2593980 (S.D.N.Y. May 4, 2016) ..................................7

*U.S. Commodity Futures Trading Comm'n v. Moncada*,
    No. 12 CIV. 8791 CM, 2014 WL 2945793 (S.D.N.Y. June 30, 2014) ....................................5

*United States v. Edwards*,
    486 F. Supp. 673 (S.D.N.Y. 1980) ..........................................................................................4

Defendants respectfully submit this reply memorandum of law in further support of their motion *in limine* to exclude the testimony and report of Bruce G. Dubinsky.[1]

### Preliminary Statement

Defendants have never disputed that Madoff's operation of BLMIS was a Ponzi scheme, or that Madoff currently sits in prison serving a 150-year sentence for 11 counts of fraud, money laundering, false statements, perjury, and theft.[2] Indeed, this Court has noted that "[t]he essential facts regarding Bernard Madoff's Ponzi scheme have been recounted in numerous decisions of the Second Circuit, the District Court and this Court." *Picard v. Merkin*, 563 B.R. 737, 739 (Bankr. S.D.N.Y. 2017).

Nevertheless, the Trustee seeks to offer days of testimony and thousands of exhibits— including hundreds of BLMIS and MSIL records unrelated to Defendants—on the undisputed fact that there was an "extensive fraud at BLMIS." Pl. Br. at 6. All of this evidence should be excluded because it is irrelevant, unnecessary, and cumulative.

The Trustee argues in opposition to Defendants' motion that Mr. Dubinsky should be allowed to testify about BLMIS because his testimony would be relevant to the Trustee's avoidance claims. But this argument ignores "[o]ne of the fundamental requirements of Rule 702" of the Federal Rules of Evidence—the "helpfulness requirement"—which "goes beyond mere relevance because it also requires expert testimony to have a valid connection to the pertinent inquiry." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004)

---

[1] Unless otherwise defined, capitalized terms used herein have the same meaning as in the Defendants' Memorandum of Law In Support of Their Motion *In Limine* to Exclude the Testimony and Report of Bruce G. Dubinsky filed on April 7, 2017 (Dkt. 350) ("Def. Br.").

[2] *See* Trustee's Response to Defendants' Joint Statement of Material Facts Pursuant to Local Bankruptcy Rule 7056-1 (Dkt. 292) ("Pl. Resp. to JSMF") at ¶ 38.

(internal quotation marks and alterations excluded). The Trustee has already admitted that Mr. Dubinsky's proposed testimony has no connection to the central question of whether Defendants were willfully blind to Madoff's fraud. Mr. Dubinsky's testimony will not help the Court on that issue, because the fact that Madoff ran a Ponzi scheme—as to which Mr. Dubinsky's firm was paid more than $30 million to opine, *see* Def. Br. at 2—is not in dispute. *See infra* Point I. And Mr. Dubinsky admitted that he did not do *any* work specific to this adversary proceeding. Indeed, his expert report does not even mention any Defendant by name, and he does not purport to offer an opinion relevant to the issue of willful blindness. Because the Trustee fails to satisfy his burden of demonstrating that Mr. Dubinsky's proposed testimony is relevant, helpful, or admissible, it should be excluded. *See infra* Point II.

## Argument

### I. Mr. Dubinsky's Testimony Is Not Relevant Because Defendants Do Not Dispute That Madoff Operated A Ponzi Scheme

There is no merit to the Trustee's contention that the opinions set forth in Mr. Dubinsky's 168-page report are relevant merely because avoidance claims remain in the case. This Court has already found that, as to the avoidance claims, "the sole factual issue is whether Ascot Partners took the transfers in good faith," "mean[ing] that the transferee neither had actual knowledge of the [BLMIS] fraud nor willfully blinded himself to circumstances indicating a high probability of such fraud." *Merkin*, 563 B.R. at 749 (internal quotation marks omitted). And the Trustee has conceded that "[t]he work that Dubinsky performed to reach his conclusions to a degree of reasonable certainty *has no relevance* to the issue of whether the Defendants willfully blinded themselves to Madoff's fraudulent scheme based on the information that was available to them." Pl. Resp. to JSMF ¶ 19 (emphasis added); *see, e.g.*, *id.* at ¶ 34 (stating that the Trustee's

2

chief counsel's statement that "Madoff's unprecedented fraud stretched far and wide" "is not relevant to any claims or defenses to the Defendants' motions for summary judgment").

Rather, the Trustee intends to offer Mr. Dubinsky's testimony to "establish that the transfers made to the subject transferee were 'in furtherance' of a fraudulent scheme." Pl. Br. at 5; *see id.* at 5-6 (setting forth this Court's "four-factor test for the existence of a Ponzi scheme"); *id.* at 6 ("Once it is determined that a Ponzi scheme exists, all transfers made in furtherance of that Ponzi scheme are presumed to have been made with fraudulent intent—the 'Ponzi scheme presumption.'"). Because Defendants have never disputed that the Ponzi scheme presumption applies here—and in fact have offered to stipulate that Madoff operated a Ponzi scheme—Mr. Dubinsky's testimony has no probative value in this case. *See Davis v. Carroll*, 937 F. Supp. 2d 390, 420 (S.D.N.Y. 2013) ("Because the parties do not dispute that Carroll performed adequate due diligence in the absence of such red flags, this part of Rosenberg's proposed expert testimony is irrelevant to the legal question in this case.").

The Trustee does not, because he cannot, explain why he should be permitted to waste this Court's time by presenting evidence on, among other topics: Mr. Dubinsky's "forensic examination and analysis of the business of BLMIS"; "the detailed facts which support that BLMIS was a fraud, Ponzi scheme, and insolvent"; how BLMIS's auditors Friehling and Horowitz, C.P.A., P.C. "were fraudulent, including the discovery of F&H audit templates on a BLMIS computer"; how "the pervasive fraud at BLMIS was conducted through its main accounts at JPMorgan Chase and the Bank of New York"; and his conclusion that BLMIS's JPMorgan Chase account "consisted almost entirely of customer deposits with no additions." Pl. Br. at 1, 6. And there is neither need nor reason for Mr. Dubinsky to "assist the Court in the reconstruction of the books and records of the debtor's business," where, as here, it has never

3

been disputed that those books and records are fraudulent and were used in furtherance of a Ponzi scheme. Pl. Br. at 6.

The cases that the Trustee cites in support of the proposition that courts "routinely admit[]" "expert testimony and opinions similar to Mr. Dubinsky's" are inapposite because, unlike here, the parties in those cases disputed whether there was a fraud. *See Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*, No. 95-08203 (JLG), 1998 WL 160039, at *9 (Bankr. S.D.N.Y. Apr. 3, 1998) ("[W]e cannot conclude that movants have conceded that the trading that took place in their accounts . . . was unauthorized."); *In re Petters Co.*, 506 B.R. 784, 791 (Bankr. D. Minn. 2013) (at issue was trustee's motion to substantively consolidate debtors' estates, which included defendants' "challenge[s to] the [t]rustee on the merits of his case, both his evidentiary showing and the legal merits of granting such relief"); *In re Bonham*, 251 B.R. 113, 131 (Bankr. D. Alaska 2000) ("The issue to be resolved . . . is whether, for the purposes of summary judgment, the trustee has established without substantial controversy (i.e., so he does not have to try the facts) that the debtors operated a Ponzi scheme . . . .").

Nor is there merit to the Trustee's vastly overbroad claim that he "is entitled to present his case," "advocate for his position and have a fair opportunity to examine witnesses in furtherance of [his] position" as to every one of Mr. Dubinsky's purported conclusions. Pl. Br. at 10-11. It made no sense for Defendants to enter into the "comprehensive stipulation" the Trustee sought—including "agree[ing] that Mr. Dubinsky was qualified and stipulat[ing] to the admission of his report and testimony"—because virtually all of Mr. Dubinsky's proposed testimony is irrelevant. Pl. Br. at 10. And there is "not the slightest need for expert testimony" on a subject that is not disputed. *United States v. Edwards*, 486 F. Supp. 673, 674 (S.D.N.Y. 1980) (stating that a chemistry expert's proffered testimony was "nothing other than a red

4

herring" where "the government conceded and the jury was instructed that there were legitimate uses for the chemicals sold by these defendants"), *aff'd*, 631 F.2d 1049 (2d Cir. 1980); *U.S. Commodity Futures Trading Comm'n v. Moncada*, No. 12 CIV. 8791 CM, 2014 WL 2945793, at *4 (S.D.N.Y. June 30, 2014) ("The fact that he is opining about matters not in issue renders [the expert]'s opinions irrelevant and inadmissible."); *McNitt v. BIC Corp.*, 846 F. Supp. 1049, 1053-54 (D.N.H. 1994) ("[E]vidence that was *only* relevant to . . . waived issues became excludable pursuant to Fed. R. Evid. 402."), *aff'd*, 45 F.3d 423 (1st Cir. 1995).

In *McNitt*, for example, the defendant waived its right to challenge certain elements of plaintiff's claims, "and once it did so, the Federal Rules of Evidence and Civil Procedure permitted [the court] to limit the proof at trial to evidence that was relevant" to the remaining issues of causation and damages. 846 F. Supp. at 1050. Specifically, the Court held that Rules 102, 401, 402, and 403 "plainly authorize[d]" it "to take appropriate measures to keep the trial focused on matters that are *genuinely in dispute*." *Id.* at 1053 (emphasis added); *see also Bolden v. Nat'l R.R. Passenger Corp.*, No. Civ.A. 04-1125, 2005 WL 1431486, at *1-2 (E.D. La. June 14, 2005) (rejecting plaintiffs' argument that certain evidence was "necessary in order for Plaintiffs to properly present the claims to the jury, and that Plaintiffs must not be limited to telling the jury that they were injured in a train derailment" because defendants had admitted liability, thus rendering the evidence at issue "not probative," "irrelevant and therefore inadmissable [*sic*] at trial"). Accordingly, regardless of whether the parties execute a stipulation regarding Madoff's fraud, the law and the undisputed fact that Defendants do not challenge that Madoff operated a massive Ponzi scheme require the exclusion of Mr. Dubinsky's testimony.

## II.  Mr. Dubinsky's Testimony Is Not Relevant Because It Is Not Specific to this Case

Defendants' opening brief also established that Mr. Dubinsky's proposed testimony—as well as hundreds of BLMIS and MSIL records proposed as exhibits by the Trustee—bear no

relation to Defendants or their BLMIS accounts. Indeed, Mr. Dubinsky admitted that he never read any complaint or deposition transcript in this case and that, incredibly, his report does not even mention any Defendant. *See* Def. Br. at 1-3, 5.

In opposition, the Trustee once again fails to address Defendants' argument that Mr. Dubinsky's proposed testimony on the following topics, among others, are wholly irrelevant to this case: MSIL; BLMIS employees; BLMIS's computer systems; BLMIS's purported strategies in the 1970s; the balance sheet test of BLMIS; the capital adequacy test of BLMIS; the ability to pay debts test of BLMIS; and BLMIS's "schtupping" of customer returns. *See* Def. Br. at 1-3. Instead, the Trustee claims that this Court needs Mr. Dubinsky's "aid[]" to "understand[] the decades-long fraud at BLMIS," and makes the meritless argument that Defendants' ability to cross-examine Mr. Dubinsky somehow renders Mr. Dubinsky's irrelevant testimony admissible. Pl. Br. at 8. But, as the Trustee's brief acknowledges, this Court is already familiar with the concept of a Ponzi scheme, and clearly understands the fraud that occurred at BLMIS. *See* Pl. Br. at 5 (citing *Gowan v. Amaranth Advisors LLC (In re Dreier LLP)*, No. 08-15051, 2014 WL 47774 (Bankr. S.D.N.Y. Jan. 3, 2014) (Bernstein, J.)). In addition, Mr. Dubinsky has already testified at his deposition that he did not do any work specific to this case, he did not know if any Defendant had dealings with MSIL, and portions of his Report opine on events in the 1970s— decades before Defendants first opened their BLMIS accounts. *See* Def. Br. at 3, 4 n.2, 5. Thus, far from "aiding this Court," Mr. Dubinsky's proposed irrelevant testimony would only waste time.

Defendants' opening brief also established that Mr. Dubinsky should not be allowed to act "as a narrator of the facts" by providing a "historical commentary" on BLMIS's fraud, *see* Def. Br. at 6. In response, the Trustee does not—because he cannot—offer anything more than a

6

conclusory and baseless argument that Mr. Dubinsky "does not simply describe lay matters, or act as a mere conduit for a factual narrative." Pl. Br. at 12 (internal quotation marks and citation omitted). To the contrary, the Report contains dozens of pages of factual information other than Mr. Dubinsky's "analy[sis of] raw data; reconstruct[ion of] BLMIS's books and records; and . . . analyses to opine on the fraud, Ponzi scheme, and resulting insolvency at BLMIS." Pl. Br. at 11. For example, the entirety of Section V of the Report sets forth the background of BLMIS, including individuals employed at BLMIS and an overview of the computer systems at BLMIS. Section VI(A)(1)(a) of the Report is an almost-20-page section on the convertible arbitrage strategy purportedly employed at BLMIS from the 1970s to the 1990s, *before* Defendants first opened an account and invested with BLMIS. Madoff's use of MSIL to transfer funds out of BLMIS's investment advisory business likewise constitutes an improper factual narrative that is irrelevant to this case. Because the Court can understand such "historical commentary" without Mr. Dubinsky's assistance, his proposed testimony should be excluded. *See, e.g.*, *SEC v. Mudd*, No. 11 CIV. 9202 (PAC), 2016 WL 2593980, at *7 (S.D.N.Y. May 4, 2016) (excluding expert "opinion about market participants' understanding of [Fannie Mae's] business [because it] is not expert testimony; it is mere narration and second-hand knowledge under the guise of claimed expertise").

## Conclusion

For the foregoing reasons and those in their opening brief, Defendants respectfully request that this Court exclude Mr. Dubinsky's Report and testimony in their entirety, and preclude the Trustee from referencing or admitting any BLMIS or MSIL records that do not relate to Defendants.

Dated: New York, New York
June 13, 2017

DECHERT LLP

By: */s/ Neil A. Steiner*
Andrew J. Levander
Neil A. Steiner
Mariel R. Bronen
Daphne T. Ha
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*

NORTON ROSE FULBRIGHT US LLP

By: /s/ *Judith A. Archer*
Judith A. Archer
Sarah O'Connell
David B. Schwartz
1301 Avenue of the Americas
New York, NY 10019-6022
Tel.: (212) 318-3000
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

8