UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PERTAINS TO THE FOLLOWING CASE:

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                              Plaintiff,

              -v-

J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,
ASCOT FUND LTD., GABRIEL CAPITAL
CORPORATION,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Adv. Proc. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Proc. No. 09-1182 (SMB)

### DEFENDANTS' REPLY MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF THEIR MOTION *IN LIMINE*
### TO EXCLUDE TESTIMONY OF MEAGHAN SCHMIDT

NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400
*Attorneys for Ralph C. Dawson, as Receiver
for Defendant Ascot Partners, L.P., and
Ascot Fund Ltd.*

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3500
*Attorneys for Defendants J. Ezra Merkin
and Gabriel Capital Corporation*

62284027.5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ball v. Soundview Composite Ltd. (In re Soundview Elite Ltd.)*,
   543 B.R. 78 (Bankr. S.D.N.Y. 2016) ...................................................................................... 3

*Curtis v. Perkins (In re Int'l Mgmt. Assocs., LLC)*,
   781 F.3d 1262 (11th Cir. 2015) ............................................................................................... 3

*Deutsche Bank A.G. London Branch v. Worldcom Inc. (In re Worldcom, Inc.)*,
   357 B.R. 223 (S.D.N.Y. 2006) ................................................................................................. 5

*John Paul Mitchell Sys. v. Quality Kind Distribs., Inc.*,
   106 F. Supp. 2d 462 (S.D.N.Y. 2000) ..................................................................................... 3

*Lebewohl v. Heart Attack Grill LLC*,
   890 F. Supp. 2d 278 (S.D.N.Y. 2012) ..................................................................................... 4

*U.S. Info. Sys., Inc. v. Int'l Brotherhood of Elec. Workers Local Union No. 3*,
   No. 00 Civ. 4763, 2006 WL 2136249 (S.D.N.Y. Aug. 1, 20016) ........................................ 3, 4

*U.S. v. Brown*,
   688 F.2d 1112 (7th Cir. 1982) ................................................................................................. 4

*U.S. v. Caldwell*,
   776 F.2d 989 (11th Cir. 1985) ................................................................................................. 5

**Rules and Statutes**

Fed. R. Bankr. P. 9017 ................................................................................................................... 1

Fed. R. Evid. 602 ........................................................................................................................... 1

Fed. R. Evid. 901 ..................................................................................................................... 1, 5

Fed. R. Evid. 1006 ......................................................................................................................... 3

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") (collectively, "Merkin Defendants"), Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund") (Ascot Partners and Ascot Fund, together "Ascot" and collectively with the Merkin Defendants, "Defendants"), respectfully submit this Reply Memorandum of Law in further support of their motion *in limine* to exclude the testimony of Meaghan Schmidt as to the authentication of BLMIS books and records, pursuant to Federal Rules of Evidence 602 and 901, made applicable to this proceeding through Federal Rules of Bankruptcy Procedure 9017.

## ARGUMENT

Meaghan Schmidt lacks personal knowledge or any other basis to permit her to authenticate the records of BLMIS, the only topic on which her testimony is offered, making her testimony inadmissible. *See* Def. Br. (Dkt. 341) at 1-2. In opposition to Defendants' motion *in limine* to exclude Ms. Schmidt's testimony, the Trustee appears to be arguing, at least in part, against points Defendants did not raise. The Trustee first asserts that the testimony of Ms. Schmidt is relevant and, therefore, admissible to authenticate BLMIS' books and records. (Trustee Opp. (Dkt. 373) at 2-6)  Defendants do not take issue with the relevance of authentication testimony, but rather that Ms. Schmidt lacks foundation to provide such testimony. The Trustee next argues that, because the parties have agreed to reopen discovery, in part to permit Defendants to depose Ms. Schmidt, there can be no harm to Defendants by permitting this testimony. (*Id*. at 6-7)  Defendants are not arguing that Ms. Schmidt's testimony would cause harm, but rather that – regardless of whether Defendants have an opportunity to take her deposition – her testimony at trial is inadmissible because she lacks sufficient knowledge to testify as to the authenticity of BLMIS books and records. Permitting Defendants to depose Ms.

62284027.5

Schmidt does not cure her lack of knowledge or the defects that make her testimony as to authentication inadmissible.

Notwithstanding the Trustee's assertion that authenticating a piece of evidence is not a particularly high hurdle, Ms. Schmidt cannot meet it. The Trustee asserts that Ms. Schmidt "undertook or supervised the efforts" taken by AlixPartners, LLP, a consulting firm retained by the Trustee, "to secure, inventory and preserve BLMIS's documents." (Trustee Opp. at 4) The Trustee argues that this background gives Ms. Schmidt a sufficient basis to authenticate *every* document allegedly obtained from the offices of BLMIS that the Trustee has identified as a potential trial exhibit. (*Id*. at 4-5) The Trustee does not and cannot contend that Ms. Schmidt collected each of the documents he has proposed as trial exhibits; indeed, he does not even suggest that Ms. Schmidt has ever seen each of the documents he has identified as a potential trial exhibit. Nor does he argue that she can even identify the documents he has proposed as trial exhibits as documents that came from BLMIS. Ms. Schmidt's post hoc involvement falls far short of the personal knowledge required to authenticate these documents.

The cases cited by the Trustee fall into two categories, each of which is inapplicable to the instant action. The first category involves a party challenging the authenticity of documents they themselves produced. That is not the case here. The second involves documents that may be authenticated based on circumstantial evidence, including indicia of authenticity on the face of a document, identification of handwriting, or relationship with other, authenticated, documents. That too is irrelevant here. If the Trustee's proposed exhibits contained sufficient indicia of authenticity to overcome any objection, the Trustee would not need Ms. Schmidt's testimony for authentication purposes. The Trustee cites *no case* where testimony that simply identified that a document apparently came from the offices of a debtor (or other party), without

more, was sufficient to establish authenticity. Because this is the only information Ms. Schmidt offers, her testimony should be excluded.

The Trustee appears to claim that the burden on a Trustee who inherits records from a debtor somehow creates a different evidentiary rule (*id.* at 2), but no case supports that result. In *Curtis v. Perkins (In re Int'l Mgmt. Assocs., LLC)*, 781 F.3d 1262 (11th Cir. 2015), the Court considered whether certain summaries submitted pursuant to Rule 1006 were admissible. *Id.* at 1267. The Court held that the summaries were admissible because the underlying documents were found at the debtor's offices *and* "the information contained in those documents substantially matched the records kept by the financial institutions and clients with which [the debtor] had transacted." *Id*. Here, Ms. Schmidt can testify—if at all—only to the fact that certain documents were apparently found by others at BLMIS's offices. This would not satisfy the standard applied in *In re Int'l Mgmt. Assocs.* and should not allow the Trustee to overcome Defendants' motion.

The documents that Ms. Schmidt has been offered to authenticate were not produced by Defendants, rendering wholly inapplicable many of the cases cited by the Trustee. In *Ball v. Soundview Composite Ltd. (In re Soundview Elite Ltd.)*, 543 B.R. 78 (Bankr. S.D.N.Y. 2016), the challenged documents were produced "from the very people now raising issues as to the documents' authenticity." *Id*. at 101; *see also U.S. Info. Sys., Inc. v. Int'l Brotherhood of Elec. Workers Local Union No. 3,* No. 00 Civ. 4763, 2006 WL 2136249 (S.D.N.Y. Aug. 1, 20016). That is not the case here. Similarly, in *John Paul Mitchell Sys. v. Quality Kind Distribs., Inc.*, 106 F. Supp. 2d 462 (S.D.N.Y. 2000), the Court also rejected a challenge to authenticity holding that "the act of production implicitly authenticated the documents." *Id*. at 472. The documents at issue there had been produced by a custodian of records who later asserted his Fifth

62284027.5                                  - 3 -

Amendment privilege and therefore could not testify to authenticate the documents. *Id*. Here, the Trustee cannot be said to have been the custodian of BLMIS' records at the time they were created and his production of the documents from BLMIS is not his "implicit authentication." *Id*. (citing *U.S. v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982)).

The Trustee also cites several cases holding that a document may be authenticated based on circumstantial evidence, including the appearance or other distinctive characteristics of the document. (Trustee Opp. at 3) If the Trustee's proposed exhibits contain sufficient indicia of authenticity on their face, however, Ms. Schmidt's testimony would be unnecessary. In *U.S. Info. Sys., Inc.*, the court held that minutes of meetings printed on the letterhead of a general contractor, listing the names of team members who attended and those who did not, as well as describing in detail contemporaneous tasks to be completed were sufficiently authenticated as to be admissible. 2006 WL 2136249, at *7. Similarly, in *Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278 (S.D.N.Y. 2012), the court held that a printout from a website was sufficiently authenticated because it contained indicia of reliability, namely, the internet domain address and the date of printout. *Id.* at 298. Notably, courts refuse to authenticate documents that have "no proof that it is what it purports to be." *U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *7 (holding that an undated memorandum not on letterhead and an email could not be authenticated without further testimony). Here, the Trustee offers Ms. Schmidt to authenticate *all* of the documents supposedly obtained from BLMIS's offices. It may be the case that certain of the documents have sufficient indicia of authenticity so as to be admissible without Ms. Schmidt's testimony. Others, however, like the memorandum and email at issue in *U.S. Info. Sys.*, may not. Ms. Schmidt's testimony as to her company's general efforts to locate and preserve documents would

62284027.5                                  - 4 -

not overcome that hurdle. In both circumstances her testimony is either unnecessary or unhelpful, and should not be admitted.

Finally, the Trustee's reliance on *Deutsche Bank A.G. London Branch v. Worldcom Inc. (In re Worldcom, Inc.)*, 357 B.R. 223 (S.D.N.Y. 2006), and *U.S. v. Caldwell,* 776 F.2d 989 (11th Cir. 1985) is unavailing. In *Worldcom,* the court admitted an SEC filing offered through a declaration of an attorney with "personal knowledge that the two-page balance sheet was part of the 102-page document filed with the SEC." *Worldcom,* 357 B.R. at 228. The court described the type of knowledge necessary for authentication, holding that familiarity with the document itself, rather than the underlying events described within the document, was required. *Id*. Similarly, in *Caldwell*, the court held that a document was authenticated by circumstantial evidence, including testimony from individuals who had personal knowledge about the document. *Caldwell,* 776 F.2d at 1002. The circumstantial evidence consisted of testimony from an attorney as to an approximate date when the document was created, admission of authorship of the document prior to the author's death, identification of the handwriting of the author of the document by someone with personal knowledge, and a circumstantial relationship between the document at issue and other documents all of which were admittedly in existence at the relevant time. *Id*. at 1002-1003. Here, Ms. Schmidt has no contemporaneous personal knowledge; at most she may have some knowledge of the fact that documents were collected from BLMIS' offices. This falls well short of the requisite knowledge to demonstrate that a particular document is what its proponent claims. *See id.*; *see also* FED. R. EVID. 901(a). Accordingly, Ms. Schmidt's testimony should be excluded.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants memorandum of law dated April 7, 2017, Defendants respectfully request that the Court grant their motion *in limine* to exclude the testimony of Meaghan Schmidt as to the authentication of BLMIS books and records.

| | |
|---|---|
| Dated: New York, New York<br>June 13, 2017 | NORTON ROSE FULBRIGHT US LLP<br><br>By: /s/ *Judith A. Archer*<br>     Judith A. Archer<br>Sarah E. O'Connell<br>David B. Schwartz<br>1301 Avenue of the Americas<br>New York, New York  10103<br>Tel.: (212) 318-3000<br>Fax: (212) 318-3400<br>judith.archer@nortonrosefulbright.com<br>sarah.oconnell@nortonrosefulbright.com<br>david.schwartz@nortonrosefulbright.com<br><br>*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*<br><br>DECHERT LLP<br><br>By:  /s/ *Neil A. Steiner*<br>     Andrew J. Levander<br>Neil A. Steiner<br>Daphne T. Ha<br>Mariel R. Bronen<br>1095 Avenue of the Americas<br>New York, New York 10036<br>(212) 698-3500<br>andrew.levander@dechert.com<br>neil.steiner@dechert.com<br>daphne.ha@dechert.com<br>mariel.bronen@dechert.com<br><br>*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation* |