UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
In re:                                   :
                                         :
BERNARD L. MADOFF INVESTMENT             :   Adv. Proc. No. 08-01789 (SMB)
SECURITIES LLC,                          :   SIPA LIQUIDATION
                                         :   (Substantively Consolidated)
                        Debtor.          :
---------------------------------------- :
PERTAINS TO THE FOLLOWING CASE:          :
                                         :
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :  Adv. Proc. No. 09-1182 (SMB)
                                         :
                        Plaintiff,       :
            -v-                          :
                                         :
J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,   :
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,   :
ASCOT FUND LTD., GABRIEL CAPITAL         :
CORPORATION,                             :
                                         :
                        Defendants.      :
---------------------------------------- X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION *IN LIMINE* TO EXCLUDE OTHERS' PURPORTED
SUSPICIONS ABOUT MADOFF NOT EXPRESSED TO DEFENDANTS**

NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400
*Attorneys for Ralph C. Dawson, as Receiver
for Defendant Ascot Partners, L.P., and
Ascot Fund Ltd.*

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3500
*Attorneys for Defendants J. Ezra Merkin
and Gabriel Capital Corporation*

62285073.4

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ........................................................................................................................ 1

    I.    THE TRUSTEE CANNOT DEMONSTRATE THAT SUSPICIONS ABOUT MADOFF THAT WERE NOT EXPRESSED TO MERKIN ARE SOMEHOW RELEVANT TO MERKIN'S SUBJECTIVE BELIEF .......... 2

    II.   THE TRUSTEE'S OVERBROAD CHARACTERIZATION OF DEFENDANT'S MOTION DOES NOT ALTER THE FACT THAT IT IS NARROWLY TAILORED TO EXCLUDE IRRELEVANT EVIDENCE THAT CANNOT IMPACT MERKIN'S SUBJECTIVE BELIEF ................................................................................................... 4

CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*,
    No. 08 Civ. 7508 (SAS), 2013 WL 1155420 (S.D.N.Y. Mar. 20, 2013) ................................3

*Baxter Diagnostics, Inc. v. Novatek Med., Inc.*,
    No. 94 Civ. 5220 (AJP), 1998 WL 665138 (S.D.N.Y. Sept. 25, 1998)..................................5

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011)..........................................................................................2, 3

*Picard v. Merkin (In re Bernard L. Madoff Inv. Secs., LLC)*,
    515 B.R. 117 (Bankr. S.D.N.Y. 2014) ..................................................................................2

*SIPC v. Bernard L. Madoff Inv. Secs.*,
    516 B.R. 18 (S.D.N.Y. 2014)................................................................................................2

*U.S. v. Hooper*,
    935 F.2d 484 (2d Cir. 1991) .................................................................................................5

*U.S. v. Jimenez*,
    No. 99 CR 1065 (WHP), 2000 WL 1752849 (S.D.N.Y. Nov. 29, 2000) ...........................3, 5

*U.S. v. Martoma*,
    No. 12 CR 973 (PGG), 2014 WL 31191 (S.D.N.Y. Jan. 6, 2014)..........................................4

*Wechsler v. Hunt Health Sys., Ltd.*,
    381 F. Supp. 2d 135 (S.D.N.Y. 2003)................................................................................4, 5

*Weiss v. La Suisse, Société D'Assurances Sur La Vie*,
    293 F. Supp. 2d 397 (S.D.N.Y. 2003)...................................................................................5

**Rules and Statutes**

FED. R. BANKR. P. 9017 .................................................................................................................1

FED. R. EVID. 401 ...........................................................................................................................1

FED. R. EVID. 403 ...........................................................................................................................1

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") (collectively, "Merkin Defendants"), Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund") (Ascot Partners and Ascot Fund, together "Ascot" and collectively with the Merkin Defendants "Defendants"), respectfully submit this reply Memorandum of Law in further support of their Motion *in Limine* pursuant to Federal Rules of Evidence 401 and 403, as made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9017, to exclude evidence regarding others' purported suspicions of Bernard L. Madoff or Bernard L. Madoff Investment Securities, Inc. ("BLMIS"), that were not expressed to Merkin.

## ARGUMENT

Defendants have moved *in limine* to exclude testimony from any witness as to that witness' suspicion that Madoff was creating fictitious returns or otherwise engaged in fraud or misconduct ***unless those suspicions were allegedly communicated to Merkin***.  This is the only circumstance under which such suspicions would be relevant to the Court's determination of whether Merkin subjectively believed there was a high probability Madoff was engaged in fraud, which has been repeatedly held to be the necessary first element to establish willful blindness. The Trustee mistakenly claims that Defendants seek to exclude the testimony of such witnesses in their entirety.  (Trustee Opp. (Dkt. 374) at 2)  To the contrary, Defendants' motion is narrowly tailored to exclude only evidence that is not relevant under the well-established standard for willful blindness.  Regardless of what suspicions or conclusions others claim to have reached, any information that was not communicated to Merkin simply is not relevant to an inquiry into whether Merkin was willfully blind to Madoff's fraud.[1]  It should be excluded.

---

[1] Such testimony is likely inadmissible hearsay as well.

62285073.4

**I.  THE TRUSTEE CANNOT DEMONSTRATE THAT SUSPICIONS ABOUT MADOFF THAT WERE NOT EXPRESSED TO MERKIN ARE SOMEHOW RELEVANT TO MERKIN'S SUBJECTIVE BELIEF**

Each side agrees that the primary issue at trial is whether Merkin was willfully blind to the fraud perpetrated by Madoff and BLMIS. (*See* Trustee Opp. at 1; Def. Br. (Dkt. 344) at 1) The standard for willful blindness is well established—whether Merkin *subjectively believed* that there was a high probability that Madoff was engaged in a fraud and took deliberate actions to avoid learning of that fact. *See Picard v. Merkin (In re Bernard L. Madoff Inv. Secs., LLC)*, 515 B.R. 117, 139 (Bankr. S.D.N.Y. 2014). This Court and the district court have affirmatively rejected an objective/reasonable person/inquiry notice standard, holding instead that the question of willful blindness is a *subjective* one. *See Picard v. Katz*, 462 B.R. 447, 455 (S.D.N.Y. 2011); *SIPC v. Bernard L. Madoff Inv. Secs.*, 516 B.R. 18, 21 (S.D.N.Y. 2014) (rejecting Trustee's effort "to litigate once again the issue of whether 'good faith' should be judged by a subjective standard of willful blindness or by an objective standard of inquiry notice," and reaffirming prior holding that *subjective standard* of willful blindness applied). In light of this well-established precedent, the Trustee's efforts to argue the relevance of witnesses' suspicions that were not communicated to Merkin, and therefore cannot have impacted his subjective belief, is at best puzzling. The Court should reject the Trustee's thinly veiled attempt to re-litigate the willful blindness standard.

Defendants' motion cited specifically to the depositions of two witnesses that the Trustee has identified as potential trial witnesses, namely ▇▇▇▇▇▇▇▇ and Noreen Harrington, who claimed in their depositions that they suspected that Madoff was operating a Ponzi scheme or other fraud, yet admit they never shared those suspicions with Merkin.[2] (*See* Def. Br. at 2-3)

---

[2]  The Trustee conflates different portions of Ms. Harrington's testimony, citing her statement that she communicated to Merkin certain issues with the lack of transparency at BLMIS. (*See* Trustee Opp. at 8) Because

62285073.4                                          - 2 -

The Trustee argues that Ms. Harrington's and ▬▬▬▬'s "firsthand interactions with Merkin are further relevant to the fact that Merkin (and Defendants) had the very same information, and probative of whether Defendants should have reached the same conclusions [as Harrington and ▬▬▬]." (Trustee Opp. at 9)  This argument reflects a fundamental misunderstanding as to the appropriate standard for willful blindness.  This Court already has recognized that what Merkin "should have known . . . is not the test." (Transcript of Oral Argument on Motions for Summary Judgment, Dkt. 322 at 53:8-9; *see also Katz*, 462 B.R. at 455)  The Trustee's preferred objective standard has been rejected time and again, and should be rejected here too.  That Ms. Harrington, ▬▬▬▬, or any other witness may claim to have concluded that Madoff was engaged in some type of fraudulent activity has absolutely no bearing on Merkin's state of mind *unless those suspicions were communicated to Merkin*.  Evidence as to what Ms. Harrington or ▬▬▬▬ believed but did not communicate to Merkin is irrelevant to a subjective determination of Merkin's beliefs and should be excluded. *See U.S. v. Jimenez*, No. 99 CR 1065 (WHP), 2000 WL 1752849, at *5 (S.D.N.Y. Nov. 29, 2000).[3]  The Trustee's opposition makes clear his intent to disregard the standard for willful blindness, offering up the uncommunicated opinions or conclusions of others in an attempt to demonstrate unfairly that Merkin should have been aware of Madoff's wrongdoing.  (*See, e.g.,* Trustee Opp. at 8-9)  Because what Merkin should have known is not the standard, this evidence is irrelevant,

---

those concerns were allegedly conveyed to Merkin, they are not the subject of this motion. Nor were those portions of Ms. Harrington's testimony identified by Defendants as illustrative of the evidence they sought to exclude. Rather, Defendants seek to exclude evidence that Ms. Harrington believed that BLMIS was "front-running" or that BLMIS' returns were fictitious—statements that Ms. Harrington admits she did **not** communicate to Merkin. (*See* Def. Br. at 2; Declaration of Judith A. Archer dated April 7, 2017 (Dkt. 345) Ex. A at 144:10-145:6; 214:15-18)

[3]     The Trustee does not dispute Defendants' argument that individuals claiming to have "known" through hindsight about Madoff's Ponzi scheme after its exposure, even if that claim was expressed to Merkin, is irrelevant and should be excluded.  (Def. Br. at 3; *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.,* No. 08 Civ. 7508 (SAS), 2013 WL 1155420, at *7 (S.D.N.Y. Mar. 20, 2013))

prejudicial and should be excluded. *See U.S. v. Martoma*, No. 12 CR 973 (PGG), 2014 WL 31191, at *6 (S.D.N.Y. Jan. 6, 2014).

Nor is there merit to the Trustee's argument that because the trial in this case will be a bench trial, the Court somehow has more latitude to admit otherwise prejudicial and irrelevant evidence. (Trustee Opp. at 9) Notably, in his own motions *in limine*, the Trustee has argued the opposite – that *in limine* rulings are "particularly appropriate in bench trials." (*See* Dkt. 332 at 6 (citing *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (noting that motions *in limine* apply with equal force to non-jury portions of trial)). Notwithstanding the Trustee's inconsistent positions, none of the cases he cites supports the proposition that evidence that was not communicated to Merkin somehow could have impacted his state of mind and is therefore admissible.

## II.  THE TRUSTEE'S OVERBROAD CHARACTERIZATION OF DEFENDANT'S MOTION DOES NOT ALTER THE FACT THAT IT IS NARROWLY TAILORED TO EXCLUDE IRRELEVANT EVIDENCE THAT CANNOT IMPACT MERKIN'S SUBJECTIVE BELIEF

Contrary to the Trustee's suggestion, Defendants' requested exclusion is not impermissibly vague or overbroad. To illustrate the testimony they seek to exclude, Defendants cited specifically to the depositions of ▇▇▇▇▇▇▇ and Ms. Harrington who, as set forth above, admit that they never shared their alleged concerns about Madoff with Merkin. (*See* Def. Br. at 2-3) Defendants have specifically identified the evidence sought to be excluded, namely testimony that a witness suspected that Madoff was creating some type of fictitious returns or otherwise engaged in fraud or misconduct but did not express that witness's suspicions to Merkin. This evidence is irrelevant, prejudicial and should be excluded, and that determination can be made prior to trial through resolution of Defendants' motion. Defendants cannot and need not identify every potential witness from whom the Trustee may seek to elicit such

62285073.4                                  - 4 -

irrelevant testimony in order to prevail on their motion. None of the cases cited by the Trustee creates a different standard.

Defendants have identified a narrow category of evidence that should be precluded, namely, evidence of a witness' view of Madoff if that view was not communicated to Merkin. Unlike in *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 150-151 (S.D.N.Y. 2003), Defendants *do* identify evidence they expect to be offered at trial that is ripe for decision on a motion *in limine*.[4] Defendants do not seek the wholesale exclusion of witnesses or testimony (notwithstanding the Trustee's misreading of Defendants' motion), merely the exclusion of testimony about suspicions regarding Madoff and BLMIS that were not communicated to Merkin and therefore are not relevant to Merkin's state of mind or subjective belief. This case is therefore readily distinguishable from *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220 (AJP), 1998 WL 665138 (S.D.N.Y. Sept. 25, 1998), relied on by the Trustee. In *Baxter*, the defendant sought to exclude all evidence of plaintiff's financial condition, evidence that may have been admissible in some contexts. *Id.* at *3. Unlike in *Baxter,* there is no need to wait for trial to view the factual context—evidence as to a witness' suspicion that Madoff was operating a Ponzi scheme, generating fictitious returns, or otherwise engaged in fraud or misconduct cannot be relevant for *any* purpose unless those views were expressed to Merkin, potentially impacting his subjective belief. *See Jimenez*, 2000 WL 1752849, at *5 (excluding as irrelevant evidence of unconveyed subjective intentions); *U.S. v. Hooper*, 935 F.2d 484, 491 (2d Cir. 1991) (same).

---

[4] Unlike in *Weiss v. La Suisse, Société D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 407-408 (S.D.N.Y. 2003), Defendants identify specific testimony that should be excluded. (*See* Def. Br. at 2-3)

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' moving brief, Defendants respectfully request that the Court grant this motion *in limine* to exclude any evidence regarding suspicions that Madoff or BLMIS was operating a Ponzi scheme or some type of fraud if that suspicion was not communicated to Merkin.

Dated: New York, New York
June 13, 2017

NORTON ROSE FULBRIGHT US LLP

By: /s/ *Judith A. Archer*
     Judith A. Archer
Sarah E. O'Connell
David B. Schwartz
1301 Avenue of the Americas
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

DECHERT LLP

By: /s/ *Neil A. Steiner*
     Andrew J. Levander
Neil A. Steiner
Daphne T. Ha
Mariel R. Bronen
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com
daphne.ha@dechert.com
mariel.bronen@dechert.com

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*