UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                         Debtor.

Adv. Proc. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - 

PERTAINS TO THE FOLLOWING CASE:

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                         Plaintiff,

           -v-

J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,
ASCOT FUND LTD., GABRIEL CAPITAL
CORPORATION,

                         Defendants.

Adv. Proc. No. 09-1182 (SMB)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN
# FURTHER SUPPORT OF THEIR MOTION *IN LIMINE*
# TO EXCLUDE THE EXPERT TESTIMONY OF AMY B. HIRSCH

NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400
*Attorneys for Ralph C. Dawson, as Receiver
for Defendant Ascot Partners, L.P., and
Ascot Fund Ltd.*

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Tel.: (212) 698-3500
*Attorneys for Defendants J. Ezra Merkin
and Gabriel Capital Corporation*

62286223.6

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    I.    THE TRUSTEE FAILS TO ESTABLISH MS. HIRSCH'S TESTIMONY IS RELEVANT OR THAT IT SHOULD NOT BE EXCLUDED BECAUSE ANY PROBATIVE VALUE IS OUTWEIGHED BY A DANGER OF UNFAIR PREJUDICE, UNDUE DELAY, AND WASTE OF TIME ................................................................................................ 2

    II.    THE TRUSTEE FAILS TO ESTABLISH MS. HIRSCH'S TESTIMONY IS RELIABLE ........................................................................................................ 5

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*,
    No. 07 Civ. 7998, 2008 WL 3919186 (S.D.N.Y. Aug. 25, 2008) ............................................. 6

*Giles v. Rhodes*,
    No. 94 Civ. 6385, 2000 WL 1425046 (S.D.N.Y. Sept. 27, 2000) ............................................. 3

*Henkel v. Wagner*,
    No. 12-cv-4098, 2016 WL 1271062 (S.D.N.Y. Mar. 29, 2016) ................................................ 7

**Rules and Statutes**

Fed. R. Bankr. P. 9017 ............................................................................................................... 1

Fed. R. Civ. P. 26 .................................................................................................................. 4, 5

Fed. R. Evid. 401 ....................................................................................................................... 1

Fed. R. Evid. 403 ....................................................................................................................... 1

Fed. R. Evid. 702 .................................................................................................................. 1, 3

**Other Authorities**

29 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure
    Evidence* § 6274 n.50 (2d ed. 2017) ....................................................................................... 4

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") (collectively, "Merkin Defendants"), and Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Defendant Ascot Fund Limited ("Ascot Fund") (Ascot Partners and Ascot Fund, together "Ascot" and collectively with the Merkin Defendants, "Defendants"), respectfully submit this Reply Memorandum of Law in further support of their motion *in limine* to exclude the expert testimony of Amy B. Hirsch pursuant to Federal Rules of Evidence 401, 403, and 702, made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9017.

## **PRELIMINARY STATEMENT**

Defendants seek to exclude Ms. Hirsch's opinion and testimony with respect to industry standards for transfer of assets between hedge funds and the propriety of such transfer between Ascot Partners, Ariel Fund Ltd ("Ariel Fund") and Gabriel Capital, L.P. ("Gabriel Capital"). Such testimony is not relevant to the claims that remain or any of the issues to be tried in this case and is offered for an improper purpose. Unable to establish that testimony on whether Defendants comingled assets without proper documentation is relevant, the Trustee fundamentally recharacterizes her testimony claiming it is relevant to due diligence of BLMIS, ignoring Ms. Hirsch's admission that she had not offered and did not intend to offer any opinion on due diligence. The Trustee also tries to justify Ms. Hirsch's testimony by mischaracterizing her as a rebuttal expert but she is not, and even if she were, it would not render her testimony relevant. Because the Trustee has failed to establish the relevance of Ms. Hirsch's testimony, it should be excluded.

Her testimony should also be excluded as unreliable. Ms. Hirsch lacks experience relevant to the opinions offered and she failed to review or examine essential documents contradicting her conclusion. Particularly troubling is that her opinions are based on and clouded

62286223.6                                                          1

by what she perceived as a negative interaction with GCC and Ariel Fund more than two decades ago. For these reasons, the Court should exclude Ms. Hirsch's expert testimony in its entirety.

## ARGUMENT

### I. THE TRUSTEE FAILS TO ESTABLISH MS. HIRSCH'S TESTIMONY IS RELEVANT OR THAT IT SHOULD NOT BE EXCLUDED BECAUSE ANY PROBATIVE VALUE IS OUTWEIGHED BY A DANGER OF UNFAIR PREJUDICE, UNDUE DELAY, AND WASTE OF TIME

The Trustee has failed to meet his burden of establishing that Ms. Hirsch's testimony is admissible. He argues that her opinions are relevant to Defendants' due diligence of BLMIS (and therefore the issue of willful blindness) and that she is properly proffered as a rebuttal to the expert opinion of Defendants' expert Jeffrey Weingarten. (Trustee Opp. at 6-10) Both arguments are unavailing; her opinions have no relevance to the claims or issues to be tried in this case and she is not a rebuttal expert.

Ms. Hirsch purported to provide expert opinions on industry standards for the transfer of fund assets between hedge funds and the propriety of certain transfers between Ascot Partners, Ascot Fund, Gabriel Capital, Ariel Fund, and/or GCC. (Hirsch Rep. at 1)[1] She opines that such transfers were improper because they resulted in comingling assets without proper documentation, allegedly giving rise to various risks for the funds' investors. (*Id.* at 3-4) Her opinions do not bear on the only claims remaining in this case: avoidance and recovery of initial and subsequent fraudulent transfers, general partner liability, and equitable subordination. There is no claim for fund mismanagement or violation of the terms of the fund documents or any other claim as to which Ms. Hirsch's opinions would aid the Court.

---

[1] The Expert Report of Amy B. Hirsch dated March 20, 2015 ("Hirsch Rep.") is attached as Exhibit A to the Declaration of Judith A. Archer in Support of Defendants' Motion *in Limine* to Exclude or Limit the Testimony of Amy B. Hirsch, dated April 7, 2017, Dkt. No 348 ("Archer Decl."). Excerpts from the Transcript of Ms. Hirsch's deposition ("Hirsch Tr.") are attached as Exhibit B to the Archer Decl.

The Trustee attempts to recharacterize Ms. Hirsch's opinions as relating only to due diligence of BLMIS and, specifically, whether BLMIS satisfied Merkin fund redemption requests. But these opinions have nothing to do with the adequacy of Merkin's due diligence of BLMIS. In fact, Ms. Hirsch conceded in her deposition that she was not offering any opinion on due diligence. (Hirsch Tr. at 34:5-37:16) The words "due diligence" do not appear anywhere in her description of the opinions she was asked to provide (*see* Hirsch Rep. at 1) or her statement of those opinions in her report (*id.* at 2-4). Ms. Hirsch's testimony will not assist the Court in determining whether Merkin was willfully blind or any other issue remaining and should be excluded. *See, e.g.*, *Giles v. Rhodes*, No. 94 Civ. 6385, 2000 WL 1425046, at *4 (S.D.N.Y. Sept. 27, 2000) ("An irrelevant expert report, like any irrelevant testimony, is not admissible.").

The Trustee's Opposition makes clear that he intends to offer Ms. Hirsch for an entirely different purpose than specified in her report. He ignores all but a handful of the 129 paragraphs in her 53-page report and focuses only on references to certain inter-fund transfers, which are incidental to her opinions as to Defendants' purported comingling of assets without proper documentation. (Trustee Opp. at 7-9) Inter-fund transfers between the Defendants that purportedly show such alleged comingling are irrelevant to the undisputed fact that BLMIS never refused a redemption request from any Merkin fund. In fact, the parties have stipulated to the facts of the numerous transfers from BLMIS to Ascot, including for redemption purposes.

Even if such inter-fund transfers themselves were relevant, Ms. Hirsch's opinions as to the propriety of Defendants' documentation of such transfers and the resulting risks to the funds' investors are not. *See* Fed. R. Evid. 702 (Expert testimony is relevant only if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue."). The fact that the Trustee ignores those opinions reduces her testimony to nothing more than inadmissible

and duplicative "factual recitation" of documentary evidence and information from other expert reports. (Trustee Opp.. at 9)  If the Trustee wishes to raise issues of transfers between Ascot, Gabriel Capital and Ariel Fund at trial, he may attempt to do so with evidence of such transfers. He should not be permitted to proffer a purported expert to recount these facts to the Court under a wholly irrelevant theory.

The Trustee argues that such factual recitation is necessary to lay the foundation for Ms. Hirsch's opinions, but her opinions as to industry standards for the transfer of assets between hedge funds and the propriety of Defendants' transfers are, as shown above, irrelevant.  The Trustee also asserts that "'experts can base opinions on the opinions of others.'"  (*Id.* at 10 (quoting 29 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Evidence* § 6274 n.50 (2d ed. 2017)))  The issue is not whether Ms. Hirsch may base her opinions on another expert's report, but rather that the portions of her report that the Trustee claims are relevant *are not opinions* at all.  They are merely factual information taken from another expert's report. (*See, e.g., Id.* at 8 n.13-17 (citing Hirsch's Report citing another expert's report))  Because Ms. Hirsch's purported expert opinions will not assist the Court in evaluating any element of the remaining claims and any issue at trial, they should be excluded.

To salvage Ms. Hirsch's testimony, the Trustee also argues that she is a rebuttal expert whose testimony "'is intended solely to contradict or rebut evidence on the same subject matter'" submitted in another party's expert report.  (*Id.* at 6 (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)))  Specifically, the Trustee argues that her opinion was offered to rebut the expert opinion of Defendants' expert Jeffrey Weingarten.  (*Id.* at 2, 7)  This assertion is both factually and logically incorrect.  Ms. Hirsch's report was not offered under Rule 26(a)(2)(D)(ii) to rebut Mr.

Weingarten's report; the reports were served simultaneously.[2] Thus, Rule 26(a)(2)(D)(ii) and the authorities relied on by the Trustee thereunder are entirely inapplicable. (*See id.* at 6-7) Even were the Court to construe Ms. Hirsch's contemporaneous report as a rebuttal to Mr. Weingarten, her testimony cannot plausibly be construed as addressing the same subject matter as Mr. Weingarten. Mr. Weingarten provides an opinion on the adequacy of Merkin and GCC's "due diligence" on Madoff and BLMIS, whereas, as addressed above, Ms. Hirsch has confirmed she offers no opinion as to due diligence. (Weingarten Initial Rep. at 2)[3]

Even if Ms. Hirsch's testimony were relevant, it should nevertheless be excluded because it is being proffered for an improper purpose—to convince the Court that if Defendants' transfers were allegedly improper, they are more likely to have been willfully blind. Any minimal probative value is substantially outweighed by a danger of unfair prejudice, undue delay, and waste of time. (Def. Br. at 6-8) The Trustee ignores this argument in its entirety.

## II. THE TRUSTEE FAILS TO ESTABLISH MS. HIRSCH'S TESTIMONY IS RELIABLE

The Trustee argues that Ms. Hirsch's testimony is reliable (*see* Trustee Opp. at 4-6, 10), despite the fact that her experience is not relevant to the opinions she is offering, she failed to review or examine essential documents, and both her experience and opinion are based on and infected by her perception of a previous interaction with GCC and Ariel Fund more than two decades ago.

The Trustee attempts to wish away Ms. Hirsch's lack of relevant experience by incorrectly asserting that "Defendants do not dispute Ms. Hirsch's qualifications." (*Id.* at 4). On

---

[2] Mr. Weingarten's report, dated March 19. 2015, and Ms. Hirsch's report, dated March 20, 2015, were both served on March 20, 2015, pursuant to the Ninth Amended Case Management Order, Dkt. No. 264.
[3] The Expert Report of Jeffrey M. Weingarten dated March 19, 2015 ("Weingarten Initial Rep.") is attached as Exhibit 5 to the Declaration of Lan Hoang in Support of Trustee's Motions *in limine* Numbers 1-4 dated April 7, 2017, Dkt. No 337 ("Hoang Decl.").

62286223.6                                        - 5 -

the contrary, while Defendants acknowledged that Ms. Hirsch had experience related to conducting due diligence (Def. Br. at 9 (citing Hirsch Tr. at 39:20-44:8; Hirsch Rep. ¶¶ 1-5 & App. 2)), she admittedly offers no opinion on due diligence (*see* Hirsch Tr. at 34:5-37:16). Ms. Hirsch's opinion addresses the documentation a fund should maintain regarding inter-fund transfers and whether Defendants acted in accordance with that purported standard. The Trustee apparently misreads Ms. Hirsch's report in asserting that her experience includes "19 years spent managing a hedge fund, managing a fund-of-funds with assets at or near $1 billion, and advising institutional investors." (Trustee Opp. at 4 (citing Hirsch Rep. ¶¶ 1-2)) The cited paragraph of Ms. Hirsch's report states plainly that she has "19 years of experience managing a hedge fund/alternative investment *consultancy firm* known for its extensive *due diligence* expertise and work, and monitoring of funds." (Hirsch Rep. ¶ 1 (emphasis added)) Again, this is not the area on which she offers an opinion.

The Trustee wrongly asserts that any issue related to the documents considered or ignored by Ms. Hirsch in forming her opinion do not justify the exclusion of her testimony. (Trustee Opp. at 10) Ms. Hirsch's selective review of essential documents, skewing her findings, necessitates the exclusion of her testimony. *See Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07 Civ. 7998, 2008 WL 3919186, at *5 (S.D.N.Y. Aug. 25, 2008) (excluding expert testimony that had no objective methodology or reasoning and relied on "selective information that skewed her findings"). Ms. Hirsch opines that Defendants maintained deficient booking and transfer documentation, yet she failed to review or examine the documents containing just such documentation, namely, the capital activity spreadsheets in which GCC's CFO documented the Ascot investor redemptions and contributions that formed the basis for BLMIS inter-fund transfers. (Hirsch Rep. at App. 3) The Trustee relies on *Henkel*

to argue that this issue is best left for cross-examination at trial (*see* Trustee Opp. at 10), but in *Henkel* the Court separately found that the expert had "based his report on sufficiently reliable information to survive a motion to preclude." *Henkel v. Wagner*, No. 12-cv-4098, 2016 WL 1271062, at *11 (S.D.N.Y. Mar. 29, 2016). Here, Ms. Hirsch opines on Defendants' *lack of documentation*, thus her failure to examine the very documentary evidence she claims is lacking necessitates exclusion of her expert testimony.

Finally, the Trustee argues without basis that Ms. Hirsch's personal experience with Defendants prior to her retention does not impact her reliability. (Trustee Opp. at 4-6) Ms. Hirsch's testimony is unreliable because (i) she bases her expertise on personal experience with certain Defendants decades before being retained as an expert, and (ii) in reaching her opinion, she relies on information she received and opinions formed during that personal experience. The Trustee concedes these facts. (*See id.* at 4 ("Ms. Hirsch attempted to perform due diligence on GCC and Ariel Fund in 1995."); *id.* ("Ms. Hirsch's expertise is based on the entirety of her professional experience, *including her previous firsthand experience with Merkin and Ariel Fund*.") (emphasis added)) He tries to normalize this atypical situation by relying on authorities that generally indicate that an expert witness's expertise can be based on experience. (*Id.* at 4-5) None of the authorities cited by the Trustee involve a circumstance where an expert had and relies upon personal experience with the opposing party *prior* to being retained as an expert. Ms. Hirsch's testimony is inherently unreliable because her opinions are tainted by her experience with several of Defendants decades ago on the very same subject matter that the Trustee purports to be offering her testimony. Because Ms. Hirsch's testimony is unreliable, it should be excluded.

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in Defendants' memorandum of law dated April 7, 2017, Defendants respectfully request that the Court grant their motion *in limine* to exclude the expert testimony of Amy Hirsch as irrelevant, outweighed by the danger of undue delay, waste of time, and prejudice, and unreliable pursuant to Rules 401, 403, and 702 of the Federal Rules of Evidence.

Dated:  New York, New York
         June 13, 2017

NORTON ROSE FULBRIGHT US LLP

By:     /s/ *Judith A. Archer*
         Judith A. Archer
Sarah E. O'Connell
David B. Schwartz
1301 Avenue of the Americas
New York, New York  10103
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

DECHERT LLP

By:     /s/ *Neil A. Steiner*
         Andrew J. Levander
Neil A. Steiner
Daphne T. Ha
Mariel R. Bronen
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com
daphne.ha@dechert.com
mariel.bronen@dechert.com

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*