**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Robert S. Loigman
Rex Lee
Lindsay M. Weber
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

*Counsel to Joint Liquidators of Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-1161 (SMB) |

**KINGATE FUNDS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR LEAVE TO AMEND THEIR ANSWER**

The Joint Liquidators for defendants Kingate Global Fund Limited ("Kingate Global") and Kingate Euro Fund Limited ("Kingate Euro" and, together with Kingate Global, the "Kingate Funds" or "Funds") respectfully submit this memorandum of law in support of their Motion, pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure and Rule 15 of the Federal Rules of Civil Procedure, to file an Amended Answer (the "Amended Answer") to the Fourth Amended Complaint filed by plaintiff Irving Picard (the "Trustee").

## PRELIMINARY STATEMENT

This is the Kingate Funds' first motion for leave to amend their answer under Federal Rule of Bankruptcy Procedure 15(a). In particular, the Funds seek leave to amend their answer to add a single affirmative defense: that the Trustee's claims are barred by 11 U.S.C. § 546(g) as to transfers from BLMIS to the Funds that were made by, to, or for the benefit of a swap participant or financial participant under or in connection with a swap agreement. As document discovery has shown, the Kingate Funds—and Kingate Euro in particular—engaged in regular foreign exchange transactions as part of their ordinary investing activities, thus making the defense applicable to the Trustee's avoidance claims.

The Funds' Motion should be granted. First, the Trustee does not oppose it. Second, the *Foman* factors for amendment are more than satisfied here. This Motion comes over five months before the end of fact discovery, and more than a year before the close of all discovery in the case. The parties are still conducting document discovery and depositions have not even begun. In light of this, granting the Motion will not cause any delay to the schedule, and the Trustee will not be prejudiced in any way. And, while the Trustee will be free to contest the ultimate applicability of section 546(g), Kingate Euro's participation in swap transactions and use of withdrawals from BLMIS to make payments in connection with those transactions means that, at a minimum, the

2

additional affirmative defense is colorable. The proposed amendment cannot be said to be futile at this stage.

For the reasons set forth here, there is no reason to depart from the usual rule that leave to amend "should freely" be given.

## BACKGROUND

On April 17, 2009, the Trustee brought this adversary proceeding against the Kingate Funds and other defendants. *See* Trustee's Complaint (ECF No. 1). The Trustee amended his complaint on May 8, 2009 (ECF No. 5), July 13, 2009 (ECF No. 11-3), June 8, 2011 (ECF No. 32), and March 17, 2014 (ECF No. 100). Currently discovery is ongoing between the parties. Under the procedures set forth in the Case Management Report (ECF No. 284), depositions are scheduled to take place through November 30, 2017. Expert discovery will follow and conclude at the end of August 2018. Trial dates have not yet been scheduled.

The Kingate Funds moved to dismiss the Trustee's Fourth Amended Complaint on July 18, 2014 (ECF No. 111), and that motion was largely denied on August 21, 2015 (ECF No. 200). The Kingate Funds accordingly filed their answer on September 30, 2015 (ECF No. 211). This is the Kingate Funds' first motion seeking leave to amend that answer. The proposed amendment is limited, and seeks only to add an affirmative defense based on 11 U.S.C. § 546(g) as to transfers from BLMIS to the Funds that were made by, to, or for the benefit of a swap participant or financial participant under or in connection with a swap agreement. A copy of the proposed Amended Answer is attached as Exhibit A to the supporting declaration of Robert S. Loigman. The Amended Answer is substantially the same as the Funds' original answer, except that the Amended Answer adds the sixteenth affirmative defense.

Before filing this Motion, the Funds requested the Trustee's consent to the amendment. Although the Trustee does not consent to filing of the amendment, he has confirmed to the Funds that he does not object to this Motion.

## ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by "leave of court" and that amendments to pleadings should be freely allowed "when justice so requires." FRCP 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In *Foman*, the Supreme Court explained that leave to amend should rarely be denied. It explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182. Under this flexible standard, the Funds' Motion should be granted.

### I. THE TRUSTEE WILL NOT BE PREJUDICED BY THE FUNDS' PROPOSED AMENDMENT

Leave should be granted because the amendment will cause no prejudice to the Trustee. The proposed amendment would not inject any unfamiliar theories into the case and the core factual issues will remain the same. *See Spratt v. Verizon Communications Inc.*, 2012 WL 6629102, at * (S.D.N.Y. Dec. 20, 2012) (granting leave to amend to assert a new claim because the substance of those claims parallel those presently asserted); *Spanierman Gallery, PSP v. Love*, 320 F. Supp. 2d 108, 113 (S.D.N.Y. 2004) (amendment permitted, in part, because "the new facts

4

alleged involve[d] the same basic premise as the original complaint"). This is so because the proposed amendment seeks to add a single affirmative defense: that the Trustee's claims are barred by 11 U.S.C. § 546(g) to the extent that they seek to recover transfers that were made by, to, or for the benefit of a swap participant or financial participant under or in connection with a swap agreement. In the operative answer, the Kingate Funds already have asserted other affirmative defenses based on the safe harbor provisions set forth in 11 U.S.C. § 546. *See* Answer to Amended Complaint (ECF No. 211). Moreover, the documents on which the Funds intend to rely already have been produced to the Trustee.

Discovery is also still ongoing and is far from complete. Depositions have not yet started, and fact discovery is not scheduled to be completed until November 30, 2017. *See* Amended Case Management Order (ECF No. 284). As a result, the Trustee has ample time to develop any legal theories it intends to present in connection with the additional defense.

## II. THERE IS NO UNDUE DELAY AND THE FUNDS HAVE NOT SOUGHT TO REPEATEDLY AMEND

There has not been any undue delay or bad faith. Nor has there been a repeated failure to cure deficiencies through serial amendments, as this is the Funds' first motion to amend.[1] Rather, the Funds have acted promptly in seeking leave. The Funds are not attempting to surprise the Trustee with a new legal theory or to deprive the Trustee of the opportunity to develop arguments with respect to the added affirmative defense. Indeed, the Trustee will have ample time to take additional fact discovery (if any is needed) and will be able to take whatever depositions, which

---

[1] Even if the amendment were to create delay—which it would not—delay on its own would not be sufficient to deny leave to amend; rather there also has to be bad faith or prejudice, which as shown above is not present. *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.").

5

have not yet begun in this proceeding, that he deems necessary. *See* Amended Case Management Order (ECF No. 284).

### III.   THE FUNDS' PROPOSED AMENDMENT IS NOT FUTILE

"Futility generally turns on whether the proposed amended pleading states a viable claim. Thus, if the proposed new pleading could survive a Rule 12 dismissal motion, it will generally not be deemed futile." *Ellan Corp. v. Dongkwang Int'l Co.*, 2010 WL 1379782, at *4 (S.D.N.Y. Apr. 2, 2010); *see also Xpressions Footwear Corp. v. Peters*, 1995 WL 758761, at *3 (S.D.N.Y. Dec. 22, 1995) (amendment to add an affirmative defense is not futile where affirmative defense is "viable"). In that sense, "[f]utility . . . is a minimal standard to overcome—perhaps the lowest bar." *Innomed Labs, LLC v. Alza Corp.*, 2002 WL 1628943, at *2 (S.D.N.Y. July 23, 2002). In determining whether an amendment would be futile, "the court need not finally determine the merits of the proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous." *Id.* (quoting *Sumitomo Electric Research Triangle v. Corning Glass Works*, 109 F.R.D. 627, 628 (S.D.N.Y. 1986)).

Here, the Funds' proposed amendments are not futile. The Trustee alleges that the Funds received over $800 million in fraudulent transfers. *See* Fourth Amended Complaint (ECF No. 100). Yet, as part of their securities investing, the Funds—and Kingate Euro specifically—engaged in regular foreign exchange swap transactions covered by section 546(g), the purpose of which "is to protect securities markets from the disruptive effects that unwinding such transactions would inevitably create." *Whyte v. Barclays Bank PLC*, 494 B.R. 196, 200 (S.D.N.Y. 2013). On the basis of documentary evidence, including bank account statements and contemporaneous correspondence, certain transfers alleged to be fraudulent by the Trustee were in fact made by, to, or for the benefit of a swap participant or financial participant under or in connection with a swap agreement. Congress plainly "intended to place swap transactions totally beyond the inherently

6

destabilizing effects of a bankruptcy and its attendant litigation." *Id.* Here, the Funds' proffered affirmative defense is consistent with Congress' intent and therefore is not "frivolous."

## CONCLUSION

The Court should grant the Funds' Motion for leave to file an Amended Answer.

Dated: New York, New York
June 14, 2017

> **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
>
> */s/ Robert S. Loigman*
> Susheel Kirpalani
> Robert S. Loigman
> Rex Lee
> Lindsay Weber
>
> 51 Madison Avenue, 22nd Floor
> New York, New York 10010
> Telephone No.: (212) 849-7000
>
> *Counsel to Joint Liquidators of Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.*