| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | Hearing Date: June 28, 2017 at 10:00 a.m.<br>Response Due: June 21, 2017 at 5:00 p.m. |

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>Robert Roman,<br><br>                Defendant. | Adv. Pro. No. 10-04292 (SMB) |

**TRUSTEE'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY**
**PURSUANT TO FED. R. BANKR. P. 7037(a)(3)(B)**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................................1

RELEVANT BACKGROUND ................................................................................................................3

    THE COURT SHOULD COMPEL PRODUCTION OF THE SIX SPECIFIC
    COMMUNICATIONS DEFENDANT EXCHANGED WITH MADOFF .........................4

        A.     The Requested Materials are Relevant and Discoverable under Fed. R.
             Civ. P. 26...........................................................................................................5

        B.     The Requested Communications are Not Entitled to Work Product
             Protection .........................................................................................................6

            1.     Communications Sent By Madoff to Defendant Cannot Constitute
                   Work Product ...................................................................................6

            2.     Defendant Waived The Work Product Privilege Over
                   Communications He Sent To Madoff...............................................7

CONCLUSION......................................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Grand Jury Proceedings*,
219 F.3d 175 (2d Cir. 2000) ..................................................................................................10

*Medinol, Ltd. v. Boston Scientific Corp.*,
214 F.R.D. 113 (S.D.N.Y. 2002) ......................................................................................10, 12

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
293 F.R.D. 568 (S.D.N.Y. 2013) ............................................................................................9

*Ricoh Co., Ltd. V. Aeroflex Inc.*,
219 F.R.D. 66 (S.D.N.Y. 2003) .............................................................................9, 10, 11, 12

*SEC v. Gupta*,
281 F.R.D. 169 (S.D.N.Y. 2012) .......................................................................10, 11, 12, 13

*Verschoth v. Time Warner, Inc.*,
No. 00 Civ. 1193(AGS), 2001 WL 546630 (S.D.N.Y. May 22, 2001) ..................................10

**Statutes**

Securities Investor Protection Act, 15 U.S.C. §§ 78aaa ................................................................4

**Rules**

Fed. R. Civ. P. 26 ..........................................................................................................5, 8, 9, 12

Fed. R. Civ. P. 26(b)(1) ..................................................................................................................8

Fed. R. Civ. P. 26(b)(3) ...........................................................................................................9, 12

Fed. R. Civ. P. 34 ..........................................................................................................................7

Fed. R. Civ. P. 37 (a)(3)(B)(iv) ......................................................................................................7

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, hereby submits this memorandum of law in support of his motion to compel discovery (the "Motion").

## PRELIMINARY STATEMENT

The Trustee seeks an order of this Court compelling production of six specific communications exchanged between defendant Robert Roman ("Defendant") and Madoff, which Defendant is improperly withholding on the basis of the work product privilege. Originally requested in the Trustee's discovery requests, Defendant subsequently identified these communications during his deposition but was precluded by defense counsel from answering any questions into the substance of those communications or producing the communications themselves—notwithstanding the fact that Madoff is a disinterested third party to whom the privilege does not extend.

Deeming the mastermind of a decades-long Ponzi scheme a credible and reliable fact witness, Chaitman LLP has spearheaded a case-wide effort to make Madoff's testimony central to the ongoing challenges to the fraud, using Defendant's relationship to Madoff to communicate with him in prison. As the principal fact witness for dozens of defendants, Madoff's ongoing deposition testimony will likely comprise the primary evidence these defendants will offer to dispute certain aspects of the BLMIS Ponzi scheme, including when it began. As the Court is aware, Madoff has been deposed over the course of three days at defense counsel's request, and is likely to be deposed for at least one additional day.

Given Defendants' reliance on Madoff's testimony, the Trustee's request for specific communications exchanged between Defendant and Madoff is entirely appropriate. These

communications are discoverable under Fed. R. Civ. P. 26 because any representations by Madoff concerning BLMIS are relevant to the nature of the fraud, and the communications themselves may raise legitimate questions concerning the credibility of his ongoing testimony.

Defendant asserts work product objections in order to shield these plainly relevant materials from discovery. But Defendant is not entitled to invoke the privilege over communications he deliberately sent to and received from Madoff, which is all the Trustee seeks here. Madoff is an ordinary third-party witness and has no common interests with Defendant at all—apart from the familial connection that only serves to reinforce Madoff's credibility shortfall and makes this discovery all the more critical. Under relevant case law: (i) communications prepared and sent by a third-party witness fall outside the scope of what the privilege protects, and (ii) communications that are sent by a party to a third-party witness—even if they contain work product—effectuate a waiver of the privilege. Because each of the six communications at issue fall into one of these two categories, the applicable case law resolves the issue in favor of the Trustee.

While the letters sent by Madoff to Defendant fall outside the scope of the privilege, the Trustee cannot take a position on whether the letters sent by Defendant actually constitute work product, given Defendant has not produced a privilege log. But it does not matter: regardless of the contents of the communications, Defendant and/or his counsel have waived any privilege over them by deliberately, affirmatively, and selectively sharing them with Madoff. The Court need not inquire any further into the nature of these documents because, under the relevant case law, any documents shared with or by Madoff cannot possibly be entitled to the privilege.

The Trustee therefore respectfully requests that the Court grant the Motion in its entirety.

2

**RELEVANT BACKGROUND**

The Trustee filed the complaint against Defendant on November 26, 2010. (ECF No. 1). Defendant Robert Roman is married to Joan Roman, who is Ruth Madoff's sister and a defendant in a separate adversary proceeding. Defendant filed an answer to the complaint on August 13, 2015. (ECF No. 51).

On June 15, 2016, Madoff was deposed in connection with the limited issues raised in the profit withdrawal litigation. During that deposition, Madoff stated that he communicated with Defendant regarding matters related to BLMIS and the fraud. *See* Transcript of June 15, 2016 Deposition at pages 89-90 and 94.

Not long after the first Madoff deposition, on July 7, 2016, defense counsel filed a motion in dozens of adversary proceedings, including this one, requesting the authorization of a second Madoff deposition. (ECF No. 13603-05). Consistent with subsequent instructions received by the Court, the Trustee filed a notice to all good faith adversary proceeding defendants establishing a deadline to file requests to participate in the second deposition. (ECF No. 13786, Case No. 08-01789). On September 29, 2016, after further briefing and hearings, the Court entered an order authorizing the second deposition of Bernard L. Madoff on certain limited issues relating to the start-date of the BLMIS Ponzi scheme. (ECF No. 14213, Case No. 08-01789).

The Trustee served the Requests at issue on October 19, 2016. The Requests seek the identification and production of "[a]ll Communications between [Defendant] or [his counsel] and Bernard L. Madoff for the time period December 11, 2008 through the present," as well as all documents concerning these communications. *See* Declaration of Maximillian S. Shifrin ("Shifrin Decl."), Exhibits A and B, Request for Production Nos. 21 and 22, Interrogatory No.

3

20. Defendant served Responses on December 19, 2016, objecting to the Requests on the basis of work product and attorney/client privilege. *See* Shifrin Decl., Exhibits C and D.

The Trustee filed a letter requesting a conference pursuant to Local Rule 7007-1 on January 20, 2017. (ECF No. 83). Defendant filed an opposition letter on February 1, 2017, objecting on work product and relevance grounds. (ECF No. 86). At a conference on February 7, 2017, the Court authorized the Trustee to file the instant Motion.

Defendant was subsequently deposed on May 17, 2017. During the deposition, Defendant identified six written communications exchanged between Defendant and Madoff, but refused to answer any questions as to the substance of those communications based on the work product privilege. *See* Shifrin Decl., Exhibit E, Transcript of May 17, 2017 Deposition of Defendant at pp. 55-57, 59-62. Defendant testified that these communications included three letters sent by Defendant to Madoff and three letters sent by Madoff to Defendant. *Id*. at pp. 55-56. In addition to instructing Defendant not to respond to any questions addressing the substance of those communications, defense counsel reiterated her objection to producing the communications themselves. *Id*. at pp. 56-57, 61-62.

## ARGUMENT

### THE COURT SHOULD COMPEL PRODUCTION OF THE SIX SPECIFIC COMMUNICATIONS DEFENDANT EXCHANGED WITH MADOFF

The Trustee seeks to compel Defendant to produce documents responsive to the Requests pursuant to Fed. R. Civ. P. 37 (a)(3)(B)(iv), which permits a party to move to compel production if "a party fails to produce documents . . . as requested under Rule 34." Despite requests and conferrals with opposing counsel, Defendant refuses to produce the six specific communications exchanged with Madoff, as originally demanded in the Requests.

4

> A. **The Requested Materials are Relevant and Discoverable under Fed. R. Civ. P. 26**

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, the Trustee seeks six communications between Defendant and Madoff—the principal fact witness supporting Defendant's position that the Ponzi scheme did not begin until 1992. These communications are undoubtedly discoverable under Fed. R. Civ. P. 26.

First, dozens of defendants represented by defense counsel, including Defendant, are relying on Madoff's testimony to challenge various aspects of the Ponzi scheme that he perpetrated, including when it began. Indeed, defense counsel has spearheaded a case-wide effort to make Madoff's testimony central to their defenses. As a result, Madoff has already been deposed once in connection with the profit withdrawal litigation, three more times in connection with defense counsel's challenges to the start date of the Ponzi scheme, and will likely be deposed at least one more time on yet to be determined topics. Any communications exchanged between Defendant and Madoff that relate to BLMIS are therefore directly relevant to the nature of the underlying fraud—which is the core area of inquiry in both his prior and forthcoming deposition testimony. Because Defendant and others have made the nature of the Ponzi scheme a disputed factual issue, the Trustee is entitled to this discovery.

The Trustee is additionally entitled to this information for impeachment purposes. Given Defendant's relationship to, and communications with, their principal fact witness in these cases,

5

it is especially critical that the Trustee be permitted to explore and determine any inconsistencies or other credibility issues Madoff may have. In light of the ongoing Madoff deposition, these documents should be produced before that deposition is completed so that the Trustee can confront Madoff with those communications.

As such, the six communications are relevant and discoverable under Fed. R. Civ. P. 26.

**B.     The Requested Communications are Not Entitled to Work Product Protection**

Pursuant to Fed. R. Civ. P. 26(b)(3), a party may not ordinarily "discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." "The initial burden of justifying the application of the work product doctrine is on the asserting party, and the burden is a heavy one because privileges are neither lightly created nor expansively construed." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 293 F.R.D. 568, 574 (S.D.N.Y. 2013).

    1.     <u>Communications Sent By Madoff to Defendant Cannot Constitute Work Product</u>

Defendant's assertion of work product privilege over communications sent from Madoff to Defendant is completely without merit. First, Fed. R. Civ. P. 26(b)(3) only exempts those materials "that are prepared in anticipation of litigation or for trial <u>by or for another party or its representative</u>." (emphasis added). Consequently, any communication prepared by Madoff and sent to Defendant falls outside the scope of what the rule protects.

Second, the case law is equally clear that the work product privilege "has no application to a document prepared by and in the hands of a third person who is neither a party to nor interested in the action." *Ricoh Co., Ltd. V. Aeroflex Inc.*, 219 F.R.D. 66 (S.D.N.Y. 2003) (holding that e-mails from third party to defense counsel did not implicate work product

6

doctrine). Madoff is neither, and thus the work product privilege does not apply. In fact, contrary to *Ricoh*, where defense counsel was the recipient of the communications that the court held was not work product, the recipient here was Defendant himself, and thus any assertion of the work product privilege is even less compelling.

As such, the Court should compel the productions of the three communications sent from Madoff to Defendant.

### 2. Defendant Waived The Work Product Privilege Over Communications He Sent To Madoff

As articulated above, the burden is on Defendant to justify application of the work product doctrine over the three communications Defendant sent to Madoff, which the Trustee cannot substantively dispute without a privilege log. But even if the communications sent by Defendant to Madoff constitute work product, Defendant has nevertheless waived any protection over those communications by sending them to Madoff.

Second Circuit courts have held that "the privilege is waived where there is a deliberate, affirmative, and selective use of privileged work-product materials by a party." *SEC v. Gupta*, 281 F.R.D. 169, 171 (S.D.N.Y. 2012) (citing *In re Grand Jury Proceedings*, 219 F.3d 175, 191 (2d Cir. 2000)). "Where the third party to whom the disclosure is made is not allied in interest with the disclosing party or does not have litigation objectives in common, the protection of the doctrine will be waived." *Medinol, Ltd. v. Boston Scientific Corp.*, 214 F.R.D. 113, 115 (S.D.N.Y. 2002). Indeed, courts have consistently held that sharing work product with disinterested third-party witnesses waives the privilege. *See Medinol, Ltd. v. Boston Scientific Corp.*, 214 F.R.D. 113, 115-17 (S.D.N.Y. 2002) (holding production of meeting minutes to independent auditor waived privilege even though disclosure was required); *Verschoth v. Time Warner, Inc.*, No. 00 Civ. 1193(AGS), 2001 WL 546630, at *4 (S.D.N.Y. May 22, 2001)

7

(holding work product protection waived where defendant shared litigation strategy with unaffiliated third party).

For example, in *SEC v. Gupta*, 281 F.R.D. 169, 173 (S.D.N.Y. 2012), Judge Rakoff concluded that "when an attorney discloses work product to prepare a non-party witness for a deposition, and that witness does not share a common interest with the attorney's client, there has been a deliberate, affirmative and selective use of work product that waives the privilege." There, the SEC met with Lloyd Blankfein, a disinterested third-party witness, numerous times in the days prior to his deposition. *Id.* at 170-71. At the subsequent deposition, defendants attempted to ask Blankfein questions concerning what was discussed and shared with him at the pre-deposition meetings, but the SEC objected on work product grounds with respect to both the oral discussions and documents shared. *Id.* at 171. In granting the defendant's motion to compel, the court concluded that Blankfein was "simply a third-party witness in [the] case," and thus did not share any common interest with the plaintiffs. *Id.* at 172. Given that the SEC "chose" to meet with Blankfein and was "under no obligation to do so," the court held that the SEC waived their right to assert work product privilege against the defendant. *Id.* 172.

*Ricoh Co., Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66 (S.D.N.Y. 2003), referenced by Judge Rakoff in *Gupta*, is consistent with *Gupta*. At issue in that case were emails exchanged between defense counsel and a third-party witness, which the defendant asserted were privileged under the work product doctrine. *Id.* at 69-70. As discussed above, the Court first concluded that emails sent by the third party to defense counsel did not implicate the work product doctrine at all. *Id.* at 70 (citing cases and noting that work product privilege "has no application to a document prepared by and in the hands of a third person who is neither a party to nor interested in the action"). As to emails sent by defense counsel to the third party, the court concluded that,

8

even if they contained work product, "[d]efendants waived protection for these e-mails . . . when counsel shared his observations with a third-party who was likely to be an independent witness in the case. *Id.* at 70 (further noting that defendants and third party did not share a common interest).

The results in these cases are consistent with the plain language of Fed. R. Civ. P. 26(b)(3), which contemplates an extension of the work product privilege to certain third parties—*i.e.*, a party's "consultant, surety, indemnitor, insurer, or agent"—but not to ordinary third-party witnesses.

Here, the Trustee seeks communications identical to those the above courts concluded were discoverable: communications that Defendant voluntarily exchanged or shared with Madoff, a disinterested and independent third-party witness. Consistent with the case law outlined above, Madoff does not have any "common interest in litigation" that would otherwise make the privilege applicable. *See, e.g., Medinol*, 214 F.R.D. at 116-17 (independent auditors did not share common interests in litigation and thus did not serve privacy interests that work product doctrine intended to protect); *Gupta*, 281 F.R.D. at 172 ("neither Lloyd Blankfein nor Goldman Sachs share any such common interest with the SEC or the USAO that saves these disclosures from waiver"). Rather, he is "simply a third-party witness in this case" without any personal stake in these adversary proceedings at all. *Gupta*, 281 F.R.D at 172.

Despite his lack of common interests with Madoff, and mirroring the actions of the government in the *Gupta* case, Defendant "chose" to disclose work product to Madoff—assuming those communications constituted work product—and was "under no obligation to do so." *Id.* Neither Rule 26 nor the case law support extending the privilege to an ordinary third-

9

party witness (as Madoff undoubtedly is here) to whom a party makes a deliberate, affirmative and selective disclosure of work product (as Defendant undoubtedly did here).

Defendant may point to his relationship with Madoff and his seeming cooperation with Defendant in this case as evidence of a "common interest in developing legal theories and analyses of documents." *Gupta,* 281 F.R.D. at 172. But Madoff does not have any actual *interest* in the adversary proceeding itself, and thus any cooperation by him is legally neutral. Madoff has no financial interest in this case, nor will his status as an incarcerated felon be affected by the Court's disposition of the Trustee's claims. Nor can Defendant cloak the incarcerated mastermind of the fraud in the garb of a "consultant" or "agent" in an attempt to preserve the privilege.

Neither the false impression that the mastermind of the underlying fraud will be a favorable witness for Defendant nor his relationship to Madoff is sufficient to establish a common interest between Madoff and Defendant for purposes of defeating his waiver of the work product privilege. Rather than establishing a common interest, Madoff's unique role as the fraud's mastermind and his familial relationship to Defendant make the requested discovery all the more critical. Denial of the Motion would therefore prejudice the Trustee by immunizing critical fact and impeachment evidence from disclosure.

Consequently, there can be no extension of the work product privilege to any materials sent by Defendant to Madoff.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant the Trustee's Motion in its entirety and order that the six responsive communications and accompanying attachments be produced.

Dated:  June 14, 2017      **BAKER & HOSTETLER LLP**
       New York, NY

By:  */s/ Nicholas J. Cremona*
    David J. Sheehan, Esq.
    Email:  dsheehan@bakerlaw.com
    Nicholas J. Cremona, Esq.
    Email: ncremona@bakerlaw.com
    Maximillian S. Shifrin, Esq.
    Email:  mshifrin@bakerlaw.com
    45 Rockefeller Plaza
    New York, NY 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*