# EXHIBIT A

C:\Users\mwarnock\Documents\Shifrin\Exhibit A Cover.docx

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7834
Fax: (216) 696-0740
Brett Wall (*admitted pro hac vice*)
Email: bwall@bakerlaw.com
David Proaño (*admitted pro hac vice*)
Email: dproano@bakerlaw.com
Darren Crook (*admitted pro hac vice*)
Email: dcrook@bakerlaw.com
Mark K. Norris (*admitted pro hac vice*)
Email: mnorris@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

In re:

BERNARD L. MADOFF,

| | |
|---|---|
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04292 (SMB) |
| Plaintiff, | |
| v. | |
| ROBERT ROMAN, | |
| Defendant. | |

**TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ROBERT ROMAN**

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Robert Roman produce Documents responsive to the requests set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Mark Norris, Key Tower, 127 Public Square, Suite 2000, Cleveland, OH 44114, within thirty three (33) days of service, on November 21, 2016.

**DEFINITIONS**

1. All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

2

**Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

**Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.    "Account" means BLMIS Account No. 1R0148, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which Robert Roman had any interest in any capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.    "Applicable Period" means the period beginning April 10, 1990 through December 31, 2009.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries,

3

predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5. "Complaint" means the complaint filed by the Trustee in this adversary proceeding.

6. "Defendant" means Robert Roman.

7. "Ever Declaration" means the August 26, 2016 Declaration of Judah H. Ever and Exhibit A attached thereto.

8. "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Robert Roman or to any Person or entity acting on Robert Roman's behalf between December 11, 2006 and December 11, 2008.

9. "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Robert Roman to another Person or entity.

10. "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity of redemption; or (d) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property.

11. "You" or "Your" means Robert Roman in any capacity, and/or anyone acting on behalf of or for the benefit of Robert Roman, including any predecessors or successor(s)-in-interest.

## INSTRUCTIONS

1. All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

4

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

2. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by November 21, 2016, or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4. Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

5. If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

6. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

(i) Identifies the type, title and subject matter of the Document;

5

(ii) Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

(iii) Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

7.     Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided. The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

8.     Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013: (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv) the designated representative authorized for that production to provide consent to the

6

disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

    (i) any confidential designations;

    (ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

    (iii) notification that Documents have been requested for disclosure.

For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order, Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

    (i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

    (ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## **FORMAT OF PRODUCTION**

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

7

Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2. <u>Database load files and production media structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3. <u>Electronic Documents and data, generally</u>: Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4. <u>Emails and attachments, and other email account-related Documents</u>: All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5. <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database. Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a. XML format file(s);

    b. Microsoft SQL database(s);

    c. Access database(s); and/or

    d. fixed or variable length ASCII delimited files.

6. <u>Spreadsheets, multimedia, and non-standard file types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native

file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.  "Other" electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.  Paper Documents: Documents originally created or stored on paper shall be produced in tiff format. Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings. In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  All Documents and Communications Concerning BLMIS.

2.  All Documents and Communications Concerning Bernard L. Madoff.

3.  All Account statements and other Documents Concerning the Account.

4.  All Communications between Robert Roman and BLMIS Concerning the Account, including Transfers to and from the Account.

5. Bank account records for any bank or brokerage accounts that made Transfers to or received Transfers from the Account during the Applicable Period, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

6. All Documents recording or reflecting any deposits into or withdrawals out of the Account.

7. Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

8. Documents sufficient to identify any money, property, and/or anything else of value provided by Robert Roman to BLMIS in exchange for any Initial Transfer.

9. Documents sufficient to identify any money, property, and/or anything else of value provided by any person or entity/subsequent transferee to Robert Roman in exchange for any Subsequent Transfer.

10. Documents sufficient to identify any refund(s) requested or received by Robert Roman of any state or federal taxes paid in connection with the Account.

11. Documents You contend support any denials of fact or affirmative defenses asserted in Defendant's answer to the Complaint.

12. Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

13. Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

11

14. All Documents supporting or Concerning Your contention, as stated in Your responses to the Trustee's Requests for Admission Nos. 6 and 7, that "taxing authorities were the sole beneficiaries" of Transfers made from the Account.

15. All Documents supporting or Concerning Your contention, as stated in Your responses to the Trustee's Requests for Admission Nos. 15, 16, 21, and 22, that withdrawals were "made to pay taxes at short term capital gains rates and the IRS was the sole beneficiary of" those withdrawals.

16. All Documents supporting or Concerning Your contentions "that all of the funds in the Account consisted of 'principal'" and "[t]he entire account consisted of 'principal'," as stated in Your responses to the Trustee's Requests for Admission Nos. 11, 12, and 27.

17. All Documents supporting or Concerning Your contention, as stated in Your response to the Trustee's Request for Admission No. 27, that "the Trustee has failed to credit [Robert Roman] with $140,000 in deposits made into [Robert Roman's] account in the period following December 11, 2006."

18. For the period December 11, 2008 through the present, produce any written directives to any third party concerning the preservation of Documents and records relevant to any claims and/or defenses in this adversary proceeding.

19. All Documents provided by You or Your counsel to Judah H. Ever and/or Ever and Company, P.A., Concerning the Ever Declaration, BLMIS, the Account, the Initial Transfers, the Complaint, the Trustee, the taxes You paid for tax years 1998–2002, or this litigation.

20. All Communications between You or Your counsel and Judah H. Ever and/or Ever and Company, P.A. Concerning the Ever Declaration, BLMIS, the Account, the Initial

Transfers, the Complaint, the Trustee, the taxes You paid for tax years 1998–2002, or this litigation.

21. The 1998-2002 tax returns prepared by Friehling and Horowitz CPA's, P.C. for Robert and Joan Roman, as described in the Ever Declaration.

22. All Communications between You or Your counsel and Bernard L. Madoff for the time period December 11, 2008 through the present.

23. All Documents Concerning all Communications between You or Your counsel and Bernard L. Madoff for the time period December 11, 2008 through the present.

Dated: October 19, 2016

/s/ David J. Sheehan
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Fax: 212.589.4201

127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7834
Fax: (216) 696-0740
Brett Wall (*admitted pro hac vice*)
Email: bwall@bakerlaw.com
David Proaño (*admitted pro hac vice*)
Email: dproano@bakerlaw.com
Darren Crook (*admitted pro hac vice*)
Email: dcrook@bakerlaw.com
Mark K. Norris (*admitted pro hac vice*)
Email: mnorris@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 19th day of October, 2016 by electronic mail and First class mail upon the following:

Helen Davis Chaitman, Esq.
CHAITMAN LLP
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

Attorneys for Defendant

_An Attorney for Irving H. Picard, Trustee_
_for the Substantively Consolidated SIPA_
_Liquidation of Bernard L. Madoff_
_Investment Securities LLC and for the Estate_
_of Bernard L. Madoff_