# EXHIBIT B

C:\Users\mwarnock\Documents\Shifrin\Exhibit B Cover.docx

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7834
Fax: (216) 696-0740
Brett Wall (*admitted pro hac vice*)
Email: bwall@bakerlaw.com
David Proaño (*admitted pro hac vice*)
Email: dproano@bakerlaw.com
Darren Crook (*admitted pro hac vice*)
Email: dcrook@bakerlaw.com
Mark K. Norris (*admitted pro hac vice*)
Email: mnorris@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF, | |

| | |
|---|---|
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04292 (SMB) |
| Plaintiff, | |
| v. | |
| ROBERT ROMAN, | |
| Defendant. | |

**TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT ROBERT ROMAN**

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Robert Roman respond in writing with verified answers to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Mark Norris, Key Tower, 127 Public Square, Suite 2000, Cleveland, OH 44114, within thirty-three (33) days of service, on November 21, 2016.

## **DEFINITIONS**

1. All definitions set forth in Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

**Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting

**Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify** (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify** (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. "Account" or "Accounts" means BLMIS Account No. 1R0148, as set forth in Exhibit A to the Complaint and/or any other BLMIS account in which Robert Roman had any interest in any capacity, whether individually or as a fiduciary and whether directly or indirectly.

3. "Applicable Period" means the period beginning on April 10, 1990 through December 11, 2009.

4. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5. "Complaint" means the complaint filed by the Trustee in this adversary proceeding.

6. "Defendant" means Robert Roman.

7. "Ever Declaration" means the August 26, 2016 Declaration of Judah H. Ever and Exhibit A attached thereto.

8. "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Robert Roman or to any Person or entity acting on behalf of Robert Roman between December 11, 2006 and December 11, 2008.

9. "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Robert Roman to another Person or entity.

10. "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity of redemption; or (d) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property.

11. "You" or "Your" means Robert Roman and/or anyone acting on behalf of or for the benefit of Robert Roman, including any predecessors or successor(s)-in-interest.

## INSTRUCTIONS

1. All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests and are as follows:

> **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.
>
> **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
>
> **Number.** The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2. In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3. In accordance with Federal Rule 33(b)(2), the written responses must be served by November 21, 2016.

4. Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5. If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6. If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7. If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should

include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8. If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9. If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

## **INTERROGATORIES**

1. Identify each person who was involved in answering these discovery requests and explain each person's role in answering these discovery requests.

**ANSWER:**


2. Identify the reasons for each Transfer.

**ANSWER:**


3. Identify each deposit into and withdrawal out of the Account.

**ANSWER:**


4. Identify each person with knowledge of any Transfer, the circumstances under which each person obtained such knowledge, and the substance of that person's knowledge.

**ANSWER:**

5. Identify: (a) each person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such person or entity received; and (c) the date(s) on which each person or entity received such money.

**ANSWER:**


6. Identify all persons who benefited from any Transfer, including, but not limited to, persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these persons benefited.

**ANSWER:**


7. To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Initial Transfers.

**ANSWER:**


8. Identify the value provided by You to BLMIS in exchange for any Initial Transfer.

**ANSWER:**

9. Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

10. Identify all instances, if any, when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements for the Account.

**ANSWER:**

11. Identify all instances, if any, when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements for the Account.

**ANSWER:**

12. Identify all instances, if any, when You verified the accuracy of the deposits or withdrawals reflected on the customer statements for the Account.

**ANSWER:**

13. For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a.    state all facts upon which You base the denial or affirmative defense;

    b.    state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

    c.    Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the person who has each Document.

**ANSWER:**


14. Identify the basis for Your contention that the term "principal balance," as used in the Trustee's Request for Admission No. 1, is unacceptable.

**ANSWER**:


15. As stated in Your responses to the Trustee's Requests for Admission Nos. 6 and 7, Identify: (a) each "taxing authority" that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such "taxing authority" received; and (c) the date(s) on which each "taxing authority" received such money.

**ANSWER:**


16. Identify the basis for Your contention, as stated in Your responses to the Trustee's Requests for Admission Nos. 11, 12, and 27, "that all of the funds in the Account consisted of 'principal,'" and that "[t]he entire account consisted of 'principal.'"

**ANSWER**:

17. Identify the basis for Your contention, as stated in Your response to the Trustee's Requests for Admission No. 27, that "the Trustee has failed to credit [Robert Roman] with $140,000 in deposits made into [Robert Roman's] account in the period following December 11, 2006."

**ANSWER**:

18. For the period December 11, 2008 through the present, identify all actions that You and/or anyone acting on Your behalf, including counsel, took to identify Documents and records relevant to the claims and/or defenses in this adversary proceeding, including any such materials in the physical possession of third parties.

**ANSWER**:

19. For the period December 11, 2008 through the present, identify all actions that You and/or anyone acting on Your behalf, including counsel, took to preserve Documents and records relevant to the claims and/or defenses in this adversary proceeding, including any such materials in the physical possession of third parties.

**ANSWER**:

20. Identify the date of each action identified in Your responses to Interrogatory Request Nos. 18 and 19 above.

**ANSWER:**


21.   Identify all Communications between You or Your counsel and Bernard L. Madoff for the time period December 11, 2008 through the present.

**ANSWER:**


22.   Identify all Communications between You or Your counsel and Judah H. Ever Concerning the Ever Declaration, BLMIS, the Account, the Initial Transfers, the Complaint, the Trustee, the taxes You paid for tax years 1998–2002, or this litigation.

**ANSWER:**

Dated: October 19, 2016

/s/ David J. Sheehan

David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Fax: 212.589.4201

127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7834
Fax: (216) 696-0740
Brett Wall (*admitted pro hac vice*)
Email: bwall@bakerlaw.com
David Proaño (*admitted pro hac vice*)
Email: dproano@bakerlaw.com
Darren Crook (*admitted pro hac vice*)
Email: dcrook@bakerlaw.com
Mark K. Norris (*admitted pro hac vice*)
Email: mnorris@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the following was served this 19th day of October, 2016 by electronic mail and First Class mail upon the following:

Helen Davis Chaitman, Esq.
CHAITMAN LLP
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

Attorneys for Defendant

*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and for the Estate
of Bernard L. Madoff*