# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 20, 2017

**VIA ECF**
**(COURTESY COPY VIA ELECTRONIC MAIL)**

Oren J. Warshavsky
direct dial: 212.589.4624
owarshavsky@bakerlaw.com

Hon. Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

    Re:    *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286 (SMB)

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, as Trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"), and plaintiff in the above-referenced adversary proceeding. This matter is before Your Honor for a pre-trial conference on June 28, 2017 at 10:00 a.m. Pursuant to Local Rule of Bankruptcy Procedure 7056-1, the Trustee requests that the scheduled pre-trial conference be converted into a pre-motion conference for leave to file a motion for summary judgment (the "Motion"). The Trustee intends to seek summary judgment on the sole remaining issue in this adversary proceeding: the avoidance and recovery of the two-year transfers of fictitious profits from BLMIS to defendant Legacy Capital Ltd. ("Legacy").

    Based on this Court's April 12, 2016 Order, the Trustee's sole claim is to avoid and recover $86,505,850 in fictitious profits transferred to or for the benefit of Legacy within two years of the December 11, 2008 filing date (the "Transfers") under 11 U.S.C. § 548(a)(1)(A). Legacy admits receiving the Transfers. *See* Answer, ECF No. 139, ¶ 142. The parties also stipulated to the transfers between Legacy and BLMIS. Stipulation and Order, ECF No. 155.

    As Your Honor will recall, on September 7, 2016, the Trustee moved for judgment on the pleadings, relying on the complaint, answer, as well as the testimony of Bernard Madoff and former BLMIS employees Frank DiPascali and David Kugel. Legacy opposed the Trustee's motion for judgment on the pleadings on the grounds that it sought further discovery.

    Fact discovery closed on January 11, 2017. Legacy neither produced nor identified evidence it intends to rely on to rebut that Madoff ran a Ponzi scheme through BLMIS's IA business.

    The Trustee served three expert reports in this action, including one demonstrating that Madoff was running a Ponzi scheme through BLMIS's IA business. Legacy did not identify any

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Hon. Stuart M. Bernstein
June 20, 2017
Page 2

experts or submit any expert reports. Legacy conducted no discovery concerning the Trustee's experts. Legacy's Rule 26(a) disclosures do not identify any evidence—admissible or otherwise—that Legacy intends to rely on to rebut the Trustee's factual or expert evidence demonstrating that Madoff was running a Ponzi scheme through BLMIS's IA business.

In light of the foregoing, the Trustee believes summary judgment is appropriate. There is no issue of material fact precluding this Court from entering judgment finding that BLMIS made the Transfers to Legacy with actual fraudulent intent in the course of and in furtherance of a Ponzi scheme. *See, e.g., Picard v. Cohen*, Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *5 (Bankr. S.D.N.Y. Apr. 25, 2016).

Legacy previously suggested that it may raise a "value" defense under 11 U.S.C. § 548(c). Without more, it appears Legacy intends to recycle legally insufficient arguments previously rejected. *Picard v. Katz,* 462 B.R. 447, 453 (S.D.N.Y. 2011); *see also Picard v. Greiff,* 476 B.R. 715, 722-24 (S.D.N.Y. 2012); *Cohen*, 2016 WL 1695296, at *11. Nonetheless, this is a legal issue which the Court can resolve on summary judgment as there are no material facts in dispute.

The Trustee is aware that Your Honor has requested that parties submit a joint Rule 7056-1 statement of undisputed facts on motions for summary judgment. Legacy has advised that it is amenable to doing so here, should that be Your Honor's direction at the conference.

In light of the current status and based on the foregoing, the Trustee requests a Rule 7056-1 pre-motion conference. Other than the scheduling and submissions for that Motion, the parties do not have any additional issues to raise before Your Honor.

Respectfully submitted,

/s/ Oren J. Warshavsky

Oren J. Warshavsky

cc:    Nicholas Kajon, Esq. (via electronic mail)