**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                         Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                         Defendant. | SIPA LIQUIDATION<br><br>Adv. Pro. No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                         Plaintiff,<br><br>      v.<br><br>ROBERT ROMAN,<br><br>                         Defendant. | Adv. Pro. No. 10-04292 (SMB) |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S
MOTION TO COMPEL DISCOVERY PURSUANT TO FED. R. BANKR. P.
7037(a)(3)(B)**

                                            **CHAITMAN LLP**
                                            465 Park Avenue
                                            New York, New York 10022
                                            Phone and Fax: (888) 759-1114
                                            Helen Davis Chaitman
                                            Gregory M. Dexter
                                            hchaitman@chaitmanllp.com
                                            gdexter@chaitmanllp.com

                                            *Attorneys for Defendant Robert Roman*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

STATEMENT OF FACTS ................................................................................................................... 1

    I.    The August 2016 debacle regarding the Madoff Declaration ................................. 1

    II.    The Trustee requests the same documents that were exchanged confidentially and submitted to this Court *in camera* during the debacle regarding the Madoff Declaration ............................................................. 3

LEGAL STANDARD .......................................................................................................................... 4

ARGUMENT ........................................................................................................................................ 5

    I.    The Requested Materials are not relevant and therefore not discoverable under Fed. R. Civ. P. 26 ................................................................... 5

    II.    The Requested Materials are privileged attorney work product ........................... 6

    III.    The work-product privilege has not been waived – communications constituting the evolution of a declaration necessarily involve the declarant ........................................................................ 8

    IV.    The Trustee thinks that different rules should apply to him than to Defendant ..................................................................................................... 9

    V.    The Trustee should be sanctioned ........................................................................ 9

CONCLUSION ................................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.F.L. Falck, S.p.A. v. E.A. Karay Co.*,
    131 F.R.D. 46 (S.D.N.Y. 1990) ..................................................................................................6

*In re Asia Glob. Crossing, Ltd.*,
    322 B.R. 247 (Bankr. S.D.N.Y. 2005) ........................................................................................4

*Burlington v. News Corp.*,
    2010 WL 11474545 (E.D. Pa. June 7, 2010) .............................................................................6

*In re Grand Jury Proceedings*,
    219 F.3d 175 (2d Cir. 2000)........................................................................................................4

*Hickman v. Taylor*,
    329 U.S. 495 (1947).....................................................................................................................4

*Ideal Elec. Co. v. Flowserve Corp.*,
    230 F.R.D. 603 (D. Nev. 2005)...........................................................................................6, 7, 8

*Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals*,
    272 F.R.D. 124 (S.D.N.Y. 2011) ............................................................................................6, 8

*Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*,
    248 F.R.D. 126 (S.D.N.Y. 2007) ................................................................................................6

*Long v. Anderson Univ.*,
    204 F.R.D. 129 (S.D. Ind. 2001).................................................................................................7

*Randleman v. Fid. Nat. Title Ins. Co.*,
    251 F.R.D. 281 (N.D. Ohio 2008) ..........................................................................................6, 8

*Renu With Moistureloc Prod. Liab. Litig.*, 2009 WL 2842745 (D.S.C. July 6,
    2009) ............................................................................................................................................6

*S.E.C. v. Gupta*,
    281 F.R.D. 169 (S.D.N.Y. 2012) ............................................................................................7, 8

*The Shinnecock Indian Nation v. Kempthorne*,
    652 F. Supp.2d 345 (E.D.N.Y. 2009) .........................................................................................4

*Systemes v. Childress*,
    2013 WL 12181774 (E.D. Mich. Nov. 22, 2013) ......................................................................8

*United States v. Nobles*,
    422 U.S. 225 (1975) .......................................................................................................... 4

**Statutes**

28 U.S.C. § 1927 ............................................................................................................................ 9

**Other Authorities**

Fed. R. Bankr. P. 37 ....................................................................................................................... 9

Fed. R. Bankr. P. 7037(a)(3)(B) .................................................................................................... 1

Fed. R. Civ. P. 26 .......................................................................................................................... 5

Fed. R. Civ. P. 26(b)(3) ............................................................................................................. 4, 6

Fed. R. Civ. P. 37 .......................................................................................................................... 9

Fed. R. Civ. P. 37(a)(5)(B) ........................................................................................................... 9

Wright & Miller, Federal Practice & Procedure § 2024 n.23 ....................................................... 6

Defendant Robert Roman ("Defendant") respectfully submits this memorandum of law in opposition to the Trustee's motion to compel discovery pursuant to Fed. R. Bankr. P. 7037(a)(3)(B) (the "Motion") (ECF Nos. 87-90).

## PRELIMINARY STATEMENT

The Motion seeks documents and communications (the "Requested Materials") concerning the evolution of the November 17, 2015 Declaration of Bernard L. Madoff (the "Madoff Declaration."). The Requested Materials are completely protected as work product. The Trustee should know this because, during the debacle with the Madoff Declaration that occurred in August 2016 – when the Trustee made the completely unfounded allegation that this firm fabricated the Madoff Declaration – this firm provided the Trustee with nearly all of the Requested Materials (the balance of which were submitted to the Court *in camera*). The Motion is a sanctionable waste of time and waste of party and court resources.

The Trustee argues that documents created by or shared with a third-party witness cannot be attorney work product because the presence of that third-party witness in connection with the document somehow causes the privilege to be waived. The Trustee is wrong and he fails to cite a long line of cases that expressly hold that documents concerning the evolution of an affidavit, *i.e.,* drafts of the affidavit and communications about the affidavit, are protected from discovery as privileged attorney work product. The Trustee's failure to cite this line of cases – especially after his unseemly and baseless accusations that this firm fabricated the Madoff Declaration in August 2016 – is sanctionable.

## STATEMENT OF FACTS

### I. The August 2016 debacle regarding the Madoff Declaration

The Court will recall that, in August 2016, without any basis in fact, the Trustee made the outrageous allegation that certain portions of the Madoff Declaration were fabricated by this firm.

{00031137 2}  1

Following a Chambers conference, the Court required Chaitman LLP to produce certain documents to the Court and to the Trustee for the limited purpose of disproving the Trustee's allegation. Thus, on August 19, 2016, this firm sent a confidential letter to the Court and the Trustee that refuted the Trustee's allegations with documentary evidence. That same day, after reviewing this firm's letter, the Trustee recognized how baseless his accusations had been and he withdrew them without ever apologizing to this firm for his unfounded and scurrilous allegations. As disclosed to the Trustee and the Court, certain privileged documents were provided to the Court that were not included in the copy of the papers given to the Trustee.

This firm's August 19, 2016 letter was designated "confidential" pursuant to the Global Litigation Protective Order (ECF No. 4137), and the letter indicated that its contents should not be used for any purpose. In that letter, and only to explain why there was no basis for the Trustee's allegations, this firm revealed that Defendant had communicated with Madoff, at the request of this firm, for the purpose of obtaining the Madoff Declaration.

The Trustee has deposed Defendant who testified that his only communications with Madoff since December 11, 2008 were in connection with the Madoff Declaration. The Trustee now seeks "[a]ll communications between [Defendant] or [his counsel] and Bernard L. Madoff for the time period December 11, 2008 through the present" as well as documents concerning these communications. (*See* ECF No. 89, Exs. A and B, Request for Production No. 22, Interrogatory No. 21). This should not be permitted.

## II. The Trustee requests the same documents that were exchanged confidentially and submitted to this Court *in camera* during the debacle regarding the Madoff Declaration

With this firm's August 19, 2016 letter concerning the Madoff Declaration, the Trustee was provided with all but two of the documents constituting the Requested Materials.[1] This firm has previously informed the Trustee and the Court that Defendant does not have any communications with Madoff other than those already submitted to the Trustee and the Court in connection with the debacle concerning the Madoff Declaration. During the February 7, 2017 hearing in which the Trustee requested permission to file the Motion, we informed the Court as follows:

> MS. CHAITMAN: Okay. I'd like to just inform the Court that I have been told by the client that there are no communications with Madoff, except for the communications which Your Honor may recall, were made in connection with Mr. Madoff's declaration.
>
> And at that time, Your Honor, I had submitted to you in camera, but not to the Trustee, a few documents that contained my communications with my client, as to why I was seeking Mr. Madoff's declaration.

(*See* February 7, 2017 Transcript, attached as Exhibit A to the June 20, 2017 Declaration of Helen Davis Chaitman, at 24:2-10).

Months later, during Defendant's deposition, Defendant estimated that he had exchanged, in total, no more than three letters with Madoff. (*See* ECF No. 89, Ex. E at 56:7-59:17). Defendant's testimony during his deposition should have dispelled any remaining doubts as to whether these communications related only to the Madoff Declaration. (*See* ECF No. 89, Ex. E at 56:7-59:17) (explaining that Defendant's three letters to Madoff were sent at the direction of counsel, they were part of "legal procedures," and they were the only communication Defendant

---

[1] Only Exhibits C and H to the August 19, 2016 Letter were not produced to the Trustee. They were, however, produced *in camera* to the Court.

has had with Madoff). Although the Trustee now feigns otherwise in his memorandum of law (*see* ECF No. 88 at 2, 4, 7) the Trustee is well aware of the substance of the Requested Materials. (*See* February 7, 2017 Tr. at 21:1:4) (MR SHIFRIN: "I think we're – we are entitled under the Gupta case, to any communications that relate to BLMIS in preparation of the declaration that she submitted in the PW hearing case."). These Requested Materials are privileged work product.

## LEGAL STANDARD

Work product protection is a judicially created doctrine, codified at Fed. R. Civ. P. 26(b)(3), that provides a lawyer with a zone of privacy in her work, "free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor,* 329 U.S. 495, 510-11 (1947); *accord In re Grand Jury Proceedings,* 219 F.3d 175, 190 (2d Cir. 2000). It is distinct from and extends more broadly than attorney-client privilege. *In re Grand Jury Proceedings,* 219 F.3d 175, 190 (2d Cir. 2000) (citing *United States v. Nobles*, 422 U.S. 225, 238 & n.11 (1975)).

"The Work product privilege, unlike the attorney-client privilege, does not depend upon an expectation or intent that the communication will remain confidential." *See In re Asia Glob. Crossing, Ltd.*, 322 B.R. 247, 262 (Bankr. S.D.N.Y. 2005) (Bernstein, J.). "No waiver attends a disclosure that has not 'substantially increased the opportunities for potential adversaries to obtain information.'" *Id.* (citation omitted). "Moreover, even in those cases in which courts have held that selective or partial disclosure has impliedly waived the privilege, courts have been reluctant to hold that implied waiver of non-opinion work product extends to opinion work product." *See The Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp.2d 345, 367 (E.D.N.Y. 2009).

## ARGUMENT

**I.  The Requested Materials are not relevant and therefore not discoverable under Fed. R. Civ. P. 26**

A party may discover only nonprivileged *relevant* information.  *See* Fed. R. Civ. P. 26. The Requested Materials are attorney-work-product documents that were supplied to the Court *in camera* last August, and to the Trustee confidentially.  We have informed the Trustee and the Court of this fact and Defendant's deposition testimony was consistent on this issue.  The Trustee, therefore, should be well aware that the documents he now seeks are entirely irrelevant.

There is no conceivable argument that any communications between Defendant and Madoff since he went to prison could have any possible bearing on the issues in this case. Conspicuously absent from the Trustee's January 20, 2017 letter requesting permission to file the Motion was even a minimal showing of relevancy.  The Trustee now submits two purported rationales for the relevance of the Requested Materials.  Neither is legitimate.

The first is apparently that "[a]ny communications exchanged between Defendants and Madoff that relate to BLMIS are . . . directly relevant to the nature of the underlying fraud." (ECF No. 88 at 5).  The Trustee argues that "[b]ecause Defendants and others have made the nature of the Ponzi scheme a disputed factual issue, the Trustee is entitled to this discovery." (ECF No. 88 at 5).  This makes absolutely no sense – and it is not true.  The Requested Materials have no relevancy whatsoever to the "nature of the underlying fraud."  The Requested Materials concern only the Madoff Declaration, the evolution of which is entirely irrelevant and nondiscoverable.

The second offered relevancy of the Requested Materials is to impeach Madoff.  (ECF No. 88 at 5-6).  There is simply no conceivable manner in which the Requested Materials could be used to impeach Madoff.  As the Trustee and this Court are aware, the Requested Materials merely

{00031137 2}  5

show that Madoff was very careful in executing the Madoff Declaration. The Requested Materials are entirely irrelevant and, therefore, the Motion should be denied outright.

## II. The Requested Materials are privileged attorney work product

The Trustee argues that documents shared with or created by a third-party witness, in this case Madoff, cannot be attorney work product. (ECF No. 88 at 5). The Trustee is wrong.

The Requested Materials are drafts of the Madoff Declaration and transmittal correspondence. There is a long line of cases – which the Trustee does not cite – that deal specifically with the work-product privilege in this context. These cases hold unequivocally that draft affidavits and documents concerning the evolution of an affidavit are protected attorney work product. *See Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011) (drafts of affidavits are privileged work product); *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 155 (S.D.N.Y. 2007) (same); *A.F.L. Falck, S.p.A. v. E.A. Karay Co.*, 131 F.R.D. 46, 49 (S.D.N.Y. 1990) (holding that a draft affidavit "is properly work product in this litigation" and not ordinarily discoverable under Rule 26(b)(3)).

This is the rule in this jurisdiction and this is the majority rule nationwide. *See Burlington v. News Corp.*, 2010 WL 11474545, at *1 (E.D. Pa. June 7, 2010) ("[T]he majority of cases to address the issue of draft affidavits has held that they are protected by work product privilege."); *Renu With Moistureloc Prod. Liab. Litig.*, 2009 WL 2842745, at *13 (D.S.C. July 6, 2009) ("[T]he trend is to consider draft affidavits and communications with counsel relating to affidavits as covered by the attorney work product doctrine."); *Randleman v. Fid. Nat. Title Ins. Co.*, 251 F.R.D. 281, 285 (N.D. Ohio 2008) (explaining that the "work product doctrine protects information about the evolution of an affidavit from disclosure"); *Ideal Elec. Co. v. Flowserve Corp.,* 230 F.R.D. 603, 608-09 (D. Nev. 2005) (holding that draft affidavits were privileged work product); Wright & Miller, Federal Practice & Procedure § 2024 n.23 ("Recent cases have generally held that draft

{00031137 2}                                     6

affidavits, and communications with counsel relating to affidavits, are covered by the work-product rule."); *see also Long v. Anderson Univ.,* 204 F.R.D. 129, 135 (S.D. Ind. 2001) (client's draft responses to plaintiff's complaint protected from discovery by both attorney-client privilege as well as work product); *cf. Ideal Elec. Co.*, 230 F.R.D. at 608-09 (observing that draft responses to interrogatories are "classic examples of opinion work product because they contain the attorney's mental impressions and legal strategies.").

The Trustee ignores these controlling authorities. Instead, he relies on *S.E.C. v. Gupta*, 281 F.R.D. 169 (S.D.N.Y. 2012), which deals generally with work-product waiver when an attorney discloses work product to a third-party in preparation for that third party's deposition. *Gupta* is displaced by the more specific line of cases – applicable here – that deal specifically with drafts of affidavits and communications concerning those drafts. We are not aware of any judicial opinion that has even contemplated that *Gupta* could apply in these circumstances.

Moreover, even if *Gupta* were not displaced entirely, it is plainly distinguishable. In *Gupta* – an insider-trading civil enforcement action by the S.E.C. – attorneys from the S.E.C. and the United States Attorney's Office met with Lloyd Blankfein and disclosed work product to him in preparation for his deposition. *Id*. The Court held that defendants' attorneys could question Blankfein about these meetings because Blankfein's testimony could have been "unfairly pressure[d]" by those "possessing governmental power." *Id*. at 173. The Court also held that such questions were appropriate because they were designed only to ascertain bias and did "not demonstrate a mere naked attempt to obtain the SEC's and the USAO's legal opinions and strategy." *Id*. at 173. The Court further noted that "[t]he SEC and the USAO chose to meet with Blankfein in the days and weeks before his deposition and go over his testimony. They were under no obligation to do so." *Id*. at 172.

{00031137 2} 7

In this case, there can be no serious concern that Defendant could unfairly pressure Madoff; and Defendant does not possess governmental power. Likewise, there is no legitimate argument that the Requested Materials do anything to demonstrate bias. Moreover, to obtain an affidavit from a non-party witness necessarily requires that there be communications with that non-party witness; this is all that happened here. Thus, even if *Gupta* were applicable to a case concerning drafts of an affidavit, it is plainly distinguishable.

### III. The work-product privilege has not been waived – communications constituting the evolution of a declaration necessarily involve the declarant

Because communications concerning drafts of a witness affidavit are protected work product, there is no support for the Trustee's argument that work product protection has been waived. The Trustee's argument is contrary to all authority of which we are aware. *See Institute for the Dev. of Earth Awareness*, 272 F.R.D. at 125 ("A lawyer's draft affidavits, which have not been adopted or executed by the non-party witness do not lose their character as work product because a final executed version has been affirmatively used in the litigation."); *Systemes v. Childress*, 2013 WL 12181774, at *3 (E.D. Mich. Nov. 22, 2013) ("[M]erely because defendant shared work product (draft affidavits and other communications regard[ing] draft affidavits) with non-party witnesses does not necessarily waive the privilege."); *Randleman*, 251 F.R.D. at 285 (upholding work-product privilege concerning communications with non-party witnesses even though those communications were not attorney-client privileged because they involved the third-party witness); *see also Ideal Elec. Co.*, 230 F.R.D. at 608-09 (holding that the draft affidavits at issue were protected by the work-product privilege and rejecting the argument that "the inherent purpose of an affidavit to provide evidence from a witness belies any contention that the work product doctrine protects draft affidavits"). Defendant has not waived the work-product privilege by communicating with Madoff for the purpose of obtaining the Madoff Declaration.

{00031137 2}                                                8

IV. **The Trustee thinks that different rules should apply to him than to Defendant**

Throughout these proceedings, the Trustee has asserted the work-product privilege to protect from disclosure his own work product and yet he apparently feels that the same law should not be applied to protect this firm's work product. (*See, e.g.*, May 17, 2016 Transcript at 30:11-13, attached as Ex. A to ECF No. 86) ("[A]ny mental impressions, or memos, or notes that we took during our investigation are work product that are shielded from discovery."). The Trustee refuses to log *any* of these documents, and he argues that he need not. (*See, e.g.*, Trustee's Amended Discovery Responses, attached as Ex. B to ECF No. 86) ("The Trustee will not produce or log Documents prepared by and/or received by him, his counsel, his professionals and/or other agents from on or after December 11, 2008 that are protected by the attorney work product doctrine, the attorney-client privilege, and/or any other applicable privileges or protections . . . ."). After successfully maintaining this position during a recent discovery hearing with Magistrate Judge Maas, (*see* No. 08-1789, ECF No. 14807 ¶ 3), the Trustee cannot now seriously argue that Defendant must produce documents concerning communications with witnesses occurring after December 11, 2008.

V. **The Trustee should be sanctioned**

The Trustee's Motion is baseless and sanctionable. He makes it without citing any of the controlling authority that expressly prohibits the relief he seeks. We ask the Court to impose sanctions on the Trustee pursuant to its inherent authority, 28 U.S.C. § 1927, Federal Rule of Bankruptcy Procedure 37, and Federal Rule of Civil Procedure 37. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any cases unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); Fed. R. Civ. P. 37(a)(5)(B) (court must award reasonable costs and expenses, including attorneys' fees, to party successfully opposing motion to

compel unless the motion was "substantially justified or other circumstances make an award of expenses unjust"); *see also* N.Y. Code of Prof. Resp. E.C. 7-23 (attorney is required to cite contrary controlling authority of which the attorney is aware).

## CONCLUSION

The Motion should be denied and the Trustee should be sanctioned for forcing Defendant to have to incur the expense of opposing the Motion.

Dated: New York, New York
        June 20, 2017

**CHAITMAN LLP**

By: /s/ *Helen Davis Chaitman*
Helen Davis Chaitman
Gregory M. Dexter
465 Park Avenue
New York, New York 10022
Phone & Fax: (888)-759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Defendant Robert Roman*

{00031137 2}      10