# BakerHostetler

**Baker&Hostetler LLP**

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

June 21, 2017

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via ECF and Hand Delivery**
Honorable Stuart M. Bernstein (Bernstein.chambers@nysb.uscourts.gov)
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   Adv. Pro. No. 10-05439 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Avram J. Goldberg, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff. We write to request a conference with the Court, under Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, regarding discovery disputes in the above-referenced adversary proceeding. Despite numerous written and telephonic conferrals, Defendants (and a subpoena recipient represented by Defendants' counsel) have not complied with their discovery obligations.

The Trustee intends to move for an order compelling Defendants to respond to the Trustee's Interrogatories and Requests for Production and produce documents. Further, the Trustee intends to move for an order compelling production of documents from Kahn, Litwin, Renza & Co. ("Kahn, Litwin") responsive to the Trustee's Federal Rule of Civil Procedure 45 Subpoena.

**Discovery to Defendants**

The Trustee served Interrogatories on each Defendant on August 18, 2016, answers to which were originally due on September 22, 2016. *See* Exhibit A. The Trustee also served Requests for Production on each Defendant on October 4, 2016. *See* Exhibit B (partially redacted for privacy concerns). In consideration of health concerns, the Trustee agreed to extend the response deadline for both the Interrogatories and Requests for Production to December 21, 2016. *See id.*

Hon. Stuart Bernstein
June 21, 2017
Page 2

At Defendants' request, and in further consideration of health issues, on January 3, 2017, the Trustee agreed to extend the response deadlines to February 22, 2017. *See* Exhibit C (partially redacted for privacy concerns). Defendants ignored the February 22, 2017 deadline. *See* Exhibits D (partially redacted for privacy concerns) & E.

Over several months, after the agreed-upon deadlines to respond to discovery had passed, counsel for the Trustee repeatedly conferred with counsel for Defendants to serve responses and counsel for Defendants repeatedly asked for additional extensions to respond. *See* Exhibits E & F (partially redacted for privacy concerns). On several occasions, Defendants simply failed to respond by the date they indicated they would serve their discovery responses. *See* Exhibit F at 4, 5, 7; Exhibit G (partially redacted for privacy concerns).

On May 25, the Trustee's counsel sent Defendants' counsel a draft Rule 7007 letter, stating that the letter would be filed if counsel did not receive Defendants' discovery responses and document production by Wednesday, May 31. *See* Exhibit G. On May 31, Defendants' counsel requested that counsel forego filing the Rule 7007 letter, because the discovery responses would be served by Friday, June 2. *See id.* That did not happen.

Instead, on Monday, June 5, 2017, Defendants' counsel finally served pro forma objections and incomplete responses to the Trustee's Requests for Production. Despite the numerous extensions, delays, and Defendants counsel's repeated assurances that he was concurrently gathering responsive documents, Defendants' responses were grossly deficient and no documents were produced. *See* Exhibit H. Answers to Interrogatories have still not been served.

Defendants have waived all objections to the Trustee's discovery requests, including Requests for Production and Interrogatories, by failing to timely respond. *See* FED. R. CIV. P. 33(b)(2)-(4); FED. R. BANKR. P. 7033. Moreover, Defendants do not indicate the objection upon which they base their refusal to produce documents. *See* FED. R. CIV. P. 34(b)(2)(A)-(C); FED. R. BANKR. P. 7034. Defendants have groundlessly objected to and refused to produce numerous categories of responsive, non-privileged documents, as set forth below:[1]

1. Documents identified in the Defendants' Initial Disclosures (Request No. 1);
2. Account documents for bank and brokerage accounts that received Initial Transfers in the Two Year Fraudulent Transfer period (Request No. 4);
3. Documents sufficient to identify distributions of Initial Transfers (Request No. 5);
4. Documents sufficient to identify money, property, or anything else of value provided by Defendants to BLMIS in exchange for Initial Transfers (Request No. 6);
5. Documents sufficient to identify tax refunds paid in connection with the Defendants' BLMIS Accounts (the 16th and 17th Affirmative Defenses in Defendants' Answer [Dkt. No. 44] assert tax payment setoff defenses) (Request No. 7);

---

[1] For ease of reference, the Request Nos. indicated are those from the Sets of Requests for Production sent to AvCar Group, Ltd., The Sidney R. Rabb Trust FBO Carol Goldberg, and M. Gordon Ehrlich. The Requests to Carol Goldberg and Avram Goldberg contain Requests concerning both AvCar and the Trust that are substantively the same, but numbered differently. *See* Exhibit B.

Hon. Stuart Bernstein
June 21, 2017
Page 3

6. Documents concerning the formation, purpose, and business records/trust instruments of named Defendants and Initial Transferees (Request Nos. 8 and 9);
7. Documents concerning BLMIS, including those concerning Defendants' meetings with BLMIS or its personnel (Request No. 16);
8. Documents and Communications exchanged with individuals copied on correspondence with BLMIS, or any other person, specifically about the BLMIS Accounts or BLMIS (Request Nos. 17, 20);
9. Documents concerning how Defendants' used the money withdrawn from the BLMIS Accounts (Request No. 18); and
10. Tax records concerning Transfers, BLMIS, or the BLMIS Accounts (Request No. 19).

Defendants should be compelled to fully respond to the Trustee's Requests for Production, without objection, produce responsive documents, and answer the Trustee's Interrogatories.

**Rule 45 Subpoena to Kahn, Litwin, Renza & Co.**

In July 2016, third party Kahn, Litwin, Defendants' financial advisor, responded to the Trustee's Rule 45 Subpoena through Defendants' counsel indicating it would produce numerous categories of documents.[2] *See* Exhibit I. In fall 2016, the parties entered into an agreement abating responses to the Rule 45 discovery in light of health concerns. In March 2017, largely based on Defendants' failure to respond to the Trustee's discovery requests, counsel for the Trustee told Defendants' counsel that he would no longer hold Rule 45 subpoenas in abeyance. *See* Exhibit F at 6. In April, the Trustee's counsel spoke with Defendants' counsel concerning the Trustee's Rule 45 Subpoena to Kahn, Litwin. Counsel for the Defendants indicated that he would check with Kahn, Litwin concerning the subpoena. Despite following up with Defendants' counsel, Trustee's counsel has received no further information, and no document production, from Kahn, Litwin. *See id.* at 2; Exhibit G at 2.

The Trustee has been exceptionally patient with respect to the Defendants' delay throughout this case, but is left with no choice but to request an order compelling answers to Interrogatories under Federal Rule of Civil Procedure 37(a)(3)(B)(iii) and amended responses to Requests for Production, along with the production of all responsive documents, under Rule 37(a)(3)(B)(iv). *See also* FED. R. BANKR. P. 7037. Further, the Trustee requests an order compelling documents responsive to the Rule 45 Subpoena served on Kahn, Litwin and which it agreed to produce nearly a year ago.

Finally, the discovery deadline is set to expire on June 30, 2017, and in light of Defendants' delays, the Trustee requests this Court grant an extension of an additional three months to conduct discovery, to September 29, 2017.

---

[2] As noted above, the Trustee agreed to hold the third party subpoenas, including the subpoena to Kahn, Litwin, in abeyance until Defendants produced their discovery responses. However, this agreement expired on April 14, 2017 and was not extended.

Hon. Stuart Bernstein
June 21, 2017
Page 4

Based on the foregoing, the Court's intervention is necessary to resolve this dispute. The Trustee requests a conference with the Court concerning this matter.

>                             Respectfully Submitted,
>
>                             /s/ Dean D. Hunt
>
>                             Dean D. Hunt

cc:     Eric Dowell (EDowell@pryorcashman.com)
        David Rose (DRose@pryorcashman.com)
        Richard Levy (RLevy@pryorcashman.com)