# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

August 18, 2016

**Via Email and First Class Mail**
Richard Levy, Jr. (rlevy@pryorcashman.com)
David Rose (drose@pryorcashman.com)
Eric D. Dowell (edowell@pryorcashman.com)
Pryor Cashman LLP
7 Times Square
New York, New York 10036-6569

Re:   Adv. Pro. No. 10-05439 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Avram J. Goldberg, individually and in his capacity as trust officer for The Sidney R. Rabb Trust FBO Carol Goldberg, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed please find the following:

1. Trustee's First Set of Interrogatories to Defendant Avcar Group Ltd.
2. Trustee's First Set of Interrogatories to Defendant Avram J. Goldberg.
3. Trustee's First Set of Interrogatories to Defendant Carol R. Goldberg.
4. Trustee's First Set of Interrogatories to Defendant M. Gordon Ehrlich.
5. Trustee's First Set of Interrogatories to Defendant Sidney R. Rabb Trust FBO Carol Goldberg

Please be reminded of Defendants' continuing obligations to preserve, retain and protect all possibly relevant documents in their possession, custody or control, as more fully described in our preservation letters of June 8, 2011 and July 30, 2014.

Should you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt

**EXHIBIT A**

Enclosures

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## THE AVCAR GROUP LTD.

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant The AvCar Group Ltd. respond in writing with verified answers

to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same

to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston,

Texas 77002 within thirty three (33) days of service, on September 20, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      "Account" means BLMIS Account No. 1G0104, as set forth in Exhibit A to the

Complaint, and/or any other BLMIS account in which any Defendant had any interest in any

capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States

Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning July 27, 1995 through the

present.

3

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.    "Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg; M. Gordon Ehrlich; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates (this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation).

7.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to The AvCar Group Ltd. or to any Person or entity acting on behalf of The AvCar Group Ltd. between December 11, 2006 and December 11, 2008.

8.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

9.    "You" or "Your" means The AvCar Group Ltd. in any capacity, and/or anyone acting on behalf of or for the benefit of The AvCar Group Ltd. including any predecessors or successor(s)-in-interest.

# INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.      In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.      In accordance with Federal Rule 33(b)(2), the written responses must be served by September 20, 2016.

4.      Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.      If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should

include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.     If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1.      Provide Your legal name, the type of entity You are, the nature of and purpose for Your creation and existence, the date on which You were established and whether You were formed out of a predecessor entity, the state or country under whose laws You were formed, the names and addresses of Your current and former officers, members and/or owners, the percent of beneficial interest in the Account(s) of each of the current and former officers, members and/or owners, Your current and former business addresses, Your current and former principal places of business.

**ANSWER:**

2.      Identify all current and former general or limited partners or members of The AvCar Group, Ltd. For each Person so identified, Identify whether such Person served as a general or limited partner or member, the dates such Person served as a partner or member, the

amount of any feels received by Such Person in connection with their service as a partner or member, the dates and amount of any Transfers received by The AvCar Group, Ltd. while such Person served as a partner or member, and state whether such Person personally received any portion of any such Transfers.

**ANSWER:**

3.      Identify the reasons for each Transfer.

**ANSWER:**

4.      Identify each deposit into the Account.

**ANSWER:**

5.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

6.      Identify: (a) each Person or entity that ever received funds withdrawn from the Accounts, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**

7.    Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

8.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

9.    Identify any and all banks and/or financial institutions, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley, where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

10.    Identify any instance when anyone on Your behalf, communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

11.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:**

12.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

      a.    state all facts upon which You base the denial or affirmative defense;

      b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

      c.    Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

13.    For each response other than an unqualified admission to a Request for Admission contained within the Trustee's First Set of Requests for Admission served on May 12, 2016:

      a.    state all facts upon which You base the denial or qualified response;

    b.     state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.     Identify Documents and other tangible things that support Your denial or qualified response, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

14.    For each of the following entities or individuals, please identify the services they provide or provided to you, their current contact information, and their relationship to or involvement with the Account:

    a.     Robert H. Charron;

    b.     Carlin, Charron & Rosen LLP;

    c.     Marcum LP;

    d.     David Desmarais;

    e.     Kahn, Litwin, Renza & Co.;

    f.     Gregory C. DeSisto;

    g.     Jeffrey Croteau;

    h.     Michelle Tarr;

    i.     Kristy Pischetola;

    j.     Prime, Bucholz & Associates, Inc.;

    k.     Diane Siegrist;

    l.     Cathy Bigelow;

    m.     Erica Poless;

      n.      Mellon Trust of New England;

      o.      Mellon Private Asset Management;

      p.      W.P. Steward & Co.;

      q.      AllianceBernstein;

      r.      WTC-Archipelago Partners, LP;

      s.      Evelyn Pless;

      t.      AccounTax Pros LLC.

**ANSWER:**

15.     Identify Your income, expenses, assets, liabilities, and all disbursements of funds or other property to Avram J. Goldberg and Carol R. Goldberg, including, but not limited to, salary, payments, wages, commissions, bonuses, gifts, dividends, contributions, awards, loans, expenses, or benefits:

**ANSWER:**

16.     With respect to Your sixteenth and seventeenth affirmative defenses, please Identify the following:

      a.      The amount of monies used to pay tax obligations;

      b.      The amount of monies used to meet funding or other commitments to organizations that meet the requirements for tax-exempt status;

      c.      The taxing authorities or other persons who received monies;

d.    The date such monies were provided to such taxing authorities or other

persons;

e.    Documents that evidence such use of monies.

**ANSWER:**

Dated:    August 18, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 18th day of

August, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

                            Defendants.

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT AVRAM J. GOLDBERG

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant Avram J. Goldberg respond in writing with verified answers to

the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to

the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston,

Texas 77002 within thirty three (33) days of service, on September 20, 2016.

## DEFINITIONS

1.    All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.    "Account" or "Accounts" means BLMIS Account Nos. 1G0104, 1G0289, and

1R0182, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which

any Defendant had any interest in any capacity, whether individually or as a fiduciary, and

whether directly or indirectly.

3.    "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States

Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning July 27, 1995 through the present.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.    "Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg; Carol R. Goldberg; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates (this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation).

7.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Avram J. Goldberg or to any Person or entity acting on behalf of Avram J. Goldberg between December 11, 2006 and December 11, 2008.

8.    "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Avram J. Goldberg to another Person or entity.

9.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

4

10.    "You" or "Your" means Avram J. Goldberg individually and in his capacity as Trust Officer for the Sidney R. Rabb Trust FBO Carol Goldberg, and/or anyone acting on behalf of or for the benefit of Avram J. Goldberg including any predecessors or successor(s)-in-interest.

11.    "Trust" means Sidney R. Rabb Trust FBO Carol Goldberg and anyone acting on behalf of Sidney R. Rabb Trust FBO Carol Goldberg, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

> **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

> **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

> **Number**. The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.    In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.    In accordance with Federal Rule 33(b)(2), the written responses must be served by September 20, 2016.

4.    Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.     If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1.      Identify the reasons for each Transfer.

**ANSWER:**

2.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**

3.     Identify each deposit into the Accounts.

**ANSWER:**

4.     Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

5.     Identify: (a) each Person or entity that ever received funds withdrawn from the Accounts, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**

6.     Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

7.     To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

8.      Identify any and all banks and/or financial institutions, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley, where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

9.      Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

10.      Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:**

11.      For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a.      state all facts upon which You base the denial or affirmative defense;

     b.     state the names, addresses, and telephone numbers of all Persons who

have knowledge of those facts; and

     c.     Identify Documents and other tangible things that support Your denial or

affirmative defense, and state the name, address, and telephone number of

the Person who has each Document.

**ANSWER:**

12.     For each response other than an unqualified admission to a Request for Admission

contained within the Trustee's First Set of Requests for Admission served on May 12, 2016:

     a.     state all facts upon which You base the denial or qualified response;

     b.     state the names, addresses, and telephone numbers of all Persons who

have knowledge of those facts; and

     c.     Identify Documents and other tangible things that support Your denial or

qualified response, and state the name, address, and telephone number of

the Person who has each Document.

**ANSWER:**

13.     For each of the following entities or individuals, please identify the services they

provide or provided to you, their current contact information, and their relationship to or

involvement with the Account:

     a.     Robert H. Charron;

      b.      Carlin, Charron & Rosen LLP;

      c.      Marcum, LP;

      d.      David Desmarais;

      e.      Kahn, Litwin, Renza & Co.;

      f.      Gregory C. DeSisto;

      g.      Jeffrey Croteau;

      h.      Michelle Tarr;

      i.      Kristy Pischetola;

      j.      Prime, Bucholz & Associates, Inc.;

      k.      Diane Siegrist;

      l.      Cathy Bigelow;

      m.      Erica Poless;

      n.      Mellon Trust of New England;

      o.      Mellon Private Asset Management;

      p.      W.P. Steward & Co.;

      q.      AllianceBernstein;

      r.      WTC-Archipelago Partners, LP;

      a.      Evelyn Pless;

      b.      AccounTax Pros LLC.

**ANSWER:**

14.    With respect to Your sixteenth and seventeenth affirmative defenses, please Identify the following:

a.     The amount of monies used to pay tax obligations;

b.     The amount of monies used to meet funding or other commitments to organizations that meet the requirements for tax-exempt status;

c.     The taxing authorities or other persons who received monies;

d.     The date such monies were provided to such taxing authorities or other persons;

e.     Documents that evidence such use of monies.

**ANSWER:**

11

Dated:   August 18, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 18th day of

August, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

_____
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

| | |
|---|---|
| FBO Carol Goldberg, | |
| CAROL R. GOLDBERG, individually and in her capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, | |
| M. GORDON EHRLICH, in his capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, and as attorney-in-fact for Carol R. Goldberg, Avram J. Goldberg, and the Carol R. Goldberg and Avram J. Goldberg Special Account, | |
| SIDNEY R. RABB TRUST FBO CAROL GOLDBERG, and | |
| THE AVCAR GROUP LTD., | |
| Defendants. | |

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT CAROL R. GOLDBERG

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Carol R. Goldberg respond in writing with verified answers to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston, Texas 77002 within thirty three (33) days of service, on September 20, 2016.

## DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

> **Document**. The term "document" is defined to be synonymous in meaning and equal
> in scope to the usage of the term "documents or electronically stored information" in Fed.
> R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the
> meaning of this term.

> **Identify (with respect to documents)**. When referring to documents, "to identify"
> means to give, to the extent known, the (i) type of document; (ii) general subject matter;
> (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the
> alternative, the responding party may produce the documents, together with identifying
> information sufficient to satisfy Fed. R. Civ. P. 33(d).

> **Identify (with respect to persons)**. When referring to a person, "to identify" means
> to give, to the extent known, the person's full name, present or last known address, and
> when referring to a natural person, additionally, the present or last known place of
> employment. Once a person has been identified in accordance with this subparagraph,
> only the name of that person need be listed in response to subsequent discovery
> requesting the identification of that person.

> **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated
> name or a pronoun referring to a party mean the party and, where applicable, its officers,
> directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition
> is not intended to impose a discovery obligation on any person who is not a party to the
> litigation.

2.     "Account" or "Accounts" means BLMIS Account Nos. 1G0104, 1G0289, and

1R0182, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which

any Defendant had any interest in any capacity, whether individually or as a fiduciary, and

whether directly or indirectly.

3.     "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States

Bankruptcy Court for the Southern District of New York.

3

4.     "Applicable Period" means the period beginning July 27, 1995 through the present.

5.     "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.     "Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg; Carol R. Goldberg; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates (this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation).

7.     "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Carol R. Goldberg or to any Person or entity acting on behalf of Carol R. Goldberg between December 11, 2006 and December 11, 2008.

8.     "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

9.     "You" or "Your" means Carol R. Goldberg individually and in her capacity as Trustee of the Sidney R. Rabb Trust FBO Carol Goldberg, and/or anyone acting on behalf of or

for the benefit of Carol R. Goldberg including any predecessors or successor(s)-in-interest.

10.    "Trust" means Sidney R. Rabb Trust FBO Carol Goldberg and anyone acting on behalf of Sidney R. Rabb Trust FBO Carol Goldberg, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.    In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.    In accordance with Federal Rule 33(b)(2), the written responses must be served by September 20, 2016.

4.    Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.     If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1.      Identify the reasons for each Transfer.

**ANSWER:**



2.      Identify each deposit into the Accounts.

**ANSWER:**

3.    Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

4.    Identify: (a) each Person or entity that ever received funds withdrawn from the Accounts, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**

5.    Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

6.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

7.    Identify any and all banks and/or financial institutions, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley, where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

8.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

9.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:**

10.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

      a.    state all facts upon which You base the denial or affirmative defense;

      b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.      Identify all Documents and other tangible things that support Your denial

or affirmative defense, and state the name, address, and telephone number

of the Person who has each Document.

**ANSWER:**

11.    Identify all current and former trustees and beneficiaries of the Trust. For each

Person so identified, Identify the date range during which such Person was a trustee or

beneficiary, and the dates and amount of any Transfers or payment received by such Person.

**ANSWER:**

12.    Provide the Trust's legal name, the type of entity it is, the purpose for the Trust,

date on which it was established and whether it was formed out of a predecessor entity, the state

or country under whose laws it was formed, and the names and addresses of its current and

former trustees and beneficiaries.

**ANSWER:**

13.    Identify all current and former trustees of the Trust, including but not limited to

You, Avram J. Goldberg, and M. Gordon Ehrlich. For each Person so identified, Identify the

dates such Person served as trustee, the amount of any fees received by such Person in

connection with their service as a trustee, the dates and amounts of any Transfers received by the

Trust while such Person served as trustee, and state whether such Person personally received any portion of any such Transfers.

**ANSWER**:

14.    State how You used any money received, directly or indirectly, from the Trust within the Applicable Period.  In so doing, Identify all Persons who received such money from You, including, but not limited to, Persons who received anything of value purchased with any funds from the Trust received within the Applicable Period.

**ANSWER**:

15.    For each response other than an unqualified admission to a Request for Admission contained within the Trustee's First Set of Requests for Admission served on May 12, 2016:

    a.    state all facts upon which You base the denial or qualified response;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.    Identify Documents and other tangible things that support Your denial or qualified response, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

10

16.    For each of the following entities or individuals, please identify the services they provide or provided to you, their current contact information, and their relationship to or involvement with the Account:

a.    Robert H. Charron;

b.    Carlin, Charron & Rosen LLP;

c.    Marcum LP;

d.    David Desmarais;

e.    Kahn, Litwin, Renza & Co.;

f.    Gregory C. DeSisto;

g.    Jeffrey Croteau;

h.    Michelle Tarr;

i.    Kristy Pischetola;

j.    Prime, Bucholz & Associates, Inc.;

k.    Diane Siegrist;

l.    Cathy Bigelow;

m.    Erica Poless;

n.    Mellon Trust of New England;

o.    Mellon Private Asset Management;

p.    W.P. Steward & Co.;

q.    AllianceBernstein;

r.    WTC-Archipelago Partners, LP;

s.    Evelyn Pless;

t.    AccounTax Pros LLC.

**ANSWER:**


17.     With respect to Your sixteenth and seventeenth affirmative defenses, please Identify the following:

      a.     The amount of monies used to pay tax obligations;

      b.     The amount of monies used to meet funding or other commitments to organizations that meet the requirements for tax-exempt status;

      c.     The taxing authorities or other persons who received monies;

      d.     The date such monies were provided to such taxing authorities or other persons;

      e.     Documents that evidence such use of monies.

**ANSWER:**

Dated:   August 18, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 18th day of

August, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

_An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff_

14

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## M. GORDON EHRLICH

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant M. Gordon Ehrlich respond in writing with verified answers to

the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to

the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street, Suite 1100, Houston,

Texas 77002 within thirty three (33) days of service, on September 20, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

>    **Document**. The term "document" is defined to be synonymous in meaning and equal
>    in scope to the usage of the term "documents or electronically stored information" in Fed.
>    R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the
>    meaning of this term.

>    **Identify (with respect to documents)**. When referring to documents, "to identify"
>    means to give, to the extent known, the (i) type of document; (ii) general subject matter;
>    (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the
>    alternative, the responding party may produce the documents, together with identifying
>    information sufficient to satisfy Fed. R. Civ. P. 33(d).

>    **Identify (with respect to persons)**. When referring to a person, "to identify" means
>    to give, to the extent known, the person's full name, present or last known address, and
>    when referring to a natural person, additionally, the present or last known place of
>    employment. Once a person has been identified in accordance with this subparagraph,
>    only the name of that person need be listed in response to subsequent discovery
>    requesting the identification of that person.

>    **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated
>    name or a pronoun referring to a party mean the party and, where applicable, its officers,
>    directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition
>    is not intended to impose a discovery obligation on any person who is not a party to the
>    litigation.

2.      "Account" means BLMIS Account No. 1R0182, as set forth in Exhibit A to the

Complaint, and/or any other BLMIS account in which any Defendant had any interest in any

capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States

Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning July 27, 1995 through the

present.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg; M. Gordon Ehrlich; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates (this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation).

7.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to M. Gordon Ehrlich or to any Person or entity acting on behalf of M. Gordon Ehrlich between December 11, 2006 and December 11, 2008.

8.      "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by M. Gordon Ehrlich to another Person or entity.

9.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10.     "You" or "Your" means M. Gordon Ehrlich in his capacity as Trustee of the Sidney R. Rabb Trust FBO Carol Goldberg, and as attorney-in-fact for Carol R. Goldberg, Avram

J. Goldberg, and the Carol R. Goldberg and Avram J. Goldberg Special Account, and/or anyone acting on behalf of or for the benefit of M. Gordon Ehrlich including any predecessors or successor(s)-in-interest.

11.    "Trust" means the Sidney R. Rabb Trust FBO Carol Goldberg and anyone acting on behalf of the Sidney R. Rabb Trust FBO Carol Goldberg, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.    In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.    In accordance with Federal Rule 33(b)(2), the written responses must be served by September 20, 2016.

4.    Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

5

6.      If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.     If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1.      Identify the reasons for each Transfer.

**ANSWER:**




2.      Identify the reasons for each Subsequent Transfer.

**ANSWER:**

3.    Identify each deposit into the Account.

**ANSWER:**

4.    Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

5.    Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**

6.    Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

7.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

8.     Identify any and all banks and/or financial institutions, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley, where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

9.     Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

10.     Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:**

11.     For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

      a.     state all facts upon which You base the denial or affirmative defense;

   b.  state the names, addresses, and telephone numbers of all Persons who

      have knowledge of those facts; and

   c.  Identify all Documents and other tangible things that support Your denial

      or affirmative defense, and state the name, address, and telephone number

      of the Person who has each Document.

  **ANSWER:**

12. Identify all current and former beneficiaries of the Trust. For each Person so identified, Identify the date range during which such Person was a beneficiary, and the dates and amount of any Transfers received by such Person.

  **ANSWER:**

13. Provide the Trust's legal name, the type of entity it is, the date on which it was established, the nature of and purpose for the Trust's creation and existence, and whether it was formed out of a predecessor entity, the state or country under whose laws it was formed, the names and addresses of its current and former trustees, officers, members and/or owners, the percent of beneficial interest in the Account[s] of each of the current and former trustees, partners, officers, members and/or owners, the Trust's current and former business addresses, and the Trust's current and former principal places of business.

  **ANSWER:**

14.    Identify all current and former trustees of the Trust, including but not limited to Avram J. Goldberg, Carol R. Goldberg, and M. Gordon Ehrlich. For each Person so identified, Identify the dates such Person served as trustee, the amount of any fees received by such Person in connection with their service as a trustee, the dates and amounts of any Transfers received by the Trust while such Person served as trustee, and state whether such Person personally received any portion of any such Transfers.

**ANSWER**:

15.    For each response other than an unqualified admission to a Request for Admission contained within the Trustee's First Set of Requests for Admission served on May 12, 2016:

    a.    state all facts upon which You base the denial or qualified response;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.    Identify Documents and other tangible things that support Your denial or qualified response, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER**:

16.    For each of the following entities or individuals, please identify the services they provide or provided to you, their current contact information, and their relationship to or involvement with the Account:

     a.     Robert H. Charron;

     b.     Carlin, Charron & Rosen LLP;

     c.     Marcum, LP;

     d.     David Desmarais;

     e.     Kahn, Litwin, Renza & Co.;

     f.     Gregory C. DeSisto;

     g.     Jeffrey Croteau;

     h.     Michelle Tarr;

     i.     Kristy Pischetola;

     j.     Prime, Bucholz & Associates, Inc.;

     k.     Diane Siegrist;

     l.     Cathy Bigelow;

     m.     Erica Poless;

     n.     Mellon Trust of New England;

     o.     Mellon Private Asset Management;

     p.     W.P. Steward & Co.;

     q.     AllianceBernstein;

     r.     WTC-Archipelago Partners, LP;

      a.      Evelyn Pless;

      b.      AccounTax Pros LLC.

**ANSWER:**

17.    State how You used any money You received, directly or indirectly, from the Trust within the Applicable Period. In so doing, Identify all Persons who received such money from You, including, but not limited to, Persons who received anything of value purchased with any funds from the Trust received within the Applicable Period.

**ANSWER:**

18.    With respect to Your sixteenth and seventeenth affirmative defenses, please Identify the following:

      a.      The amount of monies used to pay tax obligations;

      b.      The amount of monies used to meet funding or other commitments to organizations that meet the requirements for tax-exempt status;

      c.      The taxing authorities or other persons who received monies;

      d.      The date such monies were provided to such taxing authorities or other persons;

      e.      Documents that evidence such use of monies.

**ANSWER:**

Dated:   August 18, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 18th day of

August, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

_An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff_

14

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## SIDNEY R. RABB TRUST FBO CAROL GOLDBERG

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and

the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP,

hereby demands that Defendant Sidney R. Rabb Trust FBO Carol Goldberg respond in writing

with verified answers to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein

and deliver the same to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main Street,

Suite 1100, Houston, Texas 77002 within thirty three (33) days of service, on September 20,

2016.

## DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.     "Account" means BLMIS Account No. 1R0182, as set forth in Exhibit A to the

Complaint, and/or any other BLMIS account in which any Defendant had any interest in any

capacity, whether individually or as a fiduciary, and whether directly or indirectly.

3.     "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States

Bankruptcy Court for the Southern District of New York.

4.     "Applicable Period" means the period beginning July 27, 1995 through the

present.

5.     "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.     "Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg; M. Gordon Ehrlich; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates (this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation).

7.     "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Sidney R. Rabb Trust FBO Carol Goldberg or to any Person or entity acting on behalf of Sidney R. Rabb Trust FBO Carol Goldberg between December 11, 2006 and December 11, 2008.

8.     "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Sidney R. Rabb Trust FBO Carol Goldberg to another Person or entity.

9.     "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10.    "You," "Your," or "Trust" means the Sidney R. Rabb Trust FBO Carol Goldberg and anyone acting on behalf of the Sidney R. Rabb Trust FBO Carol Goldberg, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

> **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

> **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

> **Number**. The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2.    In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3.    In accordance with Federal Rule 33(b)(2), the written responses must be served by September 20, 2016.

4.    Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5.    If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6.    If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7.      If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8.      If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9.      If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10.     If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1.      Provide the Trust's legal name, the type of entity it is, the nature of and purpose for the Trust's creation and existence, the date on which the Trust was established and whether it was formed out of a predecessor entity, the state or country under whose laws it was formed, the names and addresses of its current and former officers, members and/or owners, the percent of beneficial interest in the Account(s) of each of the current and former officers, members and/or owners, the Trust's current and former business addresses, and the Trust's current and former principal places of business.

**ANSWER:**

2.     Identify all current and former trustees of the Trust, including but not limited to Avram J. Goldberg, Carol R. Goldberg, and M. Gordon Ehrlich.  For each Person so identified, Identify the dates such Person served as trustee, the amount of any fees received by such Person in connection with their service as a trustee, the dates and amounts of any Transfers received by the Trust while such Person served as trustee, and state whether such Person personally received any portion of any such Transfers.

**ANSWER**:


3.     Identify Trust property.

**ANSWER:**


4.     Identify the reasons for each Transfer.

**ANSWER:**


5.     Identify the reasons for each Subsequent Transfer.

**ANSWER:**


6.     Identify each deposit into the Account.

**ANSWER:**

7.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:**

8.      Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:**

9.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

10.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

11.    Identify any and all banks and/or financial institutions, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley, where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

12.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

13.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:**

14.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

      a.    state all facts upon which You base the denial or affirmative defense;

      b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

      c.    Identify Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

15.    Identify all current and former beneficiaries of the Trust.  For each Person so identified, Identify the date range during which such Person was a beneficiary, and the dates and amount of any Transfers received by such Person.

**ANSWER:**

16.    For each response other than an unqualified admission to a Request for Admission contained within the Trustee's First Set of Requests for Admission served on May 12, 2016:

      a.    state all facts upon which You base the denial or qualified response;

      b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

     c.     Identify Documents and other tangible things that support Your denial or

qualified response, and state the name, address, and telephone number of

the Person who has each Document.

**ANSWER:**

    17.    For each of the following entities or individuals, please identify the services they

provide or provided to you, their current contact information, and their relationship to or

involvement with the Account:

     a.     Robert H. Charron;

     b.     Carlin, Charron & Rosen LLP;

     c.     Marcum LP;

     d.     David Desmarais;

     e.     Kahn, Litwin, Renza & Co.;

     f.     Gregory C. DeSisto;

     g.     Jeffrey Croteau;

     h.     Michelle Tarr;

     i.     Kristy Pischetola;

     j.     Prime, Bucholz & Associates, Inc.;

     k.     Diane Siegrist;

     l.     Cathy Bigelow;

     m.     Erica Poless;

     n.     Mellon Trust of New England;

08-01789-cgm    Doc 16208-1    Filed 06/21/17    Entered 06/21/17 18:49:01    Exhibit A
Pg 68 of 70

    o.       Mellon Private Asset Management;

    p.       W.P. Steward & Co.;

    q.       AllianceBernstein;

    r.       WTC-Archipelago Partners, LP;

    s.       Evelyn Pless;

    t.       AccounTax Pros LLC.

**ANSWER:**


18.    With respect to Your sixteenth and seventeenth affirmative defenses, please Identify the following:

    a.       The amount of monies used to pay tax obligations;

    b.       The amount of monies used to meet funding or other commitments to organizations that meet the requirements for tax-exempt status;

    c.       The taxing authorities or other persons who received monies;

    d.       The date such monies were provided to such taxing authorities or other persons;

    e.       Documents that evidence such use of monies.

**ANSWER:**

Dated:   August 18, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*/s/ Nicholas J. Cremona*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 18th day of

August, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

_____
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

14