# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

October 4, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Richard Levy, Jr. (rlevy@pryorcashman.com)
David Rose (drose@pryorcashman.com)
Eric D. Dowell (edowell@pryorcashman.com)
Pryor Cashman LLP
7 Times Square
New York, New York 10036-6569

Re:    Adv. Pro. No. 10-05439 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Avram J. Goldberg, individually and in his capacity as trust officer for The Sidney R. Rabb Trust FBO Carol Goldberg, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

In light of ██████████ recent health concerns, we agreed to extend the deadline for Defendants' Responses to the Trustee's Interrogatories, which were due on September 22, 2016. We will extend this deadline an additional 90 days, until December 21, 2016.  Please let us know if you need additional time.

The Trustee's First Sets of Requests for Production to Defendants are attached. We will agree to the same response deadline of December 21, 2016.

The attached proposed Amended Case Management Notice will move the fact discovery deadline from January 7, 2017 to March 31, 2017. Please confirm that we have your permission to file.

We will contact each of the subpoena targets for the Rule 45 subpoenas that we served and advise them to preserve all documents until a new return date of January 21, 2017. Similarly, we will notice and serve subpoenas to AllianceBernstein, LP, AccounTax Pros, LLC, and Marcum LLP so that documents can be preserved, and set a response date of January 21, 2017.

**EXHIBIT B**

Richard Levy, Jr.
David Rose
Eric D. Dowell
October 4, 2016
Page 2

If you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt

Enclosures

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SIDNEY R. RABB TRUST FBO CAROL GOLDBERG

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules
of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to
this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules") and the applicable local rules of the United States District Court for the Southern District
of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for
the substantively consolidated Liquidation of Bernard L. Madoff Investment Securities LLC
("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78lll ("SIPA"), and
the Estate of Bernard L. Madoff, hereby requests by and through the Trustee's counsel, Baker &
Hostetler LLP, hereby demands that Defendant Sidney R. Rabb Trust FBO Carol Goldberg
produce documents responsive to the requests for production of documents set forth herein (the
"Request" or "Requests") to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main
St., Suite 1100, Houston, Texas 77002, on December 21, 2016.

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting..

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0104, 1G0289, and

1R0182, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which

any Defendant had any interest in any capacity, whether individually or as a fiduciary, and

whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States

Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning July 27, 1995 through the

December 31, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

6.      "Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg;

M. Gordon Ehrlich; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and

where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or

affiliates (this definition is not intended to impose a discovery obligation on any person who is

not a party to the litigation).

7.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person

acting on behalf of BLMIS to the Sidney R. Rabb Trust FBO Carol Goldberg or to any Person or

entity acting on behalf of the Sidney R. Rabb Trust FBO Carol Goldberg between December 11,

2006 and December 11, 2008.

8.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11

U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the

foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or

conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

9.      "You," "Your," or "Trust" means the Sidney R. Rabb Trust FBO Carol Goldberg and anyone acting on behalf of the Sidney R. Rabb Trust FBO Carol Goldberg, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest.

10.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

2.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by December 21, 2016 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.    If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.    If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

>    Identifies the type, title and subject matter of the Document;

>    Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

>    Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.    Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the

June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.      Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure.  For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database load files and production media structure</u>:    Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.  If any of the Documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the

Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.  <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.  <u>Emails and attachments, and other email account-related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.  <u>Documents and data created or stored in or by structured electronic databases</u>:  With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data

dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.          XML format file(s);

b.          Microsoft SQL database(s);

c.          Access database(s); and/or

d.          fixed or variable length ASCII delimited files.

6.      Spreadsheets, multimedia, and non-standard file types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.      "Other" electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>:    Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents referenced in Defendants' Initial Disclosures served on or about December 18, 2015, including, but not limited to, Documents in the following categories:

      a.    Documents relating to, among other things, the transactions identified in the Amended Complaint and the Defendants' affirmative defenses and other responses or defenses to the claims and causes of action asserted in the Amended Complaint;

      b.    Account statements of Madoff Securities issued to the customer-Defendant;

      c.    Communications with Madoff Securities; and

      d.    Documents reflecting payments by the customer-Defendant made to taxing authorities on account of dividends and/or profits reported by Madoff Securities.

2.    Monthly statements for the Accounts.

3.    Communications between any person on behalf of the Trust and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

4.    Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

5.    Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of any such distribution.

6.    Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

7.    Documents sufficient to Identify any refund(s) requested or received by the Trust of any state or federal taxes paid in connection with the Accounts.

8.    Documents and Communications Concerning the formation and purpose of the Sidney R. Rabb Trust FBO Carol Goldberg.

9.    Any Trust instruments, including any amendments, Concerning the Trust.

10.    Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

11.    Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

12.    Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

12

13.     Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

14.     Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

15.     Documents Concerning any Transfers to the Trust or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

16.     Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

17.     Documents and Communications with any of the following Concerning the Accounts or BLMIS.

      a.     Robert H. Charron;

      b.     Carlin, Charron & Rosen LLP;

      c.     Marcum, LP;

      d.     David Desmarais;

      e.     Kahn, Litwin, Renza & Co.;

      f.     Gregory C. DeSisto;

      g.     Jeffrey Croteau;

      h.     Michelle Tarr;

      i.     Kristy Pischetola;

      j.     Prime, Bucholz & Associates, Inc.;

      k.     Diane Siegrist;

      l.     Cathy Bigelow;

m.    Erica Poless;

n.    Mellon Trust of New England;

o.    Mellon Private Asset Management;

p.    W.P. Steward & Co.;

q.    AllianceBernstein;

r.    WTC-Archipelago Partners, LP;

s.    Evelyn Pless;

t.    AccounTax Pros LLC.

18.    Documents Concerning how the Trust used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

19.    Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

20.    Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

Dated:   October 4, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
_____
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 4th day of

October, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

Dean Hunt w/p KA

*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate of
Bernard L. Madoff*

15

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AVRAM J. GOLDBERG

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated Liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78lll ("SIPA"), and

the Estate of Bernard L. Madoff, hereby requests by and through the Trustee's counsel, Baker &

Hostetler LLP, hereby demands that Defendant Avram J. Goldberg produce documents

responsive to the requests for production of documents set forth herein (the "Request" or

"Requests") to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main St., Suite 1100,

Houston, Texas 77002, on December 21, 2016.

2

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting..

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0104, 1G0289, and

1R0182, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which

any Defendant had any interest in any capacity, whether individually or as a fiduciary, and

whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning July 27, 1995 through the December 31, 2009.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.    "Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg; M. Gordon Ehrlich; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates (this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation).

7.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Avram J. Goldberg or to any Person or entity acting on behalf of Avram J. Goldberg between December 11, 2006 and December 11, 2008.

8.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

9.    "You" or "Your" means Avram J. Goldberg individually and in Your capacity as Trust Officer for the Sidney R. Rabb Trust FBO Carol Goldberg, and/or anyone acting on behalf of or for the benefit of Avram J. Goldberg including any predecessors or successor(s)-in-interest.

10.    "Trust" means Sidney R. Rabb Trust FBO Carol Goldberg and anyone acting on behalf of Sidney R. Rabb Trust FBO Carol Goldberg, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest.

11.    For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa.

2.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by December 21, 2016 or by another reasonable time

specifically identified in the response. When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

    4.    If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

    5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

    6.    If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

    7.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

        Identifies the type, title and subject matter of the Document;

        Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

        Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

    8.    Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above

must be provided. The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.      Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013: (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

> (i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

> (ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

> (iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

> (iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

> (i) any confidential designations;

> (ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

> (iii) notification that Documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

> (i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

> (ii) inadvertent production or disclosure of any Document or other material otherwise

protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.      All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      <u>Database load files and production media structure</u>:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.  If any of the Documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:    All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data

dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.        XML format file(s);

b.        Microsoft SQL database(s);

c.        Access database(s); and/or

d.        fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, multimedia, and non-standard file types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    <u>"Other" electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.    Documents referenced in Defendants' Initial Disclosures served on or about December 18, 2015, including, but not limited to, Documents in the following categories:

    a.  Documents relating to, among other things, the transactions identified in the Amended Complaint and the Defendants' affirmative defenses and other responses or defenses to the claims and causes of action asserted in the Amended Complaint;

    b.  Account statements of Madoff Securities issued to the customer-Defendant;

    c.  Communications with Madoff Securities; and

    d.  Documents reflecting payments by the customer-Defendant made to taxing authorities on account of dividends and/or profits reported by Madoff Securities.

2.    Monthly statements for the Accounts.

3.    Communications between You and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

4.    Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

5.    Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of any such distribution.

6.    Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

7.    Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Account.

8.    Documents and Communications Concerning the formation and purpose of the AvCar Group Ltd.

9.    Documents and Communications Concerning the formation and purpose of the Sidney R. Rabb Trust FBO Carol Goldberg.

10.    The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of the AvCar Group Ltd.

11.    Any Trust instruments, including any amendments, Concerning the Trust.

12.    Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

13.    Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

12

14.    Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

15.    Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

16.    Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

17.    Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

18.    Documents Concerning any Transfers to You or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

19.    Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

20.    Documents and Communications with any of the following Concerning the Accounts or BLMIS:

     a.    Robert H. Charron;

     b.    Carlin, Charron & Rosen LLP;

    c.      Marcum, LP;

    d.      David Desmarais;

    e.      Kahn, Litwin, Renza & Co.;

    f.      Gregory C. DeSisto;

    g.      Jeffrey Croteau;

    h.      Michelle Tarr;

    i.      Kristy Pischetola;

    j.      Prime, Bucholz & Associates, Inc.;

    k.      Diane Siegrist;

    l.      Cathy Bigelow;

    m.      Erica Poless;

    n.      Mellon Trust of New England;

    o.      Mellon Private Asset Management;

    p.      W.P. Steward & Co.;

    q.      AllianceBernstein;

    r.      WTC-Archipelago Partners, LP;

    s.      Evelyn Pless;

    t.      AccounTax Pros LLC.

21.    Documents Concerning how You used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

22.    Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

23.    Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

Dated:  October 4, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 4th day of

October, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

_Dean Hunt w/p KBG_
_____

*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

15

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT M. GORDON EHRLICH

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated Liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78lll ("SIPA"), and

the Estate of Bernard L. Madoff, hereby requests by and through the Trustee's counsel, Baker &

Hostetler LLP, hereby demands that Defendant M. Gordon Ehrlich produce documents

responsive to the requests for production of documents set forth herein (the "Request" or

"Requests") to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main St., Suite

1100, Houston, Texas 77002, on December 21, 2016.

2

## DEFINITIONS

1.     All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

> **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

> **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

> **Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

> **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

> **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

> **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting..

2.     "Account" or "Accounts" means BLMIS Account Nos. 1G0104, 1G0289, and

1R0182, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which

any Defendant had any interest in any capacity, whether individually or as a fiduciary, and

whether directly or indirectly.

3.     "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning July 27, 1995 through the December 31, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg; M. Gordon Ehrlich; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates (this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation).

7.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to M. Gordon Ehrlich or to any Person or entity acting on behalf of M. Gordon Ehrlich between December 11, 2006 and December 11, 2008.

8.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

9.    "You" or "Your" means M. Gordon Ehrlich in his capacity as Trustee of the Sidney R. Rabb Trust FBO Carol Goldberg, and as attorney-in-fact for Carol R. Goldberg, Avram J. Goldberg, and the Carol R. Goldberg and Avram J. Goldberg Special Account, and/or anyone acting on behalf of or for the benefit of M. Gordon Ehrlich including any predecessors or successor(s)-in-interest.

10.    "Trust" means the Sidney R. Rabb Trust FBO Carol Goldberg and anyone acting on behalf of the Sidney R. Rabb Trust FBO Carol Goldberg, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest.

11.    For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

2.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.    In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by December 21, 2016 or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.    If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.    If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

>    Identifies the type, title and subject matter of the Document;

>    Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

>    Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.      Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.      Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure.  For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.      All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      Database load files and production media structure:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.  If any of the Documents produced in response to these requests are designated as

confidential pursuant to the Litigation Protective Order, in addition to marking the Documents

with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a confidential field within the load file, with a "yes" or "no" indicating whether the

Document has been designated as confidential, as well as native file loading/linking information

(where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data

or materials created, stored, or displayed on electronic or electro-magnetic media shall be

produced in the order in which the Documents are or were stored in the ordinary course of

business, including all reasonably accessible metadata, custodian or Document source

information, and searchable text as to allow the Trustee, through a reasonable and modest effort,

to fairly, accurately, and completely access, search, display, comprehend, and assess the

Document's true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:    All

Documents and accompanying metadata created and/or stored in the ordinary course of business

within commercial, off-the-shelf email systems including but not limited to Microsoft

Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format,

accompanying metadata, and searchable text files or, alternately, in a format that fairly,

accurately, and completely represents each Document in such a manner as to make the

Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>:

With the exclusion of email and email account-related Documents and data, all Documents and

accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the Trustee to reasonably manage and import those Documents

into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

    a.        XML format file(s);

    b.        Microsoft SQL database(s);

    c.        Access database(s); and/or

    d.        fixed or variable length ASCII delimited files.

    6.    <u>Spreadsheets, multimedia, and non-standard file types</u>:  All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media.  To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

    7.    <u>"Other" electronic Documents</u>:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image

files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and

searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents:    Documents originally created or stored on paper shall be

produced in tiff format.  Relationships between Documents shall be identified within the .dat file

utilizing Document identifier numbers to express parent Document/child attachment boundaries,

folder boundaries, and other groupings.  In addition, the searchable text of each Document shall

be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents referenced in Defendants' Initial Disclosures served on or about

December 18, 2015, including, but not limited to, Documents in the following categories:

    a.  Documents relating to, among other things, the transactions identified in the
Amended Complaint and the Defendants' affirmative defenses and other
responses or defenses to the claims and causes of action asserted in the
Amended Complaint;

    b.  Account statements of Madoff Securities issued to the customer-Defendant;

    c.  Communications with Madoff Securities; and

    d.  Documents reflecting payments by the customer-Defendant made to taxing
authorities on account of dividends and/or profits reported by Madoff
Securities.

2.    Monthly statements for the Accounts.

3.    Communications between You and BLMIS Concerning the Accounts, including

Transfers to and from the Accounts.

4.    Defendants' bank and/or brokerage account records, including, but not limited to,

Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase,

Chase Manhattan Bank, and Morgan Stanley account records, for the period between and

including December 11, 2006 and December 31, 2009, for any accounts that received Initial

Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

5.　　Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of such distribution.

6.　　Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

7.　　Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Accounts.

8.　　Documents and Communications Concerning the formation and purpose of the Sidney R. Rabb Trust FBO Carol Goldberg.

9.　　Any Trust instruments, including any amendments, Concerning the Trust.

10.　　Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

11.　　Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

12.　　Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by

the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

13.    Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

14.    Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

15.    Documents Concerning any Transfers to You or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

16.    Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

17.    Documents and Communications with any of the following Concerning the Accounts or BLMIS:

      a.    Robert H. Charron;

      b.    Carlin, Charron & Rosen LLP;

      c.    Marcum, LP;

      d.    David Desmarais;

      e.    Kahn, Litwin, Renza & Co.;

      f.    Gregory C. DeSisto;

      g.    Jeffrey Croteau;

      h.    Michelle Tarr;

      i.    Kristy Pischetola;

      j.    Prime, Bucholz & Associates, Inc.;

k.      Diane Siegrist;

l.      Cathy Bigelow;

m.      Erica Poless;

n.      Mellon Trust of New England;

o.      Mellon Private Asset Management;

p.      W.P. Steward & Co.;

q.      AllianceBernstein;

r.      WTC-Archipelago Partners, LP;

s.      Evelyn Pless;

t.      AccounTax Pros LLC.

18.     Documents Concerning how You used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

19.     Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

20.     Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

Dated:   October 4, 2016

/s/ Nicholas J. Cremona

Of Counsel:

David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 4th day of

October, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

_Dean Hunt w/p_

*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

15

300417757.5

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CAROL R. GOLDBERG

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78lll ("SIPA"), and the Estate of Bernard L. Madoff, hereby requests by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Carol R. Goldberg produce documents responsive to the requests for production of documents set forth herein (the "Request" or "Requests") to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main St., Suite 1100, Houston, Texas 77002, on December 21, 2016.

2

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information
(in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal
in scope to the usage of the term "documents or electronically stored information" in Fed.
R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the
meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify"
means to give, to the extent known, the (i) type of document; (ii) general subject matter;
(iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the
alternative, the responding party may produce the documents, together with identifying
information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means
to give, to the extent known, the person's full name, present or last known address, and
when referring to a natural person, additionally, the present or last known place of
employment. Once a person has been identified in accordance with this subparagraph,
only the name of that person need be listed in response to subsequent discovery
requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated
name or a pronoun referring to a party mean the party and, where applicable, its officers,
directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition
is not intended to impose a discovery obligation on any person who is not a party to the
litigation.

**Concerning**. The term "concerning" means relating to, referring to, describing,
evidencing or constituting..

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0104, 1G0289, and

1R0182, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which

any Defendant had any interest in any capacity, whether individually or as a fiduciary, and

whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States Bankruptcy Court for the Southern District of New York.

4.      "Applicable Period" means the period beginning July 27, 1995 through December 31, 2009.

5.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg; M. Gordon Ehrlich; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates (this definition is not intended to impose a discovery obligation on any person who is not a party to the litigation).

7.      "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Carol R. Goldberg or to any Person or entity acting on behalf of Carol R. Goldberg between December 11, 2006 and December 11, 2008.

8.      "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

9.      "You" or "Your" means Carol R. Goldberg individually and in Your capacity as trustee of the Sidney R. Rabb Trust FBO Carol Goldberg, and/or anyone acting on behalf of or for the benefit of Carol R. Goldberg including any predecessors or successor(s)-in-interest.

10.     "Trust" means Sidney R. Rabb Trust FBO Carol Goldberg and anyone acting on behalf of Sidney R. Rabb Trust FBO Carol Goldberg, including, but not limited to, all current and former trustees and/or any predecessors- or successors-in-interest.

11.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

## INSTRUCTIONS

1.      All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number.** The use of the singular form of any word includes the plural and vice versa.

2.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.      In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by December 21, 2106 or by another reasonable time

specifically identified in the response. When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.      If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.      Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.      If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.      If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

> Identifies the type, title and subject matter of the Document;
>
> Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and
>
> Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.      Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above

must be provided. The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.    Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013: (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

> (i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

> (ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

> (iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

> (iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

> (i) any confidential designations;

> (ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

> (iii) notification that Documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

> (i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

> (ii) inadvertent production or disclosure of any Document or other material otherwise

protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.      All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.      <u>Database load files and production media structure</u>:  Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images.  Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder.  If any of the Documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:    All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data

dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.          XML format file(s);

b.          Microsoft SQL database(s);

c.          Access database(s); and/or

d.          fixed or variable length ASCII delimited files.

6.    <u>Spreadsheets, multimedia, and non-standard file types</u>: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    <u>"Other" electronic Documents</u>: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents referenced in Defendants' Initial Disclosures served on or about December 18, 2015, including, but not limited to, Documents in the following categories:

    a.  Documents relating to, among other things, the transactions identified in the Amended Complaint and the Defendants' affirmative defenses and other responses or defenses to the claims and causes of action asserted in the Amended Complaint;

    b.  Account statements of Madoff Securities issued to the customer-Defendant;

    c.  Communications with Madoff Securities; and

    d.  Documents reflecting payments by the customer-Defendant made to taxing authorities on account of dividends and/or profits reported by Madoff Securities.

2.    Monthly statements for the Accounts.

3.    Communications between You and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

4.    Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

5.       Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any such distribution.

6.       Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

7.       Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Account.

8.       Documents and Communications Concerning the formation and purpose of the AvCar Group Ltd.

9.       Documents and Communications Concerning the formation and purpose of the Sidney R. Rabb Trust FBO Carol Goldberg.

10.      The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of the AvCar Group Ltd.

11.      Any Trust instruments, including any amendments, Concerning the Trust.

12.      Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

13.      Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

14.    Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

15.    Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

16.    Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

17.    Documents Concerning any Transfers to You or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

18.    Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

19.    Documents and Communications with any of the following Concerning the Accounts or BLMIS:

      a.    Robert H. Charron;

      b.    Carlin, Charron & Rosen LLP;

      c.    Marcum, LP;

      d.    David Desmarais;

      e.    Kahn, Litwin, Renza & Co.;

      f.    Gregory C. DeSisto;

      g.    Jeffrey Croteau;

h.    Michelle Tarr;

i.    Kristy Pischetola;

j.    Prime, Bucholz & Associates, Inc.;

k.    Diane Siegrist;

l.    Cathy Bigelow;

m.    Erica Poless;

n.    Mellon Trust of New England;

o.    Mellon Private Asset Management;

p.    W.P. Steward & Co.;

q.    AllianceBernstein;

r.    WTC-Archipelago Partners, LP;

s.    Evelyn Pless;

t.    AccounTax Pros LLC.

20.    Documents Concerning how You used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

21.    Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

22.    Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

Dated:   October 4, 2016

/s/ Nicholas J. Cremona
_____

Of Counsel:

David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

**BAKER & HOSTETLER LLP**

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 4th day of

October, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

_Dean Hunt w/p KK_

*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

1

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05439 (SMB) |
| Plaintiff, | |
| v. | |
| AVRAM J. GOLDBERG, individually and in his capacity as trust officer for The Sidney R. Rabb Trust | |

FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her
capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and as
attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

                                            Defendants.

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE AVCAR GROUP LTD.

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules

of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to

this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the applicable local rules of the United States District Court for the Southern District

of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for

the substantively consolidated Liquidation of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78lll ("SIPA"), and

the Estate of Bernard L. Madoff, hereby requests by and through the Trustee's counsel, Baker &

Hostetler LLP, hereby demands that Defendant The Avcar Group Ltd., produce documents

responsive to the requests for production of documents set forth herein (the "Request" or

"Requests") to the office of Baker & Hostetler LLP, c/o Dean D. Hunt, 811 Main St., Suite 1100,

Houston, Texas 77002, on December 21, 2016.

2

## DEFINITIONS

1.      All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the

Bankruptcy Rules, apply to these Requests and are as follows:

**Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting..

2.      "Account" or "Accounts" means BLMIS Account Nos. 1G0104, 1G0289, and

1R0182, as set forth in Exhibit A to the Complaint, and/or any other BLMIS account in which

any Defendant had any interest in any capacity, whether individually or as a fiduciary, and

whether directly or indirectly.

3.      "Adversary Proceeding" means the civil action captioned *Irving H. Picard,*

*Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment*

3

*Securities LLC and Bernard L. Madoff v. Avram J. Goldberg, et al.*, pending in the United States
Bankruptcy Court for the Southern District of New York.

4.    "Applicable Period" means the period beginning July 27, 1995 through the
December 31, 2009.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff
Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth
Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,
directors, agents, representatives, employees, partners, parent companies, subsidiaries,
predecessor or successor and related entities, and affiliates of the above specifically identified
Persons and entities.

6.    Defendants" means all of the following: Avram J. Goldberg; Carol R. Goldberg;
M. Gordon Ehrlich; Sidney R. Rabb Trust RBO Carol Goldberg; and the AvCar Group Ltd., and
where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or
affiliates (this definition is not intended to impose a discovery obligation on any person who is
not a party to the litigation).

7.    "Initial Transfer" means any and all Transfers made by BLMIS or any Person
acting on behalf of BLMIS to The AvCar Group Ltd. or to any Person or entity acting on behalf
of The AvCar Group Ltd. between December 11, 2006 and December 11, 2008.

8.    "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11
U.S.C. § 101(54):  (a) the creation of a lien; (b) the retention of title as a security interest; (c) the
foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or
conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an
interest in property.

9.     "You" or "Your" means The AvCar Group Ltd. in any capacity, and/or anyone acting on behalf of or for the benefit of The AvCar Group Ltd. including any predecessors or successor(s)-in-interest.

3.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Requests.

## INSTRUCTIONS

1.     All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa.

2.     In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.     In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed either by December 21, 2016, or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.     If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5.    Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6.    If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

> Identifies the type, title and subject matter of the Document;

> Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and

> Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8.    Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided.  The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9.    Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013:  (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

> (i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

> (ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

> (iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

> (iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

> (i) any confidential designations;

> (ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

> (iii) notification that Documents have been requested for disclosure.  For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

> (i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

> (ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.      All Documents produced to the Trustee shall be provided in either native file

("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified

below, along with appropriately formatted industry-standard database load files, and

accompanied by true and correct copies or representations of unaltered attendant metadata.

Where Documents are produced in tiff format, each Document shall be produced along with a

multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-

standard text extraction program in the case of electronic originals, or by an industry-standard

Optical Character Recognition ("ocr") program in the case of scanned paper Documents.

Searchable text of Documents shall not be produced as fielded data within the ".dat file" as

described below.

2.      <u>Database load files and production media structure</u>:   Database load files shall

consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier

information, data designed to preserve "parent and child" relationships within Document

"families," reasonably accessible and properly preserved metadata (or bibliographic coding in

the case of paper Documents), custodian or Document source information; and (ii) an Opticon

(".opt") file to facilitate the loading of tiff images.   Load files should be provided in a root-level

folder named "Data," images shall be provided within a root level "Images" folder containing

reasonably structured subfolders, and searchable text files shall be provided in a single root-level

"Text" folder.   If any of the Documents produced in response to these requests are designated as

confidential pursuant to the Litigation Protective Order, in addition to marking the Documents

with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL,"

also include a confidential field within the load file, with a "yes" or "no" indicating whether the

Document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Document's true and original content.

4.    <u>Emails and attachments, and other email account-related Documents</u>:    All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly, accurately, and completely represents each Document in such a manner as to make the Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.    <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related Documents and data, all Documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those Documents into a useable, coherent database.  Documents must be accompanied with reasonably detailed documentation explaining each Document's content and format, including but not limited to data

dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a.        XML format file(s);

b.        Microsoft SQL database(s);

c.        Access database(s); and/or

d.        fixed or variable length ASCII delimited files.

6.    Spreadsheets, multimedia, and non-standard file types: All Documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein. Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.    "Other" electronic Documents: All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    <u>Paper Documents</u>:    Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Documents referenced in Defendants' Initial Disclosures served on or about December 18, 2015, including, but not limited to, Documents in the following categories:

    a.  Documents relating to, among other things, the transactions identified in the Amended Complaint and the Defendants' affirmative defenses and other responses or defenses to the claims and causes of action asserted in the Amended Complaint;

    b.  Account statements of Madoff Securities issued to the customer-Defendant;

    c.  Communications with Madoff Securities; and

    d.  Documents reflecting payments by the customer-Defendant made to taxing authorities on account of dividends and/or profits reported by Madoff Securities.

2.    Monthly statements for the Accounts.

3.    Communications between any person on behalf of the AvCar Group Ltd. and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

4.    Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

5.      Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of any such distribution.

6.      Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

7.      Documents sufficient to Identify any refund(s) requested or received by the AvCar Group Ltd. of any state or federal taxes paid in connection with the Accounts.

8.      Documents and Communications Concerning the formation and purpose of the AvCar Group Ltd.

9.      The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of the AvCar Group Ltd.

10.     Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

11.     Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

12.     Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by

the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

13.     Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

14.     Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

15.     Documents Concerning any Transfers to You or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

16.     Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

17.     Documents and Communications with any of the following Concerning the Accounts or BLMIS:

      a.     Robert H. Charron;

      b.     Carlin, Charron & Rosen LLP;

      c.     Marcum, LP;

      d.     David Desmarais;

      e.     Kahn, Litwin, Renza & Co.;

      f.     Gregory C. DeSisto;

      g.     Jeffrey Croteau;

      h.     Michelle Tarr;

      i.     Kristy Pischetola;

      j.     Prime, Bucholz & Associates, Inc.;

k.    Diane Siegrist;

l.    Cathy Bigelow;

m.    Erica Poless;

n.    Mellon Trust of New England;

o.    Mellon Private Asset Management;

p.    W.P. Steward & Co.;

q.    AllianceBernstein;

r.    WTC-Archipelago Partners, LP;

s.    Evelyn Pless;

t.    AccounTax Pros LLC.

18.    Documents Concerning how the AvCar Group Ltd. used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

19.    Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

20.    Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

Dated:   October 4, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

/s/ Nicholas J. Cremona
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 4th day of

October, 2016 by electronic mail and First Class mail upon the following:

Richard Levy
David Rose
Eric D. Dowell
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

_Dean Hunt_ w/p _KBd_

_An Attorney for Irving H. Picard, Trustee_
_for the Substantively Consolidated SIPA_
_Liquidation of Bernard L. Madoff_
_Investment Securities LLC and the Estate of_
_Bernard L. Madoff_

15

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

                              Plaintiff,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                              Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA Liquidation

(Substantively Consolidated)

---

In re:

BERNARD L. MADOFF,

                              Debtor.

---

IRVING H. PICARD, Trustee for the Substantively
Consolidated SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L. Madoff,

                              Plaintiff,

        v.

AVRAM J. GOLDBERG, individually and in his
capacity as trust officer for The Sidney R. Rabb Trust
FBO Carol Goldberg,

CAROL R. GOLDBERG, individually and in her

Adv. Pro. No. 10-05439 (SMB)

capacity as trustee of The Sidney R. Rabb Trust FBO
Carol Goldberg,

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, and
as attorney-in-fact for Carol R. Goldberg, Avram J.
Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account,

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

                                        Defendants.

## AMENDED CASE MANAGEMENT NOTICE

PLEASE TAKE NOTICE, that pursuant to the Order (1) Establishing Litigation Case
Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010
Protective Order (the "Order") [Dkt. No. 3141] entered by the Bankruptcy Court in the above
captioned SIPA liquidation, Adv. Pro. No. 08-01789 (SMB), on November 10, 2010, the
following deadlines are hereby made applicable to this adversary proceeding:

1.    Fact Discovery shall be completed by: March 31, 2017.

2.    The Disclosure of Case-in-Chief Experts shall be due: June 21, 2017.

3.    The Disclosure of Rebuttal Experts shall be due: July 21, 2017.

4.    The Deadline for Completion of Expert Discovery shall be: August 21, 2017.

5.    The Deadline for Service of a Notice of Mediation Referral shall be: On or before August
28, 2017.

6.    The Deadline to Choose a Mediator and File a Notice of Mediator Selection shall be:  On
or before September 11, 2017.

7.    The Deadline for Conclusion of Mediation shall be:  On or before January 9, 2018.

Dated: New York, New York
      October ___, 2016

Of Counsel:

**BAKER HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

BAKER & HOSTETLER LLP


By: */s/ Nicholas J. Cremona*
David J. Sheehan
Nicholas J. Cremona
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and for the Estate of Bernard*
*L. Madoff*