PRYOR CASHMAN LLP
Richard Levy, Jr.: rlevy@pryorcashman.com
David C. Rose:    drose@pryorcashman.com
Eric D. Dowell:    edowell@pryorcashman.com
7 Times Square
New York, New York  10036
Tel:    (212) 421-4100
Fax:    (212) 326-0806
*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORUPRATION,<br><br>             Plaintiff-Appellant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>             Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>             Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>            Plaintiff,<br><br>    v.<br><br>AVRAM J. GOLDBERG, individually and in his Capacity as trust officer for The Sidney R. Rabb Trust<br><br>CAROL R. GOLDBERG, individually and in her capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg,<br><br>M. GORDON EHRLICH, in his capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, Avram | Adv. Pro. No. 10-05439(SMB) |


EXHIBIT

H

J. Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## RESPONSES AND OBJECTIONS OF DEFENDANT AVCAR GROUP LTD.
## TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant AvCar Group Ltd. ("Defendant"), by its attorneys Pryor Cashman LLP,
responds to the first set of requests for production of documents (the "Requests") by plaintiff
Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC
(the "Trustee").

### GENERAL OBJECTIONS

Defendant makes its objections to specific Requests by, among other things,
incorporating by reference the following objections (the "General Objections"), as appropriate:

1.      Defendant objects to the Requests to the extent they call for the disclosure of
information or the production of documents prepared solely for litigation or settlement purposes
or protected by the attorney-client privilege, the work product doctrine, the joint-defense
privilege, the common interest privilege, or any other applicable privilege, immunity, statute,
regulation or rule. Defendant will not provide any documents subject to such privileges. The
inadvertent disclosure of any privileged information or production of any privileged documents
shall not be deemed to be a waiver of any applicable privilege with respect to such information
or documents.

2

2.      Defendant objects to the Requests to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure, this Court's Local Rules and relevant case law.

3.      Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents containing confidential or proprietary information, without the protection of a so-ordered confidentiality order.

4.      Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents not within Defendant's knowledge, possession, custody or control.  Defendant has made or will make a reasonably diligent inquiry concerning the subject matter of the Requests.

5.      Defendant objects to the Requests to the extent they seek the production of documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.   In addition to the foregoing General and Specific Objections, Defendant further objects  to the Requests to the extent that they seek documents that are duplicative of documents already in the possession, custody or control of the Trustee.

6.      Neither an indication that documents will be produced nor an objection to a particular Request indicates that documents responsive to that Request exist.  By agreeing to comply with a particular Request, Defendant represents only that she will conduct a reasonably diligent search as indicated above and, subject to all objections, will produce non-objectionable, non-privileged documents responsive thereto.

7.      Defendant objections to these Requests to the extent that they seek information related to transfers that Defendant received from or made to other persons or entities.  If this action proceeds to judgment, such receipts or uses of funds may become relevant that the time of

enforcement or collection of the judgment. Until such time, discovery directed to Defendant's finances is intrusive, harassing, unlikely to lead to the discovery of admissible evidence, unduly burdensome and expenses, and outside the scope of proper discovery.

8.    Defendant objects to the definition of "Account(s)" as vague, ambiguous, overbroad and unduly burdensome. As defined, the term would include BLMIS accounts that are not relevant to this action. In responding to these Requests, Defendant construes and understands the term to mean solely the BLMIS Account referenced in Exhibits A and B to the Amended Complaint.

9.    Unless otherwise stated, Defendant limits its responses to subject matter pertaining to the period between December 11, 2006 and December 11, 2008, based on the application of Section 546(e) of the Bankruptcy Code to the Amended Complaint under judicial decisions controlling in this action.

## SUPPLEMENTATION

Defendant makes these responses based upon its knowledge as of the date of these responses. Defendant expressly reserves the right to modify and supplement its responses and objections should she discover additional documents responsive to the Requests prior to, though, and including the trial of this action. Defendant hereby reserves the right to introduce into evidence at trial, hearing or other proceedings in this action, information discovered subsequent to the date of these responses.

## NON-WAIVER OF OBJECTIONS AND RIGHTS

If Defendant provides information in response to the Requests, which information is or may be the subject of any of the foregoing objections, including, but not limited to, any applicable privileges or doctrines, such a provision is not intended to be nor shall it be deemed a

waiver of objections with respect to such information or withheld information, nor shall it be deemed a waiver with respect to admissibility of any such information into evidence at any trial or hearing.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

Subject to and without waiver of the foregoing General Objections and conditions, which apply to each Request as if set forth fully below, Defendant makes the following specific responses and objections:

## DOCUMENT REQUEST NO. 1:

Documents referenced in Defendants' Initial Disclosures served on or about December 18, 2015, including, but not limited to, Documents in the following categories:

   a.    Documents relating to, among other things, the transactions identified in the Amended Complaint and the Defendants' affirmative defenses and other responses or defenses to the claims and causes of action asserted in the Amended Complaint;

   b.    Account statements of Madoff Securities issued to the customer-Defendant;

   c.    Communications with Madoff Securities; and

   d.    Documents reflecting payments by the customer-Defendant made to taxing authorities on account of dividends and/or profits reported by Madoff Securities.

## RESPONSE TO REQUEST NO. 1:

In addition to the foregoing General Objections, Goldberg objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant o r necessary to the prosecution or defense of this action. Moreover, Defendant refers to its Responses to the Trustee's First Requests for Admission, in which it stipulated to various entries in E xhibit B to the Amended Complaint regarding the Transfers.

Defendant further objects to this Request to the extent that it seeks discovery concerning Subsequent Transfers. As determined by the Bankruptcy Court in its Memorandum Decision

Regarding Omnibus Motions to Dismiss, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs.* LLC, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. June 2, 2015) (ECF No. 10089), such allegations fail to provide "the 'necessary vital statistics – the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds.... The barebones allegations of subsequent transfer are insufficient. They lack the 'vital statistics' and the fact that the subsequent transferee defendants [may] have ownership interest in the initial transferees is insufficient to plead a subsequent transfer claim." *Id.* at 50, 51 (citations omitted). The Amended Complaint in this adversary proceeding is equally insufficient to support such claims or discovery. The proposed discovery on these matters, moreover, constitutes improper and premature discovery concerning post-judgment remedies and sources for enforcement and collection if the Trustee were to obtain the entry of judgment in its favor for the avoidance and recovery of Transfers.

Unless the Trustee voluntarily withdraws such allegations in this adversary proceeding, Goldberg reserves the right to seek formal dismissal of such allegations and the associated claims pursuant to Fed. R. Civ. P. 12(c) (made applicable by Fed. R. Bankr. P. 7012(b)), and such other relief as the Court may determine to be just and proper.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 2:

Monthly statements for the Accounts.

## RESPONSE TO REQUEST NO. 2:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Moreover, Defendant refers to its Responses to the Trustee's First Requests for Admission, in which it stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 3:

Communications between any person on behalf of the AvCar Group Ltd. and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

## RESPONSE TO REQUEST NO. 3:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. nt furtherDefenda objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to

the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 4:

Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

## RESPONSE TO REQUEST NO. 4:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Moreover, Defendant refers to its Responses to the Trustee's First Requests for Admission, in which it stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 5:**

Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of any such distribution.

**RESPONSE TO REQUEST NO.5:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Moreover, Defendant refers to its Responses to the Trustee's First Requests for Admission, in which it stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

**RESPONSE TO REQUEST NO. 6:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 7:

Documents sufficient to Identify any refund(s) requested or received by the AvCar Group Ltd. of any state or federal taxes paid in connection with the Accounts.

## RESPONSE TO REQUEST NO. 7:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Any tax refunds received in connection with the Account have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Accordingly, Defendant will not produce documents in response to this Request to the extend they involve tax refunds.

## DOCUMENT REQUEST NO. 8:

Documents and Communications Concerning the formation and purpose of the AvCar Group Ltd.

## RESPONSE TO REQUEST NO. 8:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, and the purpose of the entity, have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 9:

The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of the AvCar Group Ltd.

## RESPONSE TO REQUEST NO. 9:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, the purpose of the entity and the governance of the entity have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. In addition, certain of the information sought by the Trustee is publicly available from state corporation agencies equally available to the Trustee. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 10:

Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

## RESPONSE TO REQUEST NO. 10:

Defendant objects to this Request as premature. Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, at the appropriate time.

## DOCUMENT REQUEST NO. 11:

Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

## RESPONSE TO REQUEST NO. 11:

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

## DOCUMENT REQUEST NO. 12:

Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

## RESPONSE TO REQUEST NO. 12:

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

## DOCUMENT REQUEST NO. 13:

Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to Request as premature. Defendant incorporates by reference its response to Request No. 12.

**DOCUMENT REQUEST NO. 14:**

Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

**RESPONSE TO REQUEST NO. 14:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is duplicative of other Requests, overbroad, unduly burdensome, seeks information that is not material, relevant or necessary to the prosecution or defense of this action, and seeks information protected from disclosure by attorney-client privilege and/or the attorney work product doctrine. Accordingly, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 15:**

Documents Concerning any Transfers to You or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

**RESPONSE TO REQUEST NO. 15:**

Subject to the foregoing General and Specific Objections, Goldberg will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

**DOCUMENT REQUEST NO. 16:**

Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

**RESPONSE TO REQUEST NO. 16:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 17:**

Documents and Communications with any of the following Concerning the Accounts or BLMIS:

|   |   |
|---|---|
| a. | Robert H. Charron; |
| b. | Carlin, Charron & Rosen LLP; |
| c. | Marcum, LP; |
| d. | David Desmarais; |
| e. | Kahn, Litwin, Renza & Co.; |
| f. | Gregory C. DeSisto; |
| g. | Jeffrey Croteau; |
| h. | Michelle Tarr; |
| i. | Kristy Pischetola; |
| j. | Prime, Bucholz & Associates, Inc.; |
| k. | Diane Siegrist; |
| l. | Cathy Bigelow; |
| m. | Erica Poless; |
| n. | Mellon Trust of New England; |
| o. | Mellon Private Asset Management'; |
| p. | W.P. Steward & Co.; |
| q. | AllianceBemstein; |
| r. | WTC-Archipelago Partners, LP; |
| s. | Evelyn Pless; |
| t. | AccounTax Pros LLC. |

**RESPONSE TO REQUEST NO. 17:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other

than documents relating to the Transfers to be produced in response to other Requests, Defendant

will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 18:

Documents Concerning how the AvCar Group Ltd. used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

## RESPONSE TO REQUEST NO. 18:

In addition to the foregoing General Objections, Defendant objects to this Request on the

grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is

not material, relevant or necessary to the prosecution or defense of this action. Defendant further

objects to this Request to the extent that it directly or indirectly seeks discovery concerning

Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery

stated in its Response to Request No. 1 above. Accordingly, other than documents relating to the

Transfers to be produced in response to other Requests, Defendant will not produce documents

in response to this Request.

## DOCUMENT REQUEST NO. 19:

Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

## RESPONSE TO REQUEST NO. 19:

In addition to the foregoing General Objections, Defendant objects to this Request on the

grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is

not material, relevant or necessary to the prosecution or defense of this action. Accordingly,

other than documents relating to the Transfers to be produced in response to other Requests,

Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 20:**

Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

**RESPONSE TO REQUEST NO. 20:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

Dated: New York, New York
     June 5, 2017

                 PRYOR CASHMAN LLP

                 By: _____
                     Richard Levy, Jr.
                     David C. Rose
                     Eric D. Dowell
                 7 Times Square
                 New York, New York 10036
                 Tel:   (212) 421-4100
                 Fax:   (212) 326-0806

                 *Attorneys for Defendants*

PRYOR CASHMAN LLP
Richard Levy, Jr.: rlevy@pryorcashman.com
David C. Rose:    drose@pryorcashman.com
Eric D. Dowell:    edowell@pryorcashman.com
7 Times Square
New York, New York  10036
Tel:    (212) 421-4100
Fax:    (212) 326-0806
*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORUPRATION,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>            Plaintiff,<br><br>    v.<br><br>AVRAM J. GOLDBERG, individually and in his Capacity as trust officer for The Sidney R. Rabb Trust<br><br>CAROL R. GOLDBERG, individually and in her capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg,<br><br>M. GORDON EHRLICH, in his capacity as trustee of | Adv. Pro. No. 10-05439(SMB) |

The Sidney R. Rabb Trust FBO Carol Goldberg, Avram J. Goldberg, and the Carol R. Goldberg and Avram J. Goldberg Special Account

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG, and

THE AVCAR GROUP LTD.,

Defendants.

## RESPONSES AND OBJECTIONS OF DEFENDANT AVRAM J. GOLDBERG TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Avram J. Goldberg ("Defendant"), by his attorneys Pryor Cashman LLP, responds to the first set of requests for production of documents (the "Requests") by plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee").

## GENERAL OBJECTIONS

Defendant makes his objections to specific Requests by, among other things, incorporating by reference the following objections (the "General Objections"), as appropriate:

1.      Defendant objects to the Requests to the extent they call for the disclosure of information or the production of documents prepared solely for litigation or settlement purposes or protected by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the common interest privilege, or any other applicable privilege, immunity, statute, regulation or rule. Defendant will not provide any documents subject to such privileges. The inadvertent disclosure of any privileged information or production of any privileged documents shall not be deemed to be a waiver of any applicable privilege with respect to such information or documents.

2.      Defendant objects to the Requests to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure, this Court's Local Rules and relevant case law.

3.      Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents containing confidential or proprietary information, without the protection of a so-ordered confidentiality order.

4.      Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents not within Defendant's knowledge, possession, custody or control. Defendant has made or will make a reasonably diligent inquiry concerning the subject matter of the Requests.

5.      Defendant objects to the Requests to the extent they seek the production of documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. In addition to the foregoing General and Specific Objections, Defendant further objects to the Requests to the extent that they seek documents that are duplicative of documents already in the possession, custody or control of the Trustee.

6.      Neither an indication that documents will be produced nor an objection to a particular Request indicates that documents responsive to that Request exist. By agreeing to comply with a particular Request, Defendant represents only that she will conduct a reasonably diligent search as indicated above and, subject to all objections, will produce non-objectionable, non-privileged documents responsive thereto.

7.      Defendant objections to these Requests to the extent that they seek information related to transfers that Defendant received from or made to other persons or entities. If this action proceeds to judgment, such receipts or uses of funds may become relevant that the time of

enforcement or collection of the judgment. Until such time, discovery directed to Defendant's finances is intrusive, harassing, unlikely to lead to the discovery of admissible evidence, unduly burdensome and expenses, and outside the scope of proper discovery.

8.      Defendant objects to the definition of "Account(s)" as vague, ambiguous, overbroad and unduly burdensome. As defined, the term would include BLMIS accounts that are not relevant to this action. In responding to these Requests, Defendant construes and understands the term to mean solely the BLMIS Account referenced in Exhibits A and B to the Amended Complaint.

9.      Unless otherwise stated, Defendant limits his responses to subject matter pertaining to the period between December 11, 2006 and December 11, 2008, based on the application of Section 546(e) of the Bankruptcy Code to the Amended Complaint under judicial decisions controlling in this action.

<div align="center">

**SUPPLEMENTATION**

</div>

Defendant makes these responses based upon his knowledge as of the date of these responses. Defendant expressly reserves the right to modify and supplement his responses and objections should she discover additional documents responsive to the Requests prior to, though, and including the trial of this action. Defendant hereby reserves the right to introduce into evidence at trial, hearing or other proceedings in this action, information discovered subsequent to the date of these responses.

<div align="center">

**NON-WAIVER OF OBJECTIONS AND RIGHTS**

</div>

If Defendant provides information in response to the Requests, which information is or may be the subject of any of the foregoing objections, including, but not limited to, any applicable privileges or doctrines, such a provision is not intended to be nor shall it be deemed a waiver of

objections with respect to such information or withheld information, nor shall it be deemed a

waiver with respect to admissibility of any such information into evidence at any trial or hearing.

### SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

Subject to and without waiver of the foregoing General Objections and conditions, which

apply to each Request as if set forth fully below, Defendant makes the following specific responses

and objections:

### DOCUMENT REQUEST NO. 1:

Documents referenced in Defendants Initial Disclosures served on or about December 18, 2015,
including, but not limited to, Documents in the following categories:

  a.    Documents relating to, among other things, the transactions identified in the
        Amended Complaint and the Defendants' affirmative defenses and other
        responses or defenses to the claims and causes of action asserted in the
        Amended Complaint;

  b.    Account statements of Madoff Securities issued to the Customer-
        Defendant;

  c.    Communications with Madoff Securities; and

  d.    Documents reflecting payments by the Customer-Defendant made to taxing
        authorities on account of dividends and/or profits reported by Madoff
        Securities.

### RESPONSE TO REQUEST NO. 1:

In addition to the foregoing General Objections, Goldberg objects to this Request on the

grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material,

relevant or necessary to the prosecution or defense of this action. Moreover, Defendant refers to

his Responses to the Trustee's First Requests for Admission, in which he stipulated to various

entries in Exhibit B to the Amended Complaint regarding the Transfers.

Defendant further objects to this Request to the extent that it seeks discovery concerning

Subsequent Transfers. As determined by the Bankruptcy Court in its Memorandum Decision

Regarding Omnibus Motions to Dismiss, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs.* LLC, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. June 2, 2015) (ECF No. 10089), such allegations fail to provide "the 'necessary vital statistics – the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds…. The barebones allegations of subsequent transfer are insufficient. They lack the 'vital statistics' and the fact that the subsequent transferee defendants [may] have ownership interest in the initial transferees is insufficient to plead a subsequent transfer claim." *Id.* at 50, 51 (citations omitted). The Amended Complaint in this adversary proceeding is equally insufficient to support such claims or discovery. The proposed discovery on these matters, moreover, constitutes improper and premature discovery concerning post-judgment remedies and sources for enforcement and collection if the Trustee were to obtain the entry of judgment in his favor for the avoidance and recovery of Transfers.

Unless the Trustee voluntarily withdraws such allegations in this adversary proceeding, Goldberg reserves the right to seek formal dismissal of such allegations and the associated claims pursuant to Fed. R. Civ. P. 12(c) (made applicable by Fed. R. Bankr. P. 7012(b)), and such other relief as the Court may determine to be just and proper.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 2:

Monthly statements for the Accounts.

## RESPONSE TO REQUEST NO. 2:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 3:

Communications between You and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

## RESPONSE TO REQUEST NO. 3:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to the Trustee's

First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended

Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce

documents responsive to this Request, if any, in his possession, custody or control, to the extent

such documents concern Transfers that occurred between December 11, 2006 and December 11,

2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such

discovery.

## DOCUMENT REQUEST NO. 4:

Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

## RESPONSE TO REQUEST NO. 4:

In addition to the foregoing General Objections, Defendant objects to this Request on the

grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is

not material, relevant or necessary to the prosecution or defense of this action. Defendant further

objects to this Request to the extent that it directly or indirectly seeks discovery concerning

Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery

stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to

the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B

to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating

to the Transfers to be produced in response to other Requests, Defendant will not produce

documents in response to this Request.

**DOCUMENT REQUEST NO. 5:**

Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of any such distribution.

**RESPONSE TO REQUEST NO. 5:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

**RESPONSE TO REQUEST NO. 6:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Account.

**RESPONSE TO REQUEST NO. 7:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Any tax refunds received in connection with the Account have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Accordingly, Defendant will not produce documents in response to this Request to the extend they involve tax refunds.

**DOCUMENT REQUEST NO. 8:**

Documents and Communications Concerning the formation and purpose of the AvCar Group Ltd.

**RESPONSE TO REQUEST NO. 8:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, and the purpose of the entity, have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 9:**

Documents and Communications Concerning the formation and purpose of the Sidney R. Rabb Trust FBO Carol Goldberg.

10

**RESPONSE TO REQUEST NO. 9:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, and the purpose of the entity, have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 10:**

The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of the AvCar Group Ltd.

**RESPONSE TO REQUEST NO. 10:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, the purpose of the entity and the governance of the entity have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. In addition, certain of the information sought by the Trustee is publicly available from state corporation agencies equally available to the Trustee. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

11

**DOCUMENT REQUEST NO. 11:**

Any Trust instruments, including any amendments, Concerning the Trust.

**RESPONSE TO REQUEST NO. 11:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 12:**

Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this Request as premature. Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in her possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, at the appropriate time.

**DOCUMENT REQUEST NO. 13:**

Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

**RESPONSE TO REQUEST NO. 13:**

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

**DOCUMENT REQUEST NO. 14:**

Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

**RESPONSE TO REQUEST NO. 14:**

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

**DOCUMENT REQUEST NO. 15:**

Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in pail, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this Request on the ground that it is duplicative of Request No. 14.

**DOCUMENT REQUEST NO. 16:**

Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this Request as premature. Defendant incorporates by reference his response to Request No. 12.

**DOCUMENT REQUEST NO. 17:**

Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

**RESPONSE TO REQUEST NO. 17:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is duplicative of other Requests, overbroad, unduly burdensome, seeks information that is not material, relevant or necessary to the prosecution or defense of this action, and seeks information protected from disclosure by attorney-client privilege and/or the attorney work product doctrine. Accordingly, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 18:**

Documents Concerning any Transfers to You or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

**RESPONSE TO REQUEST NO. 18:**

Subject to the foregoing General and Specific Objections, Goldberg will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

**DOCUMENT REQUEST NO. 19:**

Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

**RESPONSE TO REQUEST NO. 19:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 20:**

Documents and Communications with any of the following Concerning the Accounts or BLMIS:

      a.    Robert H. Charron;
      b.    Carlin, Charron & Rosen LLP;
      c.    Marcum, LP;
      d.    David Desmarais;
      e.    Kahn, Litwin, Renza & Co.;
      f.    Gregory C. DeSisto;
      g.    Jeffrey Croteau;
      h.    Michelle Tarr;
      i.    Kristy Pischetola;
      j.    Prime, Bucholz & Associates, Inc.;
      k.    Diane Siegrist;
      l.    Cathy Bigelow;
      m.    Erica Poless;
      n.    Mellon Trust of New England;
      o.    Mellon Private Asset Management;
      p.    W.P. Steward & Co.;
      q.    AllianceBernstein;
      r.    WTC-Archipelago Partners, LP;
      s.    Evelyn Pless;
      t.    AccounTax Pros LLC.

**RESPONSE TO REQUEST NO. 20:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 21:**

Documents Concerning how You used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

**RESPONSE TO REQUEST NO. 21:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in her Response to Request No. 1 above. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 22:**

Documents, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

**RESPONSE TO REQUEST NO. 22:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 23:**

Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

**RESPONSE TO REQUEST NO. 23:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is

not material, relevant or necessary to the prosecution or defense of this action.  Accordingly, other

than documents relating to the Transfers to be produced in response to other Requests, Defendant

will not produce documents in response to this Request.


Dated: New York, New York
       June 5, 2017

                                        PRYOR CASHMAN LLP


                                        By:
                                            Richard Levy, Jr.
                                            David C. Rose
                                            Eric D. Dowell
                                        7 Times Square
                                        New York, New York 10036
                                        Tel:   (212) 421-4100
                                        Fax:   (212) 326-0806

                                        *Attorneys for Defendants*

17

PRYOR CASHMAN LLP
Richard Levy, Jr.: rlevy@pryorcashman.com
David C. Rose:    drose@pryorcashman.com
Eric D. Dowell:    edowell@pryorcashman.com
7 Times Square
New York, New York  10036
Tel:    (212) 421-4100
Fax:    (212) 326-0806
*Attorneys for Defendants*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORUPRATION,<br><br>                         Plaintiff-Appellant,<br><br>              v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                         Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                         Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                         Plaintiff,<br><br>              v.<br><br>AVRAM J. GOLDBERG, individually and in his Capacity as trust officer for The Sidney R. Rabb Trust<br><br>CAROL R. GOLDBERG, individually and in her capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg,<br><br>M. GORDON EHRLICH, in his capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, Avram | Adv. Pro. No. 10-05439(SMB) |

J. Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## RESPONSES AND OBJECTIONS OF DEFENDANT CAROL R. GOLDBERG
## TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Carol R. Goldberg ("Defendant"), by her attorneys Pryor Cashman LLP,
responds to the first set of requests for production of documents (the "Requests") by plaintiff
Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC
(the "Trustee").

## GENERAL OBJECTIONS

Defendant makes her objections to specific Requests by, among other things,
incorporating by reference the following objections (the "General Objections"), as appropriate:

1.      Defendant objects to the Requests to the extent they call for the disclosure of
information or the production of documents prepared solely for litigation or settlement purposes
or protected by the attorney-client privilege, the work product doctrine, the joint-defense
privilege, the common interest privilege, or any other applicable privilege, immunity, statute,
regulation or rule.  Defendant will not provide any documents subject to such privileges.  The
inadvertent disclosure of any privileged information or production of any privileged documents
shall not be deemed to be a waiver of any applicable privilege with respect to such information
or documents.

2.      Defendant objects to the Requests to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure, this Court's Local Rules and relevant case law.

3.      Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents containing confidential or proprietary information, without the protection of a so-ordered confidentiality order.

4.      Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents not within Defendant's knowledge, possession, custody or control.  Defendant has made or will make a reasonably diligent inquiry concerning the subject matter of the Requests.

5.      Defendant objects to the Requests to the extent they seek the production of documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.   In addition to the foregoing General and Specific Objections, Defendant further objects  to the Requests to the extent that they seek documents that are duplicative of documents already in the possession, custody or control of the Trustee.

6.      Neither an indication that documents will be produced nor an objection to a particular Request indicates that documents responsive to that Request exist.  By agreeing to comply with a particular Request, Defendant represents only that she will conduct a reasonably diligent search as indicated above and, subject to all objections, will produce non-objectionable, non-privileged documents responsive thereto.

7.      Defendant objections to these Requests to the extent that they seek information related to transfers that Defendant received from or made to other persons or entities.  If this action proceeds to judgment, such receipts or uses of funds may become relevant that the time of

enforcement or collection of the judgment. Until such time, discovery directed to Defendant's finances is intrusive, harassing, unlikely to lead to the discovery of admissible evidence, unduly burdensome and expenses, and outside the scope of proper discovery.

8.      Defendant objects to the definition of "Account(s)" as vague, ambiguous, overbroad and unduly burdensome. As defined, the term would include BLMIS accounts that are not relevant to this action. In responding to these Requests, Defendant construes and understands the term to mean solely the BLMIS Account referenced in Exhibits A and B to the Amended Complaint.

9.      Unless otherwise stated, Defendant limits her responses to subject matter pertaining to the period between December 11, 2006 and December 11, 2008, based on the application of Section 546(e) of the Bankruptcy Code to the Amended Complaint under judicial decisions controlling in this action.

## SUPPLEMENTATION

Defendant makes these responses based upon her knowledge as of the date of these responses. Defendant expressly reserves the right to modify and supplement her responses and objections should she discover additional documents responsive to the Requests prior to, though, and including the trial of this action. Defendant hereby reserves the right to introduce into evidence at trial, hearing or other proceedings in this action, information discovered subsequent to the date of these responses.

## NON-WAIVER OF OBJECTIONS AND RIGHTS

If Defendant provides information in response to the Requests, which information is or may be the subject of any of the foregoing objections, including, but not limited to, any applicable privileges or doctrines, such a provision is not intended to be nor shall it be deemed a

waiver of objections with respect to such information or withheld information, nor shall it be

deemed a waiver with respect to admissibility of any such information into evidence at any trial

or hearing.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Documents referenced in Defendants' Initial Disclosures served on or about December 18, 2015, including, but not limited to, Documents in the following categories:

 a. Documents relating to, among other things, the transactions identified in the Amended Complaint and the Defendants' affirmative defenses and other responses or defenses to the claims and causes of action asserted in the Amended Complaint;

 b. Account statements of Madoff Securities issued to the customer-Defendant;

 c. Communications with Madoff Securities; and

 d. Documents reflecting payments by the customer-Defendant made to taxing authorities on account of dividends and/or profits reported by Madoff Securities.

### RESPONSE TO REQUEST NO. 1:

In addition to the foregoing General Objections, Goldberg objects to this Request on the

grounds that it is vague, overbroad, unduly burdensome and seeks information that is not

material, relevant or necessary to the prosecution or defense of this action. Moreover, Defendant

refers to her Responses to the Trustee's First Requests for Admission, in which she stipulated to

various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Defendant further objects to this Request to the extent that it seeks discovery concerning

Subsequent Transfers. As determined by the Bankruptcy Court in its Memorandum Decision

Regarding Omnibus Motions to Dismiss, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv.*

*Secs.* LLC, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. June 2, 2015) (ECF No. 10089), such

allegations fail to provide "the 'necessary vital statistics – the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds…. The barebones allegations of subsequent transfer are insufficient. They lack the 'vital statistics' and the fact that the subsequent transferee defendants [may] have ownership interest in the initial transferees is insufficient to plead a subsequent transfer claim." *Id.* at 50, 51 (citations omitted). The Amended Complaint in this adversary proceeding is equally insufficient to support such claims or discovery. The proposed discovery on these matters, moreover, constitutes improper and premature discovery concerning post-judgment remedies and sources for enforcement and collection if the Trustee were to obtain the entry of judgment in her favor for the avoidance and recovery of Transfers.

Unless the Trustee voluntarily withdraws such allegations in this adversary proceeding, Goldberg reserves the right to seek formal dismissal of such allegations and the associated claims pursuant to Fed. R. Civ. P. 12(c) (made applicable by Fed. R. Bankr. P. 7012(b)), and such other relief as the Court may determine to be just and proper.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in her possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 2:

Monthly statements for the Accounts.

**RESPONSE TO REQUEST NO. 2:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in her Response to Request No. 1 above. Moreover, Defendant refers to her Responses to the Trustee's First Requests for Admission, in which she stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in her possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

**DOCUMENT REQUEST NO. 3:**

Communications between You and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

**RESPONSE TO REQUEST NO. 3:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in her Response to Request No. 1 above. Moreover, Defendant refers to her Responses to

the Trustee's First Requests for Admission, in which she stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in her possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 4:

Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

## RESPONSE TO REQUEST NO. 4:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in her Response to Request No. 1 above. Moreover, Defendant refers to her Responses to the Trustee's First Requests for Admission, in which she stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 5:**

Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any such distribution.

**RESPONSE TO REQUEST NO. 5:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in her Response to Request No. 1 above. Moreover, Defendant refers to her Responses to the Trustee's First Requests for Admission, in which she stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

**RESPONSE TO REQUEST NO. 6:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Account.

**RESPONSE TO REQUEST NO. 7:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Any tax refunds received in connection with the Account have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Accordingly, Defendant will not produce documents in response to this Request to the extend they involve tax refunds.

**DOCUMENT REQUEST NO. 8:**

Documents and Communications Concerning the formation and purpose of the AvCar Group Ltd.

**RESPONSE TO REQUEST NO. 8:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, and the purpose of the entity, have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in her Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 9:**

Documents and Communications Concerning the formation and purpose of the Sidney R, Rabb Trust FBO Carol Goldberg.

**RESPONSE TO REQUEST NO. 9:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, and the purpose of the entity, have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in her Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 10:**

The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of the AvCar Group Ltd.

**RESPONSE TO REQUEST NO. 10:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, the purpose of the entity and the governance of the entity have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. In addition, certain of the information sought by the Trustee is publicly available from state corporation agencies equally available to the Trustee. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference,

11

the grounds of objection to such discovery stated in her Response to Request No. 1 above.

Accordingly, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 11:

Any Trust instruments, including any amendments, Concerning the Trust.

## RESPONSE TO REQUEST NO. 11:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 12:

Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

## RESPONSE:

Defendant objects to this Request as premature. Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in her possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, at the appropriate time.

## DOCUMENT REQUEST NO. 13:

Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

**RESPONSE TO REQUEST NO. 13:**

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in her possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

**DOCUMENT REQUEST NO. 14:**

Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that, each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

**RESPONSE TO REQUEST NO. 14:**

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in her possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

**DOCUMENT REQUEST NO. 15:**

Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this Request as premature. Defendant incorporates by reference her response to Request No. 12.

**DOCUMENT REQUEST NO. 16:**

Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

**RESPONSE TO REQUEST NO. 16:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is duplicative of other Requests, overbroad, unduly burdensome, seeks information that is not material, relevant or necessary to the prosecution or defense of this action, and seeks information protected from disclosure by attorney-client privilege and/or the attorney work product doctrine. Accordingly, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 17:**

Documents Concerning any Transfers to You or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

**RESPONSE TO REQUEST NO. 17:**

Subject to the foregoing General and Specific Objections, Goldberg will produce documents responsive to this Request, if any, in her possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

**DOCUMENT REQUEST NO. 18:**

Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

**RESPONSE TO REQUEST NO. 18:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than

documents relating to the Transfers to be produced in response to other Requests, Defendant will

not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 19:

Documents and Communications with any of the following Concerning the Accounts or BLMIS:

<div style="margin-left: 2em">

a.     Robert H. Charron;
b.     Carlin, Charron & Rosen LLP;
c.     Marcum, LP;
d.     David Desmarais;
e.     Kahn, Litwin, Renza & Co.;
f.     Gregory C. DeSisto;
g.     Jeffrey Croteau;
h.     Michelle Tarr;
i.     Kristy Pischetola;
j.     Prime, Bucholz & Associates, Inc.;
k.     Diane Siegrist;
l.     Cathy Bigelow;
m.     Erica Poless;
n.     Mellon Trust of New England;
o.     Mellon Private Asset Management;
p.     W.P. Steward & Co.;
q.     AllianceBernstein;
r.     WTC-Archipelago Partners, LP;
s.     Evelyn Pless;
t.     AccounTax Pros LLC.

</div>

## RESPONSE TO REQUEST NO. 19:

In addition to the foregoing General Objections, Defendant objects to this Request on the

grounds that it harassing, overbroad, unduly burdensome and seeks information that is not

material, relevant or necessary to the prosecution or defense of this action. Accordingly, other

than documents relating to the Transfers to be produced in response to other Requests, Defendant

will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 20:

Documents Concerning how You used, spent, disbursed, distributed, or transferred all or any
portion of any money withdrawn from the Accounts.

## RESPONSE TO REQUEST NO. 20:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in her Response to Request No. 1 above. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 21:

Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

## RESPONSE TO REQUEST NO. 21:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 22:

Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

**RESPONSE TO REQUEST NO. 22:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

Dated: New York, New York
      June 5, 2017

                       PRYOR CASHMAN LLP

                       By:
                         Richard Levy, Jr.
                         David C. Rose
                         Eric D. Dowell
                   7 Times Square
                   New York, New York 10036
                   Tel:    (212) 421-4100
                   Fax:   (212) 326-0806

                   *Attorneys for Defendants*

PRYOR CASHMAN LLP
Richard Levy, Jr.: rlevy@pryorcashman.com
David C. Rose:    drose@pryorcashman.com
Eric D. Dowell:    edowell@pryorcashman.com
7 Times Square
New York, New York  10036
Tel:    (212) 421-4100
Fax:    (212) 326-0806
*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORUPRATION,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>          Plaintiff,<br><br>    v.<br><br>AVRAM J. GOLDBERG, individually and in his Capacity as trust officer for The Sidney R. Rabb Trust<br><br>CAROL R. GOLDBERG, individually and in her capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, | Adv. Pro. No. 10-05439(SMB) |

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, Avram
J. Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

## RESPONSES AND OBJECTIONS OF DEFENDANT M. GORDON EHRLICH
## TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant M. Gordon Ehrlich ("Defendant"), by his attorneys Pryor Cashman LLP,

responds to the first set of requests for production of documents (the "Requests") by plaintiff

Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

(the "Trustee").

### GENERAL OBJECTIONS

Defendant makes his objections to specific Requests by, among other things,

incorporating by reference the following objections (the "General Objections"), as appropriate:

1.      Defendant objects to the Requests to the extent they call for the disclosure of

information or the production of documents prepared solely for litigation or settlement

purposes or protected by the attorney-client privilege, the work product doctrine, the joint-

defense privilege, the common interest privilege, or any other applicable privilege, immunity,

statute, regulation or rule.  Defendant will not provide any documents subject to such

privileges.  The inadvertent disclosure of any privileged information or production of any

M. GORDON EHRLICH, in his capacity as trustee of
The Sidney R. Rabb Trust FBO Carol Goldberg, Avram
J. Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

               Defendants.

## RESPONSES AND OBJECTIONS OF DEFENDANT M. GORDON ERHLICH
## TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant M. Gordon Ehrlich ("Defendant"), by his attorneys Pryor Cashman LLP, responds to the first set of requests for production of documents (the "Requests") by plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee").

## GENERAL OBJECTIONS

Defendant makes his objections to specific Requests by, among other things, incorporating by reference the following objections (the "General Objections"), as appropriate:

1.     Defendant objects to the Requests to the extent they call for the disclosure of information or the production of documents prepared solely for litigation or settlement purposes or protected by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the common interest privilege, or any other applicable privilege, immunity, statute, regulation or rule. Defendant will not provide any documents subject to such privileges. The inadvertent disclosure of any privileged information or production of any

privileged documents shall not be deemed to be a waiver of any applicable privilege with respect to such information or documents.

2.    Defendant objects to the Requests to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure, this Court's Local Rules and relevant case law.

3.    Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents containing confidential or proprietary information, without the protection of a so-ordered confidentiality order.

4.    Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents not within Defendant's knowledge, possession, custody or control. Defendant has made or will make a reasonably diligent inquiry concerning the subject matter of the Requests.

5.    Defendant objects to the Requests to the extent they seek the production of documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. In addition to the foregoing General and Specific Objections, Defendant further objects  to the Requests to the extent that they seek documents that are duplicative of documents already in the possession, custody or control of the Trustee.

6.    Neither an indication that documents will be produced nor an objection to a particular Request indicates that documents responsive to that Request exist. By agreeing to comply with a particular Request, Defendant represents only that he will conduct a reasonably diligent search as indicated above and, subject to all objections, will produce non-objectionable, non-privileged documents responsive thereto.

7.    Defendant objections to these Requests to the extent that they seek information related to transfers that Defendant received from or made to other persons or entities. If this action proceeds to judgment, such receipts or uses of funds may become relevant that the time of enforcement or collection of the judgment. Until such time, discovery directed to Defendant's finances is intrusive, harassing, unlikely to lead to the discovery of admissible evidence, unduly burdensome and expenses, and outside the scope of proper discovery.

8.    Defendant objects to the definition of "Account(s)" as vague, ambiguous, overbroad and unduly burdensome. As defined, the term would include BLMIS accounts that are not relevant to this action. In responding to these Requests, Defendant construes and understands the term to mean solely the BLMIS Account referenced in Exhibits A and B to the Amended Complaint.

9.    Unless otherwise stated, Defendant limits his responses to subject matter pertaining to the period between December 11, 2006 and December 11, 2008, based on the application of Section 546(e) of the Bankruptcy Code to the Amended Complaint under judicial decisions controlling in this action.

## SUPPLEMENTATION

Defendant makes these responses based upon his knowledge as of the date of these responses. Defendant expressly reserves the right to modify and supplement his responses and objections should he discover additional documents responsive to the Requests prior to, though, and including the trial of this action. Defendant hereby reserves the right to introduce into evidence at trial, hearing or other proceedings in this action, information discovered subsequent to the date of these responses.

## NON-WAIVER OF OBJECTIONS AND RIGHTS

If Defendant provides information in response to the Requests, which information is or

may be the subject of any of the foregoing objections, including, but not limited to, any

applicable privileges or doctrines, such a provision is not intended to be nor shall it be deemed

a waiver of objections with respect to such information or withheld information, nor shall it be

deemed a waiver with respect to admissibility of any such information into evidence at any trial

or hearing.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Documents referenced in Defendants' Initial Disclosures served on or about December
18,2015, including, but not limited to, Documents in the following categories:

    a.    Documents relating to, among other things, the transactions identified in
the Amended Complaint and the Defendants' affirmative defenses and
other responses or defenses to the claims and causes of action asserted in
the Amended Complaint;

    b.    Account statements of Madoff Securities issued to the customer-
Defendant;

    c.    Communications with Madoff Securities; and

    d.    Documents reflecting payments by the customer-Defendant made to
taxing authorities on account of dividends and/or profits reported by
Madoff Securities.

### RESPONSE TO REQUEST NO. 1:

In addition to the foregoing General Objections, Goldberg objects to this Request on the

grounds that it is vague, overbroad, unduly burdensome and seeks information that is not

material, relevant or necessary to the prosecution or defense of this action.   Moreover,

Defendant refers to his Responses to the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Defendant further objects to this Request to the extent that it seeks discovery concerning Subsequent Transfers. As determined by the Bankruptcy Court in its Memorandum Decision Regarding Omnibus Motions to Dismiss, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs.* LLC, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. June 2, 2015) (ECF No. 10089), such allegations fail to provide "the 'necessary vital statistics – the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds…. The barebones allegations of subsequent transfer are insufficient. They lack the 'vital statistics' and the fact that the subsequent transferee defendants [may] have ownership interest in the initial transferees is insufficient to plead a subsequent transfer claim." *Id.* at 50, 51 (citations omitted). The Amended Complaint in this adversary proceeding is equally insufficient to support such claims or discovery. The proposed discovery on these matters, moreover, constitutes improper and premature discovery concerning post-judgment remedies and sources for enforcement and collection if the Trustee were to obtain the entry of judgment in his favor for the avoidance and recovery of Transfers.

Unless the Trustee voluntarily withdraws such allegations in this adversary proceeding, Goldberg reserves the right to seek formal dismissal of such allegations and the associated claims pursuant to Fed. R. Civ. P. 12(c) (made applicable by Fed. R. Bankr. P. 7012(b)), and such other relief as the Court may determine to be just and proper.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent

such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 2:

Monthly statements for the Accounts.

## RESPONSE TO REQUEST NO. 2:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

## DOCUMENT REQUEST NO. 3:

Communications between You and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

**RESPONSE TO REQUEST NO. 3:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

**DOCUMENT REQUEST NO. 4:**

Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase Manhattan Bank, and Morgan Stanley account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**RESPONSE TO REQUEST NO. 4:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action.

8

Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 5:

Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of such distribution.

## RESPONSE TO REQUEST NO. 5:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Moreover, Defendant refers to his Responses to the Trustee's First Requests for Admission, in which he stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 6:**

Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

**RESPONSE TO REQUEST NO. 6:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Accounts.

**RESPONSE TO REQUEST NO. 7:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Any tax refunds received in connection with the Account have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Accordingly, Defendant will not produce documents in response to this Request to the extend they involve tax refunds.

**DOCUMENT REQUEST NO. 8:**

Documents and Communications Concerning/the formation and purpose of the Sidney R. Rabb Trust FBO Carol Goldberg.

**RESPONSE TO REQUEST NO. 8:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, and the purpose of the entity, have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 9:**

Any Trust instruments, including any amendments, Concerning the Trust.

**RESPONSE TO REQUEST NO. 9:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 10:**

Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this Request as premature. Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in

his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, at the appropriate time.

## DOCUMENT REQUEST NO. 11:

Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

## RESPONSE TO REQUEST NO. 11:

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

## DOCUMENT REQUEST NO. 12:

Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

## RESPONSE TO REQUEST NO. 12:

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

## DOCUMENT REQUEST NO. 13:

Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this Request as premature. Defendant incorporates by reference his response to Request No. 12.

**DOCUMENT REQUEST NO. 14:**

Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

**RESPONSE TO REQUEST NO. 14:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is duplicative of other Requests, overbroad, unduly burdensome, seeks information that is not material, relevant or necessary to the prosecution or defense of this action, and seeks information protected from disclosure by attorney-client privilege and/or the attorney work product doctrine. Accordingly, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 15:**

Documents Concerning any Transfers to You or to any Person from the Accounts between December 11, 2006 and December 31, 2009.

**RESPONSE TO REQUEST NO. 15:**

Subject to the foregoing General and Specific Objections, Goldberg will produce documents responsive to this Request, if any, in his possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

**DOCUMENT REQUEST NO. 16:**

Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

**RESPONSE TO REQUEST NO. 16:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 17:**

Documents and Communications with any of the following Concerning the Accounts or BLMIS:

|     |                                      |
|-----|--------------------------------------|
| a.  | Robert H. Charron;                   |
| b.  | Carlin, Charron & Rosen LLP;         |
| c.  | Marcum, LP;                          |
| d.  | David Desmarais;                     |
| e.  | Kahn, Litwin, Renza & Co.;           |
| f.  | Gregory C. DeSisto;                  |
| g.  | Jeffrey Croteau;                     |
| h.  | Michelle Tarr;                       |
| i.  | Kristy Pischetola;                   |
| j.  | Prime, Bucholz & Associates, Inc.;   |
| k.  | Diane Siegrist;                      |
| l.  | Cathy Bigelow;                       |
| m.  | Erica Poless;                        |
| n.  | Mellon Trust of New England;         |
| o.  | Mellon Private Asset Management;     |
| p.  | W.P. Steward & Co.;                  |
| q.  | AllianceBernstein;                   |
| r.  | WTC-Archipelago Partners, LP;        |
| s.  | Evelyn Pless;                        |
| t.  | AccounTax Pros LLC.                  |

**RESPONSE TO REQUEST NO. 17:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 18:**

Documents Concerning how You used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

**RESPONSE TO REQUEST NO. 18:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in his Response to Request No. 1 above. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 19:**

Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

**RESPONSE TO REQUEST NO. 19:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 20:**

Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

**RESPONSE TO REQUEST NO. 20:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

Dated: New York, New York
     June 5, 2017

PRYOR CASHMAN LLP

By:

     Richard Levy, Jr.
     David C. Rose
     Eric D. Dowell
7 Times Square
New York, New York 10036
Phone: (212) 421-4100
Facsimile:  (212) 326-0806

*Attorneys for Defendants*

PRYOR CASHMAN LLP
Richard Levy, Jr.: rlevy@pryorcashman.com
David C. Rose:   drose@pryorcashman.com
Eric D. Dowell:   edowell@pryorcashman.com
7 Times Square
New York, New York  10036
Tel:   (212) 421-4100
Fax:   (212) 326-0806
*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORUPRATION,<br><br>           Plaintiff-Appellant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantially Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>      v.<br><br>AVRAM J. GOLDBERG, individually and in his Capacity as trust officer for The Sidney R. Rabb Trust<br><br>CAROL R. GOLDBERG, individually and in her capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg,<br><br>M. GORDON EHRLICH, in his capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, Avram | Adv. Pro. No. 10-05439(SMB) |

J. Goldberg, and the Carol R. Goldberg and Avram J.
Goldberg Special Account

SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,
and

THE AVCAR GROUP LTD.,

Defendants.

### RESPONSES AND OBJECTIONS OF DEFENDANT SIDNEY R. RABB FBO CAROL GOLDBERG TO TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant the Sidney R. Rabb Trust FBO Carol Goldberg ("Defendant"), by its attorneys Pryor Cashman LLP, responds to the first set of requests for production of documents (the "Requests") by plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee").

### GENERAL OBJECTIONS

Defendant makes its objections to specific Requests by, among other things, incorporating by reference the following objections (the "General Objections"), as appropriate:

1.    Defendant objects to the Requests to the extent they call for the disclosure of information or the production of documents prepared solely for litigation or settlement purposes or protected by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the common interest privilege, or any other applicable privilege, immunity, statute, regulation or rule. Defendant will not provide any documents subject to such privileges. The inadvertent disclosure of any privileged information or production of any privileged documents shall not be deemed to be a waiver of any applicable privilege with respect to such information or documents.

2

2.    Defendant objects to the Requests to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure, this Court's Local Rules and relevant case law.

3.    Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents containing confidential or proprietary information, without the protection of a so-ordered confidentiality order.

4.    Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents not within Defendant's knowledge, possession, custody or control.  Defendant has made or will make a reasonably diligent inquiry concerning the subject matter of the Requests.

5.    Defendant objects to the Requests to the extent they seek the production of documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.   In addition to the foregoing General and Specific Objections, Defendant further objects  to the Requests to the extent that they seek documents that are duplicative of documents already in the possession, custody or control of the Trustee.

6.    Neither an indication that documents will be produced nor an objection to a particular Request indicates that documents responsive to that Request exist.  By agreeing to comply with a particular Request, Defendant represents only that it will conduct a reasonably diligent search as indicated above and, subject to all objections, will produce non-objectionable, non-privileged documents responsive thereto.

7.    Defendant objections to these Requests to the extent that they seek information related to transfers that Defendant received from or made to other persons or entities.  If this action proceeds to judgment, such receipts or uses of funds may become relevant that the time of

3

enforcement or collection of the judgment. Until such time, discovery directed to Defendant's finances is intrusive, harassing, unlikely to lead to the discovery of admissible evidence, unduly burdensome and expenses, and outside the scope of proper discovery.

8.      Defendant objects to the definition of "Account(s)" as vague, ambiguous, overbroad and unduly burdensome. As defined, the term would include BLMIS accounts that are not relevant to this action. In responding to these Requests, Defendant construes and understands the term to mean solely the BLMIS Account referenced in Exhibits A and B to the Amended Complaint.

9.      Unless otherwise stated, Defendant limits its responses to subject matter pertaining to the period between December 11, 2006 and December 11, 2008, based on the application of Section 546(e) of the Bankruptcy Code to the Amended Complaint under judicial decisions controlling in this action.

## SUPPLEMENTATION

Defendant makes these responses based upon its knowledge as of the date of these responses. Defendant expressly reserves the right to modify and supplement its responses and objections should it discover additional documents responsive to the Requests prior to, though, and including the trial of this action. Defendant hereby reserves the right to introduce into evidence at trial, hearing or other proceedings in this action, information discovered subsequent to the date of these responses.

## NON-WAIVER OF OBJECTIONS AND RIGHTS

If Defendant provides information in response to the Requests, which information is or may be the subject of any of the foregoing objections, including, but not limited to, any applicable privileges or doctrines, such a provision is not intended to be nor shall it be deemed a

waiver of objections with respect to such information or withheld information, nor shall it be

deemed a waiver with respect to admissibility of any such information into evidence at any trial

or hearing.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Documents referenced in Defendants' Initial Disclosures served on or about December 18, 2015,
including, but not limited to, Documents in the following categories:

      a.      Documents relating to, among other things, the transactions identified in
the Amended Complaint and the Defendants' affirmative defenses and
other responses or defenses to the claims and causes of action asserted in
the Amended Complaint;

      b.      Account statements of Madoff Securities issued to the Customer-
Defendant;

      c.      Communications with Madoff Securities; and

      d.      Documents reflecting payments by the Customer-Defendant made to
taxing authorities on account of dividends and/or profits reported by
Madoff Securities.

**RESPONSE TO REQUEST NO. 1:**

In addition to the foregoing General Objections, Goldberg objects to this Request on the

grounds that it is vague, overbroad, unduly burdensome and seeks information that is not

material, relevant or necessary to the prosecution or defense of this action. Moreover, Defendant

refers to its Responses to the Trustee's First Requests for Admission, in which it stipulated to

various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Defendant further objects to this Request to the extent that it seeks discovery concerning

Subsequent Transfers. As determined by the Bankruptcy Court in its Memorandum Decision

Regarding Omnibus Motions to Dismiss, *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv.*

*Secs.* LLC, Adv. No. 08-1789 (SMB) (Bankr. S.D.N.Y. June 2, 2015) (ECF No. 10089), such

allegations fail to provide "the 'necessary vital statistics – the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds.... The barebones allegations of subsequent transfer are insufficient. They lack the 'vital statistics' and the fact that the subsequent transferee defendants [may] have ownership interest in the initial transferees is insufficient to plead a subsequent transfer claim." *Id.* at 50, 51 (citations omitted). The Amended Complaint in this adversary proceeding is equally insufficient to support such claims or discovery. The proposed discovery on these matters, moreover, constitutes improper and premature discovery concerning post-judgment remedies and sources for enforcement and collection if the Trustee were to obtain the entry of judgment in its favor for the avoidance and recovery of Transfers.

Unless the Trustee voluntarily withdraws such allegations in this adversary proceeding, Goldberg reserves the right to seek formal dismissal of such allegations and the associated claims pursuant to Fed. R. Civ. P. 12(c) (made applicable by Fed. R. Bankr. P. 7012(b)), and such other relief as the Court may determine to be just and proper.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery

## DOCUMENT REQUEST NO. 2:

Monthly statements for the Accounts.

6

**RESPONSE TO REQUEST NO. 2:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Moreover, Defendant refers to its Responses to the Trustee's First Requests for Admission, in which it stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

**DOCUMENT REQUEST NO. 3:**

Communications between any person on behalf of the Trust and BLMIS Concerning the Accounts, including Transfers to and from the Accounts.

**RESPONSE TO REQUEST NO. 3:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Moreover, Defendant refers to its Responses to

7

the Trustee's First Requests for Admission, in which it stipulated to various entries in Exhibit B

to the Amended Complaint regarding the Transfers.

Subject to the foregoing General and Specific Objections, Defendant will produce

documents responsive to this Request, if any, in its possession, custody or control, to the extent

such documents concern Transfers that occurred between December 11, 2006 and December 11,

2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such

discovery.

## DOCUMENT REQUEST NO. 4:

Defendants' bank and/or brokerage account records, including, but not limited to, Bank of New
York Mellon, Mellon Trust of New England, N.A., Citibank, J.P. Morgan Chase, Chase
Manhattan Bank, and Morgan Stanley account records, for the period between and including
December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers,
including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

## RESPONSE TO REQUEST NO. 4:

In addition to the foregoing General Objections, Defendant objects to this Request on the

grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is

not material, relevant or necessary to the prosecution or defense of this action. Defendant further

objects to this Request to the extent that it directly or indirectly seeks discovery concerning

Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery

stated in its Response to Request No. 1 above. Moreover, Defendant refers to its Responses to

the Trustee's First Requests for Admission, in which it stipulated to various entries in Exhibit B

to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating

to the Transfers to be produced in response to other Requests, Defendant will not produce

documents in response to this Request.

8

## DOCUMENT REQUEST NO. 5:

Documents and Communications sufficient to identify any distribution, in whole or in part, of any Initial Transfer from the Accounts, including the amount, date, and recipient of any such distribution.

## RESPONSE TO REQUEST NO. 5:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Moreover, Defendant refers to its Responses to the Trustee's First Requests for Admission, in which it stipulated to various entries in Exhibit B to the Amended Complaint regarding the Transfers. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 6:

Documents sufficient to identify any money, property, and/or anything else of value provided by Defendants to BLMIS in exchange for any Initial Transfer.

## RESPONSE TO REQUEST NO. 6:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

9

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to Identify any refund(s) requested or received by the Trust of any state or
federal taxes paid in connection with the Accounts.

**RESPONSE TO REQUEST NO. 7:**

      In addition to the foregoing General Objections, Defendant objects to this Request on the

grounds that it is vague, overbroad, unduly burdensome and seeks information that is not

material, relevant or necessary to the prosecution or defense of this action.  Any tax refunds

received in connection with the Account have no bearing on the Trustee's claims for avoidance

and recovery of the Transfers.  Accordingly, Defendant will not produce documents in response

to this Request to the extend they involve tax refunds.

**DOCUMENT REQUEST NO. 8:**

Documents and Communications Concerning the formation and purpose of the Sidney R. Rabb
Trust FBO Carol Goldberg.

**RESPONSE TO REQUEST NO. 8:**

      In addition to the foregoing General Objections, Defendant objects to this Request on the

grounds that it is vague, overbroad, unduly burdensome and seeks information that is not

material, relevant or necessary to the prosecution or defense of this action.  The formation of the

entity, and the purpose of the entity, have no bearing on the Trustee's claims for avoidance and

recovery of the Transfers.  Defendant further objects to this Request on the grounds that it

directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by

reference, the grounds of objection to such discovery stated in its Response to Request No. 1

above.  Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 9:**

Any Trust instruments, including any amendments, Concerning the Trust.

**RESPONSE TO REQUEST NO. 9:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. The formation of the entity, and the purpose of the entity, have no bearing on the Trustee's claims for avoidance and recovery of the Transfers. Defendant further objects to this Request on the grounds that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Accordingly, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 10:**

Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this Request as premature. Subject to the foregoing General and Specific Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, at the appropriate time.

**DOCUMENT REQUEST NO. 11:**

Documents supporting the sixteenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called 'fictitious profits' reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities."

**RESPONSE TO REQUEST NO. 11:**

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

**DOCUMENT REQUEST NO. 12:**

Documents supporting the seventeenth affirmative defense in Your Answer to the Amended Complaint, in which You contend that each of the Trustee's claims "is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status."

**RESPONSE TO REQUEST NO. 12:**

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

**DOCUMENT REQUEST NO. 13:**

Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**RESPONSE TO REQUEST NO. 13:**

Subject to the foregoing General Objections, Defendant will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008.

**DOCUMENT REQUEST NO. 14:**

Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

**RESPONSE TO REQUEST NO. 14:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is duplicative of other Requests, overbroad, unduly burdensome, seeks information that is not material, relevant or necessary to the prosecution or defense of this action, and seeks information protected from disclosure by attorney-client privilege and/or the attorney work product doctrine. Accordingly, Defendant will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 15:**

Documents Concerning any Transfers to the Trust or to any Person from the Accounts between December 11,2006 and December 31, 2009.

**RESPONSE TO REQUEST NO. 15:**

Subject to the foregoing General and Specific Objections, Goldberg will produce documents responsive to this Request, if any, in its possession, custody or control, to the extent such documents concern Transfers that occurred between December 11, 2006 and December 11, 2008, unless the parties stipulate to transactions alleged by the Trustee and thereby obviate such discovery.

**DOCUMENT REQUEST NO. 16:**

Documents Concerning BLMIS, including, without limitation, Documents Concerning any of Defendants' meetings with BLMIS or any Person purporting to act on BLMIS's behalf.

**RESPONSE TO REQUEST NO. 16:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it overbroad, unduly burdensome and seeks information that is not material,

13

relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

## DOCUMENT REQUEST NO. 17:

Documents and Communications with any of the following Concerning the Accounts or BLMIS.

|       |                                     |
|-------|-------------------------------------|
| a.    | Robert H. Charron;                  |
| b.    | Carlin, Charron & Rosen LLP;        |
| c.    | Marcum, LP;                         |
| d.    | David Desmarais;                    |
| e.    | Kahn, Litwin, Renza & Co.;          |
| f.    | Gregory C. DeSisto;                 |
| g.    | Jeffrey Croteau;                    |
| h.    | Michelle Tarr;                      |
| i.    | Kristy Pischetola;                  |
| j.    | Prime, Bucholz & Associates, Inc,;  |
| lc.   | Diane Siegrist;                     |
| l.    | Cathy Bigelow;                      |
| m.    | Erica Poless;                       |
| n.    | Mellon Trust of New England;        |
| o.    | Mellon Private Asset Management;    |
| p.    | W.P. Steward & Co.;                 |
| q.    | AllianceBernstein;                  |
| r.    | WTC-Archipelago Partners, LP;       |
| s.    | Evelyn Pless;                       |
| t.    | AccounTax Pros LLC.                 |

## RESPONSE TO REQUEST NO. 17:

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 18:**

Documents Concerning how the Trust used, spent, disbursed, distributed, or transferred all or any portion of any money withdrawn from the Accounts.

**RESPONSE TO REQUEST NO. 18:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Request to the extent that it directly or indirectly seeks discovery concerning Subsequent Transfers, and incorporates by reference, the grounds of objection to such discovery stated in its Response to Request No. 1 above. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 19:**

Documents, Communications, Constituting or Concerning tax records, including, but not limited to, tax returns, IRS Form 1099 documents or other filings with or to taxing authorities Concerning Transfers, BLMIS, or the Accounts.

**RESPONSE TO REQUEST NO. 19:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it is vague, harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 20:**

Documents Constituting or Concerning any Communications between You and any other Person regarding the Accounts or investments with BLMIS.

**RESPONSE TO REQUEST NO. 20:**

In addition to the foregoing General Objections, Defendant objects to this Request on the grounds that it harassing, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Accordingly, other than documents relating to the Transfers to be produced in response to other Requests, Defendant will not produce documents in response to this Request.

Dated: New York, New York
       June 5, 2017

PRYOR CASHMAN LLP

By: _____
       Richard Levy, Jr.
       David C. Rose
       Eric D. Dowell
7 Times Square
New York, New York 10036
Tel:    (212) 421-4100
Fax:    (212) 326-0806

*Attorneys for Defendants*