PRYOR CASHMAN LLP
Richard Levy, Jr.
David C. Rose
Eric D. Dowell
7 Times Square
New York, New York 10036
(212) 421-4100
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com
*Attorneys for non-party Kahn, Litwin, Renza & Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>AVRAM J. GOLDBERG, individually and in his Capacity as trust officer for The Sidney R. Rabb Trust FBO Carol Goldberg,<br><br>CAROL R. GOLDBERG, individually and in her Capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, | |




| | |
|---|---|
| M. GORDON EHRLICH, in his capacity as trustee of The Sidney R. Rabb Trust FBO Carol Goldberg, and as Attorney-in-fact for Carol R. Goldberg, Avram J. Goldberg, and the Carol R. Goldberg and Avram J. Goldberg Special Account,<br><br>SIDNEY R. RABB TRUST FBO CAROL GOLDBERG,<br>And<br><br>THE AVCAR GROUP LTD.,<br><br>                                    Defendants. | |

### RESPONSES AND OBJECTIONS OF KAHN, LITWIN, RENZA & CO. TO TRUSTEE'S SUBPOENA DUCES TECUM

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Kahn, Litwin, Renza & Co. ("KLR"), submits the following objections and responses ("Responses") to the subpoena *duces tecum* served upon it by Plaintiff Irving H. Picard, Trusttee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff, dated June 16, 2016 (the "Subpoena")

### GENERAL OBJECTIONS

KLR makes its objections to specific Requests by, among other things, incorporating by reference the following objections (the "General Objections"), as appropriate. From time to time, a specific Response may repeat a General Objection for emphasis or for some other reason. The failure to include a General Objection in a specific Response shall not be interpreted as a waiver of that General Objection to that Response.

1.    KLR objects to each and every Request to the extent it purports to impose any requirement or discovery obligation on Defendant greater or different than those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, or orders of the Court governing these proceedings.

2

2.   KLR objects to the Subpoena to the extent it calls for the disclosure of information or the production of documents prepared solely for litigation or settlement purposes or protected by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the common interest privilege or any other applicable privilege, immunity, statute, regulation or rule. The inadvertent disclosure of any privileged information or production of any privileged documents shall not be deemed to be a waiver of any applicable privilege with respect to such information or documents.

3.   KLR objects to the Subpoena to the extent it calls for the production of documents that are not relevant to the issues of law and fact in this action or not reasonably calculated to lead to the discovery of admissible evidence.

4.   KLR objects to the Subpoena to the extent it is overbroad and therefore seeks information that is not proportional to the needs of this action, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5.   KLR objects to the Subpoena to the extent it seeks the disclosure of information or the production of documents not within KLR's knowledge, possession, custody or control. KLR has made or will make a reasonably diligent inquiry concerning the subject matter of the Subpoena.

6.   KLR objects to the Subpoena to the extent it seeks the production of documents that are obtainable from some other source that is more convenient, less burdensome and less expensive.

7.   KLR objects to the Subpoena to the extent it seeks the production of documents created after December 11, 2008.

3

8.     Neither an indication that documents will be produced nor an objection to a particular request in the Subpoena (a "Request") indicates that documents responsive to that Request exist. By agreeing to comply with a particular Request, KLR represents only that it will conduct a reasonably diligent search as indicated above and, subject to all objections, will produce non-objectionable, non-privileged documents responsive thereto.

9.     In responding to the Subpoena, KLR neither waives, nor intends to waive, but expressly reserves: (i) any and all objections to the relevance, competence, susceptibility to discovery, materiality, or admissibility of any documents produced; (ii) all rights to object on any ground to the use of any documents or responses, or the subject matter thereof, in any subsequent proceedings; and/or (iii) all rights to object on any ground to any Subpoena (including without limitation for improper or ineffective service of the subpoena) or other, further demand for documents or other responses involving or related to the subject matter of the Subpoena.

10.    KLR reserves its right to amend, modify, and supplement these Responses as appropriate.

## OBJECTIONS TO DEFINITIONS

1.     KLR objects to the Trustee's definition of "you" and "your" as overly broad.

2.     KLR objects to the Trustee's definition of "Account" or "Accounts" as overly broad and unduly burdensome, particularly to the extent it seeks information that is not relevant to the issues in this adversary proceeding and/or not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Requests, Defendant understands "Accounts" to mean solely Account Nos. 1G0104, 1G0289 and 1R0182 at Bernard L. Madoff Investment Securities LLC.

4

## SPECIFIC OBJECTIONS AND RESPONSES

### DOCUMENT REQUEST NO. 1:

Documents Concerning the Accounts, including any predecessor accounts, and/or the nominee or beneficial owners of those accounts.

### RESPONSE:

KLR objects to this Request as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

### DOCUMENT REQUEST NO. 2:

Documents Concerning all services provided, directly or indirectly, by You to Defendants relating to the Accounts.

### RESPONSE:

KLR objects to this Request as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR states that it did not provide any services to the Defendants relating to the Accounts.

5

**DOCUMENT REQUEST NO. 3:**

Period statements Concerning the Accounts, including, without limitation, duplicate statements that You received from BLMIS or Defendants, and including any statements that you maintained on behalf of Defendants.

**RESPONSE:**

Subject to the foregoing General Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

**DOCUMENT REQUEST NO. 4:**

Documents and communications between You and Defendants Concerning BLMIS and/or the Accounts.

**RESPONSE:**

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

**DOCUMENT REQUEST NO. 5:**

Documents and communications between You and BLMIS Concerning the Accounts.

**RESPONSE:**

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

**DOCUMENT REQUEST NO. 6:**

Documents Concerning any Transfers or Subsequent Transfers Defendants received from BLMIS.

**RESPONSE:**

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

**DOCUMENT REQUEST NO. 7:**

Documents Concerning all money or property transmitted between Defendants and BLMIS.

**RESPONSE:**

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

**DOCUMENT REQUEST NO. 8:**

Documents prepared by You Concerning the Accounts, including without limitation, financial statements, analysis and/or reports created by You Concerning the Accounts, such as profit and loss statements.

**RESPONSE:**

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

**DOCUMENT REQUEST NO. 9:**

Tax returns, documents or other forms prepared by You for Defendants, whether filed, amended, unified or in draft form, and all supporting schedules and work papers, journal entries, and trial balances.

**RESPONSE:**

KLR objects to this Request as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. KLR further objects to this Request on the ground that it seeks documents that are confidential as to KLR's clients, and more readily attainable from Defendants. KLR accordingly will not produce documents responsive to this Request.

**DOCUMENT REQUEST NO. 10:**

Documents relating to the Accounts that were exchanged between You and any other CPA, accountant, bookkeeper, and/or financial professional.

**RESPONSE:**

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

## DOCUMENT REQUEST NO. 11:

Documents Concerning Your knowledge of any income, gain, and/or rates of return purportedly earned by Defendants in connection with direct and/or indirect investments with BLMIS.

## RESPONSE:

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

## DOCUMENT REQUEST NO. 12:

Organizational Documents relating to any entity that is affiliated with or otherwise related to Defendants through common or affiliated management or otherwise, including, but not limited to, articles of incorporation; limited partnership, limited liability company or trust agreements; memoranda of association and articles of association; or any Document with an equivalent function, each as originally constituted and as amended or otherwise modified through the date of your response.

## RESPONSE:

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and

out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

### DOCUMENT REQUEST NO. 13:

Documents describing, soliciting, or Concerning Transfers to, investments in, or the depositing of funds with BLMIS or that otherwise concern, describe, or reflect upon the investment advisory business unit of BLMIS.

### RESPONSE:

KLR objects to this Request as duplicative and also as overbroad in that it seeks information that is not material or necessary to the prosecution or defense of this action and is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not proportional to the needs of this action. KLR further objects to this Request on the ground that it is unduly burdensome. Subject to the foregoing General and Specific Objections, KLR will produce non-privileged documents sufficient to show the period balance of, and transfers into and out of the Accounts, including the transferees and transferors of same, to the extent such documents are within KLR's possession, custody, or control.

Dated: New York, New York
      July 5, 2016

PRYOR CASHMAN LLP

By: _____
Richard Levy, Jr.
David C. Rose
Eric D. Dowell
7 Times Square
New York, New York 10036
Phone: (212) 421-4100
Facsimile: (212) 326-0806

11





7 Times Square, New York, NY 10036-6569

Dean D. Hunt, Esq.
Baker Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002