UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re:

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                         Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PERTAINS TO THE FOLLOWING CASE:

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                         Plaintiff,

              -v-

J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,
ASCOT FUND LTD., GABRIEL CAPITAL
CORPORATION,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Adv. Proc. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Proc. No. 09-1182 (SMB)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
THE EXPERT TESTIMONY OF LISA M. COLLURA**

NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americans
New York, New York 10019
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
*Attorneys for Ralph C. Dawson, as Receiver
for Defendant Ascot Partners, L.P., and
Ascot Fund Ltd.*

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Tel.:  (212) 698-3500
*Attorneys for Defendants J. Ezra Merkin
and Gabriel Capital Corporation*

62290059.3

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 2

    I.    THE TRUSTEE HAS FAILED TO DEMONSTRATE THAT MS. COLLURA'S TESTIMONY IS RELEVANT TO ANY FACT IN ISSUE ......... 2

        A.    The Trustee's Assertion that the Amount of Subsequent Transfers Remains in Issue is Belied by the Record ................................................. 3

        B.    The Propriety of the Trustee's Reliance on an Expert to Analyze the Records is Not in Issue ........................................................................ 3

        C.    The Trustee's Assertion that Ms. Collura Provides *Analysis* Regarding Tracing Methodologies that Will Assist the Court is Contradicted by Her Testimony ................................................................. 4

        D.    The Trustee's Efforts to Rewrite Collura's Opinions Should be Rejected ............................................................................................... 5

    II.    THE TRUSTEE HAS NOT SHOWN THAT MS. COLLURA'S TESTIMONY REGARDING TRACING METHODOLOGIES IS RELEVANT OR RELIABLE .................................................................................. 6

        A.    Ms. Collura's Mechanical Application of Tracing Methodologies, Without More, Should be Excluded as Irrelevant .................................... 6

        B.    The Trustee Has Not Demonstrated that Ms. Collura's Methods Were Reliably Applied to the Facts of the Case ...................................... 7

        C.    The Shortcomings In Ms. Collura's Testimony and Opinions Cannot Be Cured by Cross-Examination ................................................. 8

CONCLUSION ...................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**CASES:** **Page(s)**

*In re Alter, Coleman Clearing Corp.*,
  No. 95-08203 (JLG), 1998 WL 160039 (Bankr. S.D.N.Y. Apr. 3, 1998) .................................4

*Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*,
  265 F. Supp. 2d 240 (S.D.N.Y. 2003) .....................................................................................3

*Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*,
  No. Civ. 022748 (DRH)(MLO), 2005 WL 6042722 (E.D.N.Y. Jan. 19, 2005) ......................7

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579, 113 S. Ct. 2786 (1993) .....................................................................................7

*Davis v. Carroll*,
  937 F. Supp. 2d 390 (S.D.N.Y. 2013) .................................................................................2, 6

*LaBounty v. Rivera*,
  No. 95 Civ. 2617 (DLC), 1999 WL 1129063 (S.D.N.Y. Dec. 8, 1999) ..................................2

*In re Randall's Island Family Golf Centers, Inc.*,
  290 B.R. 55 (S.D.N.Y. 2003) ..................................................................................................4

**STATUTES:**

Federal Rule of Bankruptcy Procedure 9017 ..................................................................................1

Federal Rule of Evidence 401 ......................................................................................................1, 9

Federal Rule of Evidence 403 ......................................................................................................1, 9

Federal Rule of Evidence 702 ..............................................................................................1, 2, 7, 9

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") (collectively, "Merkin Defendants"), Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund") (Ascot Partners and Ascot Fund, together "Ascot" and collectively with the Merkin Defendants, "Defendants"), respectfully submit this reply Memorandum of Law in further support of their Motion *in Limine* to exclude the expert testimony of Lisa M. Collura pursuant to Federal Rules of Evidence 401, 403, and 702, made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9017.

## PRELIMINARY STATEMENT

The Trustee appears to suggest that he should be permitted to present extensive testimony from Ms. Collura about reconciliation of bank statements, the sources of incoming transfers and recipients of outgoing transfers and her mathematical calculations of the amount of subsequent transfers under five tracing methods, relying on millions of pages of bank records, account statements and QuickBooks data – even though *Defendants do not dispute the totals she reached*. But the Trustee cites no authority that would permit a party to introduce such voluminous and time consuming testimony culminating only in an undisputed fact. This testimony cannot assist the Court in determining any fact in issue and should be excluded.

To overcome the undisputed nature of her calculations, the Trustee attempts to cast Ms. Collura's report as offering some type of analysis beyond just an undisputed calculation. He offers no specific citation, and, in fact, she specifically disclaims having any opinion as to which tracing methodology would be most appropriate given the operations of Ascot. The Trustee argues that any opinion as to the appropriateness of a methodology invades the purview of the Court but none of the cases he cites support that result.

62290059.3

Ms. Collura's testimony is irrelevant and unreliable. She offers no opinion as to the propriety of applying any of the five tracing methodologies in this action based on the facts of this case or the operations of Ascot. She simply accepted the five methodologies presented to her by the Trustee, despite not having previously applied any of them as tracing methodologies, and rendered a mathematical conclusion. This does not assist the trier of fact. Nor can cross-examination mitigate these fatal flaws. Ms. Collura's testimony should be excluded in its entirety.

## ARGUMENT

### I.  THE TRUSTEE HAS FAILED TO DEMONSTRATE THAT MS. COLLURA'S TESTIMONY IS RELEVANT TO ANY FACT IN ISSUE

The Trustee does not dispute, nor can he, that expert testimony is relevant only to the extent that it "will help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702 (emphasis added). He contends that Ms. Collura "confirmed that Defendants commingled the initial transfers within their five bank accounts, analyzed business records and bank records to identify Subsequent Transfers to Defendants, and applied different tracing methodologies to calculate the amounts of the Subsequent Transfers traced back to BLMIS." (Trustee Br. (Dkt. 394) at 6-7)  Defendants do not dispute Ms. Collura's reconciliation of the bank records or her calculations of subsequent transfers under the five tracing methodologies. *See* Def. Br. (Dkt. 379) at 5; Dkt. 380 at ¶¶ 6, 9. Because these facts are no longer in dispute, Ms. Collura's testimony cannot assist the Court in determining a "fact in issue" and should be excluded as irrelevant. *Davis v. Carroll,* 937 F. Supp. 2d 390, 420 (S.D.N.Y. 2013) (excluding as irrelevant undisputed portions of proposed expert testimony); *LaBounty v. Rivera*, No. 95 Civ. 2617 (DLC), 1999 WL 1129063, at *5 (S.D.N.Y. Dec. 8, 1999) (excluding expert testimony from a neurologist to interpret medical reports because the defendant had

stipulated that the plaintiff suffered from a serious medical condition); *Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 254 (S.D.N.Y. 2003) (excluding expert testimony as "cumulative" of other evidence "and therefore superfluous").

### A. The Trustee's Assertion that the Amount of Subsequent Transfers Remains in Issue is Belied by the Record

In opposition, the Trustee first asserts that no stipulation exists regarding the amount of subsequent transfers or the analyses of Defendants books and records. (Trustee Opp. at 4) To the extent the Trustee is arguing that Defendants' statements to this Court that they do not dispute Ms. Collura's calculations under the five tracing methodologies should be treated differently than a stipulation, that position is without support and the Trustee offers none.[1] Defendants have put before the Court the Declaration of Judith A. Archer, counsel to Ascot, in which she declares under penalty of perjury, that "Defendants do not dispute Ms. Collura's reconciliation of the bank account statements and BLMIS statements of Ascot" and "Defendants do not dispute the calculations of the five separate totals of subsequent transfers reached by Ms. Collura by applying each of the five methodologies to the transfers for the two-year period." *See* Dkt. 380 at ¶¶ 6, 9. Those statements, while not in the form of a stipulation, foreclose any argument by the Trustee that those facts are somehow still in dispute. The parties are obligated to provide a list of undisputed facts as part of the Joint Pretrial Order; these facts may be included in that Order.

### B. The Propriety of the Trustee's Reliance on an Expert to Analyze the Records is Not in Issue

The Trustee next argues that he is entitled to rely on an expert to analyze BLMIS's records. (Trustee Opp. at 4) Defendants take no issue with the Trustee's retention of Ms.

---

[1] Such a position would, in essence, encourage parties to refuse to stipulate to facts in an effort to present testimony exactly as they wish, resulting in an extreme waste of judicial resources.

62290059.3                                    - 3 -

Collura to analyze and reconcile BLMIS's books and records. *See* Dkt. 380 at ¶ 6. None of the cases cited by the Trustee, however, addressed an expert whose reconciliations were not in dispute. *See, e.g., In re Randall's Island Family Golf Centers, Inc.*, 290 B.R. 55, 65 (S.D.N.Y. 2003) (addressing the impact of a heightened pleading standard where the Trustee must interpret the incomplete books and records of a debtor); *In re Alter, Coleman Clearing Corp.*, No. 95-08203 (JLG), 1998 WL 160039, at *3 (Bankr. S.D.N.Y. Apr. 3, 1998) (defendants did not dispute that, if the trustee could overcome their objection to the expert's qualifications, the expert declaration contained information that would assist the court). The Trustee's argument as to his entitlement to rely on an expert for reconciliation of books and records is a red herring.

### C. The Trustee's Assertion that Ms. Collura Provides *Analysis* Regarding Tracing Methodologies that Will Assist the Court is Contradicted by Her Testimony

The Trustee argues that Collura's opinions and testimony relating to subsequent transfers are admissible, based on the flawed premise that the subsequent transfer amounts are still at issue in this case. (Trustee Opp. at 5) The Trustee expounds at length on the difficulty of tracing commingled funds (Trustee Opp. at 6), yet the difficulty of Ms. Collura's assignment is not at issue. The Trustee argues that excluding Ms. Collura's testimony "deprives the Court of the benefit of explanations or understanding of how those amounts were calculated" (*id.*), offering no explanation as to why an understanding of how Ms. Collura made her calculations would benefit the Court or help determine a fact in issue. The Trustee asserts that Ms. Collura's testimony will provide "valuable analysis related to the tracing methodologies, and will assist the Court in determining which tracing methodology the Court should apply." (*Id.* at 7) This flies directly in the face of Ms. Collura's testimony that she does not offer, and does not have, any opinion as to whether any of the methodologies is more or less appropriate than any of the

others.  (Collura Tr. at 74:16-25)[2]   She offers no analysis, merely the totals of subsequent transfers under each of the five methodologies.  *See id.*; Collura Rep. at pp. 8-9.  She did not develop or suggest the methodologies and had no prior experience with their application.

### D. The Trustee's Efforts to Rewrite Collura's Opinions Should be Rejected

The Trustee now seeks to recast the focus and purpose of Ms. Collura's testimony, but nowhere does she offer an opinion as to whether Defendants utilized inter-account transfers to avoid paying redemptions or whether the management fees paid to Merkin impact his good faith in continuing to invest with BLMIS.  *Compare* Trustee Opp. at 7-8 *with* Collura Rep.[3]

Contrary to the Trustee's assertion, Ms. Collura offers no opinion that inter-account transfers among Defendants arose from some effort on the part of Defendants to avoid obtaining redemptions directly from BLMIS.  (Trustee Opp. at 8)  Nor would she have any basis to do so. She also has no basis on which to offer anything other than a proposed total of the management fees paid to Merkin.  She cannot and does not, as the Trustee tries to assert, testify to any relationship between the management fees and Merkin's "motives for continuing to deal with BLMIS in the face of facts suggesting a high probability of fraud at BLMIS."  (Trustee Opp. at 8)  The Trustee's efforts to transform Ms. Collura's opinions beyond mathematical calculations to opinions on the motivations of Defendants flatly contradicts Ms. Collura's report and must fail.

---

[2]   Cited excerpts of Ms. Collura's transcript are attached as Exhibit B to the Declaration of Judith A. Archer (Dkt. 380-2).

[3]   Ms. Collura's report is attached as Exhibit A to the Declaration of Judith A. Archer (Dkt. 380-1).

62290059.3                                      - 5 -

Notwithstanding the Trustee's revisionism, because Ms. Collura's opinions concern only facts that Defendants do not dispute, her testimony should be excluded. *See Davis*, 937 F. Supp. 2d at 420 (striking as irrelevant undisputed portions of proposed expert testimony).[4]

## II. THE TRUSTEE HAS NOT SHOWN THAT MS. COLLURA'S TESTIMONY REGARDING TRACING METHODOLOGIES IS RELEVANT OR RELIABLE

### A. Ms. Collura's Mechanical Application of Tracing Methodologies, Without More, Should be Excluded as Irrelevant

The Trustee attempts to bolster the relevance of Ms. Collura's testimony by engaging in a pages-long discussion of the five tracing methodologies, and the analysis that Collura performed of Defendants' bank records, BLMIS customer statements and QuickBooks data, to arrive at five totals of subsequent transfers—the totals of which Defendants do not dispute. As set forth above, because Defendants do not dispute these totals, Ms. Collura's opinions are not, without more, relevant. Ms. Collura never offers "more."

It is undisputed that Ms. Collura expresses no opinion as to the appropriateness of any of the tracing methodologies provided to her by Trustee's counsel, no opinion or analysis regarding the timing, amounts, and purpose of the withdrawals from BLMIS, and no opinion as to how the operations of Defendants might impact the propriety of the application of any of the tracing methods. (Collura Tr. at 74:16-25) The Trustee asserts that it would be improper for Ms. Collura to opinion on which methodology the Court should apply (Trustee Opp. at 13-14), yet Ms. Collura offers nothing other than the mathematical totals of subsequent transfers under each of the methodologies. She fails to apply any expertise or experience as to the propriety of any of the tracing methodologies based on the specific facts of the case or the operation of Ascot. (Collura Tr. at 74:16-25) Such an analysis would not improperly tell the Court the result to reach,

---

[4] The Trustee fails to address Defendants' argument that even if Ms. Collura's testimony were relevant, its minimal relevance is outweighed by the delay, waste of time and presentation of cumulative evidence. *See* Def. Br. at 7.

but would provide some context to the application of each of the methodologies to the transfers at issue. Without any analysis as to the propriety of the methodologies based on the operations of Ascot, Ms. Collura's presentation of undisputed totals is not relevant and should be excluded. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 2799 (1993); FED. R. EVID. 702.[5]

### B. The Trustee Has Not Demonstrated that Ms. Collura's Methods Were Reliably Applied to the Facts of the Case

The Trustee emphasizes only the reliability of Ms. Collura's methods, completely ignoring the second prong of a reliability analysis – that the methods have been reliably applied to the facts of the case. *See* FED. R. EVID. 702. He asserts that Ms. Collura applied the tracing methodologies "to the facts of this case using her decades of professional experience." (Trustee Opp. at 15) It is unclear to which experience the Trustee refers – Ms. Collura never even heard of the so-called "Restated LIBR" prior her engagement in this action (Collura Tr. at 67:15-19; 68:2-3; 68:11-13; 69:12-23; 70:3-9) and, while she had heard of LIFO and FIFO (two of the methodologies she proposed) in other accounting contexts, she had never seen or used them in a tracing context. (*Id.* at 67:15-68:3) Unlike in *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, No. Civ. 022748 (DRH)(MLO), 2005 WL 6042722 (E.D.N.Y. Jan. 19, 2005) where the primary objection to the proposed expert's testimony was that counsel had "at least some input" into the expert's report (*id.* at *1), here, Ms. Collura had no experience applying the five tracing methodologies in any other case and was merely "directed by counsel to the Trustee" to review and apply the methodologies. (Collura Rep. ¶ 16 & Collura Tr. at 74:16-25) The Trustee argues

---

[5] The Trustee asserts that Defendants' expert, Paul K. Meyer "attempts to subvert the Court's determination" by opining that two of the tracing methods are more appropriate in this case given the operation of Ascot. (Trustee Opp. at 14, n. 25) Notably, the Trustee failed to move to exclude Mr. Meyers testimony on this, or any other, basis, despite moving to exclude each of Defendants' other proposed experts.

that because Defendants' rebuttal expert used similar methodology, that somehow cures the defects in Ms. Collura's opinion.  Unlike Ms. Collura, however, Mr. Meyer used his background and experience to analyze the operations of Ascot to opine, beyond the calculations that Ms. Collura offers, which of the methodologies are most applicable in this context.  *See* Meyer Rep. at ¶¶ 37-44.

The inferences Ms. Collura draws about missing records further underscore the unreliability of her application of the methodologies to the facts of the case.  Ms. Collura assumes that she would be able to reconcile certain transactions for which documents were missing.  (Collura Rep. at ¶¶ 35, 47)  The Court already has rejected this approach, noting that "the experts can't tell [the Court] what's in non-existent or missing -- . . . – documents."  (Archer Decl. (Dkt. 380), Ex. 4 at 28:3-19)  The Trustee asserts that the Court's finding was narrower, applying only to whether the missing records would prove the trustee's case (Trustee Opp. at 16), yet the Court's language makes clear that it is a wholesale rejection of an expert's inference as to non-existent or missing records.  (Archer Decl. (Dkt. 380), Ex. 4 at 28:3-19)  These flaws support exclusion of her testimony as unreliable.

### C.  The Shortcomings In Ms. Collura's Testimony and Opinions Cannot Be Cured by Cross-Examination

The Trustee's opposition does nothing to transform Ms. Collura's opinions from agreed-upon calculations without analysis of the propriety of any of the tracing methodologies to the facts of this case.  The Trustee asserts that these flaws are matters for cross-examination and should not result in the exclusion of Ms. Collura's testimony and opinions.  (Trustee Opp. at 17-18)  That is wrong as a matter of law.  Because Ms. Collura's proposed testimony is fundamentally flawed, it should be excluded in its entirety.

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in Defendants' Memorandum of Law in Support of their Motion to Exclude the Expert Testimony of Lisa M. Collura, Defendants respectfully request that the Court exclude Ms. Collura's expert testimony and opinions as irrelevant, outweighed by the danger of undue delay, waste of time, and presenting cumulative evidence, and unreliable pursuant to Rules 401, 403, and 702 of the Federal Rules of Evidence.

Dated: New York, New York
      June 23, 2017

NORTON ROSE FULBRIGHT US LLP

By:   /s/ *Judith A. Archer*
      Judith A. Archer
Sarah E. O'Connell
David B. Schwartz
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 318-3000
Fax: (212) 318-3400
judith.archer@nortonrosefulbright.com
sarah.oconnell@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

*Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.*

DECHERT LLP

By:   /s/ *Neil A. Steiner*
      Andrew J. Levander
Neil A. Steiner
Daphne T. Ha
Mariel R. Bronen
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com
daphne.ha@dechert.com
mariel.bronen@dechert.com

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*