# **Exhibit A-1**

**Andrew Madoff Creditor Claim No. 100329**

## PROOF OF CLAIM

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

RECEIVED

JUL 0 2 2009

By

IN RE ) Adv. Proc. No. 08-01789-BRL
)
BERNARD L. MADOFF )
INVESTMENT SECURITIES LLC, ) Amount of Claim $45,690,776.95
)
)
) Claimed As: [x] General Unsecured
)            [x] Priority (see Paragraph 10)
          Debtor. )            [ ] Secured (see Paragraph 9)
)
)

1.   Name of Creditor
     (Print or Type):   Andrew Madoff

     Mailing Address:   ▬▬▬▬▬▬▬▬▬▬

     City ▬▬▬▬▬        State ▬▬   Zip Code: ▬▬▬

2.   The debtor was, at the time of the filing of the petition initiating this case, and still is

     indebted (or liable) to this claimant in the sum of $45,690,776.95.

3.   The consideration for this debt (or ground of liability) is as follows:

     Services Rendered – See Attachment

4.   (If the claim is founded on writing.)  The writing on which this claim is founded (or a
     duplicate thereof) is attached hereto (or cannot be attached for the reason set forth
     in the following statement).

MADC1319_00000072
MADC1319_Second Amended_00000098

Exhibit N

Entered 05/04/12 19:41:05

Filed 05/04/12
Pg 2 of 53

Doc 113-14

09-01503-brl

5.    (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

PROOF OF CLAIM    )    CLAIM NUMBER
                   )

6.    No judgment has been rendered on the claim except:

7.    The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8.    This claim is not subject to any set-off or counterclaim except:

9.    No security interest is held for this claim except:

      (If security interest in property of the debtor is claimed) The undersigned claims the security interest under the writing referred to in paragraph 4 hereof. Evidence of perfection of such security interest is also attached hereto.

10.    This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

$10,950 is an allowed unsecured claim entitled to priority under 11 U.S.C. § 507(a)(4)(A).

2

11. If claimant has obtained this claim by assignment, a copy or explanation of said assignment is attached hereto.

Name of Creditor (PRINT OR TYPE) ___Andrew Madoff___

Signature: _____

Title (Corporate Officer, Partner, or Agent): ___Employee/director___

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

3

09-01503-brl   Doc 113-14   Filed 05/04/12   Entered 05/04/12 19:41:05   Exhibit N
Pg 4 of 53

## ATTACHMENT TO PROOF OF CLAIM OF
## ANDREW MADOFF

1.      On December 15, 2008 (the "<u>Filing Date</u>"), the Honorable Louis L.
Stanton, United States District Court Judge for the Southern District of New York, entered the
Order Commencing Liquidation (the "<u>Liquidation Order</u>") with respect to Bernard L. Madoff
Investment Securities, LLC ("<u>BLMIS</u>" or the "<u>Debtor</u>") pursuant to the provisions of the
Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, as amended ("<u>SIPA</u>").
Pursuant to the Liquidation Order, the BLMIS proceeding (the "<u>SIPA Proceeding</u>") was
removed to the United States Bankruptcy Court for the Southern District of New York (the
"<u>Bankruptcy Court</u>") in the case captioned *Securities Investment Protection Corporation v.*
*Bernard L. Madoff Investment Securities, LLC*, Adv. Proc. No. 08-01789 (SIPA) (Bankr.
S.D.N.Y. 2008).

2.      On December 23, 2008, the Bankruptcy Court entered the *Order*
*Approving Form and Manner of Publication and Mailing of Notices; Specifying Procedures*
*for Filing, Determination, and Adjudication of Claims; and Providing Other Relief* (the
"<u>SIPA Bar Date Order</u>") which, inter alia, established July 2, 2009, as the deadline (the "<u>SIPA</u>
<u>Bar Date</u>") by which all creditors of BLMIS must file proofs of claim in the Debtor's SIPA
Proceeding.

3.      On June 9, 2009, the Honorable Burton R. Lifland, United States
Bankruptcy Court Judge for the Southern District of New York, entered the *Consent Order*
*Substantively Consolidating the Estate of Bernard L. Madoff into the SIPA Proceeding of*
*Bernard L. Madoff Investment Securities LLC and Expressly Preserving All Rights, Claims*
*and Powers of Both Estates* (the "<u>Consolidation Consent Order</u>").  Pursuant to the

MADC1319_00000075
MADC1319_Second Amended_00000101

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 5 of 53

Consolidation Consent Order, Bernard L. Madoff's Chapter 7 Case, No. 09-11893 (BRL) (the "Madoff Chapter 7 Case"), was substantively consolidated with the SIPA Proceeding.

4.      This Proof of Claim is accordingly filed by and on behalf of Andrew Madoff (the "Claimant") for monies owing to him by BLMIS for services performed by the Claimant as a director in the proprietary trading and market making businesses of BLMIS and for Claimant's claims for fraudulent inducement against the Debtor concerning Claimant's investment in Madoff Securities International Ltd.

5.      This amount constitutes (1) the balance of Claimant's Deferred Compensation Account which was maintained at BLMIS (Account No. 1-M0006-3) ("Deferred Compensation Account") ($40,624,525; most recent available statement attached as Exhibit A); (2) Claimant's salary payment for December 1, 2008 through December 11, 2008 ($66,251.95; 2008 W-2 tax statement attached as Exhibit B); and (3) Claimant's investment in Madoff Securities International Ltd ($5,000,000).

6.      Reference is made to the *Madoff General Claim Form* to which this attachment is made (the "Madoff General Claim Form"). As set forth therein, as of the filing of this Proof of Claim, BLMIS was, and still is, indebted and/or liable to the Claimant for cash in an amount of no less than $45,690,776.95 arising from BLMIS's obligation to pay the Claimant the amounts accrued in Claimant's Deferred Compensation Account, as well as Claimant's December 2008 salary, and Claimant's investment in Madoff Securities International Ltd.

7.      Concurrently with filing this Proof of Claim, Claimant is filing two SIPC customer claims for BLMIS Account Nos. 1-M0107-3 and 1-M0108-3 (together, the "Customer Claims"). To the extent that Claimant's Customer Claims are not honored or paid

MADC1319_00000076
MADC1319_Second Amended_00000102

in full in the SIPA Proceeding, Claimant reserves all rights to assert such claims in this proceeding. Nothing herein is or shall be intended to re-characterize any of Claimant's claims asserted in the Customer Claims, which shall remain submitted as Customer Claims in their entirety.

8.    In addition, Claimant hereby asserts a contingent claim in respect of the possible assertion of any avoidance cause of action (or any similar cause of action seeking recovery of any transfers to Claimant) against Claimant and a claim, in an amount to be determined, based upon the avoidance of transfers to Claimant; provided, however, that Claimant's assertion of such claims shall not constitute an admission of any kind whatsoever by Claimant of the avoidability of any transfers made to Claimant or any wrongdoing on Claimant's part.

\*    \*    \*    \*    \*    \*    \*    \*

9.    Claimant has filed this Proof of Claim under compulsion of the SIPA Bar Date Order and to protect Claimant from forfeiture of its claim against the Debtor by reason of the SIPA Bar Date. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including, without limitation to assert claims for interest, fees, penalties, charges, attorneys fees and expenses accrued before or after the Filing Date. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

MADC1319_00000077
MADC1319_Second Amended_00000103

10.    In executing and filing this Proof of Claim, Claimant does not waive any obligation owed to Claimant by BLMIS or any past, present or future breaches of agreements by BLMIS. Claimant further does not waive, and this Proof of Claim shall not be deemed or construed to waive, any claims or right to assert any claims, or preserve any remedies, Claimant has against BLMIS or its affiliates, whether arising from or related to transactions described herein or otherwise. Claimant believes such claims are substantial and reserves all of its rights and remedies in connection therewith. In particular, and without limitation, Claimant reserves all of his rights with respect to all claims for fraudulent inducement against the Debtor concerning the Claimant's investment of $5,000,000 in Madoff Securities International Ltd.

11.    The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or

4

MADC1319_00000078
MADC1319_Second Amended_00000104

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 8 of 53

proceedings entered only after *de novo* review by a United States District Court Judge; (f) a
waiver of the right to move to withdraw the reference with respect to the subject matter of this
Proof of Claim, any objection thereto or other proceeding which may be commenced in this
case against or otherwise involving Claimant; or (g) an election of remedies.

12.    All notices regarding this Proof of Claim should be sent to: Andrew

Madoff, ███████████████████████████ with copies to Paul,

Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New

York 10019-6064, Telephone: (212) 373-3000, Attention: Martin Flumenbaum.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.

_____
Andrew Madoff

5

# Exhibit A

MADC1319_00000080
MADC1319_Second Amended_00000106

Exhibit N   Entered 05/04/12 19:41:05   Filed 05/04/12   Doc 113-14   09-01503-brl

Pg 10 of 53

## P O R T F O L I O   D I S P L A Y

ACCOUNT#-> 1M0006 3   ANDREW MADOFF                 From: 1/01/04 to 1/31/05
          Initial Investment-------------------->     14,005,877.82CR
          Prof Under Benchmark Return Prv Yr ---->     13,978,199.51
          Adjustments-------------------------->
          Capital Additions-------------------->
          Capital Withdrawals------------------>
          Net Working Capital------------------>     14,005,877.82CR
          Benchmark Return of 24 % for 366 Days-->     3,370,620.02CR
          Capital Gains/Losses----------------->
          Dividends/Interest------------------->
          Realized P/L------------------------->
          Unrealized P/L----------------------->
          Profits Withdrawn-------------------->
          Over/Under Benchmark Return(This Year)->     3,370,620.02-
          Current Cash Balance----------------->           .31CR
          Market Value of Open Positions-------->        27,678.00
          Total Equity------------------------->        27,678.31CR

          PRIOR YEAR END EQUITY---->        27,678.31CR
          ANNUALIZED RETURN FOR CURRENT YEAR--->    .00  %
                                                              Cmd 7 = EXIT
          Buying Power          28    Over/Under    17,349-

MADC1319_00000081
MADC1319_Second Amended_00000107

08-01789-cgm    Doc 16239-3    Filed 06/26/17    Entered 06/26/17 14:09:11    Exhibit A1
- A2 - Stipulation and Order    Pg 12 of 29    Exhibit N

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 11 of 53



MADC1319_00000082
MADC1319_Second Amended_00000108

# Exhibit B

MADC1319_00000083
MADC1319_Second Amended_00000109

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 14 of 53

EISS, RIFKIND, WHARTON & GARRISON LLP
AVENUE OF THE AMERICAS • NEW YORK, NY 10019-6064

# HAND DELIVERY

PS|Ship - Voucher                                                    Page 1 of 2

**To**
Alix Partners LLP
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York , NY  13111  US
212-373-3512

**From**
HANNAH S. SHOLL
(04796)
Paul Weiss LLP
1285 Avenue of the
Americas
New York, NY  10019  US

**PWRWG0164486**

**Service**
Roundtrip
Hand Delivery by 11:00 AM

**Reference**
018997 . 00001

**Vendor**

**Instructions**
May be left unattended in a
safe place
Messenger needs to wait for
signature. SUPER RUSH

**Operator**
CLAUDETTE W WILSON
2072
cwilson@paulweiss.com

**Tracking**

**Price**

**Options**
Signature required

**Packaging/dimensions**

**Other**

NY_019
NY_016

| | Signature | Name | Date |
|---|---|---|---|
| Delivered to | | | |
| Delivered by | | | |

MADC1319_00000085
MADC1319_Second Amended_000000111

# **Exhibit A-2**

**Andrew Madoff Creditor Claim No. 100427**

Bernard L. Madoff Investment Securities LLC
Case No 08-01789-BRL

U.S. Bankruptcy Claim for the Southern District of New York
Claim Number          100427

## PROOF OF CLAIM

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

**RECEIVED**

JUL 0 6 2009

IN RE

) Adv. Proc. No. 08-01789-BRL
)
BERNARD L. MADOFF )
INVESTMENT SECURITIES LLC, ) Amount of Claim $45,690,776.95
)
) Claimed As: [x] General Unsecured
) [x] Priority (see Paragraph 10)
Debtor. ) [ ] Secured (see Paragraph 9)
)
)

1.   Name of Creditor
     (Print or Type):      Andrew Madoff

     Mailing Address:      ████████████████████

                 City ██████████  State ████  Zip Code: ████████

2.   The debtor was, at the time of the filing of the petition initiating this case, and still is

     indebted (or liable) to this claimant in the sum of $45,690,776.95.

3.   The consideration for this debt (or ground of liability) is as follows:

     Services Rendered – See Attachment

4.   (If the claim is founded on writing.) The writing on which this claim is founded (or a
     duplicate thereof) is attached hereto (or cannot be attached for the reason set forth
     in the following statement).

MADC1319_00000100
MADC1319_Second Amended_00000126

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 30 of 53

5.    (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

PROOF OF CLAIM        )        CLAIM NUMBER
                      )

6.    No judgment has been rendered on the claim except:

7.    The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8.    This claim is not subject to any set-off or counterclaim except:

9.    No security interest is held for this claim except:

      **(If security interest in property of the debtor is claimed)** The undersigned claims the security interest under the writing referred to in paragraph 4 hereof. Evidence of perfection of such security interest is also attached hereto.

10.   This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

$10,950 is an allowed unsecured claim entitled to priority under 11 U.S.C. § 507(a)(4)(A).

MADC1319_00000101
MADC1319_Second Amended_00000127

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 31 of 53

11.   If claimant has obtained this claim by assignment, a copy or explanation of said assignment is attached hereto.

Name of Creditor (PRINT OR TYPE)    Andrew Madoff

Signature: _____

Title (Corporate Officer, Partner, or Agent):    Employee/director

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

MADC1319_00000102
MADC1319_Second Amended_00000128

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 32 of 53

## ATTACHMENT TO PROOF OF CLAIM OF
## ANDREW MADOFF

1.       On December 15, 2008 (the "Filing Date"), the Honorable Louis L. Stanton, United States District Court Judge for the Southern District of New York, entered the Order Commencing Liquidation (the "Liquidation Order") with respect to Bernard L. Madoff Investment Securities, LLC ("BLMIS" or the "Debtor") pursuant to the provisions of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, as amended ("SIPA"). Pursuant to the Liquidation Order, the BLMIS proceeding (the "SIPA Proceeding") was removed to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the case captioned *Securities Investment Protection Corporation* v. *Bernard L. Madoff Investment Securities, LLC*, Adv. Proc. No. 08-01789 (SIPA) (Bankr. S.D.N.Y. 2008).

2.       On December 23, 2008, the Bankruptcy Court entered the *Order Approving Form and Manner of Publication and Mailing of Notices; Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief* (the "SIPA Bar Date Order") which, inter alia, established July 2, 2009, as the deadline (the "SIPA Bar Date") by which all creditors of BLMIS must file proofs of claim in the Debtor's SIPA Proceeding.

3.       On June 9, 2009, the Honorable Burton R. Lifland, United States Bankruptcy Court Judge for the Southern District of New York, entered the *Consent Order Substantively Consolidating the Estate of Bernard L. Madoff into the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC and Expressly Preserving All Rights, Claims and Powers of Both Estates* (the "Consolidation Consent Order"). Pursuant to the

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 33 of 53

Consolidation Consent Order, Bernard L. Madoff's Chapter 7 Case, No. 09-11893 (BRL) (the

"Madoff Chapter 7 Case"), was substantively consolidated with the SIPA Proceeding.

4.      This Proof of Claim is accordingly filed by and on behalf of Andrew

Madoff (the "Claimant") for monies owing to him by BLMIS for services performed by the

Claimant as a director in the proprietary trading and market making businesses of BLMIS and

for Claimant's claims for fraudulent inducement against the Debtor concerning Claimant's

investment in Madoff Securities International Ltd.

5.      This amount constitutes (1) the balance of Claimant's Deferred

Compensation Account which was maintained at BLMIS (Account No. 1-M0006-3)

("Deferred Compensation Account") ($40,624,525; most recent available statement attached

as Exhibit A); (2) Claimant's salary payment for December 1, 2008 through December 11,

2008 ($66,251.95; 2008 W-2 tax statement attached as Exhibit B); and (3) Claimant's

investment in Madoff Securities International Ltd ($5,000,000).

6.      Reference is made to the *Madoff General Claim Form* to which this

attachment is made (the "Madoff General Claim Form"). As set forth therein, as of the filing

of this Proof of Claim, BLMIS was, and still is, indebted and/or liable to the Claimant for

cash in an amount of no less than $45,690,776.95 arising from BLMIS's obligation to pay the

Claimant the amounts accrued in Claimant's Deferred Compensation Account, as well as

Claimant's December 2008 salary, and Claimant's investment in Madoff Securities

International Ltd.

7.      Concurrently with filing this Proof of Claim, Claimant is filing two

SIPC customer claims for BLMIS Account Nos. 1-M0107-3 and 1-M0108-3 (together, the

"Customer Claims"). To the extent that Claimant's Customer Claims are not honored or paid

MADC1319_00000104
MADC1319_Second Amended_00000130

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 34 of 53

in full in the SIPA Proceeding, Claimant reserves all rights to assert such claims in this proceeding. Nothing herein is or shall be intended to re-characterize any of Claimant's claims asserted in the Customer Claims, which shall remain submitted as Customer Claims in their entirety.

8.    In addition, Claimant hereby asserts a contingent claim in respect of the possible assertion of any avoidance cause of action (or any similar cause of action seeking recovery of any transfers to Claimant) against Claimant and a claim, in an amount to be determined, based upon the avoidance of transfers to Claimant; provided, however, that Claimant's assertion of such claims shall not constitute an admission of any kind whatsoever by Claimant of the avoidability of any transfers made to Claimant or any wrongdoing on Claimant's part.

*    *    *    *    *    *    *    *

9.    Claimant has filed this Proof of Claim under compulsion of the SIPA Bar Date Order and to protect Claimant from forfeiture of its claim against the Debtor by reason of the SIPA Bar Date. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including, without limitation to assert claims for interest, fees, penalties, charges, attorneys fees and expenses accrued before or after the Filing Date. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

MADC1319_Second Amended_00000131

MADC1319_00000105

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 35 of 53

10.    In executing and filing this Proof of Claim, Claimant does not waive any obligation owed to Claimant by BLMIS or any past, present or future breaches of agreements by BLMIS. Claimant further does not waive, and this Proof of Claim shall not be deemed or construed to waive, any claims or right to assert any claims, or preserve any remedies, Claimant has against BLMIS or its affiliates, whether arising from or related to transactions described herein or otherwise. Claimant believes such claims are substantial and reserves all of its rights and remedies in connection therewith. In particular, and without limitation, Claimant reserves all of his rights with respect to all claims for fraudulent inducement against the Debtor concerning the Claimant's investment of $5,000,000 in Madoff Securities International Ltd.

11.    The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or

4

MADC1319_00000106
MADC1319_Second Amended_00000132

Exhibit N

Entered 05/04/12 19:41:05

Filed 05/04/12    Pg 36 of 53

Doc 113-14

09-01503-brl

proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

12.    All notices regarding this Proof of Claim should be sent to:  Andrew Madoff, ██████████████████████████ with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Telephone: (212) 373-3000, Attention:  Martin Flumenbaum.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

_____
Andrew Madoff

MADC1319_00000107
MADC1319_Second Amended_00000133

# Exhibit A

MADC1319_00000108
MADC1319_Second Amended_0000013

```
                    P O R T F O L I O   D I S P L A Y

ACCOUNT#-> 1M0006 3  ANDREW MADOFF              From:  1/01/04 to  1/31/05
           Initial Investment--------------------->     14,005,877.82CR
           Prof Under Benchmark Return Prv Yr ---->     13,978,199.51
           Adjustments----------------------------->
           Capital Additions----------------------->
           Capital Withdrawals--------------------->
           Net Working Capital--------------------->     14,005,877.82CR
           Benchmark Return of 24 % for 366 Days-->      3,370,620.02CR
           Capital Gains/Losses-------------------->
           Dividends/Interest---------------------->
           Realized P/L---------------------------->
           Unrealized P/L-------------------------->
           Profits Withdrawn----------------------->
           Over/Under Benchmark Return(This Year)->       3,370,620.02
           Current Cash Balance-------------------->              .31CR
           Market Value of Open Positions--------->         27,678.00
           Total Equity--------------------------->         27,678.31CR

           PRIOR YEAR END EQUITY---->        27,678.31CR
           ANNUALIZED RETURN FOR CURRENT YEAR---->      .00 %
                                                                 Cmd 7 = EXIT
           Buying Power         28    Over/Under      17,349-
```

MADC1319_00000109
MADC1319_Second Amended_0000013



# Exhibit B

Form W-2 Wage and Tax Statement 2008 — Department of the Treasury—Internal Revenue Service

Bernard L. Madoff Investment Securities LLC
885 Third Avenue
New York, NY 10022

Andrew Madoff

MADC1319_00000112
MADC1319_Second Amended_00000138