# EXHBIT C-1

## Mark Madoff Creditor Claim No. 100328

Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N

Pg 15 of 53

09-01503-brl    Doc 113-14

Bernard L. Madoff Investment Securities LLC
Case No 08-01789-BRL

U.S. Bankruptcy Court for the Southern District of New York

Claim Number:                100328

## PROOF OF CLAIM

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUL 0 2 2009
By

| IN RE | ) | Adv. Proc. No. 08-01789-BRL |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | ) | Amount of Claim $53,848,721.06 |
| | ) | Claimed As: [x] General Unsecured |
| Debtor. | ) | [x] Priority (see Paragraph 10) |
| | ) | [ ] Secured (see Paragraph 9) |

1.  Name of Creditor
    (Print or Type):    Mark Madoff

    Mailing Address: ▮▮▮▮▮▮▮▮▮▮▮▮

    City ▮▮▮▮    State ▮▮    Zip Code: ▮▮▮▮

2.  The debtor was, at the time of the filing of the petition initiating this case, and still is
    indebted (or liable) to this claimant in the sum of $53,848,721.06.

3.  The consideration for this debt (or ground of liability) is as follows:

    Services Rendered – See Attachment

4.  (If the claim is founded on writing.) The writing on which this claim is founded (or a
    duplicate thereof) is attached hereto (or cannot be attached for the reason set forth
    in the following statement).

MADC1319_00000086
MADC1319_Second Amended_00000112

Exhibit N

Entered 05/04/12 19:41:05

Filed 05/04/12   Pg 16 of 53

Doc 113-14

09-01503-brl

5.  (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

PROOF OF CLAIM        )        CLAIM NUMBER
                              )

_____

6.  No judgment has been rendered on the claim except:

_____

7.  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

_____

8.  This claim is not subject to any set-off or counterclaim except:

_____

9.  No security interest is held for this claim except:

    (If security interest in property of the debtor is claimed) The undersigned claims the security interest under the writing referred to in paragraph 4 hereof. Evidence of perfection of such security interest is also attached hereto.

10. This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.

$10,950 is an allowed unsecured claim entitled to priority under 11 U.S.C. § 507(a)(4)(A).

2

MADC1319_00000087
MADC1319_Second Amended_00000113

11.   If claimant has obtained this claim by assignment, a copy or explanation of said assignment is attached hereto.

Name of Creditor (PRINT OR TYPE) _Mark Madoff_

Signature: _Marc Madoff_

Title (Corporate Officer, Partner, or Agent): _Employee/director_

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

3

MADC1319_00000088
MADC1319_Second Amended_00000114

### ATTACHMENT TO PROOF OF CLAIM OF
### MARK MADOFF

1.    On December 15, 2008 (the "Filing Date"), the Honorable Louis L. Stanton, United States District Court Judge for the Southern District of New York, entered the Order Commencing Liquidation (the "Liquidation Order") with respect to Bernard L. Madoff Investment Securities, LLC ("BLMIS" or the "Debtor") pursuant to the provisions of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, as amended ("SIPA"). Pursuant to the Liquidation Order, the BLMIS proceeding (the "SIPA Proceeding") was removed to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the case captioned *Securities Investment Protection Corporation* v. *Bernard L. Madoff Investment Securities, LLC*, Adv. Proc. No. 08-01789 (SIPA) (Bankr. S.D.N.Y. 2008).

2.    On December 23, 2008, the Bankruptcy Court entered the *Order Approving Form and Manner of Publication and Mailing of Notices; Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief* (the "SIPA Bar Date Order") which, *inter alia*, established July 2, 2009, as the deadline (the "SIPA Bar Date") by which all creditors of BLMIS must file proofs of claim in the Debtor's SIPA Proceeding.

3.    On June 9, 2009, the Honorable Burton R. Lifland, United States Bankruptcy Court Judge for the Southern District of New York, entered the *Consent Order Substantively Consolidating the Estate of Bernard L. Madoff into the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC and Expressly Preserving All Rights, Claims and Powers of Both Estates* (the "Consolidation Consent Order"). Pursuant to the

Consolidation Consent Order, Bernard L. Madoff's Chapter 7 Case, No. 09-11893 (BRL) (the "Madoff Chapter 7 Case"), was substantively consolidated with the SIPA Proceeding.

4.    This Proof of Claim is accordingly filed by and on behalf of Mark Madoff (the "Claimant") for monies owing to him by BLMIS for services performed by the Claimant as a director in the proprietary trading and market making businesses of BLMIS and for Claimant's claims for fraudulent inducement against the Debtor concerning Claimant's investment in Madoff Securities International Ltd.

5.    This amount constitutes (1) the balance of Claimant's Deferred Compensation Account which was maintained at BLMIS (Account No. 1-M0009-3) ("Deferred Compensation Account") ($44,815,520; most recent available statement attached as Exhibit A); (2) Claimant's salary payment for December 1, 2008 through December 11, 2008 ($33,201.06; 2008 W-2 tax statement attached as Exhibit B); (3) Claimant's 2007 bonus ($2,000,000); (4) Claimant's 2008 bonus ($2,000,000); and (5) Claimant's investment in Madoff Securities International Ltd. ($5,000,000).

6.    Reference is made to the *Madoff General Claim Form* to which this attachment is made (the "Madoff General Claim Form"). As set forth therein, as of the filing of this Proof of Claim, BLMIS was, and still is, indebted and/or liable to the Claimant for cash in an amount of no less than $53,848,721.06 arising from BLMIS's obligation to pay the Claimant the amounts accrued in Claimant's Deferred Compensation Account, as well as Claimant's December 2008 salary, 2007 and 2008 bonuses, and Claimant's investment in Madoff Securities International Ltd.

7.    In addition, Claimant hereby asserts a contingent claim in respect of the possible assertion of any avoidance cause of action (or any similar cause of action seeking

2

recovery of any transfers to Claimant) against Claimant and a claim, in an amount to be determined, based upon the avoidance of transfers to Claimant; provided, however, that Claimant's assertion of such claims shall not constitute an admission of any kind whatsoever by Claimant of the avoidability of any transfers made to Claimant or any wrongdoing on Claimant's part.

*     *     *     *     *     *     *     *

8.      Claimant has filed this Proof of Claim under compulsion of the SIPA Bar Date Order and to protect Claimant from forfeiture of its claim against the Debtor by reason of the SIPA Bar Date. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including, without limitation to assert claims for interest, fees, penalties, charges, attorneys fees and expenses accrued before or after the Filing Date. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

9.      In executing and filing this Proof of Claim, Claimant does not waive any obligation owed to Claimant by BLMIS or any past, present or future breaches of agreements by BLMIS. Claimant further does not waive, and this Proof of Claim shall not be deemed or construed to waive, any claims or right to assert any claims, or preserve any remedies, Claimant has against BLMIS or its affiliates, whether arising from or related to transactions described herein or otherwise. Claimant believes such claims are substantial and reserves all of its rights and remedies in connection therewith. In particular, and without

3

MADC1319_00000091
MADC1319_Second Amended_00000117

limitation, Claimant reserves all of his rights with respect to all claims for fraudulent

inducement against the Debtor concerning the Claimant's investment of $5,000,000 in Madoff

Securities International Ltd.

10.    The filing of this Proof of Claim is not and shall not be deemed or

construed as:  (a) a waiver or release of Claimant's rights against any person, entity, or

property; (b) a consent by Claimant to the jurisdiction of this Court or any other court with

respect to proceedings, if any, commenced in any case against or otherwise involving

Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other

court in any proceeding as to any and all matters so triable herein, whether or not the same be

designated legal or private rights or in any case, controversy, or proceeding related hereto,

notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28

U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States

Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any

proceeding as to any and all matters so triable herein or in any case, controversy, or

proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release

of Claimant's right to have any and all final orders in any and all non-core matters or

proceedings entered only after *de novo* review by a United States District Court Judge; (f) a

waiver of the right to move to withdraw the reference with respect to the subject matter of this

Proof of Claim, any objection thereto or other proceeding which may be commenced in this

case against or otherwise involving Claimant; or (g) an election of remedies.

11.    All notices regarding this Proof of Claim should be sent to:  Mark

Madoff, ████████████████████████████, with copies to Paul, Weiss,

4

MADC1319_00000092
MADC1319_Second Amended_00000118

Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York

10019-6064, Telephone: (212) 373-3000, Attention: Martin Flumenbaum.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.

_Mark Madoff_
Mark Madoff

5

MADC1319_00000093
MADC1319_Second Amended_00000119



Exhibit A

08-01789-cgm    Doc 16239-5    Filed 06/26/17    Entered 06/26/17 14:09:11    Exhibit C1
- C2 - Stipulation and Order    Pg 11 of 28    Exhibit N

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 24 of 53

MADC1319_00000095
MADC1319_Second Amended_00000121

# Exhibit B

MADC1319_00000096
MADC1319_Second Amended_00000122

COPY B
To Be Filed with Employee's
FEDERAL Tax Return

Bernard L. Madoff Investment Securities LLC
885 Third Avenue
New York, NY 10022

Mark Madoff

| | 992650 00 | | 323783 43 |
| | 102000 00 | | 6324 00 |
| | 1008150 00 | | 14618 18 |
| D | 15500 00 | HealthVDen | 8350 |
| | | Med Spend | 7500 |
| NY | 992650 00 | 72062 21 | 992650 00 | 39228 00 | NYC |

Form W-2 Wage and Tax Statement 2008   Department of the Treasury—Internal Revenue Service   Safe, accurate, FAST! Use

---

COPY 2
To Be Filed with Employee's
State, City or Local
Income Tax Return

Bernard L. Madoff Investment Securities LLC
885 Third Avenue
New York, NY 10022

Mark Madoff

| | 992650 00 | | 323783 43 |
| | 102000 00 | | 6324 00 |
| | 1008150 00 | | 14618 18 |
| D | 15500 00 | HealthVDen | 9350 |
| | | Med Spend | 7500 |
| NY | 992650 00 | 72062 21 | 992650 00 | 39228 00 | NYC |

Form W-2 Wage and Tax Statement 2008   Department of the Treasury—Internal Revenue Service   Safe, accurate, FAST! Use

---

COPY 2
To Be Filed with Employee's
State, City or Local
Income Tax Return

Bernard L. Madoff Investment Securities LLC
885 Third Avenue
New York, NY 10022

Mark Madoff

| | 992650 00 | | 323783 43 |
| | 102000 00 | | 6324 00 |
| | 1008150 00 | | 14618 18 |
| D | 15500 00 | HealthVDen | 9350 |
| | | Med Spend | 7500 |
| NY | 992650 00 | 72062 21 | 992650 00 | 39228 00 | NYC |

Form W-2 Wage and Tax Statement 2008   Department of the Treasury—Internal Revenue Service   Safe, accurate, FAST! Use

MADC1319_00000097
MADC1319_Second Amended_00000123

08-01789-cgm   Doc 16239-5   Filed 06/26/17   Entered 06/26/17 14:09:11   Exhibit C1
- C2 - Stipulation and Order   Pg 14 of 28                          Exhibit N

09-01503-brl   Doc 113-14   Filed 05/04/12   Entered 05/04/12 19:41:05   Exhibit N
Pg 27 of 53

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3191

WRITER'S DIRECT FACSIMILE

212-492-0191

WRITER'S DIRECT E-MAIL ADDRESS

mflumenbaum@paulweiss.com

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

July 2, 2009

**By Hand Delivery**

Irving H. Picard, Esq.
Baker and Hostetler LLP
45 Rockefeller Plaza, 11th Floor
New York, NY 10111

Dear Mr. Picard:

Enclosed please find Customer Claims and Proofs of Claim for Mark and
Andrew Madoff. The original versions of these forms were sent to the Claims Processing
Center in Dallas, Texas this week. However, we have not received confirmation that
such forms were received by the Claims Agent. Therefore, in an abundance of caution,
we submit these copies to your office to ensure that we meet the July 2 SIPA deadline.

Please contact me if you have any questions.

Sincerely,

Martin Flumenbaum

Martin Flumenbaum

Enclosures

MADC1319_00000098
MADC1319_Second Amended_00000124

'EISS, RIFKIND, WHARTON & GARRISON LLP
\VENUE OF THE AMERICAS • NEW YORK, NY 10019-6064

# HAND DELIVERY

PS|Ship - Voucher                                                     Page 1 of 2

**To**
Alix Partners LLP
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111 US
212-373-3512

**From**
HANNAH S. SHOLL
(04795)
Paul Weiss LLP
1285 Avenue of the
Americas
New York, NY 10019 US

## PWRWG0164486

**Service**
Roundtrip
Hand Delivery by 11:00 AM

**Reference**
018997 . 00001

**Instructions**
May be left unattended in a
safe place
Messenger needs to wait for
signature. SUPER RUSH

**Operator**
CLAUDETTE W WILSON
2072
cwilson@paulweiss.com

| | Signature | Name | Date |
|---|---|---|---|
| Delivered to | | | |
| Delivered by | | | |

Vendor
Tracking
Price
Packaging/dimensions
Other

NY - 019 ← NY - 016

MADC1319_00000099
MADC1319_Second Amended_00000125

# <u>EXHBIT C-2</u>

## Mark Madoff Creditor Claim No. 100428

Bernard L. Madoff Investment Securities LLC
Case No 09-01789-BRL
U.S. Bankruptcy Court for the Southern District of New York
Claim Number:                    100428

**PROOF OF CLAIM**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | ) Adv. Proc. No. 08-01789-BRL    **RECEIVED** |
| | ) |
| BERNARD L. MADOFF | ) **JUL 0 6 2009** |
| INVESTMENT SECURITIES LLC, | ) Amount of Claim $53,848,721.06 |
| | ) |
| | ) Claimed As: [x] General Unsecured |
| | ) [x] Priority (see Paragraph 10) |
| Debtor. | ) [ ] Secured (see Paragraph 9) |
| | ) |
| | ) |

1.  Name of Creditor
    (Print or Type):    Mark Madoff

    Mailing Address:    ▮▮▮▮▮▮▮

    City ▮▮▮▮    State ▮▮    Zip Code: ▮▮▮

2.  The debtor was, at the time of the filing of the petition initiating this case, and still is
    indebted (or liable) to this claimant in the sum of $53,848,721.06.

3.  The consideration for this debt (or ground of liability) is as follows:

    Services Rendered – See Attachment

4.  (If the claim is founded on writing.) The writing on which this claim is founded (or a
    duplicate thereof) is attached hereto (or cannot be attached for the reason set forth
    in the following statement).

MADC1319_00000113
MADC1319_Second Amended_00000139

5.   (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

     PROOF OF CLAIM          )          CLAIM NUMBER
                             )

6.   No judgment has been rendered on the claim except:

7.   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8.   This claim is not subject to any set-off or counterclaim except:

9.   No security interest is held for this claim except:

     **(If security interest in property of the debtor is claimed)** The undersigned claims the security interest under the writing referred to in paragraph 4 hereof.  Evidence of perfection of such security interest is also attached hereto.

10.  This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim.  **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

$10,950 is an allowed unsecured claim entitled to priority under 11 U.S.C. § 507(a)(4)(A).

2

11.    If claimant has obtained this claim by assignment, a copy or explanation of said assignment is attached hereto.


Name of Creditor (PRINT OR TYPE)  Mark Madoff

Signature:

Title (Corporate Officer, Partner, or Agent):    Employee/director


**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

MADC1319_00000115
MADC1319_Second Amended_000001.1

## ATTACHMENT TO PROOF OF CLAIM OF
## MARK MADOFF

1.      On December 15, 2008 (the "Filing Date"), the Honorable Louis L.
Stanton, United States District Court Judge for the Southern District of New York, entered the
Order Commencing Liquidation (the "Liquidation Order") with respect to Bernard L. Madoff
Investment Securities, LLC ("BLMIS" or the "Debtor") pursuant to the provisions of the
Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, as amended ("SIPA").
Pursuant to the Liquidation Order, the BLMIS proceeding (the "SIPA Proceeding") was
removed to the United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court") in the case captioned *Securities Investment Protection Corporation* v.
*Bernard L. Madoff Investment Securities, LLC*, Adv. Proc. No. 08-01789 (SIPA) (Bankr.
S.D.N.Y. 2008).

2.      On December 23, 2008, the Bankruptcy Court entered the *Order
Approving Form and Manner of Publication and Mailing of Notices; Specifying Procedures
for Filing, Determination, and Adjudication of Claims; and Providing Other Relief* (the
"SIPA Bar Date Order") which, *inter alia*, established July 2, 2009, as the deadline (the
"SIPA Bar Date") by which all creditors of BLMIS must file proofs of claim in the Debtor's
SIPA Proceeding.

3.      On June 9, 2009, the Honorable Burton R. Lifland, United States
Bankruptcy Court Judge for the Southern District of New York, entered the *Consent Order
Substantively Consolidating the Estate of Bernard L. Madoff into the SIPA Proceeding of
Bernard L. Madoff Investment Securities LLC and Expressly Preserving All Rights, Claims
and Powers of Both Estates* (the "Consolidation Consent Order"). Pursuant to the

Consolidation Consent Order, Bernard L. Madoff's Chapter 7 Case, No. 09-11893 (BRL) (the

"Madoff Chapter 7 Case"), was substantively consolidated with the SIPA Proceeding.

4.    This Proof of Claim is accordingly filed by and on behalf of Mark

Madoff (the "Claimant") for monies owing to him by BLMIS for services performed by the

Claimant as a director in the proprietary trading and market making businesses of BLMIS and

for Claimant's claims for fraudulent inducement against the Debtor concerning Claimant's

investment in Madoff Securities International Ltd.

5.    This amount constitutes (1) the balance of Claimant's Deferred

Compensation Account which was maintained at BLMIS (Account No. 1-M0009-3)

("Deferred Compensation Account") ($44,815,520; most recent available statement attached

as Exhibit A); (2) Claimant's salary payment for December 1, 2008 through December 11,

2008 ($33,201.06; 2008 W-2 tax statement attached as Exhibit B); (3) Claimant's 2007 bonus

($2,000,000); (4) Claimant's 2008 bonus ($2,000,000); and (4) Claimant's investment in

Madoff Securities International Ltd. ($5,000,000).

6.    Reference is made to the *Madoff General Claim Form* to which this

attachment is made (the "Madoff General Claim Form"). As set forth therein, as of the filing

of this Proof of Claim, BLMIS was, and still is, indebted and/or liable to the Claimant for

cash in an amount of no less than $53,848,721.06 arising from BLMIS's obligation to pay the

Claimant the amounts accrued in Claimant's Deferred Compensation Account, as well as

Claimant's December 2008 salary, 2007 and 2008 bonuses, and Claimant's investment in

Madoff Securities International Ltd.

7.    In addition, Claimant hereby asserts a contingent claim in respect of the

possible assertion of any avoidance cause of action (or any similar cause of action seeking

2

recovery of any transfers to Claimant) against Claimant and a claim, in an amount to be determined, based upon the avoidance of transfers to Claimant; provided, however, that Claimant's assertion of such claims shall not constitute an admission of any kind whatsoever by Claimant of the avoidability of any transfers made to Claimant or any wrongdoing on Claimant's part.

        *     *     *     *     *     *     *     *

        8.      Claimant has filed this Proof of Claim under compulsion of the SIPA Bar Date Order and to protect Claimant from forfeiture of its claim against the Debtor by reason of the SIPA Bar Date. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including, without limitation to assert claims for interest, fees, penalties, charges, attorneys fees and expenses accrued before or after the Filing Date. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

        9.      In executing and filing this Proof of Claim, Claimant does not waive any obligation owed to Claimant by BLMIS or any past, present or future breaches of agreements by BLMIS. Claimant further does not waive, and this Proof of Claim shall not be deemed or construed to waive, any claims or right to assert any claims, or preserve any remedies, Claimant has against BLMIS or its affiliates, whether arising from or related to transactions described herein or otherwise. Claimant believes such claims are substantial and reserves all of its rights and remedies in connection therewith. In particular, and without

MADC1319_00000118
MADC1319_Second Amended_000001

limitation, Claimant reserves all of his rights with respect to all claims for fraudulent inducement against the Debtor concerning the Claimant's investment of $5,000,000 in Madoff Securities International Ltd.

10.   The filing of this Proof of Claim is not and shall not be deemed or construed as:  (a) a waiver or release of Claimant's rights against any person, entity, or property; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

11.   All notices regarding this Proof of Claim should be sent to:  Mark Madoff, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with copies to Paul, Weiss,

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 49 of 53

Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York

10019-6064, Telephone: (212) 373-3000, Attention: Martin Flumenbaum.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.

_____

Mark Madoff

5

MADC1319_Second Amended_000001

09-01503-brl    Doc 113-14    Filed 05/04/12    Entered 05/04/12 19:41:05    Exhibit N
Pg 50 of 53

# Exhibit A

MADC1319_00000121
MADC1319_Second Amended_000001

08-01789-cgm   Doc 16239-5   Filed 06/26/17   Entered 06/26/17 14:09:11   Exhibit C1
- C2 - Stipulation and Order   Pg 26 of 28   Exhibit N

09-01503-brl   Doc 113-14   Filed 05/04/12   Entered 05/04/12 19:41:05   Exhibit N
Pg 51 of 53



MADC1319_00000123
MADC1319_Second Amended_000001 8

# Exhibit B

MADC1319_00000123
MADC1319_Second Amended_00000119

Exhibit N

Entered 05/04/12 19:41:05

Filed 05/04/12    Doc 113-14    Pg 53 of 53

09-01503-brl

---

**COPY B — To Be Filed with Employee's FEDERAL Tax Return.**

Bernard L. Madoff Investment Securities LLC
885 Third Avenue
New York, NY 10022

Mark Madoff

| Box | Amount |
|---|---|
| 1 Wages, tips, other compensation | 992650.00 |
| 2 Federal income tax withheld | 323783.43 |
| 3 Social security wages | 102000.00 |
| 4 Social security tax withheld | 6324.00 |
| 5 Medicare wages and tips | 1008150.00 |
| 6 Medicare tax withheld | 14618.18 |
| 12a D | 15500.00 |
| 14 Other Health/Den | 9350.0 |
| Med Spend | 7500.1 |
| 15 State NY | 992650.00 |
| 17 State income tax | 72062.21 |
| 18 Local wages | 992650.00 |
| 19 Local income tax | 39228.00 |
| 20 Locality NYC | |

Form W-2 Wage and Tax Statement 2008    Department of the Treasury—Internal Revenue Service    Safe, accurate, FAST! Use

---

**COPY 2 — To Be Filed with Employee's State, City or Local Income Tax Return.**

Bernard L. Madoff Investment Securities LLC
885 Third Avenue
New York, NY 10022

Mark Madoff

| Box | Amount |
|---|---|
| 1 Wages, tips, other compensation | 992650.00 |
| 2 Federal income tax withheld | 323783.43 |
| 3 Social security wages | 102000.00 |
| 4 Social security tax withheld | 6324.00 |
| 5 Medicare wages and tips | 1008150.00 |
| 6 Medicare tax withheld | 14618.18 |
| 12a D | 15500.00 |
| 14 Other Health/Den | 9350.0 |
| Med Spend | 7500.0 |
| 15 State NY | 992650.00 |
| 17 State income tax | 72062.21 |
| 18 Local wages | 992650.00 |
| 19 Local income tax | 39228.00 |
| 20 Locality NYC | |

Form W-2 Wage and Tax Statement 2008    Department of the Treasury—Internal Revenue Service    Safe, accurate, FAST! Use

---

**COPY 2 — To Be Filed with Employee's State, City or Local Income Tax Return.**

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

Bernard L. Madoff Investment Securities LLC
885 Third Avenue
New York, NY 10022

Mark Madoff

| Box | Amount |
|---|---|
| 1 Wages, tips, other compensation | 992650.00 |
| 2 Federal income tax withheld | 323783.43 |
| 3 Social security wages | 102000.00 |
| 4 Social security tax withheld | 6324.00 |
| 5 Medicare wages and tips | 1008150.00 |
| 6 Medicare tax withheld | 14618.18 |
| 12a D | 15500.00 |
| 14 Other Health/Den | 9350.0 |
| Med Spend | 7500.0 |
| 15 State NY | 992650.00 |
| 17 State income tax | 72062.21 |
| 18 Local wages | 992650.00 |
| 19 Local income tax | 39228.00 |
| 20 Locality NYC | |

Form W-2 Wage and Tax Statement 2008    Department of the Treasury—Internal Revenue Service    Safe, accurate, FAST! Use

MADC1319_00000124
MADC1319_Second Amended_0000010