# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF JOSEPH LOOBY IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER UPHOLDING TRUSTEE'S DETERMINATION DENYING "CUSTOMER" CLAIMS FOR AMOUNTS LISTED ON LAST CUSTOMER STATEMENT, AFFIRMING TRUSTEE'S DETERMINATION OF NET EQUITY, AND EXPUNGING THOSE OBJECTIONS WITH RESPECT TO THE DETERMINATIONS RELATING TO NET EQUITY**

I, Joseph Looby, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a Senior Managing Director with FTI Consulting, Inc. ("FTI"). I have more than 20 years of combined experience in the military, regulatory enforcement, investigations and technology, much of which has involved financial and fraud investigations. I am a certified fraud examiner ("CFE"), with a Bachelors degree in Economics, a Juris Doctorate, and am listed as the co-inventor of U.S. Patent "System, Software and Method for Examining a Database in a Forensic Accounting Environment." Additional information regarding my personal and professional experience is included in my Curriculum Vitae annexed hereto as **Exhibit 1.**

2.  On or about December 30, 2008, FTI was retained by Irving H. Picard, the Trustee appointed by the United States District Court for the Southern District of New York for

92. Consistent with our findings as to the differences between the House 5 and House 17 AS/400 systems, the House 17 system does not include a "settled trade" data file. Instead, House 17 maintained only a "settled cash" data file. This file contains all IA customer account activity, including alleged trades, deposits, withdrawals, and dividends

93. House 5 was also not used to execute transactions for any of the purported split-strike conversion customer's accounts, described herein.

94. No IA Business customers held legitimate equities in House 5 and/or DTCC as of November 30, 2008. However, one customer was reported to hold bonds.

95. A relatively small amount of a single customer's IA Business transactions were similar to House 5 transactions, and there was evidence of directed trades. This customer sent checks to BLMIS with memos on the checks directing the purchase of specific securities. FTI did find similar securities purchased via the House 5 trading systems and at DTCC for this one customer.

96. As described above, BLMIS customer statements listed the sale of Treasuries and other money market funds to generate the cash required to purportedly purchase the basket securities. Review of DTCC and third party bank records support neither BLMIS's custody of the securities, nor the funds that would have been required to purchase such basket securities.

97. In many instances, there were not enough put and/or call option contracts available at the Chicago Board Options Exchange ("CBOE") to hedge properly the required volume, and in fact accomplish a split-strike conversion strategy, for the securities positions recorded on the BLMIS customer statements.