PRYOR CASHMAN LLP
Richard Levy, Jr.
David C. Rose
Eric D. Dowell
7 Times Square
New York, New York 10036
(212) 421-4100
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

     Plaintiff-Applicant,

  - against -

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

     Defendant.
-----------------------------------------------------------x
In re:

BERNARD L. MADOFF,

     Debtor.
-----------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

     Plaintiff,

  - against -

JAMES P. MARDEN, IRIS ZURAWIN
MARDEN, and PATRICE M. AULD,

     Defendants.
-----------------------------------------------------------x

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-4341 (SMB)

<u>JURY TRIAL DEMANDED</u>

ECF Case

2475154

**ANSWER AND AFFIRMATIVE DEFENSES
TO THE SECOND AMENDED COMPLAINT**

James P. Marden ("JPM"), Iris Zurawin Marden ("IZM"), and Patrice M. Auld ("PMA" and collectively, "Defendants"), by the undersigned attorneys, Pryor Cashman LLP, answer the Second Amended Complaint ("Complaint") filed by Plaintiff Irving H. Picard ("Trustee"), as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), as follows:[1]

**NATURE OF PROCEEDING**

1. Defendants state that the allegations in paragraph 1 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint and on that basis deny each and every allegation contained therein, except that Defendants admit the last sentence of paragraph 1 on information and belief.

2. Defendants deny the allegations in paragraph 2 of the Complaint, except that: JPM admits that he received certain transfers from and made certain transfers to his account at BLMIS during the two years prior to the Filing Date; JPM and IZM admit that a portion of the transfers from JPM's account at BLMIS during that time were deposited to a joint bank account in their names; and JPM and PMA admit that a portion of the transfers from JPM's account at BLMIS during that time were deposited to a joint bank account in their names. Defendants further state that the remaining allegations in paragraph 2 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent any further response is required, Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 2 of the Complaint and on that basis deny each and every allegation contained therein.

---

[1] Capitalized terms not otherwise defined have the meanings given in the Complaint.

**JURISDICTION AND VENUE**

3.     Defendants state that the allegations in paragraph 3 of the Complaint are legal conclusions or arguments as to which no response is required, except admit that the Trustee commenced this action in the Bankruptcy Court, and that the SIPA Proceeding was removed or referred from the District Court to the Bankruptcy Court.

4.     Defendants state that the allegations in paragraph 4 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the Complaint and on that basis deny each and every allegation contained therein. Defendants further state that, although the claims in this adversary proceeding may be core proceedings as defined in 28 U.S.C. § 157, the Bankruptcy Court lacks the constitutional and/or statutory power to enter final judgment in this adversary proceeding.  Defendants do not consent to the entry of final judgment by, or jury trial in, the Bankruptcy Court.

5.     Defendants admit the allegation contained in paragraph 5 of the Complaint.

6.     Defendants state that the allegations in paragraph 6 of the Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendants state that the Trustee purports to bring the adversary proceeding under the statutes alleged in paragraph 6 of the Complaint.

**DEFENDANTS**

7.     Defendants deny the allegations in paragraph 7 of the Complaint, except admit that, prior to December 11, 2008, JPM held an account in his name at BLMIS and, before the establishment of BLMIS in 2001, at the sole proprietorship operated by Bernard L. Madoff ("Madoff Securities").

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

## BACKGROUND, THE TRUSTEE AND STANDING

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff, except Defendants admit on information and belief that Madoff was arrested by federal agents on or about December 11, 2008. Defendants do not concede the truth or admissibility of any allocations, filings, orders and/or proceedings.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding, the criminal action against Bernard L. Madoff, and the SIPA Proceeding, except Defendants admit on information and belief that SIPC filed an application in the District Court and obtained certain relief from that Court in December 2008. Defendants do not concede the truth or admissibility of any allocations, filings, orders and/or proceedings.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding, except Defendants admit on information and belief that the Trustee was appointed and is acting on behalf of the estate of BLMIS. Defendants do not concede the truth or admissibility of any allocations, filings, orders and/or proceedings.

13. Defendants are without knowledge or information sufficient to form a belief as to

2475154                                                           4

the truth of the allegations in paragraph 13 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding, except Defendants admit on information and belief that an involuntary bankruptcy petition was filed against Madoff and that the Bankruptcy Court entered an order substantively consolidating the estates of Madoff and BLMIS. Defendants do not concede the truth or admissibility of any allocations, filings, orders and/or proceedings.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court Proceeding and in the criminal proceeding against Bernard L. Madoff, except Defendants admit on information and belief that Madoff pleaded guilty to federal criminal charges. Defendants do not concede the truth or admissibility of any allocations, filings, orders and/or proceedings.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Frank DiPascali, except Defendants admit on information and belief that DiPascali pleaded guilty to federal criminal charges. Defendants do not concede the truth or admissibility of any allocations, filings, orders and/or proceedings.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against David Kugel. Defendants do not concede the truth or admissibility of any allocations, filings, orders and/or proceedings.

17. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 17 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against Daniel Bonventre, Annette Bongiorno, Jo Ann Crupi, George Perez, and Jerome O'Hara, except Defendants admit on information and belief that these individuals were convicted of federal criminal charges. Defendants do not concede the truth or admissibility of any allocations, filings, orders and/or proceedings.

18.     Defendants state that the allegations in paragraph 18 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except admit that the Trustee purports to be using his authority under SIPA and the Bankruptcy Code to avoid and recover payouts of transfers he characterizes as alleged "fictitious profits" and/or other transfers made by BLMIS to customers and others.

19.     Defendants state that the allegations in paragraph 19 of the Complaint and each subpart are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint and on that basis deny each and every allegation contained therein, except admit that the Trustee purports to have certain powers pursuant to the statutes referenced in paragraph 19.

20.     Defendants state that the allegations in paragraph 20 of the Complaint and each subpart are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Complaint and on that basis deny each and every

allegation contained therein.

## THE PONZI SCHEME

21. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein, except Defendants admit that, on information and belief, BLMIS was a securities broker-dealer registered with the SEC and was a member of SIPC, and state that, on information and belief, Madoff operated his business as a sole proprietorship prior to January 1, 2001.

22. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint and on that basis deny each and every allegation contained therein.

23. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

24. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein, except admit that JPM received periodic account statements from BLMIS.

26. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

27. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and refer the Court to the filings, orders, and proceedings in the criminal action against David Friehling, except Defendants admit on information and belief that Freihling was convicted of federal criminal charges.

30. Defendants state that the allegations in paragraph 30 of the Complaint and each subpart are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

## **THE TRANSFERS**

31. Defendants admit that JPM maintained an account with BLMIS, and that, upon knowledge as to JPM and upon information and belief as to IZM and PMA, JPM entered into certain account agreements including, on information and belief, a document entitled Customer Agreement, a document entitled Option Agreement and a document entitled Trading Authorization Limited to Purchases and Sales of Securities and Options. Defendants are without knowledge or information sufficient to form a belief as to the contents of Madoff Securities' records and as to whether the Account Agreements were executed or delivered to Madoff Securities at Madoff

Securities' headquarters at 885 Third Avenue, New York, New York.

32. Defendants deny the allegations in paragraph 32 of the Complaint, except admit that JPM made deposits and additions to the Account and was credited by BLMIS with transfers into and out of the Account. As to the truth of the remaining allegations in paragraph 32 of the Complaint, Defendants refer to the Account Agreements for their terms.

33. Defendants deny the allegations in paragraph 33 of the Complaint, except defendant JPM admits that he requested of BLMIS and received certain transfers from the Account during the two years prior to the Filing Date.

34. Defendants deny the allegations in paragraph 34 of the Complaint, except defendants JPM and PMA admit that defendant PMA requested of BLMIS and they received certain transfers from the Account during the two years prior to the Filing Date.

35. Defendants deny the allegations in paragraph 35 of the Complaint, except defendants JPM and IZM admit that defendant JPM requested of BLMIS and they received certain transfers from the Account during the two years prior to the Filing Date.

36. Defendants state that the allegations in paragraph 36 of the Complaint are legal conclusions or arguments as to which no response is required, and use terms that are not otherwise found in any statute or regulation relating to the proposed relief sought by the Trustee. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 36 of the Complaint and on that basis deny each and every allegation contained therein. Defendants further deny that any amounts were "fictitious profits" or anything other than customer withdrawals or payments to which the Account customer held legal rights and entitlements at the time of the transfer.

37. Defendants state that the allegations in paragraph 37 of the Complaint are legal

2475154                                                             9

conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint. Defendants further state that paragraph 38 does not make any allegation against any Defendants. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 38 of the Complaint.

39.     Defendants state that the allegations in paragraph 39 of the Complaint are legal conclusions or arguments as to which no response is required. Defendants further state that paragraph 39 does not make any allegation against any Defendants. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 39 of the Complaint.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

40.     Defendants respond to paragraph 40 of the Complaint as they have responded to previously paragraphs of the Complaint, and incorporate their responses.

41.     Defendants admit the allegations in paragraph 41 of the Complaint

42.     Defendants state that the allegations in paragraph 42 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein, except admit that the Trustee seeks avoidance of the Transfers as involving property within the scope of section 78fff-2(c)(3) of SIPA.

43.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 43 of the Complaint and on that basis deny each and every allegation contained therein.

44.     Defendants state that the allegations in paragraph 44 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required,

Defendants deny each and every allegation contained therein.

45.  Defendants state that the allegations in paragraph 45 of the Complaint are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### Preliminary Notes to Affirmative Defenses

A.  Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of investigation, discovery, or preparation for trial it becomes appropriate.

B.  By asserting allegations identified as "defenses," Defendants do not excuse or relieve the Trustee of his burden of proving all elements of any claim under the appropriate standard of proof. Defendants do not undertake or assume any burdens that properly rest with the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case on any claim against Defendants.

C.  In the event that subsequent legal developments further alter the claims available to the Trustee, Defendants hereby raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law. Defendants further adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest in pending adversary proceedings in the SIPA liquidation proceeding to the extent that Defendants are similarly situated and may properly assert such defense.

D. Defendants reserve and assert all affirmative defenses available under applicable federal or state law including, without limitation, the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure and Local Rules, the New York Uniform Commercial Code and other applicable law, and reserves the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

F. The affirmative defenses are set forth cumulatively and in the alternative.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny. The asserted claims are not core proceedings. Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court. Defendants further demand a trial by jury, but do not consent to such a trial in the Bankruptcy Court.

## THIRD AFFIRMATIVE DEFENSE

The Trustee lacks standing, in whole or in part, to bring the claims asserted, or to recover the amount of transfers that he seeks to avoid.

The Trustee's claim is not ripe for relief in whole or in part because they do not meet the conditions of Section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property. To the extent that the Trustee may avoid a transfer, he lacks standing to recover such transfer in whole or in part unless customer property is not sufficient to pay in full the amount of all allowed customer claims.

**FOURTH AFFIRMATIVE DEFENSE**

BLMIS incurred debts and obligations to defendant James P. Marden, as the customer for the Account, under contract and applicable state and federal law.  Absent avoidance of the obligations to the customer under state law, the transfers were all made on account of such antecedent debts or obligations established by contract or law, and thereby constituted the satisfaction of an antecedent debt or obligation.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent the Trustee purports to have the power to avoid obligations, he lacks standing or statutory authority under Section 78fff-2(c)(3) to pursue the avoidance of obligations.

**SIXTH AFFIRMATIVE DEFENSE**

The alleged transfers, to the extent they were actually received by any Defendant, were taken for value and in good faith, and are therefore protected by Section 548(c) of the Bankruptcy Code.  They are thus not avoidable or recoverable as against such Defendants under Sections 548 and 550 of the Bankruptcy Code.

**SEVENTH AFFIRMATIVE DEFENSE**

The alleged transfers, to the extent they were actually received by any Defendant, were taken without actual fraudulent intent and for value.  They are thus not avoidable or recoverable as against the Defendants under Sections 548 and 550 of the Bankruptcy Code.

**EIGHTH AFFIRMATIVE DEFENSE**

The Trustee's calculation of the amount of alleged "fictitious profits" that he seeks to recover as Transfers is defective because the Trustee lacks the ability to avoid transfers or obligations that preceded the two-year reach back period under Section 548(a)(1) of the Bankruptcy Code, and is subject to the value of the customer's Account as of that time.

### NINTH AFFIRMATIVE DEFENSE

The Trustee's calculation of the amount of alleged "fictitious profits" that may be recovered as Transfers is defective because the Trustee may not directly or indirectly avoid transfers made or obligations incurred by Madoff Securities prior to January 1, 2001, and is subject to the value of the customer's Account as of the commencement of that period.

### TENTH AFFIRMATIVE DEFENSE

Each allegedly avoidable Transfer is subject to setoff or equitable adjustment because Defendants received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, and/or on account of obligations incurred and owed by BLMIS for, *inter alia*, (a) amounts contractually due to customers of BLMIS under New York law for the balances shown on prior customer account statements and related documents; (b) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (c) the time value of money; (d) unjust enrichment; (e) damages for breach of fiduciary duty; and/or (f) money had and received.

### ELEVENTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported to the Internal Revenue Service, state and/or local governmental taxing authorities.

### TWELFTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers, if any, were, in whole or in part, used by the Defendants

to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Trustee's claim is barred in whole or part because it depends upon calculations that improperly and indirectly attempt to avoid transfers to a customer, or inter-account transfers, that occurred prior to two years before Filing Date, which the Trustee cannot directly avoid by operation of statutes of limitations and statutory reach back periods for the avoidance and recovery of transfers.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's claim is barred in whole or part for failure to properly credit inter-account transfers.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claim is barred in whole or part for failure to properly account for the time value of money through an interest or other adjustment to the amounts of principal deposited into the Account.

### SIXTEENTH AFFIRMATIVE DEFENSE

If the Trustee is entitled to the return of some or all of the Transfers, he is not entitled to interest from the date of each avoided Transfer.  If the Trustee is entitled to prejudgment interest (which Defendants deny), he is only entitled to such interest at the federal rate of interest on judgments, and only from a date that is no earlier than the commencement of this adversary proceeding.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged Transfers are not avoidable or recoverable against any Defendant to the extent that the Trustee would recover more than the amount limited by the single satisfaction rule contained in Section 550(d) of the Bankruptcy Code and/or under New York law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Transfers that the Trustee seeks to recover represented payment or satisfaction of obligations of the broker that were legally incurred and compelled under state and federal securities laws.

### NINETEENTH AFFIRMATIVE DEFENSE

On information and belief, BLMIS was not formed until January 1, 2001. The orders of the District Court and the Bankruptcy Court relating to the substantive consolidation of the estates of Madoff Securities and BLMIS do not confer standing or authority upon the Trustee to avoid or recover, directly or indirectly, any transfers made or obligations incurred prior to that time by Madoff Securities. The Trustee's claims are barred in whole or part because it depends upon calculations that improperly, directly or indirectly, avoid or disregard transfers, and obligations incurred prior to January 1, 2001.

### TWENTIETH AFFIRMATIVE DEFENSE

The Trustee's calculation of alleged "fictitious profits" claims violates Section 546(e) of the Bankruptcy Code because the Trustee cannot directly or indirectly avoid transfers made by BLMIS or Madoff Securities as a stockbroker, in connection with a securities contract, or as a settlement payment, that preceded the two-year reach back period under Section 548(a)(1)(A) of the Bankruptcy Code.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Trustee's claim is barred in whole or part by the doctrines and principles of res judicata, collateral estoppel, and/or issue preclusion.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Trustee's claims are barred in whole or in part by the doctrines of laches, waiver, unclean hands, and/or *in pari delicto*.

**JURY TRIAL DEMANDED**

Defendants demand a trial by jury for all issues so triable.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend and/or supplement this Answer, the Affirmative Defenses, and all other pleadings. Defendants also reserve the right to assert all other defenses that may be revealed during the course of discovery or other investigation.

**WHEREFORE**, Defendants demand judgment (a) dismissing the claim asserted in the Complaint; (b) awarding the costs and disbursements of this proceeding, including reasonable attorneys' fees; and (c) granting such other and further relief as the Court may deem proper.

Dated: New York, New York
       June 26, 2017

PRYOR CASHMAN LLP

By: */s/ Richard Levy, Jr.*
    Richard Levy, Jr.
    David C. Rose
    Eric Dowell
7 Times Square
New York, New York  10036
(212) 421-4100
rlevy@pryorcashman.com
drose@pryorcashman.com
edowell@pryorcashman.com

*Attorneys for Defendants*