LAW OFFICE OF
RICHARD E. SIGNORELLI
799 Broadway, Suite 539
New York, NY 10003
Telephone:     212 254 4218
Facsimile:     212 254 1396
rsignorelli@nycLITIGATOR.com℠
www.nycLITIGATOR.com℠
*Attorneys for Defendants The Lustig Family 1990 Trust and David I. Lustig, individually and in his capacity as Trustee for The Lustig Family 1990 Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                             Adv. Pro. No. 08-01789 (SMB)

        Plaintiff-Applicant,                                       SIPA LIQUIDATION

    v.                                                                       (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
------------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

        Debtor.
------------------------------------------------------------------------x
IRVING PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,         Adv. Pro. No. 10-4417 (SMB)

        Plaintiff,

    v.

THE LUSTIG FAMILY 1990 TRUST, et al.,

        Defendants.
------------------------------------------------------------------------x

# NOTICE OF APPEAL AND STATEMENT OF ELECTION[1]

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

    The Lustig Family 1990 Trust and David I. Lustig, individually and in his capacity as Trustee for The Lustig Family 1990 Trust

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    Defendants

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

    Order Granting Partial Summary Judgment Striking Affirmative Defenses dated June 12, 2017, and entered on June 13, 2017 (Dkt. No. 83) (annexed hereto as Exhibit A)[2]

2. State the date on which the judgment, order, or decree was entered:

    June 13, 2017

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their attorneys (attach additional pages if necessary):

---

[1] The bankruptcy reference was previously withdrawn with respect to this case for the purpose of adjudicating certain issues in this Court. This action was assigned to the Honorable Jed.S. Rakoff upon the withdrawal of the bankruptcy reference. Picard v. The Lustig Family 1990 Trust, et al., Docket No. 12 CV 2782 (JSR). Because this action was previously assigned to Judge Rakoff, this appeal and the accompanying motion for leave to appeal should also be assigned to Judge Rakoff.

[2] A motion for leave to appeal from this order will be filed in connection with this notice of appeal.

1. Party:

   Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC

   Attorney:

   Baker & Hostetler LLP
   45 Rockefeller Plaza
   New York, New York 10111
   Tel: 212-589-4200
   David J. Sheehan, Esq.
   Nicholas J. Cremona, Esq.
   Dean D. Hunt, Esq.

2. Party:

   The Lustig Family 1990 Trust

   Attorney:

   Law Office of Richard E. Signorelli
   799 Broadway, Suite 539
   New York, New York 10003
   Tel: 212-254-4218
   Richard E. Signorelli, Esq.
   Bryan Ha, Esq.

3. Party:

   David I. Lustig

   Attorney:

   Law Office of Richard E. Signorelli
   799 Broadway, Suite 539
   New York, New York 10003
   Tel: 212-254-4218
   Richard E. Signorelli, Esq.
   Bryan Ha, Esq.

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

> Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.
>
> (This is not applicable here because there is no Bankruptcy Appellate Panel in this district.).

Dated:  New York, New York
    June 26, 2017

                        LAW OFFICE OF
                        RICHARD E. SIGNORELLI

            By:    /s/ Richard E. Signorelli
                /s/ Bryan Ha
                _____
                Richard E. Signorelli
                Bryan Ha
                799 Broadway, Suite 539
                New York, NY 10003
                Telephone:    212 254 4218
                Facsimile:    212 254 1396
                rsignorelli@nycLITIGATOR.com℠
                www.nycLITIGATOR.com℠

                Attorneys for Defendants The Lustig Family
                1990 Trust and David I. Lustig

FILING AND SERVICE VIA ELECTRONIC FILING

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No.: 10-04417 (SMB) |
| v. | |
| THE LUSTIG FAMILY 1990 TRUST; and DAVID I. LUSTIG, individually and in his capacity as Trustee for The Lustig Family 1990 Trust, | |
| Defendants. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 10-04554 (SMB) |
| v. | |
| DAVID IVAN LUSTIG, | |

1

Defendant.

# ORDER GRANTING PARTIAL SUMMARY JUDGMENT
## STRIKING AFFIRMATIVE DEFENSES

On February 28, 2017, Irving H. Picard ("Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities, LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the estate of Bernard L. Madoff filed his Motion to Strike Affirmative Defenses ("Motion to Strike") under Federal Rule of Civil Procedure 12(f), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, in Adversary Proceeding 10-04417 (ECF Nos. 74-75) and Adversary Proceeding 10-04554 (ECF Nos. 76-77) (collectively the "Adversary Proceedings") seeking an order striking the Defendants' Lustig Family 1990 Trust ("Lustig Trust") and David Ivan Lustig, individually and as Trustee of the Lusting Trust (collectively, "Defendants") Affirmative Defenses Eight (Court should use equitable powers to dismiss the Trustee's claims), Nine (Court should grant Defendants an equitable credit), Ten (Trustee's claims are barred by the single satisfaction rule under 11.U.S.C. §550(d)), Eleven (Defendants are entitled to a credit under the theory of recoupment), and Twelve (Defendants are entitled to a set-off under 11 U.S.C. § 553).

On March 31, 2017, Defendants filed their Memorandum of Law in Opposition to Trustee's Motion to Strike and the Declaration of Bryan Ha to which Exhibits A-BB were attached (Adv. Pro. No. 10-04417 (ECF No. 76 and 78) and Adv. Pro. No. 10-04554 (ECF Nos. 79 and 81) ("Opposition"). The Opposition withdrew Defendants' Twelfth Affirmative Defense.

On April 14, 2017, the Trustee filed his Reply in Support of the Trustee's Motion to Strike ("Reply") (Adv. Pro. No. 10-04417 (ECF. No. 79) and Adv. Pro. No. 10-04554 (ECF. No. 82).

2

On May 2, 2017, a hearing was held before this Court. At the hearing, because the Defendants submitted a substantial amount of documentary evidence and David Lustig's declaration in opposition to the Motion to Strike, the Court suggested, and the Parties agreed, to treat the Motion to Strike as a motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure ("Motion for Partial Summary Judgment").

The Court issued its Memorandum Decision Granting Partial Summary Judgment Striking Certain Affirmative Defenses on June 1, 2017 ("Decision") holding Defendants' Eighth through Eleventh Affirmative Defenses are stricken and the Twelfth Affirmative Defense is withdrawn (Adv. Pro. No.10-04417 (ECF. No. 82) and Adv. Pro. No.10-04554 (ECF. No. 84).

For the reasons set forth in the Court's Decision, which is incorporated herein and made a part hereof, it is hereby **ORDERED** that:

1. The Trustee's Motion for Partial Summary Judgment is **GRANTED**; and

2. Defendants' Affirmative Defenses Eight, Nine, Ten and Eleven are stricken and dismissed as a matter of law, and the Twelfth Affirmative Defense has been withdrawn.

Dated: June 12, 2017
New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE