**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff,<br><br>                              v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                              Plaintiff,<br><br>                              v.<br><br>JAMES LOWREY, individually, in his capacity as general partner of Turtle Cay Partners, in his capacity as personal representative of the Estate of Marianne Lowrey, in his capacity as trustee for the Marianne B. Lowrey Trust, and in his capacity as successor partner of Coldbrook Associates Partnership, *et al.*,<br><br>                              Defendants. | Adv. Pro. No. 10-04387 (SMB) |

**STIPULATION AND ORDER**

        The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and defendants James Lowrey, Marianne Lowrey, Estate of Marianne Lowrey, Turtle Cay Partners, Coldbrook Associates Partnership, Trust Created for the

Benefit of Jessica Lee Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984, Trust Created for the Benefit of Tracy McDonald Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984, Trust Created for the Benefit of Whitney Hanlon Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984, Jessica Lee Lowrey, Tracy McDonald Lowrey Lenehan, Whitney Hanlon Lowrey Gaeta, Larry B. Alexander, and Marianne B. Lowrey Trust ("Defendants"), by and through their respective, undersigned counsel (collectively, the "Parties"), state as follows:

**WHEREAS**, as set forth in greater detail below, BLMIS made certain transfers to or for the benefit of James Lowrey, Marianne Lowrey, now deceased, Turtle Cay Partners, and Coldbrook Associates Partnership (the "Initial Transferee Defendants") from BLMIS Account Numbers 1CM585, 1CM832, and 1CM880 (the "Initial Transfers");

**WHEREAS**, on November 30, 2010, the Trustee filed and served the complaint against Defendants. The complaint was amended on January 9, 2012 (the "Amended Complaint");

**WHEREAS**, on January 16, 2014, Defendants served an answer (the "Answer") to the Amended Complaint on the Trustee;

**WHEREAS**, in Counts One through Seven of the Amended Complaint, the Trustee seeks to avoid and recover from Defendants the Initial Transfers or their value as fraudulent and/or preferential pursuant to, *inter alia*, sections 544, 547, 548, 550(a) and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), sections 273, 276, and 278-79 of the New York Debtor and Creditor Law (the "DCL"), as well as sections 78fff(b), 78fff-1(b) and 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA");

**WHEREAS**, in Count Eight of the Amended Complaint, the Trustee seeks to recover from Defendants the subsequent transfers or their value as fraudulent and/or preferential pursuant

to, *inter alia*, sections 544, 548, 550(a) and 551 of the Bankruptcy Code and sections 278 and/or 279 of the DCL, as well as section 78fff-2(c)(3) of SIPA;

**WHEREAS**, the Defendants raised certain defenses to the Trustee's claims in the Answer to the Amended Complaint;

**WHEREAS**, numerous defendants in other adversary proceedings, but not the Defendants, filed motions to dismiss complaints or amended complaints filed against them by the Trustee (the "Motions to Dismiss");

**WHEREAS**, on June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss for reasons set forth in its Memorandum Decision Regarding Omnibus Motion to Dismiss (the "Decision") [ECF. No. 10089 in Adv. Pro. No. 08-01789 (SMB)] which included a dismissal with prejudice of counts seeking to avoid obligations pursuant to sections 548(a)(1) and 544 of the Bankruptcy Code (the "Obligations Counts") and a dismissal without prejudice of counts seeking to recover subsequent transfers from subsequent transferee defendants pursuant to section 550(a) of the Bankruptcy Code, and applicable provisions of SIPA including section 78fff-2(c)(3) (the "Subsequent Transferee Counts");

**WHEREAS**, on June 22, 2015 the Supreme Court of the United States denied *certiorari* of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to this adversary proceeding;

**WHEREAS**, the Parties have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the Parties are entering into this stipulation in the interest of efficiency to avoid unnecessary litigation; and

**NOW**, **THEREFORE**, the Parties agree and stipulate to the following undisputed facts and to the dismissal of certain claims and defendants from this adversary proceeding:

1. Defendant Turtle Cay Partners maintained an account at BLMIS, denominated as account no. 1CM585 ("1CM585"), in its name.

2. Exhibit B to the Trustee's Amended Complaint, which is incorporated herein by reference and attached hereto as Exhibit 1 (the "Exhibit"), accurately reflects the complete history of the transactions to and from account 1CM585.

3. Column 4 of page one of the Exhibit accurately reflects all deposits made into account 1CM585.

4. Column 5 of page one of the Exhibit accurately reflects all withdrawals from account 1CM585.

5. Column 10 of page one of the Exhibit accurately reflects the funds received by Turtle Cay Partners from December 2006 through December 2008 from account 1CM585.

6. Turtle Cay Partners stipulates that it received the following transfers from BLMIS and further stipulates that those transfers were deposited into a Northern Trust Company account in the name of Turtle Cay Partners (account number 26-35209).

   a. 3/18/2008 - $12,500,000.00

   b. 10/07/2008 - $4,345,089.00

7. Of the two transfers listed in paragraph 6, the Trustee seeks to avoid $7,845,089.00, as reflected in Column 10 of page one of Exhibit 1.

8. Defendants James Lowrey and Marianne Lowrey maintained an account at BLMIS, denominated as account no. 1CM832 ("1CM832"), in their names.

9. The Exhibit accurately reflects the complete history of the transactions to and from account 1CM832.

10. Column 4 of page two of the Exhibit accurately reflects all deposits made into account 1CM832.

11. Column 5 of page two of the Exhibit accurately reflects all withdrawals from account 1CM832.

12. Column 10 of page two of the Exhibit accurately reflects the funds received by James Lowrey and Marianne Lowrey from December 2006 through December 2008 from account 1CM832.

13. James Lowrey and the Estate of Marianne Lowrey, on behalf of Marianne Lowrey, stipulate that they received the following transfers from BLMIS and further stipulate that those transfers were deposited into a Northern Trust Company account in the name of J&M Lowrey (account number 26-36493).

    a. 3/18/2008 - $500,000.00

    b. 10/07/2008 - $1,082,182.00

14. Of the two transfers listed in Paragraph 13, the Trustee seeks to avoid a total of $582,182.00, as reflected in Column 10 of page two of Exhibit 1.

15. Defendant Coldbrook Associates Partnership maintained an account at BLMIS, denominated as account no. 1CM880 ("1CM880"), in its name.

16. The Exhibit accurately reflects the complete history of the transactions to and from account 1CM880.

17. Column 4 of page three of the Exhibit accurately reflects all deposits made into account 1CM880.

18. Column 5 of page three of the Exhibit accurately reflects all withdrawals from account 1CM880.

19. Column 10 of page three of the Exhibit accurately reflects the funds received by Coldbrook Associates Partnership from December 2006 through December 2008 from account 1CM880.

20. Coldbrook Associates Partnership stipulates that it received the following transfers from BLMIS and further stipulates that those transfers were deposited into a Northern Trust Company account in the name of Coldbrook Associates (account number 26-35175).

    a. 5/02/2007 - $1,000,000.00

    b. 12/21/2007 - $2,390,377.00

    c. 10/21/2008 - $3,025.00

21. Of the three transfers listed in Paragraph 20, the Trustee seeks to avoid a total of $1,093,402.00, as reflected in Column 10 of page three of Exhibit 1.

22. James Lowrey is solvent and has the ability to pay the full amount that the Trustee seeks to avoid regarding the four Initial Transfers withdrawn from account 1CM832 and account 1CM585, identified in paragraphs 7 & 14, above. In an effort to obviate the need for discovery into any subsequent transfers of any funds withdrawn from accounts 1CM585 and 1CM832 between December 11, 2006 and December 11, 2008, James Lowrey hereby undertakes to maintain sufficient funds or assets to repay the amounts sought to be avoided identified in paragraphs 7 & 14 above, in full until such time as (i) a final, non-appealable judgment is entered in favor of the Trustee for the recovery of the Initial Transfers or a portion thereof, or (ii) this adversary proceeding is dismissed with prejudice. Mr. Lowrey has provided current financial records demonstrating, to the satisfaction of the Trustee, his ability to repay the amounts

identified in paragraphs 7 & 14. However, in the event that the Trustee obtains a judgment that Mr. Lowrey cannot satisfy, Mr. Lowrey hereby agrees to identify all subsequent recipients of any funds withdrawn between December 11, 2006 and December 11, 2008, including providing the names of the recipients, the amounts received, and the dates on which the money was received. Additionally, Mr. Lowrey agrees to preserve any existing documents in his custody and/or control that reflect possible subsequent transfers from the period of December 11, 2006 through December 31, 2009, including, but not limited to, monthly account statements for any account from which such possible transfers may have been made.

23. Defendants Trust Created for the Benefit of Jessica Lee Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984, Trust Created for the Benefit of Tracy McDonald Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984, and Trust Created for the Benefit of Whitney Hanlon Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984, were terminated in 2000. Their successors in interests are Jessica Lee Lowrey Grantor Trust dated July 1, 1989, Tracy McDonald Lowrey Grantor Trust dated June 30, 1989; and Whitney Hanlon Lowrey Grantor Trust dated June 30, 1989, respectively (collectively, the "1989 Trusts").

24. The 1989 Trusts are solvent and have the ability to pay the full amount that the Trustee seeks to avoid regarding the three Initial Transfers withdrawn from account 1CM880 identified in paragraphs 20 and 21, above. In an effort to obviate the need for discovery into any subsequent transfers of any funds withdrawn from account 1CM880 between December 11, 2006 and December 11, 2008, the 1989 Trusts hereby undertake to maintain sufficient funds or assets to repay the amount sought to be avoided, identified in paragraph 21 above, in full until such time as (i) a final, non-appealable judgment is entered in favor of the Trustee for the recovery of

the Initial Transfers or a portion thereof, or (ii) this adversary proceeding is dismissed with prejudice. The 1989 Trusts have provided current financial records demonstrating, to the satisfaction of the Trustee, their ability to repay the amount identified in paragraph 21. However, in the event that the Trustee obtains a judgment that the 1989 Trusts cannot satisfy, the 1989 Trusts hereby agree to identify all subsequent recipients of any funds withdrawn between December 11, 2006 and December 11, 2008, including providing the names of the recipients, the amounts received, and the dates on which the money was received.

25. Upon execution and entry of this Stipulation, the Trustee agrees to forego enforcement of subpoenas served pursuant to Federal Rule of Civil Procedure 45 (made applicable by Federal Rule of Bankruptcy Procedure 9016).

26. Pursuant to the Decision, the Obligations Counts are dismissed with prejudice.

27. In accordance with Federal Rule of Bankruptcy Procedure 7041(a)(1)(ii), and Federal Rule of Civil Procedure 41(a)(1), and based upon the Defendants' representation that none of the following defendants received transfers in any capacity directly from BLMIS, the Parties hereby stipulate to a dismissal of the Trustee's claims against: (i) Trust Created for the Benefit of Jessica Lee Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984 (ii) Trust Created for the Benefit of Tracy McDonald Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984; (iii) Trust Created for the Benefit of Whitney Hanlon Lowrey Under Article Second of a Certain Trust Agreement Dated August 29, 1984; (iv) Jessica Lee Lowrey; (v) Tracy McDonald Lowrey Lenehan; (vi) Whitney Hanlon Lowrey Gaeta; (vii) Larry B. Alexander, and (viii) Marianne B. Lowrey Trust (the "Dismissed Defendants") in the above-captioned adversary proceeding, without prejudice to (i) the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made

applicable hereto by Federal Rule of Bankruptcy Procedure 7015 and/or (ii) the Trustee's rights under Section 550(f) of the Bankruptcy Code. In connection with the dismissal, the Defendants agree that in the event the representations in this paragraph are inaccurate, they shall not assert nor receive the benefit of the statute of limitations periods set forth in Sections 546(a) or 550(f) of the Bankruptcy Code.

28. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, as incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, the Trustee's claims in Counts One, Three through Seven of the Amended Complaint, are hereby dismissed with prejudice. Count Eight is dismissed without prejudice.

29. Nothing herein shall affect the Trustee's remaining claims, including the claims set forth in Count Two of the Amended Complaint, against any defendant other than the Dismissed Defendants, and the Trustee hereby preserves all his rights and claims against any defendant other than the Dismissed Defendants.

30. By executing this Stipulation, Defendants in no way concede any defenses to any claim for liability or recovery, nor do they admit liability under Bankruptcy Code sections 548, 550 or any other applicable section of the Bankruptcy Code, DCL, SIPA, or any other applicable law.

31. Upon dismissal of the Dismissed Defendants, the caption of the adversary proceeding is hereby amended to delete the Dismissed Defendants from the caption. The amended caption of the adversary proceeding shall appear as indicated in Exhibit 2 hereto.

32. This Stipulation is without prejudice to the Trustee asserting claims to avoid and/or recover any additional or other transfers to Defendants, including any subsequent

transfers of the Initial Transfers, determined through the Trustee's continuing investigation and through discovery.

33. This Stipulation is without prejudice to Defendants' right to oppose any further claims asserted by the Trustee with respect to additional or other transfers as set forth above.

34. The provisions of this Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

35. This Stipulation may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

[Remainder of Page Intentionally Left Blank]

Dated:         New York, New York
                 February 23, 2016

| */s/ Keith R. Murphy* | */s/ Laura Clinton* |
|---|---|
| **BAKER & HOSTETLER LLP** | **BAKER & McKENZIE LLP** |
| 45 Rockefeller Plaza | 815 Connecticut Avenue NW #900 |
| New York, NY 10111 | Washington, DC 20006 |
| Telephone: (212) 589-4200 | Telephone: (202) 452-7000 |
| Facsimile: (212) 589-4201 | Facsimile: (202) 452-7074 |
| David J. Sheehan | Richard A. Kirby |
| Email: dsheehan@bakerlaw.com | Email: richard.kirby@bakermckenzie.com |
| Keith R. Murphy | Laura Clinton |
| Email: kmurphy@bakerlaw.com | Email: laura.clinton@bakermckenzie.com |
| Elyssa S. Kates | |
| Email: ekates@bakerlaw.com | |
| Jessie A. Kuhn | |
| Email: jkuhn@bakerlaw.com | *Attorneys for Defendants* |

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC
and the estate of Bernard L. Madoff*

                                           SO ORDERED this 24th day of February, 2016.

                                           /s/ STUART M. BERNSTEIN
                                           HONORABLE STUART M. BERNSTEIN
                                           UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

10-04387-smb Doc 61-1 Filed 02/24/16 Entered 02/24/16 12:57:37 Exhibit Pg 2 of 4
08-01789-cgm Doc 16261-1 Filed 06/27/17 Entered 06/27/17 14:48:29 Exhibit Pg 13 of 16
10-04387-brl Doc 18-2 Filed 01/09/12 Entered 01/09/12 11:10:58 Exhibit B Pg 11 of 3

Exhibit B

BLMIS ACCOUNT NO. 1CM585 - THE PARTNERS JAMES J LOWERY

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 5/7/1999 | CHECK WIRE | 1,400,000 | 1,400,000 | - | - | - | 1,400,000 | - | - | - |
| 5/7/1999 | CHECK WIRE | 600,000 | 600,000 | - | - | - | 2,000,000 | - | - | - |
| 9/18/2001 | CHECK WIRE | 600,000 | 600,000 | - | - | - | 2,600,000 | - | - | - |
| 9/18/2001 | CHECK WIRE | 1,400,000 | 1,400,000 | - | - | - | 4,000,000 | - | - | - |
| 10/23/2001 | CHECK WIRE | 1,400,000 | 1,400,000 | - | - | - | 5,400,000 | - | - | - |
| 10/23/2001 | CHECK WIRE | 600,000 | 600,000 | - | - | - | 6,000,000 | - | - | - |
| 3/18/2008 | CHECK WIRE | (12,500,000) | - | (12,500,000) | - | - | (6,500,000) | - | (3,500,000) | (3,500,000) |
| 7/23/2008 | CHECK WIRE | 3,000,000 | 3,000,000 | - | - | - | (3,500,000) | - | - | - |
| 10/7/2008 | CHECK WIRE | (4,345,089) | - | (4,345,089) | - | - | (7,845,089) | - | (4,345,089) | (4,345,089) |
| | Total: | $ (4,345,089) | $ 9,000,000 | $ (16,845,089) | $ - | $ - | $ (7,845,089) | $ - | $ (7,845,089) | $ (7,845,089) |

MADC0154_00000002

Exhibit B

BLMIS ACCOUNT NO. 1CM832 - JAMES R LOWRY AND MARIANNE LOWRY JT WROS

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/20/2004 | CHECK WIRE | 2,000,000 | 2,000,000 | - | - | - | 2,000,000 | - | - | - |
| 11/1/2004 | CHECK WIRE | (1,000,000) | - | (1,000,000) | - | - | 1,000,000 | - | - | - |
| 4/12/2007 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 500,000 | - | - | - |
| 4/13/2007 | CHECK WIRE | 500,000 | 500,000 | - | - | - | 1,000,000 | - | - | - |
| 3/18/2008 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 500,000 | - | - | - |
| 10/7/2008 | CHECK WIRE | (1,082,182) | - | (1,082,182) | - | - | (582,182) | (500,000) | (582,182) | (582,182) |
| | Total: | | $ 2,500,000 | $ (3,082,182) | $ - | $ - | $ (582,182) | $ (500,000) | $ (582,182) | $ (582,182) |

Page 1 of 1 - 1CM832

MADC0154_00000003

Exhibit B

BLMIS ACCOUNT NO. 1CM880 — ASSOCIATES PTNRSHIP

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 5/27/2004 | CHECK WIRE | 2,000,000 | 2,000,000 | - | - | - | 2,000,000 | - | - | - |
| 6/2/2004 | CHECK WIRE | 800,000 | 800,000 | - | - | - | 2,800,000 | - | - | - |
| 12/20/2004 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 2,300,000 | - | - | - |
| 5/2/2007 | CHECK WIRE | (1,000,000) | - | (1,000,000) | - | - | 1,300,000 | - | - | - |
| 12/21/2007 | CHECK WIRE | (2,390,377) | - | (2,390,377) | - | - | (1,090,377) | - | (1,090,377) | (1,090,377) |
| 10/21/2008 | CHECK | (3,025) | - | (3,025) | - | - | (1,093,402) | - | (3,025) | (3,025) |
| | Total: | | $ 2,800,000 | $ (3,893,402) | $ - | $ - | $ (1,093,402) | $ - | $ (1,093,402) | $ (1,093,402) |

Page 1 of 1 - 1CM880

MADC0154_00000004

# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> JAMES LOWREY, individually, in his capacity as general partner of Turtle Cay Partners, in his capacity as personal representative of the Estate of Marianne Lowrey, in his capacity as trustee for the Marianne B. Lowrey Trust, and in his capacity as successor partner of Coldbrook Associates Partnership, <br><br> THE ESTATE OF MARIANNE LOWREY, <br><br> TURTLE CAY PARTNERS, <br><br> COLDBROOK ASSOCIATES PARTNERSHIP, individually and in its capacity as general partner of Turtle Cay Partners, <br><br> Defendants. | Adv. Pro. No. 10-04387 (SMB) |