**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Oren J. Warshavsky  
Geoffrey A. North  
Eric B. Hiatt  
Peter B. Shapiro  
Michelle R. Usitalo  

**Hearing Date: July 26, 2017 at 10 a.m.**  
**Objection Deadline: July 19, 2017**

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>HSBC BANK PLC, et al.,<br><br>Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**NOTICE OF MOTION FOR ENTRY OF ORDER PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002
AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING A SETTLEMENT AGREEMENT BY AND BETWEEN
THE TRUSTEE, LAGOON INVESTMENT LIMITED AND
<u>HERMES INTERNATIONAL FUND LIMITED</u>**

PLEASE TAKE NOTICE that Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, by and through his undersigned counsel, will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004, on July 26, 2017 at 10:00 a.m., or as soon thereafter as counsel may be heard, seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving a certain settlement agreement by and between the Trustee and Lagoon Investment Limited and Hermes International Fund Limited as more particularly set forth in the motion annexed hereto (the "Motion").

PLEASE TAKE FURTHER NOTICE that written objections to the Motion must be filed with the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 by no later than **5:00 p.m. on July 19, 2017** (with a courtesy copy delivered to the Chambers of the Honorable Stuart M. Bernstein) and must be served upon (a) Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, Attn: Oren J. Warshavsky; (b) Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, Attn: Joseph P. Moodhe and Shannon Rose Selden; and (c) Securities Investor Protection Corporation, 1667 K Street, N.W., Suite 1000, Washington D.C. 20006, Attn: Kevin Bell, Esq.  Any objections must specifically state the interest that the objecting party has in these proceedings and the specific basis of any objection to the Motion.

2

PLEASE TAKE FURTHER NOTICE that failure to file timely objections may result in the entry of an order granting the relief requested in the Motion without further notice to any party or an opportunity to be heard.

Dated:  New York, New York
        June 27, 2017

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *s/ Oren J. Warshavsky*
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Oren J. Warshavsky
    Email: owarshavsky@bakerlaw.com
    Geoffrey A. North
    Email: gnorth@bakerlaw.com
    Eric B. Hiatt
    Email: ehiatt@bakerlaw.com
    Peter B. Shapiro
    Email: pshapiro@bakerlaw.com
    Michelle R. Usitalo
    Email: musitalo@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

| **Baker & Hostetler LLP** | **Hearing Date:** July 26, 2017 at 10 a.m. |
| 45 Rockefeller Plaza | **Objection Deadline:** July 19, 2017 |
| New York, New York  10111 | |
| Telephone: (212) 589-4200 | |
| Facsimile: (212) 589-4201 | |

David J. Sheehan
Oren J. Warshavsky
Geoffrey A. North
Eric B. Hiatt
Peter B. Shapiro
Michelle R. Usitalo

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 09-01364 (SMB) |
| v. | |
| HSBC BANK PLC, et al., | |
| Defendants. | |

**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION
105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING A SETTLEMENT AGREEMENT BY AND BETWEEN
THE TRUSTEE, LAGOON INVESTMENT LIMITED AND
<u>HERMES INTERNATIONAL FUND LIMITED</u>**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order (the "Approval Order"), pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement, the terms and conditions of which are set forth in an agreement (the "Agreement")[2] by and between the Trustee, on the one hand, and Lagoon Investment Limited ("Lagoon") and Hermes International Fund Limited ("Hermes," and together with Lagoon and Hermes, the "Defendants"), on the other hand. In support of the Motion, the Trustee respectfully represents as follows:

## **PRELIMINARY STATEMENT**

The Agreement represents a good faith, complete settlement of all disputes between the Trustee and Defendants and the customer claims Lagoon submitted in connection with

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

[2] The form of Agreement is attached hereto as Exhibit "A."

2

BLMIS Account Nos. 1FR016 and 1FN021. The settlement will benefit the customer property fund by approximately $240,743,808 and even accounting for a claim under Bankruptcy Code section 502(h), will increase by 0.751% the distribution to BLMIS customers with allowed claims. The Trustee therefore respectfully requests that the Court approve this settlement.

## BACKGROUND

*The Commencement of the BLMIS Liquidation Proceeding*

1.   On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). In the complaint, the SEC alleged that the Debtors engaged in fraud through the investment advisor activities of BLMIS.

2.   On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3.   On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

   (i)   appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

---

[3] In this case, the Filing Date is the date on which the Commission commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS. *See* SIPA § 78*lll*(7)(B).

3

  (ii)  appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

  (iii)  removed the case to this Court pursuant to SIPA section 78eee(b)(4).

4. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating Madoff's Chapter 7 estate with the BLMIS SIPA proceeding.

### THE TRUSTEE'S CLAIMS AGAINST DEFENDANTS

5. Lagoon is a BVI corporation that was the BLMIS account holder through which Hermes invested with BLMIS.

6. On or about April 30, 1992, BLMIS Account No. 1FN021 was opened in the name "Bank of Bermuda (Luxembourg) S.A. Special Custody Acct. for Lagoon Investment" (the "021 Account") on behalf of Lagoon. In the six years prior to the Filing Date, Lagoon withdrew approximately $174,643,808 from the 021 Account (the "021 Transfers"). In the 021 Transfers, Lagoon received a total of $79,893,412 in excess of principal it had invested (the "Fictitious Profit Transfers").

7. On or about April 29, 1997, BLMIS Account No. 1FR016 was opened in the name "Bank of Bermuda (Luxembourg) S.A. Special Custody Acct. for Lagoon Investment 'D'" (the "016 Account") on behalf of Lagoon. In the six years prior to the Filing Date, Lagoon withdrew approximately $66,100,000 from the 016 Account (the "016 Transfers"). The 016 Transfers were solely withdrawals of principal Lagoon had invested.

8. Between November 1994 and April 1997, Lagoon opened three other BLMIS accounts, 1FN066, 1FN096, and 1FR015. All of these accounts were closed by November 2001, with the balances internally transferred by BLMIS to either the 021 Account or the 016 Account.

4

9. On December 5, 2010, the Trustee filed an amended complaint in this adversary proceeding (the "Amended Complaint") against, among others, Lagoon and Hermes, seeking to (a) avoid, preserve, and recover the Transfers under sections 547, 548, 550 and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA; (b) recover subsequent transfers under section 550(a) of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA; (c) disallow Lagoon's customer claims against the BLMIS estate under section 502(d) of the Bankruptcy Code; and (d) equitably subordinate Lagoon's customer claims against the BLMIS estate under section 510(c) of the Bankruptcy Code (collectively, the "Avoidance Claims").

10. On December 3, 2010, the Trustee and BLMIS also filed a proceeding against Lagoon in the Supreme Court of Bermuda, Civil Jurisdiction, No. 427 of 2010 (the "Bermuda Proceeding"), advancing avoidance and constructive trust claims under Bermuda law.

## LAGOON'S CUSTOMER CLAIMS

11. On March 9, 2009, Lagoon timely filed customer claims with the Trustee, which the Trustee has designated as claim nos. 007423 (the "016 Customer Claim") and 007424 (the "021 Customer Claim"). The 016 Customer Claim and the 021 Customer Claim assert that Lagoon is entitled to the market value of the securities reflected on Lagoon's November 30, 2008 BLMIS customer account statements, for account numbers 1FR016 and 1FN021 respectively. On July 2, 2009, Lagoon supplemented its claims with charts containing calculations of Lagoon's net equity.

## SETTLEMENT DISCUSSIONS AND MEDIATION

12. In the past several years, the Parties have, on multiple occasions, engaged in good faith discussions aimed at resolving the Trustee's Avoidance Claims and the amount of

5

the 016 and 021 Customer Claims. These discussions proved unsuccessful, in part, because the Trustee's investigation of Lagoon's and Hermes's principals and shareholders was ongoing, and because the District Court issued opinions that affected the pleading standards for the Trustee's Avoidance Claims.

13.  On April 7, 2016, the Parties agreed to participate in a private, non-Court ordered mediation pursuant to protocols and procedures set forth in a letter agreement between the Parties and the Court's General Order M-390. The Parties actively engaged in mediation, including exchanging mediation statements and supplemental materials, and participating in several formal in-person and telephonic sessions with the mediator, and many more informal discussions with the mediator. Through the mediation process, the Parties reached a compromise, and in light of the delay, expense, and uncertainties associated with litigation, have decided to settle the Adversary Proceeding.

## OVERVIEW OF THE AGREEMENT

14.  The principal terms and conditions of the Agreement are generally as follows (as stated above, the Agreement is attached as Exhibit "A" and should be reviewed for a complete account of its terms):[4]

- Lagoon shall pay the Trustee 100% of the 021 Transfers and the 016 Transfers.

- Lagoon shall have an allowed customer claim in the SIPA Proceeding in the amount of $553,384,510 (the "Allowed Claim") and shall be entitled to the full benefit of a SIPC customer advance under section

---

[4] Terms not otherwise defined shall have the meaning ascribed in the Agreement. In the event of any inconsistency between the summary of terms provided in this section and the terms of the Agreement, the Agreement shall prevail.

6

78fff-3(a) of SIPA. The Allowed Claim is equal to 100% of Lagoon's net equity of $312,640,702, plus an increase of $240,743,808 under section 502(h) of the Bankruptcy Code.

- At Closing, Lagoon shall pay or cause to be paid to the Trustee, for the benefit of the customer property fund, $240,743,808 in full and final satisfaction of the Trustee's Avoidance Claims, as follows: (i) $500,000 from the SIPC advance; and (ii) $240,243,808 from the catch-up distribution owed to Lagoon based on its Allowed Claim.[5]

- At Closing, the Trustee shall pay Lagoon $92,329,214.84, consisting of the balance of the catch-up distribution owed to Lagoon under its Allowed Claim.

- The Trustee will release, acquit, and absolutely discharge Defendants, on the specific terms set forth in the Agreement.

- Defendants will release, acquit, and absolutely discharge the Trustee and all his agents and BLMIS and its consolidated estate, on the specific terms set forth in the Agreement.

- The Parties shall submit to the Bankruptcy Court a stipulation requesting dismissal of the Adversary Proceeding as against Lagoon, on the specific terms set forth in the Agreement.

---

[5] As of the date of the Agreement, the Bankruptcy Court has approved eight *pro rata* interim distributions to BLMIS customers with allowed customer claims of 4.602%, 33.556%, 4.721%, 3.180%, 2.743%, 8.262%. 1.305%, and 1.729%, respectively (60.098% in total). Accordingly, in order to catch-up Lagoon's distribution to that of other customers with allowed claims, at the Closing, the Trustee will pay Lagoon 60.098% of its allowed claim, or $332,073,023. The amount that Lagoon owes the Trustee on account of the 016 and 021Transfers ($240,743,808) will be deducted from the catch-up payment and the SIPC Advance.

7

## RELIEF REQUESTED

15.     By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit "B" approving the Agreement.

## LEGAL BASIS

16.     Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

17.     The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (internal citations omitted); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

18.     In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

8

   (i)  the probability of success in the litigation;

   (ii)  the difficulties associated with collection;

   (iii)  the complexity of the litigation, and the attendant expense, inconvenience, and delay; and

   (iv)  the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

  19.  The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the Court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010). The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

  20.  The Agreement furthers the interest of BLMIS customers by (a) adding $240,743,808 to the fund of customer property, thereby increasing it by 0.751%; (b) recovering 100% of the transfers from BLMIS to Defendants during the six years prior to the collapse of BLMIS; and (c) reducing Lagoon's net equity claim by the amount of the Fictitious Profit Transfers. Furthermore, the Agreement resolves all claims among the

Parties and avoids the cost and delay of what could otherwise be lengthy and contentious litigation. (Declaration of the Trustee in Support of the Motion (the "Picard Declaration"). (A true and accurate copy of the Picard Declaration is attached as Exhibit "C".).

## CONCLUSION

21.    In sum, the Trustee submits that the Agreement should be approved to avoid lengthy, burdensome, and expensive litigation and because it represents a fair and reasonable compromise of the Avoidance Claims and the Customer Claims. Because the Agreement is well within the "range of reasonableness" and confers a benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Agreement.

## NOTICE

22.    In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) Joseph P. Moodhe and Shannon Rose Selden, Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022. Notice of this Motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all defendants in this adversary proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, ECF No. 4560. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit "B" granting the relief requested in the Motion.

Dated: New York, New York
       June 27, 2017

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *s/ Oren J. Warshavsky*
   David J. Sheehan
   Email: dsheehan@bakerlaw.com
   Oren J. Warshavsky
   Email: owarshavsky@bakerlaw.com
   Geoffrey A. North
   Email: gnorth@bakerlaw.com
   Eric B. Hiatt
   Email: ehiatt@bakerlaw.com
   Peter B. Shapiro
   Email: pshapiro@bakerlaw.com
   Michelle R. Usitalo
   Email: musitalo@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*