UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,                                              :       Adv. P. No. 08-01789 (SMB)
                                                          :
                    Plaintiff,                            :       SIPA LIQUIDATION
                                                          :
              -against-                                   :       (Substantively Consolidated)
                                                          :
BERNARD L. MADOFF INVESTMENT                              :
SECURITIES LLC,                                           :
                                                          :
                    Defendant.                            :
-----------------------------------------------------------X
                                                          :
In re:                                                    :
                                                          :
BERNARD L. MADOFF,                                        :
                                                          :
                    Debtor.                               :
-----------------------------------------------------------X
                                                          :
IRVING H. PICARD, trustee for the liquidation             :
of Bernard L. Madoff Investment Securities                :       Adv. P. No. 10-05257 (SMB)
LLC                                                       :
                                                          :
                    Plaintiff,                            :
                                                          :
              -against-                                   :
                                                          :
EDWARD A. ZRAICK, JR., *et al.*                           :
                                                          :
                    Defendants.                           :
-----------------------------------------------------------X

## MEMORANDUM DECISION GRANTING DEFENDANTS' MOTION TO EXTEND THE REBUTTAL EXPERT DISCLOSURE DEADLINE

**A P P E A R A N C E S:**

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111

David J. Sheehan, Esq.
Keith R. Murphy, Esq.
Maximillian S. Shifrin, Esq.
    Of Counsel

*Attorneys for Irving H. Picard, Trustee*
  *for the Liquidation of Bernard L. Madoff*
  *Investment Securities LLC*

**HUNTON & WILLIAMS LLP**
200 Park Avenue
New York, NY 10166
    Robert A. Rich, Esq.

*Attorneys for Defendants*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

    The Defendants have moved to extend the deadline for rebuttal expert disclosure and to compel the production of documents. (*Zraick Defendants' Motion for Entry of an Order (I)(A) Extending Time for Rebuttal Expert Disclosures By Twelve Days or (B) In the Alternative, Declaring Defendants' Rebuttal Expert Report Timely Served; and (II) Compelling the Production of Documents Concerning Securities Listed on Defendants' Customer Statements*, dated Mar. 6, 2017 ("*Motion*") (ECF Doc. # 67).)[1] The Court denied the motion to compel from the bench and reserved decision on the motion to extend the rebuttal expert disclosure deadline. For the reasons that follow, that branch of the *Motion* is granted.

---

[1] "ECF Doc. # ___" refers to documents filed on the electronic docket of this adversary proceeding and "ECF Main Case Doc. # ___" refers to documents filed on the electronic docket of the BLMIS SIPA liquidation, *In re BLMIS*, No. 08-01789 (SMB).

**BACKGROUND**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), filed a complaint against Edward A. Zraick, Jr., Nancy Zraick, Patricia Zraick DeLuca, Karen Rich, and the estate of Lorraine Zraick (the "Zraick Parties") seeking to avoid and recover their withdrawal of fictitious profits, aggregating $285,000, from their BLMIS accounts as intentional fraudulent transfers under section 548(a)(1)(A) of the Bankruptcy Code. (*See Amended Complaint*, dated Feb. 3, 2012 (ECF Doc. # 15).) In accordance with the *Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order*, dated Nov. 10, 2010 (ECF Main Case Doc. # 3141)[2], the parties filed their *Case Management Notice*, dated Dec. 2, 2015 (ECF Doc. # 46). The *Case Management Notice* established November 16, 2016 as the deadline for the Trustee to disclose his experts and December 16, 2016 as the deadline for the Zraick Parties to disclose their rebuttal experts.

The Trustee timely served his expert reports on November 16, 2016, which the Zraick Parties received the next day. The Trustee's production consisted of (1) a 1135 page *Expert Report of Bruce G. Dubinsky MST, CPA, CFE, CVA, CFF, MAFF*, dated Aug. 20, 2013 ("Dubinsky Report")[3] who opined, among other things, that BLMIS'

---

[2]  The procedures set forth in the *Avoidance Procedures Order* apply in avoidance actions in which the Trustee seeks to recover $20 million or less, and the Trustee or the defendant(s) files a notice of applicability on the docket of the adversary proceeding. (*See Avoidance Procedures Order*, Ex. A, § 1.A.) The Trustee filed a notice of applicability when he commenced this case. (*See* ECF Doc. # 2.)

[3]  A copy of the Dubinsky Report is annexed as Exhibit B to the *Motion*.

investment advisory business did not engage in legitimate trading "at least as far back as the 1970s,"[4] (2) two separate expert reports of Matthew B. Greenblatt, CPA/CFF, CFE ("Greenblatt Reports")[5] who analyzed the chronological principal balance calculations for the Zraick Parties' BLMIS accounts, and (3) the expert report of Lisa Collura ("Collura Report")[6]. On December 16, 2016, counsel for the Zraick Parties wrote to the Court asking for an extension of the December 16 deadline to disclose their rebuttal experts. (*See Letter*, dated Dec. 16, 2016 ("*Dec. 16, 2016 Letter*") (ECF Doc. # 61).) The *Dec. 16, 2016 Letter* gave two reasons. First, the Zraick Parties needed more time to coordinate with defense counsel in similarly situated cases for joint retention of rebuttal experts because it was not practical for them to retain their own expert given the amounts involved. (*Id.* at 2.) Second, the Zraick Parties intended to file a motion *in limine* to limit the proposed testimony of Greenblatt and Collura because their expert reports were based on hearsay and were not the type of hearsay that could be reasonably relied on by an expert. (*Id.*) In response, the Court scheduled a conference for December 29, 2016.

In the meantime, other events were occurring relevant to the pending *Motion*. By way of background, Madoff has steadfastly maintained that his Ponzi scheme began in 1992, and before then, he was engaged in legitimate trading. If so, it would mean that any profits earned before 1992 were not fictitious. This might reduce a defendant's potential claw back liability in a fraudulent transfer action brought by the Trustee. In

---

[4] Dubinsky Report at ¶ 18.

[5] A copy of one of the Greenblatt Reports is annexed as Exhibit G to the *Motion*. The other Greenblatt Report was not submitted with the *Motion*.

[6] The Collura Report was not submitted with the *Motion*.

- 4 -

July and August 2016, various defendants, including the Zraick Parties, requested the opportunity to take Madoff's deposition on this and other issues. (*See Notice of Zraick Defendants' Request to Participate in the Deposition of Bernard L. Madoff*, dated Aug. 4, 2016 (ECF Main Case Doc. # 13838).) The Court granted the request and entered an order authorizing the defendants in those cases where the discovery deadline had not expired to take Madoff's deposition on limited issues related to the start date and scope of the BLMIS Ponzi scheme, and the interpretation of BLMIS books and records. (*See Order Authorizing the Deposition of Bernard L. Madoff* ("*Madoff Deposition Order*"), at ¶¶ 1-7, dated Sept. 29, 2016 (ECF Main Case Doc. # 14213).) The *Madoff Deposition Order* extended fact discovery in those cases for the "limited and sole purpose of taking Madoff's deposition," but allowed interested parties the "right to move the Court for further discovery based upon Madoff's testimony." (*Id.*, ¶ L.)

On December 20, 2016, the Zraick Parties and other participating defendants completed the first day of Madoff's deposition.[7] Madoff was particularly critical of the Dubinsky Report. Although Madoff did not question Dubinsky's conclusions regarding the Ponzi scheme and the fictitious trading after 1992, (*Madoff Depo.* at 84:5-24), he challenged Dubinsky's understanding of how convertible bond trading was conducted in the 1980s, his conclusion that the Ponzi scheme began in the 1970s, and his opinion that the profits shown in the pre-1992 customer statements were fictitious. He testified, in substance, that prior to 1992 and the initiation of the split strike strategy, *see In re BLMIS*, 654 F.3d 229, 231 (2d Cir. 2011) ("The split-strike conversion strategy

---

[7] A redacted copy of the December 20, 2016 Madoff deposition transcript is available at ECF Doc. # 16237-9, and references to it will be denoted as "*Madoff Depo.* at __:__."

- 5 -

supposedly involved buying a basket of stocks listed on the Standard & Poor's 100 Index and hedging through the use of options."), *cert. denied*, 567 U.S. 934 (2012), Madoff conducted a legitimate convertible bond trading business, and those trades were real. (*Madoff Depo.* at 100:9-13.)

The Madoff deposition changed the focus of the Zraick Parties' request. At the December 29, 2016 conference, they asserted that Madoff's deposition revealed additional facts which would be germane to a rebuttal expert in this case. The Court granted the Zraick Parties a thirty-day extension after receipt of the Madoff deposition transcript to disclose their rebuttal experts. Accordingly, the new deadline was set for February 2, 2017.

On February 2, 2017, counsel to the Zraick Parties again wrote to the Court requesting a further extension of their rebuttal expert deadline. (*See Letter*, dated Feb. 2, 2017 ("*Feb. 2, 2017 Letter*") (ECF Doc. # 64).) Counsel alluded to the lengthiness of the Dubinsky Report, and stated that the Zraick Parties were "finalizing the retention of their own expert" to rebut it. (*Feb. 2, 2017 Letter* at 1-2.) At a February 9, 2017 conference scheduled at the Zraick Parties' request, the Court stated that it was not inclined to grant yet another extension but stated that counsel could move for such relief. (*Transcript of Feb. 9, 2017 Hearing* at 38:12-18 (ECF Doc. # 67-3).)

The Zraick Parties served the report of their rebuttal expert, Bill Feingold (the "Feingold Report")[8], twelve days late on February 14, 2017, and filed the *Motion* on

---

[8] A copy of the Feingold Report is annexed as Exhibit A to the *Motion*.

March 6, 2017. They asserted that good cause existed to grant the additional extension to February 14, 2017, because the Feingold Report "addresses a critical issue in this adversary proceeding. . . ." (*Motion* at ¶ 25.) The *Motion* was not, however, accompanied by an affidavit or declaration by counsel explaining the reasons for the delay, and the Trustee objected, arguing that the Zraick Parties had failed to show diligence in procuring a rebuttal expert. (*See Trustee's Memorandum of Law in Opposition to Defendants' Motion to Extend the Rebuttal Expert Disclosure Deadline and Compel Discovery*, dated Mar. 22, 2017, at 4-6 (ECF Doc. # 68).)

The Court held a hearing on the *Motion* on March 29, 2017, but adjourned the matter because counsel for the Zraick Parties had failed to provide evidence to support the *Motion*. Thereafter, defense counsel filed the *Declaration of Robert A. Rich In Support of Motion for Entry of an Order Extending Time for Rebuttal Expert Disclosures by Twelve Days* on Apr. 12, 2017 ("*Rich Declaration*") (ECF Doc. # 71), and the Court held a subsequent hearing on May 3, 2017.

## DISCUSSION

Rule 16(b)(4) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure, states that a deadline in a scheduling order "may be modified only for good cause and with the judge's consent." "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence," and if "a party was not diligent, the good cause inquiry should end." *Rent-A-Ctr. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (citations,

quotation marks, and alterations omitted). A lack of prejudice to other parties will not excuse a lack of diligence, *Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, No. 08 Civ. 3697 (FM), 2009 WL 2432729, at *3-4 (S.D.N.Y. July 31, 2009), *adopted by* No. 08 Civ. 3697 (LTS), 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010), but a court may consider prejudice as a secondary factor. *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 736 (S.D.N.Y. 2012), *aff'd*, 569 F. App'x 51 (2d Cir. 2014).

The record establishes diligence given the task at hand. On November 17, 2016, counsel received four reports from the three experts, and Dubinsky's alone spanned 1135 pages including 169 pages of narrative and opinions. Dubinsky was retained in June 2011, his report is dated August 20, 2013, and he worked two years to produce it. Moreover, the task was arduous. Dubinsky testified on October 30, 2013 at the criminal trial in *United States v. Bonventure*, 10 Cr. 228 (LTS) (S.D.N.Y.) that his analysis took an enormous amount of time, effort and expertise to put together, (*Transcript of October 30, 2013 Trial* at 1579:20-25 (ECF Dist. Ct. Case No. 10 Cr. 228 Doc. # 824)), and his employer, Duff & Phelps, had been paid $30 million to date. (*Id.* at 1579:24-1581:5.)

The *Case Management Notice*, issued before these reports were disclosed in this adversary proceeding, gave the Zraick Parties only thirty days to rebut them. Furthermore, this is a $285,000 lawsuit; counsel acted reasonably in first attempting to coordinate the submission of a joint rebuttal report with other defendants to defray the costs. (*Rich Declaration* at ¶ 4.) In addition, the Madoff deposition transcript concentrated the Zraick Parties' focus on obtaining an expert that could rebut the part of the Dubinsky Report addressing convertible bond trading. (*Id.* at ¶ 7.) It took the

Zraick Parties until the end of January 2017 to retain Mr. Feingold, (*id.*), and he completed his report within two weeks.  The combination of the number and length of the Trustee's expert disclosures, the short amount of time the Zraick Parties had to rebut them and the economic limitations that they faced demonstrates that it was unreasonable to expect them to meet the deadline set in the *Case Management Notice* and the extended deadline ordered by the Court despite their diligence, and justifies the twelve day extension that they seek.

The Trustee complains that the *Rich Declaration*'s description of what counsel did without specifying what he did on a particular day is fatal.  (*Letter from Keith R. Murphy, Esq. to the Court*, dated Apr. 24, 2017, at 4 ("Most fundamentally, the Declaration fails to provide even a *single* date that any specific action was taken with respect to Defendants' retention of a rebuttal expert.") (emphasis in original) (ECF Doc. # 73).)  In the first place, the Trustee does not cite any authority requiring that type of granular detail as a precondition to showing good cause.  In the second place, it is unnecessary in this case.  The Court is familiar with the Trustee's expert reports and Madoff's deposition testimony.  The need for additional time to locate an expert in convertible bond trading, especially in light of the amount involved in the adversary proceeding, is apparent without the need to detail the day to day efforts the Trustee insists is required in every case.  Finally, and as a secondary consideration, the Trustee admits that he will not be prejudiced by the receipt of the Feingold Report because, he contends, the conclusion that Madoff engaged in legitimate convertible bond trading

until 1992 would not change the outcome of this adversary proceeding.[9] (*See Transcript of May 3, 2017 Hearing* at 36:12-37:15 (ECF Main Case Doc. # 15969).)

Accordingly, the *Motion* is granted to the extent of extending the deadline for the Feingold Report to February 14, 2017, and is otherwise denied. The Trustee may take Mr. Feingold's deposition within thirty days of the date of this memorandum, after which the parties should contact chambers to arrange a conference for the purpose of scheduling the trial or other disposition of the adversary proceeding. Submit order.

Dated: New York, New York
June 28, 2017

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge

---

[9] The Court questioned the Trustee's counsel why the Trustee simply did not stipulate solely for the purpose of *this* adversary proceeding that the Ponzi scheme began in 1992, allow the Zraick Parties to file the Feingold Report and save the costs and avoid the delay caused by this entire dispute dating back to December 2016. The Trustee's counsel replied that "the trustee has a commitment to the truth and he is reluctant to stipulate to anything that is at odds with the facts." (*Transcript of May 3, 2017 Hearing* at 39:11-19.)