**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | Related Docket Nos. 57, 58 and 59 |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04517 (SMB) |
| Plaintiff, | |
| v. | |
| RADCLIFF INVESTMENTS LIMITED, ROTHSCHILD TRUST GUERNSEY LIMITED, and ROBERT D. SALEM, | |
| Defendants. | |

**TRUSTEE'S MEMORANDUM OF LAW**
**IN OPPOSITION TO MOTION TO DISMISS**

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.........................................................3

ARGUMENT ...............................................................................................................................6

    I.    STANDARDS GOVERNING RULE 12(b)(6) MOTIONS...................................6

    II.    THE TRUSTEE HAS ADEQUATELY PLED THAT ROTHSCHILD IS
           AN INITIAL TRANSFEREE..................................................................................7

           A.    The Complaint More Than Plausibly Alleges That Rothschild Was
                 The Initial Transferee Of Fictitious Profits:....................................................7

           B.    Rothschild Raises Factual Issues Not Properly Resolved In A
                 Motion To Dismiss: .......................................................................................9

    III.    THE TRUSTEE HAS ADEQUATELY PLED THAT ROTHSCHILD IS
           THE ENTITY FOR WHOSE BENEFIT THE TRANSFERS WERE
           MADE..................................................................................................................13

CONCLUSION...........................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................6, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................................6

*Bigio v. Coca-Cola Co.*,
   675 F.3d 163 (2d Cir. 2012)...........................................................................................6

*In re Brown Publ. Co.*,
   2015 Bankr. LEXIS 667, 2015 WL 1009177 (Bankr. E.D.N.Y. Mar. 4, 2015)...............11, 12

*Buchwald v. DiLido Beach Resort, Ltd. (In re McCann, Inc.)*,
   318 B.R. 276 (Bankr. S.D.N.Y. 2004)...........................................................................13

*Campbell v. Computer Task Group, Inc.*,
   No. 00 Civ. 9543 (RWS), 2001 WL 815575 (S.D.N.Y. July 19, 2001) ...................................7

*Christy v. Alexander & Alexander Inc. (In re Finley, Kumble, Wagner, Heine,
   Underberg, Manley, Myerson & Casey)*,
   130 F.3d 52 (2d Cir. 1997)............................................................................................11

*Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*,
   726 F.3d 62 (2d Cir. 2013)..............................................................................................6

*The Finley Group v. Working Media Group Atlanta, LLC (In re Redf Marketing,
   LLC)*,
   536 B.R. 646 (Bankr. W.D.N.C. 2015)....................................................................9, 10

*Gallant v. Kanterman (In re Kanterman)*,
   97 B.R. 768 (Bankr. S.D.N.Y. 1989)............................................................................14

*Gen. Elec. Capital Auto Lease, Inc. v. Broach*,
   185 B.R. 801 (9th BAP 1995)........................................................................................13

*Gowan v. Amaranth LLC (In re Dreier LLP)*,
   452 B.R. 451 (Bankr. S.D.N.Y. 2011)....................................................................14, 15

*O'Connell v. Penson Financial Services, Inc. (In re Arbco Capital Management,
   LLP)*,
   498 B.R. 32 (Bankr. S.D.N.Y. 2013).............................................................................8

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Picard v. Cohmad Securities Corp. (In re BLMIS),*
    454 B.R. 317 (Bankr. S.D.N.Y. 2011).................................................................................8

*Picard v. Estate of Stanley Chais (In re BLMIS),*
    445 B.R. 206 (Bankr. S.D.N.Y. 2011).................................................................................7

*Picard v. Merkin (In re BLMIS),*
    440 B.R. 243 (Bankr. S.D.N.Y. 2010).................................................................................9

*Picard v. Merkin (In re BLMIS),*
    515 B.R. 117 (Bankr. S.D.N.Y. 2014).............................................................................6, 7

*Picket v. LeClaire,*
    No. 08 Civ. 7291 (PKC), 2009 WL 3320676 (S.D.N.Y. Oct. 13, 2009)..................................7

*Schecter v. 5841 Bldg. Corp. (In re Hansen),*
    341 B.R. 638 (Bankr. N.D. Ill. 2006) ..........................................................................11, 12

*Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.,*
    234 B.R. 293 (Bankr. S.D.N.Y. 1999) .........................................................................14, 15

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distributors, Inc.),*
    379 B.R. 5 (Bankr. E.D.N.Y. 2007).............................................................................11, 15

*Tese-Milner v. Brune (In re Red Dot Scenic, Inc.),*
    293 B.R. 116 (S.D.N.Y. 2003).....................................................................................11, 13

*In re Universal Clearing House Co.,*
    62 B.R. 118 (D. Utah 1986)............................................................................................14

**Statutes**

11 U.S.C. § 101 *et seq.*...................................................................................................3

11 U.S.C. § 105(a) .........................................................................................................3

11 U.S.C. § 544.............................................................................................................3

11 U.S.C. § 546(e) .........................................................................................................5

11 U.S.C. § 548...........................................................................................................11

11 U.S.C. § 548(a) .........................................................................................................3

11 U.S.C. § 548(a)(1)(A).............................................................................................5, 7, 9

11 U.S.C. § 550........................................................................................................9, 10

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

11 U.S.C. § 550(a) ..................................................................................................3, 5, 14

11 U.S.C. § 551 ...........................................................................................................3, 5

15 U.S.C. § 78aa *et seq.* ...............................................................................................1

15 U.S.C. § 78fff-1(a) .....................................................................................................3

15 U.S.C. § 78fff-2(c)(3) ............................................................................................3, 5

15 U.S.C. § 78fff(b) .........................................................................................................3

**Rules**

Fed. R. Bankr. P. 7012 ...................................................................................................10

Fed. R. Civ. P. 12(b)(6) ........................................................................................6, 7, 15

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation

of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the

Securities Investor Protection Act, 15 U.S.C. §§ 78aa *et seq.* ("SIPA"), and the estate of Bernard

L. Madoff, submits this memorandum of law in opposition (the "Opposition") to Rothschild

Trust Guernsey Limited's Motion to Dismiss the First Amended Complaint (the "Motion").

## PRELIMINARY STATEMENT

As is now well-known, and alleged in the First Amended Complaint (the "Complaint"),

BLMIS operated a Ponzi scheme through its investment advisory business.  In the decades

leading up to its collapse, BLMIS took billions of dollars from its customers and, instead of

investing in securities and treasury bills as it claimed, deposited that cash into a bank account at

JPMorgan Chase Bank, N.A.  From this and other accounts, BLMIS withdrew customer money

to pay Madoff family members and other insiders, fund otherwise unsuccessful BLMIS business

units (including Madoff's proprietary trading and market making businesses), and fulfill other

investment advisory customers' redemption requests. BLMIS collapsed on December 11, 2008

when Madoff admitted that BLMIS's investment advisory business was a complete fraud and

BLMIS ran out of money to fulfill its investment advisory customers' redemption requests.

While thousands of BLMIS's investment advisory customers lost billions of dollars they invested

with Madoff, others, such as defendant Rothschild Trust Guernsey Limited ("Rothschild" or the

"Defendant"), benefitted from the receipt of fictitious "profits" from Madoff's scheme—

"profits" that in fact consisted wholly of other BLMIS customers' deposits ("other people's

money").

The Complaint details a list of non-conclusory factual allegations that more than

plausibly state avoidance and recovery claims against Rothschild. The Trustee's allegations,

accepted as true for the purposes of this motion to dismiss before discovery, demonstrate that

Rothschild was an initial transferee of $2,216,994 in fictitious profits from BLMIS within the two year period before BLMIS's collapse:

- Rothschild referred to BLMIS account number 1FR100, nominally titled in the name Radcliff Investments Ltd. (the "BLMIS Account") as "our account" in correspondence to BLMIS;

- Rothschild asserted to BLMIS that Rothschild owned the funds in the BLMIS Account;

- Rothschild executed documents relating to the BLMIS Account;

- Rothschild communicated with BLMIS regarding the BLMIS Account and the funds in the BLMIS Account;

- Rothschild controlled the flow of funds into and out of the BLMIS Account; and

- Rothschild directed BLMIS to close the BLMIS Account.

Notably, Rothschild does not contest the factual allegations detailing the dates and amounts of the transfers detailed in Exhibit B to the Complaint. Moreover, Rothschild is not contesting the allegations relating to the Ponzi scheme that this Court has previously found to state a claim.

Faced with these unassailable, non-conclusory facts, Rothschild's Motion retreats to the familiar refuge of form over substance, namely that Rothschild is not technically the initial transferee. But at this stage in the litigation – before discovery and where all the non-conclusory factual allegations must be accepted as true and all reasonable inferences should be drawn in favor of the Trustee, Rothschild's argument is at best premature.  After discovery, it will be Rothschild's burden to establish its defense that it is not either the initial transferee or the entity for whose benefit the transfers were made.  A motion to dismiss is not the appropriate vehicle to

determine the validity of a defense hinging on a question of fact. Accordingly, Rothschild's Motion should be denied.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

The Trustee commenced the present action by filing a complaint in this Court on November 30, 2010, against Rothschild, among others.[1] ECF No. 1. The complaint asserted claims pursuant to sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and other applicable law, seeking the avoidance and recovery of fraudulent transfers in connection with certain transfers of property by BLMIS to or for the benefit of the defendants.

On April 2, 2012, Rothschild moved to withdraw the reference to this Court, in part to have the United States District Court determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA, apply extraterritorially (the "Extraterritoriality Issue"). *See id.*, ECF Nos. 11, 12 & 13. On May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered orders in which he withdrew the reference to this Court of certain adversary proceedings, including this proceeding. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97, 167 and 203. After consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to this Court for further proceedings consistent with the Extraterritoriality Order.

---

[1] On April 5, 2017, Judgment by Default was entered against Robert D. Salem for failing to appear in this proceeding and file an answer or otherwise respond to the Trustee's complaint. ECF No. 56.

On December 10, 2014, the Court entered an order (the "December Scheduling Order") concerning further proceedings on the Extraterritoriality Issue that directed Rothschild, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against Rothschild should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee should be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800. Consistent with the December Scheduling Order, on December 31, 2014, Rothschild filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See Picard v. Radcliff Investments Limited, et al.*, Adv. Pro. No. 10-04517 (SMB), ECF No. 37. Pursuant to further scheduling orders, *see Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) a statement attaching the *Trustee's Proposed First Amended Complaint* (the "Proposed FAC"). *See Picard v. Radcliff Investments Limited, et al.*, Adv. Pro. No. 10-04517 (SMB), ECF Nos. 44, 45 and 46. On September 30, 2015, Rothschild filed the Supplemental Reply Memorandum of Rothschild Trust Guernsey Limited. *See id.*, ECF No. 49; *Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 11628.

On November 22, 2016, the Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that granted in part the

Extraterritoriality Motion to Dismiss as to Rothschild. *See Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 14495. The Memorandum Decision directed that the Trustee's claims in this adversary proceeding should be dismissed as to Count Three of the Proposed FAC, and otherwise denied the Extraterritoriality Motion to Dismiss as to Rothschild. On March 3, 2017, the Court entered the Stipulated Order Granting Motion to Dismiss as to Count Three of Proposed First Amended Complaint. *See Picard v. Radcliff Investments Limited, et al.*, Adv. Pro. No. 10-04517 (SMB), ECF No. 52.

On March 31, 2017, the Trustee filed the Complaint. *See id.*, ECF No. 54. As a result of the Supreme Court's denial of *certiorari* of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), section 546(e) of the Bankruptcy Code applies to this adversary proceeding. Therefore, the Trustee's sole remaining claim against Rothschild is with respect to two year transfers pursuant to sections 548(a)(1)(A), 550(a) and 551 of the Bankruptcy Code, and Section 78fff-2(c)(3) of SIPA.

The Complaint alleges, among other things, that the IA Business was a Ponzi scheme and that none of the securities listed on IA customers' statements were purchased. *See* Complaint at ¶¶ 28-29. The Complaint also lists the dates and amounts of the transfers. *Id.* at Exhibit B.

The Complaint alleges that Rothschild managed and controlled the BLMIS Account. *See* Complaint at ¶ 8. Rothschild represented to BLMIS that it owned the funds in the BLMIS Account. *Id.* Rothschild also represented that it was the "ultimate beneficial owner" of the BLMIS Account. *Id.* at ¶ 42. Rothschild corresponded and otherwise communicated directly with BLMIS regarding the BLMIS Account, signed documents relating to the BLMIS Account and received copies of account documents from BLMIS. *Id.* at ¶¶ 8 & 43. Rothschild controlled

the flow of funds into and out of the BLMIS Account, and directed the closing of the BLMIS

Account in 2007. *Id.* at ¶¶ 8 & 44. Rothschild referred to the BLMIS Account as "our account".

*Id.* at ¶ 44. As alleged in the Complaint, Rothschild is the initial transferee of avoidable and

recoverable transfers. *Id.* at ¶ 8. Alternatively, as also alleged in the Complaint, Rothschild is the

entity for whose benefit the transfers were made, and the transfers or their value, are recoverable

from Rothschild. *Id.* at ¶ 1.

On May 1, 2017, Rothschild filed the Motion. *See id.*, ECF No. 57. Rothchild's sole

argument in support of the Motion is that it is not the initial transferee. The Motion raises an

issue of fact which is not properly before the Court.

## ARGUMENT

### I.    STANDARDS GOVERNING RULE 12(B)(6) MOTIONS

The standard governing a motion to dismiss made pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6) is well settled. The Court must "accept[] all well-pleaded

allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor."

*Bigio v. Coca-Cola Co.*, 675 F.3d 163, 169 (2d Cir. 2012) (internal marks omitted). "To survive

a motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is

plausible on its face.'" *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62,

71 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

facially plausible where "the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). "Determining whether a claim is plausible is 'a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense.'" *Picard

v. Merkin (In re BLMIS)*, 515 B.R. 117, 137 (Bankr. S.D.N.Y. 2014) ("*Merkin II*") (quoting

*Iqbal*, 556 U.S. at 679). Whereas legal conclusions "are not entitled to the assumption of truth,"

the "court should give all 'well-pleaded factual allegations' an assumption of veracity and determine whether, together, they plausibly give rise to an entitlement of relief." *Id.* at 137 (quoting *Iqbal*, 556 U.S. at 679).

The only issue on a motion to dismiss is whether the plaintiff has adequately pleaded his claims. In moving to dismiss under Rule 12(b)(6), the moving party has "a substantial burden" to demonstrate that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Campbell v. Computer Task Group, Inc.*, No. 00 Civ. 9543 (RWS), 2001 WL 815575, at *2 (S.D.N.Y. July 19, 2001) (citation omitted). Accordingly, Rothschild, as the moving party, carries the burden of demonstrating how the Trustee's allegations are deficient and require dismissal. *See*, *Picket v. LeClaire*, No. 08 Civ. 7291 (PKC), 2009 WL 3320676, at *1 (S.D.N.Y. Oct. 13, 2009). Rothschild cannot meet its burden under Rule 12(b)(6), and instead, as discussed below, raises an issue of fact that is plainly not ripe for consideration on a motion to dismiss. The Motion lacks merit and should be denied.

## II.    THE TRUSTEE HAS ADEQUATELY PLED THAT ROTHSCHILD IS AN INITIAL TRANSFEREE

### A.    The Complaint More Than Plausibly Alleges That Rothschild Was The Initial Transferee Of Fictitious Profits:

A trustee states a plausible claim for actual fraudulent transfers under section 548(a)(1)(A) of the Bankruptcy Code when "the complaint … state[s] with particularity the factual circumstances constituting fraud under Rule 9(b) … [and] the complaint … allege[s] '(1) the property subject to the transfer, (2) the timing and, if applicable, frequency of the transfer and (3) the consideration paid with respect thereto.'" *Picard v. Estate of Stanley Chais, (In re BLMIS)*, 445 B.R. 206, 220 (Bankr. S.D.N.Y. 2011) (Ruling that the Trustee adequately pled the identity of transfers when the complaint identified "the date, account number, transferor, transferee, method of transfer, and amount of each of the Transfers…" sought to be avoided); *see*

*also*, *O'Connell v. Penson Financial Services, Inc. (In re Arbco Capital Management, LLP)*, 498 B.R. 32, 40 (Bankr. S.D.N.Y. 2013). When the claim is brought by a trustee, "applicable Second Circuit precedent instructs courts to adopt 'a more liberal view … since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge.'" *In re Arbco Capital Management, LLP*, 498 B.R. at 40 (internal citations omitted). "Moreover, in a case such as this one, where 'the [T]rustee's lack of personal knowledge is compounded with complicated issues and transactions [that] extend over lengthy periods of time, the trustee's handicap increases,' and 'even greater latitude' should be afforded." *Picard v. Cohmad Securities Corp. (In re BLMIS)*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011).

The Complaint alleges, among other things, that Rothschild:

- referred to the BLMIS Account as "our account" in correspondence to BLMIS. *See* Complaint at ¶44;

- represented to BLMIS that Rothschild owned the funds in the BLMIS Account. *Id.* at ¶¶ 8 & 43;

- signed documents relating to the BLMIS Account. *Id.* at ¶ 8;

- instructed BLMIS with regard to the BLMIS Account, including directing BLMIS to provide Rothschild with all information concerning the BLMIS Account. *Id.* at ¶¶ 8 & 43;

- directed the closing of the BLMIS Account. *Id.* at ¶¶ 8 & 44;

- directed the withdrawal of funds from the BLMIS Account. *Id.* at ¶¶ 8 & 44; and

- directed BLMIS to send the withdrawals to an account at JPMorgan Chase Bank in New York held in the subaccount name of "Rotrust re Radcliff Investments Limited." *Id.* at ¶ 8.

Finally, the Complaint alleges, and Rothschild does not contest, the facts regarding the Madoff Ponzi scheme, the dates of the transfers and the amount of the transfers. Taking the factual allegations as true, and drawing all reasonable inferences in the Trustee's favor, it is clear that the Complaint alleges more than enough to demonstrate that Rothschild controlled the funds in the BLMIS Account and the transfers at all relevant times and was the owner and/or beneficiary of the funds. Accordingly, the Complaint more than satisfies the standard for pleading a cause of action under sections 548(a)(1)(A) and 550 of the Bankruptcy Code.

**B.    Rothschild Raises Factual Issues Not Properly Resolved In A Motion To Dismiss:**

Rothschild does not dispute that the Trustee has sufficiently pled actual fraudulent intent, nor does Rothschild dispute that the Trustee has adequately pled the identity of the transfers. Instead, Rothschild argues that the Complaint should be dismissed because Radcliff Investments Ltd. ("Radcliff") was the initial transferee not Rothschild. *See*, Memorandum of Law in Support of Rothschild Trust Guernsey Limited's Motion to Dismiss the First Amended Complaint ("Rothschild Memorandum"), at p.1, ECF. No. 58. Rothschild is raising a question of fact not appropriately resolved on a motion to dismiss.

Rothschild's Motion is based on its factual assertion that it is not the initial transferee. However, this is a factual rebuttal to the allegations in the Complaint, an affirmative defense that is not properly before this Court on a motion to dismiss. "Given that a defendant carries the burden of proving an affirmative defense, '[a] motion to dismiss is usually not the appropriate vehicle to raise affirmative defenses.'" *Picard v. Merkin (In re BLMIS)*, 440 B.R. 243, 256 (Bankr. S.D.N.Y. 2010); *see also*, *The Finley Group v. Working Media Group Atlanta, LLC (In re Redf Marketing, LLC)*, 536 B.R. 646, 661 (Bankr. W.D.N.C. 2015).

The determination as to whether a defendant is an initial transferee requires a court to engage in fact finding. The recent decision in *In re Redf Marketing, LLC*, 536 B.R. 646 (Bankr. W.D.N.C. 2015) illustrates this point. In *Redf Marketing, LLC*, multiple defendants moved to dismiss adversary proceedings against them under Federal Rule of Bankruptcy Procedure 7012 on the basis that they were not initial transferees. The court stated that the term "initial transferee" is undefined in the Bankruptcy Code, and that to be an initial transferee a defendant must exercise dominion and control over the transferred funds. *Id.* at 661. Noting that "Defendants and third-party defendants next attempt to pin the legal designation of initial transferee for the … transfers on one another in a game of hot potato, each attempting not to get burned with strictly being liable under 11 U.S.C. § 550" the court denied the motions to dismiss. *Id.* In denying the motions to dismiss, the court stated that:

> At this early stage in the litigation, it is impossible to determine which party is the initial transferee. As pled, the funds at issue were placed into what has been described as the 'KLG Trust Account' and then disbursed to the various defendant-entities, and the Court must accept these allegations as true. Again, for defendants to prevail, the Court would have to engage in impermissible fact finding to determine the precise nature of the KLG Trust Account, whether an escrow agreement existed, and who exercised actual dominion and control over the funds. … In short, the record is not yet sufficiently developed to decide which entity held the first right to put the money to their own purpose, and the motions to dismiss on this issue must therefore be denied.

*Id.*

Rothschild argues that is it implausible that it could be the initial transferee because "Radcliff was the account holder of the relevant BLMIS account…" Memorandum at p. 4. However, Rothschild's argument fails for multiple reasons. First, the Complaint alleges that Rothschild was the owner of the funds in the BLMIS Account, controlled the BLMIS Account and told BLMIS that the BLMIS Account was "our account". Second the Complaint alleges that Rothschild was the initial transferee of the transfers, or alternatively, the entity for whose benefit

the transfers were made, and in support of the allegations cites Rothschild's own representations. Third, even assuming *arguendo* that the bank account which received the transfers from BLMIS did not nominally belong to Rothschild, the case law is well settled that the first recipient of a transfer is not always the initial transferee.    As noted by the Second Circuit in *Christy v. Alexander & Alexander Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52, 57 (2d Cir. 1997), "[e]very Court of Appeals to consider this issue [including the Second Circuit] has squarely rejected a test that equates mere receipt with liability…".; *See also*, *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distributors, Inc.)*, 379 B.R. 5, 23 (Bankr. E.D.N.Y. 2007) ("courts should look to the substance, as well as the form, of a series of transactions to determine whether a fraudulent transfer claim has been pleaded or proved").    Thus, Rothschild's argument that it cannot be the initial transferee because it is a legally separate entity from Radcliff and Radcliff was the account holder misses the point.

The cases Rothschild cites in support of its argument that corporate separation prevents it from being an initial transferee are either inapposite or support denial of the Motion.    As an initial matter, *In re Brown Publ. Co.*, 2015 Bankr. LEXIS 667, 2015 WL 1009177 (Bankr. E.D.N.Y. Mar. 4, 2015); *Schecter v. 5841 Bldg. Corp. (In re Hansen)*, 341 B.R. 638 (Bankr. N.D. Ill. 2006); and *Tese-Milner v. Brune (In re Red Dot Scenic, Inc.)*, 293 B.R. 116 (S.D.N.Y. 2003) all involved motions for summary judgment and a developed factual record.    None of the cases cited above involved allegations such as the Trustee makes in this case, including that the defendant asserted a direct ownership interest in the transfers.

In *In re Brown Publ. Co.*, the court determined a motion for summary judgment primarily involving claims under Ohio law, and did not address fraudulent transfer claims under section 548 of the Bankruptcy Code.    *Id.* at * 1.    The complaint sought to recover transfers made in

connection with a stock redemption agreement and subsequent novation from certain defendants who neither received payments, nor had any personal liability in connection with the agreements. *Id.* at *7. The court declined to find those defendants beneficiaries of transfers when they received no economic benefit from the transfers. *Id.* at * 7. Notably, the court did find one defendant to be a beneficiary when the transfer resulted in a reduction of its debt. *Id.*

*In re Hansen* also involved a summary judgment motion where there was a lack of evidence despite the parties being given the opportunity to take discovery. In *In re Hansen*, an officer of a company used proceeds from the sale of his home to try to keep one of his businesses afloat. *Id.* at 640. The officer, who later became the debtor, transferred money to one corporation, which subsequently transferred the money to a second entity. *Id.* at 641. The trustee brought an adversary proceeding seeking recovery of the transfer from both companies and the companies' president and majority shareholder. *Id.* The court granted summary judgment in favor of the companies' president because there was no evidence that he benefitted from the transfer. *Id.* at 644. In rendering its decision, the court stated that the plaintiff claimed that the defendant was "on the hook for [the transfers] because of [the defendant's] status as an officer and majority shareholder of [the transferee], nothing more." *Id.* at 646. The *Hansen* decision is inapposite to this case.

In this case, the Trustee's detailed allegations against Rothschild demonstrate that Rothschild controlled the BLMIS Account and asserted an ownership interest in the BLMIS Account and the transferred funds. The allegations also demonstrate that the transfers were knowingly made for the purpose of enriching Rothschild. The Trustee's allegations go far beyond merely alleging that Rothschild was the corporate parent of Radcliff. Accordingly, *In re Brown Publ. Co.*, and *In re Hansen*, simply do not apply to this case.

*In re Red Dot Scenic* supports the Trustee's Opposition to the Motion. In that case a principal caused the debtor to make transfers to the defendant despite the debtor's absence of indebtedness to the defendant. *Id.* at 119. The defendant argued that he was a subsequent transferee and that the debtor's principal was the initial transferee because the principal caused the transfer to occur. *Id.* at 119-20. The court rejected the argument and granted summary judgment to the trustee. *Id.* at 118-19. Importantly, the court stated that for avoidance purposes, the focus is on who has control over the transferred funds. *Id.* at 120. In reaching its decision, the court relied on *Gen. Elec. Capital Auto Lease, Inc. v. Broach*, 185 B.R. 801, 809 (9th BAP 1995), which stated that "[t]he party who forces a debtor to make a transfer is almost always 'the entity for whose benefit such transfer was made,' and thus is generally always subject to strict liability."

The Trustee has alleged ample facts demonstrating that Rothschild is the initial transferee. Rothchild's claim that it is not the initial transferee is a defense which is not appropriately resolved on a motion to dismiss. Its argument that the Court cannot plausibly infer that Rothschild was the initial transferee due to its status as a distinct entity from Radcliff is belied by well settled case law. Accordingly, the Motion should be dismissed.

## III.  THE TRUSTEE HAS ADEQUATELY PLED THAT ROTHSCHILD IS THE ENTITY FOR WHOSE BENEFIT THE TRANSFERS WERE MADE

The Complaint alleges that Rothschild is the initial transferee of certain transfers, or in the alternative, that Rothschild is the entity for whose benefit the transfers were made.[2] The

---

[2] Contrary to Rothschild's intimation in footnote four of the Motion, the Complaint does not allege that Rothschild is both an initial transferee and the entity for whose benefit the transfers were made. The Complaint pleads that Rothschild is the initial transferee based upon the information that the Trustee has uncovered to date, including Rothschild's representations to BLMIS that Rothschild owned the funds in the BLMIS Account. The evidence points to Rothschild as the initial transferee. However, even if Rothschild is not the initial transferee, it is the entity for whose benefit the transfers were made. The Trustee is entitled to plead theories in the alternative. *C.f.*, *Buchwald v. DiLido Beach Resort, Ltd. (In re McCann, Inc.)*, 318 B.R. 276, 289-90 (Bankr. S.D.N.Y. 2004). Thus,

Complaint alleges not only that Rothschild managed and controlled the BLMIS Account and directed the account activity, but also alleges that Rothschild claimed to own the funds in the BLMIS Account. The Complaint further alleges that BLMIS knew that Rothschild owned the funds in the BLMIS Account and that transfers were made to benefit Rothschild. The transfers would not have occurred but for the actions of Rothschild and they were made to enrich Rothschild.

In determining whether a defendant is an entity for whose benefit a transfer was made, courts recognize that:

> if the first transfer would not have been made but in contemplation of another previously agreed and nearly contemporaneous transfer, treating each stage as merely steps in a single transfer accords with and gives meaning to Congress' use of the phrase 'entity for whose benefit such transfer was made' in § 550(a)(1). In such an instance, the first step is merely preliminary to the second and the first recipient is merely a conduit for the transfer of property. The second recipient is not a truly subsequent transferee.

*Gallant v. Kanterman (In re Kanterman)*, 97 B.R. 768, 778 (Bankr. S.D.N.Y. 1989), *aff'd on other grounds*, 108 B.R. 432 (S.D.N.Y. 1989); *citing In re Universal Clearing House Co.*, 62 B.R. 118, 128 n. 10 (D. Utah 1986). "The key to pegging the entity for whose benefit the initial transfer was made has two sides: 1) the entity must be the intended beneficiary and 2) the intended benefit must originate from the initial transfer." *Gowan v. Amaranth LLC (In re Dreier LLP)*, 452 B.R. 451, 466 (Bankr. S.D.N.Y. 2011) (granting leave to amend the complaint to supplement allegations regarding the defendant's status as the entity for whose benefit the transfer was made), *quoting Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 314

---

regardless of whether Rothschild is the initial transferee or the entity for whose benefit the transfers were made, the Complaint has pled more than sufficient facts to support either theory, and the Trustee should be permitted to move forward to discovery.

(Bankr. S.D.N.Y. 1999).   The benefit to the defendant must be quantifiable and direct. *In re Dreier LLP*, 452 B.R. at 466.

Notably, in the motion to dismiss context, a defendant is not precluded from being the entity for whose benefit a transfer is made just because the defendant ultimately receives the transferred funds. *In re Allou Distributors, Inc.*, 379 B.R. at 29.   For instance, in *In re Allou Distributors, Inc.*, the court rejected the argument that a complaint should be dismissed pursuant to Rule 12(b)(6) because "an ultimate recipient of funds can never be 'the entity for whose benefit' the initial transfer was made." *Id.* at 28 (internal citation omitted).   In support of its decision, the court quoted *Stratton Oakmont, Inc.*, 234 B.R. at 314 for the proposition that at the motion to dismiss stage "all the Trustee needs to demonstrate is a possible legal theory such that he is allowed to go forward and put on evidence." *Id.* (quoting *Stratton Oakmont, Inc.*, 234 B.R. at 317-18).   The court also declined to limit for the benefit of liability only to situations involving guarantors.   *Id.*

In this case the Trustee has pled ample facts for the Court to plausibly infer that Rothschild was the entity for whose benefit the transfers were made.   The Complaint alleges that BLMIS knew the transfers were being made to benefit Rothschild, the amount of the transfers and that Rothschild directly benefitted from the transfers.   The Complaint also alleges facts which demonstrate that Rothschild was the force behind the transfers and that neither the deposits into the BLMIS Account nor the withdrawals would have occurred but for Rothschild's actions.   Thus, Rothschild fails to meet its burden and the Motion should be denied.[3]

---

[3] If the Court determines that the Trustee has not pleaded sufficient facts to establish that Rothschild is an initial transferee, or alternatively, that Rothschild is the entity for whose benefit the transfers were made, the Trustee respectfully requests leave to amend the Complaint.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny

Rothschild's Motion.

Dated: June 30, 2017
      New York, New York

Respectfully submitted,

By: /s/*Elyssa S. Kates*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Fernando A. Bohorquez, Jr.
Email: fbohorquez@bakerlaw.com
Elyssa S. Kates
Email: ekates@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L. Madoff*