# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

                      Plaintiff,

          v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                      Defendant.

In re:

MADOFF SECURITIES

12 MC 0115

**CONSENT ORDER**

PERTAINS TO CASES LISTED IN EXHIBIT A

JED S. RAKOFF, U.S.D.J.:

      On consent of (i) the defendants listed herein and on Exhibit A hereto (collectively, the "Defendants"), (ii) Irving H. Picard, as Trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, and (iii) the Securities Investor Protection Corporation ("SIPC", together with the Defendants and the Trustee, the "Parties"), the Parties agree as follows:

      1.    *Picard v. Banque Degroof SA/NV (a/k/a Banque Degroof Bruxelles a/k/a Bank Degroof SA/NV), et al.*, No. 12 cv. 8709 (JSR) (the "Banque Degroof Action"), was excluded from Exhibit A to the Order dated April 13, 2012, No. 12 MC 115 (S.D.N.Y. April 13, 2012) (ECF No. 4) (the "Stern Order"); Exhibit A to the Order dated May 16, 2012, No. 12 MC 115 (S.D.N.Y. May 12, 2012) (ECF No. 107) (the "Antecedent Debt Order"); Exhibit A to the Order

300266208

dated May 15, 2012, No. 12 MC 115 (S.D.N.Y. May 16, 2012) (ECF No. 119) (the "Section 546(e) Order"); Exhibit A to the Order dated June 6, 2012, No. 12 MC 115 (S.D.N.Y. June 7, 2012) (ECF No. 167) (the "Extraterritoriality Order"); Exhibit A to the Order dated June 23, 2012, No. 12 MC 115 (S.D.N.Y. June 25, 2012) (ECF No. 197) (the "Good Faith Order"); and Exhibit A to the Order dated August 21, 2012, No. 12 MC 115 (S.D.N.Y. August 22, 2012) (ECF No. 314) (the "550(a) Order") because the Trustee served the Summons and Complaint in the Banque Degroof Action after the April 2, 2012 deadline for filing Motions to Withdraw the Reference to the Bankruptcy Court established pursuant to the *Administrative Order Establishing Deadline for Filing Motions to Withdraw the Reference*, Adv. Pro. No. 08-01789 (BRL) (Bank. S.D.N.Y. Mar. 5, 2012) (ECF No. 4707) (the "Withdrawal Motion Deadline"), and the relevant Motion in the Banque Degroof Action was filed on November 30, 2012. The Trustee, SIPC and the moving Defendants[1] in the Banque Degroof Action hereby agree that the Stern Order as entered shall apply to the moving Defendants in the Banque Degroof Action *nunc pro tunc* to April 13, 2012; the Antecedent Debt Order as entered shall apply to the moving Defendants in the Banque Degroof Action *nunc pro tunc* to May 16, 2012; the Section 546(e) Order as entered shall apply to the moving Defendants in the Banque Degroof Action *nunc pro tunc* to May 16, 2012; the Extraterritoriality Order as entered shall apply to the moving Defendants in the Banque Degroof Action *nunc pro tunc* to June 7, 2012; the Good Faith Order as entered shall apply to the moving Defendants in the Banque Degroof Action *nunc pro tunc* to June 25, 2012; and the 550(a) Order as entered shall apply to the moving Defendants in the Banque Degroof Action

---

[1] The moving Defendants: Banque Degroof SA/NV, Banque Degroof Luxembourg S.A., Banque Degroof France SA, Degroof Gestion Institutionnelle Luxembourg S.A., Aforge Finance Holding S.A.S., Aforge Finance S.A.S., Aforge Gestion S.A.S., and Aforge Capital Management S.A.

*nunc pro tunc* to August 22, 2012. The moving Defendants in the Banque Degroof Action will be covered by the <u>Stern</u> Order, the Antecedent Debt Order, the Section 546(e) Order, the Extraterritoriality Order, the Good Faith Order, and the 550(a) Order in all respects.

2. *Picard v. Banque Cantonale Vaudoise,* No. 12-cv-08816 (the "Banque Cantonale Action"), was excluded from Exhibit A to the <u>Stern</u> Order; Exhibit A to the Antecedent Debt Order; Exhibit A to the Section 546(e) Order; Exhibit A to the Extraterritoriality Order; Exhibit A to the Good Faith Order; and Exhibit A to the 550(a) Order because the Trustee served the Summons and Complaint in the Banque Cantonale Action after the Withdrawal Motion Deadline, and the relevant Motion in the Banque Cantonale Action was filed on December 4, 2012. The Trustee, SIPC and the moving Defendants in the Banque Cantonale Action hereby agree that the <u>Stern</u> Order as entered shall apply to the Banque Cantonale Action *nunc pro tunc* to April 13, 2012; the Antecedent Debt Order as entered shall apply to the Banque Cantonale Action *nunc pro tunc* to May 16, 2012; the Section 546(e) Order as entered shall apply to the Banque Cantonale Action *nunc pro tunc* to May 16, 2012; the Extraterritoriality Order as entered shall apply to the Banque Cantonale Action *nunc pro tunc* to June 7, 2012; the Good Faith Order as entered shall apply to the Banque Cantonale Action *nunc pro tunc* to June 25, 2012; and the 550(a) Order as entered shall apply to the Banque Cantonale Action *nunc pro tunc* to August 22, 2012. The Banque Cantonale Action will be covered by the <u>Stern</u> Order, the Antecedent Debt Order, the Section 546(e) Order, the Extraterritoriality Order, the Good Faith Order, and the 550(a) Order in all respects.

3. *Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.), et al.,* No. 12-cv-08660 (the "Societe Generale Action"), was excluded from Exhibit A to the <u>Stern</u> Order; Exhibit A to the Antecedent Debt Order; Exhibit A to the

300266208

Section 546(e) Order; Exhibit A to the Extraterritoriality Order; Exhibit A to the Good Faith Order; and Exhibit A to the 550(a) Order because the Trustee served the Summons and Complaint in the Societe Generale Action after the Withdrawal Motion Deadline, and the relevant Motion in the Societe Generale Action was filed on December 5, 2012. The Trustee, SIPC and the moving Defendants[2] in the Societe Generale Action hereby agree that the Stern Order as entered shall apply to the moving Defendants in the Societe Generale Action *nunc pro tunc* to April 13, 2012; the Antecedent Debt Order as entered shall apply to the moving Defendants in the Societe Generale Action *nunc pro tunc* to May 16, 2012; the Section 546(e) Order as entered shall apply to the moving Defendants in the Societe Generale Action *nunc pro tunc* to May 16, 2012; the Extraterritoriality Order as entered shall apply to the moving Defendants in the Societe Generale Action *nunc pro tunc* to June 7, 2012; the Good Faith Order as entered shall apply to the moving Defendants in the Societe Generale Action *nunc pro tunc* to June 25, 2012; and the 550(a) Order as entered shall apply to the moving Defendants in the Societe Generale Action *nunc pro tunc* to August 22, 2012. The moving Defendants in the Societe Generale Action will be covered by the Stern Order, the Antecedent Debt Order, the

---

[2] The moving Defendants: Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.); Societe Generale Private Banking (Lugano-Svizzera) S.A. (f/k/a SG Private Banking (Lugano-Svizzera) S.A.); Socgen Nominees (UK) Limited; Lyxor Asset Management S.A., as Successor in Interest to Barep Asset Management S.A.; Societe Generale Holding de Participations S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI Premium Fund L.P. (f/k/a SG AM Alternative Diversified U.S. L.P.); Lyxor Asset Management Inc. (f/k/a SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG Audace Alternatif (f/k/a SGAM AI Audace Alternatif); SGAM AI Equilibrium Fund (f/k/a SGAM Alternative Multi-Manager Diversified Fund); Lyxor Premium Fund (f/k/a SGAM Alternative Diversified Premium Fund); Societe Generale S.A., as Trustee for Lyxor Premium Fund); Societe Generale Bank & Trust S.A.

Section 546(e) Order, the Extraterritoriality Order, the Good Faith Order, and the 550(a) Order in all respects.

4. *Picard v. Lombard Odier Darier Hentsch & Cie,* 12-cv-08858 (the "Lombard Action"), was excluded from Exhibit A to the Stern Order; Exhibit A to the Antecedent Debt Order; Exhibit A to the Section 546(e) Order; Exhibit A to the Extraterritoriality Order; Exhibit A to the Good Faith Order; and Exhibit A to the 550(a) Order because the Trustee served the Summons and Complaint in the Lombard Action after the Withdrawal Motion Deadline, and the relevant Motion in the Lombard Action was filed on December 5, 2012. The Trustee, SIPC and the moving Defendants in the Lombard Action hereby agree that the Stern Order as entered shall apply to the Lombard Action *nunc pro tunc* to April 13, 2012; the Antecedent Debt Order as entered shall apply to the Lombard Action *nunc pro tunc* to May 16, 2012; the Section 546(e) Order as entered shall apply to the Lombard Action *nunc pro tunc* to May 16, 2012; the Extraterritoriality Order as entered shall apply to the Lombard Action *nunc pro tunc* to June 7, 2012; the Good Faith Order as entered shall apply to the Lombard Action *nunc pro tunc* to June 25, 2012; and the 550(a) Order as entered shall apply to the Lombard Action *nunc pro tunc* to August 22, 2012. The Lombard Action will be covered by the Stern Order, the Antecedent Debt Order, the Section 546(e) Order, the Extraterritoriality Order, the Good Faith Order, and the 550(a) Order in all respects.

5. *Picard v. Bordier & Cie,* 12-cv-08861 (the "Bordier Action"), was excluded from Exhibit A to the Stern Order; Exhibit A to the Antecedent Debt Order; Exhibit A to the Section 546(e) Order; Exhibit A to the Extraterritoriality Order; Exhibit A to the Good Faith Order; and Exhibit A to the 550(a) Order because the Trustee served the Summons and Complaint in the Bordier Action after the Withdrawal Motion Deadline, and the relevant Motion in the Bordier

Action was filed on December 5, 2012. The Trustee, SIPC and the moving Defendants in the Bordier Action hereby agree that the <u>Stern</u> Order as entered shall apply to the Bordier Action *nunc pro tunc* to April 13, 2012; the Antecedent Debt Order as entered shall apply to the Bordier Action *nunc pro tunc* to May 16, 2012; the Section 546(e) Order as entered shall apply to the Bordier Action *nunc pro tunc* to May 16, 2012; the Extraterritoriality Order as entered shall apply to the Bordier Action *nunc pro tunc* to June 7, 2012; the Good Faith Order as entered shall apply to the Bordier Action *nunc pro tunc* to June 25, 2012; and the 550(a) Order as entered shall apply to the Bordier Action *nunc pro tunc* to August 22, 2012. The Bordier Action will be covered by the <u>Stern</u> Order, the Antecedent Debt Order, the Section 546(e) Order, the Extraterritoriality Order, the Good Faith Order, and the 550(a) Order in all respects.

SO ORDERED.

*Jed S. Rakoff*
JED S. RAKOFF, U.S.D.J.

Date: New York, New York
December 7, 2012

300266208

## EXHIBIT A

| District Court Action | Docket No. | Counsel for Moving Defendants | Relevant Consolidated Briefing Order |
|---|---|---|---|
| *Picard v. Banque Degroof SA/NV (a/k/a Banque Degroof Bruxelles a/k/a Bank Degroof SA/NV), et al.* (Moving Defendants: Banque Degroof SA/NV, Banque Degroof Luxembourg S.A., Banque Degroof France SA, Degroof Gestion Institutionnelle Luxembourg S.A., Aforge Finance Holding S.A.S., Aforge Finance S.A.S., Aforge Gestion S.A.S., and Aforge Capital Management S.A.) | 12-cv-08709-JSR | Otterbourg, Steindler, Houston & Rosen, P.C. Peter Feldman (pfeldman@oshr.com) | (1) Stern Order (2) Antecedent Debt Order (3) Section 546(e) Order (4) Extraterritoriality Order (5) Good Faith Order (6) 550(a) Order |
| *Picard v. Banque Cantonale Vaudoise* | 12-cv-08816 | Flemming Zulack Williamson Zauderer LLP John F. Zulack (Jzulack@fzwz.com) | (1) Stern Order (2) Antecedent Debt Order (3) Section 546(e) Order (4) Extraterritoriality Order (5) Good Faith Order (6) 550(a) Order |
| *Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.), et al.* (Moving Defendants: Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.); Societe Generale Private Banking (Lugano-Svizzera) S.A. (f/k/a SG Private Banking (Lugano-Svizzera) S.A.); Socgen Nominees (UK) Limited; Lyxor Asset Management S.A., as Successor in Interest to Barep Asset Management S.A.; Societe Generale Holding de Participations S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI Premium Fund L.P. (f/k/a SG AM Alternative | 12-cv-08860 | Flemming Zulack Williamson Zauderer LLP John F. Zulack (Jzulack@fzwz.com) | (1) Stern Order (2) Antecedent Debt Order (3) Section 546(e) Order (4) Extraterritoriality Order (5) Good Faith Order (6) 550(a) Order |

300266214

| | | | |
|---|---|---|---|
| Diversified U.S. L.P.); Lyxor Asset Management Inc. (f/k/a SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG Audace Alternatif (f/k/a SGAM AI Audace Alternatif); SGAM AI Equilibrium Fund (f/k/a SGAM Alternative Multi-Manager Diversified Fund); Lyxor Premium Fund (f/k/a SGAM Alternative Diversified Premium Fund); Societe Generale S.A., as Trustee for Lyxor Premium Fund; Societe Generale Bank & Trust S.A.) | | | |
| ***Picard v. Lombard Odier Darier Hentsch & Cie*** | 12-cv-08858 | Flemming Zulack Williamson Zauderer LLP<br>John F. Zulack<br>(Jzulack@fzwz.com) | (1) Stern Order<br>(2) Antecedent Debt Order<br>(3) Section 546(e) Order<br>(4) Extraterritoriality Order<br>(5) Good Faith Order<br>(6) 550(a) Order |
| ***Picard v. Bordier & Cie*** | 12-cv-08861 | Flemming Zulack Williamson Zauderer LLP<br>John F. Zulack<br>(Jzulack@fzwz.com) | (1) Stern Order<br>(2) Antecedent Debt Order<br>(3) Section 546(e) Order<br>(4) Extraterritoriality Order<br>(5) Good Faith Order<br>(6) 550(a) Order |

300266214