# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

July 7, 2017

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via ECF and Fedex**
Honorable Stuart M. Bernstein (Bernstein.chambers@nysb.uscourts.gov)
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   Adv. Pro. No. 10-05439 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Avram J. Goldberg, et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Judge Bernstein:

Counsel to the Trustee, Irving H. Picard, responds as follows to Defendants' June 28, 2017 letter.

As this Court can observe from the underlying correspondence included as exhibits to the Trustee's June 21, 2017 letter, the Trustee's counsel conferred in good faith for nearly a year on the discovery issues detailed therein. Trustee's counsel even provided Defendants' counsel with a draft of the June 21 letter, as a preview of the issues to be brought before the court. Defendants had four obligations: answer Interrogatories, respond to Requests for Production, produce documents responsive to Requests for Production, and produce documents responsive to a Rule 45 subpoena to Kahn, Litwin, Renza & Co. ("Kahn, Litwin"). To date, Defendants have only served deficient responses to Requests for Production that were nearly a year overdue and then requested yet another opportunity to confer.

Defendants' counsel does not, and cannot, justify the fact that the Interrogatory responses are long overdue, despite conferral over many months and ignoring multiple agreed deadlines. Likewise, counsel does not, and cannot, justify the fact that Kahn, Litwin's documents are long overdue. Furthermore, Defendants' counsel does not, and cannot, justify its failure to produce documents responsive to the Trustee's Requests for Production, when counsel has represented that he has been collecting them and has them in his possession. Defendants currently stand in violation of the deadlines on each of these items. Court intervention is necessary to adequately address these issues.

Hon. Stuart Bernstein
July 7, 2017
Page 2

To the extent Defendants' counsel complains that the Trustee's counsel should have further conferred on Defendants' inadequate Request for Production responses, despite nearly a year of doing so through multiple missed deadlines, Defendants have waived the right to object to the Trustee's Requests for Production due to their late-served responses. Further, Defendants may not refuse to produce documents based on what Defendants consider sufficient evidence for the Trustee to prove his case.

Finally, Defendants' counsel's suggestion that the Trustee is not prejudiced because "dozens of Madoff-related actions remain in the relatively early stages of proceedings" is a circular argument—this case is in the "early stages" solely because the Trustee has accommodated Defendants' health concerns[1] and been denied any meaningful discovery. Defendants have abused the Trustee's numerous courtesies, and it is time for them to fully answer discovery served nearly a year ago.

We look forward to discussing these issues with Your Honor at the hearing on July 26, 2017 at 10:00am.

Respectfully Submitted,

*/s/ Dean D. Hunt*

Dean D. Hunt

cc:   Eric Dowell (EDowell@pryorcashman.com)
    David Rose (DRose@pryorcashman.com)
    Richard Levy (RLevy@pryorcashman.com)

---

[1] As detailed in our July 21, 2017 letter, redactions were used in the Trustee's filing, as a courtesy to protect any privacy concerns relating to Defendants and Defendant's counsel's health.