# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------- x
:
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
:
         Plaintiff-Applicant, :
:
         v. :
:
BERNARD L. MADOFF INVESTMENT :   SIPA Liquidation
SECURITIES LLC, :   No. 08-01789 (SMB)
:   (Substantively Consolidated)
         Defendant. :
:
---------------------------------- x
:
In re :
:
BERNARD L. MADOFF, :
:
         Debtor. :
:
---------------------------------- x

**ORDER CONCERNING FURTHER PROCEEDINGS
ON TRUSTEE'S MOTION FOR LEAVE TO REPLEAD AND
<u>FOR LIMITED DISCOVERY</u>**

    WHEREAS:

    A.    In certain adversary proceedings in this Liquidation pursuant to the Securities Investor Protection Act ("SIPA"), the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered an Order, item number 197 on the docket of 12 mc 115 (JSR), in which he withdrew the reference pursuant to 28 U.S.C. § 157(d) to determine whether SIPA or the securities laws alter the standard the Trustee must meet in order to determine good faith under either 11 U.S.C. § 548(c) or 11 U.S.C. § 550(b) (the "Good Faith Issue").

B.  On April 27, 2014, Judge Rakoff entered an Opinion and Order, item number 524 on the docket of 12 mc 115 (JSR) (the "Good Faith Order"), in which he decided certain matters related to the Good Faith Issue, and returned the relevant cases to the Bankruptcy Court for disposition consistent with the Good Faith Order.

C.  On June 5, 2014, the Trustee filed a motion for leave to file an interlocutory appeal from the Good Faith Order pursuant to 28 U.S.C. § 1292, item number 544 on the docket of 12 mc 115 (JSR).  By Decision and Order dated July 17, 2014, the District Court denied the motion, item number 555 on the docket of 12 mc 115 (JSR).

D.  Concurrently, Judge Rakoff entered Orders, items number 97 and 167 on the docket of 12 mc 115 (JSR), in which he withdrew the reference pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate or mediate foreign transferees (the "Extraterritoriality Issue").

E.  On July 7, 2014, Judge Rakoff entered an Opinion and Order, item number 551 on the docket of 12 mc 115 (JSR) (the "Extraterritoriality Order"), in which he decided certain matters relating to the Extraterritoriality Issue, and returned the relevant cases to the Bankruptcy Court for disposition consistent with the Extraterritoriality Order.

F.  On August 28, 2014, the Trustee filed an Omnibus Motion Seeking Leave to Replead Pursuant to Fed. R.Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) (the "Trustee's Motion for Leave to Replead and for Limited Discovery"), *In re Bernard L. Madoff Investment Securities*, Adv. Pro. No. 08-1789 (SMB) (Bankr. S.D.N.Y. Aug. 28, 2014), ECF Nos. 7826, 7827 and 7828.

G.    On September 17, 2014, the Court held a conference to discuss further proceedings to be conducted with respect to the Extraterritoriality Order and the Trustee's Motion for Leave to Replead and for Limited Discovery and directed the parties to confer on a coordinated procedure and briefing schedule with respect to the same, ECF No. 8636.

H.    On December 10, 2014, the Court entered an Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (the "Scheduling Order"), ECF No. 8800.  The Scheduling Order was modified by the Court by subsequent Orders on January 13, 2015, February 24, 2015 and March 31, 2015, ECF Nos. 8990, 9350 and 9720.

I.    On November 22, 2016, the Court entered a Memorandum Decision concerning the Extraterritoriality Issue, ECF No. 14495.

J.    Pursuant to Paragraph 14 of the Scheduling Order, further proceedings on the Trustee's Motion for Leave to Replead and for Limited Discovery insofar as it seeks limited discovery relevant to the Good Faith Issue (the "Good Faith Limited Discovery Issue") would be scheduled by the Court following the decision on the Extraterritoriality Issue.  Pursuant to Paragraph 14 of the Scheduling Order, the Trustee would not be required to file an amended complaint until after the Court has decided the Good Faith Limited Discovery Issue.

NOW, THEREFORE, the Court being fully advised, it is hereby

ORDERED:

1.    The defendants listed on the attached Exhibit A (the "Transferee Defendants") shall have 74 days from the date of this Order to file their opposition to the Trustee's Motion for Leave to Replead and for Limited Discovery solely on the Good Faith Limited Discovery Issue.  The Transferee Defendants may file (i) a single consolidated memorandum of law, not to exceed

30 pages in length, opposing the Trustee's Motion for Leave to Replead and for Limited Discovery solely on the Good Faith Limited Discovery Issue (the "Defendants' Consolidated Opposition"), and (ii) the Transferee Defendants in each adversary proceeding may file a single supplemental memorandum of law, not to exceed 12 pages in length, to the Trustee's Motion for Leave to Replead and for Limited Discovery solely on the Good Faith Limited Discovery Issue, addressing individualized facts and issues relevant to the Trustee's request for limited discovery of the particular Transferee Defendant(s) (the "Defendants' Supplemental Opposition"). Briefing on any (a) individual assertion of personal jurisdiction or (b) whether production would (i) violate the secrecy and privacy laws of foreign sovereigns or (ii) circumvent the provisions of the Hague Convention on Taking Evidence Abroad in Civil and Commercial Matters and/or any other applicable convention or treaty (collectively, "Individual Discovery Objections") shall not be included in the Defendants' Supplemental Oppositions, but shall instead be deferred as explained in paragraph 3. Briefing on the portion of the Trustee's Motion for Leave to Replead and for Limited Discovery relating to the issue of whether the Trustee shall be permitted to replead the complaints in each adversary proceeding against the Transferee Defendants to add allegations relevant to the Good Faith Issue (the "Leave to Replead Issue") shall be deferred and scheduled pursuant to paragraph 4.

    2.    On or before 119 days from the date of this Order, the Trustee may file (i) a consolidated reply memorandum of law, not to exceed 30 pages in length, in further support of the Trustee's Motion for Leave to Replead and for Limited Discovery solely on the Good Faith Limited Discovery Issue (the "Trustee's Consolidated Reply Memorandum"), and (ii) a supplemental reply, not to exceed 12 pages in length, to the Defendants' Supplemental Opposition filed in any particular adversary proceeding, if any, addressing individualized facts

and issues relevant to the Trustee's request for limited discovery of the particular Transferee Defendant(s) (the "Trustee's Supplemental Reply").

3. Issues with respect to any Transferee Defendant's Individual Discovery Objections shall be expressly preserved, and briefing of such issues shall be deferred until after the Court enters a decision on the Good Faith Limited Discovery Issue and the Trustee serves any Court-authorized limited discovery demands on any particular Transferee Defendant.

4. Further briefing and proceedings on the Trustee's Motion for Leave to Replead and for Limited Discovery relating to the Leave to Replead Issue shall be deferred and scheduled (i) after the Court enters a decision on the Trustee's Motion for Leave to Replead and for Limited Discovery on the Good Faith Limited Discovery Issue, and (ii) if any such limited discovery on the Good Faith Issue is granted, after such discovery is completed by the parties.

5. Nothing in this Order, the exhibits hereto, or the proceedings pursuant to this Order shall waive or resolve any issue raised or that could be raised by any party other than the issues set forth is paragraph 1. Without limitation, nothing in this Order, the exhibits hereto, or the proceedings pursuant to this Order shall limit, restrict, or impair any defense, right, or argument that has been raised or could be raised by any defendant in a motion to dismiss under Fed. R.Civ. P. 12 or Fed. R. Bankr. P. 7012, or any other defense, right, or argument of any nature available to any defendant not previously waived (including, without limitation, all defences based on lack of personal jurisdiction or insufficient service of process), or any defense, right, or argument that could be raised by the Trustee in response thereto.

6. The Defendants' Consolidated Opposition and the Trustee's Consolidated Reply Memorandum shall be filed in the main adversary proceeding in accordance with the deadlines set forth in paragraphs 1 and 2, respectively, and shall be filed in each adversary proceeding

listed in Exhibit A within two business days of filing in the main adversary proceeding. The Defendants' Supplemental Oppositions and the Trustee's Supplemental Replies shall be filed in accordance with the deadlines set forth in paragraphs 1 and 2, respectively, in the main adversary proceeding and each adversary proceeding listed in Exhibit A in which the Transferee Defendant to which it relates is a party. All such filings shall be made with a docket entry referring to the "Trustee's Motion for Leave to Replead and for Limited Discovery," with copies delivered by hand to the Court, and such filing shall constitute good and sufficient service of such papers on all parties.

7. The Court will hold oral argument on the Trustee's Motion for Leave to Replead and for Limited Discovery solely on the Good Faith Limited Discovery Issue on a date to be fixed by the Court (the "Hearing Date").

8. No later than one week after filing the Defendants' Consolidated Opposition, the Transferee Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request.

9. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings listed in Exhibit A and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a common interest privilege.

10. Nothing in this Order shall constitute an agreement or consent by any defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee.

11. This Order may be modified by the Court sua sponte or at the request of any party

for good cause shown.

Dated: New York, New York
       July __, 2017

                              SO ORDERED.

                              _____
                              THE HONORABLE STUART M. BERNSTEIN
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**Defendants Subject to Trustee's Motion for Limited Discovery**
**Exhibit A**

| Adv. Pro. No. | Case Name | Defendant(s) |
| --- | --- | --- |
| 10-04287 | Picard v. Cardinal Management Inc. | Cardinal Management Inc. |
| 10-04330 | Picard v. Square One Fund Ltd. | Square One Fund Ltd. |
| 10-04457 | Picard v. Equity Trading Fund | Equity Trading Fund, Ltd. Equity Trading Portfolio Ltd. |
| 10-04471 | Picard v. Citrus Investment Holdings, Ltd. | Citrus Investment Holdings, Ltd. |
| 10-05120 | Picard v. Oréades SICAV | Oréades SICAV, represented by its liquidator, Inter Investissements S.A. |
| 10-05345 | Picard v. Citibank, N.A. | Citibank N.A. Citibank North America, Inc. |
| 10-05353 | Picard v. Natixis S.A. | Natixis Financial Products LLC (as successor-in-interest to Natixis Financial Products Inc.) |
| 10-05354 | Picard v. ABN AMRO Bank, N.A. (Royal Bank of Scotland) | ABN AMRO Bank N.A. |
| 10-05355 | Picard v. ABN AMRO Bank (Ireland) Ltd. | ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) |
| 11-02149 | Picard v. Banque Syz & Co., SA | Banque Syz & Co., SA |
| 12-01273 | Picard v. Mistral (SPC) | Mistral (SPC) |
| 12-01278 | Picard v. Zephyros Limited | Zephyros Limited |

| Adv. Pro. No. | Case Name | Defendant(s) |
|---|---|---|
| 12-01698 | Picard v. Banque Internationale à Luxembourg S.A. | RBC Dexia Investor Services Trust |
| 12-01699 | Picard v. Royal Bank of Canada | Guernroy Limited<br>RBC Alternative Assets, L.P.<br>Royal Bank of Canada |