# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

July 12, 2017

**VIA ECF AND EMAIL: bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:    *In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

We write on behalf of the good-faith Defendants represented by Chaitman LLP ("Defendants"). Enclosed please find our redline of the proposed order submitted by the Trustee concerning the Court's rulings on May 31, 2017 and June 29, 2017. I think it is important for the Court to understand that none of our clients is able to enter into the stipulation suggested by Magistrate Judge Maas because many of the facts the Trustee wants the defendants to stipulate to are not accurate. In any event, we are happy – as we have always done – to work with the Trustee to stipulate to those facts which we do not dispute.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Encl.

cc:    (*via ECF and Email w/encl.*)
       Nicholas Cremona (ncremona@bakerlaw.com)

{00031623 1 }

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor.<br><br>IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br>  v.<br><br>DEFENDANTS REPRESENTED BY CHAITMAN LLP,<br><br>    Defendants. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**[PROPOSED] ORDER IMPLEMENTING THE COURT'S MAY 31, 2017 AND JUNE 29, 2017 BENCH RULINGS ON MULTIPLE DISCOVERY DISPUTES**

  THIS MATTER having come before the Court on the request of counsel for Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., and the estate of Bernard L. Madoff, and counsel for the Defendants represented by Chaitman LLP, with respect to (i) Defendants' Request for Single Date for Service of

Rebuttal Expert Reports, dated March 2, 2017 [ECF No. 15104], (ii) Trustee's Application to Quash Subpoenas on 10 Former BLMIS Traders, dated March 21, 2017 [ECF No. 15393]; (iii) Trustee's Applications Requesting the Adoption of the Discovery Arbitrator's Orders, dated April 5, 2017 and May 25, 2017 [ECF Nos. 15667 and 16079], and the Court having held hearings on May 31, 2017 at 10:00 a.m. and June 29, 2017 at 11:00 a.m. (the "Hearings"), at which all parties were present; the Court having heard argument from the parties present at the Hearings; and the Court having directed the Trustee to settle a proposed order on notice consistent with the bench rulings issued during the Hearings, as set forth in the transcripts from the Hearings, it is hereby:

1. ORDERED that the service deadlines for expert reports served by any Defendant represented by Chaitman LLP that is participating in the deposition of Bernard L. Madoff, and in which expert discovery was not closed as of July 7, 2016, will be determined and ordered by this Court following the completion of the Deposition of Bernard L. Madoff, and it is further

2. ORDERED that, with respect to the ten (10) subpoenas served by Defendants on former BLMIS traders, any and all compliance with those subpoenas, including testimony and document productions, is to be held in abeyance pending further consideration and order of this Court following the completion of the Deposition of Bernard L. Madoff, and it is further

3. ORDERED that subpoenas of former BLMIS traders that have yet to be served may be served, however, any and all compliance with the anticipated subpoenas, including testimony and document productions, is to be held in abeyance pending further consideration and order of this Court following the completion of the Deposition of Bernard L. Madoff, and it is further

2

4. ORDERED that the Court adopts and applies to all Defendants represented by Chaitman LLP the Discovery Arbitrator's Order dated January 5, 2017 [ECF No. 14808], which states as follows:

> At least three days before any of the Defendants is deposed, the Trustee shall furnish Chaitman LLP with pre-marked copies of the exhibits that the Trustee intends to show the witness, along with electronic copies of the exhibits.

And it is further

5. ORDERED that the Court adopts and applies to all Defendants represented by Chaitman LLP the Discovery Arbitrator's Order dated January 9, 2017 [ECF No. 14819], as follows:

> Unless the Court otherwise directs, any deposition of any of the Defendants represented by Chaitman LLP shall be limited to a maximum of four hours.

And it is further

6. ORDERED that the Court adopts and applies to all Defendants represented by Chaitman LLP Paragraphs A1-A7 and C1 of the Discovery Arbitrator's Amended Order, dated January 9, 2017 [ECF No. 14820], which states as follows:

> A1. Baker Hostetler, counsel for the Trustee, and Chaitman LLP, counsel for the Defendants, shall endeavor, insofar as possible, to apply these rulings regarding discovery issues to other comparable adversary proceedings, including, but not limited to adversary proceedings in which Chaitman LLP represents the defendants;
>
> A2. Insofar as possible, the parties represented by Chaitman LLP in adversary proceedings shall stipulate as follows:
>
>> In connection with any motion practice, trial, or appeal, the Defendants: (a) will not challenge the accuracy or completeness of the deposit and withdrawal related information set forth in columns 1 through 5 of Exhibit B to the Trustee's complaint; (b) concede that the funds reflected in Column 5 of Exhibit B were withdrawn from the Defendants' BLMIS account and received by the account holder; and (c) shall withdraw the Defendants' Twentieth Affirmative Defense, alleging that the Trustee has "fraudulently calculated the Defendants' liability" by charging the Defendants with "withdrawals that the Trustee has no proof were taken," Twenty-Seventh Affirmative Defense,

3

        alleging that the Trustee failed to credit properly "inter-account transfers, profit withdrawals, and other adjustments," and Forty-Sixth Affirmative Defense, alleging that the Trustee failed to credit properly "all of the Defendants' deposits."

A3.    In adversary proceedings in which the parties enter into the foregoing stipulation, the Defendants need not supplement their prior answers to the Trustee's interrogatories concerning: (a) the persons or entities that directly or indirectly received funds withdrawn from the Defendants' account and the amounts received; (b) the use of the funds received; (c) the banks or other institutions where the Defendants held accounts; and (d) instances in which the Defendants challenged the accuracy of the deposit or withdrawal information on the Defendants' BLMIS account statement; Notwithstanding the foregoing language, as this Court has previously ruled, the Defendants are not required to disclose any information about or leading to the discovery of subsequent transferees unless that information is related to an affirmative defense that the Defendants are asserting.

A4.    In adversary proceedings in which the Defendants disagree with any of the dates, deposits, or withdrawals set forth in Exhibit B to the Trustee's complaint, counsel shall confer in an effort to stipulate, insofar as possible, to information therein which will not be contested and to discuss the effect of that stipulation on the Defendants' affirmative defenses. In such proceedings, after the parties have had an opportunity to confer, the Court will rule with respect to the effect of any stipulation on the discovery sought by the Trustee;

A5.    Any affirmative defenses that are withdrawn by stipulation may not later be reasserted in connection with any motion practice, trial, or appeal;

A6.    Within the time set forth in the applicable case management order for the production of documents by the Defendants, ten days after the entry of this Order, the Defendants shall produce any documents within their possession, custody, or control that relate to any remaining affirmative defenses that the Defendants assert. Any such documents that the Defendants have failed to produce within that time period may not be used by the Defendants for any purpose in connection with any motion practice, hearing, or trial, and

A7.    Any documents that the Defendants or the Trustee receive from any third-party custodian in connection with an adversary proceeding in which Chaitman LLP represents the Defendant must be made available to opposing counsel within ten days after their receipt,

C1.    Any Defendant who intends to rely on the report or declaration of an accountant or other expert in support of Defendants' Sixteenth Affirmative Defense, relating to the payment of taxes on fictitious profits reported by BLMIS or Madoff to the Internal Revenue Service, must promptly produce, when the expert report or declaration is due, to the Trustee for the relevant years: (a) the first two pages of Defendants' personal federal income tax returns; (b) any Schedules B and

        D and Forms 6251 and 6801 annexed to those returns; and (c) comparable information from any amended returns that were filed after 2008 to

4

recover capital gains taxes paid. If trust returns were filed during any such years, any Defendant must produce to the Trustee: (a) any Form 1041 returns; and (b) any Schedules D and E annexed to those returns; and (c) comparable information from any amended returns that were filed after 2008 to recover capital gains taxes -paid. Any Defendant also must produce any other documents upon which his accountant or other expert relied. ~~This tax return information and other documentation must be produced no later than the date Defendant furnishes the report or declaration of the accountant or other expert to the Trustee.~~ If Defendant has previously furnished such a report or declaration to the Trustee, Defendant must produce the additional documents required by this Order within ten days of the date hereof.

And it is further

7. ORDERED that where the deadline for Defendants to respond to discovery requests served by the Trustee has not yet expired, Defendants must, by the stated deadline to respond to the discovery requests, or as pursuant to FRCP 34(b)(2)(B), another reasonable time specified in the response, either (a) fully respond to and produce all discovery responsive to the Trustee's discovery requests, or (b) provide to the Trustee a stipulation that adheres, insofar as possible, to the criteria set forth in Paragraph A2 of the Discovery Arbitrator's Amended Order, dated January 9, 2017 [ECF No. 14820] ("Paragraph A2"), and it is further

8. ORDERED that where the deadline for Defendants to respond to discovery requests served by the Trustee has expired, in accordance with the Discovery Arbitrator's Order dated January 4, 2017 [ECF No. 14808], Defendants have thirty~~ten~~ (30~~10~~) days from the entry of this Order, or another reasonable time as agreed between counsel, to either (a) fully respond to and produce all discovery responsive to the Trustee's discovery requests, or (b) provide to the Trustee a stipulation that adheres, insofar as possible, to the criteria set forth in Paragraph A2, and it is further

9. ORDERED that where the deadline for Defendants to respond to discovery requests served by the Trustee has expired and Defendants have not, within thirty (30) days from the entry of this Order, or another reasonable time as agreed between counsel, either (a) fully responded to and produced all discovery responsive to the Trustee's discovery requests, or

5

(b)  provided the Trustee with a stipulation that adheres, insofar as possible, to the criteria set forth in Paragraph A2, the Trustee is authorized to make a motion compelling the Defendants to respond to and produce discovery responsive to the Trustee's discovery requests, and it is further

10.    ORDERED, that this Court shall retain jurisdiction over all matters relating to the enforcement, implementation, and interpretation of this Order.

SO ORDERED

Dated: _____, 2017         HON. STUART M. BERNSTEIN
                                UNITED STATES BANKRUPTCY JUDGE