**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Movant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br>  Plaintiff,<br>  v.<br><br>THE LUSTIG FAMILY 1990 TRUST; and DAVID I. LUSTIG, individually and in his capacity as Trustee for The Lustig Family 1990 Trust, | Adv. Pro. No.: 10-04417 (SMB) |

|  |  |
|---|---|
| Defendants | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>      Plaintiff,<br> v.<br><br>DAVID IVAN LUSTIG,<br><br>      Defendant. | Adv. Pro. No. 10-04554 (SMB) |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>MOTION FOR RECONSIDERATION</u>**

## TABLE OF CONTENTS

**PAGE**

I. PRELIMINARY STATEMENT ..................................................................................................1

II. LEGAL STANDARD ...........................................................................................................2

III. ARGUMENT ......................................................................................................................2

    A. Defendants Cannot Satisfy the Standard for Reconsideration under Rule 60(b)(1) ...............................................................................................................2

        1. There is No Mistake of Law or Fact as to Affirmative Defenses Eight and Nine – Equitable Defenses ...................................................................4

        2. There is No Mistake of Law or Fact as to Affirmative Defense Ten – Single Satisfaction Rule ........................................................................7

        3. There is No Mistake of Law or Fact as to Affirmative Defense Eleven – Recoupment .......................................................................................9

    B. No Exceptional Circumstances Warrant Reconsideration .......................................10

IV. DISCOVERY SHOULD NOT BE STAYED .....................................................................11

V. CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

                                                                                                            **Page(s)**

**Cases**

*In re A.R. Baron Co., Inc.*,
   226 B.R. 790 (Bankr. S.D.N.Y. 1998) ................................................................................8

*Alford v. City of N.Y.*,
   2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) ............................................................11

*Bakst v. Sawran (In re Sawran)*,
   359 B.R. 348 (S.D. Fl. 2007) ...............................................................................................7

*Bear, Stearns Securities Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*,
   397 B.R. 1 (S.D.N.Y. 2007) .................................................................................................6

*In re Bernard L. Madoff Inv. Sec., LLC*,
   No. 16-413-BK(L), 2017 WL 2376567 (2d Cir. June 1, 2017) ..........................................10

*Bonded Financial Servs. v. European Am. Bank*,
   838 F.2d 890 (7th Cir. 1988) ................................................................................................6

*In re Bulk Oil (USA) Inc.*,
   No. 89-B-13380, 2007 WL 1121739 (S.D.N.Y. Apr. 11, 2007) ..................................2, 3, 9

*Christy v. Alexander & Alexander of New York (In re Finley, Kumble, Wagner,
   Heine, Underberg, Manley, Myerson & Casey)*,
   130 F.3d 52 (2d Cir.1997) ....................................................................................................6

*Fetik v. N.Y. Law School*,
   97 Civ. 7746, 1999 WL 459805 (S.D.N.Y. June 29, 1999) .................................................3

*Harrison v. Brent Towing Co. (In re H & S Transp. Co.)*,
   110 B.R. 827 (M.D.Tenn.1990) ...........................................................................................7

*Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*,
   297 F.R.D. 69 (S.D.N.Y. 2013) .........................................................................................11

*Kruse v. Bricklayers and Allied Craftsman Local 2 Annuity Fund (In re BLMIS)*,
   708 F.3d 422 (2d Cir. 2013) .................................................................................................8

*Kusch v. Mishkin*,
   1998 WL 551972 ................................................................................................................10

*Matura v. United States*,
   189 F.R.D. 86 (S.D.N.Y. 1999) .......................................................................................2, 3

*McCord v. Agard (In re Bean)*,
   252 F.3d 113 (2d Cir. 2001)..................................................................................................7

*Nemaizer v. Baker*,
   793 F.2d 58 (2d Cir. 1986)..............................................................................................2, 10

*New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*,
   351 F.3d 86 (2d Cir. 2003)....................................................................................................5

*Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   499 B.R. 416 (S.D.N.Y. 2013)..............................................................................................5

*Solow v. Kalikow (In re Kalikow)*,
   602 F.3d 82 (2d Cir. 2010)....................................................................................................5

*Terry v. Meredith (In re Meredith)*,
   367 B.R. 558 (E.D. Va. 2007)...............................................................................................7

*Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*,
   843 F.3d 561 (2d Cir. 2016)................................................................................................10

*United States v. Int'l Bhd. of Teamsters*,
   247 F.3d 370 (2d Cir. 2001)..................................................................................................2

*United States v. Sutton*,
   786 F.2d 1305 (5th Cir.1986) ...............................................................................................5

**Statutes**

11 U.S.C. § 105(a) .................................................................................................................4, 5

**Rules**

FED. R. CIV. P. 26(c) ...................................................................................................................11

Federal Rule of Civil Procedure 60(b).........................................................................1, 2, 9, 10, 11

Federal Rules of Bankruptcy Procedure Rule 9024.......................................................................1

Federal Rules of Bankruptcy Procedure Rule 9094.......................................................................2

Rule 60(b)(1)..................................................................................................................2, 3, 6, 9

Rule 60(b)(6)..................................................................................................................................2

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA") and the estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in opposition to The Lustig Family 1990 Trust and David Ivan Lustig's (collectively, "Defendants") motion for reconsideration (the "Motion for Reconsideration") of the June 13, 2017 Order Granting Partial Summary Judgment Striking Affirmative Defenses (the "Summary Judgment Order") entered in *Picard v. The Lustig Family 1990 Trust, et al.,* Adv. Pro. No. 10-04417 and *Picard v. David Ivan Lustig*, Adv. Pro. No. 10-04554 (the "Adversary Proceedings").[1]

## I. PRELIMINARY STATEMENT

Defendants fail to demonstrate that they are entitled to reconsideration under Federal Rule of Civil Procedure 60(b) and Rule 9024 of the Federal Rules of Bankruptcy Procedure. The Memorandum Decision Granting Partial Summary Judgment Striking Certain Affirmative Defenses (the "Memorandum Decision") and the Summary Judgment Order make clear that this Court is familiar with both the underlying facts and the law governing the affirmative defenses.[2] The Court made no mistakes of law or fact—let alone any "critical" mistakes—and there is no other reason justifying the relief sought by Defendants. The Motion for Reconsideration is nothing more than an attempt to repackage the same arguments that this Court previously heard, considered and found unpersuasive in its well-reasoned Summary Judgment Order.

Defendants' Motion for Reconsideration should be denied.

---

[1] *See* Order Granting Partial Summary Judgment Striking Affirmative Defenses (Lustig Trust Dkt. No. 83; Lustig Dkt. No. 85).
[2] *See* Memorandum Decision Granting Partial Summary Judgment Striking Certain Affirmative Defenses (Lustig Trust Dkt. No. 82; Lustig Dkt. No. 84).

1

## II.    LEGAL STANDARD

Defendants bear the burden of proving their assertion that they are entitled to "extraordinary" relief under clauses (1) and (6) of Federal Rule of Civil Procedure 60(b) and Rule 9094 of the Federal Rules of Bankruptcy Procedure. Under Rule 60(b)(1), a court may relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b). Rule 60(b)(6) provides relief for any other reason justifying relief from the operation of judgment. FED. R. CIV. P. 60(b). If, however, the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6). *Matura v. United States*, 189 F.R.D. 86, 90 (S.D.N.Y. 1999). Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme hardship, and when the asserted grounds for relief are not recognized in clauses (1)—(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)(citations omitted).

A motion pursuant to Rule 60(b) is generally not favored and is properly granted "only upon a showing of exceptional circumstances" by the moving party. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *Nemaizer*, 793 F.2d at 61; *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *9 (S.D.N.Y. Apr. 11, 2007). Defendants fail to prove they are entitled to extraordinary relief, and the Motion for Reconsideration should be denied.

## III.    ARGUMENT

### A.    Defendants Cannot Satisfy the Standard for Reconsideration under Rule 60(b)(1)

Nothing in this Court's Memorandum Decision or Summary Judgment Order constitutes a "mistake" under Rule 60(b)(1). Rule 60(b)(1) provides relief from a material mistake that

2

would change the outcome of the court's judgment. *Matura,* 189 F.R.D. at 89; *Fetik v. N.Y. Law School*, 97 Civ. 7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999) (declining to provide relief under Rule 60(b)(1) where movant did not show "any material issue of fact or law overlooked by the Court"). Rule 60(b)(1) does not, however, grant an additional opportunity to make arguments or attempt to win a point already "carefully analyzed and justifiably disposed." *Matura*, 189 F.R.D. at 90. Moreover, courts should not "reconsider issues already examined simply because [Defendants are] dissatisfied with the outcome of [their] case. To do otherwise would be a waste of judicial resources." *Id.*

This Court carefully considered the issues presented by the Trustee and Defendants and entered summary judgment dismissing the affirmative defenses. Defendants had adequate time and opportunity to present arguments in support of their affirmative defenses. Defendants filed numerous letters with the Court outlining the arguments in favor of their affirmative defenses. In addition, Defendants responded to the Trustee's Motion to Strike by filing a 42 page memorandum of law along with more than 300 pages of exhibits. This Court held a hearing on the Motion to Strike and entertained arguments from Defendants and the Trustee. While Defendants may disagree with this Court's conclusions, their dissatisfaction with the judgment does not constitute sufficient justification for a finding that it was mistakenly decided within the meaning of Rule 60(b)(1). *See In re Bulk Oil*, 2007 WL 1121739, at *10.

It is important to note that Defendants' arguments in the Motion for Reconsideration are largely based on an incorrect premise. While this Court "assume[d] solely for the purposes of the motion that the series of transfers occurred as the [ ] Defendants claim, the fictitious profits they withdrew were subsequently deposited by the Funds in their own BLMIS accounts, and the value of those accounts was effectively zero when the Madoff scandal was revealed," (Memorandum

3

Decision at 5), neither the Court nor the Trustee conceded that "Defendants never actually received any of the money." (Motion for Reconsideration at 2). In fact, this Court stated quite the opposite: "Defendants withdrew their funds, obtained complete dominion and control over the money and were free to use it as they saw fit." (Memorandum Decision at 17). Defendants cannot use the argument that they never received money from BLMIS in support of their Motion for Reconsideration.

    1.    <u>There is No Mistake of Law or Fact as to Affirmative Defenses Eight and Nine – Equitable Defenses</u>

Defendants argue that the Summary Judgment Order dismissing the equitable defenses under § 105(a) is incorrect based on what they call the Court's "fundamentally flawed 'double credit' analysis." (Motion for Reconsideration at 6). As noted by Defendants, the Court assumed for purposes of the Memorandum Decision that the $2,000,000 and $5,000,000 withdrawn by Defendants was actually deposited/reinvested back into BLMIS through the Senator Fund and the Broad Market Fund (the "Funds"). Defendants admit that the $2,000,000 and $5,000,000 withdrawn from their BLMIS accounts were fictitious profits, and that they made the decision to reinvest the money with Lakeview Investment L.P. ("Lakeview").[3] As the Court notes, Defendants were "in no different economic position than any other customer who withdrew funds from his BLMIS account and invested those funds in a business that failed." (Memorandum Decision at 17.) Defendants' theory of "equity," that the money they invested in Lakeview was fictitious profit as opposed to principal and therefore could not form the basis for customer credits to the Funds, but should provide Defendants with an offset to their liability in the Adversary Proceedings, is self-serving and unsupportable.

---

[3] Defendants incorrectly believe that the Court assumed "Defendants never received any of the money", which is untrue, as recognized by the Court (Motion for Reconsideration at 2; Memorandum Decision at 17).

4

Defendants' only source of authority is a citation to Judge Rakoff's Antecedent Debt Decision that states "the funds at issue are still other people's money, and shifting them among accounts, whether those accounts are owned by the same person or entity…does not morph those funds into actual new principal." *Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 499 B.R. 416, 428-29 (S.D.N.Y. 2013) ("Antecedent Debt Decision"). The Antecedent Debt Decision does not apply to these facts. This Court recognized that Defendants withdrew fictitious profits, and then made the decision to reinvest that money in a separate investment vehicle, which may have invested the money in the Funds, which may have invested the money with BLMIS. The portion of the Antecedent Debt Decision cited by Defendants relates to inter-account transfers between one party's various BLMIS accounts, not the complicated set of transactions entered into by Defendants. *See id.* This Court's analysis in the Memorandum Decision was not based on any mistake of fact, and its decision that Funds, not the Defendants, are the net losers entitled to credits based on their deposits is sound.

Similarly, the Court's analysis was not based on any mistake of law. Defendants fail to cite any legal authority conflicting with this Court's finding that Section 105(a) "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity," (Memorandum Decision at 9) (citing *Solow v. Kalikow (In re Kalikow),* 602 F.3d 82, 96 (2d Cir. 2010) (internal citation and quotation omitted); *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.),* 351 F.3d 86, 92 (2d Cir. 2003) (quoting *United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986)). Defendants also neglect to provide any support for broadening the scope of section 105(a) to create the substantive rights they seek, because granting equitable credit would require a much more expansive reading of section 105(a) than is

5

supported by the law, or any other courts, including this Court's ruling on eighteen motions affirming the Trustee's determination that claimants who do not directly invest in a BLMIS account are not customers under SIPA.

As an avenue of last resort, Defendants insist, but fail to prove, they are nothing more than "mere conduits" of the fraudulent transfers, so should not be liable for their return. The Second Circuit's protection of "mere conduits" extends only to a recipient who either serves solely as "a party that receives the money *merely* to pass it on to a third-party" or may not "exercise dominion over the funds at issue and [is not] able to put them to 'his own purposes' even if [the recipient] is not a 'mere conduit' in the standard sense of the term." *Bear, Stearns Securities Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.),* 397 B.R. 1, 14-15 (S.D.N.Y. 2007) (citing *Bonded Financial Servs. v. European Am. Bank*, 838 F.2d 890, 891 (7th Cir. 1988) and *Christy v. Alexander & Alexander of New York (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*), 130 F.3d 52, 58 (2d Cir.1997)). Defendants meet neither of these criteria and admit that they had dominion and control over their withdrawals from BLMIS before making the decision to invest in Lakeview. As a result, the Court made no mistake of fact or law in determining that Defendants may not take advantage their equitable defenses.

Defendants do not argue that there has been an intervening change of controlling law, and they do not offer any new evidence or point to facts which were overlooked by the Court. Instead, Defendants simply disagree with the Court's decision, which fails to justify Rule 60(b)(1) relief.

6

2. <u>There is No Mistake of Law or Fact as to Affirmative Defense Ten – Single Satisfaction Rule</u>

Defendants argue that this Court was mistaken in finding that the Funds returned the money to BLMIS as initial transferees because the Funds are actually subsequent transferees of the fictitious profits Defendants withdrew from BLMIS. (Motion for Reconsideration at 11). Again Defendants are wrong. As recognized by the Court, the "Trustee sued the Funds as initial transferees based on their withdrawals from their BLMIS accounts," and never "as subsequent transferees" of Defendants, who are fully liable for "the initial transfers that they received from BLMIS." (Memorandum Decision at 12-13).

Defendants assert that *Bakst v. Sawran (In re Sawran),* 359 B.R. 348 (S.D. Fl. 2007), is instructive on this point, but the *Sawran* decision wholly validates this Court's position, stating that "Section 550(d) typically arises in a situation where a partial recovery is obtained from an initial transferee of the avoided transaction, and a trustee then seeks to obtain further recovery from a subsequent transferee." *Id.* at 351 (citing *Harrison v. Brent Towing Co. (In re H & S Transp. Co.),* 110 B.R. 827, 832 (M.D.Tenn.1990)). The Florida bankruptcy court specifically found that to the extent the subsequent transferees "made prepetition payments to the Debtor [totaling $12,000], the preferential transfer to the initial transferee has been satisfied." *Id.* at 353.

In addition to *Sawran,* Defendants, for the first time, rely on two other cases to assert that § 550(d) bars the Trustee from recovering the "value" of their Lakeview investment, because the Trustee had "already taken possession of, and liquidated, the very property that it now seeks the 'value' of from" Defendants. *Terry v. Meredith (In re Meredith)*, 367 B.R. 558, 563 (E.D. Va. 2007) (involving efforts to recover from debtor's wife for value of debtor's accounting practice, which the Chapter 7 trustee already possessed); *see also McCord v. Agard (In re Bean),* 252 F.3d 113, 117 (2d Cir. 2001) (finding that trustee was "entitled to recover only the equity [the debtor]

7

held in the [p]roperty the day he filed for bankruptcy," and he already recovered that amount directly from the debtor himself). Defendants' reliance on these cases to argue that the Trustee is seeking a double satisfaction of funds owed is entirely misplaced, as none of the cases involve a debtor subject to a SIPA liquidation proceeding with two separate estates: the customer estate and the general estate. *See In re A.R. Baron Co., Inc.*, 226 B.R. 790, 794 (Bankr. S.D.N.Y. 1998).

These cases also address direct contractual relationships with the debtor, but no comparable relationship exists here, as evidenced by the convoluted fact pattern espoused by Defendants. Contrary to their misleading characterizations, Defendants did not return money to the BLMIS estate. Rather, Defendants invested in a wholly separate entity, Lakeview, which in turn may have invested indirectly, through additional wholly separate entities, who may have then invested with BLMIS. Lakeview had no direct contractual relationship with BLMIS; it is not a customer of BLMIS and to view Lakeview as such "would stretch the word 'customers' 'wholly beyond [the] limits'" of its understood meaning." *Kruse v. Bricklayers and Allied Craftsman Local 2 Annuity Fund (In re BLMIS),* 708 F.3d 422, 427 (2d Cir. 2013) (internal citation omitted) (affirming that investors in feeder funds, which in turn invested in a BLMIS account, were not themselves BLMIS customers, and because they were not customers, the investors could not pursue separate claims on the customer estate to the extent of their personal net equity).[4] Defendants' proper channel for recovery of any money invested with Lakeview is from Lakeview and any other third-party investment vehicles through which Defendants allegedly reinvested in BLMIS. As the Court notes, Defendants have already recovered at least

---

[4] This Court also granted at least eighteen motions by the Trustee to affirm his determinations that claimants who did not directly invest in a BLMIS account are not customers under SIPA.

8

$792,654 from Lakeview. By attempting to evade the Trustee's recovery effort while simultaneously recovering from Lakeview, it is Defendants who seek a double recovery.

Defendants' protests that the Court's ruling "defies common sense" and is "incorrect because it unfortunately elevates form over substance" lack merit and should not form a basis for the Court to reconsider the Summary Judgment Order. These are not the kind of "exceptional circumstances" which warrant Rule 60(b)(1) relief.

>   3.   There is No Mistake of Law or Fact as to Affirmative Defense Eleven – Recoupment

This Court concluded that the recoupment defense "is not available to the Lustig Defendants because the parties' claims arise from different transactions." (Memorandum Decision at 14). Defendants have not identified any mistake of law or fact made by the Court in determining that the recoupment defense does not apply. Instead, Defendants simply disagree with the Court's determination of what constitutes a "single set of transactions" or a "single integrated transaction." (Motion for Reconsideration at 14). Such a disagreement is insufficient to warrant relief under Rule 60(b). *See In re Bulk Oil*, 2007 WL 1121739, at *10.

Defendants also incorrectly contend that they never "actually received any of the money." (Motion for Reconsideration at 15). This is not true. Defendants had complete dominion and control over the withdrawals, and acknowledge that while the $5,000,000 was transferred into a bank account held by David Lustig on July 24, 2007, Lustig did not transfer the money to Lakeview until July 30, 2007. Similarly, Defendants admit that the $2,000,000 withdrawal that was transferred into Lustig's Fiserv account on July 25, 2007, was not transferred to Lakeview until August 1, 2007. As stated in the Memorandum Decision:

> Defendants withdrew their funds, obtained complete dominion and control over the money and were free to use it as they saw fit. No one forced them to invest in Lakeview, and they are in no different economic position than any other customer who withdrew funds

9

> from his BLMIS account and invested those funds in a business that failed. In fact, they are in a better position; they have recovered a portion of their losses from Lakeview.

(Memorandum Decision at 17). There is no legitimate basis for granting Defendants' Motion for Reconsideration.

### B. No Exceptional Circumstances Warrant Reconsideration

The issues raised in the Motion for Reconsideration do not qualify as "exceptional circumstances" that would justify the "extraordinary judicial relief" afforded by Rule 60(b). *Nemaizer*, 793 F.2d at 61. Defendants assert they have "been totally devastated by BLMIS's fraud," but wholly fail to mention their recovery of $792,654 from Lakeview. (Motion for Reconsideration at 8). Through their now-dismissed affirmative defenses, Defendants essentially ask this Court to treat them differently as compared to other Madoff customers. But given the limited funds inherent in a Ponzi scheme, any recognition of those affirmative defenses would have only diminished the recoveries available for valid net loser customers who have not yet recouped their principal investments. *See e.g., Kusch v. Mishkin,* 1998 WL 551972 at *17 ("the trustee's duty to the SIPA estate as a whole clearly prevails over the interests of any single customer").

Moreover, to permit Defendants to offset their liability for the receipt of fraudulent transfers would perpetuate the fraudulent transfers and render meaningless the Bankruptcy Code's fraudulent transfer provisions. *See e.g., In re Bernard L. Madoff Inv. Sec., LLC*, No. 16-413-BK(L), 2017 WL 2376567, at *3 (2d Cir. June 1, 2017) (This "court of equity will not lend its power to assist or protect a fraud.") (citing *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 568 (2d Cir. 2016)).

These are not "exceptional circumstances" that merit relief under Rule 60(b).

## IV. DISCOVERY SHOULD NOT BE STAYED

Defendants' request to stay discovery pending resolution of the Motion for Reconsideration, and the Motion for Interlocutory Appeal filed in the District Court, should be denied. Defendants have not made the requisite showing of good cause to warrant a stay in discovery pending the outcome of the Motion for Reconsideration. *See* FED. R. CIV. P. 26(c). In determining whether to grant a stay of discovery pending a motion, a court "must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012). Even a pending *dispositive* motion does not automatically entitle defendants to a stay in discovery. *See Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Defendants' Motion for Reconsideration is not dispositive and addresses only four affirmative defenses in their Answers to the Trustee's First Amended Complaint in each Adversary Proceeding. The Summary Judgment Order did not affect the Trustee's fraudulent transfer claims against Defendants. The Trustee should be permitted to continue prosecuting those claims, pursue further discovery on those claims, including taking the deposition of Defendants, and proceed to trial on the those claims.

## V. CONCLUSION

Because Defendants failed to establish that they are entitled to relief from this Court's Summary Judgment Order under Rule 60(b), the Trustee respectfully requests that the Motion for Reconsideration be denied in its entirety.

11

08-01789-cgm    Doc 16334    Filed 07/12/17    Entered 07/12/17 16:28:41    Main Document
　　　　　　　　　　　　　　　　　　　Pg 17 of 17

| | |
|---|---|
| Date:　July 12, 2017<br>　　　　New York, New York | By: */s/ Nicholas J. Cremona*<br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email:  dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Dean D. Hunt<br>Email: dhunt@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* |