**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF
THE TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM
HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING
INTERESTS IN THE BRIGHTON COMPANY AND THE POPHAM COMPANY**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and for Bernard L. Madoff.

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying Claims of Claimants Holding Interests in The Brighton Company and The Popham Company (the "Motion"), the Trustee selected two BLMIS accounts: 1B0061 held

by The Brighton Company ("Brighton") and 1P0031 held by The Popham Company ("Popham").

4.  A list of objecting claimants associated with Brighton and Popham and whose claims are addressed in the Motion is annexed as Exhibit 2 (the "Objecting Claimants") to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants associated with Brighton and Popham, details of which objections are contained in Exhibits 2 and 3 to the Sehgal Declaration.

5.  I supervised service of discovery, including Requests for Admissions, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. All but one of the Objecting Claimants failed to respond to discovery.

6.  During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Brighton and Popham account files contained in the books and records of BLMIS.

**Service of Requests for Admissions and Other Discovery**

7.  I caused discovery to be served on all of the Objecting Claimants through counsel or in a *pro se* capacity using contact details from the claims, objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners LLP. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

2

8.     Attached hereto as Exhibit 1 is a true and correct copy of the complete discovery with cover letter and certificate of service served on Jennifer L. Young, Matthew Gluck, and Sanford P. Dumain of Milberg LLP, and Stephen A. Weiss and Parvin Aminolroaya of Seeger Weiss LLP on behalf of certain of the Popham Objecting Claimants. No responses were received.

9.     The remaining Popham Objecting Claimants, and all of the Brighton Objecting Claimants were each served in a *pro se* capacity. Only one Popham Objecting Claimant responded.

### *Pro Se* Responses To Interrogatories and Requests for Admission

10.    Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on the Maxine M. Stewart Trust, and a copy of the cover letter and of the Trustee's certificate of service for the discovery.

### Documents Produced

11.    Attached hereto as Exhibit 3 are true and correct copies of the documents produced to the Trustee in response to the Requests for Production to the Maxine M. Stewart Trust.

12.    Attached hereto as Exhibit 4 are true and correct copies of Brighton's limited partnership agreements as produced to the Trustee by the Securities and Exchange Commission.

13.    Attached hereto as Exhibit 5 are true and correct copies of Popham's limited partnership agreements as produced to the Trustee by the Securities and Exchange Commission.

### Objecting Claimants Who Failed To Respond To Requests For Admissions

14.    All Objecting Claimants received thirteen (13) substantively identical Requests for Admissions in their discovery packages.

15. The *pro se* Objecting Claimants received one (1) additional Request for Admissions in their discovery packages that was not included in the discovery package served on Objecting Claimants represented by counsel.

16. Exhibits 1 and 2 each contain the cover letter, Requests for Admissions, Interrogatories, Requests for Production, and Certificates of Service as mailed to the Objecting Claimants.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2017
       New York, New York

                                */s/ Stephanie Ackerman*
                                Stephanie Ackerman
                                Baker & Hostetler LLP
                                45 Rockefeller Plaza
                                New York, New York 10111