# EXHIBIT 2

# BakerHostetler

**Baker&Hostetler** LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 13, 2017

Maxine M. Stewart Trust
# REDACTED

*Re:    Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities
       LLC,* Adv. No. 08-1789 (SMB)

Dear Ms. Stewart,

We are counsel to Irving H. Picard, Trustee for the substantively consolidated Securities Investor
Protection Act ("SIPA") liquidation proceedings of Bernard L. Madoff Investment Securities
LLC ("BLMIS") and the estate of Bernard L. Madoff.  We are writing to you regarding the
objection, filed on December 28, 2009 in the aforementioned case (Docket Number 1129) in
response to the Trustee's determination of claim number 005619 on behalf of the Maxine M.
Stewart Trust.[1]

On June 28, 2011, the Bankruptcy Court for the Southern District of New York issued a decision
affirming the Trustee's denial of in excess of 1,400 claims that did not have accounts with
BLMIS, but instead invested in entities or funds which in turn held accounts with BLMIS. *Sec.
Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 454 B.R. 285, 292 (Bankr. S.D.N.Y.
2011), *aff'd sub nom, Aozora Bank Ltd. v. Sec. Investor Prot. Corp.,* 480 B.R. 117 (S.D.N.Y.
2012), *aff'd sub nom, Kruse v. Sec. Investor Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC),*
708 F.3d 422 (2d Cir. 2013).  The District Court and Second Circuit affirmed the Bankruptcy
Court's decision and there were no petitions for *certiorari* to the Supreme Court of the United
States.  Copies of those final decisions are enclosed herewith for your information.

As the Trustee advised you in the Notice of Determination dated December 8, 2009, to which
you objected, you did not invest directly with BLMIS and did not maintain a BLMIS account in
your name.  In order to resolve your claim objection, we require the following discovery, under
the Federal Rules of Bankruptcy Procedure.  Upon completion of discovery, the Trustee's staff
will review all information submitted and the Trustee may initiate proceedings to resolve your

[1] References to "you" or "your" mean the Maxine M. Stewart Trust.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Maxine M. Stewart Trust
February 13, 2017
Page 2

claim objection where necessary. The Trustee has not obtained hearing dates for such future proceedings and such proceedings may take a significant amount of time given the review of voluminous discovery and is dependent on requesting such dates from the Bankruptcy Court. You will be notified in advance of any hearing on your claim objection. **As part of this discovery, please provide the documents and information requested in Exhibits 1, 2, and 3, enclosed. For this purpose, references to "you" or "your" mean The Maxine M. Stewart Trust," references to "accountholder" mean The Popham Company, and references to "account" mean BLMIS account number 1P0031.**

The Trustee's request for discovery is related to your BLMIS customer claim objection. It is unrelated to any claim you may or may not have to the Restitution Fund to be created by the Attorney General of the State of California to resolve claims of limited partners and other investors against the Brighton Company, the Lambeth Company, and the Popham Company, pursuant to the settlement agreements entered in relation to the Trustee's avoidance action against the Estate of Stanley Chais and other defendants. *See Picard v. Estate of Stanley Chais*, Adv. No. 09-01172 (Bankr. S.D.N.Y. Oct. 28, 2016) (ECF Nos. 152-2, 152-3, 152-4); *see also Picard v. Hall*, Adv. No. 12-01001 (Bankr. S.D.N.Y. Oct. 28, 2016) (ECF Nos. 62-2, 62-3, 62-4).

To the extent that you do not participate in discovery, the Trustee's position will be that you may be barred in future claims objections proceedings. Whether you may participate in future BLMIS claims proceedings on your claim objection will be left to the sound discretion of the Bankruptcy Court. In order for your claim objection to be processed, it is imperative that we receive your responses. Please send your responses to me at the address contained herein, within thirty-five (35) days of the date of this letter, by March 20, 2017.

If you intend to withdraw your objection, or have any questions, please contact me. Please include the BLMIS customer claim number and the email or U.S. mail address for the response in all communications.

Sincerely,

Stephanie A. Ackerman

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Requests for Production of

Documents, Interrogatories, Requests for Admissions and accompanying letter relating to the

objection to the Trustee's determination of claim number 005619 (Case No. 08-01789, Docket

No. 1129) was served this 13th day of February, 2017 by First Class Certified Mail upon the

following:

Maxine M. Stewart Trust
# REDACTED

_An Attorney for Irving H. Picard, Trustee for_
_the Substantively Consolidated SIPA_
_Liquidation of Bernard L. Madoff Investment_
_Securities LLC and the Estate of Bernard L._
_Madoff_

Maxine M. Stewart Trust
February 13, 2017
Page 7

**Exhibit 3: Requests for Admissions**

**Please respond with "admit" or "deny" to the following statements where applicable:**

1.   Admit the BLMIS account that is the subject of your objection was not titled in your name.

_____ *Admit* _____

_____

_____

_____

2.   Admit you did not have an account in your name at BLMIS.

_____ *Admit* _____

_____

_____

_____

3.   Admit you never received correspondence directly from BLMIS.

_____ *Admit* _____

_____

_____

_____

4.   Admit you never deposited securities directly with BLMIS.

_____ *Admit* _____

_____

_____

_____

5.   Admit you never made a payment of cash directly to BLMIS for credit to an account in your name.

_____ *Admit* _____

_____

_____

_____

Maxine M. Stewart Trust
February 13, 2017
Page 8

6.      Admit you never withdrew funds directly from BLMIS.

        _Admit_

7.      Admit that any funds you received were transmitted to you from the accountholder.

        _Admit — The Popham Company_

8.      Admit you did not receive investment statements from BLMIS in your name.

        _Admit_

9.      Admit you did not receive tax statements from BLMIS in your name.

        _Admit_

10.     Admit you never entered into any contracts in your name with BLMIS.

        _Admit_

11.     Admit your only relationship to BLMIS existed by way of your relationship to the accountholder.

        _Admit_

MCMDR_00000541

Maxine M. Stewart Trust
February 13, 2017
Page 9

12.  Admit you did not have any control, investment discretion or decision-making power
     over any investment assets at BLMIS.

     _____ *Admit* _____

     _____

     _____

     _____


13.  Admit that the accountholder had its own bank account and kept its funds separate from
     your personal funds.

     _____ *Admit* _____

     _____

     _____

     _____


14.  Admit that all property acquired by the accountholder, including the assets at BLMIS,
     were owned by and in the name of the accountholder.

     _____ *Admit* _____

     _____

     _____

     _____

Maxine M. Stewart Trust
February 13, 2017
Page 4

**Exhibit 2: Interrogatories**

**Please answer the following questions:**

1.  Identify each person who first introduced you to BLMIS by name, telephone number, address and affiliation to you.

    _Thomas Wolf, sibling via T. Halpren / popham Co._

2.  Identify all documents concerning how you came to invest in the accountholder, including how you learned of or became aware of the accountholder, and how the accountholder came to invest.

    _direct transfer upon death of original account holder Name: Carl Wolf (parent) account open in Name of Maxine M. Stewart trust 7-1-89_

3.  Identify all documents that describe how you made investments or deposits in connection with the account, including, but not limited to, the process for making such investments or deposits, the person and/or entity to whom such investments or deposits were sent, and the method for making such investments or deposits.

    _No further investments - other than original - from parent's estate growth identified by Halpren & Chaus, were kept in the account        T. mantovani_

4.  Identify all documents that describe how payments were made to you in connection with the account, including, but not limited to, the process for requesting or receiving such payments and the person and/or entity to whom such requests were made or from whom such payments were received, and the method of receipt.

    _requests for distribution were sent to me (maxine stewart) directly by check_

Maxine M. Stewart Trust
February 13, 2017
Page 5

5.    Identify all documents concerning any other BLMIS account in which you allege to have
      a claim.  For each BLMIS account in which you allege to have a claim, identify all
      person(s) who performed any due diligence or provided any advice, opinion,
      commentary, or analysis of BLMIS to you or on your behalf, and identify all documents
      that they reviewed before opening and investing in the account.

      _litigation - 2016-17 in California_
      _Consulted ट Joan Quade - lawyer_
      _Original Notice from California - only_
      _document_

6.    Identify all persons at BLMIS with whom you had any communications, and identify all
      documents concerning the substance of those communications, including which (if any)
      BLMIS account such communications related to.

      _None_

7.    Identify each person who had control over the accountholder and/or authority to exercise
      discretion with respect to the assets or investments of accountholder.

      _None -_

8.    Identify each person who received direct payments from BLMIS in connection with the
      account, and identify all documents concerning the method(s) by which such payments
      were made, including from whom such payments were sent.

      _Maxine Stewart - Maxine M. Stewart_
      _trust in the Wolf Partnership._
      _report (q 6 month_

9.    Identify each person associated with the accountholder who had a direct understanding or
      agreement with BLMIS with respect to the assets or investments of the accountholder.

      _"initially' Thomas D. Wolf, died May of 2007_
      _was then Calvin J. Wolf_

MCMDR_00000544

10. Identify all documents concerning meetings that a representative of you attended where an employee or representative of BLMIS was present, and identify all documents that describe the substance of the communications that occurred during each meeting.

*None to my Knowledge*

11. Identify any and all banks where you hold or have held accounts from the date the BLMIS account you invested in was opened, through the present, and for each bank account, identify all documents evidencing the account number, the date the account was opened, and the date the account was closed.

*NONE*

12. Identify any and all banks where the accountholder holds or has held accounts from the date the BLMIS account you invested in was opened, through the present, and for each bank account, identify all documents evidencing the account number, the date the account was opened, and the date the account was closed.

*deny*