

LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS

ROBERT R. MILLER
MARY GRACE WHITE

OF COUNSEL
ROBERT J. MOSES
LISA A. CATALANO

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

July 14, 2017

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nysb.uscourtsgov

> Re: *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB)
> *Picard v. Shapiro, et al.*, Adv. Pro. No. 10-05383 (SMB)

Dear Judge Bernstein,

This firm represents Defendants in the above-captioned matter. Pursuant to Local Bankruptcy Rule 7007-1(b), we write to request a conference with the Court concerning a discovery dispute between the Trustee and Leslie Citron, Kenneth Citron, David Shapiro, Renee Shapiro, and S & R Investment Co regarding subpoenas the Trustee has served on third-parties in this case. The parties have met and conferred and, while they believe they will be able to resolve the issues of net equity and transfers by negotiating stipulations from the Defendants on the issue, the Trustee has indicated he will continue to seek information relating to subsequent transferee claims which this Court has already dismissed. The parties, therefore, respectfully request that a hearing on this discovery issue be held during the August 30, 2017 omnibus hearing, so as to allow the parties time to finalize the stipulations. If the parties cannot resolve their discovery dispute at conference, Defendants intend to request the leave of the Court to file a motion to quash the Trustee's subpoenas and request an order of protection. In the interim, counsel for the Trustee has agreed that no response from the banks is required until after a conference has been held on this issue and will instruct the banks not to produce any documents until after the issue has been brought before this Court.

On or about June 26, 2017, the Trustee served documents subpoenas on Bank of America, JP Morgan Chase Bank and Wells Fargo, copies of which are attached hereto as Exhibit A.[1] The subpoenas to Bank of America and two of the subpoenas to JPMorgan demand production of "documents concerning the account(s)," including:

a) monthly statements;

---

[1] Despite receiving drafts of the Trustee's subpoenas, Defendants have not yet received executed copies of the subpoenas served on Wells Fargo. Defendants will provide the Court with an executed copy as soon as it is received.

LAX NEVILLE
ATTORNEYS AT LAW

Honorable Stuart M. Bernstein
July 14, 2017
Page 2 of 4

    b)    historical Account balance information;
    c)    deposit slips;
    d)    records for incoming and outgoing electronic transfers (e.g., wire transfers, electronic fund transfers, and automated clearing house deposits);
    e)    copies of checks, both deposited and drawn;
    f)    records reflecting cash activity;
    g)    Account opening Documents and any credit file;
    h)    administrative or custodial agreements between the holder of the Account(s) and [the account holder];
    i)    Communications Concerning the Account(s), and
    j)    Account closing Documents.

as well as "Documents and Communications Concerning predecessor accounts" "for the period of time from January 1, 1990 up to and including July 31, 2004" related to "any account … held by, for, in the name of, for the benefit of, or on behalf of" David Shapiro, Leslie Citron, and/or Kenneth Citron.  The third subpoena to JPMorgan demands the same documents from the beginning of time through "December 31, 2008" related to any account belonging to Stanley Shapiro, Renee Shapiro, and/or S & R Investment Co.  The Wells Fargo subpoenas demand the same list of documents, again from the beginning of time through "December 31, 2008" related to any account belonging to Stanley Shapiro and/or Renee Shapiro.

    The subpoenas for David Shapiro, Leslie Citron, and Kenneth Citron's complete financial records are overbroad, outside the relevant time period, irrelevant, and seek documents related solely to causes of action that have been dismissed.  This Court has long since dismissed the majority of the Trustee's causes of action against David Shapiro, Leslie Citron, and Kenneth Citron, including claims against them as subsequent transferees.  Doc. 59, 28-34.  The only remaining claim against David Shapiro, Leslie Citron, and Kenneth Citron is for the avoidance and recovery of "intentional fraudulent transfers under § 548(a)(1)(A) made within two years of the filing date." *Id.*  While the Trustee is still seeking to avoid and recover other transfers from Stanley Shapiro, Renee Shapiro, and S & R Investment Co, these claims, too, were limited by this Court's Order almost two years ago.  *Id.*

    Despite the narrowing of the claims against Defendants following this Court's Order on their motion to dismiss, the Trustee has continued to seek discovery relevant only to his dismissed claims.  The Trustee served four sets of Requests for Admission (two on Stanley Shapiro, one on David Shapiro and one on Leslie Citron) during the summer of 2016, which are attached hereto as Exhibit B.  All four sets of Requests include requests for admission about transfers and amounts received by Leslie Citron and David Shapiro outside of the two year window and as subsequent transferees.  In fact, of the 132 requests addressed to Stanley Shapiro, 45 concerned either David Shapiro or Leslie Shapiro Citron in their individual capacities, involved transfers outside the two-year time period, and had no relevance to any remaining claim.  Not one of the 132 requests submitted to Stanley Shapiro addressed the amounts he received as a result of the withdrawals.  Similarly, the Trustee's requests for Production, served in October 2016 and attached hereto as Exhibit C, repeatedly requested documents involving Shapiro "Family Members."  As defined by the Trustee, the term "Family Members" included Stanley and Renee Shapiro's minor grandchildren who, pursuant to this Court's Order in November 2015, are no longer involved in this case.  Doc 59 at 31-34.

Despite the Trustee's inclusion of overbroad and irrelevant requests, Leslie Citron, David Shapiro, and Stanley Shapiro provided answers to the individual requests relevant to the Trustee's remaining Claims. In response to the Trustee's First Set of Requests for Admission to Defendant Leslie Citron, Leslie Citron admitted that "between December 12, 2006 and December 11, 2008, a total of $678,303.59 was withdrawn from the Split-Strike Account" and that she received "from BLMIS a total of $678,303.59 in Transfers withdrawn from the Split-Strike Account" during that period. In response to the First Set of Requests for Admission to Defendant David Shapiro, David Shapiro admitted that "between December 12, 2006 and December 11, 2008, a total of $1,014,120.71 was withdrawn from the Split-Strike Account" and that he "received a total of $1,014,120.71 in Transfers withdrawn from the Split-Strike Account" during those two years. When asked about the same withdrawals, Stanley Shapiro similarly admitted to the amounts withdrawn in his responses both to the First Set of Requests for Admission to Defendant Stanley Shapiro and Second Set of Requests for Admission to Defendant Stanley Shapiro.

The subpoenas served on Bank of America, JP Morgan Chase Bank, and Wells Fargo are the most recent attempt by the Trustee to obtain information unrelated to his remaining claims. As an initial matter, requests spanning "from January 1, 1990 up to and including July 31, 2004" and from the beginning of time through "December 31, 2008" are obviously overbroad and seek a vast range of documents involving transfers that are no longer before this Court. Subpoenas which request documents relevant only to dismissed claims are routinely quashed by the Southern District. *See, e.g., Soley v. Wasserman*, 2012 WL 10973451 at *2 (S.D.N.Y. 2012) ("any issues related to the [dismissed claims] have not been part of this case for nearly two years. The subpoenas therefore are quashed to the extent they seek information concerning [those claims]…"); *Allison v. Clos-ette Too, L.L.C.*, 2015 WL 136102 at *9 (S.D.N.Y. 2015). Furthermore, the subpoenas at issue demand private financial information, the overwhelming majority of which would not be relevant even if this Court had not dismissed the Trustee's subsequent transferee claims. *See, e.g. Burns v. Bank of Am.*, 2007 WL 1589437, at *15 (S.D.N.Y. June 4, 2007) ("[Defendant] has not demonstrated the relevance of the plaintiffs' full credit records for the entire period from 2001 forward. Accordingly, the subpoenas should be limited to records concerning the disputed transactions."); *Night Hawk Ltd. v. Briarpatch Ltd.*, 2003 WL 23018833, at *8 (S.D.N.Y. 2003); *Malibu Media, LLC v. Doe*, 2016 WL 4574677 at *2 (E.D.N.Y. 2016).

Defendants are confident that, should it be necessary to file a motion to quash in this matter, such a motion would be granted. *See United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 107 (S.D.N.Y. 1979) ("A demand for documents should …confine the search to relevant documents."); *Ayubo v. Eastman Kodak Co.*, 158 A.D.2d 641, 642 (App. Div. 1990) ("we limit [Defendant's] production of such records as may currently exist to the period which is the subject of the action"). *Solow v. Conseco, Inc.*, 2008 WL 190340, at *4–5 (S.D.N.Y. Jan. 18, 2008) ("the subpoena seeks financial documents for the period 2003-2007. Notwithstanding Plaintiff's claims to the contrary, the Court fails to see the relevance of [Defendant's] financial condition and refinancing of the Building in 2007, some four years after the auction in issue.…In short, the documents sought in the subpoena have little or no relevance to the claims and defenses in this action…Weighing this against [Defendant's] legitimate interest in maintaining the confidentiality of proprietary documents bearing on his assets and financial plans, the Court concludes that the motion to quash the subpoena should be granted.") Given the Trustee's repeated attempts to obtain irrelevant, sensitive and confidential information relating to claims



that this Court has long since dismissed, along with the current data room procedures in this case, Defendants believe there are sufficient grounds for the issuance of a protective order as well. FRCP 26(c)(1) ("The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including …forbidding the disclosure or discovery"); *Burns*, 2007 WL 1589437, at *15 ("Pursuant to Rule 26(c)(7), a court may issue a protective order providing that confidential information not be revealed in discovery or that it be revealed only in a designated way.")

   The parties' discussion of what discovery is appropriate given the Trustee's remaining claims is ongoing.  While certain issues remain unresolved, the parties have been able to make some progress in resolving their discovery dispute.  Accordingly, the parties respectfully request that a hearing on this discovery issue be held on August 30, 2017, which would give the parties time to negotiate and sign the stipulations and potentially withdraw at least one of the subpoenas.

            Respectfully Submitted,

            ***/s/ Barry R. Lax***
            Barry R. Lax, Esq.
            Robert R. Miller, Esq.
            LAX & NEVILLE LLP
            1450 Broadway, 35th Floor
            New York, NY 10018
            Telephone:  (212) 696-1999
            Facsimile:  (212) 566-4531