# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Marshall J. Mattera
direct dial: 212.589.4606
mmattera@bakerlaw.com

July 17, 2017

**VIA ECF AND FEDERAL EXPRESS**

Honorable Stuart M. Bernstein (Bernstein.chambers@nysb.uscourts.gov)
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:     *Picard v. Ceretti, et al.*, Adv. Pro. No. 09-01161 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and the estate of Bernard L. Madoff. Under Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, we write to request a conference with the Court on the next omnibus hearing date of July 26, 2017 at 10:00 a.m. regarding a discovery dispute in the above-referenced adversary proceeding. After more than a year of continued, good-faith attempts to reach a consensual resolution, the Trustee has found that he cannot obtain compliance with Request Nos. 1 through 4 and 7 through 8 of the Rule 45 document subpoena (the "Requests") served on non-party Tremont Group Holdings, Inc. ("Tremont"). The Trustee proposed, but Tremont refused to consent to, resolution by the Discovery Arbitrator. *See* Exh. A. The Trustee therefore intends to move for an order compelling Tremont to produce documents responsive to the Requests.

The Requests seek information from Tremont, whose affiliate Tremont (Bermuda) Ltd. co-managed Defendant Kingate Global Fund, Ltd. for over a decade. The information sought is highly relevant and important to the claims and defenses in this proceeding. The Requests seek Tremont's communications with, and other documents concerning, key players and facts specific to the management and operation of the Kingate Funds that will bear on the Funds' actions and state of mind. *See* Exhs. B, F.

After Tremont responded to the subpoena, *see* Exh. C., the Trustee and Tremont exchanged numerous written communications and had three meet and confer sessions. In July 2016, the Trustee proposed a tailored list of search terms consistent with the Requests. *See* Exh. D. For

July 17, 2017
Page 2

months, Tremont refused to run the search terms as the Trustee had proposed and instead reviewed a total of 500 documents, producing a subset of them. *See* Exhs. E-F. Tremont asserted that its Rule 2004 productions eight years ago contained documents responsive to the Trustee's search terms. Tremont also claimed that the Requests do not seek relevant information, and that Tremont lacks the resources to comply with them. *See* Exhs. A, C.

In response, the Trustee proposed various compromises, including narrowing the July 2016 search terms to address Tremont's concerns; exchanging technical know-how with Tremont to control costs; and offering to review Tremont's production subject to a claw-back arrangement with Tremont. *See* Exhs. A, F.

Tremont does not dispute that it did not use the Trustee's proposed search terms, which are specific to Kingate, for the Rule 2004 productions, which had a different focus. Tremont agreed to run the narrowed list of search terms that the Trustee provided, resulting in approximately 50,000 electronic documents. *See* Exh. G. Tremont, however, refuses to produce any of these documents unless the Trustee pays Tremont's costs, including vendor costs and $500,000 in Tremont's estimated attorney's fees for its review for responsiveness and privilege prior to production. *See* Exh. A.

Tremont also has approximately 1,200 boxes of hard copy documents, which the Trustee offered to review at their physical location at the Trustee's expense, subject to a claw-back arrangement. Tremont also rejected this proposal without compromise. *See* Exhs. A, E.

Refusing the Trustee's proposals and offering none of its own except cost shifting, Tremont resists document discovery based upon burdens that are self-imposed.

The Trustee intends to move for an order compelling Tremont to (1) produce all electronic documents in Tremont's possession, custody, and control responsive to the Requests and the agreed-upon search terms; (2) produce all hard copy documents in Tremont's possession, custody, and control responsive to the Requests; (3) pay for all costs associated with its review of the documents prior to production; and (4) produce a log of any documents it withholds on privilege grounds.

Respectfully submitted,

*/s/ Marshall J. Mattera*

Marshall J. Mattera


cc:    Seth Schwartz (Seth.Schwartz@skadden.com)
       Sara DiLeo (Sara.DiLeo@skadden.com)