# EXHIBIT A

## Landrio, Nikki

| | |
|---|---|
| **From:** | DiLeo, Sara M <Sara.DiLeo@skadden.com> |
| **Sent:** | Wednesday, June 14, 2017 3:05 PM |
| **To:** | Mattera, Marshall J. |
| **Cc:** | Schwartz, Seth M; Ponto, Geraldine E. |
| **Subject:** | RE: [Ext] Picard v. Ceretti, et al., Adv. Pro. No. 09-1161 (SMB) |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Marshall,

Tremont does not consent to proceed before the arbitrator. Thanks.

Sara

---

**From:** Mattera, Marshall J. [mailto:mmattera@bakerlaw.com]
**Sent:** Tuesday, June 06, 2017 5:02 PM
**To:** DiLeo, Sara M (NYC)
**Cc:** Schwartz, Seth M (NYC); Ponto, Geraldine E.
**Subject:** FW: [Ext] Picard v. Ceretti, et al., Adv. Pro. No. 09-1161 (SMB)

Sara,

We asked on Wednesday, May 24, 2017 for your consent to proceed before Judge Maas for adjudication of our dispute arising from the Trustee's document subpoena issued to Tremont (see below). We have not heard from you. I also left you a voicemail earlier today. This is our second request. Please let us know by next Wednesday, June 14, 2017 whether you consent to proceed before Judge Maas. If we do not hear from you by then, we will assume that your silence connotes your refusal to consent to arbitrate the issue, which would then have to go before the Bankruptcy Court.

Regards,

Marshall

---

**From:** Mattera, Marshall J.
**Sent:** Wednesday, May 24, 2017 5:22 PM
**To:** 'DiLeo, Sara M'
**Cc:** Schwartz, Seth M; Ponto, Geraldine E.
**Subject:** RE: [Ext] Picard v. Ceretti, et al., Adv. Pro. No. 09-1161 (SMB)

Sara,

We have been working to resolve this, but every offer we have made to compromise has been rejected. Please advise if you consent to bring this issue before the Honorable Frank Maas (ret.), c/o JAMS, Inc., the discovery arbitrator appointed by Judge Bernstein to resolve discovery disputes that may arise in this proceeding, for adjudication consistent with the Bankruptcy Court's October 4, 2016 Order (attached).

Regards,

1

Marshall

---

**From:** DiLeo, Sara M [mailto:Sara.DiLeo@skadden.com]
**Sent:** Tuesday, May 23, 2017 5:36 PM
**To:** Mattera, Marshall J.
**Cc:** Schwartz, Seth M; Ponto, Geraldine E.
**Subject:** RE: [Ext] Picard v. Ceretti, et al., Adv. Pro. No. 09-1161 (SMB)

Marshall,

Thanks for your email. Our responses to your questions are as follows:

(i) As we discussed during our May 9th call, Tremont objects to your demand that it assume the extraordinary and unreasonable burden and expense of collecting, reviewing and producing the approximately 48,000 additional electronic documents and emails that emerged as "hits" to your revised list of search terms. As we have repeatedly explained over the course of the last year, Tremont has been in wind up mode and therefore lacks the resources that would be needed to fund your requested fishing expedition through nearly 50,000 additional documents that have no apparent relevance to the Trustee's claims against the remaining Ceretti defendants, much less a material bearing on those claims.

In 2009, Tremont produced to your client, Mr. Picard, all documents in its possession, custody or control as of December 2008 pertaining to Madoff's investment of the assets of each Tremont-managed hedge fund that had a brokerage account with BLMIS, including Kingate Global, and Tremont's efforts to diligence and monitor Madoff's investment activities on behalf of those funds. Tremont also voluntarily made available several witnesses for interview by your colleagues in connection with their then contemplated adversary proceeding against Tremont. They thoroughly questioned those witnesses and obtained all additional documents they identified as relevant through those interviews. Following completion of that extensive discovery and commencement of the adversary proceeding, Tremont and its affiliated funds entered into a settlement agreement with Mr. Picard pursuant to which those defendants transferred $1 billion in the aggregate to the BLMIS estate. Years after completion of that litigation and settlement, you are back seeking to obtain from Tremont tens of thousands of additional documents for use in litigation with other parties unaffiliated with Tremont. The only thing known about these documents is that they make passing reference to Kingate Global and/or the Ceretti defendants, which apparently makes you hopeful that maybe one or more of them may actually be relevant. Your approach in this regard is unquestionably inefficient, but as we have discussed, if you insist on turning over every leaf, your client can and should absorb the cost of this expensive and speculative exercise. That at least would be consistent with Rule 45's command that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden and expense on a person subject to a subpoena."

(ii) We are attaching the index you have requested for Tremont's 1263 boxes of hard copy documents.

(iii) After our May 9th call, we reached out to Tremont's vendors to obtain cost estimates for the work required to collect and prepare for review the approximately 48,000 electronic documents that hit for your search terms. We have been advised that: (a) collecting all electronic documents including emails and attachments from Tremont's document vendors would cost approximately $8,000; (b) processing those documents could cost anywhere from $400 to $1,600; and (c) uploading those materials to our document review platform would cost approximately $2,400. We estimate that it will take approximately 1,000 hours for us to review 48,000 documents for responsiveness and privilege at a cost of approximately $500,000. We cannot and will not delegate the review process to counsel for Mr. Picard.

Regards,

Sara

**From:** Mattera, Marshall J. [mailto:mmattera@bakerlaw.com]
**Sent:** Monday, May 22, 2017 12:08 PM
**To:** DiLeo, Sara M (NYC)
**Cc:** Schwartz, Seth M (NYC); Ponto, Geraldine E.
**Subject:** [Ext] Picard v. Ceretti, et al., Adv. Pro. No. 09-1161 (SMB)

Sara,

During our call on May 9th regarding Tremont's response to our Rule 45 document subpoena, you indicated that you would get back to us last week regarding the open issues and our discovery proposals to resolve them. Please advise us whether i) Tremont will produce the electronic documents that hit on the Trustee's proposed search terms by a date certain; ii) Tremont will provide us with the index of Tremont's hard copy documents, which you indicated you had and we had previously requested. Third, Tremont may provide more information on its costs of collection and production (as opposed to review, which would be performed by the Trustee), and if these were nominal (i.e., not more than a few thousand dollars) the Trustee may reconsider its position on not sharing any of these costs.

The Trustee agreed in return to i) review the electronic documents produced, and return any inadvertently produced privileged information according to a clawback agreement we would negotiate; and ii) review the index of hard copy documents in Tremont's possession, custody, or control, with the objective of prioritizing those documents and negotiating with you an agreement in which the Trustee would assume the expense of picking up any documents that we desire to review, in the order of their priority, and returning them to their current location when the review is completed.

Kindly provide us with Tremont's response as discovery must move forward.

Thank you,

**Marshall Mattera**
Associate

BakerHostetler

45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4606

mmattera@bakerlaw.com
bakerlaw.com



This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

---

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================================

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

---

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===========================================================================

4