# EXHIBIT F

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Marshall J. Mattera
direct dial: 212.589.4606
mmattera@bakerlaw.com

January 23, 2017

**VIA E-MAIL**

Sara M. DiLeo, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522

Re:   Picard v. Ceretti, et al., Adv. Pro. No. 09-01161 (SMB)

Dear Ms. DiLeo:

This will memorialize our meet and confer that was held at our offices on January 17, 2017. As we again emphasized, the Trustee would prefer that we resolve discovery-related issues consensually. But the pace of this discovery has dragged on and must move forward expeditiously. With that in mind and to address your cost concern, following the service of our subpoena, we proposed on July 25, 2016 a list of a mere 13 search terms, intending that we could obtain hit counts on those and take an iterative approach. In addition to compromising on our more expansive list of search terms that will be necessary to discover all relevant documents, we deferred the need to search hard copy documents, asking only for the index of those documents initially. Over the past six months, we offered to compromise on your request to defer the review of documents hit by searching the name of Michael Tannenbaum, even though Mr. Tannenbaum made business decisions in his capacity as a director of, among other entities relevant to this proceeding, the Kingate Funds. We offered to undertake the expense of searching the electronic databases Tremont has, setting aside any privileged communications, of course. During those same six months, you have agreed to review the documents responsive to hits on only four of our search terms, resulting solely from searching email communications; rejected our request to produce the index of paper documents; and refused to undertake further discovery unless the Trustee assumes the expense.

Sara M. DiLeo, Esq.
January 23, 2017
Page 2

**Requested Discovery and Proposals**

In light of our further compromises discussed at our January 17, 2017 meeting, we again request that you provide hit counts resulting from a search of *all* electronic documents (email and other documents) in Tremont's possession, custody, or control for the following:

Ceretti
Grosso
Kingate
FIM
Wetherhill
Salahuddin
BISYS and Kingate
Hemisphere and Kingate
Citi Hedge and Kingate
Thomas Healy or Tom Healy
Philip Evans or Phillip Evans
Michael Tannenbaum and Kingate
Eric Lazear

Because the Administrators may not identify their clients by name, the searches for the terms BISYS, Hemisphere, and Citi Hedge must also be made with the Kingate Funds' account numbers, and with the BLMIS or other identification number(s) the Administrator assigns to its clients.

The search terms in the list above are the terms contained in our July 25, 2016 letter, with the following modifications:

- The "Kingate" term has been added to the BISYS, Hemisphere, Citi Hedge, and Michael Tannenbaum terms to address your concern that Tremont engaged with them in connection with a number of other funds unrelated to Kingate.
- "Phillip Evans" has been added as an alternate spelling to the original search term "Philip Evans," given that we have observed both spellings used to refer to the same person.
- You need not run the email addresses contained in our October 14, 2016 letter at this time, but we have added the term "Eric Lazear," who is a person referenced in those addresses and in our subpoena.

These proposed search terms are preliminary, and we reserve the right to propose additional terms at a future date, in accordance with our agreed process or a court order. We also are willing to focus first on emails and electronic documents and revisit hard copy documents at a later stage.

Sara M. DiLeo, Esq.
January 23, 2017
Page 3

As we also discussed, to address your concerns about burden and maintaining privilege, we propose the following options. First, you may separate from the documents hit by our search terms all those containing the term "Tannenbaum." We remain interested in this "Tannenbaum" set, which may contain privileged documents, but would agree that it need not be reviewed now and would be addressed separately at a later stage. Second and alternatively, you may give us access to all documents hit by our search terms. We would incur the expense of processing the documents, review them for responsiveness, and allow you the right to claw back inadvertently produced privileged documents.

Moreover, we are entitled to discover whether and to what extent Mr. Schulman's emails were preserved. As part of this effort, we requested that you advise us whether Tremont has in its possession, custody, or control any emails from Mr. Schulman's e-mail addresses contained in the exemplars that we provided to you. If there are emails from those email addresses, then please also inform us of the date range for such emails. To the extent that you have any information regarding what efforts were made to preserve Mr. Schulman's emails, please advise us of those efforts.

You indicated, in your letter of October 25, 2016 as well as in our meetings, that any searches of even Tremont's emails would result in "substantial fees." You also stated that Tremont would consider cost-shifting for work associated with running the Trustee's search terms across Tremont's emails and electronic documents. In order to appropriately consider cost-shifting, the Trustee requires additional information about the manner in which email and other electronic documents were preserved and are currently maintained—a point we have reiterated since at least July 18, 2016.

Therefore, if Tremont contends that it is unable to conduct the searches across Tremont's email and other electronic documents, as we have proposed, we would be willing to meet and confer as soon as the afternoon of Tuesday, January 24, 2017, with technical support to discuss Tremont's current electronic footprint in sufficient detail to determine the most efficient means of producing responsive information.

We believe the foregoing represents a reasonable compromise in an effort to obtain necessary discovery through cooperation. As we stated, the Trustee is pursuing claims in *Ceretti* amounting to over $900 million. We seek documents concerning the central issue, among others, of the knowledge of the Kingate Funds, which remain parties to the adversary proceeding and whose motion to dismiss has been denied. Such knowledge either may have been communicated from Tremont to the Funds or their agents, or it may be imputed from Tremont to the Funds by virtue of Tremont's agency relationships in connection with the Funds. Tremont is in a unique position to be a significant source of such documents, given, among other things, its work as co-manager with Kingate Management Limited of, and consultant to, Kingate Global Fund, Ltd. for over a decade. Your review of approximately 500 documents over the more than six months that have passed since the subpoena was served is unacceptable.

Sara M. DiLeo, Esq.
January 23, 2017
Page 4

Our preference is to work toward a mutually agreeable solution without the need for court intervention or the involvement of Honorable Frank Maas, the Discovery Arbitrator appointed by Judge Bernstein in the SIPA Liquidation of BLMIS. However, without progress in the near future we intend to seek such assistance. Please advise if you will consent to bring any unresolved discovery issues before Judge Maas.

Very truly yours,

Marshall J. Mattera