UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**APPLICATION OF TARTER KRINSKY & DROGIN LLP AS SPECIAL COUNSEL TO THE TRUSTEE FOR A RELEASE OF A PORTION OF FEES PREVIOUSLY HELD FOR THE PRIOR COMPENSATION PERIODS**

Tarter Krinsky & Drogin LLP, ("Tarter Krinsky"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for release of a portion of the previously held back legal fees ("Holdback") in the amount of $1,455.19 for prior compensation periods.

**I. BACKGROUND**

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the

liquidation of the business of the Debtor in accordance with SIPA and appointing the Trustee as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on April 13, 2015, Tarter Krinsky has served as special counsel for the Trustee.

4. On June 16, 2015, this Court entered an order approving the Trustee's motion for authority to retain Tarter Krinsky as special counsel *nunc pro tunc* as of June 11, 2014.

5. The Trustee's motion to retain Tarter Krinsky established a fee arrangement pursuant to which Tarter Krinsky agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20% ("Holdback").

## II. RELEASE OF THE HOLDBACK

6. The Trustee's motion to retain Tarter Krinsky established a Holdback fee arrangement in which 20% of the approved compensation is deferred until further order of the Court.

7. For prior compensation periods, the amount of the Holdback for Tarter Krinsky's fees is $2,910.38. Tarter Krinsky seeks a release of the Holdback in the amount of $1,455.19 upon the support of SIPC.

8. SIPC has advised that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $1,455.19 for Tarter Krinsky.

9. Hence, Tarter Krinsky respectfully requests that this Court authorize the release of the Holdback payment to Tarter Krinsky in the amount of $1,455.19, as supported by SIPC.

### III. GENERAL MATTERS

10. All of the professional services for which compensation is requested herein were performed by Tarter Krinsky for and on behalf of the Trustee and not on behalf of any other person or entity.

11. No agreement or understanding exists between Tarter Krinsky and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Tarter Krinsky with compensation for the legal services described herein.

12. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

13. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Tarter Krinsky (*see* SIPA § 78fff-3(b)(2)).

14.  The Trustee has determined that, at this time, he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses.  SIPC has advised the Trustee that it concurs with this determination.  Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

15.  Therefore, with respect to this Application, Tarter Krinsky requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC."  *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  Tarter Krinsky expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Tarter Krinsky respectfully requests that this Court enter an Order:

a.  Granting this Application; and

b.  Releasing $1,455.19 to Tarter Krinsky from the Holdback for prior compensation periods; and

c.  Granting Tarter Krinsky such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 19, 2017            Tarter Krinsky

By: *s/ Anthony Dougherty*
    Anthony Dougherty
    Tarter Krinsky & Drogin LLP
    1350 Broadway
    New York, NY 10018
    Telephone: 212-216-8084
    Fax: 212-216-8001

# EXHIBIT A

## SUMMARY OF INTERIM COMPENSATION FOR TARTER KRINSKY

|  | Total Compensation |
|---|---|
| **Holdback for Prior and Current Compensation Periods** | **$2,910.38** |
| **Release of the Holdback** | $1,455.19 |
| **Total to be Paid** | $1,455.19 |