# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

August 10, 2017

**VIA ECF AND EMAIL**
bernstein.chambers@nysb.uscourts.gov

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    *In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

    I write on behalf of numerous defendants with respect to the Trustee's proposed order authorizing the continued deposition of Bernard L. Madoff on the "Day Two" topics. The Trustee insists that the only defendants who are entitled to participate in the Day Two deposition are those defendants listed on the Trustee's Exhibit A, *i.e.,* those defendants who initially sought to depose Mr. Madoff. However, that excludes a large number of my clients who have every right to participate in Mr. Madoff's deposition. Initially, when I moved to depose Mr. Madoff, I moved on behalf of those defendants whose accounts dated back to the 1980s. But as soon as Mr. Madoff began testifying, it was clear that his testimony had a powerful impact on all defendants, regardless of when they opened their accounts. This Court has repeatedly stated on the record that all defendants whose discovery cut-off date had not occurred as of July 7, 2016 were entitled to participate in the Madoff deposition.

    At the August 24, 2016 hearing, the Trustee's own counsel acknowledged that the deposition would be open to all defendants whose discovery cut-off had not occurred as of July 7, 2016: Mr. Murphy stated:

> **The second category, Your Honor, are those cases where fact discovery was still open as of July 7th but is closing, was about to close, or will close during this process.**

8/24/16 Tr. at 20:19-22.

    The Court then asked me if I had any clients whose discovery cut-off occurred prior to July 7, 2016 and I responded that I did. However, even as to defendants whose discovery cut-off pre-dated July 7, 2016, the Court indicated that there was no way to

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
August 10, 2017
Page 2

deny those defendants the ability to **use** Madoff's testimony. The colloquy was as follows:

> **THE COURT: -- assume Ms. Chaitman has some clients or maybe not where the discovery cutoff has run. Do you have any of those?**
>
> **MS. CHAITMAN: I have some clients where the discovery cutoff has run.**
>
> **THE COURT: All right. So but if we're litigating in those particular cases and Mr. Madoff has said, you know, the scheme began on January 1st, 1992 how do I not use that information?**
>
> **MR. MURPHY: Right, Your Honor –**
>
> **THE COURT: Or anybody else for that matter.**

*Id.* at 24:8-18.

I enclose herewith my proposed Exhibit A which includes all of my clients except those whose discovery cut-off predated July 7, 2016. As to all of these defendants, the Court has clearly indicated that they can participate in Mr. Madoff's deposition. While I believe that all defendants, including those whose discovery cut-off predacted July 7, 2016, have a right to utilize Mr. Madoff's deposition, for present purposes I simply ask that this Court include my proposed Exhibit A to make clear that all of these defendants have the right to participate in Mr. Madoff's deposition.

Ms. Neville, of Dentons, joins me in this request on behalf of all of her clients whose discovery cut-off had not occurred as of July 7, 2016.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Encl.

cc:   (*via ECF and Email w/encl.*)
      Amanda E. Fein (afein@bakerlaw.com)
      David J. Sheehan (dsheehan@bakerlaw.com)
      Carole Neville (carole.neville@snrdenton.com)
      Andrew B. Kratenstein (akratenstein@mwe.com)
      Robert A. Rich (rrich2@hunton.com)

{000032170 1 }