# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.42616
dsheehan@bakerlaw.com

August 11, 2017

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY  10004-1408

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB) – *Letter in Support of the Parties' Proposed Order Concerning the Continued Deposition of Bernard L. Madoff*

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as Trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff.  We write in response to the objections filed by Chaitman LLP[1] (the "Chaitman Objection") and Dentons US LLP (the "Dentons Objection," together with the Chaitman Objection, the "Objections"),[2] and in further support of the proposed order and exhibits submitted to this Court on behalf of the Trustee, the Sage Defendants and the Picower Parties (the "Parties' Proposed Order").[3]

---

[1] Letter Dated August 10, 2017, ECF No. 16495.
[2] Denton US LLP's Limited Objection to Trustee's Proposed Order Authorizing the Continued Deposition of Bernard L. Madoff on Day Two Topics, ECF No. 16496.
[3] ECF No. 16492. The Sage Defendants are those defendants in the actions captioned *Picard v. Sage Assocs.*, Adv. Pro. No. 10-04362 and *Picard v. Sage Realty*, Adv. Pro. No. 10-04400.  The "Picower Parties" are Jeffry M. Picower, Capital Growth Company, Decisions Inc., Favorite Funds, JA Primary Limited Partnership, JA Special Limited Partnership, LAB Partnership, JEMW Partnership, JF Partnership, JFM Investment Companies, JLM Partnership, JMP Limited Partnership, Jeffry M. Picower Special Company, Jeffry M. Picower P.C., The Picower Foundation, The Picower Institute for Medical Research, The Trust f/b/o Gabrielle H. Picower, and Barbara

Honorable Stuart M. Bernstein  August 11, 2017
Page 2

      The Objections do not contest the language in the Parties' Proposed Order, but instead seek to add 36 adversary proceedings as participants in Mr. Madoff's continued deposition on Day 2 Topics ("Proposed Participants"). The Proposed Participants chose not to participate in Mr. Madoff's deposition over one year ago, and also failed to interject when their counsel consented to an order limiting participants in Mr. Madoff's deposition to those that timely sought participation in July and August 2016. Having now waited until the eve of the fourth day of Mr. Madoff's testimony to raise the issue of their participation, the Court should overrule the Objections and enter the Parties' Proposed Order.

      The procedures governing who could participate in Mr. Madoff's deposition were established over one year ago. On July 7, 2016, Chaitman LLP filed the Motion for an Order Authorizing the Deposition of Bernard L. Madoff, and annexed thereto a list of 64 cases seeking that relief.[4] On July 22, 2016, the Trustee filed the Trustee's Notice to Defendants Establishing Deadline to File Requests to Depose Bernard L. Madoff (the "Madoff Deposition Notice"), which was served on counsel for the Proposed Participants the same day.[5] In response to the Madoff Deposition Notice, Dentons US LLP filed a notice to participate on behalf of 7 cases.[6] The Proposed Participants were not included in either filing.

      The September 29, 2016 Order Authorizing the Deposition of Bernard L. Madoff ("Sept. 29 Order") defined who was permitted to participate in the "Day 1" deposition of Madoff and who would be permitted to participate in "Day 2."[7] The Sept. 29 Order defines the 83 adversary proceedings[8] that timely filed requests to participate in Mr. Madoff's Deposition as "Participating Customers."[9] The Sept. 29 Order authorizes only Participating Customers to depose Mr. Madoff and in extended fact discovery only those cases for the sole purpose of taking his deposition.[10]

      The Sept. 29 Order also sets forth the procedure for participation in the Day Two Deposition, clearly limiting participants to the Participating Customers:

---

Picower, individually, as Executor of the Estate of Jeffry M. Picower, as Trustee for The Picower Foundation and as Trustee of the Trust f/b/o Gabrielle H. Picower.

[4] *See* ECF Nos. 13603, 13604, 13605.
[5] *See* ECF Nos. 13786, 13787. The Madoff Deposition Notice was filed following a hearing held on July 20, 2016, where the Court explained "And you have to take the deposition of Madoff in connection with their cases, and then they have to identify the cases and the areas they want to take his deposition in," and indicated that "that's why it makes sense to find out who wants to do [the deposition] before we start excluding people." *See* Hr'g Tr. July 20, 2016 34:22-35:24.
[6] *See* ECF Nos. 13825.
[7] *See* ECF No. 14213.
[8] These 83 adversary proceedings included the 64 cases included in Ms. Chaitman's July 7, 2016 Motion, 7 cases included in Ms. Neville's notice, 8 cases for Milberg LLP / Seeger Weiss LLP; 1 case for Kelly Drye and Warren; 1 case for Hunton & Williams; and 2 cases for McDermott Will & Emery. Neither Milberg LLP nor Kelly Drye and Warren sought participation in the Day Two Deposition of Mr. Madoff.
[9] Sept. 29 Order at 1–2.
[10] *Id.* at ¶ L. The cases permitted to participate in Mr. Madoff's deposition and, thus, extend discovery for this limited purpose were only those Participating Customers where fact discovery was open as of July 7, 2016.

Honorable Stuart M. BernsteinAugust 11, 2017
Page 3

> Within twenty-one (21) calendar days following receipt of the transcript, counsel for the Trustee and/or the <u>Participating Customers</u> may file with the Court a request for a second deposition day, specifically identifying any proposed deposition topics (the Day 2 Deposition Topics)."

Sept. 29 Order at ¶ C (emphasis added). Accordingly, no party other than a Participating Customer had standing to seek leave to participate in the Day Two Deposition of Mr. Madoff and none of the Proposed Participants are Participating Customers.[11]

Ms. Chaitman argues that certain statements made by Your Honor at the August 2016 hearing regarding Mr. Madoff's deposition provide an adequate basis for her to permit the Proposed Participants to participate in Mr. Madoff's deposition.[12] *See* Chaitman Objection at 1–2. But the Sept. 29 Order memorializes the parties' agreement as to who could participate in Mr. Madoff's deposition and whose discovery would be extended for this limited purpose to *Participating Customers* whose fact discovery was open as of July 7, 2016—not all cases where fact discovery was open as of this date. *See* Sept. 29 Order at ¶ L. The Dentons Objection attempts to argue that Madoff's deposition testimony on certain, unanticipated topics has created a sufficient basis to override this Court's order, failing to recognize that filing a Madoff Deposition Notice required no limitations as to topic.[13] *See* Dentons Obj. ¶ 2. Neither argument advanced excuses the Proposed Participant' severe delay.

The failure of the Proposed Participants to speak up over the past year should not be ignored. Even since Mr. Madoff's April deposition, the Proposed Participants have missed several opportunities to raise this issue. On May 30 and 31, 2017, Ms. Chaitman and Ms. Neville filed Notices to Request to Depose Bernard L. Madoff on "Day 2 Topics" on May 30 and 31, 2017.[14] None of the Proposed Participants are included in those Notices. Since then, the

---

[11] Despite Ms. Chaitman's representation that her proposed Exhibit A "includes all of my clients <u>except</u> those whose discovery cut-off predated July 7, 2016," that list in fact includes four adversary proceedings where fact discovery closed before July 7, 2016, three of which were scheduled for trial before this Court, and are now pending in the District Court following Ms. Chaitman's motions to withdraw the reference. Fact discovery closed on March 13, 2015 in *Picard v. Zieses Inv. P'ship*, No. 10-04669. The three cases where Ms. Chaitman moved to withdraw the reference are: *Picard v. Saren-Lawrence*, No. 10-04898; *Picard v. Nelson*, No. 10-04377; and *Picard v. Nelson*, No. 10-04658, where fact discovery closed in March 2016. We further note that Ms. Chaitman's proposed Exhibit A is deficient, as it includes only her clients, while excluding the clients of McDermott Will & Emery, Dentons US LLP, Hunton & Williams, as well as excluding two of adversary proceedings that were previously participated in Mr. Madoff's deposition. (Nos. 10-04878 and 10-04931).

[12] Ms. Chaitman's arguments about the use or admission of Madoff's testimony in the Proposed Participants' cases do not relate to the current matter before the court and should be addressed as such issues arise in individual cases.

[13] Indeed, the Madoff Deposition Notice clearly permitted defendants to list any topic on which they sought to depose Madoff, and explicitly stated that it was undertaking a standardized procedure after "the Court determined that a consolidated and uniform procedure to seek permission to depose Madoff is warranted in order to prevent duplication, and to foster coordination and efficiency[.]" ECF No. 13786 at 2.

[14] ECF Nos. 16099, 16101.

Honorable Stuart M. Bernstein August 11, 2017
Page 4

Court held <u>two</u> hearings concerning Mr. Madoff's Deposition (June 29 and July 27, 2017). At no time during either of these recent hearings did Ms. Chaitman or Ms. Neville mention that they would seek to alter the Court-ordered procedure to include the Proposed Participants in Mr. Madoff's deposition. They should not be permitted to do so now.

In light of the foregoing, we respectfully request that you overrule the Objections and enter the Parties' Proposed Order.

Sincerely,

<u>/s/ David J. Sheehan</u>

David J. Sheehan
Partner


cc:   Helen D. Chaitman
      Carole Neville
      Robert Rich
      Andrew Kratenstein