# EXHIBIT B

```
                                                                    Page 1

 1    UNITED STATES BANKRUPTCY COURT

 2    SOUTHERN DISTRICT OF NEW YORK

 3    - - - - - - - - - - - - - - - - - - - x

 4    SECURITIES INVESTOR PROTECTION

 5    CORPORATION

 6    v.                                  CASE NO. 08-01789-smb

 7    BERNARD L. MADOFF INVESTMENT

 8    SECURITIES, LLC, et al,

 9              Debtors.

10    - - - - - - - - - - - - - - - - - - - x

11    IRVING H. PICARD, TRUSTEE FOR THE

12    LIQUIDATION OF BERNARD L. MADOFF,

13              Plaintiff,                 ADV. PROC.

14    v                                    CASE NO. 10-051430-smb

15    MARILYN BERNFELD TRUST, ET AL.,

16              Defendants.

17    - - - - - - - - - - - - - - - - - - - x

18    IRVING H. PICARD, TRUSTEE FOR THE

19    LIQUIDATION OF BERNARD L. MADOFF,

20              Plaintiff,                 Adv. Proceeding

21    v                                    CASE NO. 10-05390-smb

22    1096-1100 RIVER ROAD ASSOCIATION,

23              Defendant.

24    - - - - - - - - - - - - - - - - - - - x

25
```

Page 2

```
 1   - - - - - - - - - - - - - - - - - - - - x
 2   IRVING H. PICARD, TRUSTEE FOR THE
 3   LIQUIDATION OF BERNARD L. MADOFF,
 4           Plaintiff,            ADV. PROCEEDING
 5   v                             CASE NO. 10-04283-smb
 6   MENDELOW, ET AL.,
 7           Defendants.
 8   - - - - - - - - - - - - - - - - - - - - x
 9   IRVING H. PICARD, TRUSTEE FOR THE
10   LIQUIDATION OF BERNARD L. MADOFF,
11           Plaintiff,            ADV. PROCEEDING
12   v                             CASE NO. 10-05286-smb
13   LEGACY CAPITAL, LTD., ET AL.,
14           Defendants.
15   - - - - - - - - - - - - - - - - - - - - x
16                   U.S. Bankruptcy Court
17                   One Bowling Green
18                   New York, New York
19                   October 28, 2015
20                   10:02 AM
21   B E F O R E :
22   HON. STUART M. BERNSTEIN
23   U.S. BANKRUPTCY JUDGE
24
25   ECRO:   Unidentified
```

Page 3

```
 1   Adversary proceeding: 10-05143-smb Irving H. Picard, Trustee

 2   for the Liquidation of Bernard L. Madoff Investment

 3   Securities LLC, and Bernard L. Madoff v. Marilyn Bernfeld

 4   Trust et al Discovery Conference Pursuant to Local

 5   Bankruptcy Rule 7007-1(b) (also applies to Adv. P. Nos. 10-

 6   5143 & 10-4841)

 7

 8   Discovery Conference Pursuant to Local Bankruptcy Rule 7007-

 9   1 (b)

10

11   Adversary proceeding: 10-04283-smb Picard, as Trustee for

12   the Liquidation of Bernard v. Mendelow et al

13   Discovery Conference pursuant to Local Bankruptcy Local

14   7007-1 (b)

15

16   Defendants' Motion for Judgment on the Pleadings

17

18   Adversary proceeding: 10-05286-smb Irving H. Picard, Trustee

19   for the Liquidation of Bernard v. Legacy Capital Ltd. et al

20   Defendant Khronos Motion to Dismiss

21

22   Defendant Legacy Capital's Motion to Dismiss

23

24

25
```

Page 4

```
 1   Adversary proceeding: 08-01789-smb Securities Investor

 2   Protection Corporation v. Bernard L. Madoff Investment

 3   Securities, LLC. et al

 4   Trustees Motion and Memorandum to Affirm His Determinations

 5   Denying Claims of Claimants' Holding Interests in 1973

 6   Masters Vacation Fund, Bull Market Fund, and Strattham

 7   Partners

 8

 9   Adversary proceeding: 10-04283-smb Picard, as Trustee for

10   the Liquidation of Bernard v. Mendelow et al

11   Pre-Trial Conference

12

13   Adversary proceeding: 10-05286-smb Irving H. Picard, Trustee

14   for the Liquidation of Bernard L. Madoff Investment

15   Securities LLC, and Bernard L. Madoff v. Legacy Capital Ltd.

16   et al

17   Pre-Trial Conference

18

19

20

21

22

23

24

25
```

08-01789-cgm Doc 16506-2 Filed 08/11/17 Entered 08/11/17 16:39:10 Exhibit B
Pg 6 of 18
10-05143-smb Doc 20 Filed 10/30/15 Entered 11/13/15 15:22:24 Main Document
Pg 5 of 124

Page 5

```
 1   A P P E A R A N C E S :
 2   BAKER HOSTETLER
 3         Attorneys for BLMIS, Trustee
 4         45 Rockefeller Plaza
 5         New York, NY  10111
 6
 7   BY:   JONATHAN B. NEW, ESQ.
 8         GEORGE KLIDONAS, ESQ.
 9         OREN WARSHAVSKY, ESQ.
10         ROBERTSON D. BECKERLEGGE, ESQ.
11         AMY W. VANDERWAL, ESQ.
12         FERVE OZTURK, ESQ.
13         FARRELL A. HOCHMUTH, ESQ.
14         PETER B. SHAPIRO, ESQ.
15         TATIANA MARKEL, ESQ.
16
17   DICKSTEIN SHAPIRO, LLP
18         Attorneys for Khronos, LLC
19         1633 Broadway
20         New York, New York 10019
21
22   BY:   ERIC B. FISHER, ESQ.
23         LINDSAY A. BUSH, ESQ.
24
25
```

08-01789-cgm Doc 16506-2 Filed 08/11/17 Entered 08/11/17 16:39:10 Exhibit B Pg 7 of 18
10-05143-smb Doc 20 Filed 10/30/15 Entered 11/13/15 15:22:24 Main Document Pg 6 of 124

Page 6

```
 1   SECURITIES INVESTOR PROTECTION CORPORATION
 2        For SiPC
 3        1667 K Street, N.W.
 4        Suite 1000
 5        Washington, DC  20006
 6
 7   BY:  NATHANAEL S. KELLEY, ESQ.
 8
 9   STEVENS & LEE, P.C.
10        Attorneys for Legacy Capital
11        485 Madison Avenue, 20th Floor
12        New York, New York 10022
13
14   BY:  NICHOLAS F. KAJON, ESQ.
15
16   WEDEEN & KAVANAGH
17        Attorneys for Unspecified Party
18        41 Union Square West
19        Suite 325
20        New York, New York 10010
21
22   BY: TIMOTHY WEDEEN, ESQ.
23
24
25
```

Page 7

```
 1   ARKIN SOLBAKKEN, LLP
 2        Attorneys for Mendelow, et al.
 3        750 Lexington Avenue
 4        New York, New York 10022
 5
 6   BY:   STANLEY S. ARKIN, ESQ.
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1        THE COURT:  We have a couple other discovery

2   issues, though.

3        All right.  Yes?  Go ahead.

4        This is -- let's start with Bernfeld.

5        MS. HOCHMUTH:  Yes, Your Honor.

6        THE COURT:  Okay.  I called your case early.  I

7   know you had a flat tire.

8        MR. WEDEEN:  I apologize, Judge.

9        THE COURT:  No, no.  That's all right.  But --

10       MR. WEDEEN:  I got a flat tire (indiscernible)

11  tow.

12       THE COURT:  That's the reason why you got behind

13  some long cases.  Go ahead.

14       MS. HOCHMUTH:  Thank you, Your Honor.

15       Your Honor, I'm here today on three cases.  My

16  name is Farrell Hochmuth of Baker Hostetler on behalf of the

17  plaintiff, Irving Picard.  The three cases we're here on is

18  the Marilyn Bernfeld Trust, Michael Bellini and Ellen

19  Bernfeld.  These cases -- all of these cases, opposing

20  counsel is Mr. Wedeen.

21       The parties held an initial case conference in

22  June of 2014.  There was -- a case management notice was

23  filed in each of the cases requiring initial disclosures by

24  August 27th of 2014.  I have requested that counsel provide

25  those initial disclosures numerous times.  We have now

08-01789-cgm    Doc 16506-2    Filed 08/11/17    Entered 08/11/17 16:39:10    Exhibit B
                                       Pg 10 of 18
10-05143-smb    Doc 20    Filed 10/30/15    Entered 11/13/15 15:22:24    Main Document
                                       Pg 106 of 124

Page 106

```
 1    propounded requests for admission, requests for production

 2    and interrogatories.  We have not --

 3              THE COURT:  Is this an innocent investor case?

 4              MS. HOCHMUTH:  Yes, Your Honor.  These are -- all

 5    three cases are good faith investors.

 6              No responses have been received to any of the

 7    discovery.  We extended the deadlines based on the request

 8    of counsel a couple times.  We still don't have discovery

 9    responses.

10              Yesterday, I did receive initial disclosures in

11    each of the three cases so we are no longer asking that Your

12    Honor order that those initial disclosures be made.  But we

13    are requesting an order deeming the request for admissions

14    admitted pursuant to Federal Rule of Civil Procedure

15    36(a)(3).  And we would also seek an order compelling

16    responses to discovery by a date certain in each of the

17    cases.

18              MR. WEDEEN:  Judge, once again, I certainly would

19    agree that we need an order compelling discovery.  It's just

20    --

21              THE COURT:  What about the deemed admissions?

22              MR. WEDEEN:  Well -- I was going to get to that,

23    Your Honor.  If you'd like me to address it first, I would

24    request an extension of time.

25              THE COURT:  Why didn't you answer -- when were
```

```
 1   they served?
 2            MS. HOCHMUTH:  Your Honor, the request for
 3   admissions --
 4            MR. WEDEEN:  July
 5            MS. HOCHMUTH:  -- were served in July of 2015.
 6            THE COURT:  Okay.  So tell me why you weren't able
 7   to respond to them?
 8            MR. WEDEEN:  Your Honor, I've been trying to
 9   communicate with my clients.  My clients -- once again,
10   Judge, these investors were effectively reduced in state --
11   financial standing significantly with very limited liquid
12   assets.  Getting -- none of them are under the senior
13   citizen age.  And I've been trying.  I did receive
14   ultimately from the Bernfeld defendants, Judge, that's the
15   Marilyn Bernfeld Trust and Ellen Bernfeld.  Literally, a few
16   days ago, I received by e-mail responses to the admission
17   requests.  I did meet with Ms. Bernfeld, this Ellen
18   Bernfeld, but they were -- it's not properly formatted.  I
19   just didn't have a chance to put them together and I didn't
20   want to send over (indiscernible).
21            THE COURT:  What about the Bellinis?
22            MR. WEDEEN:  The Bellinis, Judge, I have a meeting
23   scheduled with them early next week.  If the Court would
24   indulge me and give me two weeks on the admissions and six
25   weeks on the rest.  I mean, I would advise the Court
```

08-01789-cgm    Doc 16506-2    Filed 08/11/17    Entered 08/11/17 16:39:10    Exhibit B
10-05143-smb    Doc 20    Filed 10/30/19    Entered 11/13/19 15:22:24    Main Document
Pg 12 of 18
Pg 108 of 124

Page 108

1  regarding the documents. And so, though we did not produce
2  -- although we did not object, the only documents my clients
3  will have -- they're not sophisticated parties, Judge, or
4  information they received from Madoff that they have no
5  doubt -- no. Now go and retrieve and send back to them -- I
6  mean --
7              THE COURT: The account schedules?
8              MR. WEDEEN: Yeah. That's really all they have.
9              THE COURT: What other documents were you seeking?
10             MS. HOCHMUTH: Your Honor, in the Marilyn Bernfeld
11 Trust, there are seven defendants. And they include a joint
12 venture, two partnerships and trusts. So we are seeking
13 trust documents that will help the trustee to determine if
14 there have been subsequent transfers of these. We would
15 like those. We would like customer statements. Any
16 information regarding organizational structure of these
17 entities. If the requests are deemed admitted, which we
18 believe they are by operation of Federal Rule 36, at that
19 point, we would no longer need to do discovery on the
20 initial transfers because we believe that the receipt of the
21 transfers would be proved as a matter of law.
22             THE COURT: Give me the chronology of when you
23 were reminding counsel that he had not responded to the
24 discovery, and specifically, the request for admissions.
25             MS. HOCHMUTH: Absolutely, Your Honor. If I can

08-01789-cgm    Doc 16506-2    Filed 08/14/17    Entered 08/14/17 16:39:10    Exhibit B
10-05143-smb    Doc 20    Filed 10/30/19    Entered 11/15/19 15:22:24    Main Document
                                     Pg 13 of 18
                                    Pg 109 of 124

Page 109

```
 1   point you to the letter that we filed on September 28th --
 2              THE COURT:  Yeah.
 3              MS. HOCHMUTH:  -- attached to that letter, we have
 4   each of the instances in which we've asked counsel to
 5   respond to the requests for admission.  Initially, it was
 6   the e-mail correspondences regarding disclosures.
 7              THE COURT:  What about the August 6th letter?
 8              MS. HOCHMUTH:  I have --
 9              THE COURT:  Does it remind him --
10              MS. HOCHMUTH:  Yes, Your Honor.  When we sent the
11   --
12              THE COURT:  I see.  On June --
13              MS. HOCHMUTH:  I have here, Your Honor, when we
14   sent -- we sent the request for admission on July 6th.  We
15   communicated with counsel as per the letter regarding an
16   extension of time.  We did allow counsel -- we're not taking
17   a hard line stance but we didn't agree to extend --
18              THE COURT:  What was the extension to?
19              MS. HOCHMUTH:  We extended the time -- counsel
20   asked when the responses were due in August that we extend
21   to the end of September.  Because of the fact discovery
22   deadline at that time, we agreed to extend it to September
23   4th.  We reminded counsel on September 1st that the
24   responses would be due on the 4th and that we looked forward
25   to receiving them.  We never did receive them.  I have a
```

08-01789-cgm Doc 16506-2 Filed 08/11/17 Entered 08/11/17 16:39:10 Exhibit B
Pg 14 of 18
10-05143-smb Doc 20 Filed 10/30/19 Entered 11/15/19 15:22:24 Main Document
Pg 110 of 124

Page 110

```
 1   letter here, September 1st.
 2              THE COURT:  I see that.
 3              MS. HOCHMUTH:  That's the final attempt.  And then
 4   --
 5              THE COURT:  I see you always had previously
 6   written to me about requesting a conference in this case.
 7              MS. HOCHMUTH:  Actually, what we did -- in that
 8   letter of September 1st, we had taken your ruling in the
 9   River Road matter where you had discussed deeming requests
10   for admissions and providing that to counsel as a warning.
11   This is three days before these were due saying Judge
12   Bernstein has just ruled in favor of deeming admissions in a
13   case.  If you don't do this, you need to do this.  This is
14   three days before they were due.  And still with that, Your
15   Honor, he didn't respond.
16              MR. WEDEEN:  May I respond?
17              THE COURT:  Well, let me just -- I just want to
18   understand the number of times you were warned.
19              MR. WEDEEN:  Judge, I --
20              THE COURT:  Let me just.  I don't think she's
21   done.  Go ahead.
22              MS. HOCHMUTH:  That would be it, Your Honor, is
23   that we gave counsel plenty of notice, three days before
24   they were due, and despite that, and attached to the
25   (indiscernible) hearing -- order.
```

08-01789-cgm Doc 16506-2 Filed 08/14/17 Entered 08/14/17 16:39:10 Exhibit B Pg 15 of 18
10-05143-smb Doc 205 Filed 10/30/19 Entered 11/13/19 15:22:24 Main Document Pg 111 of 124

Page 111

| | |
|---|---|
| 1 | THE COURT: What's the December 4th letter? |
| 2 | MS. HOCHMUTH: I'm sorry, Your Honor, on December |
| 3 | 4 -- Your Honor, December 4th of 2014, this was just in |
| 4 | reference at that time to the initial disclosures that had |
| 5 | been due as per the case management notices that were filed |
| 6 | in each of the cases at the end of August. At this time we |
| 7 | had not served additional discovery. |
| 8 | We prefer to be able to get disclosures, so that |
| 9 | at that time, we can focus our discovery. But when we |
| 10 | didn't get those initial disclosures, we eventually said |
| 11 | well, let's move forward with this, let's do our discovery. |
| 12 | I guess the problem I have, and the question I |
| 13 | have is there's a lot of reminders here that you're late, |
| 14 | and all you're telling me is your clients are not |
| 15 | sophisticated people, but you haven't told me what you did |
| 16 | to try and get the information, assuming that's enough, |
| 17 | because you're the agent and they're the principal, and they |
| 18 | ultimately have to suffer for failure to comply. |
| 19 | MR. WEDEEN: May I respond? First, Judge, counsel |
| 20 | was very diligent in reminding me; however, the reason I |
| 21 | requested until the least the end of September is I was away |
| 22 | for the latter part of August and early September with my |
| 23 | family. We then returned from the South Pacific and my |
| 24 | daughter had pneumonia. |
| 25 | I tried to reason with counsel, and say September |

Page 112

1    3rd is Labor Day weekend, that's really not sufficient

2    between having very observant clients and other things I

3    need some time.  The response was September 3rd and was told

4    that was it.

5           I was then forwarded these letter with the order

6    in the Davies (ph) matter, I happen to be acquainted with

7    the attorney, Mr. Abramson in that matter.  I took a look at

8    the order, and I don't have it in front of me, Your Honor,

9    but if memory serves me, the order you entered gave an

10   extension of time for the notice -- the admissions.  And so

11   I assumed that they were saying this is what we're going to

12   ask for, and the short extension of time in the answering

13   notices to admit seemed fair to me --

14           THE COURT:  They told you that they weren't going

15   to do it, right?

16           MR. WEDEEN:  Right, Judge.  But then they said

17   this is the order, this is what we're going to ask for, and

18   this is what the Judge gave us in the very similar case.

19   And in that particular order, Your Honor extended the time

20   to answer the unanswered admissions, if memory serves.

21           THE COURT:  So when did you think that your

22   responses were due?

23           MR. WEDEEN:  Judge, I thought it was --

24           THE COURT:  You just thought it was an open-ended

25   extension?

08-01789-cgm    Doc 16506-2    Filed 08/14/17    Entered 08/14/17 16:39:10    Exhibit B
Pg 173 of 824
10-05143-smb    Doc 20    Filed 10/30/19    Entered 11/15/19 15:22:24    Main Document
Pg 17 of 18

Page 113

1           MR. WEDEEN:  No, Your Honor.  I thought that I

2     would come in today, having met with some clients, and

3     having gotten two-thirds of them done in the sense that I

4     have the information that I need, that Your Honor would

5     entertain a short extension as Your Honor did in the case

6     that they cited with the order they presented.

7           THE COURT:  I don't remember the facts.

8           MR. WEDEEN:  But I'm just saying, Your Honor, so

9     when --

10          THE COURT:  How long the delay was, I just don't

11    remember that.

12          MR. WEDEEN:  And Mr. Davies, I -- for the record,

13    Judge, the defendant in that particular case, developed

14    (indiscernible) is a fairly sophisticated litigant.  So they

15    were extended that courtesy, I would request the same for my

16    clients.

17          THE COURT:  Again, I don't know what the facts of

18    that case are, but I'm not inclined to extend the date for

19    the request for admissions.  Counsel continually reminded

20    you, and I appreciate your telling me that you have

21    difficulty getting information from your clients, but it's

22    -- you know, it's months and months that have gone by and so

23    what I'll do is, I will deem the admissions admitted, I

24    don't even know what they are because I haven't seen them.

25    And the -- I'll enter an order compelling discovery through

08-01789-cgm Doc 16506-2 Filed 08/11/17 Entered 08/11/17 16:39:10 Exhibit B
10-05143-smb Doc 20 Filed 10/30/15 Entered 11/13/15 15:22:24 Main Document
Pg 18 of 18
Pg 114 of 124

Page 114

1   -- what do you have outstanding, document demands, what
2   else?
3           MS. HOCHMUTH:  We have a request for production
4   and interrogatories as well, Your Honor.
5           THE COURT:  Answer the interrogatories within 30
6   days, and produce all the documents within 30 days.  I don't
7   know if you have enough to move for summary judgment or not,
8   but you can make that determination, based on their request
9   for admission, but it's a fictitious profits case, it's --
10  as I said before, there are strict liability cases unless
11  the law changes.
12          So you can submit an order to -- you can submit an
13  order with a consent, not that you consent to the relief,
14  but you consent that the order accurately reflects the
15  disposition of the conference or if not, just
16  (indiscernible) whatever in notice.
17          MS. HOCHMUTH:  Yes, Your Honor.
18          THE COURT:  Okay.
19          MS. HOCHMUTH:  Thank you very much.
20          MR. WEDEEN:  Thank you.
21          THE COURT:  Pardon?
22          UNIDENTIFIED:  (indiscernible)
23          PHONE OPERATOR:  Excuse me, Your Honor.
24          THE COURT:  Uh-huh.
25          PHONE OPERATOR:  This is the operator, may I