**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>STEPHEN R. GOLDENBERG,<br><br>　　　　　Defendants. | Adv. Pro. No. 10-04946 (SMB) |

**JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Irving H. Picard (the "Trustee"), the trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), and defendant Stephen R. Goldenberg (together with the Trustee, the "Parties") hereby submit this Joint Statement of Undisputed Material Facts in connection with their forthcoming motions for summary judgment pursuant to the Stipulation for Entry of Scheduling Order ("Scheduling Order") entered by this Court on June 22, 2017 (ECF No. 57) and

Federal Rule of Civil Procedure 56 (made applicable by Federal Rule of Bankruptcy Procedure 7056).

1.      At all relevant times Bernard L. Madoff controlled BLMIS, first as its sole member, and thereafter as its chairman and chief executive.

2.      On December 11, 2008, Madoff was arrested for violating numerous federal criminal securities statutes.

3.      Contemporaneously, the Securities and Exchange Commission (the "SEC") commenced proceedings against BLMIS and Madoff in the United States District Court for the Southern District of New York (the "District Court") in a case captioned *Securities and Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.,* No. 08 CV 10791 (the "Liquidation Proceeding").

4.      On December 15, 2008, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC") pursuant to Section 78eee(a)(4)(A) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa, et seq. ("SIPA").

5.      Pursuant to section 78eee(a)(4)(B) of SIPA, SIPC filed an application in the District Court because BLMIS was not able to meet its obligations to securities customers as they became due and thus its customers needed the protections afforded by SIPA.

6.      BLMIS was, at all times relevant to this adversary proceeding, registered with the SEC as a broker-dealer under section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(b), and a member of the Financial Industry Regulatory Authority (formerly known as the National Association of Securities Dealers).

7. At all times relevant to this adversary proceeding, BLMIS was an investment adviser.

8. Madoff admitted to running a Ponzi scheme through BLMIS at all times relevant to this adversary proceeding.

9. BLMIS was operating a Ponzi scheme at all times relevant to this adversary proceeding.

10. BLMIS was insolvent from at least April 25, 1996, and all points after.

11. BLMIS utilized commingled customer monies to fund its operations, as well as to fund the withdrawal of fictitious profits and principal for other customers.

12. BLMIS' investment advisory business (the "Investment Advisory Business") did not actually trade securities for customers and did not generate any legitimate profits for customer accounts.

13. The Investment Advisory Business did not receive legitimate financial support from the other business units of BLMIS in amounts sufficient to satisfy the cash requirement needs of the Investment Advisory Business customer withdrawals.

14. The Investment Advisory Business did not receive any legitimate outside financial support from loans or otherwise.

15. BLMIS received each deposit with the intent to not apply such funds to the purchase of securities for the accounts of its clients.

16. In April of 1996, Mr. Goldenberg entered into an Account Agreement with BLMIS.

3

17.     Mr. Goldenberg's account was identified as account no. 1CM391 (the "Account").

18.     Mr. Goldenberg entered into an Account Agreement with BLMIS ( a true and accurate copy of which is attached as Exhibit A), in which Mr. Goldenberg provided BLMIS with investment discretion.

19.     Mr. Goldenberg opened the Account in good faith and with no knowledge of BLMIS' fraud.

20.     Columns 1 through 8 of Exhibit B to the Amended Complaint, attached hereto as Exhibit B, accurately reflect the complete history of the transactions to and from the Account.

21.     Column 3 of Exhibit B to the Amended Complaint accurately reflects the transaction amounts as reported in the customer statements for the Account.

22.     Column 4 of Exhibit B to the Amended Complaint accurately reflects the deposits made into the Account and Column 5 of Exhibit B to the Amended Complaint accurately reflects the withdrawals from the Account.

23.     Between April 25, 1996, and December 11, 2008, Mr. Goldenberg deposited a total of $5,000,000 into the Account and withdrew a total of $9,000,000 from the Account.

24.     As accurately reflected in Column 10 of Exhibit B to the Amended Complaint, Mr. Goldenberg withdrew $4,000,000 in excess of deposits between December 11, 2006 and December 11, 2008 (the "Two-Year Period").

25.     Mr. Goldenberg received the withdrawals made during the Two-Year Period.

26.     Mr. Goldenberg made each of his withdrawals in good faith, believing that he was entitled to these funds and lacking any knowledge of the Ponzi scheme.

27. BLMIS transferred the funds withdrawn by Mr. Goldenberg during the Two-Year Period with the actual intent to hinder, delay, or defraud some or all of its then existing and/or future creditors.

28. On December 2, 2010, the Trustee brought this adversary proceeding against the Mr. Goldenberg to avoid and recover $4,000,000, the difference between the total amounts deposited and withdrawn by Mr. Goldenberg in connection with the Account.

29. BLMIS accepted Mr. Goldenberg's funds for the stated purpose of trading securities for Mr. Goldenberg's benefit.

30. Mr. Goldenberg's only business relationship with BLMIS, a registered broker-dealer, was as a customer of its Investment Advisory Business.

31. Mr. Goldenberg did not invest in BLMIS, either as a partner, shareholder, or other equity stake holder. At no time did Mr. Goldenberg purport to own a share of, or have a financial stake in, the business of BLMIS.

32. Mr. Goldenberg received monthly Account statements from BLMIS reporting purported securities transactions effected on his behalf. At all times, BLMIS defrauded Mr. Goldenberg by intentionally misrepresenting the purported securities transactions in the Account. These misrepresentations made to Mr. Goldenberg were an integral and essential part of the fraud, and were made to avoid detection of the fraud, retain existing investors, and to lure other investors into the Ponzi scheme.

33. Mr. Goldenberg relied in good faith on BLMIS' reports of securities transactions that it purportedly made on behalf and for the benefit of Mr. Goldenberg's Account.

34. Mr. Goldenberg reasonably relied on the representations in the Account Agreement and account statements.

35. Mr. Goldenberg believed that BLMIS was a legitimate broker/investment advisor because it was registered with the SEC and was a member of SIPC.

36. BLMIS did not comply with its obligations under the Account Agreement.

37. Mr. Goldenberg was injured by BLMIS' fraud.

Dated:   July 25, 2017
         New York, New York

*/s/ Keith R. Murphy*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehand@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Joshua B. Rog
Email: jrog@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*/s/ Matthew A. Kupillas*
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
Telephone:  212.613.5697
Facsimile:  212.273.4331
Matthew A. Kupillas
Email: mkupillas@milberg.com

*Attorneys for Defendant Stephen R. Goldenberg*

Dated: August 16, 2017

**IT IS SO ORDERED:**

                                   **/s/  STUART M. BERNSTEIN**
                                   **STUART M. BERNSTEIN**
                                   **United States Bankruptcy Judge**

6