**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION
AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING
CLAIMS OF CLAIMANTS HOLDING INTERESTS IN THE SCHUPAK ACCOUNT**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a Managing Director at AlixPartners, LLP ("AlixPartners"), a consultant to,
and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated
liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard
L. Madoff.

2.      In December, 2008, AlixPartners was retained by the Trustee as the Trustee's
claims agent.  As the claims agent, AlixPartners was responsible for both mailing the notice of
the liquidation and claim forms to potential claimants and causing the notice of the liquidation to
be published.  AlixPartners has also been responsible for processing all claims submitted to the
Trustee and assisting the Trustee in reviewing each filed customer claim to determine whether
the asserted claim amount agrees with the "net equity" for that account.  In addition, as the
accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in

accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3.      I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4.      I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying Claims of Claimants Holding Interests in the Schupak Account (the "Motion").[1]

5.      At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS.  During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems.  I have reviewed the books and records of BLMIS and the filed customer claims, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6.      For purposes of the Motion, the Trustee selected BLMIS account 1S0224 held in the name of Donald Schupak, which account (referred to herein as the "Account" or "Account 1S0224") is listed on Exhibit 1.

7.      At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account in which the Objecting Claimants were claiming to have invested.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

8.      If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form.   The supplemental information may have included account statements, corporate formation documents, or other Objecting Claimants' explanations concerning their exposure to BLMIS.  The objections filed by Objecting Claimants generally also mention Donald Schupak. The results of that review are set out on Exhibits 2 and 3.

9.      Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to Donald Schupak and the Account.

10.     On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by the Objecting Claimants that AlixPartners was able to correlate to the Account.

11.     Exhibit 2 provides a list of the 12 claims and 12 docketed objections filed by the Objecting Claimants who claim to hold an interest in the Account and that have outstanding objections to the Trustee's determination of their claims.  Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers or individuals who filed the objection on behalf of the Objecting Claimants, and the Account number.  Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12.     Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13.     Donald Schupak submitted a direct customer claim on behalf of Account 1S0224.

14.     The amount of money that Donald Schupak withdrew from the Account was less than the amount that was deposited, making the Account a "net loser."

15.     Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for Account 1S0224.

16.     Attached hereto as Exhibit 5 is a true and correct copy of selected pages of claim 007975, filed with the Trustee by Donald Schupak.

17.     Attached hereto as Exhibit 6 is a true and correct copy of claim 007971, filed with the Trustee on behalf of the Andrew Astracahn Trust Dated 10/8/01.

18.     Attached hereto as Exhibit 7 is a true and correct copy of claim 007967, filed with the Trustee by Zachary Cahn.

19.     Attached hereto as Exhibit 8 is a true and correct copy of claim 007974, filed with the Trustee by Janice Schupak Frishkopf.

20.     Attached hereto as Exhibit 9 is a true and correct copy of claim 007969, filed with the Trustee by The Susan Sansone Pension Plan.

21.     Attached hereto as Exhibit 10 is a true and correct copy of claim 007966, filed with the Trustee by Amanda Schupak.

22.     Attached hereto as Exhibit 11 is a true and correct copy of claim 007973, filed with the Trustee by Andrew Schupak.

23.     Attached hereto as Exhibit 12 is a true and correct copy of claim 007964, filed with the Trustee by Cynthia Schupak.

24.     Attached hereto as Exhibit 13 is a true and correct copy of claim 007965, filed with the Trustee by Helen Schupak.

25.     Attached hereto as Exhibit 14 is a true and correct copy of claim 007970, filed with the Trustee by Jessica Schupak.

26.     Attached hereto as Exhibit 15 is a true and correct copy of claim 007963, filed with the Trustee by Philip Nicholas Schupak.

4

27.     Attached hereto as Exhibit 16 is a true and correct copy of claim 007968, filed with the Trustee on behalf of the Susan Sansone.

28.     Attached hereto as Exhibit 17 is a true and correct copy of claim 007972, filed with the Trustee by Maria Tirone Winston.

29.     The Account was in the name of Donald Schupak, not in the names of the respective Objecting Claimants, as detailed on Exhibit 1 attached hereto.  The books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants.  The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 16, 2017
New York, New York




_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022