**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF STEPHANIE ACKERMAN IN
SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM
OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS
OF CLAIMANTS HOLDING INTERESTS IN THE SCHUPAK ACCOUNT**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and for Bernard L. Madoff.

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of the Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying Claims of Claimants Holding Interests in the Schupak Account (the

"Motion"), the Trustee selected BLMIS account 1S0224 held in the name of Donald Schupak (the "Schupak Account").

4. A list of objecting claimants associated with the Schupak Account whose claims are addressed in the Motion is annexed as Exhibit 2 (the "Objecting Claimants") to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections that have been filed to date by Objecting Claimants associated with the Schupak Account, details of which objections are contained in Exhibits 2 and 3 to the Sehgal Declaration.

5. I supervised service of discovery, including Requests for Admissions, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. All of the Objecting Claimants failed to respond to discovery.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents, including the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the Schupak Account file contained in the books and records of BLMIS.

**Service of Requests for Admissions and Other Discovery**

7. I caused discovery to be served on all of the Objecting Claimants through their representative, Donald Schupak, using contact details from the claims, objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners, LLP. Each of the Trustee's discovery requests contained a certificate of service setting out how and when service was made.

8. Attached hereto as Exhibit 1 is a true and correct copy of the cover letter, Requests for Admissions, Interrogatories, Requests for Production, and Certificates of Service that were served on Donald Schupak on behalf of the Objecting Claimants.

**Objecting Claimants Failed To Respond To Requests For Admissions**

9. All Objecting Claimants received fourteen (14) substantively identical Requests for Admissions in their discovery packages.

10. No responses were received to the Trustee's discovery requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2017
New York, New York

                                            */s/ Stephanie Ackerman*
                                            Stephanie Ackerman
                                            Baker & Hostetler LLP
                                            45 Rockefeller Plaza
                                            New York, New York 10111