| | |
|---|---|
| **Young Conaway Stargatt & Taylor, LLP**<br>Rockefeller Center<br>1270 Avenue of the Americas<br>Suite 2210<br>New York, NY 10020<br>Telephone: (212) 332-8840<br>Facsimile: (212) 332-8855<br>Matthew B. Lunn<br>Justin P. Duda | Hearing Date: September 27, 2017 at 10:00 a.m.<br>Objections Due: September 21, 2017 |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff- Applicant,<br><br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br> v.<br><br>MELVIN B. NESSEL 2006 TRUST U/A/D 3/14/06; MELVIN B. NESSEL REVOCABLE TRUST; PAUL RAMPELL, in his capacity as Former Trustee for the Melvin B. Nessel Revocable | Adv. Pro. No. 10-04351(SMB) |

01:22216446.3

Trust and as former co-Trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06; NORTHERN TRUST N.A., in its capacity as successor Trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06; GAIL NESSEL; MICHAEL LIEB; and ROBERT LIEB,

　　　　　　　Defendants.

**MEMORANDUM IN SUPPORT OF THE MOTION FOR ENTRY OF
AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING SETTLEMENT AGREEMENT AND RELEASE BY AND AMONG
THE TRUSTEE AND MELVIN B. NESSEL TRUST U/A/D/ 3/14/06, THE NORTHERN
TRUST COMPANY, PAUL RAMPELL, GAIL NESSEL,
JOHN NESSEL, AND GREGORY ANTONIAZZI**

TO:　　THE HONORABLE STUART M. BERNSTEIN
　　　　UNITED STATES BANKRUPTCY JUDGE:

　　　　Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78*aaa-lll* ("SIPA")[1] and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the settlement agreement and release, dated July 12, 2017, attached hereto as Exhibit A (the "Settlement Agreement"), by and among the Trustee, on the one hand, and Melvin B. Nessel 2006 Trust u/a/d 3/14/06 for itself and as successor interest to the Melvin B. Nessel Revocable Trust (the "Nessel Trust"); The Northern Trust Company, as successor by merger to Northern Trust, N.A., f/k/a Northern Trust Bank of Florida, N.A., not individually, but in its

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

01:22216446.3

　　　　　　　　　　　　　2

capacity as successor trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06 ("Northern Trust"); Paul Rampell, not individually, but in his capacity as former trustee for the Melvin B. Nessel Revocable Trust and as former co-trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06; Gail Nessel; John Nessel; and Gregory Antoniazzi (each a "Settling Defendant" and collectively, the "Settling Defendants"),[1] on the other hand. The Trustee and the Settling Defendants shall be hereinafter referred to collectively as the "Settlement Parties."

In support of the Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. On November 12, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") to avoid and recover fraudulent transfers received by the Defendants in connection with the Nessel Trust's BLMIS Account No. 1N0004 (the "BLMIS Account") in an amount no less than $23,292,732 (collectively, the "Transfers")—$11,913,701 (the "Two-Year Transfers") of which Transfers reflects amounts received by one or more Defendants in the two-years prior to the Filing Date (as defined below). *Picard v. Melvin B. Nessel 2006 Trust u/a/d 3/14/06, et al.*, Case No. 10-04351 (SMB),[2] ECF No. 1 (the "Complaint").

2. Subject to approval by the Court, the Settlement Parties have entered into the Settlement Agreement, which represents a good faith, complete settlement of all disputes among the Settlement Parties related to the Transfers, the BLMIS Account, and the Adversary Proceeding. Under the Settlement Agreement, Northern Trust, as trustee for the Nessel Trust, on

---

[1] Robert Lieb and Michael Lieb are also defendants in the Adversary Proceeding (as defined below), but have not entered an appearance or a response in the Adversary Proceeding and are not parties to the Settlement Agreement. Furthermore, the relevant claims in the Adversary Proceeding previously have been dismissed without prejudice as to John Nessel and Gregory Antoniazzi. For purposes of this Motion, the Settlement Agreement, and ease of definition, John Nessel and Gregory Antoniazzi shall be referred to as Settling Defendants, and "Defendants" shall mean collectively, the Settling Defendants, Robert Lieb, and Michael Lieb.

[2] All ECF numbers referenced herein are applicable to Case No. 10-04351 (SMB), unless otherwise stated.

01:22216446.3

3

behalf of the Defendants, has agreed to pay to the Trustee an amount equal to $11,318,016 (the "Settlement Payment"), which represents ninety-five percent (95%) of the Two-Year Transfers sought by the Trustee in the Adversary Proceeding, payable within fifteen days of the Approval Date (as defined in the Settlement Agreement).

3. The Trustee's settlement with the Settling Defendants pursuant to the terms of the Settlement Agreement will avoid costly, uncertain and protracted litigation and provide for an immediate cash payment. The settlement embodied in the Settlement Agreement will benefit the fund of customer property as the proceeds will increase the funds available for distribution to BLMIS customers with allowed claims. The Trustee therefore respectfully requests that the Court approve the Settlement Agreement.

## BACKGROUND

**The Commencement of the BLMIS Liquidation Proceeding**

4. On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Adv. Pro. No. 08 CV 10791). In the complaint, the SEC alleged that the Debtors engaged in fraud through the investment advisor activities of BLMIS.

5. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its

---

[3] In this case, the Filing Date is the date on which the SEC commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS. See section 78lll(7)(B) or SIPA.

01:22216446.3

4

obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

6. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

   a. appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

   b. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   c. removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

7. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating Madoff's chapter 7 estate with the BLMIS SIPA proceeding.

## THE TRUSTEE'S CLAIMS AGAINST DEFENDANTS

8. The Nessel Trust maintained Account No. 1N0004 with BLMIS. The Trustee has identified $23,292,732 in fictitious profits—the Transfers—transferred by BLMIS to the Defendants from the BLMIS Account, including $11,913,701 in Two-Year Transfers.

9. On November 12, 2010, the Trustee filed the Complaint commencing the Adversary Proceeding against the Defendants, seeking to avoid and recover the Transfers under 11 U.S.C. §§ 544, 548, 550, and 551, SIPA § 78fff-(2)(c)(3), and the New York Debtor and Creditor Law §§ 270–281 ("Avoidance Power Claims").

10. The Settling Defendants have disputed liability regarding the Transfers and the Avoidance Power Claims. Following the commencement of the Adversary Proceeding, on April 17, 2014, certain of the Settling Defendants filed a motion to dismiss the Complaint raising defenses to the Avoidance Power Claims under Florida probate law, ECF No. 54 (the "Motion to Dismiss"). The other Settling Defendants filed related joinders to the Motion to Dismiss on

01:22216446.3

5

April 21, 2014, ECF No. 57, and May 12, 2014, ECF No. 58. The Motion to Dismiss remains outstanding pending settlement discussions among the Settlement Parties.

## SETTLEMENT DISCUSSIONS AND THE TRUSTEE'S INVESTIGATION

11. The Settling Defendants, through their respective counsel, have engaged in extensive arms' length and good faith settlement discussions aimed at resolving the Avoidance Power Claims.

12. In connection with the Adversary Proceeding, and prior to entering into the Settlement Agreement, the Trustee conducted a comprehensive investigation relating to the Transfers and the Settling Defendants' asserted defenses. The Trustee's investigation included, but was not limited to, review and analysis of all BLMIS-related transaction histories of the Settling Defendants, the relevant BLMIS Account statements, correspondence, financial records, and other records.

13. After a review of the relevant records and deliberate consideration of the uncertainty and risks inherent in this matter, the Trustee, in the exercise of his business judgment, has determined that it is appropriate to reach a resolution rather than to continue the Adversary Proceeding.

14. On July 12, 2017 the Settling Defendants executed the proposed Settlement Agreement attached hereto as Exhibit A.

## OVERVIEW OF THE SETTLEMENT AGREEMENT

15. The principal terms and conditions of the Settlement Agreement are generally as follows:[4]

---

[4] The summary of Settlement Agreement provided herein is not intended to be a comprehensive recitation of all of the respective terms of the Settlement Agreement. The summary is qualified in its entirety by the actual terms of the Settlement Agreement, and to the extent that there is any inconsistency between the summary provided herein and the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

01:22216446.3

6

    a.    Northern Trust, as trustee of the Nessel Trust, shall pay, on behalf of the Defendants, the Settlement Payment ($11,318,016) within fifteen days of the Approval Date by wire transfer or cashier check.

    b.    The Trustee shall release, remise, and forever discharge the Defendants on the specific terms set forth in the Settlement Agreement.

    c.    The Settling Defendants shall release, remise, and forever discharge the Trustee, his agents, and BLMIS and its consolidated estate on the specific terms set forth in the Settlement Agreement.

    d.    As soon as practicable after the Settlement Agreement is approved by this Court, counsel for the Trustee and the Settling Defendants shall execute and file a Stipulation of Dismissal dismissing the Adversary Proceeding with prejudice and without costs to either Trustee or the Defendants.

## RELIEF REQUESTED

16.    By this Motion, the Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed Order attached hereto as <u>Exhibit C</u>, approving the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## LEGAL BASIS

17.    Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994) (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

18.    The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below

01:22216446.3

7

the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation*." In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

19.  In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

   a.  the probability of success in the litigation;

   b.  the difficulties associated with collection;

   c.  the complexity of the litigation, and the attendant expense, inconvenience, and delay; and

   d.  the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; Nellis v. Shugrue, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 292 (2d Cir. 1992), c*ert. denied*, 506 U.S. 1088 (1993)).

20.  The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. at 594. The

competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122.  Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

21. The Settlement Agreement furthers the interest of the BLMIS customers by recovering ninety-five (95%) of the Two-Year Transfers.  Furthermore, the Settlement Agreement resolves all claims among the Settlement Parties regarding the Transfers and the BLMIS Account and avoids the cost, uncertainty and delay of what could otherwise be lengthy and contentious litigation regarding, among other things, the application of Florida probate law to the Avoidance Power Claims.  *See* Declaration of the Trustee in Support of the Motion, a true and accurate copy of which is attached hereto as <u>Exhibit B</u>.

## CONCLUSION

22. In sum, the Trustee submits that the Settlement Agreement should be approved to avoid lengthy, burdensome, uncertain and expensive litigation and because it represents a fair and reasonable compromise of the Avoidance Power Claims.  Because the Settlement Agreement is well within the "range of reasonableness" and confers a benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Settlement Agreement.

## NOTICE

In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the United States Attorney for the Southern District of New York; and (iii) counsel to the Settling Defendants.  Notice of this Motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all defendants in this adversary proceeding pursuant to the Order Establishing

Notice Procedures and Limiting Notice, Adv. Pro. No. 08-01789, ECF No. 4560.  The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form attached hereto as Exhibit C granting the relief requested in the Motion.

| | |
|---|---|
| Dated:  New York, New York<br>August 17, 2017 | Respectfully submitted<br><br>*/s/ Matthew B. Lunn*<br><br>Matthew B. Lunn<br>Email: mlunn@ycst.com<br>Justin P. Duda<br>Email: jduda@ycst.com<br>Young Conaway Stargatt & Taylor, LLP<br>Rockefeller Center<br>1270 Avenue of the Americas, Suite 2210<br>New York, New York 10020<br>Telephone:  (212) 332-8840<br>Facsimile: (212) 332-8855 |