# **EXHIBIT A**

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (this "Agreement") is made and entered into as of July 12, 2017, by and between Irving H. Picard, in his capacity as the Trustee ("Trustee") for the liquidation proceedings under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated Chapter 7 case of Bernard L. Madoff ("Madoff") pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), on the one hand, and Melvin B. Nessel 2006 Trust u/a/d 3/14/06 for itself and as successor interest to the Melvin B. Nessel Revocable Trust; The Northern Trust Company, as successor by merger to Northern Trust, N.A., f/k/a Northern Trust Bank of Florida, N.A., not individually, but in its capacity as successor trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06 ("Northern Trust"); Paul Rampell, not individually, but in his capacity as former trustee for the Melvin B. Nessel Revocable Trust and as former co-trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06; Gail Nessel; John Nessel; and Gregory Antoniazzi (each a "Settling Defendant" and collectively, the "Settling Defendants"),[1] on the other hand.   Trustee and each of the Settling Defendants shall be hereinafter referred to individually as a "Party" and collectively as the "Parties."

---

[1] Robert Lieb and Michael Lieb are also defendants in the Adversary Proceeding (as defined below), but have not entered an appearance or a response in the Adversary Proceeding and are not parties to this Agreement.    Furthermore, the relevant claims in this Adversary Proceeding previously have been dismissed without prejudice as to John Nessel and Gregory Antoniazzi.    For purposes of this Agreement and ease of definition, John Nessel and Gregory Antoniazzi shall be referred to as Settling Defendants, and "Defendants" shall mean collectively, the Settling Defendants, Robert Lieb, and Michael Lieb.

## <u>R E C I T A L S</u>

**WHEREAS**, BLMIS and its predecessor were registered broker-dealers with the United States Securities and Exchange Commission (the "<u>Commission</u>") and members of the Securities Investor Protection Corporation ("<u>SIPC</u>");

**WHEREAS**, on December 11, 2008, the Commission filed a complaint in the United States District Court for the Southern District of New York (the "<u>District Court</u>") against BLMIS and Madoff. On December 12, 2008, the District Court entered an order which, *inter alia*, appointed Lee S. Richards, Esq. as receiver (the "<u>Receiver</u>") for the assets of BLMIS (No. 08-CV-10791(LSS));

**WHEREAS**, on December 15, 2008, pursuant to section 5(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with the application of SIPC. Thereafter, SIPC filed an application in the District Court under section 5(a)(3) of SIPA alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. On December 15, 2008, the District Court granted the SIPC application and entered an order under SIPA, which, in pertinent part, appointed Trustee as the trustee for the liquidation of the business of BLMIS under section 5(b)(3) of SIPA, removed the Receiver as the receiver for BLMIS, and removed the case to the Bankruptcy Court under section 5(b)(4) of SIPA, where it is currently pending as Case No. 08-01789 (SMB) (the "<u>SIPA Proceeding</u>"). By Order dated June 9, 2009, the estate of Madoff (the "<u>Madoff Estate</u>") was substantively consolidated with the estate of BLMIS;

**WHEREAS**, pursuant to section 78fff-1(a) of SIPA, Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), as well as the powers granted pursuant to SIPA. Chapters

01:21637926.5

1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA;

**WHEREAS**, under SIPA, Trustee is charged with the responsibility to marshal and liquidate the assets of BLMIS for distribution to BLMIS customers and others in accordance with SIPA in satisfaction of allowed claims, including through the recovery of avoidable transfers such as preference payments and fraudulent transfers made by BLMIS;

**WHEREAS,** Trustee's claims against transferees who received avoidable transfers from BLMIS arise under SIPA, including sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3), sections 105(a), 541, 544, 547, 548, 550(a) and 551 of the Bankruptcy Code, the New York Debtor and Creditor Law § 270 *et seq.* (McKinney 2001) and other applicable laws;

**WHEREAS**, pursuant to an order of the Bankruptcy Court, dated December 23, 2008 (the "Claims Procedures Order", Case No. 08-01789 (SMB),[2] ECF No. 12), Trustee is authorized to enter into settlements with claimants in connection with any claims upon which there is a disagreement, provided that Trustee obtains the approval of SIPC.  Pursuant to the Claims Procedures Order, no further order of the Bankruptcy Court is necessary as long as any obligations incurred by the BLMIS estate under the settlements are ascertainable from the books and records of BLMIS or are otherwise established to the satisfaction of Trustee;

**WHEREAS**, pursuant to an order of the Bankruptcy Court, dated November 12, 2010 (the "Settlement Order", ECF No. 3181), Trustee is authorized to enter into settlement agreements with transferees in settlement of avoidable transfers without Bankruptcy Court approval, subject to the limitations and procedures set forth therein.  Pursuant to the Settlement Order, provided that the proposed settlement meets the settlement standards established by the Bankruptcy Court,

---

[2] All ECF numbers referenced herein are applicable to Case No. 08-01789 (SMB), unless otherwise stated.

including, without limitation, the approval of the proposed settlement by SIPC, no further order of the Bankruptcy Court is necessary for the settlement of any and all avoidable transfers in an amount up to and including Twenty Million United States Dollars ($20,000,000.00);

**WHEREAS**, on November 12, 2010, Trustee commenced an adversary proceeding in the Bankruptcy Court against the Defendants in an action captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Melvin B. Nessel 2006 Trust u/a/d 3/14/06, et al.*, Adv. Pro. No. 10-04351 (SMB) (the "Adversary Proceeding");

**WHEREAS**, Trustee alleges that the Defendants received avoidable transfers in the aggregate amount of at least Twenty-Three Million Two Hundred Ninety-Two Thousand Seven Hundred Thirty-Two United States Dollars ($23,292,732) (the "Transfers") in connection with BLMIS Account No. 1N0004 (the "BLMIS Account");

**WHEREAS**, Defendants did not file a claim in connection with the BLMIS Account;

**WHEREAS**, Settling Defendant Gail Nessel maintained two separate accounts with BLMIS, Account Nos. 1N0025 (the "Gail Nessel Settled Account") and 1A0121 (the "Gail Nessel Claim Account," and together with the Gail Nessel Settled Account, the "Gail Nessel Accounts");

**WHEREAS**, the Trustee commenced an adversary proceeding in the Bankruptcy Court against Settling Defendant Gail Nessel in connection with the Gail Nessel Settled Account in an action captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Nessel*, Adv. Pro. No. 10-04395 (SMB) (the "Gail Nessel Adversary Proceeding"). The Gail Nessel Adversary Proceeding was the subject of a separate settlement agreement between the Trustee and Settling Defendant Gail Nessel and was dismissed with prejudice by stipulated order (Gail Nessel Adversary Proceeding ECF No. 43);

**WHEREAS**, Settling Defendant Gail Nessel filed a customer claim (Claim Number 006115) (the "Gail Nessel Claim") with respect to the Gail Nessel Claim Account;

**WHEREAS**, Settling Defendant John Nessel maintained two separate accounts with BLMIS, Account Nos. 1N0009 and 1N0039 (collectively, the "John Nessel Accounts");

**WHEREAS**, the Trustee commenced an adversary proceeding in the Bankruptcy Court against Settling Defendant John Nessel in connection with the John Nessel Accounts in an action captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Nessel*, Adv. Pro. No. 10-04701 (SMB) (the "John Nessel Adversary Proceeding").  The John Nessel Adversary Proceeding was the subject of a separate settlement agreement between the Trustee and Settling Defendant John Nessel and was dismissed with prejudice by stipulated order (John Nessel Adversary Proceeding ECF No. 41);

**WHEREAS**, the Parties desire to settle any and all claims and disputes the Parties may have against each other with respect to the Transfers without the expense, delay, and uncertainty of litigation.

## DEFINITIONS

The following definition shall apply to and constitute part of this Agreement and all schedules, exhibits and annexes hereto:

"Unknown Claims" shall mean any Released Claims (as defined in Section 3 herein), that each Settling Defendant does not know or suspect to exist in his/her/its favor at the time of giving the release in this Agreement that if known by him/her/it, might have affected his/her/its settlement and release in this Agreement.  With respect to any and all Released Claims, each Settling Defendant shall expressly waive or be deemed to have waived, the provisions, rights and benefits of California Civil Code section 1542 (to the extent it applies herein), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Settling Defendant expressly waives, and shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code section 1542. Each Settling Defendant may hereafter discover facts in addition to or different from those that he/she/it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Defendant shall expressly have and shall be deemed to have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence or such different or additional facts. Each Settling Defendant acknowledges and shall be deemed to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**NOW THEREFORE**, for the good and valuable consideration set forth herein, the adequacy and sufficiency of which is recognized for all purposes, the Parties agree as follows:

1.      Bankruptcy Court Approval; Effective Date; Settlement Payment Obligation.

(a)      This Agreement is subject to, and shall become effective and binding on the Parties upon: (i) the Bankruptcy Court's approval of the Agreement in the SIPA Proceeding by an order

(the "Approval Order") that is no longer subject to appeal, review or rehearing by any court of competent jurisdiction (such date, the "Approval Date"), and (ii) receipt by the Trustee of the Settlement Payment (as defined below) (such date, the "Effective Date").   If the Approval Order is subject to a timely appeal or stay, the Approval Date shall not occur until the Approval Order becomes final and no longer subject to any appeal or stay, provided, however, the Settling Defendants, in their sole and absolute discretion, collectively may waive the requirement for a final and non-appealable Approval Order.   The Trustee shall use reasonable efforts to obtain approval of this Agreement in the SIPA Proceeding as promptly as practicable after execution of this Agreement.

(b)    In consideration for the covenants and agreements set forth in this Agreement and for other good and valuable consideration (including, without limitation, the release set forth in Section 2), the receipt and sufficiency of which are hereby acknowledged for purposes of this settlement only, Northern Trust, in its capacity as successor trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06, shall pay to Trustee, on behalf of each of the Defendants, within fifteen (15) days of the Approval Date, the amount of Eleven Million Three Hundred Eighteen Thousand Sixteen United States Dollars ($11,318,016) (the "Settlement Payment") by: (i) wire transfer of immediately available funds to the account specified on Schedule 1 attached hereto, or (ii) bank or cashier's check made payable to Trustee, provided that satisfaction of Trustee's obligations hereunder shall be conditioned on the collection of such funds by Trustee.

2.    Release by Trustee.

(a)    In consideration for the covenants and agreements set forth in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect to any rights arising under this Agreement, Trustee hereby

releases, remises and forever discharges only the Settling Defendants from any and all past, present or future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, that are, have been, could have been, or might in the future be, asserted by Trustee on behalf of BLMIS, Madoff, and/or the consolidated BLMIS/Madoff estate, against the Settling Defendants based on, arising out of, or relating in any way to BLMIS, the Madoff Estate, the BLMIS Account or the Transfers.

(b)     Notwithstanding the foregoing release contained in <u>Section 2(a)</u>, the Settling Defendants are not released under this Agreement from liability for any transfers that he/she/it may have received in connection with any account other than the BLMIS Account and which are avoidable and recoverable under SIPA, including SIPA sections 78fff(b), 78fff-1(a), and 78fff-2(c)(3), sections 105(a), 541, 544, 547, 548, 550(a), and 551 of the Bankruptcy Code, the New York Debtor and Creditor Law § 270 *et seq.* (McKinney 2001) and other applicable laws.

(c)     <u>Dismissal of Adversary Proceeding</u>.  As soon as practicable after the Effective Date, counsel for Trustee and the Settling Defendants shall respectively execute, and Trustee shall subsequently file, a Stipulation of Dismissal substantially in the form attached hereto as <u>Exhibit A</u> dismissing the Adversary Proceeding with prejudice and without costs to either Trustee or the Defendants.

3.     <u>Release by the Settling Defendants</u>.

(a)    Each Settling Defendant, on behalf of himself/herself/itself and his/her/its executors, administrators, heirs and assigns hereby releases, remises, and forever discharges: (a) Trustee, (b) all of Trustee's attorneys, professionals, agents and consultants, and (c) BLMIS and its consolidated estate from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown (including Unknown Claims), now existing or arising in the future, arising out of or in any way related to BLMIS, the Madoff Estate, the BLMIS Account or the Transfers (the "Released Claims").

(b)    Notwithstanding the foregoing release contained in Section 3(a), nothing contained herein shall be deemed a waiver, release, withdrawal, reduction, or satisfaction of the Gail Nessel Claim by Settling Defendant Gail Nessel, or to compromise the Gail Nessel Claim in any way.

4.    General Representations and Warranties.

(a)    Trustee hereby represents and warrants to the Settling Defendants that he has the full power, authority and legal right to execute and deliver this Agreement and to perform his obligations hereunder and has taken all necessary action to authorize the execution, delivery and performance of his obligations under this Agreement.

(b)    Each entity Settling Defendant hereby represents and warrants to Trustee that: (i) it has the full power, authority and legal right to execute and deliver this Agreement and to perform

its obligations hereunder, and that the person who signs this Agreement on its behalf is duly authorized and empowered to sign and thereby bind such Settling Defendant to this Agreement; (ii) the execution and delivery of this Agreement and the performance by such Settling Defendant of its obligations hereunder have been duly and validly authorized by all necessary action on the part of such Settling Defendant; (iii) this Agreement has been duly executed and delivered by such Settling Defendant and constitutes the valid and binding agreement of such Settling Defendant, enforceable against such Settling Defendant in accordance with its terms; (iv) in executing this Agreement, such Settling Defendant has done so with the full knowledge of any and all rights that such Settling Defendant may have with respect to the controversies herein compromised, and such Settling Defendant has received or has had the opportunity to obtain independent legal advice from its attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity, other than those specifically identified herein, has any interest in the matters that such Settling Defendant releases herein, and such Settling Defendant has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that such Settling Defendant releases herein.

(c)       Each individual Settling Defendant hereby represents and warrants to Trustee that: (i) he or she has the full power, authority, legal right and capacity to execute and deliver this Agreement and to perform his or her obligations hereunder; (ii) this Agreement has been duly executed and delivered by such Settling Defendant and constitutes the valid and binding agreement of such Settling Defendant, enforceable against such Settling Defendant in accordance with its terms; (iii) in executing this Agreement, such Settling Defendant has done so with the full knowledge of any and all rights that such Settling Defendant may have with respect to the controversies herein compromised, and such Settling Defendant has received or has had the

opportunity to obtain independent legal advice from his or her attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (iv) no other person or entity, other than those specifically identified herein, has any interest in the matters that such Settling Defendant releases herein, and such Settling Defendant has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that such Settling Defendant releases herein.

5.    <u>Additional Representations and Warranties by Settling Defendants</u>.    To induce Trustee to enter into this Agreement, each Settling Defendant represents and warrants, to the best of his/her/its knowledge, information and belief, that: (1) other than the Transfers as referenced on Exhibit B of the Complaint filed in the Adversary Proceeding and any transfers received by Settling Defendant Gail Nessel in connection with the Gail Nessel Accounts and any transfers received by Settling Defendant John Nessel in connection with the John Nessel Accounts, Settling Defendant has not received any money, funds, loans, transfers, assets, financial assistance or financial accommodation from Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS; (2) Settling Defendant is not an immediate, mediate or subsequent transferee of any funds or property originating from Madoff or BLMIS to an initial transferee, other than as set forth in Exhibit B of the Complaint filed in the Adversary Proceeding and as may be related to the BLMIS Account, the Gail Nessel Accounts, or the John Nessel Accounts; and (3) Settling Defendant is not aware of any potential claims against Settling Defendant by Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS other than as related to the BLMIS Account.

6.    <u>Termination of Agreements with BLMIS</u>.    Any and all prior agreements between the Settling Defendants and BLMIS with respect to the BLMIS Account are hereby terminated as of

the date of this Agreement.    For avoidance of doubt, any and all prior settlement agreements between the Trustee and a Settling Defendant remain in full force and effect.

7.    <u>Further Assurances</u>.  Each Party shall execute and deliver any document or instrument reasonably requested by the other Party after the date of this Agreement to effectuate the intent of this Agreement.

8.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement and understanding between the Parties pertaining to the subject matter hereof and supersedes any and all prior or contemporaneous agreements, representations and understandings of the Parties concerning the subject matter hereof.

9.    <u>Amendment; Waiver</u>.  This Agreement may not be terminated, amended or modified in any way except by written instrument signed by all Parties.   No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

10.    <u>Assignment</u>.  This Agreement may not be assigned by either Party without the prior written consent of the other Party.

11.    <u>Successors</u>.  This Agreement shall be binding upon, inure to the benefit of and be enforceable against the Parties and their respective estates, heirs, personal representatives, executors, successors and permitted assigns.

12.    <u>Negotiated Agreement</u>.  This Agreement has been fully negotiated by the Parties.   Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

01:21637926.5

13.     <u>Severability</u>.   In the event that any term or provision of this Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this Agreement and any other application of such term or provision shall not be affected thereby.

14.     <u>Counterparts; Electronic Copy of Signatures</u>.   This Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document.   Each Party may evidence its execution of this Agreement by delivery to the other Party of scanned or faxed copies of its signature, with the same effect as the delivery of an original signature.

15.     <u>Governing Law</u>.   This Agreement and any claim related directly or indirectly to this Agreement shall be governed by and construed in accordance with the laws of the State of New York (without regard to the principles of conflicts of law thereof), the Bankruptcy Code and SIPA. Each Party hereby waives on behalf of himself/herself/itself and his/her/its successors and assigns any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

16.     <u>JURISDICTION; WAIVER OF JURY TRIAL</u>.

(a)     THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY AND ALL DISPUTES BETWEEN OR AMONG THE PARTIES, WHETHER IN LAW OR EQUITY, ARISING OUT OF OR RELATING TO THIS AGREEMENT.   IN THE EVENT THE BLMIS PROCEEDING IS CLOSED BY A FINAL DECREE AND NOT REOPENED, THE PARTIES AGREE THAT ANY DISPUTE ARISING OUT OF THIS AGREEMENT MAY BE BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR THE SUPREME COURT OF THE STATE OF NEW YORK IN NEW YORK COUNTY.

(b)    EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST
EXTENT PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL BY
JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS
AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

17.   <u>Confidentiality</u>.   The Parties agree to keep this Agreement confidential and not to disclose
this Agreement except: (i) to their respective attorneys, professionals, agents and consultants; (ii)
to SIPC or the Commission or any of their respective employees; and (iii) as required by law or
legal process (including, for the avoidance of doubt, pursuant to a request by any governmental
body or instrumentality).   If either Party is required by law or legal process to disclose this
Agreement to any party covered by clause (iii) above, such Party will, if practicable, give the other
Party prompt notice of such request so that such other Party may seek an appropriate protective
order at its sole cost and expense.   In the absence of a protective order, the Party so required may
disclose this Agreement, provided that it will request that confidential treatment be accorded to the
identity of each Settling Defendant.   Notwithstanding the foregoing, either Party may disclose
this Agreement or the terms thereof in connection with any litigation concerning the subject matter
herein.

18.   <u>Expenses</u>.   Each Party shall bear its respective expenses relating to or arising out of the
Adversary Proceeding and this Agreement, including, but not limited to, fees for attorneys,
experts, consultants, accountants and other advisors.

19.   <u>Notices</u>.   All notices, requests, demands, consents and communications necessary or
required under this Agreement shall be in writing and shall be delivered by hand or sent by
registered or certified mail, return receipt requested, by overnight mail with confirmation, by
facsimile (receipt confirmed) or by electronic means (receipt confirmed), in each case addressed

and copied as set forth on the applicable signature page hereto.   A Party may change its address

for receiving notice by giving notice of a new address in the manner provided herein.   All such

notices, requests, demands, consents and other communications shall be deemed to have been duly

given or sent two (2) days following the date on which mailed, or on the date on which delivered

by courier or by hand or by facsimile or electronic transmission (receipt confirmed), as the case

may be, and addressed as aforesaid.

20.    <u>No Third Party Beneficiaries</u>.   Except as expressly provided in <u>Section 2</u> or <u>Section 3</u>, the

Parties do not intend to confer any benefit by or under this Agreement upon any person or entity

other than the Parties hereto and their respective successors and permitted assigns.

21.    <u>Captions and Rules of Construction</u>.   The captions in this Agreement are inserted only as a

matter of convenience and for reference and do not define, limit or describe the scope of this

Agreement or the scope or content of any of its provisions.   Any reference in this Agreement to a

section is to a section of this Agreement.   "Including" is not intended to be a limiting term.

**IN WITNESS WHEREOF**, each Party has caused this Agreement to be duly executed

and delivered as of the date set forth above.

**TRUSTEE**

**IRVING H. PICARD, THE TRUSTEE FOR THE LIQUIDATION PROCEEDINGS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND THE SUBSTANTIVELY CONSOLIDATED BANKRUPTCY CASE OF BERNARD L. MADOFF**

Address:
Irving H. Picard
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Facsimile: (212) 589-4201

By: _____
       Irving H. Picard, Trustee

With copies to:
Young Conaway Stargatt & Taylor, LLP
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, New York 10020
Attention:   Matthew B. Lunn
Facsimile: (212) 332-8855

Sworn and subscribed before me this
12 day of July_____, 2017.

_____
Notary Public

Gracemary Curbelo
Notary Public, State of New York
No. 01CU6288700, Qualified in Westchester County
Certificate filed in New York County
Commission Expires 9/9/17

[TRUSTEE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

01:21637926.5

**SETTLING DEFENDANT**

Address:
11301 US Highway One
North Palm Beach, FL   33408

**Melvin B. Nessel 2006 Trust u/a/d 3/14/06**

By: _____
    Name: Philip Engman
    Title: Senior Vice President,
            The Northern Trust Company

Sworn and subscribed before me this
13th day of June _____, 2017.

_____
Notary Public

MELISSA S. SCHULTE
Notary Public - State of Florida
My Comm. Expires Aug 3, 2017
Commission # FF 038857

[SETTLING DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**SETTLING DEFENDANT**

**The Northern Trust Company, successor by merger to Northern Trust, N.A., f/k/a Northern Trust Bank of Florida, N.A., not individually but in its capacity as Successor Trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06**

Address:
11301 US Highway One
North Palm Beach, FL   33408

By: _____
Name: Philip Engman
Title: Senior Vice President

Sworn and subscribed before me this
13th day of June _____, 2017.

_____
Notary Public

MELISSA S. SCHULTE
Notary Public - State of Florida
My Comm. Expires Aug 3, 2017
Commission # FF 038857

[SETTLING DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

01:21637926.5

**SETTLING DEFENDANT**

Address:

[ 400 ROYAL PALM WAY ]

[ SUITE 410 ]

[ PALM BEACH, FL ]

[ 33480 ]

By: 

        Paul Rampell, not individually but in his capacity
as          former Trustee of the Melvin B. Nessel
Revocable Trust and former co-Trustee of the Melvin B.
Nessel 2006 Trust u/a/d 3/14/0

Sworn and subscribed before me this
13th day of June_____, 2017.

_____
Notary Public

CHRISTINE SAXTON
MY COMMISSION # GG081343
EXPIRES March 14, 2021

[SETTLING DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**SETTLING DEFENDANT**

Address:

[ 200 Bradley Place ]
[ Apt 504 ]
[ Palm Beach, Florida 33480 ]
[ ]

By: X _Gail Nessel_

Gail Nessel

Sworn and subscribed before me this
21st day of _JUNE_, 2017.

_Notary Public_

ANDREW P CACCAVARI
Official Seal
Notary Public - State of Illinois
My Commission Expires Aug 1, 2020

[SETTLING DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

01:21637926.5

## SETTLING DEFENDANT

Address:

[ 3530 SEA VIEW ] ST
[ SARASOTA, FL ]
[ 34239 ]

By: _____
John Nessel

Sworn and subscribed before me this
14 day of _____JUNE_____, 2017.

_____
Notary Public

[SETTLING DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

## SETTLING DEFENDANT

Address:

[ 19 LanTern Lane ]

[ Boston MA 02132 ]

[                    ]

[                    ]

By: 

Gregory Antoniazzi

Sworn and subscribed before me this
12 day of June , 2017.

Notary Public

BARRY L. SOLAR
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires On
July 20, 2023

[SETTLING DEFENDANT SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

## SCHEDULE 1

### Wiring Instructions

REDACTED

<u>Exhibit A</u>

Stipulation of Dismissal

**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Justin P. Duda

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>v.<br><br>MELVIN B. NESSEL 2006 TRUST U/A/D 3/14/06; MELVIN B. NESSEL REVOCABLE TRUST; PAUL RAMPELL, in his capacity as Former Trustee for the Melvin B. Nessel Revocable Trust and as former co-Trustee of the Melvin B. | Adv. Pro. No. 10-04351 (SMB) |

Nessel 2006 Trust u/a/d 3/14/06; NORTHERN
TRUST N.A., in its capacity as successor Trustee of
the Melvin B. Nessel 2006 Trust u/a/d 3/14/06;
GAIL NESSEL; MICHAEL LIEB; and ROBERT
LIEB,

                    Defendants.

## STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL WITH PREJUDICE OF ADVERSARY PROCEEDING

Irving H. Picard (the "Trustee") as trustee for the liquidation of the business of Bernard L

Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa

*et seq.*, and the substantively consolidated estate of Bernard L. Madoff, by and through his

undersigned counsel, and Defendants Melvin B. Nessel 2006 Trust u/a/d 3/14/06, for itself and as

successor in interest to the Melvin B. Nessel Revocable Trust; The Northern Trust Company, as

successor by merger to Northern Trust, N.A., f/k/a Northern Trust Bank of Florida, N.A., not

individually, but in its capacity as successor trustee of the Melvin B. Nessel 2006 Trust u/a/d

3/14/06 ("Northern Trust"); Paul Rampell, not individually, but in his capacity as former trustee

for the Melvin B. Nessel Revocable Trust and as former co-trustee of the Melvin B. Nessel 2006

Trust u/a/d 3/14/06; and Gail Nessel (collectively, the "Settling Defendants"),[1] by and through

their undersigned counsel, hereby stipulate and agree to the following:

In accordance with Federal Rule of Bankruptcy Procedure 7041(a)(1)(A)(ii) and Federal

Rule of Civil Procedure 41(a)(1)(A)(ii), the Trustee and the Settling Defendants hereby stipulate to

a dismissal with prejudice of the Trustee's claims against the Defendants in the above-captioned

adversary proceeding without costs to either the Trustee or the Defendants.

---

[1] Robert Lieb and Michael Lieb are also defendants in the above-captioned adversary proceeding (the "Adversary Proceeding"), but have not entered an appearance or a response in the Adversary Proceeding.   The Settling Defendants, Robert Lieb, and Michael Lieb shall be referred to herein collectively as the "Defendants".

Dated: _____, 2017

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

By: ___/s/ Matthew B. Lunn_____
Matthew B. Lunn
Justin P. Duda
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone:   (212) 332-8840
Facsimile: (212) 332-8855
Email:   mlunn@ycst.com

*Attorneys for Plaintiff Irving H. Picard, Trustee
for the Liquidation of Bernard L. Madoff
Investment Securities LLC*

By: ___/s/ Scott A. Ziluck_____
Alan D. Halperin
Scott A. Ziluck
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street - 37th Floor
New York, New York 10005
Telephone: (212) 765-9100
Facsimile:   (212) 765-0964
Email:   ahalperin@halperinlaw.net
            sziluck@halperinlaw.net

*Attorneys for Gail Nessel*

Dated: _____, 2017
New York, New York

NORTON ROSE FULBRIGHT US LLP

By: ___David A. Rosenzweig_____
David A. Rosenzweig
666 Fifth Avenue
New York, New York 10103-3198
Telephone: (212) 318-3400
Facsimile: (212) 318-3400
Email:   drosenzweig@fulbright.com

*Attorneys for Northern Trust, N.A. as
Successor Trustee to the Melvin B. Nessel 2006
Trust*

By: ___/s/ Jonathon D. Warner_____
Jonathon D. Warner
WARNER & SCHEUERMAN
6 West 18th Street, 10th floor
New York, NY 10011
Telephone: (212) 924-7111
Facsimile: (212) 924-6111
Email:
jdwarner@warnerandscheuerman.com

*Attorneys for Paul Rampell, as Former
Trustee for the Melvin B. Nessel Revocable
Trust and as former co-Trustee of the
Melvin B. Nessel 2006 Trust*

SO ORDERED

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE