# **EXHIBIT B**

**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Justin P. Duda

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff- Applicant,<br><br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br>v.<br><br>MELVIN B. NESSEL 2006 TRUST U/A/D 3/14/06; MELVIN B. NESSEL REVOCABLE TRUST; PAUL RAMPELL, in his capacity as Former Trustee for the Melvin B. Nessel Revocable Trust and as former co-Trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06; NORTHERN TRUST N.A., in its capacity as successor Trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06; GAIL NESSEL; MICHAEL LIEB; and ROBERT | Adv. Pro. No. 10-04351(SMB) |

01:22222811.2

LIEB,

           Defendants.

**DECLARATION OF IRVING H. PICARD IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENT AND RELEASE BY AND AMONG THE TRUSTEE AND MELVIN B. NESSEL TRUST U/A/D/ 3/14/06, THE NORTHERN TRUST COMPANY, PAUL RAMPELL, GAIL NESSEL, JOHN NESSEL, AND GREGORY ANTONIAZZI**

    1.    I am the trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78*aaa-lll*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff (together with BLMIS, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Declaration in support of the motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement and release, dated July 12, 2017 (the "Settlement Agreement"), by and among the Trustee, on the one hand, and Melvin B. Nessel 2006 Trust u/a/d 3/14/06 for itself and as successor interest to the Melvin B. Nessel Revocable Trust (the "Nessel Trust"); The Northern Trust Company, as successor by merger to Northern Trust, N.A., f/k/a Northern Trust Bank of Florida, N.A., not individually, but in its capacity as successor trustee of the Melvin B. Nessel 2006 Trust u/a/d 3/14/06 ("Northern Trust"); Paul Rampell, not individually, but in his capacity as former trustee for the Melvin B. Nessel Revocable Trust and as former co-trustee of the Melvin B. Nessel 2006

Trust u/a/d 3/14/06; Gail Nessel; John Nessel; and Gregory Antoniazzi (each a "<u>Settling Defendant</u>" and collectively, the "<u>Settling Defendants</u>"),[1] on the other hand.

2. I make this Declaration based upon my own personal knowledge or upon information I believe to be true.

3. All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4. I believe that the terms of the Settlement Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Settlement Agreement should be approved by this Court. The Settlement Agreement resolves all issues regarding the Avoidance Power Claims in the Adversary Proceeding without the need for protracted and costly litigation, the outcome of which is uncertain. Litigating the Avoidance Power Claims would undoubtedly be costly and complex, create further delay, and would involve litigation risk associated with, among other things, the application of Florida probate law to the unique facts of this Adversary Proceeding.

5. As part of the Settlement Agreement, the Settling Parties have reached a good faith, arms' length, complete, and total compromise of the Avoidance Power Claims asserted against the Settling Defendants in this Adversary Proceeding.

6. The Settlement Agreement furthers the interest of BLMIS customers, among other things, by adding $11,318,016.00 to the customer property fund for distribution to BLMIS customers with allowed claims.

---

[1] Robert Lieb and Michael Lieb are also defendants in the Adversary Proceeding, but have not entered an appearance or a response in the Adversary Proceeding and are not parties to the Settlement Agreement. Furthermore, the relevant claims in the Adversary Proceeding previously have been dismissed without prejudice as to John Nessel and Gregory Antoniazzi. For purposes of this Motion, the Settlement Agreement, and ease of definition, John Nessel and Gregory Antoniazzi shall be referred to as Settling Defendants.

01:22222811.2

3

7. Given the complexities involved in proceeding with further litigation of this Adversary Proceeding, I have determined, in the exercise of my business judgment, that the Settlement Agreement represents a fair compromise of the Avoidance Power Claims against the Settling Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2017.

_____
Irving H. Picard, Trustee