# BakerHostetler

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

James H. Rollinson
direct dial: 216.861.7075
jrollinson@bakerlaw.com

August 17, 2017

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nysb.uscourtsgov

Re: *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* Adv. Pro. No. 08-01789 (SMB) — *Picard v. Shapiro, et al.,* Adv. Pro. No. 10-05383 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff. We write in response to the letter dated July 14, 2017 (ECF No. 77) from counsel for Defendants Stanley Shapiro, David Shapiro, Kenneth Citron, Leslie Citron, and S&R Investment Company requesting a conference, under Local Bankruptcy Rule 7007-1(b) and your Honor's Chambers Rules, concerning a discovery dispute in the above-referenced proceeding.

For more than a year, the Trustee has sought stipulations from Defendants relating to the initial transfers underlying the Trustee's net-equity calculations for the relevant accounts in this proceeding. After multiple efforts to reach such stipulations failed, the Trustee issued subpoenas to several financial institutions in an attempt to verify certain of the transfers. Only after the Trustee issued the subpoenas did Defendants, through their counsel, commit to entering into the Trustee's proposed stipulations. Despite this commitment, Defendants have not stipulated. We did not respond to Defendants' July 14, 2017 letter earlier because we believed that Defendants would in fact stipulate. In the event that they do, a good portion of the current dispute relating to transfers they received from BLMIS will be resolved.

What will remain in dispute in connection with the subpoenas is whether the Trustee may seek third-party discovery regarding Stanley Shapiro's efforts to withdraw funds from BLMIS in advance of its inevitable collapse. The Trustee seeks this discovery to substantiate his position that Mr. Shapiro knew of fraud at BLMIS and therefore is not entitled to Section 546(e) safe

harbor protection, the most significant issue in this case. Evidence that Mr. Shapiro withdrew large sums of funds from BLMIS and invested them elsewhere following his direct involvement in fraud at BLMIS is probative of his state of mind. "Since bad faith and evil intent involve intangible mental processes, proof of willfulness usually must be accomplished by means of circumstantial evidence. This being so, trial courts should follow a liberal policy in admitting evidence directed towards establishing the defendant's state of mind. No evidence which bears on this issue should be excluded unless it interjects tangential and confusing elements which clearly outweigh its relevance." *United States v. Collorafi*, 876 F.2d 303, 305 (2d Cir. 1989) (internal citations omitted). Indeed, in the criminal proceedings brought against other BLMIS employees, the prosecution was allowed to offer and rely upon, as evidence of their consciousness of guilt, the fact that George Perez and Jerry O'Hara liquidated their investment advisory accounts in 2006 shortly after finding out that Frank DiPascali had given false testimony to the SEC about BLMIS's investment advisory business. *See United States v. Bonventre et al.*, No. 10 CR 228 LTS, Trial Transcript (ECF No. 932 at pp. 122-123

Although moot as to the subpoenas,[1] there is a further issue the Trustee brings to the Court's attention. In his letter requesting a Rule 7007 conference, Defendants' counsel maintains that, through the subpoenas *as well as* sets of Requests for Admission and Requests for Production, the Trustee improperly seeks discovery relating to transfers received by David Shapiro and Leslie Citron which "relate[] solely to causes of action that have been dismissed." *See* ECF No. 77 at 2. This is not the case. As discussed during a previous Rule 7007 conference before your Honor (*see* transcript, attached hereto as Exhibit A, at pp. 42:2-44:8), the Trustee is entitled to seek discovery to confirm the receipt of initial transfers made by BLMIS in connection with, among others, Account Nos. 1SH028 and 1SH030, which were held by Stanley Shapiro in his capacity as trustee of irrevocable trusts respectively established by David Shapiro and Leslie Citron. The Trustee has the right to this discovery to meet his burden on the claims he *still* maintains in connection with these two accounts. *See id.* at p. 52:15-21.[2] In answering the Trustee's Second Amended Complaint, Defendants concede as much – they assert, as part of their second affirmative defense, that the Trustee has failed "to describe each specific transfer and its recipients [sic]." *See* Answer (ECF No. 66 at pp. 24-25). Despite acknowledging the relevance of who received which specific initial transfer from their BLMIS accounts, Defendants continue to resist the Trustee's efforts to obtain discovery targeted at this very issue.

For the foregoing reasons, the Trustee respectfully joins the Defendants in their request for a conference on August 23, 2017 to resolve the instant discovery dispute.

---

[1] Respective counsel to JPMorgan Chase Bank, N.A. and Bank of America, N.A. have advised that they have no documents responsive to the subpoenas seeking records of accounts held by either David Shapiro, Leslie Shapiro Citron or Kenneth Citron. However, counsel for JPMorgan Chase Bank, N.A. and Wells Fargo Advisors, LLC have advised that they have documents responsive to the subpoenas seeking records of accounts held by Stanley Shapiro.

[2] Following the prior Rule 7007 conference held on February 7, 2017 and after the parties met and conferred on April 6, 2017, the Trustee wrote to Defendants' counsel on June 7, 2017, seeking, *inter alia*, responses to certain of the Trustee's Requests for Admission and Requests for Production concerning the initial transfers from BLMIS as well as Stanley Shapiro's role as trustee and knowledge of fraud. *See* Exhibits B and C attached hereto. Defendants have neither responded to the Trustee's June 7, 2017 letter nor have they produced any documents in response to the Trustee's requests.

August 17, 2017
Page 3

**BAKER & HOSTETLER LLP**

By: /s/ *James H. Rollinson*
127 Public Square
Cleveland, Ohio 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
James H. Rollinson
Email: jrollinson@bakerlaw.com

*and*

45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Ona T. Wang
Email: owang@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC and the consolidated estate of Bernard L. Madoff*