# BakerHostetler

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

James H. Rollinson
direct dial: 216.861.7075
jrollinson@bakerlaw.com

June 7, 2017

**U.S. MAIL & EMAIL**

Barry R. Lax
Lax & Neville, LLP
1450 Broadway, 35th Floor
New York, New York 10018

Re:    *Picard v. Shapiro, et al.,* Adv. Pro. No. 10-05383 (SMB)

Dear Barry:

We write regarding Mr. Shapiro's responses to the two sets of requests for admission (the "RFAs") that the Trustee served on July 22, 2016 and to which he responded on November 4, 2016. Following the Rule 7007 conference held on February 7, 2017 and the parties' April 6, 2017 meet-and-confer, the Trustee continues to believe, for the reasons described below, Mr. Shapiro's objections to certain of the Trustee's RFAs are meritless.

To avert another Rule 7007 conference and motion practice, we request that Mr. Shapiro supplement or amend his prior responses to the RFAs set forth below. From the first set of RFAs, the Trustee expects Mr. Shapiro to admit or deny the following:

- Admit that Exhibit 4 to the Trustee's first set of requests is a true and correct copy of a note which was written by Mr. Shapiro in his capacity as trustee of the Leslie Shapiro 1985 Trust (No. 26);
- Admit that in the note attached as Exhibit 4, Mr. Shapiro instructed BLMIS to begin, as of January 1998, making monthly distributions or transfers in the amount of $7,500 from BLMIS Account No. 1SH030 (the "Portfolio Account") (No. 27);
- Admit that Exhibit 6 to the Trustee's first set of requests is a true and correct copy of a note which was written by Mr. Shapiro in his capacity as trustee of the Leslie Shapiro 1985 Trust (No. 33);
- Admit that as set forth in the note attached as Exhibit 6, Mr. Shapiro instructed BLMIS to begin, as of January 2000, making monthly distributions or transfers in the amount of $10,000 from the Portfolio Account (No. 34);
- Admit that in April 2003, Mr. Shapiro arranged for BLMIS to wire the sum of $1,250,000.00 into a bank account held either solely or jointly in Leslie S. Citron's name from the Portfolio Account. (No. 42);

- Admit that Exhibit 14 to the Trustee's first set of requests is a true and correct copy of a note which, although it may contain other handwriting, was written by Mr. Shapiro in his capacity as trustee of the Leslie Shapiro 1985 Trust (No. 51);
- Admit that in the note attached as Exhibit 14 to the Trustee's first set of requests, Mr. Shapiro instructed BLMIS to wire money in the amount of $700,000 from the Portfolio Account (No. 52); and
- Admit that in or about December 2005, Mr. Shapiro caused BLMIS to reportedly transfer the sum of $1,700,600.00 from the Portfolio Account (No. 55).

From the second set of RFAs, the Trustee expects Mr. Shapiro to admit or deny the following:

- Admit that Exhibit 4 to the Trustee's second set of requests is a true and correct copy of a note which was written by Mr. Shapiro in his capacity as trustee of the David Shapiro 1989 Trust (No. 21);
- Admit that in the note attached as Exhibit 4, Mr. Shapiro instructed BLMIS to begin, as of January 1998, making monthly distributions or transfers in the amount of $7,500 from BLMIS Account No. 1SH028 (the "Portfolio Account") (No. 22);
- Admit that Exhibit 6 to the Trustee's second set of requests is a true and correct copy of a note which was written by Mr. Shapiro in his capacity as trustee of the David Shapiro 1989 Trust (No. 28);
- Admit that in the note attached as Exhibit 6, Mr. Shapiro instructed BLMIS to begin, as of January 2000, making monthly distributions or transfers in the amount of $10,000 from the Portfolio Account (No. 29);
- Admit that in April 2003, Mr. Shapiro arranged for BLMIS to wire the sum of $1,200,000.00 into a bank account held by David Shapiro from the Portfolio Account (No. 37); and
- Admit that Exhibit 8 to the Trustee's second set of requests is a true and correct copy of a note which, although it may contain other handwriting, was written by Mr. Shapiro requesting a transfer from S&R Investment Co. account 1SH172 (No. 39).

Mr. Shapiro previously objected to each of foregoing requests as irrelevant and related only to claims that have been dismissed. These objections are misplaced. The requests seek information concerning two of the Shapiro Family's "Core Accounts" (*i.e.*, Nos. 1SH028 and 1SH030) and Mr. Shapiro's role as trustee of the Leslie Shapiro 1985 Trust and the David Shapiro 1989 Trust. Judge Bernstein denied the Shapiro Family's motion to dismiss claims against Mr. Shapiro seeking to avoid and recover transfers made by BLMIS in connection with these Accounts. *See Order Granting in Part and Denying in Part Defendants' Motion to Dismiss*, dated February 28, 2016, ¶ 5(b–c); *see also Memorandum Decision Granting in Part and Denying in Part Defendants' Motion to Dismiss*, dated November 25, 2015, pp. 21–22. Accordingly, under Federal Rule of Civil Procedure 26(b)(1), the Trustee may obtain discovery regarding any non-privileged matter that is relevant to the claims pending against Mr. Shapiro as trustee of the Leslie Shapiro 1985 Trust and the David Shapiro 1989 Trust.

Moreover, the Bankruptcy Court already has rejected Mr. Shapiro's relevancy objection. As Judge Bernstein made clear during the Rule 7007 conference:

> As a general proposition, as long as the [BLMIS] account is still in dispute or generally Stanley Shapiro's liability, with respect to the account [that] is still in dispute, the money that was deposited, the money that was withdrawn, and what he knew about BLMIS are relevant, even if the particular defendant who's asked that question is no longer in the case. (Hearing Transcript, p. 52:11-17);

Because the foregoing RFAs concern actions Mr. Shapiro took in connection with certain Core Accounts which are still the subject of avoidance claims against him, he is required to respond to them. Please confirm by June 16, 2017 that he will do so.

If you should have any questions, please contact me or Torello H. Calvani.

Sincerely,

James H. Rollinson
Partner

cc:  Ona T. Wang
     Torello H. Calvani

300443532.3