

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

Richard G. Haddad
Member of the Firm
rhaddad@otterbourg.com
212 905 3622

August 17, 2017

VIA ECF

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. Estate of Richard M. Stark, et al.*, Adv. Pro. No. 10-04971 (SMB) (Bankr. S.D.N.Y.) and *Picard v. Thomas L. Stark, et al.*, Adv. Pro. No. 10-05295 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

We represent the defendants in these adversary proceedings. This letter is written in response to the letter from Dominic A. Gentile, Esq., counsel for the Trustee, to the Court dated August 14, 2017, requesting a conference to discuss "discovery issues." We are available to participate in such a conference at the Court's and parties' convenience.

In advance of that conference, we thought it would be useful to bring to the Court's attention several matters which Mr. Gentile failed to mention in his letter:

1. After waiting from 2010 until 2017 to commence discovery in these adversary proceedings, on June 28, 2017, Mr. Gentile served 245 discovery requests, including 197 requests for admission, 23 document requests and 25 interrogatories (some of which have multiple parts) seeking information going back well over ten years. Believing that the parties' energies and assets might be better served elsewhere, I asked Mr. Gentile whether the Trustee would be willing to participate in a mediation with the defendants. Mr. Gentile responded that the Trustee refused to participate in any mediation with the defendants until he had received discovery responses from the defendants. When I asked Mr. Gentile what discovery the Trustee needed prior to agreeing to participate in a mediation, he responded "everything."

2. I also advised Mr. Gentile that many of his discovery requests were improper or overbroad, and attempted to discuss some of the Trustee's discovery requests with him. However, Mr. Gentile refused to discuss any of the Trustee's discovery requests with me until he had received formal responses to all 245 of his requests. This is, in my view, a disappointing and wasteful practice.

4863276.1



Honorable Stuart M. Bernstein
August 17, 2017
Page 2

3. Mr. Gentile initially agreed that he would extend the defendants' time to respond to the Trustee's discovery requests until the end of August if the defendants agreed to a date for any depositions. In response, we proposed that any depositions take place during the first two weeks of September. Mr. Gentile indicated that he was available on five dates. However, while I was still communicating with the defendants regarding a date for any depositions, Mr. Gentile apparently reneged on his agreement to give the defendants until the end of August to respond to his voluminous written discovery requests, and, as stated in Mr. Gentile's letter to the Court, he now takes the position that he never agreed to give an extension to respond to those requests beyond August 11, 2017.

4. This is not the first time that Mr. Gentile has reneged (or tried to renege) on an agreement regarding scheduling in these adversary proceedings. During a meeting at the Trustee's counsel's offices on May 21, 2014, we reached an agreement with the Trustee's counsel regarding scheduling, which Mr. Gentile documented in an e-mail to me on June 4, 2014, at 11:37 a.m. Mr. Gentile subsequently reneged on that agreement -- another disappointing and unprofessional act.

5. A cynic might infer that, by refusing to mediate, refusing to discuss any of the Trustee's written discovery requests until after the defendants respond to all 245 of those requests, reneging on his agreement to extend the time to respond to those massive requests, and now seeking Court intervention regarding his massive discovery requests, before we even have a chance to respond, the Trustee's counsel is attempting to run up both sides' legal fees and harass the defendants. Some of my clients are an estate of a gentlemen who passed away many years ago and his widow, who has Alzheimer's disease and resides in an assisted living facility. Indeed, during the course of this completely unnecessary discovery dispute, the Trustee has demonstrated so little regard for the costs of litigating these cases that he sent us the same letter by both e-mail and Federal Express. I wonder how many other letters were unnecessarily sent by FedEx, when email delivers for free? Considering the large number of adversary proceedings the Trustee has commenced, tactics such as these by the Trustee may well have wasted thousands, if not tens or hundreds of thousands, of dollars of SIPC funds.

4863276.1



Honorable Stuart M. Bernstein
August 17, 2017
Page 3

      We will be pleased to address these issues at a conference.

      Thank you for your consideration.

                                                      Respectfully submitted,

                                                      Richard G. Haddad

cc:    Dominic A. Gentile, Esq.
        Keith R. Murphy, Esq.
        Robertson D. Beckerlegge, Esq.
        Andrew S. Halpern, Esq.

4863276.1