Exhibit 1

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br> v. <br><br> POTAMKIN FAMILY FOUNDATION, INC., <br><br> Defendant. | Adv. Pro. No. 10-05069 (SMB) <br><br> **FINAL JUDGMENT ON CONSENT** |

**WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, substantively consolidated with the liquidation under chapter 7 of the Bankruptcy Code 11 U.S.C. § 101 *et seq.* of the estate of Bernard L. Madoff ("Madoff"), currently pending in United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Case No. 08-01789 (SMB);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the estates of BLMIS and Madoff;

**WHEREAS**, on December 2, 2010, the Trustee commenced the above-captioned adversary proceeding in the Bankruptcy Court, alleging, *inter alia*, that Defendant received avoidable transfers in the aggregate amount of Eight Hundred and Ninety-Six Thousand, Five Hundred United States Dollars ($896,500.00) (the "Avoidable Transfers") in connection with BLMIS Account No. 1P0107 (the "Account");

**WHEREAS**, on or about July ___, 2017, the Trustee and Defendant entered into a Settlement Agreement and Release (the "Settlement Agreement") in order to settle the Trustee's Claims against Defendant upon the terms set forth therein;

**WHEREAS**, pursuant to the terms of the Settlement Agreement, on or about July ___, 2017, the Trustee and Defendant entered into a Stipulation for Entry of Final Judgment on Consent (the "Stipulation");

**WHEREAS**, pursuant to the terms of the Settlement Agreement and the Stipulation, Defendant has consented to the entry of final judgment against it with respect to the Trustee's claims and the Avoidable Transfers; and

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Avoidable Transfers are avoidable and avoided under section 548 of the Bankruptcy Code, SIPA and other applicable state law and are recoverable under sections 550 and/or 551 of the Bankruptcy Code, SIPA and applicable state law.

2. Subject to the terms of that certain Settlement Agreement and Stipulation, and as set forth in the recitals above, judgement is hereby entered in favor of the Trustee and against Defendant in the amount of $896,500.00. The Clerk is instructed to enter judgment for the Plaintiff in such amount.

3. This judgment is defined and limited as set forth herein and by the terms of the Settlement Agreement and Stipulation.

4. This Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order.

The Clerk shall enter judgment and close the case.

                    SO ORDERED

Dated: _____, 2017     HON. STUART M. BERNSTEIN
New York, New York     UNITED STATES BANKRUPTCY JUDGE