**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>Plaintiff,<br><br>v.<br><br>AARON D. LEVEY REVOCABLE LIVING TRUST; WENDY KAPNER; and SANDRA MOORE,<br><br>Defendants. | Adv. Pro. No. 10-04894 (SMB) |

**STIPULATION AND ORDER DISMISSING SANDRA MOORE FROM ADVERSARY PROCEEDING**

WHEREAS, on December 2, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Sandra Moore (the "Defendant") in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, Defendant submitted to the Trustee a hardship application (the "Hardship Application") requesting that the Trustee agree to dismiss Defendant from the Adversary Proceeding. In support of the Hardship Application, Defendant submitted to the Trustee financial statements and other information, all under penalty of perjury; and

WHEREAS, in reliance on the representations made by Defendant in the Hardship Application and other representations and/or materials submitted by Defendant in support of the Hardship Application, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss Defendant from the Adversary Proceeding without prejudice;

IT IS HEREBY agreed and stipulated between the Trustee and Defendant as follows:

1. Defendant hereby affirms (i) that all representations made by Defendant and all materials provided by Defendant have been submitted by Defendant as true and correct under penalty of perjury and (ii) that the Trustee has relied upon these materials in exercising his discretion to dismiss the Adversary Proceeding without prejudice.

2. Defendant hereby agrees that to the extent it is subsequently determined that Defendant deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with the Hardship Application, the Defendant hereby agrees (i) that the Trustee shall have the right to reinstitute the Adversary Proceeding against Defendant and/or pursue other remedies available to him and (ii) that Defendant agrees that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims and notwithstanding section 546(a) of the Bankruptcy Code, Defendant hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3. Pursuant to Fed. R. Civ. P. 41(a), made applicable by Fed. R. Bankr. P. 7041(a), the Trustee and Defendant hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof, Trustee's claims against Defendant are dismissed without prejudice.

4. Defendant represents that she has reviewed and discussed this Stipulation and Order with counsel.

5. Upon dismissal of Defendant, the caption of the adversary proceeding is hereby amended to delete Defendant from the caption. The amended caption of the Adversary Proceeding shall appear as indicated in Exhibit A of this Stipulation and Order.

6. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original. This Stipulation and Order is subject to the approval of the Bankruptcy Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Date: August 25, 2017

| **BAKER & HOSTETLER LLP** | **WACHTEL MISSRY LLP** |
|---|---|
| By: /s/ Nicholas J. Cremona<br>David J. Sheehan<br>Nicholas J. Cremona<br>BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York<br>Telephone: (212) 589-4200<br>Fax: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | By: /s/ Howard Kleinhendler<br>Howard Kleinhendler<br>Sarah Spiegelman<br>WACHTEL MISSRY LLP<br>One Dag Hammarskjold Plaza<br>885 Second Avenue<br>New York, NY 10017<br>Telephone: (212) 909-9522<br>Fax: (212) 909-9417<br><br>*Attorneys for Defendant Joel R. Levey* |

**SO ORDERED:**

**By: /s/ STUART M. BERNSTEIN**
**HON. STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Date: August 25th, 2017**

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>AARON D. LEVEY REVOCABLE LIVING TRUST; and WENDY KAPNER,<br><br>Defendants. | Adv. Pro. No. 10-04894 (SMB) |