EXECUTION COPY

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (this "Agreement") is made and entered into as of August 28, 2017, by and between Irving H. Picard, in his capacity as the trustee ("Trustee") for the liquidation proceedings under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated Chapter 7 case of Bernard L. Madoff ("Madoff") pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), on the one hand, and Miles Q. Fiterman Revocable Trust, Miles Q. Fiterman Non-Exempt Marital Trust, Towers Management Company LLC, Fiterman GST Exempt Marital Trust, and Miles Fiterman Family Trust (collectively, the "Entity Defendants"), and Shirley Fiterman, individually, and in her capacity as Trustee for the Miles Q. Fiterman Revocable Trust, Steven Fiterman, individually, and in his capacity as Trustee for the Miles Q. Fiterman Revocable Trust, Valerie Herschman, individually, and in her capacity as Trustee for the Miles Q. Fiterman Revocable Trust, Karen Wasserman, Lynn Guez, Stephanie Fiterman (*f/k/a* Stephanie Rosenthal), Miles Q. Fiterman II, and Matthew Fiterman (collectively, the "Individual Defendants", and together with the Entity Defendants, "Transferees"), on the other hand.  Trustee and Transferees shall be hereinafter referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

**WHEREAS**, BLMIS and its predecessor were registered broker-dealers with the United States Securities and Exchange Commission (the "Commission") and members of the Securities Investor Protection Corporation ("SIPC");

**WHEREAS**, on December 11, 2008 (the "Filing Date"), the Commission filed a complaint in the United States District Court for the Southern District of New York (the "District

Court") against BLMIS and Madoff.  On December 12, 2008, the District Court entered an order which, among other things, appointed Lee S. Richards, Esq. as receiver (the "Receiver") for the assets of BLMIS (No. 08-CV-10791(LSS));

**WHEREAS**, on December 15, 2008, pursuant to section 5(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with the application of SIPC. Thereafter, SIPC filed an application in the District Court under section 5(a)(3) of SIPA alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.  On December 15, 2008, the District Court granted the SIPC application and entered an order under SIPA, which, in pertinent part, appointed Trustee as the trustee for the liquidation of the business of BLMIS under section 5(b)(3) of SIPA, removed the Receiver as the receiver for BLMIS, and removed the case to the Bankruptcy Court under section 5(b)(4) of SIPA, where it is currently pending as Case No. 08-01789 (SMB).   By Order dated June 9, 2009, the estate of Madoff (the "Madoff Estate") was substantively consolidated with the estate of BLMIS;

**WHEREAS**, pursuant to section 78fff-1(a) of SIPA, Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), as well as the powers granted pursuant to SIPA.  Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA;

**WHEREAS**, under SIPA, Trustee is charged with the responsibility to marshal and liquidate the assets of BLMIS for distribution to BLMIS customers and others in accordance with SIPA in satisfaction of allowed claims, including through the recovery of avoidable transfers such as preference payments and fraudulent transfers made by BLMIS;

**WHEREAS,** Trustee's claims against transferees who received avoidable transfers from BLMIS arise under SIPA, including sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3), sections 105(a), 541, 548, 550(a) and 551 of the Bankruptcy Code and other applicable laws;

**WHEREAS**, pursuant to an order of the Bankruptcy Court, dated December 23, 2008 (the "Claims Procedures Order", Case No. 08-01789 (SMB),[1] ECF No. 12), Trustee is authorized to enter into settlements with claimants in connection with any claims upon which there is a disagreement, provided that Trustee obtains the approval of SIPC. Pursuant to the Claims Procedures Order, no further order of the Bankruptcy Court is necessary as long as any obligations incurred by the BLMIS estate under the settlements are ascertainable from the books and records of BLMIS or are otherwise established to the satisfaction of Trustee;

**WHEREAS**, on November 30, 2010, Trustee commenced an adversary proceeding in the Bankruptcy Court in an action captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Miles Q. Fiterman Revocable Trust; Miles Q. Fiterman Non-Exempt Marital Trust; Towers Management Company LLC; Fiterman GST Exempt Marital Trust; Miles Fiterman Family Trust; Shirley Fiterman, individually, and in her capacity as Trustee for the Miles Q. Fiterman Revocable Trust and the Miles Q. Fiterman Non-Exempt Marital Trust; Steven Fiterman, individually, and in his capacity as Trustee for the Miles Q. Fiterman Revocable Trust and the Miles Q. Fiterman Nonexempt Marital Trust; Valerie Herschman, individually, and in her capacity as Trustee for the Miles Q. Fiterman Revocable Trust and the Miles Q. Fiterman Non-Exempt Marital Trust; Karen Wasserman; Lynn Guez; Stephanie Rosenthal; Miles Q. Fiterman II; and Matthew Fiterman*, Adv. Pro. No. 10-04337 (SMB) (the "Adversary Proceeding");

---

[1] All ECF numbers referenced herein are applicable to Case No. 08-01789 (SMB), unless otherwise stated.

**WHEREAS**, subsequent to the filing of the Complaint, Brian M. O'Connell, Esq., of the firm Ciklin Lubitz & O'Connell, replaced Shirley Fiterman, Steven Fiterman, and Valerie Herschman as trustee for the Miles Q. Fiterman Non-Exempt Marital Trust, thereafter becoming the sole trustee for same;

**WHEREAS**, on June 22, 2015, the Supreme Court of the United States denied certiorari of Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), and thus Section 546(e) of the Bankruptcy Code applies to this Adversary Proceeding;

**WHEREAS**, pursuant to the complaint filed in the Adversary Proceeding, as amended on December 10, 2010 (the "Complaint"), Trustee alleges that Transferees received avoidable transfers in the aggregate amount of Thirty Eight Million Three Hundred Fifty Six Thousand Nine Hundred Ninety Two United States Dollars ($38,356,992.00) in connection with BLMIS account No. 1F0200 (the "BLMIS Account") within the two years prior to the Filing Date (the "Avoidable Transfers");

**WHEREAS**, Entity Defendant Miles Q. Fiterman Non-Exempt Marital Trust filed Claim No. 002973 in connection with the BLMIS Account, which was denied by Trustee pursuant to the Notice of Trustee's Determination of Claim dated October 26, 2010 (the "Determination Notice");

**WHEREAS**, no Transferee has filed an objection to the Determination Notice;

**WHEREAS,** Individual Defendant Shirley Fiterman filed Claim No. 003156 (the "1F0198 Claim") in connection with BLMIS Account No. 1F0198, which claim has not been previously determined by Trustee;

**WHEREAS**, Trustee has determined that between the opening of BLMIS Account No. 1F0198 and the Filing Date, on an overall basis, One Million Five Hundred Five Thousand

4

United States Dollars ($1,505,000.00) more in principal was deposited or transferred into BLMIS Account No. 1F0198 than was withdrawn during the life of the account;

**WHEREAS**, Individual Defendant Steven Fiterman, as Manager of non-defendant third-party Fairway II LLC, an entity whose members include Individual Defendants Steven Fiterman, Valerie Herschman, Karen Wasserman and Lynn Guez, filed Claim No. 003077 (the "1F0190 Claim") in connection with BLMIS Account No. 1F0190 (together with BLMIS Account No. 1F0198, the "Related Accounts"), an account in the name Fairway Partnership II, which claim has not been previously determined by Trustee;

**WHEREAS**, Trustee has determined that between the opening of BLMIS Account No. 1F0190 and the Filing Date, on an overall basis, Two Hundred Seventy Two Thousand United States Dollars ($272,000.00) more in principal was deposited or transferred into BLMIS Account No. 1F0190 than was withdrawn during the life of the account;

**WHEREAS**, the Complaint expresses Trustee's desire to disallow the 1F0198 Claim and the 1F0190 Claim pursuant to Bankruptcy Code section 502(d) in the context of the claims allowance process;

**WHEREAS**, the Complaint also expresses Trustee's desire to disallow non-defendant MSM Investment Group LLC Claim No. 003162 in connection with BLMIS Account No. 1M0246, but such claim was allowed by the Trustee in October 2014 as a result of separate negotiations;

**WHEREAS**, the Parties desire to settle any and all claims and disputes the Parties may have against each other with respect to the Adversary Proceeding, the BLMIS Account, the Related Accounts and the Avoidable Transfers without the expense, delay and uncertainty of litigation.

# **D E F I N I T I O N**

The following definition shall apply to and constitute part of this Agreement and all schedules, exhibits and annexes hereto:

"Unknown Claims" shall mean any Released Claims (as defined in Section 4 herein), that Transferees do not know or suspect to exist in their favor at the time of giving the release in this Agreement that if known by them, might have affected their settlement and release in this Agreement. With respect to any and all Released Claims, Transferees shall expressly waive or be deemed to have waived, the provisions, rights and benefits of California Civil Code section 1542 (to the extent it applies herein), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Transferees expressly waive, and shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code section 1542. Transferees may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Transferees shall expressly have and shall be deemed to have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence or such different or additional facts. Transferees acknowledge and shall be deemed to have

acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**NOW THEREFORE**, for the good and valuable consideration set forth herein, the adequacy and sufficiency of which is recognized for all purposes, the Parties agree as follows:

1.    <u>Determinations</u>.  For purposes of this settlement and in consideration for the covenants and agreements set forth in this Agreement and for other good and valuable consideration (including, without limitation, the release set forth in <u>Section 3</u>), the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the following determinations:

(a)    As soon as practicable after the Settlement Payment (as defined in <u>Section 2</u> herein) has been received in full by Trustee, the 1F0198 Claim shall be determined, settled, compromised and allowed in the total amount of One Million Five Hundred Five Thousand United States Dollars ($1,505,000.00) (the "<u>1F0198 Allowed Claim</u>") pursuant to a Notice of Trustee's Determination of Claim, in the form attached hereto as <u>Exhibit B</u>.  Shirley Fiterman hereby waives the thirty (30) day objection period in connection with such determination, and such determination shall be deemed final as of the date of Trustee's receipt of the Settlement Payment.

(b)    As soon as practicable after the Settlement Payment has been received in full by Trustee, the 1F0190 Claim shall be determined, settled, compromised and allowed in the total amount of Two Hundred Seventy Two Thousand United States Dollars ($272,000.00) (the "<u>1F0190 Allowed Claim</u>") pursuant to a Notice of Trustee's Determination of Claim, in the form attached hereto as <u>Exhibit C</u>.  Steven Fiterman, on behalf of Fairway II LLC, hereby waives the thirty (30) day objection period in connection with such determination, and such determination shall be deemed final as of the date of Trustee's receipt of the Settlement Payment.

(c)    The Determination Notice, as relates to Claim No. 002973, shall continue in full force and effect and shall be deemed final and not subject to dispute.

2.    <u>Settlement Payment Obligation; Stipulated Judgment in the Event of Default</u>.

(a)    In consideration for the covenants and agreements set forth in this Agreement and for other good and valuable consideration (including, without limitation, the release set forth in <u>Section 3</u>), the receipt and sufficiency of which are hereby acknowledged for purposes of this settlement only, the Miles Q. Fiterman Non-Exempt Marital Trust shall pay or cause to be paid to Trustee the aggregate amount of Thirty Seven Million Three Hundred Thousand United States Dollars ($37,300,000.00) (the "<u>Settlement Payment</u>"), over a period of eighteen (18) months, as follows:

(1)    a total of Ten Million United States Dollars ($10,000,000.00) not later than thirty (30) days after the Effective Date (as defined herein) of this Agreement (the "<u>Initial Payment</u>");

(2)    a total of Twelve Million United States Dollars ($12,000,000.00) not later than fifteen (15) months after the Effective Date of this Agreement; and

(3)    a total of Fifteen Million Three Hundred Thousand United States Dollars ($15,300,000.00) not later than eighteen (18) months after the Effective Date of this Agreement.

(b)    Notwithstanding the foregoing, the Miles Q. Fiterman Non-Exempt Marital Trust may prepay any or all of the Settlement Payment at any time without penalty.

(c)    All payments shall be by wire transfer of immediately available funds to the account specified on <u>Schedule 1</u> attached hereto, provided that satisfaction of Trustee's obligations hereunder shall be conditioned on the collection of such funds by Trustee.  Upon request, Trustee's counsel will confirm receipt of payments by email.

(d)    As security for the Miles Q. Fiterman Non-Exempt Marital Trust's obligation to pay the Settlement Payment, Shirley Fiterman ("<u>Guarantor</u>") hereby irrevocably, absolutely and unconditionally guarantees to Trustee the full, prompt and unconditional payment when due of

the Settlement Payment (the "Guarantee").  If any installment of the Settlement Payment is not paid when due and remains unpaid after fifteen (15) business days of written notice of default to Transferees, Guarantor will immediately pay that amount to Trustee by wire transfer of immediately available funds to the account specified on Schedule 1 attached hereto, without set-off, counterclaim, or deduction of any kind, provided that notwithstanding anything contained in this Agreement or Guarantee to the contrary, Guarantor's maximum liability under this Guarantee shall not exceed the amount of the Settlement Payment.  Trustee will not be required to make any demand, commence any action, or exhaust any remedy against Transferees or any other party before seeking payment under this Guarantee in the event of an uncured default in payment of the Settlement Payment by the Miles Q. Fiterman Non-Exempt Marital Trust.  This Guarantee will continue until the Settlement Payment has been paid in full.

(e)     The obligation to pay the Settlement Payment shall be evidenced by a Stipulation for Entry of Judgment in the amount of Thirty Eight Million Three Hundred Fifty Six Thousand Nine Hundred Ninety Two United States Dollars ($38,356,992.00) (the "Full Demand Amount") in the form attached hereto as Exhibit A, which will be executed by Miles Q. Fiterman Non-Exempt Marital Trust and Shirley Fiterman contemporaneously with the execution of this Agreement.  Counsel for Trustee will hold the Stipulation for Entry of Judgment in escrow and will not file the Stipulation for Entry of Judgment and request entry of the judgment unless there is a default in the payment of any installment of the Settlement Payment which is not cured within fifteen (15) business days of written notice of default to Transferees and their counsel at the addresses listed on the signature pages hereto.  In such event, the full remaining unpaid amount of the Settlement Payment shall be due and payable, and judgment shall be entered against Miles Q. Fiterman Non-Exempt Marital Trust and Shirley Fiterman upon written application by Trustee regarding the uncured default in payment of the Settlement Payment, for

the Full Demand Amount less any payments previously made against the Settlement Payment.  If judgment is entered it shall bear interest at the applicable rate per annum from the Effective Date.

3.    <u>Release by Trustee.</u>

(a)    In consideration for the covenants and agreements set forth in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect to any rights arising under this Agreement, Trustee hereby releases, remises and forever discharges Transferees, Fairway II LLC and Fairway Partnership LLC from any and all past, present or future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, that are, have been, could have been, or might in the future be, asserted by Trustee on behalf of BLMIS, Madoff, and/or the consolidated BLMIS/Madoff estate, against Transferees, Fairway II LLC or Fairway Partnership LLC based on, arising out of, or relating in any way to the Avoidable Transfers, the BLMIS Account, the Related Accounts or BLMIS account Nos. 1F0021 and 1T0015, the claims concerning which were dismissed pursuant to the Supreme Court Decision.

(b)    Notwithstanding the foregoing release contained in <u>Section 3(a)</u>, (i) Transferees are not released from liability for any transfers they may have received in connection with any account not specified herein or may receive after the date of this Agreement which constitute

subsequent transfers of transfers made by BLMIS which are avoidable and recoverable under SIPA and the Bankruptcy Code, the New York Debtor and Creditor Law § 270 *et seq.* (McKinney 2001), and other applicable laws, and (ii) Steven Fiterman is not released from liability for any claims or causes of action asserted in the pending adversary proceeding captioned *Picard v. Fiterman Investment Fund, et al.*, Adv. Pro. No. 10-04354 (SMB) (the "Fiterman Investment Matter").

4.      Release by Transferees.

(a)      Each Transferee, on behalf of itself and its executors, administrators, heirs and assigns, hereby releases, remises, and forever discharges: (a) Trustee, (b) all of Trustee's attorneys, professionals, agents and consultants, and (c) BLMIS and its consolidated estate from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown (including Unknown Claims), now existing or arising in the future, arising out of or in any way related to BLMIS, the Madoff Estate, the Avoidable Transfers, the BLMIS Account, the Related Accounts or BLMIS account Nos. 1F0021 and 1T0015, the claims concerning which were dismissed pursuant to the Supreme Court Decision (the "Released Claims").

(b)      Notwithstanding the foregoing release in Section 4(a), Individual Defendant Steven Fiterman does not release Trustee from any claims or causes of action, or waive any of his defenses, related to the Fiterman Investment Matter, in which Steven Fiterman is a defendant.

5.    <u>Approval of the Agreement; Dismissal of the Adversary Proceeding</u>.

(a)    This Agreement is subject to approval by the Bankruptcy Court.    If the Bankruptcy Court does not approve this Agreement, this Agreement shall be null and void, unless otherwise agreed in writing by the Parties.

(b)    The terms and conditions of this Agreement shall become effective and enforceable on the first business day after the date that the Bankruptcy Court order approving this Agreement (the "<u>Order</u>") becomes a final order, meaning that the Order has not been reversed, stayed, modified or amended, and the time to appeal or seek certiorari with respect to the Order has expired (the "<u>Effective Date</u>").

(c)    As soon as practicable after his receipt of the Initial Payment, Trustee will file a Notice of Dismissal dismissing the Adversary Proceeding without prejudice and without costs to either Trustee or Transferees, subject to the right to re-open the Adversary Proceeding in the event of an uncured default in the Settlement Payment to seek entry of Judgment pursuant to the Stipulation for Entry of Judgment.

6.    <u>General Representations and Warranties</u>.

(a)    Trustee hereby represents and warrants to Transferees that:  (i) subject to the approval of the Bankruptcy Court as set forth in Section 5, he has the full power, authority and legal right to execute and deliver this Agreement and to perform his obligations hereunder; (ii) this Agreement has been duly executed and delivered by the Trustee and constitutes the valid and binding agreement of the Trustee, enforceable against the Trustee in accordance with its terms; (iii) in executing this Agreement, the Trustee has done so with the full knowledge of any and all rights that the Trustee may have with respect to the controversies herein compromised, and the Trustee has received or has had the opportunity to obtain independent legal advice from his or her attorneys with regard to the facts relating to said controversies and with respect to the

rights arising out of said facts; and (iv) no other person or entity, other than those specifically identified herein, has any interest in the matters that such the Trustee releases herein, and the Trustee has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that the Trustee releases herein.

(b)    Each Individual Defendant represents and warrants to Trustee that:  (i) such Individual Defendant has the full power, authority, legal right and capacity to execute and deliver this Agreement and to perform his or her obligations hereunder; (ii) this Agreement has been duly executed and delivered by such Individual Defendant and constitutes the valid and binding agreement of such Individual Defendant, enforceable against such Individual Defendant in accordance with its terms; (iii) in executing this Agreement, such Individual Defendant has done so with the full knowledge of any and all rights that such Individual Defendant may have with respect to the controversies herein compromised, and such Individual Defendant has received or has had the opportunity to obtain independent legal advice from his or her attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (iv) no other person or entity, other than those specifically identified herein, has any interest in the matters that such Individual Defendant releases herein, and such Individual Defendant has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that such Individual Defendant releases herein.

(c)    Each Entity Defendant represents and warrants to Trustee that:  (i) such Entity Defendant has the full power, authority and legal right to execute and deliver this Agreement and to perform its obligations hereunder; (ii) the execution and delivery of this Agreement and the performance by such Entity Defendant of its obligations hereunder has been duly and validly authorized by all necessary action on the part of such Entity Defendant; (iii) this Agreement has been duly executed and delivered by such Entity Defendant and constitutes the valid and binding

agreement of such Entity Defendant, enforceable against such Entity Defendant in accordance with its terms; (iv) in executing this Agreement, such Entity Defendant has done so with the full knowledge of any and all rights that such Entity Defendant may have with respect to the controversies herein compromised, and such Entity Defendant has received or has had the opportunity to obtain independent legal advice from its attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity, other than those specifically identified herein, has any interest in the matters that such Entity Defendant releases herein, and such Entity Defendant has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that such Entity Defendant releases herein.

7.      <u>Additional Representations and Warranties by Transferees</u>.  To induce Trustee to enter into this Agreement, Transferees represent and warrant, to the best of their knowledge, information and belief, that, other than as referenced on Exhibit B of the Complaint, as referenced on Exhibit B of the amended complaint filed in the Fiterman Investment Matter, or as concerns the Related Accounts, BLMIS account Nos. 1F0021, 1T0015, 1M0246, 1F0020, 1F0077, 1G0077, 1F0086, 1H0125, 1N0019, 1G0307, 1G0293, 1H0036, 1W0101, 1G0292, 1G0105, 1F0142, 1F0143, 1G0316, 1F0144, 1F0145, 1F0153, 1F0019, 1H0124, 1H0028, 1G0096, 1F0023, 1F0078, 1F0147, or any predecessors to any of the foregoing accounts, the BLMIS Account or the BLMIS accounts at issue in the Fiterman Investment Matter: (1) Transferees have not received any money, funds, loans, transfers, assets, financial assistance, or financial accommodation from Madoff, BLMIS, or any other company or entity owned or controlled by Madoff or BLMIS; (2) Transferees are not immediate, mediate, or subsequent transferees of any funds or property originating from Madoff or BLMIS that was transferred to an initial transferee of BLMIS; and (3) Transferees are not aware of any potential claims against

Transferees by Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS.

8.      Termination of Agreements with BLMIS.   Any and all prior agreements between Transferees and BLMIS are hereby terminated as of the date of this Agreement.

9.      Further Assurances.  Each Party shall execute and deliver any document or instrument reasonably requested by the other Parties after the date of this Agreement to effectuate the intent of this Agreement.

10.     Entire Agreement.  This Agreement constitutes the entire agreement and understanding between the Parties pertaining to the subject matter hereof and supersedes any and all prior or contemporaneous agreements, representations and understandings of the Parties concerning the subject matter hereof.

11.     Amendment; Waiver.  This Agreement may not be terminated, amended or modified in any way except by written instrument signed by all Parties.  No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

12.     Assignment.   This Agreement may not be assigned by any Party without the prior written consent of the other Parties.

13.     Successors.  This Agreement shall be binding upon, inure to the benefit of and be enforceable against the Parties and their respective estates, heirs, personal representatives, executors, successors and permitted assigns.

14.     Negotiated Agreement.  This Agreement has been fully negotiated by the Parties.  Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

15.    <u>Severability</u>.  In the event that any term or provision of this Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this Agreement and any other application of such term or provision shall not be affected thereby.

16.    <u>Counterparts; Electronic Copy of Signatures</u>.  This Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document.  Each Party may evidence its execution of this Agreement by delivery to the other Parties of scanned or faxed copies of its signature, with the same effect as the delivery of an original signature.

17.    <u>Governing Law</u>.  This Agreement and any claim related directly or indirectly to this Agreement shall be governed by and construed in accordance with the laws of the State of New York (without regard to the principles of conflicts of law thereof), the Bankruptcy Code and SIPA.  Each Party hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

18.    <u>JURISDICTION; WAIVER OF JURY TRIAL</u>.

(a)    THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY AND ALL DISPUTES BETWEEN OR AMONG THE PARTIES, WHETHER IN LAW OR EQUITY, ARISING OUT OF OR RELATING TO THIS AGREEMENT.  IN THE EVENT THE BLMIS PROCEEDING IS CLOSED BY A FINAL DECREE AND NOT REOPENED, THE PARTIES AGREE THAT ANY DISPUTE ARISING OUT OF THIS AGREEMENT MAY BE BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR THE SUPREME COURT OF THE STATE OF NEW YORK IN NEW YORK COUNTY.

(b)    EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

19.    Expenses.  Each Party shall bear its respective expenses relating to or arising out of the Adversary Proceeding and this Agreement, including, but not limited to, fees for attorneys, experts, consultants, accountants and other advisors.

20.    Notices.   All notices, requests, demands, consents and communications necessary or required under this Agreement shall be in writing and shall be delivered by hand or sent by registered or certified mail, return receipt requested, by overnight mail with confirmation, by facsimile (receipt confirmed) or by electronic means (receipt confirmed), in each case addressed and copied as set forth on the applicable signature page hereto.  A Party may change its address for receiving notice by giving notice of a new address in the manner provided herein.  All such notices, requests, demands, consents and other communications shall be deemed to have been duly given or sent two (2) days following the date on which mailed, or on the date on which delivered by courier or by hand or by facsimile or electronic transmission (receipt confirmed), as the case may be, and addressed as aforesaid.

21.    No Third Party Beneficiaries.  Except as expressly provided in Section 3 or Section 4, the Parties do not intend to confer any benefit by or under this Agreement upon any person or entity other than the Parties hereto and their respective successors and permitted assigns.

22.    Captions and Rules of Construction.  The captions in this Agreement are inserted only as a matter of convenience and for reference and do not define, limit or describe the scope of this Agreement or the scope or content of any of its provisions.  Any reference in this Agreement to a section is to a section of this Agreement.  "Including" is not intended to be a limiting term.

**IN WITNESS WHEREOF**, each Party has caused this Agreement to be duly executed

and delivered as of the date set forth above.

**TRUSTEE**

**IRVING H. PICARD, THE TRUSTEE FOR THE
LIQUIDATION PROCEEDINGS OF BERNARD L.
MADOFF INVESTMENT SECURITIES LLC AND
THE SUBSTANTIVELY CONSOLIDATED
BANKRUPTCY CASE OF BERNARD L. MADOFF**

Address:
Irving H. Picard
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Facsimile: (212) 589-4201

_____
Irving H. Picard

With copies to:
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019
Attention: Howard L. Simon
Facsimile No.: (212) 262-1251

Sworn and subscribed before me this
24th day August, 2017.

_____
Notary Public

SONYA M. GRAHAM
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/2017

[TRUSTEE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**TRANSFEREE**

**MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST**

Address:
MILES Q. FITERMAN NON-EXEMPT
MARITAL TRUST
c/o Brian M. O'Connell, Esq.
Ciklin Lubitz & O'Connell
515 North Flagler Drive 20th Floor
West Palm Beach, FL 33401

By: _____

Name: Brian M. O'Connell
Title: Trustee

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Attention: Thomas F. Berndt

Sworn and subscribed before me this
27 day of August, 2017.

_____
Notary Public

MARITZA SEGARRA
Notary Public, State of New York
No. 03-4652865
Qualified in Westchester County
Commission Expires December 31, 2017

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**TRANSFEREE**

**MILES Q. FITERMAN REVOCABLE TRUST**

Address:
MILES Q. FITERMAN REVOCABLE
TRUST

By: *Valerie Hersehman*
Name: VALERIE HERSHMAN
Title: TRUSTEE

*1141 Pink Oleander Lane
Palm Beach Gardens, FL 33418*

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Attention: Thomas F. Berndt

Sworn and subscribed before me this
25 day of August, 2017.

_____
Notary Public

Philip Aneq
Notary Public
State of Florida
My Commission Expires 8/25/2020
Commission No. GG 24833

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**TRANSFEREE**

**TOWERS MANAGEMENT COMPANY LLC**

Address:
TOWERS MANAGEMENT
COMPANY LLC
c/o Brian M. O'Connell, Esq.
Ciklin Lubitz & O'Connell
515 North Flagler Drive 20th Floor
West Palm Beach, FL 33401

By: _____
Name: _____
Title: _____

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
25 7H day of August, 2017.

*Sharon R. Lobdell*
Notary Public

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]



**TRANSFEREE**

**FITERMAN GST EXEMPT MARITAL TRUST**

Address:                                          By: _Valerie Herschman_
FITERMAN GST EXEMPT MARITAL          Name: VALERIE HERSCHMAN
TRUST                                            Title: TRUSTEE
c/o Brian M. O'Connell, Esq.
Ciklin Lubitz & O'Connell
515 North Flagler Drive 20th Floor
West Palm Beach, FL 33401

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Attention: Thomas F. Berndt

Sworn and subscribed before me this
25 day of August, 2017.

_____
Notary Public

Philip Aneq
Notary Public
State of Florida
My Commission Expires 8/25/2020
Commission No. GG 24833

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**TRANSFEREE**

**MILES FITERMAN FAMILY TRUST**

Address:
MILES FITERMAN FAMILY TRUST

By: ~signature~
Name: VALERIE HERSCHMAN
Title: TRUSTEE

~handwritten~ 11414 Pink Oleander Lane
Palm Beach Gardens, FL
33418

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
25 day of August, 2017.

~signature~

Notary Public

Philip Aneq
Notary Public
State of Florida
My Commission Expires 8/25/2020
Commission No. GG 24833

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**TRANSFEREE**

**SHIRLEY FITERMAN, individually, and in her capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST**

Address:
Shirley Fiterman
c/o Brian M. O'Connell, Esq.
Ciklin Lubitz & O'Connell
515 North Flagler Drive 20th Floor
West Palm Beach, FL 33401

By: _____
Name: Brian M. O'Connell
Title: Guardian

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
21 day of August, 2017.

_____
Notary Public

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

MARITZA SEGARRA
**Notary** Public, State of New York
No. 03-4652865
**Qualified** in Westchester County
**Commission** Expires December 31, **2017**

**TRANSFEREE**

**STEVEN FITERMAN, individually, and in his capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST**

Address:
Steven Fiterman

Steven Fiterman

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
25th day of August, 2017.

Notary Public

ANNE MARIE STORMS
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/20

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

25

**TRANSFEREE**

**VALERIE HERSCHMAN, individually, and in her capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST**

Address:
Valerie Herschman

*Valerie Herschman* (signature)

Valerie Herschman

11414 Pink Oleander Lane
Palm Beach Gardens, FL 33418

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
25 day of August, 2017.

_____
Notary Public

Philip Aneq
Notary Public
State of Florida
My Commission Expires 8/25/2020
Commission No. GG 24833

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**TRANSFEREE**

Address:
Karen Wasserman
65 Ventana Cyn D.
Las Vegas. NV
89113

_Karen Wasserman_
Karen Wasserman

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
16th day of August, 2017.

_____
Notary Public

> TANEQUA DAVIS
> NOTARY PUBLIC
> STATE OF NEVADA
> My Commission Expires: 5-26-19
> Certificate No: 15-2038-1

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**TRANSFEREE**

Address:
Lynn Guez

Lynn Guez

7320 SW 21st Lane
Boca Raton, FL 33486

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
25 day of August, 2017.

Notary Public

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]



Notary Public State of Florida
Manuel Kushner
My Commission FF 996827
Expires 05/30/2020

**TRANSFEREE**

Address:
Stephanie Rosenthal
22631 Morning Glory Cir.
Bradenton, FL
34202

_Stephanie Fiterman (f/k/a Stephanie Rosenthal)_

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Attention: Thomas F. Berndt

Sworn and subscribed before me this
28 day of August, 2017.

Notary Public

WILLIAM H PIPER JR
Notary Public - State of Florida
My Comm. Expires Mar 14, 2018
Commission # FF 95084

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

**TRANSFEREE**

Address:
Miles Q. Fiterman II

_____

Miles Q. Fiterman II

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
28th day of August, 2017.

Notary Public

ANNE MARIE STORMS
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/20

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

30

**TRANSFEREE**

Address:
Matthew Fiterman
2225 Trade Center Way
Naples, Florida
34109

Matthew Fiterman

With copies to:
Robins Kaplan LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Attention:  Thomas F. Berndt

Sworn and subscribed before me this
28 day of August, 2017.

Notary Public

TONYA HASKINS
MY COMMISSION # GG 121436
EXPIRES: July 5, 2021
Bonded Thru Notary Public Underwriters

[TRANSFEREE SIGNATURE PAGE TO SETTLEMENT AGREEMENT]

## SCHEDULE 1

## Wiring Instructions

Citi Private Bank
153 East 53rd Street, 23rd Floor
New York, New York 10022
ABA No.:                        021000089
Swift Code:                     CITIUS33
Account Name:                   Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff
                                Investment Securities LLC
Account No.:                    █████████

## EXHIBIT A

## Form of Stipulation for Entry of Judgment

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| | (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

In re:

BERNARD L. MADOFF,

Debtor.

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04337 (SMB) |
| Plaintiff, | |
| v. | |
| MILES Q. FITERMAN REVOCABLE TRUST; MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; TOWERS MANAGEMENT COMPANY LLC; FITERMAN GST EXEMPT MARITAL TRUST; MILES FITERMAN FAMILY TRUST; SHIRLEY FITERMAN, individually, and in her capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; STEVEN FITERMAN, individually, and in his capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. FITERMAN NONEXEMPT MARITAL TRUST; VALERIE HERSCHMAN, individually, and in her capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. | |

FITERMAN NON-EXEMPT MARITAL
TRUST; KAREN WASSERMAN; LYNN
GUEZ; STEPHANIE ROSENTHAL; MILES Q.
FITERMAN II; AND MATTHEW FITERMAN,

                    Defendants.

## STIPULATION FOR ENTRY OF JUDGMENT

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff (the "Trustee"), and defendants Miles Q. Fiterman Non-Exempt Marital Trust and Shirley Fiterman ("Defendants") (the Trustee and Defendants are together referred to as the "Parties", and each individually as a "Party"), as follows:

1.      That in the event of default in performance of the Settlement Agreement and Release made and entered into as of August 28, 2017 between the Parties (the "Settlement Agreement"), the Trustee shall be entitled to immediate entry of a Judgment Pursuant to Stipulation, a copy of which is attached hereto as Exhibit 1, entered against Defendants in the amount of Thirty Eight Million Three Hundred Fifty Six Thousand Nine Hundred Ninety Two United States Dollars ($38,356,992.00), reduced by any payments made by Defendants under the Settlement Agreement.

2.      That judgment will be entered forthwith upon a default under the Settlement Agreement, upon the ex parte filing of a Declaration Regarding Default in Payments by the Trustee or his attorney of record which shall set forth the amount of any payments received from Defendants.

3.      That each and all of the allegations, claims and contentions of the Trustee alleged in the Complaint on file herein are true and that Defendants confirm the amount set forth in paragraph 1 above.

4.      That judgment shall be final for all purposes upon entry of judgment and each Party waives any right to appeal therefrom.

5.      That Defendants, represented in this action by counsel, have read and understand the contents of this Stipulation for Entry of Judgment (this "Stipulation").

6.      That this Stipulation shall not be filed unless and until there is a default under the Settlement Agreement which has not been cured after required notice.  This Stipulation shall be returned to Defendants when Defendants have paid all sums and satisfied all obligations arising under the Settlement Agreement.

7.      That the declaration of the Trustee or his attorney of record shall be sufficient to establish the exact sum due and owing pursuant to this Stipulation and shall be sufficient to secure the entry of judgment and the issuance of a writ of execution, in accordance with the terms set forth herein.

8.      That the judgment shall bear interest at the applicable rate per annum from the Effective Date of the Settlement Agreement as stated in the declaration of the Trustee or his attorney of record.

9.      That Defendants hereby expressly waive notice of entry of judgment, notice of and right to any hearing regarding entry of judgment.  The Trustee shall provide Defendants with fifteen (15) business days' notice prior to requesting entry of judgment on an *ex parte* basis.

10.     This Stipulation may be signed in counterparts, all of which when taken together shall constitute the agreement of the Parties hereto.  A photocopy, facsimile or email signature to this Stipulation shall be deemed as an original signature for any and all purposes.

11.     That the court shall retain jurisdiction over the Parties to enforce this Stipulation until there is full performance of the terms hereof.

Dated: August 27, 2017

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
Howard L. Simon
(hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel:  (212) 237-1000

*Special Counsel for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and the
Estate of Bernard L. Madoff*

ROBINS KAPLAN LLP

By: _____
Stephen P. Safranski, Esq.
(SSafranski@RobinsKaplan.com)
Thomas F. Berndt, Esq.
(TBerndt@RobinsKaplan.com)
800 LaSalle Avenue
Suite 2800
Minneapolis, MN  55402
Tel: (612) 349-0930

*Attorneys for Defendants*

4

Dated: August 29, 2017

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
Howard L. Simon
(hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

ROBINS KAPLAN LLP

By: _____
Stephen P. Safranski, Esq.
(SSafranski@RobinsKaplan.com)
Thomas F. Berndt, Esq.
(TBerndt@RobinsKaplan.com)
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Tel: (612) 349-0930

*Attorneys for Defendants*

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

In re:

BERNARD L. MADOFF,

Debtor.

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04337 (SMB) |
| Plaintiff, | |
| v. | |

MILES Q. FITERMAN REVOCABLE TRUST; MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; TOWERS MANAGEMENT COMPANY LLC; FITERMAN GST EXEMPT MARITAL TRUST; MILES FITERMAN FAMILY TRUST; SHIRLEY FITERMAN, individually, and in her capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; STEVEN FITERMAN, individually, and in his capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. FITERMAN NONEXEMPT MARITAL TRUST; VALERIE HERSCHMAN, individually, and in her capacity as Trustee for the MILES Q. FITERMAN REVOCABLE TRUST and the MILES Q. FITERMAN NON-EXEMPT MARITAL TRUST; KAREN WASSERMAN; LYNN

GUEZ; STEPHANIE ROSENTHAL; MILES Q.
FITERMAN II; AND MATTHEW FITERMAN,

                        Defendants.

## JUDGMENT PURSUANT TO STIPULATION

Pursuant to the stipulation between Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff (the "Plaintiff"), on the one hand, and Miles Q. Fiterman Non-Exempt Marital Trust and Shirley Fiterman, on the other, judgment is entered in favor of Plaintiff and against Miles Q. Fiterman Non-Exempt Marital Trust and Shirley Fiterman in the amount of Thirty Eight Million Three Hundred Fifty Six Thousand Nine Hundred Ninety Two United States Dollars ($38,356,992.00). The unpaid portion of the judgment shall bear interest at the applicable rate per annum from _____.

Dated: _____, 201_

                        _____
                        HONORABLE STUART M. BERNSTEIN
                        UNITED STATES BANKRUPTCY JUDGE

2

## **EXHIBIT B**

## **Notice of Trustee's Determination of Claim**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

[DATE]

Shirley Fiterman
c/o Brian M. O'Connell, Esq.
Ciklin Lubitz & O'Connell
515 North Flagler Drive, 20th Floor
West Palm Beach, FL 33401

Dear Shirley Fiterman:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1F0198, designated as Claim No. 003156:

Your claim for a credit balance of $0.23 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim for BLMIS Account No. 1F0198, and the Trustee's claims against you in *Picard v. Miles Q. Fiterman Revocable Trust, et al*, Adv. Pro. 10-04337 (SMB), have been settled on the terms and subject to the conditions set forth in that certain **SETTLEMENT AGREEMENT AND RELEASE**, dated as of _____, 2017 between you and the Trustee, amongst others, and approved by the Bankruptcy Court by Order entered _____, 2017.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Pursuant to the terms of and solely for purposes of the **SETTLEMENT AGREEMENT AND RELEASE**, your claim is **ALLOWED** for $1,505,000.00 (the "Allowed Claim") and will be partially satisfied in the amount of $500,000.00, with the funds being advanced by SIPC pursuant to section 78fff-3(a)(1) of SIPA.  [At this time (and through the Eighth Distribution), you are entitled to $904,474.90 for catch-up distributions the Trustee has previously made.]  All payments in satisfaction of your **ALLOWED CLAIM** will be made after the Trustee receives the Settlement Payment in full, pursuant to the terms of the **SETTLEMENT AGREEMENT AND RELEASE**.  [With this payment, your **ALLOWED CLAIM** will be fully satisfied OR the Trustee expects that there will be future distribution of which you will be notified.]

You agreed to waive the thirty (30) day objection period in connection with this determination, as set forth in the **SETTLEMENT AGREEMENT AND RELEASE**.


_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC


cc:  Robins Kaplan LLP
     800 LaSalle Avenue
     Suite 2800
     Minneapolis, MN 55402
     Attn: Thomas F. Berndt

2

# EXHIBIT C

## Notice of Trustee's Determination of Claim

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

[DATE]

Fairway Partnership II
[c/o
_____
_____
_____]

Dear Fairway Partnership II:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1F0190, designated as Claim No. 003077:

Your claim for a credit balance of $0.47 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim for BLMIS Account No. 1F0190, and the Trustee's claims against you in *Picard v. Miles Q. Fiterman Revocable Trust, et al*, Adv. Pro. 10-04337 (SMB), have been settled on the terms and subject to the conditions set forth in that certain **SETTLEMENT AGREEMENT AND RELEASE**, dated as of _____, 2017 between you and the Trustee, amongst others, and approved by the Bankruptcy Court by Order entered _____, 2017.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Pursuant to the terms of and solely for purposes of the **SETTLEMENT AGREEMENT AND RELEASE**, your claim is **ALLOWED** for $272,000.00 (the "Allowed Claim") and will be fully satisfied in the amount of $272,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.  All payments in satisfaction of your **ALLOWED CLAIM** will be made after the Trustee receives the Settlement Payment in full, pursuant to the terms of the **SETTLEMENT AGREEMENT AND RELEASE**.

You agreed to waive the thirty (30) day objection period in connection with this determination, as set forth in the **SETTLEMENT AGREEMENT AND RELEASE**.


_____

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC


cc:  [_____]

2