**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Oren J. Warshavsky
Geoffrey A. North
Eric B. Hiatt
Peter B. Shapiro
Michelle R. Usitalo

**Hearing Date: October 25, 2017 at 10 a.m.**
**Objection Deadline: October 16, 2017**

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01364 (SMB) |
| Plaintiff, | |
| v. | |
| HSBC BANK PLC, et al., | |
| Defendants. | |

**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING A
SETTLEMENT AGREEMENT BY AND BETWEEN THE TRUSTEE
AND THEMA INTERNATIONAL FUND PLC**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa–*lll* ("SIPA"),[1] and the substantively consolidated Chapter 7 estate of

Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his

undersigned counsel, submits this motion (the "Motion") seeking entry of an order (the

"Approval Order"), pursuant to section 105(a) of the United States Bankruptcy Code, 11

U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement, the terms and

conditions of which are set forth in an agreement (the "Agreement")[2] by and between the

Trustee and Thema International Fund plc ("Thema International").  In support of the

Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Agreement represents a good faith, complete settlement of all disputes between

the Trustee and Thema International and the customer claim Thema International submitted

in connection with BLMIS Account No. 1FN095.  The settlement will benefit the customer

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

[2] The form of Agreement is attached hereto as Exhibit "A."

property fund by approximately $687,000,000, and even accounting for a claim under

Bankruptcy Code section 502(h), will thereby increase it by 5.7%.  The Trustee therefore

respectfully requests that the Court approve this settlement.

## BACKGROUND

### The Commencement of the BLMIS Liquidation Proceeding

1.      On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange

Commission (the "SEC") filed a complaint in the United States District Court for the

Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV

10791).  In the complaint, the SEC alleged that the Debtors engaged in fraud through the

investment advisor activities of BLMIS.

2.      On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC

consented to a combination of its own action with an application of the Securities Investor

Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC

filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to

meet its obligations to securities customers as they came due and, accordingly, its customers

needed the protection afforded by SIPA.

3.      On that date, the District Court entered the Protective Decree, to which

BLMIS consented, which, in pertinent part:

> (i)    appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;
> (ii)   appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and
> (iii)  removed the case to this Court pursuant to SIPA section 78eee(b)(4).

---

[3]  In this case, the Filing Date is the date on which the Commission commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS.  *See* SIPA § 78*lll*(7)(B).

4.      On April 13, 2009, an involuntary bankruptcy petition was filed against

Madoff.  On June 9, 2009, this Court entered an order substantively consolidating Madoff's

Chapter 7 estate with the BLMIS SIPA proceeding.

### THE TRUSTEE'S CLAIMS AGAINST THEMA INTERNATIONAL

5.      Thema International is an Irish limited company set up as a fund under the

directives of the Undertakings for Collective Investment in Transferable Securities or

"UCITS."  Substantially all of Thema International's assets were in an account with BLMIS

since 1996.

6.      In 1996, BLMIS Account No. 1FN095 was opened in the name of The Bank

of Bermuda Limited Hamilton, Special Custody Acct for the Exclusive Benefit of Cust of

Bermuda TST (Dublin) Ltd, F/B/O Thema" (the "Account") on behalf of Thema

International.

7.      Over the life of the Account, Thema International withdrew approximately

$735,536,906.92 (the "Lifetime Transfers"). The Lifetime Transfers are solely withdrawals

of principal.

8.       In the six years prior to the Filing Date, Thema International withdrew

approximately $675,840,000 (the "Six Year Transfers").

9.      On December 5, 2010, the Trustee filed an amended complaint in this

adversary proceeding (the "Amended Complaint") against, among others, Thema

International, seeking to (a) avoid, preserve, and recover the Six Year Transfers under

sections 547, 548, 550 and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA;

(b) recover subsequent transfers under section 550(a) of the Bankruptcy Code and section

78fff-2(c)(3) of SIPA; (c) disallow Thema International's customer claim against the

BLMIS estate under section 502(d) of the Bankruptcy Code; and (d) equitably subordinate

Thema International's customer claim against the BLMIS estate under section 510(c) of the Bankruptcy Code (collectively, the "Avoidance Claims").

## THEMA INTERNATIONAL'S CUSTOMER CLAIM

10.     On July 2, 2009, Thema International timely filed customer claims with the Trustee, which the Trustee has designated as claim no. 015236 and claim no. 014687.  Claim no. 014687 is duplicative of claim no. 015236.  Claim no. 015236 and claim no. 014687 will be treated as one and the same for the purposes of settlement and this motion, and are referred to herein together as the "Customer Claim."  The Customer Claim asserts that Thema International is entitled to the market value of the securities reflected on its BLMIS Account Statement for the period ending November 30, 2008.

## SETTLEMENT DISCUSSIONS AND MEDIATION

11.     In the past several years, the Parties have, on multiple occasions, engaged in good faith discussions aimed at resolving the Trustee's Avoidance Claims and the amount of the Customer Claim.  These discussions proved unsuccessful, in part, because the Trustee's investigation of Thema International's principals and shareholders was ongoing, and because the District Court issued opinions that affected the pleading standards for the Trustee's Avoidance Claims.

12.     On April 7, 2016, the Parties agreed to participate in a private, non-Court ordered mediation pursuant to protocols and procedures set forth in a letter agreement between the Parties and the Court's General Order M-390.  The Parties actively engaged in mediation, including exchanging mediation statements and supplemental materials, and participating in several formal in person and telephonic sessions with the mediator, and many more informal discussions with the mediator.  Through the mediation process, the

Parties reached a compromise, and in light of the delay, expense, and uncertainties associated with litigation, have decided to settle the Adversary Proceeding.

## OVERVIEW OF THE AGREEMENT

13.    The principal terms and conditions of the Agreement are generally as follows (as stated above, the Agreement is attached as Exhibit "A" and should be reviewed for a complete account of its terms):[4]

- Thema International shall pay the Trustee $687,000,000, which constitutes a 100% recovery of the Six Year Transfers plus 19.26% of the withdrawals beyond the six year period.

- Thema International shall have an allowed customer claim in the SIPA Proceeding in the amount of $998,160,517.01 (the "Allowed Claim") and shall be entitled to the full benefit of a SIPC customer advance under section 78fff-3(a) of SIPA.  The Allowed Claim is equal to 100% of Thema International's net equity of $311,160,517, plus an increase of $687,000,000 under section 502(h) of the Bankruptcy Code.

- At Closing, Thema International shall pay or cause to be paid to the Trustee, for the benefit of the customer property fund, $687,000,000 in full and final satisfaction of the Trustee's Avoidance Claims, as follows: (i) $500,000 from the SIPC advance; and (ii) $599,874,507.51 from the catch-up distribution owed to Thema International based on

---

[4] Terms not otherwise defined shall have the meaning ascribed in the Agreement.  In the event of any inconsistency between the summary of terms provided in this section and the terms of the Agreement, the Agreement shall prevail.

its Allowed Claim;[5] and (3) a projected cash payment of $86,625,492.49.

- The Trustee will release, acquit, and absolutely discharge Thema International on the specific terms set forth in the Agreement.

- Thema International will release, acquit, and absolutely discharge the Trustee and all his agents and BLMIS and its consolidated estate, on the specific terms set forth in the Agreement.

- The Parties shall submit to the Bankruptcy Court a stipulation requesting dismissal of the Adversary Proceeding as against Thema International, on the specific terms set forth in the Agreement.

## **RELIEF REQUESTED**

14.    By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit "B" approving the Agreement.

## **LEGAL BASIS**

15.    Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable,

---

[5] As of the date of the Agreement, the Bankruptcy Court has approved eight *pro rata* interim distributions to BLMIS customers with allowed customer claims of 4.602%, 33.556%, 4.721%, 3.180%, 2.743%, 8.262%. 1.305%, and 1.729%, respectively (60.098% in total).  Accordingly, in order to catch-up Thema International's distribution to that of other customers with allowed claims, at the Closing, the Trustee will pay Thema International 60.098% of its allowed claim, or $599,874,507.51.  Any additional interim distribution before the Settlement Payment is due would reduce the amount of Thema International's cash payment.

and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

16.     The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (internal citations omitted); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426.  "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

17.     In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

> (i)      the probability of success in the litigation;
>
> (ii)     the difficulties associated with collection;
>
> (iii)    the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
>
> (iv)     the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

18.     The bankruptcy court may credit and consider the opinions of the trustee or

debtor and their counsel in determining whether a settlement is fair and equitable.  *See In re Purified Down Prods*., 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505.  Even though the Court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable.  *In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010).  The competency and experience of counsel supporting the settlement may also be considered.  *Nellis*, 165 B.R. at 122.  Finally, the court should be mindful of the principle that "the law favors compromise."  *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

19.    The Agreement furthers the interest of BLMIS customers by (a) adding $687,000,000 to the fund of customer property, thereby increasing it by more than 5.7% and (b) recovering 100% of the transfers from BLMIS to Thema International during the six years prior to the collapse of BLMIS and 93.4% of the transfers from BLMIS to Thema International over the lifetime of the account.  Furthermore, the Agreement resolves all claims among the Parties and avoids the cost and delay of what could otherwise be lengthy and contentious litigation.  Finally, the settlement resulted from a lengthy mediation process before a neutral that involved a thorough review of the strengths and weaknesses of each parties' position.  (Declaration of the Trustee in Support of the Motion (the "Picard Declaration"), a true and accurate copy of which is attached as Exhibit "C".).

## CONCLUSION

20.    In sum, the Trustee submits that the Agreement should be approved to avoid lengthy, burdensome, and expensive litigation and because it represents a fair and reasonable compromise of the Avoidance Claims and the Customer Claim.  Because the

Agreement is well within the "range of reasonableness" and confers a benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Agreement.

## **NOTICE**

21.     In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) Joseph P. Moodhe and Shannon Rose Selden, Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022.  Notice of this Motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all defendants in this adversary proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, ECF No. 4560.  The Trustee submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit "B" granting the relief requested in the Motion.

Dated:  New York, New York
      September 6, 2017

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *s/ Oren J. Warshavsky*
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Oren J. Warshavsky
    Email: owarshavsky@bakerlaw.com
    Geoffrey A. North
    Email: gnorth@bakerlaw.com
    Eric B. Hiatt
    Email: ehiatt@bakerlaw.com
    Peter B. Shapiro
    Email: pshapiro@bakerlaw.com
    Michelle R. Usitalo
    Email: musitalo@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*