**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | SIPA LIQUIDATION |
| Plaintiff, | Adv. Pro. No. 08-01789 (SMB) |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04292 (SMB) |
| Plaintiff, | |
| v. | |
| ROBERT ROMAN, | |
| Defendant. | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW**
**IN OPPOSITION TO THE TRUSTEE'S MOTION TO COMPEL DISCOVERY**
**PURSUANT TO FED. R. BANKR. P. 7037(a)(3)(B)**

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
Helen Davis Chaitman
Jennifer Allim
hchaitman@chaitmanllp.com
jallim@chaitmanllp.com

*Attorneys for Defendant Robert Roman*

{00032735 2 }

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................... 1

    I.    The work product privilege has not been waived ................................................... 1

    II.    The *Chaitman Email* contains opinion work product and is entitled
        to virtually absolute protection ........................................................................... 4

CONCLUSION ...................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Asia Glob. Crossing, Ltd.*,
  322 B.R. 247 (Bankr. S.D.N.Y. 2005)...........................................................................2, 3, 4

*Bluebird Partners, L.P. v. First Fid. Bank*, N.A., New Jersey,
  248 A.D.2d 219 (1st Dept. 1998)........................................................................................3

*In re Circle K Corp.*,
  1997 WL 31197 (S.D.N.Y. Jan. 28, 1997) ..................................................................1, 2, 5

*In re Grand Jury Proceedings*,
  604 F.2d 798 (3d Cir.1979)..............................................................................................4

*Medinol Ltd. v. Boston Scientific Corp.*,
  214 F.R.D. 113 (S.D.N.Y. 2002) .......................................................................................3

*In re Quigley Co., Inc.*,
  2009 WL 9034027 (Bankr. S.D.N.Y. Apr. 24, 2009); *supplemented* 2009 WL
  2913450 (Bankr. S.D.N.Y. June 19, 2009)...............................................................1

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
  219 F.R.D. 66 (S.D.N.Y. 2003) ........................................................................................4

*Systemes v. Childress*,
  2013 WL 12181774 (E.D. Mich. Nov. 22, 2013) ...............................................................3

*United States v. Ghavami*,
  882 F. Supp. 2d 532 (S.D.N.Y. 2012).............................................................................2, 4

*United States v. Stewart*
  287 F. Supp. 2d 461 (S.D.N.Y. 2003)..............................................................................2, 3

**PRELIMINARY STATEMENT**

As set forth in the accompanying Declaration of Helen Davis Chaitman, she had no knowledge that Robert Roman intended to send to Mr. Madoff a copy of the memo she sent to all of her clients concerning the profit withdrawal issue. Nor did she, or any of her clients, ever authorize Mr. Roman to disclose her memo to Mr. Madoff. Thus, there was no waiver of the attorney/client privilege as to all Chaitman clients. *See In re Quigley Co., Inc.,* 2009 WL 9034027, at *2 (Bankr. S.D.N.Y. Apr. 24, 2009) (Bernstein, J.), *supplemented* 2009 WL 2913450 (Bankr. S.D.N.Y. June 19, 2009) (Bernstein, J.) ("The [attorney-client] privilege belongs to the client, and only the client can waive it.").

Nor has there been a waiver of the work product privilege because Mr. Madoff was aligned with Ms. Chaitman's clients and was adverse to the Trustee on the profit withdrawal issue. Indeed, Mr. Madoff has shown himself to be adverse to the Trustee and many issues, as illustrated by his deposition testimony, *inter alia,* that the profit withdrawal transactions were all executed and, indeed, that it was only with respect to the split strike strategy that, sometime in 1992-93, he stopped purchasing the securities shown on the customer statements.

I.   **The work product privilege has not been waived**

The law is clear, as this Court itself has held, that "the holder of [the] work product privilege waives it only by voluntarily disclosing it in such a manner that is likely to be revealed to its adversary." *In re Circle K Corp.,* 1997 WL 31197, at *5 (S.D.N.Y. Jan. 28, 1997) (Bernstein, J.); *In re Quigley Co.,* 2009 WL 9034027, at *8 ("The disclosure of work product to a third party does not automatically waive the privilege. Rather, '[w]aiver of work-product immunity is found whenever a party has disclosed the work-product in such a manner that it is likely to be revealed to his adversary.' In other words, the deliberate disclosure of work product must create a

'substantial danger' that it will be disclosed thereafter to an adversary.") (internal citations

omitted).  As the Court wrote in *Circle K*:

> [W]ork-product protection is not necessarily waived if a lawyer discloses it to a
> non-client. As the Second Circuit has observed, the work-product privilege protects
> the adversary system rather than confidential communications.  *See In re Steinhardt
> Partners,* 9 F.3d 230, 234 (2d Cir.1993) ("The logic behind the work product
> doctrine is that opposing counsel should not enjoy free access to an attorney's
> thought processes."). Work product is not necessarily waived by disclosure to a
> non-client. Rather, voluntary disclosure of work product to an adversary, or
> disclosure in such manner that it is likely to be revealed to an adversary, "waives
> the privilege as to other parties. *See In re Steinhardt Partners,* 9 F.3d at 235; Re:
> *Bowne of New York City,* 150 F.R.D. at 479 ("[A] waiver will be found only if the
> party has voluntarily disclosed the work-product in such a manner that it is likely
> to be revealed to his adversary. Thus, disclosure simply to another person who has
> an interest in the information but who is not reasonably viewed as a conduit to a
> potential adversary will not be deemed a waiver of the protection of the rule.");
> *GAF Corporation,* 85 F.R.D. at 51–52 (stating that "disclosure of the privileged
> information by the party asserting the attorney work product privilege to a third-
> party does not constitute waiver unless such disclosure, under the circumstances, is
> inconsistent with the maintenance of secrecy from the disclosing party's
> adversary").

*Id.* at *10; *see also In re Asia Glob. Crossing, Ltd.,* 322 B.R. 247, 262 (Bankr. S.D.N.Y. 2005)

(Bernstein, J.) ("No waiver attends a disclosure that has not 'substantially increased the

opportunities for potential adversaries to obtain information.'") (*citing United States v. Stewart*

287 F. Supp. 2d 461, 468 (S.D.N.Y. 2003)).

Thus, waiver occurred "*only* when the disclosure 'substantially increased the opportunities

for potential adversaries to obtain the information.'"  *Stewart,* 287 F. Supp.2d at 468  (*quoting* 8

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* §

2024 (1994); *In re Copper Market Antitrust Litig.,* 200 F.R.D. 213, 221 n. 6 (S.D.N.Y. 2001); *In

re Grand Jury Subpoenas Dated December 18, 1981 and January 4, 1982,* 561 F. Supp. 1247,

1257 (E.D.N.Y. 1982).); *see also United States v. Ghavami,* 882 F. Supp. 2d 532, 540 (S.D.N.Y.

2012) ("[W]ork product protection can be forfeited, but not simply by disclosure to a third person.

To constitute a waiver, such disclosure must 'substantially increase [ ] the opportunities for potential adversaries to obtain the information.'") (internal citations omitted); *see  In re Asia Glob. Crossing, Ltd.,* 322 B.R. at 262 ("A waiver will occur when the information is voluntarily disclosed to an adversary."); *see also Systemes v. Childress*, 2013 WL 12181774, at *3 (E.D. Mich. Nov. 22, 2013) (Disclosure must be made to an adversary in order for waiver to take place regarding work product material; "[M]erely, because defendant shared work product (draft affidavits and other communications regard[ing] draft affidavits) with non-party witnesses does not necessarily waive the privilege.").

Clearly, Mr. Roman's disclosure of the Client Memo to Mr. Madoff, so that he would have an understanding of why Ms. Chaitman wanted his declaration, did not increase the opportunities for the Trustee to obtain the information contained in the memo.  On the contrary, Mr. Madoff was aligning himself with Ms. Chaitman's clients in attesting to the falsity of the Trustee's position.

Madoff's alignment with the Defendants mirrors the facts in *Stewart* where the court found that disclosure of work product by forwarding an email to a family member did not constitute waiver because it did not substantially increase the risk that the adversary would gain access to materials prepared in anticipation of litigation.  *Id.* at 469.  By comparison, *Medinol Ltd. v. Boston Scientific Corp.,* 214 F.R.D. 113 (S.D.N.Y. 2002), on which the Trustee relies, is inapposite because the *Medinol* disclosure was to an independent auditor that had a public responsibility that transcended its employment relationship to the disclosing party.  *Id.* at 116.  Here, the Trustee has been adverse to Mr. Madoff and to his immediate family members from inception of the liquidation.

The Trustee provides no evidence suggesting that a disclosure to Mr. Madoff would be disclosed to the Trustee.  *See Bluebird Partners, L.P. v. First Fid. Bank, N.A., New Jersey*, 248

A.D.2d 219, 225 (1st Dept. 1998) (work product waived only where disclosure is made to someone likely to disclose work product to adversary); *Ghavami*, 882 F. Supp.2d at 541 (same); *see Ricoh Co., Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66, 70 (S.D.N.Y. 2003) (same). And, of course, there was no disclosure to the Trustee precisely because the Trustee and Mr. Madoff have an adversarial relationship.

As Defendants have demonstrated, the Trustee from inception of his appointment has had the goal of misleading the public, the courts, and the customer body, about the nature and extent of Mr. Madoff's fraud. Defendants have aligned themselves with Madoff in their search for the truth. The Madoff Declaration was the first step in this process but Madoff's deposition testimony has demonstrated in great depth the numerous misrepresentations of fact upon which the Trustee has relied in order to further SIPC's interests in avoiding its insurance obligations.

**II. The *Chaitman Email* contains opinion work product and is entitled to virtually absolute protection**

Even if this Court finds that Mr. Roman waived work product by disclosure to Mr. Madoff, the *Chaitman Email* reflects the mental process of counsel - opinion work product- and should be afforded protection. *Ghavami*, 882 F. Supp.2d at 540 ("That which reflects the mental processes of an attorney—opinion work product—is entitled to virtually absolute protection." (internal citations omitted). "The work product privilege may be claimed either by the client or the attorney. *In re Grand Jury Proceedings,* 604 F.2d 798, 801 (3d Cir.1979). The fact that the client waives the privilege does not mean that protection is lost; the attorney may contest disclosure even in the face of a client's waiver. *Id*. Even if the client waives the work product protection, the attorney has standing to assert the privilege as to opinion work product. *In re Asia Global Crossing Ltd.* 322 B.R. at 262 (Bernstein, J.) ("Although the client can also waive the privilege as to non-opinion

work product, the attorney may still contest the waiver as to opinion work product."); *see also In re Circle K Corp.,* 1997 WL 31197 (S.D.N.Y. Jan. 28, 1997) (Bernstein, J.) (same).

## CONCLUSION

The Trustee's motion should be denied in its entirety and the *Chaitman Email* should be afforded the privilege to which it is entitled.

 Dated:  September 6, 2017

By:  **CHAITMAN LLP**

/s/ *Helen Davis Chaitman*
Helen Davis Chaitman
Jennifer Allim
465 Park Avenue
New York, New York 10022
Phone & Fax: (888)-759-1114
hchaitman@chaitmanllp.com
jallim@chaitmanllp.com

*Attorneys for Defendant Robert Roman*