# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

September 8, 2017

**VIA ECF AND EMAIL:**
Bernstein.chambers@nysb.uscourts.gov

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

     Re:    *In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

     We write on behalf of all Defendants represented by Chaitman LLP ("Defendants") in these clawback cases. Defendants request a pre-motion conference pursuant to Local Rule 7007-1 and Chambers' Rules.

     By letter dated August 8, 2017, the Trustee requested the return of alleged work product pursuant to the Litigation Protective Order (ECF No. 4137) (the "LPO") and Federal Rule of Evidence 502(b). The Trustee is attempting to assert the work-product privilege over information that is clearly not work product. The parties have conferred as required by Local Rule 7007-1(a).

### I.    The Trustee's assertion of work product

     The Trustee has produced four indices relevant to his August 8, 2017 assertion of work product. The first index is the Excel version of the Microfilm Reel Inventory, served on Chaitman LLP via email on July 14, 2017 (the "Microfilm Reel Index"). The second index is the Excel version of the Madoff Warehouse Inventory, served on Judge Maas and Chaitman LLP via email on December 16, 2016 and McDermott Will & Emery on July 25, 2017 (individually, the "Warehouse Index," collectively, with the Microfilm Reel Index, the "Indices"). On August 8, 2017, the Trustee first asserted that the Indices contained work product and he produced revised indices that scrub the alleged work product (the "Revised Indices").

### II.    The Indices are not work product

     The Indices do not contain work product. Instead, the Trustee appears to be attempting to assert the work-product privilege over simple chronological facts contained in the Indices, such as when certain documents were reviewed by the Trustee's consultants. These facts cannot be work

{00032798 2 }

08-01789-cgm Doc 16607 Filed 09/08/17 Entered 09/08/17 11:40:51 Main Document
Pg 2 of 3

CHAITMAN LLP

Honorable Stuart M. Bernstein
September 8, 2017
Page 2

product. See, e.g., *Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product. Thus, work product does not preclude inquiry into the mere fact of an investigation."). Here, the information the Trustee claims is work product is the date when reels of microfilm were reviewed, the identity of the person who reviewed the microfilm, etc. There is no information reflecting "attorney's strategies and legal impressions."

However, even if the Indices contained work product, the Trustee has waived work-product protection by, *inter alia*, using the Indices in proceedings before this Court and Judge Maas; and by representing to multiple courts for several years that the Trustee's investigation of Madoff's books and records revealed that Madoff never engaged in any trading activity for his Investment Advisory customers. Indeed, the Second Circuit's opinion in the Net Equity Decision was based on this representation.

Similarly, pursuant to paragraph 7 of the LPO, the Trustee may only make a "late designation" of material as confidential by serving a written notification of belated designation "at least thirty (30) days before the close of discovery in a particular proceeding." (ECF No. 4137, ¶ 7). The Indices were served in cases in which, the Trustee asserts, discovery has closed. Thus, the Indices cannot now be re-designated as privileged.

### III. **Defendants put the Trustee on notice that they intend to challenge the Trustee's assertion of work product, but the Trustee has made no showing that the Indices are work product**

By letter dated August 17, 2017, Defendants put the Trustee on notice that they were challenging the Trustee's designation of work product. [*See* Ex. A] (citing ECF No. 4137, ¶ 14(a)). Defendants also requested that the Trustee re-designate the Indices as not work product. [*See id.*] (citing ECF No. 4137, ¶ 9).

In response, the Trustee flatly asserted, with no meaningful explanation, that the Indices are work product. [*See* Ex. B]. This response fails to provide a description of the basis for the claim of privilege as required by the LPO and Federal Rule of Civil Procedure 26(b)(5)(B). (See ECF No. 4137 ¶ 14(b)); *see* Fed. R. Civ. P. 26(b)(5)(B). The Trustee must provide sufficient detail for Defendants to evaluate the Trustee's basis for asserting work-product protection. *See* Committee Note to 2006 amendment to Rule 26(b)(5) ("The notice should be as specific as possible in identifying the information and stating the basis for the claim. [T]he notice should be sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim and to determine whether waiver has occurred."). Defendants requested this information, but the Trustee did not provide it. [*See* Ex. A].

# CHAITMAN LLP

Honorable Stuart M. Bernstein
September 8, 2017
Page 3

     Defendants respectfully request that a pre-motion conference be scheduled to address these issues.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Enclosures

cc:    (All counsel by ECF)

{00032798 2 }