# EXHIBIT A

# CHAITMAN LLP

465 PARK AVENUE
NEW YORK, NY 10022
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

August 17, 2017

**VIA EMAIL:** dsheehan@bakerlaw.com

David J. Sheehan
Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111

Re:   *In re: Bernard L. Madoff Investment Securities LLC*
       Adv. Pro. 08-1789 (SMB)

Dear Mr. Sheehan:

We write on behalf of all Defendants represented by Chaitman LLP ("Defendants") in response to your letter dated August 8, 2017 concerning the Trustee's request for the return and destruction of alleged work product pursuant to the Litigation Protective Order (ECF No. 4137) (the "LPO") and Federal Rule of Evidence 502(b).

As you know, the Trustee has produced four indices relevant to his August 8, 2017 assertion of work product. The first index is the Excel version of the Microfilm Reel Inventory, served on Chaitman LLP via email on July 14, 2017 (the "Microfilm Reel Index"). The second index is the Excel version of the Madoff Warehouse Inventory, served on Judge Maas and Chaitman LLP via email on December 16, 2016 and McDermott Will & Emery on July 25, 2017 (individually, the "Warehouse Index," collectively, with the Microfilm Reel Index, the "Indices"). On August 8, 2017, the Trustee first asserted that the Indices contained work product and he produced revised indices that scrub the alleged work product (the "Revised Indices").

We disagree that the Indices contain work product. Instead, the Trustee appears to be attempting to assert the work-product privilege over simple chronological facts contained in the Indices, such as when certain documents were reviewed by the Trustee's consultants. These facts cannot be work product. See, e.g., Resolution Tr. Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product. Thus, work product does not preclude inquiry into the mere fact of an investigation.").

Even if the Indices contained work product, the Trustee has waived work-product protection by, *inter alia*, using the Indices in proceedings before Judge Bernstein and Judge Maas; and by representing to multiple courts for several years that the Trustee's investigation of Madoff's

## CHAITMAN LLP

David J. Sheehan
August 17, 2017
Page 2

books and records revealed that Madoff never engaged in any trading activity for his Investment Advisory customers. Indeed, the Second Circuit's opinion in the Net Equity Decision was based on this representation.

Similarly, pursuant to paragraph 7 of the LPO, the Trustee may only make a "late designation" of material as confidential by serving a written notification of belated designation "at least thirty (30) days before the close of discovery in a particular proceeding." (ECF No. 4137, ¶ 7). The Indices were served in cases in which, the Trustee asserts, discovery has closed. Thus, the Indices cannot now be re-designated as privileged.

Accordingly, Defendants hereby put the Trustee on notice that they intend to challenge the Trustee's designation of work product. (See ECF No. 4137, ¶ 14(a)). Defendants also request that the Trustee re-designate the Indices as not work product. (See ECF No. 4137, ¶ 9). If the Trustee intends to maintain a claim of work-product protection over the Indices, Defendants request that the Trustee provide a description of the basis for the claim of privilege as required by the LPO and Federal Rule of Civil Procedure 26(b)(5)(B). (See ECF No. 4137 ¶ 14(b)); see Fed. R. Civ. P. 26(b)(5)(B). The Trustee must provide sufficient detail for Defendants to evaluate the Trustee's basis for asserting work-product protection. See Committee Note to 2006 amendment to Rule 26(b)(5) ("The notice should be as specific as possible in identifying the information and stating the basis for the claim. [T]he notice should be sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim and to determine whether waiver has occurred.").

As part of this description, please explain the steps the Trustee took to prevent the disclosure of the alleged work product in the Indices and when and how the Trustee discovered that the Indices contained alleged work product. Additionally, please indicate the names of all attorneys involved in the production of the Indices prior to their being served on this firm, McDermott Will & Emery, and Judge Maas.

The Trustee's attention to these matters is required within the strict timeframes contained in the LPO.

Yours sincerely,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb

cc:     (*via Email*)
        Andrew B. Kratenstein (akratenstein@mwe.com)

{00032370 2 }