**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | |
| Plaintiff, | |
| v. | |
| DEFENDANTS LISTED ON EXHIBITS A AND B, | |
| Defendants. | |

**ORDER AUTHORIZING THE CONTINUED DEPOSITION OF**
**BERNARD L. MADOFF ON DAY TWO TOPICS**

**WHEREAS**, on August 24, 2016, this Court held a hearing and issued a bench ruling

approving the requests of the Participating Customers[1] to depose Bernard L. Madoff ("Madoff");

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Madoff Deposition Order.

**WHEREAS**, on September 29, 2016, this Court entered the Order Authorizing the Deposition of Bernard L. Madoff (the "Madoff Deposition Order," ECF No. 14213), permitting testimony on the Day 1 Deposition Topics;

**WHEREAS**, on December 20, 2016, the Participating Customers deposed Madoff on the Day 1 Deposition Topics;

**WHEREAS**, on January 19, 2017, this Court entered the Order Authorizing the Continued Deposition of Bernard L. Madoff (ECF No. 14905), permitting further testimony on the Day 1 Deposition Topics;

**WHEREAS**, the Participating Customers and the Trustee deposed Madoff on the Day 1 Deposition Topics on April 26 and April 27, 2017;

**WHEREAS**, the transcript of deposition held on April 26 and April 27, 2017 was received on May 10, 2017;

**WHEREAS**, pursuant to the Madoff Deposition Order ¶ C, counsel for the Trustee and/or the Participating Customers were permitted to file with the Court a request for a second deposition day, specifically identifying any proposed deposition topics;

**WHEREAS**, the Participating Customers who timely filed requests (the "Day 2 Deposition Requests") to participate in the continued deposition of Madoff are identified on Exhibit A annexed hereto (the "Initial Day 2 Participants");

**WHEREAS**, on June 29, 2017, this Court held a hearing on the Day 2 Deposition Requests, adjourning the matter to July 26, 2017;

**WHEREAS**, on July 26, 2017, this Court held a continued hearing on the Day 2 Deposition Requests and considered all of the requests, objections, and arguments of counsel raised at the

300448402.4

hearings held on June 29 and July 26, 2017, and approved, in part, the Day 2 Deposition Requests to the extent set forth during the hearing held on July 26, 2017;

**WHEREAS**, on August 10, 2017, certain customers represented by Chaitman LLP and Dentons, who are not Initial Day 2 Participants, sought to participate in the continued deposition of Madoff;

**WHEREAS**, on August 22, 2017, a hearing was held to determine whether these additional customers could participate in the continued deposition of Madoff;

**WHEREAS**, the Trustee, Chaitman LLP and Dentons US LLP have agreed that certain customers who are not Initial Day 2 Participants may participate in the continued deposition of Madoff, as identified on Exhibit B annexed hereto (the "Additional Day 2 Participants," collectively with the Initial Day 2 Participants, "Day 2 Participants");

**IT IS HEREBY ORDERED THAT:**

The continued deposition of Madoff (the "Day 2 Deposition") is authorized subject to the terms and limitations of this Order.  The Day 2 Participants and the Trustee are authorized to inquire solely regarding the following topics (the "Day 2 Deposition Topics"):

1. The statements contained in the Federal Bureau of Investigation form FD-302 memorializing a proffer meeting with Bernard Madoff held on December 16, 2008;

2. The Day 2 Participants' accounts held with Bernard L. Madoff Investment Securities ("BLMIS"), or Bernard L. Madoff,  including the history of Day 2 Participants' accounts and the extent, if any, to which BLMIS or Madoff was directed to and did buy, sell and hold actual securities on behalf of the Day 2 Participants; and

3. Madoff's understanding of the reports and other information contained on the reels of microfilm and any other documents produced by the Trustee to the Participating Customers

3

in 2017 and 2018 prior to the completion of the Day 2 Deposition, concerning whether Madoff or BLMIS used customer funds to purchase securities shown on the customer statements of the Day 2 Participants or held such securities for his, or BLMIS', own account.

The following limitations and procedures are imposed on Madoff's deposition:

A.    For each day of examination on the Day 2 Deposition topics, except for any counsel that may appear on Madoff's behalf, two attorneys for the Trustee and two attorneys for the Day 2 Participants may appear (collectively, "Authorized Counsel"); no other appearances are authorized.

B.    Helen Davis Chaitman of Chaitman LLP is appointed lead representative counsel ("Lead Counsel") for the Day 2 Participants.

C.    Examination on the Day 2 Deposition Topics may take place over the course of four (4) days for a maximum of seven (7) hours per day, on dates as soon as practicable, but subject to the discretion of the warden of the Federal Correctional Institution located in Butner, North Carolina, as follows:

i.    On the first and second day, the Day 2 Participants may inquire as to the Day 2 Deposition Topics, provided that the Trustee may inquire as to the Day 2 Deposition Topics as time permits on the first or second day;

ii.    On the third day, counsel for the Trustee may inquire as to the Day 2 Deposition Topics and any other areas of cross-examination;

iii.    On the fourth day, the Day 2 Participants may conduct re-direct, provided that the Trustee shall have adequate time for any additional cross-examination based on the Day 2 Participants' re-direct;

300448402.4

iv.    The Trustee's counsel and counsel for the Day 2 Participants shall arrange with the court reporter for the rough transcript of each deposition day to be circulated to the Trustee's counsel and all counsel for the Day 2 Participants as soon as possible after each deposition day ends and no later than 8:00 pm eastern time on that deposition day.

D.    Authorized Counsel are prohibited, at any point during Madoff's deposition, from asking Madoff any questions beyond the scope of the Day 2 Deposition Topics, including any questions about (i) Jeffry M. Picower, Capital Growth Company, Decisions Inc., Favorite Funds, JA Primary Limited Partnership, JA Special Limited Partnership, LAB Partnership, JEMW Partnership, JF Partnership, JFM Investment Companies, JLM Partnership, JMP Limited Partnership, Jeffry M. Picower Special Company, Jeffry M. Picower P.C., The Picower Foundation, The Picower Institute for Medical Research, The Trust f/b/o Gabrielle H. Picower, and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, as Trustee for The Picower Foundation and as Trustee of the Trust f/b/o Gabrielle H. Picower (collectively, the "Picower Parties") or their agents, or the Picower Parties' BLMIS accounts (other than as set forth in the transcript of hearing dated August 24, 2016 in this matter). To the extent Madoff testifies regarding the Picower Parties or their BLMIS accounts in responding to questions on any of the Day 2 Deposition Topics, any information specific to the Picower Parties' BLMIS accounts shall be redacted whenever practicable and Authorized Counsel may follow up with questions concerning the Picower Parties only to the extent that such follow up questions relate directly to the Day 2 Deposition Topics. However, Authorized Counsel may not use any testimony by Madoff regarding Picower or the Picower Parties

300448402.4

to deviate from the Day 2 Deposition Topics, including but not limited to inquiring about Picower's conduct that is not directly related to the Day 2 Deposition Topics.

E.      No testimony elicited during Madoff's Day 1 or Day 2 Deposition may be used in any way in connection with the Profit Withdrawal Litigation, as described in the Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue (*see* ECF No. 10266).

F.      In advance of the deposition, Chaitman LLP will provide a copy of this Order to Madoff.

G.      Absent further order of the Court, the deposition testimony of Madoff and the transcript(s) (the "Transcripts") thereof on the Day 1 and Day 2 Deposition Topics shall not be used by any person or entity for any reason as it relates to the Picower Parties, including but not limited to in any pending or future litigation that may be brought against the estate of Jeffry M. Picower, the Picower Parties or their agents, or any related person or entity.

H.      The Transcripts for each day of Madoff's deposition shall remain confidential and under seal for twenty-one (21) days after the date that the final Transcript of each day of deposition testimony on the Day 2 Deposition Topics is provided to counsel to the Trustee, representative Lead Counsel for the Day 2 Participants, the Picower Parties and SIPC, or, if any party seeks to seal, strike or redact any portion of the Transcripts within the 21-day period, then solely as to that portion of the Transcript, the day after a final, non-appealable order is entered on such motion(s) (the "Confidentiality Period"). Each of the Transcripts shall automatically be re-designated as not confidential when the

Confidentiality Period for each of the Transcripts expires, subject to any sealing, striking or redactions that the Court may have ordered.

I.      During the Confidentiality Period, the Transcripts and contents of Madoff's deposition may not be disclosed, except to Authorized Counsel and their retained experts, if any, for the Trustee, the Day 2 Participants, the Picower Parties and SIPC, all of whom, including the experts, shall maintain the confidentiality of the Transcripts and their contents and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the Transcripts, including any testimony concerning (i) any topics other than the approved Day 2 Deposition Topics, as limited by Paragraph D above, (iii) the Picower Parties or their agents or related parties, or any BLMIS accounts held by or on behalf of any of the Picower Parties.

J.      Any requests on motions to strike and/or redact any part of Madoff's deposition Transcripts, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means promulgated under Local Rule 5005-2, shall be served on counsel for the Trustee, the Day 2 Participants, the Picower Parties and SIPC at the time of filing under seal, and shall remain confidential during the Confidentiality Period.

K.      In the event that counsel for the Trustee, the Day 2 Participants, the Picower Parties or SIPC receives any request, subpoena or other process seeking disclosure of Madoff's deposition Transcripts or information related to Madoff's testimony during the Confidentiality Period, such counsel, within three business days thereof, shall notify the Court and counsel for the Trustee, the Day 2 Participants, the Picower Parties and SIPC of

300448402.4

the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena, or other process.

L.      As to the Day 2 Participants, the Court extends fact discovery for the limited and sole purpose of taking Madoff's deposition.  Other than for that purpose, the deadlines in the applicable case management orders remain unchanged other than as set forth in the transcript of hearing dated June 29, 2017 in this matter.  Notwithstanding the dates set forth in the case management orders, counsel for the Trustee, the Day 2 Participants, the Picower Parties and SIPC have the right to move the Court for further discovery based upon Madoff's testimony other than as set forth in the transcript of hearing dated June 29, 2017 in this matter.

M.      Only the Day 2 Participants are permitted to participate in Madoff's Day 2 Deposition.

N.      After Madoff's deposition on the Day 2 Deposition Topics, no further testimony may be taken from Madoff on the Day 1 Deposition Topics or Day 2 Deposition Topics without further order of the Court.

O.      Once the Day 2 Deposition completed, there will be no additional testimony of Madoff unless the Court determines additional testimony is needed based on a demonstrated showing of need and relying on only those documents made available in discovery after the completion of the Day 2 Deposition.

300448402.4

P.      This Court shall retain exclusive jurisdiction over the enforcement,

implementation, and interpretation of this Order.


Dated:  New York, New York
      September 11<u>th</u>, 2017


                            **<u>/s/ STUART M. BERNSTEIN</u>**
                            **Hon. Stuart M. Bernstein**
                            **United States Bankruptcy Judge**

300448402.4

Exhibit A

**"Participating Customers" Identified in Sept. 29, 2016 Order (ECF No. 14213)**

| No. | Adv. Pro. No. | Case Name | Counsel |
|---|---|---|---|
| 1 | 10-04292 | Robert Roman | Chaitman LLP |
| 2 | 10-04302 | Joan Roman | Chaitman LLP |
| 3 | 10-04321 | Herbert Barbanel, et al. | Chaitman LLP |
| 4 | 10-04327 | Gertrude E. Alpern Revocable Trust, et al. | Chaitman LLP |
| 5 | 10-04367 | Benjamin T. Heller | Chaitman LLP |
| 6 | 10-04397 | Fern C. Palmer Revocable Trust Dtd 12/31/9, et al. | Chaitman LLP |
| 7 | 10-04438 | Estate of Seymour Epstein, et al. | Chaitman LLP |
| 8 | 10-04446 | Trust Dated 12/6/99 Walter and Eugenie Kissinger, et al. | Chaitman LLP |
| 9 | 10-04469 | Carol L. Kamenstein, individually and in her capacity as joint tenant | Chaitman LLP |
| 10 | 10-04487 | Robert Weintraub, et al. | Chaitman LLP |
| 11 | 10-04503 | Judd Robbins | Chaitman LLP |
| 12 | 10-04541 | Kenneth W Perlman, et al. | Chaitman LLP |
| 13 | 10-04545 | Jerome Goodman, Individually, as trustee for The Jerome Goodman Child | Chaitman LLP |
| 14 | 10-04570 | Jacob M. Dick Rev Living Trust DTD 4/6/01, et al. | Chaitman LLP |
| 15 | 10-04614 | Robert S. Whitman | Chaitman LLP |
| 16 | 10-04655 | Jaffe Family Investment Partnership, et al. | Chaitman LLP |
| 17 | 10-04718 | The Jordan H. Kart Revocable Trust, et al. | Chaitman LLP |
| 18 | 10-04728 | Bruno L. Di Giulian | Chaitman LLP |
| 19 | 10-04748 | Mark Horowitz | Chaitman LLP |
| 20 | 10-04749 | Philip F. Palmedo | Chaitman LLP |
| 21 | 10-04752 | Kuntzman Family LLC, et al. | Chaitman LLP |
| 22 | 10-04762 | James M. Goodman | Chaitman LLP |
| 23 | 10-04798 | Janet Jaffe, et al. | Chaitman LLP |
| 24 | 10-04803 | The Estelle Harwood Family Limited Partnership, et al. | Chaitman LLP |
| 25 | 10-04806 | Kenneth M. Kohl, as an individual and as a joint tenant, et al. | Chaitman LLP |
| 26 | 10-04809 | Edyne Gordon NTC | Chaitman LLP |
| 27 | 10-04818 | Toby Harwood | Chaitman LLP |
| 28 | 10-04823 | Frank DiFazio, et al. | Chaitman LLP |
| 29 | 10-04826 | Boyer Palmer | Chaitman LLP |
| 30 | 10-04878 | Lisa Beth Nissenbaum Trust, et al. | Chaitman LLP |
| 31 | 10-04912 | Harry Smith Revocable Living Trust, et al. | Chaitman LLP |
| 32 | 10-04920 | Glenhaven Limited, et al. | Chaitman LLP |
| 33 | 10-04931 | Cantor, et al. | Chaitman LLP |
| 34 | 10-04956 | D. M. Castelli | Chaitman LLP |
| 35 | 10-04961 | Sylvan Associates LLC f/k/a Sylvan Associates Ltd Partnership, et al. | Chaitman LLP |
| 36 | 10-04979 | James M. New Trust dtd 3/19/01, et al. | Chaitman LLP |
| 37 | 10-04991 | Guiducci Family Limited Partnership, et al. | Chaitman LLP |
| 38 | 10-04995 | Trust U/Art Fourt O/W/O Israel Wilenitz, et al. | Chaitman LLP |
| 39 | 10-05026 | Walter Freshman Trust A, a Florida trust, et al. | Chaitman LLP |
| 40 | 10-05037 | Barbara L. Savin | Chaitman LLP |
| 41 | 10-05079 | Estate of James M. Goodman, et al. | Chaitman LLP |
| 42 | 10-05104 | The Gloria Albert Sandler and Maurice Sandler Revocable Living Trust | Chaitman LLP |
| 43 | 10-05124 | The Lawrence J. Ryan and Theresa R. Ryan Revocable Living Trust, et al. | Chaitman LLP |
| 44 | 10-05128 | JABA Associates LP, et al. | Chaitman LLP |
| 45 | 10-05133 | Boyer H. Palmer, individually, etc, et al. | Chaitman LLP |
| 46 | 10-05151 | Palmer Family Trust, etc., et al. | Chaitman LLP |
| 47 | 10-05157 | The Harnick Brothers Partnership, et al. | Chaitman LLP |
| 48 | 10-05184 | Laura Ann Smith Revocable Living Trust, et al | Chaitman LLP |
| 49 | 10-05196 | Whitman 1990 Trust U/A DTD 4/13/90, etc., et al | Chaitman LLP |
| 50 | 10-05312 | Doron Tavlin Trust U/A 2/4/91, et al. | Chaitman LLP |
| 51 | 10-05377 | Richard G. Eaton | Chaitman LLP |
| 52 | 10-05420 | Gunther K. Unflat, et al. | Chaitman LLP |
| 53 | 10-05435 | Keith Schaffer, et al. | Chaitman LLP |
| 54 | 10-05130 | Barbara Kotlikoff Harman | Chaitman LLP |
| 55 | 10-05209 | Lapin Children LLC | Dentons US LLP |
| 56 | 10-04415 | The Estate of Barbara Berdon, et al. | Dentons US LLP |
| 57 | 10-04486 | The Norma Shapiro Revocable Declaration of Trust Under Agreement Date | Dentons US LLP |
| 58 | 10-04702 | S&L Partnership, a New York partnership, et al. | Dentons US LLP |
| 59 | 10-04861 | Harold J. Hein | Dentons US LLP |
| 60 | 10-05236 | Toby T. Hobish, et al. | Dentons US LLP |
| 61 | 10-04882 | Laura E. Guggenheimer Cole | Dentons US LLP |
| 62 | 10-04362 | Sage Associates, et al. | McDermott Will & Emery LLP |
| 63 | 10-04400 | Sage Realty, et al. | McDermott Will & Emery LLP |
| 64 | 10-05257 | Edward A. Zraick, Jr., individually and as joint tenant, et al. | Hunton & Williams LLP |

**Exhibit B**
**Additional Customers Participating in Day 2 Deposition of Bernard L. Madoff**

| No. | Adv. Pro. No. | Case Name | Counsel |
|---|---|---|---|
| 1 | 10-04709 | Andrew M. Goodman | Chaitman LLP |
| 2 | 10-04837 | Leslie Ehrlich f/k/a Leslie Harwood , et al. | Chaitman LLP |
| 3 | 10-04905 | Train Klan, a Partnership, et al. | Chaitman LLP |
| 4 | 10-05150 | Plafsky Family LLC Retirement Plan, Robert Plafsky, et al. | Chaitman LLP |
| 5 | 10-04539 | The Gerald and Barbara Keller Family Trust, et al. | Chaitman LLP |
| 6 | 10-04914 | Edyne Gordon | Chaitman LLP |
| 7 | 10-05127 | Atwood Management Profit Sharing Plan & Trust, etc., et al. | Chaitman LLP |
| 8 | 10-04491 | Elaine Dine Living Trust dated 5/12/06, et al. | Chaitman LLP |
| 9 | 10-04562 | Robert F. Ferber | Chaitman LLP |
| 10 | 10-04352 | RAR Entrepreneurial Fund LTD, et al. | Chaitman LLP |
| 11 | 10-04753 | Carla Ginsburg | Chaitman LLP |
| 12 | 10-05116 | Leonard J. Oguss Trust, et al. | Chaitman LLP |
| 13 | 10-04610 | The Whitman Partnership, et al. | Chaitman LLP |
| 14 | 10-04644 | Russell L. Dusek | Chaitman LLP |
| 15 | 10-04648 | Peter D. Kamenstein | Chaitman LLP |
| 16 | 10-04889 | Estate of Robert Shervyn Savin, et al. | Chaitman LLP |
| 17 | 10-04489 | Marlene Krauss | Chaitman LLP |
| 18 | 10-04768 | Placon2, William R. Cohen, et al. | Chaitman LLP |
| 19 | 10-04867 | Estate of Steven I. Harnick, et al. | Chaitman LLP |
| 20 | 10-04740 | Robert Hirsch, as an individual, and as joint tenant, et al. | Chaitman LLP |
| 21 | 10-04428 | Allen Meisels | Chaitman LLP |
| 22 | 10-04712 | Joseph S. Popkin Revocable Trust Dated February 9, 2006 | Chaitman LLP |
| 23 | 10-04621 | Donald A. Benjamin | Chaitman LLP |
| 24 | 10-05058 | America Israel Cultural Foundation, Inc | Dentons US LLP |
| 25 | 10-04921 | Stanley T. Miller | Dentons US LLP |
| 26 | 10-04357 | James Greiff | Dentons US LLP |
| 27 | 10-04401 | Rose Gindel Trust, et al. | Dentons US LLP |
| 28 | 10-04925 | Alvin Gindel Revocable Trust, a Florida trust, et al. | Dentons US LLP |
| 29 | 10-04332 | Barry Weisfeld | Dentons US LLP |
| 30 | 10-04672 | Sidney Cole | Dentons US LLP |
| 31 | 10-05424 | The Frederica Ripley French Revocable Trust, et al. | Dentons US LLP |
| 32 | 10-05085 | Eugene J. Ribakoff 2006 Trust, et al. | Dentons US LLP |
| 33 | 10-05384 | Neil Reger Profit Sharing Keogh, et al. | Dentons US LLP |