UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

### DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN THE JENNIE BRETT AND DAVID MOSKOWITZ ACCOUNTS

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

  1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff.

  2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each filed customer claim to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as

the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying Claims of Claimants Holding Interests in the Jennie Brett and David Moskowitz Accounts (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the filed customer claims, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected BLMIS account 1B0192 held in the name of Jennie Brett (the "Brett Account"), and 1ZA178 held in the name of David Moskowitz (the "Moskowitz Account," together with the Brett Account referred to herein as the "Accounts") are listed on Exhibit 1.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

2

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account in which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, corporate formation documents, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention either Jennie Brett or David Moskowitz. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases his or her customer claim on the Objecting Claimant's relationship to Jennie Brett or David Moskowitz and his or her respective account.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by the Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the 4 claims and 4 docketed objections filed by the Objecting Claimants who claim to hold an interest in one of the Accounts and who have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers or individuals who filed the objection on behalf of the Objecting Claimants, and the Account number. Each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13. Jennie Brett and David Moskowitz each filed a direct claim related to his or her Account seeking a distribution from the fund of customer property for its Account.

14. The Trustee sent letters of determination to Jennie Brett and David Moskowitz denying their customer claims on the ground that they were net winners, *i.e.*, that each had withdrawn more money from their BLMIS Account than had been deposited, making the Accounts "net winners."

15. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for Account 1B0192.

16. Attached hereto as Exhibit 5 is a true and correct copy of claim 000995, filed with the Trustee by Heidi Hiles.

17. Attached hereto as Exhibit 6 is a true and correct copy of claim 001081, filed with the Trustee by Gaetano Macaluso.

18. Attached hereto as Exhibit 7 is a true and correct copy of claim 000997, filed with the Trustee by Rosalinda Macaluso.

19. Attached hereto as Exhibit 8 is a true and correct copy of the BLMIS customer file for Account 1ZA178.

20. Attached hereto as Exhibit 9 is a true and correct copy of claim 013192, filed with the Trustee by Leah Larsen.

21. The Accounts were in the names of Jennie Brett and David Moskowitz, not in the names of the respective Objecting Claimants, as detailed on Exhibit 1 attached hereto. The

4

books and records of BLMIS do not reflect individual deposits or withdrawals by the Objecting Claimants. The amounts that the Objecting Claimants allege are owed to them are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2017
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022

5