# EXHIBIT 4

JENNIE BRETT

1B0192-30/40

AMF00156539

Display Device . . . . . . . :
User . . . . . . . . . . . : WA   JODI

INQUIRY  Account# 1B0060  CUSTOMER MASTER FILE MAINTENANCE

Line 1  JENNIE BRETT
Line 2
Line 3
Line 4
City                   State Redacted  Zip Redacted
Check Name1 JENNIE BRETT
Check Name2 JENNIE BRETT

Redacted

SS-ID# Redacted -9695  SS-ID# Confirmed C
Short Name BRETT/ J  Group Name HERSHSON A
Margin Account IV  Foreign Account  F.A. W/H Rate 0000
Comps     Memos    Statements 1099 Forms

                    PROFITS DIVIDEND  INTEREST    TYPE   BATCH
1 — Arbitrage Account            S      S        S      80
2 — Long Account (Special)       S      S        S      40
3 — Long Account (Regular)       S      S        S      50
4 — Option Account               S      S        S      70
5 — Hedge Account                S      S        S

Agency Account

(F)

< ENTER > To Continue

AMF00156540

# THOMAS E. BRETT

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

August 18, 2008

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct B0192-3 and 4

Gentlemen:

I enclose my check for $10,000, to be added to my wife's account.

Your cooperation is very much appreciated.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156541

May 28, 2008

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct BO192-3 and 4

Gentlemen:

Please issue to me from my account a check for $10,000.

Your cooperation is very much appreciated.

Very truly yours,

Jennie Brett

**Redacted**

ms

AMF00156542

# THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

May 28, 2008

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y.  10022-4834

Re:  Jennie Brett
Acct BO192-3 and 4

Gentlemen:

I enclose a request from my wife for withdrawal of $10,000.

Your cooperation is very much appreciated.

Very truly yours,

Thomas E. Brett

ms
encl

AMF00156543

January 23, 2008

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y.  10022-4834

                 Re:  Jennie Brett
                       Acct BO192-3 and 4

Gentlemen:

Please issue to me from my account a check in the sum of $5,000.

Your cooperation is very much appreciated.

                 Very truly yours,

                 *Jennie Brett*

                 Jennie Brett

                 **Redacted**

ms

AMF00156544

# T H O M A S   E.   B R E T T
### ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

November 20, 2007

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y.   10022-4834

               Re:   Jennie Brett
                    Acct BO192-3 and 4

Gentlemen:

I enclose my check for $10,000, to be added to my wife's account.

Your cooperation is very much appreciated.

                            Very truly yours,

                            Thomas E. Brett

ms
encl.

AMF00156545

# T H O M A S   E .   B R E T T

### ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

August 29, 2007

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
    Acct BO192-3 and 4

Gentlemen:

I enclose my check for $10,000, to be added to my wife's account.

Your cooperation is very much appreciated.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156546

July 6, 2007

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y.  10022-4834

Re:  Jennie Brett
     Acct BO192-3 and 4

Gentlemen:

Please issue to me from my account a check in the sum of
$200,000.

I do not anticipate further withdrawals in the near future.

Your cooperation is very much appreciated.

Very truly yours,

Jennie Brett

**Redacted**

ms
encl.

680 M          S - 7/10

# T H O M A S   E.   B R E T T

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

June 12, 2007

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y. 10022-4834

Re:  Jennie Brett
     Acct BO192-3 and 4

Gentlemen:

I enclose a request from my wife for withdrawal of $5,000.

Your cooperation is very much appreciated.

Very truly yours,

Thomas E. Brett

ms
encl

AMF00156548

June 12, 2007

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y.  10022-4834

Re: Jennie Brett
Acct BO192-3 and 4

Gentlemen:

Please issue to me from my account a check in the sum of $5,000.

Your cooperation is very much appreciated.

Very truly yours,

Jennie Brett

**Redacted**

ms
encl.

6/15

May 17, 2007

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y.  10022-4834

Re:  Jennie Brett
Acct B0192-3 and 4

Gentlemen:

Please issue to me from my account a check in the sum of $5,000.

Your cooperation is very much appreciated.

Very truly yours,

*Jennie Brett*

Jennie Brett

Redacted

ms
encl.

692A          5-5/22

April 20, 2007

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y.  10022-4834

                                    Re:  Jennie Brett
                                         Acct BO192-3, and 4

Gentlemen:

Please issue to me from my account a check in the sum of $5,000.

Your cooperation is very much appreciated.

                              Very truly yours,


                              Jennie Brett

                              **Redacted**

ms
encl.

# THOMAS E. BRETT

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

December 21, 2006

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct BO192-3 and 4

Gentlemen:

I enclose my checks totaling $25,000, one for $20,000 and the
other for $5,000 to be added to my wife's account.

Your cooperation is very much appreciated.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156552

# T H O M A S   E.   B R E T T

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

December 2, 2005

Bernard L. Madoff
Investment Securities
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct #1-B0192-3,4

Gentlemen:

Please add the enclosed check for $10,000 to my wife's account.

Very truly yours,

Thomas E. Brett

encl

AMF00156553

# THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

August 19, 2005

Bernard L. Madoff Investments
885 Third Avenue
New York, N.Y.  10022-4834

Re: Jennie Brett
    Acct. No. 1-B0192-3,4

Gentlemen:

Please add the enclosed check for $15,000 to my wife's account.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156554

August 2, 2005

Bernard L. Madoff Investments
885 Third Avenue
New York, N.Y.  10022-4834

Re: Jennie Brett
Acct. No.1-B0192-3,4

Gentlemen:

I wish to withdraw the sum of $260,000 from my above account. Please forward your check at your earliest opportunity.

Very truly yours,

Jennie Brett

**Redacted**   Redacted

8/3

AMF00156555

# THOMAS E. BRETT, ESQ.

**ATTORNEY AT LAW**
125-10 Queens Boulevard, #311
Kew Gardens, N.Y. 11415

Tel. # 718-263-0123
Fax. # 718-263-0134
(not for service of legal papers)

## FAX COVER SHEET

**************************************************************************

DATE: 8/2/05

TO: Bernard Madoff

FAX NO: 212-838-4061

FROM: Thomas E. Brett, Esq.

OUR REF: Jennie Brett - Acct No. 1-B0192-3.4.

TOTAL NUMBER OF PAGES (including this cover sheet):

**************************************************************************

### COMMENTS

Jennie's request to withdraw
$260,00. herewith —

If you have received this message in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service.

AMF00156556

# THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

August 2, 2005

Bernard L. Madoff Investments
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct. No.1-BO192-3,4

Gentlemen:

I enclose a request from my wife to withdraw $260,000.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156557

# THOMAS E. BRETT

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

April 27, 2005

Bernard Madoff
Investment Securities
885 Third Avenue
New York, N.Y. 10022

Re: Jennie Brett
Acct B0192-3 and 4

Gentlemen:

I enclose my check foer $145,000 to be added to my wife's account.

Your cooperation is very much appreciated.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156558

December 15, 2004


Bernard L. Madoff
885 Third Avenue
New York, N.Y.  10022

Re: Acct. 1B0192-3

Dear Mr. Madoff:

Please forward to me $25,000.00 from my above account.

Very truly yours,

Jennie Brett

**Redacted**

ms

CK Out
12/21



November 16, 2004

Bernard L. Madoff
885 Third Avenue
New York, N.Y.  10022

Re: Acct. 1B0192-3

Dear Mr. Madoff:

Please forward to me $10,000.00 from my above account.

Very truly yours,

Jennie Brett

**Redacted**

ms

422ᴀ

5-11/19

**Redacted**

July 28, 2004

*VIA FAX #212-838-4061*

Bernard L. Madoff
  Investments
885 Third Avenue
New York, N.Y.  10022-4834

Att: Eric

Re: Accts #B0192-3 and 4

Gentlemen:

Please withdraw $350,000 from my above accounts and send me your
check for that amount.

I expect to re-invest $40,000 of this amount in the next 60 days.

Your cooperation is very much appreciated.

Very truly yours,

*Jennie Brett*

Jennie Brett

Ck Out
7/29

795

AMF00156561

# THOMAS E. BRETT

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

January 16, 2003

Bernard L. Madoff
Investments
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct. BO192-3 and 4

Gentlemen:

Please add the enclosed $30,000 to my wife's accounts.

Very truly yours,

Thomas E. Brett

ms
encl.

# THOMAS E. BRETT

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

December 29, 2003

Bernard L. Madoff
Investments
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct. B0192-3 and 4

Gentlemen:

Please add the enclosed $10,000 to my wife's accounts.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156563

# T H O M A S  E.  B R E T T

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

December 4, 2002

Bernard L. Madoff
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct #1-B0-192-3 & 4

Gentlemen:

I enclose my check for $55,000 for investment in my wife's account.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156564

# T H O M A S  E.  B R E T T

ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

September 27, 2002

Bernard L. Madoff
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
    Acct # 1-B0192-3 & 4

Gentlemen:

I enclose my check for $120,000 for investment in my wife's account.

Very truly yours,

Thomas E. Brett

9/30/02

ms
encl.

AMF00156565

# T H O M A S  E .  B R E T T
### ATTORNEY AT LAW

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

April 23, 2002

Bernard L. Madoff
Investments
885 Third Avenue
New York, N.Y.  10022-4834

Re: Jennie Brett
Acct #1-BO192-3 and 4

Gentlemen:

Please withdraw $200,000 from my above accounts and forward same to
me at ⌐ **Redacted** ¬

Your cooperation will be greatly appreciated.

Very truly yours,

*Jennie Brett*

Jennie Brett

ms

AMF00156566

# T H O M A S   E .   B R E T T
## ATTORNEY AT LAW

(718) 263-0123

125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

June 23, 2000

Bernard L. Madoff
885 Third Avenue
New York, NY   10022-4834

Re: Account 1-BO192-3
Jennie Brett

Gentlemen:

I enclose my check for $115,000 and request that it be added to my
wife's account.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156567

October 18, 1999

Bernard L. Madoff
Investment Services
885 Third Avenue
New York, N.Y. 10022-4834

Re: Jennie Brett
Acct. 1-BO-192-3-0

Dear Mr. Madoff:

Please forward to me, at your convenience, $20,000 from this account.

This is not an emergency request and I do not want to interrupt any current investment.

Thank you very much.

Very truly yours,

Jennie Brett

Jennie Brett

Redacted

CKOUT
10/25

299

AMF00156568

# T H O M A S  E.  B R E T T
## ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

October 6, 1999

VIA FAX (212) 486-8178

Bernard L. Madoff
885 Third Avenue
New York, N.Y.  10022

Re: Jennie Brett
Acct. 1-BO-192-3-0

Dear Mr. Madoff:

Please provide me with equity appreciation on a quarterly basis in my above account(s).

From the conversation with Jodi on October 5th, it appears that you never received my letter of July 15th, copy enclosed.

The $35,000 addition was made on 3/30/99 and the $45,000 addition was made on 6/21/99.

Thank you for your assistance.

Very truly yours,

Jennie Brett

ms

AMF00156569

July 15, 1999

Bernard L. Madoff
885 Third Avenue
New York, N.Y. 10022

Re: Jennie Brett-
Acct. 1-B0-192-3-0

Dear Mr. Madoff:

Pursuant to my husband's discussion with Erin Reardon yesterday, please revise my accounts so as to pay the net profits to me rather than the quarterly payment of a fixed amount.

I was concerned that the additional $35,000 added to the account on 3/30 did not generate any additional income.

Your cooperation is greatly appreciated.

Very truly yours,

Jennie Brett

**Redacted**

AMF00156570

# THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

August 25, 1999

Bernard L. Madoff
885 Third Avenue
New York, N.Y.  10022

Re: Jennie Brett
Acct. 1-BO-192-3-0

Dear Mr. Madoff:

Please add the enclosed check for $70,000 to my wife's account.

I truly appreciate your expertise in managing this account and am
happy for the privilege of being one of your clients.

Very truly yours,

Thomas E. Brett

ms

8/27/99

# THOMAS E. BRETT
## ATTORNEY AT LAW

*(718) 263-0123

125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

July 9, 1999

Bernard L. Madoff
885 Third Avenue
New York, N.Y.  10022

Re: Jennie Brett
Acct. 1-BO-192-3-0

Dear Mr. Madoff:

I am in receipt of your check for $4,650 but expected it to be for more than this amount since I had added $35,000 to the account as of 3/30/99.  In addition I added $45,000 on 6/21/99.

I will appreciate knowing when these funds will begin producing income.

I trust that you are in good health and are enjoying the summer.

Very truly yours,

Thomas E. Brett

ms

AMF00156572

# THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

<div align="right">125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415</div>

June 18, 1999

Bernard L. Madoff
885 Third Avenue
New York, N.Y.  10022-4834

Re: Jennie Brett
Acct. 1-B0192-3
Acct. 1-B0192-4

Dear Mr. Madoff:

I enclose my check for $45,000.00 to be added to my wife's
account.

Very truly yours,

Thomas E. Brett

ms
encl.

SB
6/21/99

AMF00156573

# T H O M A S   E .   B R E T T
### ATTORNEY AT LAW

(718) 263-0123

125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

March 26, 1999

Bernard L. Madoff
885 Third Avenue
New York, N.Y.  10022-4834

Re: Jennie Brett
Acct. 1-B0192-3
Acct. 1-B0192-4

Dear Mr. Madoff:

I enclose my check for $35,000.00 to be added to my wife's account.

Very truly yours,

Thomas E. Brett

ms
encl.

3/30/99

AMF00156574

# BERNARD L. MADOFF

NEW ACCOUNT

ENTER SOCIAL SECURITY NO.

X | **Redacted** 9695

ACCT. NO.
ASSIGNED

| NO. | | T | C | RR |
|---|---|---|---|---|
| | | | | |

Mrs.
~~Mr.~~
~~Miss~~
NAME    Jennie Brett

X
STREET

X
CITY                                        STATE

TEL.
NUMBER   X

TEL.
NUMBER   X

**Redacted**

RESIDENCE

| | | Date Sent to Client | | | Date Sent to Client |
|---|---|---|---|---|---|
| Margin Agreement | ☐ | _____ | Co-Partnership Form | ☐ | _____ |
| Joint Agreement | ☐ | _____ | Mail Waiver Form | ☐ | _____ |
| Corporate Account Form | ☐ | _____ | Multiple A/C Form | ☐ | _____ |

AMF00156575

We deem the questions contained in this section to be required by the "Know Your Customer" Rule of the New York Stock Exchange, and, therefore, must be answered in full.

X Residence ..... Redacted

X Name of Employer _Husband - (Self) - Brett + Friki_ Address _118-21 Queens Blvd Forest H_
(If housewife, must have name of husband's employer)

Occupation X _housewife_

Bank Reference and Address X _Manufacturers Hanover Trust 118-30 Queens Blvd Forest Hills NY_

~~Other Brokerage Accts. with~~ .....

~~R. R.'s Estimate of Clients Net Worth~~ .....

Is Client Over 21 Years of Age? Yes _Yes_ No ..... How Long Have You Known Client .....

Client is a Citizen of ..... Client Introduced by .....

Approved by .....

AMF00156576

# THOMAS E. BRETT
## ATTORNEY AT LAW

125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

April 20, 1994

Bernard L. Madoff
Investment Securities
885 Third Avenue
New York, N.Y. 10022

Dear Mr. Madoff:

I enclose a request from my wife for a $5,000 withdrawal from her account.

Very truly yours,

Thomas E. Brett

ms

AMF00156577

AMF00156578

# T H O M A S   E.   B R E T T
## ATTORNEY AT LAW

125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

November 11, 1997

Bernard L. Madoff
885 Third Avenue
New York, N.Y. 10022

Gentlemen:

Re: Acct # 1-B0192-3-0

I believe the credit for Intel should be $5,571.63 as I have noted on
the enclosed copy of your print-out.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156579

**BERNARD L. MADOFF**
Investment Securities
New York □ London

[MUW]

JENNIE BRETT

Redacted

885 Third Avenue
New York, NY 10022
(212) 230-2400
(800)334-1343
TELEX 235 130
FAX (212) 486-8178

| YOUR ACCOUNT NUMBER | PERIOD ENDING | PAGE |
|---|---|---|
| 1-B0192-3-0 | 10/31/97 | 2 |

YOUR TAX PAYER IDENTIFICATION NUMBER: 1-9695

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 10/21 | | 17 | 40456 | CITICORP | 143 | | 2,431.00 |
| 10/21 | | 24 | 43776 | CISCO SYSTEMS INC | 82 3/4 | | 1,986.00 |
| 10/21 | | 41 | 47057 | DU PONT E I DE NEMOURS & CO. | 59 | | 2,419.00 |
| 10/21 | | 43 | 50338 | FORD MOTOR COMPANY | 49 | | 2,107.00 |
| 10/22 | | 26 | 53619 | GENERAL MOTORS CORP | 70 3/8 | | 1,829.75 |
| 10/22 | | 36 | 56900 | HEWLETT PACKARD CORP | 67 | | 2,418.75 |
| 10/21 | | 35 | 60181 | INTERNATIONAL BUSINESS MACHS | 101 3/16 | | 3,535.00 |
| 10/21 | | 58 | 63462 | INTEL CORP. | 86 1/2 | | 5,017.00 |
| 10/21 | | 88 | 66741 | COCA COLA CO | 60 3/16 | | 5,296.50 |
| 10/22 | | 28 | 70022 | MOBIL CORP | 75 3/16 | | 2,105.25 |
| 10/21 | | 44 | 73303 | MERCK & CO | 98 1/4 | | 4,323.00 |
| 10/21 | | 43 | 76584 | MICROSOFT CORP | 135 1/4 | | 5,815.75 |
| 10/21 | | 18 | 83430 | SCHLUMBERGER LTD | 86 | | 1,548.00 |
| 10/21 | | 47 | 6396 | GENERAL ELECTRIC CO | 69 3/8 | | 8,047.50 |
| 10/22 | | 47 | 9676 | JOHNSON & JOHNSON. | 58 1/2 | | 2,749.50 |
| 10/21 | | 15 | 12938 | MCDONALDS CORP | 80 1/2 | | 1,202.50 |
| 10/22 | | 26 | 16219 | MINNESOTA MNG & MFG CO | 94 3/8 | | 1,415.63 |
| 10/21 | | 27 | 22781 | NATIONS BANK CORP | 62 5/8 | | 1,602.88 |
| 10/21 | | 34 | 26049 | ORACLE CORPORATION | 34 3/16 | | 1,606.38 |
| 10/22 | | 14 | 29264 | SEARS ROEBUCK & CO | 47 1/2 | | 2,920.75 |
| 10/22 | | 58 | 32545 | AT & T CORP | 45 3/16 | | 2,620.88 |
| 10/22 | | 82 | 35826 | WAL-MART STORES INC | 35 3/8 | | 2,900.75 |
| 10/22 | | 88 | 86711 | EXXON CORP | 64 1/4 | | 5,654.50 |
| 10/22 | | 26 | 89991 | AMERICAN INTL GROUP INC | 109 | | 2,834.00 |
| 10/22 | | 20 | | AMERITECH CORP | 66 1/4 | | 1,325.00 |

CONTINUED ON PAGE 3

AMF00156580

# THOMAS E. BRETT

ATTORNEY AT LAW

125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

(718) 263-0123

June 30, 1997

Bernard L. Madoff
Investment Securities
885 Third Avenue
New York, N.Y. 10022-4834

Att: Jo Ann Sala

Re: Jennie Brett
Account No. 1-B0060

*MAKE QQQ 4650. Reed w H 9 70 Ro 10/1/70 R0* (handwritten note)

Gentlemen:

I enclose my wife's Option Agreement.

In 1996, the account produced $18,607. That amount divided into quarterly payments is $4,651.75 per quarter.

Very truly yours,

Thomas E. Brett

ms
encl.

AMF00156581

# THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

January 23, 1997

VIA FAX TO 212-486-8178

Bernard L. Madoff
Investment Securities
885 Third Avenue
New York, N.Y.  10022-4834

Att: Patricia

Re:  Account No. 1-B0060-1

Dear Mr. Madoff:

I will appreciate your providing me with copies of the monthly
statements on my account for the year 1992.  I need these for tax
purposes.

I regret having to make this request of you since I have always
carefully maintained full and complete records of my account, but I
have been totally unable to locate my file for the year 1992.

Your cooperation is very much appreciated.

Very truly yours,

Jennie Brett

Jennie Brett

AMF00156582

# THOMAS E. BRETT, Esq.

125-10 Queens Boulevard
Kew Gardens, New York 11415
Telephone: (718) 263-0123

September 14, 1995

Bernard L. Madoff
885 3rd Avenue
New York, N.Y.   10022

Att:  Joanne

Dear Mr. Madoff:

I enclose my check for $15,000 to be added
to my wife's account, Jennie Brett, Acct.
#1-B0060-1

Thank you for all of your help.  I trust
that you and your family are in good
health.

Sincerely,

AMF00156583

Redacted

August 31, 1994

Bernard L. Madoff
Investment Securities
885 Third Avenue
New York, N.Y.   10022

                    Re: Jennie Brett
                    1-B0060-1-0

Dear Mr. Madoff:

Please deduct $15,000 from my account and forward same to me at your
earliest convenience.

                    Very truly yours,

                    Jennie Brett

                    Jennie Brett


Rec.
9-7-94

AMF00156584

**Redacted**

April 20, 1994

Bernard L. Madoff
Investment Securities
885 Third Avenue
New York, N.Y.  10022

Re: Jennie Brett
1-B0060-1-0

Dear Mr. Madoff:

Please deduct $5,000 from my account and forward same to me at your
earliest convenience.

Very truly yours,

Jennie Brett

Jennie Brett

AMF00156585



Redacted

[illegible] deduct [illegible] from my account and forward same to me at your earliest convenience.

Very truly yours,

Jennie Brett

**Bernard L. Madoff**
INVESTMENT SECURITIES
110 Wall Street, New York, N.Y. 10005

TELEPHONE (212) 825-3910
WATS (800) 221-2242
TELEX 235130

   Congress has mandated that all interest and dividend payors including
Banks, corporations and funds must withhold 10% of all dividends or interest
paid UNLESS you complete and return the form at the bottom of this page prior
to January 1, 1984.

### Important New Tax Information

   "Under the Federal income tax law, you are subject to certain penalties
as well as withholding of tax at a 20% rate if you have not provided us with
your correct social security number or other taxpayer identification number.
Please read this notice carefully.

   You (as a payee) are required by law to provide us (as payor) with your
correct taxpayer identification number.  If you are an individual, your tax-
payer identification is your social security number.  If you have not pro-
vided us with your correct taxpayer identification number, you may be subject
to a $50 penalty imposed by the Internal Revenue Service.  In addition,
dividend payments that we make to you may be subject to backup withholding
starting on January 1, 1984.

   Backup withholding is different from the 10% withholding on interest
and dividends that was repealed in 1983.  If backup withholding applies, a
payor is required to withhold 20% of dividend payments made to you.  Backup
withholding is not an additional tax.  Rather, the tax liability of persons
subject to backup withholding will be reduced by the amount of tax withheld.
If withholding results in an overpayment of taxes, a refund may be obtained.

   Enclosed is a postage-prepaid reply envelope in which you may return
the enclosed form to furnish us your correct name and taxpayer identification
number.  Please sign the form and return it to us."

   Even if you have already provided this information it is required by
the IRS that all information requested below be provided again.

   Thank you for your cooperation.

   Corporations are exempt from this requirement and should not return
this form.

---

Substitute Internal Revenue Service Form W-9

1-00225

JENNIE BRETT

Taxpayer Identification
Number:

Redacted  9695   Jennie Brett

"Under penalties of perjury, I certify
that the number shown on this form is
my correct Taxpayer Identification Number"

Please fill in your name, address, taxpayer identification number and sign
above.   Jennie Brett   Redacted

Redacted - 9695

AMF00156587



**BERNARD L. MADOFF**
**Investment Securities**

885 Third Avenue New York, NY 10022-4834

212 230-2424
800 221-2242
Telex 235130
Fax 212 486-8178

## TRADING AUTHORIZATION LIMITED TO
## PURCHASES AND SALES OF SECURITIES

Gentlemen:

The undersigned hereby authorizes Bernard L. Madoff (whose signature appears below) as his agent and attorney in fact to buy, sell and trade in stocks, bonds and any other securities in accordance with your terms and conditions for the undersigned's account and risk and in the undersigned's name, or number on your books. The undersigned hereby agrees to indemnify and hold you harmless from, and to pay you promptly on demand any and all losses arising therefrom or debit balance due thereon. However, in no event will the losses exceed my investment.

In all such purchases, sales or trades you are authorized to follow the instructions of Bernard L. Madoff in every respect concerning the undersigned's account with you; and he is authorized to act for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do with respect to such purchases, sales or trades as well as with respect to all other things necessary or incidental to the furtherance or conduct of such purchases, sales or trades.

The undersigned hereby ratifies and confirms any and all transactions with you heretofore or hereafter made by the aforesaid agent or for the undersigned's account.

This authorization and indemnity is in addition to (and in no way limits or restricts) any rights which you may have under any other agreement or agreements between the undersigned and your firm.

This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice addressed to you and delivered to your office at 885 Third Avenue but such revocation shall not affect any liability in any way resulting from transaction initiated prior to such revocation. This authorization and indemnity shall enure to the benefit of your present firm and any successor firm or firms irrespective of any change or changes at any time in the personnel thereof for any cause whatsoever, and of the assigns of your present firm or any successor firm.

Dated, *March 19, 1993*

*Westbury*      *N.Y.*
_____(City)_____    _____(State)_____

Very truly yours, _____*Jeanne Breff*_____
                             (Client Signature)

Signature Of Authorized Agent: _____

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB.071-374 0891

AMF00156588

# BERNARD L. MADOFF
## Investment Securities
885 Third Avenue New York, NY 10022-4834

212 230-2424
800 221-2242
Telex 235130
Fax 212 486-8178

**CUSTOMER AGREEMENT**

In consideration for you (the "Broker") opening or maintaining one or more accounts (the "Customer"), the Customer agrees to the terms and conditions contained in this Agreement.  The heading of each provision of the Agreement is for descriptive purposes only and shall not be deemed to modify or qualify any of the rights or obligations set forth in each such provision.  For purposes of this Agreement, "securities and other property" means, but is not limited to money, securities, financial instruments and commodities of every kind and nature and related contracts and options, except that the provisions of paragraph 21 herein (the arbitration clause) shall not apply to commodities accounts. This definition includes securities or other property currently or hereafter held, carried or maintained by you or by any of your affiliates, in your possession or control, or in the possession or control of any such affiliate, for any purpose, in and for any of my accounts now or hereafter opened, including any account in which I may have an interest.

## 1. APPLICABLE RULES AND REGULATIONS

All transactions in the Customer's Account shall be subject to the constitution, rules, regulations, customs and usages of the exchange or market, and its clearing house, if any, where the transactions are executed by the Broker or its agents, including its subsidiaries and affiliates.  Also, where applicable, the transactions shall be subject (a) to the provisions of (1) the Securities Exchange Act of 1934, as amended, and (2) the Commodities Exchange Act, as amended; and (b) to the rules and regulations of (1) the Securities and Exchange Commission, (2) the Board of Governors of the Federal Reserve System and (3) the Commodities Futures Trading Commission.

## 2. AGREEMENT CONTAINS ENTIRE UNDERSTANDING/ASSIGNMENT

This Agreement contains the entire understanding between the Customer and the Broker concerning the subject matter of this Agreement.  Customer may not assign The rights and obligations hereunder without first obtaining the prior written consent of the Broker.

## 3. SEVERABILITY

If any provision of this Agreement is held to be invalid, void or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not effect the validity of the remaining provisions of this Agreement.

## 4. WAIVER

Except as specifically permitted in this Agreement, no provision of this Agreement can be, nor be deemed to be, waived, altered, modified or amended unless such is agreed to in a writing signed by the broker.

## 5. DELIVERY OF SECURITIES

Without abrogating any of the Broker's rights under any other portion of this Agreement and subject to any indebtedness of the Customer to the Broker, the Customer is entitled, upon appropriate demand, to receive physical delivery of fully paid securities in the Customer's Account.

## 6. LIENS

All securities and other property of the Customer in any account in which the Customer has an interest shall be subject to a lien for the discharge of any and all indebtedness or any other obligation of the Customer to the Broker.  All securities and other property of the Customer shall be held by the Broker as Security for the payment of any such obligations or indebtedness to the Broker in any Account that the Customer may have an interest, and the Broker subject to applicable law may, at any time and without prior notice to the Customer, use and/or transfer any or all securities and other property interchangeably in any Account(s) in which the Customer has an interest (except regulated commodity Accounts).

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB.071-374 0891

AMF00156589

nn

### 7. PLEDGE OF SECURITIES AND OTHER PROPERTY

Within the limitations imposed by applicable laws, rules and regulations, all securities and other property of the Customer may be pledged and repledged and hypothecated and rehypothecated by the Broker from time to time, without notice to the Customer, either separately or in common with such other securities and other property of other bona fide customers of the Broker, for any amount due to the Broker in the Customer's Account(s). The Broker may do so without retaining in its possession or under its control for delivery a like amount of similar securities or other property.

### 8. INTEREST

Debit balances of the Account(s) of the Customer shall be charged with interest in accordance with the Broker's established custom, as disclosed to the Customer pursuant to the provisions of Rule 10b-16 of the Securities Exchange Act of 1934.

### 9. DISCLOSURES REGARDING LIQUIDATIONS AND COVERING POSITIONS THE CUSTOMER SHOULD CLEARLY UNDERSTAND THAT, NOT WITHSTANDING A GENERAL POLICY OF GIVING CUSTOMERS NOTICE OF A MARGIN DEFICIENCY, THE BROKER IS NOT OBLIGATED TO REQUEST ADDITIONAL MARGIN FROM THE CUSTOMER IN THE EVENT THE CUSTOMER'S ACCOUNT FALLS BELOW MINIMUM MAINTENANCE REQUIREMENTS. MORE IMPORTANTLY, THERE MAY/WILL BE CIRCUMSTANCES WHERE THE BROKER WILL LIQUIDATE SECURITIES AND/OR OTHER PROPERTY IN THE ACCOUNT WITHOUT NOTICE TO THE CUSTOMER TO ENSURE THAT MINIMUM MAINTENANCE REQUIREMENTS ARE SATISFIED.

### 10. LIQUIDATIONS AND COVERING POSITIONS THE BROKER SHALL HAVE THE RIGHT IN ACCORDANCE WITH ITS GENERAL POLICIES REGARDING MARGIN MAINTENANCE REQUIREMENTS TO REQUIRE ADDITIONAL COLLATERAL OR THE LIQUIDATION OF ANY SECURITIES AND OTHER PROPERTY WHENEVER IN BROKER'S DISCRETION IT CONSIDERS IT NECESSARY FOR ITS PROTECTION INCLUDING IN THE EVENT OF , BUT NOT LIMITED TO: THE FAILURE OF THE CUSTOMER TO PROMPTLY MEET ANY CALL FOR ADDITIONAL COLLATERAL; THE FILING OF A PETITION IN BANKRUPTCY BY OR AGAINST THE CUSTOMER; THE APPOINTMENT OF A RECEIVER IS FILED BY OR AGAINST CUSTOMER; AN ATTACHMENT IS LEVIED AGAINST ANY ACCOUNT OF THE CUSTOMER OR IN WHICH THE CUSTOMER HAS AN INTEREST OR; THE CUSTOMER'S DEATH. IN SUCH EVENT, THE BROKER IS AUTHORIZED TO SELL ANY AND ALL SECURITIES AND OTHER PROPERTY IN ANY ACCOUNT OF THE CUSTOMER WHETHER CARRIED INDIVIDUALLY OR JOINTLY WITH OTHERS, TO BUY ALL SECURITIES OR OTHER PROPERTY WHICH MAY BE SHORT IN SUCH ACCOUNT(S), TO CANCEL ANY OPEN ORDERS AND TO CLOSE ANY OR ALL OUTSTANDING CONTRACTS, ALL WITHOUT DEMAND FOR MARGIN OR ADDITIONAL MARGIN, OTHER NOTICE OF SALE OR PURCHASE, OR OTHER NOTICE OR ADVERTISEMENT EACH OF WHICH IS EXPRESSLY WAIVED BY THE CUSTOMER. ANY SUCH SALES OR PURCHASES MAY BE MADE AT BROKER'S DISCRETION ON ANY EXCHANGE OR OTHER MARKET WHERE SUCH BUSINESS IS USUALLY TRANSACTED OR AT PUBLIC AUCTION OR PRIVATE SALE, AND BROKER MAY BE THE PURCHASER FOR BROKER'S OWN ACCOUNT. IT IS UNDERSTOOD A PRIOR DEMAND, OR CALL, OR PRIOR NOTICE OF THE TIME AND PLACE OF SUCH SALE OR PURCHASE SHALL NOT BE CONSIDERED A WAIVER OF BROKER'S RIGHT TO SELL OR BUY WITHOUT DEMAND OR NOTICE AS HEREIN PROVIDED.

### 11. MARGIN

The Customer agrees to maintain in all accounts with the Broker such positions and margins as required by all applicable statutes, rules, regulations, procedures and custom, or as the Broker deems necessary or advisable. The Customer agrees to promptly satisfy all margin and maintenance calls.

### 12. SATISFACTION OF INDEBTEDNESS

The Customer agrees to satisfy, upon demand, any indebtedness, and to pay any debit balance remaining when the Customer's Account is closed, either partially or totally. Customer Account(s) may not be closed without Broker first receiving all securities and other property for which the Account is short and all funds to pay in full for all securities and other property in which the Account(s) are long.

AMF00156590



### 13. TRANSACTIONS AND SETTLEMENTS

All orders for the purchase or sale of securities and other property will be authorized by the Customer and executed with the understanding that an actual purchase or sale is intended and that it is the Customer's intention and obligation in every case to deliver certificates or commodities to cover any and all sales or to pay for any purchase upon the Broker's demand. If the Broker makes a short sale of any securities and other property at the Customer's direction or if the Customer fails to deliver to the Broker any securities and other property that the Broker has sold at the Customer's direction, the Broker is authorized to borrow the securities and other property necessary to enable the Broker to make delivery and the Customer agrees to be responsible for any cost or loss the Broker may incur, or the cost of obtaining the securities and other property if the Broker is unable to borrow it. The Broker is the Customer's agent to complete all such transactions and is authorized to make advances and expend monies as are required.

### 14. SALES BY CUSTOMER

The Customer understands and agrees any order to sell "short" will be designated as such by the Customer, and that the Broker will mark the order as "short". All other sell orders will be for securities owned ("long"), at that time, by the Customer by placing the order the Customer affirms that he will deliver the securities on or before the settlement date.

### 15. BROKER AS AGENT

The customer understands that the Broker is acting as the Customer's agent, unless the Broker notifies the Customer, in writing before the settlement date for the transaction, that the Broker is acting as dealer for its own account or as agent for some other person.

### 16. CONFIRMATIONS AND STATEMENTS

Confirmations of transactions and statements for the Customer's Account(s) shall be binding upon the Customer if the Customer does not object, in writing, within ten days after receipt by the Customer. Notice or other communications including margin and maintenance calls delivered or mailed to the address given below shall, until the Broker has received notice in writing of a different address, be deemed to have been personally delivered to the Customer whether actually received or not.

### 17. SUCCESSORS

Customer hereby agrees that this Agreement and all the terms thereof shall be binding upon Customer's heirs, executors, administrators, personal representatives and assigns. This Agreement shall enure to the benefit of the Broker's present organization, and any successor organization, irrespective of any change or changes at any time in the personnel thereof, for any cause whatsoever.

### 18. CHOICE OF LAWS

THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF _New York_ AND SHALL BE CONSTRUED, AND THE RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAWS OF THE STATE OF _New York_ .

### 19. CAPACITY TO CONTRACT, CUSTOMER AFFILIATION

By signing below, the Customer, represents that he/she is of legal age, and that he/she is not an employee of any exchange, or of any corporation of which any exchange owns a majority of the capital stock, or of a member of any exchange, or of a member firm or member corporation registered on any exchange, or of a bank, trust company, insurance company or of any corporation, firm or individual engaged in the business of dealing, either as broker or as principal, in securities, bills of exchange, acceptances or other forms of commercial paper, and that the Customer will promptly notify the Broker in writing if the Customer is now or becomes so employed. The Customer also represents that no one except the Customer has an interest in the account or accounts of the Customer with you.

AMF00156591

## 20. ARBITRATION DISCLOSURES

* ARBITRATION IS FINAL AND BINDING ON THE PARTIES.

* THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.

* PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.

* THE ARBITRATORS AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.

* THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

## 21. ARBITRATION

THE CUSTOMER AGREES, AND BY CARRYING AN ACCOUNT FOR THE CUSTOMER THE BROKER AGREES THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE DESIGNATED IN PARAGRAPH 18, BEFORE THE AMERICAN ARBITRATION ASSOCIATION, OR BEFORE THE NEW YORK STOCK EXCHANGE, INC. OR AN ARBITRATION FACILITY PROVIDED BY ANY OTHER EXCHANGE OF WHICH THE BROKER IS A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. OR THE MUNICIPAL SECURITIES RULE MAKING BOARD AND IN ACCORDANCE WITH THE RULES OBTAINING OF THE SELECTED ORGANIZATION. THE CUSTOMER MAY ELECT IN THE FIRST INSTANCE WHETHER ARBITRATION SHALL BE BY THE AMERICAN ARBITRATION ASSOCIATION, OR BY AN EXCHANGE OR SELF-REGULATORY ORGANIZATION OF WHICH THE BROKER IS A MEMBER, BUT IF THE CUSTOMER FAILS TO MAKE SUCH ELECTION, BY REGISTERED LETTER OR TELEGRAM ADDRESSED TO THE BROKER AT THE BROKER'S MAIN OFFICE, BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM THE BROKER TO MAKE SUCH ELECTION, THEN THE BROKER MAY MAKE SUCH ELECTION, THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

## 22. DISCLOSURES TO ISSUERS

Under rule 14b-1(c) of the Securities Exchange Act of 1934, we are required to disclose to an issuer the name, address, and securities position of our customers who are beneficial owners of that issuer's securities unless the customer objects. Therefore, please check one of the boxes below:

X̶ Yes, I do object to the disclosure of information.

___ No, I do not object to the disclosure of such information.

THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE AT PARAGRAPH 21.

(X) _Jennie Butt_ — 3-19-93    (X) _____
(Customer Signature/date)                (Customer Signature/date)

Redacted

#1-B0060
(Account Number)

AMF00156592

**BERNARD L. MADOFF**
**Investment Securities**
885 Third Avenue New York, NY 10022-4834

212 230-2424
800 334-1343
Telex 235130
Fax 212 486-8178

## OPTION AGREEMENT

TO: BERNARD L. MADOFF INVESTMENT SECURITIES

In order to induce you to carry accounts ("Option Accounts") for me (however designated) for transactions in option contracts (including, without limitations, purchase, sale, transfer, exercise and endorsement) ("Option Transaction"), I hereby warrant, represent and agree with you as set forth below on this Option Agreement.

1.   I understand, and am well aware, that option trading may be highly speculative in nature. I am also aware that on certain days, option trading may cease and this could result in a financial loss to me. I agree to hold BERNARD L. MADOFF, its other Divisions, and its officers, Directors and Agents harmless for such loss.

2.   I understand that any option transaction made for any account of mine is subject to the rules, regulations, customs and usages of The Options Clearing Corporation and of the registered national securities exchange, national securities association, clearing organization or market where such transaction was executed. I agree to abide by such rules, regulations, custom and usages and I agree that, acting individually or in concert with others, I will not exceed any applicable position or exercise limits imposed by such exchange, association, clearing organization or other market with respect to option trading.

3.   If I do not satisfy, on a timely basis, your money or security calls, you are authorized in your sole discretion and without notification, to take any and all steps you deem necessary to protect yourself (for any reason) in connection with option transactions for my account including the right to buy and/or sell (including short or short exempt) for my account and risk any part or all of the shares represented by options handled, purchased, sold and/or endorsed by you for my account or to buy for my account and risk any option as you may deem necessary or appropriate. Any and all expenses or losses incurred in this connection will be reimbursed by me.

4.   In addition to the terms and conditions hereof, my option account will be subject to all of the terms and conditions of all other agreements heretofore or hereafter at any time entered into with you relating to the purchase and sale of securities and commodities except to the extent that such other agreements are contrary to or inconsistent herewith.

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB.071-374 0891

AMF00156593

5.   This agreement shall apply to all puts or call which you may have executed, purchased, sold or handled for any account of mine and also shall apply to all puts, or calls which you may hereafter purchase, sell, handle or execute for any account of mine.

6.   I have received from BERNARD L. MADOFF the most recent risk disclosure documents entitled "Understanding the Risks and Uses of Listed Options", "Listed Options on Stock Indices", "Listed Options on Foreign Currencies", and "Listed Options in Debt Instruments". I have read and understand the information contained in these documents.

7.   I understand that you assign exercise notices on a random basis except that with respect to options on the following debt instruments: Treasury Bonds, Treasury Notes, Treasury Bills and GNMAS, you may preferentially assign exercises of block-size (i.e. covering $1,000,000 or more of underlying securities) to block-size writing positions and you may preferentially assign smaller exercises to smaller writing positions. I understand that upon my request you will provide me with further information regarding the procedure used to assign exercise notices.

DATED ___6/30/97___          ACCOUNT NO._____

                                                                    1-B0060
                              JENNIE BRETT
                              SIGNATURE{    **Redacted**

            (If a Corporation)                    (If Individuals)

_____          _____
       (Name of Corporation)              (Second Party If Joint Account)

By_____

Title_____          (If a Partnership)

                                         _____
                                              (Name of Partnership)
          SEAL
                                         By_____
                                                (A Partner)

AMF00156594



MALE `S` Am

Oxford® NO. 152 1/3 BLU

ESSELTE 10%

AMF00156595