UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN THE JENNIE BRETT AND DAVID MOSKOWITZ ACCOUNTS**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

      1.     I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and for Bernard L. Madoff.

      2.     I am fully familiar with this case and the facts set forth herein.

      3.     For purposes of the Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying Claims of Claimants Holding Interests in the Jennie Brett and David Moskowitz Accounts (the "Motion"), the Trustee selected BLMIS account 1B0192 held in the

name of Jennie Brett, and 1ZA178 held in the name of David Moskowitz (together with 1B0192, the "Accounts," and each an "Account").

4. A list of objecting claimants associated with the Accounts whose claims are addressed in the Motion is annexed as Exhibit 2 (the "Objecting Claimants") to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections filed to date by Objecting Claimants, and the Accounts in which they allege an interest, details of which objections are contained in Exhibits 2 and 3 to the Sehgal Declaration.

5. I supervised service of discovery, including Requests for Admissions, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. All of the Objecting Claimants responded to discovery.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents. Among other documents, I reviewed the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the files contained in the books and records of BLMIS related to the Accounts.

7. The Objecting Claimant associated with the David Moskowitz Account filed a *pro se* Objection to Determination.

8. The Objections to Determination filed on behalf of Objecting Claimants Heidi Hiles, Rosalinda Macaluso, and Gaetano Macaluso (the "Brett Objecting Claimants") were filed by Helen Chaitman of Phillips Nizer LLP[1] on January 5, 2010. As such, on August 15, 2013, the Trustee served discovery requests on Ms. Chaitman, a partner of Becker & Poliakoff at that time,

2

on behalf of the Brett Objecting Claimants. To clarify attorney representation issues, on September 19, 2013, we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants she represented. She did so on October 4, 2013 and December 2, 2013, and stated that she did not represent the Brett Objecting Claimants in connection with the Trustee's discovery requests.

9. On October 10, 2013, we also requested that Phillips Nizer LLP advise the Trustee of any of the Objecting Claimants that they continued to represent. On October 29, 2013, a representative of Phillips Nizer LLP advised that their firm no longer represented any of the Objecting Claimants.

### Service of Requests for Admissions and Other Discovery

10. Because Ms. Chaitman confirmed that she did not represent the Brett Objecting Claimants, I caused discovery to be served on all of the Objecting Claimants acting as *pro se* using contact details from the claims, objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners, LLP. Each of the Trustee's discovery requests contained a certificate of service setting out the date and manner of service.

### *Pro se* Responses to Interrogatories and Requests for Admission

11. Attached hereto as Exhibit 1 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Heidi Hiles, a copy of the cover letter and of the Trustee's certificate of service for the discovery requests.

12. Attached hereto as Exhibit 2 is a true and correct copy of the responses to both the Requests for Admission and the Interrogatories that were served on Rosalindo and Gaetano

---

[1] Ms. Chaitman is now principal of Chaitman, LLP.

3

Macaluso, a copy of the cover letters and of the Trustee's certificates of service for the discovery requests.

13. Attached hereto as Exhibit 3 is a true and correct copy of the responses to the Interrogatories that were served on Leah Larsen, the only Objecting Claimant related to the David Moskowitz Account, a copy of the cover letter and of the Trustee's certificate of service for the discovery requests. Exhibit 3 also contains a true and correct copy of the Requests for Admissions served on Leah Larsen. Leah Larsen did not respond to the Trustee's Requests for Admission.

### Documents Produced

14. Attached hereto as Exhibit 4 is a true and correct copy of the documents produced to the Trustee in response to Requests for Production served on Heidi Hiles.

15. Attached hereto as Exhibit 5 is a true and correct copy of the documents produced to the Trustee in response to Requests for Production served on Rosalinda Macaluso and Gaetano Macaluso.

16. Attached hereto as Exhibit 6 is a true and correct copy of the documents produced to the Trustee in response to Requests for Production served on Leah Larsen.

17. All Objecting Claimants received twelve (12) identical Requests for Admissions in their discovery packages.

18. The Brett Objecting Claimants received an additional Request for Admission in their discovery packages.

19. All of the Objecting Claimants responded to the Trustee's Requests for Production of Documents and Interrogatories.

5

20.     All of the Brett Objecting Claimants responded to the Trustee's Requests for Admission.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on September 14, 2017
New York, New York

                                                   */s/ Stephanie Ackerman*
                                                   Stephanie Ackerman
                                                   Baker & Hostetler LLP
                                                   45 Rockefeller Plaza
                                                   New York, New York 10111