# EXHIBIT 2

⊟FILE COPY

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

November 15, 2013

Bik Cheema
direct dial: 212.589.4613
bcheema@bakerlaw.com

Rosalinda Macaluso
REDACTED

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC ("BLMIS"),* 08-1789 (BRL)

Dear Ms. Macaluso,

We are counsel to Irving H. Picard, Trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff. We are writing to you regarding the objection, filed on January 5, 2010 in the aforementioned case (Docket Number 1176) in response to the Trustee's determination of claim number 000997.

On June 28, 2011, the Bankruptcy Court for the Southern District of New York issued a decision affirming the Trustee's denial of in excess of 1,400 claims that did not have accounts with BLMIS, but instead invested in certain funds (referred to as "feeder funds"). *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 454 B.R. 285, 292 (Bankr. S.D.N.Y. 2011), *aff'd sub nom, Aozora Bank Ltd. v. Sec. Investor Prot. Corp.,* 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom, Kruse v. Sec. Investor Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC),* 708 F.3d 422 (2d Cir. 2013). There were no petitions for *certiorari* to the Supreme Court of the United States. Copies of these decisions are enclosed herewith for your reference.

As the Trustee advised you in the Notice of Determination dated December 8, 2009, to which you objected, you did not invest directly with BLMIS and did not maintain a BLMIS account in your name. In order to resolve your claim objection, we require the following discovery, under the Federal Rules of Bankruptcy Procedure. Upon completion of discovery, the Trustee's staff will review all information submitted and the Trustee may initiate proceedings to resolve your claim objection where necessary. The Trustee has not obtained hearing dates for such future proceedings and such proceedings may take a significant amount of time given the review of voluminous discovery and is dependent on requesting such dates from the Bankruptcy Court. You

November 15, 2013
Page 2

will be notified in advance of any hearing on your claim objection. **As part of this discovery, please provide the documents and information requested in Exhibits 1, 2, and 3, enclosed. For this purpose, references to "accountholder" mean Jennie Brett, and references to "account" mean BLMIS account number 1B0192.**

The aforementioned objection to the Trustee's determination of your claim was filed on your behalf by Ms. Helen Chaitman at the law firm of Phillips Nizer LLP. We have enclosed a courtesy copy of this objection with this letter. We have since been informed by both Phillips Nizer LLP and Becker & Poliakoff, LLP that neither is representing you regarding this discovery. This is why the Trustee is writing to you directly. The Trustee takes no position as to whether you should or should not be represented by counsel for purposes of your objection or the requests made in this letter.

To the extent that you do not participate in discovery, the Trustee's position will be that you may be barred in future claims objections proceedings. Whether you may participate in future claims proceedings on your claim objection will be left to the sound discretion of the Bankruptcy Court. In order for your claim objection to be processed, it is imperative that we receive your responses. Please send your responses to me at the address contained herein, within thirty-five (35) days of the date of this letter, by December 20, 2013.

If you intend to withdraw your objection, please contact me. For all other questions, please email madoffclaimsdiscovery@bakerlaw.com. Any communication should include the question, the claim number and the email or U.S. mail address for the response. Someone will respond as promptly as possible.

Sincerely,

Bik Cheema

November 15, 2013
Page 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Requests for

Production of Documents, Interrogatories, Requests for Admissions and accompanying

letter relating to the objection to the Trustee's determination of claim number 000997

(Case No. 08-01789, Docket No. 1176) was served this 15th day of November, 2013 by

First Class Certified Mail upon the following:


Rosalinda Macaluso
REDACTED


*An Attorney for Irving H. Picard,*
*Trustee for the Substantively*
*Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment*
*Securities LLC and the Estate of*
*Bernard L. Madoff*

300302886

7011 1570 0001 3987 3601

▤ FILE COPY

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Bik Cheema
direct dial: 212.589.4613
bcheema@bakerlaw.com

November 15, 2013

Gaetano Macaluso
REDACTED

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC ("BLMIS")*, 08-1789 (BRL)

Dear Mr. Macaluso,

We are counsel to Irving H. Picard, Trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff. We are writing to you regarding the objection, filed on January 5, 2010 in the aforementioned case (Docket Number 1175) in response to the Trustee's determination of claim number 001081.

On June 28, 2011, the Bankruptcy Court for the Southern District of New York issued a decision affirming the Trustee's denial of in excess of 1,400 claims that did not have accounts with BLMIS, but instead invested in certain funds (referred to as "feeder funds"). *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 292 (Bankr. S.D.N.Y. 2011), *aff'd sub nom, Aozora Bank Ltd. v. Sec. Investor Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom, Kruse v. Sec. Investor Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 708 F.3d 422 (2d Cir. 2013). There were no petitions for *certiorari* to the Supreme Court of the United States. Copies of these decisions are enclosed herewith for your reference.

As the Trustee advised you in the Notice of Determination dated December 8, 2009, to which you objected, you did not invest directly with BLMIS and did not maintain a BLMIS account in your name. In order to resolve your claim objection, we require the following discovery, under the Federal Rules of Bankruptcy Procedure. Upon completion of discovery, the Trustee's staff will review all information submitted and the Trustee may initiate proceedings to resolve your claim objection where necessary. The Trustee has not obtained hearing dates for such future proceedings and such proceedings may take a significant amount of time given the review of voluminous discovery and is dependent on requesting such dates from the Bankruptcy Court. You

November 15, 2013
Page 2

will be notified in advance of any hearing on your claim objection. **As part of this discovery, please provide the documents and information requested in Exhibits 1, 2, and 3, enclosed. For this purpose, references to "accountholder" mean Jennie Brett, and references to "account" mean BLMIS account number 1B0192.**

The aforementioned objection to the Trustee's determination of your claim was filed on your behalf by Ms. Helen Chaitman at the law firm of Phillips Nizer LLP. We have enclosed a courtesy copy of this objection with this letter. We have since been informed by both Phillips Nizer LLP and Becker & Poliakoff, LLP that neither is representing you regarding this discovery. This is why the Trustee is writing to you directly. The Trustee takes no position as to whether you should or should not be represented by counsel for purposes of your objection or the requests made in this letter.

To the extent that you do not participate in discovery, the Trustee's position will be that you may be barred in future claims objections proceedings. Whether you may participate in future claims proceedings on your claim objection will be left to the sound discretion of the Bankruptcy Court. In order for your claim objection to be processed, it is imperative that we receive your responses. Please send your responses to me at the address contained herein, within thirty-five (35) days of the date of this letter, by December 20, 2013.

If you intend to withdraw your objection, please contact me. For all other questions, please email madoffclaimsdiscovery@bakerlaw.com. Any communication should include the question, the claim number and the email or U.S. mail address for the response. Someone will respond as promptly as possible.

Sincerely,

Rik Cheema

November 15, 2013
Page 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Requests for

Production of Documents, Interrogatories, Requests for Admissions and accompanying

letter relating to the objection to the Trustee's determination of claim number 001081

(Case No. 08-01789, Docket No. 1175) was served this 15th day of November, 2013 by

First Class Certified Mail upon the following:

Gaetano Macaluso
REDACTED

_An Attorney for Irving H. Picard,_
_Trustee for the Substantively_
_Consolidated SIPA Liquidation of_
_Bernard L. Madoff Investment_
_Securities LLC and the Estate of_
_Bernard L. Madoff_

300302887

7012 1010 0002 1492 2042

**Exhibit 3: Requests for Admissions**

**Please respond with "admit" or "deny" to the following statements where applicable:**

1. Admit the BLMIS account that is the subject of your objection was not titled in your name.

   ADMIT

2. Admit you did not have an account in your name at BLMIS.

   ADMIT

3. Admit you never received correspondence directly from BLMIS.

   ADMIT

4. Admit you never deposited securities directly with BLMIS.

   ADMIT

5. Admit you never made a payment of cash directly to BLMIS for credit to an account in your name.

   ADMIT

6. Admit you never withdrew funds directly from BLMIS.

   ADMIT

7. Admit that any funds you received were transmitted to you from the accountholder.

_ADMIT_

8. Admit you did not receive investment statements from BLMIS in your name.

_ADMIT_

9. Admit you did not receive tax statements from BLMIS in your name.

_ADMIT_

10. Admit you never entered into any contracts in your name with BLMIS.

_ADMIT_

11. Admit your only relationship to BLMIS existed by way of your relationship to the accountholder.

_ADMIT_

12. Admit you did not have any control, investment discretion or decision-making power over any investment assets at BLMIS.

_ADMIT_

13. Admit that accountholder had its own bank account and kept its funds separate from your personal funds.

_ADMIT_

08-01789-cgm   Doc 16634-2   Filed 09/14/17   Entered 09/14/17 17:42:59   Exhibit 2
Pg 10 of 12

**Exhibit 2: Interrogatories**

**Please answer the following questions:**

1. Identify each person who first introduced you to BLMIS by name, telephone number, address and affiliation to you.

   THOMAS F. BRETT, 718-263-0123
   125-10 QUEENS BOULEVARD
   SUITE 311
   KEW GARDENS, NY 11415   ATTORNEY

2. Identify all documents concerning how you came to invest in the accountholder through which it invested in BLMIS, including how they learned of or became aware of the accountholder and how it came to invest.

   NO DOCUMENTATION. I INVESTED IN THE ACCOUNT HOLDER THROUGH VERBAL AGREEMENT. THOMAS BRETT NEVER DISCLOSED NAME OF SECURITIES FIRM MY MONEY WAS INVESTED IN UNTIL MADOFF'S ARREST IN 2008. THOMAS BRETT SENT A LETTER DISCLOSING THIS INFORMATION DATED 12/15/08

3. Identify all documents that describe how you made investments or deposits in _ENCLOSED_ connection with the account, including, but not limited to, the process for making such investments or deposits, the person and/or entity to whom such investments or deposits were sent, and the method for making such investments or deposits.

   DEPOSITS WERE MADE THROUGH PERSONAL CHECKS PAID TO THE ORDER OF THOMAS BRETT. COPIES OF BANK STATEMENTS + CHECKS WRITTEN TO THOMAS BRETT ENCLOSED. THOMAS BRETT SENT QUARTERLY STATEMENTS REFLECTING DEPOSITS, PRINCIPAL BALANCE & INTEREST PAYMENTS. DOCUMENTS ENCLOSED.

4. Identify all documents that describe how payments were made to you in connection with the account, including, but not limited to, the process for requesting or receiving such payments and the person and/or entity to whom such requests were made or from whom such payments were received, and the method of receipt.

   THOMAS BRETT SENT QUARTERLY CHECKS REPRESENTING "INTEREST" PAYMENTS ON INVESTMENT ALONG WITH A STATEMENT REFLECTING PRINCIPAL BALANCE, INTEREST % & "INTEREST" PAYMENT AMOUNT. DOCUMENTS ENCLOSED.

MCMDR_00000184

November 15, 2013
Page 6

5. Identify all documents concerning any other BLMIS account in which you allege to have a claim. For each BLMIS account in which you allege to have a claim, identify all person(s) who performed any due diligence or provided any advice, opinion, commentary, or analysis of BLMIS to you or on your behalf, and identify all documents that they reviewed before opening and investing in the account.

I HAVE NO CIAIMS WITH ANY BLMIS ACCOUNTS OTHER THAN THROUGH THE ACCOUNT HOLDER, JENNIE BRETT AECT. NUMBER 1B0192 THAT THOMAS E. BRETT FILED ALLEDGING TO ME MY MONEY WAS IN THIS ACCOUNT (1B0192)

6. Identify all persons at BLMIS with whom you had any communications, and identify all documents concerning the substance of those communications, including which (if any) BLMIS account such communications related to.

I'VE HAD NO COMMUNICATIONS WITH ANY PERSON AT BLMIS NOR DID I HAVE KNOWLEDGE MY MONEY WAS INVESTED WITH BLMIS UNTIL MADOFF'S ARREST IN 2008. ALL COMMUNICATIONS WERE SOLELY THROUGH THOMAS E. BRETT, ESQ.

7. Identify each person who had control over the accountholder and/or authority to exercise discretion with respect to the assets or investments of accountholder.

THOMAS E. BRETT, ESQ,

8. Identify each person who received direct payments from BLMIS in connection with the account, and identify all documents concerning the method(s) by which such payments were made, including from whom such payments were sent.

THOMAS E. BRETT RECEIVED PAYMENTS FROM BLMIS AND DISTRIBUTED PAYMENTS TO ME THROUGH HIS FIRM WITH A QUARTERLY STATEMENT. THOMAS E. BRETT SENT PAYMENTS TO ME.

MCMDR_00000185

9. Identify each person associated with the accountholder who had a direct understanding or agreement with BLMIS with respect to the assets or investments of the accountholder.

THOMAS E. BRETT, ESQ.

10. Identify all documents concerning meetings that a representative of you attended where an employee or representative of BLMIS was present, and identify all documents that describe the substance of the communications that occurred during each meeting.

I Never HAD Any meeTiNgs WiTH ANY BLMIS RepResenTATIve OR EmPloyee. All DiscussiNs & CorResPondence were THROugH THOMAS E. BRETT.

11. Identify any and all banks where you hold or have held accounts from the date the BLMIS account you invested in was opened, through the present, and for each bank account, identify all documents evidencing the account number, the date the account was opened, and the date the account was closed.

JP MORgAN CHASe BANK ACCT# [Redacted] 0965
JP MORgAN CHASe BANK ACCT# [Redacted] 5265
RidgewoOD SAViNgs BANK ACCT# [Redacted] 1033
DocumeNTs encloseD incluDe CHecks & BANkSTATemenTS of DeposiTs maDe TO THomas E BReTT FRom THese BANk ACCTs,

12. Identify all trust formation documents and instruments.

COPies of CHecks WRITTen TO THOMAS E BReTT
COPies of BANk STATemenTs RefleCTing CHecks WRITTen TO THOMAS E. BReTT.
QUARTERly STATemenTS SenT TO me FROm THOMAS E. BReTT.

13. Identify any and all banks where the accountholder holds or has held accounts from the date the BLMIS account you invested in was opened, through the present, and for each bank account, identify all documents evidencing the account number, the date the account was opened, and the date the account was closed.

I HAVe NO KNowleDge of THe ACCOuNT HolDer's BANk ACCTs.