# EXHIBIT 4

# THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

January 23, 2009

Dear *Heidi*

You have received a total of $ *625* up to September 30, 2008 on your investment of *10,000* .

As you know the entire investment was with Bernard L. Madoff Investment Securities, LLC. Mr. Madoff was arrested on December 11, 2008 and his firm is now in liquidation. According to press reports, some $50-billion in assets have disappeared, and the loss is alleged to be due to theft at the brokerage.

On January 6, 2009, I filed claims with the court appointed Trustee for your monies and for the monies of other investors. I do not know when the claims will be evaluated or in what amounts.

Please discuss this matter with your accountant or tax advisor with respect to your 2008 tax returns.

Very truly yours,

Thomas E. Brett

ms

# CHASE ⬡

## IMAGES

ACCOUNT # [Redacted] 9165



008670876090 FEB 07 #0000000605 $88.00



008870879590 FEB 06 #0000000607 $571.80



008670876091 FEB 07 #0000000609 $390.26



006170089557 FEB 13 #0000000610 $5,000.00

**Need more information about any of these images of cleared items?  Registered users of Chase Online see BOTH front and back of images of cleared items.  Chase Online is a free service. Visit www.Chase.com to enroll or log in.**

MCMDP_00001676

06-01789-cgm   Doc 16634-4   Filed 09/14/17   Entered 09/14/17 17:42:59   Exhibit 4
Pg 4 of 26

198-00198-B003-00198-          -002-1-01          Redacted 91-65



CHECK  #   0544      $31.81   PAID  12/12        CHECK  #   0547      $13.63   PAID  01/05        CHECK  #   0549      $5,000.00   PAID  12/30

View, save  and  print  Images  of your  cleared   checks  – front  AND  back  – FREE  at  Chase  Online  SM
Access  your  check  images  on  the  same  day  they  clear  and  from  the  past  3 years.
Log  on  or  enroll  today  at  www.chase.com/online

MCMDP_00001677

45 E. BRETT
LAW

# THOMAS E. BRETT
## ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

October 14, 2008

Ms. Heidi Hiles

**Redacted**

Dear Ms. Hiles:

I enclose herewith my check for $250.00 which amounts to 10% on $10,000 for the period July 1, 2008 to September 30, 2008.

Very truly yours,

Thomas E. Brett

ms
encl.

# THOMAS E. BRETT
## ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

July 15, 2008

Ms. Heidi Hiles
**Redacted**

Dear Ms. Hiles:

I enclose herewith my check for $300.00 which amounts to 12% on $10,000 for the period April 1, 2008 to June 30, 2008.

Very truly yours,

Thomas E. Brett

ms
encl.

MCMDP_00001679

# THOMAS E. BRETT
## ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

April 17, 2008

Ms. Heidi Hiles

**Redacted**

Dear Ms. Hiles:

I enclose herewith my check for $75.00 which amounts to 3% on $10,000 for the period January 1, 2008 to March 31, 2008.

I regret the reduction in interest, but it is due to the market and the reluctance to actively trade at this time.

Very truly yours,

Thomas E. Brett

ms
encl.

9595    ☐ VOID    ☐ CORRECTED

| PAYER'S name, street address, city, state, ZIP code, and telephone no. | 1 Rents | OMB No. 1545-0115 | Miscellaneous |
|---|---|---|---|
| *Vincenza J. Brett* | $ | **2007** | **Income** |
| **REDACTED** | 2 Royalties | | |
| | $ | Form **1099-MISC** | |
| | 3 Other income | 4 Federal income tax withheld | Copy A |
| | $ *912.50* | $ | For |
| PAYER'S federal identification number *9695* | RECIPIENT'S identification number ▓▓▓▓▓▓▓ | 5 Fishing boat proceeds | 6 Medical and health care payments | **Internal Revenue Service Center** |
| **Redacted** | | $ | $ | File with Form 1096. |
| RECIPIENT'S name | 7 Nonemployee compensation | 8 Substitute payments in lieu of dividends or interest | For Privacy Act |
| *Heidi Hiles* | | | and Paperwork |
| | $ | $ | Reduction Act |
| Street address (including apt. no.) | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | 10 Crop insurance proceeds | Notice, see the **2007 General Instructions for** |
| City, state **Redacted** | | $ | **Forms 1099,** |
| | 11 ▓▓▓▓▓▓ | 12 ▓▓▓▓▓▓ | **1098, 5498,** |
| Account number (see instructions) 2nd TIN not. ☐ | 13 Excess golden parachute payments | 14 Gross proceeds paid to an attorney | **and W-2G.** |
| | $ | $ | |
| 15a Section 409A deferrals | 15b Section 409A income | 16 State tax withheld | 17 State/Payer's state no. | 18 State income |
| $ | $ | $ | | $ |
| | | $ | | $ |

Form **1099-MISC**    Cat. No. 14425J    Department of the Treasury - Internal Revenue Service

Do Not Cut or Separate Forms on This Page    —    Do Not Cut or Separate Forms on This Page



# Redacted

Customers

JANE1
JEANNE LEVY-CHURCH
JEANNE LEVY-HINTE
JEANNE FLOREY 1990 REVOCABLE TRT
JEANNE FRIEDMAN DELAWARE
JEFF FRENKEL
JEFF LICHTENSTEIN
JEFF M KADOFF
JEFF STAVIN
JEFFREY FRIEDMAN LLP
JEFFREY A WENGER 11/1/95 TRUST
JEFFREY A HERMAN TRUSTEE
JEFFREY A MAY
JEFFREY B LANDIS TRUST 1990
JEFFREY FINKELSTEIN
JEFFREY FREEMAN FOUNDATION
JEFFREY BRESNICK IRA
JEFFREY BRESNICK DEF FUND
JEFFREY BRAUNE
JEFFREY FRENSTEIN IRA1
JEFFREY FRENSTEIN
JEFFREY FREEMAN
JEFFREY M FISHER
JEFFREY HOWARD WOODRUFF
JEFFREY KOMMIT
JEFFREY KOMMIT
JEFFREY M LOW
JEFFREY LEVY
JEFFREY A HERMAN
JEFFREY METTLER
JEFFREY NEIL KONGSBERG
JEFFREY R SEUSSEL CPA
JEFFREY R SEUSSEL IRA REVOCABLE
JEFFREY S WILSON
JEFFREY S WILSON
JEFFREY KRAMGAN
JEFFREY SILKMAN
JEFFREY SILKMAN
JEFFREY SILKND
JEFFREY SILKND
JEFFREY STAVIN
JEFFREY STAVIN CPA
JEFFREY M M FRIEDMAN LLP
JEFFREY M KROWER
JEFFREY M KROWER SPECIAL CO
JEN A & ASSOCIATES
JEN A MCKOWER P. C.
JENNE BRETT
JENNE BRETT
JENNIFER BETH KOONIN
JENNIFER ALTFELD
JENNIFER KLEMAN
JENNIFER M SEGAL
JENNIFER M SEGAL 1985 TRUST
JENNIFER M SEGAL 1985 TRUST
JENNIFER M SEGAL TRUST
JENNIFER M SEGAL TRUST
JENNIFER M KADOFF
JENNIFER M KADOFF
JENNIFER R PRUSITSKY
JENNIFER R PRUSITSKY
JENNIFER K SEGAL HERMAN
JENNIFER SEGAL HERMAN
JENNIFER SEGAL HERMAN TRUST
JENNIFER SEGAL HERMAN TRUST
JENNIFER SEGAL HERMAN TRUST
JENNIFER SEGAL HERMAN TRUST
JENNIFER SPUND MICHELSON
JEROLD HERMAN
JESSALYN HERMAN

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: _Heidi Hiles_

Mailing Address: Redacted

City: Redacted    State: Redacted    Zip: Redacted

Account No.:

Taxpayer I.D. Number (Social Security No.): ████████

NOTE:   BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

**********************************************************************

1.   Claim for money balances as of **December 11, 2008**:

   a.   The Broker owes me a Credit (Cr.) Balance of      $ 7987 50

   b.   I owe the Broker a Debit (Dr.) Balance of          $ Ø

   c.   If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.                              $_____

   d.   If balance is zero, insert "None."                 _____

MCMDP_00001683

2.      Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | ✓ |

c.      If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

MCMDP_00001684

**NOTE:** **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | ✓ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | | ✓ |

Please list the full name and address of anyone assisting you in the preparation of this claim form:_____

_____.

MCMDP_00001685

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _1/10/05_____   Signature _____

Date _____   Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                        4

Irving H. Pichard, Esq.
Trustee for Bernard L. Madoff
Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Heidi Hiles

**Redacted**

January 10 2009

Dear Mr. Picard,

  I am writing to you regarding claims you are collecting from Bernard L. Madoff
Investment Securities LLC customers for lost funds. While I do not have a direct account
with Madoff Securities or listed as a customer, I had a formidable amount of money
invested with him through a direct customer named Vincenza J. Brett. Her husband,
Thomas E. Brett, an attorney in New York managed my money in Madoff's "investment"
since January 2006. I had **$10,000.00** invested with Madoff and for myself, a person
whose annual salary is $23,000.00 this loss is financially catastrophic for me.

  Thomas E. Brett notified me of this financial loss on December 15 2008.
Enclosed you will find a copy of that letter informing me of the Madoff Securities fraud.
Also enclosed with this letter, you will find a 1099-MISC form that Thomas E. Brett sent
annually for income taxes as well as the last statement from Thomas E. Brett in October
2008 representing an "interest payment" for the "investment" with Madoff Securities.

  It is my understanding that the SIPC will insure each investor up to $500,000.00.
As Thomas E. Brett stated in the enclosed letter, there were several investors through the
Vincenza J. Brett account with Madoff Securities. I am certain the total invested funds
through Vincenza J. Brett have well surpassed $500,000.00. When looking at these facts,
I am highly concerned that little to no funds will be recovered to me.

  I write to you with a heavy heart and plead that you consider these circumstances
and recognize the third party investors through the Vincenza J. Brett account managed by
Thomas E. Brett. In the period I had money "invested" with Madoff Securities through
the Vincenza J. Brett account, I received $2,012.50 in "interest" payments. I ask that you
consider a claim from me for **$7,987.50**.

  Once again, I plead that you give consideration for my loss in this securities fraud
case as well as all other third party investors through Thomas E. Brett and the Vincenza J.
Brett account. Please find a completed customer claim form on my behalf.

Sincerely,

Heidi Hiles

MCMDP_00001687

DB-01789-cgm Doc 16634-4 Filed 09/14/17 Entered 09/14/17 17:42:59 Exhibit 4
Pg 15 of 26

## THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

December 15, 2008

Dear *Heidi*

Bernard Madoff Investment Securities, LLC, has managed my investments since approximately 1967. I have been his customer for 41 years.

You and several relatives and friends have participated in this investment for many years. We have received a 10% return on our money just about every quarter. I have received monthly statements of stock trades, dividends and interest earned, as well as end of year 1099 tax reports.

I am sorry to report that he was arrested on December 11th and charged with securities fraud. It was alleged that he operated a Ponzi scheme that could involve losses of more than $50-billion. You may have read about the case in Friday's papers. I enclose copies of some newspaper articles. The NY Times has been reporting this almost daily; today they have three separate articles.

The government has appointed a receiver and has frozen all accounts in an effort to protect investors. I obviously don't know whether our investments are in danger or when we will know the extent of the loss.

I am certain, however, that <u>we will not receive our checks in January.</u>

I and the entire financial community are shocked at this news.

I will forward developments as I am informed of same. In the meantime, follow the news reports.

Very truly yours,

Tom

MCMDP_00001688

Dr. Rosalinda Macaluso

Redacted

Thomas E. Brett, Esq.
125-10 Queens Boulevard
Suite 311
Kew Gardens, NY 11415

March 30, 2009

Re: Investment with Madoff Securities

Dear Tom,

On behalf of myself, Gaetano Macaluso and Heidi Hiles, I am writing to you in regards to monies our family had invested through you with Madoff Securities. I understand and respect the privacy and confidentiality rights of others who invested their money through you. However, I would like to inquire the following information: of the $350,000.00 invested in my name, the $50,000.00 invested in my father, Gaetano Macaluso's name and the $10,000.00 invested in Heidi Hiles' name, what percentage of your total investment with Madoff pertains to each of us?

We are in receipt of your correspondences keeping us privy to the fraud investigation and we thank you for the updates. The money we had invested with you comprised our life savings and inheritances from family members. We hope you understand how important it is for us to know our standing in this investment and the percentage entitled to each of us upon claim distribution from the SIPC and the Madoff Trustee.

We look forward to your response.

Sincerely,

Rosalinda Macaluso

Rosalinda Macaluso
Redacted

MCMDP_00001689

## THOMAS E. BRETT
### ATTORNEY AT LAW

(718) 263-0123

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

March 31, 2009

Dr. Rosalinda Macaluso

**Redacted**

Re: Madoff Investment

Dear Rosalinda:

The breakdown of investment in percentages of the total fund is
as follows:

Rosalinda's $350,000 = .6796 (approximately 68%)
Gaetano's      50,000 = .0970 (approximately 10%)
Heidi's        10,000 = .0194 (approximately 2%)

Rosalinda, please be assured that I understand the importance of
your knowing the percentage you, your dad and Heidi will share in
any recovery of this fraud.

If there are any other questions please do not hesitate to call.
I'll continue to keep you abreast of developments.

Very truly yours,

Thomas E. Brett

# THOMAS E. BRETT
## ATTORNEY AT LAW

(718) 263-0123

July 2, 2010

SUITE 311
125-10 QUEENS BOULEVARD
KEW GARDENS, N.Y. 11415

Gaetano Macaluso

|     |
| --- |
| **Redacted** |

Rosalinda Macaluso

|     |
| --- |
| **Redacted** |

Heidi Hiles

|     |
| --- |
| **Redacted** |

Re: Madoff Fraud

Dear Tom, Rosalinda and Heidi:

I enclose herewith for Rosalinda and Heidi copies of a 7-page Denial of Claim letter from the Trustee in Bankruptcy, Irving H. Picard, dated June 22, 2010.

This concerns the second claim filed by Jennie Brett. It concerns Account No. 1B0192 and is called Claim No. 000047 by Mr. Picard.

This concerns activities from 7/25/97 up to 10/6/08.

I have checked my records and have found copies of all checks listed as "Deposits" and "Withdrawals" with the exception of one Withdrawal check of 1/6/2000.

The bottom-line answer is that the deposits of $1,465,000. were far exceeded by the withdrawals of $1,612,733.89. We received $147,733.89, monies that were not earnings from stock trans-actions but were taken from other customers who had invested in what turned out to be a Ponzi Scheme.

To put it in simpler terms, we put in $1,465,000. We got that back plus so-called investment income of $147,733, which it is claimed belonged to other persons!

I have today filed an Objection to the first denial and will soon file an Objection to this denial.

Very truly yours,

Thomas E. Brett

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

## In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 22, 2010

Jennie Brett

> ### Redacted

Dear Jennie Brett:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1B0192 designated as Claim Number 000047:

Your claim for a credit balance of $507,230.50 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $1,612,733.89), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

securities (total of $1,465,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($147,733.89) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after June 22, 2010, the date on which the Trustee mailed this notice.

MCMDP_00001693

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_Irving H. Picard_

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

MCMDP_00001694

## Table 1 –

## DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 7/25/1997 | TRANS FROM 1B006010 | $133,464.24 | $0.00 |
| 3/30/1999 | CHECK | $35,000.00 | $35,000.00 |
| 6/21/1999 | CHECK | $45,000.00 | $45,000.00 |
| 8/27/1999 | CHECK | $70,000.00 | $70,000.00 |
| 6/26/2000 | CHECK | $115,000.00 | $115,000.00 |
| 4/16/2001 | CHECK | $35,000.00 | $35,000.00 |
| 8/20/2001 | CHECK | $40,000.00 | $40,000.00 |
| 1/11/2002 | CHECK | $140,000.00 | $140,000.00 |
| 8/2/2002 | CHECK | $120,000.00 | $120,000.00 |
| 9/30/2002 | CHECK | $120,000.00 | $120,000.00 |
| 12/6/2002 | CHECK | $55,000.00 | $55,000.00 |
| 1/3/2003 | CHECK | $15,000.00 | $15,000.00 |
| 8/11/2003 | CHECK | $20,000.00 | $20,000.00 |
| 12/31/2003 | CHECK | $10,000.00 | $10,000.00 |
| 1/22/2004 | CHECK | $30,000.00 | $30,000.00 |
| 4/29/2004 | CHECK | $5,000.00 | $5,000.00 |
| 12/13/2004 | CHECK | $20,000.00 | $20,000.00 |
| 5/4/2005 | CHECK | $145,000.00 | $145,000.00 |
| 8/23/2005 | CHECK | $15,000.00 | $15,000.00 |
| 12/5/2005 | CHECK | $10,000.00 | $10,000.00 |
| 12/29/2005 | CHECK | $15,000.00 | $15,000.00 |
| 1/3/2006 | CHECK | $5,000.00 | $5,000.00 |
| 6/28/2006 | CHECK | $10,000.00 | $10,000.00 |
| 12/26/2006 | CHECK | $20,000.00 | $20,000.00 |
| 12/26/2006 | CHECK | $5,000.00 | $5,000.00 |
| 2/20/2007 | CHECK | $25,000.00 | $25,000.00 |
| 4/2/2007 | CHECK | $300,000.00 | $300,000.00 |
| 9/4/2007 | CHECK | $10,000.00 | $10,000.00 |
| 11/21/2007 | CHECK | $10,000.00 | $10,000.00 |
| 4/3/2008 | CHECK | $10,000.00 | $10,000.00 |
| 8/19/2008 | CHECK | $10,000.00 | $10,000.00 |
| **Total Deposits:** | | $1,598,464.24 | $1,465,000.00 |

## WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 10/1/1997 | CHECK | ($4,650.00) | ($4,650.00) |
| 1/2/1998 | CHECK | ($4,650.00) | ($4,650.00) |
| 4/1/1998 | CHECK | ($4,650.00) | ($4,650.00) |
| 7/1/1998 | CHECK | ($4,650.00) | ($4,650.00) |
| 10/1/1998 | CHECK | ($4,650.00) | ($4,650.00) |

4

| | | | |
|---|---|---|---|
| 1/4/1999 | CHECK | ($4,650.00) | ($4,650.00) |
| 4/1/1999 | CHECK | ($4,650.00) | ($4,650.00) |
| 7/1/1999 | CHECK | ($4,650.00) | ($4,650.00) |
| 10/1/1999 | CHECK | ($4,650.00) | ($4,650.00) |
| 10/8/1999 | CHECK | ($8,909.04) | ($8,909.04) |
| 10/25/1999 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/6/2000 | CHECK | ($11,254.58) | ($11,254.58) |
| 4/7/2000 | CHECK | ($13,245.80) | ($13,245.80) |
| 7/7/2000 | CHECK | ($8,108.34) | ($8,108.34) |
| 10/11/2000 | CHECK | ($7,983.78) | ($7,983.78) |
| 1/10/2001 | CHECK | ($7,655.39) | ($7,655.39) |
| 4/6/2001 | CHECK | ($16,668.21) | ($16,668.21) |
| 7/9/2001 | CHECK | ($11,049.47) | ($11,049.47) |
| 10/9/2001 | CHECK | ($9,510.55) | ($9,510.55) |
| 1/11/2002 | CHECK | ($15,108.98) | ($15,108.98) |
| 4/10/2002 | CHECK | ($7,135.88) | ($7,135.88) |
| 4/29/2002 | CHECK | ($200,000.00) | ($200,000.00) |
| 7/8/2002 | CHECK | ($19,884.19) | ($19,884.19) |
| 10/7/2002 | CHECK | ($22,544.29) | ($22,544.29) |
| 1/10/2003 | CHECK | ($12,674.46) | ($12,674.46) |
| 4/9/2003 | CHECK | ($15,359.22) | ($15,359.22) |
| 7/8/2003 | CHECK | ($20,223.30) | ($20,223.30) |
| 10/9/2003 | CHECK | ($25,181.81) | ($25,181.81) |
| 1/8/2004 | CHECK | ($10,621.95) | ($10,621.95) |
| 4/8/2004 | CHECK | ($15,635.67) | ($15,635.67) |
| 7/7/2004 | CHECK | ($24,569.66) | ($24,569.66) |
| 7/29/2004 | CHECK | ($350,000.00) | ($350,000.00) |
| 10/7/2004 | CHECK | ($12,279.32) | ($12,279.32) |
| 11/19/2004 | CHECK | ($10,000.00) | ($10,000.00) |
| 12/21/2004 | CHECK | ($25,000.00) | ($25,000.00) |
| 1/7/2005 | CHECK | ($8,242.39) | ($8,242.39) |
| 4/7/2005 | CHECK | ($8,341.99) | ($8,341.99) |
| 7/7/2005 | CHECK | ($11,121.57) | ($11,121.57) |
| 8/3/2005 | CHECK | ($260,000.00) | ($260,000.00) |
| 10/7/2005 | CHECK | ($7,033.94) | ($7,033.94) |
| 1/9/2006 | CHECK | ($9,347.44) | ($9,347.44) |
| 4/7/2006 | CHECK | ($7,901.92) | ($7,901.92) |
| 7/10/2006 | CHECK | ($8,783.48) | ($8,783.48) |
| 10/6/2006 | CHECK | ($15,182.74) | ($15,182.74) |
| 1/8/2007 | CHECK | ($8,857.67) | ($8,857.67) |
| 4/4/2007 | CHECK | ($8,249.08) | ($8,249.08) |
| 4/26/2007 | CHECK | ($5,000.00) | ($5,000.00) |
| 5/22/2007 | CHECK | ($5,000.00) | ($5,000.00) |
| 6/15/2007 | CHECK | ($5,000.00) | ($5,000.00) |
| 7/6/2007 | CHECK | ($20,058.03) | ($20,058.03) |
| 7/10/2007 | CHECK | ($200,000.00) | ($200,000.00) |
| 10/4/2007 | CHECK | ($15,920.34) | ($15,920.34) |
| 1/8/2008 | CHECK | ($12,168.78) | ($12,168.78) |

MCMDP_00001696

| | | | |
|---|---|---|---|
| 1/29/2008 | CHECK | ($5,000.00) | ($5,000.00) |
| 4/7/2008 | CHECK | ($4,152.88) | ($4,152.88) |
| 6/2/2008 | CHECK | ($10,000.00) | ($10,000.00) |
| 7/7/2008 | CHECK | ($27,390.47) | ($27,390.47) |
| 10/6/2008 | CHECK | ($7,527.28) | ($7,527.28) |
| **Total Withdrawals:** | | ($1,612,733.89) | ($1,612,733.89) |
| | | | |
| **Total deposits less withdrawals:** | | ($14,269.65) | ($147,733.89) |

6

MCMDP_00001697

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]


## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM


December 8, 2009

Heidi Hiles

**Redacted**


Dear Heidi Hiles:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 000995:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

---

1 Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Thomas E. Brett
       Suite 311
       125-10 Queens Boulevard
       Kew Gardens, NY 11415

2