**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01182 (SMB) |
| Plaintiff, | |
| v. | |
| J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION, | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE THE TESTIMONY AND REPORT OF BRUCE G. DUBINSKY**

Upon consideration of the Notice of Motion *In Limine* by Defendants to Exclude the Testimony and Report of Bruce G. Dubinsky, ECF No. 349 (the "Motion"), the Defendants' Memorandum of Law In Support of Their Motion *In Limine* to Exclude the Testimony and Report of Bruce G. Dubinsky, ECF No. 350, and the Declaration of Daphne Ha in Support of Motion *In Limine* by Defendants to Exclude the Testimony and Report of Bruce G. Dubinsky, ECF No. 351; and it appearing that due and proper notice of the Motion and the relief requested

therein having been given, and no other further notice needing to be given; and a hearing having been held on the Motion on August 9, 2017 (the "Hearing"); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having considered any papers submitted in support of and in opposition to the Motion, the arguments of counsel at the Hearing, and the record in this case:

**IT IS HEREBY ORDERED,** that:

1. ~~(a) fraud permeated BLMIS; (b)~~ BLMIS was operating a Ponzi scheme through its investment advisory business at all relevant times; and ~~(c)~~ BLMIS was insolvent **when the Transfers (defined below) were made** ~~from at least December 11, 2002 and all times thereafter~~; **[SMB 9/18/17]**

2. BLMIS made transfers to Ascot Partners, L.P. during the two-year period prior to December 11, 2008, totaling $280,000,000.00 ("Transfers"), each with the actual intent to hinder, delay, or defraud some or all of its then existing and/or future creditors; and

3. The **Plaintiff has satisfied his prima facie burden to show that the Transfers are avoidable under section 548(a)(1)(A) of the Bankruptcy Code, subject to the defenses set forth in sections 548(c) and/or 550(b) of the Bankruptcy Code. [SMB 9/18/17]** ~~Transfers are avoided pursuant to Section 548(a)(1)(A) of the Bankruptcy Code, and, therefore, recoverable from the Defendants pursuant to section 550(a) of the Bankruptcy Code, except to the extent the Transfers are determined at trial to be for value and in good faith pursuant to sections 548(c) or 550(b), as applicable.~~

2

**IT IS HEREBY FURTHER ORDERED** that based on the foregoing findings, **to which the parties agreed at the Hearing, the Motion is granted.  [SMB 9/18/17]** ~~Mr. Dubinsky will not be a witness at trial and the Motion to strike Mr. Dubinsky's testimony and report is moot.~~

**IT IS HEREBY FURTHER ORDERED**, that the Court retains jurisdiction to enforce and implement the terms and provisions of this Order.

**Dated: September 18, 2017**
       **New York, New York**

                                                   **  /s/ STUART M. BERNSTEIN          **
                                                   **HONORABLE STUART M. BERNSTEIN**
                                                   **UNITED STATES BANKRUPTCY JUDGE**

3