UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                 Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                 Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                 Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                 Plaintiff,<br><br>    v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION,<br><br>                 Defendants. | Adv. Pro. No. 09-01182 (SMB) |

**ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE THE EXPERT TESTIMONY OF AMY B. HIRSCH**

Upon consideration of the Defendants' Notice of Motion *In Limine* to Exclude the Expert Testimony of Amy B. Hirsch, ECF No. 346 (the "Motion"), the Memorandum of Law In Support of Defendants' Motion *In Limine* to Exclude the Expert Testimony of Amy B. Hirsch, ECF No. 347, and the Declaration of Judith A. Archer in Support of Defendants' Motion *In Limine* to Exclude the Testimony of Amy B. Hirsch, ECF No. 348; and it appearing that due and proper

notice of the Motion and the relief requested therein having been given, and no other further notice needing to be given; and a hearing having been held on the Motion on August 9, 2017 (the "Hearing"); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having considered any papers submitted in support of and in opposition to the Motion, the arguments of counsel at the Hearing, and the record in this case:

**IT IS HEREBY ORDERED,** that the Motion is GRANTED IN PART and DENIED IN PART, ~~and Ms. Hirsch's testimony at trial will be permitted~~ as follows **[SMB: 9/18/17]**:

1. Ms. Hirsch is not permitted to provide expert testimony as to the propriety or impropriety of transfers, withdrawals, and/or redemptions between, among, or from Defendants' BLMIS accounts, bank accounts, Gabriel Capital Corporation, and/or accounts of investors in the Merkin Funds.

2. **In the event that Merkin or anyone else testifies or provides evidence that Merkin relied on the Merkin Funds' ability to redeem funds from BLMIS to satisfy the redemption requests made by their own investors,** Ms. Hirsch is permitted to provide expert testimony ~~(a)~~ that ~~Defendants~~ **the Merkin Funds** did not always satisfy **their investors'** redemption requests ~~investors in Ascot Partners, L.P. or Ascot Fund Ltd.~~ by making redemptions from ~~those funds'~~ **their** BLMIS accounts; and ~~(b) as to transfers among and between Defendants' BLMIS accounts and bank accounts, and among and between the Defendants and Gabriel Capital Corporation.~~ **instead, satisfied their investors' redemption requests using funds withdrawn, transferred or paid from other Merkin Funds. [SMB: 9/18/17]**

**IT IS HEREBY FURTHER ORDERED**, that the Court retains jurisdiction to enforce and implement the terms and provisions of this Order.

2

Dated: **September 18th, 2017**
New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE