# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

September 19, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Trustee's Response to Chaitman LLP's September 8, 2017 Letter [ECF No. 16607]*

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff.  We write in response to Chaitman LLP's letter dated September 8, 2017 [ECF No. 16607] in which defense counsel challenges the Trustee's request dated August 8, 2017, attached hereto as Exhibit A, to claw back certain privileged material that was inadvertently produced and immediately replaced.

The clawing back of inadvertently produced material falls squarely within the purpose of Paragraph 14[1] of the Litigation Protective Order dated June 6, 2011 [ECF No. 4137] (the "LPO") and Federal Rule of Evidence 502(b).  Paragraph 14 of the LPO states, "the inadvertent production or disclosure of any document or material (the "Inadvertent Production") otherwise protected by the attorney-client privilege, work production protection … shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity."  LPO, Paragraph 14, *see also* FRE 502(b).  Ms. Chaitman has agreed to be bound by the terms of the LPO in each of her cases.

In the Trustee's email exchange with Mr. Kratenstein and Ms. Chaitman, dated August 8-9, attached hereto as Exhibit B, we explained we had recently discovered that privileged information was inadvertently produced in "hidden columns" of two Excel spreadsheets, the

---

[1] Although the September 8 Letter relies in part on Paragraph 7 of the LPO, it should be noted that Paragraph 7 relates strictly to confidentiality, not to privilege, and is therefore not relevant.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

September 19, 2017
Page 2

Microfilm Reel Inventory (the "Microfilm Index") and the Madoff Warehouse Inventory (the "Warehouse Index"). The privileged information in the hidden columns contained notes and comments from the Trustee's consultants to his attorneys regarding the warehouse and microfilm identification projects and was done at the direction of the Trustee's counsel. Because this information was in hidden columns, it was not visible in the PDF versions of the indices. As an example, the Trustee submitted the Microfilm Index to this Court on July 14, 2017 [ECF No. 16348-2], but because the index was a PDF, the hidden columns were not visible. Further, the replacement Excel versions contain the identical information as the PDF versions.

Contemporaneously with his claw back request and to minimize the possibility of prejudice to the defendants, the Trustee provided Ms. Chaitman and Mr. Kratenstein replacement versions of the Excel spreadsheets, less the privileged information. Further, none of the inadvertently disclosed information has been relied upon by any party or used in any proceeding, despite statements to the contrary in Chaitman LLP's September 8 Letter, and thus, there was no prejudice.

As a threshold matter, the September 8 Letter appears to misconstrue the inadvertently produced information over which the Trustee has asserted a claim of privilege. The Trustee is not seeking to claw back the factual, visible information on the indices or the indices as a whole; instead, the Trustee is asserting privilege over the specific hidden columns that contain notes and communications from the Trustee's consultants who prepared the index to the Trustee's counsel, at the direction of counsel. These notes represent communications between the Trustee's counsel and his consultants for the purpose of assisting the attorney in rendering advice to the client, and are therefore protected by the attorney-client privilege. *See United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995). Further, under both this Circuit's case law and the Federal Rules of Civil Procedure, the notes in question constitute work product, as they were prepared in connection with litigation, at the direction of counsel. Fed. R. Civ. P. 26(b)(3) ("ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative"). Thus, both the attorney-client and work product privileges are independent bases for return of the inadvertently produced information.

Under Federal Rule of Evidence 502(b), when an inadvertent disclosure is made, it does not operate as a waiver if 1) the disclosure is inadvertent, 2) the holder of the privilege or protection took reasonable steps to prevent disclosure, and 3) the holder promptly took reasonable steps to rectify the error. Fed. R. Evid. 502(b). The relevant time period for rectifying the error is "measured from the time the producing party learns of the disclosure, not from the time of the disclosure itself." *In re Natural Gas Commodity Litig.*, 299 F.R.D. 82, 88 (S.D.N.Y. 2005).

Under this analysis, there is no waiver. First, there is no real dispute that the disclosure was inadvertent. Second, the Trustee took reasonable steps to prevent the disclosure, such as electronically "scrubbing" the indices of all metadata and undertaking manual review of the spreadsheets prior to disclosure. Lastly, the Trustee's counsel discovered the inadvertent disclosure on or around July 26, 2017 and promptly investigated and informed defense counsel

September 19, 2017
Page 3

of the disclosure by August 8, 2017.  The Trustee then provided Ms. Chaitman and Mr. Kratenstein with a privilege log[2] containing a description of the basis for the claim of privilege, pursuant to Paragraph 14 of the LPO and also under Federal Rule of Civil Procedure 26(b)(5) (instructing party claiming privilege to describe the nature of the document "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").  See Exhibit C.

Finally, as discussed above, the claw back of the inadvertently produced material was not prejudicial to Ms. Chaitman, as the Trustee provided a replacement version contemporaneously with his claw back request.  Further, the protected information has never been relied upon by either the Trustee or the defendants.

The clawing back of inadvertently produced material falls squarely within the purpose of Paragraph 14 of the LPO and Federal Rule of Evidence 502(b) and, as such, we had hoped that it could be settled without the need for judicial intervention.

Respectfully submitted,

/s/ David J. Sheehan

David J. Sheehan

Enclosures

cc:  Helen Davis Chaitman (hchaitman@chaitmanllp.com)

---

[2] Mr. Kratenstein received the Trustee's August 8, 2017 claw back request, replacements versions, and the corresponding August 24, 2017 privilege log, but he has not filed any objection.