JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel
  For Dispute Resolution
NATHANAEL S. KELLEY
Assistant General Counsel
SECURITIES INVESTOR
  PROTECTION CORPORATION
1667 K St., N.W., Suite 1000
Washington, D.C.  20006
Telephone:  (202) 371-8300
E-mail: jwang@sipc.org
           kbell@sipc.org
           nkelley@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
|           Plaintiff, | SIPA Liquidation |
|       v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
|           Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
|           Debtor. | |

**MEMORANDUM OF THE SECURITIES INVESTOR PROTECTION CORPORATION
IN SUPPORT OF TRUSTEE'S MOTION TO AFFIRM HIS DETERMINATIONS
DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN
<u>THE JENNIE BRETT AND DAVID MOSKOWITZ ACCOUNTS</u>**

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

BACKGROUND ...............................................................................................................1

ARGUMENT .....................................................................................................................2

CONCLUSION...................................................................................................................8

# TABLE OF AUTHORITIES

**CASES:**                                                                                          **PAGE**

*In re Adler, Coleman Clearing Corp.*,
   216 B.R. 719 (Bankr. S.D.N.Y. 1998)...............................................................................4

*Aozora Bank Ltd. v. Sec. Inv'r Prot.. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom.*,
   *Kruse v. Sec. Inv'r Prot. Corp* (*In re Bernard L. Madoff Inv. Sec. LLC*),
   708 F.3d 422 (2d Cir. 2013)....................................................................................3, 6

*Appleton v. First Nat'l Bank of Ohio*,
   62 F.3d 791 (6th Cir. 1995) .......................................................................................3

*In re Bernard L. Madoff Inv. Sec. LLC*,
   654 F.3d 229 (2d Cir. 2011),
   *cert. dismissed*, __ U.S. __, 132 S. Ct. 2712 (2012), and
   *cert. den.*, 567 U.S. 934 (2012)..............................................................................2, 4

*In re Inv'rs Center, Inc.*,
   129 B.R. 339 (Bankr. E.D.N.Y. 1991).........................................................................4

*Kruse v. Sec. Inv'r Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*,
   708 F.3d 422 (2d Cir. 2013)....................................................................................3, 6

*Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*,
   218 B.R. 689 (Bankr. S.D.N.Y. 1998).........................................................................4

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB),
   2017 WL 1323473 (Bankr. S.D.N.Y. Apr. 10, 2017)...............................................5, 6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   454 B.R. 285 (Bankr. S.D.N.Y. 2011), *aff'd sub nom. Aozora Bank Ltd. v. Sec.
   Inv'r Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom.
   Kruse v. Sec. Inv'r Prot. Corp* (*In re Bernard L. Madoff Inv. Sec. LLC*),
   708 F.3d 422 (2d Cir. 2013)................................................................................3, 4, 6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   515 B.R. 161 (Bankr. S.D.N.Y. 2014).......................................................................6-7

*Sec. Inv'r Prot. Corp. v. Jacqueline Green Rollover Account*,
   2012 WL 3042986 (S.D.N.Y. July 25, 2012).............................................................4, 7

*Sec. Inv'r Prot. Corp. v. Morgan, Kennedy & Co.*, 533 F.2d 1314 (2d Cir.),
   *cert. den. sub nom. Trs. of the Reading Body Works v. Sec. Inv'r Prot. Corp.*,
   426 U.S. 936 (1976)......................................................................................3, 4, 5, 6

## TABLE OF AUTHORITIES
### (cont.)

**CASES:**                                                       **PAGE**

*Sec. Inv'r Prot. Corp. v. Wise (In re Stalvey & Assocs., Inc.)*,
    750 F.2d 464 (5th Cir. 1985) ........................................................................................ 2-3

*Stafford v. Giddens (In re New Times Sec. Servs., Inc.)*,
    463 F.3d 125 (2d Cir. 2006)........................................................................................2, 3, 4

### STATUTES AND RULES:

Securities Investor Protection Act, as amended, 15 U.S.C. §

78fff-2(b)...........................................................................................................................3
78fff-3(a)(2) ......................................................................................................................4
78fff-3(a)(5) ......................................................................................................................6

Securities Investor Protection Act (2008), 15 U.S.C. §

78*lll*(2)...............................................................................................................................3

Rules of the Securities Investor Protection Corporation, 17 C.F.R. §§ 300.

100–105........................................................................................................................ 1, 4-5
101....................................................................................................................................4
103....................................................................................................................................5
105....................................................................................................................................5

The Securities Investor Protection Corporation ("SIPC") submits this memorandum in support of the motion ("Motion") of Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–78*lll*, of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, to affirm the Trustee's determinations denying the claims of claimants ("Claimants") asserting interests in either BLMIS Account 1B0192, an individual account held in the name of "Jennie Brett" (the "Brett Account"); or BLMIS Account 1ZA178, an individual account held in the name of "David Moskowitz" (the "Moskowitz Account," and, together with the Brett Account, the "Accounts"). Under SIPA; the SIPC Series 100 Rules, 17 C.F.R. §§ 300.100–300.105; and this Court's prior decisions, the Claimants, in their individual capacities separate from the Accounts, are not "customers" of BLMIS and thus have no separate claim to the fund of customer property in this liquidation and, in addition, cannot have their claims satisfied with funds advanced by SIPC.

## BACKGROUND

Through the Motion, the Trustee seeks entry of an order upholding his denial of four claims for "customer" relief under SIPA and overruling the four objections to those denials—three filed by the Claimants who assert an interest in the Brett Account, and one filed by a Claimant who asserts an interest in the Moskowitz Account. The Claimants did not, however, have any separate relationship with BLMIS in their individual capacity.

As described in more detail in the Trustee's Motion, the Brett Account was an individual account held in the name of Jennie Brett, and the Moskowitz Account was an individual account held in the name of David Moskowitz. Ms. Brett and Mr. Moskowitz (the "Account Holders") alone executed account opening documents and were listed as the sole account holders of their

respective Accounts. All deposits and withdrawals were made on behalf of the Account Holders.

While the Moskowitz Account Claimant, Leah Larsen, produced a bank check payable to

BLMIS, the check was for deposit into the Moskowitz Account, and Mr. Moskowitz

acknowledged receipt of the check for his account. In contrast with the relationship between the

Account Holders and BLMIS, the Claimants, in their individual capacities, never completed

account agreements and never opened accounts with BLMIS. The books and records of BLMIS

do not reflect that Claimants were individual account holders or that they entrusted their own

separate cash or securities to BLMIS. Indeed, the Claimants did not have any financial

transactions with BLMIS on an individual basis, and the Account Holders alone exercised

control over their respective Accounts.

In this liquidation, the Account Holders each submitted a direct claim for their respective

Accounts.[1] The Claimants' claims, on the other hand, are individual claims, separate from and in

addition to the direct claims for the Accounts yet entirely dependent upon the Claimants'

relationship with one of the Account Holders.

## <u>ARGUMENT</u>

SIPA's provisions for customer protection are narrowly tailored to provide relief only to

those claimants who entrusted cash or securities to the liquidating broker-dealer for the purpose

of trading in the securities markets. *See In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229,

236 (2d Cir. 2011) (the "*Net Equity Decision*"), *cert. dismissed*, __ U.S. __, 132 S. Ct. 2712

(2012), and *cert. den.*, 567 U.S. 934 (2012); *Stafford v. Giddens (In re New Times Sec. Servs.,*

*Inc.)*, 463 F.3d 125, 127–28 (2d Cir. 2006) ("*New Times*") ("Judicial interpretations of

'customer' status support a narrow interpretation of the SIPA's provisions." (quoting *Sec. Inv'r*

---

[1] The direct claims filed by Ms. Brett and Mr. Moskowitz are not the subject of the Motion.

*Prot. Corp. v. Wise (In re Stalvey & Assocs., Inc.)*, 750 F.2d 464, 472 (5th Cir. 1985)). In

defining who qualifies as a customer, SIPA requires that the viable claim of a customer relate to

the custodial relationship between broker and customer: cash or securities held by the broker for

the customer in an account at the broker in which the customer holds a cognizable interest. *See*

SIPA § 78*lll*(2) (2008). Furthermore, the obligations of a liquidating broker-dealer to a claimant

for "customer" relief must be ascertainable from the broker-dealer's books and records, or must

be established "to the satisfaction of the trustee." *See* SIPA § 78fff-2(b).

Customer status under SIPA is thus not a shorthand designation for anyone who can

claim a relationship to a broker-dealer. *Sec. Inv'r Prot. Corp. v. Morgan, Kennedy & Co.*, 533

F.2d 1314, 1316 (2d Cir.) ("*Morgan Kennedy*"), *cert. den. sub nom. Trs. of the Reading Body

Works v. Sec. Inv'r Prot. Corp.*, 426 U.S. 936 (1976). On the contrary, in order to qualify for

such status, a claimant must be able to demonstrate that the claimant: (1) entrusted cash or

securities to the broker-dealer; (2) did so pursuant to a direct account or other direct relationship

with the broker-dealer; (3) retained the power to direct the disposition of the assets entrusted to

the broker-dealer; and (4) intended to use the cash or securities entrusted to the broker-dealer for

the purpose of investing or trading in the securities markets. *See* SIPA § 78*lll*(2) (2008); *New

Times*, 463 F.3d at 128–29; *Morgan Kennedy*, 533 F.2d at 1317; *Sec. Inv'r Prot. Corp. v.

Bernard L. Madoff Inv. Sec. LLC,* 454 B.R. 285, 295–302 (Bankr. S.D.N.Y. 2011) ("*BLMIS*"),

*aff'd sub nom. Aozora Bank Ltd. v. Sec. Inv'r Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012)

("*Aozora*"), *aff'd sub nom. Kruse v. Sec. Inv'r Prot. Corp. (In re Bernard L. Madoff Inv. Secs.

LLC)*, 708 F.3d 422 (2d Cir. 2013) ("*Kruse*"); *see also Appleton v. First Nat'l Bank of Ohio*, 62

F.3d 791, 801 (6th Cir. 1995).

3

As the Second Circuit has explained in this liquidation, of the above-listed factors, "the critical aspect of the 'customer' definition [in SIPA] is the entrustment of cash or securities to the broker-dealer for the purposes of trading securities." *Net Equity Decision*, 654 F.3d at 236; *see also New Times*, 463 F.3d at 128; *Sec. Inv'r Prot. Corp. v. Jacqueline Green Rollover Account*, 2012 WL 3042986, at *4 (S.D.N.Y. July 25, 2012) ("*Jacqueline Green*"). As this Court and others have recognized, legal ownership of cash or securities held, or purportedly held, by a broker-dealer is a foundational element of "customer" status under SIPA—an indispensable prerequisite which a claimant must satisfy in order to have a colorable "customer" claim under SIPA. *See Jacqueline Green*, 2012 WL 3042986, at *5; *BLMIS*, 454 B.R. at 295, 299; *see also Morgan Kennedy*, 533 F.2d at 1318.

Under SIPA, "a customer who holds accounts with the debtor in separate capacities shall be deemed to be a different customer in each capacity." SIPA § 78fff-3(a)(2). SIPC's Series 100 Rules set forth the circumstances under which multiple accounts held by the same person with a SIPC-member broker-dealer are deemed to be accounts held in separate capacities eligible for protection.[2] *See* 17 C.F.R. §§ 300.100–300.105; *Morgan Kennedy*, 533 F.2d at 1319–20; *In re Adler, Coleman Clearing Corp.*, 216 B.R. 719, 730 (Bankr. S.D.N.Y. 1998) ("[T]he Series 100 Rules address which accounts held by a customer should be considered as one account for purposes of determining net equity and obtaining SIPC advances." (internal citation omitted)). For example, Rule 101 specifies that "all accounts held with a member by *a person in his own name*, and those which under these rules are deemed his individual accounts, shall be combined so as to constitute *a single account of a separate customer*." 17 C.F.R. § 300.101(a) (emphasis

---

[2] The SIPC Series 100 Rules were submitted to, and approved by, the Securities and Exchange Commission under SIPA section 78ccc(e) and have the force of law. *See Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*, 218 B.R. 689, 699 (Bankr. S.D.N.Y. 1998); *In re Inv'rs Center, Inc.*, 129 B.R. 339, 348 (Bankr. E.D.N.Y. 1991).

added). Rule 103 provides that "[a] corporation, partnership or unincorporated association holding an account with a member shall be deemed to be a separate customer distinct from the person or persons owning such corporation or comprising such partnership or unincorporated association." 17 C.F.R. § 300.103. Similarly, Rule 105 provides as follows:

> (a) A joint account shall be deemed to be a "qualifying joint account" if it is owned jointly, whether by the owners thereof as joint tenants with the right of survivorship, as tenants by the entirety or as tenants in common, or by husband and wife as community property, but only if each co-owner possesses authority to act with respect to the entire account.

> (b) . . . [E]ach qualifying joint account with a member shall be deemed held by *one separate customer* of the member.

17 C.F.R. § 300.105 (emphasis added);[3] *see Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), 2017 WL 1323473, at *3 (Bankr. S.D.N.Y. Apr. 10, 2017) ("*Tenancy in Common Decision*").

While the Series 100 Rules determine when different accounts held by the same person will each be treated as a separate "customer" of a liquidating broker-dealer and do not confer "customer" status, the fact that the rules distinguish between the accountholder and the individuals which may have an interest in the account supports the *Morgan Kennedy* holding that the same distinction must be respected when evaluating eligibility for "customer" status. *See Morgan Kennedy*, 533 F.2d at 1319 ("Only those accounts which are held by valid customers of the debtor can qualify for separate coverage. Customer status under SIPA is therefore a prerequisite to the application of the [Series 100] Rules, and not a substitute therefor.") As explained in *Morgan Kennedy*, the Series 100 Rules "illustrate that, under SIPA, separate

---

[3] Under Rule 105(d), "A joint account with a member which does not meet the requirements of paragraph (a) of this rule shall be deemed to be an individual or qualifying joint account of the co-owner or co-owners having the exclusive power to act with respect to it."

coverage for accounts held in different capacities is not to be confused with individual coverage for each individual owning some portion of, or interest in, the particular account." *Id.* at 1320.

Thus, an individual may hold multiple accounts in different capacities, each of which may be deemed a customer; but, conversely, with the exception of an omnibus account maintained by a bank or another broker-dealer, *see* SIPA § 78fff-3(a)(5), a single account in a single capacity cannot support the existence of more than one customer. Applying *Morgan Kennedy*, this Court and the District Court repeatedly rejected in this liquidation the separate "customer" claims of claimants who only had an interest in entities that had an account at BLMIS. In April, this Court upheld the Trustee's denial of claims filed by claimants who were individual cotenants holding an interest in a tenancy in common, where the tenancy in common had an account with BLMIS and the individuals did not. The Court found that, under the Series 100 Rules, the joint account was the "customer," and the cotenants "failed to satisfy the 'critical aspect' of the customer definition—'the entrustment of cash or securities to [BLMIS] for the purposes of trading securities.'" *Tenancy in Common Decision*, 2017 WL 1323473, at *4 (quoting *Kruse*, 708 F.3d at 426). Accordingly, this Court held that "while the [] Tenancy in Common was a 'customer' of BLMIS, the [Cotenants] were not." *Id.*

In the case of the feeder funds, Judge Lifland reasoned, *inter alia*, that, after purchases of fund interests were made, the cash used by the claimants to make them "*became the sole property of the Feeder Funds*," and that the claimants therefore could not have entrusted property to BLMIS and had no legally cognizable claim to any of the assets purportedly held by BLMIS. *See BLMIS*, 454 B.R. at 295 (emphasis in original); *see also Aozora*, 480 B.R. at 125 ("[A]t the moment each appellant used assets to purchase an ownership interest in a Feeder Fund, those assets became property not of the appellants but of the Feeder Fund."); *Sec. Inv'r Prot.*

6

*Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 515 B.R. 161, 169 (Bankr. S.D.N.Y. 2014) (holding that the claimants' "financial transactions were with the [ERISA] Plan. Thus, they failed to satisfy the 'critical requirement' that they entrusted cash to BLMIS, as opposed to the [ERISA] Plan, for the purchase of securities."); *Jacqueline Green*, 2012 WL 3042986, at *5 ("One cannot deposit cash with the debtor if this cash belongs to another.").

The same reasoning bars the Claimants' claims here. The Claimants' claims are entirely predicated upon their purported interests in the Accounts, and therefore they cannot claim separate individual "customer" status. BLMIS's books and records do not reflect activity by the Claimants in an individual capacity. The property deposited in the Accounts belonged not to the Claimants individually but to either Ms. Brett or Mr. Moskowitz as the account holders. The Account Holders exercised control over the property in the account, not the Claimants. Only the Account Holders are eligible to file a claim for customer protection, which they did. In short, when the Account Holders invested property with BLMIS, the Claimants had no separate individual legal relationship with BLMIS which would entitle them to customer status.

## **CONCLUSION**

Claimants are not SIPA "customers" because they had no separate individual relationship

with BLMIS. Accordingly, the Court should grant the Trustee's Motion.

Date:    September 21, 2017
         Washington, D.C.

                              Respectfully submitted,

                              JOSEPHINE WANG
                              General Counsel

                              KEVIN H. BELL
                              Senior Associate General Counsel
                               For Dispute Resolution


                               s/ Nathanael S. Kelley
                              NATHANAEL S. KELLEY
                              Assistant General Counsel

                              SECURITIES INVESTOR PROTECTION
                               CORPORATION
                              1667 K St., N.W., Suite 1000
                              Washington, D.C. 20006
                              Telephone: (202) 371-8300
                              E-mail:jwang@sipc.org
                                      kbell@sipc.org
                                      nkelley@sipc.org