**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Justin P. Duda

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**Hearing Date: October 25, 2017 at 10:00 a.m. (ET)**
**Objections Due: October 10, 2017 at 4:00 p.m. (ET)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br>v.<br><br>KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; and WENDY BROWN,<br><br>       Defendants. | Adv. Pro. No. 10-04468 (SMB) |

01:21865886.4

**MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S
MOTION FOR LEAVE TO FILE A FIRST AMENDED
<u>COMPLAINT AND FOR RELATED RELIEF</u>**

Irving H. Picard (the "<u>Trustee</u>"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("<u>BLMIS</u>") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("<u>SIPA</u>") and the substantively consolidated chapter 7 estate of Bernard L. Madoff, by and through his undersigned counsel, files this Memorandum of Law in support of the Trustee's motion for leave ("<u>Motion</u>") under Rule 7015 of the Federal Rules of Bankruptcy Procedure ("<u>FRBP</u>") and Rule 15 of the Federal Rules of Civil Procedure ("<u>FRCP</u>") to file a First Amended Complaint and for related relief to (1) amend the complaint to reflect that defendant Wendy Brown, in her capacity as a general partner of the Ken-Wen Family Limited Partnership ("<u>Ken-Wen</u>"), is liable under Bankruptcy Code sections 548(a)(1)(A), 550(a)(1), and 551 as an initial transferee of the transfers BLMIS made to the defendants, and (2) amend the complaint to conform with certain other allegations and prior Court orders.

A copy of the proposed First Amended Complaint is attached as Exhibit A to the Declaration of Justin P. Duda, which is being filed concurrently herewith. Counsel for defendants Ken-Wen, Kenneth W. Brown, and Wendy Brown (collectively, the "<u>Defendants</u>") were provided with clean and blackline versions of a draft of the proposed amended complaint. The Defendants have failed to respond to the Trustee's numerous inquiries regarding whether the Defendants consent to the proposed amendments, thereby necessitating the filing of the Motion.

**I.    <u>SUMMARY AND BACKGROUND</u>**

The Trustee seeks to amend the original complaint filed in this action (the "<u>Original Complaint</u>") to avoid and recover initial transfers made from BLMIS to Ken-Wen and to Kenneth W. Brown and Wendy Brown, in their capacities as general partners of Ken-Wen, and

to update the pleading to conform with previous Court orders in the adversary proceeding, including, without limitation, the dismissal of the Trustee's subsequent transferee causes of action.

In the Original Complaint, Ken-Wen was named as an initial transferee defendant. Kenneth W. Brown was also named as an initial transferee defendant given that the Trustee was aware that Mr. Brown is a general partner of Ken-Wen at the time the Original Complaint was filed. Based on information available to the Trustee at the time the Original Complaint was filed, Wendy Brown was named only as a subsequent transferee defendant. The Trustee has since learned that Wendy Brown also is a general partner of Ken-Wen. As such, the Original Complaint should be amended to name Wendy Brown, in her capacity as a general partner of Ken-Wen, as an initial transferee of the transfers from BLMIS.

The First Amended Complaint seeks to recover $3,850,000 transferred from Ken-Wen's BLMIS account during the two years prior to December 11, 2008 (the "Filing Date"). The Trustee seeks to avoid and recover all of these initial transfers (collectively, the "Transfers") made to the Defendants, jointly and severally. The Transfers made to or for the benefit of the Defendants are set forth in Column 9 on Exhibit B annexed to the proposed First Amended Complaint.

The claims in the Original Complaint against subsequent transferee defendants, including those against RBC Centura Bank and Ms. Brown, were dismissed in the Court's Order Granting In Part And Denying In Part Defendants' Motions To Dismiss, entered July 16, 2015. (ECF No. 59.)[1] The dismissal was without prejudice to the Trustee's right to seek leave to amend under FRCP 15(a)(2) and FRBP 7015. (*Id.*, ¶ 2)

---

[1] On September 18, 2015, defendants Ken-Wen and Wendy Brown filed an answer to the Original Complaint (ECF No. 60). Defendant Kenneth W. Brown did not file an answer and, upon the request of the Trustee, the Clerk of the

Accordingly, the Trustee seeks leave to amend the Original Complaint to: (1) avoid and recover the Transfers from Defendants, jointly and severally, including from Wendy Brown and Kenneth W. Brown, in their capacities as general partners of Ken-Wen; and (2) update the Original Complaint to reflect the prior dismissal of certain counts in the Original Complaint, including the subsequent transfer causes of action.

## II.  APPLICABLE STANDARDS OF LAW

Under FRCP 15(a)(2), a party may amend its pleading upon leave of the court, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721 (Bankr. S.D.N.Y. 2008).

> The mandate that leave to amend be freely given when justice requires 'is to be heeded' in the absence of a substantial reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'

*Picard v. Estate of Steven Mendelow, et al.*, 560 B.R. 208, 221 (Bankr. S.D.N.Y. 2016) [hereinafter "*Mendelow*"] (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Generally, amendments are favored because they 'tend to facilitate a proper decision on the merits.'" *Id.* (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 472 (S.D.N.Y. 2013)).

This is consistent with the Second Circuit's oft-repeated holding that FRCP 15 is to be liberally construed. *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F. Supp. 2d 257, 272 (S.D.N.Y. 2012) ("the rule is 'interpreted liberally, and an amendment is normally permitted'") (quoting *Ohio Cas. Ins. Co. v. Transcontinental Ins. Co.,* No. 05–6432, 2006 WL

---

Court entered a default against Mr. Brown. (ECF Nos. 62 and 63) Based on subsequent discussions with counsel for the Defendants, the Trustee did not seek entry of a default judgment against Kenneth W. Brown. The dismissal of the Trustee's claims against RBC Centura Bank was effectuated pursuant to a Stipulation and Order entered on March 15, 2016. (ECF No. 68)

01:21865886.4                           4

1540540, at *1 (S.D.N.Y. May 31, 2006)); *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir. 1983) (the rule reflects Congress's intention "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities") (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1471, at 359 (3d ed. 1971)). In the Second Circuit, a party may amend its pleadings in the absence of a showing of prejudice or bad faith. *In re AMR Corp.*, 506 B.R. 368, 383 (Bankr. S.D.N.Y. 2014). Further, defendants "must show actual prejudice, not the possibility of prejudice" when opposing a proposed amendment. *Mendelow* at 224 (citations omitted).

Indeed, even when the proposed amendment is for a claim against a newly added party that would be barred by the applicable statute of limitations, such amendment is permitted if it "relates back" to the date of the original pleading. Fed. R. Civ. P. 15(c); *In re Randall's Island Family Golf Ctrs.*, Adv. Pro. No. 02-2278, 2002 WL 31496229, at *2–5 (Bankr. S.D.N.Y. Nov. 8, 2002). An amendment relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Additionally, an amendment can change the party or the naming of the party against whom a claim is asserted if "(1) both claims arose out of the same transaction or occurrence, (2) the new party received adequate notice of the plaintiff's claims, within the time limits specified in Fed. R. Civ. P. 4(m), and will not be prejudiced, and (3) the new party knew or should have known that but for a mistake concerning its identity, the new party would have been named in the earlier, timely pleading." *In re Randall's Island Family Golf Ctrs.*, 2002 WL 31496229, at *2; Fed. R. Civ. P. 15(c)(1)(C).

### III. THE COURT SHOULD GRANT THE TRUSTEE LEAVE TO FILE A FIRST AMENDED COMPLAINT TO AVOID AND RECOVER ALL TRANSFERS MADE TO THE DEFENDANTS DURING THE TWO YEARS BEFORE THE FILING DATE

The Trustee seeks to avoid and recover all transfers made to the Defendants during the two years prior to the Filing Date. The proposed amendment will cause no undue prejudice or delay and is not futile. FRCP 15 therefore requires that, in the absence of undue delay, bad faith, undue prejudice, or futility, the Trustee should be permitted to file the First Amended Complaint.

#### A. There Has Been No Undue Delay or Bad Faith By the Trustee.

It is well-settled that the mere passage of time, in the absence of bad faith, does not warrant a denial of leave to amend. *In re AMR Corp.*, 506 B.R. at 383 ("Absent a showing of bad faith or undue prejudice, mere delay does not provide a basis for a district court to deny the right to amend."). A court will deny leave to amend only where a party delayed in bad faith. *See Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 676–77 (S.D.N.Y. 1996) (granting leave to amend after plaintiff waited two years to file amendments, noting that "[t]he federal rules of pleading are not intended unreasonably to lock counsel into a litigation strategy").

The Trustee did not unduly delay or act in bad faith in bringing this Motion to amend. To the contrary, the Trustee has diligently pursued his claims since the commencement of this action. Since filing the Original Complaint, the Trustee has further investigated the underlying facts, which efforts revealed that Wendy Brown is a general partner of Ken-Wen. Counsel for the Trustee was therefore able to determine that Ms. Brown, as a general partner of Ken-Wen, should be held liable as an initial transferee. Furthermore, counsel for the Trustee, on numerous occasions, has requested that Defendants consent to the filing of an amended complaint in this matter in the interest of moving this action forward, and even circulated a draft stipulation concerning the proposed amended complaint (which counsel for the Defendants previously

agreed to consider). Counsel for the Defendants, however, have provided no comments regarding the draft stipulation and have otherwise failed to respond to repeated inquiries by counsel for the Trustee—necessitating the filing of the Motion. Because the Trustee has diligently pursued his claims in good faith, leave to amend should be granted under FRCP 15.

### B. Amendment Will Not Prejudice the Defendants.

The party opposing an amendment has the burden of proving that leave to amend would be prejudicial. *Fed. Nat. Mortg. Ass'n v. I.R.S.*, No. CV-98-5174 (JM), 2001 WL 260076, at *2 (E.D.N.Y. Jan. 17, 2001) (citing *Panzella v. Skou*, 471 F. Supp. 303, 305 (S.D.N.Y. 1979)). Courts consider whether amendment "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (internal quotation marks omitted) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). "If no prejudice is found, then leave normally will be granted." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1484 (3d ed. 1971). Here, the Defendants cannot meet their burden because the amendments will not result in prejudice.

The proposed First Amended Complaint will not require the Defendants to expend "significant additional resources" and it will not "significantly delay" the resolution of this action. Both Kenneth and Wendy Brown are general partners of Ken-Wen and they have known for years that the Transfers from BLMIS were made to Ken-Wen. The proposed amendments will not expand the scope of discovery or materially alter the nature of the claims or defenses at issue. In fact, although the parties have exchanged initial disclosures and the Trustee intends to serve discovery on the Defendants, they have not yet engaged in formal discovery. Regardless,

any discovery that the Trustee may seek from the Defendants will likely be common to all Defendants and appropriately tailored to the needs of this avoidance action. In addition, no party has moved for summary judgment and no trial date has been set. Accordingly, the amendments will not delay resolution of the dispute. Because the Defendants cannot demonstrate that they will be prejudiced in terms of resources or time, the Trustee respectfully requests that the court grant leave to amend the Original Complaint.

### C. The Amendments Will Not Be Futile.

The party opposing an amendment has the burden of proving that leave to amend would be futile. *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2010 WL 445192, at *3 (S.D.N.Y. Feb. 8, 2010) (citations omitted). "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quotation omitted). Under section 546(a) of the Bankruptcy Code, a proceeding to avoid a fraudulent transfer under section 548 must be brought within two years of the entry of the order for relief. The Defendants may attempt to argue that the relevant two-year period ended on December 11, 2010, and the claim against Wendy Brown as an initial transferee is thus time-barred and futile. Any such argument must fail, however, because the amendments relate back to November 12, 2010, the date the Original Complaint was filed.

Under FRCP 15, the proposed First Amended Complaint relates back to the Original Complaint because it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Original Complaint seeks to avoid and recover initial transfers made from BLMIS to Ken-Wen

and Kenneth W. Brown, in his capacity as general partner of Ken-Wen, and seeks to avoid and recover subsequent transfers made to Wendy Brown.  The First Amended Complaint also seeks to avoid and recover transfers made from BLMIS to Ken-Wen and Kenneth W. Brown, in his capacity as general partner of Ken-Wen.  The proposed First Amended Complaint now includes Wendy Brown as an initial transferee because the Trustee has since learned that Wendy Brown also is a general partner of Ken-Wen.  Thus, the First Amended Complaint asserts closely related claims as set forth in the Original Complaint, and these claims arise from the same conduct, transaction, or occurrence—namely, transfers BLMIS made to the Defendants.

To the extent the Court considers Wendy Brown a new party because she was named only as a subsequent transferee in the Original Complaint, the First Amended Complaint still relates back under FRCP 15(c)(1)(C).  Ms. Brown clearly received adequate notice of the claims against her given that she (i) was a named defendant in the Original Complaint, (ii) received service of the Original Complaint and summons, and (iii) subsequently filed an Answer to the Original Complaint.  Kenneth Brown was named as an initial transferee in the Original Complaint because the Trustee was aware at the time that the Original Complaint was filed that Mr. Brown was a general partner of Ken-Wen.  Wendy Brown thus knew or should have known that, but for the Trustee's lack of knowledge of the fact that she is a general partner of Ken-Wen, she too would have been named as an initial transferee in the Original Complaint.

This Court's reasoning in an analogous case, *Randall's Island*, is particularly instructive.  In *Randall's Island*, the plaintiff-debtors failed to sue Crum, an insurance company, in the original complaint because they believed other parties named in the original complaint actually received the payments at issue.  *In re Randall's Island Family Golf Ctrs.*, 2002 WL 31496229, at *4–5.  As this Court explained, "the debtors failed to name Crum as a result of a mistake in

identifying the transferee of the payments, and not because of a strategic decision." *Id*. at *4. Similarly, as here, the debtors originally sued other parties because those parties appeared to be the initial transferees. *Id.* The debtors in *Randall's Island* did not learn that Crum might be an initial transferee until after the original complaint was filed and after section 546(a)'s two-year statute of limitations had expired. *Id*. at *1. The debtors attempted to amend the complaint to add Crum when they discovered the misidentification, and Crum argued that the claims in the amended complaint were barred by the statute of limitations. *Id*. Because the debtors intended in the original complaint to sue the initial transferee, and added Crum when they discovered the misidentification, this Court held that the amendment related back and was not barred by the statute of limitations. *Id.* at *4–5; *see also VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128–29 (2d Cir. 2001) (affirming that the proposed amendment related back to the original complaint where the newly named party "should have known that some of the allegations [in the original complaint] were meant to be directed at [them].").

As in *Randall's Island*, the Trustee seeks to amend the Original Complaint to name Wendy Brown as an initial transferee because the Trustee has learned that Wendy Brown is a general partner of Ken-Wen, the holder of the relevant BLMIS account and the recipient of the avoidable Transfers. Again, Wendy Brown knew that the Trustee named Ken-Wen and Kenneth W. Brown, in his capacity as general partner of Ken-Wen, as initial transferee defendants. *See generally* Original Complaint. Ms. Brown certainly knows that she is a general partner of Ken-Wen. Thus, Ms. Brown knew or should have known that, but for the Trustee's mistake in naming the initial transferee defendants based on information available at the time, she too would have been named as an initial transferee in the Original Complaint. Ms. Brown, therefore, had sufficient notice of the proceedings and cannot be surprised by the Trustee's efforts to

recover the Transfers she received from BLMIS. Accordingly, the amendments will not be futile even if the Court considers Wendy Brown a new party because the First Amended Complaint relates back under FRCP 15(c)(1)(C) and is not barred by the statute of limitations.

## IV. CONCLUSION.

For these reasons, the Trustee should be permitted to amend the Original Complaint. FCRP 15 requires that leave to amend should be freely given. The relief sought will cause no undue prejudice or delay, as fact discovery is ongoing and there is sufficient time to conclude discovery with the proposed amendments. Instead, the requested relief will conserve the Court's time and resources by focusing the case on the proper parties and claims. Accordingly, the Trustee respectfully requests that the Court grant leave to file the proposed First Amended Complaint.

Dated: September 25, 2017

       YOUNG CONAWAY STARGATT & TAYLOR, LLP

       By: */s/ Matthew B. Lunn*
       Matthew B. Lunn
       Justin P. Duda
       Rockefeller Center
       1270 Avenue of the Americas, Suite 2210
       New York, New York 10020
       Telephone: (212) 332-8840
       Facsimile: (212) 332-8855
       Email: *mlunn@ycst.com*

       *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC*