# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Torello H. Calvani
direct dial: 212.589.4657
tcalvani@bakerlaw.com

September 25, 2017

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB) — *Picard v. Shapiro, et al.*, Adv. Pro. No. 10-05383 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff. In the above-captioned proceeding, your Honor has scheduled a Rule 7007 conference for October 5, 2017 to address Defendants' objections to certain third-party subpoenas issued by the Trustee to financial institutions where Defendants bank. *See* Letter of 7/14/17, ECF No. 77. The Trustee had joined in Defendants' request for a conference, noting that Defendants' objections to the subpoenas implicate certain of the same issues raised by their deficient responses to the Trustee's requests for admission ("RFAs") and document requests ("RFPDs"), a topic which was the subject of a previous Rule 7007 conference before your Honor. *See* Letter of 8/17/17, ECF No. 78. At the upcoming conference, the Trustee respectfully requests that the Court also hear from the parties regarding the status of Defendants' responses to the RFAs and RFPDs.

By way background, the Trustee served RFAs on Defendants Stanley Shapiro, Leslie Citron, and David Shapiro in July 2016, and served RFPDs on all Defendants in October 2016. Defendants responded to the RFAs and RFPDs but did so largely with general objections, such as that the requests were overly broad, unduly burdensome, and related only to causes of action dismissed against certain Defendants. The Court held a Rule 7007 conference on February 7, 2017 during which it reviewed a number of the Trustee's requests. As to several to which Defendants objected on grounds of burden, the Court noted that Defendants must affirmatively demonstrate that the requests are unduly burdensome. *See* 2/7/17 Hearing Transcript, pp. 61:16–18; 63:12–15 (attached as Exhibit A to the Trustee's 8/17/17 letter to Your Honor, ECF No. 78). As for Defendants'

Honorable Stuart M. Bernstein
September 25, 2017
Page 2

objection that certain requests related only to dismissed claims, the Court made clear that the Trustee may obtain discovery relevant to any active claim even if the claim had been dismissed against the responding party. *See id.* at pp. 49:8–14; 52:11–17; 56:25–57:14; 61:5–8. The Court adjourned the conference *sine die*, and instructed the parties to attempt to resolve or narrow the dispute.

With this guidance in mind, the parties met and conferred on April 6, 2017. A few weeks later, the Trustee wrote letters to Defendants that reframed many of his RFAs and RFPDs. *See* Exhibits B and C to the Trustee's 8/17/17 letter to Your Honor, ECF No. 78. In these letters, the Trustee agreed to hold certain requests in abeyance and narrow others. As for those to which Defendants objected without valid basis, the Trustee renewed his requests. Defendants have not responded to the letters. For the Court's reference, the Trustee's reframed document requests are attached hereto as Exhibit 1 and those RFAs to which the Trustee still seeks responses are attached hereto as Exhibits 2 and 3.

The Trustee submits that Stanley Shapiro must either admit or deny all of the RFAs that remain in dispute. *See, e.g.*, Exhibit 2, Request No. 42 ("Admit that in April 2003, you arranged for BLMIS to wire the sum of $1,250,000 into a bank account held either solely or jointly in Leslie S. Citron's name from the Portfolio Account [1SH030].") Mr. Shapiro cannot refuse to respond to this and many other requests on the purported basis that the Court has dismissed certain claims as to some but not all Defendants. Mr. Shapiro remains a party to the Trustee's claims to avoid and recover initial transfers from numerous BLMIS Accounts, including No. 1SH030. *See Order*, ECF No. 63, ¶ 5(b&c) and *Memorandum Decision*, ECF No. 59 at pp. 21–22. Indeed, the Court indicated at the February conference that the Trustee is entitled to this type of discovery. *See* Transcript at pp. 49:8–14; 52:11–17; 56:25–57:14; 61:5–8.

The Trustee further submits that Defendants must produce documents responsive to certain RFPDs. As a compromise to narrow the dispute, the Trustee amended certain of his RFPDs (*e.g.*, narrowing certain requests to Mr. Shapiro and his family's core accounts) and agreed to hold others in abeyance (*e.g.*, holding back requests concerning social relationships with Paul Konigsberg, travel on the BLMIS jet, and subsequent transfers). *See, e.g.,* Exhibit 1, Requests Nos. 6, 8, 25, 26. The Trustee, however, renewed certain of his requests as originally drafted that concerned Mr. Shapiro's activities related to the Core Accounts and his knowledge of fraud at BLMIS. *See, e.g.*, *id.*, Request No. 15 ("All documents concerning the destruction, the return to BLMIS or other disposition of any documents concerning any of the BLMIS Accounts, including but not limited to any account statements."). At the February conference, the Court made clear that "anything relating to Stanley Shapiro's knowledge, because he's the key to the imputation, is relevant, even if it goes back many, many years . . . ." *See* Transcript, p. 61:5–8.

To date, the Trustee has produced to Defendants more than 28,000 documents consisting of over 700,000 pages. By contrast, Defendants have yet to produce any documents in this proceeding. They have not even responded to the Trustee's narrowed requests, which the Trustee served almost four months ago. Although mindful of the Court's time and resources, the Trustee respectfully requests that the Court hear from the parties regarding Defendants' deficient discovery responses at the upcoming conference scheduled for October 5, 2017.

Honorable Stuart M. Bernstein
September 25, 2017
Page 3

**BAKER & HOSTETLER LLP**

By: /s/ *Torello H. Calvani*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Ona T. Wang
Email: owang@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

*and*

127 Public Square
Cleveland, Ohio 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
James H. Rollinson
Email: jrollinson@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC and the consolidated estate of Bernard L. Madoff*