# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

September 29, 2017

**VIA ECF AND E-MAIL (bernstein.chambers@nysb.uscourts.gov)**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, NY 10004-1408

Re:   *Picard v. Merkin*, Adv. No. 09-01182 (SMB) (Bankr. S.D.N.Y.)
      *Letter Brief on Burdens of Proof and Persuasion*

Dear Judge Bernstein,

      We are counsel to Irving H. Picard (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff.  As directed in paragraph 2 of the Twentieth Amended Case Management Plan, the Trustee submits this letter brief on the burdens of proof at trial on the Trustee's fraudulent transfer claims under section 548(a)(1)(A) of the Bankruptcy Code, and Defendants' affirmative defense of good faith under section 548(c).[1]

## I.  APPLICABLE LEGAL STANDARDS

      The term "burden of proof" encompasses two distinct burdens: (1) the burden of persuasion; and (2) the burden of production.[2]

### A.  *Burden of Persuasion*

      The burden of persuasion—sometimes referred to as the ultimate burden[3]—is the burden to persuade the factfinder at trial that the existence of the fact, proposition, or element at issue is

---

[1] This letter does not address the Trustee's equitable subordination claim, which is the subject of separate briefing.

[2] *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005); *Dir., Office of Workers' Comp. Programs v. Greenwich Collieries*, 512 U.S. 267, 272 (1994); *see also* John P. McCahey, *The Burdens of Persuasion and Production*, 16 J. Trial Evidence Committee, Sec. Litig., A.B.A., no. 3, 2008, *available at* http://www.hahnhessen.com/uploads/39/doc/2008_06_jpm_burdens.pdf.

[3] *See e.g.*, *In re Gardner*, 384 B.R. 654, 670 (Bankr. S.D.N.Y. 2008).

more probably true than not. The burden of persuasion generally remains with one party throughout the trial.[4] In most instances, a plaintiff bears the burden of persuasion as to the claims it alleges.[5] If the defendant raises an affirmative defense, the burden of persuasion on the affirmative defense generally rests with the defendant.[6]

Courts apply a preponderance of the evidence standard in avoidance actions under the Bankruptcy Code.[7] In these cases, "if the trier of fact finds that the testimony of both parties is in balance, or equally probable, then the moving party will have failed to sustain the required burden."[8]

Said another way, burdens of persuasion are tiebreakers.[9] If the evidence put forth by the parties on a particular claim or defense is evenly balanced, the party with the burden of persuasion on the claim or defense will lose.[10] But, if the factfinder comes to a definite conclusion as to essential facts of a claim or defense for one party over another after hearing all of the evidence, there is no need to consider the burden of persuasion.[11]

### B. Burden of Production

The burden of production—also called the burden of going forward or the "initial" burden—refers to the obligation to come forward with sufficient evidence to support a claim or defense.[12] The burden of production shifts between the parties throughout the trial. The judge, rather than the factfinder, determines whether the burden of production has been carried.

---

[4] *See Schaffer*, 546 U.S. at 56–57; *In re Gardner*, 384 B.R. at 663.

[5] *See Schaffer*, 546 U.S. at 56 ("[T]he ordinary default rule [is] that plaintiffs bear the risk of failing to prove their claims.").

[6] *Smith v. United States*, 568 U.S. 106, 112–13 (2013) (noting that affirmative defenses are matters for the defendant to prove); *Jackler v. Byrne*, 658 F.3d 225, 242 (2d Cir. 2011) ("Qualified immunity, an affirmative defense as to which the defendants have the burden of proof . . . .").

[7] *See Nissho-Iwai Co. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir. 1983); *In re Big Apple Volkswagen, LLC*, No. 11-11388 (JLG), 2016 WL 1069303, at *8 (Bankr. S.D.N.Y. Mar. 17, 2016) (applying a preponderance of the evidence standard to an avoidance action under 11 U.S.C. § 547).

[8] *In re Kelton Motors, Inc.*, 130 B.R. 170, 174 (Bankr. D. Vt. 1991).

[9] *See Bristow v. Drake St. Inc.*, 41 F.3d 345, 353 (7th Cir. 1994); *see also* McCahey, *supra* note 2, at 8.

[10] *See In re Big Apple Volkswagen*, 2016 WL 1069303, at *8 (citing *Lawson v. Ford Motor Co. (In re Roblin Indus., Inc.)*, 78 F.3d 30, 34 (2d Cir. 1996)); *G.G. Survivor Creditor Corp. v. Harari (In re G. Survivor Corp.)*, 217 B.R. 433, 440 (Bankr. S.D.N.Y. 1998) (applying the preponderance of the evidence standard in an avoidance action under 11 U.S.C. § 547).

[11] *See Bristow*, 41 F.3d at 353 ("Burdens of persuasion affect the outcomes only of cases in which the trier of fact thinks the plaintiff's and the defendant's positions [are equally probable]. Burdens of persuasion are, in other words, tie-breakers. If the trier of fact, having heard all the evidence, comes to a definite conclusion, he has no occasion to invoke a burden of persuasion."). *But see* 42 U.S.C. § 2000(e)-2(k)(1)(A) (Title VII statute where burden shift is built into the statute and provides no affirmative defense).

[12] While Defendants analogized the shifting burden in Title VII cases to the burdens in this case, *see* Mot. Summ. J. Hr'g Tr. 76:16–77:4 (June 1, 2016), the Supreme Court has been clear that the Title VII burdens of proof should not be extended to other circumstances where it is clear from the statute that an affirmative defense exists. *See Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 90 (2008).

Honorable Stuart M. Bernstein
September 29, 2017
Page 3

In most cases, the plaintiff initially carries the burden of production. A plaintiff meeting its burden of production will have made out a *prima facie* case. At that point, the burden of production shifts to the defendant to rebut the plaintiff's evidence. If the defendant can rebut the plaintiff's *prima facie* case, the burden of production then shifts back to the plaintiff for rebuttal. Thereafter, the factfinder determines whether the plaintiff has met its ultimate burden of proof—the burden of persuasion—by a preponderance of the evidence.[13]

Where a defendant has the burden of persuasion, such as on an affirmative defense, the defendant also bears the initial burden of production for that affirmative defense. Where the defendants meet their initial burden, the burden of production (but not persuasion) shifts to the plaintiff. The plaintiff may then rebut that evidence, at which point the burden of production shifts back to the defendant for submission of any rebuttal evidence. If the defendant's evidence on his affirmative defense falls short or is evenly balanced, the defendant, as the party bearing the burden of persuasion, must lose.[14]

## II.    THE PARTIES' RESPECTIVE BURDENS AT TRIAL

In the forthcoming trial, each party has the burden of persuasion with respect to their claims: the Trustee has the burden of persuasion for his claims under section 548(a)(1)(A) and Defendants have the burden of persuasion for their affirmative defense under section 548(c). "Good faith" arises only under section 548(c), not section 548(a)(1)(A), and thus Defendants have the burden of persuasion on good faith.[15]

### A.    *Trustee's Burden of Persuasion under § 548(a)(1)(A)*

For his claim under section 548(a)(1)(A), the Trustee bears the burden of persuasion and is required to establish by a preponderance of the evidence that BLMIS made the relevant transfers "with actual intent to hinder, delay, or defraud."[16]

On September 19, 2017, the Court entered an Order, finding:

> The Plaintiff has satisfied his prima facie burden to show that the
> Transfers [defined therein] are avoidable under section

---

[13] *See In re Gardner*, 384 B.R. at 670.

[14] *See Schaffer*, 546 U.S. at 56; *Bristow*, 41 F.3d at 353.

[15] *See In re LLS Am., LLC*, No. 2:12-CV-423-RMP, 2015 WL 328918, at *10 (E.D. Wash. Jan. 23, 2015) ("A transferee of an actually fraudulent transfer may keep funds that it took for value (or, under state law, for reasonably equivalent value) and in good faith. . . . As recipients of transfers that constitute actual fraud, the burden of proof in establishing the affirmative defense of good faith is on Defendants."); *see also* 5 COLLIER ON BANKRUPTCY ¶ 548.04[2] at 548–63 (2016).

[16] *Bear, Stearns Sec. Corp. v. Gredd*, 275 B.R. 190, 196 (S.D.N.Y. 2002) (finding the Trustee "bears the difficult burden of proving [under 11 U.S.C. § 548(a)(1)(A)] that the transfer was made with 'actual intent' to defraud creditors").

Honorable Stuart M. Bernstein
September 29, 2017
Page 4

> 548(a)(1)(A) of the Bankruptcy Code, subject to the defenses set
> forth in sections 548(c) and/or 550(b) of the Bankruptcy Code.[17]

The Order further provides that BLMIS "was operating a Ponzi scheme through its investment advisory business at all relevant times;" "was insolvent when the Transfers [] were made;" and made all Transfers to Defendants "with the actual intent to hinder, delay, or defraud some or all of its then existing and/or future creditors."[18] Accordingly, the Trustee has satisfied the burden of proof on his section 548(a)(1)(A) claim, the transfers at issue are avoidable, and judgment may be entered unless Defendants can sustain an affirmative defense.[19]

### B.     *Defendants' Burden of Persuasion under § 548(c)*

Section 548(c) provides that a transferee that takes for value[20] and in good faith may retain avoidable transfers.[21] Section 548(c) is an affirmative defense, on which Defendants have the initial burden of production and the ultimate burden of persuasion to show by a preponderance of the evidence that they received the transfers in good faith.[22]

While the Trustee is entitled to submit evidence rebutting Defendants' good faith defense, if the evidence on good faith is closely balanced, Defendants will lose because they bear the burden of persuasion on the section 548(c) affirmative defense.[23]

---

[17] Order Granting Defs.' Mot. *in Limine* to Exclude the Testimony and Report of Bruce G. Dubinsky ¶ 3, Sept. 19, 2017, ECF No. 417; Mot. Summ. J. Hr'g. Tr. 71:10–14.

[18] *Id.*

[19] *In re Big Apple Volkswagen*, 2016 WL 1069303, at *8 (holding that under 11 U.S.C. § 547(g) "the Trustee bears the burden of proving the avoidability of a transfer" and "[t]hat burden is satisfied by a preponderance of the evidence" (citing *Cassirer v. Herskowitz (In re Schick),* 234 B.R. 337, 342 (Bankr. S.D.N.Y. 1999))); *In re Roblin Indus., Inc.*, 78 F.3d at 34; *In re G. Survivor Corp.*, 217 B.R. at 440.

[20] Note that the value component of 11 U.S.C. § 548(c) is not in dispute. *See* Stipulation & Order, May 9, 2017, ECF No. 361.

[21] *See Picard v. Marshall (In re Bernard L. Madoff Inv. Sec. LLC)*, 740 F.3d 81, 90 n.11 (2d Cir. 2014) ("A recipient of a transfer is entitled to a 'good faith' defense upon a showing that it took the transfer 'for value' and 'in good faith.'"(citing 11 U.S.C. § 548(c))).

[22] Order, *Picard v. Katz*, No. 11 Civ. 3605 (JSR) (S.D.N.Y.), Mar. 14, 2012, ECF No. 177; *see also Hill v. Hill (In re Hill)*, 342 B.R. 183, 197 (Bankr. D.N.J. 2006); *United States v. Orozco-Prada*, 636 F. Supp. 1537, 1541 (S.D.N.Y. 1986), *aff'd*, 847 F.2d 836 (2d Cir. 1988) ("Proof of actual fraudulent intent makes a *prima facie* case and shifts to the [transferee] the burden of establishing his good faith in the transfer."); *Breeden v. L.I. Bridge Fund, LLC (In re Bennett Funding Grp., Inc.)*, 232 B.R. 565, 572–73 (Bankr. S.D.N.Y. 1999) (holding section 548(c) is an affirmative defense, "all elements of which must be proven by the defendant-transferee"); *Wilson v. Carman (In re Blazo Corp.)*, 73 F.3d 361, 1995 WL 764130, at *3 (6th Cir. Dec. 27, 1995) (finding good faith under section 548(c) "is an affirmative defense as to which the burden of proof rests with the defendants"); *Cuthill v. Greenmark, LLC (In re World Vision Entm't, Inc.)*, 275 B.R. 641, 658 (M.D. Fla. 2002) ("Recipients who rely on the [548(c)] defense bear the burden of proving their own good faith.").

[23] *See supra* Section II.B.

### III.    PRIOR RULINGS IN THIS CASE CONFIRM THE TRUSTEE'S POSITION

As early as 2010, decisions in this specific adversary proceeding held that a "transferee bears the burden of establishing its good faith under section 548(c) of the Code as an *affirmative defense* that 'may be raised and proved by the transferee at trial.'"[24]

Similarly, the District Court's rulings in *Picard v. Katz* confirmed this Court's approach to the affirmative defense. In *Katz*—the only other of the Trustee's cases in which "good faith" was an issue to progress past summary judgment—the District Court addressed nearly half a dozen times the same question this Court has raised as to which party has the burden of proof on the issue of "good faith" at trial.

The issue was first raised in the September 27, 2011 ruling on the *Katz* motion to dismiss. In a footnote, the District Court noted that the initial burden of raising a good faith defense is on the defendants, but expressly declined to reach "the question of whether, once the defendants have made a *prima facie* showing of good faith, the burden shifts back to the Trustee to show lack of good faith."[25]

The District Court's next opinion on January 17, 2012, denying the Trustee's interlocutory appeal, characterized its prior ruling in two ways that are relevant to the instant question. First, the District Court made clear that the September 27, 2011 ruling held that the "defendants could therefore establish that they had received the transfers from Madoff Securities in 'good faith' under § 548(c) of the Code by showing that they did not know of, or willfully blind themselves to, Madoff Securities' fraud."[26] Second, the District Court explained that BLMIS Account Opening Documents "will likely be presented as evidence at trial as part of the defendants' affirmative defense under § 548(c) . . . ."[27]

The parties proceeded to summary judgment, briefly touching upon the burden of proof issue.[28] On March 5, 2012, the District Court issued a "bottom line" ruling on those motions, holding that the Trustee could recover defendants' investment of principal "unless defendants could show that those investments were made '<u>in good faith</u>,'" citing explicitly to section 548(c).[29]

---

[24] *Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*, 440 B.R. 243, 256 (Bankr. S.D.N.Y. 2010) (quoting *Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund Ltd.)*, 310 B.R. 500, 508 (Bankr. S.D.N.Y. 2002)) (emphasis added).

[25] *Picard v. Katz*, No. 11 Civ. 3605 (JSR), 2011 WL 4448638, at *7 n.9 (S.D.N.Y. Sept. 27, 2011).

[26] *Katz*, 466 B.R. 208, 209 (S.D.N.Y. Jan. 17, 2012).

[27] *Id.* at 211.

[28] The *Katz* motion for summary judgment and the related briefing also raised the issue. Defs.' Mem. in Supp. of Mot. Summ. J. 16–17, *Katz*, No. 11 Civ. 3605 (JSR), Jan. 26, 2012, ECF No. 86; Trustee's Mem. in Opp'n to Defs.' Mot. Summ. J. 32–34, Feb. 9, 2012, ECF No. 120; Reply Mem. in Supp. of Defs.' Mot. Summ. J. 3, Feb. 16, 2012, ECF No. 134. The Trustee's partial motion for summary judgment did not address this issue.

[29] Order 1, *Katz*, No. 11 Civ. 3605 (JSR), Mar. 5, 2012, ECF No. 142 (citing 11 U.S.C. § 548(c)); *see also* Order, *Katz*, No. 11 Civ. 3605 (JSR), Sept. 28, 2011, ECF No. 41; Opinion and Order, *Katz*, No. 11 Civ. 3605 (JSR), Jan. 17, 2012, ECF No. 78.

08-01789-cgm    Doc 16694    Filed 09/29/17    Entered 09/29/17 14:34:33    Main Document
Pg 6 of 7

Honorable Stuart M. Bernstein
September 29, 2017
Page 6

At a pretrial conference on March 9, 2012, the District Court stated that although the Katz defendants had the burden of proof to show good faith, the Trustee should go first at trial.[30] At that hearing, counsel for the Katz defendants disputed whether good faith was an affirmative defense or was part of the Trustee's affirmative case.[31]

The District Court thereafter conclusively ruled that the ultimate burden of persuasion on the good faith defense under section 548(c) at trial rests with the defendants:

> [W]hether, on the facts of this case, this [willful blindness] issue should be viewed as an issue under 11 U.S.C. § 548(a)(1)(A), in which case the burden of proving willful blindness would be on the plaintiff, or as an issue under 11 U.S.C. § 548(c), in which case the burden of proving the absence of willful blindness would be on the defendants. Having considered the parties' submissions, the Court adheres to its prior determination that this is an issue under § 548(c), and that therefore the burden of proving, by a preponderance of the evidence, that the defendants received the aforementioned transfers in good faith (*i.e.*, in the absence of willful blindness) rests on the defendants.[32]

*Katz* is the only case to have been in the same procedural posture as the *Merkin* case before this Court. In both cases, the Trustee met the heightened pleading standards imposed in this liquidation and overcame summary judgment motions. The District Court's ruling, particularly when combined with longstanding case law on affirmative defenses generally[33] and section 548(c) specifically,[34] conclusively establishes that Defendants bear the burden of proving their good faith in the forthcoming trial.

Defendants will undoubtedly argue that the change to the pleading standards in this liquidation (*i.e.*, requiring the Trustee to plead a transferee's lack of good faith) results in a concomitant change to the proof standards at trial. But, this argument ignores the District

---

[30] Pretrial Conf. Hr'g Tr. 14:12–17, *Katz*, Adv. No. 11 Civ. 3605 (JSR), Mar. 9, 2012, ECF No. 178.

[31] *Id.* at 14:19–15:14.

[32] Order, *Katz*, No. 11 Civ. 3605 (JSR), Mar. 14, 2012, ECF No. 177. Although this order indicates that a fuller opinion will be forthcoming, no opinion was ever issued by Judge Rakoff because the parties settled before trial.

[33] *See Schaffer*, 546 U.S. at 56; *Bristow*, 41 F.3d at 353.

[34] *See In re Bayou Grp., LLC*, No. 09 Civ. 02340 (PGG), 2012 WL 386275, at *1 n.2 (S.D.N.Y. Feb. 6, 2012) ("[T]his case proceeded to trial on the question of whether Defendants had made out their good faith affirmative defense under 11 U.S.C. § 548(c). Defendants had the burden of proof on all issues related to their good faith affirmative defense."); *Nisselson v. Empyrean Inv. Fund, L.P. (In re Marketxt Holdings Corp.)*, 426 B.R. 467, 476 (Bankr. S.D.N.Y. 2010) (evaluating evidentiary record, ultimately determining defendant "did not sustain the defense that it was acting in good faith, within the meaning of § 548(c) of the Bankruptcy Code"); *Schneider v. Barnard*, 508 B.R. 533, 551 (E.D.N.Y. 2014) (affirming bankruptcy court finding that the good faith defense was unavailable to defendant, "[b]ecause [as] Bankruptcy Code § 548(c) is an affirmative defense, the transferee bears the burden of establishing all elements of the good faith defense"); *In re Bennett Funding Grp., Inc.*, 232 B.R. at 572–73 (finding defendant could not avail itself of section 548(c) good faith defense at trial because defendant "has not met its burden of proving that it bought the Warrant in good faith"); *see also Williams v. Fed. Deposit Ins. Corp. (In re Positive Health Mgmt.)*, 769 F.3d 899, 903–04 (5th Cir. 2014) ("To establish its entitlement to the section 548(c) defense, a transferee must prove that it 'provided value in good faith' for the transfer." (quoting *Horton v. O'Cheskey (In re Am. Hous. Found.)*, 544 Fed. Appx. 516, 520 (5th Cir. 2013) (per curiam))).

Honorable Stuart M. Bernstein
September 29, 2017
Page 7

Court's directive on the proof standards at trial as well as decades of precedent holding that section 548(c) is an affirmative defense that a defendant-transferee must prove. In fact, the Trustee has not located a single case where the burden of persuasion as to a transferee's good faith under section 548(c) was placed on a trustee. In any event, as explained by the Supreme Court, "looking for the burden of pleading is not a foolproof guide to the allocation of the burdens of proof. The latter burdens do not invariably follow the pleadings."[35]

Moreover, because the issue presented by the section 548(c) defense is whether Defendants were subjectively aware of facts suggesting a high probability of fraud,[36] it is only appropriate that Defendants bear both the initial burden of production and the ultimate burden of persuasion on their good faith defense. The law routinely ascribes those burdens to the party who has the "peculiar means of knowledge enabling him to prove [a fact's] falsity, if it is false."[37]

## IV.    CONCLUSION

The Trustee has already met his burden of proof on his avoidance claims under section 548(a)(1)(A). Accordingly, the Trustee submits that the only issue for trial is whether the Defendants can prove their affirmative good faith defense in order to retain the transfers, consistent with the burdens of proof and persuasion set forth above.

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan

---

[35] *Alaska Dep't of Envt'l Conservation v. Envt'l Prot. Agency*, 540 U.S. 461, 494 n.17 (2004) (citing 2 J. Strong, *McCormick on Evidence* § 337, 411–412 (5th ed. 1999)).

[36] *Picard v. Katz*, 462 B.R. 447, 456 (S.D.N.Y. Sept. 27, 2011); *Picard v. Merkin (In re Bernard L. Madoff)*, 563 B.R. 737, 755–56 (Bankr. S.D.N.Y. Jan. 30, 2017).

[37] *Old Ben Coal Corp. v. Interior Bd. of Mine Operations Appeals*, 523 F.2d 25, 36 (7th Cir. 1975) (holding allocation of the burden of proof is primarily a matter of policy based on experience; the burden may be placed on the party who has peculiar means of knowledge enabling him to prove or disprove the fact); *see also Alaska Dep't of Envt'l Conservation*, 540 U.S. at 494 n.17; 9 J. Wigmore, EVIDENCE § 2486, 290–91 (1981); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 559 F. Supp. 2d 424, 434 (S.D.N.Y. 2008) (reiterating rule that defendants have burden of persuasion with respect to affirmative defenses, particularly where they have superior access to evidence showing knowledge and state of mind).