# Dechert
LLP

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

ANDREW J. LEVANDER

andrew.levander@dechert.com
+1 212 698 3683 Direct
+1 212 698 3843 Fax

September 29, 2017

**VIA ECF**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. 08-01789 (SMB)
*Picard v. Merkin*, Adv. Proc. No. 09-01182 (SMB)

Dear Judge Bernstein:

We represent Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC") (collectively, "Merkin Defendants") in the above referenced matters, and Norton Rose Fulbright represents Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P. ("Ascot Partners"), and Ascot Fund Limited ("Ascot Fund" and with Ascot Partners, "Ascot" and collectively with the Merkin Defendants, "Defendants"). We respectfully submit this letter brief, in accordance with the Court's instruction at the August 9th argument, to explain why the Trustee bears the ultimate burden at trial of proving that the Defendants were willfully blind to the Madoff fraud. Transcript of Oral Argument at 76:7-8, *Picard v. Merkin*, Adv. Proc. No. 09-1182 (SMB) (Bankr. S.D.N.Y. Aug. 9, 2017).

As we explained on August 9th, the Trustee bears the initial burden of presenting a prima facie case under 11 U.S.C. § 548(a)(1)(A) that in the two years prior to the bankruptcy petition the debtor made a transfer with the intent to "hinder, delay, or defraud" creditors. Transcript of Oral Argument, *supra*, at 72:22-74:7. Once that burden is satisfied, Defendants must present a prima facie case to support their affirmative defense of good faith under 11 U.S.C. § 548(c). If the Defendants make a prima facie showing of good faith, the burden of proof shifts back to the Trustee to rebut that defense. Thus, in this case, the Trustee bears the ultimate burden of proving that Defendants were willfully blind to the Madoff fraud.

Dechert
LLP

The Honorable Stuart M. Bernstein
September 29, 2017
Page 2

This three-pronged approach of requiring the Trustee to make its prima facie case, followed by requiring the Defendants to make a prima facie showing of their affirmative defense of good faith, and then placing the ultimate burden on the Trustee to prove Defendants' alleged willful blindness is compelled by numerous decisions in the Madoff cases as well as by Second Circuit precedent concerning proof of similar affirmative defenses outside of the bankruptcy context.

In determining who bears the ultimate burden of proof at trial, "[a]ll else again being equal, courts should avoid requiring a party to shoulder the more difficult task of proving a negative." *Nat'l Commc'ns Ass'n Inc. v. AT & T Corp.*, 238 F.3d 124, 131 (2d Cir. 2001). That is, it is more appropriate for the Trustee to bear the ultimate burden of proving willful blindness than to require Defendants to prove its absence.[1] Moreover, the Court should also consider the policies underlying the statute at issue. *See id.* Section 548(c) provides transferees with a defense to a trustee's showing of a fraudulent transfer, which would otherwise allow the trustee to claw back transferred property on a showing that the debtor made the transfer with the intent to defraud its creditors regardless of the intent or lack thereof of the transferee. Placing the burden of proving the absence of willful blindness on defendants who make a prima facie showing of good faith would significantly reduce the benefit the statute was intended to confer.

Thus, in *Picard v. Avellino*, Judge Rakoff withdrew the reference to the bankruptcy court for the purpose of determining, *inter alia*, "whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in 'good faith' under 11 U.S.C. § 548(c)." 469 B.R. 408, 414 (S.D.N.Y. 2012). Judge Rakoff noted that the Court had previously held that "to establish a lack of 'good faith' on the part of securities customers under § 548(c) in the context of a SIPA bankruptcy, *the trustee must show* that the customer either actually knew of the broker's fraud or 'willfully blinded' himself to it." *Id.* at 412 (emphasis added). Similarly, in *Cohmad*, Judge Rakoff expressly held that "the burden is on the Trustee to *prove* that a

---

[1] Alleged "information asymmetry, while a factor, is rarely a controlling factor when assigning burdens." *Nat'l Commc'ns Ass'n*, 238 F.3d at 132. In any event, the Trustee has had ample access to information to attempt to prove his claim that Defendants were willfully blind to Madoff's fraud: The parties have produced more than 15 million pages of discovery and taken 42 depositions.

**Dechert**
LLP

The Honorable Stuart M. Bernstein
September 29, 2017
Page 3

transferee does not meet what the language and purpose of Section 546(e) require." *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 12 MC 115 (JSR), 2013 WL 1609154, at *5 (S.D.N.Y. April 15, 2013) (emphasis added). In other words, "the Trustee must show, at a minimum, that the transferee had actual knowledge that there were no actual securities transactions being conducted." *Id.*

More recently, in the Trustee's action against Kingate, this Court held that "the Trustee can still recover intentional fraudulent transfers pursuant to Bankruptcy Code § 548(a)(1)(A) under Count II if he pleads *and proves* that the Kingate Funds willfully blinded themselves to the fact that BLMIS was not engaged in the actual trading of securities." *Picard v. Ceretti (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 08-99000 (SMB), 2015 WL 4734749, at *12 (Bankr. S.D.N.Y 2015) (citing *Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 516 B.R. 18 (S.D.N.Y. 2014) (the "Good Faith Decision")) (emphasis added); *see also Picard v. Shapiro (In re Bernard L. Madoff Inv. Secs. LLC)*, 542 B.R. 100, 112 (Bankr. S.D.N.Y. 2015) (same).

Against these well-reasoned decisions, the Trustee will point to an earlier decision by Judge Rakoff in *Picard v. Katz*, No. 11 Civ. 3605 at 1 (JSR) [ECF 177] (Bankr. S.D.N.Y. Mar. 14, 2012), as support for his contention that Defendants bear the burden of proving a negative, that they were not willfully blind. There, Judge Rakoff held that because the issue was to be decided under Section 548(c), the "burden of proving, by a preponderance of the evidence, that the defendants received the aforementioned transfers in good faith (i.e. in the absence of willful blindness) rests on the defendants." *Id.* at 1-2. But that decision was issued two years before Judge Rakoff's Good Faith Decision establishing the willful blindness standard and the decisions of this Court applying the Good Faith Decision. *See Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, No. 12-MC-115, 2014 WL 1651952 (S.D.N.Y. Apr. 27, 2014). By contrast, we are not aware of any case since the Good Faith Decision holding that the burden of proving the absence of willful blindness rests on defendants. Accordingly, the Good Faith Decision and subsequent holdings should control here. *Gross v. Bare Escentuals Beauty, Inc.*, 641 F. Supp. 2d 175, 187 n.6 (S.D.N.Y. 2008) ("[W]here there has been conflicting case law regarding a point of law, the Second Circuit has adopted the most recent case law.") (citing *Playtex Prods. Inc. v. Georgia–Pac. Corp.*, 390 F.3d 158, 161 (2d Cir. 2004)); *Robles v. Folsom*, 239 F.2d 562, 568 (2d Cir. 1956).

**Dechert**
LLP

The Honorable Stuart M. Bernstein
September 29, 2017
Page 4

Indeed, the Second Circuit has consistently held that, where an affirmative defense would require the defendant to "prove broad negatives" against accusations of misconduct, the ultimate burden of proof was on the plaintiff to prove its accusations. In *Capitol Records, LLC v. Vimeo, LLC*, 826 F.3d 78 (2d Cir. 2016), *cert denied*, 137 S. Ct. 1374 (2017), the Second Circuit analyzed a safe harbor provision under Section 512 of the Digital Millennium Copyright Act similar to the good faith defense at issue here. The *Capitol Records* court considered the policies underlying the safe harbor provision, the parties' access to information, and the unreasonableness of requiring the service provider to "prove broad negatives" and explained that:

> A service provider's entitlement to the safe harbor is properly seen as an affirmative defense, and therefore must be raised by the defendant. The defendant undoubtedly bears the burden of raising entitlement to the safe harbor and of demonstrating that it has the status of service provider, as defined, and has taken the steps necessary for eligibility. On the other hand, on the question whether the service provider should be disqualified based on the copyright owner's accusations of misconduct—i.e., by reason of the service provider's failure to act as the statute requires after receiving the copyright owner's notification or otherwise acquiring actual or red flag knowledge—the burden of proof more appropriately shifts to the plaintiff.

*Id.* at 94.

Similarly, the Second Circuit in *US Airways, Inc. v. Sabre Holdings Corp.*, 105 F. Supp. 3d 265, 280 (S.D.N.Y. 2015), *reconsideration denied*, No. 11 CIV. 2725 LGS, 2015 WL 997699 (S.D.N.Y. Mar. 5, 2015), recently held that a three-pronged approach to the burden of proof applied to certain affirmative defenses under the Sherman Act. Plaintiffs claiming unreasonable restraints on trade first must satisfy their initial burden under the rule of reason of demonstrating that the defendants' challenged behavior had an actual adverse effect on competition as a whole in the relevant market; then the burden shifts to the defendants to offer evidence of the pro-competitive effects of their agreement; and if defendants provide such evidence, the burden shifts back to the plaintiffs to prove that any legitimate competitive benefits offered by defendants could have been achieved through less restrictive means. *Id.* (quoting *Geneva Pharms. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 506–07 (2d Cir. 2004) (granting in part and denying in part defendant's motion for summary judgment on plaintiff's antitrust claims). An analogous



The Honorable Stuart M. Bernstein
September 29, 2017
Page 5

burden-shifting framework is also used in the employment context, where the plaintiff bears the initial burden of making a *prima facie* case of discrimination; the burden then shifts to the employer to rebut this presumption by articulating a legitimate, nondiscriminatory reason for its action; and if successful, the burden shits back to the plaintiff, who bears the ultimate burden of proving prohibited discrimination. *See, e.g., Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

In this case, Defendants have stipulated that the Trustee has made a prima facie case under 11 U.S.C. § 548(a)(1)(A). At trial, Defendants will present their good faith defense under 11 U.S.C. § 548(c). Once Defendants make a prima facie showing of good faith under 11 U.S.C. § 548(c) – which prima facie showing the Trustee cannot seriously dispute – the burden of proof will shift to the Trustee, who bears the ultimate burden of proving that Defendants were willfully blind to the Madoff fraud.

Respectfully submitted,

Andrew J. Levander

AJL