BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com

Presentment Date: October 10, 2017
Time: 12:00 p.m.

Objections Due: October 10, 2017
Time: 11:00 a.m.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**THE TRUSTEE'S APPLICATION FOR AN ORDER APPROVING THE
RETENTION OF ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER &
SAUBER LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 22, 2017**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the estate of Bernard L. Madoff (together with BLMIS, the "Debtor"), by and through his undersigned counsel, hereby submits this Application for authority to retain Robbins, Russell, Englert, Orseck, Untereiner & Sauber

LLP ("Robbins Russell") as special counsel, *nunc pro tunc* to September 22, 2017, and respectfully represents as follows:

### Jurisdiction

1.  This Court has jurisdiction over this Application under SIPA section 78eee(b) and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA, sections 327(e), 328, 329 and 330 of the Bankruptcy Code, and Fed. R. Bankr. P. 2014.

### Background

3.  On December 11, 2008, the Securities and Exchange Commission filed a complaint in the United States District Court for the Southern District of New York against Bernard L. Madoff and BLMIS, alleging that Madoff and BLMIS engaged in fraud through the investment advisory activities of BLMIS. *See United States v. Madoff*, No. 08 CV 10791 (S.D.N.Y. 2008).

4.  On December 15, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order pursuant to SIPA, which in pertinent part:

    a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

    b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

5.  In connection with his statutory duties, the Trustee commenced adversary proceedings to avoid and recover customer property under provisions of SIPA and the

Bankruptcy Code. Defendants in certain proceedings moved to dismiss the Trustee's claims under 11 U.S.C. § 550 based on the presumption against extraterritoriality. The United States District Court for the Southern District of New York withdrew the bankruptcy reference pursuant to 28 U.S.C. § 157(d) to "determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee . . . to recover from initial, immediate o mediate foreign transferees." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-115 (JSR) (S.D.N.Y. June 7, 2012), ECF No. 167. In August 2014, the District Court held that the Trustee's claims to recover subsequent transfers involved an impermissible extraterritorial application of the Bankruptcy Code. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 513 B.R. 222, 231 (S.D.N.Y. 2014). It held in the alternative that the principles of international comity barred the Trustee's claims in those instances where the initial transferee is the subject of foreign bankruptcy proceedings. *Id.* at 231–32. The District Court returned the withdrawn proceedings to the Bankruptcy Court for further proceedings consistent with its decision. *Id.* at 232–33.

6.      The defendants renewed their request for dismissal in the Bankruptcy Court. Following briefing and oral argument, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers on November 22, 2016. *See In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016). Following the District Court's mandate, the Bankruptcy Court dismissed claims as barred by the presumption against extraterritoriality or the doctrine of international comity. *See generally id.* The Trustee subsequently filed notices of appeal in affected adversary proceedings and petitions for direct appeal to the United States Court of Appeals for the Second

3

Circuit under 28 U.S.C. § 158(d)(2)(A). On September 27, 2017, the Second Circuit issued an order granting the petition.

7.  The Trustee's appeal on extraterritoriality and international comity implicates hundreds of parties, dozens of individual proceedings, and approximately $4 billion worth of claims seeking the return of customer property. Litigating the appeal to a successful conclusion requires expertise in both bankruptcy law and appellate practice. As such, the Trustee has determined that it is in the best interest of the estate to retain Robbins Russell, specifically Mr. Roy T. Englert, Jr. of Robbins Russell, to assist Baker & Hostetler with the appeal.

## Relief Requested

8.  Retention of Robbins Russell will assist the Trustee with briefing the appeal in the Second Circuit and any subsequent proceedings before the United States Supreme Court. The assistance of Robbins Russell and Mr. Englert are necessary and essential to enable the Trustee to execute faithfully his duties in connection with prosecuting the appeal. Mr. Englert is an experienced Supreme Court practitioner with appellate experience in bankruptcy, extraterritoriality, and international comity matters. The Trustee, therefore, proposes to retain and employ Robbins Russell as its special counsel with regard to the appeal, effective *nunc pro tunc* to September 22, 2017.

9.  The Trustee submits that the retention of Robbins Russell is permissible under section 78eee(b)(3) of SIPA and is in the best interest of the Debtor's estate, customers, and creditors. To the best of the Trustee's knowledge, and except as disclosed in Mr. Englert's declaration of disinterestedness annexed hereto as Exhibit A, the partners of Robbins Russell are disinterested pursuant to section 78eee(b)(3) of SIPA and do not hold or represent any interest adverse to the Debtor's estate with respect to the appeal.

10.     Robbins Russell is willing to act on the Trustee's behalf to render the foregoing professional services and will be compensated at agreed upon rates, listed below, which reflect a reduction of its normal rates by ten percent (10%). Applications for compensation to Robbins Russell will be filed with this Court pursuant to applicable statutes, rules, and orders of this Court. Robbins Russell's rate information is as follows:

| Attorney | Standard Rates | Discounted Rates |
|---|---|---|
| Roy T. Englert, Jr. | $1,100.00 | $990.00 |
| Associates | $565.00 – $720.00 | $535.50 – $648.00 |
| Paralegals | $270.00 | $243.00 |

The Trustee will coordinate efforts between Robbins Russell and Baker & Hostetler so that there will be no duplication of efforts.

11.     SIPC has no objection to this Application and, pursuant to SIPA section 78eee(b)(3), SIPC specifies that the Trustee should be authorized to retain Robbins Russell as special counsel for the appeal.

### Notice

12.     Notice of this Application will be provided by U.S. Mail or email to (i) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the IRS; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order substantially in the form of Exhibit B hereto, (a) granting this Application; (b) authorizing the Trustee to employ Robbins Russell as special counsel for the purposes described herein as of

5

September 22, 2017; and (c) granting the Trustee such other and further relief as is just and proper.

Dated: October 2, 2017
      New York, New York

Respectfully submitted,

/s/ David J. Sheehan
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*