# EXHIBIT A

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**DECLARATION OF DISINTERESTEDNESS OF ROY T. ENGLERT, JR.
OF ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP
AS PROPOSED SPECIAL COUNSEL TO THE TRUSTEE**

I, Roy T. Englert, Jr. declare as follows:

1. I am an attorney licensed in the District of Columbia.

2. I am a partner of the law firm Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell").

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard (the "Trustee"), was appointed as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff (together, the "Debtor"). The Trustee has retained Baker & Hostetler LLP as his primary counsel. The Trustee wishes to retain Robbins Russell to serve as special counsel to assist the Trustee with an appeal pending in the Second Circuit and any subsequent proceedings before the Supreme Court.

5. Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness" and provides as follows:

   **(6) Disinterestedness**

   (A) Standards

For the purposes of paragraph (3), a person shall not be deemed disinterested if:

(i) such person is or was a creditor (including a customer), stockholder, or partner of the debtor;

(ii) such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;

(iii) such person is, or was within two years prior to the filing date, a director partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or

(iv) it appears that such person has by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

(B) Hearing

The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and record of the debtor, appears to have been a customer of the debtor with an open account within the past twelve months, to the address of such person as it appears from the books and records of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion, also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application, the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

15 U.S.C. section 78eee(b)(6)

6. In order to determine that Robbins Russell is disinterested within the meaning of SIPA section 78eee(b)(6), I used the firm's conflicts check procedures and practices to determine that, to the best of my knowledge, Robbins Russell meets the "disinterestedness" requirements set forth in SIPA section 78eee(b)(6).

7. In response to the firm's conflicts check procedures and practices, no association with the Debtor was disclosed and no conflict was disclosed except that Robbins Russell represents two subsidiaries of Bank of America Corporation – Countrywide Home Loans, Inc. and Countrywide Financial Corporation (together, "Countrywide") – in a wholly unrelated case pending in the Supreme Court of the State of New York, County

of New York. Robbins Russell has obtained consent from Bank of America Corporation (on behalf of and as the parent corporation to Countrywide) and the Trustee to represent the Trustee in the above-captioned proceeding, even though the Trustee is adverse to two other Bank of America Corporation subsidiaries in those proceedings. The adverse Bank of America subsidiaries are Merrill Lynch Bank Suisse and Merrill Lynch International.

8. In light of the nature of the proposed engagement with the Trustee, the conflict waivers from Bank of America Corporation and the Trustee, and the fact that the case pending in the Supreme Court of the State of New York on behalf of Countrywide is unrelated to the BLMIS liquidation, I believe Robbins Russell has no materially adverse interest in the Debtor or to any class of creditors (including customers) of the Debtor.

9. Based on this enquiry, and that belief, it would appear that Robbins Russell meets the disinterestedness standard of SIPA section 78eee(b)(6)(A), as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine:

    (A) No attorney or non-attorney employee of Robbins Russell is a creditor (including customer), stockholder, or partner of the Debtor;

    (B) No attorney or non-attorney employee of Robbins Russell is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

    (C) No attorney or non-attorney employee of Robbins Russell is or was within two years prior to the filing date, a director, partner officer or employee of the Debtor or such an underwriter or any attorney for the Debtor or such an underwriter; and

    (D) It appears that no attorney or non-attorney employee of Robbins Russell has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interest of any class of creditors (including customers) or stockholders.

11. I understand that the Trustee and SIPC are continuing to research and analyze the books and records of the Debtor on an ongoing basis. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that Robbins Russell has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of SIPA section 78eee(b)(6), and I will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct and if called on as a witness I could testify competently thereto.

Executed on the 29th day of September 2017.

_____
Roy T. Englert, Jr.