

LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS

ROBERT R. MILLER
MARY GRACE WHITE

OF COUNSEL
ROBERT J. MOSES
LISA A. CATALANO

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

October 2, 2017

**<u>VIA ECF</u>**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nysb.uscourtsgov

> Re:    ***Securities Investor Protection Corporation v. Bernard L. Madoff Investment
> Securities LLC,*** **Adv. Pro. No. 08-01789 (SMB)**
> ***Picard v. Shapiro, et al.,*** **Adv. Pro. No. 10-05383 (SMB)**

Dear Judge Bernstein:

This firm represents Defendants in the above-captioned matter.  We write in response to the Trustee's September 25 letter seeking to submit new issues to the Rule 7007 conference scheduled for October 5.

Defendants filed their Rule 7007 request on July 14.  The Trustee joined Defendants' request on August 17.  Both parties submitted to the Court the issue of the Trustee's third-party subpoenas to JP Morgan Chase, Wells Fargo and Bank of America, which the Trustee represents were issued to discover "the initial transfers underlying the Trustee's net-equity calculations for the relevant accounts in this proceeding." ECF 78, 1.  Both parties acknowledged that stipulations to the initial transfers would moot the subpoenas and resolve the issue before the Court.  Neither party submitted other discovery issues prior to the Trustee's September 25 letter.

We do not believe that the Trustee's September 25 letter is procedurally sufficient or timely, particularly to the extent that it seeks a hearing on requests for production or admission to Leslie Citron, Kenneth Citron or David Shapiro, the subpoenas for whose records were mooted by the Trustee's August 17 letter.  The Trustee suggests that he raised RFAs and RFPs to Defendants in his August 17 letter by writing "Defendants' objections to the subpoenas implicate certain of the same issues raised by their" discovery responses, but Exhibit 1 to the Trustee's September 25 letter, setting forth the requests to Stanley Shapiro "to which the Trustee still seeks



responses," are far broader than initial transfers and should not be argued at the October 5 hearing.[1]  ECF 79, 1-2.

The Trustee's RFAs to Mr. Shapiro, at Exhibits 2 and 3,[2] uniformly seek admissions about Mr. Shapiro's children, ostensibly, like the subpoenas, to confirm "the initial transfers underlying the Trustee's net-equity calculations":

> The Trustee submits that Stanley Shapiro must either admit or deny all of the RFAs that remain in dispute. *See, e.g.*, Exhibit 2, Request No. 42 ("Admit that in April 2003, you arranged for BLMIS to wire the sum of $1,250,000 into a bank account held either solely or jointly in Leslie S. Citron's name from the Portfolio Account [1SH030].") Mr. Shapiro cannot refuse to respond to this and many other requests on the purported basis that the Court has dismissed certain claims as to some but not all Defendants. Mr. Shapiro remains a party to the Trustee's claims to avoid and recover initial transfers from numerous BLMIS Accounts, including No. 1SH030. *See Order*, ECF No. 63, ¶ 5(b&c) and *Memorandum Decision*, ECF No. 59 at pp. 21–22. Indeed, the Court indicated at the February conference that the Trustee is entitled to this type of discovery. *See* Transcript at pp. 49:8–14; 52:11–17; 56:25–57:14; 61:5–8.

ECF 79, 2.

Not one of the "RFAs that remain in dispute" is relevant to any extant claim against Mr. Shapiro.  The Trustee's example, Request No. 42, concerns what the Trustee describes as the "Portfolio Account," or 1SH030, the Leslie Shapiro 1985 Trust account.  The Defendants who "remain[] a party as to" 1SH030 are the Leslie Shapiro 1985 Trust, as initial transferee, and Stanley Shapiro, as Trustee.  Request No. 42 seeks an admission regarding Leslie Citron, who is neither of these Defendants, in 2003, which is outside the two year time period of any remaining claim against Leslie Citron, receiving a purported subsequent transfer, a claim this Court dismissed as to all Defendants in 2015 and about which the Trustee "agreed to hold" discovery in "abeyance."  ECF 79, 2.

The Trustee's August 17 and September 25 letters quote the Court for the proposition that "the Trustee is entitled to seek discovery to confirm the receipt of initial transfers made by BLMIS…"  This is half-true:

---

[1] Mr. Shapiro has responded to each of the remaining document requests set forth by Exhibit 1.  While certain requests continue be objectionable on grounds of relevance, breadth or vagueness, Mr. Shapiro has agreed to produce documents responsive to many others to the extent they exist and have not already been produced.  On that score, the Trustee's assertion that "Defendants have yet to produce any documents **in this proceeding**" is meaningless.  ECF No. 79 at 2 (emphasis added).  Defendants' prior counsel, Akin Gump & Strauss, produced almost eight thousand pages of documents, many responsive to the Trustee's requests in this proceeding.  The Trustee has agreed that re-production of these documents is unnecessary.

[2] Mr. Shapiro has renewed his objections to the RFAs restated in Exhibits 2 and 3 to the Trustee's September 25 letter, none of which seek facts relevant to claims or defenses in this case and all of which are, regardless, resolved by Mr. Shapiro's proposed stipulation.



| | |
|---|---|
| THE COURT: | So if you look at Number 66, first response, admit that between March 1st, 2003, and December 11th, 2008, a total of $4 million, whatever, was withdrawn from this flood [sic] strike account.  My first question is, isn't this the account that's no longer part of the case? |
| MR. ROLLINSON: | It is, but only subject to the two-year liability and -- |
| THE COURT: | Okay. |
| MR. ROLLINSON: | -- it's to your point, Your Honor, we need (indiscernible) -- |
| THE COURT: | Okay, okay.  And that's admitted.  And then, the next question is, had Leslie Citron received it?  What difference does it make whether she received it, if the money is withdrawn, and they admit it?  This was her account, right? |
| MR. ROLLINSON: | That's correct. |

***

| | |
|---|---|
| THE COURT: | So she admits, and you know, she's got a very limited exposure left in this case.  If she admits that all of the withdrawals within the two years, the Split Strike account were fictitious profits, and I guess she received it, to the extent that's an issue, do you need anything more from her, on her liability? |
| MR. ROLLINSON: | On her liability, no, Your Honor.  And that was part of our back and forth for the stipulation. |

(February 7, 2017 Hearing Transcript, attached hereto at Exhibit A, at 57:19-58:9; 59:8-16).  In fact, it was not only "part of our back and forth for the stipulation," from the beginning of which Defendants agreed to stipulate to the facts relevant to net equity, but has already been admitted by Defendants in response to the Trustee's Requests for Admission:

| | |
|---|---|
| MR. MILLER: | Well, I think that this is, particularly I've just checked, I've cross referenced the same request to Stanley Shapiro, admit that between January 1st, 1990 to December 11, |



|  |  |
|---|---|
|  | 2008, a total of $3,037,500 was withdrawn from the portfolio account, which Stanley Shapiro has admitted.  And so – |
| THE COURT: | So what are you (indiscernible) in this Court?  If he's admitted it and he's the defendant on that, really the target defendant on that charge. |
| MR. ROLLINSON: | I would agree with that, Your Honor.  I mean, I didn't cross reference every one of these -- |

(Ex. A at 55:7-17).  Following the hearing, the Trustee's counsel told us that he would check the cross-references and send them to us.  We do not believe this was ever done, nor do the most recent draft stipulations to Leslie Citron, Ken Citron and David Shapiro suggest that the Trustee has ascertained which facts are already admitted by one or more Defendants.

Defendants have been trying to stipulate to the initial transfers, including the amounts of deposits and withdrawals underlying the net equity calculation, for more than a year.  The parties have previously failed to reach agreement because the Trustee, attempting to circumvent the Court's dismissal of the subsequent transfer claims, has clung to the same argument that a trust is not a legal entity that it ventured to the Court, without success, during the January 5, 2016 conference on the order on the motion to dismiss.  At the same time, Mr. Shapiro has admitted withdrawals or deposits in response to every request he received seeking admission of withdrawals or deposits, but the Trustee, for reasons unknown to us, chose to limit these requests to certain accounts.

Mr. Shapiro will stipulate to the total cash deposits and cash withdrawals stated for the following accounts in Exhibit B to the Second Amended Complaint: 1SH014; 1SH172; 1SH027; 1SH028; 1SH029; 1SH030.  As the Court observed, these facts, combined with the ownership of the accounts, are sufficient to establish net equity.  In order to lay this issue to rest, however, Mr. Shapiro will also stipulate (1) as manager, that S&R Investment Company received all initial transfers within the relevant time period and (2) as trustee, that the David Trust (1SH027, 1SH028) and Leslie Trust (1SH029, 1SH030) received all initial transfers within the relevant time period.

We have proposed this stipulation to the Trustee.  *See* October 1 Letter to Torello Calvani, attached hereto at Exhibit B.[3]  If confirming the net equity calculation is the purpose of the Trustee's subpoenas, as well as much of his discovery to Defendants, and not a pretext to end-run the Court's ruling on the subsequent transfer claims, he will execute the stipulation and the October 5 conference will be unnecessary.[4]

---

[3] Because the issue of discovery requests to Defendants is not before the Court, we have omitted Exhibit 1 to our letter responding to the Trustee's requests.
[4] While there is no evidence of "Stanley Shapiro's efforts to withdraw funds from BLMIS in advance of its inevitable collapse," and the Trustee is aware that Mr. Shapiro continued to deposit money into various BLMIS accounts up to "its inevitable collapse," the Trustee is already in possession of a complete record of withdrawals.



Otherwise, the stipulation, together with the admissions of Leslie Citron, David Shapiro and Mr. Shapiro, obviates the Trustee's stated basis for seeking Defendants' personal financial records and his subpoenas to JP Morgan Chase, Bank of America and Wells Fargo should be quashed.

Regards,

***/s/ Barry R. Lax***
Barry R. Lax, Esq.