# EXHIBIT B



LAX & NEVILLE LLP
BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS

ROBERT R. MILLER
MARY GRACE WHITE

OF COUNSEL
ROBERT J. MOSES
LISA A. CATALANO

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

October 1, 2017

**VIA EMAIL**

Torello H. Calvani
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
127 Public Square, Suite 2000
Cleveland, OH  44114-1214

    Re:    *Picard v. Shapiro, et al.*, Adv. Pro. Nos. 10-05383 (SMB)

Dear Torello:

    We write in response to the Trustee's September 25 letter to the Court regarding the Rule 7007 conference scheduled for October 5.  Defendants filed their Rule 7007 request on July 14.  The Trustee joined Defendants' request on August 17.  Both parties submitted to the Court the issue of the Trustee's third-party subpoenas to JP Morgan Chase, Wells Fargo and Bank of America, which the Trustee represents were issued to confirm "the initial transfers underlying the Trustee's net-equity calculations for the relevant accounts in this proceeding."  Both parties acknowledged that stipulations to the initial transfers would moot the subpoenas and resolve the issue before the Court. Neither party submitted other discovery issues prior to the Trustee's September 25 letter.

    We do not believe that the Trustee's September 25 letter is procedurally sufficient or timely, particularly to the extent that it seeks a hearing on requests for production or admission to Leslie Citron, Kenneth Citron or David Shapiro, the subpoenas for whose records were mooted by the Trustee's August 17 letter.  The Trustee suggests that he raised RFAs and RFPs to Defendants in his August 17 letter by writing "Defendants' objections to the subpoenas implicate certain of the same issues raised by their" discovery responses, but Exhibits 1-3, setting forth the requests to Stanley Shapiro "to which the Trustee still seeks responses," are far broader than initial transfers and should not be argued at the October 5 hearing.  As for those requests that, like the Trustee's subpoenas, ostensibly seek to confirm "the initial transfers underlying the Trustee's net-equity calculations," we note again that the Trustee has not asked Mr. Shapiro to simply admit to all initial transfers.

    Among other mischaracterizations of the parties' last Rule 7007 conference, the Trustee's August 17 letter quotes the Court for the proposition that "the Trustee is entitled to seek discovery to confirm the receipt of initial transfers made by BLMIS…"  This is half-true:

LAX NEVILLE
ATTORNEYS AT LAW

| | |
|---|---|
| THE COURT: | So if you look at Number 66, first response, admit that between March 1st, 2003, and December 11th, 2008, a total of $4 million, whatever, was withdrawn from this flood [sic] strike account. My first question is, isn't this the account that's no longer part of the case? |
| MR. ROLLINSON: | It is, but only subject to the two-year liability and -- |
| THE COURT: | Okay. |
| MR. ROLLINSON: | -- it's to your point, Your Honor, we need (indiscernible) -- |
| THE COURT: | Okay, okay. And that's admitted. And then, the next question is, had Leslie Citron received it? What difference does it make whether she received it, if the money is withdrawn, and they admit it? This was her account, right? |
| MR. ROLLINSON: | That's correct. |

*\*\*\**

| | |
|---|---|
| THE COURT: | So she admits, and you know, she's got a very limited exposure left in this case. If she admits that all of the withdrawals within the two years, the Split Strike account were fictitious profits, and I guess she received it, to the extent that's an issue, do you need anything more from her, on her liability? |
| MR. ROLLINSON: | On her liability, no, Your Honor. And that was part of our back and forth for the stipulation. |

(Tr. at 57:19-58:9; 59:8-16). In fact, it was not only "part of our back and forth for the stipulation," from the beginning of which Defendants agreed to stipulate to the facts relevant to net equity, but has already been admitted by Defendants in response to the Trustee's Requests for Admission:

| | |
|---|---|
| MR. MILLER: | Well, I think that this is, particularly I've just checked, I've cross referenced the same request to Stanley Shapiro, admit that between January 1st, 1990 to December 11, 2008, a total of $3,037,500 was withdrawn |



|||
|---|---|
| | from the portfolio account, which Stanley Shapiro has admitted. And so – |
| THE COURT: | So what are you (indiscernible) in this Court? If he's admitted it and he's the defendant on that, really the target defendant on that charge. |
| MR. ROLLINSON: | I would agree with that, Your Honor. I mean, I didn't cross reference every one of these -- |

(Tr. at 55:7-17). Following the hearing, Jamie told us that he would cross-reference the requests and send us the results. We do not believe this was ever done, nor do the most recent draft stipulations to Leslie Citron, Ken Citron and David Shapiro suggest that the Trustee has ascertained which facts are already admitted by one or more Defendants.

Mr. Shapiro has admitted withdrawals or deposits in response to every request he received seeking admission of withdrawals or deposits, but the Trustee, for reasons unknown to us, chose to limit these requests to certain accounts. Mr. Shapiro will stipulate to the total cash deposits and cash withdrawals stated for the following accounts in Exhibit B to the Second Amended Complaint: 1SH014; 1SH172; 1SH027; 1SH028; 1SH029; 1SH030. As the Court observed, these facts, combined with the ownership of the accounts, are sufficient to establish net equity. In order to lay this issue to rest, however, Mr. Shapiro will also stipulate (1) as manager, that S&R Investment Company received all initial transfers within the relevant time period and (2) as trustee, that the David Trust (1SH027, 1SH028) and Leslie Trust (1SH029, 1SH030) received all initial transfers within the relevant time period.

The parties have previously failed to reach agreement on the stipulations because the Trustee, attempting to circumvent the Court's dismissal of the subsequent transfer claims, persisted in the argument that a trust is not a legal entity, which the Court rejected a year and a half ago. We believe, however, that this stipulation, together with the admissions of Leslie Citron, David Shapiro and Mr. Shapiro, obviates the Trustee's stated basis for seeking Mr. Shapiro's personal financial records.[1] The stipulation should be limited to these facts and the Trustee's agreement to (a) immediately withdraw his subpoenas to JP Morgan Chase, Bank of America and Wells Fargo and (b) not seek documents or other discovery from any bank or other financial institution at which Mr. Shapiro has held or currently holds an account.

As to the RFAs and RFPs to Mr. Shapiro, they cannot be shoehorned into the original 7007 request on the ground that the subpoenas' problems of overbreadth and irrelevance are shared by certain RFAs and RFPs. We intend to object to your request in the event that it is not withdrawn, but we have specifically addressed each of your remaining requests to Mr. Shapiro in Exhibit 1 (RFPs) to this letter. We have stated new responses to certain RFPs and suggested alternatives to others. We renew our objections to the RFAs restated in Exhibits 2 and 3 to the Trustee's

---

[1] While there is no evidence of "Stanley Shapiro's efforts to withdraw funds from BLMIS in advance of its inevitable collapse," and the Trustee is aware that Mr. Shapiro continued to deposit money into various BLMIS accounts up to "its inevitable collapse," the Trustee is already in possession of a complete record of withdrawals from each of the BLMIS accounts.



September 25 letter, none of which seek facts relevant to claims or defenses in this case and all of which are, regardless, resolved by the stipulation.

In the interest of resolving this issue in advance of the October 5 conference, which should no longer be necessary, please send us the draft stipulation as soon as possible.

Regards,

*/s/ Barry R. Lax*
Barry R. Lax, Esq.