**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br><br>　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OREADES SICAV represented by its Liquidator INTER INVESTISSEMENTS S.A., and INTER INVESTISSEMENTS S.A. (f/k/a INTER CONSEIL S.A.),<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 10-05120 (SMB) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO THE**
**TRUSTEE'S MOTION FOR DISCOVERY ON THE GOOD FAITH ISSUE**
**BY DISMISSED DEFENDANT INTER INVESTISSEMENTS S.A.**
**(IN ITS CAPACITY AS FORMER LIQUIDATOR OF DEFENDANT ORÉADES SICAV)**

Dismissed Defendant Inter Investissements S.A. (f/k/a Inter Conseil S.A.) ("Inter") respectfully submits this supplemental memorandum of law in opposition to the Trustee's Motion for Discovery on the Good Faith Issue.[1]  Because the Trustee's sole claim against Inter was dismissed pursuant to this Court's November 22, 2016 Memorandum and Order, Inter is not subject to the Trustee's motion, and the Trustee no longer purports to seek discovery from Inter.  *See Sec. Investor Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), 2016 WL 6900689, at *26 (Bankr. S.D.N.Y. Nov. 22, 2016) (ECF No. 14495 at 60–61); Stipulated Final Order Granting Motion to Dismiss Count Five of the Complaint, No. 10-05120 (SMB), Mar. 9, 2017, ECF No. 103; Order Concerning Further Proceedings on Trustee's Motion for Leave to Replead and for Limited Discovery ¶ 1 & Ex. A, No. 08-01789 (SMB), July 24, 2017, ECF No. 16428.  Inter submits this supplemental memorandum of law solely in its capacity as the former Liquidator of Defendant Oréades SICAV ("Oréades") and only for the limited purpose of responding to the Trustee's motion against Oréades.

## ARGUMENT

Inter hereby adopts and incorporates by reference the arguments set forth in the Consolidated Memorandum of Law In Opposition to the Trustee's Motion for Discovery on the Good Faith Issue (the "Consolidated Memorandum").  As the Consolidated Memorandum demonstrates, the Trustee is not entitled to discovery from the Transferee Defendants, including Oréades, under Federal Rule of Bankruptcy Procedure 2004 or Federal Rule of Civil Procedure 26(d)(1).  *See* Consolidated Memorandum at 8–29.  This supplemental memorandum addresses two additional points pertaining specifically to Oréades:  (i) Defendant Oréades was put into liquidation and dissolved in 2004, and thus the Trustee seeks broad discovery from an entity that

---

[1]    This supplemental memorandum of law in no way waives or abandons any jurisdictional or other defenses available to Inter, individually or in its capacity as former Liquidator of Defendant Oréades SICAV, all of which Inter expressly preserves.

no longer exists, and (ii) the Trustee has already sought and obtained discovery concerning Oréades from Bernard L. Madoff Investment Securities LLC ("BLMIS") and other third parties through the Hague Convention.

*First*, Inter submits this supplemental memorandum in its capacity as the former Liquidator of Oréades because Oréades no longer exists and cannot respond to the Trustee's motion itself. Oréades was a société d'investissement à capital variable ("SICAV") organized under the laws of Luxembourg. Compl. ¶ 11. In 2004, however, Oréades was put into liquidation and then dissolved in accordance with Luxembourg law. *See* Compl. ¶ 12 (noting that Oréades entered liquidation on May 19, 2004); Certificat de Radiation, Registre de Commerce et des Sociétés Luxembourg, June 14, 2004 (Certificate of Removal of Oréades from Luxembourg Corporate Register as of June 14, 2004 on grounds of dissolution); *Mémorial*, No. 756, July 23, 2004, at 36242, *available at* http://www.etat.lu/memorial/2004/C/Pdf/c0756237.pdf (Oréades deed of dissolution published in *Mémorial*, Luxembourg legal gazette, on July 23, 2004); Newsletter de la CSSF (Commission de Surveillance du Secteur Financier), No. 43, Aug. 2004, at 10, *available at* http://www.cssf.lu/fileadmin/files/Publications/Newsletter/ Newsletter_2004/newsletter43.pdf (newsletter of CSSF, Luxembourg financial regulator, noting removal of Oréades from list of authorized and regulated investment funds). Thus, the Trustee seeks broad discovery from a Transferee Defendant that *ceased to exist* 13 years ago—more than four years before the discovery of the BLMIS fraud and more than six years before the Trustee filed his Complaint in this action.

*Second*, even if Oréades still existed and could respond to the Trustee's discovery demands, the Trustee's motion should be denied because he has already sought—and received— broad-ranging discovery concerning the alleged transfers from BLMIS to Oréades and the good-

faith issue.  As set forth in the Consolidated Memorandum, the Trustee has long had access to

voluminous materials from BLMIS, including electronic data.  Consolidated Mem. at 3–4, 12–

13.  In fact, the Trustee cites in and attaches to his Complaint against Oréades documents

produced by BLMIS.  *See, e.g.*, Compl. ¶¶ 48, 52; *id.* Exs. A–B.  In addition, in 2013, the

Trustee moved for the issuance of Letters of Request under the Hague Evidence Convention in

order to obtain discovery from four foreign non-parties that the Trustee believed possessed

documents regarding transfers from BLMIS to Oréades.  *See* Trustee's Motion for Issuance of

Letters of Request Under the Hague Evidence Convention ("Letters of Request Motion") ¶¶ 2–3,

No. 08-01789 (BRL), Nov. 4, 2013, ECF No. 5556.  In that motion, the Trustee sought, among

other things, "documents regarding any suspicious activity, expression of concern, or other 'red

flag' or impossible events regarding BLMIS [or] Oreades . . . that would serve to put the [non-

parties] on notice of fraud at BLMIS," "evidence relating to due diligence inquiries and

procedures taken by, or on behalf of, the [non-parties] relating to BLMIS [or] Oreades . . .,"

documents concerning the decision to shut down Oréades in 2004, and prospectuses and offering

memoranda produced by Oréades between 1997 and 2004.  *See* Letters of Request Motion at ¶ 5;

Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of

Evidence Abroad in Civil or Commercial Matters to Massena Partners SA, No. 08-01789 (BRL),

Nov. 2013, at 14 (Request Nos. 41, 43–50); Request for International Judicial Assistance

Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial

Matters to Ulysse Patrimoine Holding SAS, No. 08-01789 (BRL), Nov. 2013, at 14 (Request

Nos. 41, 43–50); Request for International Judicial Assistance Pursuant to the Hague Convention

on the Taking of Evidence Abroad in Civil or Commercial Matters to Tethys SAS, No. 08-01789

(BRL), Nov. 2013, at 15 (Request Nos. 49, 51–58); Request for International Judicial Assistance

Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters to Fondation Bettencourt Schueller, No. 08-01789 (BRL), Nov. 2013, at 15 (Request Nos. 49, 51–58). The Court granted the Trustee's motion and issued the Letters of Request on December 11, 2013. *See* Order Issuing Letters of Request Under the Hague Evidence Convention, No. 08-01789 (BRL), Dec. 11, 2013, ECF No. 5601.

Accordingly, in the nearly ten years since the discovery of the BLMIS fraud, the Trustee has had ample opportunity to obtain—and, indeed, has obtained—discovery regarding Oréades. There is thus no need to require the long-ago-dissolved Oréades to participate in burdensome, and likely futile, discovery at this stage of the action, before the sufficiency of the Trustee's claims against Oréades has even been tested by a motion to dismiss.

## CONCLUSION

For the foregoing reasons, and those set forth in the Consolidated Memorandum, Inter, solely in its capacity as former Liquidator of Oréades, respectfully requests that the Court deny the Trustee's Motion for Discovery on the Good Faith Issue with respect to Oréades.

Dated:  October 6, 2017
        New York, New York

                                   PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

/s/ Martin Flumenbaum
Martin Flumenbaum
Andrew J. Ehrlich
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000
mflumenbaum@paulweiss.com
aehrlich@paulweiss.com

*Attorneys for Dismissed Defendant Inter
Investissements S.A. (f/k/a Inter Conseil S.A.), solely
in its capacity as former Liquidator of Defendant
Oréades SICAV and for the limited purpose of
responding to the Trustee's Motion for Discovery
on the Good Faith Issue*