UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Trustee-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | SIPA Liquidation<br>No. 08-01789 (SMB)<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>　　　　Trustee,<br><br>　　　　v.<br><br>NATIXIS, NATIXIS CORPORATE & INVESTMENT BANK (f/k/a IXIS CORPORATE & INVESTMENT BANK), NATIXIS FINANCIAL PRODUCTS, INC., BLOOM ASSET HOLDINGS FUND, and TENSYR LIMITED,<br><br>　　　　Defendants. | Adv. Pro. No. 10-05353 (SMB) |

**NATIXIS FINANCIAL PRODUCTS LLC'S SUPPLEMENTAL
MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S
MOTION FOR DISCOVERY ON THE GOOD FAITH ISSUE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................ 2

I.      THE RULE 2004 SUBPOENAS SERVED ON NATIXIS FP ........................................ 2

III.    THE TRUSTEE'S FULL-DAY RULE 2004 DEPOSITION ............................................ 3

ARGUMENT .................................................................................................................................. 3

I.      THE TRUSTEE IS NOT PERMITTED UNDER RULE 26(D) TO SEEK DISCOVERY
DUPLICATIVE OF THE PRE-SUIT DISCOVERY HE SOUGHT FROM NATIXIS .... 3

        A.      RULE 26(D) IS LIMITED IN SCOPE ............................................................... 4

        B.      THE TRUSTEE CANNOT SATISFY THE REQUIREMENTS OF RULE 26(D) ..................... 5

II.     THE TRUSTEE WAS OR SHOULD HAVE BEEN AWARE THAT HE WOULD
HAVE THE BURDEN TO SHOW LACK OF GOOD FAITH AGAINST
SUBSEQUENT TRANSFEREES ...................................................................................... 7

CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ayyash v. Bank Al-Madina*,
   233 F.R.D. 325 (S.D.N.Y. 2005) ..................................................................................5

*United States ex rel. Brown v. Celgene Corp.*,
   No. CV 10-3165-GHK, 2014 U.S. Dist. LEXIS 194470
   (C.D. Cal. Mar. 21, 2014) ..............................................................................................4

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
   234 F.R.D. 4 (D.D.C. 2006) ..........................................................................................5

*Fuhu, Inc. v. Toys "R" Us, Inc.*,
   No. 12-CV-2308-WQH (WVG), 2012 U.S. Dist. LEXIS 192302
   (S.D. Cal. Oct. 4, 2012) .................................................................................................6

*In re G-I Holdings, Inc.*,
   313 B.R. 612 (Bankr. D.N.J. 2004) ...............................................................................7

*In re Hickey*,
   168 B.R. 840 (Bankr. W.D.N.Y. 1994) .........................................................................7

*IPS Grp., Inc. v. CivicSmart, Inc.*,
   No. 17cv632-CAB-MDD, 2017 U.S. Dist. LEXIS 118114
   (S.D. Cal. July 27, 2017) ...............................................................................................6

*Lilith Games (Shanghai) Co. v. uCool, Inc.*,
   No. 15-CV-01267-SC, 2015 U.S. Dist. LEXIS 72641
   (N.D. Cal. June 4, 2015) ...............................................................................................6

*Malibu Media, LLC v. Doe*,
   No. 12 Civ. 2955, 2012 US Dist. LEXIS 107131
   (S.D.N.Y. July 31, 2012) ..............................................................................................5

*In re Med. Cost Mgmt., Inc.*,
   115 B.R. 406 (Bankr. D. Conn. 1990) ..........................................................................7

*Mitra v. State Bank of India*,
   No. 03. Civ. 6331 (DAB), 2005 U.S. Dist. LEXIS 19138
   (S.D.N.Y. Sept. 6, 2005) ...............................................................................................4

*OMG Fid., Inc. v. Sirius Techs., Inc.*,
   239 F.R.D. 300 (N.D.N.Y. 2006) ..................................................................................4

*Pacello v. Jimenez*,
  Civ. No. 13-0405-GPC (WVG), 2013 U.S. Dist. LEXIS 51090
  (S.D. Cal. Apr. 9, 2013) ...................................................................................................5

*Pearson Educ., Inc. v. Doe*,
  No. 12 Civ. 4786 (BSJ) (KNF), 2012 U.S. Dist. LEXIS 146721
  (S.D.N.Y. Sep. 28, 2012) ................................................................................................4

*Picard v. Legacy Capital Ltd.*,
  548 B.R.13 (Bankr. S.D.N.Y. 2016) ................................................................................8

*In re Recoton Corp.*,
  307 B.R. 751 (Bankr. S.D.N.Y. 2004) .............................................................................3

*Sahu v. Union Carbide Corp.*,
  No. 07 Civ. 2156, 2014 U.S. Dist. LEXIS 105019 (S.D.N.Y. July 30, 2014) .................5

*Sec. Investor Protection Corp. v. Bernard L. Madoff Inc. Sec. LLC*,
  516 B.R. 18 (S.D.N.Y. 2014) ......................................................................................6, 7

**Statutes**

Fed. R. Bankr. P. 2004 ............................................................................................... *passim*

Fed. R. Bankr. P. 7026 .........................................................................................................1

Fed. R. Civ. P. 26 ....................................................................................................... *passim*

**PRELIMINARY STATEMENT**

For the reasons set forth in the Consolidated Opposition[1] and herein, Irving Picard, as trustee (the "Trustee"), is not permitted to burden Natixis Financial Products LLC, successor-in-interest to Natixis Financial Products Inc. ("Natixis FP"), with the wholly duplicative "pre-amendment document requests" he now seeks pursuant to Federal Rule of Civil Procedure 26(d)(1) ("Rule 26(d)") (applicable through Fed. R. Bankr. P. 7026). Prior to the commencement of this adversary proceeding (the "Action"), the Trustee previously sought comprehensive Rule 2004 discovery from Natixis FP through two subpoenas (the "Subpoenas") in 2009 and 2010, including all the discovery he now seeks through the proposed duplicative document requests (the "Duplicative Document Requests").[2] Natixis FP produced documents in response to those Subpoenas and the Trustee did not challenge the sufficiency of the productions. Pursuant to Rule 2004, the Trustee also took a full-day deposition of a key former Natixis FP employee (the "Deposition"). The Trustee even relied on this pre-Complaint discovery in pleading his good faith-related allegations in the Complaint against Natixis FP (the "Complaint"). Therefore, the Trustee cannot possibly show that he meets the requirements of Rule 26(d), including (i) that he "needs" expedited discovery from Natixis FP in order to re-plead the Complaint on the issue of good faith and (ii) that it would be in the "administration of justice" for the Trustee to pursue yet another round of discovery from Natixis FP seeking the same information for a third time.

---

[1] "Consolidated Opposition" means the Consolidated Memorandum of Law in Opposition to the Trustee's Motion for Limited Discovery on the Good Faith Issue.

[2] The Duplicative Document Requests are attached as Exhibit D to the Declaration of Regina Griffin in Support of the Trustee's Omnibus Motion.

**FACTUAL BACKGROUND**

**I.    THE RULE 2004 SUBPOENAS SERVED ON NATIXIS FP**

The Trustee previously engaged in comprehensive document discovery against Natixis FP by serving two Subpoenas pursuant to Rule 2004, the first dated July 28, 2009 (the "2009 Subpoena") and the second dated August 26, 2010 (the "2010 Subpoena").  A copy of each Subpoena is attached, respectively, as Exhibit A and Exhibit B to the declaration of Bruce Ginsberg, dated October 6, 2017 (the "Ginsberg Decl.").  Natixis FP served written responses to the Subpoenas (*see* Ginsberg Decl., Exhibits C and D)[3] and separately produced documents to both subpoenas in 2009 and 2010 (*see id.*, at ¶¶ 4-5).  After receiving Natixis FP's document productions, the Trustee never challenged or otherwise objected to Natixis NA's or Natixis FP's compliance with the Subpoenas.  *Id.*, at ¶ 6.

**II.    THE TRUSTEE'S DUPLICATIVE DOCUMENT REQUESTS**

The Trustee seeks the following information in the Duplicative Document Requests:

- Duplicative Document Requests Nos. 1 and 2 overlap and, taken together, seek documents concerning diligence, monitoring or risk assessment/compliance in connection with transactions involving Bernard L. Madoff Investment Securities LLC ("BLMIS") or so-called "Feeder Funds".

- Duplicative Document Request No. 3 seeks documents concerning illegal activity (*e.g.*, fraud or front-running) or potential financial distress at BLMIS.

- Duplicative Document Request No. 4 seeks documents concerning fees, commissions or gains paid to Natixis FP in connection with BLMIS-related investments.

---

[3] In the 2009 Subpoena, the Trustee demanded compliance by Natixis Capital Markets Inc. (the former U.S. parent of the Natixis U.S. operating entities) and, *inter alia*, its subsidiaries.  *See* Ginsberg Decl., Exhibit C.  At the time the Subpoenas were served, Natixis North America Inc. ("Natixis NA") was the successor-in-interest to Natixis Capital Markets Inc.  In the 2010 Subpoena, the Trustee expressly demanded compliance by Natixis FP.  *See* Ginsberg Decl., Exhibit D (Attachment A defined "Natixis" to include Natixis FP).  In its responses to both Subpoenas, Natixis NA stated that it was responding not only on behalf of itself, but also on behalf of all its subsidiaries, and in the Prefatory Statements expressly identified Natixis FP as the subsidiary that engaged in the transactions at issue.  *See* Ginsberg Decl., Exhibits C, at 2-3 and D, at 2-3.

The Trustee previously sought the same information in the *seventy nine (79)* document requests contained in the Subpoenas, wherein he cast such a wide net as to capture every possible category of documents that the Duplicative Document Requests could cover. The chart attached as Appendix 1 sets forth the categories of documents sought in the Duplicative Document Requests and identifies the document requests contained in the Subpoenas that seek the same categories of documents.

### III. THE TRUSTEE'S FULL-DAY RULE 2004 DEPOSITION

After receiving Natixis FP's productions in response to the Subpoenas, on October 25, 2010, the Trustee proceeded to take the Deposition of Eric Raiten. Mr. Raiten was, at all times relevant to this adversary proceeding, the head of the Natixis FP structured fund products group that was involved in BLMIS-related transactions. Ginsberg Decl., at ¶ 7. The Deposition lasted an entire day, during which the Trustee introduced exhibits that he had obtained through the Subpoenas as well as from many other sources available to him. *Id.*, at ¶ 8. The Deposition resulted in a 150 page transcript. *Id.* During the Deposition, the Trustee never demanded additional documents, nor did he ever challenge the sufficiency of Natixis FP's productions in response to the Subpoenas, or at any time thereafter, up through and including the filing of the Complaint. *Id.*, at ¶ 9.

### ARGUMENT

### I. THE TRUSTEE IS NOT PERMITED UNDER RULE 26(D) TO SEEK DISCOVERY DUPLICATIVE OF THE PRE-SUIT DISCOVERY HE SOUGHT FROM NATIXIS

As an initial matter and as noted in the Consolidated Opposition, the Duplicative Discovery Requests are not permitted because the Trustee is effectively seeking yet another Rule 2004 examination, and his ability to do so ceased upon the filing of the Complaint. *See* Consolidated Opposition at 9; *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); 9

3

Collier on Bankruptcy ¶ 2004.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017). In the case of Natixis FP, the Trustee could have and *actually did* seek comprehensive Rule 2004 discovery, including two subpoenas and a full-day deposition. In any event, even if the Trustee were not seeking Rule 2004 discovery, the duplicative discovery he seeks from Natixis FP is not permitted under Rule 26(d).

### A.  RULE 26(d) IS LIMITED IN SCOPE

As shown by the very cases the Trustee cites, the purpose of Rule 26(d) is to allow narrow discovery in connection with (i) a discrete and potentially dispositive threshold issue, such as the identity of an alleged defendant, *see* Consolidated Opposition at 27-28, n. 19, or whether a court has personal jurisdiction over a defendant,[4] or (ii) a time-sensitive need for certain information, such as in the case of a preliminary injunction motion.[5] Here, the Trustee is improperly attempting to expand the scope of Rule 26(d), by seeking far reaching discovery beyond such permitted limited scope, simply to bolster his deficient allegations in the Complaint. *See United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165-GHK, 2014 U.S. Dist. LEXIS 194470, at *5-6 (C.D. Cal. Mar. 21, 2014) (noting that delving "into the merits of the underlying dispute between the parties" is not a proper basis for expedited discovery) (collecting cases throughout several U.S. jurisdictions). The Court should not allow the Trustee to misuse Rule 26(d) in this manner.

---

[4] *See* Fed. R. Civ. P. 26 advisory committee notes to 1993 Amendments to Subdivision (d); *Pearson Educ., Inc. v. Doe*, No. 12 Civ. 4786 (BSJ) (KNF), 2012 U.S. Dist. LEXIS 146721, at *6 (S.D.N.Y. Sep. 28, 2012).

[5] *See id.*; *see also OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300 (N.D.N.Y. 2006) (cited by Trustee); *Mitra v. State Bank of India*, No. 03. Civ. 6331 (DAB), 2005 U.S. Dist. LEXIS 19138, at *26-27 (S.D.N.Y. Sept. 6, 2005) (citing Fed. R. Civ. P. 26(d) advisory committee notes).

B.    THE TRUSTEE CANNOT SATISFY THE REQUIREMENTS OF RULE 26(d)

Even if Rule 26(d) allowed early discovery to amend a pleading, which it does not, the Court should deny the Trustee's request for discovery from Natixis for the additional reason that he fails to satisfy the requirements of the rule. As discussed in the Consolidated Opposition at 15, a party seeking early discovery under Rule 26(d) must show that the request is reasonable and that there is good cause for the discovery sought. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005); *see also Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006). In assessing the reasonableness of an early discovery request under Rule 26(d), courts consider five factors, including the need or purpose for requesting the discovery, *see Disability Rights*, 234 F.R.D. at 6, and "consideration of the administration of justice," *Pacello v. Jimenez*, Civ. No. 13-0405-GPC (WVG), 2013 U.S. Dist. LEXIS 51090, at *3 (S.D. Cal. Apr. 9, 2013). Here, in addition to the reasons set forth in the Consolidated Opposition, the Trustee cannot show that he "needs" the discovery he is seeking under Rule 26(d) because he already sought the exact same discovery from Natixis FP and he used such discovery to plead the allegations in the Complaint. *See*, *e.g.*, Complaint ¶¶ 67-69, 87, 91-92, 97-100, 110, 112–14. In addition, given the duplicative nature of his requests, having Natixis FP re-engage in a *third* round of early discovery would not be in the administration of justice.

Courts in this District will deny Rule 26(d) requests for early discovery as unnecessary where such discovery is duplicative of previously sought discovery. *See Malibu Media, LLC v. Doe*, 12 Civ. 2955, 2012 US Dist. LEXIS 107131, at *7 (S.D.N.Y. July 31, 2012); *Sahu v. Union Carbide Corp.*, 07 Civ. 2156, 2014 U.S. Dist. LEXIS 105019, *13 (S.D.N.Y. July 30, 2014) (noting that courts should deny a Rule 26(d) request for early discovery "if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be

5

discovered.") (citation and internal quotation marks omitted). District courts in other circuits have also found a lack of "need" under Rule 26(d) where the requesting party sought duplicative discovery. *See IPS Grp., Inc. v. CivicSmart, Inc.*, No. 17cv632-CAB-MDD, 2017 U.S. Dist. LEXIS 118114, at *5 (S.D. Cal. July 27, 2017) ("The Court will not order Defendants to engage in early discovery in this action that is duplicative of the discovery that plaintiff asserts already occurred in the other action."); *Lilith Games (Shanghai) Co. v. uCool, Inc.*, No. 15-CV-01267-SC, 2015 U.S. Dist. LEXIS 72641, at *8 (N.D. Cal. June 4, 2015) (declining to expedite plaintiff's production any further because "[m]uch of what [defendant] requests in its motion for expedited discovery has already been propounded . . . ."); *Fuhu, Inc. v. Toys "R" Us, Inc.*, No. 12-CV-2308-WQH (WVG), 2012 U.S. Dist. LEXIS 192302, at *10 (S.D. Cal. Oct. 4, 2012) (denying application for expedited discovery under Rule 26(d) because, *inter alia*, plaintiffs "admittedly are already in possession of the information that they need at this time.").

Here, the Duplicative Document Requests are entirely duplicative of the Subpoenas that Natixis FP complied with in 2009 and 2010. *See* Appendix 1 (demonstrating the overlap and redundancy between the Duplicative Document Requests and the Subpoenas). Moreover, the Trustee deposed the individual in charge of the business that purchased shares of the reference funds at issue in this adversary proceeding, and over the course of a full day the Trustee inquired into due diligence, "red flags" and knowledge, using, among other things, Natixis FP's document productions. The Trustee made no demand or other attempt to obtain further responses to the Subpoenas. To the extent the Trustee wished to challenge compliance with the Subpoenas, the time to do so was before filing the Complaint. *See* Consolidated Opposition at 9.

6

**II.    THE TRUSTEE WAS OR SHOULD HAVE BEEN AWARE THAT HE WOULD HAVE THE BURDEN TO SHOW LACK OF GOOD FAITH AGAINST SUBSEQUENT TRANSFEREES**

As noted in the Consolidated Opposition, even prior to Judge Rakoff's decision in *Sec. Investor Protection Corp. v. Bernard L. Madoff Inc. Sec. LLC*, 516 B.R. 18, 24 (S.D.N.Y. 2014) (the "Good Faith Decision"), courts held that a plaintiff seeking to recover under Section 550(a) against a subsequent transferee, such as Natixis FP, had the burden of showing a lack of good faith as an element of its claim. *See* Consolidated Opposition at 10-11; *see also* Memorandum of Law in Support of Natixis' Motion to Dismiss the Trustee's Complaint, dated July 15, 2011, Dkt No. 21, p. 12; *In re G-I Holdings, Inc.*, 313 B.R. 612, 645 (Bankr. D.N.J. 2004); *In re Hickey*, 168 B.R. 840, 850 (Bankr. W.D.N.Y. 1994); *In re Med. Cost Mgmt., Inc.*, 115 B.R. 406, 409 (Bankr. D. Conn. 1990). Thus, contrary to the Trustee's assertions, the Good Faith Decision did not unexpectedly shift the burden of showing good faith, or lack thereof, to the Trustee. In fact, as evidenced by the detailed allegations in the Complaint (*see*, *e.g.*, Complaint ¶¶ 67-69, 87, 91-92, 97-100, 110, 112–14) and the Trustee's conclusory allegations regarding good faith (*see, e.g.*, *id.* ¶¶ 178, 206, 208 (Trustee alleges Natixis FP (i) "blindly relied" upon information provided by Madoff "feeder funds," (ii) "blindly accepted" Madoff's explanations, and (iii) turned "a blind eye" to the "numerous indicia of illegitimate trading activity and fraud")), the Trustee was likely aware of the cases cited above or, at least, anticipated a likelihood that he would have to, and did indeed attempt to, plead a lack of good faith to state a claim against Natixis FP.

Further, in the Complaint, the Trustee asserts various allegations concerning good faith and in doing so relies on a substantial amount of Rule 2004 information he obtained from Natixis FP, as well as other sources. *See*, *e.g.*, Complaint ¶¶ 67-69, 87, 91-92, 97-100, 110, 112–14. In particular, the Trustee purports to allege (i) the extent, nature and results of Natixis FP's due diligence, (ii) the knowledge acquired by Natixis FP relating to Madoff and BLMIS, and (iii)

7

what actions Natixis FP took (or did not take) to pursue further information. *Id.* Accordingly, even if the standard has changed (*i.e.*, from, according to the Trustee, inquiry notice to willful blindness), the scope of facts the Trustee would inquire into against Natixis FP remains the same – as evidenced by (i) the Trustee's inability to come up with any proposed document requests not covered by the Subpoenas, and (ii) the Trustee's use in the existing Complaint of the exhaustive pre-Complaint discovery (including the two Subpoenas and the Deposition, as well as the vast discovery amassed by the Trustee prior to filing the Complaint, *see* Consolidated Opposition at 3-5).[6]

## CONCLUSION

For the foregoing reasons and the reasons stated in the Consolidated Opposition, Natixis FP respectfully requests that the Court deny the Trustee's Motion for Discovery on the Good Faith Issue.

Dated: New York, New York
       October 6, 2017

DAVIS & GILBERT LLP

  /s/ Joseph Cioffi
Joseph Cioffi
Bruce M. Ginsberg
James R. Serritella
1740 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888

*Attorneys for Natixis Financial Products LLC (as successor-in-interest to Natixis Financial Products Inc.)*

---

[6] Indeed, the recent amended complaint filed by the Trustee against BNP Paribas S.A. and certain of its affiliates, *see generally* 08-1789-smb, Dkt No. 16573 (Amended Complaint filed Aug. 30, 2017), shows that – even when given the opportunity to amend a complaint to attempt to meet his burden of showing lack of good faith – he is unable to muster any allegations that do not center on awareness of the same general red flags that this Court has held to be insufficient to plead willful blindness. *See Picard v. Legacy Capital Ltd.*, 548 B.R.13, 39 (Bankr. S.D.N.Y. 2016).

8