UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Trustee-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | SIPA Liquidation<br>No. 08-01789 (SMB)<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Trustee,<br><br>        v.<br><br>NATIXIS, NATIXIS CORPORATE & INVESTMENT BANK (f/k/a IXIS CORPORATE & INVESTMENT BANK), NATIXIS FINANCIAL PRODUCTS, INC., BLOOM ASSET HOLDINGS FUND, and TENSYR LIMITED,<br><br>        Defendants. | Adv. Pro. No.  10-05353 (SMB) |

**DECLARATION OF BRUCE M. GINSBERG IN SUPPORT OF
NATIXIS FINANCIAL PRODUCTS LLC'S SUPPLEMENTAL
MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S
MOTION FOR DISCOVERY ON THE GOOD FAITH ISSUE**

I, BRUCE M. GINSBERG, declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a partner with the law firm of Davis & Gilbert LLP, attorneys for Natixis Financial Products LLC, successor-in-interest to Natixis Financial Products Inc. ("Natixis FP"). I submit this declaration in connection with Natixis FP's Supplemental Opposition to the Trustee's Motion for Limited Discovery on the Good Faith Issue (the "Trustee's Motion").

2. The Trustee previously engaged in comprehensive document discovery against Natixis FP, as well as its U.S. parent and affiliates, by serving two subpoenas pursuant to Rule 2004, Federal Rules of Bankruptcy Procedure ("Rule 2004"), the first dated July 28, 2009 and the second dated August 26, 2010 (respectively, the "2009 Subpoena" and the "2010 Subpoena", together, the "Subpoenas"). A copy of each is attached, respectively, as Exhibit A and Exhibit B.

3. The Trustee also sought deposition testimony pursuant to Rule 2004.

4. Natixis FP's written responses to the 2009 Subpoena and its written responses to the 2010 Subpoena are attached, respectively, as Exhibits C and D.

5. On October 7, 2009, Natixis FP produced documents in response to the 2009 Subpoena and on October 21, 2010, Natixis FP produced documents in response to the 2010 Subpoena.

6. The Trustee never challenged, in writing or orally, Natixis FP's (or its parents' or affiliates') compliance with or productions pursuant to the Subpoenas.

7. On October 25, 2010, the Trustee proceeded to take the deposition of Eric Raiten (the "Deposition"), who at all times relevant to this adversary proceeding (the "Action") was the

head of the Natixis FP structured fund products group that was involved in transactions related to Bernard L. Madoff Investment Securities LLC.

8. The Deposition lasted an entire day, during which the Trustee introduced exhibits that he had obtained through the Subpoenas as well as from many other sources available to him. The Deposition resulted in a 150 page transcript.

9. During the course of the Deposition, the attorneys for the Trustee never demanded further production of any specific document or category of documents, nor did they challenge the sufficiency of Natixis FP's production in response to the Subpoenas, or at any time thereafter, up through and including the filing of the Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  October 6, 2017
              New York, New York

By: _____
     Bruce M. Ginsberg