# EXHIBIT C

**DAVIS & GILBERT LLP**
Howard J. Rubin
hrubin@dglaw.com
Bruce M. Ginsberg
bginsberg@dglaw.com
Cheryl M. Plambeck
cplambeck@dglaw.com
1740 Broadway
New York, NY  10019
(212) 468-4800
*Attorneys for Natixis North America Inc.,*
*as successor to Natixis Capital Markets Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Securities Investor Protection Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>Bernard L. Madoff Investment Securities LLC,<br><br>                    Defendant. | SIPA LIQUIDATION<br>No. 08-01789 (BRL)<br><br>**RESPONSES AND OBJECTIONS TO SUBPOENA FOR RULE 2004 EXAMINATION BY NATIXIS NORTH AMERICA INC. AS SUCCESSOR TO NATIXIS CAPITAL MARKETS INC.** |

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, Natixis North America Inc., as successor to Natixis Capital Markets Inc. ("Natixis") hereby submits its Responses and Objections (the "Responses and Objections") to the Subpoena for Rule 2004 Examination dated August 14, 2009 (the "Subpoena") as follows:

## PREFATORY STATEMENT

Natixis North America Inc. is the successor to the entity that plaintiff Securities Investor Protection Corporation ("SIPC") subpoenaed in the above-captioned action, Natixis Capital Markets Inc., and is hereinafter referred to as "Natixis." Natixis submits these Responses and Objections on behalf of itself and its subsidiaries. Unless otherwise specified, all references to "Natixis" are to Natixis North America Inc. and its subsidiaries.

As an initial matter, Natixis notes that it did not have any investment accounts with the debtor, Bernard L. Madoff Investment Securities LLC ("BLMIS") or any fund with a BLMIS account. Accordingly, the "Applicable Period" for which documents are requested does not apply to Natixis. See Subpoena, Instructions, par. 1 ("Except as otherwise noted, this subpoena requires the production of documents created in or referencing the Applicable Period."); Subpoena, Definitions, par. 2 ("Applicable Period" means the period between and including the date on which you first subscribed for shares of Fairfield Sentry Ltd., through the present.") Nevertheless, Natixis in good faith agrees to produce documents in response to requests that seek documents during the "Applicable Period," subject to its General and Specific Objections.

In the ordinary course of its financing business, Natixis' subsidiary Natixis Financial Products Inc. ("Natixis FP") entered into total return swap financing transactions ("TRSs") with investor clients who requested leveraged exposure to, among other investments, certain investment funds that in turn invested in part or wholly in BLMIS (the "Reference Funds"). Under the TRSs, Natixis FP agreed to provide these clients returns pegged to returns equal to those that would be earned by the respective Reference Fund. It must be noted that these clients approached Natixis seeking returns earned by an investor in such Reference Funds. Natixis did not advise anyone to make such an investment.

In order to hedge its exposure in these TRSs requested by its clients, Natixis FP hedged its exposure via a TRS with a non-US third party affiliate, which in turn acquired and held in its own right shares in the Reference Funds. Natixis FP was obligated under its hedging swap to make its counterparty whole for any negative returns on the affiliate's shares in the Reference Funds. However, Natixis FP was not made whole for any such losses by its investor client under the TRS between Natixis FP and its client. Natixis FP effectively bore the risk of any downside in the Reference Funds in excess of the initial payment from its investor client. As the TRS requested by the investor client required Natixis FP to provide returns on a leveraged basis, the corresponding

swap between Natixis FP and its affiliate was multiples larger than the amount paid by the investor client to Natixis FP. Any redemptions made by Natixis' hedge counterparty from its investment in any Reference Fund was solely the result of action by or instruction from Natixis' client to reduce the dollar size of its swap with Natixis. When the Madoff fraud came to light in December, 2008, the amounts then invested by Natixis' hedge counterparty in Reference Funds in connection with the hedge swap with Natixis was far in excess of redemptions that had resulted from Natixis' clients' actions or instructions. Accordingly, Natixis FP was left with significant financial losses resulting from these leveraged transactions. Natixis FP was a net loser on the order of hundreds of millions of dollars in its hedging transactions that were pegged to Reference Funds that invested in BLMIS.

A more complete description of these transactions is set forth in the correspondence from Natixis Securities North America Inc. to the Financial Industry Regulatory Authority ("FINRA") dated February 6, 2009 (the "FINRA Response"), in response to a letter of inquiry from FINRA seeking information concerning BLMIS. Copies of the request letter and the FINRA Response are being produced simultaneously with these Responses and Objections.

## **GENERAL OBJECTIONS**

1.      Natixis responds to the Subpoena without waiver of or prejudice to its right, at any time, to raise objections to the relevance, materiality, or admissibility of statements made in this response to the Subpoena or any part thereof, or any document produced pursuant to this response.

2.      Natixis objects to the "Definitions and Instructions" section of the Subpoena to the extent that such are overly broad, vague and unduly burdensome, and are not authorized by, or exceed the requirements of, the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Natixis specifically objects to the following definitions:

(i)      Natixis objects to the definition of "Natixis," "you," and "your" to the extent it includes entities and individuals not in Natixis' control. Natixis will respond to the Subpoena and produce documents solely on behalf of itself and its subsidiaries (and not affiliates or its parent), and will read "Natixis," "you," and "your" accordingly.

(ii)    Natixis objects to the definition of "Applicable Period" as vague and ambiguous in that it defines "Applicable Period" in relation to when Natixis first subscribed to shares of Fairfield Sentry, because Natixis did not subscribe to shares of Fairfield Sentry.

(iii)    Natixis objects to the definition of "BLMIS" as vague and ambiguous to the extent it fails to adequately identify BLMIS' officers, directors, employees, partners, members, corporate parents, subsidiaries and affiliates.

(iv)    Natixis objects to the definition of "Fund with a BLMIS Account" to the extent it fails to adequately identify any hedge fund, fund of funds, investment fund, trust, pool, partnership, limited partnership, or other investment vehicle. Natixis will, subject to its other General and Specific Objections, limit searches, where applicable (i) to Funds which were Reference Funds for the total return swap financing transactions that its clients entered and (ii) to such financing transactions that were actually consummated.

(v)    Natixis objects to the definition of "Citco" to the extent it fails to adequately identify all persons affiliated with Citco Fund Services (Europe) B.C.

(vi)    Natixis objects to the definition of "FGG" to the extent it fails to identify all officers, directors, employees, partners, members, corporate parents, subsidiaries and affiliates of FGG.

(vii)    Natixis objects to the definition of "Fairfield Sentry" to the extent it fails to identify its investment manager, its officers, directors, employees, partners, members, corporate parent, subsidiaries and affiliates.

3.    Natixis objects to the Subpoena to the extent that the individual requests are overly broad, unduly burdensome, vague, ambiguous or not reasonably calculated to lead to the discovery of evidence relevant to the conduct, property or total liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.

4.    Natixis objects to the Subpoena to the extent it seeks to require Natixis to do more than use reasonable diligence to locate responsive documents based on an examination of those files that reasonably may be expected to yield responsive documents and an inquiry of those persons within Natixis' control who reasonably may be expected to possess responsive documents.

5.      Natixis objects to the Subpoena to the extent it seeks the production of information that is outside the scope of the applicable Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

6.      Natixis objects to the Subpoena to the extent that it purports to seek any "privileged" document or information. The term "privileged" shall refer to any document or information that is protected from discovery under the attorney-client privilege, attorney work-product protection, joint-defense privilege, common interest privilege, and/or any other applicable privilege, immunity, protection, doctrine, statute, regulation, rule, decision, order or exemption that would make the document or information immune or exempt from discovery. In all instances, Natixis intends to preserve all claims of privilege to the fullest possible extent. No privileged documents will be produced. If any privileged documents or information are disclosed, except pursuant to a written statement specifically referencing such documents, such disclosure shall be deemed inadvertent and shall not be deemed a waiver of any applicable privilege.

7.      Natixis will produce documents that contain confidential information or proprietary business information only subject to an appropriate Confidentiality Agreement entered into between the Trustee and Natixis and in accordance with the procedures contained therein.

8.      Natixis objects to the Subpoena to the extent it seeks documents not currently in its possession, custody or control, refers to persons, entities or events not known to Natixis and/or calls for consultation with and/or disclosure of documents from parties or entities other than Natixis on the grounds that this seeks to require more of Natixis than any obligation imposed by law, would subject it to unreasonable and undue annoyance, oppression, burden and expense, and would seek to impose upon them an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to the Plaintiff.

9.      Natixis objects to the Subpoena to the extent that production of any requested document would be a breach of any law or regulation.

10.     Natixis objects to the Subpoena in its entirety to the extent it fails to allow Natixis a reasonable amount of time for compliance.

Without assuming any obligation to do so, and without waiving the objections asserted herein, Natixis reserves the right to amend and/or supplement these objections as and when additional facts are discovered or ascertained. The following responses are based upon the information and documents which Natixis has identified as of the date hereof through the exercise of reasonable diligence, and does not preclude Natixis from later relying upon facts or documents discovered or generated pursuant to further investigation or discovery which may be conducted subsequent to the date of these responses. Furthermore, Natixis' objections and responses to these requests do not necessarily suggest the existence of requested documents or things.

Natixis responds and further objects to the Subpoena as follows:

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

### REQUEST NO. 1.

Any and all documents concerning Fairfield Sentry.

### RESPONSE TO REQUEST NO. 1.

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning Fairfield Sentry, and will produce responsive, non-privileged documents.

**REQUEST NO. 2.**

Any and all documents concerning BLMIS.

**RESPONSE TO REQUEST NO. 2.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning BLMIS, and will produce responsive, non-privileged documents.

**REQUEST NO. 3.**

Any and all documents concerning any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 3.**

Natixis objects to this Request as vague and ambiguous as it fails to sufficiently identify all Funds with a BLMIS Account. Natixis further objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were  previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is

conducting a reasonable, diligent search for documents concerning the Reference Funds that invested in BLMIS, and will produce non-privileged, responsive documents.

**REQUEST NO. 4.**

Any and all documents concerning your investments in shares of Fairfield Sentry.

**RESPONSE TO REQUEST NO. 4.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not purchase shares of Fairfield Sentry, but that it is conducting a reasonable, diligent search for documents concerning Fairfield Sentry and will produce non-privileged, responsive documents.

**REQUEST NO. 5.**

Any and all documents concerning your investments in shares of any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 5.**

Natixis objects to this Request as vague and ambiguous as it fails to sufficiently identify all Funds with a BLMIS Account. Natixis further objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were  previously produced by BLMIS or other non-parties, and to the extent it

does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not purchase shares of any feeder fund that invested in BLMIS, but is conducting a reasonable, diligent search for documents concerning the financing swaps for which Reference Funds were invested in BLMIS, and will produce non-privileged, responsive documents.

## REQUEST NO. 6.

Any and all documents concerning any actual or proposed redemption of shares in Fairfield Sentry.

## RESPONSE TO REQUEST NO. 6.

Natixis objects to this Request as vague and ambiguous as it fails to sufficiently identify all Funds with a BLMIS Account. Natixis further objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not redeem or propose to redeem any shares of Fairfield Sentry. Natixis further responds that it is conducting a reasonable, diligent search for documents concerning Fairfield Sentry or any financing swaps for which Fairfield Sentry was a Reference Fund, and will produce non-privileged, responsive documents.

**REQUEST NO. 7.**

Any and all documents concerning any actual or proposed withdrawal of funds from, redemption of shares of, or redemption of partnership interests in any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 7.**

Natixis objects to this Request as vague and ambiguous as it fails to sufficiently identify all Funds with a BLMIS Account. Natixis further objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a diligent, reasonable search for documents concerning any financing swaps for which the Reference Funds invested in BLMIS, and will produce non-privileged, responsive documents.

**REQUEST NO. 8.**

Any and all documents concerning any actual or proposed investments in shares of Fairfield Sentry by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members.

**RESPONSE TO REQUEST NO. 8.**

Natixis objects to this Request to the extent it seeks documents concerning investments by its employees, principals, partners, limited partners, members, shareholders, owners or their respective immediate family members because it is overly broad and unduly burdensome and seeks documents not in Natixis' custody, possession or control. Natixis further objects to this Request as overbroad and unduly burdensome to the extent it requires Natixis to produce

documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request as it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not purchase shares of Fairfield Sentry, that it is conducting a reasonable, diligent search for documents concerning Fairfield Sentry and financing swaps for which Fairfield Sentry was a Reference Fund, and will produce responsive, non-privileged documents.

## REQUEST NO. 9

Any and all documents concerning any actual or proposed investments by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members, in accounts with, or managed by, BLMIS.


## RESPONSE TO REQUEST NO. 9.

Natixis objects to this Request to the extent it seeks documents concerning investments by its employees, principals, partners, limited partners, members, shareholders, owners or their respective immediate family members because it is overly broad and unduly burdensome and seeks documents not in Natixis' custody, possession or control. Natixis further objects to this Request as overbroad and unduly burdensome to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request as it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not have any account with or managed by BLMIS, but that it is conducting a diligent, reasonable search for documents concerning BLMIS and will produce non-privileged, responsive documents.

**REQUEST NO. 10.**

Any and all documents concerning any actual or proposed investments by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members, with any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 10.**

Natixis objects to this Request to the extent it seeks documents concerning investments by its employees, principals, partners, limited partners, members, shareholders, owners or their respective immediate family members because it is overly broad and unduly burdensome and seeks documents not in Natixis' custody, possession or control. Natixis further objects to this Request as overbroad and unduly burdensome to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request as it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis further responds that it did not invest in any feeder fund that invested in BLMIS, but is conducting a diligent, reasonable search for documents concerning the Reference Funds that invested in BLMIS and will produce non-privileged, responsive documents.

**REQUEST NO. 11.**

Any and all documents concerning any actual or proposed redemption of shares of Fairfield Sentry by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members.

**RESPONSE TO REQUEST NO. 11.**

Natixis objects to this Request to the extent it seeks documents concerning investments by its employees, principals, partners, limited partners, members, shareholders, owners or their respective immediate family members because it is overly broad and unduly burdensome and

seeks documents not in Natixis' custody, possession or control. Natixis further objects to this Request as overbroad and unduly burdensome to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis also objects to this Request as it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not invest in shares of Fairfield Sentry, but is conducting a diligent, reasonable search for documents concerning Fairfield Sentry and will produce non-privileged, responsive documents.

## REQUEST NO. 12.

Any and all documents concerning any actual or proposed withdrawal of funds by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members, from accounts with, or managed by, BLMIS.

## RESPONSE TO REQUEST NO. 12.

Natixis objects to this Request to the extent it seeks documents concerning investments by its employees, principals, partners, limited partners, members, shareholders, owners or their respective immediate family members because it is overly broad and unduly burdensome and seeks documents not in Natixis' custody, possession or control. Natixis further objects to this Request as overbroad and unduly burdensome to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis also objects to this Request as it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not withdraw funds from any BLMIS accounts, but that it is conducting a diligent, reasonable search for documents concerning BLMIS and will produce non-privileged, responsive documents.

**REQUEST NO. 13.**

Any and all documents concerning any actual or proposed withdrawal of funds from, redemption of shares of, or redemption of partnership interests by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members, from any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 13.**

Natixis objects to this Request to the extent it seeks documents concerning investments by its employees, principals, partners, limited partners, members, shareholders, owners or their respective immediate family members because it is overly broad and unduly burdensome and seeks documents not in Natixis' custody, possession or control.    Natixis also objects to this Request as vague and ambiguous as it fails to adequately identify the transactions and accounts for which it seeks documents, and seeks documents not in Natixis' control.  Natixis further objects to this request as overbroad and unduly burdensome to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were  previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.  Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product.  Subject to and without waiver of these or the General Objections, Natixis responds that it did not redeem shares of or partnership interests in any feeder funds that invested in BLMIS, but that it is conducting a diligent, reasonable search for documents concerning the Reference Funds that invested in BLMIS, and will produce non-privileged, responsive documents.

**REQUEST NO. 14.**

Any and all documents concerning communications between you and Fairfield Sentry or FGG.

**RESPONSE TO REQUEST NO. 14.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue

burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning its communications with Fairfield Sentry or FGG, and will produce non-privileged, responsive documents.

**REQUEST NO. 15.**

Any and all documents concerning communications between you and BLMIS.

**RESPONSE TO REQUEST NO. 15.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning its communications with BLMIS, and will produce non-privileged, responsive documents.

**REQUEST NO. 16**

Any and all documents concerning communications between you and any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 16.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning its communications with the Reference Funds that invested in BLMIS, and will produce non-privileged, responsive documents.

**REQUEST NO. 17.**

Any and all documents concerning communications with any person, other than Fairfield Sentry or FGG, concerning Fairfield Sentry.

**RESPONSE TO REQUEST NO. 17.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for

documents concerning its communications about Fairfield Sentry, and will produce non-privileged, responsive documents.

### REQUEST NO. 18.

Any and all documents concerning communications with any person, other than BLMIS, concerning BLMIS.

### RESPONSE TO REQUEST NO. 18.

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning its communications about BLMIS, and will produce non-privileged, responsive documents.

### REQUEST NO. 19

Any and all documents concerning communications with any person, other than any Fund with a BLMIS Account, concerning any Fund with a BLMIS Account.

### RESPONSE TO REQUEST NO. 19.

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to

the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning its communications about the Reference Funds that invested in BLMIS, and will produce non-privileged, responsive documents.

### REQUEST NO. 20.

Any and all documents concerning communications between you and Citco concerning Fairfield Sentry.

### RESPONSE TO REQUEST NO. 20.

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning its communications with Citco concerning Fairfield Sentry, and will produce non-privileged, responsive documents.

### REQUEST NO. 21.

Any and all documents concerning any due diligence you conducted, or had conducted on your behalf, concerning Fairfield Sentry.

**RESPONSE TO REQUEST NO. 21.**

Natixis objects to this request as overbroad and unduly burdensome to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were  previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning any due diligence on Fairfield Sentry, and will produce non-privileged, responsive documents.

**REQUEST NO. 22.**

Any and all documents concerning any due diligence you conducted, or had conducted on your behalf, concerning BLMIS.

**RESPONSE TO REQUEST NO. 22.**

Natixis objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product.  Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning any due diligence on BLMIS, and will produce non-privileged, responsive documents.

**REQUEST NO. 23.**

Any and all documents concerning any due diligence you conducted, or had conducted on your behalf, concerning any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 23.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate.  Natixis further

objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning any due diligence on any Reference Fund that invested in BLMIS, and will produce non-privileged, responsive documents.

## REQUEST NO. 24.

Any and all documents concerning any remuneration received by you, by any other person for your benefit, or by any entity in which you had an ownership interest, in the form of commissions, management fees, performance fees, shares, salary, or any other form of payment, that resulted in any way from the purchase of Fairfield Sentry shares.

## RESPONSE TO REQUEST NO. 24.

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not receive commissions, management fees, performance fees, shares, salary, or any other form of payment, from Fairfield Sentry in connection with any purchase of Fairfield Sentry shares, or from its clients in connection with the purchase of any such shares. Natixis did not recommend or propose the Reference Funds to its clients. In all cases, these Reference Funds were proposed by Natixis' clients and the services provided by Natixis were limited to leveraged financing for which remuneration was interest on the leverage amount.

**REQUEST NO. 25.**

Any and all documents concerning any remuneration received by you, by any other person for your benefit, or by any entity in which you had an ownership interest, in the form of commissions, management fees, performance fees, shares, salary, or any other form of payment, that resulted in any way from investments in accounts with, or managed by, BLMIS.

**RESPONSE TO REQUEST NO. 25.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not receive commissions, management fees, performance fees, shares, salary, or any other form of payment, that resulted in any way from investments in accounts with, or managed by, BLMIS. See also responses to Requests No. 25 and No. 26.

**REQUEST NO. 26.**

Any and all documents concerning any remuneration received by you, by any other person for your benefit, or by any entity in which you had an ownership interest, in the form of commissions, management fees, performance fees, shares, salary, or any other form of payment, that resulted in any way from investments in any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 26.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are

more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it did not receive commissions, management fees, performance fees, shares, salary, or any other form of payment, from any Reference Fund in connection with any purchase of Reference Fund shares, or from its clients in connection with the purchase of any such shares. Natixis did not recommend or propose the Reference Funds to its clients. In all cases, these Reference Funds were proposed by Natixis' clients and the services provided by Natixis were limited to leveraged financing for which remuneration was interest on the leverage amount.

## REQUEST NO. 27.

Documents sufficient to show the names and addresses of any and all of your employees who had contact with any Fairfield Sentry representative, investment manager (Fairfield Greenwich (Bermuda) Ltd.), or administrator (Citco Fund Services (Europe) B.V.), or their respective employees, directors, officers, partners, members, or shareholders.

## RESPONSE TO REQUEST NO. 27.

Natixis objects to this request as vague and ambiguous to the extent it fails to identify the representatives, or employees, directors, officers, partners, members or shareholders who were parties to the communications it seeks. Natixis further objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Subject to and without waiver of these or the General Objections, Natixis responds that it is

conducting a reasonable, diligent search and will produce documents sufficient to show the names and address of any Natixis employees who communicated on Natixis' behalf with Fairfield Sentry, Fairfield Greenwich (Bermuda), Ltd. or Citco concerning Fairfield Sentry, and will produce non-privileged, responsive documents.

## REQUEST NO. 28.

Documents sufficient to show the names and addresses of any and all of your employees who had contact with any FGG representative, employee, director, officer, partner, member, or shareholder.

## RESPONSE TO REQUEST NO. 28.

Natixis objects to this request as vague and ambiguous to the extent it fails to identify the representatives, employees, directors, officers, partners, members or shareholders who were parties to the communications it seeks. Natixis further objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search and will produce documents sufficient to show the names and address of any Natixis employees who communicated on Natixis' behalf with FGG, and will produce non-privileged, responsive documents.

## REQUEST NO. 29.

Documents sufficient to show the names and addresses of any and all of your employees who had contact with any BLMIS representative, manager, employee, director, officer, principal, partner, limited partner, member, shareholder, owner, or their respective immediate family members.

**RESPONSE TO REQUEST NO. 29.**

Natixis objects to this request as vague and ambiguous to the extent it fails to identify the representatives, managers, employees, directors, officers, principals, partners, limited partners, members, shareholders, owners or their respective family members who were parties to the communications it seeks. Natixis further objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search and will produce documents sufficient to show the names and address of Natixis employees who communicated on Natixis' behalf with BLMIS, and will produce non-privileged, responsive documents.

**REQUEST NO. 30.**

Documents sufficient to show the names and addresses of any and all of your employees who had contact with any Fund with a BLMIS Account representative, manager, employee, director, officer, principal, partner, limited partner, member, shareholder, or owner.

**RESPONSE TO REQUEST NO. 30.**

Natixis objects to this request as vague and ambiguous to the extent it fails to identify the representatives, managers, employees, directors, officers, principals, partners, limited partners, members, shareholders or owners who were parties to the communications it seeks. Natixis further objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect

the administration of the debtor's estate. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search and will produce documents sufficient to show the names and address of Natixis employees who communicated on Natixis' behalf with any Reference Funds that invested in BLMIS.

**REQUEST NO. 31.**

Any and all contracts and agreements, whether written or oral, between you and Fairfield Sentry, in effect during the Applicable Period.

**RESPONSE TO REQUEST NO. 31.**

Subject to and without waiver of the General Objections, Natixis responds that it did not enter into any contracts or agreements with Fairfield Sentry and thus has no documents responsive to this Request.

**REQUEST NO. 32.**

Any and all contracts and agreements, whether written or oral, between you and BLMIS, in effect during the Applicable Period.

**RESPONSE TO REQUEST NO. 32.**

Subject to and without waiver of the General Objections, Natixis responds that it did not enter into any contracts or agreements with BLMIS and thus has no documents responsive to this Request.

**REQUEST NO. 33.**

Any and all contracts and agreements, whether written or oral, between you and any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 33.**

Subject to and without waiver of the General Objections, Natixis responds that it did not enter into any contracts or agreements with any feeder funds that invested in BLMIS and thus has no documents responsive to this Request.

**REQUEST NO. 34.**

Any and all documents concerning BLMIS' financial condition, solvency, or ability to timely pay its debts.

**RESPONSE TO REQUEST NO. 34.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning BLMIS' financial condition, solvency or ability to timely pay its debts, and will produce non-privileged, responsive documents.

**REQUEST NO. 35.**

Any and all documents concerning how you used, disbursed, or further transferred any funds received from Fairfield Sentry.

**RESPONSE TO REQUEST NO. 35.**

Subject to and without waiver the General Objections, Natixis responds that it did not receive any funds from Fairfield Sentry, and thus has no documents responsive to this Request.

**REQUEST NO. 36.**

Any and all documents concerning how you used, disbursed, or further transferred any funds received from BLMIS.

**RESPONSE TO REQUEST NO. 36.**

Subject to and without waiver the General Objections, Natixis responds that it did not receive any funds from BLMIS, and thus has no documents responsive to this request.

**REQUEST NO. 37.**

Any and all documents concerning how you used, disbursed, or further transferred any funds received from any Fund with a BLMIS Account.

**RESPONSE TO REQUEST NO. 37.**

Subject to and without waiver of the General Objections, Natixis responds that it did not receive any funds from any Reference Fund that invested in BLMIS, and thus has no documents responsive to this request.

**REQUEST NO. 38.**

Any and all documents concerning the legality of BLMIS' operations.

**RESPONSE TO REQUEST NO. 38.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning the legality of BLMIS' operations, and will produce non-privileged, responsive documents.

**REQUEST NO. 39.**

Any and all documents concerning the feasibility of BLMIS' returns on investments.

**RESPONSE TO REQUEST NO. 39.**

Natixis objects to this request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, and to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning the feasibility of BLMIS' return on investments, and will produce non-privileged, responsive documents.

**REQUEST NO. 40.**

Any and all documents concerning any communication between you and any other person concerning any of BLMIS' accountants, auditors, accounting firms, or auditing firms, including, but not limited, to David G. Friehling or Friehling & Horowitz, CPAs, P.C.

**RESPONSE TO REQUEST NO. 40.**

Natixis objects to this request as vague and ambiguous to the extent it fails to identify BLMIS' accountants, auditors, accounting firms, or auditing firms, except for David G. Friehling and Friehling & Horowitz, CPAs, P.C. ("Friehling"). Natixis also objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is

conducting a reasonable, diligent search for documents concerning its communications concerning Friehling and BLMIS, and will produce any responsive, non-privileged documents.

## REQUEST NO. 41

Any and all documents concerning any of BLMIS' accountants, auditors, accounting firms, or auditing firms, including, but not limited to, David G. Friehling or Friehling & Horowitz, CPAs, P.C.

## RESPONSE TO REQUEST NO. 41.

Natixis objects to this request as vague and ambiguous to the extent it fails to identify BLMIS' accountants, auditors, accounting firms, or auditing firms, except for Friehling. Natixis also objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning Friehling and BLMIS and will produce responsive, non-privileged documents.

## REQUEST NO. 42.

Any and all documents concerning comparison of the return on investment you received from accounts with, or managed by, BLMIS, and the return on investment any other person received from accounts with, or managed by, BLMIS.

## RESPONSE TO REQUEST NO. 42.

Subject to and without waiver the General Objections, Natixis responds that it did not have any accounts with, or managed by, BLMIS and therefore has no responsive documents.

**REQUEST NO. 43.**

Any and all documents concerning any investigation of BLMIS by any government agency or official, to the extent that disclosure is not prohibited by law, including, but not limited to, the Securities and Exchange Commission, the Financial Industry Regulatory Authority, the National Association of Securities Dealers, or the Commonwealth of Massachusetts.

**RESPONSE TO REQUEST NO. 43.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is producing a copy of the FINRA Response with these responses. Natixis further responds that it is conducting a reasonable, diligent search for documents concerning investigations of BLMIS by any government agency or official, and will produce any responsive, non-privileged documents to the extent that disclosure is not prohibited by law.

**REQUEST NO. 44.**

Any and all documents concerning any communication between you and any government agency or official, to the extent that disclosure is not prohibited by law, including, but not limited to, the Securities and Exchange Commission, the Financial Industry Regulatory Authority, the National Association of Securities Dealers, or the Commonwealth of Massachusetts, concerning BLMIS.

**RESPONSE TO REQUEST NO. 44.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, and to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously

produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is producing a copy of the FINRA Response with these Responses and Objections. Natixis further responds that it is conducting a reasonable, diligent search for documents concerning its communications with any government agency or official concerning BLMIS, and will produce any responsive, non-privileged documents to the extent that disclosure is not prohibited by law.

**REQUEST NO. 45.**

Any and all documents concerning BLMIS' Form 13F filings with the Securities and Exchange Commission.

**RESPONSE TO REQUEST NO. 45.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, and to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning BLMIS' Form 13F filings with the SEC and will produce responsive, non-privileged documents.

**REQUEST NO. 46.**

Any and all documents concerning the article in the May 7, 2001 issue of Barron's, entitled "Don't Ask, Don't Tell: Bernie Madoff is so secretive, he even asks investors to keep mum."

**RESPONSE TO REQUEST NO. 46.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, and to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning the article in the May 7, 2001 issue of Barron's, entitled "Don't Ask, Don't Tell: Bernie Madoff is so secretive, he even asks investors to keep mum" and will produce responsive, non-privileged documents.

**REQUEST NO. 47.**

Any and all documents concerning the article in the December 16, 1992 issue of the Wall Street Journal, entitled, "Wall Street Mystery Features a Big Board Rival."

**RESPONSE TO REQUEST NO. 47.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning the article in the December 16, 1992 issue of the Wall Street Journal, entitled, "Wall Street Mystery Features a Big Board Rival" and will produce responsive, non-privileged documents.

**REQUEST NO. 48.**

Any and all documents concerning the May 2001 MAR/Hedge newsletter entitled, "Madoff Tops Charts; Skeptics Ask How."

**RESPONSE TO REQUEST NO. 48.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, and to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning the May 2001 MAR/Hedge newsletter entitled, "Madoff Tops Charts; Skeptics Ask How" and will produce responsive, non-privileged documents.

**REQUEST NO. 49.**

Any and all documents concerning any due diligence on BLMIS performed by any investment bank or financial institution, including, but not limited to, Societe Generale, Goldman Sachs, Citigroup, Morgan Stanley, Merrill Lynch, or Credit Suisse.

**RESPONSE TO REQUEST NO. 49.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, and to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for

documents concerning due diligence on BLMIS by any investment bank or financial institution, and will produce responsive, non-privileged documents.

**REQUEST NO. 50.**

Any and all documents concerning any opinions, research, or advice concerning investments with BLMIS, or any fund with accounts with, or managed by, BLMIS, from any person, including, but not limited to, Credit Suisse, Aksia, LLC, Albourne Partners, Acorn Partners, Simon Fludgate, Simon Ruddick, or Robert Rosenkranz.

**RESPONSE TO REQUEST NO. 50.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that it is conducting a reasonable, diligent search for documents concerning opinions, research or advice from third parties concerning investments with BLMIS or feeder funds that invested with BLMIS, and will produce responsive, non-privileged documents.

**REQUEST NO. 51.**

Any and all documents concerning the redemptions of Fairfield Sentry shares, as evidenced by the documents attached as Exhibit B.

**RESPONSE TO REQUEST NO. 51.**

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of

undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that Exhibit B does not relate to any transaction entered by Natixis North America Inc., its subsidiaries, or their predecessors. Natixis further responds that it did not redeem any Fairfield Sentry shares, but is conducting a reasonable, diligent search for documents concerning Fairfield Sentry, and will produce responsive, non-privileged documents.

## REQUEST NO. 52.

Any and all documents concerning how you used, discharged, or further transferred any funds you received as a result of the redemptions of Fairfield Sentry shares, as evidenced by the documents attached as Exhibit B.

## RESPONSE TO REQUEST NO. 52.

Natixis objects to this Request as overbroad and unduly burdensome to the extent that it seeks electronically stored information from sources that are not reasonably accessible because of undue burden or cost or both, to the extent it requires Natixis to produce documents and things that are more readily obtainable through parties to this action or other sources or were previously produced by BLMIS or other non-parties, and to the extent it does not seek information relevant to the conduct, property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. Natixis further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, or material or information that is protected as attorney work product. Subject to and without waiver of these or the General Objections, Natixis responds that Exhibit B does not relate to any transaction entered by Natixis North America Inc., its subsidiaries, or their predecessors. Natixis further responds that it did not receive any funds as a result of the

redemptions of Fairfield Sentry shares as evidenced by the documents attached as Exhibit B, and therefore has no responsive documents.

DAVIS & GILBERT LLP

By: _____
     Howard J. Rubin, Esq.
     Bruce M. Ginsberg, Esq.
     Cheryl M. Plambeck, Esq.
1740 Broadway
New York, NY 10019
*Attorneys for Natixis North America Inc.*