**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Attorneys for ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05355 (SMB) |
| Plaintiff, | |
| v. | |
| ABN AMRO BANK (IRELAND), LTD, (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED) and ABN AMRO CUSTODIAL SERVICES (IRELAND), LTD (f/k/a FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD.), | |
| Defendants. | |

**ABN DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO THE TRUSTEE'S MOTION FOR LIMITED DISCOVERY ON THE GOOD FAITH ISSUE**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT ...................................................................................................................................5

      A.     The Proposed Requests Are Almost Entirely Duplicative Of The Rule 2004 Subpoena ..................................................................................................6

      B.     The Rule 2004 Subpoena Already Requested And Obtained Information Regarding The ABN Defendants' State Of Mind And Good Faith ........................8

      C.     The Trustee's Attempt To Avoid the Impact of the Existing Production Does Not Constitute Good Cause for Further Discovery .........................................9

      D.     Expedited Merits Discovery Would Impose A Heavy Burden On The ABN Defendants ...............................................................................................12

CONCLUSION ..............................................................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Apollo Theater Found., Inc. v. W. Int'l Syndication*,
  No. 02 CIV. 10037 (DLC), 2004 WL 1375557 (S.D.N.Y. June 21, 2004) ............................. 11

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
  234 F.R.D. 4 (D.D.C. 2006) ................................................................................................. 12

*Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*,
  194 F.R.D. 618 (N.D. Ill. 2000) .............................................................................................. 6

*Picard v. ABN AMRO Bank (Ireland) Ltd.*,
  No. 17-1418 (2d Cir.) ............................................................................................................ 4

*Picard v. Tremont Group Holdings Inc., et al.*,
  No. 10-05310 (Bankr. S.D.N.Y. July 28, 2011) .................................................................... 10

*In re Recoton Corp.*,
  307 B.R. 751 (Bankr. S.D.N.Y. 2004) .................................................................................. 10

*Wultz v. Bank of China Ltd.*,
  No. 11 CIV. 1266 SAS, 2013 WL 1788559 (S.D.N.Y. Apr. 17, 2013) ................................ 11

### RULES

Fed. R. Bankr. P. 2004 ................................................................................................... *passim*

Fed. R. Civ. P. 26(d) ..................................................................................................... *passim*

Fed. R. Civ. P. 26(f) .................................................................................................................. 8

Defendants ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) ("ABN Ireland") and ABN AMRO Custodial Services (Ireland) Limited (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) (together with ABN Ireland, the "ABN Defendants") respectfully submit this supplemental memorandum of law in opposition to the Trustee's Brief.[1]

## PRELIMINARY STATEMENT

We are not aware of any case in which a party has obtained expedited merits discovery under Rule 26(d) after already having obtained merits discovery under Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") and initiated a lawsuit using that discovery. Years ago, the Trustee requested and obtained the documents it determined were sufficient to assess the ABN Defendants' state of mind. The Trustee chose two entities within the ABN AMRO corporate family ("ABN AMRO") upon which to serve a subpoena related to ABN AMRO's knowledge of, diligence regarding, and investments in feeder funds of Bernard L. Madoff Investment Securities LLC ("BLMIS or Madoff"). In response, the subpoenaed entities produced well over a thousand documents, running to more than 18,000 pages. Now, having essentially conceded that his current complaint states no legally sufficient claim, the Trustee seeks to alter the normal course of discovery to attempt to cure his pleading deficiencies. For the reasons discussed in the Consolidated Brief, the Trustee is not entitled to this discovery.

The ABN Defendants write separately to emphasize that the Trustee cannot show "good cause" specific to the ABN Defendants, for the additional reason that the Trustee has already

---

[1] The terms "Trustee's Brief" and "Tr. Br." shall mean the Trustee's Memorandum of Law in Support of Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1), dated August 28, 2014, ECF No. 66. The terms "Consolidated Brief" and "Cons. Br." shall mean the Transferee Defendants' Consolidated Memorandum of Law in Opposition to the Trustee's Motion For Limited Discovery on the Good Faith Issue, dated October 6, 2017, ECF No. 133. Capitalized terms not defined in this memorandum have the same meanings as in the Consolidated Brief. This brief incorporates by reference the arguments made in the Consolidated Brief.

1

sought, and received, information related to the ABN Defendants' state of mind. First, the subpoena the Trustee issued during the Rule 2004 process (the "Rule 2004 Subpoena") covers essentially all of the topics he now requests. Second, and more specifically, the Trustee already sought and received numerous documents regarding the ABN Defendants' state of mind; in fact, the Trustee relied on those documents in alleging the ABN Defendants' state of mind, ECF No. 97. Third, none of the Trustee's putative objections to his prior discovery demonstrate a need for additional expedited merits discovery. Finally, the documents the Trustee seeks are not easily accessible, and much of the institutional knowledge about these documents has been lost; recalling those documents and recreating that knowledge would be a long and expensive process which should not be imposed before the sufficiency of Trustee's complaint has been tested.

## BACKGROUND

On November 19, 2009, the Trustee decided to serve the Rule 2004 Subpoena on Fortis PFS USA LLC, and its predecessor entity, Fortis Prime Fund Solutions (USA) LLC (together, "ABN Fund Services").[2] *See* Rule 2004 Subpoena, attached hereto as Ex. A. ABN Fund Services was a US-based entity within a larger corporate family that included both of the ABN Defendants. Giblin Decl. ¶ 5. The very broad Rule 2004 subpoena contained 40 requests for production, including requests that asked for:

- "All documents comprising or concerning communications . . . regarding Madoff" (¶ 15);

- "All documents concerning any and all investments with Madoff . . . including but not limited to investments made by . . . any . . . Fund" (¶ 19);

- "All documents related to due diligence of Madoff by [ABN Fund Services]" (¶ 28); and

---

[2] ABN AMRO Fund Services USA LLC is the successor entity to Fortis PFS USA LLC. Giblin Decl. ¶ 6. The term "Giblin Decl." refers to the Declaration of Thomas J. Giblin in Support of the ABN Defendants' Supplemental Memorandum of Law, dated October 6, 2017. Unless otherwise stated, citations to exhibits refer to documents exhibited in the Giblin Declaration.

2

- "All documents and communications . . . concerning Madoff's investment strategy and performance, including . . . front-running, Ponzi schemes, fraud or fraudulent schemes" (¶ 32).

Counsel for ABN Fund Services met and conferred with the Trustee on January 7, 2010. Giblin Decl. ¶ 7. On February 8, 2010, ABN Fund Services and the Trustee memorialized the results of that discussion in a letter agreement. *See* Letter from David M. Brodsky and David Esseks to Frederick W. Chockley III, dated February 8, 2010 (the "Letter Agreement"), attached hereto as Exhibit B. The main purpose of the Letter Agreement was to memorialize certain changes in ABN Fund Services' corporate structure, and the effect of those changes on its data management and response to the Rule 2004 Subpoena. *Id*. at 1. The Letter Agreement also limited the broad definition of "Fund" contained in the Rule 2004 Subpoena to the funds that had been specifically named in the Rule 2004 Subpoena. *Id*. at 2. However, it also reserved the right for the Trustee to "request that [ABN Fund Services] search the available data for additional fund names." Otherwise, the Letter Agreement did not limit any of the Trustee's requests, save one not relevant here.[3] *Id*. The Trustee's broadest requests for production remained untouched.

ABN Fund Services then conducted a fulsome document collection and review, after which it produced, as the Trustee admits, 1,444 documents (the "2004 Production"). Giblin Decl. ¶¶ 14-15; Griffin Decl. Ex. C-2.[4] Although information related to the Rye Funds (and other entities) was initially redacted, the Rye redactions were removed at the Trustee's request, a process that included over 300 documents related to the Rye Funds. Giblin Decl. ¶¶ 17-18. The production included internal emails, risk reports, spreadsheets, and memoranda analyzing

---

[3] The Letter Agreement limited Request 40, which demanded "[d]ocuments sufficient to disclose the dollar value of all assets under management, or for which [ABN Fund Services] has had any consulting responsibility, as of the end of the most recent calendar month." Ex. A at 8.

[4] The term "Griffin Decl." shall mean the Declaration of Regina Griffin in Support of the Trustee's Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1), dated August 28, 2014, ECF No. 63.

3

investments with Madoff and/or various feeder funds, including the Rye Funds. *Id.* At the same time, the Trustee conducted an investigation of the Rye Funds, including a Rule 2004 examination of the Rye Funds, their affiliates, and related third parties. *See* Cons. Br. at 4. After the 2004 Production was completed, the ABN AMRO corporate family continued to undergo restructuring; most employees who could assist in a document production have since left. Kumar Decl. ¶¶ 8-10, 13-14.[5] Madoff-related documents were moved to storage facilities and to offline servers for preservation. Kumar Decl. ¶¶ 11-12. If merits discovery resumes, the ABN Defendants anticipate that they would incur significant expense and effort to restore and review these documents, and would lack the assistance of knowledgeable employees. *Id.* at ¶ 15.

On December 8, 2010, the Trustee filed this adversary proceeding against the ABN Defendants, *see* ECF No. 1, which was amended on July 3, 2012. *See* ECF No. 42.[6] On April 27, 2014, Judge Rakoff issued the Good Faith Decision, and on July 6, 2014, Judge Rakoff issued the Extraterritoriality Decision. *See* Cons. Br. at 6-7. In an unsuccessful attempt to avoid the effects of the Extraterritoriality Decision, the Trustee proffered additional knowledge allegations against the ABN Defendants. *See* ECF No. 97 (the "Proffer"). Using documents produced in the 2004 Production,[7] it alleged that "[ABN AMRO entities] worked as a single entity to transact business with the Feeder Funds," *id.* ¶ 5, and made numerous allegations about the knowledge of the ABN Defendants and other ABN AMRO entities regarding Madoff.[8]

---

[5] The term "Kumar Decl." refers to the Declaration of Amod Kumar in Support of the ABN Defendants' Supplemental Memorandum of Law, dated October 6, 2017.

[6] Count Two of the Amended Complaint, asserted only against Rye Select Broad Market XL Fund, L.P., was dismissed on February 27, 2013, after the voluntary dismissal with prejudice of that defendant. *See* ECF No. 50. Count Four was dismissed, pursuant to the Extraterritoriality Decision and this Court's November 22, 2016 decision, via stipulation on March 9, 2017. *See* ECF No. 119. The dismissal of Count Four is now pending appeal before the Second Circuit. *See* ECF No. 120; *see also Picard v. ABN AMRO Bank (Ireland) Ltd.*, No. 17-1418 (2d Cir.).

[7] *See, e.g., id.* ¶¶ 34, 37, 38, 39, 43, 53, 55, 56, 57, 58, 59.

[8] *See id.* ¶¶ 6, 21, 22, 26, 28, 35, 38, 41, 51, 54, 55, 60.

4

Now, years later, the Trustee seeks further, expedited merits discovery pursuant to Federal Rule of Civil Procedure 26(d) ("Rule 26(d)"), and has proposed four purportedly "new" requests for production (each, a "Proposed Request"). *See* Griffin Decl., Ex. D at 1. His motion is accompanied by a chart summarizing certain discovery to date. Griffin Decl., Ex. C-2. As to the ABN Defendants, the Trustee concedes that a "Related Third Party" produced 1,444 documents, but attempts to minimize its impact by asserting two excuses: (1) the "[p]roduction is heavily redacted; [and (2)] records produced pertained to services provided to a feeder fund defendant in a different adversary proceeding." *See id.* at 1.

## ARGUMENT

For the reasons set forth in the Consolidated Brief, the Trustee has not—and cannot—satisfy any of the relevant factors as to any defendant in these proceedings including the ABN Defendants, and so has not demonstrated good cause. *See* Cons. Br. at 15-16.

Specific to the ABN Defendants, the Trustee's request fails for the additional reason that the discovery the Trustee chose to obtain under Rule 2004 renders him entirely unable to show any "need" for further merits discovery on an expedited basis. First, the Proposed Requests are almost entirely duplicative of the Rule 2004 Subpoena. Second, and more specifically, the Rule 2004 discovery already covered the ABN Defendants' state of mind and good faith related to Madoff, which is the only purported reason for the expedited merits discovery. Third, the Trustee's attempts to explain away ABN Fund Services' prior discovery are contradicted by the fact that he found that discovery sufficient to allege the ABN Defendants' state of mind once, and in any event his excuses do not match his purported justification for expedited merits discovery. Finally, additional expedited merits discovery would create a significant burden which should not be imposed until the Trustee can allege a legally sufficient claim. Because the

5

Trustee has demonstrated no need, and his requests would be unduly burdensome, his motion for expedited merits discovery from the ABN Defendants should be denied.

### A. The Proposed Requests Are Almost Entirely Duplicative Of The Rule 2004 Subpoena

To prove his entitlement to expedited merits discovery, among other requirements the Trustee "must make some *prima facie* showing of the *need* for the expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) (emphasis in original). He has demonstrated no such need for this discovery, which is almost entirely duplicative of the Rule 2004 discovery he already pursued, and obtained, from ABN Fund Services before he commenced this adversary complaint. This is fatal, and underscores the point that the Trustee seeks nothing more than an inappropriate second chance at merits discovery, which is not a permissible use of Rule 26(d). *See* Cons. Br. § II.

The degree of overlap between the Proposed Requests and the Original Requests is apparent from even a cursory comparison. For example, Proposed Request 1 seeks "[d]ocuments concerning the review, analysis, due diligence, and ongoing monitoring of actual or prospective investments and transactions involving BLMIS, Feeder Funds, or BLMIS-Related Investment Products[,]" and Proposed Request 2 demands "[d]ocuments concerning Defendant(s)' investment decision, evaluation, approval, disapproval, or ongoing monitoring of any investments or transactions involving BLMIS, Feeder Funds, or BLMIS-Related Investment Products." Griffin Decl., Ex. D at 1. Documents matching that broad description would be substantially similar, if not identical, to documents requested in no fewer than *twenty-two* requests made in the Rule 2004 Subpoena.[9] In fact, even just four of the Original Requests would suffice to obtain the same documents as Proposed Requests 1 and 2:

---

[9] *See* Ex. A, ¶¶ 2, 4, 5, 6, 10, 11, 15, 17, 18, 19, 20, 21, 22, 23, 25, 26, 28, 28, 30, 31, 32, and 37.

6

- **Original Request 15**: "**All documents** comprising or concerning communications . . . **regarding Madoff**, including but not limited to direct or indirect communications between and among Madoff, [ABN Fund Services, and] . . . any Fund";

- **Original Request 19**: "**All documents concerning any and all investments with Madoff** . . . including but not limited to investments made by . . . any . . . Fund";

- **Original Request 28**: "**All documents related to due diligence of Madoff** by [ABN Fund Services]"; and

- **Original Request 32**: "**All documents and communications . . . concerning Madoff's investment strategy and performance**, including but not limited to any and all references to consistency of returns, guaranteed returns, market making business, front-running, Ponzi schemes, fraud or fraudulent schemes."

Ex. A at 5-7.[10] These would have included the documents the Trustee now (again) requests, such as due diligence, analysis, evaluation, and monitoring of BLMIS and/or feeder funds.

Likewise, Proposed Request 3, which seeks "[d]ocuments concerning fraud, Ponzi, illegality, front-running, investigations, insolvency, or embezzlement at BLMIS or Feeder Funds," *see* Griffin Decl., Ex. D at 1, is nearly identical to Original Request 32, which sought "**[a]ll documents . . . concerning** Madoff's investment strategy and performance, including . . . any and all references to . . . **front-running, Ponzi schemes, fraud or fraudulent schemes**." Ex. A at 7.[11]

Similarly, Proposed Request 4, which demands "[d]ocuments concerning fees, rebates, commissions, retrocessions, or any other renumeration paid to or by Defendant(s), related to investments and transactions involving BLMIS, Feeder Funds, or BLMIS-Related Investment Products," is nearly identical to Original Request 27, which demands "[d]ocuments sufficient to demonstrate **all fees, commissions, rebates or other compensation arrangements and/or**

---

[10] All emphasis that follows is added.
[11] Similar information would arguably be responsive to Original Requests 6, 15, 17, 19, 28, 29, 30, 32, 33, 34, and 35. *See* Ex. A.

7

**payments** between [ABN Fund Services and various feeder funds.]" Griffin Decl., Ex. D at 1; Ex. A at 7.[12]

To the extent the Proposed Requests have some minor variations in wording, or minor changes in scope, the Trustee's regrets over his prior wording choices do not justify deviation from the normal discovery process, and no case has allowed Rule 26(d) discovery on that basis. If he wants to supplement his prior merits discovery requests, he could do so if and when a Rule 26(f) conference occurs. Until then, the Trustee must live with his choices. Since the Proposed Requests seek documents already demanded in the Rule 2004 Subpoena, the Trustee cannot have good cause for expedited merits discovery in deviation from the normal discovery process.

    **B.**    **The Rule 2004 Subpoena Already Requested And Obtained Information Regarding The ABN Defendants' State Of Mind And Good Faith**

While the Trustee argues that he needs expedited discovery because the Good Faith Decision has made ABN's good faith newly relevant, *see* Cons. Br. at 10-11, this argument conflates (i) a purported change in the good faith standard with (ii) a change in the relevant documents—which are the same under either good faith standard. The Trustee concedes (as he must) that the ABN Defendants' state of mind and knowledge of Madoff were already relevant under his prior (mis)interpretation of the good faith standard – and for this reason he in fact requested and obtained documents regarding that state of mind, and then proffered a complaint alleging the ABN Defendants' state of mind using those documents.

As discussed in § A above, Original Requests 15, 19, 28, and 32 (which essentially demanded *all* documents related to Madoff) included documents relevant to "due diligence of Madoff", "investments with Madoff" and related feeder funds, "Madoff's investment strategy", and "front-running, Ponzi schemes, fraud or fraudulent schemes" at Madoff. *Id*. at 5-7; *see also*

---

[12] As noted below, the fact that the Trustee chose to direct his Rule 2004 discovery at two particular entities does not affect the analysis.

8

Ex. A, Reqs. 6, 15, 23, 29, 30, 36. Each of these bore directly upon knowledge of Madoff and thus good faith; they encompass any internal discussion or external communication about Madoff, his investment strategy, and whether that strategy raised concerns among the ABN Defendants' personnel. That the Trustee did not find evidence of willful blindness is not a result of the Trustee's failure to pursue further discovery once he believed he had met "the inquiry notice standard"; instead, it demonstrates the absence of willful blindness.

Moreover, even had the pleading burden or good faith standards changed—and they did not, *see* Cons. Br. at 10-12—the Trustee already obtained sufficient discovery to understand and then assert detailed (though legally insufficient) allegations about the ABN Defendants' state of mind. The Proffer is riddled with allegations about what ABN Fund Services supposedly "knew" about BLMIS's operations. *See* Proffer ¶¶ 6, 21, 22, 26, 28, 35, 38, 41, 51, 54, 55, 60. Among those allegations are references to due diligence conducted by ABN AMRO entities, including "a memorandum prepared by [ABN Ireland]," *id.* ¶ 35, alleged due diligence meetings with Madoff by employees of a predecessor entity, ¶ 38, and indeed due diligence allegedly conducted by ABN Ireland itself, ¶ 41. The Trustee already requested and obtained those documents he deemed necessary and sufficient to allege the ABN Defendants' state of mind.

### C.  The Trustee's Attempt To Avoid the Impact of the Existing Production Does Not Constitute Good Cause for Further Discovery

Recognizing that his prior merits discovery from ABN Fund Services (including 1,444 documents relevant to this adversary proceeding) dooms his request, the Trustee makes two arguments why ABN Fund Services' prior merits discovery does not eliminate his "need."

First, the Trustee claims that the produced documents did not relate to the Rye Funds, but instead "pertained to services provided to a feeder fund defendant in a different adversary proceeding." Griffin Decl., Ex. C-2, at 1. *See also* Tr. Br. at 4 n.8 (calling productions

9

"limited"). This is not true, nor if true would it entitle him to renewed, expedited merits discovery. ABN Fund Services produced over 300 documents pertaining to the Rye Funds, many of which are directly pertinent to the Trustee's current stated purposes, including risk reports, internal emails, credit proposal summaries and credit applications, and spreadsheets tracking credit facilities offered to funds that invested with Madoff. Giblin Decl. ¶ 17.[13]

Even if the Trustee had not already obtained documents regarding the Rye Funds, that would not justify additional expedited merits discovery from the ABN Defendants. The Trustee could have requested documents specifically about the Rye Funds, but he strategically chose not to. *See* Ex. A. Indeed, the Letter Agreement expressly permitted the Trustee to request documents regarding additional funds, which the Trustee, again, chose not to do. Ex. B at 2. Instead, he asked only that the Rye-related documents be unredacted. His apparent regret with his prior decisions is not a basis to deviate from the normal discovery rules, and no court has ever so found.[14] Moreover, the reason he purportedly needs additional merits discovery now—to determine the knowledge of the ABN Defendants about Madoff—is not fund-specific; indeed his Rule 2004 requests about knowledge of Madoff were not limited to specific funds. *See, e.g.*, Ex. A ¶¶ 15, 19, 28, 32. Consistent with that, the Trustee has already alleged the ABN Defendants' knowledge of Madoff in general, using the 2004 Production. The Trustee's focus on particular funds now is a red herring, just like his focus on the purported change in legal standard.

---

[13] This is, of course, in addition to the documents and information the Trustee received from the Rye Funds and BLMIS during his "comprehensive investigation" of the Rye Funds, including Rule 2004 examinations and a "substantial review and analysis of records and documents produced by the [Rye Funds] and third parties." Motion to Approve Compromise at 9-10, *Picard v. Tremont Group Holdings Inc., et al.*, No. 10-05310 (Bankr. S.D.N.Y. July 28, 2011), ECF No. 17; *see* Cons. Br. at 13.

[14] When the Trustee decided to file, he was well aware that he was giving up his right to take Rule 2004 discovery. *See* Cons. Br. at 9; *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). That the Trustee now regrets not seeking more information about the Rye funds when he was permitted to do so is not a reason to reward him with Rule 26(d) discovery.

10

Second, the Trustee also claims that the 2004 Production was "heavily redacted." Griffin Decl., Ex. C-2, at 1. But this is not grounds for expedited additional merits discovery. The Trustee never moved to compel the removal of redactions, and when the Trustee requested that ABN Fund Services remove redactions from information regarding the Rye Funds in 2010, it willingly complied. Giblin Decl. ¶ 18. If the Court nonetheless believes this objection is timely, the ABN Defendants will show these documents to the Court *in camera*. *See Wultz v. Bank of China Ltd.*, No. 11 CIV. 1266 SAS, 2013 WL 1788559, at *2 (S.D.N.Y. Apr. 17, 2013) (ordering *in camera* review to determine whether document should be unredacted). Regardless, the appropriate remedy if any redactions are inappropriate would be unredaction, not additional expedited merits discovery.

Finally, if on reply the Trustee regrets his decision to seek Rule 2004 discovery from ABN Fund Services rather than other ABN AMRO entities, that again was his choice. *See* Griffin Decl. Ex. 2. Moreover, the Trustee's own Proffer demonstrates that his prior focus on a particular ABN entity does not prevent him from making allegations about the ABN Defendants' state of mind. *See supra* § B. Indeed, the Trustee expressly argued in that Proffer that the various ABN AMRO entities were so entwined that they should be treated as one entity, or at least, as a "global network," so as to make such distinctions irrelevant. *See* Proffer ¶¶ 5 ("Fortis worked as a single entity to transact business with the Feeder Funds."), 50 (referring to ABN Defendants as part of "Fortis's global network"); *see also id.* ¶¶ 9, 13, 34, 52. The Trustee cannot now claim that the ABN Defendants were so separate that its discovery from ABN Fund Services was inadequate.[15]

---

[15] *See, e.g., Apollo Theater Found., Inc. v. W. Int'l Syndication*, No. 02 CIV. 10037 (DLC), 2004 WL 1375557, at *3 (S.D.N.Y. June 21, 2004) ("[A] party may not freely take inconsistent positions in a law suit and simply ignore the effects of a prior filed document.").

11

### D. Expedited Merits Discovery Would Impose A Heavy Burden On The ABN Defendants

The Trustee's request for expedited merits discovery would impose a heavy burden on the ABN Defendants, weighing further against a finding of good cause. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006). Although any Madoff-related documents have been preserved, the ABN Defendants would have to undergo a lengthy and expensive process to find the relevant documents, determine which belong to which ABN AMRO entity, review them, then determine which are duplicative of the 2004 Production. The burden is further exacerbated by the fact that almost all employees who had knowledge of the Madoff investments are no longer at ABN AMRO. To incur this expense and burden now, before the Trustee has alleged a legally sufficient claim, is not appropriate.

## CONCLUSION

For the above reasons, as well as the reasons in the Consolidated Brief, the ABN Defendants respectfully request that the Court deny the Trustee's motion for limited discovery.

[*Signature to follow*]

Dated: October 6, 2017
New York, New York

           Respectfully submitted,

           LATHAM & WATKINS LLP

By: /s/ Christopher R. Harris

Christopher R. Harris
Thomas J. Giblin
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: christopher.harris@lw.com
Email: thomas.giblin@lw.com

*Attorneys for ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.)*