**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Attorneys for ABN AMRO Bank (Ireland) Ltd.*
*(f/k/a Fortis Prime Fund Solutions Bank*
*(Ireland) Ltd.) (n/k/a ABN AMRO Retained*
*Custodial Services (Ireland) Limited) and*
*ABN AMRO Custodial Services (Ireland) Ltd.*
*(f/k/a Fortis Prime Fund Solutions Custodial*
*Services (Ireland) Ltd.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> ABN AMRO BANK (IRELAND), LTD, (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED) and <br><br> ABN AMRO CUSTODIAL SERVICES (IRELAND), LTD (f/k/a FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD.), <br><br> Defendants. | Adv. Pro. No. 10-05355 (SMB) |

**DECLARATION OF THOMAS J. GIBLIN IN SUPPORT OF THE ABN DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO THE TRUSTEE'S MOTION FOR LIMITED <u>DISCOVERY ON THE GOOD FAITH ISSUE</u>**

I, Thomas J. Giblin, am an associate of the law firm of Latham & Watkins LLP, 885 Third Avenue, New York, New York.  I am a member of the bar of the State of New York and am admitted to practice in the United States District Court for the Southern District of New York.  I submit this declaration in support of the ABN Defendants' Supplemental Memorandum of Law in Support of Defendants' Opposition to the Trustee's Motion for Limited Discovery on the Good Faith Issue (the "Supplemental Brief").

1.      I make this declaration to transmit to this Court true and correct copies of documents, and to provide relevant information in connection with the Supplemental Brief.

2.      Attached hereto as Exhibit A is a true and correct copy of the Subpoena for Rule 2004 Examination served on Fortis Prime Fund Solutions (USA) LLC, dated November 19, 2009 (the "Rule 2004 Subpoena").

3.      Attached hereto as Exhibit B is a true and correct copy of the Letter from David M. Brodsky and David Esseks to Frederick W. Chockley III, dated February 8, 2010 (the "Letter Agreement").

4.      On November 19, 2009, the Trustee served subpoenas for Rule 2004 examination on Fortis PFS USA LLC, and its predecessor entity, Fortis Prime Fund Solutions (USA) LLC (together, "ABN Fund Services").

5.      ABN Fund Services was a US-based entity within a larger corporate family that included Defendants ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) and ABN AMRO Custodial Services (Ireland) Limited (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) (together, the "ABN Defendants").

1

6.      ABN AMRO Fund Services USA LLC is the successor entity to Fortis PFS USA LLC.

7.      On January 7, 2010, counsel for ABN Fund Services met and conferred with the Trustee regarding the Rule 2004 Subpoena (the "January Conference").

8.      At the January Conference, counsel for ABN Fund Services explained certain changes in ABN Fund Services' corporate structure, and the effect of those changes on its data management and response to the Rule 2004 Subpoena.

9.      At the January Conference, ABN Fund Services and the Trustee agreed that ABN Fund Services would produce documents pertaining only to the feeder funds that were expressly listed in the Rule 2004 Subpoena: Striker Fund Limited (BVI), Defender Limited (BVI), Harley International (Cayman) Limited, Harley International Limited, Fiman Limited (Gibraltar), Reliance International Research LLC, Reliance International LLC, Reliance Research LLC, Reliance Management (BVI) Limited, Reliance Multi-Advisor Fund Limited, and Reliance Management (Gibraltar) Limited.

10.     The Trustee did not name Rye Select Broad Market LP, Rye Select Broad Market XL Fund LP, or Rye Select Broad Market Prime Fund LP (together, the "Rye Funds") in the Rule 2004 Subpoena.

11.     On February 8, 2010, ABN Fund Services and the Trustee memorialized the results of the January Conference in the Letter Agreement.

12.     The Letter Agreement provided that the Trustee could request that ABN Fund Services search for and produce documents regarding feeder funds not listed in the Rule 2004 Subpoena.  To the best of my knowledge and recollection, the Trustee has never so requested.

2

13.    The Letter Agreement did not provide that ABN Fund Services would produce documents regarding the Rye Funds.

14.    In response to the Rule 2004 Subpoena, and as a result of the January Conference and the ensuing Letter Agreement, counsel for ABN Fund Services collected over 20,000 documents, and reviewed over 18,000 of those documents.

15.    As the Trustee concedes, ABN Fund Services produced over 1,444 documents (the "Rule 2004 Production"). The Rule 2004 Production consisted of over 18,000 pages. The Rule 2004 Production included internal emails, risk reports, spreadsheets, and memoranda analyzing investments with Madoff and/or various feeder funds, including the Rye Funds.

16.    Information about parties unrelated to the Trustee's requests was redacted.

17.    Although the Rye Funds were not named in the Rule 2004 Subpoena or the Letter Agreement, ABN Fund Services produced over 300 documents about the Rye Funds. These documents included risk reports, internal emails, credit proposal summaries and credit applications, and spreadsheets tracking credit facilities offered to funds that invested with Madoff. Information about the Rye Funds was initially redacted in the Rule 2004 Production.

18.    At the Trustee's request, in October 2010, ABN Fund Services removed redactions from information related to the Rye Funds in the Rule 2004 Production.

19.    On December 8, 2010, the Trustee filed this adversary proceeding against the ABN Defendants, seeking to recover transfers they had received from the Rye Funds. *See* ECF No. 1.

20.    The Trustee never issued a subpoena for a Rule 2004 examination on either of the ABN Defendants.

3

21.     The Trustee never issued a motion to compel regarding the redactions in the Rule

2004 Production.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28

U.S.C. § 1746.

Executed this 6th day of October, 2017 in New York, New York.

Thomas J. Giblin