

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

File No. 047625-0001

February 8, 2010

**VIA EMAIL**

Frederick W. Chockley III, Esq.
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

Re:  Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789-BRL: Subpoena for Rule 2004 Examination

Dear Fritz:

We write to follow up on our January 7, 2010 telephone conference regarding the responses of Fortis PFS USA LLC (the "New LLC") and Fortis Prime Fund Solutions (USA) LLC (the "Old LLC" and, with the New LLC, the "Entities") to your Subpoenas for Rule 2004 Examination (the "Subpoenas"). As you know, Latham & Watkins LLP represents the New LLC and Allen & Overy LLP represents the Old LLC, the entities to which your Subpoenas were directed. This letter serves to memorialize the agreements made during the January 7 call.

As we discussed during our telephone conference, on October 30, 2009 all the data for employees of the New LLC who previously worked for the Old LLC was migrated from the computer servers of the Old LLC to the computer servers of the New LLC. Accordingly, a substantial amount of data that may be responsive to the Subpoenas is held, in identical form, by both Entities. Because of this overlap, we agreed that the Entities should review this data, and produce responsive documents, jointly. Additionally, we agreed that the review of electronic data would be limited, initially, to the data described above (that is, the data that was migrated from the Old LLC to the New LLC on October 30, 2009). We further agreed that any additional electronic data held by either PFS Entity, which, at this point in time, we believe is limited to an additional server containing back-up emails and to back-up tapes (the latter being housed in a remote facility), will be preserved and that you may at a later date request that the Entities produce documents from this additional data, subject to either Entity's objections.

We agreed that the definition of "FPFS" in the Subpoenas, for collection of the data described above, should be limited to the Entities. However, such term will be interpreted broadly when determining what documents are responsive to the Subpoenas.

Frederick W. Chockley III
February 8, 2010
Page 2

**LATHAM&WATKINS**LLP

With respect to paragraphs 3 to 9 (inclusive) of Section B of Attachment A to the Subpoenas (entitled "Documents to be Produced"), we agreed that the Entities would produce documents pertaining only to the funds defined in Paragraphs 4 to 9 (inclusive) of Section A of Attachment A to the Subpoenas (entitled "Definitions and Instructions"), as limited in the manner we discussed,[1] but that if you request that the Entities search the available data for additional fund names, they will do so, subject to objections.

We agreed that the request in paragraph 40 of Section B of Attachment A to the Subpoenas, for documents sufficient to disclose the dollar value of all assets under management, or for which the Entities have any consulting responsibility, shall be disregarded until the request is reformulated, at which time we will reassess and rediscuss our responses, if any, and as to which the right to object is reserved.

As to other paragraphs in the Subpoenas (including, for the avoidance of doubt, Attachment A to the Subpoenas), we reserve the right to discuss any other objections to their scope and burdensome nature, and will file our objections at the appropriate time.

Finally, we agreed that production of hard copy documents would precede production of electronic data, as there have been multiple hindrances to the ability of the Entities to begin to process and review the electronic data (and such data contains information that may be subject to offshore confidentiality or data privacy restrictions). The goal of the Entities is to produce the first set of hard copy documents at the end of next week.

By way of this letter the Entities do not waive, and expressly reserve, any rights to responses or objections that either Entity may make to the Subpoenas, including the rights to responses and objections asserted by each Entity, individually, on January 15, 2010 in their respective Responses and Objections to Subpoena for Rule 2004 Examination.

---

[1] With respect to paragraphs 3 to 37 (inclusive) of Section B of Attachment A to the Subpoenas, the Entities will construe the definition of "Fund" to include only Striker Fund Limited (BVI) (erroneously described in the Subpoenas as "Striker Fund (BVI)"); Defender Limited (BVI) (erroneously described in the Subpoenas as "Defender Limited"); Harley International (Cayman) Limited and Harley International Limited (erroneously described in the Subpoenas as "Harley International Fund Limited"); Fiman Limited (Gibraltar); Reliance International Research LLC, Reliance International LLC, Reliance Research LLC, Reliance Management (BVI) Limited, Reliance Multi-Advisor Fund Limited, and Reliance Management (Gibraltar) Limited only. Further, with respect to the terms defined in paragraphs 4 to 9 (inclusive) of Section A of Attachment A to the Subpoenas, each defined term will be construed by the Entities to mean only those specific entities mentioned in the previous sentence of this footnote.

Frederick W. Chockley III
February 8, 2010
Page 3

LATHAM & WATKINS LLP

Please acknowledge receipt of this letter and agreement to this arrangement.

Respectfully,

_____
David M. Brodsky
of Latham & Watkins LLP

*Attorneys for Fortis PFS USA LLC*

_____
David Esseks
of Allen & Overy LLP

*Attorneys for Fortis Prime Fund Solutions (USA) LLC*

Agreed to this 9th day of February, 2010.

_____
By: Frederick W. Chockley III
of Baker & Hostetler LLP

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*