```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
SECURITIES INVESTOR PROTECTION :
CORPORATION, : Adv. Pro. No. 08-01789 (SMB)
: SIPA Liquidation
Plaintiff-Applicant,: (Substantively Consolidated)
:
-against- : Adv. Pro No. 10-5354 (SMB)
:
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
:
Defendant.:
-------------------------------------------------------------X
In re: :
:
BERNARD L. MADOFF, :
:
Debtor.:
-------------------------------------------------------------X
ABN AMRO BANK N.V. (presently known as :
THE ROYAL BANK OF SCOTLAND, N.V.), :
:
Appellant,: 17-CV-2959 (VEC)
:
-against- : MEMORANDUM OPINION &
: ORDER
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC , :
:
Appellee.:
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

This appeal arises out of one of the many clawback actions brought by Irving H. Picard ("Trustee"), the Trustee in the liquidation proceedings for Bernard L. Madoff Investment Securities LLC ("BLMIS"). In the adversary proceeding before the bankruptcy court, the Trustee seeks to avoid, pursuant to Section 550(a) of the Bankruptcy Code, approximately $149 million in transfers from two Cayman Islands feeder funds to ABN AMRO Bank N.V. (presently

1

known as the Royal Bank of Scotland N.V.) ("RBS/ABN"), a Dutch company. RBS/ABN moves pursuant to 28 U.S.C. § 158(a)(3) and Rule 8004 of the Federal Rules of Bankruptcy Procedure for leave to appeal the bankruptcy court's order, issued on March 3, 2017, denying RBS/ABN's motion to dismiss based on comity and extraterritoriality grounds.

## BACKGROUND

On December 8, 2010, the Trustee commenced an adversary proceeding against RBS/ABN to recover $237.9 million that originated from BLMIS and that was received by ABN/RBS (the "Rye Action"). Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to ABN AMRO Bank N.V. ("Proffered Allegations") ¶ 1, Adv. Pro. ECF No. 101.[1]

Rye Select Broad Market XL Portfolio ("Rye XL Portfolio") and Rye Select Broad Market Portfolio Limited ("Rye Portfolio Limited") (collectively, the "Rye Cayman Funds") were feeder funds registered in the Cayman Islands that pooled investors' assets and invested them with BLMIS. Proffered Allegations ¶¶ 14-15. In September 2006, RBS/ABN entered into a swap agreement with Rye XL Portfolio, and, in connection with that swap, RBS/ABN received $74.6 million in subsequent transfers from Rye XL Portfolio. *Id.* ¶ 21. During that same time, RBS/ABN also invested in Rye Portfolio Limited and received $74.4 million from Rye Portfolio Limited, for a total of $149 million from the Rye Cayman Funds. *Id.* ¶ 22.

The Rye Select Broad Market XL Fund, L.P. ("Rye Broad Market XL") and Rye Select Broad Market Fund, L.P. ("Rye Broad Market") (collectively, "Rye Delaware Funds") were feeder funders registered in Delaware that pooled investors' assets and invested them with BLMIS. *Id.* ¶¶ 17-18. On November 1, 2007, RBS/ABN entered into transactions with the Rye

---

[1] The Court cites to specific docket entries in the adversary proceeding before the bankruptcy court, No. 10-5354 (SMB), as "Adv. Pro. ECF No."

2

Delaware Funds that were allegedly substantially the same at the 2006 transactions with the Rye Cayman Funds. *Id.* ¶¶ 42-49. The Rye Cayman Funds and the Rye Delaware Funds were all operated by Tremont Group Holdings, Inc. ("Tremont"). *Id.* ¶¶ 14-15, 17-18.

In addition to seeking to recover the $149 million that RBS/ABN received from the Rye Cayman Funds, the Trustee also seeks to recover $88.9 million that RBS/ABN received from the Rye Delaware Funds. *See* Rye Action Am. Compl. ¶¶ 81-82, Adv. Pro. ECF No. 47. Combining the $149 million from the Rye Cayman Funds and the $88.9 million from the Rye Delaware Funds, the Trustee seeks to recoup a total of $237.9 million from RBS/ABN in the Rye Action.

In connection with the Rye Action and other similar adversary proceedings in the BLMIS liquidation, in 2012, the district court withdrew the reference to the bankruptcy court pursuant to 28 U.S.C. § 157 to determine whether "[the Securities Investor Protection Act ("SIPA")] and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees." Order at 3, *Sec. Investor Prot. Corp v. Bernard L. Madoff Inv. Sec. LLC*, No.12-MC-0115 (JSR) (S.D.N.Y. June 7, 2012), ECF No. 167. RBS/ABN moved to dismiss the Trustee's claim to avoid the $149 million in transfers from the Rye Cayman Funds on extraterritoriality grounds.[2] *Sec. Investor Prot. Corp v. Bernard L. Madoff Inv. Sec. LLC*, No.12-MC-0115 (JSR) (S.D.N.Y.), ECF Nos. 238-240. On July 6, 2014, the district court held that "section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor," and, in the alternative, concluded that the Trustee's use of section 550(a) to reach certain foreign transfers would be precluded by concerns of international comity, particularly when the underlying BLMIS foreign

---

[2]  Defendants in other adversary proceedings in the BLMIS liquidation also moved to dismiss the Trustee's claims to avoid other transfers on extraterritoriality grounds.

3

feeder funds were in liquidation proceedings in their home countries.[3] *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 231-32 (S.D.N.Y. 2014), *supplemented*, No. 12-MC-115 (JSR), 2014 WL 3778155 (S.D.N.Y. July 28, 2014). The district court returned the adversary proceedings to the bankruptcy court for further proceedings consistent with its decision. *Id.* at 232-33.

On December 31, 2014, RBS/ABN and defendants in similar adversary proceedings renewed their motions to dismiss; RBS/ABN sought to have the Trustee's claim to avoid the $149 million in transfers from the Rye Cayman Funds dismissed on extraterritoriality and comity grounds. Adv. Pro. ECF No. 90. On November 22, 2016, the bankruptcy court issued its Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers and dismissed the majority of the Trustee's claims in the various adversary proceedings on either international comity or extraterritoriality grounds.[4] *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016), *motion to certify appeal denied,* No. AP 08-01789 (SMB), 2017 WL 1806506 (Bankr. S.D.N.Y. May 4, 2017), *order withdrawn,* No. AP 08-01789 (SMB), 2017 WL 3084395 (Bankr. S.D.N.Y. July 19, 2017). But the bankruptcy court denied RBS/ABN's motion to dismiss in the Rye Action, holding that the doctrine of extraterritoriality did not bar the Trustee's claim for

---

[3] The parties dispute whether the district court's decision requires that there be a foreign liquidation proceeding in order for international comity concerns to arise.

[4] In total, 87 adversary proceedings are subject to final judgments, which the Trustee has appealed, and defendants in 86 of those 87 cases agreed to certify jointly the final judgments for direct appeal to the Second Circuit pursuant to 28 U.S.C. § 158(d)(2)(A)(iii). Trustee Opp. at 5 n.16, ECF No. 8. In the last of those 87 cases, the Trustee seeks to recover transfers from RBS/ABN with respect to a different foreign feeder fund, and RBS/ABN did not agree to joint certification in order for the Trustee to appeal the final judgment directly to the Second Circuit. *Id.* The bankruptcy court initially denied the Trustee's motion in that proceeding for a direct appeal to the Second Circuit, but it later withdrew the decision when it determined that it did not have jurisdiction to issue it. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2017 WL 3084395 (Bankr. S.D.N.Y. July 19, 2017).

4

recovery of transfers made to the Rye Cayman Funds—at least not without further development of the facts. *Id.* at *28-30. The Trustee and RBS/ABN submitted a Stipulated Order Denying Motion to Dismiss, which the bankruptcy court issued on March 3, 2017. Adv. Pro. ECF No. 117. RBS/ABN filed this motion for leave to appeal on April 11, 2017. Adv. Pro. ECF Nos. 125-127.

## DISCUSSION

RBS/ABN may only appeal the bankruptcy court's non-final order "with leave of the court." 28 U.S.C. § 158(a)(3). To determine whether to grant leave to file an interlocutory appeal, courts generally apply the standard set forth in 28 U.S.C. § 1292(b), the statute that governs interlocutory appeals from district courts to the courts of appeals. *In re Bernard L. Madoff Inv. Sec. LLC*, No. 15-CV-06564 (GBD), 2016 WL 690834, at *1 (S.D.N.Y. Feb. 11, 2016). Section 1292(b) provides that leave to appeal should be granted only if the order being appealed: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The movant bears the burden of demonstrating that *all three* of the substantive criteria are met." *In re Bernard L. Madoff Inv. Sec. LLC*, 2016 WL 690834, at *1 (quoting *Al Maya Trading Establishment v. Glob. Exp. Mktg. Co.*, No. 14-CV-00275 (PAE), 2014 WL 3507427, at *12 (S.D.N.Y. July 15, 2014))

Because section 1292(b) is an exception to the normal rule that interlocutory appeals cannot be taken, the criteria in section 1292(b) are strictly construed. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) (explaining that section 1292(b) should not be liberally construed). "Generally, leave to appeal from an interlocutory bankruptcy order will only be granted when 'exceptional circumstances justify a departure from the basic policy of

5

postponing appellate review until after the entry of a final judgment.'" *In re Enron Creditors Recovery Corp.*, No. 01-16034 (AJG), 2009 WL 3349471, at *5 (S.D.N.Y. Oct. 16, 2009) (quoting *Klinghoffer*, 921 F.2d at 23). Moreover, "[e]ven where the three legislative criteria of Section 1292(b) appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *In re Bernard L. Madoff Inv. Sec. LLC*, 2016 WL 690834, at *1 (quoting *Al Maya Trading Establishment*, 2014 WL 3507427, at *12).

The present appeal does not satisfy at least one element of the three-part test for leave to file an interlocutory appeal.[5] Specifically, an immediate appeal from the denial of RBS/ABN's motion to dismiss would not materially advance the ultimate termination of the Rye Action. "Courts place particular emphasis on the importance of this last factor." *In re Enron Corp.*, No. 01-16034, 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014). "An immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial." *In re Facebook, Inc.*, 986 F. Supp. 2d at 531 (quoting *Florio v. City of New York*, No. 06-CV-6473 (SAS), 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008)) (internal quotation marks omitted). Immediate appeal accomplishes neither of those goals in this case.

RBS/ABN argues that reversal of the bankruptcy court's order will "substantially shrink discovery and shorten any trial because it will eliminate fact-finding" regarding the 2006 transactions between RBS/ABN and the Rye Cayman Funds. RBS/ABN Mem. at 20, ECF

---

[5] Because the section 1292(b) factors are conjunctive, the Court need not address the other factors. Nevertheless, the Court notes that, as to the first factor, the appeal does not present a controlling question of law. RBS/ABN does not challenge the district court's holding that section 550(a) does not apply extraterritorially or that international comity can bar the application of section 550(a) to certain foreign transfers but instead challenges how the bankruptcy court applied the district court's holding to the facts alleged in the Rye Action.

6

No. 4. This Court disagrees. Even if RBS/ABN were to prevail on appeal, the 2007 transactions between RBS/ABN and the Rye Delaware Funds would remain at issue, and the 2006 transactions are relevant to the Trustee's claim to recuperate the proceeds from the 2007 transactions.

The Trustee has alleged that the 2007 transactions with the Rye Delaware Funds were substantially the same as the 2006 transactions with the Rye Cayman Funds. Proffered Allegations ¶¶ 6, 42-49. Moreover, the negotiations surrounding the 2006 and 2007 transactions allegedly involved the same people, and RBS/ABN allegedly had trust concerns regarding Madoff as early as 2006 when it negotiated the transactions with Tremont. *Id.* ¶¶ 6, 34-38, 48. Because of the similarities between the 2006 and 2007 transactions and the ongoing relationship between RBS/ABN and Tremont, discovery regarding the 2006 transactions will be relevant to the Trustee's claims as to the 2007 transactions. Thus, even if only the 2007 transactions were at issue, in order to understand what RBS/ABN knew about BLMIS in 2007, the Trustee would likely pursue discovery to ascertain what RBS/ABN knew about BLMIS in 2006 and why it structured the 2006 transactions the way it did. Moreover, that evidence would be relevant at trial to decide the Trustee's claims vis-à-vis the Rye Delaware Funds, even if the trial might be slightly shorter because the claims vis-à-vis the Rye Cayman Funds would have been dismissed. In short, an immediate appeal does not materially advance the ultimate termination of the Rye Action, and the possibility of the partial dismissal because of a reversal of a denial of a motion to dismiss is "'not an exceptional circumstance' that 'justif[ies] a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Facebook, Inc.*, 986 F. Supp. 2d at 531 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

7

## CONCLUSION

For the foregoing reasons, RBS/ABN's motion for leave to file for interlocutory appeal is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at docket entry 3 and to close the case.

**SO ORDERED.**

Date: October 3, 2017                 **VALERIE CAPRONI**
New York, New York               **United States District Judge**