**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF STEPHANIE ACKERMAN IN SUPPORT
OF THE TRUSTEE'S MOTION AND MEMORANDUM OF
LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF
CLAIMANTS HOLDING INTERESTS IN THE DAVID SHAPIRO NOMINEE, DAVID
SHAPIRO NOMINEE #2, AND DAVID SHAPIRO NOMINEE #3 PARTNERSHIPS**

I, Stephanie Ackerman, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP, counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and for Bernard L. Madoff.

2. I am fully familiar with this case and the facts set forth herein.

3. For purposes of the Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying Claims of Claimants Holding Interests in the David Shapiro Nominee, David Shapiro Nominee #2, and David Shapiro Nominee #3 Partnerships (the "Motion"), the

Trustee selected BLMIS account 1S0297 held in the name of David Shapiro Nominee, 1S0298 held in the name of David Shapiro Nominee #2, and 1S0299 held in the name of David Shapiro Nominee #3 (collectively, the "Partnerships," and each a "Partnership").

4. A list of objecting claimants associated with the Partnerships whose claims are addressed in the Motion is annexed as Exhibit 2 (the "Objecting Claimants") to the Declaration of Vineet Sehgal filed in support of the Motion (the "Sehgal Declaration"). The Motion addresses all outstanding docketed objections filed to date by Objecting Claimants, and the Accounts in which they allege an interest, details of which objections are contained in Exhibits 2 and 3 to the Sehgal Declaration.

### Service of Requests for Admissions and Other Discovery

5. I supervised service of discovery, including Requests for Admissions, by the Trustee on the Objecting Claimants listed in Exhibit 2 to the Sehgal Declaration. Four of the Objecting Claimants responded to discovery.

6. During the course of my work on this matter, and to properly prepare and serve discovery, I personally reviewed hundreds of documents. Among other documents, I reviewed the claims filed by the Objecting Claimants, the respective notices of determination of claims issued by the Trustee, and the respective objections to the Trustee's notices of determination of claims filed by the Objecting Claimants, in addition to reviewing the files contained in the books and records of BLMIS related to the Accounts.

7. The Objections to Determination filed on behalf of the Objecting Claimants were filed by Helen Chaitman of Becker & Poliakoff. To clarify attorney representation issues, on September 19, 2013, we requested that Ms. Chaitman provide the Trustee with verification as to which Objecting Claimants she represented. She did so on October 4, 2013 and December 2,

2

2013, and stated that she did not represent the Objecting Claimants in connection with the Trustee's discovery requests.

8. Because Ms. Chaitman confirmed that she did not represent the Objecting Claimants, I caused discovery to be served on all of the Objecting Claimants as *pro se* claimants using contact details from the claims, objections to the Trustee's notices of determination of claims, or the debtor's books and records, all as provided by the Trustee's claims agent, AlixPartners, LLP. Each of the Trustee's discovery requests contained a certificate of service setting out the date and manner of service.

### *Pro se* Responses to Interrogatories and Requests for Admission

9. Attached hereto as Exhibit 1 is a true and correct copy of the letter received by the Trustee in response to the Requests for Admissions, Interrogatories and Documents that were served on Hilda Drucker. Also attached are true and correct copies of the cover letter, Requests for Admissions, Requests for Interrogatories, Requests for Production, and the Trustee's certificate of service as served.

10. Attached hereto as Exhibit 2 is a true and correct copy of the letter received by the Trustee in response to the Requests for Admissions, Interrogatories and Documents that were served on David Drucker. Also attached are true and correct copies of the cover letter, Requests for Admissions, Requests for Interrogatories, Requests for Production, and the Trustee's certificate of service as served.

11. Attached hereto as Exhibit 3 is a true and correct copy of Elaine Langweiler's responses to the Requests for Admissions and Requests for Interrogatories served by the Trustee, a copy of the cover letter and of the Trustee's certificate of service for the discovery requests as served.

3

12. Attached hereto as Exhibit 4 is a true and correct copy of Irving M. Sonnenfeld's responses to the Requests for Admissions and Requests for Interrogatories served by the Trustee, a copy of the cover letter and of the Trustee's certificate of service for the discovery requests as served.

## Documents Produced

13. Attached hereto as Exhibit 5 is a true and correct copy of relevant documents produced to the Trustee in response to Requests for Production served on Elaine Langweiler.

14. Attached hereto as Exhibit 6 is a true and correct copy of the documents produced to the Trustee in response to Requests for Production served on Irving M. Sonnenfeld.

### *Pro se* Objecting Claimants Who Failed to Respond to Requests for Admissions

15. Attached hereto as Exhibit 7 is a true and correct copy of the complete discovery served on Marilyn Komarc, with cover letter and certificate of serve.

16. Attached hereto as Exhibit 8 is a true and correct copy of the complete discovery served on Myra M. Levine, with cover letter and certificate of serve.

17. Attached hereto as Exhibit 9 is a true and correct copy of the complete discovery served on Frederick H. Mandel, with cover letter and certificate of serve.

18. Marilyn Komarc, Myra Levine, and Fred Mandel did not respond to the Trustee's discovery requests.

5

19. All Objecting Claimants received fourteen (14) identical Requests for Admissions in their discovery packages.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2017
New York, New York

*/s/ Stephanie Ackerman*
Stephanie Ackerman
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111