# EXHIBIT 2

October 7, 2014

Baker, Hostetler
45 Rockefeller Plaza
New York, NY 10111
Attn: Bik Cheema

                                   Re: SIPC v BLMIS
                                     08-01789(SMB)
                                     BLMIS Acct# 1S0297

Dear Mr. Cheema,

This is in response to your letter and questionnaire dated September 19, 2014.
As you know, and as you state in your letter, I did not have any personal or direct relationship or communication with BLMIS, but rather invested through a "feeder fund" or pooled account, the account holder being David Shapiro nominee, account # 1S0297.
The amount listed in the attachment to your letter, namely $80,000 invested, is accurate. I do not believe that fact is at all contested, and should not require any additional proof, at least not at this time. I would also note that the majority of that investment was made in July, 2008, and so I received very little dividends and/or "return on investment" of that money.
I do not have access to the records of David Shapiro, if that is part of your request. If there is any other specific information you need, please let me know, and I will do my best to try to supply it.

                                                            Very truly yours,

                                                            David Drucker
                                                             REDACTED

REDACTED

MCMDR_00000577

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 19, 2014

Bik Cheema
direct dial: 212.589.4613
bcheema@bakerlaw.com

David Drucker
REDACTED

Re:  Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC ("BLMIS"), 08-01789 (SMB)

Dear Mr. Drucker,

We are counsel to Irving H. Picard, Trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff. We are writing to you regarding the objection, filed on July 14, 2010 in the aforementioned case (Docket Number 2714) in response to the Trustee's determination of claim number 010715.

On June 28, 2011, the Bankruptcy Court for the Southern District of New York issued a decision affirming the Trustee's denial of in excess of 1,400 claims that did not have accounts with BLMIS, but instead invested in certain funds (referred to as "feeder funds"). *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 292 (Bankr. S.D.N.Y. 2011), *aff'd sub nom, Aozora Bank Ltd. v. Sec. Investor Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom, Kruse v. Sec. Investor Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 708 F.3d 422 (2d Cir. 2013). There were no petitions for *certiorari* to the Supreme Court of the United States. Copies of these decisions are enclosed herewith for your reference.

As the Trustee advised you in the Notice of Determination dated October 22, 2010, to which you objected, you did not invest directly with BLMIS and did not maintain a BLMIS account in your name. In order to resolve your claim objection, we require the following discovery, under the Federal Rules of Bankruptcy Procedure. Upon completion of discovery, the Trustee's staff will review all information submitted and the Trustee may initiate proceedings to resolve your claim objection where necessary. The Trustee has not obtained hearing dates for such future proceedings and such proceedings may take a significant amount of time given the review of voluminous discovery and is dependent on requesting such dates from the Bankruptcy Court. You will be notified in advance of any hearing on your claim objection. **As part of this**

David Drucker
September 19, 2014
Page 2

discovery, please provide the documents and information requested in Exhibits 1, 2, and 3, enclosed. **For this purpose, references to "accountholder" mean David Shapiro Nominee investment club, and references to "account" mean BLMIS account number 1S0297.**

The aforementioned objection to the Trustee's determination of your claim was filed on your behalf by Ms. Helen Davis Chaitman. We have enclosed a courtesy copy of this objection with this letter. We have since been informed by Ms. Chaitman that she is not representing you regarding this discovery. This is why the Trustee is writing to you directly. The Trustee takes no position as to whether you should or should not be represented by counsel for purposes of your objection or the requests made in this letter.

To the extent that you do not participate in discovery, the Trustee's position will be that you may be barred in future claims objections proceedings. Whether you may participate in future claims proceedings on your claim objection will be left to the sound discretion of the Bankruptcy Court. In order for your claim objection to be processed, it is imperative that we receive your responses. <u>Please send your responses to me at the address contained herein, within thirty-five (35) days of the date of this letter, by October 24, 2014</u>.

If you intend to withdraw your objection, please contact me. For all other questions, please email madoffclaimsdiscovery@bakerlaw.com. Any communication should include the question, the claim number and the email or U.S. mail address for the response. Someone will respond as promptly as possible.

Sincerely,

Bik Cheema

300334938.2

David Drucker
September 19, 2014
Page 3

**Exhibit 1: Documents**

**Please produce the following documentation to the extent that it is in your possession or otherwise available to you:**

1. All documents concerning BLMIS, including, but not limited to correspondence to, from, or concerning BLMIS; any contracts or agreements with or relating to BLMIS; any customer or other statements of account in your name; and/or any marketing or promotional materials.

2. Any documents other than those requested in question 1 above, which reflect that you had an account in your name at BLMIS.

3. All documents that reflect you were identified or otherwise reflected in BLMIS's books and records.

4. All documents concerning any relationship between you and BLMIS.

5. All documents concerning your entrustment of securities and or funds directly to BLMIS.

6. All documents concerning your withdrawal of funds directly from BLMIS.

7. All documents concerning any other BLMIS account in which you allege to have a claim.

8. All documents that evidence you had control, investment discretion, or decision-making power over investment assets at BLMIS.

9. All documents concerning the accountholder through which you invested funds in BLMIS, including, but not limited to, documents concerning the formation of the accountholder; your rights and interests as it relates to the accountholder; management of the accountholder; any marketing, promotional, or other informational materials; and all financial records concerning your relationships, such as checks, account statements, bank account records, and tax documents.

10. All documents that support your objection to the Trustee's determination of your claims.

11. All documents you intend to rely upon to support your claims to "customer" status as such term is defined in SIPA.

12. All documents disputing that the investment assets at BLMIS were owned by and in the name of the accountholder.

13. All documents that were identified, reviewed, prepared, or consulted in responding to these requests.

300334938.2

David Drucker
September 19, 2014
Page 4

**Exhibit 2: Interrogatories**

**Please answer the following questions:**

1. Identify each person who first introduced you to BLMIS by name, telephone number, address and affiliation to you.

   _____
   _____
   _____
   _____

2. Identify all documents concerning how you came to invest in the accountholder, including how you learned of or became aware of the accountholder, and how the accountholder came to invest.

   _____
   _____
   _____
   _____

3. Identify all documents that describe how you made investments or deposits in connection with the account, including, but not limited to, the process for making such investments or deposits, the person and/or entity to whom such investments or deposits were sent, and the method for making such investments or deposits.

   _____
   _____
   _____
   _____

4. Identify all documents that describe how payments were made to you in connection with the account, including, but not limited to, the process for requesting or receiving such payments and the person and/or entity to whom such requests were made or from whom such payments were received, and the method of receipt.

   _____
   _____
   _____
   _____

David Drucker
September 19, 2014
Page 5

5.  Identify all documents concerning any other BLMIS account in which you allege to have a claim. For each BLMIS account in which you allege to have a claim, identify all person(s) who performed any due diligence or provided any advice, opinion, commentary, or analysis of BLMIS to you or on your behalf, and identify all documents that they reviewed before opening and investing in the account.

    _____
    _____
    _____
    _____

6.  Identify all persons at BLMIS with whom you had any communications, and identify all documents concerning the substance of those communications, including which (if any) BLMIS account such communications related to.

    _____
    _____
    _____
    _____

7.  Identify each person who had control over the accountholder and/or authority to exercise discretion with respect to the assets or investments of accountholder.

    _____
    _____
    _____
    _____

8.  Identify each person who received direct payments from BLMIS in connection with the account, and identify all documents concerning the method(s) by which such payments were made, including from whom such payments were sent.

    _____
    _____
    _____
    _____

300334938.2

David Drucker
September 19, 2014
Page 6

9. Identify each person associated with the accountholder who had a direct understanding or agreement with BLMIS with respect to the assets or investments of the accountholder.

_____
_____
_____
_____

10. Identify all documents concerning meetings that a representative of you attended where an employee or representative of BLMIS was present, and identify all documents that describe the substance of the communications that occurred during each meeting.

_____
_____
_____
_____

11. Identify any and all banks where you hold or have held accounts from the date the BLMIS account you invested in was opened, through the present, and for each bank account, identify all documents evidencing the account number, the date the account was opened, and the date the account was closed.

_____
_____
_____
_____

12. Identify any and all banks where the accountholder holds or has held accounts from the date the BLMIS account you invested in was opened, through the present, and for each bank account, identify all documents evidencing the account number, the date the account was opened, and the date the account was closed.

_____
_____
_____
_____

300334938.2

David Drucker
September 19, 2014
Page 7

**Exhibit 3: Requests for Admissions**

**Please respond with "admit" or "deny" to the following statements where applicable:**

1. Admit the BLMIS account that is the subject of your objection was not titled in your name.

   _____
   _____
   _____

2. Admit you did not have an account in your name at BLMIS.

   _____
   _____
   _____

3. Admit you never received correspondence directly from BLMIS.

   _____
   _____
   _____

4. Admit you never deposited securities directly with BLMIS.

   _____
   _____
   _____

5. Admit you never made a payment of cash directly to BLMIS for credit to an account in your name.

   _____
   _____
   _____

6. Admit you never withdrew funds directly from BLMIS.

   _____
   _____
   _____

David Drucker
September 19, 2014
Page 8

7. Admit that any funds you received were transmitted to you from the accountholder.

_____
_____
_____

8. Admit you did not receive investment statements from BLMIS in your name.

_____
_____
_____

9. Admit you did not receive tax statements from BLMIS in your name.

_____
_____
_____

10. Admit you never entered into any contracts in your name with BLMIS.

_____
_____
_____

11. Admit your only relationship to BLMIS existed by way of your relationship to the accountholder.

_____
_____
_____

12. Admit you did not have any control, investment discretion or decision-making power over any investment assets at BLMIS.

_____
_____
_____

300334938.2

David Drucker
September 19, 2014
Page 9

13. Admit that the accountholder had its own bank account and kept its funds separate from your personal funds.

_____
_____
_____


14. Admit that there was an accountholder agreement that restricted management rights of members giving exclusive management and control of the accountholder to the president of the investment club, David Shapiro.

_____
_____
_____

300334938.2

David Drucker
September 19, 2014
Page 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Requests for Production of Documents, Interrogatories, Requests for Admissions and accompanying letter relating to the objection to the Trustee's determination of claim number 010715 (Case No. 08-01789, Docket No. 2714) was served this 19th day of September, 2014 by First Class Certified Mail upon the following:

                David Drucker
                REDACTED

_____
An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate
of Bernard L. Madoff

300334938.2