# EXHIBIT 8

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 19, 2014

Myra M. Levine
**REDACTED**

Bik Cheema
direct dial: 212.589.4613
bcheema@bakerlaw.com

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC ("BLMIS"), 08-01789 (SMB)*

Dear Ms. Levine,

We are counsel to Irving H. Picard, Trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff. We are writing to you regarding the objections filed on July 14, 2010, July 19, 2010 and July 20, 2010 in the aforementioned case (Docket Number 2715, 2775, and 2777) in response to the Trustee's determination of claim number 009397.

On June 28, 2011, the Bankruptcy Court for the Southern District of New York issued a decision affirming the Trustee's denial of in excess of 1,400 claims that did not have accounts with BLMIS, but instead invested in certain funds (referred to as "feeder funds"). *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 292 (Bankr. S.D.N.Y. 2011), *aff'd sub nom, Aozora Bank Ltd. v. Sec. Investor Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom, Kruse v. Sec. Investor Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 708 F.3d 422 (2d Cir. 2013). There were no petitions for *certiorari* to the Supreme Court of the United States. Copies of these decisions are enclosed herewith for your reference.

As the Trustee advised you in the Notice of Determination dated October 22, 2010, to which you objected, you did not invest directly with BLMIS and did not maintain a BLMIS account in your name. In order to resolve your claim objections, we require the following discovery, under the Federal Rules of Bankruptcy Procedure. Upon completion of discovery, the Trustee's staff will review all information submitted and the Trustee may initiate proceedings to resolve your claim objections where necessary. The Trustee has not obtained hearing dates for such future proceedings and such proceedings may take a significant amount of time given the review of voluminous discovery and is dependent on requesting such dates from the Bankruptcy Court. You

Myra M. Levine
September 19, 2014
Page 2

will be notified in advance of any hearing on your claim objections. **As part of this discovery, please provide the documents and information requested in Exhibits 1, 2, and 3, enclosed. For this purpose, references to "accountholder" mean David Shapiro Nominee 2 investment club, and references to "account" mean BLMIS account number 1S0298.**

The aforementioned objections to the Trustee's determination of your claim were filed on your behalf by Ms. Helen Davis Chaitman. We have enclosed a courtesy copy of these objections with this letter. We have since been informed by Ms. Chaitman that she is not representing you regarding this discovery. This is why the Trustee is writing to you directly. The Trustee takes no position as to whether you should or should not be represented by counsel for purposes of your objection or the requests made in this letter.

To the extent that you do not participate in discovery, the Trustee's position will be that you may be barred in future claims objections proceedings. Whether you may participate in future claims proceedings on your claim objections will be left to the sound discretion of the Bankruptcy Court. In order for your claim objections to be processed, it is imperative that we receive your responses. Please send your responses to me at the address contained herein, within thirty-five (35) days of the date of this letter, by October 24, 2014.

If you intend to withdraw your objections, please contact me. For all other questions, please email madoffclaimsdiscovery@bakerlaw.com. Any communication should include the question, the claim number and the email or U.S. mail address for the response. Someone will respond as promptly as possible.

Sincerely,

Bik Cheema

300334940.2

Myra M. Levine
September 19, 2014
Page 3

**Exhibit 1: Documents**

**Please produce the following documentation to the extent that it is in your possession or otherwise available to you:**

1. All documents concerning BLMIS, including, but not limited to correspondence to, from, or concerning BLMIS; any contracts or agreements with or relating to BLMIS; any customer or other statements of account in your name; and/or any marketing or promotional materials.

2. Any documents other than those requested in question 1 above, which reflect that you had an account in your name at BLMIS.

3. All documents that reflect you were identified or otherwise reflected in BLMIS's books and records.

4. All documents concerning any relationship between you and BLMIS.

5. All documents concerning your entrustment of securities and or funds directly to BLMIS.

6. All documents concerning your withdrawal of funds directly from BLMIS.

7. All documents concerning any other BLMIS account in which you allege to have a claim.

8. All documents that evidence you had control, investment discretion, or decision-making power over investment assets at BLMIS.

9. All documents concerning the accountholder through which you invested funds in BLMIS, including, but not limited to, documents concerning the formation of the accountholder; your rights and interests as it relates to the accountholder; management of the accountholder; any marketing, promotional, or other informational materials; and all financial records concerning your relationships, such as checks, account statements, bank account records, and tax documents.

10. All documents that support your objection to the Trustee's determination of your claims.

11. All documents you intend to rely upon to support your claims to "customer" status as such term is defined in SIPA.

12. All documents disputing that the investment assets at BLMIS were owned by and in the name of the accountholder.

13. All documents that were identified, reviewed, prepared, or consulted in responding to these requests.

300334940.2

Myra M. Levine
September 19, 2014
Page 4

**Exhibit 2: Interrogatories**

**Please answer the following questions:**

1. Identify each person who first introduced you to BLMIS by name, telephone number, address and affiliation to you.

   _____

2. Identify all documents concerning how you came to invest in the accountholder, including how you learned of or became aware of the accountholder, and how the accountholder came to invest.

   _____

3. Identify all documents that describe how you made investments or deposits in connection with the account, including, but not limited to, the process for making such investments or deposits, the person and/or entity to whom such investments or deposits were sent, and the method for making such investments or deposits.

   _____

4. Identify all documents that describe how payments were made to you in connection with the account, including, but not limited to, the process for requesting or receiving such payments and the person and/or entity to whom such requests were made or from whom such payments were received, and the method of receipt.

   _____

300334940.2

08-01789-cgm    Doc 16803-8    Filed 10/18/17    Entered 10/18/17 17:20:45    Exhibit 8
Pg 6 of 11

Myra M. Levine
September 19, 2014
Page 5

5. Identify all documents concerning any other BLMIS account in which you allege to have a claim. For each BLMIS account in which you allege to have a claim, identify all person(s) who performed any due diligence or provided any advice, opinion, commentary, or analysis of BLMIS to you or on your behalf, and identify all documents that they reviewed before opening and investing in the account.

_____
_____
_____
_____

6. Identify all persons at BLMIS with whom you had any communications, and identify all documents concerning the substance of those communications, including which (if any) BLMIS account such communications related to.

_____
_____
_____
_____

7. Identify each person who had control over the accountholder and/or authority to exercise discretion with respect to the assets or investments of accountholder.

_____
_____
_____
_____

8. Identify each person who received direct payments from BLMIS in connection with the account, and identify all documents concerning the method(s) by which such payments were made, including from whom such payments were sent.

_____
_____
_____
_____

Myra M. Levine
September 19, 2014
Page 6

9. Identify each person associated with the accountholder who had a direct understanding or agreement with BLMIS with respect to the assets or investments of the accountholder.

_____
_____
_____
_____

10. Identify all documents concerning meetings that a representative of you attended where an employee or representative of BLMIS was present, and identify all documents that describe the substance of the communications that occurred during each meeting.

_____
_____
_____
_____

11. Identify any and all banks where you hold or have held accounts from the date the BLMIS account you invested in was opened, through the present, and for each bank account, identify all documents evidencing the account number, the date the account was opened, and the date the account was closed.

_____
_____
_____
_____

12. Identify any and all banks where the accountholder holds or has held accounts from the date the BLMIS account you invested in was opened, through the present, and for each bank account, identify all documents evidencing the account number, the date the account was opened, and the date the account was closed.

_____
_____
_____
_____

Myra M. Levine
September 19, 2014
Page 7

**Exhibit 3: Requests for Admissions**

**Please respond with "admit" or "deny" to the following statements where applicable:**

1. Admit the BLMIS account that is the subject of your objection was not titled in your name.

   _____
   _____
   _____

2. Admit you did not have an account in your name at BLMIS.

   _____
   _____
   _____

3. Admit you never received correspondence directly from BLMIS.

   _____
   _____
   _____

4. Admit you never deposited securities directly with BLMIS.

   _____
   _____
   _____

5. Admit you never made a payment of cash directly to BLMIS for credit to an account in your name.

   _____
   _____
   _____

6. Admit you never withdrew funds directly from BLMIS.

   _____
   _____
   _____

300334940.2

Myra M. Levine
September 19, 2014
Page 8

7. Admit that any funds you received were transmitted to you from the accountholder.

_____
_____
_____

8. Admit you did not receive investment statements from BLMIS in your name.

_____
_____
_____

9. Admit you did not receive tax statements from BLMIS in your name.

_____
_____
_____

10. Admit you never entered into any contracts in your name with BLMIS.

_____
_____
_____

11. Admit your only relationship to BLMIS existed by way of your relationship to the accountholder.

_____
_____
_____

12. Admit you did not have any control, investment discretion or decision-making power over any investment assets at BLMIS.

_____
_____
_____

Myra M. Levine
September 19, 2014
Page 9

13. Admit that the accountholder had its own bank account and kept its funds separate from your personal funds.

_____
_____
_____

14. Admit that there was an accountholder agreement that restricted management rights of members giving exclusive management and control of the accountholder to the president of the investment club, David Shapiro.

_____
_____
_____

300334940.2

Myra M. Levine
September 19, 2014
Page 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Requests for Production of Documents, Interrogatories, Requests for Admissions and accompanying letter relating to the objections to the Trustee's determination of claim number 009397 (Case No. 08-01789, Docket No's 2715, 2775, and 2777) was served this 19th day of September, 2014 by First Class Certified Mail upon the following:

Myra M. Levine
**REDACTED**

_____
An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate
of Bernard L. Madoff

300334940.2