# EXHIBIT C

03/27/2007 15:58 FAX 202 283 9462     IRS-Exempt Organizations                    ⌀002



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION

Date: MAR 2 7 2007

David R. Markin Charitable Remainder
 Unitrust #1
70 Blossom Way
Palm Beach, FL 33480-5002

Contact Person:
 Robert M. Cowen
Identification Number:
 50-21789
Telephone Number:
 (202) 283-8939
Employer Identification Number:
 13-7105302

Legend:

A = David R. Markin
B = David R. Markin Charitable Remainder Unitrust #1
C = Allan R. Tessler
D = State of Florida
E = David R. Markin Foundation, Inc.
F = Bradley University
G = Cheshire Academy
H = Dana Farber Cancer Institute
I = Darrow School
J = DePaul University
K = International Tennis Hall of Fame
L = Kalamazoo College
M = The Jewish Federation of Palm Beach County, Inc.
N = Midwest Youth Tennis and Education Foundation
O = The Museum of African Art
P = Sarah Lawrence College
Q = Tim and Tom Gullikson Foundation

Dear Sir or Madam:

We have considered your ruling request dated August 17, 2004, as to the proper treatment of the termination of B and whether termination constitutes an act of self-dealing under section 4941 of the Internal Revenue Code ("Code").

A established B as a charitable remainder unitrust described in section 664(d)(3) of the Code, and a split interest trust under section 4947(a)(2). The trust agreement provides that the annual "unitrust amount" that A receives shall equal the smaller of: (a) the trust income for any taxable year as defined in section 643(b) of the Code; and (b) a "fixed percentage" of 10 percent of the net fair market value of the trust assets. In addition, the unitrust provides that A is to receive any amount of trust income for such year that is in excess of 10 percent, but only to the extent that the aggregate of the amounts paid in prior years was less than the aggregate of the amounts

2

David R. Markin Charitable Remainder Unitrust #1

computed as the fixed percentage of the net fair market value of the trust assets on the relevant valuation dates (the net income make-up feature").

A serves as trustee of B, and C serves as an independent special trustee of B. A is the sole non-charitable income beneficiary of B. The charitable remainderman of B was E, an organization recognized as tax-exempt under section 501(c)(3) of the Code.

You have informed us that in accordance with the powers held by A under the trust agreement, A has changed the charitable remaindermen from E to F, G, H, I, J, K, L, M, N, O, P, and Q. F through Q are all organizations described in section 501(c)(3) of the Code, and are publicly supported organizations under section 509(a).

A wishes to terminate B by selling his income interest in B to the charitable remaindermen, F through Q, for an amount equal to the present value of A's life income interests in B. In your initial ruling request, you stated that the actuarial values of the respective interests will be calculated using the discount rate in effect at the date of sale under section 7520 of the Code, and the methodology for valuing interests in charitable remainder trusts contained in section 1.664-4 of the Income Tax Regulations.

The law of state D permits early termination of the trust, provided there is agreement among the trustees and beneficiaries. There is no requirement that D's attorney general or any court be involved in a trust termination in which all beneficiaries consent. In addition, the Restatement of the Law of Trusts 3d (2001) says at section 651(1) that "... if all of the beneficiaries of an irrevocable trust consent, they can compel the termination or modification of the trust."

A's date of birth is February 16, 1931, and he is aware of no physical condition that would decrease his normal life expectancy. With the August 17, 2004, ruling request, A submitted a statement from his personal physician confirming that he had examined A, and that there was no indication that A's life expectancy was less than would otherwise be expected for a man his age.

After discussions with our office, A individually and as trustee, submitted a letter dated April 27, 2006, in which the charitable beneficiaries were changed to F through Q. A agreed to a different payout in calculating the respective interests in the trust. Specifically, the letter stated in part that:

> The Taxpayer understands and agrees that, contrary to the formula assumed in his letter dated August 17, 2004, the payout rate to be used in calculating the respective interests will be the lesser of the Code Section 7520 rate in effect at the time of termination of the trust and the stated interest rate of 10% contained in the trust agreement.

DM0000101

03/27/2007 15:58 FAX 202 283 9462            IRS-Exempt Organizations                         ☒004

3

David R. Markin Charitable Remainder Unitrust #1

RULINGS REQUESTED

A has requested the following rulings:

(1) Early termination of B will not constitute an act of self-dealing under section 4941(a)(1) of the Code by A as trustee or as donor with respect to B.

(2) Early termination of B will not constitute an act of self-dealing under section 4941(a)(1) of the Code by C as independent trustee with respect to B.

(3) The proposed termination of B will not be subject to a termination tax under section 507 of the Code.

LAW

Section 507(c) of the Code imposes a tax on a private foundation under certain circumstances.

Section 664 of the Code exempts from income tax charitable remainder unitrusts, which it defines as those from which a fixed percentage of the net fair market value of its assets is paid to at least one person not an organization described in section 170(c) for a term of years, after which the remainder interest is transferred to an organization described in section 170(c).

Section 4941(a)(1) of the Code imposes an excise tax on disqualified persons for each act of self-dealing between a disqualified person and a private foundation.

Section 4941(d)(1) of the Code defines self-dealing as including any direct or indirect:

(A) sale or exchange, or leasing of property between a private foundation and a disqualified person, or

(E) transfer to, or use by or for the benefit of, a disqualified person of the income or assets of a private foundation.

Section 4946(a)(1) of the Code provides that for purposes of this subchapter, the term "disqualified person" means, with respect to a private foundation, a person who is—

(A) a substantial contributor to the foundation,

(B) a foundation manager (within the meaning of section (b)(1).

Section 4946(a)(2) of the Code provides that for purposes of paragraph (1), the term "substantial contributor" means a person who is described in section 507(d)(2).

Section 4946(b) of the Code provides that for purposes of this subchapter, the term "foundation manager" means, with respect to any private foundation:

DM0000102

4

David R. Markin Charitable Remainder Unitrust #1

(1) an officer, director, or trustee of a foundation (or an individual having powers or responsibilities similar to those of officers, directors, or trustees of the foundation, and

(2) with respect to any act (or failure to act), the employees of the foundation having authority or responsibility with respect to such act (or failure to act).

Section 4947(a)(2) of the Code provides, in pertinent part, that in the case of a trust which is not exempt from tax under section 501(a), not all of the unexpired interests of which are devoted to charitable purposes, and which has amounts in trust for which a charitable deduction was allowed, sections 507 and 4941 apply as if such trust were a private foundation.

Section 4947(a)(2)(A) of the Code provides that section 4947(a)(2) shall not apply with respect to any amounts payable under the terms of such trust to non-charitable income beneficiaries.

Section 53.4947-1(c)(2)(ii) of the Foundation and Similar Excise Taxes Regulations provides, in essence, that payments of income by a charitable remainder unitrust to its individual income beneficiaries do not result in any tax on self-dealing under section 4947.

Section 1.7520-3(b)(1)(ii) of the Federal Income Tax Regulations (the regulations) provides that the standard 7520 annuity, life estate, or remainder factor may not be used to value a restricted beneficial interest. However, a special factor may be used to value a restricted beneficial interest in some circumstances. Section 1.7520-3(b)(1)(i)(C) provides that the standard factor for an ordinary remainder interest represents the present worth of the right to receive $1.00 at the end of a defined period. Section 1-7520-3(b)(1)(i)(B) provides that the standard factor for an ordinary life estate interest represents the right to receive the use of $1.00 for a defined period.

ANALYSIS

B is a split-interest trust described in sections 4947(a)(2). By being described in section 4947(a)(2), B is subject to the provisions of sections 507, 4941, and 4945, as if it were a private foundation. The income beneficiary, A, is a disqualified persons with respect to B within the meaning of section 4946(a)(1)(A) by virtue of being settlor of B.

In this case, the charitable remainder beneficiaries are public charities so for purposes of section 4941 and 4946, the income beneficiary is not disqualified person with respect to the charitable remainder beneficiaries.

Section 4941 applies to certain transactions between private foundations and disqualified persons. By early termination, B will distribute lump sums to the income beneficiary, A, and Charitable remaindermen equal to actuarial value of their interests in B (taking into account the net-income provisions of the trust), and the distributions are also treated as a constructive sale or exchange between A and the charitable remaindermen of each trust. See Rev. Rul. 69-486.

Generally payments to the income beneficiary, A, from B would constitute self-dealing. However, because the distribution to the income beneficiary equals the actuarial value of the

5

David R. Markin Charitable Remainder Unitrust #1

income interest, taking into account the net-income provisions of the trust, the exception to self-dealing provided by section 53.4947-1(c)(2)(i) of the regulations applies and the distribution will not be an act of self-dealing. Furthermore, because the Charitable Remaindermen are public charities, section 4941 does not apply to the transaction between the A and Charitable Remaindermen.

The appropriate calculation of the actuarial value of the income interest of B, taking into account the net-income provisions of the trust, requires the use of a reasonable method for the calculation which does not inappropriately inflate the income beneficiary's interest to the detriment of the charitable remaindermen.

One reasonable method to calculate the actuarial value of the income and remainder interests is the following:

> The computation of the remainder interest is found using a special factor as indicated in section 1.7520-3(b)(1)(ii) of the regulations. The special remainder factor is found by using the methodology stated in section 1.664-4 for computing the factor for a remainder interest in a unitrust, with the following modification: where section 1.664-4(a)(3) of the regulations provides an assumption that the trust's stated payout percentage is to be paid out each year, instead the assumed payout shall be that of a fixed percentage which is equal to the lesser of the trust's stated payout percentage or the section 7520 rate for the month of termination. The special factor for the non-charitable payout interest is 1 minus the special remainder factor.

Based on this methodology, the calculation of A's income interest in B may be demonstrated as follows:

> The section 7520 rate for May 2006 is 5.8 percent. Assuming the termination occurred in May 2006, the lesser of this rate and the trust's stated payout percentage is 5.8 percent. The assumed taxpayer's age as of the nearest birthday is 75. Based on Table 90CM, interest at 5.8 percent, an unadjusted payout rate of 5.8 percent, and quarterly payments made at the end of each quarter, the present value of the remainder interest in a unitrust which falls in at the death of a person aged 75 is $0.56904 for each $1.00 of the trust estate. The present value of the payout interest in the same unitrust until such death is $1.00 minus $0.56904, or $0.43096 for each $1.00 of the trust estate.

In this case, the income beneficiary is not expected to receive more than he would during the full term of the trust under the above-described methodology for valuing his interest in a charitable remainder trust with a net income make-up feature. Further, state law provides for early termination under the facts presented.

In addition, A's personal physician has conducted a physical examination and has stated under penalties of perjury that he finds no medical condition expected to result in a shorter-than-average longevity (under section 1.72-9 of the Regulations); and A has signed a similar statement.

DM0000104

6

David R. Markin Charitable Remainder Unitrust #1

Furthermore, because the effect of the transaction is to vest the income interest and remainder interest in the remainder beneficiary, the trust no longer will be a split-interest trust and section 4947(a)(2) will no longer apply and section 507 will not apply.

## CONCLUSIONS

Therefore, we rule that:

(1) Early termination of B will not constitute an act of self-dealing under section 4941(a)(1) of the Code by A as trustee or as donor with respect to B using the methodology described on the prior page for the date of termination.

(2) Early termination of B will not constitute an act of self-dealing under section 4941(a)(1) of the Code by C as independent trustee with respect to B using the methodology described on the prior page for the date of termination.

(3) The proposed termination of B will not be subject to a termination tax under section 507 of the Code.

This ruling will be made available for public inspection under section 6110 of the Code after certain deletions of identifying information are made. For details, see enclosed Notice 437, *Notice of Intention to Disclose*. A copy of this ruling with deletions that we intend to make available for public inspection is attached to Notice 437. If you disagree with our proposed deletions, you should follow the instructions in Notice 437.

This ruling is directed only to the organization that requested it. Section 6110(k)(3) of the Code provides that it may not be used or cited by others as precedent.

This ruling is based on the facts as they were presented and on the understanding that there will be no material changes in these facts. Also, we express no opinion as to the tax consequences of the transactions under other provisions of the Code.

7

David R. Markin Charitable Remainder Unitrust #1

Pursuant to Power of Attorney on file in this office, a copy of this letter is being sent to A's authorized representative. A copy of this letter should be kept in A's permanent records.

If you have any questions about this ruling, please contact the person whose name and telephone number are shown in the heading of this letter. You should keep a copy in your permanent records.

Sincerely,

Robert C. Harper, Jr.
Manager, Exempt Organizations
Technical Group 3

Enclosure
Notice 437

DM0000106