DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for the Personal Representative of the Estate of David R. Markin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05224 (SMB) |
| Plaintiff, | |
| v. | |
| DAVID R. MARKIN, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, and David R. Markin Charitable Remainder Unitrust #2, SOUTHPAC INTERNATIONAL TRUST LTD., as trustee of the David R. Markin 2003 Trust, DAVID R. MARKIN 2003 TRUST, DAVID MARKIN CHARITABLE REMAINDER UNITRUST #1, DAVID R. MARKIN CHARITABLE REMAINDER UNITRUST #2, | |
| Defendants. | |

**DECLARATION OF CAROLE NEVILLE PURSUANT TO LOCAL RULE 9077-1 IN SUPPORT OF ORDER TO SHOW CAUSE SCHEDULING A HEARING ON HEARING ON SHORTENED NOTICE ON THE MOTION PURSUANT TO FED. R. CIV. P. RULE 25, MADE APPLICABLE TO BANKRUPTCY CASES BY VIRTUE OF FED. R. BANKR. P.7025, FOR AN ORDER SUBSTITUTING THE PERSONAL REPRESENTATIVE AND THE ESTATE OF DAVID R. MARKIN FOR DEFEDENT DAVID R. MARKIN**

I, Carole Neville, hereby declare, pursuant to 28 U.S.C. § 1746, that the following is true to the best of my knowledge, information, and belief, as follows:

1. I am senior counsel in the law firm of Dentons US LLP, which maintains an office at 1221 Avenue of the Americas, New York. The firm serves as counsel to the duly appointed Personal Representative of the estate of David R. Markin (the "Markin Estate") and the defendants named in the above captioned adversary proceeding (collectively, the "Defendants").

2. I submit this declaration pursuant to Local Bankruptcy Rule 9077-1 in support of the accompanying Order to Show Cause for an expedited hearing on the motion of the Markin Estate and the Personal Representative, pursuant to Fed. R. Civ. P. Rule 25, made applicable to bankrupt cases by virtue of Fed. R. Bankr. P. 7025, for an order substituting the Personal Representative and the Markin Estate for David R. Markin solely in his capacity as the defendant holder of a claim against the estate Bernard L. Madoff Investment Securities LLC ("BLMIS") referred to in the adversary proceeding as the "Related Account Customer Claim."

3. Unless otherwise indicated, the facts set forth herein are based on my personal knowledge and/or review of the documents relating to the BLMIS accounts. If called as a witness, I could and would testify competently thereto.

4. An expedited hearing on the motion is necessary to facilitate resolution of the Markin Estate's Motion to Dismiss the Trustee's First Amended Complaint and Compel Payment on Claim and the Trustee's Cross Motion for Leave to Amend the Complaint scheduled for

- 2 -

November 2, 2017 at 2 p.m.  In his proposed amended complaint, the Trustee has named the Personal Representative and Markin Estate in its capacity as the holder of the Related Account Customer Claim and in other capacities as well, which the Markin Estate disputes.  The parties have been unable to reach an agreement with respect substitution on the claims that are the subject of the Markin Estate's motion to dismiss.

5. Rule 25 grants the court authority to substitute a party if a named party dies and the claim is not extinguished.  A motion for substitution may be made by the decedent's successor or representative.  The motion to substitute the Markin Estate for David Markin in the limited capacity as the holder of the Related Account Customer Claims is appropriate under Rule 25 for the reasons set forth below.

6. In his complaint against David Markin and the defendants named in the above captioned adversary proceeding, the Trustee named David Markin as the holder of a BLMIS account in his own name, designated as account number 1M0211, and identified by the Trustee as the "Related Account."  The Trustee alleges in his complaint against Mr. Markin that in connection with the Related Account, a customer claim (Claim #002690) was filed, which the Trustee has labelled the "Related Account Customer Claims."  In the final count of the above captioned complaint (Count 8), the Trustee sought disallowance of the Related Account Customer Claim.  In that count, the Trustee alleged that "David R. Markin is the absolute owner of the Related Account or has a beneficial or equitable interest in the Related Account."  Moreover, the Trustee asserts that "the Defendant David R. Markin is the recipient of Transfers of BLMIS property which are avoidable and recoverable…and that he has not returned the Transfers to the Trustee."  Accordingly, in Count 8 of the Complaint the Trustee seeks to disallow the Related Account Customer Claims under section 502(d) of the Bankruptcy Code.

This Related Account Customer Claim filed by Mr. Markin, who died in May 2013, belongs now to the Markin Estate.

5.  Count 8 is the only count in the complaint that is not affected by the dismissals or trust termination.  The parties have been unable to agree on substitution or amendment of the complaint.  Substitution was inappropriate for all other claims as the named parties were either dismissed or no longer in existence.  The claims against Mr. Markin as a subsequent transferee of alleged fraudulent transfers were dismissed by the Court Order in July 2015.  Claims against two of the trusts and their trustees were dismissed in connection with the decision limiting the Trustee's avoidance powers to two years pursuant to section 546(e0 of the Bankruptcy Code.  In addition, both Charitable Remainder Unitrusts were terminated in 2007 and no trustees or successor trust were in place after distributions were made. The Trustee's claim to disallow the Related Account Customer Claim remains unaffected by the death, dismissals and trust termination.  Substitution of the Markin Estate through the Personal Representative may allow for the long overdue resolution of the disputes between the Trustee and the Markin Estate regarding the transfers and the Related Account Customer Claim.

6.  Accordingly, Markin Estate requests that this Court enter the accompanying Order to Show Cause setting an expedited hearing on its motion for order substituting the Markin Estate for David R. Markin solely in his capacity as the holder of the Related Account Customer Claim.

Executed this 25th day of October 2017 in New York, New York.

By: /s/ Carole Neville
Carole Neville
Dentons US LLP

- 4 -

105566465\V-1

1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
carole.neville@dentons.com

*Attorneys for Personal Representative of the Estate of David R. Markin*