DENTONS US LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
carole.neville@dentons.com

*Attorneys for the David R. Markin Estate*

Requested Hearing Date: November 1, 2017
Hearing Time: 2 pm.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVID R. MARKIN, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, and David R. Markin Charitable Remainder Unitrust #2, SOUTHPAC INTERNATIONAL TRUST LTD., as trustee of the David R. Markin 2003 Trust, DAVID R. MARKIN 2003 TRUST, DAVID MARKIN CHARITABLE REMAINDER UNITRUST #1, DAVID R. MARKIN CHARITABLE REMAINDER UNITRUST #2, <br><br> Defendants. | Adv. Pro. No. 10-05224 (SMB) |

**MOTION FOR SUBSTITUTION PURSUANT TO FED. R. CIV. P. RULE 25 AND BANKR R. 7025 OF ESTATE OF DAVID R MARKIN FOR DEFENDANT DAVID R. MARKIN SOLELY IN HIS CAPACITY AS HOLDER OF <u>RELATE ACCOUNT CUSTOMER CLAIM</u>**

The estate of David R. Markin (the "Markin Estate"), through its Personal Representative, hereby moves the Court for an order pursuant to Fed. R. Civ. P. Rule 25 made applicable to bankruptcy proceedings by virtue of Rule 7025 of the Fed. R. of Bankr. P. for an Order substituting the Markin Estate for defendant David Markin, solely in his capacity as the holder of BLMIS claim referred to as the Related Account Customer Claim in connection with the Estate of David R. Markin's Motion to Dismiss the First Amended Complaint and the Trustee's Cross Motion for Leave to Amend the Complaint scheduled to be heard before the Court on November 1, 2017 at 2 p.m. In support of this motion, the Markin Estate states:

1. On December 4, 2009, the Trustee filed his original complaint (the "Complaint") against David Markin, SouthPac International Trust Ltd and three trusts--the Southpac Trust, Charitable Remainder Unitrust #1 and Charitable Remainder Unitrust #2

2. In the Complaint, the Trustee names David Markin as the holder of a BLMIS account in his own name, designated as account number 1M0211, and identified by the Trustee as the "Related Account." The Trustee alleges that in connection with the Related Account, a customer claim (Claim #002690) was filed, which the Trustee has labelled together with a duplicate claim the "Related Account Customer Claims." In that count, the Trustee alleged that "David R. Markin is the absolute owner of the Related Account or has a beneficial or equitable interest in the Related Account." Moreover, the Trustee asserts that "the Defendant David R. Markin is the recipient of Transfers of BLMIS property which are avoidable and recoverable…" and that he has not returned the Transfers to the Trustee. Accordingly, in Count 8 of the Complaint the Trustee seeks to disallow the Related Account Customer Claims under section

502(d) of the Bankruptcy Code.  This Related Account Customer Claim was filed by Mr. Markin and belongs now to the Markin Estate.

    3.    The Trustee amended the Complaint in January of 2012. However, the allegations against David Markin as the holder of the Related Customer Account Claims remained the same in the amended complaint. Based on this claim against David Markin in the above captioned adversary proceeding, the Trustee has withheld all distributions on the Related Customer Account Claims. David Markin died in May 2013 and the Markin Estate succeeded to his interest in the Related Customer Account Claims.

    4.    Rule 25 grants the court authority to substitute a party if a named party dies and the claim is not extinguished.  A motion for substitution may be made by the decedent's successor or representative.  The parties have not been able to agree on the proper substitution or amendment for the parties in the Complaint for a number of reasons.  Substitution was inappropriate for the claims against Mr. Markin as a subsequent transferee of alleged fraudulent transfers because those claims were dismissed by the Court Order in July 2015.  Claims against the Southpac Trust and CRUT#2 were dismissed as a result of the decision pursuant to section 546(e) limiting the Trustee's avoidance powers to two years from the date of the bankruptcy filing.  Moreover, the Charitable Remainder Unitrusts were terminated in 2007 and no trustees or successor trust were in place after distributions were made. Only the claim to disallow the Related Account Customer Claim remains unaffected by the death, dismissals and trust termination.  Substitution of the Markin Estate through the Personal Representative will allow for the long overdue resolution of the disputes between the Trustee and the Markin Estate regarding the transfers and the claim.

    5.    The Markin Estate filed its Motion to Dismiss the First Amended Complaint and Compel Payment on the Claim.  The Trustee opposes the Markin Estate's Motion and has Cross

Moved for Leave to Amend the Complaint, naming among others, the Markin Estate and the Personal Representative in his proposed amended complaint. Substitution of the Markin Estate for the defendant David Markin as the holder of the Related Account Customer Claims will permit both motions to be heard on their merits and for a possible resolution of the disputes.

Wherefore, the Markin Estate respectfully requests that this Court grant the motion to substitute the Markin Estate through its Personal Representative and grant such other and further relief as is just and proper.

Dated: October 25, 2017
      New York, New York

      Respectfully submitted,

      DENTONS US LLP

      By _____
      Carole Neville
      1221 Avenue of the Americas
      New York, New York 10020
      Tel: (212) 768-6700
      Fax: (212) 768-6800
      carole.neville@dentons.com

      *Attorneys for the Markin Estate*

105567388\V-1