DENTONS US LLP  
Carole Neville  
1221 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 768-6700  
Facsimile: (212) 768-6800  
carole.neville@dentons.com

Hearing Date: November 1, 2017  
Hearing Time: 2:00 p.m.

*Attorneys for the David R. Markin Estate*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05224 (SMB) |
| Plaintiff, | |
| v. | |
| DAVID R. MARKIN, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, and David R. Markin Charitable Remainder Unitrust #2, SOUTHPAC INTERNATIONAL TRUST LTD., as trustee of the David R. Markin 2003 Trust, DAVID R. MARKIN 2003 TRUST, DAVID MARKIN CHARITABLE REMAINDER UNITRUST #1, DAVID R. MARKIN CHARITABLE REMAINDER UNITRUST #2, | |
| Defendants. | |

**DECLARATION OF CAROLE NEVILLE IN OPPOSITION TO
TRUSTEE'S MOTION TO AMEND AND IN FURTHER SUPPORT OF
MOTION TO DISMISS AND TO COMPEL PAYMENT**

I, Carole Neville, declare pursuant to 28 U.S.C. Section 1746 that the following is true:

I am a Senior Counsel of the law firm, Dentons US LLP, counsel for the Personal Representative of the Estate of David R. Markin (the "Markin Estate"). I am admitted to practice law in the State of New York and the Southern District of New York.

1. I submit this Declaration in support of the Markin Estate's opposition to the cross motion for leave to amend the complaint (the "Cross Motion") filed by Irving Picard, Trustee (the "Trustee") of Bernard L. Madoff Investment Securities LLC ("BLMIS") and in further support of the Markin Estate's Motion to Dismiss the Trustee's First Amended Complaint and to compel payment of the undisputed claim held by the Markin Estate against BLMIS.

2. Attached hereto are true and correct copies of the following exhibits:

    (a) Exhibit A is a copy of the Complaint setting forth the Trustee's claims against the named defendants with exhibits.

    (b) Exhibit B is a true and correct copy of the Amended Complaint setting forth the Trustee's claims against the named defendants.

    (c) Exhibit C is a true and correct copy of the protective answer.

    (d) Exhibit D is a trust and correct copy of the Trustee's proposed amended complaint forwarded in April 2017.

3. Mr. Markin and the Markin Estate have been engaging in discussions with the trustee's counsel to resolve the issues raised in the complaint since early 2010. In February 2010, I sent Mary Bittance, then an attorney with Baker Hostetler assigned to the Markin adversary proceeding, a copy of the CRUT#1 documents including the CRUT agreement, tax

returns, and copies of canceled checks. I also sent Ms. Bittance a copy of the Internal Revenue Service Ruling approving the distribution transactions and the termination of the CRUT#1.

4. Negotiations continued later that year with Nathan Ware, an attorney in the Cleveland office of Baker Hostetler. In July 2010, on behalf of Mr. Markin, I sent Mr. Ware copies of the following documents, in addition to the CRUT agreements: (a) the final Form 5227 tax return; (b) the ruling from the IRS; (c) direction letter to US Trust Company; (d) a chart summarizing the assets and distribution; (e) copies of cancelled checks to charities totaling $7,195,000.

5. In May 2015, the CRUT#1 documents were re-sent to Tatiana Markel in the New York office with a cover letter explaining Mr. Markin's defense as a subsequent transferee.

6. The proposed amended complaint forward to the Markin Estate in April 2017 highlights the difficulty of reaching agreement with respect to substitution and amendment in this case. The proposed amended complaint was a complete realignment of the parties in order to eliminate the subsequent transferee defense without any factual or legal justification. Accordingly, I declined to consent to amendment and communicated my reservations by email, one of which is reproduced in the opposition to the Trustee's Cross Motion. The Trustee's response after asserting new theories for the first time in seven years was: "We understand that you may not be happy with the complaint, however, a defendant never is. You have the ability to deny the allegations with which you disagree and assert defenses you believe are appropriate."

Executed this 25th day of October 2017at New York, New York.

                                                      */s/ Carole Neville*
                                                      Carole Neville