Hearing Date: November 1, 2017 at 2:00pm
Objection Due: October 31, 2017 by 4:00pm

Related ECF Nos. 56-58, 60-61, 65-66

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID R. MARKIN, individually and as trustee of the David Markin Charitable Remainder Unitrust #1, DAVID MARKIN CHARITABLE REMAINDER UNITRUST #1,<br><br>    Defendants. | Adv. Pro. No. 10-05224 (SMB) |

**TRUSTEE'S BRIEF IN (I) OPPOSITION TO THE ESTATE OF DAVID MARKIN'S MOTION BY ORDER TO SHOW CAUSE FOR SUBSTITUTION PURSUANT TO FED. R. CIV. P. 25 AND BANKR. R. 7025 FOR DAVID MARKIN SOLELY IN HIS CAPACITY AS HOLDER OF RELATED ACCOUNT CUSTOMER CLAIM; AND <u>(II) FURTHER SUPPORT OF THE TRUSTEE'S CROSS-MOTION TO SUBSTITUTE</u>**

          **BAKER & HOSTETLER LLP**
          45 Rockefeller Plaza
          New York, New York 10111
          Telephone: (212) 589-4200
          Facsimile: (212) 589-4201
          David J. Sheehan

          *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And the Estate of Bernard L. Madoff*

Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated Chapter 7 estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), submits this brief (i) in opposition to the Motion for Substitution Pursuant to Fed. R. Civ. P. 25 and Bankr. R. 7025 of the Estate of David R. Markin ("Markin Estate") for Defendant David R. Markin Solely in His Capacity as Holder of Related Account Customer Claim; and (ii) in further support of the Trustee's motion to substitute David R. Markin ("Markin") with the Markin Estate and Mitchell D. Schepps, as the Personal Representative of the Markin Estate ("Personal Representative," and with the Markin Estate, the "Estate Defendants"), with respect to all claims remaining in this adversary proceeding.

## INTRODUCTION

Since Markin's death in 2013, the Trustee has sought defendants' consent to substitute the Estate Defendants. After years of motion practice and failed attempts at settlement, it became clear to the Trustee that consent was not forthcoming, even on something as procedurally rote as substitution of a decedent's estate, and the Trustee moved to substitute. (ECF Nos. 56-58.) Instead of responding to the Trustee's motion, on the day the response was due, the Markin Estate separately moved by an emergency order to show cause, to substitute the Estate Defendants only with respect to one count of the First Amended Complaint (the "Emergency Motion"). In its Emergency Motion, the Markin Estate asserts that Count 8 for the disallowance of Markin's customer claim is the only claim that remains in the adversary proceeding. In so doing, the Markin Estate disregards Count 1 for the avoidance and recovery of transfers made by BLMIS within two years of the Filing Date ("Two-Year Transfers") to the David Markin Charitable Remainder Unitrust #1 ("CRUT #1"), and Markin, as the trustee of CRUT #1.

2

The basis the Markin Estate articulates for ignoring Count 1 is that neither CRUT #1 nor Markin as its trustee could be sued because the trust was terminated in 2007. Over the course of these proceedings, defendants have filed three separate motions, raising every conceivable issue—including freedom of religion—to dismiss the Trustee's claims against them. Not once did the defendants move based on the termination of CRUT #1. In fact, counsel represented defendants CRUT #1 and Markin, as CRUT #1's trustee, in all of the motions it filed over the last seven years.

Defendants have not advanced a single argument in response to the Trustee's motion for substitution to explain why the Estate Defendants should not be substituted with respect to all remaining causes of action. Indeed, the Markin Estate's Emergency Motion achieves the opposite result—it demonstrates that the Markin Estate and the Personal Representative are the proper parties to substitute into this adversary proceeding and concedes that the Trustee's claims have survived Markin's death. As a result, the Markin Estate's Emergency Motion should be denied, and the Trustee's cross-motion to substitute granted.

## **RELEVANT BACKGROUND**

On December 4, 2010, the Trustee brought federal and state law fraudulent transfer claims against: (1) Markin, individually; (2) Markin, as trustee of CRUT #1; (3) Markin, as trustee of the David Markin Charitable Remainder Unitrust #2 ("CRUT #2); (4) CRUT #1; (5) CRUT #2; (6) Southpac International Trust Ltd., as trustee of David R. Markin 2003 Trust ("2003 Trust"); and (7) 2003 Trust (together, the "Defendants"). (ECF No. 1.)

On August 4, 2011, the parties entered into a stipulation, in which Ms. Neville, as counsel for the Defendants, "expressly represent[ed] that [she] ha[s] been retained by the Defendants in

3

th[is] adversary proceeding . . . and ha[s] the authority to, and hereby do[es], accept service of the Summons and Complaint on behalf of the Defendants. (ECF No. 8.)

On October 26, 2011, Defendants moved to withdraw the reference to the Bankruptcy Court on, among other things, whether Bankruptcy Code section 546(e) limits the Trustee's avoidance powers to section 548(a)(1)(A) (the "546(e) Issue"). (ECF No. 12.)

On January 4, 2012, Defendants filed a motion to dismiss based on the 546(e) Issue. (*Picard v. Hein*, Cons. Case No. 11-04936 (JSR) (S.D.N.Y. Jan. 4, 2012), ECF Nos. 18-19.) On January 25, 2012, the Trustee filed an amended complaint to add a cause of action for the avoidance of obligations. (*Id.*, ECF No. 31.)

On March 30, 2012, Defendants filed a second motion to withdraw the reference on, among other things, whether transfers to Defendants were made on account of an antecedent debt (the "Antecedent Debt Issue"). (ECF No. 14.) On March 22, 2013, Defendants filed a second motion to dismiss on, among others, the Antecedent Debt Issue. (ECF No. 20.) As part of their second motion to dismiss, Defendants also argued that transfers to the CRUTs, as irrevocable trust accounts, are statutorily protected from the Trustee's avoidance claims, and that the Trustee's application of fraudulent transfer laws to CRUTs violated Defendants' free exercise of religion. (*Id.* at 28-32.) Defendants also moved to dismiss the subsequent transfer claim against Markin.

On April 30, 2012, the District Court in *Picard v. Greiff*, 476 B.R. 715 (S.D.N.Y. 2012), granted Defendants' motion on the 546(e) Issue. On July 16, 2015, this Court issued its Order (the "Omnibus MTD Order") dismissing the Trustee's claims to recover transfers beyond the two-year period prior to December 11, 2008 (the "Two-Year Period") and to avoid obligations. (ECF No. 43 ¶¶ 1-2); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard*

4

*L. Madoff)*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015). The Omnibus MTD Order also dismissed the subsequent transfer claims for lack of specificity, without prejudice to the Trustee's right to seek to amend under Fed. R. Civ. P. 15(a)(2) and Fed. R. Bankr. P. 7015. (ECF No. 43 ¶ 3); *Madoff*, 531 B.R. at 473-74.

As a result of Omnibus MTD Order, two defendants remained: Markin, as the trustee of CRUT #1 and CRUT #1. On October 19, 2015, the Defendants filed an answer on behalf of the remaining defendants.

On August 25, 2017, Defendants filed their third motion to dismiss on the grounds that (i) Markin (not currently a defendant) gave value for his subsequent transfers, and (ii) Markin was not an initial transferee by virtue of his dominion and control over CRUT #1's assets and the Two-Year Transfers. (ECF No. 53.) In response, the Trustee filed a cross-motion to amend and to substitute the Estate Defendants for Markin in the adversary proceeding. (ECF Nos. 56-58.) Without responding to the Trustee's motion to substitute, on October 25, 2017, the date defendants' opposition to the Trustee's cross-motion was due, the Markin Estate filed the Emergency Motion for substitution of the Estate Defendants for Markin with respect to Count 8 of the First Amended Complaint.

## ARGUMENT

In its Emergency Motion, the Markin Estate does not articulate a single reason why the Estate Defendants should not be substituted for Markin in the entire action and with respect to all remaining claims. The Markin Estate does not argue that the Trustee has not met the three conditions required for substitution: the Trustee's motion was timely, the Personal Representative is the proper party for substitution, and the Trustee's fraudulent transfer claims have survived Markin's death. The Markin Estate does argue, however, that by virtue of CRUT

5

#1's termination in 2007, the claims against CRUT #1 and Markin, as its trustee, have mysteriously evaporated, despite these very defendants actively litigating the Trustee's claims against them for the past seven years. The Markin Estate is incorrect.

Under American trust law generally, and Florida trust law in particular, a trustee is the proper party against whom claims involving a trust should be asserted. *See* Restatement (Third) of Trusts § 105 (2012) ("A third party may assert a claim against a trust for a liability incurred in trust administration by proceeding against the trustee in the trustee's representative capacity, whether or not the trustee is personally liable."); Fla. Stat. § 736.1013(3) ("A claim based on a contract entered into by a trustee in the trustee's fiduciary capacity, on an obligation arising from ownership or control of trust property, or on a tort committed in the course of administering a trust may be asserted in a judicial proceeding against the trustee in the trustee's fiduciary capacity, whether or not the trustee is personally liable for the claim."). In his original complaint, the Trustee sued Markin, as the trustee of CRUT #1, for avoidable transfers CRUT #1 received from BLMIS within two years of the Filing Date. Accordingly, the Trustee proceeded correctly on his claims.

A trustee is the legal owner of a trust's assets and, as such, is the proper party to '[p]ay or contest any claim, settle a claim by or against the trust, . . . release, in whole or in part, a claim belonging to the trust," and "[p]rosecute or defend, including appeals, an action, claim, or judicial proceeding in any jurisdiction to protect trust property or the trustee in the performance of the trustee's duties." Fla. Stat. § 736.1816(14) & (23); *see also Abromats v. Abromats*, No. 16 Civ. 60653 Bloom/Valle, 2016 U.S. Dist. LEXIS 125614, at *33-36 (S.D. Fla. Sept. 14, 2016). A trustee's obligations are not extinguished with the termination of a trust. For example, under

6

Florida law, a trustee may be sued up to "forty years after the date the trust terminates . . . ." Fla. Stat. § 736.1008(6)(b)(2).

The Trustee sued Markin, as the trustee of CRUT #1, within the applicable statute of limitations. Upon his death, the Estate Defendants became the successors to those claims. *See* 6-25 Moore's Federal Practice - Civil § 25.15 (2017) ("Once the successors or representatives of the deceased party are substituted, they stand in place of the deceased party. Previous acts of the deceased party are binding on them, as are prior orders and rulings. The successor takes over without any change in the status of the case."); *Logan v. Smith*, No. 3:07-cv-1156-J-JBT, 2016 U.S. Dist. LEXIS 189995, at *5-6 (M.D. Fla. Feb. 8, 2016) ("In Florida, a legal representative of a decedent is a proper party for substitution. . . . If a personal representative has been appointed to represent the interests of a decedent, then the personal representative is a proper party for substitution.") (internal citations omitted). The Markin Estate concedes as much by making its own motion to substitute the Estate Defendants. However, the relief the Markin Estate seeks is a perversion of Rule 25. Realizing that the Markin Estate is not a defendant and that it has no standing to pursue its motion to dismiss, the Markin Estate filed the Emergency Motion to be substituted only with respect to the one cause of action that addressed Markin's claim against the BLMIS estate (vis-à-vis his customer claim), but not the BLMIS Trustee's claim against Markin. And despite taking such an extreme position, the Emergency Motion is devoid of any legal support. Simply stated, the Markin Estate cannot be permitted to choose one of the claims for which to substitute defendants, while ignoring the others.

7

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court deny the Emergency Motion and, instead, grant the Trustee's cross-motion to substitute the Estate Defendants for Markin with respect to all remaining claims.

Date: October 31, 2017
New York, New York

Respectfully submitted,

By: */s/ Keith R. Murphy*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Robertson D. Beckerlegge
Email: rbeckerlegge@bakerlaw.com
Tatiana Markel
Email: tmarkel@bakerlaw.com
Ferve Khan
Email: fkhan@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*