# EXHIBIT B

**MILBERG LLP**
Matthew A. Kupillas
Joshua E. Keller
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

*Attorneys for Aspen Fine Arts Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PORTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>              v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                              Plaintiff,<br><br>              v.<br><br>ASPEN FINE ARTS CO.,<br><br>                              Defendant. | Adv. Pro. No. 10-04335 (SMB) |

**DEFENDANT ASPEN FINE ARTS CO.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Aspen Fine Arts Co. ("Defendant"), for its responses to Plaintiff Irving H. Picard's First Set of Requests for Admission (the "Requests"), states as follows:

## PRELIMINARY STATEMENT

Defendant's responses and objections are based on information presently available. Discovery in this action is still ongoing.  As discovery proceeds, documents may be discovered that are not set forth below, but which may be responsive.  Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood.  Defendant continues to investigate and reserves the right to supplement, amend, or correct these responses as appropriate.

By responding to Plaintiff's Requests, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents provided in response; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

## GENERAL OBJECTIONS

The following General Objections are incorporated in each specific response below as if fully repeated in each response.  Defendant's responses to any Request shall be without prejudice to any objections it may have to the relevance or admissibility of any response at any hearing or trial in this action.

1.      Defendant objects to the Requests, including without limitation the Definitions and Instructions contained therein, to the extent they seek to impose duties or obligations beyond those set forth in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

2.      Defendant objects to the Requests to the extent they call for a legal conclusion. Any response by Defendant should not be construed as providing a legal conclusion regarding the

2

meaning or application of any terms or phrases used in Plaintiff's requests, definitions or instructions.

3.     Defendant objects to the Requests to the extent they call for Defendant to form and then render an expert opinion.

4.     Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents not within Defendant's knowledge, possession, custody or control.  Defendant has made or will make a reasonably diligent inquiry concerning the subject matter of the Requests.

5.     Defendant objects to the Requests to the extent that they seek information related to transfers that Defendant received from or made to persons or entities other than BLMIS.  If this action proceeds to judgment, such receipts or uses of funds may become relevant at the time of enforcement or collection of the judgment.  Until such time, discovery directed to Defendant's finances is intrusive, harassing, unlikely to lead to the discovery of admissible evidence, unduly burdensome and expenses, and outside the scope of proper discovery.

6.     Defendant objects to the Requests to the extent they may be construed as limiting or restricting Defendant's rights to rely upon any document or information for any purpose whatsoever, including, but not limited to, the use of responsive information as evidence at any subsequent hearing, trial or other proceeding.

7.     Defendant objects to the Requests to the extent they seek information protected from discovery by applicable doctrines of privilege or immunity, including, without limitation, information developed or gathered for or in anticipation of litigation that constitute or reflect attorney work product or trial preparation materials, or attorney-client communications or

communications protected by the marital communication, common interest and/or joint defense privileges.

8.    Defendant objects to Plaintiff's definition of the term "Complaint" on the grounds that that term is vague and ambiguous, as it purports to define a singular document by reference to multiple, non-identical documents.  Defendant further objects to Plaintiff's definition of the term "Complaint" to the extent that Plaintiff's definition includes any complaints other than the Amended Complaint filed in this adversary proceeding by Plaintiff on December 2, 2011, on the grounds that Plaintiff's definition calls for the disclosure of information that is not relevant to the claims and defenses that are currently asserted in this adversary proceeding.  All Responses provided herein by Defendant are based on the Defendant's interpretation of the word "Complaint" to mean the Amended Complaint filed on December 2, 2011.

9.    Defendant objects to Plaintiff's definition of the term "You" on the grounds that it is overbroad, insofar as it purports to include Melvin Knyper with the definition of the term "You".

10.    Defendant objects to Plaintiff's definitions of the terms "Applicable Period", "Initial Transfer", and "Subsequent Transfer" on the grounds that the definitions of those terms are superfluous and unnecessary, as those terms are not used anywhere in the Requests.

11.    Defendant objects to the Requests to the extent that they seek the production of documents relating to a time period that is not relevant to the existing claims in this case.  Such discovery is overbroad, unduly burdensome, and expensive.  Unless otherwise noted, Defendant will confine its responses to the period of December 11, 2006 to December 11, 2008.

## <u>NON-WAIVER OF OBJECTIONS AND RIGHTS</u>

If Defendant provides information in response to the Requests, which information is or may be the subject of any of the foregoing objections, including, but not limited to, any

4

applicable privileges or doctrines, such a provision is not intended to be nor shall it be deemed a waiver of objections with respect to such information or withheld information, nor shall it be deemed a waiver with respect to admissibility of any such information into evidence at any trial or hearing.

## SPECIFIC RESPONSES AND SPECIFIC OBJECTIONS

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 1:** Admit that Melvin Knyper is the owner and president of the Aspen Fine Arts Company.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 1:** Defendant denies that Melvin Knyper is the "owner" of Aspen Fine Arts Co.; instead, both Melvin Knyper and Marlene ("Meg") Knyper are the shareholders of Aspen Fine Arts Co. Defendant admits that Melvin Knyper is the president of Aspen Fine Arts Co.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 2:** Admit that the Aspen Fine Arts Company has no other officers or directors apart from Meg Knyper, Melvin Knyper's wife.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 2:** Defendant admits that Aspen Fine Arts Co. has no other officers or directors apart from Melvin Knyper and Marlene ("Meg") Knyper, Melvin Knyper's wife.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 3:** Admit that Melvin Knyper was the only person to receive distributions or earnings from the Aspen Fine Arts Company.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 3:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the

recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 4:** Admit that Melvin Knyper managed the Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 4:** Defendant specifically objects to this Request as vague and ambiguous because the term "managed" may be understood or interpreted differently by different persons. Defendant further objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that Melvin Knyper managed the Account on behalf of Defendant.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 5:** Admit that Melvin Knyper communicated with BLMIS regarding Account activity.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 5:** Defendant admits that Melvin Knyper communicated with BLMIS regarding Account activity on behalf of Defendant.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 6:** Admit that the Account was held in the name of "Aspen Fine Arts Co c/o Knyper."

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 6:** Defendant admits that the Account was held in the name of "Aspen Fine Arts Co c/o Knyper."

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 7:**  Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 7:**  Defendant objects to this Request as vague and ambiguous because the term "principal balance calculation" may be understood or interpreted differently by different persons. Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that, except for interaccount deposit transactions for which the Trustee has not credited the full face value of such transactions, Exhibit B to Plaintiff's Amended Complaint accurately identifies all deposits into and withdrawals from the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 8:**  Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions Concerning the Account.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 8:**  Defendant objects to this Request as vague and ambiguous because the terms "reflects" and "transactions Concerning the Account" may be understood or interpreted differently by different persons.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that, except for interaccount deposit transactions for which the Trustee has not credited the full face value of such transactions, Exhibit B to Plaintiff's Amended Complaint accurately identifies all deposits into and withdrawals from the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 9:**  Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 9:**  Defendant objects to this Request as vague and ambiguous because the term "reflects" may be understood or interpreted differently by different persons.   Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that, except for interaccount deposit transactions for which the Trustee has not credited the full face value of such transactions, Column 4 of Exhibit B to Plaintiff's Amended Complaint accurately identifies all deposits made into the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 10:**  Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 10:** Defendant objects to this Request as vague and ambiguous because the term "reflects" may be understood or interpreted differently by different persons.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that Column 5 of Exhibit B to Plaintiff's Amended Complaint accurately identifies all withdrawals from the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 11:**   Admit that You received the withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 11:** Defendant objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendants responds as follows:  Defendant

8

admits that it received the withdrawals dated 06/26/06, 07/25/08, and 11/05/08 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint.  Defendant denies that it received the withdrawal dated 07/11/07 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint; however, that withdrawal, which was received by Melvin Knyper, may have been received (in whole or in part) for the benefit of Defendant.  **Or** Defendant admits that it received the check from BLMIS for the withdrawal dated 07/11/07 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint; however, that withdrawal check, which was intended to be deposited into Defendant's bank account (as demonstrated by Defendant's endorsement on the back of the check stating "Aspen Fine Arts Co  Deposit Wells Fargo  6108313082") was erroneously deposited into Melvin Knyper's bank account due to a banking error, and it appears that some or all of those funds were subsequently transferred by Melvin Knyper back to Defendant's bank account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 12:**  Admit that, over the life of Account, $7,468,000 was withdrawn from the Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 12:** Defendant denies that, over the life of the Account, $7,468,000 was withdrawn from the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 13:**  Admit that, of the $7,468,000 that was withdrawn from the Account, $2,450,000 consisted of principal.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 13:** Defendant objects to this Request as vague and ambiguous because the term "principal" may be understood or interpreted differently by different persons.  Defendant further

objects to this Request on the ground that it is predicated on the false assertion that "$7,468,000 . . . was withdrawn from the Account".  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that, except for interaccount deposit transactions for which the Trustee has not credited the full face value of such transactions, Exhibit B to Plaintiff's Amended Complaint accurately identifies all deposits into and withdrawals from the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 14:**  Admit that, of the $7,468,000 that was withdrawn from the Account, $4,534,132 was in excess of principal.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 14:** Defendant objects to this Request as vague and ambiguous because the term "principal" may be understood or interpreted differently by different persons.  Defendant further objects to this Request on the ground that it is predicated on the false assertion that "$7,468,000 . . . was withdrawn from the Account".  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that, except for interaccount deposit transactions for which the Trustee has not credited the full face value of such transactions, Exhibit B to Plaintiff's Amended Complaint accurately identifies all deposits into and withdrawals from the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 15:**  Admit that $5,018,000 more was withdrawn from the Account than was deposited into the Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 15:** Defendant admits that, except for interaccount deposit transactions for which the Trustee has not credited the full face value of such transactions, Exhibit B to Plaintiff's Amended Complaint accurately identifies all deposits into and withdrawals from the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 16:**  Admit that, between December 11, 2006 and December 11, 2008, $1,600,000 in excess of principal was withdrawn from the Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 16:** Defendant objects to this Request as vague and ambiguous because the term "principal" may be understood or interpreted differently by different persons. Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that, except for interaccount deposit transactions for which the Trustee has not credited the full face value of such transactions, Exhibit B to Plaintiff's Amended Complaint accurately identifies all deposits into and withdrawals from the Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 17:**  Admit that, between December 11, 2006 and December 11, 2008, You received the $700,000 in excess of principal that was withdrawn from the Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 17:** Defendant objects to this Request as vague and ambiguous because the term "principal" may be understood or interpreted differently by different persons. Defendant further objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that, except for interaccount deposit transactions for which the Trustee has not credited the full face value of such transactions, Exhibit B to Plaintiff's Amended

11

Complaint accurately identifies all deposits into and withdrawals from the Account. Defendant admits that it received the withdrawals dated 06/26/06, 07/25/08, and 11/05/08 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint. Defendant admits that it received the check from BLMIS for the withdrawal dated 07/11/07 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint; however, that withdrawal check, which was intended to be deposited into Defendant's bank account (as demonstrated by Defendant's endorsement on the back of the check stating "Aspen Fine Arts Co  Deposit Wells Fargo  6108313082") was erroneously deposited into Melvin Knyper's bank account due to a banking error, and it appears that some or all of those funds were subsequently transferred by Melvin Knyper back to Defendant's bank account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 18:**   Admit that BLMIS made all Transfers to You between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 18:** Defendant lacks knowledge or information sufficient to permit Defendant to admit or deny that BLMIS made all Transfers to Defendant between December 11, 2006 and December 11, 2008 with actual intent to hinder, deny, or defraud investors, despite reasonable inquiries made by Defendant into this question; Defendant does not have the ability to see into the state of mind of BLMIS or the reasons why BLMIS made any of the Transfers, and the information that Defendant knows or can readily obtain is insufficient to permit Defendant to either admit or deny this Request.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 19:**  Admit that BLMIS was operating as a Ponzi scheme as alleged in the Complaint.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 19:**
>
> Defendant objects to this Request as vague and ambiguous because the term "Ponzi scheme" is undefined and may be understood or interpreted differently by different persons.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant lacks knowledge or information sufficient to permit Defendant to admit or deny that BLMIS was operating a Ponzi scheme as alleged in the Amended Complaint, despite reasonable inquiries made by Defendant into this question; the information that Defendant knows or can readily obtain is insufficient to permit Defendant to either admit or deny this Request.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 20:**  Admit that the customer statements received from BLMIS reflect the deposits Melvin Knyper made into the Account on Your behalf.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 20:**
>
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that the customer statements received by Defendant from BLMIS reflect deposits into the Account that were made at Melvin Knyper's direction on Defendant's behalf.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 21:**  Admit that the customer statements received from BLMIS reflect the withdrawals Melvin Knyper made from the Account on Your behalf.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 21:**
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.  Defendant further objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that the customer statements received by Defendant from BLMIS reflect withdrawals from the Account, during the two year period prior to the liquidation of BLMIS, which were made at Melvin Knyper's direction on Defendant's behalf.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 22:**  Admit that from March 1998 to November 2008 four (4) deposits were made into the Account totaling $2,450,000.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 22:**
> Defendant admits that, in addition to interaccount deposit transactions for which the

Trustee has not credited the full face value of such transactions, from March 1998 to November 2008 four (4) deposits were made into the Account totaling $2,450,000.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 23:**  Admit that from March 1998 to November 2008 thirty two (32) withdrawals were made from the Account totaling $7,460,000.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 23:** Defendant admits that from March 1998 to November 2008 thirty-two (32) withdrawals were made from the Account totaling $7,460,000.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 24:**  Admit that Melvin Knyper made each deposit into the Account on Your behalf.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 24:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that the customer statements received by Defendant from BLMIS reflect deposits into the Account that were made at Melvin Knyper's direction on Defendant's behalf.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 25:**  Admit that Melvin Knyper made each withdrawal from the Account on Your behalf.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 25:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses

of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.  Defendant further objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that the customer statements received by Defendant from BLMIS reflect withdrawals from the Account, during the two year period prior to the liquidation of BLMIS, which were made at Melvin Knyper's direction on Defendant's behalf.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 26:**  Admit that each deposit into the Account was made at Melvin Knyper's direction.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 26:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that the each deposit into the Account, during the two year period prior to the liquidation of BLMIS, was made at Melvin Knyper's direction on Defendant's behalf.

16

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 27:**  Admit that each withdrawal from the Account was made at Melvin Knyper's direction.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 27:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.  Defendant further objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that the each withdrawal from the Account, during the two year period prior to the liquidation of BLMIS, was made at Melvin Knyper's direction on Defendant's behalf.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 28:**  Admit that after December 11, 2006, four (4) withdrawals were made from the Account totaling $1,600,000.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 28:** Defendant admits that after December 11, 2006, four (4) withdrawals were made from the Account totaling $1,600,000.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 29:**  Admit that You received the $1,600,000 withdrawn from the Account after December 11, 2006.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 29:**
Defendant admits that it received the withdrawals dated 06/26/06, 07/25/08, and 11/05/08 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint.  Defendant admits that it received the check from BLMIS for the withdrawal dated 07/11/07 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint; however, that withdrawal check, which was intended to be deposited into Defendant's bank account (as demonstrated by Defendant's endorsement on the back of the check stating "Aspen Fine Arts Co  Deposit Wells Fargo  6108313082") was erroneously deposited into Melvin Knyper's bank account due to a banking error, and it appears that some or all of those funds were subsequently transferred by Melvin Knyper back to Defendant's bank account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 30:**  Admit that each withdrawal referred to in Request No. 23 went to one or more bank or brokerage accounts held by You.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 30:**
Defendant objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that the withdrawals dated 06/26/06, 07/25/08, and 11/05/08 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint were deposited into one or more bank or brokerage accounts held by Defendant.  Defendant denies that the withdrawal dated 07/11/07 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint was

deposited into one or more bank or brokerage accounts held by Defendant; that withdrawal check, which was intended to be deposited into Defendant's bank account (as demonstrated by Defendant's endorsement on the back of the check stating "Aspen Fine Arts Co  Deposit Wells Fargo  6108313082") was erroneously deposited into Melvin Knyper's bank account due to a banking error, and it appears that some or all of those funds were subsequently transferred by Melvin Knyper back to Defendant's bank account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 31:**  Admit that each withdrawal referred to in Request No. 23 was made for Your benefit.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendant objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party, insofar as the Request is not limited in time to the two year period prior to the liquidation of BLMIS.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that the withdrawals dated 06/26/06, 07/25/08, and 11/05/08 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint were made for Defendant's benefit. Defendant states that the withdrawal dated 07/11/07 listed in Column 5 of Exhibit B to Plaintiff's Amended Complaint was intended to be made for Defendant's benefit, and was intended to be deposited into Defendant's bank account (as demonstrated by Defendant's endorsement on the back of the check stating "Aspen Fine Arts Co  Deposit Wells Fargo  6108313082"); however, that withdrawal check was erroneously deposited into Melvin Knyper's bank account due to a banking error, and it appears that some or all

of those funds were subsequently transferred by Melvin Knyper back to Defendant's bank account.

Dated: June 1, 2016

By:  */s/ Matthew A. Kupillas*
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Fax:  (212) 868-1229
Matthew A. Kupillas
Email:  mkupillas@milberg.com
Joshua E. Keller
Email:  jkeller@milberg.com

*Attorneys for Aspen Fine Arts Co.*

721388v2