# EXHIBIT C

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

June 22, 2016

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Matthew A. Kupillas
Joshua E. Keller
Milberg LLP
One Pennsylvania Plaza, 49th Floor
New York, New York 10119

Re:  Adv. Pro. No. 10-04335 (SMB); *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Aspen Fine Arts Co.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

We write to follow-up on our conference call of May 17, 2016, with respect to issues you raised concerning the Trustee's Rule 45 Subpoenas served on Wells Fargo Bank and Larry Neu. Specifically, we address Defendant's objection to discovery into Melvin Knyper's bank account.

We have reviewed Defendant's Responses to the Trustee's First Set of Requests for Admission, and in light of these responses, the Trustee is willing to narrow the applicable period for the subpoenas such that it begins at the start of BLMIS Account No. 1EM322 the predecessor account to Account No. 1EM381 (the "Account"). Because the predecessor account was opened on or about January 11, 1995, the new applicable period would range from January 11, 1995 to December 31, 2009. We will take steps to advise Wells Fargo Bank and counsel for Mr. Neu of this change. Response deadlines for both subpoenas have been extended to June 29, 2016.

We will not agree to limit discovery to Aspen Fine Arts Co.'s bank account. As a preliminary matter, despite the objections to the Trustee's subpoenas raised by Defendant, Defendant has no standing to object to the subpoenas. Judge Bernstein has specifically ruled that a party lacks standing to challenge subpoenas issued to non-parties on grounds of relevancy. *See* Hearing Transcript dated March 23, 2016 on Defendants' Motion to Quash, Subpoena, for Protective Order, and for Dismissal in *Saren-Lawrence*, at 57:5-23.

Furthermore, as Defendant has admitted in his Response to Request for Admission No. 11, Melvin Knyper received Account funds into his bank account at Wells Fargo. This admission places Knyper's account directly at issue, as the Trustee is entitled to discovery

Matthew A. Kupillas
Joshua E. Keller
June 22, 2016
Page 2

concerning the flow of transfers of BLMIS funds and the purported return of the funds back to Defendant's bank account by Knyper. *See* Exhibit A, Paragraph 4(g) to November 10, 2010 Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order.

Finally, because Defendant has asserted affirmative defenses, relating to, among other things, equitable adjustments on account of tax payments, the Trustee is entitled to discovery relating to same, including discovery of bank accounts that may reflect the purported tax payments.

Should you have questions, please feel free to contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt