# EXHIBIT D

**MILBERG LLP**
Matthew A. Kupillas
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

*Attorneys for Aspen Fine Arts Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04335 (SMB) |
| Plaintiff, | |
| v. | |
| ASPEN FINE ARTS CO., | |
| Defendant. | |

---

## DEFENDANT ASPEN FINE ARTS CO.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Aspen Fine Arts Co. ("Defendant"), for its responses to Plaintiff Irving H. Picard's First Set of Interrogatories the ("Interrogatories"), states as follows:

## PRELIMINARY STATEMENT

Defendant's responses and objections are based on information presently available. Discovery in this action is still ongoing.  As discovery proceeds, documents may be discovered that are not set forth below, but which may be responsive.  Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood.  Defendant continues to investigate and reserves the right to supplement, amend, or correct these responses as appropriate.

By responding to Plaintiff's Interrogatories, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents provided in response; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

## GENERAL OBJECTIONS

The following General Objections are incorporated in each specific response below as if fully repeated in each response.  Defendant's responses to any Interrogatory shall be without prejudice to any objections it may have to the relevance or admissibility of any response at any hearing or trial in this action.

1.     Defendant objects to the Interrogatories, including without limitation the Definitions and Instructions contained therein, to the extent they seek to impose duties or obligations beyond those set forth in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

2.     Defendant objects to the Interrogatories to the extent they are duplicative or each other or any other discovery requests and reserves the right to incorporate answers by reference.

3.      Defendant objects to the Interrogatories to the extent they seek information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to the Interrogatories to the extent they seek information protected from discovery by applicable doctrines of privilege or immunity, including, without limitation, information developed or gathered for or in anticipation of litigation that constitute or reflect attorney work product or trial preparation materials, or attorney-client communications or communications protected by the marital communication, common interest and/or joint defense privileges.  Defendant will not provide any information subject to such privileges.

5.      Defendant objects to the Interrogatories on the grounds that they seek the legal conclusions of counsel and/or the substance of attorney-client communications between Defendant and counsel rather than facts known to Defendant.  Legal conclusions are beyond the scope of discovery of Fed. R. Civ. P. 26.

6.      Defendant objects to the Interrogatories to the extent they seek information that may be determined by expert opinion or testimony, on the grounds that they are premature under Fed. R. Civ. P. 26(a)(2).

7.      Defendant objects to the Interrogatories to the extent they seek information that is not in the knowledge, possession, custody, or control of Defendant.  Defendant has made or will make a reasonably diligent inquiry concerning the subject matter of the Interrogatories.

8.      Defendant objects to the Interrogatories to the extent they seek information that is already in the possession of Plaintiff or that Plaintiff is in equal position to obtain.

9.      Defendant objects to the Interrogatories to the extent they seek information that is publicly available or that Plaintiff can obtain from another source that is more convenient, less burdensome, or less expensive or with a burden equal to that imposed on Defendant.

10.     Defendant objects to the Interrogatories to the extent that they seek information related to transfers that Defendant received from or made to persons or entities other than BLMIS.  If this action proceeds to judgment, such receipts or uses of funds may become relevant that the time of enforcement or collection of the judgment.  Until such time, discovery directed to Defendant's finances is intrusive, harassing, unlikely to lead to the discovery of admissible evidence, unduly burdensome and expenses, and outside the scope of proper discovery.

11.     Defendant objects to the Interrogatories on the basis that they improperly include more than 25 separate interrogatories in violation of the limit on interrogatories set forth in Fed. R. Civ. P. 33(a)(1).

12.     Defendant objects to Plaintiff's definition of the term "Complaint" on the grounds that that term is vague and ambiguous, as it purports to define a singular document by reference to multiple, non-identical documents.  Defendant further objects to Plaintiff's definition of the term "Complaint" to the extent that Plaintiff's definition includes any complaints other than the Amended Complaint filed in this adversary proceeding by Plaintiff on December 2, 2011, on the grounds that Plaintiff's definition calls for the disclosure of information that is not relevant to the claims and defenses that are currently asserted in this adversary proceeding.  All Responses provided herein by Defendant are based on the Defendant's interpretation of the word "Complaint" to mean the Amended Complaint filed in this adversary proceeding by Plaintiff on December 2, 2011.

13.    Defendant objects to Plaintiff's definition of the term "Account(s)" as vague, ambiguous, overbroad and unduly burdensome.  As defined, the term would include BLMIS accounts that are not relevant to this action.  In responding to these Interrogatories, Defendant construes and understands the term to mean solely the BLMIS Account No. 1EM381.

14.    Defendant objects to the Interrogatories to the extent that they seek information relating to a time period that is not relevant to the existing claims in this case.  Such discovery is overbroad, unduly burdensome, and expensive.  Unless otherwise noted, Defendant will confine its responses to the period of December 11, 2006 to December 11, 2008.

### NON-WAIVER OF OBJECTIONS AND RIGHTS

If Defendant provides information in response to an Interrogatory, which information is or may be the subject of any of the foregoing objections, including, but not limited to, any applicable privileges or doctrines, such a provision is not intended to be nor shall it be deemed a waiver of objections with respect to such information or withheld information, nor shall it be deemed a waiver with respect to admissibility of any such information into evidence at any trial or hearing.

### SPECIFIC RESPONSES AND SPECIFIC OBJECTIONS

**PLAINTIFF'S INTERROGATORY NO. 1:**    Identify the reasons for each Transfer and Subsequent Transfer.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 1:** Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory as vague and ambiguous because the term "reasons" may be understood or interpreted differently by different persons; for example, the interrogatory does not specify whose "reasons" Defendant is asked to

5

identify. Defendant further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 2:** Identify each deposit into the Account.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 2:** Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory as vague and ambiguous because the term "identify", as used in this Interrogatory, may be understood or interpreted differently by different persons. Subject to and without waiving the foregoing objections, Defendant responds as follows: The dates and dollar amounts of all deposits into the Account are identified in Columns 1, 4 and 6 of Exhibit B to Plaintiff's Amended Complaint.

**PLAINTIFF'S INTERROGATORY NO. 3:** Identify each person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 3:** Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory as vague and ambiguous because the phrases "knowledge of any Transfer" and "the circumstances under which each Person obtained such knowledge" may be understood or interpreted differently by different persons. Defendant further objects to this Interrogatory on the grounds that it overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Subject to and without waiving the foregoing

objections, Defendant responds as follows:  Melvin Knyper has knowledge concerning certain Transfers, which he obtained in connection with his position as President of Aspen Fine Arts Co.

**PLAINTIFF'S INTERROGATORY NO. 4:**   Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly including, but not limited to, Melvin Knyper, Marlene Knyper, Aspen Fine Arts, Co.'s pension fund account or accounts, Gregory Knyper, Melissa Ostrove, Danielle Ostrove, and Amanda Ostrove; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 4:

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action.  Defendant further objects to this Interrogatory to the extent that it directly or indirectly seeks information concerning subsequent transfers; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.  Subject to and without waiving the foregoing objections, Defendant responds as follows:   Defendant received the following funds that were withdrawn from Defendant's BLMIS Account:   (a) $500,000 received on or around December 26, 2006; (b) $250,000 received on or around July 25, 2008; and (c) $500,000 received on or around November 5, 2008.  On or around July 11, 2007, Melvin Knyper received $350,000 that was withdrawn from Defendant's BLMIS Account, as that

withdrawal check was erroneously deposited into Melvin Knyper's bank account due to a banking error; however, as set forth in Defendant's response to Interrogatory No. 14 below, the full amount ($350,000) of those funds was subsequently transferred by Melvin Knyper back to Defendant's bank account.

**PLAINTIFF'S INTERROGATORY NO. 5:**   Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 5:**

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action.  Defendant further objects to this Interrogatory to the extent that it directly or indirectly seeks information concerning subsequent transfers; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.  Defendant further objects to this Interrogatory because it is grounded in allegations of the Trustee that the Bankruptcy Court has determined in related proceedings to be insufficient as a matter of law to support the characterization of a purported subsequent transferee as a person "for whose benefit" the initial transfer was made, and thereby to avoid the transfer under Section 550(a) of the Bankruptcy Code. Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 6:**  To the extent not already provided in Aspen Fine Arts, Co.'s responses to the preceding Interrogatories, state how Aspen Fine Arts, Co. used any money received from the Transfers.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 6:**

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action.  Defendant further objects to this Interrogatory to the extent that it directly or indirectly seeks information concerning subsequent transfers; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.  Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 7:**  Identify any and all banks and/or financial institutions, including, but not limited to, Wells Fargo Bank, N.A., where Aspen Fine Arts Co. or Melvin Knyper hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 7:**

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is harassing, vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action.  Defendant further objects to this Interrogatory on the ground that it seeks discovery concerning subsequent transfers; there

are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.  Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 8:**  Identify any instance when Aspen Fine Arts, Co. or anyone on Your behalf communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 8:** Defendant incorporates all of its General Objections as if set forth fully herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Neither Defendant, nor anyone acting on Defendant's behalf, ever communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**PLAINTIFF'S INTERROGATORY NO. 9:**  For each denial of a material allegation and each affirmative defense in Aspen Fine Arts, Co.'s answer to the Complaint:

    a.    state all facts upon which Aspen Fine Arts, Co. bases the denial or affirmative defense;

    b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c.    Identify Documents and other tangible things that support Aspen Fine Arts, Co.'s denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 9:**

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is harassing, vague, overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action.  Defendant further objects to this Interrogatory because it seeks information that is protected by the attorney-client privilege and the attorney work product doctrine, and purports to require Defendant to disclose information that constitutes or contains the legal analysis of the allegations of the Amended Complaint and the defenses.  Moreover, this Interrogatory is compound and purports to require Defendant to provide one answer encompassing facts, the identity of knowledgeable persons, and documents that may be relevant to separate and discrete denials of allegations and affirmative defenses under the guise of a single Interrogatory. In that manner the Interrogatory violates the letter and spirit of Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Subject to the foregoing General and Specific Objections, Defendant requests that the Trustee clarify the particular denials or affirmative defenses for which he seeks information, subject to the restrictions imposed on interrogatories by Rule 33(a) of the Federal Rules of Civil Procedure.

**PLAINTIFF'S INTERROGATORY NO. 10:**  Identify the basis for Your contention, contained within the twenty-seventh affirmative defense in Your answer to the Trustee's Complaint, that "[t]he claims are barred because they fail to sufficiently trace the funds that are the subject of the alleged transfers from BLMIS to the Defendant."

11

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 10:**

Defendant incorporates all of its General Objections as if set forth fully herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not possess any facts that support this contention.

**PLAINTIFF'S INTERROGATORY NO. 11:** Identify the basis for Your contention, contained within the twenty-eighth affirmative defense in Your answer to the Trustee's Complaint, that "[t]he claims are barred, in whole or part, for failure to properly credit inter-account transfers."

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 11:**

Defendant incorporates all of its General Objections as if set forth fully herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: As reflected on Exhibit A to the Trustee's Amended Complaint, (a) on or around February 24, 2000, $3,093,402 was transferred from BLMIS account no. 1EM332 to Defendant's BLMIS account no. 1EM381, but the Trustee has only credited the Defendant's account no. 1EM381 with a portion ($475,968) of that transferred amount; (b) on or around March 14, 2000, $672 was transferred from BLMIS account no. 1EM332 to Defendant's BLMIS account no. 1EM381, but the Trustee has not credited the Defendant's account no. 1EM381 with any portion ($0) of that transferred amount; and (c) on or around August 16, 2000, $2,738 was transferred from BLMIS account no. 1EM332 to Defendant's BLMIS account no. 1EM381, but the Trustee has not credited the Defendant's account no. 1EM381 with any portion ($0) of that transferred amount.

**PLAINTIFF'S INTERROGATORY NO. 12:** Identify the basis for Your contention, contained within the twenty-ninth affirmative defense in Your answer to the Trustee's Complaint, that "[t]ransfers are subject to setoff or equitable adjustment because the alleged transfers were made to

pay estate and/or income taxes based on the value of assets and statements of gains and income reflected in the BLMIS account at issue. The Internal Revenue Code ("IRC") requires payment of estate taxes, IRC § 2001 et seq., and income taxes, IRC §§ 1 et seq. and 641 et seq., based on, among other things, the amount of the funds and/or income generated in brokerage accounts. Accordingly, the Internal Revenue Code requires that tax payments be made based upon the value of the assets reflected in, and/or any gains or income reflected in, BLMIS brokerage statements. Defendant relied upon these statements in making such payments in order to comply with, among other federal and state statutes, IRC §§ 2001 et seq. and IRC §§ 1 et seq. and 641 et seq."

### DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 12:

Defendant incorporates all of its General Objections as if set forth fully herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: as reflected in Exhibit 4 to Plaintiff's Second Set of Requests for Admission (NEU003193-257), during the period between December 2003 and December 2008, Defendant used funds withdrawn from its BLMIS account no. 1EM381 to pay certain amounts in federal and state income tax, which tax payments were (at least in part) based on the assets reflected in, and/or gains or income reflected in, the BLMIS brokerage statements for Defendant's BLMIS account no. 1EM381.

**PLAINTIFF'S INTERROGATORY NO. 13:**  For each response other than an unqualified admission to a Request for Admission included within the Trustee's First Set of Requests for Admission, served on April 8, 2016, and Second Set of Requests for Admission, served contemporaneously herewith:

a.  State all facts upon which You base the denial or qualified response;

b.  State the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

c.  Identify Documents and other tangible things that support Your denial or qualified response, and state the name, address, and telephone number of the Person who has each Document.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 13:**

Defendant incorporates all of its General Objections as if set forth fully herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows:

(i) With regard to Request for Admission Nos. 7, 8, 9 and 22 in Plaintiff's First Set of Requests for Admission, Defendant qualified its admission to those Requests because, as reflected on Exhibit A to the Trustee's Amended Complaint, (a) on or around February 24, 2000, $3,093,402 was transferred from BLMIS account no. 1EM332 to Defendant's BLMIS account no. 1EM381, but the Trustee has only credited the Defendant's account no. 1EM381 with a portion ($475,968) of that transferred amount; (b) on or around March 14, 2000, $672 was transferred from BLMIS account no. 1EM332 to Defendant's BLMIS account no. 1EM381, but the Trustee has not credited the Defendant's account no. 1EM381 with any portion ($0) of that transferred amount; and (c) on or around August 16, 2000, $2,738 was transferred from BLMIS account no. 1EM332 to Defendant's BLMIS account no. 1EM381, but the Trustee has not credited the Defendant's account no. 1EM381 with any portion ($0) of that transferred amount.

(ii) With regard to Request for Admission Nos. 11, 17, 29, 30 and 31 in Plaintiff's First Set of Requests for Admission, Defendant qualified its admission to those Requests because as reflected on Exhibit 4 to Plaintiff's Second Set of Requests for Admission

14

(NEU003193-257) and on MADWAA00272721, on or around July 11, 2007, a check dated July 11, 2007 in the amount of $350,000, which was withdrawn from Defendant's BLMIS Account, was not directly received by Defendant, but was erroneously deposited into Melvin Knyper's bank account due to a banking error; however, as reset forth in Defendant's response to Interrogatory No. 14 below, the full amount ($350,000) of those funds were subsequently transferred by Melvin Knyper back to Defendant's bank account.

(iii) With regard to Request for Admission No. 12 in Plaintiff's First Set of Requests for Admission, Defendant denied that Request because $7,468,000 was not withdrawn from Defendant's BLMIS account no. 1EM381 over the life of the account. Exhibit A to the Trustee's Amended Complaint supports Defendant's denial, as it reflects that only $7,460,000 was withdrawn from Defendant's BLMIS account no. 1EM381 over the life of the account.

(iv) With regard to Request for Admission No. 12 in Plaintiff's Second Set of Requests for Admission, Defendant denied that Request because it contains a premise ("Melvin Knyper transferred the $250,000 in BLMIS funds to Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082 in August 2008") which is factually incorrect, as Melvin Knyper did not transfer $250,000 in BLMIS funds to Aspen Fine Arts Co.'s Wells Fargo bank account in August 2008.  Exhibit 4 to Plaintiff's Second Set of Requests for Admission supports Defendant's denial, as that exhibit does not reflect any such purported transfer in August 2008.

**PLAINTIFF'S INTERROGATORY NO. 14:**   Identify all BLMIS funds you purport were "erroneously deposited" into Melvin Knyper's bank account, and any funds subsequently

transferred by Melvin Knyper back to Defendant's bank account, as described in Aspen Fine Arts, Co.'s response to the Trustee's Request for Admission Nos. 11, 17, 30 and 31. In so doing, Identify all communications regarding such funds and the dates of such transfers back to Defendant's bank account.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 14:

Defendant incorporates all of its General Objections as if set forth fully herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: As reflected on the documents bearing the MADWAA00272721 and Bates numbers NEU003193-257, on or around July 11, 2007, a check in the amount of $350,000 was erroneously deposited into Melvin Knyper's bank account. As reflected on NEU003209, on or around August 21, 2007, $250,000 was returned by Melvin Knyper to Defendant's Wells Fargo bank account. Further, as reflected on NEU003252 (see line item "Bank transfers in from personal acct"), $300,000 was transferred from Melvin Knyper to Defendant's Wells Fargo bank account in 2008, which would include the return of the remaining $100,000; see also NEU003193-257, indicating that the following amounts were transferred into Defendant's Wells Fargo bank account: (a) $100,000 on or around February 11, 2008, (b) $150,000 on or around March 4, 2008, (c) $30,000 on or around October 31, 2008, and (d) $20,000 on or around November 4, 2008.

**PLAINTIFF'S INTERROGATORY NO. 15:** Identify all personal expenses of and transfers to Melvin Knyper and/or Marlene Knyper during the period from December 11, 2006 to December 31, 2009, paid from Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. ending in xxxxxx3082, as reflected in Exhibit 1 (document beginning with the bates label NEU003193) attached hereto.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 15:**

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Interrogatory to the extent that it directly or indirectly seeks information concerning subsequent transfers; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims. Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 16:** Identify all funds transferred from Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. ending in xxxxxx3082 to Aspen Fine Arts, Co.'s Pension Account, Wells Fargo Bank Account No. ending in xxxxxx6855, during the period from December 11, 2006 to December 31, 2009, including but not limited to those funds reflected in Exhibit 2 (document beginning with bates label NEU000786) attached hereto.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 16:**

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action. Defendant further objects to this Interrogatory to the extent that it directly or indirectly seeks information concerning subsequent transfers; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not

relevant to Plaintiff's claims.    Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 17:**  Identify all funds transferred from Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082 to Melvin Knyper, Marlene Knyper, Aspen Fine Arts Co.'s pension fund or accounts, Gregory Knyper, Melissa Ostrove, Danielle Ostrove, Amanda Ostrove, and any other relative of Melvin Knyper and/or Marlene Knyper, during the period from December 11, 2006 to December 31, 2009, including, but not limited to, those transfers reflected in Exhibit 1.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 17:**
Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action.  Defendant further objects to this Interrogatory to the extent that it directly or indirectly seeks information concerning subsequent transfers; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.   Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 18:**  Identify all account numbers for any financial institution or investment institution that received funds or payments from Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082 during the period from December 11, 2006 to December 31, 2009, identified in Exhibit 1, including, but not limited to:    Wells Fargo

(specifically, the savings account referenced therein), JP Morgan Chase (including Chase Visa)

Jeffries and Co, and American Express.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 18:**

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant

specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

burdensome and seeks information that is not material, relevant or necessary to the

prosecution or defense of this action. Defendant further objects to this Interrogatory to

the extent that it directly or indirectly seeks information concerning subsequent transfers;

there are currently no claims asserted in this action for the recovery of subsequent

transfers, and accordingly, information concerning potential subsequent transfers is not

relevant to Plaintiff's claims. Based on the foregoing objections, Defendant is not

responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 19:**    Identify how Melvin Knyper used the

$1,032,750 in distributions from Aspen Fine Arts, Co. provided in Exhibits 3 and 4 (documents

beginning with the bates labels NEU002827 and NEU006063, respectively).

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 19:**

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant

specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

burdensome and seeks information that is not material, relevant or necessary to the

prosecution or defense of this action. Defendant further objects to this Interrogatory to

the extent that it directly or indirectly seeks information concerning subsequent transfers;

there are currently no claims asserted in this action for the recovery of subsequent

transfers, and accordingly, information concerning potential subsequent transfers is not

relevant to Plaintiff's claims.   Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 20:**   Describe in detail any business conducted by Defendant, and any value Melvin Knyper and/or Marlene Knyper provided to Defendant in furtherance of that business.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 20:

Defendant incorporates all of its General Objections as if set forth fully herein. Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is not material, relevant or necessary to the prosecution or defense of this action.   Based on the foregoing objections, Defendant is not responding to this Interrogatory.

**PLAINTIFF'S INTERROGATORY NO. 21:**   For the period December 11, 2008 through the present, Identify all actions that You and/or anyone acting on Your behalf, including counsel, took to preserve Documents and records relevant to the claims and/or defenses in this Adversary Proceeding, including any such materials in the physical possession of third parties, and Identify the date such actions occurred.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORY NO. 21:

Defendant incorporates all of its General Objections as if set forth fully herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has repeatedly instructed its accountant, Larry W. Neu, CPA, to preserve documents in his possession relating to the claims and defenses in this Adversary Proceeding.

20

Dated: March 27, 2017

By: _/s/ Matthew A. Kupillas_
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Fax:  (212) 868-1229
Matthew A. Kupillas
Email:  mkupillas@milberg.com

_Attorneys for Aspen Fine Arts Co._

731448v1