# EXHIBIT E

**MILBERG LLP**
Matthew A. Kupillas
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

*Attorneys for Aspen Fine Arts Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN FINE ARTS CO.,<br><br>Defendant. | Adv. Pro. No. 10-04335 (SMB) |

**DEFENDANT ASPEN FINE ARTS CO.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION**

Defendant Aspen Fine Arts Co. ("Defendant"), for its responses to Plaintiff Irving H. Picard's Second Set of Requests for Admission (the "Requests"), states as follows:

## PRELIMINARY STATEMENT

Defendant's responses and objections are based on information presently available. Discovery in this action is still ongoing. As discovery proceeds, documents may be discovered that are not set forth below, but which may be responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of such facts and evidence may be imperfectly understood. Defendant continues to investigate and reserves the right to supplement, amend, or correct these responses as appropriate.

By responding to Plaintiff's Requests, Defendant does not waive any objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents provided in response; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

## GENERAL OBJECTIONS

The following General Objections are incorporated in each specific response below as if fully repeated in each response. Defendant's responses to any Request shall be without prejudice to any objections it may have to the relevance or admissibility of any response at any hearing or trial in this action.

1.      Defendant objects to the Requests, including without limitation the Definitions and Instructions contained therein, to the extent they seek to impose duties or obligations beyond those set forth in the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

2.      Defendant objects to the Requests to the extent they call for a legal conclusion. Any response by Defendant should not be construed as providing a legal conclusion regarding the

meaning or application of any terms or phrases used in Plaintiff's requests, definitions or instructions.

3.      Defendant objects to the Requests to the extent they call for Defendant to form and then render an expert opinion.

4.      Defendant objects to the Requests to the extent they seek the disclosure of information or the production of documents not within Defendant's knowledge, possession, custody or control.  Defendant has made or will make a reasonably diligent inquiry concerning the subject matter of the Requests.

5.      Defendant objects to the Requests to the extent that they seek information related to transfers that Defendant received from or made to persons or entities other than BLMIS.  If this action proceeds to judgment, such receipts or uses of funds may become relevant at the time of enforcement or collection of the judgment.  Until such time, discovery directed to Defendant's finances is intrusive, harassing, unlikely to lead to the discovery of admissible evidence, unduly burdensome and expenses, and outside the scope of proper discovery.

6.      Defendant objects to the Requests to the extent they may be construed as limiting or restricting Defendant's rights to rely upon any document or information for any purpose whatsoever, including, but not limited to, the use of responsive information as evidence at any subsequent hearing, trial or other proceeding.

7.      Defendant objects to the Requests to the extent they seek information protected from discovery by applicable doctrines of privilege or immunity, including, without limitation, information developed or gathered for or in anticipation of litigation that constitute or reflect attorney work product or trial preparation materials, or attorney-client communications or

communications protected by the marital communication, common interest and/or joint defense privileges.

8.     Defendant objects to Plaintiff's definition of the term "Complaint" on the grounds that that term is vague and ambiguous, as it purports to define a singular document by reference to multiple, non-identical documents.  Defendant further objects to Plaintiff's definition of the term "Complaint" to the extent that Plaintiff's definition includes any complaints other than the Amended Complaint filed in this adversary proceeding by Plaintiff on December 2, 2011, on the grounds that Plaintiff's definition calls for the disclosure of information that is not relevant to the claims and defenses that are currently asserted in this adversary proceeding.  All Responses provided herein by Defendant are based on the Defendant's interpretation of the word "Complaint" to mean the Amended Complaint filed on December 2, 2011.

9.     Defendant objects to Plaintiff's definition of the term "You" on the grounds that it is overbroad, insofar as it purports to include Melvin Knyper with the definition of the term "You".

10.     Defendant objects to Plaintiff's definitions of the terms "Applicable Period" and "Initial Transfer" on the grounds that the definitions of those terms are superfluous and unnecessary, as those terms are not used anywhere in the Requests.

11.     Defendant objects to the Requests to the extent that they seek the production of documents relating to a time period that is not relevant to the existing claims in this case.  Such discovery is overbroad, unduly burdensome, and expensive.  Unless otherwise noted, Defendant will confine its responses to the period of December 11, 2006 to December 11, 2008.

## **<u>NON-WAIVER OF OBJECTIONS AND RIGHTS</u>**

If Defendant provides information in response to the Requests, which information is or may be the subject of any of the foregoing objections, including, but not limited to, any

4

applicable privileges or doctrines, such a provision is not intended to be nor shall it be deemed a waiver of objections with respect to such information or withheld information, nor shall it be deemed a waiver with respect to admissibility of any such information into evidence at any trial or hearing.

**SPECIFIC RESPONSES AND SPECIFIC OBJECTIONS**

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 1:**  Admit that if full credit was given for interaccount transfers from Account No. 1EM322 to 1EM381, Account No. 1EM381 would still have negative net equity by December 26, 2006.

   **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 1:**  Admitted.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 2:**  Admit that even if $3,096,812 from Account No. 1EM322 was transferred into Account No. 1EM381, as of June 2006, Account No. 1EM381 would still have negative net equity of $313,188.

   **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 2:**  Defendant specifically objects to this Request on the grounds that the date "June 2006" is vague and ambiguous.  Subject to and without waiving the foregoing objection, Defendant admits that even if the Trustee had given full credit to the interaccount transfers from Account No. 1EM322 into Account No. 1EM381, in the amount of $3,096,812, Account No. 1EM381 would still have negative net equity of $313,188 as of June 26, 2006.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 3:**  Admit that Melvin Knyper received Subsequent Transfers from Aspen Fine Arts, Co.

   **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 3:**  Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or

defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 4:** Admit that, as reflected in Exhibit 1 (document beginning with bates label NEU002827) attached hereto, Melvin Knyper received distributions from Aspen Fine Arts, Co. of at least $1,000,000 in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 4:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 5:** Admit that, as reflected in Exhibit 2 (document beginning with bates label NEU006063) attached hereto, Melvin Knyper received distributions from Aspen Fine Arts, Co. of at least $32,750 in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 5:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 6:**  Admit that, as reflected in Exhibit 3 (document beginning with bates label NEU003249) attached hereto, Melvin Knyper received at least $350,000 in BLMIS funds from Aspen Fine Arts, Co. in 2007.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 6:**  Defendant admits that a check dated July 11, 2007 in the amount of $350,000, which was withdrawn from Defendant's BLMIS Account, was erroneously deposited into Melvin Knyper's bank account due to a banking error; however, as set forth in Defendant's response to Request No. 7 below, the full amount ($350,000) of those funds were subsequently transferred by Melvin Knyper back to Defendant's bank account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 7:**  Admit that only $250,000 of the $350,000 in BLMIS funds Melvin Knyper received from the Account in July 2007 was returned by Melvin Knyper to Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082 in August 2008.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 7:**  Defendant admits that, as reflected on NEU0003209, on or around August 21, 2007, $250,000 was returned by Melvin Knyper to Defendant's Wells Fargo bank account.  Defendant further states that, as reflected on NEU003252 (see line item "Bank transfers in from personal acct"), $300,000 was transferred from Melvin Knyper to Defendant's Wells Fargo bank account in 2008, which would include the return of the remaining $100,000; see also Exhibit 4 (documents bearing the Bates numbers NEU003193-257), indicating that the following amounts were transferred into Defendant's Wells Fargo bank account:  (a) $100,000 on or around February 11, 2008, (b) $150,000 on or around March 4, 2008, (c)

$30,000 on or around October 31, 2008, and (d) $20,000 on or around November 4, 2008.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 8:** Admit that Marlene Knyper received funds from Aspen Fine Arts, Co.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 8:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 9:** Admit that Gregory Knyper received funds from Aspen Fine Arts, Co.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 9:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 10:** Admit that as reflected in Exhibit 4 (document beginning with bates label NEU003193) attached hereto, personal expenses incurred

by Melvin Knyper and/or Marlene Knyper were paid out of Aspen Fine Arts, Co.'s Wells Fargo

Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant specifically objects to this Request on the grounds that it is overbroad and

unduly burdensome, and seeks information which is not relevant to the claims or defenses

of any party and is not likely to lead to the discovery of information relevant to the claims

or defenses of any party; there are currently no claims asserted in this action for the

recovery of subsequent transfers, and accordingly, information concerning potential

subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 11:**  Admit that as reflected in Exhibit 4,

at the time Aspen Fine Arts, Co. deposited $500,000 in funds from the Account into its Wells

Fargo Bank Account No. xxxxxx3082 in December 2006, Aspen Fine Arts, Co. had $134,780.71

in its Wells Fargo Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant specifically objects to this Request on the grounds that it seeks information

which is not relevant to the claims or defenses of any party and is not likely to lead to the

discovery of information relevant to the claims or defenses of any party.  Subject to and

without waiving the foregoing objections, Defendant responds as follows:  Defendant

admits that immediately following Aspen Fine Arts, Co.'s deposit of $500,000 in funds

from its BLMIS Account into its Wells Fargo Account No. xxxxxx3082 in December

2006, Aspen Fine Arts, Co. had $134,780.71 in its Wells Fargo Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 12:**  Admit that as reflected in Exhibit

4, at the time Melvin Knyper transferred the $250,000 in BLMIS funds to Aspen Fine Arts,

9

Co.'s Wells Fargo Bank Account No. xxxxxx3082 in August 2008, Aspen Fine Arts, Co. had $23,600.86 in its Wells Fargo Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party. Defendant further objects to this Request on the grounds that it contains an incorrect factual premise, as Melvin Knyper did not transfer $250,000 in BLMIS funds to Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082 in August 2008, and Exhibit 4 does not reflect any such purported transfer. To the extent that a response is required, subject to and without waiving the foregoing objections, Defendant responds as follows: Denied.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 13:** Admit that as reflected in Exhibit 4, at the time Aspen Fine Arts, Co. deposited $250,000 in funds from its BLMIS Account into its Wells Fargo Bank Account No. xxxxxx3082 in July 2008, Aspen Fine Arts, Co. has $54,303.42 in its Wells Fargo Account.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that immediately prior to Aspen Fine Arts, Co.'s deposit of $250,000 in funds from its BLMIS Account into its Wells Fargo Account No. xxxxxx3082 in July 2008, Aspen Fine Arts, Co. had $54,303.42 in its Wells Fargo Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 14:** Admit that as reflected in Exhibit 4, at the time Aspen Fine Arts, Co. deposited $500,000 in funds from its BLMIS Account into its Wells Fargo Bank Account No. xxxxxx3082 in November 2008, Aspen Fine Arts, Co. had $97,409.37 in its Wells Fargo Account.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 14:** Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that immediately prior to Aspen Fine Arts, Co.'s deposit of $500,000 in funds from its BLMIS Account into its Wells Fargo Account No. xxxxxx3082 in December 2008, Aspen Fine Arts, Co. had $97,409.37 in its Wells Fargo Account.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 15:** Admit that as reflected in Exhibit 4, Melvin Knyper and/or Marlene Knyper paid health insurance expenses that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 15:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 16:** Admit that as reflected in Exhibit 4,

Melvin Knyper and/or Marlene Knyper paid life insurance expenses that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 16:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 17:** Admit that as reflected in Exhibit 4, Melvin Knyper and/or Marlene Knyper paid credit card expenses that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 17:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 18:** Admit that as reflected in Exhibit 4, Maroon Creek Club Melvin Knyper and/or Marlene Knyper paid membership dues that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 18:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 19:**  Admit that as reflected in Exhibit 4, Melvin Knyper and/or Marlene Knyper paid home repair costs that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 19:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 20:**  Admit that as reflected in Exhibit 4, Melvin Knyper and/or Marlene Knyper paid plumbing costs that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 20:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses

of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 21:**  Admit that as reflected in Exhibit 4, Melvin Knyper and/or Marlene Knyper paid property taxes that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 22:**  Admit that as reflected in Exhibit 4, Melvin Knyper and/or Marlene Knyper paid home repair costs that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the

14

recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 23:**  Admit that as reflected in Exhibit 4, Melvin Knyper and/or Marlene Knyper paid utility costs that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 23:**
>
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 24:**  Admit that as reflected in Exhibit 4, Melvin Knyper and/or Marlene Knyper paid automobile costs that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 24:**
>
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 25:**  Admit that as reflected in Exhibit 4,

Melvin Knyper and/or Marlene Knyper paid roofing expenses that they incurred out of Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 26:**  Admit that as reflected in Exhibit 4, payments to North County Scuba (owned by Gregory Knyper) were made from Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 27:**  Admit that as reflected in Exhibit 4, college costs were paid by Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Defendant specifically objects to this Request on the grounds that it is overbroad and

16

unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 28:**  Admit that as reflected in Exhibit 4, Bristol Plaza costs incurred by Melvin Knyper and/or Marlene Knyper were paid by Aspen Fine Arts, Co.'s Wells Fargo Bank Account No. xxxxxx3082.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 28:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 29:**  Admit that as reflected in Exhibit 4, Melissa Ostrove received funds from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082).

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 29:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the

recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 30:** Admit that as reflected in Exhibit 4, Danielle Ostrove received funds from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082).

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 30:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 31:** Admit that as reflected in Exhibit 4, Amanda Ostrove received funds from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082).

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 31:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 32:** Admit that as reflected in Exhibit 4,

Gregory Knyper received funds from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082).

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 32:**
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 33:**  Admit that as reflected in Exhibit 4, $129,658.46 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's credit card expenses in 2007.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 33:**
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 34:**  Admit that as reflected in Exhibit 4, $3,803.50 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's health insurance

expenses in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 35:**  Admit that as reflected in Exhibit 4, $11,946.12 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's home insurance in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 36:**  Admit that as reflected in Exhibit 4, $5,817.86 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's home utility expenses in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 36:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 37:** Admit that as reflected in Exhibit 4, $116,250.00 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's personal interest expenses in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 37:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 38:** Admit that as reflected in Exhibit 4, $116,250.00 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's home mortgage interest expenses in 2007.

21

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 38:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 39:**  Admit that as reflected in Exhibit 4, $116,250.00 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's personal line of credit interest expenses in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 39:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 40:**  Admit that as reflected in Exhibit 4, $116,250.00 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's personal line of credit and home mortgage interest expenses in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 40:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 41:**  Admit that as reflected in Exhibit 4, $21,541.62 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's medical expenses in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 41:**
Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 42:**  Admit that as reflected in Exhibit 4, $9,442.64 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used o pay Melvin Knyper and/or Marlene Knyper's property taxes in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 42:**
Defendant specifically objects to this Request on the grounds that it is overbroad and

unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 43:** Admit that as reflected in Exhibit 4, $37,086.31 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's home repair expenses in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 43:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 44:** Admit that as reflected in Exhibit 4, $18,603.49 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's travel expenses in 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 44:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims

or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 45:**  Admit that as reflected in Exhibit 4, $134,039.98 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's credit card expenses in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 46:**  Admit that as reflected in Exhibit 4, $3,888.00 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's health insurance expenses in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the

recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 47:**  Admit that as reflected in Exhibit 4, $23,416.28 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's home insurance in 2008.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 47:**
>
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 48:**  Admit that as reflected in Exhibit 4, $6,212.39 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's home utility expenses in 2008.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 48:**
>
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 49:**  Admit that as reflected in Exhibit 4, $125,937.50 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's personal interest expenses in 2008.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 49:**
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 50:**  Admit that as reflected in Exhibit 4, $125,937.50 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's home mortgage interest expenses in 2008.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 50:**
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 51:**  Admit that as reflected in Exhibit 4,

$125,937.50 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's personal line of credit interest expenses in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 52:**  Admit that as reflected in Exhibit 4, $125,937.50 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's personal line of credit and home mortgage interest expenses in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 53:**  Admit that as reflected in Exhibit 4, $20,687.42 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No.

xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's medical expenses in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 53:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 54:** Admit that as reflected in Exhibit 4, $14,129.32 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's property taxes in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 54:** Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 55:** Admit that as reflected in Exhibit 4, $84,087.35 from Aspen Fine Arts, Co.'s bank account at Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's home repair expenses in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 56:**  Admit that as reflected in Exhibit 4, $76,027.23 from Aspen Fine Arts, Co.'s Wells Fargo Bank (Account No. xxxxxx3082) was used to pay Melvin Knyper and/or Marlene Knyper's travel expenses in 2008.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 57:**  Admit that as reflected in Exhibit 5 (document beginning with bates label NEU001703) attached hereto, Gregory Knyper received at least $27,000 from Aspen Fine Arts, Co. during the period from December 11, 2006 to August 31, 2007.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Defendant specifically objects to this Request on the grounds that it is overbroad and

unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 58:**  Admit that as reflected in Exhibit 6 (document beginning with bates label NEU000786) attached hereto, $350,000.00 from the Account was transferred to Aspen Fine Arts, Co.'s Pension Account, Wells Fargo Bank Account No. xxxxxx6855 in July 2007.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 58:**
>
> Defendant specifically objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; there are currently no claims asserted in this action for the recovery of subsequent transfers, and accordingly, information concerning potential subsequent transfers is not relevant to Plaintiff's claims.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 59:**  Admit that Aspen Fine Arts, Co. conducted no business.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 59:**
>
> Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; the business

activities of Aspen Fine Arts Co. have no relevance to Plaintiff's claims or Defendant's defenses.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 60:**  Admit that Aspen Fine Arts, Co.'s sole function was to hold investment accounts for Melvin Knyper and Marlene Knyper.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 60:**
>
> Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; the business activities of Aspen Fine Arts Co. have no relevance to Plaintiff's claims or Defendant's defenses.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 61:**  Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; the business activities of Aspen Fine Arts Co. have no relevance to Plaintiff's claims or Defendant's defenses.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 62:**  Admit that during the period Aspen Fine Arts, Co. was dissolved, it conducted no business.

> **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 62:**
>
> Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; the business activities of Aspen Fine Arts Co. have no relevance to Plaintiff's claims or Defendant's

defenses.  Defendant further objects to this Request on the grounds that the phrase "the period Aspen Fine Arts, Co. was dissolved" is vague, ambiguous and confusing.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 63:**  Admit that Melvin Knyper provided no value to Aspen Fine Arts Co. in furtherance of its business.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; the business activities of Aspen Fine Arts Co., and Melvin Knyper's contributions to those business activities, have no relevance to Plaintiff's claims or Defendant's defenses.

**PLAINTIFF'S REQUEST FOR ADMISSION NO. 64:**  Admit that Marlene Knyper provided no value to Aspen Fine Arts Co. in furtherance of its business.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Defendant specifically objects to this Request on the grounds that it seeks information which is not relevant to the claims or defenses of any party and is not likely to lead to the discovery of information relevant to the claims or defenses of any party; the business activities of Aspen Fine Arts Co., and Marlene Knyper's contributions to those business activities, have no relevance to Plaintiff's claims or Defendant's defenses.

Dated:  March 27, 2017

By:  */s/ Matthew A. Kupillas*
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Fax:  (212) 868-1229
Matthew A. Kupillas
Email:  mkupillas@milberg.com

*Attorneys for Aspen Fine Arts Co.*

731369v1