# EXHIBIT F

**MILBERG** LLP

NEW YORK
LOS ANGELES

Matthew A. Kupillas
Direct Dial: 212-613-5697
mkupillas@milberg.com

RECEIVED

JUN 0 6 2017

BAKER & HOSTETLER LLP

May 31, 2017

Dean D. Hunt, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111

Re:   *Picard v. Aspen Fine Arts Co.*, Adv. Pro. No. 10-04335 (Bankr. S.D.N.Y.)
      <u>Defendant's Objections to the Trustee's Notice of Deposition</u>

Dear Mr. Hunt:

    I am writing on behalf of Aspen Fine Arts Co. (the defendant in the above-referenced adversary proceeding), to set forth Defendant's objections to the Trustee's Notice of Deposition of Defendant's corporate representative dated May 22, 2017 ("Notice"). Exhibit A to the Notice sets forth a list of topics about which the Trustee seeks to question Defendant's corporate representative.

    Defendant objects to topic no. 1 on the ground that it is irrelevant, because the Trustee's "Original Complaint" in this adversary proceeding is no longer the operative complaint. Defendant further objects on the ground that this topic is vague, ambiguous and overbroad, insofar as it states that "[t]he Trustee intends to inquire about the factual allegations in the Complaint", because the Trustee's Complaint includes many factual allegations that are completely outside the knowledge or responsibility of Defendant (for example, allegations concerning the Trustee's appointment in this liquidation proceeding) about which Defendant's corporate representative should not be required to prepare to testify. Accordingly, Defendant will produce a corporate representative to testify concerning the factual allegations of the Trustee's Amended Complaint which pertain specifically to Defendant and which do not solely relate to causes of action that have been dismissed by the Court.

    Defendant objects to topic no. 7 to the extent that it requires Defendant's corporate representative to prepare to testify concerning Defendant's "purpose and nature of operations", "financial records", "resolutions", "procedures", "protocols", "employees", "compensation and distribution structures", "the conduct of meetings", and "meeting agendas, notes and minutes". Aside from being vague and ambiguous, those topics are entirely irrelevant to the Trustee's claims and Defendant's defenses, and requiring Defendant's corporate representative to prepare to testify about those vague and ambiguous topics would be unduly burdensome and harassing.

Dean D. Hunt, Esq.
May 31, 2017
Page 2

Accordingly, Defendant will not prepare its corporate representative to testify concerning those topics.

Please feel free to contact me to discuss these objections further.

                Best regards,

                */s/ Matt Kupillas*

                Matt Kupillas

cc:    Kody Kleber, Esq. (via e-mail only)
        *Baker & Hostetler LLP*

734905v1

MILBERG LLP



**MILBERG** LLP

One Pennsylvania Plaza
New York, New York 10119

NEW YORK
NY 100
01 JUN '17
PM 9 L



$0.46
US POSTAGE
FIRST-CLASS
062S0009635168
10119

Dean D. Hunt, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111

77002-611175

