UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**FINAL APPLICATION OF OSBORNE & OSBORNE, P.A. AS SPECIAL COUNSEL TO THE TRUSTEE FOR REIMBURSEMENT OF FEES PREVIOUSLY HELD BACK BY SIPC**

Osborne & Osborne, P.A. ("Osborne Firm"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application, as the Osborne Firm has ceased to act as special counsel to the Trustee, for release of legal fees previously held back ("Holdback") from the commencement of its retention as special counsel beginning on March 8, 2011. The total amount currently withheld is $120.17.

### I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the

liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on March 8, 2011, the Osborne Firm has served as special counsel for the Trustee.

4. On April 14, 2011, this Court entered an order approving the Trustee's motion for authority to retain the Osborne Firm as special counsel *nunc pro tunc* to March 8, 2011.

5. The Trustee's motion to retain the Osborne Firm established a fee arrangement pursuant to which the Osborne Firm agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. RELEASE OF THE HOLDBACK

6. For prior compensation periods, the amount of the Holdback for the Osborne Firm's fees is $120.17.

7. The Osborne Firm will no longer act as special counsel for the Trustee following the determination of this Application.

8. Hence, the Osborne Firm seeks a release of the entire Holdback upon consent and approval of SIPC.

9. SIPC has advised that it will file a recommendation in support of the release of the Holdback in the amount of $120.17 for the Osborne Firm.

10. Hence, the Osborne Firm respectfully requests that this Court authorize the release of the Holdback payment to the Osborne Firm in the amount of $120.17, as supported by SIPC.

### III. GENERAL MATTERS

11. All of the professional services for which compensation is requested herein were performed by the Osborne Firm for and on behalf of the Trustee and not on behalf of any other person or entity.

12. No agreement or understanding exists between the Osborne Firm and any other person for sharing compensations received in connection with this case nor has any other person or entity agreed to provide the Osborne Firm with compensation for the legal services described herein.

13. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

14. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of the Osborne Firm (*see* SIPA § 78fff-3(b)(2)).

15. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

16. Therefore, with respect to this Application, the Osborne Firm requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Young Conaway expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, the Osborne Firm respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Releasing $120.17 to the Osborne Firm from the Holdback; and

c. Granting the Osborne Firm such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 15, 2017                    Osborne & Osborne, P.A.

By: *s/ R. Brady Osborne, Jr.*
798 South Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 395-1000

# EXHIBIT A

## SUMMARY OF COMPENSATION FOR THE OSBORNE FIRM

| | |
|---|---|
| Holdback for Prior Compensation Period | $120.17 |
| Release of the Holdback | $120.17 |
| **Total to be Paid** | **$120.17** |