WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Howard L. Simon
Alan Nisselson
Email: hsimon@windelsmarx.com
      anisselson@windelsmarx.com

Hearing Date: December 20, 2017
Hearing Time: 10:00 a.m. EST
Objection Deadline: December 13, 2017
Time: 4:00 p.m. EST

*Special Counsel to Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |

**TWENTY-FOURTH APPLICATION OF WINDELS MARX LANE & MITTENDORF,
LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM APRIL 1, 2017 THROUGH JULY 31, 2017**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special

counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee") for the Chapter 7

estate of Bernard L. Madoff ("Madoff"), pursuant to the Orders of the Court dated July 16,

2009 [Docket No. 327] and November 23, 2011 [Docket No. 4547], respectfully submits this application (the "Twenty-Fourth Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing April 1, 2017 through and including July 31, 2017 (the "Compensation Period") in the amount of $1,931,328.50 of which 80%, or $1,545,062.80 is to be paid currently and 20%, or $386,265.70, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Twenty-Fourth Compensation Period in the amount of $73,421.18, and in support thereof, respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

1.    During this Twenty-Fourth Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.    Among other things, Windels Marx spent significant time during the Compensation Period working with Baker on matters related to this Court's November 2016 Order regarding extraterritoriality and comity (the "ET Order") and the Trustee's appeal from same (the "ET Appeal"), including both substantive reviews and research projects, as well as procedural, appeal-related tasks such as the drafting and filing of notices of appearance and requests for consolidation of cases, in connection with the

numerous subsequent transferee cases included in the ET Appeal for which Windels Marx has responsibility.

3.      Windels Marx also spent time working on its eight remaining "Good Faith" adversary proceedings outstanding during the Compensation Period, including negotiating and documenting various settlements and potential settlements, conducting financial analyses as to specific defendants, engaging in discovery with respect to cases in active litigation, preparing a response to a motion to dismiss in one case, and performing factual and legal research in connection with a number of issues relevant to specific cases.  As a result of these efforts, since the close of the Compensation Period the Firm has reached settlements and/or agreements to dismiss in seven of the eight cases, and with an individual defendant in the eighth case, for an aggregate settlement value of approximately $44.865 million.

4.      During the Compensation Period Windels Marx also spent time researching, investigating, and drafting memoranda on numerous legal and factual matters, including matters related to the Trustee's pre-answer discovery motion; reviewing and analyzing additional documents and drafting language for possible use in amended complaints related to Windels Marx's subsequent transferee cases which in part or in whole survived the ET Order; and working on legal and factual issues common to all Windels Marx and Baker subsequent transferee cases.

5.      We also provided support to, and worked in coordination with, Baker on various other matters, including (i) drafting agreements, notices, and other documents related to the settlement of Baker's Madoff Family adversary proceedings and the Windels Marx's three related actions against entities owned by Madoff family members,

which actions were closed in September 2017 and (ii) by providing discovery support for certain of Baker's avoidance actions to the extent Baker has a legal conflict.

6.    The following discussion and the materials attached to this Twenty-Fourth Application cover the major categories of services for which allowance of compensation is sought.

## II.    PROCEDURAL BACKGROUND

The SIPA Liquidation

7.    On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action").  The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

8.    In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

9.    On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- • appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- • appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

10.  On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

11.  On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an Order to Show Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.

12.  On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

13.  On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

14.  On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

15.    On June 9, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things, approved the Substantive Consolidation Motion, nunc pro tunc to December 11, 2008.

16.    On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

17.    On November 23, 2011, this Court entered an Order [Docket No. 4547] making certain provisions of this Court's Order Establishing Procedures Governing Interim Monthly Compensation of the Trustee and Baker & Hostetler LLP, amended and superseded in its entirety on June 1, 2011, applicable to Windels Marx, *nunc pro tunc* as of June 1, 2011.

### III.    SPECIAL COUNSEL'S EXPERIENCE

18.    Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

19.    In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

## IV.    SUMMARY OF SERVICES

20.    The services rendered by Windels Marx during the four-month Twenty-Fourth Compensation Period are described below.  In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax, and corporate law.

21.    Windels Marx professionals have worked closely with the Trustee, his counsel at Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

22.    This Twenty-Fourth Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Twenty-Fourth Compensation Period.  The following section provides an overview of those services, sorted by the matter and task codes used by Windels Marx for specific categories of work.

23.    Matter Number 02 is the general matter number used for tasks that affect all proceedings commenced by Windels Marx on behalf of the Trustee, and task numbers have been assigned for specific categories of work to permit a more detailed analysis of the fees incurred.[1]

24.    Matter Numbers 03-23 relate to specific projects, adversary proceedings, or groups of adversary proceedings commenced, being handled, and/or being supervised by Windels Marx on behalf of the Trustee.  Common tasks conducted by Windels Marx in these projects, adversary proceedings, or groups of adversary proceedings include the

---

[1] Matter 01 is reserved for certain non-billable time entries.

drafting of reports, analyses, and internal memoranda; the filing of papers and the scheduling of matters with the Bankruptcy and/or District Courts; on-going coordination with Baker regarding investigation and litigation strategy; and/or discussions with opposing counsel regarding representation, service, and appearance issues, extensions of time to respond, adjournments of pre-trial conferences, discovery, and settlement. For the sake of brevity, the descriptions of specific projects, adversary proceedings, or groups of adversary proceedings in paragraphs 25 through 61 below will not repeat these common tasks, but will be limited to matter-specific tasks and case activity that occurred during the Compensation Period.

A.    **MADOFF  GENERAL (MATTER 02)**

        **Task Code 004: Case Administration (67.00 hours)**

25.    This category relates to various tasks across cases, including (i) research projects and memoranda of general applicability for use by Windels Marx and/or Baker, (ii) the on-going review and reporting internally and to SIPC and Baker on the status of cases and case-wide issues, (iii) the on-going review, organizing, and docketing of case-related information into Baker's and Windels Marx's central databases for use across all Windels Marx and Baker teams, (iv) coordinated tasks affecting or related to one or more Windels Marx and/or Baker cases, and (v) general administrative tasks.

26.    Starting in December 2016, time entries previously included in Case Administration that related to global and case-wide matters affecting our subsequent transfer cases (including matters related to the ET Order and the ET Appeal) have been moved to new matter 23 below.

27.     Time entries during this Compensation Period related to, among other things, (i) researching the application of certain sections of the Bankruptcy Code, and analyzing hearing transcripts and legal decisions, as to particular causes of action in bad faith cases as a whole, (ii) working on strategies and priorities for Windels Marx matters that remain outstanding during the period, and (iii) participating in and working on global matters raised in team meetings led by Baker.

### Task Code 007: Fee Application (108.80 hours)

28.     This category relates to the Firm's preparation of Windels Marx's monthly billing statements to SIPC and the Trustee, as well as Windels Marx's Applications for Interim Compensation, and the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements before they are submitted to SIPC and the Trustee, to (i) ensure that time was properly billed, (ii) correct any errors in time entries, (iii) write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and (iv)  respond to certain adjustments requested or questions raised by SIPC and/or the Trustee after their review of the monthly billing statements and draft fee application.

### Task Code 020: Internal Office Meetings (31.50 hours)

29.     This category covers internal Windels Marx strategy and case management sessions related to the Firm's pending adversary proceedings. Through these internal meetings and discussions, Windels Marx seeks to ensure the effective use of the time of all timekeepers working on matters, to avoid duplicative efforts, and to provide a consistent approach to the 20 adversary proceedings outstanding during this period, the coordinated cases discussed in Matter 20 below, and other case-related legal matters being handled by the Firm.

**Task Code 041: Discovery, Document Review, Document Production (347.90 hours)**

30.    This category relates to discovery and related issues not specific to a Windels Marx case, such as document productions in response to third party subpoenas, productions of documents produced by parties with whom Baker has a conflict, confidentiality issues concerning these document productions, and other discovery-related work that is responsive to requests from Baker or applicable generally to Windels Marx's cases.

31.    Time entries during this Compensation Period related to, among other things, (i) preparing bank subpoenas for Baker in Good Faith cases and handling related service issues, responses and objections, document productions, and bank invoices, (ii) addressing issues related to documents produced by foreign third-parties per order of the Swiss courts, (iii) working on issues related to documents produced by defendants or third parties, and designated confidential, and efforts to de-designate all or some of same, (iv) on behalf of Baker handling and negotiating notices of third-party productions in certain bad faith actions, (v) working on strategies, options, and next steps related to the pre-answer discovery motion, and (vi) participating in and following up on issues raised in meetings of Baker's Discovery Management Team (and sub-groups thereof) on general discovery protocols, strategies, and issues.

**B.    GOOD FAITH PROCEEDINGS (MATTER 07) (913.70 hours)**

32.    This category relates to 8 "Good Faith" adversary proceedings against BLMIS Investment Advisor net winner customers that were outstanding during this

Compensation Period, seeking to recover approximately $62.3 million in two-year fictitious profits paid out by BLMIS in the aggregate.

33.    In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period included (i) conducting legal and factual research in connection with certain omnibus issues raised in one or more good faith actions, including admissibility and authentication of supporting evidence and/or discovery disputes, (ii) reviewing and analyzing tax returns, bank records, and other financial documents in connection with the assessment of defendants' financial condition and potential settlement, (iii) preparing responses to a motion to dismiss, drafting responses to discovery requests, and serving supplemental discovery requests, and (iv) working on strategies, drafting agreements, evaluation memoranda, and 9019 court approval motion papers, and participating in conferences in connection with the potential and actual settlements of multiple good faith cases and with one or more defendants.

34.    Since the July 31, 2017 close of this Compensation Period, Windels Marx has reached fully executed and approved settlements in two good faith cases, totaling $37.3 million and $6.075 million, respectively, each of which should be dismissed by year end.  In five other good faith cases Windels Marx has executed settlements for cash and noncash consideration totaling approximately $1,490,000 in the aggregate, and these matters either have been dismissed or will be dismissed shortly.

35.    Thus as of the date of this Twenty-Fourth Application only one of the eight good faith matters that were outstanding during this Compensation Period remains active. In this remaining action, Windels Marx has settled with and dismissed seven of the defendants, and the action continues as to three remaining defendants.

### C.    MADOFF FAMILY ENTITIES (MATTER 08) (<u>46.40 hours</u>)

36.    This category relates to three cases against certain Madoff family-owned entities and Madoff family members seeking in the aggregate over $30 million in transfers from BLMIS that were used to capitalize and fund certain Madoff family personal business ventures. *Picard v. Madoff Technologies LLC, et al.,* Adv. Pro. No. 10-0483 (Bankr. S.D.N.Y.) (SMB); *Picard v. Madoff Family LLC, et al.,* Adv. Pro. No. 10-03485 (Bankr. S.D.N.Y.) (SMB); *Picard v. Madoff Energy Holdings*, Adv. Pro. No. 10-034184 (Bankr. S.D.N.Y.) (SMB).

37.    In addition to the tasks outlined in ¶ 24, the time entries during this Compensation Period primarily related to (i) drafting stipulations and notices adjourning existing deadlines of the pretrial conferences and motions to substitute and (ii) reviewing and working on draft agreements and documents in coordination with Baker on the settlement of the Madoff Family matter handled by Baker and the related Madoff Family Entity matters handled by Windels.

38.    In September 2017, after the close of this Compensation Period, the three Madoff Family Entity matters were dismissed and closed.

### D.    CREDIT SUISSE (MATTER 12) (<u>44.70 hours</u>)

39.    This category relates to an avoidance action filed on December 12, 2011 to recover subsequent transfers of BLMIS Customer Property from certain BLMIS feeder funds to Defendants totaling over $375 million. *Picard v. Credit Suisse AG, et al.,* Adv. Pro. No. 11-02925 (Bankr. S.D.N.Y.) (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

40.   In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) preparing court filings in connection with the ET Appeal, (ii) reviewing and analyzing documents in connection with Credit Suisse-related transfers and  investments, and (iii) revising the draft amended Credit Suisse complaints as affects related actions that survived the ET Order.

**E.    SOLON CAPITAL (MATTER 13) (<u>7.70 hours</u>)**

41.    This category relates to an avoidance action filed on January 17, 2012, amended July 30, 2012, to recover subsequent transfers of BLMIS Customer Property from a BLMIS feeder fund to Defendant totaling approximately $2 million. *Picard v. Solon Capital, Ltd.*, Adv. Pro. No. 12-01025 (Bankr. S.D.N.Y.) (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

42.   In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) preparing court filings in connection with the ET Appeal and (ii) conducting targeted document searches as affects related actions that survived the ET Order.

**F.    ZEPHYROS (MATTER 14) (<u>1,053.10 hours</u>)**

43.    This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $114 million. *Picard v. Zephyros Limited*, Adv Pro. No. 12-01278 (Bankr. S.D.N.Y.) (SMB). This case was dismissed in part by virtue of the ET Order and is a part of the ET Appeal.

44.   In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) conducting targeted searches on and reviewing and

analyzing newly produced third-party and other documents, (ii) researching and analyzing specific factual issues as needed for the Trustee's action, and (iii) revising and drafting language for the draft amended complaint.

### G.    MISTRAL (MATTER 15) (<u>195.30 hours</u>)

45.    This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling approximately $3.4 million. *Picard v. Mistral (SPC)*, Adv Pro. No. 12-01273 (Bankr. S.D.N.Y.) (SMB). This case was dismissed in part by virtue of the ET Order. It is not a part of the Trustee's ET Appeal.

46.    In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) researching and investigating specific facts and issues in support of the draft amended complaint, (ii) reviewing and analyzing newly produced third party and other documents, and (iii) revising and drafting language for the draft amended complaint.

### H.    SOCIETE GENERALE (MATTER 16) (<u>22.40 hours</u>)

47.    This category relates to an avoidance action filed on May 30, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $162 million. *Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.)*, Adv Pro. No. 12-01677 (Bankr. S.D.N.Y.) (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

48.    In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) preparing court filings in connection with the ET

Appeal and (ii) reviews of documents, research, and case files in connection with possible future amendment to the complaint.

**I.    ROYAL BANK OF CANADA (MATTER 17) (<u>271.30 hours</u>)**

49.    This category contains entries related to two avoidance actions. The first action relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $100 million. *Picard v. Royal Bank of Canada*, Adv. Pro. No. 12-01699 (SMB).

50.    The second action under Matter 17 relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $80 million. *Picard v. Banque Internationale a Luxembourg S.A. (f/k/a Dexia Banque Internationale a Luxembourg S.A.)*, Adv. Pro. No. 12-01698 (SMB).

51.    These cases were dismissed in part by virtue of the ET Order and are a part of the ET Appeal.

52.    In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) preparing court filings in connection with the ET Appeal, (ii) reviewing and analyzing court filings and other documents for possible use in the draft amended complaints, and (iii) revising and drafting new language and sections for the draft amended complaints.

**J.    CREDIT SUISSE (AS SUCCESSOR-IN-INTEREST TO CLARIDEN LEU) (MATTER 18) (<u>12.10 hours</u>)**

53.    This category relates to an avoidance action filed on May 30, 2012, amended July 30, 2012, to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $49 million. *Picard v. Credit*

*Suisse AG., as successor-in-interest to Clariden Leu AG and Bank Leu AG*, Adv. Pro. No. 12-01676 (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

54.    In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) preparing court filings in connection with the ET Appeal and (ii) working on searches and search terms to assist with case- or issue-specific searches going forward.

## K.    TRINCASTAR (MATTER 19) (5.40 hours)

55.    This category relates to an avoidance action filed on September 22, 2011 to recover subsequent transfers of Customer Property from a BLMIS feeder fund to Defendant totaling approximately $13.3 million. *Picard v. Trincastar Corp.*, 11-02731 (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

56.    In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to preparing court filings in connection with the ET Appeal.

## L.    COORDINATED CASES (MATTER 20) (392.40 hours)

57.    This category relates to a group of thirteen subsequent transferee cases, filed by Baker and staffed with Baker attorneys, which Howard Simon is supervising, with supporting work by other Windels attorneys, to facilitate the coordination of common information, issues, and documents between the firms and take advantage of staffing efficiencies. During the Twenty-Fourth Compensation period, this category also included work performed at Baker Hostetler's request in connection with an additional subsequent transferee case, staffed primarily with Baker attorneys, for which Windels is providing

support. These fourteen "Coordinated Cases" were dismissed by virtue of the ET Order and are a part of the ET Appeal.

58.    Time entries during this Compensation Period related to (i) reviewing, analyzing and drafting notes and charts on recently produced documents to identify supporting evidence and use in potential future amended complaints, (ii) reviewing case files, transfer information, and other supporting documents for certain cases to prepare and maintain the files pending appeal, (iii) working on certain appeal issues in connection with certain subsequent transferee defendants, and (iv) participating in and working with Baker attorneys on issues raised in team meetings, including recent developments, next steps, and priorities for the Coordinated Cases.

## M.    CASE-WIDE SUBSEQUENT TRANSFER LITIGATION (<u>1,160.50 hours</u>)

59.    This is a new category as of December 2016.  This category relates to the ET Appeal and any other omnibus-style decisions, motion practice, research, or other tasks related to Windels Marx's subsequent transfer cases globally or case-wide tasks needed by the Trustee with respect to subsequent transfer cases.

60.    Time entries during this Compensation Period related to (i) researching, analyzing, and drafting memoranda on numerous legal and factual issues related to and for use in the ET Appeal and/or surviving cases going forward, (ii) in connection with the ET Appeal, preparing court filings, reviewing outlines and notes from the appellate team, and working with supporting counsel on certain issues, (iii) reviewing and analyzing documents as may support amended complaints, (iv) working on global, template, and other sections of amended subsequent transfer complaints, (v) analyzing and drafting memoranda and spreadsheets summarizing and categorizing facts and data relating to the

Windels Marx subsequent transferee cases and the Coordinated Cases, and (vi) preparing for, participating in, and working on issues in connection with the ET Appeal and subsequent transferee-related team meetings.

## V.    COMPENSATION REQUESTED

61.    During the Twenty-Fourth Compensation Period, Windels Marx expended 4,680.20 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $422.12 for fees incurred.

62.    Prior to filing this Twenty-Fourth Application, Windels Marx provided to SIPC and the Trustee (i) its April 1, 2017 through July 31, 2017 monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period April 1, 2017 through July 31, 2017 in the aggregate amount of $2,310,999.64 and $74,903.83, respectively, and (ii) a draft of this Twenty-Fourth Application.  The Firm wrote off certain unbilled and billed time, and SIPC's staff made certain additional adjustments and suggestions, which were adopted by Windels Marx.  After such write-offs and adjustments (and the 10% discount), Windels Marx's April 1, 2017 through July 31, 2017 monthly statements reflected total fees and expenses of $1,931,328.50 and $73,421.18, respectively.

63.    Specifically, Windels Marx's total fees and expenses for this Twenty-Fourth Compensation Period were $2,310,999.64 and $74,903.83, respectively.   In connection with preparing each of the four monthly statements and this Twenty-Fourth Application, Windels Marx voluntarily (i) wrote off unbilled time of $110,005.20, (ii) wrote off billed time of $55,073.89 and (iii) reduced its total remaining fees of

$2,145,920.55 to $1,931,328.50 by discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $379,671,14 or approximately 16.43% of Windels Marx's total fees). Windels Marx also agreed to write off expenses customarily charged to other clients in the amount of $1,482.65, resulting in $73,421.18 of remaining expenses. Such fees and expenses are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. Total hours expended after all reductions equal 4,680.20.

64.    There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

65.    This Twenty-Fourth Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on February 5, 2013 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

66.    Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services during the Twenty-Fourth Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law in New York, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

67.    Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested.  The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients.  At SIPC's request, Windels Marx has not charged for local travel expenses and overtime meals, which categories of expenses are regularly charged to and paid by Windels Marx's clients.

68.    Exhibit D annexed hereto is a summary by matter and task code of services performed by Windels Marx from April 1, 2017 through July 31, 2017.

69.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Twenty-Fourth Compensation Period, but were not classified or processed prior to the preparation of this Twenty-Fourth Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI.    WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

70.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by

> SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

71.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (*see* section 78fff-3(b)(2) of SIPA).

72.     Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

73.     Therefore, with respect to this Twenty-Fourth Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Twenty-Fourth Application prior to the hearing, currently scheduled for December 20, 2017.

74.     Windels Marx submits that the request for interim allowance of compensation made through this Twenty-Fourth Application is reasonable and complies

with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII.    CONCLUSION

75.    Windels Marx respectfully submits that the services rendered during the Twenty-Fourth Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $1,931,328.50 (of which 80%, or $1,545,062.80, is to be paid currently, and 20%, or $386,265.70 is to be deferred through the conclusion of the liquidation proceeding or further order of the Court) as an interim payment for professional services rendered by Windels Marx during the Twenty-Fourth Compensation Period, and $73,421.18 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      November 15, 2017                Respectfully submitted,

                                    WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

/s/ Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215