**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                 Debtor, | Case No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                                 Plaintiff,<br><br>v.<br><br>STANLEY SHAPIRO, et al.,<br><br>                                 Defendants. | Adv. Pro. No. 10-5383 (SMB) |

**RESPONSES AND OBJECTIONS OF NON-PARTY**
**JPMORGAN CHASE BANK, N.A. TO**
**PLAINTIFF'S SUBPOENA FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, made applicable to this action by Rule 9016 of the Federal Rules of Bankruptcy Procedure, non-party JPMorgan Chase Bank, N.A. ("JPMorgan") hereby responds and objects to Plaintiff's subpoena (and the attachment thereto) (the "Subpoena").

**GENERAL RESPONSES AND OBJECTIONS**

JPMorgan makes the following general objections ("General Objections") to the Subpoena and each and every document request (each a "Request"), definition, and instruction set forth therein. These General Objections are incorporated into each of the responses to the Requests set forth below. Nothing in these responses should be construed as a waiver of any of these General Objections.

1. JPMorgan objects to the Subpoena on the grounds that it is overly broad and unduly burdensome and that Plaintiff and his counsel have failed to "take reasonable steps to avoid imposing undue burden or expense on" non-party JPMorgan, as required by Rule 45(d) of the Federal Rules of Civil Procedure. In particular, JPMorgan observes that the Subpoena purports to require production of "Documents" concerning a number of unidentified accounts. JPMorgan is willing to meet and confer with Plaintiff to discuss an appropriate and reasonable approach for limiting the scope of the Subpoena.

2. JPMorgan objects to the Subpoena to the extent that it seeks information that is not relevant to any party's claims or defenses and proportional to the needs of the case.

3. JPMorgan objects to the Subpoena to the extent that it seeks production of documents that Plaintiff can otherwise obtain from Defendants in this action. As a non-party, JPMorgan should not be required to assume the burden and expense of collecting, reviewing, and producing documents that Plaintiff can obtain from Defendants.

4. JPMorgan objects to the Subpoena to the extent that it calls for production of documents that are privileged or exempt from discovery under the attorney-client communications privilege, work-product doctrine (including materials prepared in anticipation of litigation or for trial), self-evaluative privilege, bank examination privilege or any other privilege or exemption under applicable law. JPMorgan does not waive, and intends to preserve, any applicable privilege or protection. In the event that any privileged or protected information or document is disclosed by JPMorgan, the disclosure is inadvertent and will not constitute a waiver of any privilege or protection. Nothing in these responses is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work-product protection, or any other applicable privilege, immunity, or exception.

5. JPMorgan objects to the Subpoena to the extent that it calls for the production of information or documents that would violate any law, rule, or regulation and to the extent that it calls for the production of information or documents that are protected from disclosure under any applicable privacy, data protection, or other laws or regulations.

6. JPMorgan objects to the Subpoena to the extent that it purports to require JPMorgan, as a third party, to take any steps beyond what is reasonable in determining what documents are responsive to the Subpoena. This objection includes, but is not limited to, an objection to taking any steps to determine accounts, individuals, or entities that are not specifically identified in the Subpoena.

7. JPMorgan objects to the Subpoena to the extent it seeks production of electronic source information ("ESI"), including electronic documents and e-mail messages, that do not exist in a non-electronic format, on the grounds that it is unduly burdensome and that JPMorgan would have to expend enormous resources identifying, collecting and reviewing electronic documents. In addition, JPMorgan objects to the Subpoena to the extent that it seeks information maintained on backup tapes or similar archived media, or in other locations that are not readily accessible, on the grounds that such information is beyond the proper scope of discovery and it would be unduly burdensome and oppressive for JPMorgan to search for and produce such material.

8. JPMorgan objects to the July 14, 2017 date imposed by the Subpoena for the production of documents as unduly burdensome. In the event that JPMorgan produces any documents in response to the Subpoena, subject to the General and Specific objections herein, it will do so within a reasonable time frame. JPMorgan reserves the right to produce documents on a rolling basis.

9. JPMorgan objects to the "Definitions" in the Subpoena to the extent that they define terms more broadly than the uniform definitions set forth in the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the Local Rules, or other applicable rules.

10. JPMorgan objects to Definition 2 ("Account" or "Accounts") as vague and ambiguous. JPMorgan further objects to this Definition to the extent that it purports to seek documents not in JPMorgan's possession custody or control. JPMorgan further objects to Definition 2 to the extent that it seeks production of documents relating to any bank accounts without providing specific identifying information for those accounts, including full account numbers. JPMorgan further objects to Definition 2 to the extent that it seeks documents held "for, in the name of, for the benefit of, or on behalf of" individuals and entities on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and would require the production of documents that are not relevant to any party's claims or defenses and proportional to the needs of the case. JPMorgan is willing to meet and confer with Plaintiff to discuss an appropriate method for identifying relevant accounts. JPMorgan further objects to Definition 2 to the extent it calls for documents from a time period beyond the retention period covered by applicable law.

11. JPMorgan objects to Definition 3 ("BLMIS") to the extent it includes "all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and would require the production of documents that are not relevant to any party's claims or defenses and proportional to the needs of the case.

12. JPMorgan objects to Definition 5 to the extent it includes "any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and would require the production of documents that are not relevant to any party's claims or defenses and proportional to the needs of the case.

13. JPMorgan objects to Definition 6 ("You" or "Your") to the extent that it includes parties that are not named in the Subpoena or under JPMorgan's control. JPMorgan further objects to Definition 6 to the extent that it includes "any and all affiliates, including any parents, subsidiaries, or predecessors-in-interest, and any and all employees, agents, or anyone acting on behalf of JPMorgan Chase Bank, N.A." on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and would require the production of documents that are not relevant to any party's claims or defenses and proportional to the needs of the case.

14. JPMorgan objects to each of the eleven paragraphs located under the heading "INSTRUCTIONS" as vague and ambiguous, overly broad, unduly burdensome, seeking information that is not relevant to any party's claims or defenses and proportional to the needs of the case, and to the extent that it seeks to impose requirements that are greater than or different from those set forth by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the Local Rules, or other applicable rules. JPMorgan will meet and confer with Plaintiff to discuss the manner of production if any documents are deemed responsive and not privileged or otherwise protected against disclosure.

15. JPMorgan objects to Instruction 1 to the extent it calls for documents from a time period beyond the retention period covered by applicable law.

16. JPMorgan objects to Instruction 2 as vague, ambiguous, and unduly burdensome.

17. JPMorgan objects to Instruction 3 as overly broad and unduly burdensome to the extent that it seeks documents and materials outside the possession, custody, or control of JPMorgan, including documents and materials in the possession, custody, or control of "former employees." JPMorgan further objects to the extent that Instruction 3 purports to require JPMorgan to perform anything more than a good-faith and diligent search for responsive documents where responsive documents reasonably can be expected to be found and to the extent that it seeks information maintained in locations that are not readily accessible.

18. JPMorgan objects to Instruction 4 to the extent it purports to impose an obligation on JPMorgan to conduct anything beyond a reasonable search. JPMorgan also objects to Instruction 4 to the extent it purports to impose an obligation on JPMorgan, as a third party, to identify, retrieve, review, or produce ESI. In addition, JPMorgan objects to the Subpoena to the extent that it seeks information maintained on backup tapes or similar archived media, or in other locations that are not readily accessible, on the grounds that such information is beyond the proper scope of discovery and it would be unduly burdensome and oppressive for JPMorgan to search for and produce such material. JPMorgan also objects to this Instruction on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and would require production of documents that are irrelevant, objectionable, privileged, and not relevant to any party's claims or defenses and proportional to the needs of the case. JPMorgan further objects to Instruction 4 to the extent that it would prohibit de-duplication of documents that are identical to each other but for the fact that they reside in distinct custodians' files.

19. JPMorgan objects to Instruction 5, which purports to require JPMorgan to produce "all non-identical copies and drafts" and to produce copies that are "bound or stapled in the same manner as the original," on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and would require production of documents that are irrelevant, objectionable, privileged, and not relevant to any party's claims or defenses and proportional to the needs of the case. JPMorgan further objects to Instruction 5 to the extent that it would prohibit de-duplication of documents that are identical to each other but for the fact that they reside in distinct custodians' files.

20. JPMorgan objects to Instruction 6 on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and would require production of documents that are irrelevant, objectionable, privileged, and not relevant to any party's claims or defenses and proportional to the needs of the case.

21. JPMorgan objects to Instruction 7 to the extent that it purports to impose obligations broader than those set forth in the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the Local Rules, or other applicable rules.

22. JPMorgan objects to Instruction 8 to the extent that it purports to impose obligations broader than those set forth in the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the Local Rules, or other applicable rules. JPMorgan also objects to Instruction 8 on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and would require production of documents that are irrelevant, objectionable, privileged, and not relevant to any party's claims or defenses and proportional to the needs of the case.

23. JPMorgan objects to Instruction 9, which purports to require JPMorgan to provide certain information regarding documents "not produced based on a claim of attorney-

client privilege, work-product protection, or any other privilege," as vague and ambiguous, overly broad, unduly burdensome, seeking information that is not relevant to any party's claims or defenses and proportional to the needs of the case, and to the extent that it seeks to impose requirements that are greater than or different from those set forth by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the Local Rules, or other applicable rules.

24. JPMorgan objects to Instruction 10 to the extent that it purports to limit JPMorgan's ability to use redactions to prevent against disclosure of materials nonresponsive to the Subpoena or otherwise protected against disclosure for any reason. JPMorgan also objects to Instruction 10 to the extent that it seeks a "log setting forth the information requested in Instruction 8" for the reasons articulated in the preceding paragraph.

25. JPMorgan objects to Instruction 11, which purports to require JPMorgan to provide certain information "[t]o the extent a Document sought herein was at one time, but is no longer, in your actual or constructive possession, custody, or control" and to identify and produce "[d]ocuments prepared prior to, but which relate or refer to, the time period covered by these Requests" as vague and ambiguous, overly broad, unduly burdensome, seeking information that is not relevant to any party's claims or defenses and proportional to the needs of the case, and to the extent that it seeks to impose requirements that are greater than or different from those set forth by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the Local Rules, or other applicable rules.

26. JPMorgan objects to each of the eight paragraphs located under the heading "MANNER OF PRODUCTION" as vague and ambiguous, overly broad, unduly burdensome, seeking information that is not relevant to any party's claims or defenses and

- 8 -

proportional to the needs of the case, and to the extent that it seeks to impose requirements that are greater than or different from those set forth by the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, the Local Rules, or other applicable rules. JPMorgan will meet and confer with Plaintiff to discuss the manner of production if any documents are deemed responsive and not privileged or otherwise protected against disclosure.

27. All evidentiary objections shall be reserved, and no waiver of any objection is to be implied from any response or objection to the Subpoena. These responses and objections and any later supplementation are not intended to make any otherwise objectionable, inaccurate, or irrelevant facts or information admissible.

28. JPMorgan reserves the right to challenge the competency, relevance, materiality, privilege, and admissibility of, or to object on any grounds to the use of, any documents or other materials produced in response to the Subpoena, or the subject matters thereof, in any proceeding or trial.

29. JPMorgan reserves the right to object on any ground at any time to any demand(s) for further responses to this Subpoena or any other requests for production or other discovery procedures.

30. No response, objection or limitation, or lack thereof, made in these responses and objections shall be deemed an admission or representation by JPMorgan as to the existence or nonexistence of any document in the possession, custody, or control of JPMorgan that is responsive to any specific Request. Any production of documents in response to the Subpoena does not constitute an admission by JPMorgan that such documents are relevant or admissible.

31. JPMorgan's responses and objections are based upon information presently known to JPMorgan, and are set forth herein without prejudice to JPMorgan's right to assert additional objections or supplemental responses. JPMorgan expressly reserves the right to make additional objections and to revise, correct, add to, clarify, or supplement its responses and objections to the Subpoena at any time.

32. JPMorgan reserves the right to refuse production of any documents without receiving appropriate compensation for the costs and fees (including, without limitation, attorneys' fees and costs) associated with or attendant to any identification, collection, review, or production of documents in response to the Subpoena or the doing of any other matter in response to the Subpoena.

33. JPMorgan objects to producing any documents prior to resolution of any and all objections by the Defendants in this action.

34. JPMorgan objects to the Subpoena to the extent that it purports to require the completion by JPMorgan, a third party, of a business records affidavit or any other document whose purpose is to authenticate any documents produced.

## SPECIFIC RESPONSES AND OBJECTIONS

Each of the foregoing General Objections is incorporated into each of the responses below to the specific requests set forth in Attachment A to the Subpoena:

**REQUEST NO. 1:**

Documents Concerning the Account(s), including: a) monthly statements; b) historical Account balance information; c) deposit slips; d) records for incoming and outgoing electronic transfers (*e.g.*, wire transfers, electronic fund transfers, and automated clearing house deposits); e) copies of checks, both deposited and drawn; f) records reflecting cash activity; g) Account opening Documents and any credit file; h) administrative or custodial agreements between the holder of the Account(s) and You; i) Communications Concerning the Account(s), and j) Account closing Documents.

**Response:** JPMorgan incorporates its foregoing General Objections as if fully set forth in this response to Request 1. JPMorgan further objects to Request 1 to the extent that it seeks production of documents that Plaintiff can otherwise obtain from Defendants in this action. JPMorgan further objects to Request 1 to the extent that it seeks production of documents relating to certain bank accounts without providing specific identifying information for those accounts, including full account numbers. JPMorgan further objects to Request 1 to the extent that it seeks production of documents from a time period beyond the retention period covered by applicable law. JPMorgan further objects to Request 1 on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and would require production of documents that are irrelevant, objectionable, privileged, and not relevant to any party's claims or defenses and proportional to the needs of the case. Subject to the foregoing General and Specific objections, JPMorgan will produce, within a reasonable time frame after the Trustee provides full account numbers for the accounts specified in this Request, non-privileged account statements for those accounts, to the extent that such documents exist, are responsive to this Request, are not subject to any objections, and can be located after a good faith search.

**REQUEST NO. 2:**

Documents and Communications Concerning predecessor accounts to the Account(s) and/or the nominee or beneficial owners of those accounts.

**Response:** JPMorgan incorporates its foregoing General Objections as if fully set forth in this response to Request 2. JPMorgan further objects to Request 2 to the extent that it purports to seek documents not in JPMorgan's possession custody or control. JPMorgan further objects to Request 2 to the extent that it seeks production of documents that Plaintiff can otherwise obtain from Defendants in this action. JPMorgan further objects to Request 2 to the extent that it seeks production of documents from a time period beyond the retention period covered by applicable law. JPMorgan further objects to Request 2 on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and would require production of documents that are irrelevant, objectionable, privileged, and not relevant to any party's claims or defenses and proportional to the needs of the case. JPMorgan further objects to Request 2 as vague and ambiguous to the extent that it uses the undefined term "predecessor accounts." JPMorgan will not produce documents in response to Request 2.

**REQUEST NO. 3:**

To the extent not provided pursuant to the foregoing Requests, Documents reflecting transfers and/or transactions between BLMIS and the Accounts.

**Response:** JPMorgan incorporates its foregoing General Objections as if fully set forth in this response to Request 3. JPMorgan further objects to Request 3 to the extent that it seeks production of documents that Plaintiff can otherwise obtain from Defendants in this action. JPMorgan further objects to Request 3 to the extent that it seeks production of documents from a time period beyond the retention period covered by applicable law. JPMorgan further objects to Request 3 on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and would require production of documents that are irrelevant, objectionable, privileged, and not

relevant to any party's claims or defenses and proportional to the needs of the case. JPMorgan will not produce documents in response to Request 3.

Dated:   New York, New York
         July 7, 2017

                                    WACHTELL, LIPTON, ROSEN & KATZ

                              By:   /s/ Noah Yavitz
                                    John F. Savarese
                                    Emil A. Kleinhaus
                                    Benjamin D. Klein
                                    Noah B. Yavitz
                                    51 West 52nd Street
                                    New York, New York 10019
                                    Tel: (212) 403-1000
                                    Fax: (212) 403-2000
                                    *Attorneys for JPMorgan Chase Bank, N.A.*