# LAX NEVILLE
### ATTORNEYS AT LAW

LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS

ROBERT R. MILLER
MARY GRACE WHITE

OF COUNSEL
ROBERT J. MOSES
LISA A. CATALANO

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

**VIA ELECTRONIC MAIL**

November 14, 2017

James H. Rollinson
Baker & Hostetler LLP
127 Public Square
Cleveland, OH  44114

      Re:    *Picard v. Shapiro, et al.,* Adv. Pro. No. 10-05383 (SMB)

Dear Jamie:

    We are writing with regard to the subpoena you served on JP Morgan Chase Bank. Stanley Shapiro intends to move to quash the subpoena and file a motion for a protective order. This letter represents our good faith effort to resolve this discovery dispute without the intervention of the Court. As you remember, we have previously met and conferred on stipulations involving substantially the same issues.

    The subpoena to JPMorgan demands the production of "documents concerning the account(s)," including:

a) monthly statements;
b) historical Account balance information;
c) deposit slips;
d) records for incoming and outgoing electronic transfers (e.g., wire transfers, electronic fund transfers, and automated clearing house deposits);
e) copies of checks, both deposited and drawn;
f) records reflecting cash activity;
g) Account opening Documents and any credit file;
h) administrative or custodial agreements between the holder of the Account(s) and [the account holder];
i) Communications Concerning the Account(s), and
j) Account closing Documents.

as well as "Documents and Communications Concerning predecessor accounts" from the beginning of time through "December 31, 2008" related to any account belonging to Stanley Shapiro, Renee Shapiro, and/or S & R Investment Co.

    In response to the Trustee's subpoena, JPMorgan Chase informed the Parties that it had "located the following responsive documents:"



Jamie Rollinson
November 14, 2017
Page 2 of 3

- Statements for Account # ▮▮▮▮3467 covering the period from January 2008 through December 2008;
- Statements for Account # ▮▮▮▮0311 covering the period from January 2008 through December 2008; and
- Statements for Account # ▮▮▮▮1561 covering the period from December 1997 through May 2008.

Email from Noah B. Yavitz, 7/19/2017. In a letter dated October 23, 2007, counsel for JPMorgan indicated that "[a]bsent further requests from the parties or instruction from the Court, JPMorgan will produce those documents on November 6, 2017." Letter from Noah B. Yavitz, 10/23/2017. Production was postponed following our conversation on November 7, 2017, however, after an email from the Trustee on November 13, 2017, JPMorgan indicated that "JPMorgan will produce documents responsive to the Trustee's subpoena at 6:00pm on Wednesday, November 15, unless Defendants file a motion for a protective order before that time." Email from Noah Yavitz, 11/13/2017.

    As an initial matter, "[a] demand for documents should …confine the search to relevant documents." *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 107 (S.D.N.Y. 1979). *See also Ayubo v. Eastman Kodak Co.*, 158 A.D.2d 641, 642, 551 N.Y.S.2d 944, 946 (1990) ("we limit [Defendant's] production of such records as may currently exist to the period which is the subject of the action"). As we have repeatedly discussed, "the Trustee may only avoid and recover intentional fraudulent transfers under § 548(a)(1)(A) made within two years of the filing date, unless the transferee had actual knowledge of Madoff's Ponzi scheme." Court Order 11/25/2015, Doc. 59 (internal citations omitted).[1]

    The amounts received during the relevant time periods are not in dispute; the Trustee has long since identified the transactions it used in arriving at these amounts and Mr. Shapiro has already admitted to many of the withdrawals from his account in his responses both to the First Set of Requests for Admission to Defendant Stanley Shapiro and Second Set of Requests for Admission to Defendant Stanley Shapiro. Mr. Shapiro has additionally agreed to stipulate to the individual withdrawals and their timing. The requested records would add no further relevant information about the dates or amounts of the transfers. As previously discussed, records from a third party are not necessary to establish facts to which a party has already admitted and subpoenas seeking such information are burdensome and unnecessary. *Moll v. Telesector Res. Grp., Inc.*, No. 04-CV-0805S(SR), 2017 WL 2241967, at *2 (W.D.N.Y. May 23, 2017); *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 176-77 (S.D.N.Y. 2012).

    During the hearing before Judge Bernstein on October 5, 2017, counsel for the Trustee claimed that the he wanted to determine why Mr. Shapiro made withdrawals from his BLMIS account. *See* Hearing Transcript, 10/5/2017, 19:3-20:11. Specifically, counsel for the Trustee claimed that they were "entitled to discovery on what [Mr. Shapiro] did with this money because it goes to his state of mind." *Id.* 17:24-25. When the Court, expressing doubt that the purpose for which the money was used was relevant, suggested that the Trustee simply depose Mr. Shapiro, counsel for the Trustee responded that he wanted to confirm the purpose with a "better source of evidence." *Id.* at 19:19-20.

---

[1] See also *Picard v. Ida Fishman Revocable Trust* (*In re BLMIS*), 773 F.3d 411, 423 (2d Cir. 2014), *cert. denied*, 135 S.Ct. 2859 (2015); *Picard v. Katz*, 462 B.R. 447, 452 (S.D.N.Y. 2011).



JPMorgan Chase has identified statements from Account No. ▮▮▮▮0311 between January and December 2008. This bank account did not receive any transfers or checks from the accounts at BLMIS between January and December 2008. Accordingly, JPMorgan Chase's records for this account cannot possibly be relevant to any claims or defenses.

Regarding Account No. ▮▮▮▮1561, none of these account statements are from JPMorgan Chase. Rather the account statements are all from Cohmad Securities Corporation and solely in the name of Renee Shapiro. Stanley Shapiro is not a signatory to the account and had no control over during the time frame referenced in the subpoena. Additionally, similar to Account No. 967390311, no transfers were made from the accounts at BLMIS to Account No. 126-01561. An account held solely by Renee Shapiro, for which Stanley Shapiro made no decisions and which did not receive transfers from BLMIS, cannot possibly be illustrative of Stanley Shapiro's state of mind regarding withdrawals from BLMIS. These documents, accordingly, should not be produced.

The requests for the remaining account are also overbroad. At the hearing, counsel for the Trustee specified four transactions which he characterized as "large withdrawals, specifically "$7.5 million in April 2003, $4 million in April 2004, $4.1 million in 2005, $3 million in 2008." *See* Hearing Transcript, 10/5/2017, 18:18-19. The statements for Account No. ▮▮▮▮3467 include a vast variety of personal financial information far beyond the $3 million transfer from BLMIS in 2008. The limited responsiveness of the documents, the privacy interests at stake, and the ease of obtaining the information elsewhere all favor the quashing of the Trustee's subpoena for these records.

Rather than engage in a protracted dispute with regard to the JPMorgan Chase documents, Mr. Shapiro is willing to stipulate to the purpose of the transfers of "$7.5 million in April 2003, $4 million in April 2004, $4.1 million in 2005, [and] $3 million in 2008" and provide documentation confirming the stipulated purpose. Mr. Shapiro is additionally willing to stipulate to the use of any other funds which were withdrawn from BLMIS and deposited in Account No. ▮▮▮▮3467 during 2008. Mr. Shapiro believes that these stipulations would allow the Trustee to obtain the information he is seeking without undue invasion of Mr. Shapiro's privacy.

Please advise when you are available to meet and confer on these issues.

Regards,

*/s/ Robert R. Miller*
Robert R. Miller, Esq.