**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　　　Plaintiff-Applicant,<br>　　v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>　　　　　　　Plaintiff,<br>　　v.<br>DEFENDANTS LISTED ON EXHIBIT 1 ATTACHED HERETO,<br>　　　　　　　Defendants. | Adv. Pro. Nos. listed on Exhibit 1 Attached Hereto |

**DECLARATION OF HOWARD L. SIMON IN FURTHER SUPPORT OF THE TRUSTEE'S OMNIBUS MOTION FOR COURT ORDER AUTHORIZING LIMITED DISCOVERY PURSUANT TO FED. R. CIV. P. 26(d)(1)**

　　　　　I, Howard L. Simon, pursuant to 28 U.S.C. § 1746, declare as follows:

　　　　　1.　　I am a member of the Bar of this Court and a partner with the law firm of Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), which serves as special counsel to Irving H. Picard, as trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the estate of Bernard L. Madoff.

{11465919:3}

2. As special counsel to the Trustee, I have personal knowledge of the facts stated herein.

3. I make this Declaration in further support of the Trustee's Omnibus Motion for a Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1), as further detailed in the Trustee's Reply Memorandum of Law in Support filed herewith by Trustee's main counsel, Baker & Hostetler LLP (the "Reply Memorandum"). For the sake of brevity, Windels Marx has filed a Joinder to the Trustee's Reply Memorandum for the above-referenced proceedings.

4. In his Declaration dated October 6, 2017, counsel for the Defendants in the Dexia Action and the RBC Action listed on Exhibit 1 hereto states that in response to the Trustee's Rule 2004 subpoena, "Royal Bank of Canada produced thousands of documents."

5. None of the defendants in the Dexia Action produced any documents.

6. In the RBC Action, Royal Bank of Canada—which along with its affiliates had a decade long relationship with at least 10 different feeder funds in which they invested more than two hundred million dollars—produced only about 2,800 documents. No other defendants in the RBC Action produced any documents.

7. Royal Bank of Canada's production consisted largely of (i) many duplicates and multi-page documents broken up across several Bates numbers; (ii) widely-distributed feeder fund investor reports, investment and corporate documents; (iii) feeder fund transaction documents, such as subscription agreements, and related correspondence; and (iv) non-substantive documents such as hedge fund industry newsletters, post-fraud court filings, and blank feeder fund forms.

8.      All of the Trustee's Rule 2004 discovery was concluded prior to the District Court's Good Faith Decision in April 2014.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on the 20th day of November, 2017 in New York, New York.

<u>/s/ Howard L. Simon</u>
Howard L. Simon