UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br>      v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                  Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                  Plaintiff,<br>      v.<br>DEFENDANTS LISTED ON EXHIBIT 1 ATTACHED HERETO,<br>                  Defendants. | Adv. Pro. Nos. listed on Exhibit 1 Attached Hereto |

**DECLARATION OF REGINA GRIFFIN IN FURTHER SUPPORT OF THE TRUSTEE'S OMNIBUS MOTION FOR COURT ORDER AUTHORIZING LIMITED DISCOVERY PURSUANT TO FED. R. CIV. P. 26(d)(1)**

I, Regina Griffin, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the Bar of this Court and I am a partner with the law firm of Baker & Hostetler LLP, which is serving as counsel to Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA") and the estate of Bernard L. Madoff ("Madoff").

2. As counsel to the Trustee, I have personal knowledge of the facts stated herein.

3. I make this declaration ("Declaration") in further support of the Trustee's Omnibus Motion for a Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) (the "Motion"), as further detailed in the Trustee's Reply Memorandum of Law in Support filed herewith (the "Memorandum").

**Fortis**

4. The Fortis Defendants did not produce documents to the Trustee. Only U.S. affiliates of the Fortis Defendants produced documents in response to the Trustee's Rule 2004 subpoena.

5. Of the approximately 1,100 documents produced by the Fortis U.S.-affiliates, there were only 300 documents produced which related to the Fortis Defendants' Tremont feeder fund investments which are the subject of the Trustee's adversary proceeding against the Fortis Defendants.

6. These 300 documents cannot conceivably encompass all documents related to an eight-year relationship with five Tremont feeder funds involving dozens of Fortis and Tremont employees. Other documents bearing on the Fortis Defendants' good faith exist but were not produced, as evidenced by the fact that within the limited documents produced, there were references to additional specific documents and/or attachments which were not produced to the Trustee, even though by their description, they are clearly relevant under the "willful blindness" standard set forth by the District Court. For example, Fortis produced one document that references a "Progress Report" with regard to concerns Fortis had related to its BLMIS Feeder Fund investments. Yet the "Progress Report" itself was not produced to the Trustee.

**RBS/ABN**

7. Neither RBS nor ABN produced any documents to the Trustee relevant to their investments in the BLMIS Feeder Funds or the "willful blindness" standard. All 939 documents

1

that RBS produced relate to an account held at the bank by a BLMIS affiliate. All five documents that ABN produced relate to an account held at the bank by an entity not at issue in the Trustee's proceeding against RBS/ABN.

**Natixis**

8. The Natixis Defendant produced only 610 documents to the Trustee in total, which productions consisted solely of: (1) internal trade tickets showing transactional information for various BLMIS feeder fund investments and (2) a duplicate copy of its 2009 FINRA investigation response regarding BLMIS and broker dealer referral fees for investment advisers that included lengthy public deal documents. The Trustee also conducted one Rule 2004 deposition of a Natixis employee.

**Oreades**

9. In its supplemental response to the Trustee's Motion, Inter Investissements S.A., as the Liquidator of Oreades SICAV, argues the motion should be denied as to Oreades because Oreades was put in liquidation and the liquidation process has been completed. Under those circumstances, if Inter Investissments will affirmatively notify the court that there are no documents responsive to the limited discovery requests, the Trustee will withdraw the motion as to Oreades.

10. All of the Trustee's Rule 2004 discovery was concluded prior to the District Court's Good Faith Decision in April 2014.

I declare under penalties of perjury that the foregoing is true and correct.

Dated: November 20, 2017
New York, New York

By: /s/ Regina Griffin
Regina Griffin
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: rgriffin@bakerlaw.com