**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Justin P. Duda

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br> v. <br><br> KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; and WENDY BROWN, <br><br> Defendants. | Adv. Pro. No. 10-04468 (SMB) |

01:22562522.4

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S
MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT AND FOR RELATED RELIEF**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the substantively consolidated chapter 7 estate of Bernard L. Madoff, by and through his undersigned counsel, submits this Reply in response to non-party Wendy Brown's late-filed opposition (the "Opposition")[1] [Adv. Docket No. 78] and in further support of the Trustee's Motion,[2] and respectfully states as follows:

**PRELIMINARY STATEMENT**

Putting aside that Ms. Brown should lack standing to oppose the Motion,[3] the Opposition takes an exceedingly narrow and unsupported interpretation of the scope of section 550(a)(1) of the Bankruptcy Code and the Trustee's ability to recover any avoided Transfers (or the equivalent value of such avoided transfers) from Ms. Brown. The proposed First Amended Complaint (the "FAC")[4] seeks relief against Ken-Wen and against Kenneth Brown and Ms. Brown, *in their capacities as general partners of Ken-Wen*, and alleges, among other things, that the "Transfers were made to or for the benefit of the Defendants."[5] The FAC further alleges that the Transfers were made within two years before the Filing Date and constitute fraudulent

---

[1] By agreement of counsel, which agreement was approved by the Court, responses or objections to the Motion were required to be filed by October 31, 2017. *See* Adv. Docket No. 74 at 2. The Opposition was dated October 31, 2017 but was inexplicably filed on November 1, 2017.

[2] Capitalized terms used but not otherwise defined in this Reply shall have the meanings ascribed to them in the *Memorandum of Law in Support of Trustee's Motion for Leave to File First Amended Complaint and For Related Relief* (the "MOL") [Adv. Docket No. 71].

[3] *See, e.g., Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *4-5 (S.D.N.Y. Apr. 5, 2010) ("Because Fantis Foods currently is not a party to this action, its standing to contest the plaintiffs' motion [to amend the complaint] 'is, at best, dubious.'") (quoting *Vasquez v. Summit Women's Ctr, Inc.*, No. 301 CV 955, 2001 WL 34150397, at *1, n.1 (D. Conn. Nov. 16, 2001)).

[4] A copy of the FAC is attached as Exhibit A to the Declaration of Justin P. Duda [Adv. Docket No. 72] filed in support of the Motion.

[5] *See* FAC, ¶ 38; *see also id.*, ¶ 3.

01:22562522.4                                2

08-01789-cgm   Doc 16946   Filed 11/22/17   Entered 11/22/17 12:41:10   Main Document
                                   Pg 3 of 11

transfers that are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code.[6] The Opposition does not contest these allegations.[7] Instead, the Opposition asserts that (i) Ms. Brown is not an initial transferee, (ii) the claim asserted against her is time barred, and (iii) she would suffer prejudice if the Motion is granted.[8] The Opposition misses the mark on all points and fails to overcome the great weight of authority holding that leave to amend under FRCP 15 should be "freely given" and that amendments are favored since they facilitate decisions on the merits.[9]

First, as discussed below, Ms. Brown's incontrovertible status as a general partner of Ken-Wen at the time of the Transfers has meaningful implications. More specifically, (i) Ms. Brown, as a general partner of Ken-Wen, is jointly and severally liable for the debts of Ken-Wen as a matter of Florida state law[10] and the Trustee may therefore recover any avoided Transfers from Ms. Brown, (ii) the Trustee can recover any avoided Transfers from Ms. Brown as an initial transferee if Ken-Wen is considered a "mere conduit," and (iii) the Trustee can recover any avoided Transfers from Ms. Brown as the entity for whose benefit the Transfers were made.

Second, the Opposition does not squarely address the Trustee's arguments that the FAC relates back to the Original Complaint, but simply points to the two-year statute of limitations

---

[6] *Id.*, ¶¶ 1-3, 38, 39, 43-46; *see also id.*, ¶¶ 23-35 (allegations concerning the fraudulent Ponzi scheme thereby establishing the debtor's fraudulent intent for purposes of section 548(a)(1)(A)).

[7] The *Declaration in Opposition to Motion* (the "Declaration") [Adv. Docket No. 77] makes a half-hearted and unsupported argument that Ms. Brown "is obviously not 'an entity for whose benefit such transfer was made.'" Decl., ¶9. That assertion, however, appears to be based on the erroneous belief that Ms. Brown is not an "entity" for purposes of section 550(a)(1). Pursuant to section 101(15) of the Bankruptcy Code, "[t]he term 'entity' includes *person*, estate, trust, governmental unit, and United States Trustee." 11 U.S.C. § 101(15) (emphasis added). Ms. Brown is therefore subject to this clause of section 550(a)(1).

[8] Opp. at 3-6.

[9] Congress gave an explicit mandate that leave should be freely given to amend pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2).

[10] *See* FAC, ¶ 8 ("Ken-Wen is a Limited Partnership that was formed under the laws of the State of Florida."); *see also* Fla. Stat. § 620.1404(1).

period in section 546(a) as an alleged bar to the claim against Ms. Brown.[11]  FRCP 15(c)(1)(B) and 15(c)(1)(C), however, allow amendments to relate back to the date of the original pleading even when claims may have otherwise been untimely pursuant to the applicable statute of limitations.  The requirements of these FRCP 15 subsections are satisfied here and the FAC relates back to the Original Complaint.

Lastly, the Opposition suggests prejudice would exist if leave was granted to amend the Original Complaint because evidence allegedly may have been lost.[12]  But that cuts both ways, as the Trustee will likewise be unable to obtain such information or depose the decedent.  The Opposition further suggests prejudice will result due to changed circumstances based on Ms. Brown's divorce from defendant Kenneth Brown, and therefore Ms. Brown may not have access to information if her former husband (a named defendant) does not cooperate during the discovery process.[13]  That assertion is strikingly odd.  Unless something has changed since the multiple previous filings in this case, counsel for Ms. Brown also represents Ken-Wen and Kenneth Brown in this action and has actively participated in this proceeding on behalf of those parties.[14]  Counsel for Ms. Brown certainly has not sought leave to withdraw as counsel to Ken-Wen or Kenneth Brown.  Given that Ms. Brown, Kenneth Brown, and Ken-Wen share the same counsel, there should be no issues with Ms. Brown obtaining information and documents from her former husband.  As such, Ms. Brown has failed to meet her burden to demonstrate that prejudice would result if the Motion is granted.[15]

---

[11] Opp. at 4.

[12] Opp. at 5.

[13] *Id.*

[14] *See* Adv. Docket No. 41 (motion to dismiss filed on behalf of Ms. Brown, Kenneth Brown, and Ken-Wen); Adv. Docket No. 50 (omnibus reply filed on behalf of Ms. Brown, Kenneth Brown, and Ken-Wen); and Adv. Docket No. 60 (answer filed on behalf of Ms. Brown and Ken-Wen).

[15] *See also* MOL at 7-8.

For these reasons, and for the reasons set forth below and in the MOL, the Motion should be granted.

### A. Ms. Brown May Be Held Liable For The Transfers

*1. <u>As a general partner of Ken-Wen, Ms. Brown is liable for any avoided transfers as a matter of Florida state law</u>*

It is a fundamental principle of Florida state law that general partners of a Florida limited partnership are jointly and severally liable for the debts and obligations of the limited partnership, unless certain exceptions not present here apply. *See* Fla. Stat. § 620.1404(1) ("Except as otherwise provided in subsections (2) and (3), all general partners are liable jointly and severally for all obligations of the limited partnership unless otherwise agreed by the claimant or provided by law."); *see also Picard v. Avellino*, 557 B.R. 89, 128 (Bankr. S.D.N.Y. 2016) (holding that under Florida law, the general partners are jointly and severally liable for the debts of a limited partnership) (internal citations omitted). The exceptions set forth in subsections (2) and (3) of Fla. Stat. section 620.1404 do not apply here because Ms. Brown was a general partner of Ken-Wen at all times during which the Transfers were made and Ken-Wen was not a limited liability partnership at the time of the Transfers (and has never been an LLP so far as the Trustee is aware). Ms. Brown is therefore jointly and severally liable for the debts of Ken-Wen (which would include its obligations concerning any avoided Transfers) as a matter of Florida state law. *See id.*

Further, courts in this district and elsewhere have held that "in the bankruptcy context, general partners can be held personally liable under state law for avoidable transfers made to the partnership" and that trustees are "empowered under section 550(a) of the [Bankruptcy] Code to recover avoided transfers from a partnership as initial transferee, *or from the general partner of the partnership under applicable state partnership law*." *Picard v. Merkin*, 440 B.R. 243, 268

-69 (S.D.N.Y. 2010) (citing *Shubert v. Stranahan (In re Penn Gear Corp.)*, Adv. Nos. 03-940, et al., 2008 WL 2370169, at *9 (Bankr. E.D. Pa. Apr. 22, 2008)) (emphasis added).

Here, it cannot be disputed that (i) Florida state law holds general partners jointly and severally liable for the debts of limited partnerships, (ii) Ken-Wen is a limited partnership formed under Florida state law, and (iii) Ms. Brown was a general partner of Ken-Wen at the time the Transfers were made. Ms. Brown thus is jointly and severally liable for any avoided Transfers and the Trustee may recover any such avoided Transfers (or the equivalent value thereof) from Ken-Wen or Ms. Brown, in her capacity as a general partner of Ken-Wen. *See id.*

   2. <u>*Ms. Brown may also be liable for any avoided transfers as an initial transferee or the entity for whose benefit the transfers were made*</u>

Pursuant to section 550(a)(1), to the extent any Transfer is avoided under section 548(a)(1)(A), the Trustee may also recover such Transfer (or the equivalent value thereof) from Ms. Brown if she is *either* an initial transferee *or* the "entity for whose benefit such transfer was made." *See In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 130 F.3d 52, 57 (2d Cir. 1997) ("Section 550(a)(1) groups initial transferees with 'entit[ies] for whose benefit such transfer was made' and subjects both groups to strict liability.") (quoting 11 U.S.C. 550(a)(1)); *see also Danning v. Miller (In re Bullion Reserve of N. Am.)*, 922 F.2d 544, 546-47 (9th Cir. 1991) (noting the distinction in section 550(a)(1) by stating, "[t]heoretically, the trustee can recover from both the initial transferee and any secondary transferee, *as well as from any entity for whose benefit the initial transfer was made*.") (emphasis added)).

It is entirely possible (if not likely) that fact discovery will demonstrate that Ken-Wen lacked dominion and control over the funds at issue and that such dominion and control was, in fact, exercised by Ms. Brown and/or Kenneth Brown. At the time of the Transfers, Ken-Wen was a limited partnership having only two general partners—namely, then-husband and wife

01:22562522.4                                                    6

Kenneth Brown and Wendy Brown, each of whom had a 50% interest in the limited partnership they formed together.[16] If Ken-Wen lacked dominion and control over the funds transferred from the Account via the Transfers, then Ken-Wen was a "mere conduit" such that Ms. Brown may be the initial transferee of the funds at issue. *See, e.g., In re Manhattan Inv. Fund Ltd.*, 397 B.R. 1, 15 (S.D.N.Y. 2007) (holding that under the mere conduit test, "a party is not an initial transferee if it was a 'mere conduit' of the funds" at issue); *In re Orange Cty. Sanitation, Inc.*, 221 B.R. 323, 327 (Bankr. S.D.N.Y. 1997) ("An initial transferee is one who receives property and exercises control or dominion over it."). Thus, given her status as a general partner in, and her control over, Ken-Wen, Ms. Brown may be the initial transferee of the Transfers for purposes of recovery under section 550(a)(1).

Alternatively, it is entirely plausible (if not likely) that any Transfer made to Ken-Wen was "made to or for the benefit of" Ms. Brown given that she was one of two general partners (the other being her then-husband Kenneth Brown) of the "Ken-Wen" limited partnership, and she, while purporting to act on behalf of Ken-Wen, made requests for withdrawals from the Account maintained with BLMIS on several occasions, and she was the guarantor of an approximately $3 million loan made to Kenneth Brown.[17] To the extent that any of the Transfers were made to benefit Ms. Brown given her status as the guarantor of certain debt obligations[18] or were otherwise made for her benefit, Ms. Brown is liable under section 550(a)(1). The FAC thus adequately alleges a claim for relief under section 550(a)(1) against Ms. Brown, in her capacity

---

[16] Based on records produced to the Trustee by a third-party bank in response to a subpoena (which documents were received after the Motion was filed), the Trustee understands that Kenneth Brown and Wendy Brown were also the only limited partners of Ken-Wen and each had a 50% interest in the limited partnership.

[17] The records produced (after the Motion was filed) by the same third-party bank referenced *supra* in note 15 show that Ms. Brown is identified as the guarantor of an approximately $3 million loan from the bank (the "Lender Bank") to Kenneth Brown. A $3 million Transfer (identified in Exhibit B column 8 to the FAC) was later made from BLMIS to the Ken-Wen account held at the Lender Bank.

[18] *See, e.g., Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 314 (Bankr. S.D.N.Y. 1999) (stating that a guarantor is the "quintessential example of the entity who benefits from the initial transfer.") (internal citations omitted).

as general partner of Ken-Wen, as the "entity for whose benefit" the Transfers were made.

Based on the foregoing, the FAC states plausible claims for relief against Ms. Brown and she may be held liable for any avoided Transfers based on several theories of liability. It would be inefficient and impractical for Ms. Brown to be absent from this action while the Trustee pursues and obtains a judgment against Ken-Wen, which judgment would then be enforced against Ms. Brown. Judicial economy (as well as Ms. Brown's due process rights) is best served by including her as a defendant in this action as set forth in the FAC.

**B. The Claim Against Ms. Brown Is Not Time Barred**

There has been no undue delay or bad faith by the Trustee, and the proposed FAC relates back to the Original Complaint under both FRCP 15(c)(1)(B) and (c)(1)(C). *See* MOL at 5-11. The Opposition utterly fails to address relation back under FRCP 15, arguing instead that the Trustee's claim against Ms. Brown is time barred because it was not asserted within the two year period set forth in section 546(a)(1)(A). *See* Opp. at 4. The court's decision in *Randall's Island*, which is discussed at length in the MOL at 9-10, however, dispenses with the misguided assertions in the Opposition, including any argument by Ms. Brown that relation back does not apply here given the two year limitation period in section 546(a)(1)(A). *In re Randall's Island Family Golf Ctrs.*, Adv. Pro. No. 02-2278, 2002 WL 31496229, at *1-2 (Bankr. S.D.N.Y. Nov. 8, 2002) (holding that relation back under FRCP 15(c) allows a new party to be added after the statute of limitations under section 546(a) has run).

The FAC relates back under FRCP 15(c)(1)(B) because the claim against Ms. Brown arises out of the same conduct, transactions, or occurrences set out—or attempted to be set out— in the Original Complaint. *See* Fed. R. Civ. P. 15(c)(1)(B); MOL at 8-9. The FAC *does not* seek to avoid and recover any transfers that were not previously identified in the Original Complaint. Indeed, the Original Complaint and the FAC (i) concern the same transfers made within the two

year period before the Filing Date, (ii) assert that the Transfers constitute fraudulent transfers avoidable by the Trustee pursuant to section 548(a)(1)(A) because they were made by BLMIS with the actual intent to hinder, delay or defraud BLMIS' creditors, and (iii) seek to recover the Transfers from Ken-Wen, Kenneth Brown, and Ms. Brown. The only difference with respect to the claims that have been asserted against Ms. Brown, is that the FAC seeks recovery of the Transfers from Ms. Brown, in her capacity as a general partner of Ken-Wen, pursuant to section 550(a)(1), and not as a subsequent transferee under 550(a)(2). *See* FAC, ¶¶ 10, 42-47.

Even if Ms. Brown is considered a "new party" given the dismissal of the subsequent transfer claims asserted against her in the Original Complaint, the proposed FAC also relates back under FRCP 15(c)(1)(C). *See* MOL at 9-11 (discussing relation back under FRCP 15(c)(1)(C) and the *Randall's Island* decision at length). First, the requirements of FRCP 15(c)(1)(C)(i) are satisfied. Ms. Brown clearly received adequate notice of the action given that she (i) was a named defendant in the Original Complaint, (ii) received service of the Original Complaint and summons, and (iii) subsequently filed an Answer to the Original Complaint. Again, the Original Complaint and FAC both seek to avoid and recover the same transfers made within the two years preceding the Filing Date, and both assert claims against Ms. Brown based on those same transfers. Ms. Brown has been an active participant in these proceedings, filing motions to dismiss and to withdraw the reference. Accordingly, Ms. Brown will not be prejudiced in defending on the merits.

The requirements of FRCP 15(c)(1)(C)(ii) are likewise satisfied. Kenneth Brown was sued in his capacity as a general partner of Ken-Wen in the connection with the Original Complaint. Ms. Brown, however, was sued only in her individual capacity as a subsequent transferee given that the Trustee did not realize at the time the Original Complaint was filed that Ms. Brown too was a general partner of Ken-Wen. Ms. Brown obviously knows that she was a

general partner of Ken-Wen at the time of the Transfers, but the Opposition tries to cleverly sidestep this fact by stating "her alleged status as a general partner" and "[e]ven if true" when addressing the issue. Opp. at 3. Regardless, Ms. Brown knew or should have known that, but for the Trustee's mistake in not suing Ms. Brown in her capacity as general partner of Ken-Wen (as the Trustee did with Kenneth Brown), she too would have been named as a defendant in her capacity as general partner of Ken-Wen and included with the defendants subject to liability under section 550(a)(1).

Based on the foregoing, and for the reasons set forth in the MOL, the FAC relates back under FRCP 15(c)(1)(B) and/or 15(c)(1)(C) and the claim asserted therein against Ms. Brown is therefore not time barred.

*[Remainder of page intentionally left blank]*

## **CONCLUSION.**

As set forth above and in the MOL, the Trustee should be permitted to amend the Original Complaint, especially when considering that FRCP 15 requires that leave to amend should be freely given. The FAC asserts a plausible claim for relief against Ms. Brown and the relief sought will cause no undue prejudice or delay. Instead, the requested relief will conserve the Court's time and resources by focusing the case on the proper parties and claims. Accordingly, the Trustee respectfully requests that the Court grant leave to file the FAC.

Dated: November 22, 2017

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _/s/ Matthew B. Lunn_
Matthew B. Lunn
Justin P. Duda
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Email: *mlunn@ycst.com*

*Attorneys for Plaintiff Irving H. Picard,*
*Trustee for the Liquidation of Bernard L.*
*Madoff Investment Securities LLC*