Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
1667 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone: 202-371-8300
E-mail: jwang@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, ) ) ) | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, ) ) | SIPA Liquidation |
| v. ) ) | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, ) ) ) ) |  |
| Defendant ) |  |
| IN RE: ) ) |  |
| BERNARD L. MADOFF, ) ) |  |
| Debtor ) ) |  |

**RECOMMENDATION OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN SUPPORT OF FINAL APPLICATION OF**
<u>**OSBORNE & OSBORNE, P.A. FOR COMPENSATION**</u>

Osborne & Osborne, P.A. ("Osborne" or "Counsel"), Special Counsel to Irving H. Picard,

Esquire, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of

Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), has filed its Final Application ("Final Application") for compensation, namely a release of the held back legal fees ("Holdback") as interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78eee et seq. ("SIPA). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Final Application.

The grounds for this recommendation are as follows:

1. The Final Application seeks a release of all of the fees previously held back. The amount of the Holdback for Osborne is $120.17. Osborne seeks a release of the Holdback in the amount of $120.17. The Final Application does not seek an allowance of interim compensation or reimbursement of expenses for the period of April 1, 2017 through July 31, 2017. Osborne has ceased operating as special counsel.

2. SIPC, by its staff, has carefully evaluated the Final Application for a release of the Holdback. In reviewing the Final Application, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee (b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the Final Application substantially complies with the applicable law and this District's Administrative Order.

3. Section 5(b)(5)(A) of SIPA, 15 U.S.C. §78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA §5(b)(5)(C), 15 U.S.C.

§78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.</u> In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added].

4.  In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA §5(b)(5)(E), 15 U.S.C. §78eee(b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their payment. SIPA §§5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

5.  In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Twenty-Fifth Application of Trustee and Baker & Hostetler LLP at 95, ¶338.) Thus, any allowances for fees and expenses of Counsel will be paid by SIPC without any recoupment by SIPC. Furthermore, there is no difference between the amount requested by Counsel and the amount recommended by SIPC. Consequently, SIPA provides that this Court shall award Counsel the amount recommended by SIPC.

6.  SIPC supports the final Application in the amount of $120.17.

WHEREFORE, SIPC respectfully recommends that Final Compensation, namely payment of the Holdback for the Compensation Periods in the amount of $120.17, as sought by Counsel, be allowed.

Respectfully submitted,

Of Counsel:  
KEVIN H. BELL  
Senior Associate General Counsel  
 For Dispute Resolution  
E-mail: kbell@sipc.org

   */s/Josephine Wang*_____  
JOSEPHINE WANG  
General Counsel  
SECURITIES INVESTOR  
 PROTECTION CORPORATION  
1667 K Street, N.W., Suite 1000  
Washington, D.C.  20006  
Telephone: (202) 371-8300  
Facsimile:  (202) 223-1679  
E-mail: jwang@sipc.org

Date:  December 5, 2017  
      Washington, D.C.