1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 08-01789-smb

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5  SECURITIES INVESTOR PROTECTION CORPORATION,

6           Plaintiff,

7        v.

8  BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, et al.,

9           Defendants.

10 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12           United States Bankruptcy Court

13           One Bowling Green

14           New York, NY  10004

15

16           November 29, 2017

17           10:32 AM

18

19

20

21 B E F O R E :

22 HON STUART M. BERNSTEIN

23 U.S. BANKRUPTCY JUDGE

24

25 ECRO:  MICHELLE BROWN

1  HEARING re Discovery Conference re Warehouse and Microfilm
2  Indices

25  Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   BAKER HOSTETLER

 4         Attorneys for the Trustee, Irving Picard

 5         45 Rockefeller Plaza

 6         New York, NY 10111

 7

 8   BY:   DAVID J. SHEEHAN

 9         CARA MCGOURTY

10

11   YOUNG CONAWAY STARGATT & TAYLOR, LLP

12         Attorneys for the Trustee, Irving Picard

13         Rodney Square

14         1000 North King Street

15         Wilmington, DE 19801

16

17   BY:   JUSTIN P. DUDA

18

19   ALSO PRESENT TELEPHONICALLY:

20

21   SEANNA R. BROWN

22   NICHOLAS J. CREMONA

23   PATRICK MOHAN

24

25
```

1

2                    P R O C E E D I N G S

3             CLERK:  Please be seated.

4             THE COURT:  Madoff.

5             MR. SHEEHAN:  Your Honor, I'm here today in

6    connection with this callback application that we have, and

7    I wanted to hopefully proceed in absence of Mrs. Chaitman

8    come to something that I could put on the record and then we

9    could actually withdraw the motion, so that would --

10            THE COURT:  Go ahead.

11            MR. SHEEHAN:  -- see if we can do that.  As we

12   said in our letter which I want to, you know --

13            THE COURT:  This is the warehouse and microfilm?

14            MR. SHEEHAN:  Yes.  Warehouse, microfilm, and the

15   indices that we inadvertently showed to them when we

16   produced the warehouse index.

17            Our concern is this, and it has something to do

18   actually with the history of the litigation.  And I think

19   the best example of it is, is that in the Mrs. Chaitman

20   letter on Page 2, the last paragraph where it says,

21   "Finally."  At the very end it says, "FBI/USAO work

22   product."  Now, at best, that's borderline work product, but

23   it could be even considered not to be work product.

24            What's our concern?  I've dealt with Mrs. Chaitman

25   for a long time.  I think she would then suggest that we've

1  waived everything with regard to all of our contacts with
2  USAO, the FBI, and everyone else because we simply said in
3  this FBI/USAO.  Now, I trust in Your Honor's judgment.  I
4  would hope that Your Honor would say, "No, that's not true.
5  That's all they did was say that."
6         But we've had, as Your Honor well knows, we've
7  talked about this, extensive over the last nine years and
8  continuing to this very day, relationship with both the FBI
9  and the USAO, much of it going back and forth in support of
10 the activities of both the FBI and the USAO in providing
11 them documents and assistance, et cetera, all of which I
12 would consider to be work product 'cause it obviously
13 influences our mental freshens in terms of how we approach a
14 lot of the cases.
15         So if I put on the record that that's our concern
16 and Your Honor's aware of why we did this, I realize and I
17 think Your Honor acknowledged it the last time we -- didn't
18 acknowledge, you point it out to us -- we were on the outer
19 limits here.  I understand that.  But this is a case that's
20 had outer limit issues that sometimes I think aren't going
21 to go there and they go anyway.
22         THE COURT:  By the way, which inventory are we
23 talking about now?  The warehouse or the microfilm?
24         MR. SHEEHAN:  It's the warehouse index second tab,
25 Column 1 which is where that appears.  She cites it as row

1   10950, and then --

2              THE COURT:  Column I or Column 1?

3              MR. SHEEHAN:  Maybe -- yes, you're right.  Sorry.

4   Column I.

5              THE COURT:  Okay.  Just looking at Column I was

6   the one that had some comments by the reviewers.  These are

7   the columns that indicate where documents may be located.

8   Is that right?

9              MR. SHEEHAN:  Yes.

10             THE COURT:  And your concern is that if you

11  acknowledge that something is located at the FBI --

12             MR. SHEEHAN:  The outer limits. It's beyond that.

13  It's the mere fact that we mentioned FBI/USAO, I'm concerned

14  Mrs. Chaitman will say, well, since we disclosed this we --

15  all communications we now have with the FBI are no longer

16  work product.  I know that may --

17             THE COURT:  It still might be work product, but

18  she'd have to argue that you waived it.

19             MR. SHEEHAN:  Yeah, and I don't think that this

20  inadvertent production here when we didn't intend,

21  obviously, to get that index to her together with this, you

22  know, these columns that that shouldn't in effect constitute

23  waiver.  And that's why we brought the motion that we did.

24             THE COURT:  Sorry, I'm looking at Column I and I

25  don't see anything.

1            MR. SHEEHAN:  Well, I'm just -- I'm using --

2            THE COURT:  I'm just looking --

3            MR. SHEEHAN:  It's further down, 10966-68, is what

4    she's --

5            THE COURT:  One -- what's the line number?

6            MR. SHEEHAN:  It says Row 10950.

7            THE COURT:  One zero -- yeah, this is a different

8    --

9            MR. SHEEHAN:  Really?  Okay.

10           THE COURT:  I'm looking at something else.

11           MR. SHEEHAN:  But it's actually quoted in her --

12   which I'm accepting as being accurate.

13           THE COURT:  All right.

14           MR. SHEEHAN:  Page 2 of her letter at the last

15   paragraph, and then it literally is, quote, "FBI," all caps,

16   slash "USAO," all caps.

17           THE COURT:  On this one would you be comfortable

18   with an order that says notwithstanding the disclosure of

19   this information it shall not be deemed a waiver --

20           MR. SHEEHAN:  Yes, Your Honor.

21           THE COURT:  -- of any privilege you might

22   otherwise have?

23           MR. SHEEHAN:  Yes.

24           THE COURT:  All right.  That resolves that one

25   that's in I.

1               MR. SHEEHAN:  We will submit that order, Your

2   Honor.

3               THE COURT:  Okay, 'cause there were some other

4   locational information in there.  What about the microfilm?

5               MR. SHEEHAN:  I'm not that concerned about that,

6   Your Honor, as long as we have this understanding that we --

7   that by this disclosure we're not waiving anything in --

8               THE COURT:  So, you're prepared to disclose all of

9   the columns with that --

10              MR. SHEEHAN:  Sure.

11              THE COURT:  -- proviso?  All right.  Submit the

12  order.

13              MR. SHEEHAN:  Thank you.

14              THE COURT:  I note that no one from Ms. Chaitman's

15  office has come here, although this adjourned conference was

16  schedule on the record.

17              MR. SHEEHAN:  Yes, Your Honor.

18              THE COURT:  So, since she and her clients don't

19  seem to have any interest to come, I'll accept that as a

20  resolution.

21              MR. SHEEHAN:  Thank you, Your Honor.

22              THE COURT:  All right.  Now, with respect to the

23  motion to amend, did you --

24              MR. SHEEHAN:  Your Honor, that's being handled by

25  --

Page 9

1    THE COURT: Okay. Step up.

2    MR. DUDA: Good morning, Your Honor.

3    THE COURT: Do you know whether your adversary

4 knows about this date?

5    MR. DUDA: She does, Your Honor. We received an

6 email at 7:00 last night saying that he has a doctor's

7 appointment at 10:00.

8    THE COURT: Right.

9    MR. DUDA: He was -- this time was agreed to by

10 counsel prior to us requesting the adjournment of our

11 October hearing from chambers. He was CC'd on the email to

12 chambers. We served him with notice of the rescheduled

13 hearing, and then we heard from him at 7:00 last night. So

14 we told them that he's free to reach out to Your Honor as he

15 deems fit, please CC us, and apparently he --

16    THE COURT: Did he say it was a medical emergency?

17    MR. DUDA: It was for -- he said for some tests.

18    THE COURT: All right, look. I think the best way

19 to do this is to grant the motion but without prejudice to

20 their right to argue that the complaint fails to state a

21 claim or a claim is time barred or something like that.

22 with respect to the latter, there's a split of authority as

23 to when a claim against the general partner arises based

24 upon a partnership debt. And there are cases that say it

25 arises only after the partnership -- there's a judgment

```
 1   against the partnership and it's unable to pay it, and
 2   others say it arises at the same time as the claim against
 3   the partnership.  So in the event that this issue comes up,
 4   we'll have to bridge that issue.
 5           MR. DUDA:  Absolutely, Your Honor.
 6           THE COURT:  And it's discussed that -- the split
 7   of authority is discussed in an Oklahoma case at 2015
 8   Westlaw 1649994.  I assume Florida law would govern this
 9   particular issue.  I don't know what the law in Florida is.
10   So you can submit an order authorizing the filing of the
11   amended complaint.  I'm not deciding any of the underlying
12   issues, particularly those relating to futility or statute
13   of limitations, so it's without waiver to the rights of any
14   party to raise any issues, so we can move this along.
15           MR. DUDA:  Thank you, Your Honor.
16           THE COURT:  Okay?  Thanks.
17           (Whereupon these proceedings were concluded at
18   10:40 AM)
19
20
21
22
23
24
25
```

```
 1                     I N D E X

 2

 3                      RULINGS

 4                                         Page      Line

 5

 6   Motion Granted Without Prejudice        9        18

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

*Digitally signed by Sonya Ledanski Hyde*
*DN: cn=Sonya Ledanski Hyde, o, ou, email=digital@veritext.com, c=US*
*Date: 2017.12.01 14:30:11 -05'00'*

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:   December 1, 2017