# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Jonathan A. Forman
direct dial: 212.847.2855
jforman@bakerlaw.com

December 21, 2017

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. BNP Paribas S.A. et al.*, Adv. Pro. No. 12-01576 (SMB)

Dear Judge Bernstein:

On behalf of the Trustee in the above-referenced adversary proceeding and pursuant to Local Rule 7007-1(b), we respectfully request an informal conference so the Court may consider: (i) directing defendants BNP Paribas S.A., BNP Paribas Arbitrage SNC, BNP Paribas Securities Services S.A., and BNP Paribas Bank & Trust (Cayman) Limited (collectively, "Defendants") to meet and confer with the Trustee pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure ("Rule 26(f)"); and (ii) setting a date for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 7016 of the Federal Rules of Bankruptcy Procedure ("Rule 16").

An informal conference is necessary, despite the Trustee's good faith efforts to resolve the dispute without judicial intervention, because Defendants continue to refuse the Trustee's requests for a Rule 26(f) conference. *See* Exs. A & C. Defendants argue that a Rule 26(f) conference is "premature" and "futile" because discovery should be stayed pending the adjudication of their motion to dismiss. *See* Exs. B & D. Yet there is no protective order staying discovery and Defendants have not moved the Court for one. *See Rivera v. Incorp. Vill. of Farmingdale*, No. CV 06-2613(DRH)(ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007) ("[N]o automatic stay of discovery pending the determination of a motion to dismiss."). Defendants therefore are required to either move for a discovery stay or meet and confer with the Trustee pursuant to Rule 26(f) to prepare a proposed discovery plan for a Rule 16 scheduling conference. *See, e.g., Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD)(BCM), 2017 WL 953921, at *2 (S.D.N.Y. Mar. 7, 2017) (scheduling Rule 16 conference and ordering Rule 26(f) conference despite pendency of motion to dismiss for lack of

Judge Bernstein
December 21, 2017
Page 2

personal jurisdiction); *Rivera*, 2007 WL 3047089, at *1 (directing document discovery where defendants refused Rule 26(f) conference due to pending motion to dismiss).

Even if Defendants moved for a discovery stay, they cannot meet the high burden of establishing good cause to obtain such relief—let alone to avoid engaging in a meet and confer with the Trustee to discuss discovery and case administration. *See Rivera*, 2007 WL 3047089, at *1 (noting that party seeking stay bears burden of showing good cause of (i) whether action lacks merit, (ii) risk of prejudice to party opposing stay, (iii) nature and complexity of action, and (iv) burden of discovery). Defendants essentially argue in their letters that, because they believe they will prevail on their motion, they should get an automatic stay of discovery. However, a discovery stay is inappropriate because the Trustee's claims are meritorious. These claims survived Defendants' previous motion to dismiss and their current motion to dismiss is deficient for the reasons set forth in the Trustee's opposition. *See* ECF 110, 111. A further delay of discovery also will prejudice the Trustee. This case has proceeded for over five years without formal discovery due to various procedural detours not of the Trustee's making. Moreover, because of Defendants' various relationships with Bernard Madoff, BLMIS, and over a dozen BLMIS feeder funds, the nature and complexity of this proceeding warrant that discovery proceed without further delay.

The Trustee's request for a Rule 26(f) conference is also not burdensome. To the contrary, the Federal Rules of Civil Procedure require it. *See* Fed. R. Civ. P. 26(f), Advisory Committee Notes, 1993 Amendment ("The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case."). Any objection Defendants may have to specific discovery requests can, and should, be addressed during that conference. Furthermore, to address Defendants' general objections of "overbreadth" (*see* Exs. B & D), the Trustee has offered "to discuss narrowing the scope and staging of [his] requests during a meet and confer." *See* Ex. C. Defendants, however, have rejected this offer. *See* Ex. D. Courts have denied motions for discovery stays in similar situations. *See, e.g., In re Chase Manhattan Corp. Secs. Litig.*, No. 90 Civ. 6092 (LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991) (denying motion to stay discovery where plaintiffs had not yet responded to motion to dismiss and "defendants' counsel apparently ha[d] strong objections to the breadth of the outstanding discovery requests, and plaintiffs' counsel ha[d] suggested discussions with a view towards resolution of such objections").

Given all this, the Trustee respectfully requests an informal conference and consents to submitting this dispute to the Discovery Arbitrator consistent with this Court's order, dated October 4, 2016 (ECF 14227). *See* Ex. E.

Respectfully,

Jonathan A. Forman