# EXHIBIT B

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212 225 2243
amackinnon@cgsh.com

VICTOR I. LEWKOW
LESLIE N. SILVERMAN
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL

ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN

ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
HUMAYUN KHALID
CHRIS C. LEE
KENNETH S. BLAZEJEWSKI
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

November 13, 2017

VIA FIRST CLASS MAIL AND EMAIL

Joanna F. Wasick, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re: *Irving H. Picard, Trustee v. BNP Paribas S.A. et al.* (Adv. Pro. No. 12-01576)

Dear Ms. Wasick:

      I write on behalf of BNP Paribas S.A., BNP Paribas Arbitrage SNC, BNP Paribas Securities Services S.A., and BNP Paribas Bank & Trust (Cayman) Limited (collectively, the "BNPP Defendants") in response to your letter dated October 27, 2017, which requests a conference to discuss a proposed discovery plan pursuant to Federal Rule of Civil Procedure 26(f) in the above-referenced action (the "Request"). The Request is premature, as no further discovery should take place in this matter until after the Court has decided the pending motion to dismiss the amended complaint in this action (the "Amended Complaint"), which, as you know, was filed two days before the Request was sent. Notice Mot. Dismiss, *Picard v. BNP Paribas S.A.*, No. 12-01576 (Bankr. S.D.N.Y. Oct. 25, 2017), ECF No. 106 (the "Motion to Dismiss").

      It is well established that where, as here, there exists "good cause," discovery should not commence until after the adjudication of a motion to dismiss. Fed. R. Civ. P. 26(c)(1); Fed. R. Bankr. P. 7026. In determining whether "good cause" exists, "[c]ourts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation omitted). Here, these factors weigh in favor of postponing discovery and any related Rule 26(f) conference until after the Motion to Dismiss is decided.

Joanna F. Wasick, Esq.
Baker & Hostetler LLP, p. 2

*First*, the scope of the discovery the Trustee seeks is extremely broad. *See Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) ("In deciding whether to grant a [discovery] stay, 'a court should consider the breadth of discovery sought and the burden of responding to it . . . .'"). For each of the four BNPP Defendants, the Trustee has made no less than sixty requests for the production of documents covering a period of time that spans almost *two decades*. Responding to the Request accordingly would impose a significant burden and costs on the BNPP Defendants.

*Second*, the Trustee would not suffer any prejudice if he is denied further discovery until the Motion to Dismiss is decided. This action was filed five and a half years ago, after the Trustee obtained substantial Rule 2004 productions from the BNPP Defendants and other entities, as well as access to BLMIS's records. There is no reason why the Trustee would be harmed if further discovery awaited the Court's decision. Moreover, while the Trustee is seeking discovery from certain *other* defendants in order to file amended complaints in those actions, he has affirmatively decided not to pursue this course of action against the BNPP Defendants. Having concluded that discovery was not necessary for the filing of the Amended Complaint, the Trustee cannot now claim that he will be prejudiced if he is denied discovery until after the legal sufficiency of that complaint is adjudicated.

*Third*, the Motion to Dismiss raises several "*substantial* arguments for dismissal" that will likely obviate the need for any further discovery. *See Boelter*, 2016 WL 361554, at *5 (emphasis added). Indeed, the Court recently granted motions to dismiss in the *Legacy* matter on the basis of the Section 546(e) safe harbor and the good faith defense, even though the allegations of knowledge and willful blindness there were much stronger than any such allegations in this action. *Picard v. Legacy Capital Ltd.*, 548 B.R. 13, 35 (Bankr. S.D.N.Y. 2016). Furthermore, further discovery is particularly unwarranted here because the Motion to Dismiss raises substantial personal jurisdiction arguments for each of the BNPP Defendants. *See Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[U]ntil [a plaintiff] has shown a reasonable basis for assuming jurisdiction, [it] is not entitled to any other discovery.").

*Finally*, my colleague Donna Xu's inquiry about the Amended Complaint was not, as you claim, a "request[] for information relating to the . . . Trustee's amended complaint" or an invitation to begin discovery. Indeed, Ms. Xu expressly stated to Mr. Calvani that we were not seeking to commence discovery in the action, but only were seeking documents indisputably incorporated by reference into the Amended Complaint. In any event, Mr. Calvani refused the request.

Joanna F. Wasick, Esq.
Baker & Hostetler LLP, p. 3

      For the foregoing reasons, we decline your invitation to hold a Rule 26(f) conference during the week of November 13, 2017.  We otherwise reserve all other rights, defenses, and arguments.

      Sincerely,

      Ari D. MacKinnon