Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Chapter 7 Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
*IN LIMINE* TO EXCLUDE TESTIMONY BY ROBERT BLECKER**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.  ROBERT BLECKER'S TESTIMONY IS INADMISSIBLE ........................................... 2

    A.  Robert Blecker's Testimony Should Be Excluded Because He Has No Personal, First-Hand Knowledge of PW Transactions or His Father's BLMIS Accounts..... 2

    B.  Robert Blecker's Testimony Should Be Excluded as Cumulative ......................... 3

II. ROBERT BLECKER WAS NOT TIMELY INDENTIFIED AS A WITNESS, AND MUST BE EXCLUDED TO AVOID PREJUDICE TO THE TRUSTEE ......................... 4

III. ROBERT BLECKER IS NOT A REBUTTAL WITNESS............................................... 5

CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Stock Exch., LLC v. Mopex, Inc.*,
  215 F.R.D. 87 (S.D.N.Y. 2002) ................................................................................4

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  09 Civ. 8161, 2017 WL 2839638 (S.D.N.Y. June 30, 2017) .....................................5

*Haas v. Del. & Hudson Ry. Co.*,
  282 F. App'x 84 (2d Cir. 2008) .................................................................................4

*Lakah v. UBS AG*,
  No. 07 Civ. 2799(MGC)(FM), 2012 WL 2025598 (S.D.N.Y. May 31, 2012) .........7

*Ling-Rong Chen v. City of Syracuse*,
  385 Fed. App'x 41 (2d Cir. 2010) .............................................................................6

*Russo v. Peikes*,
  71 F.R.D. 110 (E.D. Pa. 1976), *aff'd*, 547 F.2d 1163 (3d Cir. 1977) ........................6

*Scott v. Chipotle Mexican Grill, Inc.*,
  315 F.R.D. 33 (S.D.N.Y. 2016) .................................................................................6

*SEC v. Reserve Mgmt. Co.* (*In re Reserve Fund Sec. & Derivative Litig.*),
  No. 09 CIV. 4346 (PGG), 2012 WL 12354234 (S.D.N.Y. Oct. 3, 2012) ..................2

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*,
  118 F.3d 955 (2d Cir. 1997) ......................................................................................5

*United Brands Co. v. M.V. Isla Plasa*,
  No. 85 Civ. 0491(SS), 1994 WL 114825 (S.D.N.Y. Mar. 31, 1994) ........................3

*United States v. Harris*,
  557 F.3d 938 (8th Cir. 2009) .....................................................................................6

*Wechsler v. Hunt Health Sys., Ltd.*,
  381 F. Supp. 2d 135 (S.D.N.Y. 2003) .......................................................................2

**Statutes**

Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ...................................................1

**Rules**

Fed. R. Bankr. P. 7037 ...................................................................................................................4

Fed. R. Bankr. P. 9014 ...................................................................................................................4

Fed. R. Civ. P. 26 ...........................................................................................................................6

Fed. R. Civ. P. 26(a) ......................................................................................................................5

Fed. R. Civ. P. 26(a)(2) ..................................................................................................................6

Fed. R. Civ. P. 26(a)(3)(A)(i) .........................................................................................................6

Fed. R. Civ. P. 26(e) ......................................................................................................................5

Fed. R. Civ. P. 37(c)(1) ..................................................................................................................4

Fed. R. Evid. 403 .......................................................................................................................3, 4

Fed. R. Evid. 602 .......................................................................................................................2, 3

Fed. R. Evid. 611 ...........................................................................................................................3

**Other Authorities**

Mueller & Kirkpatrick, *Federal Evidence* § 6:5 (4th ed. 2017) .....................................................3

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in support of the Trustee's motion *in limine* (the "Motion") for entry of an order excluding the testimony of Robert Blecker at the evidentiary hearing on the Trustee's treatment of the profit withdrawal ("PW") transactions ("PW Transactions").

## PRELIMINARY STATEMENT

Aaron Blecker's ("Mr. Blecker") counsel stated for the first time at the April 18, 2017 hearing on the motions *in limine* that she would call Robert Blecker, Mr. Blecker's son, at the evidentiary hearing in the event that Mr. Blecker was unable to testify. Robert Blecker was not identified as a witness prior to the close of fact discovery and, despite the Trustee's request following the hearing, counsel has not provided a factual proffer regarding the scope of his testimony or personal knowledge as to his father's BLMIS accounts. At that time, counsel had also not confirmed, through a physician's letter or otherwise, that Mr. Blecker was unable to testify. Now, weeks to the evidentiary hearing, counsel has provided a physician's note for Mr. Blecker, contends that Mr. Blecker's deposition should be so admitted in lieu of his live testimony, and that she also will call Robert Blecker as an affirmative witness. Counsel advances Robert Blecker's testimony even though it contravenes Mr. Blecker's sworn testimony: "I handled all the financial arrangements, all the financials of the family." *See* Ex. 11 to Decl. of David J. Sheehan in Supp. of Trustee's Mots. *in Limine* Numbers 1–4 (Oct. 28, 2016), ECF No. 14359-11, at 9:22–24 (Tr. of Aaron Blecker Dep., July 1, 2014 ("Blecker Tr.")).

For the reasons set forth in detail below, Robert Blecker's testimony should be excluded at the evidentiary hearing because: (i) he is not a Participating Claimant[1] and therefore is not properly a party to this litigation; (ii) he lacks personal knowledge about omnibus PW issues; (iii) his testimony will be duplicative of the testimony being offered by Mr. Blecker; (iv) he was not identified as a potential witness in pretrial disclosures served on September 30, 2016; and (v) discovery ended on June 13, 2016 and should not be re-opened at this very late juncture.

## ARGUMENT

**I.    ROBERT BLECKER'S TESTIMONY IS INADMISSIBLE**

A motion *in limine* allows the trial court to rule on the admissibility and relevance of evidence in advance of trial. *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (noting that motions *in limine* apply with equal force to non-jury portions of trial).

### A.    Robert Blecker's Testimony Should Be Excluded Because He Has No Personal, First-Hand Knowledge of PW Transactions or His Father's BLMIS Accounts

Federal Rule of Evidence 602 permits the testimony of a witness on a certain matter "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *SEC v. Reserve Mgmt. Co. (In re Reserve Fund Sec. & Derivative Litig.)*, No. 09 CIV. 4346 (PGG), 2012 WL 12354234, at *3–4 (S.D.N.Y. Oct. 3, 2012) (excluding witnesses who lacked personal knowledge and were disclosed late in the proceeding). "[A] witness may testify to an event or occurrence that he has seen himself, but not one that he

---

[1] Robert Blecker is not a "Participating Claimant" as that term is defined in the Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue ¶ 5, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. June 25, 2015), ECF No. 10266. All "ECF" references in this memorandum refer to the case captioned *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, No. 08-01789 (SMB) (Bankr. S.D.N.Y.), unless otherwise stated herein.

2

knows only from the description of others." Mueller & Kirkpatrick, *Federal Evidence* § 6:5 (4th ed. 2017).

Robert Blecker is not a Participating Claimant and had no PW Transactions in any of his accounts. As such, his testimony is neither relevant nor probative of any of the issues in the omnibus proceeding. Nor could his testimony be relevant to or probative of his father's accounts. Mr. Blecker is participating in these proceedings and testified that he was the only person in charge of his BLMIS accounts and that he was the one who reviewed account statements related thereto. *See* Blecker Tr. 9:22–24. As such, Robert Blecker lacks personal knowledge on relevant issues in this proceeding.

### B. Robert Blecker's Testimony Should Be Excluded as Cumulative

Even if Robert Blecker had the requisite personal knowledge required by Fed. R. Evid. 602, his testimony should be excluded as cumulative under Fed. R. Evid. 403 and 611.

Rule 403 provides that a court may "exclude relevant evidence if its probative value is substantially outweighed by the following . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 is an important tool to avoid wasting the court's resources in a bench trial. *See, e.g.*, *United Brands Co. v. M.V. Isla Plasa*, No. 85 Civ. 0491(SS), 1994 WL 114825, at *1 n.2 (S.D.N.Y. Mar. 31, 1994) (Sotomayor, J.) (using Fed. R. Evid. 403 to exclude evidence at a bench trial based on burden to the court). Similarly, Rule 611 permits a court to control the manner and mode of testimony to, among other things, "(1) make those procedures effective for determining the truth; (2) avoid wasting time . . . ."

Given Mr. Blecker's sworn testimony as to the control of his BLMIS accounts, the relevant inquiry is whether Robert Blecker can provide any evidence that is not already advanced by Mr. Blecker's testimony. At best, Robert Blecker's testimony would only mirror and repeat his father's testimony—namely, that Mr. Blecker looked at BLMIS statements and never

3

received PW checks. This testimony is cumulative of existing, admissible testimony by his father, the actual accountholder. Federal Rules of Evidence 403 and 611 permit this Court to exclude such duplicative and second-hand testimony, particularly where judicial resources will be wasted in order to address the evidentiary deficiencies and objections based on lack of personal knowledge, insufficient foundation, speculation, and hearsay.

## II. ROBERT BLECKER WAS NOT TIMELY INDENTIFIED AS A WITNESS, AND MUST BE EXCLUDED TO AVOID PREJUDICE TO THE TRUSTEE

Counsel's failure to identify Robert Blecker as a witness until the eve of trial—more than a year after pretrial disclosures and more than a year and a half after discovery closed—is not substantially justified or harmless. This Court has entered numerous stipulated Scheduling Orders that ordered the close of fact discovery on June 13, 2016 and the exchange of pretrial disclosures by September 23, 2016. *See* Stip. & Order on Schedule for Litigation of & Evidentiary H'rg on Profit Withdrawal Issue, July 12, 2016, ECF No. 13619; Order Amending Schedule of Litigation of Profit Withdrawal Issue, Apr. 5, 2016, ECF No. 13038. Failure to timely disclose Robert Blecker in accordance with this Court's Scheduling Orders precludes his testimony at trial.

The Federal Rules of Civil Procedure are intended to eliminate surprise and gamesmanship in pretrial disclosures. *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (Fed. R. Civ. P. 37(c)(1) is intended to "prevent the practice of sandbagging an opposing party with new evidence." (citation and internal quotation marks omitted)); *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (stating that the purpose of Fed. R. Civ. P. 37(c)(1) is to prevent "surprise" or "trial by ambush" (citation and internal quotation marks omitted)). Rule 37(c)(1), made applicable here by Fed. R. Bankr. P. 9014 and 7037, provides that: "[i]f a party fails to provide information or identify a witness as required by Rule

4

26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Courts in the Second Circuit consider four factors when determining whether exclusion is appropriate: (i) the parties' explanation for failure to comply with the discovery order(s); (ii) the importance of the testimony of the precluded witness; (iii) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (iv) the possibility of a continuance. *See In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 09 Civ. 8161, 2017 WL 2839638, at *5 (S.D.N.Y. June 30, 2017) (citing *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

Counsel for Mr. Blecker had ample opportunity to comply with this Court's Scheduling Orders and identify Robert Blecker as a witness, including during discovery or in pretrial disclosures. Discovery has long since closed. No disclosure was made and additional time for disclosure was not then sought by counsel. Robert Blecker is not listed on Mr. Blecker's pretrial disclosures as a witness. Participating Claimants' Prehearing Disclosures, Oct. 28, 2016, ECF No. 14359-6. Counsel has not moved to open discovery and there is no "substantial justification" for allowing his testimony at this late date. Allowing Robert Blecker's testimony would be prejudicial to the Trustee, and without substantial justification to explain why he was not previously disclosed, Robert Blecker should be prohibited from testifying at the evidentiary hearing.

### III.    ROBERT BLECKER IS NOT A REBUTTAL WITNESS

Recognizing the fatal deficiencies associated with failing to disclose Robert Becker during discovery or in pretrial disclosures, counsel has attempted to side-step basic pretrial requirements by suggesting that Robert Blecker could also testify as a rebuttal witness. Such

5

designation does not provide a basis for which this Court should allow Robert Blecker's testimony.

Pretrial disclosure rules are clear—a party must promptly provide written notice to the other side and the court of any fact or expert witness that it may present at trial *other than solely for impeachment*, including differentiating between witnesses a party expects to present and those it may call if the need arises. *See* Fed. R. Civ. P. 26(a)(3)(A)(i) (emphasis added); *Ling-Rong Chen v. City of Syracuse*, 385 Fed. App'x 41, 42 (2d Cir. 2010) (allowing party to call a previously undisclosed rebuttal witness but solely for impeachment purposes); *see also* Order Establishing Schedule for Limited Disc. & Briefing on Profit Withdrawal Issue, June 25, 2015, ECF No. 10266 (applying Fed. R. Civ. P. 26's disclosure requirements to the PW litigation and ordering that "Participating Claimants must disclose any witness(es) that they intend to rely on in support of or in opposition to the Motion and make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before February 2, 2016."). "Impeachment is an attack on the credibility of a witness, whereas rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party." *See United States v. Harris*, 557 F.3d 938, 942 (8th Cir. 2009) (citation omitted).

"Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016). The proper scope of a rebuttal witness is limited to the scope of the opposing party's witness testimony, *id.*, and is not appropriate where it simply repeats facts that were (or could have been) covered during the party's case-in-chief. *Russo v. Peikes,* 71 F.R.D. 110, 112–114 (E.D. Pa. 1976), *aff'd*, 547 F.2d 1163 (3d Cir. 1977) (holding that evidence cannot

6

be offered in rebuttal if it could have been offered during case-in-chief and it did not rebut any new matters).

Robert Blecker's testimony is not rebuttal testimony to the evidence the Trustee will offer at the evidentiary hearing. The Trustee intends to offer the expert testimony of Mr. Matthew Greenblatt and Ms. Lisa Collura to sustain the reasonableness of his determination regarding PW Transactions. Robert Blecker is not an expert, was not disclosed as an expert, offered no expert analysis, made no expert disclosure, and has no relevant expertise to the reasonableness of the Trustee's determination regarding PW Transactions. Rather, any offered testimony can only be characterized as part of Mr. Blecker's affirmative case-in-chief that he did not receive PW checks, testimony that is duplicative of the testimony provided by Mr. Blecker himself. Offering Robert Blecker as a rebuttal witness is nothing more than an attempt to cure counsel's failure to properly identify Robert Blecker as an affirmative witness. Given the ample time that counsel had to do so, this Court should not permit such gamesmanship. *See Lakah v. UBS AG*, No. 07 Civ. 2799(MGC)(FM), 2012 WL 2025598, at *1 (S.D.N.Y. May 31, 2012) (precluding fact witnesses from testifying because petitioners did not identify them until two months after the close of four years of fact discovery, and rejecting rebuttal designation for such witnesses when they would have testified to facts that petitioners could have testified to themselves).

7

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that any testimony from Robert Blecker be excluded at the evidentiary hearing.

Dated: January 4, 2018
      New York, New York

Respectfully submitted,

BAKER & HOSTETLER LLP

*/s/ David J. Sheehan*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

8