

**DAVIDOFF HUTCHER & CITRON LLP**
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

GARDEN CITY
ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 248-6400

ALBANY
GOVERNMENT RELATIONS
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
GOVERNMENT RELATIONS
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

WRITER'S DIRECT: 646-428-3225
E-MAIL: mw@dhclegal.com

January 12, 2018

**Via ECF and E-mail: bernstein.chambers@nysb.uscourts.gov**
Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

   Re:  Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC

      Adv. Pro. No. 08-01789 (SMB)

      Irving H. Picard, As Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Magnify Inc., Premero Investments Ltd., Strand International Investments, Ltd., The Yeshaya Horowitz Association, Yair Green and Express Enterprises Inc.

      Adv. Pro. No. 10-05279 (SMB)

Dear Judge Bernstein:

  We write to respectfully request an increase from the Court's twenty-page limit for reply briefs (as specified in Your Honor's Chambers' Rules) to thirty-five pages for Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Second Amended Complaint (the "SAC").

  Prior to Defendants filing their motion to dismiss, Defendants requested that the parties be allowed to file moving and opposition memoranda of law of no longer than seventy pages in length. The Trustee did not oppose that request. On October 6, 2017, the Court granted Defendants' request.

  On December 20, 2017, the Trustee filed his forty-nine page memorandum of law in opposition to Defendants' motion to dismiss. Besides responding to the arguments raised in Defendants' moving papers, including that (a) the SAC fails to adequately allege Defendants' "actual knowledge" of the BLMIS fraud, (b) the SAC fails to adequately allege Premero's "willful blindness" and lack of "good faith"; (c) the SAC fails to adequately allege alter

593301v.1

DAVIDOFF HUTCHER & CITRON LLP

ego/piercing the corporate veil allegations against Magnify and Strand under British Virgin Islands and Panama law, and (d) the SAC fails to adequately allege an equitable subordination claim, the Trustee also raised several new arguments for why Defendants' motion to dismiss should be denied, including:

- that, in the alternative, Magnify's "actual knowledge" was attributable to its founder, Albert Igoin, rather than to Yair Green ("Green");
- that Green's affidavit and each of the exhibits attached thereto should not be considered on this motion to dismiss based on a number of different theories, including that such exhibits were not attached to, "incorporated by reference" into, or "integral" to the SAC;
- that the Section 546(e) safe harbor defense does not apply to Strand and Premero because BLMIS did not enter into securities contracts with them or identify any securities transactions;
- that instead of automatically applying British Virgin Islands and Panama law to his alter ego/piercing the corporate veil allegations against Strand and Magnify, the Court should perform a conflict-of-law analysis to determine which law should apply and that under such analysis, New York law should apply to the Trustee's alter ego/piercing the corporate veil allegations;
- that under New York law, the Trustee's alter ego/piercing the corporate veil allegations are sufficient to withstand a motion to dismiss;
- that if British Virgin Islands and Panama law do apply to the Trustee's alter ego/piercing the corporate veil allegations, Defendants have failed to meet their burden of proving such law.

Defendants respectfully submit that it would very difficult to both reply to the Trustee's responses to Defendants' arguments raised in their moving papers and respond to the Trustee's new arguments for why Defendants' motion to dismiss should be denied in merely twenty pages. Therefore, Defendants respectfully request that the Court grant them permission to file a reply memorandum of law of no longer than thirty-five pages in length.

We have conferred with counsel for the Trustee and they do not consent to our request.

We thank the Court for its time and consideration.

Respectfully yours,

Michael Wexelbaum

MW/tv

cc:    Ona T. Wang, Esq. (via e-mail)
       Tracy Cole, Esq. (via e-mail)
       David M. McMillan, Esq. (via e-mail)
       Ganesh Krishna, Esq. (via e-email)
       Larry Hutcher, Esq. (via e-mail)
       Michael Katz, Esq. (via e-mail)

2

593301v.1