**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION

CORPORATION,

                  Plaintiff-Applicant,          Adv. Pro. No. 08-1789 (SMB)

          v.                        SIPA LIQUIDATION

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,                        (Substantively Consolidated)

                        Defendant.

In re:

BERNARD L. MADOFF,

                        Debtor.

## PARTICIPATING CLAIMANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF ROBERT BLECKER

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Participating Claimants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

    I.    The Trustee denied Aaron Blecker's SIPC claim ............................................................ 2

    II.   The Trustee has been aware for several years that Aaron Blecker may be
        unavailable to testify at trial .......................................................................................... 4

    III.  The Trustee never sought to depose Robert Blecker during discovery and
        discovery closed before pretrial disclosures were exchanged ........................................ 5

    IV.  Robert Blecker has been known to the Trustee since at least July 1, 2014 and he
        was disclosed as a witness in April 2017, well in advance of trial .................................. 5

ARGUMENT ............................................................................................................................. 6

    I.    Robert Blecker is a competent witness ........................................................................... 6

    II.   The Trustee cannot make the extraordinary showing to exclude Robert Blecker's
        testimony under Rule 403 ............................................................................................... 8

        A.  It would be unfair to exclude the testimony of Robert Blecker under Rule 403 ........ 10

    III.  Robert Blecker was timely disclosed as a witness ......................................................... 11

    IV.  Even if Robert Blecker's disclosure was untimely (which it was not), the delay
        was harmless .................................................................................................................. 12

    V.   Robert Blecker is a proper rebuttal witness .................................................................. 14

CONCLUSION ......................................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agfa-Gevaert, A.G. v. A.B. Dick Co.*,
879 F.2d 1518 (7th Cir. 1989) .......................................................................................8

*Ali v. Connick*,
2016 WL 3002403 (E.D.N.Y. May 23, 2016) ...........................................................10

*Brune v. Time Warner Entm't Co., L.P.*,
2004 WL 2884611 (S.D.N.Y. Dec. 14, 2004) ...........................................................15

*Clayton v. Eli Lilly & Co.*,
421 F. Supp. 2d 77 (D.D.C. 2006) ...............................................................................7

*Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*,
2002 WL 31108380 (S.D.N.Y. Sept. 23, 2002)...................................................13, 14

*George v. Celotex Corp.*,
914 F.2d 26 (2d Cir. 1990)............................................................................................9

*Goldberg v. Nat'l Life Ins. Co. of Vermont*,
774 F.2d 559 (2d Cir. 1985)........................................................................................10

*Highland Capital Mgmt., L.P. v. Schneider*,
551 F. Supp. 2d 173 (S.D.N.Y. 2008)........................................................................10

*Int'l Minerals & Res., S.A. v. Pappas*,
96 F.3d 586 (2d Cir. 1996)............................................................................................9

*Kullman v. New York*,
2009 WL 1562840 (N.D.N.Y. May 20, 2009) ...........................................................11

*Ling-Rong Chen v. City of Syracuse*,
385 F. App'x 41 (2d Cir. 2010) ..................................................................................15

*Lore v. City of Syracuse*,
2005 WL 3095506 (N.D.N.Y. Nov. 17, 2005) ...........................................................13

*Luce v. U.S.*,
469 U.S. 38 (1984)........................................................................................................10

*M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc.*
681 F.2d 930 (4th Cir.1982) ......................................................................................6, 7

*Old Chief v. United States*,
    519 U.S. 172 (1997)...................................................................................9

*Preuss v. Kolmar Labs., Inc.*,
    970 F. Supp. 2d 171 (S.D.N.Y. 2013)....................................................13

*Rizzo v. Health Research, Inc.*,
    2016 WL 632546 (N.D.N.Y. Feb. 16, 2016) ..........................................13

*Robinson v. Watts Detective Agency, Inc.*,
    685 F.2d 729 (1st Cir. 1982).....................................................................8

*Rowland v. Am. Gen. Fin., Inc.*,
    340 F.3d 187 (4th Cir. 2003) ..................................................................12

*Russo v. Peikes*,
    71 F.R.D. 110 (E.D. Pa. 1976), *aff'd,* 547 F.2d 1163 (3d Cir. 1977) ....................................15

*United States v. Beck*,
    418 F.3d 1008 (9th Cir. 2005) ..................................................................7

*United States v. Cuti*,
    720 F.3d 453 (2d Cir. 2013).......................................................................7

*United States v. Franklin*,
    415 F.3d 537 (6th Cir. 2005) .....................................................................6

*United States v. Harris*,
    557 F.3d 938 (8th Cir. 2009) ..................................................................15

*United States v. Hickey*,
    917 F.2d 901 (6th Cir. 1990) .....................................................................7

*United States v. Jamil*,
    707 F.2d 638 (2d Cir. 1983).......................................................................9

*United States v. Ozsusamlar*,
    428 F. Supp. 2d 161 (S.D.N.Y. 2006).......................................................9

*United States v. Rubin*,
    37 F.3d 49 (2d Cir. 1994)...........................................................................9

*Weiss v. Chrysler Motors Corp.*,
    515 F.2d (2d Cir. 1975).............................................................................15

## Other Authorities

28 Fed. Prac. & Proc. Evid. § 6163 (2d ed.) .............................................................10

Fed. R. Bankr. P. 7037 ...................................................................................................12

Fed. R. Bankr. P. 9014 ...................................................................................................12

Fed. R. Civ. P. 26 ..............................................................................................................1

Fed. R. Civ. P. 26(a) ......................................................................................................12

Fed. R. Civ. P. 26(a)(3) ..................................................................................................11

Fed. R. Civ. P. 26(e)(1)(B) ............................................................................................11

Fed. R. Civ. P. 37 ...........................................................................................................14

Fed. R. Civ. P. 37(c)(1) ............................................................................................ *passim*

Fed. R. Evid. 102 ...........................................................................................................11

Fed. R. Evid. 403 .....................................................................................................8, 9, 10

Fed. R. Evid. 602 .....................................................................................................6, 7, 8

Fed. R. Evid. 611 .......................................................................................................8, 10

6 *Moore's Federal Practice,* § 26.27 [2][d] ................................................................13

Wright & Miller, Federal Practice & Procedure § 5223 n. 36 (2d ed.) ........................10

Participating Claimants, as set forth on Exhibit A to the November 18, 2016 Certification

of Helen Davis Chaitman,[1] through their attorneys, Chaitman LLP, respectfully submit this

memorandum of law in opposition to the Trustee's Motion *in Limine* to Exclude Testimony of

Robert Blecker (ECF Nos. 17092, 17093).

## PRELIMINARY STATEMENT

On April 18, 2017, Participating Claimants disclosed in open court that, because Arthur

Blecker, now 106 years old, might be unable to testify in the profit withdrawal evidentiary hearing

due to his age, his son Robert Blecker might testify.  (April 18, 2017 Transcript at 76:7-20, 79:24-

80:3, 81:1-22).[2]  Although pretrial disclosures had been exchanged in September 2016, the Court

accepted this disclosure and granted the Trustee leave to depose Robert Blecker in advance of the

evidentiary hearing.  (*Id.*).  In May 2017, the undersigned confirmed to the Trustee that Robert

Blecker had personal knowledge of his father's accounts and that he would testify.  (May 8-9, 2017

email exchange, Jan. 12, 2018 Chatiman Cert., Ex. B).  The undersigned offered the Trustee the

opportunity to depose Robert Blecker in June 2017.  (*Id.*).  The Trustee chose not to depose Robert

Blecker, just as the Trustee declined to depose Aaron Blecker in August 2014.

The Trustee now argues that Participating Claimants should be barred from calling Robert

Blecker because they never timely disclosed Robert Blecker as a witness, and because the Trustee

never deposed Robert Blecker.  There is no basis to exclude Robert Blecker's testimony under the

Federal Rules.  The April 2017 disclosure, which was accepted by the Court, constitutes a timely

disclosure under Federal Rule of Civil Procedure 26.  And even if this Court-approved disclosure

could somehow be considered untimely, Participating Claimants should not be barred from calling

---

[1]  All citations to exhibits in this Memorandum are to the November 18, 2016 Certification of
Helen Davis Chaitman unless otherwise indicated.

[2]  Attached to the January 12, 2018 Certification of Helen Davis Chaitman as Exhibit A.

Robert Blecker because the Trustee has had nine months to depose him, but he deliberately chose not to do so. *See* Fed. R. Civ. P. 37(c)(1) (sanctions only available if untimely disclosure was not substantially justified or harmless).

The Trustee claims that the April 2017 disclosure somehow represents unfair gamesmanship, but the reality is that it is the Trustee who is playing games. It was not until November 2017 that the evidentiary hearing was even scheduled. At the conference scheduling the evidentiary hearing, the Trustee did not give the remotest suggestion that he wanted to take additional discovery or that he would oppose the admission of Robert Blecker's testimony. The Trustee had nine months to depose Robert Blecker. It is only now, on the eve of trial, that the Trustee protests the admission of Robert Blecker's testimony for the first time. The Trustee's motion should be seen for what it is, and it should be denied.

## STATEMENT OF FACTS

### I.    The Trustee denied Aaron Blecker's SIPC claim

In July 2009, Aaron Blecker, with the help of his son Robert Blecker, filed a SIPC claim for $2,213,889.50. (*See* Ex. C). By letter dated October 2009, the Trustee denied Blecker's claim on Account No. 1B0022/1B015630. (*See* Ex. D). We have to assume that the Trustee did not deny Blecker's claim in a factual vacuum and that the Trustee based his determination upon an examination of all of the debtor's business records. Although the Trustee's records indicate that the account was opened in 1981, the Trustee gave Blecker no credits for deposits made prior to September 22, 1986 and informed Blecker that the account was opened in 1986 (when, in fact, it was opened in 1981) and, during the period from September 22, 1986 on, Blecker deposited only $200,000 and withdrew $261,633.94. (*Id.*). The Trustee claims that the $261,633.94 represented profit withdrawals that were sent to Blecker from November 1986 through April 1997. (*Id.* at 4-6).

The Trustee made this claim even though his own expert, Lisa Collura, admitted that the Trustee does not have a single document evidencing a payment to Blecker. (*See* Ex. E, attachments D.17 and D.18) (admitting that there is no documentary evidence that the Bleckers received profit withdrawals in (a) Madoff's bank records, (b) Madoff's customer files, or (c) in any documents received by the Trustee from third parties). The Trustee notified Blecker that, if he disagreed with the claim determination, he had to file a written request for a hearing within 30 days. Blecker filed a timely request for a hearing. (*See* Ex. F). On October 19, 2010, Blecker wrote a letter to Judge Lifland objecting to the Trustee's denial of his claim in which he explained:

> I never withdrew a penny or received anything of value from anyone. . . . When Madoff's fraud was exposed, I had over $2.5 million in the account. I filed for SIPC protection with all supporting documents in a timely fashion. I have repeatedly requested the trustee to supply evidence (which they cannot because it can't exist) that I ever instructed Madoff to buy anything, or endorsed a check or received stock or anything of value for my original investment from my accounts.

(*See* Ex. G).

Blecker wrote another letter to Judge Lifland, dated November 2, 2009, in opposition to the Trustee's determination. (Ex. H). In that letter he explained that, in all the years he and his wife had accounts with Madoff, they never took out any money or requested any withdrawals. He asked that the original checks that the Trustee claimed were sent to Blecker be produced by the Trustee so that he could look at the backs of the checks to see where they were deposited.

By letter dated May 10, 2010, (Ex. I), the Trustee wrote to Blecker rejecting his claim for Account No. 1B0156, claiming that there was a zero balance in the account because of the following transfers:

| Date | Transferor Account | Amount | Value in the Trustee's view |
|------|--------------------|--------|-----------------------------|
| 4/24/97 | 1B002210 | 206,528.75 | 0 |
| 6/5/07 | 1B015730 | 1,459,343.06 | 0 |

| Date | Transferor Account | Amount | Value in the Trustee's view |
|------|--------------------|--------|-----------------------------|
| 9/19/07 | 1B015730 | 1,666,664.08 | 0 |
| Total | | 3,332,535.89 | 0 |

According to the Trustee's expert, if the Court finds that Blecker never withdrew any funds from his accounts, Blecker would have a net loser claim of $558,868. (*See* Greenblatt II at 24, Ex. J). It is this claim that Blecker is willing to resolve in exchange for a SIPC payment of $500,000 so that payment of his claim would not deprive other net losers of a dollar of compensation.

## II.   The Trustee has been aware for several years that Aaron Blecker may be unavailable to testify at trial

On April 29, 2014, Aaron Blecker submitted a declaration in support of his motion to compel the Trustee to allow his claim, indicating that he never withdrew any monies from his Madoff accounts. (*See* Ex. K). After the Court denied that motion, during a June 2014 hearing, the Court suggested that Aaron Blecker be deposed on the profit withdrawal issues given his age. (*See* June 19, 2014 Transcript at 33:2-16, ECF No. 7249, Ex. S). Thus, as of at least June 2014, it has been obvious to the Trustee that Aaron Blecker might be unavailable for trial and he should take steps to preserve his testimony. The undersigned moved promptly to notice Blecker's deposition. (*See* June 20, 2014 Notice of Deposition and June 23, 2014 Amended Notice of Deposition, Ex. L). Blecker was deposed on July 1, 2014 in his home. Robert Blecker was present for that deposition. (*See* ECF No. 14477 ¶ 7, November 16, 2016 Declaration of Robert Blecker).

At the time of his deposition, Aaron Blecker was 103 years old. The Trustee, of course, attended the deposition by counsel, who conducted a limited cross-examination. (*See* July 1, 2014 Transcript of Deposition of Aaron Blecker, ECF No. 14359-11). Had the Trustee simply asked Aaron Blecker at the deposition whether there was anyone else who might have knowledge about his Madoff accounts, or if anyone else in his family had Madoff accounts, the Trustee would have recognized that Robert Blecker might have relevant information.

III.    **The Trustee never sought to depose Robert Blecker during discovery and discovery closed before pretrial disclosures were exchanged**

Discovery in the profit withdrawal litigation was court-ordered to close on March 15, 2016, prior to the required exchange of pretrial witness lists.  On March 14, 2016, the Trustee moved to extend discovery by 90 days "in order to permit him the opportunity to seek to depose BLMIS employees with firsthand knowledge of the Profit Withdrawal Issue." (*See* ECF No. 12865 at 2, Ex. N).  The Trustee did not seek to extend discovery to depose any other fact witnesses. (*See id.*).  The Court granted the Trustee's request, extending discovery to June 13, 2016 for the limited purpose of taking depositions of BLMIS employees. (*See* ECF No. 13038).  Pretrial disclosures were exchanged on September 30, 2016, after discovery had closed. (ECF No. 13038).

IV.    **Robert Blecker has been known to the Trustee since at least July 1, 2014 and he was disclosed as a witness in April 2017, well in advance of trial**

Robert Blecker has been known to the Trustee since at least July 1, 2014, when he was present for his father's deposition. (*See* ECF No. 14477 ¶ 7, November 16, 2016 Declaration of Robert Blecker).  In November 2016, in opposition to the Trustee's motion *in limine* Number 3 to Exclude Deposition Testimony of Aaron Blecker, Robert Blecker submitted a declaration indicating, among other things, that his father "never withdrew a penny from his Madoff account and lost hundreds of thousands of dollars he had set aside for his great grandchildren's education . . ." (*Id.* ¶ 6).  During a hearing on the *motions in limine* in April 2017, the undersigned informed the Court that Robert Blecker, due to his father's unavailability, could testify concerning his father's account.  (January 12, 2018 Chaitman Cert., Ex. A at 76:7-20, 79:24-80:3, 81:1-22).  The Court indicated that this would be appropriate so long as the Trustee was offered an opportunity to take his deposition.  (*Id.*).  On May 8, 2017, the undersigned informed the Trustee that she had spoken to Robert Blecker and confirmed that he had sufficient personal knowledge relevant to his father's accounts.  (*See id.*, Ex. B).  The undersigned indicated that Robert Blecker would be

available for his deposition in June 2017. (*Id.*). The Trustee fails to disclose this exchange in his moving papers.

The Trustee did not meaningfully respond to the undersigned's offer until May 24, 2017, at which time he demanded, as conditions of taking Robert Blecker's deposition, that (a) first, a note from Aaron Blecker's doctor be produced indicating his unavailability, and, (b) second, a proffer as to Robert Blecker's firsthand knowledge. (*id.*., Ex. C). The Court never imposed these conditions on the taking of Robert Blecker's deposition or the admissibility of his testimony. (*Id.*, Ex. A at 76:7-20, 79:24-80:3, 81:1-22). The Trustee simply made these demands to further harass the family of a 106 year-old man.[3] The Trustee never noticed Robert Blecker's deposition and he never moved forward with the deposition. The Trustee now asserts that somehow it would constitute "surprise and gamesmanship" for Robert Blecker to testify at trial.

## ARGUMENT

### I.    Robert Blecker is a competent witness

The Trustee's threshold argument is that Robert Blecker is not a competent witness under Federal Rule of Evidence 602 because he lacks "personal knowledge on relevant issues in this proceeding." (ECF No. 17092 at 3). This argument overstates what Rule 602 requires. Rule 602 merely requires a proponent of a witness's testimony to show "that the witness has personal knowledge of that matter." Fed. R. Evid. 602. The threshold for admitting testimony under this Rule is "low." *See United States v. Franklin*, 415 F.3d 537, 549 (6th Cir. 2005) (internal marks omitted). The witness's knowledge need not be "positive or rise[] to the level of absolute certainty." *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc.* 681 F.2d 930, 932 (4th Cir.1982) (allowing testimony regarding purchase price even though witness "did not state definitely that he

---

[3] The undersigned may have had a telephone conference with the Trustee about these matters, however, it is not clear at this time why the Trustee never went forward with Robert Blecker's deposition.

personally discussed the purchase price"). Rather, Rule 602 is satisfied so long as evidence suggests that the witness thinks he actually perceived or observed that to which he testifies. *United States v. Cuti*, 720 F.3d 453, 458-59 (2d Cir. 2013) (a witness's testimony "may consist of what the witness thinks he knows from personal perception"); *M.B.A.F.B.I*, 681 F.2d at 932 (holding that testimony is admissible unless the court "finds that that witness could not have actually perceived or observed that which he testifies to"). Evidence should only be excluded under Rule 602 "if no reasonable . . . [factfinder] could believe that the witness had the ability and opportunity to perceive the event he testifies about." *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990).

Here, Robert Blecker meets the "low" standard of personal knowledge required for competency under Rule 602 and this Court can certainly hear his testimony and determine whether it is credible. If the Court finds that Robert Blecker's testimony is inadmissible, the Court will so rule. Having declined the invitation to depose Robert Blecker, the Trustee has no right, at this time, to move to exclude his testimony.

Lay-witness testimony is admissible where it is based upon personal observation and recollection of facts. The Trustee's arguments about Robert Blecker's level of knowledge simply go to the weight the Court should afford his testimony, not its admissibility. *United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (the extent to which the witness had the opportunity to properly observe and perceive the events "goes to weight of testimony, not to its admissibility"); *Clayton v. Eli Lilly & Co.*, 421 F. Supp. 2d 77, 81 (D.D.C. 2006) ("[T]he reliability of [witness's] memory goes to the weight of the evidence. Memory gaps and doubts caused by the lapse of time go to the weight to be given the testimony, and accordingly constitute a matter for the jury.") (citation omitted).

The trustee further argues, without having chosen to depose Robert Blecker, that some unidentified aspects of his testimony *might* be objectionable on the basis of hearsay. (ECF No. 17092 at 4). Certainly, to the extent any of Robert Blecker's testimony is derived from his conversations or personal observations of his father, this is a proper basis for personal knowledge. For example, Judge Posner, in *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989), in holding that a business executive could testify as to his perception of various products his company sold even though his knowledge came from engineers instead of from first-hand inspection, explained:

> All perception is inferential, and most knowledge social; since Kant we have known that there is no unmediated contact between nature and thought. Knowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602, rather than hearsay, which is repetition of a statement made by someone else – a statement offered on the authority of the out-of-court declarant and not vouched for as to truth by the actual witness. Such a statement is different from a statement of personal knowledge merely based, as most knowledge is based, on information obtained from other people.

*Id.*; *Robinson v. Watts Detective Agency, Inc.*, 685 F.2d 729, 739 (1st Cir. 1982) ("Most knowledge has its roots in hearsay").

In sum, having deliberately chosen not to depose Robert Blecker, the Trustee has no basis to ask the Court to bar him from testifying. Any evidentiary objections can be resolved at trial.

## II.   **The Trustee cannot make the extraordinary showing to exclude Robert Blecker's testimony under Rule 403**

After completely distorting the "personal knowledge" requirement of Rule 602, the Trustee argues that Robert Blecker's testimony should be excluded as cumulative under Federal Rules of Evidence 403 and 611. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is **substantially** outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." Fed. R. Evid. 403 (emphasis added). "Because Rule 403 permits the exclusion of probative evidence, it is an **extraordinary remedy** that must be used sparingly." *George v. Celotex Corp.,* 914 F.2d 26, 31 (2d Cir. 1990) (emphasis added). In conducting a balancing analysis under Rule 403, courts "must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Rubin*, 37 F.3d 49, 53 (2d Cir. 1994) (internal quotations and citation omitted); *see also United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006) ("The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.").

Rule 403 requires a prohibitively high showing that the Trustee cannot make. The Trustee cannot establish that the probative value of Robert Blecker's testimony is "**substantially outweighed by a danger . . . of . . . needlessly presenting cumulative evidence.**" *See* Fed. R. Evid. 403 (emphasis added). On the contrary, Robert Blecker is the only live witness that Participating Claimants intend to call and he is the only witness who will offer testimony corroborating Aaron Blecker's deposition testimony. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) (when conducting an analysis under Rule 403, courts must consider evidentiary alternatives). The Trustee cannot be serious that the probative value of this testimony is substantially outweighed by a danger that this evidence will be cumulative.

Nor can the Trustee argue that Robert Blecker's testimony will be cumulative of evidence that has yet to be admitted. "Evidence is cumulative when it replicates other *admitted* evidence." *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) (emphasis added); *see also Int'l Minerals & Res., S.A. v. Pappas,* 96 F.3d 586, 596 (2d Cir. 1996) ("A district judge has discretion to exclude evidence if it is cumulative of evidence **already in the record.")** (emphasis added). At the present time, there is **no** admitted evidence. Thus, the Trustee's Motion cannot be supported by Rule 403

and it must be denied or deferred. *See Jamil*, 707 F.2d at 643 ("At this stage of the litigation, when the trial has not yet commenced . . . it is premature to conclude that this evidence is cumulative."); *Ali v. Connick*, 2016 WL 3002403, at *4 (E.D.N.Y. May 23, 2016) ("[T]he court cannot predict when Defendants' evidence will become cumulative because the court does not know what evidence Defendants will present. Should Defendants cross the line at trial, Plaintiff should renew his challenge then."); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 184 (S.D.N.Y. 2008) ("[T]he Court may alter its decision on the admissibility of specific testimony when the context of the trial renders more apparent whether such testimony is sufficiently relevant.") (citing *Luce v. U.S.*, 469 U.S. 38, 41 (1984)).

For similar reasons, the Trustee's motion cannot be supported by Rule 611. That Rule vests the Court with "reasonable control over the mode and order of examining witnesses and presenting evidence." Fed. R. Evid. 611. But Rule 611 is not a rule of admissibility. Rule 611 "provides no basis for excluding what is otherwise admissible evidence." 28 Fed. Prac. & Proc. Evid. § 6163 (2d ed.); *see also id.* (it is "Rule 403 and not Rule 611 that supplies the power" to exclude admissible evidence). Thus, because Robert Blecker is a competent witness, Rule 611 provides no basis for excluding his testimony.

A.    It would be unfair to exclude the testimony of Robert Blecker under Rule 403

The Trustee effectively asks this Court to allow the Trustee to put on the testimony of expert witnesses who lack any firsthand knowledge while denying Participating Claimants the opportunity to introduce live testimony of a fact witness regarding that same information. This would be fundamentally unfair and would contravene Rule 403. *See, e.g.*, *Goldberg v. Nat'l Life Ins. Co. of Vermont*, 774 F.2d 559, 565 (2d Cir. 1985) ("Rule 403 requires even-handedness."); Wright & Miller, Federal Practice & Procedure § 5223 n. 36 (2d ed.) ("[It is] hard to justify use of Rule 403 to exclude evidence of the same type already admitted for opponent."). The Federal

Rules of Evidence "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." *See* Fed. R. Evid. 102. It would not be fair to exclude Robert Blecker's testimony, and it would undermine the truth-seeking function of the Court.

### III. Robert Blecker was timely disclosed as a witness

The Trustee argues that Robert Blecker was not timely disclosed as a witness because he was not disclosed in the September 2016 pretrial disclosures. (ECF No. 17092 at 4-5). According to the Trustee, therefore, Robert Blecker's testimony should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1). This argument is without merit.

Robert Blecker was disclosed as a witness as early as April 2017, nine months before trial. Pursuant to Federal Rule 26(a)(3), the rule governing pretrial disclosures, "[u]nless the Court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3). The Trustee takes the position that, because pretrial disclosures were exchanged in September 2016 – 15 months before a trial that was not even scheduled until over a year later – any subsequent disclosures – even with leave of court – are necessarily untimely. However, the scheduling orders in this proceeding, relied on by the Trustee, do not impose a disclosure deadline of September 2016. (*See* ECF Nos. 13619 ¶ 10, 13038 ¶ 20). And those orders specifically indicate – of course – that they "may be modified by the Court *sua sponte* or at the request of any party for good cause shown." (*See* ECF Nos. 13619 ¶ 10, 13038 ¶ 20).

Consistent with its authority under the scheduling orders and Rule 26(a)(3) – *"[u]nless the Court orders otherwise"* – the Court permitted disclosure of Robert Blecker in April 2017. *See also* Fed. R. Civ. P. 26(e)(1)(B) (supplemental disclosures may be ordered by the court). Thus, the Court's leave in April 2017 was all that was necessary for a proper and timely disclosure. *See*

*Kullman v. New York*, 2009 WL 1562840, at *6 (N.D.N.Y. May 20, 2009) ("This requirement could have been met here by, for example, a simple declaration by plaintiffs that they might also call Rudge as a witness at trial either in a letter, electronic mail, on-the-record during another deposition or court proceeding, or the like."); *see also Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003) (no abuse of discretion when district court permitted party to submit pretrial disclosures 28 days before trial and one witness who testified was not disclosed). Thus, there is no basis for the Trustee to argue that the court-approved disclosure of Robert Blecker nine months before trial was untimely.

## IV.     **Even if Robert Blecker's disclosure was untimely (which it was not), the delay was harmless**

Robert Blecker's testimony should not be excluded under Federal Rule of Civil Procedure 37(c)(1). Rule 37(c)(1), made applicable by Fed. R. Bankr. P. 9014 and 7037, grants the court discretion to impose sanctions "'[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Even if Robert Blecker was not timely disclosed (which he was), his testimony should not be excluded because the fact that his disclosure occurred in April 2017 rather than September 2016 was harmless. As set forth above: (a) it has been obvious for several years that Aaron Blecker, who is now 106 years old, might be unavailable to testify; (b) the Trustee has known of Robert Blecker since July 1, 2014, when he was present at his father's deposition; (c) Robert Blecker submitted a declaration on November 16, 2016 in this proceeding that demonstrated personal knowledge of his father's Madoff accounts; (d) on April 18, 2017, the undersigned indicated that Robert Blecker might testify due to Aaron Blecker's unavailability, which the Court approved; and (e) on May 8, 2017, the undersigned offered the Trustee the opportunity to depose Robert Blecker, which deposition had been granted by leave of court, and it was the Trustee's conscious decisions not to take his deposition.

Thus, the fact that Robert Blecker was not disclosed in September 2016 was "substantially justified or harmless." *See* Fed. R. Civ. P. 37(c)(1). *See Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002) ("[A] a failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial.'") (quoting 6 Moore's Federal Practice, § 26.27 [2][d] at 26-93); *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 177 (S.D.N.Y. 2013) (holding that party's failure to disclose potential witnesses did not warrant preclusion of undisclosed witnesses affirmations on motion for summary judgment where the identities and scope of knowledge of the unidentified witnesses were known); *Rizzo v. Health Research, Inc.*, 2016 WL 632546, at *12 (N.D.N.Y. Feb. 16, 2016) (non-disclosure determined to be harmless when non-disclosure was of a party that plaintiff knew the identity of); *Lore v. City of Syracuse*, 2005 WL 3095506, at *2 (N.D.N.Y. Nov. 17, 2005) ("While it may be true that plaintiff failed to adhere to the letter of the discovery rules, the court is convinced that defendants were sufficiently aware of the existence and relevance of the persons in question so that defendants are not being subject to trial by ambush.").

The Trustee's argument that the failure to disclose Robert Blecker as a witness during pretrial disclosures prejudices the Trustee is disingenuous and illogical.  By the time pretrial disclosures were exchanged in September 2016, discovery had already closed.  Thus, even had Robert Blecker been disclosed as a witness in pretrial disclosures, the Trustee would still have had to depose Robert Blecker outside of the discovery period.  Considering the Court permitted this deposition in April 2017, and the undersigned offered it in May 2017, the Trustee has not been harmed.

Although the Trustee now claims that somehow it represents "surprise and gamesmanship" for Robert Blecker to testify, and that he is being "ambush[ed]" and "sandbagged,"  (ECF No.

17092 at 4), this hyperbole is belied by the record. In reality, it is the Trustee who now engages in gamesmanship by arguing that Robert Blecker should not be permitted to testify because the Trustee never deposed him during the discovery period. And it is most unprofessional for the Trustee to have concealed from the Court the fact that the undersigned offered the Trustee the opportunity to depose Robert Blecker in May 2017.

The Trustee's further bad faith is evidenced in that, in his *Motion in Limine* papers, he selectively misstates Federal Rule of Civil Procedure 37 to suggest that somehow an untimely disclosure necessarily mandates exclusion. (*See* ECF No. 17092 at 4-5) (quoting Fed. R. Civ. P. 37(c)(1)). The Trustee fails to quote the provision of the Rule that provides "in addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard" may order numerous lesser sanctions. *See* Fed. R. Civ. P. 37(c)(1). Thus, even if an untimely disclosure is not harmless or substantially justified, the Court has a wide range of discretionary sanctions available. Exclusion is not mandated, nor is it favored. *See, e.g., Fleet Capital Corp.*, 2002 WL 31108380, at *2 (observing that "[t]he 1993 Advisory Committee Notes [to Fed. R. Civ. P. 37(c)(1)] make clear that 'unduly harsh penalties' can and should be avoided").

### V.    Robert Blecker is a proper rebuttal witness

The Trustee concedes that Robert Blecker may be called for purposes of impeachment, but argues that, because he was not disclosed in pretrial disclosures, he cannot be called for rebuttal. (ECF No. 17092 at 5-7). As already explained, the April 2017 disclosure was a timely disclosure. And even if the disclosure was untimely, Federal Rule of Civil Procedure 37(c)(1), selectively misquoted by the Trustee, does not require this result. Again, that Rule vests the court with discretion to enter lesser sanctions.

The Trustee also argues, incorrectly, that rebuttal evidence cannot be offered where it could have been offered in a party's case-in-chief. (ECF No. 17092 at 5). This is a misstatement of the

law.  *See Brune v. Time Warner Entm't Co., L.P.*, 2004 WL 2884611, at *1 (S.D.N.Y. Dec. 14, 2004) (permitting rebuttal evidence from a witness not disclosed until mid-trial even though the witness could have testified during the case-in-chief).  In fact, in *Weiss v. Chrysler Motors Corp.* 515 F.2d at 458 (2d Cir. 1975), the Second Circuit ordered a new trial where rebuttal evidence was not admitted on rebuttal, even though it could have been offered in the party's case-in-chief.  *Id.* at 458-59.

None of the cases cited by the Trustee help his argument.  Instead those cases offer nothing more than out-of-context definitions or case snippets.  In *Ling-Rong Chen v. City of Syracuse*, 385 F. App'x 41, 42 (2d Cir. 2010), the district court permitted rebuttal testimony for purposes of impeachment, which the Second Circuit approved  on appeal, but the Second Circuit did not indicate that rebuttal testimony would be permitted only if offered for impeachment.  *Id.*  In *United States v. Harris*, 557 F.3d 938, 942 (8th Cir. 2009), a criminal case that is entirely inapposite, evidence was admissible as substantive evidence because it was rebuttal evidence (rather than impeachment evidence).  *Id.*

In *Russo v. Peikes*, 71 F.R.D. 110, 114 (E.D. Pa. 1976), *aff'd,* 547 F.2d 1163 (3d Cir. 1977), the trial court did not permit the plaintiff to introduce rebuttal evidence only because the rebuttal witness, an expert, was not disclosed or even retained by the plaintiff until the sixth day of defendants' case-in-chief.  *Id.*  Thus, defendants reasonably believed that plaintiff's case-in-chief was the entire case which they had to meet.  *Id.*  The Court also concluded that, because the expert was proffered to testify as to a point upon which a substantial contest could be anticipated, plaintiff's failure to present the testimony of an expert earlier in the case was not an inadvertent omission.  *Id.*  Thus, to have allowed plaintiff to introduce a rebuttal expert only first disclosed during defendants' case-in-chief would have given "plaintiff an unfair 'tactical advantage by a dramatic final statement on the issue.'"  *Id.* (citation omitted).

Here, in contrast, the Trustee should have been aware for years that Robert Blecker might testify due to his father's unavailability, and the undersigned informed the Trustee in April 2017 that Robert Blecker would testify. The Trustee had nine months to depose Robert Blecker and deliberately chose not to do so. Instead, the Trustee waited until the eve of trial to feign surprise.

## **CONCLUSION**

Robert Blecker should be permitted to testify. The Trustee's motion should be denied in its entirety.

January 12, 2018

**CHAITMAN LLP**

By:    */s/ Helen Davis Chaitman*
Helen Davis Chaitman
Gregory M. Dexter
465 Park Avenue
New York, New York 10022
Phone and Fax: (888) 759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Participating Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2018, I caused a true and correct copy of the foregoing document to be served upon the parties in this action who receive electronic service through CM/ECF and by electronic mail upon:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan, Esq.
Email: dsheehan@bakerlaw.com
Seanna R. Brown, Esq.
Email: sbrown@bakerlaw.com
Amy E. Vanderwal, Esq.
Email: avanderwal@bakerlaw.com

**SECURITIES INVESTOR PROTECTION CORPORATION**
1667 K Street NW, Suite 1000
Washington, D.C. 20006
Telephone: 202.371.8300
Facsimile: 202.223.1679
Kevin H. Bell, Esq.
Email: kbell@sipc.org

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ Helen Davis Chaitman
465 Park Avenue
New York, NY 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Participating Claimants*