# EXHIBIT A

**Page 1**

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  CASE NO. 08-01789-smb
4  - - - - - - - - - - - - - - - - - - x
5  SECURITIES INVESTOR PROTECTION
6  CORPORATION
7  v.
8  BERNARD L. MADOFF INVESTMENT
9  SECURITIES, LLC, et al,
10         Debtors.
11 - - - - - - - - - - - - - - - - - - x
12
13                    U.S. Bankruptcy Court
14                    One Bowling Green
15                    New York, New York
16
17                    April 18, 2017
18                    2:05 PM
19
20
21 B E F O R E :
22 HON. STUART M. BERNSTEIN
23 U.S. BANKRUPTCY JUDGE
24
25 ECRO:   Unidentified

Page 2

```
 1   Trustee's Motion in Limine Excluding Certain Testimony from
 2   the Blums
 3
 4   Trustee's Motion in Limine Excluding Testimony of Aaron
 5   Blecker
 6
 7   Trustee's Motion in Limine Excluding Himself as Witness
 8
 9   Participating Claimants' Motions in Limine Precluding
10   Experts Greenblatt and Collura
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   Transcribed by:  Sherri L. Breach, CERT*D-397
```

1           THE COURT:  Do you have the documents with the
2      handwritten notations?
3           MS. FEIN:  Yeah.  Yes.
4      (Pause)
5           MS. FEIN:  We have -- permission to approach?
6      (Pause)
7           MS. CHAITMAN:  You know, Judge, I just want to say
8      something.  I have to check because I'm not sure these were
9      -- under the pretrial order the trustee had to designate
10     exhibits by a certain date and the trustee then supplemented
11     that without a court order.  And I would oppose admission of
12     any documents that were not included in the exhibit list at
13     the time it was required to be served.  I don't know if
14     these are within that category.
15          MS. FEIN:  No.  These are (indiscernible).
16          THE COURT:  I --
17          MS. FEIN:  (Indiscernible).
18     (Pause)
19          THE COURT:  Where does it say that a transaction
20     is a PW transaction on this?
21          MS. FEIN:  PW transaction --
22          THE COURT:  Oh, I see.
23          MS. FEIN:  -- (indiscernible).
24          THE COURT:  Is this the form in which they were
25     turned over by Mr. Blecker or Mr. Blecker's --

1              MS. FEIN:  That's correct.  And some of these

2     documents not from the relevant time period, but some

3     statements from 2007 have identical handwritten notes that

4     were in connection with Mr. Blecker's customer claim in

5     February 2009 and are on Ms. Chaitman's pretrial exhibit

6     list as well in connection with that claim.

7              THE COURT:  Well, you know, if this is the way

8     they were turned over I will receive them in evidence and

9     the two of you can argue about what they mean.  I'll give

10    you the option to have Mr. Blecker testify.  I realize he's

11    106.

12             MS. CHAITMAN:  He can't testify.

13             THE COURT:  Well --

14             MS. CHAITMAN:  His son can testify if that's --

15             THE COURT:  Well, can his son testify about the

16    handwritten notations?

17             MS. CHAITMAN:  Possibly.  I would have to ask him.

18             THE COURT:  Okay.  All I'm saying is if that's the

19    way they turned over, I'll receive them and you can talk

20    about what they mean.

21             And I'll reiterate that I had a problem with Mr.

22    Blecker's testimony because he testified that, you know, he

23    never took a withdrawal from that account.  The money was on

24    deposit for something like 15 years.  I don't remember the

25    time.  And then he pulled out $206,000 at the time.

Page 77

1            MS. CHAITMAN:  Here's the thing, Your Honor --
2            THE COURT:  I just -- I just want you to know
3    that.
4            MS. CHAITMAN:  No.  No.  No.
5            THE COURT:  And I've said it before.
6            MS. CHAITMAN:  I know.  I understand that.  But
7    you have to appreciate that when the trustee filed their
8    papers in this case -- on these motions they did not
9    disclose that Mr. -- they represented in their papers that
10   Blecker opened an account in 1986.  In fact, now they've
11   conceded that he opened an account in 1981.  And they've
12   never produced a full set of the documents for that account.
13   So there's a mystery as to what happened with that account
14   that was started in 1981.  The trustee, I assume, doesn't
15   have the records.  I only got four or five statements in a
16   mass of documents.
17           So we don't have complete records.  And I think
18   it's unfair to draw a conclusion for -- about what Mr.
19   Blecker is saying --
20           THE COURT:  Well --
21           MS. CHAITMAN:  -- because let me just say this,
22   Your Honor.
23           THE COURT:  Go ahead.  All I'm saying is --
24           MS. CHAITMAN:  Imagine if --
25           THE COURT:  -- if that's all the testimony that

1    I'm going to hear on this or see on this, I raised this
2    issue before.  We're talking about a single account,
3    $200,000 was deposited over a period of years.  He said
4    that.  He never withdrew anything because it was such a good
5    investment and at the end of the day he withdrew $206,000.
6    It just doesn't quite jive.
7             MS. CHAITMAN:  But the -- in the entire -- we
8    don't know what transfers were made to this other account
9    which the trustee had never produced documents on except for
10   four statements.
11            THE COURT:  This other account being some account
12   other than the $200,000 account?
13            MS. CHAITMAN:  Yes.  He had a separate account.
14            THE COURT:  Well, does the $200,000 account
15   reflect any transfers to that account?
16            MS. CHAITMAN:  In the statements that I have no,
17   but I don't know.  We -- how do you reconstruct something
18   from 1981?  The fact is the trustee has not produced a
19   complete set of the records --
20            THE COURT:  But --
21            MS. CHAITMAN:  -- for that account.
22            THE COURT:  -- I thought he opened the account we
23   were discussing in 1986.
24            MS. CHAITMAN:  He had a joint account in 1981.
25            THE COURT:  Right.

08-01789-cgm   Doc 17126-2   Filed 01/12/18   Entered 01/12/18 15:56:05   Exhibit A
Pg 8 of 12

Page 79

1     MS. CHAITMAN: He opened a new joint account that
2     wasn't a transfer into from the other account.
3     THE COURT: Was that the $200,000?
4     MS. CHAITMAN: Right. And the -- he's -- the
5     trustee has never produced, I assume the trustee doesn't
6     have them, the records showing what happened with that other
7     account. So we're dealing with events that occurred 20, you
8     know, seven years ago and the trustee doesn't have a
9     complete record.
10    And, you know, interestingly enough, Judge, other
11    than the PWs that the trustee is claiming for which there's
12    no documentary evidence, not a shred of evidence and Collura
13    admits this, Blecker never took any withdrawals. The
14    trustee doesn't claim he took any withdrawals. The only
15    withdrawals that the trustee claims he took were profit
16    withdrawals. And that's -- this man has always taken the
17    position long before I even knew him that he never took
18    money out of this account.
19    THE COURT: I know that's his position.
20    All right. As I said, I'll -- you know, if he
21    can't testify then I'll just receive those documents in the
22    manner in which they were produced and you can argue over
23    what they mean.
24    MS. CHAITMAN: And I will speak to his son and see
25    if his son has any personal knowledge.

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1            THE COURT:  Is he on the witness list?

2            MS. CHAITMAN:  No, he's not, but I'm producing him

3    in lieu of --

4            THE COURT:  And by the way, I don't know if this

5    -- and I raised this the last time, this doesn't really

6    relate to the omnibus proceeding so much as it relates to

7    his individual proceeding.

8            As I said all that will come out of the omnibus

9    proceeding is I will or will not accept an inference that,

10   you know, the PW means what it says subject to hearing from

11   individual customers in other cases.

12           MS. CHAITMAN:  We've actually done that already

13   because we went through an opt-out procedure where all --

14   the only people who were before you on this issue are the

15   people who've said we didn't take out withdrawals.  So --

16           THE COURT:  Well, if you want me to try -- the

17   trustee has offered to try this case right after your --

18   right after the -- or as part of this proceeding.

19           MS. CHAITMAN:  Yes.  And that's what I --

20           THE COURT:  You want to do that?

21           MS. CHAITMAN:  Yes.

22           THE COURT:  Okay.

23           MS. CHAITMAN:  Yes.

24           THE COURT:  So we'll do Blecker, but not the Blums

25   as part of this proceeding.

Page 81

```
 1              MS. CHAITMAN:  Okay.  And what I would suggest,
 2   Your Honor, is I will talk to Mr. Blecker's son and if he
 3   has personal knowledge of this then I'll offer his
 4   deposition --
 5              THE COURT:  Well, they'll --
 6              MS. CHAITMAN:  -- to the trustee.
 7              THE COURT:  Okay.
 8              MS. CHAITMAN:  Okay.
 9              THE COURT:  As long as they have an opportunity to
10   depose him.
11              MS. CHAITMAN:  I beg your pardon.
12              THE COURT:  As long as they have an opportunity to
13   depose him.
14              MS. CHAITMAN:  Yes.  Yes.
15              THE COURT:  All right.  So with respect to your
16   motion -- this motion I've resolved it.  I'm just saying
17   that I'll take the documents.  You know, you're arguing
18   whether he's unavailable.  If you want to put in evidence
19   upon availability, fine, but he is 106 years old.
20              MS. CHAITMAN:  I can get a doctor's letter if you
21   want that, Your Honor.
22              THE COURT:  All right.
23              MS. FEIN:  One item.
24              THE COURT:  Oh, take your documents back.
25              MS. FEIN:  Okay.  Certainly.
```

1          We would be happy to accept a doctor's note.  That
2    hasn't been put forward yet.  But we did have -- we included
3    a document that was an article that he was featured in about
4    his potential (indiscernible).  He's been --
5          THE COURT:  So if it's in the press it must be
6    true.
7      (Laughter)
8          MS. FEIN:  I certainly wouldn't ascribe to that
9    philosophy.
10         THE COURT:  Last time I said that I got in a
11   little trouble.
12         MS. FEIN:  He was interviewed again in an article
13   published in 2017.  He said he enjoyed very good health.  I
14   certainly wouldn't hold that against him.  I mean, he's
15   fortunate that hopefully he's in that position that he
16   doesn't take any medications, except baby aspirin and he was
17   making doctor's appointments 4/20/17.  So that informed, you
18   know, our basis for moving forward with this.  It was not
19   intended to harass Mr. Blecker.
20         THE COURT:  But you said you would accept a
21   doctor's note?
22         MS. FEIN:  Depending on the context of the note
23   and depending on what it said, that was part of our
24   stipulation.
25         THE COURT:  Well, why don't we deal with this

Page 83

1   issue at trial?  Take your documents back, though.

2            Okay.  Last, this is the motion to exclude the

3   trustee as a witness.

4            MS. VANDERWAL:  Good afternoon again, Your Honor.

5   Amy Vanderwal for the trustee.

6            We have reached the final motion of today.  The

7   participating claimants represented by Chaitman, LLP

8   indicated in pretrial disclosures that they intend to call

9   the trustee as a witness at trial.

10           Your Honor, this Court should exclude such

11  testimony because it is cumulative and duplicative of

12  testimony that will be offered by the experts.  It should be

13  excluded under Federal Rule of Evidence 403.

14           To the extent it's not cumulative it is -- the

15  trustee's personal knowledge relates to his legal position

16  which is either privileged or as has already been made

17  available to this Court in our papers.  And finally the

18  request for such testimony is from the face of Mr. Blecker

19  it was intended to harass the trustee.

20           THE COURT:  Is the trustee going to testify at

21  trial?

22           MS. VANDERWAL:  No.  Well, our -- we do not

23  identify him as a witness.  We do not believe he has

24  personal knowledge regarding the omnibus issue regarding --

25  that he could provide testimony on.