**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD M. GLANTZ, et al.,<br><br>Defendants. | Adv. Pro. No. 10-05394 (SMB) |

**STIPULATION AND ORDER DISMISSING CERTAIN DEFENDANTS AND CONSENTING TO TRUSTEE'S FILING OF SECOND AMENDED COMPLAINT**

**WHEREAS**, on December 9, 2010, Irving H. Picard as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated chapter 7 estate of Bernard L. Madoff individually, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court against defendants Richard

M. Glantz, EJS Associates, L.P., Jelris & Associates, L.P., Grace & Company, the Richard M. Glantz 1991 Living Trust, the Glantz Family Foundation, Inc., the Edward R. Glantz Living Trust, the Estate of Edward R. Glantz, Lakeview Investment, LP, Vista Management Co., Elaine Ostrin, the Thelma Glantz Living Trust, the Estate of Thelma Glantz, the Glantz-Ostrin Trust I, the Glantz-Ostrin Trust II, Austin Bosarge, Merlin & Associates, Ltd., and Enhancement Group, and other defendants that were subsequently dismissed from the Adversary Proceeding; and

**WHEREAS**, on January 9, 2015, the Trustee filed an amended complaint (the "Amended Complaint") against the above-listed defendants; and

**WHEREAS**, on May 1, 2015, the above-listed defendants filed a Motion to Dismiss the Amended Complaint, and briefing on the Motion to Dismiss the Amended Complaint was completed on October 9, 2015; and

**WHEREAS**, after the above-listed defendants filed their Motion to Dismiss the Amended Complaint, they provided certain representations, statements, and materials concerning their financial resources and other issues (the "Defendants' Representations") to the Trustee for the Trustee's consideration; and

**WHEREAS**, in reliance on the Defendants' Representations, the Trustee in the exercise of his due and deliberate discretion has determined (i) to dismiss defendants the Richard M. Glantz 1991 Living Trust, the Edward R. Glantz Living Trust, the Thelma Glantz Living Trust, the Glantz-Ostrin Trust I, Enhancement Group, and Merlin & Associates, Ltd. (the "Dismissed Defendants") from the Adversary Proceeding and (ii) to add, to the remaining defendants, an additional defendant, Law & Mediation Offices of Richard M. Glantz, a Professional Corporation ("Richard Glantz Law Office") (the remaining defendants Richard M. Glantz, EJS Associates, L.P., Jelris & Associates, L.P., Grace & Company, the Glantz Family Foundation,

2

Inc., the Estate of Edward R. Glantz, Lakeview Investment, LP, Vista Management Co., Elaine Ostrin, the Estate of Thelma Glantz, the Glantz-Ostrin Trust II, and Austin Bosarge, plus the new defendant, Richard Glantz Law Office, are, collectively, the "Defendants," and together with the Trustee, the "Parties"), and (iii) to otherwise amend the Amended Complaint;

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and Defendants, as follows:

1. In light of and in reliance on the Defendants' Representations concerning their financial resources and other issues, the Trustee, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Federal Rule of Bankruptcy Procedure 7041, hereby dismisses the Dismissed Defendants from the Adversary Proceeding with prejudice, except as provided in paragraph 7.

2. Further, in light of and in reliance on the Defendants' Representations, the Trustee, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Federal Rule of Bankruptcy Procedure 7015, intends to file a second amended complaint, which is attached hereto as Exhibit A (the "Second Amended Complaint"). The Second Amended Complaint, among other things, omits certain claims that were stated in the Amended Complaint against the remaining Defendants (the "Omitted Claims"). Upon the filing of the Second Amended Complaint, the Omitted Claims will be deemed dismissed from the Adversary Proceeding with prejudice, except as provided in paragraph 7.

3. The Trustee determined to dismiss the Omitted Claims in light of and in reliance on the Defendants' Representations. Neither this determination nor the dismissal of the Omitted Claims constitutes any admission as to the merit of the Omitted Claims.

4. The Defendants consent to the Trustee's filing of the Second Amended Complaint. This consent does not constitute any admission as to the merit of the claims in the Second Amended Complaint.

5. Upon this Stipulation and Order being so ordered by the Court, the Trustee shall promptly file the Second Amended Complaint. The Defendants shall file an answer to the Trustee's Amended Complaint within 60 days thereof. Within 30 days after the Defendants file their answer, the Parties shall meet, either in person or by teleconference, and confer on a discovery and litigation plan (the "Initial Case Conference"). Following the Initial Case Conference, the Trustee shall file with the Court a case management notice which sets forth the various deadlines that will apply to the proceeding. In the event the parties cannot come to an agreement as to a case management plan, the parties shall request a scheduling conference with the Court pursuant to Federal Rule of Civil Procedure 16(b)(1)(B), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7016(a), to be held within 30 days of the Initial Case Conference, and the Parties shall provide their respective proposed case management plans to the Court prior to the conference pursuant to Local Bankruptcy Rule 9076-1(d).

6. Undersigned counsel for the Defendants expressly represents that he has the authority to accept service of Summons and Second Amended Complaint on behalf of the Defendants, hereby waives service of the Summons and the Second Amended Complaint on behalf of Defendants, and hereby waives any defenses based on insufficiency of process or insufficiency of service of process of the Summons and First Amended Complaint on behalf of Defendants.

7. The Defendants withdraw their Motion to Dismiss and waive their right to make a pre-answer motion against the Second Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012. The Defendants otherwise reserve their right to file any other motion, dispositive or otherwise.

8. The Defendants hereby affirm (i) that the Defendants' Representations have been submitted by the Defendants as true and correct under penalty of perjury and/or to the best of the Defendants' knowledge, information and belief, and (ii) that the Trustee has relied upon the Defendants' Representations in exercising his discretion to dismiss the Dismissed Defendants and dismiss certain claims against the remaining Defendants and amend the Amended Complaint.

9. The Defendants hereby agree, to the extent it is subsequently determined that any of the Defendants' Representations were materially false and/or misleading, that (i) the Trustee shall have the right to reinstitute the Adversary Proceeding against the Dismissed Defendants and/or pursue other remedies available to him, (ii) the Trustee shall have the right to reinstitute the Amended Complaint and/or any allegations and/or claims that were stated in the Amended Complaint against any Defendant; and (iii) this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's reinstitution of any such action or claims, and the Defendants hereby agree to waive any statute of limitations defense in any such actions or claims reinstituted by the Trustee. This waiver and tolling agreement affects only those claims that could have been timely asserted against the Defendants at the time of the commencement of the Adversary Proceeding against them. This waiver and tolling agreement is not intended, and will not be deemed, to revive any claims which were barred by any statute of

5

limitations or any time-barred limitation or defense prior to the commencement of the Adversary Proceeding.

10. This Stipulation and Order may be signed by the Parties in any number of counterparts, each of which shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

Dated: New York, New York
January 19, 2018

| BAKER & HOSTETLER LLP | LAW OFFICE OF RICHARD E. SIGNORELLI |
|---|---|
| By: /s/ Andrew W. Reich <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: 212.589.4200 <br> Facsimile: 212.589.4201 <br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Fernando J. Bohorquez <br> Email: fbohorquez@bakerlaw.com <br> Andrew W. Reich <br> Email: areich@bakerlaw.com <br> Joshua B. Rog <br> Email: jrog@bakerlaw.com <br><br> *Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | By: /s/ Richard E. Signorelli <br> 799 Broadway, Suite 539 <br> New York, New York 10003 <br> Telephone: 212.254.4218 <br> Facsimile: 212.254.1396 <br> Richard E. Signorelli <br> Email: richardsignorelli@gmail.com <br> Email: rsignorelli@nyclitigator.com <br> Bryan Ha <br> Email: bhanyc@gmail.com <br><br> *Attorneys for Defendants RICHARD M. GLANTZ, individually, as trustee of the Richard M. Glantz 1991 Living Trust, the Edward R. Glantz Living Trust, the Thelma Glantz Living Trust, the Glantz-Ostrin Trust I, and the Glantz-Ostrin Trust II, and as executor of the Estate of Edward R. Glantz and the Estate of Thelma Glantz; ELAINE OSTRIN, individually and as trustee of the Edward R. Glantz Living Trust; THE RICHARD M. GLANTZ 1991 LIVING TRUST; THE EDWARD R. GLANTZ LIVING TRUST; THE ESTATE OF EDWARD R. GLANTZ; THE THELMA GLANTZ LIVING TRUST; THE ESTATE OF THELMA GLANTZ; THE GLANTZ-OSTRIN TRUST I; THE GLANTZ-OSTRIN TRUST II; AUSTIN BOSARGE; GRACE & COMPANY; EJS ASSOCIATES, L.P.; JELRIS & ASSOCIATES, L.P.; THE GLANTZ FAMILY* |

*FOUNDATION, INC; MERLIN & ASSOCIATES, LTD.; ENHANCEMENT GROUP; LAKEVIEW INVESTMENT, LP; VISTA MANAGEMENT CO.; and LAW & MEDIATION OFFICES OF RICHARD M. GLANTZ, A PROFESSIONAL CORPORATION*

SO ORDERED

/s/ **STUART M . BERNSTEIN**

Dated: **January 19th 2018**  HON. STUART M. BERNSTEIN
New York, New York  UNITED STATES BANKRUPTCY JUDGE