**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>J. EZRA MERKIN, GABRIEL CAPITAL, L.P., ARIEL FUND LTD., ASCOT PARTNERS, L.P., ASCOT FUND LTD., GABRIEL CAPITAL CORPORATION,<br><br>Defendants. | Adv. Pro. No. 09-01182 (SMB) |

**ORDER GRANTING IN PART**
**AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE**
**THE TESTIMONY, REPORTS, AND DECLARATION OF STEVE POMERANTZ**

Upon consideration of the Defendants' Notice of Motion *In Limine* to Exclude the Testimony, Reports, and Declaration of Steve Pomerantz, ECF No. 355 (the "Motion"), the Defendants' Memorandum of Law In Support of Their Motion *In Limine* to Exclude the Testimony, Reports, and Declaration of Steve Pomerantz, ECF No. 356, and the Declaration of Daphne T. Ha in Support of Motion *In Limine* by Defendants to Exclude Testimony, Reports,

and Declaration of Steve Pomerantz, ECF No. 357; and it appearing that due and proper notice of the Motion and the relief requested therein having been given, and no other further notice needing to be given; and a hearing having been held on the Motion on August 9, 2017 (the "Hearing"); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having considered any papers submitted in support of and in opposition to the Motion, the arguments of counsel at the Hearing, and the record in this case:

**IT IS HEREBY ORDERED**, that the Motion is GRANTED IN PART and DENIED IN PART as follows:

1. Dr. Pomerantz may provide expert testimony relating to reactive due diligence and due diligence triggers in accordance with the Court's opinion issued on December 22, 2017.

2. ~~2.~~ Dr. Pomerantz may not testify **regarding general due diligence standards that the Mertein Defendants should have followed or what they would have discovered had they followed those standards.** ~~on any other subject matter, and his opinions and testimony on any other subject matter shall be excluded from trial in the above captioned adversary proceeding, whether as affirmative or rebuttal evidence.~~ **[SMB: 1/22/18]**

3. The Declaration of Dr. Steve Pomerantz, dated November 24, 2015, and the Rebuttal Expert Report of Dr. Steve Pomerantz, dated May 15, 2015, shall be excluded from trial in the above-captioned adversary proceeding.

**IT IS HEREBY FURTHER ORDERED**, that the Trustee will, within **fourteen days** ~~a week~~ of entry of this Order, identify documents Dr. Pomerantz considered in connection with the due diligence triggers and reactive due diligence section of his expert report and the documents

2

Dr. Pomerantz's assistants reviewed. The parties should thereafter meet and confer regarding whether any supplemental discovery is necessary. **[SMB: 1/22/18]**

**IT IS HEREBY FURTHER ORDERED**, that the Court retains jurisdiction to enforce and implement the terms and provisions of this Order.

Dated: **January 22, 2018**
New York, New York

**/s/ STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE