**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br> v. <br><br> Stanley Shapiro, *et al.*, <br><br> Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS
TO DEFENDANTS STANLEY SHAPIRO, THE ESTATE OF
RENEE SHAPIRO, AND S&R INVESTMENT COMPANY**

The plaintiff, Irving H. Picard ("the Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* (the "Code"), and the defendants S&R Investment Company ("S&R") and Stanley Shapiro, personally as well as in

his capacity as partner of S&R and as executor of the Estate of Renee Shapiro (collectively, the "Shapiros"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, in the Trustee's Second Amended Complaint (the "Complaint" (ECF No. 33)), as it now stands in this adversary proceeding, the Trustee alleges that BLMIS made certain transfers to the Shapiros relating to several investment advisory accounts at BLMIS;

**WHEREAS**, in the Complaint, the Trustee seeks to avoid and recover from the Shapiros certain transfers or their value as fraudulent pursuant to, *inter alia*, sections §§ 105(a), 548(a)(1)(A), 550, and 551 of the Code; and the Shapiros have raised certain defenses to the claims asserted in the Complaint;

**WHEREAS,** the Trustee issued in this adversary proceeding a subpoena to JPMorgan Chase, N.A. (the "Subpoena") seeking, *inter alia*, certain bank records relating to one or more bank accounts held by, for the benefit of, or on behalf of the Shapiros; the Shapiros objected to the Subpoena; and the Shapiros have moved to quash the Subpoena (the "Motion" (ECF No 84)); and

**WHEREAS**, the Trustee and the Shapiros have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the Trustee and the Shapiros are entering into this Stipulation to avoid unnecessary litigation, time, and costs over undisputed facts and in the interest of efficiency.

**NOW**, **THEREFORE**, the Trustee and the Shapiros agree and stipulate to the following undisputed facts:

1.     Between the date when Account 1SH014 was opened and December 11, 2008, a total of $26,502,000.00 was withdrawn from Account 1SH014 (the "1SH014 Withdrawals").

2.     Either S&R or the Shapiros received each of the 1SH014 Withdrawals.

3. Of the withdrawals from 1SH014, $25,929,086.00 was in excess of principal, as that term is used in the report entitled "Methodology for the Principal Balance Calculation" submitted by Matthew B. Greenblatt, an expert retained by the Trustee, in the consolidated BLMIS proceedings ("Principal").

4. Between the date when Account 1SH172 was opened and December 11, 2008, a total of $10,240,000.00 was withdrawn from Account 1SH172 (the "1SH172 Withdrawals").

5. Either S&R or the Shapiros received each of the 1SH172 Withdrawals.

6. Of the withdrawals from 1SH172, $10,240,000.00 was in excess of Principal.

7. In light of the facts stipulated herein: (i) the Trustee hereby withdraws the Subpoena; (ii) the Shapiros hereby withdraw the Motion; and (iii) the Trustee will not seek documents or other discovery from any bank or other financial institution at which the Shapiros have held or currently hold an account.

8. By executing this Stipulation, the Shapiros in no way concede or admit liability under sections 548, 550 or any other applicable section of the Code, the New York Debtor & Creditor Law, SIPA or any other applicable law.

9. This Stipulation is without prejudice to the Trustee asserting claims, or re-asserting previously dismissed claims, to avoid and/or recover any additional or other transfers received by the Shapiros, including any subsequent transfers, determined through the Trustee's continuing investigation and discovery, and, in the event such claims are asserted or re-asserted, to seek discovery relating to such claims.

10. This Stipulation is without prejudice to the Shapiros to oppose any further claims asserted or re-asserted by the Trustee with respect to additional or other transfers.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ James H. Rollinson* | */s/ Barry R. Lax* |
| **BAKER & HOSTETLER LLP** | **LAX & NEVILLE LLP** |
| 127 Public Square | 1450 Broadway, 35th Floor |
| Cleveland, Ohio 44114 | New York, New York 10018 |
| James H. Rollinson | Barry R. Lax |
| Email:  jrollinson@bakerlaw.com | Email:  blax@laxneville.com |
| | Brian J. Neville |
| and | Email:  bneville@laxneville.com |
| | |
| 45 Rockefeller Plaza | *Attorneys for Stanley Shapiro, S&R* |
| New York, New York 10111 | *Investment Co., and the Estate of Renee* |
| David J. Sheehan | *Shapiro* |
| Email: dsheehan@bakerlaw.com | |
| Ona T. Wang | |
| Email: owang@bakerlaw.com | |
| Torello H. Calvani | |
| Email: tcalvani@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

SO ORDERED this **24th** day of **January**, 2018.

**/s/ STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE