**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Robert S. Loigman
Rex Lee
Lindsay M. Weber
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

*Counsel to Joint Liquidators of Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.*

**Presentment Date: February 2, 2018 at 12:00 p.m.**
**Objections Due:  January 30, 2018 at 11:00 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-1161 (SMB) |

**MOTION OF KINGATE GLOBAL FUND AND KINGATE EURO FUND**
**FOR ORDER ISSUING LETTER OF REQUEST PURSUANT TO**
**HAGUE EVIDENCE CONVENTION**

Pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* March 18, 1970, 23 U.S.T. 25555, T.I.A.S. No. 7444, 28 U.S.C. § 1781 (the "Hague Convention"), defendants Kingate Global Fund Limited ("Kingate Global") and Kingate Euro Fund Limited ("Kingate Euro" and together with Kingate Global, the "Kingate Funds" or "Funds") hereby request the entry of an Order issuing a request for judicial assistance ("Letter of Request") from the appropriate judicial authority of the United Kingdom for the taking of evidence from Messrs. Federico Ceretti and Carlo Grosso, and, in support thereof, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of SIPA. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2. On April 17, 2009, Irving H. Picard (the "Trustee"), in his capacity as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), initiated the case now titled *Picard v. Ceretti, et al.*, Adv. Pro. No. 09-1161 (SMB) (this "Adversary Proceeding" or "Adv. Pro.") in this Court. On March 17, 2014, the Trustee filed his Fourth Amended Complaint, which included Federico Ceretti, Carlo Grosso, the Kingate Funds, and several other parties as defendants. *See* Dkt. 100 (Adv. Pro. 09-1161).

3. On July 18, 2014, the Kingate Funds filed their motion to dismiss the Fourth Amended Complaint. Dkt. 111 (Adv. Pro. 09-1161). On August 21, 2015, that motion was granted in part and denied in part. Dkt. 200 (Adv. Pro. 09-1161). The Court granted the motion with respect to Counts Ten and Twelve, and denied the motion with respect to Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Eleven. *Id.* at ¶¶ 1, 2.

1

4. On December 31, 2014, certain defendants, including Messrs. Grosso and Ceretti, submitted a consolidated memorandum of law in support of their motion to dismiss certain actions seeking to avoid transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees, on the grounds that SIPA and/or the Bankruptcy Code as incorporated by SIPA do not apply extraterritorially (the "Extraterritoriality Motion"). *See* Dkt. 158 (Adv. Pro. 09-1161). On March 9, 2017, the Court granted the Extraterritoriality Motion. *See* Dkt. 281 (Adv. Pro. 09-1161) at ¶ 3. Consequently, Count Nine of the Fourth Amended Complaint was dismissed and Messrs. Ceretti and Grosso are no longer parties to this Adversary Proceeding.

5. Nonetheless, Messrs. Ceretti and Grosso remain integral to the Trustee's remaining claims against the Kingate Funds. In its August 11, 2015 opinion ruling on the Kingate Funds' motion to dismiss, this Court held that the Fourth Amended Complaint pleads sufficient facts to permit imputation of the knowledge of Messrs. Ceretti and Grosso to the Kingate Funds. Dkt. 199 (Adv. Pro. 09-1161) at 32-35. Although the Kingate Funds contest this application of the imputation doctrine, as the case now stands, the mental states of Messrs. Ceretti and Grosso are relevant to the Trustee's allegation that the "Kingate Funds acted with actual knowledge of fraudulent activity at BLMIS at the time the Kingate Funds invested with BLMIS." *See* Fourth Amended Complaint ¶ 324.

6. In support of his claims, the Trustee asserts that Messrs. Grosso and Ceretti knew that Madoff was not actually trading securities and/or willfully blinded themselves to Madoff's fraud. The Kingate Funds contest that assertion, and believe that the evidence will demonstrate that Messrs. Grosso and Ceretti believed, at all times, that Madoff was trading actual securities for the Funds' accounts. Because, as the case now stands, assertions regarding Messrs. Grosso's

and Ceretti's knowledge are central to the Trustee's claims and the Kingate Funds' defenses against those claims, it is necessary and appropriate to question Messrs. Grosso and Ceretti regarding their knowledge, or lack thereof, regarding Madoff's conduct.

## ARGUMENT

### I. LETTERS OF REQUEST ARE THE PROPER METHOD FOR A UNITED STATES COURT TO SEEK DISCOVERY IN THE UNITED KINGDOM

7.  The Hague Convention authorizes a judicial officer of the country from which a discovery request originates to forward a request to the Central Authority of the country where the evidence is being sought. *See* Hague Convention, arts. 1-3. This Court has the authority to issue a letter of request to a signatory of the Hague Convention. *See* 28 U.S.C. § 1781(b)(2) (permitting transmittal of letter of request directly from tribunal in United States to foreign or international tribunal, officer, or agency); *In re Fill*, 68 B.R. 923, 933 (Bankr. S.D.N.Y. 1987) (holding that party must seek discovery of non-party witness in accordance with Hague Convention). Indeed, the Court has issued letters of request on motion by the Trustee in the context of the BLMIS SIPA case, including to the United Kingdom. *See, e.g.*, Order Requesting Assistance Of The Queen's Bench Division Of The High Court To Order The Deposition Testimony Of Vincent Vandenbroucke, Dkt. 2896 (Dkt. 08-1789).

8.  The Kingate Funds' use of a Letter of Request is the appropriate and sanctioned method for obtaining discovery from individuals located in the United Kingdom. Both the United States and the United Kingdom are parties to the Hague Convention,[1] which authorizes signatories to issue letters of request to other signatories asking them to compel the requested

---

[1] *See* Status Table of Members to the Hague Convention on the Taking of evidence Abroad in Civil and Commercial Matters, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=41.

3

discovery. *See, e.g., Societe Nationale Industrielle Aeropastiale v. U.S. District Court*, 482 U.S. 522, 533 (1987) ("[A] judicial authority in one contracting state 'may' forward a Letter Rogatory to the competent authority in another contracting state for the purpose of obtaining evidence."). This proposed letter of request sought by the Kingate Funds conforms to the model annexed to the Hague Convention and may be transmitted by this Court.

## II. THE KINGATE FUNDS SEEK RELEVANT DISCOVERY VIA THE PROPOSED LETTER OF REQUEST

9. As set forth in the proposed Letter of Request attached hereto as Exhibit A and in paragraphs 5 and 6 above, the discovery requested by the Kingate Funds is relevant to the claims at issue in this litigation and the Kingate Funds' defenses to those claims. The testimony sought in the Letter of Request is targeted to seek information about Messrs. Grosso's and Ceretti's beliefs regarding Madoff's trading activities and whether they were aware of the fraud perpetrated by BLMIS.

## CONCLUSION

For the foregoing reasons, the Kingate Funds respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit B, issuing the Letter of Request seeking the testimony of Federico Ceretti and Carlo Grosso.

4

Dated: New York, New York
January 25, 2018

        QUINN EMANUEL URQUHART &
          SULLIVAN, LLP

By:   /s/ *Robert S. Loigman*
      Susheel Kirpalani
      Robert S. Loigman
      Rex Lee
      Lindsay M. Weber

51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000

*Counsel to Joint Liquidators of Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.*

# EXHIBIT A

**Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | | |
|---|---|---|
| **1.** | **Sender.** | The Honorable Stuart M. Bernstein<br>United States Bankruptcy Court for the Southern District of New York<br>One Bowling Green, Courtroom 723<br>New York, NY 10004-1408 |
| **2.** | **Central Authority of Requested State.** | The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>LONDON WC2A 2LL |
| **3.** | **Person to whom the executed Letter of Request is to be returned.** | Robert S. Loigman<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, Fl. 22<br>New York, NY<br>Telephone: +1 212 849 7000<br>Facsimile: +1 212 849 7100<br>robertloigman@quinnemanuel.com |
| **4.** | **Date by which the requesting authority requires receipt of response to the Letter of Request.** | The requesting authority respectfully requests that the examinations requested be ordered to occur on or before 1 June 2018 and that any other response to this request from the Central Authority be provided as soon as practicable. |
| | **Reason for Urgency.** | Evidence obtained via the examinations requested herein must be produced to all the parties in the US proceedings no later than 31 July 2018. |

In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request:

| | | |
|---|---|---|
| **5a.** | **Requesting U.S. judicial authority.** | United States Bankruptcy Court for the Southern District of New York<br>One Bowling Green, Courtroom 723<br>New York, NY 10004-1408 |

A-1

| | | |
|---|---|---|
| 5b. | **To Appropriate Central Authority of.** | The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>LONDON WC2A 2LL |
| 5c. | **Name of the case and case number.** | *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Federico Ceretti, et al.*, Adv. Pro. No. 09-1161 (SMB) |
| 6. | **Names and addresses of the parties and their representatives.** | |
| 6a. | **Plaintiffs.** | Irving H. Picard |
| | **Representatives for Plaintiffs.** | David J. Sheehan<br>Geraldine E. Ponto<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111<br>Telephone:  (212) 589-4200<br>Facsimile:  (212) 589-4201<br>dsheehan@bakerlaw.com<br>gponto@bakerlaw.com |
| 6b. | **Defendants.** | Kingate Global Fund, Ltd.<br>Kingate Euro Fund, Ltd. |
| | **Defendants' representatives.** | Susheel Kirpalani<br>Robert S. Loigman<br>Rex Lee<br>Lindsay M. Weber<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone:  (212) 849-7000<br>Facsimile:  (212) 849-7100 |
| 6c. | **Relevant non-parties.** | Federico Ceretti<br>Flat 4, 37 Queen's Gate Gardens<br>London SW7 5RR<br>United Kingdom |

A-2

Carlo Grosso
22 Cathcart Road
London SW10 9NN
United Kingdom

**7.     Nature of the Proceedings and Summary of the Complaint.**

This is an adversarial proceeding commenced in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and is presently before Judge Stuart M. Bernstein. The adversarial proceeding number is 09-1161 (SMB). The main underlying SIPA proceeding is Case No. 08-01789 (SMB).

Kingate Global Fund Ltd. ("Kingate Global") and Kingate Euro Fund Ltd. ("Kingate Euro" and together with Kingate Global, the "Kingate Funds" or "Funds") were investors in Bernard L. Madoff Investment Securities LLC ("BLMIS"). Together, the Kingate Funds lost close to US$800 million as the result of Bernard Madoff's fraud and the collapse of BLMIS. Because of the losses they suffered from the fraud, the Kingate Funds are now themselves in liquidation.

Notwithstanding the fact that the Kingate Funds were victims of Madoff's fraud, Irving H. Picard (the "Trustee"), in his capacity as Trustee for the Liquidation of BLMIS, instituted this action to recover approximately US$900 million in redemptions the Funds withdrew from BLMIS and in order to subordinate the Funds' claims against the BLMIS estate (in subordinating the Funds' claims against BLMIS, the Trustee seeks to prevent the Kingate Funds from recovering on their claims as customers of BLMIS until all other customers and creditors have been paid, effectively reducing their claims to zero). The Trustee alleges that the "*Kingate Funds acted with actual knowledge of fraudulent activity at BLMIS at the time the Kingate Funds invested with BLMIS.*" (Fourth Amended Complaint ¶ 324). The Kingate Funds deny this and contest the Trustee's action on the grounds that he may not claw back the Kingate Funds'

A-3

redemptions because the Trustee cannot establish that (a) the redemptions were not withdrawn in good faith and without knowledge of fraud, and (b) there is any basis for subordination of the Kingate Funds' claims.

**8.    Evidence to be Obtained and Purpose.**

**8a.    Evidence to be Obtained**

The Kingate Funds seek the oral deposition testimony of Mr. Federico Ceretti and Mr. Carlo Grosso on the matters described in section 10 below.

**8b.    Purpose of the Evidence**

The purpose of the examinations of Messrs. Ceretti and Grosso is to obtain evidence relevant to the Trustee's claims and the Kingate Funds' defenses thereto (see section 7 above).

The persons whose examination is sought hereunder are Mr. Federico Ceretti and Mr. Carlo Grosso. Both were involved in the creation of the Kingate Funds. The Bankruptcy Court has previously held that the Trustee's Fourth Amended Complaint pleads sufficient facts to permit imputation of the knowledge of Messrs. Ceretti and Grosso to the Kingate Funds. Consequently, as the case now stands, the mental states of Messrs. Ceretti and Grosso are relevant to whether the Kingate Funds' withdrawals were made without knowledge of Madoff's fraud and in good faith.

**9.    Identity and address of any person to be examined.**

The Kingate Funds request to examine Mr. Federico Ceretti and Mr. Carlo Grosso (each a "Witness" and together the "Witnesses"). Their addresses are:

>    Federico Ceretti
>    Flat 4, 37 Queen's Gate Gardens
>    London SW7 5RR
>    United Kingdom

       Carlo Grosso
       22 Cathcart Road
       London SW10 9NN
       United Kingdom

**10.**     **Statement of the subject-matter about which the witnesses are to be examined.**

    i.     Creation of the Kingate Funds.

    ii.    The role that FIM Limited and FIM Advisers LLP played in connection with the Kingate Funds.

    iii.   The role played by Kingate Management Limited in connection with the Kingate Funds.

    iv.   The Witnesses' knowledge of Madoff, his investment strategy, and his requirements for investment in BLMIS.

    v.    The Witnesses' knowledge of securities trading activity at BLMIS, including whether they knew that BLMIS was not conducting trades for advisory-side clients.

    vi.   The decision by the Kingate Funds to invest exclusively with BLMIS.

    vii.  Due diligence undertaken in connection with Madoff or the Kingate Funds.

    viii. Meetings and other communications between Madoff or others at BLMIS and either or both of the Witnesses.

    ix.   Mr. Grosso's visit to Madoff's offices in March 2001.

    x.    The Witnesses' perceptions of information alleged by the Trustee in the Fourth Amended Complaint to constitute a "badge of fraud."

    xi.   The March 2001 "Mar Hedge" article.

    xii.  Communications between the Witnesses and the investors in the Kingate Funds.

xiii. Discussions at the Kingate Funds' board meetings relating to Madoff and/or BLMIS.

xiv. The nature of the relationships between the Kingate Funds and their service providers, including but not limited to Kingate Management Limited, FIM Advisers LLP, FIM Limited, CitiHedge, and the Bank of Bermuda.

xv. The policies and procedures associated with the calculation of Net Asset Value for each of the Kingate Funds.

xvi. Redemptions requested by the Kingate Funds from BLMIS.

xvii. The Kingate Funds' foreign exchange trading activities.

xviii. The Witnesses' personal investments in the Kingate Funds.

xix. The Witnesses' reactions to Madoff's arrest in December 2008.

**12. Any Requirement that the Evidence be Given on Oath or Affirmation and Any Special Form to be Used**

It is requested that the oral testimony of Messrs. Ceretti and Grosso be given either on oath or on affirmation (each witness may choose which). The wording of the oath should be:

"I swear by Almighty God that the evidence I shall give shall be the truth, the whole truth and nothing but the truth."

The wording of the affirmation should be:

"I [name] do solemnly, sincerely and truly declare and affirm that the evidence which I shall give shall be the truth, the whole truth and nothing but the truth."

**13.    Special Methods or Procedure to be Followed**

It is requested that:

i.    The examinations take place at dates and times as may be agreed upon between the examiner, the Witnesses and counsel for the parties.

ii.   If multiple hearing dates are necessary to complete the examination on the subject matter described in section 10, the hearings be scheduled on consecutive days or as close to each other as reasonably practicable.

iii.  Defendants' United States trial counsel be permitted to be present at the examinations throughout and to conduct the examination of each witness.

iv.   Plaintiff's United States trial counsel be permitted to be present at the examinations throughout and to conduct the cross-examination of each witness.

v.    Defendants' United States trial counsel be permitted to conduct the re-examination of each witness.

vi.   Jeremy Scott, the Defendants' English solicitor, be permitted to attend the examinations throughout.

vii.  The Plaintiff's English solicitor (to be designated by Plaintiff) be permitted to attend the examinations throughout.

viii. Each examination take place at the offices of Lipman Karas LLP at 26 Southampton Buildings, London WC2A 1AN, England.

    ix.    The examinations be taken before an examiner appointed pursuant to CPR rr.34.18(1)(b)] ("the Examiner").

    x.    The examinations be transcribed by a reputable firm of transcribers.

    xi.    The examinations be recorded on video.

    xii.    The transcript of each examination be provided to Mr. Scott at the address appearing below in section 14.

    xiii.    The deposition be conducted in private pursuant to CPR 34.9.3.

**14.** **Request for Notification or the Time and Place for the Execution of the Request and Identity and Address of Any Person to be Notified**

Please notify the following Defendants' counsel regarding the time and place for the execution of the Request:

> Robert S. Loigman
> Quinn Emanuel Urquhart & Sullivan, LLP
> 51 Madison Avenue, 22nd Floor
> New York, New York 10010
> Telephone: (212) 849-7000
> Facsimile: (212) 849-7100
> robertloigman@quinnemanuel.com
>
> Jeremy Scott
> Lipman Karas LLP
> 26 Southampton Buildings
> London WC2A 1AN
> Telephone: +44 (0)20 7400 2181
> jscott@lipmankaras.com

**15.** **Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request**

No attendance of judicial personnel is requested.

A-8

**17. The Fees and Costs Incurred Which Are Reimbursable Under the Second Paragraph of Article 14 or Under Article 26 of the Convention**

All fees and costs incurred in the execution of this request shall be borne by the Kingate Funds.

DATE OF REQUEST          _____

SIGNATURE AND SEAL OF    _____

THE REQUESTING AUTHORITY

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br><br>SIPA LIQUIDATION<br><br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-1161 (SMB) |

**ORDER GRANTING MOTION OF KINGATE GLOBAL FUND AND KINGATE EURO FUND FOR ORDER ISSUING LETTER OF REQUEST PURSUANT TO HAGUE EVIDENCE CONVENTION**

Upon the motion (the "Motion") dated January 25, 2018, of Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. for an order (this "Order") issuing a Letter of Request pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* March 18, 1970, 23 U.S.T. 25555, T.I.A.S. No. 7444, 28 U.S.C. § 1781 (the "Hague Convention") requesting judicial assistance from the appropriate judicial authority of the United Kingdom for the taking of evidence from Messrs. Federico Ceretti and Carlo Grosso, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. This Court shall transmit the Letter of Request attached as Exhibit B to the Motion to the appropriate judicial authority for the United Kingdom.

3. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

4. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated**: _____, 2018

New York, New York

                                            HONORABLE STUART M. BERNSTEIN
                                            UNITED STATES BANKRUPTCY JUDGE