# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 25, 2018

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. South Ferry Building Company et. al,* Adv. Pro. No. 10-04488 (SMB)
      *Picard v. South Ferry #2, et. al,* Adv. Pro. No. 10-04350 (SMB)
      *Picard v. United Congregations Mesora*, Adv. Pro. No. 10-05110 (SMB)
      *Picard v. James Lowrey, et al*, Adv. Pro. No. 10-04387 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the consolidated estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA").

We write to address a letter filed on January 17, 2018 by Defendants in the above-referenced adversary proceedings regarding "pertinent and significant authority that supports their summary judgment motions," and specifically their assertion that property must first be avoided and recovered before it may be treated as "property of the estate" or "customer property." (APN 10-04488, ECF No. 114; APN 10-04350, ECF No. 120; APN 10-05110, ECF No. 85; APN 10-04387, ECF No. 100).

The recent case identified by Defendants is neither pertinent nor significant as regards the summary judgment proceedings *sub judice*. The isolated statement for which Defendants bring *LaMonica v. CEVA Group, PLC (In re CIL Ltd.)*, No. 13-11272-JLG, 2018 WL 329893 (JLG) (Bankr. S.D.N.Y. Jan. 5, 2018) (hereinafter the "*CIL* decision") to the Court's attention, that "the law in this circuit is clear—property that is the subject of an avoidance action is not considered property of the estate until it is recovered," *id.* at *26, is not a novel or unknown concept that merited this Court's attention. The Second Circuit previously explained over 25 years ago in *Federal Deposit Insurance Corporation v. Hal M. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125 (2d Cir. 1992) that Congress did not intend section 541(a)(1) of the Bankruptcy Code to

include property fraudulently transferred until formally recovered by the trustee of the bankruptcy estate pursuant to section 541(a)(3). *CIL* decision, at *26-27 (citing *In re Colonial Realty Co.*, 980 F.2d at 131 (quoting *In re Saunders,* 101 B.R. 303, 305 (Bankr. N.D. Fla. 1989))). This concept does not affect or change any of the rulings of this Court, the District Court or the Second Circuit addressing the calculation of the Defendants' net equity, avoidance liability, any defenses thereto, and the Trustee's right to recover fictitious profits in these proceedings.

The Defendants improperly attempt to equate "customer property" with "property of the estate." However, SIPA specifically defines "customer property" as "cash . . . at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted." SIPA § 78*lll*-4. SIPA makes clear that the independent definition of "customer property" does not rely, for its meaning or application, upon the concept of property of the estate whether or not recovered. As the Trustee sets forth in great detail in his letter brief submitted on December 20, 2017,[1] the securities laws regulate "customer property" for all broker-dealers. BLMIS failed at every level to comply with those laws, failing to set aside and protect customer property and instead fraudulently transferring such property to customers. Customer property is a concept that exists pre-liquidation; customer property does not first need to be avoided in a liquidation to be considered as such. In a SIPA liquidation, recognition of transferred funds as customer property informs the specific protections afforded to customers, which is why it is also relevant to an avoidance action.

The Defendants' supplemental submission is a repetition of their *Fairfield Greenwich* argument, and it fails to support their assertions. As set forth in the underlying briefing and as agreed by Defendants' own stipulations of undisputed material facts, BLMIS transferred a collective $41,295,673 to Defendants with actual fraudulent intent in connection with a Ponzi scheme, within the two years prior to the commencement of this SIPA liquidation proceeding. As a matter of law, the Trustee is entitled to avoid and recover such transfers, as Defendants have no viable defenses to these claims, and their reliance on the *CIL* decision has no bearing here.

The Securities Investor Protection Corporation ("SIPC") has authorized the Trustee to represent to the Court that SIPC joins in this letter.

Respectfully submitted,

*/s/ Keith R. Murphy*

Keith R. Murphy

cc (via email):

    David J. Sheehan
    Kevin H. Bell
    Richard A. Kirby

---

[1] The Trustee's letter brief was filed in each of the four adversary proceedings: APN 10-04488, ECF No. 111; APN 10-04350, ECF No. 117; APN 10-05110, ECF No. 82; APN 10-04387, ECF No. 97.