**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos
Michelle R. Usitalo

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>FEDERICO CERETTI, *et al.*<br><br>　　　　　Defendants. | Adv. Pro. No. 09-01161 (SMB) |

## APPLICATION FOR THE ISSUANCE OF LETTER OF REQUEST

1.  Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, ("SIPA") substantively consolidated with the bankrupt estate of Bernard L. Madoff, through his attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Royal Courts of Justice for the examination of United Kingdom resident, Mr. Julian Henry Chapman.

2.  This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and the United Kingdom are signatories.

3.  Mr. Chapman is a foreign citizen and non-party. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4.  Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (Fourth Amended Complaint ¶ 1).

5.  His fraud was sustained by infusions from around the globe. In particular, domestic and foreign investment vehicles colloquially known as "feeder funds" injected several billions of dollars into his scheme. (*Id.*).

6.  Included among these feeder funds were Kingate Global Fund, Ltd., In Liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., In Liquidation ("Kingate Euro," and with

Kingate Global the "Kingate Funds"). (*Id.*).

7. Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds. Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id.* ¶¶ 2-3).

8. Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). Together, KML and FIM (collectively, the "Kingate Managers") purported to "advise," "consult," and "manage" the Kingate Funds. (*Id.* ¶¶ 4-5).

9. FIM Limited was established in 1981 by Grosso. (*Id.* ¶ 35, 49). It acted as an asset manager of high net worth individuals. Ceretti joined FIM Limited in 1986. In the early 1990s, FIM Limited's business focused on managing funds of funds. (*Id.* ¶ 104). In 2004, Ceretti and Grosso co-founded FIM Advisers, and in August 2005, FIM Advisers took over the business of FIM Limited. (*Id.* ¶¶ 36, 50).

10. In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. (*Id.* ¶¶ 5, 51, 112). FIM Advisers replaced FIM Limited in 2005. (*Id.* ¶ 112). In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds. (*Id.* ¶ 53).

11. FIM had a robust due diligence process and marketed itself to the public

accordingly. The Kingate Funds were among those listed in FIM's reports as being funds for which FIM was responsible. FIM funds' investment into the Kingate Funds should have required due diligence on the Kingate Funds and BLMIS.

12.     The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**Mr. Chapman's Connection to the Kingate Funds**

13.     This Application concerns the request for documents from and the examination under oath of Mr. Chapman, who is located in, London, England. Mr. Chapman is an experienced financial professional, with significant experience in the financial industry.

14.     As part of the Trustee's ongoing investigation, the Trustee's counsel spoke with Mr. Chapman about matters relating to the Kingate Funds ("Interview"). Mr. Chapman, on a voluntary basis, provided the Trustee with information directly relevant to the Trustee's allegations in the Fourth Amended Complaint. On July 26, 2011, following the Interview, Mr. Chapman signed a witness statement (the "Witness Statement") detailing his knowledge and stating that the contents of the Witness Statement are true. A copy of the Witness Statement is attached hereto as Exhibit A.

15.     The Letter of Request represents the Trustee's efforts to obtain from Mr. Chapman the same information set forth in his Witness Statement, but in a form that will be more readily admissible in the United States Bankruptcy Court. The Trustee's Request and questions are limited to the information provided in the Witness Statement.

16.     Mr. Chapman was an investment analyst with the qualitative due diligence team at FIM. Based on the Witness Statement, the Trustee is aware that Mr. Chapman possesses first-

hand knowledge of FIM's operations and due diligence process. In his role, Mr. Chapman performed qualitative due diligence on FIM's funds. He was also responsible for preparing the reports presented to FIM's investment committee, which covered all four areas of FIM's due diligence processes: operational due diligence, qualitative due diligence, quantitative due diligence, and legal due diligence.

17. The Trustee is further aware that Mr. Chapman has first-hand knowledge of the degree to which FIM's strict due diligence standards were applied to the Kingate Funds and BLMIS, in their context as major FIM investments.

18. Mr. Chapman's role at FIM and the knowledge that he gained during his time at the firm are directly relevant to several allegations in the Fourth Amended Complaint.

**Allegations in the Fourth Amended Complaint Relevant to Mr. Chapman**

19. The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA § 78fff-2(c)(3).

20. Various issues and allegations contained in the Fourth Amended Complaint are relevant to Mr. Chapman and his involvement with the abovementioned facts, which give rise to the need for this Request. Specifically, the Trustee anticipates that Mr. Chapman will be able to provide further information in relation to the issues and allegation contained in paragraphs 4, 5, 7, 49, 50, 51, 52, 53, 101, 104, 110, 112, 115-118, 120, 122-134, 137-141, 146-241 of the Fourth Amended Complaint.

21. For the above reasons, the Trustee believes that the Proposed Letter of Request is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
January 26, 2018

                                        Respectfully submitted,

   /s/ *Gonzalo S. Zeballos*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com
Michelle R. Usitalo
Email: musitalo@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To:    Susheel Kirpilani
        Robert Loigman
        Rex Lee
        Lindsay Weber
        Jordan Harap
        Quinn Emmanuel Urquhart & Sullivan LLP
        51 Madison Avenue
        New York, New York 10010