**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos
Michelle R. Usitalo

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERICO CERETTI, *et al.*<br><br>    Defendants. | Adv. Pro. No. 09-01161 (SMB) |

## APPLICATION FOR THE ISSUANCE OF LETTER OF REQUEST

1.　　Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") substantively consolidated with the estate of Bernard L. Madoff, individually, through his attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Royal Courts of Justice for the examination of United Kingdom resident, Mr. William Stephen Gilmore.

2.　　This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and the United Kingdom are signatories.

3.　　Mr. Gilmore is a foreign citizen and non-party. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4.　　Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale (Fourth Amended Complaint at ¶ 1).

5.　　His fraud was sustained by capital infusions from around the globe. In particular, domestic and foreign investment vehicles colloquially known as "feeder funds" injected several billions of dollars into his scheme. (*Id.*).

6.　　Included among these feeder funds were Kingate Global Fund, Ltd., In Liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., In Liquidation ("Kingate Euro" and with

Kingate Global, the "Kingate Funds"). (*Id.*).

7.  Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds. Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id.* ¶¶ 2-3).

8.  Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), purportedly as a management vehicle but which in practice assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). Together, KML and FIM (collectively, the "Kingate Managers") purported to "advise," "consult," and "manage" the Kingate Funds. (*Id.* ¶¶ 4-5).

9.  The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**Mr. Gilmore's Connection to the Kingate Funds**

10. This Application concerns the request for documents from and, the examination under oath of, Mr. Gilmore, who is a resident of, and is located in, Neston, England. Mr. Gilmore is an experienced financial professional, with significant experience in the financial industry.

11. FIM Limited was established in 1981 by Grosso. (*Id.* ¶ 35, 49). It acted as an asset manager of high net worth individuals. Ceretti joined FIM Limited in 1986. In the early 1990s, FIM Limited's business focused on managing funds of funds. (*Id.* ¶ 104). In 2004, Ceretti and Grosso co-founded FIM Advisers, and in August 2005, FIM Advisers took over the business of FIM Limited. (*Id.* ¶¶ 36, 50).

12. In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. (*Id.* ¶¶ 5, 51, 112). FIM Advisers replaced FIM Limited in 2005. (*Id.* ¶ 112). In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds. (*Id.* ¶ 53).

13. FIM had a robust due diligence process and marketed itself to the public accordingly. (*Id.* ¶¶ 122-27). The Kingate Funds were among those listed in FIM's reports as being funds for which FIM was responsible. The FIM funds' investments in the Kingate Funds should have also included due diligence on the Kingate Funds and BLMIS. The diligence conducted is relevant to these proceedings because it would reflect cumulative knowledge that can be imputed to the Kingate Funds via Ceretti and Grosso.

14. Mr. Gilmore joined FIM Limited in 1997 as a senior investment analyst. He continued as a director and risk manager at FIM Advisers when it was established in 2005, and later became a director.

15. The Trustee anticipates that Mr. Gilmore will have direct knowledge of FIM's risk management processes, due to his role with FIM as an analyst in risk management, which the Trustee understands to have included:

   a. conducting due diligence on the Kingate Funds, including performing a monthly check to track stock prices, trade dates, and the price of puts and calls;
   b. participating in risk management and due diligence meetings with Grosso and other FIM employees; and
   c. working alongside both Grosso and Ceretti on FIM's risk management

team, who coordinated with Mr. Gilmore on investment decisions.

16. Relevantly, Mr. Gilmore also had a relationship with Grosso and has knowledge regarding Grosso's instructions on performing due diligence on the Kingate Funds.

17. Because of his role at FIM, the Trustee believes that Mr. Gilmore possesses a wealth of first-hand knowledge and likely relevant documents, pertaining to several allegations in the Fourth Amended Complaint.

**Allegations in the Fourth Amended Complaint Relevant to Mr. Gilmore**

18. The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA § 78fff-2(c)(3).

19. Various issues and allegations contained in the Fourth Amended Complaint are relevant to Mr. Gilmore and his involvement with the above-mentioned facts, which give rise to the need for a Letter of Request. Specifically, the Trustee anticipates that Mr. Gilmore will provide further information in relation to the issues and allegations contained in paragraphs 4, 5, 7, 49, 50, 51, 52, 53, 101, 104, 110, 112, 115-118, 120, 122-134, 137-141, 146-241 of the Fourth Amended Complaint.

20. For the above reasons, the Trustee believes that the Draft Letter of Request is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
January 26, 2018

                                      Respectfully submitted,

                                      */s/ Gonzalo S. Zeballos*
                                      **Baker & Hostetler LLP**
                                      45 Rockefeller Plaza
                                      New York, New York 10111
                                      Telephone: (212) 589-4200
                                      Facsimile:  (212) 589-4201
                                      David J. Sheehan
                                      Email: dsheehan@bakerlaw.com
                                      Geraldine E. Ponto
                                      Email: gponto@bakerlaw.com
                                      Gonzalo S. Zeballos
                                      Email: gzeballos@bakerlaw.com
                                      Michelle R. Usitalo
                                      Email: musitalo@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To:     Susheel Kirpilani
        Robert Loigman
        Rex Lee
        Lindsay Weber
        Jordan Harap
        Quinn Emmanuel Urquhart & Sullivan LLP
        51 Madison Avenue
        New York, New York 10010