**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos
Michelle R. Usitalo

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-01161 (SMB) |

## APPLICATION FOR THE ISSUANCE OF LETTER OF REQUEST

1.  Plaintiff Mr. Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the estate of Bernard L. Madoff, through his attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Royal Courts of Justice for the examination of United Kingdom resident, Mr. William Jenkins.

2.  This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and the United Kingdom are signatories.

3.  Mr. Jenkins is a foreign citizen and non-party located in London, England. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4.  Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. His fraud was sustained by infusions from around the globe. In particular, domestic and foreign investment vehicles, colloquially known as "feeder funds," injected several billions of dollars into his scheme. (Fourth Amended Complaint ¶ 1).

5.  Included among these feeder funds were Kingate Global Fund, Ltd. In Liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., In Liquidation ("Kingate Euro" and together with Kingate Global, "Kingate Funds"). (*Id.*).

6. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. (*Id.* ¶ 3).

7. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id.* ¶ 248).

8. The Trustee filed the Fourth Amended Complaint on March 17, 2014 in this adversary proceeding, seeking, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA § 78fff-2(c)(3). (*Id.* ¶ 8).

9. Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate funds. (*Id*. ¶ 4). Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors.

10. Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. (*Id.* ¶¶ 54-71).

11. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), purportedly as a management vehicle, but which in practice, assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). (*Id.* ¶ 4).

12. Together, KML and FIM purported to "advise," "consult," and "manage" the Kingate Funds. (*Id.* ¶¶ 4-5).

13. FIM Limited was established in 1981 by Grosso. (*Id.* ¶ 35, 49). It acted as an asset manager of high net worth individuals. Ceretti joined FIM Limited in 1986.

14. In the early 1990s, FIM Limited's business focused on managing funds of funds. (*Id.* ¶ 104).

15. In 2004, Ceretti and Grosso co-founded FIM Advisers, and in August 2005, FIM Advisers took over the business of FIM Limited. (*Id.* ¶¶ 36, 52).

16. In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. (*Id.* ¶¶ 5, 46, 51, 112). FIM Advisers replaced FIM Limited in 2005. (*Id.* ¶ 112).

17. In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds. (*Id.* ¶ 53).

18. FIM had a robust due diligence process and marketed itself to the public accordingly. (*Id.* ¶¶ 122-27). The Kingate Funds were among those listed in FIM's reports as being funds for which FIM was responsible.

19. The FIM Funds' investments into the Kingate Funds should have also included the performance of due diligence on the Kingate Funds and BLMIS.

20. The diligence conducted is relevant to these proceedings because it would reflect cumulative knowledge that can be imputed to the Kingate Funds via Ceretti and Grosso.

**Mr. Jenkins's Connection to the Kingate Funds**

21. This application concerns the examination under oath of Mr. Jenkins.

22. On June 28, 2011, as part of the Trustee's ongoing investigation, the Trustee's counsel spoke with Mr. Jenkins about matters relating to the Kingate Funds ("Interview").

23. Mr. Jenkins, on a voluntary basis, provided the Trustee with information directly relevant to the Trustee's allegations in the Fourth Amended Complaint.

24. Through this Letter of Request, the Trustee seeks to obtain this same information from Mr. Jenkins in an evidentiary form that would be more readily admissible in the United

States Bankruptcy Court. The Trustee's questions are largely limited to the information provided by Mr. Jenkins during the Trustee's investigatory Interview.

25. Mr. Jenkins joined FIM Limited in November 18, 2003.

26. Mr. Jenkins was in charge of operational due diligence at FIM Limited, and later, at FIM Advisers. In his role, Mr. Jenkins performed due diligence on FIM's funds, including the Kingate Funds.

27. The Trustee anticipates that Mr. Jenkins will have important and specific knowledge of the due diligence processes performed on each of the FIM Funds, the extent to which these processes were applied to the Kingate Funds, and a "reconciliation" process that was performed on the Kingate Funds.

28. The Trustee also anticipates that Mr. Jenkins will have important and specific knowledge pertaining to the application and understanding of the due diligence processes among FIM employees.

29. Additionally, based on evidence known to the Trustee at the date of this Letter of Request, Mr. Jenkins conducted limited operational due diligence on the Kingate Funds after initially receiving resistance.

30. After conducting limited operational due diligence, Mr. Jenkins spoke to Grosso about the Kingate Funds and their service providers.

31. As a result of his role in operational due diligence, his performance of due diligence on the Kingate Funds, and conversations with Grosso and other FIM employees about these concerns, the Trustee also anticipates that Mr. Jenkins will have important and specific knowledge pertaining to the Fourth Amended Complaint.

32. Various issues and allegations contained in the Fourth Amended Complaint are relevant to Mr. Robertson and his involvement with the abovementioned facts and give rise to the

need for this Request. Specifically, the Trustee anticipates that Mr. Robertson will be able to provide further information in relation to the issues and allegation contained in paragraphs 4, 5, 7, 49, 50, 51, 52, 53, 101, 104, 110, 112, 115-118, 120, 122-134, 137-141, 146-241 of the Fourth Amended Complaint.

33. For the above reasons, the Trustee believes that the Proposed Letter of Request is just and appropriate, and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
       January 26, 2018

Respectfully submitted,

 /s/ Gonzalo S. Zeballos
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com
Michelle R. Usitalo
Email: musitalo@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To: Susheel Kirpilani
Robert Loigman
Rex Lee
Lindsay Weber
Jordan Harap
Quinn Emmanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, New York 10010