**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos
Michelle R. Usitalo

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | Adv. Pro. No. 09-01161 (SMB) |
| Plaintiff, | |
| v. | |
| FEDERICO CERETTI, *et al.* | |
| Defendants. | |

### APPLICATION FOR THE ISSUANCE OF LETTER OF REQUEST

1. Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA") substantively consolidated with the estate of Bernard L. Madoff, through his attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Royal Courts of Justice for the examination of United Kingdom resident, Mr. Brendan Robertson.

2. This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and the United Kingdom are signatories.

3. Mr. Robertson is a foreign citizen and non-party and is located in London, England. Thus, the Letter of Request provides the only means of compelling discovery from him.

### FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4. Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale (Fourth Amended Complaint ¶ 1).

5. His fraud was sustained by infusions from around the globe. In particular, domestic and foreign investment vehicles colloquially known as "feeder funds" injected several billions of dollars into his scheme. (*Id.*).

6. Included among these feeder funds were Kingate Global Fund, Ltd., In Liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., In Liquidation ("Kingate Euro," and with

Kingate Global, the "Kingate Funds"). (*Id.*).

7. Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds. Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id.* ¶¶ 2-3).

8. Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). Together, KML and FIM (collectively, the "Kingate Managers") purported to "advise," "consult," and "manage" the Kingate Funds. (*Id.* ¶¶ 4-5).

9. FIM Limited was established in 1981 by Grosso. (*Id.* ¶ 35, 49). It acted as an asset manager of high net worth individuals. Ceretti joined FIM Limited in 1986. In the early 1990s, FIM Limited's business focused on managing funds of funds. (*Id.* ¶ 104). In 2004, Ceretti and Grosso co-founded FIM Advisers and in August 2005 FIM Advisers took over the business of FIM Limited. (*Id.* ¶¶ 36, 52).

10. In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. (*Id.* ¶¶ 5, 51, 112). FIM Advisers replaced FIM Limited in 2005. (*Id.* ¶ 112). In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds. (*Id.* ¶ 53).

11. FIM had a robust due diligence process and marketed itself to the public accordingly. The Kingate Funds were among those listed in FIM's reports as being funds for which FIM was responsible. FIM funds' investment into the Kingate Funds should have required due diligence on the Kingate Funds and BLMIS.

12. The diligence is relevant to these proceedings because it would reflect cumulative knowledge that can be imputed to the Kingate Funds via Ceretti and Grosso.

13. The Fourth Amended Complaint filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**Mr. Robertson's Connection to the Kingate Funds**

14. This Application concerns the request for documents from and the examination under oath of Mr. Robertson.

15. Mr. Robertson joined FIM Limited as a Director of Research in 2004. He continued on as Director of Research at FIM Advisers when it was established in 2005 and served as a board member.

16. As the head of research and investment, as well as a board member of FIM, Mr. Robertson has first-hand knowledge of the operations and due diligence process of FIM. Many of FIM's employees that performed due diligence on behalf of FIM reported directly to Mr. Robertson.

17. In his role, Mr. Robertson would have had knowledge of the due diligence performed on the Kingate Funds. Mr. Robertson himself participated in the due diligence process. Mr. Robertson also advised FIM's investors on whether to invest in Kingate.

18. Mr. Robertson also had a close relationship with Grosso and has knowledge regarding Grosso's instructions with respect to performing due diligence on the Kingate Funds. Furthermore, Mr. Robertson frequently participated in meetings with investors at which the Kingate Funds were discussed, including meetings where investors raised concerns about the Kingate Funds and asked questions about due diligence, and therefore has direct knowledge of the content of those discussions. Mr. Robertson was integral to the operations of FIM and his high level position at the firm exposed him to the decisions made regarding the Kingate Funds' operations and policies.

19. Mr. Robertson sent and received many communications regarding the Kingate Funds in his capacity as head of research at FIM, and he possesses knowledge and potentially documents regarding the contents of these communications, which are relevant to the allegations contained in the Fourth Amended Complaint.

20. Mr. Robertson's knowledge and documents are essential to the prosecution of the Trustee's claims in this adversary proceeding.

21. Specifically, the Trustee anticipates that Mr. Robertson will be able to provide further information in relation to the issues and allegation contained in paragraphs 4, 5, 7, 49, 50, 51, 52, 53, 101, 104, 110, 112, 115-118, 120, 122-134, 137-141, 146-241 of the Fourth Amended Complaint.

22. For the above reasons, the Trustee believes that the Proposed Letter of Request is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
January 26, 2018

                                              Respectfully submitted,

                                              */s/ Gonzalo S. Zeballos*
                                              **Baker & Hostetler LLP**
                                              45 Rockefeller Plaza
                                              New York, New York 10111
                                              Telephone: (212) 589-4200
                                              Facsimile: (212) 589-4201
                                              David J. Sheehan
                                              Email: dsheehan@bakerlaw.com
                                              Geraldine E. Ponto
                                              Email: gponto@bakerlaw.com
                                              Gonzalo S. Zeballos
                                              Email: gzeballos@bakerlaw.com
                                              Michelle R. Usitalo
                                              Email: musitalo@bakerlaw.com

                                              *Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To:    Susheel Kirpilani
        Robert Loigman
        Rex Lee
        Lindsay Weber
        Jordan Harap
        Quinn Emmanuel Urquhart & Sullivan LLP
        51 Madison Avenue
        New York, New York 10010