**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos
Michelle R. Usitalo

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | Adv. Pro. No. 09-01161 (SMB) |
| Plaintiff, | |
| v. | |
| FEDERICO CERETTI, *et al.* | |
| Defendants. | |

## APPLICATION FOR THE ISSUANCE OF LETTER OF REQUEST

1. Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), which has been substantively consolidated with the bankrupt estate of Bernard L. Madoff, through his attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Royal Courts of Justice for the examination of United Kingdom resident, Mr. Christopher Peel.

2. This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and the United Kingdom are signatories.

3. Mr. Peel is a foreign citizen and non-party who is located in Berkshire, United Kingdom. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4. Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale (Fourth Amended Complaint ¶ 1).

5. His fraud was sustained by infusions from around the globe. In particular, domestic and foreign investment vehicles colloquially known as "feeder funds" injected several billions of dollars into his scheme. (*Id*.).

6. Included among these feeder funds were Kingate Global Fund, Ltd., In Liquidation and Kingate Euro Fund, Ltd., In Liquidation ("Kingate Euro" and with Kingate Global, "Kingate Funds"). (*Id*.).

7. Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds. Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id*. ¶¶ 2-3).

8. Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). Together, KML and FIM (collectively, the "Kingate Managers") purported to "advise," "consult," and "manage" the Kingate Funds. (*Id*. ¶¶ 4-5).

9. The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**Mr. Peel's Connection to the Kingate Funds**

10. This Application concerns the examination under oath of Mr. Peel.

11. FIM Limited was established in 1981 by Grosso. (*Id*. ¶ 35, 49). It acted as an asset manager of high net worth individuals. Ceretti joined FIM Limited in 1986. In the early 1990s,

FIM Limited's business focused on managing funds of funds. (*Id.* ¶ 104). In 2004, Ceretti and Grosso co-founded FIM Advisers and in August 2005 FIM Advisers took over the business of FIM Limited. (*Id.* ¶¶ 36, 52).

12. In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. (*Id.* ¶¶ 5, 51, 112). FIM Advisers replaced FIM Limited in 2005. (*Id.* ¶ 112). In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds. (*Id.* ¶ 53).

13. FIM had a robust due diligence process and marketed itself to the public accordingly. (*Id.* ¶¶ 122-27). The Kingate Funds were among those listed in FIM's reports as being funds for which FIM was responsible. The FIM funds' investments into the Kingate Funds should have also included due diligence on the Kingate Funds and BLMIS. The diligence is relevant to these proceedings because it would reflect cumulative knowledge that can be imputed to the Kingate Funds via Ceretti and Grosso.

14. On June 30, 2011, as part of the Trustee's ongoing investigation, the Trustee's counsel spoke with Mr. Peel about matters relating to the Kingate Funds ("Interview"). Mr. Peel, on a voluntary basis, provided the Trustee with information directly relevant to the Trustee's allegations in the Fourth Amended Complaint. Through the Letter of Request the Trustee seeks to obtain this same information from Mr. Peel in an evidentiary forum that would be admissible in the United States Bankruptcy Court. The Trustee's questions will be largely limited to the information provided by Mr. Peel during the Interview.

15. Mr. Peel was a Managing Director at FIM Limited. He worked in the Research Group, and specifically the Specialist Alternative Asset Management Group, from July 2003 through October 2004. In his role, Mr. Peel performed due diligence on FIM's funds.

16. Mr. Peel spoke with Grosso on multiple occasions to discuss the due diligence, or lack thereof, performed on the Kingate Funds and BLMIS. Mr. Peel expressed concern to Grosso about the Kingate Funds and BLMIS.

17. Mr. Peel also spoke with other FIM employees, including William Gilmore and Paul Boulton, about the information received from BLMIS about the Kingate Funds, and FIM's analysis of that information. In addition, Mr. Peel expressed concerns to Grosso and other FIM employees about the conflict of interest that existed as a result of FIM's relationship with KML.

18. The Trustee anticipates that Mr. Peel will have first-hand knowledge of:

   a. the conversations when Mr. Peel expressed concerns about the Kingate Funds and BLMIS to Grosso;

   b. FIM's operations and due diligence process; and

   c. Grosso's instructions to FIM employees regarding applying FIM's strict due diligence standards to the Kingate Funds and BLMIS.

19. Mr. Peel's performance of due diligence at FIM, his concerns about the due diligence performed on the Kingate Funds and BLMIS, and his conversations with Grosso and other FIM employees about these concerns make it clear that Mr. Peel has first-hand knowledge pertaining to several allegations in the Fourth Amendment Complaint.

20. Specifically, the Trustee anticipates that Mr. Peel will be able to provide further information in relation to the issues and allegation contained in paragraphs 4, 5, 7, 49, 50, 51, 52, 53, 101, 104, 110, 112, 115-118, 120, 122-134, 137-141, 146-241 of the Fourth Amended Complaint.

21. For the above reasons, the Trustee believes that the Proposed Letter of Request is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
January 26, 2018

        Respectfully submitted,

        */s/ Gonzalo S. Zeballos*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com
Michelle R. Usitalo
Email: musitalo@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To:    Susheel Kirpilani
       Robert Loigman
       Rex Lee
       Lindsay Weber
       Jordan Harap
       Quinn Emmanuel Urquhart & Sullivan LLP
       51 Madison Avenue
       New York, New York 10010