**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br> v. <br><br> BNP PARIBAS S.A.,  BNP PARIBAS ARBITRAGE SNC, BNP PARIBAS BANK & TRUST (CAYMAN) LIMITED, and BNP PARIBAS SECURITIES SERVICES S.A., <br><br> Defendants. | Adv. Pro. No. 12-01576 (SMB) |

**DECLARATION OF JONATHAN A. FORMAN, ESQ. IN SUPPORT OF THE**
**TRUSTEE'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS**

Jonathan A. Forman, Esq. hereby declares as follows:

1. I am a member of the Bar of the State of New York and this Court, and counsel at Baker & Hostetler LLP, attorneys for the Trustee.

2. I am fully familiar with the facts set forth herein based either upon my own personal knowledge or information conveyed to me that I believe to be true. I make this Declaration in support of the Trustee's motion to compel defendants BNP Paribas S.A., BNP Paribas Arbitrage SNC, BNP Paribas Securities Services S.A., and BNP Paribas Bank & Trust (Cayman) Limited (collectively, "Defendants") to produce documents.

3. On May 4, 2012, the Trustee initiated the above-captioned action (the "Action"). *Picard v. BNP Paribas S.A.*, Adv. Pro. No. 12-01576 (Bankr. S.D.N.Y.) (ECF No. 1).

4. On July 26, 2012, Defendants moved to withdraw the reference in this Action so that, among other things, the District Court for the Southern District of New York ("District Court") could determine whether the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), applied extraterritorially. *Id.* at ECF No. 12.

5. On July 6, 2014, the District Court entered an Opinion and Order holding that SIPA did not apply extraterritorially and finding that the international comity doctrine may preclude certain of the Trustee's claims. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222 (S.D.N.Y. 2014). The District Court then instructed the Bankruptcy Court to dismiss the Trustee's claims in this Action, and other related actions, to the extent the international comity doctrine applies or the Trustee seeks to recover purely foreign transfers.

6. On July 31, 2014, the District Court returned Defendants' motion to withdraw the reference to the Bankruptcy Court. *BNP Paribas*, ECF No. 28.

7. On December 18, 2014, the Bankruptcy Court entered a scheduling order that, among other things, held in abeyance all issues in this Action except those related to whether the

1

Trustee's claims seek to recover purely foreign transfers and whether the international comity doctrine precludes the Trustee's claims. *Id.* at ECF No. 50.

8. On January 5, 2015, Defendants moved to dismiss this Action in its entirety on the grounds that the Trustee's claims sought to recover purely foreign transfers and were otherwise precluded under the international comity doctrine. *Id.* at ECF No. 52.

9. On November 22, 2016, the Bankruptcy Court issued a decision that granted in part Defendants' motion to dismiss this Action on the international comity ground, ordered the dismissal of certain of the claims and parties in this Action, and granted the Trustee leave to amend the surviving claims. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016).

10. On March 9, 2017, the Bankruptcy Court's order regarding the dismissal of certain claims and parties in this Action became final. *BNP Paribas*, ECF No. 88.

11. On August 30, 2017, the Trustee filed his amended complaint in this Action. *Id.* at ECF No. 100.

12. On October 25, 2017, Defendants moved to dismiss the amended complaint. The parties have fully briefed this motion and will present oral argument on March 6, 2018. *Id.* at ECF No. 107.

13. On October 27, 2017, the Trustee sent a letter to Defendants requesting a conference between the parties to agree on a proposed discovery plan under Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)") during the week of November 13, 2017. Attached hereto as **Exhibit A** is a true and correct copy of the letter from Joanna F. Wasick, Esq. to Ari D. MacKinnon, Esq. dated October 27, 2017 requesting a Rule 26(f) conference.

14. With his October 27, 2017 letter, the Trustee enclosed his First Set of Requests for Production of Documents for each Defendant, under Rule 34 of the Federal Rules of Civil

2

Procedure (collectively, the "Requests"). The Trustee tailored the Requests to target relevant information with respect to the claims and defenses in this Action and limited them in the first instance to 86 total unique document requests. Attached hereto as **Exhibits B – E** are true and correct copies of the Requests.

15. The Trustee also enclosed with his October 27, 2017 letter a list of relevant individuals who were involved with Defendants' BLMIS-related business activities (the "Employee List") and requested that Defendants identify whether those individuals are still employed by Defendants, or any of their affiliates, and/or are otherwise represented by Defendants' counsel. Attached hereto as **Exhibit F** is a true and correct copy of the Employee List.

16. On November 9, 2017, after two weeks of not receiving any response from Defendants with respect to his October 27, 2017 letter, the Trustee called Defendants, left a voicemail, and followed up with an email. Attached hereto as **Exhibit G** is a true and correct copy of the email from Jonathan A. Forman, Esq. to Ari D. MacKinnon, Esq. dated November 9, 2017.

17. On November 13, 2017, Defendants responded to the Trustee's October 27, 2017 letter via a letter in which Defendants declined the Trustee's invitation to hold a Rule 26(f) conference on the grounds that they deemed the Requests "premature" and "extremely broad," and because, in their view, "no further discovery should take place in this matter until after the Court has decided the pending motion to dismiss the amended complaint in this action." Attached hereto as **Exhibit H** is a true and correct copy of a letter from Ari D. MacKinnon, Esq. to Joanna F. Wasick, Esq. dated November 13, 2017.

18. On November 16, 2017, the Trustee sent a letter to Defendants reminding them of their obligation under Rule 26(f) to meet and confer with the Trustee and noting that their motion

3

to dismiss did not automatically stay discovery in this Action. The letter also noted that the legal requirements for a discovery stay are not present and asked Defendants to reconsider the Trustee's request for a Rule 26(f) conference. Attached hereto as **Exhibit I** is a true and correct copy of a letter from Joanna F. Wasick, Esq. to Ari D. MacKinnon, Esq. dated November 16, 2017.

19. On November 28, 2017, Defendants sent a letter to the Trustee once again declining his request for the parties to hold a Rule 26(f) conference on the grounds that such a conference would be "premature" and "futile." Attached hereto as **Exhibit J** is a true and correct copy of a letter from Ari D. MacKinnon, Esq. to Joanna F. Wasick, Esq. dated November 28, 2017.

20. Shortly after filing its opposition to Defendants' motion to dismiss, the Trustee sent a letter to the Honorable Stuart M. Bernstein on December 21, 2017, requesting a conference so that the Bankruptcy Court could direct Defendants to meet and confer with the Trustee under Rule 26(f). The Trustee explained in his letter that the Federal Rules of Civil Procedure and the rules of the Bankruptcy Court require this conference so the parties can plan discovery and case administration. The letter also noted that the Trustee was willing to submit this discovery dispute to the Bankruptcy Court-appointed Discovery Arbitrator in the interests of judicial economy. Attached hereto as **Exhibit K** is a true and correct copy of a letter from Jonathan A. Forman, Esq. to the Honorable Stuart M. Bernstein dated December 21, 2017, omitting enclosures.

21. On December 27, 2017, Defendants sent a letter to Judge Bernstein indicating they "intend to file a motion to stay discovery in short order" and asking that Judge Bernstein "refrain from scheduling an informal conference concerning this matter until the motion to stay

4

discovery is briefed." Attached hereto as **Exhibit L** is a true and correct copy of a letter from Ari D. MacKinnon, Esq. to the Honorable Stuart M. Bernstein dated December 27, 2017.

22. The Bankruptcy Court declined Defendants' request, and instead held a conference with the parties on January 23, 2018.

23. During the January 23, 2018 conference, the Trustee explained that the parties were at a standstill because Defendants refused to participate in a Rule 26(f) conference. After hearing from both parties, Judge Bernstein directed the parties to "have the [Rule 26(f)] conference," deemed each of the Requests served as of January 23, 2018, and directed that, if the parties were unable to resolve the discovery dispute amicably, the "only way that this is going to move along" would be for the Trustee to move the Bankruptcy Court to compel Defendants to produce documents. (Emphasis added.) Judge Bernstein also cautioned Defendants not to argue that the Requests are "too burdensome" without any "evidence of what the burden is." Attached hereto as **Exhibit M** is a true and correct copy of the transcript of the January 23, 2018, conference in this Action.

24. Immediately following the conference, the Trustee emailed Defendants to schedule an in-person meeting for the end of that week or the beginning of the following week. On January 24, 2018, Defendants responded by email that they were available for a phone call with the Trustee the following week, but asserted that they "would not view such a conference as triggering any other discovery obligations under the Rules." On January 25, 2018, the Trustee emailed Defendants to: (i) request an in-person conference; (ii) assert that the Bankruptcy Court made it clear during the January 23, 2018 conference that the parties should have a Rule 26(f) conference to discuss Defendants' compliance with the Requests; and (iii) note that the Trustee intends to "follow the Court's direction in a good faith attempt to come to an agreement on discovery and case administration." On January 28, 2018, Defendants emailed the Trustee to

5

confirm their willingness to meet on January 30, 2018. Attached hereto as **Exhibit N** is a true and correct copy of a series of emails exchanged between the Trustee and Defendants between January 23, 2018 and January 28, 2018.

25. On January 30, 2018, the Trustee and Defendants met and conferred at the offices of Defendants' counsel. During this conference, Defendants maintained their position that this conference was not a Rule 26(f) conference and that they believed they were under no discovery obligations under the Federal Rules of Civil Procedure. The Trustee made clear that the Court directed the parties to meet and confer under Rule 26(f). Further, the Trustee made clear that when the Court deemed the Requests served as of January 23, 2018, that triggered certain discovery deadlines for Defendants under the Federal Rules of Civil Procedure, including their requirement to comply with, or otherwise respond to, the Requests.

26. Defendants maintained they will not produce any documents to the Trustee because they believe that <u>every document request</u> contained in the Requests is entirely premature, overbroad, and unduly burdensome. When given the opportunity, Defendants refused to propose any extrajudicial compromise or solution to this dispute. Instead, Defendants made plain that they would only comply with the Requests, or any other discovery obligation, by court order. Defendants insisted that the parties set a briefing schedule so that they could bring the issue before the Court again. Defendants rejected the Trustee's offer to submit this dispute to the Discovery Arbitrator and insisted they wanted the Bankruptcy Court to resolve it.

27. When the Trustee asked Defendants to particularize their categorical objection that the Requests are unduly burdensome, they offered the blanket statement that Defendants are foreign entities with information subject to foreign data privacy laws. Defendants refused to particularize their categorical objections further, did not elaborate on their efforts to preserve relevant information, and did not make any specific objections to any of the Requests. In fact,

6

when the Trustee asked Defendants whether they would be willing to respond to any of the Requests, Defendants repeated the same boilerplate objections, that the Requests were all premature, overbroad, and unduly burdensome.

28.  As a further good faith attempt to resolve this dispute, the Trustee proposed to hold discovery in abeyance until the Bankruptcy Court adjudicates Defendants' motion to dismiss the amended complaint, so long as Defendants: (i) produced documents that are located in, or accessible from, the United States and responsive to 29 of the 86 production requests in the Requests; and (ii) identified the individuals from the Employee List whom Defendants' legal counsel purports to represent in this Action or any related action.

29.  The Trustee promised to memorialize this proposal by email and identify all 29 of the production requests that are part of the Trustee's proposal. Defendants promised to take this proposal under advisement and respond by Friday, February 2, 2018. In the event Defendants rejected the Trustee's proposal, the parties tentatively agreed to a briefing schedule for a motion to compel discovery.

30.  A few hours after the Rule 26(f) conference ended, Defendants emailed the Trustee to renegotiate the tentative briefing schedule under the premise that it would be improper for the Trustee to move to compel discovery before February 22, 2018, as that would be the technical deadline under the Federal Rules of Civil Procedure for Defendants to comply with, or otherwise respond to, the Requests. On January 31, 2018, the Trustee emailed Defendants to confirm that motion practice would be unnecessary if Defendants agreed to his proposal to engage in limited domestic document discovery until the Bankruptcy Court adjudicates Defendants' motion to dismiss the amended complaint. The Trustee further explained that a motion to compel would be ripe for filing if Defendants rejected his proposal, in light of Defendants' numerous claims before and during the parties' Rule 26(f) conference that they

7

categorically objected to <u>each</u> of the Requests and that they would neither respond to the Requests (because, in their minds, discovery in this Action had not yet begun) nor make any production. On February 1, 2018, Defendants emailed the Trustee to question once more the permissibility of a motion to compel. Defendants also appeared to indicate they likely would not accept the Trustee's proposal for limited domestic discovery by reaffirming their position that discovery is premature at this stage and that Defendants "should refrain from engaging in discovery until the Court decides [their] motion to dismiss . . . ." To that end, Defendants proposed a briefing schedule for a motion for a discovery stay in this Action. On February 2, 2018, the Trustee emailed Defendants to explain once more that the parties can avoid judicial intervention if Defendants accept the Trustee's proposal to engage in limited domestic document discovery, and that Defendants should respond whether they accept his proposal. On February 8, 2018, Defendants rejected the Trustee's proposal based on the same general objections that Defendants had asserted over the past three months—discovery was "premature" and the proposed requests were "extremely broad and burdensome." Defendants neither offered a counterproposal nor identified circumstances under which they would produce documents. Instead, Defendants suggested filing a motion to stay discovery on February 12, 2018, "to get this matter before the Court in an expeditious manner . . . ." Attached hereto as **Exhibit O** is a true and correct copy of a series of emails exchanged between the Trustee and Defendants between January 30, 2018 and February 8, 2018.

31. There has been no discovery in this Action since the Trustee filed his initial complaint in May 2012. Prior to the initiation of this Action, BNP Paribas S.A. produced 1,705 documents from two of its U.S. branch offices relating to two BLMIS accounts it serviced in response to the Trustee's Bankruptcy Rule 2004 subpoena. Defendants did not provide any written discovery or permit any depositions. The limited documents that BNP Paribas produced

included very few emails, and did not include the credit facility agreements for any of the BLMIS Feeder Funds or other documents that are central to the Trustee's claims here.

32. No application for similar relief has been made.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: February 9, 2018
      New York, New York

                                           */s/ Jonathan A. Forman*
                                              Jonathan A. Forman