# EXHIBIT I

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Joanna F. Wasick
direct dial: 212.589.4635
jwasick@bakerlaw.com

November 16, 2017

**VIA FIRST CLASS AND ELECTRONIC MAIL**

Ari D. MacKinnon, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
amackinnon@cgsh.com

Re:    *Picard v. BNP Paribas S.A. et al.*, Adv. Pro. No. 12-01576 (SMB)

Dear Mr. MacKinnon:

On behalf of the Trustee in the above-referenced adversary proceeding, we write to respond to your letter dated November 13, 2017, in which you decline our request for a Rule 26(f) conference.

As you know, discovery is not automatically stayed upon the filing of a motion to dismiss. *See, e.g., In re Chase Manhattan Corp. Secs. Litig.*, No. 90 Civ. 6092 (LMM), 1991 WL 79432, *1 (S.D.N.Y. May 7, 1991) (denying motion to stay discovery where plaintiffs had not yet responded to the motion to dismiss and "defendants' counsel apparently ha[d] strong objections to the breadth of the outstanding discovery requests, and plaintiffs' counsel ha[d] suggested discussions with a view towards resolution of such objections"). Cases you cite in your November 13 letter recognize this default rule. *See, e.g., Boelter v. Hearst Comms., Inc.*, No. 15 Civ. 03934 (AT), 2016 WL 361554, *4 (S.D.N.Y. Jan. 28, 2016) ("Although discovery may be stayed pending the outcome of a motion to dismiss, 'the issuance of a stay is by no means automatic.'"). The Court has not issued a discovery stay in this proceeding, and absent a protective order supported by a showing of good cause, you are obligated to meet and confer with us regarding the requests in our letter dated October 27, 2017.

Moreover, there is no good cause to stay discovery here. Unlike the cases cited in your letter, you have not prevailed on a motion for a preliminary injunction, nor did you assert threshold arguments for dismissal, such as lack of subject matter jurisdiction and lack of standing. *Boelter*, 2016 WL 361554, *5; *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Perf. Ltd.*, 297 F.R.D. 69, 73-74 (S.D.N.Y. 2013). Further, the factors used to determine whether discovery

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

November 16, 2017
Page 2

should proceed weigh in the Trustee's favor. First, the Trustee was unable until now to initiate formal discovery due to various procedural detours (including the prior motion to dismiss this adversary proceeding, on which the Trustee prevailed). Additional delay will cause further prejudice. Second, our requests for production are proportional to the claims at issue, especially given your clients' long relationship with BLMIS and numerous BLMIS feeder funds. That stated, we are willing to discuss narrowing the scope and staging of these requests during a meet and confer. Finally, we disagree as to the strength of your motion to dismiss, as we have alleged specific facts reflecting your clients' willful blindness in this matter, as well as a reasonable basis for jurisdiction.

We ask that you reconsider your refusal to meet, and provide a response to this letter by November 28. We otherwise reserve all other arguments and rights, including seeking appropriate relief from the court.

Sincerely,

*Joanna Wasick*

Joanna F. Wasick