# EXHIBIT J

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212 225 2243
amackinnon@cgsh.com

VICTOR I. LEWKOW
LESLIE N. SILVERMAN
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL

ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN

ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
HUMAYUN KHALID
CHRIS C. LEE
KENNETH S. BLAZEJEWSKI
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

November 28, 2017

VIA FIRST CLASS MAIL AND EMAIL

Joanna F. Wasick, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re: *Irving H. Picard, Trustee v. BNP Paribas S.A. et al.* (Adv. Pro. No. 12-01576)

Dear Ms. Wasick:

      I write on behalf of BNP Paribas S.A., BNP Paribas Arbitrage SNC, BNP Paribas Securities Services S.A., and BNP Paribas Bank & Trust (Cayman) Limited (collectively, the "BNPP Defendants"), in response to your letter dated November 16, 2017 (the "November 16 Letter"), in which you reiterate your October 27, 2017 request for a Rule 26(f) conference (the "Request"). As we previously indicated in our letter dated November 13, 2017 (the "November 13 Letter"), we continue to believe that the Request is premature due to the pending motion to dismiss in the above-referenced action (the "Motion to Dismiss"), which should result in the dismissal of this entire litigation without the need for any further discovery.

      The November 16 Letter fails to rebut our arguments as to why the discovery-stay factors all weigh in favor of the BNPP Defendants' position. *See* Letter from Ari D. MacKinnon to Joanna F. Wasick (Nov. 13, 2017) (analyzing (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the dispositive motion).

      *First*, your claim that the discovery requests are "proportional to the claims at issue" cannot be squared with the number and content of the requests themselves. You have made no less than sixty discovery requests for each BNPP Defendant, covering a period of nearly 30 years, and addressing such overbroad topics as documents concerning feeder funds that are

Joanna F. Wasick, Esq.
Baker & Hostetler LLP, p. 2

not even at issue in this action. In fact, you seem to acknowledge the overbreadth of your requests, offering to consider "narrowing the scope and staging" of the requests.

*Second*, although you claim that "[a]dditional delay will cause further prejudice," you fail to identify any harm that the Trustee would suffer if discovery did not proceed until after the Motion to Dismiss was decided, especially given that the Trustee has already obtained substantial Rule 2004 discovery from the BNPP Defendants and others, and he affirmatively elected to file the amended complaint in this action without seeking any additional discovery.

*Third*, regardless of your bald statement that you "disagree as to the strength of [our] motion to dismiss," the Trustee's allegations regarding the BNPP Defendants' supposed willful blindness are clearly insufficient, based on the Bankruptcy Court's pronouncements on this issue. For instance, the Bankruptcy Court dismissed the *Legacy* complaint even though the Trustee had pleaded specific allegations showing that the *Legacy* defendants were contemporaneously aware of the supposed impossibilities that characterized BLMIS's performance, whereas the Trustee has not made any similar allegations of contemporaneous awareness against the BNPP Defendants. In addition, the Motion to Dismiss raises several other dispositive defenses, including the Section 546(e) safe harbor under the U.S. Bankruptcy Code, the statute of limitations, lack of personal jurisdiction, and insufficient service of process, which likewise should result in the dismissal of all claims against all of the BNPP Defendants. Thus, our arguments for dismissal are "not unfounded in the law," substantial, and more than sufficient to warrant a finding of good cause. *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 CIV. 2120, 1996 WL 101277, at *4–5 (S.D.N.Y. Mar. 7, 1996).[1]

Finally, your effort to distinguish the cases cited in the November 13 Letter has no grounding. Notwithstanding your claim to the contrary, none of these cases conditions a finding of good cause on the filing of a motion for a preliminary injunction or a motion that raises threshold arguments for dismissal.[2] Indeed, other courts in this district have issued stays based on defenses that were not threshold issues and where preliminary injunctions were not issued. *See, e.g., Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 367–68 (S.D.N.Y. 2002) (defendants' "substantial arguments for dismissal" that the claims asserted failed as a matter of law or due to the statute of frauds are sufficient to stay discovery). Moreover, even were the Trustee correct that only threshold issues may support a stay, the BNPP Defendants *have* raised such issues—including personal jurisdiction and the lack of effective service—in the Motion to Dismiss.

---

[1] Your claim that the Trustee prevailed on the prior motion to dismiss is belied by the fact that the majority of his claims were dismissed pursuant to that motion. Stipulated Final Order Granting Part Den. Part Mot. Dismiss Compl. at 5, *Picard v. BNP Paribas S.A.* (Bankr. S.D.N.Y. Mar. 9, 2017), ECF No. 88. The prior failure of the Trustee's complaint to withstand judicial scrutiny provides further support for awaiting the Court's decision on the pending Motion to Dismiss before moving forward with costly (and likely unnecessary) discovery.

[2] *See Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (noting that "none [of the defendant's arguments] are frivolous" and that "succeeding on *each argument alone* may warrant dismissal" (emphasis added)); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 71–72 (S.D.N.Y. 2013) (holding that stay will be granted so long as moving party provides "substantial arguments for dismissal" or "a strong showing that the plaintiff's claim is unmeritorious").

Joanna F. Wasick, Esq.
Baker & Hostetler LLP, p. 3

      For the foregoing reasons, we decline your invitation to hold a Rule 26(f) conference at this time because it would be premature and in any event futile. We otherwise reserve all other rights, defenses, and arguments.

                                          Sincerely,

                                          Ari D. MacKinnon