# EXHIBIT L

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212 225 2243
amackinnon@cgsh.com

VICTOR I. LEWKOW
LESLIE N. SILVERMAN
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
HUMAYUN KHALID
CHRIS C. LEE
KENNETH S. BLAZEJEWSKI
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

December 27, 2017

VIA ECF AND EMAIL

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nysb.uscourts.gov

   Re: *Irving H. Picard, Trustee v. BNP Paribas S.A. et al.* (Adv. Pro. No. 12-01576)

Dear Judge Bernstein:

  On behalf of BNP Paribas S.A., BNP Paribas Arbitrage SNC, BNP Paribas Securities Services S.A., and BNP Paribas Bank & Trust (Cayman) Limited (collectively, the "BNPP Defendants"), we write in response to the Trustee's letter dated December 21, 2017 requesting an informal conference so that the Court may consider directing the BNPP Defendants to meet and confer with the Trustee regarding the scope and timing of discovery under Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(f), and setting a date for a scheduling conference under Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16 (the "December 21 Letter"). The BNPP Defendants intend to file a motion to stay discovery in short order, which will explain why the Trustee's request for discovery is premature at this time. Thus, we ask the Court to refrain from scheduling an informal conference concerning this matter until the motion to stay discovery is briefed.

  Under the applicable legal standards, discovery should be stayed if there is "good cause" to do so. Fed. R. Civ. P. 26(c)(1); Fed. R. Bankr. P. 7026. As we articulated in correspondence with the Trustee's counsel, in the instant case there exists "good cause" to

Judge Bernstein, p. 2

postpone discovery until after the Court has resolved the BNPP Defendants' recently filed motion to dismiss, which will be fully briefed and before the Court by January 19, 2018 (the "Motion").

The Motion raises several dispositive defenses, including: (1) the absence of allegations of actual knowledge, which the Trustee does not dispute; (2) the insufficiency of the Trustee's allegations of willful blindness against the BNPP Defendants; (3) the application of the Section 546(e) safe harbor under the U.S. Bankruptcy Code; (4) the expiration of the statute of limitations on various claims; and (5) lack of personal jurisdiction over the BNPP Defendants. The BNPP Defendants believe that these arguments are strong, will result in the dismissal of all claims remaining in the action, and are thus more than sufficient to stay discovery. *See Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting a discovery stay because "none [of the defendant's arguments] are frivolous" and "succeeding on each argument alone may warrant dismissal"); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 CIV. 2120, 1996 WL 101277, at *4–5 (S.D.N.Y. Mar. 7, 1996) (granting a stay because pending motion to dismiss was "not unfounded in the law" and "appears to have substantial grounds.").

In addition to the strength of the Motion, a finding that good cause exists is especially warranted where, as here, the "breadth of discovery sought" is vast and the "prejudice that would result" from a stay is minimal. *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). The Trustee's broad and numerous requests seek documents spanning over two decades, including regarding Madoff-related feeder funds that are not even at issue in the action, and the Trustee has not articulated how he would be prejudiced if discovery does not begin before the Motion is heard. Under these circumstances, discovery should not proceed.

We were hopeful that the Trustee would suspend his request for discovery until after the Court rules on the Motion, in light of the considerable burden and costs that discovery would impose on the BNPP Defendants, which would be rendered unnecessary by the dismissal of the action, and the lack of prejudice to him if discovery commenced a few months later. Nevertheless, the Trustee insists on pushing for discovery now. As a result, the BNPP Defendants intend to file a motion for a discovery stay so that the Court may resolve this matter.

Sincerely,

*/s/ Ari D. MacKinnon*
Ari D. MacKinnon

cc:   Jonathan A. Forman
      Torello H. Calvani
      Joanna F. Wasick
      Mark A. Kornfeld
      Marco Molina