**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>       Plaintiff,<br><br>v.<br><br>AVRAM J. GOLDBERG, *et al.*,<br><br>       Defendants. | Adv. Pro. No. 10-05439 (SMB) |

**STIPULATION AND ORDER ON:**
**(1) AMENDMENT OF DEFENDANTS' ANSWER,**
**(2) CERTAIN DISCOVERY MATTERS, (3) UNDISPUTED**
**TRANSFERS, (4) OTHER MATTERS, AND (5) RESERVATIONS OF RIGHTS**

  The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and the defendants Avram J. Goldberg, individually and in his capacity as trust officer for the Sidney R. Rabb Trust FBO Carol Goldberg; Carol R. Goldberg,

individually and in her capacity as trustee of the Sidney R. Rabb Trust FBO Carol Goldberg; M. Gordon Ehrlich, in his capacity as trustee of the Sidney R. Rabb Trust FBO Carol Goldberg and as attorney-in-fact for Carol R. Goldberg, Avram J. Goldberg and the Carol R. Goldberg and Avram J. Goldberg Special Account; Sidney R. Rabb Trust FBO Carol Goldberg; and The Avcar Group Ltd. ("Avcar") (collectively referred to as "Defendants"), by and through their respective, undersigned counsel, stipulate and state as follows ("Stipulation"):

## I. STIPULATIONS FOR WITHDRAWAL OF CERTAIN AFFIRMATIVE DEFENSES

1.  Defendants withdraw the following affirmative defenses asserted in Defendants' Answer and Affirmative Defenses filed on or about September 18, 2015 [Doc. No. 44] ("Answer"), and their Answer is deemed so amended:

> Affirmative Defense 16: Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used to pay tax obligations imposed on so-called "fictitious profits" reported on, among other things, IRS Form 1099 and other information reported by Madoff Securities to the Internal Revenue Service, state and/or local governmental taxing authorities.
>
> Affirmative Defense 17: Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or in part, used by the Defendants to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.
>
> Affirmative Defense 19: The claims are barred in whole or part for failure to properly credit inter-account transfers.
>
> Affirmative Defense 21: The Complaint[1] fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from Madoff Securities to the Defendants.
>
> Affirmative Defense 24: Plaintiff's claims are barred, in whole or in part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Complaint (which is denied), any such injury or damage was caused and brought about by the act, conduct or omissions of individuals and/or entities other than Defendants and, therefore, any recovery

---

[1] "Complaint" as used in the quoted text and elsewhere in this Stipulation refers to the Trustee's Amended Complaint filed on January 25, 2012, while the reference of the adversary proceeding was withdrawn to the U.S. District Court for the Southern District of New York.

herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

Affirmative Defense 28: The claims should be dismissed due to Defendants' justifiable reliance on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and SIPC, to oversee and monitor the activities and business of BLMIS.

Affirmative Defense 31: The claims are barred in whole or part for failure to properly credit inter-account transfers.

Affirmative Defense 32: The withdrawals that the Plaintiff seeks to recover were legally compelled under State and federal securities laws.

Affirmative Defense 33: Defendants are not liable for withdrawals they were compelled by law to make.

Affirmative Defense 35: The claims are barred by intervening or superseding events, factors, occurrence, or conditions over which Defendants had no control.

Affirmative Defense 37: Plaintiff's claims are barred because he cannot prove his calculation of the customer's account transactions prior to 1998.

## II. STIPULATIONS FOR AMENDMENT OF CERTAIN AFFIRMATIVE DEFENSES

2. Defendants agree that the following affirmative defenses asserted in their Answer are amended to omit the words highlighted and stricken below, and their Answer is so amended:

Affirmative Defense 2: The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) by, inter alia, (a) failing to describe each specific transfer and its recipients, and improperly combining allegations as to all Defendants, and (d) failing to allege facts sufficient to demonstrate that any transfers ~~allegedly~~ made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of Madoff Securities.

Affirmative Defense 13: The ~~alleged~~ transfers~~, to the extent they were actually received by any Defendant,~~ were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code. They are thus not avoidable or recoverable as against such Defendants under Sections 548 and 550 of the Bankruptcy Code.

Affirmative Defense 14: The ~~alleged~~ transfers~~, to the extent they were actually received by any Defendant~~, were taken without actual fraudulent intent and for value. They are thus not avoidable or recoverable as against the Defendants under Sections 548 and 550 of the Bankruptcy Code.

<u>Affirmative Defense 27</u>: The ~~alleged~~ transfers are not avoidable or recoverable as against any Defendant, in whole and/or in part, because the ~~alleged~~ transfers and/or Defendants' property is exempt from recovery by Plaintiff.

### III.     **STIPULATIONS REGARDING CERTAIN DISCOVERY MATTERS**

3.      Defendants withdraw General Objection 16 to each set of Defendant's Responses and Objections to the Trustee's First Set of Requests for Admission ("Reponses"), dated on or about June 30, 2016, except Defendants reserve the right to supplement or amend their Responses as may be warranted by the discovery of additional information or documents after the date of this Stipulation. General Objection 16 reads:

> Defendant's Responses to these Requests are based upon information and writings available to and located by its attorneys as of the date of these Responses. Defendant has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed its preparation for trial. The information supplied herein is based only on such information and documents that are reasonably available and specifically known to Defendant and its attorneys as of the date of these Responses. Therefore, Defendant's Responses are made without prejudice to Defendant's right to supplement or amend the Responses, and to present at trial or other proceeding evidence discovered and produced hereafter.

4.      Defendants withdraw General Objection 18(b) to each set of Defendant's Responses and Objections to the Trustee's First Set of Requests for Admission ("Reponses") dated on or about June 30, 2016. General Objection 18 reads:

> In providing these Responses, Defendant does not in any way waive or intend to waive, but rather intends to preserve and does hereby preserve:
>
> a. All objections as to relevancy, materiality and admissibility; and
> b. All rights to object on any ground to the use of these Responses as evidence in this or any other action, or in any subsequent proceeding.

The use of the Responses in further proceedings in this litigation shall be governed by Rule 36 of the Federal Rules of Civil Procedure (incorporated by Rule 7036 of the Federal Rules of Bankruptcy Procedure).

**IV.    STIPULATIONS REGARDING UNDISPUTED TRANSFERS**

   **A. Avcar Account (No. 1G0104)**

   5.    Defendant Avcar maintained account number 1G0104 at BLMIS, opened on or about July 26, 1995, until December 11, 2008 (the "1G0104 Account").

   6.    Exhibit B to the Trustee's Complaint with respect to the 1G0104 Account, which is incorporated herein by reference and attached hereto as Exhibit 1, accurately reflects the complete history of the cash deposits, other credits, and withdrawal transactions affecting the principal balance calculation of the 1G0104 Account reflected in Columns 4 and 5 of the pages of Exhibit B to the Complaint ("Exhibit B") relating to that account.

   7.    Avcar received all of the funds withdrawn from the 1G0104 Account in the withdrawal transactions reflected in the pages of Exhibit B relating to that account.

   8.    From July 26, 1995 to July 21, 2008 (the "1G0104 Account Duration Period"), Avcar made deposits of cash and other principal into, and took cash withdrawals from, the 1G0104 Account.

   9.    During the 1G0104 Account Duration Period, Avcar deposited $3,761,677 in cash plus other principal equal in value to $653,868 into the 1G0104 Account, for a total of $4,415,545 in deposits or other additions of principal to the 1G0104 Account.

   10.   During the 1G0104 Account Duration Period, Avcar withdrew $4,809,300 in cash from the 1G0104 Account, and transferred an amount of principal equal to $121,235 to another BLMIS account, for a total of $4,930,535 in withdrawals from the 1G0104 Account.

   11.   During the 1G0104 Account Duration Period, Avcar withdrew in cash a total of $514,990 more than the total of cash and other principal deposited or transferred into the 1G0104 Account.

   12.   All of the withdrawals from the 1G0104 Account were processed and paid by

BLMIS under written instructions from Avcar.

13. The entire amount of the $514,990 referenced in paragraph 11 above was withdrawn from BLMIS during the period between December 11, 2006 and December 11, 2008.

### B. Carol Goldberg and Avram Goldberg Account (No. 1G0289)

14. Defendants Carol Goldberg and Avram Goldberg maintained account number 1G0289 at BLMIS, opened on or about September 2, 1997, until December 11, 2008 (the "1G0289 Account").

15. Exhibit B to the Trustee's Complaint with respect to the 1G0289 Account, which is incorporated herein by reference and attached hereto as Exhibit 2, accurately reflects the complete history of the cash deposits, other credits and withdrawal transactions affecting the principal balance calculation of the 1G0289 Account reflected in Columns 4 and 5 of the pages of Exhibit B relating to that account.

16. Carol Goldberg and Avram Goldberg received all of the funds withdrawn from the 1G0289 Account in the withdrawal transactions reflected in the pages of Exhibit B relating to that account.

17. From September 2, 1997 to September 30, 2008 (the "1G0289 Account Duration Period"), Carol Goldberg and Avram Goldberg made deposits of cash and other principal into, and took cash withdrawals from, the 1G0289 Account.

18. During the 1G0289 Account Duration Period, Carol Goldberg and Avram Goldberg deposited $8,472,016 in cash plus other principal equal in value to $121,235 into the 1G0289 Account, for a total of $8,593,251 in deposits or other additions of principal to the 1G0289 Account.

19. During the 1G0289 Account Duration Period, Carol Goldberg and Avram Goldberg withdrew $8,829,730 in cash from the 1G0289 Account, and transferred an amount of principal

equal to $153,868 to another BLMIS account, for a total of $8,983,598 in withdrawals from the 1G0289 Account.

20. During the 1G0289 Account Duration Period, Carol Goldberg and Avram Goldberg withdrew in cash a total of $390,347 more than the total of cash and other principal deposited or transferred into the 1G0289 Account.

21. All of the withdrawals from the 1G0289 Account were processed and paid by BLMIS under written instructions from Carol Goldberg and/or Avram Goldberg.

22. The entire amount of the $390,347 referenced in paragraph 20 above was withdrawn from BLMIS during the period between December 11, 2006 and December 11, 2008.

### C. Sidney Rabb Trust (Account No. 1R0182)

23. Defendant Sidney R. Rabb Trust FBO Carol R. Goldberg (the "Rabb Trust"), whose trustees were Carol Goldberg, Avram Goldberg and M. Gordon Ehrlich (collectively referred to with the Rabb Trust as the "Rabb Trust Defendants"), maintained account number 1R0182 at BLMIS, opened on or about December 31, 1999, until December 11, 2008 (the "1R0182 Account").

24. Exhibit B to the Trustee's Complaint with respect to the 1R0182 Account, which is incorporated herein by reference and attached hereto as Exhibit 3, accurately reflects the complete history of the cash deposit and withdrawal transactions affecting the principal balance calculation of the 1R0182 Account reflected in Columns 4 and 5 of the pages of Exhibit B relating to that account.

25. The Rabb Trust received all of the funds withdrawn from the 1R0182 Account in the withdrawal transactions reflected in the pages of Exhibit B relating to that account.

26. From December 13, 1999 to November 26, 2008 (the "1R0182 Account Duration

Period"), the Rabb Trust Defendants made deposits of cash into, and took cash withdrawals from, the 1R0182 Account.

27.    During the 1R0182 Account Duration Period, the Rabb Trust Defendants deposited a total of $3,784,955 in cash into the 1R0182 Account.

28.    During the 1R0182 Account Duration Period, the Rabb Trust Defendants withdrew, and the Rabb Trust received, a total of $4,108,600 in cash from the 1R0182 Account.

29.    During the 1R0182 Account Duration Period, the Rabb Trust Defendants withdrew in cash, and the Rabb Trust received, a total of $323,645 more than the Rabb Trust Defendants deposited into the 1R0182 Account.

30.    The entire amount of the $323,645 referenced in paragraph 29 above was withdrawn from BLMIS during the period between December 11, 2006 and December 11, 2008.

## V.  OTHER STIPULATIONS

### A.  Preservation of Documents

31.    Defendants and Plaintiff agree to preserve all documents relevant to this Adversary Proceeding in their possession, custody or control through the time of trial and any appeals of this Adversary Proceeding

32.    If they have not already done so, Defendants will promptly instruct third party Kahn, Litwin, Renza & Co., Ltd., in writing, to preserve all documents relevant to this Adversary Proceeding in its possession, custody or control including through the time of trial and any appeals of this Adversary Proceeding.

### B.  Persons with Knowledge of Facts

33.    Defendants know of no persons with personal knowledge of the 1G0104 Account, the 1G0289 Account, and the 1R0182 Account other than Avram Goldberg, Carol Goldberg,

Joshua Goldberg, David Desmarais and Charles Cheever.

## VI. RESERVATIONS OF RIGHTS, AND MISCELLANEOUS PROVISIONS

34. By executing this Stipulation, Defendants in no way concede or admit liability under Sections 548 or 550 of the Bankruptcy Code or under any other provision of the Bankruptcy Code, the SIPA, or any other law.

35. This Stipulation is without prejudice to: (a) the Trustee's right to seek leave to amend the Complaint to assert claims to avoid and/or recover any additional or other transfers to Defendants, including subsequent transfers of the initial transfers alleged in the Complaint, as may be determined through the Trustee's continuing investigation and through discovery (except to the extent that such additional claims are barred by the 546(e) Decision, the June 2 Decision, any other court ruling or decision, and/or by any applicable statutes of limitation); and (b) the Defendants' or any proposed additional defendants' right to oppose any such amendment.

36. This Stipulation is without prejudice to Defendants' rights to oppose and defend against the claims remaining in the Complaint and against any further claims that may be asserted by the Trustee with respect to additional, other or subsequent transfers (if any) after application of the 546(e) Decision, the June 2 Decision, and/or any other court ruling or decision.

Dated:  New York, New York
February 19, 2018

| **BAKER & HOSTETLER LLP** | **PRYOR CASHMAN LLP** |
|---|---|
| By: /s/ *Nicholas J. Cremona* <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: 212.589.4200 <br> Facsimile: 212.589.4201 <br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Nicholas J. Cremona <br> Email: ncremona@bakerlaw.com <br> Dean D. Hunt <br> Email: dhunt@bakerlaw.com <br> Farrell A. Hochmuth <br> Email: fhochmuth@bakerlaw.com | By: /s/ *Richard Levy, Jr.* <br> 7 Times Square <br> New York, New York 10036 <br> Telephone: (212) 421-4100 <br> Facsimile: (212) 326-0806 <br> Richard Levy, Jr. <br> Email: rlevy@pryorcahsman.com <br> David C. Rose <br> Email: drose@pryorcashman.com <br> Eric D. Dowell <br> Email: edowell@pryorcashman.com <br><br> *Attorneys for Defendants* |

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

So Ordered this **21st** day of **February**, 2018.

**/s/ STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**BLMIS ACCOUNT NO. 1G0104 - AVRAM J GOLDBERG THE AVCAR GROUP, LTD**

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/26/1995 | CHECK | 1,000,000 | 1,000,000 | - | - | - | 1,000,000 | - | - | - |
| 9/2/1997 | TRANS TO 1G028930 | (121,235) | - | - | - | (121,235) | 878,765 | - | - | - |
| 1/22/1999 | TRANS FROM 1G028930 | 153,868 | - | - | 153,868 | - | 1,032,633 | - | - | - |
| 9/1/1999 | CHECK | (370,000) | - | (370,000) | - | - | 662,633 | - | - | - |
| 4/12/2000 | CHECK | (280,000) | - | (280,000) | - | - | 382,633 | - | - | - |
| 6/1/2000 | CHECK | (70,000) | - | (70,000) | - | - | 312,633 | - | - | - |
| 8/16/2000 | CHECK | (100,000) | - | (100,000) | - | - | 212,633 | - | - | - |
| 12/18/2000 | CHECK | (214,000) | - | (214,000) | - | - | (1,367) | - | - | - |
| 5/23/2001 | CHECK | (258,500) | - | (258,500) | - | - | (259,867) | - | - | - |
| 10/18/2002 | CHECK | (128,000) | - | (128,000) | - | - | (387,867) | - | - | - |
| 12/19/2002 | CHECK WIRE | 323,000 | 323,000 | - | - | - | (64,867) | - | - | - |
| 11/19/2003 | CHECK WIRE | 347,941 | 347,941 | - | - | - | 283,074 | - | - | - |
| 12/15/2003 | CHECK | (110,000) | - | (110,000) | - | - | 173,074 | - | - | - |
| 2/3/2004 | CHECK | (150,000) | - | (150,000) | - | - | 23,074 | - | - | - |
| 3/19/2004 | CHECK | (65,000) | - | (65,000) | - | - | (41,926) | - | - | - |
| 7/12/2004 | TRANS FROM 1A010930 | 500,000 | - | - | 500,000 | - | 458,074 | - | - | - |
| 11/18/2004 | CHECK WIRE | 1,690,736 | 1,690,736 | - | - | - | 2,148,810 | - | - | - |
| 8/16/2005 | CHECK | (100,000) | - | (100,000) | - | - | 2,048,810 | - | - | - |
| 9/1/2005 | CHECK | (113,800) | - | (113,800) | - | - | 1,935,010 | - | - | - |
| 9/19/2005 | CHECK | (100,000) | - | (100,000) | - | - | 1,835,010 | - | - | - |
| 1/30/2006 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 1,335,010 | - | - | - |
| 9/13/2006 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 835,010 | - | - | - |
| 3/27/2007 | CHECK | (300,000) | - | (300,000) | - | - | 535,010 | - | - | - |
| 5/11/2007 | CHECK | (100,000) | - | (100,000) | - | - | 435,010 | - | - | - |
| 7/23/2007 | CHECK | (100,000) | - | (100,000) | - | - | 335,010 | - | - | - |
| 8/14/2007 | CHECK | (100,000) | - | (100,000) | - | - | 235,010 | - | - | - |
| 9/26/2007 | CHECK | (100,000) | - | (100,000) | - | - | 135,010 | - | - | - |
| 10/18/2007 | CHECK WIRE | 400,000 | 400,000 | - | - | - | 535,010 | - | - | - |
| 12/5/2007 | CHECK | (220,000) | - | (220,000) | - | - | 315,010 | - | - | - |
| 1/9/2008 | CHECK | (200,000) | - | (200,000) | - | - | 115,010 | - | - | - |
| 3/31/2008 | CHECK | (340,000) | - | (340,000) | - | - | (224,990) | - | (224,990) | (224,990) |
| 4/14/2008 | CHECK | (115,000) | - | (115,000) | - | - | (339,990) | - | (115,000) | (115,000) |
| 6/30/2008 | CHECK | (125,000) | - | (125,000) | - | - | (464,990) | - | (125,000) | (125,000) |
| 7/21/2008 | CHECK | (50,000) | - | (50,000) | - | - | (514,990) | - | (50,000) | (50,000) |
| | Total: | $ 3,761,677 | $ (4,809,300) | $ 653,868 | $ (121,235) | $ (514,990) | | $ - | $ (514,990) | $ (514,990) |



Exhibit B

BLMIS ACCOUNT NO. 1G0289 - CAROL R GOLDBERG AND AVRAM J GOLDBERG SPECIAL ACCT

| Column 1<br>Date | Column 2<br>Transaction Description | Column 3<br>Transaction Amount Reported in Customer Statement | Column 4<br>Cash Deposits | Column 5<br>Cash Withdrawals | Column 6<br>Transfers of Principal In | Column 7<br>Transfers of Principal Out | Column 8<br>Balance of Principal | Column 9<br>90-Day Preferential Transfers | Column 10<br>2-Year Fraudulent Transfers | Column 11<br>6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 9/2/1997 | CHECK | 683,484 | 683,484 | - | - | - | 683,484 | - | - | - |
| 9/2/1997 | CHECK | 195,281 | 195,281 | - | - | - | 878,765 | - | - | - |
| 9/2/1997 | TRANS FROM 1G010430 *(1G0104)* | 121,235 | - | - | 121,235 | - | 1,000,000 | - | - | - |
| 4/3/1998 | CHECK | 56,250 | 56,250 | - | - | - | 1,056,250 | - | - | - |
| 1/19/1999 | CHECK | 327,113 | 327,113 | - | - | - | 1,383,363 | - | - | - |
| 1/19/1999 | CHECK | 421,890 | 421,890 | - | - | - | 1,805,253 | - | - | - |
| 1/22/1999 | TRANS TO 1G010430 *(1G0104)* | (153,868) | - | - | - | (153,868) | 1,651,385 | - | - | - |
| 4/7/1999 | CHECK | 24,668 | 24,668 | - | - | - | 1,676,053 | - | - | - |
| 9/14/2001 | CHECK | (100,000) | - | (100,000) | - | - | 1,576,053 | - | - | - |
| 12/12/2001 | CHECK | (680) | - | (680) | - | - | 1,575,373 | - | - | - |
| 8/9/2002 | CHECK | (100,000) | - | (100,000) | - | - | 1,475,373 | - | - | - |
| 11/1/2002 | CHECK | (26,870) | - | (26,870) | - | - | 1,448,503 | - | - | - |
| 11/7/2002 | CHECK | (12,500) | - | (12,500) | - | - | 1,436,003 | - | - | - |
| 12/4/2002 | CHECK | (112,500) | - | (112,500) | - | - | 1,323,503 | - | - | - |
| 12/11/2002 | CHECK | (680) | - | (680) | - | - | 1,322,823 | - | - | - |
| 2/6/2003 | CHECK | (750,000) | - | (750,000) | - | - | 572,823 | - | - | - |
| 6/4/2003 | CHECK | (200,000) | - | (200,000) | - | - | 372,823 | - | - | - |
| 6/25/2003 | CHECK | (50,000) | - | (50,000) | - | - | 322,823 | - | - | - |
| 6/21/2004 | CHECK | 84,375 | 84,375 | - | - | - | 407,198 | - | - | - |
| 7/6/2004 | CHECK | 93,248 | 93,248 | - | - | - | 500,445 | - | - | - |
| 8/6/2004 | CHECK | 21,918 | 21,918 | - | - | - | 522,363 | - | - | - |
| 6/2/2006 | CHECK WIRE | (550,000) | - | (550,000) | - | - | (27,637) | - | - | - |
| 8/31/2006 | CHECK WIRE | 366,875 | 366,875 | - | - | - | 339,238 | - | - | - |
| 11/6/2006 | CHECK WIRE | 5,526,600 | 5,526,600 | - | - | - | 5,865,838 | - | - | - |
| 12/15/2006 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 5,365,838 | - | - | - |
| 4/11/2007 | CHECK WIRE | (1,600,000) | - | (1,600,000) | - | - | 3,765,838 | - | - | - |
| 6/26/2007 | CHECK WIRE | (4,000,000) | - | (4,000,000) | - | - | (234,162) | - | - | - |
| 7/16/2007 | CHECK | 124,614 | 124,614 | - | - | - | (109,548) | - | - | - |
| 8/10/2007 | CHECK | 283,996 | 283,996 | - | - | - | 174,448 | - | - | - |
| 9/4/2007 | CHECK | (200,000) | - | (200,000) | - | - | (25,552) | - | - | - |
| 9/13/2007 | CHECK | 261,705 | 261,705 | - | - | - | 236,153 | - | - | - |
| 2/20/2008 | CHECK | (250,000) | - | (250,000) | - | - | (13,847) | - | (13,847) | (13,847) |
| 3/13/2008 | CHECK | (91,500) | - | (91,500) | - | - | (105,347) | - | (91,500) | (91,500) |
| 4/11/2008 | CHECK | (110,000) | - | (110,000) | - | - | (215,347) | - | (110,000) | (110,000) |
| 9/30/2008 | CHECK | (175,000) | - | (175,000) | - | - | (390,347) | - | (175,000) | (175,000) |
| | Total: | $ 8,472,016 | $ (8,829,730) | | $ 121,235 | $ (153,868) | $ (390,347) | $ - | $ (390,347) | $ (390,347) |

PLAINTIFF'S EXHIBIT 2

Exhibit B

BLMIS ACCOUNT NO. 1R0182 - SIDNEY R RABB TRUST FBO CAROL R GOLDBERG CAROL R GOLDBERG

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/13/1999 | CHECK WIRE | 2,000,000 | 2,000,000 | - | - | - | 2,000,000 | - | - | - |
| 12/15/2000 | CHECK | 1,620,000 | 1,620,000 | - | - | - | 3,620,000 | - | - | - |
| 4/9/2001 | CHECK | (300,000) | - | (300,000) | - | - | 3,320,000 | - | - | - |
| 12/14/2001 | CHECK | (250,000) | - | (250,000) | - | - | 3,070,000 | - | - | - |
| 12/4/2002 | CHECK WIRE | 164,955 | 164,955 | - | - | - | 3,234,955 | - | - | - |
| 7/18/2003 | CHECK | (100,000) | - | (100,000) | - | - | 3,134,955 | - | - | - |
| 9/13/2004 | CHECK | (60,000) | - | (60,000) | - | - | 3,074,955 | - | - | - |
| 2/1/2005 | CHECK | (60,000) | - | (60,000) | - | - | 3,014,955 | - | - | - |
| 11/18/2005 | CHECK | (125,000) | - | (125,000) | - | - | 2,889,955 | - | - | - |
| 1/30/2006 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 2,389,955 | - | - | - |
| 4/21/2006 | CHECK WIRE | (500,000) | - | (500,000) | - | - | 1,889,955 | - | - | - |
| 7/24/2006 | CHECK WIRE | (1,000,000) | - | (1,000,000) | - | - | 889,955 | - | - | - |
| 3/19/2007 | CHECK | (150,000) | - | (150,000) | - | - | 739,955 | - | - | - |
| 4/10/2007 | CHECK | (150,000) | - | (150,000) | - | - | 589,955 | - | - | - |
| 9/4/2007 | CHECK | (123,000) | - | (123,000) | - | - | 466,955 | - | - | - |
| 12/5/2007 | CHECK | (154,000) | - | (154,000) | - | - | 312,955 | - | - | - |
| 5/12/2008 | CHECK | (121,600) | - | (121,600) | - | - | 191,355 | - | - | - |
| 9/2/2008 | CHECK | (390,000) | - | (390,000) | - | - | (198,645) | - | (198,645) | (198,645) |
| 9/29/2008 | CHECK | (50,000) | - | (50,000) | - | - | (248,645) | - | (50,000) | (50,000) |
| 10/6/2008 | CHECK | (50,000) | - | (50,000) | - | - | (298,645) | - | (50,000) | (50,000) |
| 11/26/2008 | CHECK | (25,000) | - | (25,000) | - | - | (323,645) | - | (25,000) | (25,000) |
| | Total: | $ 3,784,955 | $ (4,108,600) | $ - | $ - | $ - | $ (323,645) | $ - | $ (323,645) | $ (323,645) |

PLAINTIFF'S EXHIBIT 3

MADC0882_00000004