**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 10-05439 (SMB) |
| v. | |
| AVRAM J. GOLDBERG, *et al.,* | |
| Defendants. | |

**STIPULATION AND ORDER REGARDING DISMISSAL OF
<u>CERTAIN COUNTS AND CLAIMS ALLEGED IN THE AMENDED COMPLAINT</u>**

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually ("Madoff"), and the defendants Avram J. Goldberg, individually and in his capacity as trust officer for the Sidney R. Rabb Trust FBO Carol Goldberg; Carol R. Goldberg, individually and in her capacity as trustee of the Sidney R. Rabb Trust FBO Carol Goldberg; M.

Gordon Ehrlich, in his capacity as trustee of the Sidney R. Rabb Trust FBO Carol Goldberg and as attorney-in-fact for Carol R. Goldberg, Avram J. Goldberg and the Carol R. Goldberg and Avram J. Goldberg Special Account; Sidney R. Rabb Trust FBO Carol Goldberg; and The Avcar Group Ltd. ("Avcar") (collectively referred to as "Defendants", and with the Trustee, the "Parties"), by and through their respective, undersigned counsel, stipulate and state as follows ("Stipulation"):

## BACKGROUND

1. On December 2, 2010, the Trustee filed his original Complaint in this Court against Defendants [Doc. No. 1].

2. On January 25, 2012, the Trustee filed an amended complaint against Defendants while the reference was withdrawn to the United States District Court for the Southern District of New York (the "Amended Complaint").

3. After the reference was returned to the United States Bankruptcy Court for the Southern District of New York, numerous defendants in adversary proceedings prosecuted by the Trustee against good faith transferees, including Defendants, filed motions to dismiss (the "Motions to Dismiss") complaints or amended complaints filed against them by the Trustee, including the Amended Complaint.

4. On June 2, 2015, the Bankruptcy Court granted in part and denied in part the Motions to Dismiss for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "June 2 Decision") [ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)].

5. The Motions to Dismiss were granted under the June 2 Decision as to the portions of each count in the Amended Complaint in which the Trustee sought to avoid obligations incurred by BLMIS pursuant to sections 548(a) and 544 of the Bankruptcy Code, applicable provisions of

the Securities Investor Protection Act ("SIPA") including sections 78fff(b) and 78fff-1(b), and the New York Debtor and Creditor Law (the "Obligations Claims").

6.  The June 2 Decision also dismissed without prejudice to refiling any claims asserted by the Trustee to recover subsequent transfers for the reasons stated in the June 2 Decision.

7.  On June 22, 2015, the United States Supreme Court denied the petitions of the Trustee and the Securities Investor Protection Corporation for writs of *certiorari* to review the decision and judgment of the United States Court of Appeals for the Second Circuit in *Picard v. Ida Fishman Rev. Trust,* 773 F.3d 411 (2d Cir. 2014) and, therefore, section 546(e) of the Bankruptcy Code applies to this adversary proceeding (the "546(e) Decision"). 135 S. Ct. 2858 & 2859 (2015) (U.S. Nos. 14-1128 & -1129).

**DISMISSAL OF CERTAIN COUNTS AND CLAIMS**

8.  Accordingly, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, as incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, the Trustee's claims in Counts Two through Seven of the Complaint are hereby dismissed against all Defendants.

9.  Counts Two, Three, Four, Five, and Six, and the Obligations Claims of the Amended Complaint are dismissed with prejudice.

10. Count Seven of the Amended Complaint, for recovery of subsequent transfers, is dismissed as to all Defendants without prejudice, subject to (a) (i) the Trustee's right to seek leave to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7015 of the Federal Rule of Bankruptcy Procedure, and/or (ii) the Trustee's rights under Section 550(f) of the Bankruptcy Code; and (b) the Defendants' rights and defenses with respect to (i) any proposed amendment(s), (ii) any rights of the Trustee asserted under Section 550(f) of

the Bankruptcy Code, and/or (iii) any claim(s) by the Trustee for recovery of subsequent transfers.

11. Except as set forth herein, this Stipulation has no effect on the Trustee's remaining count in the Amended Complaint.

**RESERVATIONS OF RIGHTS, AND MISCELLANEOUS PROVISIONS**

12. By executing this Stipulation, Defendants in no way concede or admit liability under Sections 548 or 550 of the Bankruptcy Code or under any other provision of the Bankruptcy Code, SIPA, or any other law.

13. This Stipulation is without prejudice to: (a) the Trustee's right to seek leave to amend the Complaint to assert claims to avoid and/or recover any additional or other transfers to Defendants, including subsequent transfers of the initial transfers alleged in the Complaint, as may be determined through the Trustee's continuing investigation and through discovery (except to the extent that such additional claims are barred by the 546(e) Decision, the June 2 Decision or any available factual and/or legal ground); and (b) the Defendants' or any proposed additional defendants' rights to oppose any such amendment(s) and/or defend against such claim(s).

14. This Stipulation is without prejudice to Defendants' rights to oppose and defend against the claim remaining in the Amended Complaint and against any further claims that may be asserted by the Trustee with respect to additional, other or subsequent transfers (if any) after application of the 546(e) Decision, the Decision, and/or any other applicable court ruling or decision.

[Signatures and order appear on the next page]

Dated:        New York, New York
                  February 19, 2018

**BAKER & HOSTETLER LLP**

By: /s/ *Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

**PRYOR CASHMAN LLP**

By: Richard Levy, Jr.
7 Times Square
New York, New York   10036
Telephone: (212) 421-4100
Facsimile:  (212) 326-0806
Richard Levy, Jr.
Email: rlevy@pryorcahsman.com
David C. Rose
Email: drose@pryorcashman.com
Eric D. Dowel
Email: edowell@pryorcashman.com

*Attorneys for Defendants*

SO ORDERED this **21st** day of **February**, 2018.

                                    **/s/ STUART M. BERNSTEIN**
                                    HONORABLE STUART M. BERNSTEIN
                                    UNITED STATES BANKRUPTCY JUDGE