**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Oren J. Warshavsky

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated  SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>               Plaintiff,<br><br>    v.<br><br>UBS AG, *et al.*<br><br>               Defendants. | Adv. Pro. No. 10-04285 (SMB) |

## APPLICATION FOR THE ISSUANCE OF LETTERS OF REQUEST

1.      Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") substantively consolidated with the estate of Bernard L. Madoff, individually, through his attorneys, Baker & Hostetler LLP, submits this application for the issuance of letters of request to the applicable central authority of Luxembourg for the service of document requests upon UBS Europe SE, Luxembourg Branch; UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., Access Management Luxembourg SA, Access Partners SA; and Pierre Delandmeter ("Letters of Request").

2.      This application is made pursuant to this Court's inherent authority; 28 U.S.C. § 1781(b)(2); the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention" or "Convention"),[1] to which the United States and Luxembourg are signatories; and in light of the comity between the United States and Luxembourg.

3.      This application is made in accordance with the Stipulation and Order Authorizing International Discovery entered on May 18, 2016, which authorizes the parties "to conduct document discovery in connection with the Actions under the Hague Convention or through any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory." *See* Stipulation and Order Authorizing International Disc., May 18, 2016, ECF No. 228 (the "International Discovery Stipulated Order").

---

[1] *See* Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231.

4.      The International Discovery Stipulated Order was signed by UBS (Luxembourg)

S.A., now known as UBS Europe SE, Luxembourg Branch;[2] UBS Fund Services (Luxembourg)

S.A.; UBS Third Party Management Company S.A.; Access Management Luxembourg S.A.; and

Access Partners S.A., (collectively, the "Luxembourg Entities"); as well as Pierre Delandmeter.

## BACKGROUND

**Madoff's Ponzi Scheme and the Trustee's Allegations**

5.      Bernard L. Madoff ("Madoff"), through the investment advisory business of

BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale.  *See* Amended Complaint

at ¶ 1, *Picard v. UBS AG, et al.*, No. 11-Civ-04212 (S.D.N.Y. Aug. 17, 2011), ECF No. 23

("AC").

6.      His fraud was sustained by capital infusions from around the globe.   In particular,

domestic and foreign investment vehicles colloquially known as "feeder funds" injected several

billions of dollars into his scheme.

7.      Included among these feeder funds were Luxalpha SICAV ("Luxalpha") and

Groupement Financier Ltd. ("Groupement Financier") (collectively, the "Feeder Fund

Defendants").  *Id*.  Together, these two funds directed no less than $2 billion into the scheme and

withdrew over $1 billion from BLMIS.  (*Id*. ¶¶ 262-63).  These withdrawn funds comprise

customer property and constitute avoidable transfers that the Trustee seeks to recover for equitable

distribution.

8.      This action focuses on the Feeder Fund Defendants and the network of individuals

and entities associated with them, which was integral to perpetuating Madoff's Ponzi scheme.

Both funds had highly sophisticated service providers—UBS AG, UBS (Luxembourg) S.A., UBS

---

[2] **UBS Europe SE, Luxembourg Branch** is a branch of **UBS Europe SE**, a *Societas Europaea*, incorporated in Germany. **UBS Europe SE, Luxembourg Branch** formerly operated as UBS (Luxembourg) S.A. After merging with and absorbing UBS (Luxembourg) S.A. on December 1, 2016, UBS Europe SE now carries out UBS (Luxembourg) S.A.'s business operations through its Luxembourg Branch.

Fund Services (Luxembourg) S.A., and UBS Third Party Management Company S.A. (collectively, "UBS"), and Access International Advisors LLC, and its officers and affiliates, including Access Management Luxembourg S.A. and Access Partners S.A. (collectively, "Access").

9.      On November 22, 2016, this Court issued a decision dismissing the Trustee's subsequent transferee claims against foreign defendants, including the Luxembourg Entities and Pierre Delandmeter, based on the reasoning that section 550 of the Bankruptcy Code does not apply extraterritorially to the recovery of subsequent transfers that took place outside the United States (the "Extraterritoriality Decision").  Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers of the Bankruptcy Court (Bernstein, J.), *Sec. Inv. Prot. Corp. vs. Bernard L. Madoff Inv. Sec. LLC (In re BLMIS)*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Nov. 22, 2016), ECF No. 14495.

10.      Despite their dismissal from the proceeding, the Luxembourg Entities' and Pierre Delandmeter's awareness of the Ponzi scheme remains central to the Trustee's claims against the Feeder Fund Defendants and the domestic subsequent transferee defendants that remain in the action.

11.      In 2003, Access established Groupement Financier, and serviced Groupement Financier thereafter.  In 2004, UBS established Luxalpha, and together with Access, serviced Luxalpha thereafter.  In 2005, UBS joined Access in servicing Groupement Financier.

12.      The Trustee alleges that UBS and Access, with Pierre Delandmeter's guidance, coordinated closely with each other to establish and operate the Feeder Fund Defendants. (*See generally* AC).  Through researching BLMIS, working with BLMIS, and by creating, managing and controlling the Feeder Fund Defendants that invested 100% of its assets with BLMIS—UBS and Access obtained knowledge of Madoff's fraud.  And as agents of the Feeder Fund

Defendants, UBS's, Access's and Pierre Delandmeter's knowledge is imputed to the Feeder

Funds.

13.     Luxalpha's board of directors and Groupement Financier's board of directors were

populated with directors, officers and principals of UBS and Access.  (AC ¶¶ 46, 96, 231).

Executives of UBS (Luxembourg) S.A. signed the BLMIS agreements that opened Luxalpha's

BLMIS account.  (*Id.* ¶ 136).  Access executive and co-founder, Patrick Littaye, signed the

BLMIS agreements that opened Groupement Financier's BLMIS account.  UBS and Access

communicated regularly with BLMIS. (*Id.* ¶ 17, 175)

14.     Pierre Delandmeter served as legal advisor to Access and the Feeder Funds, and

also served on the board of directors of Luxalpha.  (*Id.* ¶ 31, 43, 209).  Mr. Delandmeter was also

a director to several Access entities, including the New York entity, Access International

Advisors, Inc., which served as the worldwide headquarters of Access.  Mr. Delandmeter

additionally served as director of Access's Luxembourg entities, Access Management

Luxembourg SA and Access Partners SA.  (*Id.*)

15.     Through UBS AG and UBS (Luxembourg) S.A., the two co-sponsors of Luxalpha,

UBS lent its name and reputation as one of the world's leading financial institutions to Luxalpha

in order to gain the trust of the investing public.  UBS and Access, with Mr. Delandmeter's

involvement, worked together to secure the necessary approvals from the Commission de

Surveillance du Secteur Financier ("CSSF"), the Luxembourg regulator, to give Luxalpha the

false appearance of being UCITS-compliant.[3]  (*Id.* ¶¶ 147-200).  UBS and Access concealed

Madoff's involvement with Luxalpha from the CSSF, knowingly omitting any reference to

Madoff or BLMIS when identifying Luxalpha's custodians and managers.  This allowed Access to

leverage the UBS brand name to market the fund to wealthy investors.  (*Id.*).

---

[3] A UCITS fund – an acronym for "Undertakings for Collective Investments in Transferable Securities" – is organized
under a set of European Union ("EU") directives that aim to allow collective investment schemes to operate freely
throughout the EU on the basis of a single authorization from one member state. (AC ¶ 128).

16.    Together, UBS, Access and Pierre Delandmeter enabled the BLMIS Ponzi scheme through Luxalpha and Groupement Financier.  Although they had evidence strongly indicating that BLMIS was engaged in fraud, Access and UBS continued to facilitate the investment of hundreds of millions of dollars with BLMIS, and profited for their efforts.

17.    The Amended Complaint seeks, *inter alia*, to avoid and recover over $1 billion in fraudulent transfers made to the Feeder Fund Defendants under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**The Luxembourg Entities' and Delandmeter's Official Roles with Respect to the Feeder Fund Defendants**

18.    UBS (Luxembourg) S.A. (now UBS Europe SE, Luxembourg Branch) was Luxalpha's and Groupement Financier's official custodian and was responsible for safeguarding the Feeder Funds' assets.  But UBS (Luxembourg) S.A. delegated its custodial duties to BLMIS, entering into undisclosed sub-custodian agreements in connection with Luxalpha and Groupement Financier.  (AC ¶¶ 157-71; 194-97).

19.    UBS (Luxembourg) S.A. was also Luxalpha's official portfolio manager from May 2004 through July 2006.  But UBS (Luxembourg) S.A. also delegated its management duties to BLMIS under undisclosed Trading Authorization and Options agreements with BLMIS.  (*Id.* ¶¶ 157-71).

20.    UBS Third Party Management Company S.A. was Luxalpha's portfolio manager from August 2006 through December 2008.  But management of Luxalpha's portfolio had been secretly delegated to BLMIS.  (*Id.* ¶ 140).

21.    UBS Fund Services (Luxembourg) S.A. was Luxalpha's and Groupement Financier's administrator, charged with, among other things, calculating the Feeder Funds' net asset values ("NAV").  That task required UBS Fund Services (Luxembourg) S.A. to verify daily trades.  The Trustee alleges that UBS Fund Services (Luxembourg) S.A.'s NAV calculations were

based on fictitious, unverified information obtained from Madoff. (*Id.* ¶¶ 20, 157-71; 194-97).

22.     Access Management Luxembourg was Luxalpha's portfolio manager from November 2008 to December 2008. But management of Luxalpha's portfolio had been secretly delegated to BLMIS. (*Id.* ¶ 26).

23.     Access Partners S.A. was the official investment advisor to Luxalpha's official portfolio managers—UBS Third Party Management Company S.A. and then Access Management Luxembourg S.A.—from February 2007 to December 2008, and was the official investment advisor to Groupement Financier's official portfolio manager—Access Partners S.A. (Suisse)— from February 2007 to December 2008.  But Access Partners S.A. provided no real investment advisory services, as Luxalpha's and Groupement Financier's official managers had delegated to BLMIS total control over all the Feeder Fund Defendants' purported investments. (*Id.* ¶ 26).

24.     Pierre Delandmeter served on the board of directors of Luxalpha.  (*Id.* ¶ 31, 43, 209).  Mr. Delandmeter was also a director of the New York entity, Access International Advisors, Inc., which served as the worldwide headquarters of Access.  Mr. Delandmeter additionally served as a director of Access's Luxembourg entities, Access Management Luxembourg SA and Access Partners SA.  (*Id.*)

25.     The Luxembourg Entities' and Mr. Delandmeter's knowledge and documents are highly relevant to the prosecution of the Trustee's claims in this adversary proceeding.  Moreover, each of the Luxembourg Entities and Pierre Delandmeter consented to international discovery under the International Discovery Stipulated Order. (ECF No. 228).

26.    For the above reasons, the Trustee believes that the Proposed Letters of Request are just and appropriate and respectfully requests that the Court issue such Letters of Request to the indicated Judicial Authority.

Dated: New York, New York
      February 21, 2018

                          Respectfully submitted,

                          */s/ Oren J. Warshavsky*_____
                          **Baker & Hostetler LLP**
                          45 Rockefeller Plaza
                          New York, New York 10111
                          Telephone: (212) 589-4200
                          Facsimile:  (212) 589-4201
                          David J. Sheehan
                          Email: dsheehan@bakerlaw.com
                          Oren J. Warshavsky
                          Email: owarshavsky@bakerlaw.com

                          *Attorneys for Irving H. Picard, Esq. Trustee*
                          *for the Substantively Consolidated SIPA*
                          *Liquidation of Bernard L. Madoff Investment*
                          *Securities LLC and the Estate of Bernard L.*
                          *Madoff*

To:    Brett S. Moore
       Porzio Bromberg & Newman P.C.
       156 West 56th St., Suite 803
       New York, New York 10019

       Anthony Paccione
       Katten Muchin Rosenman LLP
       575 Madison Avenue
       New York, New York 10022

       Robert Knuts
       Sher Tremonte LLP
       90 Broad Street, 23rd Floor
       New York, New York 10004