UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S RESPONSE TO THE MOTION FILED BY DEAN LOREN**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

  1.  I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff.

  2.  On or about December 15, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the Trustee's claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In

addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this Declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Response to the Motion Filed by Dean Loren.

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. On December 23, 2008, the Claims Procedures Order[1] was entered in this proceeding authorizing and directing the Trustee to cause notice of the commencement of this liquidation proceeding and the Bar Date. A copy of the Claims Procedure Order is attached hereto as Exhibit A.

7. On January 2, 2009, at the Trustee's direction, AlixPartners mailed notice of the commencement of this liquidation proceeding and the Bar Date to former customers, broker-dealers, and other creditors of BLMIS. A copy of the claims form and an accompanying instruction

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Trustee's Response to the Motion Filed by Dean Loren.

packet was also sent to the last known address, as it appeared on BLMIS's books and records, of approximately 16,000 potential customers. It was also made available on the Trustee's website and is attached hereto as Exhibit B. None of those notices were returned undelivered.

8. Also on January 2, 2009, at the Trustee's direction, AlixPartners caused notice of the commencement of this liquidation proceeding and the Bar Date to be published in the following newspapers: *The New York Times*, all editions; *The Wall Street Journal*, all editions; *The Financial Times*, all editions; *USA Today*, all editions; *Jerusalem Post*, all editions; and *Ye'diot Achronot*, all editions (the "Publication Notice"). A copy of the Publication Notice is attached hereto as Exhibit C.

9. As claims were received by the Trustee, AlixPartners would review each claim form and stamp each claim form with the date on which it was received.

10. Since the Bar Date, each of the customer claims has been determined by a Letter of Determination sent by the Trustee to the customer of record, except for certain customers who are in litigation with the Trustee.

11. The Late Claim was not received by the Trustee by the Bar Date.

12. The Trustee received the Motion, to which the Late Claim was attached, on January 24, 2018, more than 8 years and six months after the Bar Date.

13. Following receipt of the Motion, AlixPartners ran search terms across the Trustee's claims and document databases, as well as the docket of these proceedings, using the names Evelyn Goldberg, Dean Loren, Simon Goldberg, and derivations of the same, but did not receive any positive matches.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

3

Dated: New York, New York
February 22, 2018

_____
Vineet Sehgal,
Managing Director
AlixPartners LLP,
40 W 57th St,
New York, NY 10019