**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Michelle R. Usitalo

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERICO CERETTI, *et al.*<br><br>　　　　Defendants. | Adv. Pro. No. 09-01161 (SMB) |

## APPLICATION FOR THE ISSUANCE OF LETTER OF REQUEST

1. Plaintiff, Mr. Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), substantively consolidated with the estate of Bernard L. Madoff, through his attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Royal Courts of Justice for the examination of United Kingdom resident, Mr. Thomas Healy.

2. This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and the United Kingdom are signatories.

3. Mr. Healy is a foreign citizen and non-party located in England. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4. Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. His fraud was sustained by infusions of money from around the globe. In particular, domestic and foreign investment vehicles colloquially known as "feeder funds," injected several billions of dollars into his scheme. (Fourth Amended Complaint ¶ 1).

5. Included among these feeder funds were Kingate Global Fund, Ltd., In Liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., In Liquidation ("Kingate Euro," and together with Kingate Global, the "Kingate Funds"). (*Id*.).

6. Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds. Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. (*Id.* ¶¶ 2-3).

7. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id.* ¶¶ 248).

8. Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). Together, KML and FIM purported to "advise," "consult," and "manage" the Kingate Funds. (*Id.* ¶¶ 4-5).

9. FIM Limited was established in 1981 by Grosso. (*Id.* ¶ 35, 49). It acted as an asset manager of high net worth individuals. Ceretti joined FIM Limited in 1986. In the early 1990s, FIM Limited's business focused on managing funds of funds. (*Id.* ¶ 104). In 2004, Ceretti and Grosso co-founded FIM Advisers and in August 2005 FIM Advisers took over the business of FIM Limited. (*Id.* ¶¶ 36, 52).

10. In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. (*Id.* ¶¶ 5, 51, 112). FIM Advisers replaced FIM Limited in 2005. (*Id.* ¶ 112). In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds. (*Id.* ¶ 53).

11. FIM had a robust due diligence process and marketed itself to the public accordingly. The Kingate Funds were among those listed in FIM's reports as being funds for which FIM was responsible. FIM funds' investment into the Kingate Funds should have required due diligence on the Kingate Funds and BLMIS.

12. The diligence is relevant to these proceedings because it would reflect cumulative knowledge that can be imputed to the Kingate Funds via Ceretti and Grosso.

13. The Trustee filed the Fourth Amended Complaint on March 17, 2014 in this adversary proceeding, seeking, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, § 78fff-2(c)(3). (*Id.* ¶ 8).

**Mr. Healy's Connection to the Kingate Funds**

14. This application concerns the request for documents from, and examination under oath of, Mr. Healy.

15. Mr. Healy was the Chief Executive Officer at Hemisphere Management Limited ("Hemisphere") from 1995, until it was acquired in 2002 by BISYS Group, Inc., the parent company of BISYS Hedge Fund Services Limited ("BISYS"). Mr. Healy remained Chief Executive Officer at BISYS until 2004. Hemisphere/BISYS acted as administrator to the Kingate Funds from their inception. KML had no employees or offices with which to conduct its own business before 2000, and relied on Hemisphere to perform certain of functions on behalf of, and in the name of, KML.

16. Mr. Healy directly provided services to the Kingate Funds, including personally communicating with BLMIS and the Kingate Funds' auditors. Mr. Healy also was involved in formulating the procedures followed by Hemisphere/BISYS with respect to calculating the net asset value for the Kingate Funds and processing subscriptions and redemptions. As the CEO of

Hemisphere/BISYS, Mr. Healy has first-hand knowledge of Hemisphere's operations, its administration of the Kingate Funds, and the duties it performed as the Kingate Funds' agent.

17. Mr. Healy then became the Chief Operations Officer and board member of FIM Advisers when it was established in 2005. Thus, Mr. Healy has first-hand knowledge of the operations and due diligence process of FIM. In his role, Mr. Healy also gained knowledge of the actions taken by FIM on behalf of the Kingate Funds.

18. Additionally, based on evidence known to the Trustee at the date of this Letter of Request, Mr. Healy:

   a. had a close relationship with Ceretti and Grosso and has knowledge regarding Ceretti's and Grosso's role in the Kingate Funds;

   b. was a key contact at Hemisphere/BISYS for KML and FIM with respect to the Kingate Funds;

   c. was integral to the operations of FIM and involved in the decisions made regarding the firm's operations and policies; and

   d. sent and received many communications regarding the Kingate Funds in his capacity as COO at FIM and CEO of Hemisphere/BISYS and, consequently, possesses knowledge and potentially documents regarding the contents of these communications, which are relevant to the allegations contained in the Fourth Amended Complaint.

19. Various issues and allegations contained in the Fourth Amended Complaint are relevant to Mr. Healy and his involvement with the above-mentioned facts, which give rise to the need for this Request. Specifically, the Trustee anticipates that Mr. Healy will be able to provide further information in relation to the issues and allegation contained in paragraphs 4, 5, 6, 7, 49, 50, 51, 52, 53, 72-78, 101, 104, 110, 112, 115-118, 120, 122-241 of the Fourth Amended Complaint.

20. For the above reasons, the Trustee believes that the Proposed Letter of Request is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
February 23, 2018

Respectfully submitted,

/s/ David J. Sheehan
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Michelle R. Usitalo
Email: musitalo@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To:   Susheel Kirpilani
Robert Loigman
Rex Lee
Lindsay Weber
Jordan Harap
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, New York 10010