**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                     Plaintiff-Applicant,<br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                     Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                     Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                     Plaintiff,<br>      v.<br><br>Stanley Shapiro, *et al.*,<br>                     Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**STIPULATION AND ORDER**
**AS TO UNDISPUTED TRANSFERS TO DEFENDANT DAVID SHAPIRO**
**FROM BLMIS ACCOUNT NO. 1S0306**

The plaintiff, Irving H. Picard ("the Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* (the "Code"), and the defendant, David Shapiro ("David Shapiro"), by and through their respective, undersigned counsel, state as follows:

**WHEREAS**, in the Trustee's Second Amended Complaint (the "Complaint" (ECF No. 33)), as it now stands in this adversary proceeding, the Trustee alleges that BLMIS made certain transfers to David Shapiro relating to several investment advisory accounts at BLMIS;

**WHEREAS**, in the Complaint, the Trustee seeks to avoid and recover from David Shapiro certain transfers or their value as fraudulent pursuant to, *inter alia*, sections 105(a), 548(a)(1)(A), 550, and 551 of the Code;

**WHEREAS,** David Shapiro has raised certain defenses to the claims asserted in the Complaint;

**WHEREAS,** the Trustee issued in this adversary proceeding a subpoena to JPMorgan Chase, N.A. (the "Subpoena") seeking certain bank records relating to one or more bank accounts held by, for the benefit of, or on behalf of David Shapiro; David Shapiro objected to the Subpoena; and JPMorgan Chase, N.A. advised the Trustee and David Shapiro that it had no documents responsive to the Subpoena; and

**WHEREAS**, the Trustee and David Shapiro have conferred in an attempt to resolve, where possible, certain differences and disputes between them, and the Trustee and David Shapiro are entering into this Stipulation to avoid unnecessary litigation, time, and costs over undisputed facts and in the interest of efficiency.

**NOW**, **THEREFORE**, the Trustee and David Shapiro agree and stipulate to the following undisputed facts:

1. Between December 12, 2006 and December 11, 2008, a total of $1,014,120.71 was withdrawn from Account No. 1S0306 (the "Two-Year Withdrawals").

2. David Shapiro received each of the Two-Year Withdrawals.

3. Of the Two-Year Withdrawals, $1,014,120.71 was in excess of principal, as that term in sued in the report entitled "Methodology for the Principal Balance Calculation" submitted by Matthew B. Greenblatt, an expert retained by the Trustee, in the consolidated BLMIS proceedings.

4. In light of the facts stipulated herein and the lack of any documents responsive to the Subpoena, the Trustee will not seek documents or other discovery from any bank or other financial institution at which David Shapiro has held or currently holds an account.

5. By executing this Stipulation, David Shapiro in no way concedes or admits liability under sections 548, 550 or any other applicable section of the Code, the New York Debtor & Creditor Law, SIPA or any other applicable law.

6. This Stipulation is without prejudice to the Trustee asserting claims, or re-asserting previously dismissed claims, to avoid and/or recover any additional or other transfers received by David Shapiro, including any subsequent transfers, determined through the Trustee's continuing investigation and discovery, and, in the event such claims are asserted or re-asserted, to seek discovery relating to such claims.

5. This Stipulation is without prejudice to David Shapiro to oppose any further claims asserted or re-asserted by the Trustee with respect to additional or other transfers.

[*remainder of page intentionally left blank*]

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ James H. Rollinson* | */s/ Barry R. Lax* |
| **BAKER & HOSTETLER LLP** | **LAX & NEVILLE LLP** |
| 127 Public Square | 1450 Broadway, 35th Floor |
| Cleveland, Ohio 44114 | New York, New York 10018 |
| James H. Rollinson | Barry R. Lax |
| Email: jrollinson@bakerlaw.com | Email: blax@laxneville.com |
| | Brian J. Neville |
| and | Email: bneville@laxneville.com |
| | |
| 45 Rockefeller Plaza | *Attorneys for David Shapiro* |
| New York, New York 10111 | |
| David J. Sheehan | |
| Email: dsheehan@bakerlaw.com | |
| Ona T. Wang | |
| Email: owang@bakerlaw.com | |
| Torello H. Calvani | |
| Email: tcalvani@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**SO ORDERED this <u>23rd</u> day of <u>February</u>, 2018.**

**/s/ STUART M. BERNSTEIN**

**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**