**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                            Plaintiff-Applicant,<br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                            Plaintiff,<br>        v.<br><br>Stanley Shapiro, *et al.*,<br>                            Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**STIPULATION AND ORDER**
**AS TO UNDISPUTED TRANSFERS TO DEFENDANT LESLIE S. CITRON**
**FROM BLMIS ACCOUNT NO. 1SH171**

The plaintiff, Irving H. Picard ("the Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* (the "Code"), and the defendant Leslie S. Citron ("Mrs. Citron"), by and through their respective, undersigned counsel, state as follows:

**WHEREAS**, in the Trustee's Second Amended Complaint (the "Complaint" (ECF No. 33)), as it now stands in this adversary proceeding, the Trustee alleges that BLMIS made certain transfers to Mrs. Citron relating to several investment advisory accounts at BLMIS;

**WHEREAS**, in the Complaint, the Trustee seeks to avoid and recover from Mrs. Citron certain transfers or their value as fraudulent pursuant to, *inter alia*, sections 105(a), 548(a)(1)(A), 550, and 551 of the Code;

**WHEREAS**, Mrs. Citron has raised certain defenses to the claims asserted in the Complaint;

**WHEREAS,** the Trustee issued in this adversary proceeding a Subpoena to JPMorgan Chase, N.A. (the "Subpoena") seeking, *inter alia*, certain bank records relating to one or more bank accounts held by, for the benefit of, or on behalf of Mrs. Citron; Mrs. Citron objected to the Subpoena; and JPMorgan Chase, N.A. advised the Trustee and Mrs. Citron that it had no documents responsive to the Subpoena; and

**WHEREAS**, the Trustee and Mrs. Citron have conferred in an attempt to resolve, where possible, certain differences and disputes between, and the Trustee and Mrs. Citron are entering into this Stipulation to avoid unnecessary litigation, time, and costs over undisputed facts and in the interest of efficiency.

**NOW**, **THEREFORE**, the Trustee and Mrs. Citron agree and stipulate to the following undisputed facts:

1. Between December 12, 2006 and December 11, 2008, a total of $678,303.59 was withdrawn from the Account No. 1SH171 (the "Two-Year Withdrawals").

2. Mrs. Citron received each of the Two-Year Withdrawals.

3. Of the Two-Year Withdrawals, $678,303.59 was in excess of principal, as that term in sued in the report entitled "Methodology for the Principal Balance Calculation" submitted by Matthew B. Greenblatt, an expert retained by the Trustee, in the consolidated BLMIS proceedings.

4. In light of the facts stipulated herein and the lack of any documents responsive to the Subpoena, the Trustee will not seek documents or other discovery from any bank or other financial institution at which Mrs. Citron has held or currently holds an account.

5. By executing this Stipulation, Mrs. Citron in no way concedes or admits liability under sections 548, 550 or any other applicable section of the Code, the New York Debtor & Creditor Law, SIPA or any other applicable law.

6. This Stipulation is without prejudice to the Trustee asserting claims, or re-asserting previously dismissed claims, to avoid and/or recover any additional or other transfers received by Mrs. Citron, including any subsequent transfers, determined through the Trustee's continuing investigation and discovery, and, in the event such claims are asserted or re-asserted, to seek discovery relating to such claims.

7. This Stipulation is without prejudice to Mrs. Citron to oppose any further claims asserted or re-asserted by the Trustee with respect to additional or other transfers.

[*remainder of page intentionally left blank*]

<div style="columns:2">

Respectfully submitted,

*/s/ James H. Rollinson*
**BAKER & HOSTETLER LLP**
127 Public Square
Cleveland, Ohio 44114
James H. Rollinson
Email: jrollinson@bakerlaw.com

and

45 Rockefeller Plaza
New York, New York 10111
David J. Sheehan
Email: dsheehan@bakerlaw.com
Ona T. Wang
Email: owang@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

Respectfully submitted,

*/s/ Barry R. Lax*
**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, New York 10018
Barry R. Lax
Email: blax@laxneville.com
Brian J. Neville
Email: bneville@laxneville.com

*Attorneys for Leslie S. Citron*

</div>

**SO ORDERED this 23rd day of February, 2018.**

**/s/ STUART M. BERNSTEIN**

**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**