**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                              Plaintiff,<br><br>        v.<br><br>Stanley Shapiro, *et al.*,<br><br>                              Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**STIPULATION AND ORDER AS TO UNDISPUTED TRANSFERS**
**TO DEFENDANTS KENNETH CITRON AND LESLIE S. CITRON**
**FROM BLMIS ACCOUNT NO. 1C1251**

The plaintiff, Irving H. Picard ("the Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq*. (the "Code"), and the defendants Kenneth Citron and Leslie S. Citron (together, the "Citrons"), by and through their respective, undersigned counsel, state as follows:

**WHEREAS**, in the Trustee's Second Amended Complaint (the "Complaint" (ECF No. 33)), as it now stands in this adversary proceeding, the Trustee alleges that BLMIS made certain transfers to the Citrons relating to one or more investment advisory accounts at BLMIS;

**WHEREAS**, in the Complaint, the Trustee seeks to avoid and recover from the Citrons certain transfers or their value as fraudulent pursuant to, *inter alia*, sections 105(a), 548(a)(1)(A), 550, and 551 of the Code;

**WHEREAS**, the Citrons has raised certain defenses to the claims asserted in the Complaint;

**WHEREAS,** the Trustee issued in this adversary proceeding a subpoena to JPMorgan Chase, N.A. (the "Subpoena") seeking, *inter alia*, certain bank records relating to one or more bank accounts held by, for the benefit of, or on behalf of either or both of the Citrons; the Citrons objected to the Subpoena; and JPMorgan Chase, N.A. advised the Trustee and the Citrons that it had no documents responsive to the Subpoena; and

**WHEREAS**, the Trustee and the Citrons have conferred in an attempt to resolve, where possible, certain differences and disputes between, and the Trustee and the Citrons are entering into this Stipulation to avoid unnecessary litigation, time, and costs over undisputed facts and in the interest of efficiency.

**NOW**, **THEREFORE**, the Trustee and the Citrons agree and stipulate to the following undisputed facts:

1.      Between December 12, 2006 and December 11, 2008, a total of $150,000.00 was withdrawn from Account No. 1C1251 (the "Two-Year Withdrawals").

2.      The Citrons received each of the Two-Year Withdrawals.

3.      Of the Two-Year Withdrawals, $150,000.00 was in excess of principal, as that term is used in the report entitled "Methodology for the Principal Balance Calculation" submitted by Matthew B. Greenblatt, an expert retained by the Trustee, in the consolidated liquidation proceedings.

4.      In light of the facts stipulated herein and the lack of any documents responsive to the Subpoena, the Trustee will not seek documents or other discovery from any bank or other financial institution at which either or both of the Citrons have held or currently hold an account.

5.      By executing this Stipulation, the Citrons in no way concede or admit liability under sections 548, 550 or any other applicable section of the Code, the New York Debtor & Creditor Law, SIPA or any other applicable law.

6.      This Stipulation is without prejudice to the Trustee asserting claims, or re-asserting previously dismissed claims, to avoid and/or recover any additional or other transfers received by the Citrons, including any subsequent transfers, determined through the Trustee's continuing investigation and discovery, and, in the event such claims are asserted or re-asserted, to seek discovery relating to such claims.

7.      This Stipulation is without prejudice to the Citrons to oppose any further claims asserted or re-asserted by the Trustee with respect to additional or other transfers.

[*remainder of page intentionally left blank*]

Respectfully submitted,                              Respectfully submitted,

/s/ James H. Rollinson                               /s/ Barry R. Lax
**BAKER & HOSTETLER LLP**                            **LAX & NEVILLE LLP**
127 Public Square                                    1450 Broadway, 35th Floor
Cleveland, Ohio 44114                                New York, New York 10018
James H. Rollinson                                   Barry R. Lax
Email:  jrollinson@bakerlaw.com                      Email:  blax@laxneville.com
                                                     Brian J. Neville
and                                                  Email:  bneville@laxneville.com

45 Rockefeller Plaza                                 *Attorneys for Kenneth Citron and Leslie S.*
New York, New York 10111                             *Citron*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Ona T. Wang
Email: owang@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate*
*of Bernard L. Madoff*

**SO ORDERED this 23rd day of February, 2018.**

**/s/ STUART M. BERNSTEIN**

**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**