# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 23, 2018

Regina L. Griffin
direct dial: 212.589.4276
rgriffin@bakerlaw.com

**VIA ECF**

The Hon. Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern
District of New York
One Bowling Green
New York, NY  10004

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investments Securities LLC*, No. 08-1789 (SMB); Trustee's Omnibus Motion for Court Order Authorizing Limited Discovery Pursuant to Fed.R.Civ.P. 26(d)(1)

Dear Judge Bernstein:

We represent Irving Picard, the Trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff.  We submit this response to the charts concerning the Trustee's Rule 2004 requests submitted by certain of the defendants in connection with the Trustee's pending omnibus discovery motion and to address Your Honor's question at the hearing as to whether there is a basis for permitting discovery to facilitate the filing of a plausible complaint under *Iqbal* under the circumstances of this case.  The Trustee submits that the answer is in the affirmative. The charts submitted by the defendants should have no bearing on the answer to this question and the limited discovery sought by the Trustee should be granted.

The full context of the Trustee's prior Rule 2004 discovery is essential to the Court's question posed at the hearing.  At the commencement of this liquidation, the Trustee knew nothing about BLMIS or its business, and conducted discovery under Rule 2004 to determine whether there were any viable causes of action he must bring within the two-year statute of limitations provided by the Bankruptcy Code.  Consequently, by December 10, 2010, the Trustee filed over 1,000 complaints involving thousands of defendants, and by 2012, against several subsequent transferees.  To achieve this result, the Trustee's counsel made use of Rule 2004 to serve broad

The Hon. Stuart M. Bernstein
February 23, 2018
Page 2

document requests on several hundreds of parties who had transactions involving BLMIS about which the Trustee had no first-hand knowledge – and about which the defendants knew everything. Most importantly, when the Trustee filed his complaints, they were filed with the good faith belief that every one of them met the standard of a plausible complaint under then-existing Bankruptcy Code and decisional law. At that time, the standard for claims under Sections 548(A)(1)(a) and 550 was an objective inquiry notice standard, with the burden of pleading and proving good faith on the defendants. Indeed, both Your Honor and Judge Lifland had issued decisions before December 2010 that confirmed that the Trustee did not need to affirmatively plead a defendant's lack of good faith in his complaints. Thus, the Trustee's complaints as filed in 2010 were more than adequate to defeat any motion to dismiss under then-existing law.

But starting in 2011 and continuing for the next several years, hundreds of motions to withdraw the reference were granted by the District Court. In 2014, years after the relevant complaints were filed, the District Court decided that, within the context of a SIPA liquidation proceeding, the standard of good faith under Section 550 would henceforth be subjective willful blindness and that the burden of pleading lack of good faith was on the Trustee. This decision represented a complete upheaval of the existing standard by which the plausibility of the Trustee's complaints would be measured.

Defendants now assert that the Trustee's complaints must be assessed under the new willful blindness standard rather than the inquiry notice standard that was in place at the time the complaints were filed. But that would only be equitable if the plausibility of the Trustee's claims were measured against the inquiry notice standard and in light the minimal or non-existent production of Rule 2004 discovery by defendants at the time the original complaints were filed. The Trustee's complaints plausibly alleged claims against the defendants under the existing law at the time they were filed. Had the cases proceeded in the normal course in 2011 to 2012, any motion to dismiss by defendants on the good faith standard would have been denied, and the Trustee would have completed typical discovery under the Federal Rules of Civil Procedure and then moved on to trial or settled. Just because these cases went through years of litigating motions to withdraw the reference that resulted in an altered standard under Sections 548(A)(1)(a) and 550 does not change the fact that the complaints were plausible when filed.

In other words, the Trustee is not seeking discovery now because he did not file plausible complaints, it is just that he did so under legal standards in existence at the time of filing. If the good faith pleading standards in 2010 and 2012 had been what they are today, the Trustee's counsel would have made different decisions concerning the Rule 2004 discovery he sought and compelled. But at the time, such actions were not necessary to file a complaint that met the pleading standards.

Thus, to suggest that discovery should somehow be barred because the Trustee had the forethought to issue Rule 2004 document requests to a few of the current defendants that would bear on the new subjective willful blindness standard if those materials had in fact been produced completely ignores the procedural history of this case. Absent the pending proceeding rule, the

The Hon. Stuart M. Bernstein
February 23, 2018
Page 3

relief sought under Rule 26(d) could be viewed as merely an additional period of Rule 2004 discovery to afford the Trustee limited discovery surrounding the new standard to which he would have been undoubtedly entitled to had the standard been announced before 2010. Under the circumstances, to somehow use Rule 2004 discovery of yesteryear as a basis to utterly deny the Trustee the current limited discovery sought under the "good cause" standard of Rule 26(d) would be a distortion of what Rule 2004 was meant to accomplish: to permit trustees the discovery necessary to bring claims to meet the legal standards in place at the time the complaints are filed. This is particularly true where the District Court justified changing the law and shifting the pleading burden of a defendant's lack of good faith to the Trustee based on the fact that "[t]he Trustee has extensive discovery powers under Rule 2004 of the Federal Rules of Bankruptcy Procedure through which he may gather information". *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 516 B.R. 18, 24 at n. 5 (S.D.N.Y. 2014).

Moreover, the charts defendants submitted seem to suggest that the Trustee's current discovery requests to defendants are "duplicative" of requests made in the Trustee's earlier Rule 2004 subpoenas. But in most of the cases, Rule 2004 subpoenas containing these requests were not served on the defendants at issue. For example, the subpoenas referenced in the charts submitted by counsel to (i) ABN Amro Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) and ABN Amro Custodial Services (IRELAND), Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.), and (ii) Citibank, N.A. and Citicorp North America, Inc., were not served on the defendants, but rather on affiliates of the defendants. *See* Declaration of Thomas J. Giblin, 10-05355, Docket No. 135, Exhibit 2; Letter to the Court from Carmine D. Boccuzzi, Jr., dated February 14, 2018, 10-05345, Docket No. 134. Moreover, as defendants themselves note in their brief, the Trustee sought Rule 2004 discovery from three out of the eighteen defendants in the relevant cases. *See* Defendants Consolidated Memorandum of Law in Opposition to the Trustee's Motion for Discovery on the Good Faith Issue, 08-1789, Docket No. 16724 at p. 5.[1] As further detailed in the Trustee's written submissions and during the hearing on the motion, the targets of the Trustee's Rule 2004 requests either made no production at all or very limited productions of materials that would be responsive to the requests that are included the Trustee's motion. *See* Declaration of Regina Griffin dated August 28, 2014, Exhibit C1 and C2, 08-1789, Docket No. 7828; Declaration of Regina Griffin dated November 20, 2017, 08-1789, Docket No. 16927; and Declaration of Howard L. Simon dated November 20, 2017, 08-1789, Docket No. 16926.

To the extent that the Trustee's prior Rule 2004 discovery is relevant at all to the instant motion—which the Trustee submits it is not—it is the defendants' limited or non-existent productions to that discovery, rather than the original requests themselves, which is important.

The Trustee should not be penalized for a change in the law that occurred after his complaints were filed and his Rule 2004 discovery period ended—particularly when the change in the law

---

[1] The defendants' brief noted that they were unable to ascertain whether the Trustee sought Rule 2004 discovery from Equity Trading Fund, Ltd. or Equity Trading Portfolio Ltd., but the Trustee's counsel has since confirmed that a Rule 2004 subpoena was served on Equity Trading Portfolio, bringing the number of defendants at issue served with Rule 2004 requests to four.

The Hon. Stuart M. Bernstein
February 23, 2018
Page 4

placed additional *pleading* burdens on a trustee.  It is respectfully submitted that the Trustee should be permitted to take the limited discovery sought in his motion, or that the existing complaints should be evaluated on a motion to dismiss under an inquiry notice standard (with the burden of pleading good faith on the defendants).

Respectfully submitted,

*/s/ Regina L. Griffin*

Regina L. Griffin
Partner

cc:    Counsel of Record