# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A,[1]<br><br>        Defendants. | Adv. Pro. Nos. listed on Exhibit A |

## [PROPOSED] ORDER ESTABLISHING OMNIBUS PROCEEDING FOR THE PURPOSE OF DETERMINING THE EXISTENCE, DURATION, AND SCOPE OF THE PONZI SCHEME AT BLMIS

Upon the motion (the "Motion") of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, seeking entry of an order pursuant to Rule 42 of the Federal Rules of Civil Procedure, as incorporated by Rule 7042 of the Federal Rules of Bankruptcy Procedure, establishing an omnibus proceeding consolidating all Remaining Good

---

[1] *See* Exhibit A, Schedule of Remaining Good Faith Actions, annexed to the Trustee's Motion.

Faith Actions[2] in the BLMIS liquidation for the limited purpose of obtaining a ruling from the Court on the existence, duration, and scope of the Ponzi scheme at BLMIS at all relevant times (the "Omnibus Ponzi Proceeding").

**WHEREAS**, on or before December 11, 2010, the Trustee commenced the Remaining Good Faith Actions, as well as hundreds of other "good faith" adversary proceedings which have since been resolved, seeking to avoid and recover transfers of fictitious profits[3] received by Defendants from BLMIS's IA Business;

**WHEREAS**, in the Remaining Good Faith Actions, the Trustee has alleged that, at all relevant times, BLMIS operated a Ponzi scheme through the IA Business;

**WHEREAS**, in the Remaining Good Faith Actions, the Trustee has also alleged that because BLMIS operated a Ponzi scheme at all relevant times, it acted with the requisite intent to hinder, delay, or defraud its creditors, as provided under 11 U.S.C. § 548(a)(1)(A) and SIPA § 78fff-2(c)(3), in connection with the transfers of fictitious profits to each Defendant listed on **Exhibit A** during the two years preceding the commencement of the BLMIS liquidation proceeding;

**WHEREAS**, the Trustee calculated the fictitious profits received by each Defendant by crediting the principal deposited and/or transferred into, and deducting the monies withdrawn and/or transferred from, each customer's BLMIS account(s) between April 1, 1981 and

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[3] The term "fictitious profits" is as defined in the Motion.

December 11, 2008, consistent with the Net Investment Method approved by this Court[4] and affirmed by the Second Circuit;[5]

 **WHEREAS** certain Defendants in the Remaining Good Faith Actions contest the existence, duration, and/or scope of the Ponzi scheme in the IA Business at BLMIS;

 **WHEREAS**, the Trustee seeks the entry of an order establishing the Omnibus Ponzi Proceeding for the limited purpose of determining that, as alleged by the Trustee, BLMIS operated a Ponzi scheme through its IA Business at all relevant times, and because of the Ponzi scheme, (i) BLMIS acted with the intent to hinder, delay, or defraud its creditors, as provided under 11 U.S.C. § 548(a)(1)(A) and SIPA § 78fff-2(c)(3), in connection with the transfers of fictitious profits to each Defendant listed on **Exhibit A** during the two years preceding the BLMIS liquidation proceeding, and (ii) in calculating the Defendants' fictitious profits, the Trustee properly determined that no credit should be given (or removed) for gains (or losses) from Madoff's purported purchases and sales of securities, as reflected on the IA Business customer statements. The Trustee's position on the Ponzi scheme, including points (i) and (ii) above, shall hereinafter be referred to as the "Ponzi Issue";

 **WHEREAS**, the Court has determined that for those Defendants who choose to contest the existence, duration, and/or scope of the Ponzi scheme at BLMIS, a limited consolidated proceeding for the purpose of discovery and trial on the Ponzi Issue is warranted and necessary for considerations of judicial economy and efficiency;

---

[4] *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC),* 424 B.R. 122 (Bankr. S.D.N.Y. 2010).

[5] *In re Bernard L. Madoff Inv. Sec. LLC,* 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed,* 132 S. Ct. 2712 (2012), *cert. den.,* 2014 WL 396489, 2012 WL 425188 (Jun. 25, 2012).

**WHEREAS**, the Omnibus Ponzi Proceeding shall include fact discovery, expert disclosure and discovery, motion practice, and, if necessary, a trial solely on the Ponzi Issue, as set forth below, and in the Motion.

**NOW, THEREFORE,** the Court, having considered the Motion and objections raised thereto; and having held a hearing on the Motion; and after due consideration:

It is hereby **ORDERED** that the Motion for an order establishing the Omnibus Ponzi Proceeding is granted.

It is further **ORDERED** that the following general procedures shall govern the Omnibus Ponzi Proceeding:

## A.      Participating Defendants

1.      Upon the Court's entry of this Order, the Trustee shall serve counsel of record for each of the Defendants listed on <u>**Exhibit A**</u> a copy of this Order establishing the omnibus procedures and deadline to participate.

2.      Defendants who choose to participate in the Omnibus Ponzi Proceeding (the "Participating Defendants") shall serve upon the Trustee a written Notice of Participation in the Omnibus Ponzi Proceeding (the "Notice of Participation") in substantially the form annexed hereto as <u>**Exhibit 1**</u> so as to be received within 60 days of the entry of this Order at the following address: Baker & Hostetler LLP, Counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan and Stacey A. Bell.

3.      The Notice of Participation must include the name(s) of the Defendant(s) and the adversary proceeding number(s) at issue.  If a single law firm represents Defendants in more than one Remaining Good Faith Action, all adversary proceedings must be referenced in a single Notice of Participation.

4.      During the 60-day period between the entry of the Order and the deadline to serve the Notice of Participation, the Trustee and any Defendant may, though are not obligated to, confer as to such Defendant's particular arguments relating to the Ponzi Issue, in order to assist Defendants in their decision about whether or not to participate in the Omnibus Ponzi Proceeding.

5.      Within 15 days after the deadline to serve the Notice of Participation, the Trustee must file a written notice with the Court identifying the Participating Defendants and the relevant adversary proceedings.

4

**B.**  **Non-Participating Defendants**

1.  Any Defendant listed on **Exhibit A** from whom the Trustee does not receive a Notice of Participation within 60 days of the entry of this Order will be barred from contesting the existence, duration, and/or scope of the Ponzi scheme at BLMIS, and will be deemed to have stipulated in each respective adversary proceeding that BLMIS operated a Ponzi Scheme through its IA Business at all relevant times, and because of the Ponzi scheme, (i) BLMIS acted with the intent to hinder, delay, or defraud its creditors, as provided under 11 U.S.C. § 548(a)(1)(A) and SIPA § 78fff-2(c)(3), in connection with the transfers of fictitious profits to each Defendant during the two years preceding the BLMIS liquidation proceeding, and (ii) in calculating that Defendant's fictitious profits, the Trustee properly determined that no credit should be given (or removed) for gains (or losses) from Madoff's purported purchases and sales of securities, as reflected on the IA Business customer statements.

**C.**  **Liaison Counsel**

1.  Within 45 days after the deadline to serve a Notice of Participation, the Participating Defendants shall select a Liaison Counsel to represent their interests in the Omnibus Ponzi Proceeding, and Liaison Counsel shall file a written notice with the Court advising as to such counsel's selection.

2.  Liaison Counsel shall act on behalf of all Participating Defendants in all matters related to the Omnibus Ponzi Proceeding, including, but not limited to: (i) service and distribution of consolidated discovery requests, discovery responses, and expert reports (affirmative and rebuttal); (ii) submission of all motions, and arguments related thereto; and (iii) examination of witnesses and introduction of evidence at depositions, hearings, and trial.

**D.**  **Discovery Plan**

1.  Within 45 days of Participating Defendants' written notice to the Court advising of the selection of Liaison Counsel, the Trustee and Liaison Counsel shall in good faith negotiate the terms of a detailed Discovery Plan to govern the Omnibus Ponzi Proceeding that is consistent in all respects with this Order.  The Discovery Plan shall address fact discovery (including depositions of fact witnesses and production of documents), expert disclosures (including expert reports, production of documents considered by the experts, and depositions of expert witnesses), and motion practice.

2.  To the extent the Trustee and Participating Defendants fail to reach an agreement on a Discovery Plan, the parties may engage in binding arbitration by submitting to chambers a stipulated order appointing the Honorable Frank Maas, as Discovery Arbitrator, to resolve any disputes concerning the Discovery Plan.

E.    **Fact Discovery**

1.    Fact discovery shall be permitted in the Omnibus Ponzi Proceeding. Such fact discovery shall be limited to the Ponzi Issue, and shall not encompass any other issues.  All discovery requests and responses relating to the Ponzi Issue in any of the Remaining Good Faith Actions shall be subsumed in their entirety by the Omnibus Ponzi Proceeding. To avoid the possibility of conflicting rulings, all pending discovery requests, responses and/or disputes in any of the Remaining Good Faith Actions relating to the Ponzi Issue shall be supplanted in their entirety by this proceeding.

2.    The Trustee and Participating Defendants (through Liaison Counsel) shall each be limited to 12 depositions of fact witnesses on the Ponzi Issue. This limitation is exclusive of witnesses required for certification and/or authentication of documents relating to the Omnibus Ponzi Proceeding.

3.    All discovery contemplated herein shall be produced pursuant to and governed by the Litigation Protective Order entered on June 6, 2011 in the matter of *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), ECF No. 4137, or any amendments to or subsequent orders that may be entered, any applicable orders entered by any other court of competent jurisdiction, and/or any other applicable federal or state law.

4.    All fact discovery deadlines in the Omnibus Ponzi Proceeding shall be set forth in the Discovery Plan described in ***Section D***, above.

F.    **Expert Discovery**

1.    The Trustee and Participating Defendants (through Liaison Counsel) may offer affirmative expert reports and/or rebuttal expert reports on the Ponzi Issue. These expert reports must comply in all respects with the disclosure requirements under Fed. R. Civ. P. 26(a)(2).

2.    Experts who submit affirmative and/or rebuttal expert reports on the Ponzi Issue may be deposed.  Such depositions shall occur after the submission of applicable expert reports, and after any production of documents considered by such experts in forming the opinions at issue.

3.    Each expert witness shall be deposed only once to avoid unnecessary duplication and inefficiency.

4.    All deadlines for expert disclosure and discovery in the Omnibus Ponzi Proceeding shall be set forth in the Discovery Plan described in ***Section D***, above.

**G.**   **Motion Practice**

1.      Motion practice, including any dispositive motions, shall proceed on a
consolidated basis. No motion shall be made without prior Court approval, which
may be sought by telephone conference jointly with the Court.

**H.**   **Trial**

1.      The Trustee and Participating Defendants (through Liaison Counsel) will
participate in a consolidated trial for the purpose of obtaining a ruling from the
Court on the Ponzi Issue.

This Order may be modified either through stipulation of the parties so ordered by this

Court, or upon motion to this Court based upon a showing of good cause.


Dated: New York, New York
            _____, 2018


                                    _____
                                    HONORABLE STUART M. BERNSTEIN
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | (Substantively Consolidated) |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. Nos. listed on Exhibit A |
| Plaintiff, | |
| v. | |
| DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A,[1] | |
| Defendants. | |

## NOTICE OF PARTICIPATION IN THE OMNIBUS PONZI PROCEEDING

This Notice is being served upon Irving H. Picard, trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff, in accordance with that certain Order Establishing Omnibus Ponzi Proceeding for the Purpose of Determining the Existence, Duration, and Scope of the Ponzi Scheme at BLMIS, No. 08-01789 (SMB), ECF No. [__].

---

[1] *See* Exhibit A, Schedule of Remaining Good Faith Actions, annexed to the Trustee's Motion and Supporting Memorandum of Law for an Order Establishing Omnibus Proceeding for the Purpose of Determining the Existence, Duration, and Scope of the Ponzi Scheme at BLMIS (the "Motion").

The following persons and/or entities are Defendants in the adversary proceedings listed below, and by and through their undersigned counsel, hereby give notice that they will participate in the Omnibus Ponzi Proceeding, as defined in the Motion:

| Adversary Proceeding No(s). | Defendant(s) |
|---|---|
|  |  |
|  |  |

Dated: _____

/s/_____
ATTORNEY NAME
ATTORNEY ADDRESS

*Counsel for Defendants Listed Above*