**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>         v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br>         v.<br><br>ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.),<br><br>                Defendant. | Adv. Pro. No. 10-05354 (SMB) |

### [PROPOSED] AMENDED ORDER
### GRANTING MOTION TO DISMISS
### COUNT FIVE OF THE AMENDED COMPLAINT

      ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.), having duly moved to revise the memorandum decision and March 3, 2017 order to dismiss the Plaintiff Irving H. Picard's clawback claim for subsequent transfers from Rye Select Broad Market XL Portfolio Limited pursuant to Rule 7054(a), and upon due deliberation the Court finds:

      **WHEREAS**, on December 8, 2010, the Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment

Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*., and the estate of Bernard L. Madoff, individually, initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.) ("RBS/ABN," and together with the Trustee, the "Parties"), and Rye Select Broad Market XL Fund, LP. *See Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 10-05354 (SMB), ECF No. 1;

**WHEREAS**, on August 8, 2012, the Trustee amended his complaint against RBS/ABN and Rye Select Broad Market XL Fund, LP. *See id.*, ECF No. 47;

**WHEREAS**, on February 27, 2013, the Trustee voluntarily dismissed Rye Select Broad Market XL Fund, LP with prejudice from the above-captioned adversary proceeding. *See id.*, ECF No. 56;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York, the Honorable Jed S. Rakoff, entered Orders in which he withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"). *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF Nos. 97, 167;

**WHEREAS**, after consolidated briefing and oral argument on the Extraterritoriality Issue, *see id.,* ECF Nos. 234, 309, 310, 322, and 357, on July 7, 2014, Judge Rakoff entered an

2

Opinion and Order (the "Extraterritoriality Order") and returned the withdrawn adversary proceedings to the Bankruptcy Court for further proceedings consistent with the Extraterritoriality Order. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on July 28, 2014, Judge Rakoff entered a Stipulation and Supplemental Opinion and Order in which he supplemented the Extraterritoriality Order to direct that certain additional adversary proceedings should "also be returned to the Bankruptcy Court for further proceedings consistent with" the Extraterritoriality Order. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-mc-0115 (JSR), ECF No. 556;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court entered an Order concerning further proceedings on the Extraterritoriality Issue that directed RBS/ABN, the Trustee, and the Securities Investor Protection Corporation to submit supplemental briefing to address (a) which counts asserted in the adversary proceeding against RBS/ABN should be dismissed pursuant to the Extraterritoriality Order or the legal standards announced therein and (b) whether the Trustee shall be permitted to file an amended complaint containing allegations relevant to the Extraterritoriality Issue as proffered by the Trustee (together, the "Extraterritoriality Motion to Dismiss"). *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, on December 31, 2014, RBS/ABN, along with other Transferee Defendants, filed a consolidated memorandum of law in support of the Extraterritoriality Motion to Dismiss. *See Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 10-05354 (SMB), ECF No. 90.

3

**WHEREAS**, pursuant to further scheduling Orders, *see Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF Nos. 8990, 9350, and 9720, on June 26, 2015, the Trustee filed (a) a consolidated memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, (b) a supplemental memorandum in opposition to the Extraterritoriality Motion to Dismiss, and (c) proffered allegations as to the Extraterritoriality Issue that the Trustee would include in a proposed second amended complaint. *See Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 10-05354 (SMB), ECF Nos. 99–101;

**WHEREAS**, on September 30, 2015, RBS/ABN, along with other Transferee Defendants, filed a consolidated reply memorandum of law in support of the Extraterritoriality Motion to Dismiss and RBS/ABN filed a supplemental reply memorandum in support of the Extraterritoriality Motion to Dismiss. *See id.*, ECF Nos. 105–06;

**WHEREAS**, on December 16, 2015, the Bankruptcy Court heard oral argument on the Extraterritoriality Motion to Dismiss. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 12081;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Memorandum Decision") that denied the Extraterritoriality Motion to Dismiss as to RBS/ABN in this adversary proceeding, and granted the Trustee leave to amend. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. P. No. 08-01789 (SMB), Adv. P. No. 11-02732 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016) (the "Memorandum Decision");

**WHEREAS** on March 3, 2017, the Bankruptcy Court entered a Stipulated Order Denying the Extraterritoriality Motion to Dismiss as to RBS/ABN in this adversary proceeding.

4

*See Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 10-05354 (SMB), ECF No. 117.

**WHEREAS**, the Memorandum Decision granted the Extraterritoriality Motion to Dismiss as to certain similarly-situated Defendants as to causes of action seeking to recover subsequent transfers those Defendants received from foreign funds in liquidation in the British Virgin Islands and the Cayman Islands, namely Fairfield Sentry Limited, Fairfield Sigma Limited, Fairfield Lambda Limited, Kingate Global Fund Limited, Kingate Euro Fund Limited, and/or Harley International (Cayman) Limited (the "Foreign Liquidated BVI and Cayman Islands Funds") on grounds of international comity (the "International Comity Holding"). *See Memorandum Decision*, 2016 WL 6900689, at *15–16;

**WHEREAS**, the Trustee has also asserted a subsequent transfer claim against RBS/ABN seeking to recover transfers they allegedly received from Rye Select Broad Market XL Portfolio Limited, a fund that was in foreign liquidation in the Cayman Islands as of 2009 and at the time the Extraterritoriality Motion to Dismiss was made. Declaration of Michael S. Feldberg dated March 1, 2018, Exs. A–B;

**WHEREAS**, the Memorandum Decision's International Comity Holding applies equally and directs dismissal of the Trustee's claim to recover $74.6 million in subsequent transfers RBS/ABN allegedly received from Rye Select Broad Market XL Portfolio Limited contained in Count Five of the Amended Complaint in this adversary proceeding (hereafter the "Count Five"), for the same reasons articulated with respect to the Foreign Liquidated BVI and Cayman Islands Funds;

**WHEREAS**, in light of the foregoing, on March 1, 2018, RBS/ABN filed its Rule 7054(a) Motion to Revise the Memorandum Decision and March 3, 2017 Order to Dismiss

5

Clawback Claim for Subsequent Transfers from Rye Select Broad Market XL Portfolio Limited, seeking entry of this Amended Order applying the Memorandum Decision's International Comity Holding to dismiss Count Five, the Trustee's claim in this adversary proceeding to recover $74.6 million in subsequent transfers allegedly received from Rye Select Broad Market XL Portfolio Limited;

**NOW**, **THEREFORE**, for the reasons set forth herein, it is hereby **SO ORDERED**, that:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2. The March 3, 2017 order denying the Extraterritoriality Motion to Dismiss as to RBS/ABN in this adversary proceeding is revised in part, and the Extraterritoriality Motion to Dismiss is **GRANTED** as to Count Five against Defendants.

**SO ORDERED**

Dated: [_____, 2018]
       New York, New York

                                                                  _____
                                                                  HONORABLE STUART M. BERNSTEIN
                                                                  UNITED STATES BANKRUPTCY JUDGE