**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 610-6300
Facsimile:   (212) 610-6399
Michael S. Feldberg

*Attorneys for Defendant ABN AMRO Bank N.V.*
*(presently known as The Royal Bank of Scotland, N.V.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05354 (SMB) |
| Plaintiff, | |
| v. | |
| ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.), | |
| Defendant. | |

**RBS/ABN'S REQUEST FOR JUDICIAL NOTICE OF**
**RYE SELECT BROAD MARKET XL PORTFOLIO LIMITED'S**
**CAYMAN LIQUIDATION, AND MEMORANDUM OF LAW IN SUPPORT OF**
**RULE 7054(A) MOTION TO REVISE THE MEMORANDUM DECISION**
**AND MARCH 3, 2017 ORDER TO DISMISS CLAWBACK CLAIM**
**FOR SUBSEQUENT TRANSFERS FROM THAT FUND**

# Table Of Contents

**Page(s)**

Table Of Authorities ........................................................................................................................ ii

Preliminary Statement ..................................................................................................................... 2

Background ..................................................................................................................................... 4

    A.  The Rye Action .................................................................................................................. 4

    B.  The Harley Action ............................................................................................................. 5

    C.  Cayman Liquidations And Settlements With The Trustee ................................................ 5

    D.  The Trustee's Allegations Relating To Cayman Liquidations .......................................... 6

    E.  Motions To Dismiss - Procedural History ........................................................................ 6

    F.  The November 22, 2016, Memorandum Decision And Its Comity Holding ..................... 8

    G.  Appeals ............................................................................................................................ 10

    H.  The Rye XL Portfolio Cayman Liquidation Comes To The Attention Of RBS/ABN's
Counsel ........................................................................................................................... 11

Argument ...................................................................................................................................... 11

    I.  The Court Should Take Judicial Notice Of The Cayman Islands Liquidation Of Rye
XL Portfolio To Supplement the Record ........................................................................ 11

    II.  The Memorandum Decision And The Order Should Be Revised Pursuant To Rule
7054 To Prevent Manifest Injustice ................................................................................ 12

Conclusion .................................................................................................................................... 14

# Table Of Authorities

Page(s)

**Cases**

*A.I. Trade Finance, Inc. v. Centro Internationale Handelsbank Ag*,
  926 F. Supp. 378 (S.D.N.Y. 1996) ............................................................................... 12

*Glob. Network Commc'ns, Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006) ........................................................................................ 11

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
  146 F.3d 66 (2d Cir.1998) ........................................................................................... 11

*In re Madoff Securities*,
  513 B.R. 222 (S.D.N.Y. 2014) ....................................................................................... 7

*In re Signature Apparel Grp. LLC*,
  577 B.R. 54 (Bankr. S.D.N.Y. 2017) ................................................................. 4, 12, 13

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  No. Adv. Pro. 08-01789 (SMB), 2016 WL 6900689
  (Bankr. S.D.N.Y. Nov. 22, 2016) ............................................................................ passim

*Sprague & Rhodes Commodity Corp. v. Instituto Mexicano Del Café*,
  566 F.2d 861 (2d Cir. 1977) ........................................................................................ 12

*Vicuna v. O.P. Schuman & Sons, Inc.*,
  No. 13 Civ. 2834 (ERK), 2017 WL 5054710 (E.D.N.Y. Oct. 31, 2017) ................... 13

**Statutes**

28 U.S.C. §157 ........................................................................................................................ 6

**Other Authorities**

Fed. R. Bankr. Proc. 7054 .................................................................................................. passim

Fed. R. Civ. Proc. 54(b) ..................................................................................................... passim

Fed. R. Civ. Proc. 60 ........................................................................................................... 12

ABN Amro Bank N.V. (presently known as The Royal Bank of Scotland, N.V.) ("RBS/ABN") respectfully requests that the Court revise its Memorandum Decision[1] and March 3, 2017 Order (the "Order") to include dismissal of the clawback claim against RBS/ABN for subsequent transfers from Rye Select Broad Market XL Portfolio Limited ("Rye XL Portfolio"). The Court's rule of decision was that, for reasons of international comity, claims relating to funds that were the subject of foreign liquidation proceedings having their own rules of disgorgement—such as Cayman liquidation proceedings—were to be dismissed. Although no one disputes that the Rye XL Portfolio was the subject of such proceedings in the Caymans, claims relating to that fund were not dismissed in the Memorandum Decision because (a) the Trustee had not alleged the fact of those proceedings in his pleadings, and (b) RBS/ABN inadvertently overlooked that fact until recently. RBS/ABN respectfully requests that the Court now take judicial notice of the fact of the Cayman liquidation proceedings for Rye XL Portfolio and amend the Memorandum Decision and Order accordingly to dismiss the claim relating to that fund. *See* Fed. R. Civ. Proc. 54(b) (an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); Fed. R. Bankr. Proc. 7054(a) (incorporating Rule 54(b)). The international comity rationale for the Court's decision applies as much now as it did a year ago, and it should not be applied differently to essentially identical claims. Moreover, it makes no sense to postpone the inevitable dismissal of the claim to a later stage of the litigation when the Court can easily amend the Order now pursuant to Rules 7054(a) and 54(b).

---

[1] Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. P. No. 08-01789 (SMB), Adv. P. No. 11-02732 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016) (the "Memorandum Decision" or "Mem. Decision").

## Preliminary Statement[2]

In this action (the "Rye Action"), the Trustee seeks to clawback $237.9 million in alleged subsequent transfers to RBS/ABN by various Rye funds—$74.6 million of which were subsequent transfers to RBS/ABN from Rye Select Broad Market XL Portfolio Limited ("Rye XL Portfolio"), a fund that went into liquidation in the Caymans in 2009 and was fully dissolved as of August 2016.

While this fact is undisputed by the Trustee,[3] in the Rye Action the Trustee never alleged that Rye XL Portfolio was in liquidation in the Caymans—even though he had settled with the Rye XL Portfolio Official Liquidators just six months before filing his Amended Complaint. This is in contrast to other feeder funds where the Trustee pled dissolution proceedings in his complaints and/or proffered allegations. Specifically, in the Rye Action, the Amended Complaint pled the dissolution of Rye Select Broad Market Insurance Portfolio, LDC ("Rye Insurance"), one of the other Cayman funds with the same Official Liquidators as Rye XL Portfolio that is not at issue in this motion. Similarly, in his action to clawback transfers from Harley International (Cayman) Limited ("Harley") against RBS/ABN,[4] the Trustee pled that Harley was in liquidation in the Caymans. As such, Rye XL Portfolio was not one of the funds alleged to be in foreign liquidation when RBS/ABN moved on the pleadings for this Court to dismiss certain of the Trustee's claims pursuant to the District Court's extraterritoriality and comity decision.

---

[2] In support of this motion, RBS/ABN has also filed herewith the Declaration of Michael S. Feldberg, dated March 1, 2018, and the exhibits appended thereto (hereinafter the "Feldberg Decl.").

[3] *See* Feldberg Decl., ¶ 13 & Exs. A & B.

[4] *Picard v. ABN AMRO Bank N.V. (Presently Known as The Royal Bank of Scotland N.V.)*, Adv. Pro. No. 11-02760 (SMB) (the "Harley Action").

2

In ruling on the joint motions to dismiss, this Court first performed a comity analysis *of each fund that it understood to be in foreign liquidation*, recognizing that the District Court "plainly ruled that comity applies at least where the feeder fund that was the initial transferee was the subject of a foreign liquidation proceeding with its own rules of disgorgement." Mem. Decision, 2016 WL 6900689, at *12. The Court dismissed numerous claims for subsequent transfers from feeder funds recognized to be in foreign liquidation in the British Virgin Islands and the Caymans. Specifically with respect to the Caymans, the Court noted that the Cayman Islands Court of Appeal had previously "ruled that the Trustee was entitled to pursue claims against [Cayman funds] under the avoidance provisions of Cayman Islands law, but not under U.S. law." *Id.* at *16. Consequently, clawback claims for transfers from Harley—the one fund identified by the Court to be in Cayman liquidation proceedings—were dismissed as barred by the doctrine of comity. *Id.*

With respect to Rye XL Portfolio, the Complaints did not allege and thus the Court did not identify any ongoing liquidation, and so the Court did not apply a comity analysis. *Id.* at *28–29. Instead, the Court analyzed the Rye XL Portfolio clawback claims under the doctrine of extraterritoriality only, and ultimately denied dismissal of the $74.6 million claim against RBS/ABN arising from Rye XL Portfolio subsequent transfers, among other Rye transfers. *Id.* at *29 & n.28. This was *so ordered* on March 3, 2017. Rye Action, ECF No. 117.

When the Memorandum Decision on the Transferee Defendants' motions to dismiss was issued in November 2016, counsel did not immediately recall that the Trustee had settled his claims against the Rye XL Portfolio Cayman *liquidators* in February 2012. Nor did the Trustee's Complaint, Amended Complaint or Proffered Allegations mention the liquidation. When the clearly dispositive fact of the Rye XL Portfolio Cayman liquidation came to the

3

attention of RBS/ABN's counsel, it promptly raised it with the Trustee as well as other defendants in parallel Rye actions, and submitted this motion.[5]

"[A] bankruptcy court has the power to reconsider its previous orders when equity so requires so long as no intervening rights have become vested in reliance on the orders." *In re Signature Apparel Grp. LLC*, 577 B.R. 54, 97 (Bankr. S.D.N.Y. 2017). RBS/ABN respectfully requests that this Court take judicial notice of the fact of the Rye XL Portfolio Cayman liquidation. This fact is undisputed and dispositive under the comity doctrine set out in the Memorandum Decision. As such, RBS/ABN's counsel moves pursuant to Rules 7054(a) and 54(b) to revise the Memorandum Decision and Order, and to dismiss the clawback claim against RBS/ABN arising from subsequent transfers from Rye XL Portfolio as barred by this Court's prior comity holding. Dismissal of this claim is warranted and required by justice, so that considerations of international comity are not applied inconsistently to identical claims due to the Trustee's failure to allege an undisputed fact. Moreover, this motion is timely under Rule 54(b), which provides that an interlocutory decision may be revised at any time before the entry of a final judgment. The Trustee will not be prejudiced by partial dismissal of claims in a case that will continue forward on other claims.

## Background

### A.  The Rye Action[6]

RBS/ABN is a commercial bank incorporated under the laws of the Netherlands. Rye Proffered Allegations ¶ 8. In the Rye Action, the Trustee seeks to avoid, pursuant to Section

---

[5]  *See* Feldberg Decl. ¶ 12.

[6]  The allegations in this section are derived from the Amended Complaint ("Amended Complaint" or "Rye Am. Compl."), ECF No. 47, and the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.) ("Rye Proffered Allegations"), ECF No. 101 in the Rye Action.

550(a) of the Bankruptcy Code, approximately $149 million in subsequent transfers to RBS/ABN from two Cayman Islands feeder funds, the aforementioned Rye XL Portfolio and Rye Select Broad Market Portfolio Limited ("Rye Portfolio.")  *Id.* ¶¶ 14–15, 21–22.  $74.6 million of these claims are based on subsequent collateral transfers from Rye XL Portfolio, while $74.4 million of the claims are based on subsequent redemption transfers from Rye Portfolio.  *Id.*  The Trustee also seeks recovery of approximately $89 million in subsequent transfers to RBS/ABN from two Delaware-registered Rye funds, claims that are not at issue in this round of motions to dismiss.  *Id.* ¶¶ 42–44.

**B.    The Harley Action[7]**

In the Harley Action, a separate action against RBS/ABN, the Trustee seeks to avoid, pursuant to Section 550(a) of the Bankruptcy Code, approximately $21.8 million in subsequent transfers from Harley, another Cayman Islands feeder fund.  Harley Proffered Allegations ¶¶ 1–2, 8.  The Court dismissed the Harley Action in the Memorandum Decision.  Mem. Decision, 2016 WL 6900689, at *16.

**C.    Cayman Liquidations And Settlements With The Trustee**

With the collapse of the Madoff Ponzi scheme, Harley and at least three of the Rye funds—Rye XL Portfolio, Rye Insurance and Broad Market XL Holdings Limited ("Broad Market")—entered into foreign liquidation proceedings in the Cayman Islands.  Harley Proffered Allegations ¶ 8; Feldberg Decl., Exs. A–F.  According to documents filed in the Cayman proceedings, the liquidation of Rye XL Portfolio was filed in January 2009, transferred to the

---

[7]    The allegations relating to the Harley Action are derived from the Complaint ("Harley Compl.") and the Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.) ("Harley Proffered Allegations"), ECF Nos. 1 and 58 in the Harley Action.

Financial Services Division in January 2010, and dissolved in August 2016. *Id.*, Exs. A–B. Broad Market and Rye Insurance followed similar trajectories and were dissolved in August and December 2016, respectively. *Id.*, Exs. C–F.

The Trustee entered into a settlement with the Joint Official Liquidators on behalf of Rye Insurance as of July 25, 2011. *Id.*, Ex. G. The Trustee entered into a Settlement with the Joint Official Liquidators on behalf of Rye XL Portfolio as of February 10, 2012, and dropped Rye XL Portfolio as a defendant prior to filing his Amended Complaint in the Rye Action in August 2012. *Id.*, Ex. H (filed in the Rye Action as ECF No. 46); Rye Am. Compl. n.2.

**D.    The Trustee's Allegations Relating To Cayman Liquidations**

In the Rye Action, the Amended Complaint filed in August 2012 pled the dissolution of Rye Insurance, one of the other Rye Cayman funds with the same Official Liquidators as Rye XL Portfolio, but did not mention the liquidation of Rye XL Portfolio.[8] *Id.* ¶ 40. Similarly, in the Harley Action, the Trustee raised the Cayman liquidation of Harley in both the initial Complaint filed in October 2011 (Harley Compl. ¶ 2) and the Proffered Allegations Pertaining to the Extraterritoriality Issue as against RBS/ABN filed in June 2015 (Harley Proffered Allegations ¶ 8).

**E.    Motions To Dismiss - Procedural History**

With respect to the Harley Action, the Rye Action, and numerous other cases, in June 2012, the District Court withdrew the reference pursuant to 28 U.S.C. §157 to determine whether "SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid initial Transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees." June 7, 2012 Order at 3, *Sec. Inv'r Prot.*

---

[8]    Rye Insurance is not at issue in this motion.

6

*Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-0115 (JSR) (S.D.N.Y.) ("Withdrawn Actions"), ECF No. 167.  RBS/ABN, along with numerous other defendants, filed a motion to dismiss on extraterritoriality grounds, seeking to dismiss the Trustee's claims to avoid the approximately $149 million in transfers from the Rye Cayman funds to RBS/ABN.  Withdrawn Actions, ECF No. 234.

On July 7, 2014, the District Court issued its decision, ruling in favor of foreign subsequent transferees such as RBS/ABN, finding that (i) "section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor," and (ii) independent of that extraterritoriality analysis, that principles of international comity counsel against the application of U.S. law to avoid transfers made from foreign funds (including Cayman Islands funds) to foreign transferees.  *In re Madoff Securities*, 513 B.R. 222, 231–32 (S.D.N.Y. 2014) (the "Opinion and Order").  The District Court returned the adversary proceedings to this Court for further proceedings consistent with the Opinion and Order.  *Id.* at 232–33.

RBS/ABN, along with other defendants in parallel litigations, then renewed its motion to dismiss before this Court, seeking dismissal on comity and extraterritoriality grounds pursuant to the Opinion and Order.  A consolidated brief was submitted by the Transferee Defendants on December 31, 2014 setting out a list of the transferee feeder funds, flagging those "the Trustee ha[d] alleged to be in foreign insolvency proceedings."  Consol. Suppl. Mem. In Support of the Transferree Defs. Mot. To Dismiss Based on Extraterritoriality at 15, n.11 & App'x A, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, Adv. Pro. No. 08-1789 (SMB) (Bankr. S.D.N.Y.) ("Consol. Action"), ECF No. 8903.  Rye XL Portfolio was not flagged as one of the funds in foreign insolvency proceedings because the

7

Amended Complaint lacked any allegation of its liquidation. *Id.*

In response, the Trustee filed a consolidated opposition brief ("Trustee's Opp."), affirming that Transferee Defendants had "identif[ied] sixteen entities that are in foreign liquidation proceedings." Trustee's Opp. at 35 n.134, Consol. Action, ECF No. 10287. The Trustee also filed individualized opposition briefs and Proffered Allegations Pertaining to the Extraterritoriality Issue in both the Harley and Rye Actions. Rye Action, ECF Nos. 100 & 101; Harley Action, ECF Nos. 57 & 58. Nowhere in his briefing or Proffered Allegations did the Trustee plead or raise the Rye XL Portfolio Cayman liquidation. To the contrary, in his Rye Proffered Allegations, the Trustee omitted the reference to the Rye Insurance Cayman liquidation that he had previously included in his Amended Complaint. Rye Proffered Allegations, ¶ 40. With respect to the Harley liquidation explicitly referenced by District Court, the Trustee included this as an alleged fact in the Harley Proffered Allegations. Harley Proffered Allegations ¶ 8.

Omnibus and case-specific reply briefs were filed by the Transferee Defendants, including RBS/ABN, on September 30, 2015. Consol. Action, ECF No. 11542; Rye Action, ECF No. 105; Harley Action, ECF No. 62.[9]

## F. The November 22, 2016, Memorandum Decision And Its Comity Holding

Following the extensive briefing set out above and oral argument, this Court issued its Memorandum Decision, observing that the District Court "plainly ruled that comity

---

[9] We note that in one separate parallel case that we are aware of, involving clawback claims which are also based on subsequent transfers from Rye XL Portfolio, BNP Paribas submitted a reply brief that flagged Rye XL Portfolio and Rye Insurance as two of the many funds in liquidation. Reply Mem. in Further Support of the BNP Paribas Defs. Mot. to Dismiss Based on Extraterritoriality at 26-27 & n.22, *Picard v. BNP Paribas S.A.*, Adv. Pro. No. 12-1576 (SMB) (Bankr. S.D.N.Y.), ECF No. 71. However, this was not on the record or raised in the separate Rye Action at issue against RBS/ABN.

8

applies at least where the feeder fund that was the initial transferee was the subject of a foreign liquidation proceeding with its own rules of disgorgement." Mem. Decision at *12. The Court then engaged in a case-by-case comity analysis of *each fund that it understood to be in foreign liquidation*, dismissing numerous clawback claims for subsequent transfers from feeder funds alleged to be in foreign liquidation in the British Virgin Islands and the Caymans. *Id*. at *13–17.

With respect to funds in liquidation in the Caymans, the Court explained that the Cayman Islands Court of Appeal had already ruled that "the Trustee was entitled to pursue claims against [Cayman funds] under the avoidance provisions of Cayman Islands law, but not under U.S. law." *Id*. at *16. The Court held that under the doctrine of comity, "the Cayman Islands has a greater interest in regulating the activities that gave rise to the Trustee's subsequent transfer claims." *Id*. Accordingly, with respect to Harley, one of the funds the Trustee alleged to be in liquidation in the Caymans, the Court concluded that "those who invested in Harley and lost their investments have no rights against BLMIS, and must seek to recoup their investments through the Cayman Islands liquidation proceedings." *Id*.

It appears that the Court was—understandably—unaware of the Rye XL Portfolio liquidation or any of the other Rye funds undergoing Cayman liquidations, and so did not apply a comity analysis to any of the Rye funds in the Memorandum Decision. Instead, the Memorandum Decision skipped to an extraterritoriality analysis of the Rye funds, under which it denied dismissal of the $74.6 million clawback claim against RBS/ABN based on subsequent transfers from Rye XL Portfolio, a fund undeniably in liquidation in the Caymans. *Id.* at *29–30.

Pursuant to the Memorandum Decision, the parties stipulated to and the Court issued the Order denying dismissal of all claims in the Rye Action. Rye Action, ECF. No. 117. On the same day, this Court entered a final order dismissing the Harley Action. Harley Action,

9

ECF No. 74. In numerous parallel cases, claims were dismissed under the Memorandum Decision (the majority on comity grounds), and orders were likewise entered.

### G.    Appeals

The Trustee has pursued a consolidated appeal of claims dismissed pursuant to the Memorandum Decision.[10] With respect to cases that were partially dismissed under the Memorandum Decision on grounds of extraterritoriality or comity, those defendants have entered into stipulations allowing the Trustee to appeal immediately the dismissed claims while the remaining claims proceed below.[11]

With respect to RBS/ABN, only the dismissed Harley Action was ripe for immediate appeal, while the Rye Action remains before this Court even though it allegedly arises from the same set of facts.[12] At the outset RBS/ABN originally opposed direct certification of an appeal of the Harley Action to the Second Circuit (Harley Action, ECF No. 83), but has now stipulated to a direct appeal.[13] The Trustee has filed his opening brief in the United States Court of Appeals for the Second Circuit and a consolidated opposition brief is due in April 2018.

With respect to the Rye Action, in April 2017, RBS/ABN moved for permission

---

[10]    *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. ABN AMRO Bank N.V. et al.*, No. 17-2992 (2d Cir.).

[11]    *See, e.g.*, Stipulated Final Order Granting Motion to Dismiss Certain Counts of the Amended Complaint Against HSBC, *Picard v. HSBC Bank PLC, et al.*, Adv. Pro. No. 09-01364 (SMB), ECF No. 447.

[12]    Harley Proffered Allegations ¶¶ 3, 9, 15–20 (alleging that RBS/ABN's decision to invest in Harley was a continuation of its strategy of investing with the Tremont funds, *i.e.* the Rye funds).

[13]    *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, 17 Civ. 07476 (AT), ECF No. 6.

to take an interlocutory appeal of the Order in the Rye Action.[14] The Trustee successfully opposed RBS/ABN's motion (Interlocutory Appeal, ECF No. 14), and is seeking pre-motion to dismiss discovery on the good faith issue (Rye Action, ECF Nos. 70, 143).

### H. The Rye XL Portfolio Cayman Liquidation Comes To The Attention Of RBS/ABN's Counsel

The Trustee has conceded that "the District Court ruled that . . . certain foreign transfers would be precluded by concerns of international comity, *where the underlying BLMIS feeder funds were in liquidation proceedings in their home countries*, . . . [and] there is no doubt that Bankruptcy Court followed that law." Trustee's Mem. of Law in Opp. at 4, 13, Interlocutory Appeal, ECF No. 8.

On or about January 30, 2018, when Rye XL Portfolio's Cayman liquidation came to the attention of RBS/ABN's counsel, RBS/ABN promptly raised this clearly dispositive fact with the Trustee's counsel. Feldberg Decl. ¶¶ 11-12. The Trustee has declined to stipulate to dismissal of the Rye XL Portfolio subsequent transfer claim as barred by the Memorandum Decision's comity holding. Feldberg Decl. ¶ 13.

### Argument

### I. The Court Should Take Judicial Notice Of The Cayman Islands Liquidation Of Rye XL Portfolio To Supplement the Record

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,

---

[14] RBS/ABN's Motion for Leave to Appeal, *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, 17 Civ. 02959 (VEC) (the "Interlocutory Appeal"), ECF No. 3.

11

146 F.3d 66, 70 (2d Cir.1998)). This includes foreign proceedings. *See A.I. Trade Finance, Inc. v. Centro Internationale Handelsbank Ag*, 926 F. Supp. 378, 387 (S.D.N.Y. 1996) ("[t]he Second Circuit has noted that Rule 201 permits a court to take judicial notice of a foreign judgment.") (citing *Sprague & Rhodes Commodity Corp. v. Instituto Mexicano Del Café*, 566 F.2d 861, 862 (2d Cir. 1977)). The Rye XL Portfolio Transfer Order and Final Liquidation Order (Feldberg Decl., Exs. A–B) were filed in the Cayman Islands Grand Court, and as such, this Court may take judicial notice of these documents to establish the fact of the Rye XL Portfolio liquidation proceedings.

## II. The Memorandum Decision And The Order Should Be Revised Pursuant To Rule 7054 To Prevent Manifest Injustice

Under Federal Rule of Civil Procedure 54(b), a non-final order or decision "however designated . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b). The Advisory Committee to the Federal Rules of Civil Procedure has noted that "interlocutory judgments are . . . left subject to the complete power of the court rendering them to afford such relief from them *as justice requires*." Fed. R. Civ. P. 60, Notes of Advisory Committee on Rules—1946 Amendment (emphasis added). Federal Rule of Bankruptcy Procedure 7054 incorporates Rule 54(b), and this Court has likewise held that "a bankruptcy court has the power to reconsider its previous [interlocutory] orders *when equity so requires* so long as no intervening rights have become vested in reliance on the orders." *In re Signature Apparel Grp. LLC*, 577 B.R. at 97.

Here, manifest injustice would ensue if clawback claims relating to some of the Cayman funds in foreign liquidation (*i.e.*, Harley) were barred under the doctrine of international comity while similar claims relating to other Cayman funds in foreign liquidation (*e.g.*, Rye XL Portfolio) were allowed to proceed. The Cayman courts would be deprived of the deference

12

owed to them under considerations of international comity set out by this Court. Mem. Decision, 2016 WL 6900689, at *16 ("[T]he Cayman Islands has a greater interest in regulating the activities that gave rise to the Trustee's subsequent transfer claims.").

Both Harley and Rye XL Portfolio were Cayman-incorporated funds liquidated in the Caymans. Under the Court's comity analysis, the Trustee's Rye XL Portfolio claim against RBS/ABN is indistinguishable from the Harley clawback claims against RBS/ABN which were dismissed. To avoid this manifest injustice, the Trustee's $74.6 million claim based on Rye XL Portfolio subsequent transfers should be dismissed just like the Harley clawback claims. *See In re Signature Apparel Group LLC*, 577 B.R. 54, 97 (Bankr. S.D.N.Y. 2017) (granting motion to revise a partial summary judgment order under Rule 54(b) where parties submitted new evidence); *Vicuna v. O.P. Schuman & Sons, Inc.*, No. 13 Civ. 2834 (ERK), 2017 WL 5054710, at *8-10 (E.D.N.Y. Oct. 31, 2017) (granting motion to revise a summary judgment order under Rule 54(b) based on new evidence obtained through discovery).

This motion to revise the Memorandum Decision and Order is timely under Rule 54(b), which provides that a non-final decision or order "may be revised *at any time* before the entry of a [final] judgment." Rule 54(b) is incorporated through Federal Rule of Bankruptcy Procedure 7054.

Moreover, "no intervening rights [of the Trustee] have become vested in reliance on the [Memorandum Decision or Order]" with respect to the Rye XL Portfolio clawback claim, given that the entire case is still at the motion to dismiss stage. *In re Signature Apparel Grp. LLC*, 577 B.R. at 97 ("a bankruptcy court has the power to reconsider its previous orders when equity so requires so long as no intervening rights have become vested in reliance on the orders"). The Trustee will not be prejudiced by any briefing he has undertaken in the interim

13

(*e.g.*, for limited good faith discovery), because this Motion only seeks partial dismissal of a specific claim, and the Rye Action will continue forward on other claims.

## Conclusion

For all the foregoing reasons, RBS/ABN respectfully requests that this Court take judicial notice of the Cayman liquidation of Rye XL Portfolio and enter an Order revising the Memorandum Decision and Order to grant dismissal of the Trustee's claim to clawback $74.6 million in subsequent transfers from Rye XL Portfolio to RBS/ABN under its dispositive comity holding set out in the Memorandum Decision.

Dated:      March 1, 2018
            New York, New York

                                        Respectfully submitted,

                                        /s/Michael S. Feldberg
                                        Michael S. Feldberg
                                        ALLEN & OVERY LLP
                                        1221 Avenue of the Americas
                                        New York, NY 10020
                                        212-610-6300
                                        michael.feldberg@allenovery.com

                                        *Attorneys for Defendant ABN AMRO Bank N.V.*
                                        *(presently known as The Royal Bank of Scotland,*
                                        *N.V.)*

14