**EXHIBIT B**


**SETTLEMENT AGREEMENT**

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (this "Agreement") is made and entered into as of March 1, 2018, by and between Irving H. Picard, in his capacity as the Trustee ("Trustee") for the liquidation proceedings under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated Chapter 7 case of Bernard L. Madoff ("Madoff" and, collectively, the "BLMIS Estate") pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), on the one hand, and American Securities Management, L.P., f/k/a American Securities, L.P.; PJ Associates Group, L.P., doing business as PJ Administrator, L.L.C.; PJ Associates Group GP Corp.; PJ Administrator, L.L.C., formerly known as PJ Associates Group, L.P.; American Securities Opportunity Fund, L.P.; American Securities Holdings Corporation; American Securities Group, L.L.C.; AS Hirota Holdings Corp.; Elizabeth R. Varet, individually, as beneficiary of the Elizabeth R. Varet Money Purchase Pension Plan, as grantor of the 2004 V Trust, as trustee and beneficiary of the Apollo Trust for Elizabeth R. Varet UAD 2/10/69, as settlor of the Michael A. Varet Trust UAD 11/9/94, as trustee of Issue 1 Trust UAD 8/30/41 FBO Nina Rosenwald, as trustee and beneficiary of Issue 1 Trust UAD 8/30/41 FBO Elizabeth R. Varet, as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Elizabeth R. Varet, as trustee of Issue Trust 5 UAD 9/28/51 FBO David R. Varet, as trustee of Issue Trust 5 UAD 9/28/51 FBO Joseph R. Varet, as last known trustee of Issue Trust 5 UAD 9/28/51 FBO Nina Rosenwald, as trustee and beneficiary of Issue Trust 6 UAD 8/13/65 FBO Elizabeth R. Varet, as trustee of Issue Trust 6 UAD 8/13/65 FBO Nina Rosenwald, and as trustee of Issue Trust 5 UAD 9/28/51 FBO Sarah R. Varet; David Buss, as trustee of Issue Trust 5 UAD 9/28/51 FBO Sarah R. Varet, as trustee of Issue Trust 5 UAD 9/28/51 FBO Joseph R. Varet, as

trustee of Issue Trust 5 UAD 9/28/51 FBO David R. Varet, as successor trustee to Alexander G.

Anagnos of the Michael A. Varet Trust UAD 11/9/94, and as successor trustee to Alexander G.

Anagnos of the 2004 V Trust; Ellen V. Greenspan, as trustee of the Michael A. Varet Trust UAD

11/9/94; Michael A. Varet, individually, and as beneficial owner of one or more IRAs; David R.

Varet; Joseph R. Varet, individually, and as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Joseph

R. Varet; Sarah R. Varet, individually, and as beneficiary of Issue Trust 5 UAD 9/28/51 FBO

Sarah R. Varet; Nina Rosenwald, individually, as trustee of the Apollo Trust for Elizabeth R. Varet

UAD 2/10/69, as trustee and beneficiary of Issue 1 Trust UAD 8/30/41 FBO Nina Rosenwald, as

trustee of Issue 1 Trust UAD 8/30/41 FBO Elizabeth R. Varet, as last known trustee and

beneficiary of Issue Trust 5 UAD 9/28/51 FBO Nina Rosenwald, as trustee of Issue Trust 6 UAD

8/13/65 FBO Elizabeth R. Varet, as beneficiary of the Apollo Trust 2/10/69 FBO Nina Rosenwald,

and as trustee and beneficiary of Issue Trust 6 UAD 8/13/65 FBO Nina Rosenwald; Alice

Rosenwald, also known as Alice R. Sigelman, individually, as custodian for Jonathan Sigelman,

as custodian for Benjamin R. Sigelman, as trustee and beneficiary of Issue 1 Trust UAD 8/30/41

FBO Alice Rosenwald, as trustee of Issue Trust 5 UAD 9/28/51 FBO Benjamin R. Sigelman, as

trustee and beneficiary of Issue Trust 6 UAD 8/13/65 FBO Alice Rosenwald, as Executrix of the

Estate of Jesse L. Sigelman, and as trustee of Issue Trust 5 UAD 9/28/51 FBO Jonathan R.

Sigelman; James R. Ledley, as trustee of Issue 1 Trust UAD 8/30/41 FBO Alice Rosenwald, as

trustee of Issue Trust 5 UAD 9/28/51 FBO Jonathan R. Sigelman, as trustee of Issue Trust 5 UAD

9/28/51 FBO Benjamin R. Sigelman, as trustee of Issue Trust 6 UAD 8/13/65 FBO Alice

Rosenwald, as trustee of the Trust UAD 3/4/92 FBO Jonathan R. Sigelman, and as trustee of Trust

UAD 3/4/92 FBO Benjamin R. Sigelman; Maria Chrin, as successor trustee to Elizabeth R. Varet

of Trust UAD 3/4/92 FBO Benjamin R. Sigelman, and as successor trustee to Elizabeth R. Varet

of Trust UAD 3/4/92 FBO Jonathan R. Sigelman; Benjamin R. Sigelman, individually, as

beneficiary of Issue Trust 5 UAD 9/28/51 FBO Benjamin R. Sigelman, and as beneficiary of the

Trust UAD 3/4/92 FBO Benjamin R. Sigelman; Jonathan R. Sigelman, individually, as beneficiary

of Issue Trust 5 UAD 9/28/51 FBO Jonathan R. Sigelman, and as beneficiary of the Trust UAD

3/4/92 FBO Jonathan R. Sigelman; The Estate of Jesse L. Sigelman; Conyers Trust Company

(Bermuda) Limited; Elizabeth R. Varet IRA Rollover; Elizabeth R. Varet Defined Benefit Plan &

Trust; Elizabeth R. Varet Money Purchase Pension Plan; Michael A. Varet IRA Rollover and IRA

Rollover #2; Decimal Investments, L.L.C.; The Abstraction Fund; The Abstraction Fund, as

successor to William Rosenwald Family Fund; Alice Rosenwald Fund; Alice Rosenwald Fund, as

successor to JJG Foundation, Inc.; Alice Rosenwald Fund, as successor to William Rosenwald

Family Fund; Anchorage Charitable Fund; Anchorage Charitable Fund, as successor to William

Rosenwald Family Fund; Metropolitan Philanthropic Fund, Inc.; P&I Partners; Charles D. Klein,

individually, as beneficial owner of one or more IRAs, as custodian and/or trustee of the Charles

D. Klein Money Purchase Pension Plan, as beneficiary of the Charles D. Klein Generation

Skipping Trust DTD 7/31/01, as custodian and/or trustee of the Jane P. & Charles D. Klein

Foundation, and as custodian and/or trustee of The Charles and Jane Klein Family Fund; Andrew

B. Klein, individually, as beneficial owner of one or more IRAs, as trustee of the Andrew Klein

Trust DTD 12/27/97, as grantor and trustee of the Andrew B. Klein 1997 Trust DTD 5/15/97; as

trustee and beneficiary of the Charles D. Klein Generation Skipping Trust DTD 7/31/01, and as

trustee of the Elizabeth Klein Trust DTD 12/27/97; Elizabeth Klein, individually, as trustee and

beneficiary of the Charles D. Klein Generation Skipping Trust DTD 7/31/01, and as trustee and

beneficiary of the Elizabeth Klein Trust DTD 12/27/97; Jane P. Klein, individually, as beneficial

owner of an IRA, as custodian for Andrew B. Klein and Elizabeth Klein, as trustee of the Elizabeth

3

Klein Trust DTD 12/27/97, as trustee of the Charles D. Klein Generation Skipping Trust DTD

7/31/01, as trustee of the Trust under the will of Donald W. Parsons FBO Jane P. Klein, and as

trustee of the Andrew Klein 1997 Trust DTD 5/15/97; Charles D. Klein IRA Rollover; Jane P.

Klein IRA; CDK Partners; Klein Family Holdings, L.L.C.; Charles D. Klein Money Purchase

Pension Plan; The Charles and Jane Klein Family Fund; Michael G. Fisch, individually, as

beneficial owner of one or more IRAs, as custodian and/or trustee of the Michael G. Fisch Profit

Sharing Plan and as trustee of the Michael G. Fisch 2006 Revocable Trust; Laura M. Roberson-

Fisch, as beneficial owner of an IRA, as participant in the Laura M. Roberson-Fisch Money

Purchase Pension Plan, and as a participant in the Laura M. Roberson-Fisch Profit Sharing Plan;

Laila Hafner, as beneficial owner of an IRA; Joseph A. Rossetti, as beneficial owner of an IRA;

Arlene Marie Pettingill; Laura M. Roberson-Fisch IRA; Michael G. Fisch IRA; Laura M.

Roberson-Fisch Money Purchase Pension Plan; Laura M. Roberson-Fisch Profit Sharing Plan;

Michael G. Fisch Profit Sharing Plan; Laila Hafner IRA; The Reed L. Harman and Nan M. Harman

Foundation; Joseph A. Rossetti IRA Rollover; David P. Steinmann, individually, as beneficial

owner of one or more IRAs, as custodian for Catherine L. Steinmann, and as custodian and/or

trustee of the David P. Steinmann Money Purchase Pension Plan; Catherine L. Steinmann; Gabriel

B. Steinmann; Joshua Steinmann; Jennifer E. Steinmann; David P. Steinmann IRA Rollover #1

and IRA Rollover #2; David Steinmann Defined Benefit Plan; David P. Steinmann Money

Purchase Pension Plan; JJG Enterprises; 1185 Park Avenue Foundation, Inc.; Neil B. Goldstein,

individually, as beneficial owner of one or more IRAs, as grantor of the Neil B. Goldstein 2007

Trust, and as beneficiary of the Jean Weiner 1991 Grantor Retained Annuity Trust; Joyce W.

Goldstein, individually, as beneficial owner of an IRA and as trustee of the Neil B. Goldstein 2007

Trust; Joyce W. Goldstein IRA; Neil B. Goldstein IRA Rollover; Darmel Management, L.L.C.;

South Lake, L.L.C.; Abe Mastbaum, individually, as custodian for Jason Mastbaum and as beneficial owner of one or more IRAs; Jason Mastbaum; Abe Mastbaum IRA, IRA SEP and IRA Rollover; George Anagnos; Josephine G. Anagnos; Steven Anagnos; Maria Anagnos-Pierce; Joseph J. Nicholson, individually and as trustee of the Joseph J. Nicholson Charitable Remainder Unitrust; Barry F. Margolius, as trustee of the Joseph J. Nicholson Charitable Remainder Unitrust; Pamela Murphy; Anthony R. Grillo, as trustee of the Joseph J. Nicholson Charitable Remainder Unitrust; and Paul Robert Murphy (collectively, "Transferees"), on the other hand.  Trustee and each of the Transferees shall be hereinafter referred to individually as a "Party" and collectively as the "Parties."

## R E C I T A L S

**WHEREAS**, BLMIS and its predecessor were registered broker-dealers with the United States Securities and Exchange Commission (the "Commission") and members of the Securities Investor Protection Corporation ("SIPC");

**WHEREAS**, on December 11, 2008 (the "Filing Date"), the Commission filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against BLMIS and Madoff.  On December 12, 2008, the District Court entered an order which, among other things, appointed Lee S. Richards, Esq. as receiver (the "Receiver") for the assets of BLMIS (No. 08-CV-10791(LSS));

**WHEREAS**, on December 15, 2008, pursuant to section 5(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with the application of SIPC. Thereafter, SIPC filed an application in the District Court under section 5(a)(3) of SIPA alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.  On December 15,

5

2008, the District Court granted the SIPC application and entered an order under SIPA, which, in

pertinent part, appointed Irving H. Picard as the trustee for the liquidation of the business of

BLMIS under section 5(b)(3) of SIPA, removed the Receiver as the receiver for BLMIS, and

removed the case to the Bankruptcy Court under section 5(b)(4) of SIPA, where it is currently

pending as Case No. 08-01789 (SMB) ("Liquidation Proceeding").  By Order dated June 9, 2009,

the Chapter 7 estate of Madoff (the "Madoff Estate") was substantively consolidated with the

estate of BLMIS;

WHEREAS, pursuant to section 78fff-1(a) of SIPA, Trustee has the general powers of a

bankruptcy trustee in a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§

101, *et seq.* (the "Bankruptcy Code"), as well as the powers granted pursuant to SIPA.  Chapters

1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding

to the extent consistent with SIPA;

WHEREAS, under SIPA, Trustee is charged with the responsibility to marshal and

liquidate the assets of BLMIS for distribution to BLMIS customers and others in accordance with

SIPA in satisfaction of allowed claims, including through the recovery of avoidable transfers such

as preference payments and fraudulent transfers made by BLMIS;

WHEREAS, Trustee's claims against transferees who received avoidable transfers from

BLMIS arise under SIPA, including sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3), sections 105(a),

541, 544, 547, 548, 550(a) and 551 of the Bankruptcy Code, the New York Debtor and Creditor

Law § 270 et seq. (McKinney 2001) and other applicable laws;

WHEREAS, pursuant to an order of the Bankruptcy Court, dated December 23, 2008 (the

"Claims Procedures Order", Case No. 08-01789 (SMB),[1] ECF No. 12), Trustee is authorized to

---

[1] All ECF numbers referenced herein are applicable to Case No. 08-01789 (SMB), unless otherwise stated.

enter into settlements with claimants in connection with any claims upon which there is a disagreement, provided that Trustee obtains the approval of SIPC.  Pursuant to the Claims Procedures Order, no further order of the Bankruptcy Court is necessary as long as any obligations incurred by the BLMIS Estate under the settlements are ascertainable from the books and records of BLMIS or are otherwise established to the satisfaction of Trustee;

**WHEREAS**, on December 10, 2010, Trustee commenced an adversary proceeding in the Bankruptcy Court against Transferees in an action captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. American Securities Management, L.P., formerly known as American Securities, L.P., et al.*, Adv. Pro. No. 10-05415 (SMB) (the "Adversary Proceeding");

**WHEREAS**, on September 9, 2011, the Trustee filed an amended complaint (the "Amended Complaint") which, in pertinent part, voluntarily dismissed without prejudice eighty-eight (88) subsequent transferee defendants;

**WHEREAS**, Trustee alleges that Transferees are liable to the BLMIS Estate for the receipt of avoidable and recoverable transfers during the two years prior to the Filing Date in the aggregate amount of Thirty-One Million, One Hundred Forty-Six Thousand United States Dollars ($31,146,000), consisting of at least Ten Million, One Hundred Two Thousand, One Hundred Fifty-Seven United States Dollars ($10,102,157) in the form of fictitious profits, and at least Twenty-One Million, Forty-Three Thousand, Eight Hundred Forty-Three United States Dollars ($21,043,843) in the form of returned principal (collectively, the "Two-Year Transfers").

**WHEREAS**, in the Amended Complaint, the Trustee alleges that Transferees are liable to the BLMIS Estate for the receipt of avoidable and recoverable transfers during the six years prior to the Filing Date in the aggregate amount of Fifty-Six Million, Six Hundred Ninety-One Thousand

United States Dollars ($56,691,000) (the "Six-Year Transfers"), as well as avoidable and recoverable transfers received by Transferees over the lifetime of their BLMIS accounts (the "Life-to-Date Transfers," together with the Six-Year Transfers and the Two-Year Transfers, the "Avoidable Transfers");

**WHEREAS**, on or about February 26, 2009, PJ Administrator LLC filed Claim No. 004925 (the "Claim") in connection with BLMIS Account No. 1KW387, which was denied by the Trustee pursuant to the Notice of the Trustee's Determination of Claim dated October 5, 2010 (the "Determination Notice");

**WHEREAS**, on or about March 28, 2011, PJ Administrator LLC filed an objection to the Determination Notice [ECF No. 4000] (the "Objection") and now desires to withdraw the Objection in accordance with Exhibit A herein;

**WHEREAS**, certain Transferees filed individual claims in connection with BLMIS Account No. 1KW387, which were all denied by the Trustee upon determining that the claimants were not customers of BLMIS under SIPA (collectively, the "Indirect Denied Claims");

**WHEREAS**, Transferees did not file a claim in connection with BLMIS Account No. 1KW172 (together with BLMIS Account No. 1KW387, the "BLMIS Accounts"), which was closed in or about July 2003; and

**WHEREAS**, the Parties desire to settle any and all claims and disputes the Parties may have against each other with respect to BLMIS, the BLMIS Accounts, and the Avoidable Transfers without the expense, delay and uncertainty of litigation.

## **D E F I N I T I O N**

The following definition shall apply to and constitute part of this Agreement and all schedules, exhibits and annexes hereto:

"Unknown Claims" shall mean any Released Claims (as defined in Section 4 herein), that Transferees do not know or suspect to exist in their favor at the time of giving the release in this Agreement that if known by them, might have affected their settlement and release in this Agreement. With respect to any and all Released Claims, Transferees shall expressly waive or be deemed to have waived, the provisions, rights and benefits of California Civil Code section 1542 (to the extent it applies herein), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Transferees expressly waive, and shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code section 1542. Transferees may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Transferees shall expressly have and shall be deemed to have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence or such different or additional facts. Transferees acknowledge and shall be deemed to have acknowledged that the

foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**NOW THEREFORE**, for the good and valuable consideration set forth herein, the adequacy and sufficiency of which is recognized for all purposes, the Parties agree as follows:

1.    <u>Payment to Trustee</u>.  In consideration for the covenants and agreements set forth in this Agreement and for other good and valuable consideration (including, without limitation, the release set forth in Section 3), the receipt and sufficiency of which are hereby acknowledged for purposes of this settlement only, PJ Administrator LLC shall pay or cause to be paid to the Trustee, on behalf of all Transferees, the amount of Eighteen Million, Five Hundred Thousand United States Dollars ($18,500,000.00) (the "<u>Settlement Payment</u>") within five business days after the Effective Date of this Agreement as defined below in paragraph 5.

2.    <u>Withdrawal of Objection</u>:    As part of the consideration to Trustee hereunder, PJ Administrator LLC shall withdraw the Objection by executing concurrently herewith, and delivering to Trustee for filing, the executed Notice of Withdrawal of Objection with prejudice, in the form attached hereto as <u>Exhibit A</u>.

3.    <u>Release by Trustee</u>.

(a)    In consideration for the covenants and agreements set forth in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect to any rights arising under this Agreement, Trustee hereby releases, remises and forever discharges Transferees from any and all past, present or future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties,    debts,    reckonings,    contracts,    controversies,    agreements,    promises,    damages,

10

responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect,
in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise,
based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise
(including attorneys' fees, costs or disbursements) known or unknown, that are, have been, could
have been, or might in the future be, asserted by Trustee on behalf of BLMIS, Madoff, and/or the
consolidated BLMIS/Madoff estate, against Transferees based on, arising out of, or relating in any
way to the BLMIS Accounts or the Avoidable Transfers.

(b)     Notwithstanding the foregoing release contained in <u>Section 3(a)</u>, Transferees are
not released from liability for any transfers that they may have received in connection with any
account other than BLMIS Account No. 1KW172 or BLMIS Account No. 1KW387.

4.     <u>Release by Transferees</u>.     Transferees, on behalf of themselves and their executors,
administrators, heirs and assigns, hereby release, remise, and forever discharge: (a) Trustee; (b) all
of Trustee's attorneys, professionals, agents and consultants; and (c) Madoff and BLMIS and its
consolidated estate, from any and all claims or causes of action (including any suit, petition,
demand, or other claim in law, equity or arbitration) and from any and all allegations of liability
or damages (including any allegation of duties, debts, reckonings, contracts, controversies,
agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature
or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort,
contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence,
fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements)
known or unknown (including Indirect Denied Claims or Unknown Claims), now existing or
arising in the future, arising out of or in any way related to BLMIS, Madoff, the Madoff Estate,
BLMIS Accounts, or the Avoidable Transfers (the "<u>Released Claims</u>").

5.  <u>Court Approval; Effective Date; Termination</u>.  The Parties' rights and obligations under this Agreement shall be fixed as of the date of execution and delivery of signatures by the Parties, subject to approval by the Bankruptcy Court.  The Parties jointly agree to support this Agreement in connection with the submission to, and approval thereof by, the Bankruptcy Court.  This Agreement is subject to, and shall become effective upon, the Bankruptcy Court's approval of this Agreement in the SIPA Proceeding by an order that is no longer subject to appeal, review, or rehearing ("<u>Effective Date</u>").  The Trustee shall use his reasonable efforts to obtain approval of the Agreement in the SIPA Proceeding as promptly as practicable after the date of this Agreement. If this Agreement has not become effective as provided in this paragraph within 360 days after the date of this Agreement (or within such additional time as mutually agreed upon by the Parties), then (a) this Agreement (other than this paragraph) shall terminate and be void; (b) all of the statements, concessions, consents, and agreements contained in the Agreement (other than this paragraph) shall be void; and (c) neither the Trustee nor the Transferees may use or rely on any such statement, concession, consent, or agreement in any public statement or litigation involving the SIPA Proceeding, or any case or proceeding relating to Defendants, BLMIS, or Madoff.

6.  <u>Dismissal of Adversary Proceeding</u>.  As soon as practicable after the Trustee's receipt of the Settlement Payment (as defined in paragraph 1), counsel for Trustee and counsel for Transferees shall respectively execute, and Trustee shall subsequently file, a Stipulation of Dismissal dismissing the Adversary Proceeding with prejudice and without costs to either Trustee or Transferees.

7.  <u>Representations and Warranties of Trustee.</u>  Subject to the approval of the Bankruptcy Court, Trustee hereby represents and warrants to Transferees that he has the full power, authority and legal right to execute and deliver this Agreement and to perform his obligations hereunder.

8.    <u>Representations and Warranties by Transferees</u>

(a)    Each of Transferees hereby represent and warrant to Trustee that: (i) it, he, or she has the full power, authority, legal right and capacity to execute and deliver this Agreement and to perform its, his, or her obligations hereunder; (ii) this Agreement has been duly executed and delivered by each Transferee and constitutes the valid and binding agreement of each Transferee, enforceable against each Transferee in accordance with its terms; (iii) in executing this Agreement, each Transferee has done so with the full knowledge of any and all rights that each Transferee may have with respect to the controversies herein compromised, and each Transferee has received or has had the opportunity to obtain independent legal advice from his or her attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (iv) no other person or entity, other than those specifically identified herein, has any interest in the matters that each Transferee releases herein, and each Transferee has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that each Transferee releases herein.

(b)    Transferees represent and warrant, to the best of its, his, or her knowledge, information and belief, that: (1) other than the Transfers as referenced on the schedules attached as Exhibit B to the Complaint filed in the Adversary Proceeding that it, he, or she has not received any other money, funds, loans, transfers, assets, financial assistance or financial accommodation from Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS; (2) it, he, or she is not an immediate, mediate or subsequent transferee of any transfers initially made by BLMIS and/or Madoff, other than as set forth in schedules attached as Exhibit B to the Complaint filed in the Adversary Proceeding; and (3) it, he, or she is not aware of any other

13

potential claims against him or her by Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS.

9.     Termination of Agreements with BLMIS.    Any and all prior agreements between Transferees, or either Transferee, on the one hand, and BLMIS and/or Madoff on the other hand, are hereby terminated as of the date of this Agreement.

10.     Further Assurances.    Each Party shall execute and deliver any document or instrument reasonably requested by the other Party after the date of this Agreement to effectuate the intent of this Agreement.

11.     Amendment; Waiver.    This Agreement may not be terminated, amended or modified in any way except by written instrument signed by all Parties.    No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

12.     Assignment.    This Agreement may not be assigned by either Party without the prior written consent of the other Party.

13.     Successors.    This Agreement shall be binding upon and inure to the benefit of each Party and its respective successors and permitted assigns.

14.     Negotiated Agreement.    This Agreement has been fully negotiated by the Parties.    Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

15.     Counterparts; Electronic Copy of Signatures.    This Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document.    Each Party may

14

evidence its execution of this Agreement by delivery to the other Party of scanned or faxed copies of its signature, with the same effect as the delivery of an original signature.

16. <u>Governing Law</u>. This Agreement and any claim related directly or indirectly to this Agreement shall be governed by and construed in accordance with the laws of the State of New York (without regard to the principles of conflicts of law thereof), the Bankruptcy Code and SIPA. Each Party hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

17. <u>JURISDICTION; WAIVER OF JURY TRIAL</u>.

(a)    THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY AND ALL DISPUTES BETWEEN OR AMONG THE PARTIES, WHETHER IN LAW OR EQUITY, ARISING OUT OF OR RELATING TO THIS AGREEMENT.  IN THE EVENT THE BLMIS PROCEEDING IS CLOSED BY A FINAL DECREE AND NOT REOPENED, THE PARTIES AGREE THAT ANY DISPUTE ARISING OUT OF THIS AGREEMENT MAY BE BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR THE SUPREME COURT OF THE STATE OF NEW YORK IN NEW YORK COUNTY.

(b)    EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

18. <u>Expenses</u>. Each Party shall bear its respective expenses relating to or arising out of this Agreement, including, but not limited to, fees for attorneys, accountants and other advisors.

19.  <u>Notices</u>.  Any notices under this Agreement shall be in writing, shall be effective when received and may be delivered only by hand, by overnight delivery service, by fax, or by electronic transmission to:

| If to the Trustee: | If to any Transferee: |
|---|---|
| Irving H. Picard<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Email: ipicard@bakerlaw.com | Steven G. Storch<br>Email: sstorch@storchamini.com<br>Storch Amini PC<br>2 Grand Central Tower<br>140 East 45th Street, 25th Floor<br>New York, New York 10017<br>F: (212) 490-4208 |
| with copies to: | with copies to: |
| Fernando A. Bohorquez, Jr.<br>Email: fbohorquez@bakerlaw.com<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>F:  (212) 589-4201 | Recipients listed in Exhibit B |

20.  <u>No Third Party Beneficiaries</u>.  The Parties do not intend to confer any benefit by or under this Agreement upon any person or entity other than the Parties hereto and their respective successors and permitted assigns.

21.  <u>Captions and Rules of Construction</u>.  The captions in this Agreement are inserted only as a matter of convenience and for reference and do not define, limit or describe the scope of this Agreement or the scope or content of any of its provisions.  Any reference in this Agreement to a section is to a section of this Agreement.  "Including" is not intended to be a limiting term.

**[Signature pages follow]**

16

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

as of the date first above written.

**IRVING H. PICARD, the Trustee for the liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the substantively consolidated bankruptcy case of Bernard L. Madoff**

By:    Irving H. Picard, Trustee

**AMERICAN SECURITIES
MANAGEMENT, L.P. f/k/a AMERICAN
SECURITIES, L.P.**

By: Elizabeth R. Varet

**PJ ASSOCIATES GROUP, L.P. d/b/a PJ
ADMINISTRATOR, L.L.C.**

By: Elizabeth R. Varet

**PJ ASSOCIATES GROUP GP CORP.**

By: Elizabeth R. Varet

**PJ ADMINISTRATOR, L.L.C. f/k/a PJ
ASSOCIATES GROUP, L.P.**

By: Elizabeth R. Varet

**AMERICAN SECURITIES
OPPORTUNITY FUND L.P.**

By: Elizabeth R. Varet

**AMERICAN SECURITIES HOLDINGS
CORPORATION**

By: Elizabeth R. Varet

**AMERICAN SECURITIES GROUP, L.L.C.**

By: Elizabeth R. Varet

**AS HIROTA HOLDINGS CORP.**

By: Elizabeth R. Varet, former Chairman and
President

18

**ELIZABETH R. VARET**

By: Elizabeth R. Varet

**ELIZABETH R. VARET, as beneficiary of
the Elizabeth R. Varet Money Purchase
Pension Plan**

By: Elizabeth R. Varet

**ELIZABETH R. VARET, as grantor of the
2004 V Trust**

By: Elizabeth R. Varet

**ELIZABETH R. VARET, as trustee and
beneficiary of the Apollo Trust for Elizabeth
R. Varet UAD 2/10/69**

By: Elizabeth R. Varet

**ELIZABETH R. VARET, as settlor of the
Michael A. Varet Trust UAD 11/9/94**

By: Elizabeth R. Varet

**ELIZABETH R. VARET, as trustee of Issue
1 Trust UAD 8/30/41 FBO Nina Rosenwald**

By: Elizabeth R. Varet

**ELIZABETH R. VARET, as trustee and
beneficiary of Issue 1 Trust UAD 8/30/41
FBO Elizabeth R. Varet**

By: Elizabeth R. Varet

19

**ELIZABETH R. VARET, as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Elizabeth R. Varet**

_____
By: Elizabeth R. Varet

**ELIZABETH R. VARET and DAVIS BUSS, as trustees of Issue Trust 5 UAD 9/28/51 FBO David R. Varet**

_____
By: Elizabeth R. Varet

_____
By: David Buss

**ELIZABETH R. VARET and DAVID BUSS, as trustees of Issue Trust 5 UAD 9/28/51 FBO Joseph R. Varet**

_____
By: Elizabeth R. Varet

_____
By: David Buss

**ELIZABETH R. VARET, as last known trustee of Issue Trust 5 UAD 9/28/51 FBO Nina Rosenwald**

_____
By: Elizabeth R. Varet

**ELIZABETH R. VARET, as trustee and beneficiary of Issue Trust 6 UAD 8/13/65 FBO Elizabeth R. Varet**

_____
By: Elizabeth R. Varet

**ELIZABETH R. VARET, as trustee of Issue Trust 6 UAD 8/13/65 FBO Nina Rosenwald**

_____
By: Elizabeth R. Varet

20

**ELIZABETH R. VARET and DAVID
BUSS, as trustees of Issue Trust 5 UAD
9/28/51 FBO Sarah R. Varet**

By: Elizabeth R. Varet

By: David Buss

**DAVID BUSS, as successor trustee to
ALEXANDER G. ANAGNOS of the
Michael A. Varet Trust UAD 11/9/94**

By: David Buss

**DAVID BUSS, as successor trustee to
ALEXANDER G. ANAGNOS of the 2004 V
Trust**

By: David Buss

**DAVID R. VARET**

By: David R. Varet

22

ELIZABETH R. VARET and DAVIS BUSS,
as trustees of Issue Trust 5 UAD 9/28/51
FBO David R. Varet

By: _____

_____

By: _____

ELIZABETH R. VARET and DAVID
BUSS, as trustees of Issue Trust 5 UAD
9/28/51 FBO Joseph R. Varet

By: _____

_____

By: _____

ELIZABETH R. VARET, as last known
trustee of Issue Trust 5 UAD 9/28/51 FBO
Nina Rosenwald

By: _____

ELIZABETH R. VARET, as trustee and
beneficiary of Issue Trust 6 UAD 8/13/65
FBO Elizabeth R. Varet

By: _____

ELIZABETH R. VARET, as trustee of Issue
Trust 6 UAD 8/13/65 FBO Nina Rosenwald

By: _____

21

**ELIZABETH R. VARET and DAVID
BUSS, as trustees of Issue Trust 5 UAD
9/28/51 FBO Sarah R. Varet**

By: _____

_____

By: _____

**DAVID BUSS, as successor trustee to
ALEXANDER G. ANAGNOS of the
Michael A. Varet Trust UAD 11/9/94**

_____

By: _____

**ELLEN V. GREENSPAN, as trustee of the
Michael A. Varet Trust UAD 11/9/94**

_____

By: _____

**DAVID BUSS, as successor trustee to
ALEXANDER G. ANAGNOS of the 2004 V
Trust**

_____

By: _____

**DAVID R. VARET**

_____

By: _____

22

**ELIZABETH R. VARET and DAVID BUSS, as trustees of Issue Trust 5 UAD 9/28/51 FBO Sarah R. Varet**

By: Elizabeth R. Varet

By: David Buss

**DAVID BUSS, as successor trustee to ALEXANDER G. ANAGNOS of the Michael A. Varet Trust UAD 11/9/94**

By: David Buss

**ELLEN V. GREENSPAN, as trustee of the Michael A. Varet Trust UAD 11/9/94**

By: Ellen Bock (formerly Greenspan)

**DAVID BUSS, as successor trustee to ALEXANDER G. ANAGNOS of the 2004 V Trust**

By: David Buss

**MICHAEL A. VARET**

By: Michael A. Varet

**MICHAEL A. VARET, as beneficial owner of one or more IRAs**

By: Michael A. Varet

**DAVID R. VARET**

By: David R. Varet

21

**ELIZABETH R. VARET and DAVID
BUSS, as trustees of Issue Trust 5 UAD
9/28/51 FBO Sarah R. Varet**

_____

By: Elizabeth R. Varet

_____

By: David Buss

**DAVID BUSS, as successor trustee to
ALEXANDER G. ANAGNOS of the
Michael A. Varet Trust UAD 11/9/94**

_____

By: David Buss

**ELLEN V. GREENSPAN, as trustee of the
Michael A. Varet Trust UAD 11/9/94**

_____

By: Ellen Bock (formerly Greenspan)

**DAVID BUSS, as successor trustee to
ALEXANDER G. ANAGNOS of the 2004 V
Trust**

_____

By: David Buss

**MICHAEL A. VARET**

_____

By: Michael A. Varet

**MICHAEL A. VARET, as beneficial owner
of one or more IRAs**

_____

By: Michael A. Varet

**DAVID R. VARET**

_____

By: David R. Varet

21

**ELIZABETH R. VARET and DAVID
BUSS, as trustees of Issue Trust 5 UAD
9/28/51 FBO Sarah R. Varet**

_____

By: Elizabeth R. Varet

_____

By: David Buss

**DAVID BUSS, as successor trustee to
ALEXANDER G. ANAGNOS of the
Michael A. Varet Trust UAD 11/9/94**

_____

By: David Buss

**ELLEN V. GREENSPAN, as trustee of the
Michael A. Varet Trust UAD 11/9/94**

_____

By: Ellen Bock (formerly Greenspan)

**DAVID BUSS, as successor trustee to
ALEXANDER G. ANAGNOS of the 2004 V
Trust**

_____

By: David Buss

**MICHAEL A. VARET**

_____

By: Michael A. Varet

**MICHAEL A. VARET, as beneficial owner
of one or more IRAs**

_____

By: Michael A. Varet

**DAVID R. VARET**

_____

By: David R. Varet

21

**JOSEPH R. VARET**

By: Joseph R. Varet

**JOSEPH R. VARET, as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Joseph R. Varet**

By: Joseph R. Varet

**SARAH R. VARET**

By: Sarah R. Varet

**SARAH R. VARET, as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Sarah R. Varet**

By: Sarah R. Varet

**NINA ROSENWALD**

By: Nina Rosenwald

**NINA ROSENWALD, as trustee of the Apollo Trust for Elizabeth R. Varet UAD 2/10/69**

By: Nina Rosenwald

**NINA ROSENWALD, as trustee and beneficiary of Issue 1 Trust UAD 8/30/41 FBO Nina Rosenwald**

By: Nina Rosenwald

22

**JOSEPH R. VARET**

_____

By: Joseph R. Varet

**JOSEPH R. VARET, as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Joseph R. Varet**

_____

By: Joseph R. Varet

**SARAH R. VARET**

_____

By: Sarah R. Varet

**SARAH R. VARET, as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Sarah R. Varet**

_____

By: Sarah R. Varet

**NINA ROSENWALD**

_____

By: Nina Rosenwald

**NINA ROSENWALD, as trustee of the Apollo Trust for Elizabeth R. Varet UAD 2/10/69**

_____

By: Nina Rosenwald

**NINA ROSENWALD, as trustee and beneficiary of Issue 1 Trust UAD 8/30/41 FBO Nina Rosenwald**

_____

By: Nina Rosenwald

**NINA ROSENWALD, as trustee of Issue 1 Trust UAD 8/30/41 FBO Elizabeth R. Varet**

_____

By: Nina Rosenwald

23

**NINA ROSENWALD, as last known trustee
and beneficiary of Issue Trust 5 UAD
9/28/51 FBO Nina Rosenwald**

By: Nina Rosenwald

**NINA ROSENWALD, as trustee of Issue
Trust 6 UAD 8/13/65 FBO Elizabeth R.
Varet**

By: Nina Rosenwald

**NINA ROSENWALD, as beneficiary of the
Apollo Trust 2/10/69 FBO Nina Rosenwald**

By:

**NINA ROSENWALD, as trustee and
beneficiary of Issue Trust 6 UAD 8/13/65
FBO Nina Rosenwald**

By: Nina Rosenwald

**ALICE ROSENWALD, a/k/a ALICE R.
SIGELMAN, individually, as custodian for
Jonathan Sigelman, and as custodian for
Benjamin R. Sigelman**

By: Alice Rosenwald

**ALICE ROSENWALD, a/k/a ALICE R.
SIGELMAN, as trustee and beneficiary of
Issue 1 Trust UAD 8/30/41 FBO Alice
Rosenwald**

By: Alice Rosenwald

24

**NINA ROSENWALD, as last known trustee and beneficiary of Issue Trust 5 UAD 9/28/51 FBO Nina Rosenwald**

By: Nina Rosenwald

**NINA ROSENWALD, as trustee of Issue Trust 6 UAD 8/13/65 FBO Elizabeth R. Varet**

By: Nina Rosenwald

**NINA ROSENWALD, as beneficiary of the Apollo Trust 2/10/69 FBO Nina Rosenwald**

By:

**NINA ROSENWALD, as trustee and beneficiary of Issue Trust 6 UAD 8/13/65 FBO Nina Rosenwald**

By: Nina Rosenwald

**ALICE ROSENWALD, a/k/a ALICE R. SIGELMAN, individually, as custodian for Jonathan Sigelman, and as custodian for Benjamin R. Sigelman**

By: Alice Rosenwald

**ALICE ROSENWALD, a/k/a ALICE R. SIGELMAN, as trustee and beneficiary of Issue 1 Trust UAD 8/30/41 FBO Alice Rosenwald**

By: Alice Rosenwald

24

**ALICE ROSENWALD, a/k/a ALICE R.
SIGELMAN and JAMES R. LEDLEY, as
trustees of Issue Trust 5 UAD 9/28/51 FBO
Benjamin R. Sigelman**

By: Alice Rosenwald

By: James R. Ledley

**ALICE ROSENWALD, a/k/a ALICE R.
SIGELMAN, as trustee and beneficiary of
Issue Trust 6 UAD 8/13/65 FBO Alice
Rosenwald**

By: Alice Rosenwald

**ALICE ROSENWALD, a/k/a ALICE R.
SIGELMAN, as Executrix of the Estate of
Jesse L. Sigelman**

By: Alice Rosenwald

25

JAMES R. LEDLEY and ALICE
ROSENWALD, a/k/a ALICE R.
SIGELMAN, as trustees of Issue Trust 5
UAD 9/28/51 FBO Jonathan R. Sigelman

By: James R. Ledley
_____

By: Alice Rosenwald
_____

JAMES R. LEDLEY, as trustee of Issue 1
Trust UAD 8/30/41 FBO Alice Rosenwald

_____
By: James R. Ledley

JAMES R. LEDLEY, as trustee of Issue
Trust 6 UAD 8/13/65 FBO Alice Rosenwald

_____
By: James R. Ledley

JAMES R. LEDLEY, as trustee of the Trust
UAD 3/4/92 FBO Jonathan R. Sigelman

_____
By: James R. Ledley

JAMES R. LEDLEY, as trustee of the Trust
UAD 3/4/92 FBO Benjamin R. Sigelman

_____
By: James R. Ledley

26

**ALICE ROSENWALD, a/k/a ALICE R.
SIGELMAN and JAMES R. LEDLEY, as
trustees of Issue Trust 5 UAD 9/28/51 FBO
Benjamin R. Sigelman**

By: Alice Rosenwald

By: James R. Ledley

**ALICE ROSENWALD, a/k/a ALICE R.
SIGELMAN, as trustee and beneficiary of
Issue Trust 6 UAD 8/13/65 FBO Alice
Rosenwald**

By: Alice Rosenwald

**ALICE ROSENWALD, a/k/a ALICE R.
SIGELMAN, as Executrix of the Estate of
Jesse L. Sigelman**

By: Alice Rosenwald

25

**JAMES R. LEDLEY and ALICE
ROSENWALD, a/k/a ALICE R.
SIGELMAN, as trustees of Issue Trust 5
UAD 9/28/51 FBO Jonathan R. Sigelman**

By: James R. Ledley

By: Alice Rosenwald

**JAMES R. LEDLEY, as trustee of Issue 1
Trust UAD 8/30/41 FBO Alice Rosenwald**

By: James R. Ledley

**JAMES R. LEDLEY, as trustee of Issue
Trust 6 UAD 8/13/65 FBO Alice Rosenwald**

By: James R. Ledley

**JAMES R. LEDLEY, as trustee of the Trust
UAD 3/4/92 FBO Jonathan R. Sigelman**

By: James R. Ledley

**JAMES R. LEDLEY, as trustee of the Trust
UAD 3/4/92 FBO Benjamin R. Sigelman**

By: James R. Ledley

26

**MARIA CHRIN, as successor trustee to ELIZABETH R. VARET of the Trust UAD 3/4/92 FBO Jonathan R. Sigelman**

By: Maria Chrin

**MARIA CHRIN, as successor trustee to ELIZABETH R. VARET of the Trust UAD 3/4/92 FBO Benjamin R. Sigelman**

By: Maria Chrin

**BENJAMIN R. SIGELMAN**

By: Benjamin R. Sigelman

**BENJAMIN R. SIGELMAN, as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Benjamin R. Sigelman**

By: Benjamin R. Sigelman

**BENJAMIN R. SIGELMAN, as beneficiary of the Trust UAD 3/4/92 FBO Benjamin R. Sigelman**

By: Benjamin R. Sigelman

**JONATHAN R. SIGELMAN**

By: Jonathan R. Sigelman

**JONATHAN R. SIGELMAN, as beneficiary of Issue Trust 5 UAD 9/28/51 FBO Jonathan R. Sigelman**

By: Jonathan R. Sigelman

27

**MARIA CHRIN, as successor trustee to
ELIZABETH R. VARET of the Trust UAD
3/4/92 FBO Jonathan R. Sigelman**

_____

By: Maria Chrin

**MARIA CHRIN, as successor trustee to
ELIZABETH R. VARET of the Trust UAD
3/4/92 FBO Benjamin R. Sigelman**

_____

By: Maria Chrin

**BENJAMIN R. SIGELMAN**

_____

By: Benjamin R. Sigelman

**BENJAMIN R. SIGELMAN, as beneficiary
of Issue Trust 5 UAD 9/28/51 FBO Benjamin
R. Sigelman**

_____

By: Benjamin R. Sigelman

**BENJAMIN R. SIGELMAN, as beneficiary
of the Trust UAD 3/4/92 FBO Benjamin R.
Sigelman**

_____

By: Benjamin R. Sigelman

**JONATHAN R. SIGELMAN**

_____

By: Jonathan R. Sigelman

**JONATHAN R. SIGELMAN, as beneficiary
of Issue Trust 5 UAD 9/28/51 FBO Jonathan
R. Sigelman**

_____

By: Jonathan R. Sigelman

27

JONATHAN R. SIGELMAN, as beneficiary
of the Trust UAD 3/4/92 FBO Jonathan R.
Sigelman

By: Jonathan R. Sigelman
attorney in fact

THE ESTATE OF JESSE L. SIGELMAN

By: Alice Rosenwald

**ELIZABETH R. VARET IRA ROLLOVER**

By: Elizabeth R. Varet

**ELIZABETH R. VARET DEFINED
BENEFIT PLAN & TRUST**

By: Elizabeth R. Varet

**ELIZABETH R. VARET MONEY
PURCHASE PENSION PLAN**

By: Elizabeth R. Varet

**MICHAEL A. VARET IRA ROLLOVER
and IRA ROLLOVER #2**

By: Michael A. Varet

28

**JONATHAN R. SIGELMAN, as beneficiary
of the Trust UAD 3/4/92 FBO Jonathan R.
Sigelman**

By: Jonathan R. Sigelman

**THE ESTATE OF JESSE L. SIGELMAN**

By: Alice Rosenwald

**CONYERS TRUST COMPANY
(BERMUDA) LIMITED as trustee for the
Concorde 1987 Trust DTD 12/9/87**

Peter A. S. Pearman
Director

By:

Belinda F. Clarke
Officer

By:

**ELIZABETH R. VARET IRA ROLLOVER**

By: Elizabeth R. Varet

**ELIZABETH R. VARET DEFINED
BENEFIT PLAN & TRUST**

By: Elizabeth R. Varet

**ELIZABETH R. VARET MONEY
PURCHASE PENSION PLAN**

By: Elizabeth R. Varet

**MICHAEL A. VARET IRA ROLLOVER
and IRA ROLLOVER #2**

By: Michael A. Varet

27

**JONATHAN R. SIGELMAN, as beneficiary
of the Trust UAD 3/4/92 FBO Jonathan R.
Sigelman**

By: Jonathan R. Sigelman

**THE ESTATE OF JESSE L. SIGELMAN**

By: Alice Rosenwald

**CONYERS TRUST COMPANY
(BERMUDA) LIMITED as trustee for the
Concorde 1987 Trust DTD 12/9/87**

By:

By:

**ELIZABETH R. VARET IRA ROLLOVER**

By: Elizabeth R. Varet

**ELIZABETH R. VARET DEFINED
BENEFIT PLAN & TRUST**

By: Elizabeth R. Varet

**ELIZABETH R. VARET MONEY
PURCHASE PENSION PLAN**

By: Elizabeth R. Varet

**MICHAEL A. VARET IRA ROLLOVER
and IRA ROLLOVER #2**

By: Michael A. Varet

27

**JONATHAN R. SIGELMAN, as beneficiary
of the Trust UAD 3/4/92 FBO Jonathan R.
Sigelman**

By: Jonathan R. Sigelman

**THE ESTATE OF JESSE L. SIGELMAN**

By: Alice Rosenwald

**ELIZABETH R. VARET IRA ROLLOVER**

By: Elizabeth R. Varet

**ELIZABETH R. VARET DEFINED
BENEFIT PLAN & TRUST**

By: Elizabeth R. Varet

**ELIZABETH R. VARET MONEY
PURCHASE PENSION PLAN**

By: Elizabeth R. Varet

**MICHAEL A. VARET IRA ROLLOVER
and IRA ROLLOVER #2**

By: Michael A. Varet

28

**DECIMAL INVESTMENTS, L.L.C.**

_____

By: Elizabeth R. Varet

**THE ABSTRACTION FUND**

_____

By: Nina Rosenwald

**THE ABSTRACTION FUND, AS SUCCESSOR TO WILLIAM ROSENWALD FAMILY FUND**

_____

By: Nina Rosenwald

**ALICE ROSENWALD FUND**

_____

By: Alice Rosenwald

**ALICE ROSENWALD FUND, AS SUCCESSOR TO JJG FOUNDATION, INC.**

_____

By: Alice Rosenwald

**ALICE ROSENWALD FUND, AS SUCCESSOR TO WILLIAM ROSENWALD FAMILY FUND**

_____

By: Alice Rosenwald

**ANCHORAGE CHARITABLE FUND by MIDDLE ROAD FOUNDATION AS SUCCESSOR IN INTEREST**

_____

By: Elizabeth R. Varet

29

**DECIMAL INVESTMENTS, L.L.C.**

By: Elizabeth R. Varet

**THE ABSTRACTION FUND**

By: Nina Rosenwald

**THE ABSTRACTION FUND, AS
SUCCESSOR TO WILLIAM
ROSENWALD FAMILY FUND**

By: Nina Rosenwald

**ALICE ROSENWALD FUND**

By: Alice Rosenwald

**ALICE ROSENWALD FUND, AS
SUCCESSOR TO JJG FOUNDATION,
INC.**

By: Alice Rosenwald

**ALICE ROSENWALD FUND, AS
SUCCESSOR TO WILLIAM
ROSENWALD FAMILY FUND**

By: Alice Rosenwald

**ANCHORAGE CHARITABLE FUND
   by MIDDLE ROAD FOUNDATION AS
   SUCCESSOR IN INTEREST**

By: Elizabeth R. Varet

29

**DECIMAL INVESTMENTS, L.L.C.**

By: Elizabeth R. Varet

**THE ABSTRACTION FUND**

By: Nina Rosenwald

**THE ABSTRACTION FUND, AS
SUCCESSOR TO WILLIAM
ROSENWALD FAMILY FUND**

By: Nina Rosenwald

**ALICE ROSENWALD FUND**

By: Alice Rosenwald

**ALICE ROSENWALD FUND, AS
SUCCESSOR TO JIG FOUNDATION,
INC.**

By: Alice Rosenwald

**ALICE ROSENWALD FUND, AS
SUCCESSOR TO WILLIAM
ROSENWALD FAMILY FUND**

By: Alice Rosenwald

**ANCHORAGE CHARITABLE FUND
by MIDDLE ROAD FOUNDATION AS
SUCCESSOR IN INTEREST**

By: Elizabeth R. Varet

**ANCHORAGE CHARITABLE FUND AS
SUCCESSOR TO WILLIAM
ROSENWALD FAMILY FUND**
   **by MIDDLE ROAD FOUNDATION AS
SUCCESSOR IN INTEREST TO
ANCHORAGE CHARITABLE FUND**

By: Elizabeth R. Varet

**P&I PARTNERS**

By: Elizabeth R. Varet

**ANCHORAGE CHARITABLE FUND AS
SUCCESSOR TO WILLIAM
ROSENWALD FAMILY FUND
by MIDDLE ROAD FOUNDATION AS
SUCCESSOR IN INTEREST TO
ANCHORAGE CHARITABLE FUND**

By: Elizabeth R. Varet

**METROPOLITAN PHILANTHROPIC
FUND, INC.**

By:

**P&I PARTNERS**

By: Elizabeth R. Varet

29

**CHARLES D. KLEIN, individually and as beneficial owner of one or more IRAs**

By: _____

**CHARLES D. KLEIN, as custodian and/or trustee of the Charles D. Klein Money Purchase Pension Plan**

By: _____

**CHARLES D. KLEIN, as beneficiary of the Charles D. Klein Generation Skipping Trust DTD 7/31/01**

By: _____

**CHARLES D. KLEIN, as custodian and/or trustee of the Jane P. & Charles D. Klein Foundation**

By: _____

**CHARLES D. KLEIN, as custodian and/or trustee of The Charles and Jane Klein Family Fund**

By: _____

**ANDREW B. KLEIN, individually, and as beneficial owner of one or more IRAs**

By: _____

**ANDREW B. KLEIN, as trustee of the Andrew Klein Trust DTD 12/27/97**

By: _____

30

**CHARLES D. KLEIN, individually and as
beneficial owner of one or more IRAs**

By: _____

**CHARLES D. KLEIN, as custodian and/or
trustee of the Charles D. Klein Money
Purchase Pension Plan**

By: _____

**CHARLES D. KLEIN, as beneficiary of the
Charles D. Klein Generation Skipping Trust
DTD 7/31/01**

By: _____

**CHARLES D. KLEIN, as custodian and/or
trustee of the Jane P. & Charles D. Klein
Foundation**

By: _____

**CHARLES D. KLEIN, as custodian and/or
trustee of The Charles and Jane Klein
Family Fund**

By: _____

**ANDREW B. KLEIN, individually, and as
beneficial owner of one or more IRAs**

By: _____ Andrew Klein _____

**ANDREW B. KLEIN, as trustee of the
Andrew Klein Trust DTD 12/27/97**

By: _____ Andrew Klein _____

30

ANDREW B. KLEIN, as grantor and
trustee of the Andrew B. Klein 1997 Trust
DTD 5/15/97

By: _____

ANDREW B. KLEIN and ELIZABETH
KLEIN, as trustees and beneficiaries of the
Charles D. Klein Generation Skipping Trust
DTD 7/31/01

By: _____


By: _____

ELIZABETH KLEIN


By: _____

ELIZABETH KLEIN, as trustee and
beneficiary of the Elizabeth Klein Trust
DTD 12/27/97


By: _____

JANE P. KLEIN, individually, as beneficial
owner of an IRA, and as custodian for
Andrew B. Klein and Elizabeth Klein


By: _____

ANDREW B. KLEIN and JANE P. KLEIN,
as trustees of the Elizabeth Klein Trust DTD
12/27/97

By: _____


By: _____

31

**ANDREW B. KLEIN, as grantor and
trustee of the Andrew B. Klein 1997 Trust
DTD 5/15/97**

By: _____

**ANDREW B. KLEIN and ELIZABETH
KLEIN, as trustees and beneficiaries of the
Charles D. Klein Generation Skipping Trust
DTD 7/31/01**

By: _____

By: _____

**ELIZABETH KLEIN**

By: _____

**ELIZABETH KLEIN, as trustee and
beneficiary of the Elizabeth Klein Trust
DTD 12/27/97**

By: _____

**JANE P. KLEIN, individually, as beneficial
owner of an IRA, and as custodian for
Andrew B. Klein and Elizabeth Klein**

By: _____

**ANDREW B. KLEIN and JANE P. KLEIN,
as trustees of the Elizabeth Klein Trust DTD
12/27/97**

By: _____

By: _____

31

**ANDREW B. KLEIN, as grantor and
trustee of the Andrew B. Klein 1997 Trust
DTD 5/15/97**

By: _____

**ANDREW B. KLEIN and ELIZABETH
KLEIN, as trustees and beneficiaries of the
Charles D. Klein Generation Skipping Trust
DTD 7/31/01**

By: _____

By: _____

**ELIZABETH KLEIN**

By: _____

**ELIZABETH KLEIN, as trustee and
beneficiary of the Elizabeth Klein Trust
DTD 12/27/97**

By: _____

**JANE P. KLEIN, individually, as beneficial
owner of an IRA, and as custodian for
Andrew B. Klein and Elizabeth Klein**

By: _Jane P. Klein_____

**ANDREW B. KLEIN and JANE P. KLEIN,
as trustees of the Elizabeth Klein Trust DTD
12/27/97**

By: _Jane P. Klein_____

By: _____

31

**JANE P. KLEIN, as trustee of the Charles
D. Klein Generation Skipping Trust DTD
7/31/01**

By: _Jane P. Klein_

**JANE P. KLEIN, as trustee of the Trust
under the will of Donald W. Parsons FBO
Jane P. Klein**

By: _Jane P. Klein_

**JANE P. KLEIN, as trustee of the Andrew
Klein 1997 Trust DTD 5/15/97**

By: _Jane P. Klein_

**CHARLES D. KLEIN IRA ROLLOVER**

By: _____

**JANE P. KLEIN IRA**

By: _Jane P. Klein_

**CDK PARTNERS**

By: _____

**KLEIN FAMILY HOLDINGS, L.L.C.**

By: _____

32

**CHARLES D. KLEIN MONEY
PURCHASE PENSION PLAN**

By: _____

**THE CHARLES AND JANE KLEIN
FAMILY FUND**

By: _____

**MICHAEL G. FISCH, individually, and as beneficial owner of one or more IRAs**

By: _____

**MICHAEL G. FISCH, as custodian and/or trustee of the Michael G. Fisch Profit Sharing Plan**

By: _____

**MICHAEL G. FISCH, as trustee of the Michael G. Fisch 2006 Revocable Trust**

By: _____

**LAURA M. ROBERSON-FISCH, as beneficial owner of an IRA**

By: _____

**LAURA M. ROBERSON-FISCH, as participant in the Laura M. Roberson-Fisch Money Purchase Pension Plan**

By: _____

**LAURA M. ROBERSON-FISCH, as participant in the Laura M. Roberson-Fisch Profit Sharing Plan**

By: _____

**LAILA HAFNER, as beneficial owner of an IRA**

By: _____

34

MICHAEL G. FISCH, individually, and as
beneficial owner of one or more IRAs

By: _____

MICHAEL G. FISCH, as custodian and/or
trustee of the Michael G. Fisch Profit
Sharing Plan

By: _____

MICHAEL G. FISCH, as trustee of the
Michael G. Fisch 2006 Revocable Trust

By: _____

LAURA M. ROBERSON-FISCH, as
beneficial owner of an IRA

By: _____

LAURA M. ROBERSON-FISCH, as
participant in the Laura M. Roberson-Fisch
Money Purchase Pension Plan

By: _____

LAURA M. ROBERSON-FISCH, as
participant in the Laura M. Roberson-Fisch
Profit Sharing Plan

By: _____

LAILA HAFNER, as beneficial owner of an
IRA

By: _____

34

**JOSEPH A. ROSSETTI, as beneficial owner
of an IRA**

By: _PAUL ROSSETTI_

**ARLENE MARIE PETTINGILL**

By: _____

**LAURA M. ROBERSON-FISCH IRA**

By: _____

**MICHAEL G. FISCH IRA**

By: _____

**LAURA M. ROBERSON-FISCH MONEY
PURCHASE PENSION PLAN**

By: _____

**LAURA M. ROBERSON-FISCH PROFIT
SHARING PLAN**

By: _____

**MICHAEL G. FISCH PROFIT SHARING
PLAN**

By: _____

**LAILA HAFNER IRA**

By: _____

35

**JOSEPH A. ROSSETTI, as beneficial owner of an IRA**

By: _____

**ARLENE MARIE PETTINGILL**

By: _____

**LAURA M. ROBERSON-FISCH IRA**

By: _____

**MICHAEL G. FISCH IRA**

By: _____

**LAURA M. ROBERSON-FISCH MONEY PURCHASE PENSION PLAN**

By: _____

**LAURA M. ROBERSON-FISCH PROFIT SHARING PLAN**

By: _____

**MICHAEL G. FISCH PROFIT SHARING PLAN**

By: _____

**LAILA HAFNER IRA**

By: _____

35

JOSEPH A. ROSSETTI, as beneficial owner
of an IRA

By: _____

ARLENE MARIE PETTINGILL

By: _____

LAURA M. ROBERSON-FISCH IRA

By: _____

MICHAEL G. FISCH IRA

By: _____

LAURA M. ROBERSON-FISCH MONEY
PURCHASE PENSION PLAN

By: _____

LAURA M. ROBERSON-FISCH PROFIT
SHARING PLAN

By: _____

MICHAEL G. FISCH PROFIT SHARING
PLAN

By: _____

LAILA HAFNER IRA

By: _____

35

**THE REED L. HARMAN AND NAN M.
HARMAN FOUNDATION**

By: _REED C. HARMON ; PRES._

**JOSEPH A. ROSSETTI IRA ROLLOVER**

By: _____

**THE REED L. HARMAN AND NAN M.
HARMAN FOUNDATION**

By: _____

**JOSEPH A. ROSSETTI IRA ROLLOVER**

By: _____
PAUL ROSSETTI

**DAVID P. STEINMANN**, individually, as
beneficial owner of one or more IRAs, and
as custodian for Catherine L. Steinmann

By:

**DAVID P. STEINMANN**, as custodian
and/or trustee of the David P. Steinmann
Money Purchase Pension Plan

By:

**CATHERINE L. STEINMANN**

By:

**GABRIEL B. STEINMANN**

By:

**JOSHUA STEINMANN**

By:

**JENNIFER E. STEINMANN**

By:

**DAVID P. STEINMANN IRA ROLLOVER
#1 and IRA ROLLOVER #2**

By:

**DAVID P. STEINMANN, individually, as beneficial owner of one or more IRAs, and as custodian for Catherine L. Steinmann**

By: _____

**DAVID P. STEINMANN, as custodian and/or trustee of the David P. Steinmann Money Purchase Pension Plan**

By: _____

**CATHERINE L. STEINMANN**

By: _____

**GABRIEL B. STEINMANN**

By: _____

**JOSHUA STEINMANN**

By: _____

**JENNIFER E. STEINMANN**

By: _____

**DAVID P. STEINMANN IRA ROLLOVER #1 and IRA ROLLOVER #2**

By: _____

37

**DAVID P. STEINMANN, individually, as beneficial owner of one or more IRAs, and as custodian for Catherine L. Steinmann**

By: _____

**DAVID P. STEINMANN, as custodian and/or trustee of the David P. Steinmann Money Purchase Pension Plan**

By: _____

**CATHERINE L. STEINMANN**

By: _____

**GABRIEL B. STEINMANN**

By: _____

**JOSHUA STEINMANN**

By: _____

**JENNIFER E. STEINMANN**

By: _____

**DAVID P. STEINMANN IRA ROLLOVER #1 and IRA ROLLOVER #2**

By: _____

37

**DAVID P. STEINMANN, individually, as beneficial owner of one or more IRAs, and as custodian for Catherine L. Steinmann**

By: _____

**DAVID P. STEINMANN, as custodian and/or trustee of the David P. Steinmann Money Purchase Pension Plan**

By: _____

**CATHERINE L. STEINMANN**

By: _____

**GABRIEL B. STEINMANN**

By: _____

**JOSHUA STEINMANN**

By: _____

**JENNIFER E. STEINMANN**

By: _~Jennifer Steinmann~_____

**DAVID P. STEINMANN IRA ROLLOVER #1 and IRA ROLLOVER #2**

By: _____

37

**DAVID STEINMANN DEFINED BENEFIT PLAN**

By:

**DAVID P. STEINMANN MONEY PURCHSE PENSION PLAN**

By:

**JJG ENTERPRISES**

By:

**1185 PARK AVENUE FOUNDATION, INC.**

By:

38

**NEIL B. GOLDSTEIN, individually, and as
beneficial owner of one or more IRAs**

By: _____

**NEIL B. GOLDSTEIN, as grantor of the
Neil B. Goldstein 2007 Trust**

By: _____

**NEIL B. GOLDSTEIN, as beneficiary of the
Jean Weiner 1991 Grantor Retained
Annuity Trust**

By: _____

**JOYCE W. GOLDSTEIN, individually, and
as beneficial owner of an IRA**

By: _____

**JOYCE W. GOLDSTEIN, as trustee of the
Neil B. Goldstein 2007 Trust**

By: _____

**JOYCE W. GOLDSTEIN IRA**

By: _____

**NEIL B. GOLDSTEIN IRA ROLLOVER**

By: _____

**DARMEL MANAGEMENT, L.L.C.**

By: MANAGING Member

39

**SOUTH LAKE, L.L.C.**

By: _____

*MANAGING Member*

**ABE MASTBAUM, individually, as
custodian for Jason Mastbaum, and as
beneficial owner of one or more IRAs**

By: _____

**JASON MASTBAUM**

By: _____

**ABE MASTBAUM IRA, IRA SEP and IRA
ROLLOVER**

By: _____

41

ABE MASTBAUM, individually, as
custodian for Jason Mastbaum, and as
beneficial owner of one or more IRAs

By: _____

JASON MASTBAUM

By: _____

ABE MASTBAUM IRA, IRA SEP and IRA
ROLLOVER

By: _____

**GEORGE ANAGNOS**

_George Anagnos_

By:

**JOSEPHINE G. ANAGNOS**

_George Anagnos Trustee, Estate JGA_

By:

**STEVEN ANAGNOS**

By:

**MARIA ANAGNOS-PIERCE**

By:

42

**GEORGE ANAGNOS**

_____

By:

**JOSEPHINE G. ANAGNOS**

_____

By:

**STEVEN ANAGNOS**

_____

By:

**MARIA ANAGNOS PIERCE**

_____

By:

**GEORGE ANAGNOS**

By: _____

**JOSEPHINE G. ANAGNOS**

By: _____

**STEVEN ANAGNOS**

By: _____

**MARIA ANAGNOS-PIERCE**

By: _____

**JOSEPH J. NICHOLSON**

By:

**JOSEPH J. NICHOLSON, BARRY F.
MARGOLIUS and ANTHONY R.
GRILLO, as trustees of the Joseph J.
Nicholson Charitable Remainder Unitrust**

By: Joseph J Nicholson, Trustee

By:

By:

43

JOSEPH J. NICHOLSON

By: _____

**JOSEPH J. NICHOLSON, BARRY F.
MARGOLIUS and ANTHONY R.
GRILLO, as trustees of the Joseph J.
Nicholson Charitable Remainder Unitrust**

_____
By:

_____
By:

*Anthony R. Grillo   2/24/2018*
By: ANTHONY R. GRILLO, as trustee
of the Joseph J. Nicholson
Charitable Remainder Unitrust

**JOSEPH J. NICHOLSON**

_____

By:

**JOSEPH J. NICHOLSON, BARRY F. MARGOLIUS and ANTHONY R. GRILLO, as trustees of the Joseph J. Nicholson Charitable Remainder Unitrust**

_____   As trustee of the JN CRUT

By:

_____

By:

_____

By:

43

PAMELA MURPHY

By:

PAUL ROBERT MURPHY

By:

44

**PAMELA MURPHY**

By: _____

**PAUL ROBERT MURPHY**

By: _____

**EXHIBIT A**


**NOTICE OF WITHDRAWAL OF OBJECTION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Debtor. | SIPA LIQUIDATION<br><br>Case No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| SECURITIES INVESTOR PROTECTION CORPORATION<br><br>　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | |

## <u>NOTICE OF WITHDRAWAL OF OBJECTION</u>

PJ Administrator LLC ("Claimant"), having filed an objection (the "Objection," Docket No. 4000) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim designated as Claim No. 004925, hereby gives notice that it withdraws such Objection.

Dated: March 1, 2018

　　　　　　　　　　　　　　　　　　*/s/ Steven G. Storch*
　　　　　　　　　　　　　　　　　　Steven G. Storch
　　　　　　　　　　　　　　　　　　Casey J. Hail
　　　　　　　　　　　　　　　　　　Storch Amini PC
　　　　　　　　　　　　　　　　　　2 Grand Central Tower
　　　　　　　　　　　　　　　　　　140 East 45th Street, 25th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　(212) 490-4208

　　　　　　　　　　　　　　　　　　*Attorneys for PJ Administrator LLC*