# EXHIBIT D

# PICARD AFFIDAVIT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SECURITIES MANAGEMENT, L.P., formerly known as AMERICAN SECURITIES, L.P., *et al.*<br><br>Defendants. | Adv. Pro. No. 10-05415 (SMB) |

**AFFIDAVIT OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE TRUSTEE AND DEFENDANTS IN THE ADVERSARY PROCEEDING NO. 10-05415**

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

Irving H. Picard, being duly sworn, hereby attests as follows:

300458060.3

1. I am the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff (together with BLMIS, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Agreement") by and among the Trustee, on the one hand, and the Defendants identified in Exhibit A to the Motion (collectively, "Transferees") on the other hand.

2. I make this Affidavit based upon my own personal knowledge or upon information I believe to be true.

3. All capitalized terms not defined herein have the meaning ascribed to them in the Agreement submitted as Exhibit B to the Motion.

4. I believe that the terms of the Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Agreement should be approved by this Court. The Agreement furthers the interest of BLMIS customers by adding an amount of $18,500,000 to the customer property fund, which equates to a recovery of one hundred percent of Two-Year Transfers constituting fictitious profits, as well as a significant portion of the Two-Year Transfers constituting principal, without any corresponding payment of claims against the BLMIS estate to the Transferees that would reduce the overall customer property fund. The Agreement also resolves the claims raised by the Trustee against the Transferees as to this adversary proceeding and avoids likely lengthy, burdensome, and expensive litigation regarding the claims and defenses in this matter.

6. Given the complexities involved in proceeding with further litigation, I have determined, in my business judgment, that the Agreement represents a fair compromise of the claims against the Transferees.

                                                                                   _____
                                                                                   IRVING H. PICARD

Sworn to before me this 2nd
day of March, 2018.

_____
Notary Public

SONYA M. GRAHAM
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/2021