**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 5, 2018

Keith R. Murphy
direct dial: 212.589.4686
kmurphy@bakerlaw.com

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. South Ferry Building Company et al.,* Adv. Pro. No. 10-04488 (SMB)
      *Picard v. South Ferry #2, et al.,* Adv. Pro. No. 10-04350 (SMB)
      *Picard v. United Congregations Mesora,* Adv. Pro. No. 10-05110 (SMB)
      *Picard v. James Lowrey, et al.*, Adv. Pro. No. 10-04387 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the consolidated chapter 7 estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA").

We write to address a second "notice of supplemental authority" letter Defendants in the above-captioned actions filed on February 23, 2018 (hereinafter the "Second Letter") regarding what they describe as "controlling authority" by the Supreme Court. Defendants assert that the three cases allegedly support their summary judgment arguments that "the text of SIPA and the Bankruptcy Code must be enforced as written, without regard to whether such enforcement limits the overall recovery for the SIPA estate." (APN 10-04488, ECF No. 117; APN 10-04350, ECF No. 123; APN 10-05110, ECF No. 88; APN 10-04387, ECF No. 103).

As an initial matter, the filing of this Second Letter is improper given that the three cases that Defendants identified have no bearing on the summary judgment briefings *sub judice*. None of the cited cases involves a SIPA liquidation proceeding, let alone the avoidance of fictitious profits generated out of a Ponzi scheme. None of the cited cases addresses Defendants' recycled arguments involving a purported statute of repose under section 548(a) of the Bankruptcy Code, or the antecedent debt/value defense under section 548(c) of the Code. (Second Letter at 3). None of the cited cases could even constitute controlling authority that might conceivably alter the previous rulings of this Court and the District Court. This includes this Court's *Omnibus Good*

*Faith Decision*[1] and *Cohen Decision* as well as the District Court's *Greiff* ruling and *Antecedent Debt Decision*.[2] In none of these decisions did the courts deviate from their "obligations to apply the language of the statute as written" or "disregard express statutory language," as Defendants seem to suggest in their correspondence and prior briefings. (Second Letter at 1). Moreover, the general concepts for which Defendants cite the three cases are neither new nor controversial, and the Second Letter appears to be just a pretext for Defendants to submit additional, unauthorized briefing.

What Defendants choose to ignore is that the law primarily governing these proceedings is SIPA. "[W]hile SIPA provides that a SIPA trustee is 'vested with the same powers and title with respect to the debtor and the property of the debtor … as a trustee in a case under Title 11,'" the District Court explained that under SIPA "the provisions of the Bankruptcy Code apply only '[t]o the extent consistent with the provisions of this chapter.'" *Antecedent Debt Decision,* 499 B.R. at 423; *see also* SIPA § 78fff(b). The District Court found that the Trustee's powers to avoid transfers under the Code "must be interpreted through the lens of SIPA's statutory scheme." *Id.*  Indeed, putting aside the application of section 546(e)—which does not affect the Trustee's actions under section 548(a)(1)(A) against Defendants—the two statutory regimes of SIPA and the Bankruptcy Code are not "so easily separated with respect to other aspects of fraudulent transfer litigation" including section 548(c) of the Bankruptcy Code. *Cohen Decision,* 2016 WL 1695296 at *10. Contrary to Defendants' assertion, there is no safe harbor that shelters the receipts of fictitious profits from a Ponzi scheme. *Id.*; *see also Greiff*, 476 B.R. at 725.  The Court should reject Defendants' misapplication of these three cases—and their improper supplementary briefing—none of which changes the rule of law that Defendants may only seek the protections of section 548(c) to the extent of their principal investments with BLMIS.

The Securities Investor Protection Corporation ("SIPC") has authorized the Trustee to represent to the Court that SIPC joins in this letter.

Respectfully submitted,

/s/ Keith R. Murphy

Keith R. Murphy

cc (via email):

> David J. Sheehan
> Kevin H. Bell
> Richard A. Kirby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Trustee's Memorandum of Law in Support of Motion For Summary Judgment, the Trustee's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, and the Trustee's Reply Memorandum Of Law In Support of His Motion For Summary Judgment, as filed in the above-referenced case dockets. (APN 10-04488, ECF Nos. 87, 96, 100; APN 10-04350, ECF Nos. 96, 105, 109; APN 10-05110, ECF Nos. 61, 70, 74; APN 10-04387, ECF Nos. 79, 87, 92).

[2] As noted in the Trustee's summary judgment briefings, all Defendants were subject to the *Antecedent Debt Decision,* and Lowrey was subject to the *Omnibus Good Faith Decision.*