**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

Hearing Date: March 28, 2018
Time: 10:00 a.m.

Objection Deadline: March 21, 2018
Time: 5:00 p.m.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v. | Adv. Pro. No. 10-05048 (SMB) |

| |
|---|
| ESTATE OF ARMAND L. GREENHALL, PENG YAN, as Personal Representative of the Estate of Armand L. Greenhall, and DEIDRE SWEENEY, as Personal Representative of the Estate of Armand L. Greenhall, <br><br>                                        Defendants. |

**MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S MOTION
FOR ENTRY OF AN ORDER PURSUANT TO RULES 15 AND 21 OF
THE FEDERAL RULES OF CIVIL PROCEDURE, AS INCORPORATED
BY RULES 7015 AND 7021 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE,
GRANTING THE TRUSTEE LEAVE TO FILE A SECOND AMENDED COMPLAINT AND
FOR RELATED RELIEF**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES……………………………………………………………………..ii

I.  BACKGROUND INFORMATION ................................................................................1

II.  DEFENDANTS' CONSENT TO AMENDMENT HAS BEEN REQUESTED.................4

III.  APPLICABLE STANDARDS OF LAW ........................................................................5

IV.  THIS COURT SHOULD GRANT THE TRUSTEE LEAVE TO FILE A SECOND
     AMENDED COMPLAINT ..............................................................................................6

    A.  The Trustee Has Acted In Good Faith And Without Undue Delay................................6

    B.  No Defendant Will Be Prejudiced by the Amendment.....................................................8

    C.  The Second Amended Complaint Will Not Be Futile ....................................................9

V.  CONCLUSION................................................................................................................10

# Table of Authorities

Page(s)

**Cases**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
   626 F.3d 699 (2d Cir. 2010) ...................................................................................................8

*In re AMR Corp.*,
   506 B.R. 368 (Bankr. S.D.N.Y. 2014) .....................................................................................6

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*,
   866 F.Supp.2d 257 (S.D.N.Y. 2012) .......................................................................................6

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   986 F.Supp.2d 428 (S.D.N.Y. 2013) ...................................................................................5, 7

*Fed. Nat. Mortg. Ass'n v. I.R.S.*,
   No. CV-98-5174 (JM), 2001 WL 260076 (E.D.N.Y. Jan. 17, 2001) .......................................8

*Foman v. Davis*,
   371 U.S. 178 (1962) .................................................................................................................5

*IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of
   Scotland Grp., PLC*,
   783 F.3d 383 (2d Cir. 2015) ....................................................................................................9

*In re M. Fabrikant & Sons, Inc.*,
   394 B.R. 721 (Bankr. S.D.N.Y. 2008) .................................................................................5, 9

*Margel v. E.G.L. Gem Lab Ltd.*,
   No. 04 Civ. 1514, 2010 WL 445192 (S.D.N.Y. Feb. 8, 2010) .................................................9

*Ohio Cas. Ins. Co. v. Transcontinental Ins. Co.*,
   No. 05–6432, 2006 WL 1540540 (S.D.N.Y. May 31, 2006) ...................................................6

*Panzella v. Skou*,
   471 F. Supp. 303 (S.D.N.Y. 1979) ..........................................................................................8

*Phillips v. Kidder, Peabody & Co.*,
   No. 87 Civ. 4936 (DLC), 1994 WL 570072 (S.D.N.Y. Oct. 13, 1994) ...................................7

*Picard v. Estate of Steven Mendelow*,
   5600 B.R. 208 (Bankr. S.D.N.Y. 2016) ...............................................................................5, 6

*Picard v. Ida Fishman Revocable Trust*,
   14-1129 ..................................................................................................................................3, 4

*Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*,
    415 B.R. 346 (Bankr. S.D. Ind. 2009) .................................................................................. 9

*S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co., Inc.*,
    608 F.2d 28 (2d Cir. 1979) ................................................................................................... 6

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    501 B.R. 26 (S.D.N.Y. 2013) .......................................................................................... 9, 10

*Siegel v. Converters Transp., Inc.*,
    714 F.2d 213 (2d Cir. 1983) ................................................................................................. 6

appeal of *SIPC v. Ida Fishman Revocable Trust*,
    14-1128 .................................................................................................................................. 3

*Soley v. Wasserman*,
    No. 08 Civ. 9262 (KMW)(FM), 2013 WL 6244146 (S.D.N.Y. Dec. 3, 2013) ................... 5

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981) ................................................................................................. 8

**Statutes**

11 U.S.C. § 550(f) ........................................................................................................................ 9

15 U.S.C. ....................................................................................................................................... 1

United States Code (2) title 11 sections 548(A)(1)(a)and 551 .................................................. 1, 4

Bankruptcy Code section 546(a) ............................................................................................... 10

Bankruptcy Code section 546(e) .............................................................................................. 3, 4

Bankruptcy Code section 548(a)(1)(A) ....................................................................................... 9

Bankruptcy Code sections 548(a)(1)(A), 550, and 551 ............................................................ 1, 3

Bankruptcy Code section 550(a) ..................................................................................... 1, 3, 9, 10

New York Civil Practice Law section 210(b) ......................................................................... 2, 10

Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ................................................. 1

**Rules**

Federal Rule of Bankruptcy Procedure 7015 ........................................................................... 3, 5

Federal Rules of Bankruptcy Procedure Rules 7015 and 7021 ................................................... 1

08-01789-cgm    Doc 17326    Filed 03/09/18    Entered 03/09/18 19:09:10    Main Document
                                Pg 6 of 17

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................................ 9

Federal Rules of Civil Procedure Rules 15 and 21 ........................................................................... 1

Federal Rules of Civil Procedure Rule 15(a)(2) ........................................................................... 3, 5

FRCP 15 .......................................................................................................................................... 6

N.Y. C.P.L.R. 210(b) .................................................................................................................. 2, 10

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and the substantively consolidated chapter 7 estate of Bernard L. Madoff, by and through his undersigned counsel, files this Memorandum of Law in support of the Trustee's motion for leave ("Motion") seeking leave under Rules 7015 and 7021 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rules 15 and 21 of the Federal Rules of Civil Procedure ("FRCP") to file a Second Amended Complaint and for Related Relief in the above-captioned adversary proceeding (the "Adversary Proceeding"), wherein the Trustee (1) adds further specificity to his claims for recovery of initial transfers under sections 548(A)(1)(a) and 551 of title 11 of the United States Code (the "Bankruptcy Code"), (2) adds further specificity to his claim that defendant Peng Yan, in his individual capacity as residual beneficiary of the Estate of Armand L. Greenhall (the "Greenhall Estate"), received subsequent transfers of the transfers BLMIS made to Armand L. Greenhall ("Greenhall") and the Greenhall Estate, under Bankruptcy Code section 550(a), consistent with the prior rulings of this Court, and (3) updates and conforms certain other allegations.

I.     **BACKGROUND INFORMATION**

In this Adversary Proceeding, the Trustee seeks to avoid and recover, under sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, fictitious profits of $5,217,527.00 transferred to Armand L. Greenhall and the Greenhall Estate in the two years prior to the commencement of the BLMIS liquidation. Greenhall died on April 14, 2008. Defendant Greenhall Estate is successor-in-interest to Greenhall and is liable for claims against Greenhall.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

1

The Trustee filed the original complaint (the "Complaint") against Greenhall[2] on December 2, 2010. (ECF No. 1).[3]

On August 29, 2011, after learning Greenhall had died, the Trustee filed a First Amended Complaint against the Greenhall Estate, Peng Yan, individually and in his capacity as Personal Representative of the Greenhall Estate ("Yan"), and Deidre Sweeny, in her capacity as Personal Representative of the Greenhall Estate ("Sweeney," and collectively with the Greenhall Estate and Yan, the "Defendants").[4] (ECF 2). The Trustee's First Amended Complaint asserted that Greenhall and the Greenhall Estate and its beneficiaries received avoidable transfers from BLMIS.[5] The First Amended Complaint also asserted that Defendant Yan was the residuary beneficiary of Defendant Greenhall Estate and, in that capacity, received subsequent transfers of the BLMIS funds as part of his residuary distribution.

On December 14, 2011, Defendants Greenhall Estate and Sweeney filed an Answer to the First Amended Complaint. (ECF No. 16).

On January 17, 2014, Defendant Yan filed a Motion to Dismiss the Adversary Proceeding (the "Motion to Dismiss"). (ECF No. 27).

On June 2, 2015, this Court denied in part and granted in part the motions to dismiss brought in this and certain other good faith adversary proceedings for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Omnibus Decision").

---

[2] NTC & Co. was also a named defendant in the original Complaint filed on December 2, 2010, but was dismissed from this action by the Court's So Ordered Stipulation entered on April 22, 2011. (ECF No. 6).

[3] Unless otherwise indicated, all references to an ECF No. are to the electronic docket in this action, Adversary Proceeding No. 10-05048.

[4] On June 8, 2012, the Trustee filed a Complaint initiating a second action, Adversary Proceeding No. 12-01709, against the Defendants (Adv. Pro. No. 12-01719, ECF No. 1). On August 16, 2012, Judge Bernstein so ordered a Stipulation consolidating Adversary Proceeding No. 12-01719 with this action, Adversary Proceeding No. 10-05048, to proceed under the latter. (ECF No. 18 in Adv. Pro. No. 10-05048 (SMB); ECF No. 5 in Adv. Pro. No. 12-01719 (SMB)).

[5] The Trustee's claims against the Greenhall Estate and its personal executors were timely, as section 210(b) of the New York Civil Practice Law Rules tolls the statute of limitations upon the death of a person liable, providing an additional eighteen months to the time otherwise provided for a cause of action to be brought. *See* N.Y. C.P.L.R. 210(b).

(ECF No. 10089 in Adv. Pro. No. 08-01789 (SMB)). Among other things, the Court held that the Trustee had not sufficiently identified the "necessary vital statistics—the who, when, and how much" for certain subsequent transfers alleged by the Trustee.

On June 22, 2015, the Supreme Court of the United States denied certiorari with respect to the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust*, 14-1128 and *Picard v. Ida Fishman Revocable Trust*, 14-1129 (the "Supreme Court Decision"), in which the Trustee contested application of section 546(e) of the Bankruptcy Code to this and other adversary proceedings.

On July 16, 2015, this Court entered an order consistent with the Omnibus Decision (the "Motion to Dismiss Decision"), which: (a) dismissed Counts II through VI of the First Amended Complaint, which sought avoidance and recovery of initial transfers on grounds other than sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, (b) dismissed without prejudice Count VII of the First Amended Complaint, which sought to recover subsequent transfers under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, from beneficiaries of the Greenhall Estate, including Defendant Yan in his individual capacity, and (c) denied the Motion to Dismiss in all other respects. (ECF No. 143 in Adv. Pro. No. 10-05259 (SMB)). This Court specifically held that the dismissal of the Trustee's subsequent transfer claims was "without prejudice to [] the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7015 . . . ." Defendant Yan remains in this adversary proceeding in his capacity as Personal Representative of the Greenhall Estate, which received initial transfers of fictitious profits.

On September 18, 2015, Defendant Yan filed an answer to the First Amended Complaint.

(ECF No. 55). A Case Management Notice was agreed to and filed, setting forth a discovery schedule. (ECF No. 57).

The Trustee files this Motion to (i) address issues raised by the Omnibus Decision and the Supreme Court Decision, (ii) reinstate Defendant Yan as a subsequent transferee defendant in his individual capacity, following identification through discovery of the "vital statistics" of that claim, and (iii) provide additional specificity regarding the transfers the Trustee seeks to avoid and recover. As detailed in the proposed Second Amended Complaint, attached as Exhibit A to the Declaration of Nicholas J. Cremona, the Trustee seeks leave to amend his pleading as follows:

1. To add further specificity to his claims for recovery of initial transfers under Bankruptcy Code sections 548(A)(1)(a) and 551;

2. To reinstate subsequent transfer claims against defendant Yan, in his individual capacity as residual beneficiary of the Greenhall Estate, and add further specificity to the subsequent transfer allegations to satisfy the requirements for pleading subsequent transfer claims set forth in the Omnibus Decision; and

3. To update and conform certain other allegations, including in the Jurisdiction and Venue, Background, Ponzi Scheme and Transfer sections. These changes are made for consistency with background and other allegations relevant to, and alleged in, all of the Trustee's cases and to address the Supreme Court Decision regarding section 546(e).[6]

## II. DEFENDANTS' CONSENT TO AMENDMENT HAS BEEN REQUESTED

On February 28, 2018, the Trustee requested Defendant Yan's consent to file the Second Amended Complaint, along with a Stipulation to Amendment, by contacting Defendant Yan's attorney of record, Brian J. Neville. On March 7, 2018, Mr. Neville's associate Mary Grace White confirmed that Yan does not consent to the amendment.

---

[6] The Trustee also seeks to amend the case caption to reflect that Yan and Sweeney are "Executors" of the Greenhall Estate, rather than "Personal Representatives." See Proposed Second Amended Complaint, paragraphs 8-9.

On March 5, 2018, the Trustee requested Defendants Sweeney and Greenhall Estate's consent to file the Second Amended Complaint, along with a Stipulation to Amendment, by contacting their attorneys of record, Joseph F. Keenan of the Law Office of Joseph F. Keenan. The Trustee's counsel followed up with Mr. Keenan by phone call and email. Despite the Trustee's attempts, Mr. Keenan has not confirmed whether he will consent to the amendment.

The Trustee will withdraw this Motion if Defendants' consent is provided. However, in light of the Trustee's multiple attempts to receive consent, no further delay is warranted. Defendants' counsel was advised of the Trustee's intent to proceed by motion.

### III. APPLICABLE STANDARDS OF LAW

Under FRCP 15(a)(2), made applicable here by Federal Rule of Bankruptcy Procedure 7015, a party may amend its pleading with leave of the court, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721 (Bankr. S.D.N.Y. 2008).

> The mandate that leave to amend be freely given when justice requires 'is to be heeded' in the absence of a substantial reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'

*Picard v. Estate of Steven Mendelow*, 5600 B.R. 208, 221 (Bankr. S.D.N.Y. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Generally, amendments are favored because they 'tend to facilitate a proper decision on the merits.'" *Id.* (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F.Supp.2d 428, 472 (S.D.N.Y. 2013)). As long as the moving party can demonstrate "colorable grounds for relief, justice does [] require" the court to permit the amendment. *Soley v. Wasserman*, No. 08 Civ. 9262 (KMW)(FM), 2013 WL 6244146, at *1

(S.D.N.Y. Dec. 3, 2013) (quoting *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir. 1979).

This is consistent with the Second Circuit's oft-repeated holding that FRCP 15 is to be liberally construed. *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F.Supp.2d 257, 272 (S.D.N.Y. 2012) ("the rule is 'interpreted liberally, and an amendment is normally permitted'") (quoting *Ohio Cas. Ins. Co. v. Transcontinental Ins. Co.,* No. 05–6432, 2006 WL 1540540, at *1 (S.D.N.Y. May 31, 2006)); *Siegel v. Converters Transp., Inc.,* 714 F.2d 213, 216 (2d Cir. 1983) (the rule reflects Congress's intention "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities") (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. AND PROC. § 1471, at 359 (3d ed. 1971)). Indeed, in the Second Circuit, a party may amend its pleadings in the absence of a showing of prejudice or bad faith. *In re AMR Corp.*, 506 B.R. 368, 383 (Bankr. S.D.N.Y. 2014). Further, defendants "must show actual prejudice, not the possibility of prejudice" when opposing a proposed amendment. *Mendelow*, 560 B.R. at 224 (citations omitted).

## IV. THIS COURT SHOULD GRANT THE TRUSTEE LEAVE TO FILE A SECOND AMENDED COMPLAINT

The Motion should be granted because the Trustee's request to amend is being made in good faith and without undue delay, no Defendant will be prejudiced by the amendment, and the Second Amended Complaint will not be futile.

### A. The Trustee Has Acted In Good Faith and Without Undue Delay

It is well-settled that the mere passage of time, in the absence of bad faith, does not warrant a denial of leave to amend. *In re AMR Corp.*, 506 B.R. at 383 ("Absent a showing of bad faith or undue prejudice, mere delay does not provide a basis for a district court to deny the right to amend."). The Trustee did not unduly delay or act in bad faith in bringing this Motion.

6

Following this Court's entry of the Omnibus Decision and the Motion to Dismiss Decision, the Trustee engaged in discovery with defendants and third parties. This discovery identified the "necessary vital statistics—the who, when, and how much" for subsequent transfers to Defendant Yan alleged by the Trustee in the First Amended Complaint and dismissed by the Motion to Dismiss Decision, without prejudice to the Trustee's right to seek to amend. The proposed Second Amended Complaint satisfies the pleading standard for subsequent transfer claims set forth in the Omnibus Decision, including the additional facts necessary to sustain his claims for recovery of subsequent transfers from Defendant Yan. (See Second Amended Complaint, paragraphs 61 through 75 and Exhibits C through K).

Consistent with this Court's directive, through discovery, the Trustee obtained additional evidence to support his subsequent transfer allegations that was not available when he filed his Original and First Amended Complaints. In instances where plaintiffs discover new facts relating to and supporting claims asserted in an earlier pleading, "courts routinely permit amendment on the basis of this new information." *In re Facebook, Inc.*, 986 F.Supp.2d at 472 (citing *Phillips v. Kidder, Peabody & Co.,* No. 87 Civ. 4936 (DLC), 1994 WL 570072, at *4 (S.D.N.Y. Oct. 13, 1994) (stating "courts consistently grant motions to amend where it appears that the new facts and allegations are developed during discovery and are closely related to the original claim").

Prior to amending his Complaint and reinstating the subsequent transfer claim against Defendant Yan, the Trustee offered to participate in an early mediation of this action. The parties mediated on August 21, 2017, with Deborah A. Reperowitz as court-appointed mediator, and were unable to resolve this proceeding. A Mediator's Final Report was filed on March 5,

2018. (ECF No. 70). As a result, the Trustee is now seeking to amend to reinstate his subsequent transfer claim against Defendant Yan, based on the new information gleaned in discovery.

The Trustee has diligently pursued his claims against Defendants in good faith, and as a result, leave to amend should be granted.

### B.    No Defendant Will Be Prejudiced by the Amendment

The party opposing an amendment has the burden of proving that leave to amend would be prejudicial. *Fed. Nat. Mortg. Ass'n v. I.R.S.*, No. CV-98-5174 (JM), 2001 WL 260076, at *2 (E.D.N.Y. Jan. 17, 2001) (citing *Panzella v. Skou*, 471 F. Supp. 303, 305 (S.D.N.Y. 1979)). Courts consider whether amendment "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (internal quotation marks omitted) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). "If no prejudice is found, then leave normally will be granted." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. AND PROC. § 1484 (3d ed. 1971).

In May 2017, the parties agreed to stay discovery in order to engage in early mediation, and in the event that mediation was unsuccessful, to re-open discovery for an additional three-month period following the mediator's failed mediation report. The relief sought would therefore not require Defendants to "expend significant additional resources . . . or significantly delay" the resolution of this action. *See AEP Energy Servs. Gas Holding Co.*, 626 F.3d at 725–26. All defendants will have a full and fair opportunity to conduct discovery on all factual allegations and legal theories asserted in the Second Amended Complaint.

8

### C. The Second Amended Complaint Will Not Be Futile

The party opposing an amendment has the burden of proving that leave to amend would be futile. *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2010 WL 445192, at *3 (S.D.N.Y. Feb. 8, 2010) (citations omitted). "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quotation omitted). Defendants cannot meet their burden. As shown above, this amendment cures prior deficiencies in the Trustee's allegations of subsequent transfers to Defendant Yan.

Moreover, the subsequent transfer claim against Defendant Yan is not barred by the relevant statute of limitations. The statute of limitations governing this recovery action, under section 550(a) of the Bankruptcy Code, is "(1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) the time the case is closed or dismissed." 11 U.S.C. § 550(f). *See, also*, *Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 746 n.23 (Bankr. S.D.N.Y. 2008) ("[A] recovery action must be brought no later than one year after the avoidance of the transfer or the closing or dismissal, whichever occurs first."). Because the Court has not yet adjudicated the merits of the Trustee's avoidance claims under section 548(a)(1)(A) of the Bankruptcy Code, the one-year limitations period relevant to subsequent transfer claims in this Adversary Proceeding has not begun to run. *See id*. *See also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26, 36 (S.D.N.Y. 2013); *Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*, 415 B.R. 346, 353 (Bankr. S.D. Ind. 2009) (permitting the trustee to add a named defendant's spouse as a subsequent transferee

9

defendant where no initial transfer had been avoided and more than seven years had elapsed between the commencement of the case and the trustee's filing of an amended complaint).

As Judge Rakoff articulated in the District Court's decision in the BLMIS consolidated proceedings on 11 U.S.C. § 550(a), "a subsequent transferee defendant is entitled to bring a statute-of-limitations defense to avoidance only if the Trustee failed to bring any avoidance action with respect to the initial transfer (against either the initial or subsequent transferee) within section 546(a)'s two-year limitations period." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. at 35. Here, the Trustee filed his First Amended Complaint seeking avoidance of relevant initial transfers on August 29, 2011, within Bankruptcy Code section 546(a)'s two-year limitations period.[7]

## V. CONCLUSION

For the foregoing reasons, the Trustee's Motion for Leave to Amend to File a Second Amended Complaint and Related Relief should be granted in its entirety.

---

[7] The Trustee's claims against the Greenhall Estate and its executors were timely, as section 210(b) of the New York Civil Practice Law Rules tolls the statute of limitations upon the death of a person liable, tacking eighteen months onto the time otherwise provided for a cause of action to be brought. *See* N.Y. C.P.L.R. 210(b).

10

| | |
|---|---|
| Dated: New York, New York<br>March 9, 2018 | Respectfully submitted, |
| Of Counsel: | |
| | */s/ Nicholas J. Cremona* |
| **BAKER & HOSTETLER LLP**<br>811 Main Street, Suite 1100<br>Houston, Texas 77002-0518<br>Telephone: 713.751.1600<br>Facsimile: 713.751.1717<br>Dean D. Hunt<br>Email: dhunt@bakerlaw.com<br>Farrell A. Hochmuth<br>Email: fhochmuth@bakerlaw.com | **BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111-0100<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com |
| | *Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* |