UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-1161 (SMB) |

**DISCLOSURE STIPULATION AND PROPOSED ORDER
PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

WHEREAS plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee") served a non-party subpoena (the "Subpoena") on Tremont Group Holdings, LLC (f/k/a Tremont Group Holdings, Inc.) ("Tremont") in the above-referenced adversary proceeding on June 7, 2016.

WHEREAS in response to the Subpoena, on a rolling basis beginning September, 2017 through January 29, 2018, Tremont produced in total approximately 110,183 documents to the Trustee.

WHEREAS in connection with that production the Trustee and Tremont entered into a claw-back agreement to facilitate discovery in light of Tremont's position that it was understaffed and winding up, pursuant to which Tremont agreed to turn over all of its responsive documents without conducting a privilege review, in exchange for the Trustee's commitment to segregate and return any document to which Tremont could claim attorney-client privilege or work product protection.

WHEREAS in November 2017 the Joint Liquidators for defendants Kingate Global Fund Limited and Kingate Euro Fund Limited (the "Kingate Funds") requested from the Trustee a copy of the Tremont production.

WHEREAS the Trustee produced to the Kingate Funds certain documents from the Tremont production, but withheld pursuant to the Trustee's claw-back agreement with Tremont approximately 3,200 documents that the Trustee had identified as potentially privileged.

WHEREAS Tremont and the Kingate Funds have agreed to enter into a claw-back agreement on the same terms as the agreement currently in place with the Trustee.

Upon the consent of the parties hereto, it is hereby ORDERED

1. Pursuant to Federal Rules of Evidence 502(d) and 502(e), any production or disclosure by Tremont of privileged or work-product protected documents or electronically stored information (the "Protected Information") to the Trustee or the Kingate Funds in response to the Subpoena, whether inadvertent or otherwise, is not a waiver of any applicable privilege or

protection from discovery, including the attorney-client privilege and work product protection, in this proceeding or in any other federal or state proceeding.

2. Tremont's prior production and/or disclosure of Protected Information to the Trustee before this Order was presented to or entered by the Court shall not, for the purposes of this proceeding or any other proceeding in any other federal or state court, constitute a waiver by Tremont of any privilege or protection applicable to those materials or information, including the attorney-client privilege and work product protection, and shall be treated as if it was produced or disclosed under this Order and given the maximum protection allowed by Federal Rule of Evidence 502(d) and this Order.

3. If either the Trustee or the Kingate Funds identifies Protected Information in Tremont's production, that party must promptly notify Tremont, in writing, with notice to the other side, that Protected Information has been disclosed by identifying the Protected Information by Bates number or other identifier. Upon receiving such a notification—unless a challenge is made pursuant to Paragraph 5 below—the Trustee and the Kingate Funds shall make reasonable efforts to (i) identify and return the Protected Information and any copies they have and (ii) provide within thirty (30) business days a certification that the Protected Information has been returned.

4. The Trustee and the Kingate Funds will provide to Tremont a copy of any Protected Information they have reviewed and identified as privileged, and certify in writing that they have not retained or disclosed to or otherwise shared with any other person any Protected Information. The Trustee and the Kingate Funds will provide Tremont with one complete set of the documents they have copied and retained from Tremont's production.

5. The Trustee and the Kingate Funds will have the right to review and challenge any privilege determination made by the other party, by providing notice of that challenge to Tremont, in writing, with notice to the other side, within twenty five (25) business days of receiving a notice of the disclosure of Protected Information. In the event a dispute arises between the Trustee and the Kingate Funds concerning a privilege determination, that dispute will be submitted for resolution by the Honorable Frank Maas as Discovery Arbitrator.

6. If a challenge is made pursuant to Paragraph 5 above, neither the Trustee nor the Kingate Funds may use the documents subject to the dispute for any purpose absent a resolution of the challenge by the Discovery Arbitrator or by agreement of the parties.

7. Within five (5) business days of entry of this Order, the Trustee shall produce to the Kingate Funds all documents that the Trustee has received from Tremont in response to the Subpoena, to the extent that such documents have not already been produced to the Kingate Funds, including those documents that the Trustee previously identified as potentially privileged.

8. Nothing contained herein is intended to or shall serve to limit Tremont's right to conduct a review of documents, electronically stored information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Dated:   New York, NY
         March 14, 2018

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| BY: /s/ Robert S. Loigman<br>Robert S. Loigman<br>robertloigman@quinnemanul.com<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>Telephone: (212) 849-7000 | BY: /s/John Boyle<br>John Boyle<br>joboyle@skadden.com<br>Four Times Square<br>New York, NY 10036-6522<br>Telephone: (212) 735-2527 |
| *Counsel for Kingate Global Fund Ltd. and Kingate Euro Fund Ltd.* | *Counsel for Tremont Group Holdings, LLC* |

BAKER & HOSTETLER LLP

BY:   /s/ Geraldine E. Ponto
      Geraldine E. Ponto
      gponto@bakerlaw.com
      45 Rockefeller Plaza
      New York, NY 10111-0100
      Telephone: (212) 589-4690

*Counsel for Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC*

So Ordered this 14th day of March, 2018.

_____
Honorable Frank Maas
Discovery Arbitrator

5