UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ X
                               :
In re:                         :
                               :    SIPA LIQUIDATION
                               :
BERNARD L. MADOFF INVESTMENT   :
SECURITIES LLC,                :    No. 08-01789 (SMB)
                               :
        Debtor.                :
                               :
------------------------------ X
                               :
IRVING H. PICARD, Trustee for the Liquidation  :
of Bernard L. Madoff Investment Securities LLC,:
                               :
                               :
        Plaintiff,             :    Adv. Proc. No. 09-01182 (SMB)
                               :
            v.                 :
                               :
J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,  :
ARIEL FUND LTD., ASCOT PARTNERS, L.P., :
ASCOT FUND LTD., GABRIEL CAPITAL :
CORPORATION,                   :
                               :
        Defendants.            :
                               :
------------------------------ X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO REARGUE THE COURT'S JANUARY 22, 2018 ORDER EXCLUDING
THE OPINIONS AND TESTIMONY OF JEFFREY M. WEINGARTEN**

| | |
|---|---|
| DECHERT LLP | NORTON ROSE FULBRIGHT US LLP |
| 1095 Avenue of the Americas | 1301 Avenue of the Americas |
| New York, New York 10036 | New York, NY 10019-6022 |
| (212) 698-3500 | (212) 318-3000 |
| *Attorneys for Defendants J. Ezra Merkin* | *Attorneys for Ralph C. Dawson, as* |
| *and Gabriel Capital Corporation* | *Receiver for Defendant Ascot Partners,* |
| | *L.P., and Ascot Fund Ltd.* |

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** ................................................................................................ ii

**I.    THE COURT HAS BROAD DISCRETION TO ADMIT WEINGARTEN'S EXPERT OPINION REBUTTAL TESTIMONY ON THE ISSUE OF REACTIVE DUE DILIGENCE.** ................................................................................... 1

**II.   DEFENDANTS' ALSO MEET THE HIGHER STANDARD FOR REARGUMENT APPLICABLE OUTSIDE THE IN LIMINE CONTEXT.** ............ 6

**CONCLUSION** ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,
  No. 01 CIV. 11295, 2003 WL 22471909 (S.D.N.Y. Oct. 31, 2003) ..........................................5

*Crown Cork & Seal Co. Master Ret. Tr. v. Credit Suisse First Boston Corp.*,
  No. 12-CV-05803-JLG, 2013 WL 978980 (S.D.N.Y. Mar. 12, 2013) ......................................2

*Duval v. U.S. Xpress Enters., Inc.*,
  No. 03-CV-812DNHDRH, 2005 WL 6021864 (N.D.N.Y. Oct. 13, 2005) ...............................2

*Gucci Am., Inc. v. Guess?, Inc.*,
  No. 09 Civ. 4373 SAS, 2011 WL 6326032 (S.D.N.Y. Dec. 16, 2011) .....................................7

*In re Med Diversified, Inc.*,
  334 B.R. 89 (Bankr. E.D.N.Y. 2005) ........................................................................................2

*Nisanov v. Black & Decker (U.S.) Inc.*,
  No. 05CIV.5911(BMC)(SMG), 2008 WL 2185910 (E.D.N.Y. May 23, 2008) .......................7

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
  691 F. Supp. 2d 448 (S.D.N.Y. 2010) ...................................................................................3, 4

*In re Puda Coal Sec. Inc., Litig.*,
  30 F. Supp. 3d 230, 252 (S.D.N.Y. 2014), *aff'd sub nom. Querub v. Hong
  Kong*, 649 F. App'x 55 (2d Cir. 2016) .................................................................................1, 2

Pursuant to Local Bankruptcy Rule 9023-1 and Local Civil Rule 6.3, Defendants respectfully submit this reply memorandum of law in further support of their motion to reargue the Court's January 22, 2018 Order, implementing its December 22, 2017 Memorandum Decision, granting the Trustee's motion *in limine* to exclude the opinions and testimony of Jeffrey M. Weingarten.  As demonstrated in the opening brief and below, Weingarten should be permitted to offer his expert opinion testimony for the limited purpose of rebutting the Trustee's expert's testimony concerning "reactive due diligence."

The Trustee incorrectly argues that this is an attempt to "get a second bite at the apple" and relitigate an issue that was already decided.  *See e.g.*, Pl. Opp'n Br. 2.  To the contrary, the Court did not expressly consider in its Memorandum Decision whether Weingarten should be permitted to respond to Pomerantz's testimony regarding due diligence triggers and reactive due diligence.  The Court has the discretionary authority to consider, or re-consider, this issue at any time.  Because Weingarten's specialized knowledge and expertise in investment and fund due diligence make him uniquely qualified to offer testimony that would assist the Court on the question of "what someone like Merkin should have done" in response to supposed due diligence triggers, the Court should permit him to do so.

## I.    The Court Has Broad Discretion To Admit Weingarten's Expert Opinion Rebuttal Testimony On The Issue Of Reactive Due Diligence.

The Court has broad discretion to reconsider a ruling on a motion *in limine* and admit expert testimony.  While the Trustee suggests that the applicable standard is that for reargument generally, the Court has the unquestionable power to reconsider an *in limine* ruling at any time, particularly where, as here, the evidence at issue is rebuttal testimony.  *See e.g., In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230, 252 (S.D.N.Y. 2014*), aff'd sub nom. Querub v. Hong Kong*,

649 F. App'x 55 (2d Cir. 2016) ("It is well settled that [a] district court has wide discretion in determining whether to permit evidence on rebuttal. [W]hether testimony should be allowed on rebuttal is a matter so clearly within the discretion of the judge ... that we think no more need be said.") (quoting *Koseatac v. Rubin*, 4 F. App'x. 84, 86 (2d Cir.2001)); *see also* Pl. Opp'n Br. at 11-12 (collecting cases that stand for the general proposition that the trial court has broad discretion to admit expert testimony).

Indeed, the Court may permit expert rebuttal opinion testimony even where the expert's report and affirmative opinion testimony has been entirely excluded. *See Crown Cork & Seal Co. Master Ret. Tr. v. Credit Suisse First Boston Corp.*, No. 12-CV-05803-JLG, 2013 WL 978980, at *9 (S.D.N.Y. Mar. 12, 2013) (holding that although the expert's "initial report contained no opinion on damages or the proper way to calculate them," and his rebuttal report "consist[ed] largely of legal arguments," the plaintiff could still "present [the expert] as an expert rebuttal witness at trial on the issue of damages."); *In re Med Diversified, Inc.*, 334 B.R. 89, 103–04 (Bankr. E.D.N.Y. 2005) (excluding the expert report but allowing limited rebuttal testimony where the expert had "sufficient familiarity with, even if insufficient mastery of" the topic discussed in the opposing party's expert's report and testimony); *Duval v. U.S. Xpress Enters., Inc.*, No. 03-CV-812DNHDRH, 2005 WL 6021864, at *4 (N.D.N.Y. Oct. 13, 2005) (excluding plaintiff's expert report, but allowing expert to be called as an expert witness on rebuttal).

The Trustee's Opposition Brief simply ignores the critical question -- whether the Court should exercise its discretion to permit Weingarten's expert opinion testimony to rebut Pomerantz's testimony on the narrow issue of reactive due diligence. As demonstrated in Defendants' Opening Brief, Weingarten's testimony meets the criteria for admissibility under

2

Federal Rule of Evidence 702.  In response, the Trustee argues that Defendants previously discussed Weingarten's superlative credentials in opposition to the Trustee's motion *in limine*. But the Trustee does not explain why that fact somehow precludes the Court from considering the same credentials as a rebuttal witness.  Pl. Opp'n Br. 4-6.  Likewise, the fact that Defendants previously explained in their opposition to the Trustee's motion *in limine* that Weingarten evaluated Merkin's conduct based on the same five criteria as Pomerantz -- indeed, Pomerantz made a point of acknowledging that he agreed with and was following Weingarten's methodology -- does not in any way restrict the Court from determining that that approach is appropriate in the narrow context of responding to Pomerantz's testimony.

As noted in Defendants' Opening Brief, the Court incorrectly concluded that Weingarten "failed to link" his experience to his conclusions.  The Trustee fails to refute this showing and fails to recognize that the Court has the discretionary authority to revisit it with respect to the narrow issue of admissibility as rebuttal testimony.  Even more telling, the Trustee fails to cite even one distinguishing factor between this case and the directly applicable case law cited by Defendants.  For example, in the *Pension Committee* case, the district court rejected defendants' argument that a due diligence expert's opinions were not reliable because he had not "specifically link[ed] [his] experience to his opinions."  *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 691 F. Supp. 2d 448, 464 (S.D.N.Y. 2010).  The district court explained:

> While courts do consider whether an expert has articulated how "the specifics of [his] experience led to his conclusions," every case is fact-specific, and every expert is not required to provide the same degree of detail in linking his experience to his conclusions.  In this case, both parties plan to call due diligence experts who will opine on the custom and practice of conducting hedge fund due diligence during the relevant time period.  Industry practices are not like scientific hypotheses, which can be tested through trial and error, or logical arguments, which can be analyzed through probing their underlying premises.  For example,

3

> it would not be helpful for Weiser to opine that he had X experience, which taught him that Y custom was advisable. The issue is not the adequacy of the customs and practices, but their general acceptance. Thus, the reliability of Weiser's testimony largely depends on whether he has drawn the proffered industry standards from an adequate source—in this case, his experience.

*Id*.

Notably, the district court in *Pension Committee* went on to find that the expert's "description of his experience—which includes performing due diligence on a multitude of hedge funds and communicating with others in the industry—provides a sufficient link between his experience and his opinions to satisfy the reliability requirement of Rule 702." *Id*. at 464-65. Here, too, it is undisputed that Weingarten has extensive experience in investment and fund due diligence -- in fact, more extensive than the expert in the *Pension Committee* case -- and Defendants seek to offer Weingarten's testimony on a narrow issue that indisputably arose multiple times during his long career. *See e.g.*, Weingarten Dep. Tr. 221:13-224:21, attached as Exhibit A to the Reply Declaration of Mariel R. Bronen, dated March 15, 2018 ("Bronen Reply Decl.") (discussing his experience in hearing about and responding to investor concerns throughout his forty year career). These factors strongly support a finding that Weingarten's experience is more than sufficient to satisfy the qualification and reliability requirements of Rule 702 here.

Not only has the Trustee failed to refute the admissibility of Weingarten's testimony under Federal Rule of Evidence 702, he has also failed to offer any valid reason why the Court should decline to exercise its discretionary authority to admit it here. The Trustee states that Weingarten's rebuttal testimony on the issue of reactive due diligence would be "prejudicial," but does not explain how. Pl. Opp'n Br. 16. He cites various risks associated with allowing experts to amend or supplement their reports and opinions warning of "surprise or ambush," and

4

the possibility that "expert discovery would never close." Pl. Opp'n Br. 15.  But the Trustee does not explain how allowing Weingarten's limited rebuttal testimony would lead to any such negative consequences.  Defendants do not seek to supplement Weingarten's expert report or otherwise reopen discovery or delay a trial; rather, Defendants seek to offer Weingarten for the limited purpose of rebutting Pomerantz's testimony on reactive due diligence.  And the Trustee cannot realistically claim "surprise or ambush," *see* Pl. Opp'n Br. 15, because he questioned Weingarten on these precise topics at his deposition.  *See, e.g.*, Weingarten Dep. Tr. 221:13-222:24, attached as Exhibit A to the Reply Declaration of Mariel R. Bronen, dated March 15, 2018 ("Bronen Reply Decl.") ("Q. If a particular investor had voiced concerns to Mr. Merkin about investing with BLMIS or Mr. Madoff, what would you -- what would you expect Mr. Merkin to do with that information, or that concern?  A. I guess it would depend on what the concern was.  So, again, I can speak from my own experience . . . investors who would come to see me and say they were not happy with the fact that my fund was too narrow, or they were unhappy with my degree of exposure at any one time to the markets.  And I understand that.  Lots of people have different ideas about how one should invest or have different ideas about the markets at the time.  And they would act accordingly.  It doesn't mean that I'm going to change what I'm doing. . ."); *see also id*. at 222:25-223:2, 225:14-25.  And even if there were a plausible failure to disclose argument -- which there is not -- given the importance of expert testimony, disclosure rules may yield in the interest of justice.  *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 CIV. 11295, 2003 WL 22471909, at *1–2 (S.D.N.Y. Oct. 31, 2003) (internal citations omitted) (allowing expert testimony in the interest of justice despite disclosure failures).  Overall, the value of Weingarten's rebuttal expert opinion testimony on the narrow issue of

5

reactive due diligence and the unfairness of excluding it far outweigh any theoretical prejudice to the Trustee.

## II. Defendants' Also Meet The Higher Standard For Reargument Applicable Outside The In Limine Context.

Even if the higher standard for reargument outside the *in limine* context were applicable, and it is not, the Trustee's arguments in opposition to Defendants' motion fail. The Trustee acknowledges that a motion for reconsideration should be granted in order to "prevent manifest injustice." Pl. Opp'n Br. 3-4. According to the Trustee, it is not "a manifest injustice that one party's expert is excluded and the other party's expert is permitted to testify." Pl. Opp'n Br. 10-11. But the injustice of precluding Weingarten's testimony as a rebuttal expert goes far beyond that. Weingarten is uniquely qualified to opine on the subject of reactive due diligence, and much more qualified than Pomerantz considering, for example, the longevity of their careers and their relative levels of success in the investment industry. Weingarten was a General Partner of Goldman Sachs and Chief Executive Officer Goldman Sachs Asset Management International before founding and running a successful investment fund for nearly a decade. By contrast, the pinnacle of Pomerantz's success, prior to becoming a professional expert witness, seems to have been his role as Director of Quantitative Research at a private equity firm. Bronen Decl. Ex. A at Exhibit A; Bronen Reply Decl. Ex. B (Pomerantz Resume). Additionally, Weingarten's opinions are based on essentially the same facts as those considered by Pomerantz as well as the same methods. And Pomerantz's expert opinion is belied by his own conduct as the due diligence consultant for a fund-of-funds that maintained a significant investment in a Madoff feeder fund. Under these circumstances, it would be manifestly unjust to hear Pomerantz's testimony and not allow Weingarten to respond.

6

The Trustee argues that by excluding Weingarten's rebuttal report, the Court conclusively determined the issue of whether Weingarten should be permitted to respond to Pomerantz's testimony regarding due diligence triggers and reactive due diligence. Pl. Opp'n Br. 12-13. Regardless of whether the issue has been addressed, as discussed above and in Defendants' Opening Brief, the Court has the discretion to revisit a motion *in limine* decision at any point. *See e.g.*, Memorandum Decision at 11 (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

The Trustee also improperly attempts to exaggerate the requirements for reargument. The Trustee misunderstands the relevance of *Nisanov v. Black & Decker (U.S.) Inc.*, No. 05CIV.5911(BMC)(SMG), 2008 WL 2185910, at *1 (E.D.N.Y. May 23, 2008). While plaintiff in that case directed the court to certain new facts to support the admissibility of its expert report, the *Nisanov* court found that those facts were "not appropriate support for a motion to reconsider." *Id*. The court nevertheless granted the motion because "the decision to grant or deny a motion for reconsideration is a matter of discretion . . . and the Court's objective is the administration of justice." *Id*. at *1-2 (internal citations omitted).

Similarly, with respect to the *Gucci* case, the Trustee focuses only on the second of two holdings, which relates to facts that were overlooked in the court's initial opinion. Pl. Opp'n Br. 7-8. But it is *Gucci*'s first holding that is relevant here. As to that holding, the *Gucci* court recognized that the proffered rebuttal expert testimony related to an *issue* that was overlooked in the initial opinion, and went on to find the previously excluded evidence admissible on that narrow issue. *Gucci Am., Inc. v. Guess?, Inc.*, No. 09 Civ. 4373 SAS, 2011 WL 6326032, at *1-2 (S.D.N.Y. Dec. 16, 2011).

Like the initial opinion in *Gucci*, the Memorandum Decision overlooked the key issue here -- the admissibility of Weingarten's expert opinion testimony to rebut Pomerantz's

7

testimony concerning the narrow issue of reactive due diligence. The Court should expressly consider that issue now, and permit Weingarten's rebuttal expert opinion testimony on that limited issue.

## Conclusion

For the foregoing reasons and those in Defendants' Opening Brief, Defendants respectfully request that the Court grant this motion to reargue the Court's January 22, 2018 Order, implementing its December 22, 2017 Memorandum Decision, granting the Trustee's motion *in limine* to exclude the opinions and testimony of Jeffrey M. Weingarten, and allow Weingarten to respond the testimony of Steve Pomerantz.

Dated: New York, New York
       March 15, 2018

| DECHERT LLP | NORTON ROSE FULBRIGHT US LLP |
|---|---|
| By: */s/ Neil A. Steiner* <br> Andrew J. Levander <br> Neil A. Steiner <br> Mariel R. Bronen <br> Daphne T. Ha <br> 1095 Avenue of the Americas <br> New York, New York 10036 <br> andrew.levander@dechert.com <br> neil.steiner@dechert.com <br> (212) 698-3500 <br><br> *Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation* | By: /s/ *Judith A. Archer* <br> Judith A. Archer <br> Sarah O'Connell <br> David B. Schwartz <br> 1301 Avenue of the Americas <br> New York, NY 10019-6022 <br> Tel.: (212) 318-3000 <br> Fax: (212) 318-3400 <br> judith.archer@nortonrosefulbright.com <br> sarah.oconnell@nortonrosefulbright.com <br> david.schwartz@nortonrosefulbright.com <br><br> *Attorneys for Ralph C. Dawson, as Receiver for Defendant Ascot Partners, L.P., and Ascot Fund Ltd.* |