UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Jonathan Sobin                                    Case Number: 8:17-bk-05804-CPM
                                                  Chapter 7
            Debtor.
_____/

MOTION TO APPROVE COMPROMISE
OF CONTROVERSY WITH JONATHAN SOBIN

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party of interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of Court at United States Bankruptcy Court, Middle District of Florida, Tampa Division, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 727, Tampa, Florida 33602-3899 and serve a copy on the movant's attorney, Allan C. Watkins, Esquire, Watkins Law Firm, P.A., 707 N. Franklin Street, Suite 750, Tampa, FL 33602, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and may grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Stephen L. Meininger, Trustee, by and through his undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 9019 and Local Rule 2002-4, files this Motion to Approve a Compromise of Controversy with Jonathan Sobin, saying:

1.  On June 30, 2017, Jonathan Sobin ("Debtor") filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

2. Stephen L. Meininger was appointed interim trustee and is now duly qualified and acting as Trustee.

3. Among the assets of the Estate was a self-settled trust entitled Jonathan Sobin 2003 Revocable Trust. The present value of the investments in the Trust is approximately $89,807.92.

4. There was also a Guardian Life Annuity with a present value of approximately $129,526.03.

5. The annuity was purchased at a time when an action had been brought against the Debtor to recover monies invested with Bernie Madoff.

## CONTROVERSY

6. The Trustee asserts that all the assets in the Revocable Trust are property of the Estate.

7. The Trustee asserts that the annuity is subject to recovery under the theory that it was fraudulent transfer.

8. The Debtor has agreed that the Revocable Trust is property of the Estate.

9. The Debtor contests that the fact that the purchase of the annuity constituted a fraudulent transfer of non-exempt to exempt property within the four (4) years of the petition date.

## COMPROMISE

10. The parties have reviewed the facts and reached a compromise whereby the Debtor will surrender to the Trustee all of the assets in the Revocable Trust and will assist the Trustee in liquidating the assets contained in the Trust. In addition, the parties have compromised the Trustee's claim against the annuity with the stipulation that the Debtor will liquidate the annuity and will pay one half of the value of the annuity to the Trustee.

11. The Trustee believes that the proposed compromise satisfies the standards necessary for the Court to approve the compromise and is in the best interest of its Estate and its creditors. The cost of litigation and the risk of potential loss justifies the settlement. The Trustee is acting within his reasonable discretion in making the settlement.

12. It is generally recognized that the law favors compromise of disputes over litigation. In re: Bicoastal Corporation, 164 B.R. 1009, 1016 (Bankr.M.D.Fla.1993). Some Courts have held that a proposed settlement should be approved unless it yields less than the lowest amount the litigation could reasonably produce. In re Holywell Corp., 93 B.R.291, 294 (Bankr.S.D.FLA.1998). In the case of In re: Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990), cert. denied, 498 U.S. 959, 111 S.Ct.387, 112 L.Ed.2d 298 (1990), the Eleventh Circuit enunciated certain factors which must be considered in determining whether to approve a compromise, which are:

    a. The probability of success in the litigation;

    b. The difficulties, if any to be encountered in the matter of collection;

    c. The complexity of the litigation involved, the expense, inconvenience and delay necessarily attending it;

    d. The paramount interest of the creditors and a proper deference to the reasonable views in the premises.

12. The Trustee believes that the compromise satisfies the Justice Oaks, factors.

WHEREFORE, Stephen L. Meininger, Trustee, requests this Court enter an order approving this compromise with Jonathan Sobin and for such other and further relief as may be just.

Respectfully submitted,

**WATKINS LAW FIRM, P.A.**
/s/ Allan C. Watkins
**ALLAN C. WATKINS, ESQUIRE**
Florida Bar Number: 185104
707 North Franklin Street, Suite 750
Tampa, Florida 33602
Tel: (813) 226-2215
Email: allan@waktinslawfl.com
Attorney for Stephen L. Meininger, Trustee

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by either CM/ECF electronic transmission or by United States postage prepaid mail to: United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602; Stephen L. Meininger, Trustee, 707 North Franklin Street, Suite 850, Tampa, FL 33602; Jonathan Sobin, 2934 W. Knights Ave., Tampa, FL 33611; Jake C. Blanchard, Esq., Blanchard Law, P.A., 1501 S. Belcher Rd., Unit 2B, Largo, FL 33771 and to all parties in interest on the attached CM/ECF matrix on March 13, 2018.

/s/ Allan C. Watkins
**ALLAN C. WATKINS, ESQUIRE**