**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for the BNP Paribas Defendants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BNP PARIBAS S.A., BNP Paribas Arbitrage SNC, BNP Paribas Bank & Trust (Cayman) Limited, BNP Paribas Securities Services S.A.<br><br>　　　　　Defendants. | Adv. Pro. No. 12-01576 (SMB) |

**<u>DECLARATION OF DONNA (DONG) XU</u>**

Pursuant to 28 U.S.C. § 1746, I declare:

1. I am an associate with the law firm of Cleary Gottlieb Steen & Hamilton LLP, counsel to defendants BNP Paribas S.A. ("BNPP SA"), BNP Paribas Arbitrage SNC ("BNPP Arbitrage"), BNP Paribas Bank & Trust (Cayman) Limited ("BNPP Cayman"), and BNP Paribas Securities Services S.A. ("BNPP SS," together with BNPP SA, BNPP Arbitrage, and BNPP Cayman, the "BNPP Defendants") in the above-captioned action (the "Action"). I am duly admitted to practice before this Court.

2. I am fully familiar with the facts set forth herein based upon either my own personal knowledge or information conveyed to me that I believe to be true. I submit this declaration in support of the motion of the BNPP Defendants, pursuant to Federal Rule 26(c), for a protective order staying discovery in the Action (the "Motion to Stay").

3. On May 4, 2012, the Trustee filed his initial complaint (the "Original Complaint") in the Action. *Picard v. BNP Paribas S.A.*, Adv. Pro. No. 12-01576 (Bankr. S.D.N.Y. May 4, 2012), ECF No. 1.

4. On December 10, 2014, the Court entered a scheduling order governing consolidated motion-to-dismiss briefing in relation to extraterritoriality and comity issues, which allowed, among other things, the Trustee to offer proffered allegations in an effort to demonstrate that the transfers he sought to claw back occurred domestically such that the claims for them would not represent an impermissible extraterritorial application of U.S. law. ECF No. 50. The scheduling order also indicated that briefing concerning, among other things, whether the Trustee should be entitled to amend his pending complaints in connection with good faith issues be deferred following the resolution of the consolidated motion to dismiss. *Id.* at ¶¶ 8, 14.

2

5.  Pursuant to that scheduling order, on January 5, 2015, the original defendants in this matter (which included the BNPP Defendants, as well as BNP Paribas (Suisse) S.A. and BGL BNP Paribas Luxembourg S.A.) (the "Original BNPP Defendants"), moved to dismiss the Action in its entirety on the grounds of comity and extraterritoriality.  ECF No. 52.

6.  On November 22, 2016, the Court issued a decision that dismissed the majority of the claims against the Original BNPP Defendants on the basis of comity and extraterritoriality, but granted the Trustee leave to amend the Original Complaint to include certain allegations related to the alleged domestic nature of the transfers made by the Tremont feeder funds that were mentioned in the Original Complaint.

7.  On August 30, 2017, the Trustee purported to file an amended complaint (the "Amended Complaint") in the Action, without having previously obtained the BNPP Defendants' consent or the Court's leave to do so.  ECF No. 100.

8.  The Amended Complaint included hundreds of paragraphs of new allegations related not just to extraterritoriality, but also to the BNPP Defendants' purported willful blindness towards the BLMIS fraud, as well as claims related to two feeder funds never mentioned in the Original Complaint (specifically, Rye Select Broad Market Insurance Portfolio LDC and Ascot Partners, L.P.).

9.  On October 25, 2017, the BNPP Defendants moved to dismiss the purported Amended Complaint (the "Motion to Dismiss").  ECF No. 106.  The Motion to Dismiss argued that the filing of the Amended Complaint was procedurally improper and that, even if it were construed as a request for leave to file, the amendment would be futile because the safe harbor in Section 546(e) of the Bankruptcy Code applies to many of the transfers, all the transfers were received in good faith and for value within the meaning of Section 550(b) of the Bankruptcy

3

Code, the Court lacks personal jurisdiction over the BNPP Defendants, and certain new claims are time-barred.

10. On October 27, 2017, the Trustee sent a letter to the BNPP Defendants requesting a discovery conference pursuant to Federal Rule of Civil Procedure 26(f). Declaration of Jonathan A. Forman ("Forman Decl."), Ex. A, ECF No. 120. The letter attached the Trustee's discovery requests, which included 86 document requests for BNPP SA, 63 requests for BNPP Arbitrage, and 60 requests for each of BNPP Cayman and BNPP SS, for a total of 269 requests. *Id*. Exs. B–E. Among many other things, the requests sought every document for a twenty-two-year period that concerns BLMIS or BLMIS feeder funds in any way. Certain of the requests also sought documents involving BNP Paribas entities that are not parties to the Action.

11. On November 13, 2017, the BNPP Defendants responded to the Trustee's letter declining to participate in a Rule 26(f) conference at that time, because it would be premature to commence discovery before the Court's decision on the Motion to Dismiss. *Id*. Ex. H. The BNPP Defendants provided numerous reasons for this position, including the likelihood that many if not all requests would become irrelevant following the resolution of the Motion to Dismiss, the burdensome and overbroad nature of the requests, and the lack of any prejudice to the Trustee. *Id.* at 3.

12. On November 16, 2017, the Trustee sent a letter to the BNPP Defendants which noted that discovery is not automatically stayed upon the filing of a motion to dismiss, and summarily claimed that the discovery requests were not overbroad and that the Trustee would suffer some undefined prejudice if discovery did not move forward. *Id*. Ex. I.

13. In a letter response sent on November 28, 2017, the BNPP Defendants explained in further detail the reasons why discovery in this matter should await the Court's decision on the Motion to Dismiss. *Id.* Ex. J.

14. On December 20, 2017, the Trustee filed his opposition to the BNPP Defendants' Motion to Dismiss.

15. The next day, on December 21, 2017, the Trustee submitted a letter to the Court requesting an informal conference so that the Court could consider the issue of whether the BNPP Defendants should be required to initiate the discovery process by meeting and conferring with the Trustee. *Id.* Ex. K.

16. On December 27, 2017, the BNPP Defendants submitted a letter response to the Court, noting that they intended to file a motion to stay discovery and requesting that the Court consider scheduling the requested conference on a date after the BNPP Defendants had submitted their papers. *Id.* Ex. L.

17. On December 28, 2017, the Court directed the parties to appear for an informal discovery conference, which was later scheduled for January 23, 2018 (the "Discovery Conference").

18. On January 19, 2017, the BNPP Defendants filed their reply memorandum of law in response to the Trustee's opposition to their Motion to Dismiss. ECF No. 116.

19. On January 23, 2018, the parties appeared before the Court for the Discovery Conference. During the Discovery Conference, in recognition of the BNPP Defendants' argument in the Motion to Dismiss that the purported Amended Complaint had not been filed in accordance with Rule 15, the Court noted that the Amended Complaint had not been authorized by the Court and "may just be premature." Additionally, among other things, the BNPP

5

Defendants argued that there were other substantial reasons why discovery should not advance before the Court's decision on the Motion to Dismiss, including the strength of that motion, the significant burden associated with the Trustee's discovery requests, and the lack of any prejudice to the Trustee. On the question of burden, the BNPP Defendants specifically noted that the Trustee's sought-after discovery would be especially onerous, in view of the multi-jurisdictional nature of the requests and the significant amount of coordination that would be required with the various BNPP Defendants and their respective employees.

20. In addition to the burdens described at the Discovery Conference, many of the documents sought by the Trustee, which date back three decades, are believed to be stored on separate, more dated systems or servers than those currently used or to have otherwise been archived, which would make their retrieval for review technologically burdensome.

21. At the conclusion of the Discovery Conference, the Court directed the parties to discuss the discovery issue amongst themselves, and, if the parties remained at an impasse, to brief for the Court the issue of whether discovery should commence. Forman Decl., Ex. M at 5:11–15, 5:21–6:2, 8:8–12, 9:14–17.

22. In conformity with the Court's directive, counsel for the parties met on January 30, 2018 to discuss the appropriateness of commencing discovery, with the aim of resolving the dispute without intervention from the Court. At all times, counsel for the BNPP Defendants acted in good faith.

23. During the January 30 meeting, the Trustee's counsel inquired about the BNPP Defendants' document preservation efforts, and counsel for the BNPP Defendants confirmed that the BNPP Defendants have been retaining relevant documents.

24.     At the meeting, counsel for the BNPP Defendants sought to persuade the Trustee's counsel that discovery should not commence in the Action until after the Court's decision on the Motion to Dismiss. Despite their failure to identify any prejudice that the Trustee would suffer if discovery were to commence after the Court's decision on the Motion to Dismiss, the Trustee's counsel insisted that discovery should move forward.

25.     Having been unable to convince the Trustee's counsel of the merits of their view that discovery should not commence until after the Motion to Dismiss, counsel for the BNPP Defendants suggested that the parties try to agree upon a procedural avenue for briefing the threshold question of whether discovery should commence at all. In response to the question by the Trustee's counsel as to whether counsel for the BNPP Defendants intended to discuss their objections to each discovery request, one by one, or to discuss potential custodians whose data may be culled in the document collection process, counsel for the BNPP Defendants reiterated their view that the most efficient and prudent course would be to try to place before the Court the threshold question of whether discovery should proceed at all (an issue on which the parties disagreed).

26.     Thereafter, the Trustee's counsel indicated that they would be willing to make a modified discovery proposal, in writing, which they claimed would narrow the scope of discovery sought. Counsel for the BNPP Defendants agreed to take any proposal under advisement and discuss it with their clients once they had received it. The Trustee's counsel stated that objections to the modified discovery proposal would be due thirty days after January 23, 2018, *i.e.*, on February 22, taking the position that the Court deemed them served on the date of the Discovery Conference.

27. The parties then discussed possible briefing schedules, which included the Trustee's proposal that he file a motion to compel on February 9, 2018, in the event that the BNPP Defendants were not amenable to the Trustee's modified discovery proposal.

28. That afternoon, shortly following the meeting, counsel for the BNPP Defendants emailed the Trustee's counsel requesting a call to discuss the Trustee's proposed briefing schedule in more detail later that day, given that the proposal was not coherent because it called for the motion to compel to be filed two weeks before the BNPP Defendants' responses to the Trustee's requests would be due under the Federal Rules. *Id.* Ex. O at 6. Counsel for the Trustee did not respond to the request for a phone call.

29. On January 31, 2018, the Trustee's counsel emailed counsel for the BNPP Defendants the modified set of high-priority document requests. *Id.* at 5 (proposing that BNPP Defendants "produce documents that are located in, or accessible from, the United States that are responsive to" discovery requests 1–24, 25, 29, 52, 64, and 84 as to all defendants). Although he had described the proposal as limited in nature, the modified proposal still consisted of 108 requests that span twenty-two years, reach back thirty years, and cover all documents located in or accessible from the United States that, among other things, in any way concern BLMIS or BLMIS feeder funds. He continued to suggest that it would be appropriate to file the Trustee's motion to compel on February 9, ahead of the deadline for responding to the document requests under the Federal Rules.

30. After considering the Trustee's modified proposal, the BNPP Defendants ultimately decided to reject it. Thus, on February 8, 2018, counsel for the BNPP Defendants sent an email to the Trustee communicating the reasons for their decision: that the proposal "necessitates significant coordination with four separate foreign BNPP Defendants and . . .

8

requests that each BNPP Defendant produce all documents concerning, among other things, BLMIS and any BLMIS feeder fund, over a period of time that spans more than two decades and reaches back thirty years," which, when combined with "the breadth of discovery requested and the threshold issues that still needed to be discussed," meant that discovery at this stage would not be appropriate. *Id.* at 2.

31. In the February 8 email, the BNPP Defendants also reiterated that, with respect to the Trustee's proposed motion to compel filing date of February 9, 2018, any such motion would not be ripe under the Federal Rules of Civil Procedure until after the deadline for the BNPP Defendants' response to the discovery requests—which, according to the Trustee's assumption that the discovery requests were deemed served as of the Discovery Conference, would be February 23, 2018. *Id.* The email closed with an offer to discuss the issues related to the modified proposal and proposed briefing schedules in greater detail. *Id.*

32. Ignoring the BNPP Defendants' ripeness concerns and offer to discuss further, the Trustee nonetheless filed a motion to compel on February 9, 2018. ECF No. 118.

33. On March 9, 2018, oral argument on the Motion to Dismiss took place. Attached hereto as Exhibit 1 is a true and correct copy of the transcript of the March 9, 2018 oral argument in this Action. During the oral argument, the Court suggested that it may construe the Trustee's opposition to the Motion to Dismiss as a motion for leave to amend.

34. As of the date of this declaration, the Court has not granted such leave, nor have the BNPP Defendants consented to the filing of the Amended Complaint, and therefore, the Amended Complaint is not currently the operative complaint in the proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 19, 2018

                                              */s/ Donna (Dong) Xu*_____
                                              Donna (Dong) Xu