**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for the BNP Paribas Defendants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 12-01576 (SMB) |
| v. | |
| BNP PARIBAS S.A., BNP Paribas Arbitrage SNC, BNP Paribas Bank & Trust (Cayman) Limited, BNP Paribas Securities Services S.A. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE BNP
PARIBAS DEFENDANTS' MOTION TO STAY DISCOVERY AND IN
OPPOSITION TO THE TRUSTEE'S MOTION TO COMPEL**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .................................................................................. 1

BACKGROUND ........................................................................................................ 4

ARGUMENT ............................................................................................................. 7

  I.   Discovery Should Be Stayed In This Action ........................................................ 7

     A.  The BNPP Defendants' Motion To Dismiss Is Strong ..................................... 7

     B.  The Trustee's Discovery Requests Are Extremely Broad And Burdensome ..... 11

     C.  The Trustee Will Not Be Prejudiced By A Short Stay Of Discovery ................. 13

  II.  The Trustee's Motion To Compel Should Be Denied .......................................... 15

     A.  The Trustee Seeks Documents That Will Likely Be Irrelevant.......................... 15

     B.  The Trustee's Requests Are Overly Broad And Disproportionately
        Burdensome.................................................................................................. 17

CONCLUSION ........................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

## Rules and Statutes

Fed. R. Civ. P. 26(b)(1) ................................................................................................ 15, 17

Fed. R. Civ. P. 26(b)(2)(C) ........................................................................................... 15

## Cases

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,
No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996) ................. 7, 14

*Association Fe Y Allegria v. Republic of Ecuador*,
No. 98 CIV. 8650 (BSJ), 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999) ........................... 19

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*,
No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 830624 (S.D.N.Y. Mar. 9, 2011)................... 16

*Boelter v. Hearst Commc'ns, Inc.*,
No. 15 Civ. 03934 (AT), 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016).............................. 18

*Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*,
318 F.R.D. 9 (E.D.N.Y. 2016)........................................................................................ 18

*Chrysler Capital Corp. v. Century Power Corp.*,
137 F.R.D. 209 (S.D.N.Y. 1991) ................................................................................... 14

*Collens v. City of New York*,
222 F.R.D. 249 (S.D.N.Y. 2004) .............................................................................. 15, 16–17

*Durling v. Papa John's Int'l, Inc.*,
16-cv-3592 (CS) (JCM), 2018 WL 557915 (S.D.N.Y. Jan. 24, 2018) ............................ 17

*EM Ltd. v. Republic of Argentina*,
695 F.3d 201 (2d Cir. 2012) ........................................................................................... 18

*Filus v. Lot Polish Airlines*,
907 F.2d 1328 (2d Cir. 1990) ......................................................................................... 9

*Gandler v. Nazarov*,
No. 94 Civ. 2272 (CSH), 1994 WL 702004 (S.D.N.Y. Dec. 14, 1994) ........................... 8

*Hill v. HSBC Bank plc*,
207 F. Supp. 3d 333 (S.D.N.Y. 2016)................................................................. 9

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
12-cv-5067 (JFK) (JLC), 2017 WL 4676806 (S.D.N.Y. Oct. 17, 2017) ........... 17

*Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*,
297 F.R.D. 69 (S.D.N.Y. 2013) ........................................................................ 7

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
MDL No. 1500, 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003)...................... 14

*In re Herald, Primeo, & Thema Sec. Litig.*,
No. 09 Civ. 289, 2011 WL 5928952 (S.D.N.Y. Nov. 29, 2011) ....................... 12

*In re Term Commodities Cotton Futures Litig.*,
No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738 (S.D.N.Y. May 8, 2013) ................ 13

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*,
No. 09 Civ. 5874 (RPP), 2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009) ........... 13

*J.P. Morgan Sec. LLC v. Mariano*,
No. 17-cv-01080 (GBD) (SDA), 2018 WL 522339 (S.D.N.Y. Jan. 22, 2018) ................. 19

*Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*,
No. 14-cv-3307 (ADS) (AKT), 2015 WL 7756122 (E.D.N.Y. Dec. 1, 2015)................... 20

*Mirra v. Jordan*,
13-cv-5519 (AT) (KNF), 2015 WL 8526550 (S.D.N.Y. Dec. 7, 2015) ........... 17

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cont'l Cas. Co.*,
No. 07 Civ. 11073 (WHP) (DF), 2009 WL 3169212 (S.D.N.Y. Sept. 30, 2009) .............. 15

*Niv v. Hilton Hotels Corp.*,
No. 06 Civ. 7839 (PKL), 2007 WL 510113 (S.D.N.Y. Feb. 15, 2007)............................ 14

*Picard v. Bureau of Labor Ins.*,
 480 B.R. 501 (Bankr. S.D.N.Y. 2012) ............................................................ 9

*Picard v. Legacy Capital Ltd.*,
548 B.R. 13 (Bankr. S.D.N.Y. 2016) ............................................................... 2

*Picture Patents, LLC v. Terra Holdings LLC*,
No. 07 Civ. 5465 (JGK) (HBP), 2008 WL 5099947 (S.D.N.Y. Dec. 3, 2008)..................    12

*Rivera v. Heyman*,
No. 96 Civ. 4489 (PKL), 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997).............................    8, 14

*Robertson v. People Magazine*,
No. 14 Civ. 6759, 2015 WL 9077111 (S.D.N.Y. Dec. 16, 2015)......................................    18

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* ("*Extraterritoriality Decision*"),
No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016) ...................    4

*Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*,
No. CV 126383 (JFB) (AKT), 2017 WL 1133349 (E.D.N.Y. Mar. 24, 2017)..................    16

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
206 F.R.D. 367 (S.D.N.Y. 2002) ....................................................................................    8, 14

*SPV Osus Ltd. v. UBS AG*,
882 F.3d 333 (2d Cir. 2018) ...........................................................................................    9

*To v. HSBC Holdings PLC*,
No. 15-CV-3590 (LTS), 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017) ..............................    9

*Woodward v. Afify*,
No. 14-CV-00856-RJA-MJR, 2017 WL 279555 (W.D.N.Y. Jan. 23, 2017)....................17–18, 19

*Xchange Telecom Corp. v. Sprint Spectrum L.P.*,
No. 14-cv-54 (GLS) (CFH), 2015 WL 773752 (N.D.N.Y. Feb. 24, 2015).......................    20

Defendants BNP Paribas S.A. ("BNPP SA"), BNP Paribas Arbitrage SNC ("BNPP Arbitrage"), BNP Paribas Securities Services S.A. ("BNPP SS"), and BNP Paribas Bank & Trust (Cayman) Limited ("BNPP Cayman") (collectively, the "BNPP Defendants"), by their undersigned attorneys, respectfully submit this memorandum of law in support of their motion, under Federal Rule of Civil Procedure 26(c), for a protective order staying all discovery pending the outcome of the BNPP Defendants' Motion to Dismiss the Amended Complaint (the "Motion to Dismiss" or "Def. Br.") and in opposition to the Trustee's Motion to Compel Defendants to Produce Documents.[1]

## PRELIMINARY STATEMENT

Discovery in this action should be stayed for the brief period of time necessary for the Court to decide the BNPP Defendants' fully briefed Motion to Dismiss, which was the subject of oral argument ten days ago.  Indeed, each of the factors that courts consider in determining whether there is "good cause" for a stay under Rule 26(c) points decisively in favor of holding discovery in abeyance until the Court has ruled on the Motion to Dismiss.

*First*, the Motion to Dismiss contains strong arguments, which will likely lead to the dismissal of all claims or will at least substantially limit the claims at issue (and thereby cabin the scope of permissible discovery).  As explained in the Motion to Dismiss, the purported amended complaint[2] was improperly filed without leave of the Court or the BNPP Defendants' consent.  Although the Trustee has belatedly requested leave of the Court to file the purported Amended Complaint, discovery would be premature until such time as the Court decides upon

---

[1]    Mem. Law. Supp. Trustee's Mot. Compel Defs. Produce Documents, *Picard v. BNP Paribas S.A.*, No. 12-01576 (SMB) (Bankr. S.D.N.Y. Feb. 9, 2018), ECF No. 119 (hereinafter, "Motion to Compel" or "Mot. Compel"). For the Court's convenience, this memorandum of law is both in support of the BNPP Defendants' motion to stay discovery and in opposition to the Trustee's Motion to Compel, given that both motions involve similar and interrelated issues.

[2]    Am. Compl., *Picard v. BNP Paribas S.A.*, No. 12-01576 (Bankr. S.D.N.Y. Aug. 30, 2017), ECF No. 100 (hereinafter, "Amended Complaint" or "Am. Compl.").

that request and thereby establishes the operative complaint in this matter.  In addition, the

Motion to Dismiss demonstrates why the Trustee's request for leave should be denied as futile.

Specifically, the Trustee has not demonstrated that either Tremont or the BNPP Defendants

actually knew about the Madoff fraud, and Section 546(e) of the Bankruptcy Code should

therefore result in the dismissal of many of his claims.  Likewise, he has failed to adequately

plead that the BNPP Defendants had a contemporaneous, subjective belief that Madoff was

probably not engaged in the actual trading of securities, and dismissal is therefore warranted

under Section 550(a) of the Bankruptcy Code.  Declaration of Donna (Dong) Xu ("Xu Decl."),

Ex. 1 at 36:21–37:1; *see also Picard v. Legacy Capital Ltd.*, 548 B.R. 13, 29 (Bankr. S.D.N.Y.

2016).  Furthermore, the purported Amended Complaint fails to allege facts that would support

the exercise of personal jurisdiction over the BNPP Defendants.  Finally, certain of the Trustee's

new claims are clearly time-barred because they seek transfers either from a feeder fund never

before referenced in the original complaint, or from a feeder fund referenced in the original

complaint but largely from an entirely different time period he initially targeted for that fund.

Def. Br. 34–35 (citing Compl., *Picard v. BNP Paribas S.A.*, Adv. Pro. No. 12-01576 (Bankr.

S.D.N.Y. May 4, 2012), ECF No. 1 (hereinafter, "Original Complaint" or "Original Compl.")).

     *Second*, the Trustee's discovery requests are extremely broad and would impose an undue

burden on the BNPP Defendants.  The Trustee's expansive requests—numbering 269 in total,

*see* Declaration of Jonathan A. Forman, Exs. B–E, *Picard v. BNP Paribas S.A.*, No. 12-01576

(SMB) (Bankr. S.D.N.Y. Feb. 9, 2018), ECF No. 120 ("Forman Decl.")—would necessitate the

location, collection, review, and production of a broad host of documents that go back over thirty

years, by four distinct BNPP Defendants in three separate jurisdictions, each of which are

governed by complex client confidentiality, data privacy, and bank secrecy laws.  Although the

Trustee has offered to "limit" the scope of those requests during the pendency of the Motion to

Dismiss, the 108 requests that are the subject of the Motion to Compel are still exceedingly

broad, covering all documents of the BNPP Defendants that are located in or accessible from the

United States and in any way relate to BLMIS or BLMIS feeder funds during a twenty-two-year

period.

       *Third*, the Trustee has articulated no specific reason why staying discovery for the short

time period necessary for a decision on the fully briefed Motion to Dismiss would result in any

prejudice to him.  In fact, the Trustee's vague claims of prejudice (which he never defines) are

belied by his own strategic choices.  While he *could have* attempted to commence the discovery

process under the Federal Rules when the Court issued the *Extraterritoriality Decision* in

November 2016, he deliberately waited almost one year to seek discovery from the BNPP

Defendants on October 27, 2017.  Accordingly, any claim of urgency now is, at most, self-

manufactured.

       Therefore, a stay of all discovery is warranted in the instant case.

       Despite the clear benefits of awaiting a decision on the Motion to Dismiss before

commencing a costly discovery process, the Trustee prematurely filed the Motion to Compel

long before the BNPP Defendants' response to his discovery requests was due, in contravention

of the Federal Rules of Civil Procedure.  The Motion to Compel must be denied principally

because a stay of all discovery is warranted in the instant case.  It should also be denied for the

independent reason that even his "limited" requests are overly broad and disproportionately

burdensome, and therefore go well beyond the permissible scope of discovery under Federal

Rule of Civil Procedure 26(b).

## BACKGROUND

On May 4, 2012, the Trustee filed his initial complaint in this action against the BNPP Defendants, as well as certain other BNP Paribas entities not named in the purported Amended Complaint. *See* Original Complaint. On November 22, 2016, this Court issued a decision dismissing the majority of the Original Complaint's claims on the basis of comity and extraterritoriality, and granting the Trustee leave to amend his Original Complaint exclusively to plead certain extraterritoriality-related facts concerning Rye Select Broad Market Portfolio Limited ("Portfolio Limited"), Rye Select Broad Market XL Fund L.P., and Rye Select Broad Market XL Portfolio Limited (collectively, the "Original Rye Funds"). *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016) ("*Extraterritoriality Decision*"). Leave to amend was not granted as to any other issue, including whether the BNPP Defendants had acted in good faith, an issue which the Court had deferred for further briefing. *See* Order Concerning Further Proceedings Extrat. Mot. ¶¶ 3, 8, 14, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Dec. 10, 2014), ECF No. 8800.

Nonetheless, on August 30, 2017, without obtaining the BNPP Defendants' consent or leave of the Court, the Trustee filed the purported Amended Complaint and included hundreds of paragraphs of new allegations relating to various BNP Paribas entities' supposed willful blindness to the BLMIS fraud, as well as claims involving Rye Select Broad Market Insurance Portfolio LDC ("Insurance Portfolio") and Ascot Partners L.P.—two feeder funds never mentioned in the Original Complaint. In the Motion to Dismiss filed on October 25, 2017, the BNPP Defendants argued that the purported Amended Complaint was procedurally improper, Def. Br. 12–13, and in any event futile because the transfers sought are "settlement payments" covered by the safe harbor within Section 546(e); the transfers were received in good faith and

for value, and are therefore protected by Section 550(b); certain new claims are time-barred; and

the Court lacks personal jurisdiction over the BNPP Defendants, *id.* 13–14.

On October 27, 2017, two days after the BNPP Defendants filed the Motion to Dismiss,

the Trustee sent a letter to the BNPP Defendants requesting an initial discovery conference

pursuant to Federal Rule of Civil Procedure 26(f), and attaching broad requests seeking, among

other things, every document for a two-decade period that in any way concerns BLMIS or

BLMIS feeder funds.  Forman Decl., Ex. A.  The BNPP Defendants responded that discovery at

this stage of the litigation would be premature in light of the pending Motion to Dismiss, the

overbreadth of the Trustee's requests, and the complex and multi-jurisdictional nature of the

requested discovery.  *Id.* Exs. H, J.  Notwithstanding the BNPP Defendants' reasonable proposal

that discovery await the Court's decision on the Motion to Dismiss, the Trustee persisted in his

efforts to commence discovery.  *See id.* Ex. I.

On December 21, 2017, the Trustee sent a letter to the Court, reiterating the request for a

Rule 26(f) conference.  *Id.* Ex. K.  On January 23, 2018, shortly following the completion of

briefing on the Motion to Dismiss, this Court held a conference (the "Discovery Conference") to

discuss the Trustee's request to commence discovery.  *Id.* Ex. M.  During the Discovery

Conference, the Court noted that the purported Amended Complaint "may just be premature" in

that it has yet to be authorized by the Court, and directed the parties to discuss the discovery

issue amongst themselves, and then to brief for the Court whether discovery should commence if

the parties remained at an impasse.  *Id.* at 5:11–15; 6:1–2; 8:8–12; 9:14–17.

On January 30, 2018, the parties complied with the Court's directive and met at the

offices of counsel for the BNPP Defendants.  Xu Decl. ¶ 22.  During the meeting, Trustee's

counsel suggested they would be willing to offer a "modified" proposal that purportedly

narrowed the scope of discovery sought. *Id.* ¶ 26. Counsel for the BNPP Defendants agreed to

share the written proposal (once received) with their clients and consider it. *Id.*; Forman Decl.,

Ex. O at 4. To expedite matters, the BNPP Defendants' counsel also reiterated their view that

the threshold question is whether discovery should commence at all, and thus, the parties should

determine the best procedural avenue to brief that question for the Court, rather than discussing

the proposed scope of discovery, request-by-request or custodian-by-custodian. Xu Decl. ¶ 25.

To that end, the parties conferred about possible briefing schedules that could govern the

relevant briefing, in the event that the BNPP Defendants rejected the Trustee's modified

proposal. *Id.* ¶ 27. Finally, the BNPP Defendants' counsel confirmed to the Trustee's counsel

that documents have been preserved. *Id.* ¶ 23.

The following day, the Trustee sent the BNPP Defendants the modified set of document

requests to be prioritized during the pendency of the Motion to Dismiss. Forman Decl., Ex. O.

The modified proposal consists of 108 requests that still span twenty-two years, reach back thirty

years, and cover all documents located in or accessible from the United States that, among other

things, in any way concern BLMIS or BLMIS feeder funds. After considering the modified

proposal, on February 8, 2018, the BNPP Defendants communicated to the Trustee that they

were not amenable to it, including because the proposal did not meaningfully narrow the scope

of potential discovery or substantially reduce the burden on the BNPP Defendants, as it still

sought documents from each of the four BNPP Defendants and could still necessitate significant

coordination with four separate foreign BNPP Defendants regarding a broad swath of documents

spanning a period of over two decades. *Id.*

The very next day, the Trustee prematurely filed the Motion to Compel—long before the

thirty days afforded to the BNPP Defendants to deliberate on and prepare a final response to the

requests—without regard to the briefing schedules that had been discussed at the January 30, 2018 meeting.[3]

Oral argument on the Motion to Dismiss took place on March 9, 2018. In the coming months, the Court will decide the Motion to Dismiss and provide clarity as to whether any discovery at all is necessary, as well as the proper scope of any such discovery.

## ARGUMENT

### I.    Discovery Should Be Stayed In This Action

"Pursuant to Rule 26(c), it is clear that the Court has the discretion to stay discovery for 'good cause,' and that good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996). "This is especially so where the stay is for a 'short' period of time and the opposing party . . . will not be prejudiced by the stay." *Id.* Courts generally look to three factors in considering whether good cause exists to stay discovery pending a dispositive motion: (1) "the strength of the motion"; (2) "the breadth of the discovery sought;" and (3) "any prejudice that would result." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Here, all three factors clearly favor staying discovery pending the resolution of the Motion to Dismiss.

### A.    The BNPP Defendants' Motion To Dismiss Is Strong

A stay of discovery is appropriate where the dispositive motion "is 'not unfounded in the law' and 'appears to have substantial grounds.'" *Anti-Monopoly*, 1996 WL 101277, at *4. As explained more fully in the Motion to Dismiss, the arguments the BNPP Defendants raise in support of dismissal of all claims are strong and therefore easily satisfy this threshold. If the

---

[3]      The parties have agreed that any potential discovery obligations under the Federal Rules of Civil Procedure will be held in abeyance until the Court decides the Motion to Compel.

BNPP Defendants prevail and the claims are dismissed, the need for any discovery in this Action will be completely eliminated. *See Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at \*4 (S.D.N.Y. Dec. 14, 1994) (granting stay of discovery where "pending motion to dismiss might avoid the need for costly and time-consuming discovery"). Moreover, even if certain claims survive, the appropriate scope of discovery likely will be significantly altered by the Court's resolution of the Motion to Dismiss. *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay when motion to dismiss advanced "substantial arguments for dismissal of many, if not all, of the claims asserted"). Such a scenario played out in this very action when the *Extraterritoriality Decision* resulted in the dismissal of all claims related to the Fairfield and Kingate funds. A similar (or more definitive) outcome will likely result from the Motion to Dismiss for the following reasons:

*First*, as this Court noted during the Discovery Conference, the purported Amended Complaint was improperly filed, without the BNPP Defendants' consent or leave of the Court. Discovery Hearing at 5:11–15; 6:1–2, *Picard v. BNP Paribas S.A.*, No. 12-01576 (SMB) (Bankr. S.D.N.Y. Jan. 23, 2018). Even if the Court accepts the Trustee's invitation to treat that filing as a request for leave to amend, leave has not been granted (nor should it be because of futility considerations) and thus the purported Amended Complaint is not the operative complaint in the action. Until such time as the Court decides the Motion to Dismiss and, in so doing, establishes the operative complaint in this matter, if any, it is premature for the parties to engage in any discovery. *Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at \*1 (S.D.N.Y. Feb. 27, 1997) (noting that commencing discovery before the parties are certain of the nature and scope of the claims in an action would "waste the parties' resources" and "constitute an undue burden on defendants"). For this reason alone, discovery should be stayed.

*Second*, the Trustee has not pleaded facts that support the Court's exercise of personal jurisdiction over the BNPP Defendants, which necessitates the dismissal of the action in its entirety. As the BNPP Defendants' argue in their Motion to Dismiss, the jurisdictional allegations proffered by the Trustee do not pass muster under the recent decisions in *To v. HSBC Holdings PLC*, No. 15-CV-3590 (LTS), 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333 (S.D.N.Y. 2016), and *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333 (2d Cir. 2018). Nor has the Trustee engaged in the sort of tracking of transfers from New York bank accounts to New York bank accounts as was done in *Picard v. Bureau of Labor Ins.*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012). Therefore, the Trustee is not entitled to any discovery in this case. *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[U]ntil [a plaintiff] has shown a reasonable basis for assuming jurisdiction, [it] is not entitled to any other discovery.").

*Third*, there are strong grounds for dismissing *all* of the Trustee's claims under the good faith and value defense in Section 550(b) of the U.S. Bankruptcy Code. As discussed fully in the Motion to Dismiss, the Trustee's willful blindness allegations in his purported Amended Complaint fail, since the Trustee has not alleged that the BNPP Defendants subjectively appreciated circumstances suggesting that Madoff was not actually trading securities and then turned a blind eye to that potential fraud. Indeed, during oral argument on the Motion to Dismiss, counsel for the Trustee conceded that the purported Amended Complaint failed to demonstrate that the BNPP Defendants harbored the belief that Madoff was engaging in a Ponzi scheme. *See, e.g.*, Xu Decl., Ex. 1 at 41:4–11 (conceding that Trouvain's beliefs were, at most, limited to issues related only to "real time confirmation" of Madoff's trading and Madoff's desire that BNPP Securities Services not share his role in Oreades to Luxembourg regulators).

9

Similarly, the Trustee's concessions that the BNPP Defendants did due diligence on BLMIS and BLMIS feeder funds on numerous occasions necessarily defeat a finding that they turned a blind eye to the Madoff fraud.[4]

*Fourth*, because the Trustee has failed to plead that Tremont and the BNPP Defendants actually knew about the Madoff fraud, all claims that fall outside the two-year lookback period must be dismissed under Section 546(e) of the Bankruptcy Code. The dismissal of all such claims would certainly influence the scope of appropriate discovery in this case, particularly given that the Trustee's requests call for the production of documents going back thirty years.

*Fifth*, the purported Amended Complaint raises various new claims that do not relate back to the Original Complaint and are therefore barred by the applicable limitations periods. For example, one of the Tremont funds at issue in the purported Amended Complaint— Insurance Portfolio—was *never* even referenced in the Original Complaint, and so discovery related to that fund would be inappropriate. Similarly, the purported Amended Complaint includes time-barred claims based on newly alleged transfers from Portfolio Limited to BNPP SS and BNPP Cayman during an entirely different time period—well before that alleged in the Original Complaint. *Compare, e.g.*, Original Compl., Ex. AB (seeking three specific transfers, within the two-year lookback period, from 2007 to 2008 from Portfolio Limited to BNPP SS), *with* Am. Compl., Ex. H (seeking these three transfers as well as fourteen additional transfers, mostly outside the two-year lookback period, from 2004 to 2006).

Given the strength and dispositive nature of the Motion to Dismiss, the most prudent and efficient course of action would be for any discovery to be put on hold for a few months until the

---

[4]    The BNPP Defendants incorporate by reference the arguments related to willful blindness included in the Motion to Dismiss. Def. Br. 16–33.

Motion to Dismiss is decided so that the parties have clarity as to what claims, if any, will remain.

**B.    The Trustee's Discovery Requests Are Extremely Broad And Burdensome**

Discovery in this case, should it proceed, will be extremely broad, challenging, time-consuming, and costly.  The Trustee served a total of 269 individual document requests on four legally-distinct BNPP Defendants incorporated abroad.[5]  And, the Trustee seeks not only documents involving the foreign BNPP Defendants, but also those related to BNP Paribas entities *not even party* to this litigation, certain of which are also incorporated in foreign jurisdictions.[6]  The requests seek *every* document in the BNPP Defendants' possession, stretching back *over thirty years*, with *any* connection to BLMIS or BLMIS feeder funds. Forman Decl., Exs. B–E (seeking "All Documents Concerning BLMIS" and "All Documents Concerning any BLMIS Feeder Fund").  Many of the older documents the Trustee requests are stored on separate, more dated systems or servers than those currently used or are otherwise archived, making such documents technologically more burdensome to retrieve, review, and produce.  Xu Decl. ¶ 20.

Further, the documents at issue are located around the world, requiring multi-jurisdictional coordination efforts from all the BNPP Defendants and their respective employees.  *Id.* ¶ 19.  Where, as here, the Trustee seeks documents from foreign defendants, the burden of discovery is significantly compounded because such foreign defendants are subject to

---

[5]    Specifically, the Trustee has proposed 86 requests to BNPP SA, 63 to BNPP Arbitrage, and 60 each to BNPP SS and BNPP Cayman.  Forman Decl., Exs. B–E.  As the Trustee has acknowledged, the BNPP Defendants are incorporated or located in France, Luxembourg, and the Cayman Islands.  Am. Compl. ¶¶ 52–55.

[6]    Multiple discovery requests ask for documents involving "any BNP Paribas Entity," which the Trustee defines as including three non-defendants: BGL BNP Paribas, BNP Paribas Securities Corp., and BNP Paribas (Suisse).  Forman Decl., Exs. B–E.  As the Trustee recognizes, BNP Paribas (Suisse) is incorporated in Switzerland and BGL BNP Paribas is incorporated in Luxembourg.  Original Compl. ¶¶ 26, 30.

varying laws related to client confidentiality, data privacy, and bank secrecy. *See, e.g.*, *In re Herald, Primeo, & Thema Sec. Litig.*, No. 09 Civ. 289 (RMB), 2011 WL 5928952, at *15 (S.D.N.Y. Nov. 29, 2011) (noting that compliance with non-U.S. privacy laws, including European Union privacy law, would affect the costs of the discovery process in New York). Because the BNPP Defendants will have to navigate and comply with each jurisdiction's laws, discovery may involve lengthy negotiations among the parties regarding the scope and form of production of documents, including over redactions. The process of making such redactions will be burdensome, time-consuming, and costly. Furthermore, disagreements among the parties may then result in discovery disputes that will require the time and resources of the Court. *See Picture Patents, LLC v. Terra Holdings LLC*, No. 07 Civ. 5465(JGK)(HBP), 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008) (granting stay where multiple discovery disputes had already arisen in a case involving multiple defendants and the "discovery will necessarily be time consuming, burdensome and expensive"). Much or all of the aforementioned burden could be mitigated by the Court's decision on the Motion to Dismiss.

While the Trustee offered a modified discovery proposal including 108 of the original requests, seeking documents located in or accessible from the United States,[7] this proposal does not materially alter the burden analysis. Indeed, the plain language of the requests themselves underscores the massive undertaking that would be required to collect and produce responsive documents. Requests 1 and 2 of the requests to BNPP SA, for example, sweepingly ask for *all* documents concerning BLMIS or *any* BLMIS feeder fund. Forman Decl., Ex. B. Request 5 asks for *all* documents concerning *any* meeting attended "by any BNP Paribas Entity" during which BLMIS, *any* BLMIS feeder fund, or *any* BLMIS product was at all discussed. *Id.* Requests 8

---

[7]    The modified proposal refers to specific requests directed at BNP Paribas S.A., including Requests 1–25, 29, 52, 64 and 84, Forman Decl., Ex. B, but makes those requests "applicable to all Defendants." *Id.* Ex. O at 5.

through 10 ask for *all* agreements between "any BNP Paribas Entity" and BLMIS, a BLMIS

Feeder Fund, or *any client* concerning the client's investment in *any* BLMIS feeder fund or

product. *Id.* These requests alone—not to mention the other requests contained in the Trustee's

proposal that seek documents related to several committees and departments, hundreds of

employees, and vast amounts of information on due diligence procedures, among other things—

would require coordination among several foreign BNP Paribas entities incorporated in several

foreign jurisdictions about documents that span over two decades and go back as far as thirty

years. *See id.*

      As a result of the breadth and the multi-jurisdictional nature of the Trustee's requests, the

burden on the BNPP Defendants far surpasses burdens that other courts in this district have

relied upon to hold that a stay was warranted. *See, e.g.*, *In re Term Commodities Cotton Futures

Litig.*, No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013)

(granting stay where discovery would require review of over 90,000 pages of documents, over

1,000 attorney hours, and cost at least $250,000 in attorney fees). For example, in *Integrated

Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, the court stayed discovery pending the decision on a

motion to dismiss when the discovery would, based on the face of the complaint, cover a six-year

period and multiple distributors *in New York*. No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1

(S.D.N.Y. Sept. 1, 2009). In comparison, the discovery sought in this action, which covers a

twenty-two-year period and targets defendants on different continents, easily satisfies the burden

requirement.

      **C.**     <u>**The Trustee Will Not Be Prejudiced By A Short Stay Of Discovery**</u>

      A stay of discovery pending a dispositive motion is particularly appropriate where "the

stay is for a 'short' period of time and the opposing party . . . will not be prejudiced by the stay."

*Anti-Monopoly*, 1996 WL 101277, at *2; *Spencer Trask*, 206 F.R.D. at 368; *see Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) (noting that the mere fact of delay does not give rise to a presumption of prejudice).  To be cognizable, any alleged prejudice must rise beyond the mere inconvenience of a delay and result in some sort of substantial disadvantage to the party seeking discovery.  *See In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003) ("[T]he Court does not believe that a temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue, amounts to prejudice."); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (granting stay where plaintiffs failed to "demonstrate *extraordinary* prejudice to them" and would "not be damaged by the grant of a stay of discovery until the motions to dismiss are decided" (emphasis added)).  Here, the Trustee cannot meet that standard.

Although the Trustee complains that this action has been pending for a long period of time, *see* Forman Decl., Ex. K; Mot. Compel 15–16, the relevant timeframe that the Court should consider when assessing prejudice is the short period of a few months from now until the Court's resolution of the Motion to Dismiss, *see Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").  The Trustee has not identified any conceivable harm that he could suffer while waiting that brief period of time, particularly since a stay of discovery at this juncture will not preclude the Trustee from seeking discovery after the Court rules on the Motion to Dismiss, in the event it is decided in his favor.  Furthermore, any protestation by the Trustee that he needs discovery urgently is belied by his own inaction.  The *Extraterritoriality Decision* came down in November 2016, and yet, the

Trustee did not attempt to initiate discovery until an entire year later.

In short, the Trustee will experience no prejudice from a brief stay of discovery, much less the extraordinary prejudice needed to defeat a well-founded stay application. Thus, all relevant factors counsel strongly in favor of staying discovery in the action.

## II.    The Trustee's Motion To Compel Should Be Denied

Because a stay of discovery is warranted, the Trustee's Motion to Compel should be denied in its entirety. Moreover, for the reasons set forth below, the Motion to Compel should be denied for the independent reason that the document requests it targets are impermissibly overbroad and disproportionately burdensome and therefore seeks discovery outside the scope permitted by Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(C) ("[T]he court must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).").

### A.    The Trustee Seeks Documents That Will Likely Be Irrelevant

Parties are only entitled to discovery that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery that is based on "pure speculation" or that "amounts to nothing more than a 'fishing expedition'" is not permitted. *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cont'l Cas. Co.*, No. 07 Civ. 11073 (WHP) (DF), 2009 WL 3169212, at *2 (S.D.N.Y. Sept. 30, 2009) (denying request for certain discovery, in part, because such discovery "ha[d] only remote and tangential relevance"). The 2015 amendments to Rule 26, which, among other things, eliminated the provision authorizing the court to "order discovery of any matter relevant to the *subject matter* involved in the action," *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV 126383 (JFB) (AKT), 2017 WL 1133349, at *3 (E.D.N.Y.

15

Mar. 24, 2017) (emphasis added) (quoting Rule 26 Advisory Committee Notes to 2015

Amendments), "serve[] to exhort judges to exercise their preexisting control over discovery more

exactly." *Id.* (quoting *Robertson v. People Magazine*, No. 14 Civ. 6759, 2015 WL 9077111,

at *2 (S.D.N.Y. Dec. 16, 2015)).

Because the Court has not yet granted the Trustee leave to file the purported Amended

Complaint,[8] the only complaint properly before the Court at this time is the Original Complaint.[9]

Nonetheless, many of the Trustee's document requests relate to the expanded allegations of the

purported Amended Complaint and are therefore outside the scope of Rule 26(b), at least until

such time as the Court grants the Trustee leave to file the purported Amended Complaint.  The

Trustee is not entitled to discovery on merely *potential* claims.  *See supra* pp. 7–10; *see also*

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL

830624, at *2 (S.D.N.Y. Mar. 9, 2011) (holding that information regarding a non-party,

Millennium, was not discoverable because Millennium would likely become, but was not

currently, party to the action and, thus, the information sought was relevant only to "potential

claims"); *Collens*, 222 F.R.D. at 252–53 (holding that discovery should be focused on the

"*actual* claims and defenses involved in the action" and that "the determination whether . . .

information is discoverable because it is relevant to the claims or defenses depends on the

circumstances of the *pending* action" (emphasis added)).  Here, for example, Request 25,

concerning due diligence procedures related to the services provided by BNPP Securities

Services to Oreades (allegations which appear in the action for the first time in the purported

---

[8]    The Trustee's argument that the Court gave leave to amend as to good faith, Mot. Compel 13 & n.8, cannot
be credited, given that the plain language of the *Extraterritoriality Decision* in no way addressed or contradicted the
December 2014 scheduling order that limited amendments to facts related to the Original Rye Funds.

[9]    Critically, the Original Complaint is also subject to dismissal because it utterly fails to adequately plead
willful blindness, to demonstrate that personal jurisdiction exists over the BNPP Defendants, and to allege that either
Tremont or any BNPP Defendant actually knew about the Madoff fraud to defeat the application of Section 546(e).
Thus, the Trustee would not be entitled to discovery under that complaint.

Amended Complaint), goes well beyond the claims in the Original Complaint that are actually

pending.  Forman Decl., Ex. E at 15.  At the very least, the parties require the Court's guidance

as to which complaint is operative so that they may determine which documents are "relevant" to

this dispute.

Setting aside the issue of which complaint is operative, the cases the Trustee cites in

support of his relevance argument are distinguishable, as they involve either situations in which a

motion to dismiss was denied and discovery had commenced as a result, *see Homeward*

*Residential, Inc. v. Sand Canyon Corp.*, 12-cv-5067 (JFK) (JLC), 2017 WL 4676806 (S.D.N.Y.

Oct. 17, 2017), or address discovery issues in circumstances entirely inapposite here, *see Mirra*

*v. Jordan*, 13-cv-5519 (AT) (KNF), 2015 WL 8526550 (S.D.N.Y. Dec. 7, 2015) (motion to

compel granted against non-party hired by defendant to surveil plaintiff and plaintiff's family,

over non-party's sole objection that it had not been paid for its surveillance services); *Durling v.*

*Papa John's Int'l, Inc.*, 16 Civ. 3592 (CS) (JCM), 2018 WL 557915 (S.D.N.Y. Jan. 24, 2018)

(granting motion to compel over attorney-client privilege and work product arguments two years

after discovery had commenced in the case).

**B.    The Trustee's Requests Are Overly Broad And Disproportionately Burdensome**

Pursuant to Rule 26(b)(1), discovery is only permitted if it is "proportional to the needs of

the case."  Accordingly, "'the court *must* limit the frequency or extent of discovery' . . . when

'the burden or expense of the proposed discovery outweighs its likely benefit.'"  *Woodward v.*

*Afify*, No. 14-CV-00856-RJA-MJR, 2017 WL 279555, at *2 (W.D.N.Y. Jan. 23, 2017) (emphasis

added) (quoting Fed. R. Civ. P. 26(b)(1) and 26(b)(2)(C)).  In this case, the burden and expense

that the requests would impose upon the BNPP Defendants significantly outweigh the Trustee's

need for discovery, and his Motion to Compel should be denied for this reason alone.[10]

In 2015, the Federal Rules of Civil Procedure were amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, 318 F.R.D. 9, 14 (E.D.N.Y. 2016). Such amendments stressed the "'need for continuing and close judicial involvement' in ensuring proportionality." *Robertson v. People Magazine*, No. 14 Civ. 6759 (PAC), 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015) (quoting Advisory Committee Notes to 2015 Amendments). Accordingly, "in all matters relating to discovery, the . . . court has broad discretion to limit discovery in a prudential and proportionate way." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014).

As discussed, *supra* pp. 11–13, the Trustee initially served 269 individual document requests on four foreign BNPP Defendants located around the world, including various requests concerning entities not party to this action. Although the Trustee claims that he modified his proposal significantly, that modification does not meaningfully alleviate the burden on the BNPP Defendants because it does not substantially narrow the range of documents sought.

Notably, for each of the four BNPP Defendants, the Trustee retains catch-all requests for *all* documents concerning BLMIS or *any* BLMIS feeder fund. Forman Decl., Ex. B at 13. Moreover, Request 4 seeks *all* communications with *any* BLMIS feeder fund. *Id.* Requests 5 and 7 go on to request *all* documents concerning *any* meeting between *any* BNP Paribas Entity and *any* BLMIS feeder fund, and even *any* meeting during which *any* BLMIS feeder fund was

---

[10]    The Trustee's claim that the Motion to Compel should be granted because the Action is "not a simple litigation," Mot. Compel 10, and because defendants are "sophisticat[ed]," Mot. Compel 16, is unavailing, given that courts routinely deny motions to compel or grant motions to stay discovery in complicated cases involving sophisticated parties. *See, e.g., Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (staying all discovery in a complex class action involving a sophisticated defendant, in light of "substantial arguments for dismissal" in motion to dismiss).

discussed. *Id.* Requests 9 and 10 expansively seek *any* agreements with any BLMIS feeder fund or *any* third-party client concerning a BLMIS feeder fund. *Id.* at 14. Moreover, as to certain of his requests, he seeks documents related to BNP Paribas entities that are not even party to this action. *See, e.g.*, *id.* at 3 (defining "BNP Paribas Entit(y/ies)" to include BGL BNP Paribas and BNP Paribas (Suisse)).

The significant burden that these requests would place on the BNPP Defendants must be weighed against the absence of any benefit to starting the discovery process before the Court's decision on the Motion to Dismiss. *See Woodward*, 2017 WL 279555, at *2 (denying in part motion to compel where burden of request outweighed likely benefit). As discussed above, *supra* pp. 14–15, the Trustee has not—and cannot—articulate any prejudice he will face by waiting for the resolution of the Motion to Dismiss.

The cases cited by the Trustee utterly fail to support his argument that the equities weigh in favor of discovery, as they involve far narrower discovery requests, *see J.P. Morgan Sec. LLC v. Mariano*, No. 17-cv-01080 (GBD) (SDA), 2018 WL 522339, at *2 (S.D.N.Y. Jan. 22, 2018) (document requests spanning a three-month time period were further narrowed to alleviate the burden on the defendant), circumstances in which the court had already determined it was not likely to grant the defendant's motion to dismiss, *see Association Fe Y Allegria v. Republic of Ecuador*, No. 98 CIV. 8650 (BSJ), 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) (denying motion to stay discovery because "the Court . . . [was] not convinced that the defendant's motion to dismiss [was] likely to succeed"), or instances in which the defendant had already stipulated it would provide discovery, *see Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*, No. 14-cv-3307 (ADS) (AKT), 2015 WL 7756122, at *3 (E.D.N.Y. Dec. 1, 2015) (holding that the party seeking relief from discovery could not do so "belatedly" on a motion to stay discovery

following that party's entering into a stipulation about the scope of discovery without raising concerns then).

Finally, there is no merit in the Trustee's claim that the BNPP Defendants did not offer any compromise or attempt to explain the alleged burden underlying their objections to the discovery requests. Mot. Compel 11. In fact, that claim ignores the numerous occasions on which the BNPP Defendants clearly communicated their specific concerns to the Trustee with particularized detail. The BNPP Defendants sent two letters to the Trustee laying out their position in depth on November 13 and 28. Forman Decl., Exs. H, J. During their meeting on January 30, counsel for the BNPP Defendants again explained to the Trustee's counsel the burden on the BNPP Defendants and offered to take any proposals the Trustee had under advisement. Xu Decl. ¶¶ 24–26. Finally, throughout the e-mail correspondence following the meeting, the BNPP Defendants offered to move the process along by potentially discussing a briefing schedule to bring before the Court the threshold issue of whether discovery should proceed. Forman Decl., Ex. O at 5–6. Therefore, the argument that the BNPP Defendants have not acted in good faith or have been uncooperative is simply unsupported by the record. *Cf. Xchange Telecom Corp. v. Sprint Spectrum L.P.*, No. 14-cv-54 (GLS) (CFH), 2015 WL 773752, at *8 (N.D.N.Y. Feb. 24, 2015) (no cooperation where defendants simply provided verbal statements that discovery requests were overbroad with nothing more).

In sum, the costs and burdens of commencing discovery before the Court's decision on the Motion to Dismiss clearly outweigh any (as of yet unidentified) benefits to doing so.

## <u>CONCLUSION</u>

For the foregoing reasons, the BNPP Defendants respectfully request a stay on all

discovery obligations under the Federal Rules pending a decision on the Motion to Dismiss and

otherwise that the Court deny the Trustee's Motion to Compel.


Dated:  New York, New York
        March 19, 2018

Respectfully submitted,

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**


By:  */s/ Breon S. Peace*

Breon S. Peace
Ari D. MacKinnon
Donna (Dong) Xu
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for the BNP Paribas Defendants*