**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the estate of Bernard L. Madoff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.),<br><br>        Defendant. | Adv. Pro. No. 10-05354 (SMB) |

**MEMORANDUM OF LAW IN OPPOSITION TO THE REQUEST FOR JUDICIAL
NOTICE AND RULE 7054(a) MOTION TO REVISE THE MEMORANDUM DECISION**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ....................................................................................................................................5

I.  ANY REVISION OF THE OMNIBUS DECISION IS BARRED PENDING
    APPEAL ..................................................................................................................................5

II. RBS FAILS TO MEET RULE 54(b)'s STANDARD FOR RECONSIDERATION ..........7

    A.  The Legal Standard for Rule 54(b) Sets a High Burden for Reconsideration .........7

    B.  Rye XL Portfolio's Liquidation is Not Newly Discovered Evidence......................8

    C.  No Manifest Injustice Will Result from the Denial of RBS's Motion ..................10

CONCLUSION................................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**                                                                                                               Page(s)

*Aini v. Sun Raiyabg Co.*,
   174 F.R.D. 327 (S.D.N.Y. 1997) ...................................................................................9

*Benzemann v. Citibank N.A.*,
   622 F. App'x 16 (2d Cir. 2015) ....................................................................................5

*In re Breitburn Energy Partners LP*,
   No. 16-11390 (SMB), 2018 WL 264584 (Bankr. S.D.N.Y. Jan. 2, 2018) ................8

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988) ...................................................................................................11

*Cibro Petroleum Prods., Inc. v. City of Albany (In re Winimo Realty Corp.)*,
   270 B.R. 99 (Bankr. S.D.N.Y. 2001) ..........................................................................6

*Dicola v. Am. Steamship Owners Mut. Prot. & Indem. Assoc. (In re Prudential Lines, Inc.)*,
   170 B.R. 222 (S.D.N.Y. 1994), *appeal dismissed,* 59 F.3d 327 (2d Cir. 1995) .......6

*In re G-I Holdings, Inc.*,
   472 B.R. 263 (Bankr. D.N.J. 2012) .........................................................................6, 7

*Geron v. Holding Capital Grp. (In re PBS Foods, LLC)*,
   549 B.R. 586 (Bankr. S.D.N.Y. 2016) .....................................................................5, 6

*Griffin Indus., Inc. v. Petrojam, Ltd.*,
   72 F. Supp. 2d 365 (S.D.N.Y. 1999) ...........................................................................8

*Griggs v. Provident Consumer Disc. Co.*,
   459 U.S. 56 (1982) ........................................................................................................5

*JP Morgan Chase Bank, N.A. v. Reifler*,
   No. 11 Civ. 4016 (DAB), 2013 WL 12177061 (S.D.N.Y. Sept. 20, 2013) ............11

*Liberty Media Corp. v. Vivendi Universal, S.A.*,
   861 F. Supp. 2d 262 (S.D.N.Y. 2012) .........................................................................8

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
   322 F.3d 147 (2d Cir. 2003) ...................................................................................8, 10

*Pereyra v. Fancy 57 Cleaners, Inc.*,
  No. 11 Civ. 1522 (RJS), 2012 WL 12884418 (S.D.N.Y. Oct. 26, 2012) ................................11

*Picard v. Avellino (In re Bernard L. Madoff)*,
  No. 10-05421 (SMB), 2016 WL 6088136 (Bankr. S.D.N.Y. Oct. 18, 2016) ....................10, 11

*In re Rezulin Prods. Liab. Litig.*,
  224 F.R.D. 346 (S.D.N.Y. 2004) ......................................................................................8

*Richman v. W.L. Gore & Assocs., Inc.*,
  988 F. Supp. 753 (S.D.N.Y. 1997) ..................................................................................7

*Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of N.J.*,
  894 F. Supp. 2d 288 (S.D.N.Y. 2012) ............................................................................11

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
  513 B.R. 222 (S.D.N.Y. July 7, 2014) ..........................................................................3, 4

*In re Signature Apparel Grp. LLC*,
  577 B.R. 54 (Bankr. S.D.N.Y. 2017) .........................................................................12, 13

*In re Southold Dev. Corp.*,
  129 B.R. 18 (E.D.N.Y. 1991) ..........................................................................................7

*Vicuna v. O.P. Schuman & Sons, Inc.*,
  No. 13 Civ. 2834 (ERK), 2017 WL 5054710 (E.D.N.Y. Oct. 31, 2017) ....................12, 13

*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*,
  956 F.2d 1245 (2d Cir. 1992) .........................................................................................7

*Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)*,
  369 B.R. 752 (1st Cir. B.A.P. 2007) ...............................................................................6

**Statutes**

28 U.S.C. § 1292(b) ..............................................................................................................4

11 U.S.C. § 550 ................................................................................................................3, 4

**Rules**

Federal Rule of Bankruptcy Procedure 7054(a) ..................................................................1

Federal Rule of Civil Procedure Rule 54(b) ............................................................... *passim*

Irving Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, opposes Defendant ABN AMRO Bank N.V.'s (presently known as The Royal Bank of Scotland, N.V.) ("RBS") motion to revise the Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Decision")[1] under Rule 54(b) of the Federal Rules of Civil Procedure (the "Motion"),[2] made applicable here by Federal Rule of Bankruptcy Procedure 7054(a).

## PRELIMINARY STATEMENT

RBS's Motion fails for two reasons. First, this Court should not expand, alter, or "revise" the Decision while it is on appeal in the Second Circuit. Second, RBS does not meet the high burden required under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)").

In the Decision, this Court held that Rye Select Broad Market XL Portfolio Limited ("Rye XL Portfolio")—a fund-of-funds that received subsequent transfers of BLMIS customer property—was a domestic fund and therefore the presumption against extraterritoriality did not bar the Trustee's claims to recover subsequent transfers from Rye XL Portfolio. Now RBS asks the Court to revise its Decision and dismiss the Trustee's claims out of concern for international comity, because Rye XL Portfolio was once subject to a foreign liquidation proceeding. However, the Decision's comity holding applied to dismiss transfers received by defendants from initial transferees in foreign liquidation. Expanding the scope of the Decision's comity holding to dismiss domestic, mediate transferees would interfere with the Second Circuit's exclusive jurisdiction over

---

[1] *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re BLMIS)*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016).

[2] *Picard v. ABN AMRO Bank N.V.*, Adv. Pro. No. 10-05354 (SMB) (Bankr. S.D.N.Y. Mar. 1, 2018) ("RBS Action"), ECF No. 155.

the subject matter and decisions forming the basis for the appeal. This would offend the appellate process by creating a second, related appeal of the same Decision, based on the same facts, and legal arguments already before the Second Circuit. Judicial efficiency and considerations of appellate jurisdiction require denial of the Motion.

Even if this Court were to construe the Motion as procedurally proper—which it is not—RBS does not meet the requirements for reconsideration under Rule 54(b). The burden under Rule 54(b) is high, and RBS has failed to establish an intervening change in controlling law or newly discovered evidence, or a need to correct clear error or prevent manifest injustice. RBS claims, without any analysis, that the "Cayman court" would suffer manifest injustice if the Decision is not revised. But where the parties here knew that Rye XL Portfolio was in liquidation, and this fact was previously raised with the Court, there is no manifest injustice to having the Court's prior ruling stand.

If RBS believes it has a comity defense based on facts and arguments it previously failed to raise, RBS can raise those issues before this Court after the Second Circuit decides the pending appeal. In the meantime, as the District Court held in denying RBS's interlocutory appeal, the Trustee's claims to recover domestic transfers that RBS received from domestic funds should proceed.

## BACKGROUND

On December 8, 2010, the Trustee commenced the above-captioned adversary proceeding against RBS and other then-defendants, including Rye XL Portfolio.[3] Rye XL Portfolio was neither a BLMIS customer nor an initial transferee of customer property. Rather, Rye XL Portfolio

---

[3] RBS Action, ECF Nos. 1, 2. The Trustee subsequently filed an amended complaint and a notice of voluntary dismissal dismissing RBS's co-defendants, including Rye XL Portfolio and as a result, RBS remains the sole defendant in this adversary proceeding. *Id.*, ECF Nos. 47, 56.

2

was a subsequent transferee of other BLMIS feeder funds owned, operated, and managed by Tremont Partners Inc. ("Tremont Feeder Funds") that utilized swap transactions to provide customers with leveraged returns on those funds.[4] In this proceeding, the Trustee seeks to recover $237.9 million in subsequent transfers that RBS received from various Tremont Feeder Funds, and their mediate transferees, including $74.6 million that RBS received from Rye XL Portfolio.

The Trustee and Rye XL Portfolio entered into a settlement agreement in February 2012.[5] In March 2012, both parties filed letters to Judge Rakoff on the Bankruptcy and District Court dockets, disclosing that the parties entered into a settlement, "which remains subject only to the final approval of the Grand Court of the Cayman Islands."[6] Upon approval of the settlement, the Trustee filed his amended complaint, removing Rye XL Portfolio as a defendant.[7]

After previously withdrawing the reference to decide whether SIPA or the Bankruptcy Code applied extraterritorially, the District Court ruled that the Trustee could not pursue recovery of "purely" foreign subsequent transfers under Bankruptcy Code § 550, as incorporated by SIPA, due to the presumption against extraterritoriality.[8] The District Court explained that the courts must "consider[] the location of the transfers as well as the component events of those transactions" to determine if the transfers at issue were extraterritorial,[9] and that the Trustee needed to put forth "specific facts suggesting a domestic transfer" to overcome the presumption against extraterritoriality.[10] In the alternative, the District Court ruled that the Trustee's use of Bankruptcy

---

[4] *Id.*, ECF No. 47, ¶¶ 4, 7, 84.
[5] Stipulated Decision and Order Withdrawing Mot. for Def.'s Withdraw of the Reference, RBS Action, ECF No. 46, at 2.
[6] *See, e.g.*, Endorsed Letter to Judge Rakoff, RBS Action, ECF No. 41, at 1.
[7] *See* Amend. Compl., RBS Action, ECF No. 47.
[8] *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 513 B.R. 222, 232 (S.D.N.Y. 2014).
[9] *Id.* at 227 (quoting *Maxwell Commc'n Corp. plc v. Barclays Bank plc (In re Maxwell Commc'n Corp. plc)*, 186 B.R. 807, 816 (S.D.N.Y. 1995)).
[10] *Id.* at 232 n.4.

3

Code § 550(a) to reach certain foreign transfers would be precluded by concerns of international comity, where the initial transferee funds were in liquidation in their home countries.[11] The District Court returned the adversary proceedings to this Court for further proceedings consistent with the rulings therein.[12]

Upon return to this Court, RBS and other participating defendants renewed their motion to dismiss, seeking dismissal on extraterritoriality and comity grounds.[13] The Trustee opposed those motions and submitted proffered allegations with "specific facts suggesting a domestic transfer" in support of his opposition.[14] Thereafter, defendants filed their omnibus reply brief, and many, including RBS, filed case-specific supplemental reply briefs.[15]

In November 2016, this Court issued the Decision, in part denying RBS's motion to dismiss, holding "the Trustee has adequately alleged that [the Tremont Feeder Funds, including Rye XL Portfolio] maintained their principal and only operations in New York and that they therefore resided in New York."[16] Therefore, the presumption against extraterritoriality did not bar recovery of the transfers RBS received, including the $74.6 million in subsequent transfers at issue here.[17]

RBS moved for an interlocutory appeal of the Decision, which the District Court denied because RBS failed to meet the standards of 28 U.S.C. § 1292(b).[18] Notably, the District Court

---

[11] *Id.* at 231–32.

[12] *See id.* at 232–33.

[13] *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re BLMIS)*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.) ("Main Docket"), ECF No. 8903; RBS Action, ECF No. 90.

[14] RBS Action, ECF No. 101. The Trustee also filed proffered amended complaints or proffered allegations in each adversary proceeding that was included in the omnibus extraterritoriality briefing before the Bankruptcy Court.

[15] Main Docket, ECF No. 11542; RBS Action, ECF Nos. 105, 106.

[16] Decision, 2016 WL 6900689, at *29.

[17] *Id.*

[18] Order, *Picard v. ABN AMRO Bank N.V.*, No. 17-cv-02959 (VEC) (S.D.N.Y. Oct. 3, 2017), ECF No. 14, at 6.

4

concluded that an immediate appeal would not materially advance the action because even if RBS were to prevail in its appeal, the Trustee's claims to recover the domestic transfers from the domestic funds would remain pending before this Court.[19]

## ARGUMENT

### I.    ANY REVISION OF THE OMNIBUS DECISION IS BARRED PENDING APPEAL

The Second Circuit granted direct appeal in 88 cases where the Decision dismissed the Trustee's claims to recover subsequent transfers based on international comity or extraterritoriality.[20]  Accordingly, the Second Circuit has exclusive jurisdiction over the subject matter and decisions forming the basis for the appeal, including one of the questions on appeal, "[w]hether the comity of nations independently bars recovery of such property as otherwise authorized by SIPA and the Bankruptcy Code."[21]

The concept underlying the rule against concurrent jurisdiction between an appellate court and a lower court is simple enough—vesting exclusive jurisdiction in the appellate court over the subject matter of the appeal promotes judicial efficiency and avoids the confusion that would ensue if two courts simultaneously addressed the same issues.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (noting it is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously"); *see also Benzemann v. Citibank N.A.*, 622 F. App'x 16, 18 (2d Cir. 2015) (same); *Geron v. Holding Capital Grp. (In re PBS Foods, LLC)*, 549 B.R. 586, 596 (Bankr. S.D.N.Y. 2016) (explaining that the delineation of jurisdiction over the subject matter and decisions forming the basis of the appeal

---

[19] *Id.*

[20] Orders, *In re Irving H. Picard as Tr. for the Liquidation of Bernard L. Madoff Inv. Sec. LLC*, No. 17-1294(L) (2d Cir. Sept. 27, 2017; Oct. 5, 2017), ECF Nos. 388, 389, 396.

[21] Motion for Leave to Appeal, *In re Irving H. Picard as Tr. for the Liquidation of Bernard L. Madoff Inv. Sec. LLC*, No. 17-1294(L) (2d Cir. Apr. 28, 2017), ECF No. 1, at 3.

5

is founded in "'concerns for efficiency' . . . and the desire to protect 'the integrity of the appellate process.'" (citations omitted)).

A court disrupts the appellate process if it modifies its decision such that it no longer remains intact for appellate review. *See Dicola v. Am. Steamship Owners Mut. Prot. & Indem. Assoc. (In re Prudential Lines, Inc.)*, 170 B.R. 222, 243 (S.D.N.Y. 1994), *appeal dismissed*, 59 F.3d 327 (2d Cir. 1995). A distinction exists "between actions that 'enforce' or 'implement' an order, which are permissible, and acts that 'expand' or 'alter' that order, which are prohibited." *Cibro Petroleum Prods., Inc. v. City of Albany (In re Winimo Realty Corp.)*, 270 B.R. 99, 105–06 (Bankr. S.D.N.Y. 2001) (citations omitted). Actions that "interfere with the appeal process or decide an issue identical to the one appealed are beyond mere 'enforcement' and are therefore impermissible." *Id.* (applying divestiture rule because the case involved a key issue identical to one of the issues in the order on appeal); *see also Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)*, 369 B.R. 752, 759 (1st Cir. B.A.P. 2007) ("[O]nce an appeal is pending, it is imperative that a lower court not exercise jurisdiction over those issues which, although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process."). If this Court grants RBS's Motion, it would destroy the efficiency created by the Second Circuit with its consolidation of all of the appeals from the Decision and related final orders into a joint briefing scheduling and argument.[22] Consequently, this Court cannot take any action that would alter or modify the Decision and related orders while the Second Circuit is reviewing the appeal.

This is particularly true when a movant is seeking to re-litigate issues previously before the court, and which formed the basis for the appeal. *See In re G-I Holdings, Inc.*, 472 B.R. 263, 281

---

[22] Merits briefing before the Second Circuit will likely be completed prior to a decision on this Motion, with argument set thereafter by the Second Circuit.

6

(Bankr. D.N.J. 2012); *In re Southold Dev. Corp.*, 129 B.R. 18, 21 (E.D.N.Y. 1991) (finding bankruptcy court did not have jurisdiction to modify debtor's confirmed plan while it was on appeal). There is no good cause that justifies RBS's attempt to re-litigate an issue, which was raised by some defendants, and decided by the District and Bankruptcy Courts.[23]

Here, RBS asks this Court to dismiss transfers from a domestic, mediate transferee who was previously subject to a foreign liquidation proceeding —not an initial transferee fund as set forth in the Decision. This constitutes an impermissible expansion, not enforcement, of the Decision, which is particularly inappropriate given RBS's numerous opportunities to litigate the issues prior to its issuance. However framed, RBS's request that this Court revise its comity decision as to Rye XL Portfolio transfers is inextricably intertwined with the comity analysis of the Decision on appeal and cannot be disturbed by this Court while that appeal is pending. On this basis alone, the Court should deny the Motion.

## II.   RBS FAILS TO MEET RULE 54(b)'s STANDARD FOR RECONSIDERATION

Aside from the procedural impropriety of the Motion due to the pending appeal, the Motion must be denied because it fails to meet the stringent standards of Rule 54(b).

### A. The Legal Standard for Rule 54(b) Sets a High Burden for Reconsideration

Reconsideration under Rule 54(b) is only appropriate if there is "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Richman v. W.L. Gore & Assocs., Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997); *see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478 (1st ed.)). To avoid repetitive arguments or reanalyzing issues that have already been considered,

---

[23] *See* Reply Mem. in Further Supp. of BNP Paribas Defs.' Mot. to Dismiss Based on Extraterritoriality, *Picard v. Equity Trading Portfolio*, Adv. Pro. No. 10-04457 (Bankr. S.D.N.Y. Sept. 30, 2015), ECF No. 93, at 26.

7

courts in this Circuit strictly construe these three factors against the movant. *See Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); *accord Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012).

As this Court has explained, motions for reconsideration are not opportunities for movants to put forth a new legal theory or "otherwise take a 'second bite at the apple.'" *In re Breitburn Energy Partners LP*, No. 16-11390 (SMB), 2018 WL 264584, at *1 (Bankr. S.D.N.Y. Jan. 2, 2018) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (explaining requirements for reconsideration under Rule 59(e), which mirror the requirements under Rule 54(b)). Moreover, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)); *see also Vivendi Universal*, 861 F. Supp. 2d at 265 ("A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced,' nor is it a substitute for appeal." (citations omitted)).

RBS does not and cannot argue that there has been an intervening change in controlling law or the need to correct a clear error. Therefore, this Court need only examine if there is new evidence or manifest injustice.

### B. Rye XL Portfolio's Liquidation is Not Newly Discovered Evidence

Where newly discovered evidence is the basis for reconsideration, the movant must show "the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 350, n.19 (S.D.N.Y. 2004) (citations omitted). Courts do not set aside judgments under Rule 54(b) where parties failed to present all facts known or reasonably available to them. *Id.* Instead, courts deny Rule 54(b) motions "where relief is sought on a basis which a

8

party inadvertently failed to raise earlier." *Aini v. Sun Raiyabg Co.*, 174 F.R.D. 327, 329 (S.D.N.Y. 1997).

The Motion does not argue that there is new evidence that supports reconsideration. Rather, RBS claims that it "did not recall," and this Court was "unaware of the Rye XL Portfolio liquidation or any of the other Rye funds undergoing Cayman liquidations."[24] It asks the Court to now take judicial notice of the relevant liquidation. Yet the fact of Rye XL Portfolio's liquidation in the Cayman Islands is not newly discovered evidence—it was presented to both the District and Bankruptcy Courts in numerous filings in this proceeding prior to issuance of the Decision. Rye XL Portfolio was a co-defendant in the Trustee's original complaint against RBS.[25] After reaching a settlement with Rye XL Portfolio, both parties filed a letter to this Court in March 2012 that explained that the settlement remained "subject only to the final approval of the Grand Court of the Cayman Islands."[26] Other letters with the same information about Grand Cayman Court approval were also filed in RBS's proceeding in the District Court on its motion to withdraw the reference.[27] On June 18, 2012, the District Court entered a "Stipulated and Order Withdrawing Motion for Defendant's Withdraw of the Reference" for Rye XL Portfolio—which was filed on the District Court and Bankruptcy Court dockets—explicitly stating that the Trustee entered into a settlement agreement with "Richard Fogerty and Eleanor Fisher, as Joint Official Liquidators for

---

[24] Motion at 9. RBS further argues that the Trustee failed to include Rye XL Portfolio in a list of sixteen entities that are in foreign liquidation proceedings. *See* Motion at 8. However, the Trustee's opposition brief simply stated that "some Defendants state they are involved in liquidation proceedings abroad" and included a footnote listing 16 defendants. *See* Tr.'s Consolidated Memo. in Opp., Main Docket, ECF No. 10287, at 35 (June 26, 2015). Because Rye XL Portfolio was not a defendant at the time extraterritoriality was briefed, it was not included in this footnote.

[25] *See* RBS Action, ECF No. 1.

[26] *Id.*, ECF No. 41, at 1.

[27] *See, e.g.*, *Picard v. ABN AMRO Bank N.V.*, No. 11-cv-06848 (JSR) (S.D.N.Y. Feb. 15, 2012; Mar. 26, 2012), ECF Nos. 18, 19.

9

[Rye XL Portfolio]."[28]

The fact that Rye XL Portfolio was in liquidation was before this Court on the extraterritoriality motion. The BNP Paribas, S.A. defendants, in their supplemental memorandum in support of their motion to dismiss, asked this Court to take judicial notice of Rye XL Portfolio's liquidation.[29] The Decision cites to the BNP Paribas, S.A. defendants' reply brief in its extraterritoriality analysis of Rye XL Portfolio.[30] RBS makes no argument why it did not carefully review the grounds cited by the Court in its Decision prior to filing its motion for interlocutory appeal.

Based on the foregoing publicly available information, RBS cannot credibly claim that it did not know about Rye XL Portfolio's liquidation before the Decision was issued. Even if RBS did not "recall" this information, such an oversight is not sufficient to obtain relief under Rule 54(b). The Court should not reward RBS's failures to review its own docket and timely notify this Court of this supposedly critical fact by granting the extraordinary and improper relief now sought under Rule 54(b).

### C. No Manifest Injustice Will Result from the Denial of RBS's Motion

Finally, a court may consider a motion for reconsideration where the moving party can clearly demonstrate it is necessary to "prevent manifest injustice." *Creditors of Color Tile, Inc.*, 322 F.3d at 167 (citing *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255). As this Court previously noted, the manifest injustice standard "is a catch-all basis for relief that is often coupled with another ground for reconsideration." *Picard v. Avellino (In re Bernard L. Madoff)*, No. 10-05421

---

[28] Stipulated Decision and Order Withdrawing Mot. for Def.'s Withdraw of the Reference, RBS Action, ECF No. 46, at 2.

[29] Reply Mem. in Further Supp. of BNP Paribas Defs.' Mot. to Dismiss Based on Extraterritoriality, *Picard v. Equity Trading Portfolio*, Adv. Pro. No. 10-04457 (Bankr. S.D.N.Y. Sept. 30, 2015), ECF No. 93, at 26.

[30] *Id.*

10

(SMB), 2016 WL 6088136, at *6 (Bankr. S.D.N.Y. Oct. 18, 2016) (citing 12 James William Moore, *Moore's Practice & Procedure* ¶ 59.30(5)(a)(v) (3d ed. 2016)).

Manifest injustice is a high bar. *Pereyra v. Fancy 57 Cleaners, Inc.*, No. 11 Civ. 1522 (RJS), 2012 WL 12884418, at *1 (S.D.N.Y. Oct. 26, 2012); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ."). To establish manifest injustice the movant must show that any new evidence or information is "of such importance that it probably would have changed the outcome of the prior ruling." *JP Morgan Chase Bank, N.A. v. Reifler*, No. 11 Civ. 4016 (DAB), 2013 WL 12177061, at *3 (S.D.N.Y. Sept. 20, 2013) (citations and internal quotation marks omitted); *Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 339 (S.D.N.Y. 2012) (movant must show manifest injustice will result if the court opts not to reconsider its earlier decision).

Neither the District Court's nor this Court's extraterritoriality and international comity decisions hold that international comity precludes the Trustee's actions seeking to recover domestic transfers that originated with a domestic BLMIS Feeder Fund, but were then transferred to a defendant by a domestic, non-party mediate transferee that was once subject to a foreign liquidation proceeding. Rye XL Portfolio is not an initial transferee, but rather a subsequent transferee that received transfers of customer property from other Tremont Feeder Funds that maintained accounts with BLMIS.[31] Unlike Harley International (Cayman) Limited, this Court found that the Tremont Feeder Funds were domestic. On that basis, this Court denied RBS's motion to dismiss, because "the Trustee has adequately alleged that [funds including Rye XL

---

[31] Proffered Allegations, RBS Action, ECF No. 101, ¶¶ 14, 21.

11

Portfolio] maintained their principal and only operations in New York and that they therefore resided in New York."[32]  Accordingly, it is law of the case that not only are the transfers RBS received from Rye XL Portfolio domestic but that comity does not apply to bar the recovery of these domestic transfers from a Tremont Feeder Fund, which was neither a customer nor an initial transferee of BLMIS.

The Motion also does not articulate why RBS—or any other party to this litigation—will suffer manifest injustice if the Motion is denied.[33]  Indeed, RBS acknowledges that this "Motion only seeks partial dismissal of a specific claim, and the [] Action will continue forward on other claims." RBS will not be prejudiced if the Motion is denied and litigation continues in this action.[34]  Moreover, RBS notified other similarly situated defendants of this Motion, but none elected to join.[35]  Presumably, if these parties believed "manifest injustice" would occur, they would have joined RBS in this Motion.

RBS cites only two cases in support of its argument that the Trustee's claims must be dismissed to "avoid manifest injustice."[36]  *See Vicuna v. O.P. Schuman & Sons, Inc.*, No. 13 Civ. 2834 (ERK), 2017 WL 5054710, at *8–10 (E.D.N.Y. Oct. 31, 2017); *In re Signature Apparel Grp. LLC*, 577 B.R. 54, 97 (Bankr. S.D.N.Y. 2017)).  Both of these cases, however, underscore why reconsideration is inappropriate when the moving party does not submit "new evidence."  The *Vicuna* court held that reconsideration was appropriate when opposing counsel had sole possession of key documents in support of movant's case, but did not produce those documents to movant's

---

[32] Decision, 2016 WL 6900689, at *29.

[33] *See* Motion at 12–13 (arguing the "Cayman courts would be deprived of the deference owed to them under the considerations of international comity set out by this Court").

[34] *Id.* at 14.

[35] *See id.* at 4.

[36] *Id.* at 13.

counsel until after summary judgment was decided. 2017 WL 5054710, at *9–10. Similarly, in *In re Signature Apparel Group LLC*, the court granted Rule 54(b) reconsideration because defendants hid facts from the court. The defendants submitted false documents claiming that the debtor's single most valuable asset was not property of the estate, alleging that it was terminated prior to the commencement of the involuntary petition. This deception was disclosed only after the court entered its interlocutory order. 577 B.R. at 90.

Neither *Vicuna* nor *In re Signature Apparel Group LLC* are analogous to the situation here. RBS had access to the facts regarding, and was aware of, Rye XL Portfolio's liquidation years before the motion to dismiss was briefed or decided. The fact of Rye XL Portfolio's liquidation was before this Court and the District Court before the Decision was entered. Thus, without any new evidence, clear error, or intervening change in law, RBS does not meet the very high burden required to show manifest injustice.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests the Court deny RBS's Motion.

| | |
|---|---|
| Dated: March 21, 2018<br>New York, New York | By:   */s/* David J. Sheehan |

      **Baker & Hostetler LLP**
      45 Rockefeller Plaza
      New York, New York 10111
      Telephone: 212.589.4200
      Facsimile: 212.589.4201
      David J. Sheehan
      Email: dsheehan@bakerlaw.com
      Regina L. Griffin
      Email: rgriffin@bakerlaw.com
      Catherine E. Woltering
      Email: cwoltering@bakerlaw.com

      **Baker & Hostetler LLP**
      200 Civic Center Drive, Suite 1200
      Columbus, Ohio 43215- 4138
      Telephone: 614.228.1541
      Facsimile: 614.462.2616
      Melonia A. Bennett
      Email: mbennett@bakerlaw.com

      *Attorneys for Irving H. Picard, Trustee*
      *for the Substantively Consolidated SIPA*
      *Liquidation of Bernard L. Madoff*
      *Investment Securities LLC and the*
      *estate of Bernard L. Madoff*