**CHAITMAN LLP**
Helen Davis Chaitman
Gregory M. Dexter
465 Park Avenue
New York, New York 10022
(888) 759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Aaron Blecker*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>        Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>        Debtor. | |

### DECLARATION OF HELEN DAVIS CHAITMAN

  I, Helen Davis Chaitman, hereby declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

  1. I am a partner with Chaitman LLP, counsel to Aaron Blecker ("Blecker") in this profit-withdrawal proceeding. I am a member of the bars of New York and New Jersey, and of this Court.

  2. I submit this declaration in connection with Blecker's Proposed Findings of Fact and Conclusions of Law.

3. At the inception of the trial in this matter, the Court indicated that it was reserving ruling on the evidentiary objections raised by the parties. *See* January 19, 2018 Transcript ("Tr.") at 22:6-21.

4. At trial, the Trustee chose not to seek to admit into evidence all of the monthly statements of Aaron & Sofie Blecker from 1981 on. Instead, the Trustee relied solely on his expert, Matthew Greenblatt, who testified that he reviewed complete monthly account statements for Aaron Blecker. Tr. at 225:9-12. Note that he did not testify that he reviewed complete monthly account statements for Aaron & Sofie Blecker. In Blecker's Proposed Findings of Fact and Conclusions of Law, we lay out why, as a matter of law, Mr. Greenblatt's testimony is absolutely inadmissible.

5. This declaration is submitted for the limited purpose of demonstrating the unreliability of Mr. Greenblatt's statement as a matter of fact.

6. First, as indicated, the Trustee has disallowed Blecker's claim based upon alleged profit withdrawal checks that he and Sofie Blecker allegedly received during the period from 1981 – 1997. Yet, Greenblatt did not even indicate whether he reviewed the complete monthly account statements of Aaron & Sofie Blecker.

7. Second, although the Trustee has made various productions of documents which included some of the Bleckers' account statements, as far we are aware, the Trustee has never supplied any document that would provide an entire history of the Bleckers' various accounts from 1981 on. To the best of my recollection, there is also no document that supplies Bates numbers cataloging all of the Bleckers' account statements, showing the corresponding dates.

8. Given that the Trustee has never catalogued the Bleckers' account statements, we do not understand how anyone could opine that complete monthly account statements have been produced, or even exist.

9. Following trial, paralegals from Chaitman LLP, working under my supervision, attempted to ascertain whether it is possible that anyone could opine that complete monthly statements for the Bleckers' accounts have been produced, or even exist. The paralegals reviewed the entire E-Data Room, in addition to multiple productions by the Trustee, as well as the Bleckers' own production.

10. Our findings suggest that it is impossible to ascertain whether complete records exist or have been produced. We make the following observations about the productions of the following Blecker statements, all of which bring Greenblatt's opinion into question:

**Account No. 1-00215-1-0**

11. The earliest statement that was produced for Account No. 1-00215-1-0 is dated July 29, 1983. *See* MF00368415 (annexed hereto as **Exhibit A**). However, there must have been earlier monthly statements for this account because even Greenblatt's Summary Exhibit, PCX091, shows activity in this account as early as 1981.

**Account No. 1-00254-9**

12. Five monthly account statements were produced for Account No. 1-00254-9. Three are for 1990 and two are for 1991. The three that were produced for 1990 are dated August 31, 1990, September 30, 1990, and October 31, 1990. *See* MF00035711 (attached hereto as **Exhibit B)**; MF00026351 (attached hereto as **Exhibit C)**; MF00027905 (attached hereto as **Exhibit D)**. The two that were produced in 1991 are dated November 30, 1991 and December 31, 1991. *See* MF00475098 (attached hereto as **Exhibit E)**; MF00472956 (attached hereto as **Exhibit F)**. There is nothing in these statements (or in evidence) to explain why there would only be only five account statements for 1-00254-9 or these gaps.

{00035508 2 }   3

**Account No. 1-00215-9**

13.     There were only five account statements produced for Account No. 1-00215-9. These account statements are dated August 31, 1990, September 30, 1990, October 31, 1990, November 30, 1991, and December 31, 1991. *See* MF00035654 (attached hereto as **Exhibit G**); MF00026292 (attached hereto as **Exhibit H**); and MF00027845 (attached hereto as **Exhibit I**); MF00475032 (attached hereto as **Exhibit J**); MF00472888 (attached hereto as **Exhibit K**). There is nothing in these statements (or in evidence) to explain why there would be only five account statements for 1-00215-9 or these gaps.

14.     The above examples are merely illustrative, not exhaustive, examples of the unreliability of Greenblatt's opinion that all monthly account statements have been produced.

15.     Attached hereto as **Exhibit L** is Exhibit 14 to Greenblatt's Supplemental Expert Report, which is a principal balance calculation for BLMIS Account No. 100124, held in the name of Avellino & Alpern ("A&A"). This shows a transfer in the amount of $35,000 on February 18, 1983 from A&A to a BLMIS account in the name of Arthur & Sofie Blecker. However, as far as we know, complete records for the A&A account have not been produced.

16.     Attached hereto as **Exhibits M, N, O, and P** are illegible account statements that are cited in Greenblatt's summary exhibits. *See* TX086 Bates Nos. MF00077783, MF00052809 and TX 091 Bates Nos. MF00052763, and MF00284419.

I declare under penalty of perjury that the foregoing is true and correct.

March 22, 2018

/s/ *Helen Davis Chaitman*
Helen Davis Chaitman

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2018, I caused a true and correct copy of the foregoing document to be served upon the parties in this action who receive electronic service through CM/ECF and by electronic mail upon:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan, Esq.
Email: dsheehan@bakerlaw.com
Seanna R. Brown, Esq.
Email: sbrown@bakerlaw.com
Amy E. Vanderwal, Esq.
Email: avanderwal@bakerlaw.com

**SECURITIES INVESTOR PROTECTION CORPORATION**
1667 K Street NW, Suite 1000
Washington, D.C. 20006
Telephone: 202.371.8300
Facsimile: 202.223.1679
Kevin H. Bell, Esq.
Email: kbell@sipc.org

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

                                  **CHAITMAN LLP**
                                  By: /s/ Helen Davis Chaitman
                                  465 Park Avenue
                                  New York, NY 10022
                                  Phone & Fax: 888-759-1114
                                  hchaitman@chaitmanllp.com

                                  *Attorneys for Aaron Blecker*