Lax & Neville LLP
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: (212) 696 – 1999
Facsimile: (212) 566 – 4531
Barry R. Lax, Esq. (BL1302)
Mary Grace White, Esq. (MW1959)

*Attorneys for Defendant Peng Yan,*
*Individually and as Personal Representative*
*of the Estate of Armand L. Greenhall*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION         :
CORPORATION,                           :     SIPA LIQUIDATION
                                       :
       Plaintiff-Applicant,           :     No. 08-01789 (SMB)
                                       :
   v.                                  :
                                       :
BERNARD L. MADOFF INVESTMENT           :
SECURITIES, LLC,                       :
                                       :
       Defendant.                     :
-----------------------------------------------------------------X
In re:                                 :
                                       :
BERNARD L. MADOFF,                     :
                                       :
       Debtor.                        :
-----------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation :
Of Bernard L. Madoff Investment Securities LLC, :   Adv. Pro. No. 10-ap-5048 (SMB)
                                       :
       Plaintiff,                     :
                                       :
   v.                                  :
                                       :
ESTATE OF ARMAND L. GREENHALL,         :
PENG YAN, individually and as Personal :
Representative of the Estate of Armand L. :
Greenhall, DEIDRE SWEENEY, as Personal :
Representative of the Estate of Armand L. :
Greenhall,                             :
       Defendants.                    :
-----------------------------------------------------------------X

# TABLE OF AUTHORITIES

**Cases**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*
   626 F.3d 699 (2d Cir. 2010) ………………………………………………………. 7, 10

*Amusement Indus., Inc. v. Stern*
   2014 WL 4460393 (S.D.N.Y. 2014) ………………………………………….. 5, 7

*Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*
   760 F.2d 442 (2d Cir. 1985) ……………………………………………..………… 9

*Block v. First Blood Assocs.*
   988 F.2d 344 (2d Cir. 1993) ……………………………………………………… 5

*Boyle v. Texasgulf Aviation, Inc.*
   696 F. Supp. 951 (S.D.N.Y. 1988) ……………………………………………… 7

*Champlain Enterprises, Inc. v. U.S.*
   945 F.Supp. 468, 475 (N.D.N.Y. 1996) …………………………………………… 3

*Chem. Bank v. Affiliated FM Ins. Co.*
   1993 WL 526230 (S.D.N.Y. 1993) ……………………………………………..... 9

*Citizens & S. Sec. Corp. v. Braten*
   733 F. Supp. 655 (S.D.N.Y. 1990) ……………………………………………… 7

*City of New York v. Grp. Health Inc.*
   649 F.3d 151 (2d Cir. 2011) …………………………………………………….. 8

*Evans v. Syracuse City Sch. Dist.*
   704 F.2d 44 (2d Cir. 1983) ……………………………………………………..... 5

*Ferring B.V. v. Allergan, Inc.*
   4 F. Supp. 3d 612 (S.D.N.Y. 2014) …………………………………………….... 3, 5

*Foman v. Davis*
   371 U.S. 178 (1962) …………………………………………………………..…. 3

*Grupke v. Linda Lori Sportswear, Inc.*
   921 F. Supp. 987 (E.D.N.Y. 1996) ……………………………………………......…. 5

*H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*
   112 F.R.D. 417 (S.D.N.Y. 1986) ………………………………………………… 7, 9, 10

*In re Allou Distributors, Inc.*
    379 B.R. 5 (Bankr. E.D.N.Y. 2007) ………………………………………….… 3

*In re Bernard L. Madoff Inv. Sec. LLC*
    548 B.R. 13 (Bankr. S.D.N.Y. 2016) …………………………………………..... 4

*In re Dreier LLP*
    2014 WL 47774 (Bankr. S.D.N.Y. 2014) …………………………………..…… 3, 5

*In re G. Survivor Corp*
    217 B.R. 433 (S.D.N.Y. Bankr. 1998) ………………………………………….... 2

*In re Nw. Territorial Mint, LLC*
    2016 WL 4168629 (Bankr. W.D. Wash. 2016) ……………………………………. 4

*Kazolias v. IBEW LU 363*
    2012 WL 6641533 (S.D.N.Y. 2012) ………………………………………….….. 6

*McGee v. Dunn*
    940 F. Supp. 2d 93 (S.D.N.Y. 2013) ……………………………………………… 5

*Morency v. NYU Langone Med. Ctr. Hosp.*
    2017 WL 1536057 (S.D.N.Y. 2017) …………………………………………..…… 9

*Oneida Indian Nation of New York v. City of Sherrill*
    337 F.3d 139 (2d Cir.2003) …………………………………………….......... 3

*Oscar v. BMW of N. Am., LLC*
2011 WL 6399505 (S.D.N.Y. 2011) ……………………………………………….… 9

*Sanders v. Thrall Car Mfg. Co.*
    582 F. Supp. 945 (S.D.N.Y. 1983) …………………………………………..… 5, 10

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*
    531 B.R. 439 (Bankr. S.D.N.Y. 2015) ……………………………………………..… 3

*Werking v. Andrews*
    526 F. App'x 94 (2d Cir. 2013) ………………………………………………….. 7, 8

William Iselin & Co. v. Boardwalk Regency Corp.
    703 F. Supp. 1084 (S.D.N.Y. 1989) ……………………………………………..…… 7

## STATUTES

Federal Rule of Bankruptcy Procedure § 7015 …………………………………………..… 2

Federal Rule of Civil Procedure § 15 …………………………………………………… 2

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………… i

I.    PROCEDURAL BACKGROUND ……………………………………………….. 1

II.    ARGUMENT …………………………………………………………………….... 2

      1. The Amendment is Futile …………………………………………………... 3

      2. There was Unjustified and Undue Delay in Amending the Complaint …………. 5

      3. The Second Amended Complaint Will Prejudice Mr. Yan ………………..…. 7

      4. The Trustee's Claim of Good Faith Is Insufficient for Amendment ………...… 10

III.    CONCLUSION …………………………………………………………………...… 10

**OPPOSITION TO MOTION FOR LEAVE TO**
**FILE A SECOND AMENDED COMPLAINT**

The Trustee now seeks to file a Second Amended Complaint more than seven years after filing the initial Complaint and six-and-a-half years after the Amended Complaint, reasserting a claim against Defendant Peng Yan that this Court dismissed almost three years ago and based upon discovery the Trustee obtained almost two years ago. In reasserting this claim, the Trustee has not cured the deficiencies that necessitated its dismissal in 2015. As a result, amendment is futile. Additionally, the Trustee has offered no justification for his undue delay in bringing this motion, the defense of which would necessitate Mr. Yan expending considerable time and resources and which would considerably delay the resolution of this already protracted dispute. The motion for leave to amend must be denied.

## I.   PROCEDURAL BACKGROUND

The Trustee filed his first Complaint in this matter on December 02, 2010. Doc 1. An Amended Complaint was filed on August 29, 2011, naming Peng Yan, individually and as a personal representative of the Estate of Armand L. Greenhall (the "Estate"), alongside Deidre Sweeney, as a personal representative of the Estate, and the Estate itself. Doc. 7.

Mr. Yan filed a motion to dismiss the Amended Complaint on January 17, 2014. Doc. 27. The Trustee filed his response in opposition on March 10, 2014 and Mr. Yan filed his reply on March 17, 2014. Docs. 34 and 38. On July 16, 2015, this Court dismissed Counts Two through Seven of the Amended Complaint. Doc. 44. The only remaining claim against Mr. Yan was on behalf of the Estate. *Id.*

Following the dismissal of all the counts against Mr. Yan individually, the Parties proceeded on the remaining claim. Mr. Yan filed his Answer to what remained of the Amended Complaint on September 18, 2015. Doc 55. Pursuant to the Case Management Order filed

1

November 20, 2015, the Parties engaged in discovery and mediation. Doc. 57. All of the discovery deadlines set by the Court have long since passed: Fact discovery was to conclude June 5, 2017 and expert discovery was to conclude November 14, 2017. The Parties, less than a week before fact discovery was to conclude, agreed to allow an additional three months of discovery following the filing of the mediation report. White Affirmation at ¶ 2 & Ex. A. The Parties currently have fewer than two months left to conduct discovery in this matter. *Id.*

The Parties met in person for mediation on August 21, 2017 and the Mediator's Final Report was filed on March 5, 2018. Doc. 70. The Parties failed to resolve the remaining claim through mediation. *Id.*

On March 9, 2018, nearly three years after the dismissal of the individual claims against Mr. Yan, the Trustee filed his Motion seeking leave to file a Second Amended Complaint, reintroducing his subsequent transfer claim pursuant to Section 550(a) of the Bankruptcy Code[1] against Mr. Yan as an individual. Doc. 71. Mr. Yan, for the reasons addressed below, opposes the motion for leave to amend.

## II.    ARGUMENT

Pursuant to the Federal Rules of Bankruptcy Procedure, "[Rule 15 of the Federal Rules of Civil Procedure] applies in adversary proceedings." FRBP 7015. Under Rule 15, once a party has already exhausted its first amended pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FRCP 15(a)(2). "Leave to amend a complaint will be denied if it were sought in bad faith, it would cause undue delay or prejudice to the adversary, when it would be futile, or if there has been a repeated failure to cure amendments by amendments previously allowed." *In re G. Survivor Corp*, 217 B.R. 433,

---

[1] Count Seven of the Amended Complaint sought "Recovery of Subsequent Transfer" pursuant to "New York Debtor and Creditor Law §§ 278 and/or 279 and 11 U.S.C. §§ 544, 548, 550(a) and 551." Doc. 7 at 20.

436 (S.D.N.Y. Bankr. 1998) (citing *Champlain Enterprises, Inc. v. U.S.*, 945 F.Supp. 468, 475 (N.D.N.Y. 1996) (citing *Foman v. Davis*, 371 U.S. 178 (1962))). Because amendment is futile and will result in undue delay and prejudice towards Mr. Yan, the Court should deny the Trustee leave to amend.

1.      **Amendment Is Futile**

"A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir.2003). Where a proposed second amended complaint reasserts previously dismissed claims but in doing so fails to cure the claims' deficiencies, "leave to amend these claims is denied as futile." *Ferring B.V. v. Allergan, Inc.*, 4 F. Supp. 3d 612, 618 (S.D.N.Y. 2014) (denying motion for leave to amend for failure to cure deficiencies).

Here, the Trustee seeks to assert a claim against Mr. Yan, individually, as a subsequent transferee pursuant to Section 550 of the Bankruptcy Code. Second Amended Complaint at ¶¶ 83-89. This claim was one of the six claims dismissed by this Court on July 16, 2015. Docs. 7, 44. In dismissing the claims, the Court referenced its Memorandum Decision Regarding Omnibus Motions to Dismiss, which addressed the Trustee's failure to adequately plead his subsequent transfer claims. Doc. 44 at 2.

As previously laid out by this Court, "[t]o plead a subsequent transfer claim, the trustee must plead that the initial transfer is avoidable, and that the defendant is a subsequent transferee of that initial transfer." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 472 (Bankr. S.D.N.Y. 2015). "In an action seeking recovery, the plaintiff has the burden of tracing funds it claims to be property of the estate." *In re Allou Distributors, Inc.*, 379 B.R. 5, 29–30 (Bankr. E.D.N.Y. 2007); *In re Dreier LL*P, No. 08-15051 (SMB), 2014 WL 47774, at *16

3

(Bankr. S.D.N.Y. Jan. 3, 2014) ("the Trustee will then have the burden of tracing those immediate transfers into the hands of the Managers as subsequent transferees"); *In re Nw. Territorial Mint, LLC*, No. 16-11767, 2016 WL 4168629, at *6 (Bankr. W.D. Wash. Aug. 4, 2016) ("Imposing this burden on the Trustee is logical and appropriate; if the burden was reversed, [nonmovant] would be required to prove a negative"). "To satisfy his burden to recover the subsequent transfer, the complaint must allege facts that support the inference that the funds at issue originated with the debtor." *In re Bernard L. Madoff Inv. Sec. LLC*, 548 B.R. 13, 36 (Bankr. S.D.N.Y. 2016) (internal quotation marks omitted).

Here, the Trustee alleges that the Estate received roughly $5,107,527 from Madoff and that Mr. Yan received $4,208,133 from the Estate, but does not allege facts to support the inference that the money Mr. Yan received from the Estate was the money the Estate received from Madoff. Second Amended Complaint at ¶¶ 58, 62. Exhibit D to the Second Amended Complaint lists over 70 sources of the $9,688,246.48 of principal for the estate, only two of which relate to Madoff, and identifies roughly 140 payments and disbursements made by the Estate as of June 30, 2010. Second Amended Complaint, Ex. D. The Trustee has made no attempt to trace each of the disbursements made to Mr. Yan to the two sources of principal affiliated with Madoff and any attempt to do so would be flatly contradicted by the documents the Trustee has attached in support of his Second Amended Complaint: While the Trustee attempts to imply that the entirety of the funds received by Mr. Yan was money the Estate received from Madoff, the Exhibits attached to the Second Amended Complaint establish that the $1,562,216.55 in proceeds from the 2010 sale of the Upper West Side apartment in which Mr. Greenhall lived for decades contributed to the disbursements Mr. Yan received in 2010 and the residuary he received in 2011. Second Amended Complaint, Exs. D & E.

4

Because the Trustee has failed to meet his "burden of tracing those immediate transfers into the hands" of Mr. Yan, he has failed to sufficiently plead a subsequent transfer claim. *In re Dreier LL*P, 2014 WL 47774, at *16. The deficiencies which necessitated the dismissal of the first subsequent transfer claim have not been remedied and the motion for leave to amend must be denied as futile. *Ferring B.V.*, 4 F. Supp. 3d at 618.

**2.    There Was Unjustified and Undue Delay in Amending the Complaint**

While generally "delay, standing alone, is an insufficient basis to deny leave to amend, a court plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice" the nonmovant. *Amusement Indus., Inc. v. Stern*, No. 07 CIV. 11586 LAK, 2014 WL 4460393, at *10 (S.D.N.Y. Sept. 11, 2014)). *See also Grupke v. Linda Lori Sportswear, Inc.*, 921 F. Supp. 987, 992 (E.D.N.Y. 1996), on reconsideration in part, No. 94 CV 0782, 1996 WL 525284 (E.D.N.Y. Sept. 3, 1996) ("A court may also deny a motion to amend on account of 'undue delay'"). Where "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *McGee v. Dunn*, 940 F. Supp. 2d 93, 108 (S.D.N.Y. 2013) (in which three years was a considerable period of time) (internal quotation marks omitted). *See also Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 952 (S.D.N.Y. 1983), aff'd, 730 F.2d 910 (2d Cir. 1984) ("two and one-half years" a considerable period of time requiring valid reason). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983). *See also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

5

Here, over seven years have passed since the Trustee filed his initial Complaint in this matter and six and a half have passed since the Amended Complaint was filed. Docs. 1, 7. The specific claim the Trustee seeks to reassert has been dismissed for almost three years. Doc. 44. In attempting to justify this undeniably inordinate delay, the Trustee claims that the proposed Second Amended Complaint was a product of "discovery with defendants and third parties." Doc. 71 at 7. However, the Trustee received of all of the relevant discovery between December 2015 and July 2016. White Affirmation at ¶¶ 3-5 & Ex. B-D.

Specifically, in his Second Amended Complaint, the Trustee alleges multiple subsequent transfers to Mr. Yan based on the Statement of Distribution for the Estate between April 14, 2008 and June 30, 2010, which the Trustee has attached to the Second Amended Complaint as Exhibit D. Second Amended Complaint at ¶¶ 61, 63. Mr. Yan produced the cited pages to the Trustee on July 22, 2016 as "Yan Production 000041-42." White Affirmation at ¶ 3 & Ex. B. Similarly, defendant Deirdre Sweeny produced three disks of documents to the Trustee on July 28, 2016, which included the documents attached to the Trustee's Second Amended Complaint as Exhibits E, F, G, H, I and J. *Id.* at ¶ 4 and Ex. C. The Trust has been in possession of the documents that compose Exhibit K of the Trustee's Second Amended Complaint since Mr. Yan produced them on December 18, 2015 as "Yan Production 000001-13." *Id.* at ¶ 5 and Ex. D. Accordingly, the Trustee was in possession of all the discovery on which he claims to rely in support of his Second Amended Complaint for almost two years without moving to amend.

The Trustee does not offer any valid explanation for his considerable delay in moving to amend. *Kazolias v. IBEW LU 363*, No. 09 CIV. 7222 RO LMS, 2012 WL 6641533, at *40 (S.D.N.Y. Dec. 11, 2012) (delay required explanation where the necessary discovery was obtained in June 2011 and the request to file a second amended complaint was filed the

6

following March); *William Iselin & Co. v. Boardwalk Regency Corp.*, 703 F. Supp. 1084, 1091 (S.D.N.Y. 1989) (undue delay where plaintiff "waited a full year before moving to amend its complaint" after learning relevant information); *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) ("despite having sufficient notice of the relevant facts by April, Werking inexplicably failed to file his motion to amend for another two months"). Where, as here, such a delay is unjustified, it "serves as an additional factor militating against the motion." *H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 421 (S.D.N.Y. 1986). *See also Boyle v. Texasgulf Aviation, Inc.*, 696 F. Supp. 951, 956–57 (S.D.N.Y. 1988), aff'd sub nom. *Boyle v. Texasgulf Aviation*, 875 F.2d 307 (2d Cir. 1989) (in the event of "extraordinary delay, even the smallest possibility of prejudice warrants denial of the motion to amend").

### 3. The Second Amended Complaint Will Prejudice Mr. Yan

"Prejudice to the opposing party is ordinarily the most compelling reason for denying a motion to amend under Rule 15(a)." *Citizens & S. Sec. Corp. v. Braten*, 733 F. Supp. 655, 660 (S.D.N.Y. 1990). "The Second Circuit has held that an amendment prejudices a non-moving party when, among other things, the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay the resolution of the dispute." *Amusement Indus., Inc.,* 2014 WL 4460393, at *10 (internal quotation marks omitted).

Where a proposed amendment would necessitate the expenditure of further resources in preparing defenses or conducting discovery, it is prejudicial to the nonmoving party. *William Iselin & Co*, 703 F. Supp. at 1092 ("defendants would be prejudiced by the proposed amendment" because it "would require the defendants to expend further resources defending against a new legal theory"); *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d

7

699, 725–26 (2d Cir. 2010) (amendment prejudicial where it would "have required the defendants to expend significant additional resources to defend" (internal quotation marks omitted)); *City of New York v. Grp. Health Inc.*, 649 F.3d 151, 158 (2d Cir. 2011) (finding of undue prejudice upheld where "amendment would, at a minimum, require additional discovery"); *Werking v. Andrews*, 526 F. App'x at 96.

When Mr. Yan answered what remained of the Amended Complaint in September 2015, he answered solely in his capacity on behalf of the Estate and did not include answers or defenses to the dismissed individual claims. Doc 55. For the two years during which discovery was underway in this case, the only claim against Mr. Yan was on behalf of of the Estate. *See* Docs. 44, 57. Mr. Yan structured his discovery accordingly, focusing primarily on obtaining discovery relating to the surrogate court ordered distribution of the Estate.

Mr. Yan has already spent considerable time and money defending the case on behalf of the estate. Answering and defending this individual claim against Mr. Yan, which was dismissed more than three years ago, will necessitate the further expenditure of time and money. In order to defend against the reasserted subsequent transfer claim, Mr. Yan would have to gather considerable discovery about the over 70 sources of principal for the Estate, in order to establish the timing, amount, and origin of the over 140 payments the Estate made. Some of these records are now a decade old and will be difficult to obtain. This process would require considerable additional time, particularly considering the late stage of the case. As such, Mr. Yan will be prejudiced by the filing of the Second Amended Complaint.[2]

"One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *H.L.*

---

[2] Should the Second Amended Complaint be filed, Mr. Yan would move to dismiss the individual claim against him. This, too, would necessitate additional expense and delay the resolution of the case.

8

*Hayden Co. of New York*, 112 F.R.D. at 419 (collecting cases).  Where discovery in a matter has been concluded or is near conclusion, additional discovery, and the accompanying discovery motions and disputes, delays a case in a manner prejudicial to the nonmoving party.  *See, e.g., Chem. Bank v. Affiliated FM Ins. Co.*, No. 87 CIV. 0150 (VLB), 1993 WL 526230, at *3 (S.D.N.Y. Dec. 14, 1993) ("Although …discovery is not yet complete, the reality is that the majority of discovery has been concluded and the parties are currently in their last stages of discovery" and "the proposed amendment would substantially disrupt the progress of this case"); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) ("permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed").  The resulting prejudice necessitates the denial of a motion for leave to amend.  *H.L. Hayden Co. of New York*, 112 F.R.D. at 420 (denying leave to amend where "it is apparent that if plaintiffs' motion were granted, the resolution of this already protracted case would be further delayed [by] at least six additional months …. Such further delay would not be in the interest of justice."); *Oscar v. BMW of N. Am.*, LLC, No. 09 CIV. 11 PAE, 2011 WL 6399505, at *6 (S.D.N.Y. Dec. 20, 2011) (because of additional discovery "motion for leave to amend is therefore denied for the independent reason that granting it at this late date would unduly prejudice" defendant); *Morency v. NYU Langone Med. Ctr. Hosp.*, No. 15 CIV. 9142(NRB), 2017 WL 1536057, at *4 (S.D.N.Y. Apr. 17, 2017) ("deny[ing] plaintiff's proposed amendment on the grounds that it would be unduly prejudicial to defendants" where "defendants would be required to redo a significant amount of discovery").

Because the filing of the Second Amended Complaint would require Mr. Yan to expend considerable time and money and would further delay the resolution of a case now more than seven years old, the filing of the Second Amended Complaint would prejudice Mr. Yan.  *See,*

9

*e.g., AEP Energy Servs. Gas Holding Co.,* 626 F.3d at 725–26. The request for leave to amend should be denied. *See H.L. Hayden Co. of New York*, 112 F.R.D. at 420.

### 4.     The Trustee's Claim of Good Faith Is Insufficient for Amendment

Despite the Trustee's assertion that he has "diligently pursued his claims against Defendants in good faith," "[t]he fact that there may have been good reason for [plaintiffs] to have acted as they did is not alone sufficient to discount the significant prejudice resulting from permitting them to file their amended complaint in light of the circumstances presented, the length and complexity of these proceedings, and the late stage of litigation at which the motion was made." Doc. 71 at 8; *AEP Energy Services Gas Holding Co*, 626 F.3d at 727. *See also Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. at 953, aff'd, 730 F.2d 910 (2d Cir. 1984) ("the liberality with which a court grants leave to amend does not impart to litigants the privilege of re-shaping their legal theories endlessly, even where there is no evidence of improper motive or dilatory objectives").

## III.     CONCLUSION

The Trustee filed his initial complaint over seven years ago and amended it six and a half years ago, the individual claims against Mr. Yan were dismissed almost three years ago, and the Trustee received all discovery from Mr. Yan almost two years ago. The amendment is futile because it fails to remedy the deficiencies that led to the dismissal of the subsequent transfer claim in 2015. There is no justification for having delayed seeking leave to amend the complaint for so long. The reinstatement of the subsequent transfer claim at this late stage, which would result in considerable expense and delay, would obviously prejudice Mr. Yan. The motion for leave to amend must be denied.

Dated: March 23, 2018
      New York, New York

                                **LAX & NEVILLE LLP**

                        By: */s/ **Barry R. Lax***
                            Barry R. Lax, Esq. (BL1302)
                            Mary Grace White, Esq. (MW1959)
                            1450 Broadway, 35th Floor
                            New York, NY 10018
                            Telephone: (212) 696-1999
                            Facsimile: (212) 566-4531

                            *Attorneys for Defendant Peng Yan,*
                            *Individually and as Personal Representative*
                            *of the Estate of Armand L. Greenhall*