# EXHIBIT B

# Mary Grace White

| | |
|---|---|
| **From:** | Mary Grace White |
| **Sent:** | Friday, July 22, 2016 4:24 PM |
| **To:** | 'jschechter@bakerlaw.com'; 'dhunt@bakerlaw.com'; 'rsmith@bakerlaw.com' |
| **Cc:** | Robert Miller; Brian Neville |
| **Subject:** | RE: Adv. Pro. No. 10-05058, Picard v. Estate of Armand Greenhall - discovery deficiencies |
| **Attachments:** | Yan Production 14 - 486.pdf; Letter to Dean Hunt 7.22.2016.pdf |

Counsel,

Please find a copy of the reply to your correspondence, as well as documents produced in response to the Trustee's Requests.

Thank you and have a good weekend,

Mary-Grace White
Lax & Neville LLP



**1450 Broadway, 35th Floor**
**New York, NY 10018**
**T: 212.696.1999**
**F: 212.566.4531**
**E: mwhite@laxneville.com**
**www.laxneville.com**

The information contained in this e-mail message is attorney-client privileged and/or confidential information only intended for the use of the individual and/or entity named.  If the message has been delivered to a person who is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that any unauthorized use, dissemination, distribution or copy of this communication is strictly prohibited.

---

**From:** Schechter, Jody E. [mailto:jschechter@bakerlaw.com]
**Sent:** Monday, June 27, 2016 3:53 PM
**To:** Brian Neville <bneville@laxneville.com>; Robert Miller <rmiller@laxneville.com>
**Cc:** Hunt, Dean D. <dhunt@bakerlaw.com>; Smith, Rachel M. <rsmith@bakerlaw.com>
**Subject:** Adv. Pro. No. 10-05058, Picard v. Estate of Armand Greenhall - discovery deficiencies

Counsel,

Attached please find a copy of correspondence to you from Dean Hunt, regarding deficiencies in defendant Peng Yan's responses to the Trustee's first sets of Requests for Admission, Requests for Production of Documents and Interrogatories.

Thank you,
Jody

**Jody Schechter**
Associate



811 Main Street | Suite 1100
Houston, TX 77002-6111
T 713.646.1319

jschechter@bakerlaw.com
bakerlaw.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.



**LAX & NEVILLE LLP**

BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS

ROBERT R. MILLER
DAVID J. LEE
MARY GRACE WHITE

OF COUNSEL
ROBERT J. MOSES

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

July 22, 2016

**VIA First Class and Electronic Mail**

Dean D. Hunt
BakerHostetler LLP
811 Main Street
Suite 1100
Houston, TX 77002-61 11

Re:   Adv. Pro. No. 10-05048 (SMB); Picard v. Estate of Armand L. Greenhall, et al.
      In the United States Bankruptcy Court for the Southern District of New York

Dear Counsel:

Attached, please find documents produced in response to the Trustee's First Set of Requests for Production to Defendant Peng Yan. Mr. Yan's response to the Trustee's request noted that many of the individual requests sought information already in the Trustee's possession. In light of the Trustee's denial that he possesses such information, by letter dated June 27, 2016, we have produced the responsive documents in our possession, custody or control.

We have produced all responsive documents we believe are relevant to this adversary proceeding, given the current state of the law. We maintain our objection to those requests that are overbroad, not reasonably calculated to lead to the discovery of admissible evidence, beyond the relevant time period, and unduly burdensome.

Regarding your argument that responses to requests for admission were untimely served and the facts in question therefore deemed admitted, pursuant to FED. R. CIV. P. 36(b), made applicable to these proceedings by Bankruptcy Rule 7036, the Court may "permit the filing of an answer that would otherwise be untimely… the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." (Internal citations and quotations omitted.) *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi*, 913 F. Supp. 290, 293-94 (S.D.N.Y. 1996). Mr. Yan's actual knowledge of the estate, its distributions, decisions regarding distributions, taxes, and BLMIS, and the overwhelming balance of the factual allegations you believe the Court will deem admitted is vanishingly small.



    We also note that the Trustee requested admission of numerous legal conclusions, as well as details of the Madoff scheme and its workings that Mr. Yan could not possibly have known. Such requests undermine the "truth-seeking in litigation and efficiency in dispensing justice" that are the underlying purposes of Rule 36.  See, e.g., *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 63 (S.D.N.Y. 2014).

    Should you have any questions regarding this production, please let me know.

    Sincerely,

    */s/ Mary Grace White*
Mary Grace White, Esq.