**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

Hearing Date: March 28, 2018
Time: 10:00 a.m.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v. | Adv. Pro. No. 10-05048 (SMB) |

ESTATE OF ARMAND L. GREENHALL,
PENG YAN, as Personal Representative of the Estate of Armand L. Greenhall, and DEIDRE SWEENEY, as Personal Representative of the Estate of Armand L. Greenhall,

                     Defendants.

**REPLY IN SUPPORT OF THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULES 15 AND 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AS INCORPORATED BY RULES 7015 AND 7021 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, GRANTING THE TRUSTEE LEAVE TO FILE A SECOND AMENDED COMPLAINT AND FOR RELATED RELIEF**

# TABLE OF CONTENTS

**Page(s)**

I.     SUMMARY OF THE REPLY ................................................................................................1

II.    THE AMENDMENT IS NOT FUTILE ...............................................................................3

III.   THE TRUSTEE HAS NOT UNDULY DELAYED ..........................................................4

IV.   YAN WILL NOT SUFFER PREJUDICE ..........................................................................8

V.     DENIAL OF AMENDMENT IS NOT WARRANTED ...............................................11

VI.   CONCLUSION...................................................................................................................12

i

08-01789-cgm    Doc 17414    Filed 03/26/18    Entered 03/26/18 16:21:09    Main Document
                                         Pg 4 of 17

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amusement Indus., Inc. v. Stern*,
   No. 07 CIV. 11586 LAK, 2014 WL 4460393 (S.D.N.Y. Sept. 11, 2014) .........................4, 5, 8

*Foman v. Davis*,
   371 U.S. 178 (1962) ...................................................................................................................3

*Green v. Wolf Corp.*,
   50 F.R.D. 220 (S.D.N.Y. 1970) .................................................................................................5

*Howey v. United States*,
   481 F.2d 1187 (9th Cir.1973) ....................................................................................................5

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*,
   408 F.3d 689 (11th Cir. 2005) ................................................................................................3, 9

*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*,
   734 F. Supp. 1071 (S.D.N.Y. 1990) .........................................................................................10

*Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*,
   392 F.2d 380 (2d Cir.1968) ........................................................................................................5

*Morin v. Trupin*,
   835 F. Supp. 126 (S.D.N.Y. 1993) ...........................................................................................10

*Phillips v. Kidder, Peabody & Co.*,
   No. 87 CIV. 4936 (DLC), 1994 WL 570072 (S.D.N.Y. Oct. 13, 1994) ...............................9, 11

*Picard v. Ellerin*,
   2012 WL 892514 ....................................................................................................................3, 4

*Richardson Greenshields Sec., Inc. v. Lau*,
   825 F.2d 647 (2d Cir.1987) ........................................................................................................5

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distributors, Inc.)*,
   379 B.R. 5 (Bankr. E.D.N.Y. 2007) .......................................................................................3, 9

*State Teachers Retirement Bd. v. Fluor Corp.*,
   654 F.2d 843 (2d Cir. 1981) .............................................................................................4, 9, 11

**Statutes**

15 U.S.C. §§ 78aaa, *et seq.* ...................................................................................................1

**Rules**

Fed. R. Bankr. P. 7015 ..........................................................................................................1, 9

Fed. R. Civ. P. 15 ...........................................................................................................1, 3, 5, 9

Fed. R. Civ. P. 33(b)(4) .............................................................................................................6

Fed. R. Civ. P. 34 .......................................................................................................................6

Fed. R. Civ. P. 36(a)(3) ..............................................................................................................6

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"),[1] and the substantively consolidated chapter 7 estate of Bernard L. Madoff, by and through his undersigned counsel, files this Reply to Defendants' Memorandum of Law in Opposition (the "Opposition") to the Trustee's motion and its accompanying Memorandum of Law in support of the Trustee's motion for leave ("Motion") under Rule 7015 of the Federal Rules of Bankruptcy Procedures ("FRBP") and Rule 15 of the Federal Rules of Civil Procedure ("FRCP") to file a Second Amended Complaint.

## I.    SUMMARY OF THE REPLY

Defendant Peng Yan ("Yan") is the only defendant that has filed an objection (the "Objection") to the Motion. Yan was named as a defendant in the First Amended Complaint currently pending in this Adversary Proceeding by virtue of his alleged receipt of subsequent transfers of the avoidable transfers referenced therein. These claims against Mr. Yan were dismissed without prejudice, pursuant to the Court's June 2, 2015 Omnibus Decision[2] and the July 16, 2015 Motion to Dismiss Decision entered consistent with that decision.

The Trustee seeks to reinstate the subsequent transfer claims against Yan, and the Trustee's proposed Second Amended Complaint sets forth the "necessary vital statistics—the who, when, and how much" of the subsequent transfers he received from initial transferee Estate of Armand L. Greenhall (the "Greenhall Estate"), totaling at least $4,208,133. *See* Proposed Second Amended Complaint, paragraphs 61-75 and Exhibits C-G and I.

Mr. Yan does not dispute that these transfers took place. Rather, his objection asserts

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

1

futility of the amendment, undue delay, and alleged prejudice to Yan.

As to futility, the Opposition complains that the Trustee has failed to trace each of the transfers to Yan to funds from BLMIS.  This is a more onerous burden than actually placed on the Trustee, and the requirement of dollar-for-dollar accounting has explicitly been rejected by this Court.  The Trustee has met his burden of supporting an inference that the money received by Yan originated with BLMIS, by demonstrating the pathways through which the funds were transferred from BLMIS to Yan, via Greenhall and the Greenhall Estate.

As to undue delay, Yan's Opposition fails to acknowledge that (1) Yan's own actions in discovery frustrated and delayed the Trustee's efforts to discover the amount and dates of the subsequent transfers, and (2) the Trustee stayed discovery to engage in early mediation, as a courtesy to Yan and in a good faith attempt to expedite a potential resolution, before deposing Yan and amending the complaint to reinstate these subsequent transfer claims.

Finally, the Opposition suggests prejudice would exist if leave was granted to amend the Trustee's complaint because Yan allegedly must conduct significant discovery regarding the sources of principal in the Greenhall Estate to refute the claim that Yan received BLMIS funds, and evidence allegedly may have been lost.  But the burden of proving this new claim is on the Trustee, and any loss of records harms the Trustee just as much as or more than Yan.  Yan has been on notice of this claim since *at least* August of 2011, when the Trustee filed his First Amended Complaint asserting subsequent transfers to Yan, if not December 2008, when he became aware that funds in the Greenhall Estate may be subject to claw back by the Trustee and continued to accept distributions from the Greenhall Estate notwithstanding this fact.  The information Yan claims to need significant discovery to obtain should already be within Yan's possession, as co-executor of the Greenhall Estate.  The parties have agreed to a discovery

2

schedule, with less than three months remaining in discovery. While the Trustee will depose Yan, because he has not yet been deposed, there is no duplicity of discovery. No trial date has been set, and no motion for summary judgment filed. As such, Yan has failed to meet his burden to demonstrate that prejudice would result if the Motion is granted.

The Opposition fails to overcome the great weight of authority holding that leave to amend under FRCP 15 should be "freely given" and that amendments are favored as they facilitate decisions on the merits. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.    THE AMENDMENT IS NOT FUTILE

As its sole futility argument, the Opposition claims that the Trustee has failed to "allege facts to support the inference that the money Yan received from the Estate [of Armand L. Greenhall] was the money the Estate received from Madoff." *See* Opp. At 3-5. By way of explanation, the Opposition states that the Trustee "has made no attempt to trace each of the disbursements made to Mr. Yan to the two sources of principal affiliated with Madoff . . . ." *Id*. At 4. However, this Court has explicitly stated that the "plaintiff's burden at the pleading stage 'is not so onerous as to require dollar-for-dollar accounting of the exact funds at issue." Mem. Decision Regarding Omnibus Motions to Dismiss at 50, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), ECF No. 10089 (quoting *Picard v. Charles Ellerin Revocable Trust* (*In re Bernard L. Madoff Inv. Sec. LLC*), Adv. Pro. No. 10-04398, 2012 WL 892514, at *3 (Bankr. S.D.N.Y. Mar. 14, 2012) (Lifland, J.)).[3] "Rather, the Trustee need only allege sufficient facts to show the relevant pathways through which the funds were transferred from BLMIS to [the subsequent transferee]." *Picard v. Ellerin*, 2012 WL 892514, at *3.

---

[3] Even at the proof stage, dollar-for-dollar accounting is not required. *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distributors, Inc.)*, 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007) (citing *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 708 (11th Cir. 2005)).

3

The Trustee has easily met this burden by alleging that the Estate of Armand L. Greenhall (the "Greenhall Estate") received millions of dollars from BLMIS – and is successor in interest to Armand L. Greenhall for transfers he received prior to his death – and that Yan, in his capacity as residuary beneficiary of the Greenhall Estate, received millions of dollars from the Greenhall Estate. *Id*. at *2 (on subsequent transferee defendant's motion for summary judgment, rejecting defendant's argument that "the Trustee's evidence that she received transfers from the Trust that, in turn, received transfers from BLMIS does not support a finding that she necessarily received BLMIS funds" and calling this argument "unavailing," as "resting on the untenable assumption that once the Fictitious Profits were comingled with legitimate funds [], none of the funds can be traced to BLMIS").

The Opposition points out additional sources of principal for the Greenhall Estate, including the sale of Mr. Greenhall's apartment, and argues that any attempt to trace the disbursements to Yan to BLMIS money "would be flatly contradicted by the documents" for this reason. Opp. At 4. However, this argument ignores the fact that "the mere commingling of the Defendant's property with the proceeds of property fraudulently transferred by the Debtor is not sufficient to defeat tracing." *Picard v. Ellerin*, 2012 WL 892514, at *3.

### III.    THE TRUSTEE HAS NOT UNDULY DELAYED

The Opposition acknowledges that delay alone is insufficient to warrant denial of leave to amend; rather the Court may deny leave where "after an inordinate delay, no satisfactory explanation is offered for the delay, *and* the amendment would prejudice the defendant." Opp. At 5 (quoting A*musement Indus., Inc. v. Stern*, No. 07 CIV. 11586 LAK, 2014 WL 4460393, at *10 (S.D.N.Y. Sept. 11, 2014) (emphasis added)). Courts have consistently granted motions for leave to amend in the absence of bad faith or prejudice to the defendant, even in circumstances of long delay. *See, e.g., State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)

4

("Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973) ("we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend"); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (collecting cases where leave to amend granted after delay ranging from two to five years). Moreover, "the parties in such cases have been permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (*citing, e.g.*, *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 385 (2d Cir.1968) (plaintiff was aware of facts supporting new claims two years before filing of original complaint); *Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (plaintiff was aware of facts asserted in amended complaint from outset of case); *Howey*, 481 F.2d at 1191 ("the mere fact that the government could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend")).

Here, any delay since the Trustee learned relevant information in discovery – in accordance with this Court's directive – is not inordinate, is justifiable, and will not prejudice Yan. *See* A*musement Indus.,* 2014 WL 4460393, at *10. Following this Court's entry of an order on July 16, 2015 dismissing Yan in his capacity as a subsequent transferee defendant and otherwise denying Yan's motion to dismiss (ECF No. 44),[4] on September 18, 2015, Yan filed an Answer to the Trustee's First Amended Complaint (ECF No. 55). On November 20, 2015, the parties agreed to and filed a Case Management Notice, setting forth a discovery schedule, with fact discovery to close on June 5, 2017. (ECF No. 57). The Opposition notes that the Trustee "received all of the relevant discovery between December 2015 and July 2016." Opp. at 6. But the Opposition omits

---

[4] Unless otherwise indicated, all references to an ECF No. are to the electronic docket in this action, Adversary Proceeding No. 10-05048.

5

at least two key facts.

First, Yan frustrated and delayed the Trustee's efforts to identify the flow of funds from BLMIS to Armand L. Greenhall, the defendants or others, including Yan individually. Yan's responses to the Trustee's discovery requests were untimely[5] and contained a number of improper objections and deficiencies, which the Trustee addressed in a June 27, 2016 letter to counsel for Yan. *See* Declaration of Nicholas J. Cremona ("Cremona Decl.") ¶¶ 4-5 and Ex. A. By way of example, Yan objected to Trustee's Interrogatory No. 17, seeking identification of "each distribution from the [Greenhall] Estate, including, but not limited to, any distributions to [Yan]," as "overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seek[ing] information already within the possession, custody and/or control of the Trustee." Defendant Yan's Responses to Trustee's First Set of Interrogatories, No. 17, Cremona Decl. ¶ 6 and Ex. B. Counsel for Yan responded to the deficiency letter on July 22, 2016, withdrawing his objection regarding documents already in the possession of the Trustee, but maintaining other objections. *See* White Affirmation ¶ 3 and Ex. B.

Notwithstanding his objections, Yan's Response to Interrogatory No. 17 pointed only to the Greenhall Estate's accounting, attached to the Agreement Settling Account of Executors Receipt and Release. *See* Cremona Decl. ¶ 6 and Ex. B. As explained in the Trustee's proposed Second Amended Complaint, the Estate's accounting covers only the period from April 14, 2008 through June 30, 2010, and reflects a total of $1,388,990 in disbursements to Yan from the Greenhall Estate. *See* Proposed Second Amended Complaint ¶¶ 62-63 and Ex. C. In contrast, the

---

[5] Yan's responses to the Trustee's First Sets of Requests for Admission, Interrogatories and Requests for Production of Documents were due on May 9, 2016. Cremona Decl. ¶ 5. No extension was sought, and the responses were not served until May 27, 2016. *Id*. As a result, the Trustee's Requests for Admission are deemed admitted under Federal Rule of Civil Procedure 36(a)(3), and any objections to the Trustee's Interrogatories and Requests for Production are waived under Federal Rules of Civil Procedure 33(b)(4) and 34.

Trustee has identified *at least $4,208,133* in disbursements to Yan from the Greenhall Estate through 2014, including a single disbursement in 2011 (after the period included in the Estate's accounting) in the amount of $2,503,043. *Id.* ¶ 62 and Ex. C. Defendants Deidre Sweeney ("Sweeney") and the Greenhall Estate state in discovery responses that the Greenhall Estate distributed a total of *$7,805,940* to Yan. *See* Defendant Greenhall Estate's Responses to Trustee's First Set of Interrogatories, No. 4-5, Cremona Decl. ¶ 7 and Ex. C; Defendant Sweeney's Responses to Trustee's First Set of Interrogatories, No. 4-5, Cremona Decl. ¶ 8 and Ex. D; Trustee's proposed Second Amended Complaint Ex. H, at 10-05048_DS_000450. When asked to admit receipt of $7,805,940 from the Greenhall Estate, Yan responded that he "lacks the knowledge or information necessary to admit or deny this request." Defendant Yan's Responses to Trustee's First Set of Requests for Admission, No. 52, Cremona Decl. ¶ 9 and Ex. E. Defendant Yan's responses to discovery requests regarding the flow of funds from the Greenhall Estate, including to himself, are at best lacking in diligence, and at worst, deceitful. Counsel for the Trustee has spent considerable time, effort and resources, trying to determine the exact amount Yan received from the Greenhall Estate.

Second, the Trustee agreed to stay discovery and engage in early mediation as a courtesy to Yan, to attempt to settle before reinstating the Trustee's subsequent transfer claims against Yan. Yan's counsel's Affirmation in Support of the Opposition attaches an email string between counsel for Yan and counsel for the Trustee, beginning with a May 23, 2017 email from Brian Neville. White Affirmation ¶ 2 and Ex. A. This exhibit conveniently omits the first email of this string, dated May 19, 2017, in which counsel for the Trustee requested to extend case deadlines in order to take Yan's deposition, to address discovery deficiencies addressed in the Trustee's June 27, 2016 letter. *See* Cremona Decl. ¶ 10 and Ex. F. Yan's counsel resisted the Trustee's request to

7

make Yan available for deposition. *See* Cremona Decl. ¶ 11. In an attempt to accommodate Yan's counsel's concerns and to expedite a potential resolution, the Trustee's counsel proposed staying discovery for a three-month period to engage in early mediation, and if the parties did not settle, to extend discovery for an additional three-month period following the mediator's failed mediation report. *See id.* ¶ 10 and Ex. F. As reflected in a May 30, 2017 email from Yan's counsel Mary Grace White, the parties agreed at that time that this case "would be well suited for mediation." *Id.*; White Affirmation ¶ 2 and Ex. A. The Trustee had all information relevant to this amendment at that time,[6] but proposed mediation in good faith, before amending his Complaint to reinstate subsequent transfer claims against Yan. To accommodate Yan's counsel's schedule, mediation was held towards the end of the three-month mediation period the Trustee proposed. *See id.* ("We have a number of hearings this summer and anticipate being more available towards the end of the 3 month time frame.")

## IV. YAN WILL NOT SUFFER PREJUDICE

As acknowledged in the Opposition, prejudice arises when the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." Opp. At 5 (quoting *Amusement Indus., Inc. v. Stern*, No. 07 CIV. 11586 LAK, 2014 WL 4460393, at *10 (S.D.N.Y. Sept. 11, 2014)). Neither of these factors is present here.

The Opposition claims that answering and defending this claim will require Yan to "gather considerable discovery about the over 70 sources of principal for the [Greenhall] Estate, in order to establish the timing, amount, and origin" of each of the Greenhall Estate's payments, and that

---

[6] Yan's deposition, which was requested by the Trustee prior to the decision to stay discovery to engage in early mediation, would have allowed the Trustee, among other things, to explore with Yan the discovery responses by Sweeney and the Greenhall Estate stating that the Greenhall Estate distributed a total of $7,805,940 to Yan.

8

some of these records may be difficult to obtain due to their age. Opp. at 8. However, it is the Trustee's burden to establish that the funds transferred to Yan originated with the debtor. *Silverman v. K.E.R.U. Realty Corp.* (*In re Allou Distributors, Inc.*), 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007) (citing *IBT Int'l, Inc. v. Northern* (*In re Int'l Admin. Servs., Inc.*), 408 F.3d 689, 708 (11th Cir. 2005)). As such, any difficulty in obtaining records harms the Trustee just as much as or more than it harms Yan. *See Phillips v. Kidder, Peabody & Co.*, No. 87 CIV. 4936 (DLC), 1994 WL 570072, at *5 (S.D.N.Y. Oct. 13, 1994) (overruling defendant's claim of unfair prejudice resulting from amendment, and noting that "[t]o the extent that information about [additional facts] has been lost over time, this is as detrimental to the plaintiff's trial preparation as it is to [defendant's]").

Moreover, while the Opposition implies that this claim comes as a surprise to Yan, he has been on notice of this claim since *at least* August of 2011, when the Trustee filed his First Amended Complaint asserting subsequent transfers to Yan in his capacity as residuary beneficiary of the Greenhall Estate. This Court explicitly stated that its dismissal of the Trustee's subsequent transfer claims was "without prejudice to [] the Trustee's right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7015 . . . ." (ECF No. 44). In accordance with this Order, the Trustee's discovery specifically sought information regarding distributions from the Greenhall Estate, including to Yan. *See, e.g.,* Defendant Yan's Responses to Trustee's First Set of Interrogatories, No. 17, Cremona Decl. ¶ 6 Ex. B. "[C]ourts consistently grant motions to amend where it appears that the new facts and allegations are *developed during discovery*, are closely related to the original claim, *and are foreshadowed in earlier pleadings.*" *Phillips,* 1994 WL 570072, at *4 (emphasis added) (citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d

9

843, 856 (2d Cir. 1981); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990); *Morin v. Trupin*, 835 F. Supp. 126, 129 (S.D.N.Y. 1993)). Here, the claim to be added was foreshadowed by the Trustee's First Amended Complaint, as well as his discovery requests to Yan and the other defendants.

Indeed, Yan was aware of the possibility of such a claim as early as December 11, 2008 and no later than December 17, 2008. On December 17, 2008 and August 13, 2009, Sweeney wrote to Greenhall Estate beneficiaries, with copy to Yan, stating that a large portion of the Greenhall Estate consisted of assets from BLMIS, that Mr. Madoff had been arrested for running a Ponzi scheme, and that it would be "imprudent" to pay distributions to Greenhall Estate beneficiaries, due to the possibility of having to repay funds withdrawn from BLMIS to the Trustee. *See* Trustee's proposed Second Amended Complaint ¶¶ 70-71 and Exhibits I-J. Yan had already received distributions from the Greenhall Estate prior to December 2008, and continued to accept millions of dollars in distributions after that time. *See id*. Ex. C.

Moreover, the information Yan claims to need "considerable discovery" to obtain – regarding the "sources of principal for the [Greenhall] Estate" – should already be within Yan's possession, as co-executor of the Greenhall Estate. On August 15, 2014 – before the dismissal, without prejudice, of the claim the Trustee now seeks to reinstate – Trustee's counsel sent a letter to Yan's counsel reminding them of their client's preexisting legal duty to preserve, retain, and protect all documents that may be related to this lawsuit. *See* Cremona Decl. ¶ 13 and Ex. G. This letter specified that relevant evidence includes documents such as "Defendants' bank records . . . , Defendants' financial, accounting and/or book-keeping records evidencing, among other things, transfers of funds or property to and/or from BLMIS and any direct or indirect transfers of funds or property received from BLMIS to any other persons or entities," and extends to records in the

10

possession or control of third parties maintaining any relevant documents on Yan's behalf. *See id.*

The amendment will not significantly delay resolution of this suit. The parties have agreed to a discovery plan, which does not add any significant time to the discovery process.[7] As previously discussed, the Trustee has already taken discovery regarding the subsequent transfers. *See State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (reversing district court's denial of leave to amend, among other reasons because "the amended claim was obviously one of the objects of discovery"). Although the Trustee will depose Yan, his deposition has not yet been taken, so this creates no duplicity of discovery. No motions for summary judgment have been filed, and no trial date has been set. *See, e.g.*, *id.* (affirming district court's order granting plaintiff leave to amend where "[a]t the time plaintiffs requested leave to amend, no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants"); *Phillips v. Kidder, Peabody & Co.*, No. 87 CIV. 4936 (DLC), 1994 WL 570072, at *5 (S.D.N.Y. Oct. 13, 1994) (same).

## V.   DENIAL OF AMENDMENT IS NOT WARRANTED

The Opposition's final argument is that the Trustee's assertion of good faith is not "sufficient to discount the significant prejudice" resulting from the amendment. Opp. at 10. As demonstrated above, the Trustee has acted in good faith in diligently conducting discovery to identify the "necessary vital statistics—the who, when, and how much" for subsequent transfers to Defendant Yan alleged by the Trustee in the First Amended Complaint and dismissed by this Court without prejudice to the Trustee's right to seek to amend. Yan will not suffer undue

---

[7] The Opposition recognizes that the parties agreed to re-open discovery for a three month period following the filing of the mediation report, and that the Mediator's Final Report was filed on March 5, 2018. However, the Opposition claims that the "parties currently have fewer than two months left to conduct discovery in this matter." Opp. At 2. This appears to be either a typo or mistaken math – the parties currently have just over two months, or under three months left conduct discovery.

11

prejudice from this amendment. The Trustee should not be penalized for delay caused by Yan's frustration of the Trustee's discovery efforts, or by the Trustee's good faith proposal to mediate and attempt to reach an amicable resolution before amending to reinstate such claims.

### VI.   CONCLUSION

For the reasons set forth above and in the Trustee's Motion, the Trustee respectfully requests that this Court grant the Motion in its entirety.

Dated: New York, New York
       March 26, 2018

Respectfully submitted,

Of Counsel:

*/s/ Nicholas J. Cremona*

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-0518
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111-0100
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*