**ALLEN & OVERY LLP**  
1221 Avenue of the Americas  
New York, NY 10020  
Telephone:    (212) 610-6300  
Facsimile:    (212) 610-6399  
Michael S. Feldberg  

Hearing Date: March 28, 2018 at 10:00 a.m.

*Attorneys for Defendant ABN AMRO Bank N.V.*  
*(presently known as The Royal Bank of Scotland N.V.)*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05354 (SMB) |
| Plaintiff, | |
| v. | |
| ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.), | |
| Defendant. | |

**RBS/ABN'S REPLY IN FURTHER SUPPORT OF**  
**RULE 7054(A) MOTION TO REVISE THE MEMORANDUM DECISION**  
**AND MARCH 3, 2017 ORDER TO DISMISS CLAWBACK CLAIM**  
**FOR SUBSEQUENT TRANSFERS FROM**  
**RYE SELECT BROAD MARKET XL PORTFOLIO LIMITED**

# PRELIMINARY STATEMENT

In opposing RBS/ABN's[1] motion, the Trustee cannot avoid the following facts:

- The Trustee failed to allege that Rye XL Portfolio was in foreign liquidation even though he had intimate knowledge of this fact when he filed the Amended Complaint. Opp. at 3 (describing the Trustee's settlement with Rye XL Portfolio Cayman liquidators).

- RBS/ABN *properly moved to dismiss on the Trustee's pleadings and allegations proffered in 2015* before this Court. RBS/ABN had no obligation to engage in fact-finding upon a motion to dismiss.

- On its face, this Court was unaware of Rye XL Portfolio's foreign liquidation when it issued the November 2016 Memorandum Decision, because the Court did not engage in the same comity analysis applied to all other clawback claims relating to funds in foreign liquidation.

- This motion is about the Rye Action, and no other actions. The Rye Action is not on appeal, nor is the portion of the Memorandum Decision denying dismissal of claims arising from Rye XL Portfolio transfers.

The Trustee's attempts to distinguish the Rye XL Portfolio claim from other claims dismissed on comity grounds are easily rebutted. Moreover, the Trustee's two legal arguments miss the mark. In arguing that a Rule 54(b) motion can only be granted in narrow, defined situations, the Trustee ignores Rule 54(b)'s mandate which grants the Court broad discretion to afford relief as "as justice requires." Fed. R. Civ. P. 60, Notes of Advisory Committee on Rules—1946 Amendment. Moreover, the "concurrent jurisdiction" doctrine is irrelevant here, because the Court of Appeals has *no jurisdiction* over the Rye Action or the relevant portion of the Memorandum Decision—due to the Trustee's own successful opposition of RBS/ABN's efforts to appeal. RBS/ABN respectfully requests that the Court dismiss the Trustee's claim to clawback $74.6 million in subsequent transfers from Rye XL Portfolio, pursuant to the comity doctrine set out in the Memorandum Decision.

---

[1] The terms found in this brief have the same meaning as the definitions assigned to them in RBS/ABN's Memorandum of Law ("RBS/ABN Opening Brief" or "RBS/ABN Opening Br."). The Trustee's Memorandum of Law in Opposition will be referred to as "Opposition" or "Opp."

# ARGUMENT

### A. The Trustee's Attempts To Distinguish The Rye XL Portfolio Claim From The Other Claims Dismissed By This Court On Comity Grounds Are Futile

The Trustee argues that the Rye XL Portfolio clawback claim was not (and should not be) dismissed under this Court's prior comity holding because it is distinct from claims that were dismissed. In doing so, the Trustee relies on two inaccurate assertions. *First*, the Trustee maintains that Rye XL Portfolio, a "mediate transferee" or "fund-of-funds," should be treated differently than feeder funds which received transfers directly from BLMIS, such as Harley. Opp. at 1, 7, 11-12. In its comity analysis, this Court expressly recognized that "feeder funds" and "sub feeder funds" are treated identically under Cayman avoidance law. *See* Mem. Decision, 2016 WL 6900689, at *16 ("the Trustee [is] entitled to pursue claims against the Primeo Funds [as both "feeder funds" and "sub feeder funds"] under the avoidance provisions of Cayman Islands law, but not under U.S. law."). If anything, this distinction weighs in favor of dismissal, because the subsequent transfers RBS/ABN received from Rye XL Portfolio are even further removed from BLMIS (and Madoff).

*Second*, the Trustee disregards the fact that Rye XL Portfolio, which is incorporated in the Caymans and underwent a full Cayman liquidation, is clearly a foreign fund. Instead, the Trustee states that "this Court held that [Rye XL Portfolio] . . . was a domestic fund" and so it is distinct from Harley where no such finding was made. Opp. at 1, 7, 11-12. This statement is inaccurate: the Memorandum Decision did not examine whether any "funds" were alleged to be "domestic"—only "*transfers*." Moreover, this Court has already rejected the Trustee's argument that "comity does not apply to bar the recovery of [] domestic transfers" (Opp. at 12)—this Court explained that "the ET Decision plainly stated the opposite, holding that comity considerations required dismissal '*even if the presumption against extraterritoriality were*

2

*rebutted.*'" Mem. Decision, 2016 WL 6900689, at *10 (emphasis added) (citing *In re Madoff Securities*, 513 B.R. 222, 231 (S.D.N.Y. 2014)). That is why extraterritoriality was a secondary analysis, only undertaken after the Court's comity analysis of all transfers from funds in foreign liquidation. Had it realized that Rye XL Portfolio was in foreign liquidation, as with Harley, the Court would never have reached the question of the extraterritorial nature of the transfers. Any holding as to whether Rye XL Portfolio transfers to RBS/ABN were or were not domestic is irrelevant. *See id.* at *1 (mandating dismissal of claims "made by and/or originat[ing] from" a fund in foreign insolvency proceedings "on grounds of international comity without reaching the issue of extraterritoriality").

### B. The Court Should Exercise Its Rule 54(b) Discretion To Dismiss The Rye XL Portfolio Subsequent Transfer Claim Under The Memorandum Decision's Comity Holding

The Trustee admits that "manifest injustice" is established where the movant "show[s] that any new evidence or information is 'of such importance that it probably would have changed the outcome of the prior ruling.'" Opp. at 11 (citations omitted). This standard is clearly met here. It is not just probable, but likely, on the face of the Memorandum Decision, that had the Court been aware of Rye XL Portfolio's Cayman liquidation, it would have dismissed the subsequent transfer claim under comity as it did with the substantially identical Harley claims. *See* Section A, *supra*. In addition, as noted multiple times throughout the Court's comity analysis, this case involves unique considerations regarding the deference owed to foreign jurisdictions. Mem. Decision, 2016 WL 6900689, at *14, 16 ("the [BVI and Bermuda] have a greater interest in regulating . . . . their [funds'] liquidation, including the marshaling of assets and the payment of claims"; "the Cayman Islands has a greater interest in regulating the activities that gave rise to the Trustee's subsequent transfer claims."). To allow the Rye XL

3

Portfolio clawback claim to continue would deny the Caymans the deference owed to it under United States jurisprudence.

Because RBS/ABN clearly meets the "manifest injustice" standard, the Trustee tries a different tactic. Without citing any case law, the Trustee claims that RBS/ABN must show "prejudice" (Opp. at 12) above and beyond the prejudice inherent in continuance of a claim when dismissal is warranted. In doing so, the Trustee turns Rule 54(b) on its head. The party seeking a revised order and the proper outcome under the law does not carry the burden of showing additional prejudice. Rather, courts look to whether the party defending the original order—*i.e.* the Trustee—will be prejudiced if the order is corrected. *See In re Signature Apparel Grp. LLC*, 577 B.R. 54, 97 (Bankr. S.D.N.Y. 2017) ("[A] bankruptcy court has the power to reconsider its previous [interlocutory] orders when equity so requires *so long as no intervening rights have become vested in reliance on the orders*.").[2] The Trustee has not argued any prejudice would result, because there is none. *See* RBS/ABN Opening Br. at 4, 13-14.

Finally, the Trustee is correct that neither *Vicuna* nor *In re Signature Apparel Group LLC* are identical to the situation at hand. Both of those cases involve motions to reconsider new evidence to revise summary judgment orders after discovery, whereas the present case involves a motion to dismiss made on the pleadings. However, the same underlying principles apply. Those courts looked to whether the Rule 54(b) motions were "made within a 'reasonable period' under the circumstances." *Vicuna v. O.P. Schuman & Sons, Inc.*, No. 13 Civ. 2834 (ERK), 2017 WL 5054710, at *8-10 (E.D.N.Y. Oct. 31, 2017); *see also In re Signature Apparel Grp. LLC*, 577 B.R. at 97. Here, it was reasonable for RBS/ABN to move to dismiss on the pleadings. Moreover RBS/ABN's (re)discovery of the Rye XL Portfolio liquidation occurred

---

[2] *See also Bigda v. Fischbach Corp.*, 898 F. Supp. 1004, 1014 n. 4 (S.D.N.Y. 1995) (reconsidering under Rule 54(b) a prior decision that benefitted plaintiff where reconsideration *would not prejudice plaintiff* and plaintiff had full opportunity to brief the issue).

4

within a "reasonable" timeframe, given the undeniably complex and lengthy record in this case and given that RBS/ABN had no duty to engage in fact-finding at the present motion to dismiss stage, where the pre-trial conference has not yet occurred. RBS/ABN then made prompt efforts to bring this key undisputed fact to the Court's attention.[3]

C. **There Is No Issue Of "Concurrent Jurisdiction" Because The Court Of Appeals Has *No Jurisdiction* Over The Rye Action**

It is undisputed that the Rye Action and March 3 Order are not on appeal. Nor are pages 65 to 71 of the Memorandum Decision that deal specifically with the Rye funds the subject of an appeal. Mem. Decision, 2016 WL 6900689, at *28-30. In fact, the Trustee successfully opposed RBS/ABN's motion for an interlocutory appeal of the March 3 Order and relevant portions of the Memorandum Decision.[4] There is no notice of appeal in the Rye Action conferring jurisdiction upon the Court of Appeals. Nor is the Court of Appeals considering whether denial of dismissal was proper with respect to any of the Rye fund transfers. The Trustee's "concurrent jurisdiction" argument (Opp. at 5-7) flags a concern that does not exist here, because the Court of Appeals has *no jurisdiction whatsoever* over the Rye Action and there

---

[3] Based on docket entries from 2012 and a one-line reference in a BNP reply brief in another action, the Trustee argues that the Rye XL Portfolio Cayman liquidation is not "new evidence" because it "was before this Court on the extraterritoriality motion," and that "RBS cannot credibly claim that it did not know about Rye XL Portfolio's liquidation." Opp. at 9-10. Yet the Trustee ignores the fact that despite settling with the Rye XL Portfolio liquidators, he failed to mention the Rye XL Portfolio liquidation in both his Amended Complaint in 2012 and Proffered Allegations in 2015. *See Gallant v. Telebrands Corp.*, 35 F. Supp. 2d 378, 400 (D.N.J. 1998) (revising partial summary judgment order after defendant became aware of dispositive information that plaintiff knowingly concealed).

Nor does pointing fingers as to who had a greater "reason to know" change the fact that ultimately, the most important party—this Court—clearly did not contemplate that Rye XL Portfolio was in foreign liquidation when it issued the Memorandum Decision. *Cf.* Mem. Decision, 2016 WL 6900689, at *30 (citing BNP reply brief with respect to correspondent bank account allegations, not with respect to which funds were in foreign liquidation). But to the extent that Rye XL Portfolio's Cayman liquidation was "before the Court" and was overlooked, the Memorandum Decision and Mach 3 Order may be modified to correct this "clear error." *See* Opp. at 7 (setting out "the need to correct a clear error" as proper grounds for reconsideration under Rule 54(b)). *See also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (modification of decision is proper where movant can show that the court overlooked controlling decisions or data that "might reasonably be expected to alter the conclusion reached by the court").

[4] Mem. Opinion & Order, *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, 17 Civ. 02959 (VEC) (the "Interlocutory Appeal"), ECF No. 14.

5

is no ongoing appellate review with which the relief sought by RBS/ABN will interfere. The laundry list of cases cited by the Trustee is entirely inapposite.[5]

While the doctrine of law (*i.e.* comity) mandating dismissal of the Rye XL Portfolio claim is now before the Court of Appeals in other *Picard* cases (*e.g.* the Harley Action), that is no reason to freeze this decision in the Rye Action. Lower courts routinely decide issues based on the current state of the law, regardless of pending appeals in other cases. *See, e.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002) (holding that a grant of certiorari by the Supreme Court in a separate case did not divest the lower court of jurisdiction to decide the same legal issue under the current state of the law, stating that "[f]or now, we shall adhere to our rule and so proceed to the three cases before us").

Should the state of the law change based on the current appeal, the Trustee can make a Rule 54(b) motion before this Court based on "an intervening change in controlling law." *See* Opp. at 7. And to the extent the Trustee argues that the Rye XL Portfolio claim is distinct from those at issue on appeal, it is much more efficient to decide any additional points of law

---

[5] The vast majority of cases cited by the Trustee stand for the basic proposition that there can be no concurrent jurisdiction by the district court and appellate court *over the same order or judgment in the same action*—which is not an issue here. *See Benzemann v. Citibank N.A.*, 622 F. App'x 16 (2d Cir. 2015); *Geron v. Holding Capital Grp. (In re PBS Foods, LLC)*, 549 B.R. 586 (Bankr. S.D.N.Y. 2016); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982). Likewise, a number of cases cited by the Trustee address treatment of final bankruptcy plans and relief under them in the lower court, while those plans are on appeal—also irrelevant to the present case. *See In re Southold Dev. Corp.*, 129 B.R. 18 (E.D.N.Y. 1991); *Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)*, 369 B.R. 752 (1st Cir. B.A.P. 2007); *Dicola v. Am. Steamship Owners Mut. Prot. & Indem. Assoc. (In re Prudential Lines, Inc.)*, 170 B.R. 222 (S.D.N.Y. 1994). *Cibro Petroleum Prods., Inc. v. City of Albany (In re Winimo Realty Corp.)*, 270 B.R. 99, 107-08 (Bankr. S.D.N.Y. 2001) dealt with the unique situation of whether a bankruptcy court could move forward with proceedings when the appellate court was considering the arbitrability of an underlying pre-petition contract *in that same case*. And it is unclear to us why *In re G-I Holdings, Inc.* was cited at all, as it did not involve the modification of an order or an appeal. 472 B.R. 263 (Bankr. D.N.J. 2012).

now, and elevate them as expeditiously as possible, so that Court of Appeals can address all related comity questions at once.[6]

Finally, the Court has discretion to modify its decisions and orders as it sees fit. To address the Trustee's concerns about disrupting the pending appeal of other portions of the Memorandum Decision, the Court could modify the March 3 Order to constitute an "Opinion and Order" applying the Court's prior comity holdings without revising the Memorandum Decision. Regardless of form, the relief that RBS/ABN seeks here—to correct conflicting or inconsistent rulings and to avoid wasting judicial resources on a claim that clearly should have been dismissed—is in accord with the principles of judicial efficiency and the requirements of justice.

---

[6] RBS/ABN would not object to a stipulation allowing supplemental briefs addressing the Rye XL Portfolio clawback claim to be filed in the consolidated appeal.

7

08-01789-cgm    Doc 17416    Filed 03/26/18    Entered 03/26/18 21:22:20    Main Document
Pg 9 of 9

## CONCLUSION

For all the foregoing reasons, RBS/ABN respectfully requests that this Court enter an Order revising pages 65 to 71 of the Memorandum Decision and the March 3 Order to grant dismissal of the Trustee's claim to clawback Rye XL Portfolio transfers. Alternatively, the Court may enter a revised Opinion and Order dismissing this claim pursuant to the doctrine of comity, in light of the undisputed fact of Rye XL Portfolio's Cayman liquidation.

Dated:  New York, New York
         March 26, 2018

Respectfully submitted,

/s/Michael S. Feldberg
Michael S. Feldberg
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6300
michael.feldberg@allenovery.com

*Attorneys for Defendant ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland N.V.)*

8