**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>HSBC BANK PLC, et al.,<br><br>    Defendants. | Adv. Pro. No. 09-1364 (SMB) |

**STIPULATION AND ORDER APPOINTING
A DISCOVERY ARBITRATOR PURSUANT TO
<u>BANKRUPTCY RULE 9019(c) AND GENERAL ORDER M-390</u>**

Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, and the Chapter 7 estate of Bernard L. Madoff, individually, and defendant Alpha Prime Fund Limited ("Alpha Prime" and together with the Trustee, the "Parties" and each a "Party"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on July 15, 2009, the Trustee commenced this action in the Bankruptcy Court against Alpha Prime and others. On December 5, 2010, the Trustee filed an amended complaint (the "Amended Complaint") in this adversary proceeding, asserting various claims against Alpha Prime;

**WHEREAS**, Alpha Prime filed an answer to the Amended Complaint and cross-claims against certain defendants. On December 8, 2014, Alpha Prime filed an Amended Answer, Affirmative Defenses, and Amended Cross-Claims;

**WHEREAS**, through a Partial Settlement Agreement dated January [x], 2018, the Parties settled certain claims in this adversary proceeding, leaving the remainder of the claims subject to litigation;

**WHEREAS**, the Parties anticipate engaging in discovery as described in the First Amended Case Management Plan, subject to amendment from time to time;

**WHEREAS**, to promote the efficient resolution of discovery disputes that may arise between them in connection with the litigation of the claims not settled through the Partial Settlement Agreement, the Parties have agreed to seek the appointment pursuant to Rule 9019(c) of the Federal Rules of Bankruptcy Procedure and General Order M-390 of the United States Bankruptcy Court for the Southern District of New York of a discovery arbitrator;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND SO ORDERED**, that:

(1)     The Honorable Frank Maas (ret.), c/o JAMS, Inc. is appointed as discovery arbitrator (the "Discovery Arbitrator"), effective as of the date this Order is entered.

(2)     The Discovery Arbitrator shall, in the performance of his quasi-judicial duties, be entitled to the immunities and protections to the fullest extent provided by law.

(3)     The Discovery Arbitrator may not communicate *ex parte* with either Party or with third parties without the consent of all Parties, except with respect to scheduling.

(4)     The Discovery Arbitrator shall preserve, as a record of his activities, all written submissions received from the Parties, all written submissions sent to the Parties, and transcripts of any hearings before the Discovery Arbitrator. The Discovery Arbitrator shall file with the Clerk of this Court such records upon the request of the Court. The Discovery Arbitrator shall also file any order, report, or recommendation to the Court within ten days of the issuance thereof. Any document or information claimed by any party to be CONFIDENTIAL MATERIAL, as defined in Paragraph 2 of the Litigation Protective Order entered on June 6, 2011 in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC*, Adv Pro. No. 08-01789 (ECF No. 4137), shall be filed under seal in accordance with Paragraph 15 of the Litigation Protective Order.

(5)     The Discovery Arbitrator's discounted hourly fee shall be $700 per hour. The Discovery Arbitrator shall also be reimbursed for reasonable out-of-pocket expenses actually incurred in the performance of his duties. If the Discovery Arbitrator finds that he requires the assistance of a support staff employee or associate attorney from his office,

that work will be billed at the normal hourly rate for the person performing the work, not to exceed the Discovery Arbitrator's hourly rate.

(6) The costs of the Discovery Arbitrator shall be shared equally by the Trustee and Alpha Prime. The Discovery Arbitrator shall send invoices to the Parties, with amounts apportioned thereto.

(7) Either Party may refer a discovery dispute to the Discovery Arbitrator by emailing a letter of no more than three pages to the Discovery Arbitrator summarizing the discovery dispute and simultaneously serving a copy of the letter upon the other Party by email.

(8) Within seven days of receiving a Party's letter referring a discovery dispute to the Discovery Arbitrator, the other Party shall submit by email to the Discovery Arbitrator a response letter not to exceed three pages and simultaneously serve a copy of the letter upon the Party initiating the discovery dispute process. The Discovery Arbitrator shall thereafter establish procedures for the resolution of the dispute.

(9) The Discovery Arbitrator shall have the power to decide discovery disputes, including without limitation, those that fall within the categories referred to in the First Amended Case Management Plan, such as disagreements concerning timing or deadlines, the length or number of depositions, compliance with discovery, scope of questioning, application of the protective order, or any other matter related to discovery contained in or arising out of the First Amended Case Management Plan, or any further amended case management plan. Notwithstanding anything to the contrary herein, the Discovery Arbitrator shall not have the power to extend the date described in Paragraph 5 of the First Amended Case Management Plan.

(10) The rulings of the Discovery Arbitrator shall be binding on the Parties. Either Party may request an appeal of any ruling of the Discovery Arbitrator by submitting a letter to the Court (copying the other Party and the Discovery Arbitrator) setting forth the request and the issues to be reviewed within fourteen days of the date such ruling is issued. At the Court's discretion, the Discovery Arbitrator's rulings will be reviewed as follows: (a) findings of fact will be reviewed *de novo*; (b) legal conclusions will be reviewed *de novo*; and (c) rulings on procedural issues will be reviewed for abuse of discretion.

(11) This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

*[Remainder of This Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: March 29, 2018<br>New York, New York | By: */s/ Oren J. Warshavsky*_____<br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>Oren J. Warshavsky<br>Email: owarshavsky@bakerlaw.com<br>Geoffrey A. North<br>Email: gnorth@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*<br><br>By: */s/ Todd E. Duffy*_____<br>**DUFFYAMEDEO LLP**<br>275 Seventh Avenue, 7th Floor<br>New York, New York 10001<br>Telephone: (212) 729-5832<br>Facsimile: (212) 208-2437<br>Todd E. Duffy<br>Email: tduffy@duffyamedeo.com<br>Douglas A. Amedeo<br>Email: damedeo@duffyamedeo.com<br><br>*Attorneys for Alpha Prime Fund Ltd.* |

**SO ORDERED.**

**Dated: March 29, 2018**
     **New York, New York**

**/s/ STUART M. BERNSTEIN**
_____
**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**