**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Tracy Cole
Fernando Bohorquez
David McMillan
Ganesh Krishna

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>MAGNIFY INC., et al.,<br><br>           Defendants. | Adv. Pro. No. 10-05279 (SMB) |

**PROPOSED NINTH AMENDED CASE MANAGEMENT PLAN**

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, and Defendants Magnify, Inc. ("Magnify"), Strand International Investments Ltd. ("Strand"), Premero Investments Ltd. ("Premero"), Yair Green ("Green"), the Yeshaya Horowitz Association ("Yeshaya"), and Express Enterprises Inc. ("Express") (the Trustee, together with the Defendants, are collectively referred to herein as the "Parties") hereby submit the following Proposed Ninth Amended Case Management Plan, pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into Bankruptcy Rules 7016 and 7026.

**Discovery Plan**. The discovery plan is amended as follows:

1. <u>Initial Disclosures</u>: Initial Disclosures were served by the Trustee and by Defendants on **May 7, 2012**. The Trustee served Amended Initial Disclosures on Defendants on **September 5, 2012**.

2. <u>Subjects on Which Discovery May be Needed</u>: The Parties contemplate that discovery will be needed on all issues relating to the commencement of the BLMIS Ponzi scheme and relating to the avoidance and recovery of the transfers described in the Second Amended Complaint, and that fact and expert discovery will be needed.

Unless the Parties agree to a broader scope, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to non-privileged matters to the extent discoverable under Federal Rule 26(b)(1) which relate to: (a) the commencement of the BLMIS Ponzi scheme; (b) the calculation of net equity for the BLMIS accounts of those of the Defendants who held BLMIS accounts (Magnify, Strand, Premero, and

Yeshaya; collectively, the "Accountholder Defendants"); (c) the financial condition of BLMIS; (d) the activities of BLMIS, including both fraudulent conduct, including the Ponzi scheme, and legitimate operations; (e) the Accountholder Defendants' account documents and customer correspondence and interactions with BLMIS, its employees, agents and other investors or customers; (f) interactions between Albert Igoin and BLMIS, its employees, agents, investors and other customers; (g) the internal records of BLMIS; (h) transfers of money by, among, and within BLMIS; (i) the Defendants' good faith or lack thereof, including issues related to the Defendants' operations and actual or constructive notice of fraudulent activity by BLMIS or anyone acting on its behalf; (j) disclosures made by BLMIS under federal and/or state laws, such as disclosures to the SEC; (k) the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason; and (l) potential defenses and cross-claims.

      3. <u>Depositions</u>:  All non-expert depositions must be completed by the Fact Discovery Cut-Off date in paragraph 4 below.  Depositions shall proceed concurrently, with no party having priority.  As to depositions taken in the United States, the Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided under Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions that cannot be concluded within the time limit.  The Parties will agree to reasonable extensions (or reductions) of the seven (7) hour limit as appropriate, notwithstanding the provisions of Rule 30(d)(1).  The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary.

      The Trustee shall make his financial professionals submitting expert evidence on behalf of the Trustee available for depositions and may coordinate such depositions in multiple Avoidance Actions to maximize efficiency and use of resources.  The Trustee shall notify all

-3-

08-01789-cgm    Doc 17451    Filed 04/05/18    Entered 04/05/18 14:22:15    Main Document
                                         Pg 4 of 7

interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Avoidance Actions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time and location of any such depositions to be coordinated in multiple Avoidance Actions. To the extent a deposition is so coordinated, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties may agree. Depositions of Defendants' expert and fact witnesses shall occur at such place as the Parties shall mutually agree.

4. <u>Fact Discovery Cut-Off</u>: All fact discovery is to be completed on or before **October 5, 2018**. Contention-based Interrogatories pursuant to Local Rule 7033-1(c) and Requests for Admission must be served by the fact discovery cut-off date of October 5, 2018.

5. <u>Foreign Discovery</u>: The Parties anticipate that a significant amount of discovery will be directed at individuals and entities located outside of the United States. The Parties contemplate that all requests directed at the Parties will proceed in the normal course under the

Rules, as supplemented by any applicable Local Rule. As to requests directed at non-parties located abroad, the Parties understand that resort to applicable foreign and international law, including the Hague Evidence Convention, may be necessary. The Parties reserve their right to move the Court as appropriate for an extension of any of the deadlines in this Amended Case Management Plan to accommodate circumstances that could arise in the course of international discovery.

      6. Experts: Every party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **February 25, 2019**. Every party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **April 19, 2019**. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinion covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 20 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur on or before **July 8, 2019**. The foregoing restriction shall not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed no less than **60** days before trial.

      7. Limitations on Discovery Imposed under the Federal and/or Local Rules: Limitations on written discovery will be governed consistent with the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. All deadlines set forth herein shall be subject to amendment by agreement of the Parties or upon application to the Court for good cause shown.

The Parties may produce discovery, including initial disclosures, on a CD-ROM, in E-Data Room 1, or in another similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in E-Data Room 1 or in another medium for review by the defendants.

In the event of a discovery dispute between the Parties, the Parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the Parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

8. <u>Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action</u>. The Parties do not presently believe that any modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

9. <u>Prospects for Settlement, including whether a Settlement Conference should be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

10. <u>Summary Judgment Briefing</u>. Any party desiring to make a motion for summary judgment must comply with Local Bankr. R. 7056-1(a) by **October 4, 2019**.

11. <u>Any other Matter that may add to the Just and Expeditious Disposition of this Matter.</u> The Parties are not presently aware of any other matter that may add to the just and expeditious disposition of this matter.

12. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial and trial date.

13. <u>Parties and Counsel</u>. The following Parties join in this proposed Amended Case Management Plan, through their counsel.

Dated: New York, New York
April 5, 2018

/s/ *Tracy Cole*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
e-mail: dsheehan@bakerlaw.com
Tracy Cole
e-mail: tcole@bakerlaw.com
Fernando Bohorquez
e-mail: fbohorquez@bakerlaw.com
David M. McMillan
e-mail: dmcmillan@bakerlaw.com
Ganesh Krishna
e-mail: gkrishna@bakerlaw.com

*Attorneys for Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff*

/s/ *Michael Wexelbaum*
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Michael Wexelbaum
e-mail: mw@dhclegal.com
Larry Hutcher
e-mail: lkh@dhclegal.com

*Attorneys for Defendants Yair Green, Magnify
Inc., the Yeshaya Horowitz Association, Strand
International Investments Ltd., Premero
Investments Ltd., and Express Enterprises Inc.*

**So Ordered this 5th day of April, 2018.**

**/s/ STUART M. BERNSTEIN**
_____
**HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE**