**EXHIBIT A**
**Trustee's Motion to Compel the Production of Documents**

**CONTENTS**

Stanley Shapiro: Undisputed Requests ................................................................................................ 1

Stanley Shapiro: Disputed Requests ................................................................................................... 5

Stanley Shapiro: Requests Held in Abeyance ..................................................................................... 9

David Shapiro: Undisputed Requests ................................................................................................ 13

David Shapiro: Disputed Requests .................................................................................................... 15

David Shapiro: Requests Held in Abeyance ...................................................................................... 17

Kenneth Citron and Leslie Shapiro Citron: Undisputed Requests .................................................... 21

Kenneth Citron and Leslie Shapiro Citron: Disputed Requests ....................................................... 23

Kenneth Citron and Leslie Shapiro Citron: Requests Held in Abeyance ......................................... 25

| STANLEY SHAPIRO: UNDISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *Stanley Shapiro's Response* |
| No. 1 *(as originally framed)* | All documents concerning the opening of any of the BLMIS Accounts. | Defendant objects to this request on the ground that it is vague, overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that are privileged, and seeks documents already in the possession of Plaintiff.  Notwithstanding these objections, Defendant will produce all responsive, relevant, non-privileged documents in his possession that have not yet been produced. |
| No. 2 *(as originally framed)* | All account statements concerning any of the BLMIS Accounts, including all original, draft, returned, altered, revised, amended or destroyed account statements. | Defendant objects to this request on the ground that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that have already been produced, and seeks documents already in the possession of Plaintiff.  Notwithstanding these objections, Defendant will produce all responsive, relevant documents in his possession that have not yet been produced. |
| No. 3 *(as originally framed)* | All agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other documents executed between You and any of the Family Members, on one hand, and BLMIS, on the other hand. | Defendant objects to this request on the ground that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that have already been produced, seems [sic] documents that have already been produced, and seeks documents already in the possession of Plaintiff.  Notwithstanding these objections, Defendant will produce all responsive, relevant documents in his possession that have not yet been produced.  . [sic] |
| No. 4 *(as originally framed)* | All other documents You or any Family Member received from BLMIS concerning any of the BLMIS Accounts. | Defendant objects to this request on the ground that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that have already been produced, and seeks documents already in the possession of Plaintiff.  Notwithstanding these objections, Defendant will produce all responsive, relevant documents in his possession that have not yet been produced. |

| STANLEY SHAPIRO: UNDISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *Stanley Shapiro's Response* |
| No. 5 *(as later reframed)* | All documents concerning the circumstances under which Mr. Shapiro began or continued to invest with BLMIS, including but not limited to documents concerning his decision to invest with BLMIS. | Mr. Shapiro objects to Request 5 on the grounds that it is overly broad, burdensome, irrelevant, vague and not proportionate to the needs of the case. "All documents concerning the circumstances under which Mr. Shapiro began or continued to invest with BLMIS" is too broad to have meaning.<br><br>Notwithstanding the foregoing objections, Mr. Shapiro will produce or has already produced "documents concerning his decision to invest with BLMIS" to the extent they exist and are within his possession, custody and/or control.<br><br>* Note that this is a later reframed response from Mr. Shapiro. |
| No. 9 *(as later reframed)* | All documents concerning any purported investment strategy of either BLMIS or Madoff or financial advice provided by either BLMIS or Madoff to Mr. Shapiro. | Mr. Shapiro objects to Request 9 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case.<br><br>Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce responsive documents.<br><br>* Note that this is a later reframed response from Mr. Shapiro. |
| No. 12 *(as originally framed)* | All documents concerning any purported realized or unrealized gains, losses, or returns in connection with any of the BLMIS Accounts, including but not limited to any schedules of realized and/or unrealized gains and losses or any other analyses performed by You or any Accountant concerning any of the BLMIS Accounts. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, irrelevant, outside of the relevant time period, seeks documents that are privileged, and seeks documents already in the possession of Plaintiff.<br><br>Notwithstanding these objections, Defendant will produce all responsive, relevant, and non-privileged documents in his possession. |
| No. 13 *(as originally framed)* | All documents concerning any reported margin balance in any of the BLMIS Accounts. | Defendant objects to this request on the ground that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, irrelevant, outside of the relevant time period and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendant will produce all responsive, relevant, non-privileged documents in his possession. |

| \$ STANLEY SHAPIRO: UNDISPUTED REQUESTS | | |
|---|---|---|
| **Request** | **Trustee's Request** | **Stanley Shapiro's Response** |
| No. 17<br><br>*(as originally framed)* | All documents concerning Your employment at BLMIS, including but not limited to any documents evidencing: any work performed by You; the scope or limitations upon Your responsibilities at BLMIS; Your involvement in trading at BLMIS; and Your salary, benefits or other compensation received from BLMIS. | Defendant objects to this request on the ground that it is vague, overly broad, overly burdensome, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendant will produce all responsive, relevant, and non-privileged documents in his possession. |
| No. 19<br><br>*(as later reframed)* | All documents concerning the formation of the LAD Trust, the Adam Shapiro 1985 Trust, the Leslie Shapiro 1985 Trust or the David Shapiro 1989 Trust. | Mr. Shapiro objects to Request 19 on the ground that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.<br><br>Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce non-privileged documents and communications concerning the formation of the LAD Trust, the Leslie Shapiro 1985 Trust and the David Shapiro 1989 Trust to the extent that they exist and are within his possession, custody and/or control.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 33<br><br>*(as later reframed)* | All documents and communications concerning the purported returns for any of the Core Accounts. | Mr. Shapiro objects to Request 33 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.<br><br>Notwithstanding these objections, Mr. Shapiro has produced or will produce non-privileged responsive documents to the extent that they exist and are within his possession, custody and/or control.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 48<br><br>*(as originally framed)* | All documents supporting or concerning any denial asserted in Your Answer to the Complaint. | Subject to the General Objections, Defendant will produce responsive documents in his possession, custody and/or control to the extent to which they exist and have not already been produced. Defendant specifically reserves the right to supplement this response and production. |

| STANLEY SHAPIRO: UNDISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *Stanley Shapiro's Response* |
| No. 49 *(as originally framed)* | All documents supporting or concerning any affirmative defenses, whether or not asserted, to the claims asserted in the Complaint. | Subject to the General Objections, Defendant will produce responsive documents in his possession, custody and/or control to the extent to which they exist and have not already been produced. Defendant specifically reserves the right to supplement this response and production. |

4

| STANLEY SHAPIRO: DISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *Stanley Shapiro's Response* |
| No. 6<br>*(as later reframed)* | All documents and communications between You and any Family Member concerning BLMIS or any of 1SH014, 1SH028, 1SH030, 1SH079, and 1SH172 (the "Core Accounts"). | Mr. Shapiro objects to Request 6 on the grounds that it is overly broad, burdensome, irrelevant, related to claims that have been dismissed, and not proportionate to the needs of the case.<br><br>Notwithstanding the foregoing objections, to the extent that the Trustee is seeking documents and communications relating to or evidencing "Stanley's knowledge" of an alleged Ponzi scheme at BLMIS, no such documents exist.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 7<br>*(as later reframed)* | All documents and communications between Mr. Shapiro, on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, regarding any of the BLMIS Accounts, including but not limited to notes, faxes, letters, calendar entries, emails or telephone records. | Mr. Shapiro objects to Request 7 on the grounds that it is overly broad, burdensome, irrelevant, outside the relevant time period, related to claims that have been dismissed, and not proportionate to the needs of the case.<br><br>Notwithstanding the foregoing objections, to the extent that the Trustee is seeking documents and communications relating to or evidencing "Stanley's knowledge" of an alleged Ponzi scheme at BLMIS, no such documents exist.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 8<br>*(as later reframed)* | All notes, whether made by Mr. Shapiro, Madoff, Annette Bongiorno or any other employee of BLMIS, concerning any of the Core Accounts. | Mr. Shapiro objects to Request 8 on the grounds that it is overly broad, burdensome, irrelevant, outside the relevant time period, related solely to claims that have been dismissed, and not proportionate to the needs of the case and seeks documents protected by the attorney-client or other privilege.<br><br>Notwithstanding the foregoing objections, to the extent that the Trustee is seeking notes relating to or evidencing "Stanley's knowledge" of an alleged Ponzi scheme at BLMIS, no such documents exist.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |

| STANLEY SHAPIRO: DISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *Stanley Shapiro's Response* |
| No. 11 *(as originally framed)* | All documents or communications between You and any other BLMIS investors, regardless of whether such individuals were BLMIS investors at the time of the communication (including but not limited to Ed Kostin, Carl Shapiro, and/or any investors You referred to BLMIS), concerning BLMIS. | Mr. Shapiro objects to Request 11 on the grounds that it is overly broad, burdensome, irrelevant, outside the relevant time period, related to claims that have been dismissed, and not proportionate to the needs of the case.<br><br>Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce all documents and communications between Mr. Shapiro and Ed Kostin and Carl Shapiro concerning BLMIS to the extent they exist and are within his possession, custody and/or control.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 14 *(as originally framed)* | All documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in any of the BLMIS Accounts, including but not limited to any account statement reflecting any backdated trade and/or any substitute or replacement account statement provided by BLMIS and/or Madoff to You, any Family Member, or any Accountant. | Mr. Shapiro objects to Request 14 to the extent of its characterizations of the documents.<br><br>Mr. Shapiro has produced or will produce BLMIS account statements in his possession, custody and/or control.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 15 *(as originally framed)* | All documents concerning the destruction, the return to BLMIS or other disposition of any documents concerning any of the BLMIS Accounts, including but not limited to any account statements. | Mr. Shapiro objects to Request 15 on the grounds that it is vague, overly broad, and not proportionate to the needs of the case.<br><br>Mr. Shapiro has produced or will produce BLMIS account statements in his possession, custody and/or control.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |

## STANLEY SHAPIRO: DISPUTED REQUESTS

| Request | Trustee's Request | Stanley Shapiro's Response |
|---|---|---|
| No. 20 *(as later reframed)* | All documents and communications concerning amending or restating the LAD Trust, the Adam Shapiro 1985 Trust, the Leslie Shapiro 1985 Trust or the David Shapiro 1989 Trust. | Mr. Shapiro objects to Request 20 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.<br><br>Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce all non-privileged documents and communications concerning the formation of the LAD Trust, the Leslie Shapiro 1985 Trust and the David Shapiro 1989 Trust to the extent they exist and are within his possession, custody and/or control.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 25 *(as later reframed)* | All documents provided to Mr. Shapiro by any Accountant engaged to perform any type of services concerning any of the Core Accounts. | Mr. Shapiro objects to Request 25 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 26 *(as later reframed)* | All documents Mr. Shapiro provided to any Accountant engaged to perform accounting services concerning any of the Core Accounts. | Mr. Shapiro objects to Request 26 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |
| No. 29 *(as later reframed)* | All communications between and among Mr. Shapiro, Paul Konigsberg, any other Accountant, any employee of BLMIS and/or Madoff concerning any tax issue or other matter relating to any of the BLMIS Accounts, including but not limited to the realization or generation of gains or losses in connection with any of the Core Accounts. | Mr. Shapiro objects to Request 29 on the ground that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.<br><br>Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce communications between Mr. Shapiro and any employee of BLMIS and/or Madoff concerning tax issues and the Core Accounts to the extent that they exist and are within his possession, custody and/or control.<br><br>*\* Note that this is a later reframed response from Mr. Shapiro.* |

| STANLEY SHAPIRO: DISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *Stanley Shapiro's Response* |
| No. 31 *(as later reframed)* | All documents and communications concerning any of Mr. Shapiro's due diligence, if any, concerning BLMIS and/or Madoff, Your decision whether or not to perform any due diligence on BLMIS, Madoff, or any of the Core Accounts. | Mr. Shapiro objects to Request 31 on the grounds that it is overly broad, burdensome, irrelevant, vague, and not proportionate to the needs of the case and seeks documents that are privileged.<br><br>* *Note that this is a later reframed response from Mr. Shapiro.* |
| No. 38 *(as later reframed)* | All documents concerning any actual, proposed, or contemplated requests for redemption or withdrawal from any of the Core Accounts. | Mr. Shapiro objects to Request 38 on the grounds that it is overly broad, burdensome, irrelevant, related to claims that have been dismissed, and not proportionate to the needs of the case.<br><br>* *Note that this is a later reframed response from Mr. Shapiro.* |
| No. 43 *(as later reframed)* | All documents concerning Mr. Shapiro's review, control, management or any other type of activity for the Core Accounts. | Mr. Shapiro objects to Request 43 on the grounds that it is overly broad, burdensome, irrelevant, vague, related to claims that have been dismissed, and not proportionate to the needs of the case and seeks documents that are privileged.<br><br>* *Note that this is a later reframed response from Mr. Shapiro.* |

| STANLEY SHAPIRO: REQUESTS HELD IN ABEYANCE | |
|---|---|
| **Request** | **Trustee's Request** |
| No. 10 *(as originally framed)* | All documents concerning the source of funds provided to BLMIS to purportedly invest in any of the BLMIS Accounts, including but not limited to Account Nos. 1C1327, 1C1345, and 1S0540.  For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |
| No. 16 *(as originally framed)* | All documents concerning any relationship (whether social, personal, professional or otherwise) between You or any Family Member, on the one hand, and Madoff, Ruth Madoff, Peter Madoff, Mark Madoff, Andrew Madoff, Marion Madoff, Annette Bongiorno or David Kugel, on the other hand, including but not limited to documents concerning any Interbourse events. |
| No. 18 *(as originally framed)* | All documents concerning Your and/or Your wife's travel on any jet owned, leased or chartered by BLMIS or Madoff. |
| No. 21 *(as originally framed)* | All documents concerning any other entity or trust owned, managed, or controlled, either directly or indirectly, during the Applicable Period, by You or any Family Members (including but not limited to S&R Investment Company), including but not limited to any and all communications between or among You, any Family Members, or others regarding such entities and/or trusts, and including but not limited to communications sent or received by You on behalf of such entities or trusts. This request includes but is not limited to formation documents, meeting minutes, account statements, and bank statements. |
| No. 22 *(as originally framed)* | All documents concerning any gifts or the transfer of any funds to the LAD Trust, the Adam Shapiro 1985 Trust, the Leslie Shapiro 1985 Trust, the David Shapiro 1989 Trust, the Trust f/b/o David Shapiro's Children or the Trust f/b/o Leslie Shapiro Citron's Children, or any of the trustees thereof, during the Applicable Period. |
| No. 23 *(as originally framed)* | Documents sufficient to show all monetary gifts that You or Your wife gave to any of Your grandchildren during the Applicable Period.  For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |
| No. 24 *(as originally framed)* | The retention agreement or engagement letter of any Accountant engaged by You or any Family Member to perform any type of services concerning any of the BLMIS Accounts. |

| STANLEY SHAPIRO: REQUESTS HELD IN ABEYANCE | |
|---|---|
| *Request* | *Trustee's Request* |
| No. 27<br>*(as originally framed)* | All documents provided to You or any Family Member concerning any income, gain, loss, any other benefit, and/or return purportedly realized, earned or otherwise obtained by You or any Family Member in connection with direct and/or indirect investments with BLMIS, including but not limited to the BLMIS Accounts, or with any entities, trusts, companies, or other investments owned, directly or indirectly, by BLMIS, Madoff, Peter Madoff, Mark Madoff or Andrew Madoff. |
| No. 28<br>*(as originally framed)* | All documents concerning Your relationship, social or otherwise, with Paul Konigsberg or any employee of Konigsberg Wolf & Co. |
| No. 30<br>*(as originally framed)* | All tax returns, including drafts thereof, prepared for You or any Family Member during the Applicable Period whether filed, unfiled, amended or in draft form, and all supporting or related documents, schedules, work papers, journal entries, trial balances, calculations, and notes. |
| No. 32<br>*(as originally framed)* | All documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether You and/or the Accountants suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity. |
| No. 34<br>*(as originally framed)* | All documents and communications concerning any comparisons between the performance of any of the BLMIS Accounts and the performance of any other BLMIS Accounts or any other investments, such as any proprietary trading account with BLMIS or Your or any Family Member's investment accounts with Cohmad. |
| No. 35<br>*(as originally framed)* | All documents concerning Your receipt and/or review of account statements and/or trade confirmations for any of the BLMIS Accounts, and/or any such receipt and/or review undertaken on Your behalf. |
| No. 36<br>*(as originally framed)* | All communication between You and any government or regulatory agency or official concerning any of the BLMIS Accounts, BLMIS or Madoff, including but not limited to the United States Attorney's Office, the United States Securities and Exchange Commission or the Internal Revenue Service. |

| STANLEY SHAPIRO: REQUESTS HELD IN ABEYANCE | |
|---|---|
| **Request** | **Trustee's Request** |
| No. 37<br>*(as originally framed)* | Documents sufficient to identify the Transfers to You or any Family Member, including but not limited to the date of the Transfer, the amount of the Transfer, the account name and account number for the BLMIS Account from which the funds were transferred, the account name and account number for the account into which the funds were transferred, the method of the Transfer (wire, check, etc.), the identity of the sender and recipient of the Transfer, the ultimate and/or intended beneficiary of the Transfer, and the reason for the Transfer, including whether any Transfer was made to benefit another person. |
| No. 39<br>*(as originally framed)* | All documents concerning the reason for redemptions from BLMIS by You or any Family Member, including tax-related reasons. |
| No. 40<br>*(as originally framed)* | Documents sufficient to identify how You or any Family Member used, disbursed or further transferred any of the Transfers. |
| No. 41<br>*(as originally framed)* | Documents sufficient to identify each Subsequent Transfer made during the Applicable Period, including but not limited to the date of the Subsequent Transfer, the amount of the Subsequent Transfer, the account name and account number for the account from which the funds were transferred, the account name and account number for the account into which the funds were transferred, the method of the Subsequent Transfer (wire, check, etc.), the identity of the sender and recipient of the Subsequent Transfer, the ultimate and/or intended beneficiary of the Subsequent Transfer, and the reason for the Subsequent Transfer. |
| No. 42<br>*(as originally framed)* | Documents sufficient to identify how You or any Family Member used, disbursed or further transferred funds from each Subsequent Transfer during the Applicable Period. |
| No. 44<br>*(as originally framed)* | Documents sufficient to identify Your and/or Your wife's sources of income during the Applicable Period. |
| No. 45<br>*(as originally framed)* | Documents sufficient to identify all bank accounts or brokerage accounts held directly or indirectly by You or any Family Member into which any funds or other consideration were transferred directly or indirectly to or from BLMIS and/or Madoff . . . . |

| STANLEY SHAPIRO: REQUESTS HELD IN ABEYANCE | |
|---|---|
| *Request* | *Trustee's Request* |
| No. 46 *(as originally framed)* | Documents sufficient to identify Your and/or Your wife's interests during the Applicable Period, whether direct or indirect, in any real estate, including but not limited to cooperative apartments and/or investment vehicles through which any such real estate interest is held. |
| No. 47 *(as originally framed)* | All documents supporting, contradicting or concerning any of the allegations made in the Complaint. |

| DAVID SHAPIRO: UNDISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *David Shapiro's Response* |
| No. 1 *(as originally framed)* | All documents concerning the opening of any of the BLMIS Accounts. | Defendant objects to this request on the grounds that it is vague, overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that are privileged, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendant will produce all responsive, relevant, non-privileged documents in his possession that have not yet been produced. |
| No. 2 *(as originally framed)* | All account statements concerning any of the BLMIS Accounts, including all original, draft, returned, altered, revised, amended or destroyed accounts statements. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that have already been produced, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendant will produce all responsive, relevant documents in his possession that have not yet been produced. |
| No. 3 *(as originally framed)* | All agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other documents executed between You or any of the Family Members, on the one hand, and BLMIS, on the other hand. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that have already been produced, seems [sic] documents that have already been produced, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendant will produce all responsive, relevant documents in his possession that have not yet been produced. |
| No. 4 *(as originally framed)* | All other documents You or any Family Member received from BLMIS concerning any of the BLMIS Accounts. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that have already been produced, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendant will produce all responsive, relevant documents in his possession that have not yet been produced. |
| No. 12 *(as originally framed)* | All documents concerning any reported margin balance in any of the BLMIS Accounts. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, irrelevant, and outside the relevant time period and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendant will produce all responsive, relevant, and non-privileged documents in his possession. |

| DAVID SHAPIRO: UNDISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *David Shapiro's Response* |
| No. 44 *(as originally framed)* | Any and all documents supporting or concerning any denial asserted in Your Answer to the Complaint. | Subject to the General Objections, Defendant will produce responsive documents in his possession, custody and/or control to the extent they exist and have not already been produced. Defendant specifically reserves the right to supplement this response and production. |
| No. 45 *(as originally framed)* | Any and all documents supporting or concerning any affirmative defenses, whether or not asserted, to the claims asserted in the Complaint. | Subject to the General Objections, Defendant will produce responsive documents in his possession, custody and/or control to the extent they exist and have not already been produced. Defendant specifically reserves the right to supplement this response and production. |

14

| DAVID SHAPIRO: DISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *David Shapiro's Response* |
| No. 6 *(as later reframed)* | All documents and communications between [David Shapiro], on the one hand, and Mr. Shapiro, on the other hand, concerning any of the Core Accounts or BLMIS. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents relating to claims and parties that have been dismissed, and seeks documents that are privileged. |
| No. 7 *(as later reframed)* | All documents and communications between [David Shapiro], on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, concerning any of the Core Accounts or BLMIS. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence. |
| No. 8 *(as later reframed)* | All notes made by [David Shapiro], Mr. Shapiro, Madoff, Annette Bongiorno, or any other BLMIS employee concerning any of the Core Accounts. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence. |
| No. 11 *(as later reframed)* | All documents concerning any purported realized or unrealized gains, losses, or returns in connection with any of the Core Accounts. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and and seeks documents already in the possession of Plaintiff. |
| No. 13 *(as later reframed)* | All documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in connection [with] any of the Core Accounts. | Defendant objects to this request on the grounds that it is overly broad, not reasonably likely to lead to the discovery of admissible evidence, and seeks documents already in the possession of Plaintiff. Defendant further objects to this request on the ground that it calls for a legal conclusion. Notwithstanding these objections, Defendant will produce any and all account statements in his possession (See: Response No. 2). |
| No. 14 *(as later reframed)* | All documents concerning the destruction or the return to BLMIS of any statement, confirmation or any other account documents concerning any of the Core Accounts. | Defendant objects to this request on the grounds that it is vague, overly broad, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendant will produce any and all account statements in his possession (See: Response No. 2). |

15

| DAVID SHAPIRO: DISPUTED REQUESTS | | |
|---|---|---|
| *Request* | *Trustee's Request* | *David Shapiro's Response* |
| Nos. 15 & 16 *(as later reframed)* | All documents concerning the formation, amending or restating of the LAD Trust, the Leslie Shapiro 1985 Trust, or the David Shapiro 1989 Trust. | Defendant objects to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that are privileged, and seeks documents relating to claims and parties that have been dismissed. |
| No. 28 *(as later reframed)* | All documents and communications concerning any due diligence, either performed by Mr. Shapiro or for his benefit, concerning Madoff, BLMIS, or any of the Core Accounts. | Defendant objects to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |
| No. 29 *(as later reframed)* | All documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether Mr. Shapiro suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity. | Defendant objects to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |
| No. 35 *(as later reframed)* | All documents concerning any requests for redemption or withdrawal from any of the Core Accounts. | Defendant objects to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |
| No. 40 *(as originally framed)* | Any and all documents concerning Your or Your father's review, control, and/or management of the BLMIS Accounts, including, but not limited to, realized or unrealized gain and loss calculations, rate of return analyses, margin balance calculations, and any inconsistencies or irregularities regarding such investments. | Defendant objects to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |

| DAVID SHAPIRO: REQUESTS HELD IN ABEYANCE | |
|---|---|
| **Request** | **Trustee's Request** |
| No. 5 *(as originally framed)* | All documents concerning the circumstances under which You or any Family Member began or continued to invest with BLMIS, including but not limited to documents concerning Your or any Family Member's decision to invest or to remain invested with BLMIS. |
| No. 9 *(as originally framed)* | All documents concerning any purported investment strategy of either BLMIS or Madoff or financial advice provided by either BLMIS or Madoff to You or any Family Member. |
| No. 10 *(as originally framed)* | All documents concerning the source of funds provided to BLMIS to purportedly invest in any of the BLMIS Accounts, including, but not limited to, the Portfolio Account, the Split-Strike Account or the Children's Trust Account. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |
| No. 17 *(as originally framed)* | All documents concerning any other entity or trust owned, managed, or controlled, either directly or indirectly, during the Applicable Period, by You or any Family Members (including but not limited to S&R Investment Company), including but not limited to any and all communications between or among You, any Family Members, or others regarding such entities and/or trusts, and including but not limited to communications sent or received by You on behalf of such entities or trusts. |
| No. 18 *(as originally framed)* | All documents concerning any gifts or the transfer of any funds to the LAD Trust, the David Shapiro 1989 Trust or the Trust f/b/o David Shapiro's Children, or any of the trustees thereof, during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |
| No. 19 *(as originally framed)* | Documents sufficient to show all monetary gifts that either or both of Your parents gave You, Your wife or both of You during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |
| No. 20 *(as originally framed)* | Documents sufficient to show all monetary gifts that You, Your wife or either or both of Your parents gave to any of Your children during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |

| DAVID SHAPIRO: REQUESTS HELD IN ABEYANCE | |
|---|---|
| *Request* | *Trustee's Request* |
| No. 21<br>*(as originally framed)* | All documents relating to any custodial bank account held for the benefit of any of Your children, including, but not limited, to JPMorgan Chase Bank, N.A. Account No. 2735265774. |
| No. 22<br>*(as originally framed)* | The retention agreement or engagement letter of any Accountant engaged by You or any Family Member to perform any type of services concerning any of the BLMIS Accounts. |
| Nos. 23 & 24<br>*(as later reframed)* | All documents provided to any members of the Shapiro Family by any accountant, and vice-versa, to perform any type of services concerning the Core Accounts. |
| No. 25<br>*(as originally framed)* | All documents provided to You or any Family Member concerning any income, gain, loss, any other benefit, and/or return purportedly realized, earned or otherwise obtained by You or any Family Member in connection with direct and/or indirect investments with BLMIS, including but not limited to the BLMIS Accounts. |
| No. 26<br>*(as originally framed)* | All communications between or among You, any Family Member, Paul Konigsberg, any other Accountant, any employee of BLMIS and/or Madoff concerning any tax issue or other matter relating to any of the BLMIS Accounts, including but not limited to the realization or generation of gains or losses in connection with any of the BLMIS Accounts. |
| No. 27<br>*(as later reframed)* | All tax returns, including drafts, filed by the LAD Trust, the Leslie Shapiro 1985 Trust, or the David Shapiro 1989 Trust. |
| No. 30<br>*(as later reframed)* | All documents and communications concerning the purported returns for any of the Core Accounts. |
| No. 31<br>*(as originally framed)* | All documents and communications concerning any comparisons between the performance of any of the BLMIS Accounts and the performance of any other BLMIS Accounts or any other investments. |

| DAVID SHAPIRO: REQUESTS HELD IN ABEYANCE | |
|---|---|
| *Request* | *Trustee's Request* |
| No. 32 *(as originally framed)* | All documents concerning Your receipt and/or review of account statements and/or trade confirmations for any of the BLMIS Accounts, and/or any such receipt and/or review undertaken on Your behalf. |
| No. 33 *(as originally framed)* | All communication between You and any government or regulatory agency or official concerning any of the BLMIS Accounts, BLMIS or Madoff, including but not limited to the United States Attorney's Office, the United States Attorney General's Office, the United States Securities and Exchange Commission or the Internal Revenue Service. |
| No. 34 *(as later reframed)* | Documents sufficient to identify transfers from the Core Accounts including but not limited to the date of the Transfer, the amount of the Transfer, the account name and account number for the BLMIS Account from which the transfer was made, the account name and account number for the account into which the transfer was made, and the method of the Transfer (wire, check, etc.). |
| No. 36 *(as originally framed)* | All documents concerning the reason for redemptions from BLMIS by You or any Family Member, including tax-related reasons. |
| No. 37 *(as originally framed)* | Documents sufficient to identify how You or any Family Member used, disbursed or further transferred any of the Transfers. |
| No. 38 *(as originally framed)* | Documents sufficient to identify each Subsequent Transfer made during the Applicable Period, including but not limited to the date of the Subsequent Transfer, the amount of the Subsequent Transfer, the account name and account number for the account from which the funds were transferred, the account name and account number for the account into which the funds were transferred, the method of the Subsequent Transfer (wire, check, etc.), the identity of the sender and recipient of the Subsequent Transfer, the ultimate and/or intended beneficiary of the Subsequent Transfer, and the reason for the Subsequent Transfer. |
| No. 39 *(as originally framed)* | Documents sufficient to identify how You or any Family Member used, disbursed or further transferred funds from each Subsequent Transfer during the Applicable Period. |

19

| DAVID SHAPIRO: REQUESTS HELD IN ABEYANCE | |
|---|---|
| *Request* | *Trustee's Request* |
| No. 41<br><br>*(as originally framed)* | Any and all documents concerning any of Your or Your wife's sources of income during the Applicable Period. |
| No. 42<br><br>*(as originally framed)* | Any and all documents concerning bank accounts or brokerage accounts held directly or indirectly by You or any Family Member into which any funds or other consideration were transferred directly or indirectly to or from BLMIS and/or Madoff for Your benefit, regardless of the institution in which the account is or was maintained, including, but not limited to, operating accounts, custodial accounts, retirement accounts, accounts held jointly by You and any Family Member, and accounts maintained by You for any other purpose.  Such accounts include, without limitation, the Account No. 967582407 or Account No. 2735265774 at JPMorgan Chase Bank, N.A., held by David Shapiro, individually or as a custodian.  For the avoidance of any doubt, this request shall include any and all monthly statements, account numbers, account holders, signatories, present and historical account balance information, incoming and outgoing wire transfer records, copies of checks deposited, copies of checks drawn, records reflecting cash activity, account opening documents, account management documents, account closing documents, account background documents, and documents reflecting communications concerning any of the above. |
| No. 43<br><br>*(as later reframed)* | All documents concerning Mr. Shapiro's role as trustee of the LAD Trust, the Leslie Shapiro 1985 Trust, or the David Shapiro 1989 Trust. |

| KENNETH CITRON AND LESLIE SHAPIRO CITRON: UNDISPUTED REQUESTS | | |
|---|---|---|
| Request | Trustee's Request | Kenneth Citron's and Leslie Shapiro Citron's Response |
| No. 1 *(as originally framed)* | All documents concerning the opening of any of the BLMIS Accounts. | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, already in Plaintiff's possession, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that have already been produced, and seeks documents that are privileged. |
| No. 2 *(as originally framed)* | All account statements concerning any of the BLMIS Accounts, including all original, draft, returned, altered, revised, amended or destroyed accounts statements. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, and already in Plaintiff's possession and seeks documents that have already been produced. Notwithstanding these objections, Defendants will produce all responsive documents that have not already been produced. |
| No. 3 *(as originally framed)* | All agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other documents executed between You or any of the Family Members, on the one hand, and BLMIS, on the other hand. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, and already in Plaintiff's possession and seeks documents that have already been produced. Notwithstanding these objections, Defendants will produce all relevant, responsive documents that have not already been produced. |
| No. 4 *(as originally framed)* | All other documents You or any Family Member received from BLMIS concerning any of the BLMIS Accounts. | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendants will produce responsive documents in their possession. |
| No. 12 *(as originally framed)* | All documents concerning any reported margin balance in any of the BLMIS Accounts. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, irrelevant, outside the relevant time period, seeks documents that are privileged, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendants will produce all responsive, relevant, and non-privileged documents in their possession. |
| No. 44 *(as originally framed)* | Any and all documents supporting or concerning any denial asserted in Your Answer to the Complaint. | Subject to the General Objections, Defendants will produce responsive documents in their possession, custody and/or control to the extent they exist and have not already been produced. Defendants specifically reserve the right to supplement this response and production. |

21

| KENNETH CITRON AND LESLIE SHAPIRO CITRON: UNDISPUTED REQUESTS | | |
|---|---|---|
| Request | Trustee's Request | Kenneth Citron's and Leslie Shapiro Citron's Response |
| No. 45 *(as originally framed)* | Any and all documents supporting or concerning any affirmative defenses, whether or not asserted, to the claims asserted in the Complaint. | Subject to the General Objections, Defendants will produce responsive documents in their possession, custody and/or control to the extent they exist and have not already been produced. Defendants specifically reserve the right to supplement this response and production. |

| KENNETH CITRON AND LESLIE SHAPIRO CITRON: DISPUTED REQUESTS | | |
|---|---|---|
| **Request** | **Trustee's Request** | **Kenneth Citron's and Leslie Shapiro Citron's Response** |
| No. 6 *(as later reframed)* | All documents and communications between [Leslie and Kenneth Citron], on the one hand, and Mr. Shapiro, on the other hand, concerning any of the Core Accounts or BLMIS. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, and not reasonably likely to lead to the discovery of admissible evidence. |
| No. 7 *(as later reframed)* | All documents and communications between [Leslie and Kenneth Citron], on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, concerning any of the Core Accounts or BLMIS. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents already in Plaintiffs' possession. |
| No. 8 *(as later reframed)* | All notes made by [Leslie and Kenneth Citron], Mr. Shapiro, Madoff, Annette Bongiorno, or any other BLMIS employee concerning any of the Core Accounts. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, and not reasonably likely to lead to the discovery of admissible evidence. |
| No. 11 *(as later reframed)* | All documents concerning any purported realized or unrealized gains, losses, or returns in connection with any of the Core Accounts. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, irrelevant, outside the relevant time period, seeks documents that are privileged, and seeks documents already in the possession of Plaintiff. |
| No. 13 *(as later reframed)* | All documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in connection [with] any of the Core Accounts. | Defendants object to this request on the grounds that it is overly broad, not reasonably likely to lead to the discovery of admissible evidence, and seeks documents already in the possession of Plaintiff. Defendants further object to this request on the ground that it calls for a legal conclusion. Notwithstanding these objections, Defendants will produce any and all account statements in their possession (See: Response No. 2). |
| No. 14 *(as later reframed)* | All documents concerning the destruction or the return to BLMIS of any statement, confirmation or any other account documents concerning any of the Core Accounts. | Defendants object to this request on the grounds that it is overly broad, not reasonably likely to lead to the discovery of admissible evidence, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendants will produce any and all account statements in their possession (See: Response No. 2). |
| No. 15 *(as later reframed)* | All documents concerning the formation of the LAD Trust, the Leslie Shapiro 1985 Trust, or the David Shapiro 1989 Trust. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that are privileged, and seeks documents relating to claims and parties that have been dismissed. |

| KENNETH CITRON AND LESLIE SHAPIRO CITRON: DISPUTED REQUESTS | | |
|---|---|---|
| **Request** | **Trustee's Request** | **Kenneth Citron's and Leslie Shapiro Citron's Response** |
| No. 16 *(as later reframed)* | All documents concerning amending or restating the LAD Trust, the Leslie Shapiro 1985 Trust, or the David Shapiro 1989 Trust. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that are privileged, and seeks documents relating to claims and parties that have been dismissed. |
| No. 28 *(as later reframed)* | All documents and communications concerning any due diligence, either performed by Mr. Shapiro or for his benefit, concerning Madoff, BLMIS, or any of the Core Accounts. | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence, and seeks documents relating to claims that have been dismissed. |
| No. 29 *(as later reframed)* | All documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether Mr. Shapiro suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity. | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |
| No. 35 *(as later reframed)* | All documents concerning any requests for redemption or withdrawal from any of the Core Accounts. | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents already in Plaintiff's possession, and seeks documents relating to claims that have been dismissed. |
| No. 40 *(as originally framed)* | Any and all documents concerning Your or any Family Member's review, control, and/or management of the BLMIS Accounts, including, but not limited to, realized or unrealized gain and loss calculations, rate of return analyses, margin balance calculations, and any inconsistencies or irregularities regarding such investments. | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |

| Request | Trustee's Request |
|---|---|
| **KENNETH CITRON AND LESLIE SHAPIRO CITRON: REQUESTS HELD IN ABEYANCE** | |
| No. 5<br>*(as originally framed)* | All documents concerning the circumstances under which You or any Family Member began or continued to invest with BLMIS, including but not limited to documents concerning Your or any Family Member's decision to invest or to remain invested with BLMIS. |
| No. 9<br>*(as originally framed)* | All documents concerning any purported investment strategy of either BLMIS or Madoff or financial advice provided by either BLMIS or Madoff to You or any Family Member. |
| No. 10<br>*(as originally framed)* | All documents concerning the source of funds provided to BLMIS to purportedly invest in any of the BLMIS Accounts, including, but not limited to, the Portfolio Account, the Split-Strike Account or the Children's Trust Account. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |
| No. 17<br>*(as originally framed)* | All documents concerning any other entity or trust owned, managed, or controlled, either directly or indirectly, during the Applicable Period, by You or any Family Members (including but not limited to S&R Investment Company), including but not limited to any and all communications between or among You, any Family Members, or others regarding such entities and/or trusts, and including but not limited to communications sent or received by You on behalf of such entities or trusts. |
| No. 18<br>*(as originally framed)* | All documents concerning any gifts or the transfer of any funds to the LAD Trust, the Leslie Shapiro 1985 Trust or the Trust f/b/o Leslie Shapiro Citron's Children, or any of the trustees thereof, during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |
| No. 19<br>*(as originally framed)* | Documents sufficient to show all monetary gifts that either or both of Your parents gave You during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |
| No. 20<br>*(as originally framed)* | Documents sufficient to show all monetary gifts that You or either or both of Your parents gave to any of Your children during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence. |

| KENNETH CITRON AND LESLIE SHAPIRO CITRON: REQUESTS HELD IN ABEYANCE | |
|---|---|
| **Request** | **Trustee's Request** |
| No. 21<br>*(as originally framed)* | All documents relating to any custodial bank accounts held for the benefit of any of Your children, including, but not limited, to JPMorgan Chase Bank, N.A. Account Nos. 790007886465, 790008103565, 790008103570, 790607989901, and 790610135501. |
| No. 22<br>*(as originally framed)* | The retention agreement or engagement letter of any Accountant engaged by You or any Family Member to perform any type of services concerning any of the BLMIS Accounts. |
| Nos. 23 & 24<br>*(as later reframed)* | All documents provided to any members of the Shapiro Family by any accountant, and vice-versa, to perform any type of services concerning the Core Accounts. |
| No. 25<br>*(as originally framed)* | All documents provided to You or any Family Member concerning any income, gain, loss, any other benefit, and/or return purportedly realized, earned or otherwise obtained by You or any Family Member in connection with direct and/or indirect investments with BLMIS, including but not limited to the BLMIS Accounts. |
| No. 26<br>*(as originally framed)* | All communications between or among You, any Family Member, Paul Konigsberg, any other Accountant, any employee of BLMIS and/or Madoff concerning any tax issue or other matter relating to any of the BLMIS Accounts, including but not limited to the realization or generation of gains or losses in connection with any of the BLMIS Accounts. |
| No. 27<br>*(as later reframed)* | All tax returns, including drafts, filed by the LAD Trust, the Leslie Shapiro 1985 Trust, or the David Shapiro 1989 Trust. |
| No. 30<br>*(as later reframed)* | All documents and communications concerning the purported returns for any of the Core Accounts. |
| No. 31<br>*(as originally framed)* | All documents and communications concerning any comparisons between the performance of any of the BLMIS Accounts and the performance of any other BLMIS Accounts or any other investments. |

| KENNETH CITRON AND LESLIE SHAPIRO CITRON: REQUESTS HELD IN ABEYANCE | |
| --- | --- |
| *Request* | *Trustee's Request* |
| No. 32 *(as originally framed)* | All documents concerning Your receipt and/or review of account statements and/or trade confirmations for any of the BLMIS Accounts, and/or any such receipt and/or review undertaken on Your behalf. |
| No. 33 *(as originally framed)* | All communication between You and any government or regulatory agency or official concerning any of the BLMIS Accounts, BLMIS or Madoff, including but not limited to the United States Attorney's Office, the United States Attorney General's Office, the United States Securities and Exchange Commission or the Internal Revenue Service. |
| No. 34 *(as later reframed)* | Documents sufficient to identify transfers from the Core Accounts including but not limited to the date of the Transfer, the amount of the Transfer, the account name and account number for the BLMIS Account from which the transfer was made, the account name and account number for the account into which the transfer was made, and the method of the Transfer (wire, check, etc.). |
| No. 36 *(as originally framed)* | All documents concerning the reason for redemptions from BLMIS by You or any Family Member, including tax-related reasons. |
| No. 37 *(as originally framed)* | Documents sufficient to identify how You or any Family Member used, disbursed or further transferred any of the Transfers. |
| No. 38 *(as originally framed)* | Documents sufficient to identify each Subsequent Transfer made during the Applicable Period, including but not limited to the date of the Subsequent Transfer, the amount of the Subsequent Transfer, the account name and account number for the account from which the funds were transferred, the account name and account number for the account into which the funds were transferred, the method of the Subsequent Transfer (wire, check, etc.), the identity of the sender and recipient of the Subsequent Transfer, the ultimate and/or intended beneficiary of the Subsequent Transfer, and the reason for the Subsequent Transfer. |
| No. 39 *(as originally framed)* | Documents sufficient to identify how You or any Family Member used, disbursed or further transferred funds from each Subsequent Transfer during the Applicable Period. |

| Request | Trustee's Request |
|---|---|
| **KENNETH CITRON AND LESLIE SHAPIRO CITRON: REQUESTS HELD IN ABEYANCE** | |
| No. 41 *(as originally framed)* | Any and all documents concerning any of Your sources of income during the Applicable Period. |
| No. 42 *(as originally framed)* | Any and all documents concerning bank accounts or brokerage accounts held directly or indirectly by You or any Family Member into which any funds or other consideration were transferred directly or indirectly to or from BLMIS and/or Madoff for Your benefit, regardless of the institution in which the account is or was maintained, including, but not limited to, operating accounts, custodial accounts, retirement accounts, accounts held jointly by You and any Family Member, and accounts maintained by You for any other purpose. Such accounts include, without limitation, the Account Nos. 790007886465, 790008103565, 790008103570, 790607989901, or 790610135501 at JPMorgan Chase Bank, N.A., held by Leslie Shapiro Citron, individually or as a custodian. For the avoidance of any doubt, this request shall include any and all monthly statements, account numbers, account holders, signatories, present and historical account balance information, incoming and outgoing wire transfer records, copies of checks deposited, copies of checks drawn, records reflecting cash activity, account opening documents, account management documents, account closing documents, account background documents, and documents reflecting communications concerning any of the above. |
| No. 43 *(as later reframed)* | All documents concerning Mr. Shapiro's role as trustee of the LAD Trust, the Leslie Shapiro 1985 Trust, or the David Shapiro 1989 Trust. |