# EXHIBIT 3

**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531

*Attorneys for Defendants*
*Kenneth Citron and Leslie Shapiro Citron*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION                  :
CORPORATION,                                    :
                                                :   Adv. Pro. No. 08-01789 (BRL)
                                                :
            Plaintiff-Applicant,                :
                                                :   SIPA LIQUIDATION
      v.                                        :
                                                :   (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT                    :
SECURITIES LLC,                                 :
                                                :
                                                :
            Defendant.                          :
---------------------------------------------------------------x
In re:                                          :
                                                :
BERNARD L. MADOFF,                              :
                                                :
                                                :
            Debtor,                             :
---------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation   :
of Bernard L. Madoff Investment Securities LLC, :
                                                :
                                                :   Adv. Pro. No. 10-05383 (BRL)
            Plaintiff,                          :
                                                :
                                                :
      v.                                        :
                                                :
                                                :
STANLEY SHAPIRO, *et al.*,                      :
                                                :
            Defendants.                         :
---------------------------------------------------------------x

**DEFENDANTS KENNETH CITRON AND LESLIE SHAPIRO CITRON'S RESPONSES**
**TO TRUSTEE IRVING H. PICARD'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO**
<u>**DEFENDANTS KENNETH CITRON AND LESLIE SHAPIRO CITRON**</u>

1

Defendants, Kenneth Citron and Leslie Shapiro Citron (the "Citrons" and/or "Defendants"), by and through their attorneys, Lax & Neville LLP, hereby submit to Plaintiff Irving H. Pircard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("Trustee" and/or "Plaintiff"), the following responses and objections to Trustee Irving H. Picard's First Set of Requests for Production of Documents to Defendants Kenneth Citron and Leslie Shapiro Citron. Defendants reserve the right to supplement these responses prior to the hearing of this matter. Reference to "responsive, relevant documents" refers only to those documents in Defendants' possession, custody and/or control.

## **GENERAL OBJECTIONS**

Each of the responses below is made subject to and without waiving the following general objections and explanatory statement:

1. The foregoing Responses and Objections are based upon the facts, documents and information presently known and available to Defendants. Discovery, investigation, and analysis are ongoing and may disclose the existence of additional facts, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations or changes to these Responses.

2. The agreement by Defendants to produce a document or category of documents is not a representation that such document or category of documents exists or is in Defendants' possession, custody and/or control.

3. Defendants object to each Item to the extent that it seeks information and/or documents protected from disclosure based on the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or substantive right, such as the right of privacy.

2

4. Defendants object to each Request to the extent it seeks documents that are not within their possession, custody and/or control.

5. Defendants object to each Request to the extent it seeks documents from an "Applicable Period" beyond the time period relevant to the claim or defense at issue.

6. Defendants object to each Request to the extent it seeks documents relating to claims against them that have been dismissed.

7. Defendants' production of any document shall not be construed as a waiver of any objection Defendants might later assert to Plaintiff's proposed introduction of such document into evidence.

8. Defendants' Responses and Objections to the individual requests shall be deemed to incorporate, and shall not be deemed a waiver of, these General Objections.

9. Defendants object to Items seeking "all" documents or "every" document to the extent that such requests require Defendants to do more than use reasonable diligence to locate responsive and non-privileged documents based on an examination of those files that may reasonably be expected to yield such documents. Such requests are overly broad, unduly burdensome, and oppressive.

## RESPONSES TO DOCUMENT REQUESTS

**BLMIS-Related Documents**

*Request No. 1:* **All documents concerning the opening of any of the BLMIS Accounts.**

**Response No. 1:** Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, already in Plaintiff's possession, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that have already been produced, and seeks documents that are privileged.

*Request No. 2:* **All account statements concerning any of the BLMIS Accounts, including all original, draft, returned, altered, revised, amended or destroyed accounts statements.**

**Response No. 2:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, and already in Plaintiff's possession and seeks documents that have already been produced. Notwithstanding these objections, Defendants will produce all responsive documents that have not already been produced.

*Request No. 3:* **All agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other documents executed between You or any of the Family Members, on the one hand, and BLMIS, on the other hand.**

**Response No. 3:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, and already in Plaintiff's possession and seeks documents that have already been produced. Notwithstanding these objections, Defendants will produce all relevant, responsive documents that have not already been produced.

*Request No. 4:* **All other documents You or any Family Member received from BLMIS concerning any of the BLMIS Accounts.**

**Response No. 4:** Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendants will produce responsive documents in their possession.

*Request No. 5:* **All documents concerning the circumstances under which You or any Family Member began or continued to invest with BLMIS, including but not limited to documents concerning Your or any Family Member's decision to invest or to remain invested with BLMIS.**

**Response No. 5:** Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, and already in Plaintiff's possession and seeks documents that are privileged.

4

*Request No. 6:* **All documents and communications between You and any Family Member concerning BLMIS or any of the BLMIS Accounts, including but not limited to the Portfolio Account, the Split-Strike Account or the Children's Trust Account.**

**Response No. 6:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, and not reasonably likely to lead to the discovery of admissible evidence.

*Request No. 7:* **All documents and communications between You or any Family Member, on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, regarding any of the BLMIS Accounts, including but not limited to notes, faxes, letters, calendar entries, emails or telephone records.**

**Response No. 7:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents already in Plaintiffs' possession.

*Request No. 8:* **All notes, whether made by You, any Family Member, Madoff, Annette Bongiorno or any other employee of BLMIS, concerning any of the BLMIS Accounts.**

**Response No. 8:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, and not reasonably likely to lead to the discovery of admissible evidence.

*Request No. 9:* **All documents concerning any purported investment strategy of either BLMIS or Madoff or financial advice provided by either BLMIS or Madoff to You or any Family Member.**

**Response No. 9:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, and not reasonably likely to lead to the discovery of admissible evidence.

*Request No. 10:* **All documents concerning the source of funds provided to BLMIS to purportedly invest in any of the BLMIS Accounts, including, but not limited to, the Portfolio Account, the Split-Strike Account or the Children's Trust Account. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence.**

**Response No. 10:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, and not reasonably likely to lead to the discovery of admissible evidence.

5

*Request No. 11:*    **All documents concerning any purported realized or unrealized gains, losses, or returns in connection with any of the BLMIS Accounts, including but not limited to any schedules of realized and/or unrealized gains and losses or other analyses performed by Stanley Shapiro, You or any Accountant concerning any of the BLMIS Accounts.**

**Response No. 11:**    Defendants object to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, irrelevant, outside the relevant time period, seeks documents that are privileged, and seeks documents already in the possession of Plaintiff.

*Request No. 12:*    **All documents concerning any reported margin balance in any of the BLMIS Accounts.**

**Response No. 12:**    Defendants object to this request on the grounds that it is overly broad, overly burdensome, not reasonably likely to lead to the discovery of admissible evidence, irrelevant, outside the relevant time period, seeks documents that are privileged, and seeks documents already in the possession of Plaintiff. Notwithstanding these objections, Defendants will produce all responsive, relevant, and non-privileged documents in their possession.

*Request No. 13:*    **All documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in any of the BLMIS Accounts, including but not limited to any account statement reflecting any backdated trade and/or any substitute or replacement account statement provided by BLMIS and/or Madoff to You, any Family Member, or any Accountant.**

**Response No. 13:**    Defendants object to this request on the grounds that it is overly broad, not reasonably likely to lead to the discovery of admissible evidence, and seeks documents already in the possession of Plaintiff. Defendants further object to this request on the ground that it calls for a legal conclusion. Notwithstanding these objections, Defendants will produce any and all account statements in their possession (See: Response No. 2).

*Request No. 14:*    **All documents concerning the destruction, the return to BLMIS or other disposition of any documents concerning any of the BLMIS Accounts, including but not limited to any account statements.**

**Response No. 14:**    Defendants object to this request on the grounds that it is overly broad, not reasonably likely to lead to the discovery of admissible evidence, and seeks documents already in the possession of Plaintiff. Notwithstanding

6

these objections, Defendants will produce any and all account statements in their possession (See: Response No. 2).

**Trust-Related Documents and Gifts**

*Request No. 15:* **All documents and communications concerning the formation of the LAD Trust, the Leslie Shapiro 1985 Trust or the Trust f/b/o Leslie Shapiro Citron's Children.**

**Response No. 15:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that are privileged, and seeks documents relating to claims and parties that have been dismissed.

*Request No. 16:* **All documents and communications concerning amending or restating the LAD Trust, the Leslie Shapiro 1985 Trust or the Trust f/b/o Leslie Shapiro Citron's Children.**

**Response No. 16:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that are privileged, and seeks documents relating to claims and parties that have been dismissed.

*Request No. 17:* **All documents concerning any other entity or trust owned, managed, or controlled, either directly or indirectly, during the Applicable Period, by You or any Family Members (including but not limited to S&R Investment Company), including but not limited to any and all communications between or among You, any Family Members, or others regarding such entities and/or trusts, and including but not limited to communications sent or received by You on behalf of such entities or trusts.**

**Response No. 17:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents that are privileged.

*Request No. 18:* **All documents concerning any gifts or the transfer of any funds to the LAD Trust, the Leslie Shapiro 1985 Trust or the Trust f/b/o Leslie Shapiro Citron's Children, or any of the trustees thereof, during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence.**

7

**Response No. 18:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents that are privileged, and seeks documents relating to claims and parties that have been dismissed.

*Request No. 19:* **Documents sufficient to show all monetary gifts that either or both of Your parents gave You during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence.**

**Response No. 19:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed.

*Request No. 20:* **Documents sufficient to show all monetary gifts that You or either of Your parents gave to any of Your children during the Applicable Period. For the avoidance of any doubt, such documents shall include, but are not limited to, bank statements, account ledgers, cancelled checks or correspondence.**

**Response No. 20:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims and parties that have been dismissed.

*Request No. 21:* **All documents relating to any custodial bank accounts held for the benefit of any of Your children, including, but not limited, to JPMorgan Chase Bank, N.A. Account Nos. 790007886465, 790008103565, 790008103570, 790607989901, and 790610135501.**

**Response No. 21:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims and parties that have been dismissed.

**Accounting-Related and Tax-Related Documents**

*Request No. 22:* **The retention agreement or engagement letter of any Accountant engaged by You or any Family Member to perform any type of services concerning any of the BLMIS Accounts.**

**Response No. 22:** Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not

8

|  |  |
|---|---|
| | reasonably likely to lead to the discovery of admissible evidence and seeks documents that are privileged. |
| *Request No. 23:* | **All documents provided to You or any Family Member by any Accountant engaged by You or any Family Member to perform any type of services concerning any of the BLMIS Accounts, including but not limited to schedules of realized or unrealized gains and losses or any other type of analysis.** |
| **Response No. 23:** | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents that are privileged. |
| *Request No. 24:* | **All documents You or any Family Member provided to any Accountant engaged by You or any Family Member to perform accounting services concerning any of the BLMIS Accounts.** |
| **Response No. 24:** | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents that are privileged. |
| *Request No. 25:* | **All documents provided to You or any Family Member concerning any income, gain, loss, any other benefit, and/or return purportedly realized, earned or otherwise obtained by You or any Family Member in connection with direct and/or indirect investments with BLMIS, including but not limited to the BLMIS Accounts.** |
| **Response No. 25:** | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence. |
| *Request No. 26:* | **All communications between or among You, any Family Member, Paul Konigsberg, any other Accountant, any employee of BLMIS and/or Madoff concerning any tax issue or other matter relating to any of the BLMIS Accounts, including but not limited to the realization or generation of gains or losses in connection with any of the BLMIS Accounts.** |
| **Response No. 26:** | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence. |
| *Request No. 27:* | **All tax returns, including drafts thereof, prepared for You or any Family Member during the Applicable Period whether filed, unfiled,** |

9

|  |  |
|---|---|
| | **amended or in draft form, and all supporting or related documents, schedules, work papers, journal entries, trial balances, calculations, and notes.** |
| **Response No. 27:** | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents protected by a privilege or expectation of privacy, including that of third-parties.. |

**Due Diligence**

|  |  |
|---|---|
| *Request No. 28:* | **All documents and communications concerning any due diligence, whether performed or not, pertaining to any of Your or any Family Member's investments and/or investment decisions, including but not limited to such documents concerning BLMIS and/or Madoff, Your decision whether or not to perform any due diligence on BLMIS and/or Madoff, and/or Your decision whether or not to have any due diligence performed on Your behalf or on behalf of any Family Member with regard to any investment, including but not limited to the BLMIS Accounts.** |
| **Response No. 28:** | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence, and seeks documents relating to claims that have been dismissed. |
| *Request No. 29:* | **All documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether You and/or the Accountants suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity.** |
| **Response No. 29:** | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |
| *Request No. 30:* | **All documents and communications concerning the purported returns on the BLMIS Accounts, including but not limited to the feasibility and consistency of returns or volatility of returns or any requests or attempts by You to adjust such returns.** |
| **Response No. 30:** | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and |

|  |  |
|---|---|
|  | not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |
| *Request No. 31:* | **All documents and communications concerning any comparisons between the performance of any of the BLMIS Accounts and the performance of any other BLMIS Accounts or any other investments.** |
| **Response No. 31:** | Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |
| *Request No. 32:* | **All documents concerning Your receipt and/or review of account statements and/or trade confirmations for any of the BLMIS Accounts, and/or any such receipt and/or review undertaken on Your behalf.** |
| **Response No. 32:** | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence, seeks documents relating to claims that have been dismissed, and seeks documents that are privileged. |
| *Request No. 33:* | **All communication between You and any government or regulatory agency or official concerning any of the BLMIS Accounts, BLMIS or Madoff, including but not limited to the United States Attorney's Office, the United States Attorney General's Office, the United States Securities and Exchange Commission or the Internal Revenue Service.** |
| **Response No. 33:** | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence. |

**Transfers and Subsequent Transfers**

|  |  |
|---|---|
| *Request No. 34:* | **Documents sufficient to identify the Transfers to You or Your wife, including but not limited to the date of the Transfer, the amount of the Transfer, the account name and account number for the BLMIS Account from which the funds were transferred, the account name and account number for the account into which the funds were transferred, the method of the Transfer (wire, check, etc.), the identity of the sender and recipient of the Transfer, the ultimate and/or intended beneficiary of the Transfer, and the reason for the Transfer, including whether any Transfer was made to benefit another person.** |

11

**Response No. 34:** Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents already in Plaintiff's possession, and seeks documents relating to claims that have been dismissed.

*Request No. 35:* **All documents reflecting any actual, proposed, or contemplated requests for redemption or withdrawal by You or any Family Member or made on Your behalf or on behalf of any Family Member from any of the BLMIS Accounts, and the means and terms of payment.**

**Response No. 35:** Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, not reasonably likely to lead to the discovery of admissible evidence, seeks documents already in Plaintiff's possession, and seeks documents relating to claims that have been dismissed.

*Request No. 36:* **All documents concerning the reason for redemptions from BLMIS by You or any Family Member, including tax-related reasons.**

**Response No. 36:** Defendants object to this request on the grounds that it is vague overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed.

*Request No. 37:* **Documents sufficient to identify how You or any Family Member used, disbursed or further transferred any of the Transfers.**

**Response No. 37:** Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed.

*Request No. 38:* **Documents sufficient to identify each Subsequent Transfer made during the Applicable Period, including but not limited to the date of the Subsequent Transfer, the amount of the Subsequent Transfer, the account name and account number for the account from which the funds were transferred, the account name and account number for the account into which the funds were transferred, the method of the Subsequent Transfer (wire, check, etc.), the identity of the sender and recipient of the Subsequent Transfer, the ultimate and/or intended beneficiary of the Subsequent Transfer, and the reason for the Subsequent Transfer.**

**Response No. 38:**   Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed.

*Request No. 39:*   **Documents sufficient to identify how You or any Family Member used, disbursed or further transferred funds from each Subsequent Transfer during the Applicable Period.**

**Response No. 39:**   Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed.

**Income, Assets, and Investments**

*Request No. 40:*   **Any and all documents concerning Your or any Family Member's review, control, and/or management of the BLMIS Accounts, including, but not limited to, realized or unrealized gain and loss calculations, rate of return analyses, margin balance calculations, and any inconsistencies or irregularities regarding such investments.**

**Response No. 40:**   Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed.

*Request No. 41:*   **Any and all documents concerning any of Your sources of income during the Applicable Period.**

**Response No. 41:**   Defendants object to this request on the grounds that it is vague, overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence.

*Request No. 42:*   **Any and all documents concerning bank accounts or brokerage accounts held directly or indirectly by You or any Family Member into which any funds or other consideration were transferred directly or indirectly to or from BLMIS and/or Madoff for Your benefit, regardless of the institution in which the account is or was maintained, including, but not limited to, operating accounts, custodial accounts, retirement accounts, accounts held jointly by You and any Family Member, and accounts maintained by You for any other purpose. Such accounts include, without limitation, the Account Nos. 790007886465, 790008103565, 790008103570, 790607989901, or 790610135501 at JPMorgan Chase Bank, N.A., held by Leslie Shapiro Citron, individually or as a custodian. For the avoidance of any doubt,**

13

|||
|---|---|
| | **this request shall include any and all monthly statements, account numbers, account holders, signatories, present and historical account balance information, incoming and outgoing wire transfer records, copies of checks deposited, copies of checks drawn, records reflecting cash activity, account opening documents, account management documents, account closing documents, account background documents, and documents reflecting communications concerning any of the above.** |
| **Response No. 42:** | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence and seeks documents relating to claims that have been dismissed. |
| *Request No. 43:* | **Documents sufficient to show Your interest(s), whether direct or indirect, in any real estate, including, but not limited to, cooperative apartments and/or investment vehicles through which any such real estate interest is held.** |
| **Response No. 43:** | Defendants object to this request on the grounds that it is overly broad, overly burdensome, irrelevant, outside the relevant time period, and not reasonably likely to lead to the discovery of admissible evidence. |
| *Request No. 44:* | **Any and all documents supporting or concerning any denial asserted in Your Answer to the Complaint.** |
| **Response No. 44:** | Subject to the General Objections, Defendants will produce responsive documents in their possession, custody and/or control to the extent they exist and have not already been produced. Defendants specifically reserve the right to supplement this response and production. |
| *Request No. 45:* | **Any and all documents supporting or concerning any affirmative defenses, whether or not asserted, to the claims asserted in the Complaint.** |
| **Response No. 45:** | Subject to the General Objections, Defendants will produce responsive documents in their possession, custody and/or control to the extent they exist and have not already been produced. Defendants specifically reserve the right to supplement this response and production. |

Dated: New York, New York
November 23, 2016

**LAX & NEVILLE LLP**

*/s/ Barry R. Lax*
Barry R. Lax, Esq.
Robert R. Miller, Esq.
1450 Broadway, 35th Floor
New York, NY 10018
Tel: (212) 696-1999

*Attorneys for Defendants*
*Kenneth Citron and Leslie Shapiro Citron*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this Twenty-Third day of November, 2016 by Federal Express and electronic mail upon the following:

Torello H. Calvani, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

                                                                    */s/ Robert R. Miller*
                                                                    Robert R. Miller, Esq.
                                                                    **LAX & NEVILLE LLP**

                                                                    *Attorneys for Defendants*
                                                                    *Kenneth Citron and Leslie Shapiro Citron*

16