# EXHIBIT 5

LAX NEVILLE
ATTORNEYS AT LAW

LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS

ROBERT R. MILLER
MARY GRACE WHITE

OF COUNSEL
ROBERT J. MOSES
LISA A. CATALANO

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

October 1, 2017

**VIA EMAIL**

Torello H. Calvani
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

*Re: Picard v. Shapiro, et al., Adv. Pro. Nos. 10-05383 (SMB)*

Dear Torello:

We write in response to the Trustee's September 25 letter to the Court regarding the Rule 7007 conference scheduled for October 5. Defendants filed their Rule 7007 request on July 14. The Trustee joined Defendants' request on August 17. Both parties submitted to the Court the issue of the Trustee's third-party subpoenas to JP Morgan Chase, Wells Fargo and Bank of America, which the Trustee represents were issued to confirm "the initial transfers underlying the Trustee's net-equity calculations for the relevant accounts in this proceeding." Both parties acknowledged that stipulations to the initial transfers would moot the subpoenas and resolve the issue before the Court. Neither party submitted other discovery issues prior to the Trustee's September 25 letter.

We do not believe that the Trustee's September 25 letter is procedurally sufficient or timely, particularly to the extent that it seeks a hearing on requests for production or admission to Leslie Citron, Kenneth Citron or David Shapiro, the subpoenas for whose records were mooted by the Trustee's August 17 letter. The Trustee suggests that he raised RFAs and RFPs to Defendants in his August 17 letter by writing "Defendants' objections to the subpoenas implicate certain of the same issues raised by their" discovery responses, but Exhibits 1-3, setting forth the requests to Stanley Shapiro "to which the Trustee still seeks responses," are far broader than initial transfers and should not be argued at the October 5 hearing. As for those requests that, like the Trustee's subpoenas, ostensibly seek to confirm "the initial transfers underlying the Trustee's net-equity calculations," we note again that the Trustee has not asked Mr. Shapiro to simply admit to all initial transfers.

Among other mischaracterizations of the parties' last Rule 7007 conference, the Trustee's August 17 letter quotes the Court for the proposition that "the Trustee is entitled to seek discovery to confirm the receipt of initial transfers made by BLMIS…" This is half-true:

THE COURT: So if you look at Number 66, first response, admit that between March 1st, 2003, and December 11th, 2008, a total of $4 million, whatever, was withdrawn from this flood [sic] strike account. My first question is, isn't this the account that's no longer part of the case?

MR. ROLLINSON: It is, but only subject to the two-year liability and --

THE COURT: Okay.

MR. ROLLINSON: -- it's to your point, Your Honor, we need (indiscernible) --

THE COURT: Okay, okay. And that's admitted. And then, the next question is, had Leslie Citron received it? What difference does it make whether she received it, if the money is withdrawn, and they admit it? This was her account, right?

MR. ROLLINSON: That's correct.

***

THE COURT: So she admits, and you know, she's got a very limited exposure left in this case. If she admits that all of the withdrawals within the two years, the Split Strike account were fictitious profits, and I guess she received it, to the extent that's an issue, do you need anything more from her, on her liability?

MR. ROLLINSON: On her liability, no, Your Honor. And that was part of our back and forth for the stipulation.

(Tr. at 57:19-58:9; 59:8-16). In fact, it was not only "part of our back and forth for the stipulation," from the beginning of which Defendants agreed to stipulate to the facts relevant to net equity, but has already been admitted by Defendants in response to the Trustee's Requests for Admission:

MR. MILLER: Well, I think that this is, particularly I've just checked, I've cross referenced the same request to Stanley Shapiro, admit that between January 1st, 1990 to December 11, 2008, a total of $3,037,500 was withdrawn



from the portfolio account, which Stanley Shapiro has admitted. And so –

THE COURT: So what are you (indiscernible) in this Court? If he's admitted it and he's the defendant on that, really the target defendant on that charge.

MR. ROLLINSON: I would agree with that, Your Honor. I mean, I didn't cross reference every one of these --

(Tr. at 55:7-17). Following the hearing, Jamie told us that he would cross-reference the requests and send us the results. We do not believe this was ever done, nor do the most recent draft stipulations to Leslie Citron, Ken Citron and David Shapiro suggest that the Trustee has ascertained which facts are already admitted by one or more Defendants.

Mr. Shapiro has admitted withdrawals or deposits in response to every request he received seeking admission of withdrawals or deposits, but the Trustee, for reasons unknown to us, chose to limit these requests to certain accounts. Mr. Shapiro will stipulate to the total cash deposits and cash withdrawals stated for the following accounts in Exhibit B to the Second Amended Complaint: 1SH014; 1SH172; 1SH027; 1SH028; 1SH029; 1SH030. As the Court observed, these facts, combined with the ownership of the accounts, are sufficient to establish net equity. In order to lay this issue to rest, however, Mr. Shapiro will also stipulate (1) as manager, that S&R Investment Company received all initial transfers within the relevant time period and (2) as trustee, that the David Trust (1SH027, 1SH028) and Leslie Trust (1SH029, 1SH030) received all initial transfers within the relevant time period.

The parties have previously failed to reach agreement on the stipulations because the Trustee, attempting to circumvent the Court's dismissal of the subsequent transfer claims, persisted in the argument that a trust is not a legal entity, which the Court rejected a year and a half ago. We believe, however, that this stipulation, together with the admissions of Leslie Citron, David Shapiro and Mr. Shapiro, obviates the Trustee's stated basis for seeking Mr. Shapiro's personal financial records.[1] The stipulation should be limited to these facts and the Trustee's agreement to (a) immediately withdraw his subpoenas to JP Morgan Chase, Bank of America and Wells Fargo and (b) not seek documents or other discovery from any bank or other financial institution at which Mr. Shapiro has held or currently holds an account.

As to the RFAs and RFPs to Mr. Shapiro, they cannot be shoehorned into the original 7007 request on the ground that the subpoenas' problems of overbreadth and irrelevance are shared by certain RFAs and RFPs. We intend to object to your request in the event that it is not withdrawn, but we have specifically addressed each of your remaining requests to Mr. Shapiro in Exhibit 1 (RFPs) to this letter. We have stated new responses to certain RFPs and suggested alternatives to others. We renew our objections to the RFAs restated in Exhibits 2 and 3 to the Trustee's

[1] While there is no evidence of "Stanley Shapiro's efforts to withdraw funds from BLMIS in advance of its inevitable collapse," and the Trustee is aware that Mr. Shapiro continued to deposit money into various BLMIS accounts up to "its inevitable collapse," the Trustee is already in possession of a complete record of withdrawals from each of the BLMIS accounts.

September 25 letter, none of which seek facts relevant to claims or defenses in this case and all of which are, regardless, resolved by the stipulation.

In the interest of resolving this issue in advance of the October 5 conference, which should no longer be necessary, please send us the draft stipulation as soon as possible.

Regards,

***/s/ Barry R. Lax***
Barry R. Lax, Esq.

**EXHIBIT 1**

**DEFENDANT STANLEY SHAPIRO'S RESPONSES AND OBJECTIONS TO "REQUESTS STILL IN DISPUTE IN CONNECTION WITH TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STANLEY SHAPIRO"**

The reservation of rights and General Objections set forth by Defendant Stanley Shapiro's Responses and Objections to the Trustee's First Set of Requests for Production of Documents are incorporated by reference herein. The redline is the Trustee's.

5. All documents concerning the circumstances under which Mr. ShapiroYou or any Family Member began or continued to invest with BLMIS, including but not limited to documents concerning Your or any Family Member's his decision to invest or to remain invested with BLMIS.

**RESPONSE 5:** Mr. Shapiro objects to Request 5 on the grounds that it is overly broad, burdensome, irrelevant, vague and not proportionate to the needs of the case. "All documents concerning **the circumstances** under which Mr. Shapiro began **or continued** to invest with BLMIS" is too broad to have meaning.

Notwithstanding the foregoing objections, Mr. Shapiro will produce or has already produced "documents concerning his decision to invest with BLMIS" to the extent they exist and are within his possession, custody and/or control.

6. All documents and communications between You and any Family Member concerning BLMIS or any of 1SH014, 1SH028, 1SH030, 1SH079, and 1SH172 (the "BLMI AccountsCore Accounts").

**RESPONSE:** Mr. Shapiro objects to Request 6 on the grounds that it is overly broad, burdensome, irrelevant, related to claims that have been dismissed, and not proportionate to the needs of the case.

Notwithstanding the foregoing objections, to the extent that the Trustee is seeking documents and communications relating to or evidencing "Stanley's knowledge" of an alleged Ponzi scheme at BLMIS, no such

documents exist.

7. All documents and communications between Mr. Shapiro~~You or any Family Member~~, on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, regarding any of the BLMIS Accounts, including but not limited to notes, faxes, letters, calendar entries, emails or telephone records.

**RESPONSE:** Mr. Shapiro objects to Request 7 on the grounds that it is overly broad, burdensome, irrelevant, outside the relevant time period, related to claims that have been dismissed, and not proportionate to the needs of the case.

Notwithstanding the foregoing objections, to the extent that the Trustee is seeking documents and communications relating to or evidencing "Stanley's knowledge" of an alleged Ponzi scheme at BLMIS, no such documents exist.

8. All notes, whether made by Mr. Shapiro~~You, any Family Member~~, Madoff, Annette Bongiorno or any other employee of BLMIS, concerning any of the ~~BLMIS Accounts~~Core Accounts.

**RESPONSE:** Mr. Shapiro objects to Request 8 on the grounds that it is overly broad, burdensome, irrelevant, outside the relevant time period, related solely to claims that have been dismissed, and not proportionate to the needs of the case and seeks documents protected by the attorney-client or other privilege.

Notwithstanding the foregoing objections, to the extent that the Trustee is seeking notes relating to or evidencing "Stanley's knowledge" of an alleged Ponzi scheme at BLMIS, no such documents exist.

9. All documents concerning any purported investment strategy of either BLMIS or Madoff or financial advice provided by either BLMIS or Madoff to Mr. Shapiro~~You or any Family Member~~.

**RESPONSE:** Mr. Shapiro objects to Request 9 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case.

Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce responsive documents.

11. All documents or communications between You and any other BLMIS investors,

regardless of whether such individuals were BLMIS investors at the time of the communication (including but not limited to Ed Kostin, Carl Shapiro, and/or any investors You referred to BLMIS), concerning BLMIS.

**RESPONSE:** Mr. Shapiro objects to Request 11 on the grounds that it is overly broad, burdensome, irrelevant, outside the relevant time period, related to claims that have been dismissed, and not proportionate to the needs of the case.

Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce all documents and communications between Mr. Shapiro and Ed Kostin and Carl Shapiro concerning BLMIS to the extent they exist and are within his possession, custody and/or control.

14. All documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in any of the BLMIS Accounts, including but not limited to any account statement reflecting any backdated trade and/or any substitute or replacement account statement provided by BLMIS and/or Madoff to You, any Family Member, or any Accountant.

**RESPONSE:** Mr. Shapiro objects to Request 14 to the extent of its characterizations of the documents.

Mr. Shapiro has produced or will produce BLMIS account statements in his possession, custody and/or control.

15. All documents concerning the destruction, the return to BLMIS or other disposition of any documents concerning any of the BLMIS Accounts, including but not limited to any account statements.

**RESPONSE:** Mr. Shapiro objects to Request 15 on the grounds that it is vague, overly broad, and not proportionate to the needs of the case.

Mr. Shapiro has produced or will produce BLMIS account statements in his possession, custody and/or control.

19. All documents and communications concerning the formation of the LAD Trust, the Adam Shapiro 1985 Trust, the Leslie Shapiro 1985 Trust or the David Shapiro 1989 Trust~~, the Trust f/b/o David Shapiro's Children or the Trust f/b/o Leslie Shapiro Citron's Children.~~

**RESPONSE:** Mr. Shapiro objects to Request 19 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and

seeks documents that are privileged.

Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce non-privileged documents and communications concerning the formation of the LAD Trust, the Leslie Shapiro 1985 Trust and the David Shapiro 1989 Trust to the extent they exist and are within his possession, custody and/or control.

20. All documents and communications concerning amending or restating the LAD Trust, the Adam Shapiro 1985 Trust, the Leslie Shapiro 1985 Trust or the David Shapiro 1989 Trust~~, the Trust f/b/o David Shapiro's Children or the Trust f/b/o Leslie Shapiro Citron's Children~~.

**RESPONSE:** Mr. Shapiro objects to Request 20 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.

Notwithstanding the foregoing objections, Mr. Shapiro has produced or will produce all non-privileged documents and communications concerning the formation of the LAD Trust, the Leslie Shapiro 1985 Trust and the David Shapiro 1989 Trust to the extent they exist and are within his possession, custody and/or control.

25. All documents provided to Mr. Shapiro ~~You or any Family Member~~ by any Accountant engaged ~~by You or any Family Member~~ to perform any type of services concerning any of the Core Accounts~~BLMIS Accounts, including but not limited to schedules of realized or unrealized gains and losses or any other type of analysis~~.

**RESPONSE:** Mr. Shapiro objects to Request 25 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.

26. All documents Mr. Shapiro ~~You or any Family Member~~ provided to any Accountant engaged ~~by You or any Family Member~~ to perform accounting services concerning any of the Core Accounts~~BLMIS Accounts~~.

**RESPONSE:** Mr. Shapiro objects to Request 26 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.

29. All communications between or among Mr. Shapiro~~You, any Family Member~~, Paul Konigsberg, any other Accountant, any employee of BLMIS and/or Madoff concerning any tax

issue or other matter relating to any of the BLMIS Accounts, including but not limited to the realization or generation of gains or losses in connection with any of the ~~BLMIS Accounts~~Core Accounts.

**RESPONSE:** Mr. Shapiro objects to Request 29 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.

Notwithstanding these objections, Mr. Shapiro has produced or will produce communications between Mr. Shapiro and any employee of BLMIS and/or Madoff concerning tax issues and the Core Accounts to the extent they exist and are within his possession, custody and/or control.

31. All documents and communications concerning any of Mr. Shapiro's due diligence, if any, ~~whether performed or not, pertaining to any of Your or any Family Member's investments and/or investment decisions, including but not limited to such documents~~ concerning BLMIS and/or Madoff, Your decision whether or not to perform any due diligence on BLMIS, ~~and/or~~ Madoff, or any of the Core Accounts ~~and/or Your decision whether or not to have any due diligence performed on Your behalf or on behalf of any Family Member with regard to any investment, including but not limited to the BLMIS Accounts~~.

**RESPONSE:** Mr. Shapiro objects to Request 31 on the grounds that it is overly broad, burdensome, irrelevant, vague, and not proportionate to the needs of the case and seeks documents that are privileged.

32. All documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether You and/or the Accountants suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity.

**RESPONSE:** Mr. Shapiro objects to Request 32 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.

Notwithstanding these objections, to the extent the Trustee seeks documents and communications prior to December 2008, no responsive documents exist.

33. All documents and communications concerning the purported returns for any of the Core

Accounts.~~on the BLMIS Accounts, including but not limited to the feasibility and consistency of returns or volatility of returns or any requests or attempts by You to adjust such returns.~~

**RESPONSE:** Mr. Shapiro objects to Request 33 on the grounds that it is overly broad, burdensome, irrelevant, and not proportionate to the needs of the case and seeks documents that are privileged.

Notwithstanding these objections, Mr. Shapiro has produced or will produce non-privileged responsive documents to the extent they exist and are in his possession, custody and/or control.

38. All documents concerning any actual, proposed, or contemplated requests for redemption or withdrawal ~~by You or any Family Member or made on Your behalf or on behalf of any Family Member~~ from any of the Core Accounts~~BLMIS Accounts, and the means and terms of payment~~.

**RESPONSE:** Mr. Shapiro objects to Request 38 on the grounds that it is overly broad, burdensome, irrelevant, related to claims that have been dismissed, and not proportionate to the needs of the case.

43. All documents concerning Mr. Shapiro's ~~Your~~ review, control, ~~and/or~~ management or any other type of activity for the Core Accounts ~~of the BLMIS Accounts or any of Your or any Family Member's other investments, including but not limited to realized or unrealized gain and loss calculations, rate of return analyses, margin balance calculations, and any inconsistencies or irregularities regarding such investments~~.

**RESPONSE:** Mr. Shapiro objects to Request 43 on the grounds that it is overly broad, burdensome, irrelevant, vague, related to claims that have been dismissed, and not proportionate to the needs of the case and seeks documents that are privileged.