**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK PLC, et al.,<br><br>Defendants. | **FIRST AMENDED CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 09-01364 (SMB) |

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the Chapter 7 estate of Bernard L. Madoff individually, by and through his undersigned counsel, and defendant Alpha Prime Fund Ltd. ("Alpha Prime" together with the Trustee, the "Parties" and each a "Party"), by and through their undersigned counsel, hereby submit the following proposed case management plan pursuant to

Rules 16 and 26 of the Federal Rules of Civil Procedure, applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.[1]

1. Relevant Procedural History.

    a. On December 5, 2010, the Trustee filed an amended complaint (the "Amended Complaint"), naming sixty-one defendants, including Alpha Prime and Alpha Prime Asset Management Ltd. ("APAM").

    a. Defendants Alpha Prime, APAM, Senator Fund SPC, Carruba Asset Management, Regulus Asset Management, and Tereo Trust Company Limited answered the Amended Complaint. Alpha Prime and Senator Fund asserted cross-claims against certain HSBC defendants. On February 27, 2015, HSBC Securities Services (Bermuda) Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank Bermuda Limited, HSBC Securities Services (Luxembourg) S.A., and HSBC Bank plc moved to dismiss the cross-claims. On December 14, 2016, the Bankruptcy Court issued its Memorandum Decision Granting HSBC Defendants' Motion to Dismiss Cross-Claims.

    b. Many of the defendants, including HSBC Securities Services (Bermuda) Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank Bermuda Limited, HSBC Securities Services (Luxembourg) S.A., HSBC Bank plc, HSBC Holdings plc, HSBC Institutional Trust Services (Ireland) Ltd., HSBC Securities Services (Ireland) Ltd., HSBC Bank (Cayman Islands) Ltd., HSBC Private Bank Holdings (Suisse) S.A., HSBC Private Bank (Suisse) S.A., and HSBC Fund Services (Luxembourg) S.A., joined in a consolidated motion to dismiss the Trustee's claims under section 550 of the Bankruptcy Code, based on extraterritoriality. On

---

[1] The Amendments to the Federal Rules of Civil Procedure effective December 1, 2015 shall apply to this First Amended Case Management Plan.

2

November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Extraterritoriality Decision") granting the consolidated motion to dismiss based on extraterritoriality.  The Trustee and defendant HSBC Bank USA, N.A. stipulated to a limited application of the Extraterritoriality Decision to HSBC Bank USA, N.A. resulting in the dismissal of the Trustee's claims but only insofar as they sought to recover transfers HSBC Bank USA, N.A. received from Fairfield Sentry Limited and Harley International (Cayman) Limited.  The Trustee has appealed the Extraterritoriality Decision; the appeal is now pending before the United States Court of Appeals for the Second Circuit.

      c. Through settlements and voluntary dismissals, the Trustee has dismissed his claims against several of the defendants named in the Amended Complaint: UniCredit S.p.A., UniCredit Bank Austria AG, Primeo Fund, Herald (Lux) SICAV, Herald Fund SPC, Senator Fund SPC, Pioneer Alternative Management Ltd., Equus Asset Management Partners L.P., Genevalor, Benbassat et Cie, Cape Investment Advisors Ltd., APAM, Aurelia Fund Management Ltd., Aurelia Asset Management Partners, Alberto Benbassat, Stephane Benbassat, the Estate of Mario Benbassat, Roberto Nespolo, David T. Smith, Laurent Mathysen-Gerst, Vladimir Stepczynski, Jean-Marc Wenger, Pascal Cattaneo, Olivier Ador, T+M Trusteeship & Management Services S.A., GTM Management Services Corp. N.V., Hermes Asset Management Limited, Thema Asset Management (Bermuda) Ltd., Lagoon Investment Trust, Lagoon Investment Limited, Hermes International Fund Limited, Thema Fund Limited, Thema Wise

Investments Limited, Equus Asset Management, Thema International Fund plc; Ursula Radel-Lesczcynski; Regulus Asset Management Limited; and Carruba Asset Management Limited.[2]

        d.    The Trustee and Alpha Prime reached a partial settlement, memorialized in an agreement dated February 9, 2018 (the "Partial Settlement Agreement"). Through the Partial Settlement Agreement, the Trustee and Alpha Prime: (i) resolved the Trustee's claims to avoid the transfers Alpha Prime received in the two years prior to December 11, 2008, the date on which the Securities and Exchange Commission filed a complaint against BLMIS and Madoff in the United States District Court for the Southern District of New York, commencing the liquidation of BLMIS's and Madoff's assets (the "Filing Date"); and (ii) agreed to allow Alpha Prime's customer claim in the amount of $238,137,450, which is equal to 95% of Alpha Prime's net equity. The Trustee and Alpha Prime reserved their rights to litigate the following remaining issues in this Adversary Proceeding:

    (i)    whether Alpha Prime is entitled to a claim under section 502(h) of the Bankruptcy Code in respect of its $76,450,000 payment to the Trustee and the treatment such section 502(h) claim may receive, including without limitation the issues of: (a) whether such section 502(h) claim is to be treated as a customer claim or another type of claim, including a general creditor claim; (b) whether such section 502(h) claim is equal in priority to other allowed customer claims against the BLMIS Estate, or if a different priority system is to be utilized; and (c) if such section 502(h) claim is subordinated or otherwise not treated the same as other customer claims, how it will be allowed and paid;

    (ii)    whether the Trustee may avoid and recover the transfers Alpha Prime received in the period between two years and six years prior to the Filing Date, totaling approximately $6,720,000, and in the event of such avoidance, the treatment a resulting section 502(h) claim would receive, including without limitation, the issues raised in section 1(e)(i), above; and

---

[2] In connection with the settlement of Senator Fund controversies and concurrently herewith in connection with the partial settlement of the Alpha Prime controversies, the Trustee released Ursula Radel-Lesczcynski and APAM.

4

    (iii)    the treatment of the remaining 5% of Alpha Prime's net equity claim, totaling approximately $12,533,550 (the "Disputed Customer Claim") (which is the portion not allowed under the Partial Settlement Agreement), including without limitation, the claims to disallow or equitably subordinate the Disputed Customer Claim or a portion thereof, and the claims to treat the Disputed Customer Claim or some portion thereof as a general creditor claim, a customer claim, or something else.

2. Discovery Plan

    a. <u>Initial Disclosures</u>. Alpha Prime served its initial disclosures on November 9, 2015. The Trustee served his initial disclosures on November 17, 2015.

    b. <u>Subjects on Which Discovery May Be Needed</u>. The Parties contemplate that discovery will be needed on all liability and damages issues with respect to the Trustee's remaining claims and Alpha Prime's defenses, including, but not limited to, claims of imputation. The Parties further contemplate that fact and expert discovery will be needed.

    c. <u>Document Requests</u>.

        (i)    The Trustee served his First Set of Requests for the Production of Documents upon Alpha Prime on January 27, 2016; Alpha Prime served its responses and objections on February 25, 2016. The Trustee contends that Alpha Prime's responses and objections are deficient because, among other things, they are not particularized to each request. Alpha Prime served its First Set of Requests for Production of Documents on March 14, 2016; the Trustee served his Responses and Objections on April 22, 2016.

        (ii)    Alpha Prime contends that, on or about February 25, 2016, it turned over every document in its control, custody and possession by placing documents in an electronic "dropbox," and that it believed it had no further documents to produce to the Trustee. On or about July 25, 2016, in compliance with its obligations under the Federal Rules of Civil Procedure, Alpha Prime supplemented its electronic "dropbox" production and again contended that it had produced every document in its possession, custody, and control, and that it had no further documents to produce to the Trustee. The Trustee contends that deficiencies remain in Alpha Prime's production, and reserved his rights to raise the deficiencies of those productions.

5

d. On or about February 18, 2016, the Trustee served his First Request for Production of Documents on various HSBC defendants.

e. Additional requests for the production of documents may be served as needed, provided they are served with sufficient time to respond before the Discovery Cut-Off Date, which is defined below.

f. <u>Informal Interviews</u>. To aid settlement discussions, Alpha Prime agreed to allow the Trustee to informally interview certain current and former Alpha Prime directors. The interviews were conducted without the subjects being placed under oath and were not recorded or transcribed.

    (i) On December 14 and 15, 2015, the Trustee conducted interviews of Ursula Radel-Leszczynski and Peter Fischer.

    (ii) On August 1, 2, and 3, 2016, the Trustee conducted follow-up interviews of Radel-Leszczynski and Fischer.

    (iii) On August 4, 2016, the Trustee conducted an interview of Stefan Zapotocky.

g. The Trustee anticipates the need for discovery from various third parties located outside of the United States, including individuals and entities that were affiliated with Alpha Prime, including without limitation, certain of the HSBC defendants dismissed by the Extraterritoriality Decision, former and existing officers, directors, and employees of Pioneer Alternative Investment Management Limited, UniCredit S.p.A., UniCredit Bank Austria AG, BA Worldwide Fund Management Ltd., Alpha Prime, Senator Fund SPC, Primeo Fund, Herald Fund SPC, Herald (Lux) SICAV, APAM, and others. To obtain discovery from those entities, the Trustee anticipates the need to proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International

6

Discovery"). To the extent that the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules.

      h.    The Trustee will produce to Alpha Prime copies of all documents received in International Discovery without need for Alpha Prime to serve additional document requests upon the Trustee.

      i.    <u>Interrogatories</u>.

        (i)    In accordance with Local Bankruptcy Rule 7033-1(b), the Parties may serve interrogatories in the period from sixty days to one hundred twenty days after the entry of this Case Management Order, provided they are (i) a more practical method of obtaining the information sought than a request for production of documents or a deposition, or (b) ordered by the Court, as required by Local Bankruptcy Rule 7033-1(b).

        (ii)    The Parties may not serve contention-based interrogatories in accordance with Local Bankruptcy Rule 7033-1(c), absent a Bankruptcy Court order approving such contention-based interrogatories or by agreement among the Parties, and subject to Paragraph 6, hereunder.

      j.    <u>Requests for Admission</u>.  The Parties may serve Requests for Admission as needed from at any time up until thirty days before the commencement of any trial in this matter.

      k.    <u>Limitations on Discovery Imposed Under Federal Rules and/or Local Rules</u>.  Limitations on discovery will be governed by the Federal Rules of Civil Procedure, as incorporated into the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. The Parties may agree on certain limitations on discovery and are to resolve any disputes pursuant to Paragraph 6, hereunder. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions.

7

l.   <u>Experts</u>.  Each Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) at least one hundred twenty days before the Discovery Cut-Off Date, which is defined below.  Each Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) at least ninety days before the Discovery Cut-Off Date.  No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Rules, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except on prior express permission of the Court, upon application made no later than at least sixty days before the Discovery Cut-Off Date.  All experts may be deposed, but such depositions must occur at least thirty days before the Discovery Cut-Off Date.  The deadline for expert depositions will not affect the Parties' duty to supplement expert disclosures as required by Fed. R. Civ. P. 26.  All expert discovery must be completed by the Discovery Cut-Off Date.

m.   If the Trustee proffers an expert witness on an issue that is common to more than one avoidance action related to the SIPA Liquidation No. 08-01789 (the "Avoidance Action"), the Trustee may coordinate the expert's deposition in multiple Avoidance Actions to maximize efficiency and use of resources.  The Trustee shall notify all interested Parties of the proposed date, time and location of any such coordinated expert depositions.  In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the Parties shall agree on an appropriate duration for the deposition.

n.   <u>Depositions</u>.  All depositions must be completed by the Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority.  The Parties will endeavor to conclude the depositions within the seven hours provided by Federal Rule 30(d)(1),

8

although the Parties acknowledge that there may be certain depositions that cannot be concluded within this time limit.  The Parties will attempt in good faith to agree to reasonable expectations of time limits as appropriate, and failing agreement, the Parties are to resolve any disputes pursuant to Paragraph 6, hereunder.

      o.  To the extent the deposition of any fact witness raises common issues relevant to other Avoidance Actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such Avoidance Actions.  The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify Defendants of the date, time and location of any such depositions.  Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.  Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

      p.  All depositions of the Trustee's witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties may agree.  Depositions of the Defendants' witnesses shall be conducted at the offices of DuffyAmedeo LLP, 275 Seventh Avenue, 7th Floor, New York, NY 11010 or Hausmaninger & Kletter, Franz Josefs Kai 3, 1010 Vienna, or such other locations as the Parties may agree.

      q.  <u>Discovery Cut-Off</u>.  All fact discovery is to be completed within four hundred fifty days from the day on which this First Amended Case Management Plan is entered (the "Discovery Cut-Off Date").  Notwithstanding the foregoing, if a Party properly serves discovery prior to the Discovery Cut-Off Date, and through no fault of the propounding Party, the requested discovery has not been provided as of the Discovery Cut-Off Date, the

9

propounding Party shall be permitted to complete such discovery and the Party that did not propound the outstanding request will not object to the introduction of the requested materials based on timeliness of production, but may object on any other ground. A Party may seek to extend the Discovery Cut-Off Date by agreement of the Parties or through a request to the discovery arbitrator, subject to Paragraph 6, hereunder.

      r.   <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. The Parties intend to enter into a protocol for the production of electronically stored information (ESI). Information and documents produced or made available electronically shall:

    (i)   be text searchable;

    (ii)   provide data and image load files necessary to review the documents on search platforms (i.e., Summation, Concordance, Relativity) upon request of a Party;

    (iii)   provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    (iv)   be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Trustee;

    (v)   provide additional formats of production, metadata, or native documents if requested by a Party.

      s.   The Parties shall meet and confer first in a good-faith attempt to resolve any dispute; if unable to resolve the dispute by meeting and conferring, the Parties will submit

the dispute to a discovery arbitrator subject to Paragraph 6 herein and pursuant to the Stipulation and Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 to be entered in this adversary proceeding.

3.  <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>.  The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

4.  <u>Prospects for Settlement, Including Whether A Settlement Conference Should Be Scheduled And Whether The Parties Will Stipulate To The Trial Judge Acting As Settlement Judge</u>.  The Parties have participated in court-ordered mediation, and engaged in settlement discussions.  The Parties will notify the Court if they believe a settlement conference would be productive.

5.  <u>Dispositive Motions</u>.  The Parties have agreed that they will not file any dispositive motion prior to four hundred fifty days from the day on which this First Amended Case Management Plan Order is entered.

6.  <u>Any Other Matter That May Add to the Just and Expeditious Disposition of this Matter</u>.  The Parties have met and conferred in good faith to resolve discovery disputes; however, in anticipation of further discovery disputes, the Parties agree upon the appointment of a discovery arbitrator to decide discovery disputes that they are unable to resolve by meeting and conferring, including without limitation, any disagreements concerning timing or deadlines, the length or number of depositions, compliance with discovery, scope of questioning, and application of the protective order, and any other matter related to discovery contained in or arising out of this Order.  Notwithstanding anything to the contrary herein, the discovery

11

arbitrator shall not have the power to extend the date provided for in Paragraph 5 of this Order. The terms of the Parties' agreement are set forth in a stipulation and order submitted herewith.

7. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial conference and trial date.

8. <u>Parties and Counsel</u>. The following Parties join in this proposed case management plan through their counsel.

Date: New York, New York
April 6, 2018

*/s/ Oren J. Warshavsky*
**Baker & Hostetler LLP**
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Geoffrey A. North
Email: gnorth@bakerlaw.com

*Attorneys for plaintiff Irving H. Picard, trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

*/s/ Todd E. Duffy*
**DuffyAmedeo LLP**
275 Seventh Avenue, 7th Floor
New York, New York 10001
Telephone: (212) 729-5832
Facsimile: (212) 208-2437
Todd E. Duffy
Email: tduffy@duffyamedeo.com
Douglas A. Amedeo
Email: damedeo@duffyamedeo.com

*Attorneys for defendants Alpha Prime Fund Ltd., and Alpha Prime Asset Management Ltd.*

**So Ordered This 6th Day of April, 2018**

**/s/ STUART M. BERNSTEIN**

**Honorable Stuart M. Bernstein**
**United States Bankruptcy Judge**