# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

April 11, 2018

**VIA ECF AND EMAIL: bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    *Irving H. Picard v. Wilenitz*, Adv. Pro. No. 10-04995 (SMB);
             Hearing Date Pursuant to Local Rule 5070-1

Dear Judge Bernstein:

      We write pursuant to Local Rule 5070-1, on behalf of all of the Defendants in the cases listed on Exhibit A to my April 11, 2018 Declaration, enclosed herewith, to request that the Court permit us to make a motion in each of the Defendants' cases, for an order imposing sanctions on the Trustee pursuant to Fed. R. Civ. P. Rule 37(b)(A) for his failure to comply with two discovery orders to produce all of the Madoff and BLMIS trading records (the "Trading Records"). As set forth in my Declaration, I have made a good faith effort to resolve these issues without the Court's intervention, as required by Local Rule 7007-1(a).

      As set forth in my Declaration, I have been seeking production of all of the Trading Records since early 2016. I had asked the Court's permission to make a motion for sanctions in May 2017. *See* Declaration Ex. P: May 31, 2017 Tr. at 44: 8-21. Thereafter, I made an effort to amicably resolve these issues with the Trustee, to no avail. Initially, we had raised with the Court the fact that the Trustee disclosed, for the first time, in June 2017, that he had 4,700 microfilm reels that he had never produced and never even searched for Trading Records. At that time, Your Honor indicated that the Trustee would have to produce to us 20 reels, without cost to us, for our review and that, thereafter, we would have to pay for the Trustee's costs of producing the reels to us. That process turned out to be unrealistic for us because, after reviewing the first four reels we selected, we realized that it was impossible to do anything other than a random search of the 4,700 reels and the Defendants could not possibly support the cost of such an endeavor.

      Thereafter, I focused on the BLMIS Data Base which is fully searchable, although the Trustee has never given the Defendants access to it. My efforts to obtain the Trading Records from the BLMIS Data Base have been just as unsuccessful as all of my efforts,

{00035766 3 }

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
April 11, 2018
Page 2

since 2016, to get the Trading Records from the Trustee. These efforts are set forth in my Declaration.

In sum, our position is that the Trustee has violated two court orders to produce the Trading Records. *See* Chaitman Declaration, Ex. D: May 17, 2016 Tr. at 69:19-21 ("[I]f the Trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room."); and Magistrate Judge Maas Discovery Arbitration Order, January 4, 2017, ECF No. 14807 at 3: "To the extent there are any additional relevant records of securities trading that have not been made available . . . through Data Room 1, they must promptly be produced.").

Pursuant to Fed. R. Civ. P. 37 (b)(2)(A) a court may impose sanctions for failure to obey discovery orders, in relevant part, by:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

Fed. R. Civ. P. 37 (b)(2)(A)(i) and (ii).

Given the Trustee's material misrepresentations of fact to this Court, as set forth in my Declaration, and given the Trustee's utter failure to produce the Trading Records, Defendants are entitled to move, pursuant Fed. R. Civ. P. 37(b)(2)(A)(i), for an order directing that, in all of Defendants' cases, it is established that (a) Madoff and BLMIS did not operate a Ponzi scheme and (b) Madoff and BLMIS used the Defendants' money to purchase the securities shown on their statements; and, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), prohibiting the Trustee from introducing any evidence or arguments to the contrary.

Because this issue is so closely aligned with the issues raised by the Trustee's proposed "omnibus" motion, we respectfully request a hearing date of April 25, 2018 or a later date, if the Trustee needs more time to respond, with the omnibus motion being moved to the same date.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/sh

{00035766 3 }

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
April 11, 2018
Page 3

Enclosures (as stated)

cc:   David J. Sheehan, Esq. (via email: dsheehan@bakerlaw.com)
      Maximillian S. Shifrin, Esq. (via email: mshifrin@bakerlaw.com)

{00035766 3 }