# **EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>L. H. RICH COMPANIES, N. R. INVESTMENT ASSOCIATES, M. R. INVESTMENT ASSOCIATES, JACK POLACK, and JAMES POLACK,<br><br>Defendants. | Adv. Pro. 10-05371 (SMB) |

**STIPULATION AND ORDER REGARDING**
**DEFENDANTS' MOTION TO DISMISS**

The Defendants filed a motion to dismiss (the "Motion to Dismiss") the Complaint filed against them by Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and the substantively consolidated estate of Bernard L. Madoff (the "Complaint").

On January 17, 2014 and March 10, 2014, the Trustee and the Securities Investor Protection Corporation ("SIPC") filed separate memoranda of law opposing the Motion to

Dismiss (the "Opposition Briefs"). On or before March 17, 2014, the Defendants filed a reply brief in further support of their respective Motion to Dismiss (the "Reply Brief").

On September 17, 2014, a hearing on the Motion to Dismiss was held by the Honorable Stuart M. Bernstein (the "Hearing"). The Court, having reviewed the Motion to Dismiss, the Opposition Briefs, the Reply Brief, and having heard the argument of counsel at the Hearing, granted in part and denied in part the Motion to Dismiss for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss (the "Decision") entered June 2, 2015.

On June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust,* 14-1128 and *Picard v. Ida Fishman Revocable Trust,* 14-1129 (the "Supreme Court Decision"), and thus section 546(e) of the Bankruptcy Code applies to the Complaint.

Accordingly, it is hereby stipulated and agreed that:

1.  Pursuant to the Decision and the Supreme Court Decision, counts in the Complaint, other than those seeking to avoid and recover initial transfers pursuant to sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, are hereby dismissed.

2.  As to the count in the Complaint seeking to recover subsequent transfers from subsequent transferee defendants pursuant to section 550(a) of the Bankruptcy Code, applicable provisions of SIPA including section 78fff-2(c)(3) and New York Debtor and Creditor Law (the "Subsequent Transferee Count"), the Motion to Dismiss is granted with respect to the Subsequent Transferee Count and such count is hereby dismissed from the Complaint without prejudice to the Trustee's rights, including without limitation his right to seek to amend in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rule of Bankruptcy Procedure 7015.

2

3. The Complaint is dismissed as to Subsequent Transferee Defendants Jack Polack[1] and James Polack (the "Subsequent Transfer Defendants").

4. Upon the dismissal of Subsequent Transfer Defendants, the caption of the Complaint is hereby amended to delete Subsequent Transfer Defendants from the caption. The amended caption of the Complaint shall appear as indicated in Exhibit A hereto.

5. Pursuant to page 4 of the Decision, the Court ordered that those issues not addressed in the Decision will be heard separately upon scheduling of the parties.

6. The sole issue remaining with regard to Defendants' Motion to Dismiss which was not addressed in the Decision is the Defendants' argument that the Trustee's claims are barred due to improper service of process (the "Remaining Issue"). In all other respects, the Motion to Dismiss is denied.

7. The Trustee and the Defendants hereby stipulate that the Remaining Issue will be scheduled for hearing before the Court either upon a mutually convenient date for the Trustee and Defendants or upon further order of the Court.

8. The Trustee and Defendants stipulate that the date upon which the Defendants will file an Answer to the Complaint will be determined following a hearing before the Court on the Remaining Issue or upon further order from the Court.

*[Remainder of Page Left Intentionally Blank]*

---

[1] Jack Polack is deceased, but the Estate of Jack Polack has never been substituted for Jack Polack.

3

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: July 15, 2015

| **BAKER & HOSTETLER LLP** | **GARVEY SCHUBERT BARER** |
|---|---|
| By: s/ *Nicholas J. Cremona*_____ | By: s/ *Andrew J. Goodman*_____ |
| 45 Rockefeller Plaza | 100 Wall Street, 20th Street |
| New York, New York 10111 | New York, New York 10005 |
| Telephone: 212.589.4200 | Telephone: 212.965.4534 |
| Facsimile: 212.589.4201 | Facsimile: 212.334.1278 |
| David J. Sheehan | Andrew J. Goodman |
| Email: dsheehan@bakerlaw.com | Email: agoodman@gsblaw.com |
| Nicholas J. Cremona | |
| Email: ncremona@bakerlaw.com | |
| Christa C. Turner | |
| Email: cturner@bakerlaw.com | |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff* | *Attorneys for Defendants* |

SO ORDERED

Dated: New York, New York       /s/ STUART M. BERNSTEIN_____

     July 15th, 2015                       HONORABLE STUART M. BERNSTEIN
                                                  UNITED STATES BANKRUPTCY JUDGE

4

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>v.<br><br>L. H. RICH COMPANIES, N. R. INVESTMENT ASSOCIATES, and M. R. INVESTMENT ASSOCIATES,<br><br>       Defendants. | Adv. Pro. 10-05371 |