**GARVEY SCHUBERT BARER**
100 Wall Street, 20th Floor
New York, New York 10005
Tel: (212) 431-8700
Fax: (212) 334-1278
Andrew J. Goodman
agoodman@gsblaw.com
*Attorneys for Defendants L.H. Rich Companies,
N.R. Investment Associates, and M.R. Investment
Associates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

      Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC,

      Defendant.
------------------------------------X
In re:

BERNARD L. MADOFF,

      Debtor.
------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

      Plaintiff,

v.

L.H. RICH COMPANIES, N.R. INVESTMENT
ASSOCIATES, and M.R. INVESTMENT
ASSOCIATES,

      Defendants.
------------------------------------X

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-05371 (BRL)

**MEMORANDUM IN OPPOSITION TO THE TRUSTEE'S MOTION FOR AN ORDER
ESTABLISHING OMNIBUS PROCEEDING FOR THE PURPOSE OF DETERMINING
THE EXISTENCE, DURATION, AND SCOPE OF THE PONZI SCHEME AT BLMIS**

GSB:9361505.1

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ..................................................................................................i

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...........................................2

ARGUMENT .......................................................................................................................4

THE TRUSTEE'S MOTION FOR CONSOLIDATION PURSUANT TO RULE §42(A)
IS PREMATURE AND WOULD RESULT IN SIGNIFICANT PREJUDICE
TO THE L.H. RICH DEFENDANTS ..................................................................................4

CONCLUSION ....................................................................................................................8

# TABLE OF AUTHORITIES

*Page*

*Cases*

*Aerotel, Ltd. v. Verizon Commc'ns, Inc.* ..................................................................................4
234 F.R.D.64 (S.D.N.Y. 2005)

*Bank of Montreal v. Eagle Assocs.* .........................................................................................6
117 F.R.D. 530 (S.D.N.Y. 1987)

*City of New York v. FedEx Ground Package Sys.* ...................................................................4
2016 WL1532252 (S.D.N.Y. Apr. 15, 2016)

*E.E.O.C. v. Riley Stoker Corp.* ...............................................................................................6
1982 WL 295 (D.S.C. Apr. 28, 1982)

*Empire Distribution, Inc. v. Am. Exp. Travel Related Servs. Co.*..........................................6
1990 WL 78030 (N.D. Ill. June 1, 1990)

*Entergy Nuclear Indian Point 2, LLC v. United States* ..........................................................5
62 Fed. Cl. 798 (2004)

*Evans v. International Paper Co.* ..........................................................................................6
2011 WL 2559791 (W.D. La. June 28, 2011)

*Fin-Ag, Inc. v. NAU Country Ins. Co.* ....................................................................................5
2009 WL 44479 (D.S.D. Jan. 6, 2009)

*Glass v. Intel Corp.*.................................................................................................................5
2007 WL 2265663 (D. Ariz. Aug. 6, 2007)

*Interscope Records v. Leadbetter* ..........................................................................................5
2007 WL 709296 (W.D. Wash. Mar. 5, 2007)

*Kilgo v. Bowman Transp., Inc.* ..............................................................................................5
570 F. Supp. 1509 (N.D. Ga 1983)

*Makah Indian Tribe v. Verity*.................................................................................................5
1988 WL 144145 (W.D. Wash. May 12, 1988)

*Mills v. Beech Aircraft Corp.*..................................................................................................4
886 F.2d 758 (5th Cir. 1989)

*O'Daniel v. Stroud NA* ............................................................................................................5
2008 WL 5192442 (D.S.D. 2008)

i


*Osman v. Wyker* ............................................................................................................5
   2016 WL 10402791 (D. Minn. 2016)

*Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.* ...........................................................6
   2012 WL 1825222 (D. Kansas May 18, 2012)

*Thompson v. City of St. Peters* ....................................................................................5
   2016 WL 1625373 (E. D. Mo. April 21, 2016)

*Transeastern Shipping Corp. v. India Supply Mission* ..............................................4
   53 F.R.D. 204 (S.D.N.Y. 1971)

*Tumbling v. Merced Irr. Dist.* ......................................................................................5
   2010 WL 1340546 (E.D. Cal. Apr. 1, 2010)

*Vickers v. Green Tree Servicing, LLC* .........................................................................5
   2015 WL 7776880 (D. Kansas Dec. 2, 2015)

***Rules, Statutes, Treatises, Etc.***

15 U.S.C. 78aaa, *et seq.* ................................................................................................1

15 U.S.C. 78fff-2(c)(3) ...................................................................................................3

Bankruptcy Code 548(a)(1)(A) ......................................................................................2

Bankruptcy Code 550 .....................................................................................................2

Bankruptcy Code 550(a) ................................................................................................3

Bankruptcy Code 551 .....................................................................................................3

Federal Rules of Civil Procedure, Rule §42(a) .....................................................1, 4, 5

New York Debtor and Creditor Law .............................................................................3

Defendants, L.H. Rich Companies, N.R. Investment Associates, M.R. Investment Associates (collectively, the "L.H. Rich Defendants") by and through their undersigned counsel, submit this Memorandum of Law in objection to the Trustee's motion for an order establishing an omnibus proceeding for the purpose of determining the existence, duration, and scope of the Ponzi scheme at Bernard L. Madoff Investment Securities LLC ("BLMIS").

## PRELIMINARY STATEMENT

Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of BLMIS under the Securities Investor Protection Act, 15 U.S.C. 78aaa, *et seq.* ("SIPA") and the substantively qualified estate of Bernard L. Madoff, moves for an omnibus proceeding, pursuant to FRCP §42(a), to determine the existence, duration, and scope of the Ponzi Scheme at BLMIS. Although all of the actions listed by the Trustee in his motion papers involve the same core set of facts, the claimed potential for judicial efficiency in the Trustee's motion for consolidation is significantly outweighed by the prejudice that would occur if an order were entered at this stage in the proceedings permitting the proposed abbreviated discovery period of sixty days and the subsequent consolidated proceeding.

The L.H. Rich Defendants are currently awaiting final adjudication of their motion to dismiss and, as a result, they have not answered the Trustee's Complaint and have not had an opportunity to conduct discovery. Defendants in most of the other actions cited by the Trustee have conducted extensive discovery on these issues *and* would be permitted an additional sixty days of discovery, a sixty day period where the L.H. Rich Defendants most likely would still not be able to conduct discovery as the L.H. Rich Defendants do not know when the Court will issue an order on their motion to dismiss and these defendants would still need time to answer if the motion to dismiss were ultimately denied. Even if an answer were theoretically filed prior to the

1

commencement of the requested consolidated proceeding, the L.H. Rich Defendants would be significantly disadvantaged in such an action because they would need time to review the extensive discovery disclosed by the Trustee and to propound the document requests, subpoenas, and expert reports that the other defendants have had significant time to conduct. With a dispositive motion pending and an inability to conduct discovery at this point in time, the prejudice to the L.H. Rich Defendants if this omnibus proceeding were permitted to go forward would be severe and irreversible. Such extensive prejudice outweighs any considerations of judicial economy proposed by the Trustee.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Trustee filed a Complaint against L.H. Rich Companies, N.R. Investment Associates, M.R. Investments Associates, Jack Polack and James Polack[1]. On or about May 10, 2011, counsel for the named defendants timely filed a motion to dismiss[2]. On September 17, 2014, a hearing on the Motion to Dismiss was held by the Honorable Stuart M. Bernstein. The Court thereafter granted in part and denied in part the Motion to Dismiss for reasons set forth in its Memorandum Decision Regarding Omnibus Motions to Dismiss entered June 2, 2015 (the "Decision")[3].

On June 22, 2015, the Supreme Court of the United States denied certiorari of the Trustee's appeal of *SIPC v. Ida Fishman Revocable Trust,* 14-1128 and *Picard v. Ida Fishman Revocable Trust,* 14-1129 (the "Supreme Court Decision"). On July 14, 2015, the parties entered into a Stipulation dismissing the claims against the individual defendants, Jack Polack and James Polack, and amending the caption to reflect their dismissal; dismissing the counts in the Complaint other than those seeking to avoid and recover initial transfers pursuant to sections 548(a)(1)(A), 550,

---

[1] Exhibit A
[2] Exhibit B
[3] Exhibit C

2

and 551 of the Bankruptcy Code; and dismissing the count in the Complaint seeking to recover subsequent transfers from subsequent transferee defendants pursuant to section 550(a) of the Bankruptcy Code and applicable provisions of SIPA including section 78fff-2(c)(3) and New York Debtor and Creditor Law[4]. The Stipulation also specifically addressed those portions of the Motion to Dismiss that had not yet been decided by the court. The Stipulation provided as follows[5]:

1. Pursuant to page 4 of the Decision, the Court ordered that those issues not addressed in the Decision be heard separately upon scheduling of the parties.

2. The sole issue remaining with regard to Defendants' Motion to Dismiss which was not addressed in the Decision is the Defendants' argument that the Trustee's claims are barred due to improper service of process (the "Remaining Issue").

3. The Trustee and the Defendants stipulated that the Remaining Issue would be scheduled for hearing before the Court upon a mutually convenient date for the Trustee and Defendants.

4. The Trustee and Defendants stipulated that the date upon which the Defendants were to file an Answer to the Complaint is to be determined following a hearing before the Court on the Remaining Issue or upon further order from the Court.

To date, the Remaining Issue has not been addressed either by a hearing or an order of the Court. As such, the Motion to Dismiss has not been fully adjudicated and the L.H. Rich Defendants have not answered.

On or about February 23, 2018, the Trustee filed the Motion for an Order Establishing Omnibus Proceeding for the Purpose of Determining the Existence, Duration, and Scope of the

---

[4] Exhibit D
[5] *Id.*

3

Ponzi Scheme at BLMIS. The motion requests that an Omnibus Ponzi Proceeding commence with those defendants choosing not to opt in barred from contesting the existence, duration, and/or scope of the Ponzi scheme at BLMIS and with those defendants who choose not to opt in being deemed to have stipulated in their respective adversary proceedings that BLMIS operated a Ponzi scheme through its investment advisory business at all relevant times. The Trustee's proposed order further establishes a sixty (60) day period during which the Trustee "is amenable to conferring with Defendants in the Remaining Good Faith Actions on their particular arguments related to the Ponzi Scheme".

## ARGUMENT

### THE TRUSTEE'S MOTION FOR CONSOLIDATION PURSUANT TO RULE §42(A) IS PREMATURE AND WOULD RESULT IN SIGNIFICANT PREJUDICE TO THE L.H. RICH DEFENDANTS

The Trustee argues for consolidation in this matter pursuant to Rule §42(a) of the Federal Rules of Civil Procedure, which provides that if actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay[6].

The Trustee cites to *City of New York v. FedEx Ground Package Sys.,* No. 13 Civ. 9173 (ER), 2016 WL1532252, at *2 (S.D.N.Y. Apr. 15, 2016) for the proposition that "so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will be generally appropriate". One basis for such prejudice is where the cases sought to be consolidated are at significantly different stages of discovery[7]. For example, in *Aerotel, Ltd. v. Verizon Commc'ns,*

---

[6] FRCP §42(a)
[7] *Transeastern Shipping Corp. v. India Supply Mission,* 53 F.R.D. 204, 206 (S.D.N.Y. 1971) (where cases are at significantly different stages of discovery with one party has not yet answered, the result would be delay rather than expedition); *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 761-62 (5th Cir. 1989) (holding that consolidation may be

4

*Inc.,* 234 F.R.D.64, 67 (S.D.N.Y. 2005) the court denied a motion to consolidate a case where only minimal discovery had been conducted as it would significantly delay the case where discovery was almost complete. In *Interscope Records v. Leadbetter,* No. C05-1149-MJP-RSL, 2007 WL 709296, at *2-3 (W.D. Wash. Mar. 5, 2007), a motion to consolidate was before the court. In one case that was to be part of the proposed consolidation, a bench trial was set and the parties had cross-motions for summary judgment pending[8]. In the other case, as is the case here, the defendant had not yet answered the complaint[9]. The court held that the motion to consolidate was denied because the one action was significantly further along in discovery[10].

In this case, the L.H. Defendants are still awaiting a court order on their motion to dismiss and, as a result, have not yet filed answers to the Trustee's Complaint. In addition to the extensive case law generally denying motions to consolidate where cases are at varying stages of discovery, courts consistently deny requests for consolidated actions pursuant to FRCP §42(a) as premature where there are pending motions to dismiss[11]. This is based largely on the fact that a precept of the

---

properly denied where the cases are at different stages of preparedness for trial); *Tumbling v. Merced Irr. Dist.,* No. CVF081801 LJO DLB, 2010 WL 1340546, at *5 (E.D. Cal. Apr. 1, 2010) (where the cases were at different stages of discovery, the court held the motion to consolidate was denied); *Fin-Ag, Inc. v. NAU Country Ins. Co.,* No. CIV. 08-4141-KES, 2009 WL 44479, at *2-3 (D.S.D. Jan. 6, 2009) (where one of parties had only recently commenced discovery, consolidation deemed premature); *O'Daniel v. Stroud NA,* No. CIV. 05-5089-KES, 2008 WL 5192442, at *2 (D.S.D. 2008) (the district court may deny consolidation when one of the actions has proceeded further in discovery); *Glass v. Intel Corp.,* No. CV 06-671-PHX-MHM, 2007 WL 2265663, at *5 (D. Ariz. Aug. 6, 2007); *Entergy Nuclear Indian Point 2, LLC v. United States,* 62 Fed. Cl. 798, 803 (2004) (judicial efficiency is not served by consolidation where one case was procedurally at a significantly more advanced stage even where other factors indicated that consolidation justified); *Makah Indian Tribe v. Verity,* No. C87-747 RC, 1988 WL 144145, at *1-2 (W.D. Wash. May 12, 1988) (consolidation premature where, in one of cases to be consolidated, dispositive motions were pending); *Kilgo v. Bowman Transp., Inc.,* 570 F. Supp. 1509, 1513-14 (N.D. Ga 1983) (where court concluded that consolidation of the two actions would be inappropriate because the cases were at different stages, including one recently filed case and a case more than four years old)

[8] *Interscope Records v. Leadbetter,* No. C05-1149-MJP-RSL, 2007 WL 709296, at *2 (W.D. Wash. Mar. 5, 2007).
[9] *Id.*
[10] *Id.* at *2-3.
[11] *Osman v. Wyker,* No. CV 161012 (JNE/JSM), 2016 WL 10402791, at *3 (D. Minn. 2016)( where the parties planned to move for dismissal under Rule §12(b)(6) and the Court concluded that consolidation was therefore premature); *Thompson v. City of St. Peters,* Civ. No. 15-404, 2016 WL 1625373, at *2 (E. D. Mo. April 21, 2016) (stating that judicial efficiency is best served by deciding pending motions for judgment on the pleadings and summary judgment before any consolidation); *Vickers v. Green Tree Servicing, LLC,* Civ. No. 15-1252, 15-1290, 2015 WL 7776880, at *1-2 (D. Kansas Dec. 2, 2015) (noting that consolidation would be premature and judicial efficiency would not be

5

consolidation doctrine is that a case may be consolidated only where the case is properly before the court in the first instance[12].

The party seeking consolidation bears the burden of demonstrating that the factors weigh in favor of consolidation[13]. The Trustee's motion papers overwhelmingly indicate otherwise. The Trustee requests an omnibus proceeding to determine the existence, duration, and/or scope of the Ponzi scheme at BLMIS[14]. As stated by the Trustee, "certain Defendants" filed a motion on July 7, 2016 for an order permitting the deposition of Madoff on issues related to the issues that are to be addressed in the proposed consolidated proceeding[15]. On September 26, 2016, the Court entered an order granting those certain Defendants permission to depose Madoff and those certain defendants subsequently issued document requests, subpoenas, and expert disclosures to the Trustee and the Trustee supplied them with "among other things", "hundreds of reels of microfilm"[16]. The extensive discovery by these "certain defendants" that has taken place thus far on the very issues that would be the subject of the proposed omnibus proceeding is further detailed in paragraphs 31-36 of the Trustee's Memorandum of Law in support of his motion. In contrast, the L.H. Defendants, have not yet answered because their Rule 12(b) motion to dismiss has been sub judice since 2011 and therefore have conducted and reviewed no discovery related to these issues. Such a differential between the discovery conducted by the L.H. Rich Defendants and the

---

served by case consolidation when motions to dismiss were pending); *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, Civ. No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kansas May 18, 2012) (finding motion to consolidate premature in light of pending motions to dismiss); *Evans v. International Paper Co.*, Civ. No. 11-0214, 2011 WL 2559791, at *6 (W.D. La. June 28, 2011) (finding motion to consolidate premature in light of pending motions to dismiss); *E.E.O.C. v. Riley Stoker Corp.*, No. 81-1379-8, 1982 WL 295, at *1 (D.S.C. Apr. 28, 1982) (where a motion to dismiss was pending, motion to consolidate denied without prejudice).

[12] *Empire Distribution, Inc. v. Am. Exp. Travel Related Servs. Co.*, No. 89 C 9571, 1990 WL 78030, at *3 (N.D. Ill. June 1, 1990).
[13] *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987).
[14] Plaintiff's Memorandum of Law at ¶28.
[15] *Id.* at ¶29.
[16] *Id.* at ¶¶30-31.

6

"certain defendants" referenced by the Trustee would put the L.H. Rich Defendants at a significant disadvantage in an omnibus proceeding.

Trustee's "Proposed Order" requests that a sixty-day period be instituted during which "the Trustee is "amenable to conferring with Defendants in the Remaining Good Faith Actions on their particular arguments related to the Ponzi scheme"[17]. Again, the L.H. Rich defendants have not yet answered and cannot participate in discovery. It cannot be guaranteed that the motion to dismiss – pending for seven years - will be decided before or during this sixty-day period and, even if the motion were decided in advance of the omnibus proceeding, the L.H. Rich defendants would still need time to (a) answer and (b) conduct their own discovery. Essentially, the Trustee is requesting that, after certain defendants received almost a full year or more of discovery on these issues and will receive, under the proposed order, an additional sixty days, the L.H. Rich Defendants be forced to participate in the omnibus proceeding and its discovery period without having conducted discovery, which in and of itself is prejudicial, and/or *without having answered,* which is impossible. Thus, the factors that the Trustee posits weigh in favor of consolidation, in actuality make it clear that this motion is premature and its result would be inarguably prejudicial to the L.H. Rich Defendants who have been unable to participate in discovery; who would be unable to participate in the sixty day discovery; and who would forever lose their opportunity to conduct discovery on these issues and defend their position accordingly should their motion to dismiss ultimately be denied. As such, the L.H. Rich Defendants request that the Trustee's motion be denied as premature and prejudicial.

---

[17] *Id.* at ¶41.

7

## CONCLUSION

Based on the foregoing, defendants, L.H. Rich Companies, N.R. Investment Associates, and M.R. Investment Associates, respectfully request that plaintiff's motion for an order establishing omnibus proceeding for the purpose of determining the existence, duration, and scope of the Ponzi scheme at BLMIS be denied, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 11, 2018

GARVEY SCHUBERT BARER

By: _____
Andrew J. Goodman, Esq.
Kara M. Steger, Esq.
*Attorneys for Defendants L.H. Rich Companies, N.R. Investment Associates, and M.R. Investment Associates*
100 Wall Street, 20th Floor
New York, New York 10005
Tel: (212) 965-4534
Fax: (212) 334-1278
Email: agoodman@gsblaw.com