**Hearing Date:  April 25, 2018 at 10:00 a.m.**

**Stevens & Lee, P.C.**
485 Madison Avenue, 20th Floor
New York, New York 10022
Nicholas F. Kajon, Esq.
Telephone: (212) 537-0403
Facsimile: (610) 371-1223
nfk@stevenslee.com

*Attorneys for Legacy Capital Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | SIPA LIQUIDATION<br><br>No.  08-01789 (SMB)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor, | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>v.<br><br>LEGACY CAPITAL LTD.,<br><br>       Defendants. | Adv. Pro. No. 10-05286 (SMB) |

**LIMITED OBJECTION OF LEGACY CAPITAL LTD. TO
THE TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING OMNIBUS
PROCEEDING FOR THE PURPOSE OF DETERMINING THE EXISTENCE,
<u>DURATION, AND SCOPE OF THE PONZI SCHEME AT BLMIS</u>**

04/11/2018 SL1 1517785v1 106906.00001

Legacy Capital Ltd. ("Legacy"), by and through its undersigned counsel, respectfully submits this Limited Objection (the "Limited Objection") to the motion (the "Motion") of Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aa, et seq., and the chapter 7 estate of Bernard L. Madoff ("Madoff"), for an order establishing an omnibus proceeding (the "Omnibus Proceeding") for the purpose of determining the existence, duration, and scope of the Ponzi scheme at BLMIS.

## PRELIMINARY STATEMENT

By this Motion, the Trustee asks the Court to implement an Omnibus Proceeding to resolve key issues in this case concerning the Trustee's Ponzi scheme allegations. Although some form of omnibus proceeding may be an efficient way to address many of these issues, which recur in each of the remaining "good faith" cases, the Omnibus Proceeding, as proposed by the Trustee, suffers from significant defects that undermine the fairness of the proceeding and compromise defendants' due process rights. For that reason, Legacy hereby joins in those objections set forth in the Consolidated Good Faith Defendants' Objection to the Motion, as set forth in Section II below.

In addition, Legacy files this objection to raise one issue that is specific to its case. Namely, in August 2017, more than seven months ago, the Trustee's counsel agreed to make the Trustee's Ponzi-scheme expert, Bruce Dubinsky, available to be deposed by Legacy's counsel on Ponzi-scheme issues that relate specifically to the Legacy case. Aside from this deposition, all other discovery in the Legacy case has been closed for many months. The Trustee's counsel has not yet delivered on his agreement to make Mr. Dubinsky available for deposition, and Legacy should be permitted to take this deposition before being required to decide whether to opt in to

any omnibus proceeding related to Ponzi scheme issues.

## BACKGROUND

1.      Legacy is the only remaining defendant in this adversary proceeding (the "Adversary Proceeding"), and the only remaining claim against Legacy seeks to recover two-year transfers of alleged fictitious profits.  *See* Apr. 12, 2016 Order, Adv. Pro. ECF No. 139.

2.      On November 3, 2016, the Court denied on the record the Trustee's motion for judgment on the pleadings.  Adv. Pro. ECF. No. 154 at 12:2-11 (denying motion for judgment on the pleadings due to issue of fact as to whether BLMIS was a Ponzi scheme and whether Madoff conducted actual trading).

3.      Fact discovery in the Adversary Proceeding closed on January 11, 2017.

4.      On June 28, 2017, the Court held a pre-motion conference regarding the Trustee's request to file a motion for summary judgment against Legacy.  At the hearing, Legacy informed the Court that it was in the process of reviewing new evidence that came to light after the fact discovery cutoff regarding potential trading of customer money in U.S. Treasury Securities ("Treasuries") and other short-term investments.  That evidence included Madoff's April 26, 2017 deposition testimony that, even after 1992, Madoff continued to trade in Treasuries with customer money received in connection with his investment advisory business ("IA Business"), as well as a declaration from a former employee of Bear Stearns indicating that legitimate trading was conducted by Madoff with Bear Stearns through 1999.

5.      On July 18, 2017, the Trustee agreed to Legacy's request to extend the expert discovery deadline by one month, until August 20, 2017, so that Legacy could assess whether, based on the new evidence, it would seek to take the deposition of the Trustee's expert, Bruce Dubinsky, before proceeding to trial.

04/11/2018 SL1 1517785v1 106906.00001

6.      Following its review of the new evidence, Legacy deemed it necessary to take the

deposition of Mr. Dubinsky in advance of trial to explore, among other issues, legitimate trades

that appear to have been conducted in relation to the Legacy BLMIS account.  *See* Letter from N.

Kajon to Judge Bernstein dated August 17, 2017, Adv. Pro. ECF No. 164 at 2-3.

7.      On August 21, 2017, the Trustee's counsel consented to Legacy's request to

depose Mr. Dubinsky before trial.  In response, on August 22, 2017, counsel for Legacy wrote to

counsel for the Trustee to request: "(1) what dates work for a deposition of Mr. Dubinsky, and

(2) whether he has been deposed before, and if so please provide copies of any non-confidential

transcripts and details of any confidential transcripts . . . ."

8.      To date, the Trustee's counsel has not proposed dates for Mr. Dubinsky's

deposition or provided Legacy with the requested transcripts of prior depositions.

9.      On February 23, 2018, the Trustee filed the Motion.  The Motion requests that the

Court establish an Omnibus Proceeding for all "good faith" defendants, including Legacy.  The

Motion seeks an order requiring these defendants to serve the Trustee a written Notice of

Participation in the Omnibus Ponzi Proceeding so as to be received within sixty (60) days of the

entry of the order (the "Opt-In Deadline").

10.      The Motion further seeks an order that defendants, prior to the Opt-In Deadline,

and the Trustee "may, though are not obligated to, confer as to such [d]efendant's particular

arguments relating to the Ponzi [scheme issue], in order to assist [d]efendants in their decision

about whether or not to participate in the [Omnibus Proceeding]."  [Trustee's Proposed Order at

4.]

11.      The Motion requests an order requiring the participating defendants to select a

Liaison Counsel to represent their interests in the Omnibus Proceeding and to pay a portion of

3

04/11/2018 SL1 1517785v1 106906.00001

the Liaison Counsel's fees.

12.     The Motion states that "[d]efendants who choose not to opt-in will be barred from

contesting the existence, duration, and/or scope of the Ponzi scheme at BLMIS, and will be

deemed to have stipulated in their respective adversary proceedings that BLMIS operated a

Ponzi scheme through its IA Business at all relevant times," that "BLMIS acted with the intent to

hinder, delay, or defraud its creditors," and "the Trustee properly determined that no credit

should be given (or removed) for gains (or losses) from Madoff's purported purchases and sales

of securities . . . ."  Mot. ¶ 40.

**OBJECTIONS**

**I.      Legacy Should Have an Opportunity to Take the Deposition of Mr. Dubinsky Prior
to the Opt-In Deadline**

13.     Legacy submits this Limited Objection to preserve its right to take Mr.

Dubinsky's deposition prior to the Opt-In Deadline.  If an Omnibus Proceeding is ordered,

Legacy should be permitted to take this deposition before deciding whether or not to opt in.  The

Trustee's counsel agreed in August 2017—over seven months ago—to allow Legacy to depose

Mr. Dubinsky in advance of trial.  The Trustee's counsel has not yet made Mr. Dubinsky

available to be deposed in the Legacy case.

14.     Mr. Dubinsky's deposition is important to Legacy's determination as to whether

or not to opt in to any Omnibus Proceeding ordered by the Court.  The Omnibus Proceeding

concerns the precise issues on which Legacy seeks to question Mr. Dubinsky: the extent of

legitimate trading conducted by Madoff with customer property and the scope and duration of a

BLMIS Ponzi scheme.  In light of the importance of Mr. Dubinsky's deposition to Legacy's

decision as to whether to opt in to any Omnibus Proceeding and the Trustee's counsel's

agreement to make him available for deposition in the Legacy case, Legacy should be permitted

4

to take Mr. Dubinsky's deposition prior to the Opt-In Deadline.

15.     The proposed order submitted by the Trustee does not provide any assurances that Legacy will be able to do so.  The proposed order states that the Trustee "may . . . confer" with any defendant regarding defendant-specific issues but it expressly does not obligate the Trustee to do so and it does not address Legacy's right to take Mr. Dubinsky's deposition.  To the extent that the Trustee does not agree or seeks an order that does not require the Trustee to make Mr. Dubinsky available for his deposition in this Adversary Proceeding prior to the Opt-In Deadline, Legacy respectfully requests that the Motion be denied.

## II.     LEGACY'S JOINDER IN GOOD FAITH DEFENDANTS' CONSOLIDATED OPPOSITION TO THE MOTION

16.     In addition to the Legacy-specific concern stated above, Legacy also joins in the objections stated in Sections II and III of the Good Faith Defendants' Consolidated Opposition to the Trustee's Motion (ECF No. 17469), including:

- any Omnibus Proceeding should be stayed until certain affirmative defenses raised by defendants are fully and finally adjudicated;

- defendants should not be required to be represented by a single "Liaison Counsel" or prevented from seeking individualized adjudications upon an appropriate showing to the Court; and

- all case management schedules in affected adversary proceedings should be stayed until the matters to be decided in the Omnibus Proceeding are determined, and no further discovery should be permitted of defendants joined in the Omnibus Proceeding, particularly given that all discovery in the Legacy case long ago closed, except for the deposition of Bruce Dubinsky.

04/11/2018 SL1 1517785v1 106906.00001

## CONCLUSION

For the foregoing reasons, Legacy objects to the Motion and reserves all rights to seek the

deposition of Bruce Dubinsky prior to the Opt-In Deadline.

Dated:  New York, New York
    April 11, 2018

        Respectfully Submitted,


        **STEVENS & LEE, P.C.**

By:   /s/ Nicholas F. Kajon
      Nicholas F. Kajon
      485 Madison Avenue, 20th Floor
      New York, New York 10022
      Telephone: (212) 537-0403
      Facsimile: (610) 371-1223

      *Attorneys for Legacy Capital Ltd.*

6