Peter S. Partee, Sr.
Robert A. Rich
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000

*Attorneys for Defendants Edward A. Zraick, Jr.,
Nancy Zraick, Patricia DeLuca and Karen M. Rich*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>**Re: Docket No. 17284** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br>    v.<br><br>Edward A. Zraick, Jr., *et al.*<br><br>                Defendants. | Adv. Pro. No. 10-05257 (SMB)<br><br>**Re: Docket No. 84** |

**ZRAICK DEFENDANTS' OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER
ESTABLISHING OMNIBUS PROCEEDING FOR THE PURPOSE OF DETERMINING
THE EXISTENCE, DURATION, AND SCOPE OF THE ALLEGED PONZI SCHEME**

Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, the "Zraicks"),[1] by and through their undersigned counsel, hereby object to the motion (D.I. 17284, Adv. D.I. 84) (the "Motion") of Irving H. Picard, as trustee (the "Trustee"), and state as follows.

**ARGUMENT**

1.  The Trustee asks the Court to consolidate the remaining good faith proceedings for the purpose of determining (a) whether all alleged transfers were made to the respective defendants with fraudulent intent, and (b) whether the Trustee properly calculates so-called "fictitious profits." While the Trustee contends that he is proposing these procedures at the behest of the Court (*see* Motion at ¶ 4), the Court, to the Zraicks' knowledge, never suggested that a consolidated proceeding on such an expansive range of issues is desirable or proper.

2.  Rather, any previous suggestion of a consolidated proceeding related solely to the issue of whether Madoff executed all convertible bond arbitrage strategy transactions shown on customer statements (at times, casually referred to as the "1992" or "1993" issue").[2] The Trustee contends that BLMIS and Madoff never made any trades shown on customer statements. In support of this contention, the Trustee relies on broad statements allegedly made by Madoff and BLMIS employees in 2009 that BLMIS "operated a Ponzi scheme," as well as the expert testimony of Bruce Dubinsky, who opines that some of these trades, including those made in

---

[1] The Motion improperly lists the Estate of Lorraine Zraick and its personal representatives as Defendants in this litigation. All claims against these defendants (six year claims) have been dismissed with prejudice. *See Stipulation and Order Agreeing to Apply Decision in the Omnibus Proceedings to this Adversary Proceeding* (D.I. 43).

[2] Many customer statements from prior to 1993, including the Zraicks' statements, show convertible bond arbitrage transactions and not split-strike transactions, which is why the issue has at times been referred to using those years.

connection with the convertible bond arbitrage strategy, could not have occurred. The Zraicks and other good faith defendants have and will show that BLMIS or Madoff did execute many of the transactions shown on customer statements including, without limitation, all of the trades in connection with the convertible bond arbitrage strategy. In support, the Zraicks rely on the deposition testimony of Mr. Madoff explaining, in great detail, the execution of all such transactions, as well as the expert testimony of Bill Feingold explaining the fatal flaws in Mr. Dubinsky's methodology for (incorrectly) determining that no convertible bond arbitrage transactions had occurred.

3. The relief sought by the Trustee, if granted, would not promote judicial economy. It would delay adjudication of this proceeding by effectively reopening discovery on multiple issues. To the extent the Trustee seeks to reopen discovery on a particular issue, he must identify that issue and state his basis for seeking such relief.

4. For these reasons, and the reasons set forth in the *Good Faith Defendants' Consolidated Opposition to the Trustee's Motion to Establish an Omnibus Proceeding to Determine the Extent, Duration, and Scope of the Alleged Ponzi Scheme at BLMIS* (D.I. 17469) and the *Defendants' Memorandum of Law in Opposition to the Trustee's Motion for an Order Establishing An Omnibus Proceeding to Determine the Existence, Duration, and Scope of the Alleged Ponzi Scheme at BLMIS* filed by Chaitman LLP on behalf of various defendants, the Motion should be denied.

**RESERVATION OF RIGHTS**

5. The Zraicks expressly do not consent to the entry of final orders or judgments by the Bankruptcy Court on any matters that may be addressed by the proposed consolidated proceeding. The Trustee's avoidance claims are not core proceedings; the matters to be

addressed by the proposed consolidated involve elements of the Trustee's claims and the Zraicks' defenses to those claims. The Zraicks reserve the right to a jury trial but do not consent to a jury trial in the Bankruptcy Court.

WHEREFORE, the Zraicks respectfully request that the Court (a) deny the Motion, and (b) grant such other and further relief in favor of the Zraicks as the Court may deem just or proper.

Dated: April 11, 2018
New York, New York

**HUNTON ANDREWS KURTH LLP**

*/s/ Robert A. Rich*
Peter S. Partee, Sr.
Robert A. Rich
200 Park Avenue
New York, New York 10166
(212) 309-1000
Email: rrich2@HuntonAK.com

*Counsel for Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca and Karen M. Rich*