**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | SIPA LIQUIDATION<br>(Substantively Consolidated)<br><br>Adv. Pro. No. 08-1789 (SMB) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>              Plaintiff,<br><br>v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A[1],<br><br>              Defendants. | Adv. Pro. Nos. listed on Exhibit A to the Trustee's Motion |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING AN OMNIBUS PROCEEDING TO DETERMINE THE EXISTENCE, DURATION, AND SCOPE OF THE ALLEGED PONZI SCHEME AT BLMIS

---

[1] *See* Trustee's Exhibit A, Schedule of Remaining Good Faith Actions, *Picard v. Gladstein,* Adv. Pro. No. 10-04920 (SMB), ECF No. 55-1, annexed as Ex. A to the Declaration of Helen Davis Chaitman dated April 11, 2018.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL POSTURE ................................................ 3

ARGUMENT................................................................................................................ 5

    I. The Motion is time barred as fact discovery has expired pursuant to
this Court's case management orders ........................................................................ 5

    II. Consolidation would adversely affect the substantive rights of the
Defendants, risk prejudice, and deny Defendants a fair trial. ...................................... 8

    III. Defendants have a constitutional right to a jury trial which the
Bankruptcy Court lacks jurisdiction to conduct or to enter a final
judgment................................................................................................................ 10

    IV. PROCEDURAL OBJECTIONS .................................................................................11

        A.    There is No Authority to Implement a Procedure That Would
Bind All Defendants to Speak Through a Single Spokesperson-Liaison
Counsel, or to Prevent Defendants From Seeking Individualized
Adjudications on Timely Motions to Opt Out of Any Consolidated
Proceedings Where an Appropriate Showing is Made ...............................................11

        1.    The opt-in procedure proposed by the Trustee substantively
affects Defendants' rights to defend themselves in their individual
actions ...................................................................................................................11

        2.    The Court should allow defendants to file timely opt-out elections
to pursue individual actions on the Ponzi scheme issue separately .........................11

        3.    Appointment of Liaison Counsel with the power to speak for and
bind all Defendants is inappropriate, violating their individual rights
in their individual actions – even if consolidated – and where counsel
to Defendants can coordinate the handling of any proposed omnibus
proceedings ...........................................................................................................11

        B.    The Trustee Should Be Required to Establish a Database of the
Relevant Records for the Proceeding, that Is Easily Accessible to the
Defendants, Fully Searchable and Not Subject to Any Ability by the
Trustee's to Trace Defendants' Searches and Selections of Documents
for Review...............................................................................................................11

    V. RESERVATION OF RIGHTS .................................................................................. 12

i

CONCLUSION ................................................................................................................ 12

{00035743 2 }

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Commercial Envelope Mfg. Co., Inc.*,
Case No. 76-B-2354, 1977 WL 182366 (S.D.N.Y. Aug. 22, 1977) ..........................................9

*In re Coudert Bros. LLP*,
Case No. 11-2785-CM, 2011 WL 5593147 (S.D.N.Y. Sept. 23, 2011) ..................................10

*In re Currency Conversion Fee Antitrust Litigation*,
Case No. 01-MDL-1409, 2009 WL 1834351 (S.D.N.Y. June 18, 2009) ..................................9

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
462 B.R. 457 (S.D.N.Y. 2011) ..............................................................................................11

*Johnson v. The Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) .................................................................................................8

*KGK Jewelry LLC v. ESDNetwork*,
Case No. 11-CV-9236-LTS-RLE, 2014 WL 7333291 (S.D.N.Y. Dec. 24,
2014) .....................................................................................................................................9

*In re Koper*,
517 B.R. 431 (Bankr. E.D.N.Y. 2014) .....................................................................................8

*Malcolm v. Nat'l Gypsum Co.*,
995 F.2d 346 (2d Cir. 1993) .....................................................................................................9

*Misas v. North-Shore Long Island Jewish Health System*,
Case No. 14-cv-8787, 2016 WL 4082718 (S.D.N.Y. July 25, 2016) ......................................2

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
490 B.R. 46 (S.D.N.Y. 2013) ................................................................................................10

*Stern v. Marshall*,
131 S. Ct. 2594 (2011) ...................................................................................................4, 10

*Stern v. Marshall*,
564 U.S. 462 (2011) ..............................................................................................................10

*Tucker v. Arthur Andersen & Co.*,
73 F.R.D. 316 (S.D.N.Y. 1976) ...............................................................................................9

**Statutes**

28 U.S.C. § 157(e) ......................................................................................................................10

**Other Authorities**

Fed. R. Bankr. P. 7042 ..................................................................................................................8

Fed. R. Civ. P. 16(b)(4) ...............................................................................................................6

Fed. R. Civ. P. 42 ........................................................................................................................8

Seventh Amendment to the United States Constitution ..............................................................10

Chaitman LLP submits this memorandum of law on behalf of the defendants represented by Chaitman LLP in the adversary proceedings listed in the Trustee's Exhibit A (the "Defendants") in opposition to the Trustee's motion (the "Motion") seeking an order establishing an omnibus proceeding to determine the Trustee's allegations that:

> BLMIS operated a Ponzi scheme through its investment advisory business (the "IA Business") at all relevant times, and because of the Ponzi scheme:
>
> (i)    BLMIS acted with the intent to hinder, delay, or defraud its creditors, as provided under 11 U.S.C. § 548(a)(1)(A) and SIPA § 78fff-2(c)(3), in connection with the transfers of fictitious profits to each defendant . . . and during the two years preceding the BLMIS liquidation proceeding; and
>
> (ii)   in calculating the Defendants' fictitious profits, the Trustee properly determined that no credit should be given (or removed) for gains (or losses) from Madoff's purported purchases and sales of securities, as reflected on the IA Business customer statements.

Additionally, Defendants join in, and incorporate in full, the Procedural Objections set forth in Point III of the memorandum of law submitted in opposition to the Trustee's Motion by Baker & McKenzie, LLP, Pryor Cashman LLP, and Dentons US, LLP, counsel for other defendants subject to the Trustee's Motion.

For the reasons set forth below, the Motion must be denied.

## PRELIMINARY STATEMENT

The Trustee's motion is barred because, pursuant to the case management orders entered in each of Defendants' cases, the deadline for fact discovery has long-since passed, with the exception of (i) the Defendants' demand – made more than two years ago -- that the Trustee produce Madoff's and BLMIS' trading records (the "Trading Records"), (ii) the enforcement of the subpoenas served by the Defendants on former

traders of BLMIS (which was stayed by this Court at the urgent request of the Trustee), and (iii) the completion by the Defendants of Madoff's deposition on the Day 2 topics which was adjourned by the Defendants solely because the Trustee had still not produced the Trading Records.

The Trustee did not seek an extension of his right to take discovery on any of the issues in these cases within the required time period. Nor did he seek an extension of his obligation to produce documents within the deadline set forth in the case management orders entered in each case. Nor can he establish that he has diligently attempted "to comply with the existing scheduling order[s]." *Misas v. North-Shore Long Island Jewish Health System*, Case No. 14-cv-8787, 2016 WL 4082718, *5 (S.D.N.Y. July 25, 2016). Thus, his motion must be denied.

We incorporate herein the facts set forth in the accompanying Declaration of Helen Davis Chaitman dated April 11, 2018, ("Chaitman Decl."), as well as in Defendants' Memorandum of Law and Ms. Chaitman's Declaration, both filed in *In re Bernard L. Madoff*, Adv. Pro. No. 08-01789 (SMB). *See* Chaitman Decl. Ex. B, ECF Nos. 16236 and 16237, filed June 26, 2017.

As indisputably demonstrated by the record before this Court, the Trustee has – for eight years – materially misrepresented the facts underlying his claims and has steadfastly concealed material evidence. The Trustee has misrepresented to the Court his concealment of documents in his efforts to further his fraud on the Defendants.

Indeed, the relief he seeks now proves his fraud: the Trustee consistently represented that Madoff and BLMIS never purchased any securities with investment advisory customers' money. Yet, the Defendants have shown that to be a patent misrepresentation and, indeed, Mr. Sheehan has admitted that Madoff purchased $16

billion of U.S. Treasury Bills with investment advisory customers' money. *See* Chaitman Decl., Ex. C, July 26, 2017 Tr. at 36:11-16.

The Trustee seeks a determination that, "in calculating the Defendants' fictitious profits, the Trustee properly determined that no credit should be given (or removed) for gains (or losses) from Madoff's purported purchases and sales of securities, as reflected on the IA Business customer statements." In essence, then, the Trustee is seeking this Court's blessing of the fraud he has perpetrated on the Defendants and the public for eight years.

The Motion also seeks to deprive the Defendants of their constitutional right to trial by jury on complex facts that are individualized in each of the Defendants' cases, based upon the specific securities shown on their statements. Incredibly, the Trustee is even seeking this Court's exercise of jurisdiction over cases in which all discovery is closed pursuant to this Court's case management orders, including cases which have been removed to the district court.

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

In December 2010, the Trustee sued the Defendants alleging that, although they were innocent victims of Madoff's fraud, they received voidable transfers from BLMIS. The complaints seek judgments against the Defendants for the amounts they took out in excess of what they invested through Madoff and BLMIS on the theory that Madoff and BLMIS never purchased the securities shown on the customers' statements. When the Defendants answered the complaints, they put in issue whether Madoff or BLMIS operated a Ponzi scheme and, if so, for what period of time; and whether BLMIS actually purchased the securities shown on the customer statements. The Defendants demanded jury trials and raised affirmative defenses that included challenges to the

constitutionality of adjudicating these cases in the bankruptcy court.  *See, e.g., Picard v. Nelson,* Adv. Pro. No. 10-04377 (SMB), ECF No. 30, Affirmative Defense No. 3 ("This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.").

Thus, the Trustee's proposed Omnibus Proceeding is his maneuver – raised for the first time more than two years after he was ordered to produce to Defendants all of the Trading Records – to try to circumvent the Defendants' constitutional right to trial by jury as well as the Defendants' protections under the Federal Rules of Civil Procedure.  Indeed, he has even sought to do this with three cases that, with this Court's consent, have been removed to the district court for trial by jury.  On May 31, 2017, during a final pretrial conference, Ms. Chaitman informed the Court that she intended to withdraw the reference for Defendants Carol and Stanley Nelson and Helene Saren-Lawrence.  The Court asked Ms. Chaitman to inform the Court when the motions to withdraw the reference were filed so that the Court could take the trial dates off the calendar.  *See* Chaitman Decl., Ex. E, May 31, 2017 Tr. at 53:3-5.  On July 7, 2017, Ms. Chaitman filed motions to withdraw the reference in all three cases and these motions are currently *sub judice* before Judge Daniels in the United States District Court of the Southern District of New York.  *See Picard v. Carol Nelson*, Adv. Pro No. 10-04658 (SMB), No. 17-cv-05162 (GBD); *Picard v. Carol Nelson and Stanley Nelson*, Adv. Pro No. 10-04377 (SMB), No. 17-cv-05163 (GBD); *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB), No. 17-cv-05157 (GBD).  Yet, the Trustee seeks to include these three cases in the proposed Omnibus Proceeding.  *See* Motion, ECF. No. 55-1, Ex. A, Nos. 22, 23 and 63.

As this Court itself recognized, the Trustee has violated two court orders to produce the Trading Records. *See* Chaitman Decl., Ex. F, June 29, 2017 Tr. at 74: 11, 14, 20. The Trustee's counsel has concealed from this Court and from the Defendants the fact that the BLMIS Data Base, to which the Trustee has denied Defendants access, contains the Trading Records and that the Trustee's "E-Data Room" contains only the documents the Trustee wants the Defendants to see, that is, those documents that are consistent with the Trustee's dishonest representations.

There can be no dispute that the Trustee's counsel flatly misrepresented the facts to the Defendants and to this Court:

> THE COURT: If you have those things and somebody can look at them and see the subject matter of what they want to look at, figure out what to look at, fine.
>
> MR. JACOBS: There is a subfolder in Data Room 1 that is called DTC that has all of those records.
>
> MS. CHAITMAN: I'm not asking for -- I have the DTC records.
>
> **THE COURT: She wants other non-DTC records.**
>
> **MR. JACOBS: To the extent we have them in addition to publicly available information that we obtain, it's all in the data room clearly labeled.**

*See* Chaitman Decl., Ex. D, May 17, 2016 Tr. at 61:7 – 17 (emphasis added).

The Trustee's fraud continues to this day as set forth in the accompanying declaration of Helen Davis Chaitman dated April 11, 2018. In essence, then, the Trustee is asking this Court to bless his dishonesty and to further his fraud. His motion must be denied.

## **ARGUMENT**

### **I. The Motion is time barred as fact discovery has expired pursuant to this Court's case management orders**

The Motion is time barred because, with specific exceptions not applicable here, fact discovery has expired pursuant to the case management orders entered in each of the Defendants' cases. *See, e.g., Picard v. Nissenbaum Trust, et al.,* Adv. Pro. No. 10-04878 (SMB), ECF No. 18, Fourth Amended Case Management Notice.

The Trustee has chosen, for the past eight years, to litigate these cases on an unconsolidated basis. Now that he is facing a jury trial in the Nelson and Saren-Lawrence cases, he seeks to circumvent the inevitable adverse rulings by consolidating the trial in this Court with an unjustifiable extension of the time for him to produce documents, despite the fact that he has been in contempt for 23 months of this Court's order that he put in the E-Data Room all of the Trading Records. *See* Chaitman Decl., Ex. D, May 17, 2016 Tr. at 69:19-21 ("[I]f the Trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room."); *see* Magistrate Judge Maas Discovery Arbitration Order, January 4, 2017, ECF No. 14807 at 3 ("To the extent there are any additional relevant records of securities trading that have not been made available . . . through Data Room 1, they must promptly be produced.").

Pursuant to Fed. R. Civ. P. 16(b)(4), "a scheduling order may be modified only "for good cause" focused on the diligence of the Trustee in attempting to comply with the existing scheduling order. This is the standard that the Trustee himself has cited to this Court:

> Under Fed. R. Civ. P. 16(b)(4), a "scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The Rule 16(b)(4) **'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order** and the reasons advanced as justifying that order's amendment." *Misas v. North-Shore*

> *Long Island Jewish Health System*, Case No. 14-cv-8787,
> 2016 WL 4082718, *5 (S.D.N.Y. July 25, 2016). "The burden
> of demonstrating good cause rests with the movant." *Id.*

*See Picard v. Zraick,* Adv. Pro. No. 10-05257 (SMB), ECF No. 68, Trustee's Mem. at 4, Filed March 22, 2017. (Emphasis added).

The facts Defendants have put before the Court unequivocally establish that, far from being diligent in complying with the existing case management orders, the Trustee has acted in flagrant contempt of the orders of this Court and of Magistrate Judge Maas in concealing the Trading Records for more than two years.

The record before this Court proves, indisputably, that the Trustee has not only affirmatively misled this Court and the Defendants concerning the existence of the Trading Records, but he has deliberately concealed the Trading Records which are in the BLMIS Data Base, to which he has refused to provide Defendants access. This Court will recall the following colloquy it had with the Trustee's counsel:

> MS. CHAITMAN: Okay. So when I was before you on May 17th, 2016 on my motion to compel the trustee to produce documents to us and other issues, Your Honor said to the trustee and I quote -- well, you said in court, **"If the trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room."** The trustee completely ignored what you said.
>
> MR. JACOBS: Understood. I would like to correct the record. There was never a motion to compel the trustee to produce any documents pending in this Court, that's a fiction.
>
> THE COURT: **But I thought I directed you to produce the documents.**
>
> THE COURT: Did Ms. Chaitman –
>
> MR. JACOBS: -- from that period.

> THE COURT: -- **did Ms. Chaitman ever ask for trading records in any of her discovery requests?**
>
> MR. JACOBS: **She did.  She's been asking for trading records for a very long time, for a couple of years now.**

*See* Chaitman Decl. Ex. E, May 31, 2017 Tr. at 12:2-9; 17:4-9, 18-24 (emphasis added); *See also* Chaitman Decl., Ex. F June 29, 2017 Tr. at 67:4-8 (this Court stated to Mr. Sheehan:  "I thought you were already directed to produce these documents" by this Court and Magistrate Judge Maas).

Given the Trustee's deliberate concealment of material evidence during the period in which he was obligated to produce discovery under the case management orders, there is no basis to grant the Trustee's Motion.  Indeed, to do so would be to reward the Trustee for his flagrant violation of two court orders and for the fraud he has perpetrated on the Defendants.

### II. Consolidation would adversely affect the substantive rights of the Defendants, risk prejudice, and deny Defendants a fair trial.

A trial court has broad discretion to determine whether consolidation is appropriate pursuant to Fed. R. Civ. P. 42 as made applicable to this proceeding by Bankruptcy Rule 7042.  *Johnson v. The Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990).  The Court must consider the "risks of prejudice and a concern for a fair and impartial trial."  *In re Koper,* 517 B.R. 431, 440 (Bankr. E.D.N.Y. 2014) (internal citation omitted).  A risk of "substantial prejudice" would defeat a motion to consolidate.  *Id.*

"When balancing the equities of each individual case when consolidation is sought, the court must be mindful that 'while the term has a disarmingly innocent sound, consolidation in bankruptcy ... is no mere instrument of procedural convenience . . . but a measure *vitally affecting substantive rights*.'  . . .  [I]f under certain circumstances there existed the possibility of unfair treatment to creditors of a corporate

debtor, then the power to consolidate was to be *used sparingly*." *In re Commercial Envelope Mfg. Co., Inc.*, Case No. 76-B-2354, 1977 WL 182366, at *3 (S.D.N.Y. Aug. 22, 1977) (emphasis added).

As the Second Circuit explained, "the benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993). "[A]t all times, the burden remains with the moving party to demonstrate that consolidation is appropriate." *In re Currency Conversion Fee Antitrust Litigation*, Case No. 01-MDL-1409, 2009 WL 1834351, at *2 (S.D.N.Y. June 18, 2009).

In *KGK Jewelry LLC v. ESDNetwork*, Case No. 11-CV-9236-LTS-RLE, 2014 WL 7333291, at *3 (S.D.N.Y. Dec. 24, 2014), Judge Swain denied a motion to consolidate, in part, because it "appears to be a tactical maneuver on the part of the [moving parties] to re-open discovery . . . following their failure to properly conduct discovery [in that action.]." That holding is particularly applicable here.

Consolidation is also inappropriate where the Defendants have sought a jury trial but other defendants have not. *See also Tucker v. Arthur Andersen & Co.*, 73 F.R.D. 316, 317-18 (S.D.N.Y. 1976) (consolidation denied because confusion would arise where one defendant made jury demand and the other defendants' cases would be tried to the court).

Finally, consolidation is not feasible because individual factual issues control, such as the factual issue as to whether BLMIS held the specific securities shown on each Defendant's statements.

### III. Defendants have a constitutional right to a jury trial which the Bankruptcy Court lacks jurisdiction to conduct or to enter a final judgment

The Seventh Amendment to the United States Constitution provides: "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const., amend. VII. Fraudulent transfer actions are actions at law as to which the Seventh Amendment ensures the right to a jury trial. *See Stern v. Marshall*, 564 U.S. 462, 492 (2011) ("[F]raudulent conveyance suits were 'quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.'") (quoting *Granfinanciera S.A. v. Nordberg,* 492 U.S. 33*,* 56 (1989)).

"Resolution of an avoidance action brought under SIPA would . . . require an exercise of the judicial power reserved for Article III courts." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 52 (S.D.N.Y. 2013) (Rakoff, J.). Thus, the "emerging consensus" is that "the Bankruptcy Court may not ordinarily enter final judgment on avoidance claims." *Id.* at 49; *In re Coudert Bros. LLP*, Case No. 11-2785-CM, 2011 WL 5593147, at *8 (S.D.N.Y. Sept. 23, 2011) (McMahon, J.) (vacating final order of bankruptcy court entered prior to *Stern* with respect to fraudulent conveyance claim because "a claim of fraudulent conveyance implicates private rather than public rights[]").

Bankruptcy courts may conduct a jury trial only if (1) they are specially designated to do so by a district court *and* (2) both parties consent. *See* 28 U.S.C. § 157(e). Here, the Defendants have not consented to a jury trial conducted by this Court. Thus, this Court lacks the Constitutional power to determine the key factual issues in

dispute, whose determination will be based upon the specific securities shown on individual Defendants' statements and the testimony of various BLMIS traders. As such, consolidation would serve no justifiable purpose and it "would be inefficient to allow these proceedings to go forward, knowing that they will have to be substantially repeated." *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 472 (S.D.N.Y. 2011).

### IV. PROCEDURAL OBJECTIONS

Defendants join in, and incorporate in full the following Procedural Objections set forth in Point III, A through B, of the memorandum of law submitted in opposition to the Trustee's Motion by Baker & McKenzie, LLP, Pryor Cashman LLP, and Dentons US, LLP, counsel for other defendants subject to the Trustee's Motion.

    A. There is No Authority to Implement a Procedure That Would Bind All Defendants to Speak Through a Single Spokesperson-Liaison Counsel, or to Prevent Defendants From Seeking Individualized Adjudications on Timely Motions to Opt Out of Any Consolidated Proceedings Where an Appropriate Showing is Made

    1. The opt-in procedure proposed by the Trustee substantively affects Defendants' rights to defend themselves in their individual actions

    2. The Court should allow defendants to file timely opt-out elections to pursue individual actions on the Ponzi scheme issue separately

    3. Appointment of Liaison Counsel with the power to speak for and bind all Defendants is inappropriate, violating their individual rights in their individual actions – even if consolidated – and where counsel to Defendants can coordinate the handling of any proposed omnibus proceedings

    B. The Trustee Should Be Required to Establish a Database of the Relevant Records for the Proceeding, that Is Easily Accessible to the Defendants, Fully Searchable and Not

> Subject to Any Ability by the Trustee's to Trace
> Defendants' Searches and Selections of Documents for
> Review

## V. RESERVATION OF RIGHTS

Defendants expressly do not consent to the entry of final orders or judgments by the Bankruptcy Court on any matters that may be addressed by the proposed consolidated proceeding. The Trustee's avoidance claims are not core proceedings; the matters to be addressed by the proposed consolidated proceeding involve elements of the Trustee's claims and the Defendants' defenses to those claims. The Defendants reserve the right to a jury trial but do not consent to a jury trial in the Bankruptcy Court.

## **CONCLUSION**

For the foregoing reasons, the Trustee's motion to consolidate should be denied.

April 11, 2018

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Helen Davis Chaitman*
Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, NY 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

</div>