# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Stacey A. Bell
direct dial: 212.589.4632
sbell@bakerlaw.com

April 12, 2018

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"). We write pursuant to your Honor's Chambers Rules and Local Bankruptcy Rule 5070-1 to request an adjournment of the April 25, 2018, hearing on the Trustee's *Motion and Supporting Memorandum of Law for an Order Establishing Omnibus Proceeding for the Purpose of Determining the Existence, Duration, and Scope of the Ponzi Scheme at BLMIS* (the "Motion") (ECF No. 17284) and an extension of the Trustee's deadline to respond to recently filed objections to the Motion.

      On February 23, 2018, the Trustee filed the Motion seeking the entry of an order pursuant to Rule 42 of the Federal Rules of Civil Procedure to establish an omnibus proceeding consolidating 155 of the Trustee's "good faith" adversary proceedings on two issues common to each action: (i) whether BLMIS acted with the intent to hinder, delay, or defraud its creditors, as provided under 11 U.S.C. § 548(a)(1)(A) and SIPA § 78fff-2(c)(3), in connection with the transfers of fictitious profits to the Defendants[1] during the two years preceding the BLMIS liquidation proceeding; and (ii) in calculating the Defendants' fictitious profits, whether the Trustee properly

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the Motion.

determined that no credit should be given (or removed) for gains (or losses) from Madoff's purported purchases and sales of securities, as reflected on the IA Business customer statements.

The Motion was originally scheduled to be heard before your Honor on March 30, 2018. At the request of several of the Defendants' counsel, the Trustee requested and obtained an adjournment of the March 30 hearing to April 25, 2018, and an extension of the objection deadline to April 11, 2018 (*See* ECF No. 17289).

Yesterday, counsel representing Defendants in 106 of the 155 adversary proceedings the Trustee seeks to include in the omnibus proceeding filed objections to the Motion on various grounds (collectively, the "Objections") (*See* ECF Nos. 17466–17474). In light of the breadth of issues raised in the Objections, and the number of adversary proceedings involved, the Trustee respectfully requests additional time to evaluate the Objections and to confer with the objecting Defendants in an effort to reach a compromise on the disputed issues. This additional time will allow the parties to streamline the issues before the Court and potentially avoid unnecessary litigation and costs.

Based on the foregoing, the Trustee respectfully requests an adjournment of the April 25 hearing on the Motion to May 30, 2018 at 10:00 a.m., as the Court's calendar may allow, and an extension of the deadline for the Trustee to respond to the Objections to May 23, 2018. The Trustee reached out to counsel who have filed Objections, and all have consented to the Trustee's request.

Respectfully submitted,

*/s/ Stacey A. Bell*

Stacey A. Bell
Partner


cc (via email):

    Richard A. Kirby
    Helen Davis Chaitman
    Robert A. Rich
    Nicholas F. Kajon
    Andrew B. Kratenstein
    Andrew J. Goodman
    Carole Neville
    Richard Levy, Jr.

2