Lax & Neville LLP
1450 Broadway, 35th Floor
New York, New York 10018
Telephone:  (212) 696 – 1999
Facsimile:  (212) 566 – 4531
Barry R. Lax, Esq. (BL1302)
Brian J. Neville, Esq. (BN8251)
Mary Grace White, Esq. (MW1959)

*Attorneys for Defendant Peng Yan,*
*Individually and as Personal Representative*
*of the Estate of Armand L. Greenhall*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | SIPA LIQUIDATION |
| | : | |
| Plaintiff-Applicant, | : | No. 08-01789 (SMB) |
| | : | |
| v. | : | |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| BERNARD L. MADOFF, | : | |
| | : | |
| Debtor. | : | |

-----------------------------------------------------------------X

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC, | : | Adv. Pro. No. 10-ap-5048 (SMB) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ESTATE OF ARMAND L. GREENHALL, PENG YAN, individually and as Personal Representative of the Estate of Armand L. Greenhall, DEIDRE SWEENEY, as Personal Representative of the Estate of Armand L. | : : : : : | |

Greenhall,                                                    :
------------ Defendants. ---------------------X

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Peng Yan, individually and as Personal Representative of the Estate of Armand L. Greenhall ("Defendant") by and through his attorneys, Lax & Neville LLP, responds to Plaintiff Irving H. Picard's Second Amended Complaint dated April 2, 2018, as follows, upon knowledge as to himself and his own acts and upon information and belief as to all other matters:

## NATURE OF PROCEEDING

1.      Defendant admits that Bernard L. Madoff ("Madoff") pled guilty to certain crimes and respectfully refers the Court to a copy of the transcript of the United States District Court for Southern District of New York dated March 12, 2009 and other filings and pleadings in that case for the complete contents therein.  To the extent a response is required, Defendant expressly denies receipt of avoidable transfers, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 1.

2.      Paragraph 2 consists of certain legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3.      Paragraph 3 consists of certain legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      The allegations of Paragraph 4 that that this Court has jurisdiction over this adversary proceeding are legal conclusions to which no response is required.  Defendant denies

2

knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 4, and refer the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding (as defined in Paragraph 4), the SIPA Proceeding (as defined in Paragraph 4), and in the criminal action against Bernard L. Madoff).

5.      The allegations of Paragraph 5 consist of certain legal conclusions and/or arguments as to which no response is required.

6.      The allegations of Paragraph 6 consist of certain legal conclusions and/or arguments as to which no response is required.

## DEFENDANTS

7.      Defendant admits the allegations in the first sentence of Paragraph 7.  The remaining allegations of Paragraph 7 consist of certain legal conclusions and/or arguments as to which no response is required.

8.      Defendant admits that he is a resident of Knoxville, Tennessee. Defendant also admits that he was a residual beneficiary of the Estate of Armand Greenhall but denies knowledge or information sufficient to form a belief as to the other allegations contained in the second sentence of Paragraph 8.

9.      Defendant admits the allegations of Paragraph 9.

## BACKGROUND, THE TRUSTEE AND STANDING

10.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, except to admit that on information and belief, that Madoff was arrested on December 11, 2008, and refers the Court to the filings and pleadings

in the various referenced actions relating to Madoff and BLMIS for the complete contents therein.

11.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Paragraph 19 consists of a series of legal conclusions and/or arguments as to which no response is required.  To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    Paragraph 20 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.    Paragraph 21 consists of a series of legal conclusions and/or arguments as to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

## BLMIS, THE PONZI SCHEME, AND MADOFF'S INVESTMENT STRATEGY

### I.    BLMIS

22.    Defendant admits, upon information and belief, that BLMIS was a New York limited liability company. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

23.    Defendant admits, upon information and belief, that BLMIS was a broker-dealer registered with the Securities & Exchange Commission and a member of SIPC. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

24.    Defendant admits, upon information and belief, that BLMIS was located at 885 Third Avenue in New York. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

5

26.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

## II.    THE PONZI SCHEME

28.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

*Madoff's Investment Strategy*

32.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

*BLMIS's Market Timing*

43.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    Paragraph 45 consists of certain legal conclusions and/or arguments for which no response is required.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

7

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

*The Collapse of the Ponzi Scheme*

49.     Defendant admits, upon information and belief, that Madoff collapsed in December 2008.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in Paragraph 49.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.  To the extent that Plaintiff relies on DiPascali's or Madoff's Plea Allocutions for the allegations in Paragraph 50, Defendant refers the Court to the referenced plea allocutions for the complete contents therein.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

## THE TRANSFERS

52.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53.     Defendant admits that Armand Greenhall made deposits to BLMIS.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53.

8

*Transfer History as Relating to Account 1G0109 (NTC & Co. FBO Armand L. Greenhall)*

54.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 except that Defendant admits that the Estate of Armand Greenhall received money from Madoff.  To the extent that Plaintiff relies on Exhibit B for the allegations in Paragraph 54, Defendant refers the Court to the referenced exhibit for the complete contents therein.

*Transfer History as Relating to Account 1G0234 (Armand L. Greenhall) and Transferor Accounts*

55.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 except that Defendant admits that the Estate of Armand Greenhall received money from Madoff.  To the extent that Plaintiff relies on Exhibit B for the allegations in Paragraph 57, Defendant refers the Court to the referenced exhibit for the complete contents therein.

*Summary of Two-Year Transfers to Greenhall and the Greenhall Estate*

58.    Defendant denies the allegations set forth in Paragraph 58 of the Second Amended Complaint, except he admits that Armand Greenhall and/or his Estate received certain transfers from Armand Greenhall's account at BLMIS during the two years prior to the Filing Date.

9

59.    Defendant states that the allegations of Paragraph 59 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 59 of the Second Amended Complaint except that Defendant admits that Armand Greenhall and/or his Estate received certain transfers from his accounts at BLMIS during the two year period prior to the Filing Date.

60.    Defendant states that the allegations of Paragraph 60 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 60 of the Second Amended Complaint.

## SUBSEQUENT TRANSFERS TO DEFENDANT YAN

*Chronology of Subsequent Transfers to Yan*

61.    Defendant admits the allegations set forth in Paragraph 61.

62.    Defendant states that the allegations of Paragraph 62 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 62 of the Second Amended Complaint except that Defendant admits that he received distributions from the Estate of Armand Greenhall.

63.    Defendant states that the allegations of Paragraph 63 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent that Plaintiff relies on Exhibit D for the allegations in Paragraph 63, Defendant refers the Court to the referenced exhibit for the complete contents therein.

64.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 except that Defendant admits that he received distributions from the Estate of Armand Greenhall.

65.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 except that Defendant admits that he received distributions from the Estate of Armand Greenhall.  To the extent that Plaintiff relies on Exhibit F for the allegations in Paragraph 65, Defendant refers the Court to the referenced exhibit for the complete contents therein.

66.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 except that Defendant admits that he received distributions from the Estate of Armand Greenhall and sent an email to Deirdre Sweeney about paying taxes.  To the extent that Plaintiff relies on Exhibit G for the allegations in Paragraph 66, Defendant refers the Court to the referenced exhibit for the complete contents therein.

*Recoverability of Subsequent Transfers to Yan*

67.    Defendant states that the allegations of Paragraph 67 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 67.

68.    Defendant states that the allegations of Paragraph 68 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 68, except that he admits that he did not receive an executor's commission.

69.     Defendant states that the allegations of Paragraph 69 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph 69.

70.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 except that Defendant admits that Deirdre Sweeney wrote a letter which he has received.  To the extent that Plaintiff relies on Exhibit I for the allegations in Paragraph 70, Defendant refers the Court to the referenced exhibit for the complete contents therein.

71.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 except that Defendant admits that Deirdre communicated with the beneficiaries of the Estate, including Mr. Yan.  To the extent that Plaintiff relies on Exhibit J for the allegations in Paragraph 71, Defendant refers the Court to the referenced exhibit for the complete contents therein.

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 except that Defendant admits that he signed a tax return.  To the extent that Plaintiff relies on Exhibit H for the allegations in Paragraph 72, Defendant refers the Court to the referenced exhibit for the complete contents therein.

73.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 except that Defendant admits that Deirdre Sweeney sent him tax documents.  To the extent that Plaintiff relies on Exhibit K for the allegations in Paragraph 73, Defendant refers the Court to the referenced exhibit for the complete contents therein.

74.    Defendant states that the allegations of Paragraph 74 of the Second Amended Complaint are legal conclusions or arguments as to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 74 of the Second Amended Complaint.

75.    Defendant denies the allegations of Paragraph 75, except that Defendant admits he received distributions from the Greenhall Estate.

**COUNT ONE**
**FRAUDULENT TRANSFER – 11 U.S.C. §§ 105(a), 548(a)(1)(A), 550(a) AND 551**

76.    Defendant incorporates his responses in Paragraphs 1-75 above.

77.    Defendant denies knowledge and information sufficient to form and belief as to the truth of the allegations contained in Paragraph 77 except that he admit that certain Defendants received certain transfers from BLMIS during the two years prior to the Filing Date.

78.    Paragraph 78 consists of certain legal conclusions and/or arguments for which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained therein.

79.    The allegations contained in Paragraph 79 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.    Defendant denies knowledge and information sufficient to form and belief as to the truth of the allegations contained in Paragraph 80 except admit that the Estate received certain transfers from BLMIS during the two years prior to the Filing Date.

81.    The allegations contained in Paragraph 81 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 81.

82.    The allegations contained in Paragraph 82 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 82.

## COUNT TWO
## RECOVERY OF SUBSEQUENT TRANSFERS – 11 U.S.C. §§ 105(a) AND 550(a)

83.    Defendant incorporates his responses in Paragraphs 1-82 above.

84.    The allegations contained in Paragraph 84 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 84.

85.    The allegations contained in Paragraph 85 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 85.

86.    The allegations contained in Paragraph 86 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 86.

87.    The allegations contained in Paragraph 87 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 87.

88.    The allegations contained in Paragraph 88 are legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 88.

89.    Defendant denies knowledge and information sufficient to form and belief as to the truth of the allegations contained in Paragraph 89.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), by, *inter alia,* (a) failing to describe each specific transfer and its recipients, and improperly combining allegations as to all Defendants, (b) pleading numerous background allegations and purported legal standards that are not required for the assertion of the alleged claims, (c) pleading numerous factual allegations about which Defendants could not possibly have knowledge, and (d) failing to allege facts sufficient to demonstrate that any transfers allegedly made to Defendants were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS.

### THIRD AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because the Trustee lacks standing, in whole or in part, to bring the claims asserted, or to recover the amount of transfers he seeks to avoid.

## FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because the Trustee's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint should be dismissed because the Trustee's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, *in pari delicto*, unclean hands, laches and/or issue preclusion.

## SIXTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendant may have received, Defendant is not liable because they provided "fair consideration" for such transfers and received such transfers in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendant may have received, Defendant is not liable because they gave equivalent value in exchange for such transfers.

## EIGHTH AFFIRMATIVE DEFENSE

With respect to any transfers Defendant may have received, Defendant is not liable because they lacked actual fraudulent intent.

## NINTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  Defendant does not concede that the claims asserted in the Second Amended Complaint are core proceedings, and Defendant does not consent to the entry of a final order and

judgment by the Bankruptcy Court. Defendant further demands a trial by jury, and do not consent to trial by jury in the Bankruptcy Court.

## TENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is barred, in whole or in part, because the Trustee has failed to plead all of the elements of fraudulent transfers under Sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code with sufficient particularity and factual support.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims are not ripe because they do not meet the conditions of section 78fff-2(c)(3) of SIPA. The Trustee has not established that there is a shortfall in customer property.

## TWELVTH AFFIRMATIVE DEFENSE

There can be no liability to a recipient of alleged transfers who, as a matter of law or contact, was required to transfer any portion of the funds to a third party.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, the claims are barred to the extent that the alleged transfers were earmarked as funds provided to the Debtor for the purpose of paying a specific indebtedness to the Internal Revenue Service.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for withdrawals they were compelled by law to make.

## FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, are not recoverable by virtue of 11 U.S.C. § 550(b) and/or (e).

17

## SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, were taken for value and in good faith, as provided by 11 U.S.C. § 548(c).  They are thus not avoidable or recoverable as against Defendant under 11 U.S.C. §§ 548 and 550.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by Defendant alleged to have been a subsequent transferee, were taken for value and in good faith, and without knowledge of voidability, as provided by 11 U.S.C. § 550(a).  They are thus not avoidable or recoverable as against Defendant under 11 U.S.C. §§ 548 and 550.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by Defendant, were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.  Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendant under 11 U.S.C. §§ 544 and 550 or Sections 272 through 276 of the New York Debtor and Creditor Law.

## NINETEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by Defendant, were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2)

of the New York Debtor and Creditor Law.  Accordingly, the alleged transfers are not avoidable or recoverable as against the Defendant under 11 U.S.C. §§ 544 and 550 or Sections 272 through 276 of the New York Debtor and Creditor Law.

## TWENTIETH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by Defendant, are subject to setoff or equitable adjustment because Defendant received such transfers in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt, in whole or in part, on account of obligations owed by BLMIS for, among other things, (i) amounts contractually due to customers, under New York law for the balances shown on prior customer account statements and related documents; (ii) rescission remedies, including damages and interest for fraud and misrepresentation pursuant to federal and state law; (iii) the time value of money; (iv) unjust enrichment; (v) damages for breach of fiduciary duty; and/or (vi) money had and received.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, for failure to properly account for the time value of money through an interest or other adjustment to the amounts of principal deposited into the account at Madoff Securities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims are barred because they fail to sufficiently trace the funds that are the subject of the alleged transfers from BLMIS to the Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, for failure to properly credit inter-account transfers.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Second Amended Complaint, any transfers alleged to be made by the Debtor, to the extent they were actually received by the Defendant, are subject to setoff or equitable adjustment because the alleged transfers were made to pay estate and/or income taxes based on the value of assets and statements of gains and income reflected in the BLMIS account at issue. The Internal Revenue Code ("IRC") requires payment of estate taxes, IRC § 2001 *et seq.,* and income taxes, IRC §§ 1 *et seq.* and 641 *et seq.*, based on, among other things, the amount of the funds and/or income generated in brokerage accounts. Accordingly, the Internal Revenue Code requires that tax payments be made based upon the value of the assets reflected in, and/or any gains or income reflected in, BLMIS brokerage statements. Defendant relied upon these statements in making such payments in order to comply with, among other federal and state statutes, IRC §§ 2001 *et seq.,* 1 *et seq.,* and 641 *et seq.*

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to any recovery, he would not be entitled to interest from the date of each alleged transfer.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff were entitled to any recovery, he would not be entitled to any prejudgment interest under N.Y. CPLR 5001 and 5004 because, among other reasons, all claims

except those under 11 U.S.C. § 548(a)(1)(A) and 550 have been dismissed, and accordingly, N.Y. CPLR 5001 and 5004 do not apply.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If and to the extent Plaintiff were entitled to any prejudgment interest, the Defendant would be entitled to set off any such amount by, among other things, the amount of interest Defendant should have realized on their principal that was held by BLMIS.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Recovery of attorneys' fees from Defendant is not permissible under the Bankruptcy Code or the New York Debtor and Creditor Law because such fees are not a "transfer" or "conveyance" under applicable law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims, including the claim seeing an assignment of any of Defendant's income tax refunds from the United States, and state and local governments, paid on alleged fictitious profits, are barred, in whole or in part, because Plaintiff is entitled to only a single satisfaction under 11 U.S.C. § 550(d).

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any assignment of any of Defendant's income tax refunds from the United States, and state and local governments paid on alleged fictitious profits because such assignment is prohibited by federal law, including (without limitation) 31 U.S.C. § 3727.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any assignment of any of Defendant's income tax refunds from the United States, and state and local governments paid on alleged fictitious profits if and to the extent Defendant is not permitted to set off any damages awarded to the Plaintiff.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to set forth additional defenses as such come to light in the course of discovery.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The transfers are not avoidable and/or recoverable because the funds at issue were held in trust by BLMIS and were not property in which BLMIS had a legal interest.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or part, by the doctrines and principles of res judicata, collateral estoppel, and/or issue preclusion.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Each claim for avoidance and recovery of a transfer is subject to setoff or other equitable adjustment to the extent that such transfers were, in whole or part, used by the Defendant to satisfy funding or other commitments to organizations that meet the requirements for tax-exempt status.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because, to the extent that Plaintiff incurred any injury or damage as alleged in the Second Amended Complaint (which is denied), any such injury or damage was caused and brought about by the act, conduct or omissions of individuals

and/or entities other than Defendant, and therefore, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff can't recover on his claims because he can't demonstrate that the Debtor was insolvent at the time of the transfers in question.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against Defendant under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable or recoverable as against either Defendant, in whole or part, because the alleged transfers and/or Defendant's property is exempt from recovery by Plaintiff.

### FORTIETH AFFIRMATIVE DEFENSE

The claims should be dismissed due to Defendant's justifiable reliance on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and SIPC, to oversee and monitor the activities and business of BLMIS.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The claims are barred by intervening or superseding events, factors, occurrences, or conditions over which Defendant had no control.

23

## FORTY-SECOND AFFIRMATIVE DEFENSE

The withdrawals that the Plaintiff seeks to recover were legally compelled under State and federal securities laws.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The withdrawals that the Plaintiff seeks to recover represented payments of obligations of the broker that were legally compelled under State and federal securities laws.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant request entry of judgment against Plaintiff Trustee as follows, for:

(i)     Dismissal of the Second Amended Complaint in its entirety with prejudice, on the merits;

(ii)    All costs of suit, including attorneys' fees, expenses and disbursements; and

(iii)   Such other and further relief as the Court deems proper.


Dated:  April 16, 2018
        New York, New York

**LAX & NEVILLE LLP**

By: */s/ Barry R. Lax___*
        Barry R. Lax, Esq. (BL1302)
        Brian J. Neville, Esq. (BN8251)
        Mary Grace White, Esq. (MW1959)
        1450 Broadway, 35th Floor
        New York, NY 10018
        Telephone:  (212) 696-1999
        Facsimile:  (212) 566 – 4531

        *Attorneys for Defendant Peng Yan,*

24