**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**SECOND STIPULATION AND ORDER ADJOURNING THE HEARING AND
EXTENDING THE OBJECTION DEADLINE ON THE TRUSTEE'S TWELFTH
OMNIBUS MOTION TO DISALLOW CLAIMS AND OVERRULE OBJECTIONS OF
CLAIMANTS WHO HAVE NO NET EQUITY, SOLELY WITH RESPECT
TO PETER MOSKOWITZ**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L.

Madoff ("Madoff") (collectively, "Debtor"), in the above-captioned SIPA liquidation proceeding

(the "Proceeding"), by and through his counsel, and Mr. Peter Moskowitz ("Claimant"), acting pro

se, hereby stipulate and agree as follows:

WHEREAS, on February 26, 2009, Claimant filed a customer claim, designated as claim

no. 003998 in this Proceeding; and

WHEREAS, on March 2, 2009, Claimant filed a duplicate customer claim with the Trustee,

which the Trustee designated as claim no. 004713 in this Proceeding; and

WHEREAS, claim no. 003998 and claim no. 004713 (jointly, the "Claims") relate to the account Claimant had at BLMIS, which BLMIS had assigned account no. 1ZR135 (the "Account"); and

WHEREAS, on October 19, 2009, the Trustee issued a letter determination denying the Claims on the basis that Claimant had withdrawn more money from BLMIS than he had deposited, and therefore did not have any "net equity" in the Account; and

WHEREAS, on December 1, 2009, Claimant, through counsel,[1] filed an objection (the "Objection") to the Trustee's letter determination of his Claims (ECF No. 1030); and

WHEREAS, after substantial legal proceedings relating to the methodology of calculating customer claims, on February 14, 2018, the Trustee filed his Twelfth Omnibus Motion (the "Motion") (ECF No. 17237), seeking to have the Court disallow any and all claims and overrule objections filed by or on behalf of customers that withdrew more money from BLMIS than they deposited and are thus, in the parlance of this Proceeding, net winners, or by customers that withdrew an equal amount to what was deposited or, in the parlance of this Proceeding, net zeros;

WHEREAS, the Claims and Objection were among those net winner claims the Trustee asked the Court to disallow and overrule in the Motion;

WHEREAS, the Motion was scheduled to be heard before the Court on March 28, 2018 at 10:00 a.m. (the "Hearing"); and

WHEREAS, on March 14, 2018, Claimant filed a Request for Adjournment and Extension

---

[1]  Since the filing of the Objection, Claimant terminated his attorney-client relationship.

2

of Time to File Written Objections with respect to the Motion (the "Adjournment Request") (ECF

No. 17333); and

WHEREAS, on March 15, 2018, the Court so ordered the Adjournment Request and

directed Claimant to discuss an adjournment and extension of time with the Trustee (ECF No.

17335); and

WHEREAS, on March 20, 2018, the Court entered a Stipulation and Order adjourning the

Hearing on the Motion to May 30, 2018 and extending the objection deadline to May 2, 2018,

solely with respect to Claimant (ECF No. 17383); and

WHEREAS, to accommodate the request of the Claimant for personal reasons, the Trustee

and Claimant have conferred and have agreed to further adjourn the Motion and extend the time

for Claimant to file an objection one final time; and

**NOW, IT IS HEREBY STIPULATED AND AGREED**, by the undersigned herein

that:

1.      The Hearing on the Motion, solely with respect to Claimant, shall be adjourned to

**June 27, 2018, at 10:00 a.m.,** as the Court's calendar may allow.

2.      The time for Claimant to file an objection to the Trustee's Motion is hereby

extended to and including **June 1, 2018**.

3.      This Stipulation may be signed in any number of counterparts and a signature made

by a facsimile or electronic copy shall have the same force and effect as an original signature.

Dated: New York, New York
  April 12, 2018

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Jason I. Blanchard
Email: jblanchard@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the chapter 7 estate of Bernard L. Madoff*

*/s/ Peter Moskowitz*

Peter Moskowitz

**Dated: April 17, 2018**
  **New York, New York**

**/s/ STUART M. BERNSTEIN**

**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**