# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 20, 2018

Maximillian S. Shifrin
direct dial: 212.589.4252
mshifrin@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Wilenitz*, Adv. Pro. No. 10-04995 (SMB)

Dear Judge Bernstein:

      We write in response to Ms. Chaitman's April 11, 2018 letter (the "Letter") and accompanying declaration (the "Declaration") requesting permission to file a motion for sanctions against the Trustee pursuant to Fed. R. Civ. P. 37(b)(A).[1]  Ms. Chaitman's submissions contain many misrepresentations and material omissions, all of which require some historical and factual context in order to fully understand the dispute and adequately correct the record.

      Since Ms. Chaitman's first request for purported "trading records" in 2016, the Trustee has produced over 260,000 documents and 4,700,000 pages—including restoring and producing all documents stored on 206 microfilm reels.  The Trustee has also produced three comprehensive indices that provide an itemized accounting of the hard-copy and electronic BLMIS data in the Trustee's possession (including microfilm), furnishing Ms. Chaitman with a wealth of information upon which to base specific and informed requests for relevant materials. In multiple emails, letters, and court filings, the Trustee has explained to Ms. Chaitman the nature of the data in his possession, how it is structured, and what portions of it have been affirmatively produced or otherwise made available—all of which the Trustee had previously

---

[1] The Trustee does not object to Ms. Chaitman's request that this conference be scheduled for May 30, 2018, provided that this date is acceptable to the Court.  For the sake of clarity, the Trustee does not object to the scheduling of a discovery conference pursuant to Local Bankruptcy Rule 7007, but objects to the scheduling of a formal hearing on Ms. Chaitman's proposed motion unless and until authorized by this Court, and after the Trustee has the opportunity to respond to any such motion.

April 20, 2018
Page 2

explained in written disclosures and discovery responses.[2] As detailed below, the Trustee has taken these measures, and many others, in a good faith effort to provide Ms. Chaitman with the "trading records" she has been demanding, despite the fact that the focus of her requests has been in a constant state of flux and evolution.

The Letter and Declaration omit all of these details and many others. Instead, Ms. Chaitman claims that the Trustee is in violation of two orders—one from this Court on May 17, 2016 (the "May 2016 Conference"), the other entered by Judge Maas on January 4, 2017 (the "January 2017 Order")—and falsely states that, "[o]n March 23, 2018, the Trustee's counsel made its first production of documents to the Defendants of the Trading Records we had been seeking since March 8, 2016." Chaitman Decl. ¶ 20. These claims are false.

As a threshold matter, Ms. Chaitman mischaracterizes the May 2016 Conference and improperly omits relevant language by the Court that provides necessary context. At that conference, the Court went through each of Ms. Chaitman's discovery requests in an attempt to resolve the dispute, but the Court nevertheless permitted Ms. Chaitman, on her own insistence, to file a motion to compel, which she eventually filed on August 29, 2016. After fully briefing the motion in this Court, the parties referred the dispute to Judge Maas for arbitration, which took place on December 13, 2016 (the "December 2016 Arbitration").

Since the December 2016 Arbitration, the Trustee has fully complied with Judge Maas's directives. On December 15, 2016, two days after the arbitration, the Trustee sent Judge Maas and Ms. Chaitman a letter detailing the steps the Trustee would take to identify the pre-1992 "trading records" Ms. Chaitman was, at the time, requesting. In that letter, the Trustee noted that he had identified 95 records from the pre-1992 period related to the National Securities Clearing Corporation ("NSCC"), an affiliate of the DTCC. In addition, the Trustee stated that he ran searches for "Depository Trust" and "National Securities" across the approximately 30 million records in the BLMIS Database, which hit on 16,042 documents (excluding 2,264 already in E-Data Room 1), and would immediately produce all of these documents. The Trustee also explained that he had identified 167 reels of microfilm that potentially contained records from these earlier time periods, and that he would restore and search those documents for additional DTCC or NSCC records. Finally, the Trustee agreed to produce two comprehensive indices: a searchable index of hard-copy materials stored at the BLMIS Warehouse (the "Warehouse Index") and an index of electronic media obtained from BLMIS (the "Media Index"). Ms. Chaitman never objected to these measures.

---

[2] For example, in the Trustee's Responses and Objections to Ms. Chaitman's original discovery requests in this adversary proceeding, served on April 8, 2016 and attached hereto as Exhibit A, the Trustee stated that he "preserved the nearly 20,000 pieces of BLMIS ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not include all such documents in the BLMIS Searchable Database. The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy discs or CDs, and broken media. In responding to discovery requests, the Trustee does not search for BLMIS documents outside of the BLMIS Searchable Database." In addition, the Trustee has routinely disclosed the enormous volume of unrestored data in his possession, including microfilm, in his Fed. R. Civ. P. 26 initial disclosures, and first made these disclosures in a case involving Ms. Chaitman on August 1, 2011.

April 20, 2018
Page 3

After the Trustee completed these productions, Ms. Chaitman filed a second motion to compel additional pre-1992 records without specifying the documents she was seeking or what she thought the Trustee was withholding. In a good faith effort to provide Ms. Chaitman with everything she was interested in, the Trustee agreed to produce, while the motion was still pending, the following additional materials: (i) the balance of the documents that were restored from the 167 microfilm reels described above; (ii) all documents restored from 34 additional reels with pre-1992 labeling that he had since identified; and (iii) all documents responsive to 147 search terms applied across the approximately 30 million records in the BLMIS Database. As explained to Ms. Chaitman, the Trustee based the 147 search terms on internal BLMIS reports reflecting purported trading activity that he identified in BLMIS's books and records.

Critically, based on the Trustee's productions and restorations described above, Judge Maas denied Ms. Chaitman's second motion to compel on March 15, 2017 (the "March 2017 Order," attached hereto as Exhibit B)—an order Ms. Chaitman neglects to mention in her papers. The March 2017 Order directed Ms. Chaitman to: (i) use the indices the Trustee had produced, which he recognized "should enable Ms. Chaitman to formulate more focused requests for trading records;" (ii) "send the Trustee's Counsel a letter specifically identifying the additional documents Ms. Chaitman seeks to have produced, and where she believes they may be found;" and (iii) "confer in person regarding Defendants' request for BLMIS trading records." *Id.* at 6. If the dispute persisted, Judge Maas directed the parties to send him "a joint letter . . . detailing their remaining areas of disagreement." *Id.* Judge Maas concluded by reminding the parties that Fed. R. Civ. P. 26 "requires that discovery requests be limited to items that are relevant to a party's claims or defenses and proportional to the needs of the case." *Id.* (emphasis in original).

Ms. Chaitman has ignored this order for the past year. Instead, Ms. Chaitman has repeatedly raised the issue in this Court, improperly demanding in June of 2017 (in connection with the Madoff "Day 2" Deposition briefing) that the Trustee restore all 5,300 available microfilm reels, which Ms. Chaitman falsely stated the Trustee had never disclosed (a request this Court denied). At the same time, and further ignoring Judge Maas's March 2017 Order, Ms. Chaitman broadened her request to include "all documents showing BLMIS' or Madoff's ownership of securities, regardless of whether it is House 5 or House 17, and covering the entire period from 1975 – 2008," and demanded that the Trustee produce millions of documents responsive to 22 search terms based on well-known financial institutions, such as "Barclays," "Morgan Stanley," and "Fidelity." The Trustee repeatedly reminded Ms. Chaitman of her obligations under the March 2017 Order, explained that the wholesale production of millions of irrelevant documents was beyond the scope of permitted discovery under Fed. R. Civ. P. 26, and invited her to meet and confer with the Trustee in good faith. For months, Ms. Chaitman refused these offers.

The Trustee nevertheless continued to seek compromise with Ms. Chaitman, eventually agreeing to her proposal that we produce documents responsive to two of her 22 search terms. Following these productions, Ms. Chaitman finally agreed to meet and confer with the Trustee on November 14, 2017 (the "November Meet and Confer"). At the November Meet and Confer,

Ms. Chaitman clarified the specific types of records she was seeking and, for the first time, proposed a particularized method for identifying them. The parties agreed that the Trustee would run BLMIS bank account numbers across the Rule 2004 materials in the Trustee's possession—which the Trustee obtained from various third parties in response to Rule 2004 subpoenas—and produce any third-party business records that appear to reflect any BLMIS securities ownership or trading. Ms. Chaitman subsequently served a formal request for production, and the Trustee served responses and objections on December 21, 2017.

The Trustee's search across the Rule 2004 materials using the BLMIS/ Bernard Madoff bank account numbers yielded approximately 15,000 documents—the majority of which were already in E-Data Room 1. The Trustee reviewed the approximately 3,200 documents not in E-Data Room 1 and identified documents that appear to reflect BLMIS securities ownership or trading. Based on Ms. Chaitman's evolving definition of "trading records" and her history of criticizing the Trustee for allegedly withholding documents, the Trustee decided to produce all 3,200 of these documents, subject to the restrictions on confidential materials articulated in the Litigation Protective Order. Consequently, the Trustee's March 23, 2018 production included: (i) approximately 978 documents that appear to reflect BLMIS securities ownership or trading (all but 82 were duplicates of documents already in E-Data Room 1, but with different Bates numbering); (ii) other non-confidential documents containing the agreed-upon search terms; and (iii) documents responsive to Ms. Chaitman's request for materials related to the "509 Account" BLMIS maintained with JPMorgan & Chase. The production contained 2,112 documents.

The Trustee also informed Ms. Chaitman that he would produce the balance of documents containing the agreed-upon search terms once the Trustee completed the notification steps mandated by the Litigation Protective Order. These additional documents contain the agreed-upon search terms, but the Trustee has determined that they do not reflect securities ownership or trading. In light of Ms. Chaitman's complaints that the Trustee's March 23, 2018 production included non-responsive materials, the Trustee will hold this production in abeyance pending further requests from Ms. Chaitman or guidance from the Court.

As detailed above, the Trustee has fully complied with the agreements reached at the November Meet and Confer and all extant orders. Ms. Chaitman's request to file a sanctions motion should therefore be denied.

Respectfully submitted,

*/s/ Maximillian S. Shifrin*

Maximillian S. Shifrin

cc:    Helen Davis Chaitman (via email)