UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>Plaintiff-Applicant,<br>v.<br>BERNARD L MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated)<br>Date and Time of Hearing:<br>Courtroom 723<br>April 25, 2018 at 10:00 AM<br>**Court-Ordered**<br>***Indispensable* Evidence**<br>**Due by 05.02.2018**<br>**To Make Justice End Ongoing**<br>**Obstruction of Justice Since Day One** |
| In re:<br>BENARD L MADOFF,<br>Debtor. | |

### Table of Contents, Headings and a Table of Authorities

**Table of Contents**

| 1 | Court-Ordered *Indispensable Evidence* Due by 05.02.2018 To Make Justice Prevent Obstruction of Justice Since Day One | 1-6 |
|---|---|---|
| 2 | *Indispensable* Evidence to Keep Proving Ongoing Obstruction of Justice | E5-E32 |

**Headings**

| A | Opening Statements | 1-2 |
|---|---|---|
| B | Legal Arguments | 2-4 |
| C | Closing Statements | 4-5 |
| - | Endnotes **d** to **h** | 5-6 |

**Table of Authorities**

| In Endnotes of this *Indispensable* Legal Filing | Page |
|---|---|
| **d** ABA Model Rules of Professional -- **Preamble** A Lawyer's Professional Responsibilities. | 5 |
| **e** Legal-dictionary.thefreedictionary.com: Prejudice. | 5 |
| **f** Notice of Electronic Filing by Lalit K Jain Esq: Document # 17525. | 6 |
| **g** *Indispensable evidence* includes documents to help the Court *add up numbers right* playing legal games with *a true, correct and complete deck* of 52 cards. | 6 |
| **h** No one shall bring into issue the Big Four, no ifs, ands or buts. | 6 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>Plaintiff-Applicant,<br>v.<br>BERNARD L MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated)<br>Date and Time of Hearing:<br>Courtroom 723<br>April 25, 2018 at 10:00 AM<br>**Court-Ordered**<br>***Indispensable* Evidence**<br>**Due by 05.02.2018**<br>**To Make Justice End Ongoing**<br>**Obstruction of Justice Since Day One** |
| In re:<br>BENARD L MADOFF,<br>Debtor. | |

## A   Opening Statements

1      With *all* due respect to the Court, Justice by laws *correctly applied* requires this Court to please author with due authority the *world's first unprecedented* **safe** *ground breaking* Decision and Order ("D&O") in this *one-of-a-kind case* to insure **safe** *civic education to eradicate the victimization culture* victimizing everyone *without discrimination and/or bias* based on age, religion, sex, color, caste, etc.

.1   Everyone knows that *assumed* Justice, supported by *zealous representation,*[d] **shocks the conscience** in a **negative** way as *prejudicial*[e] and *biased*, that *factual* Justice, supported by *truthful representation*, **shocks the conscience** in a **positive** way as *fair* and *unbiased*, [d, e] and that Madoff Trustees' *failure to serve and file* its answer to Objectant's Document Number 17525[f] is its *overdue acquiescence* to Hon Court's Order to make Justice *end* ongoing Obstruction of Justice, *no ifs, and or buts*; and

.2   Court-ordered *indispensable evidence* is being *served and filed* in order to inspire teamwork between *all* Officers of the Courts ending *all conflicts of interests* created on a *lawyer by lawyer basis*, e.g., legal discretion used by lawyers to zealously represent "overpaid" victims to keep their *unlawful* gains and also "underpaid" victims to get their *lawful* gains from the Madoff Trustee, knowing that such *zealous* representations shall keep forcing the Court to keep making the numbers add up wrong instead of right.

2      Court-ordered *indispensable evidence*[g] helps the Court to make Justice *end* Obstruction of Justice, more so after having reserved its *dispositive decision* on the *intertwined thus inseparable fiduciary duties* and *legal duties* of the Madoff Trustee who is legally represented by BakerHostetler with Chief Counsel David Sheehan, Esq., to also *serve and file* at least the following *if not more*:

.1 *All* BLMIS Client Statements of Wolf Popper LLP pursuant to Dean Loren's oral request during the 04.25.2018 hearing in the Court; and

.2 *All* book entries, and records and other items used to establish Wolf Popper LLP as a client of BLMIS as expressly shown on Page 162 Exhibit A of AlixPartner Director John Frank's February 3, 2008 affidavit and correspondence by Wolf Popper LLP to Picard concerning the identities of their clients.

3       Laws *correctly applied* require everyone to **tell-and-prove** the truth, the whole truth, and nothing but the truth, so help us God **prevent** the lie, the whole lie, and nothing but the lie from compromising the constitutionally created due process of law that has to be kept secured for Justice to end *ongoing* Obstruction of Justice and not immortalize Injustice *before, during and after* due process of law.

4       Madoff Trustee, an attorney with its law firm BakerHostetler LLC as his counsel, created self-proving conflicts of interests between *his fiduciary duties* and *his law firm's legal duties* to the *victims* of the Madoff Ponzi Scheme as *proof of the victimization culture*. Victims include the Court itself, Judges, *even Madoff himself* who, *with advice of his* Counsels as Officers of the Courts violating their singular duty to the Courts, was *forced to be a believer in the system misused* by laws *misapplie*d to immunize them. Executor Dean Loren is required to continue to do his fiduciary duties with its Counsel Lalit K Jain Esq as an Officer of the Courts to do his legal duty of singular loyalty to the Courts, *no ifs, ands or buts*.

**B    Legal Arguments**

5       In order to make Justice *prevent* Obstruction of Justice, an Order for a *close legal review* of both *indispensable evidence* is *inevitable* to help marshal *all* Madoff Trust investments made by John Fisher, Esq. of Wolf Popper LLP then, now with Hamburger Weinschenk & Fisher (hereinafter "Fisher").

6       Fisher was, and still is, in 100% control to manage *unmanageable amounts* as manifested in 100% transparent documented thus undeniable evidence of 0% credible behavior of Fisher. Such evidence includes, but is not limited to, the following duly attached here for everyone's convenience:

.1 His clients include, but are not limited to, **Simon Goldberg** when alive until 05.24.1985, also when dead on 05.24.1985 thus aka **Simon Goldberg Estate since 05.24.1985**, and *even when he came back again aka reborn to live* on **05.18.1988 in order to open the Nuveen Account on 05.18.1988 (E5)**;

.2  In his client **Simon Goldberg Estate** accountings given to Dean Loren, Fisher's client Executor David Mandelbaum **revealed highest** "Cash Received" of $844.26 on 04.28.1987 (**E6**) and **lowest** "Deposit" of $1.08 on 10.13.1992 (**E8**) **but concealed** their respective sources and natures of incomes, **confessed** that *"a complete explanation cannot be found"* (**E6-E8**) as *undeniable* proof of *unmanageable comingling* of incomes and investments, taking from one account and giving to another account, knowing that **such chronic violations of intertwined thus inseparable legal duties and fiduciary duties to keep true, correct and complete accounting to support and file true, correct and complete taxes with authorities will keep shocking the core of every clean Court's conscience;**

.3  His clients also include plethora of others[h] *soon to be made publicly known* pursuant a Court Order for a *close legal review* by the Trustee and its Chief Counsel to ***help everyone, thus hurt no one***, as follows:

A  **Help Fisher as Counsel to David Mandelbaum as Executor of the Simon Goldberg Estate** who is a ***duly confessed but not yet convicted impostor*** CPA (**E9-E18**) to marshal all its assets for *overdue distribution* to Evelyn Goldberg Estate and all other beneficiaries *unlawfully deprived* of their peace of mind since day one after **overdue learning about Mandelbaum's credibility:**

   i  David Mandelbaum, with "an AB from Dartmouth" (E13), "didn't graduate" (E13), **befriended** Simon Goldberg in 1983, "approximately two years prior to his [1985] death" (E13), and is **believed to be in "INACTIVE" Status during the years he befriended** Simon Goldberg;

   ii  David Mandelbaum and his wife Rosemary Mandelbaum **even forged** signatures on the back of two checks favoring Simon A Goldberg & Evelyn Goldberg JT TEN, issued months after Simon Goldberg's date of death on 05.24.1985, by **endorsing** in their handwritings "Simon A Goldberg and Evelyn Goldberg Jt Tenants Estate of Simon A Goldberg" (**E15-E16**) with another forgery of Evelyn Goldberg on 11.26.1985 in a duly sworn affidavit before a duly licensed Notary Public to confirm that Evelyn Goldberg is the "JOINT TENANT SURVIVOR" (**E17**) followed by a truthful confession on oath by David Mandelbaum that he "made a **[legally fatal]** mistake in depositing these checks **[with forged endorsements]** in the **[Simon Goldberg]** estate bank account...[and] told her...when she confronted me...[saying] I can't take the money out of the account and return it to you. I just don't have the power to do it. I can't write any checks on this [Simon Goldberg] estate account **[although I am the Executor 100% controlled by Fisher]**" (**E18**), knowing that David Mandelbaum has been doing illegitimate acts with no power to do so *except that he got caught red-handed by Evelyn Goldberg*;

B  **Help Fisher** to *upgrade his illegal, unethical, immoral and unspiritual* practice of law outside and inside the Courts ("Unprofessional") behavior towards other Counsels to never ever repeat, *inter alia*, his 11.07.2017 Unprofessional behavior towards Counsel LKJESQ *irreversibly immortalized* in his 11.07.2017 email to LKJESQ *revealing his closed mind* that "...I do not trust you [LKJESQ] or your client [Dean Loren] for one second (**E19-E20**) obviously since you two will keep helping Courts to make Justice *prevent* Obstruction of Justice as Organized Justicide assassinating Justice;

C  **Help Lalit K Jain Esq as Counsel to Dean Loren as Executor of the Evelyn Goldberg Estate** as the **financial victim** of the Simon Goldberg Estate as the **financial victim** of Fisher and his Unprofessional behavior since day one from Wolf Popper days to keep helping Hon Courts with his singular loyalty to the Courts as an Officer of the Courts to keep them helping Dean Loren to keep marshaling all its assets for *overdue distribution* to its two *non-profit tax-exempt beneficiaries*, the **Vatican,** legally represented by Kathleen McCormack Esq of Cullen and Dykman LLP, and the **Comprehensive Education Program Inc,** legally represented by Lalit K Jain Esq. as in this case, knowing that his Unprofessional behavior is undeniable proof of his forcing Hon Surrogate's Court of the State of New York, County of New York, 100% controlled by Hon Mella, to *force* both Executors to *compromise* their *unforgiving fiduciary duties* to marshal *all* their assets as follows:

i   In its 04.13.2017 Decision (**E21-E25**), Hon Mella acted *above* the law thus *without* jurisdiction in law, made its Decision legally unenforceable as null and void making its enforcers trespassers-in-law aka Outlaws, because Hon Mella made her *conclusory findings, belied by evidence in the record quite to the contrary*, that the "parties **[instead of Fisher alone with a conflict of interest]** failed to file a new stipulation" (**E24**), that too for "an expanded settlement" (**E23**) for "an additional asset of decedent's estate…identified and then collected and accounted for *after* the **[premature]** execution of the **[defiled]** stipulation" (**E22**) requiring Fisher to pay a lot more from the Simon Goldberg Estate bank account with not enough moneys to begin with;

ii  In his 09.28.2017 LKJESQ legal mail to Fisher (**E26**), enclosing the Court-ordered RECEIPT, RELEASE AND INDEMNITY AGREEMENT duly signed and notarized on 09.28.2017 in duplicate (**E27-E30**), reminded Fisher to please have his client David Mandelbaum do the same "and return on duly complete Original to [LKJESQ] with the duly certified bank check of $509,234.84 within 10 days of 09.28.2017, namely, by 10.09.2017" (**E26**);

iii In his 11.07.2017 email to LKJESQ (**E19-E20**), Fisher's confession that "**the check is on [his] IOLA account** ["FOR est. Simon Goldberg – Disbursement instead of on the Simon Goldberg Estate Account where the funds should have been, but were not since they were misused by Fisher (**E20**) and therefore] **Not Certified…**" (E19) is yet one more smoking gun evidence of his comingling the Simon Goldberg Estate moneys even with his IOLA account moneys in violating his intertwined thus inseparable fiduciary duties and legal duties since day one; and

iv  In its 10.17.2017 Decision (**E31-E32**), Hon Mella again acted *above* the law thus *without* jurisdiction in law, made its Decision legally unenforceable as null and void making its enforcers trespassers-in-law aka Outlaws, because Hon Mella made her *conclusory findings*, belied by evidence in the record quite to the contrary, that the "Court does not have jurisdiction to issue a declaratory judgment **[with mandatory relief and redress requested by Lalit K Jain Esq]** pursuant to CPLR 3001" (**E31**), believed in the legal fiction that Jain's "motion is one for reargument **[which it is not, never was, never will be and yet]**…denied it as untimely…" (E31);

D  *Help give the historic Madoff Ponzi Scheme the newest therapeutic twist for law-breaking news on the newest conflicts of interest legal game played by Fisher*;

E  **Help** *We the People begin to minimize, even prevent, buying scams making the world's oldest law-breaking-news making government and corporate officials lose their peace of mind for illegitimate journalism for illegitimate living to invent, event promote, new scams and thus begin to buy the newest law-obeying-news making those very same officials keep peace of mind with legitimate journalism for a legitimate living*; and

F  *Help our nation of We the People to be honored as the world's first and only nation that finally resurrected its self-respect assassinated by Obstruction of Justice for centuries since 1776.*

## C   Closing Statements

*May it please the Court* to please pass its unprecedented judicious D&O for *transparent integrity*:

1   To *deny* Trustee's request to deny Objectant's "Motion in its entirety" (Trustee's Response, page 11, CONCLUSION) and thus prevent the Court from making Justice end ongoing Obstruction of Justice;

2   To *grant* Loren's requests for Trustee to produce *all* indispensable documents under ¶ **A3**, *supra*; and

3   To grant "such additional and further relief as the Court deems just and fair" (Trustee's Response, page 11, CONCLUSION) *but only if and when* such additional and further relief are *in fact* just and fair like

the Court-ordered cooperation between Trustee's Counsel and Objectant's Counsel legally required to help prevent neglect in this SIPA proceeding and insure that every Officer of the Courts' *singular duty to the Court* helps prevent the Hon Court from making Judgmental errors as unflawed finality that *helps all* knowing that flawed finality *hurts all*, even the Hon Courts themselves.

Dated: New York, New York          Respectfully submitted,
      Apr 30, 2018

                /s/ Lalit K Jain
                Lalit K Jain
                Email: LKJESQ@LKJESQ.Com
                Law Offices of Lalit K Jain Esq.
                 6122 Booth Street
                 Rego Park NY 113741034
                 Fon: 718 255-6576
                 Fax: 347 637-5498
                Attorneys for Objectant Dean Loren

Honorable Stuart M Bernstein
(A *hard copy* of every pleading, with exhibits, to Chambers is to be provided at the time of service).
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
Tel: 212 284-4078
  Chambers: 212 668-2304
   Courtroom: 723
  Courtroom Deputy: Chantel Barrett 212 284-4026
  Law Clerk: Alexander Rich 212 284-4027
  Law Clerk: Derek Cash 212 284-4028
  Law Clerk: Mike Paek 212 284-4564

---

[d]   MODEL RULES OF PROFESSIONAL CONDUCT
   Nothing contained in this book is to be considered as the rendering of legal advice for specific cases, and readers are responsible for obtaining such advice from their own legal counsel.
   ©2012 by the American Bar Association. All rights reserved.
   **PREAMBLE: A LAWYER'S RESPONSIBILITIES**
   [8] ... when an opposing party is *well represented* [by a truthful advocate], a lawyer **can [but does not have to]** be a *zealous advocate* on behalf of a client and *at the same time assume* that justice is being done [knowing that Obstruction of Justice assassinating Justice aka Organized Justicide is being done instead]..."
   *http://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_con duct/model_rules_of_professional_conduct_table_of_contents.html*

[e]   *Prejudice* is a forejudgment; bias; partiality; preconceived opinion ... leaning toward one side of a cause for some reason *other than a conviction of its justice*. ...
   *http://legal-dictionary.thefreedictionary.com/prejudice.*

**f**    Notice of Electronic Filing

The following transaction was received from Lalit K Jain entered on 4/26/2018 at 9:49 PM and filed on 4/26/2018

Case Name: Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC. et a
Case Number: 08-01789-smb https://ecf.nysb.uscourts.gov/cgi-bin/DktRpt.pl?174497

**Document Number: 17525**

Docket Text: Response to Motion <i></i> filed by Lalit K Jain on behalf of Dean Loren.
(Attachments: # (1) Pleading Objectant Dean Loren's Written Oral Arguments) (Jain, Lalit).

**g**    This *indispensable evidence* includes, but is not limited to, dispositive documented proofs from duly numbered Exhibits 1 *et seq* referred to in duly sworn Dean Loren's April 29, 2018 Affidavit in Support of Loren's April 25, 2018 Oral Motion before Judge Stuart Bernstein for the Production of Wolf Popper Client Billing Records pursuant to Judge Bernstein granting Loren's April 25, 2018 oral request to supplement the record for Judge Bernstein's decision reserved order for production of Wolf Popper Client Billing by Trustee Picard.

**h**    With all due respect to the Court, no one shall bring into issue the Big Four, no ifs, ands or buts.

```
REPORT NUMBER: R0113O                                                              PAGE:            1
SOURCE PROGRAM: SSRYR036                                            SUPER SHEET DATE: 03/05/2004
JOB NAME/#: DYYMU775/30934                                             CURRENT DATE: 03/05/2004
                                      2003 TRANSCRIPT                            TIME:    17:17:27

                                  SHAREOWNER MASTER RECORD
FUND CODE/NAME:   1689/NUVEEN NEW YORK MUNI BOND R    MGMT CODE/NAME: NV/NUVEEN MUTUAL FUNDS
ACCOUNT NUMBER:   1012154-2    SSN-TAX ID/TIN:                            05/18/1988

SHAREOWNER REGISTRATION           DEALER NUMBER/BRANCH    44B/000      DATE ESTABLISHED 05/18/1988
    SIMON A GOLDBERG                  REP NUMBER/NAME HOUSE    /             ALPHA CODE GOLDBSIMOA
    400 E 54TH ST APT 19C88       DEALER REGISTRATION PLEASE PROVIDE    FIDUCIARY ACCOUNT NO
    NEW YORK NY  10022-5164                         YOUR FINANCIAL       PENALTY WITHHOLDING NO
                                                    ADVISOR INFORMATION CAPITAL GAIN OPTION REINVEST
                                                    CHICAGO IL  60606      DIVIDEND OPTION REINVEST
                                                                        CUMULATIVE DISCOUNT        0
                                                                          MATRIX LEVEL 0
                                                                     STATE/COUNTRY CODE 031
                                                                        FRGN TAX RATE 00.0
LAST MAINT DATE 08/23/1998   STOP MAIL DATE 00/00/0000                    SOCIAL CODE 005
                                                                       B/C NOTICE NO  / NO
2003 CUTOFF DATES: INCOME DIV 12/31/2003  LTCG 12/31/2003  STCG 12/31/2003
                                                           BEG SHARES ISSUED:          .0000
                                                           BEG SHARES UNISSUED:   16,501.2660
------------------------------------------------------------------------------------------------
                             SHAREOWNER TRANSACTION HISTORY
                                                           BEGINNING BALANCE:     16,501.2660

HIST CHG TRANS #    CONFIRM DATE   TRANSACTION DESCRIPTION    GROSS AMOUNT    BATCH   DC   SHARE BALANCE
        TC - TS     TRADE DATE            SHARES                PRICE       CERT ISS
             1      02/03/2003   INCOME REINVEST 0.047          775.56              O    O   16,573.1440
      011 - 000     02/03/2003        71.8780  (+)              10.7900      NO
             2      03/03/2003   INCOME REINVEST 0.047          778.94              O    O   16,644.3450
      011 - 000     03/03/2003        71.2010  (+)              10.9400      NO
             3      04/01/2003   INCOME REINVEST 0.047          782.28              O    O   16,716.5110
      011 - 000     04/01/2003        72.1660  (+)              10.8400      NO
             4      05/01/2003   INCOME REINVEST 0.047          785.68              O    O   16,788.3280
      011 - 000     05/01/2003        71.8170  (+)              10.9400      NO
             5      06/02/2003   INCOME REINVEST 0.045          755.47              O    O   16,856.3880
      011 - 000     06/02/2003        68.0600  (+)              11.1000      NO
             6      07/01/2003   INCOME REINVEST 0.045          758.54              O    O   16,925.3460
      011 - 000     07/01/2003        68.9580  (+)              11.0000      NO
             7      08/01/2003   INCOME REINVEST 0.045          761.64              O    O   16,997.5390
      011 - 000     08/01/2003        72.1930  (+)              10.5500      NO
             8      09/02/2003   INCOME REINVEST 0.045          764.89              O    O   17,069.7670
      011 - 000     09/02/2003        72.2280  (+)              10.5900      NO
             9      10/01/2003   INCOME REINVEST 0.045          768.14              O    O   17,140.3030
      011 - 000     10/01/2003        70.5360  (+)              10.5900      NO
            10      11/03/2003   INCOME REINVEST 0.045          771.31              O    O   17,211.6550
      011 - 000     11/03/2003        71.3520  (+)              10.8100      NO
            11      12/01/2003   INCOME REINVEST 0.044          757.31              O    O   17,281.3250
      011 - 000     12/01/2003        69.6700  (+)              10.8700      NO
            12      12/01/2003   SHRTTERM CG REIN 0.0062        108.71              O    O   17,291.1420
      069 - 001     12/01/2003         9.8170  (+)              10.8700      NO
            13      12/29/2003   INCOME REINVEST 0.044          760.81              O    O   17,360.4960
      011 - 000     12/29/2003        89.3540  (+)              10.9700      NO

ENDING BALANCE     ISSUED:              .0000   UNISSUED:    17,360.4960   TOTAL SHARES:    17,360.4960
------------------------------------------------------------------------------------------------
```

ESTATE OF SIMON A. GOLDB...

Schedule A-2  -
Schedule of Income Collected - continued
------------------------------------------
AMOUNTS COLLECTED WHICH ARE BEING INCLUDED HEREIN
AS INCOME, FOR WHICH A COMPLETE EXPLANATION CANNOT BE FOUND:
------------------------------------------------------------

Date of
Receipt     Description                             Amount
------      -----------                             ------

| Date of Receipt | Description | Amount |
|---|---|---|
| 04/28/86 | Deposit to Account | 8.65 * |
| 07/25/86 | Cash Received | 61.02 * |
| 09/10/86 | CIL 925 shs CP LTD | 3.18 * |
| 11/04/86 | Cash Received | 63.84 * |
| 04/28/87 | Cash Received | 844.26 * |
| 06/03/87 | Cash Received | 317.48 * |
| 06/08/87 | Cash Received | 412.72 * |
| 06/09/87 | Cash Received | 780.62 * |
| 06/23/87 | Cash Received | 7.14 * |
| 06/23/87 | Adjustment on 6/22/87 Dep. | 49.04 * |
| 06/29/87 | Cash Received | 12.38 * |
| 07/03/87 | Cash Received | 14.42 * |
| 07/03/87 | Cash Received | 12.37 * |
| 08/14/89 | Dividends | 4.87 * |
| 08/15/89 | Dividend | 18.80 * |
| 08/18/87 | Cash Received | 141.43 * |
| 08/18/87 | Cash Received | 118.46 * |
| 08/25/87 | Cash Received | 12.82 * |
| 09/08/87 | Cash Received | 7.27 * |
| 11/16/87 | Cash Received | 12.92 * |
| 12/07/87 | Cash Received | 7.31 * |
| 01/20/88 | Cash Received | 122.54 * |
| 02/12/88 | Cash Received | 13.41 * |
| 02/22/88 | Cash Received | 7.54 * |
| 02/23/88 | Check Issued | (10.65)* |
| 03/07/88 | Cash Received | 7.65 * |
| 04/18/88 | Cash Received | 2.79 * |
| 05/16/88 | Cash Received | 2.89 * |
| 05/16/88 | Cash Received | 13.74 * |
| 07/06/88 | Cash Received | 3.16 * |
| 08/12/88 | Check Received | 3.45 * |
| 09/27/88 | Check Issued | (128.00)* |
| 10/12/88 | Cash Received | 3.92 * |
| 11/14/88 | Cash Received | 3.98 * |
| 11/15/88 | Cash Received | 15.36 * |
| 12/12/88 | Cash Received | 4.16 * |
| 01/16/89 | Cash Received | 4.28 * |
| 02/10/89 | Cash Received | 4.40 * |
| 02/15/89 | Cash Received | 15.73 * |
| 03/13/89 | Cash Received | 4.48 * |
| 04/12/89 | Deposit to Account | 4.62 * |
| 05/15/89 | Deposit | 18.53 * |
| 06/02/89 | Deposit | 4.81 * |
| 06/22/89 | Deposit | 4.73 * |

E 6

* Denotes Conversion from Canadian $ to U.S. $          PAGE 31

ESTATE OF SIMON A. GOLDING

Schedule A-2   -
Schedule of Income Collected - continued
------------------------------------------
AMOUNTS COLLECTED WHICH ARE BEING INCLUDED HEREIN
AS INCOME, FOR WHICH A COMPLETE EXPLANATION CANNOT BE FOUND:
-------------------------------------------------------------

| Date of Receipt | Description | Amount |
| ------ | ----------- | ------ |
| 07/13/89 | Deposit | 4.83 * |
| 10/12/89 | Deposit | 4.87 * |
| 11/16/89 | Deposit | 18.90 * |
| 12/12/89 | Deposit | 4.91 * |
| 01/12/90 | Deposit | 4.92 * |
| 02/16/90 | Deposit | 18.47 * |
| 03/12/90 | Dividend | 4.98 * |
| 04/12/90 | Deposit | 5.22 * |
| 05/14/90 | Deposit | 5.21 * |
| 05/15/90 | Credit Account | 18.82 * |
| 06/12/90 | Deposit | 5.33 * |
| 07/12/90 | Deposit | 5.40 * |
| 08/10/90 | Deposit | 5.46 * |
| 08/15/90 | Deposit | 19.31 * |
| 09/12/90 | Deposit | 5.22 * |
| 10/15/90 | Deposit | 5.17 * |
| 11/13/90 | Deposit | 5.05 * |
| 11/15/90 | Deposit | 19.00 * |
| 12/12/90 | Deposit | 4.95 * |
| 01/14/91 | Deposit | 4.85 * |
| 02/12/91 | Withhold from Acct/Deposit | 4.64 * |
| 02/15/91 | Deposit | 19.14 * |
| 03/12/91 | Deposit | 4.30 * |
| 04/12/91 | Deposit | 4.21 * |
| 05/13/91 | Deposit | 3.99 * |
| 05/15/91 | Deposit | 19.22 * |
| 06/12/91 | Deposit | 3.79 * |
| 07/12/91 | Deposit | 1.84 * |
| 08/12/91 | Deposit | 1.84 * |
| 08/15/91 | Deposit | 19.31 * |
| 09/12/91 | Deposit | 1.86 * |
| 10/15/91 | Deposit | 1.81 * |
| 11/12/91 | Deposit | 1.76 * |
| 11/15/91 | Deposit | 9.02 * |
| 12/12/91 | Deposit | 1.62 * |
| 01/13/92 | Deposit | 1.50 * |
| 02/12/92 | Deposit | 1.40 * |
| 02/17/92 | Deposit | 8.63 * |
| 03/12/92 | Deposit | 1.34 * |
| 04/13/92 | Deposit | 1.46 * |
| 05/12/92 | Deposit | 1.44 * |
| 05/15/92 | Deposit | 8.51 * |
| 06/12/92 | Deposit | 1.39 * |

E7

```
Schedule A-2  -
Schedule of Income Collected - continued
-----------------------------------------
AMOUNTS COLLECTED WHICH ARE BEING INCLUDED HEREIN
AS INCOME, FOR WHICH A COMPLETE EXPLANATION CANNOT BE FOUND:
-------------------------------------------------------------

Date of
Receipt    Description                              Amount
------     -----------                              ------
 07/13/92  Deposit                                    1.28  *
 08/12/92  Deposit                                    1.24  *
 09/14/92  Deposit                                    1.15  *
 09/15/92  Deposit                                    8.34  *
 10/13/92  Deposit                                    1.08  *
 11/12/92  Deposit                                    1.36  *
 11/16/92  Deposit                                    8.04  *
 12/14/92  Deposit                                    1.36  *


                                                  --------------
Total - Schedule A-2                               $389,097.06
                                                  ==============
```

E 8

* Denotes Conversion from Canadian $ to U.S. $          PAGE 33

7/9/88    COPY

1

2

3    SURROGATE'S COURT : COUNTY OF NEW YORK

4    ------------------------------------

5    PROBATE PROCEEDING,

6        WILL OF                    File No. 3169/1985

7    SIMON A. GOLDBERG, Deceased.

8    ------------------------------------

9

10

11                    Deposition of petitioner DAVID

12    MANDELBAUM taken by respondent pursuant to notice,

13    and held at the offices of G. Oliver Koppell,

14    Esq., 28 West 44th Street, New York, N. Y. 10036,

15    on Tuesday, August 9, 1988, at 10:10 a.m., before

16    Brian G. Berkowitz, a Registered Professional

17    Reporter and Notary Public within and for the

18    State of New York.

19

20

21

22

23

24

25

E9

08-01789-cgm   Doc 17549-1   Filed 05/01/18   Entered 05/01/18 13:51:46   Supplement
Court-ordered Indispensable Evidence to help Court Add Up Numbers Rig   Pg 13 of 35

5

1                    Mandelbaum

2      just handed Mr. Fisher a copy of the notice of

3      appearance of this firm on behalf of Evelyn

4      Goldberg in this matter, as well as a consent to

5      change attorney form, permitting this firm to

6      represent Mrs. Goldberg in this matter.

7           Q.      Mr. Mandelbaum, would you please give

8      me your full name and address?

9           A.      David J. Mandelbaum.

10                  22 Dartmouth Terrace, White Plains

11     New York 10607.

12          Q.      Could you please give me your social

13     security number?

14          A.      ████████████

15          Q.      Would you please give me your current

16     position, your current employment?

17          A.      I'm a partner in the accounting firm

18     of Rich, Levine & Company.

19          Q.      How long have you been a partner at

20     that accounting firm?

21          A.      Since January of this year.

22          Q.      What is the address of that company?

23          A.      230 Park Avenue, New York, New York

24     10169.

25          Q.      Were you in your own accounting

                        E10

08-01789-cgm   Doc 17549-1   Filed 05/01/18   Entered 05/01/18 13:51:46   Supplement
Court-ordered Indispensable Evidence to help Court Add Up Numbers Rig   Pg 14 of 35

6

1                           Mandelbaum

2    practice prior to that time?

3           A.      Prior to that time, I was a

4    stockholder in David J. Mandelbaum and Company,

5    P.C.

6           Q.      For what period of time were you a

7    stockholder in David J. Mandelbaum?

8           A.      Approximately 6 years.

9           Q.      Did you practice accounting for that

10   firm?

11          A.      I practiced accounting for that

12   firm.

13          Q.      Were you 100 percent shareholder?

14          A.      For a brief period during those

15   years, between 1982 and 1987, I was 100 percent

16   shareholder.  During the greater part of that

17   period, I believe I was an 80 percent

18   shareholder.

19          Q.      Was there just one other party who

20   held the other 20 percent at that time?

21          A.      Yes, there was one other party.

22          Q.      Who was that other party?

23          A.      His name was Abe Wolf.

24          Q.      Prior to your affiliation with David

25   J. Mandelbaum, what was your position?

                         E11

7

1                    Mandelbaum

2        A.      I was a partner in the firm of

3    Mandelbaum and Carey.

4        Q.      How long were you in that

5    partnership?

6        A.      From approximately 1977 to 1982.

7        Q.      Did you practice accounting as a

8    partner in that firm?

9        A.      I did.

10       Q.      If you can recall, prior to that?

11       A.      Prior to that, I was a partner

12   in--it's either Samuel Mandelbaum and Company, or

13   David J. Mandelbaum and Company.  I don't recall

14   the sequence.

15       Q.      Is Samuel Mandelbaum your father?

16       A.      He's my father, right.

17       Q.      He also is an accountant?

18       A.      He's an accountant.

19       Q.      How long have you been a practicing

20   accountant?

21       A.      Since 1956.

22       Q.      You've practiced in the State of New

23   York since that time?

24       A.      Yes, I have.

25       Q.      Can you briefly give me your

E12

08-01789-cgm   Doc 17549-1   Filed 05/01/18   Entered 05/01/18 13:51:46   Supplement
Court-ordered Indispensable Evidence to help Court Add Up Numbers Rig   Pg 16 of 35

8

Mandelbaum

1

2   schooling history, starting with any graduate

3   schools and working your way back, if you would?

4       A.      Starting with graduate schools?

5       Q.      Please.

6       A.      N.Y.U. Graduate School of Business

7   Administration, Amos Tuck Graduate School of

8   Business Administration, Dartmouth College, Horace

9   Mann School, P.S. 87.

10      Q.      Can you give me the year that you

11  graduated from N.Y.U.?

12      A.      I didn't graduate. I took courses

13  from 1956 to probably the middle of 1958.

14              I might be off.  I went to school at

15  night.

16      Q.      What degrees did you earn?

17      A.      Only an AB from Dartmouth

18      Q.      Can you tell me the first time you

19  met a Mr. Simon A. Goldberg?

20      A.      I don't know the year.  It was

21  approximately two years prior to his death.  If

22  you tell me the year he died, I can---is it 1985?

23      Q.      He died in 1985.

24      A.      I think I met him two years prior to

25  that.

E13

4/30/2018        NYS Professions - Online Verifications

08-01789-cgm    Doc 17549-1    Filed 05/01/18    Entered 05/01/18 13:51:46     Supplement
Court-ordered Indispensable Evidence to help Court Add Up Numbers Rig    Pg 17 of 35

**NYSED**.gov



## Office of the Professions

# Verification Searches

The information furnished at this web site is from the Office of Professions' official database and is updated daily, Monday through Friday. The Office of Professions considers this information to be a secure, primary source for license verification.

## License Information *

### 04/30/2018

**Name :** MANDELBAUM DAVID J
**Address :** WHITE PLAINS NY
**Profession :** CERTIFIED PUBLIC ACCOUNTANCY
**License No:** 020034
**Date of Licensure :** 04/26/1961
**Additional Qualification :**    Not applicable in this profession
**Status :** INACTIVE
**Registered through last day of :**

* Use of this online verification service signifies that you have read and agree to the terms and conditions of use. See HELP glossary for further explanations of terms used on this page.

- Use your browser's back key to return to licensee list.
- You may search to see if there has been recent disciplinary action against this licensee.
- Note: The Board of Regents does not discipline *physicians(medicine)*, *physician assistants*, or *specialist assistants*. The status of individuals in these professions may be impacted by information provided by the NYS Department of Health. To search for the latest discipline actions against individuals in these professions, please check the New York State Department of Health's Office of Professional Medical Conduct homepage.



E 14



E 15

NEW YORK

**M-U**

CRED MUNICIPALS
INCOME TRUST

FIRST FAMILY
OF TRUSTS

0000267015

00267015        1-840/260

PAYABLE
DATE 07/15/85

DOLLARS/CENTS

TO THE ORDER OF    **SIMON A GOLDBERG &**
)85-337357        **EVELYN GOLDBERG JT TEN**
                  **400 EAST 54TH STREET APT 19C**
                  **NEW YORK              NY 10022**

PAY    **\*\*\*\*\*\*\*\*\*\*\*869.00**

NOT NEGOTIABLE UNTIL PAYABLE DATE

BRADFORD TRUST COMPANY
NEW YORK, NEW YORK

AUTHORIZED SIGNATURE

⑆00267015⑆ ⑈026008400⑈ 700⑉2⑉000169⑈        ⑆0000086900⑆

E16

## CLAIMANT'S FORGERY AFFIDAVIT 1

### ON FORGERY LOSS and/or loss through legally unauthorized signatures

**STATE OF** New York )
                      ) SS
**COUNTY OF** New York )

Simon A. Goldberg, deceased May 24, 1985 and
Evelyn Goldberg JOINT TENANCY SURVIVOR _____ *being first duly*

*sworn deposes and says that* they are _____ *in the*
                                    "payee" but as "survivor"
persons _____ *named as the* Evelyn Goldberg is the legal paye
                        00256287(6/15 *(Maker, Payee or Endorser)*
                        00267015(7/15
*of the attached* (check numbered 00279756(8/15 _____ *dated* June, July, August 15's
                   (STUBS

*drawn on the* _____ Bradford Trust Company _____ *to the order*

*of* Simon A. Goldberg (deceased May 24, 1985)(and Evelyn Goldberg ·
                                            (JOINT TENANCY SURVIVOR
*in the sum of* June:$869; July:$869; Aug:$859 _____ *Dollars* ($2,597 plus interest

vid J. Mandelbaum, CPA Signed some checks as "Estate of Simon A. Goldberg" but
~~~hout~~ Court(Legal)Authority and without Letters Testamentary; on the (Aug~~ust~~
~~~eck~~ he signed the name "Simon A (Maker of Check) Goldberg" and "Evelyn Goldberg"

*and that the signature of* "Estate of Simon A. Goldberg" *was not authorized*
~~rogate's~~ Court. The signature of "simon a. goldberg" and Evelyn Goldberg wa
~~ally~~ illegal _____ *on the said check was not written or*

*authorized by* my deceased husband nor, by JT Ten Surviv~~or this~~ *a forgery.*
                                            Survivor
                    *And being still sworn said deponent does further say that*

SHE _____ *has not received the proceeds of said check or any part*
                                $2,597
*thereof and that said amount is justly due* PLUS INTEREST _____ *and that this*

*affidavit is made voluntarily for the purpose of obtaining the proceeds of*

*said check and establishing the fact that* _____ any _____ *signature is a*
Unauthorized by the Probate Department of surrogate's Court.
*forgery.* The endorsement on the August check is totally illegal and
probably qualifies as forgery. Attached: Restricted Delivery Letter
to Ernest D. Stein, General Counsel, Manufacturers Hanover Trust Co.

_____

*Subscribed and sworn to before me*

*this* Twenty-Sixth _____ *day of*

November _____ , 19 85

_____
**Notary Public**

ELLEN SPAHN BADEN
NOTARY PUBLIC, State of New York
No. 41-4731184
Qualified in Queens County
Commission Expires _____

E17

```
 1                        Mandelbaum
 2        Q.      Do you now feel that signing Mrs.
 3   Goldberg's name was improper?
 4        A.      I feel I made a mistake in depositing
 5   those checks in the estate bank account.
 6        Q.      Did you ever tell Mrs. Goldberg
 7   that?
 8        A.      I told her that when I--when she
 9   confronted me with my having deposited those
10   checks in error.  I said, "I made a mistake, but I
11   can't take the money out of the account and return
12   it to you.  I just don't have the power to do it.
13   I can't write any checks on this estate
14   account."
15        Q.      What did Mrs. Goldberg say to you?
16        A.      I think she said nothing.  I think
17   she started writing letters.
18                     MR. DUANE:  Okay.  I think--
19                     MR. FISHER:  Off the record.
20                     (Discussion off the record.)
21                     MR. DUANE:  Back on the record,
22   briefly.
23                     Mr. Fisher has indicated that he
24   has an appointment in Washington, this afternoon,
25   and we will be unable to continue the deposition.
```

E18

*Fisher and Jain emails as proof of Lawbreaking Practice of Law by Fisher as Counsel for Simon Goldberg Estate Violating the Receipt, Release and Indemnification Agreement duly executed 0n 09.28.2017 by Dean Loren whose Counsel Jain never received same back duly executed by Fisher.*

**Fisherlawyer@aol.com** to me 11/1/17

I have a check payable to Evelyn's estate.  Should I mail it to you? Do you want to pick it up? Under no circumstances do I want Mr. Loren to come to my office to pick the check up.
John Fisher

**Lalit K. Jain <lkjesq@gmail.com>**to Fisherlawyer  11/1/17

Attorney Fisher:
In the interest of time and time is money too, I look forward to the check by courier delivery.
As always, thanks for your legal cooperation.
Lalit
Law Offices of Lalit K Jain Esq
 Laws *correctly applied* instead of *mis*applied as *constitutionally mandated*. (TM)
6122 Booth Street Rego Park NY 11374-1034
Fon: 718-255-6576 / Fax: 347-637-5498 / Cell: 718-316-5921

**Fisherlawyer@aol.com** to LKJESQ  11/1/17

do you have a courier to pick it up ? I am not sending one on my account.

**Lalit K. Jain <lkjesq@gmail.com>**to Fisherlawyer

no I don't
Thanks
Law Offices of Lalit K Jain Esq
 Laws *correctly applied* instead of *mis*applied as *constitutionally mandated*. (TM)
KuttingEdge KommonSense Inc. (KEKSI)
 Helps to Legally *Minimize* Stupefying in Personal and Business Lives (TM)
Lalit K Jain Licensed Real Estate Broker
 Realize Your Reality of Realty.  It's the KEKSI Way. (TM)

**Lalit K. Jain <lkjesq@gmail.com>**to Kathleen, Lisa, dpadernacht, Dean, FisherLawyer

Attorney Fisher:
Our client has instructed me to authorize you to use USPS Priority to send me the $509,023.84
certified check and to then send you my check to reimburse you for the USPS Priority cost since
you don't want your Simon Estate to pay same. Thanks.

**Fisherlawyer@aol.com** to LKJESQ  11/7/2017



**I will send the check by regular mail today.  I do not trust you or your client for one second.  The
check is on my IOLA account.  Not certified.  The cost of express mail or certification of the check
is just another, and another needless expense.**
**I trust that I will never hear from you or your client again.**

###

E 19

**JOHN C. FISHER**
**ATTORNEY AT LAW**
IOLA ACCOUNT
36 W 44TH STREET
NEW YORK, NY 10036

3673

1-2/210 283

DATE November 1, 2017

PAY TO THE ORDER OF estate of Evelyn Goldberg                  $ 509,234.84

Five Hundred Nine Thousand Two Hundred Thirty-Four and 84/100************    DOLLARS

**CHASE**
JPMorgan Chase Bank, N.A.
www.Chase.com

FOR est. Simon Goldberg - disbursement

⑈003673⑈ ⑆021000021⑆ 530096897⑈

HAMBURGER, WEINSCHENK AND FISHER
ATTORNEYS AT LAW
THE BAR BUILDING
36 WEST 44TH STREET
NEW YORK, N.Y. 10036

NEW YORK
NY 100
07 NOV '17
PM 6 L



$ 000.46
0000284551  NOV 07 2017
MAILED FROM ZIP CODE 10036

Law Offices of Lalit K. Jain, Esq.
6122 Booth Street
Rego Park, NY 11374-1034

11374-103422

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK



New York County Surrogate's Court

APRIL 13, 2017

------------------------------------------------------------x

In the Matter of the Petition of Dean Loren, Executor of the
Will of Evelyn Goldberg, to Compel David Mandelbaum,
Executor of and Trustee Under the Last Will and
Testament of

     SIMON A. GOLDBERG,

          Deceased,

DECISION
File No.: 1985-3169/A

To Account Pursuant to SCPA 2205.

------------------------------------------------------------x

M E L L A, S.:

     The following submissions were considered in deciding this motion to enforce a
stipulation of settlement:

| Papers Considered | Numbered |
|---|---|
| Notice of Motion to Restore, Dismiss, and<br>  for Related Relief, dated September 29, 2015 | 1 |
| Affirmation of John C. Fisher, Esq., in Support<br>  of Motion, dated September 29, 2015, with<br>  Exhibits A through L | 2 |
| Affirmation of Daniel Padernacht, Esq., in Opposition<br>  to Motion, dated January 11, 2016, with Exhibits A and B | 3 |

     In the context of this proceeding by the executor of the will of Evelyn Goldberg to

compel the account of the executor of and trustee under the will of Ms. Goldberg's spouse,

Simon Goldberg ("decedent"), the parties reached an agreement which was memorialized in a

written stipulation executed by the parties and their counsel on May 29, 2015. Pursuant to that

stipulation, petitioner agreed to discontinue the proceeding in exchange for: 1) payment to him,

in his fiduciary capacity, of a sum representing additional income payable to Ms. Goldberg's

estate after respondent's account was settled by decree dated December 28, 1995, and 2) an

E21

account by respondent for that additional income received to the date of the stipulation. The

stipulation also contemplated the execution of a release by petitioner upon receipt of the account

and payment, and petitioner's waiver and consent to any formal or informal accounting in the

Estate of Simon Goldberg. On the record on May 29, 2015, in response to the court's inquiry,

petitioner indicated that he understood and was satisfied with the terms of the stipulation that had

been described on the record. Petitioner was represented by counsel in court on May 29, 2015.

Around the same time, an additional asset of decedent's estate was identified and then

collected and accounted for after the execution of the stipulation. This asset was not addressed in

the parties' May 29, 2015 agreement. It appears that discovery of this additional asset had an

impact on petitioner's willingness to comply with the May 29, 2015 stipulation. Thereafter, both

parties sought to restore the compel account proceeding to the court's calendar.[1] That relief, as

sought in respondent's motion, which further sought dismissal of the petition on the grounds that

the matter had been settled and discontinued pursuant to the May 29, 2015 stipulation, was

granted by the court in a decision dated July 7, 2016, to the extent of restoring the proceeding and

motion to the court's October 7, 2016 calendar for argument as to why the court should not

compel compliance by both parties with the terms of the stipulation.[2]

Petitioner opposes the portion of the motion seeking dismissal of his petition and

---

[1]From the bench on December 15, 2015, as memorialized in a written decision issued on
January 28, 2016, the court declined to entertain petitioner's pro se application to restore because
he failed to seek, in writing, the court's permission to make this application personally when
represented by counsel in this proceeding (*see* CPLR 321[a]).

[2]This decision followed numerous conferences held with the court in an attempt to
address the parties' concerns, especially those of petitioner, and assist with resolving this matter.
In that context, the parties and court discussed a global settlement that would include the
additional asset and a share of its value to be paid to Evelyn Goldberg's estate.

-2-

E 22

requests, among other relief: a) restoration of his petition to compel respondent to account to the

calendar; and b) setting aside the May 29, 2015 stipulation for mistake, fraud and collusion; c)

granting his petition to compel respondent to account; d) revocation of respondent's letters; and

e) appointment of petitioner as successor executor so that he can prepare an amended account in

decedent's estate. In addition to the opposition filed by petitioner's counsel, the court has

received numerous communications from petitioner personally, some of which have been

returned because they were sent pro se while he was represented by counsel.

At the request of the parties, respondent's motion was adjourned to December 9, 2016, at

which time the parties represented on the record that they had reached an expanded settlement

and would be entering into an amended stipulation.[3] The court directed the parties to file the new

stipulation by December 16, 2016, and indicated that on that date, the motion would be marked

submitted for the court's consideration.

A new stipulation was not filed with the court on or after December 16, 2016. Instead,

correspondence dated December 17, 2016, from petitioner personally and addressed to

Commissioner John Koskinen (of the Internal Revenue Service) and to this court (the "IRS

letter") was sent to chambers. It appears that this correspondence was also sent to counsel for

respondent, as well as to petitioner's counsel. Attached to this correspondence is: 1) a copy of a

document titled "Stipulation and Agreement" that is dated December 16, 2016, and appears to be

---

[3] Petitioner appeared through counsel on December 9, 2016, but did not appear personally.
On December 8, 2016, petitioner's counsel had submitted to the court his and his client's request
for an adjournment because petitioner was sick and unable to come to court. In petitioner's
affidavit, dated December 6, 2016, requesting an adjournment, he states that "[t]here is no
material or substantial problems [sic] as [petitioner] fully intends to deliver a waiver to
[decedent's] Estate in exchange for funds over $489,000 due and payable to [the] Evelyn
Goldberg Estate . . . ."

-3-

E23

signed by petitioner and respondent, but not their respective counsel, 2) a copy of a Receipt, Release and Indemnification Agreement also dated December 16, 2016, and apparently executed by petitioner on that date, 3) a copy of a document titled "Stipulation and Agreement to Withdrawal of Petition and Discontinuance of Petition for Compulsory Accounting," which is signed by petitioner but undated, and 4) a letter dated December 16, 2016, addressed to this court's law clerk, which indicates that petitioner is holding the original of the preceding three documents in escrow, to be delivered to the court upon a future return date that petitioner appears to be requesting. In the IRS letter, petitioner states, in part, that "Surrogate Mella order[ed him] to accept the forced accounting and [he is] forced to submit."

The parties having failed to file a new stipulation with the court, the pending motion by respondent is determined as follows:

The court concludes that the parties' May 29, 2015 agreement is a binding stipulation: it is in writing and it is signed by the parties, including petitioner and his counsel. Additionally, it was agreed to on the record (CPLR 2104). The court further concludes that petitioner has failed to establish his claims of fraud or mistake and therefore there is no justification for relieving him from the terms of the stipulation (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *see also Pasteur v Manhattan & Bronx Surface Tr. Operating, Auth.*, 241 AD2d 305 [1st Dept 1997]). Accordingly, the motion of the respondent to enforce the stipulation is granted.

The parties are thus directed to comply with the following clear and unambiguous terms of the May 29, 2015 stipulation:

1) respondent (in his capacity as executor of decedent's estate and trustee of the testamentary trust) is directed to pay $255,343.87 to petitioner in his capacity as executor of

-4-

E24

Evelyn Goldberg's estate;

2) respondent as executor is directed to provide petitioner with an informal supplemental account from the date of the decree settling the executor's account in the estate of Simon Goldberg to May 29, 2015; and

3) upon his receipt of the check from respondent, petitioner is directed to execute a receipt, release and refunding agreement releasing respondent from all liability in connection with his account through November 11, 2008.[4]

In light of the binding stipulation of settlement, the instant proceeding to compel the account of respondent is marked discontinued.

This decision constitutes the order of the court.

Clerk to notify.

Dated: April _13_, 2017

_____
SURROGATE

---

[4]This is the date of Evelyn Goldberg's death, at which time her lifetime interest in the income of the trust under decedent's will expired.

-5-

E25

| 09.28.2017 | **LAW OFFICES OF LALIT K JAIN ESQ**<br>Laws *correctly applied* instead of *misapplied* as constitutionally mandated.™<br>Let all live in truth Knowing Justice always imitates nature.™ | Fon: 718-255-6576<br>Cell: 718-316-5921<br>Fax: 347-637-5498 |
|---|---|---|

**Practice of Law in NY State, US Tax and District Courts, US Supreme Court, and all Courts in India.**
Call to help *enforce* Everyone's *Right of Honest Services* with *truthful due diligence* by laws *correctly applied*
as Justice that makes victimizers pay victims of *dishonest services* by laws *misapplied* as Injustice. ™

ORIGINALS AS ENCLOSURES VIA USPS AND SCAN VIA EMAILS TO ALL INVOLVED

Attorney John C Fisher Esq
Hamburger, Weinschenk and Fisher
Attorneys at Law
The Bar Building
36 West 44 Street
New York, NY 10036

Re:   Estate of Simon Goldberg / File No 9325

Attorney Fisher:

Thanks for your last attempt at settlement. Mr. Loren has ended this matter for good.

Enclosed are the Originals duly signed and notarized receipt and release in duplicate to help you to help your client also to do the same and return one duly completed Original to me with the duly certified bank check of $509,234.84 within 10 days of 09.28.2017, namely, by 10.09.2017. In answer to your threatening 09.27.2017 email to me, a scan of my legal answer with enclosures is being emailed to all involved. We were not given email addresses of either Hon Rita M Mella or Principal Law Clerk Shalini R Deo, Esq. They are copied on this so they are updated with the progress. It is everyone's legal duty to please forward my email to them too.

This is the bestest and the fastest way to put this long overdue matter behind us with no need to waste our priceless legal time in a face-to-face sit-down closing in this cut-and-dry matter now.

As always, we both thank you very much for all your legal options you pursued since day one to help you now to prevent any more legal options to be pursued by you.

Sincerely,

By: _____
Lalit K Jain Esq

encs Duly Signed and Notarized Two Originals
cc w/encs

| Faxee(s): | John C Fisher Esq | cc | Dean Loren | cc | |
|---|---|---|---|---|---|
| Fon: | 212 719-5930/1/2 | | | | |
| Fax: | 212 840-0825 | | | | |
| Email: | FisherLawyer@AOL.Com | | DeanLoren@GMail.Com | | |
| Unlawful use of this confidential/privileged fax and/or its contents is Unauthorized. Unintended faxees please fax back top page, destroy all pages and help prevent unintended consequences. | | | | Total Page(s):<br>1+ 8 = 9 | |

www.*TruthIsPrudence*.Com also includes *your* solution to *your* problem.
LKJESQ@LKJESQ.COM / 61-22 Booth Street Rego Park NY 11374-1034

E26

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- X
In the Matter of the Petition of Dean Loren, Executor of the
Will of Evelyn Goldberg, to Compel David J. Mandelbaum,
Executor and Trustee Under the Last Will and
Testament of,

SIMON A. GOLDBERG

                                  Deceased.
-------------------------------------------------------------------- X

RECEIPT, RELEASE
AND
INDEMNIFICATION
AGREEMENT
File No.: 1985-3169/A

WHEREAS, Simon A. Goldberg ("the decedent") died on the 24th day of May, 1985, a resident of 400 East 54th Street, New York, New York, 10022 with a Last Will and Testament dated March 21, 1985 (hereinafter referred to as the "Will"; and

WHEREAS, by Decree of the Hon. Renee R. Roth, Surrogate, issued on March 29, 1991, David L. Mandelbaum was appointed permanent Executor of the decedent's estate and Letters Testamentary were duly issued to him; and

WHEREAS, Article FOURTH of the Will provides that the residuary estate be placed in trust for the life of the decedent's spouse, Evelyn Goldberg which was never done; and

WHEREAS, Evelyn Goldberg died on November 11, 2008 and Dean Loren was appointed Executor of her estate by the New York County Surrogate's Court on March 6, 2012; and

WHEREAS, David J. Mandelbaum, as Preliminary Executor and subsequently as Permanent Executor, has administered and to this date is administering the estate of the decedent; and

WHEREAS, David J. Mandelbaum as Executor of the Simon Goldberg Estate has submitted to Dean Loren as Executor of Evelyn Goldberg's Estate, an Account and represents that, to the best of his knowledge, this Account is believed to be an accurate accounting of the Estate of

E 27

Simon Goldberg of his acts covering the period from May 24, 1985 through November 11, 2008;
and

WHEREAS, Dean Loren, as Executor of the estate of Evelin Goldberg, accepted the
amount of $ 509,234.84 as a compromise to help prevent a Court-ordered forensic audit to protect
everyone including both Executors of both Estates form being sued for breach of unforgiving
fiduciary duties to their respective beneficiaries; and

WHEREAS, the undersigned have examined the Account and Supplemental Account for
the accounting period and David J. Mandelbaum attests that the same is in all respects believed to
be accurate; and

WHEREAS, the parties entered into a Court-approved Stipulation of Settlement dated Dec
16, 2016 in the amount of $ 509,234.84 which both Counsels of both Estates were then ordered to
file but they purposely failed to file as duly reconfirmed in Surrogate Rita Mella's Decision and
Order dated April 13 , 2017 ("04.13.2017 D&O").

NOW, THEREFORE, in consideration of the premises, the undersigned do hereby
covenant and agree as follows:

FIRST: The Evelyn Goldberg Estate by Dean Loren, Executor, accepts said Simon
Goldberg Estate's offer of the additional sum of $509,023.84 monies which sum includes the
Nuveen interest in the form of a bank certified check made payable to the Evelyn Goldberg Estate,
expressly waives any right to enforce a formal judicial settlement of the Simon Goldberg Estate's
Account and Supplemental Account.

SECOND: The Evelyn Goldberg Estate hereby releases and discharges David J.
Mandelbaum individually and as Executor of the Estate of Simon A. Goldberg, his successors and
assigns and agents.

E 2-8

THIRD: To the extent of the $509,023.84 when received within 10 days from today with this Receipt and Release also duly executed by David J. Mandelbaum, the Evelyn Goldberg Estate agrees to refund to the Simon Goldberg Estate any portion of the $509,023.84 to which the Evelyn Goldberg Estate is not properly entitled, and to indemnify the Simon Goldberg Estate for claims made against it to the limit thereof.

FOURTH: The undersigned hereby agree that upon receipt of $509,023.84 monies in the form of a bank certified check made payable to the Evelyn Goldberg Estate, that the Simon Goldberg Estate may (a) record or file this Agreement in accordance with the provisions of any statute, law or rule of Court of the State of New York or of any other State as an instrument settling the account of the Executor of the Estate of Simon A. Goldberg during the accounting period; (b) institute or conduct legal proceedings necessary to obtain a judicial settlement of the Account and Supplement Account and, in any such event, the Evelyn Goldberg Estate does hereby waive the issuance and service of any citation or other process in connection therewith and does hereby consent that a decree judicially settling the Account and Settlement Account be made, settled and entered with a copy and notice of the Evelyn Goldberg Estate, (c) the Simon Goldberg Estate deliver a copy and notice of the Simon Goldberg Estate final accounting to the Evelyn Goldberg Estate c/o Attorney Lalit K. Jain, Esq, 6122 Booth Street Rego Park, New York 11374-1034 or by email at LKJESQ@LKJESQ.COM.

FIFTH: This instrument may be signed *in* counterparts and facsimile, e-mail or PDF signatures shall be deemed originals for all purposes.

E29

IN WITNESS WHEREOF, the undersigned have executed this instrument on the date, month and year 2017 inserted by each signatory.

Evelyn Goldberg Estate

By: _____

Dean Loren, Executor

28th day of September, 2017.

STATE OF NEW YORK          )
COUNTY OF QUEENS           ) ss:

On this 28th day of September in the year 2017, before me personally came Dean Loren, to me known, who, by me duly sworn, did depose and say he resides in 112 Sheridan Avenue, Brooklyn, New York 11208; that the deponent is the Executor, of the Evelyn Goldberg Estate.

_____
Notary Public

LALIT K. JAIN
Notary Public, State of New York
No. 01-4679249, Qual. in Queens Co.
02JA
Commission Expires Aug 31 2018

STATE OF NEW YORK          )
COUNTY OF NEW YORK         ) ss:

On this _____ day of _____ in the year 2017, before me personally came David J. Mandelbaum, to me known, who, by me duly sworn, did depose and say he resides at 55 1st Street, 401, Pelham, New York 10803; that the deponent is the Executor, of the Simon Goldberg Estate.

_____
Notary Public

Simon Goldberg Estate

By: _____

David J. Mandelbaum, Executor

4 of 4

E30

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

New York County Surrogate's Court

Date: October 17, 2017

-------------------------------------------------------------------x

In the Matter of the Petition of Dean Loren, Executor of the
Will of Evelyn Goldberg, to Compel David Mandelbaum,
Executor of and Trustee Under the Last Will and
Testament of

      SIMON A. GOLDBERG,

                 Deceased,

To Account Pursuant to SCPA 2205.

-------------------------------------------------------------------x

**DECISION**
File No.: 1985-3169/A

M E L L A, S.:

    The following submissions were considered in deciding this motion:

| Papers Considered | Numbered |
|---|---|
| Amended Notice of Motion Under CPLR 3001 *et seq.* Seeking a Declaratory Judgment with Mandatory Reliefs and Redress to Resurrect Justice Assassinated by Injustice, Affirmation of Lalit K. Jain, Esq., in Support, with Exhibits | 1, 2 |
| Affirmation of John C. Fisher, Esq., in Opposition, with Exhibits | 3 |
| Reply Affirmation of Lalit K. Jain, Esq., with Exhibits | 4 |

    On September 15, 2017, the return date of this motion – for relief pursuant to CPLR 3001 – by the petitioner in this concluded proceeding to compel the account of the executor and trustee in the estate of Simon Goldberg, the court denied the motion for the following reasons. First, this court does not have jurisdiction to issue a declaratory judgment pursuant to CPLR 3001. Second, to the extent that the motion is one for reargument, it was denied as untimely, as the notice of entry of this court's April 13, 2017 decision and order was filed and served on May 11, 2017, and the motion was not filed until June 13, 2017. Finally, the motion was denied because movant

E 31

failed to identify the matters of fact or law misapprehended or overlooked by this court (CPLR

2221[d]).

     This decision, together with the transcript of the September 15, 2017 proceedings,

constitutes the order of the court.

Dated: October 17, 2017

                                         SURROGATE

E 32