**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax, Esq. (BL1302)
Brian J. Neville, Esq. (BN8251)

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION : Adv. Pro. No. 08-01789 (SMB)
CORPORATION, :
: SIPA LIQUIDATION
          Plaintiff-Applicant, :
: (Substantively Consolidated)
v. :
:
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
:
          Defendant. :
---------------------------------------------------------------X
In re: :
:
BERNARD L. MADOFF :
:
          Debtor. :
---------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation : Adv. Pro. No. 10-5383 (SMB)
of Bernard L. Madoff Investment Securities, LLC, :
and Bernard L. Madoff, :
:
          Plaintiff, :
:
v. :
:
STANLEY SHAPIRO, *et al*, :
:
          Defendants. :
---------------------------------------------------------------X

# Table of Contents

*Agerbrink v. Model Serv. LLC*, 2017 WL 933095 (S.D.N.Y. Mar. 8, 2017)……………………….9

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
2016 WL 6779901 (S.D.N.Y. Nov. 16, 2016)……………………………………………………..10

*Carl v. Edwards*, 2017 WL 4271443 (E.D.N.Y. Sept. 25, 2017)……………………………….4

*Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017)……………………………..4

*Gropper v. David Ellis Real Estate, L.P.*,
2014 WL 518234 (S.D.N.Y. Feb. 10, 2014)…………………………………………………7, 10

*Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016)……………7, 10

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
2017 WL 4676806 (S.D.N.Y. Oct. 17, 2017)………………………………………………….4, 9

*In re Apotex Inc.*, 2009 WL 618243 (S.D.N.Y. Mar. 9, 2009)………………………………...5, 8

*Pegoraro v. Marrero*, 281 F.R.D. 122 (S.D.N.Y. 2012)……………………………………….6

*Royal Park Investments SA/NV v. HSBC Bank USA Nat'l Ass'n*,
2017 WL 945099 (S.D.N.Y. Mar. 10, 2017)……………………………………………………9

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
531 B.R. 439 (Bankr. S.D.N.Y. 2015)…………………………………………………………5

*United States v. Int'l Longshoremen's Ass'n, AFL-CIO*,
2006 WL 2014093 (E.D.N.Y. July 18, 2006)………………………………………………….5

*United States Sec. & Exch. Comm'n v. Ahmed*,
2018 WL 1541902 (D. Conn. Mar. 29, 2018)…………………………………………………9

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE
TRUSTEE'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Defendants Stanley Shapiro, David Shapiro, Leslie Shapiro Citron and Kenneth Citron (collectively referred to herein as "Defendants"), by and through their attorneys, Lax & Neville LLP, hereby submit their opposition to the Trustee's Motion to Compel the Production of Documents ("Motion to Compel").

**PRELIMINARY STATEMENT**

The Trustee begins his brief with a fib: "Despite numerous letters, several meet-and-confers, and two Rule 7007 conferences, Defendants refuse to produce any documents to the Trustee." Doc. 95 at 1. It is not until page 8 that the Trustee acknowledges that Mr. Shapiro has actually produced "approximately 2,750 documents in lieu of being served with and responding to a Rule 2004 subpoena." *Id.* at 8. The Trustee never acknowledges that his counsel and Defendants' counsel discussed this issue a year ago and agreed that a duplicative production was unnecessary. A diligent, good faith search has not located any documents Mr. Shapiro has agreed to produce that were not contained in the Rule 2004 production.

Defendants have produced over 7,800 pages in this case. Where they have objected, it is to requests that this Court, in the parties' last Rule 7007 conference on October 5, 2017, warned were "very broad" and urged the Trustee to narrow, something he has again declined to do. *See* Doc. 82 at 25:21-22; 27:18-22. The Trustee repeatedly quotes the Court out of context, ignoring the fundamental problems of relevance and overbreadth the Court identified in the Trustee's discovery requests more than a year ago: "After reviewing certain requests, the Court suggested that the parties meet and confer again but granted the Trustee's request to file this Motion if the parties failed to reach an agreement." Doc. 95 at 5-6. This is a generous recollection:

1

> MR. CALVANI:    If we fail to reach an agreement on the narrowed request for production of documents or the requests for admission, can we make a motion to compel in response to those?
>
> THE COURT:    Well, I mean, I guess you can, but as I said, I can look at these… Come back to Number 5, 'All documents concerning the circumstances under which Shapiro planned to or continued to invest with BLMIS.' That's just – that's so broad.

Doc. 82 at 26:24-27:7.

In response, the Trustee made no further effort to "narrow" his requests: "Following the second Rule 7007 conference, the Trustee wrote to Defendants again to meet and confer, **explaining how the disputed requests focused on the central issues in the case and asking Defendants if they would reconsider their objections and responses**. Defendants never responded." Doc. 95 at 6 (emphasis added). This is not, in Defendants' view, what the Court had in mind last October.

As to "never respond[ing]," the actual subject of the October 5 conference was the Trustee's third-party subpoenas to certain financial institutions at which Defendants have held accounts. After repeated meet and confers and Defendants' filing of a Motion to Quash, the Trustee agreed to the transfer stipulations Defendants proposed two years ago and withdrew the subpoenas. Because the dispute over third-party subpoenas involved substantially similar issues—primarily the Trustee's roundabout efforts to obtain discovery on the subsequent transfer claims this Court dismissed in 2015 and the hyper-attenuated argument that the *uses* to which Mr. Shapiro put his money are relevant because they (like everything else, in the Trustee's telling) could show his "knowledge"—this was the parties' focus. The Trustee did not subsequently take steps to narrow his requests, instead filing this Motion.

2

In seeking to justify his numerous overbroad or wholly irrelevant requests, the Trustee goes all in on the argument that "Mr. Shapiro's state of mind is the central issue in this case." Doc. 95 at 13.  But the requests themselves reach far beyond their purported goal of ascertaining "Mr. Shapiro's knowledge of fraud at BLMIS," are overly broad and disproportionate to the Trustee's litigation needs, and seek documents primarily related to claims against David Shapiro and Ken and Leslie Citron that have long since been dismissed and that this Court has consistently warned the Trustee are out of bounds.  Doc. 95 at 8.

The Trustee's brief is laced with accusations of delay, intransigence and even "torpor." But the problems in the Trustee's discovery requests go back two years.  Defendants identified them in all the letters and meet and confers catalogued by the Trustee; the Court identified them in the Rule 7007 conferences.  The Trustee has simply refused to hear it.  He is moving on requests the Court has already told him are too broad, disproportionate or irrelevant to the claims and defenses in this case.

The Trustee's Motion to Compel should be denied.

## ARGUMENT

### A. Production Should Not Be Compelled in Response to Requests Not Addressed in the Trustee's Briefing

As an initial matter, the proposed order the Trustee now seeks would compel the production of documents responsive to 26 requests directed to Mr. Shapiro, 19 requests directed to his son, and 19 requests directed to his daughter and son-in-law.[1]  Doc. 94 at 5.  The Trustee's memorandum, however, only addresses 13 requests directed to Mr. Shapiro, 12 requests directed

---

[1] Specifically, the Trustee seeks to compel the production of documents responsive to Individual Request "Nos. 1–9, 11–15, 17, 19–20, 25–26, 29, 31, 33, 38, 43, and 48–49" directed at Mr. Shapiro, Individual Request "Nos. 1–4, 6–8, 11–16, 28–29, 35, 40, and 44–45" directed at Mr. David Shapiro, and Individual Requests "Nos. 1–4, 6–8, 11–16, 28–29, 35, 40, and 44–45" directed at Mr. and Mrs. Citron.  Doc. 94 at 5.

3

to his son, and 12 requests directed to his daughter and son-in-law. Doc. 95. Specifically, the Trustee has not articulated any basis to compel the production of documents responsive to the following individual requests:

- Individual Requests 1-5, 9, 12, 13, 17, 19, 33, 48 and 49 to Mr. Shapiro
- Individual Requests 1-4, 12, 44 and 45 to Mr. and Mrs. Citron
- Individual Requests 1-4, 12, 44 and 45 to Mr. David Shapiro

*Compare* Doc 94 at 5 *with* Doc. 95. Because the Trustee has not articulated any basis for compelling the production of documents responsive to these requests, the Court should not compel their production. *See Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12CV5067JFKJLC, 2017 WL 4676806 at *7 (S.D.N.Y. Oct. 17, 2017) (denying motion absent plausible justification for the production of documents).[2]

### B. *Stanley Shapiro Properly Objected to the Requests at Issue*

Despite multiple meet and confer calls and two hearings before this Court, the Trustee has continued to seek discovery far beyond the time frame or subject matter he claims is at issue. For example, at the October 5, 2017 hearing, the Trustee described Individual Request 7 as seeking "the notes [Mr. Shapiro] wrote to Mr. Konigsberg or Ms. Bongiorno about cancelling trades or requesting gains or losses." Doc. 82 at 23:15-17. This is not the request the Trustee served on Mr. Shapiro:

---

[2] The Trustee additionally argues that the Defendants have not objected with sufficient specificity and, as a result, their objections should be stricken and responsive documents produced. Doc. 95 at 8. Leaving aside that the Defendant's objections are proper, that the Trustee objected to Defendants' requests using virtually identical language and that the Court has already explained to the Trustee that it is *his* burden to demonstrate relevance and proportionality, (Doc. 87 64:22-24), the cases cited by the Trustee clearly establish that the remedy for nonconforming objections is revised responses. *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("The Court requires defendants to revise their Responses to comply with the Rules."); *Carl v. Edwards*, No. CV163863ADSAKT, 2017 WL 4271443, at *11 (E.D.N.Y. Sept. 25, 2017) ("Defendants Pattinson and Landmark are directed to serve supplemental responses in accordance with the directives as set forth by the Court."). Should the Court determine that the Defendants have failed to object with sufficient specificity, the Defendants will accordingly submit revised responses to the requests at issue. As to the Trustee's amusing foray into waiver of privilege, the Trustee made the same privilege objections and has not logged them.

4

> All documents and communications between You or any Family Member, on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, regarding any of the BLMIS Accounts, including but not limited to notes, faxes, letters, calendar entries, emails or telephone records.

Doc. 95-1 at Individual Request 7. Read alongside the definitions and instructions contained in the Document Requests, this request seeks documents and communications dating back to the 1960s between any of Stanley Shapiro, Renee Shapiro, Leslie Shapiro Citron and her spouse, David Shapiro and his spouse, and Stanley and Renee Shapiro's grandchildren and any of the 200 people[3] employed at BLMIS. While the Trustee has since modified this Individual Request to exclude communications to and from other members of Mr. Shapiro's family, he is still seeking over half a century of communications with hundreds of people. Such a request is inherently overly broad in both timeframe and scope of communicants, and a search of records spanning half a century is intrinsically burdensome for any individual. *See, e.g., In re Apotex Inc.*, No. M12-160, 2009 WL 618243, at *3 (S.D.N.Y. Mar. 9, 2009) ("The Court concludes that [the] requests are unduly intrusive and burdensome" and "[s]uch a search is an arduous task" where "documents that date back nearly thirty years"); *United States v. Int'l Longshoremen's Ass'n, AFL-CIO*, No. CV05-3212(ILG)(VVP), 2006 WL 2014093, at *3 (E.D.N.Y. July 18, 2006) (party "argues that without a narrowing of the requests, the search that would be required to locate and review responsive documents going back as far as 40 years…would be burdensome. The court agrees.").

Furthermore, such a request is not remotely proportionate to the needs of the case. The Trustee alleges that Mr. Shapiro became aware "that BLMIS backdated a large number of" sales "[i]n late 2002 or early 2003." Doc. 3 at ¶ 69. Nonetheless, the Trustee now seeks documents

---

[3] *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 470 (Bankr. S.D.N.Y. 2015) ("BLMIS employed 200 people, 94% of whom conducted legitimate trades equal to 10% of the daily volume on the New York Stock Exchange. Only twelve BLMIS employees were involved in a dishonest investment advisory business.").

5

that predate this alleged knowledge by decades with hundreds of potential communicants. Such a request is undeniably objectionable. *Pegoraro v. Marrero*, 281 F.R.D. 122, 132 (S.D.N.Y. 2012) ("The request is also overbroad with respect to time and the plaintiff failed to explain why her request, dated May 13, 2011, sought documents 'in the last 5 years,' given that the relevant time period of the alleged wrongdoing in the complaint commenced on or about August 2007 …The defendants need not disclose any documents in response"). Mr. Shapiro properly objected to this request, as he did to all other requests seeking documents and communications involving hundreds of potential communicants over the course of up to five decades.[4]

Several of the Trustee's other Individual Requests to Mr. Shapiro are so vague and broad as to make compliance impossible. For example, without further explanation, complying with requests that seek documents concerning "any backdated or cancelled trade" or the "disposition of any documents" would require prior knowledge of the record system of BLMIS, which trades were backdated and cancelled, and how documents were processed. *See* Doc. 95-1, Individual Requests 14 & 15. Mr. Shapiro does not have this knowledge and requires clarification in order to fully comply with these requests.

The Court, at the October 5, 2017 hearing, noted how broad the Trustee's requests were. *See, e.g.* Doc. 82 at 25:21-22 ("Well, I've looked at your requests. Five looks very broad, 6 looks very broad"); 27:6-7 ("That's just – that's so broad."). Specifically, the Court instructed the Trustee that:

> COURT: …When you start to ask for all documents related to these broad categories, they can be narrowed, I think, to hone in on what it is you're really looking for. And the narrower they are, the more likely I'm going to say, yeah, you're right.

---

[4] Individual Requests 8 and 29, similarly seek documents from "any employee of BLMIS", and Individual Request 11 is even more overbroad and burdensome in that it seeks "[a]ll documents and communications" with "any other BLMIS investors, regardless of whether such individuals were BLMIS investors at the time of the communication." Mr. Shapiro's objections to each of these Individual Requests is wholly appropriate.

6

*Id.* at 27:16-22. *See also Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) ("Blanket requests [for 'all documents and communications'] are plainly overbroad and impermissible") (collecting cases); *Gropper v. David Ellis Real Estate, L.P.,* No. 13 CIV. 2068 ALC JCF, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) ("While the [subject] is relevant, the request for 'any and all' documents concerning that subject is inherently overbroad"). Rather than further narrow the Individual Requests, the Trustee has brought the instant motion to compel, seeking "all documents and communications" related to broad subjects.[5] The basis for Mr. Shapiro's objections and the Court's concern has not yet been cured and the motion to compel the Individual Requests directed at Mr. Shapiro should be denied.

### C. *David Shapiro and Ken and Leslie Citron Properly Objected to the Requests*

Mr. David Shapiro and Mr. and Mrs. Citron properly objected to the requests directed towards them, which are overly broad and not proportionate to the needs of the case. While the Trustee claims that this is "not a typical 'good faith' case", the fact remains that the only remaining claims against Mr. David Shapiro and Mr. and Mrs. Citron are two year, good faith claims. The Trustee acknowledged as much at the October 5, 2017 hearing, in response to this Court's question about the two year good faith claims:

> THE COURT: [] Aren't those the only claims pending against Leslie and David at this point?
>
> MR. CALVANI: Correct.

---

[5] Individual Requests 6, 20, 25, 26, 31, 38, 43 all seek "all documents" or "all documents and communications" related to sweeping categories and broad subjects.

7

Doc. 82 at 10:14-16. Nonetheless, the Trustee has continued to seek broad discovery from Mr. David Shapiro and Mr. and Mrs. Citron, stretching back decades, wholly unrelated to the remaining claims against them or Mr. Shapiro's state of mind.

This is not the Trustee's first attempt to backdoor discovery about the dismissed claims against Mr. David Shapiro and Mr. and Mrs. Citron and Defendants suspect it will not be the last. The Court has repeatedly rejected such attempts, including at the hearing on February 7, 2017:

> COURT: … But, you know, we've been through the subsequent transfer issue many times before. I dismissed the subsequent transfer claims. As a general matter, you don't have to answer subsequent transfer information.

and at the hearing on October 5, 2017:

> THE COURT: Sounds like a subsequent transfer claim.
>
> MR. CALVANI: Well, I –
>
> THE COURT: Why would it matter -- how would it be relevant what he did with the money?

Docs. 87 at 16:2-5; 82 at 18:3-7. *See also* Doc. 82 at 24:17-24. These requests to Mr. David Shapiro and Mr. and Mrs. Citron are merely a continuation of the Trustee's inexhaustible campaign to gather information about claims that have long since been dismissed.

For example, Mr. David Shapiro and Mr. and Mrs. Citron received requests identical to the one the Trustee served on Mr. Shapiro as Individual Request 7. As narrowed, the requests seek documents and communications between Mr. David Shapiro and Mr. and Mrs. Citron, respectively, and all employees of Madoff since the accounts were opened. In addition to being impermissibly broad and unduly burdensome (*see, e.g., In re Apotex Inc.*, 2009 WL 618243, at *3), this modification makes it clear that the Trustee is not simply seeking information about Mr. Shapiro's knowledge of the Ponzi scheme, but rather documents that could only possibly be

8

relevant to the claims against Mr. David Shapiro and Mr. and Mrs. Citron which have long since been dismissed. Mr. David Shapiro and Mr. and Mrs. Citron properly objected to both this request and the others that seek information completely unrelated to the claims at issue.[6] The Trustee's motion to compel the production of documents responsive to these requests must be denied. *Homeward Residential, Inc.*, 2017 WL 4676806, at *7 (denying motion to compel where "[t]he Court does not find plausible any of the explanations offered regarding the importance of the documents sought"); *Royal Park Investments SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 14CV08175LGSSN, 2017 WL 945099, at *3 (S.D.N.Y. Mar. 10, 2017) ("The Court will not authorize discovery that, in its estimation, is unlikely to advance any claim or defense in this case.").

Similarly, the Trustee has served overly broad blanket requests on Mr. David Shapiro and Mr. and Mrs. Citron. For example, the Trustee seeks

> All documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether Mr. Shapiro suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity.

Doc. 94 at Individual Request 29. Such a broad request is indisputably improper. *Agerbrink v. Model Serv. LLC*, No. 14CIV7841JPOJCF, 2017 WL 933095, at *2 (S.D.N.Y. Mar. 8, 2017) ("Courts have long held that requests for 'any and all' documents are generally improper."); *United States Sec. & Exch. Comm'n v. Ahmed*, No. 3:15CV675 (JBA), 2018 WL 1541902, at *2 (D. Conn. Mar. 29, 2018) ("A large portion of the document requests seek the production of 'all documents' relating to various issues. Courts have often found that such blanket requests are overbroad and impermissible."). Mr. David Shapiro's and Mr. and Mrs. Citron's objections to

---

[6] Individual Request 8 similarly seeks communications between Mr. David Shapiro and Mr. and Mrs. Citron and "any other BLMIS employee," while Individual Requests 15 and 16 seek documents relating to Mr. David Shapiro's and Mr. and Mrs. Citron's trusts stretching back decades.

9

this request, and the others which seek similarly broad categories of documents,[7] were entirely appropriate and the Trustee's motion to compel documents responsive to these requests should be denied. *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) ("Given the breadth of Plaintiffs' requests — which ask for 'all documents produced for' or 'provided to' any governmental regulator, 'all' documents 'received from' any governmental regulator, and 'all correspondence' with any governmental regulator … Plaintiffs' motion falls short on that score too") (collecting cases). *See also Henry*, 2016 WL 303114, at *2; *Gropper v*, 2014 WL 518234, at *4.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Trustee's Motion to Compel be denied.

Dated: New York, New York
       May 4, 2018

                                        **LAX & NEVILLE LLP**

                                   By:  */s/ Barry R. Lax*_____
                                        Barry R. Lax, Esq. (BL1302)
                                        Brian J. Neville, Esq. (BN8251)
                                        1450 Broadway, 35th Floor
                                        New York, New York 10018
                                        Telephone: (212) 696-1999
                                        Facsimile: (212) 566-4531

                                        *Attorneys for Defendants*

---

[7] Individual Requests 6, 11, 13, 14, 28, 35, and 40 seek "all documents," "any and all documents," "all documents and communications" related to a wide variety of broad topics. Request 6, in particular, is functionally the same as Individual Request Number 6 to Stanley which the Court recognized as "very broad." Doc. 82 at 25:21-22.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 4th day of May, 2018 by electronic mail and Federal Express upon the following:

James H. Rollinson
Baker & Hostetler LLP
127 Public Square
Suite 2000
Cleveland, OH 44114-1214
Email: jrollinson@bakerlaw.com

                                         */s/    **Robert R. Miller***
                                            Robert R. Miller, Esq.