**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos

<u>Presentment Date</u>: **June 12, 2018 at 12:00 pm**
<u>Objections Due</u>: **June 11, 2018 at 11:00 am**

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff-Applicant,<br><br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>FEDERICO CERETTI, *et al.*<br><br>　　　　　　Defendants. | Adv. Pro. No. 09-01161 (SMB) |

**TRUSTEE'S MOTION FOR ORDER ISSUING LETTER ROGATORY TO
SHAZIEH SALAHUDDIN PURSUANT TO HAGUE SERVICE CONVENTION**

Pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters, concluded 15 November 1965 (the "Hague Service

Convention") and 28 U.S.C. § 1781, Plaintiff Irving H. Picard, as trustee ("Trustee") for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), which has been

substantively consolidated with the estate of Bernard L. Madoff, through the Trustee's attorneys,

Baker & Hostetler LLP, hereby requests the entry of an Order issuing a Letter Rogatory to The

High Court Justice of Ireland for the examination of Irish resident Ms. Shazieh Salahuddin.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§ 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of SIPA.  This is a core proceeding pursuant to

28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

2.     Bernard L. Madoff ("Madoff"), through the investment advisory business of

BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale (Fourth Amended

Complaint ¶ 1).

3.     His fraud was sustained by infusions from around the globe.  In particular,

domestic and foreign investment vehicles colloquially known as "feeder funds" injected several

billions of dollars into his scheme.  (*Id.*)

4.      Included among these feeder funds were Kingate Global Fund, Ltd., In Liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., In Liquidation ("Kingate Euro" and with Kingate Global, "Kingate Funds"). (*Id.*)

5.      Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds. Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id.* ¶¶ 2-3.)

6.      Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers," and with FIM Limited, "FIM"). Together, KML and FIM purported to "advise," "consult," and "manage" the Kingate Funds. (*Id.* ¶¶ 4-5.)

7.      The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**Salahuddin's Connection to the Kingate Funds**

8.      This Motion concerns the examination under oath of Shazieh Salahuddin ("Salahuddin").

9.      FIM Limited was established in 1981 by Grosso.  (*Id*. ¶ 35, 49.)  It acted as an asset manager of high net worth individuals.  Ceretti joined FIM Limited in 1986.  In the early 1990s, FIM Limited's business focused on managing funds of funds.  (*Id*. ¶ 104).  In 2004, Ceretti and Grosso co-founded FIM Advisers LLP.  In August 2005, FIM Advisers took over the business of FIM Limited.  (*Id*. ¶¶ 36, 52.)

10.     In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro.  (*Id*. ¶¶ 5, 51, 112.)  FIM Advisers replaced FIM Limited in 2005.  (*Id*. ¶ 112.)  In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds.  (*Id*. ¶ 53.)

11.     In 1994, Ceretti and Grosso established Kingate Management Limited ("KML"), purportedly as a management vehicle, but which, in practice, assigned its management responsibilities to FIM Limited and later FIM Advisers (together, "FIM").  Together, KML and FIM purported to "advise," "consult," and "manage" the Kingate Funds.  (*Id*. ¶¶ 4, 5, 51, 52, 112.)

12.     Salahuddin was an employee of FIM beginning in 1996.

13.     In 2000, Salahuddin moved to Bermuda to work for KML under Christopher Wetherhill, a director of KML and former director of the Kingate Funds.

14.     On June 22, 2010, William Tacon of Zolfo Cooper, in his then-capacity as a Joint Liquidator of the Kingate Funds, interviewed Salahuddin in Hamilton, Bermuda about matters relating to the Kingate Funds.  Salahuddin provided Zolfo Cooper with information directly relevant to the Trustee's allegations in the Fourth Amended Complaint.  Through the Letter Rogatory, the Trustee seeks to obtain from Salahuddin facts in an evidentiary form for use at trial before this Court to prove the Trustee's claims alleged in the Fourth Amended Complaint.

15.     At various times during the life of the Kingate Funds, Salahuddin served as the General Manager for KML, a member of KML's Board of Directors, and the General Manager of FIM.

16.     In her multiple roles with the agents for Ceretti and Grosso, Salahuddin regularly corresponded with them, Christopher Wetherhill, and others within FIM and KML to discuss communications to investors, interactions with the Kingate Funds' administrator, communications with and about BLMIS, due diligence, the performance of BLMIS with respect to the Kingate Funds' accounts with BLMIS, and other topics highly relevant to the Trustee's claims in the Fourth Amended Complaint.

17.     The Trustee anticipates that Salahuddin will have first-hand knowledge of:

    a.     KML's operations;

    b.     FIM's operations; and

    c.     the operations of the Kingate Funds, including their investment with BLMIS and communications with and about BLMIS and its employees.

18.     Salahuddin's involvement with the regular calculations of the Kingate Funds' Net Asset Value and other related financial metrics; her knowledge of communications with the Kingate Funds' administrators, consultants, investors and potential investors; and her daily involvement as an employee of FIM and KML make it clear that Salahuddin has first-hand knowledge pertaining to several allegations in the Fourth Amendment Complaint.

19.     Specifically, the Trustee anticipates that Salahuddin will be able to provide further information in relation to the issues and allegation contained in paragraphs 42, 82, 83, 89, 112, 114-18, 121-31, 135-141, 146-222, 225-47, and 253-58 of the Fourth Amended Complaint.

## ARGUMENT

I.  **LETTERS ROGATORY ARE THE PROPER METHOD FOR A UNITED STATES COURT TO SEEK DISCOVERY IN THE REPUBLIC OF IRELAND**

20.     Articles 1 through 3 of the Hague Service Convention authorize a judicial officer of one signatory State to forward to the Central Authority of another signatory State a discovery request conforming to the proper model.  Both the United States and the Republic of Ireland are Contracting Parties to the Hague Service Convention.[1]

21.     Salahuddin is a foreign citizen and non-party who is located in Kinsale, County Cork, Ireland.  Thus, this Letter Rogatory provides the only means of compelling discovery from her.

22.     This Motion is made pursuant to 28 U.S.C. § 1781(b)(2), which permits the transmittal of a Letter Rogatory directly from this Court to The High Court Justice of Ireland. (*See also In re Fill*, 68 B.R. 923, 933 (Bankr. S.D.N.Y. 1987) (holding that if the Trustee seeks discovery of a non-party witness, while the non-party witness is in a foreign country, he must do so in accordance with the Hague Convention)).

23.     The Trustee's use of this Letter Rogatory to Salahuddin is the appropriate method for obtaining discovery from individuals located in the Republic of Ireland and conforms to the model annexed to the Hague Service Convention.  (*See* Order 11E, Rules of the Superior Courts, Republic of Ireland; *see also Societe Nationale Industrielle Aeropastiale v. U.S. District Court*, 482 U.S. 522, 535 (1987) ("Article 1 provides that a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence.").)

---

[1] *See* Status 14:  Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

## II. THE TRUSTEE SEEKS RELEVANT DISCOVERY VIA THE PROPOSED LETTER ROGATORY TO SHAZIEH SALAHUDDIN

24.     As described in the Letter Rogatory, attached here as Exhibit 1 and in

paragraphs 2-19 above, the discovery requested by the Trustee is relevant to his claims in the

Fourth Amended Complaint and should be granted.

## CONCLUSION

For the above reasons, the Trustee believes that the proposed Letter Rogatory is just and

appropriate and respectfully requests that the Court issue such Letter Rogatory to The High

Court Justice of Ireland.

Dated:  New York, New York
        June 5, 2018

Respectfully submitted,

 /s/ Geraldine E. Ponto
**Baker & Hostetler
LLP** 45 Rockefeller
Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:   (212) 589-
4201  David J. Sheehan
Email:
dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.
Trustee for the Substantively
Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities
LLC and the estate of Bernard L. Madoff*

To:    Susheel Kirpilani
       Robert
       Loigman
       Rex Lee
       Lindsay
       Weber
       Jordan
       Harap
       Quinn Emmanuel Urquhart & Sullivan
       LLP 51 Madison Avenue
       New York, New York 10010