**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                              Plaintiff,<br><br>            v.<br><br>Stanley Shapiro, *et al.*,<br><br>                              Defendants. | Adv. Pro. No. 10-05383 (SMB) |

## ORDER ON THE TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS STANLEY SHAPIRO, DAVID SHAPIRO, LESLIE CITRON, AND KENNETH CITRON

The plaintiff, Irving H. Picard ("the Trustee"), as trustee for the liquidation of Bernard L.

Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C.

§§ 78aaa *et seq*., and the substantively consolidated estate of Bernard L. Madoff under chapter 7

of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq*., and the defendants, Stanley

Shapiro, David Shapiro, Leslie Citron, and Kenneth Citron (collectively, "Defendants," and

together with the Trustee, the ("Parties"), by and through their respective undersigned counsel,

submit this Stipulated Order and state as follows:

**WHEREAS**, on October 7, 2016, the Trustee served his First Set of Requests for

Production of Documents to Stanley Shapiro, his First Set of Set of Requests for Production of

Documents to David Shapiro, and his First Set of Requests for Production of Documents to

Kenneth and Leslie Citron (collectively, the "Requests");

**WHEREAS**, on November 23, 2016, Defendants served on the Trustee their respective

responses and objections to the Requests (collectively, the "Responses");

**WHEREAS,** the Parties met and conferred regarding the Requests and the Responses;

**WHEREAS,** the Requests and the Responses were addressed during two separate Rule

7007 conferences before the Court, first on February 7, 2017, and later on October 5, 2017;

**WHEREAS,** on April 4, 2018, the Trustee filed a Motion to Compel the Production of

Documents (the "Motion") (ECF No. 94), with a supporting Memorandum of Law (ECF No. 95)

and Declaration (ECF No 96).  The Trustee attached as Exhibit A to the Motion: (i) all Requests

to which Defendants respectively agreed to produce responsive documents (the "Undisputed

Requests"); (ii) all Requests to which Defendants objected and refused to produce responsive

documents (the "Disputed Requests"); and (iii) all Requests that the Trustee had withdrawn or

was holding in abeyance (the "Withdrawn Requests");

**WHEREAS,** Defendants opposed the Motion on May 4, 2018 (the "Opposition") (ECF

No. 99); and

**WHEREAS,** on May 22, 2018, the Court heard the Parties on the Motion and the

Opposition, and made certain rulings from the bench regarding the Undisputed Requests and the

Disputed Requests;

2

**IT IS HEREBY STIPULATED** by the Parties and **SO ORDERED** by the Court as follows:

1.        Defendants' burdensomeness objections to the Undisputed Requests and the Disputed Requests are hereby overruled.

2.        Within thirty (30) days of the entry of this Stipulated Order, Defendant Stanley Shapiro shall provide the Trustee an inventory of the production he previously made to the Trustee in or about 2010 (the "2010 Production").

3.        Within thirty (30) days of the entry of this Stipulated Order, Defendants shall provide the Trustee with a privilege log (the "Privilege Log") identifying any and all documents, which they have withheld on the basis of the attorney-client privilege and which are responsive to any of the Undisputed Requests or the Disputed Requests as framed in Paragraphs 5 through 7 of this Stipulated Order (the "Privileged Documents").  The Privilege Log shall comply with Local Rule 7034-1(c)(1) & (2).

4.        Within thirty (30) days of the entry of this Stipulated Order, Defendants shall provide the Court and the Trustee with a log (the "Subsequent Transfer Log") identifying any and all documents, which they have withheld on the basis that the documents relate solely to a subsequent transfer of an initial transfer the Trustee seeks to avoid in this proceeding and which are responsive to any of the Undisputed Requests or the Disputed Requests as framed in Paragraphs 5 through 7 of this Stipulated Order (the "Subsequent Transfer Documents").  The Subsequent Transfer Log shall comply with Local Rule 7034-1(c)(2) and shall also, with respect to each withheld document, specify the Undisputed Request(s) and/or Dispute Request(s) to which such document is responsive.  Defendants shall also submit to the Court a copy of all documents identified on the log for *in camera* review.

3

5.       Within thirty (30) days of the entry of this Stipulated Order, **Defendant Stanley**

**Shapiro** shall produce to the Trustee the following:

(a)      any further documents, beyond those produced in the 2010 Production and any
Privileged Documents or Subsequent Transfer Documents he is withholding, which are
responsive to the following Undisputed Requests:

- Request No. 1 – All documents concerning the opening of any of the BLMIS
Accounts.

- Request No. 2 – All account statements concerning any of the BLMIS Accounts,
including all original, draft, returned, altered, revised, amended or destroyed
account statements.

- Request No. 3 – All agreements with BLMIS, including Customer Agreements,
Option Agreements, Trading Authorizations Limited to Purchases and Sales of
Securities and Options, or any other documents executed between You and any of
the Family Members, on one hand, and BLMIS, on the other hand.

- Request No. 5 – All documents concerning the circumstances under which Mr.
Shapiro began or continued to invest with BLMIS, including but not limited to
documents concerning his decision to invest with BLMIS.

- Request No. 9 – All documents concerning any purported investment strategy of
either BLMIS or Madoff or financial advice provided by either BLMIS or Madoff
to Mr. Shapiro.

- Request No. 12 – All documents concerning any purported realized or unrealized
gains, losses, or returns in connection with any of the BLMIS Accounts, including
but not limited to any schedules of realized and/or unrealized gains and losses or
any other analyses performed by You or any Accountant concerning any of the
BLMIS Accounts.

- Request No. 13 – All documents concerning any reported margin balance in any
of the BLMIS Accounts.

- Request No. 17 – All documents concerning Your employment at BLMIS,
including but not limited to any documents evidencing: any work performed by
You; the scope or limitations upon Your responsibilities at BLMIS; Your
involvement in trading at BLMIS; and Your salary, benefits or other
compensation received from BLMIS.

- Request No. 19 – All documents concerning the formation of the LAD Trust, the
Adam Shapiro 1985 Trust, the Leslie Shapiro 1985 Trust or the David Shapiro
1989 Trust.

- Request No. 33 –All documents and communications concerning the purported
returns for any of the Core Accounts.

- Request No. 48 – All documents supporting or concerning any denial asserted in
Your Answer to the Complaint.

4

- Request No. 49 – All documents supporting or concerning any affirmative defenses, whether or not asserted, to the claims asserted in the Complaint.

(b)    any documents, beyond those produced in the 2010 Production and any Privileged Documents or Subsequent Transfer Documents he is withholding, which are responsive to the following Disputed Requests:

- Request No. 6 – All documents and communications between You and any Family Member concerning BLMIS or any of 1SH014, 1SH028, 1SH030, 1SH079, and 1SH172 (the "Core Accounts").

- Request No. 7 – All documents and communications between Mr. Shapiro, on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, regarding any of **the Core Accounts or the creation of the split-strike conversion accounts**, including but not limited to notes, faxes, letters, calendar entries, emails or telephone records.  [as reframed during the 5/22/18 Hearing, Transcript, p. 16.]

- Request No. 8 – All notes, whether made by Mr. Shapiro, Madoff, Annette Bongiorno or any other employee of BLMIS, concerning any of the Core Accounts.

- Request No. 11 – All documents or communications between You and any other BLMIS investors, regardless of whether such individuals were BLMIS investors at the time of the communication (including but not limited to Ed Kostin, Carl Shapiro, and/or any investors You referred to BLMIS), concerning BLMIS.

- Request No. 14 – All documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in any of the BLMIS Accounts, including but not limited to any account statement reflecting any backdated trade and/or any substitute or replacement account statement provided by BLMIS and/or Madoff to You, any Family Member, or any Accountant.

- Request No. 15 – All documents concerning the destruction, the return to BLMIS or other disposition of any documents concerning any of the BLMIS Accounts, including but not limited to any account statements.

- Request No. 20 – All documents and communications concerning amending or restating **the Leslie Shapiro 1985 Trust or the David Shapiro 1989 Trust**.  [as reframed during the 5/22/18 Hearing, Transcript, p. 27-28.]

- Request No. 25 – All documents provided to Mr. Shapiro by any Accountant engaged to perform any type of services concerning any of the Core Accounts.

- Request No. 26 – All documents Mr. Shapiro provided to any Accountant engaged to perform accounting services concerning any of the Core Accounts.

- Request No. 29 – All communications between and among Mr. Shapiro, Paul Konigsberg, any other Accountant, any employee of BLMIS and/or Madoff concerning any tax issue or other matter relating to any of the BLMIS Accounts,

including but not limited to the realization or generation of gains or losses in connection with any of the Core Accounts.

- Request No. 31 – All documents and communications concerning any of Mr. Shapiro's due diligence, if any, concerning BLMIS and/or Madoff, Your decision whether or not to perform any due diligence on BLMIS, Madoff, or any of the Core Accounts.

- Request No. 38 – All documents concerning any actual, proposed, or contemplated requests for redemption or withdrawal from **the Core Accounts 1SH028 and 1SH030**. [as reframed during the 5/22/18 Hearing, Transcript, p. 32.]

- Request No. 43 – **Withdrawn by the Trustee**. [during the 5/22/18 Hearing, Transcript, p. 35.]

6.       Within thirty (30) days of the entry of this Stipulated Order, Defendant **David**

**Shapiro** shall produce the following:

(a)       any documents, other than any Privileged Documents or Subsequent Transfer Documents he is withholding, which are responsive to the following Undisputed Requests:

- Request No. 1 – All documents concerning the opening of any of the BLMIS Accounts.

- Request No. 2 – All account statements concerning any of the BLMIS Accounts, including all original, draft, returned, altered, revised, amended or destroyed accounts statements.

- Request No. 3 – All agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other documents executed between You or any of the Family Members, on the one hand, and BLMIS, on the other hand.

- Request No. 4 – All other documents You or any Family Member received from BLMIS concerning any of the BLMIS Accounts.

- Request No. 12 – All documents concerning any reported margin balance in any of the BLMIS Accounts.

- Request No. 44 – Any and all documents supporting or concerning any denial asserted in Your Answer to the Complaint.

- Request No. 45 – Any and all documents supporting or concerning any affirmative defenses, whether or not asserted, to the claims asserted in the Complaint.

6

(b)    any documents, other than any Privileged Documents or Subsequent Transfer
Documents he is withholding, which are responsive to the following Disputed
Requests:

- Request No. 6 – All documents and communications between [David Shapiro], on the one hand, and Mr. Shapiro, on the other hand, concerning any of the Core Accounts or BLMIS.

- Request No. 7 – All documents and communications between [David Shapiro], on the one hand, and either Madoff, Annette Bongiorno or any other BLMIS employee, on the other hand, concerning any of the Core Accounts or BLMIS.

- Request No. 8 – All notes made by [David Shapiro], Mr. Shapiro, Madoff, Annette Bongiorno, or any other BLMIS employee concerning any of the Core Accounts.

- Request No. 11 – All documents concerning any purported realized or unrealized gains, losses, or returns in connection with any of the Core Accounts.

- Request No. 13 – All documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in connection [with] any of the Core Accounts.

- Request Nos. 14 – All documents concerning the destruction or the return to BLMIS of any statement, confirmation or any other account documents concerning any of the Core Accounts.

- Request Nos. 15 & 16 – All documents concerning the formation, amending or restating of **the Leslie Shapiro 1985 Trust or the David Shapiro 1989 Trust, to the extent such documents have not been previously produced by Stanley Shapiro**. [as reframed during the 5/22/18 Hearing, Transcript, p. 41.]

- Request No. 28 – All documents and communications concerning any due diligence, either performed by Mr. Shapiro or for his benefit, concerning Madoff, BLMIS, or any of the Core Accounts.

- Request No. 29 – All documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether Mr. Shapiro suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity.

- Request No. 35 – All documents concerning any requests for redemption or withdrawal from any of **the Core Accounts 1SH028 and 1SH030**. [as reframed during the 5/22/18 Hearing, Transcript, p. 45.]

- Request No. 40 – **Withdrawn by the Trustee**. [during the 5/22/18 Hearing, Transcript, p. 45.]

7

7.      Within thirty (30) days of the entry of this Stipulated Order, Defendants **Kenneth**

**Citron and Leslie Shapiro Citron** shall produce the following:

(a)      any documents, other than any Privileged Documents or Subsequent Transfer
Documents they are withholding, which are responsive to the following Undisputed
Requests:

- Request No. 1 – All documents concerning the opening of any of the BLMIS
  Accounts.

- Request No. 2 – All account statements concerning any of the BLMIS Accounts,
  including all original, draft, returned, altered, revised, amended or destroyed
  accounts statements.

- Request No. 3 – All agreements with BLMIS, including Customer Agreements,
  Option Agreements, Trading Authorizations Limited to Purchases and Sales of
  Securities and Options, or any other documents executed between You or any of
  the Family Members, on the one hand, and BLMIS, on the other hand.

- Request No. 4 – All other documents You or any Family Member received from
  BLMIS concerning any of the BLMIS Accounts.

- Request No. 12 – All documents concerning any reported margin balance in any
  of the BLMIS Accounts.

- Request No. 44 – Any and all documents supporting or concerning any denial
  asserted in Your Answer to the Complaint.

- Request No. 45 – Any and all documents supporting or concerning any
  affirmative defenses, whether or not asserted, to the claims asserted in the
  Complaint.

(b)      any documents, other than any Privileged Documents or Subsequent Transfer
Documents they are withholding, which are responsive to the following Disputed
Requests:

- Request No. 6 – All documents and communications between [Leslie Citron or
  Kenneth Citron], on the one hand, and Mr. Shapiro, on the other hand, concerning
  any of the Core Accounts or BLMIS.

- Request No. 7 – All documents and communications between [Leslie Citron or
  Kenneth Citron], on the one hand, and either Madoff, Annette Bongiorno or any
  other BLMIS employee, on the other hand, concerning any of the Core Accounts
  or BLMIS.

- Request No. 8 – All notes made by [Leslie Citron or Kenneth Citron], Mr.
  Shapiro, Madoff, Annette Bongiorno, or any other BLMIS employee concerning
  any of the Core Accounts.

- Request No. 11 – All documents concerning any purported realized or unrealized
  gains, losses, or returns in connection with any of the Core Accounts.

8

- Request No. 13 – All documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in connection [with] any of the Core Accounts.

- Request Nos. 14 – All documents concerning the destruction or the return to BLMIS of any statement, confirmation or any other account documents concerning any of the Core Accounts.

- Request Nos. 15 & 16 – All documents concerning the formation, amending or restating of **the Leslie Shapiro 1985 Trust or the David Shapiro 1989 Trust, to the extent such documents have not been previously produced by Stanley Shapiro**.  [as reframed during the 5/22/18 Hearing, Transcript, p. 41.]

- Request No. 28 – All documents and communications concerning any due diligence, either performed by Mr. Shapiro or for his benefit, concerning Madoff, BLMIS, or any of the Core Accounts.

- Request No. 29 – All documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether Mr. Shapiro suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity.

- Request No. 35 – All documents concerning any requests for redemption or withdrawal from any of **the Core Accounts 1SH028 and 1SH030**.  [as reframed during the 5/22/18 Hearing, Transcript, p. 45.]

- Request No. 40 – **Withdrawn by the Trustee**.  [during the 5/22/18 Hearing, Transcript, p. 45.]

8.       In the event that any Defendant possesses no documents responsive to any particular Undisputed Request or Disputed Request, Defendant shall so state.

9.       As stipulated by the Parties at the hearing before the Court on May 22, 2018, Defendant Stanley Shapiro, in his capacity as trustee respectively of the Leslie Shapiro Citron 1985 Trust and of the David Shapiro 1989 Trust, caused BLMIS to open Account Nos. 1SH028 and 1SH030, and subsequently managed and otherwise controlled the two accounts until such time when each of the trusts terminated by its terms.

Respectfully submitted,

/s/ James H. Rollinson
**BAKER & HOSTETLER LLP**
127 Public Square
Cleveland, Ohio 44114
James H. Rollinson
Email:  jrollinson@bakerlaw.com

and

45 Rockefeller Plaza
New York, New York 10111
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com
Nicholas M. Rose
nrose@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for
the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate
of Bernard L. Madoff*

Respectfully submitted,

/s/ Barry R. Lax
**LAX & NEVILLE LLP**
1450 Broadway, 35th Floor
New York, New York 10018
Barry R. Lax
Email:  blax@laxneville.com
Brian J. Neville
Email:  bneville@laxneville.com

*Attorneys for Stanley Shapiro, David
Shapiro, Leslie Citron, and Kenneth Citron*

**SO ORDERED this 6th day of June, 2018.**


 **/s/ STUART M. BERNSTEIN**
**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**