**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7444**

WRITER'S INTERNET ADDRESS
**robertloigman@quinnemanuel.com**

June 6, 2018

**BY ECF, CHAMBER'S EMAIL, AND HAND DELIVERY**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court,
Southern District of New York
One Bowling Green
New York, New York 10006

Re:   *SIPC v. Bernard L. Madoff Inv. Secs. LLC*, No. 08-1789 (SMB), *Picard v. Ceretti, et al.*, Adv. Proc. No. 09-1161 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

We represent the Joint Liquidators of Kingate Global Fund Ltd. and Kingate Euro Fund Ltd., both now in liquidation. I write with respect to the Joint Liquidators' request that the Trustee agree to engage in mediation at the conclusion of fact discovery. The Joint Liquidators made this request in connection with the Trustee's recent request for a further extension of the discovery period, to which the Joint Liquidators have now agreed. We expect that the revised discovery period will be reflected in a new case management report that the Trustee will provide to the Court shortly. Unfortunately, the Trustee has rejected the Joint Liquidators' proposal to engage in mediation at the conclusion of fact discovery.

When the Trustee first requested a four-month extension of fact discovery last week, I expressed my initial concern that another discovery extension would lead to further expense and delay. This adversary proceeding was filed nearly a decade ago. And while the Trustee appears to have nearly unlimited resources—having spent more than $46 million on this case alone, according to his fee submissions—the Joint Liquidators are not similarly positioned, and thus are understandably concerned about spiraling costs. The Joint Liquidators are overseeing the liquidation of the Kingate Funds, which invested the vast bulk of their money in BLMIS and lost, as the Trustee concedes, approximately $800 million as the result of those investments. Investors in the Kingate Funds continue to suffer uncompensated losses, even though there has been no assertion, and there is no basis for any such assertion, that investors in the Kingate Funds engaged in any wrongdoing. While direct investors in BLMIS have recouped the majority of their losses from the estate, Kingate Fund investors have received nothing.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

Because stakeholders in the Kingate Funds have suffered for so long, the Joint Liquidators responded to the Trustee's request for a further extension of discovery by requesting a commitment from the Trustee that, at the conclusion of fact discovery, the parties would engage in a mediation to seek a consensual resolution of the Trustee's claims. Counsel for the Trustee rejected that request, expressing concerns that a few months devoted to mediation could create further delay, and that mediation was unlikely to yield a settlement.

The Joint Liquidators are not opposing the Trustee's new request for a four-month discovery extension. However, the Joint Liquidators believe that once fact discovery is completed—which would be at the end of November if the extension is permitted—the parties should engage in mediation rather than immediately commencing expert discovery. The Joint Liquidators believe that a few months devoted to a process to resolve this action would be time well spent, and could potentially save substantial time and resources for all of the parties. To that end, the Joint Liquidators have retained James M. Peck and Gary S. Lee of Morrison & Foerster LLP as mediation counsel. Morrison & Foerster has been involved in the settlement of a number of long-standing BLMIS matters.

Both the Trustee and the Joint Liquidators are court appointed officials, and we believe that a mediation would be a productive use of the respective estates' resources. Undertaking efforts to resolve the claims in a fair manner that recognizes the victimization of the investors in the Kingate Funds, and the goal of ensuring compensation for those investors commensurate with the scores of other BLMIS investors who were victims of Madoff's fraud, should be a goal of the estate professionals on both sides of this action. The Trustee has rejected the Joint Liquidators' request for mediation, citing failed efforts at settlement undertaken many years ago, prior to the development of a factual record in this case. The Joint Liquidators take a different view, and believe that mediation efforts with the aid of a third-party neutral, which has not been attempted to date, could achieve resolution, and thereby save substantial resources for all parties.

The Joint Liquidators respectfully request the Court's guidance regarding a period of mediation following the conclusion of fact discovery, and prior to the commencement of potentially costly expert discovery. In this regard, the Joint Liquidators are prepared to submit a motion to compel mediation, as other parties have done in the context of the BLMIS proceedings, should that be the best route to bring about a mediation.

Respectfully submitted,

/s/ Robert S. Loigman
Robert S. Loigman

cc:   All counsel (via ECF and email)
      James M. Peck, Morrison & Foerster LLP
      Gary S. Lee, Morrison & Foerster LLP
      John A. Pintarelli, Morrison & Foerster LLP

2