**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>       Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*,<br><br>       Defendants. | Adv. Pro. No. 09-01161 (SMB)<br><br>**LETTER ROGATORY** |

# REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE REPUBLIC OF IRELAND

| | |
|---|---|
| **SENDER:** | Honorable Stuart M. Bernstein<br>Judge of United States Bankruptcy Court<br>for the Southern District of New York<br>One Bowling Green<br>New York, New York 10004-1408<br>United States of America |
| **CENTRAL AUTHORITY OF THE REQUESTED STATE:** | The Master of the High Court<br>Inns Quay<br>Dublin 7<br>Ireland |
| **PERSONS TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED:** | Donal Dunne<br>Eugene F Collins Solicitors<br>3 Burlington Road<br>Dublin 4<br>Ireland |

Presenting his compliments to The High Court Justice of Ireland, this Letter Rogatory is made by the Honorable Stuart M. Bernstein, of the United States Bankruptcy Court for the Southern District of New York, which is located at One Bowling Green, New York, NY 10004-1408, United States of America, to The High Court Justice of Ireland at The Supreme Court of Ireland, Four Courts, Inns Quay, Dublin 7.

A copy of the transcript of the examination and the certification of the Master of the High Court should be returned to the Honorable Stuart M. Bernstein, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.

In light of the international law and comity that exists between the United States and the Republic of Ireland, the undersigned applicant respectfully submits this Letter Rogatory.

This Court requests assistance from the appropriate judicial authority in the Republic of Ireland to obtain testimony supported, as may be appropriate, by relevant documentation from the

witness identified below who has material and relevant information:

    Ms. Shazieh Salahuddin
    Sovereign House, Newman's Mall
    Kinsale, County Cork
    Ireland

## INTRODUCTION

This Letter Rogatory seeks evidence for use in the above-named proceeding pending before this Court, which alleges claims arising under the Securities Investor Protection Act of 1970 ("SIPA"), the United States Bankruptcy Code, and the New York Debtor and Creditor Law. The purpose of this Letter Rogatory is to obtain testimonial and documentary evidence from Shazieh Salahuddin ("Salahuddin") for use as evidence in a trial of the Trustee's claims in the Fourth Amended Complaint filed in this proceeding in this Court.

The Fourth Amended Complaint, filed on March 17, 2014 (ECF No. 100) in this adversary proceeding, a copy of which is attached as Exhibit A, seeks, *inter alia*, to avoid and recover $926,351,905 in allegedly fraudulent transfers made to Kingate Global Fund, Ltd., In Liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., In Liquidation ("Kingate Euro" and, together with Kingate Global, the "Kingate Funds"), pursuant to the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA § 78fff-2(c)(3). The Fourth Amended Complaint also seeks to equitably subordinate the Kingate Funds' customer claims asserted against the BLMIS customer property estate. The Court has not yet made a determination of the merits of the Trustee's claims and allegations asserted in this action, which are set forth below.

## THE PARTIES AND THEIR REPRESENTATIVES

The parties to this action and their representatives are as follows:

1.     The Applicant and Plaintiff is Mr. Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

3

SIPA, substantively consolidated with the estate of Bernard L. Madoff.  The Trustee is represented in this action by Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, United States of America, and may be contacted through his attorneys at gponto@bakerlaw.com and +1 (212) 589-4200.

2. The defendants in this action are Kingate Global and Kingate Euro.  The Kingate Funds are represented in this action by Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, New York, New York 10010, United States of America, and may be contacted through their attorneys at robertloigman@quinnemanuel.com or +1 (212) 849-7000.

### NATURE AND PURPOSE OF THE PROCEEDING AS ALLEGED BY THE TRUSTEE IN THE FOURTH AMENDED COMPLAINT

**The Proceeding**

This is an adversary proceeding commenced in this Court, in which the main underlying SIPA proceeding, No. 08-01789 (SMB) is pending.

By way of background, Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale.  His fraud was sustained by infusions from around the globe.  In particular, domestic and foreign investment vehicles, colloquially known as "feeder funds," injected several billions of dollars into his scheme.

Included among these feeder funds were the Kingate Funds.  Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds.  Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors.  Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS.  The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable

4

transfers under the United States Bankruptcy Code. The Trustee seeks to recover these withdrawn funds for equitable distribution.

Currently, the parties are engaged in fact discovery. Hundreds of thousands of documents have been produced, and depositions and examinations of witnesses are ongoing, both in U.S. jurisdictions and foreign jurisdictions. Currently, fact discovery is scheduled to close on November 30, 2018.

**Ceretti and Grosso's Related Management Entities**

Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established Kingate Management Limited ("KML"), purportedly as a management vehicle, but which, in practice, assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and, together with FIM Limited, "FIM"). Together, KML and FIM purported to "advise," "consult," and "manage" the Kingate Funds.

FIM Limited was established in 1981 by Grosso. It acted as an asset manager for high net worth individuals. Ceretti joined FIM Limited in 1986. In the early 1990s, FIM Limited's business focused on managing funds of funds. In 2004, Ceretti and Grosso co-founded FIM Advisers, and in August 2005 FIM Advisers took over the business of FIM Limited.

In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. FIM Advisers replaced FIM Limited in 2005. In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds.

**Interview with Salahuddin**

On June 22, 2010, William Tacon of Zolfo Cooper, in his then-capacity as a Joint

5

Liquidator of the Kingate Funds, interviewed Salahuddin in Hamilton, Bermuda about matters relating to the Kingate Funds. Salahuddin provided Zolfo Cooper with information directly relevant to the Trustee's allegations in the Fourth Amended Complaint.

**Salahuddin's Connection to the Kingate Funds**

Salahuddin was an employee of FIM beginning in 1996; in 2000, she moved to Bermuda to work for KML. At various times during the life of the Kingate Funds, she served as the General Manager for KML, a member of KML's Board of Directors, and the General Manager of FIM.

In her multiple roles with the agents for Ceretti and Grosso, Salahuddin regularly corresponded with them, Mr. Christopher Wetherhill, and others within FIM and KML to discuss communications to investors, interactions with the Kingate Funds' administrator, communications with and about BLMIS, due diligence, the performance of BLMIS with respect to the Kingate Funds' accounts with BLMIS, and other topics highly relevant to the Trustee's claims in the Fourth Amended Complaint.

Salahuddin also regularly interacted with then-current and potential investors in the Kingate Funds, the administrator of the Kingate Funds, and the consultants to the Kingate Funds.

**Allegations in the Fourth Amended Complaint Relevant to Salahuddin**

Information possessed by Salahuddin and acquired during the time she held multiple positions with FIM and KML and was the confidant of senior management within KML is relevant to the Trustee's claims in the Fourth Amended Complaint, giving rise to the need for this Letter Rogatory. Specifically, the Trustee anticipates that Salahuddin will provide further information in relation to the issues and allegations contained in paragraphs 42, 82, 83, 89, 112, 114-18, 121-31, 135-141, 146-222, 225-47, and 253-58 of the Fourth Amended Complaint.

6

## REQUEST FOR JUDICIAL ASSISTANCE

**General Purpose**

The evidence to be obtained from Salahuddin consists of documents and testimony to be used in court proceedings; motion practice, including dispositive motions; and trial of this action, and is necessary for the just and proper disposal of the proceedings before this Court.

**Request for Testimonial Evidence and Question List for Witness Shazieh Salahuddin**

**DEFINITIONS**

"Madoff" refers to Bernard L. Madoff.

"BLMIS" means Bernard L. Madoff Investment Securities LLC.

"Kingate Global" means Kingate Global Fund, Ltd.

"Kingate Euro" means Kingate Euro Fund, Ltd.

"Kingate Funds" means Kingate Euro and Kingate Global.

"KML" means Kingate Management Limited.

"FIM" means FIM Limited or FIM Advisers LLP.

**SUBJECT MATTER OF EXAMINATION**

**Introductory Questions**

Nature

These questions will seek confirmation of relevant matters, including Salahuddin's background, qualifications and experience; the circumstances under which she learned of this Letter Rogatory; and the preparation of her response, including any communications with third parties. Matters to be addressed in questioning are likely to include:

- Details of Salahuddin's education and professional qualifications;
- Salahuddin's employment history to date; and
- Whether Salahuddin has discussed this Letter Rogatory with anyone and, if so, details of the substance and circumstances of any relevant communications to the extent that they are not protected by legal privilege.

7

Purpose

This information will go to Salahuddin's competence and credibility (*i.e.*, the weight the Bankruptcy Court should give Salahuddin's evidence).

**Salahuddin's Employment at FIM**

Nature

These questions will cover Salahuddin's roles, responsibilities, and relationships at FIM; details of those who reported to her and to whom she reported; how she came to be employed by KML and why she moved to Bermuda; and why she was simultaneously employed by both FIM and KML, for how long, the scope of her duties, the qualifications necessary to carry out those duties, the extent of her authority, and how her responsibilities overlapped or differed. Matters to be addressed in questioning are likely to include:

- Salahuddin's employment and responsibilities at FIM;
- Salahuddin's concerns about her qualifications for the role she played within FIM;
- Salahuddin's training for work in the securities industry; and
- Salahuddin's interactions with Ceretti and Grosso while at FIM.

Purpose

This information will establish Salahuddin's knowledge of and involvement in the operations and activities of FIM and provide the Trustee with information concerning FIM's operations. It is relevant to various allegations concerning FIM and its role in relation to the Kingate Funds contained in the Fourth Amended Complaint.

**Salahuddin's Employment at KML**

Nature

These questions will cover Salahuddin's roles, responsibilities, and relationships at KML; details of those who reported to her and to whom she reported; how she came to be employed by KML and why she moved to Bermuda; her communications with Ceretti, Grosso, and Wetherhill; the scope of her duties and qualifications to carry out those duties; the extent of her authority; her communications with investors and potential investors in the Kingate Funds; her communications with the administrators and consultants to the Kingate Funds; her communications with Madoff and/or other representatives or employees of BLMIS; and her knowledge of communications between Ceretti, Grosso, Wetherhill, Madoff, BLMIS or others related to the business of KML as Manager for the Kingate Funds. Matters to be addressed in questioning are likely to include:

- Salahuddin's employment and responsibilities at KML;
- Salahuddin's understanding of KML and its role and relationship with the Kingate Funds;
- Salahuddin's interactions with Ceretti, Grosso, and Wetherhill;
- Salahuddin's interactions with investors and potential investors in the Kingate Funds;

8

- Salahuddin's interactions with the administrators and consultants to the Kingate Funds; and
- Salahuddin's interactions with BLMIS and/or Madoff.

Purpose

The Trustee's Fourth Amended Complaint seeks to avoid and recover fraudulent transfers made to the Kingate Funds. In order to do so, the Trustee must demonstrate either that the Kingate Funds had actual knowledge that no securities were traded by BLMIS, or that the Kingate Funds subjectively believed that there was a high probability of fraud at BLMIS and deliberately took steps to avoid learning the fact of that fraud. The U.S. Bankruptcy Court for the Southern District of New York determined that the Trustee's Fourth Amended Complaint plausibly alleges such actual knowledge and willful blindness and that the Trustee may impute the knowledge of the Kingate Funds' agents to the Kingate Funds. Accordingly, Salahuddin's testimony regarding the role that KML played in connection with the Kingate Funds' investments with BLMIS; her responsibilities in that regard; the information she learned during her employment with KML; and her communications with representatives of FIM, KML, and BLMIS will be used as evidence at trial to demonstrate KML's knowledge as FIM's consultant and the Kingate Funds' agent.

**Concerns About the Kingate Funds**

Nature

These questions will cover Salahuddin's contemporaneous concerns, if any, with the Kingate Funds and BLMIS. Matters to be addressed in questioning are likely to include:

- Salahuddin's knowledge of concerns about BLMIS or the Kingate Funds by third parties;
- Any discussions with other employees regarding concerns about the Kingate Funds;
- Any concerns with Madoff's strategy and trading;
- Any concerns about the operational structure of BLMIS;
- Performance analysis relating to the Kingate Funds' investments with BLMIS;
- Any concerns about Madoff's fee structure;
- Any concerns raised about Madoff's paper statements;
- Any concerns about her management's relationships with Madoff; and
- Redemption procedures particular to the Kingate Funds.

Purpose

The Trustee's Fourth Amended Complaint seeks to avoid and recover fraudulent transfers made to the Kingate Funds. In order to do so, the Trustee must demonstrate either that the Kingate Funds had actual knowledge that no securities were traded by BLMIS, or that the Kingate Funds subjectively believed that there was a high probability of fraud at BLMIS and deliberately took steps to avoid learning the fact of that fraud. The U.S. Bankruptcy Court for the Southern District of New York determined that the Trustee's Fourth Amended Complaint plausibly alleges such actual knowledge and willful blindness, and that the Trustee may impute the knowledge of the Kingate Funds' agents to the Kingate Funds.

9

Accordingly, Salahuddin's testimony regarding the role that KML played in connection with the Kingate Funds' investments with BLMIS; her responsibilities in that regard; the information she learned during her employment with KML; and her communications with representatives of FIM, KML, and BLMIS will be used as evidence at trial to demonstrate KML's knowledge as FIM's consultant and the Kingate Funds' agent.

**Operation of the Kingate Funds**

Nature

These questions will cover Salahuddin's knowledge of the operations and functions of the Kingate Funds during her employment, including their investments with BLMIS and investments by the Kingate Funds' shareholders. Matters to be addressed in questioning are likely to include:

- Approval of subscriptions in, and redemptions from, the Kingate Funds;
- Subscriptions in, and redemptions from, BLMIS by the Kingate Funds;
- Management of the Kingate Funds' respective bank accounts;
- Oversight of and diligence conducted with respect to the Kingate Funds' investments with BLMIS; and
- Agreements with service providers.

Purpose

The Trustee's Fourth Amended Complaint seeks to avoid and recover fraudulent transfers made to the Kingate Funds. In order to do so, the Trustee must demonstrate either that the Kingate Funds had actual knowledge that no securities were trades by BLMIS, or that the Kingate Funds subjectively believed that there was a high probability of fraud at BLMIS and deliberately took steps to avoid learning the fact of that fraud. The U.S. Bankruptcy Court for the Southern District of New York determined that the Trustee's Fourth Amended Complaint plausibly alleges such actual knowledge and willful blindness and that the Trustee may impute the knowledge of the Kingate Funds' agents to the Kingate Funds. Accordingly, Salahuddin's testimony regarding the role that KML played in connection with the Kingate Funds' investments with BLMIS; her responsibilities in that regard; the information she learned during her employment with KML; and her communications with representatives of FIM, KML, and BLMIS will be used as evidence at trial to demonstrate KML's knowledge as FIM's consultant and the Kingate Funds' agent.

**Tremont**

Nature

These questions will confirm Salahuddin's knowledge of Tremont's co-management relationship with KML for Kingate Global. Matters to be addressed in questioning are likely to include:

- Co-management relationship between KML and Tremont;
- Individuals involved in the co-management relationship;
- Termination of co-management relationship and reasons therefor;

- Fees paid to Tremont by KML; and
- Communications between Salahuddin and Tremont employees.

Purpose

The Trustee's Fourth Amended Complaint seeks to avoid and recover fraudulent transfers made to the Kingate Funds. In order to do so, the Trustee must demonstrate either that the Kingate Funds had actual knowledge that no securities were trades by BLMIS, or that the Kingate Funds subjectively believed that there was a high probability of fraud at BLMIS and deliberately took steps to avoid learning the fact of that fraud. The U.S. Bankruptcy Court for the Southern District of New York determined that the Trustee's Fourth Amended Complaint plausibly alleges such actual knowledge and willful blindness and that the Trustee may impute the knowledge of the Kingate Funds' agents to the Kingate Funds. Accordingly, Salahuddin's testimony regarding concerning Tremont's relationship with KML and the resulting knowledge gained by Tremont as Kingate Global's agent will be used as evidence at trial to demonstrate the knowledge of the Kingate Funds.

**Request for Documents**

It is hereby requested that Salahuddin be compelled to make the following documents available for inspection and copying by the Trustee's legal representatives:

1. Any versions, amendments, riders, appendices, or other changes or additions to the Services Agreement between FIM Management Ltd. and Kingate Management Ltd. dated September 13, 2007 ("Services Agreement"), a copy of which is attached hereto as Exhibit B. The Services Agreement purports to govern the services to be provided by Salahuddin to FIM, as referenced in the email chain between Tom Healy, Christopher Wetherhill, Michelle Tuckett, Philip Niel, and James Keyes, a copy of which is attached hereto as Exhibit C.

2. Any correspondence related to the Services Agreement.

3. Any emails concerning an employment contract for Salahuddin with either FIM or KML, whether written or oral, and/or the terms of her employment.

**PROCEDURES TO BE FOLLOWED**

It is requested that:

1. Both United States and Irish counsel for Plaintiff and Defendants be permitted to be present at the examination throughout;

11

2. Plaintiff, through counsel of his choosing, be permitted to conduct the examination and re-examination of the witness;

3. Defendants, through counsel of their choosing, be permitted to conduct the cross-examination of the witness;

4. The examination be given under oath or affirmation;

5. The examination be conducted pursuant to the U.S. Federal Rules of Civil Procedure, and any and all objections made during the examination, except those relating to Irish law, be adjudged by this Court;

6. The examination be recorded via video and transcribed by a reputable firm of transcribers;

7. The transcript of the examination be provided to Eugene F. Collins at the address appearing below and to the parties;

8. The examination to take place at the offices of Eugene F. Collins at Temple Chambers, 3 Burlington Road, Dublin 4, Ireland, D04 RD68; or such other venue as is convenient and agreed between the parties and the deponent;

9. The examination take place on a date and time as may be agreed upon between the examiner, Salahuddin, and counsel for the parties, and in all events prior to July 12, 2018; and

10. In scheduling the deposition, the Applicant's representatives will work with the deponent in an effort to accommodate her schedule and minimise any inconvenience.

## COSTS

All fees and costs incurred in the execution of this Letter Rogatory shall be borne by Plaintiff.

## CONCLUSION

This Court expresses its appreciation for this assistance and states that the courts of the United States are authorized by statute, section 1782 of Title 28 of the United States Code, to extend similar assistance to the tribunals of the Republic of Ireland and shall be ready and willing to provide reciprocal assistance in a similar case when required.

The Court extends to the judicial authorities of the Republic of Ireland the assurances of the highest consideration.

Dated: New York, New York

_____
The Honorable Stuart M. Bernstein
United States Bankruptcy Judge

_____