**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENTSECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>Plaintiff,<br><br>v.<br><br>CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant,<br><br>Defendants. | Adv. Pro. No. 10-04377 (SMB) |

<u>**WITHDRAWAL OF SIPC CLAIM**</u>

Notice is hereby given that Carol Nelson and Stanely Nelson (the "Defendants") withdraw the SIPC claim they filed in this case.  Defendants believe that their claim was expunged based upon the following facts:

{00036559 2 }

1.      In November 2009, Defendants filed an objection to the Trustee's Determination Letter on the basis that their net equity should be defined based on the Last Statement Method, as expressly required under SIPA.  *See* Defendants' Objection, ECF No. 647.  Defendants' objection was based on the Trustee's methodology for calculating net equity.

2.      Pursuant to the bankruptcy court's "Order Scheduling Adjudication of 'Net Equity' Issue," entered on September 16, 2009, (the "Scheduling Order," ECF No. 437) the bankruptcy court set a hearing date of February 2, 2010 "to address whether Net Equity, as defined by SIPA, is calculated using the Net Investment Method or Last Statement Method." *The Net Equity Decision*, 424 B.R. 122, 126 (Bankr. S.D.N.Y. 2010), *aff'd,* 654 F.3d 229 (2d Cir. 2011).

3.      Pursuant to the Scheduling Order and the Claims Procedures Order, the Trustee made a motion in the bankruptcy court seeking an order:  (1) upholding the Trustee's determination denying customer claims based on the Last Statement Method; (2) affirming the Trustee's determination of net equity based on the Net Investment Method; and (3) expunging objections to the Trustee's determinations of net equity claims filed by a certain group of claimants, in which Defendants were expressly included. *Net Equity Decision*, 424 B.R. at 123.   The bankruptcy court upheld the Trustee's determination to deny customer claims based on the Last Statement Method; upheld the Trustee's selection of the Net Investment Method; and expunged Defendants' objections. *Id.* at 143.  The Second Circuit affirmed Judge Lifland's decision.  *See Net Equity Decision*, 654 F.3d 229 (2d Cir. 2011).  The Supreme Court denied *certiorari.*  133 S. Ct. 24, 25 (2012).

4.      Thus, Defendants' claim was fully and finally resolved.  *See Net Equity Decision*, 424 B.R. 122, 124, 143 (S.D.N.Y. Bankr. 2010) (Lifland, J.), *aff'd* 654 F.3d 229, 242 (2d Cir.); Appendix 1 to the *Net Equity Decision*, listing objecting claimants, ECF No. 1999 (March 1, 2010); *see also* Certification of Helen Davis Chaitman in Opposition to the Trustee's Motion for an Order Approving the Trustee's Re-Definition of "Net Equity" Under the Securities Investor Protection Act, Adv. Pro. No. 08-01789, ECF No. 761-0, 761-1 (Nov. 13, 2009).

5.      Indeed, in the six years since the Supreme Court denied *certiorari* in 2012, the Trustee has taken no action in the bankruptcy court with respect to Defendants' claims, indicating that the Trustee believes Defendants have no unresolved objection to the Trustee's determination of their SIPC claim.  If he believed that Defendants have an unresolved objection to his determination of their SIPC claim, he has breached the fundamental requirement under SIPA that the Trustee "provide for prompt payment and satisfaction of net equity claims of customers."  15 U.S.C. Section 78-fff-3.

6.      The Trustee argues that Defendants' SIPC claim specifically raises the allegation that the Trustee has inappropriately asserted "fraudulent conveyance judgment[s] for sums that were transferred" into their BLMIS accounts beyond the statute of limitations period applicable" and "solely for SIPC's benefit."  The Trustee claims that the "Omnibus Motions" did not deal with this issue.  However, as the Trustee knows, this issue was fully and finally decided against Defendants by the Second Circuit in *Matter of Bernard L. Madoff Investment Securities LLC,* 697 Fed. Appx. 708 (2d Cir. 2017).

7.      In addition, the Trustee argues that Defendants' SIPC claim specifically raises the issue that federal ERISA law protects from avoidance certain withdrawals from

IRA accounts.  However, this issue, as well, has been determined by Judge Rakoff.  *In re*

*Bernard L. Madoff Investment Securities, LLC,* 476 B.R. 715, 729 (S.D.N.Y. 2012) (Rakoff,

J).

Since the Trustee is now claiming, contrary to the record, that Defendants' SIPC

claim is unresolved, Defendants withdraw their SIPC claim to remove any possible doubt.

Dated:   New York, New York          **CHAITMAN LLP**
        June 18, 2017

                                  By:   */s/ Helen Davis Chaitman*
                                         Helen Davis Chaitman
                                         hchaitman@chaitmanllp.com
                                         465 Park Avenue
                                         New York, New York 10022
                                         Phone & Fax: 888-759-1114

                                         *Attorneys for Defendants Carol Nelson*
                                         *and Stanley Nelson*

## <u>CERTIFICATE OF SERVICE</u>

I, Helen Davis Chaitman, hereby certify that I caused a true and correct copy of

the foregoing document to be served upon the parties in this action who receive

electronic service through CM/ECF and by email upon:

>David J. Sheehan, Esq.
>Baker & Hostetler, LLP
>45 Rockefeller Plaza, 11th Floor
>New York, NY 10111
>212-589-4616
>dsheehan@bakerlaw.com

I certify under penalty of perjury that the foregoing is true and correct.


Dated:  New York, New York
          July 18, 2018                              */s/ Helen Davis Chaitman*