HAILE, SHAW & PFAFFENBERGER, P.A.
660 U. S. Highway One, Third Floor
North Palm Beach, FL 33408
Tel: (561) 627-8100
Fax: (561) 622-7603
Gary A. Woodfield
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

              Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

              Defendant.
-----------------------------------------------------------x
In re:

BERNARD L. MADOFF,

Debtor.
-----------------------------------------------------------x

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## OBJECTION TO SUBPOENA FOR RULE 2004 EXAMINATION

# TABLE OF CONTENTS

| | Page |
|---|---|
| **TABLE OF AUTHORITIES** | ii |
| **Notice of Motion** | 1 |
| **Factual Basis** | 1 |
| **LEGAL ANALYSIS** | 2 |
|     Good Cause | 2 |
|     It is Improper to Use a 2004 Examination While an Adversary Proceeding is Pending | 4 |
|     **Improper Procedure Employed** | 7 |

# TABLE OF AUTHORITIES

**CASES**

*In Re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996) .......................... 4, 7

*In Re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702 (Bankr. S.D.N.Y. 1991) ................ 4

*In Re Enron Corp.* 281 B.R. 836 (Bankr. S.D.N.Y. 2002) ........................................... 3, 4, 7

*In Re Silverman*, 36 B.R. 254 (Bankr. S.D.N.Y. 1984) ..................................................... 3

*In Re Sunedison, Inc.*, 572 B.R. 482, (Bankr. S.D.N.Y. 2017) ............................................ 3

*Matter of Wicher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985) ...................................................... 3

**Rules**

Federal Rules of Civil Procedure 34 ................................................................................ 1
Federal Rules of Civil Procedure 45 ................................................................................ 1
Bankruptcy Rules of Procedure 7034 .............................................................................. 1
Bankruptcy Rules of Procedure 9016 .............................................................................. 1
Bankruptcy Rules of Procedure 2004 ................................................................... 1, 2, 3, 4, 8
Federal Rule of Bankruptcy Procedure ............................................................................ 7

PLEASE TAKE NOTICE that Frank and Nancy Avellino (the "Avellinos"), Defendants in the Adversary Proceeding pending as Case No. 10-05421 (SMP) ("the Adversary Proceeding"), pursuant, *inter alia*, to Federal Rules of Civil Procedure 34 and 45 and Bankruptcy Rules of Procedure 7034 and 9016, object to the Subpoena for Rule 2004 Examination issued by the Trustee to FJANCW, LLC ("FJAN"). In support of this objection, the Avellinos state, as set forth more fully in the Legal Analysis set forth below and the Declaration of Gary A. Woodfield which are incorporated herein as if set forth fully:

## FACTUAL BASIS

1. On May 30, 2018, the Trustee issued a subpoena to FJAN for the production of documents pursuant to a Rule 2004 Examination ("the Subpoena"). A copy of the Subpoena is attached to the Declaration of Gary A. Woodfield as Exhibit A.

2. FJAN is a limited liability company formed, under the laws of the state of Florida, as a conversion from FJANCW, LLP, also an entity formed and existing with the State of Florida. Neither entity has ever had any offices, managers or members who are residents of the state of New York.

3. Through the Subpoena, the Trustee seeks to obtain from FJAN complete financial information, including documents relating to all assets that it has ever owned.

4. On May 9, 2017 in the Adversary Proceeding, the Trustee propounded his First Set of Requests for Production of Documents upon each of the Avellinos ("the Request for Production"). As set forth with specificity below, the Trustee requested through those Requests for Production the same documents requested in the Subpoena.

5.   On March 14, 2018, the Avellinos objected to the requests for documents of and relating to FJAN [Declaration of Gary A. Woodfield, Exhibit B[1]].

6.   Between 2004 subpoenas which were served upon Frank and Nancy Avellino before the Adversary Proceeding and documents provided within the Initial Disclosures, the Avellinos have already produced thousands of documents to the Trustee, including – as evidenced in the Trustee's Amended Complaint in the Adversary Proceeding - documents which disclose the disposition of all funds received from BLMIS. [DE 86]

7.   FJAN never had any nexus whatsoever to BLMIS or Bernard Madoff; had no involvement in recommending investors – directly or indirectly – to BLMIS, received no funds originating from BLMIS, has no knowledge of BLMIS's financial affairs, and, therefore, no documents concerning BLMIS or Madoff.

## LEGAL ANALYSIS

### Good Cause

The Trustee, in issuing the Subpoena, relied upon a 2009 Order Granting Authority to Issue Subpoenas (the "Order"). [Declaration, Exhibit A]  Yet the Order cannot negate the Trustee's burden, or the Avellinos' rights in the adversary proceeding to contest the propriety of the discovery request. In fact, as set forth in the Trustee's motion upon which the Order is based, "[n]othing in the Motion or the proposed order granting the Motion limits the rights of any witness or other party under applicable law to object to or oppose any subpoena the Trustee may serve upon such witness." [D.E. 22 ¶ 18]

Before a subpoena for a 2004 examination may be issued, the movant must obtain a court order, which can only be entered upon a showing of good cause. Rule 2004(a),

---

[1] The identical relevant documents were requested of both Avellinos; one Request to Produce is attached.

A435.001-1/00622764 v1                                    2

Bankruptcy Rule of Civil Procedure; *In re Sunedison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017). Although 2004 orders may be issued ex parte, once an objection is made, the burden is upon the one requesting the examination to show good cause. *Matter of Wilcher*, 56 B.R. 428, 434(Bankr. N.D. Ill. 1985), citing *In Re Silverman*, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984). *See, also, In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002) (Despite the breadth of Bankruptcy Rule 2004, "it must *first* be determined that the examination is proper." *Id.* at 842; internal citations omitted). The reason for imposing this burden upon the movant is obvious as an order entered with no notice to the Avellinos (and before they were involved in this proceeding in any capacity) cannot be used to negate their rights in the adversary proceeding currently pending against them. Nor can a generic order entered nine years ago be used to automatically establish good cause as to individual 2004 targets, regardless of the situation.

The Trustee has not even attempted to show good cause for obtaining these documents from FJAN and, given the facts of this case, cannot do so.

"Although Rule 2004 permits examination of third parties, language of the rule makes it evident that examination may be had only of those persons possessing knowledge of debtor's acts, conduct or financial affairs so far as such knowledge relates to a debtor's bankruptcy proceeding." *Wilcher*, 56 B.R. at 434 (internal citations omitted). FJAN has no such knowledge. Nor are the requested documents necessary to establish the Trustee's claim, as would also be a requirement of establishing good cause. *Sunedison* at 489.

"The burden of showing good cause is an affirmative one;" neither relevance alone nor "a showing that justice would not be impeded by production of the documents" constitutes good cause for requiring the production of documents pursuant to Rule 2004.

*In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).[2]

### It is Improper to Use a 2004 Examination While an Adversary Proceeding is Pending

Rather than addressing the merits of the Avellinos' objection to the Request to Produce, and wait for a ruling on the objection, the Trustee is trying to obtain the same documents through an end run which would circumvent the applicable rules of procedure governing adversary proceedings.

The rule is "well recognized" that "once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Enron at* 840.

This "pending proceeding" rule is based upon the difference between the "broad ... nature of the Rule 2004 exam and the more restrictive nature of discovery under [the Federal Rules of Civil Procedure]." *Id.* at 840-841. Quoting from several other cases and treatises, *the Enron* Court explained that courts usually do not allow Rule 2004 examinations "as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure". . . , and that "the party requesting an examination is likely seeking to avoid the procedural safeguards of [the Federal Rules of Civil Procedure]"). *Id* at 841 (internal citations omitted).

It is apparent that the avoidance of the "procedural safeguards of the Federal Rules of Civil Procedure" is exactly what the Trustee is attempting to do in this case. A comparison of the documents requested in the Adversary Proceeding and in the 2004 Subpoena is all that is required to reach this conclusion:

---

[2] While *Drexel* held that cases brought by Trustees would not prevent a 2004 examination, the subsequent case of *In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996), among others, rejected that premise.

- **Request No. 1 of the Subpoena requests:**

    **Documents sufficient to show Your organization, formation, ownership, structure, officers, directors, control persons, and purpose, including but not limited to, articles of incorporation, memoranda, articles of association and corporate filings, including federal, state or local government or agency filings.**

The corresponding requests within the Request to Produce are found in the following designated paragraphs:

92. Documents sufficient to identify the settlor(s), creator(s), owner(s), officer(s), Board member(s), and/or interest holder(s) of FJANCW LLC throughout the Applicable Period.

93. Organizational documents for FJANCW LLC.

98. Documents sufficient to identify the control person(s) of FJANCW LLC throughout the Applicable Period.

100. Documents and communications concerning the purpose or objective of FJANCW LLC throughout the Applicable Period.

101. Documents sufficient to identify the beneficiary or beneficiaries of FJANCW LLC throughout the Applicable Period.

- **Request No. 2 of the Subpoena requests:**

    **All documents concerning any transfer of any asset, including cash, from any Defendant to you.**

The following paragraph within the Request to Produce similarly requests:

102. Documents sufficient to show any transfer of any and all assets made by You and/or any Defendant totaling more than $10,000 U.S. Dollars to FJANCW LLC.

- **Request No. 4 of the Subpoena requests:**

    **Documents sufficient to identify each asset You owned, controlled, transferred, or received during the Applicable Period**

- **Request No. 5 of the Subpoena requests:**

  **Documents sufficient to identify the value of each asset You held or hold either directly or indirectly, or in whole or in part, during the Applicable Period**

- **Request No. 6 of the Subpoena requests:**

  **Your financial statements, including but not limited to, audited or unaudited annual financial statements, unaudited quarterly and other interim statements, including all schedules and exhibits, during the Applicable Period**

The portions of the Request to Produce which correspond to these three requests include:

94.    Documents sufficient to identify all assets owned, controlled, transferred or received by the FJANCW LLC.

95.    Documents concerning withdrawals, deposits, disbursements or gifts of any kind made by FJANCW LLC, including documents sufficient to identify the amount, the recipient and purpose of any such movement of funds or assets.

96.    Documents sufficient to identify all bank and brokerage accounts owned, controlled or in the name of FJANCW LLC.

97.    Documents concerning any bank or brokerage account owned, controlled or in the name of FJANCW LLC, including, but not limited to, bank account statements, ledgers, checks, and/or deposit and withdrawal records.

99.    Documents sufficient to show the sources of any funding provided to FJANCW LLC throughout the Applicable Period.

When the Trustee requested these documents in the Request to Produce, the Avellinos had the right to object to their production and did, in fact, object. Rather than bringing these objections before the Court within the context of the Adversary Proceeding, so that the safeguards of the Rules of Civil Procedure are employed, the Trustee took precisely the action for which the "pending proceeding" rule was invoked, and requested the same documents through a 2004 Examination of a third party.

This situation is analogous to that in *In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996). In that case, like the instant case, the trustee's adversary complaint alleged a "financial superweb." The Trustee in this case, too, has alleged "a web" of intertwined entities [DE 86 ¶178]. Because the Court recognized that the nonparty recipient of the 2004 subpoena and the parties were "not easily separable because of the complex relationship" between them, it found that a 2004 examination "would unavoidably and unintentionally create a back door through which the Trustee could circumvent the limitations of Fed.R.Bankr.P. 7026 *et seq.*, which are properly applied in this instance," and did not allow the 2004 Examination. *Id.* at 30.

Although the pending proceeding rule "does not apply to parties not affected by, and issues not raised in, pending adversary proceedings," *Enron* at 840 ( internal citations omitted), this limitation has no applicability in the instant case. The Trustee obviously intends to attempt to use these documents in the Adversary Proceeding, and believes that they will lead to the discovery of evidence related to the Adversary Proceeding, or he would not otherwise have requested them, made them an issue in that proceeding, and implicated the rights of FJAN in that proceeding. The Trustee made them an issue by requesting them, and the rights of FJAN will be affected by the Adversary Proceeding and the determination of the Avellinos' objections to the Request to Produce. The proceeding instituted by the Trustee cannot now be abandoned in order to deprive the Avellinos of their rights to contest the production of the documents; they must be afforded their right to be heard on the objections and the propriety of the Request to Produce.

**Improper Procedure Employed**

As set forth in the Motion to Quash which is being contemporaneously filed by FJAN in the Bankruptcy Court for the Southern District of Florida, the Trustee followed an improper

procedure in attempting to obtain the documents requested in the Subpoena. A copy of the motion is attached to the Declaration of Gary A. Woodfield as Exhibit C and, to the extent necessary, incorporated herein.

WHEREFORE, FRANK AND NANCY AVELLINO requests that this objection to the 2004 Subpoena be upheld and that the Trustee be prohibited from deposing or obtaining documents from FJAN through the use of Rule 2004.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notice of Electronic filing generated by CM/ECF.

                        Respectfully submitted,

/s/ Gary A. Woodfield
Gary A. Woodfield
Florida Bar No. 0563102
HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
Email: gwoodfield@haileshaw.com
*Counsel for Defendants*