HAILE, SHAW & PFAFFENBERGER, P.A.
660 U. S. Highway One, Third Floor
North Palm Beach, FL 33408
Tel: (561) 627-8100
Fax: (561) 622-7603
Gary A. Woodfield
*gwoodfield@haileshaw.com*

*Attorneys for Frank Avellino*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
_____/

In re:

BERNARD L. MADOFF,

Debtor.
_____/

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

        Plaintiff,

v.

FRANK AVELLINO, et al.,

        Defendants.
_____/

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-05421 (SMB)

A435.001-1/00494695 v2


EXHIBIT B

## DEFENDANT FRANK J. AVELLINO'S SECOND AMENDED RESPONSES TO TRUSTEE IRVING H. PICARD'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRANK AVELLINO

Defendant, Frank J. Avellino ("Avellino"), by and through his undersigned attorneys, provides this second amended response to Plaintiff Irving H. Picard's, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("Trustee" or "Plaintiff") First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the definition of "BLMIS" as vague and ambiguous. Defendant does not know who might be encompassed within "all affiliated persons and entitles" or the "affiliates of the above specifically identified person and entities." Based upon Defendant's understanding of such term, all responsive documents are being produced and no documents are being withheld.

2. Defendant objects to the designated time and place for production as unduly burdensome. Defendant has commenced production on a rolling basis and will seek to obtain agreement on the manner, method, time and place of such production. It is anticipated that complete production will be made within 60 days of the date of this response.

3. Defendant objects to the production of privileged communication and will not produce or log documents prepared by and/or received by Defendant, his counsel, his professionals and/or other agents that are not relevant and/or are protected by the attorney client privilege, the attorney work product doctrine and/or any other applicable privileges or protections.

Notwithstanding such objection, Defendant will produce a privilege log regarding his communication with Frank Brogan and Lisa Braden.

### SOURCES OF DOCUMENTS RESPONSIVE TO PLAITNIFF'S REQUEST

1. Documents from those files retained by Defendant involving his prior business and investments with BLMIS.

A435.001-1/00494695 v2                                  2

86.     Documents and communications concerning the purpose or objective of the Dianne and Michael Bienes Charitable Foundation Inc. throughout the Applicable Period.

Response:     Defendant has no responsive documents.

87.     Documents sufficient to identify the beneficiary or beneficiaries of the Dianne and Michael Bienes Charitable Foundation Inc. throughout the Applicable Period.

Response:     Defendant has no responsive documents.

88.     Documents concerning withdrawals, deposits, disbursements or gifts of any kind made by the Dianne and Michael Bienes Charitable Foundation, Inc., including documents sufficient to identify the amount, the recipient and purpose of any such movement of funds or assets.

Response:     Defendant has no responsive documents.

89.     Documents sufficient to identify all bank or brokerage accounts maintained by the Dianne and Michael Bienes Charitable Foundation, Inc.

Response:     Defendant has no responsive documents.

90.     Documents sufficient to identify all assets owned, controlled or transferred by the Dianne and Michael Bienes Charitable Foundation, Inc.

Response:     Defendant has no responsive documents.

91.     Documents sufficient to show any transfer of any asset from You and/or any Defendant to the Dianne and Michael Bienes Charitable Foundation Inc.

Response:     Defendant has no responsive documents.

92.     Documents sufficient to identify the settlor(s), creator(s), owner(s), officer(s), Board member(s), and/or interest holder(s) of FJANCW LLC throughout the Applicable Period.

Response:     Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper

invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

93. **Organizational documents for FJANCW LLC.**

**Response:** Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

94. **Documents sufficient to identify all assets owned, controlled, transferred or received by the FJANCW LLC.**

**Response:** Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

95. **Documents concerning withdrawals, deposits, disbursements or gifts of any kind made by FJANCW LLC, including documents sufficient to identify the amount, the recipient and purpose of any such movement of funds or assets.**

**Response:** Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

96.     Documents sufficient to identify all bank and brokerage accounts owned, controlled or in the name of FJANCW LLC.

Response:    Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

97.     Documents concerning any bank or brokerage account owned, controlled or in the name of FJANCW LLC, including, but not limited to, bank account statements, ledgers, checks, and/or deposit and withdrawal records.

Response:    Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

98.     Documents sufficient to identify the control person(s) of FJANCW LLC throughout the Applicable Period.

Response:    Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

99.     Documents sufficient to show the sources of any funding provided to FJANCW LLC throughout the Applicable Period.

<u>Response:</u>    Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

**100.    Documents and communications concerning the purpose or objective of FJANCW LLC throughout the Applicable Period.**

<u>Response:</u>    Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

**101.    Documents sufficient to identify the beneficiary or beneficiaries of FJANCW LLC throughout the Applicable Period.**

<u>Response:</u>    Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

**102.    Documents sufficient to show any transfer of any and all assets made by You and/or any Defendant totaling more than $10,000 U.S. Dollars to FJANCW LLC.**

<u>Response:</u>    Defendant objects to this request on grounds of relevance. Such information does not relate to a claim or defense in this action and constitutes an improper invasion into the personal finances of Defendant. There is no compelling need for production of

such personal and sensitive information and the production of these documents is not proportionate to the needs of the case under Rule 26(b)(1), Federal Rules of Civil Procedure.

103. **Any communications between You and/or any Defendant, on the one hand, and Lisa Braden, Glenn Dydo, Ruediger Theis, Reinhrad Wiesemann, Vania P. Alves, Frances Brogan and/or Ropes Associates Inc., on the other, relating to BLMIS, Madoff, or the transfer of any asset by You and/or any Defendant valued more than $10,000 U.S. Dollars.**

<u>Response:</u>    Defendant objects to the production of documents regarding communications with Lisa Braden and Frances Brogan on the grounds of attorney client privilege and is withholding production on that basis. Defendant has no responsive documents as to the remainder of this request.

104. **Communications between BLMIS and/or Madoff, on the one hand, and any Subsequent Transferee Defendant, on the other.**

<u>Response:</u>    Defendant will produce responsive documents.

105. **Documents concerning communications between BLMIS and/or Madoff, on the one hand, and any Subsequent Transferee Defendant, on the other.**

<u>Response:</u>    Defendant will produce responsive documents.

106. **Documents and communications concerning any fee or commission BLMIS and/or Madoff paid to You and/or any Defendant, including, but not limited, to management fees, professional fees, accounting fees, incentive fees, finder's fees, administrative fees, distribution fees, retrocession fees, performance fees or any other remuneration or compensation.**

<u>Response:</u>    Defendant is producing documents concerning all funds received from BLMIS. In doing so, Defendant does not admit or agree with Plaintiff's characterization of any such funds.