UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: _____

SECURITIES INVESTOR PROTECTION
CORPORATION,

                    Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.

_____/

In re:

BERNARD L. MADOFF,

Debtor.

_____/

Re:  No. 08-01789 (SMB) Bankr. S.D. N.Y.

SIPA LIQUIDATION

(Substantively Consolidated)

## NONPARTY'S MOTION TO QUASH SUBPOENA ISSUED IN PROCEEDING PENDING IN THE UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

    FJANCW, LLC, by and through its undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, files this Motion to Quash Subpoena, and as grounds therefore states as follows:

## FACTUAL BACKGROUND

    1.    FJANCW, LLC ("Movant") is a limited liability company organized and existing within the state of Florida with no offices or agents outside of the state of Florida.



EXHIBIT
C

2.    On June 8, 2019, Irving H. Picard, the Trustee in the case of In Re Bernard L. Madoff Investment Securities, LLC ("the Trustee"), pending in the United States Bankruptcy Court in and for the Southern District of New York (the Madoff Proceeding"), caused a Subpoena for Rule 2004 Examination to be served upon Movant ("the Subpoena").   A copy of the Subpoena is attached hereto as Exhibit A.

3.    The Subpoena purports to require Movant to produce all documents to counsel for the Trustee at an address in New York despite the fact that Movant is a Florida entity with no affiliation with the state of New York.

## LEGAL ANALYSIS

### Absence of Authority

The Trustee has no authority to require Movant to produce documents in New York, or to subject Movant to jurisdiction within the state of New York. Rule 45 of the Federal Rules of Civil Procedure ("the Rule") clearly limits the ability to require the production of documents by providing that a subpoena may command:

> production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person;

Fed. R. Civ. P. 45(c)(2)(A).[1] This limitation was imposed with the 2013 amendment to the Rule and, according to the Advisory Committee Notes related to the amendment, "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place *must* be selected under Rule 45(c)(emphasis added)." As further explained in the Advisory Notes: "Rule 45(d)(3)(A)(ii) *directs the court to quash* any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)(emphasis added). *See, also, Tomelleri v.*

---

[1] As acknowledged in the Subpoena itself, Fed. R. Bankr. P. 9016 makes the Rule applicable in bankruptcy proceedings.

*Zazzle, Inc.*, 13-CV-02576-EFM-TJJ, 2015 WL 400904 (D. Kan. Jan. 28, 2015)("subsections 45(d)(3)(A)(i)-(iv) of the Rule *require* the court to quash or modify a subpoena that (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (4) subjects a person to undue burden." *Id.* at \*2 (emphasis added)).

Pursuant to the Rule, the Trustee's only choice in issuing a subpoena for the production of documents is to order that production within 100 miles of where the person subpoenaed "regularly transacts business." The only place that compliance could have been required is within 100 miles of Movant's principal (only) place of business in Palm Beach County, Florida. Yet, in contravention of the explicit requirements of the Rule, the Trustee issued a subpoena which purports to require compliance in New York – well in excess of the 100 mile limitation.

The Notes to the 2013 Amendment confirm that one of the reasons for the new subsection is to protect nonparties from having to resolve issues in foreign jurisdictions: "To *protect local nonparties, local resolution of disputes about subpoenas is assured* by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)" (emphasis added).[2]

---

[2] To the extent that the Trustee attempted to make New York the place where "compliance is required" by designating New York as the jurisdiction where production is to be delivered, it had no authority to do so, and the Subpoena is ineffective for that reason as well. The Trustee cannot violate the Rule by requiring production ("compliance") in New York, then argue that the New York Court should determine this issue because compliance is required there. To bootstrap jurisdiction over the Movant in such a manner would result in the Trustee, in effect, amending the Rule.

**Confidential Financial Information**

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires the Court to quash or modify a subpoena which requires disclosure of privileged or other protected matter when, as in the instant case, no waiver applies.

As reflected in the Subpoena, it requests extensive information relative to every asset ever owned by Movant, including:

- "All documents concerning any transfer of any asset, including cash, from any defendant to you" (paragraph 2);

- "All documents concerning any funds you received that originated from BLMIS" (paragraph 3);

- "Documents sufficient to identify each asset You owned, controlled, transferred, or received during the Applicable Period" (paragraph 4);

- " Documents sufficient to identify the value of each asset You held or hold either directly or indirectly, in whole or in part, curing the Applicable Period" (paragraph 5); and

- All financial statements during the Applicable Period (paragraph 6).

There is no basis for the Trustee to request such confidential, financial information of Movant. Although the scope of Rule 2004 is broad and may include nonparties, it "may not be used as a device to launch into a wholesale investigation of a nondebtor's private business affairs." *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). Only "those persons possessing knowledge of debtor's acts, conduct or financial affairs so far as such knowledge relates to a debtor's bankruptcy proceeding" are subject to Rule 2004," *id* at 434; the "proper mode of discovery which ordinarily must be utilized against a third party who may be liable to

the bankruptcy estate for various wrongful acts is contained in the Federal Rules of Civil Procedure, which provide numerous procedural safeguards against unfairness to the party from which discovery is sought." *Id.* at 434. *See, also, In re Yahweh Ctr., Inc.*, 16-04306-5-JNC, 2017 WL 327473 (Bankr. E.D.N.C. Jan. 23, 2017)("per Rule 2004(b), particularly for information sought from third parties, requests must bear some relation 'to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.'" *Id.* at *2).

Not only is the invasive nature of the Subpoena impermissible when considering the general parameters of Rule 2004 and discovery in general, but it is violative of Florida's Constitutional Right against Invasion of Privacy. *See, e.g., Rosen v. McCobb*, 192 So. 3d 576, 578 (Fla. 4th DCA 2016) (upholding the right to privacy of closely-held corporations and partnerships owned by the debtor); *Frenkel v. Acunto*, 11-62422-CIV, 2014 WL 4680738, at *4 (S.D. Fla. Sept. 19, 2014).

**Pending Adversary Proceeding**

The Trustee has also previously requested the same documents requested in the Subpoena through Requests for Production of Documents served on Frank and Nancy Avellino, in an adversary proceeding filed within the Madoff Proceeding. Contemporaneously with this Motion to Quash, the Avellinos are filing an objection to the Subpoena by virtue of the fact, *inter alia*, that it is an attempt to circumvent the Federal Rules of Civil Procedure which must be followed when an adversary proceeding is pending. A copy of the Avellinos' Objection is attached as Exhibit B and, to the extent necessary, is incorporated herein.

**Unauthorized Requirements and Instructions**

The Subpoena also purports to require Movant to follow very specific instructions, including three pages entitled "Format of Production," which are different from, inconsistent with, and in addition to those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and other applicable rules and court orders, and would be burdensome and oppressive to follow.

Furthermore, the Instructions provided are ambiguous such that compliance is rendered difficult, if not impossible. By way of example, paragraph 4 purports to require, "unless otherwise specified," the production of "documents that were created, modified, or existing during the Applicable Period," yet "applicable period" is not defined, and every request either mentions no time period or the undefined "Applicable Period."

WHEREFORE, FJANCW, LLC requests this Court to quash the Subpoena served upon FJANCW, LLC.

DATED June 18, 2018.

Respectfully submitted,

/s/ Gary A. Woodfield
Gary A. Woodfield
Florida Bar No. 0563102
HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
Email: gwoodfield@haileshaw.com
*Counsel for Defendants*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of _New York_____

In re _Bernard L. Madoff Investment Securities, LLC_____    Case No. _08-01789 (SMB)_____

Debtor

Chapter _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _FJANWC, LLC, c/o Gary Woodfield, Esq., Haile, Shaw & Pfaffenberger, P.A., 660 Highway One, North Palm Beach, FL 33408_

(Name of person to whom the subpoena is directed)

☐ Testimony: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ Production: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
Documents described in Attachment A to this Subpoena.
The production of documents described in Attachment A to this subpoena must be completed either within 30 days of the service or by another reasonable time specifically identified in the response in accordance with Federal Rule of Civil Procedure 34(b)(2)(B). Please direct all productions to: Kathryn M. Zunno, Esq., Baker Hostetler, LLP, 45 Rockefeller Plaza, New York, NY 10111, kzunno@bakerlaw.com, (212) 589-4653

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _May 30, 2018_____

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, email address, and telephone number of the attorney representing (name of party)
_Irving H. Picard, Trustee_____ , who issues or requests this subpoena, are:

Kathryn M. Zunno, Esq., Baker Hostetler, LLP, 45 Rockefeller Plaza, New York, NY 10111, kzunno@bakerlaw.com, (212) 589-4653

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A**
**TO SUBPOENA TO FJANCW, LLC**

**DEFINITIONS**

1.    The rules of construction and definitions in Local Civil Rule 26.3 of the Local

Rules of the United States District Court for the Southern District of New York and this Court

(the "Local Rules"), as adopted in Rule 7026 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), are hereby incorporated by reference.  All defined terms, including those

defined in Local Rule 26.3, are capitalized herein.

2.    "You" and "Your" means FJANCW, LLC, also known as FJANCW LLLP, in any

capacity, and/or anyone acting on behalf of or at the direction of FJANCW, LLC, including but

not limited to any predecessors, predecessor-in-interest, successors, subsidiaries, affiliates,

current and former officers, directors, employees, partners, agents, representatives, and servants.

3.    "Applicable Period" means the period from the date of Your formation through

the present.

4.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, and all affiliated Persons and

entities, including, but not limited to, any officers, directors, agents, representatives, employees,

partners, parent companies, subsidiaries, predecessor or successor and related entities, and

affiliates of the above specifically identified Persons and entities.

5.    "Defendant" or "Defendants" means any current Defendant in the action *Picard v.*

*Frank Avellino, et al.*, Adv. Pro No. 10-05421 (SMB) (Bankr. S.D.N.Y. 2010), pending in the

United States Bankruptcy Court for the Southern District of New York, in any capacity, and/or

anyone acting on behalf of or at the direction of any Defendant, including but not limited to any

predecessors, predecessor-in-interest, successors, subsidiaries, affiliates, current and former

officers, directors, employees, partners, agents, representatives, and servants, and includes, but is not limited to, Frank J. Avellino; the Estate of Michael Bienes; Nancy C. Avellino; Dianne K. Bienes; Thomas G. Avellino; Avellino & Bienes; Avellino Family Trust; Avellino & Bienes Pension Plan & Trust; Grosvenor Partners, Ltd.; Mayfair Ventures, G.P.; Aster Associates; St. James Associates; Strattham Partners; Kenn Jordan Associates; Ascent, Inc.; Mayfair Bookkeeping Services, Inc.; 27 Cliff, LLC; the Avellino Family Foundation, Inc.; Rachel A. Rosenthal; Heather C. Lowles; Melanie A. Lowles; a Minor with the Initials S.A.; Frank J. Avellino Revocable Trust Number One as Amended and Restated January 26, 1990, as Amended; Frank J. Avellino Grantor Retained Annuity Trust Under Agreement Dated June 24, 1992; Frank J. Avellino Grantor Retained Annuity Trust Agreement Number 2 Under Agreement Dated June 24, 1992, as Amended; Frank J. Avellino Revocable Trust Number One Under the Declaration of Trust Number One Dated June 10, 1988, as Amended; Nancy Carroll Avellino Revocable Trust Under the Trust Agreement Dated May 18, 1992; Rachel Anne Rosenthal Trust U/A Dated June 29, 1990; Rachel Anne Rosenthal Trust #3; Heather Carroll Lowles Trust U/A Dated June 29, 1990; Tiffany Joy Lowles Trust U/A Dated June 29, 1990; Melanie Ann Lowles Trust U/A Dated June 29, 1990; Taylor Ashley McEvoy Trust U/A Dated June 24, 1992; Madison Alyssa McEvoy Trust U/A Dated June 29, 1990; and S.A. Grantor Retained Annuity Trust.

6.     "Madoff" means Bernard L. Madoff in any capacity, and/or anyone acting on behalf of Bernard L. Madoff.

7.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper

meaning and consistency to the Requests for Production of Documents set forth herein (the "Request" or "Requests").

8.    Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## INSTRUCTIONS

1.    All provisions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Local Rule 26.3, as adopted by Rule 7026-1 of the Bankruptcy Rules, apply to these Requests.

2.    In accordance with Federal Rule 34(b)(2)(B), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3.    In accordance with Federal Rule 34(b)(2)(B), the production must be completed either within 30 days of the service of these requests or by another reasonable time specifically identified in the response.  When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4.    Unless otherwise specified, produce documents that were created, modified, or existing during the Applicable Period.

5.    If any document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such document, You must provide a log that:

a)    Identifies the type, title and subject matter of the document;

b)    Identifies all authors, addressees, and recipients of the document (including CCs and BCCs), with descriptive information about such Persons to assess the privilege asserted; and

c)    Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

6.    Do not redact documents for any reason other than privilege. If documents are produced with redactions, a log setting forth the information requested in Instruction No. 5 above must be provided. The Trustee will accept documents not designated confidential under the Litigation Protective Order, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Madoff)*, Adv. Pro. No. 08-01789 (BRL) (Bankr. S.D.N.Y. June 6, 2011), ECF No. 4137 (the "June 6, 2011 Litigation Protective Order") with redactions for personally identifiable information, provided that You also produce an unredacted version of the document designated confidential.

7.    Certain instructions for production of documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013: (i) Order Establishing Procedures for Third-Party Data Rooms, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, Adv. Pro. No. 08-1789 (BRL) (Bankr. S.D.N.Y. Sep. 17, 2013), ECF No. 5475-1 (the "Order Establishing Procedures for Third-Party Data Rooms"); and (ii) Order Modifying the June 6, 2011 Litigation Protective Order, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (BRL) (Bankr. S.D.N.Y. Sep. 17, 2013), ECF No. 5474.

Pursuant to those Orders, upon production, producing parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

i. the documents (listed in an Excel file document-by-document by beginning Bates and ending Bates for each document) that are designated as confidential pursuant to the Litigation Protective Order;

ii. the documents (listed in an Excel file document-by-document by beginning Bates and ending Bates for each document) that are designated confidential pursuant to an individual confidentiality standard, if applicable;

iii. the documents (listed in an Excel file document-by-document by beginning Bates and ending Bates for each document) that should be excluded from the Third-Party Data Rooms (as defined in the Order Establishing Procedures for Third-Party Data Rooms); and

iv. the designated representative authorized for that production to provide consent to the disclosure of confidential documents requested or to object to the disclosure of confidential documents.

Failure to provide such information in a production cover letter shall result in a waiver by the producing parties of:

i. any confidential designations;

ii. any objections to inclusion of the documents in the Third-Party Data Rooms (as defined in the Order Establishing Procedures for Third-Party Data Rooms); and/or

iii. notification that documents have been requested for disclosure.

For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing

Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6,

2011 Litigation Protective Order, Paragraphs 7 and 14 of the Litigation Protective Order

continue to govern with respect to:

i.   inadvertent failure to designate confidential material as confidential or incorrect

designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

ii.  inadvertent production or disclosure of any document or other material otherwise

protected by the attorney-client privilege, work-product protection or a joint

defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1.      All documents produced to the Trustee shall be provided in either native file

("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified

below, along with appropriately formatted industry-standard database load files, and

accompanied by true and correct copies or representations of unaltered attendant metadata.

Where documents are produced in tiff format, each document shall be produced along with a

multi-page, document-level searchable text file ("searchable text") as rendered by an industry-

standard text extraction program in the case of electronic originals, or by an industry-standard

Optical Character Recognition ("ocr") program in the case of scanned paper documents.

Searchable text of documents shall not be produced as fielded data within the ".dat file" as

described below.

2.      Database load files and production media structure:  Database load files shall

consist of:  (i) a comma-delimited values (".dat") file containing production document identifier

information, data designed to preserve "parent and child" relationships within document

"families," reasonably accessible and properly preserved metadata (or bibliographic coding in the case of paper documents), custodian or document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a confidential field within the load file, with a "yes" or "no" indicating whether the document has been designated as confidential, as well as native file loading/linking information (where applicable).

3.    _Electronic Documents and data, generally_:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the document's true and original content.

4.    _Emails and attachments, and other email account-related Documents_:  All documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including, but not limited to, Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly,

accurately, and completely represents each document in such a manner as to make the document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5. <u>Documents and data created or stored in or by structured electronic databases</u>: With the exclusion of email and email account-related documents and data, all documents and accompanying metadata created and/or stored in structured electronic databases or files shall be produced in a format that enables the Trustee to reasonably manage and import those documents into a useable, coherent database. Documents must be accompanied with reasonably detailed documentation explaining each document's content and format, including, but not limited to, data dictionaries and diagrams. Some acceptable formats, if and only if provided with definitive file(s), table(s), and field level schemas include:

a)      XML format file(s);

b)      Microsoft SQL database(s);

c)      Access database(s); and/or

d)      fixed or variable length ASCII delimited files.

6. <u>Spreadsheets, multimedia, and non-standard file types</u>: All documents generated or stored in software such as Microsoft Excel or other commercially available spreadsheet programs, as well as any multimedia files such as audio or video, shall be produced in their native format, along with an accompanying placeholder image in tiff format indicating a native file has been produced. A "Nativelink" entry shall be included in the .dat load file indicating the relative file path to each native file on the production media. To the extent the party has other file types that do not readily or easily and accurately convert to tiff and searchable text, the party may elect to produce those files in native format subject to the other requirements listed herein.

Native files may be produced within a separate root-level folder structure on deliverable media entitled "Natives."

7.   "Other" electronic Documents:  All other documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.   Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between documents shall be identified within the .dat file utilizing document identifier numbers to express parent document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

Documents sufficient to show Your organization, formation, ownership, structure, officers, directors, control persons, and purpose, including, but not limited to, articles of incorporation, memoranda, articles of association and corporate filings, including federal, state or local government or agency filings.

### REQUEST NO. 2

All Documents Concerning any transfer of any asset, including cash, from any Defendant to You.

### REQUEST NO. 3

All Documents Concerning any funds You received that originated from BLMIS.

### REQUEST NO. 4

Documents sufficient to identify each asset You owned, controlled, transferred, or

received during the Applicable Period.

## REQUEST NO. 5

Documents sufficient to identify the value of each asset You held or hold either directly or indirectly, or in whole or in part, during the Applicable Period.

## REQUEST NO. 6

Your financial statements, including but not limited to, audited or unaudited annual financial statements, unaudited quarterly and other interim statements, including all schedules and exhibits, during the Applicable Period.

## REQUEST NO. 7

All Documents Concerning BLMIS and/or Madoff.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

       Plaintiff,

       v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

       Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

## ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF WITNESSES

      This matter came before the Court on the motion (the "Motion")[1] of Irving H. Picard, Esq. ("Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"), for an order authorizing the Trustee to compel the production of documents and the testimony of witnesses through the issuance of Rule 2004 Subpoenas without further order of the Court and establishing procedures in connection with such subpoenas, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein; and it appearing that the relief requested by the Motion is necessary and in the best interests of the estate, its customers, its creditors, and all parties in interest; and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the Trustee articulated good cause for the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings before the Court and after due deliberation,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      The Trustee hereby is authorized to issue and serve Rule 2004 Subpoenas for examinations pursuant to Bankruptcy Rule 2004 without further order of the Court.

3.      The Trustee shall serve each Rule 2004 Subpoena and a copy of the order entered pursuant to this Motion on (i) the target of the Rule 2004 Subpoena, (ii) SIPC, (iii) the SEC, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York.

4.      The Trustee shall cooperate fully with the U.S Department of Justice, and any other federal agency designated by them (collectively, the "Government"), in any matter that the Government is currently or in the future may be investigating regarding the Debtor, its management or its financial condition.  The Trustee shall use best efforts to coordinate with the Government in order to avoid unnecessary interference with any investigations conducted by the Government.  The Trustee will follow a reasonable protocol to be established jointly with the Government for the sharing of information and such sharing shall be subject to appropriate conditions to protect the Debtor's estate, including but not limited to, the preservation of the attorney-client privilege and protections of the work product doctrine.  If the Trustee and the Government disagree as to the appropriateness of a proposed action to be taken pursuant to this Order, the Trustee reserves the right to seek a determination from the Court.

5.      The Trustee shall file with the Court an affidavit or declaration of service for each Rule 2004 Subpoena he serves.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

6.    Recipients of a Rule 2004 Subpoena and any party in interest shall have ten (10) days after any Rule 2004 Subpoena is served to object to and/or seek to quash such Rule 2004 Subpoena.

7.    Recipients of a Rule 2004 Subpoena are directed to produce, on a rolling basis, all responsive documents within ten (10) days of the service of the subpoena (unless otherwise agreed by the Trustee), subject to any documents withheld under a claim of privilege.

8.    If a witness withholds any documents based upon a claim of privilege, the witness shall provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 7026(a)(5), within ten (10) days of the service of a subpoena upon that witness (unless otherwise agreed by the Trustee).

9.    Recipients of a Rule 2004 Subpoena are directed to submit to oral examination upon reasonable notice and, absent other agreement with the Trustee, in no event more than fifteen (15) days from the service of a deposition subpoena upon the recipient of said subpoena.

10.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       January 12, 2009


                    /s/ BURTON R. LIFLAND
                    UNITED STATES BANKRUPTCY JUDGE

HAILE, SHAW & PFAFFENBERGER, P.A.
660 U. S. Highway One, Third Floor
North Palm Beach, FL 33408
Tel: (561) 627-8100
Fax: (561) 622-7603
Gary A. Woodfield
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
-------------------------------------------------------x

In re:

BERNARD L. MADOFF,

Debtor.
-------------------------------------------------------x

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## **OBJECTION TO SUBPOENA FOR RULE 2004 EXAMINATION**



EXHIBIT
B

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| Notice of Motion | 1 |
| Factual Basis | 1 |
| LEGAL ANALYSIS | 2 |
| Good Cause | 2 |
| It is Improper to Use a 2004 Examination While an Adversary Proceeding is Pending | 4 |
| Improper Procedure Employed | 7 |

## TABLE OF AUTHORITIES

**CASES**

*In Re Bennett Funding Group, Inc.,* 203 B.R. 24 (Bankr. N.D.N.Y. 1996) ........................ 4, 7

*In Re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702 (Bankr. S.D.N.Y. 1991) ................ 4

*In Re Enron Corp.* 281 B.R. 836 (Bankr. S.D.N.Y. 2002) ............................................. 3, 4, 7

*In Re Silverman*, 36 B.R. 254 (Bankr. S.D.N.Y. 1984) ................................................. 3

*In Re Sunedison, Inc.,* 572 B.R. 482, (Bankr. S.D.N.Y. 2017) ....................................... 3

*Matter of Wicher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985) ............................................... 3

**Rules**

Federal Rules of Civil Procedure 34 .......................................................................... 1

Federal Rules of Civil Procedure 45 .......................................................................... 1

Bankruptcy Rules of Procedure 7034 ........................................................................ 1

Bankruptcy Rules of Procedure 9016 ........................................................................ 1

Bankruptcy Rules of Procedure 2004 ......................................................... 1, 2, 3, 4, 8

Federal Rule of Bankruptcy Procedure ...................................................................... 7

A435.001-1/00622764 v1

PLEASE TAKE NOTICE that Frank and Nancy Avellino (the "Avellinos"), Defendants in the Adversary Proceeding pending as Case No. 10-05421 (SMP) ("the Adversary Proceeding"), pursuant, *inter alia*, to Federal Rules of Civil Procedure 34 and 45 and Bankruptcy Rules of Procedure 7034 and 9016, object to the Subpoena for Rule 2004 Examination issued by the Trustee to FJANCW, LLC ("FJAN"). In support of this objection, the Avellinos state, as set forth more fully in the Legal Analysis set forth below and the Declaration of Gary A. Woodfield which are incorporated herein as if set forth fully:

<u>FACTUAL BASIS</u>

1.     On May 30, 2018, the Trustee issued a subpoena to FJAN for the production of documents pursuant to a Rule 2004 Examination ("the Subpoena"). A copy of the Subpoena is attached to the Declaration of Gary A. Woodfield as Exhibit A.

2.     FJAN is a limited liability company formed, under the laws of the state of Florida, as a conversion from FJANCW, LLP, also an entity formed and existing with the State of Florida. Neither entity has ever had any offices, managers or members who are residents of the state of New York.

3.     Through the Subpoena, the Trustee seeks to obtain from FJAN complete financial information, including documents relating to all assets that it has ever owned.

4.     On May 9, 2017 in the Adversary Proceeding, the Trustee propounded his First Set of Requests for Production of Documents upon each of the Avellinos ("the Request for Production"). As set forth with specificity below, the Trustee requested through those Requests for Production the same documents requested in the Subpoena.

5.     On March 14, 2018, the Avellinos objected to the requests for documents of and relating to FJAN [Declaration of Gary A. Woodfield, Exhibit B[1]].

6.     Between 2004 subpoenas which were served upon Frank and Nancy Avellino before the Adversary Proceeding and documents provided within the Initial Disclosures, the Avellinos have already produced thousands of documents to the Trustee, including – as evidenced in the Trustee's Amended Complaint in the Adversary Proceeding - documents which disclose the disposition of all funds received from BLMIS. [DE 86]

7.     FJAN never had any nexus whatsoever to BLMIS or Bernard Madoff; had no involvement in recommending investors – directly or indirectly – to BLMIS, received no funds originating from BLMIS, has no knowledge of BLMIS's financial affairs, and, therefore, no documents concerning BLMIS or Madoff.

## LEGAL ANALYSIS

### Good Cause

The Trustee, in issuing the Subpoena, relied upon a 2009 Order Granting Authority to Issue Subpoenas (the "Order"). [Declaration, Exhibit A]   Yet the Order cannot negate the Trustee's burden, or the Avellinos' rights in the adversary proceeding to contest the propriety of the discovery request.  In fact, as set forth in the Trustee's motion upon which the Order is based, "[n]othing in the Motion or the proposed order granting the Motion limits the rights of any witness or other party under applicable law to object to or oppose any subpoena the Trustee may serve upon such witness." [D.E. 22 ¶ 18]

Before a subpoena for a 2004 examination may be issued, the movant must obtain a court order, which can only be entered upon a showing of good cause.  Rule 2004(a),

---

[1] The identical relevant documents were requested of both Avellinos; one Request to Produce is attached.

Bankruptcy Rule of Civil Procedure; *In re Sunedison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y.

2017). Although 2004 orders may be issued ex parte, once an objection is made, the burden is

upon the one requesting the examination to show good cause. *Matter of Wilcher*, 56 B.R. 428,

434(Bankr. N.D. Ill. 1985), citing *In Re Silverman*, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

*See, also, In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002) (Despite the breadth of

Bankruptcy Rule 2004, "it must *first* be determined that the examination is proper." *Id.* at 842;

internal citations omitted).    The reason for imposing this burden upon the movant is obvious

as an order entered with no notice to the Avellinos (and before they were involved in this

proceeding in any capacity) cannot be used to negate their rights in the adversary proceeding

currently pending against them.   Nor can a generic order entered nine years ago be used to

automatically establish good cause as to individual 2004 targets, regardless of the situation.

The Trustee has not even attempted to show good cause for obtaining these documents

from FJAN and, given the facts of this case, cannot do so.

"Although Rule 2004 permits examination of third parties, language of the rule makes it

evident that examination may be had only of those persons possessing knowledge of debtor's

acts, conduct or financial affairs so far as such knowledge relates to a debtor's bankruptcy

proceeding."   *Wilcher*, 56 B.R. at 434 (internal citations omitted).   FJAN has no such

knowledge.   Nor are the requested documents necessary to establish the Trustee's claim, as

would also be a requirement of establishing good cause. *Sunedison* at 489.

"The burden of showing good cause is an affirmative one;" neither relevance alone

nor "a showing that justice would not be impeded by production of the documents"

constitutes good cause for requiring the production of documents pursuant to Rule 2004.

*In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).[2]

## It is Improper to Use a 2004 Examination While an Adversary Proceeding is Pending

Rather than addressing the merits of the Avellinos' objection to the Request to Produce, and wait for a ruling on the objection, the Trustee is trying to obtain the same documents through an end run which would circumvent the applicable rules of procedure governing adversary proceedings.

The rule is "well recognized" that "once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Enron at* 840.

This "pending proceeding" rule is based upon the difference between the "broad ... nature of the Rule 2004 exam and the more restrictive nature of discovery under [the Federal Rules of Civil Procedure]." *Id.* at 840-841. Quoting from several other cases and treatises, *the Enron* Court explained that courts usually do not allow Rule 2004 examinations "as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure". . . , and that "the party requesting an examination is likely seeking to avoid the procedural safeguards of [the Federal Rules of Civil Procedure]"). *Id* at 841 (internal citations omitted).

It is apparent that the avoidance of the "procedural safeguards of the Federal Rules of Civil Procedure" is exactly what the Trustee is attempting to do in this case. A comparison of the documents requested in the Adversary Proceeding and in the 2004 Subpoena is all that is required to reach this conclusion:

---

[2] While *Drexel* held that cases brought by Trustees would not prevent a 2004 examination, the subsequent case of *In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996), among others, rejected that premise.

- **Request No. 1 of the Subpoena requests:**

    **Documents sufficient to show Your organization, formation, ownership, structure, officers, directors, control persons, and purpose, including but not limited to, articles of incorporation, memoranda, articles of association and corporate filings, including federal, state or local government or agency filings.**

The corresponding requests within the Request to Produce are found in the following designated paragraphs:

92.   Documents sufficient to identify the settlor(s), creator(s), owner(s), officer(s), Board member(s), and/or interest holder(s) of FJANCW LLC throughout the Applicable Period.

93.   Organizational documents for FJANCW LLC.

98.   Documents sufficient to identify the control person(s) of FJANCW LLC throughout the Applicable Period.

100.   Documents and communications concerning the purpose or objective of FJANCW LLC throughout the Applicable Period.

101.   Documents sufficient to identify the beneficiary or beneficiaries of FJANCW LLC throughout the Applicable Period.

- **Request No. 2 of the Subpoena requests:**

    **All documents concerning any transfer of any asset, including cash, from any Defendant to you.**

The following paragraph within the Request to Produce similarly requests:

102.   Documents sufficient to show any transfer of any and all assets made by You and/or any Defendant totaling more than $10,000 U.S. Dollars to FJANCW LLC.

- **Request No. 4 of the Subpoena requests:**

    **Documents sufficient to identify each asset You owned, controlled, transferred, or received during the Applicable Period**

- Request No. 5 of the Subpoena requests:

  **Documents sufficient to identify the value of each asset You held or hold either directly or indirectly, or in whole or in part, during the Applicable Period**

- Request No. 6 of the Subpoena requests:

  **Your financial statements, including but not limited to, audited or unaudited annual financial statements, unaudited quarterly and other interim statements, including all schedules and exhibits, during the Applicable Period**

The portions of the Request to Produce which correspond to these three requests include:

94.     Documents sufficient to identify all assets owned, controlled, transferred or received by the FJANCW LLC.

95.     Documents concerning withdrawals, deposits, disbursements or gifts of any kind made by FJANCW LLC, including documents sufficient to identify the amount, the recipient and purpose of any such movement of funds or assets.

96.     Documents sufficient to identify all bank and brokerage accounts owned, controlled or in the name of FJANCW LLC.

97.     Documents concerning any bank or brokerage account owned, controlled or in the name of FJANCW LLC, including, but not limited to, bank account statements, ledgers, checks, and/or deposit and withdrawal records.

99.     Documents sufficient to show the sources of any funding provided to FJANCW LLC throughout the Applicable Period.

When the Trustee requested these documents in the Request to Produce, the Avellinos had the right to object to their production and did, in fact, object.   Rather than bringing these objections before the Court within the context of the Adversary Proceeding, so that the safeguards of the Rules of Civil Procedure are employed, the Trustee took precisely the action for which the "pending proceeding" rule was invoked, and requested the same documents through a 2004 Examination of a third party.

This situation is analogous to that in *In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996). In that case, like the instant case, the trustee's adversary complaint alleged a "financial superweb." The Trustee in this case, too, has alleged "a web" of intertwined entities [DE 86 ¶178]. Because the Court recognized that the nonparty recipient of the 2004 subpoena and the parties were "not easily separable because of the complex relationship" between them, it found that a 2004 examination "would unavoidably and unintentionally create a back door through which the Trustee could circumvent the limitations of Fed.R.Bankr.P. 7026 *et seq.*, which are properly applied in this instance," and did not allow the 2004 Examination. *Id.* at 30.

Although the pending proceeding rule "does not apply to parties not affected by, and issues not raised in, pending adversary proceedings," *Enron* at 840 ( internal citations omitted), this limitation has no applicability in the instant case. The Trustee obviously intends to attempt to use these documents in the Adversary Proceeding, and believes that they will lead to the discovery of evidence related to the Adversary Proceeding, or he would not otherwise have requested them, made them an issue in that proceeding, and implicated the rights of FJAN in that proceeding. The Trustee made them an issue by requesting them, and the rights of FJAN will be affected by the Adversary Proceeding and the determination of the Avellinos' objections to the Request to Produce. The proceeding instituted by the Trustee cannot now be abandoned in order to deprive the Avellinos of their rights to contest the production of the documents; they must be afforded their right to be heard on the objections and the propriety of the Request to Produce.

**Improper Procedure Employed**

As set forth in the Motion to Quash which is being contemporaneously filed by FJAN in the Bankruptcy Court for the Southern District of Florida, the Trustee followed an improper

procedure in attempting to obtain the documents requested in the Subpoena.  A copy of the motion is attached to the Declaration of Gary A. Woodfield as Exhibit C and, to the extent necessary, incorporated herein.

WHEREFORE, FRANK AND NANCY AVELLINO requests that this objection to the 2004 Subpoena be upheld and that the Trustee be prohibited from deposing or obtaining documents from FJAN through the use of Rule 2004.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notice of Electronic filing generated by CM/ECF.

Respectfully submitted,

/s/ Gary A. Woodfield
Gary A. Woodfield
Florida Bar No. 0563102
HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
Email: gwoodfield@haileshaw.com
*Counsel for Defendants*