UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant.<br>In re:<br>BERNARD L. MADOFF,<br>        Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

### DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S REPLY TO THE OBJECTION OF PETER MOSKOWITZ TO THE TRUSTEE'S TWELFTH OMNIBUS MOTION TO DISALLOW CLAIMS AND OVERRULE OBJECTIONS OF CLAIMANTS WHO HAVE <u>NO NET EQUITY</u>

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff.

    2.    I submit this Declaration in support of the Trustee's Reply (the "Reply") in Opposition to the Objection of Peter Moskowitz to the Trustee's Twelfth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity (the "Motion").[1]

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion and Reply.

3.  As set forth in the Declaration of Vineet Sehgal in Support of the Trustee's Twelfth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity (ECF No. 17238), in December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

4.  I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

5.  On February 26, 2009, Mr. Moskowitz filed a customer claim with the Trustee, which the Trustee designated as claim no. 003998. Attached hereto as Exhibit 1 is a true and correct copy of claim no. 003998.

6.  On March 2, 2009, Mr. Moskowitz filed a second, duplicate claim, which the Trustee designated as claim no. 004713. Attached hereto as Exhibit 2 is a true and correct copy of claim no. 004713.

7.  Claim no. 003998 and claim no. 004713 (jointly, the "Claims") relate to the customer account held at BLMIS on Mr. Moskowitz's behalf, which BLMIS had assigned account no. 1ZR135 (the "Account").

8. On October 19, 2009, the Trustee issued a letter determination denying the Claims on the basis that Mr. Moskowitz had withdrawn $499,003.98 more from BLMIS than he had deposited and therefore did not have any net equity in the Account under the Net Investment Method (the "Determination Letter"). Attached hereto as Exhibit 3 is a true and correct copy of the Determination Letter.

9. As reflected in the Determination Letter, even if Mr. Moskowitz were to have two accounts at BLMIS as he alleges, Mr. Moskowitz would have had negative net equity in each account because by 1998 he had withdrawn more than he had deposited in the Account. In addition, if each purported account was calculated independently in accordance with the Net Investment Method, each would be a net winner.

10. On December 1, 2009, Mr. Moskowitz, through counsel, filed an objection to the Determination Letter (the "Objection to Determination") (ECF No. 1030). Attached hereto as Exhibit 4 is a true and correct copy of the Objection to Determination.

11. For purposes of the Motion, the Trustee selected seventeen (17) objections and twenty four (24) claims, including the Objection to Determination and Claims filed by Mr. Moskowitz.

12. On June 1, 2018, Mr. Moskowitz filed the Objection.

13. In preparing the Motion and the Reply, AlixPartners and counsel to the Trustee conducted a review of BLMIS's books and records with respect to Mr. Moskowitz and the Account. BLMIS's books and records reflect the following:

   a. The Account is the only BLMIS account held by or on behalf of Mr. Moskowitz.

   b. Mr. Moskowitz executed certain agreements with BLMIS in connection with opening the Account. Attached hereto as Exhibit 5, are true and correct copies of

3

      the Trading Authorization Limited to Purchases and Sales of Securities and Customer Agreement, respectively, for the Account.

    c. During the Account's existence, BLMIS sent Mr. Moskowitz customer statements for his Account. Attached hereto as Exhibit 6, are true and correct copies of customer statements for the Account dated December 1997 and March 1998.

    d. BLMIS did not hold or trade any legitimate securities in the Account.

    e. BLMIS did not hold or trade customer name securities on behalf of Mr. Moskowitz.

    f. RAI directed BLMIS to hold all securities for the Account in street name, unless directed otherwise. Attached hereto as Exhibit 7, is a true and correct copy of a letter dated, December 28, 1992 from RAI to BLMIS directing BLMIS to hold all securities for the Account in street name.

    g. BLMIS was not directed by Mr. Moskowitz to hold or trade customer name securities on his behalf.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2018
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022