**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Carol Nelson and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION CORPORATION,

         Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

         Defendant.

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

## WITHDRAWAL OF OBJECTION TO TRUSTEE'S DETERMINATION OF SIPC CLAIM

Notice is hereby given that Carol Nelson and Stanley Nelson (the "Nelsons") withdraw the objection to the Trustee's determination of SIPC claim they filed in this case. The Nelsons believe that their claim was expunged, and objection to the Trustee's determination of claim fully adjudicated, based upon the following facts:

1. In November 2009, the Nelsons filed an objection to the Trustee's Determination Letter on the basis that their net equity should be defined based on the Last Statement Method, as expressly required under SIPA. *See* the Nelsons' Objection, ECF No. 647. The Nelsons' objection was based on the Trustee's methodology for calculating net equity.

2. Pursuant to the bankruptcy court's "Order Scheduling Adjudication of 'Net Equity' Issue," entered on September 16, 2009, (the "Scheduling Order," ECF No. 437)

the bankruptcy court set a hearing date of February 2, 2010 "to address whether Net Equity, as defined by SIPA, is calculated using the Net Investment Method or Last Statement Method." *The Net Equity Decision*, 424 B.R. 122, 126 (Bankr. S.D.N.Y. 2010), *aff'd,* 654 F.3d 229 (2d Cir. 2011).

3. Pursuant to the Scheduling Order and the Claims Procedures Order, the Trustee made a motion in the bankruptcy court seeking an order: (1) upholding the Trustee's determination denying customer claims based on the Last Statement Method; (2) affirming the Trustee's determination of net equity based on the Net Investment Method; and (3) expunging objections to the Trustee's determinations of net equity claims filed by a certain group of claimants, in which the Nelsons were expressly included. *Net Equity Decision*, 424 B.R. at 123. The bankruptcy court upheld the Trustee's determination to deny customer claims based on the Last Statement Method; upheld the Trustee's selection of the Net Investment Method; and expunged the Nelsons' objection. *Id*. at 143. The Second Circuit affirmed Judge Lifland's decision. *See Net Equity Decision*, 654 F.3d 229 (2d Cir. 2011). The Supreme Court denied *certiorari*. 133 S. Ct. 24, 25 (2012).

4. Thus, the Nelsons' claim was fully and finally resolved. *See Net Equity Decision*, 424 B.R. 122, 124, 143 (S.D.N.Y. Bankr. 2010) (Lifland, J.), *aff'd* 654 F.3d 229, 242 (2d Cir.); Appendix 1 to the *Net Equity Decision*, listing objecting claimants, ECF No. 1999 (March 1, 2010); *see also* Certification of Helen Davis Chaitman in Opposition to the Trustee's Motion for an Order Approving the Trustee's Re-Definition of "Net Equity" Under the Securities Investor Protection Act, Adv. Pro. No. 08-01789, ECF No. 761-0, 761-1 (Nov. 13, 2009); *see also* Notice of Appeal to the Second Circuit in the *Net Equity*

*Decision*, Adv. Pro. No. 08-01789, ECF No. 2048-0, ECF No. 2048-1 (March 19, 2010) (listing the Nelsons).

5. Indeed, in the six years since the Supreme Court denied *certiorari* in 2012, the Trustee has taken no action in the bankruptcy court with respect to the Nelsons' claim, indicating that the Trustee believes the Nelsons have no unresolved objection to the Trustee's determination of their SIPC claim. If he believed that the Nelsons have an unresolved objection to his determination of their SIPC claim, he has breached the fundamental requirement under SIPA that the Trustee "provide for prompt payment and satisfaction of net equity claims of customers." 15 U.S.C. Section 78-fff-3.

6. The Trustee argues that the Nelsons' SIPC claim specifically raises the allegation that the Trustee has inappropriately asserted "fraudulent conveyance judgment[s] for sums that were transferred" into their BLMIS accounts beyond the statute of limitations period applicable" and "solely for SIPC's benefit." The Trustee claims that the "Omnibus Motions" did not deal with this issue. However, as the Trustee knows, this issue was fully and finally decided against the Nelsons by the Second Circuit in *Matter of Bernard L. Madoff Investment Securities LLC,* 697 Fed. Appx. 708 (2d Cir. 2017).

7. In addition, the Trustee argues that the Nelsons' SIPC claim specifically raises the issue that federal ERISA law protects from avoidance certain withdrawals from IRA accounts. However, this issue relates to the fraudulent transfer actions and not to the claims allowance process. And it has also has been fully and finally resolved. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 476 B.R. 715, 729 (S.D.N.Y. 2012), *aff'd sub nom.* 773 F.3d 411 (2d Cir. 2014) (holding that transfers from IRA accounts are not exempt from avoidance).

8. Since the Trustee is now claiming, contrary to the record, that the Nelsons' SIPC claim and objection are unresolved, the Nelsons withdraw their objection to remove any possible doubt.

Dated: New York, New York
June 27, 2018

**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Carol Nelson and Stanley Nelson*

## **CERTIFICATE OF SERVICE**

I, Helen Davis Chaitman, hereby certify that I caused a true and correct copy of the foregoing document to be served upon the parties in this action who receive electronic service through CM/ECF and by email upon:

> David J. Sheehan, Esq.
> Baker & Hostetler, LLP
> 45 Rockefeller Plaza, 11th Floor
> New York, NY 10111
> 212-589-4616
> dsheehan@bakerlaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        June 27, 2018                             */s/ Helen Davis Chaitman*