**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Carol Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

### WITHDRAWAL OF OBJECTIONS TO TRUSTEE'S DETERMINATION OF SIPC CLAIMS

Notice is hereby given that Carol Nelson withdraws the objections to the Trustee's determination of SIPC claims she filed in this case. Nelson believes that her claims were expunged, and objections to the Trustee's determination of claims fully adjudicated, based upon the following facts:

1. In November 2009, Nelson filed objections to the Trustee's Determination Letters on the basis that her net equity should be defined based on the Last Statement Method, as expressly required under SIPA. *See* Nelson's Objections, ECF Nos. 646 and 648. Nelson's objections were based on the Trustee's methodology for calculating net equity.

{00036708 1}

2. Pursuant t to the bankruptcy court's "Order Scheduling Adjudication of 'Net Equity' Issue," entered on September 16, 2009, (the "Scheduling Order," ECF No. 437) the bankruptcy court set a hearing date of February 2, 2010 "to address whether Net Equity, as defined by SIPA, is calculated using the Net Investment Method or Last Statement Method." *The Net Equity Decision*, 424 B.R. 122, 126 (Bankr. S.D.N.Y. 2010), *aff'd,* 654 F.3d 229 (2d Cir. 2011).

3. Pursuant to the Scheduling Order and the Claims Procedures Order, the Trustee made a motion in the bankruptcy court seeking an order: (1) upholding the Trustee's determination denying customer claims based on the Last Statement Method; (2) affirming the Trustee's determination of net equity based on the Net Investment Method; and (3) expunging objections to the Trustee's determinations of net equity claims filed by a certain group of claimants, in which Nelson was expressly included. *Net Equity Decision*, 424 B.R. at 123. The bankruptcy court upheld the Trustee's determination to deny customer claims based on the Last Statement Method; upheld the Trustee's selection of the Net Investment Method; and expunged Nelson's objections. *Id*. at 143. The Second Circuit affirmed Judge Lifland's decision. *See Net Equity Decision*, 654 F.3d 229 (2d Cir. 2011). The Supreme Court denied *certiorari*. 133 S. Ct. 24, 25 (2012).

4. Thus, Nelson's claims and objections were fully and finally resolved. *See Net Equity Decision*, 424 B.R. 122, 124, 143 (S.D.N.Y. Bankr. 2010) (Lifland, J.), *aff'd* 654 F.3d 229, 242 (2d Cir.); Appendix 1 to the *Net Equity Decision*, listing objecting claimants, ECF No. 1999 (March 1, 2010); *see also* Certification of Helen Davis Chaitman in Opposition to the Trustee's Motion for an Order Approving the Trustee's Re-Definition of "Net Equity" Under the Securities Investor Protection Act, Adv. Pro. No. 08-01789,

{00036708 1}

ECF No. 761-0, 761-1 (Nov. 13, 2009); *see also* Notice of Appeal to the Second Circuit in the *Net Equity Decision*, Adv. Pro. No. 08-01789, ECF No. 2048-0, ECF No. 2048-1 (March 19, 2010) (listing Nelson).

5.　　　Indeed, in the six years since the Supreme Court denied *certiorari* in 2012, the Trustee has taken no action in the bankruptcy court with respect to Nelson's claims, indicating that the Trustee believes Nelson has no unresolved objections to the Trustee's determination of her SIPC claims. If he believed that Nelson has unresolved objections to his determination of her SIPC claims, he has breached the fundamental requirement under SIPA that the Trustee "provide for prompt payment and satisfaction of net equity claims of customers." 15 U.S.C. Section 78-fff-3.

6.　　　The Trustee argues that Nelson's SIPC claims and objections specifically raise the allegation that the Trustee has inappropriately asserted "fraudulent conveyance judgment[s] for sums that were transferred" into her BLMIS accounts beyond the statute of limitations period applicable" and "solely for SIPC's benefit." The Trustee claims that the "Omnibus Motions" did not deal with this issue. However, as the Trustee knows, this issue was fully and finally decided against Nelson by the Second Circuit in *Matter of Bernard L. Madoff Investment Securities LLC*, 697 Fed. Appx. 708 (2d Cir. 2017).

7.　　　In addition, the Trustee argues that Nelson's SIPC claims and objections specifically raise the issue that federal ERISA law protects from avoidance certain withdrawals from IRA accounts. However, this issue relates to the fraudulent transfer actions and not to the claims allowance process. And it has also has been fully and finally resolved. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 476 B.R. 715, 729 (S.D.N.Y. 2012), *aff'd sub nom.* 773 F.3d 411 (2d Cir. 2014) (holding that transfers from IRA accounts are not exempt from avoidance).

{00036708 1}

8. Since the Trustee is now claiming, contrary to the record, that Nelson's SIPC claims and objections are unresolved, Nelson withdraws her objections to remove any possible doubt.

Dated: New York, New York
June 27, 2018

**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Carol Nelson*

{00036708 1}

## CERTIFICATE OF SERVICE

I, Helen Davis Chaitman, hereby certify that I caused a true and correct copy of the foregoing document to be served upon the parties in this action who receive electronic service through CM/ECF and by email upon:

>David J. Sheehan, Esq.
>Baker & Hostetler, LLP
>45 Rockefeller Plaza, 11th Floor
>New York, NY 10111
>212-589-4616
>dsheehan@bakerlaw.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
       June 27, 2018                                                   */s/ Helen Davis Chaitman*

{00036708 1}