**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Marshall J. Mattera

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-01161 (SMB) |

## MOTION FOR THE ISSUANCE OF LETTER OF REQUEST

1.  Plaintiff Mr. Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), substantively consolidated with the estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, submits this motion for the issuance of a Letter of Request to the Royal Courts of Justice in London, England for the examination of United Kingdom resident, Mr. Paul Boulton.

2.  This motion is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents, to which the United States and the United Kingdom are signatories.

3.  Mr. Boulton is a foreign citizen and non-party and is located in West Sussex, England. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4.  Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. His fraud was sustained by infusions of money from around the globe. In particular, domestic and foreign investment vehicles, colloquially known as "feeder funds," injected several billions of dollars into his scheme. (*See* Trustee's Fourth Amended Complaint filed on March 17, 2014, ¶ 1 (ECF No. 100) (hereinafter "FAC").)

5.  Included among these feeder funds were Kingate Global Fund, Ltd. ("Kingate Global") and Kingate Euro Fund, Ltd. ("Kingate Euro," and together with Kingate Global, the

2

"Kingate Funds"), both of which are in liquidation.  (*Id.*)

6. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS.  (*Id.* ¶¶ 2-3.)

7. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code and other applicable law that the Trustee seeks to recover for equitable distribution.  (*Id.* ¶ 248.)

8. More specifically, the FAC seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA § 78fff-2(c)(3).  (*Id.* ¶ 8.)

**Mr. Boulton's Connections to the Kingate Funds**

9. Many of the issues and allegations contained in the FAC are relevant to Mr. Boulton, who worked closely with Mr. Ceretti and Mr. Grosso and who held senior positions at FIM Limited, an entity Mr. Ceretti and Mr. Grosso dominated and controlled.  These allegations and facts discussed below give rise to the need for the Letter of Request.  The transcripts of the Kingate Funds' interviews of Mr. Ceretti and Mr. Grosso, testimony provided by Mr. Ceretti and Mr. Grosso to third parties, the review of documents produced to the Trustee, and depositions taken by the Trustee in this proceeding also establish that Mr. Boulton has knowledge that is highly relevant to the Trustee's claims in the FAC.

10. Following an introduction to Madoff by the head of a large feeder fund, Tremont (Bermuda) Limited ("Tremont") (*id.* ¶ 94), Mr. Ceretti and Mr. Grosso formed Kingate Global in 1994 in the British Virgin Islands ("BVI").  Kingate Global opened an account with BLMIS that same year.  By that time, BLMIS would accept only institutional investors.

11. Mr. Ceretti and Mr. Grosso were sophisticated investment professionals with

3

decades of combined experience in the investment industry.

12. In 1996, Mr. Ceretti and Mr. Grosso created a sub-fund of Kingate Global to attract investments in Deutsche Marks that would then be converted to U.S. currency and deposited with BLMIS. That same year, the sub-fund opened a customer account with BLMIS. In 2000, that sub-fund became a separate BLMIS feeder fund, Kingate Euro, also formed in the BVI, to solicit investments abroad in Euros that would then be converted to U.S. currency and deposited with BLMIS. Kingate Euro assumed the rights to the sub-fund's account with BLMIS. Mr. Ceretti and Mr. Grosso structured the Kingate Funds separately, but they operated relative to BLMIS substantially the same.

13. At the time they formed the Kingate Funds, Mr. Ceretti and Mr. Grosso headed an asset management and investment advisory firm in London called FIM Limited. It was founded by Mr. Grosso in 1981 (*id.* ¶¶ 35, 49), but Mr. Ceretti became an equal owner in or about 1986. Mr. Ceretti and Mr. Grosso later co-founded FIM Advisers LLP in London, which succeeded FIM Limited in 2005 (*id.* ¶¶ 36, 52).

14. Despite having an existing company that could have managed the Kingate Funds, Mr. Ceretti and Mr. Grosso formed a separate management company by the name of Kingate Management Limited ("KML") to act as manager for the Kingate Funds. (*Id.* ¶ 4.) KML employees frequently communicated with, and sought advice from, Mr. Ceretti and Mr. Grosso on the management and operation of KML and the Kingate Funds.

15. Mr. Grosso also frequently communicated directly, or indirectly, with the Kingate Funds' investors, often addressing concerns those investors raised about the Kingate Funds or BLMIS or Madoff. In fact, one investor referred to Mr. Grosso as "Mr. Kingate." Tremont was appointed as co-manager with KML for Kingate Global, a relationship that lasted about ten years. (*Id.* ¶ 106.)

4

16. Mr. Ceretti and Mr. Grosso caused KML to enter into a consulting and distribution agreement with the FIM entities. The FIM entities provided marketing, analysis, management, and consulting services to KML and the Kingate Funds. As a result, much of KML's management responsibilities were delegated to the FIM entities. (*Id.* ¶¶ 5, 46, 51, 112.)

17. FIM had a robust due diligence process and marketed itself to the public accordingly. (*Id.* ¶¶ 122-27.) In addition to acting as consultant, at least fourteen of FIM's investment funds were invested in the Kingate Funds. The FIM funds' investments in the Kingate Funds required the performance of due diligence on the Kingate Funds and BLMIS. The diligence conducted by FIM is part of the cumulative knowledge that can be imputed to the Kingate Funds via Mr. Ceretti and Mr. Grosso.

18. On Mr. Ceretti's and Mr. Grosso's direction, the Kingate Funds engaged other service providers for the Kingate Funds, including Citi Hedge Fund Services Limited ("Citi Hedge"), based in Bermuda, as administrator, HSBC Bank Bermuda ("HSBC"), as custodian, and PricewaterhouseCoopers ("PWC"), as auditor. (*Id.* ¶¶ 72, 80.)

19. Mr. Ceretti and Mr. Grosso have first-hand knowledge of the flow of the Kingate Funds' assets to and from HSBC, and gave direction as to the movement of those funds to and from BLMIS, or to the Kingate Funds' other service providers. Mr. Ceretti and Mr. Grosso also have first-hand knowledge of the roles performed by Citi Hedge, HSBC, and PWC on behalf of the Kingate Funds, and the concerns raised by these service providers about BLMIS in the course of performing their roles.

20. To complete their business enterprise relative to investing with BLMIS, Mr. Ceretti and Mr. Grosso formed estate trusts in Jersey, and shell companies, through which they beneficially owned KML. Through El Prela Trust, and its holding companies, Mr. Ceretti personally received millions of dollars in management fees paid to KML as a result of its work on

behalf of the Kingate Funds. (*Id.* ¶¶ 54, 257.) Through The Ashby Trust, and its holding companies, Mr. Grosso personally received millions of dollars in management fees paid to KML as a result of its work on behalf of the Kingate Funds. (*Id.* ¶¶ 63, 257.)

21. Throughout the Kingate Funds' fourteen years of operation, Mr. Ceretti and Mr. Grosso spoke directly with Madoff and others at BLMIS, and met with Madoff on multiple occasions. (*Id.* ¶¶ 99, 100-02.)

22. After Madoff confessed to running a Ponzi scheme in 2008, the Kingate Funds went into winding up proceedings in the BVI and Bermuda. KML also went into a winding up proceeding in Bermuda.

23. Mr. Ceretti and Mr. Grosso were essential, and dominant, parties to the enterprise they engineered to benefit from Madoff's fraud, and they acted through the FIM entities. FIM Limited, Mr. Ceretti, and Mr. Grosso all have knowledge concerning the Kingate Funds, KML, the FIM entities, their trusts and shell companies, all of which is relevant to the allegations in the Trustee's FAC and give rise to this Request.

24. Mr. Boulton joined FIM Limited in 1997 and remained there for approximately seven years. He served as Director of Research and was a member of the investment committee at FIM Limited.

25. As the head of research and a member of the investment committee, which was responsible for all aspects of the investment process, Mr. Boulton has first-hand knowledge of the operations and due diligence process of FIM Limited. Many of FIM Limited's employees that performed due diligence on behalf of FIM Limited reported directly to Mr. Boulton.

26. In his role, Mr. Boulton would have had knowledge of the due diligence performed on the Kingate Funds. Mr. Boulton himself participated in the due diligence process. Mr. Boulton also advised FIM Limited's investors on whether to invest in Kingate and participated in

6

decisions to invest FIM investment funds in the Kingate Funds.

27. Mr. Boulton had a close relationship with Mr. Grosso and has knowledge of Mr. Grosso's instructions with respect to performing due diligence on and making investment decisions concerning the Kingate Funds. Furthermore, Mr. Boulton frequently communicated with investors regarding the Kingate Funds, and has knowledge of the concerns raised about them by investors and employees at FIM Limited. Mr. Boulton was integral to the operations of FIM Limited, and his high level position at the firm exposed him to the decisions made regarding the Kingate Funds' operations and policies.

28. Mr. Boulton sent and received many communications regarding the Kingate Funds in his capacity as head of research at FIM Limited, and he possesses knowledge regarding the contents of these communications, which are relevant to the allegations contained in the FAC.

29. Mr. Boulton's knowledge is essential to the prosecution of the Trustee's claims in this adversary proceeding.

30. Specifically, the Trustee anticipates that Mr. Boulton will be able to provide further information in relation to the issues and allegations contained in paragraphs 4, 5, 7, 49, 50, 51, 52, 53, 101, 104, 110, 112, 115-118, 120, 122-130, 137-141, 146-163, 165-166, 170-174, 176-186, 188-222, 224-225, 227-241 of the FAC.

31. For the above reasons, the Trustee believes that the proposed Letter of Request, attached hereto as Exhibit 1, is just and appropriate and respectfully requests that the Court issue

such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
       July 2, 2018

                                            Respectfully submitted,

                                          _/s/ Geraldine E. Ponto_
                                        **Baker & Hostetler LLP**
                                        45 Rockefeller Plaza
                                        New York, New York 10111
                                        Telephone: (212) 589-4200
                                        Facsimile:  (212) 589-4201
                                        David J. Sheehan
                                        Email: dsheehan@bakerlaw.com
                                        Geraldine E. Ponto
                                        Email: gponto@bakerlaw.com
                                        Marshall J. Mattera
                                        Email: mmattera@bakerlaw.com

                                        _Attorneys for Irving H. Picard, Trustee_
                                        _for the Substantively Consolidated_
                                        _SIPA Liquidation of Bernard L. Madoff_
                                        _Investment Securities LLC and the_
                                        _Estate of Bernard L. Madoff_