**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. AVELLINO, *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-05421 (SMB) |

## SECOND AMENDED CASE MANAGEMENT PLAN

Due to the voluminous nature of discovery at issue in this case, the Plaintiff and Defendants hereby amend this Case Management Plan for the sole purpose of extending the Discovery Cut-off Date contained in Section 1(a) to November 5, 2019, and other deadlines that have not yet occurred at the time of this amendment.

Pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into Bankruptcy Rules 7016 and 7026, Plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the substantively consolidated estate of Bernard L. Madoff (individually, "Madoff") under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701, *et seq.*, and the defendants in the above-referenced adversary proceeding (collectively, the "Defendants," and together with the Trustee, the "Parties") hereby submit the following proposed Second Amended Case Management Plan (this "Plan").

1. <u>Fact Discovery Plan</u>

    a. <u>Fact Discovery Cut-Off</u>: All fact discovery is to be completed on or before November 5, 2019.

    b. <u>Stipulations on Transfers</u>: The Parties will, in good faith, attempt to stipulate to all of the transfers detailed in the schedules attached in Exhibit B to the Amended Complaint filed in this adversary proceeding. In the event the Parties enter into such a stipulation, they shall finalize the same on or before April 17, 2019.

    c. <u>Scope of Fact Discovery</u>: The Parties anticipate they will need to conduct discovery on a number of areas, including, but not limited to, the applicability of section 546(e) of the Bankruptcy Code and various other matters relating to the Defendants' alleged liability. Limitations on written discovery will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause.

    d. <u>Initial Disclosures</u>: The Parties do not propose any changes to the form or requirements for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. The Parties were to serve initial disclosures on or before June 20, 2017.

   e. <u>Document Requests</u>:  The Trustee intends to voluntarily produce to the Defendants a large number of documents within his possession, custody, and control relating to the investment advisory accounts that certain Defendants held at BLMIS.  The Parties may serve document requests as provided in Rule 34 of the Federal Rules of Civil Procedure.  Document requests may be served on or after the date of this Plan but no later than April 17, 2019.  The Parties may produce documents responsive to requests under Rule 34 of the Federal Rules of Civil Procedure, as well as those made in connection with initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format.  Given the volume of documentation that may be subject to disclosure in this adversary proceeding, a Party may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the other Parties.  With regard to documents produced electronically, the Parties shall comply with the e-discovery protocol attached hereto as Exhibit 1, subject to Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

   f. <u>Interrogatories</u>:  Interrogatories, if any, shall be served in accordance with Local Rule 7033 and no later than July 2, 2019.

   g. <u>Requests for Admission</u>:  Requests for Admission, if any, may be served on or after the date of this Plan but no later than July 2, 2019.

   h. <u>Depositions</u>:  All depositions of fact witnesses must be completed by the fact discovery cut-off date specified above.  The Parties will endeavor to conclude the majority of depositions within the seven hours provided under Rule 30(d)(1) of the Federal Rules of Civil Procedure, although the Parties acknowledge there may be certain depositions that cannot be concluded within the time limit.  The Parties will agree to reasonable extensions or reductions of the seven hour limit as appropriate, notwithstanding the provisions of Rule 30(d)(1) of the

Federal Rules of Civil Procedure. The Parties agree that the Defendants, collectively, and Plaintiff shall each be permitted to take twenty (20) depositions. To the extent the deposition of any fact witness raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such adversary proceedings. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time, and location of any such depositions. To the extent a deposition is so coordinated, the limitations set forth in Rule 30(d)(1) of the Federal Rules of Civil Procedure shall not apply, and the Parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witnesses in adversary proceedings in which initial disclosures have not been made and discovery is not open. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

    2.    <u>Expert Discovery Plan.</u> Every Party that intends to offer expert testimony must make the disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before March 5, 2020. Every Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before June 4, 2020. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinion covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than June 16, 2020. All experts may be deposed, but such depositions must occur on or before September 16, 2020. The foregoing restriction shall not affect the Parties' duties to supplement expert disclosures as required by Rule 26 of the Federal Rules of Civil Procedure. All expert discovery must be completed on or before October 20, 2020.

3. <u>Proposed Modifications of Standard Pretrial Proceeding</u>.  Except as otherwise set forth herein, the Parties do not presently believe any modifications are appropriate or necessary to the standard pretrial proceeding and will contact the Court if their belief in this regard changes.

4. <u>Mediation and Settlement.</u>  The Parties may engage in settlement discussions or consider mediation at any time.

5. <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial conference and the trial.

Date: New York, New York
July 17, 2018

*/s/ Jimmy Fokas*
**Baker & Hostetler LLP**
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jimmy Fokas
Email: jfokas@bakerlaw.com
Kathryn M. Zunno
Email: kzunno@bakerlaw.com
Esterina Giuliani
Email: egiuliani@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate
of Bernard L. Madoff*

*/s/ Gary A. Woodfield*
**Haile, Shaw, & Pfaffenberger, P.A.**
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Telephone: (561) 627-8100
Facsimile: (561) 622-7603
Gary A. Woodfield
Email: gwoodfield@haileshaw.com

*Attorney for Defendants*

**So Ordered this 18th Day of July 2018**

**/s/ STUART M. BERNSTEIN
Honorable Stuart M. Bernstein
United States Bankruptcy Judge**

5