Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
1667 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone: 202-371-8300
E-mail: jwang@sipc.org

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor | |

## RECOMMENDATION OF THE
## SECURITIES INVESTOR PROTECTION CORPORATION
## IN SUPPORT OF THE TWENTY-SIXTH APPLICATION OF
## WINDELS MARX LANE & MITTENDORF, LLP, FOR
## INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
## AND REQUEST FOR PARTIAL RELEASE OF HOLDBACK

08-01789-cgm   Doc 17795   Filed 07/18/18   Entered 07/18/18 12:55:42   Main Document
Pg 2 of 5

Windels Marx Lane & Mittendorf, LLP ("Windels" or "Counsel"), Special Counsel to Irving H. Picard, Esquire, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), has filed its twenty-sixth Application ("Application") for allowance of interim compensation and reimbursement of expenses under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Amended Application.

The grounds for this recommendation are as follows:

1.      The Application involves the period from December 1, 2017 through March 31, 2018 ("Compensation Period"). As detailed in the Application, Windels rendered substantial services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost all of the filed customer claims. The completion of administration will require Windels to assist the Trustee in (1) continuing with the marshaling and distribution of the assets of the estate; and (2) dealing with such other matters as it may be called upon to resolve.

2.      SIPC, by its staff, has carefully evaluated the Application for compensation. This has included analyzing the detailed report of time spent and services rendered as set forth in the Application and the exhibit thereto. The detailed report of services reflects a total of 4,599.30 hours expended by Counsel in the performance of its duties. In reviewing the Application, SIPC considered the requirements and standards for an Application set forth in SIPA Section 5(b)(5), 15 U.S.C. §78eee(b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Amended Guidelines for Fees and Disbursements for Professionals in Southern District

of New York Bankruptcy Cases.  SIPC believes that the Application substantially complies with

the applicable law and this District's Administrative Order.

3.       Based upon an average discounted hourly rate of $427.88, Counsel asserts the

discounted reasonable value of its services is $1,954,132.00.  To reach this discounted amount,

(i) Counsel had agreed with SIPC to discount its normal billing rates by 10% which resulted in a

voluntary reduction during the Compensation Period of $217,125.77 and (ii) Counsel voluntarily

wrote off billed time of $58,990.56 and unbilled time of $113,317.20.  The total voluntary

reduction by Counsel is $389,433.53, or approximately 16.62% of Windels' total asserted fees.

Counsel also wrote off expenses customarily charged to other clients in the amount of $667.85.

Counsel requests an allowance of 80% of the asserted discounted value, or $1,563,305.60.

Counsel also seeks reimbursement of $27,593.98 in expenses.

4.       Counsel states in the Application that the Holdback for prior and current

Compensation Periods is $3,184,044.25.  Counsel seeks the release of a portion of the Holdback

in the amount of $1,592,022.13 for the prior and current fee applications

5.       Generally, SIPC has no objection to the allowance of such interim compensation,

or a release of a portion of the Holdback on prior and current Compensation Periods, as the Court

may deem appropriate once the liquidation proceeding has progressed to a point where

operational and significant work has been performed, and upon consideration of the potential

hardship to the applicant.  In this liquidation proceeding, Windels has performed significant

work in the claims and liquidation processes, and substantial progress has been achieved.

6.       Section 5(b)(5)(A) of SIPA, 15 U.S.C. §78eee(b)(5)(A), provides that the Court

shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney

for such a trustee, in connection with a liquidation proceeding."  SIPA §5(b)(5)(C), 15 U.S.C.

§78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for

allowances of compensation and reimbursement in SIPA cases.  The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B),
> SIPC shall file its recommendation with respect to such allowances with the court
> prior to the hearing on such application and shall, if it so requests, be allowed a
> reasonable time after such hearing within which to file a further recommendation.
> In any case in which such allowances are to be paid by SIPC without reasonable
> expectation of recoupment thereof as provided in this chapter and there is no
> difference between the amounts requested and the amounts recommended by
> SIPC, the court shall award the amounts recommended by SIPC.  In determining
> the amount of allowances in all other cases, the court shall give due consideration
> to the nature, extent, and value of the services rendered, and shall place
> considerable reliance on the recommendation of SIPC. [emphasis added].

7.      In a SIPA proceeding, administrative costs and expenses, which include trustee

and counsel fees and expenses, are to be borne by the general estate.  SIPA §5(b)(5)(E), 15

U.S.C. §78eee(b)(5)(E).  To the extent the estate is not sufficient, SIPC advances funds for their

payment.  SIPA §§5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-

3(b)(2).

8.      In this case, the Court has been advised that the Trustee has "no reasonable

expectation that the general estate will be sufficient to make any distribution to general creditors

or pay any administrative expenses."  (Twenty-Seventh Application of Trustee and Baker &

Hostetler LLP at 92, ¶334.).  Thus, any allowances for fees and expenses of Counsel will be paid

by SIPC without any recoupment by SIPC.  Furthermore, there is no difference between the

amounts requested by Counsel and the amounts recommended by SIPC.  Consequently, SIPA

provides that this Court shall award Counsel the amounts recommended by SIPC.

9.      Resolution of the matters set forth in paragraph 1 above will delay the completion

of this proceeding.  SIPC respectfully submits that an allowance of interim compensation is

appropriate at this time in order to avoid undue hardship.  An interim allowance does not involve

4

a determination as to the actual reasonable value of the services in question.  It is merely a

payment on account of the final allowance and does not imply that the Court or SIPC has

approved the value which Windels has placed on its services.  The amounts sought do not exceed

the sums the Court might reasonably award as final compensation for the services rendered.

Accordingly, SIPC supports the Application.

WHEREFORE, SIPC respectfully recommends that:  (1) interim compensation in the

amount of $1,563,305.60; (2) reimbursement of $27,593.98 in expenses; and (3) a release of a

portion of the Holdback for prior and current Compensation Periods in the amount of

$1,592,022.13, as sought by Counsel, be allowed.

Respectfully submitted,


Of Counsel:                                                   __/s/Josephine Wang_____
KEVIN H. BELL                                          JOSEPHINE WANG
Senior Associate General Counsel           General Counsel
 For Dispute Resolution                           SECURITIES INVESTOR
E-mail: kbell@sipc.org                              PROTECTION CORPORATION
                                                                 1667 K Street, N.W., Suite 1000
                                                                 Washington, D.C.  20006
                                                                 Telephone: (202) 371-8300
                                                                 Facsimile:  (202) 223-1679
                                                                 E-mail: jwang@sipc.org


Date:  July 18, 2018
          Washington, D.C.