**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Stacey A. Bell
Nicholas J. Cremona
Melissa L. Kosack

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A ATTACHED HERETO,<br><br>　　　　　Defendants. | Adv. Pro. Nos. listed on Exhibit A Attached Hereto |

**REPLY IN SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER**
**ESTABLISHING OMNIBUS PRE-TRIAL PROCEEDING ON**
**THE EXISTENCE, DURATION, AND SCOPE OF THE PONZI SCHEME AT BLMIS**

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, submits this memorandum of law in further support of his Motion and Supporting Memorandum of Law For an Order Establishing Omnibus Proceeding for the Purpose of Determining the Existence, Duration, and Scope of the Ponzi Scheme at BLMIS (the "Motion"),[1] and (i) in partial response to the Defendants' (the "Chaitman Defendants") Memorandum of Law in Opposition to the Motion (the "Chaitman Br."),[2] the Good Faith Defendants' (the "Consolidated Defendants") Consolidated Opposition to the Motion (the "Consol. Br."),[3] the Sage Defendants' Opposition to the Motion (the "Sage Br."),[4] the Zraick Defendants' Objection to the Motion (the "Zraick Br."),[5] and the Limited Objection of Legacy Capital Ltd. ("Legacy") to the Motion (the "Legacy Br.",[6] and collectively, the "Objections"; the parties and cases to the Objections together, the "Objecting Defendants" or "Objecting Cases")[7], and (ii) in response to the Objecting Defendants' most recent position concerning the status of discovery in the Remaining Good Faith Actions.[8]

---

[1] *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec LLC (In re Madoff)*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Feb. 23, 2018), ECF No. 17284.  Unless otherwise stated, all ECF references herein shall be to the main docket, Adv. Pro. No. 08-01789.

[2] ECF No. 17474.

[3] ECF No. 17469.

[4] ECF No. 17470.

[5] ECF No. 17472.

[6] ECF No. 17471.

[7] The Defendants in *Picard v. L.H. Rich Cos. et al.* also filed a Memorandum in Opposition to the Trustee's Motion. ECF No. 17467.  However, that case has since been dismissed, making such opposition moot.  *See* Notice of Voluntary Dismissal, Adv. Pro. No. 10-05371 (SMB) (Bankr. S.D.N.Y. May 29, 2018), ECF No. 37.

[8] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Motion.

## PRELIMINARY STATEMENT

1.        No one disputes that the Ponzi Issue is a common issue across the Remaining Good Faith Actions.  In fact, for at least the last two years, the Trustee and various Defendants have proceeded with the recognition that some form of coordinated discovery on the Ponzi Issue is the most efficient way to proceed with the Remaining Good Faith Actions.  For example, participation in the Madoff deposition was made available across all open good faith cases,[9] discovery requests propounded by one counsel have been joined by other counsel, and motion papers and expert reports served by one counsel have been joined or referred to by others in oral arguments.[10]

2.        This Court, too, has recognized that the Trustee's cases have been consolidated for the purposes of Madoff's deposition,[11] and indicated that as to the Ponzi Issue, "we're going to try it once."[12]

3.        Nonetheless, Objecting Defendants oppose the Trustee's Motion and proposed order ("Original Proposed Order") for a consolidated proceeding on the Ponzi Issue claiming that: (i) an omnibus proceeding should not go forward at all; (ii) the proceeding should not go forward as to certain Remaining Good Faith Actions; (iii) the proceeding should await final determination of various unrelated affirmative defenses; and (iv) to the extent the proceeding goes forward, certain of the protocols proposed by the Trustee are unfair or improper.

4.        Over the past several weeks, the Trustee and Objecting Defendants have been engaged in negotiations in an attempt to address these objections, where practicable.

---

[9] *See* Notice to Defendants Establishing Deadline to File Requests to Depose Bernard L. Madoff, ECF No. 13786.

[10] *See, e.g.*, Hr'g Tr. June 28, 2017 at 5:7–22, *Picard v. Legacy Capital Ltd., et al.*, No. 10-05286 (SMB) (Bankr. S.D.N.Y.).

[11] *See* Hr'g Tr. May 31, 2017 at 32:14–15.

[12] *Id*. at 19:21.

5.      On June 27, 2018, the parties appeared before the Court to report on the status of these negotiations.  Counsel for the Trustee informed the Court that the goal of the parties was to enter into a consensual order addressing discovery only, and Objecting Defendants indicated their willingness to enter into this new, more limited framework.

6.      Following the hearing, the Trustee circulated a revised proposed order to the Objecting Defendants, attached hereto as **Exhibit B** ("Revised Proposed Order").

7.      The Revised Proposed Order addresses many of the concerns raised by the Objecting Defendants in their papers.  Most notably, the Revised Proposed Order limits the scope of the omnibus proceeding solely to consolidated fact and expert discovery on the Ponzi Issue in the first instance, and defers dispositive motion practice and trial on the Ponzi Issue to a later date (the "Omnibus Ponzi Pre-Trial Proceeding").

8.      Disappointingly, notwithstanding the Trustee's substantial revisions to the Original Proposed Order, the progress made during the parties' negotiations, and the Objecting Defendants' statements to the Court at the June 27, 2018 conference, Objecting Defendants informed the Trustee at a July 12, 2018 meeting that they would not consent to the Revised Proposed Order. Their position is that discovery closed in many (if not most) of the Remaining Good Faith Actions, and the Trustee is therefore barred from taking any further discovery in the majority of the Remaining Good Faith Actions, absent further order of this Court.

9.      On the eve of the filing of this Reply, certain[13] of the Objecting Defendants sent revisions to the Trustee's Revised Proposed Order in which they made clear that they would agree to a consolidated discovery proceeding *only* for those cases in which, according to them, fact

---

[13] The Trustee did not receive comments to the Revised Proposed Order from Chaitman LLP, counsel for 78 of the 105 Objecting Defendants.  Ms. Chaitman indicated that she was travelling and would have comments for the Trustee by end of day, July 18, 2018, the deadline for this Reply.

discovery is still open.  This proposal is an empty gesture as it would consolidate only a few of the

Remaining Good Faith Actions, leaving over 140 of the Remaining Good Faith Actions to proceed

on separate tracks.

10.    As set forth herein, the Trustee fundamentally disagrees with the Objecting

Defendants' position.  Discovery on the Ponzi Issue is open in all but six of the Objecting Cases,

and even for those cases, the omnibus proceeding proposed herein is appropriate.

11.    The Objecting Defendants' position, if adopted, would result in duplicative,

voluminous, and inconsistent discovery, motion practice, and ultimately trial based on *different*

sets of facts and information surrounding the *same Ponzi scheme* perpetuated by the *same people*,

involving the *same practices* across the *same entity*.  The Omnibus Ponzi Pre-Trial Proceeding is

designed to avoid precisely this scenario, and represents a practical solution for addressing this

common issue across all cases.

## ARGUMENT

## I.    THERE IS NO REASONED BASIS FOR REJECTING AN OMNIBUS PRE-TRIAL PROCEEDING THAT CONSOLIDATES DISCOVERY ON A COMMON ISSUE ACROSS CASES

12.    It is both inappropriate and an unnecessary burden on the Court to have multiple

litigations based on different factual records as to a common issue affecting all Remaining Good

Faith Actions.  The procedures proposed in the Revised Proposed Order allow this Court to address

discovery on the Ponzi Issue in a single proceeding so that all parties interested in litigating that

issue can operate from the same documents, testimony, expert reports, and other information, with

no prejudice to the Defendants.

13.     Rule 42 sets forth the standard for consolidation, and the Remaining Good Faith Actions easily satisfy this standard. *See* Fed. R. Civ. P. 42.[14] All of the Remaining Good Faith Actions involve similar legal and factual questions, and as such, should be consolidated for pre-trial and discovery purposes.

14.     All of the adversary proceedings arise from the Defendants' receipt of fictitious profits to which there are few (if any) defenses. The Trustee has alleged that BLMIS operated a Ponzi scheme through its Investment Advisory Business ("IA Business"), which impacts the evidence that he must present in each case to sustain his claims under section 548(a)(1)(A) and the amount of fictitious profits he may avoid and recover.

15.     The Defendants have also advanced common defenses, including, but not limited to whether Madoff engaged in securities transactions for IA Business customers. Indeed, the very basis upon which the coordinated proceeding surrounding Madoff's deposition was granted is an acknowledgement of the common issues at play.

16.     These issues alone are more than sufficient to warrant consolidation. *See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61–62 (S.D.N.Y. 2002); *see also Mahapatra v. Fuqi Int'l, Inc.*, 2010 WL 11575585 (S.D.N.Y. July 26, 2010) (consolidating actions for purposes of discovery).

17.     Notably, the Trustee is not seeking consolidation of the cases for trial, but rather consolidation of discovery on the Ponzi Issue, which is common to all Remaining Good Faith Actions. *See, e.g.*, *Discount Bank and Tr. Co. v. Salomon Inc., et al.*, 141 F.R.D. 42, 44 (S.D.N.Y. 1992) (recognizing the benefits of consolidated pre-trial discovery as it helps ensure that multiple claims with common issues of law and fact "be presented in an orderly and efficient manner"

---

[14] Made applicable to the Remaining Good Faith Actions by Fed. R. Bankr. P. 7042.

which will avoid placing "innumerable burdens on the Court").   Even if the Trustee were seeking

to consolidate the cases for trial, courts recognize that "consolidation does not generally prejudice

a party's rights, because it does not merge the suits into a single cause, or change the rights of the

parties, or make those who are parties in one suit parties in another."   *Garnett-Bishop v. N.Y.*

*Comm. Bancorp., Inc.*, 299 F.R.D. 1, 6 (E.D.N.Y. 2014) (internal citations and quotations omitted).

*A fortiori*, then, consolidated discovery does not prejudice Defendants' rights here.

18.     The Trustee's proposed coordinated procedures would unquestionably facilitate the

orderly and efficient administration of the Remaining Good Faith Actions.

## II.     THE DISCOVERY STATUS OF THE REMAINING GOOD FAITH ACTIONS SHOULD NOT AFFECT THEIR INCLUSION IN THE CONSOLIDATED PRE-TRIAL PROCEEDING

19.     The Objecting Defendants' primary challenge to the Revised Proposed Order is

predicated on the erroneous assertion that fact discovery is closed[15] under many (if not most) of

the governing case management orders, and that those cases must be excluded from the Omnibus

Ponzi Pre-Trial Proceeding.   The Trustee disagrees.

20.     The vast majority of the 105 Objecting Cases have open discovery on the Ponzi

Issue either under applicable existing case management orders or because those cases participated

in Madoff's deposition.   Discovery is closed in a handful of cases.

21.     Specifically, of the 105 Objecting Cases, the procedural posture is as follows:

| Total Objecting Cases | Cases with Open Fact Discovery per CMO | Cases Participating in Madoff's Deposition | Cases with Motions to Withdraw Reference | Remaining Cases |
|---|---|---|---|---|
| 105 | 7 | 92 | 3 | 3 |

---

[15] It is worth noting that although fact discovery may be closed under certain case-specific case management orders, expert discovery still remains open in several of these cases.

22.     Either way, as noted in the Trustee's Motion, any differences in the procedural posture of the Remaining Good Faith Actions "do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). Courts recognize that "[c]omplete symmetry [between actions] is not a prerequisite for consolidation." *McArdle v. Arms Acres, Inc.*, No. 03 Civ. 05721 (PGG), 2009 WL 890077, at *3 (S.D.N.Y. Mar. 31, 2009).

### A.     Discovery is Open in Seven Cases Under Applicable Case-Specific Case Management Orders

23.     As reflected in the above chart, discovery remains open under existing case-specific case management orders for seven of the 105 Objecting Cases. There can be no dispute as to the inclusion of these cases in the Omnibus Ponzi Pre-Trial Proceeding.

### B.     Discovery on the Ponzi Issue is Open in the 92 Cases that Participated in Madoff's Deposition

24.     Defendants in an additional 92 of the 105 Objecting Cases participated in Madoff's deposition, and thus, additional discovery on the Ponzi Issue is appropriate and timely in those cases as well.[16]

25.     Defendants requested Madoff's deposition for the purpose of addressing the Ponzi Issue. Since that time, such Defendants have propounded myriad new discovery demands, including document and deposition requests, reflecting their evolving theories as to the Ponzi Issue, as stemming from Madoff's deposition. For example, in several hearings before this Court,

---

[16] The Objecting Defendants have taken the position that to the extent the fact discovery deadlines have passed in certain cases under case-specific case management orders, the Trustee must move to reopen discovery under Rule 16 of the Federal Rules of Civil Procedure. It is the Trustee's position that because Madoff's deposition is part of the "fraud proceeding," *Picard v. Roman (In re Madoff)*, No. 10-04292 (SMB), 2017 WL 4685525, at *2, *3, (Bankr. S.D.N.Y. Oct. 17, 2017), additional discovery on the Ponzi Issue is appropriate for all cases participating in that deposition. The Trustee's Motion sought procedures for additional discovery as contemplated by Paragraph L of the orders governing Madoff's deposition. *See* ECF Nos. 14213, 16625. To the extent the Court disagrees with the Trustee's position, the Trustee reserves his right to separately move pursuant to Federal Rule of Civil Procedure 16 to reopen discovery in each relevant adversary proceeding.

Chaitman LLP has stated that Madoff's deposition revealed "explosive information" that led to a "massive change in the case. It totally, totally changes the entire case," and that it "totally changes what this case is about."[17]  The Trustee is entitled to rebut this testimony.

26.     The Trustee consistently outlined his position that the appropriate time for follow-up discovery from Madoff's deposition would occur after the deposition was complete.  Under these circumstances, Defendants cannot reasonably argue that follow-up discovery to Madoff's deposition is open only for their benefit and not available to the Trustee for purposes of rebuttal.

27.     It has been contemplated for some time that discovery in connection with the Madoff deposition would include supplemental depositions and expert discovery.  For example, in a May 31, 2017 omnibus hearing, the Court asked if the Trustee was intending to submit another expert report at the conclusion of Madoff's deposition, to which Trustee's counsel replied in the affirmative.[18]  In that same hearing, Trustee's counsel indicated that the Trustee, like the Chaitman Defendants, seeks to depose certain BLMIS employees, "now that the door has been opened to Madoff's testimony."[19]

28.     The Chaitman Defendants, in particular, argue that regardless of whether a Defendant participated in Madoff's deposition, the deadline for fact discovery has passed other than as to those Defendants' (i) demands for "trading records", (ii) outstanding subpoenas served on BLMIS employees, and (iii) the Madoff deposition.  Chaitman Br. at 1-2.  But this Court has not indicated that fact discovery connected to the Madoff deposition should be limited to whatever

---

[17] *See* Hr'g Tr. May 31, 2017 at 15: 20-24; 16:1-15;  Hr'g Tr. June 29, 2017 at 36:14-16; Hr'g Tr. Aug. 22, 2017 at 11:22-25, 12:1-4.

[18] *See* Hr'g Tr. May 31, 2017 at 21:1-9.

[19] *See id.* at 29:20-24, 31-32.

the Chaitman Defendants have requested. [20]  Rather, the parties to the Madoff deposition informed

the Court that both sides would seek to engage in further discovery on the Ponzi Issue upon the

completion of Madoff's deposition.   Indeed, Madoff's deposition testimony left unresolved

numerous factual issues that other former BLMIS employees and others are best suited to

address.[21]  Indeed, one key goal of the proposed Omnibus Ponzi Pre-Trial Proceeding is to provide

a framework for the production of documents relevant to the Ponzi Issue, which will avoid multiple

and continual requests for more documents.

29.    Finally, parsing out the cases participating in Madoff's deposition whose discovery

deadlines have passed would engender precisely the type of piecemeal litigation and inconsistent

results that can be avoided by participating in consolidated discovery.   Separate factual records in

dozens of cases with identical circumstances as to the Ponzi Issue would inherently increase the

possibility of inconsistent results, and is antithetical to the purpose of an omnibus proceeding.  *See*,

*e.g.*, *Garnett-Bishop*, 49 F.Supp. 3d. at 327.

### C.    Regardless of Whether Discovery is Considered Open, There is No Justification for Excluding Any Remaining Good Faith Actions from Omnibus Discovery

30.    There are six cases in which discovery is closed but the Court should include those

cases in the Omnibus Ponzi Pre-Trial Proceeding.[22]  *See Primavera Familienstiftung v. Askin*, 173

---

[20] In addition, on August 10, 2017, Chaitman LLP entered into a stipulation, so ordered by this Court, (i) extending the service deadline for expert reports by either by the Trustee or Chaitman LLP until after the completion of Madoff's deposition; and (ii) holding in abeyance "all other deadlines in the operative case management notices for the Applicable Chaitman Cases."  *See* Stipulation and Order, ECF No. 16494.  Under this Stipulation and Order, all fact discovery deadlines that had not expired as of August 10, 2017, remain open.

[21] *See, e.g.*, Dep. Tr. of Bernard L. Madoff April 26-27. 2017 at 47-50, 90, 222-27.

[22] *Picard v. Carol Nelson*, Adv. Pro. No. 10-04658; *Picard v. Carol Nelson, et al.*, Adv. Pro. No. 10-04377; *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898; *Picard v. Zieses Inv. P'ship, et al.*, Adv. Pro. No. 10-04669; *Picard v. Michael Mann, et al.*, Adv. Pro. No. 10-04390; *Picard v. Legacy Capital Ltd., et al.*, Adv. Pro. No. 10-05286.

F.R.D. 115, 129 (S.D.N.Y. 1997) (Recognizing in pre-trial proceeding that "[a] district court has broad discretion to consolidate actions. . . . [S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate.") (citations omitted).

### (1)    The Three Motion to Withdraw the Reference Cases

31.    The Chaitman Defendants argue that three cases in which discovery is closed are subject to a motion to withdraw the reference (the "MTWR Cases") and should therefore not be included in the Omnibus Ponzi Proceeding.  Chaitman Br. at 4, 6.  Judge Daniels has since denied the motions to withdraw the reference as to the MTWR Cases.  *See Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD), 2018 WL 2383141, at *4 (S.D.N.Y. May 15, 2018) (holding BLMIS customers that file customer claims and objections in the BLMIS liquidation proceeding in the Bankruptcy Court, subject themselves to the Bankruptcy Court's "equitable jurisdiction" for the adjudication of matters related to their customer claims).  A motion for reconsideration and interlocutory appeal is currently pending before the District Court.[23]  Until the motions to withdraw the reference are finally decided, the Trustee agrees that these Defendants will not be considered "Remaining Good Faith Defendants" for the purposes of the Motion and will not be subject to any of the procedures set forth in the Revised Proposed Order.

32.    If the motion for reconsideration and interlocutory appeal is denied and this Motion is granted, Defendants in the MTWR Cases should be automatically subjected to inclusion in the Omnibus Ponzi Pre-Trial Proceeding and once again be included in the definition of Remaining

---

[23] *See* Defendants' Memorandum of Law in Support of Motion for Reconsideration and, Alternatively, to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), *Picard v. Helene Saren-Lawrence*, No. 17-cv-05157 (GBD) (S.D.N.Y. May 29, 2018), ECF No. 21; Defendants' Memorandum of Law in Support of Motion for Reconsideration and, Alternatively, to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), *Picard v. Carol Nelson*, No. 17-cv-05162 (GBD) (S.D.N.Y. May 29, 2018), ECF No. 18; Defendants' Memorandum of Law in Support of Motion for Reconsideration and, Alternatively, to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), *Picard v. Carol Nelson and Stanley Nelson*, No. 17-cv-05163 (GBD) (S.D.N.Y. May 29, 2018), ECF No. 19.

Good Faith Actions, notwithstanding any argument that discovery in the MTWR Cases is closed.

Inclusion of the MTWR Cases will allow the Ponzi Issue to be litigated once, using the same, most

complete discovery across all cases.

### (2)    The Legacy Case

33.    Legacy has objected to the omnibus proceeding on the basis that discovery is

closed.  Specifically, Legacy has a pending request to depose the Trustee's proof of fraud expert,

Bruce Dubinsky, in its individual case, and contends that the discovery deadlines have otherwise

expired.  Legacy Br. at 2.

34.    The points Legacy wants to address in that deposition—Madoff's testimony, the

declaration of a Bear Stearns employee (that was not previously disclosed in the Legacy case but

proffered in other adversary proceedings), and the treasuries purportedly purchased by BLMIS—

are not exclusive to its case, and in fact, arose out of Madoff's deposition and arguments advanced

in other good faith cases.[24]  Legacy's position underscores that the Ponzi Issue is common to all

the Objecting Cases and this case should not be treated differently.

35.    Allowing Legacy (or any other defendant similarly situated) to conduct discovery

central to the Ponzi Issue separate and apart from the other Remaining Good Faith Actions risks

inconsistent outcomes, as well as inevitable motion practice about the use of that deposition in

other adversary proceedings.  In any event, where the same Ponzi Issue will be decided in over

150 cases, the fact that Legacy and a few similarly situated cases are in different stages of discovery

should not dictate whether such cases are included in the consolidated proceeding.

---

[24] *See*, Hr'g Tr. June 28, 2017 at 5:7–22, *Picard v. Legacy Capital Ltd., et al.*, No. 10-05286 (SMB) (Bankr. S.D.N.Y.).

**(3)**    **The Two Remaining Cases**[25]

36.    Although fact discovery has passed in the remaining two cases, these cases should

be consolidated into the Omnibus Ponzi Pre-Trial Proceeding so that they can be ultimately tried

on the same record as all of the other cases.  They are represented by counsel[26] who have access

to (and participated in) Madoff's deposition, other documents produced to date, and documents

relating to the Ponzi Issue that may arguably be produced.

## III.    THE REMAINING ARGUMENTS IN THE OBJECTIONS ARE MOOT, PREMATURE, OR OTHERWISE INAPPLICABLE TO THE REVISED PROPOSED ORDER

37.    A number of other arguments in the Objections are moot or premature under the

Revised Proposed Order, or otherwise inapplicable under the current posture.[27]  Those arguments

include, but are not limited to the following:

- *__Jury Trial and Stern Issues__*: Although these issues are rendered moot by the Revised Proposed Order, determination of these issues would be premature at this juncture because, as recognized by Judge Daniels' May 15, 2018 decision, this Court has "great familiarity with the facts regarding the BLMIS Estate" and with the "specific facts at issue" in these adversary proceedings.  *See Picard v. Saren-Lawrence*, No. 17 CIV. 5157 (GBD), 2018 WL 2383141, at *5 (S.D.N.Y. May 15, 2018).  Moreover, the majority of the Objecting Defendants have filed claims and/or objections, and such this Court has jurisdiction to render a final judgment in those cases.  *Id.*, at *5 (concluding that the Bankruptcy Court has the constitutional authority to finally adjudicate avoidance actions against claimants that have filed proofs of claim and related objections because the resolution of the Trustee's avoidance claims against them and their objections involve overlapping issues under §§ 502(d) and 548 of the Bankruptcy Code); *see also* Revised Proposed Order at § IV.

- *__Opt-Out__*: Based on the bifurcated nature of the proceeding, the opt-out provision that required an admission of the Ponzi scheme for those

---

[25] The two remaining cases are *Picard v. Zieses Inv. P'ship, et al.*, Adv. Pro. No. 10-04669 ("Zieses"); *Picard v. Michael Mann, et al.*, Adv. Pro. No. 10-04390 ("Mann"); *Picard v. Legacy Capital Ltd., et al.*, Adv. Pro. No. 10-05286.

[26] Zieses and Mann are represented by Chaitman LLP, and Dentons US LLP, respectively, who together, serve as counsel for 89 of the Objecting Cases which are participants in the Madoff deposition.

[27] The Trustee reserves his right to fully respond to all of the objections raised by the Objecting Defendants to the extent the Court requires such a submission.

13

Defendants who did not opt-in to the Ponzi proceeding is no longer applicable and has been removed.  *See, e.g*, Consol. Br. at 12.

- ***Liaison Counsel***: Based upon the Objections, the Trustee modified this provision in the Revised Proposed Order so that the role of liaison counsel would be administrative in nature.  *See* Revised Proposed Order at § II; Consol. Br. at 16.

- ***Shifting of the Burden***: Burdens of proof are not implicated by the Revised Proposed Order and as such this argument is inapplicable.  *See* Consol. Br. at 5.

- ***Affirmative Defenses***: The Consolidated Defendants argue that the Court should indefinitely defer the Trustee's Motion pending "final adjudication" of certain affirmative defenses.  *See* Consol. Br. at 10.  The Court rejected this very argument in its recent Report and Recommendation to the District Court granting the Trustee's motion for summary judgment in four good faith adversary proceedings.  *See Picard v. Lowrey, et al.*, Adv. Pro. No. 10-04387 (SMB), 2018 WL 1442312, at *5–8 (Bankr. S.D.N.Y. March 22, 2018).  To the extent Consolidated Defendants continue to make this objection notwithstanding that the omnibus proceeding is limited solely to discovery, these issues have been repeatedly rejected by this and other courts.  *See Picard v. Goldenberg*, Adv. Pro. No. 10–04946 (SMB), 2018 WL 3078149, at *4 (Bankr. S.D.N.Y. June 20, 2018) (finding that defendants' affirmative defenses have been rejected by the District Court and this Court "no less than six times.") (citing *Picard v. Cohen*, Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *5–10 (Bankr. S.D.N.Y. Apr. 25, 2016)); *see also Lowrey*, 2018 WL 1442312, at *5–8 (same).  Even if that were not so, it would be highly inefficient to forestall litigation over an essential aspect of over 150 adversary proceedings until final determination of particular affirmative defenses.

38.    The goal of the Omnibus Ponzi Pre-Trial Proceeding is to maximize judicial economy and efficiency by streamlining the discovery process.  The Trustee's Revised Proposed Order represents the most practical, appropriate, and efficient method for addressing discovery on the Ponzi Issue and will eliminate the uncertainty, risk of inconsistent outcomes, and unnecessary duplicative litigation that would result from addressing this common issue one adversary proceeding at a time.

## <u>CONCLUSION</u>

For the reasons set forth above and in the Trustee's Motion, the Trustee respectfully requests that the Court (i) grant the Trustee's request for an order establishing the Omnibus Ponzi Pre-Trial Proceeding; (ii) enter an order substantially in the form of the Revised Proposed Order attached hereto as **Exhibit B** granting the relief requested herein; and (iii) grant such other and further relief as the Court deems proper.

Dated: New York, New York
      July 18, 2018

By:  */s/ Stacey A. Bell*

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Stacey A. Bell
Email: sbell@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Melissa L. Kosack
Email: mkosack@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*
