# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*hchaitman@chaitmanllp.com*

July 23, 2018

**VIA ECF AND FEDERAL EXPRESS OVERNIGHT**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

   Re: **In re Bernard L. Madoff Inv. Secs., LLC, Adv. Pro. No. 08-01789**
      **Trustee's Motion for Omnibus Proceeding on Ponzi Scheme Issue**

Dear Judge Bernstein:

  I respectfully request leave to submit this limited Sur-Reply to the Trustee's Reply in support of his motion for an omnibus proceeding.[1] The Sur-Reply is necessary to address certain of the Trustee's remaining contentions now that many of the issues originally raised in the Motion, filed on February 23, 2018 (ECF No. 17284), and in Defendants' Opposition, filed on April 11, 2018 (ECF No. 17474), have been mooted by the changes in the Trustee's proposal. Additionally, the Trustee raises issues in his Reply that were not raised in his opening Memorandum. Therefore, Defendants respectfully submit that this Sur-Reply is proper and should be considered by the Court in connection with the hearing scheduled for July 25, 2018.

### I. The Proposed Procedure denies Defendants due process of law

#### A. The Trustee has concealed material evidence

  The Trustee has withheld material evidence from Defendants for over two years and despite two court orders. We have asked the Trustee to produce all of the trading records showing trades effectuated by third-party firms on behalf of Madoff and BLMIS. Of course, the Trustee has had access to these records for the past ten years. These are the very same records that Defendants will need in connection with the Omnibus Proceeding. Yet, the Trustee has still not produced these records and he is proposing that the entire proceeding be concluded in four months with then a

---

[1] This letter is submitted on behalf of those defendants represented by Chaitman LLP in the adversary proceedings listed on the Trustee's Exhibit A (the "Defendants") to the Trustee's Motion. (*See* ECF No. 17284-1).

{00036989 1 }

# CHAITMAN LLP

Hon. Stuart M. Bernstein
July 23, 2018
Page 2

mere 60 days for the preparation of expert reports. The Trustee then has ten years to work with the documents; and Defendants, at best, get four months. Of course, Defendants will get much less than that because, based on past performance, we can anticipate that the Trustee will delay producing the trading records and will never make a full production.

Any order entered by this Court should compel the Trustee to give all Defendants immediate access to the entire BLMIS database so that Defendants can search the database just as the Trustee has been able to do for the past ten years. The depositions of witnesses should not begin until Defendants have had ten months of access – that amounts to one month for Defendants for each year the Trustee has had exclusive access to all of the records. While this is still not a level playing field, at least it gives Defendants some opportunity to get the documents which the Trustee has been concealing.

**B. The Ponzi scheme issue was raised by Defendants in their Answers but the Trustee has refused to produce the relevant documents**

The one-sidedness of the Trustee's proposal is shocking. The massive amount of records to which Defendants are indisputably entitled will take Defendants at least ten months to review and analyze – assuming they are ultimately produced. The third-party trading records have been at issue from inception of these cases. When Defendants answered the Complaints, they disputed the factual allegations that Madoff operated a Ponzi scheme and that he never purchased securities for his investment advisory customers. (*See, e.g.*, Answer, *Picard v. Roman*, Adv. Pro. No. 10-04302, ECF No. 52, Affirmative Defense No. 24 ("Madoff and/or BLMIS was not a Ponzi scheme at all relevant times.")). However, after repeatedly falsely stating to this Court that the Trustee had produced all trading records, the Trustee has now admitted that he has not produced the trading records. And, despite all of my efforts, he still has not produced them. Yet, now, he seeks to steamroll the process so that Defendants are unable to assemble the massive evidence supporting their position.

Defendants have repeatedly sought the production of Madoff's and BLMIS' trading records from the Trustee. As early as May 17, 2016, this Court required the Trustee to produce trading records. (*See* Transcript, May 17, 2016 at 69:18-21). Again, on January 7, 2017, Judge Maas entered an Order requiring the Trustee to produce all trading records. (ECF No. 14807 at 3) ("To the extent there are any additional relevant records of securities trading that have not been made available . . . through Data Room 1, they must promptly be produced."). As this Court pointed out to Mr. Sheehan on June 29, 2017, there are "two orders directing you to turn over the documents." (*See* Transcript, June 29, 2017 at 74:14-15). Yet, the Trustee has still refused to turn them over.

On May 1, 2018, Defendants requested permission, during a hearing with the Court, to file a motion for sanctions against the Trustee for failing to produce the trading records. The Court refused to permit Defendants to make that motion and indicated that Defendants should go back to Magistrate Judge Maas to compel the Trustee to comply with this Court's order and Judge Maas' order. However, later that same day, the Trustee volunteered that he would produce the records Defendants had been seeking. (*See* May 1, 2018 emails between Maximillian Shifrin and Helen

{00036989 1 }

**CHAITMAN LLP**

Hon. Stuart M. Bernstein
July 23, 2018
Page 3

Davis Chaitman, attached as Exhibit A to the July 23, 2018 Declaration of Helen Davis Chaitman). However, it is clear that the Trustee was still playing games. As the May 2018 emails annexed to the July 23, 2018 Declaration of Helen Davis Chaitman indicate, the Trustee attempted to force Defendants into accepting a production that consisted only of trading records that were obtained through third-party subpoenas rather than those that were in possession of Madoff and BLMIS. (*See* May 1, 2018 emails between Maximillian Shifrin and Helen Davis Chaitman, attached as Chaitman Exhibit A); (May 7, 2018 emails between Maximillian Shifrin and Helen Davis Chaitman, attached as Chaitman Exhibit B). After numerous meet-and-confer sessions, the Trustee finally agreed not to limit his production to records obtained only through third-party subpoenas. On June 19, 2018, Defendants resent the Trustee a list of trading records that they had been requesting for almost a year. (*See* June 19, 2018 email from Helen Davis Chaitman to Maximillian Shifrin, attached as Chaitman Exhibit C). To date, the Trustee has not produced these documents, and has not even responded to Defendants' request.

### C. The Orders authorizing Madoff's deposition only permitted Defendants whose fact discovery had not closed to participate and held discovery deadlines in abeyance only for the limited purpose of taking Madoff's deposition

In his Reply, the Trustee disingenuously suggests that Paragraph L of the Orders authorizing Madoff's deposition could somehow operate to hold all fact discovery in abeyance in cases in which Defendants participated in Madoff's deposition. (*See* ECF No. 17805, ¶ 24, n.16). Paragraph L of the Original Order Authorizing Madoff's Deposition expressly states that "[a]s to the Participating Customers whose fact discovery is set to close on or after July 7, 2016, the Court extends fact discovery for the limited and sole purpose of taking Madoff's deposition. Other than for that purpose, the deadlines in the applicable case management orders remain unchanged." (ECF No. 14213, ¶ L). Likewise, Paragraph L of the Order Authorizing Madoff's Continued Deposition similarly provides that "the Court extends fact discovery for the limited and sole purpose of taking Madoff's deposition. Other than for that purpose, the deadlines in the applicable case management orders remain unchanged other than as set forth in the transcript of hearing dated June 29, 2017 in this matter." (ECF No. 16625, ¶ L). Thus, there is no foundation for the Trustee's argument that Madoff's deposition broadly held fact discovery open in cases in which it was closed.

Ironically, it was the Trustee who asked the Court to include these provisions and they have been enforced against Defendants. Indeed, the Trustee has previously argued that the Madoff deposition order extended discovery only for the "'limited and sole purpose of taking Madoff's deposition,' and otherwise, 'the deadlines in the applicable case management orders remain unchanged.'" Trustee's Memorandum of Law in Opposition to Motion to Extend the Rebuttal Expert Disclosure Deadlines, *Picard v. Zraick*, Adv. Pro. No. 10-05257, ECF No. 68 (citing the Order authorizing Madoff's deposition). The Trustee made that argument in opposing the Zraick defendants' motion to extend the rebuttal expert disclosure deadline in the PW proceeding. The Trustee even went so far as to argue that potential follow-up discovery based on Madoff's deposition testimony should only be permitted to discovery that "could <u>not</u> have been pursued without his testimony." *Id*. (emphasis in original). The Trustee now attempts to take the completely opposite position.

{00036989 1 }

# CHAITMAN LLP

Hon. Stuart M. Bernstein
July 23, 2018
Page 4

Thus, the Omnibus Proceeding cannot include any Defendant (a) who was barred from participating in Madoff's deposition, and (b) whose case management order provided that fact discovery ended prior to August 10, 2017.

### D. The August 10, 2017 Order

This Court's August 10, 2017 Order extended fact discovery for those Defendants in whose cases fact discovery was still open as of August 10, 2017. Obviously, the Order did not reopen discovery in cases where fact discovery had closed under the operative case management orders. The Trustee seems to suggest that orders entered prior to August 10, 2017 held fact discovery in abeyance, but this is simply untrue. Fact discovery was never held in abeyance until the entry of August 10, 2017 Order. (*See* ECF No. 17805). Thus, there is no basis for the Trustee to argue, as he does, that fact discovery is still open in virtually all of Defendants' cases.

Although the Court entered orders prior to the August 10, 2017 Order, those orders only held certain specifically enumerated aspects of discovery in abeyance. No such order ever held all of fact discovery in abeyance. For example, during a May 31, 2017 hearing, it was contemplated that, expert discovery – not fact discovery – would be held in abeyance pending resolution of the Madoff deposition. As stated by the Court, "on this one issue regarding an expert deadline, we'll reset it at the conclusion of the Madoff deposition." (Transcript, May 31, 2017 at 21:10-13); (*see also id.* at 21:19-22) (THE COURT: "[T]his is the way *this particular issue* will be resolved . . . we'll conclude the Madoff Dep[osition] and then we'll reschedule the expert submissions and have a uniform submission date.") (emphasis added); (*id.* at 26:6-9) (THE COURT: "[W]e'll reset the expert deadline after the Madoff deposition is completed as to those cases where expert discovery was not closed as of July 7th, 2016. Okay?").

An additional hearing was held on June 29, 2017 which resulted in another bench ruling that expert discovery would be held in abeyance until the conclusion of Madoff's deposition. (*See* Transcript, June 29, 2017 at 24:7-12) (MR. JACOBS: "There is discovery . . . that we would like to take . . . that we are holding in abeyance in anticipation of a procedural order that will call for a discovery period for the exchange of expert reports in connection with that specific issue.").

On July 26, 2017, the Court entered an order implementing the bench rulings of May 31, 2017 and June 29, 2017. (*See* ECF No. 14549). As the Trustee correctly stated in his Opening Memorandum, that Order provided that the Trustee's and Defendants' deadlines to serve "affirmative and expert rebuttal reports" would be determined after Madoff's deposition. (*See* Trustee's Mem., ECF No. 17284, ¶ 35). That Order (a) only applied to case management orders in cases where the Defendants were permitted to participate in Madoff's deposition and (b) did not hold fact discovery in abeyance in all cases. To the contrary, that Order moved fact discovery forward by requiring Defendants to immediately, within ten days, complete their production of documents requested by the Trustee in cases where the deadline to make such a production had expired. (*See* ECF No. 16459, ¶¶ 6, 10).

{00036989 1 }

**CHAITMAN LLP**

Hon. Stuart M. Bernstein
July 23, 2018
Page 5

The July 26, 2017 Order specifically carves out those items of discovery that would be held in abeyance pending Madoff's deposition. (*See* ECF No. 16459, ¶ 1) (expert reports of Chaitman LLP); (*id.*, ¶¶ 2-3) (the subpoenas served by Chaitman LLP on former BLMIS traders). It does not provide that all fact discovery deadlines are extended.

It was only the August 10, 2017 Order that first held all of fact discovery in abeyance in cases in which fact discovery was open. (*See* ECF No. 16494). The Trustee even agrees that the August 10, 2017 Order held that "**all fact discovery deadlines that had not expired as of August 10, 2017, remain open.**" (ECF No. 17805, ¶ 28, n.20) (emphasis added). Thus, in those cases where fact discovery was closed as of August 10, 2017, Defendants may not participate in the Omnibus Proceeding.

Accordingly, the Trustee's Proposed Order, (ECF No. 17805-2, Exhibit B), should clarify that for Defendants in cases where fact discovery was closed as of August 10, 2017, they (a) may not participate in the Omnibus Proceeding, but (b) are not in any way barred from seeking the discovery that they have already requested and which this Court has already held they were entitled to receive. (*See, e.g.*, ECF No. 16459, ¶¶ 2-3(the subpoenas served by Chaitman LLP on former BLMIS traders). Thus, language relating to the "opt-in procedure" contemplated by the Proposed Order should be modified to reflect this. (*See* ECF No. 17805-2, Exhibit B, § I.5) (improperly stating that "[a]ny remaining defendant listed on **Exhibit A** for whom the Trustee does not receive a Notice of Participation within 15 days of the entry of this Order ('Non-Participating Defendants') will be barred from seeking any discovery on any aspect of the Ponzi Issue in any adversary proceeding.").

In fact, Defendants who subpoenaed former BLMIS traders and the Defendants who asked the Trustee to produce all of the trading records are still entitled to discovery on these issues; however, if fact discovery is otherwise closed in their cases, they cannot participate in the Omnibus Proceeding. Nevertheless, the Court should allow these Defendants to immediately proceed with the depositions of the subpoenaed witnesses and the production of their documents. There is no justification for denying Defendants access to this discovery.

### E. Additional issues with the Proposed Order

Defendants in three adversary proceedings (Saren-Lawrence and the Nelsons)[2] have filed motions to withdraw the reference so that the District Court can conduct a jury trial in these adversary proceedings. Although Judge Daniels denied those motions, he did so because he was misled by the Trustee into believing that somehow these three Defendants had claims pending in the bankruptcy court that would necessarily adjudicate the avoidance actions. Defendants' motions for reconsideration and leave to appeal are pending.

---

[2] These three adversary proceedings are *Picard v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB), No. 17-cv-05157 (GBD), *Picard v. Carol Nelson*, Adv. Pro No. 10-04658 (SMB), No. 17-cv-05162 (GBD); *and Picard v. Carol Nelson and Stanley Nelson*, Adv. Pro No. 10-04377 (SMB), No. 17-cv-05163 (GBD).

{00036989 1 }

# CHAITMAN LLP

Hon. Stuart M. Bernstein
July 23, 2018
Page 6

  Discovery in these three cases has concluded and they are trial ready. Paragraph 32 of the Trustee's Reply indicates that these three cases will be excluded from the Omnibus Proceeding until the jury trial issue pending before Judge Daniels is resolved. (*See* ECF No. 17805, ¶ 32). However, the Trustee has included these three cases in his Exhibit A, which Exhibit A lists the Defendants who must either participate in the Omnibus Proceeding or be foreclosed from taking additional discovery on the Ponzi Issue. These three cases should not be listed on Exhibit A as they are not participating in the Omnibus Proceeding and discovery is closed.

  In addition, there are other Defendants whose cases are trial ready and those cases, as well, cannot properly be included in the Omnibus Proceeding. Yet, they are on the Trustee's proposed Exhibit A.

  Moreover, the Trustee has indicated that he intends to take at least 10 depositions of fact witnesses, continue Madoff's deposition, and take additional undisclosed discovery. There is no basis, under the Federal Rules for him to do so.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb

cc: *(Via ECF and Email)*
  David J. Sheehan, Esq.
  Kevin H. Bell, Esq.

{00036989 1 }