# EXHIBIT B

**From:** Helen Chaitman
**Sent:** Monday, May 07, 2018 3:25 PM
**To:** 'Shifrin, Maximillian S.' <mshifrin@bakerlaw.com>
**Subject:** RE: Status

Max:  "Third party records" meant non-Madoff documents.  I made this absolutely clear in our meeting.  No where did you or anyone else say you would only search among records that Picard had subpoenaed.  Obviously, financial institutions don't keep records going back more than six years so that body of documents is obviously very limited.

I am asking you now to provide me with access to all documents which were generated by third parties reflecting any trading activity of Madoff and/or BLMIS without date limitation.  This request is inclusive of all documents that had been in Madoff's and BLMIS' possession or control prior to 12/11/08.

If this is  unclear, please let me know.  Also, please give me a date by which this production will be made.

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Cell:  (908) 303-4568
Fax:  (888) 759-1114

**From:** Shifrin, Maximillian S. [mailto:mshifrin@bakerlaw.com]
**Sent:** Monday, May 07, 2018 2:35 PM
**To:** Helen Chaitman <hchaitman@chaitmanllp.com>
**Subject:** RE: Status

Helen,

Attached are four items that support our understanding of the agreements reached during the meet and confer.  They include the following:

1.  An email I sent to you on November 15, 2017—the day after our meet and confer—confirming that we will run the "search terms across our third party records";

2.  The Trustee's December 21, 2017 responses and objections to your subsequent discovery requests, which states (three separate times): "Consistent with the agreements reached with opposing counsel at the November 14, 2017 meet and confer, the Trustee will search for and review additional potentially responsive records from the universe of Third-Party Documents.";

3.  A January 2, 2018 email again confirming that we were running "searches in our Third Party Documents," as we had stated in our discovery responses; and

4. A March 16, 2018 email informing you that we had "identified documents from the third-party database responsive to the agreed-upon search terms based upon BLMIS bank account numbers."

As you can see, we have been entirely consistent and transparent about what we agreed to do. In contrast, you did not raise any issue with our search protocols until the hearing last week.

In any event, we don't understand what the dispute is here. We have agreed to run the search you are complaining we didn't run. And we would have happily run that search originally if we were not under the impression that you wanted to focus on the Trustee's third-party records. Our goal was to give you exactly what you wanted.

Hopefully we can sort this out and avoid needlessly involving Judge Maas.

Best,
Max

**From:** Helen Chaitman <hchaitman@chaitmanllp.com>
**Sent:** Monday, May 07, 2018 11:42 AM
**To:** Shifrin, Maximillian S. <mshifrin@bakerlaw.com>
**Subject:** RE: Status

Max: Please email to me any communication between us which supports your contention, made before Judge Bernstein, that I limited my request to third party records subpoenaed by Picard.

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Cell: (908) 303-4568
Fax: (888) 759-1114

**From:** Shifrin, Maximillian S. [mailto:mshifrin@bakerlaw.com]
**Sent:** Monday, May 07, 2018 11:25 AM
**To:** Helen Chaitman <hchaitman@chaitmanllp.com>
**Subject:** RE: Status

Helen,

As the Court recognized at the May 1, 2018 conference, Judge Maas's March 15, 2017 order continues to govern your request for additional documents. In addition to setting forth a specific procedure for raising additional disputes (which you have repeatedly disregarded), that order requires you to use the comprehensive indices we provided and to state with specificity the documents that you seek and where you believe they may be located. To date, you have not given us any indication that you've ever consulted these indices, much less used them to make an informed request for documents.

Despite your refusal to comply with this order, we remain happy to run reasonable search terms in the BLMIS Database in an effort to identify relevant documents that are of interest to you.  Indeed, we've done this for you multiple times since the initial arbitration before Judge Maas, and have produced to you over 200,000 documents from the BLMIS Database using this approach.  Most recently, after you complained to Judge Bernstein that our March 23, 2018 production focused exclusively on the Trustee's Rule 2004 materials (which was precisely what we agreed to do during our meet and confer), we offered to run that exact same search across the BLMIS Database in order to ensure that we provided you with everything of interest.  Inexplicably, you declined this offer—despite complaining in court hours earlier that we did not take this precise step—and are now demanding an effective production of 30 million documents without regard to relevance, proportionality, or cost.

At this point, we are simply perplexed by your approach.  You seem to have more interest in perpetuating disputes than in working with us to obtain the documents that you seek.  Should your approach change, we will remain happy to work with you.  But under these circumstances, we do not agree to a wholesale production of 30 million documents.

Best,
Max

**From:** Helen Chaitman <hchaitman@chaitmanllp.com>
**Sent:** Sunday, May 06, 2018 3:01 AM
**To:** Shifrin, Maximillian S. <mshifrin@bakerlaw.com>
**Subject:** Status

Max:  Please let me know by Monday at 5 p.m. if the Trustee is going to voluntarily give my clients access to the BLMIS data base.

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Cell:  (908) 303-4568
Fax:  (888) 759-1114

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are

present in this email, or any attachment, that have arisen as a result of e-mail transmission.