UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE
TRUSTEE'S MOTION TO STRIKE THE NOTICES OF WITHDRAWAL OF CLAIM
AND NOTICES OF WITHDRAWAL OF OBJECTION TO DETERMINATION OF
CLAIM FILED BY CHAITMAN LLP AND DENTONS US LLP**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff.

2. In December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the

accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this Declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion to Strike the Notices of Withdrawal of Claim and Notices of Withdrawal of Objection to Determination of Claim Filed by Chaitman LLP and Dentons US LLP (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. On December 23, 2008, the Claims Procedures Order was entered in this proceeding authorizing and directing the Trustee to cause notice of the commencement of this liquidation proceeding and the claims' bar date. A true and correct copy of the Claims Procedure Order is attached hereto as Exhibit 1.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

2

7. On January 2, 2009, at the Trustee's direction, AlixPartners mailed notice of the commencement of this liquidation proceeding and the bar date to former customers, broker-dealers, and other creditors of BLMIS.

8. During this proceeding, 2,410 objections have been filed with the Bankruptcy Court. These objections relate to 4,464 claims and 1,236 accounts. As of July 23, 2018, 419 objections (related to 492 claims and 382 accounts) remained.

9. The Claimants subject to the Motion are identified on the chart annexed hereto as Exhibit 2. As reflected in columns B and C of Exhibit 2, each of the Claimants filed a Claim with the Trustee by the bar date and each Claimant filed an Objection to the Trustee's determination.

10. To date, the Objections remain pending and unresolved.

11. As shown in column D of Exhibit 2, each Claimant is the subject of a pending Avoidance Action by the Trustee.

12. As shown in columns G through T of Exhibit 2, based on the review of publicly filed court documents, my colleagues at AlixPartners and I determined that each of the Claimants participated in the legal proceedings concerning the methodology for calculating customer claims and the Avoidance Actions.

13. On March 8, 2010, the Bankruptcy Court entered an order (1) upholding the Trustee's determinations denying customer claims for the amounts stated on their last BLMIS account statements as of November 30, 2008, (2) affirming the Trustee's Net Investment Method, and (3) overruling any objections related to the Trustee's application of the Net Investment Method (the "Net Equity Order"). A true and correct copy of the Net Equity Order is attached hereto as Exhibit 3.

14. The Net Equity Order provided that "the objections to the determinations of customer claims, as listed on Exhibit A to the Trustee's [net equity motion] [Dkt. No. 530], are expunged insofar as those objections are based upon using the Final Customer Statements rather than the Net Investment Method to determine Net Equity. . . ." Net Equity Order, at 3. A true and correct of Exhibit A to the Trustee's net equity motion is attached hereto as Exhibit 4.

15. None of the Chaitman LLP Claimants are among the claimants identified on Exhibit 4 and all Chaitman LLP Claimants raised issues beyond the Net Investment Method in their respective Objections. Two of the Dentons Claimants are among the claimants identified on Exhibit 4, but they, and all other Dentons Claimants, raised issues beyond the Net Investment Method in their respective Objections.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2018
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022

4