**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Jorian L. Rose
Amy E. Vanderwal
Anat Maytal
Jason I. Blanchard

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the chapter 7 estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |

**SUPPLEMENT TO TRUSTEE'S MOTION TO STRIKE THE NOTICES OF WITHDRAWAL OF CLAIM AND NOTICES OF WITHDRAWAL OF OBJECTION TO DETERMINATION OF CLAIM FILED BY CHAITMAN LLP AND DENTONS US LLP**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff ("Madoff") (collectively, the "Debtor"), by and through his undersigned counsel, by this supplement (the "Supplement") seeks to expand the Motion to Strike the Notices of Withdrawal of Claim and Notices of Withdrawal of Objection to Determination of Claim filed by Chaitman LLP and Dentons US LLP (the "Motion To Strike") filed on July 27, 2018 (ECF Nos 17864-17866) to include the 33 additional notices of withdrawal of objection to determination of claims filed by Chaitman LLP on July 27, 2018 (collectively, the "Additional Withdrawals").[1]

## I. THE ADDITIONAL WITHDRAWALS

### A. The July 27, 2018 Withdrawals

On July 27, 2018, Chaitman LLP filed in the main bankruptcy proceeding, a *Notice of Withdrawal of Objection to Trustee's Determination of SIPC Claim,* on behalf of the following claimants (the "Additional Claimants"):

|     | **Claimants** | **Withdrawal Docket No.** |
| --- | --- | --- |
| 1.  | Robert Roman | 17852 |
| 2.  | Joan Roman | 17851 |
| 3.  | Lewis Barbanel as the Personal Representative of the Estate of Herbert Barbanel and the Estate of Alice Barbanel | 17827 |
| 4.  | Roberta Schwartz Trust U/A/D 2/11/08 | 17856 |
| 5.  | Benjamin T. Heller | 17840 |
| 6.  | Fern C. Palmer Revocable Trust Dtd as amended | 17849 |
| 7.  | Carl L. Kamenstein, Sloan G. Kamenstein, Tracy D. Kamenstein, and David R. Kamenstein | 17842 |
| 8.  | Judd Robbins | 17850 |
| 9.  | Robert F. Ferber | 17835 |

---

[1] For purposes of judicial efficiency, the Trustee further requests the Additional Withdrawals to be determined at the hearing on the Motion to Strike currently scheduled for August 29, 2018, given that there are no substantive differences between the withdrawals subject to the Motion to Strike and the Additional Withdrawals.

| 10. | Whitman Partnership | 17859 |
|---|---|---|
| 11. | Donald A. Benjamin | 17828 |
| 12. | Russell Laslow Dusek | 17832 |
| 13. | Robert Hirsch and Lee Hirsch | 17841 |
| 14. | Judith Gattegno in her capacity as a member of the Kuntzman Family LLC | 17845 |
| 15. | Carla Ginsburg , M.D. | 17837 |
| 16. | Kenneth M. Kohl and Myrna L. Kohl | 17843 |
| 17. | Edyne Gordon, in her capacity as the Executrix of the Estate of Allen Gordon | 17838 |
| 18. | Toby Harwood | 17839 |
| 19. | Frank DiFazio and Carol DiFazio | 17831 |
| 20. | Diane Homers and Bruce Palmer, Personal Representative of the Estate of Boyer Palmer | 17847 |
| 21. | Leslie Ehrlich and Stephen Ehrlich | 17834 |
| 22. | Athena Arvan, as the Personal Representative of the Estate of Denis M. Castelli | 17830 |
| 23. | Evelyn Berezin Wilenitz, Trust U/ART Fourth O/W/O Israel Wilenitz, Evelyn Berezin and Sara Seims, Trustee | 17829 |
| 24. | Walter Freshman Revocable Trust and Frieda Freshman Revocable Trust Dated 12/31/92 | 17836 |
| 25. | Maurice Sandler, individually as grantor and beneficiary of and in his capacity as Trustee of The Gloria Albert Sandler and Maurice Sandler Revocable Trust | 17854 |
| 26. | Theresa R. Ryan, individually and in her capacity as trustee of the Lawrence J. Ryan & Theresa R. Ryan Revocable Living Trust & the Lawrence J. Ryan By-Past Trust Under Declaration of Trust Dated 11/20/1991 | 17853 |
| 27. | Barbara Kotlikoff Harman | 17844 |
| 28. | The Palmer Family Trust | 17863 |
| 29. | Steven P. Norton, Martin R. Harnick, The Harnick Brothers Partnership | 17860 |
| 30. | Doron Tavlin Trust U/A/ 2/4/91 | 17857 |
| 31. | Richard G. Eaton | 17833 |
| 32. | Gunther K. Unflat and Margaret Unflat | 17858 |
| 33. | Keith Schafer and Jeffrey Schaffer, Jeffrey Schaffer and Donna Schaffer, Keith Schafffer | 17855 |

**B.  The Additional Claimants' Customer Claims, Objections And Participation In Litigation Before Multiple Courts In This SIPA Liquidation Proceeding**

As reflected in the chart annexed to the Second Declaration of Vineet Sehgal (the "Sehgal Decl.") as Exhibit A, each Additional Claimant filed a customer claim with the Trustee by the bar date (the "Claims"). The Trustee denied each Claim and mailed notice of his determination to each Claimant. Each Claimant subsequently filed an objection to the Trustee's determination on various grounds (the "Objections"). To date, the Objections remain pending and unresolved.

Each Additional Claimant is also the subject of a pending avoidance action by the Trustee (the "Avoidance Actions"). *See* Sehgal Decl., Ex. A. Importantly, the Avoidance Actions are predicated, in part, on the Additional Claimants' negative "net equity" in their BLMIS accounts as of December 11, 2008 (the "Filing Date") and thus seek to recover the fictitious profits they received from BLMIS within two years preceding that date. Conversely, the Claims, pending Objections, and defenses to the Avoidance Actions are predicated, in part, on the purported securities transactions reflected on the monthly account statements Additional Claimants received from BLMIS. The Additional Claimants seek to retain the fictitious profits reflected on their account statements as of the Filing Date.

Moreover, the Additional Claimants each participated in the substantial legal proceedings regarding the methodology for calculating customer claims. *See* Sehgal Decl., Ex. A. For example, many of the Additional Claimants filed briefs challenging the Trustee's calculation of net equity according to the Net Investment Method,[2] and several appealed the Court's decision

---

[2] Customers Memorandum of Law in Opposition to Trustee's Motion for an Order Approving the Trustee's Re-Definition of "Net Equity" Under the Securities Investor Protection Act (ECF No. 760); Declaration of Helen Davis Chaitman in Opposition to Trustee's Motion for an Order Approving the Trustee's Re-Definition of "Net Equity" Under the Securities Investor Protection Act (ECF No. 761).

3

affirming the Net Investment Method to the Second Circuit,[3] and, subsequently, to the Supreme Court.[4] All of the Additional Claimants filed oppositions to the Trustee's motion for an order denying an adjustment to net equity for time-based damages,[5] all appealed the Court's decision granting the Trustee's motion to the Second Circuit,[6] and several appealed to the Supreme Court.[7]

The Additional Claimants have also actively participated in the Avoidance Actions. The Additional Claimants previously moved to dismiss their respective Avoidance Actions,[8] have been involved in various discovery disputes before the court-appointed discovery arbitrator, Judge Maas, as well as this Court.[9] The Additional Claimants were also part of the briefing for the *Antecedent Debt Decision*[10] and the *Stern Consolidated Decision*,[11] which were predicated on the Additional Claimants' motions for withdrawal of the reference to the District Court. Following such briefing, the Additional Claimants filed answers substantially denying the allegations in the Trustee's complaints and asserting various affirmative defenses, including that

---

[3] Brief for Appellants, as represented by Chaitman LLP (10-2378, ECF No. 215).
[4] Several Claimants collectively filed a petition for certiorari with the Supreme Court, which was denied. *See Ryan, et al. v. Picard, et al.*, 133 S. Ct. 24 (U.S. June 25, 2012) (No. 11-969).
[5] Customers' Objection to Trustee's Motion for an Order Denying Time-Based Damages (ECF No. 5129); Declaration of Helen Davis Chaitman in Support of Customers' Objection to Trustee's Motion for an Order Denying Time-Based Damages (ECF No. 5130). Customers' Brief Opposing Trustee's Motion for an Order Rejecting an Inflation Adjustment to the Calculation of Net Equity (5133).
[6] Joint Page Proof Brief of Certain Claimants-Appellants (14-0097, ECF No. 113).
[7] *See Peshkin, et al. v. Picard, et al.*, 136 S. Ct. 218 (Oct. 5, 2012) (No. 15-95).
[8] *See* June 2, 2015 Memorandum Decision Regarding Omnibus Motions to Dismiss (ECF No. 10089); April 4, 2016 Order Implementing the Court's March 23, 2016 Bench Ruling (I) Denying Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 37(B), 41(B), And Cross-Motion To Quash And For Protective Order; (II) Denying Defendants' Motion For Temporary Restraining Order and Stay Of Enforcement Of Subpoenas; and (III) Granting The Trustee's Motion To Compel, *Picard v. Robert Roman,* Adv. Pro. No. 10-04292 (ECF No 75); *Picard v. Joan Roman,* Adv. Pro. No. 10-04302 (ECF No. 76); *Picard v. Barbanel,* Adv. Pro. No. 10-04321 (ECF No. 73); *Picard v. Trust u/art Fourth o/w/o Israel Wilenitz,* Adv. Pro. No. 10-04995 (ECF No. 62).
[9] *See, e.g.,* Notice of Motion for an Order Authorizing the Deposition of Bernard L. Madoff (ECF No. 13603); Notice of Request to Depose Bernard L. Madoff on "Day Two Topics" (ECF No. 16099).
[10] *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* 499 B.R. 416 (S.D.N.Y. 2013) ("*Antecedent Debt Decision*").
[11] *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46 (S.D.N.Y. 2013) (the "*Stern Consolidated Decision*").

the Additional Claimants had received transfers from BLMIS for value and in good faith under § 548(c) of the Bankruptcy Code and are entitled to an adjustment to their fraudulent transfer liability for taxes and the time value of money deposited into their respective BLMIS accounts.[12] Each of the Additional Claimants seeks to use the calculation of his or her account transactions as a defense in some form or fashion.

### C. The Additional Claimants And The Net Equity Order

As addressed in the Motion to Strike, on March 8, 2010, the Bankruptcy Court entered an order (1) upholding the Trustee's determinations denying customer claims for the amounts stated on their last BLMIS account statements as of November 30, 2008, (2) affirming the Trustee's Net Investment Method, and (3) overruling any objections related to the Trustee's application of the Net Investment Method.[13] The Net Equity Order specifically applied to 78 claimants identified on Exhibit A to the Trustee's Net Equity Motion,[14] and provided that "the objections to the determinations of customer claims, as listed on Exhibit A . . ., are expunged insofar as those objections are based upon using the Final Customer Statements rather than the Net Investment Method to determine Net Equity. . ." (Net Equity Order at *3.) All other issues identified in the 78 claimants' objections remained unresolved. The Additional Claimants were not listed on Exhibit A to the Trustee's Net Equity Motion, and their Objections remain pending before the

---

[12] *See, e.g.*, Answer to Complaint, *Picard v. Trust u/art Fourth o/w/o Israel Wilenitz,* Adv. Pro. No. 10-04995 (Bankr. S.D.N.Y. Sept. 16, 2015), ECF No. 40.

[13] *See* Order (1) Upholding Trustee's Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of Net Equity; and (3) Expunging Those Objections With Respect To The Determinations Relating to Net Equity (hereinafter the "Net Equity Order") (ECF No. 2020). A true and correct copy of the Net Equity Order was attached as Exhibit 3 to the Declaration of Vineet Sehgal as filed on July 27, 2018 (ECF No. 17866).

[14] *See* Trustee's Motion for an Order Upholding Trustee's Determination Denying Customer Claims' For Amounts Listed on Last Statement, Affirming Trustee's Determination of Net Equity and Expunging Those Objections With Respect to The Determinations Relating to Net Equity (hereinafter the "Trustee's Net Equity Motion") (ECF No. 524. Exhibit A to the Trustee's Net Equity Motion was filed separately. See Exhibit A: Description of Net Equity Claimants (ECF No. 530), a true and correct copy of which was attached as Exhibit 4 to the Declaration of Vineet Sehgal as filed on July 27, 2018 (ECF No. 17866).

Bankruptcy Court.

## II. CONCLUSION

For the reasons stated in the Motion to Strike, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 1, striking the Additional Withdrawals from the Court's docket and determining that they have no legal effect.

Dated: New York, New York  
      August 13, 2018

Respectfully submitted,

*/s/ David J. Sheehan*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Anat Maytal
Email: amaytal@bakerlaw.com
Jason I. Blanchard
Email: jblanchard@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the chapter 7 estate of Bernard L. Madoff*

6