**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 23, 2018

Torello H. Calvani
direct dial: 212.589.4657
tcalvani@bakerlaw.com

**VIA ECF AND EMAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*,
Adv. Pro. No. 08-01789 (SMB); *Picard v. Shapiro, et al.*, Adv. Pro. No. 10-05383 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff. We write to provide Your Honor with an update regarding what defendants Stanley Shapiro, David Shapiro, Leslie Citron, and Kenneth Citron (collectively, "Defendants") did, *and did not*, produce to the Trustee in response to this Court's Order on the Trustee's Motion to Compel Production of Documents (the "Order" (ECF No. 105)). Regretfully, the fear that the Trustee expressed, and which the Court shared, has come to pass.[1]

For nearly two years, Defendants objected to producing numerous categories of documents sought by the Trustee on a host of grounds, including attorney-client privilege, the requested documents related solely to subsequent transfers, and the requests were overly broad and imposed an undue burden. At the end of the day, Defendants *did not withhold a single document* based either on the attorney-client privilege or because the document related solely to a subsequent transfer (and by consequence they did not furnish any privilege or subsequent transferee log to the Court). David Shapiro *did not produce a single document* in response to *any of the 18 Requests*. *See* Order ¶ 6(a) & (b). The Citrons produced *a total of 44 pages* in response to *only 4 of the 18 Requests*. *See id.*

---

[1] MR. ROLLINSON: Your Honor, the only thing that I'll point out on that is – and maybe this is wasted breath – but the rules do say if you're going to object it's got to be . . . based on an objection of withholding materials. So the rules contemplate only object if you have responsive materials. And it'd be a shame if at the end of the day we're told . . . there are no responsive documents to requests that they have objected to and we've wasted a year and half.

  THE COURT: I agree with you.

Transcript of 5/22/2018 Hearing on Motion to Compel at 39:6 – 39:17.

Honorable Stuart M. Bernstein
August 23, 2018
Page 2

at ¶ 7(a) & (b).  And Mr. Shapiro *did not produce any documents* in response to *8 of the 12 Disputed Requests*.  *See id.* at ¶ 5(b).

Defendants were placed on notice in April 2009 that the Trustee had potential claims against them, and thus they were legally obligated to retain all relevant documents.  It is difficult to fathom that only months after BLMIS's collapse David Shapiro and the Citrons did not have any documents responsive to numerous Requests, including account statements (No. 2) or communications with their father or BLMIS regarding the Core Accounts or BLMIS (Nos. 6 & 7).  Nevertheless, they now claim they do not have any responsive documents to these and a host of other Requests.  To the extent they had such documents and disposed of them, they have engaged in impermissible spoliation.  To the extent that they still have such documents, they must produce them.

To the extent that Defendants truly have no documents responsive to the vast majority of (and, in the case of David Shapiro, all of) the Requests, they have unnecessarily caused the Trustee as well as the Court to waste considerable time and resources.  Under the Federal Rules of Civil Procedure, "[a]n objection must state whether *any responsive materials* are being withheld on the basis of that objection" Fed. R. Civ. P. 34(b)(2)(C) (emphasis added).  Given that Defendants withheld no documents based on privilege, subsequent transfers, or on some other stated objection, Defendants lacked a good faith basis for raising and maintaining those objections throughout numerous meet and confers, several Rule 7007 conferences, their opposition papers on the Motion to Compel,[2] and as late as the hearing on the Motion to Compel.

The Trustee respectfully submits that Defendants should be required to explain to the Court why their "nondisclosure, response[s], or objection[s] w[ere] substantially justified." Fed. R. Civ. P. 37(a)(1)(5)(A)(ii).  The Trustee believes that a conference is appropriate to discuss this matter, if the Court is so inclined.

**BAKER & HOSTETLER LLP**

By: /s/ *Torello H. Calvani*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

*and*

127 Public Square
Cleveland, Ohio 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740
James H. Rollinson
Email: jrollinson@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee
for the liquidation of Bernard L. Madoff Investment
Securities LLC and the consolidated estate of Bernard L. Madoff*

---

[2] For example, in opposing the Motion to Compel, David Shapiro and the Citrons specifically argued that Request Nos. 7 and 29 are "impermissibly broad" and "indisputably improper" (ECF 99 at 8, 9) only to eventually acknowledge that they are not in possession of any documents responsive to these particular Requests.