**CHAITMAN LLP**
Helen Davis Chaitman, Esq.
Gregory M. Dexter, Esq.
465 Park Avenue
New York, New York 10022
Phone: (888) 759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Aaron Blecker and Participating Claimants*
*Highlighted on Exhibit A on the Joint Notice of Appeal*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                        Plaintiff,<br><br>            v.<br><br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                        Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                                        Debtor. | Appeal No. 18-cv-07449-PAE |

## <u>STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL</u>

Pursuant to Federal Rule of Bankruptcy Procedure 8009, and in connection with the Notice

of Appeal filed on August 10, 2018, (ECF 17884), Appellants Aaron Blecker and the Participating

Claimants highlighted on Exhibit A on the Joint Notice of Appeal ("Appellants") hereby state the

issues to be presented on appeal to the United States District Court for the Southern District of

New York from the Bankruptcy Court:

(i) Memorandum Decision and Order Regarding Treatment of Profit Withdrawal Transactions of the United States Bankruptcy Court for the Southern District of New York (Hon. Stuart M. Bernstein) entered in the above-referenced proceeding on July 27, 2018 (ECF No. 17869); and

(ii) Order Affirming the Trustee's Determination Denying Claims and Overruling the Objection of Participating Claimant Aaron Blecker of the United States Bankruptcy Court for the Southern District of New York (Hon. Stuart M. Bernstein) entered in the above-referenced proceeding on August 3, 2018 (ECF No. 17878).

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.      Where the Trustee has contended from inception that Madoff's books and records were permeated with fraud, did the Bankruptcy Court err in holding that the books and records of the largest financial fraud in world history were reliable enough to be admissible for their truth and therefore excepted from the rules against hearsay?

2.      Given the unreliability of Madoff's books and records for the period from 1980 - 1997, did the Bankruptcy Court err in granting the Trustee a presumption that "PW" entries listed on Madoff documents evidenced actual withdrawals of cash and, implicitly, that the customer actually received the cash?

3.      Where Blecker testified unequivocally that he never received any withdrawals from his Madoff accounts, and the Trustee had no documentary evidence proving that Blecker ever received a withdrawal, did the Bankruptcy Court err in concluding that Blecker received Profit Withdrawals, by relying on the history of accounts of *other* customers who conceded they received Profit Withdrawals and imposing on Blecker an impossible burden of proving a negative, *i.e.,* that he did not receive checks from Madoff during the period from 1980 – 1997?

4.      Where Blecker testified unequivocally that he never received any withdrawals from his Madoff accounts, the trial involved no Madoff customers other than Blecker, the Trustee had no documentary evidence proving that Blecker ever received a withdrawal, and the Bankruptcy Court itself acknowledged the irrelevance of other customers' accounts, did the Bankruptcy Court err in holding that Blecker did receive withdrawals, relying, in part, on the fact that this was an "omnibus proceeding"?

5.      Did the Bankruptcy Court err in admitting summary exhibits when the underlying documents were illegible and/or not made available for inspection, and the Trustee failed to establish that all of the underlying documents were produced, or even existed?

6.      Did the Bankruptcy Court err in admitting into evidence, after the trial, an entire expert report that no party even moved into evidence and that Participating Claimants had no opportunity to cross-examine the expert on?

7.      Did the Bankruptcy Court err in denying Blecker's claim by relying on expert testimony about accounts of customers other than Blecker where (unlike with Blecker) there was third-party documentary evidence proving the withdrawals?

8.      Did the Bankruptcy Court err in holding that the hearsay rules do not apply in a proceeding under the Securities Investor Protection Act?

9.      Did the Bankruptcy Court err in denying Blecker's claim by relying on the testimony of experts who admitted that they could not reconcile Blecker's accounts?

10.     Did the Bankruptcy Court err in relying on the testimony of a convicted felon whose testimony was bought by the Trustee?

11.      Did the Bankruptcy Court err in relying on the inconsistent and contradicted testimony of BLMIS employees, many of whom lacked firsthand knowledge about the testimony they gave?

12.     Did the Bankruptcy Court err in holding that the Trustee's experts reviewed a complete set of the Bleckers' monthly account statement even though the Trustee did not produce to Blecker's counsel in discovery a complete set of such records and did not introduce them into evidence so that Blecker's counsel could cross-examine based on those records?

13.     Did the Bankruptcy Court err in admitting into evidence Madoff records from 1980 – 1997, where the Trustee introduced no evidence as to who prepared the records, whose handwriting appeared on the records, when they were prepared, or how the records were maintained?

14.     Did the bankruptcy court err in holding that, while the Trustee is not bound by the statements Madoff sent to Blecker from 1980 –1997, Blecker is bound by those very same records and Blecker "ratified" the statements he received, even though the notations on the records are not clear as to their meaning and Blecker testified that he did not understand that the records indicated he allegedly took withdrawals from his accounts?

15.     Is the Trustee barred by the doctrine of *in pari delicto* from relying on the 10-day objection clause of Madoff's customer contract against defrauded customers, when the Trustee himself is not bound by the very same statements?

16.     Did the Bankruptcy Court err in holding that Blecker did not make a *prima facie* showing that the amount of his claims was greater than zero?

17.     Did the Bankruptcy Court err in upholding the Trustee's denial of Blecker's claim even though not a single one of the Trustee's experts could corroborate the PW entries on Blecker's account statements with a single third-party record?

18.     Did the Bankruptcy Court err in upholding the Trustee's denial of Blecker's claim even though the only direct evidence relating to the Bleckers' accounts was the unimpeached sworn testimony of Blecker and his son, Robert Blecker?

19.     Did the Bankuptcy Court err in taking a fragment of Robert Blecker's testimony – that his father said that Madoff was a great investment – and finding, based on that statement that Blecker made withdrawals from his accounts when, in fact, Robert Blecker testified unequivocally that his father never made a withdrawal from his Madoff accounts?

20.     Did the Bankruptcy Court err in upholding the Trustee's denial of Blecker's claim when there was no evidence that Blecker ever requested or received a withdrawal from his accounts?

21.     Did the Bankruptcy Court improperly impose upon Blecker an impossible burden to prove a negative, given the fact that the Trustee relied upon records dating from 1980 – 1997?

22.     Did the Bankruptcy Court err in discrediting the unimpeached testimony of Blecker and Blecker's son when the Trustee had not a single piece of documentary evidence indicating that Blecker ever received a withdrawal from any of his Madoff accounts?

23.     Did the Bankruptcy Court err in concluding that outflows from an account made for the purpose of purchasing stock, which would result in a corresponding inflow of that stock, would necessarily represent net outflows?

24.     Did the Bankruptcy Court err in concluding that "a PW notation appearing in a monthly statement supports the finding, in the absence of credible contrary evidence offered by a claimant in that claimant's case, that the customer received a cash distribution in the mount indicated?"

25.     Did the Bankruptcy Court err in refusing the allow the Participating Claimants to call the Trustee as a witness?

Dated:    August 24, 2018                    **CHAITMAN LLP**
        New York, New York

By:    */s/ Helen Davis Chaitman*        

Helen Davis Chaitman, Esq.
Gregory M. Dexter, Esq.
465 Park Ave.
New York, New York 10022
Telephone: (888) 759-1114
Facsimile: (888) 759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com
*Attorneys for Aaron Blecker and*
*Participating Claimants Highlighted on*
*Exhibit A on the Joint Notice of Appeal*

## <u>CERTIFICATE OF SERVICE</u>

I, Helen Davis Chaitman, hereby certify that I caused a true and correct copy of the foregoing documents(s) to be served upon the parties in this action who receive electronic service through CM/ECF.  I certify under penalty of perjury that the foregoing is true and correct.


Dated: August 24, 2018                                   _/s/ Helen Davis Chaitman_