

LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS

ROBERT R. MILLER
MARY GRACE WHITE
JAMES M. TOURANGEAU

OF COUNSEL
ROBERT J. MOSES
LISA A. CATALANO

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

August 29, 2018

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nysb.uscourtsgov

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* **Adv. Pro. No. 08-01789 (SMB);** *Picard v. Shapiro, et al.,* **Adv. Pro. No. 10-05383 (SMB)**

Dear Judge Bernstein,

We represent Defendants Stanley Shapiro, David Shapiro, Leslie Shapiro Citron, and Kenneth Citron in the above-captioned matter. This letter serves as Defendants' response to the Trustee's August 23, 2018 letter regarding Defendants' production.

The Trustee's letter sets forth two complaints regarding Defendants' document production. The first is that the *size* of the production indicates that it is incomplete, either because documents are being withheld or because Defendants engaged in spoliation, but as on the Motion to Compel he elides the approximately 2,750 documents, amounting to more than 7,800 pages, already produced in response to the Trustee's Rule 2004 Subpoena. He also elides the Requests themselves, which seek from the Citrons, for example, "all documents concerning any backdated or cancelled trade or any request to backdate or cancel any trade in connection [with] any of the Core Accounts." Request No. 13 at Doc 95-1, 24.[1] Request 14 seeks documents concerning the destruction or the return to BLMIS of account documents. *Id.* Request 29 seeks "[a]ll documents and communications concerning whether BLMIS's operations were suspicious, unethical, fraudulent or a Ponzi scheme or whether Mr. Shapiro suspected or knew that BLMIS and/or Madoff were engaged in improper, unusual, illegal, fraudulent, unethical or any other questionable activity." *Id.* at 25.

In general, the Requests were narrowed to the "Core Accounts," consisting of two S&R accounts and accounts for the Leslie Trust and David Trust. The Citrons and David Shapiro are obviously unlikely to have documents relating to the S&R accounts and Stanley Shapiro produced almost eight thousand pages eight years ago. As the Trusts had been defunct for many years by

---

[1] The Citrons voluntarily agreed to produce any and all account statements in their possession in response to Request 13. Account statements were produced in response to the Trustee's Rule 2004 Subpoena.

1450 BROADWAY, 35TH FLOOR, NEW YORK, NY 10018   T: 212.696.1999, F: 212.566.4321

INTERNATIONAL SQUARE, 1875 EYE STREET, NW, SUITE 500, WASHINGTON, DC 20006   T: 202.792.0101

LAXNEVILLE.COM



Hon. Stuart M. Bernstein
Augst 29, 2018
Page 2 of 5

"April 2009," Defendants were, again, never likely to have large volumes of documents in their possession. Request 29, for example, seeks "[a]ll documents concerning any requests for redemption or withdrawal from any of the Core Accounts." *Id.* Defendants produced some of these documents, but were, again, never likely to have retained them for years or decades.

The Trustee finds it "difficult to fathom that only months after BLMIS' collapse David Shapiro and the Citrons did not have any documents responsive to numerous Requests, including account statements (No. 2) or communications with their father or BLMIS regarding the Core or Accounts or BLMIS." Doc 108 at 2. In fact, of course, thousands of pages of account statements have already been produced in response to the Rule 2004 subpoena and were not reproduced, as set forth in Defendants' responses to (Undisputed) Request 2. David Shapiro and the Citrons have no account statements or communications with Stanley Shapiro concerning the Core Accounts, which is unsurprising given the years that passed between the effective closure of the Trusts and December 2008. Stanley Shapiro produced account statements in his possession in response to the Rule 2004 subpoena. As for communications regarding BLMIS, Stanley Shapiro is not, and certainly was not in 2008, a frequent user of e-mail or text messages.

Defendants produced what they had pursuant to the Court's Order. The Trustee is not satisfied with this either, complaining, in the alternative, that "they have unnecessarily caused the Trustee as well as the Court to waste considerable time and resources." Doc 108 at 1. This is nonsense.

As is evident from the Motion to Compel itself, these are not the Requests the Trustee served a year and a half ago. Of the 13 "Disputed Requests" to Stanley Shapiro, for example, *10* are set forth "as later reframed." Doc 95-1 at 6-9. 23 requests are "Held In Abeyance." *Id.* at 10-13. 25 requests to the Citrons are "Held In Abeyance," including some that were "later reframed" but nevertheless eventually withdrawn. As the Court is aware, the Trustee filed repeated Rule 7007 letters and the Court repeatedly turned the Trustee around and told him to modify and narrow his requests:

> COURT: But, you know, we've been through the subsequent transfer issue many times before. I dismissed the subsequent transfer claims. As a general matter, you don't have to answer subsequent transfer information.
>
> \*\*\*
>
> THE COURT: Sounds like a subsequent transfer claim.
>
> MR. CALVANI: Well, I –
>
> THE COURT: Why would it matter -- how would it be relevant what he did with the money?
>
> \*\*\*

LAX NEVILLE
ATTORNEYS AT LAW

Hon. Stuart M. Bernstein
Augst 29, 2018
Page 3 of 5

| | |
|---|---|
| MR. CALVANI: | If we fail to reach an agreement on the narrowed request for production of documents or the requests for admission, can we make a motion to compel in response to those? |
| THE COURT: | Well, I mean, I guess you can, but as I said, I can look at these… Come back to Number 5, 'All documents concerning the circumstances under which Shapiro planned to or continued to invest with BLMIS.' That's just – that's so broad. |
| COURT: | When you start to ask for all documents related to these broad categories, they can be narrowed, I think, to hone in on what it is you're really looking for. And the narrower they are, the more likely I'm going to say, yeah, you're right. |

*See* Docs. 87 at 16:2-5; 82 at 18:3-7, 24:17-24, 27:16-22; 26:24-27:7.

Defendants told the Trustee the same thing in those "numerous meet and confers." Doc 108 at 2. The Trustee refused for well over a year. Eventually, he withdrew many requests and, as he strenuously argued on the Motion to Compel, narrowed others, though, as Defendants argued on the Motion to Compel, the "Disputed Requests" remained irrelevant and overly broad.

Defendants objected on grounds of breadth, burden and relevance, and did not conduct a search sufficiently complete to affirm they had no responsive documents until those objections were overruled as to a *tiny fraction* of the Trustee's original requests. As the Court observed to the Trustee during the February 7, 2017 Rule 7007 Conference:

| | |
|---|---|
| THE COURT: | Let me go back to your letter, you brought in the broad areas, and I realized that's your characterization of dispute, and you have a different characterization of dispute. One other area, I noticed you were asking -- and this may have been with Stanley Shapiro, I don't know if it was with Leslie Citron or her brother. Stuff relating to communications with Koningsberg, for example, and it doesn't say that relate to Madoff. It just -- **you know, they say that Stanley Shapiro has known Koningsberg for many years. And they may have been scheduling golf dates for all --** |

***

| | |
|---|---|
| THE COURT: | "All documents concerning your relationships, social or otherwise, with Paul Koningsberg or any employee of Koningsberg, Wolf & Company." **That sounds pretty broad.** |
| MR. ROLLINSON: | Well, I think it's a -- |



| | |
|---|---|
| THE COURT: | If they don't relate to Madoff or taxes or things like that – |
| MR. ROLLINSON: | Well, I would agree with you wholeheartedly, if Mr. -- if we didn't allege Mr. Koningsberg was in the middle of this scheme to back date trades. In fact, he was indicted and pled guilty to manipulating trades, including some that relate to Mr. Shapiro. |
| THE COURT: | So why can't you just ask for all the documents relating to trading records, back dating records, requests for trading records, taxes, things like that? Just you asked for everything. |
| MR. ROLLINSON: | Well, I think, Your Honor, to the extent they had a personal relationship, that's certainly probative. It's relevant. |
| THE COURT: | I'm not so sure. |
| MR. MILLER: | **I think if read literally, this would include -- this is our problem with many of these requests. If read literally, this would include, you know, ticket stubs for movies that they saw. That's a document relating to their social relationship.** |
| THE COURT: | **It might include a bar mitzvah invitation too, you know.** |
| MR. MILLER: | Which is not very likely, so -- |
| MR. ROLLINSON: | **Well, if he can tell me his burden is to go through thousands and thousands of ticket stubs --** |
| THE COURT: | **Well, he doesn't have to do anything until you make a relevant request. So you know, it cuts both ways.** |
| MR. MILLER: | We've suggested -- |
| THE COURT: | And have any proportionality rules, you know, you are -- you're certifying that it's not disproportionate. So that's – |

Doc 87 at 63:13- 65:24 (emphasis added).

    It is also consistent with the Trustee's objections to Defendants' document requests, which both failed to state "whether *any responsive materials* are being withheld on the basis of that objection" and made explicit that the Trustee had not and would not search for responsive documents. *See* Doc 75, 11-40.  After Defendants requested that the Trustee modify his responses to state whether responsive materials were being withheld on the basis of each objection, the Trustee refused and served "restated" responses such as this: "The Trustee will not search for and



produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents in response to this Request." *See* Trustee's Restated Responses and Objections to Defendants' First Set of Requests for the Production of Documents, attached hereto at Exhibit A.

The Trustee's August 23 letter is sound and fury. Defendants have engaged in discovery in good faith. To the extent the Trustee expended time and resources defending dozens of requests he ultimately abandoned to get to an order compelling production on *three* as originally stated, he has only himself to blame.

It is not clear what relief the Trustee is seeking, but it should be denied.

Respectfully,

***/s/ Barry R. Lax***
Barry R. Lax, Esq.
Lax & Neville LLP