# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05383 (SMB) |
| Plaintiff, | |
| v. | |
| STANLEY SHAPIRO, *et al.*, | |
| Defendants. | |

## TRUSTEE IRVING H. PICARD'S RESTATED RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE TRUSTEE

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et*

*seq.* ("SIPA"), and the substantively consolidate estate of Bernard L. Madoff, under Chapter 7 of

the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.*, by and through his counsel, Baker

& Hostetler LLP ("Baker"), hereby restates his responses to the First Set of Requests for

Production of Documents (the "Requests") of Defendants Stanley Shapiro, Renee Shapiro, David

Shapiro, Kenneth Citron, and Leslie Citron (collectively, "Defendants" or the "Shapiro Family").

The Trustee previously responded to the Requests on January 31, 2017.  Following a meet-and-confer between the undersigned and counsel for Defendants, the Trustee agreed to restate his initial responses to the Requests.  As to those documents the Trustee herein agrees to produce to Defendants in response to the Requests, the Trustee will commence his production on a date mutually agreed to by the parties which will be within a reasonable time of the service of these Responses.

## OBJECTIONS TO DEFINITIONS

1.      The Trustee objects to how Defendants define the terms "any" and "all" as well as "document" because their definitions are inconsistent with Local Rule 26.3(d)(1) of the United States District Court for the Southern District of New York and this Court.  The Trustee will construe any use of these terms in the Requests as they are defined by Local Rule 26.3(d)(1).

2.      The Trustee objects to how Defendants define "BLMIS" in their Requests because it incorporates people or entities that are not within the purview of this SIPA liquidation.  The Trustee also objects to Defendants including the Trustee in their definition, and Defendants' improper inclusion of persons in the definition who apparently are neither shareholders, members, officers or agents of BLMIS.  The Trustee will construe any use of "BLMIS" in the Requests as Bernard L. Madoff Investment Securities LLC as well as its predecessor, Bernard L. Madoff Investment Securities, which Madoff operated as a sole proprietorship.

## OBJECTIONS TO INSTRUCTIONS

1.      The Trustee will respond to these Requests consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2016) (the "Federal Rules"), Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of this Court, including the

2

October 17, 2013 Order on the Third-Party Data Rooms [ECF No. 5475] ("Third-Party Data Room Order"), and the June 6, 2011 Litigation Protective Order [ECF No. 4137] ("LPO").

2.      The Trustee objects to Instruction No. 6 to the extent it calls for documents prepared or created on or after December 11, 2008 through the present, consistent with Objection No. 1 below.

### SOURCES OF DOCUMENTS RELEVANT TO THE CLAIMS AND DEFENSES IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL

1.  Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents");

2.  Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI"); and

3.  Documents produced by third parties to the Trustee during his investigation or adversary proceedings ("Third-Party Documents").

### BLMIS Documents

From the Hard-Copy BLMIS Documents and BLMIS ESI (together, "BLMIS Documents"), the Trustee created a searchable electronic database containing approximately 4.7 million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents (the "BLMIS Searchable Database").  Defendants do not have direct access to the BLMIS Searchable Database because it contains documents relating to thousands of customers, many of which are not relevant to this proceeding.  Instead, the Trustee provides all defendants in the liquidation proceedings with or access to documents as described below:

A.      **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1 from documents in the BLMIS Searchable Database as well as some Third-Party Documents. E-Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its insolvency, and includes documents relating to BLMIS operations,

regulatory disclosures, and financial records. *See* **Appendix A** for a description of documents available to defendants in E-Data Room 1.

**B.**    **BLMIS Core Account Documents:** The Trustee identified and segregated BLMIS core account documents for all customers ("Core Account Documents"). These Core Account Documents include account opening agreements, correspondence to and from BLMIS, transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio Management Transaction Reports, which contain transaction history, and other documents that were specific to each account, and/or the Trustee's calculation of net equity of a particular BLMIS account.

**C.**    **Proof of Transfers:** In addition to the Core Account Documents relevant to transfers described above, the Trustee identified and segregated BLMIS bank account records that reflect transfers to customers.

**D.**    **Other Documents**: The Trustee preserved the nearly 20,000 pieces of BLMIS ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not include all such documents in the BLMIS Searchable Database. The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy disks or CDs, and broken media. In responding to document requests, the Trustee does not search for BLMIS documents outside of the BLMIS Searchable Database. The Trustee will produce additional BLMIS Documents (meaning other than those described in Paragraphs A and B) from the BLMIS Searchable Database provided that the parties agree to narrowly tailored search terms and parameters that target documents relevant to the claims or defenses and proportional to the needs of the case in accordance with Federal Rule 26(b)(1). *See* **Appendix B** for a description of sources of documents in the BLMIS Searchable Database.

### Third-Party Documents

Certain defendants with proper credentials have direct access to millions of Third-Party Documents in the Trustee's possession. These documents are governed by the Third-Party Data Room Order. *See* **Appendix C** for Third-Party Documents that are included in, and excluded from, the Third-Party Data Rooms.

Pursuant to Paragraph 8 of the Third-Party Data Room Order, by making the Third-Party Documents available to defendants, the Trustee will have satisfied his obligations under Federal Rules 26 and 34. In responding to these Requests, the Trustee will endeavor to identify the Producing Parties of responsive Third-Party Documents.

4

**The SQL Databases**

Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain Third-Party Documents was processed and input into multiple Microsoft Structured Query Language ("SQL") Server tables and databases (the "SQL Databases"). To the extent feasible, the underlying documents used to build the SQL Databases are contained in E-Data Room 1. Some or all of the data in the SQL Databases is responsive to most of the Requests. SQL Databases are used by the Trustee's experts and are available for production to any defendant upon request. Use of the SQL Databases requires some technical expertise. *See* **Appendix D** for the sources of data loaded into the SQL Databases.

**THE TRUSTEE'S OBJECTIONS**

1.    **Privileged Materials Prepared Post-December 11, 2008:**    Shortly following BLMIS's collapse on December 11, 2008, the Trustee engaged Baker to serve as his counsel in the liquidation proceedings of BLMIS and all related adversary proceedings which may be filed in connection therein.    The Trustee is not required to produce communications or other documents between himself and Baker, which are subject to protection under the attorney-client privilege.    Accordingly, the Trustee will not produce materials protected by this privilege to the Shapiro Family.    Similarly, neither the Trustee nor Baker is required to produce documents which are subject to protection under the attorney work product doctrine and which relate to the liquidation proceeding, this proceeding or any other adversary proceeding.    The Trustee will not produce documents protected by the attorney work product doctrine to the Shapiro Family. Following the collapse of BLMIS, the Trustee engaged several non-testifying experts, consultants or consulting firms in connection with the liquidation proceedings, this adversary proceeding, and any other adversary proceeding.    Under Federal Rule 26(b)(4)(D), the Trustee is not required to produce any communications between himself and his counsel, on the one hand,

5

and any of his non-testifying experts or consultants, on the other hand, or any documents relating to the services performed by his non-testifying experts, consultants or consulting firms. The Trustee will not produce any such materials to the Shapiro Family. Likewise, the Trustee is not required to produce any communication between himself and his counsel, on one hand, and any testifying expert, on the other hand, except those relating to areas specified under Federal Rule 26(b)(4)(C). The Trustee will not produce any such materials to the Shapiro Family. All of the materials, described herein and protected from discovery in this proceeding, shall collectively be referred to as the "Privileged Materials Prepared Post-December 11, 2008." To the best of their information and belief, neither the Trustee nor Baker is aware of any attorney-client communications or attorney-work product which may have been prepared prior to December 11, 2008 which is relevant to any issue in this adversary proceeding. The Trustee is not asserting any privilege relating to any such materials at this time.

2.      **Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents:** The BLMIS Searchable Database contains documents that are responsive to the Requests but which are redundant, cumulative or marginally relevant (for example, Defendants' names and/or account numbers appear on a list of customer names or account numbers and there is no other unique information). The Trustee objects to the production of these documents on the ground that their production is not proportionate to the needs of the case under Federal Rule 26(b)(1) (the "Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents").

## <u>DOCUMENTS PRODUCED BY THE TRUSTEE TO DEFENDANTS</u>

1.      On February 13, 2015 and March 10, 2016, the Trustee produced to Defendants the Core Account Documents for the BLMIS accounts identified in the Second Amended Complaint filed in this proceeding (the "BLMIS Accounts") with indices summarizing the production.

2.      On February 13, 2015 and March 10, 2016, the Trustee also produced to Defendants the bank documents reflecting transfers for certain of the BLMIS Accounts (the "Bank Transfer Documents") with indices summarizing the production.

3.      On March 10, 2016, the Trustee produced to Defendants documents relating to use of cellular telephones issued to Stanley Shapiro and Renee Shapiro by BLMIS (the "Cellular Telephone Documents").

4.      On March 10, 2016, the Trustee produced to Defendants documents relating to use by Stanley Shapiro and Renee Shapiro of the aircraft owned and/or chartered by BLMIS (the "Jet Documents").

5.      On July 7, 2016, the Trustee produced to Defendants documents concerning compensation and benefits Stanley Shapiro received from BLMIS, and certain files maintained by BLMIS, in connection with his employment at BLMIS (the "HR Documents").

6.      On July 22, 2016, the Trustee produced to Defendants all relevant documents previously produced by Konigsberg Wolf & Co. to the Trustee, concerning Defendants and their BLMIS accounts (the "Konigsberg Wolf Documents").

7.      On April 6, 2017, the Trustee produced to Defendants documents found shortly after BLMIS's collapse on December 11, 2008 in the office at BLMIS used by Stanley Shapiro immediately preceding the collapse (the "Office Contents").

8.      On April 6, 2017, the Trustee produced to Defendants account statements for the Bear Stearns Securities Corp. account held by Ms. Renee Shapiro (the "Bear Stearns Documents").

9.    On August 4, 2017, the Trustee produced to Defendants documents consisting of proprietary trading records from the proprietary trading desk of BLMIS for accounts with which Stanley Shapiro was, for certain periods, involved (the "Proprietary Trading Documents").

10.    The Trustee previously provided the Shapiro Defendants' counsel with credentials to access E-Data Room 1 and the Third-Party Data Rooms.

**THE TRUSTEE'S RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS**

## REQUEST NO. 1

Any and all documents concerning the opening of any of the Defendants' BLMIS accounts.

## RESPONSE TO REQUEST NO. 1

As framed, this Request calls for the production of Privileged Materials Prepared Post-December 11, 2008 (Objection No. 1).  For example, Baker may have prepared an internal document in connection with this proceeding, detailing the circumstances under which certain of the BLMIS Accounts were opened.  Attorneys at Baker may have emailed one another concerning the opening of certain of the BLMIS Accounts.  The Trustee will not produce any such materials or any other Privileged Materials Prepared Post-December 11, 2008 in response to this Request.

As framed, this Request also calls for production of Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents (Objection No. 2).  For example, information concerning the opening of one or more of the BLMIS Accounts may be included in documents containing similar information for all or substantially all of the other BLMIS accounts in existence at the time of the documents' creation or generation.  The Trustee will not search for and produce such documents or any other Non-Proportional Redundant, Cumulative, Marginally Relevant Documents, which are marginally relevant if not completely irrelevant and cumulative; their production is not proportionate to the needs of the case under Federal Rule 26(b)(1).

The Trustee previously produced to Defendants the Core Account Documents, which included account files maintained by BLMIS for each of the BLMIS Accounts which contained documents relating to the opening of the BLMIS Accounts.  Given the thoroughness of this production and the burden and expense to locate further documents, which are of marginal, if not of no relevance in this proceeding, but which nevertheless may be responsive to this Request, the Trustee will not search for and produce additional documents specifically in response to this Request.  To the extent that additional documents, which may be responsive to this Request, are also responsive to another of the Requests, the Trustee will produce the same.  For example, the Shapiro Family seeks through Request No. 18 all communications between Stanley Shapiro and BLMIS.  On April 28, 2003, Stanley Shapiro wrote a letter to Annette Bongiorno regarding,

among other topics, the opening of Account Nos. 1SH171 and 1SH172. This document will be produced in response to Request No. 18.

## REQUEST NO. 2

Any and all account statements concerning any of the Defendants' BLMIS accounts, including any and all original, draft, returned, altered, revised, amended, or destroyed account statements.

## RESPONSE TO REQUEST NO. 2

The Trustee objects to this Request to the extent it calls for Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. There may be numerous copies of duplicate monthly statements for the BLMIS Accounts in BLMIS records. The Trustee will not search for and produce such duplicate copies of statements, which cumulative of documents already produced by the Trustee; their production is not proportionate to the needs of the case under Federal Rule 26(b)(1). The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents in response to this Request.

The Trustee previously produced to Defendants the Core Account Documents, which include monthly account statements for the BLMIS Accounts. The Trustee also produced to Defendants the Konigsberg Wolf Documents, which include original, draft, returned, altered, revised, and/or amended account statements for the BLMIS Accounts.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional account statements for the BLMIS Accounts, which are either draft, returned, altered, revised, and/or amended statements, and will produce to Defendants any such statements located during the search.

## REQUEST NO. 3

Any and all agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other document executed between Defendants and BLMIS.

## RESPONSE TO REQUEST NO. 3

The Trustee objects to this Request in that it might arguably call for production of "any and all agreements with BLMIS" regardless of the counter party. The Trustee therefore will construe the Request as requesting production of all agreements between BLMIS, on the one hand, and any one or more of Defendants, on the other hand.

The Trustee previously produced to Defendants the Core Account Documents, which included account files maintained by BLMIS for each of the BLMIS Accounts, which contained agreements executed by Defendants for in connection with the BLMIS Accounts. The Trustee is unaware at this time of any further documents responsive to this Request.

**REQUEST NO. 4**

Any and all documents sent by Defendants to BLMIS.

**RESPONSE TO REQUEST NO. 4**

The Trustee previously produced the Core Account Documents, which include certain documents sent by one or more of Defendants to BLMIS such as letters and facsimiles requesting withdrawals from the BLMIS Accounts. The Trustee also produced to Defendants the Konigsberg Wolf Documents, which include documents sent by one or more of Defendants to BLMIS.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional documents which Defendants sent to BLMIS, and will produce any such documents to Defendants located during the search.

**REQUEST NO. 5**

Any and all documents sent by BLMIS to Defendants.

**RESPONSE TO REQUEST NO. 5**

The Trustee objects to this Request to the extent it calls for Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. The Request is not limited in either time or document type. It is overly broad and unduly burdensome, and is not proportionate to the needs of the case under Federal Rule 26(b)(1). For example, BLMIS routinely sent to its customers, including Defendants, confirmations of trades which BLMIS reportedly made in connection with the customers' accounts. Information set forth in these trade confirmations is also contained on the monthly account statements sent to its customers. BLMIS apparently did not systematically maintain trade confirmations and therefore attempting to gather all such confirmations for the BLMIS Accounts would impose a substantial burden on the Trustee. The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents in response to this Request.

The Trustee previously produced the Core Account Documents, which included certain documents sent by BLMIS to Defendants.

Subject to and without waiving the foregoing objection, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents which BLMIS sent to Defendants, and will produce to Defendants any such documents located during the search.

**REQUEST NO. 6**

Any and all documents arising from, relating to or regarding the Trust Defendants or their BLMIS accounts.

**RESPONSE TO REQUEST NO. 6**

The Trustee objects to this Request because it includes the term "Trust Defendants," which Defendants have not defined. The Trustee will construe this term as meaning the LAD Trust, the Leslie Shapiro 1985 Trust, as amended, the David Shapiro 1989 Trust, as amended, and Stanley and Renee Shapiro, in their respective capacities as trustees of these trusts, all of whom are "Defendants" as that term is defined in the Requests.

As framed, the Request seeks Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. It is overly broad and unduly burdensome because it calls for production of "any and all documents . . . relating to" Trust Defendants; it is unlimited in both time and document type, and therefore is not proportionate to the needs of the case under Federal Rule 26(b)(1). For example, BLMIS often generated documents which contain information regarding every customers' account in existence at the time of the documents' creation or generation, and therefore could contain similar information regarding Accounts 1SH028 and 1SH030, the accounts respectively held for the benefit of the David Shapiro 1989 Trust and the Leslie Shapiro 1985 Trust. The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents in response to this Request. The Trustee additionally objects to this Request because it calls for Privileged Materials Prepared Post-December 11, 2008. The Trustee will not produce documents which are protected from disclosure by the attorney-client privilege and/or work product protection. The Trustee further objects to this request because it seeks certain documents which are also sought in other Requests (e.g., No. 2 (which includes all account statements related to Defendants), Nos. 4 and 5 (all communications between BLMIS and Defendants), No. 53 (Bongiorno's management of Accounts 1SH028, 1SH030, and other of the BLMIS Accounts), and Nos. 54 and 64 (revised statements for, *inter alia*, Accounts 1SH028 and 1SH030).

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for relevant documents responsive to this Request, and will produce to Defendants any such documents located during the search.

**REQUEST NO. 7**

Any and all communications between BLMIS and the Trust Defendants.

**RESPONSE TO REQUEST NO. 7**

The Trustee objects to this Request because it includes the term, "Trust Defendants," which Defendants have not defined. The Trustee will construe this term as meaning the LAD Trust, the Leslie Shapiro 1985 Trust, as amended, the David Shapiro 1989 Trust, as amended, and Stanley and Renee Shapiro, in their respective capacities as trustees of these trusts, all of whom are "Defendants" as that term is defined in the Requests.

The Trustee further objects to this Request to the extent it calls for Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. *See* Responses to Requests Nos. 4, 5, and 6 which are incorporated herein by reference. This Request is also largely redundant of Requests Nos. 4, 5, and 6, which seek documents sent by Defendants to BLMIS and by BLMIS to Defendants.

The Trustee previously produced to Defendants the Core Account Documents, which include communications between BLMIS and certain of the Trust Defendants. The Trustee also produced to Defendants the Konigsberg Wolf Documents, which include communications between BLMIS and certain of the Trust Defendants.

Subject to and without waiving the foregoing objection as well as those set forth in the responses to Requests Nos. 4, 5, and 6, the Trustee is in the process of conducting a reasonable, proportionate and good faith search additional relevant communications between BLMIS and the Trust Defendants, and will produce to Defendants any such communications located during the search in response to this Request and Requests Nos. 4, 5, and 6.

## REQUEST NO. 8

Any and all internal communications at BLMIS arising from, relating to or regarding Trust Defendants or their BLMIS accounts.

## RESPONSE TO REQUEST NO. 8

The Trustee objects to this Request because it includes the term "Trust Defendants," which Defendants have not defined. The Trustee will construe this term as meaning the LAD Trust, the Leslie Shapiro 1985 Trust, as amended, the David Shapiro 1989 Trust, as amended, and Stanley and Renee Shapiro, in their respective capacities as trustees of these trusts, all of whom are "Defendants" as that term is defined in the Requests.

The Trustee further objects to this Request to the extent it calls for Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. For example, BLMIS often generated documents which contain information regarding every customers' account in existence at the time of the documents' creation or generation, and therefore could contain similar information regarding Accounts 1SH028 and 1SH030. There may exist emails between BLMIS employees attaching these documents, which are of little to no relevance to any issue in this proceeding and therefore not proportionate to the needs of the case under Federal Rule 26(b)(1). The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents in response to this Request. This Request is also largely redundant of Request No. 6.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for relevant internal communications concerning any of the Trust Defendants or their BLMIS accounts, and will produce to Defendants any such internal communications located during the search.

## REQUEST NO. 9

Any and all communications between BLMIS and any third-party, including but not limited to any state, federal or foreign government agency; self-regulatory organization; or BLMIS investor, feeder-fund, customer, affiliate, partner, associate, agent, lawyer or law firm, or accountant or accounting firm, arising from, relating to or regarding the Trust Defendants or their BLMIS accountants.

## RESPONSE TO REQUEST NO. 9

The Trustee objects to this Request because it includes the term "Trust Defendants," which Defendants have not defined. The Trustee will construe this term as meaning the LAD Trust, the Leslie Shapiro 1985 Trust, as amended, the David Shapiro 1989 Trust, as amended, and Stanley and Renee Shapiro, in their respective capacities as trustees of these trusts, all of whom are "Defendants" as that term is defined in the Requests. The Trustee further objects to this Request because it is largely redundant of Request No. 5.

The Trustee previously produced to Defendants the Konigsberg Wolf Documents, which include communications between BLMIS and Paul Konigsberg and/or other persons at Konigsberg Wolf & Co. concerning the Trust Defendants and/or their BLMIS Accounts.

Subject to and without waiving the foregoing objections, the Trustee is unaware of any communications between BLMIS and any state, federal or foreign government agency or self-regulatory organization, other BLMIS investor, feeder-fund, other BLMIS customer, lawyer or law firm responsive to this Request. The Trustee is in the process of conducting a reasonable and good faith search for additional relevant communications between BLMIS and Konigsberg Wolf & Co., any other accounting firm or any accountant concerning any of Trust Defendants or their BLMIS accounts, and will produce such communications to Defendants located during the search.

## REQUEST NO. 10

Any and all documents concerning the opening of any BLMIS account by Stanley Shapiro.

## RESPONSE TO REQUEST NO. 10

The Trustee objects to this Request because the documents it seeks are also sought in Request No. 1, and the Trustee hereby incorporates by reference his response to Request No. 1. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 1, documents responsive to this Request will be searched for and produced in response to Request No. 1.

## REQUEST NO. 11

Any and all documents concerning any BLMIS account purportedly owned or controlled by Stanley Shapiro, including and all documents arising from, relating to, referencing, evidencing, or regarding Stanley Shapiro's purported ownership or control of such account.

## RESPONSE TO REQUEST NO. 11

As framed, this Request calls for the production of Privileged Materials Prepared Post-December 11, 2008. For example, Baker may have prepared an internal document, in connection with this proceeding, regarding certain of the many accounts that Stanley Shapiro owned (either directly or indirectly (e.g., through S&R Investment Co.)) or controlled (e.g., Accounts 1SH014, 1SH024, 1SH028, 1SH030, 1SH079, and 1SH172). Attorneys at Baker may have emailed one another concerning certain of these accounts. The Trustee will not produce any such materials or any other Privileged Materials Prepared Post-December 11, 2008 in response to this Request.

As framed, this Request also calls for production of Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. The Request is not limited in either time or document type. It expansively calls for production of all documents "concerning" many of the BLMIS Accounts. It is overly broad and unduly burdensome, and is not proportionate to the needs of the case under Federal Rule 26(b)(1). It calls for documents of little to no relevance. For example, information concerning one or more of Accounts 1SH014, 1SH024, 1SH028, 1SH030, 1SH079, and 1SH172 may be included in a document which contains similar information for all or substantially all of the other BLMIS accounts in existence at the time of the documents' creation or generation. The Trustee will not search for and produce such documents or any other Non-Proportional Redundant, Cumulative, Marginally Relevant Documents.

The Trustee previously produced to Defendants numerous sets of documents (e.g., the Core Account Documents), which include documents relating to the BLMIS Accounts that Mr. Shapiro owned or controlled. Numerous other Requests seek documents falling within the scope of this Request (e.g., Requests Nos. 1 to 5).

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents concerning Stanley Shapiro's ownership or control of the BLMIS Accounts, and will produce to Defendants such documents located during the search.

## REQUEST NO. 12

Any and all account statements concerning any BLMIS account purportedly owned or controlled by Stanley Shapiro, including any and all original, draft, returned, altered, revised, amended, or destroyed account statements.

## RESPONSE TO REQUEST NO. 12

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 2, and the Trustee hereby incorporates by reference his response to

Request No. 2.  Subject to and without waiving the foregoing objection and those set forth in response to Request No. 2, documents responsive to this Request will be searched for and produced in response to Request No. 2.

## REQUEST NO. 13

Any and all agreements with BLMIS, including Customer Agreements, Option Agreements, Trading Authorizations Limited to Purchases and Sales of Securities and Options, or any other document executed between the Stanley Shapiro and BLMIS.

## RESPONSE TO REQUEST NO. 13

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 3, and the Trustee hereby incorporates by reference his response to Request No. 3.  Subject to and without waiving the foregoing objection and those set forth in response to Request No. 3, documents responsive to this Request will be searched for and produced in response to Request No. 3.

## REQUEST NO. 14

Any and all documents sufficient to show each transfer of any deposits made by any Defendant into any purported BLMIS account after such deposit was made and the final third-party account into which such funds were ultimately deposited.

## RESPONSE TO REQUEST NO. 14

The Trustee objects to this Request because it is vague and ambiguous.  The Trustee construes this Request as seeking production of documents concerning transfers of principal between the BLMIS Accounts and any withdrawals of principal by Defendants from the BLMIS Accounts.  The Trustee objects to this Request to the extent it calls for Privileged Materials Prepared Post-December 11, 2008 wherein, for example, the Trustee's counsel may have analyzed transfers relating to the BLMIS Accounts.  The Trustee will not produce such privileged materials.  Moreover, certain responsive documents requested by Defendants are in their possession, custody, or control, which the Trustee has requested from Defendants.

The Trustee previously produced to Defendants the Core Account Documents and the Bank Transfer Documents, which include relevant account statements of the BLMIS Accounts as well as cancelled checks issued to Defendants.  Those statements together with the schedules attached as Exhibit B to the Complaint show the inter-account transfers of principal and the withdrawals of principal from the BLMIS Accounts.  Given these productions, the Trustee will not search for and produce additional documents in response to this Request.  To the extent that Defendants believe that there are other documents sought in this Request which have not been produced, please advise.

## REQUEST NO. 15

Any and all documents sent by Stanley Shapiro to BLMIS.

## RESPONSE TO REQUEST NO. 15

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 4, and the Trustee hereby incorporates by reference his response to Request No. 4. Subject to and without waiving the foregoing objections and those set forth in response to Request No. 4, documents responsive to this Request will be searched for and produced in response to Request No. 4.

## REQUEST NO. 16

Any and all documents sent by BLMIS to Stanley Shapiro.

## RESPONSE TO REQUEST NO. 16

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 5, and the Trustee hereby incorporates by reference his response to Request No. 5. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 5, documents responsive to this Request will be searched for and produced in response to Request No. 5.

## REQUEST NO. 17

Any and all documents arising from, relating to, referencing, or regarding the BLMIS accounts purportedly owned or controlled by Stanley Shapiro.

## RESPONSE TO REQUEST NO. 17

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 11, and the Trustee hereby incorporates by reference his response to Request No. 11. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 11, documents responsive to this Request will be searched for and produced in response to Request No. 11.

## REQUEST NO. 18

Any and all communications between BLMIS and Stanley Shapiro.

## RESPONSE TO REQUEST NO. 18

The Trustee objects to this Request to the extent it calls for Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. *See* Responses to Requests Nos. 4 and 5, which are incorporated herein by reference. This Request is also largely redundant of Requests Nos. 4 and 5, which seeks documents sent by BLMIS to Defendants and by Defendants to BLMIS. The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents in response to this Request.

The Trustee previously produced to Defendants the Core Account Documents and the Konigsberg Wolf Documents, which include communications between BLMIS and Stanley Shapiro.

Subject to and without waiving the foregoing objection, the Trustee is in the process of conducting a reasonable, proportionate and good faith search additional relevant communications between BLMIS and Stanley Shapiro, and will produce to Defendants any such communications located during the search in response to this Request and Requests Nos. 4 and 5.

## REQUEST NO. 19

Any and all internal communications at BLMIS arising from, relating to, referencing, or regarding Stanley Shapiro or any account purportedly owned or controlled by Stanley Shapiro.

## RESPONSE TO REQUEST NO. 19

The Trustee objects to this Request to the extent it calls for Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. It is largely redundant of Request No. 8 (all internal BLMIS communications relating to the BLMIS Accounts held through trusts), No. 11 (all documents relating to any of the BLMIS Accounts owned or controlled by Stanley Shapiro), No. 23 (all internal BLMIS communications relating to Stanley Shapiro's employment at BLMIS), and many other of the Requests. It further seeks marginally relevant or irrelevant documents. For example, BLMIS often generated documents which contain information regarding every customers' account in existence at the time of the documents' creation or generation, and therefore could contain similar information regarding Accounts 1SH014, 1SH028, and 1SH030. There may exist emails between BLMIS employees attaching these documents, the production of which are not proportionate to the needs of the case under Federal Rule 26(b)(1). The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents in response to this Request.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for relevant internal communications concerning Stanley Shapiro and/or any of the BLMIS Accounts that Stanley Shapiro directly or indirectly owned or those he controlled, and will produce to Defendants any such internal communications located during the search.

## REQUEST NO. 20

Any and all communications between BLMIS and any third-party, including but not limited to any state, federal or foreign government agency; self-regulatory organization; or BLMIS investor, feeder-fund, customer, affiliate, partner, associate, agent, lawyer or law firm, or accountant or accounting firm, arising from, relating to, referencing, or regarding Stanley Shapiro or any account purportedly owned or controlled by Stanley Shapiro.

**RESPONSE TO REQUEST NO. 20**

The Trustee objects to this Request to the extent that it calls for production of Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents.  It is overly broad and unduly burdensome, calling for the production of all communications between BLMIS and any third-party concerning Stanley Shapiro and any of the BLMIS Accounts he owned or controlled.  The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents in response to this Request.

The Trustee previously produced to Defendants the Konigsberg Wolf Documents, which include communications between BLMIS and Paul Konigsberg and/or other persons at Konigsberg Wolf & Co. concerning certain accounts that Stanley Shapiro directly or indirectly owned and/or those he controlled.

Subject to and without waiving the foregoing objections, the Trustee is unaware of any communications between BLMIS and any state, federal or foreign government agency, self-regulatory organization, other BLMIS investor, feeder-fund, other BLMIS customer, lawyer or law firm responsive to this Request.  The Trustee is in the process of conducting a reasonable and good faith search for additional relevant communications between BLMIS and Konigsberg Wolf & Co., any other accounting firm or any accountant concerning Stanley Shapiro and concerning certain accounts that he directly or indirectly owned and/or those he controlled, and will produce such communications located during the search.

**REQUEST NO. 21**

Any and all documents arising from, relating to, referencing, or regarding BLMIS' employment of Stanley Shapiro, including but not limited to any employment agreement, paystub, cancelled check, 401(k) or other deferred savings plan enrollment, statement, or tax form, W-2 or other tax form, compliance files, HR files, and expense reports.

**RESPONSE TO REQUEST NO. 21**

The Trustee objects to this Request to the extent it calls for production of Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents.  The Requests calls for production of all documents relating in any way to Stanley Shapiro's employment at BLMIS which began in 1995 and ended in 2008 or 2009.  Many of these documents are routine documents, having nothing to do with any of the issues in this proceeding, and therefore are not proportional to the needs of the case.  For example, BLMIS often prepared lists of employees and their telephone numbers.  The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents.  The Trustee further objects to this Request to the extent it calls for Privileged Materials Prepared Post-December 11, 2008.

The Trustee previously produced to Defendants the HR Documents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents

concerning Stanley Shapiro's employment at BLMIS, and will produce to Defendants such documents located during the search.

## REQUEST NO. 22

Any and all communications between BLMIS and Stanley Shapiro arising from, relating to, regarding, or referencing BLMIS' employment of Stanley Shapiro.

## RESPONSE TO REQUEST NO. 22

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 18, and the Trustee hereby incorporates by reference his response to Request No. 18.  Subject to and without waiving the foregoing objection and those set forth in response to Request No. 18, documents responsive to this Request will be searched for and produced in response to Request No. 18.

## REQUEST NO. 23

Any and all internal communications at BLMIS arising from, relating to, regarding, or referencing BLMIS' employment of Stanley Shapiro.

## RESPONSE TO REQUEST NO. 23

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 19, and the Trustee hereby incorporates by reference his response to Request No. 19.  Subject to and without waiving the foregoing objection and those set forth in response to Request No. 19, documents responsive to this Request will be searched for and produced in response to Request No. 19.

## REQUEST NO. 24

Any and all communications between BLMIS and any third-party, including but not limited to any state, federal or foreign government agency; self-regulatory organization; or BLMIS investor, feeder-fund, customer, affiliate, partner, associate, agent, lawyer, or accountant, arising from, relating to, regarding, evidencing, or referencing BLMIS' employment of Stanley Shapiro.

## RESPONSE TO REQUEST NO. 24

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 20, and the Trustee hereby incorporates by reference his response to Request No. 20.  Subject to and without waiving the foregoing objection and those set forth in response to Request No. 20, documents responsive to this Request will be searched for and produced in response to Request No. 20.

**REQUEST NO. 25**

Any and all documents arising from, relating to, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS, including but not limited to documents showing trading activity or analysis, notes, memoranda, recordings, logs, requisition or reimbursement forms (including but not limited to documents requisitioning, assigning, reimbursing, or reflecting the requisition, assignment, reimbursement, or use of any electronic device, vehicle, including but not limited to any aircraft, corporate apartment, telephone, or cellular phone), computer records, telephone records, cellular phone record, internal security records (including key card records), correspondence, regulatory filings, documents showing or relating to BLMIS corporate structure or hierarchy, supervisory reports, and evaluations.

**RESPONSE TO REQUEST NO. 25**

The Trustee objects to this Request to the extent that it seeks Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. The Request seeks all documents relating to all of Stanley Shapiro's activities at BLMIS, including routine matters which are likely of little to no relevance to any issue in this proceeding and therefore not proportionate to the needs of the case under Federal Rule 26(b)(1). The Trustee further objects to this Request to the extent it calls for Privileged Materials Prepared Post-December 11, 2008. For example, the Trustee's counsel may have prepared analyses regarding certain of Stanley Shapiro's activities at BLMIS. The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents, and will not produce Privileged Materials Prepared Post-December 11, 2008.

The Trustee already has furnished to Defendants many of the documents sought for production in this Request. The Trustee previously produced to Defendants the HR Documents, the Cellular Telephone Documents, the Jet Documents, the Office Contents, and the Proprietary Trading Documents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable and good faith search for additional relevant documents concerning Stanley Shapiro's employment and activities at BLMIS, and will produce such documents to Defendants.

**REQUEST NO. 26**

Any and all communications between BLMIS and Stanley Shapiro arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS.

**RESPONSE TO REQUEST NO. 26**

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 18, and the Trustee hereby incorporates by reference his response to Request No. 18. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 18, documents responsive to this Request will be searched for and produced in response to Request No. 18.

**REQUEST NO. 27**

Any and all documents drafted, prepared, revised, or signed by Stanley Shapiro in the course of his employment by BLMIS, including but not limited to any notes, memoranda, correspondence, orders, instructions, white paper, or presentation.

**RESPONSE TO REQUEST NO. 27**

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 25, and the Trustee hereby incorporates by reference his response to Request No. 25. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 25, documents responsive to this Request will be searched for and produced in response to Request No. 25.

**REQUEST NO. 28**

Any and all documents drafted or prepared for or at the direction or request of Stanley Shapiro in the course of his employment by BLMIS, including but not limited to any notes, memoranda, correspondence, orders, instructions, white paper, or presentation.

**RESPONSE TO REQUEST NO. 28**

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 25, and the Trustee hereby incorporates by reference his response to Request No. 25. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 25, documents responsive to this Request will be searched for and produced in response to Request No. 25.

**REQUEST NO. 29**

The contents of any electronic device, including but not limited to any personal computer, server, Blackberry or other smart phone, or Bloomberg terminal, assigned or belonging to or used or accessed by Stanley Shapiro or any BLMIS employee, agent or contractor acting on Stanley Shapiro's behalf, including contents retrieved by and any records of any forensic analysis of such device.

**RESPONSE TO REQUEST NO. 29**

The Trustee objects to this Request to the extent that it seeks Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. The Request seeks all contents of all servers at BLMIS which may have been accessed by any employee of BLMIS who may have been acting on behalf of Stanley Shapiro at any given time. The Request is overly broad and unduly burdensome, seeks documents which are of little to no relevance to any of the issues in this proceeding, and therefore not proportionate to the needs of this case. The Trustee will not search for and produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents.

Based on the investigation to date, other than a cellular phone, Stanley Shapiro was not assigned, used or otherwise accessed any electronic device at BLMIS, including but not limited to any personal computer, server, Blackberry or other smart phone, or Bloomberg terminal. The Trustee previously produced to Defendants the Cell Phone Records. The Trustee will not perform any forensic analyses of any device, which may have been accessed by any employee of BLMIS who may have been acting on behalf of Stanley Shapiro at any given time, for documents responsive to this Request. Documents responsive to this Request relating to Stanley Shapiro's employment activities at BLMIS have already been produced and/or will be produced in response to other Requests made by Defendants, including but not limited to, Request No. 25.

## REQUEST NO. 30

Any and all documents the Trustee knows, believes or has reason to believe were at any time in the possession, custody or control of Stanley Shapiro.

## RESPONSE TO REQUEST NO. 30

The Trustee objects to this Request on the ground that it calls for the Trustee to speculate and/or reveal what he "believes" as opposed to what he knows were documents at BLMIS which were at one time in Stanley Shapiro's possession, custody or control. The Trustee further objects to this Request to the extent it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.

The Trustee already has furnished to Defendants documents sought for production in this Request. The Trustee previously produced to Defendants the Office Contents and the Konigsberg Wolf Documents, which contained documents once in the possession, custody or control of Stanley Shapiro.

Subject to and without waiving the foregoing objection, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional documents once in the possession, custody or control of Stanley Shapiro, and will produce to Defendants such documents located during the search.

## REQUEST NO. 31

Documents sufficient to show any and all items retrieved from or discovered in Stanley Shapiro's desk, office or any BLMIS storage facility, equipment or device, including but not limited to any electronic device, assigned or belonging to or used by Stanley Shapiro, by any person or entity including but not limited to any government agency or self-regulatory organization or the Trustee or any agent, affiliate or partner of the Trustee.

## RESPONSE TO REQUEST NO. 31

The Trustee objects to this Request on the ground that it is vague and ambiguous. The Trustee will construe the Request as seeking documents found in Stanley Shapiro's desk, office or any BLMIS storage facility, equipment or device, including but not limited to any electronic device, specifically assigned or belonging to or used by Stanley Shapiro. The Trustee objects to

this Request in that certain documents sought in this Request are also sought in Request No. 29, and the Trustee hereby incorporates by reference his response to Request No. 29.

The Trustee already has furnished to Defendants the Office Contents. Subject to and without waiving any of the foregoing objections and those set forth in response to Request No. 29, the Trustee is not aware of any further documents responsive to this Request.

## REQUEST NO. 32

Any and all internal communications at BLMIS arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS.

## RESPONSE TO REQUEST NO. 32

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 25, and he hereby incorporates by reference his response to Request No. 25. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 25, documents responsive to this Request will be searched for and produced in response to Request No. 25.

## REQUEST NO. 33

Any and all communications between BLMIS and any third-party, including but not limited to any state, federal or foreign government agency; self-regulatory organization; or BLMIS investor, feeder-fund, customer, affiliate, partner, associate, agent, lawyer or law firm, or accountant, including but not limited to any such entity and the shareholders, members, officers, employees, agents, associates, partners, or customers of any such entity, arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS.

## RESPONSE TO REQUEST NO. 33

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 20, and the Trustee hereby incorporates by reference his response to Request No. 20. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 20, documents responsive to this Request will be searched for and produced in response to Request No. 20.

## REQUEST NO. 34

Any and all documents provided or produced to the Trustee at any time by any third-party, including but not limited to any government agency, self-regulatory organization, financial institution, party to any litigation or arbitration to which BLMIS was or is a party or which relates to BLMIS in any way, lawyer or law firm, accountant or accounting firm, or private investigator or forensic analyst of any kind, whether or not acting on behalf of the Trustee, arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's purported activities at BLMIS. This includes, but is not limited to, any and all documents obtained or produced in any criminal investigation, SEC investigation or regulatory inquiry relating to

Stanley Shapiro, including but not limited to any notes, memoranda, recordings, logs, documents relating to or memorializing any interview, trial or deposition transcript, affidavit, indictment, subpoena, correspondence.

## RESPONSE TO REQUEST NO. 34

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008. For example, the Requests seeks, *inter alia*, documents provided to the Trustee by any forensic analyst acting on behalf of the Trustee. The Trustee will not produce Privileged Materials Prepared Post-December 11, 2008. The Trustee further objects to this Request because it seeks documents "obtained or produced in any criminal investigation, SEC investigation or regulatory inquiry relating to Stanley Shapiro." The Trustee does not have the burden, under the Federal Rules, to obtain and produce any documents of this nature, and is not in possession, custody or control of any such documents.

The Trustee already has furnished to Defendants, among other productions, the Konigsberg Documents, which include documents relating to Stanley Shapiro's activities at BLMIS.

Subject to and without waiving the foregoing objections, the Trustee is unaware of any additional documents responsive to this Request and Defendants can access and search the Third-Party Data Rooms for documents responsive to this Request.

## REQUEST NO. 35

Any FBI, SEC or Justice Department file pertaining or relating to Stanley Shapiro.

## RESPONSE TO REQUEST NO. 35

The Trustee objects to this Request on the ground that it is vague and ambiguous given that "file" can be construed in varying ways. The Trustee shall construe the term "file" as any documents, other than those documents found at BLMIS or a storage facility maintained by BLMIS, provided to the Trustee by either the Federal Bureau of Investigation (the "FBI"), the Securities and Exchange Commission (the "SEC") or the United States Department of Justice (the "Justice Department"). The Trustee is not in possession of any portion of any file received from either the FBI or the Justice Department. Those documents produced to the Trustee by the SEC are located in E-Data Room 1 and the Third-Party Data Rooms, which can be searched by Defendants. The Trustee therefore will not search for and produce Documents in response to this Request.

## REQUEST NO. 36

Any affidavit, deposition, trial transcript, or other sworn testimony of any officer, employee, agent (including but not limited to any attorney or accountant), associate, partner, or customer of BLMIS, including but not limited to any such entity and the shareholders, members, officers, employees, agents, associates, partners, or customers of any such entity, relating to, regarding, or referencing Stanley Shapiro.

## RESPONSE TO REQUEST NO. 36

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1).  The Trustee further objects to this Request on the ground that Defendants have equal access to certain affidavits, depositions, trial transcripts, or other sworn testimony concerning BLMIS.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable and good faith search for additional relevant documents responsive to this Request, and will produce such documents to Defendants.

## REQUEST NO. 37

Any affidavit, deposition, trial testimony, or other sworn testimony of any employee of any government agency or self-regulatory organization relating to, regarding, or referencing Stanley Shapiro.

## RESPONSE TO REQUEST NO. 37

The Trustee is unaware of any documents responsive to this Request.

## REQUEST NO. 38

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge of BLMIS' alleged fraud.

## RESPONSE TO REQUEST NO. 38

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce in response to this Request.  The Trustee further objects to this Request because it seeks certain of the same documents sought in other Requests (e.g., Request Nos. 4, 5, 11, 12, 15, 16, 18 and 26).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 4, 5, 11, 12, 15, 16, 18, and 26, the Trustee's good faith search for documents concerning Stanley Shapiro's actual knowledge of fraud at BLMIS is ongoing, and the Trustee will produce such documents to Defendants in response to this Request and in response to Requests Nos. 4, 5, 11, 12, 15, 16, 18, and 26 as well as other Requests.

## REQUEST NO. 39

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge of BLMIS' alleged orchestration of a Ponzi scheme.

## RESPONSE TO REQUEST NO. 39

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.  The Trustee further objects to this Request because it seeks certain of the same documents sought in other Requests (e.g., Request Nos. 4, 5, 11, 12, 15, 16, 18, 26 and 38),

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 4, 5, 11, 12, 15, 16, 18, 26, and 38, the Trustee's good faith search for documents concerning Stanley Shapiro's actual knowledge of the Ponzi scheme and/or other fraud at BLMIS is ongoing, and the Trustee will produce such documents to Defendants in response to this Request and in response to Requests Nos. 4, 5, 11, 12, 15, 16, 18, 26, and 38 as well as other Requests.

## REQUEST NO. 40

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge that any security reportedly held in any BLMIS customer account at any time did not, in fact, exist.

## RESPONSE TO REQUEST NO. 40

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.  The Trustee further objects to this Request because it seeks certain of the same documents sought in other Requests (e.g., Request Nos. 4, 5, 11, 12, 15, 16, 18, 26, 38 and 39).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 4, 5, 11, 12, 15, 16, 18, 26, 38 and 39, the Trustee's good faith search for documents concerning Stanley Shapiro's actual knowledge regarding the lack of actual trading activity in the BLMIS Accounts is ongoing, and the Trustee will produce such documents to Defendants in response to this Request and in response to Requests Nos. 4, 5, 11, 12, 15, 16, 18, 26, 38, and 39 as well as other Requests.

## REQUEST NO. 41

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge that any BLMIS account statement issued to any BLMIS customer at any time reported securities that did not, in fact, exist.

## RESPONSE TO REQUEST NO. 41

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 40, and the Trustee hereby incorporates by reference his response to Request No. 40.  Subject to and without waiving the foregoing objection and those set forth in response to Request No. 40, documents responsive to this Request will be searched for and produced in response to Request No. 40.

**REQUEST NO. 42**

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported actual knowledge that any security purportedly held in any BLMIS customer account at any time did not exist.

**RESPONSE TO REQUEST NO. 42**

The Trustee objects to this Request in that all documents sought in this Request are also sought in Request No. 40, and the Trustee hereby incorporates by reference his response to Request No. 40. Subject to and without waiving the foregoing objection and those set forth in response to Request No. 40, documents responsive to this Request will be searched for and produced in response to Request No. 40.

**REQUEST NO. 43**

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported participation in any purported trading activity in relation to any account belonging to any BLMIS customer other than Defendants.

**RESPONSE TO REQUEST NO. 43**

The Trustee objects to this Request to the extent it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. Subject to and without waiving the foregoing objection, the Trustee is unaware of any documents responsive to this Request.

**REQUEST NO. 44**

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's purported participation in the preparation of any BLMIS account statement or other document relating to any account belonging to any BLMIS customer other than Defendants.

**RESPONSE TO REQUEST NO. 44**

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. Subject to and without waiving the foregoing objection, the Trustee is unaware of any documents responsive to this Request.

**REQUEST NO. 45**

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's actual knowledge of BLMIS operations, the securities industry, securities trading, proprietary trading, securities laws and regulations, or the back-dating or cancellation of securities transactions.

## RESPONSE TO REQUEST NO. 45

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks certain documents certain of the same documents sought in other Requests (e.g., Request Nos. 18, 21, 25 and 26).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 18, 21, 25, and 26, the Trustee's good faith search for documents responsive to this Request and Requests Nos. 18, 21, 25, and 26 is ongoing, and the Trustee will produce such documents to Defendants in response to this Request and in response to Requests Nos. 18, 21, and 26.

## REQUEST NO. 46

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro in connection with BLMIS operations, the securities industry, securities trading, proprietary trading, securities laws and regulations, or the back-dating or cancellation of securities transactions.

## RESPONSE TO REQUEST NO. 46

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks certain documents certain of the same documents sought in other Requests (e.g., Request Nos. 25-34 and 45).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 25 through 34 and 45, the Trustee's good faith search for documents responsive to this Request and Requests Nos. 25 through 34 and 45 is ongoing, and the Trustee will produce such documents to Defendants in response to this Request and in response to Requests Nos. 25 through 34 and 45 as well as other Requests.

## REQUEST NO. 47

Any and all documents or communications relating to, regarding, evidencing, or referencing Stanley Shapiro's relationship with Madoff.

## RESPONSE TO REQUEST NO. 47

The Trustee objects to this Requests to the extent it seeks Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.

The Trustee already has furnished to Defendants the Jet Documents and the Cellular Telephone Documents, which include documents relating to Stanley Shapiro's relationship with Madoff.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional documents concerning Stanley Shapiro's relationship with Madoff, and the Trustee will produce such documents to Defendants in response to this Request.

## REQUEST NO. 48

Any and all communications between Stanley Shapiro and Paul Konigsberg.

## RESPONSE TO REQUEST NO. 48

The Trustee previously furnished to Defendants the Konigsberg Wolf Documents, which include communications between Stanley Shapiro and Paul Konigsberg.

The Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional communications between Stanley Shapiro and Paul Konigsberg, and will produce to Defendants such communications located during the search.

## REQUEST NO. 49

Any and all documents or communications ever in the possession, custody or control of Paul Konigsberg or any employee, agent, partner, or associate of Paul Konigsberg, relating to, regarding, or referencing Stanley Shapiro.

## RESPONSE TO REQUEST NO. 49

The Trustee objects to this Requests to the extent it seeks Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request on the ground that he cannot know what documents or communications were "ever in the possession, custody or control of Paul Konigsberg or any employee, agent, partner, or associate of Paul Konigsberg, relating to, regarding, or referencing Stanley Shapiro."

The Trustee previously produced to Defendants the Konigsberg Wolf Documents.

Subject to and without waiving the foregoing objection, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents from or prepared by Paul Konigsberg or any employee, agent, partner, or associate of Paul Konigsberg concerning Stanley Shapiro, and will produce to Defendants such documents located during the search.

## REQUEST NO. 50

Any and all documents provided or produced to the Trustee at any time by any third-party, including but not limited to any government agency, self-regulatory organization, financial institution, party to any litigation or arbitration to which BLMIS was or is a party or which relates to BLMIS in any way, lawyer or law firm, accountant or accounting firm, or private investigator or forensic analyst of any kind, whether or not acting on behalf of the Trustee,

arising from, relating to, regarding, evidencing, or referencing Stanley Shapiro's (i) activities or purported activities at BLMIS; (ii) employment by BLMIS; (iii) relationship with BLMIS; (iv) knowledge of BLMIS operations, the securities industry, securities trading, proprietary trading, securities laws and regulations, or the back-dating or cancellation of securities transactions; (v) knowledge or purported knowledge of the alleged BLMIS fraud or Ponzi scheme; (vi) knowledge or purported knowledge of the truth or falsehood of any BLMIS account statement for any account belonging to any customer at any time. This includes, but is not limited to, any and all documents obtained or produced in any criminal investigation, SEC investigation or regulatory inquiry arising from, relating to, regarding, or referencing BLMIS, including but not limited to any notes, memoranda, recordings, logs, documents relating to or memorializing any interview, trial or deposition transcript, affidavit, indictment, subpoena, correspondence, evidence inventory, or allocution or confession.

## RESPONSE TO REQUEST NO. 50

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008. For example, the Requests seeks, *inter alia*, documents provided to the Trustee by a forensic analyst acting on behalf of the Trustee. The Trustee will not produce Privileged Materials Prepared Post-December 11, 2008. The Trustee further objects to this Request because it seeks certain documents of the same documents sought in other Requests (e.g., Request No. 34). The Trustee additionally objects to this Request because is overly broad, unduly burdensome, and therefore not proportional to the needs of this case. The Trustee will not produce Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. The Trustee further objects to this Request because it seeks documents "obtained or produced in any criminal investigation, SEC investigation or regulatory inquiry relating to Stanley Shapiro." The Trustee does not have the burden, under the Federal Rules, to obtain and produce any documents of this nature, and is not in possession, custody or control of any such documents. Additionally, documents sought in this Request may be located in the Third-Party Data Rooms, which Defendants can access and search.

The Trustee already has furnished to Defendants the Konigsberg Wolf Documents, which include documents responsive to this Request.

Subject to and without waiving the foregoing objections and those set forth in response to Request No. 34, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional documents responsive to this Request and Requests No. 34, and the Trustee will produce such documents to Defendants in response to this Request and Request No. 34.

## REQUEST NO. 51

Any and all documents supporting or relating to the allegation of the Complaint that "Stanley Shapiro was no unwitting investor." (Complaint, ¶ 2).

**RESPONSE TO REQUEST NO. 51**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.

The Trustee already has produced documents responsive to this Request, including but not limited to the Office Contents.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable and good faith search for additional relevant documents responsive to this Request, and will produce such documents to Defendants.

**REQUEST NO. 52**

Any and all documents supporting or relating to the allegation of the Complaint that "Shapiro was part of a small privileged group of BLMIS investors with whom Madoff appeared to place his trust and to whom Madoff gave special treat [sic]." (Complaint, ¶ 49)

**RESPONSE TO REQUEST NO. 52**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks certain of the same documents as those sought in other Requests (e.g., Request Nos. 12, 16, 18 and 47).

The Trustee already has produced documents responsive to this Request, including but not limited to the Desk Contents and the Jet Documents.

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 12, 16, 18, and 47, the Trustee is in the process of conducting a reasonable and good faith search for additional relevant documents responsive to this Request and Requests Nos. 12, 16, 18, and 47, and the Trustee will produce such documents to Defendants in response to this Request and in response to Requests Nos. 12, 16, 18, and 47 as well as other Requests.

**REQUEST NO. 53**

Any and all documents supporting or relating to the allegation of the Complaint that "Bongiorno personally managed many of the accounts held by the Shapiro family, including all of the Core Accounts." (Complaint, ¶ 49)

**RESPONSE TO REQUEST NO. 53**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks certain of the same documents as those sought in other Requests (e.g., Request Nos. 12, 16 and 18). As framed, this Request also calls for production of Non-Proportional Redundant, Cumulative, and Marginally Relevant Documents. For example,

information concerning certain of the BLMIS Accounts managed by Bongiorno may be included in documents containing similar information for all or substantially all of the other BLMIS accounts managed by Bongiorno in existence at the time of the documents' creation or generation.  The Trustee will not  search for and produce such documents or any other Non-Proportional Redundant, Cumulative, Marginally Relevant Documents, which are marginally relevant if not completely irrelevant and cumulative, and their production is not proportionate to the needs of the case under Federal Rule 26(b)(1).

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for additional relevant documents relating to Annette Bongiorno's management or other involvement in certain of the BLMIS Accounts, and will produce to Defendants such documents located during the search.

## REQUEST NO. 54

Any and all documents supporting or relating to the allegation of the Complaint that BLMIS generated revised backdated account statements for the CORE accounts for nearly every month of 2002 "at Shapiro's request." (Complaint, ¶ 4).

## RESPONSE TO REQUEST NO. 54

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.  The Trustee further objects to this Request because it seeks certain of the same documents as those sought in other Requests (e.g., Request Nos. 38 and 40).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 38 and 40, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents responsive to this Request, and will produce to Defendants documents located in such a search in response to this Request and Request Nos. 38 and 40.

## REQUEST NO. 55

Any and all documents supporting or relating to the allegation of the Complaint that "Shapiro plan [sic] an instrumental role in the planning and execution of the scheme to fabricate these groups of backdated trades in 2002 and 2003." (Complaint, ¶ 6).

## RESPONSE TO REQUEST NO. 55

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.  The Trustee further objects to this Request because it seeks certain of the same documents as those sought in other Requests (e.g., Request Nos. 38 and 40).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 38 and 40, the Trustee is in the process of conducting a reasonable, proportionate

and good faith search for documents responsive to this Request, and will produce to Defendants documents located in such a search in response to this Request and Request Nos. 38 and 40.

## REQUEST NO. 56

Any and all documents supporting or relating to the allegation of the Complaint that "in the middle of 2003, BLMIS began fabricating, with Shapiro's knowledge, more backdated trades, this time to minimize the apparent sizable tax liability faced by the Shapiro family." (Complaint, ¶ 48).

## RESPONSE TO REQUEST NO. 56

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks certain of the same documents as those sought in other Requests (e.g., Request Nos. 38 and 40).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 38 and 40, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents responsive to this Request, and will produce to Defendants documents located in such a search in response to this Request and Request Nos. 38 and 40.

## REQUEST NO. 57

Any and all documents supporting or relating to the allegation of the Complaint that "Shapiro was at it again" in 2001. (Complaint, ¶ 70).

## RESPONSE TO REQUEST NO. 57

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks certain of the same documents as those sought in other Requests (e.g., Request Nos. 38 and 40).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 38 and 40, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents responsive to this Request, and will produce to Defendants documents located in such a search in response to this Request and Request Nos. 38 and 40.

## REQUEST NO. 58

Any and all documents supporting or relating to the allegation of the Complaint that in "2002 and 2003, Shapiro took an active hand in the fraud at BLMIS." (Complaint, ¶ 73).

## RESPONSE TO REQUEST NO. 58

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further

objects to this Request because it seeks certain of the same documents as those sought in other Requests (e.g., Request Nos. 38 and 40).

Subject to and without waiving the foregoing objections and those set forth in response to Request Nos. 38 and 40, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to Stanley Shapiro's role in the fraud at BLMIS in 2002 and 2003, and will produce to Defendants documents located in such a search in response to this Request and Request Nos. 38 and 40.

## REQUEST NO. 59

Any and all documents supporting or relating to the allegation of the Complaint that Shapiro knew what "short-against-the-box sales" meant. (Complaint, ¶ 73).

## RESPONSE TO REQUEST NO. 59

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks certain of the same documents as those sought in other Requests (e.g., Request No. 51).

Subject to and without waiving the foregoing objections and those set forth in response to Request No. 51, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to Stanley Shapiro's knowledge of the term "short-against-the-box," and will produce to Defendants documents located in such a search in response to this Request and Request No. 51.

## REQUEST NO. 60

Any and all documents supporting or relating to the allegation of the Complaint that the communications and meetings referenced therein took place or were instigated by Shapiro. (Complaint, ¶ 77).

## RESPONSE TO REQUEST NO. 60

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to communications and meetings referenced in Paragraph 77 of the Complaint, and will produce to Defendants documents located in such a search.

**REQUEST NO. 61**

Any and all documents supporting or relating to the allegation of the Complaint that Shapiro, Konigsberg and Bongiorno "devised a scheme to restore the value that had been reportedly lost in the Core Accounts due to the stock market's decline throughout the year."

**RESPONSE TO REQUEST NO. 61**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to the scheme devised by Stanley Shapiro, Paul Konigsberg, and Annette Bongiorno in or about 2002, and will produce to Defendants documents located in such a search.

**REQUEST NO. 62**

Any and all documents supporting or relating to the allegation of the Complaint that "BLMIS needed assistance from Shapiro …to conceal the paper trail of the fraud" and that Shapiro knowingly provided such assistance. (¶ 82).

**RESPONSE TO REQUEST NO. 62**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to the assistance needed by BLMIS from Shapiro to conceal the paper trail of their fraud, and will produce to Defendants documents located in such a search.

**REQUEST NO. 63**

Any and all documents supporting or relating to the allegation of the Complaint that "Shapiro devised another plan with Madoff and Bongiorno." (Complaint, ¶ 86).

**RESPONSE TO REQUEST NO. 63**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to the further scheme devised by Stanley Shapiro, Madoff, and Bongiorno, and will produce to Defendants documents located in such a search.

**REQUEST NO. 64**

Any and all documents supporting or relating to the allegation of the Complaint that "Shapiro was supplied with revised account statements." (e.g., ¶ 90).

**RESPONSE TO REQUEST NO. 64**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.

Subject to and without waiving the foregoing objections, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to Shapiro being supplied with revised account statements by BLMIS, and will produce to Defendants documents located in such a search.

**REQUEST NO. 65**

Any and all documents supporting or relating to the allegation of the Complaint that Shapiro had actual knowledge of, was involved in, participated in, or knowingly assisted in the fraud. (e.g., ¶ 93).

**RESPONSE TO REQUEST NO. 65**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks the same documents as those sought in other Requests (e.g., Requests Nos. 54–64).

Subject to and without waiving the foregoing objections and those set forth in response to Requests Nos. 54 through 64, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to Stanley Shapiro's knowledge of, and involvement in, fraud at BLMIS, and will produce to Defendants documents located in such a search in response to this Request, Requests Nos. 54 through 64, and other Requests.

**REQUEST NO. 66**

Any and all documents supporting or relating to any allegation of the Complaint that Shapiro "willfully blinded himself to circumstances suggesting a high probability of fraud at BLMIS." (¶ 94).

**RESPONSE TO REQUEST NO. 66**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request because it seeks the same documents as those sought in other Requests (e.g., Requests Nos. 54-64).

36

Subject to and without waiving the foregoing objections and those set forth in response to Requests Nos. 54 through 64, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents relating to Stanley Shapiro's potentially willfully blinding himself to fraud at BLMIS, and will produce to Defendants documents located in such a search in response to this Request, Requests Nos. 54 through 64, and other Requests.

## REQUEST NO. 67

Any and all documents supporting or relating to any claim, contention or allegation of the Complaint.

## RESPONSE TO REQUEST NO. 67

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce.  The Trustee further objects to this Request because it largely redundant of many of the other Requests.

Subject to and without waiving the foregoing, the Trustee is in the process of conducting a reasonable, proportionate and good faith search for documents supporting or relating to the allegations of the Complaint, and will produce to Defendants documents located in such a search in response to this Request as well as many other Requests.

## REQUEST NO. 68

Any FBI, SEC or Justice Department file pertaining or relating to BLMIS.

## RESPONSE TO REQUEST NO. 68

The Trustee objects to this Request on the ground that it is vague and ambiguous given that "file" can be construed in varying ways.  The Trustee shall construe the term "file" as any documents, other than those documents found at BLMIS or a storage facility maintained by BLMIS, provided to the Trustee by either the FBI, the SEC or the Justice Department.

The Trustee is not in possession of any portion of any file received from either the FBI or the Justice Department.  Those documents produced to the Trustee by the SEC are located in E-Data Room 1 and the Third-Party Data Rooms, which can be searched by Defendants.  The Trustee will not search for and produce documents responsive to this Request.

## REQUEST NO. 69

Any affidavit, deposition, trial transcript, or other sworn testimony of any officer, employee, agent (including but not limited to any attorney or accountant), associate, partner, or customer of BLMIS, including any such entity and the shareholders, members, officers, employees, agents, associates, partners, or customers of any such entity, relating to, regarding, or referencing the alleged BLMIS fraud.

## RESPONSE TO REQUEST NO. 69

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). The Trustee further objects to this Request on the ground that Defendants have equal access to certain affidavits, depositions, trial transcripts, or other sworn testimony concerning the alleged fraud at BLMIS, such as the transcript of the criminal trial against Annette Bongiorno and four other former employees of BLMIS. The Trustee will not search for or produce documents responsive to this Request.

## REQUEST NO. 70

Any affidavit, deposition, trial testimony, or other sworn testimony of any employee of any government agency or self-regulatory organization relating to, regarding, or referencing the alleged BLMIS fraud.

## RESPONSE TO REQUEST NO. 70

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). The Trustee further objects to this Request on the ground that Defendants have equal access to certain affidavits, depositions, trial transcripts, or other sworn testimony concerning the alleged fraud at BLMIS, such as the transcript of the criminal trial against Annette Bongiorno and four other former employees of BLMIS. The Trustee will not search for and produce documents responsive to this Request.

## REQUEST NO. 71

Any and all internal BLMIS documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged fraud.

## RESPONSE TO REQUEST NO. 71

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1).

The Trustee will produce documents responsive to this and other Requests seeking documents concerning fraud at BLMIS as it relates Defendants and their BLMIS Accounts. The Trustee will not search for and produce other documents responsive to this Request. Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud at BLMIS.

## REQUEST NO. 72

Any and all internal BLMIS documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged fraud.

**RESPONSE TO REQUEST NO. 72**

The Trustee objects to this Request because it is completely duplicative of Request No. 71, and the Trustee hereby incorporates by reference his response to Request No. 71.

**REQUEST NO. 73**

Any and all documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged orchestration of a Ponzi scheme.

**RESPONSE TO REQUEST NO. 73**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1).

The Trustee will produce documents responsive to this and other Requests seeking documents concerning fraud at BLMIS as it relates Defendants and their BLMIS Accounts. The Trustee will not search for and produce other documents responsive to this Request. Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud at BLMIS.

**REQUEST NO. 74**

Any and all documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged creation of false customer account statements.

**RESPONSE TO REQUEST NO. 74**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1).

Subject to and without waiving the foregoing objections, the Trustee will produce documents responsive to this and other Requests seeking documents relating BLMIS's creation of false customer account statements for certain of the BLMIS Accounts. The Trustee will not search for and produce other documents responsive to this Request. Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud conducted at BLMIS.

**REQUEST NO. 75**

Any and all documents or communications between BLMIS and any third-party, including but not limited to any government agency, self-regulatory organization, financial institution, customer, partner, affiliate, or agent, relating to, regarding, or referencing BLMIS'

alleged fraud or Ponzi scheme, the return of any customer account statement or the alteration or destruction of any customer account statements.

**RESPONSE TO REQUEST NO. 75**

The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud conducted at BLMIS, the return of customer account statements, or the alteration or destruction of customer account statements.

Subject to and without waiving the foregoing objections, the Trustee will not search for and produce documents responsive to this Request, but those documents concerning the return, alteration and destruction of certain account statements for the BLMIS Accounts, have been or will be produced in response to this and other Requests.

**REQUEST NO. 76**

Any and all documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged alteration, falsification, backdating, or destruction of customer account statements.

**RESPONSE TO REQUEST NO. 76**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to, and can search, the documents in E-Data Room relevant to issues to the fraud conducted at BLMIS, the alteration, falsification, backdating or destruction of customer account statements.

Subject to and without waiving the foregoing objections, the Trustee will not search for and produce documents responsive to this Request, but those documents concerning the alteration, falsification, backdating or destruction of certain account statements for the BLMIS Accounts, have been or will be produced in response to this and other Requests.

**REQUEST NO. 77**

Any and all documents or communications relating to, regarding, evidencing, or referencing BLMIS' alleged demand that any customer return customer account statements.

**RESPONSE TO REQUEST NO. 77**

The Trustee objects to this Request to the extent that it calls for Privileged Materials Prepared Post-December 11, 2008, which the Trustee will not produce. The Trustee further objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). Defendants have access to,

and can search, the documents in E-Data Room relevant to issues to the fraud conducted at BLMIS and any request or demand by BLMIS a customer return his or her account statements.

Subject to and without waiving the foregoing objections, the Trustee will not search for and produce documents responsive to this Request, but will produced those documents concerning the return of certain account statements for the BLMIS Accounts in response to this and other Requests.

## REQUEST NO. 78

Any and all documents provided or produced to the Trustee at any time by any third-party, including but not limited to any government agency, self-regulatory organization, financial institution, party to any litigation or arbitration to which BLMIS was or is a party or which relates to BLMIS in any way, lawyer or law firm, accountant or accounting firm, or private investigator or forensic analyst of any kind, whether or not acting on behalf of the Trustee, arising from, relating to, regarding, evidencing, or referencing the alleged BLMIS fraud or Ponzi scheme. This includes, but is not limited to, any and all documents obtained or produced in any criminal investigation, SEC investigation or regulatory inquiry arising from, relating to, regarding, or referencing BLMIS, including but not limited to any notes, memoranda, recordings, logs, documents relating to or memorializing any interview, trial or deposition transcript, affidavit, indictment, subpoena, correspondence, evidence inventory, or allocution or confession.

## RESPONSE TO REQUEST NO. 78

The Trustee objects to this Request to the extent it seeks Privileged Materials Prepared Post-December 11, 2008. For example, the Requests seeks, *inter alia*, documents provided to the Trustee by a forensic analyst acting on behalf of the Trustee. The Trustee will not produce Privileged Materials Prepared Post-December 11, 2008. The Trustee objects to this Request on the ground that it is overly broad and unduly burdensome, and not proportionate to the needs of the case under Federal Rule 26(b)(1). The Trustee further objects to this Request because it is largely duplicative of Request No. 75, and the Trustee hereby incorporates by reference his response to Request No. 75.

Subject to and without waiving the foregoing objections and those set forth in response to Request No. 75, he Trustee will not search for and produce documents responsive to this Request other than those relating Defendants and the BLMIS Accounts.

Date:  August 4, 2017                    /s/ James H. Rollinson
       New York, New York               Baker & Hostetler LLP
                                        45 Rockefeller Plaza
                                        New York, New York 10111
                                        Telephone: (212) 589-4200
                                        Facsimile: (212) 589-4201
                                        David J. Sheehan
                                        Email:  dsheehan@bakerlaw.com
                                        Ona T. Wang
                                        Email: owang@bakerlaw.com

Torello H. Calvani
Email: tcalvani@bakerlaw.com

Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: (216) 861-7075
Facsimile: (216) 696-0740
James H. Rollinson
Email: jrollinson@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and Bernard L. Madoff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 4th day of

August, 2017 by Federal Express and electronic mail upon the following:

Barry R. Lax
Lax & Neville LLP
1450 Broadway, 35th Floor
New York, New York 10018
blax@laxneville.com


/s/ Andrew M. Serrao
*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and Chapter 7 Estate of Bernard L.
Madoff*