**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>             Defendant. | Adv. Proc. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>             Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>BNP PARIBAS S.A., *et al.*,<br><br>             Defendants. | Adv. Pro. No. 12-01576 (SMB) |

**STIPULATED ORDER TO DISMISS CLAIMS**
**TO RECOVER THE ASCOT TRANSFERS FROM THE AMENDED COMPLAINT**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the substantively consolidated estate of Bernard L. Madoff, and defendants BNP Paribas S.A., BNP Paribas Arbitrage SNC, BNP Paribas Bank & Trust (Cayman) Limited ("BNPP Cayman"), and BNP Paribas Securities Services S.A. (collectively, "Defendants," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS,** by *Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure Approving Settlement Agreement Between the Trustee and Ascot Partners, L.P., Through Its Receiver, Ralph C. Dawson, Ascot Fund Limited, J. Ezra Merkin, and Gabriel Capital Corporation*, dated July 3, 2018, entered in the *Merkin Case* (ECF Doc. No. 454), the Court approved a settlement pursuant to which Ascot Parners, L.P. ("Ascot") and Gabriel Capital Corp. agreed to pay the BLMIS estate $280 million, as more fully described in the settlement agreement attached as Exhibit A to the Trustee's *Motion for Entry of Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure Approving Settlement Agreement Between the Trustee and Ascot Partners, L.P., Through Its Receiver, Ralph C. Dawson, Ascot Fund Limited, J. Ezra Merkin, and Gabriel Capital Corporation*, dated June 13, 2018, (ECF Doc. No. 450);

**WHEREAS,** the Trustee filed an *Amended Complaint* on August 30, 2017, in the above-captioned adversary proceeding seeking to recover, *inter alia,* two subsequent transfers in the sums of $51,471,495 and $5,719,055, made respectively on January 4, 2008 and February 14, 2008, from Ascot to defendant BNPP Cayman (the "Ascot/BNPP Cayman Transfers") (ECF Doc. No. 100);

**WHEREAS,** Defendants filed a motion to dismiss the Trustee's *Amended Complaint* on October 25, 2017 (ECF Doc. No. 107); the Trustee filed a memorandum of law in opposition to Defendants' motion to dismiss on December 20, 2017 (ECF Doc. No. 110); Defendants filed a reply memorandum of law in support of their motion to dismiss on January 19, 2018 (ECF Doc. No. 116); and the Court held a hearing on Defendants' motion on March 9, 2018 (ECF Doc. No. 123);

**WHEREAS,** on August 29, 2018, the Court ordered that the Trustee show cause why an order should not be entered pursuant to the "single satisfaction" rule, 11 U.S.C. § 550(d), dismissing the Ascot/BNPP Cayman Transfers as alleged in the *Amended Complaint* (ECF Doc. No. 140);

**WHEREAS,** the Court further ordered that the Parties may each submit a memorandum of law relating to the applicability of the single satisfaction rule to the recovery of the Ascot/BNPP Cayman Transfers on or before September 14, 2008; and

**WHEREAS,** the Parties have met and conferred and have agreed—in light of the settlement in the *Merkin Case*—to resolve the issue relating to applicability of the single satisfaction rule to the recovery of the Ascot/BNPP Cayman Transfers without the need for motion practice;

**IT IS HEREBY STIPULATED** by the Parties and **SO ORDERED** by the Court as follows:

1. The Trustee's claims to recover the Ascot/BNPP Cayman Transfers from BNPP Cayman are voluntarily dismissed with prejudice from the Amended Complaint; and

2. For the avoidance of doubt, entry into this Stipulation including the Parties' agreement as to the voluntary dismissal with prejudice of the Trustee's claims to recover the Ascot/BNPP Cayman Transfers, shall not impair or otherwise affect any of the Parties' other rights and defenses all of which are expressly reserved.

3. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Date: September 12, 2018
 New York, New York

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ David J. Sheehan* | */s/ Ari D. MacKinnon* |
| **BAKER & HOSTETLER LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| 45 Rockefeller Plaza | One Liberty Plaza |
| New York, New York 10111 | New York, New York 10006 |
| Telephone: (212) 589-4200 | Telephone: (212) 225-2000 |
| Facsimile: (212) 589-4201 | Facsimile: (212) 225-3999 |
| David J. Sheehan | Breon S. Peace |
| Email: dsheehan@bakerlaw.com | Email: bpeace@cgsh.com |
| Torello H. Calvani | Ari D. MacKinnon |
| Email: tcalvani@bakerlaw.com | Email: amackinnon@cgsh.com |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff* | *Attorneys for Defendants BNP Paribas S.A., BNP Paribas Arbitrage SNC, BNP Paribas Bank & Trust (Cayman) Limited and BNP Paribas Securities Services S.A.* |

SO ORDERED this 12th day of September, 2018.

**/s/ STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE