**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |

**REPLY MEMORANDUM OF LAW OF**
**THE SECURITIES INVESTOR PROTECTION CORPORATION IN SUPPORT OF**
**TRUSTEE'S MOTION TO STRIKE THE NOTICES OF WITHDRAWAL OF CLAIM**
**AND NOTICES OF WITHDRAWAL OF OBJECTION TO DETERMINATION OF**
**<u>CLAIM FILED BY CHAITMAN LLP AND DENTONS US LLP</u>**

                  SECURITIES INVESTOR PROTECTION
                  CORPORATION
                  1667 K St., NW, Suite 1000
                  Washington, D.C. 20006
                  Telephone: (202) 371-8300
                  JOSEPHINE WANG
                  General Counsel
                  KEVIN H. BELL
                  Senior Associate General Counsel for
                  Dispute Resolution
                  NATHANAEL S. KELLEY
                  Associate General Counsel

# **TABLE OF CONTENTS**

**PAGE**

Background ...................................................................................................................................1

Argument .......................................................................................................................................2

CONCLUSION..............................................................................................................................7

i

# **TABLE OF AUTHORITIES**

**CASES:**                                                                                                                       **PAGE**

*Bankr. Serv., Inc. v. Ernst & Young (In re CBI Holding Co.)*,
    529 F.3d 432 (2d Cir. 2008)..................................................................................6

*CarVal UK Ltd. v. Giddens (In re Lehman Bros., Inc.)*,
    791 F.3d 277 (2d Cir. 2015)..................................................................................3

*Exchange National Bank of Chicago v. Wyatt*, 517 F.2d 453 (2d Cir. 1975).................................3

*Germain v. Connecticut Nat. Bank*, 988 F.2d 1323 (2d Cir. 1993) ................................................6

*Katchen v. Landy*, 382 U.S. 323 (1966).........................................................................................6

*Langenkamp v. Culp*, 498 U.S. 42 (1990).......................................................................................6

*In re Lloyd Sec., Inc.*, 75 F.3d 853 (3d Cir. 1996) ..........................................................................3

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Camp (In re Gov't Sec. Corp.)*,
    972 F.2d 328 (11th Cir. 1992). ............................................................................3

*Picard v. Saren-Lawrence, et al.*, Case No. 17 Civ. 5157 (GBD)
    (S.D.N.Y. Sep. 11, 2018)........................................................................................4

*Sec. Inv'r Prot. Corp. v. Ambassador Church Finance/Development Group, Inc.*,
    788 F.2d 1208 (6th Cir.), *cert. denied sub nom. Pine Street Baptist Church v.
    Sec. Inv'r Prot. Corp.*, 479 U.S. 850 (1986)........................................................3

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    513 B.R. 437 (S.D.N.Y. 2014)...............................................................................4

*Sec. Inv'r Prot. Corp. v. Charisma Sec. Corp.*, 506 F.2d 1191 (2d Cir. 1974) ..............................4

*Stern v. Marshall*, 564 U.S. 462 (2011).........................................................................................6

**STATUTES AND RULES:**

Federal Rule of Bankruptcy Procedure

1001......................................................................................................................................3
2002(k) .................................................................................................................................3
3006...............................................................................................................................3, 4, 5
3007......................................................................................................................................5

# TABLE OF AUTHORITIES
### cont.

**STATUTES AND RULES:** **PAGE**

Federal Rule of Bankruptcy Procedure

7041................................................................................................................................5
9002(1)............................................................................................................................5
9014................................................................................................................................5

Federal Rule of Civil Procedure

41..................................................................................................................................5

Securities Investor Protection Act, as amended, 15 U.S.C. '

78eee(b).........................................................................................................................1
78eee(b)(4)..................................................................................................................1, 2
78eee(d).........................................................................................................................1
78fff(a)...........................................................................................................................3
78fff(b).................................................................................................................2, 3, 4


United States Bankruptcy Code, as amended, 11 U.S.C. §

502(d)............................................................................................................................6

The Securities Investor Protection Corporation ("SIPC")[1] submits this memorandum of law in support of the motion by the trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–78*lll* ("SIPA"),[2] and Bernard L. Madoff ("Madoff"), in Support of Trustee's Motion to Strike the Notices of Withdrawal of Claim and Notices of Withdrawal of Objection to Determination of Claim Filed by Chaitman LLP and Dentons US LLP (the "Motion"). [ECF No. 17864.][3] SIPC respectfully submits this memorandum to respond briefly to arguments regarding SIPA raised by the oppositions filed by claimants (the "Claimants") represented by Dentons US LLP [ECF No. 17955] and by Chaitman LLP. [ECF Nos. 17959, 17960, 17961.] In this memorandum, SIPC assumes familiarity with the underlying proceedings and refers to the Trustee's Motion for the complete background.

## Background

On December 15, 2008, upon an application by SIPC, BLMIS was placed in liquidation by Order of the District Court for this District under SIPA section 78eee(b). [ECF No. 1.] The District Court appointed Irving H. Picard, Esquire, as trustee for the estate and, following the directive of SIPA section 78eee(b)(4), removed the liquidation proceeding to this Court. SIPA section 78eee(b)(4) further provides that upon removal of the liquidation proceeding from the District Court to the Bankruptcy Court, "[t]he latter court shall thereupon have all of the jurisdiction, powers, and duties conferred by [SIPA] upon the court to which application for the

---

[1] SIPC is a party-in-interest and a statutory intervenor in all liquidations under the Securities Investor Protection Act. *See* 15 U.S.C. § 78eee(d).

[2] For convenience, further references to SIPA shall omit "15 U.S.C."

[3] The Trustee filed a supplemental motion identifying additional notices of withdrawal filed by claimants represented by Chaitman LLP. [ECF No. 17890.]

issuance of the protective decree was made." SIPA § 78eee(b)(4).

Upon the Trustee's application, this Court approved procedures for filing claims with the Trustee (the "Claims Procedure Order"). [ECF No. 12.] The procedures provided, among other things, for the submission of claims to the Trustee, a determination by the Trustee which is deemed approved by the Court absent a timely objection, satisfaction by the Trustee of allowed claims, and an opportunity for any customer who disagreed with the determination of its claim to seek Court review. [*Id.* at 6–7.]

The Claimants here each submitted claims for customer protection, which the Trustee denied because the Claimants were "net winners": they withdrew more from BLMIS than they deposited, meaning that they received fictitious profits consisting of other customers' deposits. Each Claimant objected to the Trustee's determination, and those objections remain pending before this Court. Meanwhile, because the Claimants were still holding funds stolen from other customers, the Trustee also filed avoidance actions against the Claimants in order to recover the actually fraudulent transfers of fictitious profits made in furtherance of the BLMIS Ponzi scheme.

**Argument**

When the Claimants filed claims in this liquidation, the Claimants submitted themselves to the jurisdiction of this Court. Under SIPA, the Bankruptcy Code, the Bankruptcy Rules, and the law of the case, absent a court order determining otherwise, any review of the determination of the Claimants' claims must occur in a hearing before this Court. The Claimants may not withdraw their claims as of right.

SIPA section 78fff(b) provides that, to the extent consistent with SIPA, a SIPA liquidation proceeding is to be conducted 1) "in accordance with" and 2) "as though it were

2

being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11." The provisions of Title 11 referred to in section 78fff(b) are the bankruptcy liquidation provisions of the Code, except for the stockbroker and commodity broker provisions. In explicitly incorporating these provisions, "[t]he plain language of § 78fff(b) makes no [] distinction [between substantive and procedural aspects of the Bankruptcy Code] . . . ." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Camp (In re Gov't Sec. Corp.)*, 972 F.2d 328, 330 n.1 (11th Cir. 1992). "SIPA trustees administer what is in effect a 'bankruptcy within a bankruptcy' for investors who had property on account with the broker-dealer." *CarVal UK Ltd. v. Giddens (In re Lehman Bros., Inc.)*, 791 F.3d 277, 281 (2d Cir. 2015). The fact that a SIPA liquidation is simply an outright bankruptcy proceeding for all practical purposes has been consistently recognized. *See* SIPA § 78fff(a), (b); *see also Exchange National Bank of Chicago v. Wyatt*, 517 F.2d 453, 457–59 (2d Cir. 1975); *In re Lloyd Sec., Inc.*, 75 F.3d 853, 857 (3d Cir. 1996); *Sec. Inv'r Prot. Corp. v. Ambassador Church Finance/Development Group, Inc.*, 788 F.2d 1208, 1210 (6th Cir.), *cert. denied sub nom. Pine Street Baptist Church v. Sec. Inv'r Prot. Corp.*, 479 U.S. 850 (1986).

      The Federal Rules of Bankruptcy Procedure "govern procedure in cases under title 11 of the United States Code," Fed. R. Bankr. P. 1001, and thus govern the procedure of a liquidation under SIPA as well. *Cf. id.* 2002(k) (specifying when a Federal Rule of Bankruptcy Procedure does *not* apply in a SIPA liquidation). Federal Rule of Bankruptcy Procedure 3006 governs withdrawal of a claim. While a creditor may normally withdraw a claim as of right, "[i]f after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor . . . otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on

3

notice to the trustee." Fed. R. Bankr. P. 3006.

The Claimants question whether Bankruptcy Rule 3006 applies in a SIPA liquidation. Where a provision applies under Title 11, however, it applies to a SIPA liquidation unless it conflicts with SIPA. SIPA § 78fff(b). Contrary to the Claimants' arguments, while a customer claim may be processed differently than a creditor claim in an ordinary bankruptcy,[4] the application of Bankruptcy Rule 3006 to a customer claim is consistent with SIPA. A provision is inconsistent with SIPA only if it "conflicts with an explicit provision" of SIPA or if its application "would substantially impede the fair and effective operation of SIPA without providing significant countervailing benefits." *Sec. Inv'r Prot. Corp. v. Charisma Sec. Corp.*, 506 F.2d 1191, 1195 (2d Cir. 1974). The Claimants have not identified anything in Rule 3006 that conflicts with an explicit provision of SIPA or that would impair the fair and effective operation of SIPA.

In fact, the District Court has already confirmed the application of Bankruptcy Rule 3006 to this very dispute. On motions to reconsider the denial of their motions to withdraw the reference, certain Claimants represented by Chaitman LLP argued that their claims and objections had already been withdrawn. The District Court, however, noted that, because the Trustee had initiated adversary proceedings against these Claimants, their "attempts to withdraw their claims are not effective absent a court order permitting them to do so." *Memorandum Decision and Order*, at 3, n.3, *Picard v. Saren-Lawrence, et al.*, Case No. 17 Civ. 5157, (GBD) (S.D.N.Y. Sep. 11, 2018) (ECF No. 31) (citing Fed. R. Bankr. P. 3006).

---

[4] Despite these differences, "[a] statement of claim in a SIPA proceeding is the functional equivalent of a proof of claim in a bankruptcy case: in both cases a trustee has the right to contest a claim, and claims are ultimately resolved by a court." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437, 443 (S.D.N.Y. 2014).

4

The Claimants also assert that Bankruptcy Rule 3006 applies only to the withdrawal of claims, not objections. This is an end-run around the claims process as provided in the Claims Procedure Order. By withdrawing their objections, the Claimants are in fact attempting to withdraw their still-pending claims—after significant participation in the liquidation on the basis of those claims and while avoidance actions against the Claimants are pending. The Claimants' argument also ignores the legal consequences of filing their objections. A party that files an objection initiates a contested matter. *See* Claims Procedure Order [ECF No.12, at 6–7]; *see also* Fed. R. Bankr. P. 9014, Advisory Committee Note ("Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter."); Fed. R. Bankr. P. 3007, Advisory Committee Notes ("The contested matter initiated by an objection to a claim is governed by rule 9014 . . . ."). Bankruptcy Rule 9014 makes Bankruptcy Rule 7041—and by it, Federal Rule of Civil Procedure 41—applicable to contested matters.[5] Fed. R. Bankr. P. 7041. Here, the Claimants filed their claims with the Trustee. The Trustee issued determinations denying the claims, and the Claimants responded by filing their objections.[6] These issues are joined and are within the scope of the avoidance actions filed against the Claimants. Under the Claims Procedure Order, the next step is to resolve the objections at a hearing before this Court. [ECF No. 12, at 7.] Accordingly, Federal Rule of Civil Procedure 41 governs any withdrawal or dismissal, and the Claimants must obtain the Court's permission for withdrawal.

Finally, setting aside the application of the Federal Rules of Bankruptcy Procedure, the

---

[5] Federal Rule of Bankruptcy Procedure 9002(1) specifies that the term "action" as used in the Federal Rules of Civil Procedure includes contested matters.

[6] The Trustee's determinations would have been deemed approved by the Court absent filed objections. [ECF No. 12, at 7.]

5

Claimants have not identified any authority that would allow them to withdraw their claims and objections as of right. If the Bankruptcy Rules do not address the withdrawal of objections or statements of claim in a SIPA liquidation, then the only relevant authority governing disposition of objections in this case is the Claims Procedure Order. [ECF No. 12.] By filing their claims and objections, the Claimants have submitted themselves to the equitable jurisdiction of this Court for the determination of the claims and any related issues, including the avoidance actions against the Claimants. *See Stern v. Marshall*, 564 U.S. 462, 493–99 (2011) (examining whether adjudication of the creditor's proof of claim would necessarily resolve the debtor's counterclaim); *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) (per curiam) ("Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court."); *Bankr. Serv., Inc. v. Ernst & Young (In re CBI Holding Co.)*, 529 F.3d 432, 466 (2d Cir. 2008) ("*CBI Holding*"); *Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1329–30 (2d Cir. 1993) (stating that a creditor "who submits to the equity jurisdiction of the bankruptcy court thereby waives any right to a jury trial for the resolution of disputes vital to the bankruptcy process, such as those involving the determination of who is a valid creditor and which creditors are senior in the creditor hierarchy."); *see also Katchen v. Landy*, 382 U.S. 323, 329–30 (1966) (holding that, under the statutory predecessor of § 502(d), the bankruptcy referee may exercise summary jurisdiction over a voidable preference claim against a creditor whose claim may be disallowed because of the preference).

The Claims Procedure Order requires any objections to the Trustee's claim determinations to be heard before this Court. [*Id.* at 6–7.] It makes no provision for withdrawal of claims or objections. It stands as the only explicit resolution of the customer claims process. Having already sought this Court's review, the Claimants must therefore obtain this Court's

6

permission if they desire to withdraw their objections now that they do not like the way the case is going.

## **CONCLUSION**

For these reasons, the Trustee's Motion should be granted, and the Claimants' Notices of Withdrawal should be stricken.

Dated: Washington, D.C.
      September 19, 2018

Respectfully submitted,

JOSEPHINE WANG
General Counsel

KEVIN H. BELL
Senior Associate General Counsel for Dispute Resolution

*s/ Nathanael S. Kelley*
NATHANAEL S. KELLEY
Associate General Counsel

SECURITIES INVESTOR
  PROTECTION CORPORATION
1667 K St., NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 371-8300
E-mail: jwang@sipc.org
E-mail: kbell@sipc.org
E-mail: nkelley@sipc.org