**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>       Plaintiff,<br>  v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br>       Plaintiff,<br>  v.<br>STANLEY SHAPIRO, *et al.*,<br>       Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR AN ORDER AUTHORIZING THE DEPOSITION**
**<u>OF FEDERAL PRISONER ANNETTE BONGIORNO</u>**

Plaintiff Irving H. Picard (the "Trustee"), as trustee under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.*, by and through his undersigned counsel, respectfully submits this memorandum of law in support of his application, pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, for an order authorizing the deposition of federal prisoner Annette Bongiorno ("Ms. Bongiorno") in connection with the instant adversary proceeding against Defendant Stanley Shapiro ("Mr. Shapiro") and certain members of his family (with Mr. Shapiro, "Defendants").

## BACKGROUND

As detailed in the Trustee's Second Amended Complaint against Defendants, Mr. Shapiro enjoyed extraordinary access to Ms. Bongiorno at BLMIS. *See* Second Amended Complaint ("SAC"), ¶¶ 4, 49, 57, 63-64, 66-68, 70-71, 73-93 (ECF No. 33). Ms. Bongiorno personally managed many of Defendants' largest accounts at BLMIS (the "Core Accounts"), and worked closely with Mr. Shapiro. *Picard v. Shapiro (In re BLMIS)*, 542 B.R. 100, 112-13 (S.D.N.Y. 2015) (citing SAC at ¶¶ 4, 57).

For example, Mr. Shapiro enjoyed the ability to direct Ms. Bongiorno to generate specific gains and losses in the Core Accounts, which she was able to achieve through hindsight by backdating trades in these accounts. *Id.* at 113 (citing SAC at ¶¶ 65-71). When the stock market suffered a significant downturn in 2002, Mr. Shapiro conspired with Ms. Bongiorno and others to fabricate a large number of backdated short-against-the-box trades in the Core Accounts, which increased the reported value of these accounts collectively by more than $60 million. *Id.* (citing SAC at ¶¶ 74-71). Months later when faced with massive potential tax exposure as a result of the fraud in which he, Ms. Bongiorno and others had engaged, Mr. Shapiro worked with

Ms. Bongiorno to fabricate additional trades to wipe out the exposure Defendants reportedly faced. *Id.* (citing SAC at ¶¶ 84-91).

After BLMIS's collapse, Ms. Bongiorno was indicted by a federal grand jury on charges of conspiracy, securities fraud, falsifying records of a broker-dealer, falsifying records of an investment adviser, and tax evasion. *United States v. Bonventre et al.*, No. 10-CR-228 LTS (S.D.N.Y. Nov. 17, 2010) (ECF No. 36). On March 24, 2014, she and four other BLMIS employees were convicted at trial for their role in the fraud at BLMIS, and Ms. Bongiorno was subsequently sentenced to six years in prison. *Id.* (ECF Nos. 799, 1236). Although she appealed the verdict, the Second Circuit affirmed her conviction and sentence in April 2016. Summary Order, *United States v. Bonventre et al.*, No. 14-4714 (2d Cir. Apr. 20, 2016). Because Bongiorno remains incarcerated in Florida, the Trustee seeks, pursuant to Rule 30(a)(2)(B), authorization from this Court to depose her.

## ARGUMENT

The deposition of a person confined in prison may only be taken with leave of court on such terms as the court prescribes. Fed R. Civ. P. 30(a)(2)(B). In considering whether to grant such leave, the court considers the limitations generally placed on discovery as set forth in Rule 26(b)(2)(B), which limits discovery in three narrow circumstances: (1) the discovery requested is unreasonably cumulative or duplicative, or if the information sought is obtainable from some other more convenient source; (2) the party seeking the discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2) & 30(a)(2). Unless an objecting party can show that the deposition meets one of the three circumstances outlined in Rule 26(b)(2), the court should grant leave to depose the incarcerated witness. *See e.g., Houghtaling v. Tirado-Montes*, No. 803-CV-

3

2733, 2008 WL 2385511, at *1 (M.D. Fla. June 9, 2008); *Williams v. Greenlee*, 201 F.R.D. 577, 578 (N.D. Texas 2002).

Here, Ms. Bongiorno's testimony will be highly relevant on central issues in the Trustee's case against Mr. Shapiro and his family. There is likely no other former BLMIS employee who has more knowledge than her on these issues. Ms. Bongiorno personally managed the Shapiro family's Core Accounts and fabricated backdated trades time and time for these accounts. SAC, ¶¶ 4, 49, 57, 63-64, 66-68. In 2002 and 2003, she, Mr. Shapiro, and others conspired to fabricate trades which reportedly resurrected the value of the Core Accounts and later fabricated more trades to wipe out significant tax liability reportedly faced by Mr. Shapiro and his family. *Id.* at ¶¶ 74-71, 84-91. Not surprisingly, the Trustee identified Bongiorno in his Rule 26(a)(1) Disclosure.

So too did Defendants. They identified her as an "individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Furthermore, Defendant made their disclosure in May 2016 after Ms. Bongiorno had been convicted, sentenced to six years, and had her appeal denied by the Second Circuit. Accordingly, Defendants cannot possibly complain that her deposition should not be taken.

Moreover, none of the limitations provided in Rule 26(b)(2) applies here. The taking of Ms. Bongiorno's deposition is neither unreasonable nor duplicative. As discussed above, she is a key witness in this proceeding. Her likely testimony cannot be obtained (nor could it have been obtained) from any other witness. Thus there is no other more convenient, less expensive or burdensome source for the discovery she will provide. The instant motion likewise is timely; the parties just recently substantially completed their exchange of documents in this case. Finally,

4

Ms. Bongiorno deposition will not be unusually burdensome or excessively costly in light of the amount in controversy in this case and the relevance of her testimony.

## **CONCLUSION**

For the above reasons, the Trustee respectfully requests that the Court grant leave to depose Ms. Bongiorno in the instant adversary proceeding.

Dated:  September 19, 2018			Respectfully submitted,
       New York, New York

                                 BAKER & HOSTETLER LLP

                                 By:  /s/ Torello H. Calvani
                                 45 Rockefeller Plaza
                                 New York, NY 10111
                                 Telephone: (212) 589-4200
                                 Facsimile: (212) 589-4201
                                 David J. Sheehan
                                 Email:  dsheehan@bakerlaw.com
                                 Torello H. Calvani
                                 Email:  tcalvani@bakerlaw.com

                                 *and*

                                 127 Public Square
                                 Cleveland, OH 44114
                                 Telephone: (216) 621-0200
                                 Facsimile: (216) 696-0740
                                 James H. Rollinson
                                 Email:  jrollinson@bakerlaw.com

                                 *Counsel for Plaintiff*