**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Jorian L. Rose
Amy E. Vanderwal
Anat Maytal
Jason I. Blanchard

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the chapter 7 estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

### TRUSTEE'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE THE NOTICES OF WITHDRAWAL OF CLAIM AND NOTICES OF WITHDRAWAL OF OBJECTION TO DETERMINATION OF CLAIM FILED BY CHAITMAN LLP AND DENTONS US LLP

# TABLE OF CONTENTS

**Page(s)**

I.    THE WITHDRAWALS WERE FILED IN DIRECT VIOLATION OF THE
      BANKRUPTCY RULES AND ARE THEREFORE INVALID ......................................2

      A.    Bankruptcy Rule 3006 Applies To The Withdrawals..............................................2

      B.    The Claimants Filed the Withdrawals in Direct Violation of
            Bankruptcy Rule 3006 and Rule 41 ........................................................................6

      C.    Even If The Claimants Had Properly Filed Motions Seeking To
            Withdraw Their Claims And Objections, The Claimants Cannot
            Satisfy The Standards For Withdrawal ...................................................................8

II.   THE CLAIMS ALLOWANCE PROCESS IS IMPLICATED BY THE TRUSTEE'S
      AVOIDANCE ACTIONS AGAINST THE CLAIMANTS.............................................13

III.  THE CLAIMANTS HAVE SUBMITTED TO THE EQUITABLE JURISDICTION OF
      THE BANKRUPTCY COURT BY FILING CUSTOMER CLAIMS AND
      OBJECTIONS...............................................................................................................15

      A.    It is Law Of The Case That The Claimants Are Subject To The
            Bankruptcy Court's Jurisdiction And Have Waived Their Jury
            Trial Right...............................................................................................................15

      B.    The Motion Does Not Seek An Order Striking The Claimants'
            Right To A Jury Trial In The Avoidance Actions ..................................................16

IV.   THE CHAITMAN LLP CLAIMANTS' DEMANDS FOR SANCTIONS ARE
      BASELESS ...................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 20/20 Sport, Inc.*,
200 B.R. 972 (Bankr. S.D.N.Y. 1996)......................................................................8

*In re Adler Coleman Clearing Corp.*,
198 B.R. 70 (Bankr. S.D.N.Y. 1996).......................................................................3

*Arizona v. California*,
460 U.S. 605 (1983).............................................................................................16

*In re Asia Global Crossing, Ltd.*,
344 B.R. 247 (Bankr. S.D.N.Y. 2002)...................................................................14

*Beaver Assocs. v. Cannon*,
59 F.R.D. 508 (S.D.N.Y. 1973) ..............................................................................8

*Brown v. Baeke*,
413 F.3d 1121 (10th Cir. 2005) ..............................................................................5

*In re Chicago P'ship Bd., Inc.*,
236 B.R. 249 (Bankr. N.D. Ill. 1999) ...................................................................3, 4

*In re Coated Sales, Inc.*,
119 B.R. 452 (Bankr. S.D.N.Y. 1990)...................................................................16

*In re Cty. of Orange*,
203 B.R. 977 (Bankr. C.D. Cal. 1996)..................................................................17

*Cty. of Santa Fe v. Pub. Serv. Co.*,
311 F.3d 1031 (10th Cir. 2002) ..............................................................................8

*First Fid. Bank N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*,
937 F.2d 833 (2d Cir. 1991)..................................................................................16

*In re Gov't Sec. Corp.*,
107 B.R. 1012 (S.D. Fla. 1989) ...........................................................................3, 4

*Hinfin Realty Corp. v. Pittston Co.*,
206 F.R.D. 350 (E.D.N.Y. 2002)..........................................................................10

*In re Horton*,
149 B.R. 49 (Bankr. S.D.N.Y. 1992).....................................................................17

*In ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*,
582 F.3d 422 (2d Cir. 2009).......................................................................................5

*Katchen v. Landy*,
382 U.S. 323 (1966)................................................................................................14

*Langenkamp v. Culp*,
498 U.S. 42 (1990)..................................................................................................16

*Lehman Bros. Special Fin. v. Bank of Am. N.A. (In re Lehman Bros. Holdings)*,
544 B.R. 16 (Bankr. S.D.N.Y. 2015)......................................................................15

*In re MF Global, Inc.*,
531 B.R. 424 (Bankr. S.D.N.Y. 2015)....................................................................14

*Mohamad v. Rajoub*,
17 Civ. 2385 (LAP), 2018 WL 1737219 (S.D.N.Y. Mar. 12, 2018) ......................11

*Nemaizer v. Baker*,
793 F.2d 58 (2d Cir. 1986)......................................................................................11

*Picard v. Cohen*,
Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296 (Bankr. S.D.N.Y. Apr.
25, 2016), ECF No. 90 ............................................................................................12

*Picard v. Estate of Igoin (In re BLMIS)*,
525 B.R. 871 (Bankr. S.D.N.Y. 2015)................................................................... 15

*Picard v. Saren-Lawrence*,
No. 17 Civ. 05157 (GBD), 2018 WL 2383141 (S.D.N.Y. May 15, 2018), *mot.
for recons. denied* (Sept. 11, 2018)................................................................ *passim*

*Quincy Mall v. Parisian, Inc.*,
117 F. Supp. 2d 784 (C.D. Ill. 2000) ......................................................................11

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
513 B.R. 437 (S.D.N.Y. 2014).................................................................................5

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L.
Madoff Inv. Sec. LLC)*,
424 B.R. 122 (Bankr. S.D.N.Y. 2010) .....................................................................3

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
499 B.R. 416 (S.D.N.Y. 2013).........................................................................12, 13

*Sec. Inv'r Prot. Corp. v. Charisma Sec. Corp.*,
506 F.2d 1191 (2d Cir. 1974).............................................................................3, 5

*Sec. Inv'r Prot. Corp. v. Lehman Bros. Inc.*,
  433 B.R. 127 (Bankr. S.D.N.Y. 2010) .................................................................3

*SEC v. Lorin*,
  869 F. Supp. 1117 (S.D.N.Y. 1994) ...................................................................8

*Sempra Energy Trading Corp. v. Covanta Union, Inc. (In re Ogden N.Y. Servs.)*,
  312 B.R. 729 (S.D.N.Y. 2004) .....................................................................8, 17

*Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*,
  No. 05 Civ 3939 (CM), 2008 WL 4127549 (S.D.N.Y. Sept. 2, 2008) ...................10

*Shimer v. Fugazy (In re Fugazy Express, Inc.)*,
  159 B.R. 432 (Bankr. S.D.N.Y. 1993) (Lifland, J.) ..............................................16

*Staten Island Terminal, LLC v. Elberg*,
  No. 11-CV-3262 (RRM) (LB), 2012 WL 1887126 (E.D.N.Y. May 23, 2012) .........9

*Thomas v. New York State Dept. of Correctional Svcs.*,
  No. 00 Civ. 7163 (NRB), 2004 WL 1871060 (S.D.N.Y. Aug. 20, 2004) ...............10

*United States Lines v. United States (In re McLean Indus.)*,
  196 B.R. 670 (S.D.N.Y. 1996) ........................................................................14

*United States v. Uccio*,
  940 F.2d 753 (2d Cir. 1991) ...........................................................................16

*In re Varona*,
  388 B.R. 705 (Bankr. E.D. Va. 2008) .................................................................5

*Wainwright Secs. Inc. v. Wall St. Transcript Corp.*,
  80 F.R.D. 103 (S.D.N.Y. 1978) .........................................................................8

*In re Whispering Pines Estates, Inc.*,
  369 B.R. 752 (B.A.P. 1st Cir. 2007) ..................................................................17

*Zagano v. Fordham Univ.*,
  900 F.2d 12 (2d Cir. 1990) ...............................................................................8

**Statutes**

11 U.S.C. § 502(d) .............................................................................5, 14, 15, 18

11 U.S.C. § 502(j) ..................................................................................................4

11 U.S.C. § 548(c) ...............................................................................................12

15 U.S.C. § 78fff-2(a)(3) ....................................................................................3, 4

iv

15 U.S.C. § 78fff(b) ....................................................................................................3

15 U.S.C. § 78*lll*(11) ...............................................................................................13

**Rules**

Fed. R. Bankr. P. 3002 ..............................................................................................4

Fed. R. Bankr. P. 3002(c)(4) .....................................................................................3

Fed. R. Bankr. P. 3006 .......................................................................................*passim*

Fed. R. Bankr. P. 5011(a) .........................................................................................16

Fed. R. Bankr. P. 9014 ..............................................................................................6

Fed. R. Civ. P. 41 ..............................................................................................*passim*

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection

Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA"), and the chapter 7 estate of Bernard L. Madoff ("Madoff")

(collectively, the "Debtor"), by and through his undersigned counsel, respectfully submits this

reply memorandum of law in further support of the Trustee's motion (the "Motion") (ECF Nos.

17864, 17890) seeking the entry of an order striking the notices of withdrawal of claim and notices

of withdrawal of objection to determination of claim filed by Chaitman LLP and Dentons US LLP

(collectively, the "Withdrawals").[1]

## **PRELIMINARY STATEMENT**

The Claimants have attempted to unilaterally withdraw their Claims or Objections in a last-

ditch effort to circumvent this Court's equitable jurisdiction. The District Court recently observed

that certain Claimants' attempts to do so "are not effective absent a court order to do so" under

Bankruptcy Rule 3006, even in this SIPA liquidation.[2]  Bankruptcy Rule 3006 provides that once

an adversary proceeding has been commenced against a claimant, a contested matter has been

triggered, or a claimant has participated significantly in the case, the claimant loses the ability to

unilaterally withdraw its filed claim. Because each Claimant is the subject of a pending avoidance

action and vigorously litigated various issues before this Court, the Claimants were required to file

motions seeking this Court's permission to withdraw. However, even if Claimants properly filed

Rule 3006 motions, respectfully, this Court should not permit the Claimants to withdraw their

---

[1] Unless otherwise defined, terms capitalized herein shall have the meaning ascribed to them in the Motion. *See* Motion
To Strike The Notices Of Withdrawal Of Claim And Notices Of Withdrawal Of Objection To Determination Of Claim
Filed By Chaitman LLP And Dentons US LLP, *In re Madoff Sec.,* No. 08-01789 (SMB) (Bankr. S.D.N.Y. July 27,
2018), ECF No. 17864; Supplement To Trustee's Motion To Strike The Notices Of Withdrawal Of Claim And Notices
Of Withdrawal Of Objection To Determination Of Claim Filed By Chaitman LLP And Dentons US LLP, *In re Madoff
Sec.,* No. 08-01789 (SMB) (Bankr. S.D.N.Y. August 13, 2018), ECF No. 17890.
[2] Memorandum Decision and Order denying the Motion For Reconsideration And, Alternatively, To Certify An
Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (the "*Decision Denying Reconsideration*"), at *3, n. 3, *Picard
v. Saren-Lawrence,* No. 17 Civ. 05157 (GDB) (S.D.N.Y. Sept. 11, 2018), ECF No. 31 (citing Fed. R. Bankr. P. 3006).

Claims and Objections because of (i) the considerable delay in seeking to withdraw and (ii) the

resulting prejudice to the Trustee and customers with allowed (but not fully satisfied) claims

against the BLMIS estate.

Indeed, the timing of the Withdrawals is highly suggestive of gamesmanship. Claimants

filed the Withdrawals only after the District Court issued an unfavorable ruling determining not to

grant certain Claimants' motions to withdraw the reference which those Claimants based on an

alleged right to a jury trial. Claimants did not file the Withdrawals in an effort to assist the Trustee

in streamlining the lawsuits filed against them. Rather, as clearly indicated in the Claimants'

laundry list of affirmative defenses in their filed Answers, the Claimants intend to re-litigate issues

raised in their filed Objections and challenge well-settled rulings from this Court, the District

Court, and Second Circuit relating to the Trustee's calculation of net equity, and inter-account

transfers between BLMIS customer accounts—all of which implicates the claims allowance

process, and thereby subjects the Claimants to the Bankruptcy Court's equitable jurisdiction. More

importantly, this is nothing more than yet another effort to delay further any potential ruling that

could require Claimants to finally return the fictitious profits—of which they have had the benefit

of for almost the last decade—to the estate for distribution to those BLMIS's customers with

allowed claims, or those who have still yet not fully recovered the principal deposits they lost in

the Ponzi scheme. For these reasons, the Motion should be granted.

## **ARGUMENT**

## I.    **THE WITHDRAWALS WERE FILED IN DIRECT VIOLATION OF THE BANKRUPTCY RULES AND ARE THEREFORE INVALID**

### A.    **Bankruptcy Rule 3006 Applies To The Withdrawals**

The Claimants incorrectly argue that Bankruptcy Rule 3006 does not apply to a SIPA

liquidation, nor to the withdrawal of their Objections. SIPA expressly provides that "[t]o the extent

consistent with the provisions of this chapter, a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, 5 and subchapters I and II of chapter 7 of title 11." SIPA § 78fff(b). For this reason, this Court and many others have observed that a SIPA liquidation is in all material respects a bankruptcy liquidation. *See, e.g., Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122, 155 (Bankr. S.D.N.Y. 2010) ("A SIPA liquidation is essentially a bankruptcy liquidation tailored to achieve SIPA's objectives."); *In re Adler Coleman Clearing Corp.*, 198 B.R. 70, 74 (Bankr. S.D.N.Y. 1996) ("A SIPA liquidation essentially is a bankruptcy proceeding."). However, where there are explicit differences between provisions of the Bankruptcy Code or Rules and SIPA, SIPA governs. *See In re Gov't Sec. Corp.*, 107 B.R. 1012, 1022-23 (S.D. Fla. 1989); *In re Chicago P'ship Bd., Inc.*, 236 B.R. 249, 260-61 (Bankr. N.D. Ill. 1999).

A provision is "inconsistent" with SIPA if it is in direct conflict with SIPA or if "its application would substantially impede the fair and effective operation of SIPA without providing significant countervailing benefits." *Sec. Inv'r Prot. Corp. v. Charisma Sec. Corp.*, 506 F.2d 1191, 1195 (2d Cir. 1974); *see also Sec. Inv'r Prot. Corp. v. Lehman Bros. Inc.*, 433 B.R. 127, 135 (Bankr. S.D.N.Y. 2010). If the language of the provisions are not clearly inconsistent, no inconsistency will be found. *See id.* For example, in *In re Chicago P'ship Bd., Inc.*, the court analyzed whether Bankruptcy Rule 3002(c)(4), which requires claims based on the rejection of an executory contract to be filed "within such time as the court may direct," was inconsistent with SIPA § 78fff-2(a)(3) to the extent it allowed a customer to file a claim beyond SIPA's mandatory bar date. 236 B.R. at 260-61. The Court acknowledged the Bankruptcy Rules ordinarily apply to a SIPA liquidation, but because of the clear conflict between the Rules and SIPA, the court determined that the deadline established by SIPA governed. *Id.* ("Bankruptcy Rule 3002 does not

apply to SIPA proceedings because it directly conflicts with § 78fff-2(a)(3) of SIPA which provides that the claims of any customer or creditor must be filed prior to the six-month claims bar date."). Similarly, in *In re Gov't Sec.*, the court evaluated whether section 502(j) of the Bankruptcy Code, which permits reconsideration of a claim's allowance or disallowance "for cause" based on the specific "equities of the case," was inconsistent with SIPA § 78fff-2(a)(3), which requires customer claims to be submitted within six months from the commencement of the case, without exception. 107 B.R. at 1022-23. The court held that the provisions were inconsistent because they were in direct conflict: the time limitation in SIPA § 78fff-2(a)(3) is mandatory whereas section 502(j) expressly authorizes reconsideration based on extenuating circumstances. *Id*. at 1022.

No such conflict exists here. Bankruptcy Rule 3006 in relevant part prohibits a claimant from withdrawing its claim without a court order if an objection has been filed to the claim, an adversary proceeding has been initiated against the claimant, or the claimant has otherwise "participated significantly in the case." Fed. R. Bankr. P. 3006. SIPA, on the other hand, is silent on the procedure for withdrawal and therefore cannot be in direct conflict with Bankruptcy Rule 3006. The Dentons Claimants, nonetheless, argue that because the procedure for filing and determining claims differs in some respects from those in an ordinary bankruptcy case and the Claims Procedure Order makes no mention of the Bankruptcy Rules, Bankruptcy Rule 3006 should not apply.[3] That is not the standard, nor does it demonstrate that Bankruptcy Rule 3006 is inconsistent with SIPA. In fact, the District Court has previously observed that the claims process in this SIPA liquidation is functionally the same as one in a typical bankruptcy case. *See Sec. Inv'r*

---

[3] *See* Dentons Customers' Objection to Trustee's Motion to Strike Dentons' Withdrawal of Objections to Determinations of Claims (the "Dentons Objection"), at *11–12, *In re Madoff Sec.*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. July 27, 2018), ECF No. 17955. Notwithstanding such minor differences, when it suited their position, the Dentons Claimants asked this Court to apply the Bankruptcy Rules to this SIPA liquidation without limitation. *See id.*, Ex. B at *3, 14.

*Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437, 443 (S.D.N.Y. 2014) ("A statement of claim in a SIPA proceeding is the functional equivalent of a proof of claim in a bankruptcy case: in both cases a trustee has the right to contest a claim, and claims are ultimately resolved by a court.").[4]

Moreover, none of the Claimants have argued that applying Bankruptcy Rule 3006 would "substantially impede the fair and effective operation of SIPA." *Charisma Sec. Corp.*, 506 F.2d at 1195. Rather, the Chaitman LLP Claimants argue that Bankruptcy Rule 3006 is not applicable because "a SIPC claim can only be filed in the Bankruptcy Court" and "cannot later be filed against the Trustee in another forum."[5] However, this too is not the standard.  When evaluating whether claimants should be allowed to withdraw under Bankruptcy Rule 3006, courts more broadly consider whether withdrawal would be prejudicial to the estate, or here, BLMIS's customers with allowed claims. *See generally In re Varona*, 388 B.R. 705, 727 (Bankr. E.D. Va. 2008) (in analyzing whether the claimant should be allowed to withdraw under Bankruptcy Rule 3006, the court considered whether withdrawal would be prejudicial to the debtors) (citing *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant . . . Rather, prejudice is a function of other, practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay

---

[4] The Dentons Claimants rely on *In ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*, 582 F.3d 422 (2d Cir. 2009) for the proposition that the claims process under the Bankruptcy Code and SIPA are inconsistent. *See* Dentons Objection at *11–12. The District Court previously rejected this position in determining that section 502(d) applied to SIPA. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437, 443 (S.D.N.Y. 2014) (finding that "significantly, net equity claims under SIPA section 78fff-2 are pre-petition creditor claims, similar to section 501, not post-petition expenses under section 503, which suggests that *Ames's* central reasoning does not apply to SIPA customer claims."). Dentons Claimant Harold J. Hein was among the parties to that proceeding.
[5] The Chaitman LLP Claimants filed three identical memoranda of law, each entitled, "Memorandum of Law of Defendants Represented By Chaitman LLP In Opposition To The Trustee's Motion To Strike The Notices of Withdrawal Of Claim and Notices of Withdrawal Of Objection To Determination Of Claim" (collectively, the "Chaitman LLP Objection"), at *15, *In re Madoff Sec.*, No. 08-01789 (SMB) (Bankr. S.D.N.Y. July 27, 2018), ECF Nos. 17959, 17960, 17961.

and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.")). In any event, the District Court has stated that Bankruptcy Rule 3006 applies to this SIPA liquidation. *See Decision Denying Reconsideration*, at \*3, n.3. (stating that pursuant to Bankruptcy Rule 3006, "Defendants' attempts to withdraw their claims are not effective absent a court order permitting them to do so.").

Finally, the Claimants argue that even if Bankruptcy Rule 3006 applies to this SIPA liquidation, it only applies to the withdrawal of claims, not the withdrawal of their Objections.[6] This argument ignores not only the claims process this Court established through the Claims Procedure Order—which required all claimants to file an objection if they disagreed with the Trustee's determination of their respective claims—but also the true purpose behind the Withdrawals—to circumvent the Claimants' submission to this Court's equitable jurisdiction. Notwithstanding their position, the Claimants do not dispute that by filing an Objection each Claimant initiated a contested matter under Bankruptcy Rule 9014, and consequently, that Rule 41 of the Federal Rules of Civil Procedure applies to their Withdrawals. *See* Fed. R. Bank. P. 9014(c); Motion at 15. As explained in the Motion and further below, whether considered under Rule 41 or Bankruptcy Rule 3006, the Claimants were required to obtain an order of this Court before seeking to withdraw their Claims or Objections. *See* Motion at 15–19.

**B.    The Claimants Filed the Withdrawals in Direct Violation of Bankruptcy Rule 3006 and Rule 41**

The Claimants provide no justification for failing to seek this Court's permission to withdraw their Claims and Objections. As set forth in the Motion, under Bankruptcy Rule 3006, once an adversary proceeding has been commenced against a claimant, the claimant loses the ability to unilaterally withdraw its filed claim without seeking this Court's approval. Similarly,

---

[6] *See* Chaitman LLP Objection at \*15; Dentons Objection at \*11.

under Rule 41, once issue has been joined, a party may only withdraw a pleading by court order or by agreement of all parties to the dispute. *See* Motion at 16–17. Even though each Claimant is the subject of a pending Avoidance Action by the Trustee and initiated a contested matter by filing an Objection, the Claimants nevertheless filed their respective Withdrawals without the Court's permission in clear violation of Bankruptcy Rule 3006 and Rule 41. For this reason alone, the Motion should be granted.

The Chaitman LLP Claimants incorrectly contend that the Trustee "inappropriately refers to Defendants' participation" in the Avoidance Actions to show that the Claimants significantly participated in the bankruptcy case.[7]  As stated in the Motion, under Bankruptcy Rule 3006 a claimant may not unilaterally withdraw its claim if it has "participated significantly in the case," and courts consider a litigant's participation in the litigation in evaluating dismissal under Rule 41. Motion at 17–18. The Trustee catalogued in detail each of the Claimants' participation in various disputes in the main case (i.e. disputes over the appropriate methodology for calculating customer claims) as well as in the Avoidance Actions. *See* Sehgal Decl., Ex. 2 (ECF No. 17866); Second Sehgal Decl., Ex. A. (ECF No. 17891).

The Chaitman LLP Claimants further contend that the Trustee "relies on citations to cases only where without-prejudice dismissals were sought" suggesting unilateral withdrawal with prejudice is permissible, even after having significantly participated in the SIPA liquidation.[8] However, the language of Bankruptcy Rule 3006 is plain; a claimant may not withdraw its claim if it "participated significantly" in the bankruptcy case, regardless of whether the claimant seeks to withdraw its claim with or without prejudice. *See* Fed. R. Bank. P. 3006. Similarly, whether a Rule 41 motion seeks dismissal with or without prejudice, courts consider whether the non-moving

---

[7] Chaitman LLP Objection at *16.
[8] *Id.* at *17.

party would suffer prejudice. "The essential question is whether the dismissal of the action will be unduly prejudicial to the defendants; if so, plaintiffs' motion should be denied. . . This rationale applies even when . . . the plaintiff seeks a dismissal with prejudice . . ." *SEC v. Lorin*, 869 F. Supp. 1117, 1119 (S.D.N.Y. 1994) (citing *Wainwright Secs. Inc. v. Wall St. Transcript Corp.*, 80 F.R.D. 103, 105 (S.D.N.Y. 1978)); *see also Cty. of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1049 (10th Cir. 2002) (denying plaintiff's motion for voluntary dismissal with prejudice); *Beaver Assocs. v. Cannon*, 59 F.R.D. 508, 512 (S.D.N.Y. 1973) (denying plaintiff's motion for voluntary dismissal with prejudice).

## C.    Even If The Claimants Had Properly Filed Motions Seeking To Withdraw Their Claims And Objections, The Claimants Cannot Satisfy The Standards For Withdrawal

To evaluate a motion to withdraw a claim under Bankruptcy Rule 3006 or for dismissal under Rule 41, courts in the Second Circuit consider the same factors, including the movant's diligence, the current stage of litigation, the efforts and resources expended by the non-moving party, and the adequacy of the movant's explanation for withdrawal. *See* Motion at 19–20 (citing, *inter alia*, *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); *In re 20/20 Sport, Inc.*, 200 B.R. 972, 979-80 (Bankr. S.D.N.Y. 1996)); *see also Sempra Energy Trading Corp. v. Covanta Union, Inc., (In re Ogden N.Y. Servs.)*, 312 B.R. 729, 733 (S.D.N.Y. 2004) (reversing and remanding bankruptcy court's denial of motion to withdraw for failure to apply the *Zagano* factors and consider prejudice to the non-moving party).

The Claimants have not acted diligently in seeking to withdraw their Claims and Objections and have failed to provide any credible reason for waiting to do so until now. The Dentons Claimants make no attempt to explain their lack of diligence. Because the Chaitman LLP Claimants cannot explain why they waited nearly a decade to seek withdrawal, they contend their diligence should be measured from the date Judge Daniels issued the *Saren-Lawrence* decision

8

denying the motions to withdraw the reference, not the length of time their Claims and Objections

have been pending.[9] For this proposition, the Chaitman LLP Claimants rely solely on *Staten Island*

*Terminal, LLC v. Elberg*, No. 11-CV-3262 (RRM) (LB), 2012 WL 1887126 (E.D.N.Y. May 23,

2012). Their reliance is misplaced.

In *Staten Island Terminal LLC*, the court evaluated the *Zagano* factors to determine

whether it should grant the plaintiff's motion for dismissal without prejudice, or conversely, the

defendant's motion for dismissal with prejudice, both under Rule 41. The court stated that under

appropriate circumstances, courts may look to "whether a plaintiff moves to dismiss the complaint

expediently after the event that has led the plaintiff to no longer pursue the action." *Id*.[10] Over the

course of the litigation, the plaintiff learned that the defendant was significantly in debt and

therefore any collection on its claims would be difficult. *See id*. at *1, 3. Because the plaintiff did

not learn of the defendant's financial condition until after discovery had been commenced and

moved for dismissal shortly thereafter, the court found that the plaintiff had acted diligently in

bringing its motion to dismiss. *Id*. Unlike here, the action in *Staten Island Terminal LLC* had been

pending for under a year, little discovery had taken place, and the court attributed any delays in

the case to the defendant's attempts to secure counsel and to the plaintiff's efforts to accommodate

his schedule.

Moreover, when measuring diligence from a triggering event as opposed to the overall

duration of the litigation, courts typically evaluate whether that event increased the costs of the

litigation or rendered it inefficient or difficult to pursue. *See, e.g., Shaw Family Archives, Ltd. v.*

*CMG Worldwide, Inc.*, No. 05 Civ. 3939 (CM), 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008)

---

[9] *Id.* at *18.

[10] Before addressing this exception to the general rule, the court emphasized that it must examine "not only the length of time an action has been pending, but also whether the efforts of the party [seeking dismissal] were geared toward an efficient resolution." *Id.* at * 3 (internal citations and quotations omitted).

("Because [plaintiff's] motion to dismiss was made shortly after a series of events that have made pursuit of the litigation far more difficult and inefficient, the Court finds that [plaintiff] acted diligently."); *Thomas v. New York State Dept. of Correctional Svcs.*, No. 00 Civ. 7163 (NRB), 2004 WL 1871060, at *3 (S.D.N.Y. Aug. 20, 2004) (determining that the plaintiff had acted with sufficient diligence notwithstanding the pendency of the action for three years due to the plaintiff's recent poor health and his determination that his claims may not have merit); *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 355 (E.D.N.Y. 2002) (finding that the plaintiffs acted diligently in seeking voluntary dismissal two years into the litigation when they moved shortly after the death of a key witness and to conserve their limited financial resources).

Here, by contrast, nearly ten years into this liquidation, the Claimants sought withdrawal following an adverse legal decision and only to secure a perceived tactical advantage. The Claimants have not argued that the final adjudication of their Claims and Objections would cause the Avoidance Actions to be more efficiently litigated, would enable the Claimants to conserve limited financial resources, was due to the perceived merits of their claims or was due to the death or illness of a key witness or party. Nor have Claimants contended that their delay is attributable to the Trustee or factors not within their control, such as a change in the underlying substantive law. The opposite is true here. Permitting these cases to move forward before this Court so that this Court may determine both the Claimants' fraudulent transfer liability and the validity of the arguments in their pending Objections will actually avoid delay, the incurrence of unnecessary costs and adhere to the rulings of the District Court.

The Chaitman LLP Claimants draw a superficial distinction, arguing that there can be no resulting legal prejudice to the Trustee because the Claims and Objections have been withdrawn

with prejudice, as opposed to without.[11] But each Claimant has asserted affirmative defenses in

the Avoidance Actions that are similar, if not identical, to the very issues raised in the Objections

that the Claimants actively litigated before this Court, the District Court, and the Second Circuit

over the past decade, and which the Claimants continue to litigate in the Avoidance Actions.[12]

Claimants do not concede that the withdrawal of their Claims and Objections with prejudice would

preclude them from pursuing affirmative defenses in the Avoidance Actions that bear on the

calculation of their fraudulent transfer liability, i.e. their negative net equity. *See, e.g.*, *Nemaizer*

*v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986) (a dismissal with prejudice is "res judicata not only as to

the matters actually litigated in the previous action, but as to all relevant issues which could have

been but were not raised and litigated in the suit."); *Mohamad v. Rajoub*, 17 Civ. 2385 (LAP),

2018 WL 1737219, at *8 (S.D.N.Y. Mar. 12, 2018) (holding that a voluntary dismissal with

prejudice under Rule 41 operates as a final adjudication on the merits and has res judicata effect);

*Quincy Mall v. Parisian, Inc.*, 117 F. Supp. 2d 784, 788 (C.D. Ill. 2000) (withdrawal of bankruptcy

claim with prejudice under Bankruptcy Rule 3006 entitled to preclusive effect in subsequent

litigation). Thus, permitting the Claimants to withdraw their Claims or Objections would not, as

the Chaitman LLP Claimants argue, streamline the adjudication of the Avoidance Actions.

Furthermore, the Claimants argue that permitting them to withdraw would not prejudice

---

[11] Chaitman LLP Objection at *17–18.

[12] *See, e.g.*, Amended Answer and Affirmative Defenses at *27 ("The Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments. The Trustee's claims are barred in whole or in part for failure to properly account for the time value of money through an interest adjustment to principal deposits."), *Picard v. Helene Saren-Lawrence, et al.*, No. 10-04898 (SMB) (Bankr. S.D.N.Y. June 25, 2015), ECF No. 30; Answer to Amended Complaint at *18 ("The claims are barred in whole or part for failure to properly account for the time value of money through an interest adjustment to principal deposits."), *Picard v. Rose Gindel Revocable Trust, et al.*, No. 10-04404 (SMB) (Bankr. S.D.N.Y. September 15, 2015), ECF No. 48; Answer and Affirmative Defenses at *22 ("The Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments. The Trustee's claims are barred in whole or in part for failure to properly account for the time value of money through an interest adjustment to principal deposits."), *Picard v. Joan Roman*, No. 10-04302 (SMB) (Bankr. S.D.N.Y. August 13, 2015), ECF No. 52.

the Trustee because earlier decisions of the court have fully decided all of the issues relevant to the Objections.[13] Claimants are wrong. Although the courts' prior decisions resolved the appropriate methodology for calculating customer claims, the decisions themselves did not apply such methodology to individual claims. To that end, the Trustee has filed numerous omnibus motions to affirm his claims determinations with respect to various claimants. Importantly, the Trustee has excluded any claimants subject to a pending avoidance action, such as the Claimants, from such motions (*see* Motion at 6–7), because as the District Court explained, "a customer's net equity and the amounts sought in avoidance and recovery proceedings (assuming the customer's good faith) are two sides of the same coin." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, (In re Madoff Sec.),* 499 B.R. 416, 420 (S.D.N.Y. 2013) ("*Antecedent Debt Decision*"). In both cases, the Trustee nets deposits against withdrawals: "[a] customer who withdrew less than she deposited over the course of her investment with Madoff Securities has a net-equity claim and may be entitled to disbursements from the customer property estate for the amount of that net equity," and customers "who withdraw more money from their accounts than they deposited" are subject to "avoidance actions for the amount in excess of their deposits." *Id.* at 420-21. Therefore, "the computation of net equity under SIPA and value under Bankruptcy Code § 548(c) are 'inherently intertwined'." Post-Trial Proposed Findings of Fact and Conclusions of Law, *Picard v. Cohen,* Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *14 (Bankr. S.D.N.Y. Apr. 25, 2016), ECF No. 90 (citing *Antecedent Debt Decision,* 499 B.R. at 424) *adopted by* No. 16-CV-5513 (LTS) (S.D.N.Y. Feb. 24, 2017).

        Finally, as stated in the Motion, over the past ten years, the Trustee has expended

---

[13] Dentons Objection at *8 ("There is nothing remaining to be done on the claims processing side except …formally dispose of the objections."); Chaitman LLP Objection at *19 ("The progress of the suit is an irrelevant factor where, as here, the Objections have been fully determined by decisions of the Second Circuit and the District Court.").

substantial efforts and resources litigating with the Claimants in disputes before this Court, the

District Court, and the Second Circuit. The Trustee and Claimants have also engaged in exhaustive

discovery in the Avoidance Actions, many of which are now ready for trial. This includes the

Avoidance Actions involving Claimants Helene Saren-Lawrence, Carol Nelson and Stanley

Nelson, which have each been scheduled for a final pretrial conference before this Court on

October 10, 2018, and the Avoidance Action involving Michael Mann, which has been scheduled

for a pretrial conference on September 26, 2018.[14] The Claimants make no effort to address this

factor.

## II.    THE CLAIMS ALLOWANCE PROCESS IS IMPLICATED BY THE TRUSTEE'S AVOIDANCE ACTIONS AGAINST THE CLAIMANTS

The Claimants also attempt to circumvent the consequences of having filed their Claims,

essentially arguing that their filings are wholly unrelated to the Trustee's Avoidance Actions.[15]

The Claimants' position cannot withstand this Court's scrutiny.

Significantly, the Claimants fail to address the District Court's pronouncement that the

resolution of the Claimants' fraudulent transfer liability in the Avoidance Actions and

determination of their Claims are "two sides of the same coin."[16]  Instead, the Claimants fixate

upon the Trustee's assertion in the complaints filed against them in 2010 that he would address all

customer claims and related objections as contemplated in the Claims Procedure Order.[17]

However, these statements were just stated intentions made several years before the *Antecedent

Debt Decision*, which involved the Claimants connecting the two. These statements were also

---

[14] *See* Adv. Pro. Nos. 10-04898, 10-04658, 10-04377, 10-04390, respectively.

[15] *See* Chaitman LLP Objection at *4 ("the resolution of the claims does not depend at all upon a resolution of the Clawback Suits."); Dentons Objection at *2 ("the Trustee struggles throughout the Motion to keep the claims process and the objections alive, he cannot identify a single remaining fact, issue or argument that has any effect on the adversary proceeding.").

[16] *Antecedent Debt Decision*, 499 B.R. at 420; *see also* SIPA § 78*lll*(11) (defining the calculation of "net equity" to include a determination of "any indebtedness of such customer to the debtor").

[17] *See* Chaitman LLP Objection at *16; Dentons Objection at *7.

made well before each of the Claimants asserted affirmative defenses that relate to identical issues raised in their Objections (e.g. seeking credit for time-based damages). In short, the Claimants' arguments and the evolution of the law of the case caused the change in the Trustee's 2010 plan.

The Claimants also focus on the Trustee's omission of section 502(d) in the letters determining their Claims and in their complaints.[18]  Significantly, each letter was issued before the Trustee had commenced the Avoidance Actions, meaning it would have been premature to assert a claim under section 502(d) before commencing a corresponding avoidance action against the Claimants. In addition, under the plain language of section 502(d) and case law interpreting its effect, the Trustee was not required to assert such claims until after Claimants' fraudulent transfer liability had been determined. *See* 11 U.S.C. § 502(d) ("the court shall disallow any claim of any entity … that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 … unless such entity has paid the amount, … for which such entity or transferee is liable....); *Katchen v. Landy*, 382 U.S. 323, 330-31 (1966) ("the claim can neither be allowed nor disallowed until the preference matter is adjudicated"); *United States Lines v. United States (In re McLean Indus.)*, 196 B.R. 670, 677 (S.D.N.Y. 1996) (affirming bankruptcy court's decision to allow the liquidating trust to invoke section 502(d) "defensively" to recoup funds received preferentially even though no preference action had been brought); *In re Asia Global Crossing, Ltd.,* 344 B.R. 247, 251 (Bankr. S.D.N.Y. 2002) (holding that the trustee could invoke § 502(d) after the statute of limitations on the underlying avoidance claim had expired); *see also In re MF Global, Inc.*, 531 B.R. 424, 429 (Bankr. S.D.N.Y. 2015) (holding that a claim should not be disallowed pursuant to section 502(d) without an initial determination of the claimant's liability).

---

[18] *See* Chaitman LLP Objection at *6, 21; Dentons Objection at *7.

Thus, the fact that a section 502(d) claim was not explicitly alleged in the complaints is of no moment.

To support their position that the Avoidance Actions have no relation to the claims-allowance process, and that their right to a jury trial has been preserved, the Claimants rely on decisions that are factually distinguishable. For example, in In *Picard v. Estate of Igoin (In re BLMIS),* 525 B.R. 871 (Bankr. S.D.N.Y. 2015), the claimant-defendants filed customer claims with the Trustee, which the Trustee denied by a letter of determination. Because the claimants had failed to object within the time permitted by the Claims Procedure Order, their claims were disallowed. *Id.* at 888. The Court reasoned that because the claims had been finally denied by the Trustee, the pending adversary proceeding could not affect their disallowed claims and hence the claims-allowance process. *Id*. Similarly, in *Lehman Bros. Special Fin. v. Bank of Am. N.A. (In re Lehman Bros. Holdings)*, 544 B.R. 16 (Bankr. S.D.N.Y. 2015), a claimant-defendant moved to dismiss the lawsuit on the basis that its expunged proof of claim did not subject it to the court's personal jurisdiction. Because the creditor's proof of claim had been expunged by court order before the commencement of the adversary proceeding against it, the court determined that the claim did not implicate the claims-allowance process. *Id.* at 34, 36. Here, the Claimants' Claims have not been disallowed, by inaction or by court order, and *Igoin* and *Lehman* simply do not apply.

III.    **THE CLAIMANTS HAVE SUBMITTED TO THE EQUITABLE JURISDICTION OF THE BANKRUPTCY COURT BY FILING CUSTOMER CLAIMS AND OBJECTIONS**

A.    **It is Law Of The Case That The Claimants Are Subject To The Bankruptcy Court's Jurisdiction And Have Waived Their Jury Trial Right**

In *Picard v. Saren Lawrence,* the District Court held that by filing the Claims in this proceeding, the Claimants Helene Saren-Lawrence, Carol Nelson, and Stanley Nelson have

"invoked the equitable jurisdiction of the bankruptcy court" to adjudicate all matters related to their Claims, including the Avoidance Actions that "bear directly on the allowance of [such] [C]laim[s]," and in so doing "they have no right to a jury trial." No. 17 Civ. 05157 (GBD), 2018 WL 2383141, at *4 (S.D.N.Y. May 15, 2018), *mot. for recons. denied* (Sept. 11, 2018).[19]

As the District Court explained, the Claimants simply cannot have it both ways. "[W]hen the claimant invokes the equitable jurisdiction of the bankruptcy court to establish its right to participate in distribution, it cannot, thereafter, object to the court's necessary determination of any misappropriations by the claimant." *Id.* (citing *In re Coated Sales, Inc.,* 119 B.R. 452, 457-58 (Bankr. S.D.N.Y. 1990); *see also First Fid. Bank N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 838 (2d Cir. 1991) (same). This remains true even if "the Seventh Amendment might have entitled the creditor to a jury trial had it not submitted claims against the estate." *Id.; see also Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (holding that those creditors who submitted claims against the debtors' bankruptcy estates had no right to jury trial when sued by the trustee to recover preferential transfers).

### B.    The Motion Does Not Seek An Order Striking The Claimants' Right To A Jury Trial In The Avoidance Actions

The Chaitman LLP Objection asserts that it is for the District Court to determine whether Claimants have waived their right to trial by jury, not the Bankruptcy Court.[20] The Chaitman LLP Objection further explains the proper mechanism to address the waiver issue is through a motion to withdraw the reference under Bankruptcy Rule 5011(a).[21] However, none of this is in dispute

---

[19] While *Saren-Lawrence* addressed only the identified three Claimants and the three Avoidance Actions in which they are named parties, it is now the law of the case and binds all Claimants from once again challenging the Bankruptcy Court's authority to adjudicate the Avoidance Actions. "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)); *see also Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 159 B.R. 432, 437-38 (Bankr. S.D.N.Y. 1993) (Lifland, J.).

[20] Chaitman LLP Objection at *9-10.

[21] *Id.*

in the Motion, which addresses an entirely different issue. The Motion seeks to remedy the Claimants' improper and unilateral withdrawals of the Claims and Objections, in direct contravention of Bankruptcy Rule 3006. Because complaints were filed against the Claimants in the Avoidance Actions, their "attempts to withdraw their claims are not effective absent a court order permitting them to do so" under Fed. R. Bankr. P. 3006. *Decision Denying Reconsideration*, at *3, n. 3 (citing Fed. R. Bankr. P. 3006 ("If after a creditor has filed a proof of claim . . . a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee. . .")).[22] More importantly, the Chaitman LLP Claimants' argument is moot since the District Court has determined not once, but twice now, that those Claimants have in fact, waived their right to a jury trial. *See Saren-Lawrence,* 2018 WL 2383141, at *4; *Decision Denying Reconsideration*, at *3-4.

## IV.  THE CHAITMAN LLP CLAIMANTS' DEMANDS FOR SANCTIONS ARE BASELESS

The Chaitman LLP Claimants argue that the Trustee's filing of the Motion is frivolous and this Court should sanction the Trustee for doing so.[23]  They claim that the Trustee is asking this Court "to resolve issues that are pending in the District Court," when in fact District Court Judge Daniels previously denied the motions to withdraw the reference filed by certain Chaitman LLP Claimants, and in his *Decision Denying Reconsideration*, made clear that the proper mechanism to withdraw customer claims is through Bankruptcy Rule 3006. *See generally Saren-Lawrence,* 2018 WL 2383141; *Decision Denying Reconsideration*, at *3, n.3 (citing Fed. R. Bankr. P. 3006).

---

[22] The Chaitman LLP Objection cites to four cases in support of the motion to withdraw the reference mechanism to address the right to a jury trial. *Id.* at *9. Two of these cases, *In re Horton*, 149 B.R. 49, 61 (Bankr. S.D.N.Y. 1992) and *In re Whispering Pines Estates, Inc.,* 369 B.R. 752, 759 (B.A.P. 1st Cir. 2007), did not even address the jury trial right issue, as raised by the Chaitman Claimants. The two other cases, *In re Ogden New York Servs., Inc.*, 312 B.R. 729 (S.D.N.Y. 2004) and *In re Cty. of Orange,* 203 B.R. 977 (Bankr. C.D. Cal. 1996) addressed creditors' motions to withdraw proofs of claim, which is exactly the issue here as Claimants failed to follow proper procedures as specified by the Federal Rules of Bankruptcy Procedure.

[23] Chaitman LLP Objection at *21.

The Chaitman LLP Claimants further assert sanctions are appropriate because the Trustee makes the "ridiculous argument" that "because the Claimants are recipients of avoidable transfers, their Claims must be automatically disallowed under section 502(d) until their fraudulent transfer liability is paid."[24]  However, the District Court also made clear that the Bankruptcy Court had the constitutional authority to adjudicate the Adversary Proceedings because the "the Defendants have filed claims" and the "Trustee is seeking to disallow the claim[s] under § 502(d) the [Defendants'] receipt[s] of . . .fraudulent transfer[s]."  *Saren-Lawrence,* 2018 WL 2383141, at *5. The Motion is proper and there are no grounds for sanctions.

[CONTINUED ON NEXT PAGE – SPACE INTENTIONALLY LEFT BLANK]

---

[24]*Id.* at *21 (citing Motion at *23).

## CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Court enter an order striking the Withdrawals from the Court's docket and determining that they have no legal effect.

Dated: New York, New York
September 19, 2018

Respectfully submitted,

*/s/ David J. Sheehan*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Anat Maytal
Email: amaytal@bakerlaw.com
Jason I. Blanchard
Email: jblanchard@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the chapter 7 estate of Bernard L. Madoff*