**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. <br> In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | Adv. Pro. No. 08-01789 SMB <br><br> SIPA Liquidation <br><br> Substantively Consolidated <br><br><br> Appeal 18-cv-07449-PAE |

### DECLARATION OF SEANNA R. BROWN IN SUPPORT OF TRUSTEE'S MOTION BY ORDER TO SHOW CAUSE TO CORRECT RECORD ON APPEAL IN PROFIT WITHDRAWAL MATTER

I, Seanna R. Brown, declare the following:

1. I am a member of the Bar of the State of New York and a Partner with the law firm Baker Hostetler LLP, counsel to Irving H. Picard, as trustee "Trustee" for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff ("Madoff").

2. I am fully familiar with the facts set forth herein based either on my own personal knowledge or information conveyed to me that I believe to be true. I make this Declaration in support of the Trustee's motion by order to show cause under Local Bankruptcy Rule 9077-1(a) for entry of an order correcting the record on appeal in the profit withdrawal matter, in accordance with Federal Rule of Bankruptcy Procedure 8009.

1

3. In the latter part of 2017, the Bankruptcy Court set the profit withdrawal matter for trial on January 19, 2018. Per the Court's individual pre-trial practices, the parties exchanged pre-marked trial exhibits with one another and the Court before trial. The Trustee served 239 proposed trial exhibits, marked TX001-TX239. Appellants served 67 proposed trial exhibits in a loose-leaf binder separated by 67 numbered tabs.

4. On January 18, 2018, the parties stipulated to the admission of eight deposition transcripts marked as PCX-1 through PCX-7 and TX239, and submitted to the Court the eight deposition transcripts in minu-script format with the testimony designated, which was so ordered by the Court (the "Deposition Designation Order").[1] The Deposition Designation Order also indicated that any exhibits referred to in the deposition testimony designated were also admitted into evidence and were part of the parties' pre-marked trial exhibits. ECF No. 17136.

5. At trial, the parties did not move any exhibits into evidence. Instead, it was determined that the evidentiary issues would be addressed post-trial. Per the Court's direction, on January 31, 2018, the parties filed a joint submission on evidence ("Joint Submission"). ECF No. 17207. The parties stipulated that under the Deposition Designation Order, the designated portions of the transcripts of Aaron Blecker, Winifier Jackson, Dorothy Khan, Alethea Leung, and Jo Ann Sala were admitted into evidence in their entirety. The parties further stipulated that certain portions of the deposition testimony of Bernard L. Madoff and Annette Bongiorno were admitted into evidence. Finally, the parties stipulated to the admission of trial exhibits PCX015, PCX016, PCX017, PCX020, PCX021, PCX061, trial exhibits to which neither party had objections. The Trustee moved to admit 106 exhibits (comprised of

---

[1] The Trustee maintained objections to certain of the testimony by Bernard Madoff and Annette Bongiorno designated by Appellants.

exhibits marked by both the Trustee and Appellants) and two demonstratives into evidence. Appellants moved to admit 18 exhibits into evidence.[2]

6.  On March 7, 2018 and March 22, 2018, the parties submitted post-trial proposed findings of fact and conclusions of law. ECF Nos. 17308, 17398. At that time, the Trustee withdrew the exhibit marked TX218 that he had offered into evidence in the Joint Submission.

7.  In its decision dated July 27, 2018, ECF No. 17869, the Bankruptcy Court overruled the Appellants' evidentiary objections to the admissibility of the BLMIS books and records. By the decision, the following exhibits were admitted into evidence: TX001-TX217, TX219-TX239, PCX001-PCX008, PCX015-PCX024, PCX031, PCX034, PCX48-PCX050, PCX060-PCX061, PCX068-PCX070. The Court sustained Appellants' objection and did not admit into evidence TXDEM005 and TXDEM006. The Court entered a further Order Affirming the Trustee's Determinations Denying Claims and Overruling the Objections of Participating Claimant Aaron Blecker of August 3, 2018, ECF No. 17878 (together with the decision dated July 27, 2018 the "Orders").

8.  Appellants appealed these Orders. Appellants filed a designation of the contents of the record on appeal on August 10, 2018 and filed certain exhibits therewith, ECF No. 17922 ("Appellants' Designation").

9.  Upon review, the Trustee identified errors and omissions in the Appellants' designations and exhibits. In an effort to correct the record on appeal prior to its transmission to the District Court for the Southern District of New York (the "District Court"), I identified the specific errors and omissions for counsel to the Appellants and proposed that these errors and omissions be corrected by allowing the Trustee to prepare and file a corrected record on behalf

---

[2] Appellants' list of exhibits included PCX068, PCX069, and PCX070, which were not identified before trial but to which the Trustee did not object in the Joint Submission.

3

of both the Appellants and the Trustee. As of the date hereof, counsel for Appellants has not responded to these requests nor corrected the errors and omissions in the record on appeal.

10. As detailed in the Trustee's Motion to Correct the Record, these errors include: (i) trial exhibits designated but not correctly filed; (ii) incorrect versions of exhibits filed; (iii) duplicative entry of the same exhibits, and (iv) designation of two exhibits, PCX053 and PCX091, that were not offered at trial or as part of the Joint Submission.

11. Because the exhibits filed by the Appellants are comprised of both correct, incorrect and incomplete copies of trial exhibits, to avoid confusion and ensure an accurate record for the District Court, the Trustee proposes removing all exhibits filed in connection with the Appellants' Designation. The Trustee will then file true and correct copies of all exhibits in Appellants' Designations, except for PCX053 and PCX091, which were not part of the trial record.

12. If the Trustee were to move by notice of motion for an order correcting the record on appeal in the profit withdrawal motion, the motion could not be heard until after the deadline for the Appellants to file their opening brief in the District Court, which has been set by the District Court for October 11, 2018. As a result, the Trustee must seek this relief by order to show cause.

13. No application for similar relief has been made.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: New York, New York
      September 19, 2018                      */s/ Seanna R. Brown*
                                                   Seanna R. Brown