**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Seanna R. Brown
Amy E. Vanderwal

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | Appeal No. 18-cv-07449-PAE |
| BERNARD L. MADOFF, | |
| Debtor. | |

**MOTION TO CORRECT RECORD**
**ON APPEAL IN PROFIT WITHDRAWAL MATTER**

Appellee Irving H. Picard ("Trustee"), trustee for the substantively consolidated

liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor

Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff,

individually, by and through his undersigned counsel, respectfully submits this motion under

Federal Rule of Bankruptcy Procedure 8009, seeking entry of an order, substantially in the form

annexed hereto as Exhibit A, correcting the record on appeal as filed by Appellant Aaron Blecker

on behalf of himself and other participating claimants ("Appellants' Designation"), ECF No.

17922, by (i) striking the 106 exhibits, ECF No. 17922-1 to 17922-106, filed with the

Appellants' Designation, ECF No. 17922; (ii) allowing the Trustee to file the full and accurate

record of trial exhibits in their place for transmission to the District Court; and (iii) striking items

PCX053 and PCX091 from Appellants' Designation because these exhibits were never presented

to the Bankruptcy Court before, during, or after trial.

## BACKGROUND

In the latter part of 2017, the Bankruptcy Court set the profit withdrawal matter for trial

on January 19, 2018.  Per the Court's individual pre-trial practices, the parties exchanged pre-

marked trial exhibits with one another and the Court before trial.  The Trustee served 239

proposed trial exhibits, marked TX001-TX239.  Appellants served 67 proposed trial exhibits in a

loose-leaf binder separated by 67 numbered tabs.

On January 18, 2018, the parties stipulated to the admission of eight deposition

transcripts marked as PCX-1 through PCX-7 and TX239, and submitted to the Court the eight

deposition transcripts in minu-script format with the testimony designated, which was so ordered

by the Court (the "Deposition Designation Order").[1]  The Deposition Designation Order also

indicated that any exhibits referred to in the deposition testimony designated were also admitted

into evidence and were part of the parties' pre-marked trial exhibits.  ECF No. 17136.

---

[1] The Trustee maintained objections to certain of the testimony by Bernard Madoff and Annette Bongiorno
designated by Appellants.

At trial, the parties did not move any exhibits into evidence. Instead, it was determined that the evidentiary issues would be addressed post-trial. Per the Court's direction, on January 31, 2018, the parties filed a joint submission on evidence ("Joint Submission"). ECF No. 17207. The parties stipulated that under the Deposition Designation Order, the designated portions of the transcripts of Aaron Blecker, Winifier Jackson, Dorothy Khan, Alethea Leung, and Jo Ann Sala were admitted into evidence in their entirety. The parties further stipulated that certain portions of the deposition testimony of Bernard L. Madoff and Annette Bongiorno were admitted into evidence. Finally, the parties stipulated to the admission of trial exhibits PCX015, PCX016, PCX017, PCX020, PCX021, PCX061, trial exhibits to which neither party had objections. The Trustee moved to admit 106 exhibits (comprised of exhibits marked by both the Trustee and Appellants) and two demonstratives into evidence. Appellants moved to admit 18 exhibits into evidence.[2]

On March 7, 2018 and March 22, 2018, the parties submitted post-trial proposed findings of fact and conclusions of law. ECF Nos. 17308, 17398. At that time, the Trustee withdrew the exhibit marked TX218 that he had offered into evidence in the Joint Submission.

In its decision dated July 27, 2018, ECF No. 17869, the Bankruptcy Court overruled the Appellants' evidentiary objections to the admissibility of the BLMIS books and records. By the decision, the following exhibits were admitted into evidence: TX001-TX217, TX219-TX239, PCX001-PCX008, PCX015-PCX024, PCX031, PCX034, PCX48-PCX050, PCX060-PCX061, PCX068-PCX070. The Court sustained Appellants' objection and did not admit into evidence TXDEM005 and TXDEM006. The Court entered a further Order Affirming the Trustee's Determinations Denying Claims and Overruling the Objections of Participating Claimant Aaron

---

[2] Appellants' list of exhibits included PCX068, PCX069, and PCX070, which were not identified before trial but to which the Trustee did not object in the Joint Submission.

Blecker of August 3, 2018, ECF No. 17878 (together with the decision dated July 27, 2018 the "Orders").

Under Bankruptcy Rule 8009, Appellants timely appealed the Orders, ECF No. 17884, and filed their Designation of the contents of the record on appeal on August 10, 2018, ECF No. 17922. Appellants' Designation listed 30 items entered on the Court's docket during the course of the proceedings by their name and ECF number (*e.g.*, motions, affidavits, briefs, orders), as well as a chart of trial exhibits. Appellants' Designation listed 96 exhibits offered by the Trustee and 30 exhibits offered by Appellants during the course of the evidentiary hearing. Copied below is the chart from Appellants' Designation listing the various trial exhibits.[3]

| | | | | |
|---|---|---|---|---|
| PCX001 | PCX068 | TX037 | TX097 | TX214 |
| PCX002 | PCX069 | TX038 | TX190 | TX215 |
| PCX003 | PCX070 | TX040 | TX191 | TX216 |
| PCX004 | PCX091 | TX041 | TX192 | TX217 |
| PCX005 | TX001 | TX042 | TX193 | TX219 |
| PCX006 | TX002 | TX043 | TX194 | TX220 |
| PCX007 | TX003 | TX044 | TX195 | TX221 |
| PCX008 | TX004 | TX045 | TX196 | TX222 |
| PCX015 | TX005 | TX046 | TX197 | TX223 |
| PCX016 | TX006 | TX047 | TX198 | TX224 |
| PCX017 | TX007 | TX048 | TX199 | TX225 |
| PCX018 | TX008 | TX049 | TX200 | TX226 |
| PCX019 | TX009 | TX051 | TX201 | TX227 |
| PCX020 | TX010 | TX080 | TX202 | TX228 |
| PCX021 | TX011 | TX081 | TX203 | TX229 |
| PCX022 | TX012 | TX082 | TX204 | TX230 |
| PCX023 | TX013 | TX083 | TX205 | TX231 |
| PCX024 | TX019 | TX086 | TX206 | TX232 |
| PCX031 | TX020 | TX087 | TX207 | TX233 |
| PCX034 | TX022 | TX088 | TX208 | TX234 |
| PCX048 | TX031 | TX089 | TX209 | TX235 |
| PCX049 | TX032 | TX090 | TX210 | TX236 |
| PCX050 | TX033 | TX091 | TX211 | TX237 |
| PCX060 | TX035 | TX092 | TX212 | TX238 |
| PCX061 | TX036 | TX093 | TX213 | TX239 |

---

[3] The chart in Appellants' Designation, as copied above, omitted PCX053. However, a document bearing the marker PXC053 was filed as an exhibit to the Designation at ECF No. 17922-28.

Appellants filed 106 exhibits to their Designation, ECF No. 17922-1 to 17922-106, purportedly comprising the trial exhibits designated in the above chart.[4]

The Trustee filed his counter-designation of the contents of the record on appeal on September 7, 2018. ECF No. 17956. His designation listed 71 additional items entered on the Court's docket during the course of the proceedings by their name and ECF number that Appellants had not designated (*e.g.*, additional motions, orders, briefs), as well a chart of three trial exhibits that were offered during trial by the Trustee that Appellants likewise did not designate. ECF Nos. 17956-1 through 17956-3.

Upon review, counsel for the Trustee identified several errors and omissions in Appellants' Designation and exhibits, described more fully below. In an effort to correct the record on appeal prior to its transmission to the District Court, counsel for the Trustee identified the specific errors and omissions for the Appellants and proposed to counsel for the Appellants that these errors and omissions be corrected by allowing the Trustee to prepare and file the corrected record on behalf of both the Appellants and the Trustee. Counsel for the Appellants did not respond to these requests and as of the date of this filing has not corrected the errors and omissions in the record on appeal. The Trustee, therefore, files this motion.

A.    **Errors and Omissions in Exhibits Filed With Appellants' Designation**

1.    **Trial Exhibits Designated But Not Correctly Filed**

Appellants' Designation listed fourteen (14) trial exhibits as part of the record on appeal but these trial exhibits were not filed, or not filed in their entirety, on the Bankruptcy Court

---

[4] The document filed at ECF No. 17922-1 is not a trial exhibit but is a duplicate of the Appellants' Designation of Items to be Included in the Record, which is filed as the main document at ECF No. 17922.

docket on August 24: TX229,[5] TX230, TX231, TX232, TX233, TX234, TX235, TX236, TX237,

TX238, TX239, PCX015, PCX024, PCX031, and PCX034.  True and correct copies of these

trial exhibits need to be filed with the Bankruptcy Court so that they can be transmitted to the

District Court as part of the record on appeal.

### 2.    Incorrect Versions of Exhibits Filed

Several items filed at ECF No. 17922 as exhibits to Appellants' Designation do not

match the exhibits admitted into evidence.

### (a)    PCX002

The exhibit filed at ECF No. 17922-2 through 17922-4, identified as PCX002, does not

match exhibit PCX002 as admitted into evidence.  PCX002 as admitted into evidence consists

solely of the July 8, 2016 deposition transcript of Annette Bongiorno in minu-script format (4

pages per sheet).  *See* Deposition Designation Order; Joint Submission.

The version of PCX002 that was filed with Appellants' Designation at ECF No. 17922-2

through 17922-4 contained nine documents: the July 8, 2016 deposition transcript of Annette

Bongiorno in minu-script format, "Exhibit B" thereto, Trustee deposition exhibits 67 through 72,

and a single-paged version of the July 8, 2016 deposition transcript of Annette Bongiorno.  Other

than the minu-script deposition transcript, none of the other documents is properly part of

PCX002 that was admitted into evidence.

"Exhibit B" to the Bongiorno deposition transcript is duplicative of PCX069, which was

filed as an exhibit to the Appellants' Designation at ECF No. 17922-30 in the proper format.

Therefore, "Exhibit B" should be removed from the Bankruptcy Court docket.

---

[5] TX229 as admitted into evidence was a document with 353 pages.  A review of the docket reveals that TX229 was filed with Appellants' Designation at ECF Nos. 17922-103 through 17922-106.  But that document ends at page 119, omitting pages 120 through 353 of TX229. Thus, a complete copy of TX229 was not filed on the docket.

Trustee deposition exhibits 67 and 68 were neither offered nor admitted into evidence as part of the Deposition Designation Order or Joint Submission.  Therefore, these documents are not properly part of the record on appeal and should be removed from the docket.

Trustee deposition exhibits 69 through 72 were offered and admitted into evidence through the Deposition Designation Order and Joint Submission as TX235 through TX238.  In order to accurately reflect the trial record, Trustee deposition exhibits 69 through 72 should be removed from the docket, and a true and correct copy of these trial exhibits in the form in which they were admitted into evidence—bearing the marks TX235 through TX238—should be filed on the docket.

The single-paged version of the July 8, 2016 deposition transcript of Annette Bongiorno is not the version that was admitted into evidence and should be removed from the docket.

### (b)    PCX005

The exhibit filed at ECF No. 17922-5, identified as PCX005, does not match exhibit PCX005 as admitted into evidence.  PCX005 as admitted into evidence consists solely of the deposition transcript of Alethea Leung in minu-script format.  *See* Deposition Designation Order; Joint Submission.

The PCX005 that was filed with Appellants' Designation as pages 116 to 186 of ECF No. 17922-5 contained three documents: the deposition transcript of Alethea Leung dated June 2, 2016 in minu-script format, Trustee deposition exhibit 59, and Trustee deposition exhibit 60.

Trustee deposition exhibits 59 and 60 were admitted into evidence through the Deposition Designation Order and Joint Submission as TX227 and TX228.  In order to accurately reflect the trial record, Trustee deposition exhibits 59 and 60 should be removed from the docket, and a true and correct copy of these trial exhibits in the form in which they were admitted into evidence—bearing the marks TX227 and TX228—should be filed on the docket.

### (c)    PCX007

The exhibit to the Appellants' Designation marked as PCX007 and filed on the docket at ECF No. 17922-5 through 17922-10 does not match PCX007 as admitted into evidence.  PCX007 as admitted into evidence consists solely of the June 13, 2016 deposition transcript of Joann Sala in minu-script format. *See* Deposition Designation Order; Joint Submission.

The version of PCX007 filed with the Appellants' Designation contained seven documents: the deposition transcript of Joann Sala dated June 13, 2016, and Trustee deposition exhibits 61-66.

Trustee's deposition exhibits 61 through 66 were admitted into evidence through the Deposition Designation Order and Joint Submission as trial exhibits TX229 through TX234.  In order to accurately reflect the trial record, Trustee deposition exhibits 61 through 66 should be removed from the docket, and a true and correct copy of these trial exhibits in the form in which they were admitted into evidence—bearing the marks TX229 through TX234—should be filed on the docket.

### 3.    Duplicative Entries

The documents filed as ECF No. 17922-11 to 17922-23 are Trustee deposition exhibits 61 through 66, which were offered and admitted into evidence through the Deposition Designation Order and Joint Submission as TX229 through TX234.  The documents filed as ECF No. 17922-11 to 17922-23 are duplicative of the documents filed as ECF No. 17922-5 to 17922-10, and should be deleted from the docket.

### B.    Documents Improperly Identified in Appellants' Designation

Appellants' Designation identified two documents, PCX053 and PCX091, which were not offered at trial nor in the Joint Submission.  Therefore, they are not part of the trial record

that was before the Bankruptcy Court.  They should be stricken from Appellants' Designation

and, in the case of PCX053, removed from the docket.

Specifically, Appellants filed an exhibit with marker PCX053 as a trial exhibit but

PCX053 was neither offered during trial nor as part of Joint Submission.  Because Appellants

improperly filed a copy of PXC053 with their Designation at ECF No. 17922-28, ECF No.

17922-28 should be stricken from the docket.

Similarly, Appellants' Designation lists PCX091 as a trial exhibit, but no such exhibit

was identified before, during, or after trial or as part of the Joint Submission.  In addition,

Appellants did not file an exhibit bearing the PCX091 marker with their Designation, ECF No.

17922.  Therefore, PCX091 should be removed from the Appellants' Designation.

## RELIEF REQUESTED

The Trustee has made numerous attempts to work with Appellants to resolve the issues

identified above so that true and correct copies of the trial record considered by this Court could

be transmitted to the District Court, but Appellants have ignored the Trustee's overtures.

Because the exhibits filed by Appellants with their Designation are comprised of both

correct, incorrect and incomplete copies of trial exhibits, it may be difficult to correct the record

on a piecemeal basis.  To ease the burden on the Court and to make clear the correct contents of

the record on appeal, the Trustee requests that all exhibits filed in connection with Appellants'

Designation, ECF No. 17922-1 to 17922-160, be removed.  In their place, the Trustee requests

that the Court permit him to file true and correct copies of all exhibits in Appellants' Designation

except for PCX053 and PCX091.  PCX053 and PCX091 should be stricken from Appellants'

Designation because they were not part of the trial record.  Granting the Trustee this relief will

allow the complete and correct record on appeal to be transmitted to the District Court.

## **CONCLUSION**

The Trustee requests that the Court remove ECF Nos. 17922-1 through 17922-106 from the Bankruptcy Court docket, permit the Trustee to re-file all trial exhibits on the Bankruptcy Court docket, strike PCX053 and PCX091 from Appellants' Designation, and such other relief as deemed just and proper.

Dated: New York, New York
      September 19, 2018

*/s/ Seanna R. Brown*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
(212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*