UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                               Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                               Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                               Plaintiff,<br>v.<br><br>UBS AG, et al.,<br><br>                               Defendants. | Adv. Pro. No. 10-04285 (SMB) |

## STIPULATION AND ORDER CONCERNING MEDIATION

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the estate of Bernard L. Madoff, and defendant Luxalpha SICAV, as represented by its Liquidators Maître Alain Rukavina and Paul Laplume, Maître Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha SICAV ("Luxalpha"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on November 23, 2010, the Trustee initiated the above-captioned adversary proceeding (the "Luxalpha Action") by filing a complaint (the "Complaint") against Luxalpha and certain other defendants (collectively, the "Defendants");

**WHEREAS**, on June 21, 2011, certain Defendants moved to withdraw the bankruptcy court reference so that the United States District Court for the Southern District of New York could determine the Trustee's standing to assert certain common law claims included in the Complaint;

**WHEREAS,** on August 17, 2011, while the Defendants' motion to withdraw the reference was pending before the District Court, the Trustee filed an Amended Complaint in the United States District Court for the Southern District of New York, *Picard v. UBS AG*, No. 11-cv-4212 (CM) (ECF No. 23);

**WHEREAS**, throughout the course of this adversary proceeding the Trustee and Luxalpha have engaged in continuous good faith discussions and meetings aimed at attempting to reach a consensual resolution of the claims asserted by the Trustee against Luxalpha;

**WHEREAS,** the Trustee and Luxalpha have agreed to enter into a mediation in a further attempt to try to consensually resolve the claims asserted by the Trustee against Luxalpha;

**WHEREAS**, the Trustee and Luxalpha further agreed that during the mediation and their continued settlement discussions, it is in the interests of judicial economy to limit motion practice in connection with this adversary proceeding without prejudice to any party making appropriate motions at a later date;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel, and upon review by the Court it is **ORDERED**, as follows:

1. Luxalpha and the Trustee, by through their respective counsel, shall submit to mediation

(the "Mediation") consistent with the Court's General Order M-390 Amending And Restating Adopted Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings dated December 1, 2009, and any amendments thereto, on the issues presented in this adversary proceeding.

2. The Mediation shall be conducted by the Mediator, at a location to be determined by the Mediator, commenced on a date to be determined by the Mediator, and to be continued on additional day(s) to be agreed upon by the Parties and the Mediator.

3. No party shall be bound by anything said or done during the Mediation, unless a party voluntarily agrees to be so bound by a written and signed stipulation submitted to the Mediator and the other parties.

4. The Mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such negotiations from later discovery or use in evidence. The entire Mediation procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, that a party or its employee or other agents make during the Mediation are confidential and are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be discoverable or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. Evidence otherwise discoverable or admissible is not excluded from discovery or admission in evidence simply as a result of having been used in connection with the Mediation process.

5. The Mediator and his/her agents shall have immunity consistent with §6.0 of the General Order # M-452, amending and reinstating General Orders M-143, M-211 and M-390, Re:

3

Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, §6.0 (Bankr. S.D.N.Y. June 28, 2013), and from compulsory process to testify or produce documents in connection with the Mediation.

6. The parties: (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the parties in the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator.

7. The Mediation shall be conducted in the following manner:

    a. On a date to be agreed upon by the parties, they will exchange mediation statements with each other and submit the statements to the Mediator.

    b. Not later than one week before its initial, one-on-one meeting with the Mediator, each party will submit a confidential settlement posture statement to the Mediator, not to be exchanged with the other party.

    c. At each party's discretion, on a date not later than one week before the first day of the joint mediation session, it may submit a reply mediation statement. One party's decision to submit a reply mediation statement will not require the other party to make a reply submission.:

    d. A designated representative of Luxalpha, on one hand, and the Trustee, on the other hand, with full and final settlement authority (but subject to any required Court approval), must either attend the joint mediation session in person, or be

4

      reachable by phone, videoconference or similar mechanism.

    e. Luxalpha and the Trustee must be prepared to mediate in good faith and exchange offers at the Mediation.

8. Luxalpha and the Trustee shall each pay 50% of the costs of the Mediation.

9. This Stipulation and Order may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation and Order shall be deemed an original.

Dated: October 10, 2018
      New York, New York

/s/ Geoffrey A. North
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Geoffrey A. North
Email: gnorth@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

/s/ Brett S. Moore
**PORZIO, BROMBERG & NEWMAN, P.C.**
156 W. 56th Street, Suite 830
New York, New York 10019
Telephone: (212) 265-6888
Facsimile: (212) 957-3983

Brett S. Moore
Email: bsmoore@pbnlaw.com

*Attorneys for Luxalpha SICAV, as represented by its Liquidators Maître Alain Rukavina and Paul Laplume, and Maître Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha SICAV*

**SO ORDERED:**

Dated: Oct 11, 2018
New York, New York

HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

\* The Trustee shall advise the Court in writing within seven days of this Order whether the parties have agreed on the identity of the mediator.

SMB, USBJ
10/11/18