UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | SIPA LIQUIDATION |
| Plaintiff-Applicant, | No. 08-01789 (BRL) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | |
| Defendant. | |

---

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | Adv. Pro. No. 10-05383(BRL) |
| Debtor. | |

---

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC | |
| Plaintiff, | |
| v. | |
| STANLEY SHAPIRO, et al. | |
| Defendants. | |

---

# MEMORANDUM IN SUPPORT OF
# MOTION TO QUASH

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………...ii

PROCEDURAL BACKGROUND…………………………………………………………………….1

LEGAL STANDARD…………………………………………………………………………......2

ARGUMENT……………………………………………………………………..…....3

    A.   Defendants Have Standing to Move to Quash the
          Subpoena.……………………………………………………..………..................3

    B.   The Subpoena Seeks Production of Documents That
         Are Not Relevant to Any Claim or Defense in This
         Case………………………………………………………………………….………..4

    C.    The Trustee's Interest In the JPMorgan Chase
          Loan File, If Any, Is Outweighed By
          Defendants' Privacy Right….……………………..……………………………...……....7

CONCLUSION…………………………………………………………………………………8

# TABLE OF
# **AUTHORITIES**

*Arias-Zeballos v. Tan* …………………………………………………………..………………3, 4
  2007 WL 210112 (S.D.N.Y. Jan. 25, 2007)

*Carey v. Berisford Metals Corp.* …………………………………………………………….….. 4
  1991 WL 44843 (S.D.N.Y. Mar.28, 1991)

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.* ……………………………………..… 4, 7
  206 F.R.D. 78 (S.D.N.Y. 2002)

*Cohen v. City of New York* ……………………………………………………………...…. 5
  255 F.R.D. 110, 117 (S.D.N.Y. 2008)

*During v. City Univ. of N.Y.* ……………………………………………………..…. 3, 4
  2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006)

*Eisemann v. Greene* ……………………………………………………..…………….5
  1998 WL 164821 (S.D.N.Y. Apr. 8, 1998)

*Gov't Employees Ins. Co. v. Lenex Servs., Inc*..………………………………………………2, 3
  2018 WL 1368024 (E.D.N.Y. Mar. 16, 2018)

*Homeward Residential, Inc. v. Sand Canyon Corp.* …………………………………..……… 6
  2017 WL 4676806 (S.D.N.Y. Oct. 17, 2017)

*In re Flag Telecom Holdings, Ltd. Sec. Litig*..…………………………………………………..4
  2006 WL 2642192 (S.D.N.Y. Sept. 13, 2006)

*In re Glitnir banki hf*..………………………………………………………………………….2
  2011 WL 3652764 (Bankr. S.D.N.Y. Aug. 19, 2011)

*In re Refco Sec. Litig.*, 759 F. Supp. 2d 342 (S.D.N.Y. 2011)…………………………...… 2, 4

*McVane v. Federal Deposit Ins. Corp.* ……………………………………………………..…. 3
  44 F.3d 1127, 1136 (2d Cir. 1995)

*Night Hawk Ltd. v. Briarpatch Ltd.* ……....................................................................…. 5
  2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003)

*Rahman v. Smith & Wollensky Rest. Grp., Inc*. …………………………………………… 8
  2007 WL 1521117 (S.D.N.Y. May 24, 2007)

*Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.* ……………...………………… 3, 4, 6, 7
    2017 WL 1133349 (E.D.N.Y. Mar. 24, 2017)

*Solow v. Conseco, Inc.* ……………………………………………………………….…… 3, 6
    2008 WL 190340 (S.D.N.Y. Jan. 18, 2008)

*State Farm Mut. Auto. Ins. Co. v. Fayda* …………………………………………………..... 3, 7
    2015 WL 7871037 (S.D.N.Y. Dec. 3, 2015)

*United States v. Bonanno Organized Crime Family of La Cosa Nostra* …………………………8
    119 F.R.D. 625 (E.D.N.Y. 1988)

*United States v. Int'l Bus. Machines Corp.* …………………………………………...…..… 6
    83 F.R.D. 97 (S.D.N.Y. 1979)

*Zagroba v. York Restoration Corp*..……………………………………………………………...2
    2011 WL 2133837 (E.D.N.Y. 2011).

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Stanley Shapiro and the Estate of Renee Shapiro, by their undersigned counsel, now move for an Order quashing the subpoena served by the Trustee upon non-party JPMorgan Chase Bank, N.A. dated September 11, 2018.

## I.    PROCEDURAL BACKGROUND

On September 11, 2018, the Trustee served a subpoena on JPMorgan Chase Bank, NA ("JPMorgan"), attached hereto at Exhibit A, requesting the "entire file concerning"

> any loan, mortgage, financing, line of credit, or other form of indebtedness provided by You to, for the benefit of, or on behalf of Stanley Shapiro [] and/or Renee Shapiro [] for which Stanley and/or Renee Shapiro pledged as collateral their interest in their coop apartment located at 983 Park Avenue, New York, New York 10028.

Ex. A at 7, 1. The subpoena further sought "any communications" between JPMorgan and "either Stanley Shapiro, Renee Shapiro, Bernard L. Madoff, and/or any employee of Bernard L. Madoff Investment Securities LLC … Concerning any Loan." *Id.* at 7. "For the sake of clarification," the Trustee attached financing statements from 1993 and 1995 with Chemical Bank and a financial statement from 1999 with The Chase Manhattan Bank as an exhibit to the subpoena. *Id.* at Exhibit 1.

On September 25, 2018, JPMorgan objected to the Subpoena on the grounds that it was "overly broad and unduly burdensome;" sought information that "is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;" called for the production of privileged documents; sought the production of "confidential, sensitive, or private information;" and included definitions and instructions that were vague and ambiguous. *See* September 25, 2018 JPMorgan Letter to the Trustee, attached hereto at Exhibit B, at 2-9. Subject to its foregoing objections, JPMorgan agreed to "produce non-privileged Loan account

1

statements, to the extent that such documents exist, are responsive to this Request, are not subject to any objections, and can be located after a good faith search." *Id.* at 10-11. During the September 26 Discovery Conference, the parties informed the Court of the Subpoena and JPMorgan's intention to confirm that responsive documents in fact existed. Defendants informed the Court that they would move to quash if necessary and the Court gave Defendants leave to file. The parties subsequently agreed to a briefing schedule pursuant to which Defendants' Motion is due October 15, 2018 and the Trustee's Opposition is due October 29.

On October 4, 2018, counsel for JPMorgan informed the Parties by email that "[c]onsistent with its September 25, 2018 Responses and Objections, and following a good-faith search, JPMorgan has located a scanned copy of a mortgage loan file that is responsive to the requests in the Trustee's September 11, 2018 subpoena."

For the foregoing reasons, the Subpoena should be quashed.

## II.    LEGAL STANDARD

"Rule 45(c) of the Federal Rules of Civil Procedure allows the court to modify or quash a subpoena." *In re Glitnir banki hf.*, No. 08-14757 SMB, 2011 WL 3652764, at *5 (Bankr. S.D.N.Y. Aug. 19, 2011). In addition to the enumerated grounds of F.R.C.P. 45(d)(A-B), "[s]ubpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011).

"Even if a subpoena seeks the production of relevant information, Rule 45… requires the Court to quash or modify a subpoena that 'requires disclosure of privileged or other protected matter,' or 'subjects a person to undue burden.'" *Zagroba v. York Restoration Corp.*, 2011 WL 2133837 at *2 (E.D.N.Y. 2011). "Courts are generally reluctant to order the production of personal financial documents." *Gov't Employees Ins. Co. v. Lenex Servs., Inc.*, No.

2

16CV6030LDHCLP, 2018 WL 1368024, at *11 (E.D.N.Y. Mar. 16, 2018). As such, "[f]ederal courts regularly entertain objections to discovery requests based on a 'constitutionally-based right of privacy[,]'" and only order the production of "sensitive financial information" where "it is relevant to the action and there is a compelling need for the documents because the information is not otherwise readily available." *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037 at *4 (S.D.N.Y. 2015).

### III. ARGUMENT

#### A. DEFENDANTS HAVE STANDING TO MOVE TO QUASH THE SUBPOENA

In evaluating a motion to quash or modify a subpoena, a court must first determine whether a party has standing to bring a motion pursuant to Rule 45. *See, e.g., Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, 2017 WL 1133349 at *7 (E.D.N.Y. 2017) ("as a threshold issue, the Court is obligated to briefly address [standing] before analyzing the merits of Defendants' motion"). "While Rule 45 speaks of objections to subpoenas being asserted by the person commanded to produce and permit inspection of the subpoenaed documents, it is well-established that a party with a real interest in the documents has standing to raise objections to their production." *Solow v. Conseco, Inc.*, 2008 WL 190340 at *3 (S.D.N.Y. 2008). *See also Arias-Zeballos v. Tan*, 2007 WL 210112 at *1 (S.D.N.Y. 2007) ("courts have recognized that individuals have certain constitutionally protected privacy rights, including the individual interest in avoiding disclosure of personal matters"); *McVane v. Federal Deposit Ins. Corp.*, 44 F.3d 1127, 1136 (2d Cir.1995).

"Accordingly, courts have found that individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Arias-Zeballos*, 2007 WL 210112

3

at *1 (collecting cases); *Sky Med. Supply Inc.*, 2017 WL 1133349 at *8 ("In this Circuit, courts are generally in agreement that financial records (including banking records) fall within the scope of information to which a party enjoys a personal right or privilege"). Because the Trustee is subpoenaing bank records that deal with their financial affairs, Stanley Shapiro and the Estate of Renee Shapiro have standing to object to the production of the scanned copy of the mortgage loan file by JPMorgan and to move to quash the subpoena. *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02 CIV. 3400 WCC, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006) ("As the documents sought deal with [individual]'s financial affairs, he has standing to challenge the subpoena"); *Sky Med. Supply Inc.*, 2017 WL 1133349 at *8 (standing where "the Chase Subpoenas clearly seek discrete categories of banking records belonging to Defendants and Non-Party Objectors"); *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002); *Carey v. Berisford Metals Corp.*, 1991 WL 44843 at *8 (S.D.N.Y. 1991).

**B.    THE SUBPOENA SEEKS PRODUCTION OF DOCUMENTS THAT ARE NOT RELEVANT TO ANY CLAIM OR DEFENSE IN THIS CASE**

Once standing is established, the Court's "next inquiry is whether the material sought is relevant." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2006 WL 2642192, at *2. *See also Sky Med. Supply Inc.*, 2017 WL 1133349, at *8 ("Having determined that Defendants possess the necessary standing to assert their motion, the Court turns its attention to whether Plaintiff has demonstrated the relevance of the information being sought by the Chase Subpoenas"). "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011). *See also During v. City Univ. of N.Y.*, 2006 WL 2192843, at *2 (S.D.N.Y. 2006) ("Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement");

4

*Eisemann v. Greene*, 1998 WL 164821, at *2 (S.D.N.Y. 1998) (quashing subpoena "in light of the doubtful and tangential relevance, at best").

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

F.R.C.P. 26(b)(1). *See also Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("…discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.") "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 2003 WL 23018833, at *8 (S.D.N.Y. 2003). *See also Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008) ("The burden of demonstrating relevance is on the party seeking discovery.").

The entirety of Mr. and Mrs. Shapiro's mortgage loan file is not "relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd.*, 2003 WL 23018833, at *8. The Trustee has argued that the loan file and communications are relevant to Mr. Shapiro's alleged knowledge of a Ponzi scheme at BLMIS. Specifically, the Trustee alleges that the JPMorgan loan file is related to allegations of backdating of account statements, though the Trustee's theory does not appear to be supported by any documentary evidence. More fundamentally, a JPMorgan loan file for a mortgage dating back decades has no probative value to an allegation that (a) account statements were backdated; (b) Mr. Shapiro had knowledge that

5

they were backdated or (c) Mr. Shapiro understood backdating of account statements to mean BLMIS was a Ponzi scheme.

The scope of the subpoena is additionally objectionable. "A demand for documents should …confine the search to relevant documents." *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 107 (S.D.N.Y. 1979). Where "the material sought would not be relevant in the circumstances of" the case, the material should not be produced. *Homeward Residential, Inc. v. Sand Canyon Corp.*, 2017 WL 4676806, at \*19 (S.D.N.Y. Oct. 17, 2017). The Trustee now claims that the documents sought may be tangentially related to the alleged backdating of trades in the middle of 1995. However, as Exhibit 1 to the Subpoena illustrates, the Trustee is clearly seeking documents that predate and postdate that trade by years.[1] As such, they are not relevant and should not be produced. *Sky Med. Supply Inc.*, 2017 WL 1133349 at \*11 ("After reviewing the overall scope of the Chase Subpoenas—which seek financial documents from 2005 through 2015—the Court finds that as written, the Chase Subpoenas are overly broad and unduly burdensome in scope, especially given the limited nature and extent of the claims…the Chase Subpoenas need to be narrowly tailored to include only those bank records falling within this three-year time period encompassing the 177 claims in this action"); *Solow*, 2008 WL 190340 at \*4–5 ("[T]he subpoena seeks financial documents for the period 2003-2007. Notwithstanding Plaintiff's claims to the contrary, the Court fails to see the relevance of [Defendant's] financial condition and refinancing of the Building in 2007, some four years after the auction in issue").

As the JPMorgan loan file is not relevant to any claim or defense in this case, they should not be produced. *See Homeward Residential, Inc.*, 2017 WL 4676806 at \*19 ("[Defendant] has also failed to articulate a credible theory of the relevance of the material it seeks. …it contends

---

[1] Similarly, the Trustee seeks the entirety of the mortgage file and communications about "the Loan" without any consideration or indication of what specific documents are sought.

6

that the material will rebut [Plaintiff's] willful blindness notice argument by showing that the repurchase demands were frivolous. However, the material Sand Canyon seeks is not probative of the issue of notice. … the consultants' work is not in any way related to Sand Canyon's knowledge about its loans at the time in question, and thus the work is not relevant to the issue of willful blindness." (internal citations omitted)).

Where, as here, a subpoena is issued without a good faith basis for bank records in the hope of discovering personal financial information unrelated to the claims, it is proper for the court to quash it in its entirety. *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002).

### B.  THE TRUSTEE'S INTEREST IN THE JPMORGAN CHASE LOAN FILE, IF ANY, IS OUTWEIGHED BY DEFENDANTS' PRIVACY RIGHT

Even if the personal financial records sought by the Subpoena were relevant, they would also need to be proportional to the case. *Sky Med. Supply Inc.*, 2017 WL 1133349 at *11. "Rule 26(b)(1) instructs parties and courts to evaluate whether the benefit of the discovery sought is proportional to the burden of producing it, taking into account issues like access, importance, and available resources." *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037 at *4 (S.D.N.Y. 2015). Specifically, Rule 26 requires that a "court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule" if that discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." F.R.C.P. 26(b)(2)(C)(i). Accordingly "[f]ederal courts regularly entertain objections to discovery requests based on a 'constitutionally-based right of privacy[,]'" and only order the production of "sensitive financial information" where "it is relevant to the action and there is a compelling need for the documents because the information is not otherwise readily available." *State Farm Mut. Auto. Ins. Co.*, 2015 WL 7871037 at *4. Generally, "the party resisting disclosure should

7

bear the burden of establishing alternative sources for the information." *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988). *See also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117 at *7 (S.D.N.Y. 2007).

Here, the loan file sought by the Trustee is not remotely proportional to the invasion of Defendants' privacy interest. The Trustee is seeking the entirety of the loan file, without regard to the individual documents it contains. As indicated by the Exhibit attached to the Subpoena, these documents span at least a decade and date back at least 25 years. In seeking to justify the production, however, the Trustee has only identified one allegedly backdated trade, having no discernible connection to a mortgage in 1993, 1995 or 1997, in mid-1995 about which he seeks information. The production of the entire loan file, with multiple years of documents, both before and after the purported backdating, is not necessary to discovery the information the Trustee claims to seek and is significantly outweighed by Defendants' privacy interest in personal financial documents.

## IV. CONCLUSION

The Trustee's Subpoena is overbroad, seeks documents irrelevant to the parties' claims and defenses, and demands the production of private financial information that is disproportionate to the needs of the case. It should be quashed.

Dated: New York, New York
    October 15, 2018    LAX & NEVILLE LLP

    By:  ***/s/ Barry R. Lax***
          Barry R. Lax
          Robert Miller
          Mary Grace White
          1450 Broadway, 35th Floor
          New York, NY 10018
          Telephone: (212) 696 - 1999
          *Attorneys for Defendants*