# EXHIBIT 4

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322
Facsimile  (212) 557-0295

*Attorneys for Defendants Sage Associates; Lillian M. Sage, in her capacity as  Partner or Joint Venturer of Sage Associates and individually as, beneficiary of Sage Associates;  Malcolm H. Sage, in his capacity as  Partner or Joint Venturer of Sage Associates and individually as beneficiary of Sage Associates; Martin A. Sage, in his capacity as  Partner or Joint Venturer of Sage Associates and individually as beneficiary of Sage Associates; And Ann M. Sage Passer, in her capacity as Partner or Joint Venturer of Sage Associates and individually as beneficiary of Sage Associates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAGE ASSOCIATES; | Adv. Pro. No. 10-04362 (SMB)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

{N0090591 3 }

| |
|---|
| LILLIAN M. SAGE, IN HER CAPACITY AS PARTNER OR JOINT VENTURER OF SAGE ASSOCIATES AND INDIVIDUALLY AS, BENEFICIARY OF SAGE ASSOCIATES; |
| MALCOLM H. SAGE, IN HIS CAPACITY AS PARTNER OR JOINT VENTURER OF SAGE ASSOCIATES AND INDIVIDUALLY AS BENEFICIARY OF SAGE ASSOCIATES; |
| MARTIN A. SAGE, IN HIS CAPACITY AS PARTNER OR JOINT VENTURER OF SAGE ASSOCIATES AND INDIVIDUALLY AS BENEFICIARY OF SAGE ASSOCIATES; AND |
| ANN M. SAGE PASSER, IN HER CAPACITY AS PARTNER OR JOINT VENTURER OF SAGE ASSOCIATES AND INDIVIDUALLY AS BENEFICIARY OF SAGE ASSOCIATES, |
| Defendants. |

## ANSWER AND AFFIRMATIVE DEFENSES

Sage Associates; Lillian M. Sage, in her capacity as Partner or Joint Venturer of Sage Associates and individually as, beneficiary of Sage Associates; Malcolm H. Sage, in his capacity as Partner or Joint Venturer of Sage Associates and individually as beneficiary of Sage Associates; Martin A. Sage, in his capacity as Partner or Joint Venturer of Sage Associates and individually as beneficiary of Sage Associates; And Ann M. Sage Passer, in her capacity as Partner or Joint Venturer of Sage Associates and individually as beneficiary of Sage Associates ("Defendants"), by and through their undersigned counsel, as and for their Answer to the Complaint filed by Irving H. Picard ("Plaintiff"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), state as follows:

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

{N0090591 3 }                                    2

47. As the Trustee knows, Defendants opened the account by delivering to Madoff a portfolio of securities which, on their instructions, were held in the account. Therefore, Defendants cannot be liable to the Trustee and they are entitled to $500,000 in SIPC insurance.

48. The Trustee failed to substitute the correct party as defendant.

49. The trustee is pursuing this action against the incorrect party.

50. To the extent that the BLMIS account reflected appreciation in actual securities delivered to Madoff, which he was instructed to hold, Sage Associates is entitled to dollar-for-dollar credit for that appreciation and it is not recoverable by the Trustee.

51. The Trustee has failed to credit Sage Associates with the appreciation in the account based on its ownership of real securities, including interest, dividends, and stock splits.

52. To the extent that Madoff/BLMIS were acting as principal, rather than as agent of Sage Associates, the profits in the account were not fictitious because Madoff/BLMIS were not required, under applicable law, to have actually purchased securities on the open market for Sage Associates to be entitled to the appreciation in those securities.

53. There is no proof that trades were not actually made in the Sage Associates account for the applicable time period.

54. Many of the trades in the Sage Associates account were entirely independent of the "split strike conversion" strategy. Madoff did not control these sales. On the contrary, the activity in the Sage Associates account included the retention and sale of actual securities, controlled by Sage Associates, which generated both short term and long term capital gains for which Sage Associates is absolutely entitled to credit.