# EXHIBIT 8

MCDERMOTT WILL & EMERY LLP
Andrew B. Kratenstein
Michael R. Huttenlocher
Darren Azman
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Defendants Sage Associates; Malcolm H. Sage, in his Capacity as Partner or Joint Venturer of Sage Associates and Individually as Beneficiary of Sage Associates; Martin A. Sage, in his Capacity as Partner or Joint Venturer of Sage Associates and Individually as Beneficiary of Sage Associates; and Ann M. Sage Passer, in her Capacity as Partner or Joint Venturer of Sage Associates and Individually as Beneficiary of Sage Associates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC | Substantively Consolidated |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | Adv. Pro. No. 10-4362 (SMB) |
| Plaintiff. | |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| SAGE ASSOCIATES; LILLIAN M. SAGE, in her Capacity as Partner or Joint Venturer of Sage Associates and Individually as Beneficiary of Sage Associates; MALCOLM H. SAGE, in his Capacity as Partner or Joint Venturer of Sage Associates and Individually as Beneficiary of Sage Associates; MARTIN A. SAGE, in his Capacity as Partner or Joint Venturer of Sage Associates and Individually as Beneficiary of Sage Associates; ANN M. SAGE PASSER, in her Capacity as Partner or Joint Venturer of Sage Associates and Individually as Beneficiary of Sage Associates, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO THE TRUSTEE

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Rules 7033 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Civil Rules of the United States District Court for the Southern District of New York and of this Court (the "Local Rules"), Defendant requests that the Trustee respond to the requests for production of documents and interrogatories set forth herein (the "Requests") to the offices of McDermott Will & Emery LLP, c/o Andrew B. Kratenstein, 340 Madison Avenue, New York, New York 10173 within 30 days of the date set forth below.

26. If You maintain that any Document or Thing requested by Defendant has been destroyed, set forth the contents of the Document or Thing, the date of its destruction, and the name of the Person who authorized its destruction.

27. Where an objection is made to a request, state all grounds upon which your objection is based.

28. The Documents, Communications, Things, and Information produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

## INTERROGATORIES

1. For each year of BLMIS's operation, state whether BLMIS engaged in any Security Transaction and, if so, identify the Account, the date of the transaction, the Security involved in the transaction, the quantity of the Security subject to the transaction, and the price of the transaction. For example, if BLMIS purchased for Account No. 1S0004 2,000 shares of Apple Inc. stock on August 16, 1982 for a total purchase price of $24,500.00, You would provide that information.

2. State whether there is any evidence that BLMIS executed "directed trades," as that term is used in paragraph 95 of the Looby Declaration, on behalf of any Defendant or Account, and provide all details concerning such trades, including the date of the trade, the Security involved in the trade, the quantity of the Security involved in the trade, and the price of the trade.

3. For each Security listed on any Defendant's Account statements for each year, set forth the number of shares of each Security that BLMIS held at that time; and, if the Security was specified at BLMIS as belonging to a particular customer, specify the customer and the number of shares shown on BLMIS's records as being owned by that customer.

4. State what actions BLMIS or the Trustee took with respect to any Security held in the Accounts at any time, including, without limitation, the manner in which such Security was held, any subsequent sale, transfer or disposition of such Security, and whether the named registered holder of such Security was modified.

5. If it is your position that BLMIS did not engage in any Security Transaction or did not engage in some or all of the Security Transactions reflected on the account statements or trade confirmations associated with the Accounts, provide the complete basis for your position.

6. Identify each transfer of Security, cash, or other property from any Defendant to BLMIS, including the type of property transferred, the date on which the property was transferred, and the value of the property that was transferred.

7. Identify each transfer of a Security, cash, or other property from any Account to another Account, including a description of the type of property transferred, the date on which the property was transferred, and the value of the property that was transferred.

8. State whether the Accounts were administered by Frank DiPascali and, if not, state who at BLMIS administered the Accounts.

9. If You contend that BLMIS purported to use the Split-Strike Conversion Strategy for any of the Accounts, state for which Accounts and the specific time period(s) during which BLMIS purported to use the Split-Strike Conversion Strategy for each Account.

10. Identify which investment strategies, other than the Split-Strike Conversion Strategy, BLMIS used for the Accounts, and identify the specific period(s) of time during which BLMIS used such strategies.

11. Identify each BLMIS customer for which BLMIS used an investment strategy other than the Split-Strike Conversion Strategy, and state the time period(s) during which such

other investment strategy was used and whether and when BLMIS engaged in any "directed trades" for the customer, as that term is used in paragraph 95 of the Looby Declaration.

12. Explain the basis on which You determined that any Defendant has no net equity, and produce the front and back of each deposit into and withdrawal from the Accounts and from any account from which funds were transferred into the Accounts.

13. State and provide the basis for how You calculate a BLMIS customer's net equity if BLMIS held any Security for the customer, whether such calculation differs in any way from the calculation used for BLMIS customers for whom BLMIS did not hold any Security, and explain the basis for any difference.

14. State and provide the basis for how You calculate a BLMIS customer's net equity if BLMIS purported to use an investment strategy other than the Split-Strike Conversion Strategy for such customer's BLMIS accounts, whether such calculation differs in any way from the calculation used for customer accounts for which BLMIS purported to use the Split-Strike Conversion Strategy, and explain the basis for any difference.

15. Explain how, if at all, a BLMIS customer's repayment of principal and interest to BLMIS in connection with a Margin Account affects your calculation of such customer's net equity and the basis for such calculation.

16. Identify the BLMIS customers that maintained a Margin Account and state the name of each BLMIS customer that is receiving any credit for purposes of your net equity calculation based on such customer's repayment to BLMIS of principal or interest in connection with a Margin Account and the amount of each such credit.

17. Explain how You intend to establish that BLMIS was insolvent in each year at the time of each alleged fraudulent transfer alleged in the Amended Complaint.