Peter S. Partee, Sr.
Robert A. Rich
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000

*Attorneys for Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　Plaintiff-Applicant,<br>　　v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>**Re: Docket No. 18015** |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>　　　　　Plaintiff,<br>　　v.<br>Edward A. Zraick, Jr., *et al.*,<br>　　　　　Defendants. | Adv. Pro. No. 10-05257 (SMB)<br><br>**Re: Docket No. 100**<br><br>**Hearing Date: October 31, 2018 at 10:00 a.m.<br>Objection Deadline: October 17, 2018 at 5:00 p.m.** |

**ZRAICK DEFENDANTS' OBJECTION TO TRUSTEE'S MOTION
FOR LIMITED ADDITIONAL DISCOVERY BASED ON
<u>PRIOR ORDERS AUTHORIZING DEPOSITION OF BERNARD L. MADOFF</u>**

**Table of Contents**

I. PRELIMINARY STATEMENT ........................................................................................1
II. RELEVANT BACKGROUND .........................................................................................3
    A. Discovery in the Adversary Proceeding. ..............................................................3
    B. The Madoff Deposition. .........................................................................................5
    C. The Trustee's Motion to Reopen Discovery. .........................................................6
III. ARGUMENT .....................................................................................................................6
    A. The Motion to Reopen Should be Denied Based on Law of the Case...................6
    B. The Trustee Fails to Satisfy his Burden Under Federal Rule 16. ..........................7
    C. Federal Rule 26(b)(2) is Inapplicable. ...................................................................9
IV. CONCLUSION................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arizona v. California,*
   460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)...............................................................6

*Grochowski v. Phoenix Constr.,*
   318 F.3d 80 (2d Cir. 2003)..........................................................................................................8

*Kassner v. 2nd Avenue Delicatessen Inc.,*
   496 F.3d 229 (2d Cir. 2007)........................................................................................................8

*Lopez v. Ramos,*
   11-cv-07790 (NSR), 2013 WL 6912692 (S.D.N.Y. Dec. 30, 2013) ...........................................8

*Orshan v. Anker,*
   550 F. Supp. 538 (E.D.N.Y. 1982) .............................................................................................6

*United States v. Bonventre, et al.*
   Case No. 10-cr-00228 LTS (S.D.N.Y.) .......................................................................................4

*United States v. Uccio,*
   940 F.2d 753 (2d Cir. 1991)........................................................................................................6

*Zdanok v. Glidden Co.*,
   327 F.2d 944 (2d Cir. 1964), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12
   L.Ed.2d 298 (1964) ....................................................................................................................7

**Other Authorities**

Federal Rules of Civil Procedure Rule Rule 16..................................................................2, 7, 8, 9

Federal Rules of Civil Procedure Rule 26(b)(2) ........................................................................3, 9

Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, the "Zraicks"), by and through their undersigned counsel, hereby object to the motion (D.I. 18015, Adv. D.I. 100) (the "Motion to Reopen Discovery") filed by Irving H. Picard, as trustee (the "Trustee"), seeking to reopen discovery in the above-referenced adversary proceeding (this "Adversary Proceeding"), and state as follows.

## I.    PRELIMINARY STATEMENT[1]

1.    Discovery in this Adversary Proceeding is closed, fact discovery since August 26, 2016 and expert discovery since January 16, 2017.[2] The Trustee served four expert reports while discovery was open, including the $30 million Dubinsky Report which includes extensive (albeit woefully inaccurate) testimony on Madoff's convertible arbitrage strategy and other securities trading issues. Now, almost two years since the close of discovery, having come to realize that he has failed to prove his case-in-chief, the Trustee seeks to add two more expert witnesses and depose six additional fact witnesses regarding the same securities trading issues on which his expert Mr. Dubinsky testified.

2.    Law of the case dictates that the Motion to Reopen Discovery should be denied. The Trustee relies on language in the Madoff Deposition Orders allowing parties to move for potential follow-up discovery "based upon Madoff's testimony." (Motion at p. 22). But when the Zraicks moved for discovery on these *same* issues on the basis of the *same* Madoff Deposition Order language (much earlier in this proceeding, and on a far more limited scope), the Trustee objected, contending that the Madoff Deposition Orders preclude parties from

---

[1] Capitalized terms used but not defined in this preliminary statement shall have the meanings ascribed to such terms below.

[2] *See* Case Management Notice [Adv. D.I. 46]. The sole remaining open discovery matter is the Zraicks' deposition of the Trustee's expert Matthew Greenblatt, which was timely noticed and scheduled by the Zraicks and twice cancelled by the Trustee. The Zraicks have no objection to coordinating a uniform schedule for the deposition of Mr. Greenblatt.

requesting discovery on issues that could have been pursued without Madoff's testimony, and that "[s]urely Defendants did not need Madoff's testimony in order to justify a discovery request for documents concerning securities trading."[3] The Court accepted the Trustee's argument, denying the Zraicks' motion as follows:

> The Court: [T]alking about the order authorizing the Madoff deposition. I made it clear that at that point I was not authorizing any [] other discovery, where discovery was closed or would otherwise run out…***Asking for trading records months and months after discovery is inexplicable in a case like this.***[4]

The Trustee's Motion to Reopen Discovery, filed years and years after discovery closed, is inexplicable in this case.

3. Even if it were not law of the case, the Trustee has not, and cannot, satisfy the high standard for reopening discovery under Rule 16. The primary consideration is whether the movant could not have met the discovery deadline even if movant had exercised diligence. The Trustee was fully aware of the issues on which he seeks additional discovery prior to the expiration of discovery on January 16, 2017, as evidenced by, among other things, having served the Dubinsky Report, dated August 20, 2013, and having previously identified all of the proposed additional fact witnesses.

4. The Trustee's argument that the relative burden on the parties somehow weighs in his favor is especially offensive. The Zraicks are individuals who, after losing their savings and inheritance as a result of the Madoff scheme, have been the target of the Trustee's litigation seeking the recovery of $285,000. The Zraicks already have incurred tremendous expense as a result of the extensive prior discovery in this Adversary Proceeding. The Trustee has

---

[3] *Trustee's Memorandum of Law in Opposition to Defendants' Motion to Extend the Rebuttal Expert Disclosure Deadline and Compel Discovery* [Adv. D.I. 68] at 9.

[4] March 29, 2017 Hearing Transcript at 43:8-11; 4: 1-3 (emphasis added). A copy of the March 29, 2017 Hearing Transcript is annexed hereto as **Exhibit A**.

2

consistently and ferociously opposed every discovery accommodation requested by the Zraicks, as this Court has observed first-hand. The Trustee, who originally elected not to pursue avoidance claims of under $500,000, apparently has taken a personal interest in inflicting harm on the Zraicks for having the audacity to challenge the Trustee, including by having offered the testimony of Bill Feingold who has debunked the testimony of the Trustee's primary witness.

5. Finally, the Trustee's Rule 26(b)(2) argument is misplaced. Rule 26(b)(2) permits the court to alter the maximum number of depositions and interrogatories allowed under the Rules, and provides a standard for *limiting* the frequency or extent of discovery otherwise allowed under the Rules. It provides no legal authority for reopening discovery in this Adversary Proceeding.

## II. RELEVANT BACKGROUND

### A. Discovery in the Adversary Proceeding.

6. The Trustee commenced the Adversary Proceeding against the Zraicks on December 6, 2010. Certain of the Trustee's claims have been dismissed with prejudice leaving net combined alleged fraudulent transfer liability of $285,000. *See Stipulation and Order* [Adv. Pro. D.I. 43]. The Trustee has made no allegations of bad faith or prior knowledge of the misconduct perpetrated by Madoff on the part of the Zraicks.

7. On November 10, 2010, the Court entered the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order [D.I. 3141] (the "Case Management Order"), which applies to this Adversary Proceeding. *See Notice of Applicability* [Adv. D.I. 2]. On December 2, 2015, the parties filed the *Case Management Notice* [Adv. D.I. 46] (the "Case Management Notice") memorializing the discovery and other deadlines established by the Case Management Order.

3

8.     The Case Management Notice provides that fact discovery shall be completed by August 26, 2016, and expert discovery shall be completed by January 16, 2017.

9.     On May 19, 2016, the Trustee served his *Responses and Objections to the Defendants' First Set of Interrogatories to the Trustee* (the "Trustee Discovery Responses"), which identify each of the Trustee's six proposed additional fact witnesses as having performed work in connection with Madoff's investment advisory business (Bongiorno, Crupi and Sala) and/or as having searchable emails available to the Trustee in his "BLMIS Searchable Database." *See* Trustee Discovery Responses, annexed hereto as **Exhibit B**, at 11, 110-115.

10.    On November 16, 2016, the Trustee served the Zraicks with four (4) expert reports, two by Matthew Greenblatt, one by Lisa Collura, and the *Expert Report of Bruce G. Dubinsky*, dated August 20, 2013 (the "Dubinsky Report"). A copy of the Dubinsky Report, without exhibits, is annexed hereto as **Exhibit C**.

11.    The Dubinsky Report appears to be based, in large part, on the Dubinsky report which was used by the Government at the criminal trial of various former Madoff employees in 2013 (the "Bonventre Trial"). Mr. Dubinsky testified at that trial that his firm's analysis took "an enormous amount of time and effort to put together" and agreed that such analysis required "[m]ultiple kinds of expertise."[5] He further testified that his firm had received approximately $30 million in compensation for services rendered based upon the number of hours devoted to preparing the report.[6] The Dubinsky Report, among other things, sets forth an opinion as to the extent of the alleged fraud, including an opinion that no actual trading occurred since as far back

---

[5] *See United States v. Bonventre, et al.* Case No. 10-cr-00228 LTS, Oct. 30, 2013 Trial Transcript filed 4/3/14 [D.I. 824] at 1579:20 – 1580:2.

[6] *See United States v. Bonventre, et al.* Case No. 10-cr-00228 LTS, Oct. 30, 2013 Trial Transcript filed 4/3/14 [D.I. 824] at 1581:1-2.

4

as the 1970s. The opinions of the other expert reports served by the Trustee rely substantially on the opinion set forth in the Dubinsky Report regarding Madoff trading activity.

12. On December 31, 2016, the Zraicks served on the Trustee a notice of deposition of Matthew Greenblatt. *See Notice of Deposition of Matthew B. Greenblatt*, annexed hereto as **Exhibit D** (the "Greenblatt Deposition Notice"). The Trustee agreed to produce Mr. Greenblatt and the deposition has been twice scheduled, but both scheduled times were cancelled by the Trustee.

13. Although the Case Management Notice provides for mediation following the close of discovery, the Trustee has taken the position that his unilateral failure to produce Mr. Greenblatt for deposition suspends the discovery schedule. This case likely would be at the trial stage but for the Trustee's failure to produce Mr. Greenblatt.

B. **The Madoff Deposition.**

14. On July 11, 2016, well before the end of fact discovery, the Zraicks sought leave to depose Mr. Madoff [Adv. D.I. 53], which was granted by the Court.

15. Given the timing challenges with deposing an incarcerated witness, on September 29, 2016, the Court entered an order [D.I. 14213] (the "Madoff Day 1 Deposition Order") extending the fact discovery period for the Zraicks and certain other "Participating Customers" for the limited purpose of conducting the timely noticed deposition of Bernard L. Madoff.

16. On September 11, 2017, the Court entered an order [D.I. 16625] (the "Madoff Day 2 Deposition Order," together with the Madoff Day 1 Deposition Order, the "Madoff Deposition Orders") authorizing the continued deposition of Bernard L. Madoff.

5

C.  **The Trustee's Motion to Reopen Discovery.**

17. On February 23, 2018, long after the end of discovery in this Adversary Proceeding, the Trustee moved for an order establishing an omnibus proceeding on the existence, duration, and scope of Madoff's alleged fraud, in which the Trustee, among other things, proposed to take additional discovery [Adv. D.I. 85] (the "Fraud Proceeding Motion").

18. On July 25, 2018, the Court denied the Fraud Proceeding Motion, expressing serious doubt regarding whether additional discovery is appropriate particularly in cases where discovery has been closed. However the Court's ruling was without prejudice to the filing of a separate motion to reopen discovery, provided that the Trustee did so expeditiously.

19. On September 21, 2018, over two months after the hearing on the Fraud Proceeding Motion, the Trustee filed the Motion to Reopen Discovery. Through the Motion to Reopen Discovery, the Trustee seeks to reopen discovery for the purposes of, among other things, serving two additional expert reports and offering six additional fact witnesses on the securities trading issues.

### III.  ARGUMENT

A.  **The Motion to Reopen Should be Denied Based on Law of the Case.**

20. Questions of law ruled upon earlier in this Adversary Proceeding are revisited through the lens of law of the case doctrine, which provides that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) (citing *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). This "sound principle of judicial administration precludes the unwarranted reconsideration of legal decisions rendered in previous litigation between the same parties." *Orshan v. Anker*, 550 F. Supp. 538, 540 (E.D.N.Y. 1982)

6

(citing *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

21.  The Motion to Reopen Discovery should be denied under law of the case doctrine. The Trustee relies on language in the Madoff Deposition Orders allowing parties to move for potential follow-up discovery "based upon Madoff's testimony." (Motion at p. 22). But when the Zraicks moved for discovery regarding the same issues, on the basis of this same language of the Madoff Deposition Orders (see Adv. D.I. 67), the Trustee objected contending that the Madoff Deposition Orders precluded parties from requesting discovery on issues that could have been pursued without Madoff's testimony, and that "[s]urely Defendants did not need Madoff's testimony in order to justify a discovery request for documents concerning securities trading." *See* Adv. D.I. 68 at p. 9. The Court accepted the Trustee's argument, denying the Zraicks' motion as follows:

> The Court: [T]alking about the order authorizing the Madoff deposition. I made it clear that at that point I was not authorizing any [] other discovery, where discovery was closed or would otherwise run out…***Asking for trading records months and months after discovery is inexplicable in a case like this.***

March 29, 2017 Hearing Transcript at 43:8-11; 4: 1-3 (emphasis added).

22.  The Trustee's Motion to Reopen Discovery, filed years and years after discovery closed, is inexplicable in this case. It should be denied under law of the case doctrine.

**B.    The Trustee Fails to Satisfy his Burden Under Federal Rule 16.**

23.  Rule 16(b)(4) of the Federal Rules of Civil Procedure (the "Rules"), incorporated to this Adversary Proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure, provides that a scheduling order entered by the court may be modified "only for good cause and with the judge's consent."

7

24. A finding of good cause "depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). The moving party must "show that even if it had exercised diligence, it could not have met the deadline set by the court." *Lopez v. Ramos*, 11-cv-07790 (NSR), 2013 WL 6912692, at *3 (S.D.N.Y. Dec. 30, 2013). Diligence is thus the "primary consideration" that a court must consider. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Other factors that courts consider are: "(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the non-moving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence." *See* Motion at 25 (quoting *Lopez*, 2013 WL 6912692, at *3).

25. The Trustee has not, and cannot, satisfy the high standard for reopening discovery under Rule 16. The Trustee was fully aware of the issues on which he seeks additional discovery prior to the expiration of discovery on January 16, 2017, as evidenced by, among other things, having served the Dubinsky Report, which was served on the Zraicks on November 16, 2016 (several months prior to the conclusion of expert discovery), and is dated August 20, 2013 (several years before the close of any discovery). The Trustee also previously identified each of his proposed additional fact witnesses in the Trustee Discovery Responses, which were served on May 19, 2016, well prior to the conclusion of fact discovery.

26. The other factors also favor denial of the Motion to Reopen Discovery. Discovery has been closed for almost two years, and this case would be ready for trial but for the Trustee's delay in producing his expert witness, Matthew Greenblatt, for deposition.[7] The

---

[7] The Zraicks served the Greenblatt Deposition Notice on December 31, 2016 (after the Trustee failed to respond to the Zraicks' email request of December 14, 2016 for convenient deposition dates). After having received the Greenblatt Deposition Notice, the Trustee agreed to produce Mr. Greenblatt and the deposition has been twice

(Continued . . .)

8

Zraicks and many other parties oppose the Motion to Reopen. The Zraicks are individuals defending a suit for $285,000 in which they already have incurred incredible expense, including having retained Bill Feingold to rebut the extensive expert reports already served by the Trustee. The Trustee has been well aware of the securities trading issues for which he seeks discovery since at least 2013 when the Dubinsky Report was prepared at his request.

27.     Accordingly, the Trustee has not, and cannot, satisfy his burden under Rule 16.

**C.    Federal Rule 26(b)(2) is Inapplicable.**

28.     The Trustee argues that "[n]otwithstanding the Madoff Deposition Orders, [his] request also meets the standards of Federal Rule of Civil Procedure 26(b)(2)." Motion at 23. Rule 26(b)(2) permits the court to alter the maximum number of depositions and interrogatories allowed under the Rules, and provides a standard for *limiting* the frequency or extent of discovery otherwise allowed under the Rules. Fed. R. Civ. P. 26(b)(2). It provides no legal authority for reopening discovery in this Adversary Proceeding.

---

(. . . continued)

scheduled and twice cancelled by the Trustee. Although the Case Management Notice provides for mediation following the close of discovery, the Trustee has taken the position that his unilateral failure to produce Mr. Greenblatt for deposition suspends the discovery schedule. This case likely would be at the trial stage but for the Trustee's failure to produce Mr. Greenblatt.

9

## IV. CONCLUSION

WHEREFORE, the Zraicks respectfully request that the Court (a) deny the Motion, and (b) grant such other and further relief in favor of the Zraicks as the Court may deem just or proper.

Dated: October 17, 2018
      New York, New York       **HUNTON ANDREWS KURTH LLP**

*/s/ Robert A. Rich*
Peter S. Partee, Sr.
Robert A. Rich
200 Park Avenue
New York, New York 10166
(212) 309-1000
Email: rrich2@huntonak.com

*Counsel for Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich*

10