**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com
*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | SIPA LIQUIDATION |
| Plaintiff-Applicant, | (Substantively Consolidated) |
| v. | Adv. Pro. No. 08-1789 (SMB) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. Nos. listed on Exhibit B to the Trustee's Motion |
| Plaintiff, | |
| v. | |
| DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT B TO THE TRUSTEE'S MOTION, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION FOR LIMITED ADDITIONAL DISCOVERY BASED ON PRIOR ORDERS AUTHORIZING DEPOSITION OF BERNARD L. MADOFF

# TABLE OF CONTENTS

                                                                                                    **Page**

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL POSTURE ...................................................... 3

   I.     The Ponzi scheme defense was first raised in 2015 ...................................................... 3

   II.    The Trustee has refused to produce the Trading Records ............................................. 4

   III.   The Orders authorizing Madoff's deposition only permitted Defendants
           whose fact discovery had not closed to participate and held discovery
           deadlines in abeyance only for the limited purpose of taking Madoff's
           deposition ...................................................................................................... 5

   IV.   The Chaitman Discovery Order ................................................................................. 6

   V.    The Trustee's motion to establish an omnibus proceeding ........................................... 8

ARGUMENT ............................................................................................................... 9

   I.     The discovery sought by the Trustee could have been anticipated
           without taking Madoff's deposition .......................................................................... 9

   II.    Good cause to modify the Scheduling Order is not present ......................................... 10

          A.     The Trustee has violated numerous discovery orders .................................... 12

   III.   There is no other basis to grant the Motion ............................................................. 13

   IV.   Leave of court should be denied under Rules Rule 26(b)(2) and 30(a)(2) .................... 15

   V.    If the Court permits the Trustee to take depositions of BLMIS
           employees, the Trustee should be required to pay Defendants'
           reasonable costs and fees ..................................................................................... 17

   VI.   Discovery on the former BLMIS traders should commence immediately ................... 18

CONCLUSION ........................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atkinson v. Goord,*
2009 WL 890682 (S.D.N.Y. April 2, 2009) ........................................................16

*Bakalar v. Vavra,*
851 F. Supp. 2d 489 (S.D.N.Y. 2011).................................................................14

*In re Barnet,*
2014 WL 7409524 (S.D.N.Y. 2014).....................................................................14

*Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,*
769 F.2d 919 (2d Cir. 1985)..................................................................................11

*Commodity Futures Trading Comm'n v. Commodity Inv. Group, Inc.,*
2005 WL 3030816 (S.D.N.Y. Nov. 10, 2005) ......................................................16

*Fidelity Info. Servs., Inc. v. Debtdomain GLMS Pte Ltd.,*
2011 WL 3665138 (S.D.N.Y. Aug. 11, 2011) ......................................................10

*Grochowski v. Phoenix Constr.,*
318 F.3d 80 (2d Cir. 2003)......................................................................................2

*Harris v. Computer Assocs. Int'l, Inc.,*
204 F.R.D. 44 (E.D.N.Y. 2001) ............................................................................11

*Kassner v. 2nd Ave. Delicatessen Inc.,*
496 F.3d 229 (2d Cir. 2007)........................................................................2, 4, 13

*Koch v. Greenberg,*
2009 WL 2143634 (S.D.N.Y. 2009).....................................................................16

*Lopez v. Ramos,*
2013 WL 6912692 (S.D.N.Y. Dec. 30, 2013) ...........................................2, 13, 14

*Miltope Corp. v. Hartford Cas. Ins. Co.,*
163 F.R.D. 191 (S.D.N.Y. 1995) ..........................................................................18

*Misas v. North-Shore Long Island Jewish Health System,*
2016 WL 4082718 (S.D.N.Y. July 25, 2016) .......................................................10

*Parker v. Columbia Pictures Indus.,*
204 F.3d 326 (2d Cir. 2000)..................................................................................11

*PNC Bank, Nat. Ass'n v. Wolters Kluwer Fin. Servs., Inc.*,
    73 F. Supp. 3d 358 (S.D.N.Y. 2014)................................................................17, 18

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
    282 F.R.D. 76 (S.D.N.Y. 2012) ............................................................10, 11, 13

*Schuman v. Connaught Group, Ltd. (In re Connaught Group, Ltd.)*,
    2013 Bankr. LEXIS 428, (Bankr. S.D.N.Y. Feb. 1, 2013) .............................17, 18

*State Farm Mut. Auto. Ins. Co. v. Fayda*,
    2015 WL 7871037 (S.D.N.Y. Dec. 3, 2015) ..........................................................15

*United States v. Blaustein*,
    325 F. Supp. 233 (S.D.N.Y. 1971).........................................................................18

*In re Weatherford Int'l Sec. Litig.*,
    2013 WL 5762923 (S.D.N.Y. Oct. 24, 2013) ........................................................16

*Yrityspankki Shop Oyj v. Delta Funding Corp.*,
    1999 WL 1018048 (S.D.N.Y. Nov. 9, 1999) .........................................................11

## Other Authorities

Fed. R. Bankr. P. 7016 ......................................................................................................2

Fed. R. Civ. P. 16 .......................................................................................................2, 17

Fed. R. Civ. P. 16(b)(4)......................................................................................2, 10, 13

Fed. R. Civ. P. 16(f)(2) ..................................................................................................17

Fed. R. Civ. P. 26 .....................................................................................................15, 17

Fed. R. Civ. P. 26(b) ......................................................................................................16

Fed. R. Civ. P. 26(b)(2)..................................................................................................15

Fed. R. Civ. P. 26(b)(2)(C)(i) .......................................................................................15

Fed. R. Civ. P. 26(b)(2)(C)(ii) ......................................................................................11

Fed. R. Civ. P. 30(a)(2) ..................................................................................................15

Fed. R. Civ. P. 30(a)(2)(A) ............................................................................................16

Defendants represented by Chaitman LLP in the adversary proceedings listed on Exhibit B to the Trustee's Motion (the "Defendants"),[1] ECF No. 18015-2,[2] respectfully submit this Opposition to the Trustee's motion seeking an order for "Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff" (the "Motion").  Additionally, Defendants join in, and incorporate in full, the procedural objections and legal arguments set forth in the opposition to the Motion filed by other defense counsel.  Finally, Defendants rely upon the factual record before this Court as to the Trustee's contempt of at least two court orders and continuing refusal to produce the trading records that Defendants have been requesting for more than two years.[3]

## PRELIMINARY STATEMENT

The Trustee seeks to take discovery long after the deadline for fact discovery in the various case management orders but he cannot meet the legal standard for taking such discovery.  While he claims the discovery is necessary to rebut the testimony of Bernard L. Madoff, that testimony simply supported affirmative defenses and denials asserted by the Defendants in their answers to the Trustee's complaints.  Thus, the discovery the Trustee seeks is untimely; it is related to issues which have been in these cases from inception; and is barred by virtue of the Trustee's failure to

---

[1] We are filing only on behalf of clients who are currently represented by Chaitman LLP. Defendants in the following cases listed on the Trustee's Exhibit B are no longer represented by Chaitman LLP:  10-04321, 10-04655, 10-04798, 10-05116.

[2] Unless otherwise indicated, all references to "ECF No." are to the ECF Numbers of filings in 08-01789.

[3] *See* ECF No. 15393 (March 21, 2017 correspondence from the Trustee regarding subpoenas served on BLMIS traders); ECF No. 16006 (May 15, 2017 correspondence from Helen Davis Chaitman regarding subpoenas served on BLMIS traders); ECF No. 16082 (May 26, 2017 correspondence from the Trustee regarding same); ECF Nos.:  16236, 16237-1 to 16237-27 (Defendants' Memorandum of Law and accompanying Declaration, filed June 26, 2017, laying out history of Trustee's concealment of evidence); ECF No. 16427 (July 24, 2017 correspondence from Helen Davis Chaitman concerning the Trustee's concealment of trading records).

comply with at least two court orders compelling him to produce the trading records. In sum, the Trustee cannot meet the standard imposed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, incorporated by Rule 7016 of the Federal Rules of Bankruptcy Procedure, under which a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In order to meet the "good cause" standard, the party seeking the modification must have acted with diligence. *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). The Trustee has not, and cannot, show that if he "had exercised diligence, [he] could not have met the deadline set by the court." *Lopez v. Ramos*, 2013 WL 6912692, at *3 (S.D.N.Y. Dec. 30, 2013); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

This Court has consistently held, when Defendants sought additional discovery, that it would permit additional discovery pursuant to the Orders authorizing Madoff's deposition only if that discovery could not have been reasonably anticipated until Madoff's deposition. None of the discovery now sought by the Trustee meets this standard. Instead, the Trustee merely seeks discovery from some witnesses previously designated by the Trustee as persons with relevant knowledge, and he now uses the Orders authorizing Madoff's deposition[4] as a pretext for taking their depositions beyond the deadlines of the applicable case management orders which this Court has consistently enforced against all of the defendants. In cases in which discovery is closed, the Trustee cannot establish good cause under Federal Rule of Civil Procedure 16 to reopen discovery. The main inquiry in determining whether there is good cause to reopen discovery is whether a litigant has been diligent. The Trustee has not been diligent and, to the contrary, has flatly refused to comply with orders requiring the Trustee to produce Madoff's and BLMIS' trading records (the

---

[4] *See* ECF No. 14213 (September 29, 2016); ECF No. 16625 (September 11, 2017).

"Trading Records"), while at the same time preventing the Defendants from deposing and obtaining records from former BLMIS traders.[5]

Even in the cases where discovery is open, there is no basis for the Trustee to take the depositions he requests because this Court has prevented the Defendants from taking discovery from the former BLMIS traders whom the Defendants subpoenaed in March 2017. Certainly, Defendants are entitled to take the discovery of the former BLMIS traders, and obtain all of the Trading Records, before the Trustee embarks on any further discovery.

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

### I.   The Ponzi scheme defense was first raised in 2015

In December 2010, the Trustee sued Defendants alleging that, although they were innocent victims of Madoff's fraud, they received voidable transfers from BLMIS. The complaints seek judgments against the Defendants for the amounts they took out in excess of what they invested through Madoff and BLMIS on the theory that Madoff and BLMIS never purchased the securities shown on the customers' statements. When the Defendants answered the complaints in 2015, they put in issue whether Madoff or BLMIS operated a Ponzi scheme and, if so, for what period of time; and whether BLMIS actually purchased the securities shown on the customer statements. *See, e.g.*, Answer, *Picard v. Roman*, Adv. Pro. No. 10-04302, ECF No. 52, Affirmative Defense No. 24 ("Madoff and/or BLMIS was not a Ponzi scheme at all relevant times.").

Inexplicably, despite the fact that Defendants asserted dozens of affirmative defenses, the Trustee, in his Motion papers, takes the position that the Ponzi-scheme issue is Defendants' *only* affirmative defense. *See* Trustee's Brief in Support of Motion, ECF No. 18015-0 ("Trustee's Br.") at 5. The Trustee also takes the position that it hardly matters when the Ponzi scheme started

---

[5] *See supra* footnote 3.

because, even if the Ponzi scheme began in 1992, the amount of fictitious profits sought by the Trustee from most defendants would remain unaffected. *Id.*, n. 11. Yet, the Trustee's position is that discovery on this issue is necessary from several witnesses, some of whom are incarcerated in federal prisons in various parts of the country.

**II.    The Trustee has refused to produce the Trading Records**

Defendants have repeatedly sought the production of the Trading Records. As early as May 17, 2016, this Court required the Trustee to produce the Trading Records. *See* Transcript, May 17, 2016, Ex. A to the October 17, 2018 Declaration of Helen Davis Chaitman,[6] at 69:18-21 (THE COURT: . . . Well, if the Trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room . . . ."). The Trustee and his counsel flatly ignored this Court's order.

Again, on January 5, 2017, Magistrate Judge Maas entered an Order requiring the Trustee to produce the Trading Records. ECF No. 14807, Ex. B, at 3 ("To the extent there are any additional relevant records of securities trading that have not been made available . . . through Data Room 1, they must promptly be produced."). As this Court pointed out to Mr. Sheehan on June 29, 2017, there are "two orders directing you to turn over the documents." *See* Transcript, June 29, 2017, Ex. C, at 74:14-15. Yet, the Trustee has still refused to produce all of the Trading Records that Defendants have been seeking for over two years.

This Court recognized that the Trustee has violated at least two court orders to produce the Trading Records. *See id.* at 74:11, 14, 20. Moreover, the Trustee's counsel, for years, concealed from this Court and from the Defendants the fact that the BLMIS Database, to which the Trustee has denied Defendants access, contains the Trading Records and that the Trustee's "E-Data Room"

---

[6] Unless otherwise indicated, all references to exhibits are to the October 17, 2018 Declaration of Helen Davis Chaitman.

contains only the documents the Trustee wants the Defendants to see, that is, those documents that are consistent with the Trustee's dishonest representations. Instead, in an effort to deceive the Court and the Defendants' counsel, the Trustee's counsel represented to this Court that the E-Data Room contained all trading records in the Trustee's possession. *See* Transcript, May 17, 2016, Ex. A, at 11:11-12:14 (MR. JACOBS: "So, absolutely the Defendant has the ability to conduct whatever investigation they believe is relevant to the claims of their defenses, the same that our expert did, and they have access to all the same information that our expert did. And we did that to be transparent and to provide any data that any litigant believes that they should have access to."); *id*. at 15:11-16:1 (MR. JACOBS: . . . . [W]e have already produced in this litigation, without even having received a document request, 100 percent of that data. So the Defendants have all of those records that we intend to rely upon in order to prove both the net equity and to trace the transfers . . . ."); *id*. at 19:15-22 (representing that there were never any stocks traded for Investment Advisory customers); *id*. at 61:7-17 (MR. JACOBS: "To the extent we have them in addition to publicly available information that we obtain, it's all in the data room clearly labeled."); *id*. at 68:4-69:5 (MR. JACOBS: "She tests that conclusion the same way our expert does, by examining the underlying records. All of those records again have been made available to Ms. Chaitman. They're in the data room. Those other records are expert reports.").

There can be no dispute that the Trustee's counsel flatly misrepresented the facts to Defendants and to this Court. The Trustee's failure to produce the Trading Records is currently *sub judice* before Judge Maas.

### III.    The Orders authorizing Madoff's deposition only permitted Defendants whose fact discovery had not closed to participate and held discovery deadlines in abeyance only for the limited purpose of taking Madoff's deposition

The Orders authorizing Madoff's deposition do not keep discovery open in any cases in which discovery was closed when they were entered, and they only permit additional discovery

based on Madoff's deposition under very limited circumstances.  Paragraph L of the Original Order

Authorizing Madoff's Deposition expressly states that "[a]s to the Participating Customers whose

fact discovery is set to close on or after July 7, 2016, the Court extends fact discovery for the

limited and sole purpose of taking Madoff's deposition.  Other than for that purpose, the deadlines

in the applicable case management orders remain unchanged.'"  ECF No. 14213, ¶ L.  Likewise,

Paragraph L of the Order Authorizing Madoff's Continued Deposition similarly provides that "the

Court extends fact discovery for the limited and sole purpose of taking Madoff's deposition.  Other

than for that purpose, the deadlines in the applicable case management orders remain unchanged

other than as set forth in the transcript of hearing dated June 29, 2017 in this matter."  ECF No.

16625, ¶ L.  These provisions apply both to the Defendants and to the Trustee.

Indeed, the Trustee has previously argued that the Madoff deposition order extended

discovery only for the "'limited and sole purpose of taking Madoff's deposition,' and otherwise,

'the deadlines in the applicable case management orders remain unchanged."  Trustee's

Memorandum of Law in Opposition to Motion to Extend the Rebuttal Expert Disclosure

Deadlines, *Picard v. Zraick*, Adv. Pro. No. 10-05257, ECF No. 68 (citing the Order authorizing

Madoff's deposition).  The Trustee made that argument in opposing the Zraick defendants' motion

to extend the rebuttal expert disclosure deadline in the PW proceeding.  The Trustee even argued

that potential follow-up discovery based on Madoff's deposition testimony should only be

permitted for discovery that "could <u>not</u> have been pursued without his testimony."  *Id.* (emphasis

in original).  The Trustee wrote that "[s]urely Defendants did not need Madoff's testimony in order

to justify a discovery request for documents concerning securities trading."  *Id.*

## IV.    <u>The Chaitman Discovery Order</u>

Defendants in 92 cases participated in the Madoff deposition.  Fact discovery is closed in

59 of the 92 cases in which defendants participated in Madoff's deposition.  There is no order that

would permit reopening discovery in those cases. Fact discovery remains open in 33 of the 92 cases, 32 of which are subject to the August 10, 2017 so-ordered stipulation that held discovery deadlines in abeyance in cases where discovery had not already concluded. *See* ECF No. 16494 (the "Chaitman Discovery Order"). However, it was never contemplated that the Chaitman Discovery Order would allow the Trustee to engage in broad discovery following the Madoff deposition. On the contrary, the orders entered immediately prior to the Chaitman Discovery Order show that the parties (and we believe, the Court) contemplated that only very limited additional discovery would occur after the Madoff deposition and that such discovery would be consistent with the limitations set forth in the Orders authorizing Madoff's deposition. The Court has made numerous statements on the record indicating that it did not contemplate, by signing the Chaitman Discovery Order, that discovery not permitted under the Orders authorizing Madoff's deposition could be noticed, for the first time, after Madoff's deposition.

For example, during a May 31, 2017 hearing, it was contemplated that expert discovery – not fact discovery – would be held in abeyance pending resolution of the Madoff deposition. As stated by the Court, "on this one issue regarding an expert deadline, we'll reset it at the conclusion of the Madoff deposition." Transcript, May 31, 2017, Ex. D, at 21:10-13; *see also id.* at 21:19-22 (THE COURT: "[T]his is the way ***this particular issue*** will be resolved . . . we'll conclude the Madoff Dep[osition] and then we'll reschedule the expert submissions and have a uniform submission date.") (emphasis added); *id.* at 26:6-9 (THE COURT: "[W]e'll reset the expert deadline after the Madoff deposition is completed as to those cases where expert discovery was not closed as of July 7th, 2016. Okay?").

An additional hearing was held on June 29, 2017 which resulted in another bench ruling that expert discovery would be held in abeyance until the conclusion of Madoff's deposition. *See*

Transcript, June 29, 2017, Ex. C, at 24:7-12 (MR. JACOBS: "There is discovery . . . that we would

like to take . . . that we are holding in abeyance in anticipation of a procedural order that will call

for a discovery period for the exchange of expert reports in connection with that specific issue.").

On July 26, 2017, the Court entered an order implementing the bench rulings of May 31, 2017 and

June 29, 2017.  *See* ECF No. 14549.  The July 26, 2017 Order specifically carved out those items

of discovery that would be held in abeyance pending Madoff's deposition.  *See* ECF No. 16459, ¶

(expert reports of Chaitman LLP and the subpoenas served by Chaitman LLP on former BLMIS

traders).  Thus, the intent of the Chaitman Discovery Order, entered shortly thereafter with nothing

having changed since, was to hold discovery in abeyance so that those specifically identified

discovery matters could occur after Madoff's deposition; the intent was not to give the Trustee

*carte blanche* to request all sorts of discovery never before agreed to or sought.

## V.    The Trustee's motion to establish an omnibus proceeding

On July 25, 2018, the Court held a hearing on the Trustee's motion to establish an omnibus

proceeding.  The Court queried, "[w]hat discovery does the Trustee need?  The Trustee's been

preparing these cases for ten years or eight years."  Transcript, July 25, 2018, Ex. E, at 10:21-23.

The Court also observed that the Dubinsky Report was issued in 2013, "so the issue [of the Ponzi

Start date] was certainly up there then."  *Id*. at 39:23-40:2.  The Court further stated that the Trustee

was not entitled to a "complete do-over" on discovery and that he was "perplexed that the Trustee

wants to take discovery on something the Trustee should know and the Defendants are fighting

it."  *Id.* at 18:10, 52:17-19.

At the conclusion of the hearing, the Court denied the Trustee's motion to establish an

omnibus proceeding.  The Court instead instructed the Trustee to make a motion for further

discovery under the Orders authorizing Madoff's deposition.  The Court warned that "[i]f you are

going to make that motion, you have to show specifically what is it that Madoff said that is new,

that you couldn't have anticipated with due diligence of taking that discovery." *Id.* at 70:17-20.

The Court also directed the Trustee to file his motion "expeditiously." *Id.* at 80:14. The Trustee

ignored this Court's admonition, taking two months to file the Motion.

## **ARGUMENT**

### I.    **The discovery sought by the Trustee could have been anticipated without taking Madoff's deposition**

In denying the Trustee's motion to establish an omnibus proceeding, the Court set forth the

applicable standard that the Trustee must satisfy: the Trustee must specifically set forth what

Madoff testified to that requires the Trustee to reopen discovery, and the discovery can only be

reopened for the purpose of taking discovery that the Trustee could not have anticipated but for

Madoff's deposition. *See* Transcript, July 25, 2018, Ex. E, at 70:17-20 ("If you are going to make

that motion, you have to show specifically what is it that Madoff said that is new, that you couldn't

have anticipated with due diligence of taking that discovery."). The Trustee cannot meet this

standard, and cannot credibly argue that the discovery being sought could not have been

anticipated. The discovery that the Trustee now wants to take does not relate to any new

developments in the case:

- In August 2013, the Trustee submitted the Dubinsky Report, which set forth the

basis for the Trustee's assertion that Madoff's business was always a Ponzi scheme. *See*

Transcript, July 25, 2018, Ex. E, at 39:23-40:2.

- In 2015, Defendants answered the complaints and asserted 46 affirmative defenses

as well as denials of the material allegations of the complaints, clearly putting in issue whether

Madoff operated a Ponzi scheme. *See, e.g.*, Answer, *Picard v. Horowitz*, Adv. Pro. No. 10-04748,

ECF No. 43.

- On November 24, 2015, the Trustee served his initial disclosures in Defendants' cases, in which the Trustee stated that he does not expect to rely on former BLMIS executives or employees at trial, although he did list Jodi Crupi and Annette Bongiorno as persons with discoverable information. *See, e.g.*, Initial Disclosures, *Picard v. Horowitz*, Adv. Pro. No. 10-04748, Ex. F, ¶¶ 5-6.

- In the spring of 2016, the Trustee deposed Annette Bongiorno and Joanne Sala in the Profit Withdrawal proceeding, at which point the Trustee could have been able to determine whether they would be worth deposing in these cases.

- In February 2017, William Feingold, an expert hired by some of the Defendants, rebutted Dubinsky's opinions about many of Madoff's trading activities.

Thus, the Trustee has had plenty of time to notice the depositions of former BLMIS employees and good reason to do so from at least when Defendants answered the complaints in 2015 and disputed that Madoff operated a Ponzi scheme.

## II.   Good cause to modify the Scheduling Order is not present

Pursuant to Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified only "for good cause." *Id.* "The Rule 16(b)(4) 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Misas v. North-Shore Long Island Jewish Health System*, 2016 WL 4082718, *5 (S.D.N.Y. July 25, 2016) ("The burden of demonstrating good cause rests with the movant."); *Fidelity Info. Servs., Inc. v. Debtdomain GLMS Pte Ltd.,* 2011 WL 3665138, at *2 (S.D.N.Y. Aug. 11, 2011) ("[T]he good cause standard is not satisfied when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'") (alteration in original) (citation omitted); *Ritchie Risk-Linked Strategies Trading*

*(Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 80 (S.D.N.Y. 2012) ("Plaintiffs cannot succeed in demonstrating their diligence – and thus good cause for amending the scheduling order – if they knew or should have known that Defendants might present expert testimony to argue that the contract price of the subject insurance policies did not represent market value for purposes of a damages calculation.").  In other words, unless the Trustee can establish that he "had no reason to expect that Defendants would advance the position set forth in [their Answers]," he cannot claim diligence in failing to take the requested discovery within the discovery period.  *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 282 F.R.D. at 80.

    Here, the Trustee cannot establish good cause as he has had ample time to take the discovery he now requests.  *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 341 (2d Cir. 2000) (no good cause to modify scheduling order where party had information it needed to make motion prior to expiration of deadline and did not obtain any information in discovery that was necessary for making the motion);  *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985) (denying further discovery because plaintiff had "ample time in which to pursue the discovery that it now claims is essential"); *see also* Fed. R. Civ. P. 26(b)(2)(C)(ii) (court "must" limit scope of discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"); *Yrityspankki Shop Oyj v. Delta Funding Corp.,* 1999 WL 1018048, at *4 (S.D.N.Y. Nov. 9, 1999) (denying request to reopen discovery since party was fully aware of the relevance of the information in question during discovery, and since it could have developed the information at that time); *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) (refusing to reopen discovery to permit one deposition when, during sixteen months of discovery, the movant was not diligent in seeking to take the deposition).

A.    <u>The Trustee has violated numerous discovery orders</u>

Far from being diligent in complying with the existing case management orders and the

Orders authorizing the Madoff deposition, the Trustee has acted in flagrant contempt of the Orders

of this Court and of Magistrate Judge Maas in concealing the Trading Records for more than two

years.  The Trustee needs to establish diligence.  He cannot do so given his contempt for 23 months

of this Court's order that he put in the E-Data Room all of the Trading Records.  *See* May 17, 2016

Tr., Ex. A, at 69:19-21 ("[I]f the Trustee has additional documents, he's got to supplement the

disclosure or the production, which he does by adding them to the data room."); *see* Magistrate

Judge Maas Discovery Arbitration Order, January 4, 2017, ECF No. 14807 at 3 ("To the extent

there are any additional relevant records of securities trading that have not been made available . .

. through Data Room 1, they must promptly be produced.").

The record before this Court proves, indisputably, that the Trustee has not only

affirmatively misled this Court and the Defendants concerning the existence of the Trading

Records, but he has deliberately concealed the Trading Records which are in the BLMIS Database,

to which he has refused to provide Defendants access.  This Court will recall the following

colloquy it had with the Trustee's counsel:

> MS. CHAITMAN:  Okay. So when I was before you on May 17th,
> 2016 on my motion to compel the trustee to produce documents to
> us and other issues, Your Honor said to the trustee and I quote --
> well, you said in court, **"If the trustee has additional documents,
> he's got to supplement the disclosure or the production, which
> he does by adding them to the data room."  The trustee
> completely ignored what you said.**

> MR. JACOBS:  Understood. I would like to correct the record.
> There was never a motion to compel the trustee to produce any
> documents pending in this Court, that's a fiction.

> THE COURT:  **But I thought I directed you to produce the
> documents.**

> THE COURT: Did Ms. Chaitman –
>
> MR. JACOBS: -- from that period.
>
> THE COURT: -- **did Ms. Chaitman ever ask for trading records in any of her discovery requests?**
>
> MR. JACOBS: **She did.  She's been asking for trading records for a very long time, for a couple of years now.**

*See* Transcript, May 31, 2017 at 12:2-9; 17:4-9, 18-24 (emphasis added); *see also* Transcript, June 29, 2017 at 67:4-8 (this Court stated to Mr. Sheehan:  "I thought you were already directed to produce these documents" by this Court and Magistrate Judge Maas).

Given the Trustee's deliberate concealment of material evidence during the period in which he was obligated to produce discovery under the case management orders and this Court's specific orders, there is no basis to grant the Trustee's Motion.  Indeed, to do so would be to reward the Trustee for his own lack of diligence, flagrant violation of two court orders, and for the fraud he has perpetrated on the Defendants.

**III.**     <u>**There is no other basis to grant the Motion**</u>

Although "the primary consideration is whether the moving party can demonstrate diligence," *Kassner*,  496 F.3d at 244, other factors that courts in this Circuit have considered in determining whether to modify a scheduling order by reopening discovery include (1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the non-moving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence. *Lopez*, 2013 WL 6912692, at *3 (quotations omitted).  Here, none of these factors supports the Motion.  Moreover, even "[t]he absence of prejudice to the non-movant in and of itself . . . is insufficient to satisfy the Rule 16(b)(4) standard."  *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 282 F.R.D. at 79, n.2.

First, the Trustee has had several years to conduct discovery. *See Bakalar v. Vavra*, 851 F. Supp. 2d 489, 494 (S.D.N.Y. 2011) ("Moreover, allowing new testimony would prejudice Bakalar, increase the already-substantial litigation costs, and further delay resolution of this litigation, now almost six years old . . . ."). Although trial is not imminent because Defendants have not yet been permitted to take discovery of the subpoenaed former BLMIS traders and they still have not received the Trading Records, the length of this litigation is a factor that weighs against granting the Motion. Indeed, the Trustee recently argued that the Trustee was prejudiced because certain Defendants demanded that their Constitutional right to a jury trial be upheld because this resulted in a delay of the trial dates of those cases. *See* Transcript, September 26, 2018, Ex. G, at 9:5-10:5.

Second, the Trustee's request is vehemently opposed by the Defendants. *See, e.g.*, *Lopez*, 2013 WL 6912692, at *5 ("[T]he motion to reopen is vehemently opposed by Defendant in this case, also weighing against reopening discovery."); *In re Barnet*, 2014 WL 7409524, at *5 (S.D.N.Y. 2014) ("[T]he Liquidators' request is opposed by the Discovery Entities").

Third, Defendants would be prejudiced by the additional costs of litigation. *See Lopez*, 2013 WL 6912692, at *5 ("Defendant will incur further expense by the reopening of discovery, specifically in the additional depositions of Dr. Keen and Plaintiff."); *Barnet*, 2014 WL 7409524, at *5 ("The Discovery Entities will be prejudiced by reopening discovery belatedly in this proceeding because, among other reasons, of additional costs associated with further discovery, including depositions.").

Fourth, the Trustee could have foreseen the need for additional discovery and his argument that he "did not know whether additional discovery would be necessary until Madoff was fully

deposed" is patently incredible.  *See* Trustee's Br. at 26.  Madoff's deposition testimony was consistent with his 2009 guilty plea.  Therefore, there were no surprises in his deposition testimony.

Fifth, although discovery may lead to relevant evidence, it also will lead to evidence that the Trustee asserts he does not really need, given his repeated assertions that Madoff is not credible, that he has numerous methods for proving his case, and that the Ponzi start date would not affect any defendant's liability in any of these case.  *Id.* at 5, n.1.

## IV.    Leave of court should be denied under Rules Rule 26(b)(2) and 30(a)(2)

The Trustee claims that the requested discovery does not run afoul of Rule 26(b)(2) and he seeks leave of Court under Rule 30(a)(2), which itself is subject to the limitations of Rule 26(b)(2), to depose three former BLMIS employees who are in federal prison.  The Trustee's Motion should be denied.

As an initial matter, Rule 26(b)(2) is not a basis for reopening discovery.  It places limits on discovery; it does not permit discovery to be reopened, and it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(2).

Further, Rule 26(b)(2) provides that the Court "must" limit the frequency or extent of discovery otherwise permitted if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  In 2015, Rule 26 was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information.  *See State Farm*

*Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037 (S.D.N.Y. Dec. 3, 2015), at *7 (cited by Trustee's Br. at 24).

The discovery sought by the Trustee would violate Rule 26(b) because, by seeking to depose six different former BLMIS employees, upon whom the Trustee expressly stated in his Initial Disclosures that he would not rely at trial, while also indicating that he intends to produce additional documents and expert reports, the Trustee is seeking discovery that is duplicative and cumulative. Although the Trustee argues that each BLMIS employee has relevant evidence, "even if 'a witness might have discoverable information, a party is not always entitled to depose that individual.'" *Commodity Futures Trading Comm'n v. Commodity Inv. Group, Inc.,* 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005); *see also Atkinson v. Goord,* 2009 WL 890682, at *3 (S.D.N.Y. April 2, 2009) ("[If] a party [were] entitled to depose all the witnesses to a relevant event . . . Rule 30(a)(2)(A) would quickly become a dead letter."). Where, as a here, the Trustee "ha[s] not demonstrated that each and every one of the proposed deponents would provide sufficiently unique information, not cumulative or duplicative of others," the Trustee should not be permitted to depose multiple employees of the same entity. *In re Weatherford Int'l Sec. Litig.,* 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013); *see also Koch v. Greenberg*, 2009 WL 2143634, at *3-6 (S.D.N.Y. 2009) (modifying subpoena requests to the extent they were irrelevant or unnecessarily duplicative of other requests).

Moreover, several of the witnesses the Trustee wants to depose either lack firsthand knowledge or have severe credibility problems. As to Annette Bongiorno, the Trustee has bought her testimony. In her settlement with the Trustee, Bongiorno was allowed to retain over $4 million of assets and she was released, by the Trustee, of a $23 million clawback claim. In return, Bongiorno agreed to cooperate with the Trustee. Transcript, Bongiorno Deposition, July 8, 2016,

Ex. H, at 182:19-192:7.  Sala testified that she has no way of knowing whether anything she did at BLMIS was legitimate or whether everything she did was to perpetuate a fraud.  *See* Transcript, Sala Deposition, June 13, 2016, Ex. I, at 243:20-244:16, 252:22-254:6.  Thus, what the Trustee is requesting is to impose the financial burden on Defendants to engage in highly unproductive discovery.  Rule 26 does not permit this.

## V.   If the Court permits the Trustee to take depositions of BLMIS employees, the Trustee should be required to pay Defendants' reasonable costs and fees

If a party violates Rule 16, "the court *must* order the party, its attorney, or both, to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  *Schuman v. Connaught Group, Ltd. (In re Connaught Group, Ltd.),* 2013 Bankr. LEXIS 428, at *5-6 (Bankr. S.D.N.Y. Feb. 1, 2013) (Bernstein, J.) (emphasis in original) (quoting Fed. R. Civ. P. 16(f)(2)).  "While the decision whether to impose a sanction is committed to the court's discretion . . .  monetary sanctions are presumptively appropriate under Civil Rule 16(f)(2), and neither bad faith nor prejudice are required."  *Id*. (citations omitted).

Here too, it is presumptively appropriate to enter monetary sanctions against the Trustee if the Court is going to permit additional discovery in cases where discovery is already closed.  Any additional discovery, particularly depositions, should be conditioned on the Trustee's paying Defendants' reasonable attorneys' fees and costs in attending those depositions in cases where discovery is closed.  *See, e.g.*, *PNC Bank, Nat. Ass'n v. Wolters Kluwer Fin. Servs., Inc.*, 73 F. Supp. 3d 358, 377-78 (S.D.N.Y. 2014) (shifting costs of discovery to party who was granted leave to amend pleading and who requested the reopening of discovery to pursue discovery relating to amendment; the court has broad discretion to impose conditions on the reopening of discovery, and the most common condition is costs).  This is particularly appropriate to ensure that the Trustee

"has a financial incentive to engage in only productive discovery." *See id.*; *see also In re Connaught Group, Ltd.*, 2013 Bankr. LEXIS 428, at *5-6 (Bernstein, J.) (awarding reasonable expenses, including attorneys' fees, incurred in making motion for sanctions where party failed to comply with deadline contained in scheduling order to make a motion for class certification, even though such failure was merely negligent and an "isolated incident"). "[P]arties and counsel ignore discovery orders and deadlines at their peril. There is no excuse for failing to comply with discovery deadlines, and if an extension is necessary, it must be sought before expiration of the deadline. Failure to comply with these oft-repeated instructions *will* result in the imposition of appropriate sanctions." *Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. 1995) (emphasis in original). Here, the Trustee must bear some of the consequences of his failures to make discovery and to comply with the discovery deadlines in these cases. These costs should not be solely borne by the innocent Defendants.

## VI.   Discovery on the former BLMIS traders should commence immediately

As the Court will recall, Defendants served subpoenas on certain Madoff traders in March 2017. The Trustee reacted hysterically to the service of these subpoenas and, at the Trustee's request, the Court stayed Defendants from moving forward with the discovery of the subpoenaed witnesses. *See* ECF No. 16459, ¶¶ 2-3 (holding in abeyance the subpoenas served by Chaitman LLP on former BLMIS traders). Yet, the Court has not permitted Defendants to take this discovery.

The delay has caused Defendants severe prejudice. Over the year-and-a-half since the subpoenas were served, the Madoff traders' memories may have faded, making it more likely that the Trustee will prevent the customer body from ever learning the truth. *See United States v. Blaustein*, 325 F. Supp. 233, 238 (S.D.N.Y. 1971) ("Prejudice to the defendants because of the long unjustified delay in bringing this case to trial may fairly be presumed simply because

everyone knows that memories fade, evidence is lost . . . .").  The combination of the Court's refusal to allow the Defendants to depose the subpoenaed traders, coupled with the Trustee's refusal to produce the Trading Records, has caused such severe prejudice to the Defendants that they have been denied due process of law.  There is certainly no basis to continue to prevent the Defendants from deposing the subpoenaed traders.

**CONCLUSION**

For the foregoing reasons, the Trustee's Motion should be denied.  If the Court permits the Trustee to depose any former BLMIS employees, the Court should condition that relief on the Trustee's: (a) immediate production of all of the Trading Records; (b) payment of all of Defendants' reasonable costs and attorneys' fees in seeking to compel the Trustee to fulfill his discovery obligations and in attending the new depositions; and (c) allowing the Defendants to immediately commence depositions of the former BLMIS traders pursuant to the subpoenas.

October 17, 2018

**CHAITMAN LLP**

By:    */s/ Helen Davis Chaitman*
Helen Davis Chaitman
Gregory M. Dexter
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Defendants*