# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant<br><br>-against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>-against-<br>TRUST U/ART FOURTH O/W/O ISRAEL WILENITZ, et al.,<br><br>                    Defendants. | Adv. Pro. No. 10-04995 (SMB) |

## DISCOVERY ARBITRATOR'S ORDER

The Trust under Article Fourth of the Will of Israel Wilenitz and other related defendants (collectively, the "Defendants") having moved to compel discovery, and the Trustee having cross-moved for a protective order, it is hereby ORDERED that:

1.  Baker Hostetler, counsel for the Trustee, and Chaitman LLP, counsel for the Defendants, shall endeavor, insofar as possible, to apply my rulings regarding discovery issues in this proceeding to other comparable adversary proceedings, including, but not limited to adversary proceedings in which Chaitman LLP represents the defendants.

2.  The Defendants' application that the Trustee's claims of attorney-client privilege and work product protection be deemed waived by virtue of the Trustee's failure to provide a log of all documents created after December 11, 2008, that were withheld on those bases is denied.

3.  <u>Discovery Request No. 1</u>. Discovery Request No. 1, which calls for the production of information concerning certain BLMIS employees whom the Trustee interviewed and the documents they were shown, seeks attorney work product without an adequate showing of substantial need and is therefore denied. <u>See generally</u> <u>Sporck v. Piel</u>, 759 F.2d 312, 316 (3d Cir. 1985) (noting that "the selection and compilation of documents by counsel" not only constitutes work product, but falls "within the highly-protected category of opinion work product").

4.  By December 20, 2016, the Trustee shall indicate how long it will take to make a good faith determination as to whether there are any BLMIS trading records for the years prior to 1992.

5.  <u>Discovery Request Nos. 2, 3</u>. The Trustee shall respond to these Requests solely with respect to errors in the account records of clients of Chaitman LLP of which the Trustee presently is aware and which have not previously been disclosed to that firm

6.  <u>Discovery Request No. 4</u>. This Request concerns profit withdrawal transactions for which there is no proof that the customer initiated the request. Insofar as clients of Chaitman LLP are concerned, the information either has been produced or will be produced at the expert discovery stage. Insofar as other clawback defendants are concerned, the request is denied.

7.  <u>Discovery Request No. 5</u>. This Request, which asks the Trustee to produce any reports and documents supporting the contention that the BLMIS records were not "permeated with fraud," need not be answered at this time. To the extent that Wilenitz (or any other defendant) has stipulated to the accuracy of the information set forth in Columns 4 and 5 of Exhibit B to the Complaint, the Request is irrelevant. Moreover, even in the absence of such a stipulation, Wilenitz either has received the information through Data Room 1 or will receive it when the Trustee serves his expert reports.

8. <u>Discovery Request Nos. 6-10</u>. These Requests, relating to claims paid by the Trustee, are denied, except insofar as the Defendants seek aggregate information concerning claims paid by the Trustee, which information is available on the Trustee's website.

9. <u>Discovery Request No. 11</u>. The Trustee is directed to state the facts and identify the documents upon which he bases his position that BLMIS did not purchase securities for customers who are represented by Chaitman LLP, which may be done by reference to the report of Bruce Dubinsky, dated August 20, 2013, and the documents upon which it relies.

10. <u>Discovery Request No. 12</u>. This Request, which is related to Request No. 11, seeks information concerning persons interviewed by the Trustee with respect to the issue of fictitious trading. The Request is denied on the basis that it seeks attorney work product without the requisite showing of substantial need.

11. <u>Discovery Request No. 13</u>. This Request is denied as moot because the documents sought have been produced.

12. <u>Discovery Request No. 15</u>. This Request seeks information concerning the basis upon which the Trustee concludes that BLMIS was insolvent for an extended period of time. Here again, the Trustee is directed to state the facts and identify the documents upon which he relies, which may be done by reference to the Dubinsky report and the documents upon which it relies.

13. <u>Discovery Request Nos. 16, 18</u>. These Requests seek information concerning the volume of business conducted by each sector of BLMIS and the number of shares of securities listed on Wilenitz's account statements that BLMIS held. The Requests are denied because (a) the underlying records have been made available to the Defendants and the other clients of Chaitman LLP, and (b) the burden of undertaking the requested investigation would be extensive. To the extent there are any additional relevant records of securities trading that have not been made available to Wilenitz through Data Room 1, they must promptly be produced.

14. <u>Discovery Request No. 17</u>. Defense counsel concedes that this information has been produced.

15. <u>Cross-Motion for Protective Order</u>.  The Trustee's cross-motion for a protective order is denied, except to the extent indicated in paragraph 1 of this Discovery Order.

SO ORDERED.

Dated:  New York, New York
        January 4, 2017

/s/
_____
FRANK MAAS
Discovery Arbitrator

Copies to Counsel via ECF

4