# EXHIBIT F

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>MARK HOROWITZ, individually and as a joint tenant,<br><br>Defendants. | Adv. Pro. No. 10-04748 (SMB) |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Estate of Bernard L. Madoff, by and through his counsel Baker & Hostetler LLP, hereby provides the following initial disclosures.

A.  Rule 26(a)(1)(A)(i). The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the Trustee discloses the following individuals, or where deceased, the estates of the individuals, that are likely to have discoverable information. Current or last known addresses, where in the possession of the Trustee, are provided below. The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following:

1. Defendant Mark Horowitz has knowledge of the transactions at issue, and may be contacted through defense counsel, Helen Davis Chaitman, Chaitman LLP, 465 Park Avenue, New York, NY 10022.

2. The following individuals have knowledge concerning (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification, preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

3. The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code:

2

- Paul A. Goldberg and Caren Goldberg;
- Marsha Moskowitz;
- S. Joel Pelzner and Carol A. Pelzner.

4. The following individuals may also have knowledge concerning the deposits and withdrawals associated with Defendant's BLMIS Account:

- Custodian of Records, Bank of America, N.A., Legal Order Processing/Christiana IV, 800 Samoset Drive, Newark, DE 19713, DE5-024-02-08;
- Custodian of Records, JPMorgan Chase Bank, c/o Emil Kleinhaus and Benjamin Klein, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019; and
- Sterling Equities Funding Co., Attn: Michael Katz, 111 Great Neck Rd., Suite 408, Great Neck, NY 11021.

5. Frank DiPascali (deceased) and Annette Bongiorno were employed by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS. The Trustee does not expect to rely on former BLMIS executives or employees at trial.

6. JoAnn "Jodi" Crupi was employed by BLMIS and, upon information and belief, performed work in connection with the investment advisory accounts at BLMIS. The Trustee does not expect to rely on former BLMIS executives or employees at trial.

B. Rule 26(a)(1)(A)(ii). A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As a result of Judge Stanton's order dated December 15, 2008, the Trustee has assumed possession of approximately 13,500 boxes of BLMIS paper documents and 19,250 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data of which he assumed possession. With respect to these materials, some paper and some ESI have been loaded for potential production in the Trustee's

3

cases in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents. Materials not contained on the databases are stored in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over 5 million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order") or confidentiality agreements. Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information, and testimony related to legal proceedings outside of the United States, to which the Trustee is a party or has an interest in the outcome of the litigation, that are subject to confidentiality restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or as different subjects become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible things in the possession, custody or control of Plaintiff's counsel that contain information relevant to the matter in controversy.

1. Customer account documents: The Trustee will provide a set of account documents related to Defendant's investments with BLMIS, including account opening documents, correspondence, account statements, and documents related to deposits to and withdrawals from Defendant's BLMIS account, particularly as reflected on Exhibit B to the Complaint. These account documents will be produced as soon as possible after service of these Initial Disclosures.

2. Documents sufficient to prove that BLMIS was operating a fraudulent scheme going back to at least the 1970s.

3. Documents sufficient to prove that BLMIS was insolvent from the period of September 12, 2008 through December 11, 2008, the 90-day preference period, and also from the period of December 11, 2006 through December 11, 2008, the 2-year fraudulent transfer period.

4. Due to the voluminous nature of the documents relating to the individuals identified in Section A, Paragraph 3 of these Initial Disclosures, counsel for the Trustee will produce these documents upon request.

Consistent with applicable court orders, the Trustee intends to make available a set of approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent. The documents supporting the conclusion that BLMIS was a fraudulent enterprise will include BLMIS customer account ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create customer statements; documents related to BLMIS trades purportedly settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The documents supporting the conclusion that BLMIS was insolvent will include investment advisory business cash balances and customer account liabilities; market making and proprietary trading businesses cash balances and securities data; and documents related to the appraisal and

5

valuation data of the market making and proprietary trading businesses. Counsel for Defendant has been provided with a non-disclosure agreement from the Trustee. Once counsel has executed this non-disclosure agreement for the above-referenced adversary proceeding and returned it to the Trustee, counsel will be provided with access to E-Data Room 1 and a user guide containing a detailed index of the materials in E-Data Room 1, including a listing of public and/or commercially available market information relied upon by the Trustee.

By way of further disclosure, the Trustee also identifies the following documents upon which he may rely:

    a)    Exhibits to the Complaint.

    b)    Documents referred to in the Complaint.

C.    Rule 26(a)(1)(A)(iii). A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The Trustee's computation of damages is included on Exhibit B to the Complaint. The documents on which those computations are based are those related to deposits to and withdrawals from Defendant's BLMIS account and are being produced as set forth in section B.1 above. In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable interest, costs, and disbursements of this action.

D.    Rule 26(a)(1)(A)(iv). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To the Trustee's knowledge, there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the instant action, or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: New York, New York
          November 24, 2015

Of Counsel:

**BAKER HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

By: */s/ Nicholas Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 24th day of November, 2015 by electronic mail and UPS upon the following:

Helen Davis Chaitman
Chaitman LLP
465 Park Avenue
New York, New York 10022
hchaitman@chaitmanllp.com
Phone: (908) 303-4568
Fax: (888) 759-1114

Attorney for: Mark Horowitz

*Dean D. Hunt* bpmm

*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

8