# EXHIBIT G

Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   Lead Case No. 08-99000-smb
 4   - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 5   Adv. Case No. 08-01789
 6   - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 7   In the Matter of:
 8
 9   SECURITIES INVESTOR PROTECTION CORPORATION,
10                 Plaintiff,
11          v.
12   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, et al.,
13                 Defendants.
14   - - - - - - - - - - - - - - - - - - - - - - - - - - -x
15   Adv. Case No. 10-04390
16   - - - - - - - - - - - - - - - - - - - - - - - - - - -x
17   In the Matter of:
18
19   IRVING H. PICARD, Trustee For The Liquidation of Bernard L.
20   Madoff Investment Securities LLC,
21                 Plaintiff,
22          v.
23   BAM L.P., ET AL,
24                 Defendants.
25   - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

Page 2

```
 1   Adv. Case No. 10-05383
 2   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 3   In the Matter of:
 4
 5   IRVING H. PICARD, Trustee for the Substantively
 6   Consolidated SIPA Liquidation of Bernard L.
 7   Madoff Investment Securities LLC and the Estate
 8   of Bernard L. Madoff,
 9              Plaintiff,
10         v.
11   SHAPIRO ET AL,
12              Defendants.
13   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
14
15              United States Bankruptcy Court
16              One Bowling Green
17              New York, NY   10004
18
19              September 26, 2018
20              10:05 AM
21   B E F O R E :
22   HON STUART M. BERNSTEIN
23   U.S. BANKRUPTCY JUDGE
24
25   ECRO:  MATTHEW
```

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 4 of 18

Page 3

1  HEARING re Case No. 08-01789 Hearing on Order to Show Cause
2  Why October 4, 2016 Order Appointing Discovery Arbitrator
3  Should not be Amended
4
5  HEARING re Case No. 08-01789 Motion to Strike the Notices of
6  Withdrawal of claim and Notices of withdrawal of Objection
7  to Determination of Claim
8
9  HEARING re Case No. 10-04390 Pre-Trial Conference
10
11 HEARING re Case No. 10-05383 Discovery Conference
12
13
14
15
16
17
18
19
20
21
22
23
24
25 Transcribed by:  Sonya Ledanski Hyde

Page 4

```
 1   A P P E A R A N C E S :

 2

 3   BAKER HOSTETLER

 4        Attorneys for BLMIS Trustee

 5        45 Rockefeller Plaza

 6        New York, NY 10111

 7

 8   BY:  NICHOLAS J. CREMONA

 9        ANAT MAYTAL

10        TORELLO H. CALVANI

11        JAMES ROLLINSON

12

13   DENTONS US LLP

14        1221 Avenue of the Americas

15        New York, NY 10020

16

17   BY:  CAROLE NEVILLE

18

19   SECURITIES INVESTOR PROTECTION CORPORATION

20        1667 K. Street, N.W., Suite 1000

21        Washington, D.C. 20006

22

23   BY:  NATHANAEL S. KELLEY

24

25
```

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 6 of 18

Page 5

```
 1   CHAIRMAN LLP
 2        455 Park Avenue
 3        New York, NY 10022
 4
 5   BY:  GREGORY M. DEXTER
 6
 7   LAX & NEVILLE LLP
 8        1450 Broadway, 35th Floor
 9        New York, NY 10018
10
11   BY:  BARRY R. LAX
12        ROBERT MILLER
13
14   APPEARING TELEPHONICALLY:
15   KEVIN H. BELL
16   PATRICK MOHAN
17   DAVID J. SHEEHAN
18   ANDREW SERRAO
19
20
21
22
23
24
25
```

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 7 of 18

Page 7

1   think --

2           THE COURT:  In other words, you're telling me you
3   don't agree -- that you can't agree to summary judgment so
4   the case is trial ready, right?

5           MR. CREMONA:  That's correct.

6           THE COURT:  But then we get into the question of
7   where the case is going to be tried.

8           MR. CREMONA:  Well, I think, Your Honor, that
9   question has been answered by Judge Daniels and he --

10          THE COURT:  Why don't we deal with that motion
11  first?  Because that's a gating issue really.

12          MR. CREMONA:  Well, I think -- I don't think it is
13  because there's no motion to withdraw the reference.  And
14  Judge Daniels has said that Your Honor has final
15  adjudicative authority to dispose of this matter as a final
16  matter based on the fact that there's a pending claim and a
17  pending objection, which is extant, and that was ruled upon
18  twice by Judge Daniels.  So, I'm happy to proceed however
19  Your Honor sees fit.

20          THE COURT:  Yeah, I'd like to hear that motion
21  first.  Because there's no point scheduling a trial if I
22  don't have -- if they have a right to a jury trial and I
23  can't try it.  Right?

24          MR. CREMONA:  I understand that, Your Honor.

25          THE COURT:  So, why don't you tell me about that

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 8 of 18

1   motion?

2            MR. CREMONA: Sure. The second matter, Your

3   Honor, is the Trustee's motion to strike certain claim

4   withdrawals and objections that were filed by the Chapman

5   firm and the Dentons firm on behalf of 52 total

6   defendant/claimants. The Trustee asserts or submits that

7   the motion should be granted for three principal reasons:

8   First, the attempted withdrawals are procedurally improper.

9   They violate Bankruptcy Rule 3006. They were done

10  unilaterally and without order or leave of this Court.

11           Second -- and this is just briefly -- I'll get

12  into each of these in more detail.

13           THE COURT: Well, but they're going to argue that

14  -- they'll just withdraw their objections, which under Rule

15  3006, they don't need any --

16           MR. CREMONA: That's my next point, Your Honor. I

17  think if you --

18           THE COURT: -- any permission.

19           MR. CREMONA: Sorry, sorry.

20           THE COURT: Go ahead.

21           MR. CREMONA: If you -- putting aside the

22  procedural definition. So, if you then look to Rule 41,

23  which is what courts have looked to to determine whether you

24  can make that -- such a withdrawal under Rule 3006. Rule

25  41, the standard there cannot be met here because of the,

08-01789-cgm   Doc 18085-7   Filed 10/17/18   Entered 10/17/18 13:53:01   Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings   Pg 9 of 18

Page 9

1    among other things, the prejudice that would result in the

2    net loser victims, and there are a number of other factors

3    that the Second Circuit enumerated, and we can go through

4    them each in the Zagano case.

5             THE COURT:  What's the prejudice to the net

6    losers?

7             MR. CREMONA:  I think one very illustrative

8    example is demonstrated by three of the cases that are

9    subject to the motion.  That's the Saran Lawrence and

10   Nelsons cases.  If Your Honor will recall, we were here last

11   May -- May 31 for a pretrial conference.  Then you gave --

12   you scheduled -- Your Honor scheduled trial in October,

13   provide --

14            THE COURT:  May 31 of 2017?

15            MR. CREMONA:  Yes.  And -- I'm sorry if I

16   misspoke.  And Your Honor provided sufficient time for -- a

17   motion to withdraw was filed in June.  That wasn't

18   determined by Judge Daniels until May of this year, and then

19   a reconsideration motion was filed, determined now on

20   September 11th of this year.

21            So now we are here 15 months after that, and I

22   think that's a significant delay.  It precludes us from our

23   ultimate goal and our ultimate duty, which is to bring

24   forward these cases to resolution --

25            THE COURT:  But I can't do anything about that

08-01789-cgm Doc 18085-7 Filed 10/17/18 Entered 10/17/18 13:53:01 Exhibit HDC Decl EX G -2018-09-26 Transcript of proceedings Pg 10 of 18

Page 10

1  delay.  That's -- that's done.  You know, going forward,
2  what's the prejudice?  In other words, if I allow them to
3  withdraw the claim, and that leads to the conclusion that I
4  lack equitable jurisdiction, which is a separate issue --
5           MR. CREMONA:  Mm hmm, understood.
6           THE COURT:  -- and they get to try their case in
7  District Court, what's the -- what's the prejudice?
8           MR. CREMONA:  I do think delay is a significant
9  factor, Your Honor, because the only way that that occurs --
10          THE COURT:  What's the evidence of delay, though?
11          MR. CREMONA:  The procedural posture of the case
12 is.  We have now four cases that are trial-ready.  What
13 would have to happen for those not to go forward before Your
14 Honor is a motion to withdraw the reference, which would add
15 15 months onto each of those cases.  And that's going to
16 happen seriatim and then we can never accomplish the goal,
17 as I said, which is to resolve these cases and get the net
18 loser victims their -- their principal that they haven't yet
19 received.
20          But I think, you know, I'm happy to go through the
21 other Zagano factors as well, which I think militate in
22 favor of granting the Trustee's motion.  And that is -- you
23 know -- well, again, so if you look at the Zagano factors,
24 Your Honor, the question becomes the diligence in bringing
25 the motion or the filing; the extent to which the suit has

08-01789-cgm   Doc 18085-7   Filed 10/17/18   Entered 10/17/18 13:53:01   Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings   Pg 11 of 18

Page 11

1  progressed, or here, the claims process; the effort and
2  expense that has been incurred; and duplicative expense in
3  re-litigation and the adequacy of the Plaintiff's
4  explanation.  Or here I would say the claim.
5           So, diligence, if we start there, Your Honor,
6  we're ten years into this liquidation.  This withdrawal was
7  unilaterally filed on the heels of Judge Daniels' decision.
8  That can't not -- that cannot be ignored.  That decision was
9  issued on, as I said, May 15 of this year.  These filings
10 occurred on June 1, again on June 29, and then again in
11 July.
12          It was clearly an effort, I would submit, to avoid
13 this Court's equitable jurisdiction, and it was directly in
14 response to Judge Daniels' decision, which said the claims
15 are pending, the objections are pending, they are live.  And
16 I'm happy to go through the claims process.  I know Your
17 Honor is intimately familiar with that.  But those facts
18 rendered Your Honor with final adjudicative authority to
19 dispose of these adversary proceedings.  And, again, we're
20 back to delay.
21          Because if Your Honor is able to do that, we can
22 expeditiously go to trial and get these pieces resolved.  If
23 Your Honor does -- does something which I would respectfully
24 submit would be inconsistent with the directives of Judge
25 Daniels, then there's an enormous delay.  And, again, those

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 12 of 18

Page 12

```
 1    are just two of the factors.  I think, you know, the
 2    adequacy of the explanation for the withdrawal -- I mean, to
 3    me, it is quite clear, as I just articulated, that I would
 4    go so far as to say it's gamesmanship.  The timing and the
 5    withdrawal are clearly an effort to circumvent this Court's
 6    jurisdiction.
 7              There's been a clear and significant effort in
 8    prosecuting the claims process, and we should discuss that a
 9    moment, Your Honor.  I know Your Honor is intimately
10    familiar with the claims and objections and the way that we
11    -- the Trustee has disposed of those.  Just this week you
12    entered the 21st omnibus order.
13              All along in this process the Trustee has disposed
14    of or -- or sought affirmation of his prior determinations
15    by Your Honor because there were no legal issues remaining,
16    and all of those issues were finally resolved.  These cases
17    are quite different, Your Honor.  And you'll note that in
18    none of those 21 prior motions was there ever a defendant
19    included that had a claim because the proper place for the
20    resolution of that -- those claims issues, which are
21    inextricably intertwined with the avoidance liability, as
22    Your Honor has recognized in the Cohen decision, which was
23    articulated by Judge Rakoff -- we are bound by that.
24              As such, the Trustee has specifically delayed --
25    well, not delayed.  We are waiting until we can resolve
```

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 13 of 18

Page 13

1    these all in one forum, which is the directive from the

2    District Court.  Now, we have it once from Judge Rakoff.

3    Your Honor has implemented that.  Now we have it twice more

4    from Judge Daniels, and I would submit that to do something

5    inconsistent with that is -- is ignoring the precedent and

6    the law in this case.

7              THE COURT:  Let me just stop -- their argument is

8    "Look, we're going to withdraw our claims. So there's no

9    claims resolution process remaining for our claims." That's

10   their argument.

11             MR. CREMONA:  I understand.  I think that -- that

12   -- there are a number of problems with that, Your Honor, a

13   lot of which I just described.  That would be embracing

14   procedural gamesmanship, it would be disregarding the law

15   that says when you submit a claim, you've now submitted to

16   the Court's equitable jurisdiction.

17             THE COURT:  For the claims -- for the claims

18   resolution process.

19             MR. CREMONA:  Right.  But when the claim that

20   requires resolution is inextricably intertwined with the

21   avoidance liability, which we know from Judge Rakoff is the

22   case here.  One -- and I think Your Honor acknowledged, you

23   cannot divorce the claims liability --

24             THE COURT:  I understand all that, Mr. Cremona.

25             MR. CREMONA:  Okay.

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 14 of 18

Page 14

1           THE COURT:  But what they're saying is there's no

2    longer a claims resolution process because they're

3    withdrawing their objection or they're withdrawing their

4    claim.

5           MR. CREMONA:  Okay, but, Your Honor --

6           THE COURT:  So, why don't you address that issue?

7           MR. CREMONA:  Sure.  I think, again, there are a

8    number of ways to address that.  We have here a contested

9    matter based on the objection that was filed to each of the

10   claims. If you look to the claim that was filed and appended

11   to the Dentons' objection, in Paragraph 24, they

12   specifically say that they want the rights accorded to a

13   contested matter under 9014, including discovery.

14          So it's not just a ministerial act of withdrawing

15   a claim; there is a conjoined contested matter --

16          THE COURT:  Well, there can be conditions to the

17   withdrawal.

18          MR. CREMONA:  I suppose there could, Your Honor,

19   but I think --

20          THE COURT:  I'll ask them about that but...

21          MR. CREMONA:  Okay.  I would submit that the time

22   to do that has now since passed.  And to allow it to occur

23   would be directly contravening Judge Daniels' decision.

24   These very same issues were put before him and he ruled that

25   Rule 30056 renders these withdrawals ineffective.  And, as

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 15 of 18

Page 15

1  such, they remain pending.  And they do remain -- and as we

2  articulated in the declaration of Segal, all of those

3  objections that are the subject of this motion have not been

4  disposed of for the very reasons I just articulated in the

5  claims process.

6           And to answer your question further, I think to

7  allow them to just simply withdraw it now is to contravene

8  the claims procedures order, it is to disregard the entire

9  claims process that we've utilized over the last nine-plus

10 years.  And, again, I do think that we have to stand on

11 principle and the law that you can't on one hand invoke this

12 Court's jurisdiction and then disavow it when it's suitable

13 to your client.  I mean, that is just -- that's exactly

14 what's happening here.  And I would submit that that is

15 totally inappropriate.  And as a result, the claims should

16 be stricken.

17          And the other point, I think, Your Honor, which I

18 haven't yet made -- and we make it in our papers, is that,

19 again, I've said that the claims are inextricably

20 intertwined with the avoidance liability.  But I think it's

21 important to point out too that when you look at the

22 objections that are attached and filed, and the affirmative

23 defenses in the answer, they are at the core the same

24 issues.  And, again, it would be inefficient to resolve them

25 separately.  The opportunity to do so has passed.

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 16 of 18

Page 16

```
 1              THE COURT:  But, you know, you keep saying that,
 2   but they're saying, "Look, you've resolved the claims. It's
 3   zero."
 4              MR. CREMONA:  But that -- well, again, if we look
 5   at 502D and the decision from Judge Rakoff, it applies here.
 6   There is a pending claim and you can't resolve the claim
 7   until your avoidance liability has been established with
 8   finality.
 9              THE COURT:  But you're saying we're not -- okay, I
10   got it.  Go ahead.
11              MR. CREMONA:  I mean, Your Honor, do you have any
12   further questions that you'd like --
13              THE COURT:  No, no.  Let me hear from the other
14   side.  Yes, sir?
15              MR. KELLEY:  Yes.  If I may, I'm Nathanael Kelley
16   for the Securities Investor Protection Corporation.  I'll
17   just state briefly that we invoked to address the
18   applicability of the federal rules of bankruptcy procedure
19   to this SIPA liquidation.  And we were, frankly, a little
20   surprised that that was an issue but --
21              THE COURT:  Well, Judge Daniels really decided
22   that in that Footnote 3, so I'm not even going to consider
23   that.
24              MR. KELLEY:  Sure.  And regarding the
25   applicability of the -- regarding their attempt to withdraw
```

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 17 of 18

Page 85

1       C E R T I F I C A T I O N

2

3       I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6

7

8   Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  September 27, 2018

08-01789-cgm    Doc 18085-7    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX G -2018-09-26 Transcript of proceedings    Pg 18 of 18

Page 85

1      C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6

7

8   Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  September 27, 2018