# EXHIBIT H

08-01789-cgm    Doc 18085-8    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition    Pg 2 of 17

**SIPC v BLMIS-CONFIDENTIAL**                    **Bongiorno 7/8/2016**

**CONFIDENTIAL**

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Adv. Pro. No. 08-01789(SMB)

SIPA Liquidation
(Substantially consolidated)

SECURITIES INVESTOR PROTECTION
CORPORATION,

    PLAINTIFF,

  -vs-

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC,

    DEFENDANT.
_____/

IN RE:
BERNARD L. MADOFF,

    DEBTOR.
_____/

CONFIDENTIAL

REALTIME DEPOSITION OF
ANNETTE BONGIORNO

Pages 1 through 270

Friday, July 8, 2016
8:34 a.m. to 3:15 p.m.

Federal Correctional Institution Coleman Medium
846 NE 54th Terrace
Sumterville, Florida 33521

Stenographically Reported By:
Elizabeth A. Speer, CRR, RMR, FPR,
Realtime Systems Administrator

SIPC v BLMIS-CONFIDENTIAL                    Bongiorno 7/8/2016
                         CONFIDENTIAL

Page 2

```
 1   APPEARANCES:

 2   On behalf of Irving H. Picard, Trustee for the
     Substantively Consolidated SIPA Liquidation of
 3   BLMIS and the Estate of Bernie L. Madoff:

 4        BakerHostetler
          45 Rockefeller Plaza
 5        New York, New York 10111-0100
          (212) 589-4230
 6        BY:   SEANNA R. BROWN, ESQUIRE
                AMY VANDERWAL, ESQUIRE
 7        sbrown@bakerlaw.com
          avanderwal@bakerlaw.com

 8

 9   On behalf of Aaron Blecker and other Madoff customers:

10        Chaitman, LLP
          465 Park Avenue
11        New York, New York 10022
          (888) 759-1114
12        BY:   HELEN DAVIS CHAITMAN, ESQUIRE
                GREGORY M. DEXTER, ESQUIRE
13        hchaitman@chaitmanllp.com
          gdexter@chaitmanllp.com

14

15   On behalf of Annette Bongiorno:

16        Sercarz & Riopelle, LLP
          810 Seventh Avenue, Suite 620
17        New York, New York 10019
          (212) 586-4900
18        BY:   ROLAND G. RIOPELLE, ESQUIRE
          mriopelle@sercarzandriopelle.com

19

20

21

22

23

24

25
```

SIPC v BLMIS-CONFIDENTIAL          Bongiorno 7/8/2016
                    CONFIDENTIAL

Page 3

```
 1                       I N D E X
 2
     TESTIMONY OF:   ANNETTE BONGIORNO
 3
          Direct Examination by Ms. Brown         5
 4        Cross Examination by Ms. Chaitman     145
          Redirect Examination by Ms. Brown    263
 5
 6
     CERTIFICATE OF OATH                        267
 7
     CERTIFICATE OF REPORTER                    268
 8
     READ & SIGN LETTER                         269
 9
     ERRATA SHEET                               270
10
                     *   *   *   *   *
11
12
                      E X H I B I T S
13
     Trustee Exhibit No. 67
14      Order authorizing the deposition of federal
        prisoner Annette Bongiorno with certain
15      limitations                               6
16   Trustee Exhibit No. 68
        Order authorizing second deposition of
17      federal prisoner Annette Bongiorno        6
18   Trustee Exhibit No. 69
        2/28/87 Blecker account 100254-10
19      ledger sheet MF00057516                  97
20   Trustee Exhibit No. 70
        Composite of Blecker account 100254-10
21      December 1986, '87, '88, '89, '90, '91
        statements   MF00067077, MF00063864,
22      MF00529912, MF00052809, MF00024487,
        MF00472955                              101
23
     Trustee Exhibit No. 71
24      9/30/84 Blecker account 100215-10
        ledger sheet MF00151754                 107
25
```

**SIPC v BLMIS-CONFIDENTIAL**  **Bongiorno 7/8/2016**
**CONFIDENTIAL**

Page 4

| | | |
|---|---|---|
| 1 | EXHIBITS CONTINUED: | |
| 2 | Trustee Exhibit No. 72 | |
| | 7/31/91 Blecker account 100215-10 | |
| 3 | ledger sheet MF00483413 | 109 |
| 4 | Bongiorno Exhibit No. 1 | |
| | Amended consent preliminary order of | |
| 5 | forfeiture as to specific property/money | |
| | judgment | 182 |
| 6 | | |
| 7 | | |
| 8 | | |
| | PREVIOUSLY MARKED EXHIBITS: | |
| 9 | | |
| | Exhibit No. 23 | 63 |
| 10 | Exhibit No. 27 | 71 |
| | Exhibit No. 28 | 71 |
| 11 | Exhibit No. 29 | 71 |
| | Exhibit No. 36 | 86 |
| 12 | Exhibit No. 37 | 116 |
| | Exhibit No. 38 | 117 |
| 13 | Exhibit No. 39 | 111 |
| | Exhibit No. 40 | 115 |
| 14 | Exhibit No. 41 | 90 |
| | Exhibit No. 42 | 104 |
| 15 | Exhibit No. 44 | 118 |
| | Exhibit No. 45 | 120 |
| 16 | Exhibit No. 46 | 121 |
| | Exhibit No. 49 | 128 |
| 17 | Exhibit No. 61 | 43 |
| | Exhibit No. 62 | 46 |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

08-01789-cgm    Doc 18085-8    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition    Pg 6 of 17

**SIPC v BLMIS-CONFIDENTIAL**            **Bongiorno 7/8/2016**
**CONFIDENTIAL**

Page 182

1  back?
2      A.   I don't know.
3      Q.   You don't know how much?
4      A.   No, I don't know how much that is.
5      Q.   Well --
6      A.   I know it's a fraction of what he had there,
7  but I don't know how much that is.  I'm not sure.
8           MS. CHAITMAN:  Do we have extra copies
9      of this?
10          MR. DEXTER:  We have.
11          MS. CHAITMAN:  Can we hand them out?
12          MR. DEXTER:  Sure.
13          MS. CHAITMAN:  Why don't we mark this.
14          MS. BROWN:  We're up to Exhibit 68.
15              (Marked for identification
16              as Bongiorno Exhibit No. 1)
17              (Discussion off the record)
18 BY MS. CHAITMAN:
19     Q.   Miss Bongiorno, we took a break and we've
20 marked as Exhibit 1, Bongiorno Exhibit 1, the Amended
21 Consent Preliminary Order of Forfeiture as to specific
22 property/money judgment that was entered in your
23 criminal case.
24          Have you seen this document before?
25     A.   Some of it looked familiar.  I mean, I

08-01789-cgm   Doc 18085-8   Filed 10/17/18   Entered 10/17/18 13:53:01   Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition   Pg 7 of 17

**SIPC v BLMIS-CONFIDENTIAL**                              **Bongiorno 7/8/2016**
**CONFIDENTIAL**

Page 183

 1   haven't looked over the whole thing.  Some of it.
 2       Q.   Take your time.  I just want -- I want you to
 3   be sure this is a document you've seen before.
 4       A.   I remember some of this.  Like on page 3, I
 5   remember all of this, 3, 4, 5, 6.
 6       Q.   Okay.  So let's go through this.  If we start
 7   on page 3 it recites that a forfeiture money judgment
 8   was entered against you in the amount of $155 billion;
 9   right?
10       A.   Uh-huh.
11       Q.   Okay.  Then it says that the -- it lists a
12   number of assets that you have, starting with A, which
13   says all funds on deposit in six different accounts in
14   your name or your husband's name at CitiBank.
15       A.   That's all familiar to me, yeah.
16       Q.   And then Exhibit B, excuse me, subparagraph B
17   is accounts at Smith Barney in your name and your
18   husband's name; right?
19       A.   Uh-huh.
20            MR. RIOPELLE:  You have to answer out
21       loud.
22       A.   Yes.
23       Q.   Exhibit C is an E*trade brokerage account in
24   your husband's name?
25       A.   Right.

08-01789-cgm    Doc 18085-8    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition    Pg 8 of 17

 1         Q.    And D is a TD Bank account?
 2         A.    Uh-huh.
 3         Q.    And E is an account -- another account at TD
 4    Bank.  You see that?
 5         A.    Uh-huh.
 6         Q.    F is JP Morgan Chase Bank accounts.
 7               Do you see that?
 8         A.    Yes.
 9         Q.    And then G is --
10         A.    That's a joint one.
11         Q.    Okay.
12         A.    Yeah.
13         Q.    And G is New York Community Bank, Roslyn
14    Savings Bank?
15         A.    That's right.
16         Q.    Then you had another bank account at Astoria
17    Federal Savings and Loan?
18         A.    Right.
19         Q.    Then you had another one at Dime Savings
20    Bank?
21         A.    Uh-huh.
22         Q.    Then you had the Fidelity account.  That's
23    the one you mentioned; right?
24         A.    Right.  You notice they're all banks?  Those
25    are all banks that are mine.

08-01789-cgm    Doc 18085-8    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition    Pg 9 of 17

**SIPC v BLMIS-CONFIDENTIAL**            **Bongiorno 7/8/2016**
**CONFIDENTIAL**

Page 185

1      Q.   Yeah.  You put a lot of money in bank
2   accounts.
3      A.   Not brokerage firms.
4      Q.   Right.  Then there was a certificate of
5   deposit at Apple; right?
6      A.   Right.
7      Q.   Then you had some money held by your
8   attorney; right?
9      A.   Uh-huh.
10     Q.   Okay.  And then you had real property in Boca
11  Raton; right?
12     A.   Right.
13     Q.   And real property in Manhasset?
14     A.   Right.
15     Q.   And a Bentley, a Mercedes, another Mercedes.
16     A.   Uh-huh.
17     Q.   Then approximately 1.3 million that was held
18  by Chicago Title.
19     A.   Right.  Chicago Title.  I don't remember what
20  that is.
21     Q.   It's a reference to Unit 607.  Is that --
22     A.   Oh.  That was -- okay.  Yes.  I know what
23  that is.
24     Q.   What is that?
25     A.   It's an apartment we were buying that ended

08-01789-cgm    Doc 18085-8    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition    Pg 10 of 17

SIPC v BLMIS-CONFIDENTIAL                    Bongiorno 7/8/2016
                       CONFIDENTIAL

Page 186

1   up -- we had to cancel it.
2        Q.   Okay.  And then you had money, about half a
3   million dollars in HSBC.  Do you see that?
4        A.   That's right.
5        Q.   And then you had money at Ameritrade?
6        A.   Right.
7        Q.   And then you had some money at CitiBank?
8        A.   Right.
9        Q.   And then SunTrust?
10       A.   Right.
11       Q.   And then you had an equity interest in Castle
12  Arch Real Estate Company?
13       A.   That was the -- that's right.
14       Q.   What was that?
15       A.   That was something -- I don't know.  My
16  husband -- it was really -- I don't know why my name
17  was on that.  That was his thing.  But okay.
18       Q.   Was it a real estate investment?
19       A.   Castle Arch?  I don't even know what that
20  was, to be honest with you.  It was his baby.  I don't
21  think it's worth anything today.  Is it?  I don't know.
22       Q.   And then there was a -- you had a life
23  insurance policy?
24       A.   Right.
25       Q.   And then you had a safety deposit box with

SIPC v BLMIS-CONFIDENTIAL           Bongiorno 7/8/2016
**CONFIDENTIAL**

Page 187

1  jewelry in it?
2       A.   Right.
3       Q.   At Roslyn Savings Bank?
4       A.   Uh-huh.
5       Q.   You had one at TD Bank?  You had a jewelry
6  deposit box?
7       A.   Yes.
8       Q.   Then you had a bunch of watches; is that
9  right?
10      A.   Right.
11      Q.   And the Trustee claimed that you were liable
12 to the estate for about $23 million; isn't that right?
13      A.   I don't remember, but --
14      Q.   Take a look at page 7.  It's the third
15 whereas.
16      A.   I was liable for $23 million?
17      Q.   "The Trustee alleges that the Defendant,
18 Annette Bongiorno, is liable to the BLMIS estate for
19 the receipt of avoidable and recoverable transfers -- "
20      A.   I guess if he says so, yeah.
21      Q.   -- "the aggregate amount of 22,909,000."
22           Do you see that?
23      A.   Uh-huh.  Yeah.
24      Q.   Now, this was a settlement agreement that was
25 entered into by the US Attorney and the Trustee and you

08-01789-cgm    Doc 18085-8    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition    Pg 12 of 17

SIPC v BLMIS-CONFIDENTIAL          Bongiorno 7/8/2016
**CONFIDENTIAL**

Page 188

1   and your husband; right?
2       A.   Okay.  I guess so.
3       Q.   And under the settlement agreement your
4   husband got certain property back; right?
5       A.   I -- I'm not really sure what he's getting
6   back, but --
7       Q.   Take a look at -- you signed this document;
8   didn't you?
9       A.   Did I sign this document?  I don't know.
10      Q.   Well, take a look.
11      A.   Okay.  I signed the document.  So yes, this
12  is his thing.  I didn't read it all, to be honest with
13  you.
14      Q.   Okay.  Your husband signed this, if you look
15  at page 27, on June 20th.
16      A.   Okay.
17      Q.   Okay?
18      A.   Uh-huh.
19      Q.   And --
20          MS. BROWN:  Just want to point out for
21      the record I think it's actually the 10th,
22      because the judge signed it on the 14th.
23          MS. CHAITMAN:  Look at page 27.  Maybe
24      I'm misreading it, but it looks like --
25          MS. BROWN:  The copy you've given me

Page 189

1       doesn't have page 27.  It does look like the
2       20th; I agree with you.  But Judge Swain
3       signed it on the 14th, and it was entered on
4       the criminal docket on June 14th.
5           MS. CHAITMAN:  Okay.
6   BY MS. CHAITMAN:
7       Q.  So it was signed by your husband after
8   June 6th when you took the Fifth Amendment; right?
9       A.  I guess so.  I guess so.  Yes.  That's what
10  it looks like.
11      Q.  Okay.  And pursuant to this agreement there
12  were certain accounts that were released to your
13  husband; right?  And certain assets that were released
14  to him?
15      A.  That will be, yes.
16      Q.  Right.
17      A.  I don't know if it was released yet or not.
18      Q.  Okay.  And I just want to find the paragraph
19  where they list the property that was released to your
20  husband.
21          MS. CHAITMAN:  Do you see that paragraph
22      where the stuff was released?
23      Q.  If you look on page -- beginning on page 9.
24      A.  Okay.
25      Q.  At the bottom of the page it says, "Whereas,

08-01789-cgm   Doc 18085-8   Filed 10/17/18   Entered 10/17/18 13:53:01   Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition   Pg 14 of 17

**SIPC v BLMIS-CONFIDENTIAL**            **Bongiorno 7/8/2016**
**CONFIDENTIAL**

Page 190

1  for purposes of this settlement, the parties agree that
2  upon entry of a final order of forfeiture, the E*trade
3  account and SunTrust account shall be subdivided as
4  follows."
5          Then it says, "Rudy Bongiorno shall retain
6  the shares of stock set forth in schedule A attached
7  hereto," the release stocks?
8      A.   I'm sorry.  On page 9 it says that?
9          MR. RIOPELLE:  She is asking you about
10     what's at the bottom here.
11         THE WITNESS:  Okay, yeah.  Shall be
12     subdivided.  And Rudy shall retain shares.
13     Okay.  What about it?  What's the question?
14         MR. RIOPELLE:  Just that's what it says;
15     right?
16         THE WITNESS:  That's what it says.
17 BY MS. CHAITMAN:
18     Q.   This agreement provides that your husband
19 gets to keep certain assets that the Trustee was
20 claiming; isn't that true?
21         MS. BROWN:  Objection.
22     Q.   Is that what you -- you didn't understand
23 that when you --
24     A.   Honestly, I didn't read this.  I don't even
25 care about this.  But -- so I'm not trying to be -- you

08-01789-cgm  Doc 18085-8  Filed 10/17/18  Entered 10/17/18 13:53:01  Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition  Pg 15 of 17
SIPC v BLMIS-CONFIDENTIAL                    Bongiorno 7/8/2016
CONFIDENTIAL

Page 191

1  know, I just didn't read it.  They told me -- between
2  my husband and my lawyer said I can go ahead and sign
3  it, I signed it.
4         I'm not a hundred percent sure what you're
5  getting at.  I'm not a hundred percent sure of your
6  question.  The only thing I do know that was explained
7  to me was what I said to you before, that we owe
8  Mr. Picard a certain amount of money.  He will get that
9  money, but he will get it from the government and
10 that's all I, you know, that's all I know.  How it
11 works, why it works, I don't know.
12     Q.  Okay.  But this agreement says he doesn't get
13 it from the government.  He gets it from stocks that
14 Mr. Picard is releasing to him; isn't that true?
15         MS. BROWN:  Objection.
16         MR. RIOPELLE:  I'm not sure what that
17     question means.
18     Q.  I don't know either.  I thought the
19 government was holding the stock.
20         MR. RIOPELLE:  Just to cut to the chase,
21     do you understand that Rudy gets to keep some
22     of his stocks as a result of this agreement?
23         THE WITNESS:  Yeah.  Yeah.  That I --
24     that I understand, yes.
25

08-01789-cgm    Doc 18085-8    Filed 10/17/18    Entered 10/17/18 13:53:01    Exhibit HDC
Decl EX H -2016-07-08 Transcript of Bongiorno Deposition    Pg 16 of 17

SIPC v BLMIS-CONFIDENTIAL          Bongiorno 7/8/2016
**CONFIDENTIAL**

Page 192

```
 1   BY MS. CHAITMAN:
 2        Q.   And it's about $3 million worth of assets
 3   that he's keeping; isn't that true?
 4        A.   Yeah.  I do know that.
 5        Q.   And in return, you've agreed to cooperate
 6   with the Trustee; isn't that true?
 7        A.   Yes.
 8        Q.   Okay.  And your testimony is the way that
 9   you're cooperating with the Trustee; isn't that true?
10        A.   That's correct.  Honesty to both of you.
11        Q.   I'm sorry?
12        A.   To give my honest answer to both of you, all
13   of you.
14        Q.   Okay.  And you understand that you're under
15   oath; right?
16        A.   Yes.
17        Q.   Now, you testified that Mr. Madoff would meet
18   with the customers when the accounts were set up.
19        A.   Uh-huh.
20        Q.   And that there would be an understanding as
21   to whether the profit withdrawals would be sent to the
22   customer?
23        A.   Correct.
24        Q.   And that that would then be communicated to
25   you by Mr. Madoff; is that right?
```

Page 268

1                  CERTIFICATE OF REPORTER

2     THE STATE OF FLORIDA )

3     COUNTY OF SUMTER )

4

5        I, ELIZABETH A. SPEER, CRR, RMR, FPR, RSA, certify that

6     I was authorized to and did stenographically report the

7     deposition of ANNETTE BONGIORNO, pages 5 through 266; that a

8     review of the transcript was requested; and that the

9     transcript is a true and complete record of my stenographic

10    notes.

11       I further certify that I am not a relative, employee,

12    attorney, or counsel of any of the parties, nor am I a

13    relative or employee of any of the parties' attorney or

14    counsel connected with the action, nor am I financially

15    interested in the action.

16

17            DATED this 11th day of July, 2016.

18

19

20            _____
              ELIZABETH A. SPEER
21            Certified Realtime Reporter
              Registered Merit Reporter
22            Florida Professional Reporter
              Realtime Systems Administrator
23

24

25