# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**ORDER AUTHORIZING THE DEPOSITION OF**
**BERNARD L. MADOFF WITH CERTAIN LIMITATIONS**

On March 9, 2016, certain customers of Bernard L. Madoff Investment Securities LLC ("BLMIS") filed a Motion for an Order Authorizing the Deposition of Bernard L. Madoff ("Customers' Motion"), ECF No. 12799, as it relates to the issue of the treatment of "profit withdrawal" transactions by Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of BLMIS under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"). The Trustee's treatment of profit withdrawal transactions is set forth in the memorandum of law in support of his motion for this Court to affirm his treatment of profit withdrawals and the declarations filed in support.   ECF Nos. 10660-10664.

08-01789-cgm Doc 18088-1 Filed 10/17/18 Entered 10/17/18 16:32:43 Exhibit A Pg 3 of 6

The Trustee opposed the Customers' Motion to depose Mr. Madoff. ECF No. 12892. An opposition was also filed on March 16, 2016 on behalf of Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Picower Institute of Medical Research; The Trust f/b/o Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower (collectively, the "Picower Parties"). ECF No. 12893.

In their oppositions, the Trustee and the Picower Parties requested that, if the Court authorized the deposition of Mr. Madoff, the Court limit the deposition to the profit withdrawal issue only and specifically prohibit questioning or testimony related to the Picower Parties or related persons or entities and to prohibit the use of Madoff's testimony in any other proceedings.

On March 18, 2016, the Customers filed a reply in support of their Motion. ECF No. 12929. This Court heard argument on the Customers' Motion on March 23, 2016. At the hearing, the Court granted the Customers' Motion to depose Mr. Madoff on the profit withdrawal issue with certain limitations described herein.

For the reasons stated on the record, it is hereby **ORDERED** that:

1. Mr. Madoff's deposition is authorized solely on the profit withdrawal issue;

2. Except for any counsel that may appear on Mr. Madoff's behalf, counsel from three law firms may attend the deposition of Mr. Madoff: (1) Baker Hostetler LLP, as counsel for the Trustee; (2) Baker & McKenzie LLP, as counsel for certain Participating Claimants, as that

2

term is defined in paragraph 5 of the Order Establishing Schedule for Limited Discovery and Briefing on Profit Withdrawal Issue, ECF No. 10266; and (3) Chaitman LLP, as counsel for certain Participating Claimants (collectively, "Authorized Counsel"). No other appearances are authorized;

3. At the beginning of the deposition of Mr. Madoff, counsel for the Trustee shall instruct Mr. Madoff that his testimony must be limited to BLMIS's profit withdrawal transactions and issues related thereto;

4. Authorized Counsel shall limit the scope of inquiry to BLMIS's profit withdrawal transactions and issues related thereto;

5. Authorized Counsel shall not ask Mr. Madoff any questions about Jeffry M. Picower or the Picower Parties or their agents, or about the Picower accounts, and, further, Authorized Counsel shall not ask Mr. Madoff about statements concerning Jeffry M. Picower contained in the Madoff Declaration dated November 17, 2015;

6. Mr. Madoff's deposition testimony and the transcript thereof shall be used only to resolve pending litigation concerning the profit withdrawal issue;

7. Mr. Madoff's deposition testimony and the transcript thereof shall not be used in any other proceedings for any reason, including to support any claims or to address or resolve any issues other than the profit withdrawal issue, including in any proceedings that may be brought by any persons or entities against Barbara Picower, the Picower Parties or their agents, or any related person or entity;

8. The entire transcript of Mr. Madoff's deposition shall remain confidential and under seal for the longer of 60 days or the day after a final, non-appealable order is entered concerning alleged or actual violations of this Order (the "Confidentiality Period");

3

9. During the Confidentiality Period, the transcript and contents of Mr. Madoff's deposition may not be disclosed, except to Authorized Counsel and Schulte Roth & Zabel LLP, as counsel for the Picower Parties ("Schulte"), all of whom shall maintain the confidentiality of the transcript and its contents, and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the transcript concerning (i) Jeffry M. Picower, any of the Picower Parties or their agents, or any accounts held by or on behalf of any of the Picower Parties, or (ii) any issues unrelated to BLMIS's profit withdrawal transactions;

10. Any requests or motions to strike and/or redact any part of Mr. Madoff's deposition transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means promulgated under Local Rule 5005-2,[1] shall be served on Authorized Counsel and Schulte at the time of filing under seal, and shall remain confidential during the Confidentiality Period;

11. In the event that Authorized Counsel or Schulte receives any request, subpoena or other process seeking disclosure of Mr. Madoff's deposition transcript or information related to Mr. Madoff's testimony during the Confidentiality Period, such counsel, within three (3) business days thereof, shall notify the Court, Authorized Counsel, and Schulte of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena or other process;

12. The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of this Order.

---

[1] *Available at* http://www.nysb.uscourts.gov/sites/default/files/5005-2-procedures.pdf.

4

13. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.

Dated: New York, New York
      April 8th, 2016

                                        /s/ STUART M. BERNSTEIN
                                        HONORABLE STUART M. BERNSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE