**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo Zeballos
Marshall J. Mattera

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>FEDERICO CERETTI, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-01161 (SMB) |

**RESPONSE IN FURTHER SUPPORT OF PLAINTIFF'S**
**MOTION FOR THE ISSUANCE OF LETTER OF REQUEST**

Plaintiff Irving H. Picard, as Trustee as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-lll ("SIPA"), substantively consolidated with the estate of Bernard L. Madoff, respectfully submits this Response to HSBC Bank Bermuda's ("HSBC") and Craig Perry's (together with HSBC, the "HSBC Non-Parties") Memorandum of Law in Opposition to the Trustee's Motion for a Letter of Request Pursuant to Hague Convention (the "Opposition")[1] and in further support of the Trustee's Motion for the Issuance of a Letter of Request for the examination under oath of Craig Perry in Bermuda (the "Motion").[2]

## PRELIMINARY STATEMENT

Craig Perry is a current employee of HSBC located in Bermuda. Both HSBC and Mr. Perry have objected to the Trustee's Motion for the Issuance of a Letter of Request to obtain testimony from Mr. Perry.[3] The Trustee seeks information that is highly relevant to the claims and defenses in this proceeding and proportional to the needs of the case. As an employee of HSBC from at least 2001 through the present and Senior Account Manager responsible for the Kingate Funds, Mr. Perry is a vital source of information relating to HSBC's role as custodian for the Kingate Funds for the entirety of their operations. The information the Trustee seeks will bear on, among other things, the flows of money into and out of the Kingate Funds and the Kingate Funds' state of mind and business relationships. The HSBC Non-Parties' objections have no merit, and the Trustee's Motion should be granted.

---

[1] ECF No. 374.
[2] ECF No. 372.
[3] The Trustee is not contending here that this Court has jurisdiction over HSBC and Mr. Perry, but reserves all rights, particularly given their active litigation in this matter. Mr. Perry through his counsel has refused to testify voluntarily.

2

## ARGUMENT

The HSBC Non-Parties' assertion that the movant must demonstrate the materiality and relevance of the information sought,"[4] is not the applicable legal standard.[5] In determining whether to issue a letter of request to a foreign tribunal, the court applies the discovery principles of Rule 26 of the Federal Rules of Civil Procedure.[6] Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[7] Relevance under Rule 26 is "an extremely broad concept,"[8] and is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[9]

---

[4] Opp. at 2.

[5] There is no requirement that the movant show materiality, and, as set forth *infra*, the discovery principles of Rule 26 apply. "For example, U.S. courts have considered whether the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence and other arguments as to breadth, relevance, and the availability of the information sought from other sources." *Lantheus Med. Imaging Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) (citations and quotations omitted). Moreover, the HSBC Non-Parties also cite the inapposite case, *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, No. 11 Civ. 3108(NRB), 2012 WL 4784632, at *2 (S.D.N.Y. Oct. 4, 2012). *Bisnews* dealt with letters rogatory that were "replete with requests for documents that (a) are not relevant to this litigation as presently constituted (given the voluntary dismissal of the Thai defendants and the grant of the motion to dismiss) and (b) are traditionally protected as trade secrets or under the attorney-client privilege." *Id.* at *3. No such traditional protections have been invoked here.

[6] *Blagman v. Apple, Inc.*, No. 12 Civ. 5453(ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) (Francis IV, M.J.).

[7] Rule 26(b)(1) states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

[8] *Blagman*, 2014 WL 1285496, at *4 (quotation omitted).

[9] *See Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (*Oppenheimer*'s broad definition of relevance continues to apply to discovery sought through Rule 45 subpoenas after the 2015 Amendments to the Federal Rules of Civil Procedure).

3

Although the "party seeking the application of the Hague Convention procedures . . . bears the burden of persuasion, that burden is not a heavy one."[10] The application of the Hague Convention procedures is appropriate where, as is the case here, the individual sought for examination is located in a foreign country and does not consent to testify voluntarily.[11]

For the reasons set forth below, the documents sought by the Trustee are both relevant to the claims and defenses in this adversary proceeding and proportional to the needs of this case.

I. The Letter of Request Seeks Relevant and Important Information

The Trustee's Letter of Request ("Letter") seeks information that squarely falls within the "extremely broad" concept of relevance that applies here.[12] As set forth in our Motion, the Letter seeks information relating to HSBC's role as custodian for the Kingate Funds. HSBC's performance of this role, including *inter alia* management of the Kingate Funds' bank accounts, will bear on the flows of money between BLMIS and the Kingate Funds at issue in this proceeding.

Mr. Perry's knowledge concerning the Kingate Funds and their business and his communications with KML, Ceretti, Grosso, and others identified through discovery to date as having played key roles in the management and operation of the Kingate Funds, will bear on the Kingate Funds' state of mind[13] and business relationships,[14] which are at issue in this proceeding.

---

[10] *Villella v. Chem. & Mining Co. of Chile Inc.*, 15 Civ. 2106 (ER), 2018 WL 2958361, at *3 (S.D.N.Y. June 12, 2018).
[11] *Blagman*, 2014 WL 1285496, at *3; *see also Villella*, 15 Civ. 2106 (ER), 2018 WL 2958361, at *2; *Joseph v. Gnutti Carlo SpA*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016).
[12] *Blagman*, 2014 WL 1285496, at *4.
[13] This Court has found that an element of the Trustee's fraudulent transfer claims is that the Kingate Funds "had actual knowledge of Madoff's Ponzi scheme, or more generally, actual knowledge that there were no actual securities transactions being conducted." *See* ECF No. 199 at 26.
[14] This Court has also found that knowledge of the Kingate Funds' agents, including Ceretti, Grosso, KML, and others, may be imputed to the Funds. ECF No. 199 at 29-35 (discussing

4

The Trustee believes that, as the Senior Account Manager at HSBC and a primary contact between the Kingate Funds' representatives and their custodian, Mr. Perry has information that may assist in proving the Trustee's claims in the Fourth Amended Complaint ("FAC").

The HSBC Non-Parties in their Opposition do not dispute the facts of HSBC's and Mr. Perry's roles, and instead principally argue that the information sought by the Letter is not relevant to the Trustee's claims against the Kingate Funds, now that HSBC has been dismissed as a defendant.[15] This argument lacks merit. HSBC's communications and knowledge concerning the Kingate Funds and their agents will bear on the flows of money into and out of the Kingate Funds and the Kingate Funds' state of mind and business relationships, regardless of whether HSBC is named as a party to this proceeding.[16]

The HSBC Non-Parties' argument in their Opposition that certain information sought by the Letter is not relevant because "it relates to events occurring subsequent to Madoff's arrest" also is misplaced.[17] Information relating to HSBC's post-fraud communications and knowledge may bear on the flows of money into and out of the Kingate Funds and the Kingate Funds' state of mind and business relationships prior to Madoff's arrest. Moreover, this objection may, at least in part, now be moot, given that the Kingate Funds raised this same objection, and as a compromise, the Trustee agreed to narrow the scope of certain of the examination topics proposed in the Letter.[18]

---

imputation of knowledge to the Funds from their agents, including Ceretti, Grosso, FIM, KML, and Citi Hedge).

[15] *See* Opp. ¶¶ 1 (defining the "Remaining Kingate Action"), 3; *see also* objections relating to FAC paragraphs 8, 242-46, 253-61 and proposed topics 4, 7, 9, 10, 13.

[16] *See, e.g.*, *Mirra v. Jordan*, 2015 WL 8526550, at *2 (S.D.N.Y. Dec. 7, 2015) ("[C]ommunications between the defendant and [a non-party] . . . are relevant to the defendant's state of mind.").

[17] *See* Opp. at 6-7 (objections relating to proposed topics 12-15).

[18] The Trustee agreed to the following compromise with counsel for the Kingate Funds' Joint Liquidators: "Regarding items 14 and 15, we would agree that our questions to Mr. Perry would seek to establish only the facts that HSBC froze the Kingate accounts and thereafter lifted the

The Opposition also is replete with general claims with slightly varying language that the Motion should be denied because the topics proposed have "no relevance" to the Trustee's claims against the Kingate Funds, without stating any specific basis for the objections.[19] These conclusory assertions should be disregarded.

In addition to the foregoing, the Trustee attaches Exhibits 1 and 2 to this Response to address more fully the relevance objections the HSBC Non-Parties make in their Opposition with respect to specific paragraphs of the FAC (Exhibit 1) and proposed topics for examination (Exhibit 2) listed in the Trustee's proposed Letter of Request.

## II.     The Letter Seeks Information that is Proportional to the Needs of the Case

In their Opposition, the HSBC Non-Parties' principal objection regarding the proportionality factors listed in Rule 26 is that Mr. Perry does not have "special access" to the information sought by the Letter of Request as compared to the parties to this adversary proceeding.[20] This argument lacks merit. Mr. Perry has unique information relating to the HSBC Non-Parties' communications and knowledge acquired as custodian for the Kingate Funds, including with respect to the flows of money into and out of the Kingate Funds' bank accounts, the Kingate Funds' state of mind, and the Kingate Funds' business relationships that is not available from other sources. Moreover, Mr. Perry can provide this information given his

---

freeze upon instructions from Kingate enabling payments to be made from those accounts after December 11, 2008. We would agree only to question Mr. Perry on the details concerning those payments that are tied to activity that took place prior to the fraud (i.e., closing out FX transactions that were initiated before December 11, 2008, payments to former directors, etc.), and will not pursue questioning on payments made and account activity beyond that limited scope. We would agree to this for this witness on this occasion, reserving all rights."
[19] *See* Opp. at 5-7 (describing the Trustee's proposed topics for examination as "not relevant" without specificity).
[20] *See, e.g.*, Opp. ¶ 6.a. and objections relating to FAC paragraphs 2-3, 242-52 and proposed topics 1-3, 5-6, 8.

6

work from at least 2001 through the present and his role as Senior Account Manager at HSBC for the Kingate Funds.

To the extent that the Trustee is seeking information that may be similar to information requested from the Kingate Funds, that possibility does not make the discovery unreasonable,[21] and the Trustee has a right to corroborate information received from a party-opponent.[22] Moreover, the proposed discovery is important to central issues in this proceeding in which the Trustee seeks to recover over $926 million in fraudulent transfers, including the transfers from BLMIS to the Kingate Funds, the Kingate Funds' actual knowledge or willful blindness, and the Kingate Funds' relationships with their agents and others involved in management and operation of the enterprise of which the Kingate Funds were an integral part.

In addition to the foregoing, the Trustee's Exhibits 1 and 2 more fully address the proportionality arguments the HSBC Non-Parties make in their Opposition with respect to certain paragraphs of the FAC (Exhibit 1) and proposed topics for examination (Exhibit 2) listed in the Trustee's proposed Letter of Request.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court issue the Trustee's Letter of Request, attached to the Motion as Exhibit 1, to the indicated Judicial Authority.

---

[21] *See Joseph v. Gnutti Carlo SpA*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *2 (S.D.N.Y. July 25, 2016) (possibility that oral testimony sought by letters rogatory would "cover much of the same information" contained in other sources did not make the discovery unreasonable).

[22] *See Pfizer Inc. v. Mylan Labs., Inc.*, No. 02 CV 1628 (RJC)(W.D. Pa.), M8-85 (JFK), 2003 U.S. Dist. LEXIS 24806, at *6 (S.D.N.Y. Dec. 17, 2003) (finding that plaintiff had the right to obtain relevant discovery from non-party despite plaintiffs discovery requests to defendant for similar information because plaintiff "has a right to seek to corroborate the information given it by its party-opponent").

Date: New York, New York
October 23, 2018

Respectfully submitted,

 /s/ David J. Sheehan
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo Zeballos
Email:  gzeballos@bakerlaw.com
Marshall J. Mattera
Email: mmattera@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

8