**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Stacey A. Bell
Nicholas J. Cremona

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A ATTACHED HERETO,<br><br>                    Defendants. | Adv. Pro. Nos. listed on Exhibit A Attached Hereto |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF TRUSTEE'S MOTION**
**FOR LIMITED ADDITIONAL DISCOVERY BASED ON PRIOR ORDERS**
**AUTHORIZING DEPOSITION OF BERNARD L. MADOFF**

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................2

    I.    Limited Discovery Sought by the Trustee is Permissible, Timely, and
        Necessary .....................................................................................................2

        A.    The Trustee Properly Sought Discovery at the End of Madoff's
             Deposition ...................................................................................2

        B.    Madoff Deposition Orders Permit Requests for Additional Discovery
             and the Trustee Has Good Cause to Engage in the Limited Discovery
             Requested ....................................................................................4

        C.    Practical Considerations Weigh in Favor of Granting the Motion .............7

    II.    Case-Specific Concerns Should Not Limit The Trustee's Requested
        Discovery ...................................................................................................10

        A.    Most Chaitman Defendants Will Engage in the Fact and Expert
             Discovery Sought ......................................................................10

        B.    Sage Defendants' Objection Presents an Inaccurate Factual Narrative.....11

        C.    The Discovery Sought by the Zraick Defendants was Procedurally
             Improper and Not Consistent with the Madoff Deposition Orders............13

        D.    Documents Sought by Defendants Do Not Bear on the Trustee's
             Requested Discovery ..................................................................14

CONCLUSION.....................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*2910 Georgia Avenue LLC v. District of Columbia*,
    312 F.R.D. 2015 (D.D.C. 2017)................................................................8

*Boyington v. Percheron Field Servs. LLC*,
    No. 3:14-cv-90, 2017 WL 5633171 (W.D. Pa. Nov. 21, 2017)................................9

*Brad H. v. City of New York*,
    951 N.E.2d 743 (N.Y. 2011).................................................................11

*Harlem River Consumers Co-op., Inc. v. Assoc. Grocers of Harlem, Inc.*,
    64 F.R.D. 459 (S.D.N.Y. 1974) .............................................................9

*JA Apparel Corp. v. Abboud*,
    568 F.3d 390 (2d Cir. 2009).................................................................11

*Llewellyn v. Ocwen Loan Serv. LLC*,
    No. 08-cv-00179-WJM-KLM, 2013 WL 3199980 (D. Colo. June 24, 2013)........................9

*Picard v. JP Morgan (In re BLMIS)*,
    Adv. Pro. No. 10-04932, 2014 WL 5106909 (Bankr. S.D.N.Y. Oct. 10, 2014) ..................11

*Sec. & Exchange Comm'n v. Rajaratnam*,
    622 F.3d 159 (2d Cir. 2010)..................................................................9

*W.W.W. Assocs., Inc. v. Giancontieri*,
    77 N.Y.2d 157 (N.Y. 1990) .................................................................11

**Statutes**

Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. ......................................1

**Rules**

Fed. R. Civ. P. 16..................................................................................4, 5

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa et seq., ("SIPA") and the Chapter 7 estate of Bernard L.

Madoff ("Madoff"), respectfully submits this reply memorandum of law and declaration of

David J. Sheehan ("Sheehan Reply Decl.") in support of the Trustee's Motion and Supporting

Memorandum of Law for Limited Additional Discovery Based On Prior Orders Authorizing

Deposition of Bernard L. Madoff (the "Motion"),[1] and in response to the Chaitman Defendants'

Memorandum of Law in Opposition to the Motion (the "Chaitman Defendants' Objection"),  the

Sage Defendants' Opposition to the Motion (the "Sage Defendants' Objection"), the Zraick

Defendants' Objection to the Motion, and the Dentons Customers' Objection to the Motion (the

"Dentons Defendants Objection") (collectively, the "Objections;" the parties and cases to the

Objections together, the "Objecting Defendants").[2]

## INTRODUCTION

Objecting Defendants' decision to depose Madoff changed the trajectory of the cases at

issue.  Objecting Defendants did not request Madoff's deposition until 2016, spent over one year

taking it, and then waited eight months after the last day of Madoff's deposition to confirm they

sought no further testimony from him.[3]  Now that they have the testimony they want, Objecting

---

[1] *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Sept. 21, 2018), ECF Nos. 17993–94. Unless otherwise stated, all ECF references herein shall refer to the main docket, Adv. Pro. No. 08-01789.

[2] The Picower Parties do not object to the Motion, but request that "any Orders authorizing the additional discovery contain the same limitations and protections with respect to the Picower Parties as the Court previously ordered in connection with the previous depositions of Mr. Madoff and other former BLMIS employees."  *See* Letter to Judge Bernstein from Picower Parties dated Oct. 17, 2018, ECF No. 18088. The Trustee has no objection to this request.

[3] Even at the conclusion of Madoff's November 9, 2017 deposition, Ms. Chaitman made clear that she reserved her right to continue Madoff's deposition which was consistent with the Deposition Order that provided for four days of testimony on "Day 2 Topics."  *See* Sheehan Reply Decl. Ex. 1, Tr. of Nov. 9,

Defendants would prefer to rely on an incomplete and inaccurate record rather than abide by the terms of the Madoff Deposition Orders (as hereinafter defined). But the Trustee should not be precluded from seeking limited additional discovery to address the issues raised by Madoff's deposition testimony.

Since Madoff's deposition was first requested in 2016, the Trustee has consistently set forth his position: additional discovery based on, and specific to, Madoff's deposition testimony may be needed, and this could only be assessed upon completion of his deposition. Objecting Defendants were on notice, understood, and generally agreed that discovery would follow Madoff's deposition.

The limited discovery that the Trustee seeks is narrowly tailored to address the issues directly introduced by Madoff's testimony and is consistent with the governing court orders. Objecting Defendants offer little to refute that the relief sought herein is timely, and a continuation of the process that has been long contemplated by all parties. Based on the Madoff Deposition Orders and the history of the proceedings before the Court, the Trustee's Motion for limited discovery should be granted so that a full record can be presented to the Court to determine the merits of each party's claims or defenses.

## ARGUMENT

I.  <u>Limited Discovery Sought by the Trustee is Permissible, Timely, and Necessary</u>

    A.  *The Trustee Properly Sought Discovery at the End of Madoff's Deposition*

Objecting Defendants were well aware of the possibility of additional discovery after Madoff's testimony was complete. The Trustee's counsel has made that clear since 2016.

---

2017 Dep. of Bernard L. Madoff ("Nov. 9, 2017 Madoff Tr.") at 681:5–9. As of November 9, 2017, Madoff had only been deposed for two days on Day 2 Topics.

Indeed, the Court prudently suggested that additional fact discovery and expert discovery would be held in abeyance until Madoff's deposition was completed.

The Madoff Day 1 Deposition Order entered September 29, 2016 contained Paragraph L,[4] which was itself based on a colloquy at the August 2016 hearing where the Trustee raised the issue of follow-up discovery.[5] The Trustee's counsel again raised the issue at the December 2016 hearing, expressly outlining that a determination about the need for depositions of other fact witnesses would take place after Madoff testified:

> [W]e specifically told the Court that we reserved our rights to request additional follow up depositions after Mr. Madoff gives his testimony, because, yes, we may want to at that juncture re-depose Ms. Bongiorno but *we wish to reserve the right to make that decision until we have the benefit of Mr. Madoff's testimony* because now that there will be a full on examination on these issues, we're not exactly sure what he may say.[6]

Again at the May 31, 2017 hearing, the Trustee's counsel advised the Court and the parties of his intention to pursue additional fact discovery in the context of an omnibus proceeding so that all interested parties could participate in the depositions.[7] Considering timing and the Trustee's proposal, the Court decided to hold Chaitman LLP's subpoenas to former BLMIS employees in abeyance until Madoff's deposition testimony was completed:

---

[4] Decl. of David J. Sheehan in Supp. of Trustee's Mot. for Limited Additional Disc. ("Sheehan Decl.") Ex. 3 (Order Authorizing the Dep. of Bernard L. Madoff dated Sept. 29, 2016 ("Madoff Day 1 Deposition Order")), ECF No. 18016-2; Ex. 4 (Order Authorizing the Continued Dep. of Bernard L. Madoff on Day 2 Topics dated September 11, 2017 ("Madoff Day 2 Deposition Order"), ECF No. 18016-3. Ex. 3 and Ex. 4, collectively, the "Madoff Deposition Orders."

[5] *See* Hr'g Tr. of Aug. 24, 2016 at 21:6–11, ECF No. 13967.

[6] Hr'g Tr. of Dec. 6, 2016 at 13:4–12, ECF No. 14801 (emphasis added).

[7] Hr'g Tr. of May 31, 2017 at 29–30, ECF No. 16192 ("[N]ow that the door has been opened to Madoff's testimony, we may like to depose a few additional BLMIS employees and perhaps others that have testified contrary to everything Ms. Chaitman is saying he said, and all of that—but all of that should come under an omnibus procedural order much like we have in PW that would call for a discovery period, that would call for depositions, that it would require coordination between us and all eligible parties, not just one here, one there and do this piecemeal, and we can do it once, we can do it correctly and do it efficiently and quickly.").

THE COURT: The question really is whether it just makes sense to complete Madoff's deposition and then talk about further discovery.

MS. CHAITMAN: Well, this is the problem: we could be taking these other depositions before we take Madoff's deposition.

THE COURT: And then somebody else may want to take their depositions and then --

MS. CHAITMAN: But then we can just put everyone on notice, if they want to take the depositions, this is when they're going to be --

THE COURT: *But some people may prefer to wait for the completion of Madoff's deposition since, you know, you're telling me it's very revealing.* And I read the deposition and I understand what he's testifying to, although all his testimony at least in the first transcript was pre-1992.

MS. CHAITMAN: Right.

THE COURT: *I just think it makes sense, because we keep coming back to the same issue, everybody wants to hear what Madoff has to say, for whatever it's worth.*[8]

Further, specific to expert discovery, the Court explained that *all* cases participating in the Madoff deposition would have expert deadlines reset at the conclusion of the deposition.[9]

B. *Madoff Deposition Orders Permit Requests for Additional Discovery and the Trustee Has Good Cause to Engage in the Limited Discovery Requested*

Objecting Defendants argue that the Trustee must modify the existing case management orders pursuant to Federal Rule of Civil Procedure 16 to obtain the limited discovery sought in the Motion.  Under the current framework, however, the Trustee is only seeking discovery in the cases that participated in the Madoff deposition and, thus, Rule 16 is inapplicable to the Trustee's request.  The plain language of the Madoff Deposition Orders allows for discovery to be considered by the Court independent of the case management orders (the modification of which may fall under Rule 16 absent the Madoff Deposition Orders).  The language of the

---

[8] Hr'g Tr. of May 31, 2017 at 30–31 (emphasis added).

[9] *Id.* at 21 ("THE COURT: So the proposal is that at the conclusion of the Madoff deposition on this one issue regarding an expert deadline, we'll reset it at the conclusion of the Madoff deposition….[T]his is the way this particular issue will be resolved—we'll conclude the Madoff D[eposition] and then we'll reschedule the expert submissions and have a uniform submission date.  MS. CHAITMAN: For all of my clients?  THE COURT: For everybody.")

Madoff Deposition Orders modified the participating cases' existing case management orders to permit any party to move for necessary follow-up discovery. Indeed, the Chaitman Defendants and Dentons Defendants have already treated the Madoff deposition independent of the individual case management order deadlines.[10]

While the Trustee need not satisfy the requirements of Rule 16, those factors weigh in favor of granting the Trustee's request. The Trustee has demonstrated diligence in his request for discovery following Madoff's deposition, there is a lack of prejudice faced by Objecting Defendants in permitting the narrowly tailored discovery sought by the Trustee, and the discovery sought by the Trustee was not foreseeable, but necessitated by the testimony offered by Madoff.[11]

1.    *Diligence.* Objecting Defendants' argument that the Trustee should have engaged in discovery prior to the completion of Madoff's deposition is belied by the record. But, as contemplated by the Madoff Deposition Orders, the conclusion of Madoff's deposition was determinative of what issues were raised by his testimony and, thus, what additional discovery would be necessitated by that testimony. Thus, seeking discovery prior to the end of Madoff's deposition would run counter to the parties' explicit agreement in late 2016 and 2017 regarding the timing of follow-up discovery.

---

[10] *See, e.g.*, Sheehan Decl. Ex. 3 (Chaitman Discovery Order) (Aug. 10, 2017), ECF No. 18016-4 (holding in abeyance discovery deadlines until after Madoff's deposition was complete); Hr'g Tr. of Aug. 22, 2017 at 6:6-7:5 (Chaitman arguing that the Chaitman Discovery Order staying certain discovery deadlines until after Madoff's deposition should permit cases to enter the Madoff Day 2 Deposition where discovery in those cases had been closed for one year or more); Ex. 2 (Order Authorizing the Dep. of Bernard L. Madoff dated Sept. 11, 2017 ("Madoff Day 2 Deposition Order")), ECF No. 18016-3 (permitting Chaitman Defendants and Dentons Defendants in 36 additional cases to enter the Madoff Day 2 Deposition where discovery had been closed).

[11] The Objecting Defendants' dispute these three considerations under Rule 16.

Moreover, as this Court recognized, there was a significant likelihood that engaging in discovery prior to completion of Madoff's deposition would be inefficient and incomplete. Objecting Defendants continually claimed Madoff's deposition was ongoing[12] until the July 25, 2018 hearing when they finally agreed the deposition was complete.[13] Thus, any discovery based on Madoff's deposition would be premature and incomplete if requested prior to the conclusion of the deposition. The Trustee was therefore diligent in seeking this limited discovery.

2. *Prejudice.* Likewise, the lack of prejudice to the Objecting Defendants is evident. As set forth in the Madoff Deposition Orders and detailed at several hearings, the parties specifically contemplated that additional discovery may be conducted at the conclusion of Madoff's testimony.[14] Further, there can be no credible claim of prejudice by those defendants seeking twenty-seven fact witness depositions and requesting ten more months to review additional documents.[15]

3. *Foreseeability.* That certain defendants questioned the general existence or scope of the Ponzi scheme in their answers is not determinative of whether the Trustee is entitled to the narrowly tailored discovery that he now seeks. Rather, the test is what discovery was foreseeable based on the completion of Madoff's testimony.

---

[12] Nov. 9, 2017 Madoff Tr. at 681:5–9; Chaitman Defs' Memo of Law in Opp. to Trustee's Omnibus Motion at 1 (Apr. 11, 2018), ECF No. 17474.

[13] Hr'g Tr. of July 25, 2018 at 75:15–21, ECF No. 17877.

[14] *See* Hr'g Tr. of Aug. 24, 2016 at 21:6–11; Hr'g Tr. of Dec. 6, 2016 at 13:2–17; Hr'g Tr. of May 31, 2017 at 21:7–9; Hr'g Tr. of June 29, 2017 at 24:6–12.

[15] *See* Ltr. Sur-Reply to Trustee's Mot. from Chaitman at 2 (June 23, 2018), ECF No. 17814 (concerning Chaitman Defendants' request to serve a sur-reply seeking ten months to review additional documents).

Madoff was no ordinary fact witness. Unlike a typical deposition, Madoff testified for five days from late 2016 through 2017. The Trustee identified six topics in the Motion about which Madoff testified that he should be permitted to explore through additional discovery—(1) the start date of the fraud; (2) the convertible arbitrage trading strategy; (3) any actual securities and/or directed trading in individual accounts; (4) management of customer cash at BLMIS; (5) Treasury bill transactions; and (6) the IBM computer systems at BLMIS.[16]  Madoff also directly contradicted other witness accounts of the fraud at BLMIS, claimed he was the only witness with knowledge about the business of, and fraud at, BLMIS (where others have previously testified to the contrary), and pointed to certain employees as the proper witnesses on yet other issues. Unlike a typical fact witness, Madoff critiqued one of the Trustee's experts, and appeared to attempt to bolster defendants' purported expert.

The testimony in those Madoff deposition cases should not be limited to the lengthy, self-serving account of an admitted fraudster responsible for the financial ruin of thousands of his former customers. Only after Madoff's deposition was it foreseeable that testimony from other BLMIS employees and FBI officials involved in Madoff's criminal investigation after the collapse of BLMIS would be relevant to Madoff's changing and inconsistent testimony.

C. *Practical Considerations Weigh in Favor of Granting the Motion*

Practical considerations further demonstrate the appropriateness of the Trustee's Motion. First, absent granting the Motion, the cases that participated in Madoff's deposition will proceed to trial on different records. There are 91 remaining cases that participated in Madoff's

---

[16] *See* Motion at 10–15.

deposition.[17]  In 77 of those cases, expert discovery is open,[18] and in 34 of the 77 cases, fact

discovery is also open.[19]  Thus, in those 34 cases with fact *and* expert discovery open, the parties

will proceed with full fact discovery and expert discovery as described in the Motion to address

the issues raised in Madoff's deposition.  In the remaining cases that participated in Madoff's

deposition where only expert discovery is open – totaling 33 – the Trustee will disclose the four

experts identified in the Motion, but none of the additional fact witness deposition testimony that

the Trustee seeks in his Motion will be part of the record in those cases.  In the remaining 14

cases that participated in Madoff's deposition, fact and expert discovery are closed, thereby

limiting the parties' presentation of claims and defenses to the record adduced to date.

Further, the depositions of BLMIS employees and an FBI Special Agent at this time

would preserve the testimony and prevent harassing, duplicative depositions in similarly-situated

cases.  Deposition testimony will allow the parties to determine whether it is necessary to compel

each witness to appear countless times to offer the same testimony and for the Court to hear such

redundant testimony.

Now that Madoff's deposition is complete, the limited discovery sought by the Trustee

would provide this Court with complete evidence of the fraud at BLMIS for consideration of the

merits of the parties' respective claims and defenses at each respective trial.  *See 2910 Georgia*

*Avenue LLC v. District of Columbia*, 312 F.R.D. 2015, 211-12 (D.D.C. 2017) (granting

---

[17] Since the filing of the Trustee's Motion where 147 cases were included, three cases have closed, bringing the number of total remaining good faith actions to 144.  One of those closed cases, *Picard v. Barbanel* (Adv. Pro. No. 10-04321), participated in Madoff's deposition and was subject to the Chaitman Discovery Order.

[18] There are 74 cases with open expert discovery pursuant to the Chaitman Discovery Order in addition to three cases with open expert discovery under their respective case management orders.  *See* Motion at 18–19.

[19] Fact discovery in *Picard v. Neil Reger Profit Sharing Keogh* (Adv. Pro. No. 10-05384), represented by Dentons, is open pursuant to its case management order and not the Chaitman Discovery Order.

additional discovery once case management order deadline had passed based on new

information, which ultimately included four fact witness depositions and additional document

discovery); *Boyington v. Percheron Field Servs. LLC*, No. 3:14-cv-90, 2017 WL 5633171 (W.D.

Pa. Nov. 21, 2017) (reopening discovery to allow for interrogatories and requests for production

in light of new information concerning the witness's termination, learned after the witness had

already been deposed); *Llewellyn v. Ocwen Loan Serv. LLC*, No. 08-cv-00179-WJM-KLM, 2013

WL 3199980 (D. Colo. June 24, 2013) (following close of discovery, court reopened to allow

defendant to redepose plaintiff, conduct additional third party discovery, and designate one

additional expert after plaintiff claimed he received new and additional medical treatment,

conflicting with his prior deposition testimony).

    Additionally, the cases that participated in Madoff's deposition will present the same

issues at trial.  Without granting the Motion, the remaining avoidance actions that participated in

Madoff's deposition will have common claims and defenses, but different evidence will be

presented for the Court's consideration.  Where the inconsistency in the evidence to be presented

in common cases can lead to inconsistent adjudications on the same claims and defenses, this

Court should permit the parties to rectify any issues with scheduling in order to ensure that the

Court is presented with full evidence to make determinations on the claims and defenses of the

parties.  Handbook of Federal Civil Discovery & Disclosure § 9:2 (4th ed. July 2018)

(acknowledging the purpose of discovery is to provide "an orderly, efficient and effective means

of obtaining full disclosure of materials and facts so that the parties may ascertain the truth"

(citing *Harlem River Consumers Co-op., Inc. v. Assoc. Grocers of Harlem, Inc.*, 64 F.R.D. 459,

462 (S.D.N.Y. 1974))); *see also Sec. & Exchange Comm'n v. Rajaratnam*, 622 F.3d 159, 180–81

(2d Cir. 2010).

II.    <u>Case-Specific Concerns Should Not Limit The Trustee's Requested Discovery</u>

    A. *Most Chaitman Defendants Will Engage in the Fact and Expert Discovery Sought*

The Chaitman Discovery Order allows for additional expert discovery in all 74 cases

represented by Chaitman LLP at the time of entry and holds fact discovery deadlines in abeyance

until after the conclusion of Madoff's deposition in 33 of those cases.[20]

    Memorializing the parties' agreement, the Trustee also sent a letter after entry of the

Chaitman Discovery Order confirming that all of the Chaitman Defendants were impacted by its

terms.[21]  Thus the Trustee will engage in the additional fact discovery and serve the expert

disclosures outlined in the Motion in the Chaitman cases, consistent with the Chatiman

Discovery Order, whether or not the Motion is granted.[22]

    Chaitman agrees that the case management order deadlines are stayed, but inexplicably

argues that discovery is still somehow limited.[23]  However, no such limitation appears in the

agreed-upon language in the Chaitman Discovery Order.  That order unambiguously provides

that fact discovery is open for those cases where fact discovery deadlines had not expired as of

---

[20] Four cases represented by Chaitman LLP as of the entry of the Chaitman Discovery Order have since obtained new counsel but remain subject to the Chaitman Discovery Order.  *See* Motion at n.26 ("The Chaitman Discovery Order applies to all cases that were represented by Chaitman LLP on August 10, 2017 regardless of whether they have since obtained new counsel").  Subsequently, fact and expert discovery remains open in *Picard v. Cantor* (Adv. Pro. No. 10-04931), even though the matter inadvertently appeared on Exhibit E to the Trustee's Motion.  Winston & Strawn was substituted as counsel for Chaitman LLP in July 2018.

[21] Sheehan Reply Decl. Ex. 2, Trustee's Letter Regarding Chaitman Adversary Proceedings, dated Oct. 31, 2017; *see also* Sheehan Reply Decl. Ex. 3, Email Exchange Between Chaitman and Trustee's Counsel, dated August 9, 2017 ("Given the unique procedural posture we are currently in as a result of the ongoing Madoff deposition and the forthcoming omnibus fraud proceeding, we propose that we enter into the attached stipulation…").

[22] As the Motion set forth, in the 74 cases represented by Chaitman LLP as of the entry of the Chaitman Discovery Order, expert discovery is open and will proceed in all of them due to the Chaitman Discovery Order, whether or not expert reports were previously served.  *See* Motion at 19.

[23] *See* Chaitman Defendants' Objection at 8.

the date of entry and expert discovery is open in all but three cases explicitly carved out.[24] Nor

can any such limitations be read into the text based upon the whim of the Chaitman

Defendants.[25] *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 404 (2d Cir. 2009) (quoting *W.W.W.

Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162 (N.Y. 1990)); *see also Picard v. JP Morgan

(In re BLMIS)*, Adv. Pro. No. 10-04932, 2014 WL 5106909, at *8 (Bankr. S.D.N.Y. Oct. 10,

2014 ("[A] written agreement that is clear, complete and subject to only one interpretation must

be enforced according to the plain meaning of the language chosen by the contracting parties."

(quoting *Brad H. v. City of New York*, 951 N.E.2d 743, 746 (N.Y. 2011))).

B. *Sage Defendants' Objection Presents an Inaccurate Factual Narrative*

The Sage Defendants have known for many months, if not years, that the Trustee would

be seeking additional discovery. They now complain that deadlines have been extended,

preventing the cases from moving forward. But those extensions were mutually agreed upon and

were based on the understanding that additional discovery would follow the conclusion of

Madoff's deposition.

Notably, in their objection to the Omnibus Motion filed on April 11, 2018 and at a meet-

and-confer that took place after submitting that objection, the Sage Defendants explicitly stated

---

[24] *See* Chaitman Discovery Order at 2, "With the exception of Adv. Pro. Nos. 10-04377, 10-04658, and
10-04898, the service deadlines for expert reports served by any party in all adversary proceedings
represented by Chaitman LLP (the "Applicable Chaitman Cases") will be determined and ordered by this
Court following the completion of the Deposition of Bernard L. Madoff."

[25] Claiming the Trustee was the source of delay while prolonging Madoff's deposition was not a new
tactic for the Chaitman Defendants. In preparation for the November 2017 deposition of Madoff, counsel
for the Chaitman Defendants sought thousands of additional BLMIS documents from the Trustee
claiming they were crucial to her case. The Trustee produced them and bore the cost of restoring a vast
array of microfilm files at considerable expense. Hr'g Tr. of June 29, 2017 at 69:17–70:4, ECF No.
16332. When she arrived at Madoff's deposition on November 8th, Ms. Chaitman was unprepared to
question him, and when she did question him on November 9th, her questioning lasted 25 minutes during
which she entered only three exhibits. *See* Sheehan Reply Decl. Ex. 4, Tr. of Nov. 8, 2017 Dep. of
Bernard L. Madoff at 488:25–489:6; Nov. 9, 2017 Madoff Tr. at 497.

they did not object to participating in consolidated discovery on issues related to the Ponzi

scheme.[26]  Counsel for the Sage Defendants then appeared at the parties' conference to discuss

the Omnibus Motion held on June 27, 2018.   Counsel was silent when the Trustee's counsel

represented that defendants were generally amenable to consolidated discovery.  Only days later,

counsel for the Sage Defendants informed Trustee's counsel that they would not stipulate to

extending the deadline for fact discovery and as a result, fact discovery closed on July 5, 2018.

Even after refusing to extend the fact discovery deadline, the Sage Defendants were amenable to

engaging in consolidated discovery:

> As you presumably know, we remain in discussions with your colleagues over an
> omnibus proceeding that may include certain additional discovery concerning the scope
> and timing of the Madoff fraud.[27]

Far from being dilatory, the Trustee did not conduct depositions in the Sage cases

because he relied on the representations made by the Sage Defendants *for months* that they

would be amenable to participating in a consolidated discovery proceeding with its own

discovery schedule.  In any event, despite their protestations, expert discovery is open and

ongoing in the Sage cases and the Trustee will proceed with the expert discovery detailed in the

Motion in those cases.

Aside from opposing this discovery, the Sage Defendants attempt to use this dispute to

inappropriately litigate the merits of their supposedly "unique" case.   In their view, the Sage

Defendants engaged in legitimate trading in their IA accounts.  While it may be true that Ponzi

schemers can engage in legitimate activity, no such activity has been adduced through discovery

---

[26] Sage Defs.' Opp'n to Omnibus Motion, ¶ 6 (Apr. 11, 2018), ECF No. 17470.

[27] Sheehan Reply Decl. Ex. 5, Email from Kratenstein (Sage Defendants' Counsel) to Trustee's Counsel, dated July 5, 2018.

in the Sage matters.[28]  In any case, the veracity of the claims in the Sage Defendants' Objection

are not before this Court at this time; those are issues for both fact and expert witnesses to

address at the time of trial.  The Court should not entertain the piecemeal presentation of

arguments, particularly where expert discovery is open under the operative case management

orders in the Sage cases.

### C.  *The Discovery Sought by the Zraick Defendants was Procedurally Improper and Not Consistent with the Madoff Deposition Orders*

The Zraick Defendants complain that the Trustee's request for limited discovery in the

Motion is contrary to his response to the Zraick Defendants' broad discovery demands in the

Zraick case.  The Trustee's position, however, is consistent: the Trustee objected to the discovery

requested by the Zraick Defendants (among other things, all records of securities trading or

purported securities trading) because it was improperly requested and premature under the

Madoff Discovery Order, as Madoff's deposition had not yet concluded.[29]

---

[28] No evidence shows that Madoff traded legitimately on behalf of the Sage Defendants.  The Sage Defendants refer to letters from Malcom Sage and others, addressed to BLMIS, as clear evidence of "directed trading," thereby attempting to distinguish their accounts from all other BLMIS accounts. However, even Madoff conceded that those letters did not actually "direct" him to engage in any particular trading activity.  *See* Nov. 9, 2017 Madoff Tr. at 618–621.  Furthermore, the Sage Defendants do not even rely on letters for all of the securities on their customer statements, and instead, rely on their self-serving deposition testimony.  Sage Defendants' Objection ¶¶ J, L.  Additionally, the Sage accounts are not as unique as the Sage Defendants contend.  The Trustee has evidence that several other BLMIS accounts reflected substantially similar purported trading activity in the various securities referenced in the Sage letters, including, but not limited to—accounts held by BLMIS employees and their families, Carl Shapiro, and the Stanley Chais family.

[29] Trustee's Mem. Of Law in Opp. To Defs. Mot. to Extend the Rebuttal Expert Disclosure Deadline and Compel Discovery at 8, *Picard v. Zraick*, Adv. Pro No. 10-05257 (Bankr. S.D.N.Y. Mar. 22, 2017), ECF No. 68. (noting "Madoff's deposition is still ongoing, and as contemplated by the Deposition Order, any applications for further discovery based on Madoff's testimony should be made after the deposition is completed.")

D.    *Documents Sought by Defendants Do Not Bear on the Trustee's Requested Discovery*

Defendants' objections concerning their document requests do not counter the Trustee's right to seek additional discovery based on Madoff's deposition testimony.  As Ms. Chaitman acknowledges, her request for trading records is before Judge Maas.[30]  The Trustee and Ms. Chaitman submitted a joint letter last month memorializing the status of her discovery requests.[31] This dispute should not be used as a vehicle to preemptively litigate the issue pending before Judge Maas.

The Dentons Defendants' Objections similarly fail.  Their request for trade confirmations was never formally made during the discovery period for these cases.  The Dentons Defendants, like all parties, are free to request additional discovery stemming from Madoff's deposition under the Madoff Deposition Orders, under the existing case management orders, or other applicable rules.

---

[30] Chaitman Defendants' Objection at 5 ("The Trustee's failure to produce the Trading Records is currently *sub judice* before Judge Maas.")

[31] Joint Letter to Judge Maas in *Picard v. Wilenitz* (Adv. Pro. No. 10-04995), dated Sept. 20, 2018.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant the

limited discovery and enter the orders attached to the Motion as Exhibits G-J.

Dated:  October 24, 2018
       New York, New York

Respectfully submitted,

*/s/ Stacey A. Bell*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Tel: (212) 589–4200
Fax: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Stacey A. Bell
Email: sbell@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Melissa L. Kosack
Email: mkosack@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*