# EXHIBIT 1

CONFIDENTIAL

Page 494

```
1              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF NEW YORK
2
3
        In re:                          )
4                                       )
        SECURITIES INVESTOR             )
5       PROTECTION CORPORATION,         )
                                        )
6           Plaintiff-Applicant,        )
                                        )
7       vs.                             )   08-01789 (SMB)
                                        )
8       BERNARD L. MADOFF               )
        INVESTMENT SECURITIES, LLC,     )
9                                       )
            Defendant.                  )
10                                      )
                                        )
11      In re:                          )
                                        )
12      BERNARD L. MADOFF,              )
                                        )
13          Debtor.                     )
                                        )
14
15                     CONFIDENTIAL
16           Videotaped Deposition of BERNARD L.
17  MADOFF, VOLUME IV, taken on behalf of the Customers,
18  before K. Denise Neal, Registered Professional
19  Reporter and Notary Public, at the Federal
20  Correctional Institution, 3000 Old Highway 75,
21  Butner, North Carolina, on the 9th day of November,
22  2017, commencing at 8:43 a.m.
23
24
25                      * * * * *
```

Page 495

1  APPEARANCES OF COUNSEL:

2

3    On Behalf of the Customers:

4        HELEN DAVIS CHAITMAN, Esq.

5        Chaitman, LLP

6        465 Park Avenue

7        New York, New York  10022

8        (908) 303-4568

9        hchaitman@chaitmanllp.com

10

11   On Behalf of Sage Associates, Sage Realty,

12   Malcolm Sage, Martin Sage and Ann Passer Sage

13       ANDREW B. KRATENSTEIN, Esq.

14       McDermott Will & Emery, LLP

15       340 Madison Avenue

16       New York, New York  10173-1922

17       (212) 547-5695

18       akratenstein@mwe.com

19

20

21

22

23

24

25

CONFIDENTIAL

Page 496

1 APPEARANCES OF COUNSEL:

2

3     On Behalf of the Trustee:
4         AMANDA E. FEIN, Esq.
5         STACY DASARO, Esq.
6         Baker Hostetler
7         45 Rockefeller Plaza
8         New York, New York  10111-0100
9         (212) 589-4621
10         afein@bakerlaw.com

11

12     On Behalf of the Deponent:
13         PETER A. GOLDMAN, Esq.
14         12 Fairlawn Parkway
15         Rye Brook, New York  10573
16         (914) 935-6857
17         pagoldman@gmail.com

18

19     Videographer:
20         Bob Collier, CLVS

21

22         * * * *

23

24

25

CONFIDENTIAL

Page 497

1           CONTENTS
2  THE WITNESS: BERNARD L. MADOFF           EXAMINATION
3        BY MS. CHAITMAN                         499
4        BY MS. FEIN                             520
5        BY MR. GOLDMAN                          579
6        BY MS. FEIN                             582
7        BY MS. CHAITMAN                         667
8        BY MR. KRATENSTEIN                      678
9
10              * * * * *
11
12           INDEX OF EXHIBITS
13  FOR THE CUSTOMERS:                           PAGE
14  Exhibit Number 89, Schwab blotters -          502
15     12-5-86
16  Exhibit Number 90, Securities transaction     504
17     report
18  Exhibit Number 91, NSCC trade reporting       505
19     blotter - 12-11-86
20
21  FOR THE TRUSTEE:
22  Exhibit Number 10, Customer statement -       524
23     12-31-07
24  Exhibit Number 11, House 5 daily stock        535
25     Record activity - 7-16-87

08-01789-cgm   Doc 18107-1   Filed 10/24/18   Entered 10/24/18 15:42:37   Exhibit 1 - 11-9-2017 Madoff Dep Excerpts   Pg 6 of 10
CONFIDENTIAL

Page 618

1    Q.  Okay.  But I guess you're saying then
2  before that meeting you wouldn't have taken trade
3  direction from the Sages; right?
4         MR. KRATENSTEIN:  Object to form.  Go
5  ahead.
6         THE WITNESS:  Depends upon whether the
7  father was alive and he was running the account with
8  me or -- I mean, they were accountants, the family,
9  for a very long period of time.
10   Q.  (By Ms. Chaitman)  Okay.  But it wasn't
11  your typical practice to take trade direction;
12  right?
13   A.  That's correct.
14   Q.  Okay.  That was my -- what I was trying to
15  get at.  Okay.  I'd like you to take a look at a
16  document we reviewed yesterday, Exhibit 85.
17         MR. KRATENSTEIN:  Hang on a minute.
18         MS. FEIN:  Oh, sure.
19         MR. KRATENSTEIN:  Okay.  Go ahead.
20   Q.  (By Ms. Fein)  In the second paragraph we
21  went over some language yesterday and I'd like to
22  ask you about one sentence, but let's look a little
23  earlier.  Do you see this sentence says as of the
24  last statements we received in March the accounts
25  were a little off of the usual benchmark?

Page 619

1     A.   Correct.
2     Q.   Can you read the next two sentences after
3  that?
4     A.   I can't find them.
5     Q.   Oh, so the next one would be since then our
6  main holding, eBay, has dropped significantly.
7     A.   Right, okay.  I see it.
8     Q.   And then the next, as that holding is a
9  long-term one, I was hoping you had shorted it
10 against the box a while back.  Do you see that?
11    A.   Yes, uh-huh.
12    Q.   That statement is in the past tense; right?
13    A.   I was hoping you had shorted it against the
14 box, okay.
15    Q.   It's referring to something that would have
16 happened before you got this letter; right?
17         MR. KRATENSTEIN:  Objection to the form of
18 the question.
19         THE WITNESS:  Yes.  I think what they're
20 referring to is sometimes even if I had felt that
21 they should have been sold regardless of what they
22 had -- they were doing tax planning, obviously,
23 shorting against the box to adjust whether they were
24 going to get long-term gain, short-term gains and so
25 on and depending upon when you closed out the

Page 620

1  transaction, in other words, covered the short, that
2  would trigger a tax event.  So if, in fact -- again,
3  I'm assuming because this -- you know, if, in fact,
4  they originally wanted to keep the trade open but
5  then there was a market event that happened, you
6  know, then I felt that it wasn't -- it didn't make
7  any sense to worry about the tax treatment because
8  if they -- if I didn't go short against the box, the
9  stock was going to go down, I would pay no attention
10 to it.
11       Q.  Right.
12       A.  Technically a client could call me up and
13 say to me, which did happen at the time, well, you
14 shouldn't have -- you should have followed my
15 instructions even though you would have lost money
16 for me to do that.  That's not an unusual situation.
17 So I don't remember what happened here, but that's
18 probably what happened.
19       Q.  Okay.  All right.  So we can look at
20 Exhibit 69.
21       A.  Uh-huh.
22       Q.  This is another of the letters we reviewed
23 yesterday; right?
24       A.  Right.
25       Q.  Do you see -- it's a long sentence, but the

Page 621

1  last sentence of the first paragraph, with respect
2  to other positions in these accounts please note
3  that Pharmacia will become long-term this January.
4  Do you see that sentence?
5       A.  Yes.
6       Q.  And then do you see just under that unless
7  you deem that these stocks must be shorted prior to
8  these dates due to various considerations, it would
9  be to our tax benefit that these positions not be
10 shorted?
11      A.  Right.
12      Q.  That's not a direction to you about what to
13 do with the trade; right?
14          MR. KRATENSTEIN:  Object to form.
15      Q.  (By Ms. Fein)  In other words, this is left
16 in your discretion; correct?
17          MR. KRATENSTEIN:  Object to the form.
18          THE WITNESS:  I assume that's what they're
19 saying, right.
20      Q.  (By Ms. Fein)  Okay.  I just want to look
21 at two of the documents we went through.  These
22 exhibits, Exhibits 70 and 72, were looked at in
23 connection with this same letter.  And on Exhibit 70
24 do you see an R. J. Reynolds Tobacco HLDS?
25      A.  Right.

CONFIDENTIAL

Page 681

1  firm?

2      A.  Yes.

3          MR. KRATENSTEIN:  Thank you very much.
4  That's all I have.

5          MS. CHAITMAN:  Okay.  I'd just like to put
6  on the record the discussion that I had with Amanda
7  that we will be continuing your deposition so long
8  as your health continues once we get further
9  documents from the Trustee.  We're negotiating to
10 get additional documents that we now know the
11 Trustee has.

12         MS. FEIN:  We just want to put on the
13 record that we would reserve a right to
14 cross-examine on any documents that Ms. Chaitman
15 asks about.

16         MS. CHAITMAN:  Of course, of course.
17 Okay.  Thank you so much.  Andrew and I are going to
18 run.

19         THE VIDEOGRAPHER:  We are off the record
20 in the November 9th, 2017 deposition of Bernard L.
21 Madoff, Volume IV.  The number of discs used was
22 three.  The time is 13:26.

23         (Reading and signing of the deposition by
24 the witness was reserved and the deposition was
25 concluded at 1:26 p.m.)