# EXHIBIT C

# ORDER 39

### Evidence by Deposition: Examiners of the Court

**Contents**    *para.*
1. Power to order depositions to be taken (O.39, r.1) ....................... 39/1    **39/0/1**
2. Where person to be examined is out of the jurisdiction (O.39, r.2) ............. 39/2
3. Order for issue of letter of request (O.39, r.3) ...................... 39/3
3A. Examination otherwise than on oath (O.39, r.3A) ...................... 39/3A
4. Enforcing attendance of witness at examination (O.39, r.4) ...................... 39/4
5. Refusal of witness to attend, be sworn, etc. (O.39, r.5) ...................... 39/5
6. Appointment of time and place for examination (O.39, r.6) ...................... 39/6
7. Examiner to have certain documents (O.39, r.7) ...................... 39/7
8. Conduct of examination (O.39, r.8) ...................... 39/8
9. Examination of additional witnesses (O.39, r.9) ...................... 39/9
10. Objection to questions (O.39, r.10) ...................... 39/10
11. Taking of depositions (O.39, r.11) ...................... 39/11
12. Time taken by examination to be indorsed on depositions (O.39, r.12) ....... 39/12
13. Special report by examiner (O.39, r.13) ...................... 39/13
14. Order for payment of examiner's fees (O.39, r.14) ...................... 39/14
15. Perpetuation of testimony (O.39, r.15) ...................... 39/15
16. Examiners of the Court (O.39, r.16) ...................... 39/16
17. Assignment of examinations to examiners of the Court (O.39, r.17) ............ 39/17
18. Obtaining assignment of examiner of the Court (O.39, r.18) ...................... 39/18
19. Fees and expenses of examiners of the Court (O.39, r.19) ...................... 39/19

**Editorial Introduction**

The Court may receive evidence in the form of depositions sworn by witnesses before trial. A party **39/0/2** may issue a summons for an order for the examination of witnesses within the jurisdiction so that their depositions may be taken, or for the issue of a letter of request to a judicial authority in another country for the examination of witnesses there. Rules of court governing the making of such applications and the conduct of examinations within the jurisdiction are found in this Order. The Order also contains provisions as to the appointment of Court examiners, the allocation of examinations to them, and their remuneration.

**Related Sources**
* RSC, O.70 (Obtaining evidence for foreign courts, etc.)    **39/0/3**

**Forms**

The following Prescribed Forms in Appendix A are relevant to O.39 (Vol. 2, Section 1A, paras **39/0/4** 1A–29 to 1A–35):

* PF No. 31—Summons for examination within jurisdiction of witness before trial (O.39, r.1)
* PF No. 32—Order for examination within jurisdiction of witness before trial (O.39, r.1)
* PF No. 33—Summons for issue of letter of request to judicial authority out of jurisdiction (O.39, r.2)
* PF No. 34—Order for issue of letter of request to judicial authority out of jurisdiction (O.39, r.2)
* PF No. 35—Letter of request for examination of witness out of jurisdiction (O.39, r.3)
* PF No. 36—Summons for appointment of examiner to take evidence of witness out of jurisdiction (O.39, r.2)
* PF No. 37—Order for appointment of examiner to take evidence of witness out of jurisdiction (O.39, r.2)

The following Queen's Bench Masters' Practice Form is relevant to O.39 (Vol. 2, Section 1B, para. 1B–59):

* PF78—Solicitor's undertaking as to expenses (O.39, r.3) 257

## Power to order depositions to be taken (O.39, r.1)

**1.**—(1) The Court may, in any cause or matter where it appears necessary **39/1** for the purposes of justice, make an order (in Form No. 32 in Appendix A) for the examination on oath before a Judge, an officer or examiner of the Court or some other person at any place, of any person.

**O.39, r.1**

EVIDENCE BY DEPOSITION: EXAMINERS OF THE COURT

(2) An order under paragraph (1) may be made on such terms (including, in particular, terms as to the giving of discovery before the examination takes place) as the Court thinks fit and may contain an order for the production of any document which appears to the Court to be necessary for the purposes of the examination.

**39/1/1**   HISTORY OF RULE—Amended by S.I. 1984 No. 1051.

**39/1/2**   **Effect of rule**—This is the rule under which the High Court makes its orders for the evidence to be taken in this country, before the trial, of a witness who will be unable to attend it. The rule is, however, not limited to the taking of evidence in this country, and where it is sought to take evidence abroad before a special examiner (*i.e.* a named individual) the order (where the foreign law allows it) is also made under this rule. Alternatively, an order can be made under r.2 (which applies to an examination before the British Consular Authority as special examiner, in a convention country) or r.3 (which provides for the issue of a letter of request—*i.e.* a request to a Court to take evidence—in any country abroad) or r.3 (which provides for the issue of a letter of request in a convention country).

Where the circumstances render it expedient in the interests of justice to do so, the Court has power, instead of making an order for the examination of a witness under this rule, to adjourn the trial of an action under O.35, r.1, to the place where the witness is, so as to hear the oral examination of the witness as upon the trial itself (*St. Edmundsbury and Ipswich Diocesan Board of Finance v. Clark* [1973] Ch. 323; [1973] 2 All E.R. 1155). For the practice in Admiralty actions, see O.75, r.30 and para. 39/3/11.

**39/1/3**   **"In any cause or matter"**—For "cause" and "matter" see S.C.A. 1981, s.151. The order may be made by the Court in any pending proceedings (*Re Hewitt, ex p. Hewitt* (1885) 15 Q.B.D. 159 at 163) including matrimonial proceedings (see Family Proceedings Rules 1991, r.2.29 (SCP 1997, Vol. 2, Pt 7)), arbitrations (Arbitration Act 1950, s.12(6) (d)) and (in regard to evidence abroad) proceedings in a county court (County Courts Act 1984, s.56). See also O.107, r.3 at para. 107/3.

**39/1/4**   **"The Court may . . . where it appears necessary for the purposes of justice"**—The exercise of the power is discretionary (see *Warner v. Mosses* (1880) 16 Ch.D. 100 at 102, CA) but the usual grounds on which the order is made for examination in this country are (and always have been) that the witness is too old and decrepit to attend a trial or might die before the trial, or so ill that there is no prospect of his being able to attend the trial, or, if a female, is pregnant and likely to be delivered about the time of the trial, or if the witness intends to leave the country before the trial; and orders are often made in such cases by consent.

**39/1/5**   **"For the examination on oath"**—This includes cross-examination—for example the cross-examination of a witness who has made an affidavit (*Concha v. Concha* (1886) 11 App. Cas. 541). Or an order may be made for the examination of a witness who refuses to make an affidavit (*Warner v. Mosses* (1880) 16 Ch.D. 100; *Re Springall* [1875] W.N. 225).

**39/1/6**   **"Before a Judge, an officer or examiner of the Court or some other person"**—The present practice in Ch.D (contrary to the practice laid down in *Marquess of Bute v. James* above) is to appoint a local special examiner where the evidence is to be taken outside London. An examiner of the Court will be appointed for a hearing in London. An examination before a Judge will only be ordered in the most exceptional cases and then only with the approval of the Judge.

A party who wishes the examination of a witness to take place before a Judge rather than an examiner has the substantial burden of making out a sufficient case for such an order and satisfy the Master that it is a proper case for a Judge; and such an order will only rarely be made where the greater authority of the Judge is needed, as where the witness is known to be recalcitrant or unruly. If such an order is made, the powers of the Judge should be specifically defined in the order which should explicitly state that the examination is to be before the Judge without an option for it to be before an examiner as the parties may choose (see *Re Brickman's Settlement, Brickman v. Goddard Trustees (Jersey) Ltd (Note)* [1982] 1 All E.R. 336, *sub nom.: Practice Direction (Chancery: Deposition)* [1981] 1 W.L.R. 1560).

Where an examination is sought to be taken before a Master of the Queen's Bench Division, the advice of the Senior Master should be sought either direct or through the Master's Secretary (Room E218).

**39/1/7**   **"At any place"**—*e.g.* at the residence of a witness who is too ill to attend (*Re Bradbrook* (1889) 23 Q.B.D. 226, CA) and anywhere in this country or abroad.

**39/1/8**   **"Of any person"**—An order will not be made for the examination abroad of a foreign lawyer on a question of foreign law unless there is difficulty in obtaining the attendance of a competent witness here (*Armour v. Walker* (1883) 25 Ch.D. 638, CA; *Lawson v. Vacuum Brake Co.*; *The M. Moxham* (1876) 1 P.D. 107 at 115, CA) or affidavit evidence will not be adequate for the purpose.

**39/1/9**   **The application**—is made by summons to a Master or District Judge and unless by consent must be supported by an affidavit setting out the circumstances in full detail, and including the

names of the witnesses to be examined (or as many of them as possible). It should be made on the hearing of the summons for directions, if possible, or by notice under it. Rarely, in a case of extreme urgency, an order has been made *ex parte* subject to the right of the other party to apply to discharge the order on showing that it was not "necessary for the purposes of justice" (*Bidder v. Bridges* (1884) 26 Ch.D. 1, CA). Forms, App.A. Nos 31 and 32 (Vol. 2, Section 1A, paras 1A–29 and 1A–30).

**The order**—It can be made in such terms and upon such conditions as the Court thinks fit (see **39/1/10** para. 2)—for example, in an exceptional case, on the applicant giving security for costs or paying the costs in any event. An order may, if necessary, be made for an article to be sent abroad for identification by a witness (*Chapters v. Puttick* [1898] 2 Q.B. 160). The depositions are on the file of the Court and may be inspected by any party to the cause or matter, but may not be inspected by any other person, except with the leave of the Court (O.63, r.4, negativing *Goldstone v. Williams* [1899] 1 Ch. 47 at 54).

## Where person to be examined is out of the jurisdiction (O.39, r.2)

**2.**—(1) Where the person in relation to whom an order under rule 1 is **39/2** required is out of the jurisdiction, an application may be made—

    (a) for an order (in Form No. 34 in Appendix A) under that rule for the issue of a letter of request to the judicial authorities of the country in which that person is to take, or cause to be taken, the evidence of that person, or

    (b) if the government of that country allows a person in that country to be examined before a person appointed by the Court, for an order (in Form No. 37 in Appendix A) under that rule appointing a special examiner to take the evidence of that person in that country.

(2) An application may be made for the appointment as special examiner of a British consul in the country in which the evidence is to be taken or his deputy—

    (a) if there subsists with respect to that country a Civil Procedure Convention providing for the taking of the evidence of any person in that country for the assistance of proceedings in the High Court, or

    (b) with the consent of the Secretary of State.

## Order for issue of letter of request (O.39, r.3)

**3.**—(1) Where an order is made under rule 1 for the issue of a letter of **39/3** request to the judicial authorities of a country to take, or cause to be taken, the evidence of any person in that country the following provisions of this rule shall apply.

(2) The party obtaining the order must prepare the letter of request and lodge it in the Central Office, and the letter must be in Form No. 35 in Appendix A, with such variations as the order may require.

(3) If the evidence of the person to be examined is to be obtained by means of written questions, there must be lodged with the letter of request a copy of the interrogatories and cross-interrogatories to be put to him on examination.

(4) Each document lodged under paragraph (2) or (3) must be accompanied by a translation of the document in the official language of the country in which the examination is to be taken or, if there is more than one official language of that country, in any one of those languages which is appropriate to the place in that country where the examination is to be taken unless—

    (a) the Senior Master has given a general direction in relation to that country that no translation need be provided, or

    (b) the official language or one of the official languages of that country is English.

(5) Every translation lodged under paragraph (4) must be certified by the person making it to be a correct translation; and the certificate must contain a

statement of that person's full name, of his address and of his qualifications for making the translation.

(6) The party obtaining the order must, when he lodges in the Central Office the documents mentioned in paragraphs (2) to (5) also file in that office an undertaking signed by him or his solicitor to be responsible personally for all expenses incurred by the Secretary of State in respect of the letter of request and, on receiving due notification of the amount of those expenses, to pay that amount to the Finance Officer of the office of the Secretary of State and to produce a receipt for the payment to the proper officer of the High Court.

**39/3/1**   HISTORY OF RULE—Amended by S.I. 1976 No. 337.

**39/3/2**   **Effect of rule** (rr.2 & 3)—These rules provide the machinery for the examination of a person out of the jurisdiction. The exercise of the power under these rules is a matter of discretion, especially as the cost of taking evidence abroad is high and sometimes prohibitive. The Court is apt to look most favourably upon the application of a defendant resident abroad—who has not chosen an English forum (see, per Chitty J. in *Ross v. Woodford* [1894] 1 Ch. 42; *New v. Burns* (1894) 64 L.J. Q.B. 104, CA)—and least favourably upon the application of a plaintiff for his evidence to be taken abroad, for he has usually chosen his tribunal (*Ross v. Woodford*; *Coch v. Allcock* (1888) 21 Q.B.D. 178, CA; *Emanuel v. Soltykoff* (1892) 8 T.L.R. 331). As regards other witnesses, a party cannot compel a witness in a foreign country to attend the trial, and therefore if the Court is satisfied that (1) he is unwilling or unable to be present (2) the application is made bona fide (*Re Boyse* (1882) 20 Ch.D. 760) and with such promptness as not to cause unreasonable delay (see *Langen v. Tate* (1883) 24 Ch.D. 522, CA) and (3) the witness can give substantial evidence material to the issue (*Ehrmann v. Ehrmann* [1896] 2 Ch. 611) an order is often made. But many other considerations may be relevant in all these cases. Reasonable attempts should first be made, in a proper case, to obtain the evidence in other ways—through a witness here (*Armour v. Walker* (1883) 25 Ch.D. 673, CA; *Lawson v. Vacuum Brake Co.* (1884) 27 Ch.D. 137, CA; *Lewis v. Kingsbury* (1888) 4 T.L.R. 629 at 639) by documents, by admissions or an order that the evidence may be given on affidavit; and in these days the cost of a journey by air is commonly less than that of an examination abroad.

In the exercise of its discretion to secure "the ends of justice," the Court will not restrain a litigant from continuing proceedings commenced in a foreign country for the purpose of obtaining pre-trial discovery of documents against a non-party in the country where such discovery is sought for the purposes of English proceedings (*South Carolina Insurance Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.* [1987] A.C. 24).

**Methods of obtaining evidence abroad** (rr.2 & 3)

**39/3/3**   *Non-Convention countries*—If it is desired to obtain the taking of evidence under r.2 (*i.e.* before a special examiner) in a country with which no convention has been made, enquiry should be made of the Masters' Secretary's Department (Room E218, R.C.J.) as to whether the local law permits it. It is an available method in the case of Egypt, Japan, Luxemburg, Roumania, Sudan, Switzerland and (probably) the Russian Federation and (possibly) other countries. It is available in respect of willing witnesses before a special examiner in the following non-convention countries: Argentine, Bolivia, Brazil, Bulgaria, Chile, Cuba, Ecuador, Guatemala, Honduras, Mexico, Nicaragua, Panama and Costa Rica, Persia, USA, Uruguay and Venezuela; and only before the British Consular Authority in Colombia and Salvador. All states of the USA enforce the attendance of witnesses under this rule. Examination by a consular officer is permitted in Costa Rica, Peru, South Africa and (except of witnesses who are local nationals) in Vietnam. These lists are subject to alteration.

**39/3/4**   *Scotland and Northern Ireland*—As to compelling attendance of witnesses in such cases, see *Campbell v. Att.-Gen.* (1867) L.R. 2 Ch. App.571. A special examiner is appointed.

**39/3/5**   *Bilateral Convention countries*—In convention countries the taking of evidence under r.2 before the British Consular Authority is permitted, but in most of these countries it is only permitted in respect of willing witnesses, and in Hungary and Turkey only willing witnesses of British nationality.

If it is desired to designate as examiner a British consular officer in a foreign state the consent of H.M. Secretary of State for Foreign and Commonwealth Affairs must first be obtained, unless a convention has been entered into with the country in question, in which case no such consent is required. The applicant should apply to the Foreign Office. The answer will depend on whether the laws of the foreign State admit of such procedure and whether the consul proposed is willing to undertake the commission.

It is common practice for the order to designate "H.M. Consul (*or* Consul General) or his deputy."

Conventions have been made with the following countries:

| | | |
|---|---|---|
| Austria | Greece | Poland |
| Belgium | Hungary | Portugal |
| Croatia | Iraq | Serbia |
| Czech Republic | Israel | Slovakia |
| Denmark | Italy | Slovenia |
| Estonia | Latvia | Spain |
| Finland | Lithuania | Sweden |
| France | Netherlands | Turkey |
| Germany | Norway | |

*Hague Convention countries*—The Hague Convention on the Taking of Evidence Abroad in **39/3/6**
Civil or Commercial Matters was concluded on March 18, 1970, and was ratified by the United
Kingdom on July 16, 1976, and came into force on September 14, 1976 (see Cmnd. 6727 (1977)).
The Convention provides for substantially the same matters of taking evidence abroad in civil or
commercial matters as do the bilateral Conventions referred to above, but the Hague Convention
is multilateral in its scope and operation. It appears that increasing use is being made of the
Hague Convention by the countries which have ratified it and where it has been brought into
force.

The countries to which the Hague Convention applies are:

| | |
|---|---|
| Australia | Netherlands |
| Barbados | Norway |
| Belgium | Portugal |
| Cyprus | Singapore |
| Czech Republic | Slovakia |
| Denmark | Spain |
| Germany | Sweden |
| Finland | United Kingdom |
| France | United Kingdom |
| Israel | possessions (Gibraltar |
| Italy | and Hong Kong) |
| Luxembourg | United States of America |
| Monaco | United States possessions |

**Procedure on letter of request to Non-Convention countries (rr.2 & 3)**—A letter of request **39/3/7**
is required from the High Court to a foreign Court to cause the evidence to be taken, and it may
either ask for the interrogatories which accompany it to be put by the examiner (the usual
procedure in many foreign Courts, where the Court alone puts the questions) or for the witnesses
to be examined *viva voce* upon the matters in question. The method by letters of request is now
available for all countries, including Her Majesty's Dominions, and in some countries (such as
Egypt) it is the only available method. Letters of request are dealt with in the office of the Masters'
Secretary, Room E218, R.C.J.

**Dominions (rr.2 & 3)**—Where in a civil proceeding a commission, mandamus, order or **39/3/8**
request for examination of witnesses is addressed to any Court or Judge of a Court in Her
Majesty's Dominions out of the jurisdiction of the Court ordering the examination, such Court or
Judge may nominate a person to take the examination, and any depositions before him are
admissible to the same extent as if taken before such Court or Judge.

**Eire (rr.2 & 3)**—Letters of request appear to be the cheaper method. They are sent to the **39/3/9**
Minister of Justice, who transmits them to the Master. The duty of taking evidence is usually
assigned to the District Judge.

**Practice in ChD and QBD (rr.2 & 3)**—The application is made to the Master on notice under **39/3/10**
the summons for directions. If the other side desire to join in the letters of request they can be
allowed to do so at the hearing. Where it is desired to examine witnesses in different countries a
separate application should be made in the case of each country.

In certain countries, including those with which conventions have been made, the evidence
may be taken orally by examination and cross-examination. In such cases the names of agents of
the parties are indorsed on the letters of request. Inquiry should be made at the Foreign and
Commonwealth Office, whether evidence can be taken in this way.

Where the evidence is to be obtained by means of written questions, the questions to be asked
on behalf of the applicant should be submitted to the other side in order that he may frame
questions for cross-examination, and the questions to be asked in cross-examination should be
submitted to the applicant to enable him to put further questions in re-examination. The Master
will not entertain objections to the questions, they are left entirely to the parties; but objection
may be made at the trial to admission of any of the evidence.

The letter of request is prepared by the solicitor and is taken to the Masters' Secretary, Room
E218, together with the questions (if any) the order and a signed undertaking by the applicant to
bear the expenses (for Form see PF. No. 78 (Vol. 2, Section 1B, para. 1B–59)). If the language of
the country concerned is not English there must also be supplied translations of the letter of
request and questions certified by the solicitor.

In cases within this rule the letter of request is then signed by the Senior Master and transmitted to the Foreign and Commonwealth Office, for transmission to the proper Court; but where the matter is urgent it may be sent direct to a Court in Her Majesty's Dominions.

On return of the evidence it is filed at the Central Office and notice given to the other side. If in a foreign language, a translation is made verified by the oath of the translator and filed. As to use at trial see O.38, r.9.

**39/3/11**    **Practice in the Admiralty Court** (rr.2 & 3)—Application is by summons to the Admiralty Registrar; and where the parties cannot agree as to the questions, the difference is submitted to the Registrar.

The practitioner should ascertain what copies of pleadings, etc., should accompany the letters of request. Copies of documents which have been filed in the Registry should be sealed, and translations verified.

The letters of request should be entitled in the name of the cause or action, and should be dated "at London on the        day of        in the year of our Lord one thousand nine hundred and        ." It is advisable to insert the names of all the witnesses. The order should be taken with the letters of request to the Masters' Secretary, Room E214, with the usual undertaking for expenses, copies of the interrogatories (and when necessary the cross-interrogatories) with translations thereof, and also of any other documents which require to be sent with them.

Applications to take evidence abroad may be made on the day on which the petition is filed if there will be serious difficulty in obtaining evidence later (*Valentine v. Valentine* [1901] P. 283; see *Gribbon v. Gribbon* (1907) 24 T.L.R. 160).

**39/3/12**    **Practice in the Family Division** (rr.2 & 3)—Application is by summons to a District Judge of the Family Division, and the practice follows that prevailing in the Admiralty Court, see above.

**39/3/13**    **Procedure on letters of request to Convention countries** (rr.2 & 3)—Letters of request for the taking of evidence out of the jurisdiction in respect of proceedings in any division of the High Court are dealt with in the office of the Masters' Secretary, Room E214, Royal Courts of Justice, Strand, London, WC2A 2LL.

The conventions vary in details and should be consulted in each case; generally speaking, they provide for three alternative methods of obtaining evidence.

(a) Under r.3 by letter of request transmitted through the Foreign Office for execution by the foreign judicial authority which thereupon obtains the evidence giving effect so far as may be to any special procedure indicated in the letter of request; or (b) under r.2(1) in the case of certain countries, by letter of request requesting the foreign judicial authority to cause the evidence to be taken by a British consular or diplomatic officer; the appointment of the consular officer is made by the English Court under r.2(2): witnesses will be compelled to attend; or (c) under r.2(2) by a British consular officer or some other fit and proper person nominated by the English Court as a special examiner; attendance of witnesses will not usually be enforced. Under the conventions with France, the Czech Republic, Germany, Turkey, Hungary, Iraq, Croatia, Serbia, Slovakia and Slovenia a special examiner *must* be a consular authority. See generally Hinton's Evidence and Service Abroad, or inquire from the Masters' Secretary, Room E218. The practice generally corresponds to the procedure as between Letters of Request to non-Convention countries, except that the request under this rule is signed by the Senior Master, and the translation must be certified by the solicitor to the applicant.

**39/3/14**    **Ascertainment of foreign law—British Law Ascertainment Act 1859** (rr.2 & 3)—If, in an action dependent in any Court within Her Majesty's dominions, it is in the opinion of such a Court necessary or expedient for the proper disposal of such action to ascertain the law applicable to the facts of the case as administered in any other part thereof, on any point on which the law of such other part is different from that in which the Court is situate, the Court may direct a case to be prepared setting forth the facts; and upon such case being approved by such a Court or Judge thereof, such a Court or Judge will settle the questions of law arising out of the same on which the opinion of another Court is desired, and pronounce an order remitting the same, together with the case to the Court in such other part of Her Majesty's dominions, being one of the superior Courts thereof, whose opinion is desired upon the law administered by it as applicable to the facts set forth in such case. Any of the parties to the action may present a petition to the Court whose opinion is to be obtained praying it to hear the parties or their counsel, and pronounce its opinion thereon in terms of the Act, or to pronounce its opinion without hearing parties or counsel. The Court to which such petition is presented will then pronounce its opinion upon the question of law submitted to it (1859 Act, s.1).

Upon the opinion being pronounced, a copy thereof, certified by an officer of the Court pronouncing it, is given to each of the parties to the action by whom it is required (*ibid.*, s.2).

Any of the parties to the action having obtained such certified copy, may lodge the same with an officer of the Court in which the action is depending, and may make application to the Court to apply the opinion to the facts of the case (*ibid.*, s.3).

An order for settlement of a case is obtained on motion or by summons. The draft case is brought into Chambers and settled there. A fair copy of the case including the questions is then made, and is identified by the signature of the Master to a memorandum at the foot or in the margin as being the case remitted pursuant to the order. The case with the order, or an office

copy, is usually sent to a practitioner of the Court whose opinion is to be obtained, who takes the necessary steps to obtain such opinion, and returns a certified copy thereof to the party having conduct of the proceedings. The certified copy is filed at the Central Office. An application to apply the opinion is made by motion in Court or summons at Chambers.

## Examination otherwise than on oath (O.39, r.3A)

**3A.** Notwithstanding the provisions of rule 1, where the person to be **39/3A** examined is out of the jurisdiction that person may be examined on oath or affirmation or otherwise in accordance with the procedure of the country in which the examination is to take place.

HISTORY OF RULE—Added by S.I. 1984 No. 1051.    **39/3A/1**

## Enforcing attendance of witness at examination (O.39, r.4)

4. Where an order has been made under rule 1—    **39/4**
   (a) for the examination of any person before an officer or examiner of
       the Court or some other person (in this rule and rules 5 to 14
       referred to as "the examiner") or
   (b) for the cross-examination before the examiner of any person who
       has made an affidavit which is to be used in any cause or matter,
the attendance of that person before the examiner and the production by him of any document at the examination may be enforced by writ of subpoena in like manner as the attendance of a witness and the production by a witness of a document at a trial may be enforced.

**Effect of rule**—An order for the examination of a witness under r.1, is not an order on the **39/4/1** witness to attend for examination (*Stuart v. Balkis* (1884) 50 L.T. 479). In the great majority of cases, the witness is willing to attend, and does attend, his examination voluntarily: but if the witness is unwilling to attend or to produce documents voluntarily, he can be compelled to do so by the service upon him of the appropriate writ of subpoena (see O.38, r.14; and App. A, Forms 28–30 (Vol. 2, Section 1A, paras 1A–26 to 1A–28)).

## Refusal of witness to attend, be sworn, etc. (O.39, r.5)

**5.**—(1) If any person, having been duly summoned by writ of subpoena to **39/5** attend before the examiner, refuses or fails to attend or refuses to be sworn for the purpose of the examination or to answer any lawful question or produce any document therein, a certificate of his refusal or failure, signed by the examiner, must be filed in the District Registry (if any) in which the cause or matter is proceeding and otherwise in the Central Office, and upon the filing of the certificate the party by whom the attendance of that person was required may apply to the Court for an order requiring that person to attend, or to be sworn or to answer any question or produce any document, as the case may be.

(2) An application for an order under this rule may be made ex parte.

(3) If the Court makes an order under this rule it may order the person against whom the order is made to pay any costs occasioned by his refusal or failure.

(4) A person who wilfully disobeys any order made against him under paragraph (1) is guilty of contempt of Court.

**Effect of rule**—It is a condition precedent to the operation of this rule, (1) that the witness **39/5/1** should have been "duly summoned by writ of subpoena" to attend before the examiner, and (2) that the certificate of the examiner certifying the refusal or failure of the witness to attend or to be sworn or to answer any lawful question or to produce any relevant document should first be duly filed. Thereafter, application may be made for an order to compel the witness to attend, etc. Such application is made *ex parte* to the Practice Master or the District Judge; and such application under this rule should be supported by an affidavit, which should contain proof of the due service of the *subpoena* and notice to attend before the examiner, and of the due filing of the examiner's certificate.

A witness attending the appointment for cross-examination without having been served with a *subpoena* will be taken to have waived the objection and is bound to answer (*Cutler v. Wright* [1890]

733

W.N. 28). A liquidator, upon whom an order for cross-examination has been made in a winding-up, need not be served with a *subpoena* before a motion to compel his attendance can be made, as he is an officer of the Court (*Re General Financial Bank* [1888] W.N. 47).

The Master may direct a summons to issue or notice to be served upon the witness in order to give him the opportunity of being heard before the making of the order. If the order is made *ex parte* the witness may apply under O.32, r.6, to set aside the order.

The practice prescribed by this rule applies where a witness is summoned by the Chancery Master under O.32, r.15 (*Powell v. Nevitt* (1887) 55 L.T. 728).

For committal proceedings for contempt of Court, see O.52.

### Appointment of time and place for examination (O.39, r.6)

**39/6**    **6.**—(1) The examiner must give the party on whose application the order for examination was made a notice appointing the place and time at which, subject to any application by the parties, the examination shall be taken, and such time shall, having regard to the convenience of the persons to be examined and all the circumstances of the case, be as soon as practicable after the making of the order.

(2) The party to whom a notice under paragraph (1) is given must on receiving it, forthwith give notice of the appointment to all the other parties.

### Examiner to have certain documents (O.39, r.7)

**39/7**    **7.** The party on whose application the order for examination before the examiner was made must furnish the examiner with copies of such of the documents in the cause or matter as are necessary to inform the examiner of the questions at issue in the cause or matter.

### Conduct of examination (O.39, r.8)

**39/8**    **8.**—(1) Subject to any directions contained in the order for examination—

(a) any person ordered to be examined before the examiner may be cross-examined and re-examined, and

(b) the examination, cross-examination and re-examination of persons before the examiner shall be conducted in like manner as at the trial of a cause or matter.

(2) The examiner may put any question to any person examined before him as to the meaning of any answer made by that person or as to any matter arising in the course of the examination.

(3) The examiner may, if necessary, adjourn the examination from time to time.

**39/8/1**    **Effect of rule**—The examination shall take place in the presence of the parties, their counsel, solicitors, or agents, and the witnesses shall be subject to cross-examination and re-examination.

On the other hand, the examination is not held in public and the examiner has a discretion whom he will admit in addition to the parties, their counsel, solicitors or agents and the witnesses who are being examined (*Wright v. Wilkin* (1858) 6 W.R. 643).

Where witnesses are directed to be cross-examined before an examiner the order in which such witnesses should be examined ought to be the same as if the proceedings had taken place in Court, see *Briscoe v. Briscoe* [1968] P. 501; [1966] 1 All E.R. 465; but see, however, as to the examiner's discretion, *Re Doré Gallery* (1890) 62 L.T. 758; *Stuart v. Balkis Co. Ltd* (1884) 50 L.T. 479.

The opening words of the rule namely "Subject to any directions contained in the order for examination" enable the Court to give special directions for the conduct of the examination, *e.g.* that particular questions or interrogatories be put to particular witnesses: in such event the directions must be complied with, and it will then not be open to the examiner to depart from those directions in the course of conducting the examination.

The examiner may allow a hostile witness to be treated as such by the party calling him (*Ohlsen v. Terrero* (1875) L.R. 10 Ch. 127).

An examiner of the Court may obtain the assistance of an interpreter (*Marquess of Bute v. James* (1886) 33 Ch.D. 157).

A solicitor or his managing clerk may conduct the examination, the proceedings being analogous to those in Chambers (*Vimbos v. Meadowcroft* (1901) 46 S.J.2).

**Companies Act 1985**—As to the attendance of creditors of a company in liquidation at an **39/8/2**
examination under s.561 of the above Act, see *Re Grey's Brewery Co.* (1883) 25 Ch.D. 400; *Re Norwich Equitable Assurance Co.* (1884) 27 Ch.D. 515.

An examination under that section cannot be utilised to obtain information relating to other proceedings for which discovery has been refused (*Re North Australian Territory Co.* (1890) 45 Ch.D. 87; see *Re London and Northern Bank* (1902) 50 W.R. 262, CA).

Inspection refused of depositions taken under the section (*North Australian Territory Co. v. Goldsbrough, Mort & Co.* [1893] 2 Ch. 381). See *Goldstone v. Williams* [1899] 1 Ch. 47. "Answers given in an examination under the section never can be used as evidence or as proof, except for the purpose of contradicting a witness; they are not taken as evidence in an action, but for the purpose of obtaining information to enable the company or its liquidator to decide as to propriety of bringing or continuing an action; they are not and can never be used as proofs" (*North Australian Territory Co. v. Goldsbrough, Mort & Co.*, above, *per* Esher M.R. at p. 386).

## Examination of additional witnesses (O.39, r.9)

**9.** The examiner may, with the written consent of all the parties to the cause **39/9**
or matter, take the examination of any person in addition to those named or
provided for in the order for examination, and must annex such consent to
the original deposition of that person.

## Objection to questions (O.39, r.10)

**10.**—(1) If any person being examined before the examiner objects to **39/10**
answer any questions put to him, or if objection is taken to any such question,
that question, the ground for the objection and the answer to any such
question to which objection is taken must be set out in the deposition of that
person or in a statement annexed thereto.

(2) The validity of the ground for objecting to answer any such question or
for objecting to any such question shall be decided by the Court and not by the
examiner, but the examiner must state to the parties his opinion thereon, and
the statement of his opinion must be set out in the deposition or in a
statement annexed thereto.

(3) If the Court decides against the person taking the objection it may order
him to pay the costs occasioned by his objection.

**Effect of rule**—Any objection by a witness to answer any question put to him must be taken **39/10/1**
before the examiner, for it is received by him without objection, it cannot afterwards be rejected
(*Robinson v. Davies* (1880) 5 Q.B.D. 26).

On the other hand, the ground of any objection must be stated and recorded in
the deposition, and although the examiner must state his opinion upon such objection, which
must also be recorded in the deposition, the validity of the objection is essentially and entirely a
matter for the Court, and not the examiner.

## Taking of depositions (O.39, r.11)

**11.**—(1) The deposition of any person examined before the examiner must **39/11**
be taken down by the examiner or a shorthand writer or some other person in
the presence of the examiner but, subject to paragraph (2) and rule 10(1) the
deposition need not set out every question and answer so long as it contains as
nearly as may be the statement of the person examined.

(2) The examiner may direct the exact words of any particular question and
the answer thereto to be set out in the deposition if that question and answer
appear to him to have special importance.

(3) The deposition of any person shall be read to him, and he shall be asked
to sign it, in the presence of such of the parties as may attend, but the parties
may agree in writing to dispense with the foregoing provision.

If a person refuses to sign a deposition when asked under this paragraph to
do so, the examiner must sign the deposition.

(4) The original deposition of any person, authenticated by the signature of
the examiner before whom it was taken, must be sent by the examiner to the
district registry (if any) in which the cause or matter is proceeding and
otherwise to the Central Office and shall be filed therein.

(5) Where a deposition is filed in the Central Office and the cause or matter is proceeding in the Chancery Division in the Royal Courts of Justice, a copy of the deposition shall be made in the Central Office and transmitted to Chancery Chambers.

**39/11/1**  HISTORY OF RULE—Amended by S.I. 1982 No. 1111.

**39/11/2**  **Effect of rule**—The general practice is for the deposition of the witness to be taken down by the examiner, not ordinarily by question and answer, but rather in narrative form so as to represent as nearly as may be the evidence of the witness, though if any particular question or answer appears to the examiner to have a special importance he may set out or direct that the exact words be set out in the deposition.

Nowadays, however, with modern methods of shorthand, transcription and so forth, the practice should, subject to the question of the cost involved, ordinarily take the form of a verbatim transcript of question and answer, which is the more convenient and more accurate way of recording the evidence taken by deposition (see *per* Pennycuick V.-C. in *Lloyds Bank Ltd v. Marcan* [1973] 1 W.L.R. 339 at 348; [1973] 2 All E.R. 359 at 371).

**39/11/3**  **Shorthand writer**—By arrangement a shorthand writer may be and usually is employed, and the signature of witnesses is not required. Where an inaccuracy in the filed transcript is discovered, the depositions can on motion be taken off the file and returned to the examiner for correction; the costs so incurred are costs in the cause (*ibid.*).

**39/11/4**  **Video recording**—Requests for examinations to be recorded on video tape are frequently made, especially from the USA, and there is no objection to this form of recording of the evidence provided that a written record is also made.

**39/11/5**  **Depositions**—The depositions must be authenticated by the signature of the examiner.

The omission of the examiner's signature to the depositions is not such an irregularity as to prevent the Court from directing them to be filed upon terms (*Stephens v. Wanklin* (1854) 19 Beav. 585) and where an examiner died without signing depositions they were allowed to be received in evidence without such signature (*Felthouse v. Bailey* (1866) 14 W.R. 827; and see *Bryson v. Warwick & Birmingham Canal Co.* (1853) 1 W.R. 124).

All alterations and interlineations in the depositions should be initialled by the examiner.

**39/11/6**  **Time to return depositions**—Where witnesses are examined on an interlocutory application, the examiner is at liberty to return part of the depositions at a time, but if the evidence is being taken for the hearing it seems that he cannot return any until the examination is closed (*Clark v. Gill* (1854) 1 K. & J. 19). See a case of a motion by the plaintiff complaining of the line of cross-examination adopted by defendant (*Maple v. Stevenson* [1888] W.N. 62).

**39/11/7**  **"Must be sent"**—In actions proceeding in London, the examiner should not send the depositions to the solicitor or party but should forward them under seal directed to the Senior Master, Central Office, Royal Courts of Justice, London WC2A 2LL, where the case is in the Ch D or QBD, or to the Senior District Judge, Family Division, Somerset House, London WC2R 1LP, where the case is proceeding in that division, or where the case is an Admiralty case to the Admiralty Registrar, Royal Courts of Justice, London WC2A 2LL, or the examiner may himself file the depositions in the Admiralty Registry. They will not be accepted at the Central Office for filing unless received under cover from the examiner.

In cases proceeding in the District Registry the depositions must be sent to the District Judge.

**39/11/8**  **"And there filed"**—No copy will be issued as examined until the filing fee is paid.

## Time taken by examination to be indorsed on depositions (O.39, r.12)

**39/12**  **12.** Before sending any deposition to the district registry or the Central Office under rule 11(4) the examiner must indorse on the deposition a statement signed by him of the time occupied in taking the examination and the fees received in respect thereof.

**39/12/1**  **Effect of rule**—It is imperative in its terms. Its object is to determine the amount of the fees under r.19, especially fees 3 and 4. Its observance saves much trouble on taxation.

## Special report by examiner (O.39, r.13)

**39/13**  **13.** The examiner may make a special report to the Court with regard to any examination taken before him and with regard to the absence or conduct of any person thereat, and the Court may direct such proceedings to be taken, or make such order, on the report as it thinks fit.

**Effect of rule**—The right of an examiner to report under this rule is intended to give him an **39/13/1** opportunity of recording facts, *e.g.* the witness fainted or rose to his feet and tried to assault the cross-examining counsel, and it is not proper for the examiner to give his opinion on the credibility of the witness (see, *per* Pearce J. in *Re Wipperman (decd.), Wissler v. Wipperman* [1955] P. 59; [1953] 2 W.L.R. 706; [1953] 1 All E.R. 764).

## Order for payment of examiner's fees (O.39, r.14)

**14.**—(1) If the fees and expenses due to an examiner are not paid he may **39/14** report that fact to the Court, and the Court may direct the official solicitor to apply for an order against the party on whose application the order for examination was made to pay the examiner the fees and expenses due to him in respect of the examination.

(2) An order under this rule shall not prejudice any determination on the taxation of costs or otherwise as to the party by whom the costs of the examination are ultimately to be borne.

**Payment of examiner's fees**—Under this rule, upon the examiner reporting to the Court **39/14/1** that his fees have not been paid, the Official Solicitor at the direction of the Court will apply for the payment of the fees.

The party on whose application the order for examination was made is primarily liable to pay all the fees and expenses of the examiner, even where both sides join in the examination (*Linley v. Houlder* (1903) 88 L.T. 829).

## Perpetuation of testimony (O.39, r.15)

**15.**—(1) Witnesses shall not be examined to perpetuate testimony unless **39/15** an action has been begun for the purpose.

(2) Any person who would under the circumstances alleged by him to exist become entitled, upon the happening of any future event, to any honour, title, dignity or office, or to any estate or interest in any real or personal property, the right or claim to which cannot be brought to trial by him before the happening of such event, may begin an action to perpetuate any testimony which may be material for establishing such right or claim.

(3) No action to perpetuate the testimony of witnesses shall be set down for trial.

**Effect of rule**—The Court has a discretion as to making an order for examination of witnesses **39/15/1** under this rule (*West v. Sackville* [1903] 2 Ch. 378, CA).

Where a question is raised during the lifetime of a person of unsound mind as to the legitimacy of a child of his wife, see as to the proper mode of instituting a suit to perpetuate testimony with reference to that question (*Re Stoer* (1884) 9 P.D. 120).

Where a person can be presented by the plaintiff under F.L.A. 1986, s.56 (see SCP 1997, Vol. 2, Pt 7) to establish his legitimacy, the Court will not, in the exercise of its discretion, make an order for examination of witnesses in an action for perpetuation of testimony (*West v. Sackville*).

On default in defence, plaintiff obtained an order that the action might proceed, and that he might be at liberty to examine the witnesses as if the pleadings were closed (*Marquess of Bute v. James* (1886) 33 Ch.D. 157).

As to suits to perpetuate testimony, see further Story's Equity Jurisprudence, 1505–1512; as to publication of the evidence taken, see *ibid.*, at 1516; *Moggridge v. Hall* (1880) 13 Ch.D. 380; *Vane v. Vane* (1876) 24 W.R. 453 at 565. The evidence is usually taken before an examiner (see *Marquis of Bute v. James* (1886) 33 Ch.D. 157). The principles of law relating to suits to perpetuate testimony were stated by O'Connor, M.R. (Ireland) *Kelly v. Kelly* [1917] 1 Ir.R. 51.

**Depositions**—Depositions which have been taken in a suit to perpetuate testimony instituted **39/15/2** by a predecessor in title of a party to an action are not admissible as evidence of admissions by him, unless they are proved to have been adopted and used by him. It is not enough that when produced from the Record Office they are found to have been unsealed (*Evans v. Merthyr Tydfil Urban Council* [1899] 1 Ch. 241).

**Publication**—An order for the publication of depositions taken in an action to perpetuate **39/15/3** testimony is necessary, and should not be made, unless the witnesses are either dead or so ill or otherwise incapacitated as to be unable to attend and give evidence in open Court at the trial of the issue in the subsequent action with reference to which their evidence is desired (*Beresford v.*

*Att.-Gen.* [1918] P. 33, CA); as to inspection of exhibits filed or deposited therewith, see *Anson v. Tooth* [1917] W.N. 234.

### Examiners of the Court (O.39, r.16)

**39/16**   **16.** A sufficient number of barristers, of not less than three years' standing, shall be appointed by the Lord Chancellor to act as examiners of the Court for a period not exceeding five years at a time, but the Lord Chancellor may at any time revoke any such appointment.

### Assignment of examinations to examiners of the Court (O.39, r.17)

**39/17**   **17.**—(1) The examinations to be taken before examiners of the Court shall be assigned to them in rotation by the proper officer in the Central Office.

(2) If an examiner is unable or declines to take an examination assigned to him, the examination shall be assigned to some other examiner under paragraph (1).

**39/17/1**   HISTORY OF RULE—Amended by RSC (Amendment No. 2) 1982 (S.I. 1982 No. 1111).

### Obtaining assignment of examiner of the Court (O.39, r.18)

**39/18**   **18.**—(1) The party prosecuting an order for examination before an examiner of the Court must take the order or a copy thereof to the proper officer mentioned in rule 17 for him to note on it the name of the examiner to whom the examination is to be assigned and must leave a copy of the order with that examiner's clerk.

(2) A copy of the order for examination is sufficient authority for the examiner whose name is indorsed on it to proceed with the examination.

**39/18/1**   **Effect of rule**—They provide for the appointment, rotation and assignment of examiner of the Court to take examinations of witnesses under this Order.

The order for examination should be taken to the Rota Clerk, Room E217, Royal Courts of Justice and will be indorsed with the name of the examiner. No fee is payable.

As to Admiralty examiners, see O.75, r.30(7).

### Fees and expenses of examiners of the Court (O.39, r.19)

**39/19**   **19.**—(1) The examiners of the Court shall be entitled to charge the fees mentioned in the following Table:

TABLE OF EXAMINERS' FEES

|  | £ |
|---|---|
| 1. For each day for which an appointment to take an examination is given | 32.00 |
| 2. For each hour or part thereof (after the first hour) occupied in an examination within 5 kilometres from the principal entrance of the Royal Courts of Justice | 16.00 |
| 3. For each half day of 3 hours or part thereof occupied in an examination beyond 5 kilometres from the principal entrance of the Royal Courts of Justice | 37.00 |

(2) The party prosecuting the order must also pay all reasonable travelling and other expenses, including charges for the room (other than the examiner's chambers) where the examination is taken.

(3) An examiner shall not be obliged to send any deposition to the Central Office under the rule 11(4) until all fees and expenses due to him in respect of the examination have been paid.

**39/19/1**   HISTORY OF RULE—Substituted by S.I. 1985 No. 1277 and S.I. 1991 No. 2671.

**39/19/2**   **Fees and expenses**—The fees Nos 1 and 2 must be paid by the party or his solicitor on whose application the order for examination was made, at the time of obtaining the appointment, and

**O.39, r.19**

may be retained by the examiner and his clerk respectively, whether the examination is taken or not. The other fees shall be paid so soon as the examination has been concluded, together with any travelling or other expenses as above mentioned.

The half hours occupied are to be indorsed on the depositions (r.12).

The day in fee numbered 3 appears to be an artificial day of six hours. This method was substituted in 1845 for the previous method of counting thirty folios of depositions as a "day" without reference to the time actually occupied (*Small v. Attwood* (1835) 1 Y. & C. Exch. 37 at 54).