Thomas J. Moloney
Diarra M. Guthrie
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for HSBC Bank Bermuda Ltd.
and Craig Perry*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant | No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERICO CERETTI, *et al.*<br><br>          Defendants. | Adv. Pro. No. 09-01161 (SMB) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF
HSBC BANK BERMUDA AND CRAIG PERRY'S OPPOSITION
TO TRUSTEE'S MOTION FOR A LETTER OF REQUEST**


# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
|     I.    The Trustee's Proffered Justifications for His Proposed Topics of Examination Belie That Those Topics Are Immaterial to this Action, Untethered to the Claims and Defenses at Issue, and Discoverable from More Convenient Sources | 2 |
| CONCLUSION | 7 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**Rules and Statutes**

Rules of the Supreme Court (Berm. 1985), Rule 39/8(1)(b) ............................................. 1

**Cases**

*NetBank v. Commercial Money Ctr.*,
[2004] Bda L.R. 46 ....................................................................................................... 1

**Other Authorities**

David R. Kessaram, Thomson Reuters Practical Law, Litigation and Enforcement in
Bermuda: Overview, Practical Law Country Q&A (2016) ................................................ 1

The Supreme Court Practice 1999: The White Book, Order 39, r.1 ................................... 1

HSBC Bank Bermuda and Mr. Perry (the "Objectors")[1], by and through their undersigned counsel, respectfully submit this memorandum of law in further support of their Opposition to Trustee's Motion for a Letter of Request (ECF No. 374 ("Opp.")).[2]

## PRELIMINARY STATEMENT

The Trustee does not dispute that he bears the burden of persuasion as the party seeking a Letter of Request to obtain the trial testimony of a proposed witness in another country. *See* Trustee's Response in Further Support of Plaintiff's Motion for the Issuance of Letter of Request (ECF No. 380 ("Resp." or "Response")) at 4. Nonetheless, in his Response, which is replete with generalities, the Trustee continues to fail to justify why this Court should ask Bermuda to authorize what appears to be a discovery exercise rather than trial testimony on *sixteen* exceedingly broad topics for examination.[3] Indeed, if there is a reason for obtaining Mr. Perry's trial testimony, those proposed topics and the Trustee's unfocused response hide it from Objectors and the Court. His Motion should be denied.

---

[1] Capitalized terms not otherwise herein defined have the same meaning ascribed to them in the Objectors' Memorandum of Law in Opposition to Trustee's Motion for a Letter of Request (ECF No. 374).

[2] This supplemental memorandum of law does not abridge or limit the rights of Mr. Perry or HSBC Bank Bermuda to further object, if necessary, to the Trustee's request in Bermuda.

[3] Bermuda is not a signatory to the Hague Evidence Convention. Thus, depositions in Bermuda must be taken pursuant to Bermuda law unless the parties stipulate otherwise (and they have not done so here). David R. Kessaram, Thomson Reuters Practical Law, *Litigation and Enforcement in Bermuda: Overview, Practical Law Country Q&A* (2016). Bermuda law does not permit discovery depositions, only the taking of evidence for proof at trial. *See* Declaration of Jessa DeGroote, dated Oct. 29, 2018 ("DeGroote Decl.") Ex. A (Rules of the Supreme Court (Berm. 1985), Rule 39/8(1)(b)) (directing that examinations "shall be conducted in like manner as at the trial of a cause or matter"). Accordingly, the Bermuda courts do not have the power to give effect to a letter of request unless it is "satisfied that there is an intention that the proceedings should continue to trial" such that the witness would be deposed as if he were a witness at trial rather than for discovery purposes, DeGroote Decl. Ex. B (Evidence Act of 1905 (Berm.), Part IIC, 27P); *see also* DeGroote Decl. Ex. C (The Supreme Court Practice 1999: The White Book, Order 39, r.1: Power to order depositions to be taken) (explaining that the effect of the rule is for depositions to be taken "before the trial, of a witness who will be unable to attend it"), and will reject letters of request that do not comply with such limitations, DeGroote Decl. Ex. D (*NetBank v. Commercial Money Ctr.* [2004] Bda L.R. 46, 14) (rejecting three out of four letters of request that were "formulated in the context of pre-trial discovery in the U.S. action" after recognizing that "not only is pre-trial oral discovery not available under Bermuda law; American notions of relevance appear to be far broader than our own").

# ARGUMENT

**I.    The Trustee's Proffered Justifications for His Proposed Topics of Examination Belie That Those Topics Are Immaterial to this Action, Untethered to the Claims and Defenses at Issue, and Discoverable from More Convenient Sources**

The Trustee offers seven generic, repetitive, and – in some instances – incomprehensible responses to the Objectors' Opposition.[4]  These responses generally fall into seven categories. None of them satisfy the Trustee's burden.

*1. Kingate Funds' state of mind.*[5]  The Trustee responds that Mr. Perry's testimony on Topics No. 1-5, 7, and 9-16 will bear on the "Kingate Funds' state of mind."  Resp. Ex. 2.  While information about the Kingate Funds' state of mind is surely relevant to this Action, the Trustee proffers no basis to believe that Mr. Perry will have material information to add to the Kingate Funds' own discovery on this subject or that any of his potential speculation on that subject could possibly constitute admissible testimony.  Mr. Perry is not referenced in the Fourth Amended Complaint whatsoever, and his employer, HSBC Bank Bermuda, is not alleged to know anything about the Kingate Funds' state of mind.  *See* FAC ¶¶ 79, 80 (alleging HSBC Bank Bermuda served as cash custodian).

In fact, there is only one impermissibly generic allegation that an employee of HSBC Monaco communicated directly with Ceretti, after the alleged issuance of a warning about the Kingate Funds, that people would be fired for issuing that warning.  FAC ¶ 225.  Rather than provide a genuine basis for questioning Mr. Perry about that alleged conversation between an

---

[4]    The only response that is in fact tied to a particular claim or defense is with respect to Topic 8, for which the Trustee claims that the testimony would bear on the Kingate Funds' affirmative defense that any transfers made in connection with a swap agreement would not be avoidable.  However, the Trustee provides no explanation as to why the swap agreements themselves would not constitute the best evidence, and a far more convenient source of evidence at that.

[5]    This category of relevance was claimed for FAC ¶¶ 8, 225, 242-46, 253-61 (Resp. Ex. 1) and Topics 1-5, 7, 9-16 (Resp. Ex. 2).

HSBC Monaco employee and Ceretti, the Trustee states that Mr. Perry "would or should have known about serious complaints that HSBC had about the Kingate Funds, even if the complaints came from a different branch of HSBC." Resp. Ex. 1. Beyond ignoring his own allegation that the purported warning was apparently from a "junior guy" rather than a serious complaint from "HSBC," the Trustee fails to explain why any hearsay understanding Mr. Perry may have regarding this connection would be admissible evidence in this case.

    2. *Kingate Funds' business relationships.*[6] The Trustee claims that many of his examination topics – Topics 1-5, 7, 9-11, and 13-16 – bear on the Kingate Funds' "business relationships." It is not clear to the Objectors precisely what this area of examination would include, why Mr. Perry would have knowledge of the Kingate Funds' business relationships beyond its own, or why such relationships with HSBC Bank Bermuda are relevant to this Action. In addition, to the extent that Mr. Perry has knowledge of the Kingate Funds' business relationships, that information is available from a more convenient source, namely the Kingate Funds and any third-parties alleged to have actually had relevant interactions.[7] To the extent the Trustee alleges that Mr. Perry could potentially have some information that would corroborate that learned from the Kingate Funds themselves, the Trustee fails to address why the other parties to those relationships would not be the better source of corroboration.

---

[6]     This category of relevance was claimed for FAC ¶¶ 2-3, 8, 79-80, 225, 242-46, 253-61 (Resp. Ex. 1) and Topics 1-5, 7, 9-11, 13-16 (Resp. Ex. 2).

[7]     The Trustee's only elaboration as to the relevance of "business relationships" is a footnote to that phrase stating that this Court has imputed the knowledge of certain of Kingate Funds' agents to the Funds. Resp. at 4 n.14. HSBC Bank Bermuda, however, is not one of those agents whose knowledge is imputed by this Court's decision, *see* Memorandum Decision, ECF No. 199, and the Trustee provides no explanation for why those agents themselves are not the more convenient source of information regarding the business relationships between themselves and Kingate Funds to which HSBC Bank Bermuda is not a party and about which it would have only hearsay information.

*3. The flow of monies.*[8]  As a preliminary matter, to the extent that the Trustee is seeking testimony regarding the flow of monies to the Kingate Funds, the Trustee provides no explanation for why that information is not better sought from the Kingate Funds, which would presumably have received contemporaneous financial statements.  Further, if the Trustee is in need of some other testimony with regard to those documents, he, again, has not made that clear, although it is in any event difficult to believe that Mr. Perry would have a specific recollection as to the precise flow of monies over a decade ago beyond the information contained in financial documentation.

Moreover, the Trustee's assertion that he "and the Kingate Funds have not reached agreement on the flows of monies into and out of the Kingate Funds" appears to be contradicted by the pleadings in this Action.  Resp. Ex. 1 (addressing ¶¶ 2-3, 247-52).  The Trustee alleged at paragraph 3 of his Complaint that "[s]ince their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly $1 billion from BLMIS."  FAC ¶ 3.  The Kingate Funds, in their Amended Answer, admitted "that the Kingate Funds deposited a combined total of approximately $1.73 billion with BLMIS, and over time withdrew approximately $926 million from BLIMIS."  Amended Answer, ECF No. 302-1 ("Am. Answer"), ¶ 3.  Similarly, to the extent that paragraphs 247 through 252 of the Complaint allege the facts of particular transfers, the Kingate Funds admitted each of the allegations as to those transfers.  Am. Answer ¶ 247-252.  If there is some legitimate dispute regarding the Trustee's claims to which Mr. Perry is relevant, the Trustee has not told us what that is.

---

[8]  This category of relevance was claimed for FAC ¶¶ 2-3, 8, 79-80, 247-52, 253-61 (Resp. Ex. 1) and Topics 1-5, 7, 9, 10, 12, 14, 15 (Resp. Ex. 2).

-4-

*4. HSBC Bank Bermuda's Custodial Procedures*.[9] The Trustee asserts that Mr. Perry has unique information regarding HSBC Bank Bermuda's custodial procedures that the Kingate Funds would not have. There is no claim in, or defense related to, the Trustee's Fourth Amended Complaint that is based upon any of HSBC Bank Bermuda's procedures. Accordingly, to the extent that the Trustee's claim that Mr. Perry possesses unique information is true, the Trustee wholly fails to tie that unique information to any of the claims it has against the Kingate Funds in this action.

*5. External communications*.[10] The Trustee claims that external communications between HSBC Bank Bermuda and the Kingate Funds, their employees, and their agents is again relevant to "the Kingate Funds' state of mind and business relationships, as well as the flow of monies into and out of the Kingate Funds." *See, e.g.*, Resp. Ex. 2 (addressing Topic 7). The Trustee does not make any argument as to why Mr. Perry is the more convenient source of these external communications which occurred nearly or over a decade ago, are not alleged to include Mr. Perry himself, and must be evidenced by relevant documents in order for most reasonable persons to have any recollection of such communications. Particularly with respect to the Trustee's claim that these external communications will bear on "admissions by the Kingate Funds to their agents," *id.* (addressing Topic 11), it is unclear how Mr. Perry could be the more convenient source of such testimony and the Trustee makes no effort to show that he is. Moreover, the Trustee has already received Letters of Request from this Court to depose or seek documents from those individuals he claims to be party to these communications. *See, e.g.*, ECF No. 337 (Grosso); ECF No. 339 (Ceretti); ECF No. 353 (Salahuddin).

---

[9] This category of relevance was claimed for FAC ¶¶ 2-3, 79-80, 242-46 (Resp. Ex. 1) and Topics 1, 3-6, 10, 12, 16 (Resp. Ex. 2).

[10] This category of relevance was claimed for Topics 7, 9, 11, 13 (Resp. Ex. 2).

6. *Internal communications*.[11] The Trustee claims that internal communications are relevant because they "may reference external communications with the Kingate Funds and their agents." Resp. Ex. 2 (addressing Topic 10). While the external communications with the Kingate Funds and their agents could potentially bear on the purported state of mind of those individuals, it is impossible for HSBC Bank Bermuda's internal communications to have any such bearing. The Trustee's assertions that "all of these issues are relevant to the claims and defenses in this proceeding," *id.*, provides scant comfort that the Trustee is genuinely seeking to support his claims against the Kingate Funds rather than discover internal information regarding HSBC Bank Bermuda for other purposes.[12]

---

[11]    This category of relevance was claimed for Topic 10 (Resp. Ex. 2).

[12]    Although HSBC Bank Bermuda and other HSBC entities have been dismissed from many of the Trustee's adversary proceedings, the Trustee has appealed those dismissals which are now pending before the Second Circuit. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re BLMIS)*, Adv. Pro. No. 08-1789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 21, 2016), *appeal docketed sub nom. In re Picard*, No. 17-2992 (2d Cir. Sept. 27, 2017). Additionally, HSBC Bank Bermuda is named as a defendant in an action brought by the Fairfield Liquidators, *Fairfield Sentry Ltd. (In Liquidation) v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-03496 (SMB) (Bankr. S.D.N.Y.), in which the Liquidators and the Trustee have agreed to share in any judgment, *see* Order Approving Settlement Agreement, *Picard v. Fairfield Sentry Ltd.*, Adv. Pro No. 09-01239-SMB (Bankr. S.D.N.Y. July 8, 2011), ECF No. 107.

## CONCLUSION

The Trustee seeks to obtain trial testimony from Mr. Perry, a foreign third party, with respect to sixteen broad topics that are unconnected to the claims pleaded in the Trustee's Complaint against the Kingate Funds and that seek information readily available from more convenient sources. For the foregoing reasons, HSBC Bank Bermuda and Mr. Perry respectfully request that the Court enter an order denying the Motion and granting such other and further relief as this Court may deem just and proper.

Dated: October 29, 2018
New York, New York

Respectfully submitted,

*/s/ Thomas J. Moloney*
Thomas J. Moloney
(tmoloney@cgsh.com)
Diarra M. Guthrie
(dguthrie@cgsh.com)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for HSBC Bank Bermuda Ltd.
and Mr. Craig Perry*