**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos
Ganesh Krishna

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | Adv. Pro. No. 09-01161 (SMB) |
| Plaintiff, | |
| v. | |
| FEDERICO CERETTI, *et al.* | |
| Defendants. | |

## MOTION FOR THE ISSUANCE OF LETTER OF REQUEST

1. Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the bankruptcy estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Royal Courts of Justice in London, England for the examination of United Kingdom resident, Mr. Antony Clark.

2. This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and the United Kingdom are signatories.

3. Mr. Clark is a foreign citizen and non-party. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4. Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (*See* Trustee's Fourth Amended Complaint filed on March 17, 2014, ¶ 1 (ECF No. 100)).

5. His fraud was sustained by infusions of money from around the globe. In particular, domestic and foreign investment vehicles colloquially known as "feeder funds" injected several billions of dollars into his scheme. (*Id.*).

6. Included among these feeder funds were Kingate Global Fund, Ltd., in liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., in liquidation ("Kingate Euro," and with

Kingate Global the "Kingate Funds"). (*Id.*).

7. Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds. The Trustee alleges that Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. The Kingate Funds invested exclusively with BLMIS. The Trustee alleges that since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. The Trustee further alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id.* ¶¶ 2-3).

8. Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). Together, KML and FIM (collectively, the "Kingate Managers") purported to "advise," "consult," and "manage" the Kingate Funds. (*Id.* ¶¶ 4-5).

9. FIM Limited was established in 1981 by Grosso. (*Id.* ¶ 35, 49). It acted as an asset manager of high net worth individuals. Ceretti joined FIM Limited in 1986. In the early 1990s, FIM Limited's business focused on managing funds of funds. (*Id.* ¶ 104). In 2004, Ceretti and Grosso co-founded FIM Advisers, and in August 2005, FIM Advisers took over the business of FIM Limited. (*Id.* ¶¶ 36, 50).

10. In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. (*Id.* ¶¶ 5, 51, 112). FIM Advisers replaced FIM Limited in 2005. (*Id.* ¶ 112). In addition to acting as consultant, at least twelve of FIM's investment funds were invested in the Kingate Funds. (*Id.* ¶ 53).

11. The Trustee alleges that FIM had a robust due diligence process and marketed itself to the public accordingly. The Kingate Funds were among those listed in FIM's reports as being funds for which FIM was responsible. The Trustee alleges FIM funds' investment into the Kingate Funds should have required due diligence on the Kingate Funds and BLMIS.

12. The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**Mr. Clark's Connection to the Kingate Funds**

13. This Application concerns the request for the examination under oath of Mr. Clark, who is located in the United Kingdom. Mr. Clark is a financial professional with significant experience in the financial industry.

14. The Trustee's Request and questions will be limited to the information related to Mr. Clark's participation in or awareness of risk analysis or due diligence regarding BLMIS and BLMIS feeder funds, including the Kingate Funds, and any communications with BLMIS, people associated with the Kingate Funds or their related entities, Ceretti, and Grosso, regarding such analysis or due diligence.

15. Mr. Clark joined FIM as a senior risk analyst in 2007 and he was responsible for the evaluation and monitoring of all hedge fund and fund of fund risks within the FIM portfolios. Mr. Clark previously worked as a hedge fund analyst at Integrated Alternative Advisers Limited, where he was responsible for qualitative and quantitative due diligence for hedge fund investments.

16. The Trustee asserts that Mr. Clark possesses first-hand knowledge of FIM's operations and risk analysis process. In his role, Mr. Clark performed quantitative analysis reports

on funds within the FIM portfolios. On August 12, 2008, Mr. Clark created a quantitative analysis report on Kingate Global Fund Limited, in which he analyzed Kingate's performance data, monthly returns, and risk measures against other indexes, including the S&P 500 Index. Mr. Clark's report illustrated how Kingate Global Fund Limited had very consistent returns and routinely outperformed the S&P 500 Index.

17. The Trustee further asserts that in 2007, by means of email communications that included Mr. Clark, Ceretti, and Grosso, all three of them (along with others at FIM) had knowledge of the due diligence concerns that UBS Investment Bank had with the Kingate Funds. In one email, Joanna Thompson told them that Mary Kleckner from UBS thought Kingate was "a black box" and she asked questions about how much is managed in the strategy and what information FIM receives on the Kingate Funds. In another one of these email communications, Joanna Thompson wrote that Grosso would meet with Mary Kleckner regarding Kingate, to show her the amount of information FIM receives and how comfortable FIM was with the investment.

18. Mr. Clark's role at FIM, his awareness of the due diligence concerns with the Kingate Funds, and his knowledge regarding the quantitative analysis report he wrote analyzing Kingate's performance data, monthly returns, and risk measures, are directly relevant to several allegations in the Fourth Amended Complaint.

**Allegations in the Fourth Amended Complaint Relevant to Mr. Clark**

19. The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA § 78fff-2(c)(3).

20. Various issues and allegations contained in the Fourth Amended Complaint are relevant to Mr. Clark and his involvement with the abovementioned facts, which give rise to the

need for this Request. Specifically, the Trustee anticipates that Mr. Clark will be able to provide further information in relation to the issues and allegations contained in paragraphs 5, 7, 49, 50, 51, 52, 53, 101, 104, 110, 112, 117, 118, 120, 122-134, 137-141, and 146-241 of the Fourth Amended Complaint.

21. For the above reasons, the Trustee believes that the proposed Letter of Request, attached hereto as Exhibit 1, is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
November 1, 2018

Respectfully submitted,

 /s/ Geraldine E. Ponto
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com
Ganesh Krishna
Email: gkrishna@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To:    Susheel Kirpilani
       Robert Loigman
       Rex Lee
       Lindsay Weber

Jordan Harap
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, New York 10010