**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos
Ganesh Krishna

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>                    Plaintiff,<br><br>          v.<br><br>FEDERICO CERETTI, *et al.*<br><br>                    Defendants. | Adv. Pro. No. 09-01161 (SMB) |

## MOTION FOR THE ISSUANCE OF LETTER OF REQUEST

1.      Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the bankruptcy estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, submits this application for the issuance of a Letter of Request to the Royal Courts of Justice in London, England for the examination of United Kingdom resident, Mr. Alexander Guy Ingram.

2.      This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom.  Service will be effected pursuant to the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), to which the United States and the United Kingdom are signatories.

3.      Mr. Ingram is a foreign citizen and non-party.  Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme**

4.      Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (*See* Trustee's Fourth Amended Complaint filed on March 17, 2014, ¶ 1 (ECF No. 100)).

5.      His fraud was sustained by infusions of money from around the globe.  In particular, domestic and foreign investment vehicles colloquially known as "feeder funds" injected several billions of dollars into his scheme.  (*Id*.).

6.      Included among these feeder funds were Kingate Global Fund, Ltd., in liquidation ("Kingate Global") and Kingate Euro Fund, Ltd., in liquidation ("Kingate Euro," and with

Kingate Global the "Kingate Funds"). (*Id.*).

7. Federico Ceretti ("Ceretti") and Carlo Grosso ("Grosso") founded the Kingate Funds. The Trustee alleges that Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. The Kingate Funds invested exclusively with BLMIS. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS and over time withdrew nearly a billion dollars from BLMIS. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code that the Trustee seeks to recover for equitable distribution. (*Id.* ¶¶ 2-3).

8. The Trustee alleges that Ceretti and Grosso structured the Kingate Funds with management companies that they also directly or beneficially owned and controlled. In 1994, Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and its affiliate, FIM Advisers LLP ("FIM Advisers" and with FIM Limited, "FIM"). Together, KML and FIM (collectively, the "Kingate Managers") purported to "advise," "consult," and "manage" the Kingate Funds. (*Id.* ¶¶ 4-5).

9. FIM Limited was established in 1981 by Grosso. (*Id.* ¶ 35, 49). It acted as an asset manager of high net worth individuals. Ceretti joined FIM Limited in 1986. In the early 1990s, FIM Limited's business focused on managing funds of funds. (*Id.* ¶ 104). In 2004, Ceretti and Grosso co-founded FIM Advisers, and in August 2005, FIM Advisers took over the business of FIM Limited. (*Id.* ¶¶ 36, 50).

10. In 1995, FIM Limited was appointed by KML and Kingate Global to provide consulting services to Kingate Global, and later Kingate Euro. (*Id.* ¶¶ 5, 51, 112). FIM Advisers replaced FIM Limited in 2005. (*Id.* ¶ 112). In addition to acting as consultant, at least twelve of

FIM's investment funds were invested in the Kingate Funds. (*Id.* ¶ 53).

11. The Trustee alleges that FIM had a robust due diligence process and marketed itself to the public accordingly. The Kingate Funds were among those listed in FIM's reports as being funds for which FIM was responsible. The Trustee alleges that FIM funds' investment into the Kingate Funds should have required due diligence on the Kingate Funds and BLMIS.

12. The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA, particularly § 78fff-2(c)(3).

**Mr. Ingram's Connection to the Kingate Funds**

13. This Application concerns the request for the examination under oath of Mr. Ingram, who is located in the United Kingdom. Mr. Ingram is a financial professional with significant experience in the financial industry.

14. The Trustee's Request and questions will be limited to the information related to any analysis or due diligence that Mr. Ingram was aware of that was performed on BLMIS and BLMIS feeder funds, including the Kingate Funds, and any communications with BLMIS, the Kingate Funds or their related entities, Ceretti, and Grosso, regarding such analysis or due diligence.

15. Mr. Ingram works in the due diligence department at Albourne in London, United Kingdom. In 2002, Kingate Management Limited sent Albourne their memorandum, subscription procedures, fund description, monthly net returns, and weekly net returns for Kingate Global Fund Limited. In 2008, Mr. Ingram authored a memorandum, in which he warned against investing in Madoff feeder funds, including Kingate, due to a lack of transparency, an inability to understand how the consistent returns are generated, the fact that BLMIS did not even charge management or

performance fees, the amount of money in the strategy was unknown, trade confirmations were sent days after the trade dates despite BLMIS representations about its advanced technology, Albourne had never fully been able to conduct due diligence on BLMIS, and inconsistencies described by different advisors as to the strategy and operations of BLMIS.

16. Mr. Ingram communicated his concerns about Madoff feeder funds to Ms. Eleonore Dachicourt and Mr. Craig Lewis at Credit Suisse. In 2005, Credit Suisse had warned its customers of the risk of investing in Fairfield Sentry Limited, another BLMIS feeder fund, and later on the Kingate Funds. Ceretti became aware of that warning and reached out to Credit Suisse to find out more information, including questions about who was behind issuing the warning.

17. The Trustee asserts that Mr. Ingram had first-hand knowledge of the analysis that Albourne did on Kingate and other Madoff feeder funds. Mr. Ingram authored the analyst assessment warning of the lack of transparency and other red flags with regards to BLMIS and Madoff feeder funds. Mr. Ingram also received an email in 2004 from Annabel Anderson, another Albourne employee, who stated that Kingate was a Madoff feeder fund and "we have grave reservations on the whole Madoff process."

18. The Trustee further asserts that in 2005, by means of his communications with Mr. Aldell, Ceretti had knowledge of the Credit Suisse memorandum warning its investors of a lack of transparency and recommendation that they withdraw their funds. Mr. Aldell told Ceretti in an email that Mr. Craig Lewis was responsible for the Credit Suisse alert recommending to redeem and that it was mainly for Fairfield Sentry Limited and the Kingate Funds. Ceretti was concerned by the memorandum's implications on the Kingate Funds as investors were seeking redemptions.

19. Mr. Ingram's role at Albourne and his knowledge regarding the assessment he wrote discussing concerns about Madoff feeder funds are directly relevant to several allegations in

the Fourth Amended Complaint.

**Allegations in the Fourth Amended Complaint Relevant to Mr. Ingram**

20. The Fourth Amended Complaint, filed on March 17, 2014 in this adversary proceeding, seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to the Kingate Funds under the Bankruptcy Code, the New York Debtor Creditor Law, and SIPA § 78fff-2(c)(3).

21. Various issues and allegations contained in the Fourth Amended Complaint are relevant to Mr. Ingram and his involvement with the abovementioned facts, which give rise to the need for this Request. Specifically, the Trustee anticipates that Mr. Ingram will be able to provide further information in relation to the issues and allegation contained in paragraphs 25, 26, 103, 127, 223, 227, 228, 229, 233, 239, 240, and 241 of the Fourth Amended Complaint.

22. For the above reasons, the Trustee believes that the proposed Letter of Request, attached hereto as Exhibit 1, is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
November 1, 2018

Respectfully submitted,

*/s/ Geraldine E. Ponto*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com
Ganesh Krishna
Email: gkrishna@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

To:   Susheel Kirpilani
　　　Robert Loigman
　　　Rex Lee
　　　Lindsay Weber
　　　Jordan Harap
　　　Quinn Emanuel Urquhart & Sullivan LLP
　　　51 Madison Avenue
　　　New York, New York 10010