**YESKOO HOGAN & TAMLYN, LLP**  Hearing Date: November 28, 2018
909 Third Avenue, Suite 2863-002
New York, New York 10022
(212) 983-0900
Richard C. Yeskoo
yeskoo@yeskoolaw.com
*Attorneys for Claimant*
*FGLS Equity LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**FGLS EQUITY LLC'S PARTIAL OBJECTION WITH RESPECT TO ITS CLAIM NO. 011505 TO TRUSTEE'S TWENTY-THIRD OMNIBUS MOTION TO OVERRULE OBJECTIONS OF CLAIMANTS WHO INVESTED MORE THAN THEY WITHDREW**

Claimant FGLS Equity LLC ("FGLS") submits this partial objection in opposition to the motion of Irving H. Picard (the "Trustee") to overrule in entirety FGLS's objections to the Trustee's determination of the customer claim filed by FGLS (Claim No. 011505), ECF No. 18040 (the "Motion").

## SUMMARY OF ARGUMENT

FGLS timely objected in 2015 to the Trustee's determination that it was not entitled to credit for the initial transfer of $3,149,075.00 from another BLMIS account to its account. Its objection contained two grounds. First, FGLS objected to the sufficiency of the Trustee's determination letter itself, contending that it was facially deficient under Bankruptcy Rule 3007 for lack of specificity and supporting factual allegations. Second, FGLS objected to the Trustee's "Inter-Account Method" for the treatment of transfers between customer accounts. Although the Trustee's current motion requests that the Court overrule FGLS's objection in its entirety, the Trustee does not make any reference to FGLS's first ground for objection to the Trustee's determination, and indeed expressly and erroneously treats FGLS's objection as though it had been based solely on a challenge to the Inter-Account Method.

In light of the Second Circuit's ruling after FGLS filed its objection upholding the Inter-Account Method, FGLS does not object to the Trustee's adoption of a method under which claimants are not entitled to credit for a transfer of fictitious profits from another BLMIS account. However, the Trustee has not moved to dismiss FGLS's objection that the determination letter was facially deficient under Bankruptcy Rule 3007 for lack of specificity and supporting factual allegations, which was and remains a valid objection to the Trustee's determination.

—2—

## STATEMENT OF FACTS

**The FGLS Claim and the Trustee's Determination**

FGLS was a feeder fund that invested clients' money in BLMIS. It suffered significant losses when BLMIS collapsed in late 2008. On June 25, 2009, FGLS filed a claim with the Trustee, designated as Claim No. 011505, seeking its pro rata share of the customer property fund administered by the Trustee. The Trustee made a formal determination of FGLS's claim on October 7, 2015, a copy of which is annexed to the Yeskoo Aff. as Exhibit 1. The Trustee's determination letter stated in relevant part:

> Your claim is ALLOWED for $3,450,000.00 which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, <u>less</u> subsequent withdrawals, as outlined in Table 1 attached hereto. Exhibit 1 at 1.

The attached Table 1 listed the deposits and withdrawals for FGLS's BLMIS account, providing for each transaction an "amount" and an "adjusted amount." Table 1 listed an initial transfer of $3,149,075 from account number 1ZA54230 (Exhibit 1 at 4):

| DEPOSITS | | | |
|---|---|---|---|
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 11/1/2001 | TRANS FROM 1ZA54230 | $3,149,075.00 | $0.0 |

The determination letter provided no information about the reason the Trustee was denying credit for the initial transfer of funds into the FGLS

—3—

account. None of the other deposit transactions listed on Table 1 was adjusted.

**FGL's Objection to the Determination Letter**

FGLS timely filed an objection to the Trustee's determination letter on November 5, 2015, Case No. 08-01789-smb, ECF No. 11976, a copy of which is annexed to the Yeskoo Aff. as Exhibit 2.

FGLS first objected to the Trustee's determination on the grounds that the determination letter was facially insufficient under the Bankruptcy Rules for lack of specificity and supporting allegations.  Exhibit 2-5 at ¶¶ 7-12, 19. It argued:

> [t]he Determination Letter does not specify the basis for the Trustee's decision not to credit the Account with the $3,149,075 Transfer from the Transferor Account. In particular, the Determination Letter does not allege that the Transferor Account consisted only of fictitious profits or that there was no actual net investment in the Transferor Account sufficient to cover the Transfer. Exhibit 2 at 2 ¶ 7.

FGLS concluded its objection by requesting that the Court dismiss the Trustee's objection without leave to amend.  Exhibit 2 at 5 ¶ 19.  In the face of this objection the Trustee did not amend his determination letter to supply factual allegations supporting the account adjustment.[1]

FGLS additionally objected to the Trustee's determination on the grounds that, to the extent that the Trustee was relying upon the Inter-

---

[1]   FGLS acknowledges that the Trustee's counsel explained the factual basis of the Trustee's determination to counsel for FGLS in 2018 in response to counsel's inquiries.

—4—

Account Method, that reliance was improper.  Exhibit 2 at ¶¶ 13-17.  At the time of the filing of FGLS's objection, this Court had already "approve[d] the Inter–Account Method, to wit, calculating the net equity in a transferor account at the time of an inter-account transfer under the Net Investment Method and crediting the inter-account transfer up to the amount of the transferor's recalculated net equity."  *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 522 B.R. 41, 62 (Bankr. S.D.N.Y. 2014) (the "*Inter-Account Method Decision*").  However, that decision was on appeal to the district court, and FGLS adopted by reference the arguments made by the appellants in support of their appeal.  Exhibit 2 at ¶¶ 13, 17.  This Court's *Inter-Account Method Decision* was ultimately affirmed by the District Court and in turn by the Second Circuit.  *In re Bernard L. Madoff Inv. Secs., LLC*, 2016 WL 183492, at *2 (S.D.N.Y. Jan. 14, 2016), *aff'd sub. nom. Sagor v. Picard (In re Bernard L. Madoff Inv. Sec. LLC),* 697 F. App'x 708 (2d Cir. 2017).

In light of these subsequent decisions, FGLS does not object to that portion of the Motion that seeks to overrule its challenge to the Inter-Account Method Decision.

**The Trustee's Motion To Overrule FGLS's Objections**

In the present motion the Trustee requests that the Court overrule FGLS's objections to his determination letter in their entirety. See Motion at 5, 12. However, while the Trustee has explained his basis for seeking dismissal of FGLS's prior challenge to the Inter-Account Method, Motion at 7-8, nowhere in the Motion does the Trustee address the issue of FGLS's first objection or provide the Court with any basis for overruling the first objection. The supporting Declaration of Vineet Sehgal, ECF No. 18041, in fact makes it clear that, for purposes of this motion, the Trustee has consciously treated FGLS's objection as if it were restricted to the Inter-Account Method or three other issues not raised by FGLS. Mr. Sehgal states in relevant part:

> I make this Declaration to verify to the Court that, as consultant to the Trustee and claims agent in the above-captioned case, after conducting a diligent review of BLMIS books and records, we have identified four (4) Objections, which dispute the Trustee's Net Investment Method, the Inter-Account Method and/or request a Time-Based Damages Adjustment or Tax-Based Adjustment.
> ECF No. 18041 at 2.

This Declaration does not apply to FGLS because it did not challenge the Trustee's Net Investment Method or request a Time-Based Damages Adjustment or Tax-Based Adjustment in its objection to the determination letter.

# ARGUMENT

## THE TRUSTEE'S MOTION SHOULD BE DENIED AS TO FGLS'S FIRST OBJECTION BASED ON THE FACIAL DEFICIENCY OF THE DETERMINATION LETTER, BECAUSE THE LETTER LACKS THE SPECIFICITY AND FACTUAL ALLEGATIONS REQUIRED OF AN OBJECTION TO A CLAIM AND THE TRUSTEE HAS FAILED TO ADDRESS FGLS'S OBJECTION IN HIS MOTION.

Under this Court's Claims Procedure Order[2], the Trustee's determination letter served the function of an objection to a claim under Bankruptcy Rule 3007.

> Unlike the typical bankruptcy in which the trustee must formally object to a claim, the Trustee issued a determination letter to the claimant regarding the allowed amount of his net equity claim. If the claimant disagreed with the Trustee's determination, he had to object within thirty days. If the claimant failed to submit a timely objection, the Trustee's determination became final and binding. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), 2018 WL 3617813 at *2 n.3 (Bankr. S.D.N.Y. July 27, 2018).

An earlier decision that comprehensively reviewed the purposes and effect of the Claims Procedure Order shows that the order did not alter claimants' substantive rights under the Bankruptcy Rules. This Court held that mandatory adherence to the order "does not harm" claimants, because they "can argue the same points, allege the same facts, and obtain the same result by following these procedures" as they would have been able to if the order had not been in effect. *Peskin v. Picard (In re Bernard L. Madoff Inv.*

---

[2] *Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief*, dated Dec. 23, 2008, at 6-7 (ECF No. 12).

*Sec. LLC),* 413 B.R. 137, 144 (Bankr. S.D.N.Y.2009), *aff'd,* 440 B.R. 579 (S.D.N.Y. 2010). Accordingly, FGLS is entitled to challenge the Trustee's determination letter on the same grounds that would be available to challenge an objection to its claim filed under Rule 3007.

An objection to a claim under Rule 3007

> should …, at a minimum, allege those facts necessary to support the objection … and provide a description of the theories on which it is based. … An objection to a claim should meet the standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses. … It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses. Collier on Bankruptcy ¶ 3007.01(3) (15th ed.); see *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at *25 (S.D.N.Y. Jan. 13, 2003) (quoting this passage from Collier).

The Trustee's determination letter wholly failed to meet these standards with respect to his decision not to credit FGLS's account with the $3,149,075 transfer from a different BLMIS account. The letter did not contain any facts concerning the account balance in the transferor account, nor did it state that it consisted only of fictitious profits or that there was no actual net equity in the transferor account sufficient to cover the transfer. In short, the letter entirely failed to provide any basis for assigning zero value to the transfer and disallowing that portion of FGLS's claims.[3]

---

[3] These arguments and authorities in support of FGLS's facial deficiency objection were clearly presented in its objection. Exhibit 2 at 2-5.

Accordingly, the Court should deny the Trustee's motion to the extent that it seeks to overrule FGLS's first objection based on the facial deficiency of the determination letter. In the absence of any argument or facts presented in opposition to FGLS's first objection, the Court should instead affirm the objection and rule that FGLS is entitled to an additional credit in its approved customer claim in the amount of $3,149,075.[4]

## CONCLUSION

For the reasons stated above, the Court should deny the Trustee's Motion to the extent that it seeks to overrule FGLS's objections based on its argument that the determination letter is facially insufficient for lack of specificity and factual allegations, and rule that FGLS is entitled to an additional credit in its approved customer claim in the amount of $3,149,075.

Dated: New York, New York  YESKOO HOGAN & TAMLYN, LLP
November 3, 2018  *Attorneys for Claimant FGLS Equity LLC*

By: ____s/_____
Richard C. Yeskoo

---

[4] "To prevent unfairness to the litigants, courts apply a general rule that 'new arguments may not be made in a reply brief.'" *DVL, Inc. v. Gen. Elec. Co.*, 811 F. Supp. 2d 579, 592 (N.D.N.Y.2010), *aff'd sub nom. DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 Fed. App'x 378 (2d Cir. 2012) (*quoting Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)).