**YESKOO HOGAN & TAMLYN, LLP**
909 Third Avenue, Suite 2863-002
New York, New York 10022
(212) 983-0900
Richard C. Yeskoo
yeskoo@yeskoolaw.com
*Attorneys for Claimant*
*FGLS Equity LLC*

Hearing Date: November 28, 2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## AFFIRMATION OF RICHARD C. YESKOO

Richard C. Yeskoo, an attorney duly admitted to practice law in the State of New York, affirms under penalty of perjury as follows:

1.    Annexed hereto as Exhibit 1 is the Trustee's determination of FGLS's Customer Claim.

2.    Annexed hereto as Exhibit 2 is FGLS's objection to the Trustee's determination.

Dated:  November 3, 2018

_____
Richard C. Yeskoo

# EXHIBIT 1

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 7, 2015

FGLS Equity LLC
c/o Steve Mendelow
Citrin Cooperman
529 Fifth Avenue
New York, New York 10017

Dear FGLS Equity LLC:

#### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1F0178, designated as Claim No. 011505:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $3,450,000.00 which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1 attached hereto.

Your **ALLOWED CLAIM** of $3,450,000.00 will be satisfied in the following manner:

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300367497

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE**, the Trustee will partially satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. At this time, you are entitled to $1,683,669.00 (based on 48.802% of your allowed claim) for catch-up distributions the Trustee previously has made. You will also be entitled to additional distributions, if any are made by the Trustee.

**PLEASE TAKE NOTICE:** You did not previously receive a determination letter because your claim was temporarily disallowed pursuant to Bankruptcy Code Section 502(d) in connection with an adversary proceeding pending against you. As a result of the dismissal of the adversary proceeding against you, your claim is now being determined pursuant to this Notice of Trustee's Determination of Claim.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Stuart M. Bernstein, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (SMB) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 7, 2015, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

300367497

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Marc Bogatin, Esq.
       Attorney at Law
       277 Broadway, Suite 900
       New York, New York 10007

3

300367497

**DEPOSITS**

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 11/1/2002 | TRANS FROM 1ZA54230 | $3,149,075.00 | $0.00 |
| 1/3/2003 | CHECK | $95,000.00 | $95,000.00 |
| 3/6/2003 | CHECK | $300,000.00 | $300,000.00 |
| 4/9/2003 | CHECK | $40,000.00 | $40,000.00 |
| 4/23/2003 | CHECK | $40,000.00 | $40,000.00 |
| 5/9/2003 | CHECK | $20,000.00 | $20,000.00 |
| 6/5/2003 | CHECK | $90,000.00 | $90,000.00 |
| 6/10/2003 | CHECK | $200,000.00 | $200,000.00 |
| 7/21/2003 | CHECK | $500,000.00 | $500,000.00 |
| 7/31/2003 | CHECK | $300,000.00 | $300,000.00 |
| 8/12/2003 | CHECK | $185,000.00 | $185,000.00 |
| 9/12/2003 | CHECK | $500,000.00 | $500,000.00 |
| 9/23/2003 | CHECK | $525,000.00 | $525,000.00 |
| 10/14/2003 | CHECK | $170,000.00 | $170,000.00 |
| 11/6/2003 | CHECK | $200,000.00 | $200,000.00 |
| 11/26/2003 | CHECK | $615,000.00 | $615,000.00 |
| 12/5/2003 | CHECK | $270,000.00 | $270,000.00 |
| 3/29/2004 | CHECK | $230,000.00 | $230,000.00 |
| 4/21/2004 | CHECK | $500,000.00 | $500,000.00 |
| 7/13/2004 | CHECK | $150,000.00 | $150,000.00 |
| 9/14/2004 | CHECK | $135,000.00 | $135,000.00 |
| 10/1/2004 | CHECK | $460,000.00 | $460,000.00 |
| 10/28/2004 | CHECK | $525,000.00 | $525,000.00 |
| 11/2/2004 | CHECK | $75,000.00 | $75,000.00 |
| 11/8/2004 | CHECK | $550,000.00 | $550,000.00 |
| 11/23/2004 | CHECK | $50,000.00 | $50,000.00 |
| 12/13/2004 | CHECK | $50,000.00 | $50,000.00 |
| 2/11/2005 | CHECK | $150,000.00 | $150,000.00 |
| 5/9/2005 | CHECK | $150,000.00 | $150,000.00 |
| 5/20/2005 | CHECK | $100,000.00 | $100,000.00 |
| 6/14/2005 | CHECK | $1,170,000.00 | $1,170,000.00 |
| 6/24/2005 | CHECK | $425,000.00 | $425,000.00 |
| 7/20/2005 | CHECK | $50,000.00 | $50,000.00 |
| 8/17/2005 | CHECK | $100,000.00 | $100,000.00 |
| 8/24/2005 | CHECK | $170,000.00 | $170,000.00 |
| 9/26/2005 | CHECK | $150,000.00 | $150,000.00 |
| 11/4/2005 | CHECK | $325,000.00 | $325,000.00 |
| 12/2/2005 | CHECK | $1,000,000.00 | $1,000,000.00 |
| 12/23/2005 | CHECK | $75,000.00 | $75,000.00 |
| 1/11/2006 | CHECK | $200,000.00 | $200,000.00 |
| 2/6/2006 | CHECK | $450,000.00 | $450,000.00 |
| 4/4/2006 | CHECK | $100,000.00 | $100,000.00 |

4

| 5/31/2006 | CHECK | $250,000.00 | $250,000.00 |
| 6/19/2006 | CHECK | $250,000.00 | $250,000.00 |
| 8/15/2006 | CHECK | $200,000.00 | $200,000.00 |
| 9/15/2006 | CHECK | $200,000.00 | $200,000.00 |
| 9/20/2006 | CHECK | $350,000.00 | $350,000.00 |
| 10/18/2006 | CHECK | $275,000.00 | $275,000.00 |
| 12/11/2006 | CHECK | $200,000.00 | $200,000.00 |
| 1/12/2007 | CHECK | $185,000.00 | $185,000.00 |
| 1/16/2007 | CHECK | $240,000.00 | $240,000.00 |
| 1/31/2007 | CHECK | $115,000.00 | $115,000.00 |
| 1/31/2007 | CHECK | $550,000.00 | $550,000.00 |
| 1/31/2007 | CANCEL CHECK | ($550,000.00) | ($550,000.00) |
| 1/31/2007 | CHECK | $55,000.00 | $55,000.00 |
| 2/14/2007 | CHECK | $100,000.00 | $100,000.00 |
| 3/9/2007 | CHECK | $85,000.00 | $85,000.00 |
| 4/2/2007 | CHECK | $175,000.00 | $175,000.00 |
| 4/13/2007 | CHECK | $600,000.00 | $600,000.00 |
| 6/21/2007 | CHECK | $300,000.00 | $300,000.00 |
| 8/14/2007 | CHECK | $50,000.00 | $50,000.00 |
| 9/10/2007 | CHECK | $125,000.00 | $125,000.00 |
| 11/9/2007 | CHECK | $350,000.00 | $350,000.00 |
| 1/16/2008 | CHECK | $125,000.00 | $125,000.00 |
| 2/8/2008 | CHECK | $100,000.00 | $100,000.00 |
| 2/28/2008 | CHECK | $525,000.00 | $525,000.00 |
| 4/7/2008 | CHECK | $700,000.00 | $700,000.00 |
| 4/25/2008 | CHECK | $750,000.00 | $750,000.00 |
| 6/12/2008 | CHECK | $200,000.00 | $200,000.00 |
| 6/30/2008 | CHECK | $500,000.00 | $500,000.00 |
| 8/22/2008 | CHECK | $300,000.00 | $300,000.00 |
| 9/16/2008 | CHECK | $100,000.00 | $100,000.00 |
| 9/29/2008 | CHECK | $850,000.00 | $850,000.00 |
| **Total Deposits:** | | $22,794,075.00 | $19,645,000.00 |

| | | WITHDRAWALS | |
| --- | --- | --- | --- |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 12/24/2002 | CHECK | ($100,000.00) | ($100,000.00) |
| 9/4/2003 | CHECK | ($800,000.00) | ($800,000.00) |
| 11/18/2003 | CHECK | ($300,000.00) | ($300,000.00) |
| 12/17/2003 | CHECK | ($50,000.00) | ($50,000.00) |
| 1/16/2004 | CHECK | ($860,000.00) | ($860,000.00) |
| 1/26/2004 | CHECK | ($60,000.00) | ($60,000.00) |
| 2/26/2004 | CHECK | ($150,000.00) | ($150,000.00) |
| 3/4/2004 | CHECK | ($25,000.00) | ($25,000.00) |
| 6/23/2004 | CHECK | ($600,000.00) | ($600,000.00) |
| 1/26/2005 | CHECK | ($500,000.00) | ($500,000.00) |
| 2/25/2005 | CHECK | ($65,000.00) | ($65,000.00) |
| 9/1/2005 | CHECK | ($70,000.00) | ($70,000.00) |

5

| | | | |
|---|---|---|---|
| 9/7/2005 | CHECK | ($500,000.00) | ($500,000.00) |
| 1/17/2006 | CHECK | ($4,350,000.00) | ($4,350,000.00) |
| 7/26/2006 | CHECK | ($200,000.00) | ($200,000.00) |
| 11/10/2006 | CHECK | ($100,000.00) | ($100,000.00) |
| 11/21/2006 | CHECK | ($300,000.00) | ($300,000.00) |
| 12/19/2006 | CHECK | ($450,000.00) | ($450,000.00) |
| 2/5/2007 | CHECK | ($65,000.00) | ($65,000.00) |
| 4/9/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 5/7/2007 | CHECK | ($100,000.00) | ($100,000.00) |
| 5/11/2007 | CHECK | ($500,000.00) | ($500,000.00) |
| 5/21/2007 | CHECK | ($100,000.00) | ($100,000.00) |
| 6/8/2007 | CHECK | ($250,000.00) | ($250,000.00) |
| 8/28/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 9/26/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 11/30/2007 | CHECK | ($300,000.00) | ($300,000.00) |
| 12/6/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 12/17/2007 | CHECK | ($250,000.00) | ($250,000.00) |
| 12/19/2007 | CHECK | ($100,000.00) | ($100,000.00) |
| 4/3/2008 | CHECK | ($700,000.00) | ($700,000.00) |
| 5/14/2008 | CHECK | ($200,000.00) | ($200,000.00) |
| 5/28/2008 | CHECK | ($125,000.00) | ($125,000.00) |
| 6/2/2008 | CHECK | ($125,000.00) | ($125,000.00) |
| 6/2/2008 | STOP PAYMENT | $125,000.00 | $125,000.00 |
| 7/30/2008 | CHECK | ($300,000.00) | ($300,000.00) |
| 8/26/2008 | CHECK | ($325,000.00) | ($325,000.00) |
| 9/19/2008 | CHECK | ($1,225,000.00) | ($1,225,000.00) |
| 10/14/2008 | CHECK | ($125,000.00) | ($125,000.00) |
| 10/29/2008 | CHECK | ($250,000.00) | ($250,000.00) |
| 10/31/2008 | CHECK | ($1,200,000.00) | ($1,200,000.00) |
| 11/24/2008 | CHECK | ($400,000.00) | ($400,000.00) |
| **Total Withdrawals:** | | ($16,195,000.00) | ($16,195,000.00) |
| | | | |
| **Total deposits less withdrawals:** | | $6,599,075.00 | $3,450,000.00 |

6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789-SMB |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

## PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that FGLS Equity LLC, located at c/o Steve Mendelow, Citrin Cooperman, 529 Fifth Avenue, New York, New York 10017 (hereinafter referred to as the "Assignor") in consideration of the payment of $500,000.00 to satisfy in part its claim for customer protection (the "Customer Claim", having been designated Claim #011505) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for itself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1F0178, the "BLMIS Account"), which gave rise to the allowed Customer

Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that
Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action
or other right against BLMIS, its principals or agents or any third party arising out of or related
to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with
the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals
or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee
to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to
recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any
collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or
SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt
from the SIPA Trustee or his agent of a check in the amount of $500,000.00 as set forth in the
SIPA Trustee's Notice of Determination of the Customer Claim dated October 7, 2015 (the
"Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized
Partial Assignment and Release, the Assignor does for itself, and for its executors,
administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee
and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer
Claim, and, as the case may be, their officers, directors, professionals, employees, agents,
successors and assigns, of and from any and all claims arising out of or relating to the Assignor's
BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions
of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor

now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the

beginning of the world to the date of the execution of this Partial Assignment and Release, only

to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy

Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance

with the SIPA Trustee's Determination and under this Partial Assignment and Release.

The undersigned acknowledge that they are authorized to execute this Partial Assignment

and Release on behalf of FGLS Equity LLC.

**IN WITNESS WHEREOF,** the undersigned have on this day set forth below duly

executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be

legally bound hereby.

**FGLS EQUITY LLC**

**By:  Sands Family Partnership**

By: _____
                    Franklin Sands


Sworn and subscribed before me this
_____ day of _____, 2015.


_____
        Notary Public

**FGLS EQUITY LLC**

**By: Schupak Group Defined Benefit Plan**

By: _____
      Donald Schupak

Sworn and subscribed before me this
_____ day of _____, 2015.

_____
      Notary Public

**FGLS EQUITY LLC**

By: _____
      Mark Brown

Sworn and subscribed before me this
_____ day of _____, 2015.

_____
      Notary Public

**FGLS EQUITY LLC**

**By: Sajust LLC**

By: _____
      Larry Warshaw

Sworn and subscribed before me this
_____ day of _____, 2015.

_____
      Notary Public

**FGLS EQUITY LLC**

By: _____
     Mark Weinberg

Sworn and subscribed before me this
____ day of _____, 2015.

_____
     Notary Public

**FGLS EQUITY LLC**

**By:  Mendelow Family Foundation**

     By: _____
        Pamela Christian

Sworn and subscribed before me this
____ day of _____, 2015.

_____
     Notary Public

**FGLS EQUITY LLC**

By: _____
     Jonathan Goldner

Sworn and subscribed before me this
____ day of _____, 2015.

_____
     Notary Public

**FGLS EQUITY LLC**

By: _____
     Dina Goldner

Sworn and subscribed before me this
____ day of _____, 2015.

_____
     Notary Public

**FGLS EQUITY LLC**

By: _____
     Peggy Mendelow

Sworn and subscribed before me this
____ day of _____, 2015.

_____
     Notary Public

**FGLS EQUITY LLC**

By: _____
     Jedd Benjamin Levine

Sworn and subscribed before me this
____ day of _____, 2015.

_____
     Notary Public

**FGLS EQUITY LLC**

**By:  The May LLC**

By: _____
      Susan Jordan

Sworn and subscribed before me this
_____ day of _____, 2015.

_____
      Notary Public

**FGLS EQUITY LLC**

**By:  Carol Ann Enterprises Pension Plan**

By: _____
      Larry Warshaw

Sworn and subscribed before me this
_____ day of _____, 2015.

_____
      Notary Public

**FGLS EQUITY LLC**

**By:  Robin Silna 1997 Trust**

By: _____
      Dan Silna

Sworn and subscribed before me this
_____ day of _____, 2015.

_____
      Notary Public

**FGLS EQUITY LLC**

By:  **Jeffrey Silna 1997 Trust**

By: _____
     Dan Silna

Sworn and subscribed before me this
_____ day of _____, 2015.


_____
          Notary Public


**FGLS EQUITY LLC**

By: _____
     Jon Alexion

Sworn and subscribed before me this
_____ day of _____, 2015.


_____
          Notary Public


**FGLS EQUITY LLC**

By: _____
     Steve Turchin

Sworn and subscribed before me this
_____ day of _____, 2015.


_____
          Notary Public

**FGLS EQUITY LLC**

By: _____

       Rochelle Kremins

Sworn and subscribed before me this
____ day of _____, 2015.

_____

       Notary Public

**FGLS EQUITY LLC**

By: _____

       Eilhys England

Sworn and subscribed before me this
____ day of _____, 2015.

_____

       Notary Public

**FGLS EQUITY LLC**

**By:  MAJ Partners LLC**

       By: _____

         Pamela Christian

Sworn and subscribed before me this
____ day of _____, 2015.

_____

       Notary Public

# EXHIBIT 2

Stanley S. Arkin (SA-1373)
Lisa C. Solbakken
Alex Reisen
ARKIN SOLBAKKEN LLP
750 Lexington Avenue, 25th Floor
New York, New York 10022
(212) 333-0200
sarkin@arkin-law.com
*Attorneys for FGLS Equity LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                             :

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : SIPA LIQUIDATION |
| | : |
| | : Index No. 08-01789 |
| Plaintiff | : (SMB) |
| | : |
| vs. | : |
| | : |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, et al., | : **OBJECTION TO** |
| | : **TRUSTEE'S** |
| | : **DETERMINATION OF** |
| Defendants, | : **CLAIM** |
| | : |
| | : |

------------------------------------------------------------------x

       FGLS Equity LLC ("FGLS") hereby objects to the Notice of Trustee's Determination of

Claim dated October 7, 2015 (the "Determination Letter") and states as follows:

## BACKGROUND FACTS

       1.     FGLS holds an account with Bernard L. Madoff Investment Securities LLC

("BLMIS"), bearing BLMIS Account No. 1F0178 (the "Account").

       2.     According to the Trustee, during the period from November 1, 2002 through

November 24, 2008, FGLS deposited a total of $22,794,075 into the Account and withdrew a

total of $16,195,000 from the Account.  However, the Trustee is crediting the Account with

deposits of only $19,645,000 because the Trustee has assigned no value to a transfer (the "Transfer") made from another BLMIS account (the "Transferor Account") in the amount of $3,149,075.

      3.      It is important to note that this Transfer was a true arms-length transaction, rather than the mere shuffling of funds among accounts belonging to the same individual or entity.

      4.      FGLS sent a SIPC claim to the Trustee for the Account asserting a claim for $12,245,897.63 based upon its final BLMIS statement.

      5.      In the Determination Letter, the Trustee allowed FGLS's claim in the amount of $3,450,000, ignoring the full amount of the Transfer and ignoring all appreciation in the Account. *See* Exhibit A hereto.

      6.      The Determination Letter attaches a table ("Table 1") listing each deposit and withdrawal. In relevant part, Table 1 reads as follows:

| DEPOSITS | | | |
|---|---|---|---|
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 11/1/2002 | TRANS FROM 1ZA54230 | $3,149,075.00 | $0.00 |

*See* Exhibit A at 4.

      7.      The Determination Letter does not specify the basis for the Trustee's decision not to credit the Account with the $3,149,075 Transfer from the Transferor Account. In particular, the Determination Letter does not allege that the Transferor Account consisted only of fictitious profits or that there was no actual net investment in the Transferor Account sufficient to cover the Transfer.

## GROUNDS FOR OBJECTION

      8.      The Trustee has failed to state a basis in the Determination Letter for the position it has taken. Thus, the Trustee has not complied with the requirement that an

> objection to a claim should . . . meet the [pleading] standards of an answer.
> It should make clear which facts are disputed; it should allege facts
> necessary to affirmative defenses; and it should describe the theoretical
> bases of those defenses.

Collier on Bankruptcy ¶ 3007.01(3) (15th ed.); *In re Enron Corp.*, No. 01-16034, 2003 Bankr.

LEXIS 2261, at *25 (S.D.N.Y. Jan. 13, 2003).

9.      In particular, last year this Court issued a decision approving the Trustee's so-

called "Inter-Account Method" for the treatment of transfers from one BLMIS customer account

to another BLMIS customer account. *See SIPC v. BLMIS LLC*, 522 B.R. 41, 62 (Bankr.

S.D.N.Y. 2014) (the "Inter-Account Method Decision"). In this decision, the Court made clear

that (i) the Trustee first uses the Net Investment Method to determine the actual net investment in

the Transferor Account (excluding fictitious profits), and (ii) then credits the transferee account

(in this case, FGLS's account) with a transfer in that amount. *See id.* at 47-48.

10.      For example, if the Transferor Account had an account balance of $10 million,

computed under the Net Investment Method, this would be enough to cover the entire

$3,149,075 transfer, and FGLS's account would be credited with the full $3,149,075. If, on the

other hand, the Transferor Account had an account balance of only $2 million computed under

the Net Investment Method, then FGLS's account would receive credit for only $2 million.

11.      However, the Determination Letter does not specify – or even mention – the

account balance of the Transferor Account, and nowhere alleges that it contained entirely of

fictitious profits or provides any other basis for assigning zero value to the Transfer. The

Determination Letter thus fails to allege the basis for disallowing, in its entirety, this portion of

FGLS's claims.

3

12.    To the extent the Transferor Account contained some net investment amount, then
the FGLS Account should be credited with a transfer in that amount. *Inter-Account Method
Decision*, 522 B.R. at 47-48.

13.    FGLS also adopts and incorporates the same arguments raised by the "Objecting
Claimants" in their objections to the motion underlying the Inter-Account Method Decision. *See
Inter-Account Method Decision*, 522 B.R. at 53-62 (describing and rejecting arguments). While
FGLS recognizes that this Court has considered and rejected these arguments, FGLS respectfully
adopts those arguments for purposes of preserving its rights on appeal.

14.    For example – among other things – the Determination Letter fails to comply with
the Court order dated December 23, 2008, which directs the Trustee to satisfy customer claims
and to deliver securities in accordance with "the Debtor's books and records" – as BLMIS's
customer account statements are reflective of "the Debtor's books and records" by which the
Trustee is bound, absent proof that FGLS did not have a "legitimate expectation" that the balance
on the Account statement represented its property.

15.    Further, application of the Inter-Account Method to a transfer occurring more
than two years prior to the BLMIS SIPA liquidation proceeding violates the statutory two-year
reach-back period for fraudulent transfers set forth in Bankruptcy Code § 548(a)(1)(A).

16.    The Inter-Account Method also prioritizes form over substance, as it treats
economically identical transactions differently – penalizing customers who received funds by
direct inter-account transfers, but not customers who received the same funds by way of a
separate withdrawal and deposit.

4

17.     These arguments, and other arguments previously raised by the "Objecting Claimants" (as set forth in the *Inter-Account Method Decision*), are hereby incorporated into this Opposition for purposes of preserving FGLS's rights.

18.     For these reasons, FGLS respectfully submits that it is entitled to an order compelling the Trustee and SIPC to have its claim recognized in the amount of $12,245,897.63, consistent with its final statements.

19.     Further, as the Trustee was indisputably aware of its obligation to "make clear which facts are disputed" and to "allege facts necessary to [its position]," but nonetheless wholly declined to do so, FGLS respectfully requests that this Court dismiss the Trustee's objection without leave to amend.

Dated:   New York, New York
         November 5, 2015                          ARKIN SOLBAKKEN LLP

                                                   By: /s/ *Stanley S. Arkin*
                                                   Stanley S. Arkin (SA-1373)
                                                   Lisa C. Solbakken
                                                   Alex Reisen
                                                   Arkin Solbakken LLP
                                                   750 Lexington Avenue – 25th Floor
                                                   New York, New York 10022
                                                   (212) 333-0200
                                                   *Attorneys for FGLS Equity LLC*

5

# EXHIBIT A

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]


## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM


October 7, 2015

FGLS Equity LLC
c/o Steve Mendelow
Citrin Cooperman
529 Fifth Avenue
New York, New York 10017

Dear FGLS Equity LLC:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1F0178, designated as Claim No. 011505:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $3,450,000.00 which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1 attached hereto.

Your **ALLOWED CLAIM** of $3,450,000.00 will be satisfied in the following manner:

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE**, the Trustee will partially satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. At this time, you are entitled to $1,683,669.00 (based on 48.802% of your allowed claim) for catch-up distributions the Trustee previously has made. You will also be entitled to additional distributions, if any are made by the Trustee.

**PLEASE TAKE NOTICE:** You did not previously receive a determination letter because your claim was temporarily disallowed pursuant to Bankruptcy Code Section 502(d) in connection with an adversary proceeding pending against you. As a result of the dismissal of the adversary proceeding against you, your claim is now being determined pursuant to this Notice of Trustee's Determination of Claim.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Stuart M. Bernstein, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (SMB) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court and the Trustee within **THIRTY DAYS** after October 7, 2015, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

300000761.5                                    2

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Arkin Solbakken LLP
       750 Lexington Avenue
       25th Floor
       New York, New York 10022
       Attention:  Lisa Solbakken, Esq.
                   Stanley Arkin, Esq.
                   Alex Reisen, Esq.

       Marc Bogatin, Esq.
       Attorney at Law
       277 Broadway, Suite 900
       New York, New York 10007

| | – Table 1 – | | |
|---|---|---|---|
| | **DEPOSITS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 11/1/2002 | TRANS FROM 1ZA54230 | $3,149,075.00 | $0.00 |
| 1/3/2003 | CHECK | $95,000.00 | $95,000.00 |
| 3/6/2003 | CHECK | $300,000.00 | $300,000.00 |
| 4/9/2003 | CHECK | $40,000.00 | $40,000.00 |
| 4/23/2003 | CHECK | $40,000.00 | $40,000.00 |
| 5/9/2003 | CHECK | $20,000.00 | $20,000.00 |
| 6/5/2003 | CHECK | $90,000.00 | $90,000.00 |
| 6/10/2003 | CHECK | $200,000.00 | $200,000.00 |
| 7/21/2003 | CHECK | $500,000.00 | $500,000.00 |
| 7/31/2003 | CHECK | $300,000.00 | $300,000.00 |
| 8/12/2003 | CHECK | $185,000.00 | $185,000.00 |
| 9/12/2003 | CHECK | $500,000.00 | $500,000.00 |
| 9/23/2003 | CHECK | $525,000.00 | $525,000.00 |
| 10/14/2003 | CHECK | $170,000.00 | $170,000.00 |
| 11/6/2003 | CHECK | $200,000.00 | $200,000.00 |
| 11/26/2003 | CHECK | $615,000.00 | $615,000.00 |
| 12/5/2003 | CHECK | $270,000.00 | $270,000.00 |
| 3/29/2004 | CHECK | $230,000.00 | $230,000.00 |
| 4/21/2004 | CHECK | $500,000.00 | $500,000.00 |
| 7/13/2004 | CHECK | $150,000.00 | $150,000.00 |
| 9/14/2004 | CHECK | $135,000.00 | $135,000.00 |
| 10/1/2004 | CHECK | $460,000.00 | $460,000.00 |
| 10/28/2004 | CHECK | $525,000.00 | $525,000.00 |
| 11/2/2004 | CHECK | $75,000.00 | $75,000.00 |
| 11/8/2004 | CHECK | $550,000.00 | $550,000.00 |
| 11/23/2004 | CHECK | $50,000.00 | $50,000.00 |
| 12/13/2004 | CHECK | $50,000.00 | $50,000.00 |
| 2/11/2005 | CHECK | $150,000.00 | $150,000.00 |
| 5/9/2005 | CHECK | $150,000.00 | $150,000.00 |
| 5/20/2005 | CHECK | $100,000.00 | $100,000.00 |
| 6/14/2005 | CHECK | $1,170,000.00 | $1,170,000.00 |
| 6/24/2005 | CHECK | $425,000.00 | $425,000.00 |
| 7/20/2005 | CHECK | $50,000.00 | $50,000.00 |
| 8/17/2005 | CHECK | $100,000.00 | $100,000.00 |
| 8/24/2005 | CHECK | $170,000.00 | $170,000.00 |
| 9/26/2005 | CHECK | $150,000.00 | $150,000.00 |
| 11/4/2005 | CHECK | $325,000.00 | $325,000.00 |
| 12/2/2005 | CHECK | $1,000,000.00 | $1,000,000.00 |
| 12/23/2005 | CHECK | $75,000.00 | $75,000.00 |
| 1/11/2006 | CHECK | $200,000.00 | $200,000.00 |
| 2/6/2006 | CHECK | $450,000.00 | $450,000.00 |
| 4/4/2006 | CHECK | $100,000.00 | $100,000.00 |

| | | | |
|---|---|---|---|
| 5/31/2006 | CHECK | $250,000.00 | $250,000.00 |
| 6/19/2006 | CHECK | $250,000.00 | $250,000.00 |
| 8/15/2006 | CHECK | $200,000.00 | $200,000.00 |
| 9/15/2006 | CHECK | $200,000.00 | $200,000.00 |
| 9/20/2006 | CHECK | $350,000.00 | $350,000.00 |
| 10/18/2006 | CHECK | $275,000.00 | $275,000.00 |
| 12/11/2006 | CHECK | $200,000.00 | $200,000.00 |
| 1/12/2007 | CHECK | $185,000.00 | $185,000.00 |
| 1/16/2007 | CHECK | $240,000.00 | $240,000.00 |
| 1/31/2007 | CHECK | $115,000.00 | $115,000.00 |
| 1/31/2007 | CHECK | $550,000.00 | $550,000.00 |
| 1/31/2007 | CANCEL CHECK | ($550,000.00) | ($550,000.00) |
| 1/31/2007 | CHECK | $55,000.00 | $55,000.00 |
| 2/14/2007 | CHECK | $100,000.00 | $100,000.00 |
| 3/9/2007 | CHECK | $85,000.00 | $85,000.00 |
| 4/2/2007 | CHECK | $175,000.00 | $175,000.00 |
| 4/13/2007 | CHECK | $600,000.00 | $600,000.00 |
| 6/21/2007 | CHECK | $300,000.00 | $300,000.00 |
| 8/14/2007 | CHECK | $50,000.00 | $50,000.00 |
| 9/10/2007 | CHECK | $125,000.00 | $125,000.00 |
| 11/9/2007 | CHECK | $350,000.00 | $350,000.00 |
| 1/16/2008 | CHECK | $125,000.00 | $125,000.00 |
| 2/8/2008 | CHECK | $100,000.00 | $100,000.00 |
| 2/28/2008 | CHECK | $525,000.00 | $525,000.00 |
| 4/7/2008 | CHECK | $700,000.00 | $700,000.00 |
| 4/25/2008 | CHECK | $750,000.00 | $750,000.00 |
| 6/12/2008 | CHECK | $200,000.00 | $200,000.00 |
| 6/30/2008 | CHECK | $500,000.00 | $500,000.00 |
| 8/22/2008 | CHECK | $300,000.00 | $300,000.00 |
| 9/16/2008 | CHECK | $100,000.00 | $100,000.00 |
| 9/29/2008 | CHECK | $850,000.00 | $850,000.00 |
| **Total Deposits:** | | $22,794,075.00 | $19,645,000.00 |

| WITHDRAWALS | | | |
|---|---|---|---|
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 12/24/2002 | CHECK | ($100,000.00) | ($100,000.00) |
| 9/4/2003 | CHECK | ($800,000.00) | ($800,000.00) |
| 11/18/2003 | CHECK | ($300,000.00) | ($300,000.00) |
| 12/17/2003 | CHECK | ($50,000.00) | ($50,000.00) |
| 1/16/2004 | CHECK | ($860,000.00) | ($860,000.00) |
| 1/26/2004 | CHECK | ($60,000.00) | ($60,000.00) |
| 2/26/2004 | CHECK | ($150,000.00) | ($150,000.00) |
| 3/4/2004 | CHECK | ($25,000.00) | ($25,000.00) |
| 6/23/2004 | CHECK | ($600,000.00) | ($600,000.00) |
| 1/26/2005 | CHECK | ($500,000.00) | ($500,000.00) |
| 2/25/2005 | CHECK | ($65,000.00) | ($65,000.00) |
| 9/1/2005 | CHECK | ($70,000.00) | ($70,000.00) |

300000761.5

5

| | | | |
|---|---|---|---|
| 9/7/2005 | CHECK | ($500,000.00) | ($500,000.00) |
| 1/17/2006 | CHECK | ($4,350,000.00) | ($4,350,000.00) |
| 7/26/2006 | CHECK | ($200,000.00) | ($200,000.00) |
| 11/10/2006 | CHECK | ($100,000.00) | ($100,000.00) |
| 11/21/2006 | CHECK | ($300,000.00) | ($300,000.00) |
| 12/19/2006 | CHECK | ($450,000.00) | ($450,000.00) |
| 2/5/2007 | CHECK | ($65,000.00) | ($65,000.00) |
| 4/9/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 5/7/2007 | CHECK | ($100,000.00) | ($100,000.00) |
| 5/11/2007 | CHECK | ($500,000.00) | ($500,000.00) |
| 5/21/2007 | CHECK | ($100,000.00) | ($100,000.00) |
| 6/8/2007 | CHECK | ($250,000.00) | ($250,000.00) |
| 8/28/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 9/26/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 11/30/2007 | CHECK | ($300,000.00) | ($300,000.00) |
| 12/6/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 12/17/2007 | CHECK | ($250,000.00) | ($250,000.00) |
| 12/19/2007 | CHECK | ($100,000.00) | ($100,000.00) |
| 4/3/2008 | CHECK | ($700,000.00) | ($700,000.00) |
| 5/14/2008 | CHECK | ($200,000.00) | ($200,000.00) |
| 5/28/2008 | CHECK | ($125,000.00) | ($125,000.00) |
| 6/2/2008 | CHECK | ($125,000.00) | ($125,000.00) |
| 6/2/2008 | STOP PAYMENT | $125,000.00 | $125,000.00 |
| 7/30/2008 | CHECK | ($300,000.00) | ($300,000.00) |
| 8/26/2008 | CHECK | ($325,000.00) | ($325,000.00) |
| 9/19/2008 | CHECK | ($1,225,000.00) | ($1,225,000.00) |
| 10/14/2008 | CHECK | ($125,000.00) | ($125,000.00) |
| 10/29/2008 | CHECK | ($250,000.00) | ($250,000.00) |
| 10/31/2008 | CHECK | ($1,200,000.00) | ($1,200,000.00) |
| 11/24/2008 | CHECK | ($400,000.00) | ($400,000.00) |
| **Total Withdrawals:** | | ($16,195,000.00) | ($16,195,000.00) |
| **Total deposits less withdrawals:** | | $6,599,075.00 | $3,450,000.00 |