# EXHIBIT A

**CHAITMAN LLP**
Gregory M. Dexter
gdexter@chaitmanllp.com
465 Park Ave,
New York, New York 10022
Phone & Fax: 888.759.1114

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff <br><br> Plaintiff, <br><br> v. <br><br> DEFENDANTS LISTED ON SCHEDULE A ATTACHED TO THE ACCOMPANYING SUBPOENA, <br><br> Defendant. | Adv. Pro. Nos. listed on Schedule A Attached to the Accompanying Subpoena |

<u>NOTICE OF SUBPOENA TO
WALTER T. TILETNICK</u>

**PLEASE TAKE NOTICE,** pursuant to Federal Rules of Civil Procedure 45 and Rule

9017 of the Federal Rules of Bankruptcy Procedure as made applicable to these proceedings by

{00038200 3 }

Rule 9016 of the Federal Rules of Bankruptcy Procedure, that Defendants, as referenced on the attached "**Schedule A**" ("Defendants"), by and through their undersigned counsel, will serve a Subpoena in the form attached hereto, on non-party Walter T. Tiletnick, a former employee for Bernard L. Madoff and Bernard L. Madoff Investment Securities, LLC, to testify at a deposition and produce documents, information, or objects on November 30th, 2018 at 10:00 a.m. at the offices of Chaitman, LLP, 465 Park Avenue, New York, New York 10022. Contemporaneously with service of the Subpoena, we are informing Mr. Tiletnick that compliance is stayed pending further order of the Bankruptcy Court but that he should take necessary steps to preserve documents.

A true and correct copy of the subpoena is attached hereto as "**Exhibit A**".

Dated: New York, New York
November 7, 2018

Respectfully submitted,

**CHAITMAN LLP**
By: /s/ *Gregory M. Dexter*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
gdexter@chaitmanllp.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 7th day of November, 2018 by electronic mail and the 8th day of November, 2018 by USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Edward J. Jacobs
Email: ejacobs@bakerlaw.com

        **CHAITMAN LLP**
        By: /s/ *Gregory M. Dexter*
        465 Park Avenue
        New York, New York 10022
        Phone & Fax: 888.759.1114
        gdexter@chaitmanllp.com

        *Attorneys for Defendants*

{00038200 3 }        3

# EXHIBIT A

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of __New York__

In re __Bernard L. Madoff Investment Securities, LLC__
Debtor

Case No. __08-01789 (SMB)__

*(Complete if issued in an adversary proceeding)*
IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC
Plaintiff

DEFENDANTS LISTED ON SCHEDULE A ATTACHED TO THE ACCOMPANYING SUBPOENA
Defendant

Chapter __SIPA Liquidation__

Adv. Proc. No. __as listed on Schedule A Attached to the Accompanying Subpoena__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Walter T. Tiletnick, 440 E. 13th St., Apt. A2, New York, NY 10009__
*(Name of person to whom the subpoena is directed)*

[x] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE  Chaitman, LLP, Gregory M. Dexter, Esq., 465 Park Ave., New York, NY 10022  gdexter@ChaitmanLLP.com, Office telephone: (888) 759-1114 | DATE AND TIME  November 30, 2018 at 10:00 am |
|---|---|

The deposition will be recorded by this method: Sound, visual and stenographic means

[x] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See ATTACHMENT "A"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 7, 2018

CLERK OF COURT

OR

_____           /s/ Gregory M. Dexter
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Defendants as stated on Schedule A, attached**, who issues or requests this subpoena, are:
Chaitman, LLP, Gregory M. Dexter, Esq., 465 Park Ave., New York, NY 10022, gdexter@ChaitmanLLP.com, Office telephone: (888) 759-1114

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

## SCHEDULE A

|     | APN | Case Name | Counsel |
|---|---|---|---|
| 1. | 10-04292 | Robert Roman | Chaitman LLP |
| 2. | 10-04302 | Joan Roman | Chaitman LLP |
| 3. | 10-04327 | Gertrude E. Alpern Revocable Trust, et al. | Chaitman LLP |
| 4. | 10-04352 | RAR Entrepreneurial Fund LTD, et al. | Chaitman LLP |
| 5. | 10-04367 | Benjamin T. Heller | Chaitman LLP |
| 6. | 10-04397 | Fern C. Palmer Revocable Trust Dtd 12/31/9, et al. | Chaitman LLP |
| 7. | 10-04428 | Estate of Allen Meisels, et al. | Chaitman LLP |
| 8. | 10-04438 | Estate of Seymour Epstein, et al. | Chaitman LLP |
| 9. | 10-04446 | Trust Dated 12/6/99 Walter and Eugenie Kissinger, et al. | Chaitman LLP |
| 10. | 10-04469 | Carol L. Kamenstein, individually and in her capacity as joint | Chaitman LLP |
| 11. | 10-04489 | Marlene Krauss | Chaitman LLP |
| 12. | 10-04491 | Elaine Dine Living Trust dated 5/12/06, et al. | Chaitman LLP |
| 13. | 10-04503 | Judd Robbins | Chaitman LLP |
| 14. | 10-04539 | The Gerald and Barbara Keller Family Trust, et al. | Chaitman LLP |
| 15. | 10-04541 | Kenneth W Perlman, et al. | Chaitman LLP |
| 16. | 10-04545 | Jerome Goodman, et al. | Chaitman LLP |
| 17. | 10-04562 | Robert F. Ferber | Chaitman LLP |
| 18. | 10-04570 | Jacob M. Dick Rev Living Trust DTD 4/6/01, et al. | Chaitman LLP |
| 19. | 10-04610 | The Whitman Partnership, et al. | Chaitman LLP |
| 20. | 10-04614 | Robert S. Whitman | Chaitman LLP |
| 21. | 10-04621 | Donald A. Benjamin | Chaitman LLP |
| 22. | 10-04644 | Russell L. Dusek | Chaitman LLP |
| 23. | 10-04648 | Peter D. Kamenstein | Chaitman LLP |
| 24. | 10-04709 | Andrew M. Goodman | Chaitman LLP |
| 25. | 10-04718 | The Jordan H. Kart Revocable Trust, et al. | Chaitman LLP |
| 26. | 10-04728 | Estate of Bruno L. Di Giulian, et al. | Chaitman LLP |
| 27. | 10-04740 | Robert Hirsch, as an individual, and as joint tenant, et al. | Chaitman LLP |
| 28. | 10-04748 | Mark Horowitz | Chaitman LLP |
| 29. | 10-04749 | Philip F. Palmedo | Chaitman LLP |
| 30. | 10-04752 | Kuntzman Family LLC, et al. | Chaitman LLP |
| 31. | 10-04753 | Carla Ginsburg | Chaitman LLP |
| 32. | 10-04762 | James M. Goodman | Chaitman LLP |
| 33. | 10-04768 | Placon2, William R. Cohen, et al. | Chaitman LLP |
| 34. | 10-04806 | Kenneth M. Kohl, as an individual and as a joint tenant, et al. | Chaitman LLP |
| 35. | 10-04809 | Edyne Gordon NTC | Chaitman LLP |
| 36. | 10-04818 | Toby Harwood | Chaitman LLP |
| 37. | 10-04823 | Frank DiFazio, et al. | Chaitman LLP |
| 38. | 10-04826 | Boyer Palmer | Chaitman LLP |
| 39. | 10-04837 | Leslie Ehrlich f/k/a Leslie Harwood, et al. | Chaitman LLP |
| 40. | 10-04867 | Estate of Steven I. Harnick, et al. | Chaitman LLP |
| 41. | 10-04878 | Lisa Beth Nissenbaum Trust, et al. | Chaitman LLP |
| 42. | 10-04889 | Estate of Robert Shervyn Savin, et al. | Chaitman LLP |
| 43. | 10-04905 | Train Klan, a Partnership, et al. | Chaitman LLP |
| 44. | 10-04912 | Harry Smith Revocable Living Trust, et al. | Chaitman LLP |
| 45. | 10-04914 | Edyne Gordon | Chaitman LLP |
| 46. | 10-04920 | Glenhaven Limited, et al. | Chaitman LLP |
| 47. | 10-04956 | D. M. Castelli | Chaitman LLP |
| 48. | 10-04961 | Sylvan Associates LLC f/k/a Sylvan Associates Ltd Partnership | Chaitman LLP |

## SCHEDULE A

| | APN | Case Name | Counsel |
|---|---|---|---|
| 49. | 10-04979 | James M. New Trust dtd 3/19/01, et al. | Chaitman LLP |
| 50. | 10-04991 | Guiducci Family Limited Partnership, et al. | Chaitman LLP |
| 51. | 10-04995 | Trust U/Art Fourt O/W/O Israel Wilenitz, et al. | Chaitman LLP |
| 52. | 10-05026 | Walter Freshman Trust A, a Florida trust, et al. | Chaitman LLP |
| 53. | 10-05037 | Barbara L. Savin | Chaitman LLP |
| 54. | 10-05079 | Estate of James M. Goodman, et al. | Chaitman LLP |
| 55. | 10-05104 | The Gloria Albert Sandler and Maurice Sandler Revocable | Chaitman LLP |
| 56. | 10-05124 | The Lawrence J. Ryan and Theresa R. Ryan Revocable Living | Chaitman LLP |
| 57. | 10-05127 | Atwood Management Profit Sharing Plan & Trust, etc., et al. | Chaitman LLP |
| 58. | 10-05128 | JABA Associates LP, et al. | Chaitman LLP |
| 59. | 10-05130 | Barbara Kotlikoff Harman | Chaitman LLP |
| 60. | 10-05133 | Boyer H. Palmer, individually, et al. | Chaitman LLP |
| 61. | 10-05150 | Plafsky Family LLC Retirement Plan, Robert Plafsky, et al. | Chaitman LLP |
| 62. | 10-05151 | Palmer Family Trust, et al. | Chaitman LLP |
| 63. | 10-05157 | The Harnick Brothers Partnership, et al. | Chaitman LLP |
| 64. | 10-05184 | Laura Ann Smith Revocable Living Trust, et al. | Chaitman LLP |
| 65. | 10-05196 | Whitman 1990 Trust U/A DTD 4/13/90, et al. | Chaitman LLP |
| 66. | 10-05312 | Doron Tavlin Trust U/A 2/4/91, et al. | Chaitman LLP |
| 67. | 10-05377 | Richard G. Eaton | Chaitman LLP |
| 68. | 10-05420 | Gunther K. Unflat, et al. | Chaitman LLP |
| 69. | 10-05435 | Keith Schaffer, et al. | Chaitman LLP |

# ATTACHMENT A

# ATTACHMENT A

## TO SUBPOENA OF WALTER T. TILETNICK

### DEFINITIONS AND INSTRUCTIONS

1. The rules of construction and definitions and instructions in Federal Rules of Civil Procedure 26-37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026-7037, are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3 are capitalized herein.

2. "You" or "Your" means Walter T. Tiletnick and any and all entities which you own or control.

3. "Defendants" shall mean all Defendants represented by Chaitman LLP listed on the Schedule A attached to the Subpoena.

4. "Communications" shall be given its broadest possible meaning, and includes, without limitation, Documents containing or constituting the transmission or receipt of information by or between or among one or more persons or entities, and without limiting the generality of the foregoing, includes all Documents constituting inquiries, discussions, conversations, letters, correspondence, e-mails, notes, faxes, written memoranda, and phone messages.

5. "Document" is used in its broadest sense and means any attempts to record or transmit information or knowledge and includes the original and all drafts of a writing, which includes, without limitation, all written, recorded, digital, graphic or photographic matter, including electronically stored information ("ESI"), however produced, reproduced or stored, of every kind and description including any agenda, supplements, amendments, revisions, exhibits or appendices thereto, and includes, without limiting the generality of the foregoing, originals (or copies where originals are not available) and drafts of the following: all papers, emails, letters, notes, memoranda, pamphlets, correspondence, telegrams, cables, photographs, microfilm, prints,

{00038204 1 }                                              1

recordings, transcriptions, blueprints, drawings, books, accounts, objects, notes, electronic or magnetic recordings or sound recordings of any type of personal or telephone conversations or meetings or conferences, minutes of directors or committee meetings, other minutes, reports, studies, written forecasts, projects, analyses, contracts, licenses, agreements, ledgers, journals, books of account, vouchers, bank checks, invoices, charge slips, expense account reports, hotel charges, receipts, freight bills, working papers, drafts, statistical records, cost sheets, abstracts of bids, stenographers' notebooks, calendars, appointment books, telephone slips, wire transfer slips and logs, diaries, time sheets or logs, job or transaction files, computer printouts or papers similar to any of the foregoing, however denominated by you.

6. In producing documents, indicate the paragraph and subparagraph (where applicable) of the Document Request(s) to which a produced document is responsive.

7. To the extent not clarified above, these Requests specifically include documents in electronic form, including emails and other Electronically Stored Information ("ESI") which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, backup tapes, or other storage media. ESI should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material intelligible.

8. "Related to" and "relating to" or any variation thereof shall be construed to include refer to, summarize, reflect, constitute, contain, embody, mention, show, comprise, evidence, discuss, describe, comment upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, identifying, or proving.

9. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes

{00038204 1 }                                            2

this request more inclusive.

10. The singular number and masculine gender used within this document embraces and shall be read and applied as the plural or the feminine or neuter as circumstances make it appropriate.

11. Unless otherwise defined herein, all words are to be construed in their ordinary or common meaning.

12. In the event You object to the production of any document responsive to this request, as privileged or confidential, please state:

   a. the name of each author, writer, sender or initiator of the document, if any;

   b. the name of each recipient, addressee, or party for whom the document was intended or received, if any;

   c. the date of the document, if any, or an estimate thereof and so indicated as an estimate if no date appears on the document;

   d. a description of the general nature of the document and a description of the general subject matter as described in the document, or if no description appears, then sufficient other description to identify the document for a subpoena duces tecum, including the number of pages and attachments;

   e. the specific privilege or objection that you contend applies to the document (e.g., attorney-client privilege).

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents in your possession or control, regardless of date, which reflect or evidence, or relate to trading, banking, or investment activity of Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC.

{00038204 1}    3

2. All Documents in your possession or control, regardless of date, which reflect or evidence, or relate to your job duties at Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC.

3. All Documents in your possession or control, regardless of date, which reflect or evidence, or relate to your job duties at Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC.

4. All Documents in your possession or control, regardless of date, which reflect or evidence, or relate to any accounts held by Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC at JPMorgan Chase Bank, including the account at JPMorgan Chase Bank ending in "703," and sometimes referred to as the "703 Account."

5. All Documents in your possession or control, regardless of date, which reflect or evidence, or relate to any activities in the 703 Account.

6. All Documents in your possession or control, regardless of date, which reflect or evidence, or relate to correspondence and/or instructions You initiated on behalf of Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC, including, without limitation, instructions You provided to JP Morgan Chase and any entity JP Morgan Chase acts as Successor-In-Interest, including, but not limited to Chemical Banking Corporation.