# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

November 15, 2018

**VIA ECF & FEDERAL EXPRESS**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    *In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein:

    We write on behalf of the Defendants represented by Chaitman LLP (the "Chaitman Defendants") in response to the Trustee's letter of today. *See* ECF No. 18176.

    Pursuant to Federal Rule of Civil Procedure 45(a)(4), a party serving a subpoena is required to serve a copy and notice of the subpoena on each party prior to service. The purpose of this Rule is to provide other parties the opportunity to state their objections, if any, prior to service. The party serving the subpoena can then decide whether to modify the subpoena to accommodate the objections. In accordance with this Rule, on November 7, 2018, the Chaitman Defendants noticed a subpoena for the deposition and certain documents from a former BLMIS employee, Walter T. Tiletnick (the "Tiletnick Subpoena"). [*See* Ex. A (Notice of Subpoena)]. The Trustee did ***not*** object to the Tiletnick Subpoena prior to its service. It was only on November 13, 2018, that the Trustee first communicated anything about the Tiletnick Subpoena. [*See* Ex. B (November 13, 2018 emails between Nicholas Cremona and Helen Davis Chaitman)].

    Despite not objecting, the Trustee now attempts to use the Tiletnick Subpoena to support his pending – and completely unrelated – Motion to reopen discovery. *See* ECF No. 18015. The Trustee argues that the Chaitman Defendants cannot oppose the Trustee's Motion to reopen discovery while simultaneously seeking third-party discovery from Madoff traders. This argument should be rejected as the Tiletnick Subpoena and the Trustee's Motion are completely unrelated. The Tiletnick Subpoena seeks limited discovery in cases where this narrow discovery has already been authorized, but is stayed, whereas the Trustee's Motion seeks to broadly reopen discovery for purposes that have never been authorized by any court order.

    As the Court will recall, the Chaitman Defendants served subpoenas on certain Madoff traders in March 2017. The Trustee reacted hysterically and, at the Trustee's request, the Court stayed the Chaitman Defendants from moving forward with the discovery of the subpoenaed witnesses. *See* ECF No. 16459, ¶¶ 2-3 (holding in abeyance the subpoenas served by Chaitman

# CHAITMAN LLP

The Honorable Stuart M. Bernstein, U.S.B.J.
November 15, 2018
Page 2

LLP on former BLMIS traders).  Thus, discovery has always remained open, but held in abeyance, for the limited purpose of the Chaitman Defendants' third-party discovery.  In fact, the Court even held that "subpoenas of former BLMIS traders that have yet to be served may be served, however, any and all compliance with the anticipated subpoenas, including testimony and document productions is to be held in abeyance pending further consideration and order of this Court."  *Id.*, ¶ 3.  Thus, the Tiletnick Subpoena was already authorized in March 2017 and it is completely irrelevant to the Trustee's Motion to reopen discovery.

The Tiletnick Subpoena is not designed to open discovery in cases other than those in which discovery is already being held open pursuant to the Court's March 2017 Order.  ECF No. 16459.  Once the stay is lifted, if there are questions about which Chaitman Defendants are entitled to participate in this third-party discovery, those questions can, and should, be addressed at that time.  Thus, the Trustee's argument is premature and it is effectively an unauthorized sur-reply to the Motion to reopen discovery because nothing has changed since the Trustee's Motion was argued on October 31, 2018.

In sum, the Tiletnick Subpoena was already authorized by the Court, the Trustee did not object to the Tiletnick Subpoena prior to its service, and now the Trustee disingenuously argues, in what is tantamount to an unauthorized sur-reply, that the Tiletnick Subpoena can be used as a basis to support its completely unrelated Motion to reopen discovery.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman, Esq.

HDC/sh
Enclosures (as stated)

cc:    David J. Sheehan, Esq. (dsheehan@bakerlaw.com)
       Stacey Ann Bell, Esq. (sbell@bakerlaw.com)

{00038321 3 }