WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Howard L. Simon
Alan Nisselson
Email: hsimon@windelsmarx.com
anisselson@windelsmarx.com

Hearing Date: December 19, 2018
Hearing Time: 10:00 a.m. EST
Objection Deadline: December 12, 2018
Time: 4:00 p.m. EST

*Special Counsel to Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**TWENTY-SEVENTH APPLICATION OF WINDELS MARX LANE &
MITTENDORF, LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM APRIL 1, 2018 THROUGH JULY 31, 2018**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special

counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee") for the Chapter 7

estate of Bernard L. Madoff ("Madoff"), pursuant to the Orders of the Court dated July 16,

{11620032:2}

2009 [Docket No. 327] and November 23, 2011 [Docket No. 4547], respectfully submits this application (the "Twenty-Seventh Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing April 1, 2018 through and including July 31, 2018 (the "Compensation Period") in the amount of $1,938,558.00 of which 80%, or $1,550,846.40 is to be paid currently and 20%, or $387,711.60, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Twenty-Seventh Compensation Period in the amount of $20,811.59, and in support thereof, respectfully represents as follows:

## I.  PRELIMINARY STATEMENT

1. During this Twenty-Seventh Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2. Among other things, Windels Marx spent significant time during the Compensation Period working with Baker on matters related to this Court's November 2016 Order regarding extraterritoriality and comity (the "ET Order") and the Trustee's appeal from same (the "ET Appeal"), including numerous legal research and drafting projects and the analysis and review of matters and issues related to the ET Appeal, the Trustee's briefs, and related filings.

3. During the Compensation Period, Windels Marx also performed work on the Trustee's active subsequent transfer cases, including reviewing and analyzing newly produced documents, conducting targeted factual investigations and legal research, updating and revising draft amended subsequent transfer complaints, and preparing for motion practice related to same.

4. Windels Marx also spent time during the Compensation Period working with and on behalf of Baker on discovery-related fronts including: deposition preparation, service of subpoenas and follow up on productions, preparing dedesignation notices, and working on issues related to document preservation and retention affecting all of the Trustee's adversary proceedings.

5. Windels Marx also worked on its one remaining "Good Faith" adversary proceeding during the Compensation Period, including preparing for anticipated mediation in that case. We also provided support to, and worked in coordination with, Baker on the Trustee's good faith omnibus proof of Ponzi motion and various preparations related thereto.

6. The following discussion and the materials attached to this Twenty-Seventh Application cover the major categories of services for which allowance of compensation is sought.

## II.    PROCEDURAL BACKGROUND

The SIPA Liquidation

7. On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and

BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

8. In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

9. On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);
- appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and
- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

10. On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

11. On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an Order to Show

Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.

12. On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

13. On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

14. On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

15. On June 9, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things, approved the Substantive Consolidation Motion, nunc pro tunc to December 11, 2008.

16. On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness

requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

17. On November 23, 2011, this Court entered an Order [Docket No. 4547] making certain provisions of this Court's Order Establishing Procedures Governing Interim Monthly Compensation of the Trustee and Baker & Hostetler LLP, amended and superseded in its entirety on June 1, 2011, applicable to Windels Marx, *nunc pro tunc* as of June 1, 2011.

### III. SPECIAL COUNSEL'S EXPERIENCE

18. Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

19. In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

### IV. SUMMARY OF SERVICES

20. The services rendered by Windels Marx during the four-month Twenty-Seventh Compensation Period are described below. In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax, and corporate law.

21. Windels Marx professionals have worked closely with the Trustee, his counsel at Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

22. This Twenty-Seventh Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Twenty-Seventh Compensation Period. The following section provides an overview of those services, sorted by the matter and task codes used by Windels Marx for specific categories of work.

23. Matter Number 02 is the general matter number used for tasks that affect all proceedings commenced by Windels Marx on behalf of the Trustee, and task numbers have been assigned for specific categories of work to permit a more detailed analysis of the fees incurred.[1]

24. Matter Numbers 03-23 relate to specific projects, adversary proceedings, or groups of adversary proceedings commenced, being handled, and/or being supervised by Windels Marx on behalf of the Trustee. Common tasks conducted by Windels Marx in these projects, adversary proceedings, or groups of adversary proceedings include the drafting of reports, analyses, and internal memoranda; the filing of papers and the scheduling of matters with the Bankruptcy and/or District Courts; on-going coordination with Baker regarding investigation and litigation strategy; and/or discussions with opposing counsel regarding representation, service, and appearance issues, extensions of time to respond, adjournments of pre-trial conferences, discovery, and settlement. For the sake of brevity, the descriptions of specific projects, adversary proceedings, or groups of adversary proceedings in paragraphs 26 through 48 below will not repeat these common tasks, but will be limited to matter-specific tasks and case activity that occurred during the Compensation Period.

---

[1] Matter 01 is reserved for certain non-billable time entries.

A. **MADOFF GENERAL (MATTER 02)**

**Task Code 004: Case Administration (12.20 hours)**

25. This category relates to various tasks across cases, including (i) research projects and memoranda of general applicability for use by Windels Marx and/or Baker, (ii) the on-going review and reporting internally and to SIPC and Baker on the status of cases and case-wide issues, (iii) the on-going review, organizing, and docketing of case-related information into Baker's and Windels Marx's central databases for use across all Windels Marx and Baker teams, (iv) coordinated tasks affecting or related to one or more Windels Marx and/or Baker cases, and (v) general administrative tasks.

26. Starting in December 2016, time entries previously included in Case Administration that related to global and case-wide matters affecting our subsequent transfer cases (including matters related to the ET Order and the ET Appeal) have been moved to matter 23 below.

27. Time entries during this Compensation Period related to, among other things, (i) updating weekly case status reports, (ii) work with Baker on evaluating the status of all ongoing matters on behalf of the Trustee, and (iii) participating in and working on global matters raised in team meetings led by Baker.

**Task Code 007: Fee Applications (57.70 hours)**

28. This category relates to the Firm's preparation of Windels Marx's monthly billing statements to SIPC and the Trustee, as well as Windels Marx's Applications for Interim Compensation, and the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements before they are submitted to SIPC and the Trustee, to (i) ensure that time was properly billed, (ii) correct any errors in time entries, (iii) write

off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and (iv) respond to certain adjustments requested or questions raised by SIPC and/or the Trustee after their review of the monthly billing statements and draft fee application.

**Task Code 041: Discovery, Document Review, Document Production (48.90 hours)**

29.     This category relates to discovery and related issues not specific to a Windels Marx case, such as document productions in response to third party subpoenas, productions of documents produced by parties with whom Baker has a conflict, confidentiality issues concerning these document productions, and other discovery-related work that is responsive to requests from Baker or applicable generally to Windels Marx's cases.

30.     Time entries during this Compensation Period related to, among other things (i) working on final matters related to the Trustee's pre-answer discovery motion, including reviewing and commenting on the defendants' proposed draft settle order; (ii) preparing bank subpoenas for Baker in Good Faith cases and/or handling related service and document production issues; (iii) preparing dedesignation notices to banks for Baker in related adversary proceedings; (iv) working on issues related to document preservation and production applicable to Windels Marx and Baker cases; (v) reviewing and responding to a motion by the Lehman trustee to abandon or destroy certain documents; and (vi) participating in and following up on issues raised in meetings of Baker's Discovery Management Team (and sub-groups thereof) on general discovery protocols, strategies, and issues.

### B. GOOD FAITH PROCEEDINGS (MATTER 07) (**1,390.90 hours**)

31. This category relates to 3 "Good Faith" adversary proceedings against BLMIS Investment Advisor net winner customers that were outstanding during this Compensation Period, seeking to recover approximately $12.03 million in two-year fictitious profits paid out by BLMIS in the aggregate.

32. In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period included, among other things, preparing for mediation of Windels Marx's one remaining active good faith case, including reviewing remaining defendants' responses to the Trustee's discovery requests, relevant mediation filings and evidentiary support for the case, as well as researching and analyzing mediation-related and certain evidentiary issues.

33. Windels Marx also spent significant time working and assisting Baker on matters related to the Trustee's motion for an order establishing a good faith omnibus proceeding for the purpose of determining the existence, duration, and scope of the Ponzi scheme at BLMIS, including (i) conducting research and analysis, and drafting related memoranda, on numerous legal and factual issues relating to the motion and omnibus proceeding, (ii) reviewing and analyzing defendants' objections, (iii) drafting sections and language for the motion, proposed order, reply brief and other filings submitted in conjunction with the proceeding, and (iv) considering and analyzing options and next steps for the motion, hearing, and omnibus proceeding itself.

### C. ZEPHYROS (MATTER 14) (**198.20 hours**)

34. This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to

Defendant totaling over $114 million. *Picard v. Zephyros Limited*, Adv Pro. No. 12-01278 (Bankr. S.D.N.Y.) (SMB). This case was dismissed in part by virtue of the ET Order and is a part of the ET Appeal.

35. In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) conducting targeted document searches and reviewing and analyzing newly produced third party documents to support the draft amended complaint and (ii) revising and updating certain sections of the draft amended complaint.

### D. MISTRAL (MATTER 15) (<u>19.30 hours</u>)

36. This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling approximately $3.4 million. *Picard v. Mistral (SPC)*, Adv Pro. No. 12-01273 (Bankr. S.D.N.Y.) (SMB). This case was dismissed in part by virtue of the ET Order. It is not a part of the Trustee's ET Appeal.

37. In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) conducting targeted document searches and analyzing documentation to support the draft amended complaint and (ii) revising and updating certain sections of the draft amended complaint.

### E. SOCIETE GENERALE (MATTER 16) (<u>2.00 hours</u>)

38. This category relates to an avoidance action filed on May 30, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $162 million. *Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.)*, Adv Pro. No. 12-01677 (Bankr.

S.D.N.Y.) (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

39. In addition to the tasks outlined in ¶ 24, the de minimis time entries during this Compensation Period primarily related to reviewing specific documents potentially related to a Societe Generale draft amended complaint, pending resolution of the appeal.

**F.    ROYAL BANK OF CANADA (MATTER 17) (847.50 hours)**

40. This category contains entries related to two avoidance actions. The first action relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $100 million. *Picard v. Royal Bank of Canada*, Adv. Pro. No. 12-01699 (SMB).

41. The second action under Matter 17 relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $80 million. *Picard v. Banque Internationale a Luxembourg S.A. (f/k/a Dexia Banque Internationale a Luxembourg S.A.)*, Adv. Pro. No. 12-01698 (SMB).

42. These cases were dismissed in part by virtue of the ET Order and are a part of the ET Appeal.

43. In addition to the tasks outlined in ¶ 24, time entries during this Compensation Period related to (i) reviewing and analyzing documents from recent third party productions to support the draft amended complaints, (ii) conducting targeted factual research and analysis into certain issues regarding the allegations in the draft amended complaint, (iii) revising certain sections in and otherwise updating the draft amended complaints, (iv) preparations for motions to amend the complaints, including

research of relevant legal issues, and (v) addressing a motion made by defendants in the Royal Bank of Canada action to substitute a party as an appellee in the ET Appeal.

### G. COORDINATED CASES (MATTER 20) (**161.90 hours**)

44. This category relates to a group of thirteen subsequent transferee cases, filed by Baker and staffed with Baker attorneys, which Howard Simon is supervising, with supporting work by other Windels attorneys, to facilitate the coordination of common information, issues, and documents between the firms and take advantage of staffing efficiencies. During the Twenty-Seventh Compensation period, this category also included work performed at Baker Hostetler's request in connection with an additional subsequent transferee case, staffed primarily with Baker attorneys, for which Windels is providing support. These fourteen "Coordinated Cases" were dismissed by virtue of the ET Order and are a part of the ET Appeal. During the Twenty-Seventh Compensation period, this category also included work performed at Baker Hostetler's request in connection with the Tremont group of Madoff feeder funds, and application of same to all Windels Marx and Baker subsequent transferee cases.

45. Time entries during this Compensation Period related to (i) reviewing and analyzing documents from recent third party productions to support the Coordinated Cases' post-appeal draft amended complaints, (ii) updating language and certain sections in the Coordinated Cases draft amended complaints, (iii) researching and drafting language in connection with Tremont-related allegations in Windels Marx's and Baker's subsequent transfer draft amended complaints, (iv) working with Baker's Tremont Team to prepare for upcoming depositions, and (v) participating in and working with Baker attorneys on recent developments, next steps, and priorities raised in Tremont and other team meetings.

**H. CASE-WIDE SUBSEQUENT TRANSFER LITIGATION (MATTER 23) (1,867.20 hours)**

46. This category relates to the ET Appeal and any other omnibus-style decisions, motion practice, research, or other tasks related to Windels Marx's subsequent transfer cases globally or case-wide tasks needed by the Trustee with respect to subsequent transfer cases.

47. Time entries during this Compensation Period related to (i) researching, analyzing, and drafting memoranda on numerous legal and factual issues related to and for use in the ET Appeal and/or surviving subsequent transfer cases going forward, (ii) reviewing, commenting on, and drafting language and sections for the Trustee's ET Appeal reply brief, (iii) reviewing newly produced and key documents to update and provide additional support for the subsequent transfer cases' draft amended complaints, (iv) preparing for and participating in meetings with Baker's teams in connection with the ET Appeal and subsequent transferee-related litigation and engaging in follow-up work on issues raised in those meetings, and (v) work related to amending complaints in all subsequent transfer cases still pending after the ET Order.

**V. COMPENSATION REQUESTED**

48. During the Twenty-Seventh Compensation Period, Windels Marx expended 4,605.80 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $423.21 for fees incurred.

49. Prior to filing this Twenty-Seventh Application, Windels Marx provided to SIPC and the Trustee (i) its April 1, 2018 through July 31, 2018 monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of

the consolidated estate for each month during the period April 1, 2018 through July 31, 2018 in the aggregate amount of $2,340,799.44 and $21,670.09, respectively, and (ii) a draft of this Twenty-Seventh Application. The Firm wrote off certain unbilled and billed time, and SIPC's staff made certain additional adjustments and suggestions, which were adopted by Windels Marx. After such write-offs and adjustments (and the 10% discount), Windels Marx's April 1, 2018 through July 31, 2018 monthly statements reflected total fees and expenses of $1,938,558.00 and $20,811.59, respectively.

50. Specifically, Windels Marx's total fees and expenses for this Twenty-Seventh Compensation Period were $2,340,799.44 and $21,670.09, respectively. In connection with preparing each of the four monthly statements and this Twenty-Seventh Application, Windels Marx voluntarily (i) wrote off unbilled time of $111,945.00, (ii) wrote off billed time of $74,901.12 and (iii) reduced its total remaining fees of $2,153,953.32 to $1,938,558.00 by discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $402,241.44 or approximately 17.18% of Windels Marx's total fees). Windels Marx also agreed to write off expenses customarily charged to other clients in the amount of $858.50, resulting in $20,811.59 of remaining expenses. Such fees and expenses are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. Total hours expended after all reductions equal 4,605.80.

51. There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

52. This Twenty-Seventh Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on February 5, 2013 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

53. Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services during the Twenty-Seventh Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law in New York, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

54. Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients. At SIPC's request, Windels Marx has not charged for local travel expenses and overtime meals, which categories of expenses are regularly charged to and paid by Windels Marx's clients.

55. Exhibit D annexed hereto is a summary by matter and task code of services performed by Windels Marx from April 1, 2018 through July 31, 2018.

56. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Twenty-Seventh Compensation Period, but were not classified or processed prior to the preparation of this Twenty-Seventh Application,

Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI.   WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

57.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

58.    To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (*see* section 78fff-3(b)(2) of SIPA).

59.    Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general

estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

60. Therefore, with respect to this Twenty-Seventh Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Twenty-Seventh Application prior to the hearing, currently scheduled for December 19, 2018.

61. Windels Marx submits that the request for interim allowance of compensation made through this Twenty-Seventh Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII. CONCLUSION

62. Windels Marx respectfully submits that the services rendered during the Twenty-Seventh Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $1,938,558.00 (of which 80%, or $1,550,846.40, is to be paid currently, and 20%, or $387,711.60 is to be deferred through the conclusion of the liquidation proceeding or further order of the Court) as an interim payment for professional services rendered by Windels Marx during the Twenty-Seventh Compensation Period, and $20,811.59 as reimbursement of the actual and necessary costs and expenses incurred by

the Firm in connection with the rendition of such services, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 15 , 2018

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

/s/  Howard S. Simon
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215