**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF GRAF & PITKOWITZ RECHTSÄNWALTE GMBH AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES <u>INCURRED FROM APRIL 1, 2018 THROUGH JULY 31, 2018</u>**

Ferdinand Graf, together with other members and associates at the law firm of Graf & Pitkowitz Rechtsanwälte GmbH ("Graf & Pitkowitz"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $92,260.67 (of which 20% is to be deferred until the conclusion of the liquidation period) and reimbursement of actual and necessary expenses in the amount of $1,130 for the period from April 1, 2018 through July 31, 2018 (the "Compensation Period"). In support of the Application, Graf & Pitkowitz respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3. On March 14, 2011, this Court entered an order approving the Trustee's motion to retain Graf & Pitkowitz, *nunc pro tunc* as of February 1, 2011, as special counsel to the Trustee in all matters pertaining to Austrian law.

4. The Trustee's motion to retain Graf & Pitkowitz established a fee arrangement pursuant to which Graf & Pitkowitz agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%, which will remain in effect until the conclusion of the liquidation period.

## II. SERVICES RENDERED BY GRAF & PITKOWITZ

5. The legal services performed by Graf & Pitkowitz on behalf of the Trustee during the time period covered by this Application are as follows:

6. Graf & Pitkowitz advised the Trustee regarding various issues under Austrian law.

7. Graf & Pitkowitz also monitored BLMIS-related Austrian proceedings and advised the Trustee regarding the same.

### III. COMPENSATION REQUESTED

8.    The Application demonstrates how Graf & Pitkowitz has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

9.    Graf & Pitkowitz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Graf & Pitkowitz endeavored to eliminate duplication of efforts by giving responsibility for the day-to-day conduct of the case to two attorneys and involving other attorneys only when necessary.

10.    From April 1, 2018 through July 31, 2018, Graf & Pitkowitz provided a total of 180.10 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $102,511.86 and the total blended rate for professional services was $569.19/hour.  After the 10% discount, the total amount of fees incurred is $92,260.67 and the total blended rate is $512.27/hour.  Graf & Pitkowitz has agreed to a further holdback of 20% of its fees in the amount of $18,452.13 resulting in the present request for compensation in the amount of $73,808.54.

11.    A breakdown of the total number of hours performed by each Graf & Pitkowitz timekeeper is provided in **Exhibit A** attached hereto.

12.    Graf & Pitkowitz seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $1,130.00.  An itemized list of these expenses is detailed in **Exhibit B** attached hereto.

### IV. GENERAL MATTERS

13.    All of the professional services for which compensation is requested herein were performed by Graf & Pitkowitz for and on behalf of the Trustee, and not on behalf of any other person or entity.

14. No agreement or understanding exists between Graf & Pitkowitz and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide Graf & Pitkowitz with compensation for the legal services described herein.

15. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

16. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Graf & Pitkowitz. *See* SIPA § 78fff-3(b)(2).

17. At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

18. Therefore, with respect to this Application, Graf & Pitkowitz requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Graf & Pitkowitz expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Graf & Pitkowitz respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $92,260.67, of which $73,808.54 is to be paid currently and $18,452.13, is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Graf & Pitkowitz to the Trustee from April 1, 2018 through July 31, 2018; and

c. Allowing payment to Graf & Pitkowitz in the amount of $1,130.00 for reimbursement of expenses incurred by Graf & Pitkowitz from April 1, 2018 through July 31, 2018; and

5

    d.    Granting Graf & Pitkowitz such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 15, 2018 | GRAF & PITKOWITZ RECHTSÄNWALTE GMBH |
|  | By: *s/ Ferdinand Graf* <br> Ferdinand Graf <br> Stadiongasse 2 <br> Vienna, Austria A-1010 <br> Telephone : +43(1)401170 <br> Fax : +43(1)4011740 |

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF GRAF & PITKOWITZ FOR SERVICES RENDERED
## FOR THE PERIOD APRIL 1, 2018 THROUGH JULY 31, 2018

| NAME | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Ferdinand Graf | 1994 | $676.15 | 19.20 | $12,982.11 |
| Marija Krizanac | 2017 | $546.68 | 54.20 | $29,630.14 |
| Otto Wachter | 1994 | $664.00 | 47.70 | $31,672.97 |
| Leopold Ferch | | $465.85 | 0.60 | $279.51 |
| Isabella Wiener | 2004 | $478.55 | 58.40 | $27,947.14 |
| | | | | |
| Total | | $569.19 | 180.10 | $102,511.86 |
| Total Minus 10% Discount | | $512.27 | | $92,260.67 |
| **Total Net 20% Holdback** | | | | **$73,808.54** |

## EXHIBIT B

### EXPENSE SUMMARY OF GRAF & PITKOWITZ
### FOR THE INTERIM PERIOD
### OF APRIL 1, 2018 THROUGH JULY 31, 2018

| **EXPENSES** | **AMOUNTS** |
|---|---|
| Database Searches | $1,033.80 |
| Copies | $96.20 |
|  |  |
| **Total Expenses Requested:** | **$1,130.00** |