UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF WILLIAMS, BARRISTERS & ATTORNEYS AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM APRIL 1, 2018 THROUGH JULY 31, 2018**

Williams, Barristers & Attorneys ("Williams"), Bermuda special counsel to Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $202,629.32 (of which 20% is to be deferred until the conclusion of the liquidation period) for the period April 1, 2018 through July 31, 2018 (the "Compensation Period"). In support of this Application, Williams respectfully submits as follows:

**I. BACKGROUND**

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities

Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3. On April 21, 2009, this Court entered an order approving the Trustee's motion to retain Williams, *nunc pro tunc* as of April 1, 2009, as special counsel to the Trustee in all matters pertaining to Bermudian law.

4. The Trustee's motion to retain Williams established a fee arrangement pursuant to which Williams agreed to a fee reduction in the amount of 10%. Williams also agreed to an additional holdback of fees in the amount of 20%, which will remain in effect until the conclusion of the liquidation period.

## II. SERVICES RENDERED BY WILLIAMS

5. The legal services performed by Williams on behalf of the Trustee during the time period covered by this Application are as follows:

6. Williams represented, monitored, and/or advised the Trustee in connection with BLMIS-related Bermudian legal proceedings.

7. Williams continued to research, analyze, and advise the Trustee on issues of Bermudian law.

## III. COMPENSATION REQUESTED

8. The Application demonstrates how Williams has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

9. Williams has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Williams has staffed this matter leanly and endeavored to eliminate duplication of efforts by giving primary responsibility of the case to one attorney and involving other attorneys only when necessary.

10. From April 1, 2018 through July 31, 2018, Williams provided a total of 401.80 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $225,143.69 and the total blended rate for professional services was $560.34/hour. After the 10% discount, the total amount of fees incurred is $202,629.32 and the total blended rate is $504.30/hour. Williams has agreed to a further 20% holdback of fees in the amount of $40,525.86 resulting in the present request for compensation in the amount of $162,103.46

11. A breakdown of the total number of hours performed by each Williams timekeeper is provided in **Exhibit A** attached hereto.

### IV. GENERAL MATTERS

12. All of the professional services for which compensation is requested herein were performed by Williams for and on behalf of the Trustee, and not on behalf of any other person or entity.

13. No agreement or understanding exists between Williams and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide Williams with compensation for the legal services described herein.

14. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services

3

rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Williams. *See also* SIPA § 78fff-3(b)(2).

16. At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17. Therefore, with respect to this Application, Williams requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Williams expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Williams respectfully requests that this Court enter an Order:

a.    Granting this Application; and

4

    b.      Allowing and awarding $202,629.32, of which $162,103.46 is to be paid currently and $40,525.86 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Williams to the Trustee from April 1, 2018 through July 31, 2018; and

    c.      Granting Williams such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 15, 2018

WILLIAMS, Barristers & Attorneys

By: *s/ Justin Williams*
Justin Williams
LOM Building
27 Reid Street
Hamilton, Bermuda
Telephone: +1(441) 536-0000
Fax: +1(441) 295-4720
Email: law@williams.bm

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF WILLIAMS, BARRISTERS & ATTORNEYS FOR SERVICES RENDERED
## FOR THE PERIOD APRIL 1, 2018 THROUGH JULY 31, 2018

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Damien Justin Williams | $635.87 | 273.80 | $174,101.21 |
| Paul Harshaw | $635.87 | 22.10 | $14,052.73 |
| John H. Cooper | $635.87 | 28.80 | $18,313.06 |
| S. Hilton Cassidy | $242.24 | 75.40 | $18,264.90 |
| Jay Fox | $242.24 | 1.70 | $411.81 |
|  |  |  |  |
| Total: | $560.34 | 401.80 | $225,143.69 |
| Total minus 10% Discount | $504.30 |  | $202,629.32 |
| **Total Net of 20% Holdback:** |  |  | **$162,103.46** |