# EXHIBIT 6

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Anat Maytal
direct dial: 212.847.2813
amaytal@bakerlaw.com

February 10, 2015

**Via Email**

Carole Neville
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020

Re:     Adv. Pro. No. 10-04390 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. BAM, L.P., et al.*, in the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

We write to address the following deficiencies by the defendants in this action (the "Defendants") in responding to the Trustee's discovery requests:

(1) Meryl Mann's, Adam Mann's, and Betsy Mann Polatsch's (collectively, the "Responding Defendants") deficiencies in their Responses and Objections (the "Interrogatory Responses and Objections") to Trustee Irving H. Picard's (the "Trustee") First Set of Interrogatories (the "Interrogatories") that were served on December 19, 2014;

(2) Defendants Michael Mann's and BAM L.P.'s failure to respond to the Interrogatories that were served on December 19, 2014;

(3) Defendants' failure to respond to the Trustee's Requests for Production of Documents (the "Document Requests") that were served on December 30, 2014; and

(4) Defendants' failure to respond to the Trustee's First Set of Requests for Admission (the "Requests for Admission") that were served on January 5, 2015.

Atlanta     Chicago     Cincinnati     Cleveland     Columbus     Costa Mesa     Denver
Houston     Los Angeles     New York     Orlando     Philadelphia     Seattle     Washington, DC

February 10, 2015
Page 2

*The Responding Defendants' Interrogatory Responses and Objections*

As a preliminary matter, Federal Rule of Civil Procedure ("FRCP") 33, made applicable by Federal Rule of Bankruptcy Procedure ("FRBP") 7033, requires that the Responding Defendants answer the Interrogatories under oath. In addition to remedying the issues below, please respond with properly verified answers.

The Responding Defendants objected to several interrogatories that concerned subsequent transfers[1] to Adam Mann and Betsy Mann Polatsch or by Meryl Mann, among other objections. However, the Order Establishing Litigation Case Management Procedures for Avoidance Actions (the "Procedures Order"), which governs this proceeding, explicitly allows the Trustee to pursue this discovery. It states, in relevant part:

> Unless the parties agree to a broader scope, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters to the extent discoverable under Federal Rule 26(b)(1) which relate to: (a) the calculation of net equity for the defendant's BLMIS account; (b) the financial condition of BLMIS; (c) the activities of BLMIS, including both fraudulent conduct, including the Ponzi scheme, and legitimate operations; (d) the defendant's account documents and customer correspondence and interactions with BLMIS, its employees, agents and other investors or customers; (e) the internal records of BLMIS; (f) transfers of money by and among BLMIS; (g) the defendant's good faith or lack thereof, including issues related to the defendant's actual or constructive notice of fraudulent activity by BLMIS or anyone acting on its behalf; (h) disclosures made by BLMIS under federal and/or state laws, such as disclosures to the SEC; and (i) *the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason.*

Procedures Order at ¶ 4(g) (emphasis added).

In addition to being expressly permitted by the Procedures Order, the Trustee is entitled to this information because he "is an outsider to these transactions and will need discovery to identify the specific [subsequent transfers] ... by date, amount and the manner in which they were effected." *See Picard v. Chais (In re Bernard L. Madoff Inv. Sec. LLC)*, 445 B.R. 206, 236 (Bankr. S.D.N.Y. 2011) (quoting *Jalbert v. Zurich Am. Ins. Co. (In re Payton Constr. Corp.)*, 399 B.R. 352, 365 (Bankr. D. Mass.2009)). The

---

[1] Adam Mann and Betsy Mann Polatsch, respectively, objected to Interrogatory numbers 2-6 on this ground. *See* Adam Mann's Interrogatory Responses and Objections at p. 7-10; Betsy Mann Polatsch's Interrogatory Responses and Objections at 7-10. Meryl Mann objected to Interrogatory numbers 6-9 on this ground. *See* Meryl Mann's Interrogatory Responses and Objections at p. 9-11.

February 10, 2015
Page 3

Defendants are "a group of interrelated individuals and entities" that either "maintained BLMIS accounts and received direct transfers" or are "closely associated" them. *Id.*[2] Whether they "additionally received subsequent transfers of BLMIS funds from one another is a question to which they, and they alone, have the requisite information to respond." *Id.* As such, here, like in *Chais*, the Trustee is "entitl[ed]…to discovery into his subsequent transfer claims." *Id.*

Finally, the Responding Defendants objected to interrogatories seeking information as to the facts underlying each of their denials in their answer and affirmative defenses.[3] The Responding Defendants objected on a number of grounds, and requested that "the Trustee clarify the particular denials or affirmative defenses on which he would like additional non-privileged information, within the interrogatory restrictions imposed by FRCP 33(a)(1)."[4] This interrogatory is specifically tailored to the denials and affirmative defenses the defendants raised in their answer to the Amended Complaint. Please respond to the interrogatory as to all denials and affirmative defenses. Under FRCP 26(b)(5)(A), made applicable by FRBP 7026, if the Responding Defendants withhold any response due to privilege, they must also describe the nature of the information withheld and do so in a manner that enables the Trustee to assess the claim.

*Michael Mann's and BAM L.P.'s Failure to Respond to Interrogatories and Defendants' Failure to Respond to Document Requests and Requests for Admission*

Michael Mann and BAM, L.P. did not respond to the Trustee's Interrogatories that were served on December 19, 2014. Additionally, the Defendants did not respond to the Trustee's Document Requests that were served on December 30, 2014 or the Requests for Admission that were served on January 5, 2015.

Each of these discovery requests had a thirty-day deadline to respond, under FRCP 33(b)(2), FRCP 34(b)(2)(A), and FRCP 36(a)(3),[5] respectively, which the Defendants did not adhere to. The Trustee does not waive any rights as to the Defendants' failure to respond to these discovery requests, and intends to seek appropriate relief with the Court.

---

[2] Adam Mann and Betsy Mann Polatsch admitted that they are limited partners of BAM L.P., a defendant in this action that maintained a BLMIS account and received avoidable initial transfers from BLMIS. *See* Adam Mann Interrogatory Responses and Objections at p.7; Betsy Mann Polatsch Interrogatory Responses and Objections at p.8.

[3] Meryl Mann objected to Interrogatory number 10 and Adam Mann and Betsy Mann Polatsch, respectively, objected to Interrogatory number 9. *See* Meryl Mann Interrogatory Responses and Objections at p. 11-12; Adam Mann Interrogatory Responses and Objections at p.11-12; Betsy Mann Polatsch Interrogatory Responses and Objections at p.11-12.

[4] *Id.*

[5] Made applicable under FRCP 33, 34, and 36, respectively.

February 10, 2015
Page 4

As the Defendants were deficient in responding to the Interrogatories and Document Requests, the Trustee maintains that all objections to the Interrogatories and Discovery Requests are have been waived. *See* Fed. R. Civ. P 33(b)(4); *see, e.g., Cohalan v. Genie Industries, Inc.* 276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available") (citations omitted).  In addition, under FRCP 36(a)(3), all of the Requests for Admission are deemed admitted.

Please advise if you will be producing any documents responsive to the Trustee's Document Requests.  If you have any questions, do not hesitate to get in touch.

Sincerely,

*Anat Maytal*

Anat Maytal, Esq.

cc:    Oren J. Warshavsky, Esq.
       Marc E. Hirschfield, Esq.
       Robertson D. Beckerlegge, Esq.
       Brian A. Bash, Esq.
       Joshua B. Rog, Esq.