Stanley S. Arkin (SA-1373)
Arkin Solbakken LLP
590 Madison Avenue, 35th Floor
New York, New York 10022
*Attorneys for Defendants*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | SIPA LIQUIDATION |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | Index No. 08-01789 (BRL) |
| | : | |
| Debtor. | : | |
| | : | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | : | Adv. Pro. No. 10-04283 (BRL) |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| | : | |
| STEVEN B. MENDELOW, NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of STEVEN B. MENDELOW, NANCY MENDELOW, NTC & Co. LLP as former custodian of an Individual Retirement Account for the benefit of NANCY MENDELOW, CARA MENDELOW, PAMELA CHRISTIAN, C&P ASSOCIATES, LTD., and C&P ASSOCIATES, INC., | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------------x

## <u>ANSWER OF C&P ASSOCIATES, LTD.</u>

Defendant C&P Associates, Ltd. ("C&P Ltd."), by its undersigned attorneys, for

its Answer, denies the allegations in the Complaint of Trustee Irving H. Picard (the

"Complaint"), unless specifically admitted as follows:

1

## INTRODUCTION

1.      Insofar as paragraph 1 sets forth legal conclusions, no response is required.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.

2.      Denies the allegations in paragraph 2 of the Complaint, except admits Mendelow was a principal at KW, at which he worked for more than 25 years; that he is trained as an accountant, that his biography at one time was on the KW website, that he at one time served as a member of various Boards of Directors, including on the audit committees for some of the companies, and that he had, at times, contacted employees of BLMIS.

3.      Insofar as paragraph 3 sets forth legal conclusions, no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Insofar as paragraph 4 sets forth legal conclusions, no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and insofar as paragraph 5 sets forth legal conclusions, no response is required.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admits that C&P Ltd. had an

account with BLMIS, and insofar as paragraph 6 sets forth legal conclusions, no response is required.

7.      Insofar as paragraph 7 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 7.

8.      Insofar as paragraph 8 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 8.

9.      Insofar as paragraph 9 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 9, except admits that Mendelow operated FGLS.

10.     Insofar as paragraph 10 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 10.

11.     Insofar as paragraph 11 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 11.

## NATURE OF THE PROCEEDING

12.     Insofar as paragraph 12 sets forth legal conclusions, no response is required.

## JURISDICTION AND VENUE

13.     Insofar as paragraph 13 sets forth legal conclusions, no response is required.

14.     Insofar as paragraph 14 sets forth legal conclusions, no response is required.

15.     Insofar as paragraph 15 sets forth legal conclusions, no response is required.

## DEFENDANTS

16.     Admits that Mendelow resides in New York, New York and had an IRA account with BLMIS.

17.     Insofar as there are no allegations in paragraph 17 of the Complaint involving C&P Ltd., no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admits that Nancy Mendelow resides in New York, New York.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and insofar as paragraph 18 sets forth legal conclusions, no response is required.

19.     Insofar as there are no allegations in paragraph 19 of the Complaint involving C&P Ltd., no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, except admits that Cara Mendelow resides in New York, New York.

20.     Insofar as there are no allegations in paragraph 20 of the Complaint involving C&P Ltd., no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that Christian resides in New Jersey.

21.     Insofar as paragraph 21 sets forth legal conclusions, no response is required.  Denies the truth of remaining allegations in paragraph 21.

22.     Insofar as paragraph 22 sets forth legal conclusions, no response is required.  Denies knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in paragraph 22, except admits that Mendelow is an officer of C&P Associates, Inc., which is a Florida corporation.

23.     Denies the allegations in paragraph 23 of the Complaint, except that, insofar as paragraph 23 sets forth legal conclusions, no response is required.

24.     Denies the allegations in paragraph 24 of the Complaint, except that, insofar as paragraph 24 sets forth legal conclusions, no response is required.

25.     Insofar as paragraph 25 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 25 of the Complaint,

### BACKGROUND, THE TRUSTEE AND STANDING

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and insofar as paragraph 33 sets forth legal conclusions, no response is required.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and insofar as paragraph 34 sets forth legal conclusions, no response is required.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and insofar as paragraph 35 sets forth legal conclusions, no response is required.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and insofar as paragraph 36 sets forth legal conclusions, no response is required.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, except denies the last allegation of paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and insofar as paragraph 44 sets forth legal conclusions, no response is required.

45.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and insofar as paragraph 46 sets forth legal conclusions, no response is required.

47.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.  Insofar as paragraph 47 sets forth legal conclusions, no response is required.

48.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49.  Denies the allegations in paragraph 49 of the Complaint.  Insofar as paragraph 49 sets forth legal conclusions, no response is required.

50.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and insofar as paragraph 50 sets forth legal conclusions, no response is required.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, except admits that Mendelow is a trained accountant and was a principal of an established accounting firm.  Insofar as paragraph 52 sets forth legal conclusions, no response is required.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and insofar as paragraph 53 sets forth legal conclusions, no response is required.

54.     Denies the allegations in paragraph 54.  Insofar as paragraph 54 sets forth legal conclusions, no response is required.

55.     Insofar as paragraph 55 sets forth legal conclusions, no response is required.

## THE WRONGFUL ACTIVITIES

56.     Denies the allegations in paragraph 56 of the Complaint.  Insofar as paragraph 56 sets forth legal conclusions, no response is required.

57.     Denies the allegations in paragraph 57 of the Complaint.

58.     Denies the allegations in paragraph 58 of the Complaint, except admits Mendelow has known Avellino and Bienes since the early 1970s.

59.     Insofar as there are no allegations in paragraph 59 of the Complaint involving C&P Ltd., no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Insofar as there are no allegations in paragraph 60 of the Complaint involving C&P Ltd., no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     Insofar as there are no allegations in paragraph 61 of the Complaint involving C&P Ltd., no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     Denies the allegations in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.     Admits that Mendelow was sued by the SEC, and the lawsuit eventually settled.  Denies the remaining allegations in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, and insofar as there are no allegations in paragraph 68 involving C&P Ltd., no response is required.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and insofar as there are no allegations in paragraph 69 involving C&P Ltd., no response is required.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and insofar as there are no allegations in paragraph 70 involving C&P Ltd., no response is required.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and insofar as there are no allegations in paragraph 71 involving C&P Ltd., no response is required.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.     Denies the allegations in paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.     Denies the allegations in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77.     Insofar as paragraph 77 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 77 of the Complaint.

78.     Insofar as paragraph 78 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 78 of the Complaint.

79.     Insofar as paragraph 79 sets forth legal conclusions, no response is required.  Denies the remaining allegations in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.     Denies the allegations in paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint, and denies the implication that there were fraudulent side payments to Mendelow.

85.     Refers to the December 2003 account statement for a full and accurate statement of its contents and denies any characterization of the Schupt schedule.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, and insofar as paragraph 86 sets forth legal conclusions, no response is required.

87.     Denies the allegations in paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89.     Denies the allegations in paragraph 89 of the Complaint.

90.     Denies the allegations in paragraph 90 of the Complaint.

91.     Denies the allegations in paragraph 91 of the Complaint.

92.     Denies the allegations in paragraph 92 of the Complaint.

93.     Denies the allegations in paragraph 93 of the Complaint.

08-01789-cgm   Doc 18219-6   Filed 11/14/18   Entered 11/14/18 14:47:05   Exhibit 6:
C&P Answer   Pg 12 of 29

94.     Denies the allegations in paragraph 94 of the Complaint.

95.     Denies the allegations in paragraph 95 of the Complaint.

96.     Denies the allegations in paragraph 96 of the Complaint.  Insofar as paragraph 96 sets forth legal conclusions, no response is required.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.     Denies the allegations set forth in paragraph 98 of the Complaint.

99.     Denies the allegations in paragraph 99 of the Complaint.

100.    Denies the implication that Mendelow had concerns about the legitimacy of BLMIS and Madoff or their ability to achieve the reported returns and admits that C&P Ltd. had an account with BLMIS.  Refers to the financial industry press reports for a full and accurate statement of their contents.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.  Insofar as there are no allegations in paragraph 101 involving C&P Ltd., no response is required.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.  Insofar as there are no allegations in paragraph 102 involving C&P Ltd., no response is required.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.  Insofar as there are no allegations in paragraph 103 involving C&P Ltd., no response is required.

104.    Insofar as paragraph 104 sets forth legal conclusions, no response is required.  Denies knowledge or information sufficient to form a belief as to the truth of

10-04289-smb   Doc 65   Filed 11/14/19   Entered 11/14/19 14:47:05   Main Document
Pg 13 of 23

the remaining allegations in paragraph 104 of the Complaint, except admits that C&P Ltd. sent funds to BLMIS for application to its account and the conducting of trading activities, and received monies from BLMIS.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.    Denies the allegations in paragraph 106 of the Complaint, and insofar as paragraph 106 sets forth legal conclusions, no response is required.

107.    Insofar as paragraph 107 sets forth legal conclusions, no response is required.

108.    Denies the allegations in paragraph 108 of the Complaint, and insofar as paragraph 108 sets forth legal conclusions, no response is required.

109.    Denies the allegations in paragraph 109 of the Complaint, and insofar as paragraph 109 sets forth legal conclusions, no response is required.

110.    Insofar as paragraph 110 sets forth legal conclusions, no response is required.   To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Insofar as paragraph 111 sets forth legal conclusions, no response is required.

112.    Insofar as there are no allegations in paragraph 112 involving C&P Ltd., no response is required.  Insofar paragraph 112 sets forth legal conclusions, no response is required.

113.    Insofar as there are no allegations in paragraph 113 involving C&P Ltd., no response is required.  Insofar paragraph 113 sets forth legal conclusions, no response is required.

114.    Insofar as paragraph 114 sets forth legal conclusions, no response is required.

115.    Deny the allegations in paragraph 115 of the Complaint.  Insofar as paragraph 115 sets forth legal conclusions, no response is required.

## COUNT ONE

116.    C&P Ltd. repeats its responses to paragraphs 1 through 115 of the Complaint as if set forth fully herein.

117.    Insofar as paragraph 117 of the Complaint sets forth legal conclusions, no response is required.

118.    Insofar as paragraph 118 of the Complaint sets forth legal conclusions, no response is required.

119.    Insofar as paragraph 119 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.

120.    Insofar as paragraph 120 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 120 of the Complaint.

121.    Insofar as paragraph 121 of the Complaint sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 121 of the Complaint.

## COUNT TWO

122.    C&P Ltd. repeats its responses to paragraphs 1 through 121 of the Complaint as if set forth fully herein.

123.    Insofar as paragraph 123 of the Complaint sets forth legal conclusions, no response is required.

124.    Insofar as paragraph 124 of the Complaint sets forth legal conclusions, no response is required.

125.    Insofar as paragraph 125 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the truth of the allegations in paragraph 125 of the Complaint.

126.    Insofar as paragraph 126 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint.

127.    Insofar as paragraph 127 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint.

128.    Insofar as paragraph 128 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint.

129.     Insofar as paragraph 129 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 129 of the Complaint.

130.     Insofar as paragraph 130 of the Complaint sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 130 of the Complaint.

## COUNT THREE

131.     C&P Ltd. repeats its responses to paragraphs 1 through 130 of the Complaint as if set forth fully herein.

132.     Insofar as paragraph 132 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint.

133.     Insofar as paragraph 133 sets forth legal conclusions, no response is required.

134.     Insofar as paragraph 134 sets forth legal conclusions, no response is required.

135.     Denies the allegations set forth in paragraph 135 of the Complaint.

136.     Insofar as paragraph 136 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 136 of the Complaint.

**COUNT FOUR**

137.    C&P Ltd. repeats its responses to paragraphs 1 through 136 of the Complaint as if set forth fully herein.

138.    Insofar as paragraph 138 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint.

139.    Insofar as paragraph 139 sets forth legal conclusions, no response is required.

140.    Denies the allegations in paragraph 140 of the Complaint.  Insofar as paragraph 140 sets forth legal conclusions, no response is required.

141.    Insofar as paragraph 141 sets forth legal conclusions, no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint.

142.    Insofar as paragraph 142 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 142 of the Complaint.

**COUNT FIVE**

143.    C&P Ltd. repeats its responses to paragraphs 1 through 142 of the Complaint as if set forth fully herein.

144.    Insofar as paragraph 144 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint.

145.     Insofar as paragraph 145 sets forth legal conclusions, no response is required.

146.     Denies the allegations in paragraph 146 of the Complaint.  Insofar as paragraph 146 sets forth legal conclusions, no response is required.

147.     Insofar as paragraph 147 sets forth legal conclusions, no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.     Insofar as paragraph 148 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 148 of the Complaint.

**COUNT SIX**

149.     C&P Ltd. repeats its responses to paragraphs 1 through 148 of the Complaint as if set forth fully herein.

150.     Insofar as paragraph 150 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint.

151.     Insofar as paragraph 151 sets forth legal conclusions, no response is required.

152.     Denies the allegations in paragraph 152 of the Complaint.  Insofar as paragraph 152 sets forth legal conclusions, no response is required.

153.   Insofar as paragraph 153 sets forth legal conclusions, no response is required.   To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint.

154.   Insofar as paragraph 154 sets forth legal conclusions, no response is required.   To the extent that a response is required, denies the allegations in paragraph 154 of the Complaint.

## COUNT SEVEN

155.   C&P Ltd. repeats its responses to paragraphs 1 through 154 of the Complaint as if set forth fully herein.

156.   Insofar as paragraph 156 sets forth legal conclusions, no response is required.

157.   Insofar as paragraph 157 sets forth legal conclusions, no response is required.   To the extent that a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.   Insofar as paragraph 158 sets forth legal conclusions, no response is required.

159.   Insofar as paragraph 159 sets forth legal conclusions, no response is required.   To the extent that a response is required, denies the allegations in paragraph 159 of the Complaint.

160.   Denies the allegations set forth in paragraph 160 of the Complaint, and insofar as paragraph 160 sets forth legal conclusions, no response is required.

161.    Insofar as paragraph 161 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 161 of the Complaint.

## COUNT EIGHT

162.    C&P Ltd. repeats its responses to paragraphs 1 through 161 of the Complaint as if set forth fully herein.

163.    The claims set forth in paragraphs 163 through 168 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

164.    The claims set forth in paragraphs 163 through 168 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

165.    The claims set forth in paragraphs 163 through 168 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

166.    The claims set forth in paragraphs 163 through 168 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

167.    The claims set forth in paragraphs 163 through 168 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

168.    The claims set forth in paragraphs 163 through 168 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

## COUNT NINE

169.    C&P Ltd. repeats its responses to paragraphs 1 through 168 of the Complaint as if set forth fully herein.

170.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

171.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

172.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

173.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

174.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

175.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

176.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

177.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

178.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

179.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

180.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

181.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

182.    The claims set forth in paragraphs 170 through 182 of the Complaint do not relate to C&P Ltd.; accordingly, no response is required.

## COUNT TEN

183.    C&P Ltd. repeats its responses to paragraphs 1 through 182 of the Complaint as if set forth fully herein.

184.    Insofar as paragraph 184 sets forth legal conclusions, no response is required.

185.    Insofar as paragraph 185 sets forth legal conclusions, no response is required.

186.    Insofar as paragraph 186 sets forth legal conclusions, no response is required.

187.    Denies the allegations set forth in paragraph 187 of the Complaint, and insofar as paragraph 187 sets forth legal conclusions, no response is required.

188.    Insofar as paragraph 188 sets forth legal conclusions, no response is required.

189.    Insofar as paragraph 189 sets forth legal conclusions, no response is required.  To the extent that a response is required, denies the allegations in paragraph 189 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims should all be dismissed on the grounds that defendant justifiably relied on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission and the Securities Investor Protection Corporation, to monitor and oversee the activities of BLMIS.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because defendant took every transfer from BLMIS for value and in good faith and defendant gave value to the debtor in exchange for such transfer (Section 548(c) of the Bankruptcy Code).

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because defendant acted in good faith and without fraudulent intent.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under Section 546(e) of the Bankruptcy Code, and defendant is subject to the "safe harbor" set forth in Section 546(e) of the Bankruptcy Code, and any amounts received by defendant from BLMIS are settlement payments exempt from avoidance under Section 546(e) of the Bankruptcy Code.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the holding in *Picard v. Katz*, No. 11 Civ. 3605 (JSR) (S.D.N.Y. Sept. 27, 2001), limits the claims for fraudulent transfers except claims for actual fraud under § 548 (a)(1)(A) of the Bankruptcy Code.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff has instituted avoidance actions only against those who received over $500,000 in allegedly "fictitious profits"; accordingly $500,000 should be deducted from any recovery of damages that plaintiff might otherwise recover.

## NINTH DEFENSE

To the extent the defendant paid income tax on taxable distributions from BLMIS and cannot recover same, plaintiff is barred from any recovery as: defendant received taxable distributions from BLMIS; BLMIS was required to report such taxable distributions to the Internal Revenue Service and the applicable State; BLMIS reported such taxable distributions to the Internal Revenue Service and the applicable State; by reason of the aforesaid, defendant paid income tax to the Internal Revenue Service and the applicable State on the taxable distributions from BLMIS; the time of defendant to amend defendant's income tax returns with respect to such taxable distributions from BLMIS has potentially passed and the defendant potentially cannot recover the taxes defendant paid to the Internal Revenue Service and the applicable State.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto* and/or the *Wagoner rule* because, among other things, the acts of its predecessors, agents, and representatives (including Madoff and BLMIS) are imputed on the Madoff Trustee.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any transfers or payments alleged by plaintiff to have been made to defendant were on account of a debt or debts incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS and defendant and were made according to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2).

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to 11 U.S.C. § 547(c)(4).

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent defendant took for new value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer, within the meaning of 11 U.S.C. § 550(b)(1).

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged transfer sought to be avoided did not enable defendant to receive more than defendant would have received if BLMIS were in a Chapter 7 proceeding.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by 548(d)(2)(A) and 548(d)(2)(B) of the Bankruptcy Code.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because bringing this action is an abuse of his discretion.

## EIGHTEENTH DEFENSE

Plaintiff's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S. § 78fff-2(c)(3) have been met.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because each transfer to the defendant was made for value and fair consideration.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because each transfer to the defendant was a transfer on account of an antecedent debt.

## TWENTY-SECOND DEFENSE

Plaintiff lacks standing to bring any claims against the defendant.

## TWENTY-FOURTH DEFENSE

Plaintiff has failed to adequately plead with particularity the transfers plaintiff seeks to avoid.

## TWENTY-FIFTH DEFENSE

The right to recover payments by BLMIS of fictitious profits belongs to the other customers of BLMIS and not to plaintiff, as, *inter alia*, plaintiff alleges that all distributions made to defendant by BLMIS of fictitious profits were not from the funds of BLMIS, but rather from other customers' money.

## TWENTY-SIXTH DEFENSE

The distributions alleged by plaintiff may not be avoided or recovered because such alleged distributions do not involve property of the estate. The alleged transfers and any amounts defendant received from BLMIS are not property of the estate as, *inter alia*, such amounts were held by BLMIS in constructive trust or as a bailee for defendant, and/or BLMIS never had a legal interest in the transferred funds.

## TWENENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff has not demonstrated that plaintiff will not recover enough property to satisfy customer claims.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the debtor did not receive less than reasonably equivalent value in exchange for any transfer to the defendant.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, and/or acquiescence.

## THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of set-off, and

defendant is entitled to a set-off based on BLMIS's misconduct and/or the contractual

agreements defendant had entered into with BLMIS.

### THIRTY-FIRST DEFENSE

Plaintiff's claim are barred to the extent that they arises from or relates to

contractual provisions, transactions, or conduct that is illegal, unlawful, void and/or

unenforceable.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred because any alleged harm was caused by plaintiff's

own negligence and/or failure to act reasonably and/or fraud.

### THIRTY-FORTH DEFENSE

Plaintiff's claims are barred because defendant did not participate in any wrongful

conduct, and it is inequitable to proceed against defendant unless and until the plaintiff

has exhausted his remedies against other parties that engaged in wrongful conduct in

respect to BLMIS.

### THIRTY-FIFTH DEFENSE

That the defendant hereby adopts and incorporates by reference any and all other

available defenses asserted or to be asserted by any other defendant in the above-

captioned SIPA liquidation proceeding, No. 09-01789, or related proceeding, to the

extent applicable herein.

Defendant reserves the right to supplement this Answer with additional defenses and to assert such defenses.[1]

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, defendant demands a trial by jury as to all issues which may be heard by a jury.

WHEREFORE, the defendant respectfully requests judgment dismissing with prejudice plaintiff's amended complaint in its entirety together with the costs, disbursements and attorney's fees.

ARKIN SOLBAKKEN LLP

By: /s/ Stanley S. Arkin
Stanley S. Arkin (SA-1373)
Arkin Solbakken LLP
590 Madison Avenue, 35th Floor
New York, New York 10022
(212) 333-0200
*Attorneys for Defendant*

---

[1]     Defendant's characterization of any of the above defenses as affirmative defenses is not intended to concede that defendant has the burden of proof on any such defenses, and defendant reserves all rights to all defenses.

29