**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |

**MEMORANDUM OF LAW OF
THE SECURITIES INVESTOR PROTECTION CORPORATION IN SUPPORT OF
TRUSTEE'S REPLY TO THE PARTIAL OBJECTION OF FGLS EQUITY LLC TO
TWENTY-THIRD OMNIBUS MOTION TO OVERRULE OBJECTIONS OF
<u>CLAIMANTS WHO INVESTED MORE THAN THEY WITHDREW</u>**

SECURITIES INVESTOR PROTECTION
CORPORATION
1667 K St., NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 371-8300
JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel for
Dispute Resolution
NATHANAEL S. KELLEY
Associate General Counsel

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................5

    I.   THE TRUSTEE'S MOTION SHOULD BE APPROVED.  THE PARTIAL
       OBJECTION SHOULD BE DENIED..................................................................................5

        A.     The Claims Procedure Order .....................................................................................5

        B.     The Claimant Failed to Meet Its Burden of Proof .....................................................7

        C.     The Trustee's Determination Letter on FGLS's Claim Is Correct ...........................8

        D.     FGLS's Reliance on Bankruptcy Rule 3007 Is Misplaced .......................................9

CONCLUSION ..............................................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES:**                                                                                                                         **PAGE**

*In re Adler, Coleman Clearing Corp.,* 204 B.R. 111 (Bankr. S.D.N.Y. 1997) ...............................8

*In re Adler, Coleman Clearing Corp.*,
    211 B.R. 486 (Bankr. S.D.N.Y. 1997)...................................................................................6

*In re Bernard L. Madoff Inv. Sec. LLC*,
    424 B.R. 122 (Bankr. S.D.N.Y. 2010), aff'd 654 F.3d 229 (2d Cir. 2011),
    *cert. denied Velvel V. Picard*,133 S.Ct. 25 (2012),
    *Ryan v. Picard*, 133 S.Ct. 24 (2012) .......................................................................................4

*In re Bernard L. Madoff Inv. Sec. LLC*,
    570 B.R. 477 (Bankr. S.D.N.Y. 2017)...................................................................................8

*In re Bernard L. Madoff Inv. Sec. LLC,*
    2018 WL 3617813 (Bankr. S.D.N.Y. July 27, 2018) .............................................................8

*In re Brentwood Securities, Inc.,*
    925 F.2d 325 (9th Cir. 1991) ..................................................................................................8

*Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.),*
    277 B.R. 520 (Bankr. S.D.N.Y. 2002) ...................................................................................8

*In re Oneida, Ltd.,*
    400 B.R. 384 (Bankr. S.D.N.Y. 2009)...................................................................................7

*Peskin v. Picard*,
    413 B.R. 137 (Bankr. S.D.N.Y. 2009)............................................................................. 5-6

*Pitheckoff v SIPC (In re Great Eastern Sec., Inc.)*,
    2011 WL 1345152 (S.D.N.Y. Apr. 5, 2011)..........................................................................8

*SEC v. F.O. Baroff*, 497 F.2d 280 (2d Cir. 1974) ........................................................................8

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    522 B.R. 41 (Bankr. S.D.N.Y. 2014), *aff'd, In re Bernard L. Madoff Inv. Sec., LLC*,
    2016 WL 183492 (S.D.N.Y. Jan. 14, 2016), *aff'd, Sagor v. Picard*
    *(In re Bernard L. Madoff Inv. Sec. LLC)*, 697 F.App'x 708 (2d Cir. 2017) ........................4

*Sec. Inv'r Prot. Corp. v. Saxon Secs. Corp.*,
    1975 WL 444 (S.D.N.Y. 1975)..............................................................................................6

# TABLE OF AUTHORITIES
### (cont.)

**CASES:**                                                                                                              **PAGE**

*Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*,
    229 B.R. 273 Bankr. S.D.N.Y. 1999) ...............................................................................6, 8

**STATUTES AND RULES:**

Fed. R. Bankr. Proc.

3007........................................................................................................................................4, 9

Securities Investor Protection Act, as amended, 15 U.S.C. §

78eee(b)......................................................................................................................................1
78eee(b)(4).............................................................................................................................. 1-2
78eee(d)......................................................................................................................................1
78fff(b).......................................................................................................................................6
78fff-2(a)(1) ..............................................................................................................................6
78fff-2(a)(2) ..............................................................................................................................6
78fff-2(a)(3) ..............................................................................................................................6
78fff-2(b)...................................................................................................................................7
78fff-2(b)(1) ..............................................................................................................................8
78fff-3 .......................................................................................................................................8

United States Bankruptcy Code, as amended, 11 U.S.C. §

502(a) ........................................................................................................................................7
502(d) ........................................................................................................................................2

**PRELIMINARY STATEMENT**

The Securities Investor Protection Corporation ("SIPC")[1] submits this memorandum of law in support of the Trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–78*lll* ("SIPA"),[2] and Bernard L. Madoff ("Madoff"), and the Trustee's Reply (the "Reply") to the Partial Objection of FGLS Equity LLC [ECF No. 18155][3] to the Twenty-Third Omnibus Motion to Overrule Objections of Claimants Who Invested More Than They Withdrew (the "Motion") [ECF No. 18040]. SIPC respectfully submits this memorandum to respond briefly to arguments regarding SIPA raised by the Partial Objection filed by FGLS Equity LLC ("FGLS"). In this memorandum, SIPC assumes familiarity with the underlying proceedings and refers to the Trustee's Motion and Reply for the complete background.

**BACKGROUND**

On December 15, 2008, upon an application by SIPC, BLMIS was placed in liquidation by Order of the District Court for this District under SIPA section 78eee(b). [ECF No. 1.] The District Court appointed Irving H. Picard, Esquire, as trustee for the estate and, following the directive of SIPA section 78eee(b)(4), removed the liquidation proceeding to this Court. SIPA section 78eee(b)(4) further provides that upon removal of the liquidation proceeding from the District Court to the Bankruptcy Court, "[t]he latter court shall thereupon have all of the

---

[1] SIPC is a party-in-interest and a statutory Intervenor in all liquidations under the Securities Investor Protection Act. *See* 15 U.S.C. § 78eee(d).

[2] For convenience, further references to SIPA shall omit "15 U.S.C."

[3] FGLS Equity LLC's Partial Objection With Respect To Its Claim No. 011505 To Trustee's Twenty-Third Omnibus Motion to Overrule Objections of Claimants Who Invested More Than They Withdrew, ECF No. 18155 ("Partial Objection").

1

jurisdiction, powers, and duties conferred by [SIPA] upon the court to which application for the issuance of the protective decree was made." SIPA § 78eee(b)(4).

Upon the Trustee's application, on December 23, 2008, this Court approved procedures for filing claims with the Trustee (the "Claims Procedure Order"). [ECF No. 12.][4] The procedures provided, among other things, for the submission of claims to the Trustee, a determination by the Trustee which is deemed approved by the Court absent a timely objection, satisfaction by the Trustee of allowed claims, and an opportunity for any claimant who disagreed with the determination of its claim to seek Court review. [*Id*. at 6-7.]

On June 25, 2009, FGLS submitted its claim for customer protection for its BLMIS account. On December 3, 2010, prior to issuing a claim determination, the Trustee sued FGLS to avoid and recover certain preferential transfers received by FGLS and to disallow FGLS's claim under section 502(d) of the Bankruptcy Code. In the complaint ("FGLS Complaint") to that action,[5] the Trustee provided a schedule which (i) set forth all the transactions in FGLS's BLMIS account and (ii) specified how a particular transaction affected the principal balance in FGLS' BLMIS account. With regard to the transaction which is the only basis for FGLS's Partial Objection ("the initial transfer of $3,149,075.00 from another BLMIS account to [FGLS's] account"),[6] the Trustee explained, in Exhibit B to the FGLS's Complaint, that the transfer of $3,149,075.00 on November 1, 2002 from BLMIS Account IZA54230 to FGLS's Account ("Initial Transfer") was comprised entirely of fictitious profits and valued at $0. As the Trustee

---

[4] Claims Procedure Order is attached as Exhibit 3 to the Declaration of Jason I. Blanchard in Support of the Reply ("Blanchard Declaration" or "Blanchard Decl.").

[5] See *Picard v FGLS Equity LLC*, Adv. Pro. No. 10-05191, ECF No. 1. A copy of the FGLS Complaint is Exhibit 1 to the Blanchard Declaration.

[6] Partial Objection, ECF No. 18155, at 2.

2

stated:

> Although BLMIS statements reflect that funds were transferred into this account on [November 1, 2002], these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred into the account on [November 1, 2002]. Accordingly, the account balance has remained unchanged. [7]

On September 21, 2015, the Trustee's action for preferential transfers was dismissed by a Stipulation and Order.[8]

On October 7, 2015, consistent with the Claims Procedures Order, the Trustee issued to FGLS his determination letter ("Determination Letter") allowing the FGLS Claim in the amount of $3,450,000 ("Allowed Amount").[9] The Trustee stated in the Determination Letter that the Allowed Amount "was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1 attached hereto." [emphasis in original].[10]

The first item in Table 1 of the Determination Letter is the same Initial Transfer (November 1, 2002 purported transfer of $3,149,075.00 from BLMIS Account IZA54230 to FGLS Account) as the first item in Exhibit B to the FGLS Complaint. Note 1 to Exhibit B described the $3,149,075.00 as "funds consisting of fictitious profits."

On November 5, 2015, FGLS filed an initial objection to the Determination Letter

---

[7] Exhibit B n.1 to FGLS Complaint, Blanchard Decl. Exhibit 1.

[8] *Picard v. FGLS Equity, LLC*, Adv. Pro. No. 10-05191, ECF. No. 47.

[9] A copy of the Determination Letter is attached to the Affirmation of Richard C. Yeskoo ("Yeskoo Aff.") as Exhibit 1. ECF No. 18156, Ex. 1.

[10] See id at 1.

3

("November 2015 Objection").[11] FGLS asserted that the Determination Letter did not specify the account balance of the transferred account. In addition, it raised arguments that had been rejected by this Court in its Inter Account Method Decision. See *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 522 B.R. 41 (Bankr. S.D.N.Y. 2014), *aff'd, In re Bernard L. Madoff Inv. Sec., LLC*, 2016 WL 183492 (S.D.N.Y. Jan. 14, 2016), *aff'd, Sagor v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 697 F.App'x 708 (2d Cir. 2017) ("Inter Account Method Decision").

The portion of FGLS's claim that was allowed by the Trustee was consistent with this Court's ruling on the Net Investment Method, *see In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010), *aff'd,* 654 F.3d 229 (2d Cir. 2011), *cert. den., Velvel V. Picard*, 133 S.Ct.25 (2012), *Ryan v. Picard*, 133 S.Ct.24 (2012). The portion of the claim that was denied was consistent with the Inter Account Method. The Trustee received an executed Partial Assignment and Release from FGLS[12] and partially satisfied FGLS with an advance of $500,000 from SIPC. In addition, FGLS received from the Trustee distributions up to approximately 64% of the Allowed Amount pursuant this Court's Orders approving the Trustee's nine Distributions.

On November 3, 2018, FGLS filed a second objection, namely, the Partial Objection at issue here. FGLS still objects to the sufficiency of the Trustee's Determination Letter "contending it is facially deficient under Bankruptcy Rule 3007 for lack of specificity and

---

[11] The November 2015 Objection is attached to Yeskoo Aff. as Exhibit 2.

[12] The Partial Assignment and Release was enclosed with the Determination Letter and is part of Exhibit 1.

4

supporting factual allegations."[13]  FGLS, however, significantly revised its November 2015 Objection as to the Trustee's use of the Inter Account Method when it stated:

> FGLS does not object to the Trustee's adoption of a method under which claimants are not entitled to credit for a transfer of fictitious profits from another BLMIS account.

As noted above, the Trustee informed FGLS in 2010 that the Initial Transfer from another BLMIS Account was "comprised entirely of fictitious profits."

## ARGUMENT

### I. THE TRUSTEE'S MOTION SHOULD BE APPROVED. THE PARTIAL OBJECTION SHOULD BE DENIED.

In determining FGLS's claim, the Trustee complied fully with the requirements of this Court's Claims Procedure Order when taken together with the court-approved Net Investment Method and Inter Account Method and the information provided to FGLS in the Trustee's complaint against FGLS for avoidance and recovery of preferential transfers. As early as December 2010, FGLS knew that an inter account transfer into its BLMIS account was comprised entirely of fictitious profits. It knows that full well today.[14]  The Partial Objection should be stricken and the Trustee's Determination of FGLS's claim should be affirmed.

### A. The Claims Procedure Order

The filing of claims for customer protection in this SIPA liquidation proceeding and the Trustee's treatment of those claims are governed by the Claims Procedure Order entered by this Court on December 23, 2008. That Order "sets forth a methodical and systematic framework for the filing, determination and adjudication of claims in the BLMIS liquidation proceeding."

---

[13] Partial Objection, ECF No. 18155, at 2.

[14] Partial Objection, ECF No. 18155, at 4 n. 1.

5

*Peskin v. Picard*, 413 B.R. 137, 143 (Bankr. S.D.N.Y. 2009). This Court noted that the procedures in the Order "have been consistently approved and utilized in SIPA proceedings since [SIPA's] enactment in 1970."[15] *Peskin,* 413 B.R. at 143.

The procedures implement the unique provisions of SIPA with respect to the filing, determination and satisfaction of claims. Although to the extent consistent with SIPA, a liquidation proceeding under SIPA "shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of" the Bankruptcy Code, SIPA § 78fff(b), many of the procedural requirements of SIPA differ markedly from those in bankruptcy liquidations. For example, in a SIPA case, the trustee is responsible for mailing notices to customers and creditors. §78fff-2(a)(1). Customers "need not file a formal proof of claim" but must file "a written statement of claim." Moreover, the statement of claim is filed with the Trustee and not with the Court. §78fff-2(a)(2). The time period for filing claims also differs under SIPA. Customers must file their claims within the time specified in SIPA section 78fff-2(a)(3) or be time-barred unless subject to certain narrow statutory exceptions.

The December 23, 2008 Order, like the claims procedure order entered in almost every SIPA liquidation proceeding, provides a process whereby claims are filed with the trustee, the trustee determines them, and court review of determinations is had when requested by the claimant. Allowed claims are satisfied under the Order consistent with SIPA. Under the Order, disallowed claims are subject to Court review. The issuance of a determination letter by the trustee, as provided under the Order, gives notice to the claimant of the reasons for the approval

---

[15] *See also Sec. Inv'r Prot. Corp. v. Saxon Secs. Corp.*, 1975 WL 444 (S.D.N.Y. 1975); *Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*, 229 B.R. 273, 275-76 (Bankr. S.D.N.Y. 1999) ("*Stratton Oakmont*"); *In re Adler, Coleman Clearing Corp.*, 211 B.R. 486, 490 (Bankr. S.D.N.Y. 1997).

6

or denial of his claim and opens the door to informal discussions between the trustee and the claimant and a possible resolution of differences without litigation. Under the Order, the trustee may decide to settle a disputed claim if appropriate, with the approval of SIPC and without further order of the Court. If all else fails, court adjudication is available, but only as a final measure. The process thus has the virtues of a streamlined and practical solution to resolving what in some cases can amount to thousands of claims without burdening the court or taxing its resources. Most claims can be processed, resolved, and satisfied by the trustee, leaving only those that are incapable of resolution for Court review.

**B.    The Claimant Failed to Meet Its Burden of Proof**

SIPA contains unique provisions regarding the burden of proof and the standard for allowing customer claims. The debtor's obligations to its customers must be "ascertainable from the books and records of the debtor or… otherwise established to the satisfaction of the trustee." SIPA §78fff-2(b). Furthermore, the satisfaction of a claim "may be conditioned upon the trustee requiring claimants to execute, in a form to be determined by the trustee, appropriate receipts, supporting affidavits, releases, and assignments…."

In ordinary bankruptcy, a general unsecured creditor meets his burden of establishing, prima facie, the validity and amount of his claim simply by filing a claim in proper form. 11 U.S.C. §502(a). Once that presumption in favor of the claimant is overcome by affirmative proof, the burden falls on the claimant to prove his case by a preponderance of the evidence. *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

In contrast, "customer" status in a SIPA proceeding is a preferred status entitling the customer to priority over general creditors in the distribution of certain assets marshaled by the trustee. Thus, one who qualifies as a customer in a SIPA proceeding is satisfied, within the

7

limits of protection afforded by SIPA, even when the Debtor's estate has no assets whatsoever. 15 U.S.C. §§78fff-2(b)(1), 78fff-3. In construing SIPA, courts have followed the general rule that the burden of proof rests with the party seeking customer status. *In re Brentwood Securities, Inc.,* 925 F.2d 325, 328 (9th Cir. 1991) (claimants have burden of proving that they are customers by establishing that they entrusted cash or securities to the broker); *Pitheckoff v SIPC (In re Great Eastern Sec., Inc.)*, 2011 WL 1345152, at *4 (S.D.N.Y. Apr. 5, 2011); *In re Bernard L. Madoff Inv. Sec. LLC,* 2018 WL 3617813 (Bankr. S.D.N.Y. July 27, 2018); *In re Bernard L. Madoff Inv. Sec. LLC*, 570 B.R. 477, 481 (Bankr. S.D.N.Y. 2017) (citing *Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.),* 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002)). A claimant must establish customer status for every cash balance, security, or transaction for which it seeks customer protection. *See SEC v. F.O. Baroff*, 497 F.2d 280, 282 n.2 (2d Cir. 1974), *Stratton Oakmont*, 229 B.R. at 277, *In re Adler, Coleman Clearing Corp.,* 204 B.R. 111, 115 (Bankr. S.D.N.Y. 1997).

FGLS has failed to meet its burden of proof as to the purported value of the Initial Transfer. As noted above, the Trustee informed FGLS, both in the FGLS Complaint (Exhibit B, note 1) and in the Determination Letter (Table 1) that the Initial Transfer was nothing more than a transfer consisting entirely of fictitious profits. In both instances, the Trustee advised FGLS that the result of the Initial Transfer was $0 in value to the FGLS Account.

FGLS remained silent and now, has failed in its burden of proof.

C. **The Trustee's Determination Letter on FGLS's Claim Is Correct**

Pursuant to this Court's rulings on the Net Investment Method and the Inter Account Method, the Trustee valued the Initial Transfer to the FGLS Account at $0 because the transferor account did not have any principal at the time of the Initial Transfer. The Trustee allowed

8

FGLS's claim for the Allowed Amount. FGLS did not offer any evidence to establish that the value of the Initial Transfer exceeded $0.

The Trustee's Determination Letter on FGLS's Claim is correct.

### D. **FGLS's Reliance on Bankruptcy Rule 3007 Is Misplaced**

FGLS's Partial Objection posits that Bankruptcy Rule 3007 should be followed instead of the Claims Procedure Order. FGLS's reliance on Rule 3007 is misplaced.

As noted above, the procedures in the Order implement the unique provisions of SIPA with respect to the filing, determination and satisfaction or resolution of claims. More plainly, the Trustee's Determination Letter on a claim for customer protection in a SIPA liquidation proceeding is vastly different from an objection to a claim in a bankruptcy proceeding. Rule 3007 is inconsistent with SIPA because it would impede the Trustee's statutory duty to promptly satisfy customer claims. Moreover, as noted above, the Trustee's Determination Letter is not filed with the Court but is sent to the claimant. This ensures a high level of privacy that Rule 3007 does not.

9

## **CONCLUSION**

The Trustee's Motion should be approved. The Partial Objection should be denied.

Dated: Washington, D.C.
November 21, 2018

Respectfully submitted,

JOSEPHINE WANG
General Counsel

  /s/Kevin H. Bell
KEVIN H. BELL
Senior Associate General Counsel for Dispute Resolution

NATHANAEL S. KELLEY
Associate General Counsel

SECURITIES INVESTOR
  PROTECTION CORPORATION
1667 K St., NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 371-8300
E-mail: jwang@sipc.org
E-mail: kbell@sipc.org
E-mail: nkelley@sipc.org