

FGLS request for permission to file sur-reply brief Richard Yeskoo to: bernstein.chambers
11/25/2018 11:39 AM
Cc: dsheehan, kbell
From: Richard Yeskoo <yeskoo@yeskoolaw.com>
To: <bernstein.chambers@nysb.uscourts.gov>
Cc: <dsheehan@bakerlaw.com>, <kbell@sipc.org>

1 Attachment


Bernstein 002.pdf

Enclosed please find RGLS's request to file a sur-reply brief.

Richard C. Yeskoo
Yeskoo Hogan & Tamlyn, LLP
139 South Street
New Providence, NJ 07974
908-464-8300

**YESKOO HOGAN & TAMLYN, LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
139 SOUTH STREET
NEW PROVIDENCE, NEW JERSEY 07974
TEL: (908) 464-8300
FAX: (908) 464-2828

RICHARD C. YESKOO[1]
STEPHEN HOGAN[2]
THOMAS T. TAMLYN[2]

[1]MEMBER N.J. & N.Y. BAR
[2]MEMBER N.Y. BAR

NEW YORK OFFICE
909 THIRD AVENUE, 28TH FLOOR
NEW YORK, NY 10022
(212) 983-0900

November 25, 2018

By Email: bernstein.chambers@nysb.uscourts.gov
Hon. Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
 for the Southern District of New York
1 Bowling Green
New York, New York 10004

Re:  SIPIC v. BLMIS, Adv. Pro No 08-01789 (SMB)
     Trustee's Twenty-Third Omnibus Motion (ECF No. 18040)
     Claimant's Request For Leave to File Sur-Reply to
     Address New Matter Contained in Trustee's Reply
     Hearing Date: November 28, 2018

Dear Judge Bernstein:

I write on behalf of claimant FGLS Equity LLC ("FGLS"), in accordance with the procedure set forth in *In re Worldcom, Inc.*, Adv. No. 04–04338 (AJG), 2007 WL 1989262 (Bankr. S.D.N.Y. July 9, 2007)[1] to request leave for FGLS to file a [four-page] sur-reply in further opposition to the motion of Irving H. Picard, trustee ("Trustee") to overrule FGLS's objections based on Bankruptcy Rule 3007 to the Trustee's determination of the customer claim filed by FGLS (Claim No. 011505), ECF No. 18040 (the "Motion").[2] The proposed sur-reply would be confined to the Trustee's

*[handwritten: Granted SMB 11/26/18]*

---

[1] "The proper procedure for filing a [sur-reply] is to submit an informal request to the judge's chambers that specifies 'the basis for the request, ... the new issue to which it seeks to reply, and ... the basis for its belief that that issue is a material one.'" *In re Worldcom*, 2007 Westlaw 1989262 at *5 (quoting *United States v. Int'l Bus. Machs. Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y.1975). "Additionally, the proposed reply papers should not be filed contemporaneously with the request for leave to submit them ...." *Id.*

[2] The Trustee filed the Motion on September 27, 2018, seeking to have the Court overrule objections filed by or on behalf of four net loser customers. ECF No. 18040. FGLS was the only customer that responded, see ECF No. 18124 (certificate of no objection as to other customers), and the return date as to FGLS was adjourned to November 28, 2018. ECF. No. 18072 (so-ordered stipulation).

YESKOO HOGAN & TAMLYN, LLP

position with respect to FGLS's objection based on Bankruptcy Rule 3007, a material matter entirely omitted from the Motion and addressed for the first time in the Trustee's Reply, ECF No. 18218.

As demonstrated in FGLS's Opposition to the Motion, ECF No. 18155, and not contested by the Trustee, in 2015 FGLS raised two objections to the Trustee's determination of its claim, the first that it was facially insufficient under Bankruptcy Rule 3007, and the second based on a challenge to the Trustee's Inter-Account method for the treatment of transfers between BLMIS customer accounts. Opposition at 4-5. The Trustee did not mention FGLS's objection under Bankruptcy Rule 3007 in its moving papers, ECF No. 18040, and instead erroneously treated FGLS's objection as having been restricted to the Inter-Account Method. *See* Opposition at 6.

The Trustee addressed FGLS's Rule 3007 objection for the first time in his reply papers, ECF No. 18218, including a reply declaration attaching five exhibits and seven pages of legal argument contending *inter alia* that Rule 3007 has no application to the determination of SIPA claims and that to the extent that it does, SIPA and the rule are inconsistent and that SIPA prevails in such conflicts under SIPA § 78fff(b). Reply at 8-12.

As the party seeking an order overruling FGLS's objections in their entirety, the Trustee should have addressed its arguments for overruling FGLS's Rule 3007 objection in his initial motion papers, which would have permitted FGLS to respond in the ordinary course in its Objection. FGLS submits that the Trustee "would receive an unfair advantage," *In re Worldcom*, 2007 Westlaw 1989262 at *6 if the Court were to consider the arguments raised for the first time in his Reply without granting FGLS an opportunity to respond.

No previous request for the relief sought herein has been made by the FGLS to this or any other Court.

For the foregoing reasons, FGLS respectfully requests leave to file a four-page sur-reply.

Respectfully submitted,

Richard C. Yeskoo

Cc: David J. Sheehan: dsheehan@bakerlaw.com
    Kevin H. Bell: kbell@sipc.org