**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>        Plaintiff,<br><br>        v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A ATTACHED HERETO,<br><br>        Defendants. | Adv. Pro. Nos. listed on Exhibit A Attached Hereto |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDERS**
**AUTHORIZING THE DEPOSITIONS OF FEDERAL PRISONERS**
**<u>ANNETTE BONGIORNO, DANIEL BONVENTRE, AND JOANN CRUPI</u>**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, made applicable here by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Plaintiff Irving H. Picard, as trustee ("Trustee") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his motion (the "Motion") for orders authorizing the depositions of federal prisoners Annette Bongiorno, Daniel Bonventre, and Joann Crupi.

## BACKGROUND

In connection with the actions filed by the Trustee to recover customer funds, he has calculated the amount each defendant owes to the estate. To support his calculation, the Trustee must show by a preponderance of the evidence that BLMIS was operating a Ponzi scheme while defendants in those actions held accounts at BLMIS. Specific to this Motion, defendants in the 17 adversary proceedings identified on Exhibit A ("Defendants") in which fact discovery is still open, contest whether and the extent to which BLMIS was operating a Ponzi scheme through its Investment Advisory ("IA") business.

To shed light on this issue, the Trustee seeks to depose Bongiorno, Bonventre, and Crupi—three key BLMIS employees who each have substantial information regarding the Ponzi scheme. Bongiorno had decades of experience managing the IA business, Bonventre oversaw BLMIS operations and its bank accounts, and Crupi has relevant information regarding the IA business and tracking the flow of its customer funds.

After the collapse of BLMIS, Bongiorno, Bonventre, and Crupi were convicted for their conduct while employed at BLMIS following trial. The Second Circuit affirmed their

1

convictions. *See United States v. Bonventre*, 646 F. App'x 73 (2d Cir. 2016). The Trustee now seeks to depose these witnesses. Because they are currently incarcerated, the Trustee seeks authorization from this Court for the depositions of Bongiorno, Bonventre, and Crupi pursuant to Fed. R. Civ. P. 30(a)(2)(B).

### A. Employment at BLMIS

Annette Bongiorno worked at BLMIS from 1968 through December 2008, managing customer accounts for the IA business. Bongiorno handled purported trading in the IA business customer accounts and supervised other employees who also worked on purported trades in the IA accounts. Throughout the 1970s until 2008, Bongiorno oversaw activity in various customer accounts and served as a point of contact for many BLMIS customers. *See* Tr. of Hr'g on Sentencing at 48–51, *United States v. Bongiorno*, No. 10-cr-228 (S.D.N.Y. Dec. 9, 2014), ECF No. 1236. Bongiorno also provided deposition testimony in the profit withdrawal proceeding and demonstrated extensive knowledge of the BLMIS books and records and how BLMIS IA accounts were managed.[1]

Bonventre worked at BLMIS from 1968 to December 2008 as the director of operations. Bonventre had many responsibilities, including managing various trading reports and developing BLMIS's computer systems. Bonventre also reconciled the primary bank account used for IA business customer funds. He handled cash management and reporting of cash on a day-to-day basis, issues related to BLMIS's solvency, and had the unique position of seeing how reporting and trading were handled on the market-making side of the business as compared to the IA business. *See, e.g.*, Trial Tr. of Feb. 24, 2014 at 10047:23–10048:19, *United States v. Bonventre*,

---

[1] Memorandum Decision and Order Regarding Treatment of Profit Withdrawal Transactions at 25, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. July 27, 2018), ECF No. 17869.

2

No. 10-cr-228 (S.D.N.Y. Apr. 4, 2014), ECF No. 920.[2]

Joann Crupi worked at BLMIS from 1983 through December 2008 in the IA business. Like Bongiorno, she worked closely with customer accounts in the IA business, but in addition to her understanding of purported trading in the IA customer accounts in the 1980s, Crupi also worked on the accounts purportedly engaged in the split-strike conversion strategy beginning in 1992. Crupi was also responsible for monitoring activity into and out of the bank account BLMIS used to carry out the fraud, including tallying the checks and wires into and out of the account. *See* Trial Tr. of Dec. 9, 2013 at 5128:12–5130:20, ECF No. 860.

### B.    Subsequent Litigation

On February 24, 2010, the United States Attorney for the Southern District of New York filed a criminal complaint charging Bonventre with conspiracy, securities fraud, falsifying records of a broker-dealer, and falsifying records of an investment adviser. On November 17, 2010, the United States Attorney for the Southern District of New York filed a criminal complaint charging Bongiorno and Crupi with conspiracy, securities fraud, falsifying records of a broker-dealer, falsifying records of an investment adviser, and tax evasion. Bongiorno, Bonventre, and Crupi were found guilty in a trial by jury. The District Court entered Bonventre's conviction on December 16, 2014, Bongiorno's conviction on December 17, 2014, and Crupi's conviction on December 31, 2014. All convictions were affirmed by the Second Circuit on appeal. *United States v. Bonventre*, 646 F. App'x 73 (2d Cir. 2016).

Additionally, the Trustee filed lawsuits against Bongiorno, Bonventre, and Crupi seeking the avoidance and recovery of transfers they received through their personal BLMIS customer accounts. The Trustee has settled litigation in this Court for receipt of avoidable transfers from

---

[2] Unless otherwise noted, all references to "Trial Tr." herein refer to the case captioned *United States v. Bonventre*, No. 10-cr-228 (S.D.N.Y.).

3

BLMIS against Bongiorno as of September 29, 2016 and against Bonventre as of October 31, 2017. *See Picard v. Bongiorno*, Adv. Pro. No. 10-04215 (Bankr. S.D.N.Y.) (SMB); *Picard v. Bonventre*, Adv. Pro. No. 10-04214 (Bankr. S.D.N.Y.) (SMB). The Trustee maintains an adversary proceeding against Crupi. *See Picard v. Crupi*, Adv. Pro. No. 10-04216 (Bankr. S.D.N.Y.) (SMB).

## ARGUMENT

The deposition of a person confined in prison may only be taken with leave of court on such terms as the court prescribes. Fed R. Civ. P. 30(a)(2). In considering whether to grant such leave, the court considers the narrow limitations generally placed on discovery as set forth in Fed. R. Civ. P. 26(b)(2)(B): (1) the discovery requested is unreasonably cumulative or duplicative, or if the information sought is obtainable from some other more convenient source; (2) the party seeking the discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2) & 30(a)(2). The court should permit the deposition unless an objecting party can show that the deposition meets one of the three circumstances outlined in Fed. R. Civ. P. 26(b)(2). *See e.g.*, *Houghtaling v. Tirado-Montes*, No. 803-CV- 2733, 2008 WL 2385511, at *1 (M.D. Fla. June 9, 2008); *Williams v. Greenlee*, 210 F.R.D. 577, 578 (N.D. Texas 2002).

The testimony sought from Bongiorno, Bonventre, and Crupi is unquestionably relevant to the Trustee's cases against Defendants. The Ponzi scheme is disputed by Defendants in each of these proceedings, and Bongiorno, Bonventre, and Crupi are key witnesses who can shed light on the Ponzi scheme.[3] For example, Bonventre, as director of operations, had a bird's eye view

---

[3] The Trustee recently amended his initial disclosures in various good faith actions identifying Bongiorno, Bonventre, and Crupi as individuals the Trustee may rely on to prove his case.

4

of BLMIS operations in both the market-making and IA sides of the business. Bongiorno is intimately familiar with the IA customer accounts, the purported trading that took place in those accounts, and the related books and records of BLMIS. Crupi worked directly on purported trades in IA customer accounts in the 1980s and 1990s, working with Frank DiPascali (now deceased) on the split-strike conversion accounts. In addition to Crupi's familiarity with the IA customer accounts, she also monitored the flow of funds into and out of the primary bank accounts used for IA business customer funds. Each of these witnesses therefore has highly relevant information concerning the Ponzi scheme and, together, have a combined 105 years of experience at BLMIS.

It is not unreasonably cumulative or duplicative to depose these three key BLMIS employees, each of whom has their own area of knowledge relevant to the BLMIS Ponzi scheme. No other form of discovery can replicate first-hand knowledge from the main BLMIS employees responsible for overseeing the operations, procedures, and day-to-day tasks of BLMIS and, specifically, its IA business. Obtaining testimony from three witnesses, all of whom worked at BLMIS for twenty-five years or more, with different specialties and areas of focus will not lead to cumulative testimony.

These depositions are not unusually burdensome or excessive. Given the length of their employment and their knowledge of information highly relevant to the issues in the remaining good faith cases in which fact discovery is still open, the benefits of deposing Bonventre, Bongiorno, and Crupi outweigh any burden or expense. The Trustee seeks to depose these witnesses only once in connection with the remaining good faith cases to preserve their

testimony for trial.[4]  Doing so minimizes the burden to Defendants and is an efficient and cost-effective way of seeking this testimony.

Finally, now is the appropriate time to seek these depositions.  Fact discovery is open in the good faith proceedings subject to this Motion.  Further, the initial disclosures in these proceedings have been updated to reflect that Bongiorno, Bonventre, and Crupi are witnesses with knowledge of BLMIS's operations, and each Defendant in these cases contests BLMIS's Ponzi scheme.  Until January 2017, the convictions of Bongiorno, Bonventre, and Crupi were not finally adjudicated.  *See Bonventre v. United States*, No. 16-6800, 137 S. Ct. 676 (Jan. 9, 2017).  Considering the highly relevant nature of these witnesses' likely testimony, Defendants cannot meet their burden to demonstrate how the narrow limitations provided in Rule 26(b)(2) should bar the Trustee's request.

---

[4] The Trustee plans to conduct a single deposition in connection with the 17 cases at issue in this Motion as well as the 91 cases where the Trustee sought to depose Bonventre, Bongiorno and Crupi in his Discovery Motion.  *See* Motion for Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Sept. 21, 2018), ECF No. 18015 (the "Discovery Motion").

6

## **CONCLUSION**

For the above reasons, the Trustee respectfully requests that the Court grant leave to depose Bongiorno, Bonventre, and Crupi pursuant to the proposed orders attached hereto as Exhibits 1, 2, and 3.

Dated: November 26, 2018  
New York, New York

**BAKER & HOSTETLER LLP**

By: */s/ David J. Sheehan*

45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Nicholas J. Cremona  
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*