**YESKOO HOGAN & TAMLYN, LLP**
909 Third Avenue, 28th Floor
New York, New York 10023
(212) 983-0900
Richard C. Yeskoo
yeskoo@yeskoolaw.com

*Attorneys for Claimant*
*FGLS Equity LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

Hearing Date: November 28, 2018

**FGLS EQUITY LLC'S SUR-REPLY IN OPPOSITION TO
TRUSTEE'S TWENTY-THIRD OMNIBUS MOTION
TO OVERRULE OBJECTIONS OF CLAIMANTS WHO
INVESTED MORE THAN THEY WITHDREW**

Claimant FGLS Equity LLC ("FGLS") submits this sur-reply in further

opposition to the motion of Irving H. Picard, trustee ("Trustee") to the extent

that it requests that this Court overrule FGLS's objections based on

Bankruptcy Rule 3007 to the Trustee's determination of the customer claim

filed by FGLS (Claim No. 011505), ECF No. 18040 (the "Motion").[1]

FGLS's Objection to the Trustee's Motion (ECF No. 18155)

demonstrated (i) that the Motion had not addressed FGLS's Rule 3007

objection and (ii) that the Trustee's determination letter the letter failed to

satisfy Rule 3007 by failing to explain his basis for assigning a zero value

with respect to the $3,149,075 transfer into FGLS from a different BLMIS

account, C&P Associates.  The Trustee's Reply (ECF No.  18218) concedes

that "[a] claim for customer protection under SIPA is the 'functional

equivalent of a proof of claim in a bankruptcy case,'" Reply at 9 (*quoting Sec.

Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437, 443

(S.D.N.Y. 2014)), does not dispute that Rule 3007 requires a trustee to specify

the methodological and factual basis for denying a claim, and does not deny

that the determination letter failed to set forth any  basis for assigning a zero

value.

The Trustee's Reply first invokes the Claims Procedure Order (ECF

No. 12) to argue that his "determination of a customer claim is not the same

as an objection to a claim and therefore Bankruptcy Rule 3007 does not

apply."  Reply at 10.  While the two may not be "the same," this court has

---

[1]     As stated in the letter to the Court from counsel for FGLS seeking leave to
file this sur-reply, the Trustee did not mention FGLS's objection under Bankruptcy
Rule 3007 in its moving papers, ECF No. 18040 and presented his basis for seeking
to overrule FGLS's Rule 3007 objection for the first time in his reply papers, ECF
No. 18218.  This sur-reply accordingly represents FGLS's first opportunity to
respond to the Trustee's position with respect to the Rule 3007 objection.

ruled that a claimant such as FGLS "can argue the same points, allege the same facts, and obtain the same result by following these procedures" as they would have been able to if the order had not been in effect. *Peskin v. Picard (In re Bernard L. Madoff Inv. Sec. LLC),* 413 B.R. 137, 144 (Bankr. S.D.N.Y.2009), *aff'd,* 440 B.R. 579 (S.D.N.Y. 2010). Thus the Trustee's reliance on the Claims Procedure Order for ignoring Rule 3007's requirements of specific supporting allegations is misplaced.

Second, the Trustee makes what is essentially a burden argument, contending that the SIPA statute supersedes Rule 3007, apparently because requiring the Trustee to share with FGLS his rationale for adjusting the value of a transaction from $3,149,075 to zero would "impede the Trustee's duty to determine and satisfy customer claims promptly after his appointment." Reply at 10-11. This conclusory argument is unsupported in the record and implausible on its face. Identifying the methodology employed, providing the balance of the transferor account and stating the extent to which that balance reflected net equity rather than fictitious profits could have been done in one or two sentence and would not have required any work beyond what the Trustee had already necessarily performed to arrive at his determination. Documents submitted by the Trustee with his Reply in fact confirms that, prior to issuing the determination letter, the Trustee had already written out its analysis of the C&P account and its relationship to the initial transfer to FGLS in short passages contained in complaints filed

against C&P and FGLS respectively, and it is simply not credible that

complying with Rule 3007 by providing the same information in the

determination letter would have been burdensome, let alone compliance

would have imposed sufficient burden to "impede" "prompt" disposition of

customer claims.[2]

## CONCLUSION

For the reasons stated above and in FGLS's initial objection, the Court

should deny the Trustee's Motion to the extent that it seeks to overrule

FGLS's objections based on its argument that the determination letter is

facially insufficient for lack of specificity and factual allegations, and rule

that FGLS is entitled to an additional credit in its approved customer claim

in the amount of $3,149,075.

Dated: New York, New York
       November 27, 2018

YESKOO HOGAN & TAMLYN, LLP
*Attorneys for Claimant FGLS Equity LLC*

909 Third Avenue, 28th Floor
New York, New York 10023
(212) 983-0900
yeskoo@yeskoolaw.com

By: ____s/_____
       Richard C. Yeskoo

---

[2] Although the Trustee relies on these pleadings as information available to FGLS outside of the claims determination process, it notably does not contend that pleadings filed in an action that had been voluntarily dismissed (the FGLS complaint) or filed in an action against a separate BLMIS customer (the C&P complaint) should somehow be deemed incorporated in the Trustee's determination letter for purposes of assessing whether the determination  letter complied with the specificity requirements of Rule 3007.

## CERTIFICATE OF SERVICE

I, Richard C. Yeskoo, an attorney admitted to practice in the State of New York and a member of the firm of Yeskoo Hogan & Tamlyn, LLP, counsel for claimant FGLS Equity LLC ("FGLS"), hereby certify that on November 27, 2018, true and correct copies of  FGLS Equity LLC's Sur-Reply in Support of its Partial Objection With Respect To Its Claim No. 011505 To Trustee's Twenty-Third Omnibus Motion To Overrule Objections Of Claimants Who Invested More Than They Withdrew was served via electronic mail upon:

David J. Sheehan dsheehan@bakerlaw.com

Nicholas J. Cremona, Esq. ncremona@bakerlaw.com

Jorian L. Rose, Esq. jrose@bakerlaw.com

Amy E. Vanderwal, Esq. avanderwal@bakerlaw.com

Jason I. Blanchard, Esq. jblanchard@bakerlaw.com

Kevin Bell, Esq. kbell@sipc.org

and by ECF on the remaining parties to this adversary proceeding.

Dated: New York, New York
November 27, 2018

s/ Richard C. Yeskoo