**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | NO. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-1161 (SMB) |
| Plaintiff, | |
| v. | |
| FEDERICO CERETTI, ET AL. | |
| Defendants. | |

# FOURTH AMENDMENT TO CASE MANAGEMENT REPORT

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, and Defendants Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (the "Funds," and collectively with the Trustee, the "Parties," and each individually, a "Party") hereby submit the following Fourth Amendment to Case Management Report in accordance with Fed. R. Civ. P. 26, applicable under Fed. R. Bankr. P. 7026, as follows:

1. Case Management Plan. On October 27, 2015, the Parties filed their initial Case Management Report [ECF No. 227], which set forth the Parties' discovery plan. On March 23, 2017, the Court so ordered the First Amendment to Case Management Report, jointly submitted by the Parties [ECF No. 284]. On September 21, 2017, the Court so ordered the Second Amendment to Case Management Report, jointly submitted by the Parties [ECF No. 314]. On June 8, 2018, the Court so ordered the Third Amendment to Case Management Report ("Third Amended CMR"), jointly submitted by the Parties [ECF No. 349].

2. Initial Disclosures. The Trustee served the Funds with Initial Disclosures on October 7, 2015, and the Funds served Initial Disclosures upon the Trustee on October 14, 2015.

3. Productions. Beginning on December 15, 2015, the Funds have produced to date 697,147 documents to the Trustee. As of November 24, 2015, the Funds have had access to the Trustee's E-Data Rooms containing millions of documents, including non-confidential documents produced to the Trustee by third parties, and the Trustee has separately produced approximately 575,199 documents to the Funds. The Funds raised issues concerning the Parties' respective access and use of documents in the Third-Party Data Rooms pursuant to the Order Establishing Procedures for Third-Party Data Rooms entered September 17, 2013, and the Order Modifying the

June 6, 2011 Litigation Protective Order entered on September 17, 2013. The Parties conferred in good faith and as a result the Trustee agreed to make supplemental productions of third-party documents to the Funds outside of the Third-Party Data Rooms. To date, the Trustee has made four productions of third-party documents to the Funds. The Parties acknowledge they each reserve all rights to seek adjudication of any unresolved document production issues before the Court or, if the Parties so agree, the discovery arbitrator if such issues should arise. The Parties will reasonably adjourn a deposition that involves showing a witness a document from the Third-Party Data Rooms, if the Trustee has not already affirmatively produced those documents to the Funds, to enable resolution of any such issues by the discovery arbitrator or the Court, as applicable.

4. Motion to Compel Production of Documents. On April 15, 2016, the Trustee filed his motion to compel the Funds to produce certain documents produced to the Funds in litigation they commenced in Bermuda against common defendants ("Bermuda Productions") named by the Trustee in the proceeding before this Court, and to compel the then non-Fund defendants to participate in discovery [ECF Nos. 252-255]. The Funds and all other defendants in this proceeding [ECF Nos. 258-265] opposed the motion.[1] The Court heard oral argument on the motion on June 9, 2016. On May 26, 2017, discovery arbitrator Hon. Frank Maas (ret.) issued a Report and Recommendation to the Court proposing a disposition of the motion. On May 30, 2017, the Court entered the proposed Order submitted by Judge Maas. The Court's Order adopted the Report and Recommendation, and granted in part and denied in part the Trustee's motion. Specifically, the Funds' were directed to produce within thirty days all non-privileged documents

---

[1] Final judgment dismissing the Trustee's claims against the former non-Fund defendants was entered by the Court on March 9, 2017, pursuant to the Stipulated Final Order Granting Motion to Dismiss the Ninth Count of the Fourth Amended Complaint, from which the Trustee has appealed directly to the U.S. Court of Appeals for the Second Circuit.

produced to the Funds in discovery in the Bermuda litigation and a privilege log identifying all documents that the Funds withheld on the basis of attorney-client privilege or attorney work product doctrine. On June 29, 2017, the Funds produced 157,687 documents to the Trustee pursuant to the Order, and withheld 462 documents on the basis of assertion of attorney client privilege and other grounds asserted by the parties that originally produced the documents in Bermuda.

5. Depositions.

a. Completed Depositions. Counsel for the Trustee has deposed nineteen individuals located in the United States, Bermuda, England, and Ireland, sixteen of which have occurred since entry of the Third Amended Case Management Report. Included in this number are the depositions of Messrs. Ceretti and Grosso, which together with the Joint Liquidators' depositions of Messrs. Ceretti and Grosso, were recently completed on November 1-2, and 5-6, 2018.

b. Scheduled Depositions. The Trustee currently has two depositions scheduled: one in the United States for November 27, 2018, and the second in Bermuda for December 4, 2018. The deposition in Bermuda is confirmed for December 4, 2018. The deposition that had been scheduled in the United States on November 27, 2018 is being postponed by mutual agreement, and will be rescheduled.

c. Additional Witnesses to be Deposed. The Trustee has moved for the issuance of letters of request for the depositions of three additional witnesses in London, France, and Bermuda. The Trustee is currently in the process of effecting service of the French court's order giving effect to this Court's letter of request concerning Mr. Julian Chapman. The Trustee's proposed order seeking issuance of this Court's letter of request to the English court for the Trustee

to obtain testimony from Mr. Antony Clark in London will be presented to this Court on November 26, 2018. The Trustee's motion for this Court's issuance of a letter of request to the Bermuda court for the Trustee to obtain testimony from Mr. Craig Perry of HSBC Bermuda is currently pending.

6. The Trustee believes that additional time for fact discovery is needed, requiring that certain dates fixed by the Third Amended CMR be extended. The Joint Liquidators do not object. Except as otherwise stated herein, the Parties have complied with all deadlines under the Third Amended CMR that have already expired prior to the date of this Fourth Amendment to Case Management Report.

**Discovery Plan**. The amended discovery plan is set forth below:

    a. Document Requests: Requests for documents may be served as required until March 12, 2018.

        (1) The Trustee served the Defendants with requests for the production of documents on October 7, 2015.

        (2) The Defendants served the Trustee with requests for the production of documents on November 6, 2015.

    b. Interrogatories:

        (1) The Parties served interrogatories in accordance with Local Bankr. R. 7033-1(a) on or before July 1, 2016.

        (2) In accordance with Local Bankr. R. 7033-1(b), the Parties may serve interrogatories from March 15, 2016, up to and including May 31, 2018, provided they are (i) a more practical method of obtaining the information sought than a request for production or a deposition, or (ii) ordered by the Court, as required by Local Bankr. R. 7033-1(b).

            (a) The Defendants served the Trustee with interrogatories on May 26, 2016.

            (b) The Trustee served the Defendants with interrogatories on June 30, 2016.

(3) In accordance with Local Bankr. R. 7033-1(c), the Parties may serve contention-based interrogatories from April 4, 2016, up to and including May 31, 2018.

(a) The Defendants served the Trustee with contention-based interrogatories on May 31, 2018.

(b) The Trustee served the Defendants with contention-based interrogatories on May 31, 2018.

(c) The Parties agree that responses to the contention-based interrogatories must be served by the close of fact discovery set forth in subparagraph d. below.

c. Requests for Admission: The Parties may serve Requests for Admission on or before April 1, 2019.

d. Fact Discovery Cut-Off: All fact discovery, other than requests for admissions and responses thereto, must be completed on or before February 28, 2019. The Parties have agreed to this discovery extension solely to permit completion of depositions that already have been noticed, whether by subpoena or through the filing of motions for the issuance of letters. The Parties will not seek any additional depositions unless one of the currently noticed witnesses specifically identifies a highly relevant witness that was not previously identified to the Parties as the result of prior testimony in the adversary proceeding. The goal of this extension is to achieve closure to the fact discovery period. If further fact discovery is necessary, the Parties may agree to further reasonable extensions of time, or seek leave of Court for further extensions of time necessary to complete timely filed requests for discovery, including but not limited to international discovery.

e. Mediation: At the close of fact discovery, the Parties agree to engage in mediation. The Parties will discuss the selection of a mediator and consult

with the parties' proposed mediator concerning the protocols to govern mediation on or before January 31, 2019. During the period of mediation, the Parties agree to engage in mediation in good faith.

f. Limitations: Limitations on written discovery will be governed by the Fed. R. Civ. P. and the Court's Local Rules, subject to amendment by agreement of the Parties, or application for good cause to, and order of, the Court.

g. Experts: Every Party that intends to offer expert testimony must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before August 31, 2019. If mediation has not successfully concluded by that date, the disclosures required by Fed. R. Civ. P. 26(a)(2) shall be further extended to the earliest practicable date following the conclusion of mediation and further deadlines under this case management report shall be extended for an equal time period. Every Party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before November 29, 2019. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Rules, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except upon prior express permission of the Court, upon application made no later than 10 days after November 29, 2019. All experts may be deposed, but such depositions must occur on or before January 31, 2020. The deadline for expert depositions will not affect the Parties' duty to

        supplement expert disclosures as required by Fed. R. Civ. P. 26. All expert discovery must be completed by February 28, 2020.

h. Depositions: All depositions (excluding expert depositions) must be completed by the Discovery Cut-Off date in paragraph 6(d) above. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided under the Fed. R. Civ. P., although the Parties acknowledge that there may be certain depositions that cannot be concluded within the time limit. The Parties will attempt in good faith to agree to mutually convenient dates for the depositions and reasonable extensions of the seven (7) hour limit as appropriate, and failing agreement any Party may apply to the Court for relief. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures and that the number of depositions may exceed ten (10).

i. Document Production Protocol: The Parties intend to enter into a protocol for the production of electronically stored information (ESI). The Parties may produce discovery, including initial disclosures, on a CD-ROM, or other similar electronic format. Information and documents produced or made available electronically shall be in the form in which the producing Party possesses such documents, and shall where available:

(1)     be text searchable;

(2)     provide data and image load files necessary to review documents on search platforms (i.e., Summation, Concordance, Relativity) upon request of a Party;

    (3)  provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    (4)  be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Trustee; and

    (5)  provide additional formats of production, metadata, or native documents if requested by a Party.

The Parties shall meet and confer first in a good-faith attempt to resolve any dispute, or thereafter comply with Local Bankr. R. 7007-1 to resolve the dispute.

  7.  Proposed Modifications of Standard Pretrial Proceeding due to the Special Nature of the Action. The Parties do not presently believe any modifications are appropriate or necessary, and will contact the Court if this should change.

  8.  Prospects for Settlement, including whether a Settlement Conference should be scheduled. The Parties have agreed to mediation following the conclusion of fact discovery.

  9.  Summary Judgment Briefing. Any party desiring to make a motion for summary judgment must comply with Local Bankr. R. 7056-1(a) by May 29, 2020.

  10.  Any other Matter that may add to the Just and Expeditious Disposition of this Matter. The Parties are not presently aware of any other matter that would add to the just and expeditious disposition of this proceeding.

  11.  Trial. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pre-trial conference and trial date. Defendants have demanded a jury trial for all issues so triable.

  12.  Parties and Counsel. The following Parties join in this Amendment to the Case Management Report, through their counsel.

*[signatures on next page]*

Dated: November 27, 2018
       New York, New York

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BAKER & HOSTETLER LLP |
|---|---|
| BY: */s/ Robert S. Loigman* <br> Susheel Kirpalani <br> susheelkirpalani@quinnemanuel.com <br> Robert S. Loigman <br> robertloigman@quinnemanuel.com <br> Rex Lee <br> rexlee@quinnemanuel.com <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010-1601 <br> (212) 849-7000 | BY: */s/ David J. Sheehan* <br> David J. Sheehan <br> dsheehan@bakerlaw.com <br> Geraldine E. Ponto <br> gponto@bakerlaw.com <br> 45 Rockefeller Plaza <br> New York, NY 10111 <br> (212) 589-4200 <br><br> *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Estate of Bernard L. Madoff* |
| *Attorneys for Joint Liquidators of Kingate Global, Ltd. and Kingate Euro, Ltd.* | |

So Ordered this **28th** day of **November**, 2018.

                                              **/s/ STUART M. BERNSTEIN**
                                              HONORABLE STUART M. BERNSTEIN
                                              UNITED STATES BANKRUPTCY JUDGE