**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 10-04390 (SMB) |
| v. | |
| BAM L.P., MICHAEL MANN, and MERYL MANN, | |
| Defendants. | |

**TRUSTEE'S MEMORANDUM OF LAW ON THE LEGAL EFFECT OF THE**
**RULING WITHDRAWING CLAIMS AND OBJECTIONS WITH PREJUDICE AND IN**
**SUPPORT OF MOTION TO STRIKE THE MANN DEFENDANTS' JURY DEMAND**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT .......................................................................................................... 3

I.     THE BANKRUPTCY COURT HAS EQUITABLE JURISDICTION TO
       ADJUDICATE THE MANN ACTION................................................................ 3

       A.     The Mann Defendants Cannot Rescind Submission To The Bankruptcy
              Court's Equitable Jurisdiction.............................................................. 4

       B.     *Stern v. Marshall* Did Not Alter The Supreme Court's Precedent On A
              Party's Submission To The Bankruptcy Court's Equitable Jurisdiction ............... 9

II.    THE MANN DEFENDANTS' JURY DEMAND IS A LEGAL NULLITY AND
       SHOULD BE STRICKEN........................................................................... 12

       A.     The Mann Defendants Submitted To the Bankruptcy Court's Jurisdiction
              By Asserting Claims For Setoffs ...................................................... 13

       B.     The Mann Defendants Have Affirmatively And Voluntarily Submitted To
              The Jurisdiction Of The Bankruptcy Court ........................................ 15

CONCLUSION........................................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*The Acad., Inc. v. James, Hoyer, Newcomer & Smiljanich, P.A. (In re The Acad., Inc.)*,
    289 B.R. 230 (Bankr. M.D. Fla. 2003) ...............................................................8

*Actrade Liquidation Tr. v. Greenwich Ins. Co (In re Actrade Fin. Techs., Ltd.)*,
    No. 09-01196 (ALG), 2010 WL 3386945 (Bankr. S.D.N.Y. Aug. 23, 2010) ...................14, 15

*In re Adler Coleman Clearing Corp.*,
    211 B.R. 486 (Bankr. S.D.N.Y. 1997) ...............................................................15

*In re Bachrach Clothing, Inc.*,
    480 B.R. 820 (Bankr. N.D. Ill. 2012) ...............................................................11

*In re Bally Total Fitness of Greater N.Y.*,
    411 B.R. 142 (S.D.N.Y. 2009) ...............................................................4

*Bankr. Servs. Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*,
    529 F.3d 432 (2d Cir. 2008) ...............................................................5

*In re Barrett Ref. Corp.*,
    221 B.R. 795 (W.D. Ok. 1998) ...............................................................7, 8

*Bayonne Med. Ctr. v. Bayonne/Omni Dev., LLC (In re Bayonne Med. Ctr.)*,
    2011 WL 5900960 (Bankr. D.N.J. Nov. 1, 2011) ...............................................................16

*In re Bernard L. Madoff Inv. Sec. LLC*,
    424 B.R. 122 (Bankr. S.D.N.Y. 2010) *aff'd,* 654 F.3d 229 (2d Cir. 2011) *cert. denied, Velvel v. Picard*, 133 S. Ct. 25 (2012) ...............................................................15

*Brook v. Ford Motor Credit Co. (In re Peacock)*,
    455 B.R. 810 (Bankr. M.D. Fla. 2011) ...............................................................16, 17

*In re China Fishery Grp. Ltd. (Cayman)*,
    Nos. 16-11895 (JLG), 16-11895 (JLG), 2017 WL 3084397 (Bankr. S.D.N.Y. July 19, 2017) ...............................................................10

*In re Coated Sales, Inc.*,
    119 B.R. 452 (Bankr. S.D.N.Y. 1990) ...............................................................5, 12, 13

*Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*,
    349 B.R. 108 (Bankr. S.D.N.Y. 2006) ...............................................................8

*In re EXDS, Inc.*,
    301 B.R. 436 (Bankr. D. Del. 2003) ............................................................... *passim*

*First Fid. Bank N.A., v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*,
    937 F.2d 833 (2d Cir. 1991) ...............................................................5

*Germain v. Conn. Nat. Bank*,
   988 F.2d 1323 (2d Cir. 1993).............................................................................4, 17

*Granfinanciera, S.A. v. Nordberg*,
   492 U.S. 33 (1989).................................................................................4, 5, 11

*In re Kaiser Grp. Int'l*,
   272 B.R. 852 (Bankr. D. Del. 2002) .........................................................................9

*Katchen v. Landy*,
   382 U.S. 323 (1966)...........................................................................3, 4, 9, 10

*KHI Liquidation Tr. v. Wisenbaker Builder Servs. (In re Kimball Hill, Inc.)*,
   480 B.R. 894 (Bankr. N.D. Ill. 2012) ...................................................................11

*Langenkamp v. Culp*,
   498 U.S. 42 (1990)................................................................................... *passim*

*In re Malinowski*,
   156 F.3d 131 (2d Cir. 1998).................................................................................13

*Mason v. Ivey*,
   498 B.R. 540 (M.D.N.C. 2013)........................................................................10, 11

*Messer v. Magee (In re FKF 3, LLC)*,
   No. 13 Civ. 3601 (KMK), 2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016) ...............................5

*In re N. Am. Energy Conservation, Inc.*,
   No. 00 Civ. 4302 (SHS), 2000 WL 1514614 (S.D.N.Y. Oct. 10, 2000) ...............................14

*Pavarini McGovern, LLC v. Waterscape Resort LLC (In re Waterscape Resort LLC)*,
   544 B.R. 507 (Bankr. S.D.N.Y. 2016) ...................................................................13

*Pearson Educ., Inc. v. Almgren*,
   685 F.3d 691 (8th Cir. 2012) ...............................................................................6

*Picard v. Estate of Madoff*,
   464 B.R. 578 (S.D.N.Y. 2011)..............................................................................10

*Picard v. Greiff*,
   476 B.R. 715 (S.D.N.Y. 2012)..............................................................................16

*Picard v. Katz*,
   825 F. Supp. 2d 484 (S.D.N.Y. 2011).....................................................................17

*Picard v. Saren-Lawrence*,
   No. 17 Civ. 5157 (GBD), 2018 WL 2383141 (S.D.N.Y. May 15, 2018),
   *recons. denied sub nom.*, 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018)...................2, 3, 4, 15

*Picard v. Stahl*,
   443 B.R. 295 (Bankr. S.D.N.Y. 2011) .......................................................................4

*In re Sea Island Cotton Trading, Inc.*,
   No. 00-06033A, 2000 WL 33952877 (S.D. Ga. July 25, 2000) ...........................................7, 8

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   490 B.R. 46 (S.D.N.Y. 2013).............................................................................16

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   496 B.R. 744 (Bankr. S.D.N.Y. 2013) *aff'd, In re Bernard L. Madoff Inv. Sec.
   LLC*, 779 F.3d 74 (2d Cir. 2015) *cert. denied, Peshkin v. Picard*, 136 S. Ct.
   218 (2015)..........................................................................................................15, 16

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   513 B.R. 437 (S.D.N.Y. 2014)...........................................................................4

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   Adv. Pro. No. 08-01789 (SMB), 2009 WL 458769 (Bankr. S.D.N.Y. Feb. 24,
   2009) ...................................................................................................................5

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
   773 F.3d 411 (2d Cir. 2014)...............................................................................16

*Seven Ctys. Servs. v. NextGen Healthcare Info. Sys*,
   No. 14-03003, 2014 WL 3941789 (W.D. Ky. Aug. 12, 2014) .............................11

*Siegel v. Cal. Self-Insurers' Sec. Fund (In re Circuit City Stores, Inc.)*,
   No. 08-35653-KRH, 2016 WL 1714515 (Bankr. E.D. Va. Apr. 26, 2016)..............9

*Statutory Comm. of Unsecured Creditors v. Motorola (In Re Iridium Operating
   LLC)*,
   285 B.R. 822 (S.D.N.Y. 2002)...........................................................................14

*Stern v. Marshall*,
   564 U.S. 462 (2011)...........................................................................9, 10, 11

*In re Sweet N Sour 7th Ave Corp.*,
   431 B.R. 63 (Bankr. S.D.N.Y. 2010) ...................................................................13

*Travellers Int'l AG v. Robinson*,
   982 F.2d 96 (3d Cir. 1992).................................................................................7

*U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*,
   2012 WL 987539 (N.D. Tex. Mar. 21, 2012), *aff'd*, 761 F.3d 409 (5th Cir.
   2014) ......................................................................................................... *passim*

*Wagner v. Appelman (In re Vaughan Co.)*,
   No. 12-CV-0197 WSJ/SMV, 2014 WL 12789686, at *6 (D.N.M. July 22,
   2014) ...................................................................................................................8

*In re WorldCom, Inc.*,
   378 B.R. 745 (Bankr. S.D.N.Y. 2007) .................................................................12

## Statutes

11 U.S.C. § 502(d) ....................................................................................................3, 4

11 U.S.C. § 553(a) ....................................................................................................13

28 U.S.C. § 157(b) ....................................................................................................9

15 U.S.C. §§ 78aaa *et seq.* ...........................................................................................................1

**Rules**

Fed. R. Bankr. P. 3006 ...................................................................................................................8

Irving H. Picard, as trustee ("Trustee")[1] for the substantively consolidated liquidation

proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*,[2] and the chapter 7 estate of

Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, hereby submits this

memorandum of law on the legal effect of the Ruling Withdrawing Claims and Objections With

Prejudice and Finally Determining Net Equity (the "Withdrawal Ruling")[3] on this Court's

jurisdiction over the above-captioned action (the "Mann Action"), and in support of his motion

seeking an order striking the jury demand made by defendants BAM L.P., Michael Mann, and

Meryl Mann (the "Mann Defendants") in the Mann Action.[4]

## PRELIMINARY STATEMENT

More than nine years ago, the Mann Defendants filed customer claims with the Trustee

relating to their BLMIS accounts. The Trustee denied those claims, informing the Mann

Defendants that because no securities had been purchased for their accounts, their claims were

---

[1] Unless otherwise defined, terms capitalized herein shall have the meaning ascribed to them in the Trustee's Mem. of Law in Opposition to the Mann Defendants' Mot. for a Stay of Trial Pursuant to Rule 5011(c) Pending Ruling by District Court on Defendants' Mot. to Withdraw the Reference (the "Trustee's Stay Opposition"), *Picard v. BAM L.P.,* Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Nov. 27, 2018), ECF No. 127. In addition, unless otherwise noted herein, all ECF references refer to the *BAM L.P.* adversary proceeding (Adv. Pro. No. 10-04390).

[2] SIPA is found at 15 U.S.C. §§ 78aaa *et seq*. For convenience, subsequent references to SIPA will omit "15 U.S.C."

[3] At this Court's direction, the Trustee submitted a proposed order setting forth his understanding of the Withdrawal Ruling on Tuesday, December 4, 2018. *See* Tr. of Hr'g Re Motion For Stay at 29:24–30:10, ECF No. 130. At the time of this filing, this Court has not yet entered an order.

[4] The Trustee incorporates by reference the factual background of the Mann Action as articulated in the Trustee's Stay Opposition at p. 3-11, ECF No. 127. On November 20, 2018, the Mann Defendants filed the Motion For Stay with this Court seeking entry of an order staying the trial previously scheduled for December 3, 2018, with respect to the claims asserted against the Mann Defendants pending a ruling from the District Court on the Motion To Withdraw. *See* Defendants' Mem. Of Law In Supp. Of (A) An Expedited Hr'g And (B) Mot. For Stay Of Trial Pursuant To Rule 5011(c) Pending Ruling By The District Court On Defendants' Mot. To Withdraw The Reference, ECF Nos. 121-122. This Court held an expedited hearing on November 28, 2018, at which time the Mann Defendants made an unexpected oral motion seeking to withdraw, with prejudice, their customer claims and objections. In a bench ruling, this Court granted the oral motion and adjourned the trial *sine die*, but also requested this supplemental briefing on the legal effect of the withdrawal on this Court's jurisdiction. As a result, at the Trustee's request, the District Court extended the time for the Trustee to file his opposition to the Motion to Withdraw to December 30, 2018, and for the Mann Defendants to file a reply to January 16, 2019. *See* Order, *Picard v. BAM L.P.,* No. 18 Civ. 09916 (VSB) (S.D.N.Y. Nov. 30, 2018), ECF No. 16.

calculated on a cash in/cash out basis, which resulted in their owing the estate $2.8 million of fictitious profits. The Mann Defendants objected to those claim determinations, and those objections have been pending since 2009. In recent months, the Mann Defendants have argued (in different ways) that their claims and objections have been resolved, with nothing left for any court to determine. Those efforts culminated in the Withdrawal Ruling, which deemed the Mann Defendants' customer claims as finally resolved, and withdrew with prejudice their claims and objections relating to their BLMIS customer accounts.

The Mann Defendants sought the Withdrawal Ruling at this late stage because the District Court recently ruled that jury demands in virtually identical avoidance actions were "without merit" since those defendants relinquished their jury trial right when they filed customer claims and objections to the Trustee's determinations of such claims.[5] Even this Court questioned the intentions of the Mann Defendants in seeking to resolve their proof of claims just on the cusp of trial, suggesting that they only moved to "defeat jurisdiction and ultimately delay the resolution of this case." [6]

However, the Withdrawal Ruling did not revoke this Court's equity jurisdiction over the Mann Action. Nor did it revive the Mann Defendants' relinquished right to a jury trial. Regardless of what happens to the proof of claim after the filing of the adversary proceeding, it is the very filing of that proof of claim—not its validity, or status at any given stage of the litigation—that nullified the Mann Defendants' jury demand. Indeed, courts have consistently held that defendants may not simply rescind their submission to the Bankruptcy Court's

---

[5] *Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD), 2018 WL 2383141, at *4 (S.D.N.Y. May 15, 2018), *recons. denied sub nom.*, 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018) (the "Saren-Lawrence Action") (denying motions to withdraw based on identical legal arguments and factual predicates by defendants in Trustee's avoidance actions).

[6] Tr. of Hr'g Re Case No. 10-04390 Pre-Trial Conference, at 33:13–24, *In re Bernard L. Madoff Inv. Sec. LLC.*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Sept. 26, 2018) (hereinafter the "Mann Hr'g Tr."). *See* Ex. 1 to the Cremona Declaration in support of the Trustee's Opposition Brief, ECF No. 128.

equitable jurisdiction by withdrawing their filed claims, and the Mann Defendants are no different here.

Moreover, in their answer to the Trustee's complaint, the Mann Defendants asserted affirmative claims for setoff, which are tantamount to proofs of claims, triggering the process of "the allowance or disallowance of claims against the estate,"[7] and thus further invoking the Bankruptcy Court's jurisdiction with regard to any matters affecting the disposition of those claims, including the Trustee's fraudulent transfer claim in the Mann Action.  As a result, the Mann Defendants remain subject to this Court's equitable jurisdiction where the right to a jury trial does not exist.  Accordingly, the Trustee moves this Court for an order striking the Mann Defendants' jury demand as a legal nullity.

## ARGUMENT

## I.     THE BANKRUPTCY COURT HAS EQUITABLE JURISDICTION TO ADJUDICATE THE MANN ACTION

In *Katchen v. Landy,* the Supreme Court held that bankruptcy courts have equitable jurisdiction under the Bankruptcy Act (the predecessor to the Bankruptcy Code) to determine a creditor's claim against the estate and direct the creditor to surrender preferential transfers without conducting a jury trial.  382 U.S. 323, 325 (1966) (applying § 57g of the Act, the predecessor to § 502(d) of the Bankruptcy Code).  The Court reasoned that the return of the preference arose as part of the allowance and disallowance of claims and was therefore "triable in equity."  *Id*. at 336.  After the passage of the Bankruptcy Code, the Supreme Court reaffirmed this principle in *Langenkamp v. Culp*, holding that the creditor was not entitled to a jury trial in the trustee's preference action because the creditor had filed a claim against the

---

[7] *Saren-Lawrence,* 2018 WL 2383141, at *4.

bankruptcy estate.[8]  498 U.S. 42, 45 (1990).  Relying on *Katchen* and other Supreme Court

precedent, the *Langenkamp* Court stated that by filing a claim, the creditor had triggered the

process of "allowance and disallowance of claims," thereby subjecting itself to the bankruptcy

courts' equitable power.  *Id.* at 44.  The ensuing preference action,[9] therefore, became "integral

to the restructuring of the debtor-creditor relationship through the Bankruptcy Court's equity

jurisdiction."  *Id.*  By filing a claim, the creditor had converted the legal action into one at

equity, and consequently was not entitled to a jury trial.  *Id.* at 45.

### A.    The Mann Defendants Cannot Rescind Submission To The Bankruptcy Court's Equitable Jurisdiction

By filing the Customer Claims and Objections in the BLMIS liquidation proceeding in

the Bankruptcy Court, the Mann Defendants "trigger[ed] the process of allowance and

disallowance of claims," and in so doing, have "invoked th[e] Bankruptcy Court's jurisdiction

with regard to any matters affecting the disposition of [their] claims."  *Saren-Lawrence,* 2018

WL 2383141, at *4 (citing *Germain v. Conn. Nat. Bank,* 988 F.2d 1323, 1329 (2d Cir. 1993));

*see also In re Bally Total Fitness of Greater N.Y.*, 411 B.R. 142, 145 (S.D.N.Y. 2009).  In other

words, by deciding to file the Customer Claims and Objections, the Mann Defendants may have

---

[8] The filing of a customer claim in a SIPA action is the equivalent of filing a proof of claim in a typical bankruptcy proceeding for purposes of submission to jurisdiction.  As the District Court made clear earlier this year, "[a] statement of claim in a SIPA proceeding is the functional equivalent of a proof of claim in a bankruptcy case: in both cases a trustee has the right to contest a claim, and claims are ultimately resolved by a court." *Id.* at *4, n.6 (citing *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 437, 443 (S.D.N.Y. 2014) ("*Section 502(d) Consolidated Decision*")); *see also Picard v. Stahl*, 443 B.R. 295, 310 (Bankr. S.D.N.Y. 2011).

[9] Most courts "do not recognize a distinction between fraudulent transfer claims and preferential transfer claims[]" for purposes of this analysis.  *U.S. Bank Nat. Ass'n, v. Verizon Commc'ns, Inc.,* 2012 WL 987539 at *4 (N.D. Tex. Mar. 21, 2012), *aff'd*, 761 F.3d 409 (5th Cir. 2014).  The Supreme Court has not distinguished between fraudulent transfer actions and preference actions when determining whether the defendant is subject to the Bankruptcy Court's equity jurisdiction. *Cf. Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 36 (1989) (fraudulent transfers) with *Langenkamp*, 498 U.S. at 42–43 (preferential transfers). And many courts have applied *Langenkamp* in the context of fraudulent transfer claims.  *See, e.g., U.S. Bank Nat. Ass'n,* 2012 WL 987539, at *5 ("Because of Section 502(d), the fraudulent transfer actions become 'integral to the restructuring of the debtor-creditor relationship' and 'part of the claims-allowance process which is triable only in equity.'") (citing *Langenkamp*, 498 U.S. at 44-45)).

4

been eligible to participate in distribution of recovered funds, but by doing so, have also submitted to the equitable jurisdiction of the Court.

As this Court cautioned all potential claimants-defendants early on in this SIPA liquidation proceeding, "[t]he filing or non-filing of a claim is an act of volition employed by individual parties as a tactical decision," because "the filing of a proof of claim would submit the claimant to the equitable jurisdiction of this court," and may even "alter the method of fact finding on the merits of the claim by limiting the availability of a jury trial." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), 2009 WL 458769, at *2 (Bankr. S.D.N.Y. Feb. 24, 2009) (the "*Customer Claims Decision*"). "Parties to litigation are frequently required to make choices that may affect their rights." *Id.* (citing *First Fid. Bank N.A., v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 838 (2d Cir. 1991) (stating "a creditor who invokes the bankruptcy court's equitable jurisdiction to establish a claim against a debtor's estate is also subject to the procedures of equity in the determination of preference actions brought on behalf of the estate")); *In re Coated Sales, Inc.*, 119 B.R. 452, 455 (Bankr. S.D.N.Y. 1990) (citing *Granfinanciera,* 492 U.S. at 57–58) (same)).

The Second Circuit reinforced this principle in *Bankr. Servs. Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*, holding that Ernst & Young, LLP ("E&Y") had submitted to the Bankruptcy Court's jurisdiction when it "voluntarily participated in the equitable reordering of [CBI's] estates by filing a proof of claim," because all of the claims against E&Y "are an 'inextricable part' of the allowance or disallowance of E & Y's claim against the[ ] estates and the adjustment of the debtor-creditor relationship." 529 F.3d 432, 442 (2d Cir. 2008). *Cf. Messer v. Magee (In re FKF 3, LLC),* No. 13 Civ. 3601 (KMK), 2016 WL 4540842, at *9 (S.D.N.Y. Aug. 30, 2016) (noting that proof of claim being disallowed was not the determinative

factor as to bankruptcy court's equitable jurisdiction, but rather whether the issues the claim

presented sufficiently overlapped with the trustee's claims to furnish the bankruptcy court with

jurisdiction).

Other Circuits have similarly enforced the Bankruptcy Court's equitable jurisdiction.

*See, e.g.*, *U.S. Bank Nat'l Ass'n,* 2012 WL 987539, at *5 (holding that "the plaintiff's right to a

jury trial has been extinguished" where "defendants have filed proofs of claim in the bankruptcy

court" and "plaintiff has brought fraudulent transfer claims against the defendants"); *Pearson*

*Educ., Inc. v. Almgren,* 685 F.3d 691, 694 (8th Cir. 2012) ("[T]he publishers relinquished their

right to have a jury determine the amount of damages when they filed claims against Almgren's

bankruptcy estate").

More importantly, once a proof of claim is filed, the Bankruptcy Court retains its

equitable jurisdiction, regardless of what happens to the proof of claim after the filing of the

adversary proceeding. Thus, the gamesmanship of the Mann Defendants in rescinding their

claim is of no consequence to the Bankruptcy Court's equitable jurisdiction. Indeed, in granting

the Trustee's Motion to Strike Notices of Withdrawal,[10] Judge Bernstein made clear that the

Bankruptcy Court's "jurisdiction is determined when the proceeding is filed. And subsequent

changes that may affect that jurisdiction don't affect the Court's underlying jurisdiction."[11] This

Court cited as support, *EXDS, Inc. v. RK Electric, Inc. (In re EXDS, Inc.)*, 301 B.R. 436 (Bankr.

D. Del. 2003), which held that once a party has consented to the equitable jurisdiction of the

---

[10] *See* Trustee's Motion to Strike The Notices of Withdrawal of Claim and Notices of Withdrawal of Objection to Determination of Claim filed by Chaitman LLP and Dentons US LLP (the "Motion To Strike Notices of Withdrawal"), *In re Bernard L. Madoff Inv. Sec., LLC,* Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. July 27, 2018), ECF No. 17864.

[11] Mann H'rg Tr. at 33:4–13 (citing *In re EXDS, Inc.,* 301 B.R. at 43; *see also* Order Granting Trustee's Motion to Strike The Notices of Withdrawal of Claim and Notices of Withdrawal of Objection to Determination of Claim filed by Chaitman LLP and Dentons US LLP (the "Order Granting Motion To Strike Notices of Withdrawal"), *In re Bernard L. Madoff Inv. Sec., LLC*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Oct. 4, 2018), ECF No. 18051.

Bankruptcy Court by filing a claim, it cannot later withdraw such consent.  *Id.* at 440.  The *EXDS*

court looked to the "unequivocal language of *Langenkamp* . . . as to the effect of filing a proof of

claim," which stated:

> [B]y filing a claim against a bankruptcy estate the creditor triggers
> the process of "allowance and disallowance of claims," thereby
> subjecting himself to the bankruptcy court's equitable power. If the
> creditor is met, in turn, with a preference action from the trustee,
> that action becomes part of the claims-allowance process which is
> triable only in equity. *Ibid.* In other words, the creditor's claim and
> the ensuing preference action by the trustee become integral to the
> restructuring of the debtor-creditor relationship through the
> bankruptcy court's *equity jurisdiction.*

*id.* at 440 (citing *Langenkamp,* 498 U.S. at 44–45) (internal citations omitted), and concluded, "I

do not believe that a creditor can, for strategic reasons, reverse the result it triggered by filing a

proof of claim by later withdrawing the claim."  *Id.*  Drawing on parallels to federal diversity

jurisdiction that "depends on the citizenship of the parties *at the time the suit is filed,*" the

defendant-creditor "had already subjected itself to the jurisdiction of the bankruptcy court."  *Id.*

at 440-41 (emphasis added).

The *EXDS* court also relied on the Third Circuit's decision in *Travellers Int'l AG v.*

*Robinson*, 982 F.2d 96 (3d Cir. 1992), which held that a creditor who had filed a proof of claim

was not entitled to a jury trial in the debtor's preference action even though the creditor expressly

disclaimed its submission to the court's equitable jurisdiction in its claim.  *EXDS*, 301 B.R. at

440 (citing *Travellers*, 982 F.2d at 99).  The Third Circuit stated, "[w]here, as in this case, a

creditor has filed a claim, even though the claim is couched in protective language and is

contingent, that creditor has submitted to the bankruptcy court's equitable jurisdiction and

waived any Seventh Amendment right to a jury trial." *Travellers,* 982 F.2d at 100.

7

The *EXDS* court further cited to *In re Barrett Ref. Corp.*, 221 B.R. 795, 810 (W.D. Ok. 1998), and *In re Sea Island Cotton Trading, Inc.*, No. 00-06033A (JSD), 2000 WL 33952877 (S.D. Ga. July 25, 2000), both of which affirmed the well-settled principle that once a party has waived a claim or defense, it cannot be undone.   In *In re Barrett Ref. Corp.*, the Court determined that the State of Mississippi waived sovereign immunity by filing a proof of claim against the debtor's estate and could not withdraw its claim to restore its defense, stating "once a waiver of rights has been made, it cannot be undone." 221 B.R. at 814.  Similarly, in *In re Sea Island*, the defendant-creditors asserted they were entitled to a jury trial because they assigned their proof of claims to the State of Georgia prior to the filing of the subject adversary proceeding, thus arguing they "no longer have outstanding claims against the bankruptcy estate or a stake in the outcome of the claims allowance process."   2000 WL 33952877, at *1. However, the creditor could not divest the bankruptcy court of equitable jurisdiction by a subsequent action once the creditor had filed its proof of claim, because the "assignment of the claims does not reverse their submission to th[e] court's jurisdiction."  *Id.* at *3.

Other bankruptcy courts have reached the same conclusion as the *EXDS* court.  In *Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, the court held "the disposition of a claim, alone, does not nullify the consequences of a creditor's invocation of jurisdiction premised upon such claim."  349 B.R. 108, 114 n.2 (Bankr. S.D.N.Y. 2006) (citing *In re EXDS, Inc.*, 301 B.R. at 439–41).  In *The Acad., Inc. v. James, Hoyer, Newcomer & Smiljanich, P.A. (In re The Acad., Inc.)*, the court authorized a creditor to withdraw its claim under Federal Rule of Bankruptcy Procedure 3006 but it retained jurisdiction to consider the debtor's adversary proceeding against the creditor, reasoning that "the fact that [the defendants] no longer wish to assert claims against the plaintiff should not impact in any way the court's jurisdiction over them for the purpose of

8

the plaintiff's claims against them." 289 B.R. 230, 234 (Bankr. M.D. Fla. 2003); *see also*

*Wagner v. Appelman (In re Vaughan Co.)*, No. 12-CV-0197 WSJ/SMV, 2014 WL 12789686, at

*6 (D.N.M. July 22, 2014) ("[E]ven if a proof of claim is withdrawn, the right to a jury trial is

not thereby restored. Once a proof of claim is filed, the right to a jury trial is extinguished as to

any issue that bears on the claims-allowance process." (citing *Langenkamp*, 498 U.S. at 44-45));

*Siegel v. Cal. Self-Insurers' Sec. Fund (In re Circuit City Stores, Inc.),* No. 08-35653-KRH, 2016

WL 1714515, at *7 (Bankr. E.D. Va. Apr. 26, 2016) ("The fact that the Fund later withdrew its

proofs of claim is of no moment. The general rule is that 'by filing a claim against a bankruptcy

estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby

subjecting himself to the bankruptcy court's equitable power.' It follows that a creditor cannot

seemingly un-pull the trigger of this Court's equitable power by withdrawing its proof of claim."

(quoting *Langenkamp,* 498 U.S. at 44)); *In re Kaiser Grp. Int'l*, 272 B.R. 852, 856 (Bankr. D.

Del. 2002) (the court conditioned withdrawal of the creditor's claims upon retention of

jurisdiction over the debtors' counterclaims based upon the creditors' voluntary submission to

the court's jurisdiction).

The rule of *EXDS* is clear; once a party submits to the equitable jurisdiction of the

bankruptcy court by asserting a claim, the party has extinguished its jury trial right in a

subsequent related adversary proceeding. No subsequent action will deprive the Bankruptcy

Court of jurisdiction.

**B.** ***Stern v. Marshall* Did Not Alter The Supreme Court's Precedent On A Party's Submission To The Bankruptcy Court's Equitable Jurisdiction**

The Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), does not alter

the *EXDS* ruling, nor does it affect the precedent set in *Katchen* and *Langenkamp.* In *Stern*, the

Supreme Court held that a bankruptcy court lacks the constitutional authority to enter a final

judgment on a debtor's state law counterclaim simply because the creditor filed an unrelated

proof of claim, notwithstanding the counterclaim's status as a "core" proceeding under 28 U.S.C.

§ 157(b).   564 U.S. at 502.   The Court rejected the debtor's argument that *Katchen* and

*Langenkamp* required a different result.   In distinguishing the facts before it, the Court reasoned

that the debtor's counterclaim neither invoked the claims allowance process, nor did it involve

the restructuring of the debtor-creditor relationship, but instead, sought to augment the debtor's

bankruptcy estate.   *Id.* at 499.   Importantly, the Court emphasized that the adjudication of the

creditor's claim would not necessarily resolve the debtor's counterclaim.   *Id.* at 499.   Moreover,

unlike the preferences at issue in *Katchen* and *Langenkamp*, the debtor's counterclaim in *Stern*

was a state law tort claim that existed independent of the bankruptcy case.

Stern did not disturb the Supreme Court's broader precedent that by filing a proof of

claim, a creditor submits to the Bankruptcy Court's equitable jurisdiction to decide those matters

that trigger the claims allowance process or the restructuring of the debtor-creditor relationship.

*See, e.g.*, *U.S. Bank Nat'l Ass'n*, 761 F.3d at 424 (affirming a decision to strike a jury demand for

fraudulent transfer claims, the Fifth Circuit stated that "[i]t is clear from *Stern* that *Langenkamp*

is still good law.   *Stern* did not displace *Langenkamp*. In fact, it took great care to distinguish the

facts before it from the facts in *Langenkamp*").

The Southern District of New York considered this issue in *Picard v. Estate of Madoff*,

explaining that because the defendants "invoked the aid of the bankruptcy court by offering a

proof of claim and demanding its allowance [they] must abide by the consequences of that

procedure," and there is "no basis for [them] to insist that the issue be resolved in an Article III

Court."   464 B.R. 578, 586 (S.D.N.Y. 2011); *see also In re China Fishery Grp. Ltd. (Cayman)*,

Nos. 16-11895 (JLG), 16-11895 (JLG), 2017 WL 3084397, at *7 (Bankr. S.D.N.Y. July 19,

2017) ("The case law is clear that *Stern* does not alter the jurisdictional ramifications of filing a claim."); *Mason v. Ivey,* 498 B.R. 540, 549 (M.D.N.C. 2013) (in denying a motion to withdraw the reference, the court confirmed that nothing in *Stern* changes the fact that "the filing of a proof of claim . . . transformed a matter ordinarily legal in nature . . . to one equitable in nature, that is, the allowance or disallowance of a claim." (citing *Langenkamp,* 498 U.S. at 42)).

Several post-*Stern* cases have specifically held that defendants cannot revoke submission to the Bankruptcy Court's equitable jurisdiction by withdrawing their claims. In *Seven Ctys. Servs. v. NextGen Healthcare Info. Sys.*, the defendant "consented to the Bankruptcy Court's jurisdiction by filing a proof of claim," and by failing to withdraw the claim prior to the filing of the adversary proceeding, the creditor had forfeited "its right to a jury trial." No. 14-03003 (CRS), 2014 WL 3941789, at *1 (W.D. Ky. Aug. 12, 2014). The defendant simply could not "un-ring the bell" by withdrawing the proof of claim, which was "admittedly withdrawn after 'recognizing the unforeseen alleged implications of the filing.'" *Id.* at *2 (noting defendants' admission that they only sought to withdraw their claim when the debtor decided not to seek disallowance of the claim, but to seek both compensatory and punitive damages); *Mason*, 498 B.R. at 549 (confirming that nothing in *Stern* changed the holdings of *Granfinanciera* or *Langenkamp* as to the impact of filing customer claims); *In re Bachrach Clothing, Inc.*, 480 B.R. 820, 830 (Bankr. N.D. Ill. 2012) (the Bankruptcy Court expressly adopted the *EXDS* court's reasoning, stating that "once the Bankruptcy Court's power is properly invoked . . . a party may not rely on a subsequent claim withdrawal to undo that result"); *KHI Liquidation Tr. v. Wisenbaker Builder Servs. (In re Kimball Hill, Inc.)*, 480 B.R. 894, 904 (Bankr. N.D. Ill. 2012) (in response to the defendant's suggestion that it could simply withdraw its claims, the court

stated that the defendant was prohibited from doing so "merely to defeat this court's authority" over the liquidating trustee's lawsuit).

## II.    THE MANN DEFENDANTS' JURY DEMAND IS A LEGAL NULLITY AND SHOULD BE STRICKEN

This Court made it clear that before deciding to file a claim with the Trustee, each claimant-defendant, including the Mann Defendants, had to evaluate the legal consequences that may result from that decision, including forfeiting the right to a jury trial. *Customer Claims Decision*, 2009 WL 458769 at *2. Although the decision whether to file or not file a claim in this SIPA proceeding may have presented a "Hobson's choice,"[12] it is one that, nevertheless, the Mann Defendants, and every other claimant-defendant, faced. Consequently, the Mann Defendants were already subject to this Court's jurisdiction with no right to a jury trial when the Mann Action was commenced and thus had no right to preserve in their answer to the Trustee's Complaint.[13] *See e.g.*, *Langenkamp*, 498 U.S. at 44; *In re EXDS, Inc.*, 301 B.R. at 443 (finding that by "filing its proof of claim [Defendant] has caused its disputes (*i.e.*, its claim and the preference action) to be subject to the exclusive jurisdiction of this bankruptcy court"). That request was a legal nullity then, and it remains so now.

The Withdrawal Ruling neither divested this Court of its equity jurisdiction over the Mann Defendants nor does it resurrect a right to a jury trial. In *In re WorldCom, Inc.*, this Court explained that regardless of what happens to the proof of claim—whether it is allowed, disallowed, or altogether withdrawn after the filing of the adversary proceeding—"it is the filing

---

[12] Tr. of Feb. 25, 2009 Hr'g at 38:1–9, *In re Bernard L. Madoff Inv. Sec. LLC,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Feb. 25, 2009), ECF No. 171.

[13] Amended Complaint (the "Complaint"), *Picard v. BAM, L.P.*, No. 11 Civ. 07667 (JSR) (S.D.N.Y. Jan. 25, 2012), ECF No. 9.

of the proof of claim, not its validity, that invokes the waiver of a jury trial right." 378 B.R. 745,

755 (Bankr. S.D.N.Y. 2007) (granting motion to strike jury demand even where the Bankruptcy

Court had previously determined the proof of claim); *see also In re Coated Sales, Inc.*, 119 B.R.

at 459 (granting motion to strike the jury demand, noting that the "salient issue" in determining

whether the right to a jury trial has been forfeited is "whether a Proof of Claim has been filed").

### A.    The Mann Defendants Submitted To the Bankruptcy Court's Jurisdiction By Asserting Claims For Setoffs

Apart from the Customer Claims and Objections, the Mann Defendants have submitted to

the equitable jurisdiction of the Bankruptcy Court by asserting affirmative claims for relief

against the BLMIS estate in the nature of setoff.  For example, the Mann Defendants' twenty-

first affirmative defense states:

> [E]ach claim for recovery of a fraudulent transfer is subject to
> recoupment or equitable adjustment because the Defendants
> received such transfer in good faith, without knowledge of the
> alleged fraud, and in payment of an antecedent debt, in whole or in
> part, on account of obligations owed by BLMIS for, inter alia, (a)
> amounts contractually due to customers under New York law for
> the balances shown on prior customer account statements and
> related documents; (b) rescission remedies, including damages and
> interest for fraud and misrepresentation pursuant to federal and
> state law; (c) the time value of money; (d) unjust enrichment; (e)
> damages for breach of fiduciary duty; and/or (f) money had and
> received.[14]

Notwithstanding the fact that the above defense is labeled as one for recoupment, the claim is

effectively a claim for setoff, and therefore triggers the claims allowance process.

Setoff, codified in 11 U.S.C. § 553(a), gives a creditor the right "to offset a mutual debt

owing by such creditor to the debtor" provided that both debts arose before commencement of

the bankruptcy case and are in fact mutual.  The creditor's mutual debt and claim generally arise

---

[14] Answer at 22-23.

from *different* transactions. *See e.g., In re Malinowski,* 156 F.3d 131, 133 (2d Cir. 1998).[15]

Here, the Mann Defendants clearly contend that BLMIS owed them an offsetting debt for

damages, arising from transactions independent of the Trustee's claims for fraudulent transfers,

and thus necessarily asserted a claim against the bankruptcy estate.[16]

And all claims for setoffs—whether labeled by a defendant as counterclaims or

affirmative defenses—are affirmative claims against the bankruptcy estate. *See Statutory Comm.*

*of Unsecured Creditors v. Motorola* (*In Re Iridium Operating LLC*)*,* 285 B.R. 822, 833

(S.D.N.Y. 2002) ("[R]egardless of whether a setoff is labeled an 'affirmative defense' or a

'counterclaim,' a setoff is a claim against the bankruptcy estate . . [B]y pleading setoffs in the

form of 'affirmative defenses,' [creditor] has in fact asserted a claim against [debtor's]

bankruptcy estate.") (quoting *In re N. Am. Energy Conservation, Inc.,* No. 00 Civ. 4302 (SHS),

2000 WL 1514614, at *2 (S.D.N.Y. Oct. 10, 2000) (holding that defendants had effectively

submitted claims against the estate by asserting affirmative defenses for setoff).

In *Langenkamp,* the Supreme Court stated that if a defendant acts to affect or minimize

the size of a bankruptcy estate by asserting a claim, the defendant has invoked the jurisdiction of

the Bankruptcy Court and has no right to a jury trial. 498 U.S. at 45. Accordingly, by pleading a

right to setoff, like the filing of a proof of claim, the Mann Defendants have triggered the process

of "the allowance or disallowance of claims against the estate" and are thereby subjected to the

---

[15] In contrast, a claim for recoupment must arise from the same transaction that gave rise to the plaintiff's claim; it operates to reduce a defendant's liability, but does not seek affirmative relief. *See Pavarini McGovern, LLC v. Waterscape Resort LLC (In re Waterscape Resort LLC),* 544 B.R. 507, 527 (Bankr. S.D.N.Y. 2016) (describing the distinction between a claim for setoff and recoupment); *see also In re Sweet N Sour 7th Ave Corp.,* 431 B.R. 63, 70-71 (Bankr. S.D.N.Y. 2010) (stating that recoupment is essentially a right to reduce the amount of a claim).

[16] As demonstrated by counsel's statements during oral arguments for the Motion to Stay, the Mann Defendants truly seek to assert setoff rights under state law and the federal securities laws against the Trustee's claims for recovery. Tr. of Hr'g Re Motion For Stay at 10:13–11:14, ECF No. 130 (in responding to the Court's question of whether the Mann Defendants were seeking to setoff their damages claim against the estate, counsel responded "[i]t's another way of saying antecedent debt." *Id.* at 12:20–14:22 (through counsel, the Mann Defendants argued their entitlement to damages against the BLMIS estate under the federal securities laws).

Bankruptcy Court's equitable jurisdiction.  *Iridium*, 285 B.R. at 833 (holding that the defendant's

assertion of a claim for "setoff/recoupment" invoked the claims allowance process, and by doing

so, the defendant had submitted to the equitable power of the bankruptcy court); *cf Actrade*

*Liquidation Tr. v. Greenwich Ins. Co (In re Actrade Fin. Techs., Ltd.)*, No. 09-01196 (ALG),

2010 WL 3386945, at *5 (Bankr. S.D.N.Y. Aug. 23, 2010) (finding the defendants' defenses did

not seek an affirmative recovery from the estate and therefore had not invoked the bankruptcy

court's equitable jurisdiction and retained their right to a jury trial).

The counterclaims are claims against the bankruptcy estate and provide a further basis for

the exercise of jurisdiction by this Bankruptcy Court.  They would reduce the Trustee's recovery

of fraudulent transfers in the Mann Action if timely asserted and shown to be owed to the

defendants.[17]

### B.    The Mann Defendants Have Affirmatively And Voluntarily Submitted To The Jurisdiction Of The Bankruptcy Court

The Mann Defendants' efforts to restore their right to a jury trial at this late stage—

almost ten years into the SIPA Liquidation—and only after the District Court issued the *Saren-*

*Lawrence* decision affirming the Bankruptcy Court's equitable jurisdiction, demonstrates

astonishing gamesmanship.    Indeed, the Mann Defendants, by counsel, have significantly

participated in this SIPA proceeding.    They extensively litigated before this Court, the District

Court, and the Second Circuit over the appropriate methodology for calculating customer claims

under SIPA.  *See, e.g., In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122 (Bankr. S.D.N.Y.

2010) (approving the Trustee's calculation of net equity according to the Net Investment

---

[17]  In a SIPA proceeding, a claim for damages is a general creditor, and not a "customer" claim.  *See In re Adler Coleman Clearing Corp.*, 211 B.R. 486, 495 (Bankr. S.D.N.Y. 1997) ("customer could sue the broker-dealer for damages but he would be a general creditor and would not receive favored treatment as a customer").  The Mann Defendants would be owed the amount of their damage claims only if a general estate exists in this proceeding that is sufficiently large to pay the Mann Defendants' damages.  In the absence of a general estate, their general creditor claim could not be offset against the Trustee's avoidance action to recover "customer property" as doing so would create a priority for the Mann Defendants in derogation of the rights of other general creditors.

Method) *aff'd,* 654 F.3d 229 (2d Cir. 2011) *cert. denied, Velvel v. Picard*, 133 S. Ct. 25 (2012);

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 744 (Bankr. S.D.N.Y. 2013)

(approving the Trustee's denial of a time-based damages adjustment) *aff'd, In re Bernard L.*

*Madoff Inv. Sec. LLC*, 779 F.3d 74 (2d Cir. 2015) *cert. denied, Peshkin v. Picard*, 136 S. Ct. 218

(2015). They have also actively litigated the Mann Action as part of the briefing for *Picard v.*

*Greiff*, 476 B.R. 715 (S.D.N.Y. 2012); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec.*

*LLC*, (*In re Madoff Sec.*), 773 F.3d 411, 418-19 (2d Cir. 2014) ("*Section 546(e) Decision*"); and

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013) (the

"*Stern Consolidated Decision*").[18]

    As this Court previously told the Mann Defendants during oral arguments on the Motion

To Strike, "it looks to me like the only reason you're withdrawing [your] claim at this point is to

defeat jurisdiction and ultimately delay the resolution of this case."[19]  Such tactics, tantamount to

forum shopping, can never be cause for withdrawing the bankruptcy court's adjudicative

authority.  *See, e.g., Bayonne Med. Ctr. v. Bayonne/Omni Dev., LLC (In re Bayonne Med. Ctr.)*,

Adv. Pro. No. 09-1689 (MS), 2011 WL 5900960, at *6 (Bankr. D.N.J. Nov. 1, 2011) (finding

that trustee had consented to bankruptcy court's adjudication of all matters pleaded in complaint

"by virtue of his pleading and conduct in this litigation," and finding that trustee's attempt to

object to the bankruptcy court's adjudication was a "late-day tactical change of heart [that] will

not be permitted" because "[i]t is a variation of forum shopping" and because "absolutely no

reason or cause was expressed by the [trustee] for the effort to withdraw consent"); *Brook v.*

*Ford Motor Credit Co. (In re Peacock)*, 455 B.R. 810, 813 & n.4 (Bankr. M.D. Fla. 2011)

---

[18] See Ex. 2 to the Declaration of Vineet Sehgal in Support of the Motion To Strike, *In re Bernard L. Madoff Inv. Sec., LLC*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Oct. 4, 2018), ECF No. 17866-2.

[19] Mann Hr'g Tr. at 33:13–24.

(finding that a defendant's "last-minute, indirect attempt to revoke its deemed consent" to the bankruptcy court's jurisdiction "is not well-taken, especially without a showing of cause—perhaps even good cause," because the court suspected the "real 'cause' of the last-minute change in position" was due to its recent ruling in a similar adversary proceeding, and "forum shopping can never be cause for leave to withdraw consent to the bankruptcy court's adjudicative authority"). *But see Picard v. Katz*, 825 F. Supp. 2d 484 (S.D.N.Y. 2011) (finding Trustee had not taken affirmative steps to extinguish right to jury trial); *U.S. Bank Nat. Ass'n*, 2012 WL 987539, at *3, *5 (distinguishing *Katz* noting that withdrawal of the reference did not "substantially sever" the Trustee's fraudulent transfer action from both "the claims allowance process and the hierarchical reordering of creditors' claims") (citing *Germain*, 988 F.2d at 1326)).

In short, the Mann Defendants relinquished their right to a trial by jury through their claim for setoff, as well as their affirmative and voluntary acts to reap the benefits of this Court's jurisdiction.  Thus, the Trustee requests this Court strike their jury demand, to the extent it has not been wholly extinguished.

*[Remainder Of Page Intentionally Left Blank]*

17

## <u>CONCLUSION</u>

For the foregoing reasons, the Trustee respectfully requests the entry of an order holding

that the withdrawal of the Mann Defendants' claims and objections does not defeat this Court's

jurisdiction to resolve the Mann Action and striking the Mann Defendants' jury demand.

Date:   New York, New York
        December 5, 2018

/s/ Nicholas J. Cremona
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and Bernard L. Madoff*