**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br> Plaintiff, <br><br> v. <br><br> MICHAEL MANN, MERYL MANN AND BAM L.P., <br><br> Defendants. | Adv. Pro. No. 10-04390 (SMB) |

**MEMORANDUM OF LAW OF THE SECURITIES INVESTOR PROTECTION CORPORATION ON THE LEGAL EFFECT OF THE ORDER WITHDRAWING CLAIMS AND OBJECTIONS WITH PREJUDICE AND IN SUPPORT OF <u>MOTION TO STRIKE THE MANN DEFENDANTS' JURY DEMAND</u>**

SECURITIES INVESTOR
PROTECTION CORPORATION
1667 K St., NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 371-8300
JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel for
Dispute Resolution
NATHANAEL S. KELLEY
Associate General Counsel

## **TABLE OF CONTENTS**

**PAGE**

ARGUMENT ................................................................................................................... 2

    I.    The Defendants Submitted Themselves to the Equitable Jurisdiction of this Court by Filing Claims and Objections ............................................... 2

    II.   The Defendants' Withdrawal of Their Claims and Objections with Prejudice Does Not Extinguish This Court's Jurisdiction ............................ 4

CONCLUSION ................................................................................................................ 9

i

08-01789-cgm    Doc 18272    Filed 12/05/18    Entered 12/05/18 15:03:56    Main Document
                                    Pg 4 of 14

## **TABLE OF AUTHORITIES**

**CASES:**                                                                                                                                                                  **PAGE**

*Bankr. Serv., Inc. v. Ernst & Young (In re CBI Holding Co.)*,
    529 F.3d 432 (2d Cir. 2008) ............................................................................... 2, 3

*Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 349 B.R. 108
    (Bankr. S.D.N.Y. 2006) ........................................................................................ 5

*EXDS, Inc. v. RK Electric, Inc. (In re EXDS, Inc.)*,
    301 B.R. 436 (Bankr. D. Del. 2003) ...................................................................... 6

*First Fid. Bank N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*,
    937 F.2d 833 (2d Cir. 1991) ................................................................................. 4

*Germain v. Connecticut Nat. Bank*, 988 F.2d 1323 (2d Cir. 1993) ................................ 3, 4

*Glen Eagle Square, Inc. v. Meehan-Weinmann, Inc.
    (In re Glen Eagle Square, Inc.)*, 132 B.R. 106 (Bankr. E.D. Pa.),
    *aff'd*, 132 B.R. 115 (E.D. Pa. 1991) ....................................................................... 7

*Granfinanciera v. Norberg*, 492 U.S. 33 (1989) ............................................................ 3, 8

*KHI Liquidation Trust v. Wisenbaker Builder Servs., Inc.
    (In re Kimball Hill, Inc.)*, 480 B.R. 894 (Bankr. N.D. Ill. 2012) ............................. 6

*Kriegman v. Phillips (In re LLS AMERICA, LLC)*, No. 09-06194-PCW11,
    2013 WL 12122309 (Bankr. E.D. Wash. May 2, 2013) ......................................... 6

*Langenkamp v. Culp*, 498 U.S. 42 (1990) .................................................................. 2, 3, 5

*MCI WorldCom Commc'ns, Inc. v. Commc'ns Network Int'l
    (In re WorldCom, Inc.)*, 378 B.R. 745 (Bankr. S.D.N.Y. 2007) ............................. 5

*Messer v. Magee (In re: FKF 3, LLC)*, No. 13-CV-3601, 2016 WL 4540842,
    (S.D.N.Y. Aug. 30, 2016) ..................................................................................... 7

*Picard v. Saren-Lawrence*, No. 17 Civ. 5157, 2018 WL 2383141
    (S.D.N.Y. May 15, 2018), *reconsideration denied*, No. 17 Civ. 5157,
    2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018) .................................................... 4, 7

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, No. 08-01789 (BRL),
    2009 WL 458769 (Bankr. S.D.N.Y. Feb. 24, 2009) .............................................. 4

*Siegel v. Cal. Self-Insurers' Sec. Fund (In re Circuit City Stores, Inc.)*,
    No. 08-35653-KRH, 2016 WL 1714515 (Bankr. E.D. Va. Apr. 26, 2016) ............... 5

# **TABLE OF AUTHORITIES**
## **(cont.)**

**CASES:** **PAGE**

*Smith v. Dowden*, 47 F.3d 940 (8th Cir. 1995) .................................................................. 7

*SNA Nut Co. v. Haagen-Dazs Co., Inc.*, 302 F.3d 725 (7th Cir. 2002) ............................. 8

*Stern v. Marshall*, 564 U.S. 462 (2011) ........................................................................ 2, 3

*The Acad. Inc. v. James, Hoyer, Newcomer and Smiljanich, P.A.,
(In re The Acad., Inc.),* 289 B.R. 230 (Bankr. M.D. Fla. 2003) .............................. 6

*Wagner v. Appelman (In re Vaughan Co.)*, No. 12-CV-0197 WJ/SMV,
2014 WL 12789686 (D.N.M. July 22, 2014) .......................................................... 5

**STATUTES AND RULES:**

Securities Investor Protection Act, as amended, 15 U.S.C. §

78eee(d) ............................................................................................................................... 1
78fff-2(c)(3) ......................................................................................................................... 1

Fed. R. Bankr. P.

3006 ..................................................................................................................................... 8

The Securities Investor Protection Corporation ("SIPC")[1] submits this memorandum of law to address issues raised regarding this Court's jurisdiction over the adversary proceeding (the "Mann Action") brought by the trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–78*lll* ("SIPA"),[2] and Bernard L. Madoff ("Madoff"), against Michael Mann, Meryl Mann (together, the "Manns"), and BAM L.P. ("BAM" and, collectively, the "Defendants"). SIPC joins in the arguments made by the Trustee in his memorandum.

Through the Mann Action, under SIPA section 78fff-2(c)(3) and avoidance and recovery provisions of the Bankruptcy Code, U.S. Code Title 11 (the "Bankruptcy Code"), the Trustee seeks to recover fictitious profits transferred to the Defendants in furtherance of the Ponzi scheme conducted through BLMIS. The Defendants filed claims in this liquidation proceeding which sought not only to retain those fictitious profits but also to receive additional profits invented by Madoff on backdated account statements. [*See* ECF Nos. 461, 815.] The Trustee denied those claims, and the Defendants filed objections to those denials in this Court, seeking review of the net equity purportedly owed to them by the BLMIS estate. The Defendants spent over nine years participating in this liquidation, arguing issues which touch upon both their claims and the Mann Action. On the eve of trial, the Defendants withdrew their claims and objections with prejudice.

---

[1] SIPC is a party-in-interest and a statutory intervenor in all liquidations under the Securities Investor Protection Act. *See* 15 U.S.C. § 78eee(d).

[2] For convenience, further references to SIPA shall omit "15 U.S.C."

The Defendants made the decision to file their claims in a court of equity, where they do not have a right to a jury trial. The Defendants have therefore submitted themselves to the equitable jurisdiction of this Court for the allowance and disallowance of claims and the hierarchical reordering of the creditors; this jurisdiction includes the determination of the Defendants' liability to the estate for fraudulent transfers in the Mann Action. Moreover, the Defendants' last minute withdrawal of their claims and objections with prejudice does not divest this Court of its jurisdiction to decide the Mann Action. Having once sought the protection of this Court's equitable jurisdiction, the Defendants cannot extinguish that jurisdiction when it no longer suits them.

## ARGUMENT

**I. The Defendants Submitted Themselves to the Equitable Jurisdiction of this Court by Filing Claims and Objections**

The Supreme Court and the Court of Appeals for the Second Circuit have consistently held that filing a claim submits a party to the bankruptcy court's equitable jurisdiction for determination of that claim and related issues. *See Stern v. Marshall*, 564 U.S. 462, 493–99 (2011) (examining whether adjudication of the creditor's proof of claim would necessarily resolve the debtor's counterclaim); *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) (per curiam) ("Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court."); *Bankr. Serv., Inc. v. Ernst & Young (In re CBI Holding Co.)*, 529 F.3d 432, 466 (2d Cir. 2008) ("*CBI Holding*"). In *Stern v. Marshall*, the Court, addressing the scope of a bankruptcy court's jurisdiction over a trustee's counterclaims, drew a distinction between actions filed against creditors and those filed against non-creditors, as an action filed against creditors "'become[s] integral to the restructuring of the

2

debtor-creditor relationship'" if the action is resolvable by a ruling on the proof of claim. *Stern*, 564 U.S. at 497 (quoting *Langenkamp*, 498 U.S. at 44). Similarly, in a holding directly on point, the Supreme Court in *Langenkamp* stated that

> 'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.' Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court. Consequently, they were not entitled to a jury trial on the trustee's preference action.

*Langenkamp*, 498 U.S. at 45 (quoting *Granfinanciera v. Norberg*, 492 U.S. 33, 58 (1989). Although *Stern* limited the bankruptcy courts' constitutional jurisdiction to the adjudication of public rights, it specifically left intact the Court's holding and reasoning in *Langenkamp*. *Stern*, 564 U.S. at 497.

Relying on *Langenkamp*, the Second Circuit elaborated, "If the bankruptcy trustee responds [to a creditor's claim] by filing its own claim against the creditor that would eliminate the basis for the creditor's claim, those two claims 'become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction. As such, there is no Seventh Amendment right to jury trial.'" *CBI Holding*, 529 F.3d at 466 (quoting *Langenkamp*, 498 U.S. at 44–45). Where the debtor's "claims are either defenses to [the claimant's] claim or integrally related to those defenses, the resolution of the [debtor's] claims clearly affects the structuring of the debtor-creditor relationship. . . ." *Id.* at 467; *see also Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993) ("For a waiver to occur, the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims. Even there the right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue.").

3

Because "the filing of a proof of claim would submit the claimant to the equitable jurisdiction of this court," parties must make a "tactical decision" regarding whether to file a claim which "alters the method of fact finding on the merits of the claim by limiting the availability of a jury trial." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, No. ADV.08-01789 (BRL), 2009 WL 458769, at *2 (Bankr. S.D.N.Y. Feb. 24, 2009) (internal quotation marks omitted). Here, by filing claims in the BLMIS liquidation proceeding, the Defendants submitted to the equitable jurisdiction of this Court for determination of the Mann Action which bears on the allowance of their claims. Accordingly, the Mann Action is triable only in equity, and the Defendants do not have a right to a jury trial. *See, e.g., First Fid. Bank N.A., N.J. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 838 (2d Cir. 1991). As the District Court held in addressing a nearly identical adversary proceeding in this liquidation,

> In filing their proofs of claim, Defendants have "triggered the process of allowance and disallowance of claims," and they have been met with Adversary Proceedings that "bear directly on the allowance of a claim." *Germain*, 988 F.2d at 1329. Because Defendants have "invoked th[e] Bankruptcy Court's jurisdiction with regard to any matters affecting the disposition of [their] claims," including the Adversary Proceedings, they have no right to a jury trial.

*Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD), 2018 WL 2383141, at *4 (S.D.N.Y. May 15, 2018) ("*Saren-Lawrence*"), *reconsideration denied*, No. 17 Civ. 5157 (GBD), 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018).

## II. The Defendants' Withdrawal of Their Claims and Objections with Prejudice Does Not Extinguish This Court's Jurisdiction

Even now that the Defendants have withdrawn their claims and objections, they cannot argue that the Bankruptcy Court should not have equitable jurisdiction over them. As numerous courts have held, before and after *Stern*, such a strategic withdrawal

4

does not deprive the Bankruptcy Court of its equitable jurisdiction over a related adversary proceeding:

- *MCI WorldCom Commc'ns, Inc. v. Commc'ns Network Int'l (In re WorldCom, Inc.)*, 378 B.R. 745, 754 (Bankr. S.D.N.Y. 2007): "[I]t is immaterial whether the proof of claim has been disallowed prior to the Court's determination of the jury trial demand. . . . [T]he filing of the proof of claim invokes the claims-allowance process and the creditor subjects itself to the equitable jurisdiction of the Court thereby waiving its right to a jury trial as to any issue that bears directly on the claims-allowance process."

- *Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 349 B.R. 108, 115 n.2 (Bankr. S.D.N.Y. 2006): "The disposition of a claim, alone, does not nullify the consequences of a creditor's invocation of jurisdiction premised upon such claim."

- *Siegel v. Cal. Self-Insurers' Sec. Fund (In re Circuit City Stores, Inc.)*, No. 08-35653-KRH, 2016 WL 1714515, at *7 (Bankr. E.D. Va. Apr. 26, 2016): "The fact that the Fund later withdrew its proofs of claim is of no moment. The general rule is that 'by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.' It follows that a creditor cannot seemingly un-pull the trigger of this Court's equitable power by withdrawing its proof of claim." (Quoting *Langenkamp,* 498 U.S. at 44.)

- *Wagner v. Appelman (In re Vaughan Co.)*, No. 12-CV-0197 WJ/SMV, 2014 WL 12789686, at *6 (D.N.M. July 22, 2014): "[E]ven if a proof of claim is withdrawn, the right to a jury trial is not thereby restored. Once a proof of claim

5

is filed, the right to a jury trial is extinguished as to any issue that bears on the claims-allowance process." (Citing *Langenkamp*, 498 U.S. at 44–45.)

- *Kriegman v. Phillips (In re LLS AMERICA, LLC)*, No. 09-06194-PCW11, 2013 WL 12122309, at *2 n.2 (Bankr. E.D. Wash. May 2, 2013): "[W]ithdrawal [of a claim] has no effect upon jurisdiction."

- *KHI Liquidation Trust v. Wisenbaker Builder Servs., Inc. (In re Kimball Hill, Inc.)*, 480 B.R. 894, 904 (Bankr. N.D. Ill. 2012): "As [defendant] did file proofs of claim against certain of the Debtors, it is within the court's authority to consider the Second Amended Complaint in resolving the liability of those claims. [Defendant] may not withdraw those claims merely to defeat this court's authority." (Internal citations omitted.)

- *EXDS, Inc. v. RK Electric, Inc. (In re EXDS, Inc.)*, 301 B.R. 436, 440 (Bankr. D. Del. 2003): "[Claimant] lost its right to a jury trial because it elected to participate in the equity court proceeding. Given the unequivocal language of *Langenkamp* and *Travellers* as to the effect of filing a proof of claim, I do not believe that a creditor can, for strategic reasons, reverse the result it triggered by filing a proof of claim by later withdrawing the claim."

- *The Acad. Inc. v. James, Hoyer, Newcomer and Smiljanich, P.A. (In re The Acad., Inc.)*, 289 B.R. 230, 234 (Bankr. M.D. Fla. 2003): "The defendants voluntarily came to this court to assert their claims against the plaintiff. In so doing, they consented to the jurisdiction of the court for the purpose of their claims against the plaintiff and the plaintiff's claims against them. The fact that they no longer wish to assert claims against the plaintiff should not impact in any way the court's jurisdiction over them for the purpose of the plaintiff's claims

6

against them."

- *Glen Eagle Square, Inc. v. Meehan-Weinmann, Inc. (In re Glen Eagle Square, Inc.)*, 132 B.R. 106, 112 (Bankr. E.D. Pa.), *aff'd*, 132 B.R. 115 (E.D. Pa. 1991): "[T]he filing of a proof of claim constitutes a creditor's complete submission to bankruptcy court jurisdiction. Such a filing is not a mere procedural nicety. We would suggest that, having once filed a proof of claim and submitted itself to bankruptcy court jurisdiction, a claimant has irrevocably waived a right to a jury trial as to any issue which might arise in that case."

Where a court has considered the effect of withdrawing a claim and reached a contrary result, it has done so for entirely distinguishable reasons. For example, in *Messer v. Magee (In re: FKF 3, LLC)*, No. 13-CV-3601 (KMK), 2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016), the court held that regardless of disallowance of the proof of claim, "[t]he Trustee has not demonstrate[d] that each factual and legal element of [these] claim[s] will be decided in the claims allowance process such that after the process nothing remains for adjudication in a plenary suit." *Id.* at *9 (quotation marks omitted). In contrast, a determination of the amounts owed by the Defendants in the Mann Action is directly related to the claims allowance process and would resolve fully any claims by the Defendants by offsetting any amounts owed to them against amounts owed by them. *See Saren-Lawrence*, 2018 WL 2383141, at *4–5.

And in *Smith v. Dowden*, 47 F.3d 940 (8th Cir. 1995), the proof of claim was withdrawn *without* prejudice prior to the commencement of the adversary proceeding, rendering the claim a legal nullity which cannot thereby effect a waiver of a jury trial. *Id.* at 943 ("We conclude that the successful withdrawal of a claim pursuant to

7

Fed.R.Bankr.P. 3006 prior to the trustee's initiation of an adversarial proceeding renders the withdrawn claim a legal nullity and leaves the parties as if the claim had never been brought. . . . Because the [creditors] have not submitted to the equitable jurisdiction of the bankruptcy court, the Trustee's fraudulent transfer action does not arise 'as part of the process of allowance and disallowance of claims.'" (quoting *Granfinanciera,* 492 U.S. at 58)).

In contrast, where the Defendants' claims and objections have been determined by this Court with prejudice, and where the Defendants withdrew their claims and objections over nine years into the proceeding solely and strategically in order to obtain a jury trial, they are still within this Court's jurisdiction. *Cf. SNA Nut Co. v. Haagen-Dazs Co., Inc.*, 302 F.3d 725, 731 (7th Cir. 2002) ("[T]he court specifically ordered as part of the parties' settlement agreement in the first adversary proceeding that [the creditor's] proof of claim be disallowed with prejudice and therefore, cases such as *Dowden* are easily distinguishable from the case at bar."). The Defendants made the election over nine years ago to forego a jury trial when they filed their claims. Their pleas now are too little and too late. The Court should not tolerate the Defendants' transparent attempt to delay the repayment of what the Defendants owe.

## **CONCLUSION**

For all of the aforementioned reasons, the Defendants have submitted themselves to the equitable jurisdiction of this Court, and the withdrawal of their claims and objections does not extinguish that authority. The Defendants accordingly have no right to a jury trial in equity, and their request for a jury trial should be stricken.

Dated: Washington, D.C.
    December 5, 2018

                                      Respectfully submitted,

                                      JOSEPHINE WANG
                                      General Counsel

                                      KEVIN H. BELL
                                      Senior Associate General Counsel for Dispute Resolution

                                      *s/ Nathanael S. Kelley*
                                      NATHANAEL S. KELLEY
                                      Associate General Counsel

                                      SECURITIES INVESTOR
                                        PROTECTION CORPORATION
                                      1667 K St., NW, Suite 1000
                                      Washington, D.C. 20006
                                      Telephone: (202) 371-8300
                                      E-mail: jwang@sipc.org
                                      E-mail: kbell@sipc.org
                                      E-mail: nkelley@sipc.org