**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com
*Attorneys for Defendants Carol Nelson,*
*Stanley Nelson, and Helen Saren-Lawrence*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |
| Defendants. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |

{00038508 4 }

| | |
|---|---|
| CAROL NELSON,<br><br>    Defendant. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br>v.<br><br>HELENE SAREN-LAWRENCE,<br><br>Defendant. | Adv. Pro. No. 10-04898 (SMB) |

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE WHY THE TWO NELSON CASES SHOULD NOT BE CONSOLIDATED FOR TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42**

{00038508 4 }

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL POSTURE ................................................ 2

    I.    In eight years, the Trustee never moved to consolidate the Nelson cases ..................... 2

LEGAL STANDARD ................................................................................................................ 4

ARGUMENT .............................................................................................................................. 5

    I.    The Nelson cases should not be consolidated because they involve
          different defendants, different evidence, different issues, and different
          affirmative defenses ......................................................................................................... 5

    II.   At a minimum, the Court should not require Carol Nelson to participate
          in the trials of two different cases in May 2019 ............................................................. 9

    III.  If the Court is to order consolidation, it should consolidate the Nelson
          cases with the Saren-Lawrence case for a trial on the common issues in
          or after June 2019 ............................................................................................................ 9

CONCLUSION ......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arnold v. Eastern Airlines*,
   712 F.2d 899 (4th Cir. 1983), *cert. denied*, 464 U.S. 1040 (1984)............................................4

*Bank of Montreal v. Eagle Assocs.*,
   117 F.R.D. 530 (S.D.N.Y. 1987) .................................................................................................4

*Blankenship v. Liberty Life Assur. Co.*,
   486 F.3d 620 (9th Cir. 2007) ......................................................................................................7

*Curry v. Am. Standard*,
   2010 WL 6501559 (S.D.N.Y. Dec. 13, 2010) ........................................................................5, 7

*Devlin v. Trans. Commc'ns Int'l Union*,
   175 F.3d 121 (2d Cir. 1999).......................................................................................................4

*Dubroff v. First Nat'l Bank (In re Dubroff)*,
   119 F.3d 75 (2d Cir. 1997).........................................................................................................8

*Dupont v. S. Pac. Co.*,
   366 F.2d 193 (5th Cir. 1966) .....................................................................................................6

*Flintkote Co. v. Allis-Chalmers Corp.*,
   73 F.R.D. 463 (S.D.N.Y. 1977) ..............................................................................................4, 6

*Garber v. Randell*,
   477 F.2d 711 (2d Cir. 1973).......................................................................................................7

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs.)*,
   408 F.3d 689 (11th Cir. 2005) ...................................................................................................8

*Jensen v. Anderson (In re Anderson)*,
   561 B.R. 230 (Bankr. M.D. Fla 2016) .......................................................................................8

*Journapak Corp. v. Bair*,
   27 F.R.D. 509 (S.D.N.Y. 1961) .................................................................................................6

*Mack v. Newton*,
   737 F.2d 1343 (5th Cir. 1984) ...................................................................................................8

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993).......................................................................................................5

*Ocean Ships, Inc. v. Stiles*,
　2003 WL 22741457 (S.D.N.Y. Nov. 19, 2003) ..................................................................5

*Paloian v. LaSalle Bank, N.A.*,
　619 F.3d 688 (7th Cir. 2010) ..............................................................................................7

*Picard v. JPMorgan Chase & Co.*,
　2014 Bankr. LEXIS 4348 (Bankr. S.D.N.Y., Oct. 10, 2014) ..............................................8

*United States v. Keithan*,
　751 F.2d 9 (1st Cir. 1984) ...................................................................................................9

*United States v. McGuire*,
　307 F.3d 1192 (9th Cir. 2002) ............................................................................................9

**Statutes**

11 U.S.C. § 550(b) ......................................................................................................................2

26 U.S.C. § 408 ...........................................................................................................................7

**Other Authorities**

CPLR 5202 ..................................................................................................................................8

Fed. R. Civ. P. 42 ....................................................................................................................1, 4

Fed. R. Civ. P. 42(a) ...................................................................................................................4

Fed. R. Evid. 611(a) ....................................................................................................................9

Carol Nelson, Stanley Nelson, and Helene Saren-Lawrence (the "Defendants"), respectfully submit this Response to the Court's November 28, 2018 oral Order to Show Cause why the two Nelson cases should not be consolidated for trial pursuant to Federal Rule of Civil Procedure 42.

## PRELIMINARY STATEMENT

On November 28, 2018, with respect to a different clawback defendant, this Court acknowledged that, if a defendant's SIPC claim is withdrawn with prejudice, **"there's no point in my trying a case where I don't have jurisdiction and they have a right to a jury trial."** *See* November 28, 2018 Hearing Transcript, attached as Exhibit F to the December 5, 2018 Declaration of Helen Davis Chaitman at 24:17-18. This statement of the law is applicable with respect to Saren-Lawrence and the Nelsons. They filed withdrawals of their SIPC claims and withdrawals of their objections to the Trustee's determination, with prejudice. While this Court has stricken those withdrawals and required Defendants to make motions to seek such withdrawals, the right of Saren-Lawrence and the Nelsons to withdraw their claims and objections with prejudice is clear and they will be filing such motions before their scheduled trials. Thus, the scheduled trial dates is an academic issue in all three cases.

Nevertheless, because the Trustee has raised the issue of the scheduling of the Nelsons' second trial in *Picard v. Carol Nelson and Stanley Nelson*, Adv. Pro No. 10-04377 (SMB), we submit this Memorandum of Law to explain to what extent, if any, the two Nelson cases and the Saren-Lawrence case should be consolidated for trial, if there were to be a trial in this Court. In this context, the Court should be aware that Ms. Saren-Lawrence is in her 80s and is suffering from a brain aneurism. Dr. Stanley Nelson is 89 years old and is in fragile health. Mrs. Nelson is in her 80s, is having knee surgery in late January, and will require an extended period of recuperation. Given the ages and fragility of the Defendants, it is cruel of the Trustee to press for

{00038508 4}                                                             1

these trials at this time and to exacerbate the pressure by demanding that the two Nelson cases be consolidated when he has been very happy to treat these cases as separate cases for the last eight years.

Finally, again on the incorrect assumption that this Court has jurisdiction, if the Court is concerned about judicial efficiency, the common factual defenses asserted by Saren-Lawrence and the Nelsons should be consolidated for trial in June 2019 or after. These common factual defenses include, *inter alia,* (a) whether Madoff/BLMIS was ever a Ponzi scheme and, if so, when; (b) whether Madoff/BLMIS owned the securities shown on Defendants' customer statements; and (c) whether Defendants ever received transfers from BLMIS since all the checks they received were drawn on an account in the name of "Bernard L. Madoff."

## STATEMENT OF FACTS AND PROCEDURAL POSTURE

### I. In eight years, the Trustee never moved to consolidate the Nelson cases

The Trustee's Complaints against the Nelsons were filed in 2010. The Trustee's Complaint against Carol Nelson seeks to claw back funds withdrawn from two accounts: (a) BLMIS Account No. 1ZR265, which was an Individual Retirement Account ("IRA") held for the benefit of Carol Nelson, and (b) BLMIS Account No. 1ZA283, which was an account held by Carol Nelson individually. *See* Complaint, *Picard v. Carol Nelson*, Adv. Pro No. 10-04658, ECF No. 1, ¶ 2. Account No. 1ZR265 was in the name, not of Carol Nelson, but of NTC & CO., LLP, ("NTC") or its predecessor as the custodian and initial transferee of any withdrawals. *See id.*, ¶ 2. Thus, Account No. 1ZR265 raises factual issues as to the amount Ms. Nelson received from NTC and whether she is protected from liability pursuant to 11 U.S.C. § 550(b) because she is a subsequent transferee who took for value, in satisfaction of an antecedent debt, and without knowledge of the voidability of the transfers to her.

{00038508 4}                                2

The Trustee's Complaint against Carol Nelson and Stanley Nelson in Adv. Pro. No. 10-04377 seeks to claw back funds withdrawn from BLMIS Account No. 1ZA284, which was a joint account with right of survivorship held by Carol Nelson and Stanley Nelson. *See* Complaint *Picard v. Carol Nelson and Stanley Nelson*, Adv. Pro No. 10-04377 (SMB), ECF No. 1, ¶ 36.

In the eight years since the Complaints were filed, the Trustee never once moved to consolidate the Nelson cases and has taken every possible advantage of the fact that the cases were not actually consolidated. As recently as October 10, 2018, during a pre-trial conference held for the purpose of scheduling trials in all three cases, the Trustee did not even hint that he wanted the Nelson cases consolidated. *See* October 10, 2018 Hearing Transcript, attached to the December 5, 2018 Declaration of Helen Davis Chaitman as Exhibit G. During that conference, the Court scheduled the Saren-Lawrence trial for February 20, 2018 at 10:00 a.m. *See id.* at 10:4-14. The Court also directed the Trustee's counsel to get back to Defendants' counsel with dates in May for the two separate trials in the Nelson cases. *See id.* at 10:4-14.

The very first time the Trustee raised the idea of consolidating the two Nelson cases was in an email to Defendants' counsel on October 24, 2018. *See* No. 08-01789, ECF No. 18181-1 (Nov. 15, 2018 letter from Dean Hunt, Exhibit A). Defendants' counsel responded by indicating that they and Carol Nelson were available to conduct the trial against Carol Nelson[1] on May 8-10, but further indicated that they did not want to subject Carol Nelson to two trials in May, given her advanced age and medical conditions. *See id.* Therefore, Defendants' counsel requested that the Trustee supply dates in June for the trial against Stanley Nelson and Carol Nelson.[2] *See id.* Thus,

---

[1] *Picard v. Carol Nelson*, Adv. Pro No. 10-04658 (SMB).

[2] *Picard v. Carol Nelson and Stanley Nelson*, Adv. Pro No. 10-04377 (SMB).

{00038508 4}    3

this fight is simply about the Trustee's refusal to give Carol Nelson a reasonable period of time to recuperate from her first trial before she begins her second trial.

The Trustee refused to offer possible dates in June for the trial against Carol and Stanley Nelson. *See id*. Instead, the Trustee wrote the Court on November 15, 2018 and requested another conference. *See* ECF No. 18181. During the November 28, 2018 conference with the Court, the Court issued an oral Order to Show Cause to Defendants why the two Nelson cases should not be consolidated. *See* November 28, 2018 Hearing Transcript, attached as Exhibit F to the December 5, 2018 Declaration of Helen Davis Chaitman at 34:11-35:5.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). A court must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result. *See Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987).

Considerations of convenience and economy must yield to the paramount concern of having a fair and impartial trial. *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 464-65 (S.D.N.Y. 1977). "[A] trial must remain fair to both parties, and such considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice . . . . Consolidation . . . where prejudice results under the facts and circumstances of the particular case, amounts to abuse of discretion, constituting reversible error." *Arnold v. Eastern Airlines*, 712 F.2d 899, 907 (4th Cir. 1983), *cert. denied*, 464 U.S. 1040 (1984); *see also Devlin v. Trans. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("[E]fficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when

'savings of expense and gains of efficiency can be accomplished *without sacrifice of justice.*'") (emphasis in original) (citation omitted). "The benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).

"The burden is on the moving party to prove that consolidation is warranted." *Ocean Ships, Inc. v. Stiles*, 2003 WL 22741457, at *1 (S.D.N.Y. Nov. 19, 2003). "The movant must prove that the two actions are based on common questions of law or fact and that considerations of efficiency outweigh any prejudice or confusion that might result from consolidation." *Id*.

## ARGUMENT

### I. The Nelson cases should not be consolidated because they involve different defendants, different evidence, different issues, and different affirmative defenses

Here, the Trustee has made no showing that the cases should be consolidated because the Trustee has never moved to consolidate the two Nelson cases. These cases involve different defendants, different evidence, different issues, and some different affirmative defenses. Consolidation would not result in gains in efficiency but would only extend the time of the trial and fundamentally deprive the Nelsons of the ability to sit through their entire trials.

For example, consolidation would impermissibly "increase the scope of trial" by requiring Stanley Nelson to participate in a trial involving Carol Nelson's IRA, in which he would not otherwise be a party and which involves a BLMIS account and factual issues that have nothing to do with him. This is reason alone to deny consolidation. *See Curry v. Am. Standard*, 2010 WL 6501559, at *2 (S.D.N.Y. Dec. 13, 2010). ("[T]hough the Plaintiffs assert similar claims in both cases, they bring these claims against different defendants. . . . Consolidation would likely increase the scope of trial for the many Defendants litigating in one case but not the other.").

{00038508 4}                                   5

In addition, unless the trial dates were spread out over a two-month period, consolidation would impose upon both Stanley and Carol Nelson a physical and emotional burden to sit for one lengthy trial without any break.  Under the circumstances, this is heartless.

Moreover, the only common evidence at the Nelson trials will be the evidence supporting the Nelsons' affirmative defenses, including, *inter alia*, that Madoff/BLMIS never operated a Ponzi scheme; that Madoff/BLMIS owned the securities shown on the Nelsons' customer statements;  that the Nelsons never received a payment from BLMIS and thus the Trustee has no power to seek to avoid the transfers to them (although the proof on this issue will be the checks paid directly or indirectly to the Nelsons on the numerous accounts involved).

The Nelsons' exhibits in these two cases will be massive because they will have to go through all of their account statements and the evidence of the securities owned by Madoff and BLMIS over a decade.  The Defendants will put on evidence that Madoff engaged in real purchases of *different securities* for their *different accounts*, at *different times,* as established by *different evidence*.  Thus, "if the cases were consolidated, the trial of each would be impeded by the introduction of voluminous irrelevant evidence. . ." *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977).

Since consolidation would prejudice Defendants by cruelly expanding the scope of the trial and subjecting them to a trial on issues irrelevant to their cases, while providing no gains in efficiency, it should not be ordered here. *See Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966) (reversible error to prejudice any party by consolidation and the trial court must be cautious not to do so); *Journapak Corp. v. Bair*, 27 F.R.D. 509, 510 (S.D.N.Y. 1961) ("An examination of the complaints in these two actions would indicate that the claims against the defendants in the one action are entirely different from those against the defendant in the other action. While certain

facts are common to both actions, the actions themselves are essentially different. The moving party has not shown that consolidation would result in convenience or economy in administration.").

Moreover, BLMIS Account No. 1ZR265, Carol Nelson's IRA, raises different issues and affirmative defenses, which have absolutely no relevance to Stanley Nelson, further rendering consolidation inappropriate. *See Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973) ("[W]here the claims against, or defenses of, some parties are substantially different from those of others, some may be prejudiced by consolidation."); *Curry v. Am. Standard*, 2010 WL 6501559, at *2 (S.D.N.Y. Dec. 13, 2010) (dissimilar defenses mitigated potential efficiency in consolidation, resulting in denial of plaintiff's motion for consolidation).

BLMIS Account No. 1ZR265 was an IRA held for the benefit of Carol Nelson by NTC as custodian. *See* Complaint, *Picard v. Carol Nelson*, Adv. Pro No. 10-04658, ECF No. 1, ¶¶ 2, 86-89. The custodian is a trustee for Carol Nelson and, as custodian, provides custody of the assets, processes all transactions, maintains other records pertaining to them, files required IRS reports, issues client statements, helps clients understand the rules and regulations pertaining to certain prohibited transactions, and performs other administrative duties. *See* 26 U.S.C. § 408; *Blankenship v. Liberty Life Assur. Co.*, 486 F.3d 620, 626 (9th Cir. 2007) (based on the duties imposed by 26 U.S.C. § 408, the custodian is not a mere agent, but is a trustee as established under the IRA provisions of the Internal Revenue Code). Thus, NTC is the initial transferee of withdrawals from BLMIS Account No. 1ZR265, and Carol Nelson is a subsequent transferee, as even the Trustee acknowledges in his Complaint. *See* Complaint *Picard v. Carol Nelson*, Adv. Pro No. 10-04658, ECF No. 1, ¶¶ 86-91; *see Paloian v. LaSalle Bank, N.A.*, 619 F.3d 688, 692 (7th Cir. 2010) ("[L]ots of decisions hold that an entity that receives funds for use in paying down

{00038508 4}                                                                  7

a loan, or passing money to investors in a pool, is an 'initial transferee' even though the recipient is obliged by contract to apply the funds according to a formula."); *Picard v. JPMorgan Chase & Co.*, 2014 Bankr. LEXIS 4348 at *31-2 (Bankr. S.D.N.Y., Oct. 10, 2014) ("The Trustee would first have to demonstrate that the initial transfers to the three feeder funds were avoidable. He would then have to trace the avoidable BLMIS transfers from the feeder funds to JPMorgan to show that JPMorgan was a subsequent transferee."); *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs.)*, 408 F.3d 689, 708 (11th Cir. 2005) ("In an action seeking recovery, the plaintiff has the burden of tracing funds it claims to be property of the estate."). Thus, Carol Nelson, unlike Stanley Nelson, is entitled to defenses proven by specific concrete facts as to each withdrawal. *See Mack v. Newton*, 737 F.2d 1343, 1357 (5th Cir. 1984) ("The general rule under the Bankruptcy Act is that one who did not actually receive any of the property fraudulently transferred . . . will not be liable for its value."). Stanley Nelson should not be subjected to a trial that involves these completely unrelated issues.

Moreover, an IRA is defined as a trust under New York law. CPLR 5202 exempts from execution both assets in the trust and 90% of the income from the trust. This provision would prevent the Trustee from recovering from IRAs and from the recipient of the proceeds. *Dubroff v. First Nat'l Bank (In re Dubroff),* 119 F.3d 75 (2d Cir. 1997); s*ee also Jensen v. Anderson (In re Anderson)*, 561 B.R. 230 (Bankr. M.D. Fla 2016) ("Under . . . the fraudulent transfer provisions of the Bankruptcy Code . . . a transfer of property that is exempt from creditors may not be the subject of an action to avoid a fraudulent transfer. The disposition of exempt property cannot be the result of an intent to defraud creditors because the creditors had no claim to the property regardless of whether or not it was transferred."). Thus, the case against Carol Nelson raises a

host of issues that have nothing to do with the second Nelson case, which is the only case in which Stanley Nelson is a defendant. Consolidation is inappropriate.

## II. At a minimum, the Court should not require Carol Nelson to participate in the trials of two different cases in May 2019

If the Court is inclined to consolidate the two Nelson cases, it should not require that the entire trial proceed in May. Given Carol Nelson's age and physical condition, the trial could be started in May but then continued after a four-week break so that she has time to recover from the stress of the initial proceedings. There will be no benefits to consolidating the trials and the Court should not allow the Trustee's counsel to take advantage of elderly defendants by forcing them to attend multiple trials or trials on irrelevant matters so that they are worn down by the time they need to testify or otherwise participate in those aspects of their trials that actually matter.

The Court should make the very minor and very reasonable accommodation of simply denying consolidation and scheduling the second Nelson trial in June. *See* Fed. R. Evid. 611(a) ("The Court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . protect witnesses from harassment or undue embarrassment."); *cf. United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) (elderly witnesses whose physical infirmities confined them to home were unavailable); *United States v. McGuire*, 307 F.3d 1192, 1205 (9th Cir. 2002) (the trial court is directed to consider whether an adjournment or short continuance would provide an alternative to the witness's unavailability).

## III. If the Court is to order consolidation, it should consolidate the Nelson cases with the Saren-Lawrence case for a trial on the common issues in or after June 2019

If the Court is of the opinion that the Nelson cases can be consolidated, then it is respectfully submitted that the Saren-Lawrence trial should be consolidated with the Nelson cases and the cases should be jointly tried in June 2019 or thereafter.

{00038508 4}                                    9

## CONCLUSION

The Nelson cases should not be consolidated.

Dated: New York, New York  
       December 5, 2018

**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*  
Helen Davis Chaitman  
Gregory M. Dexter  
465 Park Avenue  
New York, New York 10022  
Phone & Fax: 888-759-1114  
hchaitman@chaitmanllp.com  
gdexter@chaitmanllp.com

*Attorneys for Defendants Carol Nelson,*  
*Stanley Nelson, and Helen Saren-Lawrence*

{00038508 4}    10