**Schulte Roth&Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Gary Stein                                                                                                            Writer's E-mail Address
212.756.2441                                                                                                      Gary.Stein@srz.com

December 10, 2018

**VIA ECF**

Hon. Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

        Re:   *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

        On behalf of the Picower Parties,[1] we write in response to the Notice of Motion for Orders Authorizing the Depositions of Federal Prisoners Annette Bongiorno, Daniel Bonventre, and Joann Crupi, filed by Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff, on November 26, 2018 (the "Trustee's Motion"). (*See* ECF No. 18236.)

        In the Trustee's Motion, the Trustee seeks leave pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) to depose Annette Bongiorno, Daniel Bonventre and Joann Crupi, three former BLMIS employees who are currently incarcerated (*see, e.g.*, Memorandum of Law in Support of Motion for Orders Authorizing the Depositions of Federal Prisoners Annette Bongiorno, Daniel Bonventre, and Joanne Crupi, ECF No. 18236, at 1-2), in 17 remaining adversary proceedings. (*See id.* at 6 n.4 & Exh. A.) The Trustee seeks this relief upon, among other things, information and belief that these individuals are likely to have knowledge about the

---

[1] The "Picower Parties" are Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; ; The Trust f/b/o Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower.

Hon. Stuart M. Bernstein
December 10, 2018
Page 2

handling and management of BLMIS customer accounts and various additional issues reflecting upon whether and the extent to which BLMIS was operating a Ponzi scheme through its investment advisory business. (*See id.* at 1-3.) In an earlier motion filed on September 21, 2018, the Trustee has also requested permission to depose Ms. Bongiorno, Mr. Bonventre and Ms. Crupi with regards to 91 other adversary proceedings on the basis that, *inter alia*, these three individuals are likely to have knowledge about various issues about which Mr. Madoff has previously testified. (*See* Memorandum of Law in Support of Trustee's Motion for Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff, ECF No. 18015 (the "Trustee's Sept. 21 Motion"), at 2). The Trustee's Motion represents that only one such deposition will be conducted of each individual as permitted by the Court in connection with both the current Motion and the Trustee's Sept. 21 Motion. (*See* ECF No. 18236, at 6 n.4).

As the Court will recall, there has been substantial litigation, including multiple hearings, regarding limitations sought by the Picower Parties and others with respect to previous depositions of Mr. Madoff and other former BLMIS employees, including but not limited to Ms. Bongiorno, Mr. Bonventre and Ms. Crupi. The Court has consistently substantially granted the relief sought by the Picower Parties and issued Orders governing the scope and use of such depositions, including with respect to permitted (and prohibited) topics of inquiry, procedures for dealing with any testimony about the Picower Parties, permitted (and prohibited) uses of the deposition testimony, and implementing procedures for parties to seek confidential treatment of certain such testimony. (*See* ECF Nos. 13060, 14213 and 16625 (prior depositions of Mr. Madoff) (attached hereto as Exhibits A, B and C); ECF No. 13240 (prior deposition of Ms. Bongiorno) (attached hereto as Exhibit D); ECF No. 13241 (prior deposition of Ms. Crupi) (attached hereto as Exhibit E); ECF No. 13358 (other prior depositions concerning profit withdrawal issue) (attached hereto as Exhibit F).

The Picower Parties filed a letter in response to the Trustee's Sept. 21 Motion on October 17, 2018 requesting substantially the same relief as that requested in this letter and as was granted by the Court in other instances where the Picower Parties have sought limitations with respect to depositions of Mr. Madoff and other BLMIS employees. (*See* ECF No. 18088 (Picower Parties' requested relief with regards to, *inter alia*, depositions of Ms. Bongiorno, Mr. Bonventre and Ms. Crupi) (attached hereto as Exhibit G).) The Trustee's Sept. 21 Motion, and the Picower Parties' related request as set forth in our October 21 letter, remain pending.

Consistent with the position taken in our October 21 letter, the Picower Parties have no objection to the entry of an Order authorizing the additional depositions sought by the Trustee's Motion. However, for many of the same reasons previously articulated with respect to the prior depositions, the Picower Parties respectfully request that any Orders authorizing the additional depositions contain the same limitations and protections with respect to the Picower Parties as the Court previously ordered in connection with the previous depositions of Mr. Madoff and other former BLMIS employees and that the Picower Parties have sought in connection with the Trustee's Sept. 21 Motion.

Hon. Stuart M. Bernstein
December 10, 2018
Page 3

Specifically, consistent with this Court's prior Orders,[2] the Picower Parties respectfully request that, with respect to any Order authorizing additional depositions requested in the Trustee's Motion ("Additional Authorized Depositions," and the deponents, the "Additional Deponents"), such Order(s) contain the following language:

- Counsel participating in the depositions are prohibited, at any point during any Additional Authorized Deposition, from asking any of the Additional Deponents any questions about (i) Jeffry M. Picower ("Picower") or any of the Picower Parties, or their respective agents, or (ii) the BLMIS accounts of Picower and/or the Picower Parties (other than as set forth in the transcript of hearing dated August 24, 2016 in this matter (*see* ECF No. 13967)). To the extent any Additional Deponent testifies regarding Picower or the Picower Parties or their BLMIS accounts in responding to questions, any information specific to BLMIS accounts of Picower and/or the Picower Parties shall be redacted whenever practicable, and counsel may follow up with questions concerning Picower or the Picower Parties only to the extent that such follow-up questions concerning Picower or the Picower Parties relate directly to previous testimony. Counsel may not, however, use any such testimony of any Additional Deponent regarding Picower or the Picower Parties to inquire about any conduct of Picower or the Picower Parties that is not directly related to previous testimony.

- In advance of each Additional Authorized Deposition, counsel for the Trustee will provide a copy of the Court's Order authorizing the deposition to the Additional Deponent.

- Absent a further order of the Court, the deposition testimony of any of the Additional Deponents and the transcript(s) thereof (the "Transcripts") shall not be used by any person or entity for any reason as it relates to the Picower Parties, including but not limited to in any pending or future litigation that may be brought against Picower's estate, the Picower Parties or their respective agents, or any related person or entity.

- The Transcripts for each day of the Additional Authorized Depositions shall remain confidential and under seal for twenty-one (21) days after the date that the final Transcript of each day of deposition testimony is provided to counsel for (i) the Trustee, (ii) participating defendants, (iii) the Picower Parties and (iv) Securities Investor Protection Corporation ("SIPC") (collectively, "Authorized Counsel"), or, if any party seeks to seal, strike or redact any portion of the Transcripts within the 21-day period, then solely as to that portion of the Transcript, the day after a final, non-appealable order is entered on such motion(s) (the "Confidentiality Period"). Each of the Transcripts shall automatically be re-designated as not confidential when the

---

[2] The limitations and procedures set forth below are substantially identical to those contained in the most recent of the Court's Orders on this subject, issued on September 11, 2017, in connection with the Continued Deposition of Mr. Madoff on the Day Two Topics (ECF No. 16625), as well as those most recently requested by the Picower Parties, but which remain pending (ECF No. 18088).

Hon. Stuart M. Bernstein
December 10, 2018
Page 4

- Confidentiality Period for each of the Transcripts expires, subject to any sealing, striking or redactions that the Court may have ordered.

- During the Confidentiality Period, the Transcripts and contents of any and all Additional Depositions may not be disclosed, except to Authorized Counsel, and any of their retained experts, if any, all of whom, including experts, shall maintain the confidentiality of the Transcripts and their contents and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the Transcripts, including any testimony concerning Picower, the Picower Parties or their agents or related parties, or any BLMIS accounts held by or on behalf of Picower or any of the Picower Parties.

- Any requests on motions to strike and/or redact any part of any Transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means promulgated under Local Rule 5005-2, shall be served on Authorized Counsel at the time of filing under seal, and shall remain confidential during the Confidentiality Period.

- In the event that any Authorized Counsel receives any request, subpoena or other process seeking disclosure of any Transcripts or information related to any Additional Deponent's testimony during the Confidentiality Period, such counsel shall, within three (3) business days thereof, notify the Court, as well as all other Authorized Counsel, of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena or other process.

- The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of the Order authorizing the Additional Authorized Deposition(s).

- The Court shall retain exclusive jurisdiction over the enforcement, implementation and interpretation of the Order authorizing the Additional Authorized Deposition(s).

As previously set forth in greater detail,[3] the foregoing relief is necessary in order to prevent counsel for various third parties from using the requested depositions to attempt to obtain improper pre-complaint discovery concerning the Picower Parties. In light of the fact that the Trustee intends to conduct only one deposition of Ms. Bongiorno, Mr. Bonaventure, and Ms. Crupi in the event both this motion and its pending Sept. 21 Motion are granted, counsel for some of those third parties, namely Helen Davis Chaitman, may well be allowed to participate in the requested depositions. As the Court is aware, Ms. Chaitman also represents the Fox

---

[3] *See, e.g.*, the Picower Parties' Response to the Chaitman Customers' Motion and Notices from Additional Customers for an Order Authorizing a Second Deposition of Bernard L. Madoff (ECF No. 13903).

Hon. Stuart M. Bernstein
December 10, 2018
Page 5

Plaintiffs,[4] who for the past eight years have tried repeatedly to assert class action claims against the Picower Parties in violation of the Permanent Injunction[5] previously entered by this Court. All of those attempts have properly been rejected,[6] leading Ms. Chaitman to pursue pre-complaint discovery in an attempt to frame a complaint that could somehow escape the reach of the Permanent Injunction. These attempts have also all been properly rejected, and by multiple courts.[7] Moreover, even if Ms. Chaitman is not allowed to participate in the deposition, if the transcript becomes publicly available immediately, and the other protections are not granted, Ms. Chaitman will, if history is a guide, improperly and unfairly attempt to use any testimony about Picower against the Picower Parties.

We have conferred with counsel for the Trustee and have been advised that the Trustee has no objection to the relief the Picower Parties request herein.

The Picower Parties appreciate the Court's consideration of these issues and are available for a Court conference if necessary to address their requested relief.

Respectfully submitted,

/s/ Gary Stein

Gary Stein

cc:    All Counsel of Record (via ECF)

---

[4] The "Fox Plaintiffs" refers to Adele Fox, Susanne Stone Marshall, Marsha Peshkin and Russell Oasis.

[5] The "Permanent Injunction" refers to the Order entered by this Court on January 13, 2011 in *Picard v. Picower*, Adv. Pro. No. 09-1197 (BRL) (Bankr. S.D.N.Y. Jan. 13, 2011) (ECF No. 43).

[6] The decisions finding the Fox Plaintiffs' complaints barred by the Permanent Injunction are: *Picard v. Fox*, 429 B.R. 423 (Bankr. S.D.N.Y. 2010) ; *Fox v. Picard*, 848 F. Supp. 2d 469 (S.D.N.Y. 2012); *Marshall v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 740 F.3d 81 (2d Cir. 2014); *Picard v. Marshall*, 511 B.R. 375 (Bankr. S.D.N.Y. 2014); *Fox v. Picard*, 531 B.R. 345 (S.D.N.Y. 2015) ; and *Marshall v. Capital Growth Co.*, 568 B.R. 203 (Bankr. S.D.N.Y. 2017) (currently on appeal to the District Court).

[7] *See Marshall v. Madoff*, No. 15 mc 56(JGK), 2015 WL 2183939, at *3 (S.D.N.Y. May 11, 2015)*; In re Marshall*, Civ. No. 15-mc-01-LPS, 2015 WL 849302, at *3-4 (D. Del. Feb. 25, 2015), *petition for writ of mandamus denied*, No. 15-1590 (3d Cir. Apr. 6, 2015); *Picard v. Marshall*, Adv. Pro. No. 14-01840 (SMB), 2014 WL 5486279, at *1 (Bankr. S.D.N.Y. Oct. 30, 2014).