# Exhibit D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**ORDER AUTHORIZING THE DEPOSITION OF**
**<u>FEDERAL PRISONER ANNETTE BONGIORNO WITH CERTAIN LIMITATIONS</u>**

On May 2, 2016, Irving H. Picard (the "Trustee") as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff"), filed a Motion for Leave to Depose Annette Bongiorno and Joann Crupi Regarding the Profit Withdrawal Issue (the "Motion"), ECF Nos. 13191-13193.

On May 4, 2016, the Picower Parties submitted a Response to the Motion requesting that certain limitations be placed on the depositions of Annette Bongiorno and Joann Crupi, and the Securities Investor Protection Corporation ("SIPC") filed a letter in response to the Picower Parties' Response.

The Court heard argument on the Trustee's Motion on May 5, 2016. At the hearing, the Court granted the Trustee's Motion to depose Ms. Bongiorno on the profit withdrawal issue with the limitations proposed by the Picower Parties and SIPC.

For the reasons stated on the record, it is hereby **ORDERED** that:

1. Ms. Bongiorno's deposition is authorized solely on the profit withdrawal issue;

2. The warden of the Federal Correctional Institution Coleman located in Sumterville, Florida, is hereby directed to produce Annette Bongiorno, a prisoner with Federal Bureau of Prisons Register # 96064-004, at the warden's office or elsewhere within the facility at a date and time to be determined at the discretion of the warden but not later than June 13, 2016. In accordance with Federal Rule of Civil Procedure 30(b), the deposition will be taken before a notary public or other person duly authorized by law to administer oaths and will be recorded by video and/or stenographically;

3. Except for any counsel that may appear on Ms. Bongiorno's behalf, counsel from three law firms may attend the deposition of Ms. Bongiorno: (1) Baker Hostetler LLP, as counsel for the Trustee; (2) Baker McKenzie LLP, as counsel for certain Participating Claimants, as that term is defined in paragraph 5 of the Order Establishing Schedule for Limited Discovery and Briefing on the Profit Withdrawal Issue, ECF No. 10266; and (3) Chaitman LLP, as counsel for certain Participating Claimants (collectively, "Authorized Counsel"). No other appearances are authorized;

4. At the beginning of the deposition of Ms. Bongiorno, counsel for the Trustee shall instruct Ms. Bongiorno that her testimony must be limited to BLMIS's profit withdrawal transactions and issues related thereto;

5. Authorized Counsel shall limit the scope of inquiry to BLMIS's profit withdrawal transactions and issues related thereto;

6. Authorized Counsel shall not ask Ms. Bongiorno any questions about Jeffry M. Picower or the Picower Parties or their agents, or about the Picower accounts, and, further, Authorized Counsel shall not ask Ms. Bongiorno about statements concerning Jeffry M. Picower contained in the Madoff Declaration dated November 17, 2015, ECF No. 12319-2;

7. Ms. Bongiorno's deposition testimony and the transcript thereof shall be used only to resolve pending litigation concerning the profit withdrawal issue;

8. Ms. Bongiorno's deposition testimony and the transcript thereof shall not be used in any other proceedings for any reason, including to support any claims or to address or resolve any issues other than the profit withdrawal issue, including in any proceedings that may be brought by any persons or entities against Barbara Picower, the Picower Parties or their agents, or any related person or entity;

9. The entire transcript of Ms. Bongiorno's deposition shall remain confidential and under seal for the longer of 60 days or the day after a final, non-appealable order is entered concerning alleged or actual violations of this Order (the "Confidentiality Period");

10. During the Confidentiality Period, the transcript and contents of Ms. Bongiorno's deposition may not be disclosed, except to Authorized Counsel, Schulte Roth & Zabel LLP, as counsel for the Picower Parties ("Schulte"), and SIPC, all of whom shall maintain the confidentiality of the transcript and its contents, and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the transcript concerning (i) Jeffry M. Picower, any of the Picower Parties or their agents, or any accounts held by or on

3

behalf of any of the Picower Parties, or (ii) any issues unrelated to BLMIS's profit withdrawal transactions;

11. Any requests or motions to strike and/or redact any part of Ms. Bongiorno's deposition transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means promulgated under Local Rule 5005-2,[1] shall be served on Authorized Counsel, Schulte and SIPC at the time of filing under seal, and shall remain confidential during the Confidentiality Period;

12. In the event that Authorized Counsel, Schulte, or SIPC receives any request, subpoena or other process seeking disclosure of Ms. Bongiorno's deposition transcript or information related to Ms. Bongiorno's testimony during the Confidentiality Period, such counsel, within three (3) business days thereof, shall notify the Court, Authorized Counsel, Schulte, and SIPC of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena or other process;

13. The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of this Order.

14. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.

Dated: New York, New York
May 5th, 2016

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

---

[1] *Available at* http://www.nysb.uscourts.gov/sites/default/files/5005-2-procedures.pdf.

4