# Exhibit F

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

In re:

BERNARD L. MADOFF,

        Debtor.

**ORDER SETTING CERTAIN LIMITATIONS ON**
**DEPOSITIONS TAKEN ON THE PROFIT WITHDRAWAL ISSUE**

        On June 25, 2015, the Court entered an Order Establishing Schedule For Limited Discovery and Briefing on Profit Withdrawal Issue (ECF No. 10266), which it amended on April 5, 2016 (ECF No. 13038) (collectively, the "Profit Withdrawal Scheduling Order"), authorizing discovery concerning the treatment of "profit withdrawals" and other similar transactions as reflected on Bernard L. Madoff Investment Securities ("BLMIS") customer account statements (the "Profit Withdrawal Issue").

        On May 9, 2016, the Picower Parties[1] filed a Notice of Presentment of the Picower Parties' Motion for Entry of an Order Setting Certain Limitations on Depositions Taken

---

[1] The "Picower Parties" refers to Capital Growth Company, Decisions Incorporated, Favorite Funds, JA Primary Limited Partnership, JA Special Limited Partnership, JAB Partnership, JEMW Partnership, JF Partnership, JFM Investment Companies, JLN Partnership, JMP Limited Partnership, Jeffry M. Picower Special Company, Jeffry M. Picower, P.C., The Picower Foundation, The Picower Institute of Medical Research, The Trust f/b/o Gabrielle H.

on the Profit Withdrawal Issue, with a motion (the "Motion") and proposed order (the "Proposed Order") annexed thereto, ECF Nos. 13285, 13285-1, and 13285-2.

Upon the Motion of the Picower Parties for the entry of an order setting certain limitations on depositions taken pursuant to the Profit Withdrawal Scheduling Order; and adequate notice of the Motion and the opportunity for a hearing having been provided; and no objections to the Motion having been filed; and no additional notice of or a hearing on the Motion being required under the circumstances; and, after due deliberation and sufficient cause appearing therefor, the Court being satisfied that the Motion sets forth a valid and proper basis for the relief granted herein, it is hereby:

**ORDERED** as follows:

1. Any depositions taken in connection with the Profit Withdrawal Issue (each such deponent a "Profit Withdrawal Deponent") shall be subject to the terms and limitations of this Order.

2. Except for any counsel that may appear on any Profit Withdrawal Deponent's behalf, counsel from three law firms may attend the deposition of any Profit Withdrawal Deponent: (1) Baker Hostetler LLP, as counsel for the Irving H. Picard ("Trustee"), trustee for the substantively consolidated SIPA liquidation of BLMIS and the estate of Bernard L. Madoff; (2) Baker McKenzie LLP, as counsel for certain Participating Claimants, as that term is defined in paragraph 5 of the Order Establishing Schedule for Limited Discovery and Briefing on the Profit Withdrawal Issue (ECF No. 10266); and (3) Chaitman LLP, as counsel for certain Participating Claimants (collectively, "Authorized Counsel"). No other appearances are authorized.

---

Picower, Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabrielle H. Picower.

3. At the beginning of the deposition of any Profit Withdrawal Deponent, counsel for the Trustee shall instruct such Profit Withdrawal Deponent that his or her testimony must be limited to BLMIS's profit withdrawal transactions and issues related thereto.

4. Authorized Counsel shall limit the scope of inquiry to BLMIS's profit withdrawal transactions and issues related thereto.

5. Authorized Counsel shall not ask any Profit Withdrawal Deponent any questions about Jeffry M. Picower or the Picower Parties or their agents, or about the Picower accounts, and, further, Authorized Counsel shall not ask any Profit Withdrawal Deponent about statements concerning Jeffry M. Picower contained in the Madoff Declaration dated November 17, 2015 (ECF No. 12319-2).

6. The deposition testimony of any Profit Withdrawal Deponent and the transcript thereof shall be used only to resolve pending litigation concerning the Profit Withdrawal Issue.

7. The deposition testimony of any Profit Withdrawal Deponent and the transcript thereof shall be used solely to address the Profit Withdrawal Issue. The deposition testimony of any Profit Withdrawal Deponent and the transcript thereof shall not be used for any reason as it relates to the Picower Parties, including in any proceedings that may be brought by any persons or entities against Barbara Picower, the Picower Parties or their agents, or any related person or entity.

8. The entire transcript of any Profit Withdrawal Deponent's deposition shall remain confidential and under seal for the longer of 60 days or the day after a final, non-appealable order is entered concerning alleged or actual violations of this Order (the "Confidentiality Period").

9. During the Confidentiality Period, the transcript and contents of any Profit Withdrawal Deponent's deposition may not be disclosed, except to Authorized Counsel, Schulte

3

Roth & Zabel LLP, as counsel for the Picower Parties ("Schulte"), and the Securities Investor Protection Corporation ("SIPC"), all of whom shall maintain the confidentiality of the transcript and its contents, and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the transcript concerning (i) Jeffry M. Picower, any of the Picower Parties or their agents, or any accounts held by or on behalf of any of the Picower Parties, or (ii) any issues unrelated to BLMIS's profit withdrawal transactions.

10. Any requests or motions to strike and/or redact any part of any Profit Withdrawal Deponent's deposition transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means promulgated under Local Rule 5005-2,[2] shall be served on Authorized Counsel, Schulte, and SIPC at the time of filing under seal, and shall remain confidential during the Confidentiality Period.

11. In the event that Authorized Counsel, Schulte, or SIPC receives any request, subpoena or other process seeking disclosure of any Profit Withdrawal Deponent's deposition transcript or information related to any Profit Withdrawal Deponent's testimony during the Confidentiality Period, such counsel, within three (3) business days thereof, shall notify the Court, Authorized Counsel, Schulte, and SIPC of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena or other process.

12. The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of this Order.

---

[2] *Available at* http://www.nysb.uscourts.gov/sites/default/files/5005-2-procedures.pdf.

4

13. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.

Dated: New York, New York
May 18th, 2016

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

5