**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | Adv. Pro. No. 10-04377 (SMB) |

|  |  |
|---|---|
| Defendants. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> CAROL NELSON, <br><br> Defendant. | Adv. Pro. No. 10-04658 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> HELENE SAREN-LAWRENCE, <br><br> Defendant. | Adv. Pro. No. 10-04898 (SMB) |

**TRUSTEE'S OPPOSITION TO DEFENDANTS' MOTION TO ADJOURN TRIAL DATES, *SINE DIE*, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(b)(4)**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), respectfully submits this memorandum of law in opposition to the Defendants' Motion to Adjourn Trial Dates, *sine die*, Pursuant to Federal Rule of Civil Procedure 16(b)(4) (the "Motion").

2

**PRELIMINARY STATEMENT[1]**

Defendants' Motion is simply another attempt to delay trial of these three adversary proceedings and ostensibly to obtain discovery these Defendants failed to request before the applicable case deadlines in these three adversary proceedings expired more than 34 months ago.

Contrary to Defendants' assertions, these Defendants did not make a single discovery request in these three adversary proceedings prior to the close of discovery. The Defendants did not timely serve Interrogatories, did not timely make any Requests for Production, and did not request the deposition of any of the individuals identified in the Trustee's Disclosures.

They are now purporting to attempt to cure these failures by erroneously arguing the Trustee's disclosures under Federal Rule of Civil Procedure 26 ("Rule 26") are inadequate. However, Rule 26 only requires that a party disclose, *inter alia*, "the name . . . of each individual likely to have discoverable information . . . that the disclosing party <u>may use to support its claims or defenses</u> . . .," and identify all documents, electronically stored information and tangible things that the party "<u>may use to support its claims or defenses</u> . . .." Fed. R. Civ. P. 26(a)(1)(A)(i), (ii) (emphasis added). The Trustee has complied with these obligations as that is precisely the information provided in the Trustee's Disclosures—the individuals and documents he may use to support his claims and defenses.[2] Therefore, the Defendants' request to adjourn the trial dates in

---

[1] The Trustee notes that Defendants' Motion was filed only in these three adversary proceedings. The Trustee also notes that the Defendants' Motion is replete with factual inaccuracies, many of which are not relevant to these three adversary proceedings. Therefore, the Trustee will not address these factual inaccuracies in this opposition. The Trustee further notes that (i) the discovery in the Clawback Actions (as defined in the Motion) has not been consolidated as Defendants indicate, and (ii) discovery is not closed in all cases as described in Defendants' Preliminary Statement. The Trustee's position regarding discovery is more fully set forth in the Trustee's Motion for Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff, Adv. Pro. No. 10-04898, ECF No. 147.

[2] In all three of these adversary proceedings, the Trustee served Initial Disclosures. In Adv. Pro. No. 10-04898, the Trustee also served Amended Initial Disclosures. In Adv. Pro. Nos. 10-04377 and 10-04658, the Trustee also served Second Amended Initial Disclosures. Unless discussing a specific set of disclosures, for purposes of this Motion, they are referred to collectively as the "Trustee's Disclosures." Copies of the Trustee's Amended Initial Disclosures in Adv. Pro. No. 10-04898 and Second Amended Initial Disclosures in Adv. Pro. Nos. 10-04377 and 10-04658 are attached, collectively, as Ex. A.

3

these three adversary proceedings for the purposes of taking discovery has no merit and should be denied.

## BACKGROUND

Fact discovery in each of these three adversary proceedings closed in March 2016- more than 2½ years ago.[3] Prior to the close of discovery, the Defendants did not serve a single request for written discovery on the Trustee. Nor did the Defendants request the deposition of any witness, not even the BLMIS employees the Defendants concede were disclosed on the Trustee's Disclosures. None of the "Defendants' Discovery Demands" discussed in Section III of the Motion were served by these Defendants prior to the close of discovery in March 2016 and none of it is applicable to these three adversary proceedings.[4]

The March 8, 2016, discovery requests discussed by Defendants (at p. 5-7) were not served in these three adversary proceedings but in a different and unrelated adversary proceeding, Adv. Pro. No. 10-04995, *Picard v. Trust U/ART Fourth O/W/O Israel Wilenitz, et al.*.[5] Similarly, the June 21, 2016, discovery requests discussed in the Motion (at p. 5-7) were not served by the Defendants.[6] The Defendants attempted to serve the March 22, 2017, and November 21, 2017, sets of discovery discussed in the Motion (at FN 2 and p. 7-9) but only, as noted above, after fact discovery had been closed for over a year, making them untimely. The

---

[3] In Adv. Pro. No. 10-04898, fact discovery closed on March 7, 2016, and in Adv. Pro. Nos. 10-04377 and 10-04658, it closed on March 14, 2016.
[4] Ms. Chaitman herself recently conceded this point during arbitration regarding the discovery dispute regarding "trading records." *See* Transcript of November 19, 2018 Arbitration in *Picard v. Wilenitz et al.*, Adv. Pro. No. 10-04995, at p. 54, ll 3-12 (MR. SHIFRIN: "[T]he document requests that served as the basis for this dispute years ago was not served timely in every single case. Specifically there are three cases that are trial ready, the two Nelson cases and the Saren-Lawrence case. This dispute is not applicable to those cases." MS. CHAITMAN: "Right, except for those three, yeah. I agree, there are three cases that are trial ready."). A true and correct copy of the relevant pages of the transcript is attached as Ex. B.
[5] A true and correct copy of these discovery requests is attached as Ex. C.
[6] A true and correct copy of these discovery requests is attached as Ex. D.

4

Trustee timely objected to the service by Defendants on that basis in his responses to those requests.[7]

Prior to the close of fact discovery in March 2016, the Trustee not only served the Initial Disclosures attached to the Motion, as Exs. C and D., but also served amended disclosures in each of these adversary proceedings. In all of these disclosures, the Trustee identified several categories of people whom he may use to support his claims or defenses including, *inter alia*, former BLMIS employees Frank DiPascali (deceased), Annette Bongiorno, Erin Reardon and Jodi Crupi. *See* Ex. A. Despite the disclosure of these former BLMIS employees, Defendants in each of these three adversary proceedings did not request any discovery related to these employees, nor any of the other individuals identified in the Trustee's Disclosures.

## ARGUMENT

Rule 26 provides that a party must disclose to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—<u>that the disclosing party may use to support its claims or defenses,</u> unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i)(emphasis added). It also provides that a party must disclose a description "of all documents, electronically stored information, and tangible things <u>that the disclosing party . . . may use to support its claims or defenses</u>. . .." Fed. R. Civ. P. 26(a)(1)(A)(ii)(emphasis added). The advisory committee's notes regarding this provision makes clear that "[t]he scope of the disclosure obligation is narrowed to cover only information the disclosing party may use to support its position." *Id.* at advisory committee's note (2000). "A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to

---

[7] A true and correct copy of the Trustee's responses to the March 22, 2017, discovery requests is attached as Ex. E. *See also* Ex. E to the Declaration of Helen Davis Chaitman in support of the Defendants' Motion, FN 1 to Trustee's responses to the November 21, 2017, discovery requests.

use." *Id.* It is clear under the plain language of the rule, and the committee notes, that the Trustee met his obligations to the Defendants in these three adversary proceedings under Rule 26.

In a similar case involving a large entity with numerous employees, the Southern District of New York found that Goldman Sachs had not breached its discovery obligations when it did not disclose the identities of certain declarants (Goldman Sachs employees) prior to proffering their statements, noting "[i]n a case such as this that concerns firm-wide structure and policies, every manager, and indeed, every employee is a potential witness; yet it would hardly further the purpose of the rule if counsel were to produce a roster of the entire firm as part of its initial disclosure." *Chen-Oster v. Goldman, Sachs & Co.*, 114 F.Supp.3d 110, 129 (S.D.N.Y. 2015); *see also In re Initial Public Offering Securities Litigation*, 220 F.R.D 30, 33 (S.D.N.Y. 2003)(parties not required to disclose identities of individuals if they have "no intention of using that information—at trial or any other stage of the proceeding—to support [their] claims"). Correspondingly, it would neither provide any meaningful disclosure nor comport with the purpose of the Rule to require the Trustee to identify every former BLMIS employee as they all potentially have information that may have some relevance to the issues in these three adversary proceedings.

The Trustee has complied fully with the requirements of Rule 26 in making his disclosures to the Defendants in these three adversary proceedings. He is only obligated to disclose the individuals and information he may use to support his claims and defenses in these three adversary proceedings. The identification of additional witnesses in any other adversary proceedings in the BLMIS liquidation has no bearing on these cases and is not a basis for

6

allowing Defendants in these three adversary proceedings a second chance to conduct discovery or delay trial of these three adversary proceedings any further.

## CONCLUSION

Rule 26 is clear—a party is only required to disclose individuals and documents which it may use to support its claims and defenses. The Trustee has fully complied with his obligations in making his disclosures in these three adversary proceedings. As such, the Defendants have not shown (i) any reason why they are entitled to any additional discovery, particularly in light of their complete failure to conduct discovery prior to the close of discovery, or (ii) any basis to adjourn trial of these cases again. For these reasons, the Defendants' Motion in each of these three adversary proceedings should be denied in its entirety in each of these three adversary proceedings.

Dated: New York, New York
       December 12, 2018

Of Counsel:

**BAKER HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

By: */s/ Nicholas J. Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 Estate of Bernard L. Madoff*