**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and for the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>  v.<br><br>CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | Adv. Pro. No. 10-04377 (SMB) |

|  |  |
|---|---|
| Defendants. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>CAROL NELSON,<br><br>Defendant. | Adv. Pro. No. 10-04658 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>HELENE SAREN-LAWRENCE,<br><br>Defendant. | Adv. Pro. No. 10-04898 (SMB) |

**TRUSTEE'S OPPOSITION TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY THE TWO NELSON CASES SHOULD NOT BE CONSOLIDATED FOR TRIAL PURSUANT TO RULE OF CIVIL PROCEDURE 42**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), respectfully submits this memorandum of law in opposition to the Defendants' Response to Order to Show Cause Why the Two Nelson Cases Should not be Consolidated for Trial Pursuant to Federal Rule of Civil Procedure 42 (the "Motion").

2

## **PRELIMINARY STATEMENT**

The Trustee suggested consolidating these adversary proceedings as a way to streamline the process and minimize the physical burden on Defendants. Defendants, in what appears to be another effort to delay trial, suggest that a consolidated proceeding would be less efficient and more stressful for their clients. Defendants have failed to provide any reason why the two Nelsons adversary proceedings—Adv. Pro. Nos. 10-04377 and 10-04568—should not be consolidated for purposes of trial. Both proceedings involve common parties, common questions of fact and law and consolidation of the adversary proceedings will promote judicial efficiency and lessen any adverse impact of trial on Defendants.

Carol Nelson is a Defendant in both actions and the other Defendant, Stanley Nelson, is her husband. Both actions arise out of Defendants' investments with BLMIS. The factual and legal issues to be determined at trial are nearly identical as the primary issues for each proceeding—whether or not BLMIS was a Ponzi scheme and the scope and extent of the Ponzi scheme—are the same and will involve the same witnesses and evidence.

Moreover, judicial efficiency calls for consolidation. Consolidation will allow for streamlined testimony as each witness and expert will only be called to testify once, thereby avoiding duplication and reducing the amount of time the parties and the Court are involved in these adversary proceedings. Further, consolidation will lessen any adverse impact of trial on the Defendants because it will minimize the overall length of trial and result in a timelier resolution of both actions.

Therefore, the Court should consolidate Adv. Pro. Nos. 10-04377 and 10-04568 for purposes of trial.

# BACKGROUND[1]

**Adversary Proceeding No. 10-04377**

The Trustee's Original Complaint in Adversary Proceeding No. 10-4377 (the "Nelsons case") was filed on November 30, 2010, against Carol and Stanley Nelson, individually and as joint tenants of BLMIS account No. 1ZA284.[2] Defendants filed their Answer on April 17, 2014, asserting a total of twenty-five affirmative defenses, all but one of which is common to both cases.[3]

In the Nelsons Case, Defendants served their initial disclosures on July 15, 2014, and amended disclosures on February 10, 2016, identifying only Stanley Nelson and their accountant, Richard Oppenheim, as individuals they may use to support their claims and defenses.[4] Defendants also disclosed various categories of documents which may be used to support their claims and defenses.[5]

The Trustee provided his Second Amended Initial Disclosures on March 14, 2016,[6] identifying the individuals and documents/categories of documents which he may use to support his claims and defenses in this adversary proceeding. On May 16, 2016, the Trustee disclosed Mr. Bruce G. Dubinsky, Ms. Lisa M. Collura and Mr. Matthew Greenblatt as experts in this adversary proceeding.[7]

---

[1] The Trustee first suggested consolidation of these two matters at the May 31, 2017, pre-trial conference of these cases, but counsel for Defendants did not agree to the consolidation. The matter became moot due to Defendants' motions to withdraw the reference and the subsequent adjournment of the trials pending resolution of those Motions.
[2] *See* Complaint, *Picard v. Carol and Stanley Nelson*, Adv. Pro. No. 10-04377, ECF No. 1.
[3] *See* Defendants' Answer and Affirmative Defenses, *Picard v. Carol and Stanley Nelson*, Adv. Pro. No. 10-04377, ECF No. 30 (Affirmative Defense No. 13).
[4] *See* Defendants' Initial Disclosures, Adv. Pro. No. 10-04377, a copy of which is attached as Ex. A. See Carol and Stanley Nelson's Amended Rule 26 Disclosure, Adv. Pro. No. 10-04377, a copy of which is attached as Ex. B.
[5] *See* Ex. A.
[6] See Trustee's Second Amended Rule 26 Disclosure, Adv. Pro. No. 10-04377, a copy of which is attached as Ex. C.
[7] *See* May 16, 2016 Correspondence to Chaitman LLP in Adv. Pro. No. 10-04377, a copy of which is attached as Ex. D. Defendants did not disclose the identities of any experts in this adversary proceeding prior to the deadlines of May 16, 2016 (case-in-chief experts) and June 13, 2016 (rebuttal experts) under the Third Amended Case Management Notice.

**Adversary Proceeding No. 10-04658**

The Original Complaint in Adversary Proceeding No. 10-04658 (the "Carol Nelson Case") was filed on December 1, 2010, against NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of Carol Nelson, and Carol Nelson. The Carol Nelson Case involves two BLMIS accounts: 1ZA283 held by Carol Nelson and 1ZR265, held by NTC & Co. for the benefit of Carol Nelson.[8] The Complaint in the Carol Nelson Case involves the identical claims asserted by the Trustee in the Nelsons Case, and one additional claim, Count VII, which claim was subsequently dismissed, rendering the complaints essentially identical.[9] On May 11, 2011, the Trustee dismissed his claims against NTC & Co. without prejudice, thereby leaving Carol Nelson as the remaining Defendant.[10] Defendant Carol Nelson filed her Answer on April 17, 2014, asserting a total of twenty-six affirmative defenses, all but two of which were also asserted in the Nelsons Case.[11]

In the Carol Nelson Case, Defendant served her initial disclosures on April 30, 2014, identifying only Stanley Nelson and NTC & Co. as individuals she may use to support her claims and defenses.[12] Nelson's description of the categories of documents she may use to support her claims or defenses in her Initial Disclosures is identical to the disclosures made in the Nelsons Case.[13] The Trustee provided his Second Amended Initial Disclosures on March 14, 2016 which only differed from his disclosures served in the Nelsons case as follows:[14]

1. the Trustee did not disclose Stanley Nelson;

---

[8] *See* Complaint, *Picard v. NTC & Co. LLP and Carol Nelson*, Adv. Pro. No. 10-04658, ECF No. 1.
[9] *Id.*
[10] *See* Stipulation and Order for Voluntary Dismissal of NTC & Co. Without Prejudice, *Picard v. NTC & Co. LLP and Carol Nelson*, Adv. Pro. No. 10-04658, ECF No. 8.
[11] *See* Defendants' Answer and Affirmative Defenses, *Picard v. Carol Nelson*, Adv. Pro. No. 10-04658, ECF No. 31. The additional affirmative defenses asserted are Nos. 23 and 24.
[12] *See* Defendants' Initial Disclosures, Adv. Pro. No. 10-04658, a copy of which is attached as Ex. E.
[13] *Id.* at 4.
[14] See Trustee's Second Amended Rule 26 Disclosure, Adv. Pro. No. 10-04658, a copy of which is attached as Ex. F.

5

2. the Trustee disclosed Fiserv, Inc. (also known as, *inter alia*, NTC & Co.), Wells Fargo Bank and Wells Fargo Advisors; and

3. the Trustee referenced documents received from NTC & Co. pursuant to a Rule 45 subpoena.

On May 16, 2016, the Trustee disclosed the same three experts in this adversary proceeding as in the Nelsons Case.[15]

## **LEGAL STANDARD**

Rule 42(a) of the Federal Rules of Civil Procedure sets forth the rule for consolidating adversary proceedings. Rule 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. 11 U.S.C. § 105(a); Fed. R. Civ. P. 42(a); Fed. R. Bankr. P. 7042.

The court has broad discretion to consolidate actions when there are common questions of law or fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *see also Coultrip v. Pfizer, Inc.*, Nos. 06 Civ. 9952 (JCF), 06 Civ. 15200 (JCF), 07 Civ. 4532 (JCF), 2011 WL 1219365, at *2-3 (S.D.N.Y. March 24, 2011) *citing Seidel v. Noah Educ. Holdings Ltd.*, Nos. 08 Civ. 9203 (RJS), 08 Civ. 9427 (RJS), 08 Civ. 9509 (RJS), 08 Civ. 9427 (RJS), 2009 WL 700782, at *1 (S.D.N.Y. Mar. 9, 2009). "Complete symmetry [between the two actions] is not a prerequisite for consolidation." *McArdle v. Arms Acres, Inc.*, No. 03 Civ. 05721 (PGG), 2009 WL 890077, at *3 (S.D.N.Y. 2009). In fact, "[i]t is well settled that even one substantial common question of law or fact is enough for consolidation under Rule 42(a)." *Id. citing BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000).

---

[15] *See* May 16, 2016 Correspondence to Chaitman LLP in 10-04658, a copy of which is attached as Ex. G. As with the Nelsons Case, Defendants did not disclose the identities of any experts in this adversary proceeding prior to the deadlines of May 16, 2016 (case-in-chief experts) and June 13, 2016 (rebuttal experts) under the Third Amended Case Management Notice.

6

The court also has broad discretion to consolidate actions to promote judicial economy. *Johnson*, 899 F.2d at 1285. *See also Devlin v. Transp. Commc'ns. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (finding consolidation "expedite[s] trial and eliminate[s] unnecessary repetition and confusion"). The court may consolidate when the "savings of expense and gains of efficiency will not sacrifice justice," *id.*, and it is the moving party that "must bear the burden of showing the commonality of factual and legal issues in different actions." *Faris v. Longtop Financial Technologies Ltd.*, No. 11 Civ. 3658(SAS), 2011 WL 4597553, at *4, n.29 (S.D.N.Y. October 4, 2011) quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir.1993).

## ARGUMENT

These adversary proceedings involve common questions of law and fact, a common Defendant, and the same witnesses and evidence have been identified in support of the parties' claims and defenses in both cases. Consolidation for the purpose of judicial efficiency, particularly in light of the Defendants' age and health, is appropriate here.

### I. The Nelsons Case and the Carol Nelson Case Involve a Common Party and the Same Witnesses

The cases involve a common defendant, Carol Nelson. *See Devlin*, 175 F.3d at 130 ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure.")(quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)). Stanley Nelson, while not a defendant in both, is Carol Nelson's husband and would likely be present at the trial regarding his wife's account, even if the matters were not consolidated. Furthermore, he was disclosed by the Defendants as a person whom they may use to support their claims and defenses in both

7

adversary proceedings,[16] making moot any arguments that the account and issues in the Carol Nelson Case "have nothing to do with [Stanley]," and requiring Stanley Nelson to participate in a trial involving Carol Nelson's IRA would "impermissibly 'increase the scope of trial.'"

In addition to having a common party, the potential witnesses and experts identified by both parties are nearly identical in both cases. Consolidating the matters would minimize the impact of trial on each of these witnesses, as well as ensure the Court is not subjected to duplicative testimony from the parties and their witnesses.

    II.    **The Nelsons Case and the Carol Nelson Case Involve Common Questions of Fact**

The Nelsons Case and Carol Nelson Case involve common questions of fact arising out of Defendants' investments in BLMIS. *See Liegey v. Ellen Figg, Inc.*, No. 02 Civ. 1492 (DC), 03 Civ. 0322 (DC), 2003 WL 21688242, at *1 (S.D.N.Y. July 18, 2003) (finding "the alleged facts are substantially similar and the similarities justify consolidation"). Even though the two cases involve different BLMIS accounts, the facts and evidence regarding BLMIS' business activities and the extent and scope of the Ponzi scheme are the same for both. *See Garnett-Bishop v. New York Community Bancorp., Inc.*, 299 F.R.D. 1, 6 (E.D.N.Y. 2014) (consolidation is appropriate where the plaintiffs raised almost identical claims against nearly identical defendants); s*ee also DeRogatis v. Board of Trustees of the Central Pension Fund of the Internat'l Union of Operating Engineers*, Cause No. 13-Civ. 8788 (CM), 2015 WL 936114 at *2 (S.D.N.Y. March 3, 2015) (the fact there is not a complete overlap between the issues arising in the two cases does not militate against consolidation).

---

[16] *See* Exs. A and E.

8

### III. The Nelsons Case and the Carol Nelson Case Involve Common Questions of Law

This Court has noted that Bernard L. Madoff's plea allocution is tantamount to prima facie evidence that BLMIS was a Ponzi scheme. Nevertheless, common issues of law exist between the adversary proceedings because the primary issues in both actions is Defendants' contention that BLMIS was not a Ponzi scheme, the extent and scope of the Ponzi scheme, and both actions seek the return of the amounts Defendants received from their BLMIS accounts during the two-year period prior to December 11, 2008, in excess of the amounts they deposited into their accounts. *See In re Koper*, 517 B.R. 431, 440 (Bankr. E.D.N.Y. 2014) (common issues of law as all three proceedings seek an exception to discharge under same provisions of the Bankruptcy Code). In fact, Defendants concede these common issues can be consolidated when they suggest adding yet a third case – *Saren-Lawrence* – to a consolidated proceeding.

The Defendants also asserted nearly identical affirmative defenses in these cases with the only meaningful difference being Carol Nelson's arguments regarding her Individual Retirement Account. While this is an issue unique to the Carol Nelson Case, it is a legal, not factual issue, that will involve little, if any, additional testimony and not add considerable time to the length of trial. *See DeRogatis*, 2015 WL 936114 at *2 (the fact there is not a complete overlap between the issues arising in the two cases does not militate against consolidation).

### IV. Consolidation of the Nelsons Case and Carol Nelson Case Will Promote Efficiency

Consolidation will result in a more efficient use of judicial resources in that the parties and the Court will only need to hear the testimony of witnesses and experts regarding the common issues once for both adversary proceedings. It and will reduce the impact of trial on those witnesses and experts as they will not be required to appear at two separate proceedings and provide identical, or nearly identical, testimony at each. As discussed above, other than

NTC & Co. and the financial institutions where it held accounts (Wells Fargo Bank and Wells Fargo Advisors), the parties disclosed the same individuals and experts in each of the two cases. Given the crossover of the potential witnesses, consolidating the actions for trial is warranted for purposes of judicial efficiency. S*ee Peifa Xu v. Gridsum Holding, Inc.*, Cause Nos. 18 Civ. 3655 (ER) and 18 Civ. 5749 (ER), 2018 WL 4462363 at *2 (S.D.N.Y. September 17, 2018) (both actions involve nearly all the same defendants, facts, claims and legal theories, thus consolidation will prevent needless duplication).

  Defendants argue that their age and physical condition support their arguments that the matters not be consolidated, but that argument is illogical. Consolidation of these two cases will only subject them to one trial rather than two and reduce the overall amount of time they have to prepare and be present in the courtroom. Further, it will also reduce any impact on Defendant Carol Nelson as she will only be required to testify once for both cases, rather than having to testify twice if there are two separate proceedings. This will minimize any adverse effects of trial on the Defendants as well as providing a prompter resolution to the trial, thus permitting the Defendants to put the matter behind them earlier than would two separate trials.

## CONCLUSION

For the foregoing reasons of judicial economy, the Court should exercise the broad discretion granted under Federal Rule of Civil Procedure 42(a) and consolidate Adv. Pro. Nos. 10-04377 (SMB) and 10-04658 (SMB) for purposes of trial.

Dated: New York, New York
December 12, 2018

By: */s/ Nicholas J. Cremona*
**BAKER & HOSTETLER LLP**

Of Counsel:
45 Rockefeller Plaza
New York, New York 10111

**BAKER HOSTETLER LLP**
Telephone: 212.589.4200
811 Main, Suite 1100
Facsimile: 212.589.4201
Houston, Texas 77002
David J. Sheehan
Telephone: (713) 751-1600
Email: dsheehan@bakerlaw.com
Facsimile: (713) 751-1717
Nicholas J. Cremona
Dean D. Hunt
Email: ncremona@bakerlaw.com
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 Estate of Bernard L. Madoff*