# EXHIBIT A

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise S. Frejka
Jason Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CAROL NELSON and STANLEY NELSON,<br><br>        Defendants. | Adv. Pro. No. 10-04377 (SMB)<br><br><u>JURY TRIAL DEMANDED</u> |

## <u>DEFENDANTS' INITIAL DISCLOSURES</u>

Carol Nelson and Stanley Nelson (collectively, "<u>Defendants</u>"), by and through their

undersigned attorneys, hereby submit the following initial disclosures to Plaintiff Irving H.

Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff

Investment Securities LLC ("Madoff Securities"), pursuant to Rule 26(a)(1) of the Federal Rules

of Civil Procedure, as made applicable to this matter by Rule 7026 of the Federal Rules of

Bankruptcy Procedure.

## RESERVATION OF RIGHTS

These disclosures are based on information reasonably available to Defendants as of this

date, and within their possession, custody or control, at this time.  Defendants reserve the right to

amend, modify, or supplement these disclosures, if necessary or appropriate, based upon facts

developed through discovery in this action, through ongoing investigation of the underlying

claims, or otherwise.

By making these disclosures, Defendants do not represent that they are identifying every

document, tangible thing, or witness that they may use to support their case.  Rather, Defendants'

disclosures represent a good faith effort, in accordance with Rule 26(a)(1), to identify

discoverable information that Defendants currently reasonably believe may be used to support

their claims and defenses in response to the Complaint.  These disclosures do not include

information that may be used solely for impeachment purposes.

These disclosures are made subject to and without waiving, but on the contrary reserving

and intending to preserve:  (1) all applicable privileges that would make any such information

nondiscoverable, including but not limited to, the attorney-client privilege and/or the attorney

work product doctrine; (2) the right to object on the grounds of competency, relevancy and

materiality, hearsay and/or any other applicable ground; (3) the right to object to the use of any

information disclosed, in whole or in part, for any purpose in any subsequent proceeding in this

or any other action; and (4) the right to object on any and all applicable grounds to any

2

subsequent discovery request or other proceeding involving or relating to the subject matter of

these disclosures. Defendants do not, by way of these disclosures, assume any burden of proof

or pleading, as to any issue for which that burden properly rests with the Trustee. By submitting

these disclosures, Defendants do not waive any jurisdictional defenses available to them.

## INITIAL DISCLOSURES

**A.**    **Rule 26(a)(1)(A)(i) -- Individuals Likely To Have Discoverable Information**

Subject to the foregoing and based on information readily available to Defendants at this

time, Defendants identify the following individuals likely to have discoverable information that

Defendants may use to support their claims or defenses.

| Name | Address | Subject of Information |
|---|---|---|
| Stanley Nelson | c/o Kramer Levin Naftalis & Frankel LLP 1177 Avenue of the Americas New York, NY 10036 Attention: Elise S. Frejka Telephone: 212-715-9100 | The allegations set forth in the Complaint and the affirmative defenses set forth in the Answer filed in the above-captioned adversary proceeding, including, without limitation, (i) the transactions identified in the Complaint; (ii) the business relationship(s) and historical dealings between the Defendants, on the one hand, and Madoff Securities on the other hand; (iii) the facts and circumstances underlying and supporting Defendants' affirmative and other defenses to the claims and causes of action asserted against Defendants in the Complaint; and (iv) Defendants' record-keeping policies and procedures. |

Some of these individuals may have knowledge extending beyond the specific subjects

for which they are identified. The actual knowledge of these persons may or may not meet or

exceed the scope of the subject matter listed above. Moreover, the listing of a name does not

constitute an admission by the Defendants that the person in fact has relevant or discoverable

information. The stated scope is neither a representation that a witness necessarily has

information on the above-described subjects nor intended to be a limitation on the matters concerning which they may give testimony.

Defendants expressly reserve the right to identify and call additional persons as witnesses who, based on further investigation and discovery, are found to have information that Defendants may use to support their claims and defenses.  Moreover, Defendants reserve the right to use or rely on the testimony of any other individuals identified in documents produced during discovery or by other parties in this action to support their claims and defenses.

**B.    Rule 26(a)(1)(A)(ii) -- Description By Category Of Documents**

The Defendants identify the following categories of documents in their possession, custody, or control which may be used to support their claims or defenses:

- Documents relating to, among other things, the transactions identified in the Complaint and the Defendants' affirmative and other defenses to the claims and causes of action asserted in the Complaint.

- Account statements of Madoff Securities (and/or its predecessor) issued to Defendants.

- Communications with Madoff Securities.

- Relevant documents reflecting payments made to the Internal Revenue Service and/or state taxing authorities.

Copies of the documents described above that Defendants may use to support their claims or defenses that are within Defendants' possession, custody, or control (unless privileged or protected from disclosure) can be made available at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, upon a proper request and at a time to be mutually determined.

Defendants do not admit by listing a particular document category that all or any documents in that category are relevant to issues in this action, otherwise admissible, or properly discoverable.

4

As set forth above, Defendants reserve the right to supplement and/or amend these initial disclosures, including (without limitation) as more information becomes available during the course of discovery in this action.

Defendants also reserve the right to rely upon:

1.  Any documents produced by the Trustee.

2.  Any documents produced by third parties in connection with third party discovery.

3.  Any documents produced by other defendants in other adversary proceedings in this SIPA liquidation proceeding or by any other parties in this SIPA liquidation proceeding or any related proceeding.

**C.**  **Rule 26(a)(1)(A)(iii) -- Computation of Damages**

Inapplicable at this time.

**D.**  **Rule 26(a)(1)(A)(iv) -- Insurance Agreement**

At present, Defendants are unaware of any insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a possible judgment entered herein or to indemnify or reimburse for payments made to satisfy any such a judgment. Defendants expressly reserve the right to amend these disclosures to specify any such insurance agreement if, during the course of discovery and their investigation of the facts relating to this case, Defendants learn that any such insurance agreement exists.

Dated: New York, New York
      July 15, 2014

                 KRAMER LEVIN NAFTALIS & FRANKEL LLP

                 By:  /s/  Elise S. Frejka
                    Philip Bentley
                    Elise S. Frejka
                    Jason S. Rappaport
                    1177 Avenue of the Americas
                    New York, New York 10036
                    Telephone: (212) 715-9100
                    Facsimile: (212) 715-8000

                    *Attorneys for Defendants*

6