# EXHIBIT E

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise S. Frejka
Jason Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>   Plaintiff,<br>v.<br><br>CAROL NELSON,<br><br>   Defendant. | Adv. Pro. No. 10-04658 (SMB)<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S INITIAL DISCLOSURES**

Carol Nelson (the "Defendant"), by and through her undersigned attorneys, hereby

submits the following initial disclosures to Plaintiff Irving H. Picard (the "Trustee"), as Trustee

for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, as made applicable to this matter by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

## **RESERVATION OF RIGHTS**

These disclosures are based on information reasonably available to Defendant as of this date, and within her possession, custody or control, at this time. Defendant reserves the right to amend, modify, or supplement these disclosures, if necessary or appropriate, based upon facts developed through discovery in this action, through ongoing investigation of the underlying claims, or otherwise.

By making these disclosures, Defendant does not represent that she is identifying every document, tangible thing, or witness that she may use to support her case. Rather, Defendant's disclosures represent a good faith effort, in accordance with Rule 26(a)(1), to identify discoverable information that Defendant currently reasonably believes may be used to support her claims and defenses in response to the Complaint. These disclosures do not include information that may be used solely for impeachment purposes.

These disclosures are made subject to and without waiving, but on the contrary reserving and intending to preserve: (1) all applicable privileges that would make any such information nondiscoverable, including but not limited to, the attorney-client privilege and/or the attorney work product doctrine; (2) the right to object on the grounds of competency, relevancy and materiality, hearsay and/or any other applicable ground; (3) the right to object to the use of any information disclosed, in whole or in part, for any purpose in any subsequent proceeding in this or any other action; and (4) the right to object on any and all applicable grounds to any subsequent discovery request or other proceeding involving or relating to the subject matter of

these disclosures. Defendant does not, by way of these disclosures, assume any burden of proof or pleading, as to any issue for which that burden properly rests with the Trustee. By submitting these disclosures, Defendant does not waive any jurisdictional defenses available to her.

## INITIAL DISCLOSURES

**A.     Rule 26(a)(1)(A)(i) -- Individuals Likely To Have Discoverable Information**

Subject to the foregoing and based on information readily available to Defendant at this time, Defendant identifies the following individuals likely to have discoverable information that Defendant may use to support her claims or defenses.

| Name | Address | Subject of Information |
|---|---|---|
| Stanley Nelson | c/o Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Elise S. Frejka<br>Telephone: 212-715-9100 | The allegations set forth in the Complaint and the affirmative defenses set forth in the Answer filed in the above-captioned adversary proceeding, including, without limitation, (i) the transactions identified in the Complaint; (ii) the business relationship(s) and historical dealings between Defendant, on the one hand, and Madoff Securities on the other hand; (iii) the facts and circumstances underlying and supporting her affirmative and other defenses to the claims and causes of action asserted against her in the Complaint; and (iv) her record-keeping policies and procedures. |

| Name | Address | Subject of Information |
|---|---|---|
| NTC & Co. LLP | Fiserv<br>717 17th St., Suite 2200<br>Denver, CO, 80202 | The allegations set forth in the Complaint and the affirmative defenses set forth in the Answer filed in the above-captioned adversary proceeding, including, without limitation, (i) the transactions identified in the Complaint; (ii) the business relationship(s) and historical dealings between Carol Nelson's Individual Retirement Account, on the one hand, and Madoff Securities on the other hand; and (iii) the facts and circumstances underlying and supporting Defendant's affirmative and other defenses to the claims and causes of action asserted against Defendant in the Complaint. |

Some of these individuals may have knowledge extending beyond the specific subjects for which they are identified. The actual knowledge of these persons may or may not meet or exceed the scope of the subject matter listed above. Moreover, the listing of a name does not constitute an admission by the Defendant that the person in fact has relevant or discoverable information. The stated scope is neither a representation that a witness necessarily has information on the above-described subjects nor intended to be a limitation on the matters concerning which they may give testimony.

Defendant expressly reserves the right to identify and call additional persons as witnesses who, based on further investigation and discovery, are found to have information that Defendant may use to support her claims and defenses. Moreover, Defendant reserves the right to use or rely on the testimony of any other individuals identified in documents produced during discovery or by other parties in this action to support her claims and defenses.

**B.      Rule 26(a)(1)(A)(ii) -- Description By Category Of Documents**

The Defendant identifies the following categories of documents in her possession, custody, or control which may be used to support her claims or defenses:

- Documents relating to, among other things, the transactions identified in the Complaint and the Defendant's affirmative and other defenses to the claims and causes of action asserted in the Complaint.

- Account statements of Madoff Securities (and/or its predecessor) issued to Carol Nelson (with respect to Madoff Securities Account No. 1ZA283) and Carol Nelson's Individual Retirement Account (with respect to Madoff Securities Account No. 1ZR265).

- Communications with Madoff Securities.

- Relevant documents reflecting payments made to the Internal Revenue Service and/or state taxing authorities.

Copies of the documents described above that Defendant may use to support her claims or defenses that are within Defendant's possession, custody, or control (unless privileged or protected from disclosure) can be made available at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, upon a proper request and at a time to be mutually determined.

Defendant does not admit by listing a particular document category that all or any documents in that category are relevant to issues in this action, otherwise admissible, or properly discoverable.

As set forth above, Defendant reserves the right to supplement and/or amend these initial disclosures, including (without limitation) as more information becomes available during the course of discovery in this action.

Defendant also reserves the right to rely upon:

1.      Any documents produced by the Trustee.

5

2. Any documents produced by third parties in connection with third party discovery.

3. Any documents produced by other defendants in other adversary proceedings in this SIPA liquidation proceeding or by any other parties in this SIPA liquidation proceeding or any related proceeding.

**C.    Rule 26(a)(1)(A)(iii) -- Computation of Damages**

Inapplicable at this time.

**D.    Rule 26(a)(1)(A)(iv) -- Insurance Agreement**

At present, Defendant is unaware of any insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a possible judgment entered herein or to indemnify or reimburse for payments made to satisfy any such a judgment. Defendant expressly reserves the right to amend these disclosures to specify any such insurance agreement if, during the course of discovery and her investigation of the facts relating to this case, Defendant learns that any such insurance agreement exists.

Dated: New York, New York
April 30, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Elise S. Frejka
Philip Bentley
Elise S. Frejka
Jason S. Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendant*