**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Defendants Carol Nelson,*
*Stanley Nelson, and Helen Saren-Lawrence*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |
| Defendants. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, | |

| | |
|---|---|
| Defendant. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04898 (SMB) |
| Plaintiff, | |
| v. | |
| HELENE SAREN-LAWRENCE, | |
| Defendant. | |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO ADJOURN TRIAL DATES, *SINE DIE*, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(B)(4)

{00038674 3 }

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ........................................................................................................ii

PRELIMINARY STATEMENT ................................................................................................. 1

The Trustee has violated his statutory obligations  by concealing Madoff's and
BLMIS' trading records........................................................................................................... 1

The Trustee has conceded that all defendants are entitled to a trial based upon
all of the evidence .................................................................................................................. 3

ARGUMENT ............................................................................................................................. 6

SAREN-LAWRENCE AND THE NELSONS ARE ENTITLED TO
DISCOVERY OF THE MATERIAL INFORMATION THAT THE
TRUSTEE HAD AN OBLIGATION TO DISCLOSE TO THE COURT
AND ALL CUSTOMERS ...................................................................................................... 6

CONCLUSION........................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chen-Oster v. Goldman, Sachs & Co.*,
114 F. Supp.3d 110 (S.D.N.Y. 2015) .................................................................6, 7

*In re Initial Public Offering Securities Litigation*,
220 F.R.D. 30 (S.D.N.Y. 2003) ..........................................................................6, 7

*Levi Strauss & Co. v. Golden Trade, S.R.L.*,
No. 92 Civ. 1667 (JMC) 1992 WL 188338 (S.D.N.Y. July 27, 1992) ....................6

*In re Marsh & McLennan Companies Inc. Securities Litigation*,
No. 04 Cv. 8144 (SWK) 2008 WL 2941215 (S.D.N.Y. Jul. 30, 2008) ...................7

*Norflet v. John Hancock Fin. Servs., Inc.*,
No. 04 Cv. 1099 (JBA) 2007 WL 433332, (D. Conn. Feb. 5, 2007 .........................7

*Taylor v. Illinois*,
484 U.S. 400 (1988) ..............................................................................................4

**Statutes**

15 U.S.C. §§ 78*fff*-1(d)(3) ..............................................................................................1

**Other Authorities**

Fed. R. Civ. P. 16(b)(4) ...................................................................................................1

Fed. R. Civ. P. 26 ............................................................................................................7

Fed. R. Civ. P. 26(b)(1) ...................................................................................................7

Defendants Helene Saren-Lawrence, Carol Nelson, and Stanley Nelson ("Defendants") submit this reply memorandum of law in further support of their motion for entry of an order adjourning the trial dates in their cases *sine die*, pursuant to Fed. R. Civ. P. 16(b)(4), to allow them to take discovery of the material witnesses and documents disclosed by the Trustee for the first time on November 21, 2018.

## PRELIMINARY STATEMENT

### The Trustee has violated his statutory obligations
### by concealing Madoff's and BLMIS' trading records

Irrespective of these adversary proceedings, the Trustee has a statutory obligation to provide all information concerning Madoff's and BLMIS' trading activities because, under SIPA, a trustee has a duty to investigate the Debtor and to disclose to the entire creditor body the facts relating to the Debtor's fraud. *See* 15 U.S.C. §§ 78*fff*-1(d)(3) (a SIPA trustee shall "report to the court any facts ascertained by the Trustee with respect to fraud, misconduct, mismanagement, and irregularities" of the debtor). In dereliction of his statutory obligations, the Trustee has not only concealed the trading records but he has falsely represented to every Court before which he has appeared that Madoff/BLMIS never purchased any securities with investment advisory customers' money.

Moreover, as this Court has already recognized, Madoff's trading records are highly relevant to "significant" legal and factual issues in the Clawback Actions. (*See* March 15, 2017 Order, ECF No. 15236 at 2). When this Firm brought to the Court's attention that the Trustee had failed to produce all of the trading records, this Court reminded the Trustee's counsel, on June 29, 2017, that **there are "two orders directing you to turn over the documents*." (*See* accompanying Declaration of Helen Davis Chaitman dated December 14, 2018 ("Chaitman Dec."), **Ex. 1**: June 29, 2017 Tr. at 74:14-15, Ex. A) (emphasis added).

Indeed, on May 17, 2016, this Court directed the Trustee to put all trading records in the

E-Data Room:

> The Court: Well, if the Trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room . . .

**Chaitman Dec. Ex. 2**: May 17, 2016 Transcript, at 69:19-22; *see also id*. at 68:16-21).

On January 7, 2017, the Court again directed the Trustee to produce all trading records.

> To the extent there are any additional relevant records of securities trading that have not been made available . . . through Data Room 1, they must promptly be produced."

**Chaitman Dec. Ex. 3**: Jan. 7, 2017 Order, ECF No. 14807 at 3.

During a December 13, 2016 hearing, the Trustee represented that he would produce all

trading records.

> MR. JACOBS: "We will look for and have been looking for stuff – any additional stock trading records as to earlier period of time . . . to the extent we find them or restore them or can obtain them from DTCC or any other method, we will produce them to you and will put them in the data room. Absolutely.

**Chaitman Dec. Ex. 4**: December 13, 2016 Tr. at 145:23-146:5.

The Trustee made similar representations during a January 5, 2017 telephone conference

with Magistrate Judge Maas.

> MR JACOBS: "If it's a trading record, if it's a BLMIS trading record of securities having been traded, we will produce it.

**Chaitman Dec. Ex. 5**: Jan. 5, 2017 Tr. at 30:14-16.

Despite all of these orders and representations by the Trustee, he has still not produced all

of the trading records and he now claims that the E-Data Room 1 never purported to contain all

of the trading records. Rather, it simply contained the documents the Trustee intended to use.

*See generally* **Chaitman Dec. Ex. 6,** July 26, 2017 Tr.

### The Trustee has conceded that all defendants are
### entitled to a trial based upon all of the evidence

When it suited his own purposes, the Trustee conceded precisely what Defendants are arguing here: that all Clawback Defendants, including Saren-Lawrence and the Nelsons, should have access to a full evidentiary record with respect to the Fact-Intensive Defenses. The Trustee does not deny that the information he disclosed for the first time in his Amended Initial Disclosures is significant for all of the Fact-Intensive Defenses. Indeed, he has already conceded that this information is relevant to Saren-Lawrence and the Nelsons because he sought to include these Defendants within the scope of "a single, coordinated proceeding [to] address the Ponzi Issue and related discovery efficiently and consistently" across all of remaining actions. *See Motion and Supporting Memorandum of Law for an Order Establishing Omnibus Proceeding for the Purpose of Determining the Existence, Duration, and Scope of the Ponzi Scheme at BLMIS* ("Omnibus Motion"), at 13, filed in multiple Adversary Proceedings on February 23, 2018. (ECF # 17284). Moreover, the Trustee argued that this Court should permit the parties to "rectify any issues with scheduling in order to ensure that the Court is presented with full evidence to make determinations on the claims and defenses of the parties."

Indeed, the Trustee has already moved for leave to seek additional discovery that directly relates to the witnesses and issues he provided in his Amended Initial Disclosures. In his motion, filed in numerous adversary proceedings on September 21, 2018, the Trustee himself sought to depose six of the additional BLMIS employees: Annette Bongiorno, Daniel Bonaventre, Enrica Cotellessa-Pitz, Joanne "Jodi" Crupi, David Kugel and Joann Sala, and FBI Agent Keith Kelly or, alternatively, Theodore Cacioppi. All of these individuals were added in Defendants' Amended Initial Disclosures (Moving Br. Chaitman Dec. Exh. A at 3). The Trustee now admits that each of

these witnesses has knowledge that is relevant to the Fact-Intensive Defenses, in particular regarding whether or not Madoff and then BLMIS conducted a Ponzi scheme.

In his Motion for Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff, *Picard v. Defendants in Adversary Proceedings Listed on Exhibit A Attached Hereto*, filed on September 21, 2018, ECF No. 18015**,** the Trustee noted that Bongiorno, Bonventre, Crupi, Kugel and Sala all have knowledge regarding whether convertible arbitrage transactions set forth on customer statements actually occurred (ECF No. 18015 at 11-12), that Bongiorno, Bonventre, Cotellessa-Pitz and Crupi have knowledge of BLMIS operations and whether or not BLMIS executed customer-directed trades (ECF No. 18015 at 12-13), that Bonventre, Cotellessa-Pitz and Crupi have information about how Treasury bills were used at BLMIS (ECF No. 18015 at 15), and that Bongiorno, Bonventre, Cotellessa-Pitz, Crupi and Sala all have knowledge about the BLMIS computer systems and reports (ECF No. 18015 at 15). The Trustee has also stated that he will "place into E-Data Room 1 and produce to defendants the documents he may show these witnesses, to the extent that they are not already in E-Data Room 1." (ECF No. 18015 at 18).

Yet now the Trustee has forgotten the value of ensuring "that the Court is presented with full evidence to make determinations on the claims and defenses of the parties." Now the Trustee wants to force these Defendants to go to trial without the benefit of material the Trustee has deliberately concealed for the past ten years. This represents perhaps the most unseemly conduct of the Trustee to date: he is attempting to manipulate the process and this Court so as to assure a result which is inconsistent with the evidence. The Trustee's conduct threatens the very integrity of our judicial system. As the Supreme Court explained in *Taylor v. Illinois*, 484 U.S. 400, 409 (1988) *quoting United States v. Nixon*, 418 U.S. 683, 709 (1974):

[t]he need to develop all relevant facts in the adversary system is both fundamental and comprehensive. . . . The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence.

This discovery is all essential for Defendants in order to assure them a fair trial consistent with due process of law.  Obviously, the Trustee alone has custody of the documents relevant to the affirmative defenses asserted by these Defendants.  As we have demonstrated many times to this Court, the Trustee has concealed material evidence from the Court and misrepresented material facts concerning what the Trustee has produced and what he has not produced.  Thus, Defendants have no choice but to rely upon the Trustee to produce the documents germane to the Defendants' defenses.  Obviously, the Trustee has concealed material evidence because he is now listing massive documentation and numerous witnesses that he did not disclose in the last eight years.

The Trustee argues that the discovery demands that were served in the Clawback Actions did not apply in these three adversary proceedings.  (Trustee's Opp. at 4-6).  However, both Judge Maas and the Trustee (when it suited him to do so) have agreed that discovery rulings in one Clawback Action are applicable to all Clawback Actions, (*see* **Chaitman Dec. Ex. 7**, *Discovery Arbitrator's Order No. 3*, filed on April 20, 2017 in *Picard v. Trust U/Art Fourth O/W/O Israel Wilenetz, et al.*, Adv. Pro. No. 10-04995 (SMB) (ECF No. 15883)).  The evidence the Trustee has now disclosed is undoubtedly relevant to Defendants' defenses in these cases in the same way it is relevant in the other Clawback Actions.

## ARGUMENT

### SAREN-LAWRENCE AND THE NELSONS ARE ENTITLED TO DISCOVERY OF THE MATERIAL INFORMATION THAT THE TRUSTEE HAD AN OBLIGATION TO DISCLOSE TO THE COURT AND ALL CUSTOMERS

As the court held in *Levi Strauss & Co. v. Golden Trade, S.R.L.,* No. 92 Civ. 1667 (JMC) 1992 WL 188338 (S.D.N.Y. July 27, 1992), discovery should be reopened in an action where there are related actions where discovery is still open. This result is compelled here because the Trustee concealed material evidence and affirmatively misrepresented the facts in his Initial Disclosures in the Nelson and Saren-Lawrence cases. While the Trustee denies that he had an obligation to disclose this information in his initial disclosures, his wording of his initial disclosures deliberately sought to deceive the Defendants. The Trustee did not identify only witnesses or information that he "may rely on." On the contrary, in his initial disclosures in the Saren-Lawrence matter, for example, the Trustee identified three individuals and stated that:

> [t]he following persons were employed at various times by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS. **Be advised that the Trustee does not expect to rely on former BLMIS executives or employees at trial.**

Moving Br., Chaitman Dec. Exh. A; emphasis added.

Thus, obviously, the Trustee has completely changed his trial strategy with respect to the Fact-Intensive Issues. Having done so, all Defendants are entitled to discovery concerning these additional witnesses and the additional documents the Trustee is now disclosing for the first time.

In support of his argument that he has met his obligations regarding initial disclosures, the Trustee only cites cases that hold that a party is not required to "produce a roster of the entire firm as part of its initial disclosure" *Chen-Oster v. Goldman, Sachs & Co.,* 114 F. Supp.3d 110, 129 (S.D.N.Y. 2015), or "disclose identities of individuals if they have 'no intention of using that information—at trial or any other stage of the proceeding—to support [their] claims.'" *In re Initial*

*Public Offering Securities Litigation*, 220 F.R.D. 30, 33 (S.D.N.Y. 2003). Yet, these cases are not only factually inapposite; they arose in an entirely different posture: *Chen-Oster* was a 'Daubert motion' seeking to exclude expert testimony as part of a class certification motion, and *Initial Public Offering* was a motion to compel the plaintiffs to identify every purchaser allegedly required to make aftermarket purchases of shares following an IPO (which the court ultimately required the plaintiffs to do pursuant to interrogatories under Rule 26(b)(1)).

Here, on the other hand, Defendants are simply seeking to take discovery of witnesses and documents that clearly go to the Fact-Intensive Defenses that the Trustee chose to conceal until the eve of their trials. In *In re Marsh & McLennan Companies Inc. Securities Litigation*, No. 04 Cv. 8144 (SWK) 2008 WL 2941215 (S.D.N.Y. Jul. 30, 2008), the court held that a party cannot avoid disclosing the identity of witnesses by contending, as the Trustee does here, that the witness need not be identified in initial disclosures because that party does not intend to rely on them. The witness' identity nonetheless must be disclosed under Rule 26. "[U]nder Rule 26(b)(1), the fact that plaintiff does not intend to call [undisclosed] witnesses at trial is irrelevant," for "[a] literal reading of the Rule requires the disclosure of the identities of all individuals who have knowledge of any discoverable matter, whether or not the individual will be called as a witness." *Id., quoting Norflet v. John Hancock Fin. Servs., Inc.,* No. 04 Cv. 1099 (JBA) 2007 WL 433332, at *2 (D. Conn. Feb. 5, 2007).

In their moving papers, Defendants demonstrated that they asked for this newly-disclosed evidence in the discovery demands served in the Clawback Actions as a whole (Moving Br. at 5-8) and that the Trustee disclosed none of the information he has now inserted in the Amended Initial Disclosures. The Trustee's only response is that the discovery demands in question are not "applicable to these three adversary proceedings." Trustee's Opp. at 4. The Trustee claims, in a

footnote, that Ms. Chaitman conceded that the March 8, 2016 discovery requests were not served timely. This is incorrect. Ms. Chaitman simply acknowledged that these three cases are "trial ready." However, she did so based on the assumption that the Trustee had fulfilled his statutory and discovery obligations. Where the Trustee was compelled to produce further discovery, that discovery was applicable to all of the Clawback Cases defended by Chaitman LLP, as Magistrate Judge Maas held when he ruled that all of his rulings regarding discovery on any matter "apply generally to all of the Madoff-related adversary proceedings in which Chaitman LLP serves as defense counsel." *See* **Chaitman Dec. Ex. 7.,** *Discovery Arbitrator's Order No. 3*. And as this Court has already held: "[w]hatever is decided in Willenitz [*sic*], unless there is something I'm missing, will apply in every case anyway." *See* Tr. in, *inter alia, Picard v. James B. Pinto Revocable Trust*, Adv. Pro. No. 10-04538 (SMB) dated Sept. 28, 2016 at 21:4-6 (**Chaitman Dec. Ex. 8**.)

Indeed, in asking this Court to apply a discovery order entered in the Saren-Lawrence case to all of Chaitman LLP's cases, the Trustee himself submitted a letter to this Court in which he endorsed Judge Maas' ruling and agreed that his discovery rulings should be adopted in all cases. *See* Letter from Edward J. Jacobs of Baker Hostettler dated May 25, 2017, *In re Bernard L. Madoff*, Adv. Pro. No. 08-01789, ECF No. 16079 (**Chaitman Dec. Ex. 9**). At oral argument on the motion, the Trustee "agree[d] that they should [be applicable in all cases]." *See* Hearing Transcript in, *inter alia, Picard v. Saren-Lawrence*, Adv. Pro. No. 10-04894, dated May 31, 2017, at 35:16. (**Chaitman Dec. Ex. 10.**). And this concession was incorporated into an order of this Court. *Order Implementing the Court's May 31, 2017 and June 29, 2017 Bench Rulings on Multiple Discovery Disputes,* filed in *In re Bernard L. Madoff*, Adv. Pro. No. 08-01789 (SMB), and specifically

captioned *Picard v. Defendants Represented by Chaitman LLP*, ECF. No. 16459 (**Chaitman Dec. Ex. 11.**)

As such, it is the law of this case that all of the defendants represented by Chaitman LLP are entitled to all discovery. Thus, this Court should grant Defendants' motion in its entirety, and should adjourn their trial dates *sine die*.

## CONCLUSION

Saren-Lawrence and the Nelsons are entitled to an adjournment of their trials *sine die* so that they have the opportunity to take discovery with respect to the 19 newly-disclosed witnesses and with respect to the massive volume of newly-disclosed documents in the Trustee's possession. This is not a case where the Trustee should be permitted to play fast and loose with his discovery obligations and, thereby, wrongfully obtain judgments against the Defendants.

Dated:    New York, New York
          December 14, 2018

CHAITMAN LLP

By:   */s/ Helen Davis Chaitman*
      Helen Davis Chaitman
      Gregory M. Dexter
      hchaitman@chaitmanllp.com
      gdexter@chaitmanllp.com
      465 Park Avenue
      New York, New York 10022
      Phone & Fax: 888-759-1114

      *Attorneys for Helene Saren-Lawrence, Carol Nelson and Stanley Nelson*