EXHIBIT 2



Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 08-99000-smb

4    - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    ADMINISTRATIVE CASE RE: 08-01789 (SECURITIES INVEST-

8    ADVERSARY PROCEEDING),

9

10           Debtor.

11    - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13    Adv. Case No. 10-04995-smb

14    - - - - - - - - - - - - - - - - - - - - - - - - - x

15    IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

16    MADOFF INVESTMENT SECURITIES LLC,

17                    Plaintiff,

18           v.

19    TRUST u/art FOURTH o/w/o ISRAEL WILENITZ,

20                    Defendants.

21    - - - - - - - - - - - - - - - - - - - - - - - - - x

22

23

24

25



Page 2

1    Adv. Case No. 10-05184-smb

2    - - - - - - - - - - - - - - - - - - - - - - - - - - x

3    IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

4    MADOFF INVESTMENT SECURITIES LLC,

5                    Plaintiff,

6            v.

7    LAURA ANN SMITH REVOCABLE LIVING TRUST et al,

8                    Defendants.

9    - - - - - - - - - - - - - - - - - - - - - - - - - - x

10

11    Adv. Case No. 10-04352-smb

12    - - - - - - - - - - - - - - - - - - - - - - - - - - x

13    IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14    MADOFF INVESTMENT SECURITIES LLC,

15                    Plaintiff,

16            v.

17    RAR ENTREPRENEURIAL FUND. LTD. et al.,

18                    Defendants.

19    - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

Page 3

1              U.S. Bankruptcy Court

2              One Bowling Green

3              New York, NY  10004

4

5              May 17, 2016

6              10:51 AM

7

8

9    B E F O R E :

10   HON STUART M. BERNSTEIN

11   U.S. BANKRUPTCY JUDGE

12

13

14

15   Hearing re:  10-04995-smb, 10-05184-smb, 10-04352-smb The

16   Trustee's Request For Leave To File A Motion For a

17   Protective Order in Wilentiz.

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 4

1    A P P E A R A N C E S :

2

3    WINDELS MARX LANE & MITTENDORF, LLP

4         Special Counsel to Irving H. Picard, as Trustee

5         156 West 56th Street

6         New York, NY 10019

7

8    BY:  KIM M. LONGO

9         JOHN J. TEPEDINO

10

11   BAKER HOSTETLER

12        Attorney for the Trustee

13        45 Rockefeller Plaza

14        New York, NY 10111

15

16   BY:  EDWARD J. JACOBS

17        NICHOLAS J. CREMONA

18

19   CHAITMAN LLP

20        Attorney for Defendants

21        465 Park Avenue

22        New York, NY 10022

23

24   BY:  HELEN DAVIS CHAITMAN, ESQ.

25

Page 5

1    ALSO PRESENT TELEPHONICALLY:

2    KEVIN H. BELL

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 68

1    BLMIS bought 100 shares of IBM and 50 shares show up on

2    Wilenitz.

3            MR. JACOBS:  Right.

4            THE COURT:  Who's to say he didn't actually own

5    that stock?

6            MR. JACOBS:  I would love to be able to --

7            THE COURT:  Which I guess would be relevant to his

8    net equity claim or his claim in the SIRA case.

9            MR. JACOBS:  I wish I could give you a

10   satisfactory answer but in the time that we have today, I

11   can't replicate the report of our expert, which, in

12   painstaking detail goes through all of the reasons why we

13   believe there was never a security traded in connection with

14   the fraudulent Ponzi scheme being operated and the IA

15   business.

16           THE COURT:  So, how does she test that conclusion?

17           MR. JACOBS:  She tests that conclusion the same

18   way our expert does, by examining the underlying records.

19   All of those records again have been made available to Ms.

20   Chaitman.  They're in the data room.  Those other records

21   are expert reports.

22           THE COURT:  Maybe that's the answer.  If there are

23   records -- because they do have the DTC records, at least

24   from the period when Wilenitz was investing.  If the records

25   show that BLMIS actually owned something, and the same stock

Page 69

1    shows up in Wilenitz's account statement, you can make the

2    argument that he actually owned that stock.  But you can do

3    that (indiscernible) and the information has been made

4    available to you.

5         And the sense I'm getting -- and I understand that

6    it's a lot of work -- is you want the Trustee to do this for

7    you, but you're going to have to do this yourself if this

8    stuff is available.

9         MS. CHAITMAN:  You know, Judge, with 4 million

10   pages of documents, the least the Trustee could do is

11   specify the specific Bates Numbers.  Because I don't want to

12   be in a position where we go to trial...  I mean, for all I

13   know, the data room is updated constantly and new documents

14   are added.  How am I going to prove at trial that certain

15   documents were not made available to me?  I mean, it's

16   impossible.  Why can't the Trustee be bound to tell me these

17   are the documents responsive to this request?

18        THE COURT:  But that doesn't solve your problem...

19   Well, if the Trustee has additional documents, he's got to

20   supplement the disclosure or the production, which he does

21   by adding them to the data room, and maybe you have a

22   continuing duty to check the data room.

23        But part of the problem is you've thrown such a

24   broad net over what you're looking for, instead of the

25   specific documents relevant -- that I think seem to be

```
 1                    C E R T I F I C A T I O N

 2

 3     I, Sonya Ledanski Hyde, certified that the foregoing

 4     transcript is a true and accurate record of the proceedings.

 5

 6

 7

 8     Sonya Ledanski Hyde

 9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  May 19, 2016
```