# EXHIBIT 9

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

May 25, 2017

Edward J. Jacobs
direct dial: 212.589.4674
ejacobs@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:     *In re: Bernard L. Madoff*, Adv. Pro. No. 08-01789

Dear Judge Bernstein:

We write to supplement our April 5, 2017, letter (ECF No. 15667) seeking the Court's adoption of several discovery-related arbitration decisions from Judge Maas across all Chaitman LLP cases where substantially the same discovery disputes still exist.

Our initial letter focused on rulings compelling several Chaitman LLP defendants to comply with their discovery obligations.  Because Ms. Chaitman unfortunately continues to ignore the record and make baseless accusations concerning the Trustee's discovery conduct, most recently in her May 15, 2017 letter (ECF No. 16006), we would like to also bring to the Court's attention two additional rulings from Judge Maas that explicitly put those allegations to rest.  We request that the Court adopt these additional rulings from the *Wilenitz* case,[1] and note that Judge Maas expressly stated his view that his ruling should "apply generally to all of the Madoff-related adversary proceedings in which Chaitman LLP serves as defense counsel."  (ECF No. 88 at 2.)  We also request that the Court adopt two defendant-specific rulings in *Picard v. Di Giulian*, Adv. Pro. No. 10-04728 (SMB) and *Picard v. Edyne Gordon*, Adv. Pro. No. 10-04914 (SMB).[2]

In *Picard v. Di Giulian*, Adv. Pro. No. 10-04728 (SMB), Judge Maas recently sanctioned Ms. Chaitman's discovery misconduct by precluding the use of evidence that he found was

---

[1] The orders are ECF Nos 81 and 88 in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995 (SMB).  Judge Maas's original order on this issue is ECF No. 76.
[2] The orders are ECF Nos. 15982 and 15983.

May 25, 2017
Page 2

produced in an untimely fashion.[3]  The Trustee finds it particularly egregious that, notwithstanding the fact that the Court-appointed arbitrator is simultaneously sanctioning her for her own discovery misconduct, Ms. Chaitman has requested that this Court reopen fact discovery in numerous cases and reset her case management order deadlines.  Judge Maas also clarified, in the context of *Di Giulian*, and *Gordon*, that Defendants are not entitled to the benefit of streamlined discovery unless they agree to all aspects specified in the order.  Moreover, Judge Maas's orders clarify that entering into a stipulation as described in Paragraph A.2 of ECF No. 14820 does not obviate the need for all discovery, including depositions of defendants.

With respect to the *Wilenitz* rulings, a brief summary of the long history of the litigation of these issues, both in this Court and before Judge Maas, is illustrative.  The Trustee made available and produced third-party records from the Depository Trust Clearing Corporation reflecting that the verifiable trading activity at BLMIS was not the trades reflected in the BLMIS Investment Advisory's customer statements.  Despite this, Ms. Chaitman requested, and then disingenuously moved to compel the production of "trading records" at BLMIS prior to 2002.

In response, since December of 2016, the Trustee has made several additional productions of documents, and taken the following additional measures:  (i) spent more than $500,000 to voluntarily restore and produce documents contained on 201 reels of previously unrestored microfilm that the Trustee believed could possibly contain records from the pre-1992 time period; (ii) created and applied a comprehensive list of 118 distinct search terms to run across the approximately 30 million scanned hard-copy and electronic documents in the BLMIS Database, and produced <u>all</u> documents retrieved by these search terms to Ms. Chaitman; and (iii) produced to Ms. Chaitman a searchable index of all hard copy BLMIS documents contained in more than 13,000 boxes and a separate searchable index of electronic media obtained from BLMIS.  Judge Maas's order specifically described these indices as tools which "should enable Ms. Chaitman to formulate more focused requests for trading records."  (ECF No. 81 at 6.)  Critically, all of these productions exceeded any of the Trustee's obligations under Judge Maas's relevant orders, which only required that the Trustee produce additional third-party records reflecting legitimate trading activity at BLMIS, similar to those records the Trustee has long made available in E-Data Room 1.

In light of the Trustee's efforts, Judge Maas denied Ms. Chaitman's motion to compel and required that Ms. Chaitman "send the Trustee's counsel a letter specifically identifying the additional documents she seeks to have produced, and where she believes they may be found" and conduct an actual in-person meet and confer before she would be entitled to pursue any additional relief from the arbitrator. (ECF No. 81 at 6.)  Unsurprisingly, Ms. Chaitman has neither reviewed the index nor attempted to assert a justifiable basis for requiring the Trustee to produce any additional discovery.

The Trustee's substantial document search and productions to Ms. Chaitman have confirmed that there are no documents to produce that would evidence that the trading activity

---

[3] A copy of the transcript from the May 10, 2017 arbitration in front of Judge Maas is attached hereto as Exhibit A and the relevant order is ECF No. 15982.

May 25, 2017
Page 3

reflecting in BLMIS's Investment Advisory ("IA") customer statements actually occurred. As we have maintained all along—and as Madoff affirmed in his FD-302 form we submitted to the Court on May 23, 2017 (ECF No. 16046)—BLMIS's IA business never conducted any real trades.

Judge Maas's rulings stemming from the December 13, 2016 in-person arbitration confirm that the Trustee's good faith efforts to find and make available the requested trading records were sufficient and complied with both his orders and the applicable rules, and denied further relief. (*See* ECF No. 88.) It built upon his earlier order, which sustained the vast majority of the Trustee's objections to Ms. Chaitman's discovery requests seeking purported "trading records" in the Trustee's possession. (*See* ECF No. 81.)

Instead, although this issue has been fully briefed, argued, and decided by Judge Maas through multiple orders, Chaitman LLP is improperly attempting to re-litigate this issue, even though the baseless allegations have already been rejected. Most egregiously, Ms. Chaitman now seeks an order precluding the Trustee from using any documents at trial not already produced, without any actual justification or basis for such relief. This nonsense should be rejected without equivocation in light of the well-documented record discussed above and further attempts at re-litigation should be foreclosed by the Court's adoption and implementation of Judge Maas's orders on this issue.

For the reasons set forth in the Trustee's April 5, 2017 Letter and above, the Trustee supplements his letter dated April 5, 2017 and requests that the Court adopt all of Judge Maas's discovery orders in full, applying them to all similarly situated adversary proceedings, and any procedural requirements of such application.

Respectfully submitted,

*/s/ Edward J. Jacobs*

Edward J. Jacobs

Enclosures

cc:  Hon. Frank Maas (fmaas@jamsadr.com)
    Helen Davis Chaitman (hchaitman@chaitmanllp.com)
    Gregory Dexter (gdexter@chaitmanllp.com)