# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

December 21, 2018

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, NY 10020-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Carol Nelson et al.* Adv. Pro. No. 10-04377 (SMB)
       *Picard v. Carol Nelson*, Adv. Pro. No. 10-04658 (SMB)
       *Picard v. Helene Saren-Lawrence*, Adv. Pro No. 10-04898 (SMB)

Dear Judge Bernstein:

We write to clarify certain issues addressed at the December 19, 2018 hearing on Defendants' Motion to Adjourn Trial Dates in the above-referenced adversary proceedings.

Defendants have never served any discovery in these adversary proceedings. On March 8, 2016, Ms. Chaitman served case-specific discovery requests in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, and on June 21, 2016, Ms. Chaitman attempted to serve an "omnibus" set of discovery requests that did not list these three adversary proceedings in the accompanying appendix. *See* Exhibit A. Moreover, in the *Saren-Lawrence* case, fact discovery closed on March 7, 2016; in the two *Carol Nelson* cases, fact discovery closed on March 14, 2016. Accordingly, neither set of discovery requests was ever served in these cases, and even if Ms. Chaitman could credibly assert that she attempted to do so (which she cannot), they would nevertheless be untimely.

The Trustee has consistently maintained this position by objecting to Ms. Chaitman's efforts to deem her requests served in cases in which the fact discovery period had already closed. In his August 2016 responses to Ms. Chaitman's June 21, 2016 requests, the Trustee objected to each request "to the extent fact discovery has closed and/or the Request is otherwise

December 21, 2018
Page 2

untimely pursuant to the operative case management order in any of the applicable Adversary Proceedings." *See* Exhibit B. In his subsequent responses to Defendants' Third Set of Requests for Production, which stemmed directly from a meet and confer held by the parties on Ms. Chaitman's request for "trading records," the Trustee stated:

> The Requests purport to be served on behalf of all defendants represented by Chaitman LLP. However, fact discovery is closed in three cases in which defendants have filed a motion to withdraw the reference currently pending before the district court (Adv. Pro. Nos. **10-04377**, **10-04658**, and **10-04898**). The Trustee therefore objects to these Requests to the extent they purport to be served in connection with those cases, and these Responses should not be deemed to be served in connection with those cases.

Exhibit C, at 2 n. 1 (emphasis added).

Ms. Chaitman's further assertions at the December 19, 2018 hearing that every order entered by Judge Maas applies to each adversary proceeding in which Ms. Chaitman serves as defense counsel is false. On July 26, 2017, this Court entered an order adopting and applying *specific* provisions of *certain* orders entered by Judge Maas to all Chaitman LLP cases. *See* Exhibit 11 to the Declaration of Helen Davis Chaitman ("Chaitman Declaration"), *Picard v. Carol Nelson*, Adv. Pro. No. 10-04377, ECF No. 119-11 (the "July 26 Order"). That Order resulted from the Trustee's application to deem those specific provisions (which were entered in connection with motions to compel filed by the Trustee, not Ms. Chaitman) applicable to other Chaitman LLP cases in which the Trustee had served virtually identical discovery. But the July 26 Order does not reference any of Judge Maas's orders on the *Wilenitz* "trading records" dispute and therefore does not adopt and apply any of those orders to all of Ms. Chaitman's adversary proceedings.

Nor did Judge Maas ever contemplate that his orders would apply in all Chaitman LLP adversary proceedings irrespective of procedural posture. In his first *Wilenitz* order on the "trading records" dispute, Judge Maas directed the parties to "endeavor, *insofar as possible*, to apply [his] rulings regarding discovery issues in [that] proceeding to other *comparable* adversary proceedings . . ." *See* Chaitman Declaration, Exhibit 3 (emphasis added). While the Trustee agrees that the vast majority of Ms. Chaitman's cases are governed by Judge Maas's orders, these trial-ready cases are not (and never have been) "comparable" because the fact discovery period in each case was closed when Ms. Chaitman served the "omnibus" June 21, 2016 discovery requests upon which she would later base her motion to compel before Judge Maas.

The record is clear that these Defendants have never served timely discovery requests and are therefore not parties to the *Wilenitz* "trading records" dispute currently pending before Judge Maas. In short, Defendants that have not served timely discovery requests cannot be parties to a discovery arbitration. Accordingly, none of Judge Maas's orders in the *Wilenitz* "trading records" dispute are applicable to these cases. And given that none of the Trustee's amended initial disclosures served in other adversary proceedings have any bearing on these trial-ready cases, the Trustee respectfully requests that the Court deny Defendants' motion.

December 21, 2018
Page 3

Sincerely,

*/s/ Dean D. Hunt*

Dean D. Hunt
Partner

Cc: Helen Davis Chaitman, Esq.