# **Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>DEFENDANTS REPRESENTED BY CHAITMAN LLP,<br><br>       Defendants. | Adv. Pro. Nos. (various cases) |

**TRUSTEE IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE TRUSTEE**

   Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections

("Responses") to the Third Set of Requests for Production of Documents to the Trustee ("Requests") served by certain Defendants represented by Chaitman LLP ("Defendants").[1]

## OBJECTION TO DEFINITIONS

1. The Trustee objects to the term "Document" in Definition 3 as inconsistent with Local Rule 26.3(c)(2) of the United States District Court for the Southern District of New York and this Court. The Trustee will respond to Requests containing "Document" as it is defined by Local Rules 26.3(c)(2) and Fed. R. Civ. P. 34(a)(1).

2. The Trustee objects to the terms "and" and "or" in Definition 9 as inconsistent with Local Rule 26.3(d) of the United States District Court for the Southern District of New York and this Court. The Trustee will respond to Requests containing these terms as they are defined by Local Rule 26.3(d).

## OBJECTION TO INSTRUCTIONS

1. The Trustee will respond to these Requests consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of the Court, including the Court's June 6, 2011 Litigation Protective Order [ECF No. 4137].

## SOURCES OF INFORMATION RELEVANT TO THE CLAIMS OR DOCUMENTS IN THE TRUSTEE'S POSSESSION, CUSTODY OR CONTROL

---

[1] The Requests purport to be served on behalf of all defendants represented by Chaitman LLP. However, fact discovery is closed in three cases in which defendants have filed a motion to withdraw the reference currently pending before the district court (Adv. Pro. Nos. 10-04377, 10-04658, and 10-04898). The Trustee therefore objects to these Requests to the extent they purport to be served in connection with those cases, and these Responses should not be deemed to be served in connection with those cases. In addition, Baker & Hostetler LLP is not counsel to the Trustee in all adversary proceedings in which Chaitman LLP is counsel of record. As such, the Trustee serves these Responses only with respect to those cases in which Baker & Hostetler LLP is counsel to the Trustee.

2

1. Hard-copy documents from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("Hard-Copy BLMIS Documents").

2. Electronic documents obtained from among approximately 20,000 pieces of media from the offices of BLMIS, offsite storage used by BLMIS, and other locations ("BLMIS Electronic Documents" or "BLMIS ESI").

3. Documents produced by third parties to the Trustee during his investigation or adversary proceedings ("Third-Party Documents").

## I. BLMIS DOCUMENTS

From the Hard-Copy BLMIS Documents and BLMIS ESI (collectively, "BLMIS Documents"), the Trustee created a searchable electronic database containing approximately 4.7 million Hard-Copy BLMIS Documents and 25 million BLMIS Electronic Documents ("the **BLMIS Searchable Database**"). Defendants do not have direct access to the BLMIS Searchable Database because it contains documents relating to thousands of customers, many of which are not relevant to this proceeding. Instead, the Trustee provides all Defendants in these proceedings with documents as described below:

A. **Proof of BLMIS's Fraud and Insolvency:** The Trustee created E-Data Room 1 from documents in the BLMIS Searchable Database as well as some Third-Party Documents. E-Data Room 1 contains documents relevant to the issues of the fraud conducted at BLMIS and its insolvency, and includes documents relating to BLMIS operations, regulatory disclosures, and financial records. *See* **Appendix A** for a description of documents available to Defendants in E-Data Room 1.

B. **BLMIS Core Account Documents:** The Trustee identified and segregated BLMIS core account documents for all customers ("Core Account Documents"). These Core

3

Account Documents include account opening agreements, correspondence to and from BLMIS, transfer and/or redemption requests, customer statements, Portfolio Management and/or Portfolio Management Transaction Reports, which contain transaction history, and other documents that were specific to each account, and/or the Trustee's calculation of net equity of a particular BLMIS account.

   C. **Proof of Transfers:** In addition to the Core Account Documents relevant to transfers described above, the Trustee identified and segregated BLMIS bank account records that reflect transfers to customers ("Bank Transfer Documents"). Collectively, the Core Account Documents and the Bank Transfer Documents represent the documents produced to the Defendants by the Trustee with his initial disclosures (the "Initial Disclosure Documents").

   D. **Other Documents:** The Trustee preserved the nearly 20,000 pieces of BLMIS ESI and millions of pages of BLMIS Hard-Copy Documents in his possession, but did not include all such documents in the BLMIS Searchable Database. The Trustee did not process or scan, for example, backup tapes believed to contain redundant data, some floppy disks or CDs, and broken media. In responding to discovery requests, the Trustee typically does not search for BLMIS documents outside of the BLMIS Searchable Database. The Trustee will produce additional BLMIS Documents (meaning other than those described in Paragraphs A and B) from the BLMIS Searchable Database provided that the parties agree to narrowly tailored case-specific search terms and parameters that target documents relevant to the claims or defenses and proportional to the needs of the case in accordance with Federal Rule 26(b)(1). *See* **Appendix B** for a description of sources of documents in the BLMIS Searchable Database.

## II.    THE SQL DATABASES

Information contained in certain BLMIS Hard-Copy Documents, BLMIS ESI, and certain Third-Party Documents was processed and input into multiple Microsoft Structured Query Language ("SQL") Server tables and databases (the "SQL Databases"). To the extent feasible, the underlying documents used to build the SQL Databases are contained in E-Data Room 1. Some or all of the data in the SQL Databases is responsive to most of the Interrogatories. SQL Databases are used by the Trustee's experts and are available for production to any Defendant upon request. Use of the SQL Databases requires some technical expertise. *See* **Appendix C** for the sources of data loaded into the SQL Databases.

## THE TRUSTEE'S OBJECTIONS

1.    **Documents Not Proportional to the Needs of the Case:** The BLMIS Searchable Database may contain documents that are responsive to the Requests but which are redundant, cumulative, or marginally relevant. The Trustee objects to the production of these Documents to the extent that such production is not proportional to the needs of the case under Federal Rule 26(b)(1) ("Documents Not Proportional to the Needs of the Case").

2.    **Documents Outside the Scope of Relevance:** The Trustee objects to the production of any documents outside the scope of relevance articulated in Federal Rule 26 and Section 4(G) of the Litigation Procedures Order ("Documents Outside the Scope of Relevance").

3.    **Third-Party Documents Designated Confidential**: The Trustee objects to the production of any Third-Party Documents designated confidential pursuant to the June 6, 2011 Litigation Protective Order ("LPO"). *See* ECF No. 4137. To the extent the Trustee identifies any responsive Third-Party Documents designated confidential, the Trustee will notice the producing party pursuant to paragraph 12 of the LPO. The Trustee will not produce any responsive

documents over which the producing party maintains any confidentiality objections.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All records evidencing securities trades placed by or on behalf of Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC ("BLMIS"), or on behalf of customers of Bernard L. Madoff or BLMIS, with or by third parties, regardless of whether the records evidence "House 5" or "House 17" trading. These records would include, for example, transaction confirmation slips or monthly or quarterly statements from JPMorgan Chase, Bear Sterns, Fidelity, and any other third-party financial institutions.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it calls for Documents Not Proportional to the Needs of the Case (Objection No. 1). Defendants' request for "all records evidencing securities trades placed by or on behalf of Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC" potentially implicates millions of documents in the Trustee's possession, custody, or control—many of which are redundant, cumulative, or marginally relevant.

The Trustee further objects to this Request on the grounds that it calls for Documents Outside the Scope of Relevance (Objection No. 2). "All records evidencing securities trades"

placed by or on behalf of BLMIS or Madoff includes documents that are not relevant to the claims and defenses in these adversary proceedings.

The Trustee further objects to this Request to the extent that it calls for Third-Party Documents Designated Confidential (Objection No. 3). The Trustee will treat all records designated confidential in accordance with the LPO.

Documents responsive to this Request are already available in the "FINANCIALS" folder of E-Data Room 1, which contains certain Third-Party Documents organized by financial institution. Consistent with the agreements reached with opposing counsel at the November 14, 2017 meet and confer, the Trustee will search for and review additional potentially responsive records from the universe of Third-Party Documents. To the extent the Trustee identifies any additional responsive records that are not already in E-Data Room 1 or otherwise already available to Defendants, the Trustee will produce such records on a rolling basis within four to six weeks, subject to any confidentiality objections maintained by any third party.

**REQUEST NO. 2:**

All account opening documents and modifications thereof relating to the account in the name of Bernard L. Madoff or BLMIS with account number ending in "509" at JPMorgan Chase.

**RESPONSE**:

The Trustee objects to this Request on the grounds that it calls for Documents Outside the Scope of Relevance (Objection No. 2).

The Trustee further objects to this Request to the extent that it calls for Third-Party Documents Designated Confidential (Objection No. 3). The Trustee will treat all records designated confidential in accordance with the LPO.

7

The Trustee further objects to the phrase "modifications thereof" as vague and ambiguous. The Trustee will interpret this Request as seeking account-opening documents for the BLMIS account number ending in "509" held at JPMorgan Chase.

Consistent with the agreements reached with opposing counsel at the November 14, 2017 meet and confer, the Trustee will search for and review additional potentially responsive records among the Third-Party Documents. To the extent the Trustee identifies any responsive records, the Trustee will produce them on a rolling basis within four to six weeks, subject to any confidentiality objections maintained by any third party.

**REQUEST NO. 3:**

All monthly statements from third-party financial institutions relating to securities held in custody on behalf of Bernard L. Madoff, BLMIS, or customers of Bernard L. Madoff or BLMIS.

**RESPONSE:**

The Trustee objects to this Request to the extent that it calls for Third-Party Documents Designated Confidential (Objection No. 3). The Trustee will treat all records designated confidential in accordance with the LPO.

Documents responsive to this Request are available in the "FINANCIALS" folder of E-Data Room 1, which contains certain Third-Party Documents organized by financial institution. Consistent with the agreements reached with opposing counsel at the November 14, 2017 meet and confer, the Trustee will search for and review additional potentially responsive records from the universe of Third-Party Documents. To the extent the Trustee identifies any additional responsive records that are not already in E-Data Room 1 or otherwise already available to

Defendants, the Trustee will produce such records on a rolling basis within four to six weeks, subject to any confidentiality objections maintained by any third party.

|  |  |
|---|---|
| Dated:  December 21, 2017<br>New York, New York | **BAKER & HOSTETLER LLP**<br><br>By:   /s/ David J. Sheehan<br>David J. Sheehan<br>Email:  dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email:  ncremona@bakerlaw.com<br>Maximillian S. Shifrin<br>Email:  mshifrin@bakerlaw.com<br>**BAKER & HOSTETLER LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: 212.589.4200<br>Fax: 212.589.4201<br><br>*Attorneys for Irving H. Picard,*<br>*Trustee for the Substantively*<br>*Consolidated SIPA Liquidation of*<br>*Bernard L. Madoff Investment Securities*<br>*LLC and the Estate of Bernard L. Madoff* |

9

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 21st day of December, 2017 by electronic and first class mail upon the following:

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, NY 10022
Email: hchaitman@chaitmanllp.com

      /s/   Maximillian S. Shifrin_____
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*