**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | (Substantively Consolidated) |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04390 (SMB) |
| Plaintiff, | |
| v. | |
| BAM L.P., MICHAEL MANN, and MERYL MANN, | |
| Defendants. | |

## TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Chapter 7 Estate of Bernard L.*
*Madoff*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................1

BACKGROUND ........................................................................................................2

    A.    Claims Litigation ..................................................................................2

    B.    This Adversary Proceeding....................................................................4

ARGUMENT.............................................................................................................7

I.     Summary Judgment Should Be Granted Because No Material Facts Are In Dispute........7

    A.    Legal Standard ....................................................................................7

    B.    The Trustee Is Entitled to Summary Judgment Avoiding the Two-Year
          Transfers of Fictitious Profits Made by BLMIS to Defendants...........................8

          1.    BLMIS Made Every Two-Year Transfer with Actual Fraudulent
                Intent and in Furtherance of the Fraud.........................................9

                a.    BLMIS Was a Ponzi Scheme........................................10

                b.    BLMIS's Two-Year Transfers to the Manns Were in
                    Furtherance of the Fraud..............................................12

                c.    Defendants Have Not Presented Any Countervailing Evidence....13

          2.    BLMIS Made the Transfers to Defendants Within the Two-Year
                Period ..................................................................................13

           3.    As a Matter of Law, Defendants Could Not Have Given Value for
                Fictitious Profits......................................................................14

          4.    Defendants' Other Defenses Can Be Determined as a Matter of Law ......15

          5.    The Fictitious Profits are Recoverable Under Section 550 of the
                Bankruptcy Code and SIPA Section 78fff-2(c)(3)....................................17

II.    *Res Judicata* Bars Defendants From Raising Factual Issues that Have Already Been
     Determined..............................................................................................18

III.   Defendants Cannot Raise Any Material Disputed Facts Through Their Defenses ..........21

          1.    Ponzi Scheme........................................................................21

2.      Securities Traded and Last Statement.........................................................21

3.      Antecedent Debt..........................................................................................22

IV.    If Necessary, This Court Can Issue Proposed Findings to the District Court...................22

CONCLUSION...............................................................................................................24

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Agric. Research & Tech. Grp.*,
    916 F.2d 528 (9th Cir. 1990) .................................................................................9

*In re Arcapita Bank B.S.C.(c)*,
    520 B.R. 15 (Bankr. S.D.N.Y. 2014) ....................................................................19

*Armstrong v. Collins*,
    2010 WL 1141158 (S.D.N.Y. Mar. 24, 2010) .......................................................11

*Bayou Accredited Fund, LLC v. Redwood Growth Partners L.P. (In re Bayou
    Grp., LLC)*,
    396 B.R. 810 (Bankr. S.D.N.Y. 2008), *rev'd in part on other grounds*, 439
    B.R. 284 (S.D.N.Y. 2010) ........................................................................11, 12, 13

*In re Bayou Grp., LLC*,
    439 B.R. 284 (S.D.N.Y. 2010) ..........................................................11, 12, 14, 15

*Bayou Superfund v. WAM Long/Short Fund II (In re Bayou Grp., LLC)*, 362 B.R.
    624, 636 (S.D.N.Y. 2007) ...................................................................................14

*Bear, Stearns Sec. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*,
    397 B.R. 1 (S.D.N.Y. 2007) ...................................................................................9

*Berk v. St. Vincent's Hosp. and Med. Ctr.*,
    380 F. Supp. 2d 334 (S.D.N.Y. 2005) .....................................................................8

*In re Bernard L. Madoff Inv. Sec. LLC*,
    424 B.R. 122 (Bankr. S.D.N.Y. 2010) ...................................................................10

*In re Bevill, Bresler & Schulman, Inc.*,
    83 B.R. 880 (Bankr. D.N.J. 1988) ...........................................................................9

*Carney v. Lopez*,
    933 F. Supp. 2d 365 (D. Conn. 2013) ...................................................................11

*Celli v. First Nat'l Bank (In re Layo)*,
    460 F.3d 289 (2d Cir. 2006)..................................................................................19

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..........................................................................................7, 8

*Diaz v. Judge Advocate Gen. of the Navy*,
    413 F. App'x 342 (2d Cir. 2011) ...........................................................................19

i

*Donell v. Kowell*,
   533 F.3d 762 (9th Cir.), *cert. denied*, 555 U.S. 1047 (2008)....................................15

*EDP Med. Comput. Sys., Inc. v. United States*,
   480 F.3d 621 (2d Cir. 2007)....................................................................19

*Gisinger v. Patriach*,
   No. 16 CIV. 1564 (ER), 2016 WL 6083981 (S.D.N.Y. Oct. 18, 2016) ................................23

*Gowan v. Amaranth Advisors L.L.C. (In re Dreier LLP)*,
   Adv. Pro. Nos. 10-03493 (SMB), 10-05447 (SMB), 2014 WL 47774, at *11
   (Bankr. S.D.N.Y. Jan. 3, 2014)................................................................11

*Gredd v. Bear, Stearns Sec. Corp. (In re Manhattan Inv. Fund)*,
   359 B.R. 510 (Bankr. S.D.N.Y.), *rev'd in part on other grounds*, 397 B.R. 1
   (S.D.N.Y. 2007) ............................................................................12

*In re Hawker Beechcraft, Inc.*,
   No. 12–11873 (SMB), 2014 WL 5421190 (Bankr. S.D.N.Y. Oct. 22, 2014) ........................19

*Hirsch v. Arthur Andersen & Co.*,
   72 F.3d 1085 (2d Cir. 1995)..................................................................11

*Labiosa-Herrera v. Puerto Rico Telephone Co.*,
   153 F. Supp. 3d 541 (D. P.R. 2016)...........................................................18

*Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*,
   949 F.2d 585 (2d Cir. 1991)..................................................................19

*Mahmood v. Research in Motion Ltd.*,
   905 F. Supp. 2d 498 (S.D.N.Y. 2012)..........................................................19

*Mann Case*, Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Nov. 30, 2010) .........................4

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)...........................................................................7

*McHale v. Boulder Cap. (In re 1031 Tax Grp., LLC)*,
   439 B.R. 47 (S.D.N.Y. 2010)............................................................11, 13, 14

*Mohamad v. Rajoub*,
   No. 17 Civ. 2385 (LAP), 2018 WL 1737219 (S.D.N.Y. Mar. 12, 2018),
   *appeal filed*, No. 18-1035 (2d Cir.).........................................................18

*Moran v. Goldfarb*,
   No. 09-cv-7667 (RJS), 2012 WL 2930210 (S.D.N.Y. Jul. 16, 2012)...............................11

*Nisselson v. Salim*,
No. 12 Civ. 0092 (PGG), 2013 WL 1245548 (S.D.N.Y. Mar. 25, 2013)................................22

*Northeast Indus. Dev. Corp. v. ParkStone Capital Partners, LLC (In re Northeast Indus. Dev. Corp.)*,
511 B.R. 51 (S.D.N.Y. 2014)................................................................................................22

*Picard v. BAM L.P.*,
Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Apr. 16, 2014) .......................................3, 6, 12, 20

*Picard v. BAM L.P.*,
No. 11-cv-07667 (S.D.N.Y. Jan. 25, 2012) .............................................................................5

*Picard v. BAM L.P.*,
No. 18 Civ. 09916 (VSB) (S.D.N.Y. Nov. 30, 2018) ...............................................................7

*Picard v. Chais (In re Bernard L. Madoff Inv. Sec., LLC)*,
445 B.R. 206 (Bankr. S.D.N.Y. 2011) ...................................................................................10

*Picard v. Cohen*,
Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *5 (Bankr. S.D.N.Y. Apr. 25, 2016) ........................................................................................................ *passim*

*Picard v. Cohmad Sec. Corp.*,
454 B.R. 317 (Bankr. S.D.N.Y. 2011) .....................................................................................9

*Picard v. Flinn Invs., LLC*,
463 B.R. 280 (S.D.N.Y. 2011).................................................................................................9

*Picard v. Goldenberg*,
Adv. Proc. No. 10-04946 (SMB), 2018 WL 3078149, at *4 (Bankr. S.D.N.Y. June 19, 2018) .............................................................................................................14, 23

*Picard v. Greiff*,
476 B.R. 715 (S.D.N.Y. 2013).........................................................................10, 12, 14, 16

*Picard v. Katz*,
462 B.R. 447 (S.D.N.Y. 2011).............................................................................10, 14, 15

*Picard v. Lowrey*,
Adv. Proc. Nos. 10–04387 (SMB), 10–04488 (SMB), 10–04350 (SMB), 10–05110 (SMB), 2018 WL 1442312 (Bankr. S.D.N.Y. Mar. 22, 2018) .............................15, 23

*Picard v. Marilyn Bernfeld Trust*,
Adv. Pro. No. 10-05143 (SMB) (Bankr. S.D.N.Y. Oct. 28, 2015)............................................8

*Picard v. Mendelow*,
Adv. Pro. No. 10-04283 (SMB) (Bankr. S.D.N.Y. Oct. 28, 2015)............................................8

*Picard v. Saren-Lawrence*,
No. 17 Civ. 5157, 2018 WL 2383141, at *6 (S.D.N.Y. May 15, 2018)...............................23

*Scholes v. Lehmann*,
56 F.3d 750 (7th Cir. 1995) .............................................................................................11, 12

*Sec. Inv'r Prot. Corp. v. 2427 Parent Corp. (In re Bernard L. Madoff Inv. Sec.)*,
779 F.3d 74 (2d Cir. 2015)....................................................................................................16

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.)*,
490 B.R. 46 (S.D.N.Y. 2013)................................................................................................23

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.)*,
499 B.R. 416 (S.D.N.Y. 2013)...................................................................................16, 19, 22

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.)*,
No. 12 MC 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013), *aff'd*,
773 F.3d 411 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 2859 (2015)..............................5, 10, 16

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Dec. 23, 2008) ...........................................3

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*,
531 B.R. 439 (Bankr. S.D.N.Y. 2015) .........................................................................8, 9, 16

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*,
424 B.R. 122, 126–133 (Bankr. S.D.N.Y. 2010). aff'd, 654 F.3d 229 (2011),
*cert. dismissed sub nom. Sterling Equities Assocs. v. Picard*, 566 U.S. 1032
(2012), *cert. denied sub nom. Ryan v. Picard*, 567 U.S. 934 (2012).........................................3

*Shapiro v. JPMorgan Chase & Co.*,
Nos. 11 Civ. 8331 (CM), 11 Civ. 7961 (CM), 2014 WL 1224666 (S.D.N.Y.
Mar. 24, 2014).......................................................................................................................23

*Sure–Snap Corp. v. State St. Bank & Tr. Co.*,
948 F.2d 869 (2d Cir. 1991)..................................................................................................18

*Taylor v. Sturgell*,
553 U.S. 880 (2008)...............................................................................................................18

*Ying Jing Gan v. City of New York*,
996 F.2d 522 (2d Cir. 1993)..............................................................................................8, 13

*Chapter 7 Tr. of Big Apple Volkswagen, LLC v. Salim (In re Big Apple Volkswagen)*,
No. 11-2251 (JLG), 2016 WL 1069303 (Bankr. S.D.N.Y. Mar. 17, 2016)...........................17

## Statutes

11 U.S.C ................................................................................................................17

11 U.S.C. § 546(e) ........................................................................................4, 5, 6, 16

11 U.S.C. § 548 ..................................................................................................4, 13

11 U.S.C. § 548(a)(1) ..............................................................................................14

11 U.S.C § 548(a)(1)(A) ..........................................................................8, 12, 13, 17

11 U.S.C. § 548(c) ........................................................................................ *passim*

11 U.S.C. § 550 ......................................................................................................17

11 U.S.C. § 550(a) ..................................................................................................17

11 U.S.C. 550(a)(1) ................................................................................................17

15 U.S.C. §§ 78aaa ............................................................................................1, 23

15 U.S.C. § 78fff-2(c)(3) ..............................................................................8, 13, 17

N.Y. Debt. & Cred. Law § 278 ...........................................................................4, 6

## Rules

Fed. R. Bankr. P. 7056 ........................................................................................1, 7

Fed. R. Civ. P. 56 ......................................................................................................1

Fed. R. Civ. P. 56(a) ................................................................................................7

Fed. R. Civ. P. 56(c)(1) ............................................................................................7

## Other Authorities

U.S. Const. Art. III................................................................................................22

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the chapter 7 estate of Bernard L.

Madoff, respectfully submits this memorandum of law in support of the Trustee's motion (the

"Motion") under Federal Rule of Civil Procedure 56, made applicable here by Federal Rule of

Bankruptcy Procedure 7056 and Local Bankruptcy Rule 7056-1, for summary judgment[1] as to

Count One of the Trustee's Amended Complaint to avoid and recover the amounts fraudulently

transferred by BLMIS to defendants BAM L.P, Michael Mann, and Meryl Mann.  The facts

underlying this motion are fully set forth in the Trustee's Statement of Undisputed Material Facts

Pursuant to Local Rule 7056-1 ("Stmt.") and the Declaration of David J. Sheehan ("Sheehan

Decl.").

## PRELIMINARY STATEMENT

This avoidance and recovery action centers on the undisputable fact that in the two years

preceding the liquidation, BLMIS transferred to Defendants $2,813,000 in excess of the principal

they deposited with BLMIS.  The fictitious profits Defendants received consisted of deposits

from other BLMIS customers.  Through their answer, discovery responses, stipulations in the

joint pretrial order, and the withdrawal of their claims and objections, Defendants have admitted

to these facts.  Accordingly, the Trustee is entitled to summary judgment on his action to avoid

and recover these transfers of fictitious profits.

No material fact in dispute exists regarding BLMIS's Ponzi scheme and the fraudulent

transfers to Defendants.  In their allocutions, Madoff and BLMIS employees confirmed that

---

[1] During the hearings held on November 28 and December 19, 2018, the Court authorized the Trustee to file a motion for summary judgment.

BLMIS was a Ponzi scheme, which means the transfers by BLMIS to Defendants were made with the intent to hinder, delay, or defraud BLMIS's creditors.  Defendants have agreed to the amounts of the transfers and that they received the transfers from BLMIS.  Thus, the Trustee has met his *prima facie* case establishing that Defendants' transfers are avoidable and recoverable by the Trustee.  As a matter of law, Defendants cannot establish that they took the transfers "for value" because the false profits reported in their accounts were not valid antecedent debts, and no other legal defenses exist.

Defendants suggest they may rely on a factually unsupported assertion that BLMIS did not engage in a Ponzi scheme as a reason to deny summary judgment.  Defendants' argument is not only disproven by the allocutions of Madoff and the BLMIS employees and the repeated findings of this Court and others that BLMIS was a Ponzi scheme, but also undermined by Defendants' voluntary withdrawal of their claims and objections with prejudice.  Effective upon that withdrawal, Defendants became bound by the Trustee's determinations and the reasons therefor.  The Trustee's determinations state:  (1) no securities were ever purchased for Defendants' accounts; (2) the amount of money Defendants withdrew was greater than the amount they deposited with BLMIS; (3) all profits reported on Defendants' customer statements were fictitious; and (4) the amount of money received by Defendants in excess of their deposits was taken from other customers.  Defendants are estopped from arguing otherwise.

Accordingly, there are no material facts in dispute that would preclude entry of judgment for the Trustee on Count One of his Amended Complaint.

## BACKGROUND

### A.    Claims Litigation

In December 2008, this Court entered the Claims Procedures Order instructing BLMIS customers to file claims with the Trustee before the bar date.  *Sec. Inv'r Prot. Corp. v. Bernard*

*L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Dec. 23, 2008)

("*Main Case*"), ECF No. 12; Stmt. ¶ 22.  The Trustee then issued determination letters to those

customers.

      The Trustee applied the net investment method to determine customer claims.  The

Trustee employed this method because BLMIS never purchased any securities on behalf of the

claimants' accounts, rendering all profits reported on BLMIS account statements fictitious, and

because any funds received in excess of the deposits were taken from other BLMIS customers.

Sheehan Decl. Exs. 3, 4; Stmt. ¶ 25.  Thus, where a claimant withdrew more cash than he

deposited in his customer account, the Trustee denied the claim based on the negative "net

equity" in the claimant's BLMIS account.

      This Court and the Second Circuit upheld the Trustee's use of the net investment method,

and the Supreme Court denied *certiorari*.  *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec.*

*LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122, 126–133 (Bankr. S.D.N.Y. 2010).

*aff'd*, 654 F.3d 229 (2011), *cert. dismissed sub nom. Sterling Equities Assocs. v. Picard*, 566 U.S.

1032 (2012), *cert. denied sub nom. Ryan v. Picard*, 567 U.S. 934 (2012); Stmt. ¶ 29–32.

Defendants participated in the omnibus net equity briefing before this Court and the Second

Circuit and are bound by those decisions.  *Main Case*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y.

Nov. 13, 2009), ECF No. 784; Stmt. ¶¶ 29–33.

      Defendants filed claims for customer protection under SIPA for Account Nos. 1CM363

and 1CM579 in 2009 (the "Claims").  Sheehan Decl. Exs. 1, 2; *see also* Sheehan Decl. Ex. 8,

*Picard v. BAM L.P.*, Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Apr. 16, 2014) ("*Mann Case*"),

ECF No. 40 ("Answer") ¶¶ 51–52; Stmt. ¶ 23.  In 2009, the Trustee, applying the net investment

method, denied those Claims (the "Determinations"). Sheehan Decl. Exs. 3, 4; Stmt. ¶ 25.

Specifically, the Trustee's Determinations stated:

> Your claim is DENIED. No securities were ever purchased for your account . . . [b]ased
> on the Trustee's analysis, the amount of money you withdrew from your BLMIS account
> at BLMIS . . . is greater than the amount that was deposited with BLMIS. . . . As noted,
> no securities were ever purchased for your account. Any and all profits reported to you
> by BLMIS on account statements were fictitious. Since there were no profits to use
> either to purchase securities or to pay you any money beyond the amount that was
> deposited into your BLMIS account, the amount of money you received in excess of
> deposits in your account [] was taken from other customers and given to you.

*Id.*

Defendants objected to the Determinations, arguing, among other things: the Trustee

improperly calculated net equity; Defendants provided value under section 548(c); the Trustee's

calculation wrongly extended beyond the limitations period for avoidance of a claim under

federal or state law; that BLMIS was not insolvent; Defendants are entitled to the defenses under

section 546(e); Defendants are entitled to damages under federal securities law; and Defendants

are entitled to interest or appreciation on its investment under New York state law (the

"Objections"). Sheehan Decl. Exs. 5, 6; Stmt. ¶¶ 27–28.

### B.    This Adversary Proceeding

In 2010, the Trustee brought this adversary proceeding against Defendants under

Bankruptcy Code sections 548, 550, and 551 and the New York Debtor & Creditor Law to avoid

and recover fraudulent transfers totaling $9,678,157 received by Defendants from three separate

BLMIS accounts during the six years prior to the liquidation. Complaint, *Mann Case*, Adv. Pro.

No. 10-04390 (Bankr. S.D.N.Y. Nov. 30, 2010), ECF No. 1 ("Complaint"); Stmt. ¶ 7.[2]

Following the *Section 546(e) Decision* (defined below), the Trustee's recovery is limited to

---

[2] The Complaint also asserted claims against Betsy Mann Polatsch and Adam Mann, who were subsequently dismissed
from this action. *See* Stipulation & Order, ECF No. 46; Stmt. ¶ 8.

transfers made to Defendants within the two-year period preceding the liquidation (the "Two-Year Period"). *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.)*, No. 12 MC 115 (JSR), 2013 WL 1609154, at *3 (S.D.N.Y. Apr. 15, 2013), *aff'd*, 773 F.3d 411 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 2859 (2015) ("*Section 546(e) Decision*"); Stmt. ¶ 10. The Trustee filed an amended complaint ("Amended Complaint") on January 25, 2012. Sheehan Decl. Ex. 7, *Picard v. BAM L.P.*, No. 11-cv-07667 (S.D.N.Y. Jan. 25, 2012), ECF No. 9.

The Trustee now seeks to avoid and recover $2,250,000 in fraudulent transfers made after December 11, 2006 by BLMIS relating to Account No. 1CM363 held in the name of Michael Mann and Meryl Mann JT WROS (the "Mann Account") and $563,000 from Account No. 1CM579 held in the name of BAM L.P (the "BAM Account") (collectively, the "Two-Year Transfers"). Stmt. ¶¶ 9–10.

On April 16, 2014, Defendants answered the Amended Complaint. Answer; Stmt. ¶ 12. Defendants admitted they made and received the transfers from BLMIS in connection with their accounts, as set forth in Exhibit B to the Complaint. See Answer at ¶ 43 ("Defendants admit that it made certain transfers and received certain transfers from BLMIS prior to December 8, 2008. Defendants respectfully refers the Court to Columns 10 and 11 [of the Amended Complaint] for the complete contents thereof."); Stmt. ¶ 14. Defendants admitted that Madoff pleaded guilty to certain crimes. Answer ¶ 1. As to the Trustee's allegations about the allocutions of Madoff and Frank DiPascali, Defendants denied knowledge and information sufficient to form a belief as to the truth of those allegations but referred the Court to the plea allocutions for the complete contents therein. *Id.* ¶¶ 17–18, 26. Defendants also admitted that they filed claims with the Trustee on their accounts, that the Trustee denied those claims, and that they filed the Objections. *Id.* ¶¶ 51–54. Finally, Defendants asserted 34 affirmative defenses, including: (i) jurisdiction,

standing, and ripeness; (ii) value and antecedent debt; (iii) BLMIS's purported solvency; (iv) section 546(e) of the Bankruptcy Code; (v) section 278 of the New York Debtor and Creditor Law; and (vi) various remedies, adjustments, and setoffs they claim they are entitled to under federal or state law. *Id.* at 19–25; Stmt. ¶ 12.

On September 28, 2018, this Court entered an order setting trial for December 3, 2018. *Mann Case*, Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Sept. 28, 2018), ECF No. 108; Stmt. ¶ 19. As permitted by that order, on October 26, 2018, Defendants moved to withdraw the reference, claiming they were entitled to a jury trial and moved for a stay of the trial in this Court. *Mann Case*, Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Oct. 26 & Nov. 20, 2018), ECF Nos. 114, 121-1; Stmt. ¶¶ 18, 20. Notwithstanding the motion for a stay, the parties continued to prepare for trial by exchanging exhibits and submitting a joint pretrial order to this Court on November 26, 2018. Sheehan Decl. Ex. 12 ("Joint Pretrial Order").

In the Joint Pretrial Order, Defendants admitted that they received the transfers in connection with their accounts, as set forth in Exhibit B to the Amended Complaint. In addition to admitting the accuracy of all the transfers relating to both the Mann Account and BAM Account, Defendants admitted that $2,250,000 was withdrawn from the Mann Account and $563,000 was withdrawn from the BAM Account within the Two-Year Period. *See* Joint Pretrial Order at ¶ 9; Stmt. ¶¶ 14–16.

This Court held a hearing on November 28, 2018 on the motion for stay, at which time Defendants made an oral motion to withdraw the Claims and Objections with prejudice. Sheehan Decl. Ex. 10, Tr. of Nov. 28, 2018 Hr'g, *Mann Case*, Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Nov. 30, 2018), ECF No. 130 ("Nov. 28, 2018 Tr."); Stmt. ¶ 38. The Court then entered an order that withdrew the Claims and Objections with prejudice. *Mann Case*, Adv. Pro. No. 10-04390

(Bankr. S.D.N.Y. Dec. 20, 2018), ECF No. 138; Sheehan Decl. Ex. 13 ("Withdrawal Order");

Stmt. ¶ 40.[3]

Accordingly, there is no dispute that Defendants received the Transfers from BLMIS

within the Two-Year Period and did not provide value for those transfers.

## ARGUMENT

## I.    Summary Judgment Should Be Granted Because No Material Facts Are In Dispute

### A.    Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure, made applicable here by Rule 7056 of

the Federal Rules of Bankruptcy Procedure, provides that a court must grant summary judgment,

in whole or in part, when there is no genuine issue of material fact to be tried and the movant is

entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S.

317, 322–23 (1986).  Factual positions are proven by either citing the record evidence—

including declarations, admissions and interrogatory answers—or showing that an adverse party

cannot produce admissible evidence to support a fact.  Fed. R. Civ. P. 56(c)(1); *Matsushita Elec.

Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The movant need not show the

absence of a genuine dispute of material fact with respect to a point "on which the nonmoving

party bears the burden of proof."  *Celotex Corp.*, 477 U.S. at 325.

When the movant has discharged its burden, the non-movant must then "go beyond the

pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and

admissions on file, designate specific facts showing that there is a genuine issue for trial."

*Celotex Corp.*, 477 U.S. at 324 (internal quotations omitted).  "[T]he nonmoving party may . . .

---

[3] Relatedly, the District Court extended the briefing schedule on Defendants' motion to withdraw the reference.  The Trustee's opposition is due on December 30, 2018 and Defendants' reply is due January 16, 2019.  *Picard v. BAM L.P.*, No. 18 Civ. 09916 (VSB) (S.D.N.Y. Nov. 30, 2018), ECF No. 16.

not rely simply on conclusory statements or on contentions that the affidavits supporting the

motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993).

The non-moving party may not oppose summary judgment "on the basis of an unreasonable view

of the facts." *Berk v. St. Vincent's Hosp. and Med. Ctr.*, 380 F. Supp. 2d 334, 342 (S.D.N.Y.

2005).

Here, in light of the allocutions of Madoff and numerous BLMIS employees, Defendants'

admissions, and the Withdrawal Order, there is no genuine dispute as to any material fact with

respect to the fictitious profits sought to be avoided and recovered by the Trustee in Count One

of the Amended Complaint.  Summary judgment is appropriate.

### B.    The Trustee Is Entitled to Summary Judgment Avoiding the Two-Year Transfers of Fictitious Profits Made by BLMIS to Defendants

As this Court has recognized, fictitious profits cases are strict liability cases.  Tr. of Oral

Arg. at 114:10–11, *Picard v. Marilyn Bernfeld Trust*, Adv. Pro. No. 10-05143 (SMB) (Bankr.

S.D.N.Y. Oct. 28, 2015); *see also* Tr. of Oral Argument at 100:19, *Picard v. Mendelow*, Adv.

Pro. No. 10-04283 (SMB) (Bankr. S.D.N.Y. Oct. 28, 2015) (fictitious profit count is "almost a

strict liability count").  This is especially true where, as here, Defendants admit receipt of the

Two-Year Transfers.  Joint Pretrial Order at ¶ 8; Stmt. ¶¶ 14–15.

Section 548(a)(1)(A) of the Bankruptcy Code authorizes the Trustee to avoid "any

transfer" of an interest in property of the debtor made within two years of the filing date with

actual intent to hinder, delay, or defraud creditors.  Under SIPA § 78fff-(2)(c)(3), the Trustee

may recover any transfers by the debtor whenever customer property is insufficient to pay

customer claims.  The Trustee's recent filings establish that he has recovered $13 billion of $19

billion owed by the estate.  *See* Trustee's Mot. for an Order Approving Tenth Allocation of

Property & Authorizing Tenth Interim Distribution, *Main Case*, Adv. Pro. No. 08-01789 (Bankr.

S.D.N.Y. Dec. 11, 2018), ECF No. 18295.  Because customer property is insufficient to pay the outstanding customer claims, the Trustee is authorized to recover the transfers to Defendants. *See*; *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, 531 B.R. 439, 453–54 (Bankr. S.D.N.Y. 2015) ("*Omnibus Good Faith Decision*"); *see also Picard v. Flinn Invs., LLC*, 463 B.R. 280, 284 (S.D.N.Y. 2011); *In re Bevill, Bresler & Schulman, Inc.*, 83 B.R. 880, 898 (Bankr. D.N.J. 1988).

Because there is no genuine dispute regarding BLMIS's:  (1) payment of fictitious profits within the Two-Year Period to or for the benefit of Defendants, (2) interest in the transferred funds, and (3) actual intent to hinder, delay, or defraud its creditors, summary judgment in favor of the Trustee is proper.

### 1.    BLMIS Made Every Two-Year Transfer with Actual Fraudulent Intent and in Furtherance of the Fraud

Fraudulent intent on the part of the transferor is presumed as a matter of law in cases where the debtor operated a Ponzi scheme.  *See, e.g.*, *Bear, Stearns Sec. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1, 8 (S.D.N.Y. 2007) (quotation marks and citations omitted); *Picard v. Cohen*, Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *5 (Bankr. S.D.N.Y. Apr. 25, 2016) (citing *Omnibus Good Faith Decision*, 531 B.R. at 471) ("the Trustee is entitled to rely on the Ponzi scheme presumption pursuant to which all transfers are deemed to have been made with actual fraudulent intent")); *Picard v. Cohmad Sec. Corp.*, 454 B.R. 317, 330 (Bankr. S.D.N.Y. 2011) ("[T]he fraudulent intent on the part of the debtor/transferor . . . is established as a matter of law by virtue of the 'Ponzi scheme presumption'"); *In re Agric. Research & Tech. Grp.*, 916 F.2d 528, 535 (9th Cir. 1990) ("the debtor's actual intent to hinder, delay or defraud its creditors may be inferred by the mere existence of a Ponzi scheme").

a.    **BLMIS Was a Ponzi Scheme**

There is no dispute that BLMIS was engaged in a Ponzi scheme.  This Court has found

that "[t]he breadth and notoriety of the Madoff Ponzi scheme leave no basis for disputing the

application of the Ponzi scheme presumption, particularly in light of Madoff's criminal

admission."  *Picard v. Chais (In re Bernard L. Madoff Inv. Sec., LLC*), 445 B.R. 206, 221

(Bankr. S.D.N.Y. 2011); *see also Picard v. Katz*, 462 B.R. 447, 453, n.5 (S.D.N.Y. 2011) ("it

is patent that all of Madoff Securities' transfers during the two-year period were made with

actual intent to defraud present and future creditors").  The existence of the scheme has also

been recognized by the District Court and the Second Circuit.  *See, e.g.*, *In re Bernard L.*

*Madoff Inv. Sec. LLC,* 424 B.R. at 125–33; *Picard v. Greiff*, 476 B.R. 715, 718 (S.D.N.Y.

2013); *Section 546(e) Decision*, 773 F.3d at 231–32.

The relevant facts concerning the BLMIS Ponzi scheme are substantiated by the

unequivocal allocutions of Madoff and BLMIS employees.  In his plea allocution, Madoff

admitted to running a Ponzi scheme through BLMIS and that he did not execute trades on

behalf of his investment advisory clients.  Stmt. ¶¶ 44–51.  Frank DiPascali, Madoff's chief

financial officer and co-conspirator, admitted that "[f]rom at least the early 1990s through

December of 2008 . . . [n]o purchases or sales of securities were actually taking place in

[customers'] accounts."  Stmt. ¶ 52; *see also* ¶ 53.  David Kugel, a manager and trader at

BLMIS, admitted that Madoff ran a Ponzi scheme as far back as the 1970s and that Mr. Kugel

falsified records in connection with that scheme.  Stmt. ¶¶ 54–55.  Irwin Lipkin, BLMIS's

accountant, admitted BLMIS's revenue was falsely inflated through fraudulent bookkeeping

entries and annual audited reports.  Stmt. ¶¶ 56–57.  Eric Lipkin, payroll clerk at BLMIS,

admitted BLMIS created fake reports replicating those of the Depository Trust & Clearing

Corporation in order to purportedly confirm non-existent positions in the investment advisory

10

accounts for auditors and the SEC. Stmt. ¶¶ 58–59. And Enrica Cotellessa-Pitz, BLMIS accountant and comptroller, admitted investment advisory customer money was funneled to BLMIS's proprietary trading and market making businesses to falsely inflate revenue and hide losses. Stmt. ¶¶ 60–61.

Such guilty pleas and admissions under oath are admissible to prove the existence of a Ponzi scheme. *See Moran v. Goldfarb*, No. 09-cv-7667 (RJS), 2012 WL 2930210, at *4 (S.D.N.Y. Jul. 16, 2012); *Carney v. Lopez*, 933 F. Supp. 2d 365 (D. Conn. 2013); *Bayou Accredited Fund, LLC v. Redwood Growth Partners L.P. (In re Bayou Grp., LLC)*, 396 B.R. 810, 835 (Bankr. S.D.N.Y. 2008) ("*Bayou III*"), *rev'd in part on other grounds*, 439 B.R. 284, 304 (S.D.N.Y. 2010) ("*Bayou IV*"); *McHale v. Boulder Cap. (In re 1031 Tax Grp., LLC)*, 439 B.R. 47 (S.D.N.Y. 2010); *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995); *Gowan v. Amaranth Advisors L.L.C. (In re Dreier LLP)*, Adv. Pro. Nos. 10-03493 (SMB), 10-05447 (SMB), 2014 WL 47774, at *11 (Bankr. S.D.N.Y. Jan. 3, 2014); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (taking judicial notice of fraudsters' guilty pleas in subsequent civil action by bankruptcy trustee).

Summary judgment on BLMIS's Ponzi scheme is appropriate based on these admissions. *See, e.g.*, *Moran*, 2012 WL 2930210, at *4 (motion for summary judgment granted and based on plea transcript from related Department of Justice action where perpetrator admitted to orchestrating the Ponzi scheme under oath*); In re Bayou Grp., LLC*, 439 B.R. at 307–08 (affirming summary judgment on fictitious profits from Ponzi scheme based on evidence including guilty pleas of fraudsters); *In re 1031 Tax Grp., LLC*, 439 B.R. 47, 72 (S.D.N.Y. 2010) (granting summary judgment in part and concluding that Ponzi scheme existed with reliance on evidence including perpetrator's superseding indictment and plea

agreements); *Armstrong v. Collins*, 2010 WL 1141158, at *24 (S.D.N.Y. Mar. 24, 2010)

(motion for summary judgment granted and existence of Ponzi scheme found where evidence

was submitted including transcripts from perpetrator's allocution and sentencing); *Scholes v.

Lehmann*, 56 F.3d 750, 762–63 (7th Cir. 1995) (affirming district court's reliance on guilty

plea in finding actual intent to defraud).

### b.    BLMIS's Two-Year Transfers to the Manns Were in Furtherance of the Fraud

In a Ponzi scheme, the Trustee need not prove that the debtor intended to hinder, delay,

or defraud a particular creditor, but rather he must only establish that the transfers made to the

transferee were "in furtherance" of a fraudulent scheme.  *See Bayou IV*, 439 B.R. at 304; *Bayou

III*, 396 B.R. at 826.

"Every payment made by the debtor to keep the scheme on-going was made with the

actual intent to hinder, delay or defraud creditors, primarily the new investors."  *Gredd v. Bear,

Stearns Sec. Corp. (In re Manhattan Inv. Fund)*, 359 B.R. 510, 518 (Bankr. S.D.N.Y.), *rev'd in

part on other grounds*, 397 B.R. 1 (S.D.N.Y. 2007) (internal citation omitted).  This is because,

in a Ponzi scheme, the failure to honor an investor's withdrawal request "would promptly have

resulted in demand, investigation, the filing of a claim and disclosure of the fraud."  *Bayou III*,

396 B.R. at 843; *see also Greiff*, 476 B.R. at 723.  Thus, every redemption payment "*in and of

itself* constituted an intentional misrepresentation of fact" of the investor's rights to their falsely

inflated account statement and "an integral and essential part" of the fraud.  *Bayou III,* 396 B.R.

at 843 (emphasis in original).

There is no dispute that BLMIS made all transfers to Defendants, much like to other

customers and creditors, with the actual intent to defraud, as required under section 548(a)(1)(A)

of the Bankruptcy Code.  *See* Defendants' Opposition to Motion in Limine at 7, *Mann Case*,

12

Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Nov. 26, 2018), ECF No. 126 ("Fraudulent intent is

not disputed here, rather it is the nature of the fraud that is at issue").

Because all the elements of section 548(a)(1)(A) are met, the transfers of fictitious profits

made by BLMIS to or for the benefit of Defendants, are presumed to have been made with actual

fraudulent intent and are recoverable by the Trustee.

### c.    Defendants Have Not Presented Any Countervailing Evidence

To rebut the Trustee's *prima facie* case concerning the existence of the Ponzi scheme,

Defendants are required to come forward with evidence that BLMIS traded for their accounts.

Defendants have presented no such evidence.

Defendants took no depositions of fact or expert witnesses.  Even if Defendants attempt

to offer vague, unsupported factual assertions and unfounded credibility attacks, such attacks do

not present a genuine dispute of material fact.  *Ying Jing Gan v. City of New York*, 996 F.2d 522,

532 (2d Cir. 1993); *see also Bayou III*, 396 B.R. at 810.   Defendants cannot meet their burden to

come forward with evidence that BLMIS engaged in actual trading for their accounts and are

therefore unable to rebut the Trustee's *prima facie* case concerning the existence of the Ponzi

scheme.

### 2.    BLMIS Made the Transfers to Defendants Within the Two-Year Period

For purposes of avoidance and recovery, BLMIS is deemed under SIPA to have an

interest in the transferred property; thus, the transfers here are avoidable under section 548 of the

Bankruptcy Code.  *See* 15 U.S.C. § 78fff-2(c)(3) (transferred customer property is "deemed to

have been the property of the debtor"); *Cohen*, 2016 WL 1695296, at *5 ("BLMIS transferred

customer property to [defendant], and under SIPA § 78fff-2(c)(3) such property is 'deemed to

have been property of the debtor"); *In re The 1031 Tax Grp., LLC*, 439 B.R. at 58, 68–70

(finding that, in a Ponzi scheme, money reflected in bank account statements "in the name of a debtor is presumed to be property of the bankruptcy estate" for purposes of 11 U.S.C. § 548(a)(1)).

The uncontroverted evidence shows that BLMIS transferred fictitious profits to or for the benefit of Defendants between December 11, 2006 and December 11, 2008, and Defendants admitted to the receipt and amount of the transfers.  Stmt. ¶¶ 14–15.[4]

### 3.  As a Matter of Law, Defendants Could Not Have Given Value for Fictitious Profits

Having established that BLMIS transferred at least $2,813,000 in fictitious profits within the Two-Year Period to Defendants with actual fraudulent intent, the Trustee is entitled to avoid and recover the Transfers.  To defeat the avoidance of a transfer on summary judgment here, Defendants must offer evidence sufficient to create a material issue of fact as to whether it took (1) "for value . . . to the extent that [it] gave value to the debtor in exchange for such transfer" *and* (2) "in good faith."  *Bayou IV*, 439 B.R. at 308 (alteration in original) (placing burden of proving affirmative defense on transferee in trustee's motion for summary judgment); 11 U.S.C. § 548(c); *In re The 1031 Tax Grp.*, 439 B.R. at 73.

Fictitious profits "may be recovered regardless of the customers' good faith." *Katz*, 462 B.R. at 453; *see also Greiff*, 476 B.R. at 722–24.  And as a matter of law, Defendants cannot

---

[4] Any argument that Defendants purportedly received checks bearing the name "Bernard L. Madoff" instead of "Bernard L. Madoff Investment Securities LLC" is immaterial.  Defendants have stipulated that BLMIS transferred fictitious profits between 2006 and 2008 to or for the benefit of Defendants and the receipt and amount of those transfers.  Regardless of the name at the top of the check, the transfers by BLMIS were made from BLMIS's bank account at JPMorgan to customers, including Defendants.  Stmt. ¶ 47 ("When clients wished to receive the profits they believed they had earned with me or to redeem their principal, I used the money in the Chase Manhattan bank account that belonged to them or other clients to pay the requested funds").  Each of the transfers that the Trustee seeks to recover here were made after 2006, at which time BLMIS indisputably had an interest in its bank accounts.  *See In re Bernard L. Madoff Inv. Sec. LLC*, 557 B.R. 89, 110 (Bankr. S.D.N.Y. 2016) (contrasting transfers before January 1, 2001 when Madoff operated as a sole proprietorship with transfers after that date made by BLMIS, the SIPA debtor).

establish that they took the transfers of fictitious profits "for value" because such false profits were not on account of a valid antecedent debt. *Cohen*, 2016 WL 1695296, at *11. In fact, nearly every court has affirmatively held that any payments received by an investor in excess of the amount he or she originally invested is deemed voidable as a fraudulent transfer. *Bayou Superfund v. WAM Long/Short Fund II (In re Bayou Grp., LLC)*, 362 B.R. 624, 636 (S.D.N.Y. 2007) (internal quotations omitted); *Cohen*, 2016 WL 1695296, at *10 (it is a bedrock principle of fraudulent transfer law that "[a] transferee does not give value beyond his deposits of principal"); *Picard v. Goldenberg*, Adv. Proc. No. 10-04946 (SMB), 2018 WL 3078149, at *4 (Bankr. S.D.N.Y. June 19, 2018) ("the argument that BLMIS customers gave value under section 548(c) in exchange for withdrawal of fictitious profits is not new and has been rejected by the District Court and this Court no less than six times") (collecting cases); *Bayou IV*, 439 B.R. at 337 ("virtually every court to address the question has held *unflinchingly* that to the extent that investors have received payments in excess of the amounts they have invested, those payments are voidable as fraudulent transfers."); *see also Katz*, 462 B.R. at 453 (fictitious profits—transfers made by BLMIS to its customers in excess of principal—were in excess of value).

Defendants offer no reason or evidence to allow this Court to alter this universally accepted conclusion. Thus, the Trustee is entitled to summary judgment as a matter of law.

### 4.    Defendants' Other Defenses Can Be Determined as a Matter of Law

In addition to antecedent debt, Defendants purported to raise other defenses in their Answer. These other defenses are legally insufficient. Thus, Defendants still cannot meet their burden of establishing a triable issue of fact to defeat the Trustee's motion for summary judgment.

Defendants raise affirmative defenses that concern remedies, adjustments, and setoffs they claim they are entitled to under federal or state law.[5]  This Court and others have already rejected similar arguments, explaining that "the offset would introduce complex problems of proof and tracing and reduce the [Trustee's] ability to recover assets" and would only "come at the expense of the other victims."  *Cohen*, 2016 WL 1695296, *adopted*, No. 16 Civ. 05513 (LTS) (S.D.N.Y. Feb. 24, 2017), ECF No. 24 (citing *Donell v. Kowell,* 533 F.3d 762 (9th Cir.), *cert. denied*, 555 U.S. 1047 (2008)); *see also Lowrey*, 2018 WL 1442312, at *7 n.17 (general damage claims have "a greater effect where the customer property estate is insufficient as here. The setoff grants the defendant a dollar for dollar benefit for this 'claim' while the net losers . . . are not fully compensated"); *Greiff*, 476 B.R. at 727 ("To allow defendants, who have no net equity claims, to retain profits paid out of customer property on the ground that their withdrawals satisfied creditor claims under state law would conflict with the priority system established under SIPA by equating net equity and general creditor claims.").

The Second Circuit also resolved defenses related to section 546(e),[6] *Section 546(e) Decision*, 773 F.3d at 411, as well as the argument of Defendants and others that the Trustee's claims do not account for the time value of money.  *See Sec. Inv'r Prot. Corp. v. 2427 Parent Corp. (In re Bernard L. Madoff Inv. Sec.)*, 779 F.3d 74 (2d Cir. 2015).  This Court also rejected arguments that the Trustee lacks standing and that *in pari delicto* bars the Trustee's claims.[7] *See Omnibus Good Faith Decision*, 531 B.R. at 448–50.

---

[5] *See* Answer, Twenty-First, Twenty-Second, Twenty-Third, & Twenty-Seventh Affirmative Defenses; Joint Pretrial Order ¶¶ 2–8.

[6] Answer, Nineteenth and Twentieth Affirmative Defenses.

[7] Answer, Twenty-Third and Fifth Affirmative Defenses.

The *Antecedent Debt Decision* also resolves Defendants' affirmative defense that the

Trustee's claims are barred by "applicable limitations periods."[8]  *Sec. Inv'r Prot. Corp. v.*

*Bernard L. Madoff Inv. Sec. (In re Madoff Sec.)*, 499 B.R. 416, 428–29 (S.D.N.Y. 2013)

("*Antecedent Debt Decision*") (rejecting argument in support of the  "Replenishment Credit

Method" and noting that "it makes little sense to draw a boundary at the beginning of the reach-

back period for purposes of recovery, but not for purposes of net equity claims.").

### 5.    The Fictitious Profits are Recoverable Under Section 550 of the Bankruptcy Code and SIPA Section 78fff-2(c)(3)

Section 550 of the Bankruptcy Code allows a trustee to recover a transfer of property (or

the value thereof) that has been avoided under section 548(a)(1)(A) of the Bankruptcy Code from

either: "(1) the initial transferee of such transfer or the entity from whose benefit such transfer

was made; or (2) any immediate or mediate transferee of such initial transfer."  11 U.S.C. §

550(a).  Similarly, SIPA section 78fff-2(c)(3) allows a trustee to "recover any property

transferred by the debtor which, except for such transfer, would have been customer property if

and to the extent that such transfer is voidable or void under the provisions of title 11."  15

U.S.C. § 78fff-2(c)(3).

The undisputed record establishes that Defendants are the initial transferees of the

fictitious profits received from BLMIS during the Two-Year Period.  As such, Defendants are

"strictly liable" for the Transfers under section 550(a)(1) of the Bankruptcy Code.  *Chapter 7 Tr.*

*of Big Apple Volkswagen, LLC v. Salim (In re Big Apple Volkswagen)*, No. 11-2251 (JLG), 2016

WL 1069303, at *14 (Bankr. S.D.N.Y. Mar. 17, 2016).  The Trustee can therefore recover the

avoidable transfers from Defendants under section 550(a)(1) of the Bankruptcy Code and SIPA §

---

[8] *See* Answer, Twelfth Affirmative Defense; *see also id.*, Twenty-Fifth Affirmative Defense (claims are barred because they depend upon calculations that improperly attempt to avoid transfers that occurred prior to two years before the Filing Date.").

78fff-2(c)(3) for the equitable, *pro rata* distribution of funds to the defrauded customers of

BLMIS's investment advisory business.

## II.    *Res Judicata* Bars Defendants From Raising Factual Issues that Have Already Been Determined

Defendants may claim without evidence that certain facts remain in dispute, such as

whether BLMIS operated a Ponzi scheme, to try to defeat summary judgment.  Putting aside that

Defendants have no evidence to carry their burden to defeat summary judgment, *res judicata*

also operates here and conclusively establishes that there are no facts in dispute.

This Court made Defendants aware that relinquishing their Claims with prejudice could

have serious consequences.  Nevertheless, Defendants chose to relinquish their Claims and

withdrew them with prejudice.  In doing so, Defendants are bound by the Trustee's

Determinations, which established (and now definitively establishes in these proceedings):  (1)

the amounts transferred to Defendants; (2) that the amounts transferred consisted of fictitious

profits; (3) that no securities were purchased for their accounts; and (4) that the money

transferred to them was taken from other customers.

The Withdrawal Order finally determined the Claims, operating as a final judgment on

the merits of Defendants' Objections as well as the Determinations.  *See Labiosa-Herrera v.*

*Puerto Rico Telephone Co.*, 153 F. Supp. 3d 541, 547 (D. P.R. 2016) ("By granting a plaintiff's

request for a claim to be voluntarily dismissed with prejudice, a court enters a 'final judgment

that satisfies the *res judicata* criterion."); *see also Mohamad v. Rajoub*, No. 17 Civ. 2385 (LAP),

2018 WL 1737219, at *8 (S.D.N.Y. Mar. 12, 2018), *appeal filed*, No. 18-1035 (2d Cir.)

(voluntary, unilateral dismissal operates as dismissal on the merits) (collecting cases); *Sure–Snap*

*Corp. v. State St. Bank & Tr. Co.*, 948 F.2d 869, 874 (2d Cir. 1991) (final judgment will have

preclusive effect "if an independent judgment in a separate proceeding would impair or destroy

rights or interests established by the judgment entered in the first action") (citations and internal quotations omitted).  Consequently, no facts remain that preclude warranting of summary judgment.

*Res judicata*, or claim preclusion, "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).  Litigants are therefore barred from advancing any and all claims or defenses in a new action that were or *could have been raised* in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits." *Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585, 594 (2d Cir. 1991) (emphasis added and citations omitted).

"Under federal law, claim preclusion 'bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'" *Diaz v. Judge Advocate Gen. of the Navy*, 413 F. App'x 342, 343 (2d Cir. 2011) (quoting *EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)); *accord In re Hawker Beechcraft, Inc.*, No. 12–11873 (SMB), 2014 WL 5421190, at *2–3 (Bankr. S.D.N.Y. Oct. 22, 2014).

The Withdrawal Order is a final judgment issued by this Court, which has competent jurisdiction over the parties and the subject matter.  The Trustee and Defendants are the same parties in dual proceedings, respectively asserting an avoidance action and a customer claim. The avoidance action and the Claims involve the same cause of action because they share the same operative facts.  *See Cohen*, 2016 WL 1695296, at *14 (finding "the computation of net equity under SIPA and value under Bankruptcy Code § 548(c) are 'inherently intertwined'" (citing *Antecedent Debt Decision*, 499 B.R. at 424)); *In re Arcapita Bank B.S.C.(c)*, 520 B.R. 15,

28 (Bankr. S.D.N.Y. 2014) ("To determine whether the causes of action are identical, a court

will inquire whether 'the second action . . . involve[d] the same 'claim' or 'nucleus of operative

fact' as the first" (quoting *Celli v. First Nat'l Bank (In re Layo)*, 460 F.3d 289, 292 (2d Cir.

2006)); *see also Mahmood v. Research in Motion Ltd.*, 905 F. Supp. 2d 498, 504 (S.D.N.Y.

2012) (courts must make a "common-sense determination of whether the actions are so related

they should have been litigated together").

The Claims that were finally determined by the Withdrawal Order are predicated on the

same bases as the Trustee's avoidance claims, namely why and how much Defendants owe to the

estate. The Determinations provide:

> No securities were ever purchased for [your] account[s]. . . . Any
> and all profits reported to you by BLMIS on account statements
> were fictitious. Since there were no profits to use either to purchase
> securities or to pay you any money beyond the amount that was
> deposited into your BLMIS account, the amount of money you
> received in excess of the deposits in your account [] was taken from
> other customers and given to you.

Stmt. ¶¶ 25. This Court has further recognized that "the chart to the determination letter

duplicates in all material respects" what was set forth in the exhibits to the Amended Complaint.

Nov. 28, 2018 Tr. at 52:2–4. The amounts in the Determinations are the exact same as those

amounts set forth in Exhibit B to the Amended Complaint. Sheehan Decl. Ex. 9, Sept. 26, 2018

Hr'g Tr. at 18:5–7, *Mann Case*, Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Sept. 27, 2018), ECF

No. 110.

The Determinations establish that BLMIS was engaged in a Ponzi scheme, resulting in

fictitious profits to Defendants, and that Defendants owe those amounts to the BLMIS estate.[9]

---

[9] Defendants have further stipulated in the Joint Pretrial Order to the amount of the Two-Year Transfers sought by
the Trustee. Joint Pretrial Order ¶ 9; Stmt. ¶¶ 14–15.

Those are the same facts at issue in the adversary proceeding. Because the Determinations were based on the same set of facts as Defendants' avoidance liability, the causes of action are the same in the claims proceeding and the adversary proceeding. Based on the shared nucleus of operative facts in both proceedings, *res judicata* applies here and conclusively establishes that Defendants have not met their burden to raise issues of disputed material facts to defeat summary judgment.

## III.    Defendants Cannot Raise Any Material Disputed Facts Through Their Defenses

As discussed above in section I(B)(3) and (4), the legal defenses raised by Defendants have already been addressed and rejected in prior opinions in this liquidation. But even if any remained, *res judicata* eliminates them, allowing this Court to enter summary judgment.[10]

### 1.    Ponzi Scheme

Defendants argue that BLMIS was not a Ponzi scheme.[11]  *Res judicata*, however, bars Defendants from challenging the Ponzi scheme because they are bound by the Trustee's determination that no securities were traded for their accounts, that they withdrew more money than was deposited with BLMIS, that all profits were fictitious, and that money received by Defendants in excess of their deposits were taken from other customers—all evidence dispositive of a Ponzi scheme.

### 2.    Securities Traded and Last Statement

Defendants also argue that securities were traded in their account and therefore they are entitled to the balance on their last statement rather than the net equity calculated by the Trustee.[12]  But by withdrawing the Claims and Objections with prejudice, Defendants are bound

---

[10] Answer, Twenty Eighth, Twenty Ninth, and Thirtieth Affirmative Defenses.

[11] *See, e.g.*, Joint Pretrial Order at 28–31.

[12] See Joint Pretrial Order at 25 ("The necessary corollary of the Court's determination [in 546(e)] is that each such settlement payment or payment 'in connection with a securities contract' from Madoff Securities satisfied the

by the Determinations that "[n]o securities were ever purchased for [Defendants'] account[s]" and that they are not entitled to the balance on their last statement.

### 3.    Antecedent Debt

Defendants have further sought to escape liability by arguing that the Two-Year Transfers satisfied an antecedent debt and therefore, were received in exchange for value, thus supporting their defense under section 548(c).[13]  But Defendants are bound by the Determinations that all profits reported on their customer statements were fictitious, extinguishing any such value defense.  In numerous litigations, including the present proceedings against Defendants,[14] both this Court and the District Court have held that all profits reported on customer statements were fictitious and thus cannot satisfy an antecedent debt for purposes of the value defense.  *See Antecedent Debt Decision*, 499 B.R. at 424–25; *Cohen*, 2016 WL 1695296, at *11.

In sum, Defendants' defenses have been fully and finally resolved by withdrawal of their claims with prejudice or by prior decisions.  No material issues of disputed fact remain that would prevent this Court from entering summary judgment.

### IV.    If Necessary, This Court Can Issue Proposed Findings to the District Court

Even if this Court or the District Court finds that this Court cannot enter a final judgment in this case consistent with Article III of the Constitution, it can and should issue

---

broker's legal obligation to the innocent customer establishes as matters of state and federal securities law, thereby establishing the customer's right to withdraw and retain any amount up to the total balance reported on the customer's statements and trade confirmations.").

[13] *See* Fifteenth, Sixteenth, Twenty-First, and Twenty-Second Affirmative Defenses; *see also* Joint Pretrial Order at 26–27 ("Thus, at the time of each withdrawal, BLMIS was indebted to each Defendant for the reported amount of their securities even if the securities had not been purchased.  "Value" within the meaning of section 548(c) was provided by the satisfaction of that debt.").

[14] Defendants participated in the Antecedent Debt litigation in the District Court.  Joint Pretrial Order at 4–5; Stmt. ¶ 9.

proposed findings of fact and conclusions of law in the first instance. *See Northeast Indus. Dev.*

*Corp. v. ParkStone Capital Partners, LLC (In re Northeast Indus. Dev. Corp.)*, 511 B.R. 51, 54

(S.D.N.Y. 2014) ("The Bankruptcy Court's resolution of any motion for summary judgment, or

any decision by the Bankruptcy Court based on the documentary record, will be very useful to

the District Court given the Bankruptcy Court's expertise with adversary proceedings.");

*Nisselson v. Salim*, No. 12 Civ. 0092 (PGG), 2013 WL 1245548, at *6 (S.D.N.Y. Mar. 25,

2013) ("[A]s a general matter, the Bankruptcy Court is more familiar with avoidance claims,

which are customarily adjudicated by bankruptcy courts because they are core proceedings.");

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.)*, 490 B.R. 46, 57–58

(S.D.N.Y. 2013); *see also Gisinger v. Patriach*, No. 16 CIV. 1564 (ER), 2016 WL 6083981, at

*5 (S.D.N.Y. Oct. 18, 2016).  Indeed, this Court has previously issued findings of fact and

conclusions of law for review by the District Court. *See Goldenberg*, 2018 WL 3078149

(summary judgment); *Picard v. Lowrey*, Adv. Proc. Nos. 10–04387 (SMB), 10–04488 (SMB),

10–04350 (SMB), 10–05110 (SMB), 2018 WL 1442312 (Bankr. S.D.N.Y. Mar. 22, 2018)

(summary judgment); *Cohen*, 2016 WL 1695296 (post-trial proposed findings).

In the interest of promoting judicial efficiency and uniformity, it is uniquely warranted

for this Court to issue findings and conclusions to the District Court, as this Court has gained

unprecedented expertise in administering this SIPA liquidation proceeding and resolving

hundreds of adversary proceedings.  *Picard v. Saren-Lawrence*, No. 17 Civ. 5157, 2018 WL

2383141, at *6 (S.D.N.Y. May 15, 2018) (determining that considerations of efficiency must

take precedence, especially given that this Court is "familiar with the specific facts at issue here,

as he has presided over these Adversary Proceedings thus far."); *see also Shapiro v. JPMorgan

Chase & Co.*, Nos. 11 Civ. 8331 (CM) (MHD), 11 Civ. 7961 (CM), 2014 WL 1224666, at *2

(S.D.N.Y. Mar. 24, 2014) ("Judge Bernstein's intimate familiarity with the Madoff matter causes this court to view his conclusions with particular deference.").

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court grant summary judgment on Count One of the Trustee's Amended Complaint and enter an order avoiding the transfers of fictitious profits made by BLMIS to Defendants within the Two-Year Period, and requiring Defendants to return such transfers or the value thereof to the Trustee.

Dated:  New York, New York
         December 21, 2018

By:  */s/ David J. Sheehan*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*