# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

December 21, 2018

**VIA ECF, FEDERAL EXPRESS and E-MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, NY 10020-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Carol and Stanley Nelson,* Adv. Pro. No. 10-04377 (SMB)
      *Picard v. Carol Nelson,* Adv. Pro. No. 10-04658 (SMB)
      *Picard v. Helene Saren-Lawrence,* Adv. Pro. No. 10-04898 (SMB)

Dear Judge Bernstein:

We write to correct factual mis-statements in the letter of Dean D. Hunt, of Baker & Hostetler, LLP, counsel for the Trustee, dated December 21, 2018 and efiled in the above-referenced actions respectively as ECF Nos. 120, 124 and 164.

While the Trustee changes his position on these Defendants participating in additional discovery at his whim, the fact remains that he has breached his statutory obligation to provide Defendants with all information concerning Madoff and BLMIS' trading activities under SIPA, 15 U.S.C. §§ 78fff-1(d)(3) and he has failed to produce documents responsive to Defendants' discovery demands. The record is replete with the Trustee's repeated false representations to this Court, as well as to Defendants' counsel, that Madoff and BLMIS never purchased any securities with investment advisory customers' money. Now that we have proven him false, he has one scheme after another to deal with the farce that he has made of the discovery process. He persuaded this Court to stay indefinitely Defendants' right to depose former BLMIS traders. He persuaded this Court to force these elderly Defendants to go to trial when the Court lacks subject matter jurisdiction and will be putting these innocent victims at risk for a trial that will ultimately be declared a nullity. And despite two court orders to put all trading records into the E-Data Room 1, the Trustee simply ignores this Court's orders when he doesn't like them.

None of this Firm's discovery demands became untimely simply because the Trustee raised an objection to that effect. First, this Firm served three sets of omnibus demands, the first on June 21, 2016, the second on March 22, 2017, and the third on November 21, 2017. Both the Second and the Third Set of Requests for Production clearly identified these three adversary proceedings as proceedings in which the discovery demands applied. The omission of any specific reference

CHAITMAN LLP

Hon. Stuart M. Bernstein
December 21, 2018
Page 2

to these three proceedings from the first set of requests was simply a clerical error, as is apparent from their inclusion on all subsequent demands.  If this is a search for the truth, why would the Trustee be permitted to rely upon a clerical error to wrongfully obtain a judgment?

Second, the Trustee has no basis in fact for his contention that Judge Maas never "contemplate[d] that his orders would apply in all Chaitman LLP adversary proceedings irrespective of procedural posture."(Dec. 21 letter at 2).  This Firm served discovery demands in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, on March 8, 2016, and I expressly explained that this discovery demand would apply in all of the cases I was defending.  When Judge Maas issued his Order No. 3 on April 20, 2017, he did not indicate that his rulings would apply in all of the adversary proceedings **except these three**.  On the contrary, he specifically stated that all of his rulings in *Wilenitz* "apply generally to all of the Madoff-related adversary proceedings in which Chaitman LLP serves as defense counsel."  Discovery Arbitrator's Order No. 3, Chaitman Dec. Ex. 7.  If the Trustee had a problem with that order, why didn't he raise the problem at that time?  And if he had a problem with that order, why did he include the Nelsons and Ms. Saren-Lawrence in his February 23, 2018 motion for an omnibus proceeding to engage in a massive amount of new discovery (ECF No. 17284), in which he argued that *all* Clawback Defendants, including Ms. Saren-Lawrence and the Nelsons, should have access to a full evidentiary record, and that this Court should permit the parties to "rectify any issues with scheduling" for that purpose.  *Id*. at 13.

In short, what the Trustee appears to be arguing here is that, even if he has deliberately concealed material evidence, he should be allowed to get away with it in these three adversary proceedings.  The Trustee's position, if accepted by this Court, will make the trials of these three cases a complete farce and will give these Defendants the inevitable impression that whatever the proof is against the Trustee, he will inevitably win.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/sh

cc:   *Via email*
      Dean D. Hunt, Esq. (dhunt@bakerlaw.com)

{00038749 1 }