**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

December 26, 2018

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Picard v. BAM, L.P., et al.* (Adv. Pro. No. 10-04390) (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"). We write in response to a letter dated December 21, 2018 2018 (the "Letter") submitted by counsel for defendants (the "Defendants") in the above-referenced adversary proceeding, regarding the Trustee's characterization of Judge Rakoff's and Your Honor's prior rulings in this SIPA liquidation.

Defendants continue to raise issues that were decided years ago starting with *Picard v. Greiff*, 476 B.R. 715 (S.D.N.Y. 2012), and subsequently rejected six times. Consistent with their pattern of intransigence and refusal to recognize the reality of the law in this case, Defendants continue to retain other people's stolen money despite clear and binding precedent directing them to return their fictitious profits over six years ago. This Court should once again reject Defendants' arguments as barred based on the law of the case, because Defendants and their counsel had ample opportunity to fully litigate the issues raised here. As Your Honor stated on the record, "[a]t some point, probably Judge Rakoff's determinations of those issues will go to the Second Circuit . . . But I can decide these issues as a matter of law. I have decided these issues already." Dec. 19, 2018 Hr'g Tr. at 39:25-40:5.

Defendants first assert that the *Stern Consolidated Decision* held that "resolution of the claims did not conclusively determine the issues that arise in the avoidance actions" (Letter at 1), but Judge Rakoff stated that "where the Bankruptcy Court has independent authority to decide

Hon. Stuart M. Bernstein
December 26, 2018
Page 2

whether to disallow a defendant's claim to the estate, and a decision on that issue would bind the parties under normal principles of *res judicata* in a separate avoidance action, the Bankruptcy Court may resolve the avoidance action to the extent necessary to effectuate its independent authority." 490 B.R. 46, 54 (S.D.N.Y. 2013) (citing *Katchen v. Landy*, 382 U.S. 323, 334-35 (1966)).[1] Your Honor also explicitly cautioned Defendants' counsel that by withdrawing the customer claims and objections with prejudice, Defendants would be "bound by the Trustee's determination letter, and specifically his analysis of the withdrawals and the deposits, which are the same things in the complaint, by the way, which he always attaches to those dispositions." Sept. 26, 2018 Hr'g Tr. at 28:1-5 (ECF No. 110).

As to the *Antecedent Debt Decision*, Defendants acknowledge that Judge Rakoff stated that "the two sides of the coin are the calculation of the customer claim and the calculation of the Trustee's claim against defendants." (Letter at 2). This is not a mischaracterization. Judge Rakoff explicitly stated that "[n]et equity is defined for purposes of the Madoff Securities proceeding as the difference between a customer's investments of principal and withdrawals." *Antecedent Debt Decision,* 499 B.R. 416, 424 (S.D.N.Y. 2013). Judge Rakoff further explained that "[m]ore fundamentally, the definition of net equity and the definition of claims . . . are inherently intertwined where the customer property estate is created as a priority estate intended to compensate customers only for their net-equity claims." *Id.* Your Honor confirmed the same, stating that "the computation of net equity and fictitious profits for fraudulent transfer purposes is precisely the same." Dec. 19, 2018 Hr'g Tr. at 39:13-15; *see also* Nov. 28, 2018 Hr'g Tr. at 12:15-16 (ECF No. 130).

Finally, Defendants once again assert that the Second Circuit's *Section 546(e) Decision* somehow overruled the *Antecedent Debt Decision* as applied to Defendants' section 548(c) defenses. However, this Court considered and rejected this argument not only in the *Omnibus Good Faith Decision,* 531 B.R. 439, 468-70 (Bankr. S.D.N.Y. 2015); but also, in its subsequent rulings in *Picard v. Cohen,* Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *10 (Bankr. S.D.N.Y. Apr. 25, 2016), adopted mem., No. 16 Civ. 05513 (LTS) (S.D.N.Y. Feb. 24, 2017); *Picard v. Lowrey*, Adv. Pro. Nos. 10–04387 (SMB), 10–04488 (SMB), 10–04350 (SMB), 10–05110 (SMB), 2018 WL 1442312, at *9-10 (Bankr. S.D.N.Y. Mar. 22, 2018); and *Picard v. Goldenberg,* Adv. Pro. No. 10-04946 (SMB), 2018 WL 3078149, at *5 (Bankr. S.D.N.Y. June 19, 2018). Once again, Defendants completely disregard the law of the case.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Trustee's Memorandum Of Law On The Legal Effect Of The Ruling Withdrawing Claims And Objections With Prejudice And In Support Of Motion To Strike The Mann Defendants' Jury Demand (ECF No. 131), and the Trustee's Memorandum Of Law In Support Of Motion For Summary Judgment (ECF No. 141) in the above-referenced adversary proceeding.

Hon. Stuart M. Bernstein
December 26, 2018
Page 3

We are available to discuss any questions regarding the foregoing.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona

cc: Carole Neville