Todd E. Duffy
Douglas A. Amedeo
DUFFYAMEDEO LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001
Telephone: (212) 729-5832
Email: tduffy@duffyamedeo.com
        damedeo@duffyamedeo.com
Counsel to Alpha Prime Fund Ltd.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 09-01364 (SMB) |
| Plaintiff, | |
| v. | |
| HSBC BANK PLC, *et al.*, | |
| Defendants. | |

**OBJECTION OF ALPHA PRIME FUND LIMITED TO THE TRUSTEE'S MOTION
FOR THE ISSUANCE OF LETTERS OF REQUEST**

Defendant Alpha Prime Fund Limited ("Alpha Prime"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Trustee's Motion for the Issuance of Letters Request (the "Motion").  In support of its Objection, Alpha Prime respectfully represents as follows:

Prior to the filing of this Motion, Alpha Prime spoke with the Trustee's counsel on numerous occasions to coordinate the filing of the Motion and a similar corresponding motion to be written by Alpha Prime.  At no time during those discussions, did Alpha Prime voice even the slightest objection to the Trustee seeking the relief it requests in the Motion.  As a result, Alpha Prime expected that the Motion would be free from controversy and objection.  Unfortunately, that was not to be the case.  Despite having cooperated with all phases of this Motion, the Trustee took this opportunity to file a motion based upon allegations that are aspirational rather than evidentiary.  As a result of the gratuitous and false allegations in the Motion, Alpha Prime believes that it has no choice but to object to the Motion.

The Trustee's Motion seeks relief based, in part, upon a 2015 "proposed amended complaint," of which he has yet to seek approval, a letter which on its face contradicts the allegations asserted in the Motion, and hearsay from an anonymous source who does not want to reveal himself/herself after almost ten (10) years of litigation.

The Trustee bases most of the Motion upon his self-serving document he has entitled the "Proposed Second Amended Complaint".  Although filed with the Court on June 26, 2015 as a "Statement" (see Docket No.399) without a notice of hearing or a motion for its approval, the Trustee relies on this document as if a proposed amended complaint can ever be evidence of allegations he must prove.  Because a complaint is nothing more than a series of allegations

2

written by a plaintiff and cannot be evidentiary, certainly, an unapproved amended complaint has

even less evidentiary value.

While it appears that the Trustee wishes he had the authorization to rely on this

document, he does not.  This unsupported and unapproved document has no evidentiary effect

and, therefore, cannot serve as the basis for the relief sought.  If the Trustee wishes to rely on this

document, he must comply with the Federal Rules of Bankruptcy Procedure and subject this

proposed amended complaint to the scrutiny required.  See Fed. R. Bankr. P. 7015.  The Trustee

cannot have the benefit of holding this document out as having any value in this adversary

proceeding without it having been subject to the scrutiny and analysis of this Court pursuant to

Bankruptcy Rule 7015.

Moreover, the allegations in paragraph 23 are outrageous and are directly contradicted by

the letter from Project Partners attached to the Motion.  In the Motion, the Trustee alleges that

Alpha Prime "terminated its relationship with Project Partners in late 2008 or early

2009…without directing Project Partners to preserve documents."  *Id*. at ¶ 23.  However, this is

directly contradicted by a letter written by Project Partners that is attached to the Motion.  In that

letter, Project Partners states "At the end of 2008 Dr. Radel told us that there was no more money

to further use our services.  **All data (emails) available on our server was thereupon burnt to

two DVDs and handed over to Dr. Radel.**"  See Motion at Exhibit 1, page 2 (emphasis added).

Making this misrepresentation even more egregious, the Trustee's counsel certainly knows about

this because they have requested (and Alpha Prime has agreed) that these very DVDs be handed

over to a mutually agreed upon forensic vendor for analysis.

Thus, the Trustee's Motion is either based upon a self-serving document and baseless

allegations contradicted by an exhibit to its own Motion.  If this is the only the basis for the relief

sought, Alpha Prime cannot understand why these proposed witnesses' lives should be

inconvenienced for the Trustee's fishing expedition and the relief should be denied.

Dated: January 14, 2019
     New York, New York

**DUFFYAMEDEO LLP**
By:  /s/ Todd E. Duffy
     Todd E. Duffy
     Douglas A. Amedeo
275 Seventh Avenue, 7th Floor
New York, NY 10001
Tel:   (212) 729-5832
Fax:   (212) 208-2437
Attorneys for Alpha Prime Fund Ltd.