# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Geoffrey A. North
direct dial: 212.589.4642
gnorth@bakerlaw.com

January 15, 2019

**VIA ECF AND E-MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

*Re:    Picard v. HSBC Bank PLC, et al., Adv. Pro. No. 09-01354 (SMB)*

Dear Judge Bernstein:

We write in response to Alpha Prime Fund Limited's January 14, 2019 objection (the "Objection") to the Trustee's Motion for Issuance of Letters of Request (the "Letters of Request"). The Objection fundamentally misapprehends the procedure and protocol for requesting judicial assistance in matters of cross-border discovery. At its core, the sole basis for the Objection is that the Trustee "seeks relief based, in part, upon a 2015 'proposed amended complaint. . . .'" A party seeking a letter of request is required to describe the nature of the proceedings and the evidence sought. Indeed, the Guidelines for Completing the Model [Hague Evidence Convention] Form[1] admonish the requesting party to "[p]ay close attention to describing the pleadings that give rise to the Letter of Request (i.e., the pleadings in support of which the evidence is sought). Detailed information may be necessary where a person is sought to be examined about a particular subject-matter." In this instance, the "pleading in support of which the evidence is sought" is the proposed Second Amended Complaint, proffered to this Court in June 2015. In summarizing and citing to the proposed Second Amended Complaint, which is clearly identified in both the Motion and the proposed Letters of Request, the Trustee has done nothing more than adhere to the requirements of a letter of request to a foreign state— just as he has in the myriad applications for letters of request the Trustee has previously submitted to this Court in other adversary proceedings.

---

[1] Although Austria is not a signatory the Hague Evidence Convention, Letters of Request issued to the Republic of Austria generally follow the Hague Evidence Convention form. The Guidelines for Completing the Model [Hague Evidence Convention] Form are available at https://assets.hcch.net/docs/720beb68-6854-4668-99a8-5c0d9d409fb6.pdf

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Moreover, the proposed Letters of Request make clear that the summary of the facts is based on the Trustee's allegations. Section B is entitled, "Summary of the Facts and Allegations *Pleaded by the Trustee*" (emphasis added). Included with that caption is a footnote that states, "The Court's summary is derived from the plaintiff's allegations in its Proffered Second Amended Complaint and do not necessarily denote the Court's views of the allegations or reflect findings by this Court." The summary itself repeatedly indicates that it is based on the Trustee's allegations and contentions. To the extent that Alpha Prime believes the Trustee is using the allegations as evidentiary proof in support of his substantive claims, it is mistaken. In fact, the Parties engaged in mediation after the Trustee submitted the proposed Second Amended Complaint. There is no question as to the scope of the facts at issue.

In light of this, it is difficult to understand the precise nature of the Objection. The proposed Second Amended Complaint is not cited in the Letters of Request for evidentiary purposes, but instead to explain the basis for which the Trustee needs discovery. No other filed document describes such allegations, and therefore, when seeking the issuance of letters of request, a plaintiff must cite to the complaint as the source of the allegations for which he seeks supporting evidence.

This is not a fishing expedition. The Trustee has a well-founded basis to believe relevant evidence has been destroyed and is entitled discovery on this issue. Indeed, the Parties proceeded before the discovery arbitrator, the Honorable Frank Maas (Ret.), on this issue. It was in the context of those proceedings that the Trustee became aware of the roles allegedly played by Project Partners and Steurer. There is no dispute that the witnesses whose depositions are being sought have first-hand knowledge of the facts at issue—Alpha Prime solicited letters from them when proceeding before Judge Maas. It was anticipated that these witnesses would be appearing for Alpha Prime. Nonetheless, after apparently speaking directly with them, Alpha Prime's counsel informed the Trustee that representatives of both Project Partners and Steurer refused to appear for deposition,[2] but came forward with letters Alpha Prime apparently commissioned from them.[3] Therefore the Trustee is left with no option but to proceed by way of letters of request to obtain the discovery he needs.

Over the last month, the Trustee repeatedly communicated his intention to seek the issuance of letters of request and offered to coordinate his efforts with Alpha Prime. Alpha Prime's counsel indicated that Alpha Prime would likewise be seeking testimony from these witnesses[4] and participated in a call with Your Honor's chambers regarding filing coordinated applications for the issuance of letters of request. Because Alpha Prime's counsel professed to having no prior experience with such an application, the Trustee's counsel shared a copy of the papers as a courtesy before filing them. Alpha Prime's counsel betrayed no sign of objecting to the Trustee's application. Initially, upon receiving the papers, he wrote that Alpha Prime would file a "limited objection" to certain factual assertions in the Motion, but that it did not object to the relief the Trustee sought—the issuance of the Letters of Request.[5] Only after the Trustee filed

---

[2] *See* Exhibit A (Letter dated Dec. 4, 2018 from Todd E. Duffy, Esq. to the Honorable Frank Maas (Ret.).)
[3] *See* Exhibit 1 to the Trustee's Motion for the Issuance of Letters of Request.
[4] See Exhibit B (Emails between Oren J. Warshavsky, Esq. and Todd E. Duffy, Esq.)
[5] *See* Exhibit C (Email dated Jan. 11, 2019 from Todd E. Duffy, Esq. to Geoffrey A. North, Esq.)

the Motion did Alpha Prime object to the Trustee's request and suggest that this discovery was not warranted.

Finally, Mr. Duffy's January 14, 2019 letter enclosing a courtesy copy of the Objection includes a request for a "settlement conference with the Court." Mr. Duffy has not discussed this request with the Trustee, and we are therefore uncertain of the scope he has in mind for the settlement conference. The Trustee does not believe a conference is warranted, and respectfully requests that the Objection be rejected and that the Trustee's Motion for the Issuance of Letters of Request be granted.

Respectfully submitted,

*/s/ Geoffrey A. North*

Geoffrey A. North

cc:     Douglas A. Amedeo, Esq.
        Oren J. Warshavsky, Esq.