# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

January 16, 2019

**VIA ECF AND FEDERAL EXPRESS**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

   Re: *In re Bernard L. Madoff, Investment Securities, LLC,* **Adv. Pro. No. 08-01789;**
     *Irving H. Picard v. Wilenitz*, **Adv. Pro. No. 10-04995 (SMB)**

Dear Judge Bernstein:

  I write on behalf of Defendants listed on ECF No. 14283 ("Defendants") pursuant to the October 4, 2016 Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390, (the "Order Appointing Arbitrator"), ECF No. 14227, to request permission to appeal Judge Maas' January 2, 2019 Order (the "January 2, 2019 Order"), ECF No. 18354.[1] The January 2, 2019 Order denied Defendants' most recent motion to compel with respect to third-party trading records evidencing the trading activities of Madoff and BLMIS (the "Trading Records").

  **I.**  **Background**

    A. <u>The Trustee has been deceptive to this Court and to Defendants concerning his production of the Trading Records</u>

  For approximately three years, Defendants have been demanding that the Trustee produce the Trading Records. The Trustee has supplied a succession of misrepresentations about his production of the Trading Records. The Trustee's counsel, for years, represented that the Trustee's "E-Data Room" contained all of the Trading Records. *See* January 5, 2017 Transcript, attached as Ex. D to the September 20, 2018 Joint Letter to Judge Maas,[2] at 30:14-16 (**MR JACOBS: "If it's a trading record, if it's a BLMIS trading record of securities having been traded, we will produce it."**) (emphasis added).

---

[1] Attached to the January 16, 2019 Declaration of Helen Davis Chaitman ("Chaitman Decl.") as Ex. 1.
[2] The September 20, 2018 Joint Letter to Judge Maas is Chaitman Decl., Ex. 2.

{00038862 4 }

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
January 16, 2019
Page 2

At an argument before the Court on May 17, 2016,[3] the Trustee's counsel represented as follows:

> MR. JACOBS: So, absolutely the Defendant has the ability to conduct whatever investigation they believe is relevant to the claims of their defenses, the same that our expert did, and they have access to all the same information that our expert did. And we did that to be transparent and to provide any data that any litigant believes that they should have access to.[4]
>
> \*\*\*\*
>
> MR. JACOBS: . . . . [W]e have already produced in this litigation, without even having received a document request, 100 percent of that data.[5]
>
> \*\*\*\*
>
> MR. JACOBS: To the extent we have them in addition to publicly available information that we obtain, it's all in the data room clearly labeled.[6]
>
> \*\*\*\*
>
> MR. JACOBS: She tests that conclusion the same way our expert does, by examining the underlying records. **All of those records again have been made available to Ms. Chaitman. They're in the data room**.[7]

Your Honor has always made it clear that the Trustee has an obligation to produce *all* of the Trading Records. *See, e.g.*, May 17, 2016 Transcript at 69:19-22 (THE COURT: "Well, if the Trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room . . . ."); *see also id.* at 67:23-68:12. Judge Maas has likewise ordered the Trustee to produce all Trading Records. *See* January 7, 2017 Order, ECF No. 14807[8] at 3 ("To the extent there are any additional relevant records of securities trading that have not been made available . . . through Data Room 1, they must promptly be produced.").

---

[3] The Trustee emailed this transcript to Judge Maas on Nov. 19, 2018. The transmittal letter is attached to the Chaitman Decl. as Ex. 3. The transcript is Chaitman Decl., Ex. 4.
[4] Chaitman Decl., Ex. 4 at 11:11-12:14.
[5] *Id.* at 15:21-23.
[6] *Id.* at 61:7-17.
[7] *Id.* at 68:4-69:5 (emphasis added).
[8] A copy of this Order is attached to the Chaitman Decl. as Ex. 5 for the Court's convenience.

{00038862 4 }

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 16, 2019
Page 3

During the December 13, 2016 hearing in front of Judge Maas, the Trustee represented that he would produce all Trading Records. *See* December 13, 2016 Transcript[9] at 145:23-146:5 (MR. JACOBS: "We will look for and have been looking for stuff – any additional stock trading records as to earlier period of time . . . to the extent we find them or restore them or can obtain them from DTCC or any other method, we will produce them to you and will put them in the data room. Absolutely."). The Trustee made similar representations during the January 5, 2017 conference with Judge Maas. *See* January 5, 2017 Transcript at 30:14-16 (MR JACOBS: "If it's a trading record, if it's a BLMIS trading record of securities having been traded, we will produce it.").[10]

Your Honor previously told the Trustee on June 29, 2017 when Defendants' counsel pointed out that the Trustee had still not produced all the Trading Records, **there are "two orders directing you to turn over the documents."** *See* June 29, 2017 Transcript[11] at 74:14-15 (emphasis added).

### B. The Trading Records are significant and the Trustee is well-funded

On at least two occasions, Judge Maas has recognized that the Trading Records are highly relevant and they go to "significant" legal issues in these cases. *See* March 15, 2017 Order, ECF No. 15236[12] at 2; *see also* January 2, 2019 Order, ECF No. 18354[13] at 2 ("Whether the Defendants' investment accounts ever contained actual securities purchased with their own funds is consequently an important issue."). Judge Maas also recognized that the "Trustee is obviously well-funded." *Id.* at 6.

### C. The Trustee promised to share access to the BLMIS Database

On November 14, 2017, I met with Mr. Sheehan and Mr. Shifrin at their office to discuss the specific documents we were seeking. I explained that, as I have always said, we want production of all third-party documents evidencing the purchase, sale or custody of securities by Madoff and/or by BLMIS for the entire period from 1980 on. Mr. Sheehan and Mr. Shifrin promised to produce these documents. However, what the Trustee did, instead, was only produce third-party account records that the Trustee had obtained through subpoenae. These only went back approximately six years from the dates of the subpoenae. We never limited our request to documents the Trustee obtained by subpoenae. Nor did Mr. Sheehan or Mr. Shifrin state that they were limiting their production to such records.

At a meeting with the Trustee's counsel and all defense counsel on June 5, 2018, Mr. Sheehan finally agreed to give defense counsel access to the BLMIS database. *See* July 25, 2018 Transcript,[14] at 26:13-15 (MR. BELL: "In the context of that discussion, the BLMIS database came

---

[9] Ex. C to the September 20, 2018 Joint Letter to Judge Maas, which is Chaitman Decl., Ex. 2.
[10] Ex. D to the September 20, 2018 Joint Letter to Judge Maas, which is Chaitman Decl., Ex. 2.
[11] Ex. A to the September 20, 2018 Joint Letter to Judge Maas, which Chaitman Decl. as Ex. 2.
[12] A copy of this Order is attached to the Chaitman Decl. as Ex. 6 for the Court's convenience.
[13] Chaitman Decl., Ex. 1.
[14] Ex. E to the September 20, 2018 Joint Letter to Judge Maas, which is Chaitman Decl., Ex. 2.

{00038862 4}

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
January 16, 2019
Page 4

up and Mr. Sheehan did represent that the Trustee is certainly open to producing that database."). At the time, we believed that access to the BLMIS Database would finally allow Defendants to access all of the Trading Records, which the Trustee had deliberately concealed. Yet, after finally making this offer, the Trustee rescinded his offer and indicated that he would not give all defense counsel access to the BLMIS database.

## II.    Recent procedural history

On September 20, 2018, Defendants filed a joint letter with the Trustee in which Defendants made an application to compel the Trustee to share access to the BLMIS Database and to sanction the Trustee's counsel for failing to produce documents essential to the defense of these actions. A hearing was held with Judge Maas on November 19, 2018.

On November 20, 2018, after oral argument, Defendants supplemented their application based on a shocking disclosure Mr. Shifrin made the day before that the Trustee had never searched through the warehouses under his exclusive control for the Trading Records. *See* November 19, 2018 Transcript,[15] at 46:15-24. Thus, Defendants also sought to compel the Trustee to produce or permit Defendants access to the Trading Records in the warehouses of Madoff/BLMIS documents under the Trustee's exclusive control. *See* November 20, 2018 Letter.[16]

On January 2, 2019, Judge Maas denied Defendants' application. Judge Maas recognized that "[w]hether the Defendants' investment accounts ever contained actual securities purchased with their own funds is consequently an important issue." January 2, 2019 Order, ECF No. 18354,[17] at 2. Judge Maas also recognized that the "Trustee is obviously well-funded." *Id*. at 6.

However, Judge Maas denied the application, citing the following: (a) "Defendants have yet to establish that there is a basis to believe that any of the securities transactions undertaken by BLMIS's legitimate House 5 operations were intended to benefit its investment advisory customers or that the Court should indulge in that assumption;" (b) Defendants have not "demonstrated that the warehouse is likely to contain any documents that would be of use to them in this regard"; and (c) Defendants have "yet to suggest a reasonable method of searching for any additional pre-1992 hard copy or electronic third-party trading records that might exist." *Id*.

## III.    Standard of review

Pursuant to the Order Appointing Arbitrator, the Discovery Arbitrator's findings of fact and legal conclusions are reviewed *de novo*. ECF No. 14227, ¶ 10. Rulings on procedural matters are reviewed for an abuse of discretion. *See id*.

---

[15] Relevant excerpts of which are attached as Ex. 7 to the Chaitman Decl.
[16] Chaitman Decl., Ex. 8.
[17] Chaitman Decl., Ex. 1.

{00038862 4 }

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 16, 2019
Page 5

### IV.   Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(b)(1) outlines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevance . . . is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Defendants have a right to take discovery to develop the factual record necessary to support their defenses. *See, e.g.*, *Mon Chong Loong Trading Co. v. Travelers Excess & Surplus Lines Co.*, 2014 WL 5525237, at *3 (S.D.N.Y. Oct. 27, 2014) ("As long as the defense is in the case . . . .the defendant is entitled to seek relevant discovery in support of that defense.").

In 2015, Federal Rule of Civil Procedure 26 was amended to explicitly require that consideration be given to the parties' relative access to information. *See* Advisory Committee Notes to 2015 Amendments to Fed. R. Civ. P. 26. As stated by the Advisory Committee:

> One party – often an individual plaintiff – may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so.

Advisory Committee Notes to 2015 Amendments to Fed. R. Civ. P. 26.

### V.   Issues to be appealed

Pursuant to the Order Appointing Arbitrator, Defendants request permission to appeal the following issues:

#### A.   This Court already ordered the Trustee to produce the Trading Records

This Court already ordered the Trustee to produce the Trading Records. *See* May 17, 2016 Transcript at 69:19-22 (THE COURT: "Well, if the Trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room . . .

{00038862 4 }

**CHAITMAN LLP**

The Honorable Stuart M. Bernstein
January 16, 2019
Page 6

."); June 29, 2017 Transcript[18] at 74:14-15 (there are "two orders directing you to turn over the documents"). A discovery arbitrator appointed by this Court cannot enter orders that overrule the previous Orders of this Court. On numerous occasions, this Court required the Trustee to turn over the Trading Records. Judge Maas was required to enter an Order consistent with this Court's directives.

> B. Judge Maas failed to consider that it would impose no burden on the Trustee to give Defendants access to the BLMIS Database

Giving Defendants' counsel access to the BLMIS Database does not impose any burden on the Trustee's counsel. Denying access simply allows the Trustee to continue to conceal material evidence. There is no burden on the Trustee simply because he might produce some documents which are not relevant. *See, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 305 (S.D.N.Y. 2012) ("data dump" compared to a "targeted production" is not burdensome).

Moreover, in a case where the Trustee's law firm has been paid over $1 billion, it is absurd to suggest that the Trustee's compliance with this Court's orders to produce evidence that is obviously germane to the Defendants' defenses would place an unreasonable burden on the Trustee. Therefore, Judge Maas was incorrect to suggest that Defendants' counsel was required to suggest search terms or that it would violate Rule 26 for an "obviously well-funded" SIPA Trustee to share, at no cost or virtually no cost, documents that go to a "significant" issue in the case. *See* Fed. R. Civ. P. 26. Moreover, there is no other way to obtain the documents in the Trustee's possession because if Defendants were to serve a subpoena, no third party would still have records for the relevant time periods.

As demonstrated by our submissions to Judge Maas, we provided the Trustee with a list of all known firms with which Madoff/BLMIS traded or custodied securities. The problem is the Trustee has never made a search of the records in his exclusive control to produce these documents.

This Court would never tolerate such conduct by the Defendants.

> C. Defendants made a showing that real trading occurred – as even Judge Maas acknowledged

Judge Maas also denied Defendants' application because, according to Judge Maas, "Defendants' have yet to establish that there is a basis to believe that any of the securities transactions undertaken by BLMIS's legitimate House 5 operations were intended to benefit its investment advisory customers or that the Court should indulge in that assumption." January 2, 2019 Order, ECF No. ECF No. 18354, at 6. However, as Defendants previously set forth – and which Judge Maas was aware of – Madoff previously testified to this. *See id.* at 2 ("Madoff has testified at his deposition that he engaged in actual trading on behalf of his investment advisory customers until approximately 1992 . . . ."). Judge Maas' legal analysis relied on a demonstrably false factual assumption – which even he knew was false. *See also N. Shore-Long Island Jewish*

---

[18] Ex. A to the September 20, 2018 Joint Letter to Judge Maas, which Chaitman Decl. as Ex. 2.

{00038862 4}

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 16, 2019
Page 7

*Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48, n.11 (E.D.N.Y. 2018) (Rule 26 does not impose on party seeking discovery the burden of addressing all proportionality considerations); Committee Note to the 2015 amendments to Rule 26 (party who makes a proportionality objection based on undue burden will normally be the party with the best information about what that burden is, and therefore will be required to explain and support the claim).

Moreover, Madoff testified that he used investment advisory customers' money to purchase and maintain a portfolio of $6 billion of T-bills. Mr. Sheehan ultimately admitted to this Court that this was true when this firm put this evidence before the Court. July 26, 2017 Tr. at 36:11-16.[19] The documents submitted to Judge Maas clearly refer to the showing that Defendants' have made.[20]

> D. Judge Maas failed to consider that Defendants' counsel requested, in the alternative, for access to the BLMIS Warehouses so that Defendants' counsel could go through the documents

In numerous instances, Judge Maas described Defendants as requesting the Trustee to "rummage through all of the boxes in the warehouse . . . ." January 2, 2019 Order, ECF No. 18354, at 7. Aside from the fact that any party is required to "rummage through" boxes in response to a document demand – and certainly Defendants have done so – Judge Maas failed to consider that Defendants' counsel, as an alternative, simply requested that the Trustee give Defendants' counsel access to the warehouses so that they could review the documents. This imposes the burden primarily on Defendants' counsel, not the Trustee's counsel. *Cf. S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 413 (S.D.N.Y. 2009) (producing party does not even satisfy discovery obligations simply by producing documents as they are kept in the regular course of business if they are not organized and labeled to respond to the categories of the request); *Oklahoma, ex rel. Edmondson*, 2007 WL 1498973, at *4 (N.D. Okla. May 17, 2007) (same).

## VI. Conclusion

The Trustee's deliberate concealment of the Trading Records over the last three years compels one of two actions by this Court: Either the Trustee's complaints should be dismissed with prejudice; or the Court should compel the Trustee to immediately produce to the Defendants all of the Trading Records, wherever they are located. Under the facts, Judge Maas' decision must be reversed.

Respectfully submitted,

*/s/Helen Davis Chaitman*

Helen Davis Chaitman

---

[19] Excerpts of which are Chaitman Decl., Ex. 9.
[20] *See, e.g.*, Exhibit A to the November 20, 2018 Letter, Chaitman Decl., Ex. 8, at 6 (referring to publicly filed documents showing real trading activity).

{00038862 4 }

## CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 16, 2019
Page 8

HDC/sh
Enclosures (as stated)
cc:    Maximillian S. Shifrin, Esq. (*via email only*)
        Nicholas J. Cremona, Esq. (*via email only*)

{00038862 4 }