# EXHIBIT 2

# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

September 20, 2018

<u>**VIA EMAIL and FIRST CLASS MAIL**</u>
The Honorable Frank Maas, U.S.M.J. (Ret.)
c/o JAMS, Inc.
620 Eighth Avenue, 34th Floor
New York, New York 10018
fmaas@jamsadr.com

> **Re:** *In re Bernard L. Madoff, Investment Securities, LLC,* **Adv. Pro. No. 08-01789;**
> *Irving H. Picard v. Wilenitz*, **Adv. Pro. No. 10-04995 (SMB)**

Dear Judge Maas:

I submit this Joint Letter with the Trustee on behalf of Defendants represented by this firm ("Defendants") pursuant to the October 4, 2016 Order referring certain discovery matters in the above-captioned liquidation to Your Honor, (ECF No. 14227), and the March 15, 2017 Order entered by Your Honor (ECF No. 15236). Defendants make this application to compel the Trustee to share access to the BLMIS Database with Defendants and to sanction the Trustee's counsel for failing to comply with two court orders and failing to produce documents essential for the defense of these actions.

## I.    <u>Defendants' Position</u>

### A.    <u>The Trustee's house of cards</u>

When Madoff confessed, there were 5,312 account holders who presented the Securities Investor Protection Corporation ("SIPC") with the possibility of its having to pay out SIPC insurance of $2.65 billion pursuant to the express provisions of the Securities Investor Protection Act.[1]  This amount greatly exceeded the total amount in the SIPC insurance fund because, from 1996 on, the members of SIPC had fixed the annual contribution to the SIPC fund (to insure every customer's account up to $500,000 based on the customer's last statement) at $150 per year **per firm**.  Thus, from 1996 through March 2009, every SEC-regulated broker-dealer was able to assure its customers that their accounts were insured against the dishonesty of their broker up to $500,000 based on their last statement at a cost, per firm, of $150 per year.

Obviously, SIPC's members had not fulfilled their obligation to maintain an adequate insurance fund.  Since SIPC could not cover the Madoff customer losses, it had two choices:  (a) to assess its member firms to cover the statutory liability; or (b) to vastly diminish the customer pool entitled to SIPC insurance.  The Trustee and SIPC embraced the second course of action and

---

[1] *See* http://www.madofftrustee.com/claims-03.html (last accessed June 25, 2017).

# CHAITMAN LLP

The Honorable Frank Maas
September 20, 2018
Page 2

the Trustee obtained the approval of the Second Circuit for his unique definition of "net equity" as the net investment of the customer, over generations. As a result, many customer claims were disallowed entirely because the customers were cruelly deemed to be "net winners." And even as to the "net losers," their entitlement to SIPC insurance was reduced by the netting out process. The Trustee pulled off this remarkable coup by representing to every court before which he appeared – and to the customer body and the general public – that Madoff/BLMIS never purchased any securities for his investment advisory customers and that these customers' funds were never used to purchase securities. We now know that these representations were totally false. However, the Trustee has resisted for two years in producing the evidence of his dishonesty. We are writing to request an order compelling the Trustee to give Defendants' access to the entire BLMIS Database which, to date, the Trustee has refused to give us access to. With such access, we will be able to match up securities in Madoff's/BLMIS' inventory with securities on Defendants' statements.

## B.    The Trustee has been repeatedly ordered to produce all trading records

The Trustee goes to great lengths to deny access to Madoff's/BLMIS' trading records, despite multiple court orders requiring their production and despite his having a duty to investigate the Debtor and disclose to the entire creditor body the facts relating to the Debtor's fraud. *See* 15 U.S.C. §§ 78*fff*-1(d)(3) (a SIPA trustee shall "report to the court any facts ascertained by the Trustee with respect to fraud, misconduct, mismanagement, and irregularities" of the debtor). Your Honor has already recognized that Madoff's trading records are highly relevant and they go to "significant" legal issues in these cases, *i.e.*, the calculation of Defendants' Net Equities and thus their clawback liability. (*See* March 15, 2017 Order, ECF No. 15236 at 2). As Judge Bernstein indicated to the Trustee on June 29, 2017, **there are "two orders directing you to turn over the documents."** (*See* June 29, 2017 Transcript at 74:14-15, Ex. A) (emphasis added).

Judge Bernstein always made it clear that the Trustee has an obligation to produce *all* of Madoff's trading records. (*See, e.g.*, May 17, 2016 Transcript, Ex. B, at 69:19-22) (THE COURT: "Well, if the Trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room . . . ."); (*see also id.* at 68:12-12). Your Honor has likewise ordered the Trustee to produce all trading records. (*See* January 7, 2017 Order, ECF No. 14807 at 3) ("To the extent there are any additional relevant records of securities trading that have not been made available . . . through Data Room 1, they must promptly be produced.").

During the December 13, 2016 hearing in front of Your Honor, the Trustee represented that he would produce all trading records. (*See* December 13, 2016 Transcript, Ex. C, at 145:23-146:5) (MR. JACOBS: "We will look for and have been looking for stuff – any additional stock trading records as to earlier period of time . . . to the extent we find them or restore them or can obtain them from DTCC or any other method, we will produce them to you and will put them in the data room.  Absolutely."). The Trustee made similar representations during the January 5, 2017 telephone conference with Your Honor. (*See* January 5, 2017 Transcript, attached as Ex. D, at 30:14-16) (MR JACOBS: "If it's a trading record, if it's a BLMIS trading record of securities having been traded, we will produce it.").

# CHAITMAN LLP

The Honorable Frank Maas
September 20, 2018
Page 3

### C.    The Trustee promised to share access to the BLMIS Database

Defendants have been requesting Madoff's trading records for well over two years now and the Trustee has been representing either that he has already produced all trading records or that he will do so. (*See, e.g.*, Defendants' August 29, 2016 motion to compel the Trustee to produce trading records, ECF No. 13962). Both representations were false. On November 14, 2017, I met with Mr. Sheehan and Mr. Shifrin at their office to discuss the specific documents we were seeking. I explained that, as I have always said, we want production of all third party documents evidencing the purchase, sale or custody of securities by Madoff and/or by BLMIS for the entire period from 1980 on. Mr. Shifrin promised to produce these documents. However, what the Trustee did, instead, was only produce third party "bank" account records that the Trustee had subpoenaed. Obviously, we did not request "bank" account records. We requested trading records. Moreover, since banks generally keep records for only six years, this maneuver allowed the Trustee to continue to conceal all trading records, from 1980 – 2008, that are in the BLMIS data base and only produce six years of "bank" records.

At a meeting with the Trustee's counsel and all defense counsel on June 5, 2018, Mr. Sheehan finally agreed to give defense counsel access to the BLMIS database. (*See* July 25, 2018 Transcript, attached as Ex.E, at 26:13-15) (MR. BELL: "In the context of that discussion, the BLMIS database came up and Mr. Sheehan did represent that the Trustee is certainly open to producing that database."). Sharing access to the BLMIS Database would finally allow Defendants to access Madoff's trading records, which the Trustee has deliberately concealed. It is the obvious solution to the Trustee's deliberate concealment of material evidence and yet, after finally making this offer, the Trustee rescinded his promise and indicated that he would not give all defense counsel access to the BLMIS data base.

Moreover, giving defense counsel access to the BLMIS Database does not impose any burden on the Trustee's counsel (unless he wants to remove documents and continue to conceal them). On July 25, 2018, Defendants raised this with Judge Bernstein, who granted permission to either file a motion or make this application to Your Honor. (*See id.* at 24:20-21) ("So, with respect to these trading records, just make a motion or go back to Judge Moss [sic] . . . ."). Since July 25, 2018, we have made attempts to gain voluntary compliance by the Trustee. Those attempts have proven fruitless. See, for example, my September 14, 2018 letter to the Trustee's counsel annexed hereto as Ex. F.

We ask Your Honor to order the Trustee to give the Defendants complete access to the BLMIS Database. The relevance of the trading records is obvious and multiple court orders require their production. Moreover, there is simply no basis for the Trustee to suggest that Defendants should have to share the financial responsibility of granting them access, particularly in view of the Trustee's violation of several court orders and the fact that SIPC and the Trustee have expended over $2 billion in this proceeding – as much as it would have cost SIPC to comply with the SIPC insurance requirements of SIPA. Instead of the money going to the BLMIS customers, as a result of the Trustee's dishonesty, at least $1 billion of SIPC money has gone to the Trustee's law firm. Yet, the Trustee continues to conceal material evidence.

# CHAITMAN LLP

### D.      The Trustee should be sanctioned

Under Rule 37(b)(2), the Trustee is obligated to pay the costs of production and, in addition, to pay the Defendants' reasonable attorneys' fees in seeking the Trustee's compliance with two court orders.  *See* Fed. R. Civ. P. 37(b)(2) (if a party "fails to obey an order to provide or permit discovery. . . . the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure") (emphasis added); *Intertec Contracting v. Turner Steiner Int'l, S.A.,* 2001 WL 812224 at *11 (S.D.N.Y. July 18, 2001) ("[F]ailure to comply with discovery orders justly allows the court to impose costs upon the failing party . . . .  The Second Circuit has repeatedly emphasized the importance of complying with discovery orders of the Court, warning that '[a] party who flouts such orders does so at his peril.'") (citation omitted).  *See also Moore's Federal Practice* § 37.50[1][a] ("[A] court should not permit the moving party to suffer net economic losses as a result of another party's violation of a discovery order.").  While the Trustee's law firm is paid handsomely by SIPC for concealing material evidence, the Defendants have been forced to expend whatever little money they have left to try to force the Trustee to comply with his obligations under the Federal Rules of Civil Procedure.  The Defendants are entitled to be compensated for their legal expenses.

## II.      The Trustee's position

Ms. Chaitman requests an order compelling the wholesale production of approximately 30 million documents—a collection comprising every hard-copy and electronic document recovered from the operative floors of BLMIS headquarters at the Lipstick Building.  Ms. Chaitman makes this application without any regard to relevance and proportionality considerations, and without using the detailed indices, long produced by the Trustee, providing a comprehensive itemization of all the BLMIS data in the Trustee's possession (*i.e.*, beyond what is in the BLMIS Database).  Because this request fails to comply with Your Honor's most recent March 15, 2017 order on the same subject of "trading records" (the "March 2017 Order"), Ms. Chaitman's request should be denied.

A brief history of this dispute is necessary to adequately contextualize Ms. Chaitman's instant application and, unfortunately, correct the multitude of falsehoods it contains.  On May 17, 2016, Judge Bernstein held a pre-motion discovery conference on Ms. Chaitman's proposed motion to compel.  At that conference, the Court went through each of Ms. Chaitman's discovery requests in an attempt to resolve the dispute, but the Court nevertheless permitted Ms. Chaitman to file a motion.  The motion was filed on August 29, 2016.  After fully briefing the motion, the parties referred the dispute to Your Honor for arbitration, which took place on December 13, 2016 (the "December 2016 Arbitration").  Notwithstanding Ms. Chaitman's efforts to mischaracterize this conference by taking certain quotes out of context, the Court did not "order" the Trustee to produce anything.  Indeed, if it had, Ms. Chaitman's motion and the subsequent arbitration would have been completely unnecessary.

Your Honor, however, has issued certain orders on this issue, and the Trustee has fully complied with them.  On December 15, 2016, in accordance with Your Honor's directives during the arbitration two days earlier, the Trustee sent Your Honor and Ms. Chaitman a letter detailing the steps the Trustee would take to identify the pre-1992 "trading records" Ms. Chaitman

# CHAITMAN LLP

The Honorable Frank Maas
September 20, 2018
Page 5

requested. In that letter, the Trustee noted that he had identified 95 records from the pre-1992 period related to the National Securities Clearing Corporation ("NSCC"), an affiliate of the DTCC. In addition, the Trustee stated that he ran searches for "Depository Trust" and "National Securities" across the approximately 30 million records in the BLMIS Database and would immediately produce the 16,042 responsive documents. The Trustee also explained that he had identified 167 reels of microfilm that potentially contained records from these earlier periods, and that he would restore and search those documents for additional DTCC or NSCC records. Finally, the Trustee agreed to produce two comprehensive and searchable indices: an index of hard-copy materials stored at the BLMIS Warehouse (the "Warehouse Index") and a separate index of electronic media (the "Media Index"), which together reflect the entire universe of BLMIS data in the Trustee's possession. Ms. Chaitman never objected to these measures.

After the Trustee completed these productions, Ms. Chaitman filed a second motion to compel additional pre-1992 records without specifying the documents she was seeking or what she thought the Trustee was withholding. Nevertheless, in a good faith effort to provide Ms. Chaitman with everything she was interested in, the Trustee voluntarily produced, while the motion was still pending, the following additional materials: (i) the balance of the documents that were restored from the 167 microfilm reels described above; (ii) all documents restored from 34 additional reels with pre-1992 labeling that he has since identified; and (iii) all documents responsive to 147 search terms applied across the approximately 30 million records in the BLMIS Database. The Trustee explained that he based the 147 search terms on internal BLMIS reports reflecting purported trading activity that he identified in BLMIS's books and records.

Critically, based on these efforts by the Trustee, Your Honor denied Ms. Chaitman's second motion to compel on March 15, 2017, as memorialized in the March 2017 Order. The order directed Ms. Chaitman to: (i) use the indices the Trustee had produced, which he recognized "should enable Ms. Chaitman to formulate more focused requests for trading records;" (ii) "send the Trustee's Counsel a letter specifically identifying the additional documents Ms. Chaitman seeks to have produced, and where she believes they may be found;" and (iii) "confer in person regarding Defendants' request for BLMIS trading records." *Id.* at 6. If the dispute persisted, Your Honor directed the parties to send "a joint letter . . . detailing their remaining areas of disagreement." *Id.* Your Honor concluded by reminding the parties that Fed. R. Civ. P. 26 "requires that discovery requests be limited to items that are relevant to a party's claims or defenses <u>and</u> proportional to the needs of the case." *Id.* (emphasis in original).

For over a year, Ms. Chaitman has not only ignored this order, but has actively tried to circumvent it. First, Ms. Chaitman improperly raised this dispute with Judge Bernstein, demanding in June of 2017 (in connection with the Madoff "Day 2" Deposition briefing) that the Trustee restore all 5,300 available microfilm reels, which Ms. Chaitman falsely stated the Trustee had never disclosed (a request the Court denied after learning of the March 2017 Order). At the same time, and further ignoring the detailed procedure set forth in the March 2017 Order, Ms. Chaitman demanded that the Trustee produce millions of documents responsive to 22 broad search terms based on well-known financial institutions, such as "Barclays," "Morgan Stanley," and "Fidelity." The Trustee repeatedly reminded Ms. Chaitman of her obligations under the Order, explained that the production of millions of irrelevant documents was beyond the scope of

# CHAITMAN LLP

The Honorable Frank Maas
September 20, 2018
Page 6

Fed. R. Civ. P. 26, and informed her that over one million of these documents were already available to her in E-Data Room 1. As such, the Trustee requested that Ms. Chaitman use the already available documents to narrow her search terms and invited her to meet and confer pursuant to the March 2017 Order. For months, Ms. Chaitman refused these offers.

The Trustee nevertheless continued to seek compromise with Ms. Chaitman, eventually agreeing to produce documents responsive to two of her 22 search terms—a step the Trustee did not need to take given Ms. Chaitman's failures to comply with the March 2017 Order or otherwise meet and confer. Recognizing that such broad search terms retrieved largely irrelevant documents, Ms. Chaitman finally agreed to meet and confer with the Trustee on November 14, 2017 (the "November Meet and Confer"), but never sent the Trustee the letter Your Honor directed her to send, or otherwise utilized the indices she had in her possession. Instead, after insisting for months that the Trustee produce millions of irrelevant documents, Ms. Chaitman finally specified that she was only interested in third-party business records that appear to reflect any BLMIS securities ownership or trading. Contrary to Ms. Chaitman's mischaracterizations, the parties agreed that the Trustee would run certain BLMIS bank account numbers across the Rule 2004 materials in the Trustee's possession—which the Trustee obtained from various third parties in response to Rule 2004 subpoenas—and produce responsive documents. Ms. Chaitman subsequently served a formal request for production, and the Trustee served responses and objections on December 21, 2017.

The Trustee produced all documents responsive to the search terms, applying the parameters to which the parties had agreed, and thus fully complied with his obligations under the March 2017 Order. Inexplicably, Ms. Chaitman nevertheless submitted a letter to the Court requesting permission to file a motion for sanctions. At the subsequent hearing, the Court informed Ms. Chaitman that Your Honor's March 2017 Order established a specific procedure for dealing with this dispute, and if Ms. Chaitman proceeded with her motion, the Court would likely assign costs to her for failing to follow that procedure. During the hearing, Ms. Chaitman also complained—for the first time and despite written records to the contrary—that the Trustee improperly limited his search to third-party records without including the separate BLMIS Database. Despite the fact that Ms. Chaitman remained out of compliance with the March 2017 Order, and in a good faith effort to resolve this dispute, counsel for the Trustee affirmatively contacted Ms. Chaitman (hours after the hearing) and informed her that the Trustee would run the exact same search terms across the BLMIS Database and produce all responsive documents to her, which the Trustee produced in June of 2018. The Trustee also reminded Ms. Chaitman that his investigation and review of the documents in the BLMIS Database is ongoing, and to the extent he identifies any additional records that appear to reflect BLMIS securities ownership or trading in the course of that investigation, he would supplement his productions.

In total, since the December 2017 Arbitration, the Trustee has produced approximately 270,000 documents and 4,800,000 pages—including the restoration and production of all documents stored on 206 microfilm reels. Indeed, the Trustee has fully satisfied his obligations pursuant to the parties' agreement at the November Meet and Confer and the March 2017 Order. Conversely, Ms. Chaitman has never even referenced the Warehouse and Media Indices she has had in her possession for nearly two years, let alone used them to make any targeted and

# CHAITMAN LLP

informed requests for additional documents consistent with Your Honor's directives.  Your Honor should therefore deny Ms. Chaitman's request for 30 million documents as inconsistent with both the March 2017 Order and Fed. R. Civ. P. 26, and also deny her motion for sanctions.[2]

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

*/s/ Maximillian S. Shifrin*

Maximillian S. Shifrin

---

[2] While the Trustee offered to make the BLMIS Database available, those representations were made during meet and confer discussions with multiple defense counsel in an attempt to reach a compromise and consensually resolve the multiple discovery-related issues raised by the Trustee's outstanding motion for an omnibus proceeding to address the nature of Madoff's Ponzi scheme.  Those meet and confer efforts were unfortunately unsuccessful, and the related offer to compromise was withdrawn based upon the failed negotiations.  Moreover, in advance of this submission, counsel for the Trustee again invited Ms. Chaitman to meet and confer to resolve all outstanding issues, but Ms. Chaitman refused.

# EXHIBIT A

```
                                                        Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3   Case No. 08-01789-smb

 4   - - - - - - - - - - - - - - - - - - - - - - - - - -x

 5   SECURITIES INVESTOR PROTECTION CORPORATION,

 6                   Plaintiff,

 7             v.

 8   BERNARD L. MADOFF INVESTMENT SECURITIES, L.L.C.,

 9                   Defendants.

10   - - - - - - - - - - - - - - - - - - - - - - - - - -x

11   Adv. Case No. 10-04292-smb

12   - - - - - - - - - - - - - - - - - - - - - - - - - -x

13   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14   MADOFF INVESTMENT SECURITIES LLC,

15                   Plaintiff,

16             v.

17   ROBERT ROMAN,

18                   Defendants.

19   - - - - - - - - - - - - - - - - - - - - - - - - - -x

20

21

22

23

24

25
```

Page 2

1                    U.S. Bankruptcy Court

2                    One Bowling Green

3                    New York, NY  10004

4

5                    June 29, 2017

6                    11:02 AM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   B E F O R E :

22   HON STUART M. BERNSTEIN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  K. SU

Page 3

1    Hearing re:  08-01789-smb Conference re Form of Order

2    Applying Discovery Arbitrator's Orders to Other Cases

3

4    Hearing re:  08-01789-smb Conference re Madoff Day 2

5    Deposition Topics

6

7    Hearing re:  08-01789-smb Notice of Agenda for Matters

8    Scheduled for Hearing on June 29, 2017

9

10   Hearing re:  10-04292-smb Trustee's Motion to Compel

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 4

```
 1   A P P E A R A N C E S :

 2

 3   MCDERMOTT WILL & EMERY LLP

 4        Attorneys for

 5        340 Madison Avenue

 6        New York, NY 10173

 7

 8   BY:  MICHAEL R. HUTTENLOCHER

 9

10   CHAITMAN LLP

11        Attorneys for

12        465 Park Avenue

13        New York, NY 10022

14

15   BY:  HELEN DAVIS CHAITMAN, ESQ.

16

17   BAKER HOSTETLER

18        Attorneys for the Trustee

19        45 Rockefeller Plaza

20        New York, NY 10111

21

22   BY:  STACEY A. BELL

23        MAXIMILLIAN S. SHIFRIN

24        EDWARD J. JACOBS

25        DAVID J. SHEEHAN
```

Page 5

1  DENTONS US LLP

2        Attorneys for

3        1221 Avenue of the Americas

4        New York, NY 10020

5

6  BY:  CAROLE NEVILLE

7

8  SCHULTE ROTH & ZABEL LLP

9        Attorneys for Picower Parties

10        919 Third Avenue

11        New York, NY 10022

12

13  BY:  MICHAEL KWON

14

15  HUNTON & WILLIAMS LLP

16        Attorneys for

17        200 Park Avenue

18        New York, NY 10166

19

20  BY:  ROBERT A. RICH

21

22

23

24

25

Page 6

1    ALSO PRESENT TELEPHONICALLY:

2

3    KEVIN H. BELL

4    JAMES H. BURBAGE

5    NICHOLAS J. CREMONA

6    PATRICK MOHAN

7    DAVID J. SHEEHAN

8    CATHERINE E. WOLTERING

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 74

```
 1                    DAVID SHEEHAN:  It sounds easy.

 2                    THE COURT:  All right.

 3                    DAVID SHEEHAN:  But we've been doing that for a

 4        year and a half with Ms. Chaitman.

 5                    MS. CHAITMAN:  That is untrue.

 6                    THE COURT:  No, no, stop.  I don't know what's in

 7        there, you don't know what's in there, and on that basis,

 8        you can't say I'm not going to turn it over.

 9                    DAVID SHEEHAN:  Yeah, but she hasn't shown to you

10        what she's saying is true.

11                    THE COURT:  There are two orders directing you --

12                    DAVID SHEEHAN:  But why does she get discovery

13        when she can't even prove what she's saying?

14                    THE COURT:  There are two orders directing you to

15        turn over the documents.  You haven't told me that they're

16        not relevant.  You --

17                    DAVID SHEEHAN:   I'm going to look at it, and if I

18        don't think they are, I'm going to tell Your Honor that.

19                    THE COURT:  You haven't made a motion for a

20        protective order, and there are two orders to turn over the

21        documents.

22                    DAVID SHEEHAN:  I'd like the protective order.

23        Well, I do.

24                    MS. CHAITMAN:  Well, Judge, you know --

25                    DAVID SHEEHAN:  It's about time she put up or shut
```

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  July 3, 2017

# EXHIBIT B

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 08-99000-smb

4    - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    ADMINISTRATIVE CASE RE: 08-01789 (SECURITIES INVEST-

8    ADVERSARY PROCEEDING),

9

10          Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13   Adv. Case No. 10-04995-smb

14   - - - - - - - - - - - - - - - - - - - - - - - - - - x

15   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

16   MADOFF INVESTMENT SECURITIES LLC,

17               Plaintiff,

18         v.

19   TRUST u/art FOURTH o/w/o ISRAEL WILENITZ,

20               Defendants.

21   - - - - - - - - - - - - - - - - - - - - - - - - - - x

22

23

24

25

Page 2

1    Adv. Case No. 10-05184-smb

2    - - - - - - - - - - - - - - - - - - - - - - - - - - x

3    IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

4    MADOFF INVESTMENT SECURITIES LLC,

5                      Plaintiff,

6             v.

7    LAURA ANN SMITH REVOCABLE LIVING TRUST et al,

8                      Defendants.

9    - - - - - - - - - - - - - - - - - - - - - - - - - - x

10

11   Adv. Case No. 10-04352-smb

12   - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14   MADOFF INVESTMENT SECURITIES LLC,

15                     Plaintiff,

16            v.

17   RAR ENTREPRENEURIAL FUND. LTD. et al.,

18                     Defendants.

19   - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

1              U.S. Bankruptcy Court

2              One Bowling Green

3              New York, NY  10004

4

5              May 17, 2016

6              10:51 AM

7

8

9   B E F O R E :

10  HON STUART M. BERNSTEIN

11  U.S. BANKRUPTCY JUDGE

12

13

14

15  Hearing re:  10-04995-smb, 10-05184-smb, 10-04352-smb The

16  Trustee's Request For Leave To File A Motion For a

17  Protective Order in Wilentiz.

18

19

20

21

22

23

24

25  Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   WINDELS MARX LANE & MITTENDORF, LLP

 4        Special Counsel to Irving H. Picard, as Trustee

 5        156 West 56th Street

 6        New York, NY 10019

 7

 8   BY:  KIM M. LONGO

 9        JOHN J. TEPEDINO

10

11   BAKER HOSTETLER

12        Attorney for the Trustee

13        45 Rockefeller Plaza

14        New York, NY 10111

15

16   BY:  EDWARD J. JACOBS

17        NICHOLAS J. CREMONA

18

19   CHAITMAN LLP

20        Attorney for Defendants

21        465 Park Avenue

22        New York, NY 10022

23

24   BY:  HELEN DAVIS CHAITMAN, ESQ.

25
```

08-01789-cgm   Doc 18388-2   Filed 01/16/19   Entered 01/16/19 18:14:05   Exhibit 2
10-04995-smb   Doc 67-3   Filed 05/19/10   Entered 05/24/10 12:03:01   Main Document
Pg 23 of 55
Pg 5 of 55

Page 5

1    ALSO PRESENT TELEPHONICALLY:

2    KEVIN H. BELL

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   BLMIS bought 100 shares of IBM and 50 shares show up on

2   Wilenitz.

3           MR. JACOBS:  Right.

4           THE COURT:  Who's to say he didn't actually own

5   that stock?

6           MR. JACOBS:  I would love to be able to --

7           THE COURT:  Which I guess would be relevant to his

8   net equity claim or his claim in the SIRA case.

9           MR. JACOBS:  I wish I could give you a

10  satisfactory answer but in the time that we have today, I

11  can't replicate the report of our expert, which, in

12  painstaking detail goes through all of the reasons why we

13  believe there was never a security traded in connection with

14  the fraudulent Ponzi scheme being operated and the IA

15  business.

16          THE COURT:  So, how does she test that conclusion?

17          MR. JACOBS:  She tests that conclusion the same

18  way our expert does, by examining the underlying records.

19  All of those records again have been made available to Ms.

20  Chaitman.  They're in the data room.  Those other records

21  are expert reports.

22          THE COURT:  Maybe that's the answer.  If there are

23  records -- because they do have the DTC records, at least

24  from the period when Wilenitz was investing.  If the records

25  show that BLMIS actually owned something, and the same stock

Page 69

1   shows up in Wilenitz's account statement, you can make the

2   argument that he actually owned that stock.  But you can do

3   that (indiscernible) and the information has been made

4   available to you.

5           And the sense I'm getting -- and I understand that

6   it's a lot of work -- is you want the Trustee to do this for

7   you, but you're going to have to do this yourself if this

8   stuff is available.

9           MS. CHAITMAN:  You know, Judge, with 4 million

10  pages of documents, the least the Trustee could do is

11  specify the specific Bates Numbers.  Because I don't want to

12  be in a position where we go to trial...  I mean, for all I

13  know, the data room is updated constantly and new documents

14  are added.  How am I going to prove at trial that certain

15  documents were not made available to me?  I mean, it's

16  impossible.  Why can't the Trustee be bound to tell me these

17  are the documents responsive to this request?

18          THE COURT:  But that doesn't solve your problem...

19  Well, if the Trustee has additional documents, he's got to

20  supplement the disclosure or the production, which he does

21  by adding them to the data room, and maybe you have a

22  continuing duty to check the data room.

23          But part of the problem is you've thrown such a

24  broad net over what you're looking for, instead of the

25  specific documents relevant -- that I think seem to be

```
 1                    C E R T I F I C A T I O N

 2

 3     I, Sonya Ledanski Hyde, certified that the foregoing

 4     transcript is a true and accurate record of the proceedings.

 5

 6     Sonya                    Digitally signed by Sonya Ledanski
                                Hyde
       Ledanski Hyde            DN: cn=Sonya Ledanski Hyde, o, ou,
 7                              email=digital1@veritext.com, c=US
                                Date: 2016.05.19 16:30:11 -04'00'

 8     Sonya Ledanski Hyde

 9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  May 19, 2016
```

# EXHIBIT C

Page 1

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------)
In re:                        ) SIPA LIQUIDATION
                              )
BERNARD MADOFF INVESTMENT     ) No. 08-01789 (SMB)
SECURITIES LLC,               )
                              )
              Debtor.         )(Substantively
                              ) Consolidated)
------------------------------)
In re:                        )
                              )
BERNARD L. MADOFF,            )
                              )
              Debtor.         )
------------------------------)
IRVING H. PICARD, Trustee for )
the Liquidation of Bernard L. )
Madoff Investment Securities  )
LLC,                          )
                              ) Adv. Pro. No.
              Plaintiff,      ) 10-04995 (SMB)
                              )
                v.            )
                              )
TRUST U/ART FOURTH O/W/O      )
ISRAEL WILENITZ,              )
                              )
EVELYN BEREZIN WILENITZ,      )
individually, and as Trustee  )
and Beneficiary of the Trust  )
U/ART Fourth O/W/O Israel     )
Wilenitz,                     )
                              )
SARA SEIMS, as Trustee of the )
Trust U/ART Fourth O/W/O      )
Israel Wilenitz,              )
                              )
              Defendants.     )
------------------------------)
```

            (CAPTION CONTINUED ON THE NEXT PAGE)

Page 2

```
 1   ------------------------------)
     IRVING H. PICARD, Trustee for )
 2   the Liquidation of Bernard L. )
     Madoff Investment Securities  )
 3   LLC,                          )
                                   ) Adv. Pro. No.
 4              Plaintiff,          ) 10-04818 (SMB)
                                   )
 5   v.                            )
                                   )
 6   TOBY HARWOOD,                 )
                                   )
 7              Defendant.         )
     ------------------------------)
 8   IRVING H. PICARD, Trustee for )
     the Liquidation of Bernard L. )
 9   Madoff Investment Securities  )
     LLC,                          )
10                                 ) Adv. Pro. No.
                Plaintiff,          ) 10-04914 (SMB)
11                                 )
     v.                            )
12                                 )
     EDYNE GORDON, in her capacity )
13   as the executrix and primary  )
     beneficiary of the estate of  )
14   Allen Gordon,                 )
                                   )
15              Defendant.         )
     ------------------------------)
16   IRVING H. PICARD, Trustee for )
     the Liquidation of Bernard L. )
17   Madoff Investment Securities  )
     LLC,                          )
18                                 ) Adv. Pro. No.
                Plaintiff,          ) 10-04826 (SMB)
19                                 )
     v.                            )
20                                 )
     ESTATE OF BOYER PALMER, DIANE )
21   HOLMERS, in her capacity as   )
     Personal Representative of the)
22   Estate of Palmer, and BRUCE   )
     PALMER, in his capacity as    )
23   Personal Representative of the)
     Estate of Boyer Palmer,       )
24                                 )
                Defendant.         )
25   ------------------------------)
```

Page 3

```
 1   ------------------------------)
     IRVING H. PICARD, Trustee for )
 2   the Liquidation of Bernard L. )
     Madoff Investment Securities  )
 3   LLC,                          )
                                   ) Adv. Pro. No.
 4                Plaintiff,       ) 10-04644 (SMB)
                                   )
 5   v.                            )
                                   )
 6   RUSSELL L. DUSEK,             )
                                   )
 7                Defendant.       )
     ------------------------------)
 8   IRVING H. PICARD, Trustee for )
     the Liquidation of Bernard L. )
 9   Madoff Investment Securities  )
     LLC,                          )
10                                 ) Adv. Pro. No.
                  Plaintiff,       ) 10-04541 (SMB)
11                                 )
     v.                            )
12                                 )
     KENNETH W. PERLMAN; FELICE J. )
13   PERLMAN; and SANFORD S.       )
     PERLMAN,                      )
14                                 )
                  Defendant.       )
15   ------------------------------)
     IRVING H. PICARD, Trustee for )
16   the Liquidation of Bernard L. )
     Madoff Investment Securities  )
17   LLC,                          )
                                   ) Adv. Pro. No.
18                Plaintiff,       ) 10-04728 (SMB)
                                   )
19   v.                            )
                                   )
20   BRUNO DIGIULIAN,              )
                                   )
21                Defendant.       )
     ------------------------------)
22
23
24
25
```

Page 4

```
 1    -------------------------------)
      IRVING H. PICARD, Trustee for  )
 2    the Substantively Consolidated )
      SIPA Liquidation of Bernard L. )
 3    Madoff Investment Securities   )
      LLC and Bernard L. Madoff,     )
 4                                    ) Adv. Pro. No.
                   Plaintiff,        ) 10-04905 (SMB)
 5                                    )
      v.                             )
 6                                    )
      TRAIN KLAN, a Partnership;     )
 7    FELICE T. LONDA, in her        )
      capacity as a Partner in Train )
 8    Klan; CLAUDIA HELMIG, in her   )
      capacity as a Partner in Train )
 9    Klan; TIMOTHY LANDRES, in his  )
      capacity as a Partner in Train )
10    Klan; PETER LONDA, in his      )
      capacity as a Partner in Train )
11    Klan; TIMOTHY HELMIG, in his   )
      capacity as a Partner in Train )
12    Klan; and WENDY LANDRES, in her)
      capacity as a Partner in Train )
13    Klan,                          )
                                     )
14                  Defendants.      )
      -------------------------------)
15    IRVING H. PICARD, Trustee for  )
      the Substantively Consolidated )
16    SIPA Liquidation of Bernard L. )
      Madoff Investment Securities   )
17    LLC and Bernard L. Madoff,     )
                                     ) Adv. Pro. No.
18                 Plaintiff,        ) 10-004621 (SMB)
                                     )
19    v.                             )
                                     )
20    DONALD A. BENJAMIN,            )
                                     )
21                  Defendant.       )
      -------------------------------)
22
23
24
25
```

Page 5

```
 1      TRUSTEE'S MOTION TO COMPEL DISCOVERY IN THE

 2              THREE ADVERSARY PROCEEDINGS:

 3
        i)   Picard v. Benjamin, Adv. Pro. No. 10-04621
 4     ii)   Picard v. DiGiulian, Adv. Pro. No. 10-04728
      iii)   Picard v. Train Klan, Adv. Pro. No. 10-04905
 5
                        -and-
 6
      CHAITMAN LLP'S MOTION TO COMPEL DISCOVERY AND THE
 7     TRUSTEE'S CROSS-MOTION FOR A PROTECTIVE ORDER IN ONE
       ADVERSARY PROCEEDING, PICARD V. WILENITZ, ADV. PRO.
 8     NO. 10-04995

 9                      -and-

10     CHAITMAN LLP'S MOTION FOR PROTECTIVE ORDER AND QUASH
11     TRUSTEE'S DEPOSITIONS IN THE FOLLOWING ADVERSARY SIX
       PROCEEDINGS:
12
        i)   Picard v. Perlman, Adv. Pro. No. 10-0454
13     ii)   Picard v. Gordon, Adv. Pro. No. 10-04914
      iii)   Picard v. Harwood, Adv. Pro. No. 10-04818
14     iv)   Picard v. Estate of Palmer, Adv. Pro. No.
       10-04826
15      v)   Picard v. DiGiulian, Adv. Pro. No. 10-04728
       vi)   Picard v. Dusek, Adv. Pro. No. 10-04644
16
17              TRANSCRIPT OF PROCEEDINGS

18     in the above-titled action, held on Tuesday,

19     December 13, 2016, at JAMS, 680 Eighth Avenue, New

20     York, New York, commencing at approximately 10:00

21     a.m., before Eileen Mulvenna, CSR/RMR/CRR, Certified

22     Shorthand Reporter, Registered Merit Reporter,

23     Certified Realtime Reporter, and Notary Public of

24     the State of New York.

25
```

```
                                                           Page 6

 1    B E F O R E:

 2

                    HON. FRANK MAAS (RET.), Arbitrator
 3                        620 Eighth Avenue
                          34th Floor
 4                        New York, New York 10018
                          fmaas@jamsadr.com
 5

 6

      A P P E A R A N C E S:
 7

 8

           BAKER HOSTETLER LLP
 9         Attorneys for the Trustee
                811 Main Street
10              Suite 1100
                Houston, Texas 77002-6111
11         BY:  DEAN HUNT, ESQ.
                dhunt@bakerlaw.com
12              MARIE L. CARLISLE, ESQ.
                marie.carlisle@bakerlaw.com
13
                      -and-
14
           BAKER HOSTETLER LLP
15              45 Rockefeller Plaza
                14th Floor
16              New York, New York  10111
           BY:  EDWARD J. JACOBS, ESQ.
17              edward.jacobs@bakerlaw.com

18

19

           CHAITMAN LLP
20         Attorneys for Defendants
                465 Park Avenue
21              New York, New York  10022
           BY:  HELEN DAVID CHAITMAN, ESQ.
22              hchaitman@chaitmanllp.com
                GREGORY M. DEXTER, ESQ.
23              gdexter@chaitmanllp.com

24

25
```

Trustees Motion to Compel Discovery                   Arbitration 12/13/2016

```
                                                      Page 145

 1              obtained them in part from a Rule 2004

 2              subpoena and part from what we restored on

 3              the BLMIS DTC terminal, in part from

 4              documents we got from the government.

 5                   We compiled all of that.  It is all

 6              available in a specifically labeled folder

 7              called DTC.  There are also folders in that

 8              exact same section that are labeled "FINRA."

 9              All of the categories of documents you're

10              looking for, as we've written you in letters

11              and attempted to explain to you many times in

12              the past, are actually in their own folders

13              in the data room so they can be -- they are

14              accessible that way.

15                   Now, with respect to earlier periods

16              of the fraud, that is an allegation and an

17              issue that you recently raised in the PW

18              context pursuant to Mr. Madoff's testimony.

19              Even though it was outside the scope of the

20              order allowing that testimony, the judge has

21              now allowed a second deposition on that

22              subject.

23                   We will look for and have been looking

24              for stuff -- any additional stock trading

25              records as to earlier periods of time in
```

Page 146

1          addition to what is currently in the data

2          room.  To the extent we find them or restore

3          them or can obtain them from DTC or any other

4          source, we will produce them to you and we

5          will put them in the data room.  Absolutely.

6               MS. CHAITMAN:  But see --

7               THE ARBITRATOR:  Let me rephrase that

8          for a second and see whether it's correct.

9               That to date, except to the extent

10         that they may be in DTC records or FINRA

11         records in that data room, you haven't found

12         any other records?

13              MR. JACOBS:  We're currently looking.

14         Because it's an active issue that

15         Ms. Chaitman has raised in the PW context in

16         discovery.  There's a deposition scheduled

17         for December 20th where Mr. Madoff will give

18         additional testimony as to those issues.

19              And clearly we are going to want to

20         respond, if we can to meet with the debtor's

21         books and records that are available.  So we

22         are actively looking for that material.

23              THE ARBITRATOR:  December 20th is --

24              MS. CHAITMAN:  Next Tuesday.

25              THE ARBITRATOR:  When are you going to

Trustees Motion to Compel Discovery                    Arbitration 12/13/2016

Page 246

1                    C E R T I F I C A T E

2          ·

3     STATE OF NEW YORK       )

4                             ) ss:

5     COUNTY OF WESTCHESTER )

6

7               I, Eileen Mulvenna, CSR/RMR/CRR and a

8     notary public within and for the State of New York,

9     do hereby certify:

10              That I reported the proceedings in the

11    within-entitled matter, and that the within

12    transcript is a true record of such proceedings.

13              I further certify that I am not related by

14    blood or marriage to any of the parties in this

15    matter and that I am in no way interested in the

16    outcome of the matter.

17              IN WITNESS WHEREOF, I have hereunto set my

18    hand this 15th day of December, 2016.

19

20              ------------------------------

                Eileen Mulvenna, CSR/RMR/CRR

21

22

23

24

25

# EXHIBIT D

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK


------------------------------x
SECURITIES INVESTOR PROTECTION :
CORPORATION,                         Adv. Pro. No.
                                  :  08-01789 (SMB)
          Plaintiff-Applicant,
                                  :  SIPA LIQUIDATION
     -against-
                                  :  (Substantively
                                     Consolidated)
BERNARD L. MADOFF INVESTMENT      :
SECURITIES, LLC,
                                  :
          Defendant.
------------------------------x
In Re:                            :

BERNARD L. MADOFF,                :

          Debtor.                 :
------------------------------x
IRVING H. PICARD, Trustee         :
for the Liquidation of               Adv. Pro. No.
Bernard L. Madoff Investment      :  10-04995 (SMB)
Securities, LLC,
                                  :
          Plaintiff,
                                  :
     -against-
                                  :
TRUST U/ART FOURTH O/W/O
ISRAEL WILENITZ, et al.,          :

          Defendants.             :
------------------------------x

          TRANSCRIPT of telephone conference as
taken by and before MONIQUE VOUTHOURIS, Certified
Court Reporter, RPR, CRR and Notary Public of the
States of New York and New Jersey, on Thursday,
January 5, 2017, commencing at 11:00 a.m.

Picard v Wilenitz                    Telephone Conference 1/5/2017

```
                                                      Page 2

 1   B E F O R E:

 2

          HON. FRANK MAAS (RET.), Arbitrator
 3        620 Eighth Avenue
          34th Floor
 4        New York, New York  10018
          fmaas@jamsadr.com
 5

 6
     A P P E A R A N C E S:
 7

 8        BAKER HOSTETLER LLP
          811 Main Street
 9        Suite 1100
          Houston, Texas  77002-6111
10        BY:  DEAN D. HUNT, ESQ.
               dhunt@bakerlaw.com
11
               MARIE L. CARLISLE, ESQ.
12             mcarlisle@bakerlaw.com

13                -and-

14        BAKER HOSTETLER LLP
          45 Rockefeller Plaza
15        14th Floor
          New York, New York  10111-0100
16        BY:  EDWARD J. JACOBS, ESQ.
               ejacobs@bakerlaw.com
17        For Irving Picard, Trustee

18

19        CHAITMAN LLP
          465 Park Avenue
20        New York, New York  10022
          BY:  HELEN DAVIS CHAIRMAN, ESQ.
21             hchaitman@chaitmanllp.com

22             GREGORY M. DEXTER, ESQ.
               gdexter@chaitmanllp.com
23        For a number of defendants

24

25
```

Picard v Wilenitz                    Telephone Conference 1/5/2017

Page 30

 1                    MR. JACOBS:  We are -- we are

 2     right now using the search terms that I

 3     disclosed in my letter in December to identify

 4     any records or reports that reflect securities

 5     trades having been conducted historically at

 6     BLMIS for any point in time.

 7                    MS. CHAITMAN:  Okay.  So when you

 8     say relevant, I mean, you're not saying we're

 9     not putting -- we're not putting in any evidence

10     of these trades, you're not distinguishing among

11     trades, right?  I mean, you're putting all the

12     trading records in.

13                    MR. JACOBS:  That's correct, yeah.

14     If it's a trading record, if it's a BLMIS

15     trading record of securities having been traded,

16     we will produce it.

17                    MS. CHAITMAN:  Okay.  Okay.  So,

18     you know, on that I guess the only concern I

19     have, and I'm not sure that it's something that,

20     Judge, you ought to consider right now, but we

21     have scheduling orders in every case for fact

22     discovery.  And, obviously, this is -- this is a

23     major new area of discovery which we will need

24     time to analyze, and the present fact discovery

25     orders do not -- did not contemplate this whole

Picard v Wilenitz                    Telephone Conference 1/5/2017

Page 57

```
 1                    CERTIFICATE

 2

 3          I, MONIQUE VOUTHOURIS, a Notary

 4   Public of the States of New York and New Jersey,

 5   and Certified Court Reporter of the State of New

 6   Jersey, License No. X100834, do hereby certify

 7   that the foregoing is a true and accurate

 8   transcript of the telephone conference as taken

 9   stenographically by and before me on the date

10   hereinbefore set forth.

11          I DO FURTHER CERTIFY that I am

12   neither a relative nor employee nor attorney nor

13   counsel of any of the parties to this action,

14   and that I am neither a relative nor employee of

15   such attorney or counsel, and that I am not

16   financially interested in the action.

17

18                      Monique Vouthouris

19

20       Notary Public of the State of New York

21       My Commission expires December 1, 2019

22

23

24   Dated:  January 6, 2017

25
```

# EXHIBIT E

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Lead Case No. 08-99000-smb

4   Case No. 08-01789-smb

5   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6   In the Matter of:

7   SECURITIES INVESTOR PROTECTION CORPORATION,

8                     Plaintiff,

9               v.

10  BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, et al.,

11                    Defendants.

12

13  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

14                    United States Bankruptcy Court

15                    One Bowling Green

16                    New York, NY  10004

17

18                    July 25, 2018

19                    10:10 AM

20

21  B E F O R E :

22  HON STUART M. BERNSTEIN

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:  UNKNOWN

Page 2

1  HEARING re Conference re Motion for an Order Establishing
2  Omnibus Proceeding for the Purpose of Determining the
3  Existence, Duration and Scope of the Ponzi Scheme at BLMIS
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by: Sonya Ledanski Hyde

Page 4

1  PRYOR CASHMAN LLP
2      Attorneys for the Defendants
3      7 Times Square
4      New York, NY 10036
5
6  BY:  RICHARD LEVY, JR.
7
8  MCDERMOTT WILL & EMERY LLP
9      Attorneys for Sage Associates, Sage Realty, Malcolm
10     Sage, Martin Sage, Ann Sage
11     340 Madison Avenue
12     New York, NY 10173
13
14  BY:  ANDREW B. KRATENSTEIN
15
16  HUNTON ANDREWS KURTH LLP
17     Attorneys for Defendants
18     200 Park Avenue
19     New York, NY 10166
20
21  BY:  RICHARD A. RICH
22
23
24
25

Page 3

1  A P P E A R A N C E S :
2
3  BAKER HOSTETLER
4      Attorneys for Trustee BLMIS
5      45 Rockefeller Plaza
6      New York, NY 10111
7
8  BY:  NICHOLAS J. CREMONA
9      AMANDA E. FEIN
10     STACEY A. BELL
11     MELISSA L. KOSACK
12     MAXIMILLIAN S. SHIFRIN
13
14  DENTONS US LLP
15     Attorneys for Defendants
16     1221 Avenue of the Americas
17     New York, NY 10020
18
19  BY:  CAROLE NEVILLE
20
21
22
23
24
25

Page 5

1  FISHERBROYLES LLP
2      Attorneys for Defendants
3      445 Park Avenue
4      New York, NY 10022
5
6  BY:  RICHARD A. KIRBY
7
8  STEVENS & LEE
9      Attorneys for Legacy Capital
10     485 Madison Avenue, 20th Floor
11     New York, NY 10022
12
13  BY:  NICHOLAS F. KAJON
14
15  CHAITMAN LLP
16     Attorneys for Defendants
17     465 Park Avenue
18     New York, NY 10022
19
20  BY:  HELEN DAVIS CHAITMAN
21
22
23
24
25

2 (Pages 2 - 5)

Page 6

1  ALSO PRESENT TELEPHONICALLY:
2
3  KEVIN H. BELL
4  PATRICK MOHAN
5  JOSHUA TUCKER
6  DAVID J. SHEEHAN
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 7

1          P R O C E E D I N G S
2          THE COURT: Go ahead.
3          MS. BELL: Good morning, Your Honor. Stacey Bell,
4  counsel for the Trustees, BakerHostetler. Your Honor, we're
5  here on a status conference on the Trustee's motion for an
6  order establishing an omnibus proceeding on the existence,
7  duration, and scope of the Ponzi scheme at BLMIS. Since the
8  last time we were here, we've refiled that motion, and so
9  now we're here on an omnibus Ponzi pretrial proceeding.
10         If this Court will recall, the Trustee filed a
11  motion in February seeking to consolidate the remaining good
12  faith actions on the issue -- on the Ponzi issue. And in
13  response to the Trustee's motion, the Trustee received a
14  number of objections. 106 cases filed objections. There
15  were eight law firms. We've since -- that number has since
16  dropped to seven law firms with 105 cases at issue.
17         So, a month ago, the parties appeared before Your
18  Honor to update the Court on the status of the negotiations.
19  And at that time, the Trustee reported that since receiving
20  the Defendant's objections, the parties had been engaged in
21  negotiations seeking to streamline the issues for the Court.
22  More specifically, the parties were engaged in discussions
23  about a consolidated proceeding that would address discovery
24  only, tabling issues of trial and dispositive motions for a
25  later date.

Page 8

1          Based on the progress that the parties had made
2  during the course of their negotiations, as of the last
3  hearing, the Trustee expressed optimism that we would be
4  able to enter into a revised consensual order. And the
5  objecting parties agreed with the Trustees -- the Trustee
6  and acknowledge the progress that the parties had made to
7  date.
8          Subsequent to the hearing, Your Honor, the Trustee
9  sent a revised proposed order to the Defendants. That is
10  the order that is now before the Court. And the revised
11  order, as I stated before, we refiled a pretrial order
12  because we significantly limited -- and it indicated the
13  substantial overhaul and changes between the initial order
14  and the revised order.
15         The Trustee's counsel had a meeting with
16  Defendants with the objecting Defendants, where it was our
17  hope that we would continue in the same vain as the initial
18  rounds of discussions, making progress towards a consensual
19  order.
20         At the meeting, as reflected in our reply papers,
21  the objecting Defendants informed the Trustee that they
22  could not agree to the order because as a threshold matter,
23  discovery was closed in a majority of their cases and the
24  fact, of course -- discovery renders this proceeding
25  problematic.

Page 9

1          In the Defendant's view, the only cases that could
2  proceed on this consolidated basis would be cases where fact
3  discovery is open under the CMO. The Trustee obviously --
4          THE COURT: How many of those?
5          MS. BELL: There are about seven or so cases, Your
6  Honor, and I'll go through those categories in just a
7  moment. But there are seven cases in the Trustee's view
8  that are open with -- under the existing CMOs. The Trustee
9  disagrees with Defendant's position, and we decided to file
10  a motion or a reply just in accordance with the Court's
11  directive at the last hearing, that that reply be put in by
12  July 18th.
13         The day before the filing, the Trustees received -
14  - the Trustee received comments to our proposed order, and
15  those comments highlighted and confirmed how far apart the
16  parties were. In the Trustee's view, we've accommodated and
17  we've sought to accommodate the Defendant's position vis-à-
18  vis our proposed revised order on what a restructured
19  omnibus Ponzi proceeding could look like. And we think that
20  the revised order is judicially efficient and it streamlines
21  the discovery process going forward on the Ponzi issue.
22         And so, Your Honor, I want to talk just a bit
23  about how the Trustee's grouped the cases because, in our
24  view, there are three groups of cases. The first group --
25  and that's the question Your Honor just had -- the cases

3 (Pages 6 - 9)

Page 22

1   These issues have been in the case from day one,
2  and the Trustee -- I mean, for the Trustee to say that they
3  didn't know we were going to take the position that actual
4  securities were purchased is absurd.  I believe it was in
5  2011 that I filed evidence of Madoff having purchased T-
6  bills.  And the Trustee filed papers saying I didn't know
7  what I was talking about; this was a phony document.  And
8  then Mr. Madoff said, yes, the 17th floor customers did, in
9  fact, have T-bills and he used their money to purchase a
10  portfolio of $6 billion of T-bills, and you've heard about
11  that in the past.  So these are not new issues and there's
12  no reason to take this discovery now.
13      THE COURT:  So, why do you want to take the
14  discovery of the traders with your subpoenas?
15      MS. CHAITMAN:  Because I served those subpoenas
16  about 18 months ago and Your Honor took the position that I
17  couldn't take those depositions.
18      THE COURT:  Well, we said we would wait -- there's
19  an order that says we'll wait until the end of the Madoff
20  deposition.
21      MS. CHAITMAN:  Right, okay.  So what's happened
22  with the Madoff deposition is that, as you are painfully
23  aware, I've been trying to get the Trustee to produce the
24  trading records.  We've been going round and round on this.
25  But on June 5th we all met with counsel for the Trustee and

Page 23

1  Mr. Sheehan told us that he would give us access to the
2  BLMIS database, which has, you know -- I forgot the number -
3  - 30 million pages of documents, whatever it is.  That would
4  include all the trading records.
5      In the meantime, I was before you on May 1st, when
6  I was asking for permission to file a motion for sanctions
7  against the Trustee for concealing material evidence, and
8  you said, go back to Magistrate Judge Moss.
9      THE COURT:  That's not what I said.  You said I
10  told you -- in the most recent submission you said I told
11  you you couldn't make the motion.
12      MS. CHAITMAN:  Right.
13      THE COURT:  And what I said was I won't stop you
14  from making the motion, but it sounds to me like Judge Moss
15  has dealt with these issues, he's established a procedure,
16  and that procedure should be followed.  And you said, okay,
17  I'll go back to Judge Moss.
18      MS. CHAITMAN:  Okay.
19      THE COURT:  Did you go back?
20      MS. CHAITMAN:  Here's what happened.  That very
21  afternoon, May 1st --
22      THE COURT:  I take it from your response, you
23  didn't.
24      MS. CHAITMAN:  Let me tell you why.  May 1st, the
25  day we were before you, Mr. Shifrin emailed me and said we

Page 24

1  will voluntarily producing the trading records.
2      THE COURT:  You were before me that day, May 1st.
3      MS. CHAITMAN:  I'm sorry?
4      THE COURT:  The transcript is May 2nd but you were
5  before me May 1st.
6      MS. CHAITMAN:  Okay.  On May 1st, the day that we
7  were here, I got an email from Mr. Shiffrin which I put into
8  evidence.  I sent it -- I filed it on Monday.  Where Mr.
9  Shiffrin emailed me and said, we will produce the trading
10  records.  We then had communications where he produced
11  trading records he'd previously produced --
12      THE COURT:  Can I save some time and cut you off
13  on this?  I've been hearing about this now for over two
14  years.  There is a procedure in place.  You can either go
15  back to Judge Moss, I suppose, where I said, go make a
16  Motion to Compel, if you want to make a motion.  But this
17  has been a he said-she said for two years and they're going
18  to tell me that they did produce whatever it was you had
19  asked for.
20      So, with respect to these trading records, just
21  make a motion or go back to Judge Moss with the procedural -
22  -
23      MS. CHAITMAN:  Then I'll make a motion.
24      THE COURT:  Fine.
25      MS. CHAITMAN:  I'll make a motion.  But let me go

Page 25

1  over a few of the issues.  You know, there --
2      THE COURT:  Let's get back to the procedure.
3      MS. CHAITMAN:  Okay.  There are two separate
4  issues here, though.  One is the discovery, which you have
5  always expressly on the record reserved, which was the open
6  discovery.  I was able -- you said I could take the
7  depositions and get the documents from the subpoenaed --
8      THE COURT:  Well, I said you could serve the
9  subpoenas and then we would talk about that and I think
10  expert discovery after the end of Madoff's deposition.
11      MS. CHAITMAN:  There was the issue of my document
12  demand, which has never been satisfied, and there was the
13  issue of the discovery of the traders, and there was the
14  completion of Madoff's deposition, which I've left open
15  solely because the Trustee has not produced the trading
16  records.
17      If Mr. Sheehan fulfills his promise to us on June
18  5th that he will give us all access to the BLMIS database,
19  that would solve the trading records issue.  He hasn't told
20  me he's reneging on that --
21      THE COURT:  These are the 4,000 microfilms?
22      MS. CHAITMAN:  No, no, no.  This has nothing --
23      MS. BELL:  No, Your Honor , these are 30 million
24  documents.
25      MS. CHAITMAN:  30 million --

7 (Pages 22 - 25)

Page 26

1       MS. BELL: For the BLMIS database.

2       THE COURT: And what's involved in making them

3   available mechanically?

4       MS. BELL: Your Honor, I think we have to proceed

5   pursuant to Rule 26 of the Federal Rules of Civil Procedure,

6   and there are some technical issues.

7       THE COURT: What's involved in producing those?

8       MS. BELL: So, here's what I'd say, Your Honor.

9   We had -- in the first meet and confer that we had, where we

10  thought we were making progress, one of the things, because

11  we had I thought, tentatively at least -- I conceptually

12  agreed to a consolidated discovery proceeding.

13      In the context of that discussion, the BLMIS

14  database came up and Mr. Sheehan did represent that the

15  Trustee is certainly open to producing that database. There

16  are some logistical issues that we will need to talk about

17  with Defendants. There are cost concerns, there are

18  concerns. And so we had set aside another meeting --

19      THE COURT: Well, that's what I want to know. I

20  want to know who's going to bear the cost of this.

21      MS. BELL: And that's what -- we had a meet and

22  confer that was set up as of the date of the last hearing

23  that -- that meet and confer did not happen because we had

24  to come here. We set up another meet and confer and we did

25  not continue that discussion because at that time,

Page 27

1   Defendants told us that they were not agreeing to a

2   consolidated discovery proceeding.

3       THE COURT: Okay. Let's get back to the issues

4   and the order -- this consolidated discovery issue.

5       MS. CHAITMAN: The -- you mean --

6       THE COURT: I understand you have disputes about

7   whether documents have been promised or produced, but let's

8   get back to the order. The concept of consolidate --

9   additional.

10      MS. CHAITMAN: Okay.

11      THE COURT: Reopen -- whatever consolidated

12  discovery along the lines the Trustee is proposing.

13      MS. CHAITMAN: Okay. The vast -- as the Trustee

14  says, the Trustee has not given us the names of the seven

15  cases that discovery is still open in, but in the vast

16  majority of my cases, fact discovery has long since closed

17  except for the deficiencies in the Trustee's production, and

18  the deposition of Mr. Madoff, and the subpoenaed witnesses.

19  So, there is no ability to take back discovery.

20      Under the federal rules, the only way that the

21  case management order could be so retroactively changed is

22  if the Trustee could prove that he proceeded with all due

23  diligence, which he can't possibly do, in view of the fact,

24  as I've explained, that I asserted these issues from day one

25  in answering the complaints, and the Trustee -- there's

Page 28

1   nothing that Mr. Madoff said that couldn't have been

2   anticipated. These are all the --

3       THE COURT: So you're telling me that based upon

4   what Madoff said, there's no need for additional discovery?

5       MS. CHAITMAN: I'm entitled to --

6       THE COURT: Because the order says -- I'm not --

7   the order says, or both orders say that I'm not reopening

8   discovery but I'll consider the issue based upon what comes

9   out of Madoff's deposition. And you're telling me that

10  whatever came out of the Madoff deposition has been in the

11  case for eight or ten years or however --

12      MS. CHAITMAN: Exactly, exactly.

13      THE COURT: All right.

14      MS. CHAITMAN: And it will be proven by the

15  trading records, if I ever get them.

16      THE COURT: Okay.

17      MS. CHAITMAN: We would like to have the

18  opportunity, Your Honor, if the Court is going to enter an

19  order, of submitting a proposed counter-order. There are a

20  number of issues that are raised by the --

21      THE COURT: Let me raise an issue with you, and

22  it's really for everybody. At the end of the day, some sort

23  of consolidated proceeding is contemplated for those cases

24  that are eligible for that. And by that I mean, cases where

25  I can make findings of fact and conclusions of law or I can

Page 29

1   at least make proposed findings of fact and conclusions of

2   law. I understand the jury trial issue; let's put that

3   aside.

4       Here's my concern. Discovery is still open in

5   seven cases, right? The Trustee wants to take Ms.

6   Bongiorno's deposition in those seven cases, and she

7   testifies, "Oh, yeah, we never bought a single security. It

8   was all a fraud." I then have a consolidated proceeding.

9   Can the parties who were not entitled to further discovery

10  argue you can't use Ms. Bongiorno's deposition against me

11  because I didn't have the opportunity to cross-examine?

12  That's the practical problem I want to deal with.

13      And maybe the answer is, as the Trustee suggests,

14  well, you can opt in to additional discovery or not but your

15  order doesn't say it, but you're deemed to have the

16  opportunity to cross-examine all witnesses that you choose

17  not to attend.

18      MS. CHAITMAN: Your Honor, with respect to Ms.

19  Bongiorno's deposition, she's --

20      THE COURT: Let's get back to the practical

21  problem that I just raised. It could be Ms. Bongiorno's

22  deposition, it could be anybody. It could be one of your

23  traders.

24      MS. CHAITMAN: Okay.

25      THE COURT: Suppose one of your traders says, "We

8 (Pages 26 - 29)

Page 90

```
 1              I N D E X
 2
 3              RULINGS
 4                        Page     Line
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 91

```
 1         C E R T I F I C A T I O N
 2
 3      I, Sonya Ledanski Hyde, certified that the foregoing
 4   transcript is a true and accurate record of the proceedings.
 5
 6
 7
 8   Sonya Ledanski Hyde
 9
10
11
12
13
14
15
16
17
18
19
20   Veritext Legal Solutions
21   330 Old Country Road
22   Suite 300
23   Mineola, NY 11501
24
25   Date:
```

24 (Pages 90 - 91)

# EXHIBIT F

# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

September 14, 2018

**<u>VIA EMAIL: mshifrin@bakerlaw.com</u>**

Maximillian S. Shifrin
BakerHostetler
45 Rockefeller Plaza
New York, NY 10111-0100

Re:     *Securities Investor Protection Corporation v. Bernard L. Madoff*
         *Investment Securities, LLC,* Case No. 08-01789 (SMB)
         Third-Party Trading Records

Dear Max:

I am writing in response to issues that have arisen in your communications with Agatha Cole of my office. Contrary to your email dated September 12, 2018 to Agatha, the Trustee has not produced all third-party trading records responsive to our requests.

As you know, when we met at your office on November 14, 2017, you and Mr. Sheehan agreed to produce all third party trading records evidencing trades/ownership of securities, whether House 5 or House 17, dating from 1960 on (the "Trading Records"). The Trading Records would include, but not be limited to, trading confirmations, brokerage account statements, custodial account statements, delivery receipts, and *any* other such documents that reflect *any* securities transaction or ownership to which Madoff/BLMIS was a party at any time since 1960.

At the November 14, 2017 meeting, you expressed concern as to how you could identify the Trading Records when you searched the 30 million pages of documents in the BLMIS Data Base. I suggested to you that you simply search using the unique account number that Madoff/BLMIS had with each institution from which it purchased securities or had a custodial relationship. You said you thought that was a great idea. Indeed, the very next day, you emailed me:

> After consulting internally, we have identified a list that we created of BLMIS account numbers with various banks. We can apply those search terms across our third party records to get a preliminary idea of what kind of universe of documents that would yield. That way, you don't have to go digging up those numbers yourself.

{00037598 2 }

# CHAITMAN LLP

Maximillian S. Shifrin
September 14, 2018
Page 2

You have not produced to me the list to which you referred and I would ask that you do that immediately.

The third party records fall into two categories:  records the Trustee obtained by subpoena from a limited number of firms (the "Subpoenaed Records"); and records that Madoff/BLMIS maintained themselves.  We need both sets of records because the Subpoenaed Records in general do not go back more than six years from 2009 when the subpoenas were served.  In order to assist you in complying with this request, Mr. Kratenstein and I emailed you a chart (the "Chart") listing institutions that we know Madoff/BLMIS did business with.  This list is not inclusive; it is only what had been identified by us.  Indeed, the Trustee's expert, Lisa Collura, produced a much more extensive list of the firms with which Madoff/BLMIS did business.  That list is attached hereto for your convenience.  Obviously, we need all Trading Records for every firm identified by Ms. Collura.

But, even as to the much smaller list of trading partners that we gave you, you told us you did a search of the firms listed on the chart and you sent the chart back to us with a new column on the right hand side showing the number of "hits" in the BLMIS database:

| Name | Documents with hits | Documents with hits, including group | Unique hits |
|------|---------------------|--------------------------------------|-------------|
| "Bank of Tokyo" | 5,848 | 9,744 | 1,803 |
| Barclays | 303,996 | 653,284 | 220,156 |
| "Bear Stearns" | 765,598 | 916,630 | 657,291 |
| Chase | 999,707 | 1,121,276 | 348,525 |
| Chemical | 227,599 | 380,135 | 64,624 |
| "Commercial Bank" | 15,510 | 33,597 | 3,584 |
| Continental | 96,782 | 218,548 | 51,089 |
| Fidelity | 1,548,685 | 1,649,488 | 818,763 |
| "Irving Trust" | 336 | 422 | 101 |
| Lehman | 971,112 | 1,111,786 | 812,784 |
| "Loeb Rhoades" | 23 | 32 | 5 |
| "Manufacturers Hanover" | 2,453 | 2,839 | 1,041 |
| "Marine Midland" | 930 | 1,096 | 55 |
| Meadowbrook | 4,489 | 6,796 | 1,538 |
| "Morgan Stanley" | 708,745 | 816,575 | 86,766 |
| "National Bank of North America" | 259 | 320 | 224 |
| NSCC | 60,305 | 66,840 | 38,398 |
| NatWest | 4,848 | 271,293 | 2,004 |
| National Westminster Bank | 2,584 | 3,113 | 0 |

# CHAITMAN LLP

Maximillian S. Shifrin
September 14, 2018
Page 3

| Name | Documents with hits | Documents with hits, including group | Unique hits |
|------|---------------------|--------------------------------------|-------------|
| "Westminster Bank" | 2,726 | 3,265 | 78 |
| NBNA | 295 | 326 | 138 |

Despite our repeated requests, you have refused to produce to us the documents constituting the hits on this list. And, of course, you have never given us a list of the number of hits you would have if you searched for the Trading Records of every institution identified by Ms. Collura. This is one reason why we need complete access to the BLMIS Data Base.

In addition, even as to the Subpoenaed Records that you claim you have fully produced to us, the evidence indicates that you have withheld a substantial volume of documents. To take just one example, although "Morgan Stanley" was among the search terms, and although the Trustee claims to have produced all documents responsive to those search terms within the Subpoenaed Records, the index of Bates prefixes that you provided to us two weeks ago includes at least 3 separate document sets produced by Morgan Stanley that have never been turned over to us (*e.g.*, MSYSAA***, MSYSAC***, and MSYSAF***).

Thus, we are still seeking the same Trading Records that we demanded in 2016 and that you and Mr. Sheehan expressly promised to produce on November 14, 2017.

Finally, I know Agatha has explained to you that the E-Data Room structure does not permit us to search for documents. We need to have all of the Trading Records, including the Subpoenaed Records, in one data base that we can search. We are able to set up our own data base with respect to the documents you have produced to us but the structure of the E-Data Room, as I have explained to you, makes it impossible for us to save our searches. We can't even print out the documents. We have to write to someone in your firm and make a specific request that specific Bates numbered documents be sent to us. This makes it impossible for us to do the work necessary to prepare for trial. Thus, we ask again that you lift all user restrictions that prevent us from employing the saved search functionality in Relativity, which includes the option to create and save searches based on specific fields that are already visible to us.

Yours sincerely,

Helen Davis Chaitman

HDC:leb
Encl.

{00037598 2 }

**EXHIBIT 3**

### List of Known BLMIS/Bernard L. Madoff Bank and Brokerage Accounts

| Name on Account Statement - 1 | Name on Account Statement - 2 | Date of Name Change | Banking / Financial Institution[1] | Account Number | Earliest Available Statement | Latest Available Statement |
|---|---|---|---|---|---|---|
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bank of America | xxx-x8229 | Dec-06 | Feb-09 |
| Bernard L  Madoff | No Change | n/a | Bank of America | xxxx-x-x0329 | Dec-98 | Jun-01 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bank of New York | xx4239 | Mar-05 | May-07 |
| Master Trust - Master Custody Account / Bernard L Madoff | Custodian Account / Bernard L Madoff | Dec-00 | Bank of New York | xx6715 | Jul-99 | Jun-09 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bank of New York | xxx-xx0052 | May-08 | Dec-08 |
| Bernard L  Madoff | No Change | n/a | Bank of New York | xxx-xxx1050 | Jul-99 | May-09 |
| Bernard L Madoff / Ruth Madoff | No Change | n/a | Bank of New York | xxx-xxx2156 | Jan-02 | Dec-02 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bank of New York | xxx-xxx2-393 | Jul-99 | Jan-09 |
| Bernard L Madoff / Ruth Madoff | No Change | n/a | Bank of New York | xxxxxx2690 | Dec-97 | Jul-10 |
| Bernard L  Madoff | No Change | n/a | Bank of New York | xxx-xxx3-878 | Jan-98 | Apr-00 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bank of New York | xxx-xxx4-391 | May-03 | Jan-09 |
| Bernard L  Madoff | No Change | n/a | Bank of New York | xxx-xxx6-412 | Jun-09 | May-09 |
| Bernard L  Madoff | Bernard L Madoff Investment Securities LLC | May-01 | Bank of New York | xxx-xxx6-621 | Jan-98 | Jan-09 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bank of New York | xxx-xxx6-918 | Sep-03 | Feb-09 |
| Bernard L  Madoff | Bernard L Madoff Investment Securities LLC | May-01 | Bank of New York | xxx-xxx7-065 | Jun-00 | Aug-07 |
| Bernard L  Madoff | Bernard L Madoff Investment Securities LLC | May-01 | Bank of New York | xxx-xxx7-826 | Jan-98 | Jan-09 |
| Bernard L  Madoff | Bernard L Madoff Investment Securities LLC | May-01 | Bank of New York | xxx-xxx9-934 | Jan-98 | Jan-09 |
| Bernard L Madoff Securities LLC | No Change | n/a | Bank of New York / Pershing LLC (Imperial Capital) | xxx-xx7646 | Apr-08 | Dec-08 |
| Bernard L Madoff Securities | No Change | n/a | Bank of New York / Pershing LLC (Janco Partners Inc) | xxx-xx2296 | Mar-05 | Dec-08 |
| Bernard L  Madoff | No Change | n/a | Bank of New York / Pershing LLC (Link Brokers Derivatives Corporation) | xxx-xx1141 | Oct-08 | Dec-08 |
| Bernard L Madoff Inv Sec LLC c/o Bernard L Madoff Inv Sec LLC | No Change | n/a | Bank of New York / Pershing LLC (Merriman Curhan Ford) | xxx-xx0425 | Dec-07 | Dec-08 |
| Bernard L Madoff Inv Sec LLC c/o Bernard L Madoff Inv Sec L | No Change | n/a | Bank of New York / Pershing LLC (Merriman Curhan Ford) | xxx-xx3028 | Jun-06 | Sep-08 |
| Bernard L Madoff Inv Sec LLC c/o Bernard L Madoff Inv Sec LLC | No Change | n/a | Bank of New York / Pershing LLC (Merriman Curhan Ford) | xxx-xx5612 | Aug-08 | Sep-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bank of New York / Pershing LLC (Pali Capital Inc) | xxx-xx5078 | Mar-08 | Dec-08 |
| Bernard L Madoff | No Change | n/a | Bank of Tokyo | xxx-xx0025 | Nov-98 | Dec-98 |
| Bernard L  Madoff | No Change | n/a | Bankers Trust Company | xx-xx0-417 | Dec-98 | Jan-01 |
| Bernard L  Madoff | No Change | n/a | Bankers Trust Company | xx-xx0-599 | Dec-98 | Jul-00 |
| Madoff, Bernard L | No Change | n/a | Banque Nationale de Paris | xxx-xxxxxx-xxx-x00-47 | Nov-98 | Mar-00 |
| Bernard L  Madoff Inv Sec LLC | No Change | n/a | Barclays / Lehman | xxx1370 | May-07 | Aug-08 |
| Bernard L  Madoff | No Change | n/a | Barclays / Lehman | xxx8820 | Sep-04 | Dec-05 |
| Bernard L Madoff Inv Sec | No Change | n/a | Barclays / Lehman | xxx-x1151 | Dec-06 | Feb-07 |
| Bernard L Madoff Inv Sec | No Change | n/a | Barclays / Lehman | xxx-x1172 | Feb-05 | Jun-07 |
| Bernard L Madoff Inv Sec | No Change | n/a | Barclays / Lehman | xxx-x1574 | Dec-06 | Dec-06 |
| Bernard L Madoff Inv Sec | No Change | n/a | Barclays / Lehman | xxx-x3646 | Oct-06 | Nov-07 |
| Bernard L Madoff Inv Sec | No Change | n/a | Barclays / Lehman | xxx-x3680 | Jul-07 | Jul-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Barclays / Lehman | xxx-x4435 | May-07 | Nov-08 |
| Bernard L  Madoff | No Change | n/a | Barclays / Lehman | xxx-x6152 | Jun-03 | May-06 |
| Bernard L Madoff Inv Sec | No Change | n/a | Barclays / Lehman | xxx-x7981 | Feb-07 | May-07 |
| Bernard L Madoff Inv Sec | No Change | n/a | Barclays / Lehman | xxx-x8624 | Jan-07 | May-07 |
| Bernard L  Madoff | No Change | n/a | Barclays / Lehman | xxx-x4398 | Sep-00 | Nov-08 |
| Mr ou Mme Bernard Madoff | No Change | n/a | Barclays Bank PLC | xxxxxx x 01 01 | Dec-03 | Nov-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bear Stearns | xxx-xxxx1 418 | May-05 | Sep-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bear Stearns | xxx-xxxx1 JJ4 | May-05 | Mar-08 |
| Bernard L  Madoff | Bernard L Madoff Investment Securities LLC | May-04 | Bear Stearns | xxx-xxxx8 163 | Jun-98 | Apr-06 |
| Bernard Madoff Securities LLC | No Change | n/a | Bear Stearns Securities Corp (American Technology Research) | xxx-xxxx9 999 | May-07 | Sep-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bear Stearns Securities Corp (Cohmad Securities Corp) | xxx-xxxx1 018 | May-01 | Feb-06 |
| Madoff Investment Securities FAO Madoff Inv Securities | No Change | n/a | Bear Stearns Securities Corp (Friedman, Billings Ramsey & Co) | xxx-xxxx2 R55 | Apr-06 | Mar-08 |

**EXHIBIT 3**

### List of Known BLMIS/Bernard L. Madoff Bank and Brokerage Accounts

| Name on Account Statement - 1 | Name on Account Statement - 2 | Date of Name Change | Banking / Financial Institution[1] | Account Number | Earliest Available Statement | Latest Available Statement |
|---|---|---|---|---|---|---|
| Madoff Investment | No Change | n/a | Bear Stearns Securities Corp (Gabelli & Company Inc) | xxx-xxxx7 125 | Apr-08 | Sep-08 |
| Bernard L Madoff Sec LLC | No Change | n/a | Bear Stearns Securities Corp (Johnson Rice & Co LLC) | xxx-x3396 | May-05 | Dec-07 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bear Stearns Securities Corp (Miller Tabak + Co LLC) | xxx-xxxx8 976 | Jun-05 | Sep-08 |
| Bernard L Madoff | No Change | n/a | Bear Stearns Securities Corp (Miller Tabak Roberts Securities LLC) | xxx-xxx7 S10 | Jan-07 | Dec-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bear Stearns Securities Corp (Needham & Company LLC) | xxx-xxxx3 605 | Jul-07 | Mar-08 |
| Bernard L Madoff Investments Securities LLC | No Change | n/a | Bear Stearns Securities Corp (Order Execution Services LLC) | xxx-xxxx6 001 | Jan-05 | Jan-07 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Bear Stearns Securities Corp (Pali Capital Inc) | xxx-xxxx6 400 | Jan-07 | Mar-08 |
| Bernard L Madoff Investment | No Change | n/a | CIBC | xxx-x0217 | Dec-08 | Apr-09 |
| BLMIS | | | CIBC | xxxxxx0626 | No statements available | No statements available |
| BLMIS | | | CIBC | xxxxxx7326 | No statements available | No statements available |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Citi Smith Barney | xxx-xxx31-12 | Apr-06 | Aug-08 |
| Bernard L  Madoff | No Change | n/a | Citigroup | xxx-xxx46-11 | Aug-99 | Sep-08 |
| Bernard L  Madoff | No Change | n/a | Commerce Bank NA / TD Bank NA | xxx-xx0814 | Dec-08 | Dec-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Credit Suisse | xG8DD | Feb-05 | Dec-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | Credit Suisse | xxx-xx9386 | Apr-08 | May-09 |
| Bernard L  Madoff Investment Securities | No Change | n/a | Fidelity | xxx-xx0027 | May-05 | May-05 |
| B L Madoff Investment Sec | No Change | n/a | Fidelity | xxx-xx2622 | Nov-92 | Jan-09 |
| Bernard L Madoff Investment Securities | No Change | n/a | Fidelity | xxx-xx6507 | May-93 | Jul-94 |
| Bernard L  Madoff | No Change | n/a | Fidelity | xxx-xx9043 | Aug-98 | Jan-09 |
| Madoff Investment Securities FAO Bernard L Madoff | No Change | n/a | Fidelity / National Financial Services (Batenkill Capital) | xxx-xx0150 | Jan-05 | Sep-05 |
| Bernard L Madoff Invst Secs | Bernard L  Madoff Invst Sec / Broker Dealer A/C | Oct-05 | Fidelity / National Financial Services (Gordon Haskett Capital Corp) | xxx-xx7532 | Mar-05 | Mar-07 |
| Bernard L Madoff Invst Secs LLC / Madoff | No Change | n/a | Fidelity / National Financial Services (Kaufman Brothers LP) | xxx-xx0425 | Oct-08 | Nov-08 |
| Bernard Madoff Invst Secs LLC | No Change | n/a | Fidelity / National Financial Services (Ladenburg Thalmann & Co Inc) | xxx-xx1185 | Jan-08 | Jan-08 |
| Bernard L Madoff Securities | No Change | n/a | Fidelity / National Financial Services (Thomas Weisel Partners) | xxx-xx7520 | May-06 | Nov-08 |
| Madoff | Broker Dealer Crd Acct Madoff | Oct-05 | Fidelity / National Financial Services (Tradetrek Securities) | xxx-xx2437 | Jun-05 | Apr-08 |
| Bernard L Madoff Inv Sec LLC | No Change | n/a | Jeffries & Co (Merriman Curhan Ford) | xxx-x8302 | Mar-06 | Jun-06 |
| Bernard L  Madoff Investment Securities | No Change | n/a | JPMorgan Chase | x x3414 | Apr-02 | Dec-08 |
| Bernard L  Madoff | Bernard L  Madoff Investment Securities | Sep-02 | JPMorgan Chase | x x4276 | Apr-98 | May-01 |
| Bernard L  Madoff Investment Securities | No Change | n/a | JPMorgan Chase | xxxx9466 | Sep-07 | Feb-09 |
| Bernard L  Madoff | No Change | n/a | JPMorgan Chase | xxx-xx0700 | Dec-98 | Apr-02 |
| Bernard L  Madoff | No Change | n/a | JPMorgan Chase | xxx-xx1535 | Dec-98 | Apr-02 |
| Bernard L  Madoff | No Change | n/a | JPMorgan Chase | xxx-xx1543 | Dec-98 | Apr-02 |
| Bernard L  Madoff | Bernard L  Madoff Investment Securities | Sep-02 | JPMorgan Chase | xxxxx1703 | Dec-98 | Mar-09 |
| Bernard Madoff / Ruth Madoff | No Change | n/a | JPMorgan Chase | xxxxxxx8765 | Dec-01 | Nov-08 |
| Bernard L Madoff | Bernard L Madoff Investment Securities | Sep-02 | JPMorgan Chase | xxxxxxxx1509 | Dec-98 | Mar-09 |
| Bernard L  Madoff - Expense | No Change | n/a | JPMorgan Chase | xxxx-xxxxx7-509 | Dec-98 | Feb-01 |
| Bernard L  Madoff Investment Securities | No Change | n/a | JPMorgan Securities, Inc | xxx-xx4332 | Mar-07 | Nov-08 |
| Bernard L Madoff Investment Securities LLC | No Change | n/a | M & T Securities | xxx-xx4039 | May-07 | Mar-09 |
| Bernard L Madoff Inv Secs / Bernard L Madoff Invest Secur | No Change | n/a | Merrill Lynch | xxx-x5U55 | Oct-05 | Dec-07 |
| Bernard L Madoff Inv Secs / Bernard L Madoff Invest Secur | No Change | n/a | Merrill Lynch | xxx-x5U55 | Jul-08 | Nov-08 |
| Bernard L  Madoff | No Change | n/a | Morgan Stanley | xxx xx0719 | Dec-99 | Feb-09 |
| Bernard L  Madoff Investment Secs | No Change | n/a | Paribas | xxx-xxxxxx-xxx-xx21-01 | Nov-98 | Apr-00 |

**EXHIBIT 3**

**List of Known BLMIS/Bernard L. Madoff Bank and Brokerage Accounts**

| Name on Account Statement - 1 | Name on Account Statement - 2 | Date of Name Change | Banking / Financial Institution[1] | Account Number | Earliest Available Statement | Latest Available Statement |
|---|---|---|---|---|---|---|
| Bernard L Madoff Inv Sec LLC | *No Change* | *n/a* | Raymond James | xxxx3532 | Nov-08 | Dec-08 |
| Bernard L Madoff Investment Securities | *No Change* | *n/a* | UBS Financial Services | x xx x0733 | Dec-06 | Nov-08 |
| Bernard L Madoff Securities LLC | *No Change* | *n/a* | UBS Financial Services | xx xxx18 CG | Jan-05 | Nov-08 |
| Bernard L Madoff Investment Securities | *No Change* | *n/a* | Wachovia Capital Markets | xxxx4607 | Jan-08 | Nov-08 |
| Bernard L Madoff Investment Securities | *No Change* | *n/a* | Wall St Access | xxx-xx1975 | Apr-07 | Dec-08 |
| Bernard L Madoff Investment Securities LLC | *No Change* | *n/a* | Wall St Access | xxx-xx6906 | Jun-07 | Nov-07 |

[1] The names in parentheses represent the financial advisor or broker-dealer associated with the listed account.