**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                      Plaintiff-Applicant,<br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                      Plaintiff,<br>      v.<br><br>Stanley Shapiro, *et al.*,<br>                      Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**ORDER GRANTING IN PART AND DENYING**
**IN PART DEFENDANTS' MOTION TO QUASH SUBPOENA**

        Plaintiff, Irving H. Picard ("the Trustee"), as trustee for the liquidation of Bernard L.

Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C.

§§ 78aaa *et seq*., and the substantively consolidated estate of Bernard L. Madoff under chapter 7

of the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq*., and defendants Stanley Shapiro

and the estate of Renee Shapiro (collectively, "Defendants," and together with the Trustee, the

"Parties"), by and through their respective undersigned counsel, submit this Order and state as follows:

**WHEREAS**, on September 11, 2018, the Trustee issued a subpoena (the "Subpoena") to JPMorgan Chase Bank, N.A. ("JPMorgan") for the production of documents relating loans issued to Mr. Shapiro. The subpoena contained two requests: (1) "Your entire file Concerning any Loan," and (2) "Any communications between You, on the one hand, and either Stanley Shapiro, Renee Shapiro, Bernard L. Madoff, and/or any employee of Bernard L. Madoff Investment Securities LLC ("BLMIS"), on the other hand, Concerning any Loan. For the sake of clarity, this Request seeks, among others, Communications Concerning the purported value or equity in any investment account held by Stanley Shapiro, Renee Shapiro, and/or S&R Investment Co. at BLMIS which may have been submitted in connection with any Loan";

**WHEREAS**, on September 25, 2018, JPMorgan served its Responses and Objections to the Subpoena for production of documents;

**WHEREAS**, on October 4, 2018, counsel for JPMorgan informed the Parties by email that consistent with its September 25, 2018 Responses and Objections, and following a good-faith search, JPMorgan had located a scanned copy of a mortgage file responsive to the requests in the Subpoena;

**WHEREAS,** the Parties met and conferred regarding the Subpoena;

**WHEREAS,** on October 15, 2018, Defendants filed a Motion to Quash the Subpoena (the "Motion"), with a supporting Memorandum of Law and Declaration (ECF Nos. 120–122);

**WHEREAS,** on October 29, 2018, the Trustee opposed the Motion, with a supporting Declaration (ECF Nos. 123–124); and

2

**WHEREAS,** on December 19, 2018, the Court heard the Parties on the Motion, and made certain rulings from the bench regarding the Subpoena, including that the Subpoena was too broad;

**IT IS HEREBY STIPULATED** by the Parties and **SO ORDERED** by the Court that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion is denied to the extent that the Subpoena seeks communications or other documents contained within the JPMorgan mortgage file concerning representations made by Stanley Shapiro, Renee Shapiro, Bernard L. Madoff, Annette Bongiorno, BLMIS, and/or JPMorgan as to the value of investment accounts held by Stanley Shapiro, Renee Shapiro, and/or S&R Investment Co. at BLMIS. JPMorgan shall produce such communications or other documents to the Trustee (the "Required Production");

2. To the extent the Required Production contains any other financial or private information, JPMorgan shall redact such information before producing the Required Production to the Trustee.

3. The Motion is otherwise granted; and

[*Remainder of page intentionally left blank.*]

4. This Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order.

Date: January 9, 2019
New York, New York

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ David J. Sheehan* | */s/ Barry R. Lax* |
| **BAKER & HOSTETLER LLP** | **LAX & NEVILLE LLP** |
| 45 Rockefeller Plaza | 1450 Broadway, 35th Floor |
| New York, New York 10111 | New York, New York 10018 |
| David J. Sheehan | Barry R. Lax |
| Email: dsheehan@bakerlaw.com | Email: blax@laxneville.com |
| Torello H. Calvani | Brian J. Neville |
| Email: tcalvani@bakerlaw.com | Email: bneville@laxneville.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED this **18th** day of January, 2019.

**/s/ STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE