**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD M. GLANTZ, et al.,<br><br>    Defendants. | Adv. Pro. No. 10-05394 (SMB) |

## SECOND AMENDED CASE MANAGEMENT STIPULATION AND ORDER

**WHEREAS**, on January 19, 2018, Irving H. Picard as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), and the substantively consolidated chapter 7 estate of Bernard L. Madoff individually, and the defendants ("Defendants," and together with the Trustee, the "Parties") entered into a stipulation relating to the Trustee's filing

of a Second Amended Complaint in the above-captioned adversary proceeding, and relating to Defendants' filing of an answer thereto, which stipulation was so ordered by this Court and entered on January 22, 2018 (the "Stipulation and Order"); and

**WHEREAS**, on January 22, 2018, the Trustee filed the Second Amended Complaint; and

**WHEREAS**, on March 23, 2018, Defendants filed their Answer and Affirmative Defenses to the Second Amended Complaint; and

**WHEREAS**, the Court so ordered a Case Management Stipulation and Order on May 25, 2018, and an Amended Case Management Stipulation and Order on September 25, 2018, which the Parties now wish to amend.

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and the Defendants, that the following provisions and deadlines are hereby made applicable to this adversary proceeding:

1. Fact Discovery shall be completed by: April 12, 2019. With regard to Fact Discovery:

    a. Subject to the reservation of rights in Paragraph 8 below, the Parties will not seek discovery from *any other Party* to this action for the purpose of proving or rebutting the eighth through seventeenth affirmative defenses set forth in the Answer.

    b. The Parties reserve the right to seek discovery from *non-parties* for the purpose of proving or rebutting the eighth through seventeenth affirmative defenses. Nonetheless, in the event that a non-party objects to producing such discovery and such objection is before the Court on a motion to compel or a motion to quash, any party may appear and present arguments in support of or in opposition to such motion. The Defendants also agree that, in the event the Trustee moves to strike any of the eighth through seventeenth affirmative defenses, the Defendants will not object to such motion on timeliness grounds.

    c. In order to avoid the burden and cost of producing documents previously produced, the Parties agree that they will treat documents that were produced to the Trustee by the Defendants in response to a subpoena under Federal Rule of

2

       Bankruptcy Procedure 2004 as having been produced in this proceeding pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding under the Federal Rules of Bankruptcy Procedure. The Parties further agree that they will treat documents that were produced to the Trustee by former defendants Jerald Ostrin, Scott Ostrin, Taj Inayat or Raleigh Buckmaster, or by the entities Fern Creek Limited Partnership, Ostrin Family Account or Ostrin Family Partnership, in response to a subpoena under Federal Rule of Bankruptcy Procedure 2004 as having been produced in this proceeding pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding under the Federal Rules of Bankruptcy Procedure. Notwithstanding the foregoing, the Parties expressly agree that all objections as to the admissibility, confidentiality, and relevance of such documents produced pursuant to subpoena under Federal Rule of Bankruptcy Procedure 2004 are hereby reserved.

2. The Disclosure of Case-in-Chief Experts shall be due: June 13, 2019.

3. The Disclosure of Rebuttal Experts shall be due: July 15, 2019.

4. The Deadline for Completion of Expert Discovery shall be: August 26, 2019.

5. The Deadline for Service of a Notice of Mediation Referral shall be: On or before September 3, 2019.

6. The Deadline to Choose a Mediator and File a Notice of Mediator Selection shall be: On or before September 16, 2019.

7. The Deadline for Conclusion of Mediation shall be: On or before January 13, 2020.

8. The Parties expressly reserve their rights to seek relief or modification from this Court with regard to any of the provisions hereof upon a showing of good cause.

9. This stipulation may be signed by the parties in any number of counterparts, each of which shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

Dated: New York, New York
January 18, 2019

| BAKER & HOSTETLER LLP | LAW OFFICE OF RICHARD E. SIGNORELLI |
|---|---|
| By: */s/ Andrew W. Reich* | By: */s/ Richard E. Signorelli* |
| 45 Rockefeller Plaza | 52 Duane Street, 7th Floor |
| New York, New York 10111 | New York, New York 10007 |
| Telephone: 212.589.4200 | Telephone: 212.254.4218 |
| Facsimile: 212.589.4201 | Facsimile: 212.254.1396 |
| David J. Sheehan | Richard E. Signorelli |
| Email: dsheehan@bakerlaw.com | Email: richardsignorelli@gmail.com |
| Fernando J. Bohorquez | Email: rsignorelli@nyclitigator.com |
| Email: fbohorquez@bakerlaw.com | Bryan Ha |
| Andrew W. Reich | Email: bhanyc@gmail.com |
| Email: areich@bakerlaw.com | |
| Joshua B. Rog | |
| Email: jrog@bakerlaw.com | |

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

*Attorneys for Defendants RICHARD M. GLANTZ, individually, as trustee of the Glantz-Ostrin Trust II, as personal representative of the Estate of Edward R. Glantz, and as administrator of the Estate of Thelma Glantz; EJS ASSOCIATES, L.P.; JELRIS & ASSOCIATES, L.P.; GRACE & COMPANY; THE GLANTZ FAMILY FOUNDATION, INC; THE ESTATE OF EDWARD R. GLANTZ; LAKEVIEW INVESTMENT, LP; VISTA MANAGEMENT CO.; LAW & MEDIATION OFFICES OF RICHARD M. GLANTZ, A PROFESSIONAL CORPORATION; ELAINE OSTRIN; THE ESTATE OF THELMA GLANTZ; THE GLANTZ-OSTRIN TRUST II; and AUSTIN BOSARGE*

SO ORDERED

**/s/ STUART M. BERNSTEIN**
Dated: **January 18th**, 2019          HON. STUART M. BERNSTEIN
New York, New York                    UNITED STATES BANKRUPTCY JUDGE

4