Todd E. Duffy                          **Hearing Date: February 14, 2019 at 10:00 a.m.**
Douglas A. Amedeo                      **Objection Deadline: February 7, 2019**
DUFFYAMEDEO LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001
Telephone: (212) 729-5832
Email: tduffy@duffyamedeo.com
        damedeo@duffyamedeo.com

*Attorneys for Alpha Prime Fund Ltd.*

UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, Defendant. | |
| | (Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-1364 (SMB) |
| Plaintiff, | |
| v. | |
| HSBC BANK PLC, *et al.,* | |
| Defendants. | |

## MOTION OF ALPHA PRIME FUND LTD FOR THE ISSUANCE OF LETTERS OF REQUEST

Alpha Prime Fund Ltd. ("Alpha Prime"), by and through its undersigned attorneys

respectfully submits this application (the "Application") for the issuance of Letters of Request

for International Judicial Assistance to the Bundesministerium fur Verfassung, Reformen,

Deregulierung and Justiz of the Republic of Austria for the examination of the three Austrian

citizens: Mr. Stefan Radel, Mr. Stephan Blahut, and Mr. Marius Steurer (collectively, the

"Deponents").  In support of its Application, Alpha Prime represents as follows:

## PRELIMINARY STATEMENT

The Trustee and Alpha Prime have resolved almost the entirety of this adversary

proceeding through a court-approved settlement. The rump portion continues the litigation on the

narrow band of remaining issues.  Based upon the very narrow issues that remain, Alpha Prime

does not understand why, with only five (5) months left in fact discovery (pursuant to the

schedule agreed to by the parties and approved by this Court as part of the settlement), the

Trustee is seeking to expand the litigation by seeking to initiate third-party discovery in Austria

to find proof for his baseless allegations that Alpha Prime "destroyed" documents.  While Alpha

Prime believes that the relief requested in the Trustee's Motion (as defined below) is a waste of

time  and should be denied, should  the Court determine that the relief requested by the Trustee is

permissible, by this motion Alpha Prime requests that it be permitted to participate in the

proceedings in Austria to ask questions of the Deponents.

## JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157 (b).  The statutory

predicate relied upon in support of this Motion is 28 U.S.C. § 1781, as well as the Court's

inherent authority and the comity between the United States and the country of Austria.

## FACTUAL BACKGROUND

2.      This case was commenced on July 15, 2009 with the filing of the Complaint.

[Dkt. No. 1]

3.      On December 5, 2010, the Trustee amended the Complaint (the "Amended Complaint"). The Amended Complaint is currently the operative complaint in this Adversary Proceeding [Dkt. No 170].

4.      On or about February 9, 2018, Alpha Prime and the Trustee entered into a partial settlement agreement (the "Partial Settlement Agreement") that largely settled the litigation. As a result of the Partial Settlement Agreement, only the following limited issues (collectively, the "Remaining Issues") would remain to be litigated in this Adversary Proceeding:

> a.  Whether Alpha Prime is entitled to a claim under section 502(h) of the Bankruptcy Code with respect to its Settlement Payment;

> b.  If so, whether Alpha Prime's 502(h) claim is equal in priority to other customer claims;

> c.  The Trustee's claims to avoid and recover the Six Year Transfers totaling $6,720,000; and

> d.  The Trustee's claims relating to the remaining 5% of Alpha Prime's net equity claims totaling $12,533,550. See Partial Settlement Agreement ¶ 1(c).

5.      Under the terms of the Partial Settlement Agreement, Alpha Prime agreed to pay to the Trustee the total of $76,450,000. That sum was set off against the catch-up payment made by the Trustee upon entry of the order approving the Partial Settlement Agreement. See Partial Settlement Agreement, ¶ 1(a), 6(a).

6.      On or about January 11, 2019, the Trustee filed his Motion for the Issuance of Letters of Request (the "Trustee's Motion") alleging, without support, that Alpha Prime destroyed documents during the course of this Adversary Proceeding. [Dkt. No. 507 at ¶ 23].

The Trustee's Motion seeks to interview the third party Deponents, employees of an IT vendor, hoping to find support for their unsubstantiated accusations.

7.      As the exhibits attached to the Trustee's motion show, Alpha Prime's email was hosted by an independent third-party vendor for IT services named Project Partners.  On October 13, 2007, long before the BLMIS fraud was discovered, a server crashed at the vendor's facility, which may or may not have resulted in the loss of email data stored by the vendor for several clients, including Alpha Prime. The recovery efforts were led by Project Partners and aided by an IT consultant named Marius Steurer.  Due to the passage of time, more than eleven years, the vendors have little existing information concerning the incident and no documentary records. See, Letter of Marius Steurer, dated November 29, 2018, Exhibit 1, Trustee's Motion.  It is upon this peg that the Trustee seeks to hang what will likely be an argument as to spoliation, though Alpha Prime was not directly involved in any of this and the crashed server was not in the control of Alpha Prime but the property of a third-party business unrelated to Alpha Prime. Nonetheless, the Trustee, as always, is keen to investigate and depose Mr. Steurer and others, through interpreters and via a cumbersome Austrian judicial process.

## **RELIEF REQUESTED**

8.       By this Application, Alpha Prime requests that should the Court grant the relief requested in the Trustee's Motion, that the Court also allow Alpha Prime the opportunity to participate in the proceedings in Austria.

9.      Although, in light of the remaining issues in this litigation, Alpha Prime does not understand what the Trustee will achieve even if he was able to show third-party spoliation – which he will not be able to do.  The fact remains (and it is undisputed) that Alpha Prime has paid the full amount of the two-year transfers and the Amended Complaint contains no

allegations that Alpha Prime had actual knowledge that the Debtor was not trading securities. Indeed, in correspondence to a Court in Lichtenstein, counsel to the Trustee stated clearly that the Trustee did not believe that Ursula Radel-Leszczynski, the focus of the Trustee's investigation for the last 9 years, had actual knowledge of the Ponzi scheme. A true and correct copy of this letter is annexed hereto as **Exhibit 1**. As a result, Alpha Prime is uncertain why the Trustee is seeking permission to pursue this elaborate new course of investigation against an IT vendor in Austria with only approximately five (5) months remaining in fact discovery. See Case Management Order at Docket No. 499, ¶ 2(q)

10.     Nevertheless, if the Court allows the relief requested in the Trustee's Motion, Alpha Prime believes that the questions it will pose will shed light on this unnecessary proceeding. In reviewing the proposed questions that the Trustee plans to ask the Deponents, Alpha Prime is concerned that ambiguous answers could be used to affect the outcome of this litigation, a likely outcome given that eleven years have passed and the vendors have no existing documents relating to the 2007 crash. Accordingly, Alpha Prime requests that it be permitted to participate in the proceedings in Austria, should such proceedings go forward.

Dated: January 22, 2019
      New York, New York

**DUFFYAMEDEO LLP**

By: /s/ Todd E. Duffy
      Todd E. Duffy
      Douglas A. Amedeo
275 Seventh Avenue, 7th Floor
New York, NY 10001
Tel:   (212) 729-5832
Fax:   (212) 208-2437
Attorneys for Alpha Prime Fund Ltd.

# STEPHAN BLAHUT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

**BERNARD L. MADOFF INVESTMENT**
**SECURITIES LLC,**

                                        **Debtor.**

Adv. Pro. No. 08-01789 (SMB)

**SIPA LIQUIDATION**

**(Substantively Consolidated)**

---

**IRVING H. PICARD, Trustee for the**
**Liquidation of Bernard L. Madoff Investment**
**Securities LLC,**

                                **Plaintiff,**

                **v.**

**ALPHA PRIME FUND LIMITED** *et al.*,

                                **Defendants.**

Adv. Pro. No. 09-01364 (SMB)

---

## REQUEST FOR JUDICIAL ASSISTANCE

Presenting his compliments to the appropriate judicial authorities of Austria, this Request is made by The Honorable Judge Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York, which is located at One Bowling Green, New York, NY 10004-1408, United States of America to the Bundesministerium fur Verfassung, Reformen, Deregulierung und Justiz, Museumstraße 7, 1070 Vienna, Austria.

Specifically, the Court requests assistance in obtaining testimonial and documentary evidence from Stephan Blahut, a representative of Project Partners Consulting & Managementgesellschaft mbH (FN 132615y).

A copy of the transcript of the examination and the certification of the Bundesministerium fur Verfassung Reformen, Deregulierung und Justiz should be returned to

Defendant's legal counsel, Todd E. Duffy, DuffyAmedeo LLP, 275 Seventh Avenue, 7th Floor,

New York, NY 10001, United States (on behalf of the Honorable Stuart M. Bernstein).

In light of the international law and comity that exists between the United States and

Austria, the undersigned applicant respectfully submits this request.

## INTRODUCTION

This Request seeks evidence for use in the above-named proceeding pending before this

Court, which alleges claims arising under the Securities Investor Protection Act of 1970, the

United States Bankruptcy Code, and the New York Debtor and Creditor Law.  The purpose of

this Request is to obtain documentary and testimonial evidence from Stephan Blahut for use as

evidence in a trial of this proceeding in this Court.  The Court has not yet made a determination

of the merits of the claims and allegations asserted in this action, which are set forth below.

## SECTION 1

1. Sender:
   Todd E. Duffy
   DuffyAmedeo LLP
   275 Seventh Avenue, 7th Floor
   New York, NY 10001
   United States of America


   As authorized by:
   The Honorable Stuart M. Bernstein
   United States Bankruptcy Judge
   United States Bankruptcy Court for the Southern District of New York
   One Bowling Green
   New York, NY 10004


2. CENTRAL AUTHORITY OF REQUESTED STATE

   Bundesministerium fur Verfassung, Reformen, Deregulierung und Justiz
   MuseumstraBe, 7
   1070 Vienna
    Austria

3.  PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED

Defendant's Legal Counsel

Todd E. Duffy, Esq.
DuffyAmedeo, LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001

On behalf of:

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

4.  SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY
    REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST

A response is requested as soon as possible in order to ensure that the evidence may be
obtained before the deadline for all fact discovery to be completed in the case, which is
currently July 3, 2019.

5.  a. Requesting Judicial Authority:

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

b. TO THE COMPETENT AUTHORITY OF THE REPUBLIC OF AUSTRIA

Bundesministerium fur Verfassung, Reformen, Deregulierung und Justiz
MuseumstraBe, 7
1070 Vienna
 Austria

c. NAME OF THE CASE AND ANY IDENTIFYING NUMBER

Picard v. HSBC Bank plc, et al., Adv. Pro. No. 09-01364 (SMB)

6.  NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES:

| Plaintiff: Irving H. Picard | Legal Representatives |
| --- | --- |

| | |
|---|---|
| Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities, LLC | Oren J. Warshavsky, Esq.<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111<br>United States of America<br>Tel: +1.212.589.4200<br>Fax: +1.212.589.4201<br>Email: owarshavsky@bakerlaw.com<br><br>Dr. Ferdinand Graf<br>Graf & Pitkowitz Rechtsanwalte GmbH<br>Stadiongasse 2,<br>1010 Vienna<br>Austria<br>Tel: (01) 401-17-0<br>Fax: (01) 401-17-40<br>Email: f.graf@gpp.at |
| Defendant: Alpha Prime Fund Limited<br>A corporation formed under the laws of Bermuda with a registered address at Bank of Bermuda Building, 6 Front Street, Hamilton HM11 | **Legal Representative**<br><br>Dr. Christian Hausmaninger<br>Hausmaninger Kletter<br>Franz Josefs-Kai 3<br>1010 Vienna<br>Austria<br>Tel: (01) 513-95-40<br>Fax: (01) 513-95-40-12<br><br>Todd E. Duffy, Esq.<br>DuffyAmedeo LLP<br>275 Seventh Avenue, 7th Floor<br>New York, NY 10001<br>Tel: +1.212.729.5832<br>Fax: +1.212.208.2437 |
| Persons to be Examined:<br><br>Stephan Blahut<br>DOB 27 January 1967<br>Eßlinggasse 13/15<br>1010 Vienna<br>Austria<br>(director) | **Legal Representative**<br><br>Unknown |

-4-

7. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS:

A. NATURE OF THE PROCEEDINGS

This adversary proceeding arises from the massive Ponzi scheme orchestrated by Bernard L. Madoff ("Madoff"). Madoff was the sole owner, founder, chairman, and chief executive officer of Bernard L. Madoff Investment Securities ("BLMIS"). Through BLMIS, Madoff received billions of dollars in investments from customers and generated account statements purportedly showing that securities were purchased and sold on behalf of these customers. Although Madoff seemingly produced consistent investment returns for his customers, no securities were purchased or sold on any customer's behalf. It was a Ponzi scheme: Madoff satisfied customers' redemption requests with the deposits of other customers. This scheme continued until December 2008, when the requests for withdrawals overwhelmed the flow of new investments and caused the inevitable collapse of the Ponzi scheme.

On December 11, 2008, Madoff was arrested by federal agents for his violations of criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. In March 2009, Madoff admitted to having operated a Ponzi scheme and pleaded guilty to all charges filed against him. In June 2009, Madoff was sentenced to 150 years in prison.

On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, appointed Irving H. Picard ("Trustee") as Trustee for the liquidation of BLMIS pursuant to the United States Securities Investment Protection Act of 1970 ("SIPA"). Under SIPA, the Trustee has the general powers of a bankruptcy trustee relating to the recovery and distribution of customer property, assessing claims against BLMIS, and liquidating any other assets of BLMIS for the benefit of the estate and its creditors.

As part of his statutory duty to recover customer property, the Trustee is empowered under the United States Bankruptcy Code (the "Bankruptcy Code") to bring "avoidance actions" to recover transfers of funds made by BLMIS prior to its collapse.  *See* 11 U.S.C. §§ 544, 547, 548(a)(1), 550.  In this context, the term "avoid" means to undo a transfer so that it may be returned to the BLMIS estate for equitable distribution to BLMIS customers.  By this and some one thousand other avoidance actions the Trustee has brought in connection with the liquidation of BLMIS, the Trustee seeks to maximize the recovery of fraudulently transferred funds and, consequently, the ultimate distribution to Madoff's defrauded customers.  All sums recovered by the Trustee are distributed to customers with approved customer claims; neither the Trustee nor his counsel is compensated from the fund of customer property.

### B. SUMMARY OF THE FACTS AND ALLEGATIONS PLEADED BY THE TRUSTEE

The Trustee commenced the adversary proceeding entitled *Picard v. HSBC Bank plc, et al.,* Adv. Pro. No. 09-01364 (SMB) on July 15, 2009.  On order about December 5, 2010, the Trustee filed an amended complaint (the "Complaint").  Essentially, the Trustee seeks to recover initial transfers made by Madoff to Alpha Prime by virtue of U.S. Bankruptcy Law and NY State Law.  The gravamen of the Trustee's Complaint is that Alpha Prime received avoidable transfers from Madoff.  In addition, the Trustee alleges that Alpha Prime knew or should have known about the Ponzi scheme citing to various "red flags".

On or about February 8, 2018, the Trustee entered into a Partial Settlement Agreement with Alpha Prime.  Pursuant to the terms of this agreement, the Trustee recovered more than $76 million in allegedly avoidable transfers.  Those transfers were the aggregate of all transfers in the two years prior to Madoff's arrest.  Under U.S. Bankruptcy Law, Alpha Prime would normally be entitled to claim in the amount paid to the Trustee pursuant to 11 U.S.C. §502(h) (the "502(h)

Claim"). The Trustee has now determined that, the statute notwithstanding, Alpha Prime is not entitled to that claim. He is also seeking to subordinate the remainder of Alpha Prime's net equity claim and, if it is approved by the Court, the 502(h) Claim. Finally, the Trustee seeks to avoid and recover the proceeds of the transfers made more than two years but less than seven years after Madoff's arrest. The sum total of those transfers is $6,720,000. In order to succeed in recovering those transfers, the Trustee must prove that Alpha Prime had actual knowledge of the Madoff Ponzi scheme, something he did not allege in the Complaint.

On June 26, 2015, the Trustee filed a document listed as merely a "statement." The statement was entitled the Trustee's Second Amended Complaint (the "Statement"). However, the Federal Rules of Civil Procedure, the rules that govern the adversary proceeding, require that prior to filing an amended complaint in these circumstances, the Trustee must seek leave of the Court and subject the proposed complaint to various tests and court scrutiny. He did not seek the Court's approval and, therefore, the Statement has no effect in the Adversary Proceeding.

SECTION III

8. EVIDENCE TO BE OBTAINED AND PURPOSE

Without having deposed Alpha Prime's directors (which they have been offering to do since 2012) or speaking with Alpha Prime's directors about this, the Trustee alleges that Alpha Prime's account of the time and the circumstances surrounding the alleged failure of the emails server that occurred almost twelve years ago had changed several times. The Trustee alleges, again without having deposed Alpha Prime's directors or citing to a single piece of evidence corroborating these accusations, that although Alpha Prime was aware of the possibility that it may be the subject of an avoidance action by the Trustee, Alpha Prime terminated its relationship with Project Partners in late 2008 or early 2009 without directing Project Partners to preserve the

Alpha Prime documents.  Based only upon his baseless allegations as outlined above, the Trustee

has sought to depose various Austrian citizens to determine if Alpha Prime or Project Partners at

Alpha Prime's direction destroyed evidence of Alpha Prime's knowledge of Madoff's fraud.

Alpha Prime denies that it or Project Partners destroyed any evidence at all whether inadvertently

or otherwise.

9.  IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED

Stephan Blahut
Eßlinggasse 13/15
1010 Vienna
Austria

10. STATEMENT OF THE SUBJECT MATTER, ABOUT WHICH THE PERSON WILL
BE EXAMINED

The Requests include a request for the oral examination under oath of Mr. Stephan

Blahut.  A copy of the specific questions to be put to the witness together with a schedule of

defined terms is attached hereto as Exhibit A.

11. DOCUMENTS AND OTHER EVIDENCE TO BE OBTAINED

None.

12. REQUIREMENT THAT THE EVIDENCE BE GIVEN UNDER OATH OR
AFFIRMATION

This Court requests that Mr. Blahut's testimony be taken under oath.  Pursuant to the

Rule 603 of the United States Federal Rules of Evidence, this Court requests that the witness,

Mr. Blahut, be required to declare that he will testify truthfully, by oath or affirmation

administered in a form calculated to awaken his conscience and impress his mind with the duty

to do so.  Specifically, the Court requests that the duly appointed official require the witness to

provide his deposition testimony under the following oath: "I, Stephan Blahut, swear that the

testimony I am about to give is the truth, the whole truth, and nothing but the truth", or the corresponding working for an oath under Austrian law.

## 13. SPECIAL PROCEDURES OR METHODS TO BE FOLLOWED

This Court requests: (1) that the examination be taken orally; (2) that the examination be taken in the presence of a commercial stenographer and videographer selected by the Trustee or the court; (3) that the videographer be permitted to record the examination by audio and visual means; (4) that the stenographer be allowed to record a verbatim transcript of the examination; (5) that the Trustee's counsel be allowed to use an interpreter selected by the Trustee to be able to follow and participate in the examination; (6) that counsel for both the Trustee and Alpha Prime be notified as soon as possible of the date, time and place of the examination, along with any other pertinent information, including what court is presiding over the deposition; (7)  that counsel for both the Trustee and Alpha Prime be permitted to ask follow–up questions of Mr. Blahut; and (8) that the witness be examined as soon as possible to ensure that the evidence may be obtained before the July 3, 2019 end of fact discovery.  In the event that – due to mandatory provisions of Austrian law – the taking of evidence according to some or all of the procedures described above is prohibited, this Court requests that it be taken in such manner as provided by Austrian law for the formal taking of testimonial evidence in civil proceedings.

## 14. REQUEST FOR THE NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
United States of America

Oren J. Warshavsky, Esq.

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
United States of America
Tel:     +1.212.589.4200
Fax:     +1.212.589.4201
Email: owarshavsky@bakerlaw.com

Dr. Ferdinand Graf
Graf & Pitkowitz Rechtsanwalte GmbH, Stadiongasse 2,
1010 Vienna
Austria
Tel:     (01) 401-17-0
Fax:     (01) 401-17-40
Email: f.graf@gpp.at

Todd E. Duffy
DuffyAmedeo LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001
Tel:     +1.212.729.5832
Fax:     +1.212.208.2437
Email: tduffy@duffyamedeo.com

Dr. Christian Hausmaninger
Hausmaninger Kletter
Franz Josepfs-Kai 3
1010 Vienna
Austria
Tel:     (01) 513-95-40
Fax:     (01) 513-94-40-12
Email: Christian.Hausmaninger@hhw.at

15. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL
OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF
REQUEST

None.

SECTION IV

The Bankruptcy Court expresses its gratitude and states that the courts of the United

States are authorized by statute, 28 U.S.C. § 1782 of the United States Code, to extend similar

-10-

assistance to the tribunals of Austria and shall be ready and willing to provide reciprocal

assistance in a similar case when required.

The Bankruptcy Court takes this opportunity to extend to the judicial authorities of

Austria the assurances of the highest consideration.

Dated: February ___, 2019
      New York, NY                 _____
                                         HON. STUART M. BERNSTEIN
                                         UNITED STATES BANKRUPTCY JUDGE

Official Seal of the United States Bankruptcy Court for the Southern District of New York.

EXHIBIT A

Definitions

The witness shall please review these terms before providing testimony:

A.      The term "Alpha Prime" refers to Alpha Prime Fund Limited and anyone acting on behalf of or for the benefit of Alpha Prime Fund Limited, including, without limitation, its current and former parents, subsidiaries, divisions, officers, directors, principals, managers, members shareholders, agents, representatives, employees, attorneys, nominees, servants, predecessors, successors, and affiliates.

B.      The term "BAWFM" refers to BA Worldwide Fund Management Limited, including, without limitation, its current and former parents, subsidiaries, divisions, officers, directors, principals, partners, managers, members, shareholders, agents, representatives, employees, attorneys, nominees, servants, predecessors, successors and affiliates.

C.      The term "Project Partners" refers to Project Partners Consulting & Managementgesellschaft mbH, including, without limitation, its current and former parents, subsidiaries, divisions, officers, directors, principals, partners, managers, members, shareholders, agents, representatives, employees, attorneys, nominees, servants, predecessors, successors, and affiliates.

## QUESTIONS TO BE PUT TO THE WITNESS

1. Were you "directed" or "asked" to write the letter?
2. Did anybody exert pressure on you to write the letter?
3. Were you told the purpose of the letter? If yes, what was ist?
4. Were you told that your letter would be forwarded to US attorneys who would most likely want to depose you on its contents?
5. Were you reminded to give a truthful recollection of the facts in your letter?
6. Were you asked to limit what you are saying in your letter?
7. Were you asked to state something untruthful in your letter?
8. Is the letter an accurate factual description of what happened?

-12-

9. Where do you work at present?

10. What is your title there?

11. What is the nature of Project Partners' business at present?

12. What was the nature of Project Partners' business in 2008?

13. For how many clients did you host email servers in 2008? Today?

14. In 2008, how many email servers did Project Partners operate?

15. In 2008, how many clients were on each email server?

16. Have you heard of an entity named Alpha Prime Fund Ltd?

17. How did you hear of that entity?

18. Did you have any direct business with Alpha Prime Fund Ltd?

19. By what entity were you contracted to host the email address: office@alphaprime.com?

20. Did you host any other email address for Alpha Prime Fund Ltd?

21. When did Project Partners host the email address office@alphaprimefund.com?

22. Were there any issues with the server during that period?

23. Please explain.

24. When did the server crash occur?

25. What caused the server crash?

26. Did you cause the crash on purpose?

27. Did any third party instruct you to cause the server crash?

28. Were clients other than Alpha Prime affected as a result of the crash?

29. Could the server crash have been caused by Peter Fischer, Stefan Zapotocky, or Ursula Radel-Leszczynski?

30. Why not?

31. Once the server crash occurred, what steps were taken to recover the data that was affected by the crash?

32. Did you intervene in any way in the data recovery process?

33. Did you instruct Steurer to limit the scope of the data recovery (in general or in relation to Alpha Prime)?

34. Once the data was recovered, where was it kept?

35. Were you ever instructed to destroy documents, emails or other data of Alpha Prime, be it in the process of data recovery in 2007, data transfer in 2008/2009 or otherwise?

36. Did Project Partners remove the Disc upon instruction by any third party? By anyone related to Alpha Prime?

37. Upon termination of the business relationship, were you instructed to copy all data of AP to the DVDs, or only selected data?

38. By whom?

39. Did you copy all data to the DVDs or did you delete any data prior to copying?

40. Was the handing over of a complete copy of all Alpha Prime data combined with subsequent deletion of the data on the server in compliance with Austrian data protection law applicable at the time?

41. To whom did you hand over the DVDs? Why?

42. Did at any time Stefan Zapotocky, Ursula Radel, Peter Fischer or anyone else request that you delete any files from the server or the DVDs?

43. Did at any time Stefan Zapotocky, Ursula Radel, Peter Fischer or anyone else request that you limit the transfer of any files from the server to the DVDs?

44. How can you be certain about these events when they occurred almost 12 years ago?

45. At any time prior to this proceeding, did you have contact with Dr. Christian Hausmaninger?

46. When was the first time you had contact with Dr. Hausmaninger?

47. What did Dr. Hausmaninger request of you?

48. Did anybody at any time try to influence your testimony or ask that you change your recollection of the events that you are testifying to today?

49. When was the last time you had contact with Peter Fischer?

50. When was the last time you had contact with Ursula Radel-Leszczynski?

51. When was the last time you had contact with Stefan Zapotocky?

52. Did you speak with Dr. Radel-Leszczynski about your testimony here today?

53. Did she ask that you to testify in a specific way

54. Do you believe that Dr. Radel-Leszczynski could incur any civil or criminal liability as a result of your testimony here today?

55. Would your testimony ever be influenced by an intent to protect Dr. Radel-Leszczynski from civil or criminal liability?

56. Since the initiation of Project Partners' hosting of the email address office@alphaprinefund.com to this day, have there been any emails or other data of Alpha Prime lost or destroyed as a result of any event or action within the knowledge of Project Partners?

# STEFAN RADEL

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

**BERNARD L. MADOFF INVESTMENT**
**SECURITIES LLC,**

)    **Adv. Pro. No. 08-01789 (SMB)**

                    **Debtor.**

**SIPA LIQUIDATION**

**(Substantively Consolidated)**

**IRVING H. PICARD, Trustee for the**
**Liquidation of Bernard L. Madoff Investment**
**Securities LLC,**

                    **Plaintiff,**

        **v.**                    **Adv. Pro. No. 09-01364 (SMB)**

**ALPHA PRIME FUND LIMITED** *et al.*,

                    **Defendants.**

---

## REQUEST FOR JUDICIAL ASSISTANCE

Presenting his compliments to the appropriate judicial authorities of Austria, this Request

is made by The Honorable Judge Stuart M. Bernstein of the United States Bankruptcy Court for

the Southern District of New York, which is located at One Bowling Green, New York, NY

10004-1408, United States of America to the Bundesministerium fur Verfassung, Reformen,

Deregulierung und Justiz, Museumstraße 7, 1070 Vienna, Austria.

Specifically, the Court requests assistance in obtaining testimonial and documentary

evidence from Stefan Radel, a representative of Project Partners Consulting &

Managementgesellschaft mbH (FN 132615y).

A copy of the transcript of the examination and the certification of the

Bundesministerium fur Verfassung Reformen, Deregulierung und Justiz should be returned to

Defendant's legal counsel, Todd E. Duffy, DuffyAmedeo LLP, 275 Seventh Avenue, 7th Floor,

New York, NY 10001, United States (on behalf of the Honorable Stuart M. Bernstein).

    In light of the international law and comity that exists between the United States and

Austria, the undersigned applicant respectfully submits this request.

## INTRODUCTION

    This Request seeks evidence for use in the above-named proceeding pending before this

Court, which alleges claims arising under the Securities Investor Protection Act of 1970, the

United States Bankruptcy Code, and the New York Debtor and Creditor Law.  The purpose of

this Request is to obtain documentary and testimonial evidence from Stefan Radel for use as

evidence in a trial of this proceeding in this Court.  The Court has not yet made a determination

of the merits of the claims and allegations asserted in this action, which are set forth below.

## SECTION 1

16. Sender:
    Todd E. Duffy
    DuffyAmedeo LLP
    275 Seventh Avenue, 7th Floor
    New York, NY 10001
    United States of America


    As authorized by:
    The Honorable Stuart M. Bernstein
    United States Bankruptcy Judge
    United States Bankruptcy Court for the Southern District of New York
    One Bowling Green
    New York, NY 10004

17. CENTRAL AUTHORITY OF REQUESTED STATE

    Bundesministerium fur Verfassung, Reformen, Deregulierung und Justiz
    MuseumstraBe, 7
    1070 Vienna
    Austria

18. PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED

Defendant's Legal Counsel

Todd E. Duffy, Esq.
DuffyAmedeo, LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001

On behalf of:

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

19. SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY
REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST

A response is requested as soon as possible in order to ensure that the evidence may be
obtained before the deadline for all fact discovery to be completed in the case, which is
currently July 3, 2019.

20. a. Requesting Judicial Authority:

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

b. TO THE COMPETENT AUTHORITY OF THE REPUBLIC OF AUSTRIA

Bundesministerium fur Verfassung, Reformen, Deregulierung und Justiz
MuseumstraBe, 7
1070 Vienna
Austria

c. NAME OF THE CASE AND ANY IDENTIFYING NUMBER

Picard v. HSBC Bank plc, et al., Adv. Pro. No. 09-01364 (SMB)

21. NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES:

| Plaintiff: Irving H. Picard | Legal Representatives |
| --- | --- |

-3-

| | |
|---|---|
| Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities, LLC | Oren J. Warshavsky, Esq.<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111<br>United States of America<br>Tel: +1.212.589.4200<br>Fax: +1.212.589.4201<br>Email: owarshavsky@bakerlaw.com<br><br>Dr. Ferdinand Graf<br>Graf & Pitkowitz Rechtsanwalte GmbH<br>Stadiongasse 2,<br>1010 Vienna<br>Austria<br>Tel: (01) 401-17-0<br>Fax: (01) 401-17-40<br>Email: f.graf@gpp.at |
| Defendant: Alpha Prime Fund Limited<br>A corporation formed under the laws of Bermuda with a registered address at Bank of Bermuda Building, 6 Front Street, Hamilton HM11 | **Legal Representative**<br><br>Dr. Christian Hausmaninger<br>Hausmaninger Kletter<br>Franz Josefs-Kai 3<br>1010 Vienna<br>Austria<br>Tel: (01) 513-95-40<br>Fax: (01) 513-95-40-12<br><br>Todd E. Duffy, Esq.<br>DuffyAmedeo LLP<br>275 Seventh Avenue, 7th Floor<br>New York, NY 10001<br>Tel: +1.212.729.5832<br>Fax: +1.212.208.2437 |
| Persons to be Examined:<br><br>Stefan Radel<br>DOB 27 January 1967<br>Eßlinggasse 13/15<br>1010 Vienna<br>Austria<br>(director) | **Legal Representative**<br><br>Unknown |

22. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS:

C.  NATURE OF THE PROCEEDINGS

This adversary proceeding arises from the massive Ponzi scheme orchestrated by Bernard L. Madoff ("Madoff").  Madoff was the sole owner, founder, chairman, and chief executive officer of Bernard L. Madoff Investment Securities ("BLMIS").  Through BLMIS, Madoff received billions of dollars in investments from customers and generated account statements purportedly showing that securities were purchased and sold on behalf of these customers. Although Madoff seemingly produced consistent investment returns for his customers, no securities were purchased or sold on any customer's behalf.  It was a Ponzi scheme: Madoff satisfied customers' redemption requests with the deposits of other customers.  This scheme continued until December 2008, when the requests for withdrawals overwhelmed the flow of new investments and caused the inevitable collapse of the Ponzi scheme.

On December 11, 2008, Madoff was arrested by federal agents for his violations of criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud.  In March 2009, Madoff admitted to having operated a Ponzi scheme and pleaded guilty to all charges filed against him.  In June 2009, Madoff was sentenced to 150 years in prison.

On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, appointed Irving H. Picard ("Trustee") as Trustee for the liquidation of BLMIS pursuant to the United States Securities Investment Protection Act of 1970 (SIPA").  Under SIPA, the Trustee has the general powers of a bankruptcy trustee relating to the recovery and distribution of customer property, assessing claims against BLMIS, and liquidating any other assets of BLMIS for the benefit of the estate and its creditors.

As part of his statutory duty to recover customer property, the Trustee is empowered under the United States Bankruptcy Code (the "Bankruptcy Code") to bring "avoidance actions" to recover transfers of funds made by BLMIS prior to its collapse.  *See* 11 U.S.C. §§ 544, 547, 548(a)(1), 550.  In this context, the term "avoid" means to undo a transfer so that it may be returned to the BLMIS estate for equitable distribution to BLMIS customers.  By this and some one thousand other avoidance actions the Trustee has brought in connection with the liquidation of BLMIS, the Trustee seeks to maximize the recovery of fraudulently transferred funds and, consequently, the ultimate distribution to Madoff's defrauded customers.  All sums recovered by the Trustee are distributed to customers with approved customer claims; neither the Trustee nor his counsel is compensated from the fund of customer property.

### D. SUMMARY OF THE FACTS AND ALLEGATIONS PLEADED BY THE TRUSTEE

The Trustee commenced the adversary proceeding entitled *Picard v. HSBC Bank plc, et al.,* Adv. Pro. No. 09-01364 (SMB) on July 15, 2009.  On order about December 5, 2010, the Trustee filed an amended complaint (the "Complaint").  Essentially, the Trustee seeks to recover initial transfers made by Madoff to Alpha Prime by virtue of U.S. Bankruptcy Law and NY State Law.  The gravamen of the Trustee's Complaint is that Alpha Prime received avoidable transfers from Madoff.  In addition, the Trustee alleges that Alpha Prime knew or should have known about the Ponzi scheme citing to various "red flags".

On or about February 8, 2018, the Trustee entered into a Partial Settlement Agreement with Alpha Prime.  Pursuant to the terms of this agreement, the Trustee recovered more than $76 million in allegedly avoidable transfers.  Those transfers were the aggregate of all transfers in the two years prior to Madoff's arrest.  Under U.S. Bankruptcy Law, Alpha Prime would normally be entitled to claim in the amount paid to the Trustee pursuant to 11 U.S.C. §502(h) (the "502(h)

Claim"). The Trustee has now determined that, the statute notwithstanding, Alpha Prime is not entitled to that claim. He is also seeking to subordinate the remainder of Alpha Prime's net equity claim and, if it is approved by the Court, the 502(h) Claim. Finally, the Trustee seeks to avoid and recover the proceeds of the transfers made more than two years but less than seven years after Madoff's arrest. The sum total of those transfers is $6,720,000. In order to succeed in recovering those transfers, the Trustee must prove that Alpha Prime had actual knowledge of the Madoff Ponzi scheme, something he did not allege in the Complaint.

On June 26, 2015, the Trustee filed a document listed as merely a "statement." The statement was entitled the Trustee's Second Amended Complaint (the "Statement"). However, the Federal Rules of Civil Procedure, the rules that govern the adversary proceeding, require that prior to filing an amended complaint in these circumstances, the Trustee must seek leave of the Court and subject the proposed complaint to various tests and court scrutiny. He did not seek the Court's approval and, therefore, the Statement has no effect in the Adversary Proceeding.

SECTION III

23. EVIDENCE TO BE OBTAINED AND PURPOSE

Without having deposed Alpha Prime's directors (which they have been offering to do since 2012) or speaking with Alpha Prime's directors about this, the Trustee alleges that Alpha Prime's account of the time and the circumstances surrounding the alleged failure of the emails server that occurred almost twelve years ago had changed several times. The Trustee alleges, again without having deposed Alpha Prime's directors or citing to a single piece of evidence corroborating these accusations, that although Alpha Prime was aware of the possibility that it may be the subject of an avoidance action by the Trustee, Alpha Prime terminated its relationship with Project Partners in late 2008 or early 2009 without directing Project Partners to preserve the

Alpha Prime documents. Based only upon his baseless allegations as outlined above, the Trustee

has sought to depose various Austrian citizens to determine if Alpha Prime or Project Partners at

Alpha Prime's direction destroyed evidence of Alpha Prime's knowledge of Madoff's fraud.

Alpha Prime denies that it or Project Partners destroyed any evidence at all whether inadvertently

or otherwise.

24. IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED

> Stefan Radel
> Eßlinggasse 13/15
> 1010 Vienna
> Austria

25. STATEMENT OF THE SUBJECT MATTER, ABOUT WHICH THE PERSON WILL
BE EXAMINED

The Requests include a request for the oral examination under oath of Mr. Stefan Radel.

A copy of the specific questions to be put to the witness together with a schedule of defined

terms is attached hereto as Exhibit A.

26. DOCUMENTS AND OTHER EVIDENCE TO BE OBTAINED

> None.

27. REQUIREMENT THAT THE EVIDENCE BE GIVEN UNDER OATH OR
AFFIRMATION

This Court requests that Mr. Radel's testimony be taken under oath. Pursuant to the Rule

603 of the United States Federal Rules of Evidence, this Court requests that the witness, Mr.

Radel, be required to declare that he will testify truthfully, by oath or affirmation administered in

a form calculated to awaken his conscience and impress his mind with the duty to do so.

Specifically, the Court requests that the duly appointed official require the witness to provide his

deposition testimony under the following oath: "I, Stefan Radel, swear that the testimony I am

about to give is the truth, the whole truth, and nothing but the truth", or the corresponding

working for an oath under Austrian law.

28. SPECIAL PROCEDURES OR METHODS TO BE FOLLOWED

This Court requests: (1) that the examination be taken orally; (2) that the examination be

taken in the presence of a commercial stenographer and videographer selected by the Trustee or

the court; (3) that the videographer be permitted to record the examination by audio and visual

means; (4) that the stenographer be allowed to record a verbatim transcript of the examination;

(5) that the Trustee's counsel be allowed to use an interpreter selected by the Trustee to be able

to follow and participate in the examination; (6) that counsel for both the Trustee and Alpha

Prime be notified as soon as possible of the date, time and place of the examination, along with

any other pertinent information, including what court is presiding over the deposition; (7)  that

counsel for both the Trustee and Alpha Prime be permitted to ask follow–up questions of Mr.

Radel; and (8) that the witness be examined as soon as possible to ensure that the evidence may

be obtained before the July 3, 2019 end of fact discovery.  In the event that – due to mandatory

provisions of Austrian law – the taking of evidence according to some or all of the procedures

described above is prohibited, this Court requests that it be taken in such manner as provided by

Austrian law for the formal taking of testimonial evidence in civil proceedings.

29. REQUEST FOR THE NOTIFICATION OF THE TIME AND PLACE FOR THE
    EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY
    PERSON TO BE NOTIFIED

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
United States of America

Oren J. Warshavsky, Esq.

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
United States of America
Tel:    +1.212.589.4200
Fax:    +1.212.589.4201
Email: owarshavsky@bakerlaw.com

Dr. Ferdinand Graf
Graf & Pitkowitz Rechtsanwalte GmbH, Stadiongasse 2,
1010 Vienna
Austria
Tel:    (01) 401-17-0
Fax:    (01) 401-17-40
Email: f.graf@gpp.at

Todd E. Duffy
DuffyAmedeo LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001
Tel:    +1.212.729.5832
Fax:    +1.212.208.2437
Email: tduffy@duffyamedeo.com

Dr. Christian Hausmaninger
Hausmaninger Kletter
Franz Josepfs-Kai 3
1010 Vienna
Austria
Tel:    (01) 513-95-40
Fax:    (01) 513-94-40-12
Email: Christian.Hausmaninger@hhw.at

30. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL
OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF
REQUEST

None.

SECTION IV

The Bankruptcy Court expresses its gratitude and states that the courts of the United

States are authorized by statute, 28 U.S.C. § 1782 of the United States Code, to extend similar

assistance to the tribunals of Austria and shall be ready and willing to provide reciprocal assistance in a similar case when required.

The Bankruptcy Court takes this opportunity to extend to the judicial authorities of Austria the assurances of the highest consideration.


Dated: February ___, 2019
      New York, NY                 _____
                               HON. STUART M. BERNSTEIN
                               UNITED STATES BANKRUPTCY JUDGE

Official Seal of the United States Bankruptcy Court for the Southern District of New York.

EXHIBIT A

Definitions

The witness shall please review these terms before providing testimony:

D.      The term "Alpha Prime" refers to Alpha Prime Fund Limited and anyone acting

on behalf of or for the benefit of Alpha Prime Fund Limited, including, without limitation, its

current and former parents, subsidiaries, divisions, officers, directors, principals, managers,

members shareholders, agents, representatives, employees, attorneys, nominees, servants,

predecessors, successors, and affiliates.

E.      The term "BAWFM" refers to BA Worldwide Fund Management Limited,

including, without limitation, its current and former parents, subsidiaries, divisions, officers,

directors, principals, partners, managers, members, shareholders, agents, representatives,

employees, attorneys, nominees, servants, predecessors, successors and affiliates.

F.      The term "Project Partners" refers to Project Partners Consulting &

Managementgesellschaft mbH, including, without limitation, its current and former parents,

subsidiaries, divisions, officers, directors, principals, partners, managers, members, shareholders,

agents, representatives, employees, attorneys, nominees, servants, predecessors, successors, and

affiliates.

## QUESTIONS TO BE PUT TO THE WITNESS

57. Were you "directed" or "asked" to write the letter?
58. Did anybody exert pressure on you to write the letter?
59. Were you told the purpose of the letter? If yes, what was ist?
60. Were you told that your letter would be forwarded to US attorneys who would most
    likely want to depose you on its contents?
61. Were you reminded to give a truthful recollection of the facts in your letter?
62. Were you asked to limit what you are saying in your letter?
63. Were you asked to state something untruthful in your letter?
64. Is the letter an accurate factual description of what happened?

-12-

65. Where do you work at present?

66. What is your title there?

67. What is the nature of Project Partners' business at present?

68. What was the nature of Project Partners' business in 2008?

69. For how many clients did you host email servers in 2008? Today?

70. In 2008, how many email servers did Project Partners operate?

71. In 2008, how many clients were on each email server?

72. Have you heard of an entity named Alpha Prime Fund Ltd?

73. How did you hear of that entity?

74. Did you have any direct business with Alpha Prime Fund Ltd?

75. By what entity were you contracted to host the email address: office@alphaprime.com?

76. Did you host any other email address for Alpha Prime Fund Ltd?

77. When did Project Partners host the email address office@alphaprimefund.com?

78. Were there any issues with the server during that period?

79. Please explain.

80. When did the server crash occur?

81. What caused the server crash?

82. Did you cause the crash on purpose?

83. Did any third party instruct you to cause the server crash?

84. Were clients other than Alpha Prime affected as a result of the crash?

85. Could the server crash have been caused by Peter Fischer, Stefan Zapotocky, or Ursula Radel-Leszczynski?

86. Why not?

87. Once the server crash occurred, what steps were taken to recover the data that was affected by the crash?

88. Did you intervene in any way in the data recovery process?

89. Did you instruct Steurer to limit the scope of the data recovery (in general or in relation to Alpha Prime)?

90. Once the data was recovered, where was it kept?

91. Were you ever instructed to destroy documents, emails or other data of Alpha Prime, be it in the process of data recovery in 2007, data transfer in 2008/2009 or otherwise?

92. Did Project Partners remove the Disc upon instruction by any third party? By anyone related to Alpha Prime?

93. Upon termination of the business relationship, were you instructed to copy all data of AP to the DVDs, or only selected data?

94. Did you copy all data to the DVDs or did you delete any data prior to copying?

95. Was the handing over of a complete copy of all Alpha Prime data combined with subsequent deletion of the data on the server in compliance with Austrian data protection law applicable at the time?

96. To whom did you hand over the DVDs? Why?

97. Did at any time Stefan Zapotocky, Ursula Radel, Peter Fischer or anyone else request that you delete any files from the server or the DVDs?

98. Did at any time Stefan Zapotocky, Ursula Radel, Peter Fischer or anyone else request that you limit the transfer of any files from the server to the DVDs?

99.  At any time prior to this proceeding, did you have contact with Dr. Christian Hausmaninger?

100.      When was the first time you had contact with Dr. Hausmaninger?

101.      What did Dr. Hausmaninger request of you?

102.      Did anybody at any time try to influence your testimony or ask that you change your recollection of the events that you are testifying to today?

103.      When was the last time you had contact with Peter Fischer?

104.      When was the last time you had contact with Ursula Radel-Leszczynski?

105.      When was the last time you had contact with Stefan Zapotocky?

106.      Did you speak with Dr. Radel-Leszczynski about your testimony here today?

107.      Did she ask that you to testify in a specific way

108.      Do you believe that Dr. Radel-Leszczynski could incur any civil or criminal liability as a result of your testimony here today?

109.      Would your testimony ever be influenced by an intent to protect Dr. Radel-Leszczynski from civil or criminal liability?

110.      Since the initiation of Project Partners' hosting of the email address office@alphaprimefund.com to this day, have there been any emails or other data of Alpha Prime lost or destroyed as a result of any event or action within the knowledge of Project Partners?

# MARIUS STEURER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                        **Debtor.**

    )

    **Adv. Pro. No. 08-01789 (SMB)**

    **SIPA LIQUIDATION**

    **(Substantively Consolidated)**

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC,

                        **Plaintiff,**

        **v.**

ALPHA PRIME FUND LIMITED *et al.*,

                        **Defendants.**

    **Adv. Pro. No. 09-01364 (SMB)**

## REQUEST FOR JUDICIAL ASSISTANCE

Presenting his compliments to the appropriate judicial authorities of Austria, this Request

is made by The Honorable Judge Stuart M. Bernstein of the United States Bankruptcy Court for

the Southern District of New York, which is located at One Bowling Green, New York, NY

10004-1408, United States of America to the Bundesministerium fur Verfassung, Reformen,

Deregulierung und Justiz, Museumstraße 7, 1070 Vienna, Austria.

Specifically, the Court requests assistance in obtaining testimonial and documentary

evidence from Marius Steurer, a representative of Project Partners Consulting &

Managementgesellschaft mbH (FN 132615y).

A copy of the transcript of the examination and the certification of the

Bundesministerium fur Verfassung Reformen, Deregulierung und Justiz should be returned to

Defendant's legal counsel, Todd E. Duffy, DuffyAmedeo LLP, 275 Seventh Avenue, 7th Floor,

New York, NY 10001, United States (on behalf of the Honorable Stuart M. Bernstein).

In light of the international law and comity that exists between the United States and

Austria, the undersigned applicant respectfully submits this request.

## INTRODUCTION

This Request seeks evidence for use in the above-named proceeding pending before this

Court, which alleges claims arising under the Securities Investor Protection Act of 1970, the

United States Bankruptcy Code, and the New York Debtor and Creditor Law.  The purpose of

this Request is to obtain documentary and testimonial evidence from Marius Steurer for use as

evidence in a trial of this proceeding in this Court.  The Court has not yet made a determination

of the merits of the claims and allegations asserted in this action, which are set forth below.

## SECTION 1

31. Sender:
    Todd E. Duffy
    DuffyAmedeo LLP
    275 Seventh Avenue, 7th Floor
    New York, NY 10001
    United States of America


    As authorized by:
    The Honorable Stuart M. Bernstein
    United States Bankruptcy Judge
    United States Bankruptcy Court for the Southern District of New York
    One Bowling Green
    New York, NY 10004

32. CENTRAL AUTHORITY OF REQUESTED STATE

    Bundesministerium fur Verfassung, Reformen, Deregulierung und Justiz
    MuseumstraBe, 7
    1070 Vienna
    Austria

-2-

33. PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED

Defendant's Legal Counsel

Todd E. Duffy, Esq.
DuffyAmedeo, LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001

On behalf of:

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

34. SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY
REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST

A response is requested as soon as possible in order to ensure that the evidence may be
obtained before the deadline for all fact discovery to be completed in the case, which is
currently July 3, 2019.

35. a. Requesting Judicial Authority:

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

b. TO THE COMPETENT AUTHORITY OF THE REPUBLIC OF AUSTRIA

Bundesministerium fur Verfassung, Reformen, Deregulierung und Justiz
MuseumstraBe, 7
1070 Vienna
Austria

c. NAME OF THE CASE AND ANY IDENTIFYING NUMBER

Picard v. HSBC Bank plc, et al., Adv. Pro. No. 09-01364 (SMB)

36. NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES:

| Plaintiff: Irving H. Picard | Legal Representatives |
|---|---|

| | |
|---|---|
| Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities, LLC | Oren J. Warshavsky, Esq.<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, NY 10111<br>United States of America<br>Tel: +1.212.589.4200<br>Fax: +1.212.589.4201<br>Email: owarshavsky@bakerlaw.com<br><br>Dr. Ferdinand Graf<br>Graf & Pitkowitz Rechtsanwalte GmbH<br>Stadiongasse 2,<br>1010 Vienna<br>Austria<br>Tel: (01) 401-17-0<br>Fax: (01) 401-17-40<br>Email: f.graf@gpp.at |
| Defendant: Alpha Prime Fund Limited<br>A corporation formed under the laws of Bermuda with a registered address at Bank of Bermuda Building, 6 Front Street, Hamilton HM11 | **Legal Representative**<br><br>Dr. Christian Hausmaninger<br>Hausmaninger Kletter<br>Franz Josefs-Kai 3<br>1010 Vienna<br>Austria<br>Tel: (01) 513-95-40<br>Fax: (01) 513-95-40-12<br><br>Todd E. Duffy, Esq.<br>DuffyAmedeo LLP<br>275 Seventh Avenue, 7th Floor<br>New York, NY 10001<br>Tel: +1.212.729.5832<br>Fax: +1.212.208.2437 |
| Persons to be Examined:<br><br>Marius Steurer<br>DOB 27 January 1967<br>Eßlinggasse 13/15<br>1010 Vienna<br>Austria<br>(director) | **Legal Representative**<br><br>Unknown |

37. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE
FACTS:

E.    NATURE OF THE PROCEEDINGS

This adversary proceeding arises from the massive Ponzi scheme orchestrated by Bernard

L. Madoff ("Madoff").   Madoff was the sole owner, founder, chairman, and chief executive

officer of Bernard L. Madoff Investment Securities ("BLMIS").   Through BLMIS, Madoff

received billions of dollars in investments from customers and generated account statements

purportedly showing that securities were purchased and sold on behalf of these customers.

Although Madoff seemingly produced consistent investment returns for his customers, no

securities were purchased or sold on any customer's behalf.   It was a Ponzi scheme: Madoff

satisfied customers' redemption requests with the deposits of other customers.   This scheme

continued until December 2008, when the requests for withdrawals overwhelmed the flow of

new investments and caused the inevitable collapse of the Ponzi scheme.

On December 11, 2008, Madoff was arrested by federal agents for his violations of

criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire

fraud.  In March 2009, Madoff admitted to having operated a Ponzi scheme and pleaded guilty to

all charges filed against him.  In June 2009, Madoff was sentenced to 150 years in prison.

On December 15, 2008, Judge Stanton of the United States District Court for the

Southern District of New York, appointed Irving H. Picard ("Trustee") as Trustee for the

liquidation of BLMIS pursuant to the United States Securities Investment Protection Act of 1970

(SIPA").   Under SIPA, the Trustee has the general powers of a bankruptcy trustee relating to the

recovery and distribution of customer property, assessing claims against BLMIS, and liquidating

any other assets of BLMIS for the benefit of the estate and its creditors.

As part of his statutory duty to recover customer property, the Trustee is empowered under the United States Bankruptcy Code (the "Bankruptcy Code") to bring "avoidance actions" to recover transfers of funds made by BLMIS prior to its collapse. *See* 11 U.S.C. §§ 544, 547, 548(a)(1), 550. In this context, the term "avoid" means to undo a transfer so that it may be returned to the BLMIS estate for equitable distribution to BLMIS customers. By this and some one thousand other avoidance actions the Trustee has brought in connection with the liquidation of BLMIS, the Trustee seeks to maximize the recovery of fraudulently transferred funds and, consequently, the ultimate distribution to Madoff's defrauded customers. All sums recovered by the Trustee are distributed to customers with approved customer claims; neither the Trustee nor his counsel is compensated from the fund of customer property.

F. SUMMARY OF THE FACTS AND ALLEGATIONS PLEADED BY THE TRUSTEE

The Trustee commenced the adversary proceeding entitled *Picard v. HSBC Bank plc, et al.,* Adv. Pro. No. 09-01364 (SMB) on July 15, 2009. On order about December 5, 2010, the Trustee filed an amended complaint (the "Complaint"). Essentially, the Trustee seeks to recover initial transfers made by Madoff to Alpha Prime by virtue of U.S. Bankruptcy Law and NY State Law. The gravamen of the Trustee's Complaint is that Alpha Prime received avoidable transfers from Madoff. In addition, the Trustee alleges that Alpha Prime knew or should have known about the Ponzi scheme citing to various "red flags".

On or about February 8, 2018, the Trustee entered into a Partial Settlement Agreement with Alpha Prime. Pursuant to the terms of this agreement, the Trustee recovered more than $76 million in allegedly avoidable transfers. Those transfers were the aggregate of all transfers in the two years prior to Madoff's arrest. Under U.S. Bankruptcy Law, Alpha Prime would normally be entitled to claim in the amount paid to the Trustee pursuant to 11 U.S.C. §502(h) (the "502(h)

Claim"). The Trustee has now determined that, the statute notwithstanding, Alpha Prime is not entitled to that claim. He is also seeking to subordinate the remainder of Alpha Prime's net equity claim and, if it is approved by the Court, the 502(h) Claim. Finally, the Trustee seeks to avoid and recover the proceeds of the transfers made more than two years but less than seven years after Madoff's arrest. The sum total of those transfers is $6,720,000. In order to succeed in recovering those transfers, the Trustee must prove that Alpha Prime had actual knowledge of the Madoff Ponzi scheme, something he did not allege in the Complaint.

On June 26, 2015, the Trustee filed a document listed as merely a "statement." The statement was entitled the Trustee's Second Amended Complaint (the "Statement"). However, the Federal Rules of Civil Procedure, the rules that govern the adversary proceeding, require that prior to filing an amended complaint in these circumstances, the Trustee must seek leave of the Court and subject the proposed complaint to various tests and court scrutiny. He did not seek the Court's approval and, therefore, the Statement has no effect in the Adversary Proceeding.

SECTION III

38. EVIDENCE TO BE OBTAINED AND PURPOSE

Without having deposed Alpha Prime's directors (which they have been offering to do since 2012) or speaking with Alpha Prime's directors about this, the Trustee alleges that Alpha Prime's account of the time and the circumstances surrounding the alleged failure of the emails server that occurred almost twelve years ago had changed several times. The Trustee alleges, again without having deposed Alpha Prime's directors or citing to a single piece of evidence corroborating these accusations, that although Alpha Prime was aware of the possibility that it may be the subject of an avoidance action by the Trustee, Alpha Prime terminated its relationship with Project Partners in late 2008 or early 2009 without directing Project Partners to preserve the

Alpha Prime documents.  Based only upon his baseless allegations as outlined above, the Trustee

has sought to depose various Austrian citizens to determine if Alpha Prime or Project Partners at

Alpha Prime's direction destroyed evidence of Alpha Prime's knowledge of Madoff's fraud.

Alpha Prime denies that it or Project Partners destroyed any evidence at all whether inadvertently

or otherwise.

39. IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED

    Marius Steurer
    Eßlinggasse 13/15
    1010 Vienna
    Austria

40. STATEMENT OF THE SUBJECT MATTER, ABOUT WHICH THE PERSON WILL
    BE EXAMINED

The Requests include a request for the oral examination under oath of Mr. Marius

Steurer.  A copy of the specific questions to be put to the witness together with a schedule of

defined terms is attached hereto as Exhibit A.

41. DOCUMENTS AND OTHER EVIDENCE TO BE OBTAINED

    None.

42. REQUIREMENT THAT THE EVIDENCE BE GIVEN UNDER OATH OR
    AFFIRMATION

This Court requests that Mr. Steurer's testimony be taken under oath.  Pursuant to the

Rule 603 of the United States Federal Rules of Evidence, this Court requests that the witness,

Mr. Steurer, be required to declare that he will testify truthfully, by oath or affirmation

administered in a form calculated to awaken his conscience and impress his mind with the duty

to do so.  Specifically, the Court requests that the duly appointed official require the witness to

provide his deposition testimony under the following oath: "I, Marius Steurer, swear that the

testimony I am about to give is the truth, the whole truth, and nothing but the truth", or the corresponding working for an oath under Austrian law.

43. SPECIAL PROCEDURES OR METHODS TO BE FOLLOWED

This Court requests: (1) that the examination be taken orally; (2) that the examination be taken in the presence of a commercial stenographer and videographer selected by the Trustee or the court; (3) that the videographer be permitted to record the examination by audio and visual means; (4) that the stenographer be allowed to record a verbatim transcript of the examination; (5) that the Trustee's counsel be allowed to use an interpreter selected by the Trustee to be able to follow and participate in the examination; (6) that counsel for both the Trustee and Alpha Prime be notified as soon as possible of the date, time and place of the examination, along with any other pertinent information, including what court is presiding over the deposition; (7) that counsel for both the Trustee and Alpha Prime be permitted to ask follow–up questions of Mr. Steurer; and (8) that the witness be examined as soon as possible to ensure that the evidence may be obtained before the July 3, 2019 end of fact discovery. In the event that – due to mandatory provisions of Austrian law – the taking of evidence according to some or all of the procedures described above is prohibited, this Court requests that it be taken in such manner as provided by Austrian law for the formal taking of testimonial evidence in civil proceedings.

44. REQUEST FOR THE NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
United States of America

Oren J. Warshavsky, Esq.

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
United States of America
Tel:    +1.212.589.4200
Fax:    +1.212.589.4201
Email: owarshavsky@bakerlaw.com

Dr. Ferdinand Graf
Graf & Pitkowitz Rechtsanwalte GmbH, Stadiongasse 2,
1010 Vienna
Austria
Tel:    (01) 401-17-0
Fax:    (01) 401-17-40
Email: f.graf@gpp.at

Todd E. Duffy
DuffyAmedeo LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001
Tel:    +1.212.729.5832
Fax:    +1.212.208.2437
Email: tduffy@duffyamedeo.com

Dr. Christian Hausmaninger
Hausmaninger Kletter
Franz Josefs-Kai 3
1010 Vienna
Austria
Tel:    (01) 513-95-40
Fax:    (01) 513-94-40-12
Email: Christian.Hausmaninger@hhw.at

45. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL
OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF
REQUEST

None.

SECTION IV

The Bankruptcy Court expresses its gratitude and states that the courts of the United

States are authorized by statute, 28 U.S.C. § 1782 of the United States Code, to extend similar

-10-

assistance to the tribunals of Austria and shall be ready and willing to provide reciprocal assistance in a similar case when required.

The Bankruptcy Court takes this opportunity to extend to the judicial authorities of Austria the assurances of the highest consideration.


Dated: February ___, 2019
      New York, NY                    _____
                                    HON. STUART M. BERNSTEIN
                                    UNITED STATES BANKRUPTCY JUDGE

Official Seal of the United States Bankruptcy Court for the Southern District of New York.

EXHIBIT A

Definitions

The witness shall please review these terms before providing testimony:

G.      The term "Alpha Prime" refers to Alpha Prime Fund Limited and anyone acting on behalf of or for the benefit of Alpha Prime Fund Limited, including, without limitation, its current and former parents, subsidiaries, divisions, officers, directors, principals, managers, members shareholders, agents, representatives, employees, attorneys, nominees, servants, predecessors, successors, and affiliates.

H.      The term "BAWFM" refers to BA Worldwide Fund Management Limited, including, without limitation, its current and former parents, subsidiaries, divisions, officers, directors, principals, partners, managers, members, shareholders, agents, representatives, employees, attorneys, nominees, servants, predecessors, successors and affiliates.

I.      The term "Project Partners" refers to Project Partners Consulting & Managementgesellschaft mbH, including, without limitation, its current and former parents, subsidiaries, divisions, officers, directors, principals, partners, managers, members, shareholders, agents, representatives, employees, attorneys, nominees, servants, predecessors, successors, and affiliates.

## QUESTIONS TO BE PUT TO THE WITNESS

111.      Are you an expert on the topics covered in your letter of Nov 29, 2018 ("the letter")?

112.      Were you "directed" or "asked" to write the letter?

113.      Did anybody exert pressure on you to write the letter?

114.      Were you told the purpose of the letter? If yes, what was ist?

115.      Were you told that your letter would be forwarded to US attorneys who would most likely want to depose you on its contents?

116.      Were you reminded to give a truthful recollection of the facts in your letter?

117.      Were you asked to limit what you are saying in your letter?

118.      Were you asked to state something untruthful in your letter?

119.      Were you at any time asked to change your recollection of the events that you are testifying to today?

120.      Is the letter an accurate factual description of what happened?

121.      Who came up with the explanation for the stripping of attachments set forth on page 3 et seq of your letter?

122.      Looking at an example of a stripped attachment: Can the name of the stripped attachment be identified?

123.      When did you first hear of Alpha Prime Fund Ltd?

124.      Did you ever have a business relationship with Alpha Prime Fund Ltd?

125.      From your experience, can server crashes happen?

126.      Did you know to whom the ESI to be recovered in 2007 belonged? Did you know that some of the ESI belonged to an entity called Alpha Prime?

127.      Did Project Partners or any other third party intervene in any way in the data recovery process in 2007?

128.      Were you ever instructed to destroy data (in general or specific) in the process of that data recovery?

129.      Were you ever instructed to limit in any way your data recovery in 2007?

130.      Were you ever instructed to limit the transfer of recovered data to the new server?

131.      Do you know for certain that a data loss occurred, or is this a presumption?

132.      Have you ever checked the recovered data as to data loss?

133.      How would any data loss have manifested itself?

134.      Assuming there exists a consecutive daily sequence of emails, how likely is it that there is data loss?

135.      Would individual emails be lost? Would there be gaps in the correspondence?

136.      Would the fact that there exists a chronological sequence of emails from start to finish of a business relationship speak for or against data loss?

137.      Is it likely that in fact no data was lost and everything was recovered?

138.      How could this be verified?