

1740 Broadway         T: 212.468.4800       www.dglaw.com
New York, NY 10019    F: 212.468.4888

Direct Dial: 212.468.4945
Personal Fax: 212.468.4888
Email: jserritella@dglaw.com

January 24, 2019

**BY ECF & EMAIL**

The Honorable Stuart M. Bernstein
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, Courtroom 723
New York, New York 10004-1408

      Re:  *SIPC v. Bernard L. Madoff Investment Securities LLC*, No. 08-1789 (SMB);
           *Picard v. Natixis Financial Products LLC*, No. 10-5353 (SMB)

Dear Judge Bernstein:

      On behalf of defendant Natixis Financial Products LLC (as successor in interest to Natixis Financial Products Inc.) ("Natixis FP") and in connection with the above-referenced action, we write to respectfully request a conference with the Court to address a streamlined procedure that will allow Natixis FP to respond directly to Plaintiff Irving H. Picard's (the "Trustee") proposed amended complaint (the "Amended Complaint") – which is the subject of the Trustee's Motion for Leave to File an Amended Complaint, filed on December 28, 2018 (the "Motion for Leave") – in order to minimize motion practice and, thus, conserve the Court's time and resources.

      For background, in the summer/fall of 2018, the parties discussed the Trustee's intention to amend his complaint in this adversary proceeding. At the time, Natixis FP was willing to consider consenting to the Trustee's filing of an amended complaint, provided it had an opportunity to review the proposed amendments. The Trustee refused and instead proceeded to file the Motion for Leave. Currently, Natixis FP's deadline to oppose the Motion for Leave is February 26, 2019. *See* Stipulation & Order entered on December 11, 2018, Dkt. No. 168. After the Court decides the Motion for Leave, Natixis FP can then move to dismiss the Amended Complaint. *See id.*

      Subsequent to the Trustee's filing the Motion for Leave, and Natixis FP's reviewing the Amended Complaint for the first time, Natixis FP broached the idea of consenting to the Amended Complaint and proceeding directly to a motion to dismiss with an agreed upon briefing schedule. The Trustee responded that he would not be amenable to this approach unless Natixis FP agrees "that the as-filed proposed amended complaint meets the futility standard," *see* email chain attached as Exhibit 1, which the Trustee would then use to attempt to negate Natixis FP's motion to dismiss. In addition, the Trustee has even refused to consider a motion to dismiss in the form of a cross-motion to the Motion for Leave (under which, Natixis FP would request the opportunity to file a reply). *See* email chain attached as Exhibit 2.

Davis & Gilbert LLP

Hon. Stuart M. Bernstein
January 24, 2019
Page 2

   There is no support at all for the Trustee's position that as a condition to consenting to the filing of an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure, Natixis FP should somehow be required to concede that the Amended Complaint satisfies the futility standard that courts consider in connection with motions for leave to amend a complaint. Moreover, requiring Natixis FP to make such a concession would be prejudicial and could have a substantive impact on the motion to dismiss Natixis FP intends to file.

   Accordingly, Natixis FP respectfully requests that the Court schedule a telephonic conference so that the Court can consider the process by which Natixis FP may now file a motion to dismiss, without conceding any of its rights or arguments as demanded by the Trustee, and set a briefing schedule that provides Natixis FP with sufficient time to respond to the 61-page Amended Complaint that contains wholly new allegations and references to more than 80 documents, including the opportunity to file a reply.

Respectfully submitted,

*/s/ James R. Serritella*

James R. Serritella

cc: Counsel for Trustee (by ECF and email)