# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

January 25, 2019

**VIA ECF AND FEDERAL EXPRESS**

The Honorable Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

> **Re:** *In re Bernard L. Madoff, Investment Securities, LLC,* **Adv. Pro. No. 08-01789;**
> *Irving H. Picard v. Wilenitz,* **Adv. Pro. No. 10-04995 (SMB)**

Dear Judge Bernstein:

I write on behalf of Defendants listed on ECF No. 14283[1] ("Defendants") in response to the Trustee's letter of January 22, 2019 which was filed in *Picard v. Wilenitz*, Adv. Pro. No. 10-04995, ECF No. 127,[2] in opposition to Defendants' request to appeal Judge Maas' January 2, 2019 Order denying Defendants' most recent motion to compel with respect to third-party trading records evidencing the trading activities of Madoff and BLMIS for the period from 1980 – 2008 (the "Trading Records"). *See* ECF No. 18354. Defendants' request was filed pursuant to the procedures set forth in the October 4, 2016 Order Appointing a Discovery Arbitrator (the "Order Appointing Arbitrator"). *See* ECF No. 14227.

## I.    The Court should permit an appeal and 28 U.S.C. § 1292 is inapplicable

The Trustee, citing 28 U.S.C. § 1292, argues that "federal law does not permit" "an interlocutory appeal of a discovery order." *Wilenitz*, ECF No. 127 at 2. However, the Order Appointing Arbitrator expressly permits appeals of Judge Maas' orders and outlines the procedure for pursuing such appeals. *See* ECF No. 14227, ¶ 10 ("Any party may request an appeal of any ruling of the Discovery Arbitrator by submitting a letter to the Court . . . ."). If Defendants' rights to appeal were restricted as suggested by the Trustee, then Defendants would never have consented to bring matters before the Discovery Arbitrator and certainly the Order Appointing Arbitrator would not have expressly provided for *de novo* review of the Discovery Arbitrator's findings of fact and conclusions of law. *See* ECF No. 14227, ¶ 10.

---

[1] Unless otherwise indicated, all ECF references are to the main docket in the BLMIS liquidation, Adv. Pro. No. 08-01789.
[2] The Trustee's letter was filed on the *Wilenitz* docket, but not on the main docket in the BLMIS liquidation.

{00038921 3 }

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 25, 2019
Page 2

This Court's authority to enter the Order Appointing Arbitrator is derived from Fed. R. Bankr. P. 9019(c), ECF No. 14227 at 2, which provides that a discovery arbitrator can be appointed pursuant to "stipulation of the parties." Fed. R. Bankr. P. 9019(c). Here, the parties have stipulated to an appeals procedure pursuant to the Order Appointing Arbitrator. Defendants have complied with the relevant procedure, *see* ECF No. 14227, and this Court would be without authority to impose on Defendants the unstipulated appellate hurdles urged by the Trustee. *See, e.g.*, *In re Jorgensen*, 66 B.R. 104, 108 (B.A.P. 9th Cir. 1986) ("The court may appoint an arbitrator only with the stipulation of the parties.").

Not only would 28 U.S.C. § 1292 be displaced by the Order Appointing Arbitrator, but there is no basis to believe that the statute has any relevance whatsoever in the first place as it says nothing of appeals to the Bankruptcy Court. Rather than governing appeals to the Bankruptcy Court, 28 U.S.C. § 1292 is concerned with appeals to the district court and to the court of appeals. There is no case of which we are aware in which 28 U.S.C. § 1292 has governed an appeal of an arbitrator's order to the Bankruptcy Court.

The Trustee's citation to District Judge Carter's Order Denying Motion for Leave to Appeal, entered in *Picard v. Saren Lawrence*, Adv. Pro. No. 10-04898, ECF No. 118, is equally unavailing because that Order concerned an appeal to the District Court from this Court. In that case, the Trustee was permitted by this Court to broadly pursue discovery of highly personal and confidential financial information of parties and non-parties alike, some of which was duplicative and cumulative, and a large volume of which consisted of irrelevant information. Thus, if anything, that case merely demonstrates the unfairness of permitting the Trustee to employ his limitless legal budget to continue to conceal material evidence from the Defendants.

## II.    Defendants should be granted permission to appeal the January 2, 2019 Order

The Trustee makes four arguments as to why the January 2, 2019 Order should not be reversed.

First, the Trustee argues that the January 2, 2019 Order does not contravene the Orders of this Court. According to the Trustee, "[i]f the Court had already ordered production of 'trading records' in May of 2016, then Ms. Chaitman's August 2016 motion to compel and subsequent arbitrations would have been completely unnecessary." *Wilenitz*, ECF No. 127 at 2. In fact, this is true: if the Trustee had complied with this Court's orders and had not embarked upon a campaign to conceal material evidence, the proceedings before Judge Maas would have been unnecessary.

Starting in May 2016, this Court ordered the Trustee to produce to the Defendants all the Trading Records, *See, e.g.*, May 17, 2016 Transcript at 69:19-22 (THE COURT: "Well, if the

# CHAITMAN LLP

Trustee has additional documents, he's got to supplement the disclosure or the production, which he does by adding them to the data room . . . .").[3]

But the Trustee ignored this Court's order. Then, again, on June 29, 2017, this Court ordered the Trustee to produce the Trading Records. *See, e.g.*, June 29, 2017 Transcript[4] at 74:14-15 (there are "two orders directing you to turn over the documents"). Again, the Trustee ignored this Court's order. Thus, the Trustee's argument is simply incorrect and the Trustee does not even dispute that Judge Maas is without authority to enter orders that contravene the Orders of this Court.

Second, the Trustee again ignores the relevant issue by suggesting that Defendants have made no showing that their discovery requests are "relevant and proportional." *Wilenitz*, ECF No. 127 at 3. However, this Court obviously recognized the relevance of the Trading Records because it ordered the Trustee to produce them. Similarly, Judge Maas held that the Trading Records go to "significant" issues in the case. Given their obvious relevance, Rule 26 requires disclosure in light of the minimal to nonexistent burden that would be imposed on the Trustee by simply sharing access to an existing database and allowing Defendants' counsel to inspect the warehouses of documents which are under the Trustee's exclusive control. The Trustee has never contended that compliance with this Court's orders would be unduly burdensome and any such contention would be preposterous.

The Trustee misstates the facts in footnote 2 of his letter. We repeatedly asked the Trustee to produce all Trading Records of a whole list of firms. Instead, the Trustee simply told us how many "hits" there were but refused to produce the documents. *See, e.g.*, Ex. F to the September 20, 2018 Joint Letter to Judge Maas, which is Chaitman Decl., January 16, 2019, as Ex. 2.

Third, the Trustee argues that it does not matter whether BLMIS actually engaged in real trading for its customers because Defendants have not shown that the Trustee's efforts to identify pre-1992 trading records have been inadequate. *Wilenitz*, ECF No. 127 at 3. First of all, Defendants have sought Trading Records for the entire period from 1980 – 2008. Defendants have not limited their requests to a specific time period. Their request is co-extensive with the time period the Trustee applies to calculate net equity. Moreover, Defendants have already set forth at length on numerous occasions why the Trustee's productions have been inadequate,[5] and the Trustee's efforts are *per se* inadequate because they do not comply with the previous Orders of this Court requiring the Trustee to produce all Trading Records. Finally, the high relevancy of the Trading Records compels reversal. The Trustee has a mass of documents that he has refused to produce because they are inconsistent with the representations he has made to this Court, the

---

[3] The Trustee emailed this transcript to Judge Maas on Nov. 19, 2018. The transmittal letter is attached to the Chaitman Decl, January 16, 2019 as Ex. 3. The transcript is Chaitman Decl., January 16, 2019 as Ex. 4.

[4] Ex. A to the September 20, 2018 Joint Letter to Judge Maas, which is Chaitman Decl., January 16, 2019 as Ex. 2.

[5] *See, e.g.*, Exhibit A to Defendants' November 20, 2018 Letter to Judge Maas, which is Chaitman Decl., January 16, 2019 as Ex. 8.

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 25, 2019
Page 4

District Court, and the Second Circuit. However, there is no justification for protecting the Trustee and his counsel by allowing them to conceal material evidence.

The Court will recall that, contrary to the Trustee's continuous representations that Madoff never purchased securities with investment advisory customers' money, Madoff testified in his deposition that he maintained a portfolio of $6 billion of T-bills that he purchased with investment advisory customers' money and that, in addition, he invested such customers' money in various other securities such as commercial paper. When I brought this fact to the Court's attention in 2018, Mr. Sheehan acknowledged the truth of this, for the first time in nine years – although he only confessed to the T-bills Madoff had purchased in 2007 – 2008. Madoff also testified concerning Mr. Dubinsky's expert report and totally destroyed Mr. Dubinsky's credibility because his report was patently false in numerous respects (despite the fact that the Trustee paid Mr. Dubinsky over $30 million to prepare his report).

In the face of Madoff's truthful testimony, the Trustee was compelled to have new expert reports prepared. Just last week, the Trustee produced an entirely new expert report of Mr. Dubinsky and an entirely new expert report of Lisa Collura who now admits what Defendants have been alleging for years: that Madoff used investment advisory customers' money to purchase various kinds of securities; that he used investment advisory customers' money to purchase securities at brokerage accounts with Bear Stearns, Fidelity, Lehman Brothers, Morgan Stanley, Bank of New York, JPMorgan Chase and M&T Securities. Collura also admits that the investment advisory customers' money appreciated. The Expert Report of Lisa Collura, dated January 16, 2019, is annexed hereto as Ex. A with selected exhibits. *See id.*, Ex. 3. Collura admits that Madoff invested funds in the 703 Account at JPMorgan Chase. She admits that Madoff comingled funds between the investment advisory business and the proprietary trading business. *See id.*, ¶ 47, n.28, ¶ 57. And she documents the more than $16 billion T-bills that Madoff purchased through JPMorgan Chase just in 2007 – 2008. *See id.*, Ex. 12. Thus, Defendants' previous representation that Madoff never purchased securities with investment advisory customers' money has now been proven false, and the Trustee should not be permitted to further conceal the Trading Records. Defendants are entitled to compliance with this Court's orders. And they are entitled to see all the Trading Records, not simply the ones that the Trustee has finally decided to disclose.

Fourth, there is no indication in the January 2, 2019 Order that Judge Maas considered Defendants' offer to search the Trustee's warehouses themselves rather than force the Trustee to "rummage through all of the boxes in the warehouse." January 2, 2019 Order, ECF No. 18354 at 7. Obviously, however, this would not be an undue burden when the Trustee and his law firm have been paid over $1 billion to date and when the documents sought will prove that the Trustee has misrepresented material facts concerning Madoff's fraud from the inception of his appointment.

## III.    Conclusion

The Trustee's misrepresentation of material facts and deliberate concealment of the Trading Records compels reversal of the January 2, 2019 Order. The public, the customers, and the courts, are entitled to the truth about Madoff's fraud. The Trustee and his counsel acted in

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
January 25, 2019
Page 5

contempt of this Court's orders because they have wanted to conceal the truth from the public, the customers, and the courts.  It would be a disgrace to the legal system to allow the Trustee, who, with his firm, has been compensated in excess of $1 billion, to continue to misrepresent the nature of Madoff's fraud by concealing material evidence.

Defendants are entitled to production of all of the Trading Records under the Trustee's control covering the period from 1980 – 2008.

Respectfully submitted,

*/s/Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Enclosures (as stated)
cc:     Maximillian S. Shifrin, Esq. (*via email only*)
        Nicholas J. Cremona, Esq. (*via email only*)