# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 7, 2019

Geoffrey A. North
direct dial: 212.589.4642
gnorth@bakerlaw.com

**VIA ECF AND E-MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:    Picard v. HSBC Bank PLC, et al., Adv. Pro. No. 09-01364 (SMB)

Dear Judge Bernstein:

On behalf of the Trustee, we respectfully submit this letter in opposition to Alpha Prime's Motion for the Issuance of Letters of Request ("Alpha Prime's Motion").[1]

Alpha Prime's Motion is just one in a series of dizzying maneuvers by Alpha Prime to deprive the Trustee of evidence from three Austrian witnesses who, alone, have knowledge of certain events central to the claims in this case. While styled a motion, it is little more than a second objection by Alpha Prime to the Trustee's pending Motion for the Issuance for Letters of Request (the "Trustee's Motion").[2] To the extent it seeks relief—Alpha Prime did not even submit a proposed order—the relief is purely conditional, to be granted only "should the Court determine that the relief requested by the Trustee is permissible."[3] And the relief Alpha Prime seeks—the right to examine the same three witnesses whose testimony the Trustee's Motion seeks—would be entirely duplicative of a right Alpha Prime would have if the Court were to grant the Trustee's Motion.

Alpha Prime's Motion should be viewed in light of the Trustee's Motion and the surrounding circumstances. The Trustee's Motion seeks the issuance of letters of request to the personnel of two Austrian companies, Project Partners (Stephan Blahut and Stefan Radel) and Steurer CC (Marius Steurer). Although they are central figures in the disposition of Alpha Prime's electronic data, now an important issue in the case, Project Partners and Steurer were only recently disclosed to the Trustee. It was only on December 14, 2018 that Alpha Prime tendered to the

---

[1] ECF No. 513.
[2] ECF No. 507.
[3] ECF No. 513, at 2.

Honorable Stuart M. Bernstein
February 7, 2019
Page 2

Trustee statements[4] it had recently obtained from Project Partners and Steurer. Alpha Prime also purportedly asked representatives from each company to voluntarily appear for deposition, and we were told that the representatives declined.

Understanding from those circumstances that both Parties desired, but were unable, to examine those representatives under oath, the Trustee sought to compel their appearance through the issuance of letters of request. To proceed most efficiently, the Trustee and Alpha Prime agreed to file coordinated motions seeking the issuance of letters of request, and advised the Court of the planned coordinated filings. Alpha Prime's counsel informed us that he had never before prepared a motion for a letter of request. In a show of good faith, the Trustee provided, upon request by Alpha Prime's counsel, a sample of such a motion from which he could work. As another courtesy, the Trustee provided Alpha Prime with a copy of his actual Motion here pre-filing, so that Alpha Prime could coordinate its motion accordingly. The Trustee's proposed letters of request made special provision for counsel for both Parties to "be permitted to ask follow-up questions"—granting Alpha Prime the same right that it now seeks in its motion. Throughout the discussions, Alpha Prime never voiced an objection to the Trustee's Motion.

After the Trustee filed his motion, however, Alpha Prime changed course. Initially, on January 11, 2019, Alpha Prime's counsel informed the Trustee that he would file a "limited objection," not to the relief the Trustee is seeking, but to the characterization of certain factual assertions. On January 14, Alpha Prime did an about-face and abandoned the plan to coordinate filings altogether, instead arguing in a letter to the Court that the Trustee's proposed Letters of Request were not warranted. On January 22, Alpha Prime filed its Motion, attempting again to block the Trustee from obtaining evidence from Messrs. Blahut, Radel, and Steurer.

Yesterday, pursuant to an order entered by the Honorable Frank Maas (Ret.), the court-appointed discovery arbitrator in this case, Alpha Prime produced a witness for a Rule 30(b)(6) deposition on topics relating to the disposition of Alpha Prime's electronic data. The witness was wholly unprepared to testify on the specified topics. In response to multiple questions, he responded that Project Partners or Steurer would know the answers and would be most qualified to testify. For example:

> Q.  Do you know whether any Alpha Prime data that was hosted by Project Partners was not included on these DVDs?
> A.  I don't know.
> Q.  Who would know?
> A.  Project Partner [sic] most probably.[5]

Also:

> Q.  Did you have any contact directly with Project Partners?

---
[4] ECF No. 507-1.
[5] Ex. 1. (Transcript of February 6, 2019 Rule 30(b)(6) deposition of Alpha Prime Fund Limited, at 141:1–6.)

Honorable Stuart M. Bernstein
February 7, 2019
Page 3

> A. No.
> Q. And you think Project Partners is the one that understands this issue the best, the issues in this letter?
> A. I guess so, yes.
> Q. Can you think of anybody who understands these issues better than Project Partners?
> A. They were the service provider, so I guess they have to understand best.[6]

When the witness was asked to walk through the analysis Steurer undertook in its November 29, 2018 letter,[7] the witness could not answer and testified only that "Mr. Steurer most probably" would know the answer.[8] Additionally, when questioned about Alpha Prime's apparent loss of electronic data, the witness provided testimony that contradicted his verified interrogatory answer on the subject.[9] In light of the contradictory testimony and the witness's testimony that Project Partners and Steurer were better suited to testify on these topics, the Trustee's counsel asked Alpha Prime's counsel to consider withdrawing Alpha Prime's "opposition" to the Trustee's Motion. Alpha Prime's counsel responded, "[a]bsolutely not!"

As currently drafted, Alpha Prime's proposed Letters of Request ignore the fact that letters of request are draft requests for judicial assistance issued not by a party, but rather by one court to a sister court in a foreign jurisdiction. A letter of request is not an advocacy piece. It sets forth only pleadings sought to be proven (or refuted) and the evidence requested in connection with those pleadings. In Part 7 of its Request, however, entitled "Summary of the Facts and Allegations Pleaded by the Trustee," Alpha Prime devotes two of the three paragraphs to its commentary on the Partial Settlement Agreement between the Parties and the Trustee's proffered Second Amended Complaint—but neither the Partial Settlement Agreement nor the circumstances surrounding the Trustee's proffered Second Amended Complaint comprise "facts and allegations pleaded by the Trustee." Similarly, Part 8, entitled "Evidence to Be Obtained and Purpose," criticizes the Trustee's allegations for having been made "without having deposed Alpha Prime's directors." It is neither a description of evidence to be obtained nor an explanation of the purpose for which the evidence is sought, and the Trustee objects to the inclusion of these paragraphs.

To the extent that Alpha Prime, having realized that the Trustee's inclusion of his pleadings and allegations was wholly appropriate, now objects to the Trustee's reliance on the proffered Second Amended Complaint, the Trustee objects on two grounds. *First*, the appropriate place for an objection to a party's letter of request is in a formal objection, not in a competing letter of request. *Second*, the Trustee submits that Alpha Prime's objection to the Trustee's use of the proffered Second Amended Complaint is disingenuous. For more than three years, the Parties have operated under the assumption that the facts pleaded in the proffered Second Amended

---

[6] *See id.* at 161:3–14.
[7] ECF No. 507-1.
[8] Ex. 1 at 119:5–10.
[9] *See* Ex. 1 at 163:8–14 and Ex. 2, at 7 (Defendant Alpha Prime Fund Limited's Responses and Objections to the Trustee's First Set of Interrogatories.)

Honorable Stuart M. Bernstein
February 7, 2019
Page 4

Complaint formed the basis of the Trustee's allegations in this action. Indeed, the pleading underlying the mediation between the Trustee and Alpha Prime was based on the proffered Second Amended Complaint. The same is true of the Partial Settlement Agreement. And while the procedural stance of the underlying case is somewhat unusual, in order to accord with the experience and expectations of the Parties, the Trustee believed that it was more appropriate to cite to the proffered Second Amended Complaint than to the Amended Complaint. As a practical matter, citations to the Amended Complaint would have no material impact on the Trustee's Motion.

Moreover, to the extent that Alpha Prime had an objection to the Trustee's use of the proffered Second Amended Complaint, it could have raised this issue with the Trustee before filing, since, as noted above and in the Trustee's prior letter to the Court[10], the Trustee provided Alpha Prime with an advance copy of the Trustee's Letter of Request. That copy was provided to Alpha Prime so that the Parties could submit coordinated requests for discovery of the same witnesses and to assist Alpha Prime with that process, since Alpha Prime's counsel professed having no prior experience with the letter of request procedure.

Finally, the Parties' Letters of Request are not the appropriate vehicles to litigate the issue of whether there has been spoliation of evidence. The Letters of Request should instead be used to seek evidence to determine the underlying facts relevant to this proceeding. Because the determination of precisely what happened to Alpha Prime's ESI should be as important to Alpha Prime as it is to the Trustee, the Trustee actively assisted Alpha Prime with the preparation of its Letters of Request so that *both* Parties would have a full and fair opportunity to depose those involved.

The Trustee respectfully requests that Alpha Prime's Motion be denied and the Trustee be allowed to proceed with his Motion, which will still allow Alpha Prime an equal opportunity to question Messrs. Blahut, Radel, and Steurer.

Respectfully,

/s/ Geoffrey A. North

Geoffrey A. North


cc:   Todd E. Duffy, Esq.
      Oren J. Warshavsky, Esq.

---

[10] ECF No. 511