UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>    -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>       Plaintiff,<br><br>    -against-<br><br>SRIONE, LLC, an Idaho limited liability company, and DANCING $ LLC, a Montana limited liability company,<br><br>       Defendants. | Adv. Pro. No. 10-5380 (SMB) |

**DISCOVERY ARBITRATOR'S FOURTH DISCOVERY ORDER**

Following a telephone conference with counsel on January 10, 2019, I have reviewed certain of the recent correspondence in these proceedings, including (but not limited to) letters to me dated November 7, 2018, from Dean D. Hunt, of Baker & Hostetler LLP, counsel for the Trustee; November 11, 2018, from Philip H. Stillman, counsel for the defendants; December 21, 2018, from Mr. Hunt; and January 4, 2019 from Mr. Stillman; and an email from Mr. Stillman to me dated January 10, 2019. I also have reviewed the transcripts of the depositions of Eric Waldman, as the corporate representative of Dancing $ LLC ("Dancing") and Srione, LLC ("Srione"), taken, respectively, on December 4 and 5, 2018.

The foregoing documents confirm that Mr. Waldman's efforts to locate documents responsive to the Trustee's requests were at best half-hearted, and that Mr. Stillman's efforts to ensure that Mr. Waldman conducted a thorough search left much to be desired.

In light of the foregoing, the Discovery Arbitrator hereby ORDERS as follows:

1. If the Trustee so requests, Mr. Waldman shall turn over to an independent forensic expert any laptops, flash drives, or other devices in his possession custody or control that ever were used to store database or other financial information or emails concerning Dancing or Srione. The expert, in turn, shall examine those devices to determine whether any additional information responsive to the Trustee's document requests can be retrieved.

2. If the expert locates such information, the expert shall produce it in the first instance to Mr. Stillman, who shall within thirty days determine its responsiveness, identify any privileged documents, and make any necessary further production to the Trustee. Additionally, Mr. Stillman shall preserve any documents identified by the expert that are not produced to the Trustee. Any documents withheld by the defendants on privilege grounds must be described in a privilege log complying with Local Rule 26.2(a)(2)(A) of the United States District Court for the Southern District of New York, which must be served when the non-privileged responsive documents are produced. That rule, while not directly applicable to these Bankruptcy proceedings, sets forth the minimum requirements for an adequate privilege log.

3. If the Trustee requests a forensic examination, counsel should attempt to agree on a suitable expert. Should they be unable to do so within two weeks, the Arbitrator will select an expert. The costs associated with the forensic review shall in the first instance be borne by the Trustee without prejudice to a later application to shift fees.

4. If the Trustee requests a forensic review, Mr. Waldman's deposition shall be continued within thirty days after any additional responsive documents are

produced. In that circumstance, Mr. Waldman may be deposed for a maximum of three additional hours concerning any newly-produced documents and the SriOne tax returns. If the Trustee forgoes a forensic review, Mr. Waldman may be deposed for a maximum of one additional hour concerning the SriOne tax returns.

SO ORDERED.

Dated:    New York, New York
          February 6, 2019

                                      FRANK MAAS
                                      Discovery Arbitrator

Copies to Counsel via ECF