**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
|        Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
|    v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
|        Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
|        Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
|        Plaintiff, | Adv. Pro. No. 10-04390 (SMB) |
|    v. | No. 19 Civ. 00812 (UA) |
| BAM L.P., MICHAEL MANN, and MERYL MANN, | |
|        Defendants. | |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR LEAVE TO APPEAL PURSUANT TO 28 U.S.C. §158(a)**
**AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 8004**

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................. 3

    A.    The Claims Procedure .......................................................... 3

    B.    The Trustee's Avoidance Action ........................................ 4

    C.    Motion For Stay And Order Withdrawing Customer Claims And
Objections .......................................................................... 5

    D.    The Bankruptcy Court's Jurisdictional Decision ................ 6

    E.    Motion For Summary Judgment ......................................... 8

LEGAL STANDARD ....................................................................................... 9

ARGUMENT .................................................................................................. 11

I.    INTERLOCUTORY REVIEW IS NOT APPROPRIATE ............................. 11

    A.    Defendants Have Not Presented a Controlling Question of Law ........ 11

        1.    Defendants Do Not Have A Right To A Jury Trial ................ 11

        2.    Defendants' Defenses Have Been Fully Litigated And Rejected By
The Courts ......................................................................... 12

        3.    Net Equity Is Calculated Exactly The Same As Avoidance
Liability ............................................................................. 15

        4.    Precedential Value Is Not A Sufficient Basis For Certification ............. 16

    B.    There Is No Substantial Ground For Difference Of Opinion ............. 16

    C.    Certification Would Not Materially Advance the Termination of this
Litigation .......................................................................... 19

CONCLUSION .............................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 20/20 Sport, Inc.*,
  200 B.R. 972 (Bankr. S.D.N.Y. 1996) ...................................................................18

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
  426 F. Supp. 2d 125 (S.D.N.Y. 2005) ..............................................................16, 19

*Ball v. Soundview Capital Mgmt. Ltd (In re Soundview Elite Ltd.)*,
  594 B.R. 108 (Bankr. S.D.N.Y. 2018) ............................................................17, 18

*Bankr. Servs., Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*,
  529 F.3d 432 (2d Cir. 2008) ...............................................................................6

*In re Bernard L. Madoff Inv. Sec. LLC*,
  No. 15 Civ. 6564 (GBD), 2016 WL 690834 (S.D.N.Y. Feb. 11, 2016) ................................11

*Brown v. Midland Credit Mgmt. (In re Brown)*,
  No. 15-40021 (JJR), 2015 Bankr. LEXIS 3289 (Bankr N.D. Ala. Sept. 29,
  2015) .....................................................................................................18

*In re Buspirone Patent Litig.*,
  210 F.R.D. 43 (S.D.N.Y. 2002) ..........................................................................10

*U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*,
  No. 06 Civ. 5033 (DC), 2009 WL 4809863 (S.D.N.Y. Dec. 15, 2009) ................................17

*Cruisephone, Inc. v. Cruise Ships Catering & Servs. (In re Cruisephone, Inc.)*,
  278 B.R. 325 (Bankr. E.D.N.Y. 2002) ..................................................................18

*Davis v. Elliot Mgmt. Corp. (In re Lehman Bros. Holdings Inc.)*,
  No. 13 Civ. 2211 (RJS), 2014 WL 3408574 (S.D.N.Y. June 30, 2014) ................................11

*Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*,
  159 B.R. 396 (S.D.N.Y. 1993) ...........................................................................10

*In re Enron Creditors Recovery Corp.*,
  410 B.R. 374 (S.D.N.Y. 2008) .......................................................................2, 19

*Exec. Benefits Ins. Agency v. Arkison (In re Bellingham)*,
  573 U.S. 25 (2014) .....................................................................................20

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  986 F. Supp. 2d 524 (S.D.N.Y. 2014) ...............................................................9, 16

# TABLE OF AUTHORITIES
## (Continued)

Page

*Flaherty v. Filardi*,
  No. 03 Civ. 2167 (LTS)(HBP), 2007 WL 1827841 (S.D.N.Y. June 26, 2007).....................19

*Flor v. BOT Fin. Corp. (In re Flor)*,
  79 F.3d 281 (2d Cir. 1996)...........................................................................................9, 17

*Germain v. Conn. Nat'l Bank*,
  988 F.2d 1323 (2d Cir. 1993)........................................................................................8, 12

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
  541 U.S. 567 (2004)............................................................................................................7

*Hart v. Rick's Cabaret Int'l, Inc.*,
  73 F. Supp. 3d 382 (S.D.N.Y. 2014)................................................................................16

*Katchen v. Landy*,
  382 U.S. 323 (1966)............................................................................................................6

*Koehler v. Bank of Berm. LTD*,
  101 F.3d 863 (2d Cir. 1996)...............................................................................................9

*Langenkamp v. Culp*,
  498 U.S. 42 (1990)..............................................................................................................6

*Lehman Bros. Special Fin. Inc v. Bank of Am. Nat'l Ass'n (In re Lehman Bros.
  Holdings Inc.)*,
  544 B.R. 16 (Bankr. S.D.N.Y. 2015)................................................................................18

*In re Madison Bentley Assocs., LLC*,
  474 B.R. 430 (S.D.N.Y. 2012)..........................................................................................20

*In re Mayo*,
  321 B.R. 759 (Bankr. D. Vt. 2005)...................................................................................20

*Messer v. Magee (In re FKF 3, LLC)*,
  No. 13 Civ. 3601 (KMK), 2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016) .........................8, 18

*Murray v. UBS Sec., LLC*,
  No. 12 Civ. 5914 (KPF), 2014 WL 1316472 (S.D.N.Y. Apr. 1, 2014)....................................9

*In re Oxford Health Plans, Inc.*,
  182 F.R.D. 51 (S.D.N.Y. 1998) ........................................................................................16

*Perkins v. Verma*,
  No. 11–2557 (SDW) (MCA), 2011 WL 5142937 (D.N.J. Oct. 27, 2011) ............................20

# TABLE OF AUTHORITIES
## (Continued)

Page

*Picard v. BAM L.P.*,
  Adv. Pro. No. 10-04390 (SMB), 2019 WL 262278 (Bankr. S.D.N.Y. Jan. 18,
  2019) ......................................................................................................................... *passim*

*Picard v. Cohen*,
  Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296 (Bankr. S.D.N.Y. Apr.
  25, 2016) .................................................................................................................5, 14

*Picard v. Estate of Madoff*,
  464 B.R. 578 (S.D.N.Y. 2011) .............................................................................11

*Picard v. Greiff*,
  476 B.R. 715 (S.D.N.Y. 2012) .............................................................................13

*Picard v. Katz*,
  825 F. Supp. 484 (S.D.N.Y. 2011) ........................................................................8

*Picard v. Lowrey*,
  Adv. Pro. No. 10–04387 (SMB), 2018 WL 1442312 (Bankr. S.D.N.Y. Mar.
  22, 2018) ..............................................................................................................14

*Picard v. Saren-Lawrence*,
  No. 17 Civ 5157 (GBD), 2018 WL 2383141 (S.D.N.Y. May 15, 2018),
  *recons. denied sub nom.,* 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018).....................7, 12, 19

*Quinn v. Altria Grp., Inc.*,
  No. 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 (S.D.N.Y. Aug. 1, 2008) .......................10

*Ryan, Beck & Co., LLC v. Fakih*,
  275 F. Supp. 2d 393 (E.D.N.Y. 2003) ...................................................................17

*In re S. African Apartheid Litig.*,
  No. 02 MDL 1499 (SAS), 2009 WL 5177981 (S.D.N.Y. Dec. 31, 2009) .................10, 12, 17

*S.E.C. v. Straub*,
  No. 11 Civ. 9645 (SJS), 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013) ..................19

*Scholes v. Lehmann*,
  56 F.3d 750 (7th Cir. 1995) ..................................................................................14

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.)*,
  No. 12 MC 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013), *aff'd,*
  773 F.3d 411 (2d Cir. 2014), *cert. denied,* 135 S. Ct. 2859 (2015)...........................4

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard Madoff)*,
  531 B.R. 439 (Bankr. S.D.N.Y. 2015) ...............................................................13, 14

# TABLE OF AUTHORITIES
## (Continued)

Page

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Madoff Sec.*),
499 B.R. 416 (S.D.N.Y. 2013) ........................................................................5, 13, 15

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Madoff Sec.*),
513 B.R. 437 (S.D.N.Y. 2014) ................................................................................16

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Madoff Sec.*),
987 F. Supp. 2d 309 (S.D.N.Y. 2013) ..........................................................9, 10, 13

*SEC v. Credit Bancorp, Ltd.*,
103 F. Supp. 2d 223 (S.D.N.Y. 2000) ......................................................11, 16, 17

*In re Shoot the Moon, LLC*,
No. 15-60979-11 (TLM), 2019 WL 148408 (Bankr. D. Mont. Jan. 9, 2019) ........18

*Siegel v. Cal. Self-Insurers' Sec. Fund* (*In re Circuit City Stores, Inc.*),
No. 08-35653 (KRH), 2016 WL 1714515 (Bankr. E.D. Va. Apr. 26, 2016) ...........7

*Sterling v. Harrison (In re Sterling)*,
No. 1:17-cv-00248 (ALC), 2018 WL 1157970 (S.D.N.Y. Mar. 2, 2018) ...............10

*U.S. v. Huron Consulting Grp., Inc.*,
No. 09 Civ. 1800 (JSR), 2011 WL 2017322 (S.D.N.Y. May 16, 2011)..................10

*Williston v. Eggleston*,
410 F. Supp. 2d 274 (S.D.N.Y. 2006)....................................................................10

*In re World Trade Ctr. Disaster Site Litig.*,
469 F. Supp. 2d 134 (S.D.N.Y. 2007)......................................................................9

**Statutes**

11 U.S.C. § 101 ...............................................................................................................4

11 U.S.C. § 105(a) ..........................................................................................................4

11 U.S.C. § 502(d) ................................................................................................ *passim*

11 U.S.C. § 544 ...............................................................................................................4

11 U.S.C. § 548.............................................................................................................19

11 U.S.C. § 548(a) ..........................................................................................................4

11 U.S.C. § 548(a)(1)(A) ...............................................................................................15

11 U.S.C. § 548(c) ...............................................................................................5, 12, 14

# TABLE OF AUTHORITIES
## (Continued)

Page

11 U.S.C. § 550(a) ...........................................................................................................4

11 U.S.C. § 551 ...............................................................................................................4

15 U.S.C. § 78aaa ...........................................................................................................2

15 U.S.C. § 78eee(b)(4) ..................................................................................................3

15 U.S.C. § 78fff-1(a) .....................................................................................................4

15 U.S.C. § 78fff-2(a)(2) .................................................................................................3

15 U.S.C. § 78fff-2(b) .....................................................................................................3

15 U.S.C. § 78fff-2(c)(3) .................................................................................................4

15 U.S.C. § 78fff(b) .........................................................................................................4

15 U.S.C. § 78lll(11) ........................................................................................................3

28 U.S.C. § 157(d) ...........................................................................................................5

28 U.S.C. § 158(a) ...........................................................................................................2

28 U.S.C. § 1292 .........................................................................................................2, 19

28 U.S.C. § 1292(b) ................................................................................................ *passim*

## Rules

Fed. R. Bankr. P. 5011 ....................................................................................................5

Fed. R. Bankr. P. 8004 ....................................................................................................2

Fed. R. Bankr. P. 8018.1 ...............................................................................................20

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"),[1] 15 U.S.C. §§ 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, hereby submits this memorandum of law in opposition to the motion for leave to appeal the Bankruptcy Court's Memorandum Decision and Order (the "*Jurisdictional Decision*")[2] pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8004 (the "Motion") filed by defendants BAM L.P., Michael Mann, and Meryl Mann (the "Defendants") in the above-captioned action (the "Mann Action").

## PRELIMINARY STATEMENT

Over the last eight years of litigation, Defendants have raised discovery disputes, filed motions, and benefited from rulings of the Bankruptcy Court and the District Court applicable to this liquidation. Yet, when the long-awaited trial in this matter was scheduled to begin on December 3, 2018, Defendants filed a series of motions to stall the scheduled trial and to seek what they perceive would be a better forum. Defendants first filed a motion to withdraw the reference in the District Court, which remains pending. Defendants then filed a motion for stay in the Bankruptcy Court. The Bankruptcy Court denied the motion for stay, ruling that the Bankruptcy Court retains equitable jurisdiction over the Mann Action notwithstanding Defendants' latest forum shopping effort.

Defendants now file this Motion, disagreeing with the Bankruptcy Court's *Jurisdictional Decision* as well as all prior decisions issued by both the Bankruptcy Court and this Court in this

---

[1] The Securities Investor Protection Act ("SIPA") is found at 15 U.S.C. §§ 78aaa *et seq*. For convenience, subsequent references to SIPA will omit "15 U.S.C."

[2] *See* Memorandum Decision and Order, *Picard v. BAM L.P.,* Adv. Pro. No. 10-04390 (SMB), 2019 WL 262278 (Bankr. S.D.N.Y. Jan. 18, 2019).

SIPA proceeding relating to their affirmative defenses. But mere disagreement is not an appropriate basis for an interlocutory appeal. Absent "exceptional circumstances" that would warrant departure from well-settled policy, which do not exist here, all appellate review should wait until after a final judgment is entered.

To succeed, Defendants must demonstrate (1) the *Jurisdictional Decision* presents a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). None of these requirements are met here. The Bankruptcy Court's equitable jurisdiction, including the scope of Defendants' affirmative defenses, are not controlling questions of law and thus, there is no ground—let alone a "substantial" one—for "difference of opinion." And, the ultimate termination of this action will not be resolved or materially advanced by addressing the questions identified by Defendants.

Defendants' Motion is not to raise appellate issues that meet the requirements of 28 U.S.C. § 1292. Rather, the Motion is another effort to further complicate the simple issue of jurisdiction and to delay the resolution of this matter, whether on summary judgment or by trial. Defendants just this week sought an extension to oppose the Trustee's motion for summary judgment and separately for permission to file a newly-raised cross-motion for summary judgment before the Bankruptcy Court. This Court should not condone such gamesmanship and should deny the Motion. *See In re Enron Creditors Recovery Corp.*, 410 B.R. 374, 379 (S.D.N.Y. 2008) (rejecting appeal as "preliminary skirmish intended to gain a tactical advantage in the later application to this Court to withdraw the reference and take control of the litigation itself.").

## STATEMENT OF FACTS

### A.    The Claims Procedure

This liquidation proceeding was commenced on December 15, 2008 by order of District Judge Louis L. Stanton, who referred the case to the Bankruptcy Court pursuant to SIPA § 78eee(b)(4).[3]    On December 23, 2008, the Bankruptcy Court entered the Claims Procedures Order,[4] which required customers of BLMIS to file claims for "net equity" with the Trustee by the statutory bar date and provided for the Trustee' determination of the claim(s). Claims Procedures Order at *3, *5-7; SIPA §§ 78fff-2(a)(2), § 78fff-2(b), 78lll(11).

Here, the Defendants filed customer claims in the BLMIS SIPA proceeding, seeking to recover the purported balance in their BLMIS accounts as stated on their last account statements as of November 30, 2008. Specifically, on June 17, 2009, Michael Mann and Meryl Mann filed a customer claim for BLMIS Account No. 1CM363, and Michael Mann filed a customer claim on behalf of BAM L.P. for BLMIS Account No. 1CM579 (the "Customer Claims"). On August 28 and October 19, 2009, the Trustee issued Notices of Trustee's Determination of Claim as to both Customer Claims (the "Determinations").

As set forth in the Determinations, the Trustee applied a cash in/cash out methodology (the "Net Investment Method") to determine the amount of the Customer Claims. The Trustee denied the Customer Claims based on the negative "net equity"[5] in the Defendants' BLMIS accounts because, as the Determinations stated: (i) BLMIS never purchased any securities on behalf of the Defendants' accounts—any and all profits reported by BLMIS on their account

---

[3] See Order, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Dec. 15, 2008), ECF No. 1.

[4] *See* Order on Application For An Entry Of An Order Approving Form And Manner Of Publication And Mailing Of Notices, Specifying Procedures For Filing, Determination, And Adjudication Of Claims; And Providing Other Relief (the "Claims Procedures Order"), *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Dec. 23, 2008), ECF No. 12.

[5] A BLMIS customer has negative "net equity" where his/her life-to-date withdrawals from BLMIS exceeds his/her life-to-date deposits.

statements were fictitious; (ii) the Defendants withdrew more funds than they deposited with

BLMIS; and (iii) the funds received in excess of the deposits in the Defendants' accounts were

taken from other BLMIS customers and given to the Defendants.

On September 25, 2009, Michael Mann and Meryl Mann filed objections to the

Determinations (the "Objections"),[6] in which they argued that (i) the Trustee's use of the Net

Investment Method was improper, (ii) his calculation of the money deposited less subsequent

withdrawals is "completely unsubstantiated and incorrect," and disregarded the statute of

limitations, and (iii) even if his methodology is adopted, the Trustee should have adjusted his

calculation to account for interest and damages caused by Madoff.[7]  Defendants sought to retain

the fictitious profits they received and to recover the full balance of their customer accounts as

reflected on their final account statements.

### B.    The Trustee's Avoidance Action

The Trustee commenced the Mann Action by filing the complaint on November 30,

2010, as amended on January 25, 2012 (the "Complaint").[8]  The Complaint asserted, *inter alia*,

claims pursuant to sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544,

548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*., and other

applicable law. The Trustee seeks to avoid and recover the amounts fraudulently transferred by

BLMIS to the Defendants during the two-year period preceding the liquidation (the "Two-Year

Period").[9] The amount of fictitious profits he seeks to recover in the Mann Action is "exactly the

same" as the Trustee's computation of the Defendants' net equity.[10]

---

[6] *See* Objection To Trustee's Determination of Claim, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* Adv. Pro. No. 08-1789 (SMB), ECF Nos. 461 and 815.

[7] *Id.*

[8] Amended Complaint (the "Complaint"), *Picard v. BAM, L.P.,* No. 11-cv-07667 (JSR) (S.D.N.Y. Jan. 25, 2012), ECF No. 9.

[9] Following the Second Circuit's decision in *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. (In re Madoff Sec.),* No. 12 MC 115 (JSR), 2013 WL 1609154, at *3 (S.D.N.Y. Apr. 15, 2013), *aff'd*, 773 F.3d 411 (2d Cir. 2014),

C.    **Motion For Stay And Order Withdrawing Customer Claims And Objections**

On September 26, 2018, the Bankruptcy Court held a pre-trial conference in the Mann

Action and scheduled the trial for December 3, 2018. One month later, the Defendants filed with

this Court the pending Motion To Withdraw The Reference Pursuant to 28 U.S.C. § 157(d) and

Fed. R. Bankr. P. 5011 ("Motion To Withdraw").[11] Less than two weeks before the scheduled

start of trial, on November 20, 2018, the Defendants filed an emergency motion with the

Bankruptcy Court seeking entry of an order staying the trial pending a ruling from this Court on

the Motion to Withdraw. The Bankruptcy Court held an expedited hearing on November 28,

2018, at which time the Defendants made an oral motion seeking to withdraw, with prejudice,

the Customer Claims and Objections. The Bankruptcy Court granted the oral motion and

adjourned the trial *sine die*.[12] The Bankruptcy Court then requested supplemental briefing from

the parties on the legal effect of the Withdrawal Order on the Bankruptcy Court's jurisdiction.

The *Jurisdictional Decision* followed.

---

*cert. denied*, 135 S. Ct. 2859 (2015), the Trustee's recovery was limited to transfers made to the Mann Defendants within the Two-Year Period.

[10] Tr. of Sept. 26, 2018 Hr'g ("Sept. 26, 2018 Hr'g Tr.") at 46:19, *Picard v. BAM, L.P.,* Adv. Pro. No. 10-04390 (SMB) (Bankr. S.D.N.Y. Sept. 26, 2018), ECF No. 110; *see also id.* at 46:11-12 ("So they are intertwined. They're very similar issues in computing the net equity and the fictitious profits."); *Picard v. Cohen,* Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *14 (Bankr. S.D.N.Y. Apr. 25, 2016) (the "*Cohen Decision*"), adopted mem., No. 16 Civ. 5513 (LTS) (S.D.N.Y. Feb. 24, 2017), ECF No. 24 (stating "the computation of net equity under SIPA and value under Bankruptcy Code § 548(c) are 'inherently intertwined'") (citing *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, (*In re Madoff Sec.*), 499 B.R. 416, 424 (S.D.N.Y. 2013) ("*Antecedent Debt Decision*")). A true and correct copy of the Sept. 26, 2018 Hr'g Tr. is attached as Exhibit 1 to the Declaration of Nicholas J. Cremona ("Cremona Decl.").

[11] *See Picard v. BAM L.P.,* No. 18-cv-09916 (VSB) (S.D.N.Y. Oct. 26, 2018, Dec. 27, 2018, Jan. 16, 2019), ECF Nos. 1, 17-18, 22-23.

[12] *See* Order Withdrawing Claims And Objections With Prejudice And Finally Determining Net Equity ("Withdrawal Order"), *Picard v. BAM, L.P.,* Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Dec. 20, 2018), ECF No. 138.

D.    **The Bankruptcy Court's Jurisdictional Decision**

In the *Jurisdictional Decision,* the Bankruptcy Court concluded it had acquired equitable jurisdiction over the Mann Action at the time it was commenced. 2019 WL 262278 at *1, 10, n.17. Applying well-settled law, the Bankruptcy Court held that because the Trustee commenced the Mann Action after the Defendants had filed their Customer Claims, which if successful would result in the disallowance of those very claims, the subsequent withdrawal of the claims "did not strip the Court of its equitable jurisdiction" over the Mann Action "that attached at the time-of-filing." *Id.* at *13.

The Bankruptcy Court explained that under Supreme Court precedent, a creditor triggers the process of allowance and disallowance of claims by filing a claim against the bankruptcy estate and becomes subject to the bankruptcy court's equitable jurisdiction for the adjudication of that claim. When that claim is met with an avoidance action by the trustee, "the filing of a claim brings the creditor within the bankruptcy court's equitable jurisdiction where the avoidance action will be determined by the bankruptcy court without a jury." *Id.* at *5 (citing *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990); *Katchen v. Landy*, 382 U.S. 323, 336-37 (1966)). The Bankruptcy Court recognized that while not every claim filing triggers the Bankruptcy Court's equitable jurisdiction and defeats the defendant-creditor's right to a jury trial, Defendants' claims did so because the resolution of the Trustee's avoidance claims in the Mann Action "affects the allowance or disallowance of the [Defendants' claims] or is otherwise so integral to restructuring of the debtor-creditor relationship." *Id.* at *6 (quoting *Bankr. Servs., Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*, 529 F.3d 432, 466 (2d Cir. 2008)). The Bankruptcy Court found that section 502(d) of the Bankruptcy Code, which requires the disallowance of a claim filed by a creditor who has received a fraudulent transfer until its value has been returned to the estate, establishes "the link between this adversary proceeding to avoid and recover fraudulent transfers

6

and the claims allowance process triggered by the Defendants' Claims." *Id.* at *5; *see also Picard v. Saren-Lawrence*, No. 17 Civ. 5157 (GBD), 2018 WL 2383141, at *5 (S.D.N.Y. May 15, 2018), *recons. denied sub nom.,* 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018) (defendants had no right to a jury trial, where customer claims against BLMIS had been met with the Trustee's avoidance action, implicating section 502(d)).

The Bankruptcy Court also rejected the Defendants' arguments that the Mann Action did not implicate the claims allowance process because the Complaint did not explicitly request disallowance under section 502(d) and stated that the Objections would be resolved in a separate proceeding in accordance with the Claims Procedure Order. *Id.* at *12. The Bankruptcy Court explained that there is no requirement that a section 502(d) claim be included in the Complaint, and the equitable jurisdiction inquiry asks whether the resolution of the Trustee's claims would "affect" the claims allowance process. Here, the Bankruptcy Court concluded that "the time of filing" of the Mann Action "determine[d] the existence of the bankruptcy court's equitable jurisdiction." *Id.* at *9; *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (long-held time of filing rule determines jurisdiction).

The Bankruptcy Court finally considered whether the Defendants' withdrawal of the Customer Claims on the eve of trial should strip it of its equitable jurisdiction. Adopting the standard applied by most courts, the Bankruptcy Court agreed that the Defendants' filing of the Customer Claims "trigger[ed] the process of 'allowance and disallowance of claims,' thereby subjecting [the Defendants] to the bankruptcy court's equitable power.' It follows that [the Defendants] cannot seemingly un-pull the trigger of this Court's equitable power by withdrawing its proof of claim." *Id.* at *6 (quoting *Siegel v. Cal. Self-Insurers' Sec. Fund (In re Circuit City*

*Stores, Inc.*), No. 08-35653 (KRH), 2016 WL 1714515, at *7 (Bankr. E.D. Va. Apr. 26, 2016) (citing cases)).[13]

### E.    **Motion For Summary Judgment**

On December 21, 2018, after having been invited to do so by the Bankruptcy Court, the Trustee moved for summary judgment as to Count One of the Complaint, and for an order avoiding the transfers of fictitious profits made by BLMIS to the Defendants within the Two-Year Period and requiring the Defendants to return such transfers or the value thereof to the Trustee.[14] The Trustee asserts that no material fact in dispute exists. BLMIS was a Ponzi scheme, as confirmed by Madoff and BLMIS employees in their plea allocutions, which means the transfers by BLMIS to the Defendants were made with the intent to hinder, delay, or defraud BLMIS's creditors. Defendants also admitted that BLMIS transferred, and they received, $2,813,000 in excess of the principal they deposited with BLMIS. And, pursuant to the finality of the Withdrawal Order, Defendants are bound by the Determinations, which established (1) the amounts transferred to Defendants; (2) the amounts transferred consisted of fictitious profits; (3)

---

[13] The Bankruptcy Court noted the cases cited by Defendants were distinguishable or based on an incorrect interpretation of Supreme Court precedent. For example, unlike the claims asserted in the litigation against the creditor in *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323 (2d Cir. 1993), which are only "incidentally related" to the bankruptcy process, "the fraudulent transfer claims in this case are directly related to the claims allowance process through Bankruptcy Code § 502(d)." *Jurisdictional Decision*, 2019 WL 262278, at *7. Similarly, *Picard v. Katz,* 825 F. Supp. 484 (S.D.N.Y. 2011) involved a motion to withdraw that "substantially sever[ed] adjudication" of the Trustee's avoidance actions and the claims-allowance process, and in *Messer v. Magee (In re FKF 3, LLC*), No. 13 Civ. 3601 (KMK), 2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016), the District Court concluded, and the defendant conceded that the Bankruptcy Court "has constitutional authority to enter final judgment" on the trustee's fraudulent transfer claims because the defendant's proof of claim for money loaned remained unresolved and section 502(d) "requires the return of avoidable transfers such as fraudulent conveyances before a creditor's claim may be allowed."). *Id.* at *11, n.6.

[14] The Bankruptcy Court authorized the Trustee to file for summary judgment. *See* Tr. of Nov. 28, 2018 Hr'g ("Nov. 28, 2018 Hr'g Tr.") at 26:5-6, *Picard v. BAM, L.P.,* Adv. Pro. No. 10-04390 (SMB) (Bankr. S.D.N.Y. Nov. 28, 2018), ECF No. 130*;* Tr. of Dec. 19, 2018 Hr'g at 51:3-4 ("Dec. 19, 2018 Hr'g Tr."), *Picard v. BAM, L.P.,* Adv. Pro. No. 10-04390 (SMB) (Bankr. S.D.N.Y. Dec. 19, 2018). True and correct copies of the Nov. 28, 2018 Hr'g Tr. and Dec. 19, 2018 Hr'g Tr. are attached as Exhibit 2 and 3, respectively to the Cremona Decl.

no securities were purchased for their accounts; and (4) the money transferred to them was taken from other customers. Summary judgment in the Trustee's favor is appropriate.[15]

## **LEGAL STANDARD**

Consistent with the "basic tenet of federal law to delay appellate review until a final judgment has been entered," the district court may grant leave to appeal only in exceptional circumstances. *Murray v. UBS Sec., LLC,* No. 12 Civ. 5914 (KPF), 2014 WL 1316472, at *3 (S.D.N.Y. Apr. 1, 2014) (quoting *Koehler v. Bank of Berm. LTD,* 101 F.3d 863, 865 (2d Cir. 1996)); *see also Flor v. BOT Fin. Corp. (In re Flor),* 79 F.3d 281, 284 (2d Cir. 1996). Interlocutory appeals are "strongly disfavored" because they "prolong[] judicial proceedings, add[] delay and expense to litigants, burden[] appellate courts, and present[] issues for decision on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (citations omitted)). As courts have consistently noted in denying such motions, "[n]o principle of federal jurisprudence has proved more efficacious than the 'final judgment rule,' by which a district court's interim rulings may not normally be appealed until the case is over and final judgment rendered." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Madoff Sec.*), 987 F. Supp. 2d 309, 311 (S.D.N.Y. 2013) (citations omitted).

In determining whether to grant leave to appeal from an interlocutory bankruptcy order, district courts generally apply the standards set forth in 28 U.S.C. § 1292(b) which requires that the decision below: (1) "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal from the [Order]

---

[15] *See* Trustee's Memorandum Of Law In Support of Motion For Summary Judgment, *Picard v. BAM, L.P.,* Adv. Pro. No. 10-04390 (SMB) (Bankr. S.D.N.Y. Dec. 21, 2018), ECF No. 141.

may materially advance the ultimate termination of the litigation." *See, e.g.*, *Sterling v. Harrison (In re Sterling)*, No. 1:17-cv-00248 (ALC), 2018 WL 1157970, *3 (S.D.N.Y. Mar. 2, 2018) ("district courts apply the same standard that governs interlocutory appeals from district court orders: 28 U.S.C. § 1292(b)"); *Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*, 159 B.R. 396, 401 (S.D.N.Y. 1993) (same).

Interlocutory appeals are "an exception to the general policy against piecemeal appellate review embodied in the final judgment rule." *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 49 (S.D.N.Y. 2002). This District repeatedly recognizes that interlocutory appeals are not appropriate in circumstances, as here, where a party simply disagrees with the court's interpretation of the law. *See Quinn v. Altria Grp., Inc.,* No. 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462, at *3 (S.D.N.Y. Aug. 1, 2008). Section 1292(b) is not "intended as a vehicle to provide early review of difficult rulings in hard cases." *In re S. African Apartheid Litig.*, No. 02 MDL 1499 (SAS), 2009 WL 5177981, at *1 (S.D.N.Y. Dec. 31, 2009) (internal citation omitted).

Finally, the section 1292(b) criteria are conjunctive. Even where a party has moved to certify an issue for interlocutory appeal that would be case dispositive, courts repeatedly have denied such motions where one requirement is absent. *See Williston v. Eggleston*, 410 F. Supp. 2d 274, 276-78 (S.D.N.Y. 2006). Further, a "district judge has unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." *U.S. v. Huron Consulting Grp., Inc.*, No. 09 Civ. 1800 (JSR), 2011 WL 2017322, at *1 (S.D.N.Y. May 16, 2011) (citation and internal quotation marks omitted); *see also In re Madoff Sec.,* 987 F. Supp. 2d at 311.

## ARGUMENT

### I.    INTERLOCUTORY REVIEW IS NOT APPROPRIATE

#### A.    Defendants Have Not Presented a Controlling Question of Law

A "controlling question of law" is one in which "the reversal of the order would terminate the action . . .or at the very least its resolution would materially affect the outcome of the litigation." *In re Bernard L. Madoff Inv. Sec. LLC,* No. 15 Civ. 6564 (GBD), 2016 WL 690834, at *2 (S.D.N.Y. Feb. 11, 2016) (citation omitted); *see also Davis v. Elliot Mgmt. Corp. (In re Lehman Bros. Holdings Inc.)*, No. 13 Civ. 2211 (RJS), 2014 WL 3408574, at *1 (S.D.N.Y. June 30, 2014). This determination is "closely connected" with whether certification would materially advance the ultimate termination of the litigation. *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000). The "question" of law must refer to a "pure" question of law that the reviewing court could decide "quickly and cleanly without having to study the record." *Picard v. Estate of Madoff,* 464 B.R. 578, 582 (S.D.N.Y. 2011) (citation omitted).

Defendants assert that the *Jurisdictional Decision* is incorrect because (1) its basis for determining jurisdiction improperly deprives them of their right to a jury trial; (2) "strips" the Defendants of their defenses under state and federal securities laws; (3) it depends on the "assumption" that the determination of net equity of the SIPA claims is "exactly the same" as the Trustee's avoidance claim, and (4) given the consolidated nature of these proceedings, would have precedential value for many cases. (Motion at *8-10). These are not controlling questions of law.

#### 1.    Defendants Do Not Have A Right To A Jury Trial

The Defendants assert that the *Jurisdictional Decision* deprives them of their right to a jury trial (Motion at *8), but Defendants have recently requested permission to file a cross-

motion for summary judgment,[16] indicating that they also believe that no material fact in dispute

exists, and thereby mooting the very need for a jury trial. More importantly, Defendants do not

address the fact that the District Court previously ruled in *Saren-Lawrence,* that by filing their

customer claims, defendants "triggered the process of allowance and disallowance of claims,"

and they have been met with avoidance actions that "bear directly on the allowance of a claim."

2018 WL 2383141, at *4 (citing *Germain,* 988 F.3d at 1329). Because Defendants have "invoked

th[e] Bankruptcy Court's jurisdiction with regard to any matters affecting the disposition of

[their] claims, including the Adversary Proceedings, they have no right to a jury trial." *Id.*

(internal quotation marks omitted).

### 2.    Defendants' Defenses Have Been Fully Litigated And Rejected By The Courts

The Defendants assert that the *Jurisdictional Decision* improperly bars Defendants from

asserting their defenses under state and federal securities laws. (Motion at *8-9). Defendants

further assert that "the section 548(c) defense raised by the Trustee's adversary proceeding opens

up a host of additional issues," including issues of "'value' in the form of the satisfaction of an

antecedent debt or unavoided obligation," from the "point of view of what the transferee gave."

(Motion at *9-10). However, these are not controlling questions of law because a reversal would

not result in dismissal of the Trustee's claims. As courts have cautioned, if the test were merely

whether a ruling analyzes a party's right to raise certain claims or defenses, every interim

substantive ruling would be ripe for interlocutory appeal. *See, e.g.*, *In re S. African Apartheid

Litig.*, 2009 WL 5177981, at *1.

Moreover, Defendants fail to acknowledge that their oft-advanced defenses are neither

new nor untested. The District Court first addressed these purported defenses seven years ago in

---

[16] *See Picard v. BAM, L.P.,* Adv. Pro. No. 10-04390 (SMB) (Bankr. S.D.N.Y. Feb. 5, 2019), ECF No. 152.

*Picard v. Greiff,* 476 B.R. 715 (S.D.N.Y. 2012)—briefings for which the Defendants participated

in, and for which arguments, they continue to press to this day. But these arguments are even less

persuasive now than when the District Court first rejected them. In *Greiff,* the District Court

observed "every circuit court to address this issue has concluded that an investor's profits from a

Ponzi scheme . . . are not 'for value.'" *Id.* at 725. Instead, "the transfers must be assessed on the

basis of what they really were; . . . artificial transfers designed to further the fraud, rather than

any true return on investments." *Id.* Consequently, even if the Defendants had claims against

BLMIS under state or federal law, the transfers from BLMIS exceeding the return of

Defendants' principal were not made "for value." *Id.* The District Court reaffirmed this a year

later in the *Antecedent Debt Decision,* rejecting claims that BLMIS's account statements

constituted enforceable obligations of BLMIS to its customers, as the amounts reported thereon

were not "antecedent debts" that BLMIS owed to its customers. 499 B.R. at 421 n.4; *see also id.*

at 422, n.6 (noting federal and state law claims "cannot provide value as against the [BLMIS]

customer property estate under SIPA"). Subsequent efforts to certify the *Antecedent Debt*

*Decision* for interlocutory appeal were denied. *See In re Madoff Sec.,* 987 F. Supp. 2d at 311.

After the District Court returned the avoidance actions for further proceedings consistent

with the *Antecedent Debt Decision*, the Bankruptcy Court revisited the value issue in deciding

omnibus motions to dismiss brought by defendants in nearly 250 adversary proceedings—

including the Mann Action. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re*

*Bernard Madoff*), 531 B.R. 439, 465 (Bankr. S.D.N.Y. 2015) ("*Omnibus Good Faith Decision*").

In denying the motions, the Bankruptcy Court concluded that *Greiff* and the *Antecedent Debt*

*Decision* were "consistent with the well-settled rule in Ponzi scheme cases that net winners must

disgorge their winnings." *Id.* at 462-63 (collecting cases). "[T]he rationale for the rule is that the

Ponzi scheme participant does not provide any value to the debtor in exchange for the fictitious profits it receives." *Id.* at 463 (citing *Scholes v. Lehmann,* 56 F.3d 750, 757 (7th Cir. 1995)).

In the subsequent *Cohen Decision,* the Bankruptcy Court concluded that defendants, as a matter of law, cannot establish that they took the transfers of fictitious profits "for value" because such false profits were not due to a valid antecedent debt. 2016 WL 1695296, at *5.[17] The Bankruptcy Court made clear that in "SIPA Ponzi scheme cases involving fraudulent transfer litigation . . . , [n]et winners cannot argue that the payment of fictitious profits satisfied an antecedent debt or obligation and provided value within the meaning of Bankruptcy Code § 548(c)." *Id.* at *11. Given that "SIPA creates two estates and grants net losers—those with net equity claims—a priority in the customer property estate," if the court were to "permit[ ] a net winner to offset a non-net equity claim against the trustee's claim for the return of customer property," it would "effectively allow[ ] the net winner to recover his non-SIPA claim from customer property at the expense of the net losers in violation of SIPA's priority rules." *Id.; see also Picard v. Lowrey,* Adv. Pro. No. 10–04387 (SMB), 2018 WL 1442312, at *7, n.17 (Bankr. S.D.N.Y. Mar. 22, 2018), adopted mem. at *15-26, No. 18 Civ. 5381 (PAE) (S.D.N.Y. Feb. 7, 2019), ECF No. 29 (rejecting defendants' purported setoff defenses under federal and state law). These defenses oft-advanced by Defendants—and rejected by the courts—have been exhausted, are not controlling questions of law, and certainly not an appropriate basis for interlocutory appeal.

---

[17] The District Court reviewed *de novo,* and adopted the *Cohen Decision* in its entirety "for substantially the reasons set forth in the well-reasoned and thorough decision of the Bankruptcy Court." Memorandum Order Adopting Proposed Findings of Fact and Conclusions of Law, *Picard v. Cohen,* No. 16 Civ. 5513 (LTS) (S.D.N.Y. Feb. 24, 2017), ECF No. 24.

### 3.    Net Equity Is Calculated Exactly The Same As Avoidance Liability

Defendants argue that the Bankruptcy Court's determination of equitable jurisdiction depends on its "assumption" that the determination of net equity of the SIPA claims is "exactly the same" as the Trustee's avoidance claim—an assumption that Defendants assert is at "odds with controlling statutes" including Bankruptcy Code section 548(a)(1)(A). (Motion at *15). However, the District Court previously reviewed the same claims at issue here and determined that "a customer's net equity and the amounts sought in avoidance and recovery proceedings (assuming the customer's good faith) are two sides of the same coin." *Antecedent Debt Decision*, 499 B.R. at 420. The District Court explicitly stated that "[n]et equity is defined for purposes of the Madoff Securities proceeding as the difference between a customer's investments of principal and withdrawals." *Id.* at 424. In other words, "[a] customer who withdrew less than she deposited over the course of her investment with Madoff Securities has a net-equity claim and may be entitled to disbursements from the customer property estate for the amount of that net equity," and customers "who withdrew more money from their accounts than they deposited" are subject to "avoidance actions for the amount in excess of their deposits." *Id.* at 420-21.

The Bankruptcy Court confirmed the same in the *Jurisdictional Decision*, stating that "[t]o compute net equity, the Trustee is required to subtract withdrawals from deposits over the life of each BLMIS account . . . To compute the amount of fictitious profits, the Trustee must engage in the same exercise." 2019 WL 262278, at *4 (citing *Antecedent Debt Decision,* 499 B.R. at 430).[18] Defendants also admitted in open court that there is no "difference" in the Trustee's *prima facie* case "to show net equity or to show fictitious profits."[19]

---

[18] *See also* Dec. 19, 2018 Hr'g Tr. at 39:13-15 (stating that "the computation of net equity and fictitious profits for fraudulent transfer purposes is precisely the same"); Nov. 28, 2018 Hr'g Tr. at 12:15-16.
[19] Nov. 28, 2018 Hr'g Tr. at 13:3-10.

#### 4.    Precedential Value Is Not A Sufficient Basis For Certification

Defendants then argue that, due to the consolidated nature of these proceedings, an appellate ruling would have precedential value for many cases. (Motion at *10). Defendants' argument is flawed as precedential value, standing alone, is not "per se sufficient to meet the 'controlling issue of law' standard." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d at 537 (citing *Credit Bancorp, Ltd.,* 103 F. Supp. 2d at 227); *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54 (S.D.N.Y. 1998). In any event, Defendants' repeated advancement of defenses already dispositively ruled upon by the District Court contradicts any argument by Defendants on precedential value—an appellate ruling would have no precedential value here if Defendants continually refuse to follow it.

There are no controlling questions of law that "could significantly affect the conduct of the action." The Trustee's fraudulent transfer claims would remain in their entirety. This alone compels denial of Defendants' Motion.[20] *Credit Bancorp, Ltd.*, 103 F. Supp. 2d at 227 (denying certification where not clear reversal "would simplify matters as to materially advance termination of the litigation").

### B.    <u>There Is No Substantial Ground For Difference Of Opinion</u>

"Substantial ground for difference of opinion" exists under Section 1292(b) where there is "substantial doubt that the []court's order was correct." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.,* 426 F. Supp. 2d 125, 129-30 (S.D.N.Y. 2005) (internal quotation marks omitted). The moving party must show that there is conflicting authority on the issue, *Hart v. Rick's Cabaret Int'l, Inc.,* 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014), and the district court must

---

[20] Defendants also disagree with the Bankruptcy Court's determination that "the filing of a statement of claim under SIPA is the 'functional equivalent' of filing a claim in a bankruptcy case." *Jurisdictional Decision,* 2019 WL 262278, at *6 (citing *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* 513 B.R. 437, 443 (S.D.N.Y. 2014). But as the Bankruptcy Court noted itself, Defendants' disagreement "ignores the contrary case law," *id.,* at *6, n.12, and Defendants fail to provide any basis here as to why this merits certification. (Motion at *9, n.5).

"analyze the strength of the arguments in opposition to the challenged ruling." *In re S. African Apartheid Litig.*, 2009 WL 5177981, at *2 (citation omitted) (quoting *In re Flor*, 79 F.3d at 284). There must be more than "some level of disagreement among the courts" for Section 1292(b) to be satisfied. *Credit Bancorp, Ltd.,* 103 F. Supp. 2d at 227. "When cases cited by the moving party are 'inapposite to the issue implicated by the instant action, of no persuasive authority, or both, no substantial ground for difference of opinion exists.'" *U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*, No. 06 Civ. 5033 (DC), 2009 WL 4809863, at *1 (S.D.N.Y. Dec. 15, 2009) (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003)). Moreover, where, as here, there are no controlling issues of law, there can also be no substantial ground for a difference of opinion concerning them.

In the *Jurisdictional Decision*, the Bankruptcy Court held that the determination of its equitable jurisdiction should be made at the time the Trustee commenced the Mann Action. 2019 WL 262278, at *12-13. To reach this conclusion, the Bankruptcy Court analyzed numerous decisions that have determined that a creditor cannot strip the court of its equitable jurisdiction once invoked by withdrawing its claim, *see id.* at *6 (citing cases), and others that instruct courts to evaluate jurisdiction at the time litigation is commenced. *See id.* at *9-12.

Defendants disagree and argue the Bankruptcy Court failed to follow Second Circuit precedent, citing to a series of unavailing cases. The Bankruptcy Court did not err in rejecting the Defendants' position. In *Ball v. Soundview Capital Mgmt. Ltd (In re Soundview Elite Ltd.)*, 594 B.R. 108 (Bankr. S.D.N.Y. 2018), the Bankruptcy Court did not analyze the time-of-filing rule to decide whether the defendant's proof of claim had given it final adjudicative authority over the trustee's claims. *Id.* at 121-25. Unlike here, the *Soundview* trustee's affirmative claims and the defendant's proof of claim were wholly unrelated; the trustee asserted damages claims in excess

of 75 million dollars for breach of fiduciary duty and the avoidance of fraudulent transfers based on the defendant's conduct as a board member before the bankruptcy filing, while the defendant had filed a $10,000 proof of claim for payment of fees associated with his management of the debtor during the bankruptcy case. *Id*. at 115, 123-24, n.8. In addition, the Bankruptcy Court even acknowledged that had the trustee's and defendant's claims been "intertwined," it may have had a basis to finally decide the trustee's claims. *Id*. at 125.

Defendants further cite to several decisions that do not conflict with the time-of-filing rule as articulated by the Bankruptcy Court in the *Jurisdictional Decision. See, e.g., Lehman Bros. Special Fin. Inc v. Bank of Am. Nat'l Ass'n (In re Lehman Bros. Holdings Inc.)*, 544 B.R. 16, 34-36; (Bankr. S.D.N.Y. 2015) (claim did not form basis for equitable jurisdiction where withdrawn *before* the adversary proceeding was commenced); *Brown v. Midland Credit Mgmt. (In re Brown),* No. 15-40021 (JJR), 2015 Bankr. LEXIS 3289 (Bankr N.D. Ala. Sept. 29, 2015) (same); *Cruisephone, Inc. v. Cruise Ships Catering & Servs. (In re Cruisephone, Inc.)*, 278 B.R. 325 (Bankr. E.D.N.Y. 2002) (same); *see also In re Shoot the Moon, LLC*, No. 15-60979-11 (TLM), 2019 WL 148408 (Bankr. D. Mont. Jan. 9, 2019) (court declined to determine equitable jurisdiction after granting withdrawal of claim); *In re 20/20 Sport, Inc.*, 200 B.R. 972, 979 (Bankr. S.D.N.Y. 1996) (claim filed after the adversary proceeding was initiated could not form basis for equitable jurisdiction).[21]

The Defendants' true disagreement appears to be with the Bankruptcy Court's determination that "[s]ection 502(d) establishes the link between this adversary proceeding to avoid and recover fraudulent transfers and the claims allowance process triggered by the

---

[21] Defendants also cite a footnote in *In re FKF 3, LLC* (Motion at *12), in which the District Court generally disagreed with the trustee's reliance on pre-*Stern* case law for the proposition that the expungement of the defendant's claim did not affect the Bankruptcy Court's adjudicative authority. 2016 WL 4540842 at *8, n.3. But as noted in the *Jurisdictional Decision,* the defendant's other claim for money loaned "remained unresolved and section 502(d) mandated its disallowance if the trustee prevailed on his fraudulent transfer and turnover claims." 2019 WL 262278, at *9, n.14 (citing *In re FKF 3, LLC, 2016 WL 4540842 at *11).

Defendants [Customer] Claims." *Jurisdictional Decision,* 2019 WL 262278, at *9. (Motion at *13-14). However, the Defendants cite to no conflicting authority on this issue, and fail to acknowledge the District Court's holding in *Saren-Lawrence* that "[b]ecause 11 U.S.C. § 502(d) provides that the claims of pre-petition fraudulent transfers may be disallowed," an adversary proceeding that invokes "11 U.S.C. § 548 is part of the claims allowance process . . . and does not carry a jury trial right." 2018 WL 2383141, at *4 (citation omitted). A "mere claim" that the Bankruptcy Court was incorrect is not substantial doubt. *See Aristocrat Leisure Ltd.,* 426 F. Supp. 2d at 129.

### C.    Certification Would Not Materially Advance the Termination of this Litigation

Defendants have not articulated a controlling question of law or a substantial ground for difference of opinion. But those two requirements aside, Defendants' Motion should be denied outright because interlocutory appeal would not materially advance the ultimate resolution of this litigation, which courts have found to be the "most important" factor. *S.E.C. v. Straub,* No. 11 Civ. 9645 (SJS), 2013 WL 4399042, at *2 (S.D.N.Y. Aug. 5, 2013). An interlocutory appeal "must advance the time for trial or . . . shorten the time required for trial." *Id.*; *see also Flaherty v. Filardi*, No. 03 Civ. 2167 (LTS)(HBP), 2007 WL 1827841, at *1 (S.D.N.Y. June 26, 2007). Here, granting the Motion would have the opposite result.

Defendants do not even attempt to argue that certification would materially advance termination beyond a cursory reference in their preliminary statement and legal standard section. (Motion at *2, 7). But any such argument would fail because certification would not hasten the termination of the litigation and is wholly premature given that there are still pending motions before both the District Court and Bankruptcy Court. Before the District Court is the Defendants' Motion To Withdraw, which is the "proper place" to address the same jurisdictional issues raised here. *In re Enron Creditors Recovery Corp.*, 410 B.R. at 380 (denying § 1292 motion due to

pending motion to withdraw the reference). Before the Bankruptcy Court is the Trustee's summary judgment motion, for which the question of a right to jury trial has no relevance. The same is true for Defendants' new request to file a cross-motion for summary judgment.[22] As the Defendants are well aware, "courts in this district and elsewhere have held that even when a district must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial." *Perkins v. Verma,* No. 11–2557 (SDW) (MCA), 2011 WL 5142937, at *4 (D.N.J. Oct. 27, 2011) (citation and internal quotation marks omitted). Indeed, even if the Bankruptcy Court cannot issue a final order on the motion for summary judgment, any decision by the Bankruptcy Court would be treated on appeal as findings of fact and conclusions of law without "rais[ing] Seventh Amendment issues" since the motion is "disposed of as a matter of law[,] and review by Article III judges is *de novo." Id.* at *5; *see also* Fed. R. Bankr. P. 8018.1; *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham),* 573 U.S. 25, 28 (2014); *In re Madison Bentley Assocs., LLC,* 474 B.R. 430, 440 (S.D.N.Y. 2012); *In re Mayo,* 321 B.R. 759, 761 (Bankr. D. Vt. 2005).

Judicial fairness and efficiency favor the well-settled policy of postponing all appellate review until after a final judgment is entered. The Mann Action has been before the Bankruptcy Court for eight years and should be allowed to proceed to final judgment on the summary judgment motion or at trial before the Bankruptcy Court.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests this Court deny the Motion.

---

[22] *See supra* n. 16.

Date:   New York, New York                    /s/ Nicholas J. Cremona
        February 8, 2018                       _____

                                              Baker & Hostetler LLP
                                              45 Rockefeller Plaza
                                              New York, New York 10111
                                              Telephone: (212) 589-4200
                                              Facsimile: (212) 589-4201
                                              David J. Sheehan
                                              Email: dsheehan@bakerlaw.com
                                              Nicholas J. Cremona
                                              Email: ncremona@bakerlaw.com
                                              Amy E. Vanderwal
                                              Email: avanderwal@bakerlaw.com
                                              Anat Maytal
                                              Email: amaytal@bakerlaw.com
                                              Jason I. Blanchard
                                              Email: jblanchard@bakerlaw.com


                                              *Attorneys for Irving H. Picard, Trustee for the
                                              Substantively Consolidated SIPA Liquidation
                                              of Bernard L. Madoff Investment Securities
                                              LLC and Bernard L. Madoff*