2. Pursuant to section 105(a) of the Bankruptcy Code, Defendant David Gross is hereby preliminarily enjoined from proceeding with the FINRA Action against Cohmad Securities Corp., Maurice J. Cohn and Richard G. Spring (collectively, the "Cohmad Defendants"), until the completion of the Trustee's action in Picard v. Cohmad Securities Corp., et al., Adv. Pro. No. 09-1305 (BRL), including the satisfaction by the Cohmad Defendants of any settlement or judgment obtained by the Trustee.

3. This Court shall retain exclusive jurisdiction over the implementation and interpretation of this Order.

RECEIVED
FEB 12 2019
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK
David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422
PLEASE ADVISE DISPOSITION
ON UNDERLYING LINES

Dated: December 4, 2013
New York, New York
at 10:28AM

/s/ Burton R. Lifland

Burton R. Lifland
United States Bankruptcy Judge

"CM" Accounts - Cohmad Payments to RR's

From 01/1/2007 To 12/31/07

10-Dec-07

| RR | Money Under Management | Adjust | | April 1 | July 1 | October 1 | January 1 | Total |
|---|---|---|---|---|---|---|---|---|
| ATD | $137,019,090.37 | $06,910.20 | | $01,390.13 | $01,399.13 | $01,392.03 | $01,550.42 | $378,535.07 |
| | | | $741,070.70 | | | | | |
| CJ | $11,940,090.62 | ($2,401.74) | | $7,004.13 | $7,004.13 | $7,002.13 | $7,002.13 | $31,979.75 |
| | | | $4,005.39 | | | | | |
| JG | $31,043,949.11 | ($4,729.43) | | $10,432.01 | $10,428.01 | $10,432.01 | $10,442.01 | $40,979.40 |
| | | | $14,079.07 | | | | | |
| LB | $73,298,084.30 | ($10,085.07) | | $44,000.49 | $44,000.49 | $44,030.40 | $44,040.40 | $144,905.20 |
| | | | $33,334.01 | | | | | |
| MMC | $54,703,040.50 | $30,216.03 | | $30,419.72 | $29,419.75 | $30,418.73 | $30,410.35 | $190,019.62 |
| | | | $4,796.37 | | | | | |
| MS | $273,094,791.40 | ($22,469.77) | | $102,751.20 | $102,751.25 | $102,701.25 | $102,751.20 | $269,551.24 |
| | | | $93,394.01 | | | | | |
| RS | $318,083,311.09 | ($90,746.80) | | $304,546.02 | $309,346.89 | $330,346.02 | $310,346.73 | $1,104,170.52 |
| | | | $270,001.01 | | | | | |
| Totals | $1,037,267,878.69 | ($9,446.23) | | $505,406.65 | $490,400.65 | $501,400.29 | $506,480.09 | $2,390,703.02 |
| | | | $390,310.06 | | | | | |

~~$48,480.64 X4 = $193,921.76 ÷ 12 months~~

199,493.52 monthly to RR's

THIS A COPY OF CM ACCOUNTS COHMAD PAYMENT TO RR — WHO IS RR — ANOTHER MYSTERY TRANSACTIONS

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422

"CM" Accounts - Madoff Payments to Cohmad

From [illegible] To [illegible]

ATT: SCOTT SOGAN

[illegible]

| [illegible] | Money Under Management | Adjust | April 1 | July 1 | October 1 | January 1 | Total |
|---|---|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | [illegible] | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | [illegible] | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | [illegible] | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | [illegible] | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | [illegible] | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | [illegible] | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | [illegible] | | | | |
| Total | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | [illegible] | | | | |

ESTIMATED

[illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

THIS IS AMOUNT [illegible] [illegible] [illegible] [illegible] [illegible]

MADOFF PAYMENT TO COHMAD - WHERE IS MY MONEY - THEIR ARE NO CHECK MADE TO DAVID GROSS ALL PAPER TRANSACTIONS

[illegible] = [illegible] + [illegible]

[illegible]

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422

# Chart I-A : Employee Benefits per Employee per Month

| | | | 40% | 60% | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| COHMAD | DEP | 1 UNUM NY DIS | 2a *LTD EMPLYR | 2b *LTD EMPLEE | 3 UNUM LIFE | 4 SUPP LIFE | 6 CHUBB POS | 6a EMP PMT | 7 CHUBB LIFE | 8 EMPLEE DENTAL | 10 TOTAL COMA: | ADP |
| Berman, Stanley | 0 | | | | | | | | | | $0.00 | Yes |
| Buccellato, Rosalie | 0 | $5.50 | | | | | | | | | $5.50 | Yes |
| Cohn, Marcia | 1 | $5.50 | $14.79 | $22.14 | $28.91 | | $147.85 | $43.33 | $8.00 | $33.31 | $204.99 | Yes |
| Cohn, Maurice | 2 | $5.50 | $36.00 | $54.00 | $35.25 | | $284.85 | $86.66 | $8.00 | $65.80 | $369.60 | Yes |
| Greenburg, Jonathan | 1 | $5.50 | $36.00 | $54.00 | $35.25 | | $147.85 | $43.33 | $8.00 | | $232.60 | Yes |
| Moody, Elizabeth | 1 | $5.50 | $7.02 | $10.53 | $13.87 | $6.44 | $147.85 | $43.33 | $8.00 | $33.31 | $182.24 | Yes |
| Raghunauth, Martha | 0 | $5.50 | | | | | | | | | $5.50 | Yes |
| Tietze, Ursula | 0 | $5.50 | | | | | | | | | $5.50 | Yes |
| Yenesa, Africa | 1 | $5.50 | $6.58 | $8.37 | $11.05 | | $147.85 | $43.33 | $8.00 | $33.31 | $177.98 | Yes |
| | | | | | | | | | | | | |
| Chaplin, Stephen | 4 | $5.50 | $45.00 | $0.00 | $35.25 | | $592.64 | | $8.00 | | $686.39 | Yes |
| Delaire, Al Jr. | 2 | $5.50 | | | | | $371.51 | | $8.00 | | $385.01 | No |
| Jaffe, Robert | 4 | | | $0.00 | | | $592.64 | | $8.00 | | $600.64 | No |
| Jalen, Cyril | 2 | $5.50 | | | | | $371.51 | | $4.00 | | $381.01 | Yes |
| Delaire, Alvin III | 0 | | | | | | | | | | $0.00 | yes |
| Spring, Richard | 2 | $5.50 | | $0.00 | $35.25 | | $371.51 | | $8.00 | $65.80 | $486.06 | Yes |
| TOTAL COMA: | | $66.00 | $144.33 | $0.00 | $194.83 | $0.00 | $3,170.06 | $0.00 | $76.00 | $62.60 | $3,719.88 | |

Grey area is NOT paid by COMA. Fees are deducted from the employee's paycheck.

Mike pays directly to Madoff

I DAVID GROSS WAS ONE OF RICHARD SPRING FIRST CUSTOMER - CHECK THE DATE HE WORKED FOR MAURICE COHN - CM - COHMAD

David Gross

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422

"CM" Accounts

From 1/16/03 To 1/16/04

ADJUSTED IN JULY

AMOUNT APPEARING TO CORRECT

[illegible]

| BA | Money Under Management | Adjust | April 1 | July 1 | October 1 | January 1 | Total |
|---|---|---|---|---|---|---|---|
| AJ | $16,999,[illegible] | $33,778.20 | $110,675.72 | $110,625.72 | $110,625.72 | $110,625.72 | [illegible] |
| | | $144,543.47 | | | | | |
| CJ | $11,521,463.64 | ($57,000.34) | $19,401.83 | $19,401.83 | $19,401.83 | $19,401.83 | [illegible] |
| | [illegible] | [illegible] | [illegible] | | | | |
| JG | $30,051,722.67 | ($14,881.26) | $37,585.00 | $37,585.03 | $37,585.00 | $37,585.00 | $96,077.02 |
| | | $23,344.44 | | | | | $112,023.3[illegible] |
| MDC | $24,382,166.70 | $12,070.65 | $42,977.68 | $42,977.68 | $42,977.68 | $42,977.68 | $183,990.36 |
| | | $55,056.33 | | | | | |
| MK | $16,059,400.00 | ($30,110.07) | $71,199.37 | $71,199.37 | $71,199.37 | $71,199.37 | $254,687.40 |
| | | $41,089.30 | | | | | |
| DA | $16,999,623.04 | $42,103.83 | $71,296.78 | $71,296.78 | $71,296.78 | $71,296.78 | $327,191.00 |
| | | $113,620.67 | | | | | |
| RS | $501,025,391.34 | $21,760.30 | $627,406.90 | $627,406.93 | $627,406.90 | $627,406.91 | $2,541,301.56 |
| | | $620,187.30 | | | | | |
| SH | $514,514,634.05 / $513,540,726.87 | $95,427.94 | $619,393.02 | [illegible] | [illegible] | [illegible] | [illegible] |
| | | $714,034.95 | | | | | |
| Sub Total | [illegible] | $113,150.82 | $1,617,886.45 | [illegible] | [illegible] | [illegible] | [illegible] |
| | | $1,582,797.77 | | | | | |
| LGK | | | $31,998.00 | $31,998.00 | $31,998.00 | $31,998.00 | $97,998.00 |
| | | | $1,752,730.77 | [illegible] | [illegible] | [illegible] | [illegible] |

* Does not reflect payment for SG in July.

THIS IS A COPY OF AN ACCOUNT CM ASSOCIATES,
IS THIS WHERE MY MONIES WAS TO BE OR
ANOTHER PHONY TRANSACTION

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422

CONMAD SECURITIES CORPORATION

885 THIRD AVENUE, NEW YORK, NY 10022 (212) 230-2480
TELEX: 235130 FAX: (212) 486-8178 800 334-1343

July 17, 1992

ATTENTION: 

Your portfolio management report as of June 30, 1992 is enclosed. The results, in my opinion, are satisfactory, with our average account up approximately 17%, from January 1, to June 30. For those of you who like comparisons, during this same period the Standard & Poor's 100 Index was down about 2.1% and the Dow Jones Industrials were up 3.9%.

Our "mission" is to protect your investment (and mine!). To accomplish this, we maintain our discipline and stick with the same strategy, by buying a portfolio of "blue chip" equities, selling call (index) options on your portfolio, and buying put (index) options to protect your portfolio against violent bear markets. Once again, we are not economists or security analysts. We are risk managers and our associates are very good at what they know best -- namely, trading.

Reminder: In order to better monitor and service your accounts, please remember:

- We are not a bank or a depository for short-term funds. We only accept new or additional funds in our C & M trading accounts on a quarterly basis; on the first business day of January, April, July and October. The minimum amount we will accept as an addition to an existing account is $25,000.

- If you wish to withdraw any funds, prior notification is required and withdrawals may only occur on the same days specified above. Just bear in mind that an early withdrawal may affect performance if it disturbs an option.

Introducing Belle Jones: Prior to June 1, 1992, Belle Jones was the "brains" behind the scene, responsible for keeping your account information properly computerized and generating your quarterly (or monthly) portfolio management reports. In addition to these responsibilities, she is now also available to answer any questions that you may have relative to your C & M account, and can be reached in this office on Tuesdays, Wednesdays and Fridays, at [redacted]. All communications and inquiries should be directed to Belle, or to the undersigned.

All best wishes for a happy and healthy summer,

Sincerely,

Maurice J. Cohn
President

"CM" Accounts - Colonel Payments to RR's
From 01/1/07 To 12/31/07

19-Dec-07

| RR | Money Under Management | Adjust | | April 1 | July 1 | October 1 | January 1 | Total |
|---|---|---|---|---|---|---|---|---|
| ABD | $137,019,669.27 | $96,540.36 | $214,070.70 | $91,398.49 | $91,398.43 | $91,398.49 | $91,328.42 | $479,957.07 |
| CJ | $12,940,690.63 | ($3,401.74) | $4,605.37 | $7,008.13 | $7,008.13 | $7,008.13 | $7,008.13 | $24,978.79 |
| JG | $31,043,349.11 | ($6,724.44) | $14,077.57 | $10,432.01 | $10,432.01 | $10,432.01 | $10,432.01 | $44,973.62 |
| LD | $74,249,924.38 | ($10,086.07) | $33,894.02 | $44,080.49 | $44,080.49 | $44,080.49 | $44,080.49 | $164,795.38 |
| MBC | $54,706,046.00 | $16,316.63 | $44,796.37 | $36,419.75 | $36,419.75 | $36,419.75 | $36,419.34 | $170,019.62 |
| MK | $273,074,791.69 | ($22,459.77) | $53,397.61 | $102,751.25 | $102,751.25 | $102,701.25 | $102,751.29 | $369,541.24 |
| RS | $313,962,211.09 | ($70,385.80) | $276,001.04 | $306,346.63 | $306,346.63 | $306,346.63 | $306,346.63 | $1,194,130.95 |
| Total | $1,007,967,673.03 | ($3,340.13) | $599,240.64 | $598,480.69 | $598,480.69 | $598,480.69 | $598,480.69 | $2,390,782.63 |

~~598,480.69 X4 = 2393922.76 ÷ 12 months~~

199,493.56 monthly to RR's

OVER

**Exhibit A**
**Remaining Good Faith Actions**

| | Adv. Pro. No. | Case Nickname | Defendants |
|---|---|---|---|
| 24. | 10-05118 | Charlotte M. Marden | Alexandria K. Marden |
| | | | Charlotte M. Marden |
| | | | Elizabeth C. Auld |
| | | | Gabrielle Z. Marden |
| | | | James P. Marden |
| | | | Meghan M. Auld |
| | | | Neal J. Nissel, as trustee |
| | | | Olivia G. Auld |
| | | | Patrice M. Auld |
| | | | The Charlotte M. Marden Irrevocable Insurance Trust |
| 25. | 10-04956 | D. M. Castelli | Denis M. Castelli |
| 26. | 10-05068 | D. Stone Industries, Inc. Profit Sharing Plan, et al. | D. Stone Industries, Inc. Profit Sharing Plan |
| | | | Daniel Stone, individually and in his capacity as trustee of D. Stone Industries, Inc. Profit Sharing Plan |
| | | | Susan Stone, individually and in her capacity as trustee of D. Stone Industries, Inc. Profit Sharing Plan |
| 27. | 10-05084 | Daniel Stone | Daniel Stone |
| 28. | 10-04667[1] | David Gross, et al. | David Gross, Individually and as Joint Tenant |
| | | | Irma Gross, Individually and as Joint Tenant |

[1] At least one Defendant in this adversary proceeding is Pro Se.

**Exhibit A**
**Remaining Good Faith Actions**

| | Adv. Pro. No. | Case Nickname | Defendants |
|---|---|---|---|
| 24. | 10-05118 | Charlotte M. Marden | Alexandria K. Marden |
| | | | Charlotte M. Marden |
| | | | Elizabeth C. Auld |
| | | | Gabrielle Z. Marden |
| | | | James P. Marden |
| | | | Meghan M. Auld |
| | | | Neal J. Nissel, as trustee |
| | | | Olivia G. Auld |
| | | | Patrice M. Auld |
| | | | The Charlotte M. Marden Irrevocable Insurance Trust |
| 25. | 10-04956 | D. M. Castelli | Denis M. Castelli |
| 26. | 10-05068 | D. Stone Industries, Inc. Profit Sharing Plan, et al. | D. Stone Industries, Inc. Profit Sharing Plan |
| | | | Daniel Stone, individually and in his capacity as trustee of D. Stone Industries, Inc. Profit Sharing Plan |
| | | | Susan Stone, individually and in her capacity as trustee of D. Stone Industries, Inc. Profit Sharing Plan |
| 27. | 10-05084 | Daniel Stone | Daniel Stone |
| 28. | 10-04667[1] | David Gross, et al. | David Gross, Individually and as Joint Tenant |
| | | | Irma Gross, Individually and as Joint Tenant |

[1] At least one Defendant in this adversary proceeding is Pro Se.

"CM" Accounts' Madoff Payments to Cohmad

From 01/16/07 To 10/31/07

ATT: SCOTT SOSNIK

10-Dec-07

| [illegible] | Money Under Management | Adjust | April 1 | July 1 | October 1 | January 1 | Total |
|---|---|---|---|---|---|---|---|
| AJB | $197,110,069.87 | $03,174.05 | $06,697.80 | $15,617.20 | $01,650.50 | $04,657.80 | $096,793.33 |
| | | $229,711.35 | | | | | |
| CJ | $31,510,690.63 | ($2,208.12) | $7,462.56 | $3,500.50 | $7,400.46 | $7,168.05 | $27,316.10 |
| | | $4,910.41 | | | | | |
| DG | $31,043,109.11 | ($4,060.60) | $10,162.12 | $10,423.13 | $10,163.12 | $10,162.19 | $72,034.00 |
| | | $14,010.40 | | | | | |
| LA | $74,310,024.30 | ($12,006.03) | $10,190.12 | $16,420.82 | $16,400.25 | $15,490.62 | $174,521.46 |
| | | $35,510.91 | | | | | |
| MDOP | $34,391,945.59 | $17,106.94 | $10,611.04 | $10,441.04 | $10,441.04 | $10,443.84 | $170,653.81 |
| | | $57,000.25 | | | | | |
| PAUL | $111,044,150.40 | ($23,039.05) | $100,109.51 | $100,109.51 | $100,150.53 | $100,153.91 | $400,910.30 |
| | | $04,925.67 | | | | | |
| TB | $214,069,211.63 | ($31,047.50) | $322,470.19 | $322,470.13 | $322,470.13 | $322,470.13 | $1,003,010.55 |
| | | $300,023.10 | | | | | |
| Total | $1,004,087,493.02 | ($2,300.40) | $610,659.67 | $620,070.67 | $620,670.67 | $620,216.67 | $2,416,170.00 |
| | | $626,074.37 | | | | | |

ESTIMATED

| [illegible] | | 21,947.00 | 21,947.00 | 21,947.00 | 21,947.67 | 87,788.00 |
|---|---|---|---|---|---|---|
| | (3,110.40) | (651,927.67 | 651,927.67 | 651,927.67 | 651,927.67 | |

651,927.67 x 4 = 2,607,710.68 ÷ 12 months

217,309.22 monthly to [illegible]

THIS IS ACCOUNTS MADOFF PAYMENT TO COHMAD - WHERE IS MY MONEY - THEIR ARE NO CHECK MADE TO DAVID GROSS ALL PAPER TRANSACTIONS

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422

## Chart I-A : Employee Benefits per Employee per Month

| COHMAD | DEP | 1 UNUM NY DIS | 40% 2a *LTD EMPLYR | 60% 2b *LTD EMPLEE | 3 UNUM LIFE | 4 SUPP LIFE | 5 CHUBB POS | 6a EMP PMT | 7 CHUBB LIFE | 8 EMPLEE DENTAL | 10 TOTAL COMA: | ADP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Berman, Stanley | 0 | | | | | | | | | | $0.00 | Yes |
| Buccellato, Rosalie | 0 | $5.50 | | | | | | | | | $5.50 | Yes |
| Cohn, Marcia | 1 | $5.50 | $14.73 | $22.14 | $29.91 | | $147.86 | $43.33 | $8.00 | $33.31 | $204.99 | Yes |
| Cohn, Maurice | 2 | $5.50 | $36.00 | $54.00 | $35.25 | | $204.86 | $86.66 | $8.00 | $66.80 | $369.60 | Yes |
| Greenburg, Jonathan | 1 | $5.50 | $36.00 | $54.00 | $35.25 | | $147.86 | $43.33 | $8.00 | | $232.60 | Yes |
| Moody, Elizabeth | 1 | $5.50 | $7.02 | $10.53 | $13.87 | $6.44 | $147.86 | $43.33 | $8.00 | $33.31 | $182.24 | Yes |
| Raghunauth, Martha | 0 | $5.50 | | | | | | | | | $5.50 | Yes |
| Tietze, Ursula | 0 | $5.50 | | | | | | | | | $5.50 | Yes |
| Yenesa, Africa | 1 | $5.50 | $5.58 | $8.37 | $11.06 | | $147.86 | $43.33 | $8.00 | $33.31 | $177.98 | Yes |
| Chaplin, Stephen | 4 | $5.50 | $45.00 | $0.00 | $35.25 | | $592.64 | | $8.00 | | $686.39 | Yes |
| Delaire, Al Jr. | 2 | $5.50 | | | | | $371.51 | | $8.00 | | $385.01 | No |
| Jaffe, Robert | 4 | | | $0.00 | | | $592.64 | | $8.00 | | $600.64 | No |
| Jalen, Cyril | 2 | $5.50 | | | | | $371.51 | | $4.00 | | $381.01 | Yes |
| Delaire, Alvin III | 0 | | | | | | | | | | $0.00 | yes |
| Spring, Richard | 2 | $5.50 | | $0.00 | $35.25 | | $371.51 | | $8.00 | $65.80 | $486.06 | Yes |
| TOTAL COMA: | | $66.00 | $144.33 | $0.00 | $194.93 | $0.00 | $3,170.66 | $0.00 | $76.00 | $92.80 | $3,719.88 | |

Grey area is NOT paid by COMA. Fees are deducted from the employee's paycheck.

Mike pays directly to Madoff

I DAVID GROSS WAS ONE OF RICHARD SPRING FIRST CUSTOMER - CHECK THE DATE HE WORKED FOR MAURICE COHN - CM - COHMAD

David Gross

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422

The page is a photocopy rotated ~90°, showing a financial table (monthly columns: April, May, June, July, August, September, October, November, December) with heavily degraded/illegible numeric entries. Visible legible values include:

- April: $14,465,846 ... $12,401,480
- July: $10,491,408 ... $37,585,948
- (other values illegible due to scan quality)

Return address stamp:
David and Irma B. Gross
7248 Ballantrae Ct
Boca Raton, FL 33496-1422

Handwritten note:
"THIS IS A COPY OF MAIL RECEIVED. IS THIS WHERE MY MONIES WAS TO BE? ANOTHER PHONY TRANS ACTION. ARIES MORTGAGE CAPITAL ETC IN STATE. CM ASSOCIATES ER"

COHMAD SECURITIES CORPORATION

885 THIRD AVENUE, NEW YORK, NY 10022 (212) 230-2480
TELEX: 235130 FAX: (212) 486-8178 800 334-1343

July 17, 1992

ATTENTION: 

Your portfolio management report as of June 30, 1992 is enclosed. The results, in my opinion, are satisfactory, with our average account up approximately 17%, from January 1, to June 30. For those of you who like comparisons, during this same period the Standard & Poor's 100 Index was down about 2.1% and the Dow Jones Industrials were up 3.9%.

Our "mission" is to protect your investment (and mine!). To accomplish this, we maintain our discipline and stick with the same strategy, by buying a portfolio of "blue chip" equities, selling call (index) options on your portfolio, and buying put (index) options to protect your portfolio against violent bear markets. Once again, we are not economists or security analysts. We are risk managers and our associates are very good at what they know best -- namely, trading.

Reminder: In order to better monitor and service your accounts, please remember:

- We are not a bank or a depository for short-term funds. We only accept new or additional funds in our C & M trading accounts on a quarterly basis; on the first business day of January, April, July and October. The minimum amount we will accept as an addition to an existing account is $25,000.

- If you wish to withdraw any funds, prior notification is required and withdrawals may only occur on the same days specified above. Just bear in mind that an early withdrawal may affect performance if it disturbs an option.

Introducing Belle Jones: Prior to June 1, 1992, Belle Jones was the "brains" behind the scene, responsible for keeping your account information properly computerized and generating your quarterly (or monthly) portfolio management reports. In addition to these responsibilities, she is now also available to answer any questions that you may have relative to your C & M account, and can be reached in this office on Tuesdays, Wednesdays and Fridays, at [redacted] All communications and inquiries should be directed to Belle, or to the undersigned.

All best wishes for a happy and healthy summer,

Sincerely,

[signature]

Maurice J. Cohn
President

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422

MY COMMUNICATIONS WAS WITH BELLE JONES RICHARD SPRING — CHECK THEIR RECORDS AS TO WHAT YEAR DAVID GROSS BECAME A CUSTOMER

"CM" Accounts - Combined Payments to RR's

From 01/01/07 To 12/31/07

10-Dec-07

| RR | Money Under Management | Adjust | April 1 | July 1 | October 1 | January 1 | Total |
|---|---|---|---|---|---|---|---|
| AED | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | [illegible] | | | | | |
| CM | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | [illegible] | | | | | |
| JB | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | [illegible] | | | | | |
| TS | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | [illegible] | | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | [illegible] | | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | [illegible] | | | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | [illegible] | | | | | |
| Total: | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | [illegible] | | | | | |

[illegible] X4 = [illegible] ÷ 12 months

199,493.52 monthly to RR's

THIS A COPY OF CM ACCOUNTS COMMAND PAYMENT TO RR — WHO IS RR — ANOTHER MYSTERY TRANSACTION

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | No. 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>Plaintiff,<br>v.<br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A,<br>Defendants. | Adv. Pro. Nos. listed on Exhibit A |

**[PROPOSED] ORDER ESTABLISHING OMNIBUS PONZI PRE-TRIAL PROCEEDING ON THE EXISTENCE, DURATION, AND SCOPE OF THE PONZI SCHEME AT BLMIS**

Whereas on February 23, 2018, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, moved for entry of an order (the "Motion") pursuant to Rule 42 of the Federal Rules of Civil Procedure, as incorporated by Rule 7042 of the Federal Rules of Bankruptcy Procedure, establishing an omnibus proceeding consolidating all Remaining Good

David Gross
7248 Ballantrae Ct
Boca Raton Fl 33496-1422

Faith Actions[1] (listed on **Exhibit A**[2]) in the BLMIS liquidation for the limited purpose of obtaining a ruling from the Court on the existence, duration, and scope of the Ponzi scheme at BLMIS at all relevant times (the "Omnibus Ponzi Proceeding");

**WHEREAS**, on April 11, 2018, certain Defendants in 106 of the Remaining Good Faith Actions, as listed on **Exhibit 1**, filed six objections in opposition to the Motion (the "Objecting Defendants");

**WHEREAS**, on June 27, 2018, the Trustee and Objecting Defendants appeared before the Court to report on the status of negotiations between the parties, and at the conference indicated a willingness to work toward a consensual revised proposed order to establish a consolidated proceeding solely for the purpose of engaging in all phases of pre-trial discovery on the Ponzi Issue;

**WHEREAS**, based on general guidance from the Court at the June 27, 2018 status conference and continued negotiations between the Trustee and the Objecting Defendants, a consolidated proceeding as to discovery for those Defendants who choose to contest the existence, duration, and/or scope of the Ponzi scheme at BLMIS is warranted and necessary for considerations of judicial economy and efficiency (the "Omnibus Ponzi Pre-Trial Proceeding");

**WHEREAS**, the Omnibus Ponzi Pre-Trial Proceeding shall include consolidated fact discovery, expert discovery, and any discovery-related motion practice, as set forth in more detail below;

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

[2] Since the filing of the Motion, the Trustee has dismissed three of the adversary proceedings listed on Exhibit A as follows: (i) 10-04765 - Donald Snyder; (ii) 10-05371 - L.H. Rich Companies, et al.; and (iii) 10-04450 - Jeffrey Hinte.

Participating Defendants") will be barred from seeking any discovery on any aspect of the Ponzi Issue in any adversary proceeding.

6. Any Participating Defendant may at any time, by filing a written notice with the Court, withdraw from the Omnibus Ponzi Pre-Trial Proceeding, after which such Participating Defendant shall become a Non-Participating Defendant, subject to the limitations set forth in § I.5.

## II. Participation of Counsel

1. Counsel for each of the Participating Defendants shall have the right to participate in each aspect of the Omnibus Ponzi Pre-Trial Proceeding, including, without limitation, document discovery, depositions, expert-related discovery, and discovery-related briefing or motion practice; provided however that each Participating Defendant shall avoid duplicative discovery requests and depositions vis-à-vis the efforts of any other Participating Defendant.

2. Participating Defendants shall use their best efforts to coordinate amongst themselves such that issues or matters relevant across multiple cases are addressed in a single consolidated submission or line of questioning.

3. Participating Defendants shall choose one lead firm to act as a communications checkpoint with the Trustee as to any administrative issues, and to serve and distribute any discovery materials, including but not limited to, discovery requests and responses, document productions, discovery-related motions, and expert reports (affirmative and rebuttal).

## III. The Discovery Process

### A. Discovery Plan

1. Within 30 days of the Notice to the Court, the Trustee and the Participating Defendants shall enter into a Discovery Plan that the Trustee shall file with the Court. The Discovery Plan shall be consistent in all respects with this Order, and shall address fact discovery (including, but not limited to, production of documents and depositions of fact witnesses), expert disclosures (including, but not limited to, service of expert reports, production of documents considered by the experts, and depositions of expert witnesses), and discovery-related motion practice.

2. As part of the Discovery Plan, the Trustee and the Participating Defendants will agree on a schedule for discovery materials, including, but not limited to, initial disclosures, document requests, and depositions.

3. All discovery contemplated herein and/or pursuant to the Discovery Plan shall be produced pursuant to and governed by the Federal Rules of Civil Procedure and the Litigation Protective Order entered on June 6, 2011 in the matter of *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), ECF No.

**IV. Hearing Upon Completion of the Omnibus Ponzi Pre-Trial Proceeding**

1. Within 45 days following the close of expert discovery on the Ponzi Issue, the Trustee and Participating Defendants shall contact chambers to schedule a status conference before this Court to address, *inter alia*, the proper scope of, and methods for, conducting dispositive motion practice, motions *in limine*, and, if necessary, trial as to the Ponzi Issue.

This Order may be modified either through stipulation of the parties so ordered by this Court, or by motion to this Court upon a showing of good cause.

Dated: New York, New York
________________, 2018

____________________________
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

David Gross
7248 Ballantrae Ct
Boca Raton FL 33496-1422

2. Pursuant to section 105(a) of the Bankruptcy Code, Defendant David Gross is hereby preliminarily enjoined from proceeding with the FINRA Action against Cohmad Securities Corp., Maurice J. Cohn and Richard G. Spring (collectively, the "Cohmad Defendants"), until the completion of the Trustee's action in Picard v. Cohmad Securities Corp., et al., Adv. Pro. No. 09-1305 (BRL), including the satisfaction by the Cohmad Defendants of any settlement or judgment obtained by the Trustee.

3. This Court shall retain exclusive jurisdiction over the implementation and interpretation of this Order.

David and Irma B. Gross
7248 Ballantrae Ct.
Boca Raton, FL 33496-1422
PLEASE ADVISE DISPOSITION
ON UNDERLYING LINES

Dated: December 4, 2013
New York, New York
at 10:28AM

/s/ Burton R. Lifland

Burton R. Lifland
United States Bankruptcy Judge

Filed 12/04/13 Entered 12/04/13 10:32:41 Main Document
Pg 2 of 3

Upon consideration of the Motion for Enforcement of the Automatic Stay and Issuance of a Preliminary Injunction (the "Motion")[1] in the above-captioned adversary proceeding by Irving H. Picard, trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* and the estate of Bernard L. Madoff, individually; and upon the accompanying the Notice of the Motion; Memorandum of Law; the Declaration of Jessie A. Kuhn; the Declaration of Maurice J. Cohn; the Declaration of Richard G. Spring; and all of the pleadings and prior proceedings in this and related actions; and upon the hearing held on December 4, 2013; and after due deliberation of the foregoing:

THE COURT HEREBY FINDS AND DETERMINES THAT:

1. This Court has jurisdiction to grant the relief effected by this order.
2. The FINRA Action is violative of the automatic stay provisions of Bankruptcy Code § 362(a), SIPA § 78eee(b)(2)(B)(i) and at least one of the related orders entered by the United States District Court for the Southern District of New York dated December 15, 2008, December 18, 2008, and February 9, 2009.
3. The Trustee will suffer irreparable harm if the FINRA Action continues.
4. The Trustee has shown a strong probability of success on the merits.
5. The FINRA Action threatens the Court's jurisdiction and the administration of the estate, and an injunction is necessary to preserve and protect the estate.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The Motion is granted.

[1] All terms not otherwise defined herein will be given the meaning ascribed to them in the Motion.