# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Tatiana Markel
direct dial: 212.589.4615
tmarkel@bakerlaw.com

February 14, 2019

**VIA ECF**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *David Gross's Submission, Adv. Pro. No. 08-01789, ECF No. 18447*

Dear Judge Bernstein:

    We represent Irving Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the substantively consolidated estate of Bernard L. Madoff.

    On February 11, 2019, Mr. David Gross submitted to this Court approximately 40 pages of documents. The 40 pages are comprised of a mix of (i) the Trustee's prior filings with this Court concerning the omnibus Ponzi scheme proceedings, (ii) documents that appear to be from Cohmad Securities Corp., and/or Maurice Cohn, and (iii) pages from the order enjoining Mr. Gross from proceeding against various Cohmad defendants until the completion of the Trustee's case. The documents are not accompanied by a cover letter.[1]

    At the Court's direction, on February 12, 2019, I contacted Mr. Gross via telephone to ask that he telephonically appear for a conference on February 27, 2019 or March 27, 2019. Mr. Gross asked me about the purpose of the conference, and I responded that the conference was to address Mr. Gross's submission. Mr. Gross asked that I send a copy of his submission to his email address, as he was unsure what he submitted to the Court. I immediately emailed Mr. Gross's submission and asked him to choose a date for a conference. The Feb. 12, 2019 email is attached hereto as Exhibit A. I tried reaching Mr. Gross again on February 13, 2019 and February 14, 2019 by telephone but was unable to do so. The Trustee will continue trying to reach Mr. Gross to schedule the conference.

---

[1] Mr. Gross submitted another 20 pages of documents today (ECF No. 18475). These documents are the same as those submitted on February 11, 2019.

| Atlanta | Chicago | Cincinnati | Cleveland | Columbus | Costa Mesa | Denver |
| Houston | Los Angeles | New York | Orlando | Philadelphia | Seattle | Washington, DC |

The Honorable Stuart M. Bernstein
February 14, 2019
Page 2

The documents Mr. Gross submitted to this Court are similar to the documents the Trustee has been receiving from Mr. Gross over the last few weeks, by fax and first-class mail. On February 6, 2019, we wrote a letter to Mr. Gross, asking him to, among other things, clarify what he seeks from the Trustee by sending these documents. We did not receive a response. The Feb. 6, 2019 letter is attached hereto as Exhibit B.

Although Mr. Gross's request in unclear from his submission, we are able to glean from the documents that Mr. Gross wishes to proceed in his FINRA arbitration against Cohmad and Richard Spring. However, there is an injunction in place preventing him (as well as others) from doing so until the completion of the Trustee's case against those defendants. *See* Order Enforcing Automatic Stay and Issuing Preliminary Injunction, *Picard v. Gross*, 10-4667, ECF No. 38. Mr. Gross is aware of the injunction as he included it in his submission to this Court. We have also spoken to Mr. Gross about the injunction and its status previously, and promised to advise him as soon as the Trustee's case against Cohmad, et al (*Picard v. Cohmad Sec. Corp.*, 09-1305) is over. As of today, the *Cohmad* case is still ongoing.

Separately, the Trustee has a pending adversary proceeding against Mr. Gross (10-4667). On January 30, 2017, this Court entered an order granting Ms. Chaitman's motion to withdraw as Mr. Gross's counsel in that adversary proceeding. Since then, Mr. Gross has been proceeding *pro se*. Unfortunately, that has resulted in some confusion for Mr. Gross. For example, Mr. Gross periodically, and again during my conversation with him on February 12, 2019, asks about the status of his "check." It appears Mr. Gross is waiting for a check from the Trustee to compensate him for his losses with BLMIS. However, both verbally and in letters, we have advised Mr. Gross that he is a net winner and the Trustee is seeking to recover the funds that he withdrew from BLMIS in excess of his deposits, totaling approximately $488,318. *See, e.g.,* Letter to Mr. David Gross, April 26, 2018, attached hereto as Exhibit C. In several conversations, Mr. Gross alluded to the fact that he may have a financial hardship. As a result, we sent him a hardship application, at least twice—once in March 2017 and once in June 2018. *See* Exhibit C and Letter to Mr. David Gross, June 14, 2018, attached hereto as Exhibit D. To date, Mr. Gross has not completed the hardship application. We have asked Mr. Gross whether there is someone in his family that could assist him in this process, and he has advised us that he is handling his affairs himself. We have also asked whether Mr. Gross would consider retaining an attorney, but he has refused.

The Trustee is not seeking any relief through this letter. However, we wanted to bring to the Court's attention the efforts the Trustee has undertaken in connection with this adversary proceeding, and we would welcome any assistance the Court can provide in this matter.

Respectfully submitted,

Tatiana Markel

cc:   Mr. David Gross, pro se (via first-class mail and email)