# EXHIBIT C

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Tatiana Markel
direct dial: 212.589.4615
tmarkel@bakerlaw.com

April 26, 2018

Mr. David Gross
7248 Ballantrae Court
Boca Raton, Florida 33496

Re:   *Picard v. David Gross and Irma Gross, individually and as joint tenants*, Adv. Pro. No. 10-04467 (Bankr. S.D.N.Y.) (SMB)

Dear Mr. Gross:

      We are counsel to Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff. I am the attorney assigned to your case.

      You and I spoke several times during the spring and summer of 2017, and again earlier this year. As a reminder, I reached out to you after your counsel's withdrawal to discuss moving forward with the case, the discovery process, and your potential liability to the Trustee. During our calls, you mentioned that you may have filed a hardship application. Although we had no record of that application, we forwarded a new hardship application to you on March 3, 2017. You did not complete the application and during subsequent discussions indicated that you did not intend to do so.

      During those calls, we also discussed the Trustee's document production. You indicated that you did not have the ability to review documents on a CD. We therefore produced all the core account documents and bank records associated with your accounts at BLMIS in hardcopy form. You called us on March 27, 2017 advising us that you received the documents but were unsure what to do with them. I explained to you that the Trustee is relying on these documents to prove his case, and was obligated to share them with you. I called you a few months ago to follow up; however, we were only able to speak briefly, as you were moving into temporary housing due to a hurricane.

      In the last several weeks, you have sent us a significant number of documents via mail and fax. We have reviewed these documents but, to be candid, do not understand their pertinence. These documents are not relevant to the Trustee's avoidance action against you and

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Mr. David Gross
April 26, 2018
Page 2

appear quite random. They are also unaccompanied by any explanatory cover letter. Simply put, we cannot make sense of them. We would appreciate if you could clarify the purpose of all of these transmissions. Feel free to call me at (212) 589-4615, if that is easier.

I would like to remind you again, Mr. Gross, that, while we have made, and will continue to make, every accommodation to you as a *pro se* defendant (unrepresented by counsel), the Trustee has sued you to recover $488,318 in avoidable transfers you received from BLMIS. We must continue our efforts to recover this sum of money, as part of the Trustee's fiduciary duties to the estate. As such, we reserve our right to contact the Court in order to move this case along.

Finally, you may have received a notice concerning upcoming proceedings to determine the existence, duration and scope of Madoff's Ponzi scheme. If you do not understand how those proceedings apply to you, I urge you to seek the advice of an attorney.

Again, please do not hesitate to contact me, whether you have questions, require further information, or would like to convey information to the Trustee.

Sincerely,

Tatiana Markel