# **EXHIBIT G**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>        v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A ATTACHED HERETO,<br><br>        Defendants. | Adv. Pro. Nos. listed on Exhibit A Attached Hereto |

**ORDER AUTHORIZING THE DEPOSITION OF FEDERAL PRISONER JOANN CRUPI**

On November 26, 2018, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, filed a Motion and Memorandum of Law For Orders Authorizing the Depositions of Federal Prisoners Annette Bongiorno, Daniel Bonventre, and Joann Crupi (the "Motion"), ECF No. 18236. The Motion sought, *inter alia*, an order pursuant to Federal Rule of Civil Procedure 30, applicable to

this proceeding under Rule 7030 of the Federal Rules of Bankruptcy Procedure, to depose Ms. Joann Crupi.

On December 13, 2018, the Trustee filed a certificate of no objection representing that no objection has been received and that no party has indicated to the Trustee that it intends to oppose the relief requested in the Motion.

It is hereby **ORDERED** that:

1. Ms. Crupi's deposition is authorized;

2. The warden of the Federal Prison Camp in Alderson, West Virginia, is hereby directed to produce Joann Crupi, a prisoner with Federal Bureau of Prisons Register # 64246-054, at the warden's office or elsewhere within the facility at a date and time to be determined at the discretion of the warden but not later than February 28, 2019. In accordance with Federal Rule of Civil Procedure 30(b), the deposition will be taken before a notary public or other person duly authorized by law to administer oaths and will be recorded by video and/or stenographically;

3. Counsel from the following law firms may attend the deposition of Ms. Crupi: (1) Baker Hostetler LLP, as counsel for the Trustee; and (2) Pryor Cashman LLP, Bernfeld, DeMatteo & Bernfeld, LLP, FisherBroyles, Binder & Schwartz LLP, Clifford Chance U.S. LLP, DelBello Donnellan Weingarten Wise & Wiederkehr LLP, Law Office of Joseph F. Keenan, Lax & Neville LLP, and Law Office of Richard E. Signorelli as counsel for certain defendants ("Defendants' Counsel"). No other appearances are authorized;

4. Except for any counsel that may appear on Ms. Crupi's behalf, only two attorneys for the Trustee may appear at the deposition; only two attorneys from the Defendants' Counsel may appear; no other appearances are authorized;

2

5. The Trustee's counsel shall have the opportunity to commence Ms. Crupi's examination at deposition, Defendants' Counsel shall then have the opportunity to examine Ms. Crupi, and the parties then will have the opportunity respectively to conduct any additional re-direct or re-cross examinations as they deem necessary; the Trustee's counsel shall be permitted to examine Ms. Crupi for a total of seven (7) hours and Defendants' Counsel shall be permitted to examine Ms. Crupi for a total of seven (7) hours; no further questioning is authorized without written leave of court;

6. Counsel for the Trustee and the Defendants' Counsel are prohibited from asking Ms. Crupi any questions about:

   i. Jeffry M. Picower ("Picower") or any of the Picower Parties,[1] or their respective agents; or

   ii. the BLMIS accounts of Picower and/or the Picower Parties.

7. To the extent Ms. Crupi testifies regarding Picower or the Picower Parties or their BLMIS accounts in responding to questions, any information specific to the BLMIS accounts of Picower and/or the Picower Parties shall be redacted whenever practicable, and counsel may follow up with questions concerning Picower or the Picower Parties only to the extent that such follow-up questions concerning Picower or the Picower Parties relate directly to previous testimony. Counsel may not, however, use any such testimony of Ms. Crupi regarding Picower or the Picower Parties to inquire about any conduct of Picower or the Picower Parties that is not directly related to previous testimony.

---

[1] The "Picower Parties" are Capital Growth Company, Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Trust f/b/o/ Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and tor the Trust f/b/o/ Gabrielle H. Picower.

3

8. In advance of the deposition of Ms. Crupi, counsel for the Trustee will provide a copy of the Court's Order authorizing her deposition.

9. Absent a further order of the Court, the deposition testimony of Ms. Crupi, and the transcript thereof (the "Transcript"), shall not be used by any person or entity for any reason as it relates to the Picower Parties, including, but not limited to, in any pending or future litigation that may be brought against Picower's estate, the Picower Parties, or their respective agents, or any related person or entity.

10. The Transcript for the deposition of Ms. Crupi shall remain confidential and under seal for the longer of twenty-one (21) days ("21-Day Period") after the date the Transcript is provided to counsel for the Trustee, the Defendants' Counsel, the Picower Parties, and the Securities Investor Protection Corporation ("SIPC") (collectively, "Authorized Counsel"), and their retained experts, if any, or if any party seeks to seal, strike, or redact any portion of the Transcript within the 21-Day Period, then solely as to that portion of the Transcript, the day after a final, non-appealable order is entered on such motion(s). The Transcript shall automatically be re-designated as not confidential when the 21-Day Period for the Transcript expires, subject to any sealing, striking, or redactions that the Court may have ordered.

11. During the 21-Day Period, the Transcript and contents of Ms. Crupi's deposition may not be disclosed, except to Authorized Counsel, and any of their retained experts, if any, all of whom, including experts, shall maintain the confidentiality of the Transcript and its contents, and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the Transcript, including any testimony concerning Picower, the Picower Parties, or their agents or related parties, or any BLMIS accounts held by, or on behalf of, Picower or any of the Picower Parties.

4

12. Any requests on motions to strike and/or redact any part of the Transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing, and Verification of Documents by Electronic Means, promulgated under Local Rule 5005-2, shall be served on Authorized Counsel at the time of filing under seal, and shall remain confidential during the 21-Day Period.

13. In the event that any Authorized Counsel receives any request, subpoena, or other process seeking disclosure of the Transcript or information related to Ms. Crupi's testimony during the 21-Day Period, such counsel shall, within three (3) business days thereof, notify the Court, as well as all other Authorized Counsel, of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena, or other process.

14. The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of this Order; and

15. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.

Dated: New York, New York
       **December 19, 2018**

                          **/s/ STUART .M. BERNSTEIN**
                          HONORABLE STUART M. BERNSTEIN
                          UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

Exhibit A: Good Faith Actions with Open Fact Discovery as of November 26, 2018

|    | APN      | Case Nickname                                                       | Counsel                                              |
|----|----------|---------------------------------------------------------------------|------------------------------------------------------|
| 1  | 10-04341 | Marden, et al.                                                      | Pryor Cashman LLP                                    |
| 2  | 10-04343 | Patrice Auld, et al.                                                | Pryor Cashman LLP                                    |
| 3  | 10-04348 | Marden Family Limited Partnership, et al.                           | Pryor Cashman LLP                                    |
| 4  | 10-04361 | Harvey L. Werner Revocable Trust, et al.                            | Bernfeld, DeMatteo & Bernfeld, LLP                   |
| 5  | 10-04384 | Lanx BM Investments, LLC, et al.                                    | FisherBroyles                                        |
| 6  | 10-04417 | The Lustig Family 1990 Trust, et al.                                | Binder & Schwartz LLP                                |
| 7  | 10-04468 | Ken-Wen Family Limited Partnership, et al.                          | Bernfeld, DeMatteo & Bernfeld, LLP                   |
| 8  | 10-04554 | David Ivan Lustig                                                   | Binder & Schwartz LLP                                |
| 9  | 10-04561 | Jeffrey R. Werner 11/1/98 Trust, et al.                             | Bernfeld, DeMatteo & Bernfeld, LLP                   |
| 10 | 10-04592 | Anthony E. Stefanelli                                               | DelBello Donnellan Weingarten Wise & Wiederkehr LLP  |
| 11 | 10-05048 | Estate of Armand L. Greenhall, et al.                               | Law Office of Joseph F. Keenan Lax & Neville, LLP    |
| 12 | 10-05118 | Charlotte M. Marden                                                 | Pryor Cashman LLP                                    |
| 13 | 10-05168 | Bernard Marden Profit Sharing Plan, et al.                          | Pryor Cashman LLP                                    |
| 14 | 10-05194 | Bruce D. Pergament, et al.                                          | Pryor Cashman LLP                                    |
| 15 | 10-05255 | Stefanelli Investors Group, et al.                                  | DelBello Donnellan Weingarten Wise & Wiederkehr LLP  |
| 16 | 10-05394 | Richard M. Glantz, et al.                                           | Law Office of Richard E. Signorelli                  |
| 17 | 10-05439 | Avram J. Goldberg, individually and in his capacity as trust officer | Pryor Cashman LLP                                   |