Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York, 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Hearing Date: March 27, 2019
Objection Deadline: March 20, 2019

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>       Plaintiff,<br>v.<br><br>FAIRFIELD INVESTMENT FUND LIMITED, *et al.*,<br><br>       Defendants. | Adv. Pro. No. 09-01239 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>       Plaintiff,<br>v.<br><br>BARRENECHE, INC., *et al.*,<br><br>       Defendants. | Adv. Pro. No. 12-01702 (SMB) |

**MOTION FOR ENTRY OF ORDERS APPROVING AGREEMENTS
BY AND BETWEEN THE TRUSTEE AND SETTLING DEFENDANTS**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE,

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of orders, pursuant to section 105(a) of the United States Bankruptcy Code and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure, approving settlement agreements (the "Agreements")[1] between the Trustee and: (1) Lourdes Barreneche; (2) Barreneche Inc.; (3) Robert Blum; (4) Cornelis Boele; (5) Fortuna Asset Management; (6) Gregory Bowes; (7) Harold Greisman; (8) Jacqueline Harary; (9) Richard Landsberger; (10) Daniel Lipton; (11) Mark McKeefry; (12) Gordon McKenzie; (13) Santiago Reyes; (14) Selecta Financial Corporation Inc.; and (16) Andrew Smith (collectively, the "Settling Defendants"), and, in support of the Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Agreements represent a good faith, complete settlement between the Trustee and each of the Settling Defendants as to all claims the Trustee asserted against them for subsequent transfers they received from BLMIS through Fairfield Sentry Limited ("Fairfield Sentry"), Greenwich Sentry, L.P. ("Greenwich Sentry"), and Greenwich Sentry Partners, L.P. ("Greenwich Sentry Partners") (collectively the "Fairfield Feeder Funds"). The Agreements also represent a good faith, complete settlement between the Trustee and

---

[1] The Agreements are annexed hereto as Exhibit "A."

2

each of the Settling Defendants as to all claims assigned to the Trustee by the Joint Liquidators of Fairfield Sentry, Fairfield Sigma Limited, and Fairfield Lambda Limited (the "Joint Liquidators"), as part of the settlement previously approved by this Court, and all claims assigned to the Trustee by Greenwich Sentry and Greenwich Sentry Partners, as part of settlement agreements previously approved by this Court.

Under the Agreements, each Settling Defendant will provide the Trustee copies of any official statement, deposition testimony, and/or interview transcript in proceedings related to BLMIS, Madoff, the SIPA liquidation, *Fairfield Sentry Limited v. Fairfield Greenwich Group, et al.*, Adv. Pro. No. 10-03800 (SMB), or the Fairfield Feeder Funds, and those Settling Defendants who have not previously testified or been interviewed, have agreed to sit for a sworn interview with the Trustee's counsel. In addition to cooperation, certain Settling Defendants will also provide the Trustee monetary consideration: Robert Blum will pay the Trustee $250,000 and will assign the Trustee the proceeds of his deferred compensation claim ($1,755,000) against Fairfield Sentry. Richard Landsberger will assign the Trustee proceeds of his deferred compensation claim ($7,665,740) against Fairfield Sentry. Lourdes Barreneche will assign the Trustee the proceeds of her deferred compensation claim ($8,204,253) against Fairfield Sentry, as well as all right, title, and interest in a bank account in her name at Bank Julius Baer valued at approximately $671,840. And each Settling Defendant also agrees to cooperate in discovery as if each were a party to the proceeding. The Trustee submits that each of these settlements is well above the lowest point in the range reasonableness.

The Trustee has determined that the Agreements will greatly benefit the victims of Madoff's Ponzi scheme and respectfully requests that the Court approve the Agreements.

3

## THE TRUSTEE'S CLAIMS

On or about May 18, 2009, the Trustee commenced an adversary proceeding against the Fairfield Feeder Funds seeking the avoidance and recovery of over $3.5 billion of initial transfers under the caption *Picard v. Fairfield Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 (SMB), ECF No. 1 (the "Avoidance Action"). On July 20, 2010, the Trustee filed an amended complaint in which he added other entities and individuals (the "FGG Defendants") associated with the Fairfield Greenwich Group ("FGG"), which created and managed the Fairfield Feeder Funds. *Id.*, ECF No. 23. In the Amended Complaint, under section 550 of the Bankruptcy Code, the Trustee sought the recovery of BLMIS customer property initially transferred to the Fairfield Feeder Funds and subsequently transferred to the FGG Defendants.

On or about June 6, 2012, the Trustee commenced an adversary proceeding against several entities, including entities formed by certain individual FGG Defendants,[2] seeking the avoidance and recovery of $87,000,000 of initial transfers under the caption *Picard v. Barreneche, Inc., et al.*, Adv. Pro. No. 12-01702 (SMB).

On December 19, 2008, a group of investors in the Fairfield Feeder Funds filed a class action entitled *Anwar v. Fairfield Greenwich Limited,* against certain FGG Defendants in New York State court, which was removed to the U.S. District Court for the Southern District of New York on January 7, 2009. No. 09-vd-118 (VM) (FM) (the "Anwar Action").

On May 29, 2009, the Joint Liquidators filed an action in New York State court against certain FGG Defendants, and another individual associated with FGG, that was

---

[2] Including Settling Defendants Barreneche, Inc., Fortuna Asset Management, Dove Hill Trust, and Selecta Financial Corporation Inc.

4

removed to this Court and remains pending under the caption, *Fairfield Sentry Limited v. Fairfield Greenwich Group, et al.*, Adv. Pro. 10-03800 (the "Fairfield Management Claims Action"). The Joint Liquidators sought more than $900,000,000 based on breach of contract, breach of fiduciary duty, and other common law claims.

On June 7, 2011 and June 10, 2011, this Court, and on June 24, 2011, the Eastern Caribbean Supreme Court in the High Court of Justice of the Virgin Islands, approved a settlement between the Trustee and the Joint Liquidators. Avoidance Action, ECF Nos. 92, 95; *In re Fairfield Sentry Limited, et al.*, Case No. 10-13164, ECF No. 452. As part of the approved settlement, the Joint Liquidators unconditionally assigned to the Trustee all claims asserted against the defendants in the Fairfield Management Claims Action.

On November 30, 2012 and April 15, 2013, the District Court certified a class in the Anwar Action and approved a settlement between plaintiffs and defendants in that case. Anwar Action, ECF Nos. 1008, 1112. Under that settlement, the defendants paid a total of $80,250,000. Of the settlement proceeds, $30 million is available, under certain conditions, to the FGG Defendants to fund settlements or pay judgments on claims asserted by the Trustee and/or the Joint Liquidators. Each individual FGG Defendant contributed to the Anwar Action settlement.

Following the approval of the Trustee's settlement with the Joint Liquidators, the FGG Defendants moved to withdraw the reference on several substantive issues, including, but not limited to, the extraterritorial application of SIPA and the Bankruptcy Code to avoid and recover transfers of customer property the FGG Defendants received. Avoidance Action, ECF Nos. 120–22. On July 6, 2014, the District Court ruled that neither SIPA nor section 550 of the Bankruptcy Code applied extraterritorially to enable the Trustee to

recover subsequent transfers made from one foreign transferee to another foreign transferee. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 513 B.R. 222 (S.D.N.Y. 2014). The District Court alternatively ruled that international comity precluded the Trustee's use of section 550 to reach presumed foreign transfers. *Id.* at 231. The District Court remanded the withdrawn proceedings to this Court for further proceedings consistent with its decision. *Id.* at 232.

On November 22, 2016, this Court ruled the recovery of subsequent transfers under section 550 of the Bankruptcy Code based on initial transfers made by BLMIS to entities subject to foreign liquidation proceedings would violate principles of comity. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689, at *15 (Bankr. S.D.N.Y. Nov. 22, 2016). As part of the ruling, this Court dismissed the Trustee's claims to recover subsequent transfers the FGG Defendants received from Fairfield Sentry, leaving only claims to recover subsequent transfers based on initial transfers to Greenwich Sentry and Greenwich Sentry Partners. *Id.* at *30.

### **SETTLEMENT DISCUSSIONS AND TRUSTEE'S INVESTIGATION**

Since 2016, counsel for the Settling Defendants have engaged in good faith discussions with the Trustee to resolve the Trustee's claims against their clients. During this time, the Settling Defendants have challenged the amount of the Trustee's subsequent transfer claims against them and provided evidence concerning the most amount of money each could have actually received, which, if correct, would significantly reduce the Trustee's claims against each Settling Defendant. Although the Trustee disputes some of those figures, the Trustee has taken the Settling Defendants' evidence into account. The Trustee's allegations and the Settling Defendants' calculations are set forth below:

| Defendant Name | Trustee's Allegation | Defendants' Calculation |
|---|---|---|
| Lourdes Barreneche and Barreneche Inc. | $39,296,463 | $4,519,717 |
| Robert Blum | $17,331,640 | $3,167,757 |
| Cornelis Boele and Fortuna Asset Management | $27,983,365 | $3,368,416 |
| Gregory Bowes | $16,482,240 | $2,455,144 |
| Dove Hill Trust | $471,949 | $33,199 |
| Harold Greisman | $15,435,803 | $2,275,791 |
| Jacqueline Harary | $8,400,827 | $1,138,590 |
| Richard Landsberger | $21,334,027 | $3,264,220 |
| Daniel Lipton | $7,632,867 | $1,376,840 |
| Mark McKeefry | $13,531,268 | $2,033,198 |
| Gordon McKenzie | $479,861 | $150,101 |
| Santiago Reyes and Selecta Financial Corp. | $12,294,814 | $1,585,792 |
| Andrew Smith | $12,489,896 | $1,929,075 |
| TOTAL: | $193,165,020 | $27,297,840 |

The Settling Defendants' calculation was determined as follows: The Settling Defendants provided evidence of gross compensation of $87,269,308, in the aggregate. The Settling Defendants also provided evidence that 68% of such amounts derived from the Fairfield Feeder Funds (i.e., 32% of the compensation was derived from investment companies having no BLMIS investments). Further, the Settling Defendants provided evidence that, of the amounts derived from the Fairfield Feeder Funds, at most 46% is customer property that came from BLMIS (i.e., at least 54% of the transfers from Fairfield Feeder Funds to the Settling Defendants came from other sources). If the Settling Defendants' calculations are correct, this would reduce the Trustee's claims to $27,297,840.

The Trustee also has considered this Court's and the District Court's extraterritoriality rulings that have limited his claims. For example, of the over $3.5 billion

7

the Fairfield Feeder Funds received in initial transfers, Fairfield Sentry, the foreign fund, received $3.29 billion. Thus, the extraterritoriality decisions, if upheld, would reduce the subsequent transfers the Trustee is able to recover by up to 92% from all defendants. Applied to the reduced amount of the subsequent transfers the Settling Defendants received, as set forth above, would result in a potential recovery between $2 and $3 million, without taking into account collectability or the Trustee's burden to prove that the Settling Defendants were willfully blind to Madoff's fraud.

In addition, the Trustee reviewed confidential financial disclosures provided by certain Settling Defendants, and has taken into account certain of the Settling Defendants' hardships and limited ability to pay. Settling Defendants Cornelis Boele, Fortuna Asset Management, Harold Greisman, Jacqueline Harary, Daniel Lipton, Mark McKeefry, Gordon McKenzie, Santiago Reyes, Selecta Financial Corporation Inc., and Andrew Smith demonstrated their inability to pay, even if the Trustee were to succeed on his claims against them. The Settling Defendants further demonstrated that Dove Hill Trust wound up in or around 2014. Finally, the Settling Defendants demonstrated that Gregory Bowes was affiliated with Fairfield Greenwich Group only from June 2000 through November 2003.

After reviewing the relevant records and weighing the risks inherent in litigation, the Trustee, in the exercise of his business judgment, has determined that it is appropriate to resolve his claims against the Settling Defendants. As set forth below, the Settling Defendants will provide information that the Trustee believes will be helpful in pursuing his claims against the remaining defendants in this proceeding as well as defendants in other adversary proceedings. The settlement allows the Trustee to focus his efforts on the remaining FGG Defendants.

## OVERVIEW OF THE AGREEMENTS

The principal terms and conditions of the Agreements are generally as follows (as stated above, the Agreements are attached as Exhibit "A" and should be reviewed for a complete account of their terms):[3]

All Settling Defendants:

- Within twenty-one (21) days of the effective date of the settlement, each Settling Defendant agrees to provide the Trustee copies of any official statement, deposition testimony, and/or interview transcript in proceedings relating to BLMIS, Madoff, the SIPA liquidation, the Fairfield Management Claims Action, or the Fairfield Feeder Funds, including, but not limited to, any such testimony related to the Anwar Action, the Massachusetts Securities Division investigation, the Fairfield Greenwich Funds, or any other SEC investigation or inquiry.

- For any Settling Defendant who has not provided any prior testimony, interview, or official statement in proceedings related to BLMIS, the Settling Defendant has agreed to provide the Trustee with a sworn interview within sixty (60) days of a request by the Trustee for such an interview.

- Each Settling Defendant agrees to participate and respond to any future discovery requests in the BLMIS proceedings as if he or she were a party to the proceeding.

- Each Settling Defendant agrees to provide reasonable good faith cooperation with the Trustee's ongoing investigation of the BLMIS fraud and with his efforts to recover customer property, as that term is defined under SIPA section 78*lll*(4), from initial and subsequent transferees.

- The Trustee will dismiss with prejudice the Settling Defendants from this adversary proceeding and the Fairfield Management Claims Action.

In addition to the above, the Settling Defendants Lourdes Barreneche, Barreneche Inc., Robert Blum, and Richard Landsberger will pay the Trustee as follows:

- Lourdes Barreneche, on behalf of herself and Barreneche Inc., will assign to the Trustee (i) her claim for deferred compensation from Fairfield Greenwich (Bermuda) Limited, valued at approximately

---

[3] Terms not otherwise defined in this section shall have the meaning ascribed in the Agreements. In the event of any inconsistency between the summary of terms provided in this section and the terms of the Agreements, the Agreements shall prevail.

  $8,204,253; and (ii) all rights, title, and interest in her Julius Baer account, valued at approximately $671,840.00;

- Robert Blum will (i) pay to the Trustee $250,000 within three days of the Effective Date of the agreement; and (ii) assign to the Trustee his claim for deferred compensation from Fairfield Greenwich (Bermuda) Limited, valued at approximately $1,755,000; and

- Richard Landsberger will assign to the Trustee his claim for deferred compensation from Fairfield Greenwich (Bermuda) Limited, valued at approximately $7,665,740.

The agreed upon settlements resolve all of the Trustee's claims against each of the Settling Defendants.

## RELIEF REQUESTED

By this Motion, the Trustee respectfully requests that the Court enter orders substantially in the form of the proposed orders annexed hereto as Exhibit "B" in *Picard v. Fairfield Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 (SMB) and Exhibit "C" in *Picard v. Barreneche, Inc., et al.*, Adv. Pro. No. 12-01702 (SMB) approving the Agreements.

## LEGAL BASIS

Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 BR 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s]

10

below the lowest point in the range of reasonableness.'" *Cosoff v. Rodmon (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, No. 05-60006, 06-Civ.-5435 (RMB), 2006 U.S. Dist. LEXIS 85691, at *21–22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426; *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) (the "court need not conduct a 'mini-trial' to determine the merits of the underlying litigation"); *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

(i)   the probability of success in the litigation;
(ii)  the difficulties associated with collection;
(iii) the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
(iv)  the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

The Trustee believes that the settlements are fair and equitable, and fall well above the lowest point in the range of reasonableness. While the Trustee believes that he would ultimately prevail in litigation against the Settling Defendants, he has determined, in an exercise of his business judgment, that litigation would be complex, create significant delay, would involve both litigation risk and difficulties associated with collection, and would be detrimental to the interests of the customers. The Trustee submits that the resolution of the claims against the Settling Defendants through the Agreements is far more expedient and cost effective than continued litigation. (Affidavit of the Trustee in Support of the Motion, ¶ 2, attached hereto as Exhibit "D").

First, the Settling Defendants have provided evidence that the amounts of the subsequent transfers the Trustee alleges they received are inaccurate, which, if correct, would reduce the Trustee's claims against the Settling Defendants from $193,165,020 to $27,297,840. This evidence includes (i) the Settling Defendants' gross compensation of $87,269,308, in the aggregate; (ii) that only 68% of the Settling Defendants' gross compensation derived from the Fairfield Feeder Funds; and (iii) that, of the amounts derived from the Fairfield Feeder Funds, at most 46% is customer property that came from BLMIS. (*Id.* ¶ 2(a).)

Second, the extraterritoriality decisions reduced the Trustee's claims by up to 92%, due to the fact that the vast majority of the subsequent transfers came from Fairfield Sentry, the foreign feeder fund. Although the Trustee may ultimately prevail in having these decisions reversed, there is significant risk that the appeals could be defeated. If the Settling Defendants are correct with respect to the revised figures set forth above, the extraterritoriality decisions would reduce the Trustee's potential recovery to $2 to $3

million. This does not take into account the other legal challenges the Trustee would still face, such as proving willful blindness on the part of each of the Settling Defendants. (*Id.* ¶ 2(b).)

Third, because of financial hardships, the Trustee would have difficulty collecting from the majority of the Settling Defendants, even if he prevailed in his claims against them. (*Id.* ¶ 2(c).) Thus, proceeding against the Settling Defendants would cause the Trustee to expend a significant amount of resources on complex litigation without promise of recovery. Instead, the Trustee has settled his claims against the Settling Defendants in exchange for cooperation against the remaining defendants, participation in discovery, and providing the Trustee with access to important documents the Trustee would not otherwise have. (*Id.* ¶ 3.) With respect to the Settling Defendants with some ability to pay, the Trustee has also obtained payment and other consideration valued at over $18.5 million. These settlement proceeds would allow for the recovery of funds for the direct benefit of BLMIS's customers. (*Id.* ¶ 4.)

## CONCLUSION

In sum, the Trustee submits that the Agreements should be approved because they: (a) will avoid lengthy, burdensome, and expensive litigation; (b) represent a fair and reasonable compromise of the Trustee's claims against the Settling Defendants that benefits the estate and the customers of BLMIS; and (c) are well within the "range of reasonableness" and confer a substantial benefit on the estate. For these reasons, the Trustee respectfully requests that the Court enter Orders approving the Agreements.

## NOTICE

In accordance with Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, notice of this Motion has been given to: (i) SIPC; (ii) the SEC; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Simpson, Thacher and Bartlett, LLP, 425 Lexington Avenue, New York 10017, Attn: Peter E. Kazanoff; (vi) Covington & Burling LLP, One City Center, 850 Tenth Street NW, Washington, DC 20001, Attn: Bruce A. Baird; and (vii) Morvillo Abramowitz Grand Iason & Anello P.C., 565 Fifth Avenue, New York, New York 10017, Attn: Edward M. Spiro.

WHEREFORE, the Trustee respectfully requests entry of orders substantially in the form of Exhibit "B" and Exhibit "C" to the Motion granting the relief requested in the Motions.

Dated: New York, New York
       February 21, 2019

Respectfully submitted,

*/s/ Oren J. Warshavsky*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavksy@bakerlaw.com

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*