# EXHIBIT D

# AFFIDAVIT OF IRVING PICARD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>                              Plaintiff,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br>                              Plaintiff,<br>v.<br>FAIRFIELD INVESTMENT FUND LIMITED, *et al.*,<br>                              Defendants. | Adv. Pro. No. 09-01239 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br>                              Plaintiff,<br>v.<br>BARRENECHE, INC., *et al.*,<br>                              Defendants. | Adv. Pro. No. 12-01702 (SMB) |

**AFFIDAVIT OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF**
**MOTION FOR ENTRY OF ORDERS PURSUANT TO SECTION 105(a) OF**
**THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE APPROVING AGREEMENTS**
**BY AND BETWEEN THE TRUSTEE AND THE SETTLING DEFENDANTS**

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK)

Irving H. Picard, being duly sworn, hereby attests as follows:

I am the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the motion seeking entry of orders, pursuant to 11 U.S.C. § 1015(a), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving settlement agreements (the "Agreements") by and between myself, as the Trustee, and (1) Lourdes Barreneche; (2) Barreneche Inc.; (3) Robert Blum; (4) Cornelis Boele; (5) Fortuna Asset Management; (6) Gregory Bowes; (7) Harold Greisman; (8) Jacqueline Harary, (9) Richard Landsberger; (10) Daniel Lipton; (11) Mark McKeefry; (12) Gordon McKenzie; (13) Santiago Reyes; (14) Selecta Financial Corporation Inc.; and (15) Andrew Smith (collectively, the "Settling Defendants").

1. I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

2. I believe that the settlements are fair and equitable, and fall well above the lowest point in the range of reasonableness and, accordingly, the Court should approve the Agreements. While I believe that I would ultimately prevail in litigation against the Settling Defendants, I have determined, in an exercise of my business judgment, that litigation would be complex, create significant delay, would involve both litigation risk and difficulties associated with collection, and would be detrimental to the interests of the customers. The resolution of the claims against the Settling Defendants through the Agreements is far more expedient and cost

effective than continued litigation. I have considered the following information in reaching my conclusion:

    a. First, the Settling Defendants have provided evidence that the amounts of the subsequent transfers I allege they received are inaccurate, which, if correct, would reduce my claims against the Settling Defendants from $193,165,020 to $27,297,840. This evidence includes (i) the Settling Defendants' gross compensation of $87,269,308, in the aggregate; (ii) that only 68% of the Settling Defendants' gross compensation derived from the Fairfield Feeder Funds; and (iii) that, of the amounts derived from the Fairfield Feeder Funds, at most 46% is customer property that came from BLMIS.

    b. Second, the extraterritoriality decisions reduced my claims against the Settling Defendants by up to 92%, due to the fact that the vast majority of the subsequent transfers came from Fairfield Sentry, the foreign feeder fund. Although I may ultimately prevail in having these decisions reversed, there is significant risk that the appeals could be defeated. If the Settling Defendants are correct with respect to the revised figures set forth above, the extraterritoriality decisions would reduce my potential recovery to $2 to $3 million. This does not take into account the other legal challenges I would still face, such as proving willful blindness on the part of each of the Settling Defendants.

    c. Third, because of financial hardships, I would have difficulty collecting from the majority of the Settling Defendants, even if I prevailed in my claims against them.

2

3. Thus, proceeding against the Settling Defendants would cause me to expend a significant amount of resources on complex litigation without promise of recovery. Instead, I have settled my claims against the Settling Defendants in exchange for cooperation against the remaining defendants, participation in discovery, and providing me with access to important documents I would not otherwise have.

4. With respect to the Settling Defendants with some ability to pay, I have also obtained payment and other consideration valued at over $18.5 million. These settlement proceeds would allow for the recovery of funds for the direct benefit of BLMIS's customers.

5. Given the potential impact of these issues, and the complexities involved in proceeding with litigation, I have determined, in my business judgment, that the Agreements represent fair and equitable compromises of my claims that are in the best interests of the estate.

_____
IRVING H. PICARD

Sworn to before me this 21st day of February, 2019

_____
Notary Public

SONYA M. GRAHAM
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/2021