

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ROBERT A. RICH
DIRECT DIAL: 212.309.1132
EMAIL: rrich@huntonak.com

February 26, 2019

FILE NO: 99997.032244

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Stuart M. Bernstein
United States Bankruptcy Court
 for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

Re:    Pre-Motion Request Pursuant to L.B.R. 7007-1(b) Regarding Expert Deposition
       *Picard v. Edward A. Zraick Jr., et al.* (Adv. Pro. No. 10-05257)

Dear Judge Bernstein:

This firm is counsel to Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, the "Defendants") in connection with the above-referenced adversary proceeding commenced by Irving H. Picard, as Trustee (the "Trustee"). We write to request a conference with the Court pursuant to Local Bankruptcy Rule 7007-1(b) with respect to the Trustee's refusal to schedule a deposition for his expert witness, Matthew B. Greenblatt.

Defendants are individuals against whom the Trustee has alleged fraudulent transfer liability of $285,000. The deposition of Mr. Greenblatt is the only item left before expert discovery is complete, and has been for some time.

On December 31, 2016, Defendants timely served a notice of deposition of Mr. Greenblatt.[1] The Trustee agreed to produce Mr. Greenblatt for deposition, which deposition was twice scheduled and twice cancelled by the Trustee. The Trustee thereafter failed to identify any further dates that would be acceptable despite Defendants' repeated requests, and ultimately filed a motion to reopen fact and expert discovery.

On February 15, 2019, the Court denied the Trustee's motion to reopen discovery in substantial part (D.I. 18480, the "Feb 15 Decision"), and three days later, on February 18, 2019, Defendants renewed their request to the Trustee for Greenblatt deposition dates. After

---
[1] A copy of the notice of deposition of Mr. Greenblatt is annexed hereto as **Exhibit A**.



February 26, 2019
Page 2

that request was ignored, on February 25, 2019, Defendants again requested deposition dates and advised that if none were forthcoming, Defendants would seek a conference with the Court. Trustee's counsel then explained that dates for deposition would need to be resolved as part of the order implementing the Court's February 15 Decision.

Enough with the Trustee's delay tactics. This case was commenced in 2010 and its pendency is highly burdensome to Defendants. The deposition was noticed more than two years ago. The February 15 Decision has nothing to do with the deposition of Mr. Greenblatt. Subject to the result of the discovery conference, Defendants seek entry of an order (a) compelling the Trustee to produce Mr. Greenblatt for deposition within 30 days or, alternatively, (b) allowing Defendants to subpoena Mr. Greenblatt for deposition with Defendants' legal fees and expenses paid by the Trustee.

Pursuant to Local Bankruptcy Rule 7007-1(b), Defendants respectfully request a conference with the Court.

Very truly yours,

Robert A. Rich

cc:    Nicholas J. Cremona, Esq.
       Max Shifrin, Esq.

       *Counsel for the Trustee*