# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                Plaintiff,<br><br>v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A ATTACHED HERETO,<br><br>                Defendants. | Adv. Pro. Nos. listed on Exhibit A Attached Hereto |

**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART
TRUSTEE'S MOTION FOR LIMITED ADDITIONAL DISCOVERY**

On September 21, 2018, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, filed the Motion and Memorandum of Law For Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff (the "Motion"), ECF No. 18015.

{00039256 1 }

On December 19, 2018, this Court authorized the depositions of Annette Bongiorno, Daniel Bonventre, and Joann Crupi pursuant to Federal Rule of Civil Procedure 30(a)(2) in seventeen cases not subject to the Motion. ECF Nos. 18320–22.

On February 15, 2019, the Court issued the Memorandum Decision Regarding Trustee's Motion for Additional Discovery Based on the Deposition Testimony of Bernard L. Madoff (the "Decision"), attached hereto as Exhibit B. ECF No. 18480.

It is hereby **ORDERED** that:

1. Fact Discovery shall be completed by May 30, 2019;

2. Expert reports shall be served by June 14, 2019;

3. Rebuttal expert reports shall be served by ~~July 29, 2019~~ October 20, 2019;

4. Expert Discovery shall be completed by ~~August 28, 2019~~ December 1, 2019;

5. The deposition of FBI special agent Theodore Cacioppi is authorized; the details of the deposition, including precise date, location, and procedure are subject to coordination with the United States Attorney's Office for the Southern District of New York;

6. The depositions of Annette Bongiorno, Jodi Crupi and Daniel Bonventre ("BLMIS Employee Witnesses") are authorized;

    A. The warden of the Federal Correctional Institution Coleman located in Sumterville, Florida, is hereby directed to produce Annette Bongiorno, a prisoner with Federal Bureau of Prisons Register # 96064-004, at the warden's office or elsewhere within the facility at a date and time to be determined at the discretion of the warden but not later than May 30, 2019. In accordance with Federal Rule of Civil Procedure 30(b), the deposition will be taken before a notary public or

     other person duly authorized by law to administer oaths and will be recorded by video and/or stenographically;

B. The warden of the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania, is hereby directed to produce Daniel Bonventre, a prisoner with Federal Bureau of Prisons Register # 63156-054, at the warden's office or elsewhere at an agreed upon location at a date and time to be determined at the discretion of the warden but not later than May 30, 2019.  In accordance with Federal Rule of Civil Procedure 30(b), the deposition will be taken before a notary public or other person duly authorized by law to administer oaths and will be recorded by video and/or stenographically;

C. In the event that Crupi is housed in the RRM facility in Brooklyn, New York, the authorized supervisor of that facility is directed to produce or allow Crupi, for purposes of being deposed, to appear at a location, date, and time acceptable to the supervisor but not later than May 30, 2019, or (b) in the event that Crupi has been released from the RRM facility, Crupi's probation officer is directed to allow Crupi, for purposes of being deposed, to appear at a location, date, and time acceptable to the probation officer but not later than May 30, 2019.  In accordance with Federal Rule of Civil Procedure 30(b), the deposition will be taken before a notary public or other person duly authorized by law to administer oaths and will be recorded by video and/or stenographically;

D. Counsel from the following law firms may attend the deposition of the BLMIS Employee Witnesses: (1) Baker Hostetler LLP, as counsel for the Trustee; and (2) Chaitman LLP, Dentons US LLP, Law Office of Wayne A. Silver, and Winston

{00039256 1}                                      3

& Strawn LLP as counsel for certain defendants. Certain other defendants' counsel may also participate as set forth in ECF Nos. 18320–22.

E. Except for any counsel that may appear on behalf of the BLMIS Employee Witnesses, only two attorneys for the Trustee may appear at the deposition; only three attorneys from defendants' counsel may appear if the warden and/or supervisor determines that space allows;

F. The Trustee's counsel shall have the opportunity to commence the BLMIS Employee Witnesses' examination at deposition, opposing counsel shall then have the opportunity to examine the witnesses, and the parties then will have the opportunity respectively to conduct any additional re-direct or re-cross examinations as they deem necessary; the Trustee's counsel shall be permitted to examine for a total of seven (7) hours per BLMIS Employee Witness and opposing counsel shall be permitted to examine for a total of seven (7) hours per BLMIS Employee Witness; no further questioning is authorized without written leave of the Court;

G. Counsel for the Trustee and the defendants' counsel are prohibited from asking the BLMIS Employee Witnesses any questions about:

    A. Jeffry M. Picower ("Picower") or any of the Picower Parties,[1] or their respective agents; or

    B. the BLMIS accounts of Picower and/or the Picower Parties.

---

[1] The "Picower Parties" are Capital Growth Company, Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Trust f/b/o/ Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and tor the Trust f/b/o/ Gabrielle H. Picower.

{00039256 1}    4

H. To the extent any of the BLMIS Employee Witnesses testify regarding Picower or the Picower Parties or their BLMIS accounts in responding to questions, any information specific to the BLMIS accounts of Picower and/or the Picower Parties shall be redacted whenever practicable, and counsel may follow up with questions concerning Picower or the Picower Parties only to the extent that such follow-up questions concerning Picower or the Picower Parties relate directly to previous testimony.  Counsel may not, however, use any such testimony of the BLMIS Employee Witnesses regarding Picower or the Picower Parties to inquire about any conduct of Picower or the Picower Parties that is not directly related to previous testimony.

I. In advance of the deposition of each BLMIS Employee Witness, counsel for the Trustee will provide a copy of the Court's Order authorizing that witness's deposition.

J. Absent a further order of the Court, the deposition testimony of each BLMIS Employee Witness, and the transcript thereof ("Transcript," collectively the "Transcripts"), shall not be used by any person or entity for any reason as it relates to the Picower Parties, including, but not limited to, in any pending or future litigation that may be brought against Picower's estate, the Picower Parties, or their respective agents, or any related person or entity.

K. The Transcripts for the depositions of the BLMIS Employee Witnesses shall remain confidential and under seal for the longer of twenty-one (21) days ("21-Day Period") after the date each Transcript is provided to counsel for the Trustee, the defendants' counsel, the Picower Parties, and the Securities Investor

Protection Corporation ("SIPC") (collectively, "Authorized Counsel"), and their retained experts, if any, or if any party seeks to seal, strike, or redact any portion of the Transcripts within the 21-Day Period, then solely as to that portion of the Transcript, the day after a final, non-appealable order is entered on such motion(s). The Transcripts shall automatically be re-designated as not confidential when the 21-Day Period for the Transcript expires, subject to any sealing, striking, or redactions that the Court may have ordered.

L. During the 21-Day Period, the Transcripts and contents of the BLMIS Employee Witness depositions may not be disclosed, except to Authorized Counsel, and any of their retained experts, if any, all of whom, including experts, shall maintain the confidentiality of the Transcript and its contents, and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the Transcript, including any testimony concerning Picower, the Picower Parties, or their agents or related parties, or any BLMIS accounts held by, or on behalf of, Picower or any of the Picower Parties.

M. Any requests on motions to strike and/or redact any part of the Transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing, and Verification of Documents by Electronic Means, promulgated under Local Rule 5005-2, shall be served on Authorized Counsel at the time of filing under seal, and shall remain confidential during the 21-Day Period.

N. In the event that any Authorized Counsel receives any request, subpoena, or other process seeking disclosure of the Transcript or information related to the BLMIS

>Employee Witnesses testimony during the 21-Day Period, such counsel shall, within three (3) business days thereof, notify the Court, as well as all other Authorized Counsel, of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena, or other process.

7. Except as set forth in paragraphs 1 through 6 of this Order, the remainder of the Motion is denied in the adversary proceedings listed on Exhibit A;

8. The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of this Order;

9. The terms of this Order may be modified only upon a showing of good cause; and

10. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.

Dated: New York, New York
_____, 2019

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br><br>  v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A ATTACHED HERETO,<br><br>    Defendants. | Adv. Pro. Nos. listed on Exhibit A Attached Hereto |

### [PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION FOR LIMITED ADDITIONAL DISCOVERY

On September 21, 2018, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, filed the Motion and Memorandum of Law For Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff (the "Motion"), ECF No. 18015.

{00039256 1 }

On December 19, 2018, this Court authorized the depositions of Annette Bongiorno, Daniel Bonventre, and Joann Crupi pursuant to Federal Rule of Civil Procedure 30(a)(2) in seventeen cases not subject to the Motion. ECF Nos. 18320–22.

On February 15, 2019, the Court issued the Memorandum Decision Regarding Trustee's Motion for Additional Discovery Based on the Deposition Testimony of Bernard L. Madoff (the "Decision"), attached hereto as Exhibit B. ECF No. 18480.

It is hereby **ORDERED** that:

1. Fact Discovery shall be completed by May 30, 2019;

2. Expert reports shall be served by June 14, 2019;

3. Rebuttal expert reports shall be served by October 20, 2019;

4. Expert Discovery shall be completed by December 1, 2019;

5. The deposition of FBI special agent Theodore Cacioppi is authorized; the details of the deposition, including precise date, location, and procedure are subject to coordination with the United States Attorney's Office for the Southern District of New York;

6. The depositions of Annette Bongiorno, Jodi Crupi and Daniel Bonventre ("BLMIS Employee Witnesses") are authorized;

    A. The warden of the Federal Correctional Institution Coleman located in Sumterville, Florida, is hereby directed to produce Annette Bongiorno, a prisoner with Federal Bureau of Prisons Register # 96064-004, at the warden's office or elsewhere within the facility at a date and time to be determined at the discretion of the warden but not later than May 30, 2019. In accordance with Federal Rule of Civil Procedure 30(b), the deposition will be taken before a notary public or

other person duly authorized by law to administer oaths and will be recorded by video and/or stenographically;

B. The warden of the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania, is hereby directed to produce Daniel Bonventre, a prisoner with Federal Bureau of Prisons Register # 63156-054, at the warden's office or elsewhere at an agreed upon location at a date and time to be determined at the discretion of the warden but not later than May 30, 2019. In accordance with Federal Rule of Civil Procedure 30(b), the deposition will be taken before a notary public or other person duly authorized by law to administer oaths and will be recorded by video and/or stenographically;

C. In the event that Crupi is housed in the RRM facility in Brooklyn, New York, the authorized supervisor of that facility is directed to produce or allow Crupi, for purposes of being deposed, to appear at a location, date, and time acceptable to the supervisor but not later than May 30, 2019, or (b) in the event that Crupi has been released from the RRM facility, Crupi's probation officer is directed to allow Crupi, for purposes of being deposed, to appear at a location, date, and time acceptable to the probation officer but not later than May 30, 2019. In accordance with Federal Rule of Civil Procedure 30(b), the deposition will be taken before a notary public or other person duly authorized by law to administer oaths and will be recorded by video and/or stenographically;

D. Counsel from the following law firms may attend the deposition of the BLMIS Employee Witnesses: (1) Baker Hostetler LLP, as counsel for the Trustee; and (2) Chaitman LLP, Dentons US LLP, Law Office of Wayne A. Silver, and Winston

{00039256 1}    3

& Strawn LLP as counsel for certain defendants. Certain other defendants' counsel may also participate as set forth in ECF Nos. 18320–22.

E. Except for any counsel that may appear on behalf of the BLMIS Employee Witnesses, only two attorneys for the Trustee may appear at the deposition; only three attorneys from defendants' counsel may appear if the warden and/or supervisor determines that space allows;

F. The Trustee's counsel shall have the opportunity to commence the BLMIS Employee Witnesses' examination at deposition, opposing counsel shall then have the opportunity to examine the witnesses, and the parties then will have the opportunity respectively to conduct any additional re-direct or re-cross examinations as they deem necessary; the Trustee's counsel shall be permitted to examine for a total of seven (7) hours per BLMIS Employee Witness and opposing counsel shall be permitted to examine for a total of seven (7) hours per BLMIS Employee Witness; no further questioning is authorized without written leave of the Court;

G. Counsel for the Trustee and the defendants' counsel are prohibited from asking the BLMIS Employee Witnesses any questions about:

    A. Jeffry M. Picower ("Picower") or any of the Picower Parties,[1] or their respective agents; or

    B. the BLMIS accounts of Picower and/or the Picower Parties.

---

[1] The "Picower Parties" are Capital Growth Company, Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Trust f/b/o/ Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and tor the Trust f/b/o/ Gabrielle H. Picower.

{00039256 1 }    4

H. To the extent any of the BLMIS Employee Witnesses testify regarding Picower or the Picower Parties or their BLMIS accounts in responding to questions, any information specific to the BLMIS accounts of Picower and/or the Picower Parties shall be redacted whenever practicable, and counsel may follow up with questions concerning Picower or the Picower Parties only to the extent that such follow-up questions concerning Picower or the Picower Parties relate directly to previous testimony.  Counsel may not, however, use any such testimony of the BLMIS Employee Witnesses regarding Picower or the Picower Parties to inquire about any conduct of Picower or the Picower Parties that is not directly related to previous testimony.

I. In advance of the deposition of each BLMIS Employee Witness, counsel for the Trustee will provide a copy of the Court's Order authorizing that witness's deposition.

J. Absent a further order of the Court, the deposition testimony of each BLMIS Employee Witness, and the transcript thereof ("Transcript," collectively the "Transcripts"), shall not be used by any person or entity for any reason as it relates to the Picower Parties, including, but not limited to, in any pending or future litigation that may be brought against Picower's estate, the Picower Parties, or their respective agents, or any related person or entity.

K. The Transcripts for the depositions of the BLMIS Employee Witnesses shall remain confidential and under seal for the longer of twenty-one (21) days ("21-Day Period") after the date each Transcript is provided to counsel for the Trustee, the defendants' counsel, the Picower Parties, and the Securities Investor

{00039256 1}                    5

Protection Corporation ("SIPC") (collectively, "Authorized Counsel"), and their retained experts, if any, or if any party seeks to seal, strike, or redact any portion of the Transcripts within the 21-Day Period, then solely as to that portion of the Transcript, the day after a final, non-appealable order is entered on such motion(s). The Transcripts shall automatically be re-designated as not confidential when the 21-Day Period for the Transcript expires, subject to any sealing, striking, or redactions that the Court may have ordered.

L. During the 21-Day Period, the Transcripts and contents of the BLMIS Employee Witness depositions may not be disclosed, except to Authorized Counsel, and any of their retained experts, if any, all of whom, including experts, shall maintain the confidentiality of the Transcript and its contents, and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the Transcript, including any testimony concerning Picower, the Picower Parties, or their agents or related parties, or any BLMIS accounts held by, or on behalf of, Picower or any of the Picower Parties.

M. Any requests on motions to strike and/or redact any part of the Transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing, and Verification of Documents by Electronic Means, promulgated under Local Rule 5005-2, shall be served on Authorized Counsel at the time of filing under seal, and shall remain confidential during the 21-Day Period.

N. In the event that any Authorized Counsel receives any request, subpoena, or other process seeking disclosure of the Transcript or information related to the BLMIS

Employee Witnesses testimony during the 21-Day Period, such counsel shall, within three (3) business days thereof, notify the Court, as well as all other Authorized Counsel, of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena, or other process.

7. Except as set forth in paragraphs 1 through 6 of this Order, the remainder of the Motion is denied in the adversary proceedings listed on Exhibit A;

8. The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of this Order;

9. The terms of this Order may be modified only upon a showing of good cause; and

10. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.

Dated: New York, New York
    _____, 2019

                        HONORABLE STUART M. BERNSTEIN
                        UNITED STATES BANKRUPTCY JUDGE

{00039256 1}      7