**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A TO THE COUNTER PROPOSED ORDER ATTACHED HERETO,<br><br>　　　　　　Defendants. | Adv. Pro. Nos. listed on Exhibit A to the Counter Proposed Order Attached Hereto |

**TRUSTEE'S OBJECTION AND COUNTER [PROPOSED] ORDER
TO ORDER LIFTING THE STAY ON DISCOVERY OF BLMIS
EMPLOYEES SUBPOENAED BY CHAITMAN LLP**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff

("Madoff") (collectively, "Debtor"), by and through his counsel, respectfully submits this

Objection and Counter Proposed Order to Defendants' Notice of Settlement of Order Lifting the Stay on Discovery of BLMIS Employees Subpoenaed by Chaitman LLP.

## PRELIMINARY STATEMENT

Defendants' Proposed Order relies on a single footnote of the Court's February 15 decision as authorizing fourteen depositions of former BLMIS employees in dozens of adversary proceedings where discovery is closed. Nothing in the Court's decision permits this discovery, nor does any other justification exist for reopening discovery in those proceedings. Rather, the Court found that Chaitman LLP could move forward with discovery of former BLMIS employees only where those subpoenas were "timely served." ECF No. 18480 at 10, n.7.

To the extent that Chaitman LLP moves forward with depositions in cases where subpoenas were timely served, the Trustee also has a limited objection to the extent Chaitman LLP engages in over ten depositions per case without leave of court. The Trustee also has a limited objection concerning the fact discovery deadline, requesting that to the extent additional time for fact discovery is needed by either party, both parties have the same enumerated right to request an extension of time for good cause shown. Thus, the Trustee respectfully requests that the Court enter the Trustee's Counter Proposed Order, attached as Exhibit 1. Attached as Exhibit 2 is a redline comparing the Trustee's Counter Proposed Order to the Defendants' Proposed Order.

## BACKGROUND

1. On September 29, 2016, the Court signed an Order Authorizing the Deposition of Bernard L. Madoff ("Madoff Day 1 Order"), allowing defendants to participate where fact discovery had not closed as of July 7, 2016 and "extend[ing] fact discovery for the limited and sole purpose of taking Madoff's deposition." ECF No. 14213 at 7, ¶ L.

2

2. On March 15, 2017, Chaitman LLP noticed ten depositions for the testimony of former BLMIS employees in the 68 adversary proceedings subject to Defendants' Proposed Order.

3. Chaitman LLP has represented to the Trustee that six individuals were served with subpoenas in mid-to late-March 2017 (the "March 2017 Subpoenas").

4. On March 21, 2017, the Trustee filed a letter with the Court requesting a conference on the subpoenas noticed in March 2017 and requesting the Court quash the subpoenas where "fact discovery is closed in 14 of the 87 cases." ECF No. 15393.

5. On May 31 and June 29, 2017, the Court held hearings on various discovery disputes between the Trustee and Chaitman LLP, including the subpoenas noticed in March 2017. ECF Nos. 16192, 16332.

6. On July 26, 2017, the Court entered an Order holding compliance with the subpoenas noticed in March 2017 in abeyance "pending further consideration and order of this Court following the completion of the Deposition of Bernard L. Madoff." ECF No. 16459 at 2, ¶ 2.

7. On August 9, 2017, the parties entered into a Stipulation and Order holding in abeyance fact discovery deadlines in 31 adversary proceedings represented by Chaitman LLP at the time of the Stipulation. ECF No. 16494 at 2, ¶ 2. Based on changes in counsel, Chaitman LLP currently represents defendants in 29 adversary proceedings where fact discovery deadlines are governed by the August 9 Stipulation.

8. On September 5, 2017, Chaitman LLP noticed seventeen additional depositions for the testimony of former BLMIS employees in the 68 adversary proceedings subject to

3

Defendants' Proposed Order, including dozens of adversary proceedings where fact discovery was closed.

9. Chaitman LLP has represented to the Trustee that seven individuals were served with subpoenas in September 2017 (the "September 2017 Subpoenas").

10. On September 11, 2017, the Court entered the Order Authorizing the Continued Deposition of Bernard L. Madoff ("Madoff Day 2 Order"), again extending fact discovery "for the limited and sole purpose of taking Madoff's deposition." ECF No. 16625 at 8, ¶ L.

11. On September 21, 2018, the Trustee filed his Motion for Limited Additional Discovery, ECF No. 18015, seeking ninety additional days to complete fact discovery in approximately 90 adversary proceedings that participated in Mr. Madoff's deposition.

12. On November 7, 2018, Chaitman LLP noticed her twenty-eighth subpoena for the testimony of former BLMIS employee Walter Tiletnick in the 68 adversary proceedings subject to Defendants' Proposed Order.

13. Chaitman LLP has represented to the Trustee that Walter Tiletnick was served in November 2018.

14. On November 15, 2018, the Trustee filed a letter with the Court concerning the Tiletnick Subpoena, arguing the subpoena was "procedurally improper in 40 of the 69 good faith actions where fact discovery is closed," and that "[o]nly 29 of those 69 cases have open fact discovery under the Chaitman discovery stipulation." ECF No. 18176.

15. Chaitman LLP responded by letter to the Court arguing "the Tiletnick Subpoena was already authorized in March 2017," and "discovery is already held open pursuant to the Court's March 2017 Order." ECF No. 18179.

4

16.     On February 15, 2019, the Court issued the Memorandum Decision Regarding Trustee's Motion for Additional Discovery Based on the Deposition Testimony of Bernard L. Madoff (the "February 15 Decision").  ECF No. 18480.

17.     The February 15 Decision determined that fact discovery was open in thirty-one adversary proceedings pursuant to the August 9 Stipulation and Order holding discovery deadlines in abeyance.  February 15 Decision at 10.  In those adversary proceedings with open discovery, the Court held that the parties did not need to seek leave of court to take depositions. *Id.*  In particular, for the 31 adversary proceedings with open fact discovery, "Chaitman Defendants had previously issued subpoenas to numerous BLMIS traders which were held in abeyance pending the conclusion of the Madoff Deposition. . . . The Chaitman Defendants may now proceed with those subpoenas to the extent they were timely served." *Id.* at n.7.

18.     On February 27, 2019, the Trustee filed three proposed orders to implement the February 15 Decision (the "Trustee's Proposed Orders"), granting relief applicable to the three groups of cases.  ECF Nos. 18519–21.

19.     On February 28, 2019, Defendants filed a proposed order (the "Defendants' Proposed Order") in the subset of sixty-eight cases represented by Chaitman LLP, subject to two of the Trustee's Proposed Orders.  ECF No. 18524.

## OBJECTIONS

### I. Chaitman LLP Cannot Take Discovery in Cases Where Fact Discovery Closed Prior to Service of Subpoenas on Former BLMIS Employees

20.     The Defendants' Proposed Order seeks all BLMIS employee discovery in all 68 adversary proceedings with defendants represented by Chaitman LLP.  To do so ignores the Court's February 15 Decision, holding that the Madoff Day 1 and Day 2 Orders extended discovery "for the limited and sole purpose of taking Madoff's deposition," leaving the operative

5

case management orders to govern fact and expert discovery unless good cause existed to re-open discovery. *See* February 15 Decision at 12–13.

21. The February 15 Decision determined that the Stipulation and Order entered on August 9, 2017 left discovery open in thirty-one adversary proceedings, twenty-nine of which Chaitman LLP remains counsel.[1] For the remaining 39 adversary proceedings represented by Chaitman LLP, discovery is closed pursuant to the operative case management orders.

22. While the February 15 Decision permits the Chaitman Defendants to move forward with previously-issued BLMIS employee subpoenas, it does so only in connection with adversary proceedings with open fact discovery and where those subpoenas were "timely served." February 15 Decision at 10 n.7. Any attempt to conduct discovery that was not timely served would directly contravene the February 15 Decision.

23. Further, Defendants' Proposed Order provides the Defendants should be entitled to untimely discovery absent showing "good cause" under Federal Rule of Civil Procedure 16. Again, Defendants' untenable position is completely at odds with the February 15 Decision.

24. Of the 68 adversary proceedings Chaitman LLP currently represents, fact discovery is open in 29 adversary proceedings.[2]

25. Fact discovery is closed in the remaining 39 adversary proceedings represented by Chaitman LLP. However, Chaitman LLP timely served the March 2017 Subpoenas in 30 of the adversary proceedings prior to the close of fact discovery.

---

[1] One case, *Picard v. Neil Reger Profit Sharing Keogh*, Adv. Pro. No. 10-05384 (SMB) (Bankr. S.D.N.Y.), represented by Dentons LLP, also has open fact discovery by virtue of its case management order.

[2] In the 29 cases where fact discovery is open, the Trustee's Proposed Order settling the February 15 Decision (ECF No. 18519) already adequately provides for Chaitman LLP to engage in additional discovery, including discovery with respect to the previously subpoenaed former BLMIS employees.

26.  Other than the timely served March 2017 Subpoenas, the remainder of the subpoenas served for former BLMIS employee testimony were served when fact discovery was closed.

27.  In 9 of the 39 adversary proceedings represented by Chaitman LLP with closed fact discovery, fact discovery had already closed before Chaitman LLP noticed or served any subpoenas. Notably, in all 39 adversary proceedings represented by Chaitman LLP with closed fact discovery, the September 2017 Subpoenas and Tiletnick Subpoena were untimely.

28.  A chart identifying the three subsets of cases represented by Chaitman LLP, as further identified in Exhibit A to the Counter Proposed Order, is provided below:

| Cases Represented by Chaitman LLP Subject to February 15 Decision ||||
|---|---|---|---|
| **Fact Discovery Open** | **Fact Discovery Closed: Timely Served March 2017 Subpoenas** | **Fact Discovery Closed: No Subpoenas Timely** | **TOTAL** |
| **29** | **30** | **9** | **68** |

29.  Chaitman LLP has made no showing that discovery should be reopened in adversary proceedings with closed discovery pursuant to Federal Rule of Civil Procedure 16, and no order otherwise permits this discovery where fact discovery had closed at the time the subpoenas were served. *Cf.* July 26, 2017 Order, ECF No. 16549; Stipulation and Order, ECF No. 16494.

## II. Federal Rule of Civil Procedure 31 Requires Leave of Court to Take More than Ten Depositions

30.  The Trustee further objects to the extent Chaitman LLP seeks to take more than 9 depositions of former BLMIS employees. Federal Rule of Civil Procedure 31(a)(2)(i) requires a party obtain leave of court, "if the parties have not stipulated to the deposition and . . . the

7

deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants." Chaitman LLP has already deposed Bernard Madoff, so only nine additional depositions are permitted without court permission.

31.    Chaitman LLP has not requested leave of court to take more than ten depositions. Should Chaitman LLP request such leave, taking fourteen depositions of former BLMIS employees, nearly all of whom were traders, would be unreasonably cumulative and duplicative under Fed. R. Civ. Pro. 26(b)(2)(C)(i).

### III.    Discovery Deadlines Shall Have Equal and Full Effect for All Parties

32.    The Trustee's Counter Proposed Order provides the same fact discovery deadline for all parties as contemplated in the Trustee's Proposed Orders. The parties should have an equal amount of time to complete discovery.

### CONCLUSION

For the foregoing reasons, the Trustee objects to the Proposed Order and requests the Court instead enter the Trustee's Counter Proposed Order.

Dated:  New York, New York
       March 5, 2019

Respectfully Submitted,
*/s/ David J. Sheehan*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

8