# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>              Plaintiff,<br><br>v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON EXHIBIT A ATTACHED HERETO,<br><br>              Defendants. | Adv. Pro. Nos. listed on Exhibit A Attached Hereto |

## [PROPOSED] ORDER LIFTING THE STAY ON DISCOVERY OF BLMIS EMPLOYEES SUBPOENAED BY CHAITMAN LLP

**WHEREAS**, on July 7, 2016, Chaitman LLP, counsel for those Defendants listed on Exhibit A, moved for an order authorizing the deposition of Bernard L. Madoff, [See Defendants' Memorandum of Law in Support of Motion for an Order Authorizing the Deposition of Bernard L. Madoff, dated July 7, 2016, [ECF No. 13605];

**WHEREAS,** following a July 20, 2016 conference, and an August 24, 2016 hearing, the Court signed an Order Authorizing the Deposition of Bernard L. Madoff on September 29, 2016 ("Madoff Day 1 Deposition Order"), [ECF No. 14213];

**WHEREAS**, in March 2017, Chaitman LLP, counsel for Defendants listed on Exhibit A, began serving subpoenas on certain BLMIS employees, (the "Subpoenas"), which Subpoenas sought the production of documents and the depositions of certain BLMIS employees;

**WHEREAS**, in March 2017, Chaitman LLP served subpoenas on Zafer Barutcuoglu, Steven Friedman, Robert Gutman, Neilay Mehta, Jamie Lynn Rosenberger, and Hendrik Voight.

**WHEREAS**, on March 21, 2017, counsel for the Trustee filed an Application to Quash the Subpoenas [ECF No. 15393];

**WHEREAS**, on April 9, 2017, Chaitman LLP agreed to temporarily hold compliance with the Subpoenas in abeyance pending the Court's resolution of the Trustee's Application to Quash the Subpoenas, [ECF No. 15707];

**WHEREAS**, on May 31, 2017, and June 29, 2017, the Court held hearings regarding the Trustee's Application to Quash the Subpoenas;

**WHEREAS**, on July 26, 2017, the Court entered an Order staying compliance with the Subpoenas, specifically holding as follows: (a) with respect to the Subpoenas that had already been served, compliance was "held in abeyance pending further consideration and order of this Court following the completion of the Deposition of Bernard L. Madoff;"

**WHEREAS**, in September 2017, Chaitman LLP served subpoenas on Peter Berkowitz, Jonathan Lenaghan, Heath Sroka, Peter George Tiletnick, Paolo Vincinelli, Richard Yeh, and Ned Zachar.

**WHEREAS**, on September 21, 2018, the Trustee filed a Motion For Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff, [ECF No. 18015];

**WHEREAS**, on November 8, 2018, Chaitman LLP served a subpoena for documents and testimony on Walter Tiletnick.

2

**WHEREAS**, on February 15, 2019, the Court issued the Memorandum Decision granting in part and denying in part the Trustee's Motion For Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff, [ECF No. 18480];

**WHEREAS**, the Court's February 15, 2019 Memorandum Decision lifted the stay on the Subpoenas in those adversary proceedings where fact discovery is open, specifically stating "the Chaitman Defendants had previously issued subpoenas to numerous BLMIS traders which were held in abeyance pending the conclusion of the Madoff Deposition. (See Order Implementing the Court's May 31, 2017 and June 29, 2017 Bench Rulings on Multiple Discovery Disputes, dated July 26, 2017, at ¶¶ 2-3 (ECF Doc. # 16459).) The Chaitman Defendants may now proceed with those subpoenas to the extent they were timely served." ECF No. 18480 at 10, n.7;

It is hereby **ORDERED** that:

1. Chaitman LLP shall now proceed with taking depositions and compelling the production of documents as required by the Subpoenas, to the extent this discovery was timely served in those adversary proceedings as indicated on Exhibit A;

2. Chaitman LLP shall take all depositions pursuant to the Subpoenas by May 30, 2019 to the extent this discovery was timely served in those adversary proceedings as indicated on Exhibit A, without prejudice to any parties' ability to seek an extension of fact discovery if needed for good cause shown.

3. Chaitman LLP shall not take more than the 9 previously-subpoenaed depositions of former BLMIS employees to the extent this discovery was timely served in those adversary proceedings as indicated on Exhibit A.

4. The following limitations apply with respect to the depositions to be conducted pursuant to the Subpoenas:

3

A. Counsel for the Trustee and the defendants' counsel are prohibited from asking the BLMIS Employee Witnesses any questions about:

   A. Jeffry M. Picower ("Picower") or any of the Picower Parties,[1] or their respective agents; or

   B. the BLMIS accounts of Picower and/or the Picower Parties.

B. To the extent any of the witnesses testify regarding Picower or the Picower Parties or their BLMIS accounts in responding to questions, any information specific to the BLMIS accounts of Picower and/or the Picower Parties shall be redacted whenever practicable, and counsel may follow up with questions concerning Picower or the Picower Parties only to the extent that such follow-up questions concerning Picower or the Picower Parties relate directly to previous testimony. Counsel may not, however, use any such testimony of the BLMIS Employee Witnesses regarding Picower or the Picower Parties to inquire about any conduct of Picower or the Picower Parties that is not directly related to previous testimony.

C. Absent a further order of the Court, the deposition testimony of each witness, and the transcript thereof ("Transcript," collectively the "Transcripts"), shall not be used by any person or entity for any reason as it relates to the Picower Parties, including, but not limited to, in any pending or future litigation that may be brought against Picower's estate, the Picower Parties, or their respective agents, or any related person or entity.

---

[1] The "Picower Parties" are Capital Growth Company, Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Trust f/b/o/ Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and tor the Trust f/b/o/ Gabrielle H. Picower.

4

D. The Transcripts for the depositions of the witnesses shall remain confidential and under seal for the longer of twenty-one (21) days ("21-Day Period") after the date each Transcript is provided to counsel for the Trustee, the defendants' counsel, the Picower Parties, and the Securities Investor Protection Corporation ("SIPC") (collectively, "Authorized Counsel"), and their retained experts, if any, or if any party seeks to seal, strike, or redact any portion of the Transcripts within the 21-Day Period, then solely as to that portion of the Transcript, the day after a final, non-appealable order is entered on such motion(s).  The Transcripts shall automatically be re-designated as not confidential when the 21-Day Period for the Transcript expires, subject to any sealing, striking, or redactions that the Court may have ordered.

E. During the 21-Day Period, the Transcripts and contents of the depositions may not be disclosed, except to Authorized Counsel, and any of their retained experts, if any, all of whom, including experts, shall maintain the confidentiality of the Transcript and its contents, and all of whom may file with the Court, under seal, requests to strike and/or redact any questions or answers in the Transcript, including any testimony concerning Picower, the Picower Parties, or their agents or related parties, or any BLMIS accounts held by, or on behalf of, Picower or any of the Picower Parties.

F. Any requests on motions to strike and/or redact any part of the Transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing, and Verification of Documents by Electronic Means, promulgated under Local Rule 5005-2, shall be served on Authorized

5

        Counsel at the time of filing under seal, and shall remain confidential during the 21-Day Period.

    G. In the event that any Authorized Counsel receives any request, subpoena, or other process seeking disclosure of the Transcript or information related to the BLMIS Employee Witnesses testimony during the 21-Day Period, such counsel shall, within three (3) business days thereof, notify the Court, as well as all other Authorized Counsel, of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena, or other process.

5. Except as set forth in this Order, the Subpoenas not timely served as indicated on Exhibit A are quashed;

6. The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of this Order;

7. The terms of this Order may be modified only upon a showing of good cause; and

8. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.

Dated: New York, New York
        _____, 2019

        HONORABLE STUART M. BERNSTEIN
        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

Exhibit A to Trustee's Counter Proposed Order

**List of Adversary Proceedings with Open Fact Discovery**

| | Adv. Pro. No. | Case Name |
|---|---|---|
| 1 | 10-04397 | Fern C. Palmer Revocable Trust Dtd 12/31/9, et al. |
| 2 | 10-04438 | Estate of Seymour Epstein, et al. |
| 3 | 10-04446 | Trust Dated 12/6/99 Walter and Eugenie Kissinger, et al. |
| 4 | 10-04539 | The Gerald and Barbara Keller Family Trust, et al. |
| 5 | 10-04545 | Jerome Goodman, et al. |
| 6 | 10-04610 | The Whitman Partnership, et al. |
| 7 | 10-04709 | Andrew M. Goodman |
| 8 | 10-04718 | The Jordan H. Kart Revocable Trust, et al. |
| 9 | 10-04752 | Kuntzman Family LLC, et al. |
| 10 | 10-04762 | James M. Goodman |
| 11 | 10-04809 | Edyne Gordon NTC |
| 12 | 10-04823 | Frank DiFazio, et al. |
| 13 | 10-04826 | Boyer Palmer |
| 14 | 10-04837 | Leslie Ehrlich f/k/a Leslie Harwood , et al. |
| 15 | 10-04905 | Train Klan, a Partnership, et al. |
| 16 | 10-04914 | Edyne Gordon |
| 17 | 10-04961 | Sylvan Associates LLC f/k/a Sylvan Associates Ltd Partnership, et al. |
| 18 | 10-04979 | James M. New Trust dtd 3/19/01, et al. |
| 19 | 10-04991 | Guiducci Family Limited Partnership, et al. |
| 20 | 10-05104 | The Gloria Albert Sandler and Maurice Sandler Revocable Living Trust |
| 21 | 10-05124 | The Lawrence J. Ryan and Theresa R. Ryan Revocable Living Trust, et al. |
| 22 | 10-05127 | Atwood Management Profit Sharing Plan & Trust, etc., et al. |
| 23 | 10-05128 | JABA Associates LP, et al. |
| 24 | 10-05133 | Boyer H. Palmer, individually, et al. |
| 25 | 10-05150 | Plafsky Family LLC Retirement Plan, Robert Plafsky, et al. |
| 26 | 10-05151 | Palmer Family Trust, et al. |
| 27 | 10-05157 | The Harnick Brothers Partnership, et al. |
| 28 | 10-05196 | Whitman 1990 Trust U/A DTD 4/13/90, et al. |
| 29 | 10-05435 | Keith Schaffer, et al. |

Exhibit A to Trustee's Counter Proposed Order

**List of Adversary Proceedings with Closed Fact Discovery/Timely-Served Subpoenas in March 2017**

|  | Adv. Pro. No. | Case Name | Fact Discovery Deadline |
|---|---|---|---|
| 1 | 10-04867 | Estate of Steven I. Harnick, et al. | 3/17/2017 |
| 2 | 10-04995 | Trust U/Art Fourth O/W/O Israel Wilenitz, et al. | 3/21/2017 |
| 3 | 10-04768 | Placon2, William R. Cohen, et al. | 3/23/2017 |
| 4 | 10-05079 | Estate of James M. Goodman, et al. | 3/24/2017 |
| 5 | 10-04489 | Marlene Krauss | 4/3/2017 |
| 6 | 10-04806 | Kenneth M. Kohl, as an individual and as a joint tenant, et al. | 4/7/2017 |
| 7 | 10-05377 | Richard G. Eaton | 4/12/2017 |
| 8 | 10-04748 | Mark Horowitz | 4/27/2017 |
| 9 | 10-04889 | Estate of Robert Shervyn Savin, et al. | 5/12/2017 |
| 10 | 10-05037 | Barbara L. Savin | 5/12/2017 |
| 11 | 10-04570 | Jacob M. Dick Rev Living Trust DTD 4/6/01, et al. | 5/22/2017 |
| 12 | 10-04818 | Toby Harwood | 5/26/2017 |
| 13 | 10-04728 | Estate of Bruno L. Di Giulian, et al. | 5/28/2017 |
| 14 | 10-04749 | Philip F. Palmedo | 6/2/2017 |
| 15 | 10-05420 | Gunther K. Unflat, et al. | 6/9/2017 |
| 16 | 10-04469 | Carol L. Kamenstein, individually and in her capacity as joint tenant | 6/16/2017 |
| 17 | 10-04648 | Peter D. Kamenstein | 6/16/2017 |
| 18 | 10-04644 | Russell L. Dusek | 6/19/2017 |
| 19 | 10-04292 | Robert Roman | 6/21/2017 |
| 20 | 10-04302 | Joan Roman | 6/21/2017 |
| 21 | 10-04912 | Harry Smith Revocable Living Trust, et al. | 6/27/2017 |
| 22 | 10-04327 | Gertrude E. Alpern Revocable Trust, et al. | 7/3/2017 |
| 23 | 10-04753 | Carla Ginsburg | 7/7/2017 |
| 24 | 10-05312 | Doron Tavlin Trust U/A 2/4/91, et al. | 7/13/2017 |
| 25 | 10-05184 | Laura Ann Smith Revocable Living Trust, et al. | 7/17/2017 |
| 26 | 10-04352 | RAR Entrepreneurial Fund LTD, et al. | 7/28/2017 |
| 27 | 10-04562 | Robert F. Ferber | 7/31/2017 |
| 28 | 10-04491 | Elaine Dine Living Trust dated 5/12/06, et al. | 8/3/2017 |
| 29 | 10-04920 | Glenhaven Limited, et al. | 8/4/2017 |
| 30 | 10-04541 | Kenneth W Perlman, et al. | 8/9/2017 |

Exhibit A to Trustee's Counter Proposed Order

**List of Adversary Proceedings with Closed Fact Discovery/ No Subpoenas Timely Served**

|   | Adv. Pro. No. | Case Name | Fact Discovery Deadline |
|---|---|---|---|
| 1 | 10-04878 | Lisa Beth Nissenbaum Trust, et al. | 10/19/2012 |
| 2 | 10-05130 | Barbara Kotlikoff Harman | 4/30/2015 |
| 3 | 10-04621 | Donald A. Benjamin | 8/12/2016 |
| 4 | 10-04367 | Benjamin T. Heller | 12/9/2016 |
| 5 | 10-04503 | Judd Robbins | 1/20/2017 |
| 6 | 10-04956 | D. M. Castelli | 1/20/2017 |
| 7 | 10-04614 | Robert S. Whitman | 2/22/2017 |
| 8 | 10-04428 | Estate of Allen Meisels, et al. | 3/8/2017 |
| 9 | 10-04740 | Robert Hirsch, as an individual, and as joint tenant, et al. | 3/13/2017 |