# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>   Plaintiff,<br><br>  v.<br><br>FEDERICO CERETTI, *et al.*<br><br>   Defendants. | Adv. Pro. No. 09-01161 (SMB) |

**[PROPOSED] ORDER ISSUING A LETTER OF REQUEST
FOR SERVICE ABROAD OF JUDICIAL
OR EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS**

On October 3, 2018, Plaintiff Irving H. Picard, the trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), substantively consolidated with the estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, filed the Motion (the "Motion") seeking entry of an order issuing the Letter of

Request (as defined in the Motion) to be transmitted, via the appropriate channels, to the applicable court in Bermuda to obtain the testimony of non-party, Mr. Craig Perry ("Perry"). ECF No. 372.

On October 9, 2018, Perry and HSBC Bank Bermuda Limited (together, "Respondents") filed their Memorandum of Law in Opposition to Trustee's Motion for a Letter of Request Pursuant to Hague Convention. ECF No. 374.

On October 23, 2018, the Trustee filed his Response in Further Support of Plaintiff's Motion for the Issuance of Letter of Request. ECF No. 380.

On October 29, 2018, the Respondents filed their Supplemental Memorandum of Law in Further Support of HSBC Bank Bermuda and Craig Perry's Opposition to Trustee's Motion for a Letter of Request (ECF No. 384) and Declaration of Jessa DeGroote in Support of the Supplemental Memorandum of Law (ECF No. 383).

On October 31, 2018, a hearing on the Motion was held before the Court. ECF Nos. 378, 400.

On March 5, 2019, the Court issued the Memorandum Decision and Order Regarding Plaintiff's Motion for the Issuance of a Letter of Request Concerning the Examination of Non-Party, Craig Perry ("Decision") (ECF No. 405), which, in part, directed the Trustee to revise the Letter of Request consistent with the Decision.

On March 12, 2019, the Trustee submitted a revised, proposed Letter of Request to the Court.

Upon the Motion, it is hereby

**ORDERED** that the Motion is granted to the extent indicated in the Decision; and it is further

3

**ORDERED** that the revised Letter of Request, in the form of **Exhibit A** attached hereto, shall be signed and sealed by the Court for transmission to the appropriate judicial authority in Bermuda so that valid service of process may be effectuated upon Perry.

Dated: _____
       New York, New York

HONORABLE STUART M. BERNSTEIN  
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Geraldine E. Ponto
Gonzalo S. Zeballos
Marshall J. Mattera

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br><br><br>LETTER OF REQUEST |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERICO CERETTI, *et al.*<br><br>    Defendants. | Adv. Pro. No. 09-01161 (SMB) |

# REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE APPROPRIATE JUDICIAL AUTHORITY IN BERMUDA

Presenting his compliments to the appropriate judicial authority of Bermuda, this Request is made by The Honorable Stuart M. Bernstein, of the United States Bankruptcy Court for the Southern District of New York, which is located at One Bowling Green, New York, New York 10004-1408, United States of America, to the Registrar of the Supreme Court, Second Floor, Government Administration Building, 30 Parliament Street, Hamilton HM12, Bermuda.

A copy of the transcript of the examination and the certification of the Bermuda Registrar should be returned to The Honorable Stuart M. Bernstein, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004-1408.

In light of the international law and comity that exists between the United States and Bermuda, the undersigned applicant respectfully submits this Request for the testimonial evidence of Craig Perry:

## **INTRODUCTION**

This Request seeks evidence for use in the above-named proceeding pending before this Court, which alleges claims arising under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and applicable provisions of the United States Bankruptcy Code, and the New York Debtor and Creditor Law. This Court has not yet made a determination on the merits of the claims and allegations asserted by the Plaintiff in this action, which are summarized below.

The Plaintiff's Fourth Amended Complaint filed on March 17, 2014 (ECF No. 100 (hereinafter, "FAC")) seeks, *inter alia*, to avoid and recover $926,351,905 in fraudulent transfers made to Kingate Global Fund, Ltd., In Liquidation and Kingate Euro Fund, Ltd., In Liquidation (together, the "Kingate Funds") under the Bankruptcy Code, the New York Debtor Creditor Law,

2

and SIPA § 78fff-2(c)(3).

The Plaintiff's allegations against the Kingate Funds, and in particular, of their actual knowledge of fraud and willful blindness are largely based on the imputation of the knowledge and bad faith of their service providers, their officers and agents, and the individuals that dominated and controlled them, including Mr. Federico Ceretti and Mr. Carlo Grosso who founded the Kingate Funds.[1]

Messrs. Ceretti and Grosso structured the Kingate Funds with management companies that they directly or beneficially owned and controlled. In 1994, Messrs. Ceretti and Grosso established the nominal management company, Kingate Management Limited ("KML"), which assigned its management responsibilities to FIM Limited and later its affiliate, FIM Advisers LLP (together with FIM Limited, "FIM"). Together, KML and FIM purported to "advise," "consult," and "manage" the Kingate Funds.

On Messrs. Ceretti's and Grosso's direction, the Kingate Funds engaged other service providers for the Kingate Funds, including Citi Hedge Fund Services Limited ("Citi Hedge"), based in Bermuda, as administrator, HSBC Bank Bermuda Limited f/k/a The Bank of Bermuda Limited ("HSBC Bermuda"), as custodian, and PricewaterhouseCoopers through its Bermuda division PwC Bermuda, as auditor.

The Trustee contends that Messrs. Ceretti and Grosso directed the flow of the Kingate Funds' assets to and from HSBC Bermuda, and the movement of those funds to and from BLMIS, or to the Kingate Funds' other service providers.

Mr. Craig Perry is the Senior Custody Manager at HSBC Bermuda, the Kingate Funds' custodian, and was a Senior Account Manager for the Kingate Funds. The purpose of this

---

[1] The Court's summary is derived from the Plaintiff's allegations in the FAC and does not necessarily denote the Court's views of such allegations or reflect findings by the Court.

3

Request is to obtain testimonial evidence from Mr. Perry, a non-party in this proceeding and a resident of Bermuda, for use as evidence in a trial in this proceeding in this Court and in support of the facts pleaded in the FAC.

## THE PARTIES AND THEIR REPRESENTATIVES

The parties to this action and their representatives are as follows:

(a) The Plaintiff is Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under SIPA substantively consolidated with the estate of Bernard L. Madoff. The Trustee is represented in this action by Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, United States of America.

(b) The Defendants in this action are the Kingate Funds. The Kingate Funds are in liquidation proceedings and act through their joint liquidators, who are represented in this action by Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, New York, New York 10010, United States of America.

## NATURE AND PURPOSE OF THE PROCEEDING AS ALLEGED BY THE TRUSTEE IN HIS FOURTH AMENDED COMPLAINT

**The Proceeding**

This is an adversary proceeding commenced in this Court, in which the main underlying SIPA proceeding, No. 08-01789 (SMB), is pending.

By way of background, Bernard L. Madoff ("Madoff"), through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. His fraud was sustained by infusions of money from around the globe. In particular, domestic and foreign investment vehicles, sometimes colloquially known as "feeder funds," injected several billions of dollars into his scheme.

4

Included among these feeder funds were the Kingate Funds. Messrs. Ceretti and Grosso formed an important part of Madoff's *de facto* global sales force, marketing BLMIS to European investors. Since their inception, the Kingate Funds deposited a combined total of approximately $1.7 billion with BLMIS, and withdrew nearly a billion dollars from BLMIS. The Trustee alleges that these withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code and other applicable law that the Trustee seeks to recover for equitable distribution.

**Perry's Connection to This Proceeding**

This Request seeks to obtain testimony from Mr. Perry. The Trustee contends that his investigation under his statutory authority, including the review of documents produced to the Trustee and depositions taken by the Trustee in this proceeding, establishes that Mr. Perry has knowledge that is highly relevant to the Trustee's claims in the FAC. Specifically, the Trustee anticipates that Mr. Perry will be able to provide further information in relation to the issues and allegations contained in paragraphs 2-3, 8, 79-80, 217-222, 225, 242-261 of the FAC, a copy of which is attached to this Request as Exhibit A.

HSBC Bermuda acted as the Kingate Funds' custodian for the entirety of the Kingate Funds' operations. The Kingate Funds invested exclusively with BLMIS. Thus, HSBC Bermuda was the bank through which the Kingate Funds made all of their deposits with, and redemptions from, BLMIS. HSBC Bermuda maintained and serviced multiple bank account on behalf of the Kingate Funds. During that time at least $1.7 billion dollars was transferred to and from the Kingate Funds' HSBC Bermuda bank accounts. HSBC Bermuda did not maintain custody of the Kingate Funds' investors' assets under management, which were held at BLMIS.

Mr. Perry was a Senior Account Manager and primary contact for the Kingate Funds and their service providers. The Trustee contends that as part of HSBC Bermuda's role as the Kingate

5

Funds' custodian, Mr. Perry frequently communicated with the Kingate Funds' agents and HSBC Bermuda employees about the Kingate Funds' bank accounts. In particular, Mr. Perry communicated with Mr. Grosso, Mr. Christopher Wetherhill, and Ms. Shazieh Salahuddin. These discussions included the maintenance of the Kingate Funds' bank accounts, transactions entered into on the Kingate Funds' behalf, and funds paid into and out of the bank accounts.

The Trustee also contends that Mr. Perry was involved in the currency hedging transactions HSBC Bermuda entered into on behalf of the Kingate Euro Fund, Ltd. Mr. Perry also played a prominent role in the actions taken by HSBC Bermuda, with respect to the Kingate Funds, after December 11, 2008.

The Trustee is continuing to collect evidence for use at trial to support his claims in this proceeding. He believes that Mr. Perry has knowledge that is highly relevant to the claims in this proceeding.

## REQUEST FOR JUDICIAL ASSISTANCE

This Request includes a request for the examination under oath of Mr. Perry. As stated above, upon information, the Trustee believes Mr. Perry resides and is located in Bermuda.

**Request for Testimonial Evidence and Relevant Areas of Inquiry of Mr. Perry**

Following briefing and oral argument by the respective counsel for Mr. Perry and the Trustee concerning the Trustee's request for judicial assistance, including the areas of inquiry of Mr. Perry, the Court has considered and found that Mr. Perry may have probative testimony based on his position with HSBC Bermuda in the general areas below, which the Trustee may inquire about:[2]

---

[2] *See Picard v. Ceretti (In re BLMIS)*, Adv. Proc. No. 09-01161 (SMB), 2019 WL 1055958 (Bankr. S.D.N.Y March 5, 2019) (Bernstein, J.).

6

**1: HSBC Bermuda's Role as the Kingate Funds' Custodian.**

This includes, but is not limited to:

a. HSBC Bermuda's performance of duties relating to the Kingate Funds, including the responsible persons and reporting structure for services performed for the Kingate Funds.

b. Accounts maintained by HSBC Bermuda on behalf of the Kingate Funds.

c. Transfers between BLMIS and the Kingate Funds, including the deposits into and withdrawals from the Kingate Funds' BLMIS accounts via HSBC Bermuda.

d. The warning issued about the Kingate Funds referenced in FAC ¶ 225, which states:

> In June 2008, HSBC issued a warning about the Kingate Funds due to the lack of communication and information coming from Madoff regarding his strategy and the IA Business. Grosso dismissed the HSBC analyst as a "junior guy" and a "joker" for "rehashing old arguments" against Madoff. Grosso admitted that such concerns about Madoff were "not new" and that "[t]his has been going on for 20 years." Ceretti communicated directly with an HSBC Monaco representative, "remind[ing] them that they [HSBC] are [] administrator of Kinagate [sic] and sevral [sic] other funds and that also several clients *are banking* with them . . . ." The HSBC Monaco representative reassured Ceretti that people would be fired for issuing the warning.

e. HSBC Bermuda's monitoring of the Kingate Funds' assets including the assets supposedly held by BLMIS.

f. HSBC Bermuda's knowledge about the state of the Kingate Funds' assets in the BLMIS accounts or Madoff.

g. HSBC Bermuda's compensation arrangement with the Kingate Funds.

**2: Communications with the Kingate Funds Regarding Their BLMIS Accounts.**

This includes, but is not limited to, any communications between HSBC Bermuda and the Kingate Funds and their agents, including Ceretti, Grosso, and their service providers such as KML, such as:

a. Communications relating to the allegations in FAC ¶ 225.

b. Communications between Ms. Salahuddin and other KML employees and HSBC Bermuda concerning the Kingate Funds.

7

    c. Communications with Messrs. Grosso and Ceretti, and FIM concerning the Kingate Funds.

    d. Communications with Citi Hedge concerning the Kingate Funds.

**3: Other Communications Regarding the Kingate Funds' BLMIS Accounts.**

This includes, but is not limited to, internal HSBC Bermuda communications and HSBC Bermuda's communications with other HSBC entities, including the sharing of information among entities, regarding the Kingate Funds, BLMIS, or Madoff.

**4: The Reasons for Freezing the Kingate Funds' HSBC Bermuda Bank Accounts and Subsequent Payments from Those Accounts.**

This includes, but is not limited to, the reasons for HSBC Bermuda freezing and unfreezing the Kingate Funds' bank accounts before and after Madoff's arrest.

The Court has also found that each of the above areas of inquiry is highly relevant to the issues to be tried in this proceeding.[3] The Trustee is entitled to leeway in the number and scope of the questions within each of the above categories.

## COSTS

All fees and costs incurred in the execution of this Request shall be borne by Plaintiff.

## CONCLUSION

This Court expresses its appreciation for this assistance and states that the courts of the United States are authorized by statute, section 1782 of Title 28 of the United States Code, to extend similar assistance to the tribunals of Bermuda, and shall be ready and willing to provide reciprocal assistance in a similar case when required.

The Court extends to the judicial authorities of Bermuda the assurances of the highest consideration.

---

[3] *Id.* at 8-10.

Dated: _____

    New York, New York

_____

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge