**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x
:
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
:
              Plaintiff-Applicant, :
:
    v. :
: SIPA Liquidation
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, : No. 08-01789 (SMB)
:
              Defendant. : (Substantively Consolidated)
:
---------------------------------------- x
In re :
:
BERNARD L. MADOFF, :
:
              Debtor. :
:
---------------------------------------- x
IRVING H. PICARD, Trustee for the Liquidation :
of Bernard L. Madoff Investment Securities LLC, :
:
              Plaintiff, :
: Adv. Pro. No. 10-05345 (SMB)
    v. :
:
CITIBANK, N.A., CITIBANK NORTH :
AMERICA, INC., AND CITIGROUP GLOBAL :
MARKETS LIMITED, :
:
              Defendants. :
:
---------------------------------------- x

**MOTION OF CITIBANK, N.A. AND CITICORP NORTH AMERICA, INC. TO FILE UNDER SEAL PORTIONS OF THEIR MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND ACCOMPANYING DECLARATION AND EXHIBITS**

Defendants Citibank, N.A. and Citicorp North America, Inc. ("Citicorp") (collectively, "Citibank"), by and through undersigned counsel, respectfully submit this motion (the "Motion") for entry of an order (the "Order") authorizing Citibank to file under seal certain portions of Citibank's Memorandum of Law in Opposition to Trustee's Motion for Leave to File an Amended Complaint (the "Opposition") and the Declaration of Carmine D. Boccuzzi, Jr., dated March 12, 2019, in Opposition to Trustee's Motion for Leave to File an Amended Complaint (the "Declaration") with Exhibits A-F thererto (together, the "Requested Documents"). A proposed order is attached hereto as Exhibit 1.

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and (e)(1), and 15. U.S.C. § 78eee(b)(2)(A) and (b)(4). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (0).

2.   Venue is proper in this district under 28 U.S.C. § 1409.

3.   The statutory bases for the relief requested herein are Bankruptcy Code Sections 105(a) and 107(b), Bankruptcy Rule 9018 and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4.   On September 11, 2009, Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC (the "Trustee") and Citigroup Global Market Holdings Inc. ("CGMH"), an affiliate of Citibank, entered into a Confidentiality Agreement (the "Agreement"). Under the Agreement, CGMH was permitted to designate as "Confidential" any documents produced to the Trustee pursuant to the July 28, 2009 Rule 2004 Subpoena that contain "non-public business or financial information." CGMH made a production to the

Trustee on October 2, 2009 and that production was made in accordance with, and in reliance upon that Agreement and the expectation of confidentiality reflected in it.

5. On February 16, 2010, this Court entered a Protective Order (the "Protective Order") [No. 08-01789, ECF No. 1951], which was later superseded by the Litigation Protective Order entered by this Court on June 6, 2011 (the "LPO") [No. 08-01789, ECF No. 4137], which together provided further safeguards for maintaining the confidentiality of documents and information otherwise designated Confidential. CGMH made additional productions to the Trustee of October 15, 2010 and July 15, 2011, which were made in accordance with, and in reliance upon the Protective Order and LPO respectively. The LPO was modified on September 17, 2013 [No. 08-01789, ECF No. 5474].

6. On October 10, 2010, the Trustee deposed Leon Gross, a Citigroup employee, pursuant to the Trustee's Rule 2004 subpoena powers under the Federal Rules of Bankruptcy Procedure. On November 3, 2010, the Trustee deposed another Citigroup employee, Samir Mathur, also pursuant to the Trustee's Rule 2004 subpoena powers. Both deposition transcripts were designated Confidential pursuant to the Protective Order.

7. On December 14, 2018, the Trustee filed a Motion for Leave to File an Amended Complaint in this proceeding [Adv. Pro. No. 10-05345 (BRL), ECF 150-1]. On March 12, 2019, Citibank filed its Opposition to the Trustee's motion and the Declaration attaching as exhibits certain documents on which the Trustee purports to rely in his proposed amended complaint. These documents contain confidential commercial information of importance to Citibank and/or have been designated confidential pursuant to the Protective Order and LPO.

## RELIEF REQUESTED

8. By this Motion, Citibank seeks entry of the attached Proposed Order pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, authorizing Citibank to file the Requested Documents under seal and to file redacted versions of the Opposition on the Court's public dockets for the above-captioned case.

## BASIS FOR RELIEF

9. Pursuant to Section 107(b) of the Bankruptcy Code, the Court may authorize Citibank to file the Requested Documents under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

11. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in Section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)* (*Orion*), 21 F.3d 24, 27 (2d Cir. 1994). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under Section 107(b) of the Bankruptcy Code. *Orion*, 21 F.3d at 27 (stating that Section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

12. The Requested Documents contain confidential material that relates to, among other things, Citibank's internal decision-making processes and proprietary materials, references commercially sensitive information or has otherwise been designated as Confidential under the Protective Order and LPO.

13. Counsel for Citibank has delivered the Opposition, the Declaration and the exhibits attached thereto to the Court with instructions that they be filed under seal and that partially redacted versions of the Opposition be filed on the Court's public docket.

**RESERVATION OF RIGHTS**

14.     Citibank reserves its right to object to the designation or de-designation of Confidential Material, including the designation or de-designation of the information contained in the Requested Documents.

**NOTICE**

15.     Notice of this Motion has been provided to the same parties who are required to receive notice of the Opposition. Parties wishing to object to the Motion shall have until a date to be determined by the Court to do so.

**CONCLUSION**

WHEREFORE, Citibank respectfully requests that the Court enter the Order substantially in the form attached hereto as Exhibit A (i) authorizing it to file the Requested Documents under seal and to file partially redacted versions of the Requested Documents on the Court's dockets for the above captioned cases and (ii) granting any such other and further relief deemed just, proper and equitable.

Dated: March 12, 2019
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Carmine D. Boccuzzi, Jr.
    Carmine D. Boccuzzi, Jr.
    (cboccuzzi@cgsh.com)
    Pascale Bibi
    (pbibi@cgsh.com)
    One Liberty Plaza
    New York, New York 10006
    T: 212-225-2000
    F: 212-225-3999

*Attorneys for Citibank, N.A., Citicorp North America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

SIPA Liquidation

No. 08-01789 (SMB)

(Substantively Consolidated)

------------------------------------- x

In re

BERNARD L. MADOFF,

        Debtor.

------------------------------------- x

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

        Plaintiff,

        v.

CITIBANK, N.A., CITIBANK NORTH
AMERICA, INC., AND CITIGROUP GLOBAL
MARKETS LIMITED,

        Defendants.

Adv. Pro. No. 10-05345 (SMB)

------------------------------------- x

**[PROPOSED] ORDER ON MOTION OF CITIBANK, N.A. AND CITICORP NORTH AMERICA, INC. TO FILE UNDER SEAL PORTIONS OF THEIR MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Upon the motion (the "Motion")[1] of Citibank, N.A. and Citicorp North America, Inc. (together, "Citibank") for entry of an order authorizing Citibank to file under seal portions of Citibank's Memorandum of Law in Opposition to Trustee's Motion for Leave to File an Amended Complaint, the Declaration and the exhibits thereto; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1409; and the Court having found that the relief requested in the Motion is pursuant to the Bankruptcy Code Sections 105(a) and 107(b), Bankruptcy Rule 9018 and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York; and the Court having found that Citibank provided appropriate notice of the Motion; and the Court having reviewed the Requested Documents and determined that the Requested Documents should be filed under seal; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  Citibank is authorized to file the Requested Documents under seal and to file the Requested Documents in redacted form on the public dockets.

3.  Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

2

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. Citibank is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
New York, New York

_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

3