

**SECURITIES INVESTOR PROTECTION CORPORATION**
**1667 K STREET, N.W., SUITE 1000**
**WASHINGTON, D. C. 20006-1620**
**(202) 371-8300    FAX (202) 223-1679**
**WWW.SIPC.ORG**

OFFICE OF GENERAL COUNSEL

March 29, 2019

**Via ECF and FedEx**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

**Re:**   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, **Case No. 08-01789-smb (SIPA)**
*Picard v. Legacy Capital Ltd.*, **Adv. Pro. No. 10-05286 (SMB)**
**Legacy Capital Ltd.'s Letter Request, ECF No. 208**

Dear Judge Bernstein:

The Securities Investor Protection Corporation ("SIPC") writes in response to Legacy Capital Ltd.'s ("Legacy") request (1) to strike Section II.C. of SIPC's Reply Memorandum of Law in Support of the Trustee's Motion for Summary Judgment[1] in the above-captioned proceeding, or (2) for permission to file a sur-reply. Neither request is warranted.

In its Opposition to the Trustee's Motion for Summary Judgment, Legacy argues that it "held an enforceable state law right against BLMIS for full payment of its securities entitlements under Section 8-501(b)(1) of the New York Uniform Commercial Code."[2] Section II.C. of SIPC's Reply rebuts this argument, both as to the existence of the security entitlements and as to their value. Legacy articulates this U.C.C. value defense for the first time in its Opposition; Legacy's Answer does not mention the U.C.C or security entitlements, let alone assert that they provide value under § 548(c).[3] SIPC's Reply was its first opportunity to respond.

---

[1] ECF No. 204, at 14–16.
[2] ECF No. 199, at 20.
[3] Legacy admits that the "substance of the 548(c) defense asserted in the Answer differs from the defense formulated in this opposition." ECF No. 199, at 20, n.10.

Legacy's request to strike Section II.C. therefore "misconstrues the very purpose of reply papers." *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495–96 (S.D.N.Y.), *order vacated on reconsideration on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990). SIPC's Reply does not introduce new arguments but rather responds to new arguments raised by Legacy. "[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) (quoting *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir.1992) (internal quotation marks omitted)); *see also Christians of California, Inc. v. Clive Christian New York, LLP*, No. 13-CV-275 KBF, 2015 WL 468833, at *3 (S.D.N.Y. Feb. 3, 2015) ("All of the arguments [respondent] seeks to strike were made either in response to arguments raised in [respondent's] opposition brief, or otherwise to amplify arguments previously raised by [movants], both of which are permissible."). SIPC, not Legacy, would be prejudiced if it did not have a chance to reply to arguments regarding application of the U.C.C. in a SIPA liquidation. Accordingly, Legacy's request to strike should be denied.

Similarly, because SIPC's Reply does not raise new issues, Legacy cannot demonstrate that a sur-reply is needed or would benefit the Court. *See Mohsen v. Morgan Stanley & Co. Inc.*, No. 11 CIV. 6751 PGG, 2013 WL 5312525, at *3 n.2 (S.D.N.Y. Sept. 23, 2013) (denying leave to file a sur-reply where the movant "asserts no new facts, raises no new legal arguments, and properly cites new cases only in response to [respondent's] arguments"); *Travelers Ins. Co.*, 735 F. Supp. at 495–96 (denying a request to file a sur-reply because, "[a]lthough defendants' reply papers addressed issues not raised in its moving papers, each point in the reply brief directly responds to an issue raised in [the] opposition papers"). Legacy's Opposition already presented its arguments regarding the applicability of the U.C.C.; indeed, Legacy's stated preliminary response[4] to Section II.C. was raised in its Opposition.[5] SIPC's rebuttal of this argument does not warrant further briefing, and Legacy's request for a sur-reply should be denied.

Thank you for your consideration in this matter.

Respectfully submitted,

*s/ Nathanael S. Kelley*

Nathanael S. Kelley
Associate General Counsel

cc:   Oren J. Warshavsky, Esq.
      Nicholas F. Kajon, Esq.

---

[4] ECF No. 208, at 2, n.1.
[5] ECF No. 199, at 21–22.