# STEVENS & LEE
## LAWYERS & CONSULTANTS

485 Madison Avenue, 20th Floor
New York, NY 10022
(212) 319-8500 Fax (212) 319-8505
www.stevenslee.com

| | |
|---|---|
| Direct Dial: | (212) 537-0403 |
| Email: | nfk@stevenslee.com |
| Direct Fax: | (610) 371-1223 |

March 28, 2019

## BY ELECTRONIC FILING AND HAND DELIVERY

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
Room 729
New York, NY 10004

### Re:  Picard v. Legacy Capital Ltd., Adv. Pro. No. 10-05286 (SMB)

Dear Judge Bernstein:

We write on behalf of Defendant Legacy Capital Ltd. ("Legacy") in connection with the above-referenced adversary proceeding. On December 21, 2018, Plaintiff filed his motion for summary judgment [ECF No. 190-93], which is currently scheduled to be argued on April 9, 2019. Legacy served its responsive papers on March 1, 2019 [ECF No. 199]. Plaintiff served his reply papers on March 22, 2019 [ECF Nos. 201-02].

On March 22, 2019, the Securities Investor Protection Corporation ("SIPC") filed a reply brief [ECF No. 204]. In section II.C. of its reply brief, SIPC raises for the very first time an argument that Article 8 of the NYUCC does not support Legacy's antecedent debt argument. This issue was not raised by Plaintiff in his moving papers, or even his reply papers, neither of which mentions Article 8 or securities entitlements.

Accordingly, Legacy hereby requests that the Court strike II.C. of SIPC's reply brief. Courts "ordinarily do not consider issues raised for the first time in a reply brief." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); *In re Dobbs*, 227 F. App'x 63, 64 (2d Cir. June 29, 2007) (summary order) ("[I]t was entirely proper for the District Court to decline to consider [an] argument[] raised for the first time in [a]

Philadelphia  •  Reading  •  Valley Forge  •  Allentown  •  Harrisburg  •  Lancaster  •  Scranton
Wilkes-Barre  •  Princeton  •  Charleston  •  New York  •  Wilmington
A PROFESSIONAL CORPORATION

SL1 1579118v1 106906.00001

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Honorable Stuart M. Bernstein
March 28, 2019
Page 2

reply brief."). Alternatively, Legacy should be provided an opportunity to file a sur-reply to address the new NYUCC Article 8 issues.[1]

Thank you for your consideration.

Respectfully submitted,

STEVENS & LEE

Nicholas F. Kajon

NFK:mot
Cc: Plaintiff's Counsel and SIPC by email and by ECF

## MEMO ENDORSED

Legacy may submit a sur-reply, limited to
ten pages, in response to SIPC's discussions
of UCC 8-501.

So ordered: 3/29/19

Stuart M. Bernstein
USBJ

---

[1] Preliminarily, Legacy notes that SIPC's argument is inconsistent with *Picard v. Ida Fishman Revocable Trust (In re Bernard L. Madoff Inv. Sec., LLC)*, 773 F.3d 411 (2d Cir. 2014), which specifically recognizes a securities entitlement under Article 8 of the NYUCC.