# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

April 2, 2019

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nusb.uscourts.gov

Re:   *Picard v. Carol Nelson*, Adv. Pro. No. 10-04658 (SMB) and *Picard v. Carol and Stanley Nelson*, Adv. Pro. No. 10-04377 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* and the estate of Bernard L. Madoff. We write in response to Defendants' April 1, 2019 letter (the "Letter") requesting permission to make a motion to adjourn the May 8, 2019[1] trial. While we are sympathetic to Defendants' health issues, the Trustee opposes Defendants' request and asks the Court for expedited resolution given the pending trial date and associated deadlines.

Fact and expert discovery in these cases closed in September 2016. At a pre-trial conference in May 2017, they were set for trial in October and November 2017.[2] Defendants then filed motions to withdraw the reference, which were denied by the trial court as were their motions for reconsideration. Then, at an October 10, 2018 pre-trial conference, Defendants disclosed Ms. Nelson's knee replacement as the basis for delaying trial, which was also cited as the ground for delay in their December 5, 2018 motion to adjourn trial sine

---

[1] The Letter incorrectly states the trial date is May 10, 2019.
[2] Adv. Pro. No. 10-04377 was set for trial to begin October 31, 2018. *Picard v. Carol and Stanley Nelson*, ECF No. 75. Adv. Pro. No. 10-04658 was set for trial to begin November 29, 2107. *Picard v. Carol Nelson*, ECF No. 80.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Honorable Stuart M. Bernstein
April 2, 2019
Page 2

die.[3] In January of this year, the Court denied Defendants' motion to adjourn the trial and the cases were set for a consolidated trial beginning May 8, 2019, a dated proposed by Defendants nearly three years after all discovery closed and more than a year and a half after the first trial date. Now, five weeks before trial, Defendants again seek to postpone trial for medical conditions never before disclosed.

The physicians' letters are dated March 13, March 20, and March 25, 2019—all prior to our discussions with Defendants' counsel and the Court at last week's March 27, 2019 omnibus hearing. Presumably Defendants' counsel was aware of their medical conditions in advance of those dates. At no time did Defendants' counsel disclose these conditions or the possibility they would again seek to adjourn trial. Nor was it brought before the Court at the March 27, 2019 omnibus hearing, in advance of the April 1, 2019 filing of the letter, thereby needlessly forcing the Trustee to seek this Court's expedited treatment of Defendants' request.

The Letter does not specify why their testimony is essential to the resolution of the remaining issues. Defendants' discovery responses say otherwise. Neither of the initial disclosures served in these cases identified Ms. Nelson as a person with knowledge.[4] Similarly, in responses to written discovery, Defendants state under oath that they are unable to identify the transfers at issue and again fail to identify Carol Nelson as a person with knowledge - naming only Richard Oppenheim Associates, LLP (their accountant), Annette Bongiorno, and Bernard Madoff.[5] Based on Defendants' own sworn answers, trial can proceed without their active participation because their accountant, Mr. Oppenheim, is the only person they identify as having relevant testimony.

To the extent that the Court determines that Defendants' testimony is necessary for trial, however, then the testimony needs to be preserved in light of their chronic health conditions. We do not object to Defendants' counsel preserving that testimony for trial through expedited depositions, including cross-examination by the Trustee. A limitation of two hours per side at a location chosen by Defendants would accommodate their health concerns.

---

[3] *See* Adv. Pro. No. 10-04377, *Picard v. Carol and Stanley Nelson*, ECF No. 112. The Trustee recognizes that in Defendants' December 5, 2018 memorandum of law to show cause why these cases should not be consolidated, a brief mention was made of Carol Nelson's "age and physical condition." Defendants proposed putting Ms. Nelson through two trials, at least four weeks apart, beginning in May of 2019 with a second trial in June. *See* Adv. Pro. No. 10-04377, *Picard v. Carol and Stanley Nelson*, ECF No. 113.

[4] *See* Carol Nelson's Initial Disclosures, Defendants' Initial Disclosures, and Carol and Stanley Nelsons' Amended Rule 26 Disclosure, copies of which are attached as Exs. A, B and C, respectively.

[5] *See* Carol Nelson's Objections and Responses to Trustee's First Set of Interrogatories and Carol and Stanley Nelson's Amended Objections and Responses to Trustee's First Set of Interrogatories, copies of which are attached as Exs. D and E, respectively.

Honorable Stuart M. Bernstein
April 2, 2019
Page 3

      These conditions could have been disclosed and dealt with in either the December, January, or March hearings.  We are sympathetic to Defendants' age and medical condition.  However, we do not agree that trial should be adjourned.  Expedited resolution of these cases – not delay – is warranted.

                                            Respectfully submitted,

                                            /s/ *Dean D. Hunt*

                                            Dean D. Hunt
                                            Partner

cc:     Helen Davis Chaitman (*cchaitman@chaitmanllp.com*)