**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendant Carol Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>        Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>        Plaintiff,<br>v.<br><br>CAROL NELSON,<br>        Defendant. | Adv. Pro. No. 10-04658 (SMB) |

**CAROL NELSON'S OBJECTIONS AND RESPONSES TO
TRUSTEE'S FIRST SET OF INTERROGATORIES**

Carol Nelson ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee" or the

{N0076310 }

"Propounding Party") as follows:

## **GENERAL OBJECTIONS**

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1. Identify all meetings in which any Person, including, but not limited to You

and/or anyone acting on Your behalf, attended where an employee or representative of BLMIS was present and describe the substance of the communications that occurred during each meeting.

**Response: In 1995, when the Accounts were opened, Responding Party met Bernard L. Madoff in his office. Responding Party has never met any BLMIS employees.**

2. For each BLMIS Account in which You ever held an interest, describe the reasons for opening and/or investing in the Accounts, including the circumstances of establishing the Account or continuing to maintain the Accounts.

**Response: Responding Party opened the Account in 1995 at the recommendation of her accountant, Steve Mendalow.**

3. Identify each Transfer from the Accounts.

**Response: Responding Party is unable to identify each Transfer from the Accounts.**

4. Identify each deposit into the Accounts.

**Response: Responding Party is unable to identify each Transfer from the Accounts.**

5. Identify: (a) each Person, including, but not limited to You, who ever received money from the Accounts, whether directly or indirectly, including each Transfer, any property purchased with money from the Accounts, or any other benefits derived from a Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

**Response: Responding Party and her husband, Stanley Nelson, were the only beneficiaries of the Accounts.**

6. To the extent not included in Your response to Interrogatory No. 5, state how You used and/or distributed any money received from the Accounts. In so doing, Identify all Persons

{N0076310 }                                                 4

or entities who received such money, including, but not limited to, Persons or entities who received anything of value purchased with any funds from the Accounts.

**Response:   The money received from the Accounts was used to pay taxes on the Account's capital gains and for Responding Party's and her husband, Stanley Nelson's, living expenses.**

7.   Identify any and all banks and/or financial institutions where You hold or held accounts, including, but not limited Wells Fargo Bank, N.A., Wells Fargo Advisors, LLC, NTC & Co., and/or J.P. Morgan Chase Bank, N.A., where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited.  For each account, Identify the account number, the date the account was opened, and the date the account was closed.

**Response:   Responding Party received the Transfers into her J.P. Morgan Chase Bank, N.A. account number 149-71884, which was opened in approximately 1970 and remains active.**

8.   Regarding the eighteenth affirmative defense in Your Answer to the Complaint, Identify the amounts paid in the referenced tax obligations, the taxing authority to which they were paid, and the amount of the reported income from which the tax obligation arose.

**Response:   There were no tax obligations on Responding Party's BLMIS IRA Account.**

9.   Identify any Persons to whom You paid any management fees, performance fees, or any other fees in connection with the Accounts. For each Person so identified, Identify the amount of such fees paid on a monthly basis, setting forth separately the amount attributable to each type of fee.

**Response:   Responding Party has never paid any investment management fees in connection with the Accounts.**

10.   Identify any Person with knowledge of information relevant to this adversary proceeding who may be in possession of any Documents or other information relating to any

Transfers, deposits, or Subsequent Transfers, including, but not limited to, Wells Fargo Bank, N.A., Wells Fargo Advisors, LLC, NTC & Co., Stanley Nelson, and/or J.P. Morgan Chase Bank, N.A., and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**Response:** **The following are persons with relevant knowledge or information:**

**Bernard L. Madoff**

**Richard Oppenheim Associates, LLP, who was Responding Party's accountant from 1992 through the present.**

11. To the extent not already provided in Your Initial Disclosures or responses to the preceding Interrogatories, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**Response:** **Responding Party is not in possession of any responsive documents.**

Dated:   New York, New York
         July 29, 2015

                                              **BECKER & POLIAKOFF LLP**

                                        By:   */s/ Helen Davis Chaitman*

                                              Helen Davis Chaitman
                                              45 Broadway
                                              New York, New York 10006
                                              (212) 599-3322
                                              hchaitman@bplegal.com

                                              *Attorneys for Defendant Carol Nelson*

## VERIFICATION

STATE OF CONNECTICUT     )
                         ) ss. Washington
COUNTY OF Litchfield     )

The undersigned hereby certifies that she is Carol Nelson, that she has read the foregoing Answers to Interrogatories, and the responses contained therein are true and correct to the best of her knowledge, information and belief.

_Carol Nelson_
Carol Nelson

SUBSCRIBED and SWORN to before me this 24 day of July, 2015.

_____
Notary Public

Lourdes Guaman
Notary Public-Connecticut
My Commission Expires
March 31, 2017

My Commission Expires

March 31, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2015 a true and correct copy of the foregoing was served by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:   New York, New York
         July 29, 2015                               /s/ Helen Davis Chaitman

{N0076310 }