CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(888) 759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants Carol and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                                         Plaintiff-Applicant, <br>          v. <br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>                                         Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br>SIPA LIQUIDATION <br><br>(Substantively Consolidated) |
| In re: <br><br>BERNARD L. MADOFF, <br>                                         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC <br><br>                                         Plaintiff, <br>          v. <br><br>CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant, <br><br>                                         Defendants. | Adv. Pro. No. 10-04377 (SMB) |

**CAROL AND STANLEY NELSON'S AMENDED OBJECTIONS AND RESPONSES TO TRUSTEE'S FIRST SET OF INTERROGATORIES**

Carol Nelson and Stanley Nelson ("Responding Party"), by and through their attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the

{00018315 1 }

"Trustee" or the "Propounding Party") as follows:

**GENERAL OBJECTIONS**

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad

{00018315 1 }                                   2

and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents for a time period that has no relevance to the issues in the complaint and answer.

**RESPONSES AND OBJECTIONS**

1. Identify all meetings in which You, Stanley Nelson and/or anyone acting on behalf of You and/or Stanley Nelson, attended where an employee or representative of BLMIS was present and describe the substance of the communications that occurred during each meeting.

{00018315 1 }    3

**ANSWER:** There were no such meetings

2.      For each BLMIS Account in which You ever held an interest, describe the reasons for opening and/or investing in the Accounts, including the circumstances of establishing the Account or continuing to maintain the Accounts.

**ANSWER:** I was told that Madoff was a brilliant investment advisor and his integrity had been vouched for by the SEC.

3.      Identify each Transfer from the Accounts.

**ANSWER:** Responding Party is unable to do.  To the extent that the Trustee has reliable third party documents proving a Transfer, Responding Party will acknowledge that Transfer.  However, as the Trustee has admitted, Madoff's records are riddled with fraud and cannot be relied upon to prove any Transfers.

4.      Identify each deposit into the Accounts.

**ANSWER:** Responding Party is unable to do.  To the extent that the Trustee has reliable third party documents proving a deposit, Responding Party will acknowledge that deposit.  However, as the Trustee has admitted, Madoff's records are riddled with fraud and cannot be relied upon to prove any deposits.

5.      Identify: (a) each Person, including, but not limited to You and/or Stanley Nelson, who ever received money from the Accounts, whether directly or indirectly, including each Transfer, any property purchased with money from the Accounts, or any other benefits derived from a Transfer; (b) the amount of money, property, or other benefit such Person received; and (c) the dates on which such Person received the money, property, or other benefit.

**ANSWER:**  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.  The Account was owned by Responding Party and Responding Party was the

{00018315 1 }                                      4

direct recipient of each transfer.

6. To the extent not included in Your response to Interrogatory No. 5, state how You and/or Stanley Nelson used or distributed any money received from the Accounts. In so doing, Identify all Persons or entities who received such money, including, but not limited to, Persons or entities who received anything of value purchased with any funds from the Accounts.

**ANSWER:** As Richard Oppenheim will explain at trial, Responding Party paid both state and federal based upon short term capital gains rates on the reported fictitious appreciation in the Account. Aside from this information, the Trustee is not entitled to any information concerning who received any such monies and it is unethical for the Trustee to be seeking this information.

7. Identify any and all banks and/or financial institutions where You and/or Stanley Nelson hold or held accounts, including, but not limited J.P. Morgan Chase Bank, N.A., where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited. For each account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:** The Trustee is not entitled to this information and it is unethical for him to ask for it.

8. Regarding the nineteenth affirmative defense in Your Answer to the Complaint, Identify the amounts paid in the referenced tax obligations, the taxing authority to which they were paid, and the amount of the reported income from which the tax obligation arose.

**ANSWER:** Responding Party paid both State and federal taxes on the reported income at short term capital gains rates. Responding Party does not have this information and will rely upon the testimony of Richard Oppenheim for this information.

9. Identify any Persons to whom You and/or Stanley Nelson paid any management fees, performance fees, or any other fees in connection with the Accounts. For each Person so

{00018315 1 }                                    5

identified, Identify the amount of such fees paid on a monthly basis, setting forth separately the amount attributable to each type of fee.

**ANSWER:** No one.

10. Identify any Person with knowledge of information relevant to this adversary proceeding who may be in possession of any Documents or other information relating to any Transfers, deposits, or Subsequent Transfers, including, but not limited to, J.P. Morgan Chase Bank, N.A., and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:** Annette Bongiorno; Bernard Madoff.

11. To the extent not already provided in Your Initial Disclosures or responses to the preceding Interrogatories, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:** None.

Dated: February 10, 2016　　　　　　　　　　　　**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*
Helen Davis Chaitman, Esq.

465 Park Avenue
New York, NY 10022
Phone & Fax: 888-759-1114
HChaitman@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

{00018315 1 }　　　　　　　　　　　6

## **VERIFICATION**

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF NEW YORK       )

Stanley Nelson hereby certifies that he has read the foregoing document and the same is true and correct to the best of his knowledge, information and belief.

*/s/ Stanley Nelson*
Stanley Nelson

Sworn to before me this
9th day of February 2016

*/s/ Stephanie Matthei*
Notary Public

My Commission Expires

January 4th 2018

STEPHANIE MATTHEI
Notary Public, State of New York
No. 01MA6215819
Qualified in New York County
Commission Expires January 4 2018

{00017537 1}

## **VERIFICATION**

STATE OF NEW YORK            )
                             ) ss.
COUNTY OF NEW YORK           )

Carol Nelson hereby certifies that she has read the foregoing document and the same is true and correct to the best of her knowledge, information and belief.

*/s/ Carol Nelson*
Carol Nelson

Sworn to before me this
9th day of February 2016

*/s/ Stephanie Matthei*
Notary Public

My Commission Expires

January 4th 2018

STEPHANIE MATTHEI
Notary Public, State of New York
No. 01MA6215819
Qualified in New York County
Commission Expires January 4 2018

{00017537 1}

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 10, 2016, a true and correct copy of the foregoing was served via electronic mail upon:

>BAKER & HOSTETLER
>David J. Sheehan
>Marie L. Carlisle
>Nicholas J. Cremon
>Dean D. Hunt
>45 Rockefeller Plaza
>New York, NY 10111
>dsheehan@bakerlaw.com
>mcarlisle@bakerlaw.com
>ncremona@bakerlaw.com
>dhunt@bakerlaw.com

Dated:  New York, New York
         February 10, 2016                      */s/ Helen Davis Chaitman*