**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　Plaintiff-Applicant,<br><br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DEFENDANTS IN ADVERSARY PROCEEDINGS LISTED ON COURT'S EXHIBIT 1 ATTACHED HERETO,<br><br>　　　　　　　Defendants. | Adv. Pro. Nos. listed on Court's Exhibit 1<br><br>Attached Hereto |

**ORDER AUTHORIZING CERTAIN DISCOVERY OF BLMIS
EMPLOYEES SUBPOENAED BY CHAITMAN LLP**

On July 7, 2016, Chaitman LLP, counsel for defendants listed on Court's Exhibit 1 (the "Chaitman Defendants"), moved for an order authorizing the deposition of Bernard L. Madoff. ECF No. 13605.

On September 29, 2016, the Court signed an Order Authorizing the Deposition of Bernard L. Madoff. ECF No. 14213.

In March 2017, Chaitman LLP served subpoenas for the production of documents and testimony of former BLMIS employees Zafer Barutcuoglu, Steven Friedman, Robert Gutman, Neilay Mehta, Jamie Lynn Rosenberger, and Hendrik Voight (the "March 2017 Subpoenas").

On March 21, 2017, counsel for the Trustee filed a letter with the Court objecting to the March 2017 Subpoenas, including moving to quash the March 2017 Subpoenas that were served in cases where fact discovery had already closed.  ECF No. 15393.

On July 26, 2017, the Court entered an Order holding that compliance with the March 2017 Subpoenas was "held in abeyance pending further consideration and order of this Court following the completion of the Deposition of Bernard L. Madoff."

In September 2017, Chaitman LLP served subpoenas for the production of documents and testimony of former BLMIS employees Peter Berkowitz, Jonathan Lenaghan, Heath Sroka, Peter George Tiletnick, Paolo Vincinelli, Richard Yeh, and Ned Zachar (the "September 2017 Subpoenas").

On September 21, 2018, the Trustee filed a Motion and Memorandum of Law for Limited Additional Discovery Based on Prior Orders Authorizing Deposition of Bernard L. Madoff (the "Motion").  ECF No. 18015.

On November 8, 2018, Chaitman LLP served a subpoena for the production of documents and testimony of former BLMIS employee Walter Tiletnick (the "Tiletnick Subpoena," together with the March 2017 Subpoenas and September 2017 Subpoenas, the "BLMIS Employee Subpoenas").

On February 15, 2019, the Court issued the Memorandum Decision Regarding Trustee's Motion for Additional Discovery Based on the Deposition Testimony of Bernard L. Madoff (the "Decision"), attached hereto as Exhibit 2.  ECF No. 18480.  The Decision provided that "the Chaitman Defendants had previously issued subpoenas to numerous BLMIS traders which were held in abeyance pending the conclusion of the Madoff Deposition. (*See Order Implementing the Court's May 31, 2017 and June 29, 2017 Bench Rulings on Multiple Discovery Disputes*, dated

July 26, 2017, at ¶¶ 2-3 (ECF Doc. # 16459).) The Chaitman Defendants may now proceed with those subpoenas to the extent they were timely served." ECF No. 18480 at 10 n.7.

On February 27, 2019, the Trustee filed three Notices of Settlement of Orders Implementing Memorandum Decision Regarding Trustee's Motion for Additional Discovery Based on the Deposition of Bernard L. Madoff. ECF Nos. 18519–21.

On February 27, 2019, Chaitman LLP filed a letter with the Court objecting to the Trustee's proposed orders. ECF No. 18522.

On February 28, 2019, Chaitman LLP filed a Notice of Settlement of an Order Lifting the Stay on Discovery of BLMIS Employees Subpoenaed by Chaitman LLP. ECF No. 18524.

On March 5, 2019, the Trustee filed an Objection to the Order Lifting the Stay on Discovery of BLMIS Employees Subpoenaed by Chaitman LLP (the "Trustee's Objection"). ECF No. 18530.

On March 6, 2019, the Court entered three Orders Granting in Part and Denying in Part Trustee's Motion for Limited Additional Discovery, following consent of all parties. ECF Nos. 18535–37.

On March 27, 2019, the Court heard oral argument on the Trustee's Objection and directed the Trustee to submit this Order consistent with the Court's rulings at the hearing.

It is hereby **ORDERED** that:

1.    For those adversary proceedings numbered 1-29 on Court's Exhibit 1, Chaitman LLP shall take no more than fourteen depositions and seek the production of documents pursuant to the BLMIS Employee Subpoenas by May 30, 2019, without prejudice to any party's ability to seek an extension of fact discovery if needed for good cause shown;

2. For those adversary proceedings numbered 30-59 on Court's Exhibit 1, Chaitman LLP shall take no more than six depositions and seek the production of documents pursuant to the March 2017 Subpoenas by May 30, 2019, without prejudice to any party's ability to seek an extension of fact discovery if needed for good cause shown;

3. Chaitman LLP shall conduct no more than one deposition per witness on behalf of all adversary proceedings numbered 1-59 on Court's Exhibit 1.

4. The following limitations apply with respect to the depositions to be conducted pursuant to the BLMIS Employee Subpoenas:

  A. Counsel for the Trustee and the defendants' counsel are prohibited from asking the BLMIS Employee Witnesses any questions about:

   A. Jeffry M. Picower ("Picower") or any of the Picower Parties,[1] or their respective agents; or

   B. the BLMIS accounts of Picower and/or the Picower Parties.

  B. To the extent any of the witnesses testify regarding Picower or the Picower Parties or their BLMIS accounts in responding to questions, any information specific to the BLMIS accounts of Picower and/or the Picower Parties shall be redacted whenever practicable, and counsel may follow up with questions concerning Picower or the Picower Parties only to the extent that such follow-up questions concerning Picower or the Picower Parties relate directly to previous testimony. Counsel may not, however, use any such testimony of the BLMIS Employee

---

[1] The "Picower Parties" are Capital Growth Company, Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Trust f/b/o/ Gabrielle H. Picower; and Barbara Picower, individually, as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and tor the Trust f/b/o/ Gabrielle H. Picower.

4

Witnesses regarding Picower or the Picower Parties to inquire about any conduct of Picower or the Picower Parties that is not directly related to previous testimony.

C. Absent a further order of the Court, the deposition testimony of each witness, and the transcript thereof ("Transcript," collectively the "Transcripts"), shall not be used by any person or entity for any reason as it relates to the Picower Parties, including, but not limited to, in any pending or future litigation that may be brought against Picower's estate, the Picower Parties, or their respective agents, or any related person or entity.

D. The Transcripts for the depositions of the witnesses shall remain confidential and under seal for the longer of twenty-one (21) days ("21-Day Period") after the date each Transcript is provided to counsel for the Trustee, the defendants' counsel, the Picower Parties, and the Securities Investor Protection Corporation ("SIPC") (collectively, "Authorized Counsel"), and their retained experts, if any, or if any party seeks to seal, strike, or redact any portion of the Transcripts within the 21-Day Period, then solely as to that portion of the Transcript, the day after a final, non-appealable order is entered on such motion(s). The Transcripts shall automatically be re-designated as not confidential when the 21-Day Period for the Transcript expires, subject to any sealing, striking, or redactions that the Court may have ordered.

E. During the 21-Day Period, the Transcripts and contents of the depositions may not be disclosed, except to Authorized Counsel, and any of their retained experts, if any, all of whom, including experts, shall maintain the confidentiality of the Transcript and its contents, and all of whom may file with the Court, under seal,

requests to strike and/or redact any questions or answers in the Transcript, including any testimony concerning Picower, the Picower Parties, or their agents or related parties, or any BLMIS accounts held by, or on behalf of, Picower or any of the Picower Parties.

F. Any requests on motions to strike and/or redact any part of the Transcript, and any responses thereto, shall be filed under seal pursuant to Section III.C of this Court's Procedures for the Filing, Signing, and Verification of Documents by Electronic Means, promulgated under Local Rule 5005-2, shall be served on Authorized Counsel at the time of filing under seal, and shall remain confidential during the 21-Day Period.

G. In the event that any Authorized Counsel receives any request, subpoena, or other process seeking disclosure of the Transcript or information related to the BLMIS Employee Witnesses testimony during the 21-Day Period, such counsel shall, within three (3) business days thereof, notify the Court, as well as all other Authorized Counsel, of the subpoena or other request, and shall await direction from the Court before responding to such request, subpoena, or other process.

5. Except as set forth in paragraphs 1 through 4, the remainder of the BLMIS Employee Subpoenas are quashed;

6. The Court, in its discretion, may impose sanctions on any person or entity that violates any provision of this Order;

7. The terms of this Order may be modified only upon a showing of good cause; and

8. This Court shall retain exclusive jurisdiction over the enforcement, implementation, and interpretation of this Order.

Dated: New York, New York
April 2, 2019

       /s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE