大成 DENTONS

Arthur H. Ruegger
Senior Counsel

arthur.ruegger@dentons.com
D   +1 212 768 6881

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

April 8, 2019

**FILED VIA ECF**

Chambers of the
   Honorable Stuart M. Bernstein
United States Court House
One Bowling Green
New York, New York  10004-1408

Re:   Picard v. Mann, *et al.*
      Adv. Proc. No. 10-04390 (SMB)

Dear Judge Bernstein:

This firm is counsel to all defendants in the above-captioned adversary proceeding wherein the Trustee has moved for summary judgment, oral argument on which is presently scheduled for April 24, 2019.  We respectfully submit this letter motion seeking two forms of relief based on the March 27th reply papers submitted by the Trustee and the Securities Investor Protection Corporation (the "SIPC").  Specifically, we move to strike the March 27th Declaration of David J. Sheehan [ECF No. 167][1] and related arguments in the Trustee's Reply Memorandum [ECF No. 164] on a number of grounds detailed below.  In addition, as SIPC raised an argument in its reply memorandum[2] that had not been raised before, for a balanced record we ask for leave to submit the opposition sur-reply to such an argument recently submitted by the defendant in a separate adversary proceeding.[3]

A.   The Trustee's New "Evidence" in the March 27, 2019 Sheehan Reply Declaration

The Sheehan Reply Declaration attached several documents related to the alleged ownership of the Chase 509 and 703 accounts from which certain withdrawal payments were made to the Defendants. The Sheehan Reply Declaration should be stricken on the grounds that (a) the Declaration should have been included in the Trustee's moving papers, (b) the Declaration attaches two declarations of Linda Coribello and 509 account statements, which have never been produced to the Defendants before, and (c) under Federal Rules of Evidence 601, 602 and 802, the Coribello declarations are inadmissible speculation and hearsay with respect to the ownership of the accounts.

---

[1] Declaration of David J. Sheehan In Support of the Trustee's Reply Memorandum of Law in Further Support of Motion for Summary Judgment, dated March 27, 2019 [ECF No. 167] ( the "Sheehan Reply Declaration").

[2] Reply Memorandum of Law of the Securities Investor Protection Corporation in Support of the Trustee's Motion for Summary Judgment, dated March 27, 2019 [ECF No. 163] (the "SIPC Reply").

[3] *See* Sur-Reply of Legacy Capital Ltd. in Response to Reply Memorandum of Law of the Securities Investor Protection Corporation in Support of the Trustee's Motion for Summary Judgment, dated April 4, 2019 [ECF No. 212], in *Picard v. Legacy Capital Ltd.*, Adv. Proc. No. 10-05286 (SMB), attached hereto as Exhibit 1.

Hamilton Harrison & Mathews ► Mardemootoo Balgobin ► HPRP ► Zain & Co. ► Delany Law ► Dinner Martin ► Maclay Murray & Spens ► Gallo Barrios Pickmann ► Muñoz ► Cardenas & Cardenas ► Lopez Velarde ► Rodyk ► Boekel ► OPF Partners ► 大成
110637840

大成 DENTONS                                                                                    dentons.com

April 8, 2019
Page 2

First, on the improper timing of the Sheehan Reply Declaration, the Trustee has long known of, and had ample opportunity to address, the Defendants' contention that the payments made to them were not property of the debtor Bernard L. Madoff Investment Securities LLC ("BLMIS"). Indeed, no later than a month before the Trustee filed his summary judgment motion on December 21, 2018, the Defendants had clearly stated in the proposed Joint Pretrial Order that the checks were written from a Bernard L. Madoff account -- not a BLMIS account -- and therefore the Trustee lacked authority to avoid the transfers. *See* [Proposed] Joint Pretrial Order, ¶¶ 10 and 27of Defendants' Contentions, [ECF No.143-12], a copy of which is Exhibit 2 hereto.[4] The Court specifically acknowledged that factual dispute at the hearing on November 28, 2018. *See* Transcript, ECF No. 130, pp. 9 (lines 23 - 25) to 10 (lines 1-4) (discussion at the November 28, 2018 pretrial conference, excerpt pp. 1 - 10 attached as Exhibit 3 hereto). Notwithstanding ample notice of the Defendants' contention both in this Court and in various pleadings in the District Court, the Trustee elected not to include in his moving papers **any** evidence on the threshold question of the ownership of the property transferred. Instead the Trustee relied upon a citation to a completely unrelated case and a reference to section 78fff-2 (c)(3) of SIPA (15 U.S.C. §78 fff-2(c)(3)). *See* Trustee Memorandum In Support of His Motion For Summary Judgment, dated December 21, 2018 [ECF No. 141] at 13-14. Inclusion of this Reply Declaration at this juncture is improper.

Second, the Sheehan Reply Declaration also includes entirely new evidence regarding the ownership of the bank accounts. The Coribello Declarations were not produced to the Defendants in discovery or with the Pretrial exhibits and they are not marked as part of the Trustee's eData base. The Court should not consider this new evidence and related arguments on reply where, as here, the plaintiff failed to establish his *prima facie* case in his moving papers because of his own strategy to rely on a legal case rather than evidence. *See United States ex rel. Karlin v. Noble Jewelry Holdings Ltd.*, 08 Civ. 7826 (JGK)(KNF), 2012 U.S. Dist. LEXIS 51675 at *13-14 (S.D.N.Y Apr.9, 2012)(court should not consider new evidence on reply to cure a deficiency); *Burroughs v. County of Nassau*, CV13-6784 (JS) (WDW), 2014 U.S. Dist. LEXIS 79224 at *29(E.D.N.Y. March 19, 2014) (improper to submit evidentiary information on reply that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden)(citation omitted); *KLP Enters., LLC v. Sassani*, No. 3:17-cv-665 (MPS), 2018 U.S. Dist. LEXIS 159863 at *12-14 , 2018 WL 4516667 (D. Conn. Sept.18, 2019)(completely new evidence introduced on reply confirms the existence of genuinely disputed material facts). It should be noted that the Trustee vigorously fought for the procedure governing this motion for summary judgment, where the Trustee alone had the opportunity to make his case and reply to any opposition. Accordingly, the Trustee's election to move without evidence of ownership of the transfer payments until the reply is

---

[4] The [Proposed] Joint Pretrial Order, in The Defendants' Contentions section, stated in Paragraph10: "Virtually all of the withdrawals from the Mann Account and BAM Account were made by checks from the account of Bernard L. Madoff. Michael Mann's last deposit in the Mann Account occurred in January 2007. The last withdrawal from the Mann Account was in October 2007.'"
Further, Paragraph 27 of the Defendants' Contentions section of the [Proposed] Joint Pretrial Order stated: "The Trustee cannot avoid and recover the withdrawal payments made to the Defendants because the payments made during the Two year period were made on a bank account held in the name of Bernard L. Madoff not BLMIS. The Trustee is not the Trustee of the individual or his business as a sole proprietorship and has not [sic] authority to avoid transactions of the individual property. *See In re BLMIS*, 557 B.R. 89 (Bankr. S.D.N.Y. 2016). In that case, the Court held that the "debtor" in a SIPA liquidation proceedings is "a member of SIPC with respect to whom an application for a protective decree has been filed under section 78eee(a)(3) of this title." SIPA § 78111(5). SIPC filed an application for a protective decree against "Bernard L. Madoff Investment Securities LLC," and the District Court's order identifies the Defendant as "Bernard L. Madoff Investment Securities LLC." The predecessor business, which was not a defendant or even mentioned in the District Court's Order, was conducted in the name of Bernard L. Madoff. (Uniform Application for Broker-Dealer Registration (Form BD), dated Jan. 12, 2001, at 9.) The SIPA debtor was BLMIS, the limited liability company, and not Madoff's sole proprietorship, an entity that had no legal existence separate from Madoff."

obviously a tactical one. The Trustee's entire response on this issue should be stricken to preserve a fair record.

Third, even if the new documents are considered, summary judgment in the Trustee's favor should be denied. Ms. Coribello s declarations (Sheehan Reply Declaration Exhibits 1 & 2) may establish JP Morgan Chase's custody of the account statements referenced therein as Chase documents, but her declarations do not and cannot establish ownership of the accounts. Both of Ms. Coribello's declarations contain the same paragraph 4, stating "Bernard L. Madoff Investment Securities LLC ('BLMIS') maintained account numbers 140081703 and 6301428151509 (the 'Accounts') at JP Morgan." Without any apparent foundation, this statement is rank speculation and hearsay. There is no suggestion in either declaration that Ms. Coribello had any personal or other knowledge sufficient under Federal Rules of Evidence ("FRE") 601 and 602 on which to base that statement. Her declarations merely set forth her unsupported supposition and should be stricken as unfounded speculation, inadmissible under FRE 601, 602 and 802. Indeed, the account statements show the trade name of the sole proprietorship, not the BLMIS the limited liability company. The Trustee failed to meet his burden of establishing that the property transferred was property of the debtor.

B.  The New SIPC Argument

In addition, while much of the SIPC Reply consists of the oft-repeated arguments that net equity and SIPA's priority scheme define the limits of the Defendants' section 548(c) defenses, SIPC argued for the first time that under state law the customers in these adversary proceeding did not have securities entitlements (SIPC Reply, section II. C.). When SIPC raised this argument for the first time on reply in the summary judgment papers in a separate adversary proceeding, *Picard v. Legacy Capital Ltd.*, Adv. Proc. No. 10-05286 (SMB), the Court granted the defendant there leave to submit a sur-reply on this point. So that a balanced record can be achieved in this matter on the SIPC's argument, we write to request permission to adopt the Sur-Reply of Legacy Capital Ltd. in Response to Reply Memorandum of Law of the Securities Investor Protection Corporation In Support of the Trustee's Motion for Summary Judgment, dated April 4, 2019 [ECF No. 212] to address the identical argument raised for the first time by SIPC here. A copy of that Sur-Reply is attached hereto as Exhibit 1.

For the above reasons, the Defendants respectfully move that the Sheehan Reply Declaration be stricken and that the Sur-Reply from the Legacy Capital adversary proceeding be part of this record.

We thank the Court for considering these points.

Respectfully,

Arthur H. Ruegger
Senior Counsel

cc:   Nicholas J. Cremona, Esq.
      Baker Hostetler LLP
      Email: ncremona@bakerlaw.com

      Nathaniel S. Kelley, Esq.
      SIPC
      Email: nkelley@spic.org

110637840