# EXHIBIT 3

Page 1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Lead Case No. 08-99000-smb

4  - - - - - - - - - - - - - - - - - - - - - - - - - x

5  Adv. Case No. 10-04390-smb

6  - - - - - - - - - - - - - - - - - - - - - - - - - x

7  IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

8  MADOFF INVESTMENT SECURITIES LLC, AND BERNARD L. MADOFF,

9            Plaintiffs,

10       v.

11 BAM L.P., et al.,

12           Defendants.

13 - - - - - - - - - - - - - - - - - - - - - - - - - x

14 Adv. Case No. 10-04377-smb

15 - - - - - - - - - - - - - - - - - - - - - - - - - x

16 IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

17 MADOFF INVESTMENT SECURITIES LLC, AND BERNARD L. MADOFF,

18           Plaintiffs,

19       v.

20 NELSON, et al.,

21           Defendants.

22 - - - - - - - - - - - - - - - - - - - - - - - - - x

23

24

25

Page 2

1   Adv. Case No. 08-01789-smb

2   - - - - - - - - - - - - - - - - - - - - - - - - - x

3   SECURITIES INVESTOR PROTECTION CORPORATION,

4               Plaintiff,

5         v.

6   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, et al.,

7               Defendants.

8   - - - - - - - - - - - - - - - - - - - - - - - - - x

9

10              United States Bankruptcy Court

11              One Bowling Green

12              New York, NY    10004

13

14              November 28, 2018

15              10:03 AM

16

17

18

19

20

21  B E F O R E :

22  HON STUART M. BERNSTEIN

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:  K. SU

Page 3

1    HEARING re 10-04390-smb Motion for (A) Expedited

2    Determination Of Motion For A Stay Of Trial Pursuant To Rule

3    5011(C) Pending Ruling By The District Court On Defendants

4    Motion To Withdraw The Reference And (B) Granting A Stay.

5

6    HEARING re 10-04390-smb Request For Trial Logistical Matters

7

8    HEARING re 10-04377-smb Conference re Trial (also applies to

9    Adv. Proc. No. 10-04658)

10

11    HEARING re 08-01789-smb Trustees Twenty-Third Omnibus Motion

12    to Overrule Objections of Claimants, solely with respect to

13    claim of FGLS Equity LLC

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 4

```
 1   A P P E A R A N C E S :

 2

 3   YESKOO HOGAN & TAMLYN, LLP

 4        Attorneys for FGLS

 5        909 Third Avenue, 28th Floor

 6        New York, NY 10023

 7

 8   BY:  RICHARD C. YESKOO

 9

10   BAKER HOSTETLER

11        Attorneys for the Trustee

12        45 Rockefeller Plaza

13        New York, NY 10111

14

15   BY:  NICHOLAS J. CREMONA

16        SEANNA R. BROWN

17        JASON BLANCHARD

18

19   BAKER HOSTETLER

20        Attorneys for the Trustee

21        811 Main Street, Suite 1100

22        Houston, TX 77002

23

24   BY:  DEAN D. HUNT

25
```

Page 5

1  DENTONS US LLP
2       Attorneys for Michael & Merrill Mann and BAM LP
3       1221 Avenue of the Americas
4       New York, NY 10020
5
6  BY:  CAROLE NEVILLE
7
8  SECURITIES INVESTOR PROTECTION CORPORATION
9       1667 K Street, N.W., Suite 1000
10      Washington, D.C 20006
11
12 BY:  KEVIN H. BELL
13
14 CHAITMAN LLP
15      Attorneys for Michael & Merrill Mann and BAM LP
16      465 Park Avenue
17      New York, NY 10022
18
19 BY:  GREGORY M. DEXTER
20
21 ALSO PRESENT TELEPHONICALLY:
22 NATHANIEL S. KELLEY
23 PATRICK MOHAN
24 DAVID J. SHEEHAN
25

Page 6

```
 1                    P R O C E E D I N G S
 2                    P R O C E E D I N G S
 3            CLERK:  All rise.  Please be seated.
 4            THE COURT:  Madoff.
 5            MR. CREMONA:  Good morning, Your Honor.  Nicholas
 6   Cremona, Baker Hostetler, appearing on behalf of the
 7   Trustee.  I would propose Your Honor to go forward in the
 8   order of the agenda that we filed yesterday, unless Your
 9   Honor has a preference.
10            THE COURT:  Well, I didn't see the agenda, but I'm
11   about to see it.
12            MR. CREMONA:  The first matter scheduled is the
13   motion for stay, pursuant to the order to show cause that
14   Your Honor entered.
15            THE COURT:  Okay.  I'll hear that first, Ms.
16   Neville.
17            MS. NEVILLE:  Good morning, Your Honor.  Carole
18   Neville from Dentons on behalf of Michael and Meryl Mann and
19   Bam L.P.
20            Your Honor, the last time we were before you, and
21   I think we went down a rabbit hole or a bad path or a
22   frolic, whatever you want to call it, and I think it's the
23   same one Judge Daniels went down.  That somehow, the
24   adversary proceeding would result in an allowed claim.
25            The bottom line is, and I'd like to go into a
```

08-01789-cgm    Doc 18649-3    Filed 04/08/19    Entered 04/08/19 17:27:13    Exhibit 3
Pg 8 of 11
10-04390-smb    Doc 156-2    Filed 02/08/19    Entered 02/08/19 14:21:09    Exhibit 2
Pg 8 of 66

Page 7

1  little more deeply, is there's no way that the adversary

2  gives rise to a claim. There's no claim; it's dead. In

3  this case, both the net equity and the time-based damage

4  claim rulings, which really dispose of all of the assertions

5  in the claim.

6           THE COURT: But you were also contesting, at that

7  time, the Trustee's computation of the deposits and

8  withdrawals, even under the net investment method.

9           MS. NEVILLE: But, you know, that was actually

10  before we got initial disclosures, and I was able to

11  actually see what the Trustee had and what had been filed.

12  Because let's remember that these cases go back a very long

13  time. The net equity decision was before the adversary was

14  filed, so there were no initial disclosures. We didn't have

15  the documents from the account. All I had from my client

16  were his portfolio managing reports and statements.

17           When we got the documents that the Trustee had,

18  where the client requested money and he got a check or a

19  wire transfer, we now see that there's no way to contest it.

20  And vis-a-vis a claim? We're not contesting it. We don't

21  contest that. That's not an issue at the trial. So what I

22  have to say about that --

23           THE COURT: Because I asked you this question the

24  last time. I said, are you withdrawing your claim, and you

25  said no.

08-01789-cgm   Doc 18649-3   Filed 04/08/19   Entered 04/08/19 17:27:13   Exhibit 3
Pg 9 of 11
10-04390-smb   Doc 156-2   Filed 02/08/19   Entered 02/08/19 14:21:09   Exhibit 2
Pg 9 of 66

Page 8

1         MS. NEVILLE: Well, you know something, Your
2    Honor? Truthfully, the pretrial -- the order, pretrial
3    process actually was helpful in crystallizing where we
4    actually are in this case. So I went back and I looked at
5    things like -- the letter of determination says, you know,
6    if the Trustee, if the Trustee gets a final order,
7    unappealable order vis-a-vis this net equity, it is prepared
8    to adjust the claim; otherwise, the claim is disallowed.
9    I'm really badly paraphrasing it.
10        THE COURT: But you're talking about the claims
11   procedure order?
12        MS. NEVILLE: That's in the letter of
13   determination that came as a part of that.
14        THE COURT: Okay. I understand what the net
15   equity decision meant. You still had some other objections.
16        MS. NEVILLE: Those went away with time-based
17   damages. And that, as I recall now --
18        THE COURT: Well, you also -- wait -- you also had
19   an objection that you can't go back more than two years.
20        MS. NEVILLE: But that's part of the net equity.
21   The net equity decision was not only money in versus money
22   out; it was when it began and when it ended.
23        THE COURT: Are you essentially arguing that the
24   determination of net equity in all of the defenses to that
25   determination is a separate question from whether or not you

Page 9

1  received fictitious profits or could assert essentially the
2  same defenses, that you can't go back more than two years
3  for fictitious profits or you can't -- or, you know, you can
4  assert a value defense?
5          MS. NEVILLE:  Well, that's where we have to put
6  that aside for one second.  I just want to go back to the
7  issue of whether there's anything remaining in the claims
8  allowance.
9          And the second decision, which was the time-based
10 damages claim, was spurred by something the SEC said in the
11 net equity argument.  And they said, you know, really, that
12 money in versus money out should be adjusted for the time
13 value of money.  So we went up on that issue, and that issue
14 nailed finally time-based damages, interest, and all the
15 other things.
16         So there isn't any way that the adversary can
17 change the fact that there are final unappealable orders
18 disposing of all of the issues with respect to allowance of
19 a claim.
20         Now your question is, is that coterminous with the
21 defense under 548(c), and our answer to that is no.  And I
22 think --
23         THE COURT:  But isn't that a legal question?  In
24 other words, I read the pretrial order this morning.  And
25 aside from the dispute as to whether or not there was a

Page 10

1  Ponzi scheme, and you also raise the issue, well, maybe this
2  was property of Madoff personally rather than BLMIS, which
3  was being transferred, seems to me these are all legal
4  issues that could be resolved, you know.  If you're saying
5  there is no factual dispute, they can just be resolved on a
6  motion for summary judgment.
7              MS. NEVILLE:  Well, Your Honor, I struggle with
8  that myself, frankly.  Because the reason that I have -- I'm
9  on a trail path, as opposed to following Mr. Kirby and
10 Lowry, which I completely agree with on a legal basis, is
11 because I would not concede that this was a Ponzi scheme.
12 Now --
13             THE COURT:  So what's the affect on your claim if
14 it's not a Ponzi scheme?
15             MS. NEVILLE:  Well, whatever the effect has
16 nothing on the claim.  But what it has is under 548(c)
17 defense and those are not coterminous.  Because if you
18 consider this, as I do, a securities fraud case and subject
19 to securities fraud defenses, those defenses come in as
20 defenses.  They have no impact on whether or not I have a
21 claim against the BLMIS estate.
22             THE COURT:  What you're really saying, and this
23 comes back to the argument whether you can set off your
24 damage claim against their claim to recovery.
25             MS. NEVILLE:  That's called antecedent debt, Your