# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

April 10, 2019

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Mann et al.*, Adv. Pro. No. 10-04390

Dear Judge Bernstein:

     We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the estate of Bernard L. Madoff ("Madoff").  We write in response to Defendants' April 8, 2019 letter motion seeking to strike: (i) the March 27, 2019 Declaration of David J. Sheehan, *see* ECF No. 167, offered in support of the Trustee's Reply Memorandum of Law in Further Support of Motion for Summary Judgment ("Reply"); and (ii) "related arguments" in the Reply.  ECF No. 164.

     As a preliminary matter, the letter motion is moot given Defendants' multiple admissions that they received the relevant transfers from BLMIS.  As explained in the Trustee's Motion papers, these binding judicial admissions establish that there is no genuine issue of fact necessitating a trial on Defendants' receipt of the transfers from the debtor.  *See* Trustee's Memorandum of Law in Support of Motion for Summary Judgment at 5–6, 8, 14, ECF No. 141; *see also* Reply at 3–4, ECF No. 164.  The Court need not address Defendants' attempts to introduce the checks (or the bank statements previously produced and offered by the Trustee on reply) unless it concludes that Defendants are somehow relieved of these admissions.  But Defendants do not even reference the admissions, let alone explain why they should be set aside, and thus the Court should conclude that Defendants' admissions are binding and dispositive.

     In any event, even if the Court were to reach the issue, the letter motion is meritless. Summary judgment movants are entitled to submit evidence on reply to address arguments raised in opposition to their motion.  *See, e.g.*, *Bayway Refining Co. v. Oxygenated Marketing &*

*Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party" (citation omitted)); *see also Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, No. 13-CV-275 KBF, 2015 WL 468833, at *3 (S.D.N.Y. Feb. 3, 2015) (arguments either made in response to arguments raised in respondent's opposition brief or to amplify previously raised arguments are permissible on reply).

Here, the Trustee set forth his *prima facie* case that he is entitled to summary judgment based, in part, on defendants' binding admissions. The Trustee is under no obligation to advance or rebut Defendants' arguments disputing that BLMIS made the transfers; Defendants bear the responsibility to advance their defenses in opposition to the Motion. The Trustee's first opportunity to rebut Defendants' argument was on reply, and that is precisely what the Trustee did. The Reply reiterated that the admissions are dispositive and, as a secondary argument, addressed Defendants' checks by setting forth the relevant bank statements unequivocally demonstrating that BLMIS was the account holder and thus the transferor.

Nor is there any basis to strike the certifications provided by the bank's custodian of records. The Trustee submitted the certifications to demonstrate the undeniable admissibility of the bank statements, not to support the Trustee's substantive position that the transfers came from BLMIS. *See* Fed. R. Civ. P. 56(c)(4); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) (explaining that evidence must be admissible to be considered on summary judgment); *see generally* Fed. R. Evid. 901 & 902 (authentication and admissibility of checks, deposit slips, and bank statements). Defendants' assertions that the certifications constitute "entirely new evidence regarding the ownership of the bank accounts" and "rank speculation and hearsay" are therefore misplaced. The only documents the Trustee submitted to demonstrate that BLMIS was the account holder are the bank statements—and those documents are neither new nor hearsay. Indeed, the bank statements attached to the Sheehan Declaration have been available to Defendants in E-Data Room 1 since 2012.[1]

Accordingly, the Trustee respectfully requests that the Court (i) deny the letter motion; and (ii) grant the Trustee's motion for summary judgment in its entirety.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

  Nicholas J. Cremona
  Partner

cc: Arthur H. Ruegger

---

[1] The certifications were included on the Trustee's trial exhibit list served on Defendants in November 2018 and made available to them at that time, belying Defendants' claim that the certifications are somehow "new" evidence.