# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 17, 2019

Oren J. Warshavsky
direct dial: 212.589.4624
owarshavsky@bakerlaw.com

**VIA ECF AND EMAIL**

Hon. Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-5286 (SMB)

Dear Judge Bernstein:

We are counsel to the Trustee, Irving Picard, in the above-captioned action and write in connection with the Trustee's pending motion for summary judgment against defendant Legacy Capital. The Trustee's motion seeks a judgment of $86,505,850.00, which represents the fictitious profits Legacy withdrew from BLMIS in the two years prior to BLMIS's collapse.

In opposing the Trustee's motion, Legacy sought a credit for certain purported treasury transactions, which, based on Legacy's submission, total $443,123.25 in value. The Trustee disputes that such transactions occurred and that, if they occurred, they were executed for Legacy's account. For these reasons, Legacy is not entitled to any credits from those purported transactions.

For the limited purposes of the current motion only, the Trustee agrees not to prosecute his claims concerning only those transactions that comprise the $443,123.25, such that the Court need not consider them in the context of the Trustee's motion. The Trustee is willing to do so because this amount is only 0.523% of his claim (*i.e.,* if summary judgment is granted on the reduced amount, the Trustee will still receive 99.487% of his claim) and it will allow this case to move to judgment for the benefit of the BLMIS estate in the amount of $86,062,726.75.

This is a decision the Trustee is making: (i) in this case only and, (ii) for the purposes of the current motion only. Should this case be subject to any further dispositive motions or go to trial, the Trustee will challenge Legacy's contentions regarding the purported treasury transactions and seek the full $86,505,850.00 in fictitious profits. The Trustee's decision cannot impact any other cases in the SIPA liquidation because it is made only in this case. Specifically, by declining to prosecute his claim as to those particular transactions here, the Trustee is not waiving any

Hon. Stuart M. Bernstein
April 17, 2019
Page 2

rights in other cases where defendants are also contending that there was actual trading in their accounts and/or seek a credit for certain treasury transactions.

We appreciate Your Honor's continued attention to this matter.

Respectfully submitted,

/s/ Oren J. Warshavsky
Oren J. Warshavsky


cc (via email): Nicholas F. Kajon