**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Jorian L. Rose
Amy E. Vanderwal
Jason I. Blanchard

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the chapter 7 estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**TRUSTEE'S REPLY TO THE OBJECTION OF DR. ALAN MELTON**
**TO THE THIRTIETH OMNIBUS MOTION TO DISALLOW CLAIMS AND**
<u>**OVERRULE OBJECTIONS OF CLAIMANTS WHO HAVE NO NET EQUITY**</u>

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   FACTUAL BACKGROUND....................................................................................2

III.  ARGUMENT..............................................................................................................4

      A.   Dr. Melton May Not Represent the Melton Trust before this Court .......................4

      B.   The Trustee has Properly Calculated the Net Equity of the Claim under the
           Net Investment Method..........................................................................................5

IV.   CONCLUSION...........................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell v. S. Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) .................................. 4

*In re A.R. Baron Co., Inc.*, 226 B.R. 790, 795 (Bankr. S.D.N.Y. 1998)........................................ 5

*In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010), *aff'd* 654 F.3d 229 (2d Cir. 2011), *cert denied Velvel v. Picard*, 133 S. Ct. 25 (2012); *Ryan v. Picard*, 133 S. Ct. 24 (2012) ................................................................................................................................ 6

*In re Bernard L. Madoff Inv. Sec. LLC*, 570 B.R. 477, 481 (Bankr. S.D.N.Y. 2017) .................... 5

*In re Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513, 481 (Bankr. S.D.N.Y. 2018) .................... 5

*Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ............................................................... 4

*Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*, 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002) ........................................................................................................................................ 5

*Pitheckoff v. Sec. Inv'r Prot. Corp. (In re Great E. Sec., Inc.,),* 10. No. Civ. 8647 (CM), 2011 WL 1345152, at *4 (S.D.N.Y. Apr. 5, 2011)........................................................................... 5

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, 522 B.R. 41 (Bankr. S.D.N.Y. 2014) *aff'd sub nom. Diana Melton Trust, Dated 12/05/05 v. Picard (In re Bernard L. Madoff)*, 2016 WL183492 (S.D.N.Y. Jan. 14, 2016) .................................. 4

**Statutes**

SIPA § 78fff-2(b) ............................................................................................................................ 5

SIPA § 78*lll*(11) ............................................................................................................................. 5

SIPA § 78*lll*(2) ............................................................................................................................... 5

SIPA § 78*lll*(4) ............................................................................................................................... 5

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this reply (the "Reply") to the objection filed by Dr. Alan Melton ("Dr. Melton") on April 10, 2019 (the "Objection") (ECF No. 18652) to the Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity (the "Motion") (ECF No. 18552), to the extent the Motion relates to the Diana Melton Trust, Dated 12/5/05 (the "Melton Trust").

**I.    PRELIMINARY STATEMENT**

The Melton Trust is a net winner in this proceeding. Based on BLMIS's books and records, the Melton Trust withdrew over $400,000 more than it deposited into its BLMIS customer account. It received a full return of the principal it invested with BLMIS in addition to fictitious profits consisting of other BLMIS customers' money. The Melton Trust filed a customer claim with the Trustee by the claims' bar date. Applying the Net Investment Method,[1] the Trustee determined that the claim should be denied because the Melton Trust lacked net equity in its customer account. Nothing Dr. Melton argues in the Objection supports a different result.

In the Objection, Dr. Melton does not challenge the Trustee's methodology for calculating customer claims. He argues, however, that the Trustee has improperly treated two separate accounts – the Melton Trust's account and a purported predecessor account belonging to Dr. Melton's father – as one account. BLMIS's books and records demonstrate that in 2007, BLMIS employees renamed the purported predecessor account the Diana Melton Trust, Dated 12/5/05, at Dr. Melton's and his family members' request in their capacity as authorized representatives for the account. BLMIS did not open a new account with a new account number on the Melton Trust's

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

1

behalf. Notwithstanding Dr. Melton's unsupported allegations to the contrary, the evidence shows that Dr. Melton and his family members did not request that the purported predecessor account be closed or a new customer account be opened, nor did they deposit funds into the Melton Trust's account at that time or later. In fact, no money had been deposited into the account since 1996.

On several occasions, Dr. Melton contacted the Trustee and his professionals challenging the Trustee's determination of the Melton Trust's customer claim on the same grounds asserted in the Objection. Each time, the Trustee informed Dr. Melton that BLMIS's books and records support the Trustee's determination of the Melton Trust's claim. While his frustration with this result is understandable, under SIPA, the customer bears the burden of providing new evidence and demonstrating that it is entitled to an allowable customer claim. Because the Melton Trust has not satisfied its burden, the Trustee respectfully submits that the Melton Trust's claim should be disallowed and the Objection overruled.

## II.   FACTUAL BACKGROUND

On or about December of 1992, BLMIS opened a customer account on behalf of the Ernest Melton Trust, which BLMIS assigned account number 1ZA699 (the "Account").[2]

In September of 2007, Ernest Melton (Dr. Melton's father), Dr. Melton, and Andrew Melton requested that BLMIS rename the Account, then in the name of the Ernest Melton Trust, the Diana Melton Trust, Dated 12/5/05.[3] According to their request, Diana Melton (Dr. Melton's mother), had passed away and as a result, Dr. Melton and Andrew Melton became co-trustees of the Ernest Melton Trust and the Diana Melton Trust. BLMIS's books and records do not contain a request for the creation of a new customer account. Nor do they contain a request for the

---

[2] *See* Declaration of Vineet Sehgal in Support of the Trustee's Reply to the Objection of Dr. Alan Melton to the Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity ("Sehgal Reply Decl.") at ¶ 6.
[3] *Id*. at ¶ 11.a., Ex. 4.

2

withdrawal, deposit, or transfer of funds at that time.[4] BLMIS employees renamed the Account as requested and did not make any other changes.[5] The Account continued to bear account number 1ZA699.[6]

The Melton Trust filed a customer claim with the Trustee with respect to the Account on April 28, 2009, which the Trustee designated as claim no. 008648 (the "Claim").[7] On October 19, 2009, the Trustee issued a determination letter (the "Determination Letter") denying the Claim for lack of positive net equity.[8] In the Determination Letter, the Trustee explained that based on his analysis, the amount of money withdrawn from the Account was greater than the amount that was deposited by $407,500 and that all profits reported on its customer statements were fictitious.[9]

On November 17, 2009, the Melton Trust, through counsel,[10] filed an objection to the Determination Letter (the "Objection to Determination", and together with the Objection, the "Objections") (ECF No. 874).[11] The Melton Trust contended, among other things, that the Trustee was required to calculate net equity using the Last Customer Statement Method, the Melton Trust was entitled to interest on its deposits with BLMIS and a credit for taxes paid on its distributions, and the Trustee failed to include amounts transferred from other BLMIS customer accounts in his net equity calculation.[12]

On several occasions, the Trustee, through his counsel, has responded to requests by Dr.

---

[4] *See id.*; ¶ 11.e.
[5] *Id.* at ¶ 11.b., Ex. 5.
[6] *Id.* at ¶ 11.c., 11.d, Exs. 6, 7.
[7] *Id.* at ¶ 5, Ex. 1.
[8] *Id.* at ¶ 7, Ex. 2.
[9] *See id.*
[10] Milberg LLP and Seeger Weiss LLP jointly filed the Objection to Determination on behalf of the Melton Trust. On July 30, 2013, the Court entered an order authorizing both law firms to withdraw as counsel of record for the Melton Trust and other claimants (ECF No. 5431). Subsequently, on December 30, 2013, the law firm of Kachroo Legal Services, P.C. filed a notice of appearance on behalf of the Melton Trust (ECF No. 5609). Upon information and belief, Kachroo Legal Services, P.C. has not sought this Court's permission to withdraw as counsel for the Melton Trust.
[11] Sehgal Reply Decl. at ¶ 8, Ex. 3.
[12] Objection to Determination at 3, 8-12.

3

Melton to reconsider the Trustee's determination of the Claim and to conduct another review of the Account. Each time, following a review of BLMIS's books and records, the Trustee informed Dr. Melton that the books and records support the Trustee's determination of the Claim.

After substantial legal proceedings relating to the methodology for calculating customer claims, on March 14, 2019, the Trustee filed the Motion.[13] In the Motion, the Trustee requested that the Court disallow the claims and overrule objections filed by or on behalf of customers that have no net equity, and are thus in the parlance of this proceeding, net winners, including the Melton Trust.

On April 10, 2019, Dr. Melton filed the Objection pro se, purportedly on behalf of the Melton Trust, contesting the Trustee's calculation of net equity for the Account.

### III. ARGUMENT

#### A. Dr. Melton May Not Represent the Melton Trust before this Court

As a threshold matter, this Court should not consider the Objection because the Melton Trust is represented by counsel in this proceeding and Dr. Melton, as a non-attorney, is not permitted to represent anyone except himself before this Court. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (holding that a lay person may not represent a separate legal entity in federal court); *Bell v. S. Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) (holding that a trust constitutes a separate legal entity whose interests must be represented by an attorney in federal court and therefore the non-lawyer trustee was prohibited from representing the interests of the trust). In any event, Dr. Melton's unsupported allegations are contradicted by BLMIS's books and records and his Objection should be overruled.

---

[13] The Melton Trust, through its counsel, was among the claimants who participated in the appeal of this Court's decision approving the Inter-Account Method to the District Court. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, 522 B.R. 41 (Bankr. S.D.N.Y. 2014) *aff'd sub nom. Diana Melton Trust, Dated 12/05/05 v. Picard (In re Bernard L. Madoff)*, 2016 WL183492 (S.D.N.Y. Jan. 14, 2016).

4

B. **The Trustee has Properly Calculated the Net Equity of the Claim under the Net Investment Method**

As set forth in the Motion, under SIPA, the Trustee is responsible for assessing and satisfying customer claims. In satisfying customer claims, the Trustee must determine whether a claimant qualifies as a "customer," as defined in SIPA § 78*lll*(2), because customers are entitled to share pro rata in "customer property," defined in SIPA § 78*lll*(4), to the extent of their "net equity," defined in SIPA § 78*lll*(11). The customer, here the Melton Trust, bears the burden of demonstrating its entitlement to an allowable customer claim. *In re Bernard L. Madoff Inv. Sec. LLC*, 570 B.R. 477, 481 (Bankr. S.D.N.Y. 2017) (citing *Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*, 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002) ("[I]t is well-established in the Second Circuit that a claimant bears the burden of proving that he or she is a 'customer' under SIPA.")). A claimant also bears the burden of proving the amount of its claim. *See In re Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513, 481 (Bankr. S.D.N.Y. 2018) (citing *Pitheckoff v. Sec. Inv'r Prot. Corp. (In re Great E. Sec., Inc.,)*, 10. No. Civ. 8647 (CM), 2011 WL 1345152, at *4 (S.D.N.Y. Apr. 5, 2011); *In re A.R. Baron Co., Inc.*, 226 B.R. 790, 795 (Bankr. S.D.N.Y. 1998)).

Under SIPA, the term "net equity" is defined as the "dollar amount of the account or accounts of a customer," which must be determined by "calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date." SIPA § 78*lll*(11). SIPA directs the Trustee to make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee." SIPA § 78fff-2(b).

Under the Net Investment Method, the Trustee calculates a customer's net equity by adding

5

the total amount of money a customer deposited into his or her BLMIS account less any subsequent withdrawals without regard to fictitious profits. *In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010), *aff'd* 654 F.3d 229 (2d Cir. 2011), *cert denied Velvel v. Picard*, 133 S. Ct. 25 (2012); *Ryan v. Picard*, 133 S. Ct. 24 (2012).

Based on BLMIS's books and records, the Trustee has determined that the Melton Trust withdrew $407,500 more than was deposited in the Account. Dr. Melton does not dispute the Trustee's use of the Net Investment Method.[14] Instead, Dr. Melton argues that the Trustee has miscalculated the amount of the Claim because the Trustee has combined deposits and withdrawals from two separate customer accounts. Without any support, he alleges that after his mother had passed away, all the money from his father's trust account was withdrawn and reinvested in a new account, under the name of his mother's trust.

However, according to BLMIS's books and records, BLMIS did not create two separate accounts for Dr. Melton's father's and mother's trusts nor was BLMIS ever asked to do so. Rather, in September of 2007, Dr. Melton and his family members specifically asked BLMIS to change only the name of the Account, from the Ernest Melton Trust, to the Diana Melton Trust, Dated 12/5/05. Dr. Melton and his family members did not request that BLMIS create separate accounts nor seek to withdraw or reinvest any money at that time. BLMIS did what Dr. Melton and his family members requested and renamed the Account. BLMIS's books and records further reflect that no funds were deposited into the Account after 1996. And, after the Account had been renamed, the Melton Trust continued to identify the Account by its same account number, and to

---

[14] The Melton Trust neither made nor received inter-account transfers during its existence, and the Trustee has not asserted differently in the Motion. In the Motion, the Trustee seeks to disallow claims and overrule objections that have disputed the Trustee's methodology for calculating net equity on multiple grounds, including the Net Investment Method and Inter-Account Method. Accordingly, it is unclear why Dr. Melton contends that the Trustee has improperly lumped the Account with other accounts that had received inter-account transfers. *See* Objection at 1, 4.

receive customer statements bearing the same account number.

Accordingly, Dr. Melton has failed to sustain his burden of proving that the Melton Trust is entitled to an allowable customer claim. Therefore, the Trustee's determination of the Claim should be affirmed and the Objections overruled.

## IV.  CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Court enter an order, overruling the Objections, affirming the Trustee's determination of the Claim, and granting such other and further relief as is just.

| | |
|---|---|
| Dated: New York, New York<br>April 18, 2019 | Respectfully submitted,<br><br>*/s/ David J. Sheehan*<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Jorian L. Rose<br>Email: jrose@bakerlaw.com<br>Amy E. Vanderwal<br>Email: avanderwal@bakerlaw.com<br>Jason I. Blanchard<br>Email: jblanchard@bakerlaw.com<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Tel: (212) 589-4200<br>Fax: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff* |