UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S REPLY TO THE OBJECTION OF DR. ALAN MELTON TO THE THIRTIETH OMNIBUS MOTION TO DISALLOW CLAIMS AND OVERRULE OBJECTIONS OF CLAIMANTS WHO HAVE NO NET EQUITY**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff.

2. I submit this Declaration in support of the Trustee's reply (the "Reply") in opposition to the objection filed by Dr. Alan Melton ("Dr. Melton"), on April 10, 2019 (the "Objection") to the Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity (the "Motion").[1]

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Reply.

3. As set forth in my declaration in support of the Motion (ECF No. 18553), in December, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

4. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

5. On April 28, 2009, the Melton Trust filed a customer claim with the Trustee which the Trustee designated as claim no. 008648 (the "Claim"). Attached hereto as Exhibit 1 is a true and correct copy of an excerpt of the Claim.

6. The Claim relates to the customer account opened on behalf of the Ernest Melton Trust on or about December of 1992, which BLMIS assigned account number 1ZA699 (the "Account").

7. On October 19, 2009, the Trustee issued a letter determination denying the Claim on the basis that the Melton Trust had withdrawn $407,500 more from BLMIS than it had deposited and therefore did not have any net equity in the Account under the Net Investment Method (the "Determination Letter"). Attached hereto as Exhibit 2 is a true and correct copy of the Determination Letter.

8. On November 17, 2009, the Melton Trust, through counsel, filed an objection to the Determination Letter (the "Objection to Determination") (ECF No. 874). Attached hereto as Exhibit 3 is a true and correct copy of the Objection to Determination.

9. For purposes of the Motion, the Trustee selected seven (7) objections and claims, including the Objection to Determination and the Claim filed by the Melton Trust.

10. On April 10, 2019, Dr. Melton filed the Objection.

11. In connection with the Motion, and the Reply to the Objection, AlixPartners and counsel to the Trustee conducted a review of BLMIS's books and records with respect to the Melton Trust and the Account. BLMIS's books and records reflect the following:

   a. In a fax dated September 4, 2007, Ernest Melton, Dr. Melton, and Andrew Melton requested that BLMIS rename the Account, then in the name of the Ernest Melton Trust, as the Diana Melton Trust, Dated 12/5/05. Attached hereto as Exhibit 4 is a true and correct of a fax sent to BLMIS's attention dated September 4, 2007 requesting that BLMIS change the name of the Account.

   b. BLMIS renamed the Account as requested and did not make any other changes. Attached hereto as Exhibit 5 is a true and correct copy of portions of BLMIS's customer file for the Account reflecting the name change.

   c. After the Account had been renamed, the Melton Trust continued to identify the Account by account number 1ZA699, the account number assigned to the Account prior to the change. Attached hereto as Exhibit 6, are true and correct copies of correspondence from Ernest Melton to BLMIS for the Account dated March 30, 2008 and July 8, 2008.

3

d.  After the Account had been renamed, the customer statements for the Account continued to bear account number 1ZA699. Attached hereto as Exhibit 7, are true and correct copies of customer statements for the Account dated December 31, 2004 and September 30, 2007.

e.  BLMIS was not directed to close the Account at any point in time, nor to withdraw all funds from the Account and re-deposit them into a newly created account.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2019
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022