**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Attorneys for ABN AMRO Bank (Ireland) Ltd.*
*(f/k/a Fortis Prime Fund Solutions Bank*
*(Ireland) Ltd.) (n/k/a ABN AMRO Retained*
*Custodial Services (Ireland) Limited) and*
*ABN AMRO Custodial Services (Ireland) Ltd.*
*(f/k/a Fortis Prime Fund Solutions Custodial*
*Services (Ireland) Ltd.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05355 (SMB) |
| Plaintiff, | |
| v. | |
| ABN AMRO BANK (IRELAND), LTD, (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED) and | |
| ABN AMRO CUSTODIAL SERVICES (IRELAND), LTD (f/k/a FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD.), | |
| Defendants. | |

**DEFENDANTS' MOTION TO FILE UNDER SEAL PORTIONS OF THEIR**
**MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION FOR**
**LEAVE TO FILE SECOND AMENDED COMPLAINT AND ACCOMPANYING**
**DECLARATION AND EXHIBITS**

Defendants ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) ("ABN Ireland") and ABN AMRO Custodial Services (Ireland) Limited (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) ("ABN Custodial" and together with ABN Ireland, the "Defendants"), by and through undersigned counsel, respectfully submit this motion (the "Motion") pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules for entry of an order (the "Order") authorizing Defendants to file under seal the Defendants' Memorandum of Law in Opposition to Trustee's Motion for Leave to File Second Amended Complaint (the "Opposition") and the Declaration of Thomas J. Giblin, dated April 23, 2019, in Opposition to Trustee's Motion for Leave to File an Amended Complaint (the "Declaration") with Exhibits A-I thereto (together, the "Confidential Documents"), and to file redacted versions of the Confidential Documents on the Court's public dockets. A proposed order is attached hereto as Exhibit 1.

## I.   **BACKGROUND**

1.     On February 9, 2010, Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC (the "Trustee") and Fortis PFS USA and Fortis Prime Fund Solutions (USA) LLC (together with Fortis PFS USA, "Fortis USA"), entered into a Confidentiality Agreement (the "Agreement"). Pursuant to this Agreement, Fortis USA was permitted to designate as "Confidential" any documents produced to the Trustee pursuant to the subpoenas that the Trustee served upon Fortis USA under Rule 2004 ("Rule 2004 Subpoenas") that contain confidential information. The Agreement noted that "if the Court enters a protective order . . . or any subsequent protective order, then the terms of that protective order shall supersede and replace this agreement." On February 16, 2010, this Court entered a Protective Order (the

"Protective Order").  *See SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y.), ECF No.

1951.

2.      Fortis USA made several productions to the Trustee in 2010 in accordance with,

and in reliance upon, the Agreement and the Protective Order, and the expectation of

confidentiality reflected in it.  Those documents were partially redacted when produced to protect

discussions covered by the attorney-client privilege or work product doctrine, as well as to

maintain the confidentiality of discussions about investments or other confidential business matters

not responsive to the Trustee's Rule 2004 Subpoenas.

3.      The Protective Order was later superseded by the Litigation Protective Order

entered by this Court on June 6, 2011 (the "Litigation PO"), *see SIPC v. BLMIS*, Adv. Pro. No.

08-01789 (Bankr. S.D.N.Y.), ECF No. 4137, which together provided additional safeguards for

maintaining the confidentiality of documents and information otherwise designated Confidential.

The Litigation PO was modified on September 17, 2013.  *See SIPC v. BLMIS*, Adv. Pro. No. 08-

01789 (Bankr. S.D.N.Y.), ECF No. 5474.

## II.      THE TRUSTEE'S MOTION TO AMEND THE COMPLAINT AND DEFENDANTS' OPPOSITION

4.      On February 22, 2019, the Trustee filed a Motion for Leave to File Second

Complaint in this proceeding.  ECF No. 165.  On April 23, 2019, Defendants filed the Opposition

and the Declaration attaching as exhibits certain documents on which the Trustee purports to rely

in his proposed second amended complaint. These documents contain confidential commercial

information of importance to Defendants and/or have been designated confidential pursuant to the

Agreement, Protective Order, and Litigation PO.  Specifically, the following documents attached

to the Declaration are designated "confidential" (collectively, the "Confidential Exhibits"):

a.  The memorandum dated December 8, 2010 regarding "Proposed Limits for PFS Exposure to Bernard Madoff Securities Strategy" dated January 18, 2007, produced designated Confidential and bearing Bates number FPFS E 000009073 (Exhibit C);

b.  The September 20, 2007 email regarding Fortis USA CDS, produced designated Confidential and bearing Bates number FPFS E 000010166 (Exhibit D);

c.  The November 2006 credit application for Rye Select Broad Market XL Fund, LP, produced designated Confidential and bearing Bates number FPFS E 000016845 (Exhibit E);

d.  The email chain beginning August 23, 2003 regarding Harley, produced designated Confidential and bearing Bates number FPFS E 000009362 (Exhibit F);

e.  The July 26, 2004 email regarding excerpts from a compliance committee meeting, produced designated Confidential and bearing Bates number FPFS E 000009372 (Exhibit G);

Defendants also filed the Opposition and Declaration under seal, as it contains information designated confidential, drawn from the Confidential Exhibits. The Defendants will file a redacted version of the Opposition and Declaration which redacts information from the Confidential Exhibits that will be publicly available.

## III.  **RELIEF REQUESTED**

5.      By this Motion, Defendants seek entry of the attached Proposed Order pursuant to 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, authorizing Defendants

to file the Confidential Documents under seal and to file redacted versions of the Opposition and

Declaration on the Court's public dockets for the above-captioned case.

## IV.    **DISCUSSION**

6.    Pursuant to Section 107(b) of the Bankruptcy Code, the Court may authorize

Defendants to file the Confidential Documents under seal to "protect an entity with respect to a

trade secret or confidential research, development, or commercial information."   11 U.S.C.

§ 107(b).

7.    Bankruptcy Rule 9018 sets forth the procedure by which a party may move for

relief under section 107(b) and provides that the Court may "make any order which justice requires

. . . to protect . . . any entity in respect of a trade secret or other confidential research, development,

or commercial information."  Fed. R. Bankr. P. 9018.

8.    Once the Court determines that a party in interest is seeking protection of

information that falls within one of the categories enumerated in Section 107(b) of the Bankruptcy

Code, "the court is *required* to protect a requesting interested party and has no discretion to deny

the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures

Corp.)* (*Orion*), 21 F.3d 24, 27 (2d Cir. 1994).

9.    Courts have granted such relief if the information sought to be protected is

"commercial information." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y.

2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from

disclosure of information that could reasonably be expected to cause the entity commercial

injury.").  "Commercial information" is broad, and it includes information that could "have a

chilling effect on negotiations." *In re Lomas Fin. Corp.,* No. 90 Civ. 7827 (LLS), 1991 WL 21231,

at *2 (S.D.N.Y. Feb 11, 1991).  It is not necessary that the commercial information in question be

a trade secret to receive protection.  *Orion*, 21 F.3d at 27 (stating that under Section 107(b)(1), a party must only show that information is "confidential and commercial").

10.    Parties are free to negotiate the terms that govern the exchange of confidential materials, and courts are expected to uphold those agreements.  *See AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("[It is] presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." (Citations and internal quotation marks omitted)).

11.    The Confidential Documents, including the Confidential Exhibits, contain confidential material that relates to, among other things, Defendants' internal decision-making processes and proprietary materials, references commercially sensitive information or has otherwise been designated as Confidential under the Agreement, Protective Order, and Litigation PO.  Defendants relied on the Agreement and Protective Order when producing the confidential documents.  Permitting the Defendants to file the Confidential Documents under seal conforms to the expectations of not only the parties under the Agreement, but also this Court under the Protective Order and Litigation PO.

12.    Counsel for Defendants have delivered the Opposition, the Declaration and the exhibits attached thereto (including the Confidential Exhibits) to the Court with instructions that they be filed under seal and that partially redacted versions of the Opposition and Declaration be filed on the Court's public docket.

13.    Defendants reserve their right to object to the designation or de-designation of Confidential Material, including the designation or de-designation of the information contained in the Confidential Documents.

## V.    <u>NOTICE</u>

14.    Bankruptcy Rule 9018 provides that on motion, with or without notice, the Court may make any order which justice requires to protect any entity in respect of confidential commercial information.  Defendants submit that no notice of this Motion need be provided.

WHEREFORE, Defendants respectfully request entry of an order granting the relief requested herein.

Dated:  April 23, 2019
New York, New York

Respectfully submitted,

LATHAM & WATKINS LLP

By:   /s/ Christopher R. Harris

Christopher R. Harris
Thomas J. Giblin
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: christopher.harris@lw.com
Email: thomas.giblin@lw.com

*Attorneys for ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.)*