# EXHIBIT H

## THE INVESTMENT FUNDS REGULATIONS, 2003    *S.I. 94/2003*
### (SECTION 62)
### *[Commencement 17th December, 2003]*

## PART 1
## PRELIMINARY

**1.**    These Regulations may be cited as the    Citation.
Investment Funds Regulations, 2003.

**2.**    In these Regulations —    Interpretation.

"Act" means the Investment Funds Act;    Ch. 369A.

"connected person" means —

    (a)    any individual or company beneficially owning, directly or indirectly, ten per cent or more of the ordinary share capital of an investment fund or able to exercise, directly or indirectly, ten per cent or more of the total votes in that fund;

    (b)    any individual or company controlled by an individual or company referred to in paragraph (a);

    (c)    any member of a group of which the fund or a person referred to in (a) or (b) forms a part;

    (d)    any director or officer of the fund or any director or officer of a company referred to in paragraph (a), (b) or (c); or

    (e)    any person being a promoter, broker, underwriter, banker, investment banker or professional advisor who has a special relationship with any person described in paragraph (a), (b) or (c);

"custodian" means a person appointed under regulation 13;

"directors" means in relation to an investment fund that is a company, the operator of the fund;

"financial institution" means a bank or trust company, an investment fund administrator, a broker-dealer or securities investment advisor

regulated by a regulatory authority in The Bahamas or such other foreign financial institution located in a prescribed jurisdiction which is regulated by a foreign regulatory authority having similar regulatory and supervisory responsibilities to those of the Commission or the Central Bank of The Bahamas;

"partner" or "general partner" means in relation to an investment fund that is a partnership, the operator of the fund;

"prescribed jurisdiction" means any jurisdiction that is prescribed by the Commission by notice in the Gazette;

"prescribed market" or "prescribed securities exchange" means any stock exchange, over the counter market or other organized securities market that is prescribed by the Commission by notice in the Gazette;

"representative" means a person appointed under section 17 of the Act;

"trustee" in relation to an investment fund that is a unit trust means the operator of the fund.

## PART II
## INDEPENDENCE OF INVESTMENT FUND CUSTODIAN, ETC.

Independence of investment fund custodian, operator and administrator.

**3.**    (1) An investment fund that is a unit trust shall have —

(a)    an operator which is independent of the investment fund administrator unless —

(i)    the fund is specifically exempted by the Commission; or

(ii)    the operator and the administrator are deemed to be independent of each other under regulation 4; and

(b)    a custodian which is independent of the investment fund administrator unless —

(i)    the fund is specifically exempted by the commission; or

(ii) the custodian and the administrator are deemed to be independent of each other under regulation 4.

(2) An investment fund that is a company or a partnership shall have a custodian which is independent of the investment fund administrator and of the operator of the investment fund unless —

(a) the fund is specifically exempted by the licensor; or

(b) the custodian is deemed to be independent of the administrator and operator under regulation 4.

(3) Paragraphs (1) and (2) do not apply to an investment fund that is a self-administered fund.

**4.** Where the custodian and the administrator of the investment fund are bodies corporate with the same parent company, the custodian and the administrator of the investment fund shall be deemed to be independent of each other if —

*Custodian operator and administrator, deemed independent.*

(a)    (i) they are subsidiaries of a financial institution;

(ii) neither the custodian nor the administrator of the investment fund is a subsidiary of the other;

(iii) at least one director of the custodian is not also a director of the administrator or operator of the investment fund or both; and

(iv) the custodian and the administrator and the operator of the investment fund sign an undertaking with the Commission that they will act independently of each other in their dealings with the investment fund; or

(b) the investment fund is established in a jurisdiction which applies similar rules to those provided in these Regulations with respect to the independence of persons carrying out the functions of custodians, operators and administrators.

# PART III
## SELF-ADMINISTERED FUNDS

Self-administered funds.

**5.**    Where the principal office of a self-administered fund is outside of The Bahamas the fund shall at all times have a place in The Bahamas where duplicate corporate and accounting records are available.

Fees for self administered funds.

**6.**    A self-administered fund shall pay the fees specified in relation to that fund in accordance with Schedule 12.

# PART IV
## INVESTMENT FUND OPERATORS

Operators of Unit Trusts.

**7.**    (1) An investment fund that is a unit trust shall appoint as its operator —

Ch. 316.

(a)    a bank or trust company with an unrestricted licence granted pursuant to section 4 of the Banks and Trust Companies Regulation Act; or

(b)    such other bank or trust company or financial institution having —

    (i)    a licence in a prescribed jurisdiction; and

    (ii)    a minimum net worth of two million United States dollars or equivalent inclusive of paid up capital and non-distributable contributed surplus; or

    (iii)    a minimum net worth of less than two million United States dollars or equivalent inclusive of paid up capital and non distributable contributed surplus, if the trustee is the wholly owned subsidiary of a parent company which —

        (aa)    qualifies under subparagraph (b)(i) and (ii) and issues a standing commitment to the Commission to subscribe additional capital to its subsidiary up to two million United States dollars or equivalent if so required; or

        (bb)    undertakes to the Commission that it shall not let its wholly owned subsidiary default; and

        (cc)    agrees to comply with any other condition stipulated by the Commission; or

(c) such other person as approved by the Commission.

(2) An operator shall —

(a) ensure that the sale, issue, repurchase, redemption, and cancellation of equity interest of the investment fund are carried out in accordance with the provisions of these Regulations and the trust deed;

(b) ensure that the value of the equity interest is calculated in accordance with the provisions of the trust deed;

(c) carry out the proper instructions of the investment manager or investment fund administrator;

(d) ensure that the investment and borrowing limitations set out in the trust deed are complied with;

(e) ensure that the investment fund is audited annually or as required and cooperate with the auditors; and

(f) not issue equity interest or evidence of such equity interest unless subscription moneys have been paid.

**8.** (1) Unless otherwise provided by rules of the Commission an investment fund that is a company shall have a minimum of two operators.

*Operator of companies.*

(2) The operators shall provide for the matters specified in regulation 7(2)(a) to (f) substituting "Memorandum and Articles of Association" for "Trust Deed", and "shares" for "units".

**9.** In the case of an investment fund that is a partnership, the operator shall provide for the matters specified in regulation 7(2)(a) to (f) substituting "Articles of Partnership" for "Trust Deed", and "interests" for "units".

*Operator of Partnerships.*

**10.** (1) An investment fund shall —

*Appointment of operator.*

(a) appoint as its operator a person that is fit and proper for the performance of its duties; and

(b) upon application for licensing submit to the licensor sufficient information so as to enable the licensor to assess the fit and proper status of the operators.

(2)  The Commission may require at any time evidence from the fund that an operator is appropriately qualified for the performance of its function.

## PART V
## INVESTMENT FUND CUSTODIAN, INVESTMENT MANAGER & INVESTMENT ADVISOR

Custodian of an Investment Fund.

**11.**  (1) A custodian of an investment fund shall be —

Ch. 316.

(a)  a bank or trust company with an unrestricted licence granted pursuant to section 4 of the Banks and Trust Companies Regulation Act; or

(b)  such other bank or trust company or financial institution having —

    (i)  a licence in a prescribed jurisdiction; and

    (ii)  a minimum net worth of two million United States dollars or equivalent inclusive of paid up capital and non-distributable contributed surplus; or

    (iii)  a minimum net worth of less than two million United States dollars or equivalent inclusive of paid up capital and non-distributable contributed surplus if the custodian is the wholly owned subsidiary of a parent company which —

        (aa)  qualifies under subparagraph (b) (i) and (ii) and issues a standing commitment to the Commission to subscribe additional capital to its subsidiary up to two million United States dollars or equivalent if so required; or

        (bb)  undertakes to the Commission that it shall not let its wholly owned subsidiary default; and

        (cc)  agrees to comply with any other condition stipulated by the Commission;

(c)  such other person as approved by the Commission.

(2)  The investment fund shall deposit with its custodian property of the investment fund and the custodian shall take the property into its custody or under its control and hold it in trust for the investment fund in

accordance with the constitutive documents of the investment fund.

**12.** The Commission may require at any time evidence, from an investment that a custodian, investment fund manager or investment fund advisor of the fund is appropriately qualified for the performance of its functions. *Qualifications.*

**13.** (1) An investment fund shall appoint one or more persons as custodians of the assets of the investment fund unless the operators of the fund certify in writing that the structure of the investment fund or the nature of the assets of the investment fund are such that they do not require that a custodian be appointed to hold the assets of the investment fund. *Appointment of a custodian.*

(2) Notwithstanding paragraph (1) the Commission may determine that an investment fund is required to appoint a custodian.

## PART VI
## INVESTMENT FUND ADMINISTRATORS

**14.** (1) Subject to paragraph (2), every investment fund shall appoint an investment fund administrator. *Investment fund administrator.*

(2) Paragraph (1) does not apply to an investment fund that is —

(a) a self-administered fund;

(b) a Recognized Foreign Fund;

(c) an investment fund administered by a company that is exempt from obtaining an investment fund administrator's licence under the Act; or

(d) an investment fund exempted from this requirement in writing by the Commission.

(3) An investment fund administrator shall maintain unless otherwise permitted by the Commission:

(a) where it is the holder of an unrestricted investment fund administrator's licence —

(i) net worth, inclusive of its paid up capital and non-distributable reserves, of not less than five hundred thousand United States dollars (US$500,000) or the equivalent in a currency acceptable to the Commission; or

(ii) net worth, inclusive of its paid up capital and non-distributable reserves, of not less

than one hundred and fifty thousand United States dollars (US$150,000) or the equivalent in a currency acceptable to the Commission and indemnity insurance coverage of not less than one million United States dollars (US$1,000,000) or the equivalent in a currency acceptable to the Commission;

(b) where it is the holder of a restricted investment fund administrator's licence;

  (i) net worth, inclusive of its paid up capital and non-distributable reserves, of not less than two hundred and fifty thousand United States dollars (US$250,000) or the equivalent in a currency acceptable to the Commission; or

  (ii) net worth, inclusive of its paid up capital and non-distributable reserves, of not less than one hundred thousand United States dollars (US$100,000) or the equivalent in a currency acceptable to the Commission and indemnity insurance coverage of not less than five hundred thousand United States dollars (US$500,000) or the equivalent in a currency acceptable to the Commission; or

(c) where it is exempted from obtaining an investment fund administrator's licence,

  (i) net worth, inclusive of its paid up capital and non-distributable reserves, of not less than one hundred and fifty thousand United States dollars (US$150,000), or the equivalent in a currency acceptable to the Commission; or

  (ii) net worth, inclusive of its paid up capital and non-distributable reserves, of not less than fifty thousand United States dollars (US$50,000) or the equivalent in a currency acceptable to the Commission and indemnity insurance coverage of not less than one hundred and fifty thousand United States dollars (US$150,000), or the equivalent in a currency acceptable to the Commission.

**15.** Where an investment fund administrator owes a debt to its parent company and wants the debt to be considered as a part of capital the debt shall be considered as part of capital for the purposes of regulation 14(3) and shall —

*Inter-company indebtedness.*

  (a)  be subordinate to all other liabilities of the investment fund administrator, both in terms of its entitlement to income and its rights in a liquidation; and

  (b)  not be settled without the prior written consent of the Commission.

**16.** (1) Every director of an investment fund administrator shall be fit and proper.

*Qualifications of directors.*

  (2)  Upon application to the Commission for licensing the investment fund administrator shall —

  (a)  in respect of any Director that is an individual, submit biographical details and an account of the professional qualifications and experience of each of its directors;

  (b)  in respect of any Director that is a company, submit its documents of incorporation as well as the biographical details and an account of the professional qualifications and experience of each director of the company.

  (3)  Where an investment fund administrator after being licensed desires to appoint a Director it shall submit the information required in paragraph (2) to the Commission for its approval, prior to the appointment of that director.

**17.** (1) An investment fund administrator shall —

*General powers and duties of administrator.*

  (a)  take all reasonable steps to ensure that the operations of an investment fund are carried out in accordance with the investment fund's offering memorandum and constitutive documents and these Regulations to the exclusive interest of the investors;

  (b)  take all reasonable steps to ensure that the investment fund maintains proper books and records;

  (c)  take all reasonable steps to ensure that audited financial statements for the financial year are available for each investor within four months of the end of the investment fund's financial year

or within such extension of that period as approved by the Commission;

(d) make the constitutive documents of each fund it administers available free of charge in The Bahamas at all times for inspection by the investors, during normal office hours at its place of business or at the place of business where duplicate records of the investment fund are available, and make copies of such documents available upon the payment of a reasonable fee;

(e) take all reasonable steps to ensure that the investment fund is not carrying on its business in a manner which is or is likely to be prejudicial to investors or creditors of the investment fund;

(f) make such reports to the Commission regarding investment funds for which it is the administrator as the Commission may require;

(g) take all reasonable steps to ensure that operators are meeting their obligations and are complying with the Act and these Regulations.

(2) It shall be a defence to any claim made against the investment fund administrator for breach of paragraph (1) that the administrator has taken all reasonable steps to properly fulfill its duty thereunder.

**Retirement or removal of administrator.**

**18.** (1) An investment fund may dismiss its administrator by notice in writing from the operators of the fund —

(a) if the investment fund administrator goes into liquidation, becomes bankrupt or has a receiver appointed over its assets;

(b) if investors whose equity interests carry voting rights representing at least fifty percent in value of the equity interests outstanding, deliver to the operators of the investment fund a written request to dismiss the investment fund administrator, setting out good and sufficient reason for the requested dismissal; or

(c) for any other good and sufficient reason, that the operators of the investment fund thinks fit.

(2) Where the operators of an investment fund have knowledge of the retirement or dismissal of the investment fund administrator they shall —

(a)  notify the Commission of the retirement or dismissal of the investment fund administrator; and

(b)  notify the Commission of the particulars in Schedule 7 regarding the prescribed appointment of the successor administrator no later than fourteen (14) days after the effective date of the appointment.

*Schedule 7.*

(3)  Where for any reason the dismissal or retirement of the administrator may result in an investment fund being without a properly appointed administrator, the operators of the fund shall apply to the Commission for authorization to carry on business as an investment fund administrator under section 32(2)(b) of the Act.

## PART VII
## APPROVED AUDITORS

**19.**  (1) An auditor of an investment fund or investment fund administrator seeking the approval of the Commission under section 45 of the Act shall satisfy the Commission that —

*Approval of Auditors.*

*Ch. 369A.*

(a)  in the case of an individual, he is a member in good standing of The Bahamas Institute of Chartered Accountants or of any other international accounting body prescribed by the Commission by notice in the Gazette;

(b)  in the case of a firm of accountants, the partners of the firm are all members of The Bahamas Institute of Chartered Accountants in good standing, or are members in good standing of any other international accounting body prescribed by the Commission by notice in the Gazette.

(2)  An individual or accounting firm referred to in paragraph (1) shall supply the Commission with such other information as the Commission may require.

## PART VIII
## OPERATION OF INVESTMENT FUNDS

**20.**  No person shall supply a subscription form for the purchase of equity interest to any other person who has not previously invested in that fund unless the subscription form is accompanied by the offering document related to that fund.

*Subscription forms.*

Offering
document.
Schedule 1.

**21.** (1) The offering document of a standard or professional fund shall contain the information prescribed in Schedule 1.

(2)  The offering document of a SMART Fund shall contain such information as may be prescribed by the Commission for the relevant approved SMART Fund structure.

Performance data
in offering
document or
advertisement.

**22.** Any person who publishes an offering document, advertisement or any other invitation to invest in an investment fund shall, where the performance data or estimated yield is stated in the offering document, advertisement or other invitation, justify and explain all calculations and representations.

Constitutive
Documents.
Schedule 2.

**23.** (1) The constitutive documents of a standard or professional investment fund shall contain the information prescribed in Schedule 2.

(2)  The constitutive documents of a SMART Fund shall contain such information as may be prescribed by the Commission for the relevant approved SMART fund structure.

(3)  Where there is willful default by the custodian, administrator, investment manager, investment advisor or operator of the investment fund in the performance of their duties, nothing in the constitutive documents of the fund shall exempt the aforementioned persons from any liability to investors.

(4)  Subject to paragraph (5) no alteration of the constitutive documents of an investment fund may be made except by a special or extraordinary resolution of holders whose equity interests carry general voting rights.

(5)  An operator of an investment fund may alter the constitutive documents of the fund without consulting investors whose equity interests in that fund carry general voting rights, if the operators certify in writing that, in their opinion, the proposed alteration —

(a)  is necessary to make possible compliance with fiscal, or statutory requirement or requirements of any overseas regulatory authority;

(b)  does not materially prejudice investors' interests;

(c)  does not to any material extent release the custodian, administrator, investment manager,

investment advisor or any other person from any liability to investors; or

(d)    does not materially increase the costs and charges payable from the investment fund property.

**24.** Where matters pertaining to an investment fund are addressed in both the offering document of the fund and the fund's constitutive document, no provision in the offering document of such investment fund shall conflict with the relevant provisions in the constitutive documents of the fund.

<div style="float:right">Conflict in documents.</div>

**25.** (1) Where an initial offer is made by a fund, the fund shall not invest the subscription proceeds prior to the closing of the initial offer without disclosing their intention to do so in the offering document.

<div style="float:right">Offering, issue.</div>

(2) Offer and redemption prices shall be calculated on the basis of the investment fund's net asset value divided by the number of units, shares or interests outstanding or as otherwise provided in the investment fund's offering document and such prices may be adjusted by fees and charges that are to be clearly disclosed in the offering document.

(3) The offering document of an investment fund shall specify the maximum interval between the redemption day for the equity interest in the investment fund and payment of redemption proceeds to the investor.

(4) The offering document of an investment fund shall stipulate in what circumstances, if any, redemption requests of the fund may be deferred to the next redemption day.

**26.** (1) A change in the method of dealing in an investment fund, whether temporary or permanent may be made with the approval of the operators of the fund —

<div style="float:right">Change in investment fund.</div>

(a)    where the possibility of a change and the circumstances in which a change can be made have been fully disclosed in the offering document; or

(b)    where there is no disclosure under paragraph (a) but there are exceptional circumstances, which make it in the best interest of the fund to change the dealing in the fund.

(2) An investment fund shall give notice in writing of the change in the method of dealing in the fund to

investors of the fund and shall provide a copy of the notice to the Commission no later than seven days after the change.

(3)  In the case of a temporary change, the notice to the investor under paragraph (2) shall also specify the time period for which the temporary change has been made.

(4)  In the case of a permanent change in the method of dealing in the investment fund the investment fund, shall submit a copy of its amended offering document and constitutive documents, where applicable, to the Commission not later than twenty one days after the effective date.

(5)  Dealing in an investment fund may be suspended where —

(a)  the possibility of suspension in dealing and the circumstances in which suspension may occur are disclosed in the offering document of the fund; or

(b)  there is no disclosure under sub-paragraph (a) but there are exceptional circumstances, which make it in the best interest of the fund to suspend dealing.

(6)  The administrator of an investment fund shall immediately give notice in writing to the investors if dealing in the investment fund ceases or is suspended, and shall simultaneously provide a copy of the notice to the Commission.

(7)  Where dealing in the investment fund is suspended the fund shall publish notice of the suspension during the period of suspension, in a newspaper, if any, in which the investment fund's prices are normally published, and in such other media as the Commission may specify.

Transactions with connected persons.

**27.** (1) No person shall be allowed to enter into underwriting or sub-underwriting contracts on behalf of an investment fund —

(a)  without the prior consent of the operators; and

(b)  unless the investment fund or the investment fund administrator provides in writing to the operators that all commissions and fees payable to the administrator or connected person under such contracts and all investments acquired pursuant to such contracts shall form part of the investment fund's assets.

(2)  Where cash forming part of the investment fund's assets is deposited with the custodian, the investment fund administrator, the investment manager, the investment advisor or with any bank which is a connected person thereof, interest thereon shall be paid at a rate not lower than the prevailing commercial rate for a deposit of a similar kind, size and term, as is in accordance with normal banking practice.

(3)  An investment fund may borrow money from its custodian, investment manager, investment advisor, investment fund administrator or from any bank which is a connected person to any of those parties, if the rate of interest and any fee for arranging or terminating the loan is not greater than the prevailing commercial rate or fee for a loan of a similar kind, size and term, granted in accordance with normal banking practice.

(4)  Any material transaction between the investment fund and its administrator, investment manager, investment advisor, or any connected persons thereof shall be disclosed in the investment fund's annual audited financial statement.

**28.** (1) At any meeting of the investors who own voting shares, units or interests that are also equity interests —    Meetings.

(a)  investors may appoint proxies;

(b)  votes shall be proportionate to the equity interests held;

(c)  the quorum for meetings at which an extraordinary resolution is to be considered shall be the investors holding twenty-five percent of the equity interest in issue;

(d)  the quorum for meetings at which an ordinary resolution is to be considered shall be the investors of ten percent of the equity interest in issue;

(e)  an ordinary resolution may be passed by a simple majority of the votes of those present and voting and an extraordinary resolution may be passed by seventy-five percent or more of those present and voting;

(f)  if within half an hour from the time appointed for the meeting a quorum is not present, the meeting shall stand adjourned for not less than fifteen days and the quorum at an adjourned

meeting shall be those persons present in person or by proxy.

(2) The constitutive document of an investment fund shall provide for class meetings, where conflicts of interests exists between different classes of investors.

(3) The operators of an investment fund, the custodian, the investment fund administrator, investment manager, investment advisor and their connected persons shall be permitted to vote their beneficially owned equity interests at, a meeting in which they have a material interest in the business to be contracted, if —

(a) full disclosure of the existence of such a relationship is made in the offering document of the investment fund; and

(b) the possibility exists of a decision being made to the detriment of the investors of the investment fund, and that the investors had been notified of such conflict prior to the meeting and were afforded the opportunity to redeem their shares, units or interests in an investment fund prior to a meeting being held.

(4) An extraordinary general meeting shall be called for the following purposes —

(a) to modify, alter or add to the constitutive documents, except as provided in paragraph 23(5);

(b) to increase the rate for maximum fees to be paid to the investment fund administrator, operators of the investment fund, investment manager, investment advisor or custodian, or

(c) to impose fees, other than those specified in sub-paragraph (b).

Investors' register.

**29.** (1) An investment fund shall maintain a register of investors and a current copy of the register of investors shall be kept at the principal office of the investment fund.

(2) In the case of a restricted investment fund administrator whose place of business is outside of The Bahamas, a current copy of the register of investors shall be available at a place in The Bahamas where corporate and accounting records are available.

**30.** An investment fund shall make its annual audited financial statements available to investors within four months of the end of the investment fund's financial year or within such extension of that period as the Commission may allow.

*Reporting of annual financial statements to Investors.*

**31.** (1) An investment fund shall produce at least one report in respect of each financial year, unless exempted from doing so by the Commission in writing.

*Production of report.*

(2) The report required pursuant to paragraph (1) shall contain an analysis of the investment fund's performance and such other information as the Commission may from time to time deem necessary.

**32.** Where the Commission has stipulated that material change information be reported to investors pursuant to section 30(2) of the Act, the operators of an investment fund shall take reasonable steps to advise its investors of such material change.

*Notification of material change.*

**33.** No person shall publish, make or issue an advertisement or other invitation, including a public announcement, for persons to invest in an investment fund, unless the advertisement or other invitation —

*Advertising and public announcements.*

(a) contains sufficient relevant information so that it is not misleading; and

(b) where it is made, issued or published outside The Bahamas, complies with any laws in the jurisdiction where the advertisement or other invitation is made, issued or published; or

(c) where it is made, issued or published in The Bahamas it is approved by the Commission prior to publication upon application containing the information prescribed in Schedule 5 and payment of the prescribed fee.

*Schedule 5.*

**34.** (1) All documents submitted to the Commission or required by the Commission must be in English or accompanied by a certified translation in English.

*Documents to be submitted in English.*

(2) All documents and records of the investment fund that are kept or maintained by the investment fund administrator must be in English or accompanied by a certified translation in English.

## PART IX
## NON-BAHAMAS BASED INVESTMENT FUND

Qualifications for a representative.

**35.** Where a representative is appointed by a non-Bahamas based fund the representative shall be —

(a) a counsel and attorney-at-law or a firm of counsel and attorneys-at-law in The Bahamas;

(b) an accountant or firm of accountants in The Bahamas;

(c) a bank or trust company licensed pursuant to section 4 of the Banks and Trust Companies Regulation Act;

Ch. 316.

(d) an investment fund administrator licensed under the Investment Funds Act;

Ch. 369A.

(e) a broker-dealer or securities investment advisor registered pursuant to section 22 and 29(5) of the Securities Industry Act; or

Ch. 363.

(f) such other person as the Commission may approve.

Responsibility of Representative.

**36.** A representative is not liable for the acts and omissions of the investment fund administrator or an operator of the fund but may be authorized by the fund to —

(a) receive applications and money for equity interest;

(b) issue receipts in respect of application moneys received under paragraph (a);

(c) issue contract notes to investors in accordance with the terms of the investment fund;

(d) receive redemption notices, transfer instructions and conversion notices from investors for immediate transmission to the administrator of the investment fund;

(e) accept any notice or correspondence which investors may wish to serve on the investment fund;

(f) notify the Commission immediately if subscriptions or redemptions of equity interest cease or are suspended;

(g) make the constitutive documents available for inspection by investors in The Bahamas free of charge at all times during normal office hours at its place of business and make copies of such documents available upon the payment of a reasonable fee;

(h) provide investors in The Bahamas with information on the investment fund including

the investment fund's financial reports and sales literature;

(i) deliver to the Commission, if it so requests, all accounts and records relating to the sale and redemption of equity interests of the investment fund in and from The Bahamas; and

(j) represent the investment fund in relation to matters in which any investor resident in The Bahamas has a pecuniary interest or which relates to the equity interest sold in or from The Bahamas.

**37.** A non-Bahamas based investment fund shall notify the Commission immediately upon the retirement or dismissal of its representative and shall apply to the Commission for the approval of a new representative. *Dismissal of a representative.*

**38.** A non-Bahamas based investment fund shall submit details of all contracts between the representative and the fund to the Commission and shall notify the Commission of any amendment to these contracts. *Contracts of Non-Bahamas based fund.*

**39.** (1) An application by a non-Bahamas based investment fund for approval of its representative shall contain the information prescribed in Schedule 6 and shall be accompanied by the prescribed non-refundable application fee. *Approval of representatives. Schedule 6.*

(2) Upon its review of an application made pursuant to paragraph (1), the Commission shall notify the applicant in writing of its decision.

**40.** An annual declaration for the renewal of a representative shall contain the information prescribed in Form C of Schedule 11 and shall be accompanied by the prescribed fee. *Annual declaration for the renewal of a representative. Form C, Schedule 11.*

## PART X
## APPLICATION PROCEDURE AND FORMS

**41.** (1) An application made to the Commission for an investment fund licence under section 11(1) of the Act, shall contain the particulars prescribed in Form A in Schedule 3 and shall be accompanied by the prescribed non refundable application fee. *Application to fund licence. Form A, Schedule 3.*

(2) The Commission shall review any application for licensing made under paragraph (1) and shall notify the applicant in writing of its decision.

(3)  No person shall operate as an investment fund until —

(a)  it has paid the prescribed annual fee; and

(b)  has received from the Commission such evidence of licensing as determined by the Commission.

SMART Fund structure.

**42.** (1) Any financial institution or professional advisor may submit written proposals for the structure of a SMART Fund to the Commission for approval.

(2)  The Commission shall review every application made under paragraph (1) and shall advise the applicant in writing of its decision.

Application to file a Recognized Foreign Fund. Form B, Schedule 3.

**43.** (1) An application for registration of a Recognised Foreign Fund made under section 11(2) of the Act, shall contain the particulars set out in Form B in Schedule 3 and shall be accompanied by the prescribed non-refundable application fee.

(2)  The Commission shall review every application made under paragraph (1) and shall notify the applicant in writing of its decision.

(3)  Upon approval of its application for registration, the applicant shall pay the prescribed annual fee and thereafter shall receive from the Commission such evidence of registration as determined by the Commission.

Change of information in application form.

**44.** An investment fund administrator or the investment fund shall notify the Commission within seven days of any change to the information in the application form for the licensing or registration of the investment fund.

Application for administrator's licence. Form A, Schedule 4.

**45.** (1) An application for an investment fund administrator's licence shall contain the particulars prescribed in Form A in Schedule 4 and shall be accompanied by the prescribed non-refundable application fee.

(2)  The Commission shall review every application made under paragraph (1) and shall notify the applicant in writing of its decision.

(3)  No person shall operate as a licensed investment fund administrator until it has paid the prescribed annual fee and has received, from the Commission, such evidence of licensing as determined by the Commission.

**46.** (1) Every application for an exemption from obtaining an investment fund administrator's licence shall contain the particulars prescribed in Form B in Schedule 4 and shall be accompanied by the prescribed non-refundable application fee.

*Application for exemption from licence. Form B, Schedule 4.*

(2) The Commission shall review every application made under paragraph (1) and shall notify the applicant in writing of its decision.

(3) No person shall operate as an investment fund administrator exempt from obtaining an investment fund administrator's licence until it has paid the prescribed annual fee and has received from the Commission such evidence of exemption from licensing as determined by the Commission.

**47.** The Commission may, in respect of any application for licensing, registration, exemption from licensing or authorization, waive certain of the particulars required as a part of the licensing, registration, exemption from licensing or authorization process.

*Waiver of particulars.*

## PART XI
## MISCELLANEOUS

**48.** Notification made to the Commission of the retirement or dismissal of an investment fund administrator shall contain the particulars prescribed in Schedule 7.

*Notification of retirement or dismissal of administrator. Schedule 7.*

**49.** An investment fund transferring from The Bahamas to another jurisdiction shall notify the Commission setting out in writing the particulars prescribed in Schedule 8.

*Transfer of fund to another jurisdiction. Schedule 8.*

**50.** Where an investment fund is transferring from one investment fund administrator to another it shall notify the Commission in writing setting out the particulars prescribed in Schedule 9.

*Transfer of Fund to new administrator. Schedule 9.*

**51.** A dormant fund which wishes to re-launch its operation shall submit an application containing the particulars prescribed in Schedule 10.

*Re-launch of dormant fund. Schedule 10.*

**52.** The annual declaration made by an investment fund under section 27(1)(a) of the Act shall be in Form A in Schedule 11 and shall be submitted to the Commission at the time of payment of the prescribed annual licence or registration fee.

*Annual declaration of fund. Form A, Schedule 11.*

Annual declaration of an administrator. Form B, Schedule 11.

**53.** The annual declaration made by an investment fund administrator pursuant to section 36(4) of the Act shall be in Form B in Schedule 11 and shall be submitted to the Commission at the time of payment of the prescribed annual fee for the administrator.

Application for exemption.

**54.** Where an investment fund wishes to be exempted from any regulation the fund or the fund administrator shall apply in writing to the Commission setting out the regulation in respect of which an exemption is sought and shall provide reasons for the request.

Fees

Schedule 12.

**55.** The fees payable to the Commission for the various matters under the Act and these Regulations are those prescribed in Schedule 12.

Offences.

**56.** Any person who —

(a) distributes or possesses for distribution, any offering document, advertisement or other invitation or offer to subscribe for equity interest of an investment fund, which does not comply with these Regulations;

(b) makes any false or misleading representation regarding the nature or performance or financial information of an investment fund;

(c) gives false or misleading information regarding an investment fund's operators, investment managers, investment advisors, investment fund administrator, custodian, professional advisors or auditors;

(d) fails to disclose the payment of any fee or charge required to be disclosed by these Regulations;

(e) breaches any of these Regulations regarding the operation of an investment fund or a non-Bahamas based investment fund in The Bahamas,

commits an offence and is liable on summary conviction to a fine of $10,000 or to imprisonment for twelve months or to both such fine and imprisonment.

**SCHEDULE 1**                    (regulation 21)

**Information to be disclosed in the Offering Document
of the Investment Fund**

**1.    Details of Fund**

(a)    Name, registered address and place and date of the creation of the investment fund, with an indication of its duration if limited; and

(b)    Address of principal office of the investment fund.

**2.    Investment Objectives and Restrictions**

Details of investment objectives and investment policy, including a summary of the investment and borrowing restrictions. In the event that there are no such investment or borrowing restrictions, include a statement to this effect.

**3.    Risks**

A description of the risks involved in an investment in the investment fund.

**4.    Operators and Principals**

The names and registered addresses of the following parties —

(a)    parties related to the investment fund;

(b)    the auditors;

(c)    the Attorney's (if applicable); and

(d)    the bankers.

**5.    Characteristics of Equity Interests**

(a)    Minimum investment (if any);

(b)    A description of the different types of equity interest in the investment fund including their currency of denomination;

(c)    Form of certification; and

(d)    Frequency of valuation and dealing, including subscription and redemption days and valuation days.

**6.    Application and Redemption Procedures**

(a)    Procedure for subscribing and redeeming equity interest in the investment fund;

(b)    The maximum interval between the applicable date of redemption and the dispatch of the redemption proceeds; and

(c)    The circumstances in which redemption of equity interest in the investment fund may be suspended.

INVESTMENT FUNDS

---

**7.    Valuation of Property and Pricing**

(a)    The method of pricing the underlying assets of the investment fund and the circumstances under which it can change;

(b)    The policy of the investment fund for valuing unquoted securities which it holds;

(c)    The method of calculating the issue and redemption prices; and

(d)    The method of determining the value of the assets and liabilities of the investment fund and the net asset value accordingly.

**8.    Distribution Policy**

(a)    The distribution policy and the approximate dates on which dividends will be paid (if applicable);

(b)    Name and registered addresses of paying company.

**9.    Fees and Charges**

(a)    The level of all fees and charges payable by an investor, including all charges levied on subscription and redemption and switching (in the case of umbrella investment funds);

(b)    The level of all fees and charges payable by the investment fund; and

(c)    Disclosure of entitlement to brokerage or other transaction benefits of any connected persons to the investment fund.

**10.    Reports and Accounts**

(a)    The date of the investment fund's financial year; and

(b)    A specified time in which the audited financial statements will be made available to investors.

**11.    Warnings**

Prominently display warnings reading substantively as follows:

(a)    Important – if you are in doubt about the contents of this offering document, you should consult your financial advisor; and

(b)    A warning that the price of equity interests in the investment fund and the income from them (where income is distributed) may be subject to market fluctuations.

**12.    General Information**

(a)    A list of constitutive documents and an address in The Bahamas where they may be inspected free of charge or purchased;

(b)    The date of publication of the offering document;

(c)    A statement that the operators of the investment fund accept responsibility for the information contained in the offering document as being accurate as at the date of publication;

---

(d)     Where details of an investment fund not regulated by the Commission is disclosed in the offering document, there must be a statement that such an investment fund is not regulated by the Commission; and

(e)     A statement that in licensing, registering or filing the investment fund the Commission does not take responsibility for the financial soundness of the investment fund or for the correctness of any statements made or opinions expressed in this regard.


## SCHEDULE 2                              (regulation 23 (1))

### Contents of the Constitutive Documents

### Information to be Disclosed in
### the Memorandum and Articles of Association,
### the Trust Deed or Partnership Articles, as Applicable

## PART A

**1.     Name of Investment Fund**

**2.     Governing Law**

**3.     For Unit Trust Schemes only —**

(a)     A statement that the deed is binding on each investor as if he had been a party to it and so to be bound by its provisions and authorizes and requires the trustee and the administrator to do as required of them by the terms of the deed;

(b)     A provision that an investor is not liable to make any further payment after he had paid the purchase price of his units and that no further liability can be imposed on him in respect of the units which he holds or owns; and

(c)     A declaration that the property of the investment fund is held by the trustee on trust for the investors of the units *pari passu* according to the number of units held or owned by each investor.

**4.     Investment and Borrowing Restrictions**

List the investment and borrowing restrictions of the investment fund. In the event that there are no such investment or borrowing restrictions, include a provision to this effect.

**5.     Suspension and Deferral of Dealing**

Provisions for:

(a)     the circumstances under which the dealing of equity interests in an investment fund can be deferred or suspended;

(b)    the maximum interval allowed between the applicable redemption date and the payment of redemption proceeds.

### 6. Meetings

There shall be provisions regarding the manner in which investors' meetings shall be conducted in accordance with regulation 28, if applicable.

### 7. Distribution Policy and Date

Provision for the payment of annual income, if any, and when any such distribution can be made.

### 8. Annual Accounting Period

Provision establishing the date in the calendar year on which the annual accounting period shall end.

### 9. Base Currency

A statement of the base currency of the investment fund.

### 10. Modification of the Constitutive Documents

Provision that alterations to the constitutive documents shall be made in the manner set out in regulation 23 (5).

### 11. Termination of Investment Fund

A statement of the circumstances in which the investment fund may be terminated.

### 12. Exemption Standard

Provisions that nothing in the constitutive documents may provide that the operator, custodian, investment fund administrator, investment manager or investment advisor of the investment fund shall be exempted from any liability to investors imposed under Bahamian law in the case of wilful default.

**Information to be included in the Memorandum and Articles of Association, the Trust Deed or Partnership Articles, as Applicable or in the Material Agreements of the Investment Fund**

## PART B

### 13. Role of Custodian

A statement to list the duties of the custodian as set out in regulation 11(2).

### 14. Role of Investment Fund Administrator

(a)    a statement to list the duties of the investment fund administrator as set out in regulation 17; and

(b)    a statement that the investment administrator should retire in the manner as set out in regulation 18.

INVESTMENT FUNDS                                              [**CH.369A** – 41

---

15.    **Fees and Charges**

The following shall be stated —

(a)    the level of all fees and charges payable by an investor, including all charges levied on subscription and redemption and switching (in the case of umbrella investment funds); and

(b)    the level of all fees and charges payable by the investment fund.

## SCHEDULE 3                             (regulation 41)

### Form A

### Information to be Contained in the Application Form for an Investment Fund Licence

1.    **Details of the Investment Fund —**

(a)    name of the investment fund.

(b)    fund vehicle:

    (i)    company;

    (ii)    partnership;

    (iii)    trust;

(c)    evidence of approval of SMART fund structure, if applicable;

(d)    applicable law, date and country of incorporation;

(e)    quotation on any stock exchange and authorization granted by other regulatory bodies;

(f)    details of registration with any other regulatory authority:

    launch:                date and place

    dealing:              daily/weekly/other;

(g)    minimum initial subscription;

(h)    valuation of assets: daily/weekly/other;

(i)    pricing:                forward/historic/other;

(j)    currency;

(k)    distribution of offering document: Distributor/Place;

(l)    fund type:

    (i)    equity;

    (ii)    bond;

    (iii)    hedge;

---

INVESTMENT FUNDS

    (iv)    fund of funds;

    (v)    master/Feeder;

    (vi)    Umbrella;

    (vii)    Other;

(m)    fee structure —

    (i)    level of all charges payable by investor; and

    (ii)    level of all charges payable by investment fund; and

(n)    investment Objective.

**2.    Details of the Parties Related to the Investment Fund (Investment Fund Administrator, Operator, Promoter, Custodian, Investment Manager, Investment Advisor)**

Submit the following information for all relevant parties:

(a)    name;

(b)    registered office and business address;

(c)    details of Registration with other regulatory or self regulatory organisations, if applicable;

(d)    which, if any, of these companies are connected persons; and

(e)    list directors or officers appointed to more than one of these companies.

**3.    The Distribution Company —**

(a)    name; and

(b)    registered office and business address.

**4.    The auditor**

(a)    name;

(b)    registered office and business address;

(c)    license or registration number of Bahamas Institute of Chartered Accountants; and

(d)    (i)    name and address of any prescribed international accounting body that the auditor is registered with; and

    (ii)    details of Registration.

**5.    Attorney —**

(a)    name;

(b)    address; and

(c)    details of Registration with Bar **or** other association.

## APPLICATIONS SHOULD BE ACCOMPANIED BY THE FOLLOWING DOCUMENTS—

(a)     offering Memorandum;

(b)     constitutive documents;

(N.B. Certified copies of Memorandums & Articles including copies of all material agreements)

(c)     copies of certificates and other documents of proof for information contained in submitted résumés;

(d)     financial Statements (if any);

(e)     prescribed application fee (non-refundable); and

(f)     other relevant documentation as requested by the Commission.

**Form B**                     **(regulation 43 (1))**

**Information to be Contained in the Application Form
for the Registration of a Recognised Foreign Fund**

**1.     Details of the Investment Fund**

(a)     name of the investment fund;

(b)     full details of registration with any other regulatory authority, if applicable.

**2.     Details of the parties related to the Investment Fund**

(a)     name;

(b)     registered office and business address; and

(c)     name and address of person or persons for contact with the Commission.

## APPLICATION SHOULD BE ACCOMPANIED BY THE FOLLOWING DOCUMENTS:

(a)     copy of licence of investment fund (if applicable);

(b)     documents confirming listing on a prescribed securities exchange (if applicable);

(c)     prescribed application fee (non-refundable); and

(d)     other relevant documentation as requested by the Commission.

<div align="center">

**SCHEDULE 4**          **(regulation 45 (1))**

**Form A**

**Information to be Contained in the Application Form
for an Investment Fund Administrator's Licence**

</div>

**1.      Details of the Applicant**

(a)      name of applicant;

(b)      address of applicant;

(c)      telephone number;

(d)      fax number; and

(e)      e-mail address (if any).

**2.      Type of licence applied for —**

unrestricted/restricted (delete as appropriate).

**3.      Details of Applicant's principal office in The Bahamas (if any) —**

(a)      address;

(b)      telephone number; and

(c)      fax number.

**4.      Address of Registered Office in The Bahamas.**

**5.      Records in The Bahamas**

Address in The Bahamas where administration records of the investment funds under its administration are available.

**6.      General Details**

State or provide, as applicable —

(a)      place and date of incorporation and registered office;

(b)      authorized share capital;

(c)      shareholders equity;

(d)      if private company, provide following details on principal shareholders;

    (i)      a complete résumé;

    (ii)     financial and net worth statements certified by their accountants or bankers;

(e)      if a public company, provide the name and address of body that provides regulatory oversight;

(f)      a complete résumé for every Director and the Chief Executive Officer of the company;

(g)      a complete résumé for senior officers including compliance officer, investments funds manager, chief financial officer and investment trust manager;

(h)      audited financial statements for the past two years (where available);

(i)      current quarterly unaudited financial statements (where available);

(j)      if applicant is a holder of a licence under the provisions of section 4 of the Banks and Trust Companies Regulation Act (Ch. 316.), provide a copy of its licence;

(k)      name and address of auditors and name and address of any accounting body that the auditor is registered with;

(l)      name and address of principal bankers, and contact; and

(m)      name and address of attorney.

**7.      Individual agents resident in The Bahamas (if any)** —

(a)      names;

(b)      complete résumés.

**8.      Restricted Investment Fund Administrator**

State the investment funds which the applicant would propose to administer when licensed in The Bahamas.

**Application must be signed by or on behalf of the applicant and must be accompanied by the following documents** —

(a)      copies of certificates and other documents of proof for information contained in submitted résumés;

(b)      financial statements (if any);

(c)      prescribed application fee (non-refundable); and

(d)      other relevant documentation as requested by the Commission.

**Form B**                              **(regulation 46(1))**

**Information to be Contained in the Form for an
Exemption from Obtaining an Investment Fund Administrator's Licence**

**1.      Details of Fund**

(a)      name of specific investment fund to be administered;

(b)      regulatory status of relevant fund; and

(c)      reasons for requesting exemption.

**APPLICATION SHOULD BE ACCOMPANIED BY THE FOLLOWING DOCUMENTS —**

(a)    completed application for an investment fund administrator's licence as per Form A of Schedule 4; and

(b)    prescribed application fee (non-refundable).

## SCHEDULE 5                    (regulation 33)

### Application for Approval of Publication of Advertisement or other Invitations Made to the Public in The Bahamas

**1.    General Details**

(a)    name of investment fund;

(b)    Bahamas based or non-Bahamas based;

(c)    jurisdiction of licence or registration;

(d)    investment fund registration or licence number;

(e)    name of directors of investment fund;

(f)    contents of the advertisement or other invitation to invest;

(g)    name of newspaper, journal or other media; and

(h)    summary of schedule of advertisement.

**APPLICATION MUST BE ACCOMPANIED BY THE FOLLOWING DOCUMENTS —**

(a)    prescribed application fee (non-refundable); and

(b)    other relevant information as requested by the Commission.

## SCHEDULE 6                    (regulation 39)

### Information to be Contained in the Application Form for the approval of a Representative for a non-Bahamas based investment fund

**1.    Details of the Investment Fund —**

(a)    name of the investment fund; and

(b)    full details of registration with any other regulatory authority.

**2.    Details of The Representative**

(a)    name;

(b)    registered office and business address; and

(c)    details of registration with any other regulatory authority, if applicable.

**3.    Details of Parties related to the Investment Fund**

(a)    Investment Fund Administrator —

    (i)    name; and

    (ii)    registered office and business address;

(b)    auditor —

    (i)    name; and

    (ii)    registered office and business address.

**TO BE ACCOMPANIED BY PRESCRIBED (NON-REFUNDABLE) APPLICATION FEE**

## SCHEDULE 7                    (regulation 48)

### Notification of Retirement or Dismissal of Investment Fund Administrator —

1.    name of fund;

2.    investment fund licence number;

3.    name and address of outgoing/dismissed investment fund administrator;

4.    effective date of termination of relationship with outgoing investment fund administrator;

5.    name and address of successor investment fund administrator;

6.    commencement date of relationship with new investment fund administrator;

7.    reasons for termination of relationship with outgoing investment fund administrator; and

8.    other information required by the Commission.

## SCHEDULE 8                    (regulation 49)

### Notice/Information of Transfer of Investment Fund From the Bahamas —

1.    name of investment fund;

2.    investment fund licence number;

3.    effective date of transfer and jurisdiction;

4.    date of termination of relationship with investment fund administrator;

5.    date of termination of relationship with investment manager and or investment advisor;

6.      if a company, please attach a certified copy of the certificate of continuation under foreign law issued by the Registrar General of The Bahamas and the certificate of continuation or registration issued by the competent authority of the transferee jurisdiction;

7.      if a unit trust, please attach a certified copy of the deed of change of domicile;

8.      if a partnership, please attach a certified copy of the resolution of the general partners providing for the transfer of the partnership and any certificate of registration issued by the competent authority of the transferee jurisdiction; and

9.      other information required by the Commission.

## SCHEDULE 9                    (regulation 50)

### Notice/Information of
### Change in Investment Fund Administrator —

1.      name of investment fund;

2.      investment fund licence number;

3.      name and address of existing investment fund administrator;

4.      effective date of termination of relationship with existing investment fund administrator;

5.      name of new investment fund administrator;

6.      effective date of commencement of relationship with new investment fund administrator;

7.      if transferring from Unrestricted to Restricted administrator advise of status of licence of fund; and

8.      such other information as the Commission may deem necessary.

## SCHEDULE 10                    (regulation 51)

### Application for approval to re-launch a Dormant Fund

**1.      Detail of Fund —**

(a)      name of investment fund;

(b)      investment fund licence number;

(c)      effective date of dormancy;

(d)      reasons for dormancy; and

(e)      proposed date for re-launch of investment fund.

2.    **Details of Re-structuring**

Please attach details pertaining to the re-structuring of the investment fund and any supporting documentation.

**APPLICATION MUST BE ACCOMPANIED BY —**

(a)    a copy of the resolution of directors or other confirmation of the approval of the operators or investors, as applicable, of the investment fund for the re-launch of the investment fund;

(b)    prescribed fee; and

(c)    other information required by the Commission.

### SCHEDULE 11                              (regulation 52)

### FORM A

### Annual Declaration for Investment Funds

I, ........................................... the Secretary/Senior Officer of [*name of fund*] having investment fund licence number [..................................], confirm that all of the information filed with the Commission in respect of [*name of fund*] is current and applicable as at the date of this declaration.

Signed:                                      Date:

### FORM B                                  (regulation 53)

### Annual Declaration for an Investment Fund Administrator

We ....................................., as the holder of an Unrestricted/ Restricted Investment Fund Administrator's Licence confirm that all of the information filed with the Commission on behalf of .......................... [*name of investment fund administrator*] is current and applicable as at the date of this declaration.

**OR**

**CH.369A –** 50]    INVESTMENT FUNDS

---

We .................... an Administrator exempt from having to obtain an Investment Fund Administrator's Licence confirm that all of the information filed with the Commission with respect to ................ is current and applicable as at the date of this declaration.

Signed:                              Date:

## FORM C                    (regulation 40)

### Annual Declaration of the renewal of appointment
### Non-Bahamas Based Fund Representative

[Name of Investment Fund] a Non-Bahamas based fund hereby confirms the renewal of the appointment of [*Name of Representative*] as the representative of [Name of the Investment Fund] approved by the Commission pursuant to section 17 of the Act.

Signed:                              Date:

## SCHEDULE 12                    (regulation 55)

### FEES

| ACT | | FEE |
|---|---|---|
| 11 (1) (e) | Application Fee for a Investment Fund Licence (Standard Professional or SMART Fund – non refundable). | $750.00 |
| 11 (2) (d) | Initial Registration Fee (Recognized Foreign Fund –non refundable). | $100.00 |
| 13 (1) (e) | Initial Filing Fee (Investment Funds licensed by an Unrestricted Investment Fund Administrator). | $750.00 |

| | | | |
|---|---|---|---|
| 27 (1) (b) | Annual Investment Fund Licence Fee (Standard, Professional or SMART Investment Fund). | $950.00 | Annual Licence Fee payable in the first year to be pro-rated from the date of licensing to Dec. 31 of that year. |
| 27 (1) (b) | Annual Investment Fund Licence Fee (Self Administered Standard, Professional or SMART Investment Fund) | $1.000.00 | Annual Licence Fee payable in the first year to be pro-rated from the date of licensing to Dec. 31 of that year. |
| 27 (1) (b) | Annual Registration Fee (Recognized Foreign Fund) | $100.00 | Annual Registration Fee payable in the first year to be pro-rated from the date of registration to Dec. 31 of that year. |
| 13 (1) (e) | Annual Filing Fee | | Annual Filing Fee payable in the first year to be pro-rated from the date of licensing to Dec. 31 of that year. |
| 27 (1) (b) | (Investment Funds licenced by a Unrestricted Investment Fund Administrator) | $950.00 | |
| 36 (1) | Initial Principal Office Fee payable by an Investment Fund Administrator or operator of any fund upon starting to provide the principal office to an investment fund. (non-refundable) | $500.00 | Initial principal office fee payable in the first year to be pro-rated from the date of providing the principal office to Dec. 31 of that year. |
| 36 (1) | Annual Principal Office Fee payable by an Investment Fund Administrator of any fund for providing the principal office to an investment fund. (Not payable in the year of licensing or filing - non-refundable) | $500.00 | |
| 33 (1) (b) | Application Fee for an Unrestricted Investment Fund Administrator's Licence (non-refundable) | $5,000.00 | |

| 33 (1) (b) | Application Fee for a Restricted Investment Fund Administrator's Licence (non-refundable) | $2,000.00 | |
| 32 (3) | Application Fee for an exemption from the obligation of having to obtain an Investment Fund Administrator's Licence (non-refundable) | $1,500.00 | |
| 17 (1) | Application fee for approval of Representative of non-Bahamas based fund (non-refundable) | $250.00 | |
| 36 (4) | Annual Unrestricted Investment Fund Administrator's Licence Fee | $10,000.00 | Annual Licence Fee payable in the first year to be pro-rated from the date of licensing to Dec. 31 of that year. |
| 36 (4) | Annual Restricted Investment Fund Administrator's Licence Fee. | $5,000.00 | Annual Licence Fee payable in the first year to be pro-rated from the date of licensing to Dec. 31 of that year. |
| 32 (5) | Annual Exemption Fee from the obligation of having to obtain an Investment Fund Administrator's Licence | $1,500.00 | |
| 17 (4) | Annual renewal of non-Bahamas based representative | $100.00 | |
| 22 (5) | Application fee for the approval of re-launching a dormant fund | $500.00 | |
| 40 (c) | Fee for approval of the issuing, transferring or disposing of shares of the Investment Fund Administrator. | $100.00 | |

| | | |
|---|---|---|
| 44 (1) (c) | Fee for approval of the appointment or change in a director or chief executive officer of the Investment Fund Administrator. | $100.00 |
| | Fee for approval of publication of advertisement in The Bahamas (regulation 33(c)) | $100.00 |
| 29 (3) | Fee for making copies or taking extracts of the Register. | $10.00 |