# EXHIBIT I

# CHAPTER 366

## MUTUAL FUNDS

### MUTUAL FUNDS REGULATIONS, 1995

*S.I. 86/1995*
*S.I. 14/1996*
*S.I. 37/1999*

(SECTION 40)

*[Commencement 3rd November, 1995]*

## PART I
## PRELIMINARY

**1.** These Regulations may be cited as the Mutual Funds Regulations, 1995.

*Citation.*

**2.** In these Regulations—

*Interpretation.*

"the Act" means the Mutual Funds Act, 1995;

*Ch. 366.*

"the Board" means the Securities Board established by the Securities Industry Act;

*Ch. 363.*

"connected person" means—

   (a) any person or company beneficially owning, directly or indirectly, twenty per cent or more of the ordinary share capital of that company or able to exercise, directly of indirectly, twenty per cent or more of the total votes in that company;

   (b) any person or company controlled by a person who or which meets one or both of the descriptions given in paragraph (a);

   (c) any member of the group of which that company forms part;

   (d) any director or officer of that company or any of its connected persons as defined in paragraph (a), (b) or (c); or

   (e) any person being a promoter, broker, underwriter, banker, investment banker or professional adviser who has a special relationship with the person or company described in paragraph (a), (b) or (c);

''constitutive documents'' means the principal docu-
ments governing the formation of the fund, and
includes the trust deed in the case of a unit trust
and the memorandum and articles of association
of a mutual fund corporation and the partner-
ship articles of a partnership and all material
agreements;

''Fund'' means a mutual fund (including a Bahamas-
based mutual fund) as defined in the Act;

''holder'', in relation to a unit or share in a Fund,
means the person who is entered in the register as
the holder of that unit or share or the bearer of a
bearer certificate representing that unit or share;

''recognised jurisdiction fund'' means a fund
authorised pursuant to overseas laws as pre-
scribed from time to time by the Board;

''recognised market'' means any stock exchange, over
the counter market or other organised securities
market that is approved by the Board;

Ch. 316.

''substantial financial institution'' means a licensed
banking institution authorised under the Banks
and Trust Companies Regulation Act or finan-
cial institution with a minimum paid-up capital
of two million dollars or its equivalent in a
foreign currency;

trustee'' or ''custodian'' means the entity required
under regulation 4(1) and ''trustee/custodian''
means an entity which is providing one or both
of such functions.

## PART II
## STRUCTURE OF FUND

Application of
Part II.

**3.** (1) Subject to paragraph (2), this Part shall apply to
Funds regulated under subsection (1) of section 3 of the
Act and authorised under subsection (3) of section 3 of the
Act.

(2) This Part shall not apply—

(a)  to Funds exempted under subsections (4) and (6)
of section 3 of the Act; and

(b)  to Funds administered in The Bahamas by a
licensed mutual fund administrator which—

---

(i) is a financial institution holding an unrestricted bank or trust licence granted pursuant to section 4 of the Banks and Trust Companies Regulation Act; and

(ii) has its principal place of business and its own premises and staff in The Bahamas.

Ch. 316.

**4.** (1) Unit trust applicants shall have—

(a) a trustee who is acceptable to the Licensor and who is independent of the administrator unless —

    (i) specifically exempted by the Licensor; or

    (ii) deemed to be independent under regulation 5; and

(b) a custodian for the assets of the unit trust who is independent of the administrator but not necessarily independent of the trustee.

Role of trustees, custodians and mutual fund administrators.

(2) Investment company applicants shall have a custodian who is independent of the administrator (if any) or of the directors of the Fund if there is no administrator unless—

(a) specifically exempted by the Licensor; or

(b) deemed to be independent under regulation 5:

Provided that no separate custodian shall be required if not less than eighty per cent of the equity capital of the Fund is listed on a recognised stock exchange.

(3) No independent trustee or custodian of a unit trust and no independent custodian of an investment company shall be required if the mutual fund administrator has—

(a) paid-up capital of not less than five hundred thousand dollars;

(b) non-distributable reserves of not less than five hundred thousand dollars;

(c) both paid-up capital and non-distributable reserves of not less than five hundred thousand dollars; or

(d) paid-up capital of not less than one hundred and fifty thousand dollars plus liability insurance cover of not less than three hundred and fifty thousand dollars.

(4) A trustee/custodian shall be—

(a) a bank or trust company with an unrestricted licence granted by the Minister of Finance; or

(b)   such other bank or trust company having—

  (i)   a minimum paid-up capital and non-dis-
        tributable reserves of two million dollars; or

  (ii)  less than two million dollars if the trustee/
        custodian is the wholly owned subsidiary of
        a parent company which—

    (A)   qualifies under subparagraph (b)(i) and
          issues a standing commitment to the
          Minister to subscribe additional capital
          up to two million dollars if so required
          by the Minister; or

    (B)   undertakes with the Minister that it
          shall not let its wholly owned subsidi-
          ary default.

(5)   Where there is a licensed mutual fund adminis-
trator providing the principal office for a Fund its role
shall be that of a manager with additional responsibil-
ities—

(a)   to ensure that the trustee/custodian of a unit
      trust or the directors of an investment company
      or the general partners of a partnership are
      meeting their obligations and complying with the
      Act and the regulations;

(b)   to ensure that the Fund is not carrying on its
      business in a manner which is or is likely to be
      prejudicial to investors in or creditors of the
      Fund; and

(c)   to report to the Board regarding the Funds for
      which it provides the principal office.

Independence.   **5.** If the trustee/custodian and the administrator or
the director of the Fund are bodies corporate having the
same ultimate parent company, wherever incorporated, the
trustee/custodian and the administrator or the director of
the Fund shall be deemed to be independent of each
other—

(a)   if—

  (i)   they are subsidiaries of a substantial finan-
        cial institution;

  (ii)  neither the trustee/custodian nor the admin-
        istrator nor the director of the Fund is a
        subsidiary of the other;

    (iii) no person is a director of the trustee/
custodian and the administrator or the
Fund; and

    (iv) the trustee/custodian and the administrator
and the director of the Fund sign an
undertaking with the Minister that they will
act independently of each other in their
dealings with the Fund; or

(b)  if the Fund is established in a jurisdiction where
operational separation of powers is required and
enforced by law.

**6.** (1) In relation to unit trusts—

(a)  the trustee or the custodian appointed by and
responsible to the trustee shall take into its
custody or under its control all the property of
the Fund and hold it in trust for the investors in
accordance with the provisions of the regulations
and the trust deed and cash and registerable
assets shall be registered in the name of or to the
order of the trustee/custodian;

(b)  the trustee shall—

    (i) ensure that the sale, issue, repurchase,
redemption, and cancellation of units or
shares of the Fund are carried out in
accordance with the provisions of these
regulations and the trust deed;

    (ii) ensure that the value of the units or shares is
calculated in accordance with the provisions
of the trust deed;

    (iii) carry out the proper instructions of the
management company or mutual fund
administrator;

    (iv) ensure that the investment and borrowing
limitations set out in the trust deed are
complied with;

    (v) ensure that the Fund is audited annually or
more frequently and co-operate with the
auditors; and

    (vi) not issue units, shares or certificates unless
or until subscription moneys have been paid
in full.

*General powers
and duties of
trustees and
custodians.*

(2) The administrator of a unit trust shall ensure that the trustee/custodian complies with paragraph (1)(a).

(3) In relation to investment companies—

(a)   the custodian shall have the duties imposed upon a trustee or custodian of a unit trust as specified in paragraph (1)(a) and such other duties as may be imposed by agreement with the investment company or its administrator;

(b)   the administrator (and for self-managed Funds, the directors of the Fund) shall ensure compliance with the provisions of subparagraph (a) by the custodian and shall provide for the matters specified in paragraph (1)(b) substituting "articles of association" for "trust deed".

**Liabilities of trustee/ custodian.**

**7.** (1) The trustee/custodian—

(a)   shall be liable to the administrator and the investors for any loss suffered by them as a result of its wrongful failure to perform its obligations or its improper performance of them;

(b)   shall be liable for any act or omission of any agent with whom bearer securities or investments or instruments of the Fund are deposited.

(2) Where borrowing is undertaken for the account of the Fund, assets of the Fund may be registered in the name of the lender or of a nominee for the lender and the trustee/ custodian shall be liable for the acts and omissions of the lender and its agents in relation to such assets.

**Retirement of trustee/ custodian.**

**8.** The trustee/custodian shall not be permitted to retire except and upon the appointment of a new trustee/ custodian or of a new trustee and a new custodian approved in advance by the Board and on the assumption by the new trustee/custodian or the new trustee and new custodian of its duties as such.

**The licensed mutual fund administrator.**

**9.** (1) Every unit trust and investment company (unless exempted) shall appoint a licensed mutual fund administrator, except for self-managed funds, as follows—

(a)   a fund managed by its own board of directors who are to perform the functions of an investment company, and in this case biographical details and an account of the professional qualifications and experience of the directors shall be supplied to the Board; and

MUTUAL FUNDS [**CH.366** – 9

(b) the directors of a self-managed fund are prohibited from dealing with the Fund as principals.

(2) A licensed mutual fund administrator shall—

(a) be engaged in the business of fund management;

(b) have sufficient financial resources as provided in the Act;

(c) not lend to a material extent; and

(d) maintain at all times a positive net asset position.

**10.** Indebtedness owed by the licenced mutual fund administrator to its parent company shall be considered as part of capital for the purpose of regulation 9(2) in the following circumstances— *Intercompany indebtedness.*

(a) the indebtedness shall not be settled without the prior written consent of the Board; and

(b) the indebtedness shall be subordinate to all other liabilities of the mutual fund administrator, both in terms of its entitlement to income and its rights in a liquidation.

**11.** (1) The directors of the administrator shall be of good repute and, in the opinion of the Board, possess the necessary experience for the performance of their duties; biographical details and an account of the professional qualifications and experience of the directors and of every person succeeding them in office shall be supplied to the Board. *Qualifications of directors.*

(2) Where the administrator is an individual or a partnership similar provisions shall apply *mutatis mutandis* to the individual and the general partners as are required in respect of the directors of a company under paragraph (1).

**12.** Where an investment adviser is appointed, the Board may require evidence that the investment adviser is appropriately qualified for the performance of its function. *Qualifications of investment adviser.*

**13.** An administrator shall— *General powers and duties of administrator.*

(a) manage the Fund in accordance with the Fund's constitutive documents and the provisions of these regulations in the exclusive interest of the holders and to fulfil the duties imposed on it by the general law; as such it shall fulfil its obligations with the diligence of a salaried agent and be answerable to the holders for any loss resulting from the non-fulfilment or improper fulfilment of its obligations;

(b)   maintain the books and records of the Fund and prepare the Fund's accounts and reports and at least one audited financial statement in respect of each financial year shall be sent to all registered holders within four months of the end of the financial year; and

(c)   make the constitutive documents available for inspection by the holders in The Bahamas, free of charge at all times during normal office hours at its place of business or that Of The Bahamas representative of the Fund, and make copies of such documents available upon the payment of a reasonable fee.

**Retirement or removal of administrator.**

**14.** (1) The administrator shall be subject to removal by notice in writing from the trustee of a unit trust or the directors of a company Fund if —

(a)   the administrator goes into liquidation, becomes bankrupt or has a receiver appointed over its assets;

(b)   for good and sufficient reason, the trustee or director is of the opinion and so states in writing that a change of administrator is desirable in the interests of the holders; or

(c)   holders whose shares or units carry voting rights representing at least fifty percent in value of the units or shares outstanding, deliver to the trustee a written request to dismiss the administrator.

(2) The administrator shall retire —

(a)   in all other cases provided for in the constitutive documents; or

(b)   when the Board withdraws its approval of the administrator.

(3) The Board shall be informed by the trustee or director or Bahamas representative of any decision to remove the administrator.

(4) Upon the retirement or dismissal of the administrator, the trustee or director shall appoint a new administrator as soon thereafter, subject to the approval of the Board.

**15.** A mutual fund administrator shall, at the outset and upon any vacancy have its accounts audited in accordance with the standards and guidelines adopted by the Bahamas Institute of Chartered Accountants and the Board reserves the right to require the retirement of the auditor.

*Audit.*

# PART III
## OPERATION OF FUND

**16.** (1) Subject to paragraph (2), this Part shall apply to Funds regulated under subsection (1) of section 3 of the Act and authorised under subsection (3) of section 3 of the Act.

*Application of Part III.*

(2) This Part shall not apply—

(a)    to Funds exempted under subsections (4) and (6) of section 3 of the Act; and

(b)    to Funds administered in The Bahamas by a licensed mutual fund administrator which—

(i)    is a financial institution holding an unrestricted bank or trust licence granted pursuant to section 4 of the Banks and Trust Companies Regulation Act; and

*Ch. 316.*

(ii)    has its principal place of business and its own premises and staff in The Bahamas.

**17.** (1) The offering document of the Fund shall contain the information necessary for investors to be able to make an informed judgment of the investment proposed to them, and in particular shall contain the information listed in the First Schedule and shall make full disclosure of all material facts and risks inherent in an investment in the Fund.

*The offering document.*

*First Schedule.*

(2) The Fund's most recent audited annual report and accounts shall be available to holders if requested:

Provided always that this requirement shall not apply to a newly constituted Fund.

(3) No application form may be supplied to any person not a holder of shares or units of the Fund unless accompanied by the offering document, except that an advertisement or report containing all the requirements of the First Schedule may be allowed to incorporate an application form.

CH.366 – 12]                                    MUTUAL FUNDS

(4) If performance data or estimated yield is quoted in an offering document, advertisement or any other invitation to the public to invest, all calculations and representations shall be clarified and justified.

Constitutive documents. Second Schedule.

**18.** (1) The constitutive documents of a Fund shall contain the information listed in the Second Schedule and nothing in the constitutive documents may provide that the trustee/custodian, administrator, investment manager or directors of the Fund shall be exempted from any liability to holders imposed under Bahamian law or the law of the Fund's place of domicile, in the case of wilful default or negligence on their part.

(2) The constitutive documents may be altered by the trustee or directors without consulting holders whose shares or units carry voting rights provided that the trustee or directors certify in writing that in their opinion the proposed alteration —

(a)   is necessary to make possible compliance with fiscal or other statutory or official requirements; or

(b)   does not materially prejudice holders' interests, does not to any material extent release the trustee/custodian, administrator, investment manager or any other person from any liability to holders and does not materially increase the costs and charges payable from the Fund property,

and in all other cases no alteration may be made except by a special or extraordinary resolution of holders whose shares or units carry voting rights.

Pricing, issue and redemption of units and shares.

**19.** (1) If an initial offer is made, no investment of subscription money shall be made until the conclusion of the first issue of units or shares at the initial price.

(2) Offer and redemption prices shall be calculated on the basis of the Fund's net asset value divided by the number of units or shares outstanding or as otherwise provided in the Fund's offering memorandum and such prices may be adjusted by fees and charges, provided such fees and charges are clearly disclosed in the offering document.

(3) The value of investments not listed or quoted on a recognised market shall be determined on a regular basis by a professional person approved by the trustee or directors as qualified to value such investments.

(4) For open-end Funds there shall normally be at least one regular dealing day each quarter and the offer price which the administrator or the distribution company quotes or publishes shall be the maximum price payable on purchase and any redemption price shall be the net price receivable on redemption, but exceptionally the Board may approve a less frequent dealing interval.

(5) After the receipt of a properly documented request for redemption of units or shares the maximum interval between the dealing day applicable thereto and the payment of the redemption money to the holder may not exceed one calendar month.

(6) A permanent change in the method of dealing may be made only with the approval of the Board and the trustee or directors.

(7) A temporary change may be made—

(a)  in exceptional circumstances, having regard to the interests of holders;

(b)  if the possibility of a change and the circumstances in which it can be made have been fully disclosed in the offering document; and

(c)  with the approval of the trustee or directors.

(8) Suspension of dealings may be provided for only in exceptional circumstances, having regard to the interests of holders or as provided in the offering document.

(9) The administrator or the Bahamas representative shall immediately notify the Board if dealing in units or shares ceases or is suspended and the fact that dealing is suspended shall be published immediately following such decision and at least once a month during the period of suspension, in the newspaper (if any) in which the Fund's prices are normally published, and in such newspaper or newspapers as the Board may specify.

(10) Where redemption requests on any one dealing day exceed ten percent of the total number of units or shares in issue, redemption requests in excess of ten percent may be deferred to the next dealing day.

CH.366 – 14]                    MUTUAL FUNDS

Transactions
with connected
persons.

**20.** (1) No person shall be allowed to enter on behalf of the Fund into underwriting or sub-underwriting contracts without the prior consent of the trustee or directors and unless the Fund or the administrator provides in writing that all commissions and fees payable to the administrator or other connected person under such contracts and all investments acquired pursuant to such contracts shall form part of the Fund's assets.

(2) If cash forming part of the Fund's assets is deposited with the trustee/custodian, the administrator, the investment manager or with any connected person of these companies (being a bank) interest shall be received on the deposit at a rate not lower than the prevailing commercial rate for a deposit of that kind, size and term.

(3) All transactions carried out by or on behalf of the Fund shall be at arm's length and in particular, any transactions between the Fund and the administrator, investment manager, the directors of the Fund or any of their connected persons as principal may be made only with the prior written consent of the trustee or directors and all such transactions shall be disclosed in the Fund's annual report.

Meetings.

**21.** Where the offering document for a Fund declares that there will be general meetings of the holders whose units or shares carry voting rights the Fund shall arrange to conduct general meetings of holders substantially as follows —

(a)    holders must be able to appoint proxies;

(b)    votes shall be proportionate to the number of units or shares held or to the value of units or shares held where there are accumulation units or shares;

(c)    the quorum for meetings at which a special or extraordinary resolution is to be considered should be the holders of twenty-five percent of the units or shares in issue and ten percent if only an ordinary resolution is to be considered;

(d)    if within half an hour from the time appointed for the meeting a quorum is not present, the meeting shall stand adjourned for not less than fifteen days and the quorum at an adjourned meeting shall be those persons present in person or by proxy;

(e) if the possibility exists of a conflict of interest between different classes of holders there shall be provision for class meetings;

(f) an extraordinary general meeting shall be called for the following purposes—

    (i) to modify, alter or add to the constitutive documents, except as provided in regulation 17(2);

    (ii) to terminate the Fund,

    (iii) to increase the maximum fees paid to the administrator, directors of the Fund or trustee/custodian; or

    (iv) to impose other types of fees;

(g) where bearer units are in issue, proper provision shall be made for notification to bearer holders of the timing and agenda of forthcoming meetings and voting arrangements;

(h) the directors of the Fund, the trustee/custodian, the administrator, investment manager and their connected persons shall be prohibited from voting their beneficially owned shares at, or forming a quorum for, a meeting in which they have a material interest in the business to be contracted;

(i) an ordinary resolution may be passed by a simple majority of the votes of those present at a duly convened meeting;

(j) a special or extraordinary resolution may be passed only by seventy-five percent or more of the votes of those present and voting at a duly convened meeting.

**22.** A Fund shall maintain a register of holders and the Board shall be advised of the address where the register is kept.

*Holders' register.*

**23.** (1) At least one report shall be published in respect of each financial year and it shall contain the audited financial statements of the Fund and be distributed to holders within four months of the end of the Fund's financial year.

*Reporting to holders.*

(2) Where possible the Fund shall make reasonable attempts to notify holders of any changes to the offering or constitutive documents.

CH.366 – 16]                    MUTUAL FUNDS

Reporting to
Board.

**24.** (1) Subsequent to the licensing or authorisation of the Fund, all financial reports produced by or for the Fund and its administrator shall be filed with the Board.

(2) The administrator shall supply the Board, upon request, with all information relevant to the Fund's financial reports and accounts.

(3) The administrator shall notify the Board as soon as possible of any change to the data in the application form.

(4) With the financial reports the Fund shall submit the following information to the Board, namely—

(a)  total assets in United States dollar equivalent;

(b)  net assets in United States dollar equivalent;

(c)  the number of holders; and

(d)  the name of the licensor.

Fees.

**25.** (1) All costs and charges payable from the Fund property shall be clearly stated, with percentages expressed on a per annum basis.

(2) Commission to sales agents may be payable from the Fund property if disclosed.

Advertising and
public
announcements.

**26.** (1) Advertisements and other invitations to the public anywhere to invest in the Fund, including public announcements, made by or on behalf of a Bahamas-based mutual fund shall be accurate and contain sufficient relevant information to ensure that they do not mislead by omission.

(2) No radio, television or cinema advertising of a Fund is permitted in The Bahamas, nor door-to-door canvassing for sales.

(3) If a Fund is described as having been licensed or authorised by the Board it shall be stated that in giving this licence or authorisation the Board does not take responsibility for the financial soundness of the Fund or for the correctness of any statements made or opinions expressed in this regard.

English
translation.

**27.** All documents submitted to the Board or required by the Board must be in the English language or accompanied by a translation in the English language.

# PART IV
## ADDITIONAL REQUIREMENTS FOR
## NON-BAHAMAS BASED FUNDS

**28.** (1) Subject to paragraph (2), this Part shall apply to Funds regulated under subsection (1) of section 3 of the Act and authorised under subsection (3) of section 3 of the Act.

*Application of Part IV.*

(2) This Part shall not apply—

(a)  to Funds exempted under subsection (4) of section 3 of the Act; and

(b)  Funds administered in The Bahamas by a licensed mutual fund administrator which—

(i)  is a financial institution holding an un-restricted bank or trust licence granted pursuant to section 4 of the Banks and Trust Companies Regulation Act; and

*Ch. 316.*

(ii)  has its principal place of business and its own premises and staff in The Bahamas.

**29.** A Fund shall be required to appoint a representative in The Bahamas if it sells any of its shares or units in The Bahamas and if its administrator is not incorporated in The Bahamas and does not have a place of business in The Bahamas.

*Appointment of a Bahamas representative.*

**30.** The representative must be approved by the Board and the Fund shall maintain the representative throughout the period during which it is authorised in The Bahamas.

*Maintenance of representative.*

**31.** The representative is not required to take responsibility for the acts and omissions of the administrator or, in the case of the Fund being a company, the directors of the Fund but it shall however be authorised on behalf of the Fund and the administrator to—

*Functions of representative.*

(a)  receive applications and money for units and shares from persons in The Bahamas;

(b)  issue receipts in respect of the application moneys received in accordance with paragraph (a);

(c)  issue contract notes to the applicants in accordance with the terms of the Fund;

(d)  receive redemption notices, transfer instructions and conversion notices from holders for immediate transmission to the administrator or the Fund;

(e)  accept any notices or correspondence which holders may wish to serve on the Fund, trustee/custodian or the administrator;

(f)  notify the Board immediately if redemption of shares or units cease or is suspended;

(g)  make available for inspection by holders in The Bahamas, free of charge, and offer for sale at a reasonable price to holders, all constitutive documents of the Fund;

(h)  provide holders with information on the Fund including the Fund's financial reports and sales literature;

(i)  deliver to the Board, if it so requests, all accounts and records relating to the sale and redemption of units or shares of the Fund in The Bahamas; and

(j)  represent the Fund and the administrator in relation to all matters in which any holder normally resident in The Bahamas has a pecuniary interest or which relates to units or shares sold in The Bahamas.

**Replacement of representative.**

**32.** The representative shall be replaced as soon as possible, should it retire or be dismissed, subject to the approval of the Board.

**Representative agreement.**

**33.** Details of all contracts between the representative, Fund and the administrator shall be supplied to the Board and any subsequent amendments of these contracts shall be notified to the Board.

## PART V
## MISCELLANEOUS

**Application Forms.**

**Third Schedule.**

*S.I. 14/1996.*

**34.** (1) An application for a Mutual Fund Licence or for authorisation under section 3(3) of the Act shall contain the particulars set out in the Third Schedule:

Provided, however, that in the case of a mutual fund in existence immediately before the commencement of the Act the application for a Mutual Fund Licence or for

MUTUAL FUNDS                    [**CH.366** – 19

authorization under section 3(3) of the Act shall contain only those particulars which are set out in the Sixth Schedule and provided further however that the Board in considering such application may require the applicant to supply such further or other particulars as to the Board may seem necessary or desirable in carrying out their duties.

Sixth Schedule.

(2) An application for a Mutual Fund Administrator's Licence shall contain the particulars set out in the Fourth Schedule:

Fourth Schedule.

Provided, however, that the Board may in its discretion decide in respect of any particular application that certain of the particulars set out in the Fourth Schedule need not be provided.

*S.I. 14/1996.*

Fourth Schedule.

**35.** (1) Subject to paragraph (2), the fees payable for the various matters under the Act are those set out in the Fifth Schedule.

Fees.

Fifth Schedule.

(2) The fees mentioned under sections 9(2) and (5), 11(1)(b)(ii) and 13(3) shall not apply to an applicant which is a bank or trust company licensed under the Banks and Trust Companies Regulation Act.

Ch. 316.

**36.** Any person who —

Offences and penalties.

(a)    is found in possession, with a view to distribution to the public, of or distributing any circular, advertisement or other invitation offering to the public to subscribe for shares or units of a mutual fund and which documents do not comply with these regulations;

(b)    makes false or misleading representations regarding the nature or performance or financial information of a mutual fund;

(c)    gives false or misleading information regarding a mutual fund's directors, managers, trustees, advisers or auditors;

(d)    fails to disclose the payment of any fee or commission required to be disclosed by these regulations;

(e)    breaches these regulations regarding radio, television or cinema advertising of Funds in The Bahamas;

(f)    breaches these regulations regarding door to door canvassing for sales in The Bahamas; or

(g)    without reasonable cause contravenes any other provision of these regulations,

is guilty of an offence and shall by liable on summary conviction to a fine of $5,000 or to imprisonment for twelve months or to both such fine and imprisonment.

## FIRST SCHEDULE (Regulation 17(1)

### INFORMATION TO BE DISCLOSED IN THE OFFERING DOCUMENT

*Constitution of the Fund*

Name, registered address and place and date of the creation of the Fund, with an indication of its duration if limited.

*Investment Objectives and Restrictions*

Details of investment objectives and policy, including summary of the investment and borrowing restrictions.

If the nature of the investment policy so dictates, a warning that investment in the Fund is subject to abnormal risks, and a description of the risks involved.

*Operators and Principals*

The names and registered addresses of the following parties:

(a)  the directors of the Fund (if applicable);

(b)  the administrator and its board of directors (if applicable);

(c)  the trustee/custodian;

(d)  the investment adviser (if any);

(e)  the Bahamas Representative (if applicable);

(f)  the distribution company (if applicable);

(g)  the auditors.

*Characteristics of Units and Shares*

Minimum investment (if any).

A description of the different types of units or shares, including their currency of denomination.

Form of certification.

Frequency of valuation and dealing, including dealing days.

*Application and Redemption Procedures*

Procedure for subscribing and redeeming for units and shares.

The maximum interval between the request for redemption and the dispatch of the redemption proceeds.

The circumstances in which redemption of units and shares may be suspended.

Except for Funds authorised pursuant to subsection (3) of section 3 of the Act, it must be stated that no money should be paid to any intermediary in The Bahamas who is not a licensed mutual fund administrator or the representative duly appointed under Part IV of the Regulations.

*Distribution Policy*

The distribution policy and the approximate dates on which dividends (if any) will be paid (if applicable).

*Fees and Charges*

(a) The level of all fees and charges payable by an investor, including all charges levied on subscription and redemption and switching (in the case of umbrella Funds).

(b) The level of all fees and charges payable by the Fund, including management, custodian fees and start-up expenses.

Disclosure of entitlement to brokerage or other transaction benefits of any connected persons to the Fund.

*Reports and Accounts*

The date of the Fund's financial year.

Particulars of what reports will be sent to registered holders and when. If there are bearer units in issue, information must be given regarding the name and address of the mutual fund administrator or the Bahamas representative.

*Warnings*

The following statement and warning must be prominently displayed in the offering document—

(a) "Important — if you are in any doubt about the contents of this offering document, you should consult your stockbroker, bank manager, counsel and attorney; accountant or other financial adviser";

(b) a warning that the price of units or shares and the income from them (where income is distributed) may go down as well as up.

*General Information*

A list of constitutive documents and an address in The Bahamas where they can be inspected free of charge or purchased.

The date of publication of the offering document.

A statement that the directors of the Fund or the administrator accept responsibility for the information contained in the offering document as being accurate as at the date of publication.

Details of Funds not authorised must not be shown in the offering document. Where names of such Funds are mentioned, these must be clearly marked as unauthorised and not available to residents of The Bahamas.

## SECOND SCHEDULE (Regulation 18(1))

### CONTENTS OF THE CONSTITUTIVE DOCUMENTS

*Name of Fund*

*Participating Parties*

A statement to specify the participating parties including the administrator, trustee/custodian, and investment adviser (if appointed), and the name and address of the Bahamas representative.

*Governing Law*

**For unit trust schemes only:**

(a) A statement that the deed is binding on each holder as if he had been a party to it and so to be bound by its provisions and authorises and requires the trustee and the administrator to do as required of them by the terms of the deed.

(b) A provision that a holder is not liable to make any further payment after he had paid the purchase price of his units and that no further liability can be imposed on him in respect of the units which he holds.

(c) A declaration that the property of the Fund is held by the trustee on trust for the holders of the units *pari passu* according to the number of units held by each holder.

*Role of Trustee/Custodian*

(a) A statement to list the duties of the trustee/ custodian as set out in regulation 6.

(b) A statement that the trustee/custodian should retire in the manner as stipulated in regulation 8.

*Role of Administrator*

(a) A statement to list the duties of the administrator company as set out in regulation 13.

(b) A statement that the administrator should retire in the manner as set out in regulation 14.

*Investment and Borrowing Restrictions*

A statement to list the restrictions on the investment of the deposited property and the maximum borrowing limit of the Fund.

*Valuation of Property and Pricing*

The following rules on valuation of property and pricing shall be stipulated—

(a)  the method of determining the value of the assets and liabilities of the property of the Fund and the net asset value accordingly;

(b)  the method of calculating the issue and redemption prices; and

(c)  the method of pricing and the circumstances under which it can change.

*Dealing, Suspension and Deferral of Dealing*

The following shall be stated —

(a)  the circumstances under which the dealing of units and shares can be deferred or suspended;

(b)  after the receipt of a properly documented request for redemption of units and shares the maximum interval between the dealing day applicable thereto and the payment of the redemption money to the holder shall not exceed one calendar month.

*Fees and Charges*

The following shall be stated —

(a)  the maximum percentage of the preliminary charge payable to the administrator out of the issue price of a unit or share;

(b)  the maximum fee payable to the administrator out of the property of the Fund, expressed as an annual percentage;

(c)  the maximum fee payable to the trustee/custodian;

(d)  the preliminary expenses to be amortised against the property of the Fund; and

(e)  all other material fees and charges payable out of the property of the Fund.

*Meetings*

There shall be provisions regarding the manner in which holders' meetings shall be conducted in accordance with regulation 21.

*Transactions with Connected Persons*

The following shall be stated —

(a)  cash forming part of the property of the Fund may be placed as deposits with the trustee/custodian, administrator or their connected persons (being a bank) so long as that bank pays interest thereon at no lower rate than is, in accordance with normal banking practice, the commercial rate for deposits of the kind, size and for the term of the deposit in question negotiated at arm's length;

(b)  money may be borrowed from the trustee/custodian, administrator or their connected persons (being a bank) so long as they

CH.366 – 24]                              MUTUAL FUNDS

charge interest at no higher rate, and any fee for arranging or terminating the loan is of no greater amount than is, in accordance with normal banking practice the commercial rate for a loan of the kind, size and term of the loan in question negotiated at arm's length;

(c)  any transactions between the Fund and the administrator, the investment adviser, directors of the Fund or any of their connected persons as principal may be made only with the prior written consent of the trustee/custodian.

*Distribution Policy and Date*

The date in the calendar year on which annual income, if any, will be distributed.

*Annual Accounting Period*

The date in the calendar year on which the annual accounting period ends. In the case of an umbrella Fund, the accounting period shall be the same for all constituent Funds.

*Base Currency*

A statement of the base currency of the Fund.

*Modification of the Constitutive Documents*

A statement that alterations to the constitutive documents may be made in the manner set out in regulation 18(2).

*Termination of Fund*

A statement of the circumstances in which the Fund may be terminated.

### THIRD SCHEDULE (Regulation 34(1))

**INFORMATION TO BE CONTAINED IN THE APPLICATION FORM FOR A MUTUAL FUND LICENCE**

*Details of the Fund*

Name of the Fund.

Names of the sub-Funds (if any).

Structure of the Fund.

Applicable law, date and country of incorporation.

Quotation on any stock exchange and authorisation granted by other regulatory bodies.

Undertakings given to other regulatory bodies.

Launch: date and place.

Dealing: daily/weekly/other.

Valuation of assets: daily/weekly/other.

Pricing: forward/historic/other.

Whether shares or units to be offered for sale in The Bahamas.

*For Each Fund or Sub-Fund*

(a)  Fee structure:

    (i)  level of all charges payable by investor;

    (ii)  level of all charges payable by Fund.

(b)  For equity and bond Funds:

    (i)  investment objective and borrowing powers;

    (ii)  currency of denomination.

(c)  For specialised Funds:

    (i)  Fund type and applicable regulations;

    (ii)  currency of denomination.

(d)  Minimum initial subscription and the minimum subsequent holding.

*Details of the Parties to the Fund*

*The administrator*

(a)  Name.

(b)  Registered and business address.

(c)  Name of the ultimate parent company (if any).

(d)  Previously approved by the Board to manage mutual Funds? If no, the resumés of the directors and most recent financial report.

(e)  Person or persons for contact with the Board.

    **In the case of self-managed Fund, the resumés of the directors of the Fund and person or persons for contact.**

*The trustee/custodian*

(a)  Name.

(b)  Registered and business address.

(c)  Name of the ultimate parent company.

(d)  Previously approved by the Board as trustee/ custodian of mutual Funds? If no, resumés of the directors and most recent financial report.

(e)  Person or persons for contact with the Board.

*The investment adviser (if any) and investment manager (if any)*

(a)  Name.

(b)  Registered and business address.

(c)  Name of the ultimate parent company (if any).

*The trustee/custodian, administrator, investment manager and investment adviser*

(a)  Which, if any, of these companies are connected persons?

CH.366 – 26]                         MUTUAL FUNDS

(b) Name anyone who holds appointments as director or officer
with more than one of these companies.

*The Bahamas Representative and Distribution Company*

(a) Name.

(b) Registered and business address.

(c) Name of the ultimate parent company (if any).

(d) Person or persons for contact with the Board.

(e) If a separate distribution company is appointed in The
Bahamas—

(i) Name.

(ii) Registered and business address.

*The auditor*

(a) Name.

(b) Registered and business address.

*Attorney in The Bahamas (if any)*

(a) Name.

(b) Person or persons for contact with the Board.


## FOURTH SCHEDULE (Regulation 34(2))

### INFORMATION TO BE CONTAINED IN THE APPLICATION FORM FOR A MUTUAL FUND ADMINISTRATOR'S LICENCE

1. Name of Applicant.
   Address of Applicant.
   Telephone Number.
   Fax Number.
   Contact.
2. Type of licence required:
   Unrestricted/Restricted/Exempt (Delete as appropriate).
3. Applicant's principal office in The Bahamas (if any):
   Address.
   Telephone number.
   Fax Number.
4. Individual agents resident in The Bahamas (if any):
   Names.
   Addresses.
   Telephone Number.

MUTUAL FUNDS                                    [CH.366 – 27

Fax Number.

5.  Does the Applicant have its Registered Office in The Bahamas?
    If so state address:

6.  If the Applicant is a company state and produce:

    (1)  Place of incorporation and Registered Office and address
         of the Principal Office.

    (2)  Authorised and paid-up share capital.

    (3)  Names and addresses of shareholders of a private
         company. If it is a public company advise where it is listed.

    (4)  Names and addresses of the Directors.

    (5)  Names and addresses of its principal Executive Officers
         with their experience in administering mutual funds.

    (6)  Produce audited financial statements for the past two
         years.

    (7)  Produce current unaudited financial statements.

    (8)  Does the Applicant have a Licence under the provisions of
         section 4 of the Bahamas and Trust Companies Regulation
         Act? If so, is it an unconditional licence?

    (9)  If it is not so licensed, produce resumés, two character
         references and one financial reference for every Director
         and Senior Officer and for every shareholder of a private
         company Applicant.

    (10) If not so licensed, produce financial and net worth
         statements for the principal shareholders and for the
         Directors, certified by their accountants or banker.

    (11) Name and address of Auditors.

    (12) Name and address of principal bankers, and contact there.

7.  If the Applicant is a partnership firm state and produce:

    (1)  Where established and address of principal office.

    (2)  Names and addresses and nationalities of general partners.

    (3)  Produce audited financial statements of the partnership for
         the past two years.

    (4)  Produce current unaudited financial statements of the
         partnership.

    (5)  Produce financial and net worth statements for the general
         partners certified by their account or banker.

    (6)  Produce two character references and one financial
         reference and a resumé for each general partner.

    (7)  State experience of the general partners and the senior
         personnel in administering mutual funds.

**CH.366** – 28]                              MUTUAL FUNDS

      (8)  Name and address of auditors.

      (9)  Name and address of principal bankers, and contact there.

8.  If the Applicant is an individual state and produce:

    (1)  Nationality.

        Place of birth.

        Date of birth.

        Address.

    (2)  Financial statement and net worth statement of Applicant certified by his accountant or banker.

    (3)  Two character references.

    (4)  Resumés.

    (5)  State Applicant's experience in administration of mutual funds.

9.  Describe the mutual funds now being administered by the Applicant, and state for how long the Applicant has been the Administrator.

10. State the Funds which the Applicant proposes to administer when licensed in The Bahamas.

    \* The application must be signed by or on behalf of the Applicant and must be accompanied by the prescribed fee.

## FIFTH SCHEDULE (Regulation 35)

### TABLE OF FEES

*S.I. 37/1999.*

| | Section of Act | Description of Fee | Fee |
|---|---|---|---|
| *S.I. 37/1999.* | 3(3)(d) | Application fee for the registration of an authorised mutual fund | $500.00 |
| | 4(1)(b)(iv) | Application fee for a Mutual Fund Licence | $ 500 |
| *S.I. 37/1999.* | 4(2) | Filing fee in respect of a Mutual Fund licensed by a licensor other than the Commission | $500.00 |
| | 8(1) | Annual licence fee in respect of a Mutual Fund Licence | $ 500 |
| | 8(2) | Annual registration fee in respect of an authorised Mutual Fund registered with the Board | $ 500 |
| | 9(2) | Application fee for exemption from obligation to obtain Mutual Fund Administrator's Licence | $ 200 |

MUTUAL FUNDS                                    [CH.366 – 29

| Section of Act | Description of Fee | Fee | |
|---|---|---|---|
| 9(5) | Annual exemption fee in respect of Mutual Fund Administrator exempted from obtaining a Mutual Fund Administrator's Licence | $ 200 | |
| 11(1)(b)(ii) | (a) Application fee for a Mutual Fund Administrator's Licence other than a restricted Mutual Fund Administrator's Licenceñ | $5,000 | |
| | (b) Application fee for a restricted Mutual Fund Administrator's Licence | $2,000 | |
| 13(1)(b) | Fee payable by a Mutual Fund Administrator upon starting to provide the principal office for a regulated mutual fund | $ 500 | *S.I. 37/1999.* |
| 13(2) | Annual principal office fee payable by a Mutual Fund Administrator in respect of a mutual fund for which it provides a principal office | $ 500 | *S.I. 37/1999.* |
| 13(3) | (a) Annual licence fee in respect of a Mutual Fund Administrator's Licence other than a restricted Mutual Fund Administrator's Licence | $5,000 | |
| | (b) Annual licence fee in respect of a restricted Mutual Fund Administrator's Licenceñ | $2,000 | |

## SIXTH SCHEDULE (Regulation 34(1))                    *S.I. 14/1996.*

### INFORMATION TO BE CONTAINED IN AN APPLICATION FORM FOR A MUTUAL FUND LICENCE OR FOR AUTHORIZATION UNDER SECTION 3(3) OF THE ACT PURSUANT TO THE PROVISO TO REGULATION 34(1)

*Details of Fund*

Name of the fund ...........................................................................

Names of the sub-funds (if any) ....................................................

Structure of the fund ...................................................................

Applicable law, date country of incorporation ..............................

MUTUAL FUNDS

Stock exchange(s) on which listed ..................................................

Name and address of the Promoter of the fund ...........................

Minimum initial subscription ..........................................................

*Details of Parties to the Fund*

(a)  *Administrator*

   Name Registered and Business address ..................................

   Phone No.  ................... Fax No .............................................

                                               Person(s) for contact ........................

(b)  *Trustee/Custodian, Investment Adviser and/or Investment Manager*

   if any of these are other than (a) above:

    (i) Names ..............................................................................

    (ii) Address(es) .......................................................................

    (iii) Connection with (a) above ...............................................

*Auditor*

(a)  Name ......................................................................................

(b)  Registered and Business Address. ...........................................