**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                            Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re: BERNARD L. MADOFF,<br><br>                            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>                            Plaintiff,<br><br>      v.<br><br>CAROL NELSON,<br><br>                            Defendant. | Adv. Pro. No. 10-04658 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>                            Plaintiff,<br><br>      v.<br><br>CAROL NELSON, Individually and as Joint Tenant; and STANLEY NELSON, Individually and as Joint Tenant,<br><br>                            Defendants. | Adv. Pro. No. 10-04377 (SMB) |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*
NUMBER 3 TO EXCLUDE TESTIMONY AND EXHIBITS RELATED TO DEFENDANTS'
ASSERTED TAX OBLIGATIONS TO GOVERNMENTAL TAXING AUTHORITIES**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................2

ARGUMENT...................................................................................................................................2

      I.     A COURT MAY EXCLUDE EVIDENCE THAT IS NOT RELEVANT OR MISLEADING...................................................................................................2

           A.     Exclusion Of Evidence That Is Not Relevant ..............................................2

           B.     Exclusion Of Evidence That Does Not Promote Judicial Efficiency ..........3

      II.    EVIDENCE ON THE DEFENDANTS' ASSERTED TAX OBLIGATIONS IS NOT RELEVANT AS A MATTER OF LAW .....................................................4

      III.   THE COURT MAY EXCLUDE EVIDENCE OF DEFENDANTS' ASSERTED TAX OBLIGATIONS PURSUANT TO FED. R. EVID. 403 ...........5

CONCLUSION................................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Contreras v. Artus*,
    778 F.3d 97 (2d Cir. 2015) ............................................................................................. 3, 5

*Donell v. Kowell*,
    533 F.3d 762 (9th Cir.), *cert. denied,* 555 U.S. 1047 (2008) ............................................ 4

*Gerber v. Computer Assocs. Int'l Inc.*,
    303 F.3d 126 (2d Cir. 2002) ............................................................................................. 2

*Luce v. United States*,
    469 U.S. 38 (1984) ........................................................................................................... 2

*Picard v. Cohen*,
    Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296 (Bankr. S.D.N.Y. Apr.
    25, 2016) ...................................................................................................................... 1, 4

*Picard v. The Estate (Succession) of Doris Igoin* (*In re Madoff Sec.*),
    525 B.R. 871 (Bankr. S.D.N.Y. 2015) .......................................................................... 1, 5

*Picard v. Greiff*,
    476 B.R. 715 (S.D.N.Y. 2012) ......................................................................................... 5

*S.E.C. v. Morelli*,
    No. 91 Civ. 3874 (LAP), 1993 WL 603275 (S.D.N.Y. Dec. 21, 1993) ........................... 4

*Sprint/United Mgmt. Co. v. Mendelsohn*,
    552 U.S. 379 (2008) .................................................................................................2, 3, 6

*United Brands Co. v. M.V. Isla Plasa*,
    No. 85 Civ. 0491 (SS), 1994 WL 114825 (S.D.N.Y. Mar. 31, 1994) .............................. 4

*United States v. Abel*,
    469 U.S. 45 (1984) ........................................................................................................... 2

*United States v. Gupta*,
    747 F.3d 111 (2d Cir. 2014) ............................................................................................. 2

*Wechsler v. Hunt Health Sys., Ltd.*,
    381 F. Supp. 2d 135 (S.D.N.Y. 2003) .............................................................................. 2

*Yeager v. United States*,
    557 U.S. 110 (2009) ......................................................................................................... 3

**Statutes**

11 U.S.C. § 548(a)(1)(A) .................................................................................................. 4, 5

11 U.S.C. § 548(c) ................................................................................................................ 4

11 U.S.C. § 550(a) ................................................................................................................ 5

15 U.S.C. § 78aaa *et seq.* .................................................................................................... 1

**Rules**

Fed. R. Bankr. P. 9017 ......................................................................................................... 1

Fed. R. Evid. 401 ......................................................................................................... *passim*

Fed. R. Evid. 402 ................................................................................................................. 2

Fed. R. Evid. 403 ......................................................................................................... *passim*

Fed. R. Evid. 404(a)(1) ........................................................................................................ 1

**Other Authorities**

*Weinstein's Federal Evidence* § 401.04[2][b] ..................................................................... 3

*Weinstein's Federal Evidence* § 401.04[3][b] ..................................................................... 3

*Weinstein's Federal Evidence* § 402.02 ............................................................................... 3

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA")[1], and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in support of the Trustee's motion *in limine* number 3 for entry of an order pursuant to Federal Rules of Evidence 401, 403, and 404(a)(1), made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, to exclude the proposed testimony and exhibits related to Defendants Carol Nelson's and Stanley Nelson's (the "Nelsons" or "Defendants") asserted tax obligations to governmental taxing authorities.

## PRELIMINARY STATEMENT

Defendants should not be permitted to introduce testimony of their accountant Richard Oppenheim or any related exhibits to support any purported "setoff or other equitable adjustment" to the extent their fraudulent transfers were "used to pay tax obligations. . . to governmental taxing authorities." (Answer at p. 22).

Both this Court and the District Court have already rejected this argument, holding that the withdrawal of money to pay taxes is not a defense to the Trustee's fraudulent transfer claims, and would be inconsistent with the approved manner for calculating net equity. *See e.g., Picard v. Cohen,* Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *15 (Bankr. S.D.N.Y. Apr. 25, 2016) (the "*Cohen Decision*"), *adopted mem.,* No. 16 Civ. 05513 (LTS) (S.D.N.Y. Feb. 24, 2017), ECF No. 24; *Picard v. The Estate (Succession) of Doris Igoin* (*In re Madoff Sec.*), 525 B.R. 871, 893 (Bankr. S.D.N.Y. 2015). Defendants are not entitled to offset their avoidance liability by amounts paid as taxes on the fictitious profits they received from BLMIS.

---

[1] Subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

As a result, allowing Defendants to present witnesses or introduce exhibits relating to their asserted tax obligations would be an inefficient use of the Court's time and distract from the actual issues at trial. An *in limine* order excluding such irrelevant evidence is appropriate and should be granted.

## ARGUMENT

### I. A COURT MAY EXCLUDE EVIDENCE THAT IS NOT RELEVANT OR MISLEADING

A motion *in limine* "allow[s] the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (noting that motions *in limine* apply with equal force to non-jury portions of trial) (citing *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984)). A trial court has "broad discretion" to determine the relevancy of evidence and to exclude irrelevant information. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) ("Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .") (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)); *United States v. Gupta,* 747 F.3d 111, 137 (2d Cir. 2014) ("The assessment of the relevance of evidence for the purpose of its admission or exclusion is committed to the sound discretion of the district court."); *Gerber v. Computer Assocs. Int'l Inc.*, 303 F.3d 126, 137 (2d Cir. 2002) ("[T]he trial judge has broad discretion to weigh the probative value of the evidence against the negative factors" under Rule 403) (internal citation omitted).

#### A.  Exclusion Of Evidence That Is Not Relevant

Fed. R. Evid. 402 prohibits the admission of evidence that is not "relevant" as defined in Fed. R. Evid. 401, to "ensure that nothing is received into evidence that is not logically probative

2

of some matter to be proved." *Weinstein's Federal Evidence* § 402.02.  Evidence is relevant under Fed. R. Evid. 401 only if: (a) "it has any tendency to make a fact more or less probable than it would be without the evidence;" and (b) the "fact is of consequence in determining the action."  Fed. R. Evid. 401.  This two-factor test aids a court's determination of whether the evidence "possesses sufficient probative value to justify receiving it in evidence."  Fed. R. Evid. 401, Advisory Committee Note (1972); *see, e.g.*, *Contreras v. Artus*, 778 F.3d 97, 108 (2d Cir. 2015) ("Assessment of relevance thus involves . . . an answer to the question whether an item of evidence, when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence.") (internal citation omitted).

Pursuant to Fed. R. Evid. 401(a), relevant evidence must help prove or disprove a material fact at issue in the litigation.  *See, e.g.*, *Yeager v. United States*, 557 U.S. 110, 121-22 (2009) (explaining that evidence is not relevant pursuant to Federal Rule of Evidence standards when it fails to make a fact more or less probable); *see also Weinstein's Federal Evidence* § 401.04[2][b] (relevant evidence "advance[s] the inquiry").  Similarly, under Fed. R. Evid. 401(b), a fact must be "of consequence" to be admitted.  A court must determine whether evidence is relevant within the context of the legal requirements of the case.  Relevancy "exists only as a relation between an item of evidence and a matter properly provable in the case."  Fed. R. Evid. 401, Advisory Committee Note (1972); *see also Weinstein's Federal Evidence* § 401.04[3][b] (explaining that substantive law informs whether a fact is "of consequence").

B.  **Exclusion Of Evidence That Does Not Promote Judicial Efficiency**

Even if deemed relevant, the Court has broad discretion to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *see also Sprint/United Mgmt. Co.*, 552 U.S.

3

at 384 (applying the "abuse of discretion" standard to a review of a Fed. R. Evid. 403 ruling). Fed. R. Evid. 403 is applicable whether the case is to be tried to a jury or to a judge. *See, e.g.*, *United Brands Co. v. M.V. Isla Plasa*, No. 85 Civ. 0491 (SS), 1994 WL 114825, at *1 n. 2 (S.D.N.Y. Mar. 31, 1994) (Sotomayor, J.) (excluding evidence under Fed. R. Evid. 403 at a bench trial based on burden to the court); *S.E.C. v. Morelli*, No. 91 Civ. 3874 (LAP), 1993 WL 603275, at *2 (S.D.N.Y. Dec. 21, 1993) (excluding evidence under Fed. R. Evid. 403 at a bench trial based on undue delay).

## II. EVIDENCE ON THE DEFENDANTS' ASSERTED TAX OBLIGATIONS IS NOT RELEVANT AS A MATTER OF LAW

At trial the Trustee will seek to avoid and recover, under 11 U.S.C. § 548(a)(1)(A), fictitious profits transferred by BLMIS to Defendants, in the two years prior to December 11, 2008. If the Trustee succeeds on his claim, Defendants can only avoid liability if they can establish a defense under 11 U.S.C. § 548(c). Any defense involving Defendants' ability to offset their avoidance liability by the amount of taxes paid on the fraudulent transfers received from BLMIS has been already litigated and rejected by this Court and the District Court in this SIPA liquidation proceeding. Allowing Defendants to present any evidence of tax obligations, including testimony from Mr. Oppenheim, is irrelevant and has no probative value because this legal defense has been effectively rejected as a matter of law. *See* Fed. R. Evid. 401(a).

For example, in the *Cohen Decision,* defendant Andrew H. Cohen argued he was entitled to offset the taxes he paid on the fictitious profits reported in his BLMIS customer account. 2016 WL 1695296, at *15. This Court disagreed, finding that "the offset would introduce complex problems of proof and tracing and reduce the [Trustee's] ability to recover assets" and would only "come at the expense of the other victims." *Id.* (citing *Donell v. Kowell,* 533 F.3d 762, 779 (9th Cir.), *cert. denied,* 555 U.S. 1047 (2008) (explaining that offsetting tax payments would

4

create a slippery slope for other expenses paid, that "one could argue that every purchase made with the gains from the scheme would not have been made 'but for' receipt of that money. If each net winner could shield his gains in their entirety in this manner . . . the multitude of victims who lost their entire investment would receive no recovery."). Similarly, in *Igoin*, the defendants Laurence and Emilie Apfelbaum had argued that it was improper for the Trustee to recover monies that they withdrew from their BLMIS accounts since the majority, if not all of it was used to pay taxes, but this Court made clear that "the withdrawal of the money to pay taxes . . . is not a defense to the fraudulent transfer claims." 525 B.R. at 893.

The application of the prior decisions is appropriate here. Indeed, the Defendants are "in the same position as many other Madoff victims who paid taxes on fictitious profits, and then were sued by the Trustee as net winners," and they are not entitled, as a matter of law, to any offsets for any taxes paid on transfers from BLMIS.[2] *Id.* at 885 n.16. Given that this legal defense cannot succeed, the evidence Defendants intend to submit related to their claimed tax obligations is not relevant and does not "possess[ ] sufficient probative value to justify receiving [them] in evidence." Fed. R. Evid. 401; *see also Contreras,* 778 F.3d at 108.

### III. THE COURT MAY EXCLUDE EVIDENCE OF DEFENDANTS' ASSERTED TAX OBLIGATIONS PURSUANT TO FED. R. EVID. 403

Even if Defendants' evidence of their tax obligations had any relevance—which it does not—its probative value is so minimal as to be substantially outweighed by the waste of this Court's time and resources that would accompany its admission. As previously stated, this Court has now twice before considered this legal defense, and has rejected it both times, with the

---

[2] *See also Picard v. Greiff,* 476 B.R. 715, 729 (S.D.N.Y. 2012) (rejecting defendants' arguments that compliance with the Internal Revenue Code ("IRC")'s requirement that accountholders of individual retirement accounts withdraw minimum distributions every year protects their fraudulent transfers from avoidance and concluding that "the IRC does not require dismissal of the Trustee's claims under § 548(a)(1)(A) and § 550(a)").

5

District Court adopting this Court's "well-reasoned and thorough decision . . . in their entirety." Memorandum Order Adopting Proposed Findings of Facts and Conclusion of Law, *Picard v. Cohen*, No. 16 Civ. 05513 (LTS) (S.D.N.Y. Feb. 24, 2017), ECF No. 24. Admitting such evidence in support of this defense would be redundant and would simply not promote judicial efficiency. As a result, the Court's broad discretion to exclude such evidence under Fed. R. Evid. 403 would be appropriately exercised here. *See, e.g., Sprint/United Mgmt. Co.*, 552 U.S. at 387 (noting that Fed. R. Evid. 403 determinations should be made "in the context of the facts and arguments in a particular case").

## CONCLUSION

The Trustee respectfully requests that the Court enter an Order *in limine* excluding any testimony and exhibits related to Defendants' asserted tax obligations to governmental taxing authorities, and grant such other and further relief to the Trustee as the Court deems proper.

Dated: April 24, 2019
New York, New York

**BAKER & HOSTETLER LLP**

*/s/ Dean D. Hunt*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*