# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                     Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                       Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                                       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                                       Plaintiff,<br><br>v.<br><br>CAROL NELSON, individually and as joint tenant, and STANLEY NELSON, individually and as joint tenant,<br><br>                                       Defendants. | Adv. Pro No. 10-04377 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                                         Plaintiff,<br><br>v.<br><br>CAROL NELSON,<br><br>                                       Defendant. | Adv. Pro No. 10-04658 (SMB) |

{00040193 4 }

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTIONS *IN LIMINE* NUMBER 1 (TO ADMIT THE PLEA ALLOCUTIONS OF BERNARD L. MADOFF AND BLMIS EMPLOYEES) AND NUMBER 2 (TO ADMIT THE FORMER TESTIMONY OF FRANK DIPASCALI)**

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

{00040193 4 }

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ........................................................................................................................................ 2

    I.    The Allocutions are inadmissible hearsay without any exception ............................... 2

        A.    The Allocutions are not admissible under FRE 803(22) ................................. 2

        B.    The Court should not take judicial notice of the Allocutions .......................... 7

    II.    DiPascali's former testimony is inadmissible under FRE 804(b)(1) .......................... 7

        A.    The Nelsons are not predecessors in interest with BLMIS employees ................................................................................................................ 7

        B.    The Nelsons had no opportunity to cross-examine DiPascali and no criminal defendant had a motive to cross-examine DiPascali on whether the Ponzi scheme presumption should apply ................................................................................................................. 9

    III.    The Allocutions and DiPascali's former testimony are irrelevant ............................. 11

    IV.    FRE 807 is inapplicable ................................................................................................. 11

    V.    The Allocutions and DiPascali's former testimony should be excluded under FRE 403 ........................................................................................................... 13

CONCLUSION ................................................................................................................................. 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Balaber-Strauss v. Lawrence*,
   264 B.R. 303 (S.D.N.Y. 2001)..................................................................................................4

*Batoh v. McNeil-PPC*,
   167 F. Supp. 3d 296 (D. Conn. 2016) .....................................................................................12

*In re Dreier LLP*,
   2014 WL 47774 (Bankr. S.D.N.Y. Jan. 3, 2014)......................................................................3

*Hirsch v. Arthur Anderson & Co.*,
   72 F.3d 1085 (2d Circ. 1995).....................................................................................................7

*Hoffman v. Palmer*,
   129 F.2d 976 (2d Cir. 1942), *aff'd Palmer v. Hoffman*, 318 U.S. 109 (1943).........................12

*Horne v. Owens-Corning Fiberglas Corp.*,
   4 F.3d 276 (4th Cir. 1993) ........................................................................................................8

*Jacobson v. Deutsche Bank, A.g.*,
   206 F. Supp. 2d 590 (S.D.N.Y. 2002)................................................................................2, 11

*LNC Invs. Inc. v. First Fid. Bank N.A.*,
   2000 WL 1072460 (S.D.N.Y. Aug. 3, 2000) ..........................................................................11

*Old Chief v. United States*,
   519 U.S. 172 (1997)................................................................................................................13

*Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.)*,
   309 F.3d 1325 (11th Cir. 2002) ..........................................................................................4, 10

*Parsons v. Honeywell, Inc.*,
   929 F.2d 901 (2d Cir. 1991)...............................................................................................11, 12

*Robinson v. Shapiro*,
   646 F.2d 734 (2d Cir. 1981)....................................................................................................12

*Scholes v. Lehmann*,
   56 F.3d 750 (7th Cir. 1995) ..................................................................................................6, 7

*Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*,
   71 F.3d 119 (4th Cir. 1995) ......................................................................................................8

*U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*,
   112 F. Supp. 3d 122 (S.D.N.Y. 2015) ..................................................................................11

*U.S. v. DiNapoli*,
   8 F.3d 909 (2d Cir. 1993) ....................................................................................................10

*U.S. v. McDonald*,
   837 F.2d 1287 (5th Cir. 1988) ..............................................................................................9

*United States v. Anchor Mortg. Corp.*,
   2010 WL 1882018 (N.D. Ill. May 10, 2010) .........................................................................7

*United States v. Salerno*,
   505 U.S. 317 (1992) ..............................................................................................................8

**Statutes**

15 U.S.C §78j(b), 78ff ....................................................................................................................5

**Other Authorities**

Fed. R. Evid. 401 ..........................................................................................................................11

Fed. R. Evid. 403 ..........................................................................................................................13

Fed. R. Evid. 803 ......................................................................................................................2, 12

Fed. R. Evid. 803(22) ...........................................................................................................2, 3, 6, 7

Fed. R. Evid. 803(22)(C) ................................................................................................................3

Fed. R. Evid. 804(b)(1) ..........................................................................................................*passim*

Fed. R. Evid. 804(b)(1)(4) ..............................................................................................................9

Fed. R. Evid. 807 .................................................................................................................2, 11, 12

Fed. R. Evid. 807(a)(4) .................................................................................................................13

Fed. R. Evid. 807(a)(b) .................................................................................................................11

Wright & Miller, Federal Practice & Procedure ....................................................................3, 8, 9

Defendants Carol Nelson and Stanley Nelson (the "Nelsons"), respectfully submit this memorandum of law in opposition to the Trustee's motion *in limine* number 1, to admit the plea allocutions of Bernard L. Madoff and BLMIS employees Frank DiPascali, David Kugel, and Irwin Lipkin (the "Allocutions"), and motion *in limine* number 2, to admit the former testimony of Frank DiPascali.

**PRELIMINARY STATEMENT**

The Trustee wants to introduce hearsay evidence to show that BLMIS was a Ponzi scheme, and, therefore, have this Court hold that all transfers to the Nelsons were made with the actual intent to hinder, delay, or defraud creditors (the "Ponzi scheme presumption"). In attempting to make this showing, the Trustee also takes the contradictory position that certain hearsay statements made by former BLMIS employees, who are confessed felons responsible for defrauding the Nelsons (and countless other innocent customers), are so trustworthy that they can be introduced at trial to prove that BLMIS was a Ponzi scheme. The Trustee is not entitled to conflicting presumptions, and none of the hearsay evidence that the Trustee seeks to introduce is admissible.

The Trustee requests that the Court admit the Allocutions under Federal Rule of Evidence ("FRE") 803(22), which Rule permits the introduction of previous judgments of conviction in specific circumstances. This Rule does not permit the admission of any of the Allocutions because none of the facts relating to the Ponzi Scheme presumption were necessarily essential to any of the judgments against Madoff and the BLMIS employees. **In fact, none of the employees pled guilty to participating in a Ponzi scheme.**

The Trustee also requests the Court to admit the former hearsay testimony of Frank DiPascali under FRE 804(b)(1), which Rule permits the admission of former testimony against a party whose "predecessor in interest" had a similar motive and opportunity to develop the testimony. *See* FRE 804(b)(1). Here, the former testimony was admitted in a criminal trial in

{00040193 4}  1

which the Nelsons were not a party. The former BLMIS employees were not "predecessors in interest" to the Nelsons and they did not have a similar motive to cross-examine DiPascali on matters that underlie the applicability of the Ponzi scheme presumption. Therefore, FRE 804(b)(1) is inapplicable.

The Trustee also asks this Court to admit the Allocutions and the former testimony of Frank DiPascali under FRE 807, which is the residual hearsay exception. That Rule, however, admits only "especially trustworthy" hearsay, which the testimony of confessed felons is not. *Jacobson v. Deutsche Bank, A.g.*, 206 F. Supp. 2d 590, 595 (S.D.N.Y. 2002). Testimony from notoriously unreliable sources should not be admitted under FRE 807.

## ARGUMENT

### I. The Allocutions are inadmissible hearsay without any exception

    A.    <u>The Allocutions are not admissible under FRE 803(22)</u>

FRE 803(22) provides as follows:

> **Judgment of a Previous Conviction.** Evidence of a final judgment of conviction [is admissible even though it is hearsay] if:
>
> **(A)** the judgment was entered after a trial or guilty plea, but not a nolo contendere plea;
>
> **(B)** the conviction was for a crime punishable by death or by imprisonment for more than a year;
>
> **(C)** the evidence is admitted to prove any fact essential to the judgment; and
>
> **(D)** when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.

FRE 803 (22).

The Trustee argues that the Allocutions, in their entirety, are admissible under FRE 803(22) "to establish the existence of a Ponzi scheme." [Trustee's motion *in limine* # 1 at 8]. However,

{00040193 4}  2

the Allocutions would only be admissible if the facts contained therein are "essential to the judgment." *See* FRE 803(22)(C); *In re Dreier LLP*, 2014 WL 47774, at *11 (Bankr. S.D.N.Y. Jan. 3, 2014) (Bernstein, J.) ("A prior judgment of conviction may be used as prima facie evidence in a subsequent civil suit only with respect to matters of fact or law 'necessarily decided by the conviction and the verdict on which it was based.'") (citations omitted). The same way that collateral estoppel can apply only to issues that were necessary to the judgment, hearsay can only be admitted under FRE 803(22) if the facts underlying the judgment sought to be admitted were necessary to the judgment. *See* Wright & Miller, Federal Practice & Procedure ("Wright & Miller"), § 6952 ("This follows from the nature of judgments. To the extent we are relying on the judgment as proof of underlying facts, the inquiry must be confined to the facts actually found, or admitted if the judgment is based on a guilty plea.").

Here, the Allocutions were made in relation to various crimes relating primarily to the securities laws, and none of which required the government to make any showing that BLMIS was a Ponzi scheme. The Trustee has made no showing whatsoever that any of the facts in the Allocutions were essential to any judgments of conviction, despite seeking their wholesale admission in their entirety. The Trustee asks for wholesale admission of the Allocutions for the purpose of proving that BLMIS was a Ponzi scheme, even though the Allocutions were used to obtain convictions for securities fraud and other crimes that did not require any determination as to whether BLMIS was a Ponzi scheme. This is not permissible under FRE 803(22) because none of the facts relating to the Ponzi scheme presumption in the Allocutions were "essential" to the judgments against Madoff and the BLMIS employees. *See In re Dreier LLP*, 2014 WL 47774, at *11 ("Marc could have pled guilty to conspiracy, securities fraud, wire fraud and money laundering without admitting that he ran a Ponzi scheme. The Trustee has not discussed the

{00040193 4}    3

elements of the crimes to which Marc pled guilty or explained why the operation of a Ponzi scheme was essential to any of the counts.").

Whether the Ponzi scheme presumption may apply depends upon a showing of the following: (1) little or no legitimate underlying business; (2) the promise of exorbitant returns; (3) early scheduled payment of such returns to early (or "top") investors; (4) the need to attract new money in order to pay the existing top investors. *See Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.),* 309 F.3d 1325, 1327 n.2 (11th Cir. 2002); *Balaber-Strauss v. Lawrence,* 264 B.R. 303, 305-06 (S.D.N.Y. 2001). None of these facts was relevant, no less essential, to the judgments of convictions of Madoff and the BLMIS employees. To the contrary, the Allocutions are confessions of securities fraud. A conviction for securities fraud does not, in any way, require a showing that BLMIS was a Ponzi scheme or that the Ponzi scheme presumption should apply.

Madoff confessed to securities fraud and acknowledged the elements of his crime as follows:

> First, in connection with the purchase and sale of a security, the defendant did any one or more of the following: (1) employed a device or scheme or artifice to defraud or (2) make an untrue statement of a material fact or omitted to state a material fact which was made under the circumstances misleading; or (3) engaged in an act, practice or course of business that operated or would operate as a fraud upon a purchaser or seller.
>
> Second, the defendant acted knowingly, willfully, and with intent to defraud;
>
> And third, that the defendant knowingly used or caused to be used any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of fraudulent conduct.

[*See* Declaration of Dean Hunt, April 24, 2019 ("Hunt Decl."), Madoff Plea Allocution, ECF 137-1, Exhibit 1 at 9]. Madoff pled guilty to similar elements for investment advisor fraud. [*See id*. at

{00040193 4 }    4

9-10]. None of the elements of any of the crimes Madoff pled to – *e.g.*, mail fraud and wire fraud – required a showing that BLMIS was a Ponzi scheme.

When Madoff used the term "Ponzi scheme," he did so as a lay person would to describe virtually every financial fraud. He admitted that he had no sense of the legal construct or implications behind the term, or how it might apply in the context of a fraudulent transfer action. [*See, e.g.*, Declaration of Helen Davis Chaitman, May 1, 2019, Ex. A, Excerpts of transcript of deposition of Bernard L. Madoff, April 26, 2017, at 107-109]. In the same confession, Madoff contended that BLMIS' proprietary trading and market making businesses were profitable. [*See* Hunt Decl., Madoff Plea Allocution, ECF 137-1, Exhibit 1 at 25] ("I want to emphasize today that while my investment advisory business, the vehicle of my wrongdoing, was part of my firm . . . . the other businesses my firm engaged in, proprietary trading and market making, were legitimate, profitable, and successful in all respects.") He has also testified that he traded securities within various parts of the BLMIS business to meet withdrawal requests. He even testified that he "never promised a specific rate of return" to any client. [*Id.* at 25]. The record also contains U.S. treasury securities purchased for BLMIS customers with customer funds that appear on customers' account statements.

The BLMIS employees confessed to or were found guilty of conspiracy to commit securities fraud, lying to government agencies, and for altering the trades in their own accounts to avoid paying tax or for similar reasons. For example, DiPascali pled guilty to, among other similar charges, conspiracy to commit securities fraud, investment advisory fraud, falsifying books and records of a broker-dealer, falsifying books and records of an investment fund, mail fraud, wire fraud, money laundering and securities fraud in violation of 15 U.S.C §78j(b), 78ff. [*See* Hunt Decl., DiPascali Plea Allocution, ECF 137-2, Exhibit 2 at 9].

{00040193 4}    5

David Kugel entered a plea to virtually identical charges. [*See* Hunt Decl., Kugel Plea Allocution, ECF 137-3, Exhibit 3 at 15]. In addition, Kugel confessed to submitting false information to financial institutions to borrow money and for asking Joann Crupi to falsify documents in his own account. [*Id*. at 34]. Irwin Lipkin pled guilty to virtually identical charges [*See* Hunt Decl., Lipkin Plea Allocution, ECF 137-4, Exhibit 4 at 17].

Lipkin pled guilty to falsifying Madoff's accounts to help him avoid tax liability. [*Id*. at 33]. None of the Allocutions addressed the patterns of accounts (except for those which they manipulated for their own or Madoff's own gain) or the sources of funds by which Madoff managed to meet all withdrawal requests. None of the pleas involved customer accounts like the Nelsons' accounts, which earned a moderate rate of return in line with the S&P 500 stocks that BLMIS represented to have purchased for the Nelsons and which remained open through the discovery of the fraud.

The Trustee relies primarily on *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995), to seek admission of the Allocutions under FRE 803(22). [Trustee's Motion *in limine* # 1 at 8]. However, this reliance is misplaced, as at least one court has previously held:

> The government appears to consider *Scholes* as authority for the proposition that *every* admission in a plea agreement is admissible. This, in the Court's view, goes too far. The decision in *Scholes* does not clearly delineate what is and is not admissible under Rule 803(22), but there is no reason to think that the court departed from the Rule's express requirement that to be admissible, the facts in a plea agreement must be "essential to sustain the judgment" in the criminal case.
>
> What is essential in a mail fraud case is the existence of a scheme to defraud, the defendant's knowing participation in it, his intent to defraud the victim or to obtain the victim's money or property, and his use of the mail to carry out the scheme. What this means is that in this case, Busano's conviction gets the government a good deal of the way to establishing liability, but not all the way there.

*United States v. Anchor Mortg. Corp.*, 2010 WL 1882018, at *4 (N.D. Ill. May 10, 2010). The same logic applies here: no facts in the Allocutions that would support application of the Ponzi scheme presumption were essential to the judgments of conviction. Whether BLMIS was a Ponzi scheme was not a fact essential to the judgment of conviction. Therefore, the Allocutions are inadmissible under FRE 803(22).

      B.      <u>The Court should not take judicial notice of the Allocutions</u>

The Trustee cites a number of cases where guilty pleas of a fraudster are admitted to establish fraudulent intent. Fraudulent intent is not disputed here; rather it is the nature of the fraud that is at issue. Other cases relied on by the Trustee do not support his use of pleas to establish the existence of a Ponzi scheme.

The facts of the fraud in *Scholes*, 56 F.3d 1085 closely resemble the classic Ponzi scheme case where the fraudster promised high, short-term returns. Moreover, in that case, the court took judicial notice of the plea but also Douglas' deposition taken in the SEC's suit, and the affidavit of an accountant who studied the books and records of the corporation and Douglas himself. Here, the Trustee's evidence is limited to the guilty pleas alone.

Additionally, *Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085 (2d Circ. 1995), is miscited for the proposition that the court took judicial notice of the guilty plea. The plea is mentioned only in passing in the court's dismissal of the complaint; it is not given any evidentiary weight. Further, in *Hirsch*, the Ponzi scheme presumption was not at all at issue.

**II.**    **<u>DiPascali's former testimony is inadmissible under FRE 804(b)(1)</u>**

      A.      <u>The Nelsons are not predecessors in interest with BLMIS employees</u>

The Trustee seeks to admit the former testimony of Frank DiPascali under FRE 804(b)(1). Former testimony is hearsay and it is generally only admissible under that Rule if it is offered against the "same party" who participated in the former proceeding where the testimony was

{00040193 4}          7

developed. *See* FRE 804(b)(1). However, there is "a narrow exception to the 'same party' requirement." Wright & Miller, § 6975. Under that narrow exception, former testimony may be admitted against a party whose (a) "predecessor in interest" (b) had a similar motive and opportunity to develop the testimony. *See* FRE 804(b)(1).

The Trustee attempts to use this narrow exception to admit the former testimony of Frank DiPascali against the Nelsons, arguing that certain confessed felons who previously worked at BLMIS were the Nelsons' "predecessors in interest" who had a similar opportunity and motive to cross-examine DiPascali during their criminal trial. The Trustee's position is preposterous: Madoff's former employees had no interests in common with the Nelsons; their only interest was to avoid conviction for their crimes. Moreover, whether certain confessed felons were the Nelsons "predecessors in interest" and whether they "had a similar motive and opportunity to develop" DiPascali's testimony are two separate elements that must both be strictly satisfied before former testimony is admitted under FRE 804(b)(1). *United States v. Salerno*, 505 U.S. 317, 321 (1992) ("Nothing in the language of Rule 804(b)(1) suggests that a court may admit former testimony absent satisfaction of each of the Rule's elements."); Wright & Miller, § 6975 ("predecessor in interest" and "similar motive and opportunity" are two distinct elements that must be satisfied). Although the Trustee cites law from the Fourth Circuit to collapse these two elements, the Fourth Circuit has been criticized for improperly collapsing the two elements by requiring only that the two parties share a "similar motive and opportunity." *See* Wright & Miller, § 6975 (criticizing *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 128 (4th Cir. 1995) and *Horne v. Owens-Corning Fiberglas Corp.*, 4 F.3d 276, 282 (4th Cir. 1993)). This is entirely contrary to directly on point authority from the United States Supreme Court. *Salerno*, 505 U.S. 317.

{00040193 4}                                    8

The former BLMIS employees, who are confessed felons, are not the Nelsons' predecessors in interest. To the contrary, the BLMIS employees are in no way related to the Nelsons, contractually or otherwise, and the Nelsons were victims of the criminal defendants' fraudulent conduct. Under these circumstances, it would be perverse to hold that the former BLMIS employees are the Nelsons' predecessors in interest. Indeed, the Trustee does not even attempt to make a showing that the confessed felons are the Nelsons' "predecessors in interest," instead simply arguing, incorrectly, that they are the Nelsons' "predecessors in interest" merely because they had a similar motive and opportunity to cross-examine DiPascali. [Trustee's Motion *in limine* # 2 at 8-9]. This is incorrect because the two elements are distinct, as held by the United States Supreme Court.

  B. <u>The Nelsons had no opportunity to cross-examine DiPascali and no criminal defendant had a motive to cross-examine DiPascali on whether the Ponzi scheme presumption should apply</u>

DiPascali's testimony would only be admissible under FRE 804(b)(1) if the Nelsons had a "similar motive and opportunity" to cross-examine him. The Nelsons were not present at the criminal trial, and, therefore, did not have an opportunity to cross-examine DiPascali. *See* Wright & Miller, § 6974 ("Application of the term is typically straightforward: either the party was present and allowed to question the witness at the earlier proceeding or not. Obviously if the party was not present, there would be no 'opportunity' as required by the rule.").

The Trustee, therefore, can only rely on FRE 804(b)(1)(4) if the confessed felons had a "similar motive" to cross-examine DiPascali as the Nelsons. The Trustee cannot make this showing. Even small differences in trial strategy have been found to preclude a finding of a "similar motive." *See U.S. v. McDonald*, 837 F.2d 1287, 1293 (5th Cir. 1988) (although present and former party "had similar status in their respective claims, we find that the trial strategies were not sufficiently similar" to permit admission under 804(b)(1)). Further, "[i]f a fact is critical to a

{00040193 4}                  9

cause of action at a second proceeding but the same fact was only peripherally related to a different cause of action at a first proceeding, no one would claim that the questioner had a similar motive at both proceedings to show that the fact had been established (or disproved)." *U.S. v. DiNapoli*, 8 F.3d 909, 912 (2d Cir. 1993).

The criminal defendants had no motive to question DiPascali regarding the facts that must be shown to establish application of the Ponzi scheme presumption because their indictments did not charge participation in a Ponzi scheme. *See Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.),* 309 F.3d 1325, 1327 n.2 (11th Cir. 2002) (Ponzi scheme presumption applied only where facts are shown such as that there was (1) little or no legitimate underlying business, (2) the promise of exorbitant returns, (3) early scheduled payment of such returns to early investors, (4) the need to attract new money in order to pay the exiting top investors).

The former BLMIS employees did not have a motive to establish that BLMIS was not engaged in a Ponzi scheme. Rather, they effectively conceded that they were engaged in some type of fraud at BLMIS, and their primary motive was to establish that they were simply taking orders from Madoff. [*See* Hunt Decl., Ex. 5 at 55 (citing pages 5745:7-20 of the criminal trial in which testimony was elicited that Madoff would instruct Bongiorno as to how to handle customer accounts when the market declined)]; [*id.* at 57 (citing pages 5944-45 of the criminal trial, eliciting testimony that it was Madoff who determined the particular rate of return he wanted customers to receive)]. The criminal defendants did not have a motive to cross-examine DiPascali regarding the nature of the fraud, as the Nelsons do, in order to establish that the Ponzi scheme presumption should not apply. Accordingly, DiPascali's former testimony is not admissible under FRE 804(b)(1) against the Nelsons.

### III. The Allocutions and DiPascali's former testimony are irrelevant

The Allocutions and DiPascali's former testimony are irrelevant and, therefore, inadmissible. *See* FRE 401. What convicted felons may have done with the BLMIS accounts owned by those customers who were aware that BLMIS was a fraud is irrelevant to establish whether BLMIS was a Ponzi scheme such that fraudulent transfers made to the Nelsons were necessarily made with fraudulent intent. *See*, *e.g.*, *U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 140 (S.D.N.Y. 2015) ("It is of no assistance to a jury to know that Fortress chooses to invest in other distressed assets . . . . This evidence is therefore excluded . . ."); *LNC Invs. Inc. v. First Fid. Bank N.A.*, 2000 WL 1072460, at *6-7 (S.D.N.Y. Aug. 3, 2000) (excluding evidence as irrelevant because what may have occurred on one occasion is not relevant to what could have occurred under different circumstances).

### IV. FRE 807 is inapplicable

The Trustee also asks the Court to admit the Allocutions and DiPascali's former testimony under FRE 807. This request should be denied.

Evidence may be admitted under FRE 807 if: (1) "the statement has equivalent circumstantial guarantees of trustworthiness;" (2) the statement is "offered as evidence of a material fact;" (3) the statement is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts;" (4) "admitting [the statement] will best serve . . . the interests of justice;" and (5) the opposing party was offered reasonable notice. FRE 807(a)(b); *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991). A party seeking to admit a statement under Rule 807 bears the burden of establishing that the statement is especially trustworthy. *See, e.g.*, *Jacobson v. Deutsche Bank, A.g.*, 206 F. Supp. 2d 590, 595 (S.D.N.Y. 2002). At a minimum, "the hearsay evidence [must] have 'circumstantial guarantees of trustworthiness' that are 'equivalent' to those reflected in the other hearsay

{00040193 4}    11

exceptions." *Batoh v. McNeil-PPC*, 167 F. Supp. 3d 296, 311 (D. Conn. 2016) (citation omitted); FRE 803, advisory committee's note ("The committee believes that there are certain ***exceptional circumstances*** where evidence which is found by a court to have guarantees of trustworthiness equivalent to or exceeding the guarantees reflected by the presently listed exceptions, and to have a high degree of probativeness and necessity could properly be admissible.") (emphasis added). The Second Circuit holds that "the residual exception to the hearsay rule should be applied sparingly." *Robinson v. Shapiro*, 646 F.2d 734, 742 (2d Cir. 1981); *see also Parsons*, 929 F.2d at 907 (stating that FRE 807 should "be used very rarely, and only in exceptional circumstances") (internal citations and quotation marks omitted).

The Trustee has made no showing whatsoever that hearsay statements by Madoff's co-conspirators are somehow so trustworthy that they should be admitted for their truth under FRE 807. To the contrary, the hearsay statements are highly untrustworthy because they were made by confessed securities-fraud felons who had a longstanding propensity to falsify information (and, indeed, their act of falsifying information was instrumental in allowing the fraud to continue for so long). The Trustee should not be permitted to introduce hearsay testimony from people whose job it was to deceive customers for the purpose of having this Court conclude that all withdrawals to the Nelsons were made with actual intent to hinder, delay, or defraud creditors. *See Hoffman v. Palmer*, 129 F.2d 976, 991 (2d Cir. 1942), *aff'd Palmer v. Hoffman*, 318 U.S. 109, 113-14 (1943) (excluding evidence "dripping with motivations to misrepresent"). Here, of course, DiPascali was motivated to escape a long prison sentence and there is no reason whatsoever to believe that he was motivated to tell the truth.

Further, the residual exception can only be applied when it would serve the interests of justice. FRE 807(a)(4). It would not serve the interest of justice to admit the testimony from felons who defrauded the Nelsons to be used against the Nelsons.

### V. The Allocutions and DiPascali's former testimony should be excluded under FRE 403

Under FRE 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. While it may be that criminal pleas are theoretically admissible to show fraudulent intent (which is also a key element of securities fraud), they are not relevant to determining whether BLMIS operated as a Ponzi scheme and should be excluded on that ground. *See* FRE 403. The Nelsons submit that, even if the Allocutions and former testimony were relevant to the Trustee's contention that BLMIS was a Ponzi scheme, the Court should exclude the evidence on the grounds that the probative value is substantially outweighed by the danger of unfair prejudice and needlessly presenting cumulative evidence. *See* FRE 403. Additionally, there is no need for the admission of the Allocutions and former testimony because, if BLMIS was a Ponzi scheme, surely there is, within the Trustee's possession, documentary evidence to prove his contention. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) (when conducting an analysis under Rule 403, courts must consider evidentiary alternatives).

### CONCLUSION

The Nelsons respectfully request that the Court deny the Trustee's motion *in limine* number 1 and number 2.

|   |   |
|---|---|
| Dated: New York, New York<br>May 1, 2019 | **CHAITMAN LLP**<br><br>By:  /s/ *Helen Davis Chaitman*<br>Helen Davis Chaitman<br>Gregory M. Dexter<br>465 Park Avenue<br>New York, New York 10022<br>Phone & Fax: (888)-759-1114<br>hchaitman@chaitmanllp.com<br>gdexter@chaitmanllp.com<br><br>*Attorneys for Defendants Carol Nelson and Stanley Nelson* |