**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                    Plaintiff,<br>       v.<br><br>CAROL NELSON, individually and as joint tenant, and STANLEY NELSON, individually and as joint tenant,<br><br>                    Defendants. | Adv. Pro No. 10-04377 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                    Plaintiff,<br>       v.<br><br>CAROL NELSON,<br><br>                    Defendant. | Adv. Pro No. 10-04658 (SMB) |

{00040195 3 }

# **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION IN LIMINE NUMBER 3 TO EXCLUDE TESTIMONY AND EXHIBITS RELATED TO DEFENDANTS' TAX PAYMENTS TO GOVERNMENT TAXING AUTHORITIES**

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
Gregory M. Dexter
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

ARGUMENT .................................................................................................................................. 1

    I.    Evidence proving that the Nelsons paid millions of dollars in taxes from their Madoff accounts is relevant ................................................................. 1

    II.   Evidence proving that the Nelsons paid millions of dollars in taxes should not be excluded under FRE 403 ................................................................. 2

CONCLUSION ............................................................................................................................... 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    2016 WL 1695296 (Bankr. S.D.N.Y. Apr. 25, 2016) ................................................................2

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    525 B.R. 871 (Bankr. S.D.N.Y. 2015) ......................................................................................2

*United States v. Abu-Jihaad*,
    630 F.3d 102 (2d Cir. 2010) .....................................................................................................1

*United States v. Al-Moayad*,
    545 F.3d 139 (2d Cir. 2008) .....................................................................................................1

*United States v. White*,
    692 F.3d 235 (2d Cir. 2012) .....................................................................................................1

**Other Authorities**

Fed. R. Evid. 401 ............................................................................................................................1

Fed. R. Evid. 403 ............................................................................................................................2

Defendants Carol Nelson and Stanley Nelson (the "Nelsons") respectfully submit this memorandum of law in opposition to the Trustee's motion *in limine* number 3 to exclude testimony and exhibits related to the Nelsons' tax payments to governmental taxing authorities.

## ARGUMENT

### I. Evidence proving that the Nelsons paid millions of dollars in taxes from their Madoff accounts is relevant

The standard for relevance under the Federal Rules of Evidence is "very low." *See United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (quoting *United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008)). Evidence is relevant if: "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See* FRE 401. "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt." *United States v. Abu-Jihaad*, 630 F.3d 102, 132 (2d Cir. 2010).

The Nelsons intend to introduce evidence at trial, primarily through their accountant, that as a result of Madoff's presentation to them of documents showing gains and dividend income in their accounts, they paid $5,342,009 in taxes from their Madoff investments for the tax years 1985-2002. [*See* Declaration of Richard Oppenheim, September 9, 2016, ¶ 5]. This evidence meets the "very low" standard of relevancy under FRE 401 because the Nelsons argue that they are entitled to offsets for tax payments made in reliance upon Madoff's reports of gains in their accounts. [*See* Answer at 22].

The Trustee argues, based on citations to cases in which the Nelsons were not involved, that this evidence is not relevant as a matter of law because this Court has previously held that certain clawback defendants were not entitled to offsets for tax payments. [*See* Trustee's motion *in limine* # 3 at 1]. The Nelsons were not parties in those cases and, obviously, are not bound by

a holding in an unrelated case. Under the due process clause of the United States Constitution, the Nelsons are entitled to their day in court, and they are entitled to introduce evidence that is relevant to their defenses.

Additionally, there is no binding Supreme Court or Second Circuit authority that would make the Nelsons' defense irrelevant as a matter of law. In deciding, in unrelated cases, that this defense was ineffective, this Court cited only to authorities from other jurisdictions. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2016 WL 1695296, at *15 (Bankr. S.D.N.Y. Apr. 25, 2016) (the "Cohen Decision"); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 525 B.R. 871, 893 (Bankr. S.D.N.Y. 2015) (the "Igoin Decision"). Absent controlling authority, the Nelsons are entitled to put in the evidence supporting this defense.

## II.  Evidence proving that the Nelsons paid millions of dollars in taxes should not be excluded under FRE 403

The Trustee also argues that, even if the Nelsons' evidence concerning their payment of millions of dollars in taxes is relevant, it should nonetheless be excluded under FRE 403. This argument should be rejected because, as this Court has previously held, there is little to no point in excluding evidence under FRE 403 when there is no jury.

## CONCLUSION

The Nelsons respectfully request that the Court deny the Trustee's motion *in limine* number 3.

|  |  |
|---|---|
| Dated: New York, New York<br>May 1, 2019 | **CHAITMAN LLP**<br><br>By:  */s/ Helen Davis Chaitman*<br>       Helen Davis Chaitman<br>       Gregory M. Dexter<br>       465 Park Avenue<br>       New York, New York 10022<br>       Phone & Fax: (888)-759-1114<br>       hchaitman@chaitmanllp.com<br>       gdexter@chaitmanllp.com<br><br>       *Attorneys for Defendants Carol Nelson*<br>       *and Stanley Nelson* |

{00040195 3 }                                    3