**EXHIBIT 1**

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (this "Agreement") is made and entered into as of May 3, 2019, by and between Irving H. Picard, in his capacity as the Trustee ("Trustee" or "BLMIS Trustee") for the liquidation proceedings under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated Chapter 7 case of Bernard L. Madoff ("Bernard Madoff") pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), on the one hand, and Ruth Madoff ("Ruth Madoff"), on the other hand.  The Trustee and Ruth Madoff shall be hereinafter referred to individually as a "Party" and collectively as the "Parties."

## R E C I T A L S

**WHEREAS**, BLMIS and its predecessor were registered broker-dealers with the United States Securities and Exchange Commission (the "Commission") and members of the Securities Investor Protection Corporation ("SIPC");

**WHEREAS**, on December 11, 2008, the Commission filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against BLMIS and Bernard Madoff.  On December 12, 2008, the District Court entered an order which, among other things, appointed Lee S. Richards, Esq. as receiver (the "Receiver") for the assets of BLMIS (No. 08-CV-10791(LSS));

**WHEREAS**, on December 15, 2008, pursuant to section 5(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with the application of SIPC.  Thereafter, SIPC filed an application in the District Court under section 5(a)(3) of SIPA alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came

due and, accordingly, its customers needed the protections afforded by SIPA. On December 15, 2008, the District Court granted the SIPC application and entered an order under SIPA, which, in pertinent part, appointed Trustee as the trustee for the liquidation of the business of BLMIS under section 5(b)(3) of SIPA, removed the Receiver as the receiver for BLMIS, and removed the case to the Bankruptcy Court under section 5(b)(4) of SIPA, where it is currently pending as Case No. 08-01789 (SMB). By Order dated June 9, 2009, the Chapter 7 Madoff Estate (the "Madoff Estate") (Case No. 09-11893) was substantively consolidated with the estate of BLMIS (the "Consolidated BLMIS Estate");

WHEREAS, pursuant to section 78fff-1(a) of SIPA, Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), as well as the powers granted pursuant to SIPA. Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA;

WHEREAS, under SIPA, the Trustee is charged with, among other things, the responsibility to marshal and liquidate the assets of BLMIS for distribution to BLMIS customers and others in accordance with SIPA in satisfaction of allowed claims, including through the recovery of avoidable transfers such as preference payments and fraudulent transfers made by BLMIS;

WHEREAS, the Trustee's claims against transferees who received avoidable transfers from BLMIS arise under SIPA, including sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3), sections 105(a), 541, 544, 547, 548, 550(a) and 551 of the Bankruptcy Code, the New York Debtor and Creditor Law § 270 et seq. (McKinney 2001) and other applicable laws;

2

**WHEREAS**, Bernard Madoff and Ruth Madoff have forfeited their homes, financial holdings, and other property in connection with Bernard Madoff's criminal sentence. The United States government agreed not to contest Ruth Madoff's claim to $2.5 million and to make a payment to her in that amount following the forfeiture of their assets. The forfeiture Stipulation and Order, dated June 26, 2009 (the "Forfeiture"), expressly provides that the $2.5 million payment to Ruth Madoff "does not in any way preclude…Irving H. Picard, Esq. as trustee for the liquidation of the business of defendant Bernard L. Madoff Investment Securities LLC…from seeking to recover the [$2.5 million] from Ruth Madoff (the "Forfeiture Payment");"

**WHEREAS**, since the entry of the Forfeiture, Ruth Madoff has utilized a portion of the Forfeiture Payment to pay for legal and other reasonable living expenses;

**WHEREAS**, in July 2009, Ruth Madoff filed a general unsecured creditor claim in these proceedings seeking indemnification, contribution and/or reimbursement (the "Ruth Madoff Creditor Claim"). The Ruth Madoff Creditor Claim is attached as **Exhibit 1** to this Agreement;

**WHEREAS**, on July 29, 2009, the Trustee commenced an adversary proceeding in the Bankruptcy Court against Ruth Madoff in an action captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Ruth Madoff*, Adv. Pro. No. 09-01391 (SMB) (the "Adversary Proceeding");

**WHEREAS**, Trustee alleges in the Adversary Proceeding that Ruth Madoff received avoidable transfers in the aggregate amount of Forty-Four Million Eight Hundred and Twenty-Two Thousand and Three Hundred and Fifty-Five United States Dollars ($44,822,355.00) (the "Avoidable Transfers");

**WHEREAS**, on July 29, 2010, the Trustee commenced an adversary proceeding in the Bankruptcy Court in the matter captioned *Irving H. Picard, Trustee for the Liquidation of Bernard*

*L. Madoff Investment Securities LLC v. Madoff Technologies LLC, et al.*, Adv. Pro. No. 10-03483 (SMB), from which the Trustee voluntarily dismissed Ruth Madoff as a defendant on June 26, 2017 (ECF No. 117);

**WHEREAS**, this Agreement shall not be construed as or deemed to be evidence of an admission on the part of Ruth Madoff to participating in or knowing of Bernard Madoff's fraud;

**WHEREAS**, pursuant to an order of the Bankruptcy Court, dated November 12, 2010 (the "Settlement Procedures Order"), Case No. 08-01789 (SMB) (ECF No. 3181), the Trustee will seek Bankruptcy Court approval to enter into this Agreement in final settlement of the Consolidated BLMIS Estate's claims against Ruth Madoff; and

**WHEREAS**, the Parties wish to settle any and all claims and disputes, including the Ruth Madoff Creditor Claim, that they have without the expense, delay, and uncertainty of litigation.

**NOW, THEREFORE**, in consideration of the foregoing, the mutual covenants, promises and undertakings set forth herein, and for good and valuable consideration, the adequacy and sufficiency of which are hereby acknowledged for all purposes, the Trustee and Ruth Madoff agree as follows:

1.      Incorporation of Recitals.  The recitals set forth above are fully incorporated herein.

2.      Effective Date.  The "Effective Date" of this Agreement shall be the date on which the Bankruptcy Court's Order granting the relief sought in the 9019 Motion (the "9019 Motion") filed by the Trustee in the Adversary Proceeding seeking approval to enter into this Agreement (the "9019 Order") is no longer subject to appeal.  If the Bankruptcy Court denies the 9019 Motion, this Agreement shall be null and void, with no force or effect.

3.      Claim Withdrawn.  On the Effective Date, Ruth Madoff will deliver to the Trustee

an executed Notice of Withdrawal of Creditor Claim with Prejudice, in the form attached hereto
as **Exhibit 2** to this Agreement.

4.    <u>Settlement Payments.</u>  In connection with the settlement, Ruth Madoff shall pay
or cause to be paid the following:

a.    <u>Settlement Cash Payments.</u>  Two Hundred and Fifty Thousand Dollars
($250,000.00) to the Trustee by bank check, wire transfer or other immediately available funds
("<u>Settlement Cash Payment</u>") in the following installments:

i.    One Hundred and Fifty Thousand Dollars ($150,000) within two
(2) days of the Effective Date ("<u>First Payment</u>"); and

ii.    One Hundred Thousand Dollars ($100,000) on or before the one-
year anniversary of the First Payment.

b.    <u>529 Accounts.</u>  Ruth Madoff shall cause to be transferred to the BLMIS
Trustee within two (2) days of the Effective Date the proceeds of two New York State 529
accounts held at Ascensus Trust owned by Ruth Madoff for the benefit of Grandchild A and
Grandchild B, with an approximate aggregate balance of $344,000.00 (collectively, the "<u>529</u>
<u>Accounts</u>"), less any applicable taxes, penalties or fees relating to the 529 Accounts ("<u>529</u>
<u>Proceeds</u>").

c.    <u>Remainder of Estate Payment.</u>  The proceeds of all of Ruth Madoff's
remaining assets at the time of her death shall be transferred to the Trustee following Ruth
Madoff's passing.  To effectuate this provision, Ruth Madoff shall take the actions set forth
below.  Collectively, the Settlement Cash Payments, the 529 Proceeds, and the Remainder of
Estate Payment are the "<u>Settlement Payments</u>."

5.    <u>Delivery of Will, Power of Attorney and Appointment of Health Care</u>

Representative.  Within fourteen (14) days of the date this Agreement is executed by the Parties

(the "Execution Date"), Ruth Madoff shall deliver to the Trustee copies of the following

executed documents, which shall remain in escrow until the Effective Date:

      a.      Last Will and Testament of Ruth Madoff (the "Will") (i) identifying

Peter Goldman, Esq. as Ruth Madoff's personal representative upon her death, and (ii) pouring-

over all assets then individually owned by her to her Revocable Trust (defined herein).

      b.      Durable Power of Attorney of Ruth Madoff (the "Power of Attorney"),

which shall provide, among other matters, that in the event Ruth Madoff is incapacitated, the

attorney appointed by such instrument will be appointed as Ruth Madoff's guardian and/or

conservator.

      c.      Appointment of Health Care Representative of Ruth Madoff (the

"Healthcare Proxy", and together with the Will and the Power of Attorney, the "Planning

Documents").

      6.      Revocable Trust.  Within fourteen (14) days of the Execution Date, Ruth Madoff

shall enter into an agreement ("Revocable Trust Agreement") to create a revocable trust (the

"Revocable Trust").  The Revocable Trust Agreement shall have the following provisions:

      a.      Trust Assets:  The assets of the Revocable Trust shall initially be (1)

account(s) held by Ruth Madoff at Stifel, Nicolaus & Company (the "Stifel Account(s)"), the

title to which shall be transferred to the Revocable Trust within two (2) days of the Effective

Date, and (2) accounts held by Ruth Madoff at Bank of America, with ending account numbers

7353 and 3229 (together with the Stifel Accounts, the "Bank Accounts"); the title to such Bank

Accounts shall be transferred to the Revocable Trust within two (2) days of the Effective Date.

      b.      Beneficiary:  Ruth Madoff shall be the sole lifetime beneficiary of the

Revocable Trust, to be succeeded upon her death by the BLMIS Trustee.  During her lifetime,

Ruth Madoff shall be entitled, subject to the provisions of Section 9 of this Agreement, to use

funds in the Bank Accounts to pay reasonable living and medical care expenses, including long

term care if needed.  Ruth Madoff shall not use or move her funds in the Bank Accounts except

to pay such reasonable living and medical care expenses.

       c.     <u>Estate</u>:  At Ruth Madoff's death, the proceeds of her entire estate (the

"<u>Ruth Madoff Estate</u>"), except for the tangible personal property identified in **<u>Exhibit 3</u>** to this

Agreement, shall pass to the BLMIS Trustee as the sole beneficiary of the Revocable Trust.

       d.     <u>Trustees:</u>  The trustees of the Revocable Trust shall be Ruth Madoff, and

Peter Goldman, Esq. as an independent third party.  The successor trustee(s) shall be as set forth

in the Revocable Trust Agreement.

       e.     <u>BLMIS Trustee's Consent:</u>  The Revocable Trust shall provide that it may

not be modified or revoked at any time without the prior written consent of the BLMIS Trustee

or his designated successor.

       f.     <u>Purpose</u>:  The purpose of the Revocable Trust is restitution to the BLMIS

Trustee under this Agreement in satisfaction of the claims in the Adversary Proceeding.

       7.     <u>Remainder of Estate Payment.</u>  Following Ruth Madoff's death, the following

shall take place:

       a.     Within ten (10) days of Ruth Madoff's death, the personal representative

of Ruth Madoff's estate (if any), the agent under the Power of Attorney, and/or the surviving

trustee(s) of the Revocable Trust shall notify the Trustee of her death.

       b.     Within sixty (60) days following Ruth Madoff's death, the surviving

trustee(s) of the Revocable Trust shall take the following steps to fund the final payment in

satisfaction of this Agreement (the "<u>Remainder of Estate Payment</u>"): (1) liquidate the assets in

the Revocable Trust and transfer the same to the BLMIS Trustee, and (2) transfer the proceeds of

the entire Ruth Madoff Estate, except for the tangible personal property identified in Exhibit 3 to

this Agreement, to the BLMIS Trustee.

       c.      Within the fourteen (14) day period after the Execution Date, Ruth Madoff

will provide the BLMIS Trustee and/or his undersigned counsel with an opportunity to view and

inspect the Planning Documents, Revocable Trust Agreement, and other necessary documents

(collectively, the "<u>Transfer Documents</u>") evidencing the entire transfer of Ruth Madoff's estate

to the Revocable Trust upon her death.  Ruth Madoff's counsel will keep the finalized Transfer

Documents in escrow until the Effective Date.  On the Effective Date, Ruth Madoff will provide

the Trustee with a copy of the Transfer Documents evidencing the entire transfer of her estate to

the BLMIS Trustee upon her death, pursuant to the Revocable Trust Agreement.  In addition, as

provided in Section 6 above, within two (2) days after the Effective Date, Ruth Madoff shall

cause the Bank Accounts to be transferred to the Revocable Trust.  Ruth Madoff shall not

transfer, gift, bequeath, sell, donate, encumber, or otherwise dispose of any of her remaining

assets in contravention of this Agreement.

       d.      Ruth Madoff represents and warrants that none of her estate planning

documents, including the Transfer Documents or other arrangements or understandings, will

provide for the disposition of the assets comprising the Remainder of Estate Payment

inconsistent with the terms of this Agreement, and such documents will not be modified in the

future in any manner inconsistent with Ruth Madoff's obligations hereunder.  The

representations set forth in this Section are a material inducement upon which the BLMIS

Trustee is relying and shall survive in perpetuity, pending occurrence of the Effective Date.

e.      Any future earnings, financial gains, gifts received by Ruth Madoff or any

and all subsequently discovered property are expressly contemplated by this Agreement as to be

held in trust for future satisfaction of the Remainder of Estate Payment, except for certain shares

of specific stock (with an aggregate value of under $10,000), the dividends from which are

periodically being sent by Ruth Madoff's counsel to the U.S. Attorney's Office for the Southern

District of New York.  In other words, Ruth Madoff's assets for satisfaction of the Remainder of

Estate Payment are not intended to be limited to Ruth Madoff's assets at the time of execution of

this Agreement.  It is understood and agreed by the parties that any additional, future income or

assets received by Ruth Madoff are also to be included in the pool of assets to be held in the

Revocable Trust for future satisfaction of the Remainder of Estate Payment, and transferred to

the BLMIS Trustee following Ruth Madoff's death.

8.      Carve-Out Assets.  Ruth Madoff agrees to hold all remaining assets in trust for

future satisfaction of the Remainder of Estate Payment except for the following assets (the

"Carve-Out Assets"):

a.      The approximately 2010 Toyota Prius currently owned by Ruth Madoff.

The purchase of a like vehicle to replace the Prius, if needed, is expressly deemed a reasonable

living expense as set forth in this Agreement.

b.      Certain personal property as listed on Exhibit 3 to this Agreement and any

item acquired after this Agreement, to the extent such after-acquired property is valued at under

Five Hundred Dollars ($500.00).

9.      Semi-Annual Reports.  Ruth Madoff (and/or the agent under her Power of

Attorney and/or the trustees under the Revocable Trust) shall provide an accounting to the

Trustee on a semi-annual basis (every six months), beginning at the end of the first six months

after the Effective Date of this Agreement and concluding with a final accounting following her

death ("Six-Month Report").  The final accounting shall be provided to the Trustee by Ruth

Madoff's estate, personal representatives and/or surviving trustee(s) of the Revocable Trust

within 45 days following Ruth Madoff's death.  Each Report will set forth the amount of funds

held in any and all accounts, the accrual of interest or other gains, if any (both of which can be

satisfied by providing a complete account statement of any accounts held by Ruth Madoff), and a

description and purpose of any deposits or withdrawals made therein exceeding $500.

      10.   <u>Representations.</u>

      a.   To induce the Trustee to enter into this Agreement, Ruth Madoff also

agrees, represents and warrants to be interviewed by the Trustee and/or his attorneys, at mutually

agreed upon times, and to cooperate with the Trustee and SIPC to the extent that her assistance is

requested in connection with any of the Trustee's pending litigations.  In this regard, Ruth Madoff

wants to express her appreciation for all of the efforts taken by the Trustee to recover monies for

the victims of Bernard Madoff's criminal conduct.

      b.   If any of the representations made by Ruth Madoff to the Trustee in this

Agreement, including its Exhibits, are later discovered to have been knowingly or recklessly false

and material, the Agreement is deemed to be breached, and the Trustee may immediately foreclose

on her remaining assets without further judicial process.

      c.   Ruth Madoff hereby represents and warrants that she does not have current

ownership, custody or control of, or any rights to, any assets or property of any kind or description,

real, personal or otherwise and wherever located, as an individual, beneficiary or fiduciary—

including any assets to be paid or payable on or as a result of her death from any and all sources

and for any reason—other than the assets or property identified in this Agreement and the tangible

personal property listed on Exhibit 3 to this Agreement, which the BLMIS Trustee has relied upon
in entering this Agreement.

11. <u>Release by the Trustee; Dismissal of Adversary Proceedings</u>.

a. Upon the Effective Date and subject to confirmation that the obligations
set forth in Sections 3 – 7 and Section 9 of this Agreement have been satisfied, other than future
obligations, the Trustee on behalf of the Consolidated BLMIS Estate hereby releases, remises,
and forever discharges Ruth Madoff and Ruth Madoff's attorneys, professionals, agents and
consultants, from any and all past, present or future claims or causes of action (including any
suit, petition, demand, or other claim in law, equity or arbitration) and from any and all
allegations of liability or damages (including any allegation of duties, debts, reckonings,
contracts, controversies, agreements, promises, damages, responsibilities, covenants, or
accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration,
absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability,
negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys'
fees, costs or disbursements) known or unknown, that are, have been, could have been, or might
in the future be, asserted by Trustee on behalf of the Consolidated BLMIS Estate, against Ruth
Madoff based on, arising out of, or relating in any way to BLMIS, the Chapter 7 Madoff Estate
or the Avoidable Transfers (collectively, the "Trustee Released Claims").

b. As soon as practicable after the Effective Date and confirmation that the
obligations set forth in Sections 3 - 7 and Section 9 of this Agreement have been satisfied, other
than future obligations, counsel for the Trustee shall subsequently execute and file a Notice of
Dismissal dismissing the Adversary Proceeding without prejudice and without costs to either the
Trustee or Ruth Madoff, subject only to the right of the Trustee to reopen the Adversary

4810-6678-6453.6

Proceeding for an uncured default under this Agreement and /or to enforce this Agreement. Upon receipt of all the Settlement Payments, and provided that there has been no default under this Agreement, the dismissal shall automatically convert to a dismissal with prejudice.

      c.     Subject to Section 10(b), should the Trustee conclude that any provision of this Agreement has been breached, the Trustee will notify Ruth Madoff, through her undersigned counsel, and she will have five (5) business days to cure that default, unless extended by the Trustee.

      12.    <u>Release by Ruth Madoff.</u>

      a.     Upon the Effective Date, Ruth Madoff releases, remises, and forever discharges: (i) the Trustee, (ii) all of the Trustee's attorneys, professionals, agents and consultants, and (iii) the Consolidated BLMIS Estate from any and all past, present or future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, that are, have been, could have been, or might in the future be, asserted by Ruth Madoff against the Trustee, all of the Trustee's attorneys, professionals, agents and consultants, and BLMIS and its consolidated estate based on, arising out of, or relating in any way to BLMIS, the Chapter 7 Madoff Estate, or the Avoidable Transfers (collectively "Ruth Madoff Released Claims").

      13.    <u>Further Assurances.</u>

4810-6678-6453.6

a.      Each of the Parties hereto shall execute and deliver such documents, instruments and agreements, including the Transfer Documents, and take such further actions as may be reasonably required or desirable to carry out the provisions of this Agreement and the transfers contemplated hereby, and each of the Parties hereto shall cooperate with each other in connection with the foregoing.

b.      If, at any time after the Effective Date, the Trustee shall determine or be advised that any further assignment, conveyance or assurance in law or any other acts are necessary or desirable to vest, perfect and/or confirm the Trustee's right, title and interest in Ruth Madoff's Estate upon her death, or otherwise to carry out the purpose of this Agreement, Ruth Madoff agrees to promptly execute and deliver all such proper assignments, conveyances and assurances in law and to do all acts reasonably necessary or proper to vest, perform or confirm the Trustee's title to, and possession of, the proceeds of her entire remaining Estate upon her death.

14.     <u>Entire Understanding; Negotiated Agreement</u>.  The Parties hereby agree that this Agreement, including the Exhibits hereto, is the entire understanding of the Parties with respect to the subject matter of this Agreement and supersedes any and all prior or contemporaneous agreements, representations and understandings of the Parties concerning the subject matter hereof.  This Agreement has been fully negotiated by the Parties, and each Party has been represented by counsel of its choosing.  The Parties agree that each participated equally in the preparation of this Agreement, and that no provision shall be construed against any other Party as draftsman.

15.     <u>No Third-Party Beneficiaries</u>.  The Parties do not intend to confer any benefit by or under this Agreement upon any person or entity other than the Trustee and Ruth Madoff.  No person or entity shall be entitled to assert any rights under this Agreement other than the Trustee

13

and Ruth Madoff, nor shall any person or entity other than the Trustee and Ruth Madoff be permitted to use this Agreement as evidence of an admission regarding any claim, right, or defense that such person or entity may assert.

16.    <u>Assignment</u>. The Trustee shall have the right, with written notice to Ruth Madoff, to assign this Agreement.  Ruth Madoff shall not have the right to assign this Agreement.

17.    <u>Successors</u>. This Agreement shall be binding upon, inure to the benefit of, and enforceable against the Parties and their respective estates, heirs, personal representatives, executors, successors and permitted assigns.

18.    <u>Amendment</u>.  This Agreement may not be changed, modified, or amended except in a writing signed by the Parties and/or their counsel or as approved by the Bankruptcy Court.

19.    <u>Waiver</u>.   No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

20.    <u>Severability</u>.  In the event that any term or provision of this Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this Agreement and any other application of such term or provision shall not be affected thereby.

21.    <u>Governing Law</u>.  This Agreement shall be governed by, and in accordance with, the laws of the State of New York (without regard to the principles of conflicts of law thereof), the Bankruptcy Code, and SIPA.  Each Party waives on behalf of itself and its successors and assigns any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

22.    <u>Expenses</u>. Each Party shall bear its respective expenses relating to or arising out of the Bankruptcy Court proceedings and this Agreement, including, but not limited to, fees for

4810-6678-6453.6

attorneys, experts, consultants, accountants and other advisors.

23.     <u>Rules of Construction</u>. The captions in this Agreement are inserted only as a matter of convenience and for reference and do not define, limit or describe the scope of this Agreement or the scope or content of any of its provisions.  Any reference in this Agreement to a section is to a section of this Agreement.  "Including" is not intended to be a limiting term.

24.     <u>Counterparts; Electronic Copy of Signatures</u>. This Agreement may be executed in any number of counterparts and shall constitute one agreement, binding upon all Parties hereto as if all Parties signed the same document.  Further, all facsimile and digital images of signatures shall be treated as originals for all purposes.

25.     <u>Jurisdiction</u>. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any and all issues or disputes that may arise in connection with this Agreement and its enforcement.  Each side shall bear its own costs and fees in any dispute brought before the Bankruptcy Court under this paragraph.  In the event the BLMIS proceeding is closed by a final decree and not reopened, the Parties agree that any dispute arising out of this Agreement may be brought in the United States District Court for the Southern District of New York or in the Supreme Court of the State of New York in New York County.

**AGREED TO BY:**


**IRVING H. PICARD, IN HIS CAPACITY AS THE TRUSTEE FOR THE LIQUIDATION PROCEEDINGS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND THE SUBSTANTIVELY CONSOLIDATED BANKRUPTCY ESTATE OF BERNARD L. MADOFF**

4810-6678-6453.6

Dated: May 3, 2019
New York, New York

_____
IRVING H. PICARD


BAKER HOSTETLER LLP
*Attorneys for the Trustee*

_____
DAVID J. SHEEHAN, ESQ.
KEITH R. MURPHY, ESQ.
MELISSA CARVALHO, ESQ.


**RUTH MADOFF**

Dated: May __, 2019
New York, New York

_____
RUTH MADOFF


MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
*Attorneys for Ruth Madoff*


_____
PETER A. CHAVKIN, ESQ.

16

Dated: May __, 2019
     New York, New York

                                  _____
                                  IRVING H. PICARD


                                  BAKER HOSTETLER LLP
                                  *Attorneys for the Trustee*


                                  _____
                                  DAVID J. SHEEHAN, ESQ.
                                  KEITH R. MURPHY, ESQ.
                                  MELISSA CARVALHO, ESQ.


**RUTH MADOFF**

Dated: May 3, 2019
     New York, New York
                                  _____
                                  RUTH MADOFF


                                  MINTZ LEVIN COHN FERRIS
                                  GLOVSKY AND POPEO, P.C.
                                  *Attorneys for Ruth Madoff*

                                  _____
                                  PETER A. CHAVKIN, ESQ.

16

**EXHIBIT 1**

Bernard L. Madoff Investment Securities LLC
Case No 08-01789-BRL
U.S. Bankruptcy Court for the Southern District of New York
Claim Number:                    100319

## PROOF OF CLAIM

RECEIVED

JUL 0 2 2009

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE )<br><br>)<br><br>)<br><br>)<br><br>BERNARD L. MADOFF )<br>INVESTMENT SECURITIES LLC, )<br><br>)<br>Debtor. )<br><br>) | Adv. Proc. No. 08-01789-BRL\<br><br>SIPA Liquidation<br><br>(Substantively Consolidated)<br><br>Amount of Claim $ Unliquidated;<br>    See Attached Addendum<br><br>Claimed As: [X] General Unsecured<br>    [ ] Priority (see Paragraph 10)<br>    [ ] Secured (see Paragraph 9) |
| In re: )<br><br>)<br>BERNARD L. MADOFF, )<br><br>)<br>Debtor )<br><br>) | **This claim is filed as a contingent and unliquidated claim, effective in the event Ruth Madoff incurs liability on one of the civil lawsuits listed on the attached Addendum, all as more fully set forth in the attached Addendum.** |

1.  Name of Creditor
    (Print or Type):  ___Ruth Madoff_____

    Mailing Address:  Redacted _____
        City_ Redacted _____ State Redacted _ Zip Code: _ Redacted ____

2.  The debtor was, at the time of the filing of the petition initiating this case, and still is indebted (or liable) to this claimant in the sum of $___Unliquidated; See Addendum attached hereto___

3.  The consideration for this debt (or ground of liability) is as follows: ___See Addendum attached hereto___

4.    (If the claim is founded on writing.)  The writing on which this claim is founded (or a duplicate thereof) is attached hereto (or cannot be attached for the reason set forth in the following statement).

_____    N/A    _____

5.    (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

_____    N/A    _____

6.    No judgment has been rendered on the claim except:

_____    N/A    _____

7.    The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

_____    N/A    _____

8.    This claim is not subject to any set-off or counterclaim except:

_____

9.    No security interest is held for this claim except:

**(If security interest in property of the debtor is claimed)**  The undersigned claims the security interest under the writing referred to in paragraph 4 hereof.  Evidence of perfection of such security interest is also attached hereto.

_____

10.    This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim.  **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

_____

11.    If claimant has obtained this claim by assignment, a copy or explanation of said
assignment is attached hereto.

Name of Creditor (PRINT OR TYPE)  Ruth Madoff

Signature: _Ruth Madoff_____  6/30/09_____

Title (Corporate Officer, Partner, or Agent):_____

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

**Bernard L. Madoff Investment Securities, LLC, Defendant**
**Bernard L. Madoff, Debtor**
**SIPA Liquidation Adv. Pro. No. 08-01789 (BRL)**

**Addendum to Proof of Claim**
**of Ruth Madoff**

### Summary of Proof of Claim

Ruth Madoff ("Mrs. Madoff) asserts a contingent and unliquidated claim against Bernard L.
Madoff Investment Securities, LLC, and Bernard L. Madoff (together, the "Debtors") in an
unliquidated amount (this "Claim") in connection with the Actions (defined below). Mrs.
Madoff has been named as a defendant in the four civil actions listed below. Mrs. Madoff
asserts a contingent and unliquidated claim against the Debtors for contribution, indemnification
and/or reimbursement for any and all damages she may incur, if any, in any of those four
civil actions, or with respect to any other claims or actions of any kind or nature that might be
filed against her in the future (the "Actions"):

1. Wexler v. Tremont Partners, Inc. et al., No. 101615/09, Supreme Court of New York,
   County of New York.

2. Ryan et al. v. Friehling & Horowitz, P.C. et al., No. 101616/09, Supreme Court of New
   York, County of New York.

3. FLB Foundation, Ltd. v. Bernard L. Madoff Investment Securities, LLC et al., No.
   3746/09, Supreme Court of New York, County of Queens.

4. Retirement Program for Employees of the Town of Fairfield v. Bernard L. Madoff et al.,
   No. FST-CV-09-5011561S, Superior Court of Connecticut, Judicial District of Stamford-
   Norwalk.

Mrs. Madoff expressly reserves her right to modify, amend or supplement this Claim at any time
and in any respect or to assert any of the claims or any other claim as an administrative claim or
other priority claim.

Mrs. Madoff submits herself to the jurisdiction of the United States Bankruptcy Court for the
Southern District of New York solely for the purpose of the resolution of the claims set forth
herein. Mrs. Madoff objects to the exercise of jurisdiction by the Bankruptcy Court over Mrs.
Madoff or over any cases or controversies concerning Mrs. Madoff for any other purpose. Mrs.
Madoff demands trial by jury on all issues so triable.

4651401v.5

# MINTZ LEVIN

**John D. Bove | 212 692 6290 | jbove@mintz.com**

Chrysler Center
666 Third Avenue
New York, NY  10017
212-935-3000
212-983-3115 fax
www.mintz.com

July 1, 2009

**FEDERAL EXPRESS**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Avenue, Suite 800
Dallas, TX 75201

     Re:  <u>Bernard L. Madoff Investment Securities LLC</u>

Dear Sir or Madam:

  Enclosed for filing in the above-referenced matter please find an original and a copy of a Proof of Claim on behalf of Ruth Madoff.

  Please date stamp the enclosed copy and return same in the enclosed self addressed envelope.  Thank you for your attention to this matter.

      Sincerely,

      John D. Bové
      Managing Clerk

Enclosure

cc: Adrienne K. Walker, Esq.

4656112v.1

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Boston | Washington | New York | Stamford | Los Angeles | Palo Alto | San Diego | London



**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :
          Plaintiff-Applicant,       :      Adv. Pro. No. 08-01789 (SMB)
          v.                         :
BERNARD L. MADOFF INVESTMENT SECURITIES,  :      SIPA Liquidation
LLC,                                 :
                                     :
          Defendant.                 :
------------------------------------------------------------------x
IN RE:                               :
                                     :
BERNARD L. MADOFF                    :
                                     :
          Debtor.                    :
------------------------------------------------------------------x

## NOTICE OF WITHDRAWAL OF CLAIM

          Pursuant to Federal Rule of Bankruptcy Procedure 3006, Ruth Madoff hereby withdraws
the following Claim, more fully described herein below:

| Claim Number | Date Claim Filed | Amount of Claim |
|--------------|------------------|-----------------|
| 100319 | July 2, 2009 | unliquidated |

Dated:     May __, 2019
           New York, New York

                              Respectfully submitted,

                              MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
                              AND POPEO, P.C.


                              By:_____
                                    Peter Chavkin

                              666 Third Avenue
                              New York, NY 10017
                              Telephone:  (212) 692-6231
                              PAChavkin@mintz.com

                              *Attorneys for Ruth Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION     :
CORPORATION,     :
    :
    Plaintiff-Applicant,     :    Adv. Pro. No. 08-01789 (SMB)
    v.     :
BERNARD L. MADOFF INVESTMENT SECURITIES,   :    SIPA Liquidation
LLC,     :
    :
    Defendant.     :

-----------------------------------------------------------------------x

IN RE:     :
    :
BERNARD L. MADOFF     :
    :
    Debtor.     :

-----------------------------------------------------------------------x

## CERTIFICATE OF MAILING

The undersigned, Peter Chavkin of Mintz, Levin, Cohn, Ferris, Glovsky & Popeo P.C., attorneys for Ruth Madoff, hereby certifies that on the ___ day of May, 2019, he caused a copy of the Notice of Withdrawal of Customer Claim to be placed in an envelope with first-class postage, prepaid, and mailed to:

David J. Sheehan
Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111
Attorneys for Irving Picard, Esq.
Trustee for the Liquidation of the
Business of Bernard L. Madoff
Investment Securities, LLC

_____
Peter Chavkin
666 Third Avenue
New York, NY 10017
Telephone:  (212) 692-6231
PAChavkin@mintz.com

## EXHIBIT 3

Toyota Prius (or equivalent replacement car)

Personal clothing

Household furniture

Cartier wristwatch (owned for at least 20 years)

Costume-like jewelry

Various small electronics

Two paintings (Ruth Madoff does not own them)

Two night tables (Ruth Madoff does not own them)