**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Keith R. Murphy
Melissa M. Carvalho

*Attorneys for Irving H. Picard, Trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br>  v.<br><br>RUTH MADOFF,<br><br>        Defendant. | Adv. Pro. No. 09-01391 (SMB) |

STATE OF NEW YORK         )
                                              ) ss:
COUNTY OF NEW YORK   )

Irving H. Picard, being duly sworn, hereby attests as follows:

1.  I am the trustee for the substantively consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Chapter 7 Estate of Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors").  I respectfully submit this Affidavit in support of the motion seeking entry of an order pursuant to Section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*., and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving a Settlement Agreement ("Settlement") by and between the Trustee and Defendant Ruth Madoff.

2.  This Affidavit is based upon my own personal knowledge or upon information that I believe to be true.

3.  I believe that the terms of the Settlement fall well above the lowest point in the range of reasonableness and, accordingly, the Settlement should be approved by the Court.

4.  The Complaint against Mrs. Madoff asserts claims for the return of fraudulent transfers and other benefits received from BLMIS in excess of $44 million, as well as claims for unjust enrichment and conversion.

5.  Pursuant to a forfeiture Stipulation and Order, dated June 26, 2009, Bernard Madoff and Ruth Madoff forfeited their homes, financial holdings and other property in connection with Bernard Madoff's criminal sentence.  The United States Government agreed not to contest Mrs. Madoff's claim to $2.5 million and to make a payment to her in that amount following forfeiture of the Madoffs' assets.  The Forfeiture Stipulation expressly provides that the $2.5 million payment to Mrs. Madoff "does not in any way preclude . . . Irving H. Picard,

4836-0008-3037.5

Esq. as trustee for the liquidation of the business of defendant Bernard L. Madoff Investment Securities LLC . . . from seeking to recover the Funds from Ruth Madoff."

6. At my request, my counsel and consultants have conducted a comprehensive investigation into Mrs. Madoff, which included, without limitation, the review and analysis of documents and communications relating to, among other things, Mrs. Madoff's involvement with BLMIS and BLMIS-related entities, alleged transfers from BLMIS to Mrs. Madoff, the source of Mrs. Madoff's assets, and Mrs. Madoff's alleged use of corporate funds.

7. The Settlement is a complete resolution of all claims brought by the Trustee against Mrs. Madoff and will close a significant chapter in the Trustee's investigation of the BLMIS fraud.

8. The terms of the Settlement are as follows:

- Mrs. Madoff shall provide the Trustee with an executed Notice of Withdrawal of Creditor Claim with Prejudice.
- Mrs. Madoff shall make an upfront cash payment to the Trustee of Two Hundred and Fifty Thousand Dollars ($250,000.00) by bank check, wire transfer or other immediately available funds pursuant to the two-installment payment schedule set forth in the Settlement.
- Mrs. Madoff shall cause to be transferred to the Trustee proceeds of two New York State 529 accounts at Ascensus Trust owned by Mrs. Madoff for the benefit of Grandchild A and Grandchild B valued at approximately Three Hundred Forty-Four Thousand Dollars ($344,000.00), less any applicable taxes, penalties or fees relating to the accounts.
- The proceeds of all of Mrs. Madoff's remaining assets at the time of her death shall be transferred to the Trustee following her death through a revocable trust, over which the Trustee shall have the right to preclude any changes. Mrs. Madoff will provide the Trustee with a copy of her Last Will and Testament, the Revocable Trust Agreement, and other documents evidencing the entire transfer of her estate to the Trustee upon her death.
- The Revocable Trust created pursuant to the Settlement will be funded by accounts held by Mrs. Madoff at Stifel, Nicolaus & Company and Bank of America. Mrs. Madoff will be entitled to use the funds at such accounts to pay reasonable living and medical care expenses incurred during her lifetime.
- Mrs. Madoff shall provide an accounting to the Trustee on a semi-annual basis, which will set forth the amount of funds held in any and all accounts, the accrual of interest or

4836-0008-3037.5

other gains, if any, and a description and purpose of any deposits or withdrawals made therein exceeding $500.

- Mrs. Madoff releases the Trustee, his respective agents, and BLMIS and its consolidated estate, on the specific terms set forth in the Settlement.

- The Trustee releases Mrs. Madoff and her respective agents on the specific terms set forth in the Settlement.

- As soon as practicable after the Effective Date, and contingent upon the Bankruptcy Court's approval of the Trustee's 9019 Motion, the Trustee will file a Notice of Dismissal dismissing the Adversary Proceeding without prejudice and without costs to either party, subject to the right to reopen the Adversary Proceeding for an uncured default under the Settlement. Upon receipt of all of the Settlement Payments, and provided that there has been no default under the Settlement, the dismissal shall convert to a dismissal with prejudice.

- Mrs. Madoff shall cooperate with the Trustee and SIPC to the extent that her assistance is requested in connection with any of the Trustee's pending litigations.

9.  I recognize that litigating these claims against Mrs. Madoff in light of the limited assets and funds that she has been left with after the government forfeiture would merely reduce the amount of funds available for the victims of the fraud. Further litigating this action would also be complex, create significant delay, and involve litigation risk and difficulties associated with collection.

10. Given the potential impact of these issues, and the cost and complexities involved in proceeding with litigation, I have determined, in my business judgment, that the Settlement represents a fair and reasonable compromise of the Trustee's claims in this proceeding.

11. I respectfully submit that the Settlement should be approved (a) to avoid depleting the funds that would otherwise be available to fraud victims; (b) to avoid lengthy, costly, and burdensome litigation; and (c) because the Settlement represents a reasonable compromise of the Trustee's claims.

4836-0008-3037.5

Sworn to before me this
3rd day of May 2019

_____
NOTARY PUBLIC

SONYA M. GRAHAM
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/2021

_____
IRVING H. PICARD

4836-0008-3037.3