**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re: BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>CAROL NELSON,<br><br>    Defendant. | Adv. Pro. No. 10-04658 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>CAROL NELSON, Individually and as Joint Tenant; and STANLEY NELSON, Individually and as Joint Tenant,<br><br>    Defendants. | Adv. Pro. No. 10-04377 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S
<u>MOTION TO QUASH SUBPOENA</u>**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.     THE COURT MAY EXERCISE ITS DISCRETION TO QUASH THE
SUBPOENA AS IT SEEKS TESTIMONY THAT IS IRRELEVANT AND
UNNECESSARILY CUMULATIVE ................................................................3

          A.     Exclusion of Irrelevant Evidence .................................................3

          B.     Exclusion of Cumulative or Duplicative Evidence .....................5

    II.    THE TRUSTEE'S TESTIMONY IS NEITHER RELEVANT NOR
PROBATIVE ON THE TRIABLE ISSUES OF FACT .........................................6

    III.   THE COURT MAY EXCLUDE THE TRUSTEE'S TESTIMONY
PURSUANT TO FED. R. EVID. 403 ................................................................8

    IV.   THE TRUSTEE SHOULD BE PROTECTED FROM UNDUE
HARASSMENT ..................................................................................................9

CONCLUSION ..............................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Alder, Coleman Clearing Corp.*,
  No. 95-08203 (JLG), 1998 WL 160039 (Bankr. S.D.N.Y. Apr. 3, 1998) ................................. 7

*In re Belmonte*,
  524 B.R. 17 (Bankr. E.D.N.Y. 2015) ................................................................................... 11

*Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*,
  No. 15 Civ. 6586 (PAC), 2015 WL 6741852 (S.D.N.Y. Nov. 4, 2015) ................................ 10

*Brown v. Hendler*,
  No. 09 Civ. 4486 (RLE), 2011 WL 321139 (S.D.N.Y. Jan. 31, 2011) ................................ 4, 5

*Chevron Corp. v. Donziger*,
  No. 11 Civ. 0691 (LAK), 2013 WL 1896932 (S.D.N.Y. May 7, 2013) ................................ 10

*Consol. Rail Corp. v. Primary Indus. Corp.*,
  No. 92 Civ. 4927 (PNL), 1993 WL 364471 (S.D.N.Y. Sept. 10, 1993) ................................ 10

*Contreras v. Artus*,
  778 F.3d 97 (2d Cir. 2015) ..................................................................................................... 3

*In re County Of Erie*,
  473 F.3d 413 (2d Cir. 2007) ................................................................................................... 8

*Dery v. Rosenberg (In re Rosenberg)*,
  291 B.R. 704 (Bankr. E.D. Mich. 2002) .............................................................................. 11

*During v. City Univ. of N.Y.*,
  No. 05 Civ. 6992 (RCC), 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006) ................................. 3

*F.H. Krear & Co. v. Nineteen Named Trustees*,
  810 F.2d 1250 (2d Cir. 1987) .............................................................................................. 5, 9

*Fappiano v. City of New York*,
  640 F. App'x 115 (2d Cir. 2016) ............................................................................................ 5

*In re Fitch, Inc.*,
  330 F.3d 104 (2d Cir. 2003) ................................................................................................... 5

*Gucci America, Inc. v. Guess?, Inc.*,
  271 F.R.D. 58 (S.D.N.Y. 2010) ............................................................................................. 8

*Highland Capital Mgmt., L.P. v. Schneider*,
  551 F. Supp. 2d 173 (S.D.N.Y. 2008) .................................................................................... 6

*Int'l Minerals & Res., S.A. v. Pappas*,
  96 F.3d 586 (2d Cir. 1996) .................................................................................................. 5, 8

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
  No. 03 Civ. 5560 (RMB) (HBP), 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) ...................... 4

*In re Madoff Securities*,
   No. 15 Civ. 06564 (GBD), 2016 WL 690834 (S.D.N.Y. Feb. 11, 2016) ................................9

*Malletier v. Dooney & Burke, Inc.*,
   No. 04 Civ. 5316 (RMB) (MHD), 2006 WL 3476735 (S.D.N.Y. Nov. 30,
   2006) ..............................................................................................................................10

*Night Hawk Ltd. v. Briarpatch Ltd., LP*,
   No. 03 Civ. 1382 (RWS), 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003) .............................3

*In re Quigley Co., Inc.*,
   No. 04-15739 (SMB), 2009 WL 9034027 (Bankr. S.D.N.Y. Apr. 24, 2009) ..........................7

*In re Randall's Island Family Golf Centers, Inc.*,
   290 B.R. 55 (Bankr. S.D.N.Y. 2003) ......................................................................................7

*In re Refco Sec. Litig.*,
   759 F. Supp. 2d 342 (S.D.N.Y. 2011) ....................................................................................3

*In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP
Address 69 .120.35.31*,
   No. Misc. 08–347 (ARR) (MDG), 2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010) ....................5

*Salvatore Studios Int'l v. Mako's Inc.*,
   No. 01 Civ. 4430 (BSJ) (JDF), 2001 WL 913945 (S.D.N.Y. Aug.14, 2001) .........................3

*Sec. & Exch. Comm'n v. Ahmed*,
   No. 3:15 Civ. 675 (JBA), 2018 WL 1541902 (D. Conn. Mar. 29, 2018) ..............................10

*In re Six Grand Jury Witnesses*,
   979 F.2d 939 (2d Cir. 1992) ...................................................................................................8

*Sprint/United Mgmt. Co. v. Mendelsohn*,
   552 U.S. 384 (2008) ............................................................................................................5, 9

*In re Truong*,
   No. 07-10696 (JMP), 2008 WL 1776227 (Bankr. S.D.N.Y. Apr. 14, 2008) ........................11

*United States v. Holmes*,
   44 F.3d 1150 (2d Cir.1995) ....................................................................................................5

*In re White Metal Rolling and Stamping Corp.*,
   222 B.R. 417 (Bankr. S.D.N.Y. 1998) ...................................................................................8

*Williams v. County of Orange*,
   No. 03 Civ. 5182 (LMS), 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005) ...............................6

*Yeager v. United States*,
   557 U.S. 110 (2009) ...............................................................................................................4

*Zagroba v. York Restoration Corp.*,
   No. 10 CV 2663 (ARR) (LB), 2011 WL 2133837 (E.D.N.Y. 2011) .....................................4

**Statutes**

11 U.S.C. § 548(a)(1)(A) .............................................................................................................2, 6

11 U.S.C. § 548(c) ................................................................................................................2

**Rules**

Fed. R. Bankr. P. 7026 ........................................................................................................8

Fed. R. Civ. P. 11 ..............................................................................................................11

Fed. R. Civ. P. 26 ................................................................................................................1

Fed. R. Civ. P. 45(c)(3)(A)(i) ..............................................................................................4

Fed. R. Civ. P. 45(c)(3)(A)(iii) ............................................................................................4

Fed. R. Civ. P. 45(c)(3)(A)(iv) ............................................................................................4

Fed. R. Civ. P. 45(d)(2)(B) ................................................................................................10

Fed. R. Evid. 401 ............................................................................................................3, 4

Fed. R. Evid. 401(a) ............................................................................................................4

Fed. R. Evid. 401(b) ............................................................................................................4

Fed. R. Evid. 402 ................................................................................................................3

Fed. R. Evid. 403 ..................................................................................................5, 6, 8, 9

Fed. R. Evid. 602 ................................................................................................................8

**Other Authorities**

Russell, *Bankruptcy Evidence Manual* § 602:1 (2014 ed.) ................................................8

*Weinstein's Federal Evidence* § 401.04[2][b] ....................................................................4

*Weinstein's Federal Evidence* § 401.04[3][b] ....................................................................4

*Weinstein's Federal Evidence* § 402.02 .............................................................................3

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA")[1], and the chapter 7 estate of Bernard L. Madoff, respectfully submits this memorandum of law and the declaration of David J. Sheehan ("Sheehan Decl.") in support of the Trustee's motion to quash the subpoena served upon him by defendants Carol Nelson and Stanley Nelson.

## PRELIMINARY STATEMENT

In the forthcoming trial, the Trustee seeks to avoid and recover a total of $3,065,077 in transfers of fictitious profits made by BLMIS to Defendants, in the two years prior to December 11, 2008. Throughout the course of litigation, Defendants have not disputed that the amount of fictitious profits sought in the complaint was based on the analyses and conclusions of the Trustee's expert witnesses who reviewed, reconciled, and analyzed the voluminous books and records of BLMIS. Specifically, the Trustee made the appropriate disclosures under Federal Rule of Civil Procedure 26 and this Court's scheduling orders on this matter, identifying Mr. Bruce Dubinsky, Ms. Lisa Collura, and Mr. Matthew Greenblatt as expert witnesses to testify on his behalf. Mr. Dubinsky, Ms. Collura, and Mr. Greenblatt all offered expert reports and were made available for deposition, but Defendants chose not to proceed with such depositions or offer rebuttal reports.

Now, for the first time, less than a week before the trial is scheduled to begin, Defendants served the Trustee with a subpoena, commanding that he appear as a witness at the trial.[2] Neither the Trustee nor Defendants have previously identified the Trustee as a party with knowledge in

---

[1] Subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

[2] *See* Sheehan Decl., Ex. 1 (Defendants' cover letter notifying the Trustee of the subpoena, and the subpoena itself, both dated April 30, 2019).

1

their initial disclosures, their first amended initial disclosures, or second amended initial disclosures.[3] Moreover, the subpoena does not indicate the specific information that Defendants seek to elicit from the Trustee as a witness at trial.

The Federal Rules of Evidence prohibit the inclusion of the Trustee's testimony on the grounds that he lacks personal knowledge and because it would be cumulative of other witnesses being presented, protected by privilege, and irrelevant to the (1) the avoidance and recovery of fictitious profits under 11 U.S.C. § 548(a)(1)(A), (2) the existence of the Ponzi scheme at BLMIS, and (3) any affirmative defenses raised by Defendants under 11 U.S.C. § 548(c). Any personal knowledge possessed by the Trustee was obtained post-petition and derived from privileged communications with his counsel and the work of his expert witnesses, who are the proper witnesses to testify at the trial on the issues in this action. Requiring the Trustee to testify in addition to his expert witnesses would result in inefficient use of the Court's time and is nothing more than an attempt to harass the Trustee. Accordingly, the Trustee respectfully requests that the subpoena be quashed.

## ARGUMENT

The subpoena served upon the Trustee should be quashed because any testimony sought from the Trustee is irrelevant to the triable issues of fact here, not based on personal knowledge, lacks any probative value, is duplicative of expert testimony, and results in undue harassment of the Trustee.

---

[3] *See* Sheehan Decl., Ex. 2 (Trustee's Initial Disclosures, July 15, 2014; Trustee's Amended Initial Disclosures, December 29, 2015, Trustee's Second Amended Initial Disclosures, March 14, 2016 as served in both *Picard v. Nelson*, Adv. Pro. No. 10-04377 (SMB) and *Picard v. Nelson*, Adv. Pro. No. 10-04658 (SMB)) and Ex. 3 (Defendants' Initial Disclosures, dated July 15, 2014; Defendants' Amended Initial Disclosures, dated September 1, 2015; Defendants' Amended Initial Disclosures, dated February 10, 2016 as served in *Picard v. Nelson*, Adv. Pro. No. 10-04377 (SMB) and Defendants' Initial Disclosures, dated April 30, 2014; Defendants' Amended Initial Disclosures, dated September 1, 2015 as served in *Picard v. Nelson*, Adv. Pro. No. 10-04658 (SMB)).

2

I. **THE COURT MAY EXERCISE ITS DISCRETION TO QUASH THE SUBPOENA AS IT SEEKS TESTIMONY THAT IS IRRELEVANT AND UNNECESSARILY CUMULATIVE**

A. **Exclusion of Irrelevant Evidence**

The subpoena compelling the Trustee's appearance as a witness at trial is governed by Federal Rule of Civil Procedure 45(d). In addition to the enumerated grounds of Federal Rule of Civil Procedure 45(d)(1)-(3), "[s]ubpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (citing *During v. City Univ. of N.Y.*, No. 05 Civ. 6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006)). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd., LP*, No. 03 Civ. 1382 (RWS), 2003 WL 23018833, *8 (S.D.N.Y. Dec. 23, 2003) (granting motion to quash subpoena of witness whose testimony was not relevant to existing claims and defenses raised in action). *See also Salvatore Studios Int'l v. Mako's Inc.*, No. 01 Civ. 4430 (BSJ) (JDF), 2001 WL 913945, at *1 (S.D.N.Y. Aug.14, 2001) (finding party that issued the subpoena failed to demonstrate relevance).

Fed. R. Evid. 402 prohibits the admission of evidence that is not "relevant" as defined in Fed. R. Evid. 401, to "ensure that nothing is received into evidence that is not logically probative of some matter to be proved." *Weinstein's Federal Evidence* § 402.02. Evidence is relevant under Fed. R. Evid. 401 only if: (a) "it has any tendency to make a fact more or less probable than it would be without the evidence;" and (b) the "fact is of consequence in determining the action." Fed. R. Evid. 401. This two-factor test aids a court's determination of whether the evidence "possesses sufficient probative value to justify receiving it in evidence." Fed. R. Evid. 401, Advisory Committee Note (1972); *see, e.g.*, *Contreras v. Artus*, 778 F.3d 97, 108 (2d Cir. 2015) ("Assessment of relevance thus involves . . . an answer to the question whether an item of evidence,

3

when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence.") (internal citation omitted).

Pursuant to Fed. R. Evid. 401(a), relevant evidence must help prove or disprove a material fact at issue in the litigation. *See, e.g.*, *Yeager v. United States*, 557 U.S. 110, 121-22 (2009) (explaining that evidence is not relevant pursuant to Federal Rule of Evidence standards when it fails to make a fact more or less probable); *see also Weinstein's Federal Evidence* § 401.04[2][b] (relevant evidence "advance[s] the inquiry"). Similarly, under Fed. R. Evid. 401(b), a fact must be "of consequence" to be admitted. A court must determine whether evidence is relevant within the context of the legal requirements of the case. Relevancy "exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Advisory Committee Note (1972); *see also Weinstein's Federal Evidence* § 401.04[3][b] (explaining that substantive law informs whether a fact is "of consequence").

"Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burden-some." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP,* No. 03 Civ. 5560 (RMB) (HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008). Discovery is not boundless, and "[e]ven if a subpoena seeks the production of relevant information, Rule 45. . . requires the Court to quash or modify a subpoena that 'requires disclosure of privileged or other protected matter,' or 'subjects a person to undue burden.'" *Zagroba v. York Restoration Corp.*, No. 10 CV 2663 (ARR) (LB), 2011 WL 2133837 at *2 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv)). Furthermore, Rule 45(c)(3)(A)(i) provides that the Court must quash a subpoena that "fails to allow a reasonable time to comply." *Brown v. Hendler,* No. 09 Civ. 4486 (RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan.

4

31, 2011) (internal quotation marks omitted). "Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable." *Id.* (quashing subpoena requiring compliance within nine days) (quoting *In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69 .120.35.31,* No. Misc. 08–347 (ARR) (MDG), 2010 WL 2219343 at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases)).

Motions to quash a subpoena are "entrusted to the sound discretion of the [trial] court." *Fappiano v. City of New York*, 640 F. App'x 115, 121 (2d Cir. 2016) (citing *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)). "This principle is in keeping with the traditional rule that a trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *In re Fitch,* 330 F.3d at 108 (citations and internal quotation marks omitted).

### B. Exclusion of Cumulative or Duplicative Evidence

Even if deemed relevant, the Court has broad discretion to exclude evidence under Fed. R. Evid. 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Sprint/United Mgmt. Co.*, 552 U.S. at 384 (applying the "abuse of discretion" standard to a review of a Fed. R. Evid. 403 ruling). *Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 596 (2d Cir. 1996) ("A district judge has discretion to exclude evidence if it is cumulative of evidence already in the record.") (citing *United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir.1995) ("Absent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence.")).

Courts routinely exclude testimony under Fed. R. Evid. 403 that summarizes or repeats other witnesses' testimony. *See, e.g.*, *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d

5

1250, 1258 (2d Cir. 1987) (affirming district court's exclusion of testimony of defendant's expert concerning excessive fees charged by plaintiff, because at least four other witnesses testified about fees charged); *Highland Capital Mgmt., L.P. v. Schneider,* 551 F. Supp. 2d 173, 184 (S.D.N.Y. 2008) (prohibiting testimony of seven witnesses providing the same testimony as needlessly cumulative and a waste of the court's time); *Williams v. County of Orange*, No. 03 Civ. 5182 (LMS), 2005 WL 6001507, at *6 (S.D.N.Y. Dec. 13, 2005) (refusing to admit testimony designed to buttress testimony of principal expert witness because it was cumulative under Fed. R. Evid. 403).

## II.   THE TRUSTEE'S TESTIMONY IS NEITHER RELEVANT NOR PROBATIVE ON THE TRIABLE ISSUES OF FACT

At trial, the issues before the Court are whether BLMIS conducted a Ponzi scheme, and the avoidance and recovery of fictitious profits BLMIS transferred to, and received by Defendants, within two years of December 11, 2006, under 11 U.S.C. § 548(a)(1)(A). The Trustee will offer the testimony of his expert witnesses—Mr. Dubinsky, Ms. Collura, and Mr. Greenblatt—based on their review and reconciliation of the voluminous books and records of BLMIS and the corroboration of independent bank records.[4]  Defendants will have the opportunity to come forth with evidence challenging the testimony of each expert, and the evidence they rely upon. The Trustee's expert witnesses possess extensive knowledge of the BLMIS books and records, and they—not the Trustee—will offer the relevant and probative evidence of the Trustee's *prime facie* case to this Court.

---

[4] The Trustee is also seeking to submit as evidence the plea allocutions and trial testimony of Madoff and certain BLMIS employees who confirmed the elements of a Ponzi scheme were present. *See e.g.,* Motion in Limine No. 1 and No. 2, *Picard v. Nelson*, Adv. Pro. No. 10-04377 (SMB) (Bankr. S.D.N.Y. April 24, 2019), ECF Nos. 135-137; Motion in Limine No. 1 and No. 2, *Picard v. Nelson*, Adv. Pro. No. 10-04658 (SMB) (Bankr. S.D.N.Y. Dec. 1, 2010), ECF Nos. 138-140.

Courts recognize that that trustees routinely rely upon their expert witnesses to assist them with analysis of the books and records. *See, e.g., In re Alder, Coleman Clearing Corp.,* No. 95-08203 (JLG), 1998 WL 160039, at *2-3 (Bankr. S.D.N.Y. Apr. 3, 1998) (holding that trustee's expert, whom trustee retained to assist in reconstructing the debtor's books and records, was proper expert witness). In this case, where the fraud spanned decades and the debtor had thousands of customer accounts, the Trustee—quite correctly—hired and relied upon his experts to analyze and assess the BLMIS books and records that he inherited when appointed as Trustee, as this Court has previously recognized. *See* Mem. Decision Regarding Motions in Limine, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. June 15, 2017), ECF No. 16180 (in granting motion in limine to exclude Trustee as trial witness, this Court stated, "Whatever [the Trustee] knows is based on what his experts told him (which is presumably work product). . . The [defendants] do not seriously suggest that the Trustee was part of either team or conducted his own forensic investigation and drew his own conclusions . . ."); Tr. on Hr'g re Mot. to Allow Customer Claim of Aaron Blecker at 32, Adv. Pro. No. 08-01789 (SMB), Feb. 24, 2016, ECF No. 2885 (The Court stated: "Can't the trustee in a SIPA case hire an expert to help them understand the books and records. You know, he's a trustee. He inherits all this stuff. And he doesn't know what it means. How does he find out what it means?"); *see also In re Randall's Island Family Golf Centers, Inc.,* 290 B.R. 55, 65 (Bankr. S.D.N.Y. 2003) ("Too often, debtors fail to maintain complete books and records, or a trustee inherits books and records that he cannot interpret.").

To the extent that there is any non-privileged testimony[5] that the Trustee could provide, it would not prove or disprove his *prima facie* case or Defendants' defenses. The Trustee's

---

[5] Any potential testimony from the Trustee would be limited to non-privileged information. In a bankruptcy proceeding, questions of privilege are governed by federal common law rules of privilege. *See In re Quigley Co., Inc.*, No. 04-15739 (SMB), 2009 WL 9034027, at *2 (Bankr. S.D.N.Y. Apr. 24, 2009). Privilege protects confidential

7

knowledge of the existence of the Ponzi scheme or the calculations of Defendants' fictitious profits and resultant avoidance liability is not derived from his own personal knowledge. *See In re White Metal Rolling and Stamping Corp.*, 222 B.R. 417, 428 (Bankr. S.D.N.Y. 1998) (noting that "a bankruptcy trustee rarely has personal knowledge of the events preceding his appointment"). Fed. R. Evid. 602 limits a witness's testimony to information about which he has personal knowledge. Russell, *Bankruptcy Evidence Manual* § 602:1 (2014 ed.) ("[A]dmissible testimony is limited to matters of which the witness has acquired personal knowledge through any of his own senses."). The Trustee has no relevant knowledge beyond that derived from his experts. The only other topics that pass the personal knowledge and relevance requirements are his legal positions, which are not issues of fact to be tried by the factfinder and are therefore inappropriate areas of inquiry at the trial. The Trustee's counsel has presented his legal positions in court filings, and any testimony about these legal positions beyond the information in the papers would be privileged.[6]

At bottom, any non-privileged testimony by the Trustee is not relevant, probative, or of consequence under Fed. R. Evid. 401 and is therefore inadmissible under Fed. R. Evid. 402.

### III. THE COURT MAY EXCLUDE THE TRUSTEE'S TESTIMONY PURSUANT TO FED. R. EVID. 403

To the extent that Defendants seek the Trustee's testimony regarding the very same issues that his experts will testify, the Trustee's testimony would "needlessly present[] cumulative evidence" and should be excluded under Fed. R. Evid. 403. *See In'tl Minerals & Res., S.A.*, 96 F.3d at 596. The Court's broad discretion to exclude duplicative and cumulative evidence under

---

communications between the Trustee and his counsel intended to obtain legal advice. *See, e.g., Gucci America, Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 70 (S.D.N.Y. 2010) (citing *In re County Of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). The Trustee's testimony would further be limited by the work product privilege, which applies to proceedings in bankruptcy court by virtue of Fed. R. Bankr. P. 7026. *See also In re Six Grand Jury Witnesses*, 979 F.2d 939, 944 (2d Cir. 1992) ("[T]he work product doctrine provides a zone of privacy for a lawyer; the doctrine grants counsel an opportunity to think or prepare a client's case without fear of intrusion by an adversary.").

[6] *See id.*

8

Fed. R. Evid. 403 would be appropriately exercised here. *See, e.g., Sprint/United Management Co.*, 552 U.S. at 387 (noting that Fed. R. Evid. 403 determinations should be made "in the context of the facts and arguments in a particular case"); *F.H. Krear & Co.*, 810 F.2d at 1258 (excluding testimony when other expert witnesses had already testified on the same facts).

### IV. THE TRUSTEE SHOULD BE PROTECTED FROM UNDUE HARASSMENT

While it has not been disclosed for exactly what purpose Defendants intend to call the Trustee as a witness, the trial should not be used as a backdoor for Defendants to obtain information that they have otherwise been denied through the court process, or merely serve as harassment of the Trustee.

As this Court is aware, Defendants' counsel has spent the last nine years making meritless arguments regarding the Trustee's fees and compensation in this liquidation proceeding, going so far to even assert that the Trustee's legal positions are an effort to enrich the Securities Investor Protection Corporation. *See, e.g.*, Mem. of Law in Opp'n to Trustee's Mot. Seeking Affirmance of His Treatment of Profit Withdrawals at 5, Adv. Pro. No. 08-01789 (SMB), Sept. 23, 2016, ECF No. 14161 (stating that "the Trustee's determinations are supported solely by his desire to minimize the amount of money that SIPC has to pay to aggrieved customers"); Mem. of Law in Opp'n to Trustee's Net Equity Mot., at 33, Adv. Pro. No. 08-01789 (SMB), Nov. 13, 2009, ECF No. 755 ("[The Trustee] is ignoring the effect of his conduct on other laws, in an effort to enrich SIPC at the customers' expense"). Counsel has been unsuccessful at every turn before both this Court and the District Court. *See e.g., In re Madoff Securities*, No. 15 Civ. 06564 (GBD), 2016 WL 690834, at *1 (S.D.N.Y. Feb. 11, 2016) (denying leave to appeal Bankruptcy Court's ruling that the Trustee's purported compensation violated defendants' right to due process of law); Opinion & Order, *Picard v. Nelson,* Adv. Pro. No. 10-04377 (Bankr. S.D.N.Y. Aug. 2, 2016), ECF

No. 63 (denying leave to appeal Bankruptcy Court's ruling denying discovery requests related to the Trustee's compensation).

Given this history, and the narrow issues before this Court on which the Trustee is not a proper witness, there is a valid concern that Defendants' only purpose for calling the Trustee as a witness is to unduly harass him.[7] *See, e.g.*, *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK), 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) ("To be sure, the rancorous history of this litigation lends credibility to Chevron's concern that the [CEO's] deposition has been noticed for purposes of harassment."). Case law on undue harassment of witnesses, though in the context of discovery, guides the determination here. Courts have consistently struck deposition notices for CEOs and high-ranking government officials when their testimony would duplicate the testimony of other, more knowledgeable witnesses, and when noticing the high-ranking official's deposition would amount to harassment. *See e.g.*, *Malletier v. Dooney & Burke, Inc.*, No. 04 Civ. 5316 (RMB) (MHD), 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006) (holding that Dooney & Burke failed to justify the deposition of former general manager); *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 Civ. 4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) ("[W]here other witnesses have the same knowledge, it may be appropriate to preclude a redundant deposition of a highly-placed executive.").

Even if the Trustee's state of mind were relevant—which it is not for the reasons described above—the Trustee has no personal knowledge or unique knowledge on the triable issues of fact.

---

[7] This is further evidenced by the late service of the subpoena which was sent to the Trustee's counsel on April 30, 2019 (*see supra* note 2, Sheehan Decl. Ex. 1). This improperly prejudiced the Trustee by providing him with seven days—less than the 14 days provided by Fed. R. Civ. P. 45(d)(2)(B)—to object or otherwise comply to the subpoena. Federal courts have found that subpoenas requiring compliance in less than fourteen days are not reasonable. *See, e.g., Sec. & Exch. Comm'n v. Ahmed*, No. 3:15 Civ. 675 (JBA), 2018 WL 1541902, at *2 (D. Conn. Mar. 29, 2018) (quashing subpoena requiring compliance within six days); *Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15 Civ. 6586 (PAC), 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015) (five days). The subpoena may be quashed on this basis alone.

10

Fundamental fairness requires the Trustee be protected from undue harassment. *See In re Truong*, No. 07-10696 (JMP), 2008 WL 1776227, at *4 (Bankr. S.D.N.Y. Apr. 14, 2008) (ordering Fed. R. Civ. P. 11 sanctions for conduct designed to harass trustee); *In re Belmonte*, 524 B.R. 17, 31 (Bankr. E.D.N.Y. 2015); *Dery v. Rosenberg (In re Rosenberg)*, 291 B.R. 704, 709 (Bankr. E.D. Mich. 2002) (requiring a "defendant [to] first pursue other avenues of discovery before resorting to deposition" of a bankruptcy trustee because "trustees should be protected from undue harassment").

## CONCLUSION

The Trustee respectfully requests that the Court grant the Trustee's motion to quash the subpoena.

Dated:  May 3, 2019
         New York, New York

**BAKER & HOSTETLER LLP**

*/s/ Dean D. Hunt*
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Lan Hoang
Email:  lhoang@bakerlaw.com
Seanna R. Brown
Email:  sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Chapter 7 Estate of
Bernard L. Madoff*

11