**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                          Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re: BERNARD L. MADOFF,<br><br>                          Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>                          Plaintiff,<br><br>v.<br><br>CAROL NELSON,<br><br>                          Defendant. | Adv. Pro. No. 10-04658 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>                          Plaintiff,<br><br>v.<br><br>CAROL NELSON, Individually and as Joint Tenant; and STANLEY NELSON, Individually and as Joint Tenant,<br><br>                          Defendants. | Adv. Pro. No. 10-04377 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION TO STRIKE BERNARD L. MADOFF, ENRICA COTELLESSA-PITZ, AND AGATHA M. COLE FROM DEFENDANTS' PROPOSED WITNESS LIST**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.    MADOFF, COTELLESSA-PITZ, AND COLE SHOULD BE STRICKEN AS WITNESSES AT TRIAL ...................................................................................2

        A.    This Court Excluded Testimony of Madoff and Cotellessa-Pitz From These Adversary Proceedings ......................................................................2

        B.    Testimony of Cole is Excluded for Failure to Comply with Fed. R. Civ. P. 26(a) .................................................................................................3

CONCLUSION .................................................................................................................................8

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agence France Presse v. Morel*,
  293 F.R.D. 682 (S.D.N.Y. 2013) ..................................................................................................4

*Am. Stock Exch., LLC v. Mopex, Inc.*,
  215 F.R.D. 87 (S.D.N.Y. 2002) ....................................................................................................4

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  09 Civ. 8161 (RWS), 2017 WL 2839638 (S.D.N.Y. June 30, 2017) ............................................5

*Bey v. Iaquinto*,
  No. 12 Civ. 5875 (JCF), 2015 WL 5786487 (S.D.N.Y. Sept. 30, 2015) .......................................5

*Design Strategy, Inc. v. Davis*,
  469 F.3d 284 (2d Cir. 2006) ................................................................................................4, 5, 6

*Gotlin v. Lederman*,
  No. 04 Civ. 3736 (ILG), 2009 WL 2843380 (E.D.N.Y. Sept. 1, 2009) ........................................4

*Grabin v. Marymount Manhattan Coll.*,
  659 F. App'x 7 (2d Cir. 2016) ......................................................................................................6

*Haas v. Del. & Hudson Ry. Co.*,
  282 F. App'x 84 (2d Cir. 2008) ....................................................................................................4

*Lujan v. Cabana Mgmt., Inc.*,
  284 F.R.D. 50 (E.D.N.Y. 2012) ....................................................................................................4

*Patterson v. Balsamico*,
  440 F.3d 104 (2d Cir. 2006) .........................................................................................................6

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*,
  118 F.3d 955 (2d Cir. 1997) .........................................................................................................5

*Williams v. Cnty. of Orange*,
  No. 03 Civ. 5182 (LMS), 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005) ..................................4, 5

*Zubulake v. UBS Warburg LLC*,
  229 F.R.D. 422 (S.D.N.Y. 2004) ..................................................................................................4

**Rules**

Fed. R. Bankr. P. 7037 ......................................................................................................................4

Fed. R. Bankr. P. 9014 ......................................................................................................................4

Fed. R. Civ. P. 26 ..............................................................................................................................6

Fed. R. Civ. P. 26(a) .........................................................................................................................3

Fed. R. Civ. P. 26(a)(1)(A)(i) ...........................................................................................................3

Fed. R. Civ. P. 26(e) ........................................................................................................... 3
Fed. R. Civ. P. 37 ............................................................................................................ 4, 5
Fed. R. Civ. P. 37(c) ........................................................................................................... 4
Fed. R. Civ. P. 37(c)(1) ....................................................................................................... 4

**Other Authorities**

8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2050 ................................... 5

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA")[1], and the chapter 7 estate of Bernard L. Madoff, respectfully submits this memorandum of law and the declaration of David J. Sheehan ("Sheehan Decl.") in support of the Trustee's motion to strike Bernard L. Madoff, Enrica Cotellessa-Pitz, and Agatha M. Cole from the proposed witness list served by counsel for defendants Carol Nelson and Stanley Nelson.

## PRELIMINARY STATEMENT

On May 1, 2019, Defendants' counsel served their proposed witness list on the Trustee, identifying Madoff, Cotellessa-Pitz, and Cole as witnesses for the first time in the above-captioned adversary proceedings.[2] Defendants stated that Madoff's testimony would be presented through designations from his December 20, 2016 and April 26, 2017 depositions, and if Cotellessa-Pitz was unable to appear in person, her testimony would be likewise be by deposition designation from testimony given on April 9, 2019.[3] Each of these witnesses should be stricken from the witness list and their testimony precluded at trial.

This Court has already ruled that Madoff's and Cotellessa-Pitz's testimony shall not be permitted in this case. Defendants were not permitted by this Court to participate in Madoff's deposition because fact discovery closed, and thus cannot now rely upon it for purposes of the upcoming trial. This Court also ruled that Cotellessa-Pitz's testimony could not be used in these

---

[1] Subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

[2] *See* Sheehan Decl., Ex. 1 (Defendants' Proposed Witness List, dated May 1, 2019).

[3] *See id.*

1

cases for the same reason—fact discovery had already closed. There are no reasons, on the eve of trial, to revisit these rulings.

The identification of Cole as a witness for the first time should likewise be stricken. Cole is an attorney at Chaitman, LLP who Defendants now identify as having worked at Dow Jones. While it would be highly irregular—if not grounds for disqualification—for an attorney representing a party at trial to offer fact testimony in that trial, Defendants have made no proffer regarding Cole's testimony or how it would be relevant to the instant proceedings. Defendants should not be permitted to offer a new witness who they failed to identify prior to the close of fact discovery, or in the three years since.[4] Nor should Defendants' counsel be allowed to offer fact testimony at trial.

Accordingly, the Trustee respectfully requests that the Court strike Madoff, Cotellessa-Pitz, and Cole from Defendants' proposed witness list and preclude their testimony at trial.

## ARGUMENT

### I. MADOFF, COTELLESSA-PITZ, AND COLE SHOULD BE STRICKEN AS WITNESSES AT TRIAL

#### A. This Court Excluded Testimony of Madoff and Cotellessa-Pitz From These Adversary Proceedings

Fact discovery in these actions closed prior to July 7, 2016. As such, Defendants were explicitly "not permitted to participate in Madoff's deposition(s)" and as such, are not identified

---

[4] *See* Sheehan Decl., Ex. 2 (Trustee's Initial Disclosures, July 15, 2014; Trustee's Amended Initial Disclosures, December 29, 2015, Trustee's Second Amended Initial Disclosures, March 14, 2016 as served in both *Picard v. Nelson*, Adv. Pro. No. 10-04377 (SMB) and *Picard v. Nelson*, Adv. Pro. No. 10-04658 (SMB)) and Ex. 3 (Defendants' Initial Disclosures, dated July 15, 2014; Defendants' Amended Initial Disclosures, dated September 1, 2015; Defendants' Amended Initial Disclosures, dated February 10, 2016 as served in *Picard v. Nelson*, Adv. Pro. No. 10-04377 (SMB) and Defendants' Initial Disclosures, dated April 30, 2014; Defendants' Amended Initial Disclosures, dated September 1, 2015 as served in *Picard v. Nelson*, Adv. Pro. No. 10-04658 (SMB)). *See* Third Amended Case Management Notice, *Picard v. Nelson*, Adv. Pro. No. 10-04377 (Bankr. S.D.N.Y. Feb. 5, 2016), ECF No. 46; *Picard v. Nelson*, Adv. Pro. No. 10-04658 (Bankr. S.D.N.Y. Feb. 5, 2016), ECF No. 48.

2

in the lists of participating defendants/adversary proceedings for Madoff's deposition held on December 20, 2016 and April 26, 2017.[5] For that same reason, this Court ruled that Cotellessa-Pitz's testimony would be excluded from these actions.[6] Thus, Defendants cannot rely upon her testimony be it by deposition designation or live testimony. Based on this Court's prior rulings, Madoff and Cotellessa-Pitz should be stricken from Defendants' proposed witness list and their testimony excluded at trial.

### B. Testimony of Cole is Excluded for Failure to Comply with Fed. R. Civ. P. 26(a)

Rule 26 of the Federal Rules of Civil Procedure imposes certain mandatory disclosure requirements, including the requirement that a party disclose the identity of witnesses who may have information relevant to the issues alleged in the complaint. Fed. R. Civ. P. 26(a). Specifically, among the initial disclosures required by Rule 26 at the beginning of an action, a party "must, without awaiting a discovery request, provide to other parties: (A) the name . . . of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 also imposes a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete, unless the information has otherwise been made known to the party during the discovery process or in writing. *See* Fed. R. Civ. P. 26(e). The duty to supplement is triggered where "a party[,] or more frequently [its] lawyer, obtains actual knowledge that a prior

---

[5] *See e.g.,* Order Authorizing the Deposition of Bernard L. Madoff at Exhibit A, *In re: Bernard L. Madoff*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Sept 29, 2016), ECF No. 14213; Order Authorizing the Continued Deposition of Bernard L. Madoff on Day Two Topics at Exhibits A and B, *In re: Bernard L. Madoff,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Sept. 11, 2017), ECF No. 16625.

[6] *See e.g.,* Memorandum Decision Regarding Trustee's Motion for Additional Discovery, *In re Bernard L. Madoff*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Feb. 15, 2019), ECF No. 18480; *see also* Orders Granting in Part and Denying in Part Trustee's Motion for Limited Additional Discovery, *In re Bernard L. Madoff*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Mar. 6, 2019), ECF Nos. 18536-37.

3

response is incorrect [or incomplete]." *Gotlin v. Lederman*, No. 04 Civ. 3736 (ILG), 2009 WL 2843380, at *3 (E.D.N.Y. Sept. 1, 2009) (quoting *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 433 (S.D.N.Y. 2004)). This duty is a "continuing one," and the "parties must undertake efforts to ensure that discoverable information is not lost or misplaced." *Id.* "A party found to have violated its Rule 26 obligations is subject to sanctions under Rule 37." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012).

Rule 37(c)(1), made applicable here by Fed. R. Bankr. P. 9014 and 7037, provides that: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Where a party does not meet its discovery obligations, '[a] district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37.'" *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006)). The purpose of Fed. R. Civ. P. 37(c) is to "prevent the practice of sandbagging an opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (citation and internal quotation marks omitted)); *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (stating that the purpose of Fed. R. Civ. P. 37(c)(1) is to prevent "surprise" or "trial by ambush" (citation and internal quotation marks omitted)).

Fed. R. Civ. P. 37(c)(1) is often described as "self-executing" as the exclusion of undisclosed information is automatic unless the non-disclosing party sustains its burden of showing the failure to disclose was either "substantially justified" or "harmless." *Williams v. Cnty. of Orange*, No. 03 Civ. 5182 (LMS), 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005).

4

"Substantially justified" means that "reasonable parties could differ as to whether the disclosure was required, and "harmless" means that the party entitled to the disclosure has not been prejudiced." *Bey v. Iaquinto*, No. 12 Civ. 5875 (JCF), 2015 WL 5786487, at *2 (S.D.N.Y. Sept. 30, 2015) (citing *Williams*, 2005 WL 6001507, at *3). Exclusion of evidence under Fed. R. Civ. P. 37 does not require a showing of bad faith. *See Design Strategy Inc.*, 469 F.3d at 296.

In determining whether exclusion is appropriate, courts in the Second Circuit consider four factors: (i) the parties' explanation for failure to comply with the discovery order(s); (ii) the importance of the testimony of the precluded witness; (iii) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (iv) the possibility of a continuance. *See In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 09 Civ. 8161 (RWS), 2017 WL 2839638, at *5 (S.D.N.Y. June 30, 2017) (citing *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)); *see also* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2050 at 327.

Here, exclusion of Cole as a trial witness is a proper sanction for Defendants' discovery failures. First, Defendants' failure to identify Cole as a witness until the eve of trial—more than three years after fact discovery closed on March 14, 2016—is not "substantially justified" or "harmless." Even if an attorney at trial counsel's firm could offer any admissible testimony without raising an irreconcilable conflict—which is highly unlikely—Defendants had ample opportunity to comply with the case management deadlines set forth in these adversary proceedings but failed to identify Cole as a witness in their initial disclosures, their first amended disclosures or their second amended initial disclosures.[7] Given that Cole is an attorney employed by Defendants' counsel, which raises its own issues regarding the appropriateness of her

---

[7] *See supra* note 4, Sheehan Decl., Ex. 3.

5

testimony, they cannot argue they only recently became aware of her purportedly relevant knowledge.

Second, Defendants have not provided any explanation as to the importance of admitting the late-identified trial testimony of Cole in these matters on eve of trial. Defendants had years to identify her—they purposefully did not. In any event, any argument regarding the importance of the testimony does not excuse Defendants' untimely disclosures; exclusion is still appropriate. *See, e.g., Grabin v. Marymount Manhattan Coll.*, 659 F. App'x 7, 10-11 (2d Cir. 2016) (affirming exclusion of testimony of witness who "may well be critical" to plaintiff's case where witness was not timely disclosed); *Design Strategy, Inc.,* 469 F.3d at 296–97 (excluding testimony of expert witness who was not timely disclosed, even though the expert's testimony was "essential to proving . . . damages").

Third, the Trustee would be prejudiced by Defendants' use of Cole as a witness at trial as Defendants have not disclosed how her potential testimony relates to the claims at issue in these adversary proceedings. This is the very type of gamesmanship that the discovery rules are intended to avoid—surprise disclosure of witnesses for the first time at trial.[8] *See e.g., Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) (affirming district court's exclusion of late-noticed witnesses, noting plaintiff identified witnesses only ten days before trial, and the notice was "unaccompanied by any information concerning the nature of their testimony").

Moreover, the failure to disclose Cole during discovery is not "substantially justified" or "harmless." Defendants had an obligation to disclose Cole pursuant to Fed. R. Civ. P. 26, and had

---

[8] Defendants' trial tactics are, at minimum, suspect. Notably, the trial subpoena on Cotellessa-Pitz is dated April 23, 2019. But Defendants did not provide a copy of the subpoena to the Trustee's counsel April 30, 2019, after the deadline for filing motions in limine. *See* Sheehan Decl., Ex. 4 (Email from Sarah Howell of Chaitman LLP to Sheehan, dated April 30, 2019 at 1:23 pm, attaching Defendants' cover letter notifying Cotellessa-Pitz of the subpoena, and the subpoena itself, both dated April 23, 2019). Given that trial was only two weeks away from the date of the subpoena, waiting an entire week to notice the Trustee to a surprise witness reeks of gamesmanship.

6

they done so, the Trustee would have had the opportunity to determine what information she possessed that would be specifically relevant to the Trustee's claims or Defendants' defenses. Having not been disclosed and the Trustee having not been afforded the opportunity to conduct discovery, Cole should not be permitted to testify.

Continuance here should not be an option. This trial has been adjourned for months at Defendants' request to a date that Defendants sought. Two weeks ago, Defendants told this Court that their only fact witness would be their accountant, Richard M. Oppenheim.[9] They should be foreclosed from calling witnesses that this Court has previously excluded and any new witness that has never been identified during discovery and the years after the close of discovery. The Trustee has prepared his case and is ready to present it on the instant record.

*[Remainder of the page intentionally left blank.]*

---

[9] *See* Letter to Hon. Stuart M. Bernstein, *Picard v. Nelson*, Adv. Pro. No. 10-04377 (SMB) (Bankr. S.D.N.Y. April 24, 2019), ECF No. 139; *Picard v. Nelson*, Adv. Pro. No. 10-04898 (SMB) (Bankr. S.D.N.Y. April 24, 2019), ECF No. 141.

## CONCLUSION

The Trustee respectfully requests that the Court grant the Trustee's motion to strike Madoff, Cotellessa-Pitz, and Cole from Defendants' proposed witness list and to preclude their testimony at trial.

Dated: May 3, 2019
New York, New York

**BAKER & HOSTETLER LLP**

*/s/ Dean D. Hunt*
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Lan Hoang
Email:  lhoang@bakerlaw.com
Seanna R. Brown
Email:  sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

8