# EXHIBIT 2

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

July 15, 2014

**Via Email and First Class Mail**

Elise S. Frejka
Philip Bentley
Jason S. Rappaport
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Email: efrejka@kramerlevin.com
Email: pbentley@kramerlevin.com
Email: jrappaport@kramerlevin.com

Re:    Adv. Pro. No. 10-04377 (SMB); *Irving H. Picard, Trustee for the liquidation of
       Bernard L. Madoff Investment Securities LLC v. Carol Nelson, individually and
       as joint tenant, et al.*; in the United States Bankruptcy Court for the Southern
       District of New York.

Dear Counsel:

In regard to the above referenced matter, enclosed please find the Trustee's Initial
Disclosures. Be advised that we are preparing the Trustee's initial document production,
and will transmit copies to your attention as soon as possible.

If you have any questions regarding any of the above, please feel free to contact me or
Sanja Muranovic at 713-646-1671.

Regards,

Dean D. Hunt

Enclosure

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON; and STANLEY NELSON, | |
| Defendants. | |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Estate of Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, hereby provides the following initial disclosures.

A.    Rule 26(a)(1)(A)(i). The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the following individuals, or where deceased, the estates of the individuals, are likely to have discoverable information. Current or last known addresses, where in the possession of the Trustee, are provided below. The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following:

1.    The following are Defendants in the above-referenced Adversary Proceeding:

- Carol Nelson has knowledge of the transactions as issue and may be contacted through defense counsel; and

- Stanley Nelson has knowledge of the transactions as issue and may be contacted through defense counsel.

2.    The following individuals have knowledge concerning (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification, preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

3.   The following individuals have knowledge concerning the deposits and withdrawals associated with BLMIS customer accounts and the Trustee's calculation of BLMIS customer net equity: Lisa Collura and Matthew Greenblatt, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, NY 10036.

4.   The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code:

- Paul A. Goldberg & Caren Goldberg;

- Marsha Moskowitz;

- S. Joel Pelzner & Carol A. Pelzner.

5.   The following persons were employed at various times by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS.  Be advised that the Trustee does not expect to rely on former BLMIS executives or employees at trial:

- Frank DiPascali

- Erin Reardon

6.   The following individuals may have discoverable information relating to this Adversary Proceeding:

- JPMorgan Chase Bank, N.A., Custodian of Records, c/o Emil Kleinhaus, Benjamin Klein at Wachtell, Lipton, Rosen & Katz LLP, 51 West 52nd Street, New York, New York 10019.

B.   Rule 26(a)(1)(A)(ii).  A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As a result of Judge Stanton's order dated December 15, 2008, the Trustee has assumed

possession of and/or has access in conjunction with the Federal Bureau of Investigation to

approximately 11,700 boxes of BLMIS paper documents and 19,000 media sources containing

electronically stored information ("ESI"), which include, but are not limited to, desktop

computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm,

3

microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data he assumed possession of on December 15, 2008. With respect to these materials, some paper and some ESI are stored in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents. Materials not contained on the databases are stored either in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over 5 million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order") or confidentiality agreements. Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information, and testimony related to legal proceedings outside of the United States, to which the Trustee is a party or has an interest in the outcome of the litigation, that are subject to confidentiality restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or as different subjects become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible things in the possession of Plaintiff's counsel that contain information relevant to the matter in controversy.

1.    Customer account documents:    The Trustee will provide a set of account documents related to Defendants' investments with BLMIS, including account opening documents, correspondence, account statements, and documents related to deposits to and withdrawals from Defendants' BLMIS account, particularly as reflected on Exhibit B to the Complaint.    These account documents will be provided as soon as possible.

2.    Documents sufficient to prove that BLMIS was operating a fraudulent scheme going back to at least the 1970s.

3.    Documents sufficient to prove that BLMIS was insolvent from the period of September 12, 2008 through December 11, 2008, the 90-day preference period, and also from the period of December 11, 2002 through December 11, 2008, the 6-year fraudulent transfer period.

4.    Due to the voluminous nature of the documents relating to the individuals identified in Section A, Paragraph 4 of these Initial Disclosures, counsel for the Trustee will make these documents available upon request.

Consistent with applicable court orders, the Trustee intends to make available a set of approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent.  The documents supporting the conclusion that BLMIS was a fraudulent enterprise will include BLMIS customer account ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create customer statements; documents related to BLMIS trades settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission.  The documents

supporting the conclusion that BLMIS was insolvent will include investment advisory business cash balances and customer account liabilities; market making and proprietary trading businesses cash balances and securities data; and documents related to the appraisal and valuation data of the market making and proprietary trading businesses. Counsel for the defendants may request a non-disclosure agreement from the Trustee by sending a written request to MadoffDataRooms@bakerlaw.com. Once counsel has executed this non-disclosure agreement and returned it to the Trustee, counsel will be provided with access to E-Data Room 1 and an instruction manual containing a detailed index of the materials in E-Data Room 1, including a listing of public and/or commercially available market information relied upon by the Trustee.

By way of further disclosure, the Trustee also identifies the following documents upon which he may rely:

a)      Exhibits to the Complaint.

b)      Documents referred to in the Complaint.

C.      Rule 26(a)(1)(A)(iii). A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The Trustee's computation of damages is included on Exhibit B to the Complaint. The documents on which those computations are based are those related to deposits to and withdrawals from Defendants' BLMIS account and are being produced as set forth in section B.1 above. In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable interest, costs, and disbursements of this action.

D.     Rule 26(a)(1)(A)(iv).   For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To the Trustee's knowledge, there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the instant action, or to indemnify or reimburse for payments made to satisfy the judgment.

New York, New York
July 15, 2014

Respectfully submitted,

By: /s/ Nicholas Cremona
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas Cremona
Email:  ncremona@bakerlaw.com

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this __15th__

day of July, 2014 by electronic and First Class mail upon the following:

Elise S. Frejka
Philip Bentley
Jason S. Rappaport
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
Email: efrejka@kramerlevin.com
Email: pbentley@kramerlevin.com
Email: jrappaport@kramerlevin.com

*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

8

# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

December 29, 2015

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA EMAIL AND FIRST CLASS MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:     Adv. Pro. No. 10-04377 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Carol Nelson, individually, etc., et al.*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed please find enclosed the Amended Initial Disclosures of Irving H. Picard (the "Trustee"), by and through his counsel of Record, Baker & Hostetler, LLP, in the above-referenced Adversary Proceeding.

Also enclosed is a Disk containing the Trustee's supplemental document production:

Disk 1:   Trustee's Supplemental Document Production – Customer Claim.

The password needed to access the documents on the Disk will be mailed to you via separate correspondence.

Please note, that pursuant to the governing June 6, 2011 Litigation Protective Order ("LPO"), documents produced to Defendants have not been redacted for personal identifying information ("PII"). Pursuant to the LPO and applicable laws, the Defendants are obligated to redact PII should these documents be used/disclosed in this or any other adversary proceeding.

Along with the documents enclosed herewith, you may access additional documents that are in the Trustee's possession through the E-Data Room 1. On November 13, 2015,

you received information regarding access to and the organization of this data room by separate correspondence.

Finally, please be advised that accounting records will be produced to you on a rolling basis, as they are received in response to the Trustee's December 29, 2015 Federal Rule of Civil Procedure 45 Subpoenas to Steven B. Mendelow and Richard Oppenheim Associates, Inc.  Given the ongoing discovery disputes in this adversary proceeding, the Trustee also reserves the right to seek supplemental discovery from Defendants.

If you have questions, please contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |

Defendants.

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Estate of Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, hereby provides the following amended initial disclosures.

A.     Rule 26(a)(1)(A)(i).  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the following individuals, or where deceased, the estates of the individuals, are likely to have discoverable information.  Current or last known addresses, where in the possession of the Trustee, are provided below.  The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following:

1.     The following are Defendants in the above-referenced Adversary Proceeding:

- Carol Nelson has knowledge of the transactions as issue and may be contacted through defense counsel; and

- Stanley Nelson has knowledge of the transactions as issue and may be contacted through defense counsel.

2.     The following individuals have knowledge concerning (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification,

preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

3.    The following individuals have knowledge concerning the deposits and withdrawals associated with BLMIS customer accounts and the Trustee's calculation of BLMIS customer net equity: Lisa Collura and Matthew Greenblatt, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, NY 10036.

4.    The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code:

- Paul A. Goldberg and Caren Goldberg;

- Marsha Moskowitz; and

- S. Joel Pelzner and Carol A. Pelzner.

5.    Frank DiPascali (deceased) and Erin Reardon were employed by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS. Be advised that the Trustee does not expect to rely on former BLMIS executives or employees at trial. The following individuals may have discoverable information relating to this Adversary Proceeding:

- JPMorgan Chase Bank, N.A., Custodian of Records, c/o Emil Kleinhaus, Benjamin Klein at Wachtell, Lipton, Rosen & Katz LLP, 51 West 52nd Street, New York, New York 10019;

- Steven B. Mendelow, c/o Stanley S. Arkin, Esq., Arkin Kaplan Rice LLP, 590 Madison Avenue, 35th Floor, New York, New York 10022; and

- Richard Oppenheim Associates, Inc., Custodian of Records, 1 Bethany Road, Hazlet, New Jersey 07730.

B.    Rule 26(a)(1)(A)(ii).  A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As a result of Judge Stanton's order dated December 15, 2008, the Trustee has assumed possession of approximately 13,500 boxes of BLMIS paper documents and 19,250 media sources containing electronically stored information ("ESI"), which include, but are not limited

to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data of which he assumed possession. With respect to these materials, some paper and some ESI are stored in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents. Materials not contained on the databases are stored either in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over 5 million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order") or confidentiality agreements. Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information, and testimony related to legal proceedings outside of the United States, to which the Trustee is a party or has an interest in the outcome of the litigation, that are subject to confidentiality restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or as different subjects become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible things in the possession of Plaintiff's counsel that contain information relevant to the matter in controversy.

1.  Customer account documents:   The Trustee has provided a set of account documents related to Defendants' investments with BLMIS, including account opening documents, correspondence, account statements, and documents related to deposits to and withdrawals from Defendants' BLMIS account, particularly as reflected on Exhibit B to the Complaint.   These account documents were produced to Defendants' former counsel on September 29, 2014.

2.  Documents sufficient to prove that BLMIS was operating a fraudulent scheme going back to at least the 1970s.

3.  Documents sufficient to prove that BLMIS was insolvent from the period of September 12, 2008 through December 11, 2008, the 90-day preference period, and also from the period of December 11, 2006 through December 11, 2008, the 2-year fraudulent transfer period.

4.  Due to the voluminous nature of the documents relating to the individuals identified in Section A, Paragraph 4 of these Initial Disclosures, counsel for the Trustee will make these documents available upon request.

Consistent with applicable court orders, the Trustee has made available a set of approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent. The documents supporting the conclusion that BLMIS was a fraudulent enterprise include BLMIS customer account ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create customer statements; documents related to BLMIS trades purportedly settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The

documents supporting the conclusion that BLMIS was insolvent include investment advisory business cash balances and customer account liabilities; market making and proprietary trading businesses cash balances and securities data; and documents related to the appraisal and valuation data of the market making and proprietary trading businesses.  On or about November 13, 2015, counsel for the defendants was provided with access to E-Data Room 1 and an instruction manual containing a detailed index of the materials in E-Data Room 1, including a listing of public and/or commercially available market information relied upon by the Trustee.

By way of further disclosure, the Trustee also identifies the following documents upon which he may rely:

a)    Exhibits to the Complaint;

b)    Documents referred to in the Complaint;

c)    Documents provided by Defendants to the Trustee in conjunction with the filing of Customer Claim No. 000480 on January 15, 2009;

d)    Documents produced by JPMorgan Chase Bank, N.A. in response to the Trustee's subpoenas issued pursuant to Rules 2004 and 45 of the Federal Rules of Civil Procedure.  The Trustee may also rely on documents produced, if any, by Steven B. Mendelow or Richard Oppenheim Associates, Inc. in response to subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure; and

e)    The Trustee's supplemental document production.

C.    Rule 26(a)(1)(A)(iii).    A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The Trustee's computation of damages is included on Exhibit B to the Complaint.  The documents on which those computations are based are those related to deposits to and withdrawals from Defendants' BLMIS account and are being produced as set forth in section B.1

above.    In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable

interest, costs, and disbursements of this action.

D.      Rule 26(a)(1)(A)(iv).    For inspection and copying as under Rule 34, any insurance
        agreement under which an insurance business may be liable to satisfy all or part of a
        possible judgment in the action or to indemnify or reimburse for payments made to
        satisfy the judgment.

        To the Trustee's knowledge, there are no insurance agreements under which an insurance

business may be liable to satisfy all or part of a possible judgment in the instant action, or to

indemnify or reimburse for payments made to satisfy the judgment.


New York, New York
December 29, 2015

                                        Respectfully submitted,


                                        By:  /s/  Nicholas Cremona
                                        BAKER & HOSTETLER LLP
                                        45 Rockefeller Plaza
                                        New York, New York 10111
                                        Telephone:  212.589.4200
                                        Facsimile:  212.589.4201
Of Counsel:                             David J. Sheehan
                                        Email:  dsheehan@bakerlaw.com
**BAKER & HOSTETLER LLP**                Nicholas Cremona
811 Main Street, Suite 1100             Email:  ncremona@bakerlaw.com
Houston, Texas 77002-5018
Telephone: 713.751.1600                 *Attorneys for Irving H. Picard, Trustee for the*
Facsimile: 713.751.1717                 *Substantively Consolidated SIPA Liquidation*
Dean D. Hunt                            *of Bernard L. Madoff Investment Securities*
Email: dhunt@bakerlaw.com               *LLC and the Estate of Bernard L. Madoff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 29th day of

December, 2015 by electronic and First Class mail upon the following:

Helen Davis Chaitman
Leslie Treff
Chaitman, LLP
465 Park Avenue
New York, New York 10022
Email: hchaitman@chaitmanllp.com
Email: ltreff@chaitmanllp.com


_An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff_



Picard v. Carol Nelson, individually and
as joint tenant, et al.

Adv. Pro. No. 10-04377

Trustee's Supplemental Document Production

Customer Claim

# BakerHostetler

Baker & Hostetler LLP

811 Main Street
Suite 1100
Houston, TX  77002-6111

T  713.751.1600
F  713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial:  713.646.1346
dhunt@bakerlaw.com

March 14, 2016

**VIA EMAIL AND UPS OVERNIGHT**

Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:    Adv. Pro. No. 10-04377 (SMB); *Irving H. Picard, Trustee for the Liquidation of*
*Bernard L. Madoff Investment Securities LLC v. Carol Nelson and Stanley*
*Nelson, JTWROS*; In the United States Bankruptcy Court for the Southern
District of New York; and

Adv. Pro. No. 10-04658 (SMB); *Irving H. Picard, Trustee for the Liquidation of*
*Bernard L. Madoff Investment Securities LLC v. Carol Nelson*; In the United
States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

In light of last week's deposition of Mr. Richard Oppenheim, enclosed please find the
Trustee's Second Amended Initial Disclosures, including Mr. Alan Rothstein as a
potential person with knowledge relevant to the above-referenced adversary
proceedings.

If you have any questions, please feel free to contact me or Rachel M. Smith at (713)
646-1386.

Regards,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |

Defendants.

## PLAINTIFF'S SECOND AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Estate of Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, hereby provides the following second amended initial disclosures.

A.      Rule 26(a)(1)(A)(i).  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the following individuals, or where deceased, the estates of the individuals, are likely to have discoverable information.  Current or last known addresses, where in the possession of the Trustee, are provided below.  The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following:

1.      The following are Defendants in the above-referenced Adversary Proceeding:

- Carol Nelson has knowledge of the transactions as issue and may be contacted through defense counsel; and

- Stanley Nelson has knowledge of the transactions as issue and may be contacted through defense counsel.

2.      The following individuals have knowledge concerning (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification,

2

preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

3.   The following individuals have knowledge concerning the deposits and withdrawals associated with BLMIS customer accounts and the Trustee's calculation of BLMIS customer net equity: Lisa Collura and Matthew Greenblatt, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, NY 10036.

4.   The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code:

- Paul A. Goldberg and Caren Goldberg;

- Marsha Moskowitz; and

- S. Joel Pelzner and Carol A. Pelzner.

5.   Frank DiPascali (deceased) and Erin Reardon were employed by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS. Be advised that the Trustee does not expect to rely on former BLMIS executives or employees at trial.

6.   The following individuals may have discoverable information relating to this Adversary Proceeding:

- JPMorgan Chase Bank, N.A., Custodian of Records, c/o Emil Kleinhaus, Benjamin Klein at Wachtell, Lipton, Rosen & Katz LLP, 51 West 52nd Street, New York, New York 10019;

- Steven B. Mendelow, c/o Stanley S. Arkin, Esq., Arkin Kaplan Rice LLP, 590 Madison Avenue, 35th Floor, New York, New York 10022;

- Richard Oppenheim Associates, Inc., Custodian of Records, by and through his attorney of records, Helen Davis Chaitman, Chaitman LLP, 465 Park Avenue, New York, New York 10022; and

- Alan Rothstein, who assisted Richard Oppenheim Associates, Inc. with data entry of accounting records (contact information unknown).

B.   Rule 26(a)(1)(A)(ii).   A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As a result of Judge Stanton's order dated December 15, 2008, the Trustee has assumed possession of approximately 13,500 boxes of BLMIS paper documents and 19,250 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data of which he assumed possession. With respect to these materials, some paper and some ESI are stored in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents. Materials not contained on the databases are stored either in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over 5 million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order") or confidentiality agreements. Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information, and testimony related to legal proceedings outside of the United States, to which the Trustee is a party or has an interest in the outcome of the litigation, that are subject to confidentiality restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any

omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or as different subjects become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible things in the possession, custody, or control of Plaintiff's counsel that the Trustee may use to support his claims:

1. Customer account documents: The Trustee has provided a set of account documents related to Defendants' investments with BLMIS, including account opening documents, correspondence, account statements, and documents related to deposits to and withdrawals from Defendants' BLMIS account, particularly as reflected on Exhibit B to the Complaint. These account documents were produced to Defendants' former counsel on September 29, 2014.

2. Documents sufficient to prove that BLMIS was operating a fraudulent scheme going back to at least the 1970s.

3. Documents sufficient to prove that BLMIS was insolvent from the period of September 12, 2008 through December 11, 2008, the 90-day preference period, and also from the period of December 11, 2006 through December 11, 2008, the 2-year fraudulent transfer period.

4. Due to the voluminous nature of the documents relating to the individuals identified in Section A, Paragraph 4 of these Initial Disclosures, counsel for the Trustee will make these documents available upon request.

Consistent with applicable court orders, the Trustee has made available a set of approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent. The documents supporting the conclusion that BLMIS was a fraudulent enterprise include BLMIS customer account ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create

customer statements; documents related to BLMIS trades purportedly settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The documents supporting the conclusion that BLMIS was insolvent include investment advisory business cash balances and customer account liabilities; market making and proprietary trading businesses cash balances and securities data; and documents related to the appraisal and valuation data of the market making and proprietary trading businesses. On or about November 13, 2015, counsel for the defendants was provided with access to E-Data Room 1 and an instruction manual containing a detailed index of the materials in E-Data Room 1, including a listing of public and/or commercially available market information relied upon by the Trustee.

By way of further disclosure, the Trustee also identifies the following documents upon which he may rely:

a)    Exhibits to the Complaint;

b)    Documents referred to in the Complaint;

c)    Documents provided by Defendants to the Trustee in conjunction with the filing of Customer Claim No. 000480 on January 15, 2009;

d)    Documents produced by JPMorgan Chase Bank, N.A. in response to the Trustee's subpoenas issued pursuant to Rules 2004 and 45 of the Federal Rules of Civil Procedure. The Trustee may also rely on documents produced, if any, by Steven B. Mendelow or Richard Oppenheim Associates, Inc. in response to subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure; and

e)    The Trustee's supplemental document production.

C.    Rule 26(a)(1)(A)(iii).  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The Trustee's computation of damages is included on Exhibit B to the Complaint. The documents on which those computations are based are those related to deposits to and withdrawals from Defendants' BLMIS account and are being produced as set forth in section B.1 above. In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable interest, costs, and disbursements of this action.

D.    Rule 26(a)(1)(A)(iv). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To the Trustee's knowledge, there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the instant action, or to indemnify or reimburse for payments made to satisfy the judgment.

New York, New York
March 14, 2016

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

By: /s/ Nicholas Cremona
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 14th day of

March, 2016 by electronic and First Class mail upon the following:

Helen Davis Chaitman
Leslie Treff
Chaitman, LLP
465 Park Avenue
New York, New York 10022
Email: hchaitman@chaitmanllp.com
Email: ltreff@chaitmanllp.com

*An Attorney for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*

# BakerHostetler

**Baker&Hostetler** LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

July 15, 2014

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**Via Email and First Class Mail**
Elise S. Frejka
Philip Bentley
Jason S. Rappaport
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Email: efrejka@kramerlevin.com
Email: pbentley@kramerlevin.com
Email: jrappaport@kramerlevin.com

Re:    Adv. Pro. No. 10-04658 (SMB); *Irving H. Picard, Trustee for the liquidation of*
*Bernard L. Madoff Investment Securities LLC v. Carol Nelson*; in the United
States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

In regard to the above referenced matter, enclosed please find the Trustee's Initial
Disclosures. Be advised that we are preparing the Trustee's initial document production,
and will transmit copies to your attention as soon as possible.

If you have any questions regarding any of the above, please feel free to contact me or
Sanja Muranovic at 713-646-1671.

Regards,

Dean D. Hunt

Enclosure

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, | |
| Defendant. | |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Estate of Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, hereby provides the following initial disclosures.

A.   Rule 26(a)(1)(A)(i). The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the following individuals, or where deceased, the estates of the individuals, are likely to have discoverable information. Current or last known addresses, where in the possession of the Trustee, are provided below. The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following:

1.   The following is a Defendant in the above-referenced Adversary Proceeding:

   • Carol Nelson has knowledge of the transactions as issue and may be contacted through defense counsel.

2.   The following individuals have knowledge concerning (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification, preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

3.   The following individuals have knowledge concerning the deposits and withdrawals associated with BLMIS customer accounts and the Trustee's

2

calculation of BLMIS customer net equity: Lisa Collura and Matthew Greenblatt, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, NY 10036.

4.    The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code:

- Paul A. Goldberg & Caren Goldberg;

- Marsha Moskowitz;

- S. Joel Pelzner & Carol A. Pelzner.

5.    The following persons were employed at various times by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS. Be advised that the Trustee does not expect to rely on former BLMIS executives or employees at trial.

- Frank DiPascali

- Erin Reardon

6.    The following individuals may have discoverable information relating to this Adversary Proceeding:

- JPMorgan Chase Bank, N.A., Custodian of Records, c/o Emil Kleinhaus, Benjamin Klein at Wachtell, Lipton, Rosen & Katz LLP, 51 West 52nd Street, New York, New York 10019;

- Wells Fargo Bank, N.A., Custodian of Records, c/o Beverly Jo Slaughter, Esq., One North Jefferson Avenue, MAC H004-101, St. Louis, Missouri 63103;

- Wells Fargo Advisors, LLC, Custodian of Records, c/o Beverly Jo Slaughter, Esq., One North Jefferson Avenue, MAC H004-101, St. Louis, Missouri 63103; and

- Fiserv, Inc., Custodian of Records, c/o Glenn Coleman at Bryan Cave, LLP, 1290 Avenue of the Americas, New York, New York 10104.

B.    Rule 26(a)(1)(A)(ii).   A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As a result of Judge Stanton's order dated December 15, 2008, the Trustee has assumed possession of and/or has access in conjunction with the Federal Bureau of Investigation to approximately 11,700 boxes of BLMIS paper documents and 19,000 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data he assumed possession of on December 15, 2008. With respect to these materials, some paper and some ESI are stored in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents. Materials not contained on the databases are stored either in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over 5 million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order") or confidentiality agreements. Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information, and testimony related to legal proceedings outside of the United States, to which the Trustee is a party or has an interest in the outcome of the litigation, that are subject to confidentiality restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or as different subjects become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible things in the possession of Plaintiff's counsel that contain information relevant to the matter in controversy.

1.      Customer account documents: The Trustee will provide a set of account documents related to Defendant's investments with BLMIS, including account opening documents, correspondence, account statements, and documents related to deposits to and withdrawals from Defendant's BLMIS account, particularly as reflected on Exhibit B to the Complaint. These account documents will be provided as soon as possible.

2.      Documents sufficient to prove that BLMIS was operating a fraudulent scheme going back to at least the 1970s.

3.      Documents sufficient to prove that BLMIS was insolvent from the period of September 12, 2008 through December 11, 2008, the 90-day preference period, and also from the period of December 11, 2002 through December 11, 2008, the 6-year fraudulent transfer period.

4.      Due to the voluminous nature of the documents relating to the individuals identified in Section A, Paragraph 4 of these Initial Disclosures, counsel for the Trustee will make these documents available upon request.

Consistent with applicable court orders, the Trustee intends to make available a set of approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent. The documents supporting the conclusion that BLMIS was a fraudulent enterprise will include BLMIS customer account ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment

5

advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create customer statements; documents related to BLMIS trades settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The documents supporting the conclusion that BLMIS was insolvent will include investment advisory business cash balances and customer account liabilities; market making and proprietary trading businesses cash balances and securities data; and documents related to the appraisal and valuation data of the market making and proprietary trading businesses. Counsel for the defendant may request a non-disclosure agreement from the Trustee by sending a written request to MadoffDataRooms@bakerlaw.com. Once counsel has executed this non-disclosure agreement and returned it to the Trustee, counsel will be provided with access to E-Data Room 1 and an instruction manual containing a detailed index of the materials in E-Data Room 1, including a listing of public and/or commercially available market information relied upon by the Trustee.

By way of further disclosure, the Trustee also identifies the following documents upon which he may rely:

a)    Exhibits to the Complaint.

b)    Documents referred to in the Complaint.

C.    Rule 26(a)(1)(A)(iii). A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The Trustee's computation of damages is included on Exhibit B to the Complaint. The documents on which those computations are based are those related to deposits to and withdrawals from Defendant's BLMIS account and are being produced as set forth in section B.1

6

above.   In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable

interest, costs, and disbursements of this action.

D.      Rule 26(a)(1)(A)(iv).   For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To the Trustee's knowledge, there are no insurance agreements under which an insurance

business may be liable to satisfy all or part of a possible judgment in the instant action, or to

indemnify or reimburse for payments made to satisfy the judgment.

New York, New York
July 15, 2014

Respectfully submitted,

By: /s/ Nicholas Cremona
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas Cremona
Email:  ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this __15th__

day of July, 2014 by electronic and First Class mail upon the following:

Elise S. Frejka
Philip Bentley
Jason S. Rappaport
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
Email: efrejka@kramerlevin.com
Email: pbentley@kramerlevin.com
Email: jrappaport@kramerlevin.com

_An Attorney for Irving H. Picard, Trustee_
_for the Substantively Consolidated SIPA_
_Liquidation of Bernard L. Madoff Investment_
_Securities LLC and the Estate of Bernard L._
_Madoff_

8

# BakerHostetler

Baker & Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

December 29, 2015

**VIA EMAIL AND FIRST CLASS MAIL**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:    Adv. Pro. No. 10-04658 (SMB); *Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC v. Carol Nelson*; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed please find enclosed the Amended Initial Disclosures of Irving H. Picard (the "Trustee"), by and through his counsel of Record, Baker & Hostetler, LLP, in the above-referenced Adversary Proceeding.

Also enclosed are two Disks containing the Trustee's supplemental document production:

Disk 1:    Trustee's Supplemental Document Production – Customer Claim; and

Disk 2:    Trustee's Supplemental Document Production – Pensco Trust Company Traditional/Roth IRA Transfer/Rollover Request Form.

The passwords needed to access the documents on the Disks will be mailed to you via separate correspondence.

Please note, that pursuant to the governing June 6, 2011 Litigation Protective Order ("LPO"), documents produced to Defendants have not been redacted for personal identifying information ("PII"). Pursuant to the LPO and applicable laws, the

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

December 29, 2015
Page 2

Defendants are obligated to redact PII should these documents be used/disclosed in this or any other adversary proceeding.

Along with the documents enclosed herewith, you may access additional documents that are in the Trustee's possession through the E-Data Room 1. On November 13, 2015, you received information regarding access to and the organization of this data room by separate correspondence.

Finally, please be advised that accounting records will be produced to you on a rolling basis, as they are received in response to the Trustee's December 29, 2015 Federal Rule of Civil Procedure 45 Subpoenas to Steven B. Mendelow and Richard Oppenheim Associates, Inc. Given the ongoing discovery disputes in this adversary proceeding, the Trustee also reserves the right to seek supplemental discovery from Defendants.

If you have any questions, please contact me or Rachel M. Smith at (713) 646-1386.

Regards,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>CAROL NELSON,<br><br>Defendant. | Adv. Pro. No. 10-04658 (SMB) |

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Estate of Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, hereby provides the following amended initial disclosures.

A.      Rule 26(a)(1)(A)(i).  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the following individuals, or where deceased, the estates of the individuals, are likely to have discoverable information.  Current or last known addresses, where in the possession of the Trustee, are provided below.  The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following:

1.      The following is a Defendant in the above-referenced Adversary Proceeding:

- Carol Nelson has knowledge of the transactions as issue and may be contacted through defense counsel.

2.      The following individuals have knowledge concerning (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification, preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

3.      The following individuals have knowledge concerning the deposits and withdrawals associated with BLMIS customer accounts and the Trustee's

2

calculation of BLMIS customer net equity: Lisa Collura and Matthew Greenblatt, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, NY 10036.

4.   The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code:

- Paul A. Goldberg and Caren Goldberg;

- Marsha Moskowitz; and

- S. Joel Pelzner and Carol A. Pelzner.

5.   Frank DiPascali (deceased) and Erin Reardon were employed by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS.  Be advised that the Trustee does not expect to rely on former BLMIS executives or employees at trial. The following individuals may have discoverable information relating to this Adversary Proceeding:

- JPMorgan Chase Bank, N.A., Custodian of Records, c/o Emil Kleinhaus, Benjamin Klein at Wachtell, Lipton, Rosen & Katz LLP, 51 West 52nd Street, New York, New York 10019;

- Wells Fargo Bank, N.A., Custodian of Records, c/o Beverly Jo Slaughter, Esq., One North Jefferson Avenue, MAC H004-101, St. Louis, Missouri 63103;

- Wells Fargo Advisors, LLC, Custodian of Records, c/o Beverly Jo Slaughter, Esq., One North Jefferson Avenue, MAC H004-101, St. Louis, Missouri 63103;

- Fiserv, Inc. (also known as TIB Holdings, Inc., NTC & Co., Fiserv Investment Support Services (also known as Fiserv ISS), First Trust Corporation (also known as 1st Trust Corporation) , Retirement Accounts Inc., Fiserv Trust Company, Trust Industrial Bank, Pensco Trust Company, Affinity Group, Inc., or Lincoln Trust Company, in any capacity, and/or anyone acting on behalf of means NTC & Co., Fiserv, Inc., First Trust Corporation (also known as 1st Trust Company), Retirement Accounts Inc., Fiserv Trust Company, Trust Industrial Bank, Pensco Trust Company, Affinity Group, Inc., or Lincoln Trust Company), Custodian of Records, c/o Glenn Coleman at Bryan Cave, LLP, 1290 Avenue of the Americas, New York, New York 10104;

- Steven B. Mendelow, c/o Stanley S. Arkin, Esq., Arkin Kaplan Rice LLP, 590 Madison Avenue, 35th Floor, New York, New York 10022; and

- Richard Oppenheim Associates, Inc., Custodian of Records, 1 Bethany Road, Hazlet, New Jersey 07730.

B.    Rule 26(a)(1)(A)(ii).    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As a result of Judge Stanton's order dated December 15, 2008, the Trustee has assumed possession of approximately 13,500 boxes of BLMIS paper documents and 19,250 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data of which he assumed possession. With respect to these materials, some paper and some ESI are stored in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents. Materials not contained on the databases are stored either in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over 5 million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order") or confidentiality agreements. Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information, and testimony related to legal proceedings outside of the United States, to which the Trustee is a

party or has an interest in the outcome of the litigation, that are subject to confidentiality restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or as different subjects become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible things in the possession of Plaintiff's counsel that contain information relevant to the matter in controversy.

1.  Customer account documents:   The Trustee has provided a set of account documents related to Defendant's investments with BLMIS, including account opening documents, correspondence, account statements, and documents related to deposits to and withdrawals from Defendant's BLMIS account, particularly as reflected on Exhibit B to the Complaint.   These account documents were produced to Defendants' former counsel on September 29, 2014.

2.  Documents sufficient to prove that BLMIS was operating a fraudulent scheme going back to at least the 1970s.

3.  Documents sufficient to prove that BLMIS was insolvent from the period of September 12, 2008 through December 11, 2008, the 90-day preference period, and also from the period of December 11, 2006 through December 11, 2008, the 2-year fraudulent transfer period.

4.  Due to the voluminous nature of the documents relating to the individuals identified in Section A, Paragraph 4 of these Initial Disclosures, counsel for the Trustee will make these documents available upon request.

Consistent with applicable court orders, the Trustee has made available a set of approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent. The documents supporting the conclusion that BLMIS was a fraudulent enterprise include BLMIS customer account

ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create customer statements; documents related to BLMIS trades purportedly settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The documents supporting the conclusion that BLMIS was insolvent include investment advisory business cash balances and customer account liabilities; market making and proprietary trading businesses cash balances and securities data; and documents related to the appraisal and valuation data of the market making and proprietary trading businesses. On or about November 13, 2015, counsel for the defendant was provided with access to E-Data Room 1 and an instruction manual containing a detailed index of the materials in E-Data Room 1, including a listing of public and/or commercially available market information relied upon by the Trustee.

By way of further disclosure, the Trustee also identifies the following documents upon which he may rely:

a)    Exhibits to the Complaint;

b)    Documents referred to in the Complaint;

c)    Documents provided by Defendant to the Trustee in conjunction with the filing of Customer Claim Nos. 000495 and 000531 on January 15, 2009;

d)    Documents produced by JPMorgan Chase Bank, N.A. and Fiserv, Inc. in response to the Trustee's subpoenas issued pursuant to Rules 2004 and 45 of the Federal Rules of Civil Procedure. The Trustee may also rely on documents produced, if any, by Steven B. Mendelow or Richard Oppenheim Associates, Inc. in response to subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure; and

e)    The Trustee's supplemental document production.

C.    Rule 26(a)(1)(A)(iii).  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The Trustee's computation of damages is included on Exhibit B to the Complaint.  The documents on which those computations are based are those related to deposits to and withdrawals from Defendant's BLMIS account and are being produced as set forth in section B.1 above.   In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable interest, costs, and disbursements of this action.

D.    Rule 26(a)(1)(A)(iv).  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To the Trustee's knowledge, there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the instant action, or to indemnify or reimburse for payments made to satisfy the judgment.

New York, New York
December 29, 2015

Respectfully submitted,

By: /s/ Nicholas Cremona
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 29th day of

December, 2015 by electronic and First Class mail upon the following:

Helen Davis Chaitman
Leslie Treff
Chaitman, LLP
465 Park Avenue
New York, New York 10022
Email: hchaitman@chaitmanllp.com
Email: ltreff@chaitmanllp.com

 

 

_____
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*



Picard v. Carol Nelson

Adv. Pro. No. 10-04658

Trustee's Supplemental Document Production

Customer Claim



Picard v. Carol Nelson

Adv. Pro. No. 10-04658

Trustee's Supplemental Document Production

Pensco Trust Company Traditional/Roth IRA
Transfer/Rollover Request Form

# BakerHostetler

Baker & Hostetler LLP

811 Main Street
Suite 1100
Houston, TX  77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial:  713.646.1346
dhunt@bakerlaw.com

March 14, 2016

**VIA EMAIL AND UPS OVERNIGHT**
Helen Davis Chaitman (hchaitman@chaitmanllp.com)
Leslie Treff (ltreff@chaitmanllp.com)
Chaitman, LLP
465 Park Avenue
New York, New York 10022

Re:    Adv. Pro. No. 10-04377 (SMB); *Irving H. Picard, Trustee for the Liquidation of
         Bernard L. Madoff Investment Securities LLC v. Carol Nelson and Stanley
         Nelson, JTWROS*; In the United States Bankruptcy Court for the Southern
         District of New York; and

         Adv. Pro. No. 10-04658 (SMB); *Irving H. Picard, Trustee for the Liquidation of
         Bernard L. Madoff Investment Securities LLC v. Carol Nelson*; In the United
         States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

In light of last week's deposition of Mr. Richard Oppenheim, enclosed please find the
Trustee's Second Amended Initial Disclosures, including Mr. Alan Rothstein as a
potential person with knowledge relevant to the above-referenced adversary
proceedings.

If you have any questions, please feel free to contact me or Rachel M. Smith at (713)
646-1386.

Regards,

Dean D. Hunt

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosures

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individually and as joint tenant, | |

Defendants.

## PLAINTIFF'S SECOND AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Estate of Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, hereby provides the following second amended initial disclosures.

A.   Rule 26(a)(1)(A)(i).  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the following individuals, or where deceased, the estates of the individuals, are likely to have discoverable information.  Current or last known addresses, where in the possession of the Trustee, are provided below.  The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following:

1.   The following are Defendants in the above-referenced Adversary Proceeding:

- Carol Nelson has knowledge of the transactions as issue and may be contacted through defense counsel; and

- Stanley Nelson has knowledge of the transactions as issue and may be contacted through defense counsel.

2.   The following individuals have knowledge concerning (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification,

preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

3.    The following individuals have knowledge concerning the deposits and withdrawals associated with BLMIS customer accounts and the Trustee's calculation of BLMIS customer net equity: Lisa Collura and Matthew Greenblatt, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, NY 10036.

4.    The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code:

- Paul A. Goldberg and Caren Goldberg;

- Marsha Moskowitz; and

- S. Joel Pelzner and Carol A. Pelzner.

5.    Frank DiPascali (deceased) and Erin Reardon were employed by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS. Be advised that the Trustee does not expect to rely on former BLMIS executives or employees at trial.

6.    The following individuals may have discoverable information relating to this Adversary Proceeding:

- JPMorgan Chase Bank, N.A., Custodian of Records, c/o Emil Kleinhaus, Benjamin Klein at Wachtell, Lipton, Rosen & Katz LLP, 51 West 52nd Street, New York, New York 10019;

- Steven B. Mendelow, c/o Stanley S. Arkin, Esq., Arkin Kaplan Rice LLP, 590 Madison Avenue, 35th Floor, New York, New York 10022;

- Richard Oppenheim Associates, Inc., Custodian of Records, by and through his attorney of records, Helen Davis Chaitman, Chaitman LLP, 465 Park Avenue, New York, New York 10022; and

- Alan Rothstein, who assisted Richard Oppenheim Associates, Inc. with data entry of accounting records (contact information unknown).

B.    Rule 26(a)(1)(A)(ii).    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As a result of Judge Stanton's order dated December 15, 2008, the Trustee has assumed possession of approximately 13,500 boxes of BLMIS paper documents and 19,250 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data of which he assumed possession. With respect to these materials, some paper and some ESI are stored in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents. Materials not contained on the databases are stored either in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over 5 million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order") or confidentiality agreements. Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information, and testimony related to legal proceedings outside of the United States, to which the Trustee is a party or has an interest in the outcome of the litigation, that are subject to confidentiality restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any

omissions are inadvertent.  Consequently, the Trustee reserves his right to supplement this list

and the production of materials as other documents become known and/or as different subjects

become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible

things in the possession, custody, or control of Plaintiff's counsel that the Trustee may use to

support his claims:

1.    Customer account documents:   The Trustee has provided a set of account
      documents related to Defendants' investments with BLMIS, including account
      opening documents, correspondence, account statements, and documents related
      to deposits to and withdrawals from Defendants' BLMIS account, particularly as
      reflected on Exhibit B to the Complaint.   These account documents were
      produced to Defendants' former counsel on September 29, 2014.

2.    Documents sufficient to prove that BLMIS was operating a fraudulent scheme
      going back to at least the 1970s.

3.    Documents sufficient to prove that BLMIS was insolvent from the period of
      September 12, 2008 through December 11, 2008, the 90-day preference period,
      and also from the period of December 11, 2006 through December 11, 2008, the
      2-year fraudulent transfer period.

4.    Due to the voluminous nature of the documents relating to the individuals
      identified in Section A, Paragraph 4 of these Initial Disclosures, counsel for the
      Trustee will make these documents available upon request.

Consistent with applicable court orders, the Trustee has made available a set of

approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that

BLMIS was a fraudulent enterprise and that BLMIS was insolvent.  The documents supporting

the conclusion that BLMIS was a fraudulent enterprise include BLMIS customer account

ledgers, records and statements; portfolio management reports and portfolio transaction reports;

correspondence from customer files; bank statements and financial records for the investment

advisory business; documents supporting the calculation of purported convertible arbitrage

trades; daily stock records; documents describing BLMIS computer systems used to create

customer statements; documents related to BLMIS trades purportedly settled by the Depository

Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity;

and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The

documents supporting the conclusion that BLMIS was insolvent include investment advisory

business cash balances and customer account liabilities; market making and proprietary trading

businesses cash balances and securities data; and documents related to the appraisal and

valuation data of the market making and proprietary trading businesses. On or about November

13, 2015, counsel for the defendants was provided with access to E-Data Room 1 and an

instruction manual containing a detailed index of the materials in E-Data Room 1, including a

listing of public and/or commercially available market information relied upon by the Trustee.

By way of further disclosure, the Trustee also identifies the following documents upon

which he may rely:

a)    Exhibits to the Complaint;

b)    Documents referred to in the Complaint;

c)    Documents provided by Defendants to the Trustee in conjunction with the filing
      of Customer Claim No. 000480 on January 15, 2009;

d)    Documents produced by JPMorgan Chase Bank, N.A. in response to the Trustee's
      subpoenas issued pursuant to Rules 2004 and 45 of the Federal Rules of Civil
      Procedure. The Trustee may also rely on documents produced, if any, by Steven
      B. Mendelow or Richard Oppenheim Associates, Inc. in response to subpoenas
      issued pursuant to Rule 45 of the Federal Rules of Civil Procedure; and

e)    The Trustee's supplemental document production.

C.    Rule 26(a)(1)(A)(iii). A computation of each category of damages claimed by the
      disclosing party—who must also make available for inspection and copying as under
      Rule 34 the documents or other evidentiary material, unless privileged or protected from
      disclosure, on which each computation is based, including materials bearing on the nature
      and extent of injuries suffered.

The Trustee's computation of damages is included on Exhibit B to the Complaint. The documents on which those computations are based are those related to deposits to and withdrawals from Defendants' BLMIS account and are being produced as set forth in section B.1 above. In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable interest, costs, and disbursements of this action.

D.      Rule 26(a)(1)(A)(iv). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To the Trustee's knowledge, there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the instant action, or to indemnify or reimburse for payments made to satisfy the judgment.

New York, New York
March 14, 2016

By: /s/ Nicholas Cremona
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas Cremona
Email: ncremona@bakerlaw.com

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 14th day of

March, 2016 by electronic and First Class mail upon the following:

Helen Davis Chaitman
Leslie Treff
Chaitman, LLP
465 Park Avenue
New York, New York 10022
Email: hchaitman@chaitmanllp.com
Email: ltreff@chaitmanllp.com


*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>CAROL NELSON,<br><br>    Defendant. | Adv. Pro. No. 10-04658 (SMB) |

## PLAINTIFF'S SECOND AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Estate of Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, hereby provides the following second amended initial disclosures.

A.      Rule 26(a)(1)(A)(i).  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the following individuals, or where deceased, the estates of the individuals, are likely to have discoverable information.  Current or last known addresses, where in the possession of the Trustee, are provided below.  The Trustee reserves his right to supplement this list as other individuals and/or entities become known, and/or as different subjects become relevant.

At the present time, the Trustee provides the following:

1.      The following is a Defendant in the above-referenced Adversary Proceeding:

- Carol Nelson has knowledge of the transactions as issue and may be contacted through defense counsel.

2.      The following individuals have knowledge concerning (i) the preservation of BLMIS's books and records: Paul Takla, Federal Bureau of Investigation, 26 Federal Plaza, 23rd Floor, New York, NY 10278, and (ii) the identification, preservation, and collection of BLMIS's books and records: Matthew Cohen and Meaghan Schmidt, AlixPartners LLP, 9 West 57th Street, Suite 3420, New York, NY 10019.

3.      The following individuals have knowledge concerning the deposits and withdrawals associated with BLMIS customer accounts and the Trustee's

2

calculation of BLMIS customer net equity: Lisa Collura and Matthew Greenblatt, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, NY 10036.

4.     The following individuals may be relied on by the Trustee as examples of creditors and customers with matured or unmatured unsecured claims against BLMIS that are allowable under § 502 of the Bankruptcy Code or that are not allowable only under § 502(e) of the Bankruptcy Code:

- Paul A. Goldberg and Caren Goldberg;

- Marsha Moskowitz; and

- S. Joel Pelzner and Carol A. Pelzner.

5.     Frank DiPascali (deceased) and Erin Reardon were employed by BLMIS and, upon information and belief, performed managerial, administrative and/or supervisory work for BLMIS. Be advised that the Trustee does not expect to rely on former BLMIS executives or employees at trial.

6.     The following individuals may have discoverable information relating to this Adversary Proceeding:

- JPMorgan Chase Bank, N.A., Custodian of Records, c/o Emil Kleinhaus, Benjamin Klein at Wachtell, Lipton, Rosen & Katz LLP, 51 West 52nd Street, New York, New York 10019;

- Wells Fargo Bank, N.A., Custodian of Records, c/o Beverly Jo Slaughter, Esq., One North Jefferson Avenue, MAC H004-101, St. Louis, Missouri 63103;

- Wells Fargo Advisors, LLC, Custodian of Records, c/o Beverly Jo Slaughter, Esq., One North Jefferson Avenue, MAC H004-101, St. Louis, Missouri 63103;

- Fiserv, Inc. (also known as TIB Holdings, Inc., NTC & Co., Fiserv Investment Support Services (also known as Fiserv ISS), First Trust Corporation (also known as 1st Trust Corporation) , Retirement Accounts Inc., Fiserv Trust Company, Trust Industrial Bank, Pensco Trust Company, Affinity Group, Inc., or Lincoln Trust Company, in any capacity, and/or anyone acting on behalf of means NTC & Co., Fiserv, Inc., First Trust Corporation (also known as 1st Trust Company), Retirement Accounts Inc., Fiserv Trust Company, Trust Industrial Bank, Pensco Trust Company, Affinity Group, Inc., or Lincoln Trust Company), Custodian of Records, c/o Glenn Coleman at Bryan Cave, LLP, 1290 Avenue of the Americas, New York, New York 10104;

- Steven B. Mendelow, c/o Stanley S. Arkin, Esq., Arkin Kaplan Rice LLP, 590 Madison Avenue, 35th Floor, New York, New York 10022;

3

- Richard Oppenheim Associates, Inc., Custodian of Records, by and through his attorney of records, Helen Davis Chaitman, Chaitman LLP, 465 Park Avenue, New York, New York 10022; and

- Alan Rothstein, who assisted Richard Oppenheim Associates, Inc. with data entry of accounting records (contact information unknown).

B.    Rule 26(a)(1)(A)(ii).    A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As a result of Judge Stanton's order dated December 15, 2008, the Trustee has assumed possession of approximately 13,500 boxes of BLMIS paper documents and 19,250 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs and memory cards. The Trustee has preserved all of the data of which he assumed possession. With respect to these materials, some paper and some ESI are stored in one or more electronic databases, totaling 4.0 terabytes or 28.8 million documents. Materials not contained on the databases are stored either in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over 5 million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011 in the matter of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order") or confidentiality agreements. Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information,

and testimony related to legal proceedings outside of the United States, to which the Trustee is a party or has an interest in the outcome of the litigation, that are subject to confidentiality restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or as different subjects become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible things in the possession, custody, or control of Plaintiff's counsel that the Trustee may use to support his claims:

1.  Customer account documents: The Trustee has provided a set of account documents related to Defendant's investments with BLMIS, including account opening documents, correspondence, account statements, and documents related to deposits to and withdrawals from Defendant's BLMIS account, particularly as reflected on Exhibit B to the Complaint. These account documents were produced to Defendants' former counsel on September 29, 2014.

2.  Documents sufficient to prove that BLMIS was operating a fraudulent scheme going back to at least the 1970s.

3.  Documents sufficient to prove that BLMIS was insolvent from the period of September 12, 2008 through December 11, 2008, the 90-day preference period, and also from the period of December 11, 2006 through December 11, 2008, the 2-year fraudulent transfer period.

4.  Due to the voluminous nature of the documents relating to the individuals identified in Section A, Paragraph 4 of these Initial Disclosures, counsel for the Trustee will make these documents available upon request.

Consistent with applicable court orders, the Trustee has made available a set of approximately 4 million documents in a virtual data room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent. The documents supporting

the conclusion that BLMIS was a fraudulent enterprise include BLMIS customer account ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create customer statements; documents related to BLMIS trades purportedly settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The documents supporting the conclusion that BLMIS was insolvent include investment advisory business cash balances and customer account liabilities; market making and proprietary trading businesses cash balances and securities data; and documents related to the appraisal and valuation data of the market making and proprietary trading businesses. On or about November 13, 2015, counsel for the defendant was provided with access to E-Data Room 1 and an instruction manual containing a detailed index of the materials in E-Data Room 1, including a listing of public and/or commercially available market information relied upon by the Trustee.

By way of further disclosure, the Trustee also identifies the following documents upon which he may rely:

a)   Exhibits to the Complaint;

b)   Documents referred to in the Complaint;

c)   Documents provided by Defendant to the Trustee in conjunction with the filing of Customer Claim Nos. 000495 and 000531 on January 15, 2009;

d)   Documents produced by JPMorgan Chase Bank, N.A. and Fiserv, Inc. in response to the Trustee's subpoenas issued pursuant to Rules 2004 and 45 of the Federal Rules of Civil Procedure. The Trustee may also rely on documents produced, if any, by Steven B. Mendelow or Richard Oppenheim Associates, Inc. in response to subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure; and

e)      The Trustee's supplemental document production.

C.      Rule 26(a)(1)(A)(iii).   A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The Trustee's computation of damages is included on Exhibit B to the Complaint.   The documents on which those computations are based are those related to deposits to and withdrawals from Defendant's BLMIS account and are being produced as set forth in section B.1 above.   In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable interest, costs, and disbursements of this action.

D.      Rule 26(a)(1)(A)(iv).   For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To the Trustee's knowledge, there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the instant action, or to indemnify or reimburse for payments made to satisfy the judgment.

New York, New York
March 14, 2016

By: _/s/  Nicholas Cremona_
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas Cremona
Email:  ncremona@bakerlaw.com

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 14th day of

March, 2016 by electronic and First Class mail upon the following:

Helen Davis Chaitman
Leslie Treff
Chaitman, LLP
465 Park Avenue
New York, New York 10022
Email: hchaitman@chaitmanllp.com
Email: ltreff@chaitmanllp.com

_Dean D. Hurt w/pm_
_An Attorney for Irving H. Picard, Trustee_
_for the Substantively Consolidated SIPA_
_Liquidation of Bernard L. Madoff Investment_
_Securities LLC and the Estate of Bernard L._
_Madoff_