# EXHIBIT 3

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise S. Frejka
Jason Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CAROL NELSON and STANLEY NELSON, | |
| Defendants. | |

**DEFENDANTS' INITIAL DISCLOSURES**

Carol Nelson and Stanley Nelson (collectively, "Defendants"), by and through their

undersigned attorneys, hereby submit the following initial disclosures to Plaintiff Irving H.

Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff

Investment Securities LLC ("Madoff Securities"), pursuant to Rule 26(a)(1) of the Federal Rules

of Civil Procedure, as made applicable to this matter by Rule 7026 of the Federal Rules of

Bankruptcy Procedure.

## **RESERVATION OF RIGHTS**

These disclosures are based on information reasonably available to Defendants as of this

date, and within their possession, custody or control, at this time.  Defendants reserve the right to

amend, modify, or supplement these disclosures, if necessary or appropriate, based upon facts

developed through discovery in this action, through ongoing investigation of the underlying

claims, or otherwise.

By making these disclosures, Defendants do not represent that they are identifying every

document, tangible thing, or witness that they may use to support their case.  Rather, Defendants'

disclosures represent a good faith effort, in accordance with Rule 26(a)(1), to identify

discoverable information that Defendants currently reasonably believe may be used to support

their claims and defenses in response to the Complaint.  These disclosures do not include

information that may be used solely for impeachment purposes.

These disclosures are made subject to and without waiving, but on the contrary reserving

and intending to preserve:  (1) all applicable privileges that would make any such information

nondiscoverable, including but not limited to, the attorney-client privilege and/or the attorney

work product doctrine; (2) the right to object on the grounds of competency, relevancy and

materiality, hearsay and/or any other applicable ground; (3) the right to object to the use of any

information disclosed, in whole or in part, for any purpose in any subsequent proceeding in this

or any other action; and (4) the right to object on any and all applicable grounds to any

subsequent discovery request or other proceeding involving or relating to the subject matter of these disclosures.  Defendants do not, by way of these disclosures, assume any burden of proof or pleading, as to any issue for which that burden properly rests with the Trustee.  By submitting these disclosures, Defendants do not waive any jurisdictional defenses available to them.

## INITIAL DISCLOSURES

**A.     Rule 26(a)(1)(A)(i) -- Individuals Likely To Have Discoverable Information**

Subject to the foregoing and based on information readily available to Defendants at this time, Defendants identify the following individuals likely to have discoverable information that Defendants may use to support their claims or defenses.

| Name | Address | Subject of Information |
|------|---------|------------------------|
| Stanley Nelson | c/o Kramer Levin Naftalis & Frankel LLP 1177 Avenue of the Americas New York, NY 10036 Attention: Elise S. Frejka Telephone: 212-715-9100 | The allegations set forth in the Complaint and the affirmative defenses set forth in the Answer filed in the above-captioned adversary proceeding, including, without limitation, (i) the transactions identified in the Complaint; (ii) the business relationship(s) and historical dealings between the Defendants, on the one hand, and Madoff Securities on the other hand; (iii) the facts and circumstances underlying and supporting Defendants' affirmative and other defenses to the claims and causes of action asserted against Defendants in the Complaint; and (iv) Defendants' record-keeping policies and procedures. |

Some of these individuals may have knowledge extending beyond the specific subjects for which they are identified.  The actual knowledge of these persons may or may not meet or exceed the scope of the subject matter listed above.  Moreover, the listing of a name does not constitute an admission by the Defendants that the person in fact has relevant or discoverable information.  The stated scope is neither a representation that a witness necessarily has

information on the above-described subjects nor intended to be a limitation on the matters concerning which they may give testimony.

Defendants expressly reserve the right to identify and call additional persons as witnesses who, based on further investigation and discovery, are found to have information that Defendants may use to support their claims and defenses. Moreover, Defendants reserve the right to use or rely on the testimony of any other individuals identified in documents produced during discovery or by other parties in this action to support their claims and defenses.

**B.    Rule 26(a)(1)(A)(ii) -- Description By Category Of Documents**

The Defendants identify the following categories of documents in their possession, custody, or control which may be used to support their claims or defenses:

- Documents relating to, among other things, the transactions identified in the Complaint and the Defendants' affirmative and other defenses to the claims and causes of action asserted in the Complaint.

- Account statements of Madoff Securities (and/or its predecessor) issued to Defendants.

- Communications with Madoff Securities.

- Relevant documents reflecting payments made to the Internal Revenue Service and/or state taxing authorities.

Copies of the documents described above that Defendants may use to support their claims or defenses that are within Defendants' possession, custody, or control (unless privileged or protected from disclosure) can be made available at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, upon a proper request and at a time to be mutually determined.

Defendants do not admit by listing a particular document category that all or any documents in that category are relevant to issues in this action, otherwise admissible, or properly discoverable.

As set forth above, Defendants reserve the right to supplement and/or amend these initial disclosures, including (without limitation) as more information becomes available during the course of discovery in this action.

Defendants also reserve the right to rely upon:

1.    Any documents produced by the Trustee.

2.    Any documents produced by third parties in connection with third party discovery.

3.    Any documents produced by other defendants in other adversary proceedings in this SIPA liquidation proceeding or by any other parties in this SIPA liquidation proceeding or any related proceeding.

**C.    Rule 26(a)(1)(A)(iii) -- Computation of Damages**

Inapplicable at this time.

**D.    Rule 26(a)(1)(A)(iv) -- Insurance Agreement**

At present, Defendants are unaware of any insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a possible judgment entered herein or to indemnify or reimburse for payments made to satisfy any such a judgment. Defendants expressly reserve the right to amend these disclosures to specify any such insurance agreement if, during the course of discovery and their investigation of the facts relating to this case, Defendants learn that any such insurance agreement exists.

Dated: New York, New York
       July 15, 2014

KRAMER LEVIN NAFTALIS & FRANKEL LLP


By:  /s/  Elise S. Frejka
     Philip Bentley
     Elise S. Frejka
     Jason S. Rappaport
     1177 Avenue of the Americas
     New York, New York 10036
     Telephone: (212) 715-9100
     Facsimile: (212) 715-8000

     *Attorneys for Defendants*

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322
Facsimile  (212) 557-0295

*Attorneys for Defendants Carol Nelson*
*and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-1789 (SMB) |
| v. | |
| | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant, | |
| Defendants. | |

## CAROL AND STANLEY NELSON'S AMENDED INITIAL DISCLOSURES

Carol and Stanley Nelson (the "Defendants"), by and through their attorneys, and pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, incorporating the Reservation of Rights set forth in their Initial Disclosures (the "Reservation of Rights"), amend

{N0089457 }

their initial disclosures as follows:

## AMENDED INITIAL DISCLOSURES

**B.      Rule 26(a)(1)(A)(ii) -- Description By Category Of Documents**

The Defendants are not in possession of any documents which may be used to support their claims or defenses.

As set forth in the Reservation of Rights, Defendants reserve the right to supplement and/or amend these initial disclosures, including (without limitation) as more information becomes available during the course of discovery in this action.

Defendants also reserve the right to rely upon:

1. Any documents produced by the Trustee.

2. Any documents produced by third parties in connection with third party discovery.

3. Any documents produced by other defendants in other adversary proceedings in this SIPA liquidation proceeding or by any other parties in this SIPA liquidation proceeding or any related proceeding.

Dated:    New York, New York                    **BECKER & POLIAKOFF LLP**
          September 1, 2015

                                         By:    */s/ Helen Davis Chaitman*

                                                Helen Davis Chaitman
                                                45 Broadway
                                                New York, New York 10006
                                                (212) 599-3322
                                                hchaitman@bplegal.com

                                                *Attorneys for Defendants Carol and*
                                                *Stanley Nelson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 1, 2015 a true and correct copy of the foregoing was

served by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          September 1, 2015                    */s/ Helen Davis Chaitman* _____

CHAITMAN LLP
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
(888) 759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants Carol and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | |
| v. | Adv. Pro. No. 08-1789 (SMB) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA LIQUIDATION |
| Defendant. | (Substantively Consolidated) |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | Adv. Pro. No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant; and STANLEY NELSON, individual and as joint tenant, | |
| Defendants. | |

**CAROL AND STANLEY NELSON'S AMENDED RULE 26 DISCLOSURE**

Carol and Stanley Nelson, by and through their attorneys, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, makes the following amended disclosure:

> (A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:
>
> Richard Oppenheim of Richard Oppenheim Associates, Inc., 1 Bethany Road, Hazlet, New Jersey 07730, is the accountant who prepared Defendants' tax returns based upon Madoff statements that Defendants turned over to him on an annual basis.  He would have knowledge of the amount of taxes Defendants paid each year on the short term capital gains that Madoff attributed to them.

Dated: February 10, 2016                                **CHAITMAN LLP**

By:    */s/ Helen Davis Chaitman*
Helen Davis Chaitman, Esq.

465 Park Avenue
New York, NY 10022
Phone & Fax: 888-759-1114
HChaitman@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, a true and correct copy of the foregoing was

served via electronic mail upon:

BAKER & HOSTETLER
David J. Sheehan
Marie L. Carlisle
Nicholas J. Cremona
Dean D. Hunt
45 Rockefeller Plaza
New York, NY 10111
dsheehan@bakerlaw.com
mcarlisle@bakerlaw.com
ncremona@bakerlaw.com
dhunt@bakerlaw.com

Dated:    New York, New York
February 10, 2016

*/s/ Helen Davis Chaitman*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise S. Frejka
Jason Rappaport
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CAROL NELSON, | |
| Defendant. | |

**DEFENDANT'S INITIAL DISCLOSURES**

Carol Nelson (the "Defendant"), by and through her undersigned attorneys, hereby

submits the following initial disclosures to Plaintiff Irving H. Picard (the "Trustee"), as Trustee

for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Madoff

Securities"), pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, as made

applicable to this matter by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

## RESERVATION OF RIGHTS

These disclosures are based on information reasonably available to Defendant as of this

date, and within her possession, custody or control, at this time.  Defendant reserves the right to

amend, modify, or supplement these disclosures, if necessary or appropriate, based upon facts

developed through discovery in this action, through ongoing investigation of the underlying

claims, or otherwise.

By making these disclosures, Defendant does not represent that she is identifying every

document, tangible thing, or witness that she may use to support her case.  Rather, Defendant's

disclosures represent a good faith effort, in accordance with Rule 26(a)(1), to identify

discoverable information that Defendant currently reasonably believes may be used to support

her claims and defenses in response to the Complaint.  These disclosures do not include

information that may be used solely for impeachment purposes.

These disclosures are made subject to and without waiving, but on the contrary reserving

and intending to preserve:  (1) all applicable privileges that would make any such information

nondiscoverable, including but not limited to, the attorney-client privilege and/or the attorney

work product doctrine; (2) the right to object on the grounds of competency, relevancy and

materiality, hearsay and/or any other applicable ground; (3) the right to object to the use of any

information disclosed, in whole or in part, for any purpose in any subsequent proceeding in this

or any other action; and (4) the right to object on any and all applicable grounds to any

subsequent discovery request or other proceeding involving or relating to the subject matter of

these disclosures.  Defendant does not, by way of these disclosures, assume any burden of proof

or pleading, as to any issue for which that burden properly rests with the Trustee.  By submitting

these disclosures, Defendant does not waive any jurisdictional defenses available to her.

## **INITIAL DISCLOSURES**

**A.**    **Rule 26(a)(1)(A)(i) -- Individuals Likely To Have Discoverable Information**

Subject to the foregoing and based on information readily available to Defendant at this

time, Defendant identifies the following individuals likely to have discoverable information that

Defendant may use to support her claims or defenses.

| Name | Address | Subject of Information |
|------|---------|------------------------|
| Stanley Nelson | c/o Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Elise S. Frejka<br>Telephone: 212-715-9100 | The allegations set forth in the Complaint and the affirmative defenses set forth in the Answer filed in the above-captioned adversary proceeding, including, without limitation, (i) the transactions identified in the Complaint; (ii) the business relationship(s) and historical dealings between Defendant, on the one hand, and Madoff Securities on the other hand; (iii) the facts and circumstances underlying and supporting her affirmative and other defenses to the claims and causes of action asserted against her in the Complaint; and (iv)  her record-keeping policies and procedures. |

| Name | Address | Subject of Information |
|---|---|---|
| NTC & Co. LLP | Fiserv<br>717 17th St., Suite 2200<br>Denver, CO, 80202 | The allegations set forth in the Complaint and the affirmative defenses set forth in the Answer filed in the above-captioned adversary proceeding, including, without limitation, (i) the transactions identified in the Complaint; (ii) the business relationship(s) and historical dealings between Carol Nelson's Individual Retirement Account, on the one hand, and Madoff Securities on the other hand; and (iii) the facts and circumstances underlying and supporting Defendant's affirmative and other defenses to the claims and causes of action asserted against Defendant in the Complaint. |

Some of these individuals may have knowledge extending beyond the specific subjects for which they are identified. The actual knowledge of these persons may or may not meet or exceed the scope of the subject matter listed above. Moreover, the listing of a name does not constitute an admission by the Defendant that the person in fact has relevant or discoverable information. The stated scope is neither a representation that a witness necessarily has information on the above-described subjects nor intended to be a limitation on the matters concerning which they may give testimony.

Defendant expressly reserves the right to identify and call additional persons as witnesses who, based on further investigation and discovery, are found to have information that Defendant may use to support her claims and defenses. Moreover, Defendant reserves the right to use or rely on the testimony of any other individuals identified in documents produced during discovery or by other parties in this action to support her claims and defenses.

**B.**   **Rule 26(a)(1)(A)(ii) -- Description By Category Of Documents**

The Defendant identifies the following categories of documents in her possession, custody, or control which may be used to support her claims or defenses:

- Documents relating to, among other things, the transactions identified in the Complaint and the Defendant's affirmative and other defenses to the claims and causes of action asserted in the Complaint.

- Account statements of Madoff Securities (and/or its predecessor) issued to Carol Nelson (with respect to Madoff Securities Account No. 1ZA283) and Carol Nelson's Individual Retirement Account (with respect to Madoff Securities Account No. 1ZR265).

- Communications with Madoff Securities.

- Relevant documents reflecting payments made to the Internal Revenue Service and/or state taxing authorities.

Copies of the documents described above that Defendant may use to support her claims or defenses that are within Defendant's possession, custody, or control (unless privileged or protected from disclosure) can be made available at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, upon a proper request and at a time to be mutually determined.

Defendant does not admit by listing a particular document category that all or any documents in that category are relevant to issues in this action, otherwise admissible, or properly discoverable.

As set forth above, Defendant reserves the right to supplement and/or amend these initial disclosures, including (without limitation) as more information becomes available during the course of discovery in this action.

Defendant also reserves the right to rely upon:

1.    Any documents produced by the Trustee.

2.      Any documents produced by third parties in connection with third party discovery.

3.      Any documents produced by other defendants in other adversary proceedings in this SIPA liquidation proceeding or by any other parties in this SIPA liquidation proceeding or any related proceeding.

**C.      Rule 26(a)(1)(A)(iii) -- Computation of Damages**

Inapplicable at this time.

**D.      Rule 26(a)(1)(A)(iv) -- Insurance Agreement**

At present, Defendant is unaware of any insurance agreement under which a person carrying on an insurance business may be liable to satisfy part or all of a possible judgment entered herein or to indemnify or reimburse for payments made to satisfy any such a judgment. Defendant expressly reserves the right to amend these disclosures to specify any such insurance agreement if, during the course of discovery and her investigation of the facts relating to this case, Defendant learns that any such insurance agreement exists.

Dated: New York, New York
       April 30, 2014

                           KRAMER LEVIN NAFTALIS & FRANKEL LLP


                           By:  /s/  Elise S. Frejka
                                Philip Bentley
                                Elise S. Frejka
                                Jason S. Rappaport
                                1177 Avenue of the Americas
                                New York, New York 10036
                                Telephone: (212) 715-9100
                                Facsimile: (212) 715-8000

                                *Attorneys for Defendant*

**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman hchaitman@bplegal.com
45 Broadway
New York, New York 10006
Telephone (212) 599-3322
Facsimile (212) 557-0295

*Attorneys for Defendant Carol Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-1789 (SMB) |
| v. | |
| | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | (Substantively Consolidated) |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | Adv. Pro. No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, | |
| Defendant. | |

## CAROL NELSON'S AMENDED INITIAL DISCLOSURES

Carol Nelson (the "Defendant"), by and through her attorneys, and pursuant to Rule 26 the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, incorporating the Reservation of Rights set forth in her Initial Disclosures (the "Reservation of Rights"), amends her initial disclosures as follows:

## AMENDED INITIAL DISCLOSURES

**B.        Rule 26(a)(1)(A)(ii) -- Description By Category Of Documents**

The Defendant is not in possession of any documents which may be used to support her claims or defenses.

As set forth in the Reservation of Rights, Defendant reserves the right to supplement and/or amend these initial disclosures, including (without limitation) as more information becomes available during the course of discovery in this action.

Defendant also reserves the right to rely upon:

1. Any documents produced by the Trustee.

2. Any documents produced by third parties in connection with third party discovery.

3. Any documents produced by other defendants in other adversary proceedings in this SIPA liquidation proceeding or by any other parties in this SIPA liquidation proceeding or any related proceeding.

Dated:    New York, New York            **BECKER & POLIAKOFF LLP**
          September 1, 2015

                                    By:      */s/ Helen Davis Chaitman*

                                        Helen Davis Chaitman
                                        45 Broadway
                                        New York, New York 10006
                                        (212) 599-3322
                                        hchaitman@bplegal.com

                                        *Attorneys for Defendant Carol Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2015 a true and correct copy of the foregoing was

served by electronic mail and USPS First Class mail upon:

BAKER & HOSTETLER
Dean Hunt, Esq.
Rachel Smith, Esq.
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
dhunt@bakerlaw.com
rsmith@bakerlaw.com


Dated:    New York, New York
          September 1, 2015                    */s/ Helen Davis Chaitman*_____