# EXHIBIT 4

# Sheehan, David J.

| | |
|---|---|
| **From:** | Sarah Howell <showell@chaitmanllp.com> |
| **Sent:** | Tuesday, April 30, 2019 1:23 PM |
| **To:** | Sheehan, David J. |
| **Cc:** | Helen Chaitman; Jennifer Allim |
| **Subject:** | Irving H. Picard v. Carol and Stanley Nelson; Adv. Proc. Nos.: 10-04377 and 10-04658 |
| **Attachments:** | Madoff.Nelson (10-04377   10-04658) - 2019-04-23 Letter enc Trial Subpoe....pdf; Madoff.Nelson (10-04377   10-04658) - Trial Subpoena to Enrica Cotelless....pdf |

Good afternoon,

Please see attached correspondence sent on behalf of Helen Davis Chaitman, Esq. in connection with the above-referenced matters.

Thank you,

Sarah Howell, Paralegal
Chaitman LLP
465 Park Avenue
New York, New York 10022
showell@chaitmanllp.com
Office:  (888) 759-1114, Ext. 6

1

# CHAITMAN LLP
### 115 FAIRVIEW ROAD
### FRENCHTOWN, NJ 08825
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

April 23, 2019

**HAND DELIVERY VIA PROCESS SERVER**

Enrica Cotellessa-Pitz
9111 107th Ave.
Ozone Park, NY 11417

    Re:  **Irving H. Picard v. Carol and Stanley Nelson**
           **Adv. Proc. Nos.: 10-04377 and 10-04658**

Dear Ms. Cotellessa-Pitz:

    Enclosed for service upon you is a trial subpoena along with the witness fee and transportation costs, requiring your appearance pursuant to the Federal Rules of Civil Procedure Rule 45 and United States Code Title 28.

    The trial in this matter is scheduled to begin on May 8, 2019 at 10:00 a.m. before the Honorable Stuart M. Bernstein, U.S.B.J, at the court house at One Bowling Green, New York. The trial is estimated to conclude on May 12, 2019.

    You are being subpoenaed by the Defendants, Carol and Stanley Nelson, represented by Chaitman LLP. The Defendants will <u>not</u> be putting on their case on May 8, 2019, however Defendants anticipate calling witnesses starting on May 9, 2019 and, in order to spare you any unnecessary inconvenience, we request that you contact us no later than May 3, 2019 so that we can let you know the precise day on which you should appear. Providing your contact information and agreeing to be an "on-call" witness will give Chaitman LLP the authority to provide you with 24 hours' notice to appear. Pursuant to the Federal Rules of Civil Procedure, we are required to reimburse a witness for time in court. However, we will not pay witnesses a daily rate for being "on-call."

    Please contact Sarah Howell by phone at (888) 759-1114, Ext. 6 or by email at showell@chaitmanllp.com upon receipt of the enclosed subpoena. If we do not hear from you, we will assume you will appear at 10:00 a.m. on May 8, 2019 as required by the subpoena and return to court each day until your testimony is required.

                                      Yours sincerely,

                                      Helen Davis Chaitman

{00040179 2 }

HDC/sh
Enclosure (as stated)

cc:  David J. Sheehan, Esq. (by email w/encl.)

{00040179 2 }

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __New York__

In re __Bernard Madoff Investment Securities, LLC__
Debtor

Case No. __08-01789__

*(Complete if issued in an adversary proceeding)*

__Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC__
Plaintiff

Chapter __SIPA__

__Carol Nelson, individually and joint tenant; and Stanley Nelson, individually and as joint tenant__
Defendant

Adv. Proc. No. __10-04658/10-04377 (SMB)__

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Enrica Cotellessa-Pitz - 9111 107th Ave Ozone Park, NY 11417__

*(Name of person to whom the subpoena is directed)*

■ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE United States Bankruptcy Court for the Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 | COURTROOM 723 |
|---|---|
| | DATE AND TIME<br>05/08/19    10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __04/23/19__

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)