**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | Adv. Pro No. 10-04377 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, individually and as joint tenant, and STANLEY NELSON, individually and as joint tenant, | |
| Defendants. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC | Adv. Pro No. 10-04658 (SMB) |
| Plaintiff, | |
| v. | |
| CAROL NELSON, | |
| Defendant. | |

{00040457 2 }

**THE NELSONS' MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S
MOTION TO QUASH SUBPOENA AND TO STRIKE BERNARD L. MADOFF,
ENRICA COTELLESSA-PITZ, AND AGATHA M. COLE FROM DEFENDANTS'
PROPOSED WITNESS LIST**

**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
hchaitman@chaitmanllp.com
gdexter@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and
Stanley Nelson*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ........................................................................................................ 2

    I.    The Motion to Strike Bernard L. Madoff, Enrica Cotellessa-Pitz, and
        Agatha M. Cole from the Nelsons proposed witness list should be
        denied ....................................................................................................... 2

        A.    The Nelsons previously indicated that they might introduce
                evidence obtained in other adversary proceedings, and the
                Trustee himself seeks to introduce testimony from witnesses
                whom he never previously disclosed ............................................. 2

        B.    Cole's testimony should not be stricken ........................................ 4

        C.    Even if Cole's disclosure was untimely (which it was not), the
                delay was harmless and substantially justified ................................ 5

        D.    Cole is a proper rebuttal witness .................................................... 6

    II.    The Motion to quash the subpoena on the Trustee should be denied .......... 7

        A.    The Trustee's testimony is relevant ............................................... 7

        B.    The Trustee cannot make the extraordinary showing under FRE
                403 that his testimony would be needlessly duplicative or
                cumulative ...................................................................................... 8

            1.    The Trustee's testimony is not cumulative ....................................... 9

            2.    The Trustee should not be permitted to render the Nelsons'
                  proposed evidence inadmissible simply on the basis that he has
                  an endless litigation budget to spend on experts ........................... 10

        C.    The Nelsons and their counsel have no intent to harass the
                Trustee ........................................................................................... 11

        D.    Bankruptcy Trustees routinely testify in liquidation
                proceedings .................................................................................... 12

CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Connick*,
  2016 WL 3002403 (E.D.N.Y. May 23, 2016) ..........................................................................9

*In re Bay Vista of Virginia, Inc.*,
  428 B.R. 197 (Bankr. E.D. Va. 2010)....................................................................................12

*Brune v. Time Warner Entm't Co., L.P.*,
  2004 WL 2884611 (S.D.N.Y. Dec. 14, 2004) ........................................................................6

*Design Strategies, Inc. v. Davis*,
  228 F.R.D. 210 (S.D.N.Y. 2005) ............................................................................................6

*George v. Celotex Corp.*,
  914 F.2d 26 (2d Cir. 1990)......................................................................................................8

*Goldberg v. Nat'l Life Ins. Co. of Vermont*,
  774 F.2d 559 (2d Cir. 1985)..................................................................................................10

*Grabin v. Marymount Manhattan Coll.*,
  659 F. App'x 7 (2d Cir. 2016) ................................................................................................4

*Highland Capital Mgmt., L.P. v. Schneider*,
  551 F. Supp. 2d 173 (S.D.N.Y. 2008)...................................................................................10

*Int'l Minerals & Res., S.A. v. Pappas*,
  96 F.3d 586 (2d Cir. 1996)......................................................................................................9

*In re International Management Associates, LLC*,
  781 F.3d 1262 (11th Cir. 2015) ........................................................................................2, 12

*Kullman v. New York*,
  2009 WL 1562840 (N.D.N.Y. May 20, 2009).........................................................................4

*In re Lloyd Sec., Inc.*,
  183 B.R. 386 (E.D. Pa. 1995), *aff'd*, 75 F.3d 853 (3d Cir. 1996)...........................................7

*Luce v. U.S.*,
  469 U.S. 38 (1984)................................................................................................................10

*In re NWFX, Inc.*,
  267 B.R. 118 (Bankr. W.D. Ark. 2001) ................................................................................12

*Psihoyos v. Pearson Educ., Inc.*,
    855 F.Supp.2d 103 (S.D.N.Y.2012)......................................................................5

*Rowland v. Am. Gen. Fin., Inc.*,
    340 F.3d 187 (4th Cir. 2003) .............................................................................5

*In re Sieber*,
    489 B.R. 531 (Bankr. D. Md. 2013) ..................................................................12

*Spencer v. Int'l Shoppes, Inc.*,
    2013 WL 685453 (E.D.N.Y. Feb. 25, 2013)......................................................11

*United States v. Abu-Jihaad*,
    630 F.3d 102 (2d Cir. 2010)................................................................................7

*United States v. Al-Moayad*,
    545 F.3d 139 (2d Cir. 2008)................................................................................7

*United States v. Jamil*,
    707 F.2d 638 (2d Cir. 1983)................................................................................9

*United States v. Ozsusamlar*,
    428 F. Supp. 2d 161 (S.D.N.Y. 2006)................................................................8

*United States v. Rubin*,
    37 F.3d 49 (2d Cir. 1994)....................................................................................8

*United States v. Sellers*,
    566 F.2d 884 (4th Cir. 1977) ............................................................................10

*United States v. Tajah*,
    2016 WL 3661777 (W.D.N.Y. July 11, 2016)......................................................9

*United States v. White*,
    692 F.3d 235 (2d Cir. 2012)...........................................................................7, 8

*Weiss v. Chrysler Motors Corp.*
    515 F.2d (2d Cir. 1975)......................................................................................6

*Whiteway v. FedEx Kinkos Office & Print Servs.*,
    2007 WL 1456046 (N.D. Cal. May 17, 2007) ..................................................10

**Statutes**

15 U.S.C. § 78fff-1(d)(3) ........................................................................................7

**Other Authorities**

22A Charles Alan Wright *et al*, Federal Prac. & Proc. Evid. § 5223 n. 36 (2d ed.)......................10

28 Charles Alan Wright *et al*, Federal Prac. & Proc. Evid. § 6164 (2d ed)...................................11

8A Charles Alan Wright *et al*, Federal Prac. & Proc. § 2054 (3d ed.) ........................................4, 6

Fed. R. Bankr. P. 7037 ...................................................................................................................5

Fed. R. Bankr. P. 9014....................................................................................................................5

Fed. R. Civ. P. 26(a)(1)(A) ............................................................................................................6

Fed. R. Civ. P. 26(a)(3)................................................................................................................4, 6

Fed. R. Civ. P. 37(c)(1)............................................................................................................4, 5, 6

Fed. R. Evid. 102 ..........................................................................................................................11

Fed. R. Evid. 401 ............................................................................................................................7

Fed. R. Evid. 402 ............................................................................................................................8

Fed. R. Evid. 403 .............................................................................................................8, 9, 10, 11

Fed. R. Evid. 611(a).......................................................................................................................11

Defendants Carol Nelson and Stanley Nelson (the "Nelsons"), respectfully submit this memorandum of law in opposition to the Trustee's Motion to quash the trial subpoena served on the Trustee, Irving H. Picard, and to strike Bernard L. Madoff, Enrica Cotellessa-Pitz, and Agatha M. Cole from the Nelsons' proposed witness list.

## PRELIMINARY STATEMENT

The Trustee brings a motion to strike Bernard L. Madoff, Enrica Cotellessa-Pitz, and Agatha M. Cole from the Nelsons' proposed witness list on the basis that these witnesses were not disclosed in the Nelsons' initial disclosures. This argument should be rejected since the Trustee also intends to introduce the testimony of several BLMIS employees who the Trustee never disclosed in his initial disclosures. In fact, the Trustee previously wrote, in his Second Amended Initial Disclosures, that "[t]he Trustee does not expect to rely on former BLMIS executives or employees at trial." [Sheehan Declaration, Ex. 2 (Trustee's Second Amended Initial Disclosures, March 14, 2016) at ECF pp. 56, ¶ 5.]. The Trustee now seeks to introduce voluminous testimony from former BLMIS employees while simultaneously seeking to preclude the Nelsons from using the testimony of witnesses whom they did disclose in pretrial disclosures. The Trustee cannot have it both ways.

The Nelsons' Amended Initial Disclosures expressly state that the Nelsons "reserve the right to rely upon . . . [a]ny documents produced by the Trustee, [a]ny documents produced by third parties in connection with third party discovery," and "[a]ny documents produced by other defendants in other adversary proceedings in this liquidation proceeding or any relating proceeding." [*See, e.g.*, Sheehan Declaration, Ex. 3 (Defendants' Amended Initial Disclosures, September 1, 2015) at ECF pp. 9]. Such a broad reservation put the Trustee reasonably on notice that the Nelsons might subsequently disclose additional evidence (or evidence produced in other adversary proceedings) by the time of pretrial disclosures. Thus, the disclosures were timely when

they were made in pretrial disclosures.  If, however, the Court deems them untimely, exclusion of

testimony is inappropriate because any delay was harmless and substantially justified.  Moreover,

Cole is a proper rebuttal witness and therefore she did not need to be disclosed.

      The Trustee also brings a motion to quash the trial subpoena served on him so that he can

avoid testifying at trial.  This motion should be denied.  The Trustee's testimony is relevant, it is

not cumulative, and the Trustee cannot make the high showing under Federal Rule of Evidence

("FRE") 403 that it should be barred.  Further, the Nelsons and their counsel have no intent to call

the Trustee for purposes of harassment, as the Trustee suggests, and bankruptcy trustees routinely

testify in bankruptcy proceedings.  For example, in *In re International Management Associates,*

*LLC*, 781 F.3d 1262 (11th Cir. 2015), which this Court cited approvingly in the Profit Withdrawal

proceeding, the trustee testified and his testimony was the only reason why the bankruptcy court

allowed him to introduced a mass of hearsay consisting of falsified records of a failed broker-

dealer.  The Trustee, who has been paid an unprecedented amount of legal fees, should similarly

testify here.  Indeed, his testimony is essential to providing the Nelsons with a fair trial consistent

with the due process clause of the United States Constitution.

## ARGUMENT

I.    **The Motion to Strike Bernard L. Madoff, Enrica Cotellessa-Pitz, and Agatha M. Cole**
      **from the Nelsons proposed witness list should be denied**

  A.  The Nelsons previously indicated that they might introduce evidence obtained in other
      adversary proceedings, and the Trustee himself seeks to introduce testimony from
      witnesses whom he never previously disclosed

      The Trustee argues that Bernard L. Madoff, Enrica Cotellessa-Pitz, and Agatha M. Cole

should be stricken from the Nelsons' Proposed witness list because they were never disclosed as

witnesses until the parties' pretrial disclosures were exchanged on May 1, 2019.  This argument

should be rejected for numerous reasons, first, because the Trustee seeks to introduce plea

allocutions and former testimony of numerous former BLMIS employees whom he never previously disclosed.  [*See* Sheehan Declaration, Ex. 2 (Trustee's Second Amended Initial Disclosures, March 14, 2016)].  Indeed, although the Trustee seeks to introduce allocutions of Bernard L. Madoff and BLMIS employees Frank DiPascali, David Kugel, and Irwin Lipkin, and the former testimony of Frank DiPascali, none of those individuals were previously listed by the Trustee as persons with knowledge or potential witnesses.  To the contrary, the Trustee previously wrote, in his Second Amended Initial Disclosures, that "[t]he Trustee does not expect to rely on former BLMIS executives or employees at trial."  Sheehan Declaration, Ex. 2 (Trustee's Second Amended Initial Disclosures, March 14, 2016) at ECF pp. 56, ¶ 5.].  The Trustee should not now be permitted to argue that the Nelsons cannot call witnesses who were not previously disclosed when this is precisely what the Trustee is trying to do.

Unlike the Trustee's Initial Disclosures, the Nelsons' Amended Initial Disclosures expressly state that the Nelsons "reserve the right to rely upon . . . [a]ny documents produced by the Trustee, [a]ny documents produced by third parties in connection with third party discovery," and "[a]ny documents produced by other defendants in other adversary proceedings in this liquidation proceeding or any relating proceeding."  [*See, e.g.*, Sheehan Declaration, Ex. 3 (Defendants' Amended Initial Disclosures, September 1, 2015) at ECF pp. 9].  Such a broad reservation plainly contemplates the introduction of evidence obtained in other adversary proceedings.

Moreover, with respect to Madoff, the Trustee cannot possibly claim surprise that Madoff's testimony would be relevant and the Nelsons might want to introduce it into evidence.  It is preposterous that the Trustee feels he has the right to introduce Madoff's plea but the Defendants do not have the right to rely upon Madoff's deposition testimony.

B. Cole's testimony should not be stricken

The Trustee argues that, pursuant to FRCP 37(c)(1), Agatha M. Cole should not be permitted to testify because she was not named in the Nelsons' initial disclosures. The Trustee's argument should be rejected.

Pursuant to Federal Rule 26(a)(3), the rule governing pretrial disclosures, "[u]nless the Court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3). The Court ordered that pretrial disclosures occur on May 1, 2019. [Adv. Pro. No. 10-04658, ECF No. 130 and Adv. Pro. No. 10-04377, ECF No. 126]. In compliance with the Court's Order, the Nelsons timely disclosed Cole as a witness in their pretrial disclosures on May 1, 2019. The Nelsons did not need to disclose Cole in their initial disclosures, having done so in their pretrial disclosures. Indeed, the cases cited by the Trustee in which an undisclosed witness' testimony was excluded generally involve the scenario where a witness is not disclosed in pretrial disclosures and a party later attempts to introduce that witness' testimony after pretrial disclosures were exchanged or at trial. *See, e.g.*, *Grabin v. Marymount Manhattan Coll.*, 659 F. App'x 7, 11 (2d Cir. 2016) (excluding witness testimony who was not disclosed in pretrial exchange and who was never even identified). In other words, witnesses are not ordinarily excluded simply because they were not named in initial disclosures; the cases in which witnesses are excluded generally arise where the witnesses are not only not disclosed in initial disclosures, but also not disclosed in pretrial disclosures. *See* Federal Litigator-Disclosures, 32 No. 12 Fed. Litigator NL 10 (The disclosure of trial witnesses after the discovery deadline, but before the pretrial disclosure deadline, does not require the preclusion of witnesses' testimony); *see also* 8A Charles Alan Wright *et al*, Federal Prac. & Proc. § 2054 (3d ed.).

Courts should be flexible in considering what constitutes a proper disclosure, in favor of admitting evidence. *See Kullman v. New York*, 2009 WL 1562840, at *6 (N.D.N.Y. May 20, 2009)

("This requirement could have been met here by, for example, a simple declaration by plaintiffs that they might also call Rudge as a witness at trial either in a letter, electronic mail, on-the-record during another deposition or court proceeding, or the like."); *see also Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003) (no abuse of discretion when district court permitted party to submit pretrial disclosures 28 days before trial and one witness who testified was not disclosed). Cole was timely disclosed in the pretrial disclosures. This is not a case where a party fails to disclose a witness in pretrial disclosures and then seeks to call after pretrial disclosures were already made.

    C.   Even if Cole's disclosure was untimely (which it was not), the delay was harmless and substantially justified

Cole will simply testify concerning her analysis of documents produced by the Trustee which prove that Madoff purchased securities with investment advisory customers' money and that those securities were listed on the Nelsons' statements. Cole's testimony should not be excluded under Federal Rule of Civil Procedure 37(c)(1). Rule 37(c)(1), made applicable by Fed. R. Bankr. P. 9014 and 7037, grants the court discretion to impose sanctions "'[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or harmless." FRCP 37(c)(1). Since Cole will simply testify as to where she found the evidence that Madoff purchased securities for his investment advisory customers, she is not a traditional fact witness. Her testimony will simply allow the Court to follow the evidence in the documents produced by the Trustee.

Additionally, the Trustee took virtually no discovery in these cases. In fact, he failed even to depose the Nelsons. Thus, there is no reason to assume he would have deposed Cole had she been disclosed in discovery. *See Psihoyos v. Pearson Educ., Inc.,* 855 F.Supp.2d 103, 115 (S.D.N.Y.2012) (holding that plaintiffs' failure to mention vice president of third-party company

in initial disclosures was harmless because plaintiffs mentioned president of company and defendants conducted no discovery of company). Therefore, the failure to disclose Cole as a witness in Nelsons' initial disclosures was "harmless." *See* Fed. R. Civ. P. 37(c)(1).

The trial is a search for the truth and the Court should welcome Cole's testimony because it will reveal the falsity of the Trustee's continuous misrepresentations to the public, the customer body, and the courts, that Madoff never purchased securities for investment advisory customers. *See Design Strategies, Inc. v. Davis*, 228 F.R.D. 210, 213 (S.D.N.Y. 2005) ("Thus, Grieco's testimony would be highly probative of material facts and would carry substantial weight. For these reasons, the Court declines to exercise its discretion to preclude Grieco's testimony.").

D. Cole is a proper rebuttal witness

The Trustee intends to call Dubinsky who will testify that Madoff never purchased securities for his investment advisory customers. Thus, Cole will be a proper rebuttal witness and the Nelsons would be able to call her without having previously disclosed her. *See* FRCP 26(a)(1)(A) (exempting from initial disclosure requirements the identity of individuals possessing discoverable information that would be used "solely for impeachment"); FRCP 26(a)(3) (exempting from pretrial disclosure requirements any evidence to be used "solely for impeachment"); 8A Charles Alan Wright *et al*, Federal Prac. & Proc. § 2054 (3d ed.) ("It is clear that the disclosure requirement of Rule 26(a)(3) does not apply to evidence used solely for impeachment purposes."); *Brune v. Time Warner Entm't Co., L.P.*, 2004 WL 2884611, at *1 (S.D.N.Y. Dec. 14, 2004) (permitting rebuttal evidence from a witness not disclosed until mid-trial): *Weiss v. Chrysler Motors Corp.* 515 F.2d at 458, 458-59 (2d Cir. 1975) (ordering a new trial where rebuttal evidence was not admitted on rebuttal, even though it could have been offered in the party's case-in-chief).

## II.  **The Motion to quash the subpoena on the Trustee should be denied**

### A. The Trustee's testimony is relevant

The standard for relevance under the Federal Rules of Evidence is "very low."  *See United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (quoting *United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008)).  Evidence is relevant if: "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *See* FRE 401.  "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt."  *United States v. Abu-Jihaad*, 630 F.3d 102, 132 (2d Cir. 2010).

At trial, the Nelsons intend to call the Trustee to testify on at least the following issues: (a) his factual basis for calculating the Nelsons' clawback exposure; (b) his factual basis for determining whether the Nelsons received withdrawals; and his knowledge concerning Madoff's purchase of securities that appeared on the statements of investment advisory customers.  Clearly, these areas of inquiry meet the very low standard of relevancy embodied in FRE 401.

Inquiry into these areas is particularly important in view of the Trustee's reliance on the books and records of the debtor, which the Trustee's own experts have opined are "permeated with fraud."[1]  Similarly, inquiry is necessary because a SIPA trustee has fiduciary duties to investigate and report the substance of his findings.  Under SIPA, the Trustee is required to "report to the court any facts ascertained by the trustee with respect to fraud, misconduct, mismanagement, and irregularities, and to any causes of action available to the estate. . . ."  15 U.S.C. § 78fff-1(d)(3); *see also In re Lloyd Sec., Inc.,* 183 B.R. 386, 395 (E.D. Pa. 1995), *aff'd,* 75 F.3d 853 (3d Cir. 1996)

---

[1]  *See, e.g.*, August 20, 2013 Report of Bruce G. Dubinsky at 156 ("[F]raud permeated BLMIS to the extent that the company's books and records could not be relied upon by a hypothetical buyer."); *id.* at 12, 32; *id.* at 155 ("Fraud permeated BLMIS").

("Indeed, as the customers themselves argue, the very purpose of a SIPA proceeding is to benefit customers."). Since the Trustee has repeatedly made factual representations that Madoff never purchased securities for his investment advisory customers, the Nelsons have a right to question him at trial as to the factual basis for his representations.

B. <u>The Trustee cannot make the extraordinary showing under FRE 403 that his testimony would be needlessly duplicative or cumulative</u>

FRE 402 provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Thus, "unless an exception applies, all '[r]elevant evidence is admissible.'" *White*, 692 F.3d at 246 (alteration in original) (quoting FRE 402).

Under FRE 403, "[t]he court may exclude relevant evidence if its probative value is **substantially** outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403 (emphasis added). "Because Rule 403 permits the exclusion of probative evidence, it is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.,* 914 F.2d 26, 31 (2d Cir. 1990). In conducting a balancing analysis under FRE 403, courts "must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Rubin*, 37 F.3d 49, 53 (2d Cir. 1994) (internal quotations and citation omitted); *see also United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006) ("The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."). FRE 403 requires a prohibitively high showing that the Trustee cannot make. The Trustee cannot establish that the probative value of his testimony is "**substantially** outweighed by a danger . . . of . . . needlessly presenting cumulative

evidence." *See* FRE 403 (emphasis added). On the contrary, given the Trustee's fiduciary duties, given his unprecedented compensation, given his continuous representations for almost ten years that Madoff never purchased securities for his investment advisory customers, and given the vast devastation he has caused to innocent victims of Madoff's fraud under the guise of functioning as a trustee under SIPA, there is a compelling need for his testimony.

    1.   <u>The Trustee's testimony is not cumulative</u>

      The Trustee's testimony cannot be deemed cumulative of evidence that has yet to be admitted. "Evidence is cumulative when it replicates other *admitted* evidence." *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) (emphasis added); *see also Int'l Minerals & Res., S.A. v. Pappas,* 96 F.3d 586, 596 (2d Cir. 1996) ("A district judge has discretion to exclude evidence if it is cumulative of evidence **already in the record.")** (emphasis added). At the present time, there is **no** admitted evidence. Thus, logically, the Trustee's testimony cannot be cumulative under FRE 403. For this reason alone, the Trustee's Motion cannot be supported by Rule 403 and it must be denied. *See Jamil*, 707 F.2d at 643 ("At this stage of the litigation, when the trial has not yet commenced and no evidence has yet been put before a jury, it is premature to conclude that this evidence is cumulative."); *Ali v. Connick*, 2016 WL 3002403, at *4 (E.D.N.Y. May 23, 2016) ("[T]he court cannot predict when Defendants' evidence will become cumulative because the court does not know what evidence Defendants will present. Should Defendants cross the line at trial, Plaintiff should renew his challenge then.").

      For similar reasons, the Nelsons are not required at this time to telegraph for the Trustee all of the purposes for which they intend to call the Trustee as a witness. The Trustee is improperly using a motion *in limine* for the purpose of requiring the Nelsons to make a proffer. *See United States v. Tajah*, 2016 WL 3661777, at *4 (W.D.N.Y. July 11, 2016) ("FRE 403 has no specific provision for pretrial disclosure; any issues under that rule are best left to the District Judge.").

The purposes for which the Nelsons may call the Trustee are subject to change based upon the Trustee's proofs and, therefore, there is no basis for this Court to rule prior to the evidentiary hearing that they cannot call the Trustee at all. *See Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 184 (S.D.N.Y. 2008) ("[T]he Court may alter its decision on the admissibility of specific testimony when the context of the trial renders more apparent whether such testimony is sufficiently relevant.") (citing *Luce v. U.S.*, 469 U.S. 38, 41 (1984)).

2. <u>The Trustee should not be permitted to render the Nelsons' proposed evidence inadmissible simply on the basis that he has an endless litigation budget to spend on experts</u>

The Trustee asks this Court to allow the Trustee to dictate how the Nelsons will try their case. Notably, cases considering whether evidence would be needlessly cumulative under FRE 403 generally focus on evidence being cumulative of other evidence admitted *by that same party*. FRE 403 is not designed to exclude evidence offered by one side as needlessly cumulative of evidence offered by *the other* side. *See Whiteway v. FedEx Kinkos Office & Print Servs.*, 2007 WL 1456046, at *3 (N.D. Cal. May 17, 2007) ("[I]f *one side* presents needlessly cumulative evidence, *the other* may object under Federal Rule of Evidence 403.") (emphasis added); *Goldberg v. Nat'l Life Ins. Co. of Vermont*, 774 F.2d 559, 565 (2d Cir. 1985) ("Rule 403 requires even-handedness."); *United States v. Sellers*, 566 F.2d 884, 886 (4th Cir. 1977) ("The discretion allowed by Rule 403 must be applied evenhandedly" and not to prevent one side from offering evidence that is allegedly cumulative to evidence offered by the other side); *see also* 22A Charles Alan Wright *et al*, Federal Prac. & Proc. Evid. § 5223 n. 36 (2d ed.) ("[It is] hard to justify use of Rule 403 to exclude evidence of the same type already admitted for opponent.").

Here, the Trustee seeks a far-reaching interpretation of FRE 403 that would allow the Trustee to deny the Nelsons the ability to put on evidence of their choosing simply because the Trustee has preempted the Nelsons in indicating his intent to put on evidence that he argues would

be similar.  This would undermine the fundamental purpose of the Federal Rules of Evidence which "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination."  *See* FRE 102.  The Trustee seeks to deny the Nelsons the opportunity to prove their case because he has unlimited funds to retain multiple experts.  This is not permissible.

C. <u>The Nelsons and their counsel have no intent to harass the Trustee</u>

It is truly bizarre that, after being paid unprecedented compensation for himself and his law firm for almost ten years, and after the Trustee has asserted claims that are meritless against the Nelsons based upon the Trustee's false representations of material facts, the Trustee argues that his testimony should be excluded because he might be called as a witness for the purpose of harassment.  To be clear, the Nelsons and their counsel have absolutely no intent to harass the Trustee.  They simply want the truth to finally come out.  The mere fact that the Trustee may be required to supply testimony that may be harmful to his case does not constitute harassment.  *See, e.g.*, *Spencer v. Int'l Shoppes, Inc.,* 2013 WL 685453, at *3 (E.D.N.Y. Feb. 25, 2013) ("Plaintiff's case may be harmed by reference to the evidence at issue, but such harm is not the 'unfair' prejudice that Federal Rule of Evidence 403 is intended to protect against.") (quotation omitted).

This Court, of course, has the power to "exercise reasonable control over the mode and order" of the Trustee's examination to protect him "from harassment or undue embarrassment." *See* FRE 611(a).  The potential for harassment in the *manner* of examination is not a ground for precluding the evidence.  *See also* FRE 403 ("harassment" is not grounds for exclusion of admissible evidence); 28 Charles Alan Wright *et al*, Federal Prac. & Proc. Evid. § 6164 (2d ed) (noting that "harassment" of a witness refers to the manner of an examination).

D. Bankruptcy Trustees routinely testify in liquidation proceedings

The Nelsons are not seeking extraordinary relief. Bankruptcy Trustees routinely testify. *See In re International Management Associates, LLC*, 781 F.3d 1262 (11th Cir. 2015) (trustee testified extensively and his testimony was the only reason why the debtor's books and records could be admitted even though they are hearsay); *In re Sieber*, 489 B.R. 531, 539 (Bankr. D. Md. 2013) (trustee testified as to the debtor's assets); *In re NWFX, Inc.,* 267 B.R. 118 (Bankr. W.D. Ark. 2001) (trustee testified on numerous issues); *In re Bay Vista of Virginia, Inc.*, 428 B.R. 197, 226 (Bankr. E.D. Va. 2010) (same).

The Trustee's law firm has been paid well in excess of $1 billion to represent the Trustee. The Trustee has admitted that he is paid a percentage of those fees. Surely, the Trustee has an obligation to testify on the veracity of his allegations.

## CONCLUSION

The Nelsons respectfully request that the Court deny the Trustee's motion to quash and motion to strike.

Dated: New York, New York
       May 6, 2019

**CHAITMAN LLP**

By:  */s/ Helen Davis Chaitman*
     Helen Davis Chaitman
     Gregory M. Dexter
     465 Park Avenue
     New York, New York 10022
     Phone & Fax: (888)-759-1114
     hchaitman@chaitmanllp.com
     gdexter@chaitmanllp.com

     *Attorneys for Defendants Carol Nelson
     and Stanley Nelson*