Kyu Paek

| | |
|---|---|
| From: | Andrew Melton <amelton@a2amedia.com> |
| Sent: | Monday, May 20, 2019 9:02 AM |
| To: | NYSBml_Bernstein's_Chambers_Staff; Chantel Barrett; Kyu Paek |
| Cc: | Cremona, Nicholas J.; Rose, Jorian L.; Vanderwal, Amy E.; Alan Melton |
| Subject: | SIPC v. BLMIS - Adv. Pro. No. 08-01789 (SMB) |
| Attachments: | SIPC Liquidation filing - 5.13.19.pdf; 08-1789Melton.pdf |

Honorable Judge Bernstein:

I, Andrew Melton, together with my brother, Alan Melton, are the co-Trustees of the Diana Melton Trust, a claimant in the Bernard Madoff matter. Both Trustees of the Trust are non-attorneys residing outside the State of New York. On behalf of the Trust, we have requested a Hearing before Your Honor in the above matter, and the Court has scheduled the Hearing for June 26, 2019 at 10:00 AM in Room 723 of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004.

As co-Trustees of the Diana Melton Trust, we are inquiring if we are permitted to appear pro se in your courtroom for this Hearing, without the need to retain counsel. Kindly advise the foregoing at your earliest convenience. We thank the Court for its attention to this matter.

In addition, we received the filing (first attachment) from the Trustee on May 17, 2019 (filed 5/13/19) pertinent the Motion to vacate the order. We are confused that the Trustee indicates that the Trustee may file an Objection to this Motion with the Clerk of the Bankruptcy Court no later than June 12th. We thought it has been agreed by all parties that there will be a Hearing per your Order. Therefore on what grounds can the Trustee indicate that they can object when they already agreed to be present at the Hearing? We would appreciate clarification on this as well. "Part of the Trustees Thirtieth Omnibus Motion To Disallow Claims And Overrule Objections Of Claimants Who Have No Net Equity, Dated Apr. 30, 2019 (ECF Doc. # 18708) To The Extent It Overrules The Objection By The Diane Melton Trust To The Trustees Determination Of Its Net Equity Claim," includes Inter-Account Transfer. This included the Diana Melton Trust, but incorrectly does not apply for the Diana Melton Trust (which we will establish at the June 26, 2019 Hearing) and therefore has ramifications into the Trust's determination of Net Equity.

Additionally, in the email that we received from the Court (second attachment), you specified "The Trustee Is Directed To Promptly Serve Alan And Andrew Melton With All Pleadings Filed By The Trustee In Support Of His Determination And In Reply To Their Submissions." We did in fact receive Pleadings last week filed by the Trustee via email and hardcopy. However, we would need all the underlying documentation from 1992-2008 which form the basis for the Pleadings in order that we can evaluate those documents as they pertain to the case. Therefore, we respectfully request from Your Honor, a Directive to the Trustee to this effect (which we previously requested of the lawyers for the Trustee on 5/13/19). It is imperative that we receive this additional documentation in ample time (at least 3 weeks) to allow us the necessary time to review before the hearing on June 26, 2019.

Respectfully Yours,

Andrew Melton, co-Trustee of the Diana Melton Trust/Claimant

cc: Alan Melton, co-Trustee of the Diana Melton Trust/Claimant

*[Handwritten note:]* The Court does not grant relief requested in letters or give legal advice. The issues raised in this email should be raised at the hearing.
SO ORDERED: 5/20/19    SMB
                       USBJ

From: Chantel Barrett <Chantel_Barrett@nysb.uscourts.gov<mailto:Chantel_Barrett@nysb.uscourts.gov>>
Sent: Tuesday, April 30, 2019 2:46 PM

1

To: Andrew Melton <amelton@a2amedia.com<mailto:amelton@a2amedia.com>>
Cc: Alan Melton <alanrmelton@gmail.com<mailto:alanrmelton@gmail.com>>
Subject: RE: SIPC v. BLMIS - Adv. Pro. No. 08-01789 (SMB)

The following transaction was received from Barrett, Chantel entered on 4/30/2019 at 2:44 PM and filed on 4/30/2019
Case Name:
Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC. et a Case Number:
08-01789-smb<https://jenie.ao.dcn/nysb-ecf/cgi-bin/DktRpt.pl?174497>
Document Number:
18710<https://jenie.ao.dcn/nysb-ecf/doc1/126019833587?pdf_header=&magic_num=MAGIC&de_seq_num=54019&caseid=174497>
Docket Text:
So Ordered Memorandum Endorsed Order Signed On 4/30/2019. Re: The Court Will Treat This Email As A Motion To Vacate The Courts Order Granting Trustees Thirtieth Omnibus Motion To Disallow Claims And Overrule Objections Of Claimants Who Have No Net Equity, Dated Apr. 30, 2019 (ECF Doc. # 18708) To The Extent It Overrules The Objection By The Diane Melton Trust To The Trustees Determination Of Its Net Equity Claim. The Court Will Conduct A Hearing On This Motion On May 16, 2019, At 10:00 A.M. In Room 723 Of The United States Bankruptcy Court, One Bowling Green, New York, New York 10004. The Trustee Is Directed To Promptly Serve Alan And Andrew Melton With All Pleadings Filed By The Trustee In Support Of His Determination And In Reply To Their Submissions. (related document(s)[18709]) (Barrett, Chantel)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Jorian L. Rose
Amy E. Vanderwal
Jason I. Blanchard

Hearing Date: June 26, 2019
Hearing Time: 10:00 a.m. (EST)
Objections Due: June 12, 2019
Objection Time: 4:00 p.m. (EST)

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the chapter 7 estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**NOTICE OF HEARING ON MOTION OF ALAN AND ANDREW MELTON TO VACATE THE ORDER GRANTING THE TRUSTEE'S THIRTIETH OMNIBUS MOTION TO DISALLOW CLAIMS AND OVERRULE OBJECTIONS OF CLAIMANTS WHO HAVE NO NET EQUITY, SOLELY WITH RESPECT TO THE DIANA MELTON TRUST**

**PLEASE TAKE NOTICE** that on April 30, 2019, Alan and Andrew Melton filed an email with the Court (ECF No. 18709) regarding the *Order Granting the Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net*

*Equity* (ECF No. 18708) (the "Order"). On April 30, 2019, the Court entered a *Memorandum Endorsement and Order* (ECF No. 18710), stating that the Court will treat Alan and Andrew Melton's email as a motion to vacate the Order (the "Motion to Vacate"), to the extent the Order overrules the objection by the Diana Melton Trust to the Trustee's determination of its net equity claim. The Motion will be heard before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in room 723 of the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004, on **June 26, 2019 at 10:00 a.m.** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Trustee may file an objection to the Motion with the Clerk of the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004 by no later than **4:00 p.m., on June 12, 2019** (with a courtesy copy delivered to the Chambers of the Honorable Stuart M. Bernstein), which must be served upon Andrew and Alan Melton.

**PLEASE TAKE FURTHER NOTICE** that the moving and objecting parties are required to attend the Hearing, and failure to attend may result in relief being granted or denied upon default.

Dated: May 13, 2019      Respectfully submitted,
   New York, New York

            */s/ David J. Sheehan*
            David J. Sheehan
            Email: dsheehan@bakerlaw.com
            Nicholas J. Cremona
            Email: ncremona@bakerlaw.com
            Jorian L. Rose
            Email: jrose@bakerlaw.com
            Amy E. Vanderwal
            Email: avanderwal@bakerlaw.com
            Jason I. Blanchard
            Email: jblanchard@bakerlaw.com
            **Baker & Hostetler LLP**
            45 Rockefeller Plaza
            New York, New York 10111
            Tel: (212) 589-4200
            Fax: (212) 589-4201

            *Attorneys for Irving H. Picard, Trustee for the*
            *Substantively Consolidated SIPA Liquidation*
            *of Bernard L. Madoff Investment Securities LLC*
            *and the chapter 7 estate of Bernard L. Madoff*

**From:** Andrew Melton <amelton@a2amedia.com>
**Sent:** Tuesday, April 30, 2019 12:35 PM
**To:** NYSBml_Bernstein's_Chambers_Staff <bernstein.chambers@nysb.uscourts.gov>
**Cc:** Alan Melton <alanrmelton@gmail.com>
**Subject:** FW: SIPC v. BLMIS - Adv. Pro. No. 08-01789 (SMB)

Dear Judge Bernstein,

My brother, Dr. Alan Melton (copies here) and I do not believe that our case should be dismissed for valid and legal reasons. We would ask you to please review the emails we sent the lawyers at Baker Hostetler on April 18th and April 22nd immediately below. Simply stated, our father (deceased in 2010), my brother and I requested Madoff to change the name of the Ernest Melton Trust to the Diana Melton Trust in July of 2007 with a new TIN number, 18 months prior to the discovery of the Madoff fraud. The Diana Melton Trust was originally drawn up in 1986 and amended subsequently as tax laws changed and precipitated when our mother died in 2007. The notification from us to Madoff (attached) was accomplished with the assistance of our father's estate tax planning attorney. There is no question that a new account number should have automatically been assigned, in which case, the Diana Melton Trust would have and should have been a NET LOSER.

The letter sent to you earlier today indicated that the Trustee's representatives held a court hearing on April 24th, 2 days after I sent my email (below) to these same lawyers. We were never notified of the hearing, so it was therefore a one-sided hearing without giving us any opportunity to respond. This, in medicine, is similar to operating on a patient without getting a signed release by the patient. It is similar to declaring a woman having breast cancer without first performing an examination, a mammogram and/or breast ultrasound and subsequent biopsy, which is standard of care. The woman is declared to be ridden with cancer before anything is correctly performed. Our objection is similar - it was pre-determined before the real case from the objecting party could be brought forth and presented to the overseeing Judge.

Thank you kindly in advance for reviewing. We would hope that you do not sign what you were sent earlier.

Sincerely yours,
Alan & Andrew Melton

### MEMORANDUM ENDORSEMENT AND ORDER

The Court will treat this email as a motion to vacate the Court's *Order Granting Trustee's Thirtieth Omnibus Motion To Disallow Claims And Overrule Objections Of Claimants Who Have No Net Equity*, dated Apr. 30, 2019 (ECF Doc. # 18708) to the extent it overrules the objection by the Diane Melton Trust to the Trustee's determination of its net equity claim. The Court will conduct a hearing on this motion on May 16, 2019, at 10:00 a.m. in Room 723 of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004. The Trustee is directed to promptly serve

Alan and Andrew Melton with all pleadings filed by the Trustee in support of his determination and in reply to their submissions.

So ordered.

Dated: New York, NY
April 30, 2019

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Court