**From:** Andrew Melton
**Sent:** Monday, May 20, 2019 9:02 AM
**To:** 'bernstein.chambers' <bernstein.chambers@nysb.uscourts.gov>; Chantel Barrett <Chantel_Barrett@nysb.uscourts.gov>; Kyu Paek <Mike_Paek@nysb.uscourts.gov>
**Cc:** Cremona, Nicholas J. <ncremona@bakerlaw.com>; Rose, Jorian L. <jrose@bakerlaw.com>; Vanderwal, Amy E. <avanderwal@bakerlaw.com>; Alan Melton <alanrmelton@gmail.com>
**Subject:** SIPC v. BLMIS - Adv. Pro. No. 08-01789 (SMB)

Honorable Judge Bernstein:

I, Andrew Melton, together with my brother, Alan Melton, are the co-Trustees of the Diana Melton Trust, a claimant in the Bernard Madoff matter. Both Trustees of the Trust are non-attorneys residing outside the State of New York. On behalf of the Trust, we have requested a Hearing before Your Honor in the above matter, and the Court has scheduled the Hearing for June 26, 2019 at 10:00 AM in Room 723 of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004.

As co-Trustees of the Diana Melton Trust, we are inquiring if we are permitted to appear pro se in your courtroom for this Hearing, without the need to retain counsel. **Kindly advise the foregoing at your earliest convenience**. We thank the Court for its attention to this matter.

In addition, we received the *filing (first attachment)* from the Trustee on May 17, 2019 (filed 5/13/19) pertinent the Motion to vacate the order. We are confused that the Trustee indicates that the Trustee may file an Objection to this Motion with the Clerk of the Bankruptcy Court no later than June 12th. We thought it has been agreed by all parties that there will be a Hearing per your Order. Therefore on what grounds can the Trustee indicate that they can object when they already agreed to be present at the Hearing? **We would appreciate clarification on this as well.** "Part of the Trustees Thirtieth Omnibus Motion To Disallow Claims And Overrule Objections Of Claimants Who Have No Net Equity, Dated Apr. 30, 2019 (ECF Doc. # 18708) To The Extent It Overrules The Objection By The Diane Melton Trust To The Trustees Determination Of Its Net Equity Claim," includes Inter-Account Transfer. This included the Diana Melton Trust, but incorrectly does not apply for the Diana Melton Trust (which we will establish at the June 26, 2019 Hearing) and therefore has ramifications into the Trust's determination of Net Equity.

Additionally, in the email that we received from the Court (*second attachment*), you specified "The Trustee Is Directed To Promptly Serve Alan And Andrew Melton With All Pleadings Filed By The Trustee In Support Of His Determination And In Reply To Their Submissions." We did in fact receive Pleadings last week filed by the Trustee via email and hardcopy. However, we would need all the underlying documentation from 1992-2008 which form the basis for the Pleadings in order that we can evaluate those documents as they pertain to the case. Therefore, we respectfully request from Your Honor, a Directive to the Trustee to this effect (which we previously requested of the lawyers for the Trustee on 5/13/19). It is imperative that we receive this additional documentation in ample time (at least 3 weeks) to allow us the necessary time to review before the hearing on June 26, 2019.

Respectfully Yours,

Andrew Melton, co-Trustee of the Diana Melton Trust/Claimant

cc: Alan Melton, co-Trustee of the Diana Melton Trust/Claimant

**MEMORANDUM ENDORSEMENT AND ORDER**

The hearing on the motion by the Diane Melton Trust ("Trust") scheduled for June 26, 2019 will be a non-evidentiary hearing meaning the Court will not hear testimony. The threshold question of whether the co-Trustees can represent the Trust in this SIPA proceeding turns on whether there are other beneficiaries or creditors of the Trust. *See Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 892-93 (2d Cir. 2019); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010). This issue will be addressed at the beginning of the hearing. If it is resolved in favor of the co-Trustees, the hearing will proceed; if not, the Trust must retain counsel. Assuming that the hearing proceeds at the scheduled time, the Court will hear argument based on the documentary evidence and the undisputed facts. If an evidentiary hearing is necessary, it will be scheduled for another day. Any other questions should be raised at the hearing.

So ordered.

Dated: New York, New York
       May 22, 2019

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Court