Andrew Melton
8 West Street
Natick, MA 01760

May 21, 2019

Honorable Judge Bernstein:

We received an email yesterday from the lawyers for the Trustee (**see below**) indicating that they will in fact be responding to your Motion to Vacate the Court's *Order Granting Trustee's Thirtieth Omnibus Motion To Disallow Claims And Overrule Objections Of Claimants Who Have No Net Equity*, dated Apr. 30, 2019 (ECF Doc. # 18708) to the extent it overrules the objection by the Diane Melton Trust to the Trustee's determination of its net equity claim.

From: Rose, Jorian L. <jrose@bakerlaw.com>
Sent: Monday, May 20, 2019 5:29 PM
To: Alan Melton <alanrmelton@gmail.com>; Blanchard, Jason I. <jblanchard@bakerlaw.com>
Cc: Andrew Melton <amelton@a2amedia.com>; Vanderwal, Amy E. <avanderwal@bakerlaw.com>; Cremona, Nicholas J. <ncremona@bakerlaw.com>
Subject: RE: SIPC v. BLMIS - Adv. Pro. No. 08-01789 (SMB) - Diana Melton Trust

Dear Dr. Melton:

Per my our communication Thursday, we will be able to provide the year end statements per your request. These statements are not readily available as you suggest but I believe we can provide it this week.

In answer to your question to the Court regarding the objection, the order provides that the Court is treating your prior email as a "motion" (see below from the docket). Because the Court is treating the email as a motion, the Trustee will be responding to the Motion.

From the docket with an italic emphasis regarding the Court's treatment of the email as a motion:

*The Court Will Treat This Email As A Motion To Vacate* The Courts Order Granting Trustees Thirtieth Omnibus Motion To Disallow Claims And Overrule Objections Of Claimants Who Have No Net Equity, Dated Apr. 30, 2019 (ECF Doc. # 18708) To The Extent It Overrules The Objection By The Diane Melton Trust To The Trustees Determination Of Its Net Equity Claim. The Court Will Conduct A Hearing On This Motion On May 16, 2019, At 10:00 A.M. In Room 723 Of The United States Bankruptcy Court, One Bowling Green, New York, New York 10004. The Trustee Is Directed To Promptly Serve Alan And Andrew Melton With All Pleadings Filed By The Trustee In Support Of His Determination And In Reply To Their Submissions. (related document(s)[18709]) (Barrett, Chantel)

We just want to make certain that the hearing on June 26, 2019 will take place as scheduled, if in fact the Trustee files a motion to dismiss the Court's motion to Vacate, as we have important information that should be heard regarding inclusions in the Trustee's Thirtieth Omnibus Motion that will override any possible reason for objection to the Court's motion by the Trustee. We would appreciate your confirmation on this please.

Respectfully yours,

[signature]

Andrew Melton

RECEIVED
MAY 24 2019
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

**From:** Andrew Melton
**Sent:** Monday, May 20, 2019 9:02 AM
**To:** 'bernstein.chambers' <bernstein.chambers@nysb.uscourts.gov>; Chantel Barrett <Chantel_Barrett@nysb.uscourts.gov>; Kyu Paek <Mike_Paek@nysb.uscourts.gov>
**Cc:** Cremona, Nicholas J. <ncremona@bakerlaw.com>; Rose, Jorian L. <jrose@bakerlaw.com>; Vanderwal, Amy E. <avanderwal@bakerlaw.com>; Alan Melton <alanrmelton@gmail.com>
**Subject:** SIPC v. BLMIS - Adv. Pro. No. 08-01789 (SMB)

Honorable Judge Bernstein:

I, Andrew Melton, together with my brother, Alan Melton, are the co-Trustees of the Diana Melton Trust, a claimant in the Bernard Madoff matter. Both Trustees of the Trust are non-attorneys residing outside the State of New York. On behalf of the Trust, we have requested a Hearing before Your Honor in the above matter, and the Court has scheduled the Hearing for June 26, 2019 at 10:00 AM in Room 723 of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004.

As co-Trustees of the Diana Melton Trust, we are inquiring if we are permitted to appear pro se in your courtroom for this Hearing, without the need to retain counsel. **Kindly advise the foregoing at your earliest convenience.** We thank the Court for its attention to this matter.

In addition, we received the *filing (first attachment)* from the Trustee on May 17, 2019 (filed 5/13/19) pertinent the Motion to vacate the order. We are confused that the Trustee indicates that the Trustee may file an Objection to this Motion with the Clerk of the Bankruptcy Court no later than June 12th. We thought it has been agreed by all parties that there will be a Hearing per your Order. Therefore on what grounds can the Trustee indicate that they can object when they already agreed to be present at the Hearing? **We would appreciate clarification on this as well.** "Part of the Trustees Thirtieth Omnibus Motion To Disallow Claims And Overrule Objections Of Claimants Who Have No Net Equity, Dated Apr. 30, 2019 (ECF Doc. # 18708) To The Extent It Overrules The Objection By The Diane Melton Trust To The Trustees Determination Of Its Net Equity Claim," includes Inter-Account Transfer. This included the Diana Melton Trust, but incorrectly does not apply for the Diana Melton Trust (which we will establish at the June 26, 2019 Hearing) and therefore has ramifications into the Trust's determination of Net Equity.

Additionally, in the email that we received from the Court (*second attachment*), you specified "The Trustee Is Directed To Promptly Serve Alan And Andrew Melton With All Pleadings Filed By The Trustee In Support Of His Determination And In Reply To Their Submissions." We did in fact receive Pleadings last week filed by the Trustee via email and hardcopy. However, we would need all the underlying documentation from 1992-2008 which form the basis for the Pleadings in order that we can evaluate those documents as they pertain to the case. Therefore, we respectfully request from Your Honor, a Directive to the Trustee to this effect (which we previously requested of the lawyers for the Trustee on 5/13/19). It is imperative that we receive this additional documentation in ample time (at least 3 weeks) to allow us the necessary time to review before the hearing on June 26, 2019.

Respectfully Yours,

Andrew Melton, co-Trustee of the Diana Melton Trust/Claimant

cc: Alan Melton, co-Trustee of the Diana Melton Trust/Claimant

**From:** Chantel Barrett <Chantel_Barrett@nysb.uscourts.gov>
**Sent:** Tuesday, April 30, 2019 2:46 PM
**To:** Andrew Melton <amelton@a2amedia.com>
**Cc:** Alan Melton <alanrmelton@gmail.com>
**Subject:** RE: SIPC v. BLMIS - Adv. Pro. No. 08-01789 (SMB)

The following transaction was received from Barrett, Chantel entered on 4/30/2019 at 2:44 PM and filed on 4/30/2019

| | |
|---|---|
| **Case Name:** | Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC. et a |
| **Case Number:** | 08-01789-smb |
| **Document Number:** | 18710 |

**Docket Text:**
So Ordered Memorandum Endorsed Order Signed On 4/30/2019. Re: The Court Will Treat This Email As A Motion To Vacate The Courts Order Granting Trustees Thirtieth Omnibus Motion To Disallow Claims And Overrule Objections Of Claimants Who Have No Net Equity, Dated Apr. 30, 2019 (ECF Doc. # 18708) To The Extent It Overrules The Objection By The Diane Melton Trust To The Trustees Determination Of Its Net Equity Claim. The Court Will Conduct A Hearing On This Motion On May 16, 2019, At 10:00 A.M. In Room 723 Of The United States Bankruptcy Court, One Bowling Green, New York, New York 10004. The Trustee Is Directed To Promptly Serve Alan And Andrew Melton With All Pleadings Filed By The Trustee In Support Of His Determination And In Reply To Their Submissions. (related document(s)[18709]) (Barrett, Chantel)